UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL HARVEY<br>Plaintiff | : | NO.:3:10-CV-344 (VLB) |
| v. | : | |
| ELECTRIC BOAT CORP.<br>Defendant. | : | August 26, 2010 |

## MOTION TO SUBSTITUTE PARTY

Pursuant to Federal Rules of Civil Procedure 25, Local Rule 7, and all other applicable provisions of the Federal and Local Rules of Civil Procedure, as well as the United States Code, Plaintiff hereby respectfully moves to substitute a party for the plaintiff, Michael Harvey. In support thereof, the Plaintiff provides the following:

On or about February 11, 2010, this case was filed in Connecticut Superior Court. On March 2, 2010, plaintiff Michael Harvey passed away. On or about March 9, 2010 the defendant removed the case to the United States District Court for the District of Connecticut. On May 26, 2010, a scheduling report pursuant to FRCP 26 was filed with the Court, wherein it was reported the Mr. Harvey had passed away and that an executrix had not yet been

appointed for the Estate. According to FRCP 25, plaintiff had ninety (90) days to file a substitution. An Executrix has now been appointed. Thus, it is respectfully requested that:

1. The attached amended complaint be accepted by the Court, and;

2. The caption of this case be renamed to: DIANE ANTONELLI, Executrix for the Estate of MICHAEL HARVEY v. ELECTRIC BOAT CORP.

Wherefore, it is respectfully requested that the relief sought and requested herein be granted.

Dated: August 26, 2010
       Groton, Connecticut

By: /s/ John F. Geida, Esq. /s/
    John F. Geida, Esq.
    Fed Bar No. ct 27468
    Embry & Neusner
    118 Poquonnock Road
    P.O. Box 1409
    Groton, CT  06340
    T. 860-449-0341
    F. 860-449-9070
    jgeida@embryneusner.com

### CERTIFICATION

I hereby certify that on August 26, 2010, a copy of the foregoing was filed electronically, with all attachments. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

By: /s/ John F. Geida Esq. /s/
John F. Geida, Esq.
Fed Bar No. ct 27468
Embry & Neusner
118 Poquonnock Road
Groton, CT 06340
T. 860-449-0341
F. 860-449-9070
jgeida@embryneusner.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANE ANTONELLI, Executrix for the Estate of MICHAEL HARVEY | : | NO.:3:10-CV-344 (VLB) |
| v. | : | |
| ELECTRIC BOAT CORP. | : | August 26, 2010 |

### AMENDED COMPLAINT

#### FIRST COUNT BASED ON
#### NEGLIGENCE AND PRODUCTS AND PREMISES LIABILITY

1. MICHAEL HARVEY was born in 1962 and passed away on Marcy 2, 2010. At the time of his death he was 47 years old.

2. After a probate proceeding, DIANE ANTONELLI, Michael Harvey's sister, was appointed executrix of the estate of Michael Harvey on or about August 18, 2010.

3. Michael Harvey is the son Gordon Harvey, (DOB 1928).

4. Gordon Harvey was employed by General Dynamics / Electric Boat Corp., Groton, CT ("Electric Boat") from on or about 5/29/1958 to 1996, as a lagger.

5. The duties of a lagger included working in areas and in/on submarines where he and others were handling and working with asbestos products or products containing, involving or requiring the use of asbestos and were exposed to asbestos fibers and materials. The elder Mr. Harvey is an asbestos-related injury victim.

6. The elder Mr. Harvey's exposure to asbestos caused his clothes, body and person to become contaminated with asbestos and asbestos-containing materials.

7. MICHAEL HARVEY was exposed to asbestos as a result of the asbestos dust, fibers and particles which were brought home on his father's clothes, body and person.

8. On or about September, 2009, Michael Harvey was diagnosed with multiple bilateral calcified pleural plaques consistent with significant asbestos exposure.

9. Around the same time period Michael Harvey was diagnosed with lung cancer.

10. Electric Boat Corp., successor-in-interest to General Dynamics Corp. / Electric Boat Division, is a corporation with its principal place of business at 75 Eastern Point

      Road, Groton, CT 06340. Its agent for service is: CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103-3220.

11. Electric Boat Corp., successor-in-interest to General Dynamics Corp. / Electric Boat Division, constructed, designed, assembled, installed, tested and/or sold various asbestos products, and/or products that contained asbestos. During the relevant periods of time, the defendant corporation was doing business in the State of Connecticut.

