## U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: 1:11-cv-00160-S -LDA

Holewiak v. Air & Liquid Systems Corporation et al
Assigned to: Judge William E Smith
Referred to: Magistrate Judge Lincoln D. Almond
Cause: 28:1441 Notice of Removal-Personal Injury

Date Filed: 04/15/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**
**Edward Holewiak**

represented by **Donnie E. Young**
Early Ludwick & Sweeney, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard P. Bullock**
Early Ludwick & Sweeney, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert J. Sweeney**
Early, Ludwich & Sweeney, LLC
265 Church Street
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Geraldine Holewiak**

represented by **Donnie E. Young**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard P. Bullock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                                        Robert J. Sweeney
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**    represented by  **David A. Goldman**
*as successor by merger to Buffalo*                                  Governo Law Firm LLC
*Pumps, Inc.*                                                       Two International Place
                                                                        Boston, MA 02110
                                                                        617-737-9045
                                                                        Fax: 617-737-9046
                                                                        Email: dgoldman@governo.com
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler LLC**
*survivor to merger with Foster Wheeler Corporation*

**Defendant**

**General Electric Company**

**Defendant**

**Packings & Insulations Corporation**

**Defendant**

**P.I.C. Contractors, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/15/2011 | 1 | NOTICE OF REMOVAL by Air & Liquid Systems Corporation from Providence County Superior Court, case number PC11-0486. ( Filing fee $ 350 receipt number 14670005212), filed by Air & Liquid Systems Corporation. (Attachments: # 1 Exhibit A- State Court Compliant, # 2 Exhibit B, # 3 Certificate of Service, # 4 Civil Cover Sheet)(Smith, Rana) (Entered: 04/15/2011) |
| 04/15/2011 | 2 | NOTICE to State Court of Removal by Air & Liquid Systems Corporation re 1 Notice of Removal (Smith, Rana) (Entered: 04/15/2011) |
| 04/15/2011 | 3 | STATE COURT RECORD by Air & Liquid Systems Corporation. (Smith, Rana) (Entered: 04/15/2011) |
| 04/15/2011 | 4 | Corporate Disclosure Statement by Air & Liquid Systems Corporation. (Smith, |

|            |   |                                                                                               |
|------------|---|-----------------------------------------------------------------------------------------------|
|            |   | Rana) (Entered: 04/15/2011)                                                                   |
| 04/15/2011 | 5 | NOTICE by Air & Liquid Systems Corporation re 3 State Court Record (Smith, Rana) (Entered: 04/15/2011) |



Feb 14 2011
1:49PM

IN THE SUPERIOR COURT

FOR THE COUNTY OF PROVIDENCE

STATE OF RHODE ISLAND

| | |
|---|---|
| EDWARD HOLEWIAK<br>and GERALDINE HOLEWIAK | CA No. PC 2011-0486 |
| VERSUS | |
| AIR & LIQUID SYSTEMS CORPORATION,<br>   As successor by merger to Buffalo Pumps,<br>   Inc.<br>FOSTER WHEELER LLC, survivor to merger<br>   with FOSTER WHEELER CORPORATION<br>GENERAL ELECTRIC COMPANY<br>PACKINGS & INSULATIONS CORPORATION<br>P.I.C. CONTRACTORS, INC. | JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR DAMAGES**

The complaint of EDWARD HOLEWIAK and GERALDINE HOLEWIAK respectfully represents:

1.

Each of the defendants named in the caption above has conducted business in the State of Rhode Island and has produced, manufactured, or distributed asbestos and/or asbestos containing products with the reasonable expectation that such products would be used or consumed in this State.

2.

Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or any agency or person acting under him

occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

3.

Plaintiffs specifically do not assert herein a claim for relief or cause of action for damages:

(A)    Against the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress, Treaties or Constitution of the United States of America.; and/or

(B)    Against any Defendant named herein where (1) said Defendant acted under the direction, order, specification, and/or comprehensive and detailed regulation of a federal officer or federal agency in the performance of its contract duties; and (2) there is a causal nexus between said claim or cause of action for damages and the federal officer or federal agency's direction, order, specification, and/or comprehensive and detailed regulation in the performance of the Defendant's contract duties.

4.

The federal courts lack subject matter jurisdiction over this action as there is no federal question and incomplete diversity of citizenship due to the presence of a Rhode Island defendant.

