JURY

# U.S. District Court
## Eastern District of Virginia - (Newport News)
### CIVIL DOCKET FOR CASE #: 4:11-cv-03293-MSD

Brown v. Bayer CropScience, Inc., et al
Assigned to: District Judge Mark S. Davis
Demand: $2,300,000
Lead case: 4:11-cv-09999-MSD
Member case: (View Member Case)
Cause: 28:1441 Notice of Removal-Asbestos Litigation

Date Filed: 03/14/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

## Plaintiff

**Linda Yvonne Brown**

represented by **Paul A. Weykamp**
Law Offices of Paul A. Weykamp
16 Stenersen Lane
Suite 2
Hunt Valley, MD 21030
(410) 584-0660
Fax: (410) 584-1005
*ATTORNEY TO BE NOTICED*

## Defendant

**Bayer CropScience, Inc.,**
*Successor to AMCHEM PRODUCTS, INC.*

## Defendant

**3M Business Product Sales, Inc.**

## Defendant

**Pfizer, Inc.**

## Defendant

**General Refractories Company**

## Defendant

**Georgia-Pacific Corporation**

## Defendant

**Hopeman Brothers, Inc.**

## Defendant

**Mallinckrodt, Inc.**
*formerly known as*
International Minerals & Chemical
Corp.

**Defendant**

**International Paper Company**
*formerly known as*
Champion International Corporation
*formerly known as*
U.S. Plywood Corp. & Champion
Papers, Inc.

**Defendant**

**Owens-Illinois, Inc.**
*Formerly Owens-Illinois Glass Co.*

**Defendant**

**Rapid American Corporation**
*(As Successor-in-Interest to The Philip*
*Carey Manufacturing Company and*
*Glen Alden Corp.)*

**Defendant**

**SB Decking, Inc.**
*formerly known as*
Selby, Battersby & Co.

**Defendant**

**Uniroyal Holding, Inc.**

**Defendant**

**CBS Corporation**                              represented by **Patricia Bugg Turner**
*formerly known as*                              Spotts Fain PC
Viacom, Inc. Successor by merger to              411 E Franklin St
CBS Corporation                                  Suite 600
*formerly known as*                              Richmond, VA 23219
Westinghouse Electric Corporation                (804) 697-2000
                                                 Fax: (804) 697-2088
                                                 Email: pturner@spottsfain.com
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**WACO Insulation, Inc.**
*now known as*
WACO, Inc.

**Defendant**

**Garlock Sealing Technologies, LLC**

**Defendant**

**General Electric Co.**                         represented by **Anthony Berardo Taddeo , Jr.**
                                                 TaddeoSturm PLC
                                                 3 West Cary St

Richmond, VA 23220
804-344-8542
Fax: 804-344-8541
Email: taddeo@taddeosturm.com
*ATTORNEY TO BE NOTICED*

**David Michael Sturm**
TaddeoSturm PLC
3 West Cary St
Richmond, VA 23220
804-344-8540
Fax: 804-344-8541
Email: sturm@TaddeoSturm.com
*ATTORNEY TO BE NOTICED*

**Matthew Devins Joss**
TaddeoSturm PLC
3 West Cary St
Richmond, VA 23220
804-344-8545
Fax: 804-344-8541
Email: joss@taddeosturm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance Co.**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Foster Wheeler Energy Corp.**

**Defendant**

**Honeywell International, Inc.**
*formerly known as*
Allied-Signal, Inc. (Formerly Allied
Corporation) Successor -in-Interest to
Bendix Corporation

