JURY

# U.S. District Court
## Eastern District of Virginia - (Newport News)
## CIVIL DOCKET FOR CASE #: 4:11-cv-03295-MSD

Imel v. EXXON-Mobile Corporation et al
Assigned to: District Judge Mark S. Davis
Demand: $9,999,000
Lead case: 4:11-cv-09999-MSD
Member case: (View Member Case)
Cause: 28:1441 Notice of Removal-Asbestos Litigation

Date Filed: 03/14/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

### Plaintiff

**Carolyn Imel**
*Executor of the Estate of Robert R.*
*Smith*

represented by **Paul A. Weykamp**
Law Offices of Paul A. Weykamp
16 Stenersen Lane
Suite 2
Hunt Valley, MD 21030
(410) 584-0660
Fax: (410) 584-1005
*ATTORNEY TO BE NOTICED*

### Defendant

**EXXON-Mobile Corporation**

represented by **Bruce Taylor Bishop**
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave
Suite 2200
Norfolk, VA 23510
(757) 628-5500
Fax: (757) 628-5566
*ATTORNEY TO BE NOTICED*

**Eric David Cook**
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave
Suite 2200
Norfolk, VA 23510
(757) 628-5500
Fax: (757) 628-5566
*ATTORNEY TO BE NOTICED*

**Loren Lucy Fairfax Brandon**
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave

Suite 2200
Norfolk, VA 23510
(757) 628-5500
Fax: (757) 628-5566
Email: lbrandon@wilsav.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bayer CropScience, Inc.,**
*Succesor to Amchem Products, Inc.*

**Defendant**

**General Refractories Company**

**Defendant**

**Georgia-Pacific Corporation**          represented by   **Carl Robert Schwertz**
Duane Hauck & Gnapp
10 E Franklin St
Richmond, VA 23219-2106
(804) 644-7400
Email: cschwertz@duanehauck.com
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Poretz**
Miles & Stockbridge PC
1751 Pinnacle Drive
Suite 500
McLean, VA 22102
(703) 903-9000
Email: jporetz@milesstockbridge.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hopeman Brothers, Inc.**          represented by   **Christopher John Wiemken**
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email:
cwiemken@taylorwalkerlaw.com
*ATTORNEY TO BE NOTICED*

**Gerard Ernest Wilfrid Voyer**
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: gvoyer@taylorwalkerlaw.com

*ATTORNEY TO BE NOTICED*

**Matthew Paul Morken**
Taylor & Walker PC
555 E. Main Street
Suite 1300
Norfolk, VA 23510
(804) 625-7300
Fax: (804) 625-1504
Email: mmorken@taylorwalkerlaw.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Mallinckrodt, Inc.**
*formerly known as*
International Minerals & Chemical
Corp.

represented by **Carl Robert Schwertz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Poretz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**International Paper Corporation**
*formerly known as*
Champion International Corporation
*formerly known as*
Plywood Corp. & Champion Papers,
Inc.

represented by **Aminah Collick Rogers**
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave
Suite 2200
Norfolk, VA 23510
(757) 628-5500
Fax: (757) 628-5566
Email: arogers@wilsav.com
*ATTORNEY TO BE NOTICED*

**Bruce Taylor Bishop**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Royce Jackson**
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave
Suite 2200
Norfolk, VA 23510
(757) 628-5500
Fax: (757) 628-5566
Email: sjackson@wilsav.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Owens-Illinois, Inc.**
*Formerly Owens-Illinois Glass Co.*

**Defendant**

**Rapid American Corporation**
*(As Successor-in-Interest to The Philip
Carey Manufacturing Company and
Glen Alden Corp.)*

**Defendant**

**SB Decking, Inc.**
*formerly known as*
Selby, Battersby & Co.

**Defendant**

**Uniroyal Holding, Inc.**

**Defendant**

**CBS Corp.**
*formerly known as*
Viacom Inc., successor by Merger to
CBS Corp.
*formerly known as*
Westinghouse Electric Corporation

represented by **Henry N. Ware , Jr.**
Spotts Fain PC
411 E Franklin St
PO Box 1555
Richmond, VA 23218-1555
804-697-2090
Fax: 804-697-2190
Email: hnware@spottsfain.com
*ATTORNEY TO BE NOTICED*

**Maurice Francis Mullins**
Spotts Fain PC
411 E Franklin St
Suite 600
PO Box 1555
Richmond, VA 23218-1555
(804) 697-2069
Fax: (804) 697-2169
Email: cmullins@spottsfain.com
*ATTORNEY TO BE NOTICED*

**Patricia Bugg Turner**
Spotts Fain PC
411 E Franklin St
Suite 600
Richmond, VA 23219
(804) 697-2000
Fax: (804) 697-2088
Email: pturner@spottsfain.com
*ATTORNEY TO BE NOTICED*

**Robert Jackson Allen**

Spotts Fain PC
411 E Franklin St
Suite 600
Richmond, VA 23219
804-697-2087
Fax: 804-697-2187
Email: rallen@spottsfain.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**WACO Insulation, Inc..**
*now known as*
WACO, Inc.

