1  ROBERT G. ANDRÉ, WSBA #13072
   OGDEN MURPHY WALLACE, P.L.L.C.
2  1601 Fifth Avenue
   Suite 2100
3  Seattle, Washington  98101
   Telephone:   206.447.7000
4  Facsimile:   206.447.0215

5

6

7  **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

8  **MDL DOCKET NO. 875**

9  **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

10

11  THIS DOCUMENT RELATES TO:

12
   *Bouchard v. CBS Corp., et al.*
13  United States District Court
    Western District of Washington
14  Cause No. 2:11-cv-00458 RAJ

15

16  DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
    OPPOSITION TO PLAINTIFFS' MOTION FOR A SUGGESTION
17  OF REMAND AND TO VACATE CONDITIONAL TRANSFER ORDER 380

18

19             I.    **RELIEF REQUESTED**

20       Defendant Lockheed Shipbuilding Company ("Lockheed Shipbuilding") respectfully

21  requests that this Panel deny Plaintiffs Lola Bouchard and Michael Bouchard's ("Bouchard")

22  Motions for a Suggestion of Remand and to Vacate Conditional Transfer Order ("CTO")

23  No. 380.  Bouchard's motion fails because Bouchard's primary argument is based on 28 U.S.C.

24  § 1367(c), that there are compelling reasons for declining federal supplemental jurisdiction of

25  Bouchard's state claims.  However, CTO No. 380 only involves the narrow issue of transferring

26

{ERF877326.DOC;2\12060.000025\ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION FOR REMAND AND TO VACATE
CONDITIONAL TRANSFER ORDER 380 - 1

1  the present matter to MDL Docket No. 875 in the Eastern District of Pennsylvania with other

2  asbestos cases.  It is proper regardless of challenges to federal jurisdiction.

3        Ultimately, CTO No. 380 is consistent with this Panel's prior decisions and with the

4  principles underlying MDL Docket No. 875's creation.  Further, Bouchard fails to establish any

5  good cause for vacating it.  As this Panel routinely has held, challenges to federal jurisdiction are

6  not grounds for delaying transfer to MDL Docket No. 875 and, indeed, are irrelevant to the MDL

7  transfer analysis.

8              **II.    STATEMENT OF RELEVANT FACTS**

9        1.    There is no legitimate dispute that this asbestos case falls squarely within the

10  purview of MDL Docket No. 875 – *In Re: Asbestos Products Liability Litigation (No. VI).*

11        2.    Plaintiff Bouchard's lawsuit is based entirely on Lola Bouchard's alleged

12  exposure to asbestos through contact with washing the work clothes of her first husband, Ron

13  Berger.[1]

14        3.    Lockheed Shipbuilding first received notice that Mr. Berger worked on Lockheed

15  Shipbuilding-manufactured Military vessels on February 22, 2011, when witness David Ludden

16  testified that Mr. Berger worked on the USS Frank Cable and the USCGC Polar Star.  Within

17  thirty (30) days, Lockheed Shipbuilding removed the case to the U.S. District Court for the

18  Western District of Washington.[2]

19              **III.    ISSUE PRESENTED**

20        To vacate CTO No. 380, Bouchard must prove that Plaintiff's lawsuit does not involve

21  questions of fact common to the actions previously transferred to MDL Docket No. 875 and that

22  transfer will not serve the convenience of the parties and witnesses and promote the just and

23  efficient conduct of the litigation.  Bouchard fails to make the required showing.  Therefore, the

24

25  _____

   [1] *See* Complaint, as Exhibit 1 to André Decl.

26  [2] *See* Notice of Removal of Action, as Exhibit 2 to André Decl.

{ERF877326.DOC;2\12060.000025\ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION FOR REMAND AND TO VACATE
CONDITIONAL TRANSFER ORDER 380 - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  Panel should deny Bouchard's Motion and immediately transfer this action to MDL Docket

2  No. 875.

### IV.    EVIDENCE RELIED UPON

4      Lockheed Shipbuilding relies on Bouchard's Motion and the exhibits attached thereto, the

5  Declaration of Robert G. André in support hereof with attached exhibits, and the records on file

6  herein.

### V.    AUTHORITY

8      Bouchard fails to meet its mandatory burden of proving that Plaintiff's lawsuit does not

9  "involve questions of fact that are common to the actions previously transferred" to MDL Docket

10  No. 875 and that transfer will not "serve the convenience of the parties and witnesses and

11  promote the just and efficient conduct of the litigation." *See In re Asbestos Products Liability*

12  *Litigation (No. VI)*, 545 F. Supp.2d 1359, 1360 (J.P.M.L. 2008).

### A.    Jurisdictional Arguments are Not Grounds for Delaying Transfer.

14      Bouchard's sole argument against transfer of this case to MDL Docket No. 875 is based

15  on her belief that there is a lack of supplemental jurisdiction under 28 U.S.C. § 1367(c).

16  However, jurisdictional arguments are misplaced in opposition to a conditional transfer order.

17  "[T]he sole issue [before the Judicial Panel on Multidistrict Litigation] is the merits of the

18  transfer viewed against the purposes of the multidistrict statutory scheme, ***whether or not there***

19  ***is a pending jurisdictional objection***." *In Re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (emphasis added).

