1  ROBERT G. ANDRÉ, WSBA #13072
   OGDEN MURPHY WALLACE, P.L.L.C.
2  1601 Fifth Avenue
   Suite 2100
3  Seattle, Washington 98101
   Telephone:   206.447.7000
4  Facsimile:   206.447.0215

5

6

7  **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

8  **MDL DOCKET NO. 875**

9  **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

10

11  THIS DOCUMENT RELATES TO:

12  *Bouchard v. CBS Corp., et al.*
    United States District Court
13  Western District of Washington
    Cause No. 2:11-cv-00458 RAJ
14

15

16  DECLARATION OF ROBERT G. ANDRÉ IN SUPPORT OF
    DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
17  OPPOSITION TO PLAINTIFFS' MOTION FOR A SUGGESTION
    OF REMAND AND TO VACATE CONDITIONAL TRANSFER ORDER 380
18

19      I, ROBERT G. ANDRÉ, declare under penalty of perjury under the laws of the United

20  States as follows:

21          1.      I am over the age of (18) eighteen and am competent to testify to the matters

22  herein based on my personal knowledge.

23          2.      I am one of the attorneys representing defendant Lockheed Shipbuilding

24  Company in the above-referenced case and I make this declaration in that capacity.

25          3.      Attached hereto and incorporated by reference are true and correct copies of the

26  following documents:

{ERF878290.DOC;1\12060.000025\ }
DECLARATION OF ROBERT G. ANDRÉ - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

Exhibit 1    Lockheed Shipbuilding's Notice of Removal to the Federal Court, which was received by the United States District Court for the Western District of Washington on March 16, 2011, with attachments.

3

EXECUTED this 20th day of April, 2011, at Seattle, Washington

4

5                                        s/Robert G. André
                                         Robert G. André

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

{ERF878290.DOC;1\12060.000025\ }
DECLARATION OF ROBERT G. ANDRÉ - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

## CERTIFICATE OF SERVICE

2

I certify under the laws of the United States of America that on the 20th day of April 2011 I
electronically filed a true and correct copy of the foregoing document with the Clerk of the Court
using the CM/ECF System and served counsel below by the method indicated:

3

4

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington  98104<br>**Attorney for Plaintiffs** | [   ]   U.S. Mail<br>[   ]   Messenger<br>[   ]   Email<br>[ X ]   CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington  98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [   ]   U.S. Mail<br>[   ]   Messenger<br>[   ]   Email<br>[ X ]   CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington  98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation,<br>Hopeman Brothers, Inc.** | [   ]   U.S. Mail<br>[   ]   Messenger<br>[   ]   Email<br>[ X ]   CM/ECF |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

{ERF878290.DOC;1\12060.000025\ }
DECLARATION OF ROBERT G. ANDRÉ - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | |
|---|---|
| Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Allan D. Gutsche<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington 98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>agutsche@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |
| Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington 98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |
| Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington 98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |

{ERF878290.DOC;1\12060.000025\ }
DECLARATION OF ROBERT G. ANDRÉ - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | |
|---|---|
| Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington  98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |
| Katherine Steele<br>Katrina Mulligan<br>Stafford Frey<br>601 Union Street<br>Suite 3100<br>Seattle, Washington  98101<br>ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com<br>**Attorneys for Metalclad Insulation Corp.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |
| Timothy Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington  98104-7010<br>thorson@carneylaw.com<br>berman@carneylaw.com<br>**Attorneys for Saberhagen Holdings, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |
| Matthew Turetsky<br>Schwabe Williamson & Wyatt<br>1420 Fifth Avenue<br>Suite 3010<br>Seattle, Washington  98101<br>mturetsky@schwabe.com<br>**Attorneys for General Refractories Co.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |

DATED this 20th day of April 2011.

s/Robert G. André, WSBA#13072
Robert G. André

{ERF878290.DOC;1\12060.000025\ }
DECLARATION OF ROBERT G. ANDRÉ - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

# EXHIBIT 1



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOLA and MICHAEL BOUCHARD, wife and
husband,

                 Plaintiffs,

    v.

CBS CORPORATION f/k/a WESTINGHOUSE
ELECTRIC CORPORATION; FOSS MARITIME
COMPANY, a Washington corporation; FOSTER
WHEELER USA CORPORATION; FRYER-
KNOWLES, INC., a Washington corporation;
GENERAL ELECTRIC COMPANY, a Delaware
corporation; HOPEMAN BROTHERS INC.;
INTERNATIONAL PAPER; LAKE UNION
DRYDOCK COMPANY, a Washington
corporation; LOCKHEED SHIPBUILDING CO.;
and TODD SHIPYARDS CORP.,

                 Defendants.

NO.

DEFENDANT LOCKHEED
SHIPBUILDING COMPANY'S NOTICE
OF REMOVAL OF ACTION UNDER 28
U.S.C. § 1442(a)(1)

King County Superior Court
Cause No. 10-2-32586-7 SEA

LOLA and MICHAEL BOUCHARD, wife and
husband,

                 Plaintiffs,

    v.

CSK AUTO, INC.; E&E LUMBER, INC., a

King County Superior Court
Cause No. 10-2-32587-5 SEA

APR866233.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE
OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  Washington corporation; GENERAL                          )
   REFRACTORIES COMPANY; GEORGIA-                           )
2  PACIFIC CORPORATION; HONEYWELL                           )
   INTERNATIONAL INC., as successor-in-interest             )
3  to BENDIX; J.T. THORPE & SON, INC.;                      )
   LONGVIEW FIBRE COMPANY, a Washington                     )
4  corporation; METALCLAD; METROPOLITAN                     )
   LIFE INSURANCE COMPANY; QUINTEC                          )
5  INDUSTRIES, INC.; RAPID-AMERICAN                         )
   CORPORATION; SABERHAGEN HOLDINGS,                        )
6  INC.; SAINT GOBAIN CONTAINERS INC.,                      )
   individually and as successor-in-interest to, SAINT      )
7  GOBAIN CONTAINERS INC., BALL GLASS                       )
   CONTAINER CORPORATION, BALL                              )
8  CORPORATION, INDIAN HEAD and                             )
   NORTHWESTERN GLASS COMPANY; SOCO                         )
9  WEST, INC., f/k/a BRENNTAG WEST; and                     )
   UNION CARBIDE CORPORATION,                               )
                                                            )
10                         Defendants.                      )
                                                            )
11 _____

12      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

13 WESTERN DISTRICT OF WASHINGTON:

14      PLEASE TAKE NOTICE that defendant Lockheed Shipbuilding Company ("Lockheed

15 Shipbuilding"), by and through its undersigned counsel of record, removes the above-entitled

16 consolidated action from the Superior Court of the State of Washington, in and for the County of

17 King, to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

18      This action is a civil action over which this Court has subject matter jurisdiction under

19 28 U.S.C. § 1331, as the action arises under the Constitution, laws, or treaties of the United

20 States within the meaning of 28 U.S.C. § 1331 by virtue of plaintiffs' attempt to adjudicate

21 claims with respect to persons acting under an officer of the United States pursuant to 28 U.S.C.

22 § 1442(a)(1).

23      The grounds for removal are as follows:

24      1.      On September 13, 2010, plaintiffs filed two separate civil actions in the Superior

25 Court of the State of Washington in and for the County of King, entitled *Bouchard v. CBS Corp.,*

26 *et al,* Case No. 10-2-32586-7 SEA, and *Bouchard v. CSK Auto, Inc., et al,* Case

APR866233.DOC:1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE
OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   No. 10-2-32587-5 SEA.  (André Decl., Exs. 1, 2.)  Plaintiffs sued Lockheed Shipbuilding in

2   *Bouchard v. CBS*, claiming that Lockheed Shipbuilding is liable for alleged asbestos-related

3   injuries to Lola Bouchard, on theories of negligence and premises liability and perhaps other

4   grounds. (André Decl., Ex. 1.)

5       2.    On or about November 5, 2010, defendant General Electric Company removed

6   *Bouchard v. CBS* to this court, where it was assigned Case No. 2:10-cv-01810 RAJ.  (André

7   Decl., Ex. 3.)  Plaintiffs later settled with General Electric Company, and the case was remanded

8   to state court on or about February 1, 2011. (André Decl., Ex. 4.)

9       3.    On February 28, 2011, the King County Superior Court ordered *Bouchard v. CBS*

10  and *Bouchard v. CSK* consolidated. (André Decl., Ex. 5.)

11      4.    Pursuant to 28 U.S.C. § 1446(b), the case as stated by the initial Complaint was

12  not removable because plaintiffs did not identify the particular circumstances of Lola Bouchard's

13  alleged exposure to asbestos from Lockheed Shipbuilding.  Although plaintiffs alleged that Lola

14  Bouchard's former husband, Ronald Berger, worked around asbestos-containing products at

15  Lockheed Shipbuilding, they did not identify any vessels upon which they allege that Mr. Berger

16  worked. (*See* André Decl., Ex. 1).

17      5.    Lockheed Shipbuilding did not have notice that the case was removable until

18  February 22, 2011, when plaintiffs' witness David Ludden testified at his deposition that he saw

19  Mr. Berger working on military ships at Lockheed Shipbuilding in 1976 and 1977.  (André

20  Decl., Ex. 6).  On February 24, 2011, another witness, Shannon Ludden, also testified that he

21  worked aboard U.S. Navy ships with Mr. Berger, though he could not remember at which

22  shipyard this occurred. (André Decl., Ex. 7.)

23      6.    Lockheed Shipbuilding is therefore filing this Notice of Removal within thirty

24  (30) days after receipt of "an amended pleading, motion, order or other paper from which it may

25  first be ascertained that the case is one which is or has become removable," as required by 28

26  U.S.C. § 1446(b):

APR866233.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE
OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1
2
A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

3
4
5
6
(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

7   The basis for the removal of this action is that it involves a person—Lockheed

8   Shipbuilding—that acted under the authority of officers of the United States or any agency

9   thereof, in this case, the United States Navy and Coast Guard, within the meaning of 28 U.S.C. §

10   1442(a)(1).  *Mesa v. California*, 489 U.S. 121, 124-25; 109 S. Ct. 959 (1989); *Pack v. AC&S,*

11   *Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993).

12       7.   In *Fung v. Abex Corp.*, 816 F. Supp. 569 (N.D. Cal. 1993), the court addressed the

13   propriety of the removal of a case involving the alleged exposure to asbestos while aboard

14   submarines manufactured by General Dynamics.  In denying plaintiffs' motion to remand, the

15   Court stated that, to satisfy removal under 28 U.S.C. § 1442(a), General Dynamics must show

16   that, in manufacturing submarines, it: "(1) acted under the direction of a federal officer, (2)

17   raised a federal defense to plaintiffs' claims, and (3) demonstrated a causal nexus between

18   plaintiffs' claims and the acts it performed under color of federal office." *Id.* at 571-72.

19       8.   In the present case, during the 1970s, the relevant time period, Lockheed

20   Shipbuilding was involved in the construction and maintenance of vessels for the U.S. Navy and

21   Coast Guard.  For the purposes of this removal, Lockheed Shipbuilding acknowledges having

22   constructed, converted or repaired vessels for the U.S. Navy and Coast Guard at its Seattle

23   facility.  However, such construction, conversion or repair was necessarily performed pursuant to

24   government contracts and specifications executed by an officer of the United States representing

25   the U.S. Navy and/or Coast Guard.

26

APR866233.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE
OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

9.      Lockheed Shipbuilding's construction, conversion or repair of vessels for the U.S. Navy and Coast Guard was performed pursuant to: (a) contracts that mandated adherence to comprehensive and detailed government-created specifications regarding, among other things, the use of asbestos-containing products, and (b) repair oversight by on-site representatives of the federal government. Therefore, under the terms of its contracts with the United States, Lockheed Shipbuilding's construction, conversion or repair of vessels for the federal government was necessarily performed under the authority and control of an officer of the United States. Thus, during all phases of Lockheed Shipbuilding's construction, conversion or repair of vessels for the federal government, pursuant to federal contracts and specifications, Lockheed Shipbuilding performed its work under the control and supervision of federal officers. (*See* André Decl., Ex. 4).

10.     Moreover, Lockheed Shipbuilding can and will assert a federal defense to this action. Its work was performed pursuant to contracts with, and under the supervision of, the United States government, and any recovery by plaintiff is barred by the judicially recognized doctrine of immunity conferred upon that contractual relationship and any occurrences arising therefrom, otherwise known as the government contractor defense. *Boyle v. United Technologies Corp.*, 487 U.S. 500, 509-11; 108 S. Ct. 2510 (1988); *Niemann v. McDowell Douglas Corp.*, 721 F. Supp. 1019, 1021-23 (S.D. Ill. 1989).

11.     Further, Lockheed Shipbuilding is entitled to the distinct federal defense of derivative sovereign immunity, which states that a private company like Lockheed Shipbuilding that contracts with the federal government to perform the duties of the government will not be held liable for its actions on behalf of the government. *See Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *see also City of Worcester v. HCA Management Co., Inc.*, 753 F. Supp. 31, 37 (D. Mass. 1990).

12.     Finally, because Lockheed Shipbuilding acted under color of a federal officer or agency in its construction, conversion or repair of any United States vessels on which Ronald

APR866233.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE
OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   Berger worked and from which plaintiff Lola Bouchard claims she was exposed to asbestos-

2   containing materials, removal of this civil action pursuant to 28 U.S.C. § 1442(a)(1) is proper.

3   *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006); *Williams v. Brooks*, 945 F.2d

4   1322, 1325 n.2 (5th Cir. 1991); *Ballenger v. AGCO Corp.*, 2007 U.S. Dist. LEXIS 47042

5   (June 22, 2007 N.D. Cal.).

6       13.     Should plaintiff file a motion to remand this case, Lockheed Shipbuilding

7   respectfully requests an opportunity to respond more fully in writing, including the submission of

8   affidavits and authorities.

9       14.     As Lockheed Shipbuilding was acting under an officer of the United States of

10   America pursuant to 28 U.S.C. § 1442(a)(1), Lockheed is not required to notify and obtain the

11   consent of any other defendant in this action in order to remove plaintiff's action as a whole

12   under 28 U.S.C. § 1442(a)(1).  *Ely Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d

13   1310, 1315 (9th Cir. 1981); *National Audubon Soc. v. Department of Water & Power*, 496 F.

14   Supp. 499, 509 (E.D. Cal. 1980).

15       15.     Written notice of the filing of this Notice of Removal will be given to plaintiff

16   and to the other defendants in this action, together with a copy of the Notice of Removal to

17   plaintiff and supporting papers with the Superior Court of Washington, County of King, as

18   required by 28 U.S.C. § 1446(d).

19       16.     Further, by separate notice, Lockheed Shipbuilding is requesting that this case be

20   added as a tag-along case to the Multi-District Litigation No. 875 (MDL-875) (*In re Asbestos

21   Cases*) in the U.S. District Court, Eastern District of Pennsylvania.

22       17.     Venue is proper in this Court because it is the "district and division embracing the

23   place where such action is pending." 28 U.S.C. § 1441(a).

24       18.     This Court is the District Court of the United States for the district and division

25   embracing the place where the state court action was filed and is, therefore, the appropriate court

26   for this removal.  28 U.S.C. § 1441(a).

APR866233.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE
OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1 WHEREFORE, Lockheed Shipbuilding hereby removes this action to this Court.

2 DATED this 16th day of March, 2011.

3        OGDEN MURPHY WALLACE, P.L.L.C.

4

5     By s/Robert G. André
       Robert G. André, WSBA #13072

6       1601 Fifth Avenue, Suite 2100
       Seattle, Washington 98101-1686

7       Tel: 206.447.7000/Fax: 206.447.0215
       Attorneys for Defendant

8       Lockheed Shipbuilding Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

{APR866233.DOC;1/12060.000025/ } {APR866233.DOC;1\12060.000025\ }
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE
OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8

LOLA and MICHAEL BOUCHARD, wife
and husband

                    Plaintiffs,

    v.

CBS CORPORATION f/k/a
WESTINGHOUSE ELECTRIC
CORPORATION;
FOSS MARITIME COMPANY, a
Washington corporation;
FOSTER WHEELER USA
CORPORATION;
FRYER-KNOWLES, INC., A
WASHINGTON CORPORATION;
GENERAL ELECTRIC COMPANY, a
Delaware corporation;
HOPEMAN BROTHERS INC.;
INTERNATIONAL PAPER;
LAKE UNION DRYDOCK COMPANY,
a Washington corporation;
LOCKHEED SHIPBUILDING CO.; and
TODD SHIPYARDS CORP.,

                    Defendants.

No.

SUPPLEMENTAL COMPLAINT FOR
PERSONAL INJURY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**FACTUAL BACKGROUND:**

23

    1.    Plaintiffs are Lola and Michael Bouchard, wife and husband.  Plaintiffs reside in

24

Everett, Washington.

25

    2.    For Plaintiff Lola Bouchard:

26

        A.    Date of Birth: November 7, 1959.

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 1
N:\ASBESTOS\Bouchard 18387\CBS et al\P\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

B.     Plaintiff Lola Bouchard was exposed to asbestos from asbestos dust and fibers brought home on her ex-husband Ronald Berger's work clothing when they were married from 1975 to 1979. During 1975, Mr. Berger worked as a floorboy at Northwestern Glass Company in Seattle, WA. From approximately 1976 to 1979, Mr. Berger was a shipscaler working out of the Shipscalers Union, Local 541 at local shipyards including Todd Shipyard, Lockheed Shipyard, Foss Shipyard and Lake Union Shipyard. Throughout Mrs. Bouchard's marriage to Mr. Berger, Mr. Berger also performed brake work on cars, both his own and those of friends and family. Mr. Berger purchased all of his brake materials at CSK Auto. During his employment and home brake work, he was exposed to asbestos and asbestos-containing products manufactured, sold, supplied, and/or installed by the defendants.

