## U.S. District Court
## Western District of Missouri (Kansas City)
## CIVIL DOCKET FOR CASE #: 4:11-cv-00305-SOW
## Internal Use Only

Allhands v. BNSF Railway Company
Assigned to: District Judge Scott O. Wright
Cause: 45:51 Railways: Fed. Employer's Liability Act

Date Filed: 03/22/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Charles Allhands**     represented by   **Douglas P. Wilson**
20 E. Franklin St.
Liberty, MO 64068
(816) 587-1911
Fax: (816) 781-6152
Email: dougwilsonkc@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Norton**
Jones & Granger
10,000 Memorial Drive
#888
Houston, TX 77024
(713)668-0230

V.

**Defendant**

**BNSF Railway Company**
*Individually and as Successor-in-Interest to the Burlington Northern, Inc., Burlington Northern & Santa Fe Railway Company*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2011 | 1 | COMPLAINT against BNSF Railway Company filed by Douglas P. Wilson on behalf of Charles Allhands. Filing fee $350, receipt number 0866-2664126. Service due by 7/25/2011. (Attachments: # 1 Civil Cover Sheet)(Wilson, Douglas) (Entered: 03/23/2011) |
| 03/24/2011 | 2 | ***Remark: Notification letter regarding inactive membership status sent via email to plaintiff's counsel, Robert Norton. (Martin, Jan) (Entered: |

| | | |
|---|---|---|
| | | 03/24/2011) |
| 03/24/2011 | 3 | Notice of EAP assignment to Program Administrator sent via electronic notice to plaintiff's counsel. (Attachments: # 1 EAP General Order)(Martin, Jan) (Entered: 03/24/2011) |
| 04/20/2011 | 4 | NOTICE of filing *Notice of Related Case (MDL)* by Charles Allhands (Wilson, Douglas) (Entered: 04/20/2011) |
| 04/21/2011 | | ***Remark: Notification letter regarding potential MDL sent to the panel. (Martin, Jan) (Entered: 04/21/2011) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHARLES ALLHANDS ) | |
| ) | |
| PLAINTIFF, ) | |
| vs. ) | |
| ) | Case # |
| BNSF RAILWAY COMPANY ) | |
| (Individually and as Successor-in- ) | |
| Interest to the Burlington Northern, ) | |
| Inc., Burlington Northern ) | |
| & Santa Fe Railway Company and ) | |
| Atchison Topeka and Santa Fe ) | |
| Railway Company) ) | |

SERVE:  Registered Agent Springfield, LTD
        1845 S. National
        Springfield, MO 65804

## COMPLAINT

NOW COMES PLAINTIFF, CHARLES ALLHANDS, by and through counsel, and for this action against the BNSF Railway Company (Individually and as Successor-in-Interest to the Burlington Northern, Inc., Burlington Northern & Santa Fe Railway Company and Atchison Topeka & Santa Fe Railway Company), hereinafter "Defendant Railroad", respectfully state:

1. Plaintiff CHARLES ALLHANDS is a resident of Springfield, Missouri, who worked for the Defendant Railroad and/or its predecessors from 1964 to 1996 as a laborer. He worked a portion of his career in and around the Defendant Railroad's yards and shops in Missouri. He has been diagnosed with an

occupational lung disease.   2. That at all times mentioned herein, and for some time prior thereto and thereafter, the BNSF Railway Company (Individually and as Successor-in-Interest to the Burlington Northern, Inc., Burlington Northern Santa Fe Railway Company and Atchison Topeka & Santa Fe Railway Company), and/or its predecessors in interest, were engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, did operate its business, maintain offices and place its agents, servants and employees throughout the state of Missouri.

3. That during the course of Plaintiff's employment, the Defendant Railroad was engaged in interstate commerce as a common carrier by rail, and all or part of his duties were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 1 et. seq., which Act grants this Court jurisdiction over this action.

