IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Ervin Adams Sr.,
      Plaintiff                 )       Asbestos Case-MDL
                               )
v.                           )       Civil Action No.: 4:11-cv-03304-MSD
                               )       Newport News
General Electric Co., et al,     )       Circuit Court Case No.:
      Defendants         )       CL1000980T-01
                               )

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

      The plaintiff, Ervin Adams Sr., by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

      The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

      On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>     any of the following may be removed by them to the district court of the United
>     States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting
>     under that officer) or the United States or of any agency thereof, sued in an
>     official or individual capacity for any act under color of such office or on account
>     of any right, title or authority claimed under any Act of Congress for the
>     apprehension or punishment of criminals or the collection of the revenue.

      Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

John D. Welch Company from 1956 to 1970

Norfolk Naval Shipyard from 1980 to 2000

The plaintiff's complaint does not say whether his work around General Electric asbestos-containing products was done on United States naval vessels or strictly on commercial, non-military vessels.  The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal: evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.    The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. §

1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.

/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Ervin Adams Sr.,
    Plaintiff                 )        Asbestos Case-MDL
                              )
v.                             )        Civil Action No.: 4:11-cv-03304-MSD
                              )        Newport News
General Electric Co., et al       )        Circuit Court Case No.:
    Defendants           )        CL1000980T-01
                              )

## ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Ervin Adams Sr.'s Motion for

Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.


_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Mark Baker, | ) | Asbestos Case-MDL |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03305-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1000984F-15 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Mark Baker, by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following civilian locations and during the following years:

Metro Machine Inc from 1979 to 1982

Dolphin Ship Repair from 1982 to 1984

Colonnas Shipyard from 1984 to 1990

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.     The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra* the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch.

Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

<div align="right">

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

</div>

## Certificate of Service

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Mark Baker ,
     Plaintiff               )         Asbestos Case-MDL
                              )
v.                         )         Civil Action No.: 4:11-cv-03305-MSD
                              )         Newport News
General Electric Co., et al         )         Circuit Court Case No.:
     Defendants        )         CL1000984F-15
                              )

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Mark Baker 's Motion for Remand to

the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| George Beale, | ) | Asbestos Case-MDL |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03303-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1000990T-01 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, George Beale , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

    28 U.S.C. § 1442(a)(1) states:
    **§ 1442 Federal officers or agencies sued or prosecuted**
  (a)  A civil action or criminal prosecution commenced in a State court against
     any of the following may be removed by them to the district court of the United
     States for the district and division embracing the place wherein it is pending:
     (1) The United States or any agency thereof or any officer (or any person acting
     under that officer) or the United States or of any agency thereof, sued in an
     official or individual capacity for any act under color of such office or on account
     of any right, title or authority claimed under any Act of Congress for the
     apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following civilian locations and during the following years:

Colonnas Shipyard from 1975 to 1977

Norfolk Shipbuilding & Drydock from 1977 to 1980

Lyons Shipyard from 1980 to 1984

Colonnas Shipyard from 1984 to 1987

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.     The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch.

Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.

/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| George Beale, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03303-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000990T-01 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff George Beale's Motion for Remand to

the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Michael Belch, | ) | Asbestos Case-MDL |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03298-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000991J-02 |
| | ) | |

OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Michael Belch, by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>        any of the following may be removed by them to the district court of the United
>        States for the district and division embracing the place wherein it is pending:
>        (1) The United States or any agency thereof or any officer (or any person acting
>        under that officer) or the United States or of any agency thereof, sued in an
>        official or individual capacity for any act under color of such office or on account
>        of any right, title or authority claimed under any Act of Congress for the
>        apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

American Shipbuilding Co from 2/1974 to 6/1974

US Navy from 7/1974 to 4/1997

Neither the plaintiff's complaint nor any other filing on the part of the plaintiff says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.     The defendant is inventing this "assertion" by plaintiff from whole cloth.   At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. §

1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal.

According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Michael Belch, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03298-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000991J-02 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Michael Belch 's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.


_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| John Bell,<br>     Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03300-MSD |
| | ) | Newport News |
| General Electric Co., et al,<br>     Defendants | ) | Circuit Court Case No.: |
| | ) | CL1000993V-04 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, John Bell, by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

US Coast Guard Curtis Bay Shipyard from 6/1965 to 7/1970

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.       The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.     The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.   *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.   It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.   GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".   *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
    1) the United States approved reasonably precise specifications;
    2) the equipment conformed to those specifications; and
    3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the

Circuit Court for Newport News where it properly belongs.

<div align="center">Respectfully submitted,</div>

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


<div align="center"><u>**Certificate of Service**</u></div>

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| John Bell, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03300-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000993V-04 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff John Bell's Motion for Remand to the

Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.


_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Leon Bell, | ) | Asbestos Case-MDL |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03301-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1000994F-15 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Leon Bell , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>   any of the following may be removed by them to the district court of the United
>   States for the district and division embracing the place wherein it is pending:
>   (1) The United States or any agency thereof or any officer (or any person acting
>   under that officer) or the United States or of any agency thereof, sued in an
>   official or individual capacity for any act under color of such office or on account
>   of any right, title or authority claimed under any Act of Congress for the
>   apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Norfolk Naval Shipyard from 9/1965 to 11/1969

Metro Machine from 1970 to 1971

Newport News Shipyard from 1972 to 1973

Surry Nuclear Power Plant from 1974 to 1975

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.  The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.   The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch.

Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**
I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Leon Bell,
      Plaintiff              )         Asbestos Case-MDL
                             )
v.                          )         Civil Action No.: 4:11-cv-03301-MSD
                             )         Newport News
General Electric Co., et al       )         Circuit Court Case No.:
      Defendants        )         CL1000994F-15
                             )

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Leon Bell 's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Paul Bellamy, | | |
|     Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03302-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1000996J-02 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Paul Bellamy , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

    28 U.S.C. § 1442(a)(1) states:
    **§ 1442 Federal officers or agencies sued or prosecuted**
  (a)  A civil action or criminal prosecution commenced in a State court against
      any of the following may be removed by them to the district court of the United
      States for the district and division embracing the place wherein it is pending:
      (1) The United States or any agency thereof or any officer (or any person acting
      under that officer) or the United States or of any agency thereof, sued in an
      official or individual capacity for any act under color of such office or on account
      of any right, title or authority claimed under any Act of Congress for the
      apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Local Union 1248 from 1962 to 2004

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.    The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.   *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.   It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.   GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".   *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
>> 1) the United States approved reasonably precise specifications;
>> 2) the equipment conformed to those specifications; and
>> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.

