JANET L. RICE, WSBA#9386
SCHROETER GOLDMARK & BENDER
500 Central Building
810 Third Avenue
Seattle, Washington  98104
Telephone:  (260) 622-8000
Facsimile:  (206) 682-2305

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL DOCKET NO. 875**

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

THIS DOCUMENT RELATES TO:

<u>Bouchard v. CBS Corp., et al.</u>
United States District Court
Western District of Washington
Cause No. 2:11-cv-00458RAJ

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTIONS FOR A SUGGESTION OF REMAND AND TO VACATE CONDITIONAL TRANSFER ORDER, DATED MARCH 23, 2011

## I.   INTRODUCTION

Plaintiffs Lola and Michael Bouchard have moved the Court for an order vacating the Conditional Transfer Order, dated March 23, 2011.  Ct. Record No. 6981.  Defendant Lockheed Shipbuilding Company (hereafter "Lockheed") opposes the motion arguing that there is no good cause to keep the case in the local district court.  Ct. Record No. 7038.  The defendant ignores the fact that transferring the case to the MDL will delay the request for an expedited trial in the local district court.  The plaintiffs will be severely prejudiced by a delay in the case.  Ms. Bouchard is

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTIONS FOR A SUGGESTION OF REMAND AND TO VACATE CONDITIONAL TRANSFER ORDER, DATED MARCH 23, 2011- 1
N:\ASBESTOS\Bouchard 18387\P - Consolidated\Federal Pleadings-2\Motion to Vacate CTO\MotVacateCTO-REPLY-042811.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

dying from asbestos-caused mesothelioma and will likely succumb to the cancer before a trial is set in this matter unless the case remains in the local district court.

## II.   REVISED STATEMENT OF RELEVANT FACTS

1. Lockheed states that the lawsuit is based "entirely" on Lola Bouchard's exposure to asbestos through her husband's work clothes. Ct. Record No. 7036, p. 2. In fact, the complaint alleges that Ms. Bouchard was also exposed directly to asbestos while work was done in her home and through the work clothes of her father, who never worked in the shipyards. Ct. Record No. 7037, pp. 14-26.

2. Lockheed also states that it first received notice that Mr. Berger worked on military vessels on February 22, 2011. In fact, in its September 29, 2010 Answer, Lockheed stated that any "asbestos containing equipment or products manufactured, supplied, furnished, sold or used at Lockheed were in compliance with mandatory government contract specifications." W.D. Wash. Case 2:11-cv-00458RAJ Ct. Record No. 10-1, p. 8. Lockheed was notified on November 4, 2010 that Mr. Berger was exposed to asbestos while working on ships at Lockheed. Id., p. 18. Thus, Lockheed was on notice on November 4, 2010 that a potential claim of federal officer jurisdiction existed. Lockheed did not file its Notice of Removal until March 16, 2011. W.D. Wash. Case 2:11-cv-00458RAJ Ct. Record No. 1.

## III.   ARGUMENT

### A. TRANSFERRING THE CASE TO THE MDL DOES NOT SERVE THE "CONVENIENCE OF THE PARTIES."  28 U.S.C.A. §1407(a).

Lockheed argues that the plaintiffs have failed to argue that transfer of the case to the MDL would inconvenience the parties. ("Bouchard has made no allegations that she is being prejudiced by the transfer itself." Ct. record. No. 7036, p. 6). Lockheed ignores plaintiffs' argument that, "It would be a waste of judicial time for the case to be transferred to the MDL if the Court is likely to refer the case back to the Seattle District Court for trial. It would also delay the setting of the trial date until after Ms. Bouchard dies if the case is transferred to the

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS FOR A SUGGESTION OF
REMAND AND TO VACATE CONDITIONAL
TRANSFER ORDER, DATED MARCH 23, 2011- 2
N:\ASBESTOS\Bouchard 18387\P - Consolidated\Federal Pleadings-2\Motion to Vacate CTO\MotVacateCTO-REPLY-042811.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

MDL." Ct Record No. 6981-1, p. 3.  Ms. Bouchard argued in her motion that she would be prejudiced by the delay in transferring the case from the local district court to the MDL and then back again for trial.  Id.  She will likely die before the case comes to trial if these transfers are made.

### B. TRANSFERRING THE CASE DOES NOT "PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE LITIGATION". 28 U.S. C.A. §1407(a).

Lockheed also ignores the fact that the parties were three months from trial in superior court when the case was removed.  The parties have taken the depositions of plaintiff and plaintiffs' product identification witnesses, three of plaintiffs' experts and five defense experts.  If the case remains in the local district court, plaintiffs will ask that the discovery be concluded within a short time and that trial be set within three months.  In order to expedite the case in this manner, and in order for Ms. Bouchard to participate in the trial, the case should remain in the local district court.

It would not "promote the just and efficient conduct of the litigation" for the case to be transferred to the MDL where the MDL judge will not preside over the trial and where all of the parties and lawyers are here in Washington state.  When the issue is expediting the trial before the plaintiff succumbs to cancer, the "just and efficient conduct of the litigation" requires the case to stay in the local district court.

