4months

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:11-cv-01407-CAP

Thurmon et al v. Georgia Pacific, LLC et al  
Assigned to: Judge Charles A. Pannell, Jr  
Case in other court: State Court of Gwinnett County, Georgia, 10C-08483-3  
Cause: 28:1441 Petition for Removal- Asbestos Litigation  

Date Filed: 04/29/2011  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Federal Question  

**Plaintiff**

**Mike Thurmon**     represented by **Robert Cape Buck**  
The Buck Law Firm  
Suite 940  
1050 Crown Pointe Parkway  
Atlanta, GA 30338  
404-419-9494  
Fax: 404-419-9501  
Email: rbuck@buckfirm.com  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mary K. Thurmon**     represented by **Robert Cape Buck**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Helen Johnson**     represented by **Robert Cape Buck**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William H. Thurmon, Jr.**     represented by **Robert Cape Buck**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**George Thurmon**     represented by **Robert Cape Buck**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Esther Rhidenhour**     represented by **Robert Cape Buck**  
(See above for address)  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Thurmon**  represented by  **Robert Cape Buck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patricia Guthrie**  represented by  **Robert Cape Buck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joan Greenlees**  represented by  **Robert Cape Buck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julie Chambers**  represented by  **Robert Cape Buck**
*in their capacities as the surviving*  (See above for address)
*children of William H. Thurmon, Sr.,*  *ATTORNEY TO BE NOTICED*
*deceased*

**Plaintiff**

**Jim Chambers**  represented by  **Robert Cape Buck**
*in his capacity as Executor of the Estate*  (See above for address)
*of William H. Thurmon, Sr., deceased*  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Georgia Pacific, LLC**

**Defendant**

**A.W. Chesterton, Inc.**

**Defendant**

**Bayer Cropscience, Inc.**
*formerly known as*
Aventis Cropscience USA, Inc., as
Successor to Amchem Products, Inc.

**Defendant**

**Bingham Industries Corporation**

**Defendant**

**CBS Corporation**
*A Delaware Corporation*
*formerly known as*
Viacom, Inc. Successor by merger to

CBS Corporation, a Pennsylvania
Corporation
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Certainteed Corporation**

**Defendant**

**Cleaver-Brooks, Inc.**
*formerly known as*
Aqua-Chem, Inc.

**Defendant**

**Crane, Co.**

**Defendant**

**Crown Cork & Seal USA, Inc.**

**Defendant**

**DAP Products, Inc.**

**Defendant**

**Eaton Corporation**
*individually and as successor in interest
to Cutler-Hammer, Inc.*

**Defendant**

**Exxon Mobil Corporation**

**Defendant**

**Fairbanks Morse Pump Corporation**

**Defendant**

**Flowserve US, Inc.**

**Defendant**

**Foster Wheeler North America Corp.**

**Defendant**

**Garlock Sealing Technologies, LLC**

**Defendant**

**General Refractories Company**

**Defendant**

**Goulds Pumps, Inc.**

**Defendant**

**Grinnell Corporation**

**Defendant**

**Honeywell International, Inc.**

**Defendant**

**Industrial Holdings Corporation**
*formerly known as*
Carborundum

**Defendant**

**Irex Corporation**
*TERMINATED: 04/29/2011*

**Defendant**

**John Crane, Inc.**

**Defendant**

**Maremont Corporation**

**Defendant**

**Monsanto Company**

**Defendant**

**National Service Industries, Inc.**
*formerly known as*
North Bros.

**Defendant**

**The Okonite Company, Inc.**

**Defendant**

**Pfizer, Inc.**

**Defendant**

**SCAPA Waycross, Inc.**

**Defendant**

**Schneider Electric USA, Inc.**
*formerly known as*
Square D Company

**Defendant**

**Sepco Corporation**
*TERMINATED: 04/29/2011*

**Defendant**

**3M Company**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Uniroyal, Inc.**

**Defendant**

**Vimasco Corporation**

**Defendant**

**Warren Pumps, LLC**
*formerly known as*
Warren Pumps, Inc.

**Defendant**

**The William Powell Company**

**Defendant**

**Worthington Pump, Inc.**

**Defendant**

**Yarway Corporation**

**Defendant**

**John Does 1-10**
*TERMINATED: 04/29/2011*

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Sealing Equipment Products Company, Inc.**
*previously denominated as John Doe 1*

