JURY

# U.S. District Court
## Eastern District of Virginia – (Norfolk)
## CIVIL DOCKET FOR CASE #: 2:10–cv–09693–MSD

Durbrow v. American Standard, Inc. et al

Assigned to: District Judge Mark S. Davis

Demand: $1,000,000

Lead case: 2:10–cv–09999–MSD

Member cases:

    2:10–cv–09660–MSD

    2:10–cv–09661–MSD

    2:10–cv–09662–MSD

    2:10–cv–09663–MSD

    2:10–cv–09664–MSD

    2:10–cv–09665–MSD

    2:10–cv–09666–MSD

    2:10–cv–09667–MSD

    2:10–cv–09668–MSD

    2:10–cv–09669–MSD

    2:10–cv–09670–MSD

    2:10–cv–09671–MSD

    2:10–cv–09672–MSD

    2:10–cv–09673–MSD

    2:10–cv–09674–MSD

    2:10–cv–09675–MSD

    2:10–cv–09676–MSD

    2:10–cv–09677–MSD

    2:10–cv–09678–MSD

    2:10–cv–09679–MSD

    2:10–cv–09680–MSD

    2:10–cv–09682–MSD

    2:10–cv–09681–MSD

    2:10–cv–09683–MSD

    2:10–cv–09684–MSD

    2:10–cv–09685–MSD

    2:10–cv–09686–MSD

    2:10–cv–09687–MSD

    2:10–cv–09688–MSD

    2:10–cv–09689–MSD

    2:10–cv–09690–MSD

    2:10–cv–09691–MSD

    2:10–cv–09692–MSD

Date Filed: 07/19/2010

Jury Demand: Both

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Diversity

2:10–cv–09693–MSD

2:10–cv–09694–MSD

2:10–cv–09695–MSD

2:10–cv–09696–MSD

2:10–cv–09697–MSD

2:10–cv–09698–MSD

2:10–cv–09699–MSD

2:10–cv–09700–MSD

2:10–cv–09701–MSD

2:10–cv–09702–MSD

2:10–cv–09703–MSD

2:10–cv–09705–MSD

2:10–cv–09704–MSD

2:10–cv–09706–MSD

2:10–cv–09707–MSD

2:10–cv–09708–MSD

2:10–cv–09709–MSD

2:10–cv–09710–MSD

2:10–cv–09711–MSD

2:10–cv–09712–MSD

2:10–cv–09713–MSD

2:10–cv–09714–MSD

2:10–cv–09715–MSD

2:10–cv–09716–MSD

2:10–cv–09717–MSD

2:10–cv–09718–MSD

2:10–cv–09719–MSD

2:10–cv–09720–MSD

2:10–cv–09721–MSD

2:10–cv–09722–MSD

2:10–cv–09723–MSD

2:10–cv–09724–MSD

2:10–cv–09725–MSD

2:10–cv–09726–MSD

2:10–cv–09727–MSD

2:10–cv–09728–MSD

2:10–cv–09729–MSD

Cause: 28:1332 Diversity–Asbestos Litigation

**Plaintiff**

**Richard A. Durbrow**                        represented by  **Karen M. Zello**
                                                              Glasser &Glasser PLC
                                                              580 E Main St
                                                              Suite 600

Norfolk, VA 23510
(757) 625–6787
Email: karen@glasserlaw.com
*ATTORNEY TO BE NOTICED*

**Kip Andrew Harbison**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625–6787
*ATTORNEY TO BE NOTICED*

**Marc Christian Greco**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625–6787
Email: marcg@glasserlaw.com
*ATTORNEY TO BE NOTICED*

**Richard Steven Glasser**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625–6787
*ATTORNEY TO BE NOTICED*

**Willard James Moody , Jr.**
The Moody Law Firm, Inc.
500 Crawford St
Commerce Bank Bldg
Suite 300
Portsmouth, VA 23704
(757) 393–4093
Fax: (757) 397–7257
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Standard, Inc.**
*d/b/a Westinghouse Air Brake Co.*

represented by  **Albert Harrison Poole**
Huff Poole &Mahoney PC
4705 Columbus St
Suite 100
Virginia Beach, VA 23462–1521
(757) 499–1841
Email: apoole@hpmlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

