JURY

# U.S. District Court
## Eastern District of Virginia – (Norfolk)
### CIVIL DOCKET FOR CASE #: 2:10–cv–09716–MSD

Denney v. American Standard, Inc. et al
Assigned to: District Judge Mark S. Davis
Demand: $9,999,000
Lead case: 2:10–cv–09999–MSD
Member cases:

    2:10–cv–09660–MSD
    2:10–cv–09661–MSD
    2:10–cv–09662–MSD
    2:10–cv–09663–MSD
    2:10–cv–09664–MSD
    2:10–cv–09665–MSD
    2:10–cv–09666–MSD
    2:10–cv–09667–MSD
    2:10–cv–09668–MSD
    2:10–cv–09669–MSD
    2:10–cv–09670–MSD
    2:10–cv–09671–MSD
    2:10–cv–09672–MSD
    2:10–cv–09673–MSD
    2:10–cv–09674–MSD
    2:10–cv–09675–MSD
    2:10–cv–09676–MSD
    2:10–cv–09677–MSD
    2:10–cv–09678–MSD
    2:10–cv–09679–MSD
    2:10–cv–09680–MSD
    2:10–cv–09682–MSD
    2:10–cv–09681–MSD
    2:10–cv–09683–MSD
    2:10–cv–09684–MSD
    2:10–cv–09685–MSD
    2:10–cv–09686–MSD
    2:10–cv–09687–MSD
    2:10–cv–09688–MSD
    2:10–cv–09689–MSD
    2:10–cv–09690–MSD
    2:10–cv–09691–MSD
    2:10–cv–09692–MSD

Date Filed: 11/05/2010
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

2:10–cv–09693–MSD
2:10–cv–09694–MSD
2:10–cv–09695–MSD
2:10–cv–09696–MSD
2:10–cv–09697–MSD
2:10–cv–09698–MSD
2:10–cv–09699–MSD
2:10–cv–09700–MSD
2:10–cv–09701–MSD
2:10–cv–09702–MSD
2:10–cv–09703–MSD
2:10–cv–09705–MSD
2:10–cv–09704–MSD
2:10–cv–09706–MSD
2:10–cv–09707–MSD
2:10–cv–09708–MSD
2:10–cv–09709–MSD
2:10–cv–09710–MSD
2:10–cv–09711–MSD
2:10–cv–09712–MSD
2:10–cv–09713–MSD
2:10–cv–09714–MSD
2:10–cv–09715–MSD
2:10–cv–09716–MSD
2:10–cv–09717–MSD
2:10–cv–09718–MSD
2:10–cv–09719–MSD
2:10–cv–09720–MSD
2:10–cv–09721–MSD
2:10–cv–09722–MSD
2:10–cv–09723–MSD
2:10–cv–09724–MSD
2:10–cv–09725–MSD
2:10–cv–09726–MSD
2:10–cv–09727–MSD
2:10–cv–09728–MSD
2:10–cv–09729–MSD
Cause: 28:1332 Diversity–Asbestos Litigation

**Plaintiff**

**Edward L. Denney**                    represented by  **Karen M. Zello**
                                                        Glasser &Glasser PLC
                                                        580 E Main St
                                                        Suite 600

Norfolk, VA 23510
(757) 625–6787
Email: karen@glasserlaw.com
*ATTORNEY TO BE NOTICED*

**Kip Andrew Harbison**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625–6787
*ATTORNEY TO BE NOTICED*

**Marc Christian Greco**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625–6787
Email: marcg@glasserlaw.com
*ATTORNEY TO BE NOTICED*

**Richard Steven Glasser**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625–6787
*ATTORNEY TO BE NOTICED*

**Willard James Moody , Jr.**
The Moody Law Firm, Inc.
500 Crawford St
Commerce Bank Bldg
Suite 300
Portsmouth, VA 23704
(757) 393–4093
Fax: (757) 397–7257
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Standard, Inc.**
*d/b/a Westinghouse Air Brake Co.*

represented by **Albert Harrison Poole**
Huff Poole &Mahoney PC
4705 Columbus St
Suite 100
Virginia Beach, VA 23462–1521
(757) 499–1841
Email: apoole@hpmlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Amsted Rail Company, Inc.**
*individually and as successor in interest to*
*Griffin Wheel Company*

represented by **Brenna Kathleen Newman**
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218–1122
(804) 697–1304
Fax: (804) 698–5139
Email: brenna.newman@troutmansanders.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dana Companies, LLC**
*as successor by merger to Dana*
*Corporation, individually, and as*
*successor to Victor Manufacturing and*
*Gasket Company*

