BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS <br> LIABILITY LITIGATION (No. VI) | § <br> § <br> § <br> § | MDL DOCKET NO. 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRY CARDARO and <br> JO ANN CARDARO <br> <br> Plaintiffs, <br> <br> v. <br> <br> AEROJET GENERAL <br> CORPORATION, et al. <br> <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 2:11-CV-00876 |

## BRIEF IN SUPPORT OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-390)

I.   PRELIMINARY STATEMENT

Plaintiffs respectfully file this brief in support of their Motion to Vacate the Conditional Transfer Order (CTO-390) entered by the Judicial Panel on Multidistrict Litigation April 20, 2011. Pursuant to Panel Rule 7.1(f), this brief is being filed in support of plaintiffs' Motion to Vacate, and their previous Notice of Opposition, filed on April 22, 2011 in accordance with Panel Rule 7.1(f) (*See* notice attached as Exhibit "A"). This submission is being filed within 14 days of the filing of the Notice of Opposition. For the reasons stated below, the Conditional Transfer Order should be vacated so that plaintiffs can proceed in the timely resolution of their claim in state court.

1

Plaintiffs will soon file a motion for remand in the above case. Despite the fact that the Panel entered its Conditional Transfer Order before the district court judge was able to rule on the motion, that judge has not lost jurisdiction over this case and, therefore, can make a determination as to plaintiffs' motion for remand. <u>Faulk v. Owens-Corning Fiberglas Corp., et al.</u>, 48 F.Supp.2d 653, 657 (E.D. Tex. 1999); *See* Panel Rule 1.5, 181 F.R.D. 1,3 (1998); *See also* <u>Bartley v. Borden, Inc. et al.</u>, 1996 WL 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the prescribed fifteen day period.)

Plaintiffs filed their notice of opposition within the prescribed period. Therefore, transmittal of the CTO was stayed and continues to be stayed until further action by this Panel. Finally, since the case has not been finally transferred, but only "provisionally" transferred, pending a final decision on transfer, it is still pending in the original district court to which it was removed. Thus, not only does the United States District Court retain jurisdiction to rule on the motion for remand before it, but it may promptly do so and preserve the plaintiffs' right to a timely resolution of their claim.

Plaintiffs respectfully request that their motion to vacate the CTO be granted, so that the court to which the case was removed may resolve their motion for remand.

Respectfully submitted,

/s/ Charles S. Siegel
Charles S. Siegel
Texas State Bar No. 18341875
Waters & Kraus, LLP
3219 McKinney Avenue
Dallas, Texas 75204
(214) 357-6244 Telephone
(214) 871-2263 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Brief to Vacate the Conditional Transfer Order has been served by facsimile on all counsel of record listed below on this 4th day of May, 2011.

Matthew Lott
W. Charles McVea
Matthew P. Lachaussee
Thomas 1. Musselman
Dogan & Wilkinson, PLLC
734 Delmas Avenue
P.O. Box 1618
Pascagoula, MS 39568-1618
mlott@doganwilkinson.com, cmcvea@doganwilkinson.com,
mlachaussee@doganwilkinson.com, tmusselman@doganwilkinson.com
**Attorneys for Defendant Crane Company**

James R. Logan, IV
Logan & Soileau
1010 Common Street, Suite 2910
New Orleans, LA 70112
jlogan@loganandsoileau.com
**Attorney for Defendant Equitable Shipyards, Llc**

Elia Diaz-Yeager
Colin Sherman
Christopher T. Wilson
Lugenbuhl, Wheaton, Peck,
      Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
ediaz-yeager@lawla.com, csherman@lawla.com, kwilson@lawla.com
      **Attorneys for Defendants Travelers Casualty and Surety**
      **Company Trinity Yachts, LLC (Ind & Sii Trinity Industries, Inc.**
      **And Equitable Equipment Company F/K/A Equitable**

Barbara Arras
Phelps Dunbar, LLP
365 Canal Street
Suite 2000, Canal Place
New Orleans, LA 70130
arrasb@phelps.com
      **Attorney for Defendant Trinity Industries**

Stewart F. Peck
Lugenbuhl, Wheaton, Peck,
Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
speck@lawla.com
      **Attorney for Defendant Trinity Yachts, LLC**

M. James Dempsey
Cosmich, Simmons & Brown
101 South Congress Street
Jackson, MS 39201
jimmY@cs-law.com
      **Attorney for Defendant Yarway Corporation**

Winstol D. Carter
Morgan, Lewis & Bockus, LLP
1000 Louisiana, Suite 4200
Houston, TX 77002
wcarter@morganlewis.com
      **Attorney for Defendant Yarway Corporation**

Hainkel, III, John J.
FRILOT L.L.C.
1100 Poydras Street
3700 Energy Centre
New Orleans, LA 70163
jhainkel@frilot.com
   **Attorney for Defendant Foster Wheeler Energy Corporation and General Electric Company**

                             /s/ Charles S. Siegel
                             Charles S. Siegel