# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | |
|---|---|
| AIDA SAVELESKY., )<br><br>) <br><br>) <br>Plaintiff, )<br>) <br>) <br>) <br>v. )<br>) <br>ALLIED PACKING & SUPPLY, INC., )<br>et al. )<br>Defendants. ) | Civil Action No.:<br>3:11-cv-01778<br><br>in the U. S. District Court,<br>Northern District of California |

## <u>DECLARATION OF ANYA FUCHS IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-389)</u>

I, Anya Fuchs, declare as follows:

1.    I am an attorney admitted to practice law before the United States District Court, Northern District of California, and all courts of the State of California, and am entitled to practice before the United States Judicial Panel on Multidistrict Litigation pursuant to Panel Rule 2.1(c).

2.    I am an associate attorney of Paul & Hanley LLP, attorneys of record for plaintiff herein, Aida Savelesky.  I have been an attorney with said toxic tort litigation law firm since November 2009, working primarily on asbestos cases, and have been involved in the pre-trial preparation of more than 20 cases that commenced trial since that time.  The matters stated herein are true to my own personal knowledge. If called upon as a witness, I could and would testify to the following facts:

3.      Attached hereto as **Exhibit "A"** is a true and correct copy of a letter dated

September 17, 2010, sent via facsimile and U.S. mail, to the office of Paul & Hanley,

LLP, counsel for plaintiff herein, from P.M. Bessette of BRYDON HUGO & PARKER,

counsel for defendant National Steel and Shipbuilding Company (hereafter "NASSCO

counsel").

4.      Attached hereto as **Exhibit "B"** is a true and correct copy of a letter dated

September 17, 2010, sent via facsimile and U.S. mail, to NASSCO counsel from Deborah

R. Rosenthal of Paul & Hanley, LLP, counsel for plaintiff herein.

5.      Attached hereto as **Exhibit "C"** is a true and correct copy of a letter dated April

20, 2011, sent via facsimile and U.S. mail, to NASSCO counsel that I wrote in my

capacity as counsel for plaintiff herein.

6.      Attached hereto as **Exhibit "D"** is a true and correct copy of a letter dated April

22, 2011, sent via facsimile and U.S. mail, to the office of Paul & Hanley, LLP, counsel

for plaintiff herein, from NASSCO counsel.

7.      Attached hereto as **Exhibit "E"** is a true and correct copy of the March 31, 2011

caseload statistics for MDL-875 (In Re Asbestos Products Liability Litigation (No. VI))

issued by the Office of the Clerk of Court of the United States District Court, Eastern

District of Pennsylvania.  I accessed, downloaded, and printed the attached document on

today's date from the official website of the United States District Court, Eastern District

of Pennsylvania, located at http://www.paed.uscourts.gov.

8.      Attached hereto as **Exhibit "F"** is a true and correct copy of the February 12,

2010 Order signed by the Honorable Eduardo C. Robreno, United States District Court

Judge for the Eastern District of Pennsylvania, issued and entered in the matter entitled

*Roger Daub, et al., v. A.P.I., Inc., et al.*, Civil Action No. 2:01-md-00875-ER, consolidated under the docket of MDL-875.


    I declare under the penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on May 5, 2011, at Berkeley, California.

Anya Fuchs

**<u>EXHIBIT "A"</u>**

# BRYDON HUGO & PARKER
ATTORNEYS AT LAW

135 Main Street, 20ᵗʰ Floor
San Francisco, CA 94105
T 415.808.0300
F 415.808.0333
www.bhplaw.com

P.M. Bessette
pbessette@bhplaw.com

Our File No.
4385-0269

September 17, 2010

**Paul & Hanley LLP**

SEP 2 0 2010

_____ Mail
_____ Overnight
_____ Hand
Case Attorney _____
Forwarded to _____

**Via U.S. Mail and Facsimile:**

Rohit S. Kodical, Esq.
Paul & Hanley LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Facsimile:  (510) 559-9970

Re:  *Aida Savelesky v. Allied Packing & Supply, Inc., et al.*
     Alameda County Superior Court Case No. RG10529660
     Our Client:   National Steel and Shipbuilding Company

Dear Mr. Kodical:

This firm represents National Steel and Shipbuilding Company ("NASSCO") in the above-captioned matter.

We are in possession of various discovery items from the wrongful death action filed by Aida Savelesky for the death for her husband Allen Savelesky.  Included in those materials is the October 17, 2003 deposition of percipient witness Ronald Earp.  A review of Mr. Earp's testimony reveals that he worked with Mr. Savelesky for Owens Corning Fiberglas between 1964 and 1973.  It was during that time that Mr. Earp has described performing work with Mr. Savelesky at NASSCO.  The two men worked on insulators, with Mr. Savelesky serving as a foreman.  Among the locations where the two men performed work together was the *USS Kittyhawk* at NASSCO.

