BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS           MDL No. 875

LIABILITY LITIGATION (NO. VI)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Arthur J. Porter, et ux v. Greater Baton Rouge Port Commission,*
M.D. Louisiana, C.A. No. 11-00166

### MEMORANDUM IN SUPPORT OF MOTION TO VACATE CTO-390

This memorandum is submitted on behalf of the plaintiffs, Arthur J. Porter and Joyce Marie Porter, in support of their Motion to Vacate CTO-390. For the reasons that follow, Plaintiffs submit that this matter does not share sufficient questions of fact with those in the centralized proceedings occurring on the docket in MDL No. 875. Furthermore, inclusion of this case in those proceedings will not serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

**I.  BACKGROUND**

On August 18, 2010, Arthur J. Porter (hereinafter "Mr. Porter") was diagnosed with malignant mesothelioma by Tonya J. Eichelberger, M.D. at the Baton Rouge General Medical Center.

On December 8, 2010, Mr. Porter, along with his wife, Joyce Marie Porter (hereinafter "Mrs. Porter") filed a Petition for Damages in the 18th Judicial District Court for the Parish of West Baton Rouge, Louisiana. Named as the sole defendant in that petition was the Greater Baton Rouge Port Commission (hereinafter "the Port").

In general, the petition alleges that the Port is liable to the plaintiffs for damages under theories of negligence and strict liability.

The Port was served with the Petition on December 14, 2010. On or about January 14, 2011, the Port filed a pleading entitled Answer, Defenses and Third Party Demand of the Greater Baton Rouge Port Commission.

In anticipation of Mr. Porter's deposition, on March 16, 2011, Plaintiffs provided the Port and third-party defendants with Plaintiff's Answers to Defendants' Master Set of Interrogatories and Requests for Production of Documents. On March 11, 2011, Plaintiffs filed a Notice of Video Perpetuation Deposition.

One of the third party defendants named in the third party demand was the Industrial Development Corporation of South Africa, Limited (hereinafter "IDC"). Claiming to be a "political subdivision, agency or instrumentality of a foreign state, as determined by 28 U.S.C. § 1603," on March 18, 2011, IDC removed the action to this court pursuant to 28 U.S.C. §§1330 and 1441(d).

On March 21, 2011, the Port noticed Mr. Porter's deposition "for all purposes."

Mr. Porter was deposed by the Port and third-party defendants for several hours on March 28, 2011 and provided a video perpetuation deposition on March 29, 2011.

On April 10, 2011, the Port filed a Motion for Leave to file Supplemental and Amended Third Party Complaint.

By Order entered on April 13, 2011, the trial court scheduled a scheduling conference for July 21, 2011 and ordered that a status report be filed no later than July 7, 2011.

By Order dated April 14, 2011, the Court granted the Port's Motion for Leave to file Supplemental and Amended Third Party Complaint.

On April 15, 2011, counsel for P&O Ports Louisiana, Inc., Baton Rouge Marine Contractors, Inc., Sonny Bergeron and Harold Bourque filed a Notice of Tag Along Action in the district court. That same day, the Clerk of the district Court notified the Panel of this action. On April 20, 2011, the Clerk of the Panel entered Conditional Transfer Order (CTO−390). On April 25, 2011, Plaintiffs filed a Notice of Opposition to CTO-390.

For the reasons that follow, Arthur J. Porter and Joyce Marie Porter submit that CTO-390, conditionally transferring his case to MDL No. 875, should be vacated.

## II.   LAW AND ARGUMENT

28 U.S.C. §1407(a) provides in pertinent part:

> When civil actions involving **one or more common questions of fact** are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings **will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions**.

(emphasis added). Under §1407(a), to qualify for transfer to MDL-875, a civil action must (a) involve one or more common questions of fact with an action that was previously transferred and is pending on the MDL-875 docket and (b) transfer must promote the just and efficient conduct of the action and be for the convenience of

parties and witnesses. *Ivy v. Diamond Shamrock Chem. Co.*, 901 F.2d 7, 9 (2nd Cir. 1990)(citation omitted). The present case meets neither of these criteria.

### A. No common questions of fact exist

The main demand in the present case involves two truly local parties. Mr. Porter claims to have been exposed to asbestos while working at the Port. Mr. Porter lives in West Baton Rouge Parish, Louisiana and the Port is located in West Baton Rouge Parish, Louisiana. Plaintiffs can conceive of no fact that is common to Mr. Porter's case and any other case pending in MDL 875.

Mr. Porter's exposure history is unique. Mr. Porter's medical history is unique. The liability of the Port *vel non* Mr. Porter is unique. While the theories of liability asserted by Mr. Porter against the Port are similar to other cases pending in MDL-875, such theories do not involve "one or more common questions of fact…."

Therefore, because no common questions of fact exist, the first criterion for transfer is not satisfied.

