ADRMOP, CLOSED, E-Filing, TRANSF

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:10-cv-01851-WHA

Founds v. General Electric Company et al
Assigned to: Hon. William Alsup
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 04/29/2010
Date Terminated: 06/23/2010
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Donald Founds**

represented by **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

represented by **Derek S. Johnson**
Sedgwick Detert Moran & Arnold LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900 x1569
Fax: 415-781-2635
Email: derek.johnson@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles Todd Sheldon**
Sedgwick Detert Moran & Arnold LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: charles.sheldon@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**Todd Shipyards Corporation**                    represented by **George D. Yaron**
                                                   Yaron & Associates
                                                   601 California Street, 21st Floor
                                                   San Francisco, CA 94108-2281
                                                   415-658-2929
                                                   Fax: 415-658-2930
                                                   Email: gyaron@yaronlaw.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Alice T Wong**
                                                   Yaron & Associates
                                                   601 California Street
                                                   21st Floor
                                                   San Francisco, CA 94108
                                                   415-658-2929
                                                   Fax: 415-658-2930
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Demian David Steele**
                                                   Yaron & Associates
                                                   601 California Street
                                                   21st Floor
                                                   San Francisco, CA 94108
                                                   415-658-2929
                                                   Fax: 415-658-2930
                                                   Email: dsteele@yaronlaw.com
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Northrop Grumman Shipbuilding,**                 represented by **Daniel James Kelly**
**Inc.**                                           Tucker Ellis & West LLP
                                                   135 Main Street, Suite 700
                                                   San Francisco, CA 94105
                                                   415-617-2400
                                                   Fax: 415-617-2409

Email: daniel.kelly@tuckerellis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nairi Paterson**
Haight Brown & Bonesteel LLP
71 Stevenson Street, 20th Floor
San Francisco, CA 94105
415.546.7500
Fax: 415.546.7505
Email: npaterson@hbblaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/23/2010 | 20 | ORDER TRANSFERRING CASE. Case transferred to the Eastern District of Pennsylvania. Signed by Clerk of the MDL Panel, Jeffery N. Luthi on 05/25/2010. MDL No. 875. (wsn, COURT STAFF) (Filed on 6/23/2010) (Entered: 06/24/2010) |
| 06/04/2010 | 19 | ANSWER to Complaint with Jury Demand byTodd Shipyards Corporation. (Attachments: # 1 DEMAND FOR JURY TRIAL)(Yaron, George) (Filed on 6/4/2010) (Entered: 06/04/2010) |
| 06/02/2010 | 18 | ANSWER to Complaint with Jury Demand *for Asbestos Personal Injury/Products Liability* byGeneral Electric Company. (Johnson, Derek) (Filed on 6/2/2010) (Entered: 06/02/2010) |
| 05/27/2010 | 17 | SUMMONS Returned Executed by Donald Founds. (Donadio, David) (Filed on 5/27/2010) (Entered: 05/27/2010) |
| 05/27/2010 | 16 | SUMMONS Returned Executed by Donald Founds. Northrop Grumman Shipbuilding, Inc. served on 5/11/2010, answer due 6/1/2010. (Donadio, David) (Filed on 5/27/2010) (Entered: 05/27/2010) |
| 05/27/2010 | 15 | SUMMONS Returned Executed by Donald Founds. General Electric Company served on 5/11/2010, answer due 6/1/2010. (Donadio, David) (Filed on 5/27/2010) (Entered: 05/27/2010) |
| 05/27/2010 | 14 | SUMMONS Returned Executed by Donald Founds. Foster Wheeler LLC served on 5/19/2010, answer due 6/9/2010. (Donadio, David) (Filed on 5/27/2010) (Entered: 05/27/2010) |
| 05/20/2010 | 13 | CERTIFICATE OF SERVICE by Northrop Grumman Shipbuilding, Inc. re 11 Answer to Complaint (Paterson, Nairi) (Filed on 5/20/2010) (Entered: 05/20/2010) |
| 05/20/2010 | 12 | Certificate of Interested Entities by Northrop Grumman Shipbuilding, Inc. identifying Corporate Parent Northrop Grumman Corporation for Northrop Grumman Shipbuilding, Inc.. re 11 Answer to Complaint (Paterson, Nairi) (Filed on 5/20/2010) (Entered: 05/20/2010) |
| | | |

