IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BILLY F. WALL and SANDRA S. WALL, Husband and Wife § § § | No. _____ CV _____ |
| Plaintiffs § | Jury Trial Requested |
| § § § § § | |
| vs. § § | Judge: T. John Ward |
| A.W. CHESTERTON CO., et al. § § | |
| Defendants § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

I.

1.0   This is an action for personal injuries and death caused by exposure to asbestos. Jurisdiction is based on 28 U.S.C. §1332(a). Venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas. 28 U.S.C. §1391(a)(2).

II.

2.0   Plaintiff, Billy F. Wall, is a resident and a citizen of the State of Texas. This Plaintiff is bringing his own individual claim for personal injuries and damages caused by his exposure to asbestos.

ORIGINAL COMPLAINT                                                                                                           Page 1

EXHIBIT
1

2.1     Plaintiff, Sandra S. Wall is a resident and citizen of the State of Texas. Mrs. Wall is brining her own individual claim for loss of consortium caused by her husband's illness and disability.

### III.

3.0     A. W. Chesterton Company is not a Texas corporation and does not maintain its principal offices in Texas. This Defendant may be served with process by serving its registered agent, C. T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. Upon information and belief, Billy F. Wall was exposed to airborne asbestos fibers released from gaskets and packing made by this Defendant.

3.1     Cleaver-Brooks Company, Inc., a division of Aqua Chem., Inc., is not a Texas corporation and does not maintain its principal offices in Texas. This Defendant may be served with process by serving its registered agent, Ronald G. Thimm, 7800 N. 113th Street, P. O. Box 421, Milwaukee, WI 53201. Upon information and belief, Billy F. Wall was exposed to airborne asbestos fibers released from gaskets, cements, castable, and insulation inside and affixed to boilers made by this Defendant. Mr. Wall as also exposed to airborne asbestos fibers released from gaskets, cements, castable, and insulation spare parts and supplies sold by this Defendant.

3.2     Goulds Pumps Incorporated is not a Texas corporation and does not maintain its principal offices in Texas. This Defendant may be served with process by serving its registered agent, C. T. Corporation, 111 8th Ave., New York, New York 10011. Upon information and belief, Billy F. Wall was exposed to airborne asbestos fibers released from gaskets and packing installed in equipment made by this Defendant and contained in spare parts sold by this Defendant.

ORIGINAL COMPLAINT                                                                                              Page 2

3.3   Shreveport Rubber & Gasket is not a Texas corporation and does not maintain its principal offices in Texas. This Defendant may be served with process by serving its registered agent, Boyd W. Parker, 6109 Linwood, Shreveport, LA 71106. Upon information and belief, Billy F. Wall was exposed to airborne asbestos fibers released from gaskets and packing sold by this Defendant.

3.4   J. Graves Insulation Company, Inc. is not a Texas corporation and does not maintain its principal offices in Texas. This Defendant may be served with process by serving its registered agent, Eddie T. Scott at 3592 Sligo Road, Haughton, Louisiana 71037. Upon information and belief, Billy F. Wall was exposed to airborne asbestos fibers released from insulation and insulating cements and mastics sold by this Defendant.

## IV.

4.0   From approximately 1974 to 1996, Billy F. Wall worked in maintenance as a pipefitter, welder, and insulator at the Longhorn Army Ammunition Plant ("LAAP") located in Harrison County near Karnack, Texas.

4.1   During his employment at LAAP, Billy F. Wall was exposed to airborne asbestos fibers on a daily basis. Mr. Wall's job duties required him to remove old asbestos insulation from piping and install new asbestos insulation on piping, valves, and equipment after making repairs. Mr. Wall removed asbestos gasket material by scraping the old gaskets with a hand-held wire brush and using a power-supplied wire wheel. Mr. Wall cut gaskets to size using sheet gasket material. Mr. Wall worked on the tubing inside boilers that were insulated with asbestos and asbestos containing cements and

refractory materials. Mr. Wall installed and removed asbestos packing material from pumps and valves. Mr. Wall installed asbestos pipe insulation, both pre-molded and block. He mixed and applied asbestos containing cements and applied asbestos containing mastics.

4.2   During his working career at LAAP, Mr. Wall lived very close to the plant and was routinely called out to the plant during his off hours to make emergency repairs. Mr. Wall also spent approximately 3 to 4 years on piping project during which he installed pipe and asbestos pipe insulation for approximately 8 months, 5 days a week, 8 hours a day.

4.3   On June 8, 2010, Mr. Wall was diagnosed with colon cancer and he underwent surgery with colostomy. Following surgery he was treated with chemotherapy and radiation. In 2011 Mr. Wall was diagnosed with asbestos-related pleural disease and mild interstitial pulmonary fibrosis.

V.

5.0   Whenever it is alleged herein that a corporate Defendant did any act or thing, or omitted to perform any necessary act, it is meant that the Defendant's officers, agents, servants, employees and/or representatives did such act or thing or omitted to perform the necessary act, and that at the time of that occurrence, those persons were acting with the full authorization of the Defendant, or were acting in the normal, routine course and scope of their employment, agency or representation. To this extent the Plaintiffs invoke the doctrine of Respondeat Superior in this case.

5.1     Alternatively, and in addition to the foregoing, it is meant that a predecessor-in-interest to a Defendant is liable for the alleged acts of its successor and the successor-in-interest is liable for the acts and omissions of its predecessor.

5.2     Alternatively and in addition to the foregoing, it is meant that a Defendant is responsible because the conduct, negligence and other acts and omissions of another Defendant or entity not a Defendant herein are imputable to it, in that they were mutual agents and principals in the conduct of the business referred to above, or the conduct of the Defendants in the course of this activity constitutes a partnership and/or joint enterprise under Texas law, or as a result of their control, negligent supervision and/or actual supervision of various joint ventures and/or parent/subsidiary relationships, Defendants are liable to the Plaintiffs.

5.3     Alternatively and to the extent applicable, the Plaintiffs would show that some of the Defendants have interlocking directorates and a significant identity of control, in a manner indicative of an identity of interest and a disregard for the separation of corporate functions in the conduct of the business of manufacturing, distributing, selling and/or using the materials complained of herein, so as to render them jointly and severally liable for the injuries and damages to Plaintiffs as alleged herein.

## VI.

6.0     The asbestos, asbestos fibers, and asbestos-containing products that Billy F. Wall was exposed were manufactured, distributed, and/or supplied by J. Graves Insulation Company, Inc., A.W. Chesterton, and Shreveport Rubber & Gasket. Plaintiffs would show that these Defendants knew, or in the exercise of ordinary and reasonable care, should have known, that the hazardous materials that were manufactured,

distributed, or supplied by them would have dangers that would be unknown to and unappreciated by the ultimate users/consumers of their products. Plaintiffs allege that the Defendants that manufactured, supplied, and/or distributed the dangerous asbestos and asbestos-containing products were negligent in at least the following ways:

(a).  Failing to warn, or adequately and sufficiently warn, the users and/or consumers of their products of the known or reasonably discoverable danger of individuals exposed to said products contracting severe, permanent, and disabling injuries. The Defendants knew or could reasonably have foreseen that the Billy F. Wall, or someone situated similarly, would have in fact come in contact with and be exposed to the asbestos fibers contained in their products;

(b).  Failing to test their products concerning the effects of exposure to asbestos for persons situated such as Mr. Wall;

(c).  Failing to instruct or notify users or consumers of their products of proper safety measures, procedures, precautions, and practices, to reduce or eliminate the danger posed by exposure to asbestos contained in the products supplied, manufactured, and or distributed by the Defendants; and

(d).  Failing to properly package their products so that proper labeling and instructions were easily visible and all warnings and instructions were prominently displayed so that users of their products were made fully aware of the dangers posed by the asbestos material contained in said products.

6.1  Plaintiffs would further show that Cleaver Brooks and Goulds Pumps were the manufacturers, suppliers, and/or distributors of equipment and machinery that contained asbestos parts or were insulated with asbestos materials and caused asbestos

exposure through intended use and maintenance. In the case of equipment that contained asbestos parts, such as gaskets or packing, the Plaintiffs would show that the Defendants were negligent in that they failed to adequately warn individuals conducting maintenance on, working with, or working around their equipment of the dangers of the asbestos containing parts used in the Defendants' equipment. In the case of equipment that was insulated with asbestos insulation, the Plaintiffs would show that the Defendants either insulated their equipment with asbestos insulation at the factory or specified that asbestos insulation be used in conjunction with their equipment. The Defendants failed to provide warnings and instructions concerning the dangers of asbestos-containing parts and asbestos insulation used in conjunction with the Defendants' equipment.

6.2  The Plaintiffs would show that all of the Defendants named herein owed a duty to Billy F. Wall not to place a defective and unreasonably dangerous product into the stream of commerce or specify the use of dangerous materials. Plaintiffs would further allege that the Defendants owed Mr. Wall a duty to warn of known dangers associated with their products or of dangers that were reasonably foreseeable at the time the product was placed into the stream of commerce. The Defendants breached these duties owed to the Mr. Wall thereby proximately causing his injuries as alleged herein.

6.3  As to all of the above described negligent acts and omissions of each of the Defendants named herein, the Plaintiffs would show that they cannot more specifically allege said negligent acts and omissions in the manufacture, design, distribution, and application of the products causing harm to Billy F. Wall and therefore invoke the doctrine of *Res Ipsa Loquitor* in this case.

## VII.

7.0    Plaintiffs will show that the Defendants' products or equipment were defective and unreasonably dangerous in the way that they were marketed. The products or equipment did not contain and were not accompanied by fair, reasonable, or adequate warnings of the risk of asbestos exposure reasonably calculated to reach persons who were exposed or persons whom the Defendants knew or should have foreseen were at risk of exposure. Such defect in marketing was a producing cause of the injuries alleged and suffered by Billy F. Wall as more particularly described herein.

7.1    Further, the Defendants' products or equipment were of such a hazardous nature that they were unreasonably dangerous in their design. In the case of equipment that was insulated with asbestos materials, said equipment was defective in that it would not work properly unless being insulated with asbestos insulation or using asbestos containing parts. In the case of gaskets, packing, and insulation materials, the evidence will show that there were safer alternative materials that could have been used in the manufacture of the products without affecting the performance of the product or making the cost of the product economically unfeasible. The evidence will show that the Defendants' products and equipment posed an abnormal danger when balanced with the utilities of such products and equipment and therefore said Defendants should be held liable in strict liability pursuant to the rulings of the Texas courts and as adopted in the Restatement of Torts 2d, Section 402A, et al. Such defects were a producing cause of the injuries alleged and suffered by the Plaintiffs as more particularly described herein.

## VIII.

8.0   Plaintiffs will show that, Billy F. Wall was unaware of and completely innocent of the wrongful conduct of the Defendants and ignorant of the dangers and hazards to which he was exposed. Only recently, and through no lack of diligence whatsoever on their part, have the plaintiffs been advised of or become aware of the damage which has been done by the exposures described herein and that such damages have been directly and proximately caused and produced by the wrongful conduct of the defendants. Plaintiffs therefore invoke the Discovery Rule as that term is understood and applied by Texas Courts to toll the running of any applicable statute of limitations in this case.

## IX.

9.0   The Defendant's acts and omissions as described herein above are a proximate and producing cause of the following damages sustained by Plaintiff, Billy F. Wall:

    (a).   medical expenses in the past and the necessity of future medical care and expenses;

    (b).   mental anguish in the past, and in all reasonable expectation, mental anguish in the future;

    (c).   impairment and loss of enjoyment of life in the past and future;

    (d).   physical pain and suffering in the past and future; and

    (e)   disfigurement.

### X.

10.0   Plaintiff Sandra S. Wall is the wife of Billy F. Wall. Plaintiffs will show that Mrs. Wall has suffered individual damages because of the illness contracted by her husband. Mrs. Wall has suffered mental anguish and loss of consortium and society. Because of his illness, Mr. Wall is no longer able to provide some household services, support, and counsel to his wife. Additionally, the injuries sustained by Mr. Wall have deprived Mrs. Wall of the ability to travel for leisure and impacted her physical relations with her husband. Defendant's acts and omissions as herein described above are a proximate and producing cause of Plaintiff, Sandra F. Wall's loss of consortium and society as alleged herein.

### XI.

11.0   WHEREFORE, PREMISES CONSIDERED each of the Plaintiffs pray that each Defendant be cited to appear and answer herein, and that upon final hearing hereof, that a judgment be entered in favor of the Plaintiffs for their injuries and damages. Plaintiffs further pray for judgment for their costs of suit and such other and further relief as the court may deem proper. Plaintiffs demand a trial by jury.

Dated this 28 day of March 2011.

Respectfully submitted,

CARLILE CRAIG, LLP
400 South Alamo Street
Marshall, Texas 75672
Phone (903) 938-1655
Fax: (903) 938-0235

*/s/ D. Scott Carlile 3/28/11*
D. Scott Carlile
State Bar No. 24004576
scarlile@carlilecraig.com
Lead Counsel for the Plaintiffs
Bruce A. Craig
State Bar No. 04975270
bcraig@carlilecraig.com
Casey Q. Carlile
State Bar No. 24025868
ccarlile@carlilecraig.com

Case 2:11-cv-00196-TJW-CE   Document 1-1   Filed 03/28/11   Page 1 of 1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Billy F. Wall and Sandra F. Wall

## DEFENDANTS
A. W. Chesterton Co., Cleaver-Brooks Company, Inc., Goulds Pumps Incorporated, Shreveport Rubber & Gasket, and J. Graves Insulation Company, Inc.

(b) County of Residence of First Listed Plaintiff: Harrison
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: U.S.A.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
D. Scott Carlile,
Carlile Craig, LLP, 400 S. Alamo, Marshall, TX 75670 - 903.938.1655

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(a)
Brief description of cause:
Product liability and negligence action for asbestos personal injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                   DOCKET NUMBER

DATE: 03/29/2011
SIGNATURE OF ATTORNEY OF RECORD: D. Scott Carlile

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE