# U.S. District Court
## Northern District of Alabama (Southern)
## CIVIL DOCKET FOR CASE #: 2:11-cv-00495-AKK

| | |
|---|---|
| Richardson et al v. Crown Cork & Seal Co Inc et al | Date Filed: 02/11/2011 |
| Assigned to: Judge Abdul K Kallon | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Asbestos Litigation | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**Roy H Richardson**                    represented by   **G Patterson Keahey , Jr**
LAW OFFICES OF G PATTERSON
KEAHEY PC
1 Independence Plaza, Suite 612
Birmingham, AL 35209
205-871-0707
Fax: 205-871-0801
Email: efile@mesohlep.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Uman S Thomas**                    represented by   **G Patterson Keahey , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steven D Rider**                    represented by   **G Patterson Keahey , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bobby D Horton**                    represented by   **G Patterson Keahey , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roger May**                    represented by   **G Patterson Keahey , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Crown Cork & Seal Co Inc**                    represented by   **Anne Laurie McClurkin**
MCDOWELL KNIGHT ROEDDER &
SLEDGE LLC
63 South Royal Street, Suite 900
P O Box 350

Mobile, AL 36601
251-432-5300
Fax: 251-432-5303
Email:
amcclurkin@mcdowellknight.com
*ATTORNEY TO BE NOTICED*

**Walter T Gilmer , Jr**
MCDOWELL KNIGHT ROEDDER &
SLEDGE LLC
P O Box 350
Mobile, AL 36601
251-432-5300
Fax: 251-432-5303
Email: wgilmer@mcdowellknight.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc**
*individually as as Successors in interest
to Alied Chemical Inc, fka Bendix
Corporation*

represented by **Frank E Lankford , Jr**
HUIE FERNAMBUCQ & STEWART
LLP
Three Protective Center
2801 Highway 280 S, Suite 200
Birmingham, AL 35223-2484
205-251-1193
Fax: 205-251-1256
Email: fel@hfsllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stewart W McCloud**
HUIE FERNAMBUCQ & STEWART
LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
205-251-1193
Fax: 205-251-1256
Email: swm@hfsllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance
Company**

**Defendant**

**Georgia Pacific Corp**

represented by **Allan R Wheeler**
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street

Birmingham, AL 35203
205-251-3000
Fax: 205-485-5100
Email: awheeler@burr.com
*ATTORNEY TO BE NOTICED*

**C Paul Cavender**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
205-251-3000
Fax: 205-458-5100
Email: pcavende@burr.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sepco**                    represented by **Frank E Lankford , Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stewart W McCloud**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CSR Ltd**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2011 | 1 | COMPLAINT against CSR Ltd, Crown Cork & Seal Co Inc, Georgia Pacific Corp, Honeywell International Inc, Metropolitan Life Insurance Company, Sepco, filed by Uman S Thomas, Bobby D Horton, Roger May, Roy H Richardson, Steven D Rider.(KAM) (Entered: 02/14/2011) |
| 02/11/2011 | 2 | Request for service by certified mail filed by Bobby D Horton, Roger May, Roy H Richardson, Steven D Rider, Uman S Thomas. (KAM, ) (Entered: 02/14/2011) |
| 02/16/2011 | | Filing fee: $ 350.00, receipt number B4601020128 (CVA) (Entered: 02/16/2011) |
| 02/16/2011 | 3 | Summons Issued as to Crown Cork & Seal Co Inc, Georgia Pacific Corp, Honeywell International Inc, Metropolitan Life Insurance Company, and Sepco; mailed via certified mail. (CVA) (Entered: 02/16/2011) |
| 02/16/2011 | 4 | Summons Issued as to CSR Ltd., returned to pla for service. (CVA) (Entered: 02/16/2011) |
| 02/22/2011 | 5 | SUMMONS Returned Executed by Uman S Thomas, Bobby D Horton, Roy H Richardson, Steven D Rider. Honeywell International Inc served on 2/19/2011, |

| | | |
|---|---|---|
| | | answer due 3/14/2011; Sepco served on 2/18/2011, answer due 3/11/2011. (CVA) (Entered: 02/22/2011) |
| 02/28/2011 | 6 | NOTICE of Appearance by Frank E Lankford, Jr on behalf of Honeywell International Inc (Lankford, Frank) (Entered: 02/28/2011) |
| 02/28/2011 | 7 | NOTICE of Appearance by Stewart W McCloud on behalf of Honeywell International Inc (McCloud, Stewart) (Entered: 02/28/2011) |
| 02/28/2011 | 8 | NOTICE of Appearance by Frank E Lankford, Jr on behalf of Sepco (Lankford, Frank) (Entered: 02/28/2011) |
| 02/28/2011 | 9 | Corporate Disclosure Statement by Honeywell International Inc. (Lankford, Frank) (Entered: 02/28/2011) |
| 02/28/2011 | 10 | Corporate Disclosure Statement by Sepco. (Lankford, Frank) (Entered: 02/28/2011) |
| 02/28/2011 | 11 | NOTICE by Honeywell International Inc *of Tag Along Action* (Lankford, Frank) (Entered: 02/28/2011) |
| 02/28/2011 | 12 | NOTICE by Sepco *of Tag Along Action* (Lankford, Frank) (Entered: 02/28/2011) |
| 03/01/2011 | 13 | SUMMONS Returned Executed (deemed filed 2/24/11) by Uman S Thomas, Bobby D Horton, Roger May, Roy H Richardson, Steven D Rider. Georgia Pacific Corp served on 2/22/2011, answer due 3/15/2011. (CVA) (Entered: 03/01/2011) |
| 03/01/2011 | 14 | SUMMONS Returned Executed (deemed filed 2/28/11) by Uman S Thomas, Bobby D Horton, Roger May, Roy H Richardson, Steven D Rider. Crown Cork & Seal Co Inc served, no date on card. Answer due 3/21/2011. (CVA) (Entered: 03/01/2011) |
| 03/02/2011 | 15 | NOTICE of Appearance by Stewart W McCloud on behalf of Sepco (McCloud, Stewart) (Entered: 03/02/2011) |
| 03/15/2011 | 16 | MOTION to Dismiss *or in the Alternative*, MOTION for More Definite Statement by Georgia Pacific Corp. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Wheeler, Allan) (Entered: 03/15/2011) |
| 03/15/2011 | 17 | Corporate Disclosure Statement by Georgia Pacific Corp. (Cavender, C) (Entered: 03/15/2011) |
| 03/15/2011 | 18 | ANSWER to Complaint by Crown Cork & Seal Co Inc.(Gilmer, Walter) (Entered: 03/15/2011) |
| 03/15/2011 | 19 | Corporate Disclosure Statement by Crown Cork & Seal Co Inc. (Gilmer, Walter) (Entered: 03/15/2011) |
| 03/16/2011 | | ORDER setting briefing schedule on 16 MOTION to Dismiss *or in the Alternative* MOTION for More Definite Statement. Plaintiffs' response due by 3/25/11 and defendants' reply due by 4/1/11. Signed by Judge Abdul K Kallon on 03/16/11. (CVA) (Entered: 03/16/2011) |
| | | |

| 03/16/2011 | 20 | ALND UNIFORM INITIAL ORDER GOVERNING ALL FURTHER PROCEEDINGS reminding parties of their obligations under FRCP26(f) and LR26.1(d) - with appendices attached. Signed by Judge Abdul K Kallon on 3/16/2011. (KSS) (Entered: 03/16/2011) |
| --- | --- | --- |
| 03/16/2011 | 21 | Summons Returned Unexecuted by Uman S Thomas, Bobby D Horton, Roger May, Roy H Richardson and Steven D Rider as to Metropolitan Life Insurance Company, "not at this address." (CVA) (Entered: 03/16/2011) |
| 03/25/2011 | 22 | RESPONSE in Opposition re 16 MOTION to Dismiss *or in the Alternative* MOTION for More Definite Statement filed by Bobby D Horton, Roger May, Roy H Richardson, Steven D Rider, Uman S Thomas. (Keahey, G) (Entered: 03/25/2011) |
| 04/12/2011 | 23 | MOTION to Dismiss *or in the Alternative Motion for a More Definite Statement* by Sepco. (Lankford, Frank) (Entered: 04/12/2011) |
| 04/12/2011 | 24 | MOTION to Dismiss *or in the Alternative Motion for More Definite Statement* by Honeywell International Inc. (Lankford, Frank) (Entered: 04/12/2011) |
| 04/14/2011 | 25 | MOTION to Stay by Georgia Pacific Corp. (Wheeler, Allan) (Entered: 04/14/2011) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 05/11/2011 13:43:11 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-00495-AKK |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Roy H. Richardson, Uman S. Thomas, Steven D. Rider, Bobby D. Horton, and Roger May | Crown Cork & Seal Co. Inc. |

**(b)** County of Residence of First Listed Plaintiff **Lauderdale**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
G. Patterson Keahey, One Independence Plaza, Ste 612, Birmingham, Alabama 35209, (205) 871-0707

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☒ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **SOCIAL SECURITY** | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 861 HIA (1395ff) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION** | ☐ 864 SSID Title XVI | |
| | | ☐ 462 Naturalization Application | ☐ 865 RSI (405(g)) | |
| | | ☐ 463 Habeas Corpus - Alien Detainee | **FEDERAL TAX SUITS** | |
| | | ☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Toxic Tort

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 02/11/2011 | _(signature)_ |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FILED

2011 Feb-14 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA

ROY H. RICHARDSON )
)
UMAN S. THOMAS )
)
STEVEN D. RIDER )
)
BOBBY D. HORTON )
)
ROGER MAY )
)
      Plaintiffs, )
vs. )
)
)
CROWN CORK & SEAL Co. Inc. )
)
HONEYWELL )
INTERNATIONAL INC., )
individually and as Successors in )
Interest to Allied Chemical Inc., f/k/a )
Bendix Corporation )
)
METROPOLITAN LIFE )
INSURANCE COMPANY )
)
GEORGIA PACIFIC CORP. )
)
SEPCO )
)
CSR LTD. )
)
     Defendants. )

**Civil Action No.:**

_____

**JURY DEMAND**

## COMPLAINT

**COMES NOW** Plaintiffs by and through counsel, G. Patterson Keahey, Esq., and file this Complaint stating as follows:

### BACKGROUND FACTS – PLAINTIFFS

1.      Plaintiff, ROY H. RICHARDSON, (hereinafter "Richardson") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos containing materials and products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment from approximately 1966 to 1986 as a laborer and carpenter.

2.      Plaintiff, UMAN S. THOMAS, (hereinafter "Thomas") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos containing materials and products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment from approximately 1959 to 1981 as a laborer.

3.      Plaintiff, STEVEN D. RIDER, (hereinafter "Rider") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos containing materials and products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment from approximately 1976 to 1986 as an engineer.

4.      Plaintiff, BOBBY D. HORTON (hereinafter "Horton") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos containing materials and products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment from approximately 1953 to 1980 as a mechanic, machine operator, welder, and handyman.

5.      Plaintiff, ROGER MAY, (hereinafter "May") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos containing materials and products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the

2

stream of commerce by the producer and/or distributor Defendants during his employment from approximately 1969 to 1980 as a drywall man and floor finisher.

6.     As a result of their exposure to asbestos dust, asbestos particles, asbestos containing materials and products, Richardson, Thomas, Rider, Horton, and May (hereinafter, "Plaintiffs") have been injured and suffer damages including being diagnosed with an asbestos related disease.

7.     At all times relevant hereto, with the exception of Metropolitan Life Insurance Company, the above-named Defendants were in control of premises and/or were manufacturers, processors, importers, converters, compounders, merchants, installers, removers, sellers, distributors, marketers, suppliers of asbestos, asbestos insulation materials, and/or asbestos-containing products (hereinafter referred to as "asbestos products").  In addition, each of the above-named Defendants, acting by and through their servants, agents and employees, caused such asbestos products to be sold and placed in the stream of commerce.

## BACKGROUND FACTS - THE DEFENDANTS

8.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

9.     With the exception of defendant, Metropolitan Life Insurance Company, each and every one of the following defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the premises, facilities and worksites containing asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by

3

others:

    10.    Crown, Cork & Seal Co., Inc., whose principal place of business is One Crown Way, Philadelphia, PA 19154, may be served C/O Timothy J. Donahue, Executive Vice President and Chief Financial Officer.

    11.    Honeywell International Inc., individually and as Successors in Interest to Allied Chemical Inc., f/k/a Bendix Corporation, may be served through its registered agent c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

    12.    Metropolitan Life Insurance Company, a New York corporation with its principal place of business at One Madison Avenue, New York, New York 01001, may be served through its registered agent, Earnest M. Farrow, 601 Vestavia Parkway, Ste. 100, Birmingham, Alabama 35216. Metropolitan Life Insurance Company did not produce or distribute asbestos or asbestos containing products; rather, Metropolitan Life Insurance Company insured asbestos products.

    13.    Georgia Pacific Corporation, individually and as successor to Bestwall Gypsum Company, is a Georgia corporation with its principal place of business at 133 Peachtree Street, Atlanta, Georgia 30303 may be served through its registered agent, CT Corporation System, 2000 Interstate Park Drive, Ste 204, Montgomery, AL 36109.

    14.    Sepco, a California corporation whose principal place of business is 29982 Ivy Glenn Drive, Laguna Niguel, California 92677, may be served through its registered agent, C.T. Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

    15.    CSR, LTD., a/k/a Colonial Sugar Refinery, is an Australian corporation, and may be served by process server at Level 1, 9 Help Street, Chatsworth, NSW, Australia 2067.

4

## ALLEGATIONS

16.     Plaintiffs have been diagnosed with and suffer from an asbestos related disease as a result of their exposure to crocidolite, amosite, chrysotile, tremolite and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos".

17.     Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive and deadly tissue damage which can manifest itself as malignant mesothelioma, lung cancer and other cancers. Most airborne asbestos fibers are microscopic in size, fall at a very slow rate and can easily be "re-entrained" into the atmosphere. All asbestos fibers are indestructible up to very high temperatures and do not disintegrate. Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the ACMs from which the fibers were released are no longer in use. Suspended asbestos fibers settle on all objects introduced into such environments, including but not limited to work clothing, and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing. Such asbestos-laden clothing can contaminate a home, car or other locations by subsequently releasing asbestos fibers into the atmosphere of the new location.

18.     At all times pertinent hereto, the plaintiffs were users and consumers of the asbestos and asbestos products manufactured and supplied by the defendants.

19.     During the above-stated years the plaintiffs while working with and around asbestos and asbestos products manufactured and supplied by the above-named defendants, was

5

caused to inhale asbestos fibers which were released from the said products and became airborne during the products' intended use.

20.     At all times pertinent hereto, the product or products manufactured, distributed, sold and supplied by the defendant corporations reached the plaintiff without any substantial changes in the condition of the product or products from the time they were sold.

21.     Each Defendant, both substantially prior to and during the exposure period, contaminated the work sites of Plaintiffs with respirable asbestos fibers by one or more of the following means:

> a.     installing, removing, handling, designing, testing, evaluating, manufacturing, mining, packaging, furnishing, supplying and/or selling ACMs;

> b.     recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold;

> c.     failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold when the use of the same was reasonably foreseeable;

> d.     failing to maintain the work sites of Cowen in a reasonably safe manner by allowing those sites to become contaminated with asbestos;

e. failing to adequately warn Cowen of the danger posed by the inhalation or injection of asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate her exposure to asbestos;

f. In addition, contractors and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and otherwise disturbing asbestos-containing products in such a manner to cause the release of asbestos fibers;

g. In addition, premises owners are sued for negligently installing, removing, maintaining or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities including their exposure to asbestos.

22. At all relevant times hereto, the Defendants knew or should have known all of the following: (1) that asbestos is a deleterious and carcinogenic substance, extremely hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined use of ACMs over a significant period of time would pollute Plaintiffs' homes and work environments, virtually insuring that they would constantly be exposed to asbestos.

## REMOVAL

23. Removal of this action is improper for the following reasons: (a) the federal courts lack subject matter jurisdiction over this action; (b) this action does not involve a federal

7

question; (c) there is lack of complete diversity of citizenship between the Plaintiff and Defendants; (d) the presence of Alabama Defendants eliminates the Defendants' right of removal even when there is complete diversity of citizenship between the Plaintiff and Defendants; (e) the Plaintiff expressly disclaims every claim arising under the Constitution, treaties or law of the United States (including any claim arising from an act or omission on a federal enclave, or by any officer of the United States or any agency or person acting under him/her under color of such office); (f) no claim of admiralty or maritime law is raised; (g) the Plaintiff sues no foreign state or agency; and (h) the Circuit Court of Mobile County, Alabama is proper venue for this action.

24.    Removal based in whole or in part on the bankruptcy of any Defendant, whether named or fictitious, any joint tortfeasors and/or any predecessor, successor, subsidiary, affiliate, assignee, etc., thereof, would be frivolous. Under Alabama law, the Defendants are jointly and severally liable to Plaintiff with no right of contribution and/or indemnity among or between themselves, any other joint tortfeasors and/or third persons. The Plaintiff in his/her sole discretion may choose to pursue a claim against one joint tortfeasor, all tortfeasors, or of any combination thereof. Moreover, the Plaintiff, in his/her sole discretion, may choose to collect any judgment entered against multiple Defendants from one, all, or any combination thereof. Therefore, the bankruptcy of any entity referenced hereinabove will have no effect on removing Defendant's liability to the Plaintiff whatsoever.

## **VENUE**

25.    This Court has subject jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiffs are resident citizen of Alabama. Defendants are corporations whose principal places of business are in states other than Alabama. The amount in controversy, exclusive of interest and

cost, exceeds $75,000.00 and is within the jurisdiction of the Court.

## CERCLA

26.     Plaintiffs assert that this suit has been filed within the applicable state statute of limitations period, and/or that this claim is timely as a matter of law pursuant to 42 U.S.C. § 9658, a provision of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Under this provision, the running of the state statute of limitations for applicable actions is delayed until "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A). The provision " 'creates a federally mandated discovery rule for the accrual of state law claims involving releases of hazardous substances that cause or contribute to personal injury.... '"Kowalski *v. Goodyear Tire and Rubber Co.*, 841 F. Supp. 104, 107 (W.D.N.Y. 1994) (quoting *Soo Line Ry. Co. v. B.J. Carney & Co*., 797 1472, 1487 (D.Minn. 1992). Application of the statute to a state law cause of action does not depend on the existence of an underlying federal CERCLA action. *Id*. at 107-08.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

27.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

28.     At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance,  the above-named defendants are liable to the plaintiff jointly and/or severally for

being generally negligent in failing to provide a safe product, and more specifically as follows:

      a.    For carelessly and negligently installing, distributing, supplying, manufacturing and selling the said asbestos and asbestos products so as to cause injury to the plaintiff-decedent;

      b.    For carelessly and negligently creating and allowing a dangerous condition to exist by failing to properly package the said products;

      c.    For carelessly and negligently allowing a dangerous condition by failing to inspect the packaging of the said products;

      d.    For carelessly and negligently creating and allowing a dangerous condition by failing to provide proper instructions for handling said products;

      e.    For failing to exercise the requisite degree of care and caution in the distribution, manufacture, supply and sale of the said products;

      f.    For failing to warn and/or adequately warn of the dangers of the product or products when the defendant corporations knew or should have known that the use and/or exposure to the product or products would cause disease and injury;

      g.    For failing to take reasonable precautions to warn of the dangers to which plaintiff-decedent was exposed when the defendants knew or should have known of the said dangers;

      h.    In failing to warn the plaintiff-decedent what would be safe and sufficient wearing apparel for a person who is exposed to or using the said product or products;

      i.    For negligently failing to inform the plaintiff-decedent of what would be safe, sufficient and proper protective equipment and appliances when using or being exposed to the products.;

      j.    For failing to test the products;

      k.    For failing to remove the product from the market when the defendant corporations knew or should have known of the hazards of exposure to the

products;

l.    For failing to use substitute materials for the asbestos in the asbestos-containing products;

m.    For failing to mark, label or otherwise identify and distinguish during installation and subsequently those products which contain asbestos;

n.    For failing to warn the plaintiff-decedent's employer of the dangers associated with the inhalation of asbestos fibers;

o.    In negligently suppressing the dissemination of medical and scientific information relating to the harmful effects of exposure to asbestos and asbestos containing products and in prohibiting the publication of certain scientific and medical articles.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## SECOND CAUSE OF ACTION
## <u>STRICT LIABILITY</u>

29.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the

averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

30.  At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance, the above-named defendants are strictly liable to the plaintiff as follows:

a.  For failure to properly, adequately and safely label the produce or products;

b.  For selling a product or products which were in a defective condition and unreasonably dangerous in their design and manufacture at the said time of sale;

c.  For selling a product or products which were in a defective condition because they were without all necessary elements to make them safe for use;

d.  For selling a product or products that were in a defective condition and because of a failure to give adequate and complete warnings of the known or knowable dangers involved in the use and exposure to the product or products.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

.

## THIRD CAUSE OF ACTION
## GROSS, WILLFUL AND WANTON MISCONDUCT

31.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

32.    The defendants are liable to the plaintiff for their gross, willful and wanton misconduct in knowingly and intentionally concealing and misrepresenting the dangerous characteristics of their asbestos products, as well as concealing the detrimental aspects of asbestos contained in its products to the plaintiff-decedent's health and physical condition.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## .FOURTH CAUSE OF ACTION

### PREMISE LIABILITY

33.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

34.    Plaintiff was exposed to asbestos while on the premises of the Premise Defendants Plaintiff was on Premises Defendants' premises at their express or implied invitation

and entered for a purpose connected with the business of Premises Defendants, or their predecessors in interest, that resulted or may have resulted in their mutual economic benefit.

35. The condition of Premises Defendants' property posed an unreasonable risk of harm to those on the premises and their families including, including Plaintiff. The presence of asbestos and asbestos dust on Premises Defendants' premises constituted a concealed defect at the time that Plaintiff arrived at the premises. The manner of use of asbestos and asbestos-containing materials at Premises Defendants' facilities created an unreasonably dangerous condition at these facilities for both primary and secondary asbestos exposure.

36. While Plaintiff was working at these premises, his work activity included being exposed to asbestos particles and asbestos dust.

37. As the possessors, owners, operators, managers, and/or occupiers of the premises, Premises Defendants had non-delegable duties to keep the premises safe for invitees.

38. Premises Defendants knew or should have known of the danger of exposure to asbestos or asbestos dust on their premises and failed to exercise ordinary care to protect Plaintiff from the danger. Premises Defendants failed to adequately warn Plaintiff of the presence and hazards of asbestos, asbestos dust and others working with asbestos and failed to make this condition reasonably safe. These failures were a proximate cause of Plaintiff's injuries and damages.

39. Further, Premises Defendants, or their predecessors in interest, engaged in negligent activity by exposing Plaintiff secondarily to asbestos particles and/or asbestos dust. Premises Defendants, their agents, servants, and/or employees were further guilty of certain acts, wrongs, omissions, and/or undertakings with respect to the use and misuse of asbestos-containing products at Premises Defendant's facilities, each of which, independently or in

combination with one another, amount to negligence. This negligent activity, omission or undertaking was a proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

### FIFTH CAUSE OF ACTION

### <u>CONSPIRACY AGAINST METROPOLITAN LIFE INSURANCE COMPANY</u>

40. The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

41. Defendant Metropolitan Life Insurance Company agreed and conspired with miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

42. Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published favorable portions of their findings and/or refrained from publishing anything. Furthermore,

15

Metropolitan Life financially aided the asbestos industry in its endeavors to mislead and obfuscate.

43.    Defendant Metropolitan Life Insurance Company knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted manufacturers of asbestos-containing products in keeping the Plaintiff, other business invitees, users, bystanders, household members, members of the general public and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products knowing that they would not discover or realize the danger or would fail to protect themselves against it.

44.    Defendant Metropolitan Life Insurance Company directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

        a.    Had no adequate basis for such representations;

        b.    Knew that a significant health hazard to human life existed from asbestos.

45.    Defendant Metropolitan Life Insurance Company had reason to expect that as a result of such representation, Plaintiff, other business invitees, users, bystanders, household members, members of the general public and others similarly situated would be exposed to asbestos.

46.    Even after the dangers of asbestos finally began to be known to Plaintiff, other business invitees, users, bystanders, household members, members of the general public or others similarly situated, Metropolitan Life Insurance Company continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past

wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

      a.    Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;

      b.    Defeat and/or delay such legal actions and the final collection of any judgment.

47.    Similarly, Defendant Metropolitan Life Insurance Company aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

48.    As a direct and proximate result of the above wrongful conspiracy of Metropolitan Life Insurance Company, Plaintiff was exposed to asbestos and Plaintiff developed the asbestos-related diseases discussed and sustained the injuries described herein.

49.    As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Metropolitan Life Insurance Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff.  Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced diseases and conditions.  Plaintiff has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions.  Plaintiff has been hindered and prevented from pursuing his normal course of employment, thereby loosing large sums of money which otherwise would have accrued him.

17

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## DAMAGES

50.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

51.    As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff.  Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced diseases and conditions.  Plaintiff has experienced great physical pain and mental anguish as a result of his asbestos-induced diseases and conditions. Plaintiff has been hindered and prevented from pursuing his normal course of employment, thereby loosing large sums of money which otherwise would have accrued him.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

THIS the 11TH day of February, 2011.

s/G. Patterson Keahey
G. PATTERSON KEAHEY
ASB-6357-A64G
*Attorney for Plaintiff*

LAW OFFICES OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:        205-871-0707
FACSIMILE: 205-871-0801
EMAIL:        alasbestos@mesohelp.com

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

s/G. Patterson Keahey
G. PATTERSON KEAHEY