# U.S. District Court
## DISTRICT OF ARIZONA (Prescott Division)
## CIVIL DOCKET FOR CASE #: 3:10-cv-08091-PGR

| | |
|---|---|
| John v. Burlington Northern and Sante Fe Railway Company | Date Filed: 06/02/2010 |
| Assigned to: Judge Paul G Rosenblatt | Jury Demand: Defendant |
| Cause: 45:51 Railways: Fed. Employer's Liability Act | Nature of Suit: 330 Federal Employer's Liability |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Thomas John**     represented by     **Hector L Sandoval ,**
Roven-Kaplan LLP
2190 North Loop West
Ste 410
Houston, TX 77018
713-465-8522
Fax: 713-465-3658
Email: hsandoval@rovenlaw.com
*ATTORNEY TO BE NOTICED*

**John D Roven ,**
Roven-Kaplan LLP
2190 North Loop West
Ste 410
Houston, TX 77018
713-465-8522
Fax: 713-465-3658
Email: jroven@rovenlaw.com
*ATTORNEY TO BE NOTICED*

**Mark Anthony Kille**
The Kille Law Firm PLLC
7550 E Addis Ave
Prescott Valley, AZ 86314
928-775-9398
Fax: 928-775-9817
Email: mark@killelaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Burlington Northern and Santa Fe Railway Company**
*individually and as successor in interest*

*to the Atchison, Topeka & Santa Fe Railway Company successor in interest*
Atchison Topeka and Santa Fe Railway Company

**Defendant**

**BNSF Railway Company**　　　　represented by　**Bradley David Shwer**
Fennemore Craig PC
3003 N Central Ave
Ste 2600
Phoenix, AZ 85012-2913
602-916-5000
Fax: 602-916-5671
Email: bshwer@fclaw.com
*ATTORNEY TO BE NOTICED*

**William Lee Thorpe**
Fennemore Craig PC
3003 N Central Ave., Ste. 2600
Phoenix, AZ 85012-2913
602-916-5000
Fax: 602-916-5550
Email: wthorpe@fclaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/02/2010 | 1 | COMPLAINT. Filing fee received: $ 350.00, receipt number 0970-3977738, filed by Thomas John. (Attachments: # 1 Summons, # 2 Civil Cover Sheet)(Kille, Mark) (Entered: 06/02/2010) |
| 06/02/2010 | 4 | This case has been assigned to the Honorable David K. Duncan. All future pleadings or documents should bear the correct case number: CV 10-8091-PCT-DKD. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 06/03/2010) |
| 06/02/2010 | 5 | Magistrate Election Form Deadline (Attachments: # 1 Instructions)(BAS) (Entered: 06/03/2010) |
| 06/03/2010 | 2 | AMENDED COMPLAINT against Burlington Northern and Santa Fe Railway Company;Jury Demand, filed by Thomas John.(Kille, Mark) (Entered: 06/03/2010) |
| 06/03/2010 | 3 | SUMMONS Submitted by Thomas John (Kille, Mark) (Entered: 06/03/2010) |
| 06/03/2010 | 6 | Summons Issued as to Burlington Northern and Santa Fe Railway Company. (BAS). *** IMPORTANT: You must select "Document and stamps" or "Document and comments" on the print screen in order for the court seal to appear on the summons you print. (Entered: 06/03/2010) |
|  |  |  |

| | | |
|---|---|---|
| 06/14/2010 | 7 | SUMMONS Returned Executed - Burlington Northern and Santa Fe Railway Company served on 6/8/2010. (KMG) (Entered: 06/15/2010) |
| 06/15/2010 | 8 | Agreement to Magistrate Judge Jurisdiction. Party agrees to Magistrate Judge Jurisdiction. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 06/15/2010) |
| 06/29/2010 | 9 | ANSWER to 2 Amended Complaint by BNSF Railway Company.(Thorpe, William) (Entered: 06/29/2010) |
| 06/29/2010 | 10 | Corporate Disclosure Statement by BNSF Railway Company. (Thorpe, William) (Entered: 06/29/2010) |
| 06/29/2010 | 11 | DEMAND for Trial by Jury by BNSF Railway Company. (Thorpe, William) (Entered: 06/29/2010) |
| 07/01/2010 | 12 | MOTION for Admission Pro Hac Vice as to attorney Hector L Sandoval on behalf of Thomas John. (BAS) (Entered: 07/01/2010) |
| 07/01/2010 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX098502 as to Hector L Sandoval. (BAS) (Entered: 07/01/2010) |
| 07/01/2010 | 13 | MOTION for Admission Pro Hac Vice as to attorney John D Roven on behalf of Thomas John. (BAS) (Entered: 07/01/2010) |
| 07/01/2010 | | PRO HAC VICE FEE PAID. $ 50, receipt number PHX098503 as to John D Roven. (BAS) (Entered: 07/01/2010) |
| 07/01/2010 | 14 | ORDER pursuant to General Order 05-25 granting 12 Motion for Admission Pro Hac Vice; granting 13 Motion for Admission Pro Hac Vice.Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 07/01/2010) |
| 07/21/2010 | 15 | Ordered that BNSF Railway Company show cause for failure to comply with LRCiv 3.8(a) before Judge Susan R Bolton. Show Cause Hearing set for 8/9/2010 02:00 PM before Judge Susan R Bolton. (Attachments: # 1 Instructions, # 2 Consent Forms) (MAP) (Entered: 07/21/2010) |
| 07/22/2010 | 16 | Party Elects Assignment of Case to District Judge Jurisdiction. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 07/23/2010) |
| 07/23/2010 | 17 | Minute Order Pursuant to Local Rule 3.8(a), a request has been received for a random reassignment of this case to a District Judge FURTHER ORDERED Case reassigned by random draw to Judge Paul G. Rosenblatt. All further pleadings/papers should now list the following COMPLETE case number: CV 10-8091-PCT-PGR. FURTHER ORDERED that the Order to Show Cause hearing scheduled for August 9, 2010 is hereby VACATED. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (MAP) (Entered: 07/23/2010) |
| | | |

| 07/27/2010 | 18 | ORDER SETTING SCHEDULING CONFERENCE Scheduling Conference set for 11/8/2010 11:00 AM in Courtroom 601, 401 West Washington Street, Phoenix, AZ 85003 before Judge Paul G Rosenblatt.(see order details). Signed by Judge Paul G Rosenblatt on 7/27/2010. (TCA) (Entered: 07/27/2010) |
|---|---|---|
| 10/25/2010 | 19 | REPORT of Rule 26(f) Planning Meeting by Thomas John. (Kille, Mark) (Entered: 10/25/2010) |
| 10/27/2010 | 20 | NOTICE re Notice of Attorney's New Address by Thomas John. (Kille, Mark) (Entered: 10/27/2010) |
| 11/08/2010 | 21 | Minute Entry. Proceedings held before Judge Paul G Rosenblatt: Apr. Mark Kille for pla;William Thorpe for dftsScheduling Conference held on 11/8/2010. Discussion held. Court will enter a scheduling order. (Court Reporter Linda Schroeder.) This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (TCA) (Entered: 11/08/2010) |
| 11/09/2010 | 22 | SCHEDULING ORDER: Discovery due by 6/3/2011. Dispositive motions due by 7/1/2011. Final Pretrial Conference set for 9/12/2011 at 11:00 AM in Courtroom 601, 401 West Washington Street, Phoenix, AZ 85003. Jury Trial set for 10/4/2011 at 09:00 AM in U.S. Post Office Building, 101 W. Goodwin St, Prescott, AZ 86303. Signed by Judge Paul G Rosenblatt on 11/09/10. (ESL) (Entered: 11/09/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/11/2011 14:48:09 | | | |
| PACER Login: | ro1369 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:10-cv-08091-PGR |
| Billable Pages: | 3 | Cost: | 0.24 |

Mark A. Kille (AZ Bar No. 024441)
THE KILLE LAW FIRM, PLLC
8521 East Florentine Road, Suite A
Prescott Valley, AZ 86314
P: 928.775.9398  F: 928.775.9817
Email: mark@killelaw.com
COUNSEL FOR PLAINTIFF

John D. Roven
Hector L. Sandoval
ROVEN-KAPLAN, LLP
2190 North Loop West, Suite 410
Houston, TX 77018
P: 713.465.8522  F: 713.465.3658
*Pro Hac Vice Application Pending*
CO-COUNSEL FOR PLAINTIFF

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **THOMAS JOHN**, | Case No: 3:10-CV-08091-DKD |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| **THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,** individually and as successor in interest to the Atchison, Topeka & Santa Fe Railway Company | **(Tort –Federal Employers' Liability)** |
| | **Before the Honorable David K. Duncan** |
| Defendants. | **JURY TRIAL DEMANDED** |

NOW COMES PLAINTIFF, THOMAS JOHN, by and through his attorneys, and for his complaint against the Defendant, state:

**PARTIES**

1. Plaintiff, THOMAS JOHN is a citizen of Arizona. Thomas John resides in Winslow, Navajo County, Arizona.

2. That at all times mentioned herein, and for some time prior thereto and thereafter, the Defendant, BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, was engaged

1

in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, did operate its business, maintain offices and place its agents, servants and employees throughout Navajo County, Arizona. Service of process may be had upon Defendant, BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, by serving CT Corporation, 2394 East Camelback Road, Phoenix, Arizona 85016.

## JURISDICTION AND VENUE

3.      That during the course of Plaintiff's employment, the railroad Defendant was engaged in interstate commerce as a common carrier by rail, and all or part of the duties of Plaintiff was in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 51 *et seq.*, which Act grants this Court jurisdiction over this action.

4.      That beginning in 1946, the Plaintiff was engaged in the performance of his duties in furtherance of interstate commerce and was required to work with and in the vicinity of, toxic substances, including silica and silicate containing ballast rock, gravel and other hard rock aggregate material in the Defendants various railroad shops and facilities, including the shops and facilities in and around Winslow, Arizona.

5.      That during the course of Plaintiff's employment with the Defendant railroad, or its predecessors, Plaintiff was engaged in the course of his employment at its repair shops and facilities in and around Winslow, Arizona and elsewhere for the Plaintiff who worked as a Laborer and in other various roles and assignments where he was required and caused to work with and in the vicinity of toxic substances, including silica and silicate containing ballast rock and silica induced lung disease. These exposures caused the Plaintiff to contract significant and permanent injury to his person, to-wit: silica-related lung disease which was, in all, diagnosed and discovered less than three years prior to the commencement of this civil action and within the time frame required by 45

2

U.S.C., Section 56.

6.   That at all times relevant, the Plaintiff was unaware of the dangerous propensities of silica and silicate-containing products he was required to work with and around at was unaware of the development of their latent abnormal medical conditions.

## CAUSE OF ACTION

7.   Plaintiff re-alleges Paragraphs 1-6 as if restated here verbatim.

8.   That the railroad Defendant, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a)   in failing to provide Plaintiff with a reasonably safe place within which to work; a workplace free of toxic and fibrogenic dust;

(b)   in failing to furnish Plaintiff with safe and suitable tools and equipment, including adequate protective masks and/or protective inhalation devices;

(c)   in failing to warn Plaintiff of the true nature and hazardous effects of the silica/ silicate containing rock, gravel, and related materials;

(d)   in exposing Plaintiff to unsafe concentrations of silica and silicate materials;

(e)   in failing to design, specify, purchase and operate its self propelled track machinery in a safe and reasonable manner so as to prevent the operator from working in polluted, dusty conditions;

(f)   in failing to provide Plaintiff with safe and proper ventilation systems in its self propelled track equipment, including Ballast Regulators, Track Brooms and Tampers;

(g)   in failing to provide instructions or a method for the safe manipulation and handling of ballast or hard rock track materials;

(h)   in failing to provide adequate, if any, instructions in the use or removal of old ballast rock so as to avoid the creation and inhalation of dust;

3

  (i)  in failing to test ballast rock for silica content prior to requiring employees to work with the same;

  (j)  in formulating and using a method of handling silica and silicate-related materials exposing Plaintiff to high concentrations of fibrogenic dust;

  (k)  in allowing unsafe practices to become the standard practice;

  (l)  in failing to exercise reasonable care in publishing and enforcing a safety plan and method for the safe handling and installation of sand gravel and rock on the right of way of the railroad;

  (m)  in failing to inquire of the suppliers of sand ballast rock and gravel regarding the hazardous nature of their products;

  (n)  in requiring employees to work with an ultra-hazardous product;

  (o)  in failing to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

  (p)  in failing to periodically test and examine the Plaintiff to determine if he was subject to any ill effects of his exposure to sand ballast, rock and gravel or other hazardous substances;

  (q)  in allowing excessive fumes, dusts, gases and chemical fumes to remain in the work area;

  (r)  in failing to provide any or adequate warning to the Plaintiff of the exposure to the uncontrolled quantities of the hazardous materials he worked with and around.

9.  That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the railroad Defendant, the Plaintiff suffered exposure to toxic substances including silica and silicate-containing materials which caused him to sustain severe injury to his respective body and respiratory system, which will likely result in

4

impairment in the future, and which cannot be effectively cured by conservative medical procedures or medications.

10. That, as a result, Plaintiff's enjoyment of life, enjoyment of retirement and earning capacity have been greatly impaired and shortened; and further, that Plaintiff's expected life span is greatly shortened. Plaintiff further alleges that as a result of his health problems, he has been and will in the future be forced to incur medical expenses by way of doctor, hospital and drug bills expended in an effort to diagnose and monitor his respective permanent, progressive silica-related illnesses and potential complications resulting therefrom.

11. That Plaintiff was a strong and able-bodied man and was gainfully employed prior to the manifestation of his illnesses. As a result of those illnesses, he has suffered damages by way of lost earning capacity, fear of future cancer and/or progressive asbestosis, and by way of his diminished ability to render services, society, affection, counseling and support to his household and family.

12. WHEREFORE, Plaintiff demands judgment against the defendant, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with applicable interest, costs and all other relief permitted by law.

PLAINTIFF DEMANDS A TRIAL BY JURY.

//

//

//

//

DATED this 3rd day of June, 2010.

                                          Respectfully submitted,

**THE KILLE LAW FIRM, PLLC**

/s/ Mark A. Kille_____
By:  Mark A. Kille
8521 East Florentine Road, Suite A
Prescott Valley, Arizona 86314
928.775.9398

**COUNSEL FOR PLAINTIFF**

and

**ROVEN-KAPLAN, LLP**

_____
John D. Roven
Hector L. Sandoval
2190 North Loop West, Suite 410
Houston, TX  77018
P: 713.465.8522  F: 713.465.3658

**CO-COUNSEL FOR PLAINTIFF**