BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION | )<br>)<br>) | MDL DOCKET NO. 875 |

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALTON LEWIS<br><br>    Plaintiff<br><br>V.<br><br><br>ATLAS REFINERY, INC., et al<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:11-cv-00199 |

**DEFENDANT AIR & LIQUID SYSTEMS CORPORATION'S
BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

**COMES NOW** Defendant, Air & Liquid Systems Corporation, successor-by-merger to Buffalo Pumps, Inc. ("Buffalo Pumps") and submits this Brief in Support of Response to Plaintiff's Motion to Vacate Conditional Transfer Order.

**PROCEDURAL HISTORY**

Plaintiff originally filed his Petition (Civil Action No. 583178 in East Baton Rouge Parish, LA) which named Buffalo Pumps as a defendant, on or about October 5, 2009. Buffalo Pumps was subsequently dismissed from the action, without prejudice, before

its Answer was due. On January 6, 2011, Plaintiff filed his Fourth Amended Petition which brought Buffalo Pumps back into the case as a Defendant. In his Fourth Amended Petition, Plaintiff alleges that he was exposed to asbestos-containing products manufactured by Buffalo Pumps. Plaintiff specifically identifies using Buffalo Pumps' products "onboard the USS Henderson, which Alton Lewis served on from approximately 1956-1958." Plaintiff alleges that he is suing Buffalo Pumps for "negligence and failure to warn for the sale and supply of asbestos and asbestos-containing products to the USS Henderson. . . ." Plaintiff's Motion for Leave to File Fourth Amended Petition for Damages states that "[r]ecent depositions given by the co-workers of Alton Lewis ("Lewis") confirmed that Lewis worked on and around asbestos-laden pumps while onboard the USS Henderson, and the ship's records reveal that some of those pumps were made by Buffalo Pumps ... ."

Based upon these allegations, on March 28, 2011, Buffalo Pumps removed this action to the Federal District Court for the Middle District of Louisiana. On April 1, 2011, the Judicial Panel on Multidistrict Litigation entered a Conditional Transfer Order (CTO-383), which transferred this matter to the United States District Court for the Eastern District of Pennsylvania. On April 14, 2011, Plaintiff filed his Motion to Vacate the Conditional Transfer Order. For the reasons set forth below, this case is properly before the MDL, and Plaintiff's Motion should be denied.

# ARGUMENT

### A. Purpose of the Judicial Panel on Multi-District Litigation

The Judicial Panel on Multi-District Litigation made clear in creating MDL 875 that its decision was motivated by a conclusion that "centralization in a single district of all pending federal personal injury and wrongful death asbestos actions is necessary" in light of "the interests of all the plaintiffs and all the defendants, and . . . the purposes of the law." *In re Asbestos Products Liability Litigation* (No. VI), 771 F. Supp. 415, 420 (J.P.M.L. 1991). As a consequence, "coordinated or consolidated pretrial proceedings" are to be conducted by the MDL court." *Id.* at 421 (citation omitted). The Panel specifically noted the importance of avoid[ing] duplication of effort" and "prevent[ing] inconsistent decisions" as being important considerations, including "minimiz[ation of] the potential for inconsistent decisions from courts of appeals" on general issues. *Id.* at 421 & n.7. Thus, the very purpose of the MDL is to hear cases such as this one.

### B. This case is properly before the MDL

Buffalo Pumps properly removed this action because (a) Buffalo Pumps is a person having a colorable federal defense; (b) Buffalo Pumps acted under the authority or direction of an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1); and (c) there is a causal nexus between Plaintiff's claims and the conduct performed by Buffalo Pumps under the color of federal office. *Mesa v. California*, 489 U.S. 121 (1989); *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

Plaintiff argues in his Motion to Vacate that the district court judge has not lost jurisdiction, arguing that he will soon be filing a Motion to Remand. While it may be true that the Louisiana court has not lost jurisdiction, there is simply no reason this matter should not proceed before the MDL. Numerous cases with essentially identical facts have recently been front and center in the MDL. In fact, within the past six months, the MDL court has considered the applicability of the government contractor defense and held both that the defense is colorable for purposes of removal under the federal office statute in a Navy equipment case, **Hagen v. Benjamin Foster Co.**, 2010 WL 3745297, *10 (Sept. 24, 2010)("if the federal government can't guarantee its agents access to a federal forum if they are sued or prosecuted, it may have difficulty finding anyone willing to act on its behalf")(citations omitted)[1]; and that summary judgment in favor of

---

[1] In addition to the MDL itself, dozens of federal courts have concluded that defendants who manufactured equipment for the Navy to government specifications appropriately may remove asbestos personal injury cases to federal court. *See, e.g., Wright v. A.W. Chesterton Company*, 2008 WL 512728 (N.D. Cal. Feb. 25, 2008); *Keleman v Buffalo Pumps, Inc.*, No. CV 08-712-R (C.D. Cal. Apr. 14, 2008); *Lindquist v. Cla-Val Co.*, No. CV 08-501-R (C.D. Cal. Apr. 14, 2008); *Munn v. Cla-Val Co.*, No. CV 08-282-R (C.D. Cal. Apr. 14, 2008); *Nelson v. Alfa Laval, Inc.*, No. CV 07-8338VBF (RCx) (Feb. 8, 2008); *Oberstar v. CBS Corp.*, CV 08-118PA (JWJx), 2008 U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008); *Ballenger v. Agco Corp.*, 2007 WL 1813821 (N.D. Cal. June 22, 2007); *Pianko v. General Electric Co.*, 3:09-cv-01053 (WWE) (D. Conn. Feb. 23, 2010); *Kotecki v. Buffalo Pumps, Inc.*, Case No. 3:09-cv-00097 (WWE) (D. Conn. July 28, 2009); *Murphy v. General Electric Co.*, Case No. 3:09-cv-00217 (WWE) (D. Conn. July 15, 2009); *Pantalone v. Aurora Pump Co.*, 576 F.Supp.2d 325 (D. Conn. 2008); *Despres v. Ampco-Pittsburgh Corp.*, 577 F.Supp.2d 604 (D. Conn. 2008) *Carroll v. Buffalo Pumps, Inc.*, 2008 WL 4793725 (D. Conn. Oct. 27, 2008); *Viscosi v. American Optical Corp.*, 2008 WL 4426884 (D. Conn. Sept. 29, 2008); *Contois v. Able Industries, Inc.*, 523 F.Supp.2d 155 (D. Conn. 2007); *Machnik v. Buffalo Pumps, Inc.*, 506 F.Supp.2d 99 (D. Conn. 2007); *Kirks v. General Elec. Co.*, 654 F. Supp. 220 (D. Del. 2009); *Marley v. Elliot Turbomachinery Co.*, 545 F.Supp.2d 1266 (S.D.Fla. Mar. 7, 2008); *Harris v. Rapid American Corp.*, 2008 WL 656266 (N.D. Ill. Mar. 7, 2008); *O'Connell v. Foster Wheeler*, 544 F.Supp.2d 51 (D. Mass 2008); *Curry v. American*

a Defendant may be appropriate on the government contractor defense. *Faddish v. General Elec. Co.*, 2010 WL 4146108 (Oct. 20, 2010).

The government contractor defense is not an issue of Louisiana law, such that a Judge in Louisiana would have any specialized knowledge that would assist in hearing this case. Quite the contrary, the cases above make clear that the Eastern District of Pennsylvania is regularly considering this very issue, and because the very purpose of the MDL is to "eliminat[e] the potential for conflicting contemporaneous rulings by coordinate district and appellate courts," it is proper for the Court to retain this action. *In re Air Crash off Long Island, New York, on July 17, 1996*, 965 F. Supp 5, 7 (S.D.N.Y. 1997)(citations omitted). Vacating the transfer, and allowing this case to remain before the Middle District of Louisiana, goes against the purposes stated above.

## CONCLUSION

Although this case has been pending since 2009, Buffalo Pumps was only brought back into the case in January 2011. Buffalo Pumps promptly removed the case to federal court, and the case has progressed quickly since that time. There is no advantage to vacating the Transfer Order, and sending this case to the Louisiana district court, when the MDL regularly considers these very issues. For this reason, the Transfer Order

---

*Standard, Inc.*, 2009 WL 308029 (S.D.N.Y. Feb. 6, 2009); *Nesbiet v. General Electric Co.*, 299 F. Supp. 2d 205 (S.D.N.Y. 2005); *Seigfried v. Allegheny Ludlum Corp.*, 2009 WL 1035001 (W.D. Pa. Apr. 17, 2009); *Mitchell v. AC&S, Inc.*, 2004 WL 3831228 (E.D.Va. Dec. 15, 2004).

should stand and Plaintiff's Motion to Vacate should be denied.

DATED: this the 12th day of May, 2011.

Respectfully submitted,

AIR & LIQUID SYSTEMS CORPORATION

By: WELLS, MOORE, SIMMONS & HUBBARD, PLLC

By:  s/ Susan D. McNamara
 SUSAN D. McNAMARA (LBN 26872)
 STACEY L. STRAIN (LBN 29682)

Of Counsel:

Susan D. McNamara (LBN 26872)
smcnamara@wellsmoore.com
Stacey L. Strain (LBN 29682)
strain@wellsmoore.com
WELLS, MOORE, SIMMONS & HUBBARD, PLLC
4450 Old Canton Road, Suite 200
Post Office Box 1970
Jackson, Mississippi 39215-1970
Telephone: (601) 354-5400
Facsimile: (601) 355-5850

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of May, 2011 served a copy of the above and foregoing by electronic means via the CM/ECF to those registered with the CM/ECF and to all known counsel of record via email.

                                                      s/ Susan D. McNamara
                                      SUSAN D. McNAMARA (LBN 26872)
                                      WELLS, MOORE, SIMMONS & HUBBARD, PLLC
                                      4450 Old Canton Road, Suite 200
                                      Post Office Box 1970
                                      Jackson, Mississippi 39215-1970
                                      Telephone: (601) 354-5400
                                      Facsimile: (601) 355-5850