# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

Francis J Johnson,

                Plaintiff,

v.

A.W. Chesterton Company, a corporation,
CBS Corporation, a corporation,
Certainteed Corporation, a corporation,
Cleaver Brooks, Inc., a corporation,
Commonwealth Edison Company, a corporation,
Crane Co., a corporation,
DAP Products, Inc., Individually and as Successor to DAP, Inc., a corporation,
Florida Power & Light Company, a corporation,
Foster Wheeler LLC, a corporation,
Ingersoll Rand Company, a corporation,
Oakfabco Inc., a corporation,
Rapid American Corporation, a corporation,
Riley Power, Inc., a corporation,
The Marley-Wylain Company a/k/a/ Weil-McLain Company, a corporation,
Trane U.S. Inc., a corporation,
Union Carbide Corporation, a corporation,

                Defendants.

Case No.

## COMPLAINT

Now comes the plaintiff, Francis J Johnson (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants A.W. Chesterton Company, a corporation, CBS Corporation, a corporation, Certainteed Corporation, a corporation, Cleaver Brooks, Inc., a corporation, Commonwealth Edison Company, a corporation, Crane Co., a corporation, DAP Products, Inc., Individually and as Successor to DAP, Inc., a corporation, Dana Corporation, a corporation, Florida Power & Light Company, a corporation, Foster Wheeler LLC,

a corporation, Ingersoll Rand Company, a corporation, Oakfabco Inc., a corporation, Rapid American Corporation, a corporation, Riley Power, Inc., a corporation, The Marley-Wylain Company a/k/a/ Weil-McLain Company, a corporation, Trane U.S. Inc., a corporation, Union Carbide Corporation, a corporation, as follows:

### JURISDICTION

1. Plaintiff is an adult citizen and resident of Iowa and resides in Clarence, Iowa.

2. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Iowa, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

### GENERAL ALLEGATIONS

6. Plaintiff during the course of his employment as a Millwright at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

7. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

8. Plaintiff became aware of the asbestos-related condition and that said condition was caused by

Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with lung cancer on 6/13/2010.

10. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

11. Plaintiff brings this count for negligence against all defendants except Commonwealth Edison and Florida Power & Light Company and incorporates by reference all general allegations.

12. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

13. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

14. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

15. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

   b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.    Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e.    Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

16. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## COUNT II- NEGLIGENCE - PREMISES OWNER

17. Plaintiff reasserts and realleges the above general allegations 1-16 above.

18. This claim for negligence is brought against the following Defendants (hereinafter "Premises Defendants";

    a.    Commonwealth Edison

    c.    Florida Power & Light Company

19. Defendants were the owners of the premises during the dates and times of Plaintiff's exposures to asbestos indicated on exhibit B.

20. The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

21. When Plaintiff worked at the premises, defendants knew or should have known about the health hazards of asbestos.

22. Defendants in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Plaintiff, working at the premises.

23. Defendants knew or should have known that persons on the premises would not discover

or realize the danger or would otherwise fail to protect themselves against it.

24. As the owners of the premises, defendants owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Plaintiff.

25. Defendants breached its duty of care and was negligent by one or more of the following acts or omissions:

26.
   a. failing to adequately warn Plaintiff of the dangers of harm from exposure to asbestos;

   b. failing to instruct Plaintiff adequately about safety precautions for exposure to asbestos;

   c. failing to establish adequate safety measures to protect Plaintiff from exposure to asbestos;

   d. failing to adequately test for asbestos where Plaintiff worked;

   e. employing any contractor which failed to take reasonable precautions against the danger of asbestos;

   f. allowing the use of asbestos containing products at the premises;

   g. failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

27. As a direct and proximate result of the acts and omissions of the premise defendants above, Plaintiff was injured as described above.

**PRAYER FOR RELIEF**

28. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by a jury of 6.

Dated: March 21, 2011

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**Exhibit A**
Defendants' Home States and Principal Places of Business

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| Cleaver Brooks, Inc. | Delaware | Wisconsin |
| Commonwealth Edison Company | Illinois | Illinois |
| Crane Co. | Delaware | Connecticut |
| DAP Products, Inc., Individually and as Successor to DAP, Inc. | Delaware | Maryland |
| Florida Power & Light Company | Florida | Florida |
| Foster Wheeler LLC | Pennsylvania | New York |
| Ingersoll Rand Company | New Jersey | New Jersey |
| Oakfabco Inc. | Illinois | Illinois |
| Rapid American Corporation | Delaware | New York |
| Riley Power, Inc. | Massachusetts | Massachusetts |
| The Marley-Wylain Company a/k/a/ Weil-McLain Company | Delaware | North Carolina |
| Trane U.S. Inc. | Delaware | New Jersey |
| Union Carbide Corporation | New York | Texas |

**Exhibit B**
Plaintiff's work history

| Site Location | Site City | State | First Year | Last Year |
|---|---|---|---|---|
| St Lucie Power Station | Hutchison Island | FL | 1979 | 1989 |
| Quad Cities Nuclear Power Station | Cordova | IL | 1978 | 1993 |
| Byron Nuclear Power Station | Rockford | IL | 1966 | 1967 |
| Byron Nuclear Power Station | Rockford | IL | 1980 | 1995 |
| General Electric Turbines | Joliet | IL | 1970 | 1995 |
| Beloit College | Janesville | WI | 1965 | 1966 |
| Chevy GMC Plant | Janesville | WI | 1968 | 1993 |
| Beloit Iron Works | Beloit | WI | 1965 | 1967 |
| Janesville Power Station | Beloit | WI | 1968 | 1989 |
| Kellog Grade School | Janesville | WI | 1966 | 1967 |
| Dana | Edgerton | WI | 1973 | 1979 |

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the costs of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgement may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than in the summons had been actually served when the request for waiver of service was received.

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**BUSINESS REPLY MAIL**
FIRST CLASS MAIL   PERMIT NO. 94203   CHICAGO, IL

POSTAGE WILL BE PAID BY ADDRESSEE:

CASCINO VAUGHAN LAW OFFICES LTD
220 S ASHLAND AVE
CHICAGO IL 60607-9940



220 S. Ashland Ave.
Chicago, IL 60607-9940

ATTN. _Brett_

CASCINO VAU[
220 S.
CHICAGO, IL 60607-5308

RETURN SERVICE REQUESTED

$02.750
04/01/2011
Mailed from 60607
US POSTAGE

Certainteed Corporation
c/o CT Corporation System
208 S LaSalle Street – Suite 814
Chicago, IL 60604

MAHONEY

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.2 (Rockford)
### CIVIL DOCKET FOR CASE #: 3:11-cv-50075

Johnson v. AW Chesterton Company et al
Assigned to: Honorable Frederick J. Kapala
Referred to: Honorable P. Michael Mahoney
Demand: $75,000
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 03/21/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Francis J Johnson**  represented by **Michael Peter Cascino**
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
(312) 944-0600
Email: michaelp.cascino@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AW Chesterton Company**
*a corporation*
represented by **Adam J Jagadich**
Segal, McCambridge, Singer & Mahoney
233 South Wacker Drive
Suite 5500
Chicago, IL 60606
(312) 645-7800
Fax: (312) 645-7711
Email: ajagadich@smsm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*a corporation*
represented by **Demetra Arapakis Christos**
Foley & Mansfield
39 S. LaSalle St.
Suite 1110
Chicago, IL 60603
312-233-2560 x702
Email: dchristos@foleymansfiled.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Certainteed Corporation**
*a corporation*

**Defendant**

**Cleaver Brooks Inc.**
*a corporation*

represented by **Daniel R. Griffin**
O'Connell Tivin Miller & Burns, LLC
135 South LaSalle Street
Suite 2300
Chicago, IL 60603
312 256 8800
Fax: 312 256 8808
Email: dgriffin@djoalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Commonwealth Edison Company**
*a corporation*

**Defendant**

**Crane Co**
*a corporation*

represented by **Stephen K. Milott**
Gunty and McCarthy
150 South Wacker Drive
Suite 1025
Chicago, IL 60606
(312) 541-0022
Email: stephen.milott@guntymccarthy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Paul Kasper**
Gunty & McCarthy Law Offices
150 South Wacker Drive
Suite 1025
Chicago, IL 60606
(312) 541-0022
Email: jamie.kasper@guntymccarthy.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAP Products Inc**
*Individually*
*successor*
DAP, Inc.

**Defendant**

**Florida Power & Light Company**
*a corporation*

**Defendant**

**Foster Wheeler LLC**
*a corporation*

**Defendant**

**Ingersoll Rand Company**
*a corporation*

**Defendant**

**Oakfabco Inc**
*a corporation*

**Defendant**

**Rapid American Corporation**
*a corporation*

**Defendant**

**Riley Power, Inc.**
*a corporation*

**Defendant**

**The Marley-Wylain Company**
*also known as*
Weil-McLain Company

represented by Edward J. McCambridge
Segal, McCambridge, Singer &
Mahoney, Ltd.
5500
233 S. Wacker Drive
Chicago, IL 60606
(312) 645-7800
Email: emccambridge@smsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trane US Inc**
*a corporation*

**Defendant**

**Union Carbide Corporation**
*a corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/21/2011 | 1 | COMPLAINT filed by Francis J Johnson; Jury Demand. Filing fee $ 350, receipt number 0752-5819475. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A - Defendant's home states and principal places of business, # 3 Exhibit B - Plaintiff's work history)(Cascino, Michael) (Entered: 03/21/2011) |
| 03/21/2011 | 2 | ATTORNEY Appearance for Plaintiff Francis J Johnson by Michael Peter Cascino (Cascino, Michael) (Entered: 03/21/2011) |

| | | |
|---|---|---|
| 03/21/2011 | 3 | Disclosure Statement by Francis J Johnson (Cascino, Michael) (Entered: 03/21/2011) |
| 03/21/2011 | 4 | Notice of Tag-Along Action by Francis J Johnson (Cascino, Michael) (Entered: 03/21/2011) |
| 03/22/2011 | | THIS matter is referred to the Hon. P. Michael Mahoney pursuant to Internal Operating Procedure 11(d). Case assigned to District Judge Frederick J. Kapala. (jat, ) (Entered: 03/22/2011) |
| 04/01/2011 | 5 | MINUTE entry before Honorable P. Michael Mahoney: Written Status Report due by 4/28/2011. Mailed notice (glg, ) (Entered: 04/01/2011) |
| 04/18/2011 | 6 | STATUS Report by Francis J Johnson (Cascino, Michael) (Entered: 04/18/2011) |
| 04/25/2011 | 7 | MINUTE entry before Honorable P. Michael Mahoney: Written status report received and accepted. Next Written Status Report due by 12/5/2011. Mailed notice (glg, ) (Entered: 04/25/2011) |
| 04/29/2011 | 8 | MOTION by Defendant Certainteed Corporation to stay *Notice of Tag Along Action and Motion to Stay Proceedings* (Ludolph, Mark) (Entered: 04/29/2011) |
| 04/29/2011 | 9 | Summary Answer, Affirmative Defenses and Jury Demand by Certainteed Corporation (Ludolph, Mark) (Entered: 04/29/2011) |
| 04/29/2011 | 10 | ATTORNEY Appearance for Defendant Cleaver Brooks Inc. by Daniel R. Griffin (Griffin, Daniel) (Entered: 04/29/2011) |
| 04/29/2011 | 11 | ANSWER to Complaint by Cleaver Brooks Inc. (Attachments: # 1 Notice of Filing, # 2 Certificate of Service)(Griffin, Daniel) (Entered: 04/29/2011) |
| 05/02/2011 | 12 | ANSWER to Complaint with Jury Demand by Crane Co(Kasper, James) (Entered: 05/02/2011) |
| 05/02/2011 | 13 | ATTORNEY Appearance for Defendant Crane Co by James Paul Kasper (Kasper, James) (Entered: 05/02/2011) |
| 05/02/2011 | 14 | Notice of Tag-Along Action by Crane Co (Kasper, James) (Entered: 05/02/2011) |
| 05/02/2011 | 15 | Corporate Disclosure Statement STATEMENT by Crane Co (Kasper, James) (Entered: 05/02/2011) |
| 05/02/2011 | 16 | ATTORNEY Appearance for Defendant Crane Co by Stephen K. Milott (Milott, Stephen) (Entered: 05/02/2011) |
| 05/04/2011 | 17 | ANSWER to Complaint with Jury Demand by CBS Corporation (Attachments: # 1 Jury Demand)(Christos, Demetra) (Entered: 05/04/2011) |
| 05/04/2011 | 18 | Notice of Tag-Along Action by CBS Corporation (Christos, Demetra) (Entered: 05/04/2011) |
| 05/04/2011 | 19 | Disclosure Statement Pursuant to F.R.C.P 7.1 by CBS Corporation (Christos, Demetra) (Entered: 05/04/2011) |

| 05/04/2011 | 20 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by CBS Corporation (Christos, Demetra) (Entered: 05/04/2011) |
|---|---|---|
| 05/09/2011 | 21 | ATTORNEY Appearance for Defendant AW Chesterton Company by Adam J Jagadich (Jagadich, Adam) (Entered: 05/09/2011) |
| 05/09/2011 | 22 | ANSWER to Complaint by AW Chesterton Company(Jagadich, Adam) (Entered: 05/09/2011) |
| 05/12/2011 | 23 | ATTORNEY Appearance for Defendant The Marley-Wylain Company by Edward J. McCambridge (McCambridge, Edward) (Entered: 05/12/2011) |
| 05/12/2011 | 24 | MOTION by Defendant The Marley-Wylain Company to dismiss *Pursuant to FRCP 12(b)(6)* (McCambridge, Edward) (Entered: 05/12/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/13/2011 14:44:27 | | | |
| PACER Login: | hr0023 | Client Code: | Johnson |
| Description: | Docket Report | Search Criteria: | 3:11-cv-50075 |
| Billable Pages: | 3 | Cost: | 0.24 |