BEFORE THE
JOINT PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| Joe Boone,        Plaintiff | ) | Asbestos Case-MDL 875 CTO-391 |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03284-MSD |
| | ) | Newport News |
| General Electric Co., et al,        Defendants | ) ) | Circuit Court Case No.: CL1001001J-02 |
| | ) | |

MOTION TO VACATE CONDITIONAL TANSFER ORDER

The plaintiff, Joe Boone, by counsel, hereby moves for the vacating of Conditional Transfer Order (Order 391), and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a) A civil action or criminal prosecution commenced in a State court against
>     any of the following may be removed by them to the district court of the United
>     States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting
>     under that officer) or the United States or of any agency thereof, sued in an
>     official or individual capacity for any act under color of such office or on account
>     of any right, title or authority claimed under any Act of Congress for the
>     apprehension or punishment of criminals or the collection of the revenue.

Elemental to a request for removal under §1442(a)(1) is that there be some evidence that the plaintiff ever was exposed to GE asbestos products while working under some federal authority.  In this case, to date, there is no such evidence.  The defendant recites the plaintiff's allegations of exposure at the following locations and during the following years:

Norshipco from 1978 to 1989

Admiralty Coating from 1989 to 1993

Neither the plaintiff's complaint nor any other filing on the part of the plaintiff says whether his work -where he was exposed to GE asbestos- was done on United States naval vessels or strictly on commercial, non-military vessels. The slew of attachments and affidavits attached to Defendant's Notice of Removal are inapposite to issue before this court because the Defendant has failed to meet the basic requirement of removal: evidence of federal involvement. None of the defendants submissions establish any federal involvement in plaintiff's exposure to asbestos.

At page 3, paragraph 8 of its motion, GE states:

"[a]s demonstrated, inter alia, by the affidavits attached hereto, *the turbines aboard United States navy vessels, from which Plaintiff asserts a claim for asbestos exposure*, were originally manufactured according to the specifications . . .". Emphasis supplied. The defendant is inventing this "assertion" by plaintiff from whole cloth. At no time does this plaintiff ever make such an assertion. It simply does not exist. [The copies received by counsel for the plaintiff of General Electric's Notice of Removal identify an "Exhibit A" which is identified as a copy of the plaintiff's complaint. However no Exhibit A is attached to the Notice of Removal received by the plaintiff. Plaintiff is unaware whether or not Exhibit A was attached to the original Notice of Removal filed with this court. However, if copy of the complaint is attached as Exhibit A, there is no assertion therein that the plaintiff's exposure occurred on United States Navy Vessels.]

The defendant has offered no evidence whatsoever to this court that GE ever "acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1)" as it asserts at page three of its Notice of Removal. GE cites the case of *Mesa v. California*, 289 U.S. 121 (1989) as supporting its bald assertion that it was acting under the

authority of an "officer or agency of the United States". This case is wholly inapposite to the case at bar. *Mesa*, supra, concerns the criminal prosecution of a mailman who was charged with vehicular homicide when he killed someone with his mail van. It does not touch on the issues at bar.

In addition, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel. GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office". *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to demonstrate that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to asbestos, this court cannot properly exercise jurisdiction over this action.

Furthermore, GE does not raise a federal defense on the face of its Notice of Removal. According to the very case cited by GE, the Supreme Court ruled that:

"Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:

      1) the United States approved reasonably precise specifications;
      2) the equipment conformed to those specifications; and
      3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but no to the United States."
*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE does not even assert any of the above criteria other than to simply state that it has a "federal defense to these actions . . . arising from any exposure to asbestos related to evaporators installed on board U.S. Navy vessels insofar as General Electric constructed or repaired them (see page 4 of Defendant's Notice of Removal). This statement erroneously conflates the standards required for a "federal defense" with the standards required to meet the criteria for removal under 28 U.S.C. § 1442(a)(1).

In summary, GE has failed to make any showing that the plaintiff worked around asbestos where GE acted under the authority of an officer or agency of the United States, within the meaning of 28 U.S.C. § 1442(a)(1).

WHEREFORE, the plaintiff respectfully moves this court to Vacate the conditional transfer order and Remand this action to the Circuit Court for Newport News where it properly belongs.

                                                               Respectfully submitted,

                                                               /s/Paul A. Weykamp
                                                               Paul A. Weykamp
                                                               Law Offices of Paul A. Weykamp
                                                               16 Stenersen Lane, Suite 2
                                                               Hunt Valley, MD 21030
                                                               Tel: 410-584-0660
                                                               Va. Bar: 43688
                                                               Counsel for Plaintiff

**Certificate of Service**

I hereby certify that a copy of the foregoing was served via email and per the electronic Pacer/CM-ECF system to all counsel for defendants on this 15th day of May, 2011.

/s/Paul A. Weykamp
Paul A. Weykamp

BEFORE THE
JOINT PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| Joe Boone, | ) | |
|     Plaintiff | ) | Asbestos Case-MDL 875 CTO-391 |
| | ) | |
| v. | ) | Civil Action No.: 4:11-cv-03284-MSD |
| | ) | Newport News |
| General Electric Co., et al | ) | Circuit Court Case No.: |
|     Defendants | ) | CL1001001J-02 |
| | ) | |

ORDER

UPON CONSIDERATION of General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Joe Boone's Motion to Vacate and for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that the Conditional Transfer Order be Vacated and that this action be remanded to the Circuit Court for Newport News.

_____
JUDGE, JOINT PANEL ON MULTIDISTRICT LITIGATION