BEFORE THE
JOINT PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| Norman Baynard Sr., | | |
| Plaintiff | ) | Asbestos Case MDL-875 |
| | ) | |
| v. | ) | Case No.: 4:11-cv-03297 |
| | ) | Newport News |
| General Electric Co., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000989F-15 |
| | ) | |

MOTION TO VACATE CONDITIONAL TANSFER ORDER

The plaintiff, Norman Baynard Sr., by counsel, hereby moves for the vacating of Conditional Transfer Order (Order 391), and further moves this court for remand of this action to the Circuit Court for Newport News, Virginia.

The defendant General Electric Company (hereinafter "GE") was named as a defendant in an asbestos-related personal injury action brought by the plaintiff in the Circuit Court for Newport News, Virginia.

On March 14, 2011, GE filed a Notice of Removal of Civil Action in this court based on 28 U.S.C. § 1442(a)(1).

> 28 U.S.C. § 1442(a)(1) states:
> **§ 1442 Federal officers or agencies sued or prosecuted**
> (a)  A civil action or criminal prosecution commenced in a State court against
>   any of the following may be removed by them to the district court of the United
>   States for the district and division embracing the place wherein it is pending:
>   (1) The United States or any agency thereof or any officer (or any person acting
>   under that officer) or the United States or of any agency thereof, sued in an
>   official or individual capacity for any act under color of such office or on account
>   of any right, title or authority claimed under any Act of Congress for the
>   apprehension or punishment of criminals or the collection of the revenue.

In the text of their Notice of Removal, the defendant recites the plaintiff's allegations of exposure to asbestos at the following locations and during the following years:

US Navy from 1959 to 1971

Naval Air Rework Facility from 1972 to 1977

Norfolk Naval Shipyard from 1977 to 1978

Naval Air Rework Facility from 1978 to 1986

While the plaintiff did work on and around naval vessels, in order to avail itself of the removal provisions of the Federal Rules of Civil Procedure, GE must satisfy the requirements set forth in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988). In *Boyle, supra,* [a case cited by GE in their Notice of Removal], the Supreme Court ruled that:

> "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when:
> 1) the United States approved reasonably precise specifications;
> 2) the equipment conformed to those specifications; and
> 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."

*Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).

GE has supplied the affidavit of Admiral Lehman in an effort to support the requirements of Boyle. However, the affidavit does not meet the requirements of the third condition: it fails to establish that the supplier (in this case, General Electric) "warned the United States about the dangers in the use of the equipment that were known to the supplier but not the United States". On the issue of what the supplier knew about the dangers of asbestos, the affidavit is entirely speculative. Admiral Lehman never states that he knew what GE knew about the dangers of asbestos, nor does he comment on what GE told the United States Navy about the dangers of asbestos. And, perhaps even more importantly, the defendant GE has failed to demonstrate what it knew about the dangers of asbestos and what it communicated to the United States Navy. The Admiral speculates that "[a]s the manufacturer and/or supplier would not have been responsible for the insulation, it likely would not have been aware of any hazard associated with such insulation or required to determine whether any existed, and thus it had no ability or obligation to supply warning about insulation." (See paragraph 13, page 6 of Admiral Lehman's Affidavit).

This entirely fails to recognize that GE did manufacture many *other* asbestos-containing products and had real reasons to know about the dangers of asbestos.   In addition, the affidavit does not address GE's general knowledge about the dangers of asbestos, nor does it address what other products GE manufactured that did contain asbestos and the dangers of which GE may have been even better informed than the United States Navy.   The Admiral guesses at what GE knew about the dangers of asbestos based on his supposition that GE only manufactured un-insulated equipment for the United States Navy.   Additionally, the affidavit makes clear that GE's designs of "mechanical equipment" (including turbines), were designed to be insulated.  This is another reason why GE  might have substantial knowledge about the dangers of asbestos insulation.

Also, GE produces no evidence that the plaintiff ever worked under the direction of a naval officer or around a GE asbestos-containing product while on a U.S. Navy vessel.   GE produces not a shred of evidence to show that it acted under the authority of an officer or agency of the United States at a time when the plaintiff was exposed to GE asbestos-containing products. This court is without evidence to establish jurisdiction under 28 U.S.C. § 1442(a)(1).

As other courts have noted regarding 28 U.S.C. § 1442(a)(1):

"[t]his provision is satisfied if the moving party can demonstrate it acted under direction of a federal officer; raises a defense to plaintiff's claims; and, can demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office".  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993), see also *Good v. Armstrong World Industries, Inc.*, 914 F. Supp.1125 (E.D. Pa, 1996) where the court finds that the information in an affidavit provided by GE did not support its assertions that it came within the purview of 28 U.S.C. § 1442(a)(1).

Since GE has failed to satisfy all the requirements set forth for removal, this court cannot properly exercise jurisdiction over this action.

WHEREFORE, the plaintiff, Norman Baynard Sr., respectfully moves this court to Vacate the conditional transfer order and Remand this action to the Circuit Court for Newport News where it properly belongs.

Respectfully submitted,


/s/Paul A. Weykamp
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane,  Suite 2
Hunt Valley,  MD  21030
Tel: 410-584-0660
Va. Bar: 43688
Counsel for Plaintiff


**Certificate of Service**

I hereby certify that a copy of the foregoing was served via email and per the electronic Pacer/CM-ECF system to all counsel for defendants on this 15th day of May, 2011.


/s/Paul A. Weykamp
Paul A. Weykamp

BEFORE THE
JOINT PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| Norman Baynard Sr., | | |
| Plaintiff | ) | Asbestos Case MDL-875 |
| | ) | |
| v. | ) | Case No.: 4:11-cv-03297 |
| | ) | Newport News |
| AC&S, Inc., et al, | ) | Circuit Court Case No.: |
| Defendants | ) | CL1000989F-15 |
| | ) | |

<u>ORDER</u>

UPON CONSIDERATION of General Electric Company's Notice of Removal of Civil Action, and,

UPON FURTHER CONSIDERATION of plaintiff Norman Baynard Sr.'s Motion to Vacate and for Remand to the Circuit Court for Newport News,

it is hereby, this _____ day of _____, 2011,

ORDERED that the Conditional Transfer Order be Vacated and that this action be remanded to the Circuit Court for Newport News.

_____
JUDGE, JOINT PANEL ON MULTIDISTRICT LITIGATION