# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:11-cv-00792-VLB

Jutila et al v. General Electric Company et al  
Assigned to: Judge Vanessa L. Bryant  
Cause: 28:1442 Notice of Removal

Date Filed: 05/13/2011  
Jury Demand: None  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Federal Question

**Plaintiff**

**Gladys Jutila**  
*Executrix for the Estate of James Jutila*

represented by **Melissa M. Olson**  
Embry & Neusner  
118 Poquonnock Rd., Po Box 1409  
Groton, CT 06340  
860-449-0341  
Fax: 860-449-9070  
Email: molson@embryneusner.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gladys Jutila**  
*Personally*

represented by **Melissa M. Olson**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

**Defendant**

**CBS Corporation**  
*formerly known as*  
Viacom Inc  
*formerly known as*  
Westinghouse Electric Corp

**Defendant**

**Air & Liquid Systems Corporation**  
*Successor*  
Buffalo Pumps Inc

represented by **Bryna Rosen Misiura**  
Governo Law Firm LLC  
Two International Place  
Boston, MA 02110  
617-737-9045  
Fax: 617-737-9046  
Email: bmisiura@governo.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: MSimons@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/13/2011 | 1 | NOTICE OF REMOVAL by Air & Liquid Systems Corporation from J.D. of New London at New London, case number 11-6008909-S. ( Filing fee $ 350 receipt number 0205-2116601), filed by Air & Liquid Systems Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service, # 4 Notice to State Court of Removal)(Simons, Michael) (Entered: 05/13/2011) |
| 05/13/2011 | 2 | NOTICE by Air & Liquid Systems Corporation *of Pending Motions* (Simons, Michael) (Entered: 05/13/2011) |
| 05/13/2011 | 3 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corporation (Simons, Michael) (Entered: 05/13/2011) |
| 05/13/2011 | 4 | Corporate Disclosure Statement by Air & Liquid Systems Corporation identifying Corporate Parent Buffalo Pumps, Inc. for Air & Liquid Systems Corporation. (Simons, Michael) (Entered: 05/13/2011) |
| 05/13/2011 | 5 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corporation (Misiura, Bryna) (Entered: 05/13/2011) |
| 05/13/2011 |  | Judge Vanessa L. Bryant added. (Malone, P.) (Entered: 05/13/2011) |

**RECEIVED MAY 06 2011 BUFFALO PUMPS BY AUTHORITY OF THE**

# SUMMONS - CIVIL
JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [x] "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 70 Huntington Street, New London, CT 06320 | (860) 443-5363 | May 31, 2011 |

| Judicial District [x] / Housing Session [ ] | G.A. Number: | At (Town in which writ is returnable): New London | Case type code: Major: T  Minor: 20 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented | Juris number |
|---|---|
| Embry and Neusner, 118 Poquonnock Road, CT 06340 | 102932 |

| Telephone number: (860) 449-0341 | Signature of Plaintiff (if self-represented): |

Number of Plaintiffs: 2   Number of Defendants: 3   [ ] Form JD-CV-2 attached for additional parties

| Parties | Name and Address of Each party | |
|---|---|---|
| First Plaintiff | Name: Jutila, Gladys, Executrix for the Estate of James Jutila<br>Address: 175 Boston Post Road, East Lyme, CT 06333 | P-01 |
| Additional Plaintiff | Name: Jutila, Gladys, Personally<br>Address: 175 Boston Post Road, East Lyme, CT 06333 | P-02 |
| First Defendant | Name: General Electric Co., et al<br>Address: c/o CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103 | D-50 |
| Additional Defendant | Name: CBS Corporation f/k/a Viacom, Inc. s/b/m with CBS Corporation f/k/a Westinghouse Electric Corp.<br>Address: c/o Corporation Service Company, 50 Weston Street, Hartford, CT 06120 | D-51 |
| Additional Defendant | Name: Air & Liquid Systems Corporation as s/b/m to Buffalo Pumps, Inc.<br>Address: c/o Secretary of Corporation, 874 Oliver Street, North Tonawanda, NY 14120-3298<br>c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101 | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed: /s/ Melissa M. Olson | [x] Commissioner of the Superior Court / [ ] Assistant Clerk | Name of Person Signing at Left: Melissa M. Olson, Esq. | Date signed: 5/3/11 |

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only — File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |

Name and address of person recognized to prosecute in the amount of $250

| Signed (Official taking recognizance); "X" proper box | MAY 09 2011 | [ ] Commissioner of the Superior Court / [ ] Assistant Clerk | Date | Docket Number |

(Page 1 of 2)

**RECEIVED MAY 09 2011 AMPCO-PITTSBURGH CORP. LEGAL DEPARTMENT**

Return Date: MAY 31, 2011

| | |
|---|---|
| GLADYS JUTILA, EXECUTRIX FOR THE ESTATE OF JAMES JUTILA AND GLADYS JUTILA PERSONALLY, <br>     Plaintiffs, <br><br> VS. <br><br><br> GENERAL ELECTRIC COMPANY; <br> CBS CORPORATION f/k/a VIACOM INC., <br>    successor-by-merger with CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION; <br> AIR & LIQUID SYSTEMS CORPORATION <br>    as successor-by-merger to BUFFALO PUMPS, INC.; <br>     Defendants | SUPERIOR COURT <br><br> J.D. OF NEW LONDON <br><br> AT NEW LONDON |

## COMPLAINT

CLAIM ON BEHALF OF GLADYS JUTILA, EXECUTRIX FOR THE ESTATE OF
JAMES JUTILA
AND GLADYS JUTILA PERSONASLLY

FIRST COUNT BASED ON
NEGLIGENCE AND PRODUCTS LIABILITY
ON BEHALF OF THE ESTATE OF JAMES JUTILA
FOR PERSONAL INJURIES, WRONGFUL DEATH AND DAMAGES.

1.     The Plaintiff, Gladys Jutila, was appointed Executrix for the Estate of James Jutila in the Court of Probate, District of East Lyme, State of Connecticut, on or about

March 2, 2010. At all relevant times, Gladys Jutila was the spouse of the Decedent, James Jutila.

2.	The decedent, JAMES JUTILA, was employed as a rigger at General Dynamics / Electric Boat Division, Groton, Connecticut from on or about 1956 to 1988. His duties caused him to work in areas where he and others were handling and working with asbestos products or products containing, involving or requiring the use of asbestos and was exposed to asbestos fibers and materials manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. The decedent, JAMES JUTI LA, worked in areas where he was exposed to asbestos.

3a.	<u>General Electric Company</u> is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643. Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

3b.	<u>CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation,</u> does business in the State of Connecticut with its principal place of business at 51 West 52nd Street, New York, New York 10019. Its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

3c.	<u>Air & Liquid Systems Corporation as successor-by-merger to Buffalo Pumps, Inc.</u>, does business in the State of Connecticut with its principle place of business at 874

Oliver Street, North Tonawanda, NY 14120-3298 and an agent for service at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

4. The Defendants who are successor corporations have assumed the assets and liabilities of their predecessors, and they are responsible for the liabilities of the predecessors, both as to compensatory and as to punitive damages. As used in this Complaint, "defendant(s)" includes, unless expressly stated to the contrary above, all predecessors for whose actions plaintiff claims the named defendant(s) is(are) liable.

5. The Defendants listed in paragraphs 3a through 3c were either in the business of manufacturing, distributing and selling various products or they manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing and selling various products or that manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

6. During the Decedent's employment and during his activities of daily living, he was exposed to the asbestos products or products containing, involving or requiring the use of asbestos of the Defendants. As part of his employment and during his activities of daily living, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

7. The illnesses and death of the Decedent are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have known required or involved asbestos for use, operation or function which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Decedent's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

8. The disability, injuries, and illness and death of the Decedent are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise or ordinary care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was deleterious, poisonous and highly harmful to the Decedent's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

8a. Failed to advise the Decedent of the dangerous characteristics of their asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

8b. Failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function.

8c. Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products.

8d. Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos-containing products, and

products which they knew or should have known required or involved asbestos for use, operation or function,

    8e.    Inadequately warned, if, in fact, they warned at all, persons such as the Decedent of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

    8f.    Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

    8g.    Did not recommend methods to improve the work environment,

    8h.    Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

    8i.    Failed to provide adequate safety instruction for persons who would reasonably and forseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

    8j.    Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

    8k.    Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

81. Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

9. The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Decedent injuries as stated herein.

10. The Defendants, as part of their business, manufactured, sold and delivered their asbestos products or products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Decedent, without substantial change in the condition in which they were sold.

11. At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

12. The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of

merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

13. The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

14. All or some of the Defendants became aware of the dangers of breathing asbestos before the Decedent was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Decedent and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

15. Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Decedent and other human beings.

16. The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports

EMBRY AND NEUSNER
P.O. BOX 1409  118 POQUONNOCK RD.  GROTON. CT 06340-1409  (860) 449-0341  JURIS NUMBER 102932

known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

17. It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers ad users of all dangers, characteristics and defects discovered subsequently to their marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

18. As a result of the acts of the Defendants as aforesaid and the Decedent's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Decedent JAMES JUTILA was diagnosed as suffering from lung cancer, asbestos-related lung cancer, asbestos-related lung disease, lung disease and / or loss of lung function. He endured pain and mental anguish. His earning capacity was impaired and he was severely restricted in his usual activities. He was required to spend large sums of money for medical care and treatment. He suffered great anguish because of the impending nature of his premature death and the pain and anguish it would cause his family. As a consequence of his asbestos-related injuries, JAMES JUTILA died on or about December 27, 2009, and he and his estate were denied earnings and life's enjoyment and incurred expenses for medical care and treatment and for funeral bills for which just compensation is sought.

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE
## DAMAGES ON BEHALF OF THE ESTATE OF JAMES JUTILA

19. Paragraphs 1 through 18 are hereby repeated and realleged as if fully set forth.

20. The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

21. The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Decedent of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

22. The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Decedent from the known danger of asbestos.

## THIRD COUNT FOR LOSS OF CONSORTIUM
## ON BEHALF OF GLADYS JUTILA

23. Paragraphs 1 through 22 are hereby repeated and realleged as if fully set forth.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

24. At all relevant times, Gladys Jutila was the spouse of the Decedent, James Jutila.

25. The illness and injuries suffered by the Decedent prior to death resulting from his exposure to asbestos products deprived the Decedent's spouse of comfort, support, service and consortium to which she is entitled.

26. As a result of the Decedent's exposure to asbestos products produced or supplied by Defendants and his resulting injuries and damages, the Decedent's spouse has been deprived of the comfort, support, and consortium to which she was entitled. Pursuant to C.G.S.A. 52-555a&b, the Decedent's death resulting from his asbestos-induced injuries has denied the Decedent's spouse the society, affection, moral support, service provided by, and companionship of the decedent resulting in injuries and damages to her.

27. The injuries and damages suffered by the Decedent's spouse were caused by the Defendants jointly and severally as aforesaid.

By /s/ Melissa M. Olson
Melissa M. Olson, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
molson@embryneusner.com

11

Wherefore the Plaintiffs, Gladys Jutila, Executrix for the Estate of James Jutila and Gladys Jutila Personally, claim against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this 3rd day of May, 2011.

By /s/ Melissa M. Olson
Melissa M. Olson, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
molson@embryneusner.com