ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-02367-WHA

Hilt et al v. Foster Wheeler LLC
Assigned to: Hon. William Alsup
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 05/13/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Geraldine Hilt**
*as Wrongful Death Heir, and as*
*Successor-in-Interest to Robert Hill,*
*Deceased*

represented by **Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Krishna Tindall**

represented by **Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sherlyn Hilt**

represented by **Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kimberly Crawford**

represented by **Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Darphine Roland**
*as Legal Heirs of Robert Hilt, Deceased*

represented by **Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

| Date Filed | # | Docket Text |
|---|---|---|
| 05/17/2011 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. William Alsup for all further proceedings. Judge Magistrate Judge Joseph C. Spero no longer assigned to the case.. Signed by Executive Committee on 5/17/11. (as, COURT STAFF) (Filed on 5/17/2011) (Entered: 05/17/2011) |
| 05/17/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klh, COURT STAFF) (Filed on 5/17/2011) (Entered: 05/17/2011) |
| 05/13/2011 | | CASE DESIGNATED for Electronic Filing. (gba, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/13/2011) |
| 05/13/2011 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 8/12/2011. Case Management Conference set for 8/19/2011 01:30 PM in Courtroom A, 15th Floor, San Francisco. (gba, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/13/2011) |
| 05/13/2011 | 5 | Summons Issued as to Foster Wheeler LLC. (gba, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/13/2011) |
| 05/13/2011 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Kimberly Crawford, Geraldine Hilt, Sherlyn Hilt, Darphine Roland, Krishna Tindall. (gba, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/13/2011) |
| 05/13/2011 | 3 | NOTICE of Tag-Along Action by Kimberly Crawford, Geraldine Hilt, Sherlyn Hilt, Darphine Roland, Krishna Tindall (gba, COURT STAFF) (Filed on |

| | | |
|---|---|---|
| | | 5/13/2011) (Entered: 05/13/2011) |
| 05/13/2011 | 2 | Certificate of Interested Entities by Kimberly Crawford, Geraldine Hilt, Sherlyn Hilt, Darphine Roland, Krishna Tindall (gba, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/13/2011) |
| 05/13/2011 | 1 | COMPLAINT for Survival, Wrongful Death - Asbestos; Demand for Jury Trial against Foster Wheeler LLC (Filing fee $ 350.00, receipt number 34611059838). Filed by Krishna Tindall, Geraldine Hilt, Sherlyn Hilt, Darphine Roland, Kimberly Crawford. (Attachments: # 1 Civil Cover Sheet) (gba, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/13/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/17/2011 14:08:34 | | | |
| PACER Login: | bp0355 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:11-cv-02367-WHA |
| Billable Pages: | 2 | Cost: | 0.16 |



1   ALAN R. BRAYTON, ESQ., S.B. #73685
2   DAVID R. DONADIO, ESQ., S.B. #154436
    BRAYTON❖PURCELL LLP
    Attorneys at Law
3   222 Rush Landing Road
    P.O. Box 6169
4   Novato, California 94948-6169
    (415) 898-1555
5   (415) 898-1247 (Fax No.)

6   Attorneys for Plaintiffs

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  GERALDINE HILT, as Wrongful Death        No. 11 - 2367
    Heir, and as Successor-in-Interest to
12  ROBERT HILT, Deceased, and KRISHNA       )
    TINDALL, SHERLYN HILT,                   )
13  KIMBERLY CRAWFORD, DARPHINE              )    COMPLAINT FOR SURVIVAL,
    ROLAND, as Legal Heirs of ROBERT         )    WRONGFUL DEATH - ASBESTOS;
14  HILT, Deceased,                          )    DEMAND FOR JURY TRIAL
                                             )
15              Plaintiffs,                  )
                                             )
16  vs.                                      )
                                             )
17  FOSTER WHEELER LLC (FKA FOSTER           )
    WHEELER CORPORATION),                    )
18                                           )
               Defendant.                    )
19  _____

20                              I.

21                           PARTIES

22      1.      Plaintiffs in this action are the above-captioned successor-in-interest to, or the

23  personal representative of the estate of Decedent; and the personal representatives on behalf of

24  the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as

25  "Plaintiffs."

26      2.      The person who sustained asbestos-related lung injuries and death as a result of

27  their inhalation of asbestos fibers through the person's occupational exposure to asbestos,

28  hereinafter "Decedent" is, with the date of death: ROBERT HILT died August 21, 2010.

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1    GERALDINE HILT is the spouse of ROBERT HILT and is hereinafter referred to as "surviving
2    spouse."

3         3.      Decedent sustained an asbestos-related lung disease and death by precisely the
4    following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-
5    containing products at Decedent's jobsites. The pathogenesis of Decedent's asbestos-related
6    diseases is explained on **Exhibit A**, attached to plaintiffs' complaint and incorporated by
7    reference herein.

8         4.      All of plaintiffs' claims arise out of a similar series of occurrences:  repeated
9    exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants
10   and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period
11   of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent,
12   resulting in cumulative, progressive, incurable lung diseases.

13        5.      Each plaintiff claims damages for an asbestos-related disease arising from an
14   identical series of occurrences not dependent on Decedent's worksite but on the fact that
15   asbestos-containing products, when handled in the manner in which they were intended, released
16   harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease. The
17   allegations of plaintiffs regarding the nature of Decedent's asbestos-related diseases, the nature
18   of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are
19   all identical.

20        6.      Plaintiffs are informed and believe, and thereon allege, that at all times herein
21   mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole
22   proprietorships and/or other business entities organized and existing under and by virtue of the
23   laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
24   said defendants, and each of them, were and are authorized to do and are doing business in the
25   State of California, and that said defendants have regularly conducted business in the State of
26   California.

27   ///

28   ///

K:\Injured\19749\FED\PLD\cmp fed (wd)-rev.wpd                                    2

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.     Jurisdiction:  Plaintiff GERALDINE HILT is a citizen of the State of California.

Plaintiff(s) KRISHNA TINDALL, SHERLYN HILT, KIMBERLY CRAWFORD, DARPHINE

ROLAND are citizens of the following states, respectively: California, California, California,

California.

Defendants are each corporations incorporated under the laws of and having its principal

places of business in the following States:

| DEFENDANT | STATE |
|-----------|-------|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action

between citizens of different states in which the matter in controversy exceeds, exclusive of costs

and interest, seventy-five thousand dollars.

8.     Venue / Intradistrict Assignment.  Venue is proper in the Northern District of

California and assignment to the San Francisco Division of said district is proper as a substantial

part of the events or omissions which give rise to the claims asserted by plaintiffs herein occurred

within the County of San Francisco, California, and Defendants are subject to personal

jurisdiction in this district at the time the action is commenced.

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF GERALDINE HILT COMPLAINS OF DEFENDANT FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

9. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos. The following defendants, and each of them, are liable for the acts

1  of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual
2  destruction of plaintiffs' remedy against each such ALTERNATE ENTITY; defendants, and each
3  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE
4  ENTITY; defendants, and each of them, caused the destruction of plaintiffs' remedy against each
5  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading
6  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill
7  originally attached to each such ALTERNATE ENTITY:

8  DEFENDANT                                  ALTERNATE ENTITY

9  FOSTER WHEELER LLC                FOSTER WHEELER CORPORATION

10        10.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and
11  each of them, were and are engaged in the business of researching, manufacturing, fabricating,
12  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
13  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,
14  promoting, representing, servicing, installing, contracting for installation, repairing, marketing,
15  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
16  otherwise directing and/or facilitating the use of, or advertising a certain product, namely
17  asbestos and other products containing asbestos.

18        11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
19  each of them, singularly and jointly, negligently, and carelessly researched, manufactured,
20  fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
21  to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
22  supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
23  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
24  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
25  and other products containing asbestos, in that said products caused personal injuries to users,
26  consumers, workers, bystanders and others, including the Decedent herein, (hereinafter
27  collectively called "exposed persons"), while being used in a manner that was reasonably
28  ///

1   foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by
2   "exposed persons."

3       12.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
4   exercise due care in the pursuance of the activities mentioned above and defendants, and each of
5   them, breached said duty of due care.

6       13.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
7   have known, and intended that the aforementioned asbestos and products containing asbestos and
8   related products and equipment, would be transported by truck, rail, ship, and other common
9   carriers, that in the shipping process the products would break, crumble, or be otherwise
10  damaged; and/or that such products would be used for insulation, construction, plastering,
11  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
12  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
13  breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the
14  release of airborne asbestos fibers, and that through such foreseeable use and/or handling
15  "exposed persons," including Decedent herein, would use or be in proximity to and exposed to
16  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
17  persons working in proximity to said products, directly or through reentrainment.

18      14.     Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-
19  containing products referred to herein in a manner that was reasonably foreseeable. Decedent's
20  exposure to asbestos and asbestos-containing products is on current information as set forth at
21  various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference
22  herein.

23      15.     As a direct and proximate result of the acts, omissions, and conduct of the
24  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure
25  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
26  or harm to the Decedent as set forth in **Exhibit A,** attached to plaintiffs' complaint and
27  incorporated by reference herein.

28  ///

1       16.    Plaintiffs are informed and believe, and thereon allege, that progressive lung

2  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

3  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

4  asbestos and asbestos-containing products over a period of time.

5       17.    Decedent suffered from a condition related to exposure to asbestos and asbestos-

6  containing products. Decedent was not aware at the time of exposure that asbestos or asbestos-

7  containing products presented any risk of injury and/or disease.

8       18.    As a direct and proximate result of the aforesaid conduct of the defendants, their

9  "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,

10  nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

11  amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this

12  complaint accordingly when the true and exact cost thereof is ascertained.

13       19.    As a direct and proximate result of the aforesaid conduct of the defendants, their

14  ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value

15  of medial care provided by Decedent's family members measured by, inter alia, the costs

16  associated with the hiring a registered nurse, home hospice, or other service provider, the true

17  and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to

18  amend this complaint accordingly when the true and exact costs are known or at time of trial.

19       20.    As a direct and proximate result of the aforesaid conduct of defendants, their

20  ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person,

21  body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and

22  related sequelae, and the mental and emotional distress attendant thereto, and ultimately death,

23  from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven

24  at trial.

25       21.    As a further direct and proximate result of the said conduct of the defendants,

26  their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,

27  entitlements, wages, profits, and commissions, a diminishment of earning potential, and other

28  ///

1  pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is
2  requested to amend this complaint to conform to proof at the time of trial.

3      22.     As a further direct and proximate result of the said conduct of the defendants,
4  their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-
5  containing products caused severe and permanent injury to Decedent, and ultimately Decedent
6  died on the date previously stated herein.

7      23.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
8  directors and managing agents participated in, authorized, expressly and impliedly ratified, and
9  had full knowledge of, or should have known of, each of the acts set forth herein.

10     24.     Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the
11  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
12  and each defendant's officers, directors, and managing agents participated in, authorized,
13  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
14  each of their ALTERNATE ENTITIES as set forth herein.

15     25.     The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
16  and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in
17  conscious or reckless disregard and indifference to the safety, health, and rights of "exposed
18  persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive
19  damages against said defendants.

20         WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and
21  each of them, as hereinafter set forth.

22  ///
23  ///
24  ///
25
26
27
28

1

2

### SECOND CAUSE OF ACTION
(Products Liability - Survival)

3    PLAINTIFF GERALDINE HILT AS SUCCESSOR-IN-INTEREST TO THE

4  DECEDENT ROBERT HILT COMPLAINS OF DEFENDANT FOSTER WHEELER LLC

5  (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES,"AND

6  EACH OF THEM; EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT

7  CAUSE OF ACTION FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS

8  FOLLOWS:

9    26.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each

10  paragraph of the First Cause of Action herein.

11    27.    Defendants, their "alternate entities," and each of them, knew and intended that

12  the above-referenced asbestos and asbestos-containing products would be used by the purchaser

13  or user without inspection for defects therein or in any of their component parts and without

14  knowledge of the hazards involved in such use.

15    28.    Said asbestos and asbestos-containing products were defective and unsafe for their

16  intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

17  and/or death.  The defect existed in the said products at the time they left the possession of

18  defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

19  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

20  persons," including Decedent herein, while being used in a reasonably foreseeable manner,

21  thereby rendering the same defective, unsafe, and dangerous for use.

22    29.    "Exposed persons" did not know of the substantial danger of using said products.

23  Said dangers were not readily recognizable by "exposed persons."  Said defendants, their

24  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

25  which Decedent and others similarly situated were exposed.

26    30.    In researching, manufacturing, fabricating, designing, modifying, testing or failing

27  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

28  sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,

1  promoting, representing, endorsing servicing, installing, contracting for installation, repairing,
2  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
3  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
4  did so with conscious disregard for the safety of "exposed persons" who came in contact with
5  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
6  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
7  death resulting from exposure to asbestos or asbestos-containing products, including, but not
8  limited to, asbestosis, other lung damages, and cancer.  Said knowledge was obtained, in part,
9  from scientific studies performed by, at the request of, or with the assistance of, said defendants,
10  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
11  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

12      31.    On or before 1930, and thereafter, said defendants, their ALTERNATE
13  ENTITIES and each of them, were aware that members of the general public and other "exposed
14  persons," who would come in contact with their asbestos and asbestos-containing products, had
15  no knowledge or information indicating that asbestos or asbestos-containing products could
16  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
17  members of the general public and other "exposed persons," who came in contact with asbestos
18  and asbestos-containing products, would assume, and in fact did assume, that exposure to
19  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
20  hazardous to health and human life.

21      32.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
22  of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
23  lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
24  market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
25  asbestos-containing products without attempting to protect "exposed persons" from, or warn
26  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
27  asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or warn
28  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

1   asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
2   intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
3   and suppressed said knowledge from "exposed persons" and members of the general public, thus
4   impliedly representing to "exposed persons" and members of the general public that asbestos and
5   asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their
6   ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
7   representations with the knowledge of the falsity of said implied representations.

8         33.     The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
9   and each of them, was motivated by the financial interest of said defendants, their ALTERNATE
10  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
11  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
12  sale, inspection, installation, contracting for installation, repair, marketing, warranting,
13  rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise
14  directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing
15  products. In pursuance of said financial motivation, said defendants, their ALTERNATE
16  ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact
17  were consciously willing and intended to permit asbestos and asbestos-containing products to
18  cause injury to "exposed persons" and induced persons to work with and be exposed thereto,
19  including Decedent.

20        34.     Plaintiffs allege that the aforementioned defendants, their ALTERNATE
21  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
22  products, to be safe for their intended use, but that their asbestos and asbestos-containing
23  products, created an unreasonable risk of bodily harm to exposed persons.

24        35.     Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of
25  their representations, lack of warnings, and implied warranties of fitness of asbestos and their
26  asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Decedent
27  suffered permanent injury and death as alleged herein.

28  ///

1    36.    As a direct and proximate result of the actions and conduct outlined herein,

2    Decedent have suffered the injuries and damages herein alleged.

3    WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities", and

4    each of them, as hereinafter set forth.

5                          THIRD CAUSE OF ACTION
                           (Negligence - Wrongful Death)
6

7    PLAINTIFF GERALDINE HILT, AS WRONGFUL DEATH HEIR, AND AS

8    SUCCESSOR-IN-INTEREST TO ROBERT HILT DECEASED, AND PLAINTIFF(S)

9    KRISHNA TINDALL, SHERLYN HILT, KIMBERLY CRAWFORD, DARPHINE ROLAND

10   AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANT FOSTER WHEELER

11   LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND

12   EACH OF THEM; EACH FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE

13   OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

14   37.    Plaintiffs incorporate by reference each paragraph contained within the First

15   Cause of Action as though fully set forth herein.

16   38.    The heirs at law of the Decedent and their relationship to the Decedent is set forth

17   above.

18   39.    The individuals set forth as heirs constitute all of the surviving heirs of the

19   Decedent.

20   40.    As a direct and proximate result of the conduct of the defendants, their

21   ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-

22   containing products caused Decedent to develop diseases from which condition Decedent died.

23   Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of

24   filing the complaint.

25   41.    At all times prior to his death, Decedent was a faithful and dutiful spouse to the

26   surviving spouse.

27   42.    As a direct and proximate result of the conduct of defendants, and each of them,

28   and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss

K:\Injured\19749\FED\PLD\cmp fed (wd)-rev.wpd                12
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1 | of care, society, comfort, attention, services, and support of Decedent all to the damage of
2 | Decedent's heirs.

3 | 43.   As a further direct and proximate result of the conduct of defendants, and each of
4 | them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount
5 | currently not ascertained.

6 | WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as
7 | hereinafter set forth.

8 | FOURTH  CAUSE OF ACTION<br>(Products Liability - Wrongful Death)
9 |

10 | PLAINTIFF GERALDINE HILT, AS WRONGFUL DEATH HEIR, AND AS
11 | SUCCESSOR-IN-INTEREST TO ROBERT HILT DECEASED, AND PLAINTIFF(S)
12 | KRISHNA TINDALL, SHERLYN HILT, KIMBERLY CRAWFORD, DARPHINE ROLAND
13 | AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANT FOSTER WHEELER
14 | LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND
15 | EACH OF THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT
16 | CAUSE OF ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS
17 | FOLLOWS:

18 | 44.   Plaintiffs incorporate herein by reference, as though fully set forth herein, each
19 | paragraph of the First, Second and Third Causes of Action herein.

20 | 45.   As a direct and proximate result of the conduct of defendants, and each of them,
21 | Decedent's heirs have sustained the injuries and damages previously alleged.

22 | WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and
23 | each of them, as hereinafter set forth.

24 | **IV.**

25 | **DAMAGES AND PRAYER**

26 | WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and
27 | each of them in an amount to be proved at trial in each individual case, as follows:

28 | (a)   For plaintiffs' general damages according to proof;

1      (b)    For plaintiffs' loss of income, wages and earning potential according to proof;

2      (c)    For plaintiffs' medical and related expenses according to proof;

3      (d)    For plaintiffs' cost of suit herein;

4      (e)    For exemplary or punitive damages according to proof;

5      (f)    For damages for fraud according to proof; and

6      (g)    For such other and further relief as the Court may deem just and proper, including

7  costs and prejudgment interest.

8  Dated: 5/9/11                   BRAYTON❖PURCELL LLP

9

10                                    By: _____

11                                       David R. Donadio
                                   Attorneys for Plaintiffs

12

13                                  JURY DEMAND

14      Plaintiffs hereby demand trial by jury of all issues of this cause.

15

16  Dated: 5/9/11                   BRAYTON❖PURCELL LLP

17

18                                      By: _____

19                                       David R. Donadio
                                   Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1        EXHIBIT A

2  <u>Decedent</u>:  ROBERT HILT, Deceased.

3

4  <u>Decedent's injuries</u>:  Decedent was diagnosed with mesothelioma on or about January 2008.

5

6  Decedent died on August 21, 2010.

7

8  <u>Retirement Status</u>:  Decedent retired from his last place of employment as a result of becoming

9  disabled due to an injury not related to asbestos.  He had therefore suffered no disability from his

10  asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

11

12  <u>Defendants</u>:  Plaintiffs contend that the asbestos-containing products to which Decedent  was or

13  may have been exposed to were manufactured, supplied, distributed, installed and/or contracted

14  for by defendants and each of them.   Decedent's exposure to asbestos occurred at the following

15  times and places, and involved exposure to dust created by the contractors and the products of the

16  entities listed below.  The exposure includes, <u>but is not limited,</u> to the following presently known

17  contractors and the manufacturers and distributors of asbestos-containing products:

18

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Schlage Lock Company, 4580 Ensenada, BC, Mexico | Schlage Lock Company | Janitor | 10/1963-9/1965 |
| | Plant A - Old Plant, 2555 Bayshore Blvd., San Francisco, CA; | | |
| | Plant B - New Plant, 2401 Bayshore Blvd., San Francisco, CA; | | |
| | Plant C - Warehouse, 2201 Bayshore Blvd., San Francisco, CA | | |

27  ///

28  ///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | ALFRED A. CUNNINGHAM (DD-752) | | 1965-1972 |
| | ALLEN M. SUMNER (DD-692) | | 1965-1972 |
| | ATLANTA (CL-104) | | 1965-1970 |
| | BAYA (SS-318; AGSS-318) | | 1965-1972 |
| | BENNER (DD-807) | | 1965-1970 |
| | BENNINGTON CVA-20) | | 1965-1970 |
| | BONEFISH (SS-582) | | 1965-1972 |
| | BOYD (DD-544) | | 1965-1969 |
| | BRADLEY (DE-1041) | | 1965 (2-3 mos); 1966-1970 |
| | BUCHANAN (DDG-14) | | 1965-1972 |
| | BUCK (DD-761) | | 1965-1972 |
| | CAIMAN (SS-323) | | 1965-1971 |
| | CANBERRA (CAG-2) | | 1965-1970 |
| | CAPITAINE (AGSS-336) | | 1965-3/1966 |
| | CATFISH (SS-339) | | 1965-1970 |
| | CHARA (AE-31) | | 1966-3/1972 |
| | CHEVALIER (DD-805) | | 1965-1972 |
| | CHICAGO (CG-11) | | 1965-1972 |
| | COGSWELL (DD-651) | | 1965-10/1969 |
| | COMSTOCK (LSD-19) | | 1965-1972 |
| | CONSTELLATION (CVA-64) | | 1965 (3-6 months) |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | CORAL SEA (CVA-43) | | 1965-1972 |
| | COWELL (DD-547) | | 1965-8/1971 |
| | DECATUR (DDG-31) | | 1967-1972 |
| | DENNIS J. BUCKLEY (DDR-808) | | 1965-1972 |
| | EDSON (DD-946) | | 1965-1972 |
| | ELK RIVER (IX-501) | | 1971-1972 |
| | ENTERPRISE (CVAN-65; CVN-65) | | 1965-1972 |
| | EVERSOLE (DD-789) | | 1965-1972 |
| | FARRAGUT (DLG-6) | | 1965-1972 |
| | FLINT (T-AE-32) | | 1971-1972 |
| | FRANKLIN D. ROOSEVELT (CVA-42) | | 1971-1972 |
| | GENERAL EDGAR T. COLLINS (TAP-147) | | 1965-1968 |
| | GEORGE K. MACKENZIE (DD-836) | | 1971-1972 |
| | GOLDEN BEAR (1971) | | 1971-1972 |
| | GREENFISH (SS-351) | | 1965-1972 |
| | GRIDLEY (DLG-21) | | 1965-1972 |
| | GUDGEON (SS-567) | | 1965-1972 |
| | HALIBUT (SSGN-587) | | 1965-1972 |
| | HAMNER (DD-718) | | 1965-1972 |
| | HANCOCK (CVA-19) | | 1965-1972 |
| | HANSON (DD-832) | | 1965-1972 |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | HENRY B. WILSON (DDG-7; DD-957) | | 1965-1972 |
| | HIAWATHA (YTM-265) | | 1965-1972 |
| | HOPEWELL (DD-681) | | 1965-1972 |
| | HORNE (DLG-30; CG-30) | | 1965-1970 |
| | INDIA BEAR (1944) | | 1965-9/1970 |
| | IWO JIMA (LPH-2) | | 1965-1972 |
| | JOHN A. BOLE (DD-755) | | 1965-11/1970 |
| | JOHN S. MCCAIN (DDG-36) | | 1965-1972 |
| | KANSAS CITY (AOR-3) | | 1970-1972 |
| | KITTY HAWK (CVA-63) | | 1965-1972 |
| | KLONDIKE (AR-22) | | 1965-1972 |
| | LONG BEACH (CGN-9) | | 1965-1972 |
| | MADDOX (DD-731) | | 1965-1972 |
| | MANSFIELD (DD-728) | | 1965-1971 |
| | MAUNA KEA (AE-22) | | 1965-1972 |
| | MCKEAN (DD-784) | | 1965-1972 |
| | MENHADEN (SS-377) | | 1965-8/1971 |
| | MIDWAY (CVA-41) | | 1965-1972 |
| | MOUNT BAKER (T-AE-34) | | 1971-1972 |
| | MOUNT HOOD (AE-29) | | 1968-1972 |
| | MOUNT KATMAI (AE-16) | | 1965-1972 |

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | MOUNT VERNON (LSD - 39) | | 1971-1972 |
| | MULLANY (DD-528) | | 1965-10/1971 |
| | NEREUS (AS-17) | | 1965-1972 |
| | OKLAHOMA CITY (CLG-5; CG-5) | | 1965-1972 |
| | ORISKANY (CVA-34) | | 1965-1972 |
| | PARICUTIN (AE-18) | | 1965-1972 |
| | PAUL REVERE (APA-248; LPA-248) | | 1965-1972 |
| | PERKINS (DD-877; DDR-877) | | 1965-1972 |
| | PICKING (DD-685) | | 1965-9/1969 |
| | PIEDMONT (AD-17) | | 1965-1972 |
| | POINT CRUZ (CVE-119) | | 1965-1971 |
| | POLARIS (AF-11) | | 1965 (3 months); 1966-1970 |
| | POMODON (SS-486) | | 1965-1970 |
| | PREBLE (DLG-15) | | 1965-1972 |
| | PROCYON (AF-61) | | 1965-1972 |
| | PROTEUS (AS-19; IX-518) | | 1965-1972 |
| | PROVIDENCE (CLG-6) | | 1965-1972 |
| | PYRO (AE-24) | | 1965-1972 |
| | RANGER (CVA-61; CV-61) | | 1965-1972 |

///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | RAZORBACK (SS-394) | | 1965-1972 |
| | REGULUS (AF-57) | | 1965-1971 |
| | RICHARD B. ANDERSON (DD-786) | | 1965-1972 |
| | RICHARD S. EDWARDS (DD-950) | | 1965-1972 |
| | RICHMOND K TURNER (DLG-20) | | 1965-1972 |
| | ROBISON (DDG-12) | | 1965-1972 |
| | ROGERS (DD-876; DDR-876) | | 1965-1971 |
| | ROWAN (DD-782) | | 1965-1972 |
| | SABALO (SS-302) | | 1965-1972 |
| | SAILFISH (SS-572) | | 1965-1972 |
| | ST. FRANCIS RIVER (LSMR-525) | | 1965-1972 |
| | SAMUEL GOMPERS (AD-37) | | 1967-1972 |
| | SAN JOSE (AFS-7) | | 1970-1972 |
| | SANCTUARY (AH-17) | | 1965-1972 |
| | SANTA MARIA (1952) | | 1965-1972 |
| | LAMPREY (SS-372) | | 1971-1972 |
| | SEA FOX (SS-402) | | 1965-1970 |
| | SEA LIFT (T-LSV-9) | | 1965-1972 |
| | SEA WOLF (SSN-575) | | 1965-1972 |
| | SHIELDS (DD-596) | | 1965-1972 |

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA (cont'd) | Hunters Point Naval Shipyard, San Francisco, CA | Laborer | 1965 |
| | | Marine Machinist (Helper) | 1966-1972 |
| | SOMERS (DD-947; DDG-34) | | 1965-1972 |
| | SPINAX (SS-489; SSR-489) | | 1965-1969 |
| | STODDARD (DD-566) | | 1965-1969 |
| | TAUSSIG (DD-746) | | 1965-1970 |
| | TIRU (SS-416) | | 1965-1972 |
| | TOPEKA (CLG-8) | | 1965-1968 |
| | TOWERS (DDG-9) | | 1965-1972 |
| | TRIGGER (SS-564) | | 1965-1972 |
| | TRIPOLI (LPH-10) | | 1966-1972 |
| | TULARE (AKA-112) | | 1965-1972 |
| | TURNER (DDR-834) | | 1965-1970 |
| | TURNER JOY (DD-951) | | 1965-1970 |
| | TWINING (DD-540) | | 1965-1971 |
| | VEGA (AF-59) | | 1965-1972 |
| | VOLADOR (SS-490) | | 1965-1972 |
| | WADDELL (DDG-24) | | 1965-1972 |
| | WHEELING (T-AGM-8) | | 1965-1972 |
| | WHITE PLAINS (AFS-4) | | 1966-1972 |
| | WICHITA (AOR-1) | | 1969-1972 |
| | YD-33 | | 1965-1972 |
| | ZELIMA (AF-49) | | 1965-1969 |

///

///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Naval Air Station, Alameda, CA | Naval Air Station, Alameda, CA | Marine Machinist | Late 1960's to early 1970's |
| | CORAL SEA (CVA-43) | | |
| | ENTERPRISE (CVAN-65; CVN-65) | | |
| | HANCOCK (CVA-19) | | |
| | MIDWAY ( CVA-41) | | |
| | RANGER (CVA-61; CV-61) | | |
| | ANDREW JACKSON (SSBN –619) | | |
| | ABRAHAM LINCOLN (SSBN-602) | | |
| | BLACKFIN (SS-322) | | |
| | BONEFISH (SS-582) | | |
| | DOLPHIN (AGSS-555) | | |
| | DRUM (SS-677) | | |
| | FINBACK (SSN-670) | | |
| | GEORGE WASHINGTON (SSN-598) | | |
| | GRAYBACK (SSG-574; LPSS-574; SS-574) | | |
| | GUITARRO (SSN-665) | | |
| | HALIBUT (SSGN-587) | | |
| | POLLACK (SSN-603) | | |
| Mare Island Naval Ship Yard, Vallejo, CA | Mare Island Naval Ship Yard, Vallejo, CA | Marine Machinist | 1970-1972 (1 year) |
| | ROBERT E. LEE (SSBN-601) | | |
| | SHARK (SSN-591) | | |

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Ship Yard, Vallejo, CA (cont'd) | Mare Island Naval Ship Yard, Vallejo, CA | Marine Machinist | 1970-1972 (1 year) |
| | STONEWALL JACKSON (SSBN-634) | | |
| | STURGEON (SSN-637) | | |
| | SWORDFISH (SSN-579) | | |
| | THOMAS JEFFERSON (SSBN-618) | | |
| | ULYSSES S. GRANT (SSBN-631) | | |
| United States Mint 155 Hermann St. San Francisco, CA | United States Mint 155 Hermann St. San Francisco, CA | Machinist | 1972-2005 |
| Robert Hilt, Self employed | Residences of Robert Hilt | Travel Agent | 1982; 1997; 1999; 2005 |

NON-OCCUPATIONAL EXPOSURE:

HOME REMODEL:
In early to mid 1970's decedent repaired holes in some sheetrock walls at his previous home located at 1086 Seascape Circle, Rodeo, California. Decedent applied and sanded asbestos-containing GOLD BOND (ASBESTOS CLAIMS MANAGEMENT CORPORATION) joint compound to patch and smooth out the holes in the walls. This joint compound came in a dry powder. Decedent mixed, applied, sanded and cleaned up the dust from this material.

AUTOMOBILE REPAIR:
Decedent worked on various personal vehicles. Decedent purchased asbestos-containing FELPRO (FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO.) gasket kits for engine work. Decedent was assisted on some of these brake jobs by Horace Owens, Vallejo, California, and Sherlyn Hilt, Vallejo, California. Decedent worked on the following vehicle:

   1963 VOLVO - Decedent purchased this vehicle used in the 1960s. Decedent performed engine work on this vehicle and removed the original engine.