ASBESTOS

# U.S. District Court
# Western District of North Carolina (Asheville)
# CIVIL DOCKET FOR CASE #: 1:11–cv–00119–MR
# *Internal Use Only*

| | |
|---|---|
| Wagers v. SGL Carbon, LLC | Date Filed: 05/18/2011 |
| Assigned to: District Judge Martin Reidinger | Jury Demand: Both |
| Case in other court:  Pennsylvania Eastern, 2:10–cv–02916 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity–Personal Injury | Jurisdiction: Diversity |

**Plaintiff**

**Patricia F. Wagers**
*Individually and as Personal
Representative of the Estate of Deceased
other*
Dutt Wagers, Jr.

represented by **Carrie B. Waters**
Waters Kraus, LLP
3219 McKinney Ave.
Dallas, TX 75204
214–357–6244
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**George G. Tankard , III**
Waters &Kraus
315 N Charles St.
Baltimore, MD 21201
410–528–1153
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SGL Carbon, LLC**

represented by **Michael Gray Gibson**
Dean &Gibson, LLP
301 S. McDowell St. – Suite 900
Charlotte, NC 28204
704–372–2700
Fax: 704–372–1804
Email: mgibson@deanandgibson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amy Church Drayton**
Dean and Gibson
301 S. McDowell Suite 900
Charlotte, NC 28204
704–372–2700
Fax: 704–372–1804
Email: adrayton@deanandgibson.com

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/17/2010 | 1 | 10 | COMPLAINT against SGL CARBON, LLC ( Filing fee $ 350 receipt number PPE024909.), filed by PATRICIA F. WAGERS.(cw, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 06/18/2010) |
| 06/17/2010 | | | Summons Issued as to SGL CARBON, LLC. One Forwarded To: Counsel on 6/18/10 (cw, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 06/18/2010) |
| 06/17/2010 | | | DEMAND for Trial by Jury by PATRICIA F. WAGERS. (cw, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 06/18/2010) |
| 06/17/2010 | | | (Court only) ***Set/Clear Flags Set Flag Asbestos Case Management Track (cw, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 06/18/2010) |
| 06/29/2010 | 2 | | NOTICE of Appearance by CARRIE B. WATERS on behalf of PATRICIA F. WAGERS with Certificate of Service(WATERS, CARRIE) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 06/29/2010) |
| 06/30/2010 | 3 | | SCHEDULING ORDER: STATUS CONFERENCE SET FOR 4/5/2011 09:00 AM IN COURTROOM BEFORE HONORABLE EDUARDO C. ROBRENO. DISCOVERY DUE BY 10/16/2010. MOTIONS DUE BY 2/13/2011.. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 6/21/10. 6/30/10 ENTERED E–MAILED.(jaa, ) Modified on 7/1/2010 (jaa, ). [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 06/30/2010) |
| 06/30/2010 | | | (Court only) ***Deadlines terminated., ( MOTIONS DUE BY 2/13/2011., STATUS CONFERENCE SET FOR 4/5/2011 09:00 AM IN COURTROOM BEFORE HONORABLE EDUARDO C. ROBRENO.) (jaa, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 07/01/2010) |
| 08/13/2010 | 4 | | NOTICE of Appearance by MICHAEL G. GIBSON on behalf of SGL CARBON, LLC with Certificate of Service(GIBSON, MICHAEL) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 08/13/2010) |
| 08/13/2010 | 5 | | NOTICE of Appearance by AMY C. DRAYTON on behalf of SGL CARBON, LLC with Certificate of Service(DRAYTON, AMY) [Transferred from |

| | | | |
|---|---|---|---|
| | | | Pennsylvania Eastern on 5/18/2011.] (Entered: 08/13/2010) |
| 09/08/2010 | 6 | | ANSWER to 1 Complaint by SGL CARBON, LLC.(DRAYTON, AMY) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 09/08/2010) |
| 09/10/2010 | 7 | | Disclosure Statement Form pursuant to FRCP 7.1 including SGL CARBON Beteiligung GmbH with Certificate of Service by SGL CARBON, LLC.(DRAYTON, AMY) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 09/10/2010) |
| 09/17/2010 | 8 | | STIPULATION *FOR EXTENDING DISCOVERY AND EXPERT REPORT DEADLINES ONLY* by PATRICIA F. WAGERS. (Attachments: # 1 Text of Proposed Order Proposed Order)(WATERS, CARRIE) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 09/17/2010) |
| 10/29/2010 | 9 | | STIPULATION *For Extending Discovery and Expert Report Deadlines Only* by SGL CARBON, LLC. (DRAYTON, AMY) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 10/29/2010) |
| 10/29/2010 | 10 | | Proposed Pretrial Order by SGL CARBON, LLC. (DRAYTON, AMY) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 10/29/2010) |
| 01/14/2011 | | | (Court only) ***Set/Clear Flags Set Flag NC–M per the request of chambers. (tjd) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 01/14/2011) |
| 02/08/2011 | 11 | | STIPULATION AND ORDER THAT ALL DISCOVERY MUST BE COMPLETED BY 2/1/11. ANY DISPOSITIVE MOTIONS MUST BE FILED BY 2/13/11. A STATUS CONFERENCE WILL BE HELD ON 4/5/11 AT 9:00 AM IN COURTROOM 11A. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 2/4/11. 2/8/11 ENTERED AND COPIES E–MAILED.(mbh, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 02/08/2011) |
| 02/11/2011 | 12 | | MOTION for Summary Judgment filed by SGL CARBON, LLC.Memorandum. (Attachments: # 1 Memorandum of Law In Support of Motion for Summary Judgment, # 2 Index of Exhibits, # 3 Exhibit 1 – Video Depo Transcript of Dutt Wagers, II, # 4 Exhibit 2 – Affidavit of Charlie Conner, # 5 Exhibit 3 – Contract Between SGL and Siding, Inc., # 6 Exhibit 4 – Discovery Depo Transcript Vol. II of Dutt Wagers, II, # 7 Exhibit 5 – Wagers v. Bowater et. al. Complaint Filed In Mecklenburg County, North Carolina, Case No.: 07–CVS–2255, # 8 Exhibit 6 – Plaintiff's 2007 Voluntary Dismissal Against |

| | | | |
|---|---|---|---|
| | | | All Defendants In North Carolina State Action, #9 Exhibit 7 – Wagers v. Bowater, et. al. Complaint Filed in Greenville, South Carolina Case No.: 2008–CP–23–1082, #10 Exhibit 8 – Hearing Transcript Documenting Stipulation Dismissal in South Carolina State Action, #11 Exhibit 9 – Plaintiff's Complaint, Wagers v. SGL Carbon, LLC Filed In Eastern District of Pennsylvania, MDL 875, #12 Exhibit 10 – Discovery Depo Transcript Vol I of Dutt Wagers, II, #13 Exhibit 11 – Video Depo Transcript of Robert Dillard, #14 Exhibit 12 – Discovery Depo Transcript of John Spearman, #15 Exhibit 13 – Video Depo Transcript of Charlie Conner, SGL's Designated 30(b)(6) Representative, #16 Exhibit 14 – Video Depo Transcript of John Spearman, #17 Exhibit 15 – Depo Transcript of David A. Schwartz, M.D., #18 Text of Proposed Order Proposed Order)(DRAYTON, AMY) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 02/11/2011) |
| 02/14/2011 | 13 | | MOTION for Partial Summary Judgment *ON DEFENDANT SGL CARBON, LLCS ALLEGED DEFENSES TO ALL CAUSES OF ACTION* filed by PATRICIA F. WAGERS.Plaintiff's Motion for Partial Summary Judgment on Defendant SGL Carbon, LLC's Alleged Defenses to All Causes of Action and Certificate of Service. (Attachments: #1 Supplement Plaintiff's Memorandum in Support of Her Motion for Partial Summary Judgment on Defendant's Alleged Defenses to All Causes of Action, #2 Exhibit Exhibit A, #3 Exhibit Exhibit B, #4 Exhibit Exhibit C, #5 Exhibit Exhibit D, #6 Exhibit Exhibit E, #7 Exhibit Exhibit F, #8 Exhibit Exhibit G, #9 Exhibit Exhibit H, #10 Exhibit Exhibit I, #11 Exhibit Exhibit J, #12 Exhibit Exhibit K – Part I, #13 Exhibit Exhibit K – Part 2, #14 Exhibit Exhibit K – Part 3, #15 Text of Proposed Order Proposed Order)(WATERS, CARRIE) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 02/14/2011) |
| 02/23/2011 | | | (Court only) ***Set/Clear Flags Cleared Flag NC–M (mc, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 02/23/2011) |
| 03/07/2011 | 14 | | MOTION to Exclude *Defendant SGL Carbon, LLCs Fact and Expert Witness Testimony, Exclude Defendants Undisclosed Documents from use at trial, and Compel Discovery from Defendant* filed by PATRICIA F. WAGERS.Certificate of Service. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F, #7 Exhibit G, #8 Exhibit H, #9 Errata I)(WATERS, CARRIE) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 03/07/2011) |

| | | | |
|---|---|---|---|
| 03/08/2011 | <u>15</u> | | ORDER THAT HEARINGS ON ALL PENDING OPPOSED DISPOSITIVE MOTIONS, INCLUDING MOTIONS FOR SUMMARY JUDGEMENT, IN THE CASES LISTED IN EXHIBIT "A", ATTACHED, WILL BE HELD ON 4/5/11 AT 10:00AM IN COURTROOM 11A.. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 3/7/11. 3/8/11 ENTERED AND COPIES MAILED, E–MAILED.(dp, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 03/08/2011) |
| 03/11/2011 | <u>16</u> | | RESPONSE in Opposition re <u>13</u> MOTION for Partial Summary Judgment *ON DEFENDANT SGL CARBON, LLCS ALLEGED DEFENSES TO ALL CAUSES OF ACTION* filed by SGL CARBON, LLC. (Attachments: # <u>1</u> Index of Exhibits, # <u>2</u> Exhibit 1 – N.C.P.I – Civil 104.10 NC Standard Jury Instruction on Contributory Negligence, # <u>3</u> Exhibit 2 – Discovery Depo Vol. I of Dutt Wagers, II, dated March 5, 2007, # <u>4</u> Exhibit 3 – Discovery Deposition of John Spearman, dated October 4, 2010, # <u>5</u> Exhibit 4 – Deposition of Charlie Conner, SGL's 30(b)(6) Corp Representative, dated January 31, 2011, # <u>6</u> Exhibit 5 – Videotaped Telephonic Deposition of Dutt Wagers, II, dated March 6, 2007, # <u>7</u> Exhibit 6 – Videotaped Deposition of Robert L. Dillard, dated October 5, 2010, # <u>8</u> Exhibit 7 – Expert Report of MIchael C. Reis, served on February 11, 2011, # <u>9</u> Exhibit 8 – Affidavit of Charles Blakinger, dated October 3, 2007, # <u>10</u> Exhibit 9 – Affidavit of Eddie Tolliver, dated September 26, 2007, # <u>11</u> Exhibit 10 – Affidavit of Hollis Jonas Brown, dated September 28, 2007, # <u>12</u> Exhibit 11 – Affidavit of Bill Eberle, dated January 7, 2010, # <u>13</u> Exhibit 12 – Affidavit of James Thrash, dated February 4, 2011, # <u>14</u> Exhibit 13 – Specifications for Building #24 – 2 Bay Extension, SGL0026–SGL0028, Section IV, dated May 17, 1976, # <u>15</u> Exhibit 14 – Steven Paskal Deposition, dated August 29, 2007, # <u>16</u> Text of Proposed Order)(DRAYTON, AMY) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 03/11/2011) |
| 03/11/2011 | <u>17</u> | | RESPONSE in Opposition re <u>12</u> MOTION for Summary Judgment filed by PATRICIA F. WAGERS. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5 – Part 1, # <u>6</u> Exhibit 5 – Part 2, # <u>7</u> Exhibit 6, # <u>8</u> Exhibit 7, # <u>9</u> Exhibit 8, # <u>10</u> Exhibit 9, # <u>11</u> Exhibit 10, # <u>12</u> Exhibit 11, # <u>13</u> Exhibit 12, # <u>14</u> Exhibit 13, # <u>15</u> Exhibit 14, # <u>16</u> Exhibit 15, # <u>17</u> Exhibit 16, # <u>18</u> Exhibit 17, # <u>19</u> Exhibit 18, # <u>20</u> Exhibit 19, # <u>21</u> Exhibit 20, # <u>22</u> Exhibit 21, # <u>23</u> Exhibit 22, # <u>24</u> Exhibit 23, # <u>25</u> Exhibit 24, # <u>26</u> Exhibit 25, # <u>27</u> Exhibit 26, # <u>28</u> Exhibit 27, # <u>29</u> Exhibit 28)(WATERS, CARRIE) [Transferred from Pennsylvania Eastern on 5/18/2011.] |

| | | | (Entered: 03/11/2011) |
|---|---|---|---|
| 03/21/2011 | 18 | | RESPONSE in Opposition re 14 MOTION to Exclude *Defendant SGL Carbon, LLCs Fact and Expert Witness Testimony, Exclude Defendants Undisclosed Documents from use at trial, and Compel Discovery from Defendant* filed by SGL CARBON, LLC. (Attachments: # 1 Index to Exhibits, # 2 Exhibit 1 – Electronic Correspondence from SGLs Counsel to Counsel for the Plaintiff dated January 14, 2011, # 3 Exhibit 2–Part 1 – Plaintiffs First Amended Exhibit List, # 4 Exhibit 2–Part 2 – Plaintiffs First Amended Exhibit List, # 5 Exhibit 3 – Defendant SGLs Amended 26(a) disclosures, # 6 Exhibit 4 – Defendant SGLs Witness List, # 7 Exhibit 5 – Deposition Transcript of Charlie Conner, # 8 Exhibit 6 – March 4, 2011 Correspondence from SGL Counsel to Plaintiffs Counsel, # 9 Exhibit 7 – Electronic Correspondence from Plaintiffs Counsel and Judge Hill in Greenville, South Carolina, dated March 11, 2011, # 10 Exhibit 8 – Plaintiffs First Set of Interrogatories and Request for Production of Documents to Defendant, # 11 Exhibit 9 – Deposition Transcript of Dutt Wagers, II – Vol. II, # 12 Exhibit 10 – SGLs First Supplemental Responses to Plaintiffs First Set of Interrogatories and Request for Production of Documents (documents produced have been omitted from this brief for brevity), # 13 Text of Proposed Order)(DRAYTON, AMY) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 03/21/2011) |
| 03/25/2011 | 19 | | REPLY to Response to Motion re 12 MOTION for Summary Judgment filed by SGL CARBON, LLC. (Attachments: # 1 Index to Exhibits of Defendant SGL Carbon, LLCs Reply Memorandum of Law in Response to Plaintiffs Opposition to Defendant SGL Carbon, LLCs, # 2 Exhibit 1 – Deposition of Charlie Conner, dated January 31, 2011, # 3 Exhibit 2 – Affidavit of Charlie Conner, SGLs Corporate Representative, dated February 4, 2011, # 4 Exhibit 3 – Subcontract Agreement Between Siding, Inc. and SGL, SGL0015 SGL0028, # 5 Exhibit 4 – Change Order #1 to Purchase Order MT–71486 originally written on July 28, 1976, SGL008–13, # 6 Exhibit 5 – Dutt Wagers, II, portions of deposition transcript, Volume I, # 7 Exhibit 6 – John Spearman, portions of discovery deposition transcript, # 8 Exhibit 7 – SGLs Purchase of Corrugated Transite from Siding, Inc., SGL0037 &SGL0039, # 9 Exhibit 8 – Johns–Manville booklet on Corrugated Transite, SGL0099–106)(DRAYTON, AMY) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 03/25/2011) |
| 03/25/2011 | 20 | | REPLY to Response to Motion re 13 MOTION for Partial Summary Judgment *ON DEFENDANT SGL CARBON,* |

| | | | |
|---|---|---|---|
| | | | *LLCS ALLEGED DEFENSES TO ALL CAUSES OF ACTION PLAINTIFFS REPLY IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARYJUDGMENT ON DEFENDANT SGL CARBON, LLCS ALLEGED DEFENSES TO ALL CAUSES OF ACTION* filed by PATRICIA F. WAGERS. (Attachments: #_1_ Exhibit A, #_2_ Exhibit B, #_3_ Exhibit C–Part 1, #_4_ Exhibit C–Part 2, #_5_ Exhibit C–Part 3, #_6_ Exhibit C–Part 4, #_7_ Exhibit C–Part 5, #_8_ Exhibit C–Part 6, #_9_ Exhibit C–Part 7, #_10_ Exhibit C–Part 8, #_11_ Exhibit C–Part 9, #_12_ Exhibit D, #_13_ Exhibit E–Part 1, #_14_ Exhibit E–Part 2, #_15_ Exhibit E–Part 3, #_16_ Exhibit E–Part 4, #_17_ Exhibit F, #_18_ Exhibit G, #_19_ Exhibit H–Part 1, #_20_ Exhibit H–Part 2, #_21_ Exhibit H–Part 3)(WATERS, CARRIE) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 03/25/2011) |
| 03/29/2011 | 21 | | ORDER THAT PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT SGL CARBON, LLC'S FACT AND EXPERT WITNESS TESTIMONY AND TO EXCLUDE DEFENDANT'S UNDISCLOSED DOCUMENTS FROM USE AT TRIAL IS DENIED. IT IS FURTHER ORDERED THAT PLAINTIFF'S MOTION TO COMPEL IS GRANTED IN PART. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 3/28/11.3/30/11 ENTERED AND COPIES E–MAILED.(mbh, ). [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 03/30/2011) |
| 03/31/2011 | 22 | | REPLY to Response to Motion re _13_ MOTION for Partial Summary Judgment *ON DEFENDANT SGL CARBON, LLCS ALLEGED DEFENSES TO ALL CAUSES OF ACTION* filed by PATRICIA F. WAGERS. (Attachments: #_1_ Exhibit Exhibit A, #_2_ Exhibit Exhibit B, #_3_ Exhibit Exhibit C – Part 1, #_4_ Exhibit Exhibit C – Part 2, #_5_ Exhibit Exhibit C – Part 3, #_6_ Exhibit Exhibit C – Part 4, #_7_ Exhibit Exhibit C – Part 5, #_8_ Exhibit Exhibit C – Part 6, #_9_ Exhibit Exhibit C – Part 7, #_10_ Exhibit Exhibit C – Part 8, #_11_ Exhibit Exhibit C – Part 9, #_12_ Exhibit Exhibit D, #_13_ Exhibit Exhibit E – Part 1, #_14_ Exhibit Exhibit E – Part 2, #_15_ Exhibit Exhibit E – Part 3, #_16_ Exhibit Exhibit E – Part 4, #_17_ Exhibit Exhibit F, #_18_ Exhibit Exhibit G, #_19_ Exhibit Exhibit H – Part 1, #_20_ Exhibit Exhibit H – Part 2, #_21_ Exhibit Exhibit H – Part 3)(WATERS, CARRIE) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 03/31/2011) |
| 04/07/2011 | 23 | | MEMORANDUM AND/OR OPINION. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 4/6/11. 4/8/11 ENTERED AND COPIES E–MAILED.(mbh, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 04/08/2011) |

| | | | |
|---|---|---|---|
| 04/07/2011 | 24 | | ORDER THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS DENIED. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 4/6/11. 4/8/11 ENTERED AND COPIES E–MAILED.(mbh, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 04/08/2011) |
| 04/08/2011 | 25 | | ORDERED THAT THE MOTION FOR PARTIAL SUMMARY JUDGMENT OF PLAINTIFF FILED ON 2/14/2011 IS GRANTED IN PART AND DENIED IN PART. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 4/6/2011. 4/11/2011 ENTERED AND COPIES E–MAILED.(sg, ) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 04/11/2011) |
| 04/20/2011 | 26 | | MOTION to Transfer *and Memorandum of Law in Support of Defendant's Motion to Transfer* filed by SGL CARBON, LLC.Memorandum. (Attachments: # 1 Index to Exhibits, # 2 Exhibit 1 – Videotaped Deposition of Dutt Wagers, # 3 Exhibit 2 – NC State Court Complaint, # 4 Exhibit 3 – Plaintiff's 2007 Voluntary Dismissal, # 5 Exhibit 4 – South Carolina Complaint, # 6 Exhibit 5 – Sout Carolina State Court Stipulation Dismissal, # 7 Exhibit 6 – Email Correspondence 2/8/2011, # 8 Exhibit 7 – Plaintiff's Complaint Eastern District of Pennsylvania, # 9 Exhibit 8 – SGL's Amended 26(a) Disclosures, # 10 Exhibit 9 – Brief in Support of SGL's Motion to Dismiss in South Carolina, # 11 Exhibit 10 – Discovery Depo Volume II Dutt Wagers)(DRAYTON, AMY) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 04/20/2011) |
| 04/28/2011 | 27 | | RESPONSE to Motion re 26 MOTION to Transfer *and Memorandum of Law in Support of Defendant's Motion to Transfer* filed by PATRICIA F. WAGERS. (WATERS, CARRIE) [Transferred from Pennsylvania Eastern on 5/18/2011.] (Entered: 04/28/2011) |
| 05/16/2011 | 28 | 33 | ORDER THAT DEFENDANT'S UNOPPOSED MOTION TO TRANSFER IS GRANTED. IT IS FURTHER ORDERED THAT THIS CASE BE TRANSFERRED TO THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA. IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA SHALL NOTIFY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION THAT THIS CASE HAS BEEN TRANSFERRED TO THE WESTERN DISTRICT OF NORTH CAROLINA. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 5/16/11. 5/17/11 ENTERED AND COPIES MAILED, E–MAILED.(mbh, ) [Transferred from Pennsylvania |

| | | | |
|---|---|---|---|
| | | | Eastern on 5/18/2011.] (Entered: 05/17/2011) |
| 05/18/2011 | <u>29</u> | | Case transferred in from District of Pennsylvania Eastern; Case Number 2:10–cv–02916. Original electronic file and docket sheet received. (Entered: 05/18/2011) |
| 05/18/2011 | | | Case assigned to District Judge Martin Reidinger. Notice: You must click this link to retrieve the **Case Assignment Packet**. *This is your only notice – you will not receive a separate document.*(com) (Entered: 05/18/2011) |
| 05/18/2011 | | | Notice to Carrie B. Waters and George G. Tankard, III: Pursuant to Local Rule 83.1 you are required to **Register** for ECF at www.ncwd.uscourts.gov, and **File** a motion pro hac vice. Deadline by 5/31/2011. (com) (Entered: 05/18/2011) |
| 05/18/2011 | | 35 | In Re: Asbestos Products Liability Litigation – MDL #875. Notice to Clerk of MDL Panel of tag–along case. (Copy of Order of Transfer to WDNC from EDPA, Complaint filed in EDPA, and WDNC docket sheet emailed to the Panel) (ejb) NEF Regenerated on 5/18/2011 to Pltf's Attys. George Tankard and Carrie Waters (ejb). (Entered: 05/18/2011) |
| 05/18/2011 | <u>30</u> | | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos–Related Litigation, WDCP–83–1. Signed by Clerk, Frank G. Johns on 5/18/11. (ejb)** (Entered: 05/18/2011) |
| 05/18/2011 | | | (Court only) ***Set Flag – ASBESTOS (ejb) (Entered: 05/18/2011) |





# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY )
LITIGATION (NO. VI) )
            )    **MDL DOCKET NO. 875**
            )
PATRICIA F. WAGERS, Individually and as )
Personal Representative of the Estate of )
DUTT WAGERS, JR., Deceased, )    **CASE NO. _____**
            )
      **Plaintiff,** )
            )    **JURY TRIAL REQUESTED**
     **vs.** )
            )
SGL CARBON, LLC, a Nevada Corporation )
            )
      **Defendant.** )

## CIVIL ACTION COMPLAINT

    NOW COMES the Plaintiff, PATRICIA F. WAGERS, individually and as

Personal Representative of the Heirs and the Estate of DUTT WAGERS, JR,

Deceased citizen and resident of Tennessee, and sues the Defendant and

alleges as follows:

    1.   (a)   Jurisdiction is founded on diversity of citizenship and the

matter in controversy exceeds, exclusive of interest and costs, the sum of

Seventy-Five Thousand Dollars ($75,000.00). As is evidenced by the caption of

the instant Complaint which is specifically incorporated herein, the Defendant is a

corporation incorporated under the laws of Nevada as stated in said caption and

having its principal places of business in a state other than Nevada and which is

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint        | 1

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 1 of 23   USCA4 10

amenable to jurisdiction in the Courts of North Carolina by virtue of its respective contacts with the State of North Carolina and/or its respective conduct of substantial and/or systematic business in North Carolina which subjects it to the jurisdiction of North Carolina.   At times relevant hereto, Defendant foreign corporation and/or its predecessors manufactured, processed, produced, supplied, provided, distributed, disturbed and/or utilized substantial amounts of asbestos and asbestos-containing materials which were sold, distributed and used in North Carolina.

(b)     Schedule A attached hereto identifies the asbestos exposed individual and at least one doctor who diagnosed the Decedent with an asbestos-related disease.

## FOR A FIRST CAUSE OF ACTION - NEGLIGENCE

2.     Defendant SGL CARBON LLC is a corporation duly organized and existing under the laws of the State of Nevada which was or is currently doing business within the State of North Carolina.   At all times material hereto, Defendant SGL CARBON LLC purchased, utilized, distributed, specified or required asbestos products mined, manufactured, produced, distributed, and/or sold asbestos products, so that these materials were caused to be used on Decedent, Dutt Wagers, Jr.'s, job sites.

3.     The employment history of the Decedent is attached here as Schedule B.   Decedent's exposure was a proximate cause of his contraction of an asbestos-related disease, namely Mesothelioma.

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint                          | 2

4.      Decedent, Dutt Wagers, Jr., worked at premises owned by SGL CARBON LLC ("Premises Defendant") at which he was exposed to asbestos products and dust from asbestos products.

5.      While present at premises owned by the Defendant, Decedent, Dutt Wagers, Jr., was continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by the Defendant who had the responsibility for such.

6.      Plaintiff would further show that Decedent's injuries, diseases and/or death were the result of intentional acts, omissions, negligence and gross negligence in the use of asbestos at premises owned by the Defendant.   The Defendant failed to properly abate said asbestos at these facilities during the time Decedent was working there.

7.      Plaintiff would show that the Defendant was negligent, grossly negligent, and committed certain intentional acts, all of which were the proximate cause of the disease and injuries resulting in mesothelioma from exposure to asbestos.

8.      In particular, Plaintiff would show that the Defendant demonstrated such an entire want of care as to establish that its acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of the Decedent, and that such intentional acts and omissions proximately caused Decedent's injuries, diseases and death.

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint                    | 3

9.     Specific intentional acts and acts constituting negligence and gross negligence committed by the Defendant that proximately caused Decedent's injuries, disease and death include:

(a)     Failure to provide safe equipment for Decedent to use;

(b)     Failure to provide adequate safety measures and protection against deadly and life-threatening asbestos dust, all despite the Defendant's knowledge of the extreme risk of harm inherent to asbestos exposure;

(c)     Failure to adequately warn Decedent of the inherent dangers of asbestos contamination;

(d)     Failure to maintain the ambient and environmental conditions of the premises in proper and safe condition;

(e)     Failure to follow and adhere to various states and U.S. Government statutes, regulations, and guidelines pertaining to asbestos and the exposure to asbestos of individuals. Such failure constituted negligence per se at a minimum.

10.     Plaintiff would further show that the Defendant intentionally, knowingly, and negligently failed to ensure that individuals, such as Decedent, Dutt Wagers, Jr., were protected from the inhalation of asbestos and asbestos fibers.   Such actions rose to the level of gross negligence and proximately caused Decedent's injuries, illness and death.

11.     Additionally, specific actions or omissions on the part of the Defendant that proximately caused Decedent's injuries, illness and death were:

(a)     Attempting to remove asbestos dust in Decedent's workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint           P a g e  | 4

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 4 of 23       USCA4 13

(b)   Failing to provide proper protective gear for individuals exposed to asbestos;

(c)   Failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

(d)   Failing to provide a proper and safe method for the use of asbestos and asbestos fibers;

(e)   Failing to adhere to industry safe standards and other established measures to protect workers from harm;

(f)   Failing to adequately warn of the extreme risk of danger of inherent to asbestos exposure; and

(g)   The Defendant demonstrated such an entire want of care as to establish that its acts and omissions alleged above were the result of actual conscious indifference to the rights, safety, and welfare of Decedent.

12.   Defendant SGL CARBON LLC, or its predecessors, purchased utilized, specified, required and/or distributed, said asbestos and asbestos products to which the Decedent was exposed during his work career as described herein in Paragraph 3 and/or had contracting units or employees working at Decedent's job sites where activities caused the generation of respirable asbestos dust which was breathed by the Decedent.

13.   During the course and scope of his employment, Decedent was exposed to asbestos and asbestos-containing materials at Defendant's facility as described herein above, which exposure directly and proximately caused Decedent to develop an asbestos-related disease.

14.   The illnesses and disabilities of the Decedent were a direct and proximate result of the negligence, recklessness and willfulness of the

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint        | 5

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 5 of 23   USCA4 14

Defendant, jointly and severally, in that, even though the Defendant knew, or in the exercise of ordinary care, should have known, that the asbestos and asbestos-containing materials were deleterious, poisonous and highly harmful to Decedent's body, lungs, respiratory system, skin and health, the Defendant nonetheless:

(a)   Failed to advise Decedent of the dangerous characteristics of its asbestos and asbestos-containing products;

(b)   Failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if, in truth, it was in any way able to protect Decedent from being poisoned;

(c)   Failed and omitted to place any warnings or sufficient warning on its Premises to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos-containing materials;

(d)   Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-containing materials;

(e)   Inadequately warned, if, in fact, it warned at all, persons such as Decedent of the dangers to his health in coming in contact with and breathing said asbestos and asbestos-related materials;

(f)   Did not recommend methods to improve the work environment with regard to Decedent's exposure to asbestos and asbestos-related products;

(g)   Continued to use a known cancer-causing product, to-wit: asbestos, even though the Defendant knew, or in the

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint          P a g e | 6

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 6 of 23   USCA4 15

exercise of ordinary care should have known, that asbestos was a cancer causing product;

(h)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendant failed to warn the Decedent, and did not inform the Decedent of the need for monitoring and periodic evaluations up to and including the filing of this Complaint;

(i)     Was otherwise negligent.

## FOR A SECOND CAUSE OF ACTION - CONSPIRACY ALLEGATIONS

15.     Plaintiff hereby incorporates by reference Paragraphs one (1) through fourteen (14), inclusive, as if the same were hereto set forth at length.

16.     Plaintiff further alleges that Defendant or its predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired with other entities to cause Decedent's injuries and death by exposing Decedent to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for asbestos-containing products.   Defendant and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Decedent of the opportunity of informed free choice as to whether to use said asbestos-containing products or machinery or to expose themselves to said dangers.   Defendant committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendant's asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products.

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint

17.   In furtherance of said conspiracies, Defendant performed the following overt acts:

(a)   for many decades, Defendant, individually, jointly, and in conspiracy with other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and machinery calling for the use of asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)   despite the medical and scientific data, literature and test reports possessed by and available to Defendant, Defendant individually, jointly, and in conspiracy with other entities, fraudulently, willfully, and maliciously:

(1)   withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Decedent who was using and being exposed to Defendant's asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products;

(2)   caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendant knew were incorrect, incomplete, outdated and misleading; and

(3)   distorted the results of medical examinations conducted upon Decedent and workers such as Decedent

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint                    P a g e  | 8

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 8 of 23   USCA4 17

who were using asbestos-containing products or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Decedent and workers such as Decedent have suffered.

(c)     Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators"), were member companies in the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation.  Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia,* that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)     In addition, Defendant contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Decedent from contracting asbestos disease or cancer.

(e)     In furtherance of said conspiracies, Defendant and/or its co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint                    P a g e  | 9

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 9 of 23   USCA4 18

Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Decedent even if complied with.

(f)  As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendant, individually, jointly, and in conspiracy with other entities intended to induce the Decedent to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose himself to the dangers inherent in the use of and exposure to Defendant's asbestos-containing products, or machinery requiring or calling for the use of asbestos or and products which caused the release of respirable asbestos fibers.

18.   Decedent reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendant regarding the nature of its asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

19.   As a direct and proximate result of Decedent's reliance on Defendant's false and fraudulent representations, omissions and concealments, Decedent sustained damages including injuries, illnesses, disabilities and/or death and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendant's asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint          P a g e  | 10

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 10 of 23      USCA4 19

## FOR A THIRD CAUSE OF ACTION - PUNITIVE DAMAGES

20.    Plaintiff hereby incorporates by reference Paragraphs one (1) through nineteen (19), inclusive, as if the same were hereto set forth at length.

21.    The actions and inactions of Defendant and its predecessors-in-interest, as specifically alleged hereinabove, were of such a character as to constitute a pattern or practice of actual fraud, malice, or willful or wanton conduct resulting in damages and injuries to the Decedent. Defendant's conduct was specifically intended by Defendant to cause substantial injury to Decedent, or was carried out purposely and deliberately by Defendant in violation of the law, with a reckless indifference for the rights of others and with a wicked purpose on the part of Defendant that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. More specifically, Defendant and its predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness and malice with regard to the Decedent and should be held liable in punitive and exemplary damages to Plaintiff.

22.    The acts of the Defendant, as hereinabove set forth were fraudulent, wanton and willful and done with malice in reckless indifference of the rights and safety of Decedent and others similarly situated at a time when Defendant, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials upon the body of human beings, including Decedent and others similarly situated, and even though forewarned of said dangers and further after having been forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint                    P a g e  | 11

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 11 of 23   USCA4 20

recognized by the Defendant and subscribed to by it, nevertheless utilized asbestos products at its premises, for its own profit, with full knowledge that the products were being used and would be used in the future to the detriment of the health of Decedent and others similarly situated and Plaintiff, who is the Decedent's representative, is, therefore, entitled to punitive damages.

23.   As a direct and proximate result of the negligence, carelessness, gross negligence, willful and wanton misconduct, breach of warranty, misrepresenta-tions, and willful omissions of the Defendant, Decedent was caused to contract diseases and injuries to his body systems, lungs, respiratory system, heart and damage to various organs of his body, causing his pain and suffering, both mental and physical anguish and death.

24.   As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendant, Decedent was damaged and Decedent's representative is  entitled to compensatory and punitive damages.

## FOR A FORTH CAUSE OF ACTION – WRONGFUL DEATH

25.   As a result of the development of Mesothelioma, Decedent suffered and sustained very serious injuries to his person and died as a result of those injuries.

26.   Decedent's representative alleges that, as a result of the conduct of the Defendant, the decedent's injuries and illnesses were permanent in nature

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint     P a g e | **12**

and that he was forced to suffer until his death; that his enjoyment of life was impaired and, further, that his expected life span was shortened.

27.   Dutt Wagers, Jr. died in Sullivan County, Tennessee and Plaintiff Patricia F. Wagers qualified as Personal Representative of the Estate of Dutt Wagers, Jr.

28.   Further, as a result of the conduct of the Defendant, the Decedent's representative is entitled to recover compensatory and punitive damages from the defendant and other losses as described.  The heirs of the decedent have additionally lost the services, protection, care and assistance of the decedent.

WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer herein as the law directs,  that upon final hearing hereof, Plaintiff recovers judgment of and from the Defendant, jointly and severally, for the damages as alleged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for general, compensatory and special damages; plus a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages; for medical expenses in an amount to be shown upon the trial hereof; together with costs and disbursements herein, and interest on said judgment from the date of filing until paid as by law provided, for costs of this action and such other and further relief as to which they may be entitled.

29.   The conduct of Defendant, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Decedent, and of the following general and special damages including:

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint                    P a g e  | 13

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 13 of 23     USCA4 22

(a)      Damages to punish Defendant for proximately causing Decedent's untimely death;

(b)      The conscious physical pain and suffering and mental anguish sustained by Plaintiff and Decedent;

(c)      The physical impairment suffered by Decedent;

(d)      The disfigurement suffered by Decedent;

(e)      Reasonable and necessary medical expenses incurred by Decedent;

(f)      Decedent's lost earnings and net accumulations;

(g)      Reasonable funeral and burial expenses incurred by Decedent's estate;

(h)      Decedent's mental anguish caused by the extraordinarily increased likelihood of developing (or the recurrence and/or progression of) asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, sold or distributed by the named Defendants;

(i)      Past and future loss of the companionship and society, care, advice, counsel and consortium which Plaintiff would have received from the Decedent prior to his illness and death caused by his exposure to asbestos;

(j)      The past and future mental anguish suffered by Decedent's heirs as a consequence of observing the last illness and death of the Decedent;

(k)      The past and future pecuniary loss and loss of inheritance suffered by Decedent's heirs as a consequence of the death of Decedent;

(l)      Plaintiff seeks punitive and exemplary damages; and

(m)      Any and all recoverable survival and wrongful death damages on behalf of all statutory beneficiaries of the Decedent.

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint      P a g e | 14

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 14 of 23   USCA4 23

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON THE ISSUES TRIABLE

OF RIGHT BY A JURY.


DATE: *June 16, 2010*

By: _____
GEORGE TANKARD
PA Bar No. 91186
Gtankard@waterskraus.com
CARRIE WATERS
TX State Bar No. 24068042
Cwaters@waterskraus.com
PETER A. KRAUS
TX State Bar No. 11712980
Kraus@waterskraus.com

**WATERS & KRAUS, LLP**
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

ATTORNEYS FOR PLAINTIFFS

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint                    Page | 15

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 15 of 23      USCA4 24

## SCHEDULE A

| Plaintiff Name | Disease/Diagnosis Date | Doctor |
| --- | --- | --- |
| DUTT WAGERS, JR. | Mesothelioma 11/24/2006 | Dr. Kimberly M. Helms |

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint                    P a g e | **16**

Case 1:11-cv-00119-MR   Document 1   Filed 06/17/10   Page 16 of 23        USCA4 25

## SCHEDULE B

Decedent-Worker Employment History
Asbestos Exposure-Worksite Information


NAME        DUTT WAGERS, JR., Deceased


OCCUPATION:     Sider


EMPLOYMENT                          APPROXIMATE DATES

   Siding, Incorporated                    1965- 1980


RELATED ASBESTOS LITIGATION

   State of South Carolina in the County of Greenville; 13th Judicial Circuit
Court; Case No. 2008-CP-23-1082; *Patricia F. Wagers, et al vs. Bowater Incorporated*

SMOKING HISTORY

      1965-1985


PRODUCTS CONTAINING ASBESTOS

      siding


Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint        P a g e | **17**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<u>DEFENDANT LIST</u>

SGL CARBON LLC
By and Through Its Registered Agent:
National Registered Agents, Inc.
120 Penmarc Drive
Raleigh, NC 27603

Patricia F. Wagers, Individually and as Personal Representative
Of the Estate of Dutt Wagers, Jr., Deceased – Civil Action Complaint                    P a g e | 18

JS 44 (Rev. 12/07) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Patricia F. Wagers, Individually and as Personal Representative of the Estate of Dutt Wagers, Jr., Deceased

### DEFENDANTS

SGL Carbon LLC

**(b)** County of Residence of First Listed Plaintiff    Sullivan County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Nevada
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
George Tankard, Waters & Kraus, 3219 McKinney Avenue, Dallas, Texas 75204 Tel # : 214-357-6244

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Statute 1332 Diversity of Citizenship

Brief description of cause:
Asbestos personal injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                    DOCKET NUMBER

DATE   June 16, 2010

SIGNATURE OF ATTORNEY OF RECORD   George Tankard, III

JUN 17 2010

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**10   2910**

Address of Plaintiff: 1917 Latimer Street, Kingsport, TN 37660

Address of Defendant: PPB: 8600 William Ficklen Drive, Charlotte, NC 28269

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☐

Does this case involve multidistrict litigation possibilities?   Yes☐   No☐

*RELATED CASE, IF ANY:*

Case Number: MDL 875   Judge Judge Robreno   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 16, 2010   _George Tanford III_   91186   JUN 17 2010
Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Patricia F. Wagers, Individually and as Personal Representative of the Estate of Dutt Wagers, Jr., Deceased, Plaintiff | : : : : | CIVIL ACTION |
| v. | : : | |
| SGL Carbon, LLC, a Nevada Corporation | : : | NO. **10**  **2916** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                     (X)

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( )

June 16, 2010
**Date**

_Geo. Tankard III_

**Attorney-at-law**

**Attorney for Plaintiff**

214-357-6244

214-357-7252

Gtankard@waterskraus.com

**Telephone**            **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

JUN 1 7 2010

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 – Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 or 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See §1.02 (e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS         :    Consolidated Under
LIABILITY LITIGATION (No. VI)    :    MDL DOCKET NO. 875
                                 :
                                 :
PATRICIA F. WAGERS,              :
Individually and as             :
Representative of the Estate    :
of DUTT WAGERS, Jr., Deceased   :
                                 :    Case No.  10-02916
                                 :
                                 **FILED**

    v.                           MAY 1 6 2011
                                 :
                                 MICHAEL E. KUNZ, Clerk
SGL CARBON, LLC, et al.          By_____:_____ Dep. Clerk

O R D E R

**AND NOW**, this **16th** day of **May, 2011**, it is hereby

**ORDERED** that upon consideration of Defendant's Motion to Transfer

under 28 U.S.C. § 1404 (doc. no. 26) filed on April 20, 2011,

which is unopposed by Plaintiff (doc. no. 27), Defendant's motion

is **GRANTED**.[1]

─────────────────

    [1] Under 28 U.S.C. § 1404(a), a district court may transfer
any civil action to any other district or division where it might
have been brought "for the convenience of the parties and
witnesses, in the interest of justice."  Here, the convenience of
the parties and the interest of justice weigh in favor of
transfer.  The only connection that the instant case has to the
Eastern District of Pennsylvania is its status as an MDL 875 In
Re: Asbestos matter.  The exposure alleged occurred in North
Carolina, witnesses to be called at trial reside in North
Carolina, and North Carolina law applies to the instant case.
(See Def.'s Mot. for Transfer, doc. no. 26.)

    Generally speaking, the Court issues a Suggestion of Remand
to the Judicial Panel on Multidistrict Litigation ("the Panel")
when a case is ready to be returned to the transferor court.
However, as this case was originally filed in the Eastern

1

It is further **ORDERED** that this case be transferred to the United States District Court for the Western District of North Carolina.

It is further **ORDERED** that the clerk of the Court for the Eastern District of Pennsylvania shall notify the Judicial Panel on Multidistrict Litigation that the above-captioned cases has been transferred to the Western District of North Carolina.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

District of Pennsylvania, and did not go through the Panel, the Court finds that the appropriate mechanism to transfer the case is § 1404(a).  The clerk's office for the Eastern District of Pennsylvania routinely uses this mechanism in other MDLs, but notifies the Panel when a case is transferred in this manner so that the Panel is aware of it.  That is the appropriate course of action in the instant case.

2

```
MIME-Version:1.0
From:ncwd_ecf@ncwd.uscourts.gov
To:ecfmail@localhost.localdomain
Bcc:
--Case Participants: Michael Gray Gibson (jfacondo@deanandgibson.com,
mgibson@deanandgibson.com), Amy Church Drayton (adrayton@deanandgibson.com,
pcrunk@deanandgibson.com), District Judge Martin Reidinger
(cindy_holman@ncwd.uscourts.gov, lori_ritter@ncwd.uscourts.gov,
martha_williams@ncwd.uscourts.gov, martin_reidinger@ncwd.uscourts.gov,
nancy_day@ncwd.uscourts.gov, phyllis_freeman@ncwd.uscourts.gov,
reidinger_chamber@ncwd.uscourts.gov, sharon_wilson@ncwd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:1609214@ncwd.uscourts.gov
Subject:Activity in Case 1:11-cv-00119-MR Wagers v. SGL Carbon, LLC Notice of Asbestos Tag
Along Case TD:9
```
Content–Type: text/html

## U.S. District Court

## Western District of North Carolina

## Notice of Electronic Filing

The following transaction was entered on 5/18/2011 at 3:32 PM EDT and filed on 5/18/2011

| | |
|---|---|
| **Case Name:** | Wagers v. SGL Carbon, LLC |
| **Case Number:** | 1:11–cv–00119–MR |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 In Re: Asbestos Products Liability Litigation – MDL #875. Notice to Clerk of MDL Panel of tag–along case. (Copy of Order of Transfer to WDNC from EDPA, Complaint filed in EDPA, and WDNC docket sheet emailed to the Panel) (ejb)

**1:11–cv–00119–MR Notice has been electronically mailed to:**

Michael Gray Gibson mgibson@deanandgibson.com, Jfacondo@deanandgibson.com

Amy Church Drayton adrayton@deanandgibson.com, pcrunk@deanandgibson.com

**1:11–cv–00119–MR Notice will not be electronically mailed to:**

Carrie B. Waters
Waters Kraus, LLP
3219 McKinney Ave.
Dallas, TX 75204

George G. Tankard , III
Waters &Kraus
315 N Charles St.

Baltimore, MD 21201