

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2005-6700                                           DIVISION "L"

TERRY CARDARO and JO ANN CARDARO

VERSUS

AEROJET GENERAL CORPORATION (sued individually and as successor-in-interest to JOHNSTON PUMP COMPANY), ET AL

FILED: _____     _____
                                    DEPUTY CLERK

**PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES WITH INCORPORATION MOTION FOR LEAVE TO FILE**

COME NOW Plaintiffs, by and through undersigned counsel, who move this Honorable Court for leave to respectfully files this their First Supplemental and Amended Petition for Damages solely in the following particulars:

1. For the purpose of adding the following Defendants:

    a) **TRINITY INDUSTRIES, INC.,**

    b) **TRINITY YACHTS, LLC** (sued individually and as successor-in-interest to TRINITY INDUSTRIES, INC., and EQUITABLE EQUIPMENT COMPANY f/k/a EQUITABLE SHIPYARDS, LLC.)

2. Plaintiffs reiterate and/or adopt all other matters contained in the Original Petition for Damages, including the prayer of its Original Petition, against all Defendants except for those Defendants previously dismissed (it is not Plaintiffs intention to bring Defendants previously dismissed back into the captioned matter) as if copied herein *in extenso*.

3. Named Defendants herein are the following:

    a) **TRINITY INDUSTRIES, INC.**, a corporation duly organized, created and existing under the laws of the state of Delaware, with its principal place of business in the state of Texas, and may be served **through the Louisiana Long Arm Statute pursuant to Article 1261(3)**

1





to-wit: 2525 N Stemmons Freeway, Dallas, Texas 75207. This Defendant is being sued as an Employer and Premises Defendant.

b) **TRINITY YACHTS, LLC** (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), a Louisiana corporation with its principal place of business in the state of Louisiana, and with an agent for service in the State of Louisiana, may be served, to-wit: Stewart F. Peck, 601 Poydras Street, Suite 2775, New Orleans, LA 70130. This Defendant is being sued as an Employer and Premises Defendant.

4. To add the following allegations:

1. In connection with Terry Cardaro's work at Welder Tacker for Equitable Equipment Company in 1969, and as a mechanic/welder at various facilities owned and operated by Louisiana Power & Light Company (n/k/a Entergy Louisiana, Inc.) in or about 1977 through 1982, Plaintiff suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants.

2. Plaintiff Terry Cardaro worked in the United States Navy as a pipefitter, shipfitter, and welder from approximately 1969 through 1977. During this time period, Plaintiff suffered repeated exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants.

3. Before and during Plaintiff Terry Cardaro's exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities listed in Paragraph 1, where Plaintiff was exposed to asbestos fibers and asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

4. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

5. Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Plaintiff, of the health hazards inherent in the asbestos-containing products they were selling and/or using. Instead of warning Plaintiff and the general public about these dangers, the defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid

2

litigation by those who were injured from asbestos inhalation. Those defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

6. As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraph 1 Plaintiff contracted mesothelioma.

7. Because of the latency period between exposure to asbestos and the onset of mesothelioma, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, Plaintiff has only recently discovered his injuries and just over one year preceding this filing of this their First Supplemental and Amended Petition for Damages.

## COUNT ONE
### TRINITY INDUSTRIES, INC., TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.)

8. Defendants, TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), (hereinafter "Equitable"), are Texas and Louisiana corporations and are licensed to do and doing business in the Parish of Orleans, State of Louisiana.

9. Defendant, Employers Insurance Company of Wausau (hereinafter "Employers"), is a foreign corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana, and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Defendant Equitable Shipyards, LLC, and as such, is also directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statutes.

10. Defendant, Travelers Casualty and Surety Company (hereinafter "Travelers"), is an insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana, and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Defendant Equitable Shipyards, LLC, and as

3

such, is also directly sued herein pursuant to the provisions of Title 22, Section 1269 of the Louisiana Revised Statutes.

11. Defendant, **EMPLOYERS INSURANCE COMPANY OF WAUSAU**, on information and belief, had in full force and effect a policy or policies of liability insurance insuring Defendant Equitable Shipyards, LLC against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, defendant **EMPLOYERS INSURANCE COMPANY OF WAUSAU**, is directly liable to Plaintiffs under the provisions of the Louisiana Revised Statues, Title 22, Section 1269.

12. Defendant, **TRAVELERS CASUALTY AND SURETY COMPANY**, on information and belief, had in full force and effect a policy or policies of liability insurance insuring Defendant Equitable Shipyards, LLC against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, defendant, **TRAVELERS CASUALTY AND SURETY COMPANY**, is directly liable to Plaintiffs under the provisions of the Louisiana Revised Statues, Title 22, Section 1269.

## COUNT TWO
## STRICT LIABILITY AND NEGLIGENCE
## OF DEFENDANTS TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (sued *individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.)

13. Plaintiffs further allege strict premises liability of defendants TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), (hereinafter "Equitable"), in failing to provide Plaintiff a safe place in which to work free from the hazards of asbestos, which failure was a direct and proximate cause of Plaintiff's exposure to asbestos as described in Paragraph 1, supra.

14. The premises in which Plaintiff's exposure to asbestos occurred or originated, as set forth in Paragraph 1, supra was owned by and in the custody of Equitable, and was unreasonably dangerous due to the presence and use of asbestos and asbestos-containing products with little or no precautions taken to minimize the risk of exposure and absolutely no warning of that risk. This

unreasonably dangerous condition was a direct and proximate cause of Plaintiff's injuries set forth herein.

15. Defendants, TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge their duties to Plaintiff in the following particulars:

    a. failure to provide Plaintiff with a safe place to work;

    b. failure to provide Plaintiff with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and

    c. failure to inform or warn Plaintiff of the hazards of asbestos exposure.

These specific acts of fault were a substantial contributing factor of Plaintiff's injuries.

16. During the course of Plaintiff's work at the Equitable facilities, the asbestos or asbestos-containing products to which contributed to Plaintiff's exposure were all within the care, custody, and control of Equitable. TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), are therefore strictly liable for Plaintiff's injuries pursuant to Louisiana Civil Code Articles 660, *et seq.*, 2315, and 2317.

## COUNT THREE
## INTENTIONAL ACTS AND FRAUD OF
### DEFENDANTS TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.)

17. During the course of Plaintiff's employment at Equitable, (Equitable) and its predecessors in interest TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), knew that it was substantially certain to follow from its actions and inactions, outlined above, that Plaintiff would be exposed to

5

injurious levels of asbestos, and thereby acted intentionally under Louisiana law in exposing Plaintiff to asbestos and causing him to contract mesothelioma.

18. At all times throughout Plaintiff's exposure to asbestos present and used within Equitable, Equitable and its predecessors in interest TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet Equitable and its predecessors in interest TRINITY INDUSTRIES, INC., and TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), consciously and intentionally chose not to inform Plaintiff of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Plaintiff's injuries.

19. As Plaintiff's employer, Equitable and its predecessors in interest had a duty to fully and properly disclose to Plaintiff the dangers associated with asbestos, yet failed to discharge that duty by misrepresenting or suppressing the truth, through its silence and inaction, about asbestos with the intention to obtain an unjust advantage for itself and to cause loss to Plaintiff. Due to this fraud of Equitable and its predecessors in interest, Plaintiff agreed to and went to work for the agreed upon wages under the misconception that he was not being exposed to a highly toxic substance while there.

20. The foregoing misrepresentation was a substantial contributing cause of Plaintiff's damages.

## COUNT FOUR
### ALLEGATIONS AGAINST EMPLOYER DEFENDANTS

21. All of the allegations contained in the previous paragraphs are realleged.

22. The Employer Defendants were at all times relevant the employers of Terry Cardaro.

23. Plaintiffs would show that the Employer Defendants were negligent, grossly negligent, and intentionally committed certain acts and omissions which created conditions at the workplace which were a proximate cause of his mesothelioma resulting from exposure to asbestos.

24. In particular, Plaintiffs would show that the Employer Defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to his rights, safety and welfare and that such specific acts of negligence, gross negligence and intentional acts or omissions committed by the Employer Defendants that proximately caused mesothelioma include:

   (a)  failure to provide safe equipment for Plaintiff to use;
   (b)  failure to provide adequate safety measures and protection against deadly and life threatening asbestos dust, all despite Defendant's knowledge of the extreme risk of harm inherent to asbestos exposure;
   (c)  failure to adequately warn Plaintiff of the inherent dangers of asbestos contamination;
   (d)  failure to provide Plaintiff a safe place to work by failing to maintain the ambient and environmental conditions of the plant in proper and safe conditions; and
   (e)  failure to follow and adhere to various states and U.S. governmental statutes, regulations, and guidelines pertaining to asbestos and the exposure to asbestos of employees and others. Such failure constituted negligence at a minimum. Plaintiff is not making claims under federal law.

### INTENTIONAL ACTS AND FRAUD OF EMPLOYER DEFENDANTS

25. During the course of Petitioner's employment as a Welder Tacker for Equitable Equipment Company in 1969 and as a mechanic/welder at various facilities owned and operated by Louisiana Power & Light Company (n/k/a Entergy Louisiana, Inc.) in or about 1977 through 1982, the Defendant Employers (and their predecessors in interest) knew that it was substantially certain to follow from their actions and inactions, outlined above, that Petitioner would be exposed to injurious levels of asbestos, and thereby acted intentionally under Louisiana law in exposing Petitioner to asbestos and causing him to contract an asbestos-related injury.

26. At all times throughout Petitioner's exposure to asbestos present and used within Equitable Equipment Company and the various facilities owned and operated by Louisiana Power & Light Company (n/k/a Entergy Louisiana, Inc.), the Defendant Employers knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that

those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet Equitable and Entergy and their predecessors in interest consciously and intentionally chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries.

27. As Petitioner's employers, Equitable and Entergy and their predecessors in interest had a duty to fully and properly disclose to Petitioner the dangers associated with asbestos, yet failed to discharge that duty by misrepresenting or suppressing the truth, through their silence and inaction, about asbestos with the intention to obtain an unjust advantage for themselves and to cause loss to Petitioner. Due to this fraud and intentional acts of Equitable and Entergy and their predecessors in interest, Petitioner agreed to and went to work for the agreed upon wages under the misconception that he was not being exposed to a highly toxic substance while there.

28. The intentional acts of Equitable and Entergy, as identified in the foregoing paragraphs, caused Plaintiff to sustain occupational exposure to asbestos such that Equitable and Entergy, based on the available scientific and medical information, knew that the result of an asbestos-related injury or disease, including but not limited to, mesothelioma, is and was substantially certain to follow from the conduct, whatever Equitable's and Entergy's desires may have been as to the result.

78. Plaintiff specifically pleads the cause of action for Intentional Tort as expressed in *Reeves v. Structural Preservational Systems, et al.*, 98-1795 (La. 3/12/99) against the Employer Defendants, Entergy and Equitable.

29. The foregoing intentional acts, fraud and misrepresentation was a substantial contributing cause of Petitioner's damages.

## COUNT FIVE
### ALLEGATIONS AGAINST PREMISES DEFENDANTS

30. All of the allegations contained in the previous paragraphs are realleged.

31. While present at premises owned by the Premises Defendants, Plaintiff was continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by the Premises Defendants, who had the responsibility for such.

8

32. Plaintiffs would further show Plaintiff's injuries and diseases were the result of intentional acts and/or omissions and/or negligence and/or gross negligence in the use of asbestos at Defendants' Premises. The Premises Defendants failed to properly remove and/or abate said asbestos at these facilities during the time Plaintiff was working there.

33. Plaintiffs would show that the Premises Defendants were negligent, grossly negligent, and/or committed certain intentional acts, all of which were the proximate cause of the disease and injuries resulting in mesothelioma from exposure to asbestos.

34. In particular, Plaintiffs would show that the Premises Defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of the Plaintiff, and that such intentional acts and omissions proximately caused Plaintiff's disease and injuries.

35. Specific intentional acts and acts constituting negligence and gross negligence committed by the Premises Defendants that proximately caused Plaintiff's injuries and disease include:

   (a) Failure to provide safe equipment for Plaintiff to use;
   (b) Failure to provide adequate safety measures and protection against deadly and life-threatening asbestos dust, all despite the Premises Defendants knowledge of the extreme risk of harm inherent to asbestos exposure;
   (c) Failure to adequately warn Plaintiff of the inherent dangers of asbestos contamination; and
   (d) Failure to maintain the ambient and environmental conditions of the premises in proper and safe condition;

36. Further, failure to follow and adhere to various states and U.S. Government statutes, regulations and guidelines pertaining to asbestos and the exposure to asbestos of individuals constituted negligence at a minimum. Plaintiff is not making claims for damages under federal law.

37. Additionally, specific actions or omissions on the part of the Premises Defendants that proximately caused Plaintiff's injuries and illness were:

   (a) Attempting to remove asbestos dust in the workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;
   (b) Failing to provide proper protective gear for individuals exposed to asbestos;
   (c) Failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

9

(d) Failing to provide a proper and safe method for the use of asbestos and asbestos fibers;

(e) Failing to adhere to industry safety standards and other established measures to protect workers from harm;

(f) Failing to adequately warn of the extreme risk of danger inherent to asbestos exposure.

38. The Premises Defendants demonstrated such an entire want of care as to establish that their acts and omissions alleged above were the result of actual conscious indifference to the rights, safety, and welfare of Plaintiff.

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 38, Plaintiffs request that defendants be served with this Petition and that there be judgment against these defendants jointly, severally and in solido in a sum sufficient to compensate Plaintiffs for the following:

a) all past, present and future medical costs or expenses related thereto;

b) all past, present and future lost earnings;

c) all past, present and future mental suffering, anguish, and pain;

d) all past, present and future physical pain and suffering;

e) loss of quality of life;

f) all other forms of relief provided by law or equity together with interest from the date of judicial demand until paid, and costs of these proceedings.

WHEREFORE, Plaintiffs pray that the Original Petition for Damages be supplemented and amended in the above particulars and that, after due proceedings had, there be judgment herein in their favor, and against Defendants.

Respectfully submitted,

**WATERS & KRAUS, LLP**

/S/ JULIE L. CELUM

JULIE L. CELUM, TX Bar No. 24031924
*Admitted Pro Hac Vice*
3219 McKinney Avenue
Dallas, Texas 75204
Telephone: 214-357-6244
Facsimile: 214-357-7252

and

*David R. Cannella* (signature)

LANDRY & SWARR, LLC
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
DAVID R. CANNELLA, Bar No. 26231
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone: 504-299-1214
Facsimile: 504-299-1215

**ATTORNEYS FOR PLAINTIFFS**

<u>PLEASE SERVE ALL CORRESPONDANCE AND PLEADINGS ON WATERS & KRAUS, LLP</u>

SERVICE INSTRUCTIONS FOLLOW ON THE NEXT PAGE

11

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2005-6700                                         DIVISION "L"

TERRY CARDARO and JO ANN CARDARO

VERSUS

AEROJET GENERAL CORPORATION (sued individually and as successor-in-interest to JOHNSTON PUMP COMPANY), ET AL

FILED:_____           _____
                                              DEPUTY CLERK

**ORDER**

Let the above and foregoing First Supplement and Amendment to the Original Petition for Damages be filed as prayed for.

SO ORDERED, this the ____ day of _____, 2011 New Orleans, Louisiana.

_____
JUDGE

PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PLAINTIFFS' ORIGINAL PETITION FOR DAMAGES and PLAINTIFF'S FIRST SUPPLEMENTAL AND PETITION FOR DAMAGES:

TRINITY INDUSTRIES, INC., a corporation duly organized, created and existing under the laws of the state of Delaware, with its principal place of business in the state of Texas, and may be served **through the Louisiana Long Arm Statute pursuant Article 1261(3) to-wit: 2525 N Stemmons Freeway, Dallas, Texas 75207.**
This Defendant is being sued as an Employer Defendant.

TRINITY YACHTS, LLC (*sued individually and as successor-in-interest to* TRINITY INDUSTRIES, INC., *and* EQUITABLE EQUIPMENT COMPANY *f/k/a* EQUITABLE SHIPYARDS, LLC.), a Louisiana corporation with its principal place of business in the state of Louisiana, and with an agent for service in the State of Louisiana, may be served, to-wit: **Stewart F. Peck, 601 Poydras Street, Suite 2775, New Orleans, LA 70130.**
This Defendant is being sued as an Employer Defendant

12

JAN 28 2011
ENTERED ON MINUTES

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH THE FIRST SUPPLEMENTAL AND AMENDING PETITION ONLY:**

1. **BUFFALO PUMPS**
   By and through its attorney of record:
   Susan L. Durham
   Wells Moore Simmons & Hubbard PLLC
   4450 Old Canton Road
   Suite 200
   Jackson, MS 39211

2. **BUFFALO PUMPS**
   William Mills
   Weber Gallagher Simpson Stapleton Fires & Newby LLP
   2000 Market Street, #1300
   Philadelphia, PA 19103

3. **COOPER INDUSTRIES, Inc.**
   By and through its attorney of record:
   Jennifer Adams
   Deutsch, Kerrigan & Stiles
   755 Magazine Street
   New Orleans, LA 70130

4. **CRANE CO.**
   By and through its attorney of record:
   Matthew Lott
   Dogan & Wilkinson, PLLC
   734 Delmas Avenue
   P.O. Box 1618
   Pascagoula, MS 39568-1618

5. **TRAVELERS CASUALTY AND SURETY COMPANY**
   By and through its attorney of record:
   Colin Sherman
   Lugenbuhl, Wheaton, Peck, Rankin
     & Hubbard
   601 Poydras Street, Ste. 2775
   New Orleans, LA 70130

6. **FIATALLIS NORTH AMERICA**
   By and through its attorney of record:
   Matthew J. Mumfrey
   McGlinchey Stafford PLLC
   643 Magazine Street
   New Orleans, LA 60643

7. **FOSTER WHEELER ENERGY CORPORATION**
   By and through its attorney of record:
   **John J. Hainkel**
   Frilot, LLC
   1100 Poydras Street
   3700 Energy Centre
   New Orleans, LA 70163

13

8. **GENERAL ELECTRIC COMPANY**
By and through its attorney of record:
William Schuette
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.
Four United Plaza
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

9. **METROPOLITAN LIFE INSURANCE COMPANY,**
By and through its attorney of record:
Jay M. Jalenak
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P.
P.O. Box 3513
Baton Rouge, LA 70821

10. **TYCO INTERNATIONAL, INC.**
By and through its attorney of record:
Winstol D. Carter
Morgan Lewis & Bockius, LLP
1000 Louisiana, Suite 4200
Houston, TX 77002