JURY

# U.S. District Court
## Eastern District of Virginia – (Norfolk)
## CIVIL DOCKET FOR CASE #: 2:11–cv–09755–MSD

Destito v. American Standard, Inc. et al
Assigned to: District Judge Mark S. Davis
Demand: $9,999,000
Lead case: 2:11–cv–09999–MSD
Member cases:

    2:11–cv–09730–MSD

    2:11–cv–09731–MSD

    2:11–cv–09732–MSD

    2:11–cv–09733–MSD

    2:11–cv–09734–MSD

    2:11–cv–09735–MSD

    2:11–cv–09736–MSD

    2:11–cv–09737–MSD

    2:11–cv–09738–MSD

    2:11–cv–09739–MSD

    2:11–cv–09740–MSD

    2:11–cv–09741–MSD

    2:11–cv–09742–MSD

    2:11–cv–09745–MSD

    2:11–cv–09746–MSD

    2:11–cv–09747–MSD

    2:11–cv–09748–MSD

    2:11–cv–09749–MSD

    2:11–cv–09750–MSD

    2:11–cv–09751–MSD

    2:11–cv–09752–MSD

    2:11–cv–09753–MSD

    2:11–cv–09743–MSD

    2:11–cv–09746–MSD

    2:11–cv–09747–MSD

    2:11–cv–09752–MSD

    2:11–cv–09754–MSD

    2:11–cv–09755–MSD

    2:11–cv–09756–MSD

    2:11–cv–09757–MSD

    2:11–cv–09758–MSD

    2:11–cv–09759–MSD

Cause: 28:1332 Diversity–Asbestos Litigation

Date Filed: 05/16/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Albert Destito**                                          represented by   **Karen M. Zello**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625−6787
Email: karen@glasserlaw.com
*ATTORNEY TO BE NOTICED*

**Kip Andrew Harbison**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625−6787
*ATTORNEY TO BE NOTICED*

**Marc Christian Greco**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625−6787
Email: marcg@glasserlaw.com
*ATTORNEY TO BE NOTICED*

**Richard Steven Glasser**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625−6787
*ATTORNEY TO BE NOTICED*

**Willard James Moody , Jr.**
The Moody Law Firm, Inc.
500 Crawford St
Commerce Bank Bldg
Suite 300
Portsmouth, VA 23704
(757) 393−4093
Fax: (757) 397−7257
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Standard, Inc.**
*d/b/a Westinghouse Air Brake Co.*

**Defendant**

**Amsted Rail Company, Inc.**
*individually and as successor in interest to*
*Griffin Wheel Company*

**Defendant**

**General Electric Company**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Trane US, Inc.**
*f/k/a American Standard, Inc.*

**Defendant**

**Westinghouse Air Brake Company**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/16/2011 | 1 | 4 | COMPLAINT ( Filing fee $ 350 receipt number 24683011427.) (Attachments: # 1 Civil Cover Sheet, # 2 Receipt)(tjoh, ) (Entered: 05/18/2011) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

ALBERT DESTITO, Plaintiff,

v.

AMERICAN STANDARD, INC., d/b/a WESTINGHOUSE AIR BRAKE CO.; AMSTED RAIL COMPANY, INC., individually and as successor in interest to GRIFFIN WHEEL COMPANY; GENERAL ELECTRIC COMPANY; METROPOLITAN LIFE INSURANCE COMPANY; TRANE US, INC., f/k/a AMERICAN STANDARD, INC., and WESTINGHOUSE AIR BRAKE COMPANY, Defendants.

CIVIL ACTION NO.

2:11cv 9755

ASBESTOS CASE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

This Document Relates To:
ALBERT DESTITO v. American Standard, Inc., et al.

**FILED**

**MAY 16 2011**

CLERK, US DISTRICT COURT
NORFOLK, VA

CIVIL ACTION NO.
MDL 875

**COMPLAINT**

Plaintiff, by his attorneys, Glasser and Glasser, P.L.C. and The Moody Law Firm, Inc., for his Complaint allege as follows:

1.    Plaintiff is a resident of the state of Washington; and defendants are corporations incorporated under the laws of, and having their principal places of business in, states other than Washington. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

2.    Plaintiff ("Plaintiff-worker") is: Albert Destito
      Address: Spokane, Washington
      Plaintiff's Spouse is: Sharon Destito
      Address:  Same as above

Social Security no.: XXX-XX-0044
Date of Birth: XX/XX/1935

Date of Birth: XX/XX/1940

3.    Defendants are those companies listed in the caption.

4.    Plaintiff-worker's asbestos employment history including, to the extent possible at this time, the asbestos products to which Plaintiff-worker was exposed, are contained in Schedule 1 which is numbered paragraph 6. *infra.*

5.    Plaintiff-worker was caused to contract asbestos related diseases, including but not limited to asbestosis.

6.    Schedule 1 as required by CA # MDL 875

    A.    Employer/Worksite, Trade, Approx. dates:
        Soo Line Railroad Company, machinist helper, laborer, welder and carman,
        Avery, ID and Spokane, WA, 1951 to 1953, 1954 to 1958 and again
        from 1960 to approximately 1/1/1980
        U. S. Army, infantryman, 1958 to 1960

    B.    Smoking history:  Client never smoked.

    C.    Asbestos containing products exposed to: Block, Pipe Covering, Cement, Gaskets and Packing, Cloth, Dust, Wall Covering, Brakeshoes and Friction Products and Insulation.

    D.    Dependants: Sharon Destito

7.    Plaintiff-worker adopts by reference the following Counts from the Master-Long Form Complaint filed in the United States District Court for the Eastern District of Pennsylvania pursuant to Order dated August 20, 1986:  Counts I, II, III, IV and X.  Further, Plaintiff alleges as follows:

**COUNT I**    8.    Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

9.    At all times material hereto, Defendants knew, or had reason to know or should have known, that their asbestos products were inherently and imminently dangerous and that exposure to the inhalation of asbestos and industrial dust and fibers was dangerous and potentially deadly, whereas Plaintiff-worker was not fully aware of this.

10.  At all times material hereto, Defendants knew, or had reason to know or should have known, that Plaintiff-worker would be exposed to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products and despite this, Defendants: (a) Failed to protect Plaintiff-worker by exercising reasonable care to prevent such exposure; (b) Failed to warn Plaintiff-worker of the risks of such exposure; (c) Failed to advise Plaintiff-worker to use special equipment and procedures to prevent such exposure; (d) Failed to place adequate warnings on the containers of these products regarding the risks of such exposure and the precautions necessary to prevent such exposure; (e) Failed to safely package these products; (f) Failed to make these products safe for use; (g) Failed to use safe substitutes for asbestos in these products; (h) Failed to conduct research on disease and test products to determine the extent of dangers inherent in them and make them safe for use; (i) Failed to recall these products after determining that they were dangerous; (j) Failed, after determining that such products were dangerous, to warn Plaintiff-worker to cease all exposure to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products already placed in the stream of commerce; (k) Failed to comply with the Federal Hazardous Substance Act, 15 USCA 1261, *et seq*; and (l) Failed to advise Plaintiff-worker to cease all future exposure to the inhalation of any dust, fibers, fumes and smoke and be examined by a lung specialist.

**COUNT II**    11.    Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

12.  Defendants impliedly warranted that the asbestos products which they mined, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce were reasonably fit for use and safe for their intended purpose: (a) That, at the time of the manufacture and sale of their asbestos products by the Defendants to Plaintiff-worker's Employer(s), Defendants knew, or had reason to know or should have known, that the said asbestos products would be used by the Plaintiff-worker, and other persons similarly employed, as the ultimate user or consumer; (b) That the said asbestos products were sold by the Defendants in a defective condition and were unreasonably dangerous to Plaintiff-worker, and others similarly employed, as users or consumers, and throughout many years of the Plaintiff-worker's exposure to

and use of said products, the same asbestos products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold; and (c) That the said asbestos products were defective in that they are incapable of being made safe for their ordinary and intended use, and said Defendants failed to give adequate or sufficient warnings or instructions about the risks and dangers inherent in the products.

13. Defendants breached said warranties to Plaintiff-worker in that their said asbestos products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended ordinary and foreseeable uses and purposes.

**COUNT III** 14. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

15. Defendants, including but not limited to Metropolitan Life Insurance Company, for many decades, have been aware of medical and scientific data and reports which clearly indicated that exposure to the inhalation of asbestos and industrial dust and fibers caused, contributed to and/or was associated with the development of disease and was potentially deadly.

16. Despite this, Defendants, including but not limited to Metropolitan Life Insurance Company, prompted by pecuniary motives, individually, jointly and in conspiracy with each other, and through trade associations in which they were members, deliberately, maliciously, and callously: (a) Concealed this information from persons such as Plaintiff-worker who were being exposed to the inhalation of asbestos and industrial dust and fibers from their asbestos products, fearing that adverse publicity would reduce their highly profitable sales; (b) Concealed the actual results of research on disease and tests done on these products because they were adverse, and distorted these results to mislead persons into believing they were not adverse; (c) Discredited doctors and scientists who indicated that there was a relationship between asbestos and disease; (d) Concealed the actual results of medical examinations conducted upon persons who contracted asbestosis, cancer, and other industrial dust diseases, and distorted these results to minimize the role of asbestos; (e) Concealed claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (f) Procured false testimony during the litigation of claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (g) Disseminated data and reports regarding the relationship between asbestos and disease which were incorrect, incomplete, outdated and misleading; (h) Placed misleading information on the containers of these products, fearing that adequate warnings would adversely affect sales; (i) Disseminated favorable publicity about these products and indicated that they were safe for use, to maximize profit at the expense of human lives; (j) Acted with criminal indifference and conscious disregard of the rights of Plaintiff-worker; (k) Participated in the fraudulent scheme described above to keep persons such as Plaintiff-worker in ignorance of their rights and, in fact, this fraudulent scheme did keep Plaintiff-worker in such ignorance; and (l) Intended by the fraudulent misrepresentations and concealments and willful omissions described above to induce persons such as Plaintiff-worker to rely upon the same and to continue to expose themselves to the dangers that Defendants knew to be inherent in their products.

17. Plaintiff-worker, reasonably and in good faith, relied upon the fraudulent misrepresentations, fraudulent concealments, and willful omissions of Defendants, which reliance resulted in detriment to Plaintiff-worker, the particulars of which will be set forth below.

**COUNT IV** 18. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

19. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendants, Plaintiff-worker was caused to contract diseases and injuries to his body systems, lungs and heart, including asbestosis and other injuries, which are permanent and/or fatal and have caused and will continue to cause Plaintiff-worker pain, suffering and mental anguish and will inevitably cause his death. Aside from the diseases and injuries of which Plaintiff-worker is presently afflicted, Plaintiff-worker has become a likely candidate for progressive future disease and future cancer, some or all of which may be permanent and/or fatal.

20. Plaintiff-worker's asbestos-induced disease which was proximately caused by Defendants' asbestos products did not occur or exist two years prior to the filing of this Complaint and such disease is the indivisible biological result of the unique dose response of Plaintiff-worker's body to past and recent inhalation or ingestion of asbestos and industrial dust and fibers from Defendants' asbestos products.

21. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of Defendants, Plaintiff-worker: (a) Has been obliged to spend various sums of money to treat his disease and will be obliged to continue to do so in the future; (b) Has and will sustain a loss of earnings and earning capacity; (c) Has had his enjoyment of life severely impaired and his life expectancy tremendously shortened; and (d) Has been caused to suffer great psychic trauma including, but not limited to, cancer phobia.

22. Any delay in filing Plaintiff-worker's causes of action is a direct and proximate result of Defendants' failure to warn and the fraudulent concealment hereinafter described. For a long time Defendants have known of the hazards of asbestos inhalation and ingestion and had the duty to warn persons such as Plaintiff-worker, of the hazards of their asbestos products. Defendants intentionally and fraudulently concealed said knowledge from Plaintiff-worker resulting in the failure of Plaintiff-worker to discover the facts which are the basis of his causes of action despite the exercise of due diligence on behalf of Plaintiff-worker. Plaintiff-worker remained unaware of Defendants' long-time knowledge of the hazards of exposure to asbestos products and their correlative duties to warn until within the period of limitations for filing of this Complaint. Accordingly, any attempt on the part of any Defendant to complain about the timeliness of Plaintiff-worker's commencement of this action should be estopped.

23. The amount for lost wages of Plaintiff-worker will be provided.

24. Plaintiff-worker has not been a party to any related third party asbestos litigation, except for a FELA action against his former employer(s).

25. Plaintiff-worker demands trial by jury.

WHEREFORE, Plaintiff-worker prays for judgment against Defendants for compensatory damages in the sum of Five Million Dollars ($5,000,000.00) and punitive damages in the sum of Five Million Dollars ($5,000,000.00), together with interest, costs and such other and further relief as is just and proper.

Richard S. Glasser, Esq. - VA Bar No. 4092
Kip A. Harbison, Esq. - VA Bar No. 38648
Marc C. Greco, Esq. - VA Bar No. 41496
Karen M. Zello, Esq. - VA Bar No. 66783
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 E. Main Street
Norfolk, Virginia 23510-2212
(757) 625-6787

Of Counsel:
Willard J. Moody, Jr., Esq. – VA Bar No. 22866
THE MOODY LAW FIRM, INC.

GLASSER AND GLASSER, P.L.C.

By: _Karen M Zello_
Counsel

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ALBERT DESTITO

**DEFENDANTS**
SEE ATTACHED

**(b)** County of Residence of First Listed Plaintiff **Spokane, WA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Piscataway, NJ**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard S. Glasser, Kip A. Harbison, Glasser and Glasser, P.L.C., Crown Center, Suite 600, 580 East Main Street, Norfolk, Virginia 23510; (757)625-6787

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☒ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Personal injury arising out of Plaintiff's exposure to Defendants' asbestos products.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** over $75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/16/2011
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AMERICAN STANDARD, INC., d/b/a
   WESTINGHOUSE AIR BRAKE CO.
AMSTED RAIL COMPANY, INC.
GENERAL ELECTRIC COMPANY
METROPOLITAN LIFE INSURANCE COMPANY
TRANE US, INC., f/k/a AMERICAN STANDARD, INC.
WESTINGHOUSE AIR BRAKE COMPANY

Court Name: United States District Court
Division: 2
Receipt Number: 24603011427
Cashier ID: tlevinso
Transaction Date: 05/16/2011
Payer Name: GLASSER AND GLASSER
--------------------------------------
CIVIL FILING FEE
  For: GLASSER AND GLASSER
  Amount:        $350.00
CIVIL FILING FEE
  For: GLASSER AND GLASSER
  Amount:        $350.00
CIVIL FILING FEE
  For: GLASSER AND GLASSER
  Amount:        $350.00
CIVIL FILING FEE
  For: GLASSER AND GLASSER
  Amount:        $350.00
CIVIL FILING FEE
  For: GLASSER AND GLASSER
  Amount:        $350.00
CIVIL FILING FEE
  For: GLASSER AND GLASSER
  Amount:        $350.00
--------------------------------------
CHECK
  Check/Money Order Num: 205433
  Amt Tendered:  $2,100.00
--------------------------------------
Total Due:       $2,100.00
Total Tendered:  $2,100.00
Change Amt:      $0.00

GLASSER & GLASSER
2:11cv9754-9759