UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

| | |
|---|---|
| William Andrew Smith v. 3M Company, et al., ) | |
|     N.D. California, C.A. No. 4:11-1073 ) | |
| Diane Antonelli, etc. v. Electric Boat Corp., ) | MDL No. 875 |
|     D. Connecticut, C.A. No. 3:10-344 ) | |
| Lola Bouchard, et al. v. CBS Corporation, et al., ) | |
|     W.D. Washington, C.A. No. 2:11-458 ) | |


**TRANSFER ORDER**


    **Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs move to vacate orders that conditionally transferred their actions to MDL No. 875. Responding defendants oppose the motions.[1]

    After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 875, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, we find that transfer is appropriate for the reasons set out in our original decision directing centralization of all pending federal court actions not then in trial sharing factual questions of injury or death allegedly caused by asbestos or asbestos containing products. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). These actions are asbestos personal injury or wrongful death suits, and clearly fall within the MDL's ambit.

    Plaintiffs in *Smith* and *Bouchard* principally argue that the Panel should deny or defer transfer in order to permit the resolution of their motions for remand to state court. As we have often held, however, the pendency of a motion to remand generally is not a good reason to delay transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon a motion to remand generally has adequate time in which to do so.

---

[*] Judge John G. Heyburn II and Judge Barbara S. Jones took no part in the disposition of this matter.

[1] These defendants are: National Steel and Shipbuilding Company (as to the *Smith* action), Electric Boat Corporation (as to the *Antonelli* action), and Lockheed Shipbuilding Company (as to the *Bouchard* action).

The *Smith* and *Bouchard* plaintiffs also cite serious health concerns in opposing transfer. Although we have rejected this argument on multiple occasions in the past, we remain sensitive to this concern. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

In her motion to vacate, the *Antonelli* plaintiff argues that defendant Electric Boat Corporation failed to timely notify the Panel of the action's pendency as a potential tag-along action, noting that law firm representing defendant has been involved in other actions already in the MDL. *See* Panel Rule 7.1(a) ("Any party or counsel in actions previously transferred under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears."). We do not find plaintiff's argument persuasive. Although defendant's counsel's compliance with Rule 7.1(a) is indeed at least somewhat questionable, so is that of the law firm representing plaintiff, which also has been involved in other actions previously transferred to the MDL. We note, moreover, that although *Antonelli* was removed to the District of Connecticut in March 2010, the record indicates that the action is still at a relatively early stage.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Frank C. Damrell, Jr.
Paul G. Barbadoro