# U.S. District Court
## Southern District of Illinois (East St. Louis)
### CIVIL DOCKET FOR CASE #: 3:11-cv-00233-JPG -SCW

| | |
|---|---|
| Milligan et al v. CSX Transportation, Inc.<br>Assigned to: Judge J. Phil Gilbert<br>Referred to: Magistrate Judge Stephen C. Williams<br>Demand: $2,500,000<br>Cause: 45:51 Railways: Fed. Employer's Liability Act | Date Filed: 03/23/2011<br>Jury Demand: Both<br>Nature of Suit: 330 Federal Employer's Liability<br>Jurisdiction: Federal Question |

**Plaintiff**

**Charles O. Milligan**         represented by  **William P. Gavin**
Gavin Law Firm
Generally Admitted
17 Park Place Professional Centre
Belleville, IL 62226
618-236-0100
Email: billg@gavinlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William E. Cash**             represented by  **William P. Gavin**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CSX Transportation, Inc.**    represented by  **Kurt E. Reitz**
Thompson Coburn - Belleville
Generally Admitted
525 West Main Street
P.O. Box 750
Belleville, IL 62220-0750
618-277-4700
Email: kreitz@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2011 | 1 | Case Opened. Documents may now be electronically filed. Case number 11-233-JPG/SCW must be placed on all documents prior to filing them electronically. (Attachments: # 1 Consent to Magistrate Judge)(bkl) (Entered: 03/23/2011) |

| | | |
|---|---|---|
| 03/23/2011 | 2 | COMPLAINT against Charles O. Milligan, William E. Cash ( Filing fee $ 350 receipt number 0754-1364898.), filed by Charles O. Milligan, William E. Cash. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet)(Gavin, William) (Entered: 03/23/2011) |
| 03/24/2011 | 3 | Summons Issued as to CSX Transportation, Inc. (dka, ) (Entered: 03/24/2011) |
| 04/19/2011 | 4 | RETURN OF SERVICE UNEXECUTED by William E. Cash, Charles O. Milligan (Gavin, William) (Entered: 04/19/2011) |
| 04/19/2011 | 5 | Summons Reissued as to CSX Transportation, Inc. (dka, ) (Entered: 04/19/2011) |
| 05/12/2011 | 6 | SUMMONS Returned Executed by Charles O. Milligan, William E. Cash. CSX Transportation, Inc. served on 5/3/2011, answer due 5/24/2011. (Gavin, William) (Entered: 05/12/2011) |
| 05/20/2011 | 7 | ANSWER to 2 Complaint by CSX Transportation, Inc..(Reitz, Kurt) (Entered: 05/20/2011) |
| 05/20/2011 | 8 | DEMAND for Trial by Jury by CSX Transportation, Inc.. (Reitz, Kurt) (Entered: 05/20/2011) |
| 05/20/2011 | 9 | DISCLOSURE OF INTERESTED PARTIES by CSX Transportation, Inc.. (Reitz, Kurt) (Entered: 05/20/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/20/2011 12:08:39 | | | |
| PACER Login: | tc1038 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:11-cv-00233-JPG - SCW |
| Billable Pages: | 2 | Cost: | 0.16 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES O. MILLIGAN, | )<br>)<br>) |
| and | )<br>) |
| WILLIAM E. CASH, | )<br>)<br>) |
|    Plaintiffs, | )<br>) |
| vs. | ) Case No. 3:11-cv-00233-JPG-SCW<br>) ASBESTOS CASE |
| CSX TRANSPORTATION, INC., | )<br>)<br>) |
|    Defendant. | )<br>) |
| SERVE: Registered Agent (CSX<br>Transportation, Inc.) Illinois<br>Corporation Services<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703 | )<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Now come Plaintiffs, by their attorneys, William P. Gavin and Robert L. Norton, and for their Complaint against Defendant, CSX Transportation, Inc., state:

### COUNT I (FELA)

1. Defendant is currently a railroad corporation engaged in the interstate business of transportation of goods in and through the jurisdiction of this Court.

2. Each Plaintiff identified on Attachment A to this Complaint became employed by Defendant and/or its predecessors in interest (hereinafter collectively referred to as "Defendant") in the occupation listed on Attachment A for each Plaintiff and in furtherance of each Plaintiff's employment duties each Plaintiff was engaged in activities that materially and substantially affected interstate commerce when he was

1

injured as described more fully below. Attachment A to this Complaint is incorporated into the Complaint by reference.

3.  Each Plaintiff was injured when he was required to perform work, during the course of his employment with defendant, which caused him to be exposed to asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes.

4.  During the course of each plaintiff's employment with Defendant, Defendant was engaged in interstate commerce as a common carrier by rail and all or part of each Plaintiff's duties were in furtherance of and did closely, directly and substantially affect interstate commerce. Wherefore, the rights and liabilities of the parties were and are governed by the Federal Employers Liability Act, 45 U.S.C., §§ 51 *et seq*.

5.  During the course of each Plaintiff's employment as shown on Attachment A, each Plaintiff was engaged in the scope and course of his employment with Defendant when he was required and caused to work in the vicinity of and be exposed to toxic substances including asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes which caused him to suffer permanent injuries to his lungs and/or other parts of his body as reflected on Attachment A.

6.  Each Plaintiff first became aware that his injuries were caused by his employment with Defendant within three years of the filing of this suit.

7.  Defendant by and through its authorized agents, servants, and employees, was guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers Liability Act:

>   a.  Negligently failed to provide each Plaintiff with a reasonably safe place to work;

    b.    Negligently failed to provide each Plaintiff with safe equipment including adequate protection masks and/or respiratory protection devices;

    c.    Negligently failed to warn each Plaintiff of the hazardous nature of asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes; and/or

    d.    Negligently failed to provide each plaintiff with safe and proper ventilation in his work place; and/or

    e.    Negligently failed to inspect its locomotives, cars, cabooses, appurtenances, and other equipment and buildings in order to determine their contamination by asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes; and/or

    f.    Negligently agreed with other railroads operating in Illinois to conceal the hazards of asbestos from their employees.

8. One or more of the foregoing negligent acts or omissions caused, in whole or in part, each Plaintiff to develop and suffer from respiratory illness and disease and/or other illness and disease.

9. As a result of each Plaintiff's illness and disease caused, in whole or in part, by Defendant's negligence each Plaintiff has suffered and will continue to suffer great pain and disability, genuine and serious mental anguish and extreme nervousness as a result of his reasonable concern over the prospects of developing cancer caused by asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes and each Plaintiff has incurred and will continue to incur great

3

Case 3:11-cv-00233-JPG -SCW Document 2 Filed 03/23/11 Page 4 of 7

expense in endeavoring to be cured of his illness and disease and each plaintiff has lost and will continue to lose large amounts of income because of his disability caused by the respiratory illness and disease.

10. This Court has subject matter jurisdiction over this suit pursuant to 28 USC §1331 in that this action arises under the statutes of the United States of America.

WHEREFORE, each Plaintiff named on Attachment A, prays that a judgment be entered in his favor against Defendant, CSX Transportation, Inc., in the amount of $2,500,000.00 plus costs of suit.

## COUNT II
## (BOILER INSPECTION)

1. Defendant is currently a railroad corporation engaged in the interstate business of transportation of goods in and through the jurisdiction of this Court.

2. Each Plaintiff listed on Attachment A became employed by Defendant in the occupation listed on Attachment A and in furtherance of each Plaintiff's employment duties was engaged in activities that materially and substantially affected interstate commerce when each Plaintiff was injured as described more fully below.

3. During the course of each Plaintiff's employment, defendant was engaged in interstate commerce as a common carrier by rail and all or part of the duties of each Plaintiff's employment involved the operation of locomotives or the presence in locomotives operated on defendant's line and were in furtherance of and did closely, directly, and substantially affect interstate commerce. Wherefore, the rights and liabilities of the parties were and are governed by the Locomotive Boiler Inspection Act, 49 U.S.C., §§ 20701 *et seq*.

4. As reflected in Attachment A, each Plaintiff was engaged in the course of

4

his employment with Defendant when he was required and caused to work in the vicinity of and be exposed to toxic substances including asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes emitted from and/or present in locomotives being operated on Defendant's line which caused him to suffer permanent injuries in the nature of respiratory disease and/or other illnesses as reflected on Attachment A.

5. Each Plaintiff first became aware that his injuries were caused by his employment with Defendant within three years of the filing of this suit.

6. Defendant, by and through its agents, servants, and employees, violated the Locomotive Boiler Inspection Act in one or more of the following respects:

    a. Failed to provide each Plaintiff with locomotives whose appurtenances were in proper and safe conditions;

    b. Required each Plaintiff to work on or near locomotives, which were defective because they were contaminated with asbestos and asbestos-containing products;

    c. Required each Plaintiff to work on or near locomotives, which were defective because they were contaminated with and emitted dangerous amounts of diesel exhaust; and/or

    d. Required each Plaintiff to work on or near locomotives, which were defective because they were contaminated with and emitted dangerous amounts of silica; and/or

    e. Required each Plaintiff to work on or near locomotives, which were defective because they were contaminated with and emitted dangerous amounts of environmental tobacco smoke.

7. One or more of the foregoing violations of the Locomotive Boiler

Inspection Act caused, in whole or in part, each Plaintiff to develop and suffer from illness and disease as reflected on Attachment A which is incorporated into this Complaint.

8.   As a result of each Plaintiff's illness and disease caused, in whole or in part, by Defendant's violations of the Locomotive Boiler Inspection Act, each Plaintiff has suffered and will continue to suffer great pain and disability, genuine and serious mental anguish and extreme nervousness as a result of his reasonable concern over the prospects of developing cancer caused by asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes and each Plaintiff has incurred and will continue to incur great expense in endeavoring to be cured of his respiratory illness and disease and each Plaintiff has lost and will continue to lose large amounts of income because of his disability caused by the illness and disease.

9.   This Court has subject matter jurisdiction over this suit pursuant to 28 USC §1331 in that this action arises under the statutes of the United States of America.

WHEREFORE, each Plaintiff named on Attachment A, prays that a judgment be entered in his favor and against Defendant, CSX Transportation, Inc., in the amount of $2,500,000.00, plus costs of suit.

s/William P. Gavin  
WILLIAM P. GAVIN IL#03127132  
Attorney for Plaintiffs-Lead Counsel  
GAVIN LAW FIRM  
#17 Park Place Professional Centre  
Belleville, Illinois 62226  
(618) 236-0100  
FAX: (618) 236-2684  
billg@gavinlaw.com

ROBERT NORTON, IL #58505
JONES, GRANGER, TRAMUTO & HALSTEAD
10000 Memorial Drive
Suite 888
P.O. Box 4340
Houston, TX 77210
(713) 688-0230
bnor@jonesgranger.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES O. MILLIGAN, )
)
and )
)
WILLIAM E. CASH, )
)
    Plaintiffs, )
)
vs. ) Case No. 3:11-cv-00233-JPG-SCW
) **ASBESTOS CASE**
CSX TRANSPORTATION, INC., )
)
    Registered Agent (CSX )
    Transportation, Inc.) Illinois )
    Corporation Services )
    801 Adlai Stevenson Drive )
    Springfield, IL 62703 )
)
    Defendant. )

**ATTACHMENT A-COMPLAINT**

| Name | Years Employed | Job/Craft | Illness | Date of Discovery |
|---|---|---|---|---|
| Charles O. Milligan | 1971-2008 | Bridge and Building Mechanic | Asbestosis, pleural disease, and laryngeal carcinoma | February 2, 2010 (asbestosis and pleural disease) and May 20, 2010 (laryngeal carcinoma) |
| William E. Cash | 1967-2007 | Machinist | Asbestosis and pleural disease | February 23, 2009 |

s/William P. Gavin
WILLIAM P. GAVIN IL#03127132
Attorney for Plaintiffs-Lead Counsel
GAVIN LAW FIRM
#17 Park Place Professional Centre
Belleville, Illinois 62226
(618) 236-0100
FAX: (618) 236-2684
billg@gavinlaw.com

ROBERT NORTON, IL #58505
JONES, GRANGER, TRAMUTO & HALSTEAD
10000 Memorial Drive
Suite 888
P.O. Box 4340
Houston, TX 77210
(713) 688-0230
bnor@jonesgranger.com