ADRMOP, E−Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:10−cv−03484−SI

Culver v. Allis−Chalmers Corporation Product Liability Trust et al

Assigned to: Hon. Susan Illston

Case in other court:  San Francisco County Superior Court, CGC−08−274739

Cause: 28:1441 Petition for Removal− Product Liability

Date Filed: 08/09/2010
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Federal Question

**Plaintiff**

| | |
|---|---|
| **Timothy Culver**<br>*as Wrongful Death Heir, and as Successor−in−Interest to ROBERT CULVER, Deceased* | represented by  **Richard Martin Grant**<br>Brayton Purcell LLP<br>222 Rush Landing Road<br>Novato, CA 94948−6169<br>415−898−1555<br>Fax: 415−898−1247<br>Email: RGrant@braytonlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**David R. Donadio**<br>Brayton Purcell LLP<br>222 Rush Landing Road<br>Novato, CA 94948−6169<br>(415) 898−1555<br>Fax: 415−898−1247<br>Email: DDonadio@braytonlaw.com<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

**Allis−Chalmers Corporation Product Liability Trust**

**Defendant**

**Crown Cork &Seal Company, Inc.**

**Defendant**

**Crane Co.**

**Defendant**

**Goodyear Tire &Rubber Company, The**

**Defendant**

**Thomas Dee Engineering Co., Inc.**

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**Garlock Sealing Technologies, LLC**

**Defendant**
General Electric Company

**Defendant**
Kaiser Gypsum Company, Inc.

**Defendant**
Owens−Illinois, Inc.

**Defendant**
Parker−Hannifin Corporation

**Defendant**
Quintec Industries, Inc.

**Defendant**
Uniroyal Holding, Inc.

**Defendant**
Viacom, Inc.

**Defendant**
Western MacArthur Company

**Defendant**
MacArthur Company

**Defendant**
Western Asbestos Company

**Defendant**
A.W. Chesterton Company

**Defendant**
Asbestos Corporation Limited

**Defendant**
General Dynamics Corporation

**Defendant**
Buffalo Pumps, Inc.

**Defendant**
IMO Industries, Inc.

**Defendant**
Ingersoll−Rand Company

**Defendant**
Metropolitan Life Insurance Company

**Defendant**
Kaiser Ventures LLC

**Defendant**

**United States Steel Corporation**
*Previously sued as Doe 4*
*formerly known as*
USX Corporation

represented by **David F. Beach**
Bishop | Barry | Drath
Watergate Tower III
2000 Powell Street
Suite 1425
Emeryville, CA 94608
510 596-0888
Fax: 510 596-0899
Email: dbeach@bishop-barry.com
*ATTORNEY TO BE NOTICED*

**Ray Z. Bacerdo**
Drath Murphy LLP
1999 Harrison Street, Suite 700
Oakland, CA 94612-3517
(510) 287-4000
Fax: (510) 287-4050
Email: rbacerdo@drathlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hopeman Brothers, Inc.**

**Defendant**

**J.T. Thorpe &Son, Inc.**

**Defendant**

**Todd Shipyards Corporation**

**Defendant**

**Syd Carpenter Marine Contractor, Inc.**

**Defendant**

**Chevron Shipping Company**

**Defendant**

**Honeywell International, Inc.**
*TERMINATED: 11/12/2010*

represented by **Richard Soo Chon**
Perkins Coie LLP
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111-3162
(415) 344-7000
Fax: (415) 344-7288
Email: rchon@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Luckenbach Steamship Company**

**Defendant**

**Hanson Permanente Cement, Inc.**
*formerly known as*
Kaiser Cement Corporation

**Defendant**

**Skinner Corporation**

**Defendant**

**Marylou Culver**
*TERMINATED: 11/12/2010*

represented by  **Richard Martin Grant**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/09/2010 | 1 | NOTICE OF REMOVAL of Action; No Process from San Francisco County Superior Court. Their case number is CGC–08–274739. (Filing fee $350.00 receipt number 34611049094). Filed by United States Steel Corporation. (Attachments: # 1 Civil Cover Sheet) (gba, COURT STAFF) (Filed on 8/9/2010) (Entered: 08/10/2010) |
| 08/09/2010 | 2 | NOTICE of Tag–A–Long Action by United States Steel Corporation (gba, COURT STAFF) (Filed on 8/9/2010) (Entered: 08/10/2010) |
| 08/09/2010 | 3 | ADR SCHEDULING ORDER: Case Management Statement due by 11/12/2010. Case Management Conference set for 11/19/2010 01:30 PM in Courtroom A, 15th Floor, San Francisco. (gba, COURT STAFF) (Filed on 8/9/2010) (Entered: 08/10/2010) |
| 08/09/2010 |  | CASE DESIGNATED for Electronic Filing. (gba, COURT STAFF) (Filed on 8/9/2010) (Entered: 08/10/2010) |
| 08/12/2010 | 4 | CERTIFICATE OF SERVICE by United States Steel Corporation *(of Notice of Removal; Notice of Tag–A–Long Action; Order Setting Initial Case Management Conference and ADR Deadlines, etc.)* (Beach, David) (Filed on 8/12/2010) (Entered: 08/12/2010) |
| 08/17/2010 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by Marylou Culver, Timothy Culver. (Grant, Richard) (Filed on 8/17/2010) (Entered: 08/17/2010) |
| 08/19/2010 | 6 | DEMAND for Trial by Jury by Marylou Culver, Timothy Culver. (Grant, Richard) (Filed on 8/19/2010) (Entered: 08/19/2010) |
| 08/24/2010 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klh, COURT STAFF) (Filed on 8/24/2010) (Entered: 08/24/2010) |
| 08/24/2010 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Susan Illston for all further proceedings. Judge Magistrate Judge Joseph C. Spero no longer assigned to the case.. Signed by Executive Committee on 8/24/10. (as, COURT STAFF) (Filed on 8/24/2010) (Entered: 08/24/2010) |
| 08/24/2010 | 9 | NOTICE of Substitution of Counsel by Richard Soo Chon *for Defendant Honeywell International Inc.* (Chon, Richard) (Filed on 8/24/2010) (Entered: 08/24/2010) |
| 09/08/2010 | 10 | MOTION to Remand *To California Superior Court* filed by Timothy Culver. Motion Hearing set for 10/15/2010 09:00 AM in Courtroom 10, 19th Floor, San Francisco. (Grant, Richard) (Filed on 9/8/2010) (Entered: 09/08/2010) |
| 09/13/2010 | 11 | Proposed Order re 10 MOTION to Remand *To California Superior Court* by Timothy Culver. (Attachments: # 1 Certification of service)(Grant, Richard) (Filed on 9/13/2010) (Entered: 09/13/2010) |
| 09/15/2010 | 12 | CLERKS NOTICE Continuing Motion Hearing Motion Hearing set for 11/4/2010 09:00 AM. (Attachments: # 1 Signature Page (Declarations/Stipulations)) The initial case management conference has been scheduled to occur on Thursday, December 16, 2010, at 2:30 p.m. (tf, COURT STAFF) (Filed on 9/15/2010) (Entered: 09/15/2010) |
| 09/15/2010 |  | Set/Reset Deadlines as to 10 MOTION to Remand *To California Superior Court.* Motion Hearing set for 11/4/2010 09:00 AM. (ys, COURT STAFF) (Filed on 9/15/2010) (Entered: 09/15/2010) |

| 09/15/2010 | | Set Deadlines/Hearings: Case Management Conference set for 12/16/2010 02:30 PM. (ys, COURT STAFF) (Filed on 9/15/2010) (Entered: 09/15/2010) |
|---|---|---|
| 10/08/2010 | 13 | Memorandum in Opposition re 10 MOTION to Remand *To California Superior Court* filed byUnited States Steel Corporation. (Attachments: # 1 Affidavit Declaration in Support of Opposition, # 2 Exhibit Exhibit A to the Declaration, # 3 Exhibit Exhibit B to the Declaration, # 4 Exhibit Exhibit C to the Declaration, # 5 Exhibit Exhibit D to the Declaration, # 6 Exhibit Exhibit E to the Declaration, # 7 Exhibit Exhibit F to the Declaration, # 8 Exhibit Exhibit G to the Declaration, # 9 Exhibit Exhibit H to the Declaration, # 10 Exhibit Exhibit I to the Declaration)(Beach, David) (Filed on 10/8/2010) (Entered: 10/08/2010) |
| 10/22/2010 | 14 | Reply to 13 Opposition *of United States Steel to Plaintiff's Motion to Remand* filed byTimothy Culver. (Grant, Richard) (Filed on 10/22/2010) Modified on 10/25/2010 (ys, COURT STAFF). (Entered: 10/22/2010) |
| 10/25/2010 | 15 | CERTIFICATE OF SERVICE by Marylou Culver, Timothy Culver re 14 Reply to Opposition (Grant, Richard) (Filed on 10/25/2010) (Entered: 10/25/2010) |
| 11/02/2010 | 16 | ORDER GRANTING DEFENDANT LEAVE TO RESPOND (SI, COURT STAFF) (Filed on 11/2/2010) (Entered: 11/02/2010) |
| 11/03/2010 | 17 | RESPONSE to *Plaintiff's Evidentiary Objection* by United States Steel Corporation. (Beach, David) (Filed on 11/3/2010) (Entered: 11/03/2010) |
| 11/05/2010 | 18 | Minute Entry: Motion Hearing (Date Filed: 11/5/2010). (Court Reporter Yeomans.) (tf, COURT STAFF) (Date Filed: 11/5/2010) (Entered: 11/05/2010) |
| 11/12/2010 | 19 | ORDER DENYING PLAINTIFF'S MOTION TO REMAND AS TO DEFENDANT U.S. STEEL; SEVERING CLAIMS AGAINST U.S. STEEL; AND REMANDING REMAINING CLAIMS TO STATE COURT re 10 . (SI, COURT STAFF) (Filed on 11/12/2010) (Entered: 11/12/2010) |
| 11/15/2010 | 20 | CLERKS NOTICE: Certified copy of docket entries and certified copy of remand order mailed to San Francsico County Superior Court. (ys, COURT STAFF) (Filed on 11/15/2010) (Entered: 11/15/2010) |
| 11/19/2010 | 21 | Receipt/Acknowledgmnet from San Francisco County Superior Court of certified copy of docket entries and certified copy of remand order. (ys, COURT STAFF) (Filed on 11/19/2010) (Entered: 11/22/2010) |
| 12/06/2010 | 22 | STIPULATION *TO AMEND ORDER DENYING PLAINTIFFS' MOTION FOR REMAND* by United States Steel Corporation. (Attachments: # 1 Proposed Order [Proposed] Order)(Beach, David) (Filed on 12/6/2010) (Entered: 12/06/2010) |
| 12/08/2010 | 23 | AMENDED ORDER DENYING MOTION TO REMAND AS TO STEEL AND REMANDING CASE TO STATE COURT (tf, COURT STAFF) (Filed on 12/8/2010) (Entered: 12/08/2010) |
| 12/09/2010 | 24 | CLERKS NOTICE: Certified copy of docket entries and certified copy of AMENDED Remand Order mailed to San Francisco County Superior Court. (ys, COURT STAFF) (Filed on 12/9/2010) (Entered: 12/09/2010) |
| 12/15/2010 | 25 | CLERKS NOTICE Initial Case Management Conference set for 2/11/2011 02:30 PM. (tfS, COURT STAFF) (Filed on 12/15/2010) (Entered: 12/15/2010) |
| 12/15/2010 | 26 | Receipt/Acknowledgment from San Francisco County Superior Court of certified copy of docket entries and certified copy of Amended remand order. (ys, COURT STAFF) (Filed on 12/15/2010) (Entered: 12/16/2010) |
| 02/04/2011 | 27 | NOTICE by United States Steel Corporation *of Tag-A-Long Action* (Beach, David) (Filed on 2/4/2011) (Entered: 02/04/2011) |
| 02/08/2011 | 28 | STIPULATION *to Continue The February 11, 2011 Case Management Conference* by United States Steel Corporation. (Attachments: # 1 Proposed Order (Proposed) Order Continuing Case Management Conference)(Beach, David) (Filed on 2/8/2011) (Entered: 02/08/2011) |

| 02/09/2011 | 29 | ORDER Initial Case Management Conference set for 4/12/2011 02:30 PM. (tf, COURT STAFF) (Filed on 2/9/2011) (Entered: 02/09/2011) |
|---|---|---|
| 03/30/2011 | 30 | CLERKS NOTICE Initial Case Management Conference set for 4/15/2011 02:30 PM. (tf, COURT STAFF) (Filed on 3/30/2011) (Entered: 03/30/2011) |
| 04/13/2011 | 31 | NOTICE by United States Steel Corporation *of Tag−Along Action* (Bacerdo, Ray) (Filed on 4/13/2011) (Entered: 04/13/2011) |
| 04/14/2011 | 32 | STIPULATION *to Continue the April 15, 2011 Case Management Conference* by United States Steel Corporation. (Attachments: # 1 Proposed Order (Proposed) Order Continuing the April 15, 2011 Case Management Conference)(Bacerdo, Ray) (Filed on 4/14/2011) (Entered: 04/14/2011) |
| 04/15/2011 | 33 | ORDER Initial Case Management Conference set for 6/3/2011 02:30 PM. re 32 Stipulation. (tf, COURT STAFF) (Filed on 4/15/2011) Modified on 4/18/2011 (ys, COURT STAFF). (Entered: 04/15/2011) |



1
David F. Beach (SBN 094847)
BISHOP | BARRY | DRATH
2
Watergate Tower III
2000 Powell Street, Suite1425
3
Emeryville, CA  94608
Telephone:     (510) 596-0888
4
Facsimile:      (510) 596-0899
E-mail:      dbeach@bishop-barry.com
5

6
Attorneys for Defendant,
UNITED STATES STEEL CORPORATION

7

8
UNITED STATES DISTRICT COURT

9
NORTHERN DISTRICT OF CALIFORNIA

10

11
TIMOTHY CULVER, et al.,                          **CV 10 3484**

                                                            Case No.:
12
        Plaintiffs,
                                                            NOTICE OF REMOVAL OF ACTION
13
v.                                                          UNDER 28 U.S.C. § 1441 (b)
                                                            [FEDERAL QUESTION]
14
ASBESTOS DEFENDANTS (BP), et al.,

15
        Defendants.

16

17

18
TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19
        PLEASE TAKE NOTICE that Defendant, United States Steel Corporation hereby removes

20
to this Court the state court action described below.

21
        1.       On July 15, 2008, an action was commenced in the Superior Court of the State of

22
California for the City and County of San Francisco entitled *Robert Culver, et al v Asbestos*

23
*Defendants*, Case Number CGC-08-274739.  United States Steel was not a party to that action.

24
On or about September 9, 2009, Robert Culver died.  A true and correct copy of the Complaint is

·25
attached as Exhibit A.

26
        2.       On or about January 8, 2010, a First Amended Complaint was filed in Action

27
Number CGC-08-274739 in which Timothy Culver was named Plaintiff, both as wrongful death

28
heir and as successor-in-interest to Robert Culver.  A true and correct copy of the First Amended

- 1 -

NOTICE OF REMOVAL OF ACTION

ORIGINAL

*Side text:* BISHOP | BARRY | DRATH   A Professional Corporation   Watergate Tower III   2000 Powell Street, Suite 1425   Emeryville, CA  94608   Tel. No. (510) 596-0888   Fax No. (510) 596-0899

1    Complaint is Attached as Exhibit B.

2         3.    Defendant was served with the First Amended Complaint on February 25, 2010.  A

3    true and correct copy of the Summons is attached as Exhibit C.

4         4.    The Complaint failed to set forth the basis of the claim as against United States

5    Steel.  Therefore, Special Interrogatories were propounded.  True and correct copies of the special

6    interrogatories are attached as Exhibit D.

7         5.    On or about July 23, 2010, Plaintiffs served responses to the special interrogatories.

8    True and correct copies of these responses are attached as Exhibit E.  This was Defendant's first

9    indication of the nature of the claim being prosecuted against it by plaintiffs.

10        6.    This action is a civil action of which this Court has original jurisdiction under 28

11   U.S.C. § 1442 (a) (1) as the vessels so identified were built under agreement with the United

12   States government and were acting under an officer of the United States.

13

14   DATED: August 5, 2010                    BISHOP | BARRY | DRATH

15

16                                      By _Clus  J Seul_____

17                                         David F. Beach
                                           Attorneys for Defendant
18                                         NAME OF PARTY REPRESENTED

19

20   G:\1ToxicTort\US Steel 301\Culver - 10187\PLEADING\PXnoticeofremoval.dfb.doc

21

22

23

24

25

26

27

28

BISHOP | BARRY | DRATH
A Professional Corporation
Watergate Tower III
2000 Powell Street, Suite 1425
Emeryville, CA  94608
Tel. No. (510) 596-0888   Fax No. (510) 596-0899

- 2 -

Exhibit A

1   DAVID R. DONADIO, ESQ., S.B. #154436
    ERIC C. SOLOMON, ESQ., S.B. #119131
2   BRAYTON❖PURCELL LLP
    Attorneys at Law
3   222 Rush Landing Road
    P.O. Box 6169
4   Novato, California  94948-6169
    (415) 898-1555
5
    Attorneys for Plaintiffs
6

**FILED**

San Francisco County Superior Court

**JUL 1 5 2008**

**GORDON PARK-LI, Clerk**
BY: _____
                    Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

**JUN 1 8 2009**  -1*PM

7

8                   SUPERIOR COURT OF CALIFORNIA    DEPARTMENT 206

9                       COUNTY OF SAN FRANCISCO

10                                                          **SUMMONS ISSUED**

11  ROBERT CULVER and                )   ASBESTOS
    MARYLOU CULVER,                  )   No.    **C G C - 0 8 - 2 7 4 7 3 9**
12                                   )
              Plaintiffs,            )
13                                   )   COMPLAINT FOR PERSONAL INJURY
    vs.                              )   AND LOSS OF CONSORTIUM -
14                                   )   ASBESTOS
    ASBESTOS DEFENDANTS (B❖P)        )
15  As Reflected on Exhibits B, B-1, C, D, H, )
    I; and DOES 1-8500; and SEE      )
16  ATTACHED LIST.                   )
                                     )
17

18        1.    Plaintiff ROBERT CULVER was born November 29, 1925.

19        2.    The ©Brayton❖Purcell Master Complaint for Personal Injury [and Loss of

20  Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San

21  Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may be

22  obtained upon request from Brayton❖Purcell, and designated portions of the Master Complaint

23  are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

24  Plaintiffs' claims are as set forth in said Master Complaint against defendants herein as follows:

25  ///

26  ///

27  ///

28

                                          1
**COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS**

*(left margin, vertical text)* BRAYTON❖PURCELL LLP / ATTORNEYS AT LAW / 222 RUSH LANDING ROAD / P O BOX 6169 / NOVATO, CALIFORNIA 94948-6169 / (415) 898-1555

*(left margin, vertical text)* THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO AMENDED G.O. 158

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1

2

3   ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST

4   BUCYRUS INTERNATIONAL, INC.
    CROWN CORK & SEAL COMPANY, INC.

5   CRANE CO.
    THE GOODYEAR TIRE & RUBBER COMPANY

6   THOMAS DEE ENGINEERING CO., INC.
    FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)

7   GARLOCK SEALING TECHNOLOGIES, LLC
    GENERAL ELECTRIC COMPANY

8   KAISER GYPSUM COMPANY, INC.
    OWENS-ILLINOIS, INC.

9   PARKER-HANNIFIN CORPORATION
    PLANT INSULATION COMPANY

10  QUINTEC INDUSTRIES, INC.
    RAPID-AMERICAN CORPORATION

11  UNIROYAL HOLDING, INC.
    VIACOM, INC.

12  WESTERN MacARTHUR COMPANY
    MacARTHUR COMPANY

13  WESTERN ASBESTOS COMPANY
    SB DECKING, INC.

14  A.W. CHESTERTON COMPANY

15  ASBESTOS CORPORATION LIMITED
    GENERAL DYNAMICS CORPORATION

16  BUFFALO PUMPS, INC.
    IMO INDUSTRIES, INC.

17  INGERSOLL-RAND COMPANY
    HOPEMAN BROTHERS, INC.

18  E.J. BARTELLS COMPANY
    J.T. THORPE & SON, INC.

19  CHEVRON SHIPPING COMPANY
    UNOCAL CORPORATION

20  HONEYWELL INTERNATIONAL, INC.
    GENERAL STEAMSHIP INT'L, LTD

21  WATERMAN STEAMSHIP CORPORATION
    AMERICAN HAWAIIAN STEAMSHIP COMPANY

22  LUCKENBACH STEAMSHIP COMPANY
    HANSON PERMANENTE CEMENT, INC. FORMERLY KNOWN AS KAISER CEMENT CORPORATION

23  SKINNER CORPORATION

24  METROPOLITAN LIFE INSURANCE COMPANY
    GATKE CORPORATION

25  AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
    UNDERWRITERS LABORATORIES, INC.

26  PNEUMO ABEX LLC
    and DOES 1-8500,

27

28          Defendants.

    Robert Culver and Marylou Culver vs. Asbestos Defendants (B❖P)
    San Francisco Superior Court

Case3:10-cv-03484-JCS   Document1   Filed08/09/10   Page6 of 62

## DEFENDANTS* ON EXHIBITS:

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ☒ | ☒ | | ☒ | | ☐ | | | | | ☐ | ☐ | ☐ |
| Second (Strict Liability) | ☒ | ☒ | | | | | ☐ | | | | ☐ | ☐ | |
| Third (False Representation) | ☒ | ☒ | | | | | ☐ | | | | | | |
| Fourth (Loss of Consortium) | ☒ | ☒ | ☒ | ☒ | ☐ | ☐ | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Fifth (Premises Owner/ Contractor Liability) | | ☒ | ☒ | | | | | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act],Maintenance and Cure) | | | | ☒ | | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | ☐ | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | ☐ | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | ☐ | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | ☒ | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | ☒ | | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | | ☐ | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

3.      Plaintiff's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibit A.

4.      Plaintiffs were married on July 17, 1982.

5.      Plaintiffs' claims against defendant VIACOM, INC. (successor by merger to CBS CORPORATION which is successor-in-interest to WESTINGHOUSE ELECTRIC CORPORATION) exclude military and federal government jobsites.

Dated: 7|4|08                    BRAYTON❖PURCELL LLP

                                By: _____
                                    David R. Donadio
                                    Attorneys for Plaintiffs

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

# EXHIBIT A

 

1

## EXHIBIT A

2    Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

3    locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Standard Oil Company of California | W.S. MILLER (1920) | Fireman | 1/29/1944-4/4/1944 |
| Union Oil Co. of California | SS ALBERT J. BERRES (1943) | Wiper | 5/10/1944 -6/12/1944 |
|  |  | Fireman | 6/13/1944-8/16/1944 |
|  |  | Oiler | 8/16/1944-8/19/1944 |
|  | Todd Shipyard, San Pedro, CA |  | 1944 |
| Union Sulphur Co. | JOSEPH A. HOLMES (1943) | Oiler | 11/27/1944-4/21/1945 |
| Unknown Employer | Todd Shipyard, Seattle, WA | Oiler | 1/1/1945-12/31/1949 (2 weeks) |
| Unknown Employer | CZECHOSLOVAKIA VICTORY (1944) | Fireman | 5/30/1945-8/31/1945 |
| Olympic Steamship Co., Inc. | SS CLARKSBURG VICTORY (1945) | Oiler | 10/22/1945-4/24/1946 |
| General Steamship Corp., Ltd. | SS ENID VICTORY (1945) | Oiler | 7/11/1946-9/27/1946 |
| Matson Navigation Co. | SEA BLENNY (1945) | Oiler | 3/19/1947-4/7/1947 |
| Pope & Talbot, Inc. | SS CHRISTOPHER FLANAGAN | Oiler | 5/9/1947-9/9/1947 |
| Union Sulphur Co. | CORNELIUS FORD (1944) | Oiler | 9/27/1947-1/5/1948 |
| Sudden & Christenson, Inc. | MARCUS DALY (1943) | Oiler | 2/17/1948-10/8/1948 |

27    ///

28    ///

EXHIBIT A

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS



**EXHIBIT A (cont'd.)**

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Waterman Steamship Corporation | WILLIAM BLACK YATES | Oiler | 1/28/1949-8/2/1949 |
| American Hawaiian Steamship Co. | CARDINAL GIBBONS (1942) | Oiler | 10/4/1949-10/7/1949 |
| Luckenbach Steamship Co., Inc. | SS PINE BLUFF VICTORY (1945) | Oiler | 12/30/1949-7/25/1950 |
| Matson Navigation Co. | SS HAWAIIAN FORESTER (1944) | Oiler | 3/2/1951-5/17/1951 |
| Permanente Cement Company Seattle, WA | PERMANENTE SILVERBOW (1944) | Oiler | 5/21/1951-7/3/1951 |
| Pacific Far East Lines, Inc. | CANADA BEAR (1945) | Oiler | 11/14/1951-12/20/1951 |
| Unknown Employer | SCHUYLER | Oiler | 1/26/1952-11/3/1952 |
| | Port in Yokohama, Japan | | 1952 |
| | Port in Busan, Korea | | 1952 |
| Alaska Steamship Company, Seattle, WA | CHENA | Oiler | 5/6/1953-11/19/1953 |
| | Ports in Juneau, AK; Ketchikan, AK; Sitka, AK; Valdez, AK | | 1953 |
| Seattle Gas Company, Seattle, WA | Seattle Gas Company, Seattle, WA | Fireman | 1953 (4 months) |
| Seattle Unified School District, 2443 3rd Ave. S., Seattle, WA | Sharples Junior High School, Seattle, WA | Janitor | 4/6/1954-6/20/1954 |
| Seattle Unified School District, 2443 3rd Ave. S., Seattle, WA | Fauntleroy Grade School, Seattle, WA | Engineer | 6/20/1954-7/20/1955 |
| Seattle Unified School District, 2443 3rd Ave. S., Seattle, WA | West Seattle High School Seattle, WA | Engineer (Foreman) | 7/20/1955-6/5/1956 |
| | Franklin High School, Seattle, WA | | 6/5/1956-6/20/1958 |

///

EXHIBIT A

K:\bkund\10894\7comp-pleql.wpd

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Seattle Unified School District, 2443 3rd Ave. S., Seattle, WA | Concord Grade School, Seattle, WA | Head Custodial Engineer | 6/20/1958- 6/5/1961 |
| | E. C. Hughes, Seattle, WA | | 6/5/1961- 10/14/1966 |
| | Marshall Junior High School, Seattle, WA | | 10/14/1966- 1/7/1967 |
| | McClure Junior High School, Seattle, WA | | 1/7/1967-1/4/1971 |
| | West Seattle High School Seattle, WA | | 1/4/1971-7/5/1978 |
| | Seattle High School Seattle, WA | | 7/5/1978- 5/30/1982 |

Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma, lung cancer and various other cancers. Plaintiff was diagnosed with asbestosis and asbestos-related pleural disease on or about August 2007.

Plaintiff retired from his last place of employment at regular retirement age. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

EXHIBIT A

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT B

### DEFENDANTS

| | |
|---|---|
| ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST | QUINTEC INDUSTRIES, INC. |
| BUCYRUS INTERNATIONAL, INC. | RAPID-AMERICAN CORPORATION |
| CROWN CORK & SEAL COMPANY, INC. | UNIROYAL HOLDING, INC. |
| CRANE CO. | VIACOM, INC. |
| THE GOODYEAR TIRE & RUBBER COMPANY | WESTERN MacARTHUR COMPANY |
| THOMAS DEE ENGINEERING CO., INC. | MacARTHUR COMPANY |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | WESTERN ASBESTOS COMPANY |
| GARLOCK SEALING TECHNOLOGIES, LLC | SB DECKING, INC. |
| GENERAL ELECTRIC COMPANY | A.W. CHESTERTON COMPANY |
| KAISER GYPSUM COMPANY, INC. | ASBESTOS CORPORATION LIMITED |
| OWENS-ILLINOIS, INC. | GENERAL DYNAMICS CORPORATION |
| PARKER-HANNIFIN CORPORATION | BUFFALO PUMPS, INC. |
| PLANT INSULATION COMPANY | IMO INDUSTRIES, INC. |
| | INGERSOLL-RAND COMPANY |
| | DOES 1-800 |

### ALTERNATE ENTITY

| | |
|---|---|
| BUCYRUS INTERNATIONAL, INC. | BUCYRUS-ERIE |
| | MARION POWER SHOVEL COMPANY, THE |
| | OSGOOD COMPANY |
| | GENERAL EXCAVATOR COMPANY |
| CROWN CORK & SEAL COMPANY, INC. | MUNDET CORK COMPANY |
| CRANE CO. | CRANE COMPANY |
| | CRANE PLUMBING & HEATING |
| | CRANE PUMPS & SYSTEMS, INC. |
| | CRANE SUPPLY |
| | BURK PUMPS |
| | MIDWEST PIPING CO. |
| | MIDWEST PIPING & SUPPLY CO. |
| | MIDWEST INVESTMENT |
| | PACIFIC STEEL BOILER CORPORATION |
| | PACIFIC VALVES |
| | CRANE VALVE GROUP |
| | DEMING PUMPS |
| | REPCAL BRASS MANUFACTURING CO. |
| | CHAPMAN VALVE COMPANY |
| | JENKINS BROS. |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| PARKER-HANNIFIN CORPORATION | SACOMA-SIERRA, INC. |
| | SACOMA MANUFACTURING COMPANY |
| | E.I.S. AUTOMOTIVE CORPORATION |
| | CONDREN CORPORATION, THE |
| | PARKER SEAL COMPANY |

///

EXHIBIT B

K:\dient\NEW7\comp-phyl.wpd
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

| | |
|---|---|
| 1 | **EXHIBIT B (cont'd.)** |
| 2 | **ALTERNATE ENTITY** |
| 3 | GARLOCK SEALING | GARLOCK, INC. |
| | TECHNOLOGIES, LLC | COLTEC INDUSTRIES, INC. |
| 4 | | FAIRBANKS-MORSE |
| | | FAIRBANKS MORSE ENGINES |
| 5 | | BELMONT PACKING & RUBBER CO. |
| | | GARLOCK PACKING CO. |
| 6 | | U.S. GASKET CO. |
| | | GOODRICH CORPORATION |
| 7 | | ENPRO INDUSTRIES, INC. |
| 8 | GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| 9 | | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | | G E INDUSTRIAL SYSTEMS |
| 10 | | CURTIS TURBINES |
| | | PARSONS TURBINES |
| 11 | | GENERAL ELECTRIC JET ENGINES |
| 12 | UNIROYAL HOLDING, INC. | UNIROYAL, INC. |
| 13 | VIACOM, INC. | CBS CORPORATION |
| | | WESTINGHOUSE ELECTRIC CORPORATION |
| 14 | | WESTINGHOUSE ELECTRIC AND |
| | | MANUFACTURING COMPANY |
| 15 | | B.F. STURTEVANT |
| | | KPIX TELEVISION STATION |
| 16 | | PARAMOUNT COMMUNICATIONS, INC. |
| 17 | WESTERN MacARTHUR | WESTERN ASBESTOS CO. |
| | COMPANY | MAC ARTHUR COMPANY |
| 18 | | BAY CITIES ASBESTOS COMPANY |
| | | F.K. PINNEY, INC. |
| 19 | | |
| | ASBESTOS CORPORATION LIMITED | GENERAL DYNAMICS CORPORATION |
| 20 | | |
| | GENERAL DYNAMICS CORPORATION | CONVAIR |
| 21 | | VULTEE AIRCRAFT INC. |
| | | CONSOLIDATED VULTEE AIRCRAFT CORPORATION |
| 22 | | ASBESTOS CORPORATION LIMITED |
| 23 | IMO INDUSTRIES, INC. | TRANSAMERICA DELAVAL, INC. |
| | | ENTERPRISE ENGINE & MACHINERY CO. |
| 24 | | DE LAVAL STEAM TURBINE, INC. |
| | | DELAVAL STEAM TURBINE |
| 25 | | DELAVAL INDUSTRIES INC. |
| | | DE LAVAL TURBINE, INC. |
| 26 | | GENERAL METALS CORPORATION |
| | | CROW CENTRIFUGAL PUMPS |
| 27 | /// | |
| 28 | /// | **EXHIBIT B** |

K:\Inland\10047\comp-pleal.wpd

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

INGERSOLL-RAND COMPANY

INGERSOLL-DRESSER PUMP
DRESSER-RAND CO.
PACIFIC PUMP WORKS
FLOWSERVE CORPORATION
INGERSOLL ROCK DRILL COMPANY
TERRY STEAM TURBINE CO.
WHITON MACHINE COMPANY
RAND DRILL COMPANY
RAND & WARING DRILL AND COMPRESSOR COMPANY
INGERSOLL-SERGEANT
SCHLAGE LOCK COMPANY
VON DUPRIN
THE TORRINGTON COMPANY
BLAW-KNOX COMPANY
ALDRICH PUMPS

EXHIBIT B

K:\Inkyard\10842\Compcol\cpd.wpd

11
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

# EXHIBIT B-1

1

**EXHIBIT B-1**

2    DEFENDANTS

3    E.J. BARTELLS COMPANY
     HOPEMAN BROTHERS, INC.
4    THOMAS DEE ENGINEERING CO., INC.
     J.T. THORPE & SON, INC.
5    DOES 1-800; DOES 1001-2000

6                                    ALTERNATE ENTITY

7    J.T. THORPE & SON, INC.         THE THORPE COMPANY
                                     THORPE PRODUCTS CO.
8                                    J.T. THORPE NORTHWEST

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                      EXHIBIT B-1

K:\injured\10894\Temp-plfcpl.wpd                **13**

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

**EXHIBIT C**

1

## EXHIBIT C

2  **DEFENDANTS**

3  HOPEMAN BROTHERS, INC.                     WESTERN MacARTHUR COMPANY
   E.J. BARTELLS COMPANY                      MacARTHUR COMPANY
4  THOMAS DEE ENGINEERING CO., INC.           WESTERN ASBESTOS COMPANY
   J.T. THORPE & SON, INC.                    DOES 1001-2000
5  PLANT INSULATION COMPANY

6  CONTRACTOR
   **DEFENDANTS**                  **LOCATION**              **TIME PERIOD**
7
   HOPEMAN BROTHERS, INC.           Various                   Various
8
   E.J. BARTELLS COMPANY            Various                   Various
9
   THOMAS DEE ENGINEERING CO., INC. Various                   Various
10
   J.T. THORPE & SON, INC.          Various                   Various
11
   PLANT INSULATION COMPANY         Various                   Various
12
   WESTERN MacARTHUR                Various                   Various
13 COMPANY/MacARTHUR
   COMPANY/WESTERN ASBESTOS
14 COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                           EXHIBIT C

K:\Inland\10xxx\Ccmp-c&trl.wpd

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

Exhibit B

1   DAVID R. DONADIO, ESQ., S.B. #154436
    BRAYTON♦PURCELL LLP
2   Attorneys at Law
    222 Rush Landing Road
3   P.O. Box 6169
    Novato CA 94948-6169
4   (415) 898-1555

5   Attorneys for Plaintiff

6

7                      SUPERIOR COURT OF CALIFORNIA

8                        COUNTY OF SAN FRANCISCO

9   TIMOTHY CULVER, as Wrongful Death          ASBESTOS
    Heir, and as Successor-in-Interest to      No. CGC-08-274-739
10  ROBERT CULVER, Deceased,

11                       Plaintiff,            FIRST AMENDED COMPLAINT FOR
                                               SURVIVAL, WRONGFUL DEATH -
12  vs.                                        ASBESTOS

13  ASBESTOS DEFENDANTS (B♦P)
    As Reflected on Exhibits B, B-1, C, D, H,
14  I, J, N; MARYLOU CULVER and DOES
    1-8500; SEE ATTACHED LIST.
15

16      1.   ROBERT CULVER (hereinafter and in the Complaint referred to as "decedent")

17  died on September 7, 2009.

18      2.   TIMOTHY CULVER is the Successor-in-Interest to decedent.

19      3.   The heirs-at-law of decedent and their relationships to the decedent are:

20  NAME                    AGE              RELATIONSHIP TO DECEDENT

21  Timothy Culver          57               Son
    Marylou Culver          Over 18          Spouse
22

23      4.   Plaintiff brings this action as specified in Section 377.60 of the Code of Civil

24  Procedure as decedent's legal heirs.  MARYLOU CULVER is an heir of decedent and entitled to

25  bring this action pursuant to section 377.60 of the Code of Civil Procedure.  Although

26  MARYLOU CULVER is an heir of decedent and entitled to bring this action pursuant to Section

27  377.60 of the Code of Civil Procedure, she is named as defendant in this action pursuant to

28  Section 382 of the Code of Civil Procedure because her consent to be joined cannot be obtained.

FIRST AMENDED COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

JAN 08 2010
GORDON PARK-LI, Clerk
BY: WILLIAM TRUPEK
Deputy Clerk

BRAYTON⬥PURCELL, LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1   ALLIS-CHALMERS CORPORATION PRODUCT
    LIABILITY TRUST
2   CROWN CORK & SEAL COMPANY, INC.
    CRANE CO.
3   THE GOODYEAR TIRE & RUBBER COMPANY
    THOMAS DEE ENGINEERING CO., INC.
4   FOSTER WHEELER LLC (FKA FOSTER
    WHEELER CORPORATION)
5   GARLOCK SEALING TECHNOLOGIES, LLC
6   GENERAL ELECTRIC COMPANY
    KAISER GYPSUM COMPANY, INC.
7   OWENS-ILLINOIS, INC.
    PARKER-HANNIFIN CORPORATION
8   QUINTEC INDUSTRIES, INC.
    UNIROYAL HOLDING, INC.
9   VIACOM, INC.
    WESTERN MacARTHUR COMPANY
10  MacARTHUR COMPANY
    WESTERN ASBESTOS COMPANY
11  A.W. CHESTERTON COMPANY
    ASBESTOS CORPORATION LIMITED
12  GENERAL DYNAMICS CORPORATION
    BUFFALO PUMPS, INC.
13  IMO INDUSTRIES, INC.
    INGERSOLL-RAND COMPANY
14  METROPOLITAN LIFE INSURANCE COMPANY
    KAISER VENTURES LLC (Previously sued as Doe 3)
15  UNITED STATES STEEL CORPORATION (FKA
    USX CORPORATION) (Previously sued as Doe 4)
16  HOPEMAN BROTHERS, INC.
17  J.T. THORPE & SON, INC.
    TODD SHIPYARDS CORPORATION
18  SYD CARPENTER MARINE CONTRACTOR, INC.
    CHEVRON SHIPPING COMPANY
19  HONEYWELL INTERNATIONAL, INC.
    LUCKENBACH STEAMSHIP COMPANY
20  HANSON PERMANENTE CEMENT, INC.
    FORMERLY KNOWN AS KAISER CEMENT
21  CORPORATION
    SKINNER CORPORATION
22  MARYLOU CULVER
23  and DOES 1-8500,

24      Defendants.

25  Timothy Culver, et al., vs. Asbestos Defendants (B⬥P)
    San Francisco Superior Court No. 274739
26

27

28

1    5.    Plaintiff's claims are as set forth in ©Brayton◆Purcell Master Complaint for

2  [Survival] [Loss of Consortium] Wrongful Death (hereinafter "Master Complaint") - Asbestos

3  No. 828684 filed March 3, 2003, in San Francisco Superior Court.  A copy of the Master

4  Complaint and General Order No. 55 may be obtained upon request from Brayton◆Purcell, and

5  designated portions of the Master Complaint are incorporated by reference herein pursuant to the

6  authority conferred by General Order No. 55.  Plaintiff's claims are as set forth in said Master

7  Complaint against defendants herein as follows:

8  ///

9  ///

10  ///

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS* ON EXHIBITS:**

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence-Survival) | ☒ | ☒ | | ☒ | | ☐ | ☐ | | | | ☐ | ☐ | ☐ | |
| Second (Products Liability-Survival) | ☒ | ☒ | | | | | ☐ | | | | ☐ | | | |
| Third (False Representation) | ☒ | ☒ | | | | | ☐ | | | | | | | |
| Fourth (Loss of Consortium) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| Fifth (Negligence-Wrongful Death) | ☒ | ☒ | | ☒ | ☐ | ☐ | | | | | ☐ | ☐ | ☐ | |
| Sixth (Products Liability-Wrongful Death) | ☒ | ☒ | | | | | ☐ | | | | ☐ | ☐ | | |
| Seventh (Premises Owner/Contractor Liability) | | ☒ | ☒ | | | | | | | | | | | |
| Eighth, Ninth, Tenth (Unseaworthiness, Negligence [Jones Act],Maintenance and Cure) | | | | ☒ | | | | | | | | | | |
| Eleventh (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | | |
| Twelfth, Thirteenth (F.E.L.A.) | | | | | | ☐ | | | | | | | | |
| Fourteenth, Fifteenth (Respiratory Safety Devices) | | | | | | | ☐ | | | | | | | |
| Sixteenth, Seventeenth (Brake Shoe Grinding) | | | | | | | ☐ | | | | | | | |
| Eighteenth (Concert of Action) | | | | | | | | ☒ | | | | | | |
| Nineteenth (Fraud, Deceit/Negligent Misrepresentation) | | | | | | | | | ☒ | | | | | |
| Twentieth (Fraud and Deceit/Concealment) | | | | | | | | | ☒ | | | | | |
| Twenty-First (Fraud and Deceit/Intentional Misrepresentation) | | | | | | | | | | ☒ | | | | |
| Twenty-Second (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | | |
| Twenty-Third (Aiding/Abetting Battery - Met Life) | | | | | | | | | | | | | | ☒ |
| Twenty-Fourth (Civil Battery as Against All Defendants) | ☒ | ☒ | ☒ | ☒ | ☐ | ☐ | ☐ | ☒ | ☒ | ☒ | ☐ | ☐ | ☐ | ☒ |

6.    Decedent's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibit A.

7.    Plaintiff claims against defendant VIACOM, INC. (successor by merger to CBS CORPORATION which is successor-in-interest to WESTINGHOUSE ELECTRIC CORPORATION) exclude decedent's asbestos exposure at military and federal government jobsites and aboard U.S. Navy vessels.

8.    Plaintiff's claims against defendant FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) exclude decedent's asbestos exposure at military and federal government jobsites and aboard U.S. Navy vessels.

9.    Plaintiffs hereby amend the Master Complaint on file herein, to incorporate a new Twenty-Third Cause of Action, set forth below, specially plead against the defendant listed on Exhibit N, namely METROPOLITAN LIFE INSURANCE COMPANY. (Plaintiffs are in the process of amending the Master Complaint herein and will include this new Cause of Action in said amendment.)

## "TWENTY-THIRD CAUSE OF ACTION
### Aiding and Abetting Battery
[Against Metropolitan Life Insurance Company
and Does 7501-7900, Inclusive]

AS AND FOR A FURTHER, TWENTY-THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR AIDING AND ABETTING BATTERY, PLAINTIFF(S) COMPLAINS OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANTS ON EXHIBIT N, DOES 7501-7900, THEIR ALTERNATE ENTITIES AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

239.    Plaintiff incorporates herein by reference, as though fully set forth hereat, each and every allegation of the First through Third and Eighteenth, Nineteenth, Twentieth, and Twenty-First Causes of Action as though fully set forth herein. (As used throughout this cause of action, 'plaintiff' refers to all named plaintiffs and/or all named decedents from whom the named plaintiffs' injuries may derive.)

K:\Injures\1089\Plea\CMP-1AMND-WDSU.wpd

**4**

FIRST AMENDED COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

1      240.  This cause of action is for the aiding and abetting of battery by METROPOLITAN

2    LIFE INSURANCE COMPANY ("MET LIFE"), primarily through its assistant medical

3    director Anthony Lanza, M.D., of a breach of duty committed by Johns-Manville Corporation

4    ("J-M").

5      241.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

6    mentioned defendant MET LIFE was and is a corporation organized and existing under and by

7    virtue of the laws of the State of New York or the laws of some other state or foreign

8    jurisdiction, and that this defendant was and is authorized to do and/or was and is doing

9    business in the State of California, and regularly conducted or conducts business in the County

10   of San Francisco, State of California.  At times relevant to this cause of action, MET LIFE was

11   an insurer of J-M.

12      242.  Plaintiff, was exposed to asbestos-containing dust created by the use of the

13   asbestos products manufactured, distributed and/or supplied by J-M. This exposure to the

14   asbestos or asbestos-related products supplied by J-M caused Plaintiff's asbestos-related disease

15   and injuries.

16      243.  Starting in 1928, MET LIFE sponsored studies of asbestos dust and asbestos-

17   related disease in Canadian mines and mills, including those of J-M. Those studies revealed

18   that miners and mill workers were contracting asbestosis at relatively low levels of dust.

19   McGill University, which conducted the studies, sought permission from MET LIFE to publish

20   the results but they were never published.  MET LIFE prepared its own report of these studies.

21      244.  Between 1929 and 1931, MET LIFE studied dust levels and disease at five U.S.

22   plants manufacturing asbestos-containing products, including a J-M plant.  Those studies

23   showed that workers in substantial numbers were contracting asbestosis, at levels less than what

24   became the Threshold Limit Value ("TLV") of 5mppcf.  The MET LIFE report was never

25   published or disseminated except to plant owners, including J-M.

26      245.  In 1932, MET LIFE studied dust levels and disease at the J-M plant at Manville,

27   New Jersey.  Results were consistent with those of the Canadian and previous U.S. plant

28   studies.  They were never published.

1     246. In 1934, J-M and others whose plants MET LIFE had studied agreed with MET

2 LIFE that it should issue a report of its studies.

3     247. MET LIFE submitted a draft of its report to J-M. J-M requested, for legal and

4 business reasons, that certain critical parts of the draft be changed. MET LIFE's official in

5 charge was Lanza. MET LIFE through Lanza did make changes that J-M requested, including:

6     (a)     Deletion of MET LIFE's conclusion that the permissible dust level for asbestos

7              should be less than that for silica;

8     (b)     Addition of the phrase that asbestosis clinically appeared to be milder than

9              silicosis.

10 The report, thus altered, was published in 1935. It was misleading, and intentionally so,

11 because it conveyed the incorrect propositions that asbestosis was a less serious disease process

12 than silicosis and that higher levels of asbestos dust could be tolerated without contracting

13 diseases than was the case for silica dust.

14     248. MET LIFE had a close relationship with J-M. It invested money in J-M. It

15 provided group health and life insurance to J-M. MET LIFE IN 1934 agreed to supply

16 industrial hygiene services to J-M, including dust counts, training employees to monitor dust

17 levels, examining employees, and recommending protective equipment. MET LIFE and Lanza

18 were viewed as experts on industrial dusts.

19     249. In 1933, MET LIFE through Lanza issued the following advices to J-M:

20     (a)     Disagreeing with the recommendation of a J-M plant physician, MET LIFE

21              advised against warning workers of the fact that asbestos dust is hazardous to

22              their health, basing its advice in view of the extraordinary legal situation;

23     (b)     When the plant physician judged the best disposition of an employee with

24              asbestosis was to remove him from the dust, MET LIFE advised instead that

25              disposition should depend on his age, nature of work and other factors and to

26              leave him alone if he is old and showing no disability, for, MET LIFE stated,

27              economic and production factors must be balanced against medical factors.

28 ///

1    250. J-M followed the MET LIFE advices and did not warn its workers, including

2    plaintiff, of the hazards of asbestos dust, and J-M also intentionally refrained from notifying

3    workers of their disease.

4    251. In 1936, MET LIFE, J-M and others founded the Air Hygiene Foundation

5    ("AHF"). One of the AHF purposes was to develop standards for dust levels that would serve

6    as a defense in lawsuits and workers' compensation claims.

7    252. MET LIFE funded partially another study that tentatively recommended in 1938 a

8    TLV for asbestos dust of 5mpccf, the same as for silica dust. MET LIFE was aware of data

9    from its own, unpublished reports that showed that level was too high for asbestos dust. MET

10   LIFE nonetheless promoted that TLV as proper.

11   253. In June 1947, the Industrial Hygiene Foundation ("IHF") which succeeded to the

12   AHF, issued a report of studies by Dr. Hemeon of U.S. asbestos plants, including a J-M plant.

13   That report showed that workers exposed to less than the recommended maximum levels of

14   dust were developing disease. MET LIFE was a member of the IHF and Lanza was on its

15   medical committee. The Hemeon report, which was supplied to J-M and other owners, never

16   was published.

17   254. In 1936, J-M and other asbestos companies agreed with a leading medical research

18   facility, Saranac Laboratories, that Saranac would research asbestos disease, but J-M and the

19   others retained control over publication of the results. In 1943 Saranac's Dr. Leroy Gardner, in

20   charge of the research, sent a draft to J-M that revealed that 81.8% of mice exposed to long

21   fiber asbestos contracted cancer.

22   255. Dr. Gardner died in 1946. J-M and other companies wanted parts of the Saranac

23   results published and enlisted the assistance of MET LIFE's Lanza. J-M and other companies

24   decided that Saranac's findings of cancer caused by asbestos in mice must be deleted, as well as

25   Saranac's critique of existing dust standards. Lanza directed Saranac to delete the offending

26   materials. Saranac did so, and the altered report was published in 1951 by Saranac's Dr.

27   Vorwald, in the *AMA Archives of Industrial Hygiene*.

28   ///

1   256. Lanza left MET LIFE at the end of 1948, and took a position at New York

2   University, funded by MET LIFE. He continued to misrepresent that asbestos does not cause

3   cancer into the 1950s.

4   257. The IHF (formerly AHF), of which MET LIFE was a member and MET LIFE

5   official was on its medical committee, through Drs. Braun and Truan conducted a study of

6   Canadian miners. The original report, in 1957, found an increased incidence of lung cancer in

7   persons exposed to asbestos. The sponsors, including J-M, caused those findings to be stricken,

8   and the report published in 1958 contained the false conclusion that asbestos exposure alone did

9   not increase the risk of lung cancer.

10   258. The false and misleading reports that a link between asbestos exposure and cancer

11   was not proven influenced the TLV, for if a substance causes cancer the TLV must be very low

12   or zero.

13   259. J-M not later than 1933 was inflicting asbestos dust on its workers in its plants

14   knowing that the dust was hazardous and was causing workers to contract disease that could

15   and would disable and kill them. As MET LIFE advised, J-M did not warn its workers of the

16   hazard. J-M committed battery on workers in its plants, including plaintiffs' decedent, by that

17   conduct.

18   260. MET LIFE knew that J-M's conduct constituted a breach of its duties to its

19   workers. MET LIFE gave substantial assistance to J-M in committing batteries on its workers,

20   including plaintiff's decedent, through MET LIFE's conduct described above, including by:

21   (a)   Affirmatively urging J-M not to warn workers of the hazards of asbestos dust, in

22        view of the extraordinary legal situation, such that J-M did not warn its workers,

23        including plaintiff's decedent;

24   (b)   Deleting the findings of its own draft report that the allowable limits for asbestos

25        dust should be less than those for silica dust, and promoting a false and unsafe

26        TLV which specified maximum levels of silica dust, and promoting a false and

27        unsafe TLV which specified maximum levels of dust for workers, including

28        plaintiffs' decedent, which MET LIFE knew was wrong through its own studies;

1    (c)    Advising J-M to keep certain workers continuing to work at dusty areas in the

2    plant even after J-M was aware that their lungs showed asbestos-induced

3    changes, lest other workers including plaintiffs' decedent be alerted to the

4    dangers of working in the dust.

5    10.    Plaintiffs hereby amend the Master Complaint on file herein, to incorporate a

6  new Twenty-Fourth Cause of Action as set forth below:

7          **"TWENTY-FOURTH CAUSE OF ACTION FOR CIVIL BATTERY**
                 **AS AGAINST ALL DEFENDANTS AND EACH OF THEM**

8

9      AS AND FOR A FURTHER, TWENTY-FOURTH, SEPARATE, AND DISTINCT

10  CAUSE OF ACTION FOR CIVIL BATTERY, PLAINTIFFS COMPLAIN OF ALL

11  DEFENDANTS HEREIN, DOES 1-8500, AND EACH OF THEM AND ALLEGES:

12    261.    Plaintiffs incorporate herein by reference, as though fully set forth hereat, each

13  and every allegation contained in the Second, Fourth and Seventh Causes of Action of the

14  Master Complaint for Wrongful Death.

15    262.    In and by the acts, omissions and other conduct herein set forth, defendants, and

16  each of them, intended the conduct, acts, omissions, consequences and results, did what they

17  intended to do and thereby caused the unlawful, harmful and dangerous injurious physical non-

18  consented to touching of and contact with decedent and his person with asbestos, asbestos

19  fibers, dust, and other particulates, to include, but not be limited to, decedent's mucociliary

20  escalator, gastrointestinal tract, upper and lower respiratory tract, lungs, bronchioles, alveoli,

21  alveolar macrophages, fibroblasts, cells, pleura, serosal membranes, lymphatics, organs and

22  other aspects of decedent's body.

23    263.    In and by the acts, omissions and other conduct herein set forth, decedent was

24  harmed as herein set forth, which physical touching was offensive to decedent and a reasonable

25  person in decedent's circumstances as herein set forth.

26  ///

27  ///

28  ///

1     264.   As a result of the tortious conduct herein set forth, and defendant's civil battery

2  on decedent, plaintiffs have suffered the injuries, damages, losses and harms set forth herein.

3     WHEREFORE, plaintiffs pray judgment as is hereinafter set forth."

4  Dated: 11/24/09               BRAYTON❖PURCELL LLP

5

6                             By:

7                              David R. Donadio
                               Attorneys for Plaintiffs

# EXHIBIT A

EXHIBIT A

Decedent's exposure to asbestos and asbestos-containing products occurred at various

locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Chevron Corporation Bishop Ranch 1 Room 2228 6101 Bollinger Canyon Rd. San Ramon, CA | W.S. MILLER (1920) Todd Shipyard Seattle, WA | Fireman | 10/1/1943- 4/4/1944 (5-7 days) |
| Union Oil Co. of California | ALBERT J. BERRES (1943) | Wiper | 5/10/1944 - 6/12/1944 |
| | | Fireman | 6/13/1944- 8/16/1944 |
| | | Oiler | 8/16/1944- 8/19/1944 |
| | Todd Shipyard, San Pedro, CA | | 1944 |
| Union Sulphur Co. | JOSEPH A. HOLMES (1943) | Oiler | 11/27/1944- 4/21/1945 |
| Unknown Employer | Todd Shipyard, Seattle, WA | Oiler | 1/1/1945- 12/31/1949 (2 weeks) |
| Black Diamond Steamship Corporation | CZECHOSLOVAKIA VICTORY (1944) | Fireman | 5/30/1945- 8/31/1945 |
| Olympic Steamship Co., Inc. | CLARKSBURG VICTORY (1945) | Oiler | 10/22/1945- 4/24/1946 |
| Glen SS Corp. Ltd. AGT NSA of US 465 California Street San Francisco, CA | ENID VICTORY (1945) | Oiler | 7/11/1946- 9/27/1946 |
| Olympic Steamship Co. Inc. Pier 28 Seattle, WA | Unknown Ship | Oiler | 10/1/1946- 3/31/1947 |
| Matson Navigation Co. 215 Market Street San Francisco, CA | Unknown Ship | Oiler | 1/1/1947- 6/30/1947 |
| Matson Navigation Co. | SEA BLENNY (1945) | Oiler | 3/19/1947- 4/7/1947 |

///

EXHIBIT A

FIRST AMENDED COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

## EXHIBIT A (Cont'd)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Matson Navigation Co. | YARDARM KNOT (1942) | Oiler | 4/22/1947-5/7/1947 |
| Pope & Talbot, Inc. | CHRISTOPHER FLANAGAN | Oiler | 5/9/1947-9/9/1947 |
| Union Sulphur Co. | CORNELIUS FORD (1944) | Oiler | 9/27/1947-1/5/1948 |
| Coastwise Line 141 Battery Street San Francisco, CA | Unknown Ship | Oiler | 1/1/1949-9/30/1949 |
| Waterman Steamship Corporation | WILLIAM BLACK YATES | Oiler | 1/28/1949-8/2/1949 |
| Luckenbach Steamship Co., Inc. | PINE BLUFF VICTORY (1945) | Oiler | 12/30/1949-7/25/1950 |
| Alaska Steamship Co. 7th Floor Skinner Bldg Seattle, WA | CHENA | Oiler | 9/1/1950-9/24/1950; 10/3/1950-1/28/1951 |
| Matson Navigation Co. | HAWAIIAN FORESTER (1944) | Oiler | 3/2/1951-5/17/1951 |
| Permanente Cement Company Seattle, WA | PERMANENTE SILVERBOW (1944) | Oiler | 5/21/1951-7/3/1951 |
| Alaska Steamship Co. 7th Floor Skinner Bldg Seattle, WA | SAILOR'S SPLICE (1945) | Oiler | 6/27/1951-8/29/1951; 9/13/1951-10/18/1951 |
| Pacific Far East Lines, Inc. | CANADA BEAR (1945) | Oiler | 11/14/1951-12/20/1951 |
| Olympic Steamship Co. Inc. Pier 28 Seattle, WA | SCHUYLER | Oiler | 1/26/1952-11/3/1952 |
| | Port in Yokohama, Japan | | 1952 |
| | Port in Busan, Korea | | 1952 |
| Olympic Steamship Co. Inc. Pier 28 Seattle, WA | Unknown Ship | Oiler | 4/1/1953-9/30/1953 |

///

EXHIBIT A

FIRST AMENDED COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

**EXHIBIT A (Cont'd)**

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Alaska Steamship Company, Seattle, WA | CHENA | Oiler | 5/6/1953-11/19/1953 |
| | Ports in Juneau, AK; Ketchikan, AK; Sitka, AK; Valdez, AK | | 1953 |
| Seattle Gas Co. 1511 4th Ave. Seattle, WA | Seattle Gas Company, Seattle, WA | Fireman | 4/1/1954-9/30/1954; 1/1/1955-3/31/1955 |
| Seattle Unified School District, 2443 3rd Ave. S., Seattle, WA | Fauntleroy Grade School, Seattle, WA | Engineer | 1/1/1955-7/20/1955 |
| Seattle Unified School District, 2443 3rd Ave. S., Seattle, WA | West Seattle High School Seattle, WA | Engineer (Foreman) | 7/20/1955-6/5/1956 |
| | Franklin High School, Seattle, WA | | 6/5/1956-6/20/1958 |
| Seattle Unified School District, 2443 3rd Ave. S., Seattle, WA | Concord Grade School, Seattle, WA | Head Custodial Engineer | 6/20/1958-6/5/1961 |
| | E. C. Hughes, Seattle, WA | | 6/5/1961-10/14/1966 |
| | Marshall Junior High School, Seattle, WA | | 10/14/1966-1/7/1967 |
| | McClure Junior High School, Seattle, WA | | 1/7/1967-1/4/1971 |
| | West Seattle High School Seattle, WA | | 1/4/1971-7/5/1978 |
| | Seattle High School Seattle, WA | | 7/5/1978-5/30/1982 |

///

///

EXHIBIT A

K:\Injured\1069425\s\HCMP-1AMND-WDSH.wpd

FIRST AMENDED COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

## EXHIBIT A (Cont'd)

1

2 Decedent's exposure to asbestos and asbestos-containing products caused severe and

3 permanent injury to the decedent, including, but not limited to breathing difficulties and/or

4 other lung damage.  Decedent was diagnosed with lung cancer on or about March 2005,

5 asbestosis on or about October 2001 and asbestos-related pleural disease on or about February

6 1996.

7 Decedent retired from his last place of employment at regular retirement age.  He had

8 therefore suffered no disability from his asbestos-related disease as "disability" is defined in

9 California Code of Civil Procedure §340.2.

10 ///

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 ///

EXHIBIT A

FIRST AMENDED COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT B

| | |
|---|---|
| 1 | |

EXHIBIT B

2   <u>DEFENDANTS</u>

3   ALLIS-CHALMERS CORPORATION PRODUCT            VIACOM, INC.
       LIABILITY TRUST                                                WESTERN MacARTHUR COMPANY
4   CROWN CORK & SEAL COMPANY, INC.                    MacARTHUR COMPANY
     CRANE CO.                                                          WESTERN ASBESTOS COMPANY
5   THE GOODYEAR TIRE & RUBBER COMPANY          A.W. CHESTERTON COMPANY
     THOMAS DEE ENGINEERING CO., INC.                   ASBESTOS CORPORATION LIMITED
6   FOSTER WHEELER LLC (FKA FOSTER                    GENERAL DYNAMICS CORPORATION
       WHEELER CORPORATION)                                BUFFALO PUMPS, INC.
7   GARLOCK SEALING TECHNOLOGIES, LLC            IMO INDUSTRIES, INC.
     GENERAL ELECTRIC COMPANY                            INGERSOLL-RAND COMPANY
8   KAISER GYPSUM COMPANY, INC.                        METROPOLITAN LIFE INSURANCE COMPANY
     OWENS-ILLINOIS, INC.                                      KAISER VENTURES LLC (Previously sued as Doe 3)
9   PARKER-HANNIFIN CORPORATION                     UNITED STATES STEEL CORPORATION (FKA
     QUINTEC INDUSTRIES, INC.                               USX CORPORATION) (Previously sued as Doe 4)
10  UNIROYAL HOLDING, INC.                                  DOES 1-800

11

12                                            <u>ALTERNATE ENTITY</u>

13  CROWN CORK & SEAL COMPANY,              MUNDET CORK COMPANY
       INC.

14  CRANE CO.                                            CRANE COMPANY
                                                              CRANE PLUMBING & HEATING
15                                                           CRANE PUMPS & SYSTEMS, INC.
                                                              CRANE SUPPLY
16                                                           BURK PUMPS
                                                              MIDWEST PIPING CO.
17                                                           MIDWEST PIPING & SUPPLY CO.
                                                              MIDWEST INVESTMENT
18                                                           PACIFIC STEEL BOILER CORPORATION
                                                              PACIFIC VALVES
19                                                           CRANE VALVE GROUP
                                                              DEMING PUMPS
20                                                           REPCAL BRASS MANUFACTURING CO.
                                                              CHAPMAN VALVE COMPANY
21                                                           JENKINS BROS.

22  FOSTER WHEELER LLC                         FOSTER WHEELER CORPORATION

23  PARKER-HANNIFIN CORPORATION        SACOMA-SIERRA, INC.
                                                              SACOMA MANUFACTURING COMPANY
24                                                           E.I.S. AUTOMOTIVE CORPORATION
                                                              CONDREN CORPORATION, THE
25                                                           PARKER SEAL COMPANY

26

27

28  ///                                                                                              EXHIBIT B

K:\Nelven\109942\xMCMP-1AMND-WDSII.wpd
FIRST AMENDED COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

| | |
|---|---|
| 1 | EXHIBIT B (cont'd.) |
| 2 | ALTERNATE ENTITY |
| 3 | GARLOCK SEALING | GARLOCK, INC. |
| | TECHNOLOGIES, LLC | COLTEC INDUSTRIES, INC. |
| 4 | | FAIRBANKS-MORSE |
| | | FAIRBANKS MORSE ENGINES |
| 5 | | BELMONT PACKING & RUBBER CO. |
| | | GARLOCK PACKING CO. |
| 6 | | U.S. GASKET CO. |
| | | GOODRICH CORPORATION |
| 7 | | ENPRO INDUSTRIES, INC. |
| 8 | GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| 9 | | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | | G E INDUSTRIAL SYSTEMS |
| 10 | | CURTIS TURBINES |
| | | PARSONS TURBINES |
| 11 | | GENERAL ELECTRIC JET ENGINES |
| 12 | UNIROYAL HOLDING, INC. | UNIROYAL, INC. |
| 13 | VIACOM, INC. | CBS CORPORATION |
| | | WESTINGHOUSE ELECTRIC CORPORATION |
| 14 | | WESTINGHOUSE ELECTRIC AND |
| | | MANUFACTURING COMPANY |
| 15 | | B.F. STURTEVANT |
| | | KPIX TELEVISION STATION |
| 16 | | PARAMOUNT COMMUNICATIONS, INC. |
| 17 | WESTERN MacARTHUR | WESTERN ASBESTOS CO. |
| | COMPANY | MAC ARTHUR COMPANY |
| 18 | | BAY CITIES ASBESTOS COMPANY |
| | | F.K. PINNEY, INC. |
| 19 | | |
| | ASBESTOS CORPORATION LIMITED | GENERAL DYNAMICS CORPORATION |
| 20 | | |
| | GENERAL DYNAMICS CORPORATION | CONVAIR |
| 21 | | VULTEE AIRCRAFT INC. |
| | | CONSOLIDATED VULTEE AIRCRAFT CORPORATION |
| 22 | | ASBESTOS CORPORATION LIMITED |
| 23 | IMO INDUSTRIES, INC. | TRANSAMERICA DELAVAL, INC. |
| | | ENTERPRISE ENGINE & MACHINERY CO. |
| 24 | | DE LAVAL STEAM TURBINE, INC. |
| | | DELAVAL STEAM TURBINE |
| 25 | | DELAVAL INDUSTRIES INC. |
| | | DE LAVAL TURBINE, INC. |
| 26 | | GENERAL METALS CORPORATION |
| | | CROW CENTRIFUGAL PUMPS |
| 27 | /// | |
| 28 | /// | EXHIBIT B |

| | |
|---|---|
| 1 | **EXHIBIT B (cont'd.)** |
| 2 | **ALTERNATE ENTITY** |
| 3 | INGERSOLL-RAND COMPANY |
| | INGERSOLL-DRESSER PUMP |
| | DRESSER-RAND CO. |
| 4 | PACIFIC PUMP WORKS |
| | FLOWSERVE CORPORATION |
| 5 | INGERSOLL ROCK DRILL COMPANY |
| | TERRY STEAM TURBINE CO. |
| 6 | WHITON MACHINE COMPANY |
| | RAND DRILL COMPANY |
| 7 | RAND & WARING DRILL AND COMPRESSOR COMPANY |
| | INGERSOLL-SERGEANT |
| 8 | SCHLAGE LOCK COMPANY |
| | VON DUPRIN |
| 9 | THE TORRINGTON COMPANY |
| | BLAW-KNOX COMPANY |
| 10 | ALDRICH PUMPS |

Line items:

1     **EXHIBIT B (cont'd.)**

2     **ALTERNATE ENTITY**

3     INGERSOLL-RAND COMPANY          INGERSOLL-DRESSER PUMP
                                      DRESSER-RAND CO.
4                                     PACIFIC PUMP WORKS
                                      FLOWSERVE CORPORATION
5                                     INGERSOLL ROCK DRILL COMPANY
                                      TERRY STEAM TURBINE CO.
6                                     WHITON MACHINE COMPANY
                                      RAND DRILL COMPANY
7                                     RAND & WARING DRILL AND COMPRESSOR COMPANY
                                      INGERSOLL-SERGEANT
8                                     SCHLAGE LOCK COMPANY
                                      VON DUPRIN
9                                     THE TORRINGTON COMPANY
                                      BLAW-KNOX COMPANY
10                                    ALDRICH PUMPS

11    KAISER VENTURES LLC             KAISER VENTURES, INC.
                                      OREGON SHIPBUILDING CORPORATION
12                                    KAISER STEEL RESOURCES, INC.
                                      KAISER CO., INC.
13                                    KAISER STEEL CORPORATION
                                      KAISER RESOURCES, INC.
14                                    KAISER SHIPYARD - VANCOUVER
                                      KSC RECOVERY, INC. (Successor to the Bankruptcy Estate
15                                        of Kaiser Steel Corporation)

16    UNITED STATES STEEL CORPORATION
      (FKA USX CORPORATION)           USX CORPORATION
17                                    CONSOLIDATED WESTERN PIPE & STEEL
                                      CONSOLIDATED WESTERN STEEL CORPORATION
18                                    CONSOLIDATED STEEL SHIPYARD
                                      WESTERN PIPE & STEEL
19                                    CONSOLIDATED SHIPBUILDING CORP.
                                      UNITED STATES STEEL, LLC
20                                    U.S. STEEL SUPPLY
                                      U.S. STEEL COMPANY
21                                    COLUMBIA STEEL COMPANY
                                      AMERICAN BRIDGE & IRON
22                                    CARNEGIE-ILLINOIS STEEL CORPORATION
                                      FEDERAL SHIPBUILDING
23                                    AMERICAN TRISTAR
                                      OIL WELL SERVICING COMPANIES
24                                    OIL WELL SUPPLY COMPANY
                                      MARATHON OIL CORPORATION
25                                    COLUMBIA-GENEVA STEEL DIVISION

26

27    ///

28    ///                                                            EXHIBIT B

Exhibit C

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  J. M. JARBOE (ESQ., ROOM 1500)
     UNITED STATES STEEL CORPORATION
     600 GRANT STREET
     PITTSBURGH, PA 15219-2800

SOP Transmittal # **CA76529**

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Entity Served: UNITED STATES STEEL CORPORATION

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of   CALIFORNIA   on this  25  day of   February   , 2010   . The following is a summary of the document(s) received:

1.  **Title of Action:** Timothy Culver v. Asbestos Defendants, et al.

2.  **Document(s) served:** Summons/Citation/Third Party Summons, Complaint/Petition/Third Party Complaint
                      Other: First Amended Complaint, Exhibits

3.  **Court of Jurisdiction/**   San Francisco County Superior Court
    **Case & Docket Number:** CGC-08-274739

4.  **Amount Claimed, if any:** Please See Attached

5.  **Method of Service** (select one):
    **X** Personally served by:   **X** Process Server    __ Deputy Sheriff    __ U. S Marshall
    __ Delivered Via:        __ Certified Mail    __ Regular Mail    __ Facsimile
                           (Envelope enclosed)   (Envelope enclosed)
    __ Other (Explain):

6.  **Date and Time of Receipt:** 2/25/2010 4:12:11 PM EST (GMT -5)

7.  **Appearance/Answer Date:** 30 Days

8.  **Received From:**   David R. Donadio, Esq.
    (Name, Address & Telephone Number) Brayton * Purcell LLP
                     222 Rush Landing Road
                     Novato, CA  94948-6169
                     (415) 898-1555

9.  **Federal Express Airbill #** 799444076661

10. **Call Made to:** PHONE KEEPS RINGING, NO VOICEMAIL AVAILABLE

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**        **Copies To:**

Transmitted by Meagan Seymour

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion.  It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

**ORIGINAL**

Exhibit D

1 | John M. Drath  State Bar No. 45031
  | David F. Beach  State Bar No. 094847
2 | BISHOP | BARRY | DRATH
  | A Professional Corporation
3 | Watergate Tower III
  | 2000 Powell Street, Suite 1425
4 | Emeryville, CA  94608
  | Telephone:      (510) 596-0888
5 | Facsimile:      (510) 596-0899
  | E-mail:      dbeach@bishop-barry.com
6 |
7 | Attorneys for Defendant,
  | United States Steel Corporation

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN FRANCISCO

*(Left margin, vertical text)* BISHOP | BARRY | DRATH
A Professional Corporation
Watergate Tower III
2000 Powell Street, Suite 1425
Emeryville, CA  94608
Tel. No. (510) 596-0888    Fax No. (510) 596-0899

| | |
|---|---|
| TIMOTHY CULVER, as Wrongful Death Heir, and as Successor-in-Interest to ROBERT CULVER Deceased and MARY LOU CULVER, | Case No.: CGC-08-274739 |
| Plaintiffs, | UNITED STATES STEEL CORPORATION'S SPECIAL INTERROGATORIES TO PLAINTIFFS |
| v. | |
| ASBESTOS DEFENDANTS (B♦P), and DOES 1-8500, | |
| Defendants. | |

PROPOUNDING PARTY:    Defendant, United States Steel Corporation

RESPONDING PARTIES:    Plaintiffs, Timothy Culver and Mary Lou Culver

SET NO.                            ONE

Defendant UNITED STATES STEEL CORPORATION requests that Plaintiffs

TIMOTHY CULVER and MARY LOU CULVER answer under oath, pursuant to Code of Civil

Procedure Section 2030, within thirty days (30) of receipt, the following interrogatories. These

Interrogatories are deemed continuing and require supplemental answers as additional information

is learned or becomes available to you, your agent or your representative. In responding to these

interrogatories, the following definitions shall apply:

- 1 -

BISHOP | BARRY | DRATH
A Professional Corporation
Watergate Tower III
2000 Powell Street, Suite 1425
Emeryville, CA 94608
Tel. No. (510) 596-0888   Fax No. (510) 596-0899

## DEFINITIONS

1.  YOU and/or YOUR shall refer to Plaintiffs, Timothy Culver and Mary Lou Culver.

2.  DECEDENT shall refer to Robert Culver.

3.  ASBESTOS shall mean raw asbestos, or any product or material known or believed by YOU to contain any amount of the mineral asbestos.

4.  MANUFACTURED shall mean manufactured, designed, fabricate, sold, distributed or otherwise placed in the stream of commerce.

5.  USS shall mean United States Steel Corporation and any company known or believed by YOU to be a predecessor-in-interest to United States Steel.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Do YOU contend that DECEDENT was exposed to ASBESTOS while working with or around a product MANUFACTURED by USS?

**INTERROGATORY NO. 2:**

If YOUR response to Interrogatory No. 1 was yes, identify each product.

**INTERROGATORY NO. 3:**

For each product identified in YOUR response to Interrogatory No. 2, state all facts upon which YOU base YOUR contention that the product was MANUFACTURED by USS.

**INTERROGATORY NO. 4:**

State the name and last known address and telephone number of all persons who have knowledge of the facts set forth in YOUR response to Interrogatory No. 3

**INTERROGATORY NO. 5:**

Identify all WRITINGS (as used herein "WRITING" shall have the same meaning as set forth in Evidence Code § 250) that contain any information about, or otherwise evidences, the facts set forth in YOUR response to Interrogatory No. 3.

**INTERROGATORY NO. 6:**

As to each product indentified in YOUR response to Interrogatory No. 3, state all facts upon which YOU base YOUR contention that each product contained ASBESTOS.

- 2 -

BISHOP | BARRY | DRATH
A Professional Corporation
Watergate Tower III
2000 Powell Street, Suite 1425
Emeryville, CA  94608
Tel. No. (510) 596-0888   Fax No. (510) 596-0899

**INTERROGATORY NO. 7:**

State the name and last known address and telephone number of all persons who have knowledge of the facts set forth in YOUR response to Interrogatory No. 6.

**INTERROGATORY NO. 8:**

Identify all WRITINGS that contain any information about, or otherwise evidences, the facts set forth in YOUR response to Interrogatory No. 6.

**INTERROGATORY NO 9:**

State the name and address of DECEDENT'S employer for each occasion on which YOU claim that DECEDENT was exposed to ASBESTOS from an product MANUFACTURED by USS.

**INTERROGATORY NO. 10:**

State the name and last known address of all persons who have knowledge that DECEDENT was exposed to ASBESTOS while working with or around a product MANUFACTURED by USS.

**NTERROGATORY NO. 11:**

Do YOU contend that DECEDENT was exposed to ASBETOS while serving on board a ship that was built by USS?

**INTERROGATORY NO. 12:**

If YOUR answer to Interrogatory No. 11 was yes, state the name of each ship YOU contend was built by USS.

**INTERROGATORY NO. 13:**

As to each ship identified in YOUR response to Interrogatory No. 12, state all facts upon which YOU base YOUR contention that each ship was built by USS.

**INTERROGATORY NO 14:**

As to each ship identified in YOUR response to Interrogatory No. 12, state all facts upon which YOU base YOUR contention that DECEDENT was exposed to ASBESTOS on each ship.

**INTERROGATORY NO. 15:**

State the name, last known address and telephone number of all persons who have

- 3 -

1   knowledge of the facts set forth in YOUR response to Interrogatory No. 14.

2   **<u>INTERROGATORY NO. 16:</u>**

3        Identify all WRITINGS which contain any information about, or otherwise evidences the

4   facts set forth in YOUR response to Interrogatory No. 14.

5

6   Dated:  May 27, 2010                 BISHOP | BARRY | DRATH

7

8                                   By: _David F. Beach_____

9                                   David F. Beach
                                      Attorneys for Defendant,
                                      United States Steel Corporation

10

11   G:\lToxicTort\US Steel 301\Culver - 10187\RS002.dfb.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BISHOP | BARRY | DRATH
A Professional Corporation
Watergate Tower III
2000 Powell Street, Suite 1425
Emeryville, CA  94608
Tel. No. (510) 596-0888   Fax No. (510) 596-0899

- 4 -

UNITED STATES STEEL'S FIRST SET OF SPECIAL INTERROGATORIES

CERTIFICATE OF SERVICE VIA LEXIS NEXIS
*Timothy Culver, et al. v. Asbestos Defendants*
San Francisco County Superior Court Case No. CGC-08-274739

I, AL GARCIA, declare as follows:

I am a citizen of the United States, employed in Alameda County, California, over the age of eighteen (18) years, and I am not a party to the within action or proceeding. My business address is 2000 Powell Street, Suite 1425, Emeryville, California 94608.

On the date indicated below I electronically served the attached document entitled UNITED STEEL CORPORATION'S SPECIAL INTERROGATORIES TO PLAINTIFFS, via LexisNexis File and Serve on the recipients designated on the Transaction Receipt located on the Lexis/Nexis File & Serve website:  www.fileandserve.lexisnexis.com.  To my knowledge, the transmission was reported as complete and without error.  See Cal. R. Ct. R. 2.253, 2.255, 2.260.

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on June 1, 2020, at Emeryville, California.

*[signature]*
Al Garcia

UNITED STATES STEEL'S FIRST SET OF SPECIAL INTERROGATORIES

BISHOP | BARRY | DRATH
A Professional Corporation
Watergate Tower III
2000 Powell Street, Suite 1425
Emeryville, CA  94608
Tel. No. (510) 596-0888    Fax No. (510) 596-0899

## LexisNexis File & Serve Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 31391898 |
| **Submitted by:** | Al Garcia, Bishop Barry Drath |
| **Authorized by:** | David Beach, Bishop Barry Drath |
| **Authorize and file on:** | Jun 1 2010 10:10AM PDT |

| | |
|---|---|
| **Court:** | CA Superior Court County of San Francisco |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil |
| **Case Type:** | Personal Injury-Asbestos |
| **Case Number:** | 274739 |
| **Case Name:** | Culver vs Asbestos Defendants (Brayton) |

| | |
|---|---|
| **Transaction Option:** | Serve Only - Public |
| **Billing Reference:** | 310-10187 |
| **Read Status for e-service:** | Not Purchased |

**Documents List**
. 1 Document(s)

**Attached Document, 5 Pages   Document ID: 39766213**          PDF Format  |  Original Format

| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Discovery - use for electronic service only | Public | $0.00 | |

**Document title:**
United States Steel Corporation's Special Interrogatories to Plaintff

Expand All

⊟ **Sending Parties (1)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| U S X Corp, | Defendant | Beach, David | Bishop Barry Drath | Attorney in Charge |

⊞ **Recipients (43)**

   ⊞ Service List (43)

   ⊟ Additional Recipients (0)

⊞ **Case Parties**

[ Close ]

● LexisNexis⁹   About LexisNexis | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2010 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.

Exhibit E

301-10187

1    ALAN R. BRAYTON, ESQ., S.B. #73685
     DAVID R. DONADIO, ESQ., S.B. #154436
2    JENNIFER L. ALESIO, ESQ., S.B. #258413
     BRAYTON✧PURCELL LLP
3    Attorneys at Law
     222 Rush Landing Road
4    P.O. Box 6169
     Novato, California 94948-6169
5    (415) 898-1555

6    Attorneys for Plaintiffs

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SAN FRANCISCO

10

11   TIMOTHY CULVER, as Wrongful Death      )   **ASBESTOS**
     Heir, and as Successor-in-Interest to  )   No. CGC-08-274739
12   ROBERT CULVER, Deceased; and           )
     MARYLOU CULVER as Legal Heir of        )   **PLAINTIFF'S RESPONSE TO**
13   ROBERT CULVER, Deceased,               )   **DEFENDANT UNITED STATES STEEL**
                                            )   **CORPORATION'S SPECIALLY**
14              Plaintiffs,                  )   **PREPARED INTERROGATORIES TO**
                                            )   **PLAINTIFF**
15   vs.                                     )
                                            )
16   ASBESTOS DEFENDANTS (B✧P)              )

17

18   PROPOUNDING PARTY:    Defendant UNITED STATES STEEL CORPORATION

19   RESPONDING PARTY:     Plaintiff TIMOTHY CULVER

20   SET NO:               ONE

21   RESPONSE TO INTERROGATORY NO. 1: Plaintiff objects to this Interrogatory on the
     grounds that it is overly broad. Plaintiff objects to this Interrogatory on the grounds that it seeks
22   information equally or more available to defendant, and on the grounds that it seeks information
     which is in the possession of defendant, and is therefore oppressive and unduly burdensome to
23   plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v.
     Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15
24   Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Subject to and without waiving
     said objections, plaintiff responds as follows: Yes.
25         Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith
     effort to obtain the information by inquiry to other natural persons or organizations, believes
26   that he has no further relevant and/or responsive information to disclose at this time that is not
     equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to
27   supplement this Response, as investigation and discovery are continuing.

28   ///

BRAYTON✧PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
415-898-1555

**RESPONSE TO INTERROGATORY NO. 2**: Plaintiff objects to this Interrogatory on the grounds that it is overly broad. Plaintiff objects to this Interrogatory on the grounds that it seeks information equally or more available to defendant, and on the grounds that it seeks information which is in the possession of defendant, and is therefore oppressive and unduly burdensome to plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v. Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15 Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Subject to and without waiving said objections, plaintiff responds as follows: SEA BLENNY (1945) and SAILOR'S SPLICE (1945)

Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith effort to obtain the information by inquiry to other natural persons or organizations, believes that he has no further relevant and/or responsive information to disclose at this time that is not equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to supplement this Response, as investigation and discovery are continuing.

**RESPONSE TO INTERROGATORY NO. 3**: Plaintiff objects to this Interrogatory on the grounds that it is overly broad. Plaintiff objects to this Interrogatory on the grounds that it seeks information equally or more available to defendant, and on the grounds that it seeks information which is in the possession of defendant, and is therefore oppressive and unduly burdensome to plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v. Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15 Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Plaintiff further objects to this Interrogatory upon the ground that it violates Code of Civil Procedure §§ 2034.210 and 2034.220 to the extent that defendant seeks documents and information relating to consultants, expert testimony, expert witnesses and/or documents in the possession of any such consultants or experts. Such documents and information will be provided to defendant pursuant to Code of Civil Procedure §§ 2034.210 and 2034.220 at the appropriate time before trial once plaintiff has made a determination about experts and who will testify at trial. Subject to and without waiving said objections, plaintiff responds as follows:

Western Pipe & Steel built the SAILOR'S SPLICE (1945) and SEA BLENNY (1945) at its South San Francisco Shipyard. In 1945, Consolidate Steel of California purchased all the assets and assumed the liabilities of Western Pipe. In 1948 Consolidated Steel of Delaware, a subsidiary of US STEEL, purchased Consolidated Steel, including its wholly owned subsidiary, Western Steel and Pipe. US Steel later changed its name to USX.

Plaintiff worked as an Oiler/Wiper aboard merchant ships from 1947-1953, including the SAILOR'S SPLICE (1945) and SEA BLENNY (1945). Plaintiff boarded the SEA BLENNY in 1947 two years after it was built by Western Pipe & Steel and the SAILOR'S SPLICE (1945) in 1951. Plaintiff's expert Industrial Hygienist Kenneth Cohen will testify that it is more likely than not that the SEA BLENNY (1945) included substantial amounts of gaskets, block insulation, and refractory materials that were originally installed by defendant which were disturbed by various shipboard workers on a regular basis and that these materials contained asbestos.

Cohen will further testify that every time asbestos fiber is re-entrained, it is subject to fiber drift and migration throughout a ship. Persistence is a known characteristic of asbestos and describes the ability of asbestos to contaminate an area for long periods of time due to the virtual indestructibility of asbestos fibers. Its resistance to high heat, physical force, and chemical attack is why asbestos fiber was used in so many products. Re-entrainment, fiber drift, and fiber persistence are well known and accepted properties of mineral fibers, especially asbestos, by industrial hygienists, regulators, scientists, abatement contractors, and occupational health professionals. The energy inputs sufficient to lift settled asbestos fiber into the air are numerous. The turbulence created by the movement of people is grossly underestimated. A person walking at a brisk pace walks at about 350 linear feet per minute which can generate enough energy to move or rustle sheets of paper lying on a nearby desk. This is more than enough energy to re-entrain asbestos fiber which is orders of magnitude lighter than a sheet of paper. Beyond human traffic, equipment in ship settings vibrate and rotate, causing energy sufficient to re-suspend asbestos fibers into the air and to further keep them suspended once

1   airborne. Typically, clean-down procedures also contribute to the re-suspension of asbestos
    fiber. The most common cleaning procedures used in ship settings is the use of high velocity
2   air hoses because the process quickly makes an area appear clean. The use of high velocity air
    significantly contributes to the re-entrainment of asbestos fiber.
3         · Cohen will conclude that the fibers from the asbestos-containing materials installed by
    Western Pipe & Steel aboard the <u>SEA BLENNY</u> (1945) would have been re-entrained, re-
4   suspended and circulated throughout the vessel by a number of activities, including work,
    sweeping, cleaning, walking, and vibration-generating movements within the ship, and that the
5   decedent, ROBERT A. CULVER, was exposed to this hazardous level of respirable asbestos
    from these products on the <u>SEA BLENNY</u> (1945), via re-entrainment only two years after the
6   ship was built the defendant's predecessor in interest.
          Defendant knew of should have known that asbestos-containing products such as those
7   installed aboard this vessel would be installed, removed, otherwise disturbed and manipulated
    resulting in the release of in the release of airborne asbestos fibers, and that through such
8   foreseeable use and/or handling, decedent would be exposed to such asbestos fibers. Defendant
    knew and intended that asbestos-containing products that it supplied and installed would be
9   disturbed by shipboard workers, such as decedent, without inspection for defects and without
    knowledge of the hazards involved in such use. The defect existed in the products sold by
10  defendant at the time they left the possession of defendants. Defendant's conduct was wilful,
    malicious, and done with a wanton disregard for decedent's safety and the safety of other
11  consumers. Defendant breached this duty by specifying, supplying, installing, removing and
    distributing products which were defective in that they caused asbestos-containing fibers to be
12  released into the ambient air when said products were used in a foreseeable manner by
    foreseeable users. As a result of defendant's breach of duty, decedent ROBERT CULVER was
13  exposed to and breathed asbestos-containing dust which caused him injuries. Defendant further
    failed to adequately warn decedent of the risks to which decedent and others similarly situated
14  were exposed and failed to appropriately label such products with warnings of the dangers
    inherent in said products.
15        · Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith
    effort to obtain the information by inquiry to other natural persons or organizations, believes
16  that he has no further relevant and/or responsive information to disclose at this time that is not
    equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to
17  supplement this Response, as investigation and discovery are continuing.

18  <u>RESPONSE TO INTERROGATORY NO. 4</u>: Plaintiff objects to this Interrogatory on the
    grounds that it is vague and ambiguous, particularly with regard to the use of undefined terms
19  including, but not limited to, "exposed." Plaintiff objects to this Interrogatory on the grounds it
    calls for an expert opinion from a lay witness. Plaintiff further objects to this Interrogatory
20  upon the ground that it violates Code of Civil Procedure §§ 2034.210 and 2034.220 to the
    extent that defendant seeks documents and information relating to consultants, expert
21  testimony, expert witnesses and/or documents in the possession of any such consultants or
    experts. Such documents and information will be provided to defendant pursuant to Code of
22  Civil Procedure §§ 2034.210 and 2034.220 at the appropriate time before trial once plaintiff has
    made a determination about experts and who will testify at trial. Subject to and without waiving
23  said objections, plaintiff responds as follows:
          Plaintiff identifies the decedent, ROBERT CULVER.
24        Plaintiff further identifies the Persons Most Knowledgeable and Custodian of Records
    of US STEEL, as well as US STEEL's directors, managers, agents supervisors and employees.
25        Plaintiff further identify plaintiffs' Certified Industrial Hygienist, Kenneth Cohen and
    Plaintiffs' Ship Expert, John A. Fening who will provide testimony regarding exposure as well
26  as additional testimony concerning the general nature of plaintiffs work aboard and layout of the
    vessels at issue.

27

28  ///

1      Plaintiff has made a reasonable and good-faith effort to obtain the information by
2  inquiry to other natural persons or organizations and believes that there is no other relevant
   and/or responsive information to disclose at this time. Plaintiff reserves the right to supplement
3  this Response as investigation and discovery are continuing.

4  RESPONSE TO INTERROGATORY NO. 5: Plaintiff objects to this Interrogatory on the
   grounds that it is vague and ambiguous, particularly with regard to the use of undefined terms
5  including, but not limited to, "exposed." Plaintiff objects to this Interrogatory on the grounds it
   calls for an expert opinion from a lay witness. Plaintiff further objects to this Interrogatory
6  upon the ground that it violates Code of Civil Procedure §§ 2034.210 and 2034.220 to the
   extent that defendant seeks documents and information relating to consultants, expert
7  testimony, expert witnesses and/or documents in the possession of any such consultants or
   experts. Such documents and information will be provided to defendant pursuant to Code of
8  Civil Procedure §§ 2034.210 and 2034.220 at the appropriate time before trial once plaintiff has
   made a determination about experts and who will testify at trial. Subject to and without waiving
9  said objections, plaintiff responds as follows:
       Plaintiff identifies the Complaint served in this matter and the Brayton Purcell Master
10  Complaint, on file with the San Francisco Superior Court. Plaintiff identifies plaintiff's
   responses to discovery propounded by US STEEL. Plaintiff identifies the transcript, and all
11  exhibits attached thereto, of plaintiff's deposition. Plaintiff identifies all of plaintiff's Responses
   to Standard Asbestos Case Interrogatories, and all exhibits attached thereto. Plaintiff also
12  identifies plaintiff's Social Security records, discharge records, medical records and billings
   which have been or will be produced via RecordTRAK and to designated defense counsel,
13  Berry & Berry.
       Plaintiff further identifies the documents produced by defendant in the Moulder v. Abex
14  Corp et. al matter which articulate the relationship between the Western Pipe and defendant.
   Plaintiff further identifies the United States Supreme Court case, United States v. Columbia
15  Steel Inc. which contains a detailed description acquisitions which also articulate the
   relationships between Western Pipe & Steel and then, Consolidated Steel.
16      Plaintiff further identifies all the handbooks, specifications, papers, photographs, films,
   recordings, memoranda, books, records, pamphlets, circulars, handbooks, instruction manuals,
17  periodicals, brochures, product catalogs, product literature, product inserts, product safety
   sheets, drawings, specifications, product warranty policies, advertisements, flyers, files,
18  envelopes, notices, instructions, transcripts, notes, telex messages, communications (including
   reports, notes, notation and memoranda of telephone conversations and conferences, electronic
19  mail, minutes, transcriptions, correspondence, etc.), writings, letters, telegrams, correspondence,
   notes of meetings or of conversations either in writing or upon any mechanical or electronic
20  devices, notes, accountants' statements or summaries, reports, invoices, canceled checks, check
   stubs receipts, bank statements, diaries, desk calendars, appointment books, payment records,
21  contracts, purchase orders, invoices, accounts receivable ledgers, telephone bills in defendant
   US STEEL's constructive possession custody, care or control relating to any and all asbestos-
22  containing products designed, manufactured, sold, distributed, used, installed, and/or removed
   by US STEEL. Plaintiff further identifies all of the agreements and contracts between
23  defendant, US STEEL and any contractor, sub-contractor and supplier who was present at any
   vessel and/or Jobsite where plaintiff worked, including, but not limited to, those listed above.
24  Plaintiff further identifies all blueprints, plans, drawings, schematics, specifications in
   defendant US STEEL's constructive possession custody, care or control relating to the jobsites
25  where plaintiff worked, including but not limited to, the jobsites listed above. Plaintiff believes
   defendant is in possession of these documents.
26      Plaintiff identifies the transcripts and all exhibits attached thereto of the depositions of
   the Person(s) Most Knowledgeable and Custodian(s) of Records, both past and present, of US
27  STEEL, as well as corporate representatives, both past and present, of US STEEL including, but
   not limited to all individuals listed in defendant's Responses to its San Francisco General Order
28  129 Interrogatories, Response to Interrogatory No. 12. These depositions include, but are not
   limited to, those identified by defendant in defendant's Responses to General Order 129

1  Interrogatories, Response to Interrogatory No. 12. Plaintiff believes that defendant is in possession of these documents.

2        Plaintiff further identifies defendant US STEEL Responses to San Francisco General

3  Order No. 29 and 129 Interrogatories. Plaintiff believes defendant is in possession of this document.

        Further, plaintiff identifies numerous articles and studies relating to the health hazards

4  associated with exposure to asbestos, which have appeared in medical and scientific literature since the turn of the century and have also been summarized in various publications. Plaintiff

5  identifies two texts that contain summaries and/or bibliographies of asbestos-related disease. They are:

6
        Asbestos: Medical and Legal Aspects, Barry I. Castleman

7        Prentice-Hall Law and Business, 1990.

8        Sourcebook on Asbestos Disease, Medical, Legal, and Engineering Aspects,
        George A. Peters and Barbara J. Peters, Garland STPM Press

9        Vol. 1, 1980, Vol. 2, 1986.

10        Plaintiff is in possession of these texts and will make them available to defendant for
   review. Due to copyright laws, plaintiff cannot provide copies of these texts to defendant.

11  Plaintiff identifies General Industry Safety Order promulgated pursuant to California Labor
   Code § 6400, et seq. and California Administrative Code under the Division of Industrial

12  Safety, Department of Industrial Relations, including but not limited to, Title VIII, Group 9
   (Control of Hazardous Substances) Article 81, Section 4150, 4106-4108, and Threshold Limit

13  Values as documented for asbestos and other toxic substances under Appendix A, Table I of
   said Safety Orders. Plaintiff further identifies NESHAP Asbestos Regulations (National

14  Emission Standards for Hazardous Air Pollutants) which are found at Code of Federal
   Regulations, Title 40, Chapter 1, Subchapter C, Part 61, Subpart M, published under the Federal

15  Clean Air Act of 1970, 42 U.S.C.A. Section 7412(b)(1)(A) and 42 U.S.C.A. Section
   7412(b)(1)(B). Plaintiff also identifies OSHA Standards relating to asbestos, found at Code of

16  Federal Regulations, Title 29, Chapter 17, Section 1910, et seq.; and Title 8, Section 5208 of
   the California OSHA regulations pertaining to asbestos exposure. Plaintiff is in possession of

17  these texts and will make them available for defendant's review. Due to copyright laws,
   plaintiff cannot provide copies of these texts to defendant.

18        Plaintiff has made a reasonable and good-faith effort to obtain the information by
   inquiry to other natural persons or organizations and believes that there is no other relevant

19  and/or responsive information to disclose at this time. Plaintiff reserves the right to supplement
   this Response as investigation and discovery are continuing.

20
   RESPONSE TO INTERROGATORY NO. 6: Plaintiff objects to this Interrogatory on the

21  grounds that it is vague and ambiguous, particularly with regard to the use of undefined terms.
   Plaintiff objects to this Interrogatory on the grounds it calls for an expert opinion from a lay

22  witness. Plaintiff further objects to this Interrogatory upon the ground that it violates Code of
   Civil Procedure §§ 2034.210 and 2034.220 to the extent that defendant seeks documents and

23  information relating to consultants, experts, expert testimony, expert witnesses and/or documents in the
   possession of any such consultants or experts. Such documents and information will be

24  provided to defendant pursuant to Code of Civil Procedure §§ 2034.210 and 2034.220 at the
   appropriate time before trial once plaintiff has made a determination about experts and who will

25  testify at trial. Subject to and without waiver of the foregoing objections, plaintiff responds as
   follows: Plaintiff worked as an Oiler/Wiper aboard merchant ships from 1947-1953, including

26  the SAILOR'S SPLICE (1945) and SEA BLENNY (1945). Plaintiff boarded the SEA BLENNY in
   1947 two years after it was built by Western Pipe & Steel and the SAILOR'S SPLICE (1945) in

27  1951. Plaintiff's expert Industrial Hygienist Kenneth Cohen will testify that it is more likely

28  ///

1  than not that the SEA BLENNY (1945) included substantial amounts of gaskets, block insulation, and refractory materials that were originally installed by defendant which were disturbed by
2  various shipboard workers on a regular basis and that these materials contained asbestos.

3  Cohen will further testify that every time asbestos fiber is re-entrained, it is subject to fiber drift and migration throughout a ship. Persistence is a known characteristic of asbestos and describes the ability of asbestos to contaminate an area for long periods of time due to the
4  virtual indestructibility of asbestos fibers. Its resistance to high heat, physical force, and chemical attack is why asbestos fiber was used in so many products. Re-entrainment, fiber
5  drift, and fiber persistence are well known and accepted properties of mineral fibers, especially asbestos, by industrial hygienists, regulators, scientists, abatement contractors, and occupational
6  health professionals. The energy inputs sufficient to lift settled asbestos fiber into the air are numerous. The turbulence created by the movement of people is grossly underestimated. A
7  person walking at a brisk pace walks at about 350 linear feet per minute which can generate enough energy to move or rustle sheets of paper lying on a nearby desk. This is more than
8  enough energy to re-entrain asbestos fiber which is orders of magnitude lighter than a sheet of paper. Beyond human traffic, equipment in ship settings vibrate and rotate, causing energy
9  sufficient to re-suspend asbestos fibers into the air and to further keep them suspended once airborne. Typically, clean-down procedures also contribute to the re-suspension of asbestos
10 fiber. The most common cleaning procedures used in ship settings is the use of high velocity air hoses because the process quickly makes an area appear clean. The use of high velocity air
11 significantly contributes to the re-entrainment of asbestos fiber.

Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith
12 effort to obtain the information by inquiry to other natural persons or organizations, believes that he has no further relevant and/or responsive information to disclose at this time that is not
13 equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to supplement this Response, as investigation and discovery are continuing.

14
RESPONSE TO INTERROGATORY NO. 7: Plaintiff objects to this Interrogatory on the
15 grounds that it is vague and ambiguous, particularly with regard to the use of undefined terms. Plaintiff objects to this Interrogatory on the grounds it calls for an expert opinion from a lay
16 witness. Plaintiff further objects to this Interrogatory upon the ground that it violates Code of Civil Procedure §§ 2034.210 and 2034.220 to the extent that defendant seeks documents and
17 information relating to consultants, expert testimony, expert witnesses and/or documents in the possession of any such consultants or experts. Such documents and information will be
18 provided to defendant pursuant to Code of Civil Procedure §§ 2034.210 and 2034.220 at the appropriate time before trial once plaintiff has made a determination about experts and who will
19 testify at trial. Subject to and without waiver of the foregoing objections, plaintiff responds as follows: Plaintiff incorporates herein his response to No. 4.
20 Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith effort to obtain the information by inquiry to other natural persons or organizations, believes
21 that he has no further relevant and/or responsive information to disclose at this time that is not equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to
22 supplement this Response, as investigation and discovery are continuing.

23 RESPONSE TO INTERROGATORY NO. 8: Plaintiff objects to this Interrogatory on the grounds that it is overly broad. Plaintiff objects to this Interrogatory on the grounds that it seeks
24 information equally or more available to defendant, and on the grounds that it seeks information which is in the possession of defendant, and is therefore oppressive and unduly burdensome to
25 plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v. Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15
26 Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Subject to and without waiver of the foregoing objections, plaintiff responds as follows: Plaintiff incorporates herein his
27 response to No. 5.
Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith
28 effort to obtain the information by inquiry to other natural persons or organizations, believes

K:\Injured\108942\pkf\vog-rsp-USX.wpd                                     6                                              JLA

1   that he has no further relevant and/or responsive information to disclose at this time that is not
    equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to
2   supplement this Response, as investigation and discovery are continuing.

3   RESPONSE TO INTERROGATORY NO. 9:  Plaintiff objects to this Interrogatory on the
    grounds that it is overly broad.  Plaintiff objects to this Interrogatory on the grounds that it seeks
4   information equally or more available to defendant, and on the grounds that it seeks information
    which is in the possession of defendant, and is therefore oppressive and unduly burdensome to
5   plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v.
    Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15
6   Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Subject to and without waiver
    of the foregoing objections, plaintiff responds as follows:  Matson Navigation Inc.
7          Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith
    effort to obtain the information by inquiry to other natural persons or organizations, believes
8   that he has no further relevant and/or responsive information to disclose at this time that is not
    equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to
9   supplement this Response, as investigation and discovery are continuing.

10  RESPONSE TO INTERROGATORY NO. 10:  Plaintiff objects to this Interrogatory on the
    grounds that it is overly broad.  Plaintiff objects to this Interrogatory on the grounds that it seeks
11  information equally or more available to defendant, and on the grounds that it seeks information
    which is in the possession of defendant, and is therefore oppressive and unduly burdensome to
12  plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v.
    Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15
13  Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Subject to and without waiver
    of the foregoing objections, plaintiff responds as follows: Plaintiff incorporates herein his
14  response to No. 4.
           Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith
15  effort to obtain the information by inquiry to other natural persons or organizations, believes
    that he has no further relevant and/or responsive information to disclose at this time that is not
16  equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to
    supplement this Response, as investigation and discovery are continuing.
17
    RESPONSE TO INTERROGATORY NO. 11:  Plaintiff objects to this Interrogatory on the
18  grounds that it is overly broad.  Plaintiff objects to this Interrogatory on the grounds that it seeks
    information equally or more available to defendant, and on the grounds that it seeks information
19  which is in the possession of defendant, and is therefore oppressive and unduly burdensome to
    plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v.
20  Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15
    Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Subject to and without waiving
21  said objections, plaintiff responds as follows: Yes.
           Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith
22  effort to obtain the information by inquiry to other natural persons or organizations, believes
    that he has no further relevant and/or responsive information to disclose at this time that is not
23  equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to
    supplement this Response, as investigation and discovery are continuing.
24
    RESPONSE TO INTERROGATORY NO. 12:  Plaintiff objects to this Interrogatory on the
25  grounds that it is overly broad.  Plaintiff objects to this Interrogatory on the grounds that it seeks
    information equally or more available to defendant, and on the grounds that it seeks information
26  which is in the possession of defendant, and is therefore oppressive and unduly burdensome to
    plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v.
27  Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15

28  ///

1 | Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Subject to and without waiving said objections, plaintiff responds as follows: SEA BLENNY (1945) and SAILOR'S SPLICE
2 | (1945)
3 | Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith effort to obtain the information by inquiry to other natural persons or organizations, believes that he has no further relevant and/or responsive information to disclose at this time that is not
4 | equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to supplement this Response, as investigation and discovery are continuing.
5 |
6 | RESPONSE TO INTERROGATORY NO. 13: Plaintiff objects to this Interrogatory on the grounds that it is overly broad. Plaintiff objects to this Interrogatory on the grounds that it seeks information equally or more available to defendant, and on the grounds that it seeks information
7 | which is in the possession of defendant, and is therefore oppressive and unduly burdensome to plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v.
8 | Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15 Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Plaintiff further objects to this
9 | Interrogatory upon the ground that it violates Code of Civil Procedure §§ 2034.210 and 2034.220 to the extent that defendant seeks documents and information relating to consultants,
10 | expert testimony, expert witnesses and/or documents in the possession of any such consultants or experts. Such documents and information will be provided to defendant pursuant to Code of
11 | Civil Procedure §§ 2034.210 and 2034.220 at the appropriate time before trial once plaintiff has made a determination about experts and who will testify at trial. Subject to and without
12 | waiving said objections, plaintiff responds as follows:
13 | Western Pipe & Steel built the SAILOR'S SPLICE (1945) and SEA BLENNY (1945) at its South San Francisco Shipyard. In 1945, Consolidate Steel of California purchased all the assets and assumed the liabilities of Western Pipe. In 1948 Consolidated Steel of Delaware, a
14 | subsidiary of US STEEL, purchased Consolidated Steel, including its wholly owned subsidiary, Western Steel and Pipe. US Steel later changed its name to USX.
15 | Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith effort to obtain the information by inquiry to other natural persons or organizations, believes
16 | that he has no further relevant and/or responsive information to disclose at this time that is not equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to
17 | supplement this Response, as investigation and discovery are continuing.
18 | RESPONSE TO INTERROGATORY NO. 14: Plaintiff objects to this Interrogatory on the grounds that it is overly broad. Plaintiff objects to this Interrogatory on the grounds that it seeks
19 | information equally or more available to defendant, and on the grounds that it seeks information which is in the possession of defendant, and is therefore oppressive and unduly burdensome to
20 | plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v. Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15
21 | Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Plaintiff further objects to this Interrogatory upon the ground that it violates Code of Civil Procedure §§ 2034.210 and
22 | 2034.220 to the extent that defendant seeks documents and information relating to consultants, expert testimony, expert witnesses and/or documents in the possession of any such consultants
23 | or experts. Such documents and information will be provided to defendant pursuant to Code of Civil Procedure §§ 2034.210 and 2034.220 at the appropriate time before trial once plaintiff has
24 | made a determination about experts and who will testify at trial. Subject to and without waiving said objections, plaintiff responds as follows:
25 | Western Pipe & Steel built the SAILOR'S SPLICE (1945) and SEA BLENNY (1945) at its South San Francisco Shipyard. In 1945, Consolidate Steel of California purchased all the assets
26 | and assumed the liabilities of Western Pipe. In 1948 Consolidated Steel of Delaware, a subsidiary of US STEEL, purchased Consolidated Steel, including its wholly owned subsidiary,
27 | Western Steel and Pipe. US Steel later changed its name to USX.
Plaintiff worked as an Oiler/Wiper aboard merchant ships from 1947-1953, including
28 | the SAILOR'S SPLICE (1945) and SEA BLENNY (1945). Plaintiff boarded the SEA BLENNY in

K:\Injured\108942\plAdvog-rsp-USX.wpd

8

JLA

1  1947 two years after it was built by Western Pipe & Steel and the SAILOR'S SPLICE (1945) in
   1951. Plaintiff's expert Industrial Hygienist Kenneth Cohen will testify that it is more likely
2  than not that the SEA BLENNY (1945) included substantial amounts of gaskets, block insulation,
   and refractory materials that were originally installed by defendant which were disturbed by
3  various shipboard workers on a regular basis and that these materials contained asbestos.
       Cohen will further testify that every time asbestos fiber is re-entrained, it is subject to
4  fiber drift and migration throughout a ship. Persistence is a known characteristic of asbestos and
   describes the ability of asbestos to contaminate an area for long periods of time due to the
5  virtual indestructibility of asbestos fibers. Its resistance to high heat, physical force, and
   chemical attack is why asbestos fiber was used in so many products. Re-entrainment, fiber
6  drift, and fiber persistence are well known and accepted properties of mineral fibers, especially
   asbestos, by industrial hygienists, regulators, scientists, abatement contractors, and occupational
7  health professionals. The energy inputs sufficient to lift settled asbestos fiber into the air are
   numerous. The turbulence created by the movement of people is grossly underestimated. A
8  person walking at a brisk pace walks at about 350 linear feet per minute which can generate
   enough energy to move or rustle sheets of paper lying on a nearby desk. This is more than
9  enough energy to re-entrain asbestos fiber which is orders of magnitude lighter than a sheet of
   paper. Beyond human traffic, equipment in ship settings vibrate and rotate, causing energy
10 sufficient to re-suspend asbestos fibers into the air and to further keep them suspended once
   airborne. Typically, clean-down procedures also contribute to the re-suspension of asbestos
11 fiber. The most common cleaning procedures used in ship settings is the use of high velocity
   air hoses because the process quickly makes an area appear clean. The use of high velocity air
12 significantly contributes to the re-entrainment of asbestos fiber.
       Cohen will conclude that the fibers from the asbestos-containing materials installed by
13 Western Pipe & Steel aboard the SEA BLENNY (1945) would have been re-entrained, re-
   suspended and circulated throughout the vessel by a number of activities, including work,
14 sweeping, cleaning, walking, and vibration-generating movements within the ship, and that the
   decedent, ROBERT A. CULVER, was exposed to this hazardous level of respirable asbestos
15 from these products on the SEA BLENNY (1945), via re-entrainment only two years after the
   ship was built the defendant's predecessor in interest.
16     Defendant knew of should have known that asbestos-containing products such as those
   installed aboard this vessel would be installed, removed, otherwise disturbed and manipulated
17 resulting in the release of in the release of airborne asbestos fibers, and that through such
   foreseeable use and/or handling, decedent would be exposed to such asbestos fibers. Defendant
18 knew and intended that asbestos-containing products that it supplied and installed would be
   disturbed by shipboard workers, such as decedent, without inspection for defects and without
19 knowledge of the hazards involved in such use. The defect existed in the products sold by
   defendant at the time they left the possession of defendants. Defendant's conduct was wilful,
20 malicious, and done with a wanton disregard for decedent's safety and the safety of other
   consumers. Defendant breached this duty by specifying, supplying, installing, removing and
21 distributing products which were defective in that they caused asbestos-containing fibers to be
   released into the ambient air when said products were used in a foreseeable manner by
22 foreseeable users. As a result of defendant's breach of duty, decedent ROBERT CULVER was
   exposed to and breathed asbestos-containing dust which caused him injuries. Defendant further
23 failed to adequately warn decedent of the risks to which decedent and others similarly situated
   were exposed and failed to appropriately label such products with warnings of the dangers
24 inherent in said products.
       Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith
25 effort to obtain the information by inquiry to other natural persons or organizations, believes
   that he has no further relevant and/or responsive information to disclose at this time that is not
26 equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to
   supplement this Response, as investigation and discovery are continuing.
27
   RESPONSE TO INTERROGATORY NO. 15: Plaintiff objects to this Interrogatory on the
28 grounds that it is overly broad. Plaintiff objects to this Interrogatory on the grounds that it seeks

1  information equally or more available to defendant, and on the grounds that it seeks information which is in the possession of defendant, and is therefore oppressive and unduly burdensome to

2  plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v. Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15

3  Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Subject to and without waiver of the foregoing objections, plaintiff responds as follows: Plaintiff incorporates herein his

4  response to No. 4.

5         Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith effort to obtain the information by inquiry to other natural persons or organizations, believes that he has no further relevant and/or responsive information to disclose at this time that is not

6  equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to supplement this Response, as investigation and discovery are continuing.

7

8  RESPONSE TO INTERROGATORY NO. 16: Plaintiff objects to this Interrogatory on the grounds that it is overly broad. Plaintiff objects to this Interrogatory on the grounds that it seeks information equally or more available to defendant, and on the grounds that it seeks information

9  which is in the possession of defendant, and is therefore oppressive and unduly burdensome to plaintiff. Alpine Mutual Water Co. v. Superior Court (1968) 259 Cal.App.2d 45; Patanzalas v.

10  Superior Court (1968) 259 Cal.App.2d 45; Save-on Drugs, Inc. v. Superior Court (1975) 15 Cal.3d 1; Perkins v. Superior Court (1981) 118 Cal.App.3d 761. Subject to and without waiver

11  of the foregoing objections, plaintiff responds as follows: Plaintiff incorporates herein his response to No. 5.

12         Pursuant to C.C.P. § 2030.220(c), plaintiff, after making a reasonable and good-faith effort to obtain the information by inquiry to other natural persons or organizations, believes

13  that he has no further relevant and/or responsive information to disclose at this time that is not equally available to defendant. Pursuant to C.C.P. § 2030.310(a), plaintiff reserves the right to

14  supplement this Response, as investigation and discovery are continuing.

15  Dated: _____7/23/10_____          BRAYTON❖PURCELL LLP

16

17                                        By: _____

18                                            Jennifer L. Alesio
                                             Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

BRAYTON◆PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

K:\Forms\VERI\VER2FOLW.WPD

1

VERIFICATION TO FOLLOW

1

### PROOF OF SERVICE BY MAIL

2      I am employed in the County of Sonoma, State of California.  I am over the age of 18
years and am not a party to the within action.  My business address is 1324 Rand Street,
3   Petaluma, CA 94954.

4      On _____ JUL 2 3 2010 _____, I served the within:

5   PLAINTIFF'S RESPONSE TO DEFENDANT UNITED STATES STEEL
    CORPORATION'S SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF
6

7   on the interested parties in this action by transmitting a true copy thereof in the following
    manner.
8

9      I placed in a sealed envelope, postage thereon prepaid, addressed and served as follows:

10  UNITED STATES STEEL CORPORATION
    Bishop, Barry & Drath
11  Watergate Tower III
    2000 Powell Street, Suite 1425
12  Emeryville, CA 94608

13

14
                    BY MAIL SERVICE:       I am readily familiar with the business practice at
15                                         my place of business for collection and processing
                                           of correspondence for delivery by mail.
16                                         Correspondence so collected and processed is
                                           deposited with the United States Postal Service on
17                                         the same day in the ordinary course of business.
                                           On the above date the said envelope was collected
18                                         for the United States Postal Service following
                                           ordinary business practices.
19      Executed _____ JUL 2 3 2010 _____, at Petaluma, California.
20
        I declare under penalty of perjury under the laws of the State of California that
21  the foregoing is true and correct.

22

23                                         _____

24

25

26

27  Timothy Culver, et al. v. Asbestos Defendants (B❖P)
    San Francisco Superior Court Case No. CGC-08-274739
28

PROOF OF SERVICE BY MAIL