IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | Consolidated Under MDL 875 |
| VARIOUS PLAINTIFFS<br>v.<br>VARIOUS DEFENDANTS | Cases Transferred from the Southern District of Mississippi Listed in Exhibit "A" Attached |

FILED MAY 23 2011 MICHAEL E. KUNZ, Clerk ___Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW,** this **23rd** day of **May, 2011**, it is hereby **ORDERED** that, upon review of the cases listed in Exhibit "A," attached, under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

    a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

    c.) All discovery has been completed.

    d.) Settlement conferences have been held in front of the Honorable Magistrate Judge David Strawbridge, and these negotiations have been exhausted.

    e.) The Court has adjudicated all outstanding motions.

    f.) The only Defendant in the cases listed in Exhibit

"A" is the Illinois Central Railroad Company.

Accordingly, the Court **SUGGESTS** that the cases listed in Exhibit "A" should be **REMANDED** to the United States District Court for the Southern District of Mississippi for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

2

**Exhibit A**

|  |  |  | Date Filed in the EDPA | MS Case No. | Remaining Defendants |
|---|---|---|---|---|---|
| 2:08-cv-85855-ER | MS-S | BROUSSARD v. ILLINOIS CENTRAL RAILROAD COMPANY | 8/1/2008 | 05-00131 | Illinois Central Railroad Co. |
| 2:08-cv-85856-ER | MS-S | COWART v. ILLINOIS CENTRAL RAILROAD COMPANY | 8/1/2008 | 05-00131 | Illinois Central Railroad Co. |
| 2:08-cv-85857-ER | MS-S | JOHNSON v. ILLINOIS CENTRAL RAILROAD COMPANY | 8/1/2008 | 05-00131 | Illinois Central Railroad Co. |
| 2:08-cv-85858-ER | MS-S | SHANNON v. ILLINOIS CENTRAL RAILROAD COMPANY | 8/1/2008 | 05-00131 | Illinois Central Railroad Co. |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS          :   Consolidated Under MDL 875
LIABILITY LITIGATION (No. VI)     :
                                  :
VARIOUS PLAINTIFFS                :   Cases Transferred from the
                                  :   Southern District of
    v.                            :   Illinois Listed in
                                  :   Exhibit "A" Attached
VARIOUS DEFENDANTS                :

FILED MAY 23 2011
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW,** this **23rd** day of **May, 2011,** it is hereby **ORDERED** that, upon review of the cases listed in Exhibit "A," attached, under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

    a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

    c.) All discovery has been completed.

    d.) Settlement conferences have been held in front of the Honorable Magistrate Judge David Strawbridge, and these negotiations have been exhausted.

    e.) The Court has adjudicated all outstanding motions.

    f.) The only Defendant in the cases listed in Exhibit

"A" is the Illinois Central Railroad Company.

Accordingly, the Court **SUGGESTS** that the cases listed in Exhibit "A" should be **REMANDED** to the United States District Court for the Southern District of Illinois for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

Exhibit A

| | | | Date Filed in the EDPA | Ill Case No. | Remaining Defendants |
|---|---|---|---|---|---|
| 2:08-cv-89341-ER | IL-S | MCELROY et al v. ILLINOIS CENTRAL RAILROAD COMPANY | 10/1/2008 | 05-00174 | Illinois Central Railroad Co. |
| 2:08-cv-89465-ER | IL-S | PEPPLE et al v. ILLINOIS CENTRAL RAILROAD COMPANY | 10/1/2008 | 05-04104 | Illinois Central Railroad Co. |
| 2:08-cv-89466-ER | IL-S | MAYNOR et al v. ILLINOIS CENTRAL GULF RAILROAD COMPANY | 10/1/2008 | 05-04108 | Illinois Central Railroad Co. |
| 2:08-cv-89507-ER | IL-S | LUNDY v. CANADIAN NATIONAL ILLINOIS CENTRAL RAILWAY COMPANY | 10/2/2008 | 04-00860 | Illinois Central Railroad Co. |
| 2:08-cv-89513-ER | IL-S | ROSE, et al. v. CANADIAN NATIONAL ILLINOIS CENTRAL RAILWAY COMPANY | 10/2/2008 | 04-00859 | Illinois Central Railroad Co. |
| 2:08-cv-89515-ER | IL-S | BAKER v. ILLINOIS CENTRAL RAILROAD COMPANY | 10/2/2008 | 05-00752 | Illinois Central Railroad Co. |
| 2:08-cv-89516-ER | IL-S | WITT v. ILLINOIS CENTRAL RAILROAD COMPANY | 10/2/2008 | 05-00752 | Illinois Central Railroad Co. |
| 2:08-cv-89517-ER | IL-S | SHIRLEY v. ILLINOIS CENTRAL RAILROAD COMPANY | 10/2/2008 | 05-00753 | Illinois Central Railroad Co. |
| 2:10-cv-68523-ER | IL-S | NEFF v. ILLINOIS CENTRAL RAILROAD COMPANY | 5/25/2010 | 05-00174 | Illinois Central Railroad Co. |
| 2:10-cv-68524-ER | IL-S | GREAM v. ILLINOIS CENTRAL RAILROAD COMPANY | 5/25/2010 | 05-04104 | Illinois Central Railroad Co. |
| 2:10-cv-68525-ER | IL-S | JOHNSON v. ILLINOIS CENTRAL RAILROAD COMPANY | 5/25/2010 | 05-04105 | Illinois Central Railroad Co. |
| 2:10-cv-68526-ER | IL-S | DUNBAR v. ILLINOIS CENTRAL RAILROAD COMPANY | 5/25/2010 | 05-04104 | Illinois Central Railroad Co. |
| 2:10-cv-68527-ER | IL-S | BLUDWORTH v. ILLINOIS CENTRAL GULF RAILROAD COMPANY | 5/25/2010 | 05-04108 | Illinois Central Railroad Co. |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : | Consolidated Under MDL 875 |
| LUCILLE A. KNOWLEN | : | Transferred from the District of Minnesota (08-04893) |
| v. | : | |
| BURLINGTON NORTHERN AND SANTE FE RAILWAY CO. | : | EDPA Case No. 09-66070 |

FILED MAY 23 2011 MICHAEL E. KUNZ, Clerk By ____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW,** this **23rd** day of **May, 2011,** it is hereby **ORDERED** that, upon review of the above-captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that:

    a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

    c.) All discovery has been completed.

    d.) The Court has adjudicated all outstanding motions.

    e.) The only Defendant in the above-captioned case is Burlington Northern and Santa Fe Railway Company.

Accordingly, the Court **SUGGESTS** that the above-

captioned case be **REMANDED** to the United States District Court for the Southern District of Minnesota for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the above-captioned case have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999). See In re Roberts, 178 F.3d 181 (3d Cir. 1999).