JURY DEMAND

# U.S. District Court
# United States District Court for the Western District of Washington (Seattle)
# CIVIL DOCKET FOR CASE #: 2:11–cv–00455–RSM

Dennis v. Todd Shipyards Corporation et al
Assigned to: Judge Ricardo S Martinez
Cause: 28:1332 Diversity–Asbestos Litigation

Date Filed: 03/16/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Joanne Dennis**
*as Executor of the estate of*
William R Dennis

represented by **Cameron O. Carter**
BRAYTON PURCELL LLP (ORE)
111 SW COLUMBIA ST
STE 250
PORTLAND, OR 97201
503–295–4931
Email: ccarter@braytonlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Todd Shipyards Corporation**

**Defendant**

**Todd Pacific Shipyards Corporation**

**Defendant**

**Northrop Grumman Shipbuilding Inc**

represented by **James H Gidley**
PERKINS COIE (OR)
1120 NW COUCH ST
10TH FL
PORTLAND, OR 97209–4128
503–727–2038
Fax: 503–727–2222
Email: JGidley@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**National Steel and Shipbuilding Company**

**Defendant**

**Kaiser Ventures LLC**

represented by **Katherine M. Steele**
STAFFORD FREY COOPER
3100 TWO UNION SQ
601 UNION ST
SEATTLE, WA 98101–1374
206–623–9900
Email: ksteele@staffordfrey.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bath Iron Works Corporation**

| Date Filed | # | Docket Text |
|---|---|---|

| 03/16/2011 | 1 | COMPLAINT against defendant(s) All Defendants (Receipt # 0981−2365154), filed by Joanne Dennis. (Attachments: # 1 Civil Cover Sheet)(Carter, Cameron) (Entered: 03/16/2011) |
|---|---|---|
| 03/17/2011 | | Judge Ricardo S Martinez added. (MKB) (Entered: 03/17/2011) |
| 04/21/2011 | 2 | PRAECIPE TO ISSUE SUMMONS by Plaintiff Joanne Dennis. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons)(Carter, Cameron) (Entered: 04/21/2011) |
| 04/22/2011 | 3 | Summons Issued as to defendant(s) Bath Iron Works Corporation. (RS) (Entered: 04/22/2011) |
| 04/22/2011 | 4 | Summons Issued as to defendant(s) Kaiser Ventures LLC. (RS) (Entered: 04/22/2011) |
| 04/22/2011 | 5 | Summons Issued as to defendant(s) National Steel and Shipbuilding Company. (RS) (Entered: 04/22/2011) |
| 04/22/2011 | 6 | Summons Issued as to defendant(s) Northrop Grumman Shipbuilding Inc. (RS) (Entered: 04/22/2011) |
| 04/22/2011 | 7 | Summons Issued as to defendant(s) Todd Shipyards Corporation. (RS) (Entered: 04/22/2011) |
| 04/22/2011 | 8 | Summons Issued as to defendant(s) Todd Pacific Shipyards Corporation. (RS) (Entered: 04/22/2011) |
| 05/17/2011 | 9 | AFFIDAVIT of Service of Summons and Complaint on on 5/10/2011, filed by Plaintiff Joanne Dennis. (Carter, Cameron) (Entered: 05/17/2011) |
| 05/19/2011 | 10 | NOTICE *of Tag−Along Action* ; filed by Defendant Kaiser Ventures LLC. (Steele, Katherine) (Entered: 05/19/2011) |
| 05/20/2011 | 11 | NOTICE of Appearance by attorney Katherine M. Steele on behalf of Defendant Kaiser Ventures LLC. (Steele, Katherine) (Entered: 05/20/2011) |
| 05/24/2011 | 12 | NOTICE of Appearance by attorney James H Gidley on behalf of Defendant Northrop Grumman Shipbuilding Inc. (Gidley, James) (Entered: 05/24/2011) |
| 05/24/2011 | 13 | ANSWER to 1 Complaint by Northrop Grumman Shipbuilding Inc.(Gidley, James) (Entered: 05/24/2011) |
| 05/24/2011 | 14 | CORPORATE DISCLOSURE STATEMENT. (Gidley, James) (Entered: 05/24/2011) |

Cameron Carter, WSBA #33326
BRAYTON❖PURCELL LLP
111 SW Columbia Street, Suite 250
Portland, OR  97209
Tel.: (503) 295-4931
Fax: (03) 241-2573
Attorneys for Plaintiff

RECEIVED

MAY 1 3 2011

STAFFORD FREY COOPER

# THE UNITED STATES DISTRICT COURT

# WESTERN  DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANNE DENNIS, as Executor of the Estate of WILLIAM R. DENNIS deceased, and on behalf of Wrongful Death Heirs,<br><br>Plaintiff,<br><br>vs.<br><br>TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS CORPORATION, NORTHROP GRUMMAN SHIPBUILDING, INC., NATIONAL STEEL AND SHIPBUILDING COMPANY, KAISER VENTURES LLC, BATH IRON WORKS CORPORATION,<br><br>Defendants. | No. 2:11- cv - 00455 -RSM<br><br>COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH - ASBESTOS;<br><br>DEMAND FOR JURY TRIAL |

## I.  PARTIES

1.      Plaintiff in this action, JOANNE DENNIS, is the Executor of the Estate of WILLIAM R. DENNIS on behalf of the legal heirs, or the heirs-at-law, of the decedent, and are all hereinafter referred to as "Plaintiff."

///

1 -  COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

C:\Documents and Settings\AENGDAHL\Local Settings\Temp\XPgrpwise\104442 Dennis WD CMP.wpd
BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the decedent herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by "exposed persons."

13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including decedent herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

15.     Decedent has used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable.  Decedent's

6 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

C:\Documents and Settings\AENGDAHL\Local Settings\Temp\XPgrpwise\104442 Dennis WD CMPLT.wpd

**BRAYTON❖PURCELL LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference herein.

16.     As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the decedent as set forth in **Exhibit A**, attached to plaintiff's complaint and incorporated by reference herein.

17.     Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

18.     Decedent suffered from a condition related to exposure to asbestos and asbestos-containing products.  Decedent was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

19.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, decedent incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

20.     As a direct and proximate result of the aforesaid conduct of the defendants, their ALTERNATE ENTITIES, and each of them, decedent incurred liability for the reasonable value of medial care provided by decedent's family members measured by, inter alia, the costs associated with the hiring a registered nurse, home hospice, or other service provider, the true and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this complaint accordingly when the true and exact costs are known or at time of trial.

21.     As a direct and proximate result of the aforesaid conduct of defendants, their

7 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

ALTERNATE ENTITIES, and each of them, decedent suffered permanent injuries to his person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and related sequelae, and the mental and emotional distress attendant thereto, and ultimately death, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven at trial.

22.     As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, decedent incurred loss of income, benefits, entitlements, wages, profits, and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

23.     As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury to decedent, and ultimately decedent died on the date previously stated herein.

24.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

25.     Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

26.     The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in conscious or reckless disregard and indifference to the safety, health, and rights of "exposed persons", including decedent herein, giving rise to decedent's claim herein alleged for punitive damages against said defendants.

8 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

1   WHEREFORE, plaintiff prays judgment against defendants, and each of them, as

2   hereinafter set forth.

### SECOND CAUSE OF ACTION
(Products Liability - Survival)

5   PLAINTIFF JOANNE DENNIS, AS EXECUTOR TO THE ESTATE OF WILLIAM R.

6   DENNIS, DECEASED,  AND THE PERSONAL REPRESENTATIVE ON BEHALF OF THE

7   LEGAL HEIRS, OR THE HEIRS-AT-LAW, OF THE DECEDENT, COMPLAINS OF

8   DEFENDANTS TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS

9   CORPORATION, NORTHROP GRUMMAN SHIPBUILDING, INC., NATIONAL STEEL

10  AND SHIPBUILDING COMPANY, KAISER VENTURES LLC, BATH IRON WORKS

11  CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, FOR A

12  SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS

13  LIABILITY (SURVIVAL), COMPLAINS AS FOLLOWS:

14  27.   Plaintiff incorporate herein by reference, as though fully set forth herein, each

15  paragraph of the First Cause of Action  herein.

16  28.   Defendants, their "alternate entities", and each of them, knew and intended that

17  the above-referenced asbestos and asbestos-containing products would be used by the purchaser

18  or user without inspection for defects therein or in any of their component parts and without

19  knowledge of the hazards involved in such use.

20  29.   Said asbestos and asbestos-containing products were defective and unsafe for their

21  intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

22  and/or death.  The defect existed in the said products at the time they left the possession of

23  defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

24  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

25  persons", including decedent herein, while being used in a reasonably foreseeable manner,

26  thereby rendering the same defective, unsafe, and dangerous for use.

27  30.   "Exposed persons" did not know of the substantial danger of using said products.

28

9 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

Said dangers were not readily recognizable by "exposed persons." Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which decedent and others similarly situated were exposed.

31.     In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages, and cancer.  Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

32.     On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons", who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons", who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

33.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

10 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

C:\Documents and Settings\AENGDAHL\Local Settings\Temp\XPgrpwise\104442 Dennis WD CMPLT.wpd

**BRAYTON❖PURCELL LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

34.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendants, their ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendants, their ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including decedent.

35.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE

11 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing products, to be safe for their intended use, but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

36.     Plaintiff relied upon defendants', their ALTERNATE ENTITIES, and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, decedent suffered permanent injury and death as alleged herein.

37.     As a direct and proximate result of the actions and conduct outlined herein, decedent suffered the harm, injuries and damages herein alleged.

WHEREFORE, plaintiff pray judgment against defendants, their "alternate entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Negligence - Wrongful Death)

PLAINTIFF JOANNE DENNIS, AS EXECUTOR TO THE ESTATE OF WILLIAM R. DENNIS, DECEASED,  AND THE PERSONAL REPRESENTATIVE ON BEHALF OF THE LEGAL HEIRS, OR THE HEIRS-AT-LAW, OF THE DECEDENT, COMPLAINS OF DEFENDANTS TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS CORPORATION, NORTHROP GRUMMAN SHIPBUILDING, INC., NATIONAL STEEL AND SHIPBUILDING COMPANY, KAISER VENTURES LLC, BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES,"AND  EACH OF THEM, FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAINS AS FOLLOWS:

38.     Plaintiff incorporates by reference each paragraph contained within the First and Second Causes of Action as though fully set forth herein.

39.     The heirs at law of the decedent and their relationship to the decedent are set forth above.

40.     The individuals set forth as heirs constitute all of the surviving heirs of the

12 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

1  respective decedent.

2      41.    As a direct and proximate result of the conduct of the defendants, their

3  ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-

4  containing products caused decedent to develop diseases from which condition decedent died.

5  Plaintiff was unaware that the death caused by asbestos-related disease until within one year of

6  filing the complaint.

7      42.    As a direct and proximate result of the conduct of defendants, and each of them,

8  and the death of decedent, decedent's heirs have sustained pecuniary loss resulting from the loss

9  of care, society, comfort, attention, services, and support of decedent all to the damage of

10  decedent's heirs.

11      43.    As a further direct and proximate result of the conduct of defendants, and each of

12  them, and the death of decedent, decedent's heirs have incurred funeral expenses in an amount

13  currently not ascertained.

14      WHEREFORE, plaintiff prays judgment against defendants, and each of them, as

15  hereinafter set forth.

16  

**FOURTH  CAUSE OF ACTION**
(Products Liability - Wrongful Death)

17

18  PLAINTIFF JOANNE DENNIS, AS EXECUTOR TO THE ESTATE OF WILLIAM R.

19  DENNIS, DECEASED,  AND THE PERSONAL REPRESENTATIVE ON BEHALF OF THE

20  LEGAL HEIRS, OR THE HEIRS-AT-LAW, OF THE DECEDENT, COMPLAINS OF

21  DEFENDANTS TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS

22  CORPORATION, NORTHROP GRUMMAN SHIPBUILDING, INC., NATIONAL STEEL

23  AND SHIPBUILDING COMPANY, KAISER VENTURES LLC, BATH IRON WORKS

24  CORPORATION, THEIR "ALTERNATE ENTITIES,"AND  EACH OF THEM, FOR A

25  FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS

26  LIABILITY (WRONGFUL DEATH), COMPLAINS AS FOLLOWS:

27      44.    Plaintiff incorporate herein by reference, as though fully set forth herein, each

28

13 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

paragraph of the First, Second and Third Causes of Action herein.

45.     As a direct and proximate result of the conduct of defendants, and each of them, decedent's heirs have sustained the injuries and damages previously alleged.

WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities", and each of them, as hereinafter set forth.

## IV.

## DAMAGES AND PRAYER

WHEREFORE, plaintiff prays for judgment against defendants, their "alternate entities", and each of them in an amount to be proved at trial, as follows:

(a)     For plaintiff's general damages according to proof;

(b)     For plaintiff's loss of income, wages and earning potential according to proof;

(c)     For plaintiff's medical and related expenses according to proof;

(d)     For plaintiff's cost of suit herein;

(e)     For exemplary or punitive damages according to proof;

(f)     For damages for fraud according to proof; and

(g)     For such other and further relief as the Court may deem just and proper, including but not limited to, costs and prejudgment interest.

Dated: 3/15 , 2011          BRAYTON✣PURCELL LLP

By:     _____
              Cameron Carter, WSBA #33326
              Attorneys for Plaintiff

14 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON✣PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1

## JURY DEMAND

2

Plaintiff hereby demands trial by jury of all issues of this cause.

3

Dated: ~~June 24, 2010~~

    March 15, 2011

4

                      BRAYTON❖PURCELL LLP

5

        By:

                      Cameron Carter, WSBA #33326

6

                      Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

C:\Documents and Settings\AENGDAHL\Local Settings\Temp\XPgrpwise\104442 Dennis WD CMPLT.wpd

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

EXHIBIT A

Decedent:  WILLIAM R. DENNIS, Deceased.

Decedent's injuries:  Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the decedent, including, but not limited to breathing difficulties and/or other lung damage.  Decedent was diagnosed with mesothelioma on or about March 2009, asbestosis and asbestos-related pleural disease on or about September 2005.

Decedent died on July 3, 2009.

Retirement Status:  The injured party retired from his last place of employment at regular retirement age.  He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

Defendants:  Plaintiffs contend that the asbestos-containing products to which Decedent  was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendants and each of them.  Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below.  The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Long Beach Naval Shipyard Long Beach, CA | Long Beach Naval Shipyard Long Beach, CA | Insulator | 9/2/1959 - 5/1966; 11/1969-7/1975 |
| | Long Beach Naval Shipyard shop | | 1959-1960 |
| | COONTZ (DLG-9) | | 9/2/1959 - 5/1966; 11/1969-7/1975 |
| | HOEL (DDG-13) | | |
| | FECHTELER (DD-870) | | |
| | NORTON SOUND (AVM-1) | | 1970s (Approx. 2 months) |
| | YORKTOWN (CVS-10) | | 2/1964 |
| | ORISKANY (CVA-34) | | 1975 (6 months) |
| | KEARSARGE (CV-33) | | Late 1960s or Early 1970s |
| | FOX (DLG-33) | | Late 1960s |
| | BLACK (DD-666) | | |
| | INGERSOLL (DD-652) | | Late 1960s |

1 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

(Approx. 1 week)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Long Beach Naval Shipyard Long Beach, CA (cont'd) | Long Beach Naval Shipyard Long Beach, CA | Insulator | 9/2/1959 - 5/1966; 11/1969-7/1975 |
| | CHEVALIER (DD-805) | | Late 1960s |
| | ROCHESTER (CA-124) | | Late 1960s (Approx. 1 day) |
| | CHICAGO (CG-11) | | Late 1960s |
| | PRINCETON (CA-124) (CV-37; LPH-5) | | Late 1960s |
| | BENNINGTON (CV-20) | | 1960s (Approx. 1 month) |
| | THETIS BAY (CVE-90) | | Late 1950s or Early 1960s (Approx. 2 weeks) |
| | ISLE ROYALE (AD-29) | | 1964 |
| | OKLAHOMA CITY (CLG-5) | | 1964 (Approx. 2 weeks |
| | TRUXTUN (CGN-35; DLGN-35) | | Early 1970s (Approx. 1 week) |
| | POINT DEFIANCE (LSD-31) | | Late 1960s |
| | PERRY (DD-844) | | 12/1960 (Approx. 2 weeks) |
| | HORNET (CVS-12) | | Early 1960s (Approx. 1 month); Mid 1960s (Approx. 1 week) |
| | TURNER JOY (DD-951) | | 1965 or 1966 |
| | BRONSTEIN (DE-1037) | | Early 1970s |
| | CAYUGA (LST-1186) | | |
| | FLETCHER (DD-445) | | |

2 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

BON HOMME RICHARD
(CVA-31)

Late 1960s-
Early 1970s
(Approx. 1 week)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Long Beach Naval Shipyard Long Beach, CA (cont'd) | Long Beach Naval Shipyard Long Beach, CA | Insulator | 9/2/1959 - 5/1966; 11/1969-7/1975 |
| | TRATHEN (DD-530) | | 1959-1974 (One day to 3 months per ship) |
| | WADDELL (DDG-24) | | |
| | HIGBEE (DD-806) | | |
| | HULL (DD-945) | | Early 1960s |
| | MCKEAN (DD-784) | | Early 1960s (Approx. 3 months) |
| | ASHTABULA (AO-51) | | 1/1966 (Approx. 1 month) |
| | COLLETT (DD-730) | | 1960s |
| | EVERSOLE (DD-789) | | |
| | HMAS PERTH (D-29) | | |
| | MADDOX (DD-731) | | |
| | MORTON (DD-948) | | |
| | OZBOURN (DD-846) | | |
| | TAUSSIG (DD-746) | | |
| | EVERETT F. LARSON (DD-830) | | 10/1962 |
| | CATAMOUNT (LSD-17) | | 1/1962 (Approx. 2 weeks) |
| | BLUE (DD-744) | | 11/1964 |
| | ELDORADO (AGC-11) | | 6/1965 |
| | TICONDEROGA (CV-14) | | 1966-1970 |

3 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

Job Duties:  Decedent removed and replaced insulation. Decedent installed PABCO (FIBREBOARD CORPORATION) and JOHNS-MANVILLE (MANVILLE TRUST) insulation, supplied by THORPE INSULATION. Decedent installed THERMOBESTOS (MANVILLE TRUST); and KAYLO (OWENS CORNING FIBERGLAS) insulation. Decedent mixed JOHNS MANVILLE  (MANVILLE TRUST) insulating cement and smoothed it into cracks in the insulation with a trowel. Decedent applied SUPER 66 (EAGLE-PICHER INDUSTRIES, INC.) insulating cement.

Decedent worked with and in close proximity to co-workers using EAGLE PICHER (EAGLE-PICHER INDUSTRIES) insulating cement and KAYLO (OWENS CORNING FIBERGLAS) insulation. Decedent worked in proximity to pipefitters who were installing JOHN CRANE packing in pipe valves; boilermakers who were removing and replacing refractory materials; sheetmetal workers; riggers; and welders who were protecting themselves from sparks with asbestos blankets supplied by their employer.

In the shop, decedent made insulating pads for valves, pumps and other equipment. Decedent recalled foreman Cauli Hutto, deceased; and co-workers Bobby Rapp, deceased; Don Hamilton, address unknown; and Don Hutton, deceased.

On various destroyers, decedent insulated pump and turbine exteriors. Decedent worked in proximity to co-workers who were removing and replacing floor tile. Decedent worked in proximity to co-workers who were repairing pumps, valves, regulators and turbines. On various destroyers, including the <u>FLETCHER</u>, decedent insulated the steam drums and mud drums on boilers.  On various destroyers, decedent worked in proximity to boilermakers who were performing work on boilers. On the <u>HIGBEE</u>, decedent worked in proximity to boilermakers who were repairing the steam drum, removing external insulation to gain access.

On the <u>FLETCHER</u>, decedent was in close proximity when boilermakers removed and replaced refractory material in both of the fireroom boilers. Decedent reinsulated the steam drums on two boilers.

On the <u>OZBOURN</u>, decedent installed PABCO (FIBREBOARD CORPORATION), OWENS-ILLINOIS (OWENS-ILLINOIS, INC.) and JOHNS MANVILLE (MANVILLE TRUST) insulation.

On the <u>TURNER JOY</u>, decedent worked in the forward engine room. Decedent removed and replaced pipe insulation. Decedent installed new JOHNS MANVILLE (MANVILLE TRUST) insulation. Decedent mixed and applied insulating cement to seal cracks and seams in block and pipecovering insulation.

On the TAUSSIG, decedent worked in the aft engine room, removing and replacing insulation. Decedent installed PABCO (FIBREBOARD CORPORATION) insulation.

On the <u>CAYUGA</u>, decedent worked in the starboard engine room installing insulation. Decedent recalled co-worker Sam Sherrod.

On the <u>HOEL</u>, decedent insulated steam pipes. Decedent recalled co-worker Bob DeBenedetto, deceased.

On the <u>NORTON SOUND</u> decedent insulated chill water pipes during construction of a computer room.

On the <u>THETIS BAY</u>, decedent worked in the engine and fire rooms designing and installing insulation pads on steam valves, main feed pumps, fuel oil pumps, lube oil pumps, and a turbine. Decedent worked in proximity to co-workers who were removing existing insulation pads. Decedent worked in proximity to mechanics who were disassembling pumps, removing and installing gaskets. Decedent wore a 3M (3M COMPANY) dust mask. Decedent worked in proximity to pipefitters who were removing and installing flange gaskets. Decedent recalls co-worker Philip Cassera, Laughlin, Nevada.

On the <u>INGERSOLL</u>, decedent worked in the lower part of the forward engine room. Decedent insulated two main feed pumps. Decedent mixed and applied insulating cement.

On the <u>POINT DEFIANCE</u>, decedent insulated steam pipes in one of the firerooms. Decedent recalled co-worker Mike Ahumada, Carson, California.

On the <u>KEARSARGE</u> decedent worked in the aft engine room.  Decedent removed half rounds of steam pipe insulation and installed new PABCO (FIBREBOARD CORPORATION)

4 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

half rounds, identifying the brand by the markings on the box. Decedent wrapped the insulation in asbestos-containing A cloth, which he cut from a roll. Decedent worked in proximity to crew members who were removing and installing valve packing. Decedent recalled co-workers: John Thorton, Richmond, California; and Robert Owens, address unknown.

Decedent was on the HORNET on two occasions. The first time, decedent worked in the boiler rooms insulating steam piping. Decedent used half round pipe insulation which he covered with insulating cement that he mixed from powder and wrapped with asbestos-containing B cloth. Decedent worked in proximity to pipefitters who were removing and installing flange gaskets. Decedent worked in proximity to machinists who were disassembling and reassembling a fuel oil pump. Decedent worked in proximity to painters who were adding an epoxy-based surfacing to the flight deck. Decedent was supplied by the Navy with a rubberized mask without filters or an air supply.

Decedent recalled supervisors Webster F. Ay, deceased; Cauli Hutto, deceased; and Charles Carmines, deceased; and co-workers Jerry Ropzicki, deceased.

In boiler room Number 1, decedent took his breaks five ten feet from the front of the boiler while shipyard boilermakers were removing and replacing refractory material. Decedent worked in proximity to machinists who were disassembling, reassembling and installing valves, installing related gaskets.

The second time on the HORNET, decedent worked in the No. 2 Engine Room re-insulating the high pressure and low pressure turbines. Decedent scraped off old insulating cement and installed new insulation and insulating cement. Decedent worked in proximity to machinists and pipefitters. Decedent recalled co-workers Jack Qualls, deceased; and Kenny West, address unknown.

Decedent worked on the PRINCETON during a general overhaul. Decedent worked in Fireroom 1 or 2 and wrapped insulated ducts with asbestos-containing A cloth. Decedent performed much of the same type of work on this vessel as he did on the HORNET and the KEARSRAGE. Decedent recalled co-worker Kenny West, deceased.

On the BENNINGTON, decedent worked in the catapult section, in firerooms 1 through 4, and in engine rooms 1 and 2. In the catapult section and in the firerooms, decedent designed, cut and installed insulation pads for valves, steam pipe flanges, pumps and equipment. In the engine rooms, decedent designed and installed insulation pads for turbines, feed pumps, lube oil pumps, valves and flanges. The outer cloth of the pads was asbestos-containing.

Decedent worked in proximity to co-workers who were tearing out old insulation. Decedent worked in proximity to painters who were adding an epoxy-based surfacing to the flight deck.

Decedent recalled co-worker Mike Catello, Garden Grove, California, who began working at the shipyard in 1971.

Decedent worked on the ORISKANY during a major overhaul. Decedent removed and replaced insulation on the fire main throughout the ship. Decedent designed, cut and installed insulation pads for valves, steam pipe flanges, turbines and pumps, including feed pumps and lube oil pumps. The outer cloth of the pads was asbestos-containing.

Decedent worked in proximity to co-workers who were tearing out old insulation. Decedent worked in proximity to boilermakers who were removing and replacing the tubes on eight boilers, two in each of the four firerooms, and removing and installing related pipe gaskets. Decedent worked in proximity to machinists who were repairing high- and low-pressure turbines; the deaerating tank in engine room 2; evaporators; valves, removing and replacing valve packing; and pumps, including main feed, fuel oil, lube oil, fire and bilge, and main circulating pumps. This repair work called for the removal and replacement of gaskets and packing. Decedent worked in proximity to shipyard employees who were removing and installing floor tiles. Decedent recalled co-worker Phillip Casera, Laughlin, Nevada.

On the PERRY, decedent insulated the exterior of compressors in the refrigeration area. Decedent installed insulating pads over valves. Decedent recalled co-worker Dick Sherer, address unknown.

On the ROCHESTER, decedent recalled sailor Marvin Floyd, a friend from high school.

5 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

On the <u>OKLAHOMA CITY</u>, decedent worked on the main deck insulating small piping for steam heating. Decedent installed new PABCO (FIBREBOARD CORPORATION) insulation, identifying the brand by the markings on the box. Decedent applied insulating cement to seal cracks and seams in block and pipecovering insulation.

On the <u>CHICAGO</u>, decedent insulated pipes in the crew quarters, applying insulating cement to seal half round pipe insulation. Decedent worked in proximity to shipyard workers who were removing and installing flooring tiles.

On the <u>BLACK</u>, decedent worked in the engine and fire rooms, installing insulation.

Decedent worked on the <u>MCKEAN</u> during modernization. Decedent worked in the aft engine room removing and replacing insulation on steam pipes and associated valves, pumps, and high and low pressure turbines. Decedent worked in proximity to co-workers disassembling large turbines and riggers hauling the turbine parts away. Decedent worked in proximity to co-workers using torches to cut out sections of the bulkhead for the removal of equipment. Decedent worked in proximity to co-workers who were removing and replacing pipe and valve gaskets.

Decedent worked on the <u>ASHTABULA</u> during an overhaul. Decedent applied EAGLE PICHER (EAGLE-PICHER INDUSTRIES), INC. insulating cement to seal half round pipe insulation. Decedent insulated the steam drum of a fireroom boiler with JOHNS MANVILLE (MANVILLE TRUST) block insulation. Decedent recalled co-worker, Mike Ahumada, Carson, California.

Decedent worked on the <u>CATAMOUNT</u> LSD in the firerooms on the port side during an overhaul. Decedent removed and replaced insulation. Decedent applied JOHNS MANVILLE (MANVILLE TRUST) pipe insulation on the steam lines. Decedent worked in proximity to co-workers who were removing and installing floor tiles and removing material from bulkheads. Decedent also performed similar duties as described above on other vessels. Decedent recalled co-worker Wayne Nighdepper.

On the <u>TRUXTUN</u>, decedent repaired the steam lines to the kettles and applied thermal tape to pipe insulation. Decedent recalled co-worker Sam Sharrod.

Decedent recalled the following supervisors: Max Teaford, deceased; Bill Thomas, deceased. Decedent recalled the following co-workers: Alonzo Wayne Dennis, decedent's father, deceased, from 1960-1967; Doug Wallick, address unknown; Shirley Fulton, address unknown; Bud Hulsey, address unknown; Ed Brock, address unknown; Doyce Scoggins, (1969-1974), Los Angeles, California; Glen Brown (1969-1973), deceased; Mr. Hamilton, address unknown; Howard Kosloff, address unknown; Thaddeus Marx, address unknown; "Frenchie" Berube, address unknown; Leon Ross, address unknown; Mr. Johnson, address unknown; Guadalupe Zapata, address unknown; James Farrar, Oroville, California; Bob Miller Grass Valley, California; Ernie "Duck" Suarez; Doug Wallach, City of Orange, California; William Chipperfield; Jack Rich, Oakland, California; Jerry West, Arkansas; Bud Holsey, deceased; Joe Close, deceased; Roosevelt Langston, deceased, c/o Rose, Klein & Marias; Walter Rigsby, deceased; Billy Rigsby, deceased; Joseph Sexton, deceased, George Roy c/o Rose, Klein & Marias; Wayne Dennis, decedent's brother, deceased, c/o Paul & Hanley; Richard Hogart, deceased; Butch Williams, deceased; John C. Robinson, Vallejo, California; Jack Shaddock, Big Bear, California; Dick Shear, address unknown; Paul Reed, address unknown; Frankie Masoff, address unknown; Orvette Shelby, deceased; Daniel Eck, Anaheim, California; Cecil Hoff, deceased; Jerry Thurtle, address unknown; Norwalk, California; Charlie Ay, c/o Rose, Klein & Marias. Plaintiff currently contends that decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Various employers including but not limited to: | Shell Gas Station Costa Mesa, CA | Gas Station Attendant | 1966-1967 |
| Chevron Corporation | Union 76 Station | | 1966 (Approx. 3 |

6 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

**BRAYTON❖PURCELL LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

| San Ramon, CA | Highway 101<br>Harbor City, CA | | months) |
| R. Benjamin Enterprises, Inc.<br>Minneapolis, CA | Union 76 Station<br>Tropicana Street<br>Las Vegas, NV | | Late 1966-<br>early 1967<br>(Approx. 1 month) |

Job Duties: Decedent opened abandoned gas stations and got them running so that they were marketable. Decedent performed tire repair and replacement. Decedent removed and replaced batteries, engine oil, and air and oil filters. Decedent recalled supervisor Lyle Schaefer, address unknown. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
| --- | --- | --- | --- |
| U.S. Army | Fort Ord<br>Monterey, CA; | Infantryman | 10/24/1967 -<br>11/6/1967;<br>7/1968 -9/1968 |
| | U.S. Army<br>Fort Polk<br>Leesville, LA; | | 1/13/1968 -<br>1/25/1968 |
| | U.S. Army<br>Fort Benning<br>Columbus, GA; | | 5/1968-7/1968 |
| | U.S. Army,<br>Da Nang, Vietnam; | | 10/1968 - 12/1968 |
| | U.S. Army, Fort Buckner,<br>Sukaran, Okinawa, Japan | | 12/29/1968 -<br>10/17/1969 |

Job Duties: Decedent completed basic military training at Fort Ord, returning there in 1968 for leadership training. Decedent completed advanced infantry training at Fort Polk and officer training at Fort Benning. Decedent was deployed to Vietnam, where he served as a squad leader, and was then based in Japan. Decedent recalled soldiers Leon Berger, deceased; William Bolten and Mr. Ledbetter, addresses unknown, at Fort Benning. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
| --- | --- | --- | --- |
| Long Beach Naval Shipyard<br>Long Beach, CA | Mare Island Naval<br>Shipyard, Vallejo, CA | Insulator | 1971-1973 |
| | Mare Island Naval<br>Shipyard, Shop 64; | | |
| | GUITARRO (SSN-665); | | 1971 (Approx. 2<br>weeks) |
| | ABRAHAM LINCOLN | | 1972 |

7 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

C:\Documents and Settings\AENGDAHL\Local Settings\Temp\XPgrpwise\104442 Dennis WD CMP

**BRAYTON❖PURCELL LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

(SSBN-602)

Job Duties: Decedent was sent to this location while employed by Long Beach Naval Shipyard. Decedent removed and replaced insulation.
     In Shop 64, decedent fabricated insulating pads.

///

     On the <u>GUITARRO</u>, decedent worked in the engine room, removing insulation from pipes and the exterior of a generator. Decedent installed UNIBESTOS (PITTSBURGH CORNING CORPORATION) pipe insulation. Decedent worked in close proximity to riggers, boilermakers, pipefitters, and machinists. Decedent worked in close proximity to insulator Gary Erskine, Ripon, California, who was employed by MARE ISLAND SHIPYARD. Decedent recalls co-worker John C. Robinson, Oakland, California.
     On the <u>ABRAHAM LINCOLN</u>, decedent worked in various locations, including the pump room at the bottom of the submarine, near the base of the missile silos, and the torpedo room, installing new insulation.
     Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Owens-Corning Toledo, OH | Todd Shipyard, Seattle, WA, Various ships | Insulator | 1975-1976 |

Job Duties:  Decedent removed, repaired and replaced insulation. Decedent insulated pipes in the engine room in close proximity to electricians who were installing turbines. Decedent recalled co-workers Wilbert "Butch" Williams, deceased; and "Bear" Glovick, Fort Wacuka, Arizona. Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Insulation San Francisco, CA | Standard Oil, Richmond, CA | Insulator | 1975-1976 (Approx. 1 month); 2001 |
| Oscar E. Erickson Richmond, CA | | | 1975 or 1976 |

Job Duties:  Decedent insulated pipes and equipment exteriors. Decedent worked in proximity to welders who were using asbestos-containing blankets, laborers who were sweeping up dust and debris from various sources, carpenters who were installing and removing scaffolding, pipefitters who were installing pipes and pipe hangers, and electricians. Decedent worked in proximity to co-workers repairing a heat exchanger.
     When working for Oscar E. Erickson, decedent insulated pipes on the catalytic cracker unit.
     When working for Plant Insulation, decedent insulated pipes, the interior of a column and the exterior of a heat exchanger. The heat exchanger's existing block insulation crumbled off as decedent installed new insulation.
     Decedent recalled co-workers Wilbert "Butch" Williams, deceased; and Albert John Kiss,

8 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

C:\Documents and Settings\AENGDAHL\Local Settings\Temp\XPgrpwise\104442 Dennis WD CMP.wpd   **BRAYTON❖PURCELL LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

deceased, c/o Brayton ❖ Purcell; and supervisors  Arvis Duncan, deceased; and Billy Adams deceased.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| AC&S, Inc. Lancaster, PA | Trojan Nuclear Powerhouse, Rainier, OR | Insulator | 8/1975 - 9/1975 (Approx. 6 weeks) |

Job Duties: Decedent banded aluminum jacketing onto a large drum.  Decedent worked in proximity to BECHTEL (SEQUOIA VENTURES INC.) pipefitters who were installing gaskets; BECHTEL (SEQUOIA VENTURES INC.) laborers who were sweeping up dust and debris from various sources, including gaskets; and OWENS CORNING FIBERGLAS employees, who were removing and installing insulation. Decedent worked in close proximity to pipefitters, laborers, scaffold builders, electricians and machinists installing turbines. Decedent recalled co-worker Wilbert "Butch" Williams, deceased.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Wismer & Becker, San Bruno, CA | Trojan Nuclear Powerhouse, Rainier, OR | Insulator | 11/1975 (2 days) |

Job Duties: Decedent installed foam-type firestop on both sides of a wall penetrated with pipes, electrical conduit and wiring. Decedent worked in close proximity to electricians who were running wires and conduit through the concrete walls.  Decedent worked in close proximity to pipefitters who were installing GARLOCK (GARLOCK SEALING TECHNOLOGIES, LLC) gaskets.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Owens-Corning Toledo, OH | Trojan Nuclear Power Plant, Rainier, OR | Insulator | 11/1975-1981 (Approx. 2 months) |

Job Duties:  Decedent insulated pipes at a new unit. Decedent worked as close as two feet from BECHTEL (SEQUOIA VENTURES INC.) pipefitters who were removing and installing gaskets. Decedent worked in  proximity to BECHTEL (SEQUOIA VENTURES INC.) employees who were installing and disassembling scaffolding, dropping dust and debris to the ground. Decedent worked in proximity to BECHTEL (SEQUOIA VENTURES INC.) laborers who were sweeping up dust and debris from various sources. Decedent worked in proximity to electricians, welders, and sheetmetal workers. Decedent recalled supervisors and co-workers David Coonrod, Portland, Oregon, area; Wilbert "Butch" Williams, deceased, Ron Cantrell, deceased; Al Borquist, Arlington, Washington; Bobby Coonrod, Bay Area, California.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Owens-Corning Toledo, OH | Various industrial sites, including, | Insulator | 11/1975-1981 |

9 -   COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

|   |   |   |
|---|---|---|
| Anheuser Busch Brewery (Budweiser), Van Nuys, CA | | 1975-1976 (Approx. 2 weeks) |

Job Duties:  Decedent removed, repaired and replaced insulation. At the Anheuser Busch Brewery, decedent removed cracked or broken insulation from the steam drum of a boiler, installing patches of new insulation as needed.  Decedent worked in proximity to laborers hired by a general contractor who were sweeping up insulation dust and debris. Decedent recalled coworkers  Wilbert "Butch" Williams, deceased; and "Bear" Glovick, Fort Wacuka, Arizona. Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Oscar E. Erickson Richmond, CA | Dow Chemical Pittsburg, CA | Insulator | 1976 (3 weeks) |

Job Duties:  Decedent insulated cold lines during new construction and renovation. Decedent recalled supervisors  "Angelo," address unknown; Wilbert "Butch" Williams, deceased.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| E.J. Bartells Co. Renton, WA | Weyerhaeuser Paper Mill Springfield, OR | Insulator | 1976 (2 weeks) |

Job Duties:  Decedent repaired existing pipe insulation. Decedent  used a knife to trim existing insulation in order to add new insulation. Decedent wore a 3M COMPANY mask.
Decedent recalled foreman Mike Greer, address unknown; and Wilbert "Butch" Williams, deceased.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| E.J. Bartells Co. Renton, WA | Various industrial sites, including, | Insulator | 1976-1980 |
|  | AEC-Hanford Richland, WA |  | 1/77-5/77 1978 (one month) |

Job Duties:  Decedent insulated heating ducts during new construction. Decedent cut and fabricated metal in the fabrication shop. Decedent insulated the exterior walls of at least one boiler. Decedent worked in proximity to pipefitters who were connecting pipes to the pumps and sheetmetal workers who were covering  insulation.
At Hanford, decedent worked in the pump room during new construction as an insulator and a foreman. Decedent worked within a foot of  pipefitters who were installing GARLOCK (GARLOCK SEALING TECHNOLOGIES, LLC) gaskets. Decedent worked in proximity to electricians who were drilling into fuse boxes. Decedent worked in proximity to BECHTEL (SEQUOIA VENTURES, INC.) laborers who were sweeping up dust and debris.  Decedent recalled foreman Gene Newbery, address unknown; and co-workers Dennis Johnson, southeast Washington State; Jim Merrighi, address unknown.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

10 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Valley Thermal Insulation Co., Grandview, WA | AEC-Hanford, Richland, WA | Insulator | 1976; 1979 |

Job Duties:  Decedent removed, repaired and installed insulation. Decedent patched and repaired exterior insulation on pipes, ducts and at least one water pump in all parts of the facility.

At 100 N, decedent troweled mastic sealer over asbestos insulation on pipes and ventilation ducts at the reactor, then covered the pipes and ducts with non-asbestos insulation. Decedent removed existing asbestos pipe insulation by cutting off the jacketing with end-cutting nippers then scraping off the asbestos insulation with a knife. At the animal testing lab portion of this facility decedent repaired existing pipe insulation.

At the H reactor site, decedent removed asbestos insulation from pipes.

At the N reactor site, decedent patched existing insulation the exterior of a piece of equipment and added a new insulation layer.

When working in the reactors, decedent wore a dual-canister face mask and coveralls provided by his employer. Decedent recalled the following coworkers:  Billy Adams, deceased; Wilbert "Butch" Williams, deceased; Dick Elli, address unknown;  and Jim Merrighi, address unknown.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Oscar E. Erickson Richmond, CA | Monsanto Chemical, Avon, CA | Insulator | 4/1976-5/1976 |

Job Duties: Decedent insulated pipes and the exterior of a column. Decedent worked in proximity to pipefitters who were removing and installing gaskets. Decedent worked in proximity to MONSANTO  (PHARMACIA PHARMACEUTICAL CORPORATION) laborers who were sweeping up dust and debris from gasket material. Decedent recalled supervisors "Angelo," address unknown; and Wilbert "Butch" Williams, deceased.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Metalclad Insulation Seattle, WA | Alaskan Skids Project, Anacortes, WA | Insulator | 5/1976-6/1976 |

Job Duties:  Decedent insulated pipes and walls. Decedent applied new insulation over old insulation, removing buildup on the old insulation to obtain a smooth, even surface.

Decedent worked in close proximity to pipefitters employed by BROWN & ROOT who were connecting pipes, cutting and installing flange gaskets, and installing pipe racks. Decedent worked in close proximity to welders, electricians, and carpenters.  Decedent recalled co-worker Wilbert "Butch" Williams, deceased.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Thorpe Insulation Company | Bethlehem Steel | Insulator | 7/1976 (6 days); |

11 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

| | | | |
|---|---|---|---|
| Fullerton, CA | Shipbuilding, San Pedro/<br>Los Angeles, CA,<br>Two military ships | | 2004 |

Job Duties: Decedent installed new insulation.
        On a World War II era destroyer decedent insulated a bulkhead.
        On the second ship decedent applied spray shield insulation to flanges.
        Decedent recalled co-worker Wilbert "Butch" Williams, deceased.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Insulation Service, Inc.,<br>Tulsa, OK | Fertilizer Plant<br>Enid, OK | Insulator | 8/1976 (3-4<br>weeks);<br>11/1976 (3-4<br>weeks) |

Job Duties:  Decedent insulated pipes during new construction. Decedent worked in proximity to pipefitters installing gaskets, carpenters building scaffolding, welders, and electricians running wiring.  Decedent recalled supervisor  "Cliff," address unknown; and coworker Dennis Woods, Dennis Woods, Florence, Oregon; and Wilbert "Butch" Williams, deceased.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Owens-Corning<br>Toledo, OH | Kerr McGee, Trona, CA | Insulator | 1977 or 1978<br>(Approx. 2 weeks) |

Job Duties: Decedent installed new pipe insulation. Decedent recalls co-worker Ron Cantrell, deceased.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Combustion Engineering, Inc.<br>Norwalk, CT | Mojave Powerhouse (SCE)<br>Laughlin, NV | Insulator | 1/1978-5/1978 |
| Jesco, Inc.<br>Farmington, NM | | | 1978 |
| Owl Constructors<br>Sylmar, CA | | | 1978 (Approx.6<br>weeks) |

Job Duties:  Decedent installed new exterior insulation on a boiler approximately five or six stories high, and 50-by-50-feet at the base, disturbing adjacent pipe insulation. Decedent installed interior insulation in the boiler's upper "penthouse" area, disturbing existing insulation. Decedent worked in proximity to pipefitters who were removing and installing gaskets.
        When working for Combustion Engineering, decedent worked in proximity to insulators from JESCO, INC. and OWL CONSTRUCTORS, who were doing the same job as decedent's, disturbing existing insulation.

12 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP<br>Columbia Square Building<br>111 SW Columbia Street, Suite 250<br>Portland, Oregon 97201<br>Phone: (503) 295-4931; Fax: (503) 241-2573

Decedent recalled co-workers Ron Cantrell, deceased; Patrick Gonzales, c/o Brayton ❖ Purcell; Phillip Casera, Laughlin, Nevada.; Dennis Woods, Florence, Oregon; Perry Webb, Long Beach, California, area; and Billy Adams. deceased.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| E.J. Bartells Co. Renton, WA | Boardman Coal Fired Powerhouse, Boardman, OR | Insulator | 7/1978-5/1979; 12/1979 |

Job Duties: Decedent installed new insulation.

Decedent worked in proximity to FOSTER WHEELER (FOSTER WHEELER, LLC. (FKA FOSTER WHEELER CORPORATION) ) employees who were constructing a boiler. Decedent identified the boilermakers by the logo on their hats. Decedent worked in close proximity to electricians who were running new wiring and laborers who were sweeping up dust and debris from refractory materials. Decedent worked in close proximity to pipefitters who were cutting and installing GARLOCK (GARLOCK SEALING TECHNOLOGIES, LLC) gaskets.

Decedent recalled co-workers Mr. Quigley, Portland, Oregon; Jerry Kiss, address unknown; and Jeff Mack, address unknown; supervisor Ed Jones, Los Angeles, California; and foreman Mike Grier, Portland, Oregon.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| E.J. Bartells Co. Renton, WA | Potlatch Papermill Lewiston, ID | Insulator | Late 1979 or early 1980 (Approx. 2 weeks) |

Job Duties: Decedent insulated pipe in a newly constructed warehouse.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Concord Engineering | Standard Oil/Chevron, Richmond, CA | Insulator | 1980s |

Job Duties:  Decedent installed insulation during new construction.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Owens-Corning Toledo, OH | Salt River Project, St. Johns, AZ | Insulator | 1980 (Approx. 1 week) |

Job Duties: Decedent worked in proximity to FOSTER WHEELER (FOSTER WHEELER, LLC. (FKA FOSTER WHEELER CORPORATION) ) employees who were erecting a boiler for a coal-fired power plant. Decedent recalled co-workers Philip Cassera, Laughlin, Nevada; Bill Reimer, deceased; Wilbert Williams, deceased, and Al Borquist, Seattle, Washington, area. Plaintiff currently contends decedent was exposed to asbestos during this employment.

13 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

1

2

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bechtel Power Corp<br>50 Beale St Tax Dept<br>San Francisco, CA | Boardman Coal-Fired Powerhouse,<br>Boardman, OR | Insulator | 1980<br>(Approx.<br>1 day) |

3

4

5

Job Duties:  Decedent insulated pipe during work on new construction.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

6

7

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bechtel Power Corp<br>50 Beale St Tax Dept<br>San Francisco, CA | Potlatch Paper Mill,<br>Lewiston, ID | Insulator | 1980<br>(Approx.<br>2 weeks) |

8

9

10

Job Duties:  Decedent repaired existing asbestos-containing insulation.  Decedent performed tie-in work installing insulation on piping, valve fittings and a tank, disturbing existing insulation. Decedent insulated piping in the new warehouse.  Decedent worked in proximity to laborers sweeping up dust and debris from old insulation.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

11

12

13

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Oil Field Construction Co., Inc.,<br>Tulsa, OK | Refinery, Bakersfield, CA | Insulator | 1980 |

14

15

16

17

Job Duties: Decedent insulated pipe during a new project in an existing plant.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

18

19

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Owens-Corning Fiberglas | Todd Shipyard,<br>Seattle, WA,<br>Two ships | Insulator | 1980<br>(approximately<br>2 months) |

20

21

22

Job Duties:  Decedent insulated pipes in the engine rooms during new construction.  Decedent worked in close proximity to pipefitters cutting and installing pipe flange gaskets and valve packing. Decedent recalled foreman and co-worker Jimmy Chew, Seattle, Washington.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

23

24

25

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bechtel Power Corp<br>50 Beale St Tax Dept<br>San Francisco, CA | Alaska Skids,<br>Tacoma, WA | Insulator | 1980-1981 |

26

27

28

Job Duties: Decedent insulated ducts and piping during new construction. Decedent worked in

14 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

close proximity to pipefitters who were cutting and installing GARLOCK (GARLOCK SEALING TECHNOLOGIES, LLC) gaskets and valve packing. Decedent worked in proximity to laborers sweeping up dust and debris from gaskets and packing.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| D&G Mechanical Insulation, Inc., Sumner, WA | Unknown | Unknown | 1981 |

Job Duties: Plaintiff does not currently recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Coast Counties Engineering & Maintenance Co. | PG&E Geysers, Lake and Sonoma Counties, CA | Insulator | 10/1981 (Approx. 3 months) |

Job Duties:  Decedent insulated piping from the well head to the powerhouse during new construction.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Coast Counties Engineering & Maintenance Co. | Standard Oil, Richmond, CA | Insulator | 1982-1983 |

Job Duties:  Decedent performed insulation repair and maintenance work throughout the refinery. Decedent removed existing asbestos-containing pipe insulation and disturbed existing asbestos-containing insulation during tie-in work. Decedent worked in close proximity to COREY DELTA INC. employees who were disturbing existing insulation.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Coast Counties Engineering & Maintenance Co. | Mare Island Naval Shipyard, Vallejo, CA | Insulator | 1982-1983 |

Job Duties:  Decedent removed existing asbestos-containing insulation and installed new insulation in the boiler house.  Decedent removed existing asbestos-containing insulation from heat exchangers, piping and boilers.  Decedent installed new pipe and block insulation.
        Decedent worked in close proximity to pipefitters employed by GLOBAL ENGINEERING who were scraping, removing and replacing asbestos-containing gaskets, and valve packing. Decedent worked in close proximity to contractors who were disassembling and removing existing heat exchangers.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

15 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

C:\Documents and Settings\AENGDAHL\Local Settings\Temp\XPgrpwise\104442 Dennis WD CMPLT.wpd

**BRAYTON❖PURCELL LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Insultemp Inc. | Standard Oil, Richmond, CA | Insulator | 8/1983-9/1984 |

Job Duties:  Decedent performed new construction work and installed new pipe insulation during new construction. Decedent recalled co-worker, Darin Dennis, Vacaville, California, decedent's son.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Insultemp Inc. | California State University, Cal Poly, San Luis Obispo, CA | Insulator | 8/1983-9/1984 |

Job Duties:  Decedent insulated hot and cold water lines during a remodel.  Decedent's work space was full of dust, debris and old tile flooring materials.  Decedent worked in close proximity to pipefitters cutting and installing asbestos-containing gaskets and valve packing materials. Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Insultemp Inc. | Mare Island Naval Shipyard, Vallejo, CA | Insulator | 08/1983-09/1984 |

Job Duties:  Decedent worked in an office building performing insulation repair work.  Decedent insulted existing ducts and repaired damaged asbestos-containing duct wrap.  Decedent disturbed existing asbestos-containing insulation during tie-in work.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pem Insulation Co Inc 4970 Industrial Way Benicia, CA | Dow Chemical, Richmond, CA | Insulator | 1984 |

Job Duties:  Decedent performed repair and maintenance work throughout the plant.  Decedent insulated piping and disturbed existing asbestos-containing insulation during tie-in work. Decedent worked in close proximity to various trades including laborers sweeping and cleaning dust and debris from old insulation and pipefitters removing and replacing gaskets and valve packing materials.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pem Insulation Co Inc 4970 Industrial Way Benicia, CA | Monsanto Chemical, Avon, CA | Insulator | Mid-1980s |

16 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

Job Duties: Decedent performed insulation repair and maintenance work. Decedent insulated piping and disturbed existing pipe and block insulation during tie-in work. Decedent worked in close proximity to various trades including pipefitters removing and replacing gaskets and valve packing materials. Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pem Insulation Co Inc 4970 Industrial Way Benicia, CA | General Chemical Co., Hollister, CA | Insulator | 1984-2000 |

Job Duties: Decedent insulated piping. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pem Insulation Co Inc 4970 Industrial Way Benicia, CA | Various Bay Area Refineries, including, | Insulator | 1984-2000 |
| | Standard Oil Refinery, Richmond, CA; | | |
| | Exxon Refinery, Benicia, CA; | | |
| | Shell Oil, Martinez, CA | | |

Job Duties: Decedent insulated piping. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| General Industrial Insulation, Inc. | Unknown | Unknown | 1984 |

Job Duties: Plaintiff does not currently recall the specifics of this employment. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Timec | Exxon Refinery, Benicia, CA | Insulator | Mid-1980's |

Job Duties: Decedent performed insulation repair and maintenance work. Decedent recalls working in close proximity to GULF STATES INC. (ENCOMPASS INDUSTRIAL SERVICES SOUTHEWEST, INC. employees who were removing existing asbestos-containing gaskets and valve packing materials, performing welding work and disturbing existing asbestos-containing

17 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

insulation.  Decedent worked in close proximity to COREY DELTA, INC. contractors who were disturbing existing insulation.  Decedent worked in close proximity to laborers constructing and moving scaffolding throughout the refinery.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pem Insulation Co Inc 4970 Industrial Way Benicia, CA | General Chemical Co., Richmond, CA | Insulator | Mid-1980's |

Job Duties:  Decedent performed insulation repair and maintenance work.  Decedent insulated piping and disturbed existing pipe and block insulation during tie-in work.  Decedent worked in close proximity to various trades including pipefitters removing and replacing gaskets and valve packing materials.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pem Insulation Co Inc 4970 Industrial Way Benicia, CA | General Chemical Co., Bay Point, CA | Insulator | Mid-1980's |

Job Duties:  Decedent performed insulation repair and maintenance work.  Decedent insulated piping and disturbed existing pipe and block insulation during tie-in work.  Decedent worked in close proximity to various trades including pipefitters removing and replacing gaskets and valve packing materials.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| East Bay Engineering and Construction, Inc., Richmond, CA | Chevron Oil Refinery, Richmond, CA | Insulator | 1986-1987 |

Job Duties: Decedent performed insulation repair and maintenance work throughout the refinery.  Decedent removed existing asbestos-containing pipe insulation and disturbed existing asbestos-containing insulation during tie-in work. Decedent worked in close proximity to COREY DELTA, INC. contractors who were disturbing existing insulation.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mid Valley Electric Loomis, CA | UC Davis, Davis, CA | Insulator | 1990; 1991 (approximately 2-4 weeks) |

Job Duties:  Decedent insulated piping during a new construction project.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

18 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Official Insulation Inc. Reno, NV | UC Davis, Davis, CA | Insulator | 2001 (approximately 1 week) |

Job Duties:  Decedent performed new insulation work during renovation of a dormitory building. Decedent insulated piping. Decedent's jobsite was full of dust and debris from the building demolition, including linoleum flooring that had been ripped out throughout the job site. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| B&C Insulation Inc. Reno, NV | Unknown Elementary School, Carson City, NV | Insulator | 2001 (approximately 2 days) |

Job Duties:  Decedent insulated new piping in an elementary school.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Dillingham Construction Inc. 7775 Las Pasitas Rd, Ste A Livermore, CA | Shell Oil Refinery, Martinez, CA | Insulator | 2001; 2002 (Approx. 3 months) |

Job Duties:  Decedent performed insulation repair and patch jobs throughout the refinery. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Golden Bear Insulation 2650 Jones Rd. Walnut Creek, CA | Genentech, South San Francisco, CA | Insulator | 2002 (approximately 5 months) |

Job Duties:  Decedent worked throughout this building performing insulation work.  Decedent patched existing pipe insulation on various floors and on piping and equipment in the mechanical room.  Decedent installed new insulation.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Frank Rodgers | Cogeneration Plant, (Calpine) Pittsburg, CA | Insulator | 2002 (Approx. 1 month) |

Job Duties:  Decedent performed insulation work during the new construction of this energy center.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

19 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

C:\Documents and Settings\AENGDAHL\Local Settings\Temp\XPgrpwise\104442 Dennis WD CMPLT.wpd
**BRAYTON❖PURCELL LLP**
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Certified Coatings of California 1045 Detroit Ave Concord, CA | Golden Eagle Refinery, Pittsburg, CA | Insulator | 2002 (approximately 1 month) |

Job Duties:  Decedent performed insulation patch and repair work on existing insulated pipelines.  Decedent worked in close proximity to various contractors, including abatement workers removing existing asbestos-containing insulation from heat exchangers.  Decedent recalled this job was halted due to asbestos-containing dust and debris escaping the containment areas.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Self Employed | Various residential locations throughout the East Bay, CA | Sheet Metal Worker | 2003 |

Job Duties:  Decedent constructed pre-fabricated duct materials.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Far West Insulation Contracting 1376 S Acadia Ave Ste A Fullerton, CA | Chevron Oil Refinery, Richmond, CA | Insulator | 2003; 2004 (Approx. 2 months total) |

Job Duties:  Decedent performed insulation repair work during shutdowns.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Performance Contracting Inc 208 E Woodlawn Rd, Ste 200 Charlotte, NC | Foster Farms, Livingston, CA | Insulator | 2004 |

Job Duties:  Decedent insulated cold pipelines in the refrigeration warehouse.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Performance Contracting Inc. 16400 College Blvd. Lenexa, KS | Calpine Powerhouse, Turlock, CA | Insulator | 2004; 2005; 2006 |

Job Duties:  Decedent insulated pipelines and fabricated insulation pads.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

20 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Performance Contracting Inc. 16400 College Blvd. Lenexa, KS | Shell Refinery, Martinez, CA | Insulator | 2004; 2005; 2006 (Approx. 1 month total) |

Job Duties:  Decedent fabricated insulation pads for the coker.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pem Insulation Co Inc 4970 Industrial Way Benicia, CA | Various unknown wineries throughout Sonoma, CA and Napa, CA | Insulator | 2004; 2005 (Approx. 6 months total) |

Job Duties:  Decedent insulated chill and cold water lines on new construction projects. Decedent tied into pipes and tanks.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bayside Insulation & Construction Inc 4045 Nelson Ave A Concord, CA | Rancho Seco Nuclear Powerhouse, Herald, CA | Insulator | 11/2005-06/2006; 2006; 2007 |

Job Duties:  Decedent fabricated insulation pads for vessels.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bayside Insulation & Construction Inc 4045 Nelson Ave A Concord, CA | Golden Eagle Refinery, Pittsburg, CA | Insulator | 2006; 2007 |

Job Duties:  Decedent fabricated insulation pads and installed insulation pads within the cogeneration unit and on a turbine.  Decedent worked in close proximity to pipefitters and machinists performing repair work.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bayside Insulation & Construction Inc 4045 Nelson Ave A Concord, CA | Calpine Gilroy Co-Generation Plant, Gilroy, CA | Insulator | 2006; 2007 |

21 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

Job Duties:  Decedent fabricated insulation pads.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Far West Insulation Contracting 1376 S Acadia Ave Ste A Fullerton, CA | Delta Energy, Co-generation plant, Pittsburg, CA | Insulator | 2006; 2007 |

Job Duties:  Decedent fabricated insulation pads.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Far West Insulation Contracting 1376 S Acadia Ave Ste A Fullerton, CA | Calpine Yuba City, Co-Generation Plant, Yuba City, CA | Insulator | 2006; 2007 |

Job Duties:  Decedent fabricated insulation pads.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Far West Insulation Contracting 1376 S Acadia Ave Ste A Fullerton, CA | Calpine Agnews Co-Generation Plant, San Jose, CA | Insulator | 2006; 2007 |

Job Duties:  Decedent fabricated insulation pads.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Far West Insulation Contracting 1376 S Acadia Ave Ste A Fullerton, CA | Calpine Gilroy Co-Generation Unit, Gilroy, CA | Insulator | 2006; 2007 |

Job Duties:  Decedent fabricated insulation pads.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Far West Insulation Contracting 1376 S Acadia Ave Ste A Fullerton, CA | Anheuser-Busch, Fairfield, CA | Insulator | 12/2007 |

22 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

Job Duties:  Decedent performed insulation patch and repair work.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Far West Insulation Contracting 1376 S Acadia Ave Ste A Fullerton, CA | Waste Water Treatment Facility, Fairfield, CA | Insulator | 10/2008 |

Job Duties:  Decedent fabricated pads.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.


NON-OCCUPATIONAL EXPOSURE:
Friction:
Decedent performed brake jobs on personal vehicles from 1962 until 1980. Decedent removed brake pads and turned the brake drums upside down and shook them out. Decedent replaced old brake pads with new RAYBESTOS (RAYMARK INDUSTRIES, INC.) and BENDIX (HONEYWELL INTERNATIONAL, INC.) brake pads. Beginning in 1971, decedent received help on this vehicle repair work from his son, Darin Dennis, Vacaville, California.

In 1959, decedent assisted his friend, Allen Locke, Garden Grove, California, in rebuilding the engine, removing and replacing the original clutch and gaskets, of Locke's 1955 FORD Fairlane.

In early 1960, decedent replaced the engine gaskets in his 1956 CHEVROLET Bel Air convertible. Decedent replaced the brakes, installing  BENDIX (HONEYWELL INTERNATIONAL, INC.) brake pads. Decedent purchased the replacement parts, including the brakes, at Garden Grove Auto Parts, Garden Grove, California.

In 1961 decedent removed and replaced original gaskets and removed and replaced the brakes on his 1959 PONTIAC (GENERAL MOTORS) Star Chief. Decedent installed new BENDIX (HONEYWELL INTERNATIONAL, INC.) brake pads. Decedent bought replacement gaskets and brakes at CHIEF AUTO PARTS, on Katella and Brockhurst, Garden Grove, California.

In 1960 decedent removed and replaced the original clutch on a 1959 PONTIAC (GENERAL MOTORS) Catalina with help from his friend Allen Locke, Garden Grove, California.

In 1973, decedent replaced the engine and engine gaskets on his 1967 BUICK (GENERAL MOTORS CORPORATION) Electrica. Decedent purchased replacement engine gaskets from CHIEF AUTO PARTS INC., Garden Grove, California.  Decedent replaced the brakes with RAYBESTOS (RAYMARK INDUSTRIES, INC.) brakes he purchased from an auto parts store in Forest Grove, Oregon.

In 1980, decedent removed and replaced the brakes on his 1975 MERCURY (FORD MOTOR COMPANY) Grand Marquis. Decedent installed new RAYBESTOS (RAYMARK INDUSTRIES, INC.) brakes he purchased from SCHUCKS AUTO PARTS, Pasco, Washington. Plaintiff currently contends decedent was exposed to asbestos during this vehicle repair work.

PARA-OCCUPATIONAL EXPOSURE:

        Decedent lived with his father, insulator Alonzo Wayne Dennis, deceased, from his birth in 1942 until decedent left home in 1963. Decedent also lived with his brother, insulator Wayne

23 - COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH

BRAYTON❖PURCELL LLP
Columbia Square Building
111 SW Columbia Street, Suite 250
Portland, Oregon 97201
Phone: (503) 295-4931; Fax: (503) 241-2573

Dennis, deceased, c/o Paul & Hanley, from his birth in 1942 until Wayne left home in 1957.
     Decedent's father and brother Wayne worked as insulators at Long Beach Naval Shipyard, the father from 1952; the brother from 1955. Both men returned home with insulation dust on their clothing and regularly sat in the family's living room still wearing dusty work clothes. Decedent's mother shook out and laundered the work-dusty clothes in the house. Plaintiff's father, Alonzo Dennis' work history is as follows:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Long Beach Naval Shipyard Long Beach, CA | Long Beach Naval Shipyard Long Beach, CA | Insulator | 1952 - 1963 |

Job Duties: Decedent's father, Alonzo Wayne Dennis, deceased, removed, repaired and replaced insulation on pipes and equipment.  Plaintiff currently contends decedent was exposed to asbestos as a result of this employment.

Plaintiff's brother, Wayne Dennis's work history is as follows:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Long Beach Naval Shipyard Long Beach, CA | Long Beach Naval Shipyard Long Beach, CA | Insulator | 1955 - 1957 |

Job Duties: Decedent's brother, Wayne Dennis, deceased, c/o Paul & Hanley, removed, repaired and replaced insulation on pipes and equipment.  Plaintiff currently contends decedent was exposed to asbestos as a result of this employment.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOANNE DENNIS, et al.,

### DEFENDANTS
TODD SHIPYARDS CORPORATION, et al.

**(b)** County of Residence of First Listed Plaintiff   Lane County, OR
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   King County, Washington
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BRAYTON PURCELL, LLP
Columbia Square Building, 111 SW Columbia Street, Suite 250
Portland, Oregon 97201 Phone: (503) 295-4931

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
25 U.S.C see 1332
Brief description of cause:
Personal Injury-Negligence, Product Liability, Asbestos Exposure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ According to proof
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE   Not yet assigned
DOCKET NUMBER

DATE   03/18/2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.      **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: 47 USC 553
                                              Brief Description: Unauthorized reception of cable service

VII.      **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.      **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.