BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI))
**(In Re: Condition Transfer Order (CTO-400)**

CASE ORIGINATES FROM
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SALLY GROS VEDROS | CIVIL ACTION |
| VERSUS | |
| NORTHROP GRUMMAN SHIPBUILDING INC., ET AL | NO.: **LAE 2:11-cv-01198** |

## NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Sally Gros Vedros, who files this Notice of Opposition to Conditional Transfer Order entered on May 24, 2011, on the grounds that this action was originally filed in state court, and was untimely and improperly removed by defendants, CBS Corporation, Foster Wheeler, LLC, and General Electric Company, on the basis of "federal officer immunity" pursuant to 28 U.S.C. 1442 and the "government contractor immunity." Plaintiff filed a Motion To Remand on May 23, 2011, in the United States District Court for the Eastern District of Louisiana and sought an expedited hearing on said motion as Sally Vedros is suffering from mesothelioma, a terminal cancer. Judge Sarah S. Vance, the federal judge to whom the case was assigned after removal, has granted plaintiff's motion for expedited hearing and ordered the removing defendants to file their opposition, if any, no later than May 31, 2011. Plaintiff is awaiting a determination on the jurisdictional issue from the Honorable Judge Sarah S. Vance. Plaintiff asserts that the Conditional Transfer Order must be stayed and a determination on the Motion To Remand must be made by Judge Vance prior to any action being taken on the Conditional Transfer Order. As shown in plaintiff's Motion To Remand that has been filed in the Eastern

District of Louisiana, the federal court has no jurisdiction over this matter, and all similar cases, have been routinely remanded by the federal Eastern District of Louisiana to the Louisiana State courts for lack of federal jurisdiction. *Bourgeois v. A.P. Green*, No. 96-3764 (E.D. La. 1997); *Gauthe, et al v. Asbestos Corporation, et al*, 1997 WL 3255 (E.D. La. 1997); *Bartley v. Borden, Inc.*, No. 96-145 c/w 96-157 through 96-205 (E.D. La. 1996); *Mouton v. Flexitallic, Inc., et al.*, 1999 WL 225438 (E.D. La. 1999); *Savoie v. Northrop Grumman Ship Systems*, No. 05-2086 (E.D. La. 2005); *Porche v. Flexitallic, Inc., et al.*, 1996 WL 603919 (E.D. La. 1996); *Anderson v. Avondale Industries, Inc.*, 1994 WL 679827 (E.D. La.); see also *Overly v. Raybestos-Manhattan*, No. C-96-2853 SI., 1996 WL 532150 (N.D. Cal. Sept. 9, 1996); *Good v. Armstrong World Industries, Inc., et al*, 914 F.Supp. 1125 (E.D. P.A. 1996); *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 947 (E.D. N.Y. 1992); *Freiberg v. Swinerton & Walberg Property Services, Inc.*, 245 F.Supp. 2d 1144 (D. Colo. 2002); *Walker v. Avondale Industries, Inc.*, 03-1036 (E.D. La. 2003); *Marchand v. Anco Insulations Inc.*, 09-6365 (E.D. La. 2009). Since the federal courts have no jurisdiction over this matter, remand is mandatory. *Insinga v. LaBella*, 845 F.2d 249 (11th Cir. 1988); *Bobby Jones Garden Apartment v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Covington v. Indemnity Ins. Co.*, 251 F.2d 930 (5th Cir. 1958).

    A district court may and should always determine *sua sponte* whether its subject matter jurisdiction has been properly invoked. *Thomas v. Burlington Industries, Inc.*, 763 F.Supp. 1570, 1575 (S.D. Fla. 1991) (citing 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3721). In this case, subject matter jurisdiction has not been invoked, and the case should be remanded to the state court from which it was removed. Additionally, the removal was untimely. Moreover, the Conditional Transfer Order (CTO-400) should be stayed pending action by the federal district court on plaintiff's Motion To Remand.

    **WHEREFORE**, plaintiff opposes the conditional transfer order, and prays that the conditional transfer order is stayed pending action on plaintiff's Motion To Remand, that the transfer

is denied and that the case is remanded to the state court from which it was removed for lack of federal jurisdiction.

Respectfully Submitted:

**ROUSSEL & CLEMENT**

_/s/ Gerolyn P. Roussel_

GEROLYN P. ROUSSEL - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
1714 Cannes Drive
LaPlace, LA 70068
Telephone: (985) 651-6591
ATTORNEYS FOR PLAINTIFF,
SALLY GROS VEDROS

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Notice of Opposition to Conditional Transfer Order has been filed with the Clerk of Court for the Eastern District of Louisiana and has been served upon the parties listed below (as reflected on Attachment "A") by facsimile, hand delivery, or mailing same to each, properly addressed and postage prepaid, on this 26th day of May, 2011.

_/s/ Gerolyn P. Roussel_
GEROLYN P. ROUSSEL