BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

**(In Re: Condition Transfer Order (CTO-400)**

CASE ORIGINATES FROM
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SALLY GROS VEDROS | CIVIL ACTION |
| VERSUS | |
| NORTHROP GRUMMAN SHIPBUILDING, INC., ET AL | NO.: **LAE 2:11-cv-01198** |

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

NOW INTO COURT, through undersigned counsel, comes plaintiff, Sally Gros Vedros who files this Motion to Vacate Conditional Transfer Order (CTO-400) on the basis that the Conditional Transfer Order entered on May 24, 2011, was invalid as there is no federal jurisdiction for the rendering of this transfer order, for the reasons set forth in the memorandum attached hereto, as well as for the reasons set forth below:

(1) This action was originally filed in state court on October 28, 2010, and was improperly removed on Friday, May 20, 2011, by defendants, CBS Corporation, Foster Wheeler, LLC, and General Electric Company (hereinafter collectively "defendants") without a basis for federal jurisdiction, improperly asserting "government contractor immunity" as a basis for federal jurisdiction; moreover, the removal was filed untimely;

(2) The plaintiff filed a Motion To Remand on Monday, May 23, 2011, in the United States District Court for the Eastern District of Louisiana and sought an expedited hearing on said motion as Sally Vedros is suffering from mesothelioma, a terminal cancer. Judge Sarah S. Vance, the federal judge to whom the case was assigned after removal, has granted plaintiff's motion for expedited hearing and ordered the removing defendants to file their opposition, if any, no later than May 31, 2011;

(3)   As shown in plaintiff's Motion To Remand that has been filed in the Eastern District of Louisiana (See Appendix A & B), the federal court has no jurisdiction over this matter, and cases similar to the case at bar have been routinely remanded by the federal courts to the state court from which they originated for lack of federal jurisdiction;

(4)   Vacation of the Conditional Transfer Order/Remand is warranted because the defendants do not meet the requirements for removal under 28 U.S.C. 1442 and because the removal was untimely;

(5)   Vacation of the Conditional Transfer Order is warranted because the defendants failed to satisfy the first prong of the *Mesa* test for federal officer removal. The defendants cannot show that the government authority under which they allegedly worked interfered with their ability to fulfill their state law obligations to Mrs. Vedros. In addition, Mrs. Vedros was exposed to asbestos from the defendants' asbestos-containing products on commercial vessels which had nothing to do with the government;

(6)   Vacation of the Conditional Transfer Order is warranted because the defendants failed to satisfy the second prong of the *Mesa* test for federal officer removal. The defendants cannot show that they have a colorable federal defense to the plaintiff's claims. In addition, Mrs. Vedros was exposed to asbestos from the defendants' asbestos-containing products on commercial vessels which had nothing to do with the government;

(7)   Vacation of the Conditional Transfer Order is warranted because the defendants failed to satisfy the third prong of the *Mesa* test for federal officer removal. The defendants cannot show that a nexus exists between actions for which they are being sued and the alleged directives of the federal government. In addition, Mrs. Vedros was exposed to asbestos from the defendants' asbestos-containing products on commercial vessels which had nothing to do with the government;

(8)   Vacation of the Conditional Transfer Order/Remand is warranted under the numerous cases cited in plaintiff's memorandum in support, including the cases of *Good v. Armstrong World Indus., Inc.*, 914 F. Supp. 1125 (E.D. Pa. 1996); *Bourgeois v. A.P. Green*, No. 96-3764 (E.D. La. 1997); *Gauthe, et al v. Asbestos Corporation, et al*, 1997 WL 3255 (E.D. La. 1997); *Bartley v. Borden, Inc.*, No. 96-145 c/w 96-157 through 96-205 (E.D. La. 1996); *Mouton v. Flexitallic, Inc., et al.*, 1999 WL 225438 (E.D. La. 1999); *Savoie v. Northrop Grumman Ship Systems*, No. 05-2086 (E.D. La. 2005); *Porche v. Flexitallic, Inc., et al.*, 1996 WL 603919 (E.D. La. 1996); *Anderson v. Avondale Industries, Inc.*, 1994 WL 679827 (E.D. La.); *Overly v. Raybestos-Manhattan*, No. C-96-2853 SI., 1996 WL 532150 (N.D. Cal. Sept. 9, 1996); *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 947

(E.D. N.Y. 1992); and *Freiberg v. Swinerton & Walberg Property Services, Inc.*, 245 F.Supp. 2d 1144 (D. Colo. 2002); *Walker v. Avondale Industries, Inc.*, 03-1036 (E.D. La. 2003); *Marchand v. Anco Insulations Inc.*, 09-6365 (E.D. La. 2009), among many other cases.

**WHEREFORE**, plaintiff respectfully submits that the conditional transfer order should be vacated and the case should be remanded to state court for lack of federal jurisdiction, or, in the alternative, the conditional transfer order should be stayed pending a decision on plaintiff's motion to remand.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of **Plaintiff's Motion to Vacate Conditional Transfer Order** has been served upon counsel for all parties listed below (as reflected in Attachment "A") by facsimile, hand delivery, or mailing same to each, properly addressed and postage prepaid, on this 26th day of May, 2011.

_____
Gerolyn P. Roussel

Respectfully submitted,
**ROUSSEL & CLEMENT**

_____
GEROLYN P. ROUSSEL - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
1714 Cannes Drive
LaPlace, LA 70068
Telephone: (985) 651-6591
ATTORNEYS FOR PLAINTIFF,
SALLY GROS VEDROS