BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
**(In Re: Condition Transfer Order (CTO-400))**

CASE ORIGINATES FROM
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SALLY GROS VEDROS | CIVIL ACTION |
| VERSUS | |
| NORTHROP GRUMMAN SHIPBUILDING, INC., ET AL | NO.: LAE 2:11- cv-01198 |

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiff, Sally Gros Vedros, has filed a Motion to Vacate the Conditional Transfer Order (CTO-400) entered on May 24, 2011. The Conditional Transfer Order is invalid as there is no federal jurisdiction for the rendering of this order. This action was originally filed in state court, and was untimely and improperly removed by defendants, CBS Corporation, Foster Wheeler, LLC, and General Electric Company (hereinafter collectively "defendants"). Plaintiff filed a Motion To Remand on May 23, 2011 in the U.S. District Court for the Eastern District of Louisiana and sought an expedited hearing on said motion as Sally Vedros is suffering from mesothelioma, a terminal cancer. Judge Sarah S. Vance, the federal judge to whom the case was assigned after removal, has granted plaintiff's motion for expedited hearing and ordered the removing defendants to file their opposition, if any, no later than May 31, 2011. Plaintiff asserts that the Condition Transfer Order must be stayed pending Judge Vance ruling. Accordingly, for all of the reasons cited above as well as set forth below, plaintiff's motion to vacate conditional transfer order should be granted.

## I. THERE IS NO FEDERAL JURISDICTION

On the face of plaintiff's petition (Exhibit 1), this Court lacks subject matter jurisdiction. Most of the named defendants are domiciled in Louisiana, so there is no complete diversity. Plaintiff's petition is grounded solely on state law, so there is no federal question. *Ducre v. Executive Officers of Halter Marine, Inc.*, 752 F.2d 976 (5th Cir. 1985); *Cole v. Celotex Corporation.*, 599 So.2d 1058, 1068 (La. 1992). Defendants allege federal jurisdiction based upon a defense pursuant to government contractor immunity. This is not a tort defense under Louisiana law, but in any event, an alleged defense is insufficient to allow removal. It is well-settled law that "a defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed. 2d 650 (1986). The federal question in removal cases must be disclosed on the face of plaintiff's complaint and must be essential to plaintiff's cause of action; it is not enough that the federal question arises by way of a defense to that action. *Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir. 1986); *PAAC v. Rizzo*, 502 F.2d 306, 313 (3d Cir. 1974); *Border City S. & L. Ass'n v. Kennecorp Mtg.*, 523 F. Supp. 190, 192 (S.D. Ohio 1981); *Bruan, Gordon & Co. v. Hellmers*, 502 F. Supp. 897, 900 (S.D. N.Y. 1980); 1A Moore's Federal practice, Sec. 0.160 (1974); C. Wright, Law of Federal Courts, Sec. 38 at 179 (1976). A case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in plaintiff's complaint and even if the parties concede that the federal defense is the only question truly at issue. *Franchise Tax Bd. of California v. Constr. Laborers Trust for Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Thomas v. Burlington Industries, Inc.*, 763 F. Supp. 1570, 1575 (S.D. Fla. 1991). Moreover, there are no federal defenses in the instant case. As federal subject matter jurisdiction has not been invoked, plaintiff's motion to vacate conditional transfer order should be granted and the case should be remanded to the state court from which it was removed.

## II.  GOVERNMENT CONTRACTOR IMMUNITY DOES NOT APPLY

Plaintiff's petition is grounded solely on state law. The claim against the defendants are based on Louisiana law including the theory of failure to warn. As stated by the United States Supreme Court in *Mesa v. California*, 489 U.S. 121, 131-132, 109 S.Ct. 959, 966, 103 L.Ed.2d 99 (1989), in order to qualify as a federal officer, or "person" acting under him, the removing party must " (1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to plaintiff's claims and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office." (See also *Pack v. AC and S., Inc.*, 838 F.Supp. 1099, 1101 (D. Md. 1993)). Defendants cannot meet any of these requirements, despite being required to meet all three.

It has been held that removal by a "person acting under" a federal officer must be predicated upon a showing that the acts that formed the basis for the state civil suit were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations. *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 947 (E.D. N.Y. 1992). However, a review of defendants' conduct which resulted in Mrs. Vedros' exposure to dangerously high levels of asbestos reveals defendants were clearly not acting pursuant to an officer's direct orders to comprehensive and detailed regulations.

First, many of the vessels for which defendants provided the boilers and turbines that exposed Mrs. Vedros to asbestos were private vessels, not government vessels. (Exhibit 2, Foster Wheeler LLC's Contract List with Avondale; Exhibit 3, Avondale's Ship List). Indeed, plaintiff has been able to confirm that at least thirty-one (31) of the thirty-eight (38) vessels for which Foster Wheeler supplied boilers were for private companies and not the government.

Secondly, while in the case at hand, defendants claim that "virtually no aspect of the design and manufacture of the marine steam turbines, marine boilers, or other products at issue escaped the close control of the Navy and its officers," in related asbestos litigation arising out of

exposure at Avondale, CBS Corporation and General Electric Company confirmed that "unlike the large land-based powerhouse turbines which are specially designed and constructed for a particular customer and his facility, marine turbines were built and sold as **'off the shelf' items**."[1] (Exhibit 4, Opposition to Motion to Compel on Behalf of CBS Corporation and General Electric, at p. 3, emphasis added.) Thus, in regards to the design and manufacture of CBS Corporation's and General Electric Company's marine turbines, defendants were not acting under the direct orders of an officer or pursuant to comprehensive and detailed regulations, but rather were selling "off the shelf" items to the United States Navy, much as they would to any customer.[2] As recognized by the court in *Morales v. Owens-Corning Fiberglass Corp.*, 1994 WL 564744 (N.D. Cal.) (Exhibit 5),

> The "government contractor" defense is not colorable. No defendant has produced evidence that it presented specially designed products to the government under federal orders or specifications that directly conflicted with the state law duty upon which the defendants are now being sued. Most notably, no defendant produces any evidence whatsoever that the products it designed pursuant to government orders were different from those designed for civilian use in any manner pertinent to state law liability.

*Id.* at 3 (citations omitted).

Furthermore, in the case at bar, defendants cannot show "that the government provided reasonably precise specifications affecting [the defendants] provision" for not warning Mrs. Vedros of the dangers of asbestos. Absent a showing by defendants that the federal government gave specific instructions to it not to warn, defendants cannot meet even one of the three *Mesa* requirements. See *Overly v. Raybestos-Manhattan*, 1996 WL 532150, No. 96-2853 (N.D. Cal. 1996) (Exhibit 6), and *Porche v. Flexitallic*, 1996 WL 603919, No. 96-2827 c/w 96-2828 (E.D. La. 1996) (Exhibit 7).

---

[1] The *Becnel* case involved a mesothelioma victim who was exposed to asbestos on the work clothes of her father who was employed at Avondale from 1952 through 1994. Exhibit 4 at p. 1.

[2] Moreover, CBS and General Electric also sold turbines to Avondale for commercial vessels.

Given that the federal government in no way restricted the defendants' ability to warn Mrs. Vedros of the hazards of asbestos, there is no causal connection between any control exercised by the United States over the defendants, if any, and the legal theories under which plaintiff seeks to hold defendants liable. Thus, defendants have no basis on which to assert an application of the Federal Officer Removal Statute, and the case should be remanded to the state court from which it was removed. *Overly, supra; Porche, supra.*

In the case of *Gauthe, et al v. Asbestos Corporation, et al*, 1997 WL 3255 (E.D. La. 1997), Avondale attempted to remove an asbestos case to federal court alleging removal was proper under 23 U.S.C. 1442(a)(1), the Federal Officer Removal Statute. Avondale claimed removal was proper because they could allegedly raise the defense of "government contractor immunity". The *Gauthe* court stated that "**there is no evidence that the Government restricted or prohibited Avondale's ability to notify individuals of the presence of asbestos in the work environment. Assuming that Avondale built ships under the direct supervision of the federal government, nothing about that supervision prevented Avondale from warning Mr. Gauthe about the dangers. Thus, there is no causal connection between the injury alleged by Mr. Gauthe with respect to Avondale's failure to warn and Avondale working on behalf of the federal government.**" *Gauthe, supra*, at pp. 3-4. Thus, defendants have no basis for removal under the government contractor defense. *Id.*

In the case of *Mouton v. Flexitallic, Inc., et al.*, 1999 WL 225438 (E.D. La. 1999), Avondale attempted to remove an asbestos case to federal court alleging removal was proper under 23 U.S.C. 1442(a)(1), the Federal Officer Removal Statute. Again, Avondale claimed removal was proper because it could allegedly raise the federal defense of "government contractor immunity". The *Mouton* court stated that "**the federal government provided no direction on warning when using asbestos, and further did not prevent Avondale from taking its own safety precautions above the minimum standards incorporated in the federal contracts....**

**Thus, Avondale has failed to establish a causal connection between the Navy's direction pursuant to the design contracts and plaintiff's failure to warn claims."** *Mouton, supra* at pages 4. Thus, defendants have no basis for removal under the government contractor defense, and plaintiff's motion to remand should be granted.

In yet another case, *Porche, supra*,[3] Avondale again attempted to remove an asbestos case to federal court alleging removal was proper under 23 U.S.C. 1442(a)(1), the Federal Officer Removal Statute. Again, Avondale claimed removal was proper because they could allegedly raise the defense of "government contractor immunity". The *Porche* court stated that **"in a similar case removed from state court to federal court in California by Avondale, the district court remanded the case and imposed sanctions. *Overly v. Raybestos-Manhattan*, 96-2853 (N.D. Cal. Sept. 12, 1996). The court need not address these arguments the substance of removal jurisdiction and therefor will not. However, the rationale underlying *Overly* is well-reasoned."** *Porche, supra* at p. 3. Again, the *Porche* court remanded the case back to the Civil District Court for the Parish of Orleans. *Porche, supra* p. 4.

In the case of *Overly, supra*[4] a federal district court in California found that the attempted federal officer removal of the defendant, failed the federal-officer removal test because there was no evidence that a federal officer was involved in shipyard safety. In *Overly*, the plaintiff was exposed to asbestos while working at Avondale. *Id.* at page 1. After the plaintiff contracted an asbestos-related disease, he sued the defendant, alleging that the defendant's failure to warn about the hazards of asbestos caused his injury. *Id.* The defendant removed, alleging federal officer jurisdiction because it was under "rigid guidelines" imposed by the federal government for the "design of ships." *Id.* The court rejected the defendant's attempted federal officer removal because it provided no evidence showing that the government controlled asbestos-related

---

[3] Exhibit 7.

[4] Exhibit 6.

warnings or safety. "Although Avondale has established that it was under substantial control by the government regarding the installation of certain products containing asbestos, it has not done so with regard to the warning of individuals of the presence of asbestos on the job site." *Id.* at page 3. "**Absent a showing by defendant that the federal government gave specific instructions to Avondale not to warn employees of the existence of asbestos, Avondale is offered no protection by government contractor immunities.**" *Overly, supra* at page 5 (*citing In re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992)). "**The government in no way restricted Avondale's ability to notify individuals of the presence of asbestos in the work environment. Thus, there is no causal connection between the control exercised by the United States over Avondale and the legal theory under which plaintiffs seek to hold Avondale liable. Consequently, Avondale has no basis on which to assert application of the Federal Officer Removal Statute, and the case must be remanded to state court.**" *Overly, supra* at page 5.

Similarly, in *Santos v. Owens-Corning Fiberglas Corp.*, 1994 WL 564720 (N.D. Cal.), (Exhibit 8), a federal court found that Foster Wheeler, LLC's attempted removal of a state case to federal court failed to meet the requirements of 28 U.S.C. 1442. The court stated:

> These defendants do not satisfy any of the three elements that are all required to support Sec. 1442 removal. No defendant can raise a colorable federal defense, nor can any defendant establish that it was acting under a federal officer. Likewise, no defendant can establish a causal connection between the conduct undertaken at the direction of the federal officer and the basis for that defendant's state law liability.
>
> The "government contractor" defense is not colorable. No defendant has produced evidence that it presented specially designed products to the government under federal orders or specifications that directly conflicted with the state law duty upon which the defendants are now being sued. Most notably, no defendant produces any evidence whatsoever that the products it designed pursuant to government orders were different from those designed for civilian use in any manner pertinent to state law liability.
>
> ....

> Defendant Foster Wheeler argues that it is not an asbestos manufacturer or distributor, and that the Court should consider the fact that the government approved its specifications for the boilers as a whole. It argues that the Court should consider its products to be the boilers and the ships on which the boilers were placed, alleging that they were built to federal specifications. However, the relevant question is whether the government had specifications which required the use of asbestos (as opposed to some other insulation), and not whether the government had other specifications relating to the boilers. Foster Wheeler has not come forward with any evidence that the government required it to use asbestos in its boilers. Accordingly, it has not made a colorable claim for the government contractor defense.

*Santos, supra*, at pp. 3-4 (citations omitted).

In addition to the cases cited above, other similar cases where federal courts have rejected similar arguments to those presented by defendants are *Anderson v. Avondale Industries, Inc.*, 1994 WL 679827 (E.D. La.) (Exhibit 9); *Walker v. Avondale Industries, Inc.*, 03-1036 (E.D. La. 2003) (Exhibit 10) (remanding a case removed to federal court by Foster Wheeler, LLC); *Marchand v. Anco Insulations Inc.*, 09-6365 (E.D. La. 2009) (Exhibit 11); *Morales v. Owens-Corning Fiberglas Corp.*, 1994 WL 564744 (N.D. Cal.); *Florentino v. Owens-Corning Fiberglas Corp.*, 1994 WL 564731 (N.D. Cal.) (Exhibit 12); *Saaquisame v. Owens-Corning Fiberglas Corp.*, 1994 WL 564727 (N.D. Cal.) (Exhibit13); and *Cabalic v. Owens-Corning Fiberglas Corp.*, 1994 WL 564724 (N.D. Cal.) (Exhibit 14). In all foregoing decisions, the cases were remanded. In each of these cases, the court found that the government contractor defense was not available. Most notably is the fact that the *Overly, Porche, Gauthe, Anderson, Walker* and *Mouton* decisions all involved workers at Avondale. The court should also be aware that in both the *Overly* and *Porche* decisions, the removing party was sanctioned for the improper removal of those claims.

In the case of *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992), United States sailors who were exposed to asbestos dust while serving in the Navy sued various manufacturers of asbestos insulation products which had been used aboard Navy vessels. In rejecting the defendant's argument that they were shielded from liability under the government

-8-

contractor defense, the court held that asbestos insulation is not military equipment. *Id.* at 812. The court went on to state that even if asbestos insulation were military equipment, which it is not, a manufacturer still has an obligation to warn of the dangers inherent in its products. *Id.* Accordingly, the asbestos defendants could not avail themselves of the government contractor immunity defense. Likewise, the United States 5th Circuit Court of Appeals rejected Johns-Manville's argument that it was entitled to the government contractor defense in a suit by the widow of a former shipyard worker who died from an asbestos-related disease. *Hansen v. Johns-Manville Products Corporation*, 734 F.2d 1036 (5th Cir. 1984), *cert denied,* 105 S.Ct. 1749, 84 L.Ed. 2d 814 (1985).

It has been held that removal by a "person acting under" a federal officer must be predicated upon a showing that the acts that formed the basis for the state civil suit were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations. *Good v. Armstrong World Industries, Inc., et al,* 914 F.Supp. 1125 (E.D. P.A. 1996); *Ryan v. Dow Chemical Co.,* 781 F. Supp. 934, 947 (E.D. N.Y. 1992); *Freiberg v. Swinerton & Walberg Property Services, Inc.,* 245 F.Supp. 2d 1144 (D. Colo. 2002). Regulation of a corporation by the government is insufficient to meet this test, and the "rule that appears to emerge from the case law is one of 'regulation plus...'." *Id.; Ryan, supra; Bahrs v. Hughes Aircraft Co.,* 795 F. Supp. 965 (D. Ariz. 1992). Moreover, defendants must exclude the possibility that plaintiffs' state action is based on acts or conduct not justified by their alleged officer's federal duty. *Freiberg, supra* at 1155 (D. Colo. 2002)(*citing Mesa v. California,* 489 U.S. 121, 132, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989)).

In the case of *Good, supra* Charles Good ("Good") worked as a boilermaker and boiler tender for the United States Navy for more than 20 years. During his Navy service, Good worked on several vessels containing turbine generators manufactured by Westinghouse – predecessor to defendant herein CBS –which allegedly emitted asbestos and caused his asbestos-

related personal injuries. Westinghouse removed the case arguing that it designed and manufactured the turbine generators in accordance with specifications and regulations mandated by the Navy and was, thereby, entitled to remove the case to federal court pursuant to the federal officers removal statute, 28 U.S.C. 1442(a)(1). Plaintiffs sought remand arguing, *inter alia*, that Westinghouse did not meet the statutory requirements for removal. In remanding the case, the court stated that Westinghouse did not meet its burden of showing that removal was appropriate pursuant to 28 U.S.C. 1442(a)(1).

The *Good* court stated that "removal must be predicated upon a showing that the acts forming the basis of the state suit were performed pursuant to an officer's direct orders or comprehensive and detailed regulations." *Id.* at p. 1128. "By contrast, if the corporation establishes only that the relevant acts occurred under the general auspices of federal direction then it is not entitled to 28 U.S.C. 1442(a)(1) removal." *Id.* at p. 1128; see also *Mouton, supra* at 2; *Ryan, supra*; *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Freiberg, supra*.

In the instant case, remand is even more compelling. Mrs. Vedros was exposed to asbestos from defendants' boilers and turbines during the employments of herself and her father at Avondale. Certainly if the government contractor defense does not apply to a United States sailor exposed exclusively aboard a Navy vessel as in *In re Hawaii Federal Asbestos Cases, supra*, or to a boiler maker/boiler tenderer aboard Navy vessels for 20 years as in *Good, supra*, or to Avondale employees constructing U.S. government vessels as in the numerous cases cited herein, then it does not apply to preclude recovery by Mrs. Vedros.

Private corporations may remove a case under the Federal Officer Removal Statute **only** when the corporation is "so intimately involved with government functions as to occupy essentially the position of an employee of the government." *Bakalis v. Crosslands Savings Bank*, 781 F. Supp. 140, 145 (E.D. N.Y. 1991). Regulation of a corporation by the government is insufficient to meet this test, and the "rule that appears to emerge from the case law is one of

'regulation plus...'." *Id.; Ryan, supra; Bahrs, supra.* Defendants are unable to meet this requirement and, more importantly, they made no showing in this regard in their removal pleadings. Clearly, defendants cannot meet the three requirements of the *Mesa* test.

In the case at bar, plaintiff's claims against the defendants deal with the manufacture of asbestos-containing products, and defendants failure to warn of the dangers of asbestos–a duty imposed by state law. As federal subject matter jurisdiction has not been invoked, plaintiff's motion to vacate conditional transfer order should be granted and the case should be remanded to the state court from which it was removed.

## III. DEFENDANTS HAVE NO LEGAL BASES FOR REMOVAL

A party seeking removal bears the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U. S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed 144 (1921). "If the right to removal is doubtful, the case should be remanded [to state court]." *See Gauthe, supra; Ryan, supra* at 947; *Ruffin v. Armco Steel Corp.*, 959 F. Supp. 770 (S. D. Tex. 1997), *order vacated on other grounds*, 1999 WL 318023 (S. D. Tex. 1999); *Bahrs, supra* at 969. It has been held that removal by a "person acting under" a federal officer must be predicated upon a showing that the acts that formed the basis for the state civil suit were performed pursuant to a federal officer's direct orders or to comprehensive and detailed regulations. *Good, supra; Ryan, supra* at 947; *Freiberg, supra.* Regulation of a corporation by the government is insufficient to meet this test, and the "rule that appears to emerge from the case law is one of 'regulation plus...'." *Id.; Ryan, supra; Bahrs, supra* Moreover, defendants must exclude the possibility that Mrs. Vedros' state law action is based on acts or conduct of it not justified by its alleged officer's federal duty. *Freiberg, supra* at 1155(citing *Mesa v. California*, 489 U.S. 121, 132, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989)).

A case lending support to the case at bar is the case of *Freiberg,supra* In *Freiberg*, plaintiffs which were directly exposed to asbestos-containing products during construction of a

government nuclear weapons production facility brought personal injury actions against government contractors and product manufacturers and distributors. Defendant and government contractor, Swinerton Walberg Property Services, Corp. ("Swinerton"), removed the case to federal court based on alleged federal officer entitlement under 1442(a)(1). The plaintiffs moved for remand arguing that the acts giving rise to their claims were construction <u>activities independent of the United States government's</u> Rocky Flats nuclear weapons production facilities' <u>federal purpose</u> and that Swinerton was not entitled to special federal officer protection. The *Freiberg* court agreed and granted the plaintiffs' Motions For Remand. *Id.*

The *Freiberg* court stated:

> **the established rule is that removal by a person "acting under" a federal officer must be predicated on a showing that the acts forming the basis of the state suit were performed pursuant to an officer's "direct orders or comprehensive and detailed regulations. Ryan, 781 F.Supp. at 947. It is not enough to prove only that "the relevant acts occurred under the general auspices of a federal office or officer" or that "a corporation participates in a regulated industry." Id. The official must have direct and detailed control over the defendant. Good, 914 F.Supp. at 1128.**
>
> **Direct and detailed control is established by showing strong government involvement and the possibility that a <u>defendant could be sued in state court as a result of the federal control</u>. Pack, 838 F.Supp. at 1103, Ryan, 781 F.Supp. at 948-9 (setting forth detailed analysis of cases). "<u>The issue is not simply whether the defendant acted under federal officials but whether they are in danger of being sued in state court 'based on action taken pursuant to federal direction.'"</u> Id.**

(Emphasis Added); *Freiberg, supra* at page 1152-53. The *Freiberg* court further states that

> **unless an officer of the United States (or one acting under him) can justify what he did by reason of some official connection between the acts complained of and his official duties, the purpose of the statute to protect federal interests and immunities is not implicated and the proceeding is not removable. See *Brenner v. Kelly*, 201 F.Supp. 871 (D. Minn. 1962). The nexus requirement is established by showing that the <u>state action "has arisen out of the acts done</u> by the defendant under color of federal authority and in enforcement of federal law." *Mesa*, 489 U.S. at 131-32.... To sustain this burden, the defendant must also "by direct averment exclude the possibility that [the state action] was based on acts or conduct of his not justified by his federal duty." *Mesa*, 489 U.S. at 132.**

(Emphasis Added). *Id.* at page 1155. In defining the "under color" causal connection requirement in an asbestos case, the *Freiberg* court states that

> <u>they are being sued for unnecessarily and negligently causing their employees and other workers to be exposed to asbestos dust on the job and for failing to warn</u> these employees and workers of the associated dangers. <u>What they must establish for purpose of the 1442(a)(1) is that the government authority under which they worked required them to act as they did.</u> For purposes of Plaintiffs' failure to warn claims, for example, <u>they must establish the DOE's</u> [Department of Defense] <u>direction and control of their activities directly interfered with their ability to fulfill their state law obligation to warn employees of safety hazards.</u>

(Emphasis Added). *Id.* at page 1155; *see also Gauthe, supra; Mouton, supra; Porche, supra;* and *Overly, supra*. Neither Swinerton nor any of the other defendants demonstrated the requisite causal connection between the government control under which it purported to have acted and plaintiffs' alleged injuries. Thus, these was no basis on which to find the existence of federal jurisdiction under 28 U.S.C. 1442(a)(1), and no basis for removing these cases from state to federal court. *Freiberg, supra* at page 1156.

In the case at bar, defendants cannot present evidence showing that the **"government authority under which they worked required them to act"** negligently with regard to Mrs. Vedros nor can they **"establish the [federal officer's] direction and control of their activities directly interfered with their ability to fulfill their state law obligation to warn employees of safety hazards."** *Freiberg, supra* at 1155; see also *Ruffin, supra* at 776. In *Ruffin*, the court concluded that "the mere fact that the government possessed the power to control or regulate employee safety neither establishes that the power was ever used nor that operational mandates of this type were ever issued. Without such proof, [the defendant] cannot satisfy the statutory requirements for removal under §1442 (a) (1)." *Id.* As federal subject matter jurisdiction has not been invoked, plaintiff's motion to vacate conditional transfer order should be granted and the case should be remanded to the state court from which it was removed.

## IV. THE DEFENDANTS PRESENT NO EVIDENCE

Defendants bear the burden of establishing that they actually did act under the specific authority of the federal government in causing Mrs. Vedros' mesothelioma. However, defendants present no evidence that the federal government maintained any control over safety or the activities of the defendants. Defendants have not shown that "strong government intervention and the threat that a defendant will be sued in state court based on actions which follow federal direction." *Freiberg, supra.* Without this showing, defendants have not carried their burden of establishing federal jurisdiction over this state tort action, and the suit should be remanded to state court.

Also, defendants have provided absolutely no evidence showing that the government had direct control over the design and manufacture of their boilers and turbines and the asbestos used in connection with same. Thus, defendants cannot meet their burden of making a causal connection between the state claim being asserted in this matter and the conduct undertaken pursuant to the direct orders (or comprehensive and detailed regulation) given by an officer of the federal government.

To establish they acted under the control of a federal officer for purposes of §1442(a)(1), defendants must show the government authority under which they worked directly interfered with their ability to fulfill their state law obligations to Mrs. Vedros. *Ruffin, supra* at 776; *Freiberg, supra* at 1155. In the instant case, defendants have neither established that they acted pursuant to direct and detailed orders by the federal government regarding the design and manufacture of their boilers and turbines and the asbestos used in connection therewith, nor that any federal duty under which they may have been required to act in any way interfered with their state imposed duty to warn persons such as Mrs. Vedros. Thus, defendants have not established the first prong of the *Mesa* test. As federal subject matter jurisdiction has not been invoked,

plaintiff's motion to vacate conditional transfer order should be granted and the case should be remanded to state court.

## V.     DEFENDANTS HAVE NO COLORABLE FEDERAL DEFENSE

Also, defendants cannot satisfy the second prong of the federal officer removal test. To qualify for federal-officer jurisdiction under § 1442(a)(1), defendants must establish that they have a colorable federal defense to plaintiff's claims. *See Mesa*, 109 S. Ct. at 968. Defendants assert that they may rely on the "government contractor immunity" defense. *See Boyle v. United Technologies Corp.*, 487 U. S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988). For the additional reasons set forth herein, government contractor immunity does not provide the defendants with a colorable federal defense to plaintiff's claims. Therefore, the defendants have failed to establish this second prong of the *Mesa* test.

### a.    Application of the Government Contractor Defense Must Be Predicated Upon Both a Federal Interest and a Conflict Between Duties Imposed by State Law and Duties Imposed by Federal Authority

Defendants suggest that they can rely upon the government contractor defense articulated in *Boyle, supra*. But before the court can consider whether this serves as a colorable federal defense, defendants bear the burden of establishing that two requisite conditions are met: whether the case concerns a unique federal issue and whether there was a significant conflict between federal policy and state law. *Boyle*, 108 S. Ct. at 2515. If either of these conditions are not met, defendants cannot rely upon the federal contractor defense. *Dorse v. Eagle-Picher Industries, Inc.*, 898 F. 2d 1487, 1490 (11th Cir. 1990) (state law not displaced where no conflict existed between federal contractual duties and state duty of care — contractor could comply with both obligations). In this case, defendants have presented absolutely no evidence which would establish these two requisite conditions. Thus, defendants cannot rely on the government contractor defense.

### 1.     No Unique Federal Interest Justifies Removal

Since asbestos products have been banned for a long time and are no longer used in most equipment, any federal interest in this case is meager at best. Using precisely this reasoning, the Eastern District of Pennsylvania rejected an asbestos manufacturer's claim that it was entitled to the federal-contractor defense to support its attempted federal-officer removal:

> The impact of this personal injury action on the federal interest in protecting future defense procurement — the fundamental point of the government contract defense — is speculative. It is common knowledge that asbestos is no longer used in the design and manufacture of equipment, so that this lawsuit cannot interfere with a federal program involving products that contain asbestos. Therefore, the adjudication of this personal injury action in state court does not threaten the enforcement of a federal policy sufficient to warrant removal.

*Good, supra.* Here, defendants present no evidence that a unique federal interest is at issue.

### 2.     No Conflict Exists Between State Law and Federal Mandate

Assuming for purposes of argument that a federal interest does exist in this case, which is denied, that federal interest would "merely established a necessary, not a sufficient, condition for the displacement of state law." *Boyle,* 108 S. Ct at 507. The court must then determine whether a conflict exists between state law and federal mandate. Displacement of state law "will occur only where. . . a 'significant conflict' exists between an identifiable 'federal policy or interest and the [operation] of state law or the application of state law would 'frustrate specific objectives' of federal legislation." *Id.* The *Boyle* court offered an example of a situation in which federal mandate does not conflict with state imposed duty:

> If, for example, the United States contracts for the purchase and installation of an air conditioning-unit, specifying the cooling capacity but not the precise manner of construction, a state law imposing upon the manufacturer of such units a duty of care to include a certain safety feature would not be a duty identical to anything promised the Government, but neither would it be contrary. The contractor could comply with both its contractual obligations and the state-prescribed duty of care. No one suggests that state law would generally be pre-empted in this context.

*Id.*[5] This example clearly highlights the facts applicable to the case at bar are clearly outside the removal statutes. Nothing presented by the defendants suggest that there were federal mandates that pre-empted the defendants' state prescribed duty to warn Mrs. Vedros. *Gauthe, supra; Mouton, supra;* and *Porch; supra;* among many others.

Therefore, even if the Court determined that there is a federal interest in this case, which is denied, the defendants would still have to establish a conflict exists between their duties imposed by state law and their duties imposed by federal authority. Indeed, in a similar situation, the Eleventh Circuit determined that the evidence did not support the requirements for the government contractor defense where "the contractor could comply with both its contractual obligations and the state-prescribed duty of care." *Dorse, supra (citing Boyle,* 108 S.Ct. at 2517). The Ninth Circuit clearly articulated this requirement in the failure to warn context:

> *Boyle* displaces state law only when the Government, making a discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations, thereby limiting the contractor's ability to accommodate safety in a different fashion.

See *In re Hawaii Asbestos Cases, supra* at 813.

In the instant case, defendants have not established that duties imposed by federal authority in any way conflicted with their duties imposed by state law. Specifically, under Louisiana law, defendants had a duty to warn. *See, e.g., Jones v. Trailer,* 636 So.2d 1112, 1122 (La.App. 4th Cir.), *writ denied sub nom., Rome v. Traylor,* 642 So.2d 193 (La. 1994) (referring to La. R. S. § 23.13); *Canzoneri v. Smith,* 381 So. 2d 973, 975-76 (La.App. 4th Cir 1980). This duty includes a duty to warn of work-related dangers and how to avoid them. *Canzoneri,* 381 So.2d at 976; *Miller v. Lambert,* 380 So.2d 695, 700 (La.App. 4th Cir. 1980). Accordingly,

---

[5]In *Boyle,* the state-imposed duty of care was directly contrary to the duty imposed by contract with the federal government. *Boyle,* 108 S. Ct. at 2517. However, defendants present no evidence that their federal duty, if any, limited their ability to fulfill their state law duty of care to Mrs. Vedros.

defendants had a duty, imposed by state law, to warn of the dangers of asbestos on the job site. Its failure to do so was in direct violation of state law, and nothing in defendants' notice of removal, or otherwise, in any way suggests that its alleged federal authority conflicted with this state imposed duty of care. Where no conflict with state law exists, the defendant is not entitled to rely upon the government contractor defense. Assuming defendants did work under the direct and detailed supervision of the federal government, which is denied, defendants provide no evidence that anything about that supervision touched upon or prevented them from warning persons working on or near their asbestos-containing products about the dangers associated with asbestos. Thus, the government contractor defense is not available to the defendants in this case.

    **b.    The Defendants' Attempted Removal Fails the Third Prong of the Federal Officer Removal Statute Because it Has Not Shown a Nexus Between the Government's Control and Plaintiff's Legal Theories.**

Under the third prong for federal-officer jurisdiction, defendants must show that a nexus exists between actions for which it is being sued and the directives of the federal government. *Ryan*, 781 F. Supp. at 945; *Ruffin*, 959 F. Supp. at 775; *Freiberg, supra* at 1152-6; *Gauthe, supra; Mouton, supra;* and *Porch; supra*. To determine whether a causal nexus exists, "[t]he critical analysis is to what extent defendants acted under the federal direction at the time they were engaged in conduct now being sued upon." *Bahrs, supra* at 969; *Freiberg, supra* at 1152-6. To meet this burden, a defendant must "by direct averment exclude the possibility that [the state action] was based on acts or conduct of his not justified by his federal duty." *Mesa*, 109 S. Ct. at 966; *Freiberg, supra* at 1152-6. Simply put, defendants must show that the federal authority under which they operated "directly interfered with its ability to fulfill its state law obligation" of care. *See Ruffin, supra (citing Ryan*, 781 F. Supp. at 950); *Freiberg, supra* at pages 1152-6.

This factor is similar to the determination of whether defendants acted under federal authority.[6] When making this determination, most courts require "direct and detailed control" by the federal officer over the specific conduct of the defendant that forms the basis for plaintiff's tort claims. *Bahrs*, 795 F. Supp. at 969; *Freiberg, supra* at pages 1152-6; *Gauthe, supra.* In this case, defendants have provided no evidence showing that a federal officer exercised "direct and detailed" control over its operations, or over its safety activities or over their handling of asbestos. This lack of an evidentiary foundation, once again, requires that this case be remanded to state court.

Another case on point in this regard is the case of *Bahrs, supra* at 969. In *Bahrs*, General Dynamics was sued for dumping toxic waste, including TCE, into the ground, which eventually seeped into the ground and injured the plaintiffs. *Id.* at 967. General Dynamics sought to remove, alleging that federal-officer jurisdiction was appropriate because, when performing the work that created the toxic waste, they were fulfilling a government contract. The court rejected the defendant's attempt to invoke federal officer jurisdiction because, while the federal government may have exercised control over the procedures that created the toxic TCE waste, there was no evidence that it exercised "direct and detailed" control over the conduct that caused the plaintiffs' injuries, the waste-disposal procedures. "While the government officials were undoubtedly most interested in the production of war materials, the record before this Court does not demonstrate the government's necessary control over the method of waste disposal. The mere fact that the government possessed the power to exercise control over the project does not establish that the power was in fact ever exercised." *Id.* at 970. Thus, the court found no nexus existed between the control exercised by the federal government and the tortious conduct that

---

[6] The causal nexus requirement is necessarily predicated upon the existence of federal authority. In some cases, the two requirements are combined into one test. *See Arness v. Boeing North American, Inc.*, 997 F. Supp. 1268, 1273 (C. D. Cal. 1998).

formed the basis of the plaintiff's lawsuit against General Dynamics. *Id.* In the case at bar, defendants cannot establish this required nexus. As federal subject matter jurisdiction has not been invoked, plaintiff's motion to vacate conditional transfer order should be granted and the case remanded to state court.

## VI. CONCLUSION

A review of the above case law and the facts clearly show that defendants' arguments are unsupported in both fact and law. Defendants bear the burden of satisfying the requirements of the federal officer removal statute so that this court has federal subject matter jurisdiction, and yet they have not tendered any evidence to support their allegations of federal authority. Nor have they presented any evidence that duties imposed by the federal government prevented them from fulfilling their state law obligations to Sally Gros Vedros. For all of reasons cited, the conditional transfer order should be vacated for lack of jurisdiction, and the case remanded to state court.

**WHEREFORE,** it is respectfully submitted that plaintiff's Motion to Vacate Conditional Transfer Order should be granted and this action remanded to state court.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br>I hereby certify that a copy of **Plaintiff's Memorandum in Support of Motion to Vacate Conditional Transfer Order** has been served upon counsel for all parties listed below (as reflected in Attachment "A") by facsimile, hand delivery, or mailing same to each, properly addressed and postage prepaid, on this 26th day of May, 2011.<br><br>_____<br>Gerolyn P. Roussel | Respectfully submitted,<br><br>**ROUSSEL & CLEMENT**<br><br>_____<br>GEROLYN P. ROUSSEL - 1134<br>PERRY J. ROUSSEL, JR. - 20351<br>JONATHAN B. CLEMENT - 30444<br>LAUREN R. CLEMENT - 31106<br>1714 Cannes Drive<br>LaPlace, LA 70068<br>Telephone: (985) 651-6591<br>ATTORNEYS FOR PLAINTIFF,<br>SALLY GROS VEDROS |