Westlaw.

Page 1

Not Reported in F.Supp., 1996 WL 603919 (E.D.La.)
**(Cite as: 1996 WL 603919 (E.D.La.))**

C
Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
Horace **PORCHE**
v.
FLEXITALLIC, INC., et al.

Civ. A. Nos. 96-2827, 96-2828.
Oct. 13, 1996.

SECTION: "E" This ruling applies only to C.A. No. 96-2880 Plaintiff Nicholas Bieber

### ORDER AND REASONS

**\*1** Various plaintiffs, including Nicholas Bieber, filed suit in state court against various insurers and Avondale executive officers, for damages they allege they sustained as a result of exposure to asbestos while employed for a number of years at Avondale Shipyards. These plaintiffs are some of a total of approximately 3,000 plaintiffs who sued these same defendants in state court in 1991. These 3,000 plaintiffs have been grouped in individual flights of between 10 and 50 plaintiffs. The cases of 5 flights of plaintiffs have either been tried or settled. The present plaintiffs are part of Flight 6.

On December 20, 1995, the plaintiffs filed an amended petition commencing discovery of Flight 6. In the amended petition, plaintiffs alleged that their asbestos-related injuries were caused in part by the negligence of Avondale executive officers. On January 16, 1996, the Avondale Interests removed these same cases in flight 6 which are at issue here, contending that the LHWCA created federal question jurisdiction. On February 13, 1996, these case were remanded because plaintiffs did not seek relief on the basis of the LHWCA or any other federal statute in their complaint.

Discovery proceeded on the cases in Flight 6 and Avondale interests propounded interrogatories to Nicholas Bieber. The answers to interrogatories were given to defendants on July 31, 1996, the date of Nicholas Bieber's deposition. This case was removed on August 30, 1996 on the ground that there is removal jurisdiction in the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

Plaintiffs filed a joint motion to remand all removed cases. By agreement of the parties, the defendants are at this time opposing the motion to remand that case of a single plaintiff, Nicholas Bieber. The motion to remand as to the other removed cases will be considered on a later date. The basis for the motion to remand are that (1) the removal was not timely; (2) there is no subject matter jurisdiction on which to base removal of this case.

The procedure for removal is set forth in 28 U.S.C. § 1446. Subsection (b) states:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of this action.

**\*2** Defendants claim that the first time they knew that Bieber had worked aboard Naval vessels was on the date the answers to interrogatories were



© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 603919 (E.D.La.)
**(Cite as: 1996 WL 603919 (E.D.La.))**

Page 2

delivered by him. Counsel for plaintiffs, Stephen B. Murray, has submitted an affidavit detailing the previous history of these asbestos cases. Specifically, Murray states that four flights of cases have gone to trial, one flight has settled, and one flight is in the discovery phase, and that the Avondale insurer and executive officers have been named as direct or third party defendants in each flight. He states that Avondale Interests have conducted extensive discovery and that they have participated in two of the four trials to date. He states that the issue of military inspectors has been raised at each trial, that voluminous testimony concerning Avondale's employees work aboard military vessels was adduced at the trials, military specifications were introduced, and that the work records of Avondale indicates that Bieber and the other plaintiffs worked aboard military ships. Removing defendants do not dispute these statements.

Certainly, the Avondale executive officers were aware that many of their employees worked aboard military ships. In fact, the basis of the removal is that the military exercised such control over them, they became "federal officers" for the purpose of establishing subject matter jurisdiction, an issue which will be considered if the defendants can establish that the removal was timely. Avondale had numerous contracts with the United States Navy in the previous two decades. The knowledge of Avondale's executive officers is imputed to Travelers, their insurer.

The Ninth Circuit in *Eyak Native Village v. Exxon Corp.*, 23 F.3d 773 (9th Cir. 1994), in a case involving hundreds of claims arising out of the *Exxon Valdez* oil spill, held that the removal by Exxon and pipeline defendants of 160 cases after the cases had been pending for several months was untimely. The basis for the removal is the allegation by the defendants that plaintiffs' claims were actually a collateral attack on a federal decision issued 15 years earlier concerning the Alaska Tanker Law. While the defendants argued that their removal of the actions within 30 days of the plaintiff's preliminary designation of issues was timely, the Ninth Circuit found that the claims were not new and that the pipeline company was aware of the nature of the plaintiff's claims, and their relation to the prior federal case, long before the removal notice was filed. 25 F.3d at 782-783.

Removing defendants in this case contend that while they may have had Avondale records indicating that these plaintiffs worked on military vessels during their tenure at Avondale, they did not know that the plaintiffs were claiming damages as a result of exposure to asbestos while in the workplace. The plaintiffs seek damages in their amended complaint for injuries they received as a result of exposure to asbestos, and predicate the liability of Avondale's executive officers on negligence for failing to provide a safe place to work. Avondale interests, and their insurers, have known since the date the suit was filed that these individuals were claiming damages as a result of exposure to asbestos in the workplace, and that liability is premised on the allegation that Avondale's executive officers did not provide them with a safe place in which to work. Just as the court in *Eyak* found, these claims are not new and were within the knowledge of the Avondale officers long before the removal of the complaints.

\*3 Pretermitting the question of whether timely removal required that it occur within 30 days of the original complaint, certainly timely removal requires that the cases of this flight be removed within 30 days of the amended petition. On the date the amended petition was filed, the defendants knew which particular plaintiffs were involved in this flight and Avondale interests were in possession of their employment records. Those records, as least as to Nicholas Bieber, indicate that he worked aboard military vessels. To argue that plaintiff's complaint may not have arisen out of his exposure while working aboard ships, but may have occurred when he climbed into a destroyer to look for a lunch partner, borders on the absurd. At least by the time the amended petition was filed in 1995, the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1996 WL 603919 (E.D.La.)
**(Cite as: 1996 WL 603919 (E.D.La.))**

Page 3

Avondale interests were in possession of sufficient information that this individual plaintiff worked on a Navy vessel to put it on notice of the facts necessary to remove it on the basis of federal officer jurisdiction. The removal of these cases at this time is patently untimely.

The second, more complex issue to consider is whether the removal on the basis of federal officer removal statute is proper. Specifically, the defendants argue that Avondale was under such military control regarding the promulgation, implementation, and enforcement of its safety programs at the time these plaintiffs were working on military vessels, they became officers of the United States. In a similar case removed from state court to federal court in California by Avondale, the district court remanded the case and imposed sanctions. *Overly v. Raybestos-Manhattan,* 96-2853 (N.D. Cal. Sept. 12, 1996). The Court need not address these arguments regarding the substance of removal jurisdiction and therefore will not. However, the rationale underlying *Overly* is well-reasoned.

Plaintiff Bieber seeks attorneys fees and costs for having to proceed with the remand of a case which should not have been removed. The Court is ordinarily very reluctant to assess attorneys fees and costs in any circumstance, including the present. This is, however, the second time this action has been removed improvidently, and the removal is patently untimely. The court in *Overly* awarded costs of $ 2,000. Plaintiff Bieber seeks a total of $ 13,170.00 in removal costs, seeking 19 hours for one attorney, 49 1/2 hours for another attorney, 16 hours for another attorney, law clerk or paralegal, deposition costs of over $ 1,000, plus copying and travel expenses. The depositions would have been required, in any circumstance. Almost 70 hours in attorney time to file a motion to remand is excessive. The Court will award 20 hours at $ 150 per hour, which amounts to $ 3,000, plus copying charges of $ 618.75, in removal costs.

If the defendants agree to the remand of the other complaints which were not timely removed, the Court will not award additional costs to plaintiffs for having to respond to the removal of the other complaints in this flight.

*4 Accordingly, for the above and foregoing reasons,

IT IS ORDERED that the motion of plaintiff Nicholas Bieber in Civil Action 96-2880 to remand to Civil District Court be and is hereby GRANTED and that costs and attorneys fees be awarded to the plaintiff in the amount of $ 3,618.75.

IT IS FURTHER ORDERED that Civil Action No. 96-2880, *Nicholas Bieber v. Flexitallic, Inc.,* be and is hereby REMANDED to Civil District Court, Parish of Orleans, State of Louisiana.

E.D.La.,1996.
Porche v. Flexitallic, Inc.
Not Reported in F.Supp., 1996 WL 603919 (E.D.La.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.