Westlaw.

Not Reported in F.Supp., 1994 WL 564731 (N.D.Cal.)
**(Cite as: 1994 WL 564731 (N.D.Cal.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court, N.D. California.
Celedonio C. FLORENTINO, Plaintiff,
v.
OWENS-CORNING FIBERGLAS CORP., et al.,
Defendants.

No. C 94-2632 EFL.
Oct. 6, 1994.

*ORDER OF REMAND*
LYNCH, District Judge.
I. INTRODUCTION
*1 Plaintiff filed this suit in San Francisco Superior Court claiming injuries arising out of exposure to asbestos while working at the Subic Bay military base in the Philippines. Several but not all defendants have timely joined in the removal of this case to this Court. Plaintiff has brought a motion to remand the case to state court.

Several defendants oppose this motion to remand on various grounds. Defendant Owens-Illinois argues that plaintiff has failed to comply with Fed.R.Civ.P. 5(d), and has thereby waived his right to challenge procedural defects in the removal procedure. Several defendants also argue that removal was proper under each of two independent grounds: (1) that a federal question is present under 28 U.S.C. § 1331 and Article I, section 8, clause 17 of the U.S. Constitution and that removal is therefore proper under 28 U.S.C. § 1441 because this Court would have had original (either concurrent or exclusive) jurisdiction over the case under the doctrine of federal enclave jurisdiction, and (2) that removal is proper under 28 U.S.C. § 1442 because some defendants are being sued for injuries arising out of conduct they were directed to undertake by a federal officer. The Court rejects all these arguments and for that reason will remand to state court.

Defendants have the burden of establishing that removal was proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir.1992).

II. REMOVAL UNDER 28 U.S.C. § 1441

A. *Jurisdiction*

The parties argue at great length over the continuing vitality of federal enclave jurisdiction and whether it is implicated in this case. For purposes of defendants' § 1441 removal, this issue is irrelevant, since the defendants have not unanimously consented to removal of this case from state court to federal court. Such unanimous consent is a procedural requirement under 28 U.S.C. § 1446 for federal question removal under § 1441. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 (9th Cir.1988); *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232-33 (9th Cir.1986). It is absolutely irrelevant to defendants' removal efforts whether the purported ground for removal is a federal question over which federal courts have exclusive [FN1] or merely concurrent jurisdiction. 28 U.S.C. § 1446 mentions nothing of waiving this procedural requirement in cases of purported "exclusive jurisdiction." Case law interpreting the removal procedure statutes have likewise failed to acknowledge defendants' proposed distinction. *See, e.g., Bradwell v. Silk Greenhouse,* 828 F.Supp. 940, 943-44 (M.D.Fla.1993) (remanding for lack of unanimous consent to removal, even though the ERISA claims invoked exclusive federal jurisdiction); *Samuel v. Langham,* 780 F.Supp. 424, 427 (N.D.Tex.1992) (remanding a case to state court even accepting ERISA preemption); *see also McCain v. Cahoj,* 794 F.Supp. 1061 (D.Kan.1992) (remanding a case because of a procedural defect in the removal despite protestations of exclusive federal jurisdiction). Defendant Flintkote has cited *Santa Rosa Med. Center v. Converse of Puerto Rico, Inc.,* 706 F.Supp. 111, 113 n. 3 (D.P.R.1988) in which the court noted in dicta that "if federal jurisdiction were exclusive, the consent of all defendants would not be required to remove." Flintkote also cited *Ackerman v. National Prop. Analysts,* Fed.Sec.L.Rep.P. 96,604



© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp., 1994 WL 564731 (N.D.Cal.)
**(Cite as: 1994 WL 564731 (N.D.Cal.))**

Page 2

(S.D.N.Y.1992), in which the court held, without citation, that remand was not appropriate when the federal court has exclusive jurisdiction. The Court is not persuaded by either of these cases. Further, while Owens-Illinois argues that the Court should analogize to the derivative jurisdiction doctrine in this context, the Court sees no justification for that argument.

B. *Timeliness*
**\*2** Owens-Illinois argues that plaintiff's motion to remand should be stricken or deemed untimely because plaintiff failed to serve defendants until approximately one week after the motion to remand was filed with the Court.

The notice of removal in this case was filed on July 19, 1994. Plaintiff filed with the Court his motion to remand on August 19, 1994, but did not serve defendants until August 26, 1994. Owens-Illinois argues that Fed.R.Civ.P. 5(d) requires that service precede or be contemporaneous with filing with the Court, and that the motion should either be stricken or considered filed on the date of service.

Because 28 U.S.C. § 1447(c) provides for a thirty-day time period in which a motion for remand must be made, and because the time limit for making the motion is strictly enforced, *see, e.g., Barris v. Sulpico Lines, Inc.,* 932 F.2d 1540, 1544-45 (5th Cir.1991), defendant argues that the late service makes plaintiff's motion untimely.

Federal Rule of Civil Procedure 5(d) provides in relevant part:

All papers after the complaint required to be served upon a party, together with a certificate of service, shall be filed with the court within a reasonable time after service....

While this Rule implies that service on opposing parties should precede filing with the Court, it does not mandate that service precede filing, nor does it require the Court to disregard papers which are served late. Moreover, the Rule does not require the Court to consider papers filed on the date which they are served. While § 1447(c) requires the motion to remand to be made within thirty days, there is no requirement that the motion be served within the thirty day period. Owens-Illinois has not cited any authority which would compel the Court to disregard a motion that was timely filed with the Court because it was served one week after it was filed, and the Court has been unable to locate any authority, either in the case law or in the learned treatises, that would mandate such action. Though it does not condone late service, the Court will not read Fed.R.Civ.P. 5(d) so strictly and will not find that the motion to remand was untimely.[FN2]

Several defendants have clearly not timely consented to this removal. Therefore, since defendants' defect in removing under § 1441 is of a procedural nature under § 1446, plaintiff's timely remand motion is granted.

III. REMOVAL UNDER 28 U.S.C. § 1442
The requirements for removal under 28 U.S.C. § 1442 are set out in detail in this Court's Order in *Viala v. Owens-Corning Fiberglas Corp,* No. C-94-0399 EFL, dated April 13, 1994.

Several defendants, including Pittsburgh Corning and Foster Wheeler have argued in opposition to the motion for remand that they are entitled to removal under § 1442. Defendant Owens-Illinois joins in that opposition. As defendants note, the availability of § 1442 removal for even one defendant would result in the proper removal of the entire case to this Court.

**\*3** These defendants do not satisfy any of the three elements that are all required to support § 1442 removal. No defendant can raise a colorable federal defense, nor can any defendant establish that it was acting under a federal officer. Likewise, no defendant can establish a causal connection between the conduct undertaken at the direction of the federal officer and the basis for that defendant's state law liability. *See Mesa v. California,* 489 U.S. 121 (1989); *Fung v. Abex Co.,* 816 F.Supp. 569

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.


Not Reported in F.Supp., 1994 WL 564731 (N.D.Cal.)
**(Cite as: 1994 WL 564731 (N.D.Cal.))**

Page 3

(N.D.Cal.1992), *Ryan v. Dow Chemical,* 781 F.Supp. 934 (E.D.N.Y.1992).

The "government contractor" defense is not colorable. No defendant has produced evidence that it presented specially designed products to the government under federal orders or specifications that directly conflicted with the state law duty upon which the defendants are now being sued. *See In Re Hawaii Federal Asbestos Cases,* 960 F.2d 806 (9th Cir.1992). Most notably, no defendant produces any evidence whatsoever that the products it designed pursuant to government orders were different from those designed for civilian use in any manner pertinent to state law liability.

Pittsburgh Corning does not provide evidence that its products were uniquely designed for government use. There is simply no indication and no evidence that these products were made more dangerous than those on the open market simply because the government ordered them to be designed in a particular way. *See Boyle v. United Technologies, Inc.,* 487 U.S. 500 (1988) (defendant entitled to defense where it altered its design and manufactured outward opening hatches pursuant to government orders and where it was subsequently sued directly on the basis of its outward-opening hatches). The government did not order any defendant, including Pittsburgh Corning, to utilize asbestos in its products nor did it order them to use the asbestos in such a way that people would be dangerously exposed to asbestos fibers. Rather, the government specifications at issue relate to performance requirements and not design or manufacturing requirements.

Defendant Foster Wheeler argues that it is not an asbestos manufacturer or distributor, and that the Court should consider the fact that the government approved its specifications for the boilers as a whole. It argues that the Court should consider its products to be the boilers and the ships on which the boilers were placed, alleging that they were built to federal specifications. However, the relevant question is whether the government had specifications which required the use of asbestos (as opposed to some other insulation), and not whether the government had other specifications relating to the boilers. *See Lewis v. Babcock Indus., Inc.,* 985 F.2d 83, 86-87 (2d Cir.1993). Foster Wheeler has not come forward with any evidence that the government required it to use asbestos in its boilers. Accordingly, it has not made a colorable claim for the government contractor defense.

*4 Because no defendant has made a colorable claim for the government contractor defense, removal under 28 U.S.C. § 1442 is improper.

IV. CONCLUSION
Because the removal procedure was defective, *see* 28 U.S.C. § 1441, and because no defendant has raised a colorable government contractor defense, *see* 28 U.S.C. § 1442, plaintiff's motion to remand is GRANTED. This case shall be REMANDED to San Francisco Superior Court and all pending dates in this Court shall be vacated.

IT IS SO ORDERED.

> FN1. Whether or not the state court has jurisdiction and whether or not it might be an inconvenient forum are issues for the state court, should defendants wish to bring motions there raising such issues. This Court is simply holding that defendants' removal based on § 1441 is procedurally defective under § 1446 and that therefore the removal must be rejected and plaintiff's motion to remand must be granted. Plaintiff has chosen the forum, state court, for this case. Defendants cannot remove this case to federal court. This does not mean that they cannot raise whatever issues they deem appropriate, including jurisdiction and venue, in state court. This Court of course expresses no opinion on the merits of any such state court motion.

> FN2. The Court notes that defendants were not prejudiced by the late service, since the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.


Not Reported in F.Supp., 1994 WL 564731 (N.D.Cal.)
**(Cite as: 1994 WL 564731 (N.D.Cal.))**

motion was not heard until more than 28 days after it was filed, and defendants had adequate opportunity to oppose the motion. *See* Local Rule 220-2, 220-3. The Court further notes that plaintiff did file a certificate of service on or about August 26, 1994.

N.D.Cal.,1994.
Florentino v. Owens-Corning Fiberglas Corp.
Not Reported in F.Supp., 1994 WL 564731 (N.D.Cal.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.