# U.S. District Court
## Northern District of Alabama (Middle)
## CIVIL DOCKET FOR CASE #: 4:10-cv-03574-RBP

Yancy et al v. Sepco Corporation
Assigned to: Judge Robert B Propst
Cause: 28:1332 Diversity-Wrongful Death

Date Filed: 12/23/2010
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### **Plaintiff**

**Cynthia Ann Greenwood Yancy**
*as co-personal representative of the*
*Estate of Robert Ray Greenwood,*
*deceased*

represented by **G Patterson Keahey , Jr**
LAW OFFICES OF G PATTERSON
KEAHEY PC
1 Independence Plaza, Suite 612
Birmingham, AL 35209
205-871-0707
Fax: 205-871-0801
Email: efile@mesohelp.com
*ATTORNEY TO BE NOTICED*

### **Plaintiff**

**Payton Hixon Greenwood**
*as co-personal reprosorative of the*
*Estate of Robert Ray Greenwood,*
*deceased*

represented by **G Patterson Keahey , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

### **Defendant**

**Sepco Corporation**

represented by **Frank E Lankford , Jr**
HUIE FERNAMBUCQ & STEWART
LLP
Three Protective Center
2801 Highway 280 S, Suite 200
Birmingham, AL 35223-2484
205-251-1193
Fax: 205-251-1256
Email: fel@hfsllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stewart W McCloud**
HUIE FERNAMBUCQ & STEWART
LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
205-251-1193

Fax: 205-251-1256
Email: swm@hfsllp.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/23/2010 | 1 | COMPLAINT against Sepco Corporation, filed by Cynthia Ann Greenwood Yancy, Payton Hixon Greenwood.(KAM, ) (Entered: 12/27/2010) |
| 12/23/2010 | 2 | NOTICE of Tag-Along action by Payton Hixon Greenwood, Cynthia Ann Greenwood Yancy (KAM, ) (Entered: 12/27/2010) |
| 12/23/2010 | 3 | Request for service by certified mail filed by Payton Hixon Greenwood, Cynthia Ann Greenwood Yancy. (KAM, ) (Entered: 12/27/2010) |
| 12/27/2010 | | Filing Fee received in the amount of $350.00, receipt number B4601018550. (JLC, ) (Entered: 12/29/2010) |
| 12/29/2010 | 4 | Summons Issued as to Sepco Corporation via certified U.S.Mail on this the 29th day of December, 2010. (JLC, ) (Entered: 12/29/2010) |
| 01/03/2011 | 5 | SUMMONS Returned Executed upon Sepco Corporation, served on 12/31/2010, answer due 1/21/2011. (JLC, ) (Entered: 01/03/2011) |
| 01/22/2011 | 6 | ANSWER to Complaint by Sepco Corporation.(Lankford, Frank) (Entered: 01/22/2011) |
| 01/22/2011 | 7 | NOTICE by Sepco Corporation *of Tag Along Action* (Lankford, Frank) (Entered: 01/22/2011) |
| 01/22/2011 | 8 | Corporate Disclosure Statement by Sepco Corporation. (Lankford, Frank) (Entered: 01/22/2011) |
| 01/24/2011 | | Set/Reset Scheduling Order Deadlines: Rule 26 Meeting Report due by 3/11/2011. (SCL, ) (Entered: 01/24/2011) |
| 01/24/2011 | 9 | ALND UNIFORM INITIAL ORDER GOVERNING ALL FURTHER PROCEEDINGS - with appendices attached. Signed by Judge Robert B Propst on 1/24/2011. (JLC, ) (Entered: 01/24/2011) |
| 01/24/2011 | 10 | (CORRECTED) ANSWER to Complaint by Sepco Corporation.(Lankford, Frank) Modified on 1/24/2011 (JLC, ). (Entered: 01/24/2011) |
| 01/24/2011 | 11 | NOTICE of Appearance by Stewart W McCloud on behalf of Sepco Corporation (McCloud, Stewart) (Entered: 01/24/2011) |
| 03/16/2011 | | Set/Reset Scheduling Order Deadlines: Discovery due by 6/14/2011; Proposed Pretrial Conference 8/25/2011. (SCL, ) (Entered: 03/16/2011) |
| 03/16/2011 | 12 | NOTICE AND ORDER TO ALL ATTORNEYS AND PARTIES. Signed by Judge Robert B Propst on 3/16/2011. (JLC, ) (Entered: 03/16/2011) |
| 03/24/2011 | 13 | NOTICE by Sepco Corporation *of Compliance with Court Order* (Lankford, Frank) (Entered: 03/24/2011) |

| | | |
|---|---|---|
| 04/18/2011 | 14 | NOTICE by Sepco Corporation *of Initial Disclosures* (McCloud, Stewart) (Entered: 04/18/2011) |
| 05/27/2011 | 15 | NOTICE OF POTENTIAL TAG-ALONG ACTION by Payton Hixon Greenwood, Cynthia Ann Greenwood Yancy re 2 Notice (Other) (Keahey, G) Modified on 5/27/2011 (JLC, ). (Entered: 05/27/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/31/2011 07:31:51 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:10-cv-03574-RBP |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

®JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CYNTHIA ANNE GREENWOOD YANCEY & PAYTON HIXON GREENWOOD co-personal representative of the Estate of Robert Ray

**DEFENDANTS**

SEPCO CORPORATION

(b) County of Residence of First Listed Plaintiff  DeKalb
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

G. Patterson Keahey, One Independence Plaza, 612, Bham. AL 35209
(205) 871-0707

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Wrongful death, toxic tort, asbestos exposure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE

DOCKET NUMBER

DATE
12/23/2010

SIGNATURE OF ATTORNEY OF RECORD
*G. Patterson Keahey*

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.


FILED

2010 Dec-27  AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **CYNTHIA ANNE** | ) | |
| **GREENWOOD YANCEY** and | ) | **Civil Action No.:** |
| **PAYTON HIXON** | ) | |
| **GREENWOOD** co-personal | ) | |
| representative of **THE** | ) | _____ |
| **ESTATE OF ROBERT RAY** | ) | |
| **GREENWOOD**, Deceased; | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **SEPCO CORPORATION,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |
| | ) | |

## COMPLAINT

## BACKGROUND FACTS - THE PLAINTIFFS

Plaintiff, CYNTHIA ANNE GREENWOOD YANCEY and
PAYTON HIXON GREENWOOD co-personal representative
of the estate of ROBERT RAY GREENWOOD, deceased,
(hereinafter "GREENWOOD") is a resident of
Rainsville, Alabama. GREENWOOD died on December 26,
2008 as a result of his exposure to asbestos
materials and products. At the time of his death,

GREENWOOD was a resident of Rainsville, Alabama.

GREENWOOD was continually exposed to asbestos/asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce, by, but not limited to, the following defendant(s) set out herein during their employment.

As a result of GREENWOOD'S exposure to asbestos materials and products, he contracted one or more asbestos-related diseases and died.

### BACKGROUND FACTS - THE DEFENDANTS

1. The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2. The following defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the

premises, facilities, and worksites containing asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others:

3. Sepco, a California corporation whose principal place of business is 29982 Ivy Glenn Drive, Laguna Niguel, California 92677, may be served through its registered agent, C.T. Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

## **ALLEGATIONS**

As a result of his exposure to crocidolite, amosite, chrysotile, tremolite and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos", GREENWOOD contracted one or more asbestos-related diseases and died.

3

Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive and deadly tissue damage which can manifest itself as malignant mesothelioma, lung cancer and other cancers. Most airborne asbestos fibers are microscopic in size, fall at a very slow rate and can easily be "re-entrained" into the atmosphere. All asbestos fibers are indestructible up to very high temperatures and do not disintegrate. Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the ACMs from which the fibers were released are no longer in use. Suspended asbestos fibers settle on all objects introduced into such environments, including but not limited to work clothing, and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing. Such asbestos-laden clothing can contaminate a

4

home, car or other locations by subsequently
releasing asbestos fibers into the atmosphere of
the new location.

GREENWOOD was exposed to asbestos fibers
released from asbestos-containing materials during
the course of their employment at his jobsites.

Asbestos fibers contaminated GREENWOOD'S
environment in a variety of ways, including, but
not limited to, their use of and/or proximity to
asbestos-containing products and materials
(hereinafter referred to collectively as "ACM").

Each Defendant is jointly and severally liable
to Plaintiff for the wrongful death of GREENWOOD.
Each Defendant, both substantially prior to and
during the exposure period, contaminated the work
sites of GREENWOOD with respirable asbestos fibers
by one or more of the following means:

a. installing, removing, handling,
designing, testing, evaluating, manufacturing,

mining, packaging, furnishing, supplying and/or selling ACMs;

b. recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold;

c. failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold when the use of the same was reasonably foreseeable;

d. failing to maintain the work sites of GREENWOOD in a reasonably safe manner by allowing those sites to become contaminated with asbestos;

e. failing to adequately warn GREENWOOD of the danger posed by the inhalation or injection of

6

asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate his exposure to asbestos;

f.   In   addition,   contractors   and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and otherwise disturbing asbestos-containing products in such a manner to cause the release of asbestos fibers;

g.   In addition, premises owners are sued for negligently installing, removing, maintaining or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities including their exposure to asbestos.

At all relevant times hereto, the Defendants knew or should have known all of the following: (1) that asbestos is a deleterious and carcinogenic substance, extremely hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate

a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined use of ACMs over a significant period of time would pollute GREENWOOD'S home and work environment, virtually insuring that they would constantly be exposed to asbestos.

## **VENUE**

This Court has subject jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiff is a resident citizen of Alabama. Defendant is a corporation whose principal places of business is in states other than Alabama. The amount in controversy, exclusive of interest and cost, exceeds $75,000.00 and is within the jurisdiction of the Court.

**DAMAGES**

GREENWOOD'S asbestos related cancer was the
direct and/or efficient cause of their death. Each
and every exposure to asbestos contributed to cause
GREENWOOD'S asbestos related disease.

**CERCLA**

Plaintiff asserts that this suit has been filed
within the applicable state statute of limitations
period, and/or that this claim is timely as a
matter of law pursuant to 42 U.S.C. § 9658, a
provision of the Comprehensive Environmental
Response, Compensation, and Liability Act
("CERCLA"). Under this provision, the running of
the state statute of limitations for applicable
actions is delayed until "the date the plaintiff
knew (or reasonably should have known) that the
personal injury or property damages ... were caused
or contributed to by the hazardous substance or

pollutant or contaminant concerned." 42 U.S.C. §
9658(b)(4)(A). The provision " 'creates a federally
mandated discovery rule for the accrual of state
law claims involving releases of hazardous
substances that cause or contribute to personal
injury.... '"Kowalski *v. Goodyear Tire and Rubber
Co.*, 841 F. Supp. 104, 107 (W.D.N.Y. 1994) (quoting
*Soo Line Ry. Co. v. B.J. Carney & Co.*, 797 1472,
1487 (D.Minn. 1992). Application of the statute to
a state law cause of action does not depend on the
existence of an underlying federal CERCLA action.
*Id*. at 107-08.

## COUNT ONE

### ALABAMA WRONGFUL DEATH ACT

Plaintiff adopts, alleges, and incorporates
herein by reference all of the averments and
allegations set forth in the preceding paragraphs
of this complaint as if fully set forth herein.

Plaintiffs allege a cause of action against all
of the Defendants, jointly and severally, for the

wrongful death of decedent GREENWOOD pursuant to *Ala. Code* § 6-5-410 (1975) ("The Alabama Wrongful Death Act"). No other cause of action is alleged herein by the plaintiffs against any defendant.

Prior to his death, GREENWOOD could have filed a cause of action in this or another jurisdiction for his personal injuries resulting from the same series of wrongful acts alleged herein.

This action was commenced within two years from and after the death of GREENWOOD.

The Alabama Wrongful Death Act entitles a plaintiff to recover punitive damages for even the simple negligence of the defendant without any applicable cap on same. Plaintiff seeks monetary damages which, exclusive of interest and cost, exceed $75,000.00.

WHEREFORE, Plaintiff demands judgment against Defendants, separately and severally in a sum to be determined by a jury together with interest from

the date of injury, and the cost of this

proceeding.

This the 23rd day of December, 2010.

_____

G. PATTERSON KEAHEY
ASB-6357-A64G
*Attorney for Plaintiffs*

LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:    205-871-0707
FACSIMILE:    205-871-0801
EMAIL:    alasbestos@mesohelp.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

_____

G. PATTERSON KEAHEY