# U.S. District Court
## Northern District of Alabama (Northeastern)
### CIVIL DOCKET FOR CASE #: 5:11-cv-00380-CLS

Garner v. Daniel Construction Company, Inc. et al  
Assigned to: Judge C Lynwood Smith, Jr  
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 02/02/2011  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

**Plaintiff**

**James D. Garner, III**  
*personal representative of the Estate of James D. Garner, Jr., deceased*

represented by **G Patterson Keahey , Jr**  
LAW OFFICES OF G PATTERSON KEAHEY PC  
1 Independence Plaza, Suite 612  
Birmingham, AL 35209  
205-871-0707  
Fax: 205-871-0801  
Email: efile@mesohelp.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Daniel Construction Company, Inc.**

represented by **Frank E Lankford , Jr**  
HUIE FERNAMBUCQ & STEWART LLP  
Three Protective Center  
2801 Highway 280 S, Suite 200  
Birmingham, AL 35223-2484  
205-251-1193  
Fax: 205-251-1256  
Email: fel@hfsllp.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Stewart W McCloud**  
HUIE FERNAMBUCQ & STEWART LLP  
Three Protective Center  
2801 Highway 280 South, Suite 200  
Birmingham, AL 35223-2484  
205-251-1193  
Fax: 205-251-1256  
Email: swm@hfsllp.com  
*ATTORNEY TO BE NOTICED*

**Defendant**

**SEPCO Corporation**

represented by **Frank E Lankford , Jr**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stewart W McCloud**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kobe Steel, LTD**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2011 | 1 | COMPLAINT with jury demand thereon against Daniel Construction Company, Inc., Kobe Steel, LTD, SEPCO Corporation filed by James D. Garner, III.(AHI) (Entered: 02/03/2011) |
| 02/02/2011 | 2 | Request for service by certified mail filed by James D. Garner, III. (AHI) (Entered: 02/03/2011) |
| 02/02/2011 | 3 | NOTICE of Tag-Along Action by James D. Garner, III (AHI) (Entered: 02/03/2011) |
| 02/04/2011 | | Filing fee: $ 350.00, receipt number B4601019786 (AHI) (Entered: 02/08/2011) |
| 02/08/2011 | 4 | Summons Issued by the clerk and delivered via certified mail as to Daniel Construction Company, Inc., Kobe Steel, LTD, SEPCO Corporation. (AHI) (Entered: 02/08/2011) |
| 02/15/2011 | 5 | SUMMONS Returned Executed Daniel Construction Company, Inc. served on 2/11/2011, answer due 3/4/2011; SEPCO Corporation served on 2/10/2011, answer due 3/3/2011. (AHI) (Entered: 02/15/2011) |
| 02/24/2011 | 6 | ANSWER to Complaint by Daniel Construction Company, Inc..(Lankford, Frank) (Entered: 02/24/2011) |
| 02/24/2011 | 7 | ANSWER to Complaint by SEPCO Corporation.(Lankford, Frank) (Entered: 02/24/2011) |
| 02/24/2011 | 8 | NOTICE by Daniel Construction Company, Inc. *of Tag Along Action* (Lankford, Frank) Modified on 2/24/2011 (AHI). (Entered: 02/24/2011) |
| 02/24/2011 | 9 | Corporate Disclosure Statement by SEPCO Corporation. (Lankford, Frank) (Entered: 02/24/2011) |
| 02/24/2011 | 10 | NOTICE by Daniel Construction Company, Inc. *of Tag Along Action* (Lankford, Frank) (Entered: 02/24/2011) |
| 02/24/2011 | 11 | NOTICE by SEPCO Corporation *of Tag Along Action* (Lankford, Frank) (Entered: 02/24/2011) |
| 02/28/2011 | 12 | Corporate Disclosure Statement by Daniel Construction Company, Inc.. |

|  |  |  |
|---|---|---|
|  |  | (Lankford, Frank) (Entered: 02/28/2011) |
| 02/28/2011 | 13 | NOTICE of Appearance by Stewart W McCloud on behalf of Daniel Construction Company, Inc., SEPCO Corporation (McCloud, Stewart) (Entered: 02/28/2011) |
| 03/11/2011 | 14 | Summons Returned Unexecuted as to Kobe Steel, LTD. (UNCLAIMED-return to sender) (AHI) Modified on 3/14/2011 (AHI). (Entered: 03/14/2011) |
| 05/31/2011 | 15 | NOTICE by James D. Garner, III re 3 Notice (Other) *Potential Tag-Along* (Keahey, G) (Entered: 05/31/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/31/2011 13:00:17 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:11-cv-00380-CLS |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JAMES D. GARNER, III personal representative of the Estate of JAMES D. GARNER, JR.

(b) County of Residence of First Listed Plaintiff: Morgan
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
G. Patterson Keahey, One Independence Plaza, 612, Bham. AL 35209
(205) 871-0707

## DEFENDANTS
DANIEL CONSTRUCTION COMPANY, INC.

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☒ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Wrongful death, toxic tort, asbestos exposure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 02/02/2011
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

FILED
2011 Feb-03 AM 09:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES D. GARNER, III, personal representative of **THE ESTATE OF JAMES D. GARNER, JR.,** Deceased;     ) ) ) ) ) ) | Civil Action No.: _____ |
| PLAINTIFF,     ) ) ) | |
| V.     ) ) | JURY DEMAND |
| DANIEL CONSTRUCTION COMPANY, INC.     ) ) ) | |
| SEPCO CORPORATION,     ) ) | |
| KOBE STEEL LTD.     ) ) | |
| DEFENDANTS.     | |

**COMPLAINT**

**BACKGROUND FACTS – THE PLAINTIFFS**

Plaintiff, JAMES D. GARNER, III personal representative of the estate of JAMES D. GARNER, JR., deceased, (hereinafter "GARNER") is a resident of Hartselle, Alabama. GARNER died on February 2, 2009 as a result of his exposure to asbestos materials and products. At the time of his death, GARNER was a resident of Hartselle, Alabama.

1

Case MDL No 875 Document 7284-3 Filed 05/31/11 Page 6 of 17

GARNER was continually exposed to asbestos/asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce, by, but not limited to, the following defendant(s) set out herein during his employment.

As a result of GARNER'S exposure to asbestos materials and products, he contracted one or more asbestos-related diseases and died.

### BACKGROUND FACTS - THE DEFENDANTS

1. The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

2. The following defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the premises, facilities, and worksites containing

Case MDL No 875 Document 7284-3 Filed 05/31/11 Page 7 of 17

asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others:

3. Daniel Construction Company, Inc. a South Carolina corporation whose principal place of business is 100 Fluor Daniel Drive, Greenville, South Carolina 29607, may be served through its registered agent or highest ranking officer at 100 Flour Daniel Drive, Greenville, South Carolina 29607.

4. Sepco, a California corporation whose principal place of business is 29982 Ivy Glenn Drive, Laguna Niguel, California 92677, may be served through its registered agent, C.T. Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

5. Kobe Steel, Ltd. is a company that was at one time or is currently authorized to do business

in the State of Alabama and is subject to the jurisdiction of this Court. Defendant may be served a copy of the Summons and Complaint by personal service to 245 E. North Avenue, Carol Stream, IL 60188

## ALLEGATIONS

6. As a result of his exposure to crocidolite, amosite, chrysotile, tremolite and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos", GARNER contracted one or more asbestos-related diseases and died.

7. Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive and deadly tissue damage which can manifest itself as malignant mesothelioma, lung cancer and other cancers. Most airborne asbestos fibers are microscopic in size, fall at a very slow rate and

4

can easily be "re-entrained" into the atmosphere. All asbestos fibers are indestructible up to very high temperatures and do not disintegrate. Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the ACMs from which the fibers were released are no longer in use. Suspended asbestos fibers settle on all objects introduced into such environments, including but not limited to work clothing, and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing. Such asbestos-laden clothing can contaminate a home, car or other locations by subsequently releasing asbestos fibers into the atmosphere of the new location.

8. GARNER was exposed to asbestos fibers released from asbestos-containing materials during the course of their employment at his jobsites.

5

9. Asbestos fibers contaminated GARNER'S environment in a variety of ways, including, but not limited to, their use of and/or proximity to asbestos-containing products and materials (hereinafter referred to collectively as "ACM").

10. Each Defendant is jointly and severally liable to Plaintiff for the wrongful death of GARNER. Each Defendant, both substantially prior to and during the exposure period, contaminated the work sites of GARNER with respirable asbestos fibers by one or more of the following means:

a. installing, removing, handling, designing, testing, evaluating, manufacturing, mining, packaging, furnishing, supplying and/or selling ACMs;

b. recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed, removed, handled, designed,

6

manufactured, packaged, furnished, supplied and/or sold;

c. failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold when the use of the same was reasonably foreseeable;

d. failing to maintain the work sites of GARNER in a reasonably safe manner by allowing those sites to become contaminated with asbestos;

e. failing to adequately warn GARNER of the danger posed by the inhalation or injection of asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate his exposure to asbestos;

f. In addition, contractors and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and

7

otherwise disturbing asbestos-containing products in such a manner to cause the release of asbestos fibers;

g.   In addition, premises owners are sued for negligently installing, removing, maintaining or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities including their exposure to asbestos.

11.   At all relevant times hereto, the Defendants knew or should have known all of the following: (1) that asbestos is a deleterious and carcinogenic substance, extremely hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined

8

use of ACMs over a significant period of time would pollute GARNER'S home and work environment, virtually insuring that he would constantly be exposed to asbestos.

## VENUE

12. This Court has subject jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiff is a resident citizen of Alabama. Defendant is a corporation whose principal places of business is in states other than Alabama. The amount in controversy, exclusive of interest and cost, exceeds $75,000.00 and is within the jurisdiction of the Court.

## DAMAGES

13. GARNER'S asbestos related cancer was the direct and/or efficient cause of their death. Each and every exposure to asbestos contributed to cause GARNER'S asbestos related disease.

9

## CERCLA

14. Plaintiff asserts that this suit has been filed within the applicable state statute of limitations period, and/or that this claim is timely as a matter of law pursuant to 42 U.S.C. § 9658, a provision of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Under this provision, the running of the state statute of limitations for applicable actions is delayed until "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A). The provision " 'creates a federally mandated discovery rule for the accrual of state law claims involving releases of hazardous substances that cause or contribute to personal injury.... '"Kowalski *v. Goodyear Tire and Rubber Co.*, 841 F. Supp. 104, 107 (W.D.N.Y. 1994) (quoting

10

*Soo Line Ry. Co. v. B.J. Carney & Co.*, 797 1472, 1487 (D.Minn. 1992). Application of the statute to a state law cause of action does not depend on the existence of an underlying federal CERCLA action. *Id.* at 107-08.

## COUNT ONE

## ALABAMA WRONGFUL DEATH ACT

15. Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

16. Plaintiffs allege a cause of action against all of the Defendants, jointly and severally, for the wrongful death of decedent GARNER pursuant to *Ala. Code* § 6-5-410 (1975) ("The Alabama Wrongful Death Act"). No other cause of action is alleged herein by the plaintiffs against any defendant.

11

17. Prior to his death, GARNER could have filed a cause of action in this or another jurisdiction for his personal injuries resulting from the same series of wrongful acts alleged herein.

18. This action was commenced within two years from and after the death of GARNER.

19. The Alabama Wrongful Death Act entitles a plaintiff to recover punitive damages for even the simple negligence of the defendant without any applicable cap on same. Plaintiff seeks monetary damages which, exclusive of interest and cost, exceed $75,000.00.

WHEREFORE, Plaintiff demands judgment against Defendants, separately and severally in a sum to be determined by a jury together with interest from the date of injury, and the cost of this proceeding.

This the 2nd day of February, 2011.

_____
G. PATTERSON KEAHEY
ASB-6357-A64G
*Attorney for Plaintiffs*

```
LAW OFFICE OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:    205-871-0707
FACSIMILE:  205-871-0801
EMAIL:   alasbestos@mesohelp.com
```

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

_____
G. PATTERSON KEAHEY

13