**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS**                  **MDL No. 875**

**LIABILITY LITIGATION (NO. VI)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ARTHUR J. PORTER, ET UX**               **MIDDLE DISTRICT OF LOUISIANA**

**VERSUS**                             **C.A. NO. 11-00166**

**GREATER BATON ROUGE PORT COMMISSION**

<u>**RESPONSE TO PLAINTIFF'S MOTION TO VACATE CTO-390**</u>

MAY IT PLEASE THE COURT:

This memorandum is submitted on behalf of third-party defendants Baton Rouge Marine Contractors, Inc., P&O Ports Louisiana, Inc., Marion J. "Sonny" Bergeron, and Harold Bourque (hereinafter "Ports America defendants") in response to plaintiffs' Motion to Vacate CTO-390 (R. Doc. 7091). The Ports America defendants submit that this action shares sufficient common questions of fact with other cases consolidated in MDL-875. Further, plaintiffs' concerns with respect to convenience and efficiency have been addressed and rejected by this Panel and do not preclude transfer. The Ports America defendants have been confronted with and responded to similar attempts to prevent transfers of asbestos exposure cases to MDL-875. As the Panel is aware, the arguments advanced by plaintiffs here are not novel and have been rejected many times in the past. The Ports America defendants suggest that, after considering the law and argument below, the Panel should deny plaintiffs' Motion to Vacate CTO-390 and transfer this case in its entirety to MDL-875.

## I. BACKGROUND

This action originated in the 18th Judicial District Court for the Parish of West Baton Rouge, Louisiana in December, 2010.  Plaintiffs, Arthur J. Porter and Joyce Marie Porter, sued the Greater Baton Rouge Port Commission under theories of strict liability and negligence in connection with Mr. Porter's alleged exposure to asbestos.  The Port answered plaintiffs' complaint and sought relief against a number of third-party defendants, including the Ports America defendants.

The case was subsequently removed to the United States District Court for the Middle District of Louisiana by third-party defendant Industrial Development Corporation of South Africa ("IDC") in March, 2011.  The case was removed pursuant to 28 U.S.C. §§ 1330 and 1441(d) based on IDC's status as a foreign sovereign.

On April 15, 2011, the Ports America defendants filed a Notice of Tag-Along Action in the district court.  The United States Judicial Panel on Multidistrict Litigation (hereinafter "the Panel") was notified and a Conditional Transfer Order (CTO-390) was entered.  Plaintiffs opposed CTO-390 (R. Doc. 7050) and now move to vacate. (R. Doc. 7091-1).

## II. LAW AND ARGUMENT

As discussed more fully below, this case involves more than sufficient questions of fact common to other cases pending in MDL-875.  Specifically, these other cases stem from claims of alleged exposure to asbestos brought by longshoremen employed at the Port of Baton Rouge in Port Allen, Louisiana.  These cases also involve negligence and strict liability claims against the Greater Baton Rouge Port Commission

and the various third-party defendants to this action.  Further, plaintiffs' arguments of inconvenience and inefficiency are without merit and should be rejected.  Plaintiffs' Motion to Vacate CTO-390 should be denied.

**A.    Sufficient Common Questions of Fact Exist to Warrant Consolidation**

Title 28, United States Code § 1407(a) provides, in part, that "[w]hen civil actions involving **one or more common questions of fact** are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."   28 U.S.C. § 1407(a).   The instant case satisfies this statutory requirement – it involves numerous common questions of fact with at least two cases already consolidated in MDL-875, *Hackler v. P&O Ports Louisiana, Inc., et al.*, 2:10-cv-87777-ER, and *Landess v. Baton Rouge Marine Contractors, Inc., et al.*, 2:10-cv-87778-ER.

This case and the *Hackler* and *Landess* cases all arose out of alleged asbestos exposure at the Port of Baton Rouge.  These cases all involve claims of negligence and strict liability against the Greater Baton Rouge Port Commission and also involve a number of the third-party defendants to this action.  Further, there is an overlap in the time frame that Mr. Porter and the longshoremen in *Hackler* and *Landess* worked at the Port.   There are important factual questions common to all three cases, *e.g.* the presence of and movement of asbestos in and through the Port, the timing of such presence and movement, the responsibility for the maintenance of the Port facilities, the Greater Baton Rouge Port Commission's knowledge of the dangers of asbestos exposure, etc.  It is also significant that there are common factual questions specific to

the Ports America defendants that are currently at issue in MDL-875 and will arise again during the course of this litigation.

Plaintiffs' contention that their case is unique is not enough to prevent transfer. Indeed, the Panel has recognized as much. *See In re: Denture Cream Products Liab. Litig.*, MDL 2051, 2009 WL 1649313 (J.P.M.L. June 9, 2009) ("Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer"). This is an asbestos exposure case, pure and simple. It is not particularly complicated or unique. As noted above, there are a number of factual questions common to the instant case and cases already pending in MDL-875.

It is also critical to note this Panel's decision in *In re: Asbestos Products Liability Litigation (No. VI)*, 545 F.Supp.2d 1359 (J.P.M.L. 2008). In that case, plaintiffs with asbestos lawsuits pending in four separate United States District Courts moved to vacate Conditional Transfer Orders, just as plaintiffs have attempted to do here. *Id.* In rejecting the plaintiffs' contentions, this Panel made several crucial findings. Importantly, the Panel found that:

> these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

*Id.* at 1360.

Despite plaintiffs' claims in this case that their situation is unique, it is, in fact, not unique at all. Their claim is one for personal injury caused by alleged exposure to

asbestos, nothing more.  Based upon this Panel's 2008 ruling, these facts alone are enough to merit transfer to MDL 875.

**B.    The Judicial Panel on Multidistrict Litigation Has Previously Addressed Plaintiffs' Inconvenience Argument**

Section 1407(a) also provides that a transfer shall be made by the Panel upon its determination that the transfer "will be for the convenience of the parties and witnesses." 28 U.S.C. § 1407(a).  Arguing that this criterion is not satisfied in this case, plaintiffs' memorandum points out the geographic convenience of proceeding in the Middle District of Louisiana.  They argue that to transfer the case to MDL-875 would inconvenience both the parties and witnesses.

This argument ignores the primary purpose of multidistrict consolidation.  "With one statutory exception [not applicable here], the Panel is only authorized to transfer cases for pretrial proceedings.  The Panel cannot transfer a case for trial . . . The statute contemplates that actions be transferred and consolidated by the Panel for pretrial proceedings and that they be remanded by the Panel for trial."   David F. Herr, MULTIDISTRICT LITIGATION MANUAL, § 3:2, pp.18-19 (West 2008).

As such, the Panel has previously explained that "[s]ince a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise."  *In re: Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*, 424 F.Supp. 504, 506 (J.P.M.L. 1976); *see also In re: Sugar Indus. Antitrust Litig. (E. Coast)*, 471 F.Supp. 1089, 1094 (J.P.M.L. 1979) ("we note that there normally is no necessity for the parties to participate in pretrial

conferences held by the transferee court.  Furthermore, the depositions of the parties and witnesses can be taken in the district in which they reside").

## C.    Plaintiffs' Inefficiency and Injustice Arguments Must Also Be Rejected

Plaintiffs ground their argument that transfer would be inefficient on the erroneous premise that there are no common questions of fact with other cases in MDL-875 and that the parties and witnesses will be inconvenienced by a transfer.  However, as demonstrated above, there are numerous common questions of fact between the instant case and the *Hackler* and *Landess* cases pending in MDL-875.  Further, as the transfer is only for pretrial proceedings, there will be no inconvenience to the parties or witnesses.  In contrast to plaintiffs' contention, the Panel has recognized that:

> Centralization has the salutary effect of placing all actions . . . before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues; and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

*In re: Denture Cream Products Liab. Litig.,* MDL 2051, 2009 WL 1649313 (J.P.M.L. June 9, 2009) (citing *In re: Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L.1976)).

With respect to plaintiffs' argument that justice will not be served by transferring this case, plaintiffs have mischaracterized the effect that a transfer would have on the "overriding objective" of the Eastern District of Pennsylvania to first address the claims of the sick and dying.  Mr. Porter was allegedly diagnosed with malignant mesothelioma on August 18, 2010.  Plaintiffs cannot show that a decision not to transfer this case will

increase the likelihood that Mr. Porter will survive through trial in the Middle District of Louisiana.  There are no certainties that the parties, or attorneys for that matter, will be around when this case is tried.  This is simply one of the realities of this class of multi-party, long-latency toxic tort cases.  This has not, and will not in this case, prevent a plaintiff's survivors from amending their petition to assert survival and wrongful death claims.  The transfer of this case to MDL-875 is no impediment to the administration of justice.

**D.     Plaintiffs' Suggestion to Sever and Remand the Main Demand Would Cause More Inefficiency and Inconvenience than a Transfer of the Entire Case**

Plaintiffs' suggest in passing that their claim against the Greater Baton Rouge Port Commission should be severed and the conditional transfer of that claim be vacated.   This course of action would ultimately result in more inefficiency and inconvenience than would a transfer of the entire case.   Specifically, the Port Commission would be forced to defend against plaintiffs' claim while simultaneously prosecuting its claims against the third-party defendants in MDL-875.  These claims are all inextricably linked—the third-party defendants' liability to the Port Commission hinges on the Port Commission's liability to plaintiffs.  Further, the operative facts giving rise to Mr. Porter's alleged exposure comprise not only the action or inaction of the Port Commission but also the various third-party defendants.   Accordingly, the third-party defendants have a real interest in the defense of both plaintiffs' main demand and the Port Commission's third-party demand.  Their ability to defend against liability would be prejudiced by severing the claims and allowing two proceedings in which there will be a significant overlap in law and fact to move forward simultaneously.

Further, Plaintiffs' suggestion to sever and remand their claims is squarely contradicted by this Panel's earlier decision in *In re: Asbestos Products Liability Litigation (No. VI)*: "transfer of these actions is appropriate for reasons that we set out in our original decision in this docket ***directing centralization*** of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products." 545 F.Supp.2d at 1360-61. (emphasis added). Obviously, retaining part of a case while sending another portion back to the transferor court contradicts the purpose of MDL 875.

## III. CONCLUSION

Plaintiffs' arguments in their Motion to Vacate are the same arguments this Panel specifically rejected in *In re: Asbestos Products Liability Litigation (No. VI)*, 545 F.Supp.2d 1359, and subsequent decisions. Plaintiffs' Motion to Vacate must be denied. Arguments by plaintiffs relying on the stage of pretrial proceedings, the alleged uniqueness of a party's status, and the alleged inconvenience or inefficiency of transfer were considered and rejected by the Panel as grounds for carving out exceptions to MDL transfers. *In re: Asbestos Products Liability Litigation (No. VI)*, 545 F.Supp.2d at 1361. In keeping with the purpose of transferring proceedings under § 1407, namely to "bring about the resolution of complex cases with a minimum burden on the parties and the courts" and to avoid "piecemeal litigation," Herr, MULTIDISTRICT LITIGATION MANUAL, § 3:3, p. 20, plaintiffs' motion should be denied and the case should be transferred to MDL 875.

WHEREFORE, third-party defendants Baton Rouge Marine Contractors, Inc., P&O Ports Louisiana, Inc., Marion J. "Sonny" Bergeron, and Harold Bourque pray that plaintiffs' Motion to Vacate CTO-390 be denied and for all other general and equitable relief to which they may be entitled and this Panel is competent to grant.

Respectfully submitted,

/s/ Patrick E. Costello
PATRICK E. COSTELLO, T.A.      (#26619)
WILTON E. BLAND, III           (#3123)
JACQUES P. DeGRUY              (#29144)
TREVOR M. CUTAIAR             (#33082)
MOULEDOUX, BLAND, LEGRAND & BRACKETT LLC
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:    (504) 522-2121
*Attorneys for P&O Ports Louisiana, Inc.,*
*Baton Rouge Marine Contractors, Inc.,*
*Marion J. "Sonny" Bergeron and Harold*
*Bourque*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the Court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to all non-CM/ECF participants.

New Orleans, Louisiana this 31st day of May, 2011.

/s/ Patrick E. Costello