ARBITRATION, RULE16

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:11-cv-01178-FSH -PS

| | |
|---|---|
| FINKLER et al v. JOHN DOE CORPORATIONS 1-25 (fictitious) et al | Date Filed: 03/02/2011 |
| Assigned to: Judge Faith S. Hochberg | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Patty Shwartz | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court:  SUPERIOR COURT OF MIDDLESEX COUNTY, L-01395-09 | Jurisdiction: Federal Question |
| Cause: 28:1446pl Petition for Removal - Product Liability | |

### Plaintiff

**RUDOLPH G. FLINKER**
*and individual heirs of the Estate of Rudolph G. Flinker*

represented by **RACHEL A. PLACITELLA**
COHEN PLACITELLA & ROTH, P.C.

127 MAPLE AVENUE
RED BANK, NJ 07730
Email: rplacitella@cprlaw.com
*ATTORNEY TO BE NOTICED*

### Plaintiff

**,MARGARET SONIA FLINKER**
*individually and Executrix of the Estate of her Husband*

represented by **CHRISTOPHER MICHAEL PLACITELLA**
COHEN, PLACITELLA & ROTH, PC
127 MAPLE AVENUE
RED BANK, NJ 07701
(732) 747-9003
Fax: 732-747-9004
Email: cplacitella@cprlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RACHEL A. PLACITELLA**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**JOHN DOE CORPORATIONS 1-25
(fictitious)**

### Defendant

**JOHN DOE CORPORATIONS 26-
50 (fictitious)**

**Defendant**

**JOHN DOE CORPORATIONS 51-75 (fictitious)**

**Defendant**

**CBS CORPORATION**
*successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation*
*formerly known as*
VIACOM,INC.

represented by **CHARLES F. FORER**
ECKERT SEAMANS CHERIN & MELLOTT, LLCOHHOLM & EWING, PC
TWO LIBERTY PLACE
50 SOUTH 16TH STREET, 22ND FLOOR
PHILADELPHIA, PA 19102
(215) 851-8400
Fax: (215) 851-8383
Email: cforer@eckertseamans.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**COPES-VULCAN, INC.**

**Defendant**

**FOSTER WHEELER ENERGY CORP.**

represented by **CHRISTOPHER J. KEALE**
SEDGWICK LLP
THREE GATEWAY CENTER
12TH FLOOR
NEWARK, NJ 07102
(973) 242-0002
Email: christopher.keale@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**GENERAL ELECTRIC COMPANY**

**Defendant**

**IMO INDUSTRIES, INC.**
*Individually and as successor to Delaval Turbine*

represented by **JOSEPH IRA FONTAK**
LEADER & BERKON LLP
630 THIRD AVENUE
17TH FLOOR
NEW YORK, NY 10017
212-486-2400
Email: jfontak@leaderberkon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2011 | | CASE REFERRED to Arbitration. (dr, ) (Entered: 03/07/2011) |

| 03/04/2011 | 1 | NOTICE OF REMOVAL by FOSTER WHEELER ENERGY CORP. from SUPERIOR COURT OF MIDDLESEX COUNTY, case number L-01395-09. ( Filing fee $ 350 RECEIPT #3594951) (Attachments: # 1 EXH A CMP, # 2 EXH B, # 3 EXH C, # 4 EXH D, # 5 EXH E, # 6 EXH F, # 7 EXH G, # 8 EXH H, # 9 EXH I, # 10 EXH J, # 11 EXH K, # 12 EXH L, # 13 LIST OF UNKNOW DEFTS, # 14 NTC TO ADVERSE PTY, # 15 NTC TO MIDDLESEX COUNTY)(dr, ) (Entered: 03/07/2011) |
| 03/07/2011 | 2 | Corporate Disclosure Statement by CBS CORPORATION. (FORER, CHARLES) (Entered: 03/07/2011) |
| 03/07/2011 | 3 | Letter to Rachel A. Placitella, Esq. re: Not a member of the Federal Bar re 1 Notice of Removal,. (dr, ) (Entered: 03/08/2011) |
| 03/10/2011 | | CLERK'S QUALITY CONTROL MESSAGE - Please be advised, pursuant to Fed. R. Civ. Pro. 7.1, a disclosure statement for Foster Wheeler Energy Corp. is required to be filed by a nongovernmental corporate party. Please refer to the Court's website at www.njd.uscourts.gov for a form and filing instructions. (mn, ) (Entered: 03/10/2011) |
| 03/11/2011 | 4 | Corporate Disclosure Statement by FOSTER WHEELER ENERGY CORP. identifying Foster Wheeler Energy Corporation as Corporate Parent.. (KEALE, CHRISTOPHER) (Entered: 03/11/2011) |
| 03/15/2011 | 5 | MOTION for Protective Order, MOTION to Quash by FOSTER WHEELER ENERGY CORP.. (Attachments: # 1 Memo of law, # 2 Certification Cert of David S Blow, # 3 Exhibit A-1 Dalton Complaint, # 4 Exhibit A2 Dalton Complaint, # 5 Exhibit A3 Dalton Complaint, # 6 Exhibit B1 Deuber Complaint, # 7 Exhibit B2 Deuber Complaint, # 8 Exhibit B3 Deuber Complaint, # 9 Exhibit C1 Flinker Complaint, # 10 Exhibit C2 Flinker Complaint, # 11 Exhibit D1 Reim Complaint, # 12 Exhibit D2 Reim Complaint, # 13 Exhibit Ex E Subpoenas, # 14 Exhibit Ex F Reim Cert of David Blow, # 15 Exhibit Ex G Reim Cert of Chris Keale, # 16 Exhibit Ex H Deposition Notices, # 17 Exhibit Ex I March 2 Letter to Plaintiffs, # 18 Exhibit Ex J various emails, # 19 Exhibit Ex K March 3 2011 letter to plaintiffs, # 20 Exhibit Ex L New Subpoenas, # 21 Certification Cert of Christopher J Keale, # 22 Certificate of Service Cert of Service)(KEALE, CHRISTOPHER) (Entered: 03/15/2011) |
| 03/16/2011 | 6 | ORDER terminating 5 Motion for Protective Order; terminating 5 Motion to Quash; scheduling a Rule 16 conference for 4/15/2011 at 1:00p.m.. Signed by Magistrate Judge Patty Shwartz on 03/15/2011. (nr, ) (Entered: 03/16/2011) |
| 03/31/2011 | 7 | SCHEDULING ORDER, Scheduling Conference set for 4/5/2011 01:00 PM in Newark - Courtroom 10 before Magistrate Judge Patty Shwartz. Signed by Magistrate Judge Patty Shwartz on 3/31/11. (aa, ) (Entered: 03/31/2011) |
| 03/31/2011 | 8 | NOTICE of Appearance by CHRISTOPHER MICHAEL PLACITELLA on behalf of,MARGARET SONIA FLINKER (PLACITELLA, CHRISTOPHER) (Entered: 03/31/2011) |
| 04/04/2011 | 9 | NOTICE of Appearance by RACHEL A. PLACITELLA on behalf of,MARGARET SONIA FLINKER (PLACITELLA, RACHEL) (Entered: |

| | | |
|---|---|---|
| | | 04/04/2011) |
| 04/05/2011 | 10 | ORDER on informal application advising the parties that absent an order of the JPML transferring this case, there shall be a Rule 16 conference on 6/2/2011 at 1:00p.m., the joint discovery plan shall be submitted no later than 5/31/2011 at noon. Signed by Magistrate Judge Patty Shwartz on 04/05/2011. (nr, ) (Entered: 04/07/2011) |
| 04/05/2011 | | Minute Entry for proceedings held before Magistrate Judge Patty Shwartz: Telephone Conference held on the record on 4/5/2011. (Court Reporter/Recorder ECR.) (aa, ) (Entered: 04/25/2011) |
| 04/08/2011 | 11 | MOTION to Remand by,MARGARET SONIA FLINKER, RUDOLPH G. FLINKER. (Attachments: # 1 Brief Memo of Law in Support of Motion, # 2 Exhibit Thomas Schroppe Testimony, # 3 Exhibit Greco v. T-Mobile, # 4 Exhibit MilSpecs, # 5 Exhibit Navy Labelling, # 6 Exhibit Miranda v. Abex Corp., # 7 Text of Proposed Order Proposed Order, # 8 Certificate of Service) (PLACITELLA, RACHEL) (Entered: 04/08/2011) |
| 04/11/2011 | 12 | NOTICE of Appearance by JOSEPH IRA FONTAK on behalf of IMO INDUSTRIES, INC. (FONTAK, JOSEPH) (Entered: 04/11/2011) |
| 04/11/2011 | 13 | Corporate Disclosure Statement by IMO INDUSTRIES, INC. identifying Colfax Corporation, CLFX LLC and IMO Holdings, Inc. as Corporate Parent.. (FONTAK, JOSEPH) (Entered: 04/11/2011) |
| 04/18/2011 | 14 | BRIEF in Opposition re 11 MOTION to Remand filed by FOSTER WHEELER ENERGY CORP.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Certification, # 22 Certificate of Service)(KEALE, CHRISTOPHER) (Entered: 04/18/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/02/2011 09:41:33 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-01178-FSH -PS Start date: 1/1/1970 End date: 6/2/2011 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

*Attorney(s):*                COHEN, PLACITELLA & ROTH, P.C.
*Office Address & Tel. No.:*  127 Maple Avenue, Red Bank, NJ 07701
                             732-747-9003

---

*Attorney(s) for:*           Plaintiff(s)

**MARGARET SONIA FLINKER, Individually & Executrix to the Estate of RUDOLPH G. FLINKER,**

                                          Plaintiff(s),

vs.

**JOHN DOE CORPORATION, ET AL.,**

                                          Defendants.

| |
|---|
| SUPERIOR COURT OF NEW JERSEY |
| MIDDLESEX    COUNTY |
| LAW    DIVISION |
| Docket No.:    **L-1395-09 AS** |
| *CIVIL ACTION* **SUMMONS** |

The State of New Jersey, to the Above Named Defendant(s):

**Foster Wheeler Corporation
Perryville Corporate Park
Clinton, NJ 08809-4002**

    **The plaintiff,** named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice complex, CN—971, Trenton, NJ 08625. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk if the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                        *JENNIFER M. PÉREZ /S/*

                                    JENNIFER M. PÉREZ
                                    Clerk of the Superior Court

Dated: January 26, 2011

                                    **Foster Wheeler Corporation
Perryville Corporate Park
Clinton, NJ 08809-4002**

*Name/Address of defendant to be served:*

ATLANTIC COUNTY:
Deputy Clerk of the Superior
Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First F., Courts Facility
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY:
Deputy Clerk of the superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts. P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

ESSEX COUNTY:
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records
Dept.
Brennan Court House - 1st Floor
Administration Building
583 Newark Avenue
Jersey City, NJ  07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior
Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box
8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior
Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior
Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior
Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior
Court
Civil Division
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior
Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

SALEM COUNTY:
Deputy Clerk of the Superior
Court
92 Market Street, P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior
Court
Civil Division office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior
Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior
Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY:
Deputy Clerk of the Superior
Court
Civil Division Office
Court House, 413 Second
Street
Belvidere, NJ 07823-1500
LAWYER SERVICE
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

COHEN, PLACITELLA & ROTH, P.C.
127 Maple Avenue
Red Bank, NJ 07701
(732) 747-9003
**Attorneys for Plaintiffs**

---

| | |
|---|---|
| **MARGARET SONIA FLINKER**, individually and as Executrix of the Estate of her Husband, **RUDOLPH G. FLINKER**, and individual heirs of the Estate of **RUDOLPH G. FLINKER**, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY |

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY

DOCKET NO. 1395-09 AS

Plaintiff,

CIVIL ACTION
ASBESTOS LITIGATION

vs.

**JOHN DOE CORPORATIONS 1-25** (fictitious);
**JOHN DOE CORPORATIONS 26-50** (fictitious);
**JOHN DOE CORPORATIONS 51-75** (fictitious);

**AMENDED COMPLAINT
AND JURY DEMAND**

and

**CBS CORPORATION** f/k/a VIACOM, INC.,
successor by merger with CBS Corporation f/k/a
Westinghouse Electric Corporation
**COPES-VULCAN, INC.,**
**FOSTER WHEELER ENERGY,**
**GENERAL ELECTRIC COMPANY**,
**IMO Industries, Inc.,** Individually and as
successor to DeLaval Turbine

Defendants.

---

Plaintiff, by way of Complaint against Defendants, upon information and belief alleges as

follows:

## PARTIES – PLAINTIFFS

1.       Plaintiff, Margaret Sonia Flinker, is the Executrix of the Estate of her Husband, Rudolph G. Flinker, and individual heirs of the Estate of Rudolph G. Flinker, and resides at 100 South Highwood Avenue, Glen Rock, New Jersey 07452.  Plaintiff's decedent, Rudolph G. Flinker, served in the United States Navy during World War II.  He was exposed to dust from asbestos and asbestos-containing products while on board the U.S.S. Butler and U.S.S. Marvine. He contracted and died from mesothelioma on June 29, 2007.

2.       Rudolph G. Flinker leaves surviving his wife and children, and all who have sustained pecuniary injuries resulting from his death.

3.       Plaintiff brings this action:

    _x_ on behalf of herself;

    _x_  as the representative of the Estate of Rudolph G. Flinker, and individual heirs of the Estate of Rudolph G. Flinker;

    _x_  as Administratrix or Executrix of the Estate of Rudolph G. Flinker, and individual heirs of the Estate of Rudolph G. Flinker.

4.       Plaintiff claims damages as a result of:

    _x_  wrongful death;

    _x_  survival action;

    _x_  loss of consortium (per quod);

    _x_  loss of services;

    _x_  economic loss.

5.       Reference herein to "Plaintiff" and "Plaintiff's decedent" are references to all the persons set forth above as is syntactically and contextually correct.

2

## PARTIES – DEFENDANTS

1.       Defendants are corporations organized under the laws of the various states of the United States of America or of the Dominion of Canada that were and are doing business in the State of New Jersey.  The aforementioned Defendants mined, milled, manufactured, sold, supplied, purchased, marketed, installed, and/or removed asbestos or asbestos-containing products which Plaintiff's decedent, Rudolph G. Flinker, was exposed to.

2.       Defendants, JOHN DOE CORPORATIONS 1-25, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, supplied, purchased, marketed, installed and/or removed asbestos or asbestos-containing products which Plaintiff's decedent, Rudolph G. Flinker, was exposed to.

3.  Defendants, JOHN DOE CORPORATIONS 26-50, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, supplied, purchased, marketed, installed and/or removed asbestos or asbestos-containing products which Plaintiff's decedent, Rudolph G. Flinker, was exposed to.

4.       Defendants, JOHN DOE CORPORATIONS 51-75, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who owned, operated or controlled the worksites where Plaintiff's decedent, Rudolph G. Flinker, was exposed to asbestos.

3

5.     Defendant CBS Corporation is a corporation, and is the successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation, and at all relevant times, was and is doing business in the State of New Jersey.

6.     Defendant Copes-Vulcan, Inc. is a company that was and is doing business in the state of New Jersey.

7.     Defendant Foster-Wheeler Energy Corporation is a company that was and is doing business in the state of New Jersey.

8.     Defendant General Electric Company is a corporation and at all relevant times, was and is doing business in the State of New Jersey.

9.     Defendant IMO Industries, Inc, Individually and as successor in interest to, and formerly known as DeLaval Turbine, Inc., Transamerica DeLaval, and IMO DeLaval is a company that was and is doing business in the state of New Jersey.

10.     The term "Defendants" is used hereafter to refer to all the entities named above.

11.     Defendants do business in the State of New Jersey.

## FIRST COUNT

1.     Plaintiff repeats the prior allegations of this Complaint.

2.     Defendants, at all times material hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of Defendants.

3.     Defendants were engaged, directly or indirectly, in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing or installing of asbestos-containing products and raw asbestos fiber of various kinds and grades, or of products, including equipment, which Defendants knew or should have foreseen would be used with

4

asbestos containing products and/or raw asbestos fiber (hereinafter collectively referred to as "asbestos products").

4.    Defendants, directly or indirectly, caused their asbestos products to be sold to or used at Plaintiff's decedent's place of employment and elsewhere.

5.    Defendants knew or should have known that Plaintiff's decedent was continuously working with and exposed to asbestos fibers and asbestos dust, which were mined, manufactured, processed, imported, converted, compounded, and/or sold by these Defendants for use by Plaintiff's decedent's employers.

6.    Plaintiff's decedent, during his employment, was exposed to and came in contact with Defendants' asbestos products and inhaled or ingested the asbestos dust and fibers emanating from Defendants' asbestos products.

7.    As a direct and proximate result of Plaintiff's decedent's inhalation and ingestion of dust particles and fibers from Defendants' asbestos products, Plaintiff's decedent developed permanent and disabling personal injuries.

8.    During the time that Defendants mined, milled, produced, processed, compounded, converted, sold, merchandised, distributed, supplied and installed their asbestos products, Defendants knew, or in the exercise of reasonable care should have known, that their asbestos products were defective, ultra-hazardous, dangerous and otherwise highly harmful to Plaintiff's decedent.

9.    Defendants knew, or in the exercise of reasonable care should have known, that the use of their asbestos products would cause asbestos dust and fibers to be released into the air or ingested and would create a dangerous and unreasonable risk of injury to the lungs, respiratory

systems, larynx, stomach and other bodily organs of users of their products and to others breathing that air and coming into contact with that dust.

10. Defendants named herein have been in possession of medical and scientific information that clearly indicated that asbestos, asbestos fibers, and asbestos dust are hazardous to health and inherently dangerous materials.

11. Plaintiff's decedent did not know the nature and extent of the injury that would result from contact with and exposure to Defendants' asbestos products or from the inhalation or ingestion of the asbestos dust and fibers.

12. Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff's decedent would come into contact with and be exposed to their asbestos products and would inhale or ingest asbestos dust and fibers as a result of the ordinary and foreseeable use of Defendants' asbestos products.

13. Despite the facts as set forth above, Defendants negligently, recklessly and intentionally:

(a) processed, manufactured, packaged, distributed, used, delivered and sold to Plaintiff's decedent's employers and worksites asbestos products for use by its workers including, in particular, Plaintiff's decedent;

(b) mined, milled, produced, processed, compounded, converted, sold, supplied, merchandised, distributed, installed or otherwise placed in the stream of commerce, asbestos products which Defendants knew or in the exercise of reasonable care should have known, were defective, dangerous, utrahazardous and otherwise unreasonably harmful to Plaintiff's decedent;

6

(c)     failed to render proper, adequate and correct warnings and labels, advice, instructions and information as to the use of and exposure to asbestos, its fibers and dusts and failed to use reasonable care as to the same;

(d)     failed to take reasonable precautions or exercise reasonable care to warn Plaintiff's decedent adequately of the risks, dangers and harm to which Plaintiff's decedent would be exposed by exposure to, contact with, use and handling of Defendants' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(e)     failed to provide proper and appropriate warnings and cautions to all users and bystanders of said asbestos products, fibers, and dusts, both actual and foreseeable, including Plaintiff's decedent;

(f)  failed to provide information or reasonably safe and sufficient safeguards, wearing apparel, proper equipment and appliances necessary to protect Plaintiff's decedent from being injured, poisoned, disabled, killed or otherwise harmed by working with, using, handling, coming into contact with and being exposed to Defendants' asbestos products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(g)  failed to package their asbestos products in manner that would assure that Plaintiff's decedent would not come into contact with or be exposed to the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(h)  failed to advise Plaintiff's decedent of the necessity to adopt and enforce a safe, sufficient and proper method and plan of working with, using, handling, coming into contact with and being exposed to Defendants' asbestos products so that Plaintiff's decedent would not inhale

7

or ingest the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products;

(i) ignored and suppressed medical and scientific information, studies, tests, data and literature which Defendants acquired during the course of their normal business activities concerning the risk of asbestosis, scarred lungs, cancer, mesothelioma, respiratory disorders and other illnesses and diseases to workers such as Plaintiff's decedent and other persons similarly situated, who were exposed to Defendants' asbestos products;

(j) disregarded medical and scientific information, studies, tests, data and literature concerning the causal relationship between the inhalation or ingestion of asbestos dust and fibers and such diseases as asbestosis, mesothelioma, scarred lungs, cancer, respiratory disorders and other illnesses and diseases;

(k)      failed to investigate, impose and comply with reasonable standards and regulations as to the safe use of and exposure to asbestos, asbestos fibers and asbestos dust;

(l) exposed and continued to expose Plaintiff's decedent and other persons similarly situated, to the risk of developing asbestosis, mesothelioma, scarred lungs, cancer and other illnesses, all of which risks Defendants knew, or in the exercise of reasonable care should have known, were consequences of exposure to asbestos dust and fibers;

(m) failed to seek substitute materials in lieu of the use of their asbestos;

(n) failed to advise Plaintiff's decedent, who Defendants knew, or in the exercise of reasonable care should have known, had been exposed to inhalation or ingestion of asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products; to cease further uncontrolled or unprotected exposure to asbestos products and the inhalation or ingestion of asbestos dust and fibers and all other kinds of smoke, dusts and fumes; to be examined

8

by competent medical doctors to determine the nature and extent of any and all diseases caused by inhalation or ingestion of asbestos dust and fibers; and to receive medical care and treatment for such diseases; and

(o) Defendants otherwise acted negligently, recklessly and with intentional disregard for the welfare of Plaintiff's decedent in the mining, milling, producing, processing, compounding, converting, selling, merchandising, supplying, distributing, installing or otherwise placing in the stream of commerce their asbestos products.

14.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff's decedent was exposed to and came in contact with Defendants' asbestos products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff's decedent developed mesothelioma as a direct and proximate result of said exposure to asbestos products and this disease was a substantial contributing factor to his death. Plaintiff's decedent was caused to endure severe pain and suffering and mental anguish, was required to expend great sums of money for medical care and treatment related thereto, was prevented from pursuing his normal activities and employment and was deprived of his ordinary pursuits and enjoyments of life. Plaintiff's decedent was also made to suffer lost wages and earnings and severe pecuniary loss, all to Plaintiff and Plaintiff's decedent's great loss.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## SECOND COUNT

1.    Plaintiff repeats the prior allegations of this Complaint.

2.    Defendants expressly or impliedly warranted that their asbestos products, which they mined, milled, produced, compounded, converted, processed, sold, supplied, merchandised, distributed, installed or otherwise placed in the stream of commerce, were merchantable, reasonably fit for use, and safe for their intended purposes.

3.    Defendants breached said warranties in that their asbestos products were defective, ultrahazardous, dangerous, unfit for use, not merchantable and not safe for their intended, ordinary and foreseeable use and purpose.

4.    As a direct and proximate result of Defendants' breach of warranties, Plaintiff's decedent was exposed to and came in contact with Defendants' asbestos products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos products.  Plaintiff's decedent was caused to suffer the injuries and subsequent death, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## THIRD COUNT

1.    Plaintiff repeats the prior allegations of this Complaint.

2.    Defendants failed to disclose and intentionally and negligently misrepresented to Plaintiff's decedent the health risks created by the ordinary use of Defendants' asbestos products.

3.    Plaintiff's decedent relied upon said representations.  Plaintiff's decedent's reliance was foreseeable to Defendants.

10

4.      As a result of Defendants' conduct, Plaintiff's decedent came in contact with Defendants' asbestos products and inhaled or ingested asbestos dust and fibers from these products. Plaintiff's decedent was caused to suffer the injuries and subsequent death, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## FOURTH COUNT

1.      Plaintiff repeats the prior allegations of this Complaint.

2.      Defendants are strictly liable to Plaintiff by reason of the following:

(a)  Defendants were engaged in the business of being miners, millers, producers, processors, sellers, suppliers, installers and distributors of their asbestos products;

(b)  Defendants knew or had reason to know that Plaintiff's decedent, Plaintiff's decedent's employer and other persons similarly situated would be ultimate users or consumers or their asbestos products or would be exposed to their asbestos products;

(c)  Defendants sold or otherwise placed their asbestos products into the stream of commerce in a defective condition, unreasonably dangerous to Plaintiff's decedent and other persons similarly situated;

(d)  throughout the many years that Plaintiff's decedent and other similarly situated persons were exposed to and used Defendants' asbestos products, said asbestos products reached the users and consumers without substantial change in the condition in which they were sold;

11

(e) the ordinary and foreseeable use of Defendants' asbestos products constituted a dangerous and ultrahazardous activity and created an unreasonable risk of injury to users and bystanders; and

(f) Defendants' asbestos products were defective in that they were incapable of being made safe for their ordinary and intended use and purpose, and Defendants failed to give any warnings or instructions, or failed to give adequate or sufficient warnings or instructions about the risks, dangers and harm associated with the use of their asbestos products.

3.      As a consequence of the defective condition of Defendants' asbestos products, Plaintiff's decedent inhaled or ingested asbestos dust and fibers during ordinary and foreseeable use of those asbestos products. Plaintiff's decedent was caused to suffer the injuries and subsequent death, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## FIFTH COUNT

1.      Plaintiff repeats the prior allegations of this Complaint.

2.      Defendants mined, milled, produced, processed, compounded, converted, sold, merchandised, supplied, distributed or installed all, or substantially all, of the asbestos products to which Plaintiff's decedent was exposed.

3.      Defendants controlled the market, or a substantial portion of the market, from which the asbestos products which caused Plaintiff's decedent's injuries emanated.

4.      Defendants collectively, through explicit agreement, tacit agreement and conscious parallel behavior, controlled industry standards regarding the testing, manufacture, sale,

distribution and use of asbestos products and controlled the level of knowledge on the part of the public regarding the hazards of exposure to dust and fibers from Defendants' asbestos products.

5.    As a direct and proximate consequence of Defendants' acts and omissions, Plaintiff's decedent was exposed to and came in contact with Defendants' asbestos products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff's decedent was caused to suffer the injuries and subsequent death, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, in the alternative, or in proportion to Defendants' respective market shares, for compensatory damages, punitive damages and costs of suit as provided by law.

## SIXTH COUNT

1.    Plaintiff repeats the prior allegations of this Complaint.

2.    Defendants acted in concert with each other and with other members of the asbestos industry, through express agreement, implicit agreement, imitative behavior and conscious parallel behavior:

(i) to withhold from users of their products, and from persons who Defendants knew or should have known would be exposed to their products, information regarding the health risks of breathing or ingesting asbestos dust and fibers;

(ii) to eliminate or prevent development of adequate procedures and tests relating to the health hazards of exposure to asbestos fibers and dust;

(iii) to assure that asbestos products became widely used in industries such as construction, shipbuilding, machine fabrication and similar such industries.

13

3.     Defendants knew that their activities were violative of common law standards of care and that their withholding of information, failure to develop tests and procedures and promotion of widespread use of asbestos products would expose persons such as Plaintiff's decedent to unreasonable risk of bodily injury.

4.     Defendants nevertheless gave substantial assistance and encouragement to each other and to other members of the asbestos industry and assisted each other and other members of the asbestos industry in: withholding information regarding the dangers of asbestos; failing to develop tests and procedures to assure that users of asbestos would not be subjected to risk of injury; and promoting widespread use of products which Defendants knew would expose Plaintiff's decedent to unreasonable risk of bodily injury.

5.     As a direct and proximate consequence of the concerted actions of Defendants and other members of the asbestos industry, Plaintiff's decedent was exposed to and came in contact with Defendants' asbestos products and the asbestos products of others and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products. Plaintiff's decedent was caused to suffer the injuries and subsequent death, expenses and losses alleged in prior counts of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## SEVENTH COUNT

1.  Plaintiff repeats the prior allegations of this Complaint.

2.  The Defendants constitute all known, non-remote producers, manufacturers, suppliers, installers and distributors of the asbestos products which could have caused Plaintiff's decedent's death.

3.  Each of the Defendants, whether acting individually or in concert with others, violated a duty of care owed to Plaintiff's decedent or otherwise engaged in culpable activity against Plaintiff's decedent.  The acts and omissions of at least one of the Defendants caused Plaintiff's decedent to sustain the injuries and subsequent death, losses and expenses alleged in prior counts of this complaint.

4.  Plaintiff in no respect can be blamed should she be unable to establish which of the asbestos products caused the injuries and subsequent death of Plaintiff's decedent complained of herein.

5.  The burden of proof in this matter thus should shift to Defendants to demonstrate that their respective conduct and their respective products could not have caused Plaintiff's decedent's death, and failing such proof, Defendants should be held jointly, severally or alternatively liable for Plaintiff's decedent's death.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law.

## EIGHTH COUNT

1.  Plaintiff reiterates the facts and contentions as set forth above, and repeats them herein.

15

2.    At all times relevant hereto, Plaintiff's decedent, Rudolph G. Flinker, was caused to be employed on premises, owned, operated and controlled by John Doe Corporations 51-75 (fictitious).

3.    These Defendants failed to exercise reasonable care to provide Plaintiff's decedent with a reasonably safe place to work.

4.    Defendants exposed Plaintiff's decedent to unreasonably dangerous conditions.

5.    As a direct and proximate consequence of the negligence of these Defendants, jointly and severally, Plaintiff's decedent was caused to develop an occupational disease known and diagnosed as mesothelioma; Plaintiff's decedent has been caused to endure pain and suffering; Plaintiff's decedent has been caused to incur medical expenses; and Plaintiff's decedent has been caused to suffer financial losses.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, for compensatory damages, punitive damages and costs of suit.


## NINTH COUNT

1.    Plaintiff repeats the prior allegations of this complaint.

2.    As a consequence of the injuries to and death of her husband, Plaintiff has suffered loss of consortium, companionship, services, society and support.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, for compensatory damages, punitive damages and costs of suit.

16

## TENTH COUNT

1.      Plaintiff repeats the prior allegations of this Complaint.

2.      This action is being brought pursuant to New Jersey's Wrongful Death Act, N.J.S.A. 2A:31-1 *et seq.*

3.      As a direct and proximate result of Defendants' acts and/or omissions set forth herein, Plaintiff and Plaintiff's decedent's estate have incurred pecuniary damages and hospital, medical, funeral and estate administration expenses.

4.      Plaintiff, Margaret Sonia Flinker, demands judgment against Defendants for damages resulting from the death of Plaintiff's decedent, Rudolph G. Flinker, including, but not limited to, Plaintiff's decedent's pecuniary injury, together with all hospital, medical, funeral and estate administration expenses as specifically provided for under New Jersey's Wrongful Death Act, N.J.S.A. 2A:31-1 *et seq.*, as well as compensatory damages, punitive damages, costs of suit and all other relief that the Court deems equitable and just.

WHEREFORE, Plaintiff demands judgment against Defendants jointly, severally, and in the alternative, for compensatory damages, punitive damages and costs of suit.

## ELEVENTH COUNT

1.      Plaintiff repeats the prior allegations of this Complaint.

2.      Plaintiff, Margaret Sonia Flinker, on behalf of Plaintiff's decedent, Rudolph G. Flinker, and individual heirs of the Estate of Rudolph G. Flinker, seeks damages compensable under New Jersey's Survival Act, N.J.S.A. 2A:15-3 (or any successor statute) against the Defendants.

17

3.     Plaintiff, Margaret Sonia Flinker, as Plaintiff's decedent's surviving spouse, is entitled to recover damages as Plaintiff's decedent would have if he were living, as a result of the acts and/or omissions of Defendants as set forth herein, pursuant to the New Jersey Survival Act, N.J.S.A. 2A:15-3.

4.     As a direct and proximate result of the acts and/or omissions of the Defendants as set forth herein, Plaintiff's decedent contracted mesothelioma which resulted in his death on June 29, 2007.  Plaintiff's decedent was made to endure great pain and suffering, both physical and mental in nature, and was required to expend great sums of money for medical services, and was prevented from attending to his regular activities, duties and employment, and was made to suffer severe pecuniary loss, all to his great loss.

5.     As a direct and proximate result of Defendants' acts and/or omissions set forth herein, Plaintiff's decedent's estate has incurred pecuniary damages and hospital, medical, funeral and estate administration expenses.

6.     Plaintiff, as the Executrix of Plaintiff's decedent's estate, and individual heirs of Plaintiff's decedent's Estate, is entitled to recover punitive damages and damages for the pain and suffering caused to Plaintiff's decedent by Defendants' acts and/or omissions set forth herein, including, but not limited to, punitive damages pursuant to New Jersey's Survival Act, N.J.S.A. 2A:15-3.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and in the alternative, for compensatory damages, punitive damages and costs of suit.

18

## TWELFTH COUNT

1.  Plaintiff repeats the prior allegations of this complaint.

2.  Defendants, CBS Corporation, successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation; Copes Vulcan, Inc.; Foster Wheeler Energy Corporation; General Electric Company; and IMO Industries, Inc., Individually and as successor in interest to, and formerly known as DeLaval Turbine, Inc., Transamerica DeLaval, and IMO DeLaval are hereinafter referred to as the Equipment Manufacturers. The Equipment Manufacturers are sued for failure to warn of the hazards of asbestos exposure. This failure to warn renders the Equipment Manufacturer liable both in negligence and in strict products liability.

3.  In particular, the Equipment Manufacturer was negligent in one or both of the following ways, these being proximate causes of Plaintiff's illnesses, disabilities and death:

    (a)  in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos and asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products;

    (b)  in failing to place timely and adequate warnings on the containers of said asbestos and asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and machinery;

4.  Plaintiff would also show that the Equipment Manufacturer's asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain

19

or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiff would show that this marketing defect rendered such products and machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Equipment Manufacturer. Plaintiff would show that Defendant is liable in strict product liability for this marketing defect.

5.     The Equipment Manufacturers are or were engaged in the business of selling, manufacturing, producing, designing, and otherwise putting into the stream of commerce asbestos-containing products and machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed or otherwise put into the stream of commerce, were a proximate and producing cause of the illness of Plaintiff.

6.     The Equipment Manufacturer knew that these asbestos-containing products and machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include manipulation or installation of the asbestos-containing products or operation, maintenance, and repair of the machinery requiring or calling for the use of asbestos and asbestos-containing products.

7.     Plaintiff was unaware of the hazards and defects in the asbestos-containing products of the Equipment Manufacturer, which made them unsafe for purposes of manipulation or installation. Similarly, Plaintiff was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and asbestos-containing materials.

8.      During the periods that Plaintiff was exposed to the asbestos-containing products and machinery of the Equipment Manufacturer, these asbestos-containing products and machinery were being utilized in a manner, which was intended by the Equipment Manufacturer.

WHEREFORE, Plaintiff demands judgment against defendants jointly, severally, and in the alternative, for compensatory damages, punitive damages, and costs of suit.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiff

By:  _RACHEL A. PLACITELLA_
RACHEL A. PLACITELLA
For the Firm

Dated: January 12, 2011

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiff

By:  _RACHEL A. PLACITELLA_
RACHEL A. PLACITELLA
For the Firm

Dated: January 12, 2011

21

## CERTIFICATION

The undersigned certifies that to the best of my knowledge this matter is not the subject of any other legal or arbitration proceeding in the Courts of New Jersey other than a possible workers compensation matter. The undersigned further certifies that to my knowledge, no other persons should be party to this matter other than those named in this complaint.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiff

By: _RachPlacitella_

RACHEL A. PLACITELLA
For the Firm

Dated: January 12, 2011

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff demands answers to the Standard Interrogatories pursuant to the Court's January 25, 1982 General Order. Said Standard Interrogatory forms may be obtained from the Court upon request.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiff

By: _RachPlacitella_

RACHEL A. PLACITELLA
For the Firm

Dated: January 12, 2011

22

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Christopher M. Placitella, Esq. and Rachel A. Placitella, Esq., are hereby designated as trial counsels in this matter.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiff

By: _RACHEL A. PLACITELLA_
   RACHEL A. PLACITELLA
   For the Firm

Dated: January 12, 2011

23

| CIVIL CASE INFORMATION STATEMENT | FOR USE BY CLERKS OFFICE ONLY | | |
|---|---|---|---|

## CIVIL CASE INFORMATION STATEMENT

### (CIS)

Use for initial Law Division-Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERKS OFFICE ONLY |
|---|
| Payment Type:   CK     CG           CA |
| CHG/ CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| RACHEL A. PLACITELLA | (732) 747-9003 | MIDDLESEX COUNTY |

| FIRM NAME (IF APPLICABLE) | DOCKET NUMBER (WHEN AVAILABLE) |
|---|---|
| COHEN, PLACITELLA & ROTH, P.C. | MID-L-1395-09 AS |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 127 MAPLE AVENUE | AMENDED COMPLAINT |
| RED BANK, NJ 07701 | JURY DEMAND     ☒ YES     ☐ NO |

| NAME OF PARTY (E.G. JOHN DOE, PLAINTIFF) | CAPTION |
|---|---|
| **MARGARET SONIA FLINKER, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF HER HUSBAND, RUDOLPH G. FLINKER, AND INDIVIDUAL HEIRS OF THE ESTATE OF RUDOLPH G. FLINKER, PLAINTIFF** | FLINKER V. JOHN DOE CORPORATIONS, ET AL. |

| CASE TYPE NUMBER (SEE REVERSE SIDE FOR LISTING) 601 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO IF YOU HAVE CHECKED "YES", SEE N.J.S.A.2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?   ☐ YES   ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (ARISING OUT OF SAME TRANSACTION OR OCCURRENCE)?   ☐ YES     ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN ☐ NONE   ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☐ YES   ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (EXPLAIN) ☐ FAMILIAL   ☐ BUSINESS |
|---|---|---|

| B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☒ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ YES   ☒ NO | IF YES, PLEASE, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|

| WILL AN INTERPRETER BE NEEDED?   ☐ YES   ☒ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

ATTORNEY SIGNATURE

SIDE 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I -- 150 days' discovery

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 503 | COMMERCIAL TRANSACTION |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM OR UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 599 | CONTRACT |
| 801 | SUMMARY ACTION |

### Track II -- 300 days' discovery

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (OTHER THAN CEPA OR LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III - 450 days' discovery

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV -- Active Case Management by Individual Judge / 450 days' discovery

| | |
|---|---|
| 156 | ENVIRONMENTAL COVERAGE LITIGATION |
| 234 | FRT PLYWOOD LITIGATION |
| 245 | ACTIONS UNDER FEDERAL Y2K ACT |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 613 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

#### Mass Tort (Track IV)

| | |
|---|---|
| 240 | DIET DRUG |
| 241 | TOBACCO |
| 243 | LATEX |
| 246 | REZULIN |
| 601 | ASBESTOS |
| 611 | BREAST IMPLANT CASES |
| 612 | BLOOD-CLOTTING SERUM |

999     OTHER (Brief describe nature of action) _____

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**