BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | |
|---|---|
| AIDA SAVELESKY., | Civil Action No.: 3:11-cv-01778 |
| Plaintiff, | |
| v. | in the U. S. District Court, Northern District of California |
| ALLIED PACKING & SUPPLY, INC., et al. | |
| Defendants. | |

### REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-389)

Pursuant to Panel Rules 3.2(a)(iii), 6.1(d), and 7.1, R.P.J.P.M.L, plaintiff Aida Savelesky, by and through her undersigned counsel, submits this Reply Brief to address the so-called "arguments" defendant NASSCO proffers in its Opposition Brief to the Motion to Vacate CTO-389 that is now before this Panel.

### DISCUSSION

Despite spanning over seven pages in length, NASSCO's Opposition to plaintiff's Motion to Vacate CTO-389 includes extraordinarily few arguments *specific* to *this* case.

Indeed, NASSCO spends nearly two pages of its Opposition Brief discussing the fact that courts have consistently held that this Panel retains the authority to transfer an action to multidistrict litigation proceedings despite any and/or regardless of any relevant remand motion filed in that action that may be pending in its local District Court. Plaintiff does not dispute this Panel's authority in that regard. NASSCO's focus on this

1

issue suggests NASSCO misses plaintiff's point altogether: The issue is not whether plaintiff's pending remand motion vitiates this Panel's authority to transfer this action, but rather, whether, given all the relevant circumstances—including that the timeliness of NASSCO's removal is highly suspect, for example—whether any legitimate interests of the parties or the various courts involved would be served thereby.

NASSCO spends nearly a page of its Opposition Brief contending that transfer of this action to MDL-875 would not and in fact simply could not result in a violation of plaintiff's due process rights. Plaintiff, however, never claimed such a violation would occur by the transfer of this action. Indeed, the term "due process" is not found even once in plaintiff's Motion to Vacate CTO-389.

The only other "argument" (as oppose to statements pertaining to the factual and/or procedural background of this action) NASSCO offers is that under a section entitled "Transfer Promotes Judicial Efficiency and Consistency." The argument to follow, however, consists of nothing more than a most general explanation of what Congress intended to create through the enactment of Section 1407. And, indeed, promoting judicial efficiency and consistency was certainly one of the many honorable objectives Congress had when it enacted a statute that allowed for the creation of consolidated multidistrict litigation proceedings. What was intended by Section 1407, however, and the realities of what occurs when an action is transferred to MDL-875, are two entirely different things. NASSCO fails to make this differentiation.

That this Panel may have the authority to transfer this action to MDL-875—despite, of course, the fact that plaintiff's remand motion is now pending in the local District Court—even when combined with the policy objections behind Section 1407

does **not** mean that transfer is appropriate in every case, *this* case being a perfect example.

Transfer of this case to MDL-875 is **not** mandatory and, most critically, transfer should not be ordered unless good cause exists for this Panel to do so. NASSCO offers no such "good cause here." What's more, plaintiff has offered this Panel what amounts to an abundance of "good cause" for this Panel to issue an order vacating CTO-389.

For the foregoing reasons, plaintiff requests that this Panel do just that—to wit, vacate the conditional transfer order and allow this action to run its course in the local California District Court.

Dated: June 2, 2011

Respectfully submitted,

_____
Anya Fuchs
PAUL & HANLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:   (510) 559-9980
Facsimile:   (510) 559-9970
afuchs@paulandhanley.com
Attorneys for Plaintiff Aida Savelesky

## CERTIFICATE OF SERVICE

    I, Anne M. Scott, hereby certify that I served a true and correct copy of Plaintiff's Reply Brief in Support of Motion to Vacate CTO-389, Appendix, and Declaration of Anya Fuchs, upon the attached Service List via first class mail, postage prepaid, on this 2nd day of June, 2011.

*(signature)*
Anne M. Scott

Savelesky, Aida E.   14689
ASC Case Number RG10529660

Jun 02 11                Page 1 of 1

# Service List

**ALLIED PACKING & SUPPLY, INC.**
HERR & ZAPALA, LLP
152 N. 3rd Street, Suite 500
San Jose, CA  95112
Phone:          (408) 287-7788
FAX              (408) 927-0408

**BERRY & BERRY**
BERRY & BERRY
P.O. Box 16070
Oakland, CA  94610
Phone:          (510) 835-8330
FAX              (510) 835-5117

**NATIONAL STEEL AND SHIPBUILDING COMPANY**
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA  94105
Phone:          (415) 808-0300
FAX              (415) 808-0333