EAPADMIN

# U.S. District Court
## Western District of Missouri (Kansas City)
## CIVIL DOCKET FOR CASE #: 4:11-cv-00533-HFS
## Internal Use Only

Gustin v. BNSF Railway Company
Assigned to: District Judge Howard F. Sachs
Cause: 45:51 Railways: Fed. Employer's Liability Act

Date Filed: 05/24/2011
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

### Plaintiff

**Walter Gustin**                     represented by **Douglas P. Wilson**
20 E. Franklin St.
Liberty, MO 64068
(816) 587-1911
Fax: (816) 781-6152
Email: dougwilsonkc@gmail.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**BNSF Railway Company**
*Individually and as Successor-in-Interest to the Burlington Northern, Inc., Burlington Northern & Santa Fe Railway Company and Atchison Topeka and Santa Fe Railway Company*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/24/2011 | 1 | COMPLAINT against BNSF Railway Company filed by Douglas P. Wilson on behalf of Walter Gustin. Filing fee $350, receipt number 0866-2726724. Service due by 9/26/2011. (Attachments: # 1 Civil Cover Sheet)(Wilson, Douglas) (Entered: 05/24/2011) |
| 05/25/2011 | 2 | Notice of EAP assignment to Program Administrator sent via electronic notice to plaintiff's counsel. (Attachments: # 1 EAP General Order)(Martin, Jan) (Entered: 05/25/2011) |
| 05/25/2011 |   | ***Remark: Notification letter regarding potential MDL sent to the panel. (Martin, Jan) (Entered: 05/25/2011) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

WALTER GUSTIN )
)
    PLAINTIFF, )
)
vs. )
)
)
BNSF RAILWAY COMPANY )
(Individually and as Successor-in- )
Interest to the Burlington Northern, )
Inc., Burlington Northern )
& Santa Fe Railway Company and )
Atchison Topeka and Santa Fe )
Railway Company) )

SERVE: Registered Agent Springfield
         1845 S. National
         Springfield, MO 65804

## COMPLAINT

NOW COMES PLAINTIFF, WALTER GUSTIN, by and through counsel, and for this action against the BNSF Railway Company (Individually and as Successor-in-Interest to the Burlington Northern, Inc., Burlington Northern & Santa Fe Railway Company and Atchison Topeka & Santa Fe Railway Company), hereinafter "Defendant Railroad", respectfully state:

1. Plaintiff WALTER GUSTIN is a resident of Springfield, Missouri, who worked for the Defendant Railroad and/or its predecessors from 1968 to 2007 as a brakeman and a conductor. He worked a portion of his career in and around the

Defendant Railroad's yards and shops in Missouri. He has been diagnosed with an occupational lung disease.

2. That at all times mentioned herein, and for some time prior thereto and thereafter, the BNSF Railway Company (Individually and as Successor-in-Interest to the Burlington Northern, Inc., Burlington Northern Santa Fe Railway Company and Atchison Topeka & Santa Fe Railway Company), and/or its predecessors in interest, were engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, did operate its business, maintain offices and place its agents, servants and employees throughout the state of Missouri.

3. That during the course of Plaintiff's employment, the Defendant Railroad was engaged in interstate commerce as a common carrier by rail, and all or part of his duties were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 1 et. seq., which Act grants this Court jurisdiction over this action.

4. That during the course of Plaintiff's employment with the Defendant Railroad, he was engaged in the course of his employment performing his crafts and in other various roles and capacities where he was required and caused to work with, and in the vicinity of, toxic substances and dusts including dust from asbestos-containing products and materials, which caused him to suffer severe and permanent

personal injuries.

5. That at all times relevant, Plaintiff was unaware of the dangerous propensities of the asbestos and asbestos containing products he was required to work with and around and was unaware of the cause of any latent, abnormal medical condition.

## COUNT I - NEGLIGENCE

6. Plaintiff re-alleges Paragraphs 1-5 as if restated here verbatim.

7. That the Defendant Railroad, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiff with a reasonably safe place within which to work;

(b) in failing to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiff of the true nature and hazardous effects of exposure to asbestos and asbestos containing products;

(d) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing products that contained or produced hazardous dusts and toxins, including asbestos;

(e) in failing to provide adequate, if any, instructions in the use or removal of products that contained asbestos or produced asbestos dust;

(f) in failing to provide Plaintiff with safe and proper ventilation systems in the workplace;

(g) in failing to inquire of the suppliers of products to its shops regarding the hazardous nature of exposure to asbestos contained in such products;

(h) in requiring Plaintiff to work with and around ultra-hazardous products, namely asbestos; and

(i) in failing to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to asbestos.

8. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the Defendant Railroad.

## COUNT II – LOCOMOTIVE BOILER INSPECTION ACT

9. Plaintiff re-alleges Paragraphs 1-8 as if stated herein verbatim.

10. That throughout Plaintiff WALTER GUSTIN's employment with the Defendant Railroad, he was required to work on or about locomotives, boilers and their appurtenances, and was engaged in the performance of his duties at the time he was exposed to the dusts and toxic substances set forth above.

11. That at said time and subsequent thereto, the Defendant Railroad was engaged in interstate commerce as common carriers by rail, by reason whereof the rights and liabilities of the parties were and are governed by the Act of Congress known as the Federal Safety Authorization Act, 49 U.S.C. Section 20701, formerly known as and referred to herein as the Locomotive Boiler Inspection Act, 45 U.S.C.

Section 22-34.

12. That the Defendant Railroad by and through its agents, servants and employees, violated the Locomotive Boiler Inspection Act by failing to provide Plaintiff with a locomotive and its appurtenances in a proper and safe condition, and safe to work on or about, in that the locomotives and appurtenances were laden with hazardous dusts, fumes, vapors and toxins.

13. Plaintiff WALTER GUSTIN was forced to work on or about defective and unsafe locomotives, locomotive boilers and their appurtenances, while said equipment was in use on the line of the Defendant Railroad.

## COUNT III - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

14. Plaintiff re-alleges Paragraphs 1-13 as if set forth herein verbatim.

15. That during the course of his employment and in the performance of his duties with the Defendant Railroad, Plaintiff worked with, came into contact with, and was physically struck with hazardous dusts, including asbestos fibers and other toxic substances. Plaintiff's contact with these hazardous dusts, occurred directly with his clothing, skin, mouth, nose, and respiratory and digestive tract.

16. That Plaintiff's contact with these hazardous dusts have manifested in the form of occupationally-related injuries to Plaintiff.

17. That Plaintiff has been informed by physicians that as a result of his employment with the Defendant Railroad, he is at a significantly increased risk for

the development of various medical ailments, including but not limited to progressive lung disease, bronchogenic carcinomas and gastro-intestinal carcinomas. Further, his expected life span has been greatly diminished.

18. That as a result, in whole or in part, of one or more of the Defendant Railroad's aforementioned negligent acts or omissions, Plaintiff has suffered mental anguish, distress and a decreased ability to enjoy life.

## DAMAGES COMMON TO ALL COUNTS

19. That as a result of the Defendant Railroad's negligent actions as described above, Plaintiff has suffered pain, nervousness and mental anguish. Plaintiff will be forced to suffer the same for the remainder of his life and his enjoyment of life has been greatly reduced. Also, as a result of the Defendant Railroad's negligent acts and omissions, Plaintiff's expected life span has been greatly shortened.

20. Further, Plaintiff will incur medical expenses necessary to monitor his permanent and progressive conditions, including regular and periodic chest x-rays, computerized tomography scans, pulmonary function tests, blood work and physical examinations, which may lead to other testing, all in an attempt to adequately diagnose and treat his conditions, which includes a significantly increased risk of the development and progression of the ailments and carcinomas set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendant Railroad, for money damages for the injuries suffered as herein alleged, in an amount to be

determined by the trier of fact; together with costs and all other relief permitted.

PLAINTIFF DEMANDS A JURY TRIAL

Respectfully submitted,

**"/s/*Douglas P. Wilson*"**
Missouri Bar #40805
WILSON LAW OFFICE, LLC
20 E. Franklin St.
Liberty, MO 64068
(816) 587-1911
(816) 781-6152 fax
dougwilsonkc@gmail.com

JONES, GRANGER, TRAMUTO & HALSTEAD
10,000 Memorial Drive, #888
Houston, TX 77024
(713) 668-0230
(713) 956-7139 fax

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Western District of Missouri.

| | |
|---|---|
| **Plaintiff(s):**<br>Walter<br>Gustin | **Defendant(s): BNSF Railway Company** |
| County of Residence: Greene | County of Residence: Greene |
| County Where Claim For Relief Arose:<br>Jackson | |
| Plaintiff's Atty(s):<br>**Douglas P Wilson**<br>**Wilson Law Office, LLC**<br>**20 E Franklin St.**<br>**Liberty, Missouri  64068**<br>**(816) 587-1911** | Defendant's Atty(s):<br>**Kenneth L Weltz**<br>**Lathrop & Gage**<br>**10851 Mastin Blvd**<br>**Overland Park, Kansas  66210**<br>**(913) 451-5100** |

II. Basis of Jurisdiction:    **3. Federal Question (U.S. not a party)**

III. Citizenship of
Principal Parties (Diversity
Cases Only)
   Plaintiff:- N/A
   Defendant:- N/A

IV. Origin :    **1. Original Proceeding**

V. Nature of Suit:    **330 Federal Employers' Liability**

VI. Cause of Action:    **Federal Employers Liability Act 45 USC**

VII. Requested in
Complaint
   Class Action:

Dollar Demand:
Jury Demand: **Yes**

**Signature:** *"/s/ Douglas P Wilson"*

**Date:** 5/24/11

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. Note: You may need to adjust the font size in your browser display to make the form print properly.  Revised: 05/09/06