BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL NO. 875 – IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| HERBERT BOONE, ) | Case No. VAE/4:11-cv-03283 |
| Plaintiff, ) | |
| vs. ) | |
| GENERAL ELECTRIC COMPANY, et al., ) | |
| Defendants. ) | |

## DEFENDANT GENERAL ELECTRIC COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CTO-391

Defendant, General Electric Company ("General Electric" or "GE"), by counsel, submits this brief in opposition to Plaintiff's Motion to Vacate the Conditional Transfer Order issued by this Panel transferring this action to MDL-875 in the Eastern District of Pennsylvania ("Plaintiff's Brief"). At the outset, it must be noted that Plaintiff's Motion to Vacate was not timely filed with the Panel, and thus Plaintiff's Notice of Opposition to CTO-391 should be considered withdrawn pursuant to Panel Rule 7.1(f). In addition, Plaintiff's arguments to this Panel are simply a regurgitation of the arguments made in Plaintiff's Motion to Remand filed with the Eastern District of Virginia (and opposed by General Electric), and wholly ignore the issues to be addressed before this Panel concerning the Conditional Transfer Order. Notwithstanding Plaintiff's improper and irrelevant arguments, transfer of this action to MDL-875 is proper pursuant to 28 U.S.C. §1407. Plaintiff's motion should therefore be denied.

## STATEMENT OF RELEVANT FACTS

This is a case alleging that Plaintiff developed an asbestos-related disease from exposure to asbestos. Plaintiff served General Electric with Plaintiff's Summons and Complaint on February 11, 2011. Plaintiff's Complaint alleges exposures to asbestos that would have occurred on United States Navy ships or at facilities owned and operated by the United States Navy. See, Complaint, at ¶ 6. Specifically, Plaintiff alleges injuries sustained by exposure to asbestos from "cables, turbines, and other marine equipment and materials" purportedly manufactured by GE and located at the sites noted in Paragraph 6 of Plaintiff's Complaint. See, Complaint, at ¶4(o).

Equipment manufactured by General Electric that may have been present aboard United States Navy vessels or at United States Navy facilities was manufactured under contract with the United States Navy (an agency of the Federal Government) for installation on a United States Navy vessel, and the United States Government imposed strict supervision and control over all aspects of the design and manufacture of equipment including, without limitation, any asbestos content and any labels or materials affixed to or accompanying the turbine. Consequently, GE properly removed this case under the provisions of 28 U.S.C. 1446(a) as a person acting under an officer or agency of the United States in order to assert defenses arising under the laws of the United States including, without limitation, the defense of government contractor immunity.[1]

General Electric timely removed this action on March 14, 2011, which was within thirty days of service of the Complaint and Summons on General Electric.

---

[1] Indeed, the MDL has continually held that the government contractor defense is available to equipment manufacturers like General Electric in asbestos cases, including cases involving failure to warn claims. Faddish v. General Electric Co., (Civil Action No. 09-70626, October 20, 2010), attached hereto as **Exhibit 1**.

2

This Panel issued Conditional Transfer Order 391 ("CTO-391") on April 21, 2011, and Plaintiff has moved to vacate that Order. General Electric hereby opposes Plaintiff's motion, and states the following in support of its position:

## ARGUMENT

### I. SUMMARY OF ARGUMENT

As noted above, Plaintiff's Motion to Vacate was not timely filed with the Panel, and pursuant to Panel Rule 7.1(f), Plaintiff's Notice of Opposition to CTO-391 should be considered to be withdrawn and the action transferred to MDL-875 without delay. In addition, it must be noted that Plaintiff's Motion to Vacate is little more than a re-captioning of the Motion to Remand filed with the Eastern District of Virginia. At no time does Plaintiff address the issues to be properly decided by this Panel, namely, whether this action involves common questions of fact with actions previously transferred to MDL-875 and whether the convenience of the parties and witnesses and promotion of the just and efficient conduct of the litigation will be served by transfer to the MDL. This is an asbestos personal injury action, and clearly belongs in MDL-875 with the thousands of other similarly-situated actions transferred to the Eastern District of Pennsylvania.

### II. PLAINTIFF'S MOTION TO VACATE WAS NOT TIMELY FILED WITH THE PANEL

The Notice of Filing of Conditional Transfer Order for this case, CTO-391, was entered by the Panel on April, 21, 2011. According to the Panel's briefing schedule, entered on April 29, 2011, Plaintiff's Motion to Vacate was to be filed no later than May 13, 2011. Plaintiff did not move to vacate the CTO until May 19, 2011, making the motion untimely. Panel Rule 7.1(f) provides that failure to timely file a motion to vacate and brief in support "shall be treated as

3

withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court." In this case, Plaintiff's motion and brief were not timely filed, and therefore Plaintiff's Notice of Opposition to CTO-391 should be considered withdrawn, and this case should be transferred to MDL-875 without further delay.

### III. PLAINTIFF HAS NOT ARTICULATED ANY REASON WHY THIS PANEL SHOULD VACATE THE CONDITIONAL TRANSFER ORDER

Plaintiff's Motion to Vacate is nothing more than a re-captioned Motion to Remand to state court. Indeed, Plaintiff requests that this Panel remand this case back to state court—ignoring that the function of the Panel is to determine whether an action should be transferred to the MDL or remain with the Eastern District of Virginia.

Plaintiff evidently misapprehends the purpose of this Panel by asking that this action be remanded back to state court. Plaintiff makes no argument whatsoever that this action does not involve common issues of fact with other cases transferred to MDL-875, and likewise makes no argument that such a transfer would not serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Presumably, Plaintiff makes no such arguments because no such arguments can reasonably be made. Instead, Plaintiff seeks to obfuscate the issues and argue that this action belongs in state court. Of course, Plaintiff's desire to have the case in state court has no bearing on the issues to be decided here.

28 U.S.C. §1407(a) provides that the Panel may transfer cases like this one to the MDL if such a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." It is clear and undisputed that this action—an asbestos personal injury action pending in the Eastern District of Virginia—shares common issues of fact with the thousands of similar cases already transferred to MDL-875, and that such a transfer in

4

this instance will promote the just and efficient conduct of the litigation in the Eastern District of Pennsylvania.

### IV. THE MERE FACT THAT PLAINTIFF'S MOTION FOR REMAND IS PENDING IS NO OBSTACLE TO THE TRANSFER OF THIS ACTION TO MDL-875

The only conceivable argument that General Electric can discern from the most charitable reading of Plaintiff's otherwise irrelevant brief is that the CTO should be vacated because Plaintiff has asked the Eastern District of Virginia to remand the action to state court. Of course, the fact that a motion to remand is pending typically not a valid reason to vacate a Conditional Transfer Order. As this Panel noted in its May 20, 2011 order in Smith v. 3M Company, et al., N.D. California, C.A. No. 4:11-1073 (MDL No. 875), "the pendency of a motion to remand generally is not a good reason to delay transfer." In this case, as in Smith, there is no valid reason cited by Plaintiff to delay transfer of this action to MDL-875.

### V. THIS ACTION CLEARLY MEETS THE REQUIREMENTS SET FORTH BY THIS PANEL FOR TRANSFER TO MDL-875

As this Panel has previously observed, asbestos personal injury and wrongful death actions "clearly fall within the MDL's ambit." Smith, at p. 1. There is no dispute that this action is an asbestos personal injury lawsuit, and involves common issues of fact with the thousands of other asbestos personal injury and wrongful death lawsuits from around the country which have been transferred to MDL-875—the present action should likewise be transferred.

### CONCLUSION

Plaintiff's motion to vacate the Conditional Transfer Order issued by this Panel should be denied because the Motion to Vacate was not timely filed with the Panel, which should result in the Notice of Opposition to CTO-391 being withdrawn. In addition, even if Plaintiff's Motion to Vacate were timely filed, the present action, an asbestos personal injury lawsuit, shares common

issues of fact with other asbestos personal injury and wrongful death actions previously transferred by this Panel to MDL-875 and because such a transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Further, Plaintiff's motion should be denied because Plaintiff has failed to articulate any reason why the Conditional Transfer Order should be vacated, and instead has attempted to improperly re-litigate a motion to remand to state court before this Panel.

For those reasons, and for the other reasons discussed above, it is respectfully submitted that the Court should deny Plaintiff's Motion to Vacate the Conditional Transfer Order, and award Defendant General Electric such other and further relief as is deemed just and proper.

RESPECTFULLY SUBMITTED, this 3rd day of June, 2011.

GENERAL ELECTRIC COMPANY

By: _____/s/_____

Anthony B. Taddeo, Jr., Esquire (VSB No. 70677)
David M. Sturm, Esquire (VSB No. 44580)
Matthew D. Joss, Esquire (VSB No. 48434)
TaddeoSturm PLC
3 West Cary Street
Richmond, Virginia 23220
(804) 344-8540 (Telephone)
(804) 34-8541 (Facsimile)
taddeo@taddeosturm.com
sturm@taddeosturm.com
joss@taddeosturm.com
**Counsel for General Electric Company**