STAYED

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00203-WDS -SCW

Liston v. Bayer Crop Science, Inc. et al  
Assigned to: Judge William D. Stiehl  
Referred to: Magistrate Judge Stephen C. Williams  
Demand: $75,000  
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 03/16/2011  
Jury Demand: Both  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

### Plaintiff

**Sara Liston**  
*individually and as Special Administrator of the Estate of Frank D. Liston, Deceased*

represented by **Michael P. Cascino**  
Cascino, Vaughn Law Offices  
Generally Admitted  
220 South Ashland  
Chicago, IL 60607-5308  
312-944-0600  
Email: michaelp.cascino@gmail.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Bayer Crop Science, Inc.**  
*as successor to Rhone-Poulenc AG Company Inc. & Benjamin Foster, Inc., a corporation*

represented by **Kent L. Plotner**  
Heyl, Royster et al. - Edwardsville  
Generally Admitted  
103 West Vandalia Street  
P.O. Box 467  
Edwardsville, IL 62025  
618-656-4646  
Email: kplotner@heylroyster.com  
*ATTORNEY TO BE NOTICED*

### Defendant

**DAP Products, Inc.**  
*individually and as Successor to DAP, Inc., a corporation*

### Defendant

**Georgia Pacific LLC**  
*a corporation*

represented by **Patrick W. Stufflebeam**  
Burroughs, Hepler et al.  
Generally Admitted  
103 West Vandalia Street  
Suite 300, P.O. Box 510  
Edwardsville, IL 62025-0510

618-656-0184
Email: pws@ilmolaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Minnesota Mining & Manufacturing Co.**
*a corporation*

represented by **Edward J. McCambridge**
Segal, McCambridge et al.
Sears Tower - Suite 5500
233 South Wacker Drive
Chicago, IL 60606
312-645-7800
Fax: 312-645-7711
Email: emmccambridge@smsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rapid American Corporation**
*a corporation*

represented by **Roger K. Heidenreich**
SNR Denton US LLP - St. Louis
Generally Admitted
One Metropolitan Square
211 North Broadway, Suite 3000
St. Louis, MO 63102
314-241-1800
Fax: 314-259-5959
Email: roger.heidenreich@snrdenton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/16/2011 | 1 | Case Opened. Documents may now be electronically filed. Case number 11-203-WDS/SCW must be placed on all documents prior to filing them electronically. (Attachments: # 1 Notice and Consent to Magistrate Judge) (jdh, ) (Entered: 03/16/2011) |
| 03/16/2011 | 2 | COMPLAINT against Bayer Crop Science, Inc., DAP Products, Inc., Georgia Pacific LLC, Minnesota Mining & Manufacturing Co., Rapid American Corporation ( Filing fee $ 350 receipt number 0754-1359191.), filed by Sara Liston. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A - Defendant's home states and principal places of business, # 3 Exhibit B - Decedent's work history)(Cascino, Michael) (Entered: 03/16/2011) |
| 03/16/2011 | 3 | Corporate Disclosure Statement by Sara Liston. (Cascino, Michael) (Entered: 03/16/2011) |
| 03/16/2011 | 4 | NOTICE by Sara Liston (Cascino, Michael) (Entered: 03/16/2011) |
| 05/04/2011 | 5 | ENTRY STRICKEN: NOTICE of Appearance by Kent L. Plotner on behalf of Bayer Crop Science, Inc. (Plotner, Kent) Modified on 5/6/2011 (lmb). |

| | | (Entered: 05/04/2011) |
|---|---|---|
| 05/04/2011 | 6 | MOTION to Stay *Proceedings* by Bayer Crop Science, Inc.. (Plotner, Kent) (Entered: 05/04/2011) |
| 05/06/2011 | 7 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 5 Notice of Appearance filed by Bayer Crop Science, Inc. See attached document for specifics (lmb) (Entered: 05/06/2011) |
| 05/09/2011 | 8 | NOTICE of Appearance by Kent L. Plotner on behalf of Bayer Crop Science, Inc. (Plotner, Kent) (Entered: 05/09/2011) |
| 05/09/2011 | 9 | ANSWER to 2 Complaint, by Bayer Crop Science, Inc..(Plotner, Kent) (Entered: 05/09/2011) |
| 05/11/2011 | 10 | NOTICE of Appearance by Edward J. McCambridge on behalf of Minnesota Mining & Manufacturing Co. (McCambridge, Edward) (Entered: 05/11/2011) |
| 05/11/2011 | 11 | MOTION to Dismiss *Pursuant to FRCP 12(b)(6)* by Minnesota Mining & Manufacturing Co.. Responses due by 6/13/2011 (McCambridge, Edward) (Entered: 05/11/2011) |
| 05/13/2011 | 12 | ORDER granting 6 Motion to Stay; denying 11 Motion to Dismiss with leave to seek reinstatement of the motion after the stay is lifted. Signed by Judge William D. Stiehl on 05/13/2011. (jaf) (Entered: 05/13/2011) |
| 05/31/2011 | 13 | NOTICE of Appearance by Roger K. Heidenreich on behalf of Rapid American Corporation (Heidenreich, Roger) (Entered: 05/31/2011) |
| 05/31/2011 | 14 | *Defendant Rapid-American Corporation's Answer And Affirmative Defenses To Plaintiff's Complaint* ANSWER to 2 Complaint, by Rapid American Corporation.(Heidenreich, Roger) (Entered: 05/31/2011) |
| 05/31/2011 | 15 | Corporate Disclosure Statement by Rapid American Corporation identifying Corporate Parent Riklis Family Corporation for Rapid American Corporation. (Heidenreich, Roger) (Entered: 05/31/2011) |
| 06/01/2011 | 16 | RESPONSE in Opposition re 11 MOTION to Dismiss *Pursuant to FRCP 12(b)(6)* filed by Sara Liston. (Attachments: # 1 Memorandum in Support, # 2 Certificate of Service, # 3 Proposed Order deleted by Clerk's Office)(Cascino, Michael) Modified on 6/2/2011 (lmb). (Entered: 06/01/2011) |
| 06/02/2011 | 17 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 16 Response in Opposition to Motion filed by Sara Liston. See attached document for specifics (lmb) (Entered: 06/02/2011) |
| 06/06/2011 | 18 | NOTICE of Appearance by Patrick W. Stufflebeam on behalf of Georgia Pacific LLC (Stufflebeam, Patrick) (Entered: 06/06/2011) |
| 06/06/2011 | 19 | *SHORT FORM* ANSWER to 2 Complaint, *AND AFFIRMATIVE DEFENSES TO COMPLAINT* by Georgia Pacific LLC.(Stufflebeam, Patrick) (Entered: 06/06/2011) |
| 06/06/2011 | 20 | Corporate Disclosure Statement by Georgia Pacific LLC. (Stufflebeam, Patrick) (Entered: 06/06/2011) |

| 06/06/2011 | 21 | MOTION to Stay *PROCEEDINGS and NOTICE OF TAG-ALONG ACTION* by Georgia Pacific LLC. (Stufflebeam, Patrick) (Entered: 06/06/2011) |

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 06/06/2011 14:41:04 ||||
| PACER Login: | he1713 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:11-cv-00203-WDS - SCW |
| Billable Pages: | 2 | Cost: | 0.16 |

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

Sara Liston, individually and as Special
Administrator of the Estate of Frank D Liston,
Deceased

                    Plaintiff,

v.

Bayer Crop Science, Inc., *as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc.*, a corporation,
DAP Products, Inc., *Individually and as Successor to DAP, Inc.*, a corporation,
Georgia Pacific, LLC , a corporation,
Minnesota Mining and Manufacturing Co., a corporation,
Rapid American Corporation , a corporation,

                    Defendants.

Case No. 3:11-cv-00203-WDS-SCW

## COMPLAINT

Now comes the plaintiff, Sara Liston, (hereinafter "Plaintiff"), individually and as Special Administrator of the Estate of Frank D Liston (hereinafter "Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc., a corporation, DAP Products, Inc., Individually and as Successor to DAP, Inc., a corporation, Georgia Pacific, LLC , a corporation, Minnesota Mining and Manufacturing Co., a corporation, Rapid American Corporation , a corporation, as follows:

### JURISDICTION

1. Plaintiff, Sara Liston is the wife of decedent, Frank D Liston, and resides in Palestine, Illinois.

2. Decedent was an adult citizen and resident of Illinois.

3. Decedent passed away on 04/18/2009.

4. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

5. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

6. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

8. Decedent during the course of his employment as a Factory Worker and Painting Contractor at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

9. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

10. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

11. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with lung cancer on 3/17/2009

12. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property

and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

13. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

14. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

15. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

16. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

17. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

    b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

18. As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

## WRONGFUL DEATH

19. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 18 above.

20. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and plaintiff.

## PRAYER FOR RELIEF

21. Plaintiff prays for relief as follows:

    a. Judgment against defendants, jointly and severally, for compensatory and general damages.

    b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: March 16, 2011.

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

## Exhibit A
### Defendants' Home States and Principal Places of Business

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| Bayer Crop Science, Inc., as successor to Rhone-Poulenc AG Company Inc. & Benjamin-Foster, Inc. | Delaware | North Carolina |
| DAP Products, Inc., Individually and as Successor to DAP, Inc. | Delaware | Maryland |
| Georgia Pacific, LLC | Delaware | Georgia |
| Minnesota Mining and Manufacturing Co. | Delaware | Delaware |
| Rapid American Corporation | Delaware | New York |

## Exhibit B
### Decedent's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Briggs Manufacturing f/k/a Case Manufacturing a/k/a Case Pottery | Robinson | IL | 1954 | 1959 |
| Residential and commercial sites |  | IL | 1959 | 2009 |