ROBERT G. ANDRÉ, WSBA #13072
OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue
Suite 2100
Seattle, Washington 98101
Telephone:   206.447.7000
Facsimile:    206.447.0215

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL DOCKET NO. 875

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

THIS DOCUMENT RELATES TO:

*Bouchard v. CBS Corp., et al.*
United States District Court
Western District of Washington
Cause No. 2:11-cv-00458 RAJ
Eastern District of Pennsylvania
Cause No. 2:11-cv-66270

**DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
BRIEF IN SUPPORT OF MOTION FOR CLARIFICATION**

## I.   RELIEF REQUESTED

Defendant Lockheed Shipbuilding Company ("Lockheed Shipbuilding") asks the Panel to resolve a jurisdictional issue with respect to a Transfer Order which the Panel entered in the above-entitled action. The Panel filed the Transfer Order in the transferee court on May 23, 2011. The transferor court filed an order remanding the case to state court on May 24, 2011.

Although these facts prove that the Transfer Order became effective before the Remand Order was entered, the transferor court has recently represented that it believes the Remand

APR890143.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S BRIEF
IN SUPPORT OF MOTION FOR CLARIFICATION - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

Order was effective and that it still intends to transfer the case file to state court, rather than to the transferee court. Lockheed Shipbuilding thus asks the Panel to clarify this jurisdictional question under 28 U.S.C. § 1407. It is Lockheed Shipbuilding's position that the Remand Order was moot when entered for lack of jurisdiction, and the case should proceed in the transferee court.

## II.   STATEMENT OF FACTS

The Panel entered a Transfer Order in this action on May 20, 2011. (André Decl.,[1] Ex. 1.) The Transfer Order states:

> IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

(*Id.* at p. 2.)

On Monday, May 23, 2011, this Transfer Order was filed in the transferee court, the Eastern District of Pennsylvania, under its MDL 875 docket. (*Id.*, Exs. 2, 3.) The document appears as Docket Entry No. 7889, dated 05/23/2011, in the transferee court's Case No. 2:01-md-00875-ER. (*Id.*)

On Tuesday, May 24, 2011, the transferee court assigned an individual case number. (*See id.*, Ex. 6.) The Honorable Eduardo C. Robreno opened the file with an order stating that the "effective date of transfer is upon entry of this order." (*Id.*) It does not indicate at what time it was filed. (*See id.*)

Also on May 24, 2011, at 2:35pm Pacific Time (after court had closed for the day in the Eastern District of Pennsylvania), the parties received notice that the transferor court, the Western District of Washington, had granted Plaintiffs' motion for remand, on a perceived technicality. (*Id.*, Ex. 4.) The order "was entered on 5/24/2011 at 2:34 PM PDT and filed on

---

[1] The Declaration of Robert G. André in Support of Motion for Clarification ("André Decl.") is filed herewith.

APR890143.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S BRIEF
IN SUPPORT OF MOTION FOR CLARIFICATION - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

5/24/2011." (*Id.*) It is signed by the Honorable Richard A. Jones and dated "this 23rd day of May, 2011." (*Id.*, Ex. 5.) As of the filing of this motion, the transferor court has not sent the case file to the state court.

### III.   ISSUE PRESENTED

Should this case proceed in the transferee court (the Eastern District of Pennsylvania) because the Panel's Transfer Order was effective before the transferor court's Remand Order was entered, thus rendering the Remand Order moot?

### IV.   EVIDENCE RELIED UPON

This motion is based on pleadings and other documents already on file with the Panel, the Declaration of Robert G. André in support hereof with its attached exhibits, and the law as set forth below.

### V.   AUTHORITY

The Panel has authority to entertain this motion "under 28 U.S.C. § 1407 for the purpose, inter alia, of determining and deciding the efficacy of its own order." *In re Baycol Products Liability Litigation*, 269 F.Supp.2d 1376, 1377 n. 2 (JPML 2003). A transfer order becomes effective "upon its filing with the clerk of the transferee district court." Panel Rule 2.1(d). *Accord.* 28 USC § 1407(c)(ii); Panel Rule 7.1(h). Entry of the transfer order "deprives the transferor court of jurisdiction until the case is returned to it," so that any action taken by the transferor court after transfer is "ineffective." *Illinois Mun. Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 850 (7th Cir. 2004) (quoting *Gen. Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979)). *See also In re UpJohn Co. Antibiotic Cleocin Products Liability Litigation*, 664 F.2d 114, 118 (6th Cir. 1981); *Aircrash Near Duarte, California, on June 6, 1971*, 357 F. Supp. 1013, 1015 (C.D. Cal. 1973); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495-96 (JPML 1968); *City of St. Paul v. Harper & Row Publishers, Inc.*, 292 F. Supp. 837, 838 (D. Minn. 1968); David F. Herr, MULTIDISTRICT LIT. MAN. § 9:3 (2011). As such, a remand order entered in the

APR890143.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S BRIEF
IN SUPPORT OF MOTION FOR CLARIFICATION - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

transferor court after the transfer order is filed in the transferee district is moot. *See Baycol*, 269 F.Supp.2d at 1377.

The Panel resolved this precise issue in *Baycol*. A transfer order was filed in the transferee court on April 21, 2003. *Id.* The order purported to transfer three cases respectively entitled *Pitchford, Blakeney*, and *Hammonds*. *Id.* In all three cases, the transferor courts entered remand orders in April 2003: the *Pitchford* remand was signed and filed on April 18, 2003; the *Blakeney* remand was signed on April 21 and filed on April 22, 2003; and the *Hammonds* remand was signed and filed on April 24, 2003. *Id.* The defendant moved the Panel for clarification regarding the status of these cases. *Id.*

The Panel first explained that the transfer order became effective on April 21, 2003, the date it was filed in the transferee court. *Id.* (citing 28 U.S.C. § 1407(c)(ii)). Because the *Pitchford* remand order was signed and filed three days before the transfer order became effective, the Panel vacated the conditional transfer order with respect to that action. *Id.* at 1377 n. 2. As for *Blakeney* and *Hammonds*, however, the Panel held that the transfer order "was clearly effective prior to the effective dates of the remand orders of both transferor courts." *Id.* at 1377. So these two remand orders "were moot when entered by the respective transferor courts, and the Panel's transfer order [took] precedence over them." *Id.* (citing *Glasstech, Inc. v. AB Kyro OY*, 769 F.2d 1574 (Fed. Cir. 1985)). The Panel concluded that its order transferring *Hammonds* and *Blakeney* remained in effect, and ordered the transferee court to proceed. *Id.* at 1377-78.

The facts here are indistinguishable. The Transfer Order was filed in the Eastern District of Pennsylvania on May 23; Judge Jones signed the Remand Order on May 23 and filed it on May 24. As in *Blakeney*, the Remand Order was signed on the day the Transfer Order became effective and was filed the next day. The Transfer Order was clearly effective before the effective date of the Remand Order. The Remand Order was therefore moot when entered by the transferor court, and the Transfer Order took precedence over it.

APR890143.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S BRIEF
IN SUPPORT OF MOTION FOR CLARIFICATION - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

It is immaterial that the transferee court filed a document on May 24 suggesting that the "effective date of transfer is upon entry of this order." (André Decl., Ex. 6)  This statement cannot trump the plain language of the Panel Rules and the enabling statute, both of which state that a transfer becomes effective when the transfer order is "filed" in the transferee court.  28 USC § 1407(c)(ii); Panel Rule 2.1(d).  The Transfer Order here was filed in the Eastern District of Pennsylvania on May 23, 2011 and thus was effective on that date.  Nothing that the court may have written the next day can change that.[2]

## VI. CONCLUSION

It is beyond dispute that the Transfer Order was filed in the Eastern District of Pennsylvania one day before the Remand Order was filed in the Western District of Washington.  Lockheed Shipbuilding therefore respectfully asks the Panel to clarify that the Remand Order was moot when entered and that the transfer to the Eastern District of Pennsylvania was effective.  The Panel should order the Western District of Washington to transfer the case to the Eastern District of Pennsylvania for further action.

DATED this 8th day of June, 2011.

OGDEN MURPHY WALLACE, P.L.L.C.

By   s/Robert G. André
Robert G. André, WSBA #13072
Aaron P. Riensche, WSBA #37202
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215
Attorneys for Defendant
Lockheed Shipbuilding Company

---

[2] Notably, the Remand Order was entered at 2:34pm Pacific Time – 34 minutes after the transferee court closed, at 5:00pm Eastern Time.  Thus, even assuming, *arguendo*, that the transfer was effective on May 24, Plaintiffs still cannot show that the Remand Order preceded it.

APR890143.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S BRIEF
IN SUPPORT OF MOTION FOR CLARIFICATION - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

## CERTIFICATE OF SERVICE

I certify under the laws of the United States of America that on the 8th day of June, 2011 I mailed for filing a true and correct copy of the foregoing document with the Clerk of the Court and served counsel below by the method indicated:

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington 98104<br>**Attorney for Plaintiffs** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington 98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington 98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation, Hopeman Brothers, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |

APR890143.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S BRIEF
IN SUPPORT OF MOTION FOR CLARIFICATION - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Allan D. Gutsche<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington 98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>agutsche@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |
| 10<br>11<br>12<br>13 | Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington 98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |
| 14<br>15<br>16<br>17<br>18 | Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington 98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |
| 19<br>20<br>21<br>22<br>23<br>24<br>25 | Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington 98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |

26

APR890143.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S BRIEF
IN SUPPORT OF MOTION FOR CLARIFICATION - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | |
|---|---|
| Katherine Steele<br>Katrina Mulligan<br>Stafford Frey<br>601 Union Street<br>Suite 3100<br>Seattle, Washington 98101<br>ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com<br>**Attorneys for Metalclad Insulation Corp.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[X] CM/ECF |
| Timothy Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington 98104-7010<br>thorson@carneylaw.com<br>berman@carneylaw.com<br>**Attorneys for Saberhagen Holdings, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[X] CM/ECF |
| Matthew Turetsky<br>Schwabe Williamson & Wyatt<br>1420 Fifth Avenue<br>Suite 3010<br>Seattle, Washington 98101<br>mturetsky@schwabe.com<br>**Attorneys for General Refractories Co.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[X] CM/ECF |

In addition, a courtesy copy was served on Judge Richard A. Jones via E-Filing in the Western District of Washington and also on Judge Eduardo Robreno via E-filing with the Eastern District of Pennsylvania on Monday, June 6, 2011.

DATED this 8th day of June 2011.

                                        s/Robert G. André, WSBA#13072
                                            Robert G. André

APR890143.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S BRIEF
IN SUPPORT OF MOTION FOR CLARIFICATION - 8

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215