1 | ROBERT G. ANDRÉ, WSBA #13072
OGDEN MURPHY WALLACE, P.L.L.C.
2 | 1601 Fifth Avenue
Suite 2100
3 | Seattle, Washington  98101
Telephone:    206.447.7000
4 | Facsimile:    206.447.0215

5

6

7

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

8

**MDL DOCKET NO. 875**

9

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

10

11

THIS DOCUMENT RELATES TO:

12

*Bouchard v. CBS Corp., et al.*
13 | United States District Court
Western District of Washington
14 | Cause No. 2:11-cv-00458 RAJ
Eastern District of Pennsylvania
15 | Cause No. 2:11-cv-66270

16

17 | DECLARATION OF ROBERT G. ANDRÉ IN SUPPORT OF
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
18 | MOTION FOR CLARIFICATION

19

20 |      I, ROBERT G. ANDRÉ, declare under penalty of perjury under the laws of the United

21 | States as follows:

22 |      1.     I am over the age of (18) eighteen and am competent to testify to the matters

23 | herein based on my personal knowledge.

24 |      2.     I am one of the attorneys representing defendant Lockheed Shipbuilding

25 | Company in the above-referenced case and I make this declaration in that capacity.

26

APR890185.DOC;1\12060.000025\
DECLARATION OF ROBERT G. ANDRÉ - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    3.    Attached hereto and incorporated by reference are true and correct copies of the

2  following documents:

3      Exhibit 1    The Judicial Panel on Multidistrict Litigation's Transfer Order in this action,
                    as filed on the Panel's docket on May 20, 2011
4

5      Exhibit 2    A printout of the Eastern District of Pennsylvania's docket in Case No.
                    2:01-md-00875-ER, showing entries from May 20 to May 24, 2011
6
       Exhibit 3    The Panel's Transfer Order in this action, as filed on the Eastern District of
7                   Pennsylvania's docket in Case No. 2:01-md-00875-ER on May 23, 2011

8      Exhibit 4    The Western District of Washington's email notification of the entry of the
                    Order granting Plaintiffs' motion to remand on May 24, 2011
9

10     Exhibit 5    The Western District of Washington's Order granting Plaintiffs' motion to
                    remand, as filed on May 24, 2011
11
       Exhibit 6    The Eastern District of Pennsylvania's Transfer Order No. 1004, as filed on
12                  May 24, 2011

13
     EXECUTED this 8th day of June, 2011, at Seattle, Washington
14

15                                    s/Robert G. André
                                      Robert G. André
16

17

18

19

20

21

22

23

24

25

26

APR890185.DOC;1\12060.000025\
DECLARATION OF ROBERT G. ANDRÉ - 2                                    OGDEN MURPHY WALLACE, P.L.L.C.
                                                                           1601 Fifth Avenue, Suite 2100
                                                                           Seattle, Washington 98101-1686
                                                                        Tel: 206.447.7000/Fax: 206.447.0215

1

## CERTIFICATE OF SERVICE

2

I certify under the laws of the United States of America that on the 8th day of June, 2011 I

3

mailed for filing a true and correct copy of the foregoing document with the Clerk of the Court
and served counsel below by the method indicated:

4

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington  98104<br>**Attorney for Plaintiffs** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[  ]  Email<br>[ X ]  CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington  98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[  ]  Email<br>[ X ]  CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington  98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation,<br>Hopeman Brothers, Inc.** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[  ]  Email<br>[ X ]  CM/ECF |
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington  98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[  ]  Email<br>[ X ]  CM/ECF |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

APR890185.DOC;1\12060.000025\
DECLARATION OF ROBERT G. ANDRÉ - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Allan D. Gutsche<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington  98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>agutsche@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington  98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington  98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington  98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |

APR890185.DOC;1\12060.000025\
DECLARATION OF ROBERT G. ANDRÉ - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| 1 | Katherine Steele | [  ]  U.S. Mail |
|---|---|---|
| 2 | Katrina Mulligan<br>Stafford Frey | [  ]  Messenger<br>[  ]  Email |
| 3 | 601 Union Street | [ X ]  CM/ECF |
|  | Suite 3100 | |
| 4 | Seattle, Washington  98101 | |
| 5 | ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com | |
| 6 | **Attorneys for Metalclad Insulation Corp.** | |
| 7 | Timothy Thorson<br>Carney Badley Smith & Spellman | [  ]  U.S. Mail<br>[  ]  Messenger |
| 8 | 701 Fifth Avenue<br>Suite 3600 | [  ]  Email<br>[ X ]  CM/ECF |
| 9 | Seattle, Washington  98104-7010 | |
| 10 | thorson@carneylaw.com<br>berman@carneylaw.com | |
| 11 | **Attorneys for Saberhagen Holdings, Inc.** | |
| 12 | Matthew Turetsky<br>Schwabe Williamson & Wyatt | [  ]  U.S. Mail<br>[  ]  Messenger |
| 13 | 1420 Fifth Avenue<br>Suite 3010 | [  ]  Email<br>[ X ]  CM/ECF |
| 14 | Seattle, Washington  98101 | |
| 15 | mturetsky@schwabe.com | |
|  | **Attorneys for General Refractories Co.** | |

16

In addition, a courtesy copy was served on Judge Richard A. Jones via E-Filing in

17

the Western District of Washington and also on Judge Eduardo Robreno via E-filing with

18

the Eastern District of Pennsylvania on Monday, June 6, 2011.

19

20          DATED this 8th day of June 2011.

21

22                                              s/Robert G. André, WSBA#13072
                                                   Robert G. André

23

24

25

26

APR890185.DOC;1\12060.000025\
DECLARATION OF ROBERT G. ANDRÉ - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

# EXHIBIT 1

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

| | |
|---|---|
| William Andrew Smith v. 3M Company, et al., N.D. California, C.A. No. 4:11-1073 | ) ) |
| Diane Antonelli, etc. v. Electric Boat Corp., D. Connecticut, C.A. No. 3:10-344 | ) ) MDL No. 875 |
| Lola Bouchard, et al. v. CBS Corporation, et al., W.D. Washington, C.A. No. 2:11-458 | ) ) ) |

TRANSFER ORDER

**Before the Panel:** Pursuant to Rule 7.1, plaintiffs move to vacate orders that conditionally transferred their actions to MDL No. 875. Responding defendants oppose the motions.[1]

After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 875, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, we find that transfer is appropriate for the reasons set out in our original decision directing centralization of all pending federal court actions not then in trial sharing factual questions of injury or death allegedly caused by asbestos or asbestos containing products. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). These actions are asbestos personal injury or wrongful death suits, and clearly fall within the MDL's ambit.

Plaintiffs in *Smith* and *Bouchard* principally argue that the Panel should deny or defer transfer in order to permit the resolution of their motions for remand to state court. As we have often held, however, the pendency of a motion to remand generally is not a good reason to delay transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon a motion to remand generally has adequate time in which to do so.

---

Judge John G. Heyburn II and Judge Barbara S. Jones took no part in the disposition of this matter.

[1] These defendants are: National Steel and Shipbuilding Company (as to the *Smith* action), Electric Boat Corporation (as to the *Antonelli* action), and Lockheed Shipbuilding Company (as to the *Bouchard* action).

- 2 -

The *Smith* and *Bouchard* plaintiffs also cite serious health concerns in opposing transfer. Although we have rejected this argument on multiple occasions in the past, we remain sensitive to this concern. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

In her motion to vacate, the *Antonelli* plaintiff argues that defendant Electric Boat Corporation failed to timely notify the Panel of the action's pendency as a potential tag-along action, noting that law firm representing defendant has been involved in other actions already in the MDL. *See* Panel Rule 7.1(a) ("Any party or counsel in actions previously transferred under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears."). We do not find plaintiff's argument persuasive. Although defendant's counsel's compliance with Rule 7.1(a) is indeed at least somewhat questionable, so is that of the law firm representing plaintiff, which also has been involved in other actions previously transferred to the MDL. We note, moreover, that although *Antonelli* was removed to the District of Connecticut in March 2010, the record indicates that the action is still at a relatively early stage.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Frank C. Damrell, Jr.
Paul G. Barbadoro

# EXHIBIT 2

United States District Court Eastern District of Pennsylvania

SEALDC/ASB, APPEAL, AK, AL-M, AL-N, AL-S, AR-E, AR-W, ASBESTOS, AZ, CA-C, CA-E, CA-N, CA-S, CO, CT, DC, DE, FL-M, FL-N, FL-S, GA-M, GA-N, GA-S, HI, IA-N, IA-S, ID, IL-C, IL-N, IL-S, IN-N, IN-S, KS, KY-E, KY-W, LA-E, LA-M, LA-W, MA, MD, MDL-875, ME, MI-E, MI-W, MN, MO-E, MO-W, MS-N, MS-S, MT, NC-E, NC-M, NC-W, ND, NE, NH, NJ, NM, NV, NY-E, NY-N, NY-S, NY-W, OH-N, OH-S, OK-E, OK-N, OK-W, OR, PA-M, PA-W, PR, RI, SC, SD, TN-E, TN-M, TN-W, TX-E, TX-N, TX-S, TX-W, UT, VA-E, VA-W, VI, VT, WA-E, WA-W, WI-E, WI-W, WVA-N, WVA-S, WY

## United States District Court
### Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:01-md-00875-ER

IN RE: ASBESTOS PROD LIABILITY
Assigned to: HONORABLE EDUARDO C. ROBRENO
Demand: $0
related Case: 5:11-cv-02636-ER
Cause: 00:0000

Date Filed: 07/29/1991
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 05/24/2011 | 7896 | ORDER THAT THE FOLLOWING DEADLINES APPLY TO GROUP 3 WEITZ & LUXENBERG NY CASES: PLAINTIFF'S EXPERT REPORTS MUST BE SERVED BY 6/27/11; DEFENDANT'S EXPERT REPORTS MUST BE SERVED BY 7/28/11; ALL DISCOVERY MUST BE COMPLETED BY 8/29/11; A SETTLEMENT CONFERENCE IN ALL REMAINING GROUP 3 CASES WILL BE HELD ON 9/21/11 AT 11:00 AM IN COURTROOM 7; ALL DISPOSITIVE MOTIONS MUST BE FILED BY 10/3/11 WITH RESPONSES DUE BY 11/4/11 AND ANY REPLIES TO RESPONSES FILED BY 12/5/11; A SETTLEMENT CONFERENCE IS SET FOR 6/29/11 FOR GROUP 1 AND 2 CSAES; THE 8/17/11 SETTLEMENT CONFERENCE IS CANCELLED. SIGNED BY MAGISTRATE JUDGE M. FAITH ANGELL ON 5/22/2011; 5/24/2011 ENTERED AND COPIES E-MAILED; FAXED BY CHAMBERS. (APPLIES TO ALL WEITZ & LUXENBERG NY CASES).(tjd) (Entered: 05/24/2011) |
| 05/24/2011 | 7895 | TRANSFER ORDER NO. 1004 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. WESTERN DISTRICT OF WASHINGTON, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/24/2011 | 7894 | TRANSFER ORDER NO. 1003 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. DISTRICT OF CONNECTICUT, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND |

United States District Court Eastern District of Pennsylvania

| | | |
|---|---|---|
| | | COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/24/2011 | 7893 | TRANSFER ORDER NO. 1002 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. NORTHERN DISTRICT OF CALIFORNIA, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/24/2011 | 7892 | TRANSFER ORDER NO. 1001 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. EASTERN DISTRICT OF TEXAS, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/24/2011 | 7891 | TRANSFER ORDER NO. 1000 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. DISTRICT OF ARIZONA, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/24/2011 | 7890 | TRANSFER ORDER NO. 999 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. NORTHERN DISTRICT OF ALABAMA, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/23/2011 | 7889 | Copy of Transfer Order from the Judicial Panel on Multidistrict Litigation that pursuant to 28 U.S.C. 1407 these actions are transferred to the ED-PA and assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings: CA-N 4:11-1073; CT-D 3:10-344; WA-W 2:11-458. (tjd) (Entered: 05/23/2011) |
| 05/23/2011 | 7888 | ORDER THAT IN THE CASES LISTED IN EXHIBIT A ALL VIABLE DEFENDANTS ARE DISMISSED AND THE CASES SHALL BE TRANSFERRED TO THE 'BANKRUPTCY ONLY' DOCKET; THESE CASES ARE TO BE MARKED CLOSED. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 5/18/2011; (Attachments: # 1 case log) 5/23/2011 ENTERED AND COPIES MAILED AND E-MAILED. (APPLIES TO THE CASES LISTED ON EXHIBIT A).(tjd) (Entered: 05/23/2011) |
| 05/20/2011 | 7887 | Minute Entry for proceedings held before MAGISTRATE JUDGE M. FAITH ANGELL: Telephone Conference :NON-FINAL PRETRIAL CONFERENCE held on 5/19/2011.(APPLIES TO ALL WEITZ & LUXENBERG NY CASES) (kk, ) (Entered: 05/23/2011) |
| 05/20/2011 | 7886 | Copy of Conditional Transfer Order (CTO-396) from the Judicial Panel on |

United States District Court Eastern District of Pennsylvania

Multidistrict Litigation that the actions listed on the attached schedule are transferred to the ED-PA for coordinated or consolidated pretrial proceedings assigned to the Honorable Eduardo C. Robreno: AL-N 2:11-495; AZ-D 3:10-8091; TX-E 2:11-196. (tjd) (Entered: 05/20/2011)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/26/2011 16:08:01 | | | |
| PACER Login: | om0003 | Client Code: | 12060.000025 |
| Description: | Docket Report | Search Criteria: | 2:01-md-00875-ER Start date: 5/20/2011 End date: 5/24/2011 |
| Billable Pages: | 7 | Cost: | 0.56 |

# EXHIBIT 3

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)
  William Andrew Smith v. 3M Company, et al.,                              )
        N.D. California, C.A. No. 4:11-1073                                )
  Diane Antonelli, etc. v. Electric Boat Corp.,                           )       MDL No. 875
        D. Connecticut, C.A. No. 3:10-344                                  )
  Lola Bouchard, et al. v. CBS Corporation, et al.,                       )
        W.D. Washington, C.A. No. 2:11-458                                 )

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs move to vacate orders that conditionally transferred their actions to MDL No. 875. Responding defendants oppose the motions.[1]

After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 875, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, we find that transfer is appropriate for the reasons set out in our original decision directing centralization of all pending federal court actions not then in trial sharing factual questions of injury or death allegedly caused by asbestos or asbestos containing products. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). These actions are asbestos personal injury or wrongful death suits, and clearly fall within the MDL's ambit.

Plaintiffs in *Smith* and *Bouchard* principally argue that the Panel should deny or defer transfer in order to permit the resolution of their motions for remand to state court. As we have often held, however, the pendency of a motion to remand generally is not a good reason to delay transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon a motion to remand generally has adequate time in which to do so.

---

[*]   Judge John G. Heyburn II and Judge Barbara S. Jones took no part in the disposition of this matter.

[1]   These defendants are:  National Steel and Shipbuilding Company (as to the *Smith* action), Electric Boat Corporation (as to the *Antonelli* action), and Lockheed Shipbuilding Company (as to the *Bouchard* action).

- 2 -

The *Smith* and *Bouchard* plaintiffs also cite serious health concerns in opposing transfer. Although we have rejected this argument on multiple occasions in the past, we remain sensitive to this concern. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

In her motion to vacate, the *Antonelli* plaintiff argues that defendant Electric Boat Corporation failed to timely notify the Panel of the action's pendency as a potential tag-along action, noting that law firm representing defendant has been involved in other actions already in the MDL. *See* Panel Rule 7.1(a) ("Any party or counsel in actions previously transferred under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears."). We do not find plaintiff's argument persuasive. Although defendant's counsel's compliance with Rule 7.1(a) is indeed at least somewhat questionable, so is that of the law firm representing plaintiff, which also has been involved in other actions previously transferred to the MDL. We note, moreover, that although *Antonelli* was removed to the District of Connecticut in March 2010, the record indicates that the action is still at a relatively early stage.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Frank C. Damrell, Jr.
Paul G. Barbadoro

# EXHIBIT 4

Aaron Riensche

| | |
|---|---|
| **From:** | ECF@wawd.uscourts.gov |
| **Sent:** | Tuesday, May 24, 2011 2:35 PM |
| **To:** | ECF@wawd.uscourts.gov |
| **Subject:** | Activity in Case 2:11-cv-00458-RAJ Bouchard et al v. CBS Corporation, et al Order to Remand Case |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### United States District Court for the Western District of Washington

### Notice of Electronic Filing

The following transaction was entered on 5/24/2011 at 2:34 PM PDT and filed on 5/24/2011
**Case Name:**      Bouchard et al v. CBS Corporation, et al
**Case Number:**   2:11-cv-00458-RAJ
**Filer:**
**WARNING: CASE CLOSED on 05/24/2011**
**Document Number:** 43

**Docket Text:**
ORDER by Judge Richard A Jones. The Court GRANTS Plaintiffs' motion to remand, docket no. [9]. This case shall be remanded to the King County Superior Court. (CL)

**2:11-cv-00458-RAJ Notice has been electronically mailed to:**

Robert Gregory Andre randre@omwlaw.com, ariensche@omwlaw.com, chenry@omwlaw.com

Diane J. Kero dkero@gth-law.com, cwallace@gth-law.com, ffusaro@gth-law.com

Barry Neal Mesher mesherb@lanepowell.com, Docketing-SEA@lanepowell.com, hokansonp@lanepowell.com, lowesheedyl@lanepowell.com, vanburenh@lanepowell.com, wallg@lanepowell.com

Janet L Rice rice@sgb-law.com, , alcaide@sgb-law.com, farley@sgb-law.com, gilbert@sgb-law.com, jones@sgb-law.com, moretz@sgb-law.com

William Joel Rutzick rutzick@sgb-law.com, alcaide@sgb-law.com, cronan@sgb-law.com, guill@sgb-law.com, jones@sgb-law.com

1

Timothy Kost Thorson thorson@carneylaw.com, berman@carneylaw.com

Stephen Garrett Leatham sgl@hpl-law.com

Brian D Zeringer zeringerb@lanepowell.com

Jan Elizabeth Brucker jbrucker@jjr-law.com, rthorn@jjr-law.com

Richard G Gawlowski gawlowski@wscd.com, phares@wscd.com, reyes@wscd.com

Matthew Turetsky mturetsky@schwabe.com, docket@schwabe.com, jhicok@schwabe.com

Steven V Rizzo srizzo@rizzopc.com, recordsmanagement@rizzopc.com

Walter Eugene Barton gbarton@karrtuttle.com, danderson@karrtuttle.com, nrandall@karrtuttle.com

Katherine M. Steele ksteele@staffordfrey.com, asbestos@staffordfrey.com

R Dirk Bernhardt dirk@murraydunham.com, oscar@murraydunham.com, tammy@murraydunham.com

Aaron P Riensche ariensche@omwlaw.com, mstanescu@omwlaw.com

Katrina Elsa Mulligan kmulligan@staffordfrey.com, mulligankatrina@yahoo.com

**2:11-cv-00458-RAJ Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=5/24/2011] [FileNumber=3802361-0
] [4bea7408bdc2dcb63256d5ca6b595752e52d05a7d917c99ea9977e097217fcde919
38b7f0cd749b9c6b73761eaa7f156fbd03668bad5d4299e5aa6d7da3442d0]]

2

# EXHIBIT 5

HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11
12
13
14
15
16

LOLA BOUCHARD, et al.,

         Plaintiffs,

      v.

CBS CORPORATION, et al.,

         Defendants.

CASE NO. C11-458RAJ

ORDER

17

## I.   INTRODUCTION

18
19
20
21

This matter comes before the court on Plaintiffs' motion to remand (Dkt. # 9). No party requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. The court GRANTS the motion (Dkt. # 9) for the following reasons.

22

## II.   BACKGROUND

23
24
25
26

Plaintiffs Lola and Michael Bouchard filed this lawsuit on September 13, 2010, in King County Superior Court, alleging that the Defendants, including Defendant Lockheed Shipbuilding Company ("Lockheed"), were liable for Ms. Bouchard's alleged asbestos-related injuries that she suffered as a result of her former husband's exposure to

27
28

ORDER – 1

1   asbestos products at work. The case was removed to this court by Defendant General

2   Electric Company, but then remanded after Plaintiffs settled with General Electric

3   Company. *See* Notice of Removal ¶ 2.

4        On February 22, 2011, one of Plaintiffs' witnesses testified in a deposition that he

5   saw Ms. Bouchard's former husband working on military ships at Lockheed in 1976 and

6   1977. Andre Decl., Ex. 6. On February 24, 2011, another witness testified in a

7   deposition that he worked on United States Navy ships with Ms. Bouchard's former

8   husband, but he could not remember at which shipyard that work took place. Andre

9   Decl., Ex. 7. According to Lockheed, this deposition testimony was the first notice to

10  Lockheed of facts that would support removal under federal officer jurisdiction. *See*

11  Def.'s Opp'n (Dkt. # 32) at 2.

12       Lockheed filed its notice of removal on March 16, 2011. *See* Notice (Dkt. # 1).

13  The Plaintiffs filed a motion to remand, arguing that removal was untimely. The court

14  now turns to consider that motion.

15                          III.    ANALYSIS

16  A.    **Legal Standards.**

17       A party seeking federal jurisdiction has the burden to show that removal is proper.

18  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). Federal officers and their

19  agents may remove a case based on acts performed under color of their federal office.

20  *See* 28 U.S.C. § 1442(a)(1). A defendant seeking to establish federal officer jurisdiction

21  must satisfy three requirements: (1) that it has a "colorable federal defense"; (2) that it

22  acted "pursuant to a federal officer's directions"; and (3) that a "causal nexus exists

23  between the defendant's actions under color of federal office and the plaintiff's claims."

24  *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989). The court is to broadly

25  construe the applicability of federal officer jurisdiction, to further the purpose of the

26  federal officer removal statute (namely, to "have the validity of the defense of official

27

28  ORDER – 2

1   immunity tried in a federal court") without "frustrat[ion] by a narrow, grudging

2   interpretation of Section 1442(a)(1)." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

3   A notice of removal must be filed within thirty days of a defendant's receipt of a

4   document establishing that the case is removable. *See* 28 U.S.C. § 1446(b).

5   **B.      The Notice of Removal was Untimely.**

6           The Plaintiffs contend that remand is appropriate on both procedural and

7   substantive grounds: they argue that Lockheed's notice of removal was untimely, and that

8   even if it were timely, Lockheed cannot establish the third element (the causal nexus)

9   necessary to apply federal officer removal jurisdiction.

10          On September 29, 2010, Lockheed filed an answer to the Plaintiff's state-court

11  complaint, raising a "government contractor" affirmative defense. *See* Rutzick Decl.

12  (Dkt. # 10), Ex. 1.  That defense alleged that "any asbestos-containing equipment or

13  products manufactured, supplied, furnished, sold or used at Lockheed were in compliance

14  with mandatory government contract specifications." *Id.*  Thus, Plaintiffs argue that if

15  Lockheed had enough information to assert a government contractor defense on

16  September 29, 2010, the removal clock began running on that date at the latest, such that

17  a March 2011 notice of removal is untimely.

18          In rebuttal, Lockheed contends that the affirmative defense is not specific as to

19  *federal* government contracts.  Lockheed contends that it was not aware until the

20  February 2011 depositions that Ms. Bouchard's former husband worked on U.S. Navy

21  ships.  Because Lockheed worked on ships owned by federal and state government

22  entities, Lockheed contends that its September 2010 "government contractor" defense

23  could have referred to non-federal work. *See* Balch Decl. (Dkt. # 29) ¶ 3 ("During the

24  1970s, [Lockheed and its predecessor companies] constructed and repaired various

25  vessels for both the U.S. Government and other non-federal entities.").  Thus, Lockheed

26  contends that its September 2010 Answer does not concede removability.

27

28  ORDER – 3

1    Lockheed's interpretation of its Answer is too strained to be credible.  Lockheed

2    has cited no authority for the proposition that the "government contractor" defense refers

3    to any other government other than the United States government, and the court is aware

4    of no such authority.  Instead, the court is aware of cases defining the "government

5    contractor" defense to refer to contracts with the United States government.  *See, e.g., In*

6    *re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1000 (9th Cir. 2008).  *Boyle v.*

7    *United Techs. Corp.*, 487 U.S. 500 (1988).  Furthermore, Lockheed's own Notice of

8    Removal defines the "government contractor" defense as a federal defense:

9       Moreover, Lockheed Shipbuilding can and will assert a federal defense to
        this action.  Its work was performed pursuant to contracts with, and under
10      the supervision of, the United States government, and any recovery by
        plaintiff is barred by the judicially recognized doctrine of immunity
11      conferred upon that contractual relationship and any occurrences arising
        therefrom, otherwise known as the government contractor defense.
12

13   Notice of Removal (Dkt. # 1) ¶ 10.  Lockheed could not have legitimately asserted a

14   government contractor defense in September 2010 without some belief that the liability at

15   issue in this case related to work conducted pursuant to federal contract.  Because it

16   asserted the government contractor defense before learning of the February 2011

17   deposition testimony, that deposition testimony was not necessary to Lockheed's

18   understanding of the potential for claims based on work performed pursuant to federal

19   contracts.  *See Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 783 (9th Cir. 1994)

20   (finding that a defense raised in a defendant's Answer demonstrated awareness of the

21   nature of plaintiff's claims and their removability).  Thus, the case was removable on

22   September 29, 2010, at the latest, and thus Lockheed's March 16, 2011 Notice of

23   Removal was filed after the 30-day removability window under 28 U.S.C. § 1446(b).

24      Because the Notice of Removal was untimely filed, this case shall be remanded

25   and it is unnecessary for the court to consider whether Lockheed has met the substantive

26   requirements for federal officer removal jurisdiction.

27

28   ORDER – 4

IV.   CONCLUSION

For these reasons, the court GRANTS Plaintiffs' motion (Dkt. # 9).  This case shall be remanded to King County Superior Court.

DATED this 23rd day of May, 2011.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5

# EXHIBIT 6

# UNITED STATES DISTRICT COURT
## FOR THE Eastern District of Pennsylvania

IN RE: ASBESTOS PRODUCTS        :       **MDL 875**
        LIABILITY LITIGATION    :
        ALL ACTIONS          :
        (See attached schedule for case list)  :

## TRANSFER ORDER NO. 1004

The Court hereby ORDERS the Clerk of the District Court for the Eastern District of Pennsylvania, the Transferee Court, to initiate the procedures for the transfer of MDL–875 cases from the District Court for the Western District of Washington, the Transferor Court, in accordance with the terms of this Court's Administrative Order No. 11, a copy of which is attached hereto.

The effective date of transfer is upon entry of this order.

BY THE COURT

s/EDUARDO C. ROBRENO
EDUARDO C. ROBRENO, J.

Date: 5–24–11