12. While the elder Mr. Harvey worked at General Dynamics, he was exposed to asbestos containing products and came in contact with asbestos fibers and dust coming from said asbestos containing products. As a result, the elder Mr. Harvey brought home asbestos fibers and dust on his person and his clothing, whereby MICHAEL HARVEY was exposed to and inhaled the asbestos, causing his injuries.

13. As a result of the acts of the defendant and the elder Mr. Harvey's exposure to asbestos and asbestos-containing products manufactured and/or sold by defendant,

      MICHAEL HARVEY was diagnosed as having an asbestos-related disease consisting of calcified pleural plaques and lung cancer.

14. The illness and death of MICHAEL HARVEY is the proximate result of the negligence, recklessness and willfulness of the defendant in that it manufactured, assembled, installed and otherwise put into the stream of interstate commerce, asbestos and asbestos related insulation materials and other asbestos-containing products which the defendant knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the MICHAEL HARVEY'S body, lungs, respiratory system, skin and health. At all times said asbestos and asbestos-related products were so intrinsically dangerous so as to necessarily expose users of the materials and the users' families to probable injury and were ultra hazardous.

15. The illness of MICHAEL HARVEY is the direct and proximate result of the negligence, recklessness and willfulness of the defendant in that, even though the defendant knew, or, in the exercise of ordinary care should

4

have known, that asbestos and asbestos-containing products were deleterious, poisonous and highly harmful to the decedent's body, lungs, respiratory system, skin and health, the defendant nonetheless:

a. Failed to advise the elder Mr. Harvey of the dangerous characteristics of its asbestos, asbestos related insulation products and other asbestos-containing products;

b. Failed or omitted to provide the elder Mr. Harvey with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances if, in truth, it was, in any way, able to protect him from poisoning and disabling MICHAEL HARVEY, as MICHAEL HARVEY was by exposed to such deleterious and harmful asbestos related insulation materials and other asbestos-containing products;

c. Failed and omitted to place any warnings or sufficient warnings on its asbestos, asbestos insulation materials and asbestos-containing products to warn the handlers thereof of the dangers

        to health in coming in contact with said asbestos, asbestos insulation materials and other asbestos-containing products and failed to warn the elder Mr. Harvey of the risks and damages he was exposed to as a result of asbestos on the clothes, body, and person;

d.   Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos insulation materials and other asbestos-containing products;

e.   Inadequately warned, if, in fact, it warned at all, persons such as the elder Mr. Harvey of the dangers to their health, and others, from coming in contact with asbestos, asbestos insulation, and asbestos-containing products, and breathing said asbestos, including the special dangers of asbestos exposure to cigarette smokers;

f.   Did not undertake methods to improve the work environment and to prevent exposure to asbestos;

g. Failed to properly test and investigate the safety of the asbestos the defendant was manufacturing, assembling and installing or to develop alternative products;

h. Failed to provide adequate safety instruction for persons who would reasonably and foreseeably come into contact with its products so the products could be used with safety and failed to provide and/or advise them of ways to avoid exposing their families to the risks and dangers of asbestos;

i. Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those using or being exposed to asbestos products;

j. Failed to eliminate or reduce the amount of asbestos contained in its products;

k. Continued to use a known cancer-causing product, to-wit: asbestos.

16. The defendant intentionally misrepresented that its asbestos products were reasonably safe for their intended use and fraudulently concealed information about them

7

      which fraudulent concealment caused decedent injuries as stated herein.

17. The defendant, as part of its business, manufactured, sold and delivered its asbestos-containing products into the stream of commerce in a defective, unsafe and inherently dangerous condition as described herein, and the asbestos products were expected to and did reach such persons as MICHAEL HARVEY, without substantial change in the condition in which they were sold.

18. At all relevant times, the insulating and/or asbestos products were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the defendant.

19. The defendant expressly or impliedly warranted that said asbestos was of merchantable quality, fit and safe for the purpose for which it was manufactured, assembled, installed, sold or used.

20. The defendant breached said warranties in that its asbestos and asbestos-containing products were not fit nor safe for the purposes for which they were manufactured, sold and used so that they could not be

used without extreme danger to those who breathed the dust coming from their products, or those that were exposed to the dust coming from such products.

21. The defendant became aware of the dangers of breathing asbestos before MICHAEL HARVEY and the elder Mr. Harvey was exposed to defendant's asbestos products, but it intentionally and fraudulently concealed the danger from the elder Mr. Harvey, MICHAEL HARVEY, and the public, or conspired to do the same and intentionally misrepresented the information it caused to be published concerning the dangers of asbestos.

22. The defendant was aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the elder Mr. Harvey, MICHAEL HARVEY, and other human beings.

23. The defendant, at all relevant times, consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the

1920's, and by the defendant, concerning the hazards and dangers of exposure to asbestos.

24. It was the continuing duty of the defendant to advise and warn purchasers and users, prior purchasers and prior users, and their family members, of all dangers, characteristics and defects discovered subsequent to its initial marketing or sale of its asbestos and asbestos-containing products, which duty the defendant breached.

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES ON BEHALF OF THE ESTATE OF MICHAEL HARVEY

25. Paragraphs 1 through 24 are hereby repeated and realleged as if fully set forth.

26. The injuries and damages were caused by the defendant in that its actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the defendant knew or should have known would result.

27. The defendant, after it learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the elder Mr. Harvey or MICHAEL HARVEY of the

        dangers of asbestos exposure, and prior asbestos exposure, and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

28.    The defendant, after it learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect MICHAEL HARVEY, the elder Mr. Harvey, and the family from the known dangers of asbestos.

### THIRD COUNT BASED ON NEGLIGENCE AND PREMISES LIABILITYFOR THE ESTATE OF MICHAEL HARVEY FOR THE PERSONAL INJURIES AND WRONGFUL DEATH OF MICHAEL HARVEY

29.    The plaintiff reaffirms and realleges paragraphs 1 through 28 as if fully stated herein.

30.    The elder Mr. Harvey was a business invitee of the defendant and was permitted to enter the premises

31.    The premises of the defendant were defective or in a dangerous condition in that the premises were contaminated with asbestos and as a result the elder Mr. Harvey's presence on the premises he was exposed to

said asbestos, and said asbestos was on his clothes and person.

32. The elder Mr. Harvey then returned to his home and residence and exposed decedent MICHAEL HARVEY to said asbestos.

33. The illness and death of MICHAEL HARVEY are the direct and proximate result of the negligence, recklessness and willfulness of the defendant in that, even though the defendant knew, or in the exercise of ordinary care should have known, that the presence of asbestos and asbestos containing products were deleterious, poisonous and highly harmful to the decedent's body, lungs, respiratory system, skin and health, the defendant nonetheless:

   a. Failed to inspect and investigate the premises and erect safeguards to render the premises reasonably safe;

   b. Failed to discover the defect or dangerous condition which upon reasonable investigation would ordinarily be discoverable;

   c. Failed to warn of the defect or dangerous condition;

34. As a result of the acts of the defendant MICHAEL HARVEY suffered from asbestos related disease consisting of lung cancer.

35. MICHAEL HARVEY was hospitalized and required extensive medical care and treatment. MICHAEL HARVEY suffered severe pain and great mental anguish and was limited in his daily activities and life's enjoyment. MICHAEL HARVEY became incapacitated and suffered a loss of earning capacity and bodily function.

36. As a consequence of his asbestos related injuries MICHAEL HARVEY died on or about March 2, 2010, and he and his estate were denied earnings and life's enjoyment and incurred expenses for medical care and funeral bills for which just compensation is sought.

Dated: August 26, 2010
Groton, Connecticut

By:   /s/ John F. Geida, Esq. /s/
John F. Geida, Esq.
Fed Bar No. ct 27468
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT  06340
T. 860-449-0341
F. 860-449-9070
jgeida@embryneusner.com

Wherefore the plaintiff claims against the defendant:

1. Money damages.

2. The amount in demand is greater than $15,000.00.

3. Punitive and exemplary damages.

4. Trial by Jury

5. Such other relief as the court may deem just and proper.

Dated August 26, 2010

By:   /s/ John F. Geida, Esq. /s/
John F. Geida, Esq.
Fed Bar No. ct 27468
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT  06340
T. 860-449-0341
F. 860-449-9070
jgeida@embryneusner.com

## CERTIFICATION

I hereby certify that on August 26, 2010, a copy of the foregoing was filed electronically, with all attachments. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

By: /s/ John F. Geida Esq. /s/
John F. Geida, Esq.
Fed Bar No. ct 27468
Embry & Neusner
118 Poquonnock Road
Groton, CT 06340
T. 860-449-0341
F. 860-449-9070
jgeida@embryneusner.com