5.

Plaintiff EDWARD HOLEWIAK was exposed to various asbestos containing products beginning in the 1960s through either his use of or exposure to products manufactured, sold or distributed by the named defendants, including but not limited to exposure occurring through his work as a land-based pipefitter at Quincy Fore River Shipyard located in Quincy, MA on board the following submarines and oilers: USS Sunfish (SSN-639), USS Whale (SSN-638), USS Wichita (AOR-1), USS Milwaukee (AOR-2), USS Gato (SSN-615), and the USS Greenling (SSN-614). Plaintiff EDWARD HOLEWIAK further worked as a land-

based pipefitter at Pilgrim Nuclear Power Station in Plymouth, MA and the Polaroid Plant in New Bedford, MA. Following his work at the Polaroid Plant, and until his retirement, plaintiff EDWARD HOLEWIAK worked both as a land-based pipefitter and in the emergency services division at Newport Naval Base in Newport, RI.

6.

As a result of his exposure to asbestos related products of the named defendants, the Plaintiff contracted asbestos-related mesothelioma and/or other asbestos-related pathologies.

7.

Named defendants, individually, and through their agents, employees, and/or distributors sold these asbestos containing products to the Plaintiff, his employer, and/or others working with these products around the Plaintiff.

8.

At all times relevant hereto, the asbestos containing products sold by defendants to the Plaintiff and/or third parties reached the Plaintiff without any substantial change in their condition from the time they were sold.

9.

Defendants instructed and intended that asbestos containing products would be used in conjunction with or incorporated in their products so as to render the entire product unsafe for its intended purposes.

10.

Defendants knew or should have known that the asbestos containing products sold by them, incorporated into their products and/or designed for use with their products, were inherently dangerous to those who used, handled or came in contact with said products.

11.

Defendants failed to provide proper, adequate and correct warnings and information about the dangers associated with the use of their products.

12.

Defendants breached their continuing duty to advise and warn the Plaintiff and others reasonably expected to come into contact with their products as to the dangers inherent in the unsafe handling and use of asbestos containing products sold by them, incorporated into their products, or intended to be used with their products.

13.

Defendants' actions represent a breach of the duty of reasonable care under the common law of the State of Rhode Island and of their duties to the Plaintiff under the Restatements, Torts 2d, Section 402A.

14.

Additionally, in the sale of the asbestos containing products, named defendants breached their warranties of merchantability and implied fitness found in R.I. G.L.§ 6A-2-314 and 315, in that the produces were inherently dangerous in the form they left the seller, were not fit for their ordinary purpose and/or were unsafe without directions and warnings as to their anticipated use by the Plaintiff and any person who may be reasonably expected to use, consume or be affected by the products.

15.

Defendants, individually and as agents of one another, engaged in a conspiracy to injure the Plaintiff by failing to disclose knowledge they had or intentionally misrepresenting the dangers of exposure to asbestos and asbestos containing products.

16.

As a result of the above acts of negligence, breaches of duties under the Restatement, Torts 2d, Section 402A, and breaches of the warranties of merchantability and implied fitness, the Plaintiff sustained severe, painful and permanent injuries proximately caused by named defendants' conduct.

17.

In addition to damages for physical and mental pain and suffering, the Plaintiff has suffered medical expenses, loss of earning capacity, lost wages, lost future wages, and future medical expenses.

18.

Plaintiff demands trial by jury on all issues herein.

\
\
\
\
\
\
\
\
\
\
\
\

WHEREFORE, plaintiffs EDWARD HOLEWIAK and GERALDINE HOLEWIAK pray that after due proceedings herein that there be judgment in their favor and against the Named Defendants, jointly and severally, for damages as are reasonable under the premises, including punitive damages, attorney's fees, interest and costs, and for all other general and equitable relief.

New Haven, Connecticut, this 14th day of February, 2011.

RESPECTFULLY SUBMITTED:

THE PLAINTIFFS

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
Telephone (203) 777-7799
Telecopier (203) 785-1671

By: _____
Robert J. Sweeney, Esq.
R.I. Bar Roll No. 5865
Richard P. Bullock, Esq.
R.I. Bar Roll No. 8297
Donni E. Young, Esq.
R.I. Bar Roll No. 8298