**Defendant**

**Anchor Pakcing Company**

**Defendant**

**Empire Machinery & Supply
Corporation**

**Defendant**

**Noland Company**

**Defendant**

**Dana Corporation**

**Defendant**

**John Crane, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2011 | 1 | NOTICE OF REMOVAL from Newport News Circuit Court, case number 700CL1001014F-15. Filing Fee $350.00 receipt number 44683002333, filed by General Electric Co. Jury trial demanded. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Civil Cover Sheet, # 6 Receipt, # 7 Letter)(rsim) (Attachment 4 replaced on 3/23/2011 to add last page) (rsim). (Entered: 03/22/2011) |
| 03/14/2011 | 2 | Financial Interest Disclosure Statement (Local Rule 7.1) by General Electric Co. (rsim) (Entered: 03/22/2011) |
| 03/14/2011 | 3 | Copy of ANSWER filed in state court (Notice of Removal) by General Electric Co. (rsim) (Entered: 03/22/2011) |
| 03/14/2011 | 4 | NOTICE of Tag-Along Action by General Electric Co. (rsim) (Entered: 03/22/2011) |
| 03/29/2011 | 5 | NOTICE of Appearance by Patricia Bugg Turner on behalf of CBS Corporation (Turner, Patricia) (Entered: 03/29/2011) |
| 03/29/2011 | 6 | Financial Interest Disclosure Statement as to CBS Corporation filed (Turner, Patricia) (Entered: 03/29/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/29/2011 14:46:07 | | |
| PACER Login: | jt1678 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:11-cv-03293-MSD |
| Billable Pages: | 3 | Cost: | 0.24 |

# COMMONWEALTH OF VIRGINIA



NEWPORT NEWS CIRCUIT COURT - CIVIL
2500 WASHINGTON AVENUE
NEWPORT NEWS, VIRGINIA 23607-4499
(757) 926-8561

TO:  GENERAL ELECTRIC CO                    CASE NO.  700CL10010014F-15
     ALLEN C. GOOLSBY, III
     951 EAST BYRD STREET
     RIVERFRONT PLAZA EAST TOWER
     RICHMOND, VA 23219
     RICHMOND, VA 23219

### SUMMONS

THE PARTY UPON WHOM THIS SUMMONS AND THE ATTACHED COMPLAINT ARE SERVED IS
HEREBY NOTIFIED THAT UNLESS WITHIN 21 DAYS AFTER SUCH SERVICE, RESPONSE IS
MADE BY FILING IN THE CLERK'S OFFICE OF THIS COURT A PLEADING IN WRITING,
IN PROPER LEGAL FORM, THE ALLEGATIONS AND CHARGES MAY BE TAKEN AS ADMITTED
AND THE COURT MAY ENTER AN ORDER, JUDGMENT OR DECREE AGAINST SUCH PARTY
EITHER BY DEFAULT OR AFTER HEARING EVIDENCE.

APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

DONE IN THE NAME OF THE COMMONWEALTH OF VIRGINIA ON JUNE 28, 2010.

CLERK:  REX A. DAVIS


                        BY: _____
                                CLERK/DEPUTY CLERK


ATTORNEY:  PAUL A. WEYKAMP, ESQ.
           1-800-580-5589



**VIRGINIA:   IN THE CIRCUIT COURT FOR NEWPORT NEWS**

Linda Yvonne Brown
3926 Spring Meadow Crescent
Chesapeake, VA  23321

       Plaintiff

Case No.: *CL100014F-15*

v.

| | |
|---|---|
| Bayer CropScience, Inc., Successor to | * |
| AMCHEM PRODUCTS, INC. | * |
| 2 T.W. Alexander Drive | * |
| Research Triangle Park, NC  27709 | * |
| Serve:  Corporation Service Company (CSC) | * |
| 11 South Twelfth Street | * |
| P.O. Box 1463 | * |
| Richmond, VA 23218 | * |
| | * |
| 3M Business Products Sales, Inc. | * |
| Serve: Mr. Edward R. Parker | * |
| 5511 Staples Mill Road | * |
| Richmond, VA  23228 | * |
| | * |
| PFIZER, INC. | * |
| Serve:  CT Corporation System | * |
|     4701 Cox Road, Suite 301 | * |
|     Glen Allen, VA 23060 | * |
| | * |
| GENERAL REFRACTORIES COMPANY | * |
| 225 City Avenue, Suite 114 | * |
| Bala Cynwyd, Pennsylvania 19004 | * |
| Serve:  Secretary of the Commonwealth | * |
|     9th Street Office Building | * |
|     9th & Grace Streets | * |
|     Richmond, VA 23201 | * |
| | * |
| GEORGIA-PACIFIC CORPORATION | * |
| A Georgia Corporation | * |
| 133 Peachtree Street, NE | * |
| Atlanta, GA 30303 | * |
| Serve:  CT Corporation Systems Corp | * |
|     4701 Cox Road,  Suite 301 | * |
|     Glen Allen, VA   23060 | * |
| | * |
| HOPEMAN BROTHERS, INC. | * |

A Delaware Corporation       *
435 Essex Avenue/P.O. Box 820     *
Waynesboro, VA 22980       *
Serve: CT Corporation Systems Corp   *
    4701 Cox Road, Suite 301    *
    Glen Allen, VA 23060     *
               *

MALLINCKRODT, INC., f/k/a/     *
INTERNATIONAL MINERALS & CHEMICAL CORP.
2315 Sanders Road        *
Northbrook, IL 60062       *
Serve: CT Corporation Systems Corp.   *
    4701 Cox Road, Suite 301    *
    Glen Allen, VA 23060     *
               *

INTERNATIONAL PAPER COMPANY f/k/a*
Champion International Corportion f/k/a U. S.*
Plywood Corp. & Champion Papers, Inc.   *
Serve: CT Corporation Systems Corp   *
    4701 Cox Road, Suite 301    *
    Glen Allen, VA 23060     *
               *

OWENS-ILLINOIS, INC.      *
Formerly Owens-Illinois Glass Co.    *
One SeaGate, Fiberglass Tower     *
Toledo, OH 43666        *
Serve: Secretary of the Commonwealth   *
   9th Street Office Building      *
   9th & Grace Streets       *
   Richmond, VA 23201      *
               *

RAPID AMERICAN CORPORATION   *
(As Successor-in-Interest to The     *
Philip Carey Manufacturing      *
Company and Glen Alden Corp.)     *
1700 Broadway         *
New York, NY 10019       *
Serve: Secretary of the Commonwealth   *
   9th Street Office Building      *
   9th & Grace Streets       *
   Richmond, VA 23201      *
               *

SB DECKING, INC.        *
f/k/a SELBY, BATTERSBY & CO.    *
Hecker, Brown, Serry & Johnson    *

1700 Two Logan Square                                          *
18th & Arch Streets                                          *
Philadelphia, PA 19103                                         *
Serve: Gavett & Datt, P.C.                                     *
     122 South Royal Street           *
     Alexandria, VA 22320                      *
                                                               *

UNIROYAL HOLDING, INC.,                                        *
Serve: President/CEO                                           *
70 Great Hill Road                                             *
Naugatuck, CT 06770                                            *
Serve: Secretary of the Commonwealth                           *
     9th Street Office Building       *
     9th & Grace Streets              *
     Richmond, VA 23201                 *
                                                               *

CBS Corporation, a Delaware Corporation,                       *
f/k/a Viacom, Inc. successor by merger to                      *
CBS Corporation, a Pennsylvania Corp.,                         *
f/k/a Westinghouse Electric Corporation                        *
Serve:  Corporation Service Company (CSC)*
11 South Twelfth Street                                        *
P.O. Box 1463                                                  *
Richmond, VA 23218                                             *
                                                               *

WACO INSULATION, INC.                                          *
n/k/a WACO, INC.                                               *
814 Chapman Way                                                *
Newport News, VA                                               *
Serve:  Daniel M. Walker                                       *
     Registered Agent                  *
     5450 Lewis Road                    *
     Sandston, VA 23150                 *
                                                               *

GARLOCK SEALING TECHNOLOGIES, LLC*
1666 Division Street                                           *
Palmyra, NY 14522                                              *
Serve:  CT Corporation Systems Corp                            *
     4701 Cox Road,  Suite 301          *
     Glen Allen, VA   23060             *
                                                               *

GENERAL ELECTRIC CO.                                           *
12 Corporate Woods Blvd.                                       *
3rd Floor                                                      *
Albany, NY 12211                                               *
Serve:  Allan C. Goolsby, III                                  *

Riverfront Plaza  East Tower          *
951 East Byrd Street                  *
Richmond   23219                      *
                                      *
METROPOLITAN LIFE INSURANCE CO.*
1 Madison Avenue                      *
New York, NY 10010                    *
Serve:  CT Corporation System Corp    *
        4701 Cox Road,  Suite 301     *
        Glen Allen, VA  23060         *
                                      *
UNION CARBIDE CORPORATION             *
Serve: CT Corporation Systems Corp.   *
4701 Cox Road                         *
Suite 301                             *
Glen Allen,  VA  23060                *
Principal Place of Business:  Connecticut *
                                      *
FOSTER WHEELER ENERGY CORP.           *
I-78 Perryville Corporate Park        *
Clifton, NJ  08809                    *
Serve: CT Corporation System Corp.    *
        4701 Cox Road, Suite 301      *
        Glen Allen, VA  23060         *
                                      *
HONEYWELL INTERNATIONAL, INC. f/k/a Allied-Signal, Inc.*
(Formerly Allied Corporation)         *
Successor-in-Interest to Bendix Corporation *
Columbia Road & Park Avenue           *
Morristown, NJ 07960                  *
Serve:  Corporation Service Company (CSC)
11 South Twelfth Street               *
P.O. Box 1463                         *
Richmond, VA 23218                    *
                                      *
ANCHOR PAKCING COMPANY                *
120 East Avenue,  Suite 101           *
Rochester, NY  14522                  *
Serve: Secretary of the Commonwealth  *
9th Street Office Building            *
9th & Grace Streets                   *
Richmond, VA 23201                    *
                                      *
Empire Machinery & Supply Corporation *
3550 Virginia Beach Blvd.             *
Norfolk, VA  23502                    *

Serve: Kevin Sweeney                              *
     3550 Virginia Beach Blvd.               *
     Norfolk, VA  23502                      *
                                             *
Noland Company                                   *
2700 Warwick Blvd.                               *
Newport News, VA  23607                          *
Serve: Ben A. Williams, III                      *
     2700 Washington Avenue, Ste.400         *
     Newport News, VA  23607                 *
                                             *
DANA CORPORATION                                 *
Serve: Allen C. Goolsby, III                     *
Riverfront Plaza East Tower                      *
951 E. Byrd Street                               *
Richmond, VA  23219-4074                         *
                                             *
JOHN CRANE, INC.                                 *
Serve:  CT Corporation System                    *
     4701 Cox Road, Suite 301                *
     Glen Allen, VA  23060                   *
                                             *
                                             *
                                             *
                                             *

Defendants

*****************************************************************

## COMPLAINT

### Jurisdiction & Venue

1.  The plaintiff, Linda Yvonne Brown  is a resident of the state of Virginia-citizen of the State of Virginia as well as citizen of the United States. The plaintiff alleges personal injury from exposure to the defendants' asbestos-containing insulation products.

Plaintiff is:

    a.    Plaintiff ("plaintiff-worker")

    Name:    Linda Yvonne Brown

    Address:    3926 Spring Meadow Crescent Chesapeake, VA 23321

    Social Security Number:   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

Date of Birth:   2/4/1947

2.      The defendants are corporations, companies or other business entities which, during all times material hereto, and for a long time prior thereto, have been, and/or are now engaged, in the manufacturing, producing, selling, installing, merchandising, supplying, applying, distributing, and/or otherwise placing in the stream of commerce, asbestos products for industrial and commercial uses. This case arises under the general admiralty and maritime laws of the United States and under Title 28 USCA § 1333(1) and Title 46 USCA § 740 (admiralty) as well as under the laws of the Commonwealth of Virginia.

3.      At all times material hereto, defendants acted through their agents, servants and/or employees who were acting within the scope of their employment in the business of the defendants.

4.      At all times material hereto:

(a)      Defendant, Bayer CropScience, Inc., f/k/a Amchem Products, Inc. is a corporation authorized to do business in the Commonwealth of Virginia which manufactured and sold, either directly or indirectly, to the plaintiff's employer(s) various asbestos products.

(b)      3M Business Products Sales, Inc. is corporation with its principal place of business in the state of Minnesota and is authorized to do business in the Commonwealth of Virginia --this defendant manufactured asbestos-containing products used  in the vicinity of the plaintiff.

(c)      Defendant, GENERAL REFRACTORIES COMPANY, a Pennsylvania Corporation, assembled, distributed and/or sold asbestos containing products to the plaintiff's employer(s) including but not limited to Lite Cast 30 and 30G Asbestos Castable; Steel Klad Dibond Refractory Brick; Fibrous Adhesive; Grefco Insulating Cement; and Grefco Insul-Finish Cement.

(d)     Defendant, GEORGIA-PACIFIC, a Georgia Corporation manufactured and/or sold various asbestos containing products to the plaintiff's employers including but not limited to wallboards, millboards and finishing compounds.

(e) Defendant, HOPEMAN BROTHERS, a Delaware Corporation manufactured and sold and installed various asbestos containing products to the plaintiff's employer(s) including wall and bulkhead systems, micarta and marinite as well as various plumbing and furniture fixtures.

(f) Defendant, Mallinckrodt, Inc., f/k/a INTERNATIONAL MINERALS AND CHEMICAL CORPORATION, is a corporation that manufactured and/or sold various asbestos containing products to the plaintiff's employer(s).

(g) Defendant, INTERNATIONAL PAPER COMPANY, f/k/a CHAMPION INTERNATIONAL CORPORATION, f/k/a U.S. Plywood Corporation and Champion Papers, Incorporated, a New York corporation manufactured and/or sold various asbestos products to the plaintiff's employer(s).

(h)     Defendant, OWENS-ILLINOIS, INC., a corporation organized and existing under the laws of the State of Ohio and formerly known as OWENS-ILLINOIS GLASS COMPANY, manufactured, produced, sold and supplied, either directly or indirectly, to the plaintiff's employer(s) various asbestos products including but not . limited to Kaylo Pipecovering and Block.

(i) Defendant, RAPID AMERICAN CORPORATION, a Delaware corporation is a successor in liability to Philip Carey Corporation, who manufactured and sold, directly and indirectly through its predecessor corporation to the plaintiff's employer(s) various asbestos products including but not limited to Hitemp, Carytemp, 85% Magnesia Pipecovering & Block, 7M cement, and millboard.

(j)     Defendant, SELBY, BATTERSBY & COMPANY, now known as S B DECKING, INC., a Delaware Corporation manufactured and/or sold various asbestos containing products to the plaintiff's employer(s).

(k)   Defendant, UNIROYAL, INC., a New Jersey corporation, manufactured and sold, either directly or indirectly, to the plaintiff's employer(s) various asbestos products including but not limited to asbestos cloth, adhesives and finishing products.

(l)   Defendant, VIACOM, INC., f/k/a WESTINGHOUSE ELECTRIC CORPORATION and CBS CORPORATION, a Delaware Corporation manufactured and/or sold various asbestos containing products, including but not limited to Micarta, to the plaintiff's employer(s).

(m)   Defendant, WACO, INC., a corporation incorporated under the rules of Virginia having its corporate offices at 814 Chapman Way, Newport News, Virginia, and a successor to WACO INSULATION, INC. supplied to plaintiff's employer(s) a variety of asbestos-containing products manufactured by different companies.

(n)   Defendant, GARLOCK SEALING TECHNOLOGIES, INC., a corporation organized and existing under the laws of the State of Ohio, manufactured, produced and sold, either directly or indirectly, to the plaintiff's employer(s) various asbestos-containing products including but not limited to sheet packing and gasket material.

(o) Defendant, GENERAL ELECTRIC is a corporation engaged in interstate commerce and negligently caused the plaintiff to be exposed to asbestos fibers emitted from products manufactured by General Electric, including cables, turbines and other marine equipment and materials.

(p)   Defendant, METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation did conspire with other defendants as set forth in Count III, preventing plaintiff from being fully and accurately informed concerning the hazards of exposure to asbestos products.

(q) Defendant Union Carbide is a corporation engaged in interstate commerce and negligently caused the plaintiff to be exposed to asbestos fibers emitted from products manufactured by Union Carbide.

(r) Defendant, HONEYWELL, INC., f/k/a ALLIED-SIGNAL, INC. formerly ALLIED CORPORATION (as successor in interest to BENDIX CORPORATION), a Delaware corporation, manufactured and sold, either directly or indirectly, to the plaintiff's employer(s) various asbestos products including but not limited to brake pads, clutches and friction products.

(s)   Defendant, PFIZER, INC. (as successor in interest to Quigley CORPORATION), manufactured and sold, either directly or indirectly, to the plaintiff's employer(s) various asbestos products including asbestos-containing fire-retardants materials.

(t) Defendant Foster Wheeler Energy Corp. has its principal place of business in New Jersey and is registered to do business in the Commonwealth of Virginia. Foster Wheeler Energy Corp. manufactured and distributed asbestos-containing boilers around which the plaintiff worked.

(u) Defendant Anchor Packing Inc. manufactured asbestos-containing products to which the plaintiff was exposed.

(v) Defendant Empire Machinery & Supply Corporation distributed asbestos-containing products to which the plaintiff was exposed.

(w) Defendant Noland Company distributed asbestos-containing products to which the plaintiff was exposed.

(x)   Defendant Dana Corporation has its principal offices in the state of Ohio. Dana corporation manufactured and distributed asbestos-containing products to which the plaintiff was exposed.

(y)   Defendant John Crane, Inc. is a manufacturer and distributor of asbestos-containing products to which the plaintiff was exposed.

COUNT I

5.     The plaintiff hereby incorporates and adopts paragraphs 1 through 4.

6.     The plaintiff, Linda Yvonne Brown , was employed in the following trade(s) by the named employer(s) for the periods of time shown below:

EMPLOYER, TRADE, YEARS:
Norfolk Naval Shipyard
boilermaker
8/1975 - 8/2005

-

-

- .

-

-

Plaintiff was regularly and frequently exposed to asbestos-containing insulation products while working at the above-listed employments. The plaintiff, Linda Yvonne Brown , learned he suffers from asbestosis on . Throughout plaintiff's employment as set forth above, plaintiff worked with and around asbestos-containing products. During the performance of these activities, plaintiff was frequently and continually exposed to and inhaled asbestos dust and fibers generated from the ordinary and foreseeable use of the defendants' asbestos products and/or devices manufactured and/or sold by defendants which require the use of asbestos products, which proximately resulted in the plaintiff contracting his asbestos-related disease described above.

7.     The plaintiff was exposed to and worked around asbestos and asbestos-containing products during the course of his working years as described in paragraph six above.

8.     During said periods of time and at all times hereinafter mentioned, the defendants and each of them were manufacturers, suppliers, installers and/or sellers of asbestos and asbestos insulation products, and did engage in the business of

manufacturing, supplying, installing and selling said products; that each of said defendants did manufacture, install, supply and/or sell asbestos and asbestos insulation products with which the plaintiff came in frequent and regular contact; as a result whereof, he suffered and suffers from his asbestos-related disease identified above.

9.   That his contracting said disease and all other asbestos-related diseases was solely and proximately caused by his exposure to and use of asbestos and asbestos insulation products manufactured, installed, supplied and/or sold by the defendants individually, concurrently and jointly during the period of time aforesaid.

10.   The defendants and each of them by their agents, servants or employees were negligent in that, each of the defendants, by their agents, servants or employees since 1930 knew or had reason to know that the use of and/or exposure to asbestos and/or asbestos insulation products would cause serious injury, asbestosis and cancer, and knowing same, did fail to take reasonable precautions to warn the plaintiff of the dangers to which he was exposed when they knew or should have known of the dangers.   The defendants did fail to exercise reasonable care to warn the plaintiff of the dangers to which he was exposed by use of and/or exposure to the product(s); did fail to exercise reasonable care to warn the plaintiff of the dangers to which he was exposed by exposure to the product(s); did fail to inform the plaintiff of what would be safe and sufficient wearing apparel for persons who are exposed to the product(s); did fail to inform the plaintiff of what would be safe and sufficient and proper protective equipment and appliances when using or being exposed to asbestos products; did fail to inform the plaintiff of what would be safe and proper methods used in order to ascertain the dangers involved; did fail to remove the product or products from the market when the defendants knew or should have known of the hazards of exposure to asbestos and asbestos insulation products; did fail to properly and adequately label the product or products; did sell the product or products which were defective and/or inherently dangerous; did supply the product or products which were defective and/or inherently dangerous; did fail to

supply accurate and complete warnings of the known or knowable dangers involved in exposure to the product or products; did fail to use safe, substitute products when such were available; did fail to design a reasonable and safe product for the purpose for which they were intended; and, were otherwise negligent and careless.

11.     That such actions and failures to act on the part of each defendant were negligent, and, in addition to being negligent, also constitute gross negligence and willful and wanton negligence with conscious disregard for the safety and rights of others, amounting to extraordinary and outrageous conduct especially when the defendants were aware of available scientific data that asbestos and asbestos insulation materials were harmful to workers who were exposed to such materials.

12.     That, in addition, the defendants were under a duty to exercise ordinary care to design a product that is reasonably safe for the purpose for which it is intended, and they negligently breached this duty when they manufactured asbestos-containing products that released asbestos fibers into the air when used as intended.

13.     As a result of the above, the plaintiff did contract the asbestos-related disease(s) identified in paragraph six (6) above, of which he was not made aware nor had any reason to believe that his condition was caused by exposure to asbestos or asbestos insulation products until being so informed. As a result of the aforesaid negligence (as well as gross and willful and wanton negligence) of each of the defendants, and the resultant contracting of an asbestos-related disease by the plaintiff, with its serious, painful and permanent physical and mental effects (pain and suffering) upon him --
plaintiff has been precluded from pursuing his normal employments, activities and pursuits; has incurred medical and other expenses; has been caused to lose time from his employment and causing a wage loss both past and in the future; has caused him to incur economic losses; and, has permanently impaired his earning capacity; these injuries and damages complained of were proximately caused by the negligence (and gross and willful and wanton negligence) of the defendants, their agents, servants or employees,

individually, jointly and/or concurrently, without any negligence on the part of the plaintiffs, thereunto contributing.

WHEREFORE, the plaintiff, demands judgment against the defendants, jointly and severally in the amounts of Two Million Dollars ($2,000,000.00) as compensatory, actual and general damages and Three Hundred Thousand Dollars ($300,000.00) in punitive damages, plus interest and costs of suit.

COUNT II

14.     Plaintiff hereby incorporates and adopts paragraphs One (1) through Thirteen (13).

15.     Defendants placed asbestos-containing products in the stream of commerce and impliedly warranted that their products were reasonably safe for the ordinary purposes of their intended use:

(a)     That, at the time of the manufacture and placement of their asbestos-containing products into the stream of commerce and sale to the plaintiff's employer(s), the defendants knew and had reason to know that they would be used by individuals such as the plaintiff; and,

(b)     That, throughout years of the plaintiff's exposure to and use of the products, the same products were expected to and/or did reach the user or consumer without substantial change in the condition in which they were sold and supplied; and,

(c)     That the products were sold in a defective condition in that they were unreasonably dangerous and incapable of being made safe for their ordinary and intended use, and the defendants failed to give adequate or sufficient warnings or instructions about the unreasonable risks and dangers inherent in the products; and,

(d)     That the products were used in the manner intended for their use; and,

(e)     That these asbestos-containing products were unreasonably dangerous for the ordinary purpose of their intended use and were unreasonably dangerous at the time they left the defendants' factories and warehouses.

16.   Defendants breached said warranties to the plaintiff in that their products were inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for the ordinary purposes of their intended uses. Said breaches proximately resulted in the plaintiff's contracting the asbestos related disease identified in paragraph six (6) of this motion for judgment.

17.   As a result of the aforesaid breach by each of the defendants, and the resultant contracting of an asbestos-related disease by the plaintiff, with its serious, painful and permanent physical and mental effects upon him, plaintiff has been precluded from pursuing his normal employments, activities and pursuits; has incurred medical and other expenses, has been caused to lose time from his employment and causing a wage loss both past and in the future; has caused him to incur economic losses; and has permanently impaired his earning capacity. The injuries and damages complained of were proximately caused by the breach of implied warranty of fitness of the asbestos-containing products of the defendants, their agents, servants or employees, individually, jointly and/or concurrently, without any negligence on the part of the plaintiffs, thereunto contributing.

WHEREFORE, the plaintiff, demands judgment against the defendants, jointly and severally in the amounts of Two Million Dollars ($2,000,000.00) as compensatory, actual and general damages and Three Hundred Thousand Dollars ($300,000.00) in punitive damages, plus interest and costs of suit.

### COUNT III

18.   The plaintiff incorporates and adopts paragraphs One (1) through Seventeen (17).

19.   Defendants knew or had reason to know (since before plaintiff was injuriously exposed to the defendants' asbestos products) of medical and scientific data which indicated that asbestos products were, or were likely to become, extremely

hazardous to the health and safety of the plaintiff and others similarly situated and employed.

20.    Possessed of knowledge of the hazard to the plaintiff and other workers similarly situated and employed, each of these defendants, prompted by financial concerns, individually and collectively, willfully, wantonly, and with gross disregard for the safety of the plaintiff, ignored, failed and refused to act upon said medical and scientific data, to warn users of their products and those who worked in close proximity to those products or to defendants' activities of the life and health threatening dangers of exposure to and the breathing of asbestos fibers and dust, and to take such other reasonable precautions necessary to lessen the dangers and potentially lethal dangerous characteristics of their asbestos products and activities. Defendants, in wanton and reckless disregard for human life and health, deliberately, and in concert with one another, intentionally and purposely withheld and concealed such information from users of their products.

21.    Defendants further conspired together to deceive the plaintiff and the public by suppressing existing information regarding the health and safety interests of those exposed to asbestos. Such conspiratorial activities deprived those exposed to defendants' asbestos fiber and dust, including the plaintiff, of the opportunity to choose to protect themselves from, or to avoid entirely, the unreasonably dangerous products and activities of defendants.

22.    The plaintiff, unaware of the dangers to life and health resulting from exposure to defendants' asbestos products and not possessing defendants' degree of technical knowledge and expertise concerning asbestos and its use, continued to work with and around defendants' products and activities and was deprived, by the above-described acts and omissions of defendants, of the free and informed opportunity to remove himself from exposure to defendants' asbestos products and activities and

otherwise to protect himself from the harmful and potentially lethal products and activities.

23.   As a direct and proximate result of defendants' conspiracy, plaintiff was prevented from obtaining information to protect himself from harmful asbestos dust and fiber which caused the plaintiff to contract his asbestos-related disease(s).

24.   As a direct and proximate result of defendants' conspiracy, plaintiff was exposed to asbestos dust and fiber such that plaintiff has suffered and will suffer physical pain and suffering; emotional and mental distress; anxiety; anguish; embarrassment and humiliation; loss in income; economic losses; and loss in the ability to enjoy life as he would if not so afflicted with asbestos disease.

WHEREFORE, plaintiff requests judgment against each and every defendant, for the acts and omissions of Count Three, in the amount of Two Million Dollars ($2,000,000.00) in compensatory damages and Three Hundred Thousand Dollars ($300,000.00) in punitive damages.

Respectfully Submitted,

THE LAW OFFICES OF PAUL A. WEYKAMP

By: _____

Paul A. Weykamp, Esquire
LAW OFFICES OF PAUL A. WEYKAMP
16 Stenersen Lane, Suite 2
Hunt Valley, MD 21030
Attorney for Plaintiffs
Virginia Bar No.: 43688

## PRAYER FOR TRIAL BY JURY

Plaintiff prays a trial by jury on all issues presented herein.

Respectfully Submitted,

THE LAW OFFICES OF PAUL A. WEYKAMP

By: _____

Paul A. Weykamp, Esquire
LAW OFFICES OF PAUL A. WEYKAMP
16 Stenersen Lane,  Suite 2
Hunt Valley, MD  21030
Attorney for Plaintiffs
Virginia Bar No.: 43688
Counsel for Plaintiff