**Defendant**

**Garlock Sealing Technologies, LLC**

**Defendant**

**General Electric Co.**                    represented by **Anthony Berardo Taddeo , Jr.**
TaddeoSturm PLC
3 West Cary St
Richmond, VA 23220
804-344-8542
Fax: 804-344-8541
Email: taddeo@taddeosturm.com
*ATTORNEY TO BE NOTICED*

**David Michael Sturm**
TaddeoSturm PLC
3 West Cary St
Richmond, VA 23220
804-344-8540
Fax: 804-344-8541
Email: sturm@TaddeoSturm.com
*ATTORNEY TO BE NOTICED*

**Matthew Devins Joss**
TaddeoSturm PLC
3 West Cary St
Richmond, VA 23220
804-344-8545
Fax: 804-344-8541
Email: joss@taddeosturm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance Co.**

**Defendant**

**Honeywell International, Inc.**

*agent of*
Allied-Signal, Inc. (Formerly Allied
Corporation) Successor -in-Interest to
Bendix Corporation

**Defendant**

**Dana Corporation**                    represented by   **Kay Millicent Brown**
                                                          DeHay & Elliston LLP
                                                          36 South Charles Street
                                                          Suite 1300
                                                          Baltimore, MD 21201
                                                          410-783-7003
                                                          Fax: 410-783-7221
                                                          Email: kbrown@dehay.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kira A Ligato**
                                                          DeHay & Elliston LLP
                                                          36 South Charles Street
                                                          Suite 1300
                                                          Baltimore, MD 21201
                                                          (410) 783-7225
                                                          Fax: (410) 783-7221
                                                          Email: kligato@dehay.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Richard Thomas Radcliffe , Jr.**
                                                          Dehay & Elliston LLP
                                                          36 S Charles St
                                                          13th Floor
                                                          Baltimore, MD 21201
                                                          (410) 637-3690
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**3M Business Products Sales, Inc.**

**Defendant**

**Union Carbide Corporation**           represented by   **James Derek Turrietta**
                                                          Stackhouse Smith & Nexsen
                                                          555 E Main St
                                                          Norfolk, VA 23510
                                                          (757) 623-3555
                                                          Email: dturrietta@stackhouselaw.net
                                                          *ATTORNEY TO BE NOTICED*

                                                          **William W. Nexsen**
                                                          Stackhouse Nexsen & Turrietta PLLC
                                                          P O Box 3640
                                                          Norfolk, VA 23514

757-623-3555
Email: wnexsen@stackhouselaw.net
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corp.**                represented by    **Anthony Berardo Taddeo , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Michael Sturm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Devins Joss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anchor Packing Company**

**Defendant**

**Empire Machinery & Supply Corporation**

**Defendant**

**Noland Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2011 | 1 | NOTICE OF REMOVAL from Newport News Circuit Court, case number 700CL1000332T-01. Filing Fee $ 350.00 receipt number 44683002335, filed by General Electric Co. Jury trial demanded. (Attachments: # 1 Exhibit A, # 2 Exhibit Defendant's A, # 3 Exhibit B-1 Answer GE, # 4 Exhibit B-2 Answer Union Carbide, # 5 Exhibit B-3 Answer Exxon Mobil, # 6 Exhibit b-4 Answer Foster Wheeler, # 7 Exhibit B-5 Answer Georgia Pacific, # 8 Exhibit B-6 Answer Hopeman Brothers, # 9 Exhibit B-7 Answer International Paper Co., # 10 Exhibit B-8 Mallinckrodt US, # 11 Exhibit B-9 CBS Corp., # 12 Exhibit B-10 Dana Co., # 13 Exhibit B-11 Motion and Brief in Support of Motion for Bill of Particulars, # 14 Exhibit C, # 15 Exhibit D, # 16 Civil Cover Sheet, # 17 Receipt, # 18 Letter)(rsim) (Attachment 15 replaced on 3/23/2011 to add last page) (rsim). (Entered: 03/22/2011) |
| 03/14/2011 | 2 | Financial Interest Disclosure Statement (Local Rule 7.1) by General Electric Co. (rsim) (Entered: 03/22/2011) |
| 03/14/2011 | 3 | Copy of ANSWER filed in state court (Notice of Removal) by General Electric Co. (rsim) (Entered: 03/22/2011) |
| 03/14/2011 | 4 | Copy of ANSWER filed in state court (Notice of Removal) by Union Carbide Corporation. (rsim) (Entered: 03/22/2011) |

| 03/14/2011 | 5 | Copy of ANSWER filed in state court (Notice of Removal) by EXXON-Mobile Corporation. (rsim) (Entered: 03/22/2011) |
|---|---|---|
| 03/14/2011 | 6 | Copy of ANSWER filed in state court (Notice of Removal) by Foster Wheeler Energy Corp.. (rsim) (Entered: 03/22/2011) |
| 03/14/2011 | 7 | Copy of ANSWER filed in state court (Notice of Removal) by Georgia-Pacific Corporation. (rsim) (Entered: 03/22/2011) |
| 03/14/2011 | 8 | Copy of ANSWER filed in state court (Notice of Removal) by Hopeman Brothers, Inc. (rsim) (Entered: 03/22/2011) |
| 03/14/2011 | 9 | Copy of ANSWER filed in state court (Notice of Removal) by International Paper Corporation. (rsim) (Entered: 03/22/2011) |
| 03/14/2011 | 10 | Copy of ANSWER filed in state court (Notice of Removal) by Mallinckrodt, Inc. (rsim) (Entered: 03/22/2011) |
| 03/14/2011 | 11 | Copy of ANSWER filed in state court (Notice of Removal) by CBS Corp. (rsim) (Entered: 03/22/2011) |
| 03/14/2011 | 12 | Copy of ANSWER filed in state court (Notice of Removal) by Dana Corporation. (rsim) (Entered: 03/22/2011) |
| 03/23/2011 | 13 | NOTICE of Appearance by Gerard Ernest Wilfrid Voyer on behalf of Hopeman Brothers, Inc. (Voyer, Gerard) (Entered: 03/23/2011) |
| 03/23/2011 | 14 | Financial Interest Disclosure Statement (Local Rule 7.1) by Hopeman Brothers, Inc.. (Voyer, Gerard) (Entered: 03/23/2011) |
| 03/25/2011 | 15 | NOTICE of Appearance by Kira A Ligato on behalf of Dana Corporation (Ligato, Kira) (Entered: 03/25/2011) |
| 03/25/2011 | 16 | Financial Interest Disclosure Statement as to Dana Corporation filed (Ligato, Kira) (Entered: 03/25/2011) |
| 03/25/2011 | 17 | NOTICE of Appearance by Kay Millicent Brown on behalf of Dana Corporation (Brown, Kay) (Entered: 03/25/2011) |
| 03/29/2011 | 18 | NOTICE of Appearance by Patricia Bugg Turner on behalf of CBS Corp. (Turner, Patricia) (Entered: 03/29/2011) |
| 03/29/2011 | 19 | Financial Interest Disclosure Statement as to CBS Corp. filed (Turner, Patricia) (Entered: 03/29/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/29/2011 15:24:22 | | |
| **PACER Login:** jt1678 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** 4:11-cv-03295-MSD |
| **Billable Pages:** 6 | **Cost:** | 0.48 |

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Ms. Carolyn Imel,            *
Executor of the Estate of Robert R. Smith   *
13501 Cedar Creek Road         *
Chesterfield, VA  23838       *
                   *
     Plaintiff,        *   Case No. At Law:
v.                *
                   *    *100332 T-01*
EXXON-Mobil Corporation      *
Serve: Corporation Service Company   *
Serve: 11 South 12th St.       *
Richmond, VA 23219            *
                   *
Bayer CropScience, Inc., Successor to  *
AMCHEM PRODUCTS, INC.      *
2 T.W. Alexander Drive        *
Research Triangle Park, NC  27709   *
Serve: Corporation Service Company (CSC)*
11 South Twelfth Street        *
P.O. Box 1463              *
Richmond, VA 23219            *
                   *
GENERAL REFRACTORIES COMPANY *
225 City Avenue, Suite 114      *
Bala Cynwyd, Pennsylvania 19004   *
Serve: Secretary of the Commonwealth *
       9th Street Office Building    *
       9th & Grace Streets      *
       Richmond, VA 23201     *
                   *
GEORGIA-PACIFIC CORPORATION *
A Georgia Corporation        *
133 Peachtree Street, NE       *
Atlanta, GA 30303          *
Serve: CT Corporation Systems Corp  *
       4701 Cox Road, Suite 301   *
       Glen Allen, VA  23060   *
                   *
HOPEMAN BROTHERS, INC.    *
A Delaware Corporation       *
435 Essex Avenue/P.O. Box 820    *
Waynesboro, VA 22980       *
Serve: CT Corporation Systems Corp  *
       4701 Cox Road, Suite 301   *

·A·

Glen Allen, VA   23060          *
                               *
MALLINCKRODT, INC., f/k/a/      *
INTERNATIONAL MINERALS & CHEMICAL CORP.
2315 Sanders Road              *
Northbrook, IL 60062           *
Serve:  CT Corporation Systems Corp.   *
      4701 Cox Road,  Suite 301   *
      Glen Allen, VA   23060   *
                               *
INTERNATIONAL PAPER CORPORATION f/k/a*
Champion International Corportion  f/k/a U. S.*
Plywood Corp. & Champion Papers, Inc.   *
One Champion Plaza             *
Stamford, CT 06921             *
Serve:  CT Corporation Systems Corp   *
      4701 Cox Road,  Suite 301   *
      Glen Allen, VA   23060   *
                               *
OWENS-ILLINOIS, INC.           *
Formerly Owens-Illinois Glass Co.   *
One SeaGate, Fiberglass Tower   *
Toledo, OH 43666               *
Serve:  Secretary of the Commonwealth   *
      9th Street Office Building   *
      9th & Grace Streets   *
      Richmond, VA 23201   *
                               *
RAPID AMERICAN CORPORATION     *
(As Successor-in-Interest to The   *
Philip Carey Manufacturing     *
Company and Glen Alden Corp.)   *
1700 Broadway                  *
New York, NY  10019            *
Serve:  Secretary of the Commonwealth   *
      9th Street Office Building   *
      9th & Grace Streets   *
      Richmond, VA 23201   *
                               *
SB DECKING, INC.               *
f/k/a SELBY, BATTERSBY & CO.   *
Hecker, Brown, Serry & Johnson   *
1700 Two Logan Square          *
18th & Arch Streets          *
Philadelphia, PA 19103         *

Serve: Mr. Jeff Poretz                          *
     Miles & Stockbridge                   *
     1751 Pinnacle Dr., Ste. 500           *
     McLean, VA 22102                      *
UNIROYAL HOLDING, INC.,                         *
Serve: President/CEO                            *
70 Great Hill Road                              *
Naugatuck, CT 06770                             *
Serve: Secretary of the Commonwealth            *
     9th Street Office Building          *
     9th & Grace Streets                 *
     Richmond, VA 23201                    *
                                           *

CBS CORP., f/k/a Viacom, Inc.,successor by*
Merger to CBS Corp., f/k/a Westinghouse   *
Electric Corporation                      *
Serve: Corporation Service Company (CSC)*
11 South Twelfth Street                         *
P.O. Box 1463                                   *
Richmond, VA 23218                              *
                                           *

WACO INSULATION, INC.                           *
n/k/a WACO, INC.                                *
814 Chapman Way                                 *
Newport News, VA                                *
Serve: Daniel M. Walker                         *
     Registered Agent                      *
     5450 Lewis Road                       *
     Sandston, VA 23150                    *
                                           *

GARLOCK SEALING TECHNOLOGIES, LLC*
1666 Division Street                            *
Palmyra, NY 14522                               *
Serve: CT Corporation Systems Corp              *
     4701 Cox Road, Suite 301              *
     Glen Allen, VA 23060                  *
                                           *
                                           *

GENERAL ELECTRIC CO.                            *
12 Corporate Woods Blvd.                        *
3rd Floor                                       *
Albany, NY 12211                                *
Serve: Allan C. Goolsby, III                    *
     Riverfront Plaza East Tower           *
     951 East Byrd Street                  *
     Richmond 23219                        *

METROPOLITAN LIFE INSURANCE CO.*
1 Madison Avenue                         *
New York, NY 10010                       *
Serve:  CT Corporation System Corp       *
        4701 Cox Road,  Suite 301        *
        Glen Allen, VA  23060            *
                                         *
                                         *

HONEYWELL INTERNATIONAL, INC. f/k/a Allied-Signal, Inc.*
(Formerly Allied Corporation)            *
Successor-in-Interest to Bendix Corporation *
Columbia Road & Park Avenue              *
Morristown, NJ 07960                     *
Serve:  Corporation Service Company (CSC)
11 South Twelfth Street                  *
P.O. Box 1463                            *
Richmond, VA 23219                       *
                                         *
Dana Corporation                         *
Serve: Allen C. Goolsby, III             *
Riverfront Plaza East Tower              *
951 East Byrd Street                     *
Richmond, VA  23219-4074                 *
                                         *
3M Business Products Sales, Inc.         *
Serve: Mr. Edward R. Parker              *
5511 Staples Mill Road                   *
Richmond, VA  23228                      *
                                         *
UNION CARBIDE CORPORATION                *
Serve: CT Corporation Systems Corp.      *
4701 Cox Road                            *
Suite 301                                *
Glen Allen, VA  23060                    *
Principal Place of Business:  Connecticut *
                                         *
FOSTER WHEELER ENERGY CORP.              *
I-78 Perryville Corporate Park           *
Clifton, NJ  08809                       *
Serve: CT Corporation System Corp.       *
        4701 Cox Road, Suite 301         *
        Glen Allen, VA  23060            *
                                         *
Anchor Packing Company                   *
120 East Avenue,  Suite 101              *

Rochester, NY 14522                                    *
Serve: Secretary of the Commonwealth                   *
9th Street Office Building                              *
9th & Grace Streets                                    *
Richmond, VA 23201                                     *
                                                       *
Empire Machinery & Supply Corporation                  *
3550 Virginia Beach Blvd.                              *
Norfolk, VA 23502                                      *
Serve: Kevin Sweeney                                   *
         3550 Virginia Beach Blvd.                     *
         Norfolk, VA 23502                             *
                                                       *
Noland Company                                         *
2700 Warwick Blvd.                                     *
Newport News, VA 23607                                 *
Serve: Ben A. Williams, III                            *
         2700 Washington Avenue, Ste.400               *
         Newport News, VA 23607                        *

Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

### Jurisdiction & Venue

1. The plaintiff, Ms. Carolyn Imel is a resident of the state of Virginia and citizen of the United States and is the Executor of the Estate of Robert R. Smith, the plaintiff's deceased. The plaintiff alleges that Robert R. Smith suffered and died of asbestos-related diseases, including mesothelioma/cancer as a result of exposure to the defendants' asbestos-containing insulation products.

Plaintiff is:

     a.   Plaintiff (executor of the Estate)

     Name:    Ms. Carolyn Imel

     Address:   13501 Cedar Creek Road, Chesterfield, VA 23838

     Date of Appointment as Executor: 3/16/2007

b.    Plaintiff's Deceased is:  Robert R. Smith

SSN:  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

Date of Birth:  11/15/1929    Date of Death: 2/13/2007

2.    The defendants are corporations, companies or other business entities which, during all times material hereto, and for a long time prior thereto, have been, and/or are now engaged, in the manufacturing, producing, selling, installing, merchandising, supplying, appyling, distributing, and/or otherwise placing in the stream of commerce, asbestos products for industrial and commercial uses. This case is brought exclusively under the general admiralty and maritime laws of the United States under Title 28 USCA § 1333(1) and Title 46 USCA § 740 (admiralty).  That the plaintiff's deceased, Mr. Robert R. Smith, worked on ships in the Newport News Shipyard, including ships owned and operated by Exxon-Mobil Corporation, and engaged in a trade that he practiced on board ships while in the shipyard.  The plaintiff's deceased was exposed to asbestos fibers from asbestos insulation products while working on board ships, including ships owned and operated by Exxon-Mobil Corporation. The plaintiff's work is of a kind contemplated under the admiralty as well as maritime laws of the United States under the above-referenced Titles 28 and 46.

3.    At all times material hereto, defendants acted through their agents, servants and/or employees who were acting within the scope of their employment in the business of the defendants.

4.    At all times material hereto:

(a)    Defendant, Bayer CropScience, Inc., f/k/a Amchem Products, Inc. is a corporation authorized to do business in the Commonwealth of Virginia which manufactured and sold, either directly or indirectly, to the plaintiff's deceased's employer(s) various asbestos products.

(b)    Defendant, GENERAL REFRACTORIES COMPANY, a Pennsylvania Corporation, assembled, distributed and/or sold asbestos containing products to the

plaintiff's deceased's employer(s) including but not limited to Lite Cast 30 and 30G Asbestos Castable; Steel Klad Dibond Refractory Brick; Fibrous Adhesive; Grefco Insulating Cement; and Grefco Insul-Finish Cement.

(c)     Defendant, GEORGIA-PACIFIC, a Georgia Corporation manufactured and/or sold various asbestos containing products to the plaintiff's deceased's employers including but not limited to wallboards, millboards and finishing compounds.

(d) Defendant, HOPEMAN BROTHERS, a Delaware Corporation manufactured and sold and installed various asbestos containing products to the plaintiff's deceased's employer(s) including wall and bulkhead systems, micarta and marinite as well as various plumbing and furniture fixtures.

(e) Defendant, Mallinckrodt, Inc., f/k/a INTERNATIONAL MINERALS AND CHEMICAL CORPORATION, is a corporation that manufactured and/or sold various asbestos containing products to the plaintiff's deceased's employer(s).

(f)     Defendant, INTERNATIONAL PAPER, INC., f/k/a CHAMPION INTERNATIONAL CORPORATION, f/k/a U.S. Plywood Corporation and Champion Papers, Incorporated, a New York corporation manufactured and/or sold various asbestos products to the plaintiff's deceased's employer(s).

(g)     Defendant, OWENS-ILLINOIS, INC., a corporation organized and existing under the laws of the State of Ohio and formerly known as OWENS-ILLINOIS GLASS COMPANY, manufactured, produced, sold and supplied, either directly or indirectly, to the plaintiff's deceased's employer(s) various asbestos products including but not limited to Kaylo Pipecovering and Block.

(h) Defendant, RAPID AMERICAN CORPORATION, a Delaware corporation is a successor in liability to Philip Carey Corporation, who manufactured and sold, directly and indirectly through its predecessor corporation to the plaintiff's deceased's employer(s) various asbestos products including but not limited to Hitemp, Carytemp, 85% Magnesia Pipecovering & Block, 7M cement, and millboard.

(i)    Defendant, SELBY, BATTERSBY & COMPANY, now known as S B DECKING, INC., a Delaware Corporation manufactured and/or sold various asbestos containing products to the plaintiff's deceased's employer(s).

(j)    Defendant, UNIROYAL, INC., a New Jersey corporation, manufactured and sold, either directly or indirectly, to the plaintiff's deceased's employer(s) various asbestos products including but not limited to asbestos cloth, adhesives and finishing products.

(k)   Defendant, CBS Corp., a Delaware Corporation, fka Viacom, Inc., successor by merger to CBS Corp., f/k/a WESTINGHOUSE ELECTRIC CORPORATION manufactured and/or sold various asbestos containing products, including but not limited to Micarta, to the plaintiff's deceased's employer(s).

(l)    Defendant, WACO, INC., a corporation incorporated under the rules of Virginia having its corporate offices at 814 Chapman Way, Newport News, Virginia, and a successor to WACO INSULATION, INC. supplied to plaintiff's deceased's employer(s) a variety of asbestos-containing products manufactured by different companies.

(m)  Defendant, GARLOCK SEALING TECHNOLOGIES, INC., a corporation organized and existing under the laws of the State of Ohio, manufactured, produced and sold, either directly or indirectly, to the plaintiff's deceased's employer(s) various asbestos-containing products including but not limited to sheet packing and gasket material.

(n) Defendant, GENERAL ELECTRIC is a corporation engaged in interstate commerce and negligently caused the plaintiff's deceased to be exposed to asbestos fibers emitted from products manufactured by General Electric, including cables, turbines and other marine equipment and materials.

(o)   Defendant, METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation did conspire with other defendants as set forth in Count III, preventing

plaintiff's deceased from being fully and accurately informed concerning the hazards of exposure to asbestos products.

(p) Defendant, HONEYWELL, INC., f/k/a ALLIED-SIGNAL, INC. formerly ALLIED CORPORATION (as successor in interest to BENDIX CORPORATION), a Delaware corporation, manufactured and sold, either directly or indirectly, to the plaintiff's deceased's employer(s) various asbestos products including but not limited to brake pads, clutches and friction products.

(q) Defendant Dana Corporation is an Ohio corporation that manufactured, sold asbestos-containing products to the plaintiff's deceased's employer.

(r)   3M Business Products Sales, Inc. is corporation with its principal place of business in the state of Minnesota and is authorized to do business in the Commonwealth of Virginia   –this defendant manufactured asbestos-containing products used  in the vicinity of the plaintiff's deceased.

(s) Defendant Union Carbide is a corporation engaged in interstate commerce and negligently caused the plaintiff's deceased to be exposed to asbestos fibers emitted from products manufactured by Union Carbide.

(t) Defendant Foster Wheeler Energy Corp. has its principal place of business in New Jersey and is registered to do business in the Commonwealth of Virginia. Foster Wheeler Energy Corp. manufactured and distributed asbestos-containing boilers around which the plaintiff's deceased worked.

(u) Defendant Anchor Packing Inc. manufactured asbestos-containing products to which the plaintiff's deceased was exposed.

(v) Defendant Empire Machinery & Supply Corporation distributed asbestos-containing products to which the plaintiff's deceased was exposed.

(w) Defendant Noland Company distributed asbestos-containing products to which the plaintiff's deceased was exposed.

(x)  Defendant Exxon-Mobil Corporation is a New Jersey based firm that owned and operated vessels that the plaintiff's deceased worked on --ocean-going vessels where the deceased was exposed to asbestos fibers on a regular and frequent basis.

<u>COUNT I</u>

5.      The plaintiff hereby incorporates and adopts paragraphs 1 through 4.

6.      The plaintiff's deceased, Robert R. Smith, was employed in the following trade(s) by the named employer(s) for the periods of time shown below:

EMPLOYER: Newport News Shipbuilding & Dry Dock Company
TRADE:        Welder, welding foreman
YEARS:        1953 - 1976

Plaintiff's deceased was regularly and frequently exposed to defendants' asbestos-containing insulation products while working at the above-listed employments and while on ships owned and operated by the defendant Exxon-Mobil Corporation. The plaintiff's deceased, Robert R. Smith, learned that he suffered from cancer/mesothelioma on or about 1/18/2007.   Plaintiff's deceased died of cancer/mesothelioma on 2/13/2007. Throughout plaintiff's deceased's employment as set forth above, plaintiff's deceased worked with and around asbestos-containing products. During the performance of these activities, plaintiff's deceased was frequently and continually exposed to and inhaled asbestos dust and fibers generated from the ordinary and foreseeable use of the defendants' asbestos products and/or devices manufactured and/or sold by defendants which require the use of asbestos products, which proximately resulted in the plaintiff's deceased contracting cancer as described above.

7.      The plaintiff's deceased was exposed to and worked around defendants' asbestos and asbestos-containing products on a frequent and regular basis during the course of his working years as described in paragraph six above and was exposed while working on ocean-going vessels owned and operated by Exxon-Mobil Corporation.

8.     During said periods of time and at all times hereinafter mentioned, the defendants and each of them were manufacturers, suppliers, and sellers of asbestos and asbestos insulation products, and did engage in the business of manufacturing, supplying, and selling said products; that each of said defendants did manufacture, supply and/or sell asbestos and asbestos insulation products with which the plaintiff's deceased came in daily contact; as a result whereof, he suffered and died from his asbestos-related disease identified above; and during said time, plaintiff's deceased worked on tankers owned and operated by Exxon-Mobil Corporation.

9.     That plaintiff's deceased's contracting cancer/mesothelioma was solely and proximately caused by plaintiff's deceased exposure to and use of asbestos and asbestos insulation products manufactured, supplied and sold by the defendants individually, concurrently and jointly during the period of time aforesaid.

10.    The defendants and each of them by their agents, servants or employees were negligent in that, each of the defendants, by their agents, servants or employees since 1930 knew or had reason to know that the use of and/or exposure to asbestos and/or asbestos insulation products would cause serious injury, cancer/mesothelioma, and knowing same, did fail to take reasonable precautions to warn the plaintiff's deceased of the dangers to which he was exposed when they knew or should have known of the dangers. The defendants did fail to exercise reasonable care to warn the plaintiff's deceased of the dangers to which he was exposed by use of and/or exposure to the product(s); did fail to exercise reasonable care to warn the plaintiff's deceased of the dangers to which he was exposed by exposure to the product(s); did fail to inform the plaintiff's deceased of what would be safe and sufficient wearing apparel for persons who are exposed to the product(s); did fail to inform the plaintiff's deceased of what would be safe and sufficient and proper protective equipment and appliances when using or being exposed to asbestos products; did fail to inform the plaintiff's deceased of what would be safe and proper methods used in order to ascertain the dangers involved; did fail to

remove the product or products from the market when the defendants knew or should have known of the hazards of exposure to asbestos and asbestos insulation products; did fail to properly and adequately label the product or products; did sell the product or products which were defective and/or inherently dangerous; did supply the product or products which were defective and/or inherently dangerous; did fail to supply accurate and complete warnings of the known or knowable dangers involved in exposure to the product or products; did fail to use safe, substitute products when such were available; did fail to design a reasonable and safe product for the purpose for which they were intended; and, were otherwise negligent and careless. That Exxon-Mobil was aware that its ships were outfitted with asbestos-containing insulation products, and were being outfitted with asbestos-containing products during the time that plaintiff's deceased worked at the Newport News Shipbuilding & Drydock Company.

11.   That such actions and failures to act on the part of each defendant, in addition to being negligent, also constitute gross negligence and willful and wanton negligence with conscious disregard for the safety and rights of others, amounting to extraordinary and outrageous conduct especially when the defendants were aware of available scientific data that asbestos and asbestos insulation materials were harmful to workers who were exposed to such materials.

12.   That, in addition, the defendants were under a duty to exercise ordinary care to design a product that is reasonably safe for the purpose for which it is intended, and they negligently breached this duty when they manufactured asbestos-containing products that released asbestos fibers into the air when used as intended.

13.   As a result of the above, the plaintiff's deceased did contract and did die from the asbestos-related disease known as cancer/mesothelioma. As a result of the aforesaid negligence (gross and willful and wanton negligence) of each of the defendants, the plaintiff's deceased suffered severe pain and suffering and mental anguish, in addition to substantial economic damages; the children of Mr. Smith, beneficiaries under the

wrongful death statute of the Commonwealth of Virginia have lost the counsel, companionship, love, affection and support of the plaintiff's deceased. Plaintiff's deceased died as a result of this asbestos-related disease.

WHEREFORE, the plaintiff as Ms. Carolyn Imel, Executor of the Estate of Robert R. Smith, demands judgment against the defendants, jointly and severally in the amounts of Eight Million Dollars ($18,000,000.00) as compensatory, actual and general damages and Thirteen MillionDollars ($13,000,000.00) in punitive damages, plus interest and costs of suit.

COUNT II

14.    Plaintiff hereby incorporates and adopts paragraphs One (1) through Thirteen (13) above as well as the paragraphs in Counts III and IV below.

15.    Defendants placed asbestos-containing products in the stream of commerce and impliedly warranted that their products were reasonably safe for the ordinary purposes of their intended use:

(a)    That, at the time of the manufacture and placement of their asbestos-containing products into the stream of commerce and sale to the plaintiff's deceased's employer(s), the defendants knew and had reason to know that they would be used by individuals such as the plaintiff's deceased; and,

(b)    That, throughout years of the plaintiff deceased's exposure to and use of the products, the same products were expected to and/or did reach the user or consumer without substantial change in the condition in which they were sold and supplied; and,

(c)    That the products were sold in a defective condition in that they were unreasonably dangerous and incapable of being made safe for their ordinary and intended use, and the defendants failed to give adequate or sufficient warnings or instructions about the unreasonable risks and dangers inherent in the products; and,

(d)    That the products were used in the manner intended for their use; and,

(e)     That these asbestos-containing products were unreasonably dangerous for the ordinary purpose of their intended use and were unreasonably dangerous at the time they left the defendants' factories and warehouses; and that the defendants knew or had reason to know that the products would harm individuals who used with and/or around the asbestos-containing products.

16.     Defendants breached said warranties to the plaintiff's deceased in that their products were inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their the ordinary purposes of their intended uses. Said breaches proximately resulted in the plaintiff's deceased contracting the asbestos related disease identified in Count I above.

17.     As a result of the aforesaid breach by each of the defendants, and the resultant contracting of an asbestos-related disease and death thereby by the plaintiff's deceased, with its serious, painful and permanent physical and mental effects upon plaintiff's deceased was precluded from pursuing his normal employments, activities and pursuits; incurred medical and other expenses, caused him to incur economic losses; and permanently impaired his earning capacity and caused him pain and suffering. The beneficiaries under the wrongful death statute of the Commonwealth of Virginia have lost the counsel, companionship, love, affection and support of the plaintiff's deceased. The injuries and damages complained of were proximately caused by the breach of implied warranty of fitness of the asbestos-containing products of the defendants, their agents, servants or employees, individually, jointly and/or concurrently, without any negligence on the part of the plaintiffs or plaintiff's deceased, thereunto contributing. The beneficiaries under the wrongful death statute include:

WHEREFORE, the plaintiff, Ms. Carolyn Imel, Executor of the Estate of Robert R. Smith, demands judgment against the defendants, jointly and severally in the amounts of Eighteen Million Dollars ($18,000,000.00) as compensatory, actual and general

damages and Thirteen Million Dollars ($13,000,000.00) in punitive damages, plus interest and costs of suit.

## COUNT III

18. The plaintiff incorporates and adopts all paragraphs of Counts I and II above as well as all paragraphs in Count IV below.

19. Defendants knew or had reason to know (since before plaintiff's deceased was injuriously exposed to the defendants' asbestos products) of medical and scientific data which indicated that asbestos products were, or were likely to become, extremely hazardous to the health and safety of the plaintiff's deceased and others similarly situated and employed.

20. Possessed of knowledge of the hazard to the plaintiff's deceased and other workers similarly situated and employed, each of these defendants, prompted by financial concerns, individually and collectively, willfully, wantonly, and with gross disregard for the safety of the plaintiff's deceased, ignored, failed and refused to act upon said medical and scientific data, to warn users of their products and those who worked in close proximity to those products or to defendants' activities of the life and health threatening dangers of exposure to and the breathing of asbestos fibers and dust, and to take such other reasonable precautions necessary to lessen the dangers and potentially lethal dangerous characteristics of their asbestos products and activities. Defendants, in wanton and reckless disregard for human life and health, deliberately, and in concert with one another, intentionally and purposely withheld and concealed such information from users of their products.

21. Defendants further conspired together to deceive the plaintiff's deceased and the public by suppressing existing information regarding the health and safety interests of those exposed to asbestos. Such conspiratorial activities deprived those exposed to defendants' asbestos fiber and dust, including the plaintiff's deceased, of the

opportunity to choose to protect themselves from, or to avoid entirely, the unreasonably dangerous products and activities of defendants.

22.    The plaintiff's deceased, unaware of the dangers to life and health resulting from exposure to defendants' asbestos products and not possessing defendants' degree of technical knowledge and expertise concerning asbestos and its use, continued to work with and around defendants' products and activities and was deprived, by the above-described acts and omissions of defendants, of the free and informed opportunity to remove himself from exposure to defendants' asbestos products and activities and otherwise to protect himself from the harmful and potentially lethal products and activities.

23.    As a direct and proximate result of defendants' conspiracy, plaintiff's deceased was prevented from obtaining information to protect himself from harmful asbestos dust and fiber which caused the plaintiff's deceased to contract and die from his asbestos-related disease.

24.    As a direct and proximate result of defendants' conspiracy, plaintiff's deceased was exposed to asbestos dust and fiber such that plaintiff's deceased suffered physical pain and suffering; emotional and mental distress; anxiety; anguish; embarrassment and humiliation; loss in income; economic losses; and loss in the ability to enjoy life as he would if not so afflicted with asbestos disease; and, the beneficiaries under the wrongful death statute of the Commonwealth of Virginia have lost the counsel, companionship, love, affection and support of the plaintiff's deceased.    Plaintiff's deceased died as a result of his asbestos-related disease.

WHEREFORE, the plaintiff Ms. Carolyn Imel, Executor of the Estate of Robert R. Smith, demands judgment against each and every defendant, for the acts and omissions of Count Three, in the amount of Eighteen Million Dollars ($18,000,000.00) in compensatory damages and Three    Million Dollars ($13,000.000.00) in punitive damages.

## COUNT IV

25.  The plaintiff, Ms. Carolyn Imel, Executor of the Estate of Robert R. Smith, incorporates and adopts paragraphs of Counts I, II and III and the causes of action contained in Counts I - III, and further states that:

26.  As a direct and proximate result of the negligence, carelessness, gross negligence, willful and wanton negligence, willful misconduct, breach of warranty, conspiracy, fraud, and willful omissions of the defendants, the plaintiff's deceased was caused to contract and die from the asbestos-related disease described above. This disease caused injuries to his body systems which were ultimately fatal and which caused the plaintiff's deceased pain, suffering and mental anguish and ultimately caused his death. Further, aside from the diseases and injuries which afflicted the plaintiff's deceased, he was, during the course of his life, likely to suffer progressive disease and other cancers, some or all of which are permanent and/or fatal.

27.  As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, conspiracy, fraud, and willful omissions of the defendants, the plaintiff's deceased:

(a)  Suffered physical pain and suffering; and emotional anguish;

(b)  Was obliged to spend various sums of money to treat his diseases and injuries;

(c)  Sustained a loss of earnings and earning capacity;

(d)  Had his enjoyment of life impaired;

(e)  Had his life expectancy shortened; and

(f)  Had been caused to suffer great psychic trauma including fear and dread of cancer.

28.  As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, conspiracy, fraud, fraudulent concealment, fraudulent misrepresentations and willful omissions of the defendants

resulting in the wrongful death of plaintiff's deceased, the plaintiff's deceased's survivors and the beneficiaries under the wrongful death statute of this state, Mr. Smith's children and spouse, were made to suffer substantial sorrow, mental anguish and pain, including loss of society, support, companionship, comfort, guidance, kindly offices, and advice of the decedent; his survivors and the beneficiaries under the wrongful death statute of this commonwealth lost the benefit of the earnings the decedent would have earned and the many services, protection, care and assistance that the decedent would have provided. In addition, the survivors and beneficiaries under the wrongful death statute of this commonwealth were caused to incur expenses for the care of the plaintiff's decedent, including treatment and hospitalization incident to the illness resulting in his death; and, reasonable funeral expenses, all of which are compensable under the Virginia Wrongful Death Statute. The survivors and beneficiaries of the plaintiff's deceased's estate were also caused to suffer substantial loss of support; services and society of the plaintiff's deceased; including loss of the benefits of earnings the plaintiff's deceased would have earned; loss of inheritable estate; loss of love and affection; loss of protection; loss of care and assistance; affection; and loss of companionship, comfort, guidance, kindly offices, and advices of the plaintiff.

29. By reason of the aforesaid injuries to plaintiff's deceased, the beneficiaries under the wrongful death statute have been made to suffer mental anguish and other damages as listed above. The plaintiff is one of the statutory beneficiaries.

WHEREFORE, Ms. Carolyn Imel, Executor of the Estate of Robert R. Smith, demands judgment against the defendants, individually and jointly and severally, for compensatory damages, in the sum of Eighteen Million Dollars ($18,000,000.00) and punitive damages in the amount of Thirteen MillionDollars ($13,000,000.00), plus interest and costs of suit.

Respectfully Submitted,

THE LAW OFFICES OF PAUL A. WEYKAMP

By: _____

Paul A. Weykamp, Esquire
LAW OFFICES OF PAUL A. WEYKAMP
16 Stenersen Lane, Suite 2
Hunt Valley, MD 21030
Attorney for Plaintiffs
Virginia Bar No.: 43688

## PRAYER FOR TRIAL BY JURY

Plaintiff prays a trial by jury on all issues presented herein.

Respectfully Submitted,

THE LAW OFFICES OF PAUL A. WEYKAMP

By: _____

Paul A. Weykamp, Esquire
LAW OFFICES OF PAUL A. WEYKAMP
16 Stenersen Lane, Suite 2
Hunt Valley, MD 21030
Attorney for Plaintiffs
Virginia Bar No.: 43688