20  "The fact that there [are] pending jurisdictional objections [does] not deprive the MDL panel of

21  the ability to transfer the case." *Grispino v. New England Mutual Life Insurance Co.*, 358

22  F.3d 16, 19 n.3 (1st Cir. 2004).[3]

23      Given this Panel's specific and limited focus, every published JPML decision addressing

24  the propriety of transfer to MDL Docket No. 875 despite pending remand motions has, not

25

26

---

[3] Bouchard has recently challenged removal jurisdiction in the transferee court, although this motion is not relevant to the validity of the CTO No. 380.

{ERF877326.DOC;2\12060.000025\ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION FOR REMAND AND TO VACATE
CONDITIONAL TRANSFER ORDER 380 - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  surprisingly, ordered the transfer of such lawsuits.  For example, in *In Re Asbestos Products*

2  *Liability Litigation (No. VI)*, 170 F.Supp.2d 1348 (J.P.M.L. 2001), this Panel summarily rejected

3  plaintiffs' argument that a lawsuit otherwise suitable for MDL Docket No. 875 should remain in

4  the transferor district due to a pending motion to remand.  *Id.* at 1349.  The Panel reasoned that

5  "distinctions [between asbestos personal injury lawsuits] based on such matters as the pendency

6  of motions or other matters before the transferor court . . . were considered and rejected by us as

7  grounds for carving out exceptions to transfer in this extraordinary docket."  *Id.*  Indeed, in

8  specific response to plaintiffs' argument that pending remand motions should preclude transfer,

9  this Panel explained:

10      Certain plaintiffs argue that transfer of their actions should be
        denied or deferred in order to permit the resolution of motions to
11      remand the actions to state court.  ***There is no need to delay***
        ***transfer in order to accommodate such an interest*** . . . . [T]hose
12      courts wishing to address such motions have adequate time in
        which to do so, while those courts concluding that such issues
13      should be addressed by the transferee judge need not rule on them,
        and the process of Section 1407 transfer in MDL No. 875 can
14      continue without any unnecessary interruption or delay.

15  *Id.* at 1349 n.1 (*see also In re Asbestos Products Liability Litigation (No. VI)*, 1996 WL 143826,

16  p. 2 n.2 (J.P.M.L. 1996) (emphasis added).  This Panel, using language identical to its 2001 and

17  1996 decisions, issued another published decision affirming that motions to remand cannot delay

18  transfer to MDL proceedings.     *See In re Asbestos Products Liability Litigation (No. VI)*,

19  560 F.Supp.2d 1367, 1368 n.2 (J.P.M.L. 2008).

20      Here, Bouchard's Motion is based on a similar argument to those that have been

21  repeatedly rejected by this Panel because Bouchard argues that supplemental jurisdiction is

22  improper under 28 U.S.C. § 1367(c).  Because the sole issue before this Panel is the merits of the

23  transfer viewed against the purposes of the multidistrict statutory scheme, whether or not there is

24  a pending jurisdictional objection, Bouchard's argument against the transfer fails.

25

26

{ERF877326.DOC;2\12060.000025\ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION FOR REMAND AND TO VACATE
CONDITIONAL TRANSFER ORDER 380 - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

**B.    Bouchard fails to establish good cause for vacating this Panel's CTO.**

Bouchard's motion also fails because she does not make any attempt to argue that the correct standard applies for a motion to deny transfer to MDL Docket No. 875. Nevertheless, CTO No. 380 should be upheld under the application of the correct standard, which is whether the case "involve[s] questions of fact that are common to the actions previously transferred" to MDL Docket No. 875 and that transfer will "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." 28 U.S.C. § 1407; *In re Asbestos Products Liability Litigation (No. VI)*, 545 F. Supp.2d 1359, 1360 (J.P.M.L. 2008)

1.    Bouchard's Claims Involve Common Questions of Fact to Other Asbestos Action Previously Transferred to MDL Docket No. 875.

CTO easily meets the first prong of the test for whether a conditional transfer order is proper: whether the case involves questions of fact that are common to the actions previously transferred to MDL Docket No. 875. The sole basis for Bouchard's claims is that she claims she was "exposed to asbestos, in part, from washing the clothes of her deceased husband . . . and in part from living with her father who was exposed to asbestos." *Memorandum in Support of Plaintiffs' Motions* p. 1, ll. 22-24. So long as a lawsuit is based on "allegations of personal injury or death caused by asbestos," the case properly is subject to transfer to MDL Docket No. 875. *In re: Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415, 416-417 (J.P.M.L. 1991). Therefore, there can be no argument that CTO No. 380 does not meet this prong.

2.    CTO No. 380 Will Serve the Convenience of the Parties and Witnesses and Promote the Just and Efficient Conduct of the Litigation.

Convenience of parties and witnesses does not bar transfer of an action to sister district for coordinated or consolidated pretrial proceedings since normally there is no necessity for the parties to participate in pretrial conferences held by the transferee court and, also, depositions of the parties and witnesses can be taken in the district in which they reside. *In re Sugar Industry Antitrust Litigation (East Coast)*, , 471 F. Supp. 1089 (J.P.M.L. 1979). Inconvenience and

{ERF877326.DOC;2\12060.000025\ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION FOR REMAND AND TO VACATE
CONDITIONAL TRANSFER ORDER 380 - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   expense caused by transfer is to be balanced against any overall savings from the convenience of

2   including all suits in coordinated or consolidated pretrial proceedings. *Id.*  Bouchard has made

3   no allegations that she is being prejudiced by the transfer itself.  Again, her arguments go to the

4   alleged burden of removal and federal jurisdiction generally, not the narrow issue of the transfer

5   to MDL Docket No. 875.

6          For example, Bouchard argues that, given her illness, her trial should be scheduled

7   quickly, and therefore it should be remanded for jurisdictional reasons under 28 U.S.C.

8   § 1367(c).  The timing of Bouchard's trial is not affected by her case's transfer to the MDL, and

9   the jurisdictional arguments are misplaced here, as explained above.  These concerns have no

10  impact on whether CTO No. 380 should be reversed.  Any further discovery will be conducted in

11  Washington State, and trial will likely be conducted in the Western District of Washington.  The

12  timing of the trial is not affected by CTO No. 380.  Bouchard presents no good cause for

13  deviating from the CTO's transfer determination.  Therefore, this matter should be transferred to

14  the Eastern District of Pennsylvania without delay.

15                            **VI.    CONCLUSION**

16         For all the foregoing reasons, Lockheed Shipbuilding respectfully requests that this Panel

17  deny Bouchard's Motion and transfer this case forthwith to MDL Docket No. 875.

18         DATED this 20th day of April, 2011.

19                            OGDEN MURPHY WALLACE, P.L.L.C.

20

21                            By      s/Robert G. André
                                      Robert G. André, WSBA #13072
22                                    E. Ross Farr, WSBA #32037
                                      1601 Fifth Avenue, Suite 2100
23                                    Seattle, Washington 98101-1686
                                      Tel: 206.447.7000/Fax: 206.447.0215
24                                    Attorneys for Defendant
                                      Lockheed Shipbuilding Company
25

26

{ERF877326.DOC;2\12060.000025\ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION FOR REMAND AND TO VACATE
CONDITIONAL TRANSFER ORDER 380 - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

## CERTIFICATE OF SERVICE

2

I certify under the laws of the United States of America that on the 20th day of April 2011 I

3

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF System and served counsel below by the method indicated:

4

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington 98104<br>**Attorney for Plaintiffs** | [    ]   U.S. Mail<br>[    ]   Messenger<br>[    ]   Email<br>[ X ]   CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington 98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [    ]   U.S. Mail<br>[    ]   Messenger<br>[    ]   Email<br>[ X ]   CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington 98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation,**<br>**Hopeman Brothers, Inc.** | [    ]   U.S. Mail<br>[    ]   Messenger<br>[    ]   Email<br>[ X ]   CM/ECF |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

{ERF877326.DOC;2\12060.000025\ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION FOR REMAND AND TO VACATE
CONDITIONAL TRANSFER ORDER 380 - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Allan D. Gutsche<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington 98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>agutsche@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [   ]<br>[   ]<br>[   ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [   ]<br>[   ]<br>[   ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington 98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [   ]<br>[   ]<br>[   ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington 98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [   ]<br>[   ]<br>[   ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |

{ERF877326.DOC;2\12060.000025\ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION FOR REMAND AND TO VACATE
CONDITIONAL TRANSFER ORDER 380 - 8

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | |
|---|---|
| Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington  98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [   ]  U.S. Mail<br>[   ]  Messenger<br>[   ]  Email<br>[ X ]  CM/ECF |
| Katherine Steele<br>Katrina Mulligan<br>Stafford Frey<br>601 Union Street<br>Suite 3100<br>Seattle, Washington  98101<br>ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com<br>**Attorneys for Metalclad Insulation Corp.** | [   ]  U.S. Mail<br>[   ]  Messenger<br>[   ]  Email<br>[ X ]  CM/ECF |
| Timothy Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington  98104-7010<br>thorson@carneylaw.com<br>berman@carneylaw.com<br>**Attorneys for Saberhagen Holdings, Inc.** | [   ]  U.S. Mail<br>[   ]  Messenger<br>[   ]  Email<br>[ X ]  CM/ECF |
| Matthew Turetsky<br>Schwabe Williamson & Wyatt<br>1420 Fifth Avenue<br>Suite 3010<br>Seattle, Washington  98101<br>mturetsky@schwabe.com<br>**Attorneys for General Refractories Co.** | [   ]  U.S. Mail<br>[   ]  Messenger<br>[   ]  Email<br>[ X ]  CM/ECF |

DATED this 20th day of April 2011.

s/Robert G. André, WSBA#13072
Robert G. André

{ERF877326.DOC;2\12060.000025\ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION FOR REMAND AND TO VACATE
CONDITIONAL TRANSFER ORDER 380 - 9

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215