C.     Plaintiff Lola Bouchard was also exposed to asbestos from asbestos dust and fibers brought home on her father, Fred Carl Gerlach's clothes. Mr. Gerlach began building his family home in 1969. Plaintiff Lola Bouchard resided in this home during its construction, which included drywall and joint compound work. Additionally, during Plaintiff Lola Bouchard's childhood from 1960 until 1975, Mr. Gerlach worked at Northwestern Glass Company in Seattle, WA. Mr. Gerlach's work at Northwestern Glass Company included facility maintenance as a floorboy, machinery maintenance and operation as an oiler, operator, and working foreman. During his employment and home construction work, he was exposed to asbestos and asbestos-containing products manufactured, sold, supplied, and/or installed by defendants.

D.     Based on information and belief Plaintiff Lola Bouchard has been exposed to the asbestos-containing products of every named defendant in this lawsuit.

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 2
N:\ASBESTOS\Bouchard 18387\CBS et al\P\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

E.    As a result of the exposure, Plaintiff Lola Bouchard has developed an asbestos-related disease, mesothelioma.   The defendants' products and/or negligence proximately caused the development of the mesothelioma.  Plaintiff Lola Bouchard first learned in approximately April, 2010 that she had mesothelioma, caused by asbestos exposure.  Plaintiff has been treated for mesothelioma by Dr. James Congdon.

3.    Defendant CBS Corporation, successor by merger to Viacom, Inc., f/k/a Westinghouse Electric Corporation, is a Delaware corporation licensed to do business in the state of Washington.   Westinghouse Electric Corporation and/or its predecessor(s) was engaged in the manufacture, sale, distribution and/or supply of products that contained asbestos.

4.    Defendant Foss Maritime Company, is a Washington state corporation.  Foss Maritime Company was formerly known as Foss Launch & Tug Co. and is the owner of several vessels commonly known as tug boats.

5.    Defendant Fryer-Knowles, Inc., a Washington Corporation, used vinyl asbestos tile in marine decking installation throughout much of the Pacific Northwest.

6.    Defendant General Electric Company is a Delaware corporation, licensed to do business in the state of Washington.  General Electric was a manufacturer of engines that contained asbestos.

7.    Defendant Hopeman Brothers Inc. is a Virginia corporation licensed to do business in the state of Washington.  Hopeman Brothers Inc. and/or its predecessor(s) manufactured, distributed and installed asbestos-containing products.

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 3
N:\ASBESTOS\Bouchard 18367\CBS et al\Pl Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

8. Defendant International Paper is a New York corporation licensed to do business in the state of Washington. International Paper and/or its predecessor(s) manufactured and distributed asbestos-containing products.

9. Defendant Lake Union Drydock Company is a Washington corporation.

10. Defendant Lockheed Shipbuilding is a Nevada corporation licensed to do business in the State of Washington.

11. Defendant Todd Shipyards Corporation is a Delaware corporation licensed to do business in the state of Washington.

<u>LIABILITY AS TO CERTAIN DEFENDANTS</u>

12. Defendants Foss Maritime Company, Lake Union Drydock Company, Lockheed Shipbuilding, and Todd Shipyards Corporation, during the relevant periods of time, negligently failed to provide a safe place to work and were negligent towards plaintiff.

13. Defendants Foss Maritime Company, Lake Union Drydock Company, Lockheed Shipbuilding and Todd Shipyards Corporation, during relevant periods of time, negligently failed to take corrective action to eliminate a dangerous condition that the defendant knew or in the exercise of reasonable care should have known existed.

14. Defendants Foss Maritime Company, Lake Union Drydock Company, Lockheed Shipbuilding and Todd Shipyards Corporation, during relevant periods of time, negligently failed to provide sufficient and adequately trained personnel throughout its Shipyards and negligently failed to warn Ronald Berger or plaintiff of the hazards of asbestos.

15. In addition, because of the nature of the material, substances and/or operations involved at its Shipyards, during relevant periods of time, working there was an abnormally dangerous activity, with a high degree of risk for substantial harm. Plaintiff's injuries were

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

proximately caused by the abnormally dangerous nature of the work activities performed by Ronald Berger at these shipyards. Because the activities at its Shipyards were abnormally dangerous, defendant is strictly liable for the injuries to plaintiff.

## THEORIES OF LIABILITY

16.    Plaintiffs' claims are as set forth in Schroeter, Goldmark & Bender First Amended Style Complaint For Personal Injury and Wrongful Death No. 81-2-08703-5 filed November 10, 1994, in King County Superior Court.

17.    Plaintiffs' claims against each defendant are based *inter alia* on strict product liability pursuant to Restatement Second of Torts, Section 402A including both design defect and failure to provide warnings and also based on negligence.

## DAMAGES

18.    Plaintiffs have suffered the following damages:

    A.    Past and future medical expenses;

    B.    Loss of wage-earning capacity;

    C.    Past and future disability; pain and suffering, both physical and emotional; greatly increased risk of further disease; anxiety and fear of further disease and shortening of life expectancy; and interference with normal life, all resulting in general damages;

    D.    Interest from the date of injury;

    E.    Plaintiff Michael Bouchard has suffered and will suffer damages for loss of companionship, services and consortium;

    F.    Mrs. Bouchard's children have also suffered and will suffer damages for loss of love, care, and companionship; and

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY - 5
N:\ASBESTOS\Bouchard 18347\CBS et al\P\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1    G.    The aforementioned damages sought from each of the above-named

2    defendants are in an amount to be proved at trial.

3

4    DATED this 15ᵗʰ day of September, 2010.

5                                    SCHROETER, GOLDMARK & BENDER

6

7                                    JANET L. RICE, WSBA #9386
                                     Counsel for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUPPLEMENTAL COMPLAINT FOR PERSONAL            SCHROETER GOLDMARK & BENDER
INJURY – 6                                     500 Central Building • 810 Third Avenue • Seattle, WA 98104
N:\ASBESTOS\Bouchard 18387\CBS et al\Complaint - shipyard.docx   Phone (206) 622-8000 • Fax (206) 682-2305

1

2

3

4

5

6                   IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                            IN AND FOR THE COUNTY OF KING
7

8    LOLA and MICHAEL BOUCHARD, wife        No. 10-2-32587-5 SEA
     and husband
9                              Plaintiffs,   SUPPLEMENTAL COMPLAINT FOR
                                             PERSONAL INJURY
10
           v.
11
     CSK AUTO, INC.;
12   E&E LUMBER, INC., a Washington
     corporation;
13   GENERAL REFRACTORIES
     COMPANY;
14   GEORGIA-PACIFIC CORPORATION;
     HONEYWELL INTERNATIONAL
15   INC., as successor-in-interest to BENDIX;
     J.T. THORPE & SON, INC.;
16   LONGVIEW FIBRE COMPANY, a
     Washington corporation;
17   METALCLAD;
     METROPOLITAN LIFE INSURANCE
18   COMPANY;
     QUINTEC INDUSTRIES, INC.;
19   RAPID-AMERICAN CORPORATION;
     SABERHAGEN HOLDINGS, INC.;
20   SAINT GOBAIN CONTAINERS INC.,
     individually and as successor-in-interest to,
21   SAINT GOBAIN CONTAINER, INC.,
     BALL GLASS CONTAINER
22   CORPORATION, BALL CORPORATION,
     INDIAN HEAD and NORTHWESTERN
23   GLASS COMPANY;
     SOCO WEST, INC., f/k/a BRENNTAG
24   WEST; and
     UNION CARBIDE CORPORATION
25
26                             Defendants.

SUPPLEMENTAL COMPLAINT FOR PERSONAL              SCHROETER GOLDMARK & BENDER
INJURY – 1                                       500 Central Building • 810 Third Avenue • Seattle, WA 98104
N:\ASBESTOS\Bouchard 16387\CSK Auto et al\Complaint - nonshipyard.docx    Phone (206) 622-8000 • Fax (206) 682-2305

<u>FACTUAL BACKGROUND:</u>

1.    Plaintiffs are Lola and Michael Bouchard, wife and husband.  Plaintiffs reside in Everett, Washington.

2.    For Plaintiff Lola Bouchard:

    A.    Date of Birth: November 7, 1959.

    B.    Plaintiff Lola Bouchard was exposed to asbestos from asbestos dust and fibers brought home on her ex-husband Ronald Berger's work clothing when they were married from 1975 to 1979.  During 1975, Mr. Berger worked as a floorboy at Northwestern Glass Company in Seattle, WA.  From approximately 1976 to 1979, Mr. Berger was a shipscaler working out of the Shipscalers Union, Local 541 at local shipyards including Todd Shipyard, Lockheed Shipyard, Foss Shipyard and Lake Union Shipyard.  Throughout Mrs. Bouchard's marriage to Mr. Berger, Mr. Berger also performed brake work on cars, both his own and those of friends and family.  Mr. Berger purchased all of his brake materials at CSK Auto.  During his employment and home brake work, he was exposed to asbestos and asbestos-containing products manufactured, sold, supplied, and/or installed by the defendants.

    C.    Plaintiff Lola Bouchard was also exposed to asbestos from asbestos dust and fibers brought home on her father, Fred Carl Gerlach's clothes.  Mr. Gerlach began building his family home in 1969.  Plaintiff Lola Bouchard resided in this home during its construction, which included drywall and joint compound work.  Additionally, during Plaintiff Lola Bouchard's childhood from 1960 until 1975, Mr. Gerlach worked at Northwestern Glass Company in Seattle, WA.  Mr. Gerlach's work at Northwestern Glass Company included facility maintenance as a floorboy, machinery maintenance and operation as an oiler, operator, and working foreman.  During his employment and home construction work, he was exposed to

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 2
N:\ASBESTOS\Bouchard 18387\CSK Auto et al\Complaint - noshipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1  asbestos and asbestos-containing products manufactured, sold, supplied, and/or installed by

2  defendants.

3          D.      Based on information and belief Plaintiff Lola Bouchard has been

4  exposed to the asbestos-containing products of every named defendant in this lawsuit, except

5  Metropolitan Life Insurance Company.

6          E.      As a result of the exposure, Plaintiff Lola Bouchard has developed an

7  asbestos-related disease, mesothelioma.   The defendants' products and/or their negligence

8  proximately caused the development of the mesothelioma.  Plaintiff Lola Bouchard first learned

9  in approximately April, 2010 that she had mesothelioma, caused by asbestos exposure.  Plaintiff

10 has been treated for mesothelioma by Dr. James Congdon.

11

12         3.      Defendant CSK Auto, Inc., is an Arizona corporation licensed to do business

13 in the state of Washington.   CSK Auto, Inc., and/or its predecessor(s) was an auto parts

14 retailer engaged in the manufacture, sale, distribution and/or supply of products that

15 contained asbestos.

16         4.      Defendant E&E Lumber, Inc. is a Washington state corporation.   E&E

17 Lumber, Inc., and/or its predecessor(s) sold and distributed asbestos-containing materials to

18 individuals, contractors and sub-contractors.

19         5.      Defendant General Refractories Company is a Pennsylvania corporation.

20 General Refractories Company and/or its predecessor(s) was engaged in the manufacture,

21 sale, distribution and/or supply of products that contained asbestos.

22

23         6.      Defendant Georgia-Pacific Corp. is a Georgia corporation licensed to do

24 business in the state of Washington.   Georgia-Pacific Corp. manufactured asbestos-

25

26

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 3
N:\ASBESTOS\Bouchard H387\CSK Auto et al\Complaint – mesoblyyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1  containing materials and distributed these products to numerous contractors and sub-

2  contractors in Washington.

3    7.    Defendant Honeywell International Inc., as successor-in-interest to Bendix is

4  a Delaware corporation. Honeywell International Inc. and/or its predecessor(s) manufactured

5  and/or distributed asbestos-containing automotive brake and clutch products.

6    8.    Defendant J.T. Thorpe & Son, Inc. is a California corporation licensed to do

7  business in the state of Washington. J.T. Thorpe & Son, Inc. and/or its predecessor(s)

8  supplied and installed refractory materials, which contained asbestos, at Northwestern Glass

9  

10  Company in Seattle, WA.

11    9.    Defendant Longview Fibre Company is a Washington State corporation.

12  Longview Fibre Company was engaged in the manufacture, sale, distribution and/or supply

13  of products that contained asbestos.

14    10.    Defendant Metalclad is a California corporation, licensed to do business in the

15  state of Washington. Metalclad and/or its predecessor(s) supplied and installed insulation

16  

17  materials, which contained asbestos.

18    11.    Defendant Metropolitan Life Insurance Company was involved in actions to

19  prevent the dissemination of accurate information to the public concerning the hazards of

20  asbestos dust and to cause false or misleading information about the health effects of asbestos to

21  be published. Metropolitan Life Insurance Company acted in concert with and aided and

22  

23  abetted the defendants and other manufacturers of asbestos-containing products in wrongful

24  conduct which was a cause of harm to Plaintiff.

25  

26  

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 4
N:\ASBESTOS\Bouchard 18387\CSK Auto et al\PlComplaint - nonshipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

12.     Defendant Quintec Industries, Inc. is a California corporation.   Quintec Industries, Inc. and/or its predecessor(s) supplied and installed insulation materials, which contained asbestos.

13.     Defendant Rapid-American Corporation is a Delaware corporation.   Rapid-American Corporation and/or its predecessor(s) supplied and installed insulation materials, which contained asbestos.

14.     Defendant Saint Gobain Containers Inc., individually and as successor-in-interest to, Saint Gobain Container, Inc., Ball Glass Container Corporation, Ball Corporation, Indian Head and Northwestern Glass Company is a Delaware corporation licensed to do business in the state of Washington.  Saint Gobain Containers Inc., and/or its predecessor(s), during the relevant periods of time, negligently failed to provide a safe place to work and were negligent towards plaintiff.

15.     Defendant Soco West, Inc., f/k/a Brenntag West is a Delaware corporation. Soco West, Inc., f/k/a Brenntag West and/or its predecessor(s) was engaged in the manufacture, sale, distribution and/or supply of asbestos-containing products.

16.     Defendant Union Carbide Corporation is a New York corporation licensed to do business in the state of Washington.  Union Carbide was engaged in the sale, distribution, and manufacture of raw asbestos fiber used in the manufacture of various hazardous asbestos-containing products as well as the manufacture, supply, and distribution of hazardous asbestos-containing products.

THEORIES OF LIABILITY

SUPPLEMENTAL COMPLAINT FOR PERSONAL INJURY – 5
N:\ASBESTOS\Bouchard 18387\CSK Auto et al\Complaint - nonshipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

17.   Plaintiffs' claims are as set forth in Schroeter, Goldmark & Bender First Amended Style Complaint For Personal Injury and Wrongful Death No. 81-2-08703-5 filed November 10, 1994, in King County Superior Court.

18.   Plaintiffs' claims against each defendant are based *inter alia* on strict product liability pursuant to Restatement Second of Torts, Section 402A including both design defect and failure to provide warnings and also based on negligence.

<u>DAMAGES</u>

19.   Plaintiffs have suffered the following damages:

A.   Past and future medical expenses;

B.   Loss of wage-earning capacity;

C.   Past and future disability; pain and suffering, both physical and emotional; greatly increased risk of further disease; anxiety and fear of further disease and shortening of life expectancy; and interference with normal life, all resulting in general damages;

D.   Interest from the date of injury;

E.   Plaintiff Michael Bouchard has suffered and will suffer damages for loss of companionship, services and consortium;

F.   Mrs. Bouchard's children have also suffered and will suffer damages for loss of love, care, and companionship; and

G.   The aforementioned damages sought from each of the above-named defendants are in an amount to be proved at trial.

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 6
N:\ASBESTOS\Bouchard 18387\CSK Aetn et al\P\Complaint - soneshipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1    DATED this _13th_ day of September, 2010.

2                                    SCHROETER, GOLDMARK & BENDER

3

4                                    JANET L. RICE, WSBA #9386
                                     Counsel for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 7
N:\ASBESTOS\Bourland 18387\CSX Auto et al\P\Complaint - nonshipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

**CERTIFICATE OF SERVICE**

I certify under the laws of the United States of America that on the 16th day of March 2011 I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF System and served counsel below by the method indicated:

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington 98104<br>**Attorney for Plaintiffs** | [ ]  U.S. Mail<br>[ X ] Messenger<br>[ ]  Email<br>[ ]  CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington 98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [ ]  U.S. Mail<br>[ ]  Messenger<br>[ X ] Email<br>[ ]  CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington 98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation, Hopeman Brothers, Inc.** | [ ]  U.S. Mail<br>[ ]  Messenger<br>[ X ] Email<br>[ ]  CM/ECF |
| Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington 98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [ ]  U.S. Mail<br>[ ]  Messenger<br>[ X ] Email<br>[ ]  CM/ECF |

APR866233.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE
OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 8

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | |
|---|---|
| 1 | Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| 5 | Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington 98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| 10 | Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington 98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| 15 | Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington 98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| 22 | Steven V. Rizzo<br>Rizzo Mattingly Bosworth<br>411 Southwest 2nd Avenue<br>Suite 200<br>Portland, Oregon 97204<br>srizzo@rizzopc.com<br>recordsmanagement@rizzopc.com<br>**Attorneys for International Paper Company** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |

APR866233.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE
OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 9

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| Katherine Steele<br>Katrina Mulligan<br>Stafford Frey<br>601 Union Street<br>Suite 3100<br>Seattle, Washington  98101<br>ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com<br>**Attorneys for J.T. Thorpe & Son, Inc., Metalclad Insulation Corp.** | [  ] U.S. Mail<br>[  ] Messenger<br>[ X ] Email<br>[  ] CM/ECF | |
| Timothy Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington  98104-7010<br>thorson@carneylaw.com<br>berman@carneylaw.com<br>**Attorneys for Saberhagen Holdings, Inc.** | [  ] U.S. Mail<br>[  ] Messenger<br>[ X ] Email<br>[  ] CM/ECF | |
| Matthew Turetsky<br>Schwabe Williamson & Wyatt<br>1420 Fifth Avenue<br>Suite 3010<br>Seattle, Washington  98101<br>mturetsky@schwabe.com<br>**Attorneys for General Refractories Co.** | [  ] U.S. Mail<br>[  ] Messenger<br>[ X ] Email<br>[  ] CM/ECF | |

DATED this 16ᵗʰ day of March 2011.

s/Robert G. André, WSBA#13072
Robert G. André

APR866233.DOC;1\12060.00025\

**DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 10**

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  LOLA and MICHAEL BOUCHARD, wife and
husband,                                              )   NO.
                                                      )
11                          Plaintiffs,               )   DECLARATION OF ROBERT G.
                                                      )   ANDRÉ IN SUPPORT OF REMOVAL
12           v.                                       )   OF ACTION UNDER 28 U.S.C. §
                                                      )   1442(A)(1)
13  CBS CORPORATION, et al.,                          )
                                                      )
14                          Defendants.               )   King County Superior Court
                                                      )   Cause No. 10-2-32586-7 SEA
15                                                    )
                                                      )
16  LOLA and MICHAEL BOUCHARD, wife and
husband,                                              )
                                                      )   King County Superior Court
17                          Plaintiffs,               )   Cause No. 10-2-32587-5 SEA
                                                      )
18           v.                                       )
                                                      )
19  CSK AUTO, INC., et al,                            )
                                                      )
20                          Defendants.               )
                                                      )
21                                                    )

22           I, ROBERT G. ANDRÉ, declare under penalty of perjury under the laws of the state of

23  Washington as follows:

24           1.      I am over the age of eighteen (18) and am competent to testify to the matters

25  herein based on my personal knowledge.

26           2.      I am one of the attorneys representing defendant Lockheed Shipbuilding

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    Company in the above-referenced case and I make this declaration in that capacity.

2         3.       Attached hereto and incorporated by reference are true and correct copies of the

3    following documents:

4         Exhibit 1      Supplemental Complaint for Personal Injury, filed in *Bouchard v. CBS*

5                        *Corporation, et al*, King County Superior Court Cause No. 10-2-32586-7

6                        SEA, on or about September 13, 2010;

7         Exhibit 2      Supplemental Complaint for Personal Injury, filed in *Bouchard v. CSK Auto,*

8                        *et al*, King County Superior Court Cause No. 10-2-32587-5 SEA, on or

9                        about September 13, 2010;

10        Exhibit 3      General Electric Company's Notice of Removal from State Court, filed in

11                       this Court in *Bouchard v. CBS Corporation, et al.*, on or about November 5,

12                       2010;

13        Exhibit 4      Letter from this Court to King County Superior Court, remanding *Bouchard*

14                       *v. CBS Corporation, et al.* on or about February 1, 2011;

15        Exhibit 5      Order Granting Plaintiffs' Motion for Consolidation, entered in *Bouchard v.*

16                       *CBS Corporation, et al.* and *Bouchard v. CSK Auto, et al.*, on February 28,

17                       2011;

18        Exhibit 6      Excerpts from the Deposition upon Oral Examination of David Ludden,

19                       taken February 22, 2011;

20        Exhibit 7      Excerpts from Deposition upon Oral Examination of Shannon Ludden,
                         taken February 24, 2011;

21
          Exhibit 8      Declaration of Ret. Admiral Roger B. Horne in Support of Lockheed
22                       Shipbuilding Company's Removal Action in this case;

23        Exhibit 9      Defendant   Lockheed   Shipbuilding   Company's   Corporate   Disclosure
                         Statement;
24
          Exhibit 10     Defendant Lockheed Shipbuilding Company's Notice of Removal to
25                       Federal Court, which will be filed in King County Superior Court on or

26                       about the date of filing of this notice of removal herein; and

APR866577.DOC;1\12060.000025\
DECLARATION OF ROBERT G. ANDRÉ IN SUPPORT OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

Exhibit 11   Defendant Lockheed Shipbuilding Company's Notice of Tag-Along Action, which will be filed with the Judicial Panel on Multidistrict Litigation on or about the date of filing of this removal action.

EXECUTED this 16th day of March, 2011 at Seattle, Washington.

s/Robert G. André
Robert G. André

DECLARATION OF ROBERT G. ANDRÉ IN SUPPORT OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

## CERTIFICATE OF SERVICE

2

I certify under the laws of the United States of America that on the 16th day of March 2011 I

3

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court
using the CM/ECF System and served counsel below by the method indicated:

4

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington  98104<br>**Attorney for Plaintiffs** | [  ]   U.S. Mail<br>[ X ]   Messenger<br>[  ]   Email<br>[  ]   CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington  98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington  98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation,<br>Hopeman Brothers, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |
| Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington  98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

APR866577.DOC;1\12060.000025\

DECLARATION OF ROBERT G. ANDRÉ IN SUPPORT OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| 1 | Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington 98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington 98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington 98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | Steven V. Rizzo<br>Rizzo Mattingly Bosworth<br>411 Southwest 2nd Avenue<br>Suite 200<br>Portland, Oregon 97204<br>srizzo@rizzopc.com<br>recordsmanagement@rizzopc.com<br>**Attorneys for International Paper Company** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

DECLARATION OF ROBERT G. ANDRÉ IN SUPPORT OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| 1 | Katherine Steele | [ ]   U.S. Mail |
| | Katrina Mulligan | [ ]   Messenger |
| 2 | Stafford Frey | [ X ]   Email |
| | 601 Union Street | [ ]   CM/ECF |
| 3 | Suite 3100 | |
| 4 | Seattle, Washington 98101 | |
| | ksteele@staffordfrey.com | |
| 5 | kmulligan@staffordfrey.com | |
| | **Attorneys for J.T. Thorpe & Son, Inc., Metalclad** | |
| 6 | **Insulation Corp.** | |
| 7 | Timothy Thorson | [ ]   U.S. Mail |
| | Carney Badley Smith & Spellman | [ ]   Messenger |
| 8 | 701 Fifth Avenue | [ X ]   Email |
| 9 | Suite 3600 | [ ]   CM/ECF |
| | Seattle, Washington 98104-7010 | |
| 10 | thorson@carneylaw.com | |
| 11 | berman@carneylaw.com | |
| | **Attorneys for Saberhagen Holdings, Inc.** | |
| 12 | | |
| 13 | Matthew Turetsky | [ ]   U.S. Mail |
| | Schwabe Williamson & Wyatt | [ ]   Messenger |
| 14 | 1420 Fifth Avenue | [ X ]   Email |
| | Suite 3010 | [ ]   CM/ECF |
| 15 | Seattle, Washington 98101 | |
| | mturetsky@schwabe.com | |
| 16 | **Attorneys for General Refractories Co.** | |

17

DATED this 16th day of March 2011.

18

19                    s/Robert G. André, WSBA#13072

20                         Robert G. André

21

22

23

24

25

26

APR866577.DOC:\1\12060.000025\
DECLARATION OF ROBERT G. ANDRÉ IN SUPPORT OF
REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)(1) - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

# EXHIBIT 1

1
2
3
4
5
6          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
7               IN AND FOR THE COUNTY OF KING

8   LOLA and MICHAEL BOUCHARD, wife
    and husband                              No.
9                              Plaintiffs,
                                             SUPPLEMENTAL COMPLAINT FOR
10          v.                               PERSONAL INJURY

11  CBS CORPORATION f/k/a
    WESTINGHOUSE ELECTRIC
12  CORPORATION;
    FOSS MARITIME COMPANY, a
13  Washington corporation;
    FOSTER WHEELER USA
14  CORPORATION;
    FRYER-KNOWLES, INC., A
15  WASHINGTON CORPORATION;
    GENERAL ELECTRIC COMPANY, a
16  Delaware corporation;
    HOPEMAN BROTHERS INC.;
17  INTERNATIONAL PAPER;
    LAKE UNION DRYDOCK COMPANY,
18  a Washington corporation;
    LOCKHEED SHIPBUILDING CO.; and
19  TODD SHIPYARDS CORP.,
20
21                             Defendants.

22                    FACTUAL BACKGROUND:

23      1.      Plaintiffs are Lola and Michael Bouchard, wife and husband.  Plaintiffs reside in
24  Everett, Washington.
25      2.      For Plaintiff Lola Bouchard:
26
        A.      Date of Birth: November 7, 1959.

SUPPLEMENTAL COMPLAINT FOR PERSONAL          SCHROETER GOLDMARK & BENDER
INJURY – 1                                   500 Central Building • 810 Third Avenue • Seattle, WA 98104
N:\ASBESTOS\Bouchard 18387\CBS et al\P\Complaint - shipyard.docx      Phone (206) 622-8000 • Fax (206) 682-2305

B.      Plaintiff Lola Bouchard was exposed to asbestos from asbestos dust and fibers brought home on her ex-husband Ronald Berger's work clothing when they were married from 1975 to 1979.  During 1975, Mr. Berger worked as a floorboy at Northwestern Glass Company in Seattle, WA.  From approximately 1976 to 1979, Mr. Berger was a shipscaler working out of the Shipscalers Union, Local 541 at local shipyards including Todd Shipyard, Lockheed Shipyard, Foss Shipyard and Lake Union Shipyard.  Throughout Mrs. Bouchard's marriage to Mr. Berger, Mr. Berger also performed brake work on cars, both his own and those of friends and family.  Mr. Berger purchased all of his brake materials at CSK Auto.  During his employment and home brake work, he was exposed to asbestos and asbestos-containing products manufactured, sold, supplied, and/or installed by the defendants.

C.      Plaintiff Lola Bouchard was also exposed to asbestos from asbestos dust and fibers brought home on her father, Fred Carl Gerlach's clothes.  Mr. Gerlach began building his family home in 1969.  Plaintiff Lola Bouchard resided in this home during its construction, which included drywall and joint compound work.  Additionally, during Plaintiff Lola Bouchard's childhood from 1960 until 1975, Mr. Gerlach worked at Northwestern Glass Company in Seattle, WA.  Mr. Gerlach's work at Northwestern Glass Company included facility maintenance as a floorboy, machinery maintenance and operation as an oiler, operator, and working foreman.  During his employment and home construction work, he was exposed to asbestos and asbestos-containing products manufactured, sold, supplied, and/or installed by defendants.

D.      Based on information and belief Plaintiff Lola Bouchard has been exposed to the asbestos-containing products of every named defendant in this lawsuit.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

E.     As a result of the exposure, Plaintiff Lola Bouchard has developed an asbestos-related disease, mesothelioma.   The defendants' products and/or negligence proximately caused the development of the mesothelioma.  Plaintiff Lola Bouchard first learned in approximately April, 2010 that she had mesothelioma, caused by asbestos exposure.  Plaintiff has been treated for mesothelioma by Dr. James Congdon.

3.     Defendant CBS Corporation, successor by merger to Viacom, Inc., f/k/a Westinghouse Electric Corporation, is a Delaware corporation licensed to do business in the state of Washington.   Westinghouse Electric Corporation and/or its predecessor(s) was engaged in the manufacture, sale, distribution and/or supply of products that contained asbestos.

4.     Defendant Foss Maritime Company, is a Washington state corporation.  Foss Maritime Company was formerly known as Foss Launch & Tug Co. and is the owner of several vessels commonly known as tug boats.

5.     Defendant Fryer-Knowles, Inc., a Washington Corporation, used vinyl asbestos tile in marine decking installation throughout much of the Pacific Northwest.

6.     Defendant General Electric Company is a Delaware corporation, licensed to do business in the state of Washington.  General Electric was a manufacturer of engines that contained asbestos.

7.     Defendant Hopeman Brothers Inc. is a Virginia corporation licensed to do business in the state of Washington.   Hopeman Brothers Inc. and/or its predecessor(s) manufactured, distributed and installed asbestos-containing products.

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 3
N:\ASBESTOS\Bouchard 18267\CBS et al\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

8.     Defendant International Paper is a New York corporation licensed to do business in the state of Washington.   International Paper and/or its predecessor(s) manufactured and distributed asbestos-containing products.

9.     Defendant Lake Union Drydock Company is a Washington corporation.

10.     Defendant Lockheed Shipbuilding is a Nevada corporation licensed to do business in the State of Washington.

11.     Defendant Todd Shipyards Corporation is a Delaware corporation licensed to do business in the state of Washington.

## LIABILITY AS TO CERTAIN DEFENDANTS

12.     Defendants Foss Maritime Company, Lake Union Drydock Company, Lockheed Shipbuilding, and Todd Shipyards Corporation, during the relevant periods of time, negligently failed to provide a safe place to work and were negligent towards plaintiff.

13.     Defendants Foss Maritime Company, Lake Union Drydock Company, Lockheed Shipbuilding and Todd Shipyards Corporation, during relevant periods of time, negligently failed to take corrective action to eliminate a dangerous condition that the defendant knew or in the exercise of reasonable care should have known existed.

14.     Defendants Foss Maritime Company, Lake Union Drydock Company, Lockheed Shipbuilding and Todd Shipyards Corporation, during relevant periods of time, negligently failed to provide sufficient and adequately trained personnel throughout its Shipyards and negligently failed to warn Ronald Berger or plaintiff of the hazards of asbestos.

15.     In addition, because of the nature of the material, substances and/or operations involved at its Shipyards, during relevant periods of time, working there was an abnormally dangerous activity, with a high degree of risk for substantial harm.   Plaintiff 's injuries were

SUPPLEMENTAL COMPLAINT FOR PERSONAL INJURY -- 4
N:\ASBESTOS\Bouchard 18387\CBS et al\P\Complaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1  proximately caused by the abnormally dangerous nature of the work activities performed by

2  Ronald Berger at these shipyards.  Because the activities at its Shipyards were abnormally

3  dangerous, defendant is strictly liable for the injuries to plaintiff.

### THEORIES OF LIABILITY

5      16.    Plaintiffs' claims are as set forth in Schroeter, Goldmark & Bender First

7  Amended Style Complaint For Personal Injury and Wrongful Death No. 81-2-08703-5 filed

8  November 10, 1994, in King County Superior Court.

9      17.    Plaintiffs' claims against each defendant are based *inter alia* on strict product

10  liability pursuant to Restatement Second of Torts, Section 402A including both design defect

11  and failure to provide warnings and also based on negligence.

### DAMAGES

13      18.    Plaintiffs have suffered the following damages:

15          A.    Past and future medical expenses;

16          B.    Loss of wage-earning capacity;

17          C.    Past and future disability; pain and suffering, both physical and

18  emotional; greatly increased risk of further disease; anxiety and fear of further disease and

19  shortening of life expectancy; and interference with normal life, all resulting in general

20  damages;

22          D.    Interest from the date of injury;

23          E.    Plaintiff Michael Bouchard has suffered and will suffer damages for

24  loss of companionship, services and consortium;

25          F.    Mrs. Bouchard's children have also suffered and will suffer damages

26  for loss of love, care, and companionship; and

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 5
N:\ASBESTOS\Bouchard 18387\CDS et al\PComplaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1         G.    The aforementioned damages sought from each of the above-named

2   defendants are in an amount to be proved at trial.

3

4         DATED this _13ᵗ__ day of September, 2010.

5                              SCHROETER, GOLDMARK & BENDER

6

7                              JANET L. RICE, WSBA #9386

8                              Counsel for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 6
N:\ASBESTOS\Bouchard 18387\CBS et al\NMComplaint - shipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

# EXHIBIT 2

1

2

3

4

5

6             IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                        IN AND FOR THE COUNTY OF KING
7

8   LOLA and MICHAEL BOUCHARD, wife        No. 10-2-32587-5 SEA
    and husband
9                            Plaintiffs,    SUPPLEMENTAL COMPLAINT FOR
                                            PERSONAL INJURY
10            v.

11  CSK AUTO, INC.;
    E&E LUMBER, INC., a Washington
12  corporation;
    GENERAL REFRACTORIES
13  COMPANY;
    GEORGIA-PACIFIC CORPORATION;
14  HONEYWELL INTERNATIONAL
    INC., as successor-in-interest to BENDIX;
15  J.T. THORPE & SON, INC.;
    LONGVIEW FIBRE COMPANY, a
16  Washington corporation;
    METALCLAD;
17  METROPOLITAN LIFE INSURANCE
    COMPANY;
18  QUINTEC INDUSTRIES, INC.;
    RAPID-AMERICAN CORPORATION;
19  SABERHAGEN HOLDINGS, INC.;
    SAINT GOBAIN CONTAINERS INC.,
20  individually and as successor-in-interest to,
    SAINT GOBAIN CONTAINER, INC.,
21  BALL GLASS CONTAINER
    CORPORATION, BALL CORPORATION,
22  INDIAN HEAD and NORTHWESTERN
    GLASS COMPANY;
23  SOCO WEST, INC., f/k/a BRENNTAG
    WEST; and
24  UNION CARBIDE CORPORATION
25
26                           Defendants.

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 1
N:\ASBESTOS\Bouchard 18387\CSK Auto et al\Complaint - nonshipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## FACTUAL BACKGROUND:

1. Plaintiffs are Lola and Michael Bouchard, wife and husband. Plaintiffs reside in Everett, Washington.

2. For Plaintiff Lola Bouchard:

    A. Date of Birth: November 7, 1959.

    B. Plaintiff Lola Bouchard was exposed to asbestos from asbestos dust and fibers brought home on her ex-husband Ronald Berger's work clothing when they were married from 1975 to 1979. During 1975, Mr. Berger worked as a floorboy at Northwestern Glass Company in Seattle, WA. From approximately 1976 to 1979, Mr. Berger was a shipscaler working out of the Shipscalers Union, Local 541 at local shipyards including Todd Shipyard, Lockheed Shipyard, Foss Shipyard and Lake Union Shipyard. Throughout Mrs. Bouchard's marriage to Mr. Berger, Mr. Berger also performed brake work on cars, both his own and those of friends and family. Mr. Berger purchased all of his brake materials at CSK Auto. During his employment and home brake work, he was exposed to asbestos and asbestos-containing products manufactured, sold, supplied, and/or installed by the defendants.

    C. Plaintiff Lola Bouchard was also exposed to asbestos from asbestos dust and fibers brought home on her father, Fred Carl Gerlach's clothes. Mr. Gerlach began building his family home in 1969. Plaintiff Lola Bouchard resided in this home during its construction, which included drywall and joint compound work. Additionally, during Plaintiff Lola Bouchard's childhood from 1960 until 1975, Mr. Gerlach worked at Northwestern Glass Company in Seattle, WA. Mr. Gerlach's work at Northwestern Glass Company included facility maintenance as a floorboy, machinery maintenance and operation as an oiler, operator, and working foreman. During his employment and home construction work, he was exposed to

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 2
N:\ASBESTOS\Bouchard 18287\CSK Auto et al\Complaint - noeshipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1  asbestos and asbestos-containing products manufactured, sold, supplied, and/or installed by

2  defendants.

3         D.      Based on information and belief Plaintiff Lola Bouchard has been

4  exposed to the asbestos-containing products of every named defendant in this lawsuit, except

5  Metropolitan Life Insurance Company.

6         E.      As a result of the exposure, Plaintiff Lola Bouchard has developed an

7  asbestos-related disease, mesothelioma.  The defendants' products and/or their negligence

8

9  proximately caused the development of the mesothelioma.  Plaintiff Lola Bouchard first learned

10  in approximately April, 2010 that she had mesothelioma, caused by asbestos exposure.  Plaintiff

11  has been treated for mesothelioma by Dr. James Congdon.

12        3.      Defendant CSK Auto, Inc., is an Arizona corporation licensed to do business

13  in the state of Washington.  CSK Auto, Inc., and/or its predecessor(s) was an auto parts

14  retailer engaged in the manufacture, sale, distribution and/or supply of products that

15

16  contained asbestos.

17        4.      Defendant E&E Lumber, Inc. is a Washington state corporation.  E&E

18  Lumber, Inc., and/or its predecessor(s) sold and distributed asbestos-containing materials to

19  individuals, contractors and sub-contractors.

20        5.      Defendant General Refractories Company is a Pennsylvania corporation.

21  General Refractories Company and/or its predecessor(s) was engaged in the manufacture,

22

23  sale, distribution and/or supply of products that contained asbestos.

24        6.      Defendant Georgia-Pacific Corp. is a Georgia corporation licensed to do

25  business in the state of Washington.  Georgia-Pacific Corp. manufactured asbestos-

26

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 3
N:\ASBESTOS\Bouchard 10387\CSK Auto et al\\Complaint - nsnshlpyxrd.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1   containing materials and distributed these products to numerous contractors and sub-

2   contractors in Washington.

3       7.      Defendant Honeywell International Inc., as successor-in-interest to Bendix is

4   a Delaware corporation. Honeywell International Inc. and/or its predecessor(s) manufactured

5   and/or distributed asbestos-containing automotive brake and clutch products.

6       8.      Defendant J.T. Thorpe & Son, Inc. is a California corporation licensed to do

7   business in the state of Washington. J.T. Thorpe & Son, Inc. and/or its predecessor(s)

8   supplied and installed refractory materials, which contained asbestos, at Northwestern Glass

9   Company in Seattle, WA.

10      9.      Defendant Longview Fibre Company is a Washington State corporation.

11  Longview Fibre Company was engaged in the manufacture, sale, distribution and/or supply

12  of products that contained asbestos.

13      10.     Defendant Metalclad is a California corporation, licensed to do business in the

14  state of Washington. Metalclad and/or its predecessor(s) supplied and installed insulation

15  materials, which contained asbestos.

16      11.     Defendant Metropolitan Life Insurance Company was involved in actions to

17  prevent the dissemination of accurate information to the public concerning the hazards of

18  asbestos dust and to cause false or misleading information about the health effects of asbestos to

19  be published. Metropolitan Life Insurance Company acted in concert with and aided and

20  abetted the defendants and other manufacturers of asbestos-containing products in wrongful

21  conduct which was a cause of harm to Plaintiff.

22

23

24

25

26

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 4
N:\ASBESTOS\Bouchard 18347\CSK Auto et al\P\Complaint – nonshipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

12.    Defendant Quintec Industries, Inc. is a California corporation.   Quintec Industries, Inc. and/or its predecessor(s) supplied and installed insulation materials, which contained asbestos.

13.    Defendant Rapid-American Corporation is a Delaware corporation.  Rapid-American Corporation and/or its predecessor(s) supplied and installed insulation materials, which contained asbestos.

14.    Defendant Saint Gobain Containers Inc., individually and as successor-in-interest to, Saint Gobain Container, Inc., Ball Glass Container Corporation, Ball Corporation, Indian Head and Northwestern Glass Company is a Delaware corporation licensed to do business in the state of Washington.  Saint Gobain Containers Inc., and/or its predecessor(s), during the relevant periods of time, negligently failed to provide a safe place to work and were negligent towards plaintiff.

15.    Defendant Soco West, Inc., f/k/a Brenntag West is a Delaware corporation. Soco West, Inc., f/k/a Brenntag West and/or its predecessor(s) was engaged in the manufacture, sale, distribution and/or supply of asbestos-containing products.

16.    Defendant Union Carbide Corporation is a New York corporation licensed to do business in the state of Washington.  Union Carbide was engaged in the sale, distribution, and manufacture of raw asbestos fiber used in the manufacture of various hazardous asbestos-containing products as well as the manufacture, supply, and distribution of hazardous asbestos-containing products.

<u>THEORIES OF LIABILITY</u>

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

17.    Plaintiffs' claims are as set forth in Schroeter, Goldmark & Bender First Amended Style Complaint For Personal Injury and Wrongful Death No. 81-2-08703-5 filed November 10, 1994, in King County Superior Court.

18.    Plaintiffs' claims against each defendant are based *inter alia* on strict product liability pursuant to Restatement Second of Torts, Section 402A including both design defect and failure to provide warnings and also based on negligence.

### DAMAGES

19.    Plaintiffs have suffered the following damages:

A.    Past and future medical expenses;

B.    Loss of wage-earning capacity;

C.    Past and future disability; pain and suffering, both physical and emotional; greatly increased risk of further disease; anxiety and fear of further disease and shortening of life expectancy; and interference with normal life, all resulting in general damages;

D.    Interest from the date of injury;

E.    Plaintiff Michael Bouchard has suffered and will suffer damages for loss of companionship, services and consortium;

F.    Mrs. Bouchard's children have also suffered and will suffer damages for loss of love, care, and companionship; and

G.    The aforementioned damages sought from each of the above-named defendants are in an amount to be proved at trial.

SUPPLEMENTAL COMPLAINT FOR PERSONAL
INJURY – 6
N:\ASBESTOS\Bouchard 18287\CSK Auto et al\F\Complaint - nonshipyard.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1   DATED this _13th_ day of September, 2010.

2                                          SCHROETER, GOLDMARK & BENDER

3

4                                          JANET L. RICE, WSBA #9386
                                           Counsel for Plaintiffs
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUPPLEMENTAL COMPLAINT FOR PERSONAL        SCHROETER GOLDMARK & BENDER
INJURY – 7                                 500 Central Building • 810 Third Avenue • Seattle, WA 98104
N:\ASBESTOS\Bouslaud 18387\CSK Auto et al\PLDG\Complaint – noteshipyard.docx        Phone (206) 622-8000 • Fax (206) 682-2305

# EXHIBIT 3

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 52 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 23 of 72
Case 2:10-cv-01810-RAJ   Document 1   Filed 11/05/10   Page 1 of 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOLA and MICHAEL BOUCHARD, wife and husband,

        Plaintiffs,

    v.

CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION; et al.,

        Defendants.

NO. _____

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL FROM STATE COURT

King County Cause No. 10-2-32586-7 SEA

PLEASE TAKE NOTICE that defendant General Electric Company (hereinafter "GE"), hereby removes this civil action to the United States District Court for the Western District of Washington from the Superior Court of the State of Washington in and for the County of King pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, whereby this Court has subject matter jurisdiction to adjudicate claims with respect to persons acting under an officer or agency of the United States. The grounds for removal are more particularly stated as follows:

        1.     On or around September 13, 2010, plaintiffs filed this action in the Superior Court of the State of Washington for the County of King, Cause No. 10-2-32586-7 SEA. GE received a copy of the Supplemental Complaint for Personal Injury on September 17, 2010.

        2.     Plaintiffs Lola Bouchard and Michael Bouchard allege causes of action for personal injuries allegedly arising from exposure to asbestos-containing products. Copies of

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL FROM STATE COURT - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 53 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 24 of 72
Case 2:10-cv-01810-RAJ   Document 1   Filed 11/05/10   Page 2 of 9

1  the Pleadings filed in this case are attached to the Affidavit of Christopher S. Marks as

2  Exhibit A.

3       3.     This Notice of Removal is being filed within thirty days after the Defendants

4  received Plaintiffs' Responses to Defendants First Set of Interrogatories and Requests for

5  Production, from which the Defendants first ascertained that the case is one which may be

6  removed to Federal Court. 28 U.S.C. §1446(b).

7       4.     In the Complaint, plaintiffs allege that Lola Bouchard was exposed to asbestos-

8  containing products used at Puget Sound Naval Shipyard from 1960 to 1979 through clothing

9  worn home by her father and her ex-husband. See Marks Affidavit, Exhibit A (Supplemental

10  Complaint, ¶¶ 2 and 6).

11       5.     On October 8, 2010, counsel for General Electric received a copy of the

12  Attachment C to the Plaintiffs' Responses to Defendants First Set of Interrogatories and

13  Requests for Production. Marks Affidavit, Exhibit B. This was the first "paper," within the

14  meaning of 28 U.S.C. § 1446(b), from which the Defendants were able to ascertain that the

15  case is removable. Specifically, the Supplement Complaint identifies that Mrs. Bouchard

16  alleged exposure to asbestos may have occurred from asbestos used in conjunction with

17  "engines." See Marks Affidavit (Supplemental Complaint, ¶¶ 2 and 6). Attachment C to

18  Plaintiffs' Response to Defendants First Set of Interrogatories and Requests for Production lists

19  the USS Bremerton (CA-130). Upon information and belief, General Electric manufactured

20  the main propulsion and the steam turbine generators aboard the USS Bremerton. GE

21  manufactured marine steam turbines for use on Navy ships pursuant to contracts and

22  specifications executed by the U.S. Navy. The basis for removal is that, in the manufacture

23  and sale of turbines and other equipment for the U.S. Navy, GE was acting under an officer or

24  agency of the United States within the mean of 28 U.S.C. § 1442(a)(1).

25

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 54 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 25 of 72
Case 2:10-cv-01810-RAJ   Document 1   Filed 11/05/10   Page 3 of 9

1      6.     GE is not required to notify and obtain the consent of any other defendant in this

2 action in order to remove Plaintiffs' action under § 1442(a)(1), the federal officer removal

3 provision. Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co., 644 F.2d 1310, 1315

4 (9th Cir. 1981); National Audubon Society v. Department of Water & Power of the City of Los

5 Angeles, 496 F. Supp. 499, 509 (E.D. Cal. 1980).

6      7.     Should Plaintiffs file a motion to remand this case, GE respectfully requests an

7 opportunity to respond more fully in writing, but offers the following authorities at this time:

8      8.     As recognized in Boyle v. United Technologies Corp., 487 U.S. 500, 504

9 (1988), GE has a federal defense to this action, i.e., government contractor immunity from

10 liability for injuries arising from any exposure to asbestos related to turbines on board U.S.

11 Navy vessels, insofar as they were constructed or repaired by GE. Removal pursuant to 28

12 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted

13 under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs'

14 claims, and (3) demonstrate a causal nexus between plaintiffs claims and acts it performed

15 under color of federal office. Mesa v. California, 489 U.S. 121,124-25,129-31,134-35 (1989).

16      9.     In Isaacson v. Dow Chemical Company, 304 F.Supp.2d 442 (E.D.N.Y. 2004),

17 plaintiff originally sued the manufacturer of Agent Orange in New Jersey State Court.

18 Defendants removed to federal court asserting, among other things, federal jurisdiction under

19 the All Writs Act. Id. at 445. The New Jersey District Court found removal appropriate under

20 the All Writs Act. Id. The case was then transferred to the Eastern District of New York by

21 the Multidistrict Panel. Id. The Court of Appeals for the Second Circuit affirmed the district

22 court's denial of remand finding jurisdiction appropriate under the All Writs Act. Stephenson

23 v. Dow Chemical Company, 273 F.3d 19 (2d Cir. 2003). On review, the United States

24 Supreme Court remanded the case finding that the All Writs Act alone would not support

25 removal. Dow Chemical Company v. Stephenson, 539 U.S. 111 (2003). On remand from the

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 55 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 26 of 72
Case 2:10-cv-01810-RAJ   Document 1   Filed 11/05/10   Page 4 of 9

1    Supreme Court, the Second Circuit determined that jurisdiction could not be grounded in the

2    All Writs Act and remanded the case back to the Eastern District of New York to determine if

3    there was an alternative ground supporting federal jurisdiction. Stephenson v. Dow Chemical

4    Company, 346 F.3d 19 (2d Cir. 2003). It is with that extensive procedural history that the

5    district court examined the federal officer removal statute and found it sufficient to deny

6    plaintiff's motion to remand. Isaacson, 304 F.Supp. at 445.

7        10.    In reaching its conclusion, the Isaacson court discussed in detail the three

8    elements necessary for removal under this statute. First, a defendant must demonstrate that it is

9    a "person" within the meaning of the statute. Id. at 446. The definition of a "person" includes

10    a corporation. Id. Second, the defendant must establish that the suit is "for any act under color

11    of federal office," i.e., there is a causal connection between the charged conduct and asserted

12    official authority. Id. (citations omitted). Causation exists if the predicate acts of the state

13    court suit were undertaken while the person was acting as or under a federal officer, and the

14    acts were under color of the relevant federal office. Id. Third, defendants must raise a

15    colorable claim to a federal law defense. Id. As previously stated, a colorable claim to a

16    federal defense can be predicated upon the federal government contractor defense. Id. at 449.

17        11.    The second element requires a causal nexus between the defendant's actions

18    under the federal officer and plaintiff's state court claims. Id. at 447. A substantial degree of

19    direct and detailed federal control over defendant's work is required. Id. What constitutes

20    sufficient federal control is often central to a court's decision to uphold removal or remand a

21    case. Several courts have upheld removal because defendants were sued as a result of building

22    products pursuant to military specifications. See Crocker v. Borden, 852 F.Supp. 1322

23    (E.D.La. 1994) (holding that removal was proper for Westinghouse because its marine turbines

24    were manufactured pursuant to Navy specifications); see also, Pack v. AC and S, Inc., 838

25    F.Supp. 1099 (D.Md. 1993) (holding that removal was proper for Westinghouse because the

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 56 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 27 of 72
Case 2:10-cv-01810-RAJ   Document 1   Filed 11/05/10   Page 5 of 9

1   government had extensive control over the manufacture of turbines, even specifying the type of

2   asbestos cloth).

3        12.    This case is removable under the authority cited above.  In constructing its

4   marine steam turbines for the Navy, GE acted under the direction of a federal officer.  GE

5   manufactured and designed the marine steam turbines at issue according to precise, detailed

6   specifications promulgated by Navy Sea Systems Command.  Additionally, an Inspector of

7   Naval Machinery, who had offices on the premises of GE's plants, personally oversaw the

8   manufacturing process and enforced compliance with the Navy design specifications.  Further,

9   the turbines were subject to various tests and trials supervised by the Navy before they were

10  approved for use on military vessels.  Moreover, the U.S. Navy, as one of the world's leaders

11  in industrial hygiene state-of-the-art at the time, would have possessed information superior to

12  its equipment suppliers such as GE.  In sum, virtually no aspect of the design and manufacture

13  of the marine steam turbines at issue escaped the close control of the U.S. Navy and its

14  officers.  Consequently, removal is appropriate.

15       13.    A properly removed case cannot be remanded for discretionary or policy

16  reasons such as allegedly related State court cases or a contention that judicial economy

17  compels remand. 28 U.S.C. § 1447(c); ThermItron Products, Inc. v. Hermansdorfer, 423 U.S.

18  336 (1976).  The federal officer removal statute is not narrow or limited, and it should not be

19  frustrated by a narrow or grudging interpretation of § 1442(a)(l).  Willingham v. Morgan, 395

20  U.S. 402, 405 (1960).

21       14.    GE is not required to notify and obtain the consent of any other defendant in this

22  action in order to remove Plaintiff's action as a whole under § 1442(a)(1).  See Torres v. CBS

23  News, 854 F.Supp. 245 (S.D.N.Y. 1994).

24

25

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 57 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 28 of 72
Case 2:10-cv-01810-RAJ   Document 1   Filed 11/05/10   Page 6 of 9

15.     As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon GE are being filed with this Notice of Removal.

16.     This action arose in King County, Washington, and is therefore properly assigned to the United States District Court for the Western District of Washington, at Seattle, pursuant to Local Rules W.D. Wash. 5(e)(1).

17.     Plaintiffs' Action against the Defendants alleges damages to be proven at the time of trial. See Marks Affidavit (Supplemental Complaint, Damages.)  Because plaintiffs have sued four defendants, on information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

18.     This Notice of Removal is timely filed under the 30-day provision of 28 U.S.C. § 1446(b) because it was filed within thirty days of October 8, 2010, the date of service of Plaintiffs' answers to Defendants' Interrogatories and Requests for Production.

19.     Immediately upon filing of this Notice of Removal, the GE will file a copy of the Notice of Removal with the Clerk of the Court of the Superior Court of the State of Washington in and for the County of King, and will provide written notice to counsel for plaintiffs, all in accordance with 28 U.S.C. § 1446(d).  A true copy of that notice is attached to the Affidavit of Christopher S. Marks.

20.     By seeking removal, GE does not waive any defenses, including, but not limited to, lack of personal jurisdiction, insufficiency of process, or service of process.

21.     This matter is subject to transfer to the Easter District of Pennsylvania pursuant to the July 29, 1991 order entered by the Judicial Panel on Multidistrict Litigation.

WHEREFORE, GE respectfully requests that this action now pending in the Superior Court of the State of Washington in and for the County of King be removed to this Court and that further proceedings be conducted in this Court as provided by law.

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 58 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 29 of 72
Case 2:10-cv-01810-RAJ   Document 1   Filed 11/05/10   Page 7 of 9

1

RESPECTFULLY SUBMITTED this 5th day of November, 2010.

2

s/ Christopher S. Marks, WSBA #28634

3

Eliot M. Harris, WSBA #36590
Attorneys for Defendant General Electric
Company

4

WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100

5

Seattle, WA  98101-2380
Telephone:  (206) 628-6600

6

Fax:  (206) 628-6611
Email: cmarks@williamskastner.com

7

eharris@williamskastner.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 59 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 30 of 72
Case 2:10-cv-01810-RAJ   Document 1   Filed 11/05/10   Page 8 of 9

CERTIFICATE OF SERVICE

1.   I, Alexandra Sandiforth, certify as follows:

2.   I am employed with the firm of Williams, Kastner & Gibbs PLLC, Two Union Square, 601 Union Street, Suite 4100, Seattle WA, 98101.

3.   I hereby certify that on November 5, 2010, I electronically filed the foregoing with the Clerk of the Court who will upload them to the ECF system which will send notification of such filing to the following:  N/A

4.   I also herby certify that on November 5, 2010, I served via Legal Messenger the forgoing documents;  Civil Cover Sheet; General Electric Company's Notice of Removal From State Court; Affidavit of Christopher S. Marks; and Corporate Disclosure Statement to the following parties:

Janet L. Rice
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
*Attorneys for Plaintiff*

Dirk Bernhardt
MURRAY, DUNHAM & MURRAY
200 West Thomas, Suite 350
Seattle, WA  98109-0844
*Attorneys for Foster Wheeler Energy Corporation; Hopeman Brothers Inc.*

Walter Barton
KARR, TUTTLE, CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, WA  98101-3028
*Attorneys for Todd Shipyards Corp.*

Melissa K Roeder
FORSBERG & UMLAUF, PS
901 Fifth Avenue, Suite 1400
Seattle, WA 98164
*Attorneys for Lake Union Drydock Company*

David R. West
GARVEY SCHUBERT BARER
1191 Second Avenue, 18th Floor
Seattle, WA 98101
*Attorneys for Foss Maritime Company*

T. Arlen Rumsey
GORDON & POLSCER LLC
1000 Second Avenue, Suite 1500
Seattle, WA  98104
*Attorneys for Fryer-Knowles, Inc.*

Robert G. Andre
OGDEN MURPHY WALLACE PLLC
1601 Fifth Avenue, Suite 2100
Seattle, WA 98101
*Attorneys for Lockheed Shipbuilding Company*

J. Michael Mattingly
RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue, Suite 200
Portland, OR 97204
*Attorneys for International Paper Company*

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL
FROM STATE COURT - 8

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2972279.1

1       The foregoing statement is made under penalty of perjury under the laws of the United
        States of America and the State of Washington and is true and correct.

2                                               s/ L. Alexandra Sandiforth

3                                               Williams, Kastner & Gibbs PLLC
                                                601 Union Street, Suite 4100
4                                               Seattle, WA 98101
                                                Telephone: (206) 233-2957
5                                               Facsimile: (206) 628-6611
                                                E-mail: mkjeldtoft@wkg.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL            Williams, Kastner & Gibbs PLLC
FROM STATE COURT - 9                                    601 Union Street, Suite 4100
                                                        Seattle, Washington 98101-2380
                                                        (206) 628-6600
2972279.1

# EXHIBIT 4

APR789616.DOC;1\99925.002222\

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 62 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 33 of 72
Case 2:10-cv-01810-RAJ   Document 60   Filed 02/01/11   Page 1 of 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
OFFICE OF THE CLERK

BRUCE RIFKIN
CLERK

700 STEWART STREET
SEATTLE, WASHINGTON 98101
(206) 370-8400

FILED
LODGED   **MAIL**
RECEIVED

January 28, 2011

FEB 01 2011

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

King County Superior Court, WA.
516 - 3rd. Ave., E-609
Seattle, WA. 98104

**RECEIVED**

FEB 1 2011

DEPARTMENT OF
JUDICIAL ADMINISTRATION

RE:   Our case #: CV10-1810-RAJ
       Lola Bouchard, et al v. CBS Corporation , et al
       Your file #: 10-2-32586-7

Dear Clerk:

Enclosed is the above-referenced case file, on cd-rom, along with a certified copy of Richard
A. Jones's Order remanding this case to state court. Also included is a certified copy of the
docket sheet.

Please return the copy of this cover letter with the following information:

Superior Court Case No:      *10-2-32586-7 SEA*

Assigned to Judge:           *Hon. Douglas A. North, Dept. 30*

Completed by Deputy Clerk:   *[signature]*

Sincerely,

s/C. Ledesma,  Deputy Clerk

Enclosures

cc:  Court file, counsel

**10-CV-01810-IFP**

# EXHIBIT 5

Honorable Douglass North
Hearing Date: Wednesday, February 23, 2011
Without Oral Argument

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

LOLA and MICHAEL BOUCHARD, wife
and husband

                    Plaintiffs,

    v.

CBS CORPORATION, et al.,
                       Defendants.

LOLA and MICHAEL BOUCHARD, wife
and husband

                    Plaintiffs,

    v.

CSK AUTO, INC., et al.,
                       Defendants.

No. 10-2-32586-7SEA

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR
CONSOLIDATION

No. 10-2-32587-5 SEA

This matter came before the Court on Plaintiffs' Motion for Consolidation. The Court having considered the motion and the responses:

It is hereby ORDERED that Plaintiffs' Motion for Consolidation is hereby GRANTED. Cause Nos. 10-2-32586-7 and 10-2-32587-5 shall hereby be consolidated into one cause of action Cause No. 10-2-32586-7 before Judge Douglass North. *The parties have 30 days to ~~either~~ set a hearing before Judge North for the purpose of setting a new trial date and case schedule. TRIAL Date of 4/19/11 is stricken.*

DONE IN OPEN COURT this *28th* day of *February*, 20*11*.

*Richard F. McDermott*

HONORABLE ~~DOUGLASS NORTH~~
RICHARD F. McDERMOTT

# ORIGINAL

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR CONSOLIDATION – 1
N:\ASBESTOS\Bouchard 18387\P\Mot Consolidate - Order.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1   Presented by:

2   PAUL & HANLEY

3

4   *[signature]*

5   JON NEUMANN, WSBA # 36057

6

7   SCHROETER, GOLDMARK & BENDER

8

9   *[signature]*

    JANET RICE, WSBA #9386
10  Counsel for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR CONSOLIDATION – 2
N:\ASBESTOS\Bouchard 18387\P\Mot Consolidate - Order.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

# EXHIBIT 6

APR789616.DOC;1\99925.002222\

Page 1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| LOLA and MICHAEL BOUCHARD, wife and husband, | ) No. 10-2-32586-7 )SEA ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CBS CORPORATION, et al, | ) ) |
| Defendants. | ) ) ) |

DEPOSITION UPON ORAL
EXAMINATION OF:
DAVID LUDDEN
10:00 A.M.
FEBRUARY 22, 2011
SEATTLE, WA 98101-1686

Reported by:  Judith A. Robinson, CCR No. 2171

Roger G. Flygare & Associates, Inc.
Professional Court Reporters,
Videographers & Legal Transcriptionists
1715 South 324th Place, Suite 250
Federal Way, Washington 98003
(800) 574-0414 - main
www.flygare.com - scheduling
RGFlygare@aol.com - email

Page 10

1  A. That doesn't ring a bell.
2  Q. Did you know a person named James Hull, H-U-L-L?
3  A. That doesn't ring a bell.
4  Q. Did you know a person called Michael Harris?
5  A. That rings a bell.
6  Q. How do you remember Harris?
7  A. I just remember the name. I don't truly remember
8  Harris, but the name rings a bell.
9  Q. You don't know what his title or position was in
10  the union?
11     MS. RICE: He mentioned the name
12  Robert Harris. He's discussing about Michael Harris.
13  BY MR. ANDRE:
14  Q. Do you know Michael Harris?
15  A. I don't believe so.
16  Q. Now, the union that you and Ron Berger were
17  members of, do you have a number?
18  A. It was local 541.
19  Q. When did you first join the union?
20  A. It was around 1976. I don't remember exactly.
21  Q. Did Ron Berger join the union before or after
22  you?
23  A. It was very close.
24  Q. Sometime in 1976?
25  A. I believe so.

Page 11

1  Q. And so you continue to be a union member for how
2  long?
3  A. Off and on through 1980.
4  Q. And how long did Ron Berger continue to be a
5  member of that union?
6  A. I'm not certain.
7  Q. When you and Ron Berger were socializing at their
8  home, did you ever see Lola Bouchard wash Ron Berger's
9  clothes?
10  A. I'm sure I did.
11  Q. Did Lola Bouchard --
12     MR. THORSON: Move to strike the
13  nonresponsive portion of the answer. This is just for
14  the record, sir.
15  BY MR. ANDRE:
16  Q. When you say you're sure you did, was it a house
17  or apartment?
18  A. Apartment.
19  Q. Where was the apartment located?
20  A. In Rainier Vista.
21  Q. Was there a washing machine and a dryer in the
22  apartment?
23  A. Yes.
24  Q. Was it a one-bedroom, or was it a two-bedroom
25  apartment?

Page 12

1  A. One.
2  Q. Did Lola Bouchard ever wash your work clothes?
3  A. I don't remember.
4  Q. Since you were a ship scaler when you joined the
5  union, what did a ship scaler do?
6  A. Basically, a ship scaler was a shipyard janitor.
7  Q. Who trained you to be a ship scaler?
8  A. No one.
9  Q. What were the duties that you held yourself out
10  as being able to do as a ship scaler when you were hired
11  by an employer?
12  A. We did cleaning before and after other crafts.
13  We did a duty called fire watch. And we also cleaned up
14  after sandblasting, and occasionally we actually had to
15  ship scale.
16  Q. Other than Todd and Lockheed, are there any other
17  shipyards that you and Ron Berger worked at in the late
18  1970s?
19  A. Well, I'm not sure which ones Ron might have
20  worked at.
21  Q. Where did you work?
22  A. I also worked at Duwamish Shipyard and Foss Tug
23  & Barge.
24  Q. Do you have a recollection as you sit here today
25  whether you and Ron Berger as union members would

Page 13

1  ship scalers would go to Lockheed Shipyard on Harbor
2  Island to work?
3  A. Yes, sir.
4  Q. During what time period was that?
5  A. That -- it was around '76 and '77.
6  Q. Can you tell the difference between Todd Shipyard
7  and Lockheed Shipyard on Harbor Island?
8  A. Rick.
9  Q. How could you tell the difference?
10  A. Lockheed faces north and Todd faces east. And
11  Lockheed is straight down the road from where you turn
12  off Spokane Street where the Blue Moon Tavern used to
13  be, and you had to take a right and go around and get to
14  Todd's.
15  Q. Do you have a specific recollection when you were
16  at Lockheed with Ron Berger of working on any military
17  ships at Lockheed?
18  A. I did, sir, yes.
19  Q. Okay. Which military ship did you work on?
20  A. The one I recall is the Atomic Subtender.
21  Q. I'm going to see if I can refresh your
22  recollection, sir, since I represent Lockheed
23  Ship Building Company. At the time period in the late
24  1970s, apparently there were three submarine tenders.
25  One was called the Emery USS Emery S. Land.

4 (Pages 10 to 13)

Page 14

1    Did you ever work on that ship?
2    A. I'm not sure.
3    Q. Another subtender was call the Frank Cable.
4    Did you ever work on that ship?
5    A. I believe so.
6    Q. And the USS McKee, did you ever work on that
7    ship? That was another submarine tender.
8    A. I think so.
9    Q. And there was a Coast Guard Cutter called the
10   Polar Star.
11   A. Yes.
12   Q. It was an icebreaker.
13   Did you work on that ship?
14   A. Yes, sir.
15   Q. So of the four ships I mentioned, three of them
16   you have a specific recollection working on: The McKee,
17   the Frank Cable, and the Polar Star; is that right?
18   A. Yes, sir.
19   Q. Now, can you tell me whether Ron Berger worked on
20   any of those three ships?
21   A. I believe he worked on the -- the Cable.
22   Q. Okay.
23   A. And he worked on the Polar Star.
24   Q. Were you and Ron Berger working on the same crew?
25   A. Occasionally.

Page 15

1    Q. Did the union try to keep the ship scalers
2    together?
3    A. No, sir.
4    Q. But you say "occasionally."
5    On more than one occasion, do you have a
6    recollection today that you worked with Ron Berger on
7    one of those two ships, or both of those two ships;
8    correct?
9    A. Yes, sir.
10   Q. And did Ron Berger do the same job that you
11   describe as a ship scaler, basically a janitorial job
12   and doing all of the different things you testified
13   about?
14   A. Yes, sir.
15   Q. And did you actually see Ron Berger do those
16   different things?
17   A. Yes, sir.
18   Q. Did it happen more than once that you saw him do
19   the same job that you did?
20   A. Yes, sir.
21   Q. When you joined the union, were you told that you
22   would be working with asbestos-containing materials?
23   A. No, sir.
24   Q. When did you first find out that you would be
25   working with asbestos-containing materials?

Page 16

1    MR. BARTON: Object to the form of the
2    question.
3    MS. RICE: You can answer.
4    A. I don't really know.
5    MR. ANDRE: I'm going to show you a
6    photograph. Well, let's mark this as Exhibit Number 2.
7    (The document referred to was marked as
8    Exhibit No. 2 for identification and has been retained
9    by the reporter.)
10   BY MR. ANDRE:
11   Q. Exhibit 2 apparently was the USS Coast Guard
12   Cutter Polar Star Icebreaker.
13   Do you recognize that?
14   A. Yes, sir.
15   Q. What part of the ship did you and Ron Berger work
16   on as ship scalers?
17   A. There was really no one place on a ship we worked
18   as a general rule. We would go from area to area.
19   Q. So you could have conceivably worked on all parts
20   of the Polar Star?
21   A. Probably.
22   Q. Would Ron Berger work on all parts of the Polar
23   Star also, to the best of your recollection?
24   A. Yes, sir.
25   Q. When you were working on the Polar Star, were

Page 17

1    there any Coast Guard personnel or officers that
2    supervised the construction work that was being done on
3    the Polar Star?
4    MS. RICE: As opposed to Lockheed?
5    MR. ANDRE: Yeah.
6    BY MR. ANDRE:
7    Q. That's why I said US Coast Guard personnel.
8    A. Not in the areas I was in.
9    Q. Did you ever see the US Coast Guard personnel
10   working on the Polar Star even though they weren't in
11   your area?
12   A. I believe so.
13   Q. When you were working on the Polar Star who was
14   your employer?
15   A. Lockheed.
16   Q. So you got a check from Lockheed?
17   A. I did.
18   Q. Did Lockheed go to the union hall and ask to hire
19   you directly?
20   A. Yes.
21   Q. Do you believe Ron Berger went to the union hall
22   and got a check from Lockheed?
23   A. Yes, sir.
24   Q. Do you know how long, you, yourself, worked at
25   Lockheed in the 1976 time frame? In other words, would

Page 18

1   it be a week? Would it be a month? Would it be a year?
2      A. There were times that were a day or three, and
3   there were times that were a week or three, and there
4   was one point when I worked for them for about six
5   months on, I believe it was the Cable.
6      Q. And we looked at Ron Berger's Social Security
7   records, Mr. Ludden. With respect to Lockheed, it looks
8   like he may have worked at Lockheed sometime between
9   October and December of 1976.
10      Would you have been working at Lockheed during
11   that same time period?
12      A. Yes, sir.
13      Q. Ron Berger's Social Security records also
14   indicate that he may have been working at Lockheed
15   sometime between January and March 1977.
16      Would you have been working at Lockheed during
17   that same time period?
18      A. Yes, sir.
19      Q. And the other, I think you also said that you
20   believe that Ron Berger worked with you on the
21   Frank Cable.
22      MR. ANDRE: We're going to mark this as
23   Exhibit 3.
24      (The document referred to was marked as
25   Exhibit No. 3 for identification and has been retained

Page 19

1   by the reporter.)
2   BY MR. ANDRE:
3      Q. Mr. Ludden, Exhibit 3 is a photograph of S40,
4   which is the USS Frank Cable.
5      Do you recognize that ship as being a ship you
6   worked on?
7      A. Yes, sir. But I think I had the names wrong
8   because the one I worked on the longest was a 39.
9      Q. A 39. Okay.
10      MR. ANDRE: I'll get another photograph.
11   Let's mark this photograph here.
12      (The document referred to was marked as
13   Exhibit No. 4 for identification and has been retained
14   by the reporter.)
15   BY MR. ANDRE:
16      Q. You're looking at Exhibit 4, which seems to be
17   the Emery S. Land, which has 39 stenciled on it.
18      Is that the one you worked on too?
19      A. That is, sir.
20      Q. Would Ron Berger have worked on it too?
21      A. Very shortly.
22      Q. When you say "very shortly," how long would
23   Ron Berger have worked on it with you?
24      A. Several days.
25      Q. Where would you be working on that ship?

Page 20

1      A. Stem to stern.
2      Q. Where would Ron Berger have been working on the
3   ship?
4      A. I'm not sure. We weren't on the same crew.
5      Q. Was he a ship scaler at that time?
6      A. Yes, sir.
7      Q. Would he have been doing the same job that you
8   were doing as a ship scaler?
9      A. Yes, sir.
10      Q. You just didn't physically observe him working on
11   the same ship, although, you knew he was on a different
12   crew on that same ship?
13      A. Correct.
14      (The document referred to was marked as
15   Exhibit No. 5 for identification and has been retained
16   by the reporter.)
17   BY MR. ANDRE:
18      Q. This particular ship, I don't seem to have a
19   particular hull number on it, but it is the USS McKee.
20      Do you remember working on that ship?
21      A. No, sir.
22      Q. When you were on a crew working at the union on
23   one or more ships that we were just talking to you
24   about, who did you take your direction from? In other
25   words, who was the foreman of your crew?

Page 21

1      A. Most of the time it was David Hilderbrandt.
2      Q. Who did he work for?
3      A. Various supervisors. There was Herschel Goodwin
4   who was the painter. I don't recall the names of
5   others.
6      Q. Was he a union man also?
7      MS. RICE: Who? Herschel Goodwin?
8      MR. ANDRE: No. Hilderbrandt.
9      A. I don't know.
10   BY MR. ANDRE:
11      Q. Herschel Goodwin, was he a union man?
12      A. I don't think so.
13      Q. Did either of those people work as an employee
14   for Lockheed?
15      A. Yes, sir.
16      Q. Did you ever take direction at Lockheed from a
17   person who worked for the US Navy?
18      A. Never.
19      Q. Did you ever take direction from a person who
20   worked for the US Coast Guard?
21      A. Never.
22      Q. Did you see Navy personnel walking around any of
23   these ships you worked on at Lockheed?
24      A. Yes, sir.
25      Q. What were they doing?

Page 90

1    A. No, sir.

2        MR. ANDRE:  That's all the questions I have.

3        MR. BARTON:  It was your note, Bob.  If you

4    want to call it, looks like it's time to call it.

5        MR. ANDRE:  If nobody has any questions,

6    we're going to end the deposition.

7        (The deposition of David Ludden was

8    concluded at 1:50 p.m.)

9        (Signature was reserved.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

Page 92

1   I further certify that I am sealing the deposition in an
    envelope with the title of the above-referenced cause

2   thereon and marked "Deposition" with the name of each
    witness and promptly delivering the same to the

3   appropriate party or parties.

4

5   IN WITNESS WHEREOF, I have hereunto set my hand
    and affixed my Washington State CCR Seal this _____ day

6   of _____, 2011.

7

8

9   _____

10

    Washington State Certified Court Reporter

11  WA CCR No. 2171
    License effective until: 11/4/12.

12  Residing at Federal Way, Washington

13

14

15

16

17

18

19

20

21

22

23

24

25                          Official Transcript

---

Page 91

1       C E R T I F I C A T E
2
3   STATE OF WASHINGTON )
    COUNTY OF KING      )
4
5   I, the undersigned Washington Certified Court Reporter,
6   pursuant to RCW 5.28.010 authorized to administer oaths
    and affirmations in and for the State of Washington, do
    hereby certify:
7
    That the annexed and foregoing deposition containing
8   Page 1 through 90 of each witness named herein was taken
    stenographically before me and reduced to typewriting
9   under my direction.
10  I further certify that each said witness examined, read
    and signed his/her deposition after the same was
11  transcribed unless indicated in the record that the
    parties and each witness waived the signing.
12
    I further certify that all objections made at the time
13  of said examination to my qualifications or the manner
    of taking each deposition, or to the conduct of any
14  party have been noted by me upon each deposition.
    I further certify that I am not a relative or an
15  employee or attorney or Counsel of any of the parties to
    said action, or a relative or employee of any such
16  attorney or Counsel, and
    that I am not financially interested in the said action
17  or the outcome thereof.
18  I further certify that each witness before examination
    was by me duly sworn to testify the truth, the whole
19  truth and nothing but the truth.
20  I further certify that the deposition, as transcribed is
    a full, true and correct transcript of the testimony,
21  including questions and answers, and all objections,
    motions and exceptions of Counsel made and taken at the
22  time of the foregoing examination and was prepared
    pursuant to Washington Administrative Code 308-14-135,
23  the transcript preparation format guideline.
24
25

# EXHIBIT 7

Page 1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

LOLA AND MICHAEL BOUCHARD, wife )
and husband,                    )
                                )
        Plaintiffs,             )
                                )
Vs.                             )  No. 10-2-32586-7 SEA
                                )
CBS CORPORATION, et al.,        )
                                )
        Defendants.             )
_____ )
LOLA AND MICHAEL BOUCHARD,      )
                                )
        Plaintiffs,             )
                                )
Vs.                             )  No. 10-2-32587-5 SEA
                                )
CSK AUTO, INC., et al.,         )
                                )
        Defendants.             )
_____ )

DEPOSITION UPON ORAL EXAMINATION

OF SHANNON LUDDEN

ON THURSDAY, FEBRUARY 24, 2011

VANCOUVER, WASHINGTON

Reported by:

        MARK E. KING, RPR, CCR

        CCR #2182

Page 14

1  originated from work that her then husband Ron Berger
2  performed in the shipyards. And the question I want to
3  ask you is if you recall at any time during your work in
4  the shipyards whether you worked with Ron Berger or not?
5      A. On occasion. I can remember a couple times.
6      Q. Okay, you remember a couple times. Tell us
7  about the first one that's in your mind that you worked
8  with Ron Berger.
9      A. The first one was I believe sandblasting the
10  hull. Ron was my pot man.
11      Q. Your pot man?
12      A. Yeah.
13      Q. Tell us what the pot man does in the
14  sandblasting operation.
15      A. Keeps the sand in the pot, basically, and keeps
16  the pressure up and laughs at the sandblaster.
17      Q. And what were you sandblasting at the time?
18      A. The hull, the barnacles off the hull.
19      Q. And do you know what kind of a ship this was?
20      A. Not for certain.
21      Q. You couldn't say whether it was a commercial
22  vessel or a fishing vessel or a military vessel?
23      A. I couldn't for certain.
24      Q. Okay. And where do you recall this work taking
25  place?

Page 15

1          MS. RICE: What shipyard?
2      Q. (By Mr. Barton) Yes.
3      A. I believe that was at Todd's, I'm pretty sure.
4      Q. Let me ask you this question, because it was
5  asked of your brother David. Where to your recollection
6  is Todd Shipyard located, the one that you worked at?
7      A. On the water.
8          MS. RICE: You don't remember?
9          THE WITNESS: I don't, I'm sorry.
10      Q. (By Mr. Barton) What about the Lockheed Shipyard
11  where you worked at, can you recall where that yard was
12  located?
13          MS. RICE: If you don't recall, just
14  say you don't recall.
15          THE WITNESS: I'm sorry, I don't know.
16      Q. (By Mr. Barton) Do you recall the Lockheed and
17  Todd yards being located near each other?
18      A. Not real near.
19      Q. How in your memory would you distinguish the
20  Todd Shipyard from the Lockheed Shipyard that you worked
21  at?
22      A. I believe it was smaller.
23      Q. You believe the Todd yard was smaller?
24      A. Yeah.
25      Q. All right. Is there any other distinction that

Page 16

1  you can make between the two of them?
2      A. Not really, not at this stage of the game.
3      Q. And with respect to this work that you were just
4  describing, the sandblasting work that you recall being at
5  Todd Shipyard, how long did that work last?
6      A. Again, I just have glimpses of different jobs,
7  you know. Putting them in chronological order would --
8          MS. RICE: You can say I don't
9  remember.
10          THE WITNESS: Okay, I don't remember.
11          MR. BARTON: Yeah, that's fine.
12          MS. RICE: That's a fine answer.
13      Q. (By Mr. Barton) And was there any other work
14  that you recall doing with Ron Berger at that time other
15  than the sandblasting work that you have described?
16      A. Yeah, cleaning the interior of a Navy ship, I
17  think it was Navy. I can't remember if that was at Todd's
18  or Lockheed's, either.
19      Q. Okay. Was that the same time you were working
20  with him on the sandblasting job or is this the second
21  time that you remember working with him?
22      A. This is the second time.
23      Q. All right. So the second time you remember
24  working with Mr. Berger you recall that you were cleaning
25  the interior of what you believe was a Navy ship and

Page 17

1  you're not certain whether that work was at Todd or
2  Lockheed; is that correct?
3      A. That's correct.
4      Q. Can you describe the work that you recall doing
5  in cleaning the interior of this ship?
6      A. Yeah, we just bagged, bagged up the debris that
7  was caused from, well, from the whole peeling the
8  insulation off of pipes, peeling paneling off of walls,
9  and that was about it, but it was a lot of work and a lot
10  of bags.
11      Q. And how long did this work last?
12      A. I don't know, it had to last over a week,
13  probably two.
14      Q. And you were performing this type of cleanup
15  work the entire time?
16      A. Pretty much, when we weren't hiding.
17      Q. What makes you think that this might be a Navy
18  ship that you were on?
19      A. Just my memory, just trying to -- it was just,
20  it seemed -- you know, the coloring, you know, that I can
21  remember, it reminded me of the Navy.
22      Q. Do you recall there being any guns, mounted guns
23  on the ship?
24      A. On that particular ship I couldn't tell you
25  because we just boarded and went below.

Page 98

1    A. Yes, but the pipe insulation, per se, was done
2  on numerous occasions.
3    Q. I understand.
4    A. So, you know, I threw that into typical, yeah.
5    Q. All right. Do you have any recollection of how
6  many times you did that type of work at Todd's Shipyards?
7    A. No, just -- you know, I'm sorry, but the numbers
8  of them, no, I really don't.
9    Q. But as far as doing that type of work with Ron
10 Berger, you only recall the one occasion?
11   A. Yes.
12          MR. BARTON: Thank you.
13          THE WITNESS: You know, that's not to
14 say that I didn't on other occasions, you know, but it's
15 just that that occasion came to mind because of whatever,
16 I don't know why.
17          MR. BARTON: Thank you, sir.
18          MR. BERNHARDT: Anyone on the phone
19 with any follow-up?
20          THE WITNESS: Anyone on the phone at
21 all?
22          MR. BARTON: I think we're done.
23          MS. RICE: Thank you.
24          THE REPORTER: You have the right to
25 read this if it's transcribed or you can waive your right.

Page 99

1  Which would you like to do?
2          MS. RICE: We'll reserve signature.
3              - - - - -
4          (The deposition concluded at 2:03 p.m.)
5          (No exhibits were marked.)
6          (Signature was not waived.)

Page 100

# C E R T I F I C A T E

STATE OF WASHINGTON  )
                     ) ss.
COUNTY OF KING       )

        I, the undersigned Washington Certified Court
Reporter, pursuant to RCW 5.28.010 authorized to
administer oaths and affirmations in and for the State of
Washington, do hereby certify that the annexed and
foregoing deposition consisting of Page 1 through 101 of
the testimony of each witness named herein was taken
stenographically before me and reduced to a typed format
under my direction;

        I further certify that according to CR 30(e) the
witness was given the opportunity to examine, read and
sign the deposition after the same was transcribed, unless
indicated in the record that the review was waived;

        I further certify that all objections made at
the time of said examination to my qualifications or the
manner of taking the deposition or to the conduct of any
party have been noted by me upon each said deposition;

        I further certify that I am not a relative or
employee of any such attorney or counsel, and that I am
not financially interested in the said action or the
outcome thereof;

        I further certify that each witness before

Page 101

examination was by me duly sworn to testify the truth, the
whole truth and nothing but the truth;

        I further certify that the deposition, as
transcribed, is a full, true and correct transcript of the
testimony, including questions and answers, and all
objections, motions and exceptions of counsel made and
taken at the time of the foregoing examination and was
prepared pursuant to Washington Administrative Code
308-14-135, the transcript preparation format guideline;

        I further certify that I am sealing the
deposition in an envelope with the title of the above
cause and the name of the witness visible, and I am
delivering the same to the appropriate authority;

        I further advise you that as a matter of firm
policy, the Stenographic notes of this transcript will be
destroyed three years from the date appearing on this
Certificate unless notice is received otherwise from any
party or counsel hereto on or before said date;

        IN WITNESS WHEREOF, I have hereunto set my hand
and affixed my Washington State CCR Seal this 26th day of
February, 2011.

                                    _____

Certified Court Reporter No. 2182
in and for the State of
Washington, residing at Issaquah.
My certification expires 9/21/11.

# EXHIBIT 8



1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11  LOLA and MICHAEL BOUCHARD, wife and       )   NO.
    husband,                                   )
12                                             )   DECLARATION OF RET. ADMIRAL
                           Plaintiffs,         )   ROGER B. HORNE IN SUPPORT OF
13                                             )   NOTICE OF REMOVAL OF ACTION
              v.                               )   UNDER 28 U.S.C. § 1442(a)(1)
14                                             )
    CBS CORPORATION, et al.,                   )
15                                             )
                           Defendants.         )   King County Superior Court
16                                             )   Cause No. 10-2-32586-7 SEA
    LOLA and MICHAEL BOUCHARD, wife and        )
17  husband,                                   )
                                               )
18                         Plaintiffs,         )
                                               )
19            v.                               )
                                               )
20  CSK AUTO, INC., et al.,                    )
                                               )   King County Superior Court
21                         Defendants.         )   Cause No. 10-2-32587-5 SEA
                                               )
22

23          I, Roger B. Horne, Jr., being under penalty of perjury, declare and say:

24          1.      I am a retired Rear Admiral of the United Stated Navy, in which I served between

25  1956 and 1991.

26

{APR366625.DOC;1\12060.000025\ }
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

540-372-7861                      p.3
Mar 10 11 08:27p        Microsoft

2.      I began my Navy career in 1956, immediately after receiving a Bachelor of Science degree in Naval Engineering from the United States Naval Academy at Annapolis, Maryland.   I have also received extensive post-graduate education in naval engineering, including a Master of Science Degree in Mechanical Engineering from the U.S. Naval Postgraduate School, and have taught Naval Engineering as a Visiting Professor at the University of Michigan.   Throughout my Navy career, I concentrated in areas of ship design, engineering, construction, overhaul and inspection.   Ultimately, I achieved the rank of Chief Engineer and Deputy Commander, Naval Sea Systems Command ("NAVSEA") for Ship Design and Engineering.    Prior to that, I served as Deputy Commander, NAVSEA for Facilities and Industrial Management; Commander, Puget Sound Naval Shipyard; Commander, Engineering Duty Officer School; Production and Repair Officer, Mare Island Naval Shipyard; Nuclear Engineering Manager, Puget Sound Naval Shipyard; Nuclear Submarine Inspector Officer, Supervisor of Shipbuilding Office, Ingalls Shipyard and Chief Engineer in the USS Ozbourn (DD 846).

3.      In addition to my training and experience in Navy ship construction, as outlined above, I have been recognized for achievements in the field of marine machinery and engineering, and have received three Navy Legion of Merit Awards and three Meritorious Service Awards for Engineering and Industrial Achievement and an award from the Marine Machinery Association.

4.      I submit this Declaration in support of defendant Lockheed Shipbuilding Company's ("Lockheed") Notice of Removal to attest to the level of supervision, direction and control exercised by the U.S. Government over the design, manufacture, maintenance and repairs of military vessels.   In addition, I have personal knowledge of the comprehensive plans, specifications and requirements which governed contract shipyards like Lockheed.   More particularly, I can attest that any and all work performed on Navy and Coast Guard ships at contract shipyards such as Lockheed was reviewed and inspected by U.S. Government personnel

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   in the vendor's site.  In many instances during my career I personally inspected work to verify

2   conformance with the requirements specified, although more immediate supervision typically

3   was exercised by officers and other Navy personnel under my command or the command of

4   NAVSEA or its predecessor, the Bureau of Ships ("BUSHIPS").

5       5.      Ships built for the Navy, including those built at contract shipyards like

6   Lockheed, were built according to detailed specifications prepared, written, approved and issued

7   exclusively by the Navy, specifically NAVSEA or BUSHIPS.  In my role as Chief Engineer and

8   Deputy Commander for NAVSEA's Ship Design and Engineering Division, I was personally

9   responsible to the Commander of NAVSEA for developing ship designs and providing overall

10  technical support to the operating fleet, including technical support for the maintenance of Navy

11  ships, and Navy ships under construction.  I was also responsible for maintaining naval ship

12  military specifications and for monitoring compliance with the specifications by all vendors and

13  contractors of naval equipment.

14      6.      In my opinion, and to a reasonable degree of engineering certainty, military

15  specifications mandated the use of asbestos-containing materials in the construction,

16  maintenance and repair of Navy ships.  BUSHIPS issued, maintained and controlled these

17  specifications largely because it had superior knowledge to private shipyards of the demands and

18  requirements of combat-ready Navy vessels.  The Navy had great concern for the safety of its

19  crews and effective operation of ships undergoing needed repairs for combat situations.  These

20  specifications reflected the state of the art at the time and the special needs of combat vessels.

21  Ownership and custody of these military vessels, as well as the materials used to build the

22  vessels, vested in the U.S. Navy.

23      7.      The Navy chain of command concerning ship construction involves several layers

24  of authority related to technical and contractual control over Navy shipbuilding.  The Secretary

25  of the Navy [subject to the President and Congress] has ultimate authority over the Navy and

26  Navy shipbuilding; immediately below the Secretary, as has been the case since the creation of

{APRS66625.DOC;1/12063.600025/ }
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

Mar 10 11 08:27p        Microsoft                                    540-372-7861

1  NAVSEA, is the Chief of Naval Operations ("CNO"), to whom NAVSEA reports. Prior to the

2  establishment of NAVSEA, BUSHIPS controlled all combat ship design and construction and

3  reported to the CNO as well as a civilian Assistant Secretary. Since the creation of NAVSEA,

4  NAVSEA reports to the CNO for all military ship design and construction. (See Exhibits A and

5  B).

6          8.      Under the command of NAVSEA, as was the case with BUSHIPS, the Navy's

7  shipbuilding structure was comprised of several divisions and levels of authority concerning ship

8  design, construction, repair and inspection. Technical and contractual control over shipboard

9  equipment and material was directed by the Commander of Naval Sea Systems and the

10  Commander of Naval Supply. Each of these two organizations had oversight responsibility

11  concerning all aspects of ship construction, including the requirement that asbestos be used in the

12  insulation of vessels built and/or repaired for the Navy in the 1960s and early 1970s.

13  Compliance with the standards and specifications required for naval ships was directly monitored

14  by Naval inspectors under both of these divisions: the inspectors under Naval Supply worked

15  on-site at the vendor's (in this case Lockheed's) manufacturing facility, and the inspectors under

16  Naval Sea Systems Commands carried out their responsibilities at the contract shipbuilding

17  yards, such as the Lockheed shipyard in Seattle. Moreover, it was common in my experience for

18  Directors of the Naval Inspections, who worked for me at times during my career, to inspect the

19  shipbuilding process at the vendors' sites and to make certain that the work was being done

20  properly and that the materials used met the required specifications.

21          9.      In my experience, it was the Naval Inspectors who exercised primary, frontline

22  control over the work performed for the Navy at both government shipyards and contract

23  shipyards such as Lockheed in the construction, maintenance and repair of Navy ships. The

24  Naval Inspectors were responsible for assuring that civilian contractors such as Lockheed

25  followed the required contract specifications as they relate to naval shipbuilding. Further, the

26

(APR366625.DOC:1:12060-000225: )
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 81 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 52 of 72        p.6
540-372-7861

Mar 10 11 08:28p       Microsoft

1   Naval Inspectors would report to their superiors any violations or failures to comply with the

2   specifications.

3       10.   The Navy retained the "final say" over the design of every ship, and made the

4   ultimate decision regarding how to resolve an engineering disagreement between the Navy and

5   an outside supplier.

6       11.   Equipment and materials used during the 1940s, 1950s, 1960s and 1970s to the

7   United States Navy for use on U.S. Navy ships was always required to comply with the detailed

8   specifications issued by the government.   These specifications dictated the materials that

9   Lockheed was required to use in every component part of shipbuilding.   These specifications

10   were made part of the contract, and strict compliance therewith was mandatory.

11       12.   In addition, I can attest that the military specifications for all materials and

12   equipment intended for use aboard Navy vessels were drafted, approved and maintained by the

13   Navy, specifically NAVSEA, to address all aspects of shipboard equipment and materials

14   requirements, including the materials to be used, and any changes to these specifications were

15   made by the Navy.   NAVSEA maintained and controlled the MilSpecs largely because it had

16   superior knowledge of the demands and requirements of combat-ready vessels.   NAVSEA or

17   BUSHIPS also prepared contract specifications which incorporated the MilSpecs.   These

18   specifications reflected the state of the art and the special needs of combat vessels destined for

19   combat with our sailors.

20       13.   The Navy specifications also covered the nature of any communication affixed to

21   materials and equipment supplied to the Navy.   The Navy could not, and did not, permit its

22   contractors to implement any changes because every aspect of every item of materials and

23   equipment had to be: (1) functionally compatible with every material and equipment and with

24   available materials from the Navy Supply System; (2) compatible with shipyard practices,

25   training, tools and capabilities; and (3) consistent with the ability of the crew to maintain the ship

26   during its service when shipyard help was unavailable using materials carried onboard.

[APR666675.DOC;1\12060.000025;1]
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 82 of 111
Case 2:11-cv-00458   Document 3   Filed 03/16/11   Page 53 of 72   p.7
540-372-7861

Mar 10 11 08:28p        Microsoft

14.    The Navy would not, and could not, permit a shipbuilder to interfere with the Navy's mission by placing warnings on any material or equipment (or in any instructions or manuals which accompanied the equipment) on any U.S. Navy ships or in any shipyards in which U.S. Navy ships were built or repaired that might cause sailors or workers to deviate from their mission or require the U.S. Navy to devote scarce resources to programs it deemed non-essential, in its unilateral view.

15.    The Navy had complete control over every aspect of each piece of material and equipment used on Navy ships.  Military specifications governed every characteristic of the material and equipment used on Navy ships, including the instructions and warnings.  Drawings for nameplates, texts of instruction manuals, and every other document relating to construction, maintenance, repair and operation of the vessel were approved by the Navy.  This control included the decision of what warnings should or should not be included.  Thus, the Navy controlled the decision making with respect to instructions and warnings on every piece of equipment.

16.    In addition to specifications regarding design and manufacturing of the ship itself, the Navy also had detailed specifications that governed the form and content of written materials to be delivered with material and equipment supplied to the Navy.  The Navy was intimately involved with and had final approval of all technical and engineering drawings, operating manuals, safety or hazard information and any other written information that accompanied a piece of equipment.  The Navy determined the nature of hazards to be subject to any precautionary labeling and the content of any such labeling.  In short, the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation and warnings associated with its ships and did not permit deviation from any of its contractors.

17.    In conclusion, in each and every instance where a contract shipyard like Lockheed contracted with the U.S. Navy, the U.S. Navy exercised direction and control over the design, manufacture, inspection and testing of all such ships.  Pursuant to the terms of all contracts that

{APR866925.DOC;1/23060.000229.}
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  Lockheed entered into with the U.S. Navy, the Navy retained ultimate authority to direct and

2  control the performance of the work and the materials used under the terms of the contracts.

3       18.    In this case, I have reviewed the social security records of Ron Berger and

4  Lockheed's history of the ships built at Lockheed when Berger may have worked there,

5  specifically the *USCGC Polar Star*, the *USCGC Polar Sea*, the *USS Emory S. Land*, the *USS*

6  *Frank Cable*, and the *USS McKee*. From my experience, I believe it is more likely than not that

7  the U.S. Coast Guard would have had inspection personnel present during the construction of the

8  *Polar Star* and the *Polar Sea*, which are both Coast Guard icebreakers. The *Emory Land*, the

9  *Frank Cable*, and the *McKee* were all U.S. Navy submarine tenders, on which U.S. Navy

10 inspectors would have been present during construction.  Any health and safety matter during

11 construction of these vessels would have been addressed by the U.S. Coast Guard and the U.S.

12 Navy.

13

14 March 10, 2011  Fredericksburg, Virginia          Roger B. Horne
   Date and Place                                     Roger B. Horne, Jr.

15

16

17

18

19

20

21

22

23

24

25

26

[APR866625.DOC:\V3060.000025\]
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

## CERTIFICATE OF SERVICE

I certify under the laws of the United States of America that on the 16th day of March 2011 I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF System and served counsel below by the method indicated:

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington  98104<br>**Attorney for Plaintiffs** | [  ]   U.S. Mail<br>[ X ]   Messenger<br>[  ]   Email<br>[  ]   CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington  98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington  98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation,<br>Hopeman Brothers, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |
| Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington  98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |

| | |
|---|---|
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |
| Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington 98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |
| Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington 98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |
| Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington 98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |
| Steven V. Rizzo<br>Rizzo Mattingly Bosworth<br>411 Southwest 2nd Avenue<br>Suite 200<br>Portland, Oregon 97204<br>srizzo@rizzopc.com<br>recordsmanagement@rizzopc.com<br>**Attorneys for International Paper Company** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]   Email<br>[  ]   CM/ECF |

| | |
|---|---|
| Katherine Steele<br>Katrina Mulligan<br>Stafford Frey<br>601 Union Street<br>Suite 3100<br>Seattle, Washington  98101<br>ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com<br>**Attorneys for J.T. Thorpe & Son, Inc., Metalclad Insulation Corp.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]  Email<br>[  ]   CM/ECF |
| Timothy Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington  98104-7010<br>thorson@carneylaw.com<br>berman@carneylaw.com<br>**Attorneys for Saberhagen Holdings, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]  Email<br>[  ]   CM/ECF |
| Matthew Turetsky<br>Schwabe Williamson & Wyatt<br>1420 Fifth Avenue<br>Suite 3010<br>Seattle, Washington  98101<br>mturetsky@schwabe.com<br>**Attorneys for General Refractories Co.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[ X ]  Email<br>[  ]   CM/ECF |

DATED this 16th day of Marcy 2011.

s/Robert G. André, WSBA#13072
Robert G. André

# EXHIBIT 9

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11  LOLA and MICHAEL BOUCHARD, wife and
husband,                                            )   NO.
                                                    )
12                          Plaintiffs,             )   DEFENDANT LOCKHEED SHIPBUILDING
                                                    )   COMPANY'S CORPORATE DISCLOSURE
13                                                  )   STATEMENT
          v.                                        )
14  CBS CORPORATION, et al.,                        )   King County Superior Court
                                                    )   Cause No. 10-2-32586-7 SEA
15                          Defendants.             )
                                                    )
16                                                  )
    LOLA and MICHAEL BOUCHARD, wife and             )
17  husband,                                        )   King County Superior Court
                                                    )   Cause No. 10-2-32587-5 SEA
18                          Plaintiffs,             )
                                                    )
          v.                                        )
19                                                  )
20  CSK AUTO, INC., et al,                          )
                                                    )
21                          Defendants.             )
                                                    )
22

23      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

24  WESTERN DISTRICT OF WASHINGTON:

25          Pursuant to Fed. R. Civ. P. 7.1, defendant Lockheed Shipbuilding Company makes the

26  following disclosures related to its corporate identity:

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    Lockheed Shipbuilding Company's parent company is Lockheed Martin.  Lockheed

2    Shipbuilding Company is a wholly owned subsidiary of Lockheed Martin Corporation.

3    Lockheed Martin Corporation discloses that it has no parent corporation and no publicly held

4    corporation owning 10% or more of its stock.

5    DATED this 16th day of March, 2011.

6                                         OGDEN MURPHY WALLACE, P.L.L.C.

7                              By    s/Robert G. André
                                     Robert G. André, WSBA #13072
8                                    1601 Fifth Avenue, Suite 2100
                                     Seattle, Washington 98101-1686
9                                    Tel: 206.447.7000/Fax: 206.447.0215
                                     Attorneys for Defendant
10                                   Lockheed Shipbuilding Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

APR866636.DOC:1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
CORPORATE DISCLOSURE STATEMENT - 2

## CERTIFICATE OF SERVICE

I certify under the laws of the United States of America that on the 16th day of March 2011 I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF System and served counsel below by the method indicated:

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington 98104<br>**Attorney for Plaintiffs** | [ ] U.S. Mail<br>[ X ] Messenger<br>[ ] Email<br>[ ] CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington 98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington 98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation,<br>Hopeman Brothers, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |
| Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington 98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ X ] Email<br>[ ] CM/ECF |

APR866636.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
CORPORATE DISCLOSURE STATEMENT - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| 1 | Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington  98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [ ]  U.S. Mail<br>[ ]  Messenger<br>[ X ]  Email<br>[ ]  CM/ECF |
| 5 | Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington  98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [ ]  U.S. Mail<br>[ ]  Messenger<br>[ X ]  Email<br>[ ]  CM/ECF |
| 10 | Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington  98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [ ]  U.S. Mail<br>[ ]  Messenger<br>[ X ]  Email<br>[ ]  CM/ECF |
| 15 | Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington  98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [ ]  U.S. Mail<br>[ ]  Messenger<br>[ X ]  Email<br>[ ]  CM/ECF |
| 22 | Steven V. Rizzo<br>Rizzo Mattingly Bosworth<br>411 Southwest 2nd Avenue<br>Suite 200<br>Portland, Oregon  97204<br>srizzo@rizzopc.com<br>recordsmanagement@rizzopc.com<br>**Attorneys for International Paper Company** | [ ]  U.S. Mail<br>[ ]  Messenger<br>[ X ]  Email<br>[ ]  CM/ECF |

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | |
|---|---|
| 1  Katherine Steele<br>    Katrina Mulligan<br>2  Stafford Frey<br>    601 Union Street<br>3  Suite 3100<br>4  Seattle, Washington  98101<br>    ksteele@staffordfrey.com<br>5  kmulligan@staffordfrey.com<br>6  **Attorneys for J.T. Thorpe & Son, Inc., Metalclad**<br>    **Insulation Corp.** | [ ]   U.S. Mail<br>[ ]   Messenger<br>[ X ]   Email<br>[ ]   CM/ECF |
| 7  Timothy Thorson<br>    Carney Badley Smith & Spellman<br>8  701 Fifth Avenue<br>9  Suite 3600<br>10 Seattle, Washington  98104-7010<br>    thorson@carneylaw.com<br>11 berman@carneylaw.com<br>    **Attorneys for Saberhagen Holdings, Inc.** | [ ]   U.S. Mail<br>[ ]   Messenger<br>[ X ]   Email<br>[ ]   CM/ECF |
| 12 Matthew Turetsky<br>13 Schwabe Williamson & Wyatt<br>    1420 Fifth Avenue<br>14 Suite 3010<br>15 Seattle, Washington  98101<br>    mturetsky@schwabe.com<br>16 **Attorneys for General Refractories Co.** | [ ]   U.S. Mail<br>[ ]   Messenger<br>[ X ]   Email<br>[ ]   CM/ECF |

17
18   DATED this 16th day of March 2011.

19                               s/Robert G. André, WSBA#13072
20                                 Robert G. André

21

22

23

24

25

26

DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
CORPORATE DISCLOSURE STATEMENT - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

# EXHIBIT 10

The Honorable Douglass North
Room W-764

1

2

3

4

5

6

7

8                    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                              IN AND FOR KING COUNTY

9    LOLA and MICHAEL BOUCHARD, wife and        )
10   husband,                                    )   NO. 10-2-32586-7 SEA
                                                 )
                              Plaintiffs,        )   DEFENDANT LOCKHEED SHIPBUILDING
11                                               )   COMPANY'S NOTICE OF REMOVAL TO
                                                 )   FEDERAL COURT
12           v.                                  )
13   CBS CORPORATION, et al.,                    )
                                                 )
14                            Defendants.        )
                                                 )
15   LOLA and MICHAEL BOUCHARD, wife and        )
16   husband,                                    )   NO. 10-2-32587-5 SEA
                                                 )
                              Plaintiffs,        )
17                                               )
             v.                                  )
18   CSK AUTO, INC., et al.,                      )
                                                 )
19                            Defendants.        )
                                                 )
20   ──────────────────────────────────────────

21   TO:          Clerk of the Court

22   AND TO:      Plaintiffs, Lola Bouchard and Michael Bouchard, and their attorney, Janet Rice

23           NOTICE IS HEREBY GIVEN, pursuant to 28 U.S.C. § 1446(d), that on March 16, 2011,

24   defendant Lockheed Shipbuilding Company filed a Notice of Removal of Action Under 28

25   U.S.C. §§ 1442(a)(1), a copy of which is attached to this notice, for removal of the above entitled

26

APR866227.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL TO FEDERAL COURT - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   consolidated actions to the United States District Court for the Western District of Washington at

2   Seattle.

3          The filing of this copy of the Notice of Removal effects the removal of this case, and,

4   pursuant to 28 U.S.C. § 1446(d), the State court shall proceed no further unless and until the case

5   is remanded.

6          DATED this 16th day of March, 2011.

7                                              OGDEN MURPHY WALLACE, P.L.L.C.

8

9                              By _____

10                                             Robert G. André, WSBA #13072
                                               Attorneys for Defendant
11                                             Lockheed Shipbuilding Company

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

APR866227.DOC;1\12060.000025\
**DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL TO FEDERAL COURT - 2**

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

## DECLARATION OF SERVICE

Carole Henry hereby makes the following declaration pursuant to CR 5(b)(B) and RCW 9A.72.085:

1. I am now and was at all times material hereto over the age of 18 years. I am not a party to the above-entitled action and am competent to be a witness herein.

2. I certify that I served via messenger a copy of the foregoing Defendant Lockheed Shipbuilding Company's Notice of Removal to Federal Court to Janet Rice, plaintiffs' attorney, at Schroeter Goldmark & Bender, 810 Third Avenue, Suite 500, Seattle, Washington, 98104, and e-mailed to defendants' attorneys at:

Gene Barton
Karr Tuttle Campbell
1201 Third Avenue
Suite 2900
Seattle, Washington 98101
gbarton@karrtuttle.com
**Attorneys for Todd Shipyards Corp.**

Dirk Bernhardt
Murray Dunham Murray
P.O. Box 9844
200 West Thomas
Suite 350
Seattle, Washington 98109-0844
dirk@murraydunham.com
**Attorneys for Foster Wheeler Energy Corporation, Hopeman Brothers, Inc.**

Jan Brucker
Greg Thoming
Rebecca Thorn
Rick Rosser
Jackson Jenkins Renstrom
701 Fifth Avenue
42nd Floor
Seattle, Washington 98104
jbrucker@jjr-law.com
gthorming@jjr-law.com
rthorn@jjr-law.com
**Attorneys for E&E Lumber, Inc.**

Richard Gawlowski
Wilson Smith Cochran & Dickerson
1215 Fourth Avenue
Suite 1700
Seattle, Washington 98161-1007
gawlowski@wscd.com
**Attorneys for Metropolitan Life Insurance Co.**

APR866227.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL TO FEDERAL COURT - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   Diane Kero
    Gordon Thomas
2   600 University Street
    Suite 2100
3   Seattle, Washington  98101
4   dkero@gth-law.com
    **Attorneys for Saint Gobain Containers, Inc.**

5
6   Barry Mesher
    Brian Zeringer
7   Lane Powell
    1420 Fifth Avenue
8   Suite 4100
    Seattle, Washington  98101-2338
9   mesherb@lanepowell.com
    zeringerb@lanepowell.com
10  lowesheedyl@lanepowell.com
    asbestos@lanepowell.com
11  **Attorneys for Georgia Pacific**

12
    Katherine Steele
13  Katrina Mulligan
    Stafford Frey
14  601 Union Street
    Suite 3100
15  Seattle, Washington  98101
16  ksteele@staffordfrey.com
    kmulligan@staffordfrey.com
17  **Attorneys for J.T. Thorpe & Son, Inc.,**
    **Metalclad Insulation Corp.**
18
19  Matthew Turetsky
    Schwabe Williamson & Wyatt
20  1420 Fifth Avenue
    Suite 3010
21  Seattle, Washington  98101
22  mturetsky@schwabe.com
    **Attorneys for General Refractories Co.**
23
    on the 16th day of March 2011.
24
25
26

Stephen Leatham
Heurlin & Potter
211 East McLoughlin Boulevard
Suite 100
Vancouver, Washington  98666-0611
sgl@hpl-law.com
**Attorneys for CSK Auto**

Steven V. Rizzo
Rizzo Mattingly Bosworth
411 Southwest 2nd Avenue
Suite 200
Portland, Oregon  97204
srizzo@rizzopc.com
recordsmanagement@rizzopc.com
**Attorneys for International Paper Company**

Timothy Thorson
Carney Badley Smith & Spellman
701 Fifth Avenue
Suite 3600
Seattle, Washington  98104-7010
thorson@carneylaw.com
berman@carneylaw.com
**Attorneys for Saberhagen Holdings, Inc.**

APR866227.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL TO FEDERAL COURT - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    I declare under penalty of perjury under the laws of the State of Washington that the

2    foregoing is true and correct.

3    _Mar 16/11_ _Seattle Wa_ _____    _Carole Henry_ _____

4    Date and Place                              Carole Henry

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

APR866227.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL TO FEDERAL COURT - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

# EXHIBIT 11

1

2

3

4

5

6

7

8                            BEFORE THE JUDICIAL PANEL
                                        ON
9                            MULTIDISTRICT LITIGATION

10   LOLA and MICHAEL BOUCHARD, wife and      )
11   husband,                                 )   MDL DOCKET NO. 875
                                              )
12                        Plaintiffs,         )   DEFENDANT LOCKHEED SHIPBUILDING
                                              )   COMPANY'S NOTICE OF TAG-ALONG
13            v.                              )   ACTION
                                              )
14   CBS CORPORATION, *et al.*,               )   W.D. WASH. NO.
                                              )
15                        Defendants.         )
                                              )
16   LOLA and MICHAEL BOUCHARD, wife and      )
17   husband,                                 )
                                              )
18                        Plaintiffs,         )
                                              )
19            v.                              )
                                              )
20   CSK AUTO, INC., et al,                   )
                                              )
21                        Defendants.         )
                                              )

22

23   TO:    Clerk of the Panel, Judicial Panel on Multidistrict Litigation:

24            PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on Multidistrict

25   Litigation entered an order transferring all asbestos cases pending in federal court to the United

26   States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial

APR.866638.DOC;1\12060.000025\
NOTICE OF TAG-ALONG ACTION - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order").  That order also applies to

2  "tag-along actions," or actions involving common questions of fact filed after the January 17,

3  1991 filing of the Panel's Order to Show Cause.  Panel Rules 1.1 and 7.4(a) provide:

4          Any party or counsel in action previously transferred under section
           1407 or under consideration by the Panel for transfer under section
5          1407 shall notify the Clerk of the Panel of any potential "tag-along
           actions" in which that party is also named or in which that counsel
6          appears.

7        The undersigned hereby notifies the Court that this case, currently pending in United

8  States District Court of Western District of Washington at Seattle (No. _____), is a

9  potential "tag-along action" which may be subject to transfer to the Eastern District of

10 Pennsylvania.  The Clerk of the Panel may either (1) enter a conditional transfer order pursuant

11 to MDL Rule 7.4 or (2) file an order to show cause why the action should not be transferred,

12 pursuant to MDL Rule 7.3.

13       DATED this _____ day of March, 2011.

14                    OGDEN MURPHY WALLACE, P.L.L.C.

15

16                  By   s/Robert G. André
                        Robert G. André, WSBA #13072
17                      1601 Fifth Avenue, Suite 2100
                        Seattle, Washington 98101-1686
18                      Tel: 206.447.7000/Fax: 206.447.0215
                        Attorneys for Defendant
19                      Lockheed Shipbuilding Company

20

21

22

23

24

25

26

APR866638.DOC;1\12060.000025\

NOTICE OF TAG-ALONG ACTION - 2



1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
9                          AT SEATTLE

10

11   LOLA and MICHAEL BOUCHARD, wife and        )   NO.
     husband,                                    )
12                                               )   DECLARATION OF RET. ADMIRAL
                          Plaintiffs,            )   ROGER B. HORNE IN SUPPORT OF
13                                               )   NOTICE OF REMOVAL OF ACTION
                    v.                           )   UNDER 28 U.S.C. § 1442(a)(1)
14                                               )
     CBS CORPORATION, *et al.*,                   )
15                                               )   King County Superior Court
                          Defendants.            )   Cause No. 10-2-32586-7 SEA
16                                               )
     LOLA and MICHAEL BOUCHARD, wife and        )
17   husband,                                    )
                                                 )
18                        Plaintiffs,            )
                                                 )
19                  v.                           )
                                                 )
20   CSK AUTO, INC., et al.,                     )   King County Superior Court
                                                 )   Cause No. 10-2-32587-5 SEA
21                        Defendants.            )
                                                 )
22

23        I, Roger B. Horne, Jr., being under penalty of perjury, declare and say:

24        1.      I am a retired Rear Admiral of the United Stated Navy, in which I served between

25   1956 and 1991.

26

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

2.     I began my Navy career in 1956, immediately after receiving a Bachelor of Science degree in Naval Engineering from the United States Naval Academy at Annapolis, Maryland.   I have also received extensive post-graduate education in naval engineering, including a Master of Science Degree in Mechanical Engineering from the U.S. Naval Postgraduate School, and have taught Naval Engineering as a Visiting Professor at the University of Michigan.  Throughout my Navy career, I concentrated in areas of ship design, engineering, construction, overhaul and inspection.  Ultimately, I achieved the rank of Chief Engineer and Deputy Commander, Naval Sea Systems Command ("NAVSEA") for Ship Design and Engineering.   Prior to that, I served as Deputy Commander, NAVSEA for Facilities and Industrial Management; Commander, Puget Sound Naval Shipyard; Commander, Engineering Duty Officer School; Production and Repair Officer, Mare Island Naval Shipyard; Nuclear Engineering Manager, Puget Sound Naval Shipyard; Nuclear Submarine Inspector Officer, Supervisor of Shipbuilding Office, Ingalls Shipyard and Chief Engineer in the USS Ozbourn (DD 846).

3.     In addition to my training and experience in Navy ship construction, as outlined above, I have been recognized for achievements in the field of marine machinery and engineering, and have received three Navy Legion of Merit Awards and three Meritorious Service Awards for Engineering and Industrial Achievement and an award from the Marine Machinery Association.

4.     I submit this Declaration in support of defendant Lockheed Shipbuilding Company's ("Lockheed") Notice of Removal to attest to the level of supervision, direction and control exercised by the U.S. Government over the design, manufacture, maintenance and repairs of military vessels.  In addition, I have personal knowledge of the comprehensive plans, specifications and requirements which governed contract shipyards like Lockheed.   More particularly, I can attest that any and all work performed on Navy and Coast Guard ships at contract shipyards such as Lockheed was reviewed and inspected by U.S. Government personnel

[APR86625.DOC;1\2060.000025.1]
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

Case MDL No. 875   Document 7037   Filed 04/20/11   Page 104 of 111
Case 2:11-cv-00458   Document 2   Filed 03/16/11   Page 3 of 10
540-372-7861                                                          p.4

Mar 10 11 08:27p        Microsoft

1  in the vendor's site.  In many instances during my career I personally inspected work to verify

2  conformance with the requirements specified, although more immediate supervision typically

3  was exercised by officers and other Navy personnel under my command or the command of

4  NAVSEA or its predecessor, the Bureau of Ships ("BUSHIPS").

5      5.     Ships built for the Navy, including those built at contract shipyards like

6  Lockheed, were built according to detailed specifications prepared, written, approved and issued

7  exclusively by the Navy, specifically NAVSEA or BUSHIPS.  In my role as Chief Engineer and

8  Deputy Commander for NAVSEA's Ship Design and Engineering Division, I was personally

9  responsible to the Commander of NAVSEA for developing ship designs and providing overall

10  technical support to the operating fleet, including technical support for the maintenance of Navy

11  ships, and Navy ships under construction.  I was also responsible for maintaining naval ship

12  military specifications and for monitoring compliance with the specifications by all vendors and

13  contractors of naval equipment.

14      6.     In my opinion, and to a reasonable degree of engineering certainty, military

15  specifications mandated the use of asbestos-containing materials in the construction,

16  maintenance and repair of Navy ships.  BUSHIPS issued, maintained and controlled these

17  specifications largely because it had superior knowledge to private shipyards of the demands and

18  requirements of combat-ready Navy vessels.  The Navy had great concern for the safety of its

19  crews and effective operation of ships undergoing needed repairs for combat situations.  These

20  specifications reflected the state of the art at the time and the special needs of combat vessels.

21  Ownership and custody of these military vessels, as well as the materials used to build the

22  vessels, vested in the U.S. Navy.

23      7.     The Navy chain of command concerning ship construction involves several layers

24  of authority related to technical and contractual control over Navy shipbuilding.  The Secretary

25  of the Navy [subject to the President and Congress] has ultimate authority over the Navy and

26  Navy shipbuilding; immediately below the Secretary, as has been the case since the creation of

[APR866625.DOC;1\12069.000025\ ]
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  NAVSEA, is the Chief of Naval Operations ("CNO"), to whom NAVSEA reports.  Prior to the

2  establishment of NAVSEA, BUSHIPS controlled all combat ship design and construction and

3  reported to the CNO as well as a civilian Assistant Secretary.  Since the creation of NAVSEA,

4  NAVSEA reports to the CNO for all military ship design and construction.  (See Exhibits A and

5  B).

6          8.      Under the command of NAVSEA, as was the case with BUSHIPS, the Navy's

7  shipbuilding structure was comprised of several divisions and levels of authority concerning ship

8  design, construction, repair and inspection.  Technical and contractual control over shipboard

9  equipment and material was directed by the Commander of Naval Sea Systems and the

10  Commander of Naval Supply.  Each of these two organizations had oversight responsibility

11  concerning all aspects of ship construction, including the requirement that asbestos be used in the

12  insulation of vessels built and/or repaired for the Navy in the 1960s and early 1970s.

13  Compliance with the standards and specifications required for naval ships was directly monitored

14  by Naval inspectors under both of these divisions:  the inspectors under Naval Supply worked

15  on-site at the vendor's (in this case Lockheed's) manufacturing facility, and the inspectors under

16  Naval Sea Systems Commands carried out their responsibilities at the contract shipbuilding

17  yards, such as the Lockheed shipyard in Seattle.  Moreover, it was common in my experience for

18  Directors of the Naval Inspections, who worked for me at times during my career, to inspect the

19  shipbuilding process at the vendors' sites and to make certain that the work was being done

20  properly and that the materials used met the required specifications.

21          9.      In my experience, it was the Naval Inspectors who exercised primary, frontline

22  control over the work performed for the Navy at both government shipyards and contract

23  shipyards such as Lockheed in the construction, maintenance and repair of Navy ships.  The

24  Naval Inspectors were responsible for assuring that civilian contractors such as Lockheed

25  followed the required contract specifications as they relate to naval shipbuilding.  Further, the

26

{APK366625.DOC;1\12060.000025\ }
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1   Naval Inspectors would report to their superiors any violations or failures to comply with the

2   specifications.

3       10.    The Navy retained the "final say" over the design of every ship, and made the

4   ultimate decision regarding how to resolve an engineering disagreement between the Navy and

5   an outside supplier.

6       11.    Equipment and materials used during the 1940s, 1950s, 1960s and 1970s to the

7   United States Navy for use on U.S. Navy ships was always required to comply with the detailed

8   specifications issued by the government. These specifications dictated the materials that

9   Lockheed was required to use in every component part of shipbuilding. These specifications

10  were made part of the contract, and strict compliance therewith was mandatory.

11      12.    In addition, I can attest that the military specifications for all materials and

12  equipment intended for use aboard Navy vessels were drafted, approved and maintained by the

13  Navy, specifically NAVSEA, to address all aspects of shipboard equipment and materials

14  requirements, including the materials to be used, and any changes to these specifications were

15  made by the Navy. NAVSEA maintained and controlled the MilSpecs largely because it had

16  superior knowledge of the demands and requirements of combat-ready vessels. NAVSEA or

17  BUSHIPS also prepared contract specifications which incorporated the MilSpecs. These

18  specifications reflected the state of the art and the special needs of combat vessels destined for

19  combat with our sailors.

20      13.    The Navy specifications also covered the nature of any communication affixed to

21  materials and equipment supplied to the Navy. The Navy could not, and did not, permit its

22  contractors to implement any changes because every aspect of every item of materials and

23  equipment had to be: (1) functionally compatible with every material and equipment and with

24  available materials from the Navy Supply System; (2) compatible with shipyard practices,

25  training, tools and capabilities; and (3) consistent with the ability of the crew to maintain the ship

26  during its service when shipyard help was unavailable using materials carried onboard.

{APR866625.DOC;1\12060.000025\}
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

14.    The Navy would not, and could not, permit a shipbuilder to interfere with the Navy's mission by placing warnings on any material or equipment (or in any instructions or manuals which accompanied the equipment) on any U.S. Navy ships or in any shipyards in which U.S. Navy ships were built or repaired that might cause sailors or workers to deviate from their mission or require the U.S. Navy to devote scarce resources to programs it deemed non-essential, in its unilateral view.

15.    The Navy had complete control over every aspect of each piece of material and equipment used on Navy ships.  Military specifications governed every characteristic of the material and equipment used on Navy ships, including the instructions and warnings.  Drawings for nameplates, texts of instruction manuals, and every other document relating to construction, maintenance, repair and operation of the vessel were approved by the Navy.  This control included the decision of what warnings should or should not be included.  Thus, the Navy controlled the decision making with respect to instructions and warnings on every piece of equipment.

16.    In addition to specifications regarding design and manufacturing of the ship itself, the Navy also had detailed specifications that governed the form and content of written materials to be delivered with material and equipment supplied to the Navy.  The Navy was intimately involved with and had final approval of all technical and engineering drawings, operating manuals, safety or hazard information and any other written information that accompanied a piece of equipment.  The Navy determined the nature of hazards to be subject to any precautionary labeling and the content of any such labeling.  In short, the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation and warnings associated with its ships and did not permit deviation from any of its contractors.

17.    In conclusion, in each and every instance where a contract shipyard like Lockheed contracted with the U.S. Navy, the U.S. Navy exercised direction and control over the design, manufacture, inspection and testing of all such ships.  Pursuant to the terms of all contracts that

{APH866625.DOC;3U3060.000025A }
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  Lockheed entered into with the U.S. Navy, the Navy retained ultimate authority to direct and

2  control the performance of the work and the materials used under the terms of the contracts.

3      18.    In this case, I have reviewed the social security records of Ron Berger and

4  Lockheed's history of the ships built at Lockheed when Berger may have worked there,

5  specifically the *USCGC Polar Star*, the *USCGC Polar Sea*, the *USS Emory S. Land*, the *USS*

6  *Frank Cable*, and the *USS McKee*. From my experience, I believe it is more likely than not that

7  the U.S. Coast Guard would have had inspection personnel present during the construction of the

8  *Polar Star* and the *Polar Sea*, which are both Coast Guard icebreakers. The *Emory Land*, the

9  *Frank Cable*, and the *McKee* were all U.S. Navy submarine tenders, on which U.S. Navy

10  inspectors would have been present during construction. Any health and safety matter during

11  construction of these vessels would have been addressed by the U.S. Coast Guard and the U.S.

12  Navy.

13

14  <u>March 10, 2011  Fredericksburg, Virginia</u>        *Roger B Horne*
     Date and Place                                    Roger B. Horne, Jr.

15

16

17

18

19

20

21

22

23

24

25

26

1APR866925.DOC:M2060.000025\ )
DECLARATION OF RET. ADM. ROGER B. HORNE
IN SUPPORT OF NOTICE OF REMOVAL OF ACTION - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

## CERTIFICATE OF SERVICE

I certify under the laws of the United States of America that on the 16th day of March 2011 I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF System and served counsel below by the method indicated:

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington 98104<br>**Attorney for Plaintiffs** | [ ]   U.S. Mail<br>[ X ]   Messenger<br>[ ]   Email<br>[ ]   CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington 98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [ ]   U.S. Mail<br>[ ]   Messenger<br>[ X ]   Email<br>[ ]   CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington 98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation, Hopeman Brothers, Inc.** | [ ]   U.S. Mail<br>[ ]   Messenger<br>[ X ]   Email<br>[ ]   CM/ECF |
| Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington 98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [ ]   U.S. Mail<br>[ ]   Messenger<br>[ X ]   Email<br>[ ]   CM/ECF |

| | |
|---|---|
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington  98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [  ]    U.S. Mail<br>[  ]    Messenger<br>[ X ]  Email<br>[  ]    CM/ECF |
| Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington  98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [  ]    U.S. Mail<br>[  ]    Messenger<br>[ X ]  Email<br>[  ]    CM/ECF |
| Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington  98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [  ]    U.S. Mail<br>[  ]    Messenger<br>[ X ]  Email<br>[  ]    CM/ECF |
| Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington  98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [  ]    U.S. Mail<br>[  ]    Messenger<br>[ X ]  Email<br>[  ]    CM/ECF |
| Steven V. Rizzo<br>Rizzo Mattingly Bosworth<br>411 Southwest 2nd Avenue<br>Suite 200<br>Portland, Oregon  97204<br>srizzo@rizzopc.com<br>recordsmanagement@rizzopc.com<br>**Attorneys for International Paper Company** | [  ]    U.S. Mail<br>[  ]    Messenger<br>[ X ]  Email<br>[  ]    CM/ECF |

| Katherine Steele<br>Katrina Mulligan<br>Stafford Frey<br>601 Union Street<br>Suite 3100<br>Seattle, Washington  98101<br>ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com<br>**Attorneys for J.T. Thorpe & Son, Inc., Metalclad Insulation Corp.** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[ X ]  Email<br>[  ]  CM/ECF |
|---|---|
| Timothy Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington  98104-7010<br>thorson@carneylaw.com<br>berman@carneylaw.com<br>**Attorneys for Saberhagen Holdings, Inc.** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[ X ]  Email<br>[  ]  CM/ECF |
| Matthew Turetsky<br>Schwabe Williamson & Wyatt<br>1420 Fifth Avenue<br>Suite 3010<br>Seattle, Washington  98101<br>mturetsky@schwabe.com<br>**Attorneys for General Refractories Co.** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[ X ]  Email<br>[  ]  CM/ECF |

DATED this 16th day of Marcy 2011.

s/Robert G. André, WSBA#13072
Robert G. André