4. That during the course of Plaintiff's employment with the Defendant Railroad, he was engaged in the course of his employment performing his crafts and in other various roles and capacities where he was required and caused to work with, and in the vicinity of, toxic substances and dusts including dust from asbestos-containing products and materials, which caused him to suffer severe and permanent personal injuries.

5. That at all times relevant, Plaintiff was unaware of the dangerous

propensities of the asbestos and asbestos containing products he was required to work with and around and was unaware of the cause of any latent, abnormal medical condition.

## COUNT I - NEGLIGENCE

6. Plaintiff re-alleges Paragraphs 1-5 as if restated here verbatim.

7. That the Defendant Railroad, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiff with a reasonably safe place within which to work;

(b) in failing to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiff of the true nature and hazardous effects of exposure to asbestos and asbestos containing products;

(d) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing products that contained or produced hazardous dusts and toxins, including asbestos;

(e) in failing to provide adequate, if any, instructions in the use or removal of products that contained asbestos or produced asbestos dust;

(f) in failing to provide Plaintiff with safe and proper ventilation systems in the workplace;

(g) in failing to inquire of the suppliers of products to its shops regarding the hazardous nature of exposure to asbestos contained in such products;

(h) in requiring Plaintiff to work with and around ultra-hazardous products, namely asbestos; and

(i) in failing to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to asbestos.

8. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the Defendant Railroad.

## COUNT II - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

9. Plaintiff re-alleges Paragraphs 1-8 as if set forth herein verbatim.

10. That during the course of his employment and in the performance of his duties with the Defendant Railroad, Plaintiff worked with, came into contact with, and was physically struck with hazardous dusts, including asbestos fibers and other toxic substances. Plaintiff's contact with these hazardous dusts, occurred directly with his clothing, skin, mouth, nose, and respiratory and digestive tract.

11. That Plaintiff's contact with these hazardous dusts have manifested in the form of occupationally-related injuries to Plaintiff.

12. That Plaintiff has been informed by physicians that as a result of his employment with the Defendant Railroad, he is at a significantly increased risk for the development of various medical ailments, including but not limited to

progressive lung disease, bronchogenic carcinomas and gastro-intestinal carcinomas. Further, his expected life span has been greatly diminished.

13. That as a result, in whole or in part, of one or more of the Defendant Railroad's aforementioned negligent acts or omissions, Plaintiff has suffered mental anguish, distress and a decreased ability to enjoy life.

## DAMAGES COMMON TO ALL COUNTS

14. That as a result of the Defendant Railroad's negligent actions as described above, Plaintiff has suffered pain, nervousness and mental anguish. Plaintiff will be forced to suffer the same for the remainder of his life and his enjoyment of life has been greatly reduced. Also, as a result of the Defendant Railroad's negligent acts and omissions, Plaintiff's expected life span has been greatly shortened.

15. Further, Plaintiff will incur medical expenses necessary to monitor his permanent and progressive conditions, including regular and periodic chest x-rays, computerized tomography scans, pulmonary function tests, blood work and physical examinations, which may lead to other testing, all in an attempt to adequately diagnose and treat his conditions, which includes a significantly increased risk of the development and progression of the ailments and carcinomas set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendant Railroad, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with costs and all other relief permitted.

PLAINTIFF DEMANDS A JURY TRIAL

                    Respectfully submitted,

                    LAW OFFICE OF DOUGLAS P. WILSON, LLC

                    "/s/*Douglas P. Wilson*"
                    DOUGLAS P. WILSON
                    Missouri Bar No. 40805
                    20 E. Franklin St.
                    Liberty, MO 64068
                    (816) 587-1911
                    (816) 781-6152 Fax
                    dougwilsonkc@gmail.com

                    and

                    Robert L. Norton
                    JONES, GRANGER, TRAMUTO & HALSTEAD
                    10,000 Memorial Drive, #888
                    Houston, TX 77024
                                  (713) 668-0230
                    (713) 956-7139 fax
                    bnor@jonesgranger.com

                    ATTORNEYS FOR PLAINTIFF