/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Paul Bellamy, | | |
|     Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03302-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1000996J-02 |
| | ) | |

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Paul Bellamy 's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Herbert Boone , | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03283-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001000T-01 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Herbert Boone, by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against
>    any of the following may be removed by them to the district court of the United
>    States for the district and division embracing the place wherein it is pending:
>    (1) The United States or any agency thereof or any officer (or any person acting
>    under that officer) or the United States or of any agency thereof, sued in an
>    official or individual capacity for any act under color of such office or on account
>    of any right, title or authority claimed under any Act of Congress for the
>    apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Newport News Shipyard from 1967 to 1970

NorshipCo from 1970 to 1973

Norfolk Naval Shipyard from 1973 to present

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.         The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.    The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
>     1) the United States approved reasonably precise specifications;
>     2) the equipment conformed to those specifications; and
>     3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal). This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).* In *Boyle, supra* the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case". Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .". *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch.

Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

<div style="margin-left: 50%">

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

</div>

### Certificate of Service

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Herbert Boone , | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03283-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001000T-01 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Herbert Boone 's Motion for Remand

to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Joe Boone, | ) | Asbestos Case-MDL |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03284-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1001001J-02 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Joe Boone , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>         any of the following may be removed by them to the district court of the United
>         States for the district and division embracing the place wherein it is pending:
>         (1) The United States or any agency thereof or any officer (or any person acting
>         under that officer) or the United States or of any agency thereof, sued in an
>         official or individual capacity for any act under color of such office or on account
>         of any right, title or authority claimed under any Act of Congress for the
>         apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Norshipco from 1978 to 1989

Admiralty Coating from 1989 to 1993

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.     The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. §

1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Joe Boone ,
     Plaintiff                   )          Asbestos Case-MDL
                             )
v.                             )          Civil Action No.: 4:11-cv-03284-MSD
                             )          Newport News
General Electric Co., et al        )          Circuit Court Case No.:
     Defendants            )          CL1001001J-02
                             )

## ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Joe Boone 's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Mennis Boone , | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03285-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001002P-03 |
| | ) | |

OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Mennis Boone , by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>       any of the following may be removed by them to the district court of the United
>       States for the district and division embracing the place wherein it is pending:
>       (1) The United States or any agency thereof or any officer (or any person acting
>       under that officer) or the United States or of any agency thereof, sued in an
>       official or individual capacity for any act under color of such office or on account
>       of any right, title or authority claimed under any Act of Congress for the
>       apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

NorshipCo from 1977 to present

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.    The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
    1) the United States approved reasonably precise specifications;
    2) the equipment conformed to those specifications; and
    3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the

Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail,
this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Mennis Boone ,<br>　　Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03285-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| 　　Defendants | ) | CL1001002P-03 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Mennis Boone 's Motion for Remand

to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Richard Boone, | ) | Asbestos Case-MDL |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03286-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1001003V-04 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Richard Boone , by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against
>     any of the following may be removed by them to the district court of the United
>     States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting
>     under that officer) or the United States or of any agency thereof, sued in an
>     official or individual capacity for any act under color of such office or on account
>     of any right, title or authority claimed under any Act of Congress for the
>     apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Newport News Shipbuilding and Drydock Company from 1974 to Present

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.      The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
>> 1) the United States approved reasonably precise specifications;
>> 2) the equipment conformed to those specifications; and
>> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia  --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the

Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff



**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Richard Boone,
      Plaintiff                     )          Asbestos Case-MDL
                                   )
v.                               )          Civil Action No.: 4:11-cv-03286-MSD
                                   )          Newport News
General Electric Co., et al       )          Circuit Court Case No.:
      Defendants                )          CL1001003V-04
                                   )

<u>ORDER</u>

      UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

      UPON FURTHER CONSIDERATION of plaintiff Richard Boone 's Motion for Remand

to the Circuit Court for Newport News,

      it is hereby, this _____ day of _____, 2011,

      ORDERED that this civil action be remanded to the Circuit Court for Newport News.


                           _____

                           UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Walter Boone, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03287-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001004F-15 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Walter Boone, by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Norfolk Naval Shipyard from 1971 to 1973

Norfolk Naval Shipyard from 1978 to 1979

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.     The defendant is inventing this "assertion" by plaintiff from whole cloth.   At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. §

1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal.

According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
    1) the United States approved reasonably precise specifications;
    2) the equipment conformed to those specifications; and
    3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Walter Boone , | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03287-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001004F-15 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Walter Boone 's Motion for Remand

to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Otha Bowman , | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03288-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001005T-01 |
| | ) | |

OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Otha Bowman , by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>      any of the following may be removed by them to the district court of the United
>      States for the district and division embracing the place wherein it is pending:
>      (1) The United States or any agency thereof or any officer (or any person acting
>      under that officer) or the United States or of any agency thereof, sued in an
>      official or individual capacity for any act under color of such office or on account
>      of any right, title or authority claimed under any Act of Congress for the
>      apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Newport News Shipyard from 12/1964 to 5/1967

NorshipCo from 6/1977 to 1983

Main Industrial from 5/1983 to 1988

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.    The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".  This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch.

Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

<div align="right">

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

</div>

### Certificate of Service

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Otha Bowman ,
     Plaintiff                )       Asbestos Case-MDL
                            )
v.                          )       Civil Action No.: 4:11-cv-03288-MSD
                            )       Newport News
General Electric Co., et al      )       Circuit Court Case No.:
     Defendants         )       CL1001005T-01
                            )

## ORDER

       UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

       UPON FURTHER CONSIDERATION of plaintiff Otha Bowman 's Motion for Remand

to the Circuit Court for Newport News,

       it is hereby, this _____ day of _____, 2011,

       ORDERED that this civil action be remanded to the Circuit Court for Newport News.


                 _____
                 UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Sharon Bowser, | ) | Asbestos Case-MDL |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03289-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001006J-02 |
| | ) | |

OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Sharon Bowser , by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>    any of the following may be removed by them to the district court of the United
>    States for the district and division embracing the place wherein it is pending:
>    (1) The United States or any agency thereof or any officer (or any person acting
>    under that officer) or the United States or of any agency thereof, sued in an
>    official or individual capacity for any act under color of such office or on account
>    of any right, title or authority claimed under any Act of Congress for the
>    apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

NorshipCo from 8/1978 to present

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.     The defendant is inventing this "assertion" by plaintiff from whole cloth.   At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.   *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
    1) the United States approved reasonably precise specifications;
    2) the equipment conformed to those specifications; and
    3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the

Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff



**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Sharon Bowser , | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03289-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001006J-02 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Sharon Bowser 's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| James Braddock , | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03290-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001007P-03 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, James Braddock, by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>       any of the following may be removed by them to the district court of the United
>       States for the district and division embracing the place wherein it is pending:
>       (1) The United States or any agency thereof or any officer (or any person acting
>       under that officer) or the United States or of any agency thereof, sued in an
>       official or individual capacity for any act under color of such office or on account
>       of any right, title or authority claimed under any Act of Congress for the
>       apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Newport News Shipyard from 6/1979 to 9/1997

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.   None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.     The defendant is inventing this "assertion" by plaintiff from whole cloth.   At no time does this plaintiff ever make such an assertion.   It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.   However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.   However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.   *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.   It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.   GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".   *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
     1) the United States approved reasonably precise specifications;
     2) the equipment conformed to those specifications; and
     3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

     GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

     In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


### Certificate of Service

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| James Braddock , | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03290-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001007P-03 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff James Braddock 's Motion for

Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Jerome Brite Jr., | ) | Asbestos Case-MDL |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03318-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001010T-01 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Jerome Brite Jr., by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

28 U.S.C. § 1442(a)(1) states:
**§ 1442 Federal officers or agencies sued or prosecuted**
(a)   A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

NorshipCo from 4/1961 to 10/1961

NorshipCo from 9/1964 to 10/1973

Norfolk Naval Shipyard from 10/1973 to present

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.   The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
  1) the United States approved reasonably precise specifications;
  2) the equipment conformed to those specifications; and
  3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch.

Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Jerome Brite Jr.,
     Plaintiff               )        Asbestos Case-MDL
                           )
v.                       )        Civil Action No.: 4:11-cv-03318-MSD
                           )        Newport News
General Electric Co., et al       )        Circuit Court Case No.:
     Defendants          )        CL1001010T-01
                           )

## ORDER

     UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

     UPON FURTHER CONSIDERATION of plaintiff Jerome Brite Jr.'s Motion for Remand

to the Circuit Court for Newport News,

     it is hereby, this _____ day of _____, 2011,

     ORDERED that this civil action be remanded to the Circuit Court for Newport News.


                      _____
                      UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Doris Brock, | | |
|     Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03292-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1001011J-02 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Doris Brock, by counsel, hereby opposes defendant General Electric
Company's Removal of this action, and further moves this court for remand of this action to the
Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant
in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for
Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on
28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>     any of the following may be removed by them to the district court of the United
>     States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting
>     under that officer) or the United States or of any agency thereof, sued in an
>     official or individual capacity for any act under color of such office or on account
>     of any right, title or authority claimed under any Act of Congress for the
>     apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the
plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

NorshipCo from 1972 to 1976

Metro Machine from 1980 to 1986

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether her work where she was exposed to GE asbestos was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.        The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. §

1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal.

According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
    1) the United States approved reasonably precise specifications;
    2) the equipment conformed to those specifications; and
    3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

<div style="margin-left:40%">

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

</div>

**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.

<div style="margin-left:40%">

/s/Paul A. Weykamp
Paul A. Weykamp

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Doris Brock ,
    Plaintiff               )        Asbestos Case-MDL
                            )
v.                         )        Civil Action No.: 4:11-cv-03292-MSD
                            )        Newport News
General Electric Co., et al       )        Circuit Court Case No.:
    Defendants           )        CL1001011J-02
                            )

## ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Doris Brock 's Motion for Remand to

the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Dennis Bryant Jr., | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03315-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001015T-01 |
| | ) | |

**OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA**

The plaintiff, Dennis Bryant Jr., by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>    any of the following may be removed by them to the district court of the United
>    States for the district and division embracing the place wherein it is pending:
>    (1) The United States or any agency thereof or any officer (or any person acting
>    under that officer) or the United States or of any agency thereof, sued in an
>    official or individual capacity for any act under color of such office or on account
>    of any right, title or authority claimed under any Act of Congress for the
>    apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Newport News Shipyard from 1967 to 1968

Newport News Shipyard from 1972 to 1978

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.        The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. §

1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Dennis Bryant Jr.,<br>     Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03315-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1001015T-01 |
| | ) | |

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Dennis Bryant Jr.'s Motion for

Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Ervin Budden Jr., | ) | Asbestos Case-MDL |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03316-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001016J-02 |
| | ) | |

OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS, VIRGINIA

The plaintiff, Ervin Budden Jr., by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>       any of the following may be removed by them to the district court of the United
>       States for the district and division embracing the place wherein it is pending:
>       (1) The United States or any agency thereof or any officer (or any person acting
>       under that officer) or the United States or of any agency thereof, sued in an
>       official or individual capacity for any act under color of such office or on account
>       of any right, title or authority claimed under any Act of Congress for the
>       apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

US Navy from 11/1972 to 10/1975

Georgia Pacific Furniture Company from 1977 to 1980

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.       The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.     The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. §

1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal.

According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia  --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.

/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Ervin Budden Jr., | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03316-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001016J-02 |
| | ) | |

ORDER

UPON CONSIDERATION of General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Ervin Budden Jr.'s Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Robert Bullock ,
    Plaintiff                 )        Asbestos Case-MDL
                              )
v.                            )        Civil Action No.: 4:11-cv-03317-MSD
                              )        Newport News
General Electric Co., et al,       )        Circuit Court Case No.:
    Defendants             )        CL1001017P-03
                              )

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

      The plaintiff, Robert Bullock , by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

      The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

      On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against
>     any of the following may be removed by them to the district court of the United
>     States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting
>     under that officer) or the United States or of any agency thereof, sued in an
>     official or individual capacity for any act under color of such office or on account
>     of any right, title or authority claimed under any Act of Congress for the
>     apprehension or punishment of criminals or the collection of the revenue.

      Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Army from 1963 to 1966

Ryan Texaco Service Station from 1966 to 1968

Bayberry Shell Station from 1968 to 1973

Goodyear from 1973 to 1977

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.      The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.    The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal). This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).* In *Boyle, supra* the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch.

Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Robert Bullock,
     Plaintiff                   )          Asbestos Case-MDL
                                   )
v.                                 )          Civil Action No.: 4:11-cv-03317-MSD
                                   )          Newport News
General Electric Co., et al       )          Circuit Court Case No.:
     Defendants              )          CL1001017P-03
                                   )

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Robert Bullock 's Motion for Remand

to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Willie Burden, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03314-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001018V-04 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Willie Burden , by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>        any of the following may be removed by them to the district court of the United
>        States for the district and division embracing the place wherein it is pending:
>        (1) The United States or any agency thereof or any officer (or any person acting
>        under that officer) or the United States or of any agency thereof, sued in an
>        official or individual capacity for any act under color of such office or on account
>        of any right, title or authority claimed under any Act of Congress for the
>        apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Union Local 1248 from 1/1/1970 to 7/31/2002

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.       The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.     The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.   *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
    1) the United States approved reasonably precise specifications;
    2) the equipment conformed to those specifications; and
    3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the

Circuit Court for Newport News where it properly belongs.

Respectfully submitted,

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.

/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Willie Burden , | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03314-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001018V-04 |
| | ) | |

## ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Willie Burden 's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Eugene Butts, | ) | Asbestos Case-MDL |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03319-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001020T-01 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Eugene Butts, by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

28 U.S.C. § 1442(a)(1) states:
**§ 1442 Federal officers or agencies sued or prosecuted**
(a)   A civil action or criminal prosecution commenced in a State court against
any of the following may be removed by them to the district court of the United
States for the district and division embracing the place wherein it is pending:
(1) The United States or any agency thereof or any officer (or any person acting
under that officer) or the United States or of any agency thereof, sued in an
official or individual capacity for any act under color of such office or on account
of any right, title or authority claimed under any Act of Congress for the
apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

NorshipCo from 6/1972 to 6/1977

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.    The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.   *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
>   1) the United States approved reasonably precise specifications;
>   2) the equipment conformed to those specifications; and
>   3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".    Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


### Certificate of Service

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Eugene Butts, | ) | Asbestos Case-MDL |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03319-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001020T-01 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Eugene Butts 's Motion for Remand

to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Martin Butts Jr., | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03313-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001021J-02 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Martin Butts Jr., by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Local 1248 from 1965 to 1970

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.      The defendant is inventing this "assertion" by plaintiff from whole cloth.   At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
    1) the United States approved reasonably precise specifications;
    2) the equipment conformed to those specifications; and
    3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

    GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

    In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Martin Butts Jr.,<br>    Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03313-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1001021J-02 |
| | ) | |

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Martin Butts Jr.'s Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Otis Butts, | | |
|     Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03312-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1001022P-03 |
| | ) | |

**OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA**

The plaintiff, Otis Butts , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Union Local 1248 from 1965 to 2002

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.      The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.   *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".   *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:

    1) the United States approved reasonably precise specifications;

    2) the equipment conformed to those specifications; and

    3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.

/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Otis Butts, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03312-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001022P-03 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Otis Butts 's Motion for Remand to

the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.


_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Marie Carpenter, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03308-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001027P-03 |
| | ) | |

OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Marie Carpenter , by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>    any of the following may be removed by them to the district court of the United
>    States for the district and division embracing the place wherein it is pending:
>    (1) The United States or any agency thereof or any officer (or any person acting
>    under that officer) or the United States or of any agency thereof, sued in an
>    official or individual capacity for any act under color of such office or on account
>    of any right, title or authority claimed under any Act of Congress for the
>    apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

NorshipCo from 10/12/1979 to 5/2000

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether her work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.         The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.      The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.   *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".   *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
>    1) the United States approved reasonably precise specifications;
>    2) the equipment conformed to those specifications; and
>    3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Marie Carpenter, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03308-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001027P-03 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Marie Carpenter 's Motion for

Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.


_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Lester Carver Sr.,
    Plaintiff               )         Asbestos Case-MDL
                         )
v.                        )         Civil Action No.: 4:11-cv-03306-MSD
                         )         Newport News
General Electric Co., et al,     )         Circuit Court Case No.:
    Defendants          )         CL1001028V-04
                         )

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Lester Carver Sr., by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

US Army from 6/1973 to 8/1982

Norfolk Naval Shipyard from 12/1982 to present

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, *the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure*, were originally manufactured according to the specifications . . .".  Emphasis supplied.       The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. §

1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal.

According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".    Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".    *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Lester Carver Sr.,
     Plaintiff                    )         Asbestos Case-MDL
                                   )
v.                               )         Civil Action No.: 4:11-cv-03306-MSD
                                   )         Newport News
General Electric Co., et al          )         Circuit Court Case No.:
     Defendants               )         CL1001028V-04
                                   )

<u>ORDER</u>

      UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

      UPON FURTHER CONSIDERATION of plaintiff Lester Carver Sr.'s Motion for Remand to the Circuit Court for Newport News,

      it is hereby, this _____ day of _____, 2011,

      ORDERED that this civil action be remanded to the Circuit Court for Newport News.


                             _____
                               UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Gene Clayton, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03307-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001032P-03 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Gene Clayton , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>    any of the following may be removed by them to the district court of the United
>    States for the district and division embracing the place wherein it is pending:
>    (1) The United States or any agency thereof or any officer (or any person acting
>    under that officer) or the United States or of any agency thereof, sued in an
>    official or individual capacity for any act under color of such office or on account
>    of any right, title or authority claimed under any Act of Congress for the
>    apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Newport News Shipyard from 1962 to 1997

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.    The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v.*

*California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.   *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.   It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.   GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".   *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
     1) the United States approved reasonably precise specifications;
     2) the equipment conformed to those specifications; and
     3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

     GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia  --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

     In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Gene Clayton ,
    Plaintiff               )         Asbestos Case-MDL
                             )
v.                       )         Civil Action No.: 4:11-cv-03307-MSD
                             )         Newport News
General Electric Co., et al         )         Circuit Court Case No.:
    Defendants           )         CL1001032P-03
                             )

## ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Gene Clayton 's Motion for Remand

to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Jeffery Clemmons, | | |
|     Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03294-MSD |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1001033V-04 |
| | ) | |

**OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA**

    The plaintiff, Jeffery Clemmons , by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

    The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

    On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

>     28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against
>     any of the following may be removed by them to the district court of the United
>     States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting
>     under that officer) or the United States or of any agency thereof, sued in an
>     official or individual capacity for any act under color of such office or on account
>     of any right, title or authority claimed under any Act of Congress for the
>     apprehension or punishment of criminals or the collection of the revenue.

    Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Newport News Shipyard from 9/1975 to 1/1979

Horne Brothers Shipyard from 1/1979 to 1984

Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff  says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.        The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.      The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. §

1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*  In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia  --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch. Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Jeffery Clemmons, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03294-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001033V-04 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Jeffery Clemmons 's Motion for

Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Carolyn Imel, Executor of the<br>Estate of Robert Smith ,<br>    Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03295-MSD |
| | ) | Newport News |
| General Electric Co., et al,<br>    Defendants | ) | Circuit Court Case No.: |
| | ) | 700CL1000332T-01 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Carolyn Imel, Executor of the Estate of Robert Smith, by counsel, hereby

opposes defendant General Electric Company's Removal of this action, and further moves this

court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>  any of the following may be removed by them to the district court of the United
>  States for the district and division embracing the place wherein it is pending:
>  (1) The United States or any agency thereof or any officer (or any person acting
>  under that officer) or the United States or of any agency thereof, sued in an
>  official or individual capacity for any act under color of such office or on account
>  of any right, title or authority claimed under any Act of Congress for the
>  apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the

plaintiff ever was exposed to GE asbestos products while working under some federal authority.   In this

case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure that the plaintiff's deceased had at the following locations and during the following years:

Newport News Shipbuilding and Drydock from 1953 to 03/1976

In their motion to remove, the defendant does not even name or identify job sites where the plaintiff worked.

Neither Neither the plaintiff's complaint nor any  other filing on the part of the plaintiff says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels.  The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of  removal:  evidence of federal involvement.  None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, ***the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure***, were originally manufactured according to the specifications . . .".  Emphasis supplied.   The defendant is inventing this "assertion" by plaintiff from whole cloth.  At no time does this plaintiff ever make such an assertion.  It simply does not exist.  [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint.  However no Exhibit A is attached to the Notice of Removal received by the plaintiff.  Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court.  However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal.  GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the authority of an "officer or agency of the United States".   This case is wholly inapposite to the case at bar.  *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van.  It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.  GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal).   This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

GE also cites *Boyle v. United Tech Corp., 487 U.S. 500 (1988).*   In *Boyle, supra*  the court never even concerned itself with § 1442(a)(1) because the original case in *Boyle* was filed in the United States District Court for the Eastern District of Virginia   --the *Boyle* case is not a "removal case".   Furthermore, GE suggests to this court that the *Boyle* case stands for the proposition that GE has "immunity from liability for injuries arising from any exposure to asbestos related to evaporators . . .".   *Boyle*, however, was a case brought by the family of a United States Marine for his death which was caused by an improperly designed escape hatch.

Again, the court in *Boyle* indicated that the three criteria listed above in the preceding paragraph. In their Notice of Removal, GE does not assert these criteria.

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley, MD 21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**
I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 7th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Carolyn Imel, Executor of the | | |
| Estate of Robert Smith, | | |
| Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03295-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
| Defendants | ) | 700CL1000332T-01 |
| | ) | |

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Robert Smith 's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.


_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Gary Barco, | ) | Asbestos Case MDL |
| Plaintiff | ) | Civil Action No: 4:11-cv-03278-MSD |
| | ) | |
| v. | ) | |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000985T-01 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Gary Barco, by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

Norfolk Naval Shipyard from 7/15/1974 to 1987

Norfolk Naval base from 1987 to 1/31/2001

While the plaintiff did work on and around naval vessels after Admiral Lehman left the Navy,  in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure,  GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988).   In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of  Boyle.   However, the affidavit does not meet the requirements of the third condition:  it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative.   Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos.   And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy.   The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation."   (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products

and had real reasons to know about the dangers of asbestos.   In addition, the affidavit does not address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office". *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Gary Barco, respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Gary Barco,  
     Plaintiff                      )           Asbestos Case MDL  
                                        )           Civil Action No: 4:11-cv-03278-MSD  
v.                               )  
                                        )           Newport News  
AC&S, Inc., et al,             )           Circuit Court Case No.:  
     Defendants             )           CL1000985T-01  
                                          )

<u>ORDER</u>

     UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

     UPON FURTHER CONSIDERATION of plaintiff Gary Barco 's Motion for Remand to

the Circuit Court for Newport News,

     it is hereby, this _____ day of _____, 2011,

     ORDERED that this civil action be remanded to the Circuit Court for Newport News.

                               _____

                               UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| John Barnes,<br>     Plaintiff | ) | Asbestos Case-MDL |
| | ) | |
| v. | ) | |
| | ) | Newport News |
| General Electric Co., et al,<br>     Defendants | ) | Circuit Court Case No.: |
| | ) | CL1000986J-02 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, John Barnes , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>      any of the following may be removed by them to the district court of the United
>      States for the district and division embracing the place wherein it is pending:
>      (1) The United States or any agency thereof or any officer (or any person acting
>      under that officer) or the United States or of any agency thereof, sued in an
>      official or individual capacity for any act under color of such office or on account
>      of any right, title or authority claimed under any Act of Congress for the
>      apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

Naval Air Rework Facilty from 1956 to 8/5/1983

While the plaintiff did work on and around naval vessels, in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure, GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988). In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of Boyle. However, the affidavit does not meet the requirements of the third condition: it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative. Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos. And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy. The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation." (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos. In addition, the affidavit does not

address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, John Barnes , respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

John Barnes,
     Plaintiff                 )       Asbestos Case
                              )
v.                           )
                              )       Newport News
AC&S, Inc., et al,          )       Circuit Court Case No.:
     Defendants         )       CL1000986J-02
                              )

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff John Barnes 's Motion for Remand to

the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.


_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Leopoldo Bausas, | | |
| Plaintiff | ) | Asbestos Case |
| | ) | |
| v. | ) | |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000988V-04 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Leopoldo Bausas , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

US Navy from 1960 to 1982

While the plaintiff did work on and around naval vessels, in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure, GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988). In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of Boyle. However, the affidavit does not meet the requirements of the third condition: it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative. Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos. And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy. The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation." (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos. In addition, the affidavit does not

address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.     GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Leopoldo Bausas , respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Leopoldo Bausas,
    Plaintiff             )       Asbestos Case
                              )
v.                          )
                              )       Newport News
AC&S, Inc., et al,          )       Circuit Court Case No.:
    Defendants       )       CL1000988V-04
                              )

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Leopoldo Bausas's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Norman Baynard Sr., | | |
| Plaintiff | ) | Asbestos Case |
| | ) | |
| v. | ) | |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000989F-15 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Norman Baynard Sr., by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>    any of the following may be removed by them to the district court of the United
>    States for the district and division embracing the place wherein it is pending:
>    (1) The United States or any agency thereof or any officer (or any person acting
>    under that officer) or the United States or of any agency thereof, sued in an
>    official or individual capacity for any act under color of such office or on account
>    of any right, title or authority claimed under any Act of Congress for the
>    apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

US Navy from 1959 to 1971

Naval Air Rework Facility from 1972 to 1977

Norfolk Naval Shipyard from 1977 to 1978

Naval Air Rework Facility from 1978 to 1986

While the plaintiff did work on and around naval vessels,  in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure,  GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988).   In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of  Boyle.   However, the affidavit does not meet the requirements of the third condition:  it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative.   Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos.   And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy.   The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to

supply warning about insulation."   (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos.   In addition, the affidavit does not address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Norman Baynard Sr., respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Norman Baynard Sr.,
  Plaintiff     )  Asbestos Case
           )
v.          )
           )  Newport News
AC&S, Inc., et al,    )  Circuit Court Case No.:
  Defendants    )  CL1000989F-15
           )

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Norman Baynard Sr.'s Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Gene Bell, | ) | Asbestos Case |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000992P-03 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Gene Bell , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

US Navy from 9/7/1956 to 1976

While the plaintiff did work on and around naval vessels,  in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure,  GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988).   In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of  Boyle.   However, the affidavit does not meet the requirements of the third condition:  it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative.   Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos.   And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy.   The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation."   (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos.   In addition, the affidavit does not

address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Gene Bell , respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Gene Bell, | | |
| Plaintiff | ) | Asbestos Case |
| | ) | |
| v. | ) | |
| | ) | Newport News |
| AC&S, Inc., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000992P-03 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Gene Bell 's Motion for Remand to

the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.


_____

UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Nicolas Bernas,
     Plaintiff               )     Asbestos Case
                               )
v.                            )
                               )     Newport News
General Electric Co., et al,      )     Circuit Court Case No.:
     Defendants        )     CL1000997P-03
                               )

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Nicolas Bernas, by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

US Navy from 1958 to 1984

While the plaintiff did work on and around naval vessels,  in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure,  GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988).   In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of  Boyle.   However, the affidavit does not meet the requirements of the third condition:  it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative.   Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos.   And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy.   The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation."   (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos.   In addition, the affidavit does not

address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Nicolas Bernas , respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.

/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Nicolas Bernas,
     Plaintiff                 )       Asbestos Case
                                       )
v.                                 )
                                       )       Newport News
AC&S, Inc., et al,               )       Circuit Court Case No.:
     Defendants            )       CL1000997P-03
                                         )

<u>ORDER</u>

     UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

     UPON FURTHER CONSIDERATION of plaintiff Nicolas Bernas 's Motion for Remand

to the Circuit Court for Newport News,

     it is hereby, this _____ day of _____, 2011,

     ORDERED that this civil action be remanded to the Circuit Court for Newport News.


                 _____

                 UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Joseph Bolton,
     Plaintiff                    )       Asbestos Case
                                   )
v.                              )
                                 )       Newport News
General Electric Co., et al,     )       Circuit Court Case No.:
     Defendants            )       CL1000998V-04
                                 )

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Joseph Bolton , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against
>     any of the following may be removed by them to the district court of the United
>     States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting
>     under that officer) or the United States or of any agency thereof, sued in an
>     official or individual capacity for any act under color of such office or on account
>     of any right, title or authority claimed under any Act of Congress for the
>     apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

US Navy from 1948 to 3/23/1967

Norfolk Naval Shipyard from 1967 to 1984

While the plaintiff did work on and around naval vessels,  in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure,  GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988).   In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of  Boyle.   However, the affidavit does not meet the requirements of the third condition:  it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative.   Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos.   And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy.   The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation."   (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products

and had real reasons to know about the dangers of asbestos.   In addition, the affidavit does not address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office". *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Joseph Bolton , respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


### Certificate of Service

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Joseph Bolton,
    Plaintiff              )        Asbestos Case
                              )
v.                         )
                              )        Newport News
AC&S, Inc., et al,          )        Circuit Court Case No.:
    Defendants           )        CL1000998V-04
                              )

ORDER

      UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

      UPON FURTHER CONSIDERATION of plaintiff Joseph Bolton's Motion for Remand

to the Circuit Court for Newport News,

      it is hereby, this _____ day of _____, 2011,

      ORDERED that this civil action be remanded to the Circuit Court for Newport News.


                     _____
                     UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Charles Boomer,
     Plaintiff              )     Asbestos Case
                             )
v.                        )
                             )     Newport News
General Electric Co., et al,     )     Circuit Court Case No.:
     Defendants          )     CL1000999F-15
                             )

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Charles Boomer , by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against
>     any of the following may be removed by them to the district court of the United
>     States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting
>     under that officer) or the United States or of any agency thereof, sued in an
>     official or individual capacity for any act under color of such office or on account
>     of any right, title or authority claimed under any Act of Congress for the
>     apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure

to asbestos at the following locations and during the following years:

Norfolk Naval Shipyard from 1977 to Present

from  to

While the plaintiff did work on and around naval vessels,  in order to avail itself of the removal

provisions of the Federal Rules of Civil Procedure,  GE must satisfy the requirements set forth in *Boyle v.*

*United Technologies Corporation*, 487 U.S. 500 (1988).   In *Boyle, supra,* [a case cited by GE in their

Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state
> law, when:
>     1) the United States approved reasonably precise specifications;
>     2) the equipment conformed to those specifications; and
>     3) the supplier warned the United States about the dangers in the use of the equipment
>     that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements

of  Boyle.   However, the affidavit does not meet the requirements of the third condition:  it fails

to establish that the supplier (in this case, General Electric) "warned the United States about the

dangers in the use of the equipment that were known to the supplier but not the United States".

On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely

speculative.   Admiral Lehman never states that he knew what GE knew about the dangers of

asbestos, nor does he comment on what GE told the United States Navy about the dangers of

asbestos.   And, perhaps even more importantly, the defendant GE has failed to demonstrate what

it knew about the dangers of asbestos and what it communicated to the United States Navy.   The

Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible

for the insulation, it likely would not have been aware of any hazard associated with such

insulation or required to determine whether any existed, and thus it had no ability or obligation to

supply warning about insulation."   (See paragraph 13, page 6 of Admiral Lehman's Affidavit).

This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products

and had real reasons to know about the dangers of asbestos.   In addition, the affidavit does not address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.   GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Charles Boomer , respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Charles Boomer,
      Plaintiff                 )       Asbestos Case

                              )

v.                           )

                              )       Newport News

AC&S, Inc., et al,        )       Circuit Court Case No.:

      Defendants           )       CL1000999F-15

                              )

<u>ORDER</u>

      UPON CONSIDERATION of General Electric Company's Notice of Removal of Civil

Action, and,

      UPON FURTHER CONSIDERATION of plaintiff Charles Boomer's Motion for Remand

to the Circuit Court for Newport News,

      it is hereby, this _____ day of _____, 2011,

      ORDERED that this civil action be remanded to the Circuit Court for Newport News.


                          _____

                          UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Crawford Braswell, | ) | Asbestos Case |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001009F-15 |
| | ) | |

OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Crawford Braswell, by counsel, hereby opposes defendant General Electric

Company's Removal of this action, and further moves this court for remand of this action to the

Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant

in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for

Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on

28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>    any of the following may be removed by them to the district court of the United
>    States for the district and division embracing the place wherein it is pending:
>    (1) The United States or any agency thereof or any officer (or any person acting
>    under that officer) or the United States or of any agency thereof, sued in an
>    official or individual capacity for any act under color of such office or on account
>    of any right, title or authority claimed under any Act of Congress for the
>    apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure

to asbestos at the following locations and during the following years:

Norfolk Naval Shipyard from 7/17/1973 to 2/28/1993

While the plaintiff did work on and around naval vessels, in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure, GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988). In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of Boyle. However, the affidavit does not meet the requirements of the third condition: it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative. Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos. And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy. The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation." (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos. In addition, the affidavit does not

address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.   This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.     GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".   *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Crawford Braswell , respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.

/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Crawford Braswell,
    Plaintiff               )       Asbestos Case
                           )
v.                         )
                         )       Newport News
AC&S, Inc., et al,       )       Circuit Court Case No.:
    Defendants        )       CL1001009F-15
                         )

<u>ORDER</u>

UPON CONSIDERATION of General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Crawford Braswell's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Linda Brown,
    Plaintiff                )      Asbestos Case
                           )
v.                         )
                           )      Newport News
General Electric Co., et al,        )      Circuit Court Case No.:
    Defendants           )      CL1001014F-15
                           )

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Linda Brown, by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

Norfolk Naval Shipyard from 8/1975 to 8/2005

While the plaintiff did work on and around naval vessels, in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure, GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988). In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
1) the United States approved reasonably precise specifications;
2) the equipment conformed to those specifications; and
3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of Boyle. However, the affidavit does not meet the requirements of the third condition: it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative. Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos. And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy. The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation." (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos. In addition, the affidavit does not

address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Linda Brown, respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Linda Brown,
     Plaintiff                )       Asbestos Case
                              )
v.                            )
                              )       Newport News
AC&S, Inc., et al,            )       Circuit Court Case No.:
     Defendants         )       CL1001014F-15
                              )

<u>ORDER</u>

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Linda Brown 's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Betty Bussell,
      Plaintiff               )       Asbestos Case
                            )
v.                           )
                           )       Newport News
General Electric Co., et al,    )       Circuit Court Case No.:
      Defendants        )       CL1001019F-15
                           )

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Betty Bussell, by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against
>     any of the following may be removed by them to the district court of the United
>     States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting
>     under that officer) or the United States or of any agency thereof, sued in an
>     official or individual capacity for any act under color of such office or on account
>     of any right, title or authority claimed under any Act of Congress for the
>     apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

Naval Air Rework Facility from 1973 to 1976

Naval Aviation Depot from 1976 to 1996

While the plaintiff did work on and around naval vessels,  in order to avail itself of the removal

provisions of the Federal Rules of Civil Procedure,  GE must satisfy the requirements set forth in *Boyle v.*

*United Technologies Corporation*, 487 U.S. 500 (1988).   In *Boyle, supra,* [a case cited by GE in their

Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state
> law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment
> that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements

of  Boyle.   However, the affidavit does not meet the requirements of the third condition:  it fails

to establish that the supplier (in this case, General Electric) "warned the United States about the

dangers in the use of the equipment that were known to the supplier but not the United States".

On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely

speculative.   Admiral Lehman never states that he knew what GE knew about the dangers of

asbestos, nor does he comment on what GE told the United States Navy about the dangers of

asbestos.   And, perhaps even more importantly, the defendant GE has failed to demonstrate what

it knew about the dangers of asbestos and what it communicated to the United States Navy.   The

Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible

for the insulation, it likely would not have been aware of any hazard associated with such

insulation or required to determine whether any existed, and thus it had no ability or obligation to

supply warning about insulation."   (See paragraph 13, page 6 of Admiral Lehman's Affidavit).

This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products

and had real reasons to know about the dangers of asbestos.   In addition, the affidavit does not address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office". *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Betty Bussell , respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Betty Bussell,
  Plaintiff       )   Asbestos Case
            )
v.            )
            )   Newport News
AC&S, Inc., et al,      )   Circuit Court Case No.:
  Defendants     )   CL1001019F-15
            )

<u>ORDER</u>

   UPON CONSIDERATION of General Electric Company's Notice of Removal of Civil

Action, and,

   UPON FURTHER CONSIDERATION of plaintiff Betty Bussell 's Motion for Remand

to the Circuit Court for Newport News,

   it is hereby, this _____ day of _____, 2011,

   ORDERED that this civil action be remanded to the Circuit Court for Newport News.


       _____

       UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| William Butts, | ) | Asbestos Case |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1001023V-04 |
| | ) | |

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, William Butts , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)   A civil action or criminal prosecution commenced in a State court against
>    any of the following may be removed by them to the district court of the United
>    States for the district and division embracing the place wherein it is pending:
>    (1) The United States or any agency thereof or any officer (or any person acting
>    under that officer) or the United States or of any agency thereof, sued in an
>    official or individual capacity for any act under color of such office or on account
>    of any right, title or authority claimed under any Act of Congress for the
>    apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

NAVFAC MIDATLANTIC (Naval Facilities Engineering Command) from 1977 to 6/4/2003

While the plaintiff did work on and around naval vessels,  in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure,  GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988).   In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of  Boyle.   However, the affidavit does not meet the requirements of the third condition:  it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative.   Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos.   And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy.   The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation."   (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos.   In addition, the affidavit does not

address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.   This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".   *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, William Butts, respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

William Butts,
    Plaintiff                  )         Asbestos Case

v.                            )

                            )         Newport News

AC&S, Inc., et al,         )         Circuit Court Case No.:
    Defendants            )         CL1001023V-04

## ORDER

UPON CONSIDERATION of General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff William Butts's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Elwood Carawan ,
     Plaintiff                 )       Asbestos Case
                              )
v.                           )
                              )       Newport News
General Electric Co., et al,         )       Circuit Court Case No.:
     Defendants             )       CL1001025T-01
                              )

## OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA

The plaintiff, Elwood Carawan , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against
>     any of the following may be removed by them to the district court of the United
>     States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting
>     under that officer) or the United States or of any agency thereof, sued in an
>     official or individual capacity for any act under color of such office or on account
>     of any right, title or authority claimed under any Act of Congress for the
>     apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

Norfolk Naval Shipyard from 11/1972 to present

While the plaintiff did work on and around naval vessels, in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure, GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988). In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of Boyle. However, the affidavit does not meet the requirements of the third condition: it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative. Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos. And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy. The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation." (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos. In addition, the affidavit does not

address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.   This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".   *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Elwood Carawan , respectfully moves this court to

Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


## **Certificate of Service**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.


/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

Elwood Carawan,
     Plaintiff                )       Asbestos Case
                               )
v.                             )
                             )       Newport News
AC&S, Inc., et al,          )       Circuit Court Case No.:
     Defendants        )       CL1001025T-01
                             )

<u>ORDER</u>

UPON CONSIDERATION of General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Elwood Carawan 's Motion for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Leon Carlisle, | ) | Asbestos Case |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1001026J-02 |
| | ) | |

<u>OPPOSITION TO REMOVAL OF CIVIL ACTION AND MOTION FOR REMAND TO THE
CIRCUIT COURT FOR NEWPORT NEWS. VIRGINIA</u>

The plaintiff, Leon Carlisle , by counsel, hereby opposes defendant General Electric Company's Removal of this action, and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) or the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

US Navy from 6/1978 to 6/2002

While the plaintiff did work on and around naval vessels,  in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure,  GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988).   In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
    1) the United States approved reasonably precise specifications;
    2) the equipment conformed to those specifications; and
    3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of  Boyle.   However, the affidavit does not meet the requirements of the third condition:  it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative.   Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos.   And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy.   The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation."   (See paragraph 13, page 6 of Admiral Lehman's Affidavit). This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos.   In addition, the affidavit does not

address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.    GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office". *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Leon Carlisle , respectfully moves this court to Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,

/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, first class mail, this 11th day of April, 2011, to the individuals listed on the appended Exhibit A.

/s/Paul A. Weykamp
Paul A. Weykamp

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
JOINT PANEL ON MULTIDISTRIC LITIGATION

| | | |
|---|---|---|
| Leon Carlisle, | | |
|     Plaintiff | ) | Asbestos Case |
| | ) | |
| v. | ) | |
| | ) | Newport News |
| AC&S, Inc., et al, | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1001026J-02 |
| | ) | |

ORDER

UPON CONSIDERATION of  General Electric Company's Notice of Removal of Civil

Action, and,

UPON FURTHER CONSIDERATION of plaintiff Leon Carlisle's Motion for Remand to

the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that this civil action be remanded to the Circuit Court for Newport News.


_____

UNITED STATES DISTRICT COURT JUDGE