It would be a different matter if this case had just been filed and the parties were at the beginning of discovery.  However, that is not the case here where the parties are close to trial and can finish discovery quickly.

### IV.   CONCLUSION

Plaintiffs have argued that they will be prejudiced by the transfer of the case to the MDL and the inevitable transfer of the case back to the local district court.  The discovery in the case is near completion and the trial can be set within three months, as it was scheduled in state court.  The "efficient" processing of the case and the "just" processing of the case

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS FOR A SUGGESTION OF
REMAND AND TO VACATE CONDITIONAL
TRANSFER ORDER, DATED MARCH 23, 2011- 3
N:\ASBESTOS\Bouchard 18387\P - Consolidated\Federal Pleadings-2\Motion to
Vacate CTO\MotVacateCTO-REPLY-042811.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1  demands that the case stay in the local district court.  For all of these reasons, the motion to
2  vacate the conditional transfer order should be granted.

3
4     RESPECTFULLY SUBMITTED, this 28th day of April, 2011.

5                                       SCHROETER, GOLDMARK & BENDER
6                                       *s/ Janet L. Rice*_____
7                                       JANET L. RICE, WSBA #9386
                                        Counsel for Plaintiffs
8                                       810 Third Avenue, Suite 500
                                        Seattle, Washington  98104
9                                       (206) 622-8000

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS FOR A SUGGESTION OF              SCHROETER, GOLDMARK & BENDER
REMAND AND TO VACATE CONDITIONAL                     500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
TRANSFER ORDER, DATED MARCH 23, 2011- 4              Phone (206) 622-8000 ● Fax (206) 682-2305
N:\ASBESTOS\Bouchard 18387\P - Consolidated\Federal Pleadings-2\Motion to
Vacate CTO\MotVacateCTO-REPLY-042811.doc

# CERTIFICATE OF SERVICE

I hereby certify that on **April 28, 2011,** I electronically filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTIONS FOR A SUGGESTION OF REMAND AND TO VACATE CONDITIONAL TRANSFER ORDER, DATED MARCH 23, 2011** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Counsel for **Foster-Wheeler Energy Corp**.; **Hopeman Brothers, Inc.**
Dirk Bernhardt
MURRAY, DUNHAM & MURRAY
200 West Thomas, Suite 350
Seattle, WA 98119

Counsel for **Saberhagen Holdings, Inc**.
Timothy Thorson
CARNEY, BADLEY SPELLMAN
701 Fifth Avenue, Suite 3600
Seattle, Washington 98104-7010

Counsel for **Lockheed Shipbuilding Co.**
Robert Andre
OGDEN MURPHY WALLACE, PLLC
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101

Counsel for **Todd Shipyards**
KARR TUTTLE CAMPBELL
Walter Eugene Barton
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028

Counsel for **CSK Auto**
Stephen Leatham
HEURLIN & POTTER
211 East McLoughlin Blvd., Suite 100
Vancouver, WA 98666-0611

Counsel for **E & E Lumber**, Inc. a Washington Corporation
Jan Brucker
JACKSON JENKINS & RENSTROM, LLP
701 Fifth Ave., 42nd Floor,
Seattle, WA 98104

Counsel for **Georgia Pacific**
Barry Mesher/Brian Zeringer/Bruce Hamlin
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338

Counsel for **Metalclad Insulation Corp**
Katherine M. Steele
STAFFORD FREY COOPER, PC
3100 Two Union Square
601 Union Street
Seattle, WA 98101

Counsel for **Metropolitan Life Insurance Co**.
Richard Gawlowski
WILSON, SMITH, COCHRAN & DICKERSON
1215 Fourth Avenue, Suite 1700
Seattle, Washington 98161-1007

Counsel for **Union Carbide** and **Saint Gobain Containers Inc.**
Diane Kero
GORDON THOMAS HONEYWELL
600 University Street, Suite 2101
Seattle, Washington 98101

I further certify that I served the foregoing on attorney of record for defendant E&E Lumber by having said copies sent via legal messenger to the office address below:

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTIONS FOR A SUGGESTION OF REMAND AND TO VACATE CONDITIONAL TRANSFER ORDER, DATED MARCH 23, 2011- 5
N:\ASBESTOS\Bouchard 18387\P - Consolidated\Federal Pleadings-2\Motion to Vacate CTO\MotVacateCTO-REPLY-042811.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1
2
3   Counsel for **E & E Lumber**, Inc. a Washington Corporation
    Ronald G. Housh, P.S.
    800 Fifth Avenue, Suite 4000
    Seattle, WA 98104-3180

4
5               *s/ Robert Ylitalo*
                ROBERT YLITALO
6               Legal Assistant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTIONS FOR A SUGGESTION OF
REMAND AND TO VACATE CONDITIONAL
TRANSFER ORDER, DATED MARCH 23, 2011- 6
N:\ASBESTOS\Bouchard 18387\P - Consolidated\Federal Pleadings-2\Motion to Vacate CTO\MotVacateCTO-REPLY-042811.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305