**Defendant**

**Fluor Daniel Services Corporation**
*previously denominated as John Doe 2*

**Defendant**

**General Electric Company**　　　　　　　represented by **Emma R. Cecil**
*previously denominated as John Doe*　　　　　　　　　　　　　Melvin Johnson, PC
*No. 3*　　　　　　　　　　　　　　　　　　　　　　　　　　　Suite 222
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　44 Broad Street, NW
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Atlanta, GA 30303
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　404-524-9111
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: ececil@melvillejohnson.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**John D. Dalbey**
Chilivis, Cochran, Larkins & Bever, LLP
3127 Maple Drive, N.E.
Atlanta, GA 30305
404-233-4171
Email: jdd@cclblaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 4-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/29/2011 | 1 | NOTICE OF REMOVAL filed by General Electric Company with COMPLAINT. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. (Filing fee $350, receipt number 113E-327-5828) (Attachments: # 1 Exhibit A - Complaint, # 2 Civil Cover Sheet)(jtj) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Additional attachment(s) added on 5/2/2011: # 3 Exhibit B) (jtj). (Entered: 05/02/2011) |
| 04/29/2011 | 2 | AMENDED COMPLAINT filed by Jim Chambers, William H. Thurmon, Jr, Joan Greenlees, Mike Thurmon, Esther Rhidenhour, Mark Thurmon, Mary K. Thurmon, George Thurmon, Patricia Guthrie, Julie Chambers, Helen Johnson, against 3M Company, A.W. Chesterton, Inc., Bayer Cropscience, Inc., Bingham Industries Corporation, CBS Corporation, Certainteed Corporation, Cleaver-Brooks, Inc., Crane, Co., Crown Cork & Seal USA, Inc., DAP Products, Inc., John Does 4-10, Eaton Corporation, Exxon Mobil Corporation, Fairbanks Morse Pump Corporation, Flowserve US, Inc., Fluor Daniel Services Corporation, Foster Wheeler North America Corp., Garlock Sealing Technologies, LLC, General Electric Company, General Refractories Company, Georgia Pacific, LLC, Goulds Pumps, Inc., Grinnell Corporation, Honeywell International, Inc., Industrial Holdings Corporation, Ingersoll-Rand Company, John Crane, Inc., Maremont Corporation, Monsanto Company, National Service Industries, Inc., Pfizer, Inc., SCAPA Waycross, Inc., Schneider Electric USA, Inc., Sealing Equipment Products Company, Inc., The Okonite Company, Inc., The William Powell Company, Union Carbide Corporation, Uniroyal, Inc., Vimasco Corporation, Warren Pumps, LLC, Worthington Pump, Inc., Yarway Corporation.(Filed in the State Court of Gwinnett County, GA, contained in Notice of Removal).(jtj) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 05/02/2011) |
| 05/02/2011 |  | Notification of Docket Correction re 1 Notice of Removal. Modifed on 5/02/2011 to attach Exhibit B. (jtj) (Entered: 05/02/2011) |
| 05/02/2011 | 3 | MOTION to Remand to State Court by Jim Chambers, Julie Chambers, Joan Greenlees, Patricia Guthrie, Helen Johnson, Esther Rhidenhour, George |

|  |  | Thurmon, Mark Thurmon, Mary K. Thurmon, Mike Thurmon, William H. Thurmon, Jr. (Attachments: # 1 Brief Plaintiffs' Memorandum of Law in Support of Their Expedited Motion to Remand)(Buck, Robert) (Entered: 05/02/2011) |
| --- | --- | --- |
| 05/03/2011 | 4 | NOTICE Of Filing by General Electric Company *of Notice of Tag-Along Action* (Dalbey, John) (Entered: 05/03/2011) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 05/03/2011 11:12:11 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-01407-CAP |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Mike Thurmon, Mary K. Thurmon, Helen Johnson, William H. Thurmon, Jr., George Thurmon, Esther Rhidenhour, Mark Thurmon, Patricia Guthrie, Joan Greenlees, and Julie Chambers, in their capacities as the surviving children of William H. Thurmon, Sr., deceased; and Jim Chambers, in his capacity as Executor of the Estate of William H. Thurmon, Sr., deceased, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGIA-PACIFIC, LLC, et al, <br><br> Defendants. | CIVIL FILE ACTION NO.: _____ |

## DEFENDANT GENERAL ELECTRIC COMPANY'S
## NOTICE OF REMOVAL

COMES now Defendant, General Electric Company ("GE"), by and through its undersigned counsel, and files this notice of removal, pursuant to 28 U.S.C. § 1442(a)(1) and 1446, of an action filed against it in the State

1

Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, stating as follows:

## **Preliminary Matters**

1.     On or about June 3, 2010, plaintiffs filed a complaint in the State Court of Gwinnett County, Georgia against numerous named defendants and ten John Doe defendants in which they allege that William H. Thurmon (hereinafter, "plaintiffs' decedent"), contracted mesothelioma, resulting in his death, as a result of exposure to allegedly asbestos-containing products manufactured or supplied by the defendants.

2.     On April 15, 2011, GE was served with plaintiffs' original complaint and sworn information form.[1] Plaintiffs' sworn information form

---

[1] Under Georgia law, O.C.G.A. § 51-14-7 (2010),

> [a]ll asbestos claims and silica claims filed in this state on or after May 1, 2007, shall include with the complaint a sworn information form containing the following information:
>
> (1) The exposed person's name, address, date of birth, social security number, and marital status;
>
> (2) If the exposed person alleges exposure to asbestos or silica through the testimony of another person or other than by direct or bystander exposure to a product or products, the name, address, date of birth, social security number, and marital status for each person by which claimant alleges exposure, hereafter the "index person," and the claimant's relationship to each such person;
>
> (3) The specific location of each alleged exposure;

2

alleges that plaintiffs' decedent was exposed to asbestos, <u>inter alia</u>, in the U.S. Navy, while stationed aboard the U.S.S. West Virginia as an Electrician's Mate, from July 9, 1943 to December 13, 1945. GE has confirmed that it manufactured steam turbines shipped to the Navy for use on board the U.S.S. West Virginia during the time-frame in question.

3. On April 28, 2011, GE was served with plaintiff's First Amended Complaint, in which GE was substituted for defendant John Doe No 3.

---

(4) The specific asbestos-containing product or silica-containing product to which the exposed person was exposed and the manufacturer of each product;

(5) The beginning and ending dates of each alleged exposure as to each asbestos-containing product or silica-containing product for each location at which exposure allegedly took place for plaintiff and for each index person;

(6) The occupation and name of employer of the exposed person at the time of each alleged exposure;

(7) The specific condition related to asbestos or silica claimed to exist;

(8) Any supporting documentation of the condition claimed to exist; and

(9) The identity of any bankruptcy trust to which a claim has been submitted concerning any asbestos or silica injury of the exposed person, attaching any claim form or other information submitted to such trust or trusts with respect to the exposed person. Plaintiff must also identify any bankruptcy trust that the plaintiff believes is or may be liable for all or part of the injury at issue, even if a claim has not been submitted to that trust at the time the complaint is filed.

4.  This Notice of Removal is filed within thirty (30) days after GE was able to first ascertain that the case had become removable and is therefore timely. 28 U.S.C. § 1446(b).

5.  In accordance with 28 U.S.C. § 1446(a), a copy of plaintiffs' original summons and complaint, including the sworn information form, and a copy of plaintiffs' first amended complaint are being filed with this Notice of Removal and are attached hereto as "Exhibit A" and "Exhibit B," respectively.

6.  In 1991, the Judicial Panel on Multidistrict Litigation established <u>In re Asbestos Product Liability Litigation (No. VI)</u>, MDL 875 (E.D. Pa.), to coordinate all federal asbestos personal injury litigation. Approximately 20,000 cases are now being coordinated by the MDL, which is presided over by Judge Eduardo C. Robreno. Case 2:11-cv-00467-RCM. GE intends to identify this action as a potential "tag-along" to the MDL proceeding.

7.  This Court embraces the locality in which the state court action is now pending, and thus is a proper forum for this action pursuant to 28 U.S.C. § 1441(a). No previous application has been made for the relief requested herein.

4

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on plaintiffs' counsel and a copy is being filed with the Clerk of Court of the State Court of Gwinnett County, Georgia.

9. A filing fee in the amount required by the Court has been tendered to the Clerk of the United States District Court for the Northern District of Georgia.

10. This Notice of Removal is being signed pursuant to Federal Rule of Civil Procedure 11.

11. Should any party file a motion to remand this case, GE respectfully requests an opportunity to respond more fully in writing and to conduct discovery limited to the issue of removal, but at this time offers the following authorities in support of removal.

### Grounds for Removal

12. GE is entitled to remove this case from the State Court of Gwinnett County under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

13. Removal under § 1442(a)(1) is proper upon a showing that: (1) the defendant is a "person" within the meaning of the statute; (2) the conduct at issue occurred while defendant was "acting under" the direction of a

5

federal officer; (3) the defendant has a colorable federal defense; and (4) there is a causal nexus between plaintiff's claims and acts performed under color of federal office.  See Mesa v. California, 489 U.S. 121 (1989); Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770, 776 (E.D. Pa. 2010); Nesbiet v. Gen. Elec. Co., 399 F. Supp. 2d 205, 210-211 (S.D.N.Y. 2005); Fung v. Abex Corp., 816 F. Supp. 569 (N.D. Cal. 1992).

14. As set forth below, GE is a "person acting under" the "United States or any agency thereof or any officer." 28 U.S.C. § 1442(a)(1). GE is thus entitled to remove the case to federal court in order to assert defenses arising under the laws of the United States including, without limitation, the defense of government contractor immunity.

15. A corporation, such as GE, is a "person" within the meaning of this statute.  See Bennett v. MIS Corp., 607 F.3d 1076, 1085 (6th Cir. 2010); Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 398 (5th Cir. 1998).

16. Plaintiffs assert a claim against GE for plaintiffs' decedent's exposure to asbestos during his service with the United States Navy aboard the U.S.S. West Virginia. GE has confirmed that it manufactured steam turbines shipped to the Navy for use on board the U.S.S. West Virginia.

Those turbines were manufactured to Navy specifications under contract with the U.S. Navy pursuant to which the Navy and its officers imposed strict supervision and control over all aspects of the design and manufacture of the turbines including, without limitation, any asbestos content and any labels or materials affixed to or accompanying the turbines. GE was thus "acting under" an officer or agency of the United States when it designed, manufactured, and supplied said turbines, and any materials accompanying the turbines. 28 U.S.C. §1442(a). See Nesbiet v. General Electric Co., 399 F. Supp. 2d 205, 211 (S.D.N.Y. 2005) (stating that a defendant satisfies the "acting under" requirement "by showing a substantial degree of direct and detailed federal control over the defendant's work" (quotation marks and citation omitted)).

17. Because plaintiffs' claims are at least partly based upon the alleged presence of asbestos in or on marine turbines on board the U.S.S. West Virginia, and because GE acted under direction of a federal officer or agency in the construction of those turbines, there is a direct nexus between GE's actions under color of federal office and the plaintiffs' claims against GE. GE therefore satisfies the causal nexus requirement of federal officer removability under 28 U.S.C. § 1442(a)(1).

7

18. In construing the colorable federal defense requirement, the Supreme Court "ha[s] rejected a narrow, grudging interpretation of the statute, recognizing that one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." Jefferson County, Ala. v. Acker, 527 U.S. 423, 119 S. Ct. 2069 (1999) (quotation marks and citation omitted). Accordingly, to meet the "colorable federal defense" requirement, GE need not show for purposes of removal that its federal defense is meritorious, but only that it has a colorable claim to such a defense. Pack v. AC and S, Inc., 838 F. Supp. 1099, 1103 (D. Md. 1993); see also Nesbiet, 399 F. Supp. 2d at 210 ("[A] defense may be colorable even if the court ultimately rejects it. At the removal stage, it is not the [c]ourt's role to assess the validity of a particular defense." (quotation marks, alterations, and citation omitted)).

19. As recognized in Boyle v. United Technologies Corp., 487 U.S. 500, 108 S. Ct. 2510 (1988), GE may assert the federal defense of government contractor immunity from liability for injuries occurring as a result of exposure to asbestos from marine turbines it manufactured under contract with the U.S. Navy, in accordance with Navy specifications, and under the strict control or supervision of the U.S. Navy. Carley v. Wheeled

8

Coach, 991 F.2d 1117, 1119 (3d Cir. 1993); Kleemann v. McDonnell Douglas Corp., 890 F.2d 698, 700 (4th Cir. 1989). The government contractor defense is established, and the defendant manufacturer is immune from liability under state tort law, where: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Boyle, 487 U.S. at 512, 108 S. Ct. at 2518; see also Carley, 991 F.2d at 1119.

20. Any and all marine steam turbines that GE manufactured for the U.S. Navy were manufactured in conformity with precise, detailed specifications of the U.S. Navy, and GE delivered turbines that conformed to those specifications. The U.S. Navy, as one of the world's leaders in industrial hygiene state-of-the-art at the time, would have possessed information equal or superior to that possessed by its equipment suppliers. GE thus had no knowledge concerning the potential hazards of asbestos that was not known by the U.S. Navy. Accordingly, GE has established more than a colorable claim that it is entitled to immunity from state tort law under the federal government contractor defense set forth in Boyle. See,

9

e.g., Faddish v. General Electric Company, 2010 WL 4146108 (E.D. Pa. 2010) (granting summary judgment for GE on claims of naval asbestos exposure based upon the government contractor defense).

21. GE is not required to notify and obtain the consent of any other defendant in this action in order to remove the action as a whole under 28 U.S.C. § 1442(a)(1). Akin v. Ashland Chemical Co., 156 F.3d 1030, 1034 (10th Cir. 1998); Ely Valley Mines, Inc. v. Hartford Accident Indem. Co., 644 F.2d 1310, 1315 (9th Cir. 1981).

22. Plaintiffs' claim that the decedent was also exposed to asbestos from GE products outside of the Navy is irrelevant for purposes of removal because "the filing of a petition for removal by a single federal officer removes the entire case to the federal court." Akin, 156 F.3d at 1034 (quotation marks and citation omitted).

## Conclusion

23. Based on the foregoing, removal of this action is proper under 28 U.S.C. § 1442. THEREFORE, pursuant to 28 U.S.C. § 1442(a)(1) and in conformance with the requirements set forth in 28 U.S.C. § 1446, GE removes this action from the State Court of Gwinnett County on this 29th day of April, 2011.

A JURY TRIAL IS DEMANDED.

Respectfully submitted this 29th day of April, 2011.

                CHILIVIS, COCHRAN, LARKINS & BEVER, LLP

        By:    */s/ J.D. Dalbey*
                  J.D. Dalbey
                  Georgia Bar No. 003150
                  Emma R. Cecil
                  Georgia Bar No. 076181
                  Attorneys for Defendant,
                  General Electric

3127 Maple Drive, NE
Atlanta, GA 30305
Tel: (404) 233-4171
Fax: (404) 261-2842

## CERTIFICATIONS

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing Notice of Removal was prepared using Times New Roman 14 point font as required by LR 5.1(C).

This 29th day of April, 2011.

                */s/ J.D. Dalbey*
                J.D. Dalbey
                Georgia Bar No. 003150
                Emma R. Cecil
                Georgia Bar No. 076181

I have this day served the foregoing GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL upon all Defense Counsel via electronic mail and upon Plaintiffs' Counsel of record via electronic mail and United States First Class Mail, with adequate postage affixed thereto, addressed as follows:

> Robert C. Buck, Esq.
> Buck Law Firm
> Suite 940
> 1050 Crown Pointe Parkway
> Atlanta, Georgia 30338
> rbuck@buckfirm.com

This 29th day of April, 2011.

                CHILIVIS, COCHRAN, LARKINS & BEVER, LLP

            By:   */s/ J.D. Dalbey*
                    J.D. Dalbey
                    Georgia Bar No. 003150
                    Emma R. Cecil
                    Georgia Bar No. 076181
                    Attorneys for Defendant,
                    General Electric

3127 Maple Drive, NE
Atlanta, GA 30305
Tel: (404) 233-4171
Fax: (404) 261-2842
jdd@cclblaw.com