<u>Defendant</u>

| | | |
|---|---|---|
| **Pneumo Abex, LLC**<br>*as successor in interest to Pneumo Abex Corporation* | represented by | **Roy Barrow Blackwell**<br>Kaufman &Canoles PC (Norfolk)<br>150 W Main St<br>Suite 2100<br>PO Box 3037<br>Norfolk, VA 23514<br>(757) 259–3800<br>Fax: (757) 259–3838<br>Email: rbblackwell@kaufcan.com<br>*ATTORNEY TO BE NOTICED* |

<u>Defendant</u>

| | | |
|---|---|---|
| **Metropolitan Life Insurance Company** | represented by | **Monica L Mroz**<br>Lichtenstein Fishwick &Johnson PLC<br>Liberty Trust Building<br>101 S Jefferson St<br>Suite 400<br>Roanoke, VA 24011<br>(540) 345–1041<br>Fax: (540) 345–5789<br>Email: monica@vatrials.com<br>*ATTORNEY TO BE NOTICED* |

<u>Defendant</u>

| | | |
|---|---|---|
| **Westinghouse Air Brake Company** | represented by | **Albert Harrison Poole**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

<u>Defendant</u>

**Railroad Friction Products Corporation**

<u>Defendant</u>

| | | |
|---|---|---|
| **Trane US, Inc.**<br>*f/k/a American Standard, Inc.* | represented by | **Albert Harrison Poole**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

<u>Defendant</u>

| | | |
|---|---|---|
| **Amsted Rail Company, Inc.**<br>*individually and as successor in interest to Griffin Wheel Company* | represented by | **Brenna Kathleen Newman**<br>Troutman Sanders LLP<br>Troutman Sanders Bldg<br>1001 Haxall Point<br>PO Box 1122<br>Richmond, VA 23218–1122<br>(804) 697–1304<br>Fax: (804) 698–5139<br>Email: brenna.newman@troutmansanders.com |

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/19/2010 | 1 | 6 | COMPLAINT ( Filing fee $ 350 receipt number 246830007810.) (Attachments: # 1 Civil Cover Sheet, # 2 Receipt)(tjoh, ) (Entered: 07/20/2010) |
| 09/20/2010 | 2 | | *Entry of Appearance and* ANSWER to 1 Complaint with Jury Demand by Amsted Rail Company, Inc..(Newman, Brenna) (Entered: 09/20/2010) |
| 09/22/2010 | 3 | | ANSWER to 1 Complaint with Jury Demand by American Standard, Inc., Trane US, Inc., Westinghouse Air Brake Company.(Poole, Albert) (Entered: 09/22/2010) |
| 09/27/2010 | 4 | | NOTICE of Appearance by Monica L Mroz on behalf of Metropolitan Life Insurance Company (Mroz, Monica) (Entered: 09/27/2010) |
| 10/08/2010 | 5 | | *Notice of Appearance and* ANSWER to 1 Complaint by Pneumo Abex, LLC.(Blackwell, Roy) (Entered: 10/08/2010) |
| 10/18/2010 | 6 | | ANSWER to 1 Complaint with Jury Demand *and Certificate of Service attached* by Metropolitan Life Insurance Company.(Mroz, Monica) (Entered: 10/18/2010) |

JUL 19 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

RICHARD A. DURBROW, Plaintiff,

v.

AMERICAN STANDARD, INC., d/b/a WESTINGHOUSE AIR BRAKE CO.; GENERAL ELECTRIC COMPANY; PNEUMO ABEX, LLC, as successor in interest to PNEUMO ABEX CORPORATION; METROPOLITAN LIFE INSURANCE COMPANY; WESTINGHOUSE AIR BRAKE COMPANY; RAILROAD FRICTION PRODUCTS CORPORATION; TRANE US, INC., f/k/a AMERICAN STANDARD, INC.; and AMSTED RAIL COMPANY, INC., individually and as successor in interest to GRIFFIN WHEEL COMPANY, Defendants.

CIVIL ACTION NO.

2: 10cv 9693

ASBESTOS CASE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

This Document Relates To:
RICHARD A. DURBROW v. American Standard, Inc., et al.

CIVIL ACTION NO.
MDL 875

## COMPLAINT

Plaintiff, by his attorneys, Glasser and Glasser, P.L.C. and The Moody Law Firm, Inc., for his Complaint states:

1.   Plaintiff is a resident of the state of California; and defendants are corporations incorporated under the laws of, and having their principal places of business in, states other than California. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

2.   Plaintiff ("Plaintiff-worker") is: Richard A. Durbrow
     Address: Citrus Heights, California

Social Security no.: XXX-XX-8342
Date of Birth: XX/XX/1944

3.   Defendants are those companies listed in the caption.

4.   Plaintiff-worker's asbestos employment history including, to the extent possible at this time, the asbestos products to which Plaintiff-worker was exposed, are contained in Schedule 1 which is numbered paragraph 6. *infra.*

5.   Plaintiff-worker was caused to contract asbestos related diseases, including but not limited to asbestosis and asbestos-related renal cancer.

6.   Schedule 1 as required by CA # MDL 875

    A.   Employer/Worksite, Trade, Approx. dates:
       Union Pacific Railroad Company, trainman, conductor and brakeman, Chico, CA, Dunsmuir, CA, Fresno, CA, Gerber, CA, Marysville, CA, Oakland, CA, Roseville, CA, San Francisco, CA, Woodland, CA and Sparks, NV, 1963 to 1995

    B.   Smoking history: Smoked 2 ½ packs of Kool cigarettes per day from approximately 1961 to 1990.

    C.   Asbestos containing products exposed to: Block, Pipe Covering, Cement, Gaskets and Packing, Cloth, Dust, Wall Covering, Brakeshoes and Friction Products and Insulation.

    D.   Dependants: None.

7.   Plaintiff-worker adopts by reference the following Counts from the Master-Long Form Complaint filed in the United States District Court for the Eastern District of Pennsylvania pursuant to Order dated August 20, 1986: Counts I, II, III, IV and X. Further, Plaintiff alleges as follows:

**COUNT I**    8.    Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

9.   At all times material hereto, Defendants knew, or had reason to know or should have known, that their asbestos products were inherently and imminently dangerous and that exposure to the inhalation of asbestos and industrial dust and fibers was dangerous and potentially deadly, whereas Plaintiff-worker was not fully aware of this.

10.   At all times material hereto, Defendants knew, or had reason to know or should have known, that Plaintiff-worker would be exposed to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products and despite this, Defendants: (a) Failed to protect Plaintiff-worker by exercising reasonable care to prevent such exposure; (b) Failed to warn Plaintiff-worker of the risks of such exposure; (c) Failed to advise Plaintiff-worker to use special equipment and procedures to prevent such exposure; (d) Failed to place adequate warnings on the containers of these products regarding the risks of such exposure and the precautions necessary to prevent such exposure; (e) Failed to safely package these products; (f) Failed to make these products safe for use; (g) Failed to use safe substitutes for asbestos in these products; (h) Failed to conduct research on disease and test products to determine the extent of dangers inherent in them and make them safe for use; (i) Failed to recall these products after determining that they were dangerous; (j) Failed, after determining that such products were dangerous, to warn Plaintiff-worker to cease all exposure to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products already placed in the stream of commerce; (k) Failed to comply with the Federal Hazardous Substance Act, 15 USCA 1261, *et seq*; and (l) Failed to advise Plaintiff-worker to cease all future exposure to the inhalation of any dust, fibers, fumes and smoke and be examined by a lung specialist.

**COUNT II**    11.    Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

12.   Defendants impliedly warranted that the asbestos products which they mined, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce were reasonably fit for use and safe for their intended purpose: (a) That, at the time of the manufacture and sale of their asbestos products by the Defendants to Plaintiff-worker's Employer(s), Defendants knew, or had reason to know or should have known, that the said asbestos products would be used by the Plaintiff-worker, and other persons similarly employed, as the ultimate user or consumer; (b) That the said asbestos products were sold by the Defendants in a defective condition and were unreasonably dangerous to Plaintiff-worker, and others similarly employed, as users or consumers, and throughout many years of the Plaintiff-worker's exposure to and use of said products, the same asbestos products were expected to and did reach the user or consumer without substantial change in the condition

JUL 19 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

in which they were sold; and (c) That the said asbestos products were defective in that they are incapable of being made safe for their ordinary and intended use, and said Defendants failed to give adequate or sufficient warnings or instructions about the risks and dangers inherent in the products.

13. Defendants breached said warranties to Plaintiff-worker in that their said asbestos products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended ordinary and foreseeable uses and purposes.

<u>COUNT III</u>   14.   Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

15.   Defendants, including but not limited to Metropolitan Life Insurance Company, for many decades, have been aware of medical and scientific data and reports which clearly indicated that exposure to the inhalation of asbestos and industrial dust and fibers caused, contributed to and/or was associated with the development of disease and was potentially deadly.

16.   Despite this, Defendants, including but not limited to Metropolitan Life Insurance Company, prompted by pecuniary motives, individually, jointly and in conspiracy with each other, and through trade associations in which they were members, deliberately, maliciously, and callously:  (a) Concealed this information from persons such as Plaintiff-worker who were being exposed to the inhalation of asbestos and industrial dust and fibers from their asbestos products, fearing that adverse publicity would reduce their highly profitable sales; (b) Concealed the actual results of research on disease and tests done on these products because they were adverse, and distorted these results to mislead persons into believing they were not adverse; (c) Discredited doctors and scientists who indicated that there was a relationship between asbestos and disease; (d) Concealed the actual results of medical examinations conducted upon persons who contracted asbestosis, cancer, and other industrial dust diseases, and distorted these results to minimize the role of asbestos; (e) Concealed claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (f) Procured false testimony during the litigation of claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (g) Disseminated data and reports regarding the relationship between asbestos and disease which were incorrect, incomplete, outdated and misleading; (h) Placed misleading information on the containers of these products, fearing that adequate warnings would adversely affect sales; (i) Disseminated favorable publicity about these products and indicated that they were safe for use, to maximize profit at the expense of human lives; (j) Acted with criminal indifference and conscious disregard of the rights of Plaintiff-worker; (k) Participated in the fraudulent scheme described above to keep persons such as Plaintiff-worker in ignorance of their rights and, in fact, this fraudulent scheme did keep Plaintiff-worker in such ignorance; and (l) Intended by the fraudulent misrepresentations and concealments and willful omissions described above to induce persons such as Plaintiff-worker to rely upon the same and to continue to expose themselves to the dangers that Defendants knew to be inherent in their products.

17.   Plaintiff-worker, reasonably and in good faith, relied upon the fraudulent misrepresentations, fraudulent concealments, and willful omissions of Defendants, which reliance resulted in detriment to Plaintiff-worker, the particulars of which will be set forth below.

<u>COUNT IV</u>    18. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

19.   As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendants, Plaintiff-worker was caused to contract diseases and injuries to his body systems, lungs and heart, including asbestosis and other injuries, which are permanent and/or fatal and have caused and will continue to cause Plaintiff-worker pain, suffering and mental anguish and will inevitably cause his death. Aside from the diseases and injuries of which Plaintiff-worker is presently afflicted, Plaintiff-worker has become a likely candidate for progressive future disease and future cancer, some or all of which may be permanent and/or fatal.

20.   Plaintiff-worker's asbestos-induced disease which was proximately caused by Defendants' asbestos products did not occur or exist two years prior to the filing of this Complaint and such disease is the indivisible biological result of the unique dose response of Plaintiff-worker's body to past and recent inhalation or ingestion of asbestos and industrial dust and fibers from Defendants' asbestos products.

21.   As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of Defendants, Plaintiff-worker:  (a) Has been obliged to spend various sums of money to treat his disease and will be obliged to continue to do so in the future; (b) Has and will sustain a loss of earnings and earning capacity; (c) Has had his enjoyment of life severely impaired and his life expectancy tremendously shortened; and (d) Has been caused to suffer great psychic trauma including, but not limited to, cancer phobia.

22.   Any delay in filing Plaintiff-worker's causes of action is a direct and proximate result of Defendants' failure to warn and the fraudulent concealment hereinafter described.  For a long time Defendants have known of the hazards of asbestos inhalation and ingestion and had the duty to warn persons such as Plaintiff-worker, of the hazards of their asbestos products.  Defendants intentionally and fraudulently concealed said knowledge from Plaintiff-worker resulting in the failure of Plaintiff-worker to discover the facts which are the basis of his causes of action despite the exercise of due diligence on behalf of Plaintiff-worker.  Plaintiff-worker remained unaware of Defendants' long-time knowledge of the hazards of exposure to asbestos products and their correlative duties to warn until within the period of limitations for filing of this Complaint.  Accordingly, any attempt on the part of any Defendant to complain about the timeliness of Plaintiff-worker's commencement of this action should be estopped.

23.   The amount for lost wages of Plaintiff-worker will be provided.

24.   Plaintiff-worker has not been a party to any related third party asbestos litigation, except for a FELA action against his former employer(s).

25.   Plaintiff-worker demands trial by jury.

WHEREFORE, Plaintiff-worker prays for judgment against Defendants for compensatory damages in the sum of Five Million Dollars ($5,000,000.00) and punitive damages in the sum of Five Million Dollars ($5,000,000.00), together with interest, costs and such other and further relief as is just and proper.

Richard S. Glasser, Esq. - VA Bar No. 4092
Kip A. Harbison, Esq. - VA Bar No. 38648
Marc C. Greco, Esq. - VA Bar No. 41496
Karen M. Zello, Esq. – VA Bar No. 66783
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 E. Main Street
Norfolk, Virginia 23510-2212
(757) 625-6787

Of Counsel:
Willard J. Moody, Jr., Esq. – VA Bar No. 22866
THE MOODY LAW FIRM, INC.

GLASSER AND GLASSER, P.L.C.

By: _____
        Counsel

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RICHARD A. DURBROW

**DEFENDANTS**

SEE ATTACHED

**(b)** County of Residence of First Listed Plaintiff  Citrus Heights, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Piscataway, NJ
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard S. Glasser, Kip A. Harbison, Glasser and Glasser, P.L.C.,
Crown Center, Suite 600, 580 East Main Street, Norfolk, Virginia 23510; (757)625-6787

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury -<br>  Med. Malpractice<br>☐ 365 Personal Injury -<br>  Product Liability<br>☒ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>  Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting<br>  & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>  Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 875 Customer Challenge<br>  12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate<br>  Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus -<br>  Alien Detainee<br>☐ 465 Other Immigration<br>  Actions | | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br>  Act<br>☐ 900Appeal of Fee Determination<br>  Under Equal Access<br>  to Justice<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Personal injury arising out of Plaintiff's exposure to Defendants' asbestos products.

## VII. REQUESTED IN
COMPLAINT:

☐  CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
over $75,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  7/19/2010

SIGNATURE OF ATTORNEY OF RECORD  Kim M Zeller

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AMERICAN STANDARD, INC., d/b/a
   WESTINGHOUSE AIR BRAKE CO.
GENERAL ELECTRIC COMPANY
PNEUMO ABEX, LLC, as successor in interest to
   PNEUMO ABEX CORPORATION
METROPOLITAN LIFE INSURANCE COMPANY
WESTINGHOUSE AIR BRAKE COMPANY
RAILROAD FRICTION PRODUCTS CORPORATION
TRANE US, INC., f/k/a AMERICAN STANDARD, INC.
AMSTED RAIL COMPANY, INC., individually and as
   successor in interest to GRIFFIN WHEEL COMPANY

RECEIVED

2019 JUL 19 P 2: 15

US DISTRICT COURT
DE & VIRGINIA

```
Court Name: United States District Court
Division: 2
Receipt Number: 24683087610
Cashier ID: wweath
Transaction Date: 07/19/2010
Payer Name: GLASSER AND GLASSER

CIVIL FILING FEE
 For: GLASSER AND GLASSER
 Case/Party: D-VAE-2-10-CV-009693-001
 Amount:        $350.00
-------------------------------------
CHECK
 Check/Money Order Num: 198970
 Amt Tendered: $350.00
-------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

GLASSER & GLASSER
2:10CV9693
```