represented by **Kay Millicent Brown**
DeHay &Elliston LLP
36 South Charles Street
Suite 1300
Baltimore, MD 21201
410–783–7003
Fax: 410–783–7221
Email: kbrown@dehay.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**Metropolitan Life Insurance Company**

represented by **Monica L Mroz**
Lichtenstein Fishwick &Johnson PLC
Liberty Trust Building
101 S Jefferson St
Suite 400
Roanoke, VA 24011
(540) 345–1041
Fax: (540) 345–5789
Email: monica@vatrials.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Old Orchard Industrial Corp.**
*individually and as successor in interest to*
*Vapor, A Brunswick Company, Vapor*
*Corporation, and Vapor Heating*
*Corporation*

represented by **Matthew D. Berkowitz**
Carr Maloney PC (DC)
2000 L St NW
Suite 450
Washington, DC 20036
202 310–5500
Fax: 202–310–5555
Email: mb@carrmaloney.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pneumo Abex, LLC**
*as successor in interest to Pneumo Abex*
*Corporation*

represented by **Roy Barrow Blackwell**
Kaufman &Canoles PC (Norfolk)
150 W Main St
Suite 2100
PO Box 3037
Norfolk, VA 23514
(757) 259–3800
Fax: (757) 259–3838
Email: rbblackwell@kaufcan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Railroad Friction Products Corporation**

**Defendant**

**Trane US, Inc.**
*f/k/a American Standard, Inc.*

represented by **Albert Harrison Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Vapor, A Brunswick Company**

represented by **Matthew D. Berkowitz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Westinghouse Air Brake Company**

represented by **Albert Harrison Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Old Orchard Industrial Corp.**
*individually and as successor in interest to*
*Vapor, A Brunswick Company, Vapor*
*Corporation, and Vapor Heating*
*Corporation*

represented by **Matthew D. Berkowitz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Vapor, A Brunswick Company**

represented by **Matthew D. Berkowitz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**American Standard, Inc.**
*d/b/a Westinghouse Air Brake Co.*

represented by **Albert Harrison Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Amsted Rail Company, Inc.**
*individually and as successor in interest to*
*Griffin Wheel Company*

represented by **Brenna Kathleen Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Dana Companies, LLC**
*as successor by merger to Dana*
*Corporation, individually, and as*
*successor to Victor Manufacturing and*
*Gasket Company*

**Cross Defendant**

**General Electric Company**

**Cross Defendant**

**Metropolitan Life Insurance Company**

represented by **Monica L Mroz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Pneumo Abex, LLC**
*as successor in interest to Pneumo Abex*
*Corporation*

represented by **Roy Barrow Blackwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Railroad Friction Products Corporation**

**Cross Defendant**

**Trane US, Inc.**
*f/k/a American Standard, Inc.*

represented by **Albert Harrison Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Westinghouse Air Brake Company**

represented by **Albert Harrison Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/05/2010 | 1 | 8 | COMPLAINT ( Filing fee $ 350 receipt number 24683009040.) (Attachments: # 1 Civil Cover Sheet, # 2 Receipt)(tjoh, ) (Entered: 11/08/2010) |
| 12/15/2010 | 2 | | NOTICE of Appearance by Monica L Mroz on behalf of Metropolitan Life Insurance Company (Mroz, Monica) (Entered: 12/15/2010) |
| 12/21/2010 | 3 | | ANSWER to 1 Complaint with Jury Demand by American Standard, Inc., Trane US, Inc., Westinghouse Air Brake Company.(Poole, Albert) (Entered: |

| | | | 12/21/2010) |
|---|---|---|---|
| 01/03/2011 | 4 | | *Entry of Appearance and* ANSWER to 1 Complaint with Jury Demand by Amsted Rail Company, Inc..(Newman, Brenna) (Entered: 01/03/2011) |
| 01/05/2011 | 5 | | ANSWER to 1 Complaint, CROSSCLAIM against by Old Orchard Industrial Corp., Vapor, A Brunswick Company.(Berkowitz, Matthew) (Entered: 01/05/2011) |
| 01/19/2011 | 6 | | *Notice of Appearance and* ANSWER to 1 Complaint, 5 Answer to Complaint, Crossclaim, ANSWER to Crossclaim by Pneumo Abex, LLC.(Blackwell, Roy) (Entered: 01/19/2011) |
| 01/27/2011 | 7 | | ANSWER to 1 Complaint with Jury Demand by Metropolitan Life Insurance Company.(Mroz, Monica) (Entered: 01/27/2011) |
| 01/28/2011 | 8 | | ANSWER to 1 Complaint *and Certificate of Service* by Dana Companies, LLC.(Brown, Kay) (Entered: 01/28/2011) |

FILED

NOV - 5 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

EDWARD L. DENNEY, Plaintiff,

v.

CIVIL ACTION NO.

2:10cv9716

AMERICAN STANDARD, INC., d/b/a WESTINGHOUSE AIR BRAKE CO.; AMSTED RAIL COMPANY, INC., individually and as successor in interest to GRIFFIN WHEEL COMPANY; DANA COMPANIES, LLC, as successor by merger to DANA CORPORATION, individually, and as successor to VICTOR MANUFACTURING AND GASKET COMPANY; GENERAL ELECTRIC COMPANY; METROPOLITAN LIFE INSURANCE COMPANY; OLD ORCHARD INDUSTRIAL CORP., individually and as successor in interest to Vapor, A Brunswick Company, Vapor Corporation, and Vapor Heating Corporation; PNEUMO ABEX, LLC, as successor in interest to PNEUMO ABEX CORPORATION; RAILROAD FRICTION PRODUCTS CORPORATION; TRANE US, INC., f/k/a AMERICAN STANDARD, INC., VAPOR, A BRUNSWICK COMPANY; and WESTINGHOUSE AIR BRAKE COMPANY, Defendants.

ASBESTOS CASE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

CIVIL ACTION NO
MDL 875

This Document Relates To:
EDWARD L. DENNEY v. American Standard, Inc., et al.

COMPLAINT

Plaintiff, by his attorneys, Glasser and Glasser, P.L.C. and The Moody Law Firm, Inc., for his Complaint states:

1.    Plaintiff is a resident of the state of Kansas; and defendants are corporations incorporated under the laws of, and having their principal places of business in, states other than Kansas. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

2.    Plaintiff ("Plaintiff-worker") is: Edward L. Denney
    Address:  Bonner Springs, Kansas
    Plaintiff's Spouse is: Marlene Denney
    Address:  Same as above

Social Security no.: XXX-XX-6763
Date of Birth: XX/XX/1947

Date of Birth: XX/XX/1949

3.    Defendants are those companies listed in the caption.

4.    Plaintiff-worker's asbestos employment history including, to the extent possible at this time, the asbestos products to which Plaintiff-worker was exposed, are contained in Schedule 1 which is numbered paragraph 6. *infra*.

5.    Plaintiff-worker was caused to contract asbestos related diseases, including but not limited to asbestosis.

6.    Schedule 1 as required by CA # MDL 875

    A.    Employer/Worksite, Trade, Approx. dates:
        Chicago Rock Island & Pacific Railway, foreman, electrician apprentice and
            electrician, Kansas City, KS, 1966 to 1979
        Burlington Northern and Santa Fe Railway Company, sheetmetal worker,
            roundhouse laborer, pipefitter, hostler, foreman and electrician,
            Argentine, KS and Kansas City, KS, 1979 to 2007

    B.    Smoking history: Client never smoked.

    C.    Asbestos containing products exposed to: Block, Pipe Covering, Cement, Gaskets and Packing, Cloth, Dust, Wall Covering, Brakeshoes and Friction Products and Insulation.

    D.    Dependants: Marlene Denney

7.    Plaintiff-worker adopts by reference the following Counts from the Master-Long Form Complaint filed in the United States District Court for the Eastern District of Pennsylvania pursuant to Order dated August 20, 1986:  Counts I, II, III, IV and X.  Further, Plaintiff alleges as follows:

<u>COUNT I</u>    8.    Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

9.    At all times material hereto, Defendants knew, or had reason to know or should have known, that their asbestos products were inherently and imminently dangerous and that exposure to the inhalation of asbestos and industrial dust and fibers was dangerous and potentially deadly, whereas Plaintiff-worker was not fully aware of this.

10.    At all times material hereto, Defendants knew, or had reason to know or should have known, that Plaintiff-worker would be exposed to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products and despite this, Defendants: (a) Failed to protect Plaintiff-worker by exercising reasonable care to prevent such exposure;  (b) Failed to warn Plaintiff-worker of the risks of such exposure; (c) Failed to advise Plaintiff-worker to use special equipment and procedures to prevent such exposure; (d) Failed to place adequate warnings on the containers of these products regarding the risks of such exposure and the precautions necessary to prevent such exposure; (e) Failed to safely package these products; (f) Failed to make these products safe for use; (g) Failed to use safe substitutes for asbestos in these products; (h) Failed to conduct research on disease and test products to determine the extent of dangers inherent in them and make them safe for use; (i) Failed to recall these products after determining that they were dangerous; (j) Failed, after determining that such products were dangerous, to warn Plaintiff-worker to cease all exposure to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products already placed in the stream of commerce; (k) Failed to comply with the Federal Hazardous Substance Act, 15 USCA 1261, *et seq*; and (l) Failed to advise Plaintiff-worker to cease all future exposure to the inhalation of any dust, fibers, fumes and smoke and be examined by a lung specialist.

<u>COUNT II</u>    11.    Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

12. Defendants impliedly warranted that the asbestos products which they mined, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce were reasonably fit for use and safe for their intended purpose: (a) That, at the time of the manufacture and sale of their asbestos products by the Defendants to Plaintiff-worker's Employer(s), Defendants knew, or had reason to know or should have known, that the said asbestos products would be used by the Plaintiff-worker, and other persons similarly employed, as the ultimate user or consumer; (b) That the said asbestos products were sold by the Defendants in a defective condition and were unreasonably dangerous to Plaintiff-worker, and others similarly employed, as users or consumers, and throughout many years of the Plaintiff-worker's exposure to and use of said products, the same asbestos products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold; and (c) That the said asbestos products were defective in that they are incapable of being made safe for their ordinary and intended use, and said Defendants failed to give adequate or sufficient warnings or instructions about the risks and dangers inherent in the products.

13. Defendants breached said warranties to Plaintiff-worker in that their said asbestos products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended ordinary and foreseeable uses and purposes.

COUNT III 14. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

15. Defendants, including but not limited to Metropolitan Life Insurance Company, for many decades, have been aware of medical and scientific data and reports which clearly indicated that exposure to the inhalation of asbestos and industrial dust and fibers caused, contributed to and/or was associated with the development of disease and was potentially deadly.

16. Despite this, Defendants, including but not limited to Metropolitan Life Insurance Company, prompted by pecuniary motives, individually, jointly and in conspiracy with each other, and through trade associations in which they were members, deliberately, maliciously, and callously: (a) Concealed this information from persons such as Plaintiff-worker who were being exposed to the inhalation of asbestos and industrial dust and fibers from their asbestos products, fearing that adverse publicity would reduce their highly profitable sales; (b) Concealed the actual results of research on disease and tests done on these products because they were adverse, and distorted these results to mislead persons into believing they were not adverse; (c) Discredited doctors and scientists who indicated that there was a relationship between asbestos and disease; (d) Concealed the actual results of medical examinations conducted upon persons who contracted asbestosis, cancer, and other industrial dust diseases, and distorted these results to minimize the role of asbestos; (e) Concealed claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (f) Procured false testimony during the litigation of claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (g) Disseminated data and reports regarding the relationship between asbestos and disease which were incorrect, incomplete, outdated and misleading; (h) Placed misleading information on the containers of these products, fearing that adequate warnings would adversely affect sales; (i) Disseminated favorable publicity about these products and indicated that they were safe for use, to maximize profit at the expense of human lives; (j) Acted with criminal indifference and conscious disregard of the rights of Plaintiff-worker; (k) Participated in the fraudulent scheme described above to keep persons such as Plaintiff-worker in ignorance of their rights and, in fact, this fraudulent scheme did keep Plaintiff-worker in such ignorance; and (l) Intended by the fraudulent misrepresentations and concealments and willful omissions described above to induce persons such as Plaintiff-worker to rely upon the same and to continue to expose themselves to the dangers that Defendants knew to be inherent in their products.

17. Plaintiff-worker, reasonably and in good faith, relied upon the fraudulent misrepresentations, fraudulent concealments, and willful omissions of Defendants, which reliance resulted in detriment to Plaintiff-worker, the particulars of which will be set forth below.

COUNT IV 18. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

19. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendants, Plaintiff-worker was caused to contract diseases and injuries to his body systems, lungs and heart, including asbestosis and other injuries, which are permanent and/or fatal and have caused and will continue to cause Plaintiff-worker pain, suffering and mental anguish and will inevitably cause his death. Aside from the diseases and injuries of which Plaintiff-worker is presently afflicted, Plaintiff-worker has become a likely candidate for progressive future disease and future cancer, some or all of which may be permanent and/or fatal.

20. Plaintiff-worker's asbestos-induced disease which was proximately caused by Defendants' asbestos products did not occur or exist two years prior to the filing of this Complaint and such disease is the indivisible biological result of the unique dose response of Plaintiff-worker's body to past and recent inhalation or ingestion of asbestos and industrial dust and fibers from Defendants' asbestos products.

21. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of Defendants, Plaintiff-worker: (a) Has been obliged to spend various sums of money to treat his disease and will be obliged to continue to do so in the future; (b) Has and will sustain a loss of earnings and earning capacity; (c) Has had his enjoyment of life severely impaired and his life expectancy tremendously shortened; and (d) Has been caused to suffer great psychic trauma including, but not limited to, cancer phobia.

22. Any delay in filing Plaintiff-worker's causes of action is a direct and proximate result of Defendants' failure to warn and the fraudulent concealment hereinafter described. For a long time Defendants have known of the hazards of asbestos inhalation and ingestion and had the duty to warn persons such as Plaintiff-worker, of the hazards of their asbestos products. Defendants intentionally and fraudulently concealed said knowledge from Plaintiff-worker resulting in the failure of Plaintiff-worker to discover the facts which are the basis of his causes of action despite the exercise of due diligence on behalf of Plaintiff-worker. Plaintiff-worker remained unaware of Defendants' long-time knowledge of the hazards of exposure to asbestos products and their correlative duties to warn until within the period of limitations for filing of this Complaint. Accordingly, any attempt on the part of any Defendant to complain about the timeliness of Plaintiff-worker's commencement of this action should be estopped.

23. The amount for lost wages of Plaintiff-worker will be provided.

24. Plaintiff-worker has not been a party to any related third party asbestos litigation, except for a FELA action against his former employer(s).

25. Plaintiff-worker demands trial by jury.

WHEREFORE, Plaintiff-worker prays for judgment against Defendants for compensatory damages in the sum of Five Million Dollars ($5,000,000.00) and punitive damages in the sum of Five Million Dollars ($5,000,000.00), together with interest, costs and such other and further relief as is just and proper.

Richard S. Glasser, Esq. - VA Bar No. 4092
Kip A. Harbison, Esq. - VA Bar No. 38648
Marc C. Greco, Esq. - VA Bar No. 41496
Karen M. Zello, Esq. – VA Bar No. 66783
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 E. Main Street
Norfolk, Virginia 23510-2212
(757) 625-6787

Of Counsel:
Willard J. Moody, Jr., Esq. – VA Bar No. 22866
THE MOODY LAW FIRM, INC.

GLASSER AND GLASSER, P.L.C.

By: _Kam M Zello_
Counsel

JS 44 (Rev. 12/07)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EDWARD L. DENNEY | SEE ATTACHED |

**(b)** County of Residence of First Listed Plaintiff  Bonner Springs, KS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Piscataway, NJ
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard S. Glasser, Kip A. Harbison, Glasser and Glasser, P.L.C.,
Crown Center, Suite 600, 580 East Main Street, Norfolk, Virginia 23510; (757)625-6787

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

Selected: ☒ 368 Asbestos Personal Injury Product Liability

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding

**VI. CAUSE OF ACTION** Brief description of cause: Personal injury arising out of Plaintiff's exposure to Defendants' asbestos products.

**VII. REQUESTED IN COMPLAINT:** DEMAND $ over $75,000.00  JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

DATE 11/5/2010  SIGNATURE OF ATTORNEY OF RECORD  Kan M Zell

AMERICAN STANDARD, INC., d/b/a
  WESTINGHOUSE AIR BRAKE CO.
AMSTED RAIL COMPANY, INC., individually and as
  successor in interest to GRIFFIN WHEEL COMPANY
DANA COMPANIES, LLC, as successor by merger to
  DANA CORPORATION, individually, and as successor
  to VICTOR MANUFACTURING AND GASKET COMPANY
GENERAL ELECTRIC COMPANY
METROPOLITAN LIFE INSURANCE COMPANY
OLD ORCHARD INDUSTRIAL CORP., individually and as
  successor in interest to VAPOR, A BRUNSWICK COMPANY,
  VAPOR CORPORATION and VAPOR HEATING CORPORATION
PNEUMO ABEX, LLC, as successor in interest to
  PNEUMO ABEX CORPORATION
RAILROAD FRICTION PRODUCTS CORPORATION
TRANE US, INC., f/k/a AMERICAN STANDARD, INC.
VAPOR, A BRUNSWICK COMPANY
WESTINGHOUSE AIR BRAKE COMPANY

```
Court Name: United States District Court
Division: 2
Receipt Number: 24683009040
Cashier ID: tlevinso
Transaction Date: 11/05/2010
Payer Name: GLASSER AND GLASSER
------------------------------------
CIVIL FILING FEE
  For: GLASSER AND GLASSER
  Amount:       $350.00
------------------------------------
CHECK
  Check/Money Order Num: 196014
  Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:      $0.00

GLASSER & GLASSER
2:10CV9715
```