Based on Mr. Earp's testimony, please be advised that NASSCO intends to remove the matter to United States District Court on grounds that work aboard the *Kittyhawk* by NASSCO required the shipyard to act pursuant to an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  My intention is to file the requisite removal materials by September 24, 2010.  Please contact me in the event you would like to discuss my intentions.

Very truly yours,

BRYDON HUGO & PARKER

P.M. Bessette

PMB/cbs

San Francisco       Mill Valley       Los Angeles

**<u>EXHIBIT "B"</u>**



**Jerry Neil Paul**
**Dean A. Hanley**

David L. Amell
Carole M. Bosch
Campbell W. Filmer
Anya Fuchs
Benjamin D. Goldstein
Jason E. Hasley
Rohit S. Kodical
Jolene E. Kramer
Young S. Lee
Selby Lighthill
J. Rae Lovko
Kelly A. McMeekin
Jon R. Neumann
Craig M. Peters
Deborah R. Rosenthal
Carolin K. Shining
Mark A. Swanson
Wes W. Wagnon

*of counsel*
Anthony E. Vieira

# PAUL & HANLEY LLP

*Trial Lawyers for Injured Workers and Their Families.*

September 17, 2010

SENT VIA FACSIMILE AND U.S. MAIL

Paul M. Bessette
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA  94105

    Re:  *Aida Savelesky v. Allied Packing & Supply, Inc., et. al.*
          Alameda County Superior Court Case No.: RG10529660

Dear Mr. Bessette:

     I write in response to your letter notifying plaintiff of NASSCO's intent to remove this case on the basis of federal officer jurisdiction.

     In order to establish federal court jurisdiction within the meaning of 28 USC § 1442(a)(1), a defendant must show not only that the conduct claimed to be tortious was performed under the direction of a federal officer but also that the defendant has a colorable federal defense to plaintiff's claims against it and that there is a causal nexus between the conduct in question and the federal authority asserted. *Mesa v. California* (1989) 489 U.S. 121, 129-135.

     In the pending matter, plaintiff alleges that NASSCO is liable for negligent maintenance of premises under its control (shipyard and seagoing vessels) and negligence of its employees in the performance of their work activities. Plaintiffs do not pursue product defect claims under state tort law against NASSCO for its manufacture or supply of asbestos-containing ships nor for any other product.

     NASSCO therefore has no colorable federal defense to plaintiff's claim against it. The government contractor defense set forth in *Boyle v. United Technologies Corp.* (1988) 487 U.S. 500, is a defense to product liability claims only. In *Boyle*, the U.S. Supreme Court held that "state law which holds Government contractors liable for design defects in military equipment does in some circumstances present a 'significant conflict' with federal policy and must be displaced" by federal law. 487 U.S. at 512. Where, as here, plaintiff makes no claim of design defect, the government contractor defense does not apply.

     If NASSCO is aware of another federal defense that may apply in this case, please call me to discuss this matter further. Otherwise, please be advised that NASSCO has no objectively reasonable basis for removal, and if NASSCO proceeds with this removal— where federal court jurisdiction clearly is lacking and the sole purpose for removal thus

**Northern California**

1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone: (510) 559-9980
Facsimile: (510) 559-9970
www.PaulandHanley.com

**Southern California**

Westlake Village
Telephone: (818) 865-2807

Paul M. Bessette                                                    PAGE 2
BRYDON HUGO & PARKER

appears to be to delay the litigation of a state court case involving an elderly and dying plaintiff—plaintiff will move for immediate remand and will seek costs and fees incurred as a result of the removal. Federal courts award such expenses where "unusual circumstances" exist or where the removing party lacked "an objectively reasonable basis" for removal. *Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, 136.

Very truly yours,

Deborah R. Rosenthal

**EXHIBIT "C"**



# PAUL & HANLEY LLP

*Trial Lawyers for Injured Workers and Their Families.*

Jerry Neil Paul
Dean A. Hanley

David L. Amell
Carole M. Bosch
Campbell W. Filmer
Anya Fuchs
Benjamin D. Goldstein
Jason E. Hasley
Rohit S. Kodical
Young S. Lee
Selby Lighthill
J. Rae Lovko
Kelly A. McMeekin
Jon R. Neumann
Craig M. Peters
Deborah R. Rosenthal
Mark A. Swanson
C. Daniel Wasson

*of counsel*
Anthony E. Vieira

April 20, 2011

<u>SENT VIA FACSIMILE AND U.S. MAIL</u>

Thomas J. Moses
P.M. Bessette
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105

Re: *Aida Savelesky v. Allied Packing & Supply, Inc., et al.*
U.S. District Court, N.D. of CA, Case No.: 3:11-cv-01778-SI
Alameda County Superior Court, Case No.: RG10529660
Your Client: National Steel and Shipbuilding Company (NASSCO)

Dear Counsel:

I write regarding your client's recent removal of this action on the basis of federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

Please be advised that NASSCO's April 12, 2011 removal notice is untimely under 28 U.S.C. § 1446(b) and therefore procedurally defective. The thirty-day window NASSCO had in which to remove this action expired some time ago, certainly well before April 12th. In light of this "defect in removal procedure," we request that NASSCO immediately withdraw its removal petition and stipulate to have this action remanded to state court at the earliest possible date.

Measured from the point at which NASSCO first had notice that this action was removable on the basis of federal officer jurisdiction—via "receipt … through service or otherwise, of a copy of an amended pleading, motion, order or **other paper**"—NASSCO had thirty days in which to effect removal. (28 U.S.C. § 1446(b) (emphasis added).)

NASSCO's removal notice identifies percipient witness Manville Petteys' March 15, 2011 deposition testimony as said "other paper" from which it first ascertained this action was removable. NASSCO, more specifically, identifies Petteys' testimony that from approximately 1971 to 1981, he worked for Owens Corning Fiberglass installing insulation products on ships located at NASSCO's shipyard, that for five or six of those years he worked under the supervision and at the direction of plaintiff Aida Savelesky's husband, Allen Savelesky, then an OCF superintendent, and that during those years, he and Mr. Savelesky installed insulation on private ships as well as on one or two U.S. Navy ships, including the *USS Duluth*.

**Northern California**

1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone: (510) 559-9980
Facsimile: (510) 559-9970
www.PaulandHanley.com

**Southern California**

**Westlake Village**
Telephone: (818) 865-2807

Mr. Thomas J. Moses
Mr. P.M. Bessette
BRYDON HUGO & PARKER
PAGE 2

While Petteys certainly may have testified as much, his March 15th testimony was hardly the first "other paper" from which NASSCO received notice that this action was removable. **To be sure, Petteys' deposition testimony in no way triggered the thirty-day removal clock under Section 1446(b). That clock was triggered, and the thirty days on it run down, well before Petteys' deposition was taken. Any assertion to the contrary is simple untrue.**

As your office knows, Mrs. Savelesky filed a wrongful death action for the asbestos-related death of her husband in January 2003. (*Aida E. Savelesky, et al. v. Thorpe Insulation Company, et al.*, L.A.C.S.C., Case # BC288773.) Given that this action is based upon Mrs. Savelesky's secondary-exposure to asbestos fibers carried home on her husband's person and clothes from his work, including from NASSCO's premises, the two cases involve many of the same factual and legal issues. NASSCO was a named defendant in that wrongful death action and was present at the October 17, 2003 deposition of percipient witness Ronald Earp taken in the same.

At his deposition, Earp testified that he and Mr. Savelesky worked together as OCF employees from about 1964 to 1974, he as insulator journeyman and Mr. Savelesky as a supervising foreman, and that for less than a year of that time, they worked together at NASSCO's shipyard doing insulation work aboard ships, including U.S. Navy ships, the *USS Kittyhawk* among them.

To the extent the deposition testimony of Petteys and Earp provide facts disclosing the Section 1442(a)(1) removability of this action, their testimony is equally specific and thus equally sufficient—both men testified that Mr. Savelesky performed insulation work on ships, including U.S. Navy ships, located at NASSCO's premises during the stated 1960 to 1970 time period, and each was able to recall one of those Navy ships by name. Petteys' deposition testimony, in that regard, discloses nothing that had not already been disclosed by Earp's testimony. If Petteys' testimony is sufficient to give NASSCO notice of the Section 1442(a)(1) removability of this action, so is the testimony provided by Earp. NASSCO cannot in good faith contend otherwise. After all, the Section 1442(a)(1) removal NASSCO threatened in Mrs. Savelesky's first personal injury case (L.A.C.S.C., Case # BC417016)—a tactic through which NASSCO successfully obtained a dismissal—was based upon Earp's 2003 deposition testimony.

In light of the above, NASSCO clearly knew this action was subject to federal officer removal from the time it was served with plaintiff's complaint in September of last year. **Indeed, shortly after NASSCO was served, Mr. Bessette of your office informed plaintiff's counsel by letter dated September 17, 2010, that NASSCO had notice of the Section 1442(a)(1) removability of this action based upon Earp's 2003 deposition testimony.** More specifically, Mr. Bessette disclosed that your office was "in possession of various discovery items from the wrongful death action filed by Aida Savelesky for the death of her husband," including the "October 17, 2003 deposition of percipient witness Ronald Earp" and advised that "[b]ased on Mr. Earp's testimony" that

Mr. Thomas J. Moses
Mr. P.M. Bessette
BRYDON HUGO & PARKER
PAGE 3

Mr. Savelesky worked aboard the *USS Kittyhawk* at NASSCO's premises, NASSCO intended to remove on federal officer grounds by September 24th.

That NASSCO did not file a removal petition by September 24th, for whatever reason, is irrelevant. **What's relevant is that in confirming NASSCO had in its possession a "paper," i.e., the deposition testimony of Ronald Earp, disclosing grounds for removal, said September 17th letter resulted in triggering the thirty-day removal clock under Section 1446(b).** **That thirty-day period expired on October 18, 2010, almost six months before NASSCO filed its removal notice.**

Even if Mr. Bessette's letter for some reason did not demonstrate NASSCO was, as of September 17th, on notice that this action was removable within the meaning of Section 1446(b), NASSCO was certainly put on notice when plaintiff's counsel, in response to NASSCO's Requests for Production of Documents, furnished your office with an additional copy of Earp's 2003 deposition transcript on **January 18, 2011.**

In short, plaintiff's response to NASSCO's document request No. 15, served January 13, 2011, identified the deposition of Ronald Earp as a writing evidencing / relating to plaintiff's contention that Mr. Savelesky was exposed to asbestos-containing products attributable to NASSCO while aboard ships. Plaintiff stated in that response that said deposition transcript would be produced to NASSCO by fax or email. On January 18, 2011, your office requested via email that my office provide that transcript as promised. Plaintiff's counsel, in response, provided Earp's 2003 deposition transcript via reply email on that same date.

**Thus, at absolute latest, the thirty-day clock for NASSCO to effect removal was triggered on January 18th, the date upon which NASSCO received from plaintiff's counsel an additional copy of Earp's 2003 deposition testimony revealing this action to be removable on federal officer grounds.** **That thirty-day period expired on February 17, 2011, almost two months before NASSCO filed its removal notice.**

NASSCO had notice that this action was removable under Section 1442(a)(1) via Earp's 20003 deposition testimony, a "paper" which your office acknowledged was in its possession some seven months ago and which plaintiff provided NASSCO an additional copy of some three months ago. Regardless of whether NASSCO's thirty-day removal period began on September 17, 2010 or January 18, 2011, those thirty days expired well before NASSCO filed its removal notice on April 12th. That Petteys' testimony provided facts which *again* disclosed the removability of this action of federal officer grounds did not somehow re-trigger the thirty-day removal clock nor, for that matter, did Petteys' recollection of the *USS Duluth*, as opposed to the *USS Kittyhawk* recalled by Earp, somehow render this action *more* removable or *again* removable.

Mr. Thomas J. Moses
Mr. P.M. Bessette
BRYDON HUGO & PARKER
PAGE 4

Finally, plaintiff wishes to bring to NASSCO's attention the fact that this action was *already removed to federal court pursuant to Section 1442(a)(1)* on October 7, 2010 by its then co-defendant Campbell Industries. NASSCO, as a party to this action, would have necessarily received notice and copy of Campbell's removal petition. Campbell's removal notice was based in part upon a case report served in Mrs. Savelesky's first personal injury action (attached to Campbell's removal notice as Exhibit "D") which stated that the 2003 deposition testimony of Ronald Earp "indicates plaintiff's husband worked at NASSCO, San Diego, CA, aboard ships, including the USS Kitty Hawk [*sic*]."

**Thus, NASSCO also had notice by way of Campbell's removal petition that this action was removable under Section 1442(a)(1). Measured from the date on which Campbell filed its removal notice on October 7, 2010, <u>NASSCO's thirty-day removal period expired on November 8, 2010, some five months before NASSCO filed its removal notice.</u>**

In light of the above, NASSCO's April 12th removal notice is clearly untimely under Section 1446(b). We, again, therefore request that NASSCO immediately withdraw its removal notice and stipulate to have this case remanded to state court as soon as possible.

**Please contact me no later than 12:00 p.m. on Friday, April 22, 2011 if NASSCO is agreeable to this request.**

Please be advised that if NASSCO refuses to withdraw its removal notice and instead determines to pursue its indisputably untimely and defective removal of this action, plaintiff will promptly move for remand as well as seek payment of costs and fees incurred as a result of said removal pursuant to Section 1447(c). Given that NASSCO filed its removal notice despite knowing that the thirty-day window in which it had to do so had long since passed—and thus, for no other purpose but to cause delay to the litigation of this state court case involving an elderly and dying plaintiff—sanctions against NASSCO pursuant either to FRCP 11 or, after remand is granted, C.C.P. § 128.5 will also be sought.

Thank you for your attention to this matter.

Very truly yours,

Anya Fuchs
(510) 559-9980, ext. 215
afuchs@paulandhanley.com

**EXHIBIT "D"**

# BRYDON HUGO & PARKER
ATTORNEYS AT LAW

135 Main Street, 20th Floor
San Francisco, CA 94105
T 415.808.0300
F 415.808.0333
www.bhplaw.com

P.M. Bessette
pbessette@bhplaw.com

Our File No.
4385-0269

April 22, 2011

**VIA FACSIMILE & U.S. MAIL**

Anya Fuchs, Esq.
PAUL & HANLEY LLP
1608 Fourth Street #300
Berkeley, CA 94710
Fax:  (510) 559-9970

        Re:    *Savelesky, Aida*
              Alameda County Superior Court Case No. RG10529660
              Our Client:   National Steel and Shipbuilding Company

Dear Ms. Fuchs:

      I am in receipt of your correspondence of April 20, 2011.  While it is correct that Ronald Earp in his deposition of October 17, 2003 did testify that he worked with decedent Allen Savelesky at the NASSCO shipyard aboard the aircraft carrier *USS Kitty Hawk*, investigation into the testimony has revealed that it was incorrect.  Following receipt of plaintiff's Complaint and the issuance of my correspondence of September 17, 2010, efforts were undertaken to research and prepare a sworn affidavit relative to the performance of repair work aboard the *Kitty Hawk* at NASSCO.  Those efforts revealed that the NASSCO shipyard could not accommodate the *Kitty Hawk* because of vessel size considerations.  Research of NASSCO ship repair archives also failed to produce any supporting documents for work aboard the *Kitty Hawk* at the shipyard.  Finally, a review of US Navy archives confirmed that the *Kitty Hawk* never underwent repairs at NASSCO.  As a result, NASSCO determined that the testimony of Mr. Earp did not provide a good faith basis upon which a removal could be made.  It was not until the deposition of Manville Petteys on March 15, 2011, that confirmed grounds existed for removal.

# BRYDON  HUGO  &  PARKER
### ATTORNEYS AT LAW

Anya Fuchs, Esq.
April 22, 2011
Page 2

Thank you for your attention to this matter.

Very truly yours,

BRYDON HUGO & PARKER

P.M. Bessette

PMB/jdt

**<u>EXHIBIT "E"</u>**

UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF PENNSYLVANIA**

**Asbestos Products Liability Litigation**
**Caseload Statistics**
Office of the Clerk of Court

August 1, 2006  -  March 31, 2011

**Michael E. Kunz**
Clerk of Court

UNITED STATES DISTRICT COURT
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
875 -IN RE: Asbestos Products Liability Litigation (No.VI)
TRANSFERRED ON 7/29/1991
PENNSYLVANIA EASTERN

### CUMULATIVE TOTALS

| | CASES TRANSFERRED TO EDPA | CASES TERMINATED IN EDPA | CASES PENDING IN EDPA | |
|---|---|---|---|---|
| 8/1/2006 - 10/31/2008 | 53,788 | 1,982 | AS OF 10/31/08 | 51,806 |
| 11/1/2008 - 12/31/2009 | 44,266 | 44,550 | AS OF 12/31/09 | 51,522 |
| 1/1/2010 - 12/31/2010 | 25,754 | 57,707 | AS OF 12/31/10 | 19,569 |
| 1/1/2011- 3/31/2011 | 3,556 | 8,760 | AS OF 3/31/11 | 14,365 |
| **TOTAL** | 127,364 | 112,999 | AS OF 3/31/11 | 14,365 |

**EXHIBIT "F"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROGER DAUB, et al.,                  :
                                     :        Consolidated Under
        Plaintiffs,                  :        MDL DOCKET NO 875
                                     :
        v.                           :        Civil Action
                                     :        No. 01-md-875
A.P.I., Inc., et al.,                :
                                     :
        Defendants.                  :

## O R D E R

**AND NOW**, this **12th** day of **February 2010** it is hereby

**ORDERED** that, for the cases listed in exhibit "A", attached,

Plaintiffs' motion for remand (doc. no. 1405) to North Dakota

state district court, Burleigh County, filed on April 13, 1995 is

**DENIED**.[1]

---

[1]    The cases at issue were filed in North Dakota state
district court, Burleigh County, for asbestos-related personal
injury and/or wrongful death in 1989 and 1990.  The cases were
subsequently removed to the United States District Court for the
District of North Dakota, Southwestern Division, by defendant
Asbestos Corporation, Ltd. ("ACL").  ACL, an instrumentality of a
foreign state under 28 U.S.C. § 1603, removed the action under 28
U.S.C. § 1441(d).  The cases were then consolidated in the
Eastern District of Pennsylvania as part of MDL No. 875.  After
removal, ACL settled its claims and was dismissed from these
cases.  Plaintiffs argue that they are entitled to remand because
§ 1441(d) does not provide for pendent-party jurisdiction over
the state claims at issue, and additionally, that federal
jurisdiction was lost when ACL settled its claims.

    A district court considering a motion to remand "must focus
on the plaintiff's complaint at the time the petition for removal
was filed . . . [and] must assume as true all factual allegations
of the complaint."  In re Briscoe, 448 F.3d 201, 218 (3d Cir.

2006).   The "party who urges jurisdiction on a federal court
bears the burden of proving that jurisdiction exists . . ."
Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990);
see also Steel Valley Auth. v. Union Switch & Signal Div., 809
F.2d 1006, 1010 (3d Cir. 1987), cert. dismissed sub nom. American
Standard v. Steel Valley Auth., 484 U.S. 1021 (1988) ("It remains
the defendant's burden to show the existence and continuance of
federal jurisdiction."). Because the removal of an action from
the state court to a federal forum implicates comity and
federalism, it is said that "removal statutes are to be strictly
construed against removal and all doubts should be resolved in
favor of remand."  Steel Valley Auth., 809 F.2d at 1010 (citing
Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.
1985)); accord Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996);
Boyer, 913 F.2d at 111.  See Various Plaintiffs v. Various
Defendants ("Oil Field Cases"), No. 09-MC-103, 2009 WL 4729906 at
*2 (E.D. Pa. Dec. 10th, 2009).

      As to Plaintiff's first argument, the Court finds that §
1441(d) provides for pendent-party jurisdiction.  Section 1441(d)
allows "[a]ny civil action brought in State court against a
foreign state . . . [to be] removed by the foreign state to the
district court of the United States."  The phrase "civil action"
means not only the claims against the foreign state, but the
entire action, including pendent-parties.  Therefore, applying
Third Circuit precedent, the FSIA provides for pendent-party
jurisdiction.  See Trump Taj. Mahal Assoc. v. Costruzioni
Aeronautiche Giovanni Augusta S.P.A, 761 F. Supp. 1143, 1153
(D.N.J. 1991) (finding that the "jurisdictional provision of the
FSIA is quite broad") (aff'd without opinion by Trump Taj. Mahal
Assoc. v. Costruzioni Aeronautiche Giovanni Agusta S.P.A., 958
F.2d 365 (3d Cir. 1992).

      Plaintiff's second argument is also unavailing.  Even though
ACL is no longer a party to these cases, the continued exercise
of jurisdiction under these circumstances is discretionary.  The
Third Circuit has held that, "[W]here the jurisdiction-conferring
party drops out and the federal court retains jurisdiction over
what becomes a state law claim between non-diverse parties, the
bounds of Article III have not been crossed."  New Rock Asset
Partners, L.P. v. Preferred Entity Advancements, 101 F.3d 1492,
1506 (3d Cir. 1996).  In determining whether to maintain
jurisdiction in the absence of the jurisdiction-conferring party,
the court should weigh the consideration of "judicial economy,
convenience and fairness to litigants."  United Mine Workers v.
Gibbs, 383 U.S. 715, 726 (1966).

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

_____

     In the instant case, the considerations of judicial economy,
convenience, and fairness to the litigants point squarely in
favor of this Court maintaining jurisdiction.  This Court has
devoted substantial resources to Plaintiffs' cases, and to MDL-
875 in general.  Each Plaintiff in the instant cases has been
referred to Chief Magistrate Judge Thomas J. Rueter for
settlement proceedings.  Judge Rueter has held several settlement
conferences with Plaintiffs' counsel, and has made progress on
these claims.  Also, each of these Plaintiffs have a second case,
based on the same exposure, filed against different Defendants
and pending in MDL 875.  Exercising jurisdiction over these cases
allows the Court and Judge Rueter to conduct consolidated
pretrial proceedings as to all claims by these Plaintiffs against
all Defendants.  This is the most efficient and fair
administration of these cases.  For the reasons stated above,
Plaintiffs' motion to remand is denied.

Exhibit "A"

## DISTRICT OF NORTH DAKOTA - MDL 875 - (Pipefitter II Group)

| Plaintiff | Decedent/Estate | Transferor Court & Civil Action No. | EDPA Civil Action No. |
|-----------|-----------------|-------------------------------------|------------------------|
| Mauritz Alm | | ND - SW Div. A1-90-024 | 09-66581 |
| Norman Anvik | | ND - SW Div. A1-90-025 | 09-68082 |
| Alphonse Bailly | | ND - NE Div. A2-90-022 | 09-66687 |
| Willard Borlaug | | ND - SW Div. A1-90-026 | 09-68084 |
| Joseph Bosch | | ND - SW Div. A1-90-027 | 09-66584 |
| Billie Crawford | | ND - SW Div. A1-90-028 | 09-66585 |
| Arnold Dockter | | ND - SW Div. A1-90-029 | 09-66586 |
| Vernon Erickson | | ND - SW Div. A1-90-030 | 09-66587 |
| Leo G. Ferderer | | ND - SW Div. A1-90-031 | 09-68089 |
| Everett Finken | | ND - SW Div. A1-90-032 | 09-66589 |
| Alphonse Fleck | | ND - SW Div. A1-90-033 | 09-68091 |
| Fred Fredrickson | | ND - SW Div. A1-90-034 | 09-66591 |
| Stanley Freidt | | ND - SW Div. A1-90-035 | 09-66592 |
| Herbert Fried | | ND - SW Div. A1-90-036 | 09-66593 |
| Herbert Gartner | | ND - SW Div. A1-90-037 | 09-66594 |

## DISTRICT OF NORTH DAKOTA - MDL 875 - (Pipefitter II Group)

| Plaintiff | Decedent/Estate | Transferor Court & Civil Action No. | EDPA Civil Action No. |
|---|---|---|---|
| Byron F. Gaylord | Joseph Gaylord | ND - SW Div. A1-90-038 | 09-68124 |
| Leo Goldade | | ND - SW Div. A1-90-039 | 09-66596 |
| Glen Griffin | | ND - SW Div. A1-90-040 | 09-66597 |
| Roger Harris | | ND - SW Div. A1-90-041 | 09-66598 |
| Paul Hempel | | ND - NE Div. A2-90-023 | 09-66688 |
| Howard Herberg | | ND - SW Div. A1-90-042 | 09-66599 |
| Helmer Hoglund | | ND - SW Div. A1-90-043 | 09-66600 |
| Howard Holter | | ND - SW Div. A1-90-044 | 09-66601 |
| Allen Huelsman | | ND - SW Div. A1-90-045 | 09-66602 |
| Kenneth Jeffries | | ND - SW Div. A1-90-046 | 09-66603 |
| Svend Jensen | | ND - SW Div. A1-90-047 | 09-66604 |
| Raymond Johnson | | ND - NE Div. A2-90-024 | |
| Kenneth Kady | | ND - SW Div. A1-90-048 | 09-66605 |
| Sabastian Kraft | | ND - SW Div. A1-90-049 | 09-66606 |
| Mahlon Lantz | | ND - NE Div. A2-90-025 | 09-66690 |

## DISTRICT OF NORTH DAKOTA - MDL 875 - (Pipefitter II Group)

| Plaintiff | Decedent/Estate | Transferor Court & Civil Action No. | EDPA Civil Action No. |
|---|---|---|---|
| Ronald Lucier | | ND - SW Div. A1-90-050 | 09-66607 |
| Arnold Miller | | ND - SW Div. A1-90-051 | 09-66608 |
| Erasmus Monzelowsky | | ND - SW Div. A1-90-052 | 09-66609 |
| Dennis O'Shea | | ND - SW Div. A1-90-053 | 09-66610 |
| Arnold Paschke | | ND - NE Div. A2-90-026 | 09-66691 |
| Albert Rall | | ND - SW Div. A1-90-054 | |
| Richard Ramsett | | ND - NE Div. A2-90-027 | 09-66692 |
| James Ruelle | | ND - SW Div. A1-90-055 | 09-66612 |
| Jack Schaff | | ND - SW Div. A1-90-056 | 09-66613 |
| Emanuel Schutt | | ND - SW Div. A1-90-057 | 09-66614 |
| Layman Slavick | | ND - SW Div. A1-90-058 | 09-66615 |
| Raymond Sumpter | | ND - NE Div. A2-90-028 | 09-66693 |
| Lester Wallace | | ND - SW Div. A1-90-059 | 09-66616 |
| Fred Wendt | | ND - NE Div. A2-90-029 | 09-66694 |

## DISTRICT OF NORTH DAKOTA - MDL 875 ( AMOCO GROUP)

| Plaintiff | Transferor Court & Civil Action No. | EDPA Civil Action No. |
|---|---|---|
| Robert Albin | ND - SW Div. - A1-90-235 | 09-66618 |
| Douglas M. Anvik | ND - SW Div. - A1-90-236 | 09-68015 |
| Otto Anvik | ND - SW Div. - A1-90-237 | 09-66619 |
| Norlin O. Backman | ND - SW Div. - A1-90-238 | 09-66620 |
| Kenneth E. Baudien | ND - SW Div. - A1-90-239 | 09-66621 |
| William H. Bentley | ND - SW Div. - A1-90-240 | 09-66622 |
| Raymond W. Birst | ND - SW Div. - A1-90-241 | 09-66623 |
| Clarence G. Bolken | ND - SW Div. - A1-90-243 | 09-68020 |
| Emil W. Doerr | ND - SW Div. - A1-90-245 | 09-66626 |
| Michael W. Ehreth | ND - SW Div. - A1-90-246 | 09-68022 |
| Leonard J. Ereth | ND - SW Div. - A1-90-242 | 09-66624 |
| John D. Ewine | ND - SW Div. - A1-90-248 | 09-66629 |
| Clarence Fateley | ND - SW Div. - A1-90-249 | 09-66630 |
| Marlin L. Gay | ND - SW Div. - A1-90-250 | 09-66631 |
| Arnold C. Gilbert, Sr. | ND - SW Div. - A1-90-251 | 09-66632 |
| Warren W. Guenthner | ND - SW Div. - A1-90-252 | 09-66633 |
| Elmer A. Gustafson | ND - SW Div. - A1-90-253 | 09-66634 |
| Earl Hall | ND - SW Div. - A1-90-254 | 09-66635 |
| Lloyd R. Heid | ND - SW Div. - A1-90-255 | 09-66636 |
| Mike Hilzendeger | ND - SW Div. - A1-90-256 | 09-66637 |
| Eugene R. Hochhalter | ND - SW Div. - A1-90-257 | 09-66638 |
| Jerome Jacobs | ND - SW Div. - A1-90-258 | 09-66639 |
| Boyd F. Jaskoviak | ND - SW Div. - A1-90-259 | 09-66640 |

Page 1 of 3

| | | |
|---|---|---|
| Gerald L. Karch | ND - SW Div. - A1-90-260 | 09-66641 |
| Ted Kary | ND - SW Div. - A1-90-261 | 09-66642 |
| Creighton G. Kettleson | ND - SW Div. - A1-90-262 | 09-66643 |
| Edmund Kindsvogel | ND - SW Div. - A1-90-263 | 09-66644 |
| Virgil D. Koenig | ND - SW Div. - A1-90-264 | 09-66645 |
| Joseph T. Leingang | ND - SW Div. - A1-90-265 | 09-66646 |
| Richard N. Leingang | ND - SW Div. - A1-90-266 | 09-66647 |
| Martin F. Lipp | ND - SW Div. - A1-90-267 | 09-66648 |
| Earl F. Lippert | ND - SW Div. - A1-90-268 | 09-66649 |
| Alvin J. Loebeck | ND - SW Div. - A1-90-269 | 09-66650 |
| Frank Manolovitz | ND - SW Div. - A1-90-271 | 09-66652 |
| Lorraine E. McCulley | ND - SW Div. - A1-90-270 | 09-66651 |
| Alvie E. Nixon | ND - SW Div. - A1-90-272 | 09-66653 |
| Theodore R. Ost | ND - SW Div. - A1-90-273 | 09-66654 |
| Wesley A. Perman | ND - SW Div. - A1-90-274 | 09-66655 |
| Albert J. Petrasek | ND - SW Div. - A1-90-275 | 09-66656 |
| Walter Quashnick | ND - SW Div. - A1-90-276 | 09-66657 |
| Thomas M. Rambur | ND - SW Div. - A1-90-277 | 09-66658 |
| Dale V. Satermo | ND - SW Div. - A1-90-278 | 09-66659 |
| Victor N. Schiermeister | ND - SW Div. - A1-90-279 | 09-66660 |
| David L. Schmidt | ND - SW Div. - A1-90-280 | 09-66661 |
| Joseph F. Schneider | ND - SW Div. - A1-90-281 | 09-66662 |
| Peter Schneider | ND - SW Div. - A1-90-282 | 09-66663 |
| Duane Selfors | ND - SW Div. - A1-90-283 | 09-66664 |
| Joe A. Senger | ND - SW Div. - A1-90-284 | 09-66665 |
| Russell F. Senne | ND - SW Div. - A1-90-285 | 09-66666 |

| Earl R. Setterlund | ND - SW Div. - A1-90-286 | 09-66667 |
|---|---|---|
| Daryl Sheldon | ND - SW Div. - A1-90-287 | 09-66668 |
| Gerard M. Sheldon | ND - SW Div. - A1-90-288 | 09-66669 |
| Melvin E. Skager | ND - SW Div. - A1-90-289 | 09-66670 |
| Sharon Stimac **(Estate of John Stimac)** | ND - SW Div. - A1-90-290 | 09-66671 |
| Donald T. Stumpf | ND - SW Div. - A1-90-291 | 09-66672 |
| Larrry Sullivan | ND - SW Div. - A1-90-292 | 09-66673 |
| Alan Sundby | ND - SW Div. - A1-90-293 | 09-66674 |
| Wallace E. Toepke | ND - SW Div. - A1-90-294 | 09-66675 |
| Gustof Voegele | ND - SW Div. - A1-90-295 | 09-66676 |
| Milan E. Ward | ND - SW Div. - A1-90-296 | 09-66677 |
| Clement Wirtz | ND - SW Div. - A1-90-297 | 09-66678 |
| William B. Woods | ND - SW Div. - A1-90-298 | 09-66679 |
| DuWayne R. Zachmeier | ND - SW Div. - Al-90-299 | 09-66680 |
| Richard G. Zachmeier | ND - SW Div. - A1-90-300 | 09-66681 |
| William R. Zachmeier | ND - SW Div. - A1-90-301 | 09-66682 |
| James P. Zoller | ND - SW Div. - A1-90-302 | 09-66683 |