### B. Transfer of this matter is not convenient for the Parties or Witnesses

As noted above, Mr. Porter lives in West Baton Rouge Parish, Louisiana (1360 Avenue A, Port Allen, LA) and the Port is located in West Baton Rouge Parish, Louisiana (2425 Ernest Wilson Drive, Port Allen, LA), a mere 2.5 miles from his home. The courthouse of the United States District Court for the Middle District of Louisiana is located (777 Florida Street, Baton Rouge, LA) is located only 3.9 miles from the Port and

4.17 miles from Mr. Porter's home.[1]  It is over 1300 miles from Port Allen, Louisiana to the courthouse of the United States District Court for the Eastern District of Pennsylvania.

Thus, even the participation by Plaintiffs or their counsel is inconvenient and burdensome.

It is anticipated that most, if not all, of the fact witnesses called will be residents of East Baton Rouge Parish, Louisiana or West Baton Rouge Parish, Louisiana.

The parties and their witnesses would be inconvenienced by a transfer. Requiring two parties who are physically located 2.5 miles from each other and less than five miles from the local courthouse to travel 1300 miles to participate in consolidated pretrial proceedings is the height of incontinence, cost and waste of resources.

As such, Plaintiffs request that the Panel sever Plaintiffs' claims against the Port from the third-party claims and vacate the conditional transfer order with respect to Plaintiffs' claims against the Port.

C. **Transfer of this matter does not promote efficiency**

Transfer should be ordered only where **significant** economy and efficiency in judicial administration may be obtained.  *Ivy*, 901 F.2d at 9 (emphasis added).  With no facts in common with other MDL-875 actions, the vast majority of witnesses in the area where the suit is pending and a scheduling conference already in the works, this case is

---

[1] Counsel for the Port would only be required to travel one-half of a mile to the courthouse while counsel for Plaintiffs would be required to travel 9.31 miles.

more easily resolved by the United States District Court for the Middle District of Louisiana. The transfer of this case to Philadelphia, Pennsylvania would be tantamount to a transfer simply for the sake of transferring, and would not serve the goal of efficient administration of the case.

More efficient pretrial proceedings can be accomplished without transfer, and, in fact, have already begun. As noted above, Plaintiffs have answered master discovery, Mr. Porter's discovery and video depositions have occurred and a scheduling conference has been scheduled for July of 2011.

If there are limited common facts, any discovery that has been completed in MDL-875 can be made available in this case without recourse to transfer, thus avoiding what little discovery would be duplicated. For these reasons, Plaintiffs submit that the efficient conduct of this action would not be promoted by transfer.

**D.     Justice will not be served if this case is transferred**

As of February 15, 2011, 18,167 land-based cases were pending in MDL-875.[2] Due to the enormous number of claims pending in MDL-875 and the inherent nature of the multidistrict litigation proceeding (*see generally*, *Sales v. Weyerhaeuser Co.*, 156 P.3d 303 (Wash. App. 2d Div. 2007); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695 (S.D. Tex. 2002); *In re Maine Asbestos Cases*, 44 F. Supp. 2d 368 (D. Me. 1999)), Mr. Porter, who is dying from malignant mesothelioma, will never have his day in court if this case is transferred. Since the "overriding objective" of the Eastern District of Pennsylvania

---

[2] *Asbestos Personal Injury Litigation in the Federal Courts: MDL-875*, p. 20. Eduardo C. Robreno, Presiding Judge, United States District Court for the Eastern District of Pennsylvania (http://www.paed.uscourts.gov/mdl875a.asp).

District Court "that the sick and dying … should have their claims addressed first" will not be achieved, this matter should not be transferred. *In re Patenaude*, 210 F.3d 135, 139 (3d Cir. 2000)(citation omitted).

### III. <u>CONCLUSION</u>

As the foregoing establishes, the criteria for transfer of this case has not been met. Plaintiffs' is moving forward in the Middle District of Louisiana. Transfer to the Eastern District of Pennsylvaina will interrupt the orderly progress being made and would result in no benefit to the litigation as a whole. Therefore, Plaintiffs, Arthur J. Porter and Joyce Marie Porter, respectfully requests that CTO-390 be vacated.

Respectfully submitted,
**BLACKWELL & ASSOCIATES**

<u>/s/Brian F. Blackwell</u>
Brian F. Blackwell (18119)
9270 Siegen Lane, Suite 201
Baton Rouge, Louisiana 70810
Telephone:   (225) 769-2462
Telecopier:   (225) 769-2463
E-mail:          brian@blackwell-associates.com

*Counsel for plaintiffs,*
      *Arthur J. Porter and Joyce Marie Porter*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **Memorandum in Support of Motion to Vacate CTO-390** was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the Court's electronic filing system. I also certify that I have e-mailed a copy of this filing to all non-CM/ECF participants.

Baton Rouge, Louisiana this 9th day of May, 2011.

/s/Brian F. Blackwell
Brian F. Blackwell