| 05/20/2010 | 11 | ANSWER to Complaint with Jury Demand byNorthrop Grumman Shipbuilding, Inc.. (Paterson, Nairi) (Filed on 5/20/2010) (Entered: 05/20/2010) |
|---|---|---|
| 05/07/2010 | 10 | SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE re 9 Clerks Notice. Signed by Judge William Alsup on 11/20/08. (dt, COURT STAFF) (Filed on 5/7/2010) (Entered: 05/07/2010) |
| 05/07/2010 | 9 | CLERKS NOTICE Scheduling ICMC on Reassignment. Case Management Statement due by 7/29/2010. Case Management Conference set for 8/5/2010 11:00 AM. (dt, COURT STAFF) (Filed on 5/7/2010) (Entered: 05/07/2010) |
| 04/30/2010 | | ***Deadlines terminated Re: 7 Clerk's Notice of Impending Reassignment.*** (cjl, COURT STAFF) (Filed on 4/30/2010) (Entered: 04/30/2010) |
| 04/30/2010 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. William H. Alsup for all further proceedings. Magistrate Judge Laurel Beeler no longer assigned to the case. Signed by the Executive Committee on April 30, 2010. (cjl, COURT STAFF) (Filed on 4/30/2010) (Entered: 04/30/2010) |
| 04/29/2010 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (ls, COURT STAFF) (Filed on 4/29/2010) (Entered: 04/29/2010) |
| 04/29/2010 | | CASE DESIGNATED for Electronic Filing. (cjl, COURT STAFF) (Filed on 4/29/2010) (Entered: 04/29/2010) |
| 04/29/2010 | 6 | Declination to Proceed Before a U.S. Magistrate Judge by Donald Founds. (cjl, COURT STAFF) (Filed on 4/29/2010) (cjl, COURT STAFF). (Entered: 04/29/2010) |
| 04/29/2010 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 7/29/2010. Case Management Conference set for 8/5/2010 01:30 PM in Courtroom 4, 3rd Floor, Oakland. (Attachments: # 1 Standing Order)(cjl, COURT STAFF) (Filed on 4/29/2010) (Entered: 04/29/2010) |
| 04/29/2010 | 4 | Summons Issued as to Foster Wheeler LLC, General Electric Company, Northrop Grumman Shipbuilding, Inc., Todd Shipyards Corporation. (cjl, COURT STAFF) (Filed on 4/29/2010) (cjl, COURT STAFF). (Entered: 04/29/2010) |
| 04/29/2010 | 3 | NOTICE of Tag-Along Action by Donald Founds. (cjl, COURT STAFF) (Filed on 4/29/2010) (cjl, COURT STAFF). (Entered: 04/29/2010) |
| 04/29/2010 | 2 | Certificate of Interested Entities by Donald Founds. (cjl, COURT STAFF) (Filed on 4/29/2010) (cjl, COURT STAFF). (Entered: 04/29/2010) |
| 04/29/2010 | 1 | COMPLAINT (with jury demand) against Foster Wheeler LLC, General Electric Company, Northrop Grumman Shipbuilding, Inc., Todd Shipyards Corporation (Filing fee $350, receipt number 34611045205). Filed byDonald Founds. (cjl, COURT STAFF) (Filed on 4/29/2010) Modified on 5/3/2010 (cjl, COURT STAFF). (Additional attachment(s) added on 5/3/2010: # 1 Civil Cover Sheet) (cjl, COURT STAFF). (Entered: 04/29/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/10/2011 10:04:22 | | | |
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:10-cv-01851-WHA |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MARJORIE FOUNDS, as Wrongful Death Heir, and as Successor-in-Interest to DONALD FOUNDS, Deceased, and , Legal Heirs of DONALD FOUNDS, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION, ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY, BATH IRON WORKS CORPORATION,<br><br>Defendants. | No.<br><br>11 2212<br><br>COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL |

## I.

## PARTIES

1.      Plaintiff in this action is the above-captioned successor-in-interest to, or the personal representative of the estate of Decedent; and the personal representatives on behalf of the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as "Plaintiff."

K:\Injured\111207\FED\Pldgs\cmp fed (wd).wpd

1

1    2.    The person who sustained asbestos-related lung injuries and death as a result of
2    their inhalation of asbestos fibers through the person's occupational exposure to asbestos,
3    hereinafter "Decedent" is, with the date of death: DONALD FOUNDS died December 8, 2010.
4    MARJORIE FOUNDS is the spouse of DONALD FOUNDS and is hereinafter referred to as
5    "surviving spouse."

6    3.    Decedent sustained an asbestos-related lung disease and death by precisely the
7    following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-
8    containing products at Decedent's jobsites. The pathogenesis of Decedent's asbestos-related
9    diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by
10    reference herein.

11    4.    All of plaintiff's claims arise out of a similar series of occurrences: repeated
12    exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants
13    and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period
14    of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent,
15    resulting in cumulative, progressive, incurable lung diseases.

16    5.    Each plaintiff claims damages for an asbestos-related disease arising from an
17    identical series of occurrences not dependent on Decedent's worksite but on the fact that
18    asbestos-containing products, when handled in the manner in which they were intended, released
19    harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease. The
20    allegations of plaintiff regarding the nature of Decedent's asbestos-related diseases, the nature of
21    asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all
22    identical.

23    6.    Plaintiff is informed and believes, and thereon allege, that at all times herein
24    mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole
25    proprietorships and/or other business entities organized and existing under and by virtue of the
26    laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
27    said defendants, and each of them, were and are authorized to do and are doing business in the
28    ///

1 State of California, and that said defendants have regularly conducted business in the State of

2 California.

3 ## II.

4 ### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

5 7. Jurisdiction: Plaintiff MARJORIE FOUNDS is a citizen of the State of Nevada.

6 Plaintiff(s) are citizens of the following states, respectively: .

7 Defendants are each corporations incorporated under the laws of and having its principal

8 places of business in the following States:

9

| DEFENDANT | STATE |
|---|---|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |
| GENERAL ELECTRIC COMPANY | Connnecticut |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | Virginia |
| TODD SHIPYARDS CORPORATION | Washington |
| ASBESTOS CORPORATION LIMITED | Canada |
| METROPOLITAN LIFE INSURANCE COMPANY | New York and Delaware |
| BATH IRON WORKS CORPORATION | Maine |

17

18 This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action

19 between citizens of different states in which the matter in controversy exceeds, exclusive of costs

20 and interest, seventy-five thousand dollars.

21 8. Venue / Intradistrict Assignment. Venue is proper in the Northern District of

22 California and assignment to the San Francisco Division of said district is proper as a substantial

23 part of the events or omissions which give rise to the claims asserted by plaintiff herein occurred

24 within the County of San Francisco, California, and Defendants are subject to personal

25 jurisdiction in this district at the time the action is commenced.

26 ///

27 ///

28 ///

# III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF MARJORIE FOUNDS COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION, ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY, BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

9.     At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

1   sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

2   rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

3   products containing asbestos. The following defendants, and each of them, are liable for the acts

4   of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

5   destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

6   of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

7   ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each

8   such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

9   role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

10  originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | AVONDALE INDUSTRIES, INC. |
| | AVONDALE SHIPYARDS, INC. |
| | CONTINENTAL MARITIME INDUSTRIES, INC. |
| | EASTERN IDAHO CONSTRUCTION COMPANY |
| | INGALLS SHIPBUILDING, INC. |
| | NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY |
| | NORTH CAROLINA SHIPBUILDING |
| | NORTHROP GRUMMAN SHIP SYSTEMS, INC. |
| | SERVICE ENGINEERING INDUSTRIES, INC. |
| TODD SHIPYARDS CORPORATION | TODD PACIFIC SHIPYARDS CORPORATION |
| | SEATTLE-TACOMA SHIPBUILDING CORP. |
| ASBESTOS CORPORATION LIMITED | GENERAL DYNAMICS CORPORATION |

25          10.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

26  each of them, were and are engaged in the business of researching, manufacturing, fabricating,

27  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

28  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

1 promoting, representing, servicing, installing, contracting for installation, repairing, marketing,
2 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
3 otherwise directing and/or facilitating the use of, or advertising a certain product, namely
4 asbestos and other products containing asbestos.

5     11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
6 each of them, singularly and jointly, negligently, and carelessly researched, manufactured,
7 fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
8 to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
9 supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
10 installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
11 rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
12 and other products containing asbestos, in that said products caused personal injuries to users,
13 consumers, workers, bystanders and others, including the Decedent herein, (hereinafter
14 collectively called "exposed persons"), while being used in a manner that was reasonably
15 foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by
16 "exposed persons."

17     12.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
18 exercise due care in the pursuance of the activities mentioned above and defendants, and each of
19 them, breached said duty of due care.

20     13.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
21 have known, and intended that the aforementioned asbestos and products containing asbestos and
22 related products and equipment, would be transported by truck, rail, ship, and other common
23 carriers, that in the shipping process the products would break, crumble, or be otherwise
24 damaged; and/or that such products would be used for insulation, construction, plastering,
25 fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
26 limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
27 breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the
28 release of airborne asbestos fibers, and that through such foreseeable use and/or handling

1  "exposed persons," including Decedent herein, would use or be in proximity to and exposed to

2  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

3  persons working in proximity to said products, directly or through reentrainment.

4      14.    Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-

5  containing products referred to herein in a manner that was reasonably foreseeable. Decedent's

6  exposure to asbestos and asbestos-containing products is on current information as set forth at

7  various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference

8  herein.

9      15.    As a direct and proximate result of the acts, omissions, and conduct of the

10  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure

11  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

12  or harm to the Decedent as set forth in **Exhibit A**, attached to plaintiff's complaint and

13  incorporated by reference herein.

14      16.    Plaintiff is informed and believes, and thereon allege, that progressive lung

15  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

16  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

17  asbestos and asbestos-containing products over a period of time.

18      17.    Decedent suffered from a condition related to exposure to asbestos and asbestos-

19  containing products. Decedent was not aware at the time of exposure that asbestos or asbestos-

20  containing products presented any risk of injury and/or disease.

21      18.    As a direct and proximate result of the aforesaid conduct of the defendants, their

22  "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,

23  nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

24  amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this

25  complaint accordingly when the true and exact cost thereof is ascertained.

26      19.    As a direct and proximate result of the aforesaid conduct of the defendants, their

27  ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value

28  of medial care provided by Decedent's family members measured by, inter alia, the costs

K:\Injured\111207\FED\Pldgs\cmp fed (wd).wpd        7

1  associated with the hiring a registered nurse, home hospice, or other service provider, the true
2  and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to
3  amend this complaint accordingly when the true and exact costs are known or at time of trial.

4      20.    As a direct and proximate result of the aforesaid conduct of defendants, their
5  ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person,
6  body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and
7  related sequelae, and the mental and emotional distress attendant thereto, and ultimately death,
8  from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven
9  at trial.

10      21.    As a further direct and proximate result of the said conduct of the defendants,
11  their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,
12  entitlements, wages, profits, and commissions, a diminishment of earning potential, and other
13  pecuniary losses, the full nature and extent of which are not yet known to plaintiff; and leave is
14  requested to amend this complaint to conform to proof at the time of trial.

15      22.    As a further direct and proximate result of the said conduct of the defendants,
16  their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-
17  containing products caused severe and permanent injury to Decedent, and ultimately Decedent
18  died on the date previously stated herein.

19      23.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
20  directors and managing agents participated in, authorized, expressly and impliedly ratified, and
21  had full knowledge of, or should have known of, each of the acts set forth herein.

22      24.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the
23  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
24  and each defendant's officers, directors, and managing agents participated in, authorized,
25  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
26  each of their ALTERNATE ENTITIES as set forth herein.

27      25.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
28  and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in

1    conscious or reckless disregard and indifference to the safety, health, and rights of "exposed

2    persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive

3    damages against said defendants.

4         WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and

5    each of them, as hereinafter set forth.

6                          SECOND CAUSE OF ACTION
                          (Products Liability - Survival)

7

8         PLAINTIFF MARJORIE FOUNDS AS SUCCESSOR-IN-INTEREST TO THE

9    DECEDENT DONALD FOUNDS COMPLAINS OF DEFENDANTS FOSTER WHEELER

10   LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY,

11   NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION,

12   ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY,

13   BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES,"AND EACH OF

14   THEM; EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

15   ACTION FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

16        26.   Plaintiff incorporates herein by reference, as though fully set forth herein, each

17   paragraph of the First Cause of Action  herein.

18        27.   Defendants, their "alternate entities," and each of them, knew and intended that

19   the above-referenced asbestos and asbestos-containing products would be used by the purchaser

20   or user without inspection for defects therein or in any of their component parts and without

21   knowledge of the hazards involved in such use.

22        28.   Said asbestos and asbestos-containing products were defective and unsafe for their

23   intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

24   and/or death.  The defect existed in the said products at the time they left the possession of

25   defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

26   personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

27   persons," including Decedent herein, while being used in a reasonably foreseeable manner,

28   thereby rendering the same defective, unsafe, and dangerous for use.

K:\Injured\111207\FED\Pldgs\cmp fed (wd).wpd                  9

32.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

asbestos-containing products without attempting to protect "exposed persons" from, or warn

"exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or warn

"exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

and suppressed said knowledge from "exposed persons" and members of the general public, thus

impliedly representing to "exposed persons" and members of the general public that asbestos and

asbestos-containing products were safe for all reasonably foreseeable uses.  Defendants, their

ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

representations with the knowledge of the falsity of said implied representations.

33.     The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

sale, inspection, installation, contracting for installation, repair, marketing, warranting,

rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise

directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing

products.  In pursuance of said financial motivation, said defendants, their ALTERNATE

ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact

were consciously willing and intended to permit asbestos and asbestos-containing products to

cause injury to "exposed persons" and induced persons to work with and be exposed thereto,

including Decedent.

///

K:\Injured\111207\FED\Pldgs\cmp fed (wd).wpd                    11

1    34.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE

2  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

3  products, to be safe for their intended use, but that their asbestos and asbestos-containing

4  products, created an unreasonable risk of bodily harm to exposed persons.

5    35.    Plaintiff relied upon defendants', their ALTERNATE ENTITIES, and each of their

6  representations, lack of warnings, and implied warranties of fitness of asbestos and their

7  asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, Decedent

8  suffered permanent injury and death as alleged herein.

9    36.    As a direct and proximate result of the actions and conduct outlined herein,

10  Decedent have suffered the injuries and damages herein alleged.

11    WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities", and

12  each of them, as hereinafter set forth.

13                    THIRD CAUSE OF ACTION
                   (Negligence - Wrongful Death)

14

15    PLAINTIFF MARJORIE FOUNDS, AS WRONGFUL DEATH HEIR, AND AS

16  SUCCESSOR-IN-INTEREST TO DONALD FOUNDS DECEASED, AND PLAINTIFF(S)  AS

17  LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS FOSTER WHEELER

18  LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY,

19  NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION,

20  ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY,

21  BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF

22  THEM; EACH FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF

23  ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

24    37.    Plaintiff incorporates by reference each paragraph contained within the First

25  Cause of Action as though fully set forth herein.

26    38.    The heirs at law of the Decedent and their relationship to the Decedent is set forth

27  above.

28  ///

1    39.    The individuals set forth as heirs constitute all of the surviving heirs of the
2  Decedent.

3    40.    As a direct and proximate result of the conduct of the defendants, their
4  ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-
5  containing products caused Decedent to develop diseases from which condition Decedent died.
6  Plaintiff was unaware that the death caused by asbestos-related disease until within one year of
7  filing the complaint.

8    41.    At all times prior to his death, Decedent was a faithful and dutiful spouse to the
9  surviving spouse.

10    42.    As a direct and proximate result of the conduct of defendants, and each of them,
11  and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss
12  of care, society, comfort, attention, services, and support of Decedent all to the damage of
13  Decedent's heirs.

14    43.    As a further direct and proximate result of the conduct of defendants, and each of
15  them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount
16  currently not ascertained.

17    WHEREFORE, plaintiff prays judgment against defendants, and each of them, as
18  hereinafter set forth.

19                            FOURTH  CAUSE OF ACTION
                           (Products Liability - Wrongful Death)
20

21    PLAINTIFF MARJORIE FOUNDS, AS WRONGFUL DEATH HEIR, AND AS
22  SUCCESSOR-IN-INTEREST TO DONALD FOUNDS DECEASED, AND PLAINTIFF(S)  AS
23  LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS FOSTER WHEELER
24  LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY,
25  NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION,
26  ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY,
27  BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF
28  THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF

1 ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS

2 FOLLOWS:

3     44.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

4 paragraph of the First, Second and Third Causes of Action herein.

5     45.    As a direct and proximate result of the conduct of defendants, and each of them,

6 Decedent's heirs have sustained the injuries and damages previously alleged.

7     WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and

8 each of them, as hereinafter set forth.

9 **IV.**

10 **DAMAGES AND PRAYER**

11     WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and

12 each of them in an amount to be proved at trial in each individual case, as follows:

13     (a)    For plaintiff's general damages according to proof;

14     (b)    For plaintiff's loss of income, wages and earning potential according to proof;

15     (c)    For plaintiff's medical and related expenses according to proof;

16     (d)    For plaintiff's cost of suit herein;

17     (e)    For exemplary or punitive damages according to proof;

18     (f)    For damages for fraud according to proof; and

19     (g)    For such other and further relief as the Court may deem just and proper, including

20 costs and prejudgment interest.

21 Dated: _____                       BRAYTON✱PURCELL LLP

22                                       By: _____

23                                           David R. Donadio
                                          Attorneys for Plaintiff

24 **JURY DEMAND**

25 Plaintiff hereby demands trial by jury of all issues of this cause.

26 Dated: _____                       BRAYTON✱PURCELL LLP

27                                       By: _____

28                                           David R. Donadio
                                          Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1

EXHIBIT A

2  Decedent: DONALD FOUNDS, Deceased.

3

4  Decedent's injuries: Decedent was diagnosed with esophageal cancer, asbestosis and asbestos-

5  related pleural disease on or about April 2004.

6

7  Decedent died on December 8, 2010.

8

9  Retirement Status: Decedent retired from his last place of employment at regular retirement age.

10  He had therefore suffered no disability from his asbestos-related disease as "disability" is defined

11  in California Code of Civil Procedure § 340.2.

12

13  Defendants: Plaintiff contends that the asbestos-containing products to which Decedent was or

14  may have been exposed to were manufactured, supplied, distributed, installed and/or contracted

15  for by defendants and each of them. Decedent's exposure to asbestos occurred at the following

16  times and places, and involved exposure to dust created by the contractors and the products of the

17  entities listed below. The exposure includes, but is not limited, to the following presently known

18  contractors and the manufacturers and distributors of asbestos-containing products:

19

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| US Navy | DOYLE (DMS-34) | Boiler Tender/ Fireroom Apprentice | 06/1950-07/1952 |
| | Japan | | |
| | Korea | | |
| US Navy | Naval Air Station North Island, San Diego, CA | Boiler Tender | 07/1952-12/1953 |
| /// | THOMPSON (DMS-38) | | |

K:\Injured\11\207\FED\Pldgs\cmp fed (wd).wpd

16

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Long Beach Naval Shipyard Long Beach, CA | Boiler Tender | 07/1952-12/1953, approximately 2 to 3 months |
| US Navy | Norfolk Naval Shipyard, Portsmouth, VA | Boiler Tender | 06/1954-02/1956; 06/1956-01/1957 |
| | INTREPID (CV-11) | | 3 years |
| | Naval Air Station, Pensacola, FL | | |
| | US Navy, Cuba | | |
| | ACTD Naval Air Development Center, Warminster, PA (Boiler Tender School) | | 2/1956 - 5/1956 |
| US Navy | Naval Repair Facility, San Diego, CA | Boiler Tender | 1959 |
| | BENNINGTON (CVA-20) | | 03/1959-12/1959 |
| US Navy | Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 01/1960-05/1962 |
| | EARNEST G. SMALL (DD-838) | | |
| | Hunters Point Naval Shipyard, San Francisco, CA | | 1961 (approximately 6 months) |
| | Vietnam | | |
| US Navy | Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 05/1962-09/1964 |
| | E.F. LARSON (DDR-830) | | |
| | Naval Repair Facility, Sasebo, Japan | | |
| | Pearl Harbor Naval Shipyard, Honolulu, HI | | |
| | Naval Air Station, Midway Island | | |

///

| | Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|---|
| | US Navy | Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 09/1964-02/1966 |
| | | McKEAN (DD-784) | | |
| | | Naval Repair Facility, Sasebo, Japan | | |
| | US Navy | Naval Station, Treasure Island, San Francisco, CA | Boiler Tender | 02/1966-08/1967 |
| | | TWINNING (DD-540) | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

K:\Injured\111207\FED\Pldgs\cmp fed (wd).wpd            18
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL