18BA

# U.S. District Court
## North Carolina Middle District (NCMD)
## CIVIL DOCKET FOR CASE #: 1:11-cv-00454-WO -PTS
## Internal Use Only

SUTTON v. CNA HOLDINGS, INC. et al
Assigned to: JUDGE WILLIAM L. OSTEEN JR.
Referred to: MAG/JUDGE P. TREVOR SHARP
Case in other court: Eastern District of Pennsylvania, MDL
                               875
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 06/06/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**LLOYD L. SUTTON**                    represented by   **JANET WARD BLACK**
                                                         WARD BLACK LAW
                                                         208 W. WENDOVER AVE.
                                                         GREENSBORO, NC 27401
                                                         336-273-3812
                                                         Fax: 336-379-9415
                                                         Email: jwblack@wardblacklaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CNA HOLDINGS, INC.**
*as successor in Liability to DEVOE*
*PAINT COMPANY, a Delaware*
*Corporation*
*formerly known as*
CELANESE CORPORATION OF
AMERICA
*formerly known as*
HNA HOLDINGS, INC.
*formerly known as*
HOECHST CELANESE
CORPORATION

**Defendant**

**DAP PRODUCTS INC.**
*a Delaware Corporation*

**Defendant**

**EXXONMOBIL OIL
CORPORATION**

*a New York Corporation*
*formerly known as*
MOBIL CORPORATION
*formerly known as*
SOCONY MOBIL OIL COMPANY
*formerly known as*
SOCONY-VACUUM COMPANY,
INCORPORATED

**<u>Defendant</u>**

**GEORGIA-PACIFIC LLC**
*a Georgia Corporation*

**<u>Defendant</u>**

**GROW GROUP, INC.**
*a successor in liability to Devoe Paint*
*Company, a New York Corporation*
*formerly known as*
GROW CHEMICAL CORP.

**<u>Defendant</u>**

**INGERSOLL-RAND COMPANY**
*a New Jersey Corporation*

**<u>Defendant</u>**

**MINNESOTA MINING &**
**MANUFACTURING COMPANY**
*a Delaware Corporation*
*also known as*
3M COMPANY

**<u>Defendant</u>**

**OWENS-ILLINOIS, INC.**
*a Delaware Corporation*

**<u>Defendant</u>**

**RAPID AMERICAN**
**CORPORATION**
*a foreign corporation*

**<u>Defendant</u>**

**THE SHERWIN-WILLIAMS**
**COMPANY**
*Individually and as successor in interest*
*to Duron Paints & Wallcoverings*
*Company f/k/a Duron, Inc. and Minwax*
*Company, an Ohio Corporation*

**<u>Defendant</u>**

**TRANE US, INC.**
*a Delaware Corporation*
*formerly known as*
AMERICAN STANDARD, INC.

**Defendant**

**THE VALSPAR CORPORATION**
*a Delaware Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2011 | 1 | COMPLAINT against CNA HOLDINGS, INC., DAP PRODUCTS INC., EXXONMOBIL OIL CORPORATION, GEORGIA-PACIFIC LLC, GROW GROUP, INC., INGERSOLL-RAND COMPANY, MINNESOTA MINING & MANUFACTURING COMPANY, OWENS-ILLINOIS, INC., RAPID AMERICAN CORPORATION, THE SHERWIN-WILLIAMS COMPANY, TRANE US, INC., THE VALSPAR CORPORATION. (Filing fee $ 350 receipt number 0418-937542), filed by LLOYD L. SUTTON. (BLACK, JANET WARD) Modified on 6/7/2011 to add all party names. (Sheets, Jamie) (Entered: 06/06/2011) |
| 06/07/2011 | 2 | Summons Issued as to CNA HOLDINGS, INC., DAP PRODUCTS INC., EXXONMOBIL OIL CORPORATION, GEORGIA-PACIFIC LLC, GROW GROUP, INC., INGERSOLL-RAND COMPANY, MINNESOTA MINING & MANUFACTURING COMPANY, OWENS-ILLINOIS, INC., RAPID AMERICAN CORPORATION, THE SHERWIN-WILLIAMS COMPANY, TRANE US, INC., THE VALSPAR CORPORATION. (Sheets, Jamie) (Entered: 06/07/2011) |
| 06/07/2011 | 3 | Notice of Right to Consent. Counsel shall serve the attached form on all parties. (Sheets, Jamie) (Entered: 06/07/2011) |
| 06/10/2011 | | (Court only) Set Magistrate Judge Flag for Judge P. Trevor Sharp. (Sheets, Jamie) (Entered: 06/10/2011) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS PRODUCTS LIABILITY )
LITIGATION (NO. VI) )
——————————————————— )    **Civil Action No. MDL 875**
)
This Document Relates to: )
——————————————————— )

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No.   1:11cv00454**

**<u>CIVIL ACTION COMPLAINT</u>**

|  |  |
|---|---|
| LLOYD L. SUTTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      v. | ) |
| | ) |
| CNA HOLDINGS, INC. f/k/a CELANESE | ) |
| CORPORATION OF AMERICA f/k/a | ) |
| HNA HOLDINGS, INC. f/k/a HOECHST | ) |
| CELANESE CORPORATION, as | ) |
| successor in Liability to DEVOE PAINT | ) |
| COMPANY, a Delaware Corporation; | ) |
| | ) |
| DAP PRODUCTS INC., | ) |
| a Delaware Corporation; | ) |
| | ) |
| EXXONMOBIL OIL CORPORATION | ) |
| f/k/a MOBIL CORPORATION, | ) |
| f/k/a SOCONY MOBIL OIL COMPANY | ) |
| f/k/a SOCONY-VACUUM COMPANY, | ) |
| INCORPORATED, | ) |
| a New York Corporation; | ) |
| | ) |
| GEORGIA-PACIFIC LLC, a | ) |
| Georgia Corporation; | ) |
| | ) |
| GROW GROUP, INC. f/k/a GROW | ) |
| CHEMICAL CORP., as successor in | ) |

Liability to Devoe Paint Company,                          )
a New York Corporation;                                    )
                                                           )
INGERSOLL-RAND COMPANY, a New                              )
Jersey Corporation;                                        )
                                                           )
MINNESOTA MINING & MANUFACTURING                           )
COMPANY, a/k/a 3M COMPANY, a                               )
Delaware Corporation;                                      )
                                                           )
OWENS-ILLINOIS, INC., a Delaware                           )
Corporation;                                               )
                                                           )
RAPID AMERICAN CORPORATION,                                )
a foreign corporation;                                     )
                                                           )
THE SHERWIN-WILLIAMS COMPANY,                              )
Individually and as successor in interest                  )
to Duron Paints & Wallcoverings Company                    )
f/k/a Duron, Inc.and Minwax Company,                       )
an Ohio Corporation;                                       )
                                                           )
TRANE US, INC. f/k/a                                       )
AMERICAN STANDARD, INC                                     )
a Delaware Corporation;                                    )
                                                           )
THE VALSPAR CORPORATION,                                   )
a Delaware Corporation;                                    )
                          Defendants.                      )
                                                           )

        This action is appropriate for inclusion in the coordinated proceeding as an

asbestos related action.  This action is further appropriate for treatment as a "tag-along"

action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal

injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of

Pennsylvania.

        NOW COMES the Plaintiff, LLOYD L. SUTTON, citizen and resident of North

Carolina, and sues the Defendants and alleges as follows upon information and belief:

1.    (a)    Jurisdiction is founded on diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).  As is evidenced by the caption of the instant Complaint which is specifically incorporated herein, the Defendants are corporations incorporated under the laws of various states as stated in said caption and having their principal places of business in states other than North Carolina and which are amenable to jurisdiction in the Courts of North Carolina by virtue of their respective contacts with the State of North Carolina and/or their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of North Carolina.  At times relevant hereto, each foreign corporation and/or its predecessors mined, manufactured, processed, produced, imported, converted, compounded, supplied, provided, distributed, disturbed and/or retailed substantial amounts of asbestos and asbestos-containing materials and/or dust protection equipment which were sold, distributed and used in North Carolina and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(b)   Lloyd L. Sutton was diagnosed with lung cancer on March 15, 2010 by Dr. Chris Cici.

<u>FOR A FIRST CAUSE OF ACTION - NEGLIGENCE</u>

2.    (a)    Defendants, and each of them, are, or at times relevant hereto were miners, manufacturers, processors, producers, distributors, importers, converters, compounders, contractors and/or retailers of asbestos and asbestos-containing materials, asbestos protective equipment or insurance.

(b)      Defendant CNA HOLDINGS, INC. f/k/a CELANESE CORPORATION OF AMERICA f/k/a HNA HOLDINGS, INC. f/k/a HOECHST CELANESE CORPORATION, as successor in Liability to DEVOE PAINT COMPANY, is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant, CNA HOLDINGS, INC. f/k/a CELANESE CORPORATION OF AMERICA f/k/a HNA HOLDINGS, INC. f/k/a HOECHST CELANESE CORPORATION, as successor in Liability to DEVOE PAINT COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's jobsites.

(c)      Defendant DAP PRODUCTS INC. is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant DAP PRODUCTS INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(d)      Defendant, EXXONMOBIL OIL CORPORATION f/k/a MOBIL CORPORATION, f/k/a SOCONY MOBIL OIL COMPANY f/k/a SOCONY-VACUUM COMPANY, INCORPORATED, is a corporation duly organized and existing under the laws of the State of New York, which has done or is currently doing business within the

State of North Carolina.  At all times material hereto, Defendant, EXXONMOBIL OIL CORPORATION f/k/a MOBIL CORPORATION, f/k/a SOCONY MOBIL OIL COMPANY f/k/a SOCONY-VACUUM COMPANY, INCORPORATED, mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's jobsites.

        (e)     Defendant GEORGIA-PACIFIC LLC is a corporation duly organized and existing under the laws of the State of Georgia, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant, GEORGIA PACIFIC LLC mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's jobsites and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

        (f)     Defendant, GROW GROUP, INC. f/k/a GROW CHEMICAL CORP., as successor in Liability to Devoe Paint Company, is a corporation duly organized and existing under the laws of the State of New York, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant, GROW GROUP, INC. f/k/a GROW CHEMICAL CORP., as successor in Liability to Devoe Paint Company, mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's jobsites.

(g)     Defendant INGERSOLL-RAND COMPANY is a corporation duly organized and existing under the laws of the State of New Jersey, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant INGERSOLL-RAND COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(h)     Defendant MINNESOTA MINING & MANUFACTURING ("3M") is a corporation duly organized and existing under the laws of the State of Delaware which is doing business within the State of North Carolina.  At all times material hereto, Defendant mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(i)     Defendant OWENS-ILLINOIS, INC. is a corporation duly organized and existing under the laws of the State of Ohio which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant OWENS-ILLINOIS, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(j)     Defendant RAPID AMERICAN CORPORATION is a corporation duly organized and existing under the laws of a state other than the State of North

Carolina, which is doing business within the State of North Carolina.  At all times material hereto, Defendant RAPID AMERICAN CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(k)      Defendant THE SHERWIN-WILLIAMS COMPANY, Individually and as successor in interest to Duron Paints & Wallcoverings Company f/k/a, Duron, Inc., and Minwax Company, is a corporation duly organized and existing under the laws of the State of Ohio which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant THE SHERWIN-WILLIAMS COMPANY, Individually and as successor in interest to Duron Paints & Wallcoverings Company f/k/a, Duron, Inc., and Minwax Company,  mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(l)      Defendant TRANE US, INC. f/k/a AMERICAN STANDARD, INC. is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant TRANE US, INC. f/k/a AMERICAN STANDARD, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites and/or had contracting

units and/or employees perform work in the vicinity of the plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(m)     Defendant, THE VALSPAR CORPORATION, is a corporation duly organized and existing under the laws of the State of Delaware which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant THE VALSPAR CORPORATION,  mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

3.     The Defendants and/or their predecessors in interest, acting through their agents, servants and/or employees, caused and have caused in the past certain asbestos,  asbestos-containing materials and asbestos protective equipment to be placed in the stream of interstate commerce with the result that asbestos and asbestos-containing materials came to be used by workers within states in which Plaintiff was exposed and/or performed work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

4.     The employment history, to the extent possible at this time, of the Plaintiff is attached here as Schedule A.  His exposure to asbestos was a proximate cause of the Plaintiff's contraction of lung cancer.  To the best of Plaintiff's knowledge, he was not exposed to asbestos after November of 1980.

5.     Each of the Defendants named in this lawsuit, or their predecessors, mined, manufactured, processed, produced, imported, converted, specified, distributed, and/or sold said asbestos and asbestos products to which the Plaintiff was exposed

during his work career as described herein in Paragraph 4 and/or had contracting units or employees working at Plaintiff's job sites where activities caused the generation of respirable asbestos dust which was breathed by the Plaintiff.

6.      During the course and scope of his employment, Plaintiff was exposed to asbestos and asbestos-containing materials as described herein above, which exposure directly and proximately caused Plaintiff to develop an asbestos-related disease.

7.      The illnesses and disabilities of the Plaintiff were a direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care, should have known, that the asbestos and asbestos-containing materials were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

(a)      Failed to advise Plaintiff of the dangerous characteristics of their asbestos and asbestos-containing products;

(b)      Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if, in truth, they were in any way able to protect them from being poisoned and disabled as they were exposure to such deleterious and harmful asbestos-containing products;

(c)      Failed and omitted to place any warnings or sufficient warning on their containers of said asbestos and asbestos materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos-containing materials;

(d)      Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-containing materials;

(e)      Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to his health in coming in contact with and breathing said asbestos and asbestos related materials;

(f)      Did not recommend methods to improve the work environment with regard to Plaintiff's exposure to asbestos and asbestos-related products;

(g)      Did not adequately test their products and did not develop alternative products;

(h)      Continued to use and sell a known cancer-causing product, to-wit: asbestos, even though the defendants knew, or in the exercise of ordinary care should have known, that asbestos was a cancer causing product;

(i)      After discovering that the asbestos exposure caused a progressive lung disease, the Defendants failed to warn the Plaintiff, and did not inform the Plaintiff of the need for monitoring and periodic evaluations up to and including the filing of this Complaint;

(j)      Were otherwise negligent.

8.      The injury of Plaintiff is also a direct and proximate result of 3M Company's negligence in placing into the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

9.      3M Company knew or should have known that workers would use and rely upon their respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that their respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

10.      Furthermore, 3M Company was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

<u>FOR A SECOND CAUSE OF ACTION – IMPLIED WARRANTY</u>

11.       Plaintiff hereby incorporate by reference Paragraphs one (1) through ten (10), inclusive, as if the same were hereto set forth at length.

12.      The Defendants, and each of them, impliedly warranted that their products or materials at issue were of good and merchantable quality and fit for their intended use and the Plaintiff relied on said warranty.

13.      The implied warranty made by the Defendants, and each of them, that its materials at issue were of good and merchantable quality and safe for its particular intended use, was breached and that certain harmful, poisonous and deleterious asbestos and asbestos-related substances were given off into the atmosphere wherein the Plaintiff carried out his duties with the result that the Plaintiff inhaled and ingested harmful asbestos and asbestos-related substances.

14.      As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff

developed an illness, to-wit:  lung cancer and the Plaintiff was damaged as set out herein.

FOR A THIRD CAUSE OF ACTION – PUNITIVE DAMAGES

15.    Plaintiff hereby incorporate by reference Paragraphs one (1) through fourteen (14), inclusive, as if the same were hereto set forth at length.

16.    Plaintiff was working in close proximity to the asbestos and asbestos-related products of the Defendants or asbestos dust generated or not prevented by the Defendants, and each of them, and Plaintiff's presence (and others in his position) was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

17.    The Defendants have possessed since 1929 medical and scientific data which clearly indicates that the asbestos and asbestos-containing products were hazardous to the health and safety of the Plaintiff and others in the Plaintiff's position. Despite such knowledge and the medical and scientific data possessed by them and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, willfully, deliberately, maliciously, and callously ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity to prevent their exposure to the asbestos products of said Defendants. As a direct result, the Plaintiff was severely damaged as set forth below.

18.    From 1929 through the 1970's, the Defendants had actual knowledge of the dangers of asbestos exposure but, nevertheless, deliberately, intentionally and willfully failed to act upon and withheld from the public the scientific and medical data in

their possession regarding such dangers, thus denying Plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure.  The specifics which support an award of punitive damages to the Plaintiff are represented, in part, by the following:

(a)     Failed to warn prior users even as late as the 1970's when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b)     Issued no recall type letters to prior users even to the date of filing of the Complaint;

(c)     Manipulated the medical data and reports concerning the hazards of asbestos before such reports were released to the medical professions;

(d)     Frustrated the publication of articles and literature from the 1930's through at least 1976;

(e)     Working through the American Textile Institute, labeled Dr. Irving Selikoff a "dangerous man" and embarked upon a concerted effort to denounce Dr. Selikoff's findings regarding the hazards of asbestos and thereby prevent the public from being alerted to those hazards;

(f)     Fought to exclude asbestosis and asbestos-induced cancers from state worker's compensation laws, fearing such inclusion would lead to discovery by workers of the hazards of asbestos and claims resulting therefrom;

(g)     Sought methods to defeat worker's compensation and other claims of asbestos workers who suffered from illnesses or disease from the use of and exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(h)     Attempted to discredit scientists, doctors, writers and medical literature who or which indicated, demonstrated or established a relationship between illness and disease from the use of and exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(i)     Refused to conduct research on the relationship between asbestos exposure and disease, acting with pecuniary motives of profit at the expense of human lives;

(j)     Sought to create favorable publicity about asbestos products for pecuniary motives when they knew of their risks and dangers;

(k)     Concealed the existence of tests, data, literature and medical reports regarding the causal relationship of asbestos to mesothelioma, asbestosis, scarred lungs, respiratory disorders, cancer and other illnesses;

(l)     Despite the urging of medical personnel, refused to authorize testing and research involving the relationship of illness and disease to exposure, use of and inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of their asbestos products, fearing adverse publicity would affect the highly profitable market of asbestos sales.

19.     The acts of the Defendants, and each of them, as hereinabove set forth were fraudulent, wanton and willful and done with malice in disregard of the rights and safety of Plaintiff and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials upon the body of human beings, including

Plaintiff and others similarly situated, and even though forewarned of said dangers and further after having been forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material or defective dust protection equipment with full knowledge that the products were being used and would be used in the future to the detriment of the health of Plaintiff and others similarly situated and Plaintiff is, therefore, entitled to punitive damages.

20.    As a direct and proximate result of the negligence, carelessness, gross negligence, willful and wanton misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendants, Plaintiff was caused to contract diseases and injuries to his body systems, lungs, respiratory system, heart and damage to various organs of his body, including injury to tissue and bone, such as but not limited to asbestosis, scarred lungs, respiratory disorders and other injuries, causing his pain and suffering and both mental and physical anguish.

21.    As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendants, Plaintiff has been damaged and are entitled to compensatory and punitive damages.

<u>DAMAGES</u>

22.    As a result of the development of lung cancer, Plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment.

23.     Plaintiff alleges that, as a result of the conduct of the defendants, his injuries and illnesses are permanent in nature and that he will be forced to suffer for the remainder of his life, that his enjoyment of life has been greatly impaired and, further, that his expected life span has been shortened, and he has sustained diminished earning capacities.

24.     Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur amounts of medical expenses for the male plaintiff by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid.

25.     On account of the fraudulent, malicious and willful and wanton conduct of the defendants, the Plaintiff is entitled to recover punitive damages from each of the defendants.

WHEREFORE, Plaintiff prays that the defendants, and each of them, be cited to appear and answer herein as the law directs, and that upon final hearing hereof, plaintiff recovers judgment of and from the defendants, and each of them, jointly and severally, for their damages as alleged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for general, compensatory and special damages; plus a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages; for medical expenses in an amount to be shown upon the trial hereof; together with his costs and disbursements herein, and interest on said judgment from the date of filing until paid as by law provided, for costs of this action and such other and further relief as to which he may be entitled.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON THE ISSUES TRIABLE

OF RIGHT BY A JURY.


s/ Janet Ward Black
Janet Ward Black
NC Bar No. 12869
Attorneys for Plaintiffs
WARD BLACK, P.A. d/b/a WARD BLACK LAW
208 W. Wendover Avenue
Greensboro, North Carolina 27401
Tel. No. 336/333-2244
jwblack@wardblacklaw.com

DATE:  June 6, 2011

17

## SCHEDULE A

Plaintiff-Worker Employment History
Asbestos Exposure-Worksite Information


NAME:              LLOYD L. SUTTON

ADDRESS:           265 Phaniel Church Rd.
                   Rockwell, NC 28138

OCCUPATION:        Drywall installer, painter, construction laborer


EMPLOYMENT/WORKSITE             APPROXIMATE DATES

See Attached Preliminary Work History of Plaintiff

RELATED ASBESTOS LITIGATION

Actions for Mr. Sutton's non-malignant asbestos disease

were filed on 1/15/1998 Western District of North Carolina under Cause Number

5:98cv2-T in the matter *Donald R. Garmon, et al. v. Rapid American Corporation,*

*et al.* and on 3/9/1998 in Western District of North Carolina under Cause Number

5:98cv29-T in the matter *Charles A. Suddreth, et ux v. ACandS, Inc., et al.*


SMOKING HISTORY

Up to 1 ppd from 1950 to 1996.

PRODUCTS CONTAINING ASBESTOS

pipecovering
block
cements
plasters
gaskets
cloth
rope
tape
yarn
roofing products
fireproofing
packing

18

pipe
joint compound
paint

DEPENDENTS:    None

WORK HISTORY OF
<u>LLOYD SUTTON</u>

| <u>Dates</u> | <u>Employer</u> | <u>Jobsite</u> | <u>Job Description</u> |
|---|---|---|---|
| 1952-1953,<br>1955-1957 | Grady Rich<br>Charlotte, NC | -BellTelephone Main Office<br>Caldwell St. (Charlotte, NC)<br>- Bell Telephone substations<br>(Belmont, NC and Gastonia, NC)<br>- DPC Office bldg. (Charlotte, NC)<br>- County Jail (Gastonia, NC)<br>- Sears Dept. Store (Charlotte, NC)<br>- Miller Brewery Warehouse<br>    (Charlotte, NC)<br>- Weigh Stations in NC and SC | Painter/<br>Drywall |
| 1952 | Southern Waterproofing<br>Greensboro, NC | Apartment Complex<br>Wilmington, NC | Painter/Laborer |
| 1952 | Gillespie Varnish Co.<br>Jersey City, NC | Varnish Plant<br>Jersey City, NJ | Factory worker<br>(Made paint & varn.) |
| 1954 | TA Dixie Painting Contractors<br>Charlotte, NC | | |
| 1955 | D.C. Kerr<br>Charlotte, NC | unknown | |
| 1956 | W. A. Harkley<br>Pineville, NC | unknown | |
| 1957 | Linn-Corriher<br>(now Park Dale Yarn)<br>Landis, NC | Mill<br>Landis, NC | Laborer/<br>Doffer |
| 1957-1961,<br>1963-1965,<br>1967 | Turner Painting Service<br>Concord, NC | - Car City<br>Concord, NC)<br>- W R Odell Elementary School<br>Concord, NC<br>- Winecoff Elementary School<br>Concord, NC<br>- Mt. Pleasant Middle School<br>Concord, NC<br>- Lance Packing Plant<br>Charlotte, NC | Painting/<br>Drywall |

| | | | |
|---|---|---|---|
| 1957 | Tellepsen Construction<br>Houston, TX | unknown | |
| 1957 | Walter Thos. Blackwelder<br>Concord, NC | | Painter/<br>Drywall |
| 1958 | Marsh Brothers Constr. Co.<br>Charlotte, NC | Residences<br>Charlotte, NC area | Drywall |
| 1959 | Jemison, Inc<br>Memphis, TN | unknown | |
| 1959 | The Home Decorators, Inc<br>Alexandria, VA | Housing Projects<br>Mt Vernon, VA | Painter |
| 1960 | Self-employed* | | |
| 1962 | C. Everhart Sheet Rock<br>Charlotte, NC | Charlotte, NC area | Drywall |
| 1963 | Specialty Coatings<br>Charlotte, NC | unknown | |
| 1965 | Mecklenburg Drywall Co.<br>Charlotte, NC | Residential, Commercial<br>& Industrial sites<br>Charlotte, NC area | Drywall |
| 1966-1968 | Linn-Corriher Corp.<br>Landis, NC | Mill<br>Landis, NC | Doffer/<br>Card Room<br>Slubber |
| 1966-1967 | L. E. Smith Home Builders<br>Concord, NC | Residences<br>Concord, Landis &<br>Kannapolis, NC | Drywall/<br>Carpenter |
| 1966 | Elwood Collier & Sons<br>Jacksonville, FL | unknown | |
| 1967 | NC Nt'l Guard<br>Raleigh, NC | unknown | |
| 1967 | Dominion Yarn<br>Landis, NC | Textile Mill<br>Landis, NC | Card Room |
| 1968-1969 | W. L. Furr Painting Co.<br>Concord, NC | - Livingston College<br>Salisbury, NC | Painter |

|  |  | Other jobs in:<br>- Concord, NC<br>- Columbia, SC |  |
| --- | --- | --- | --- |
| 1969 | Mecklenburg Drywall Co.<br>Charlotte, NC | Residential, Commercial<br>& Industrial sites<br>Charlotte, NC area | Drywall |
| 1969 | Interior Drywall<br>Leslie, SC |  |  |
| 1969-1970 | Helms Drywall Sanding<br>Salisbury, NC | Charlotte, NC area | Drywall |
| 1970 | Cannon Mills<br>(Pillowtex Fieldcrest)<br>Eden, NC | Textile Mill<br>Eden, NC | Doffer |
| 1970 | Tom's Dry Wall<br>Charlotte, NC |  | Drywall |
| 1970 | Mrs. Asa Parham<br>High Point, NC | Kannapolis, NC | Drywall |
| 1971-1973 | Self-employed* |  | Drywall |
| 1973-1974 | Miles Plaster<br>Albany, GA | - Sea Path<br>Wrightsville Beach, NC<br>- Station I<br>Wrightsville Beach, NC<br>- Gateway Plaza<br>Greensboro, NC | Drywall |
| 1974-1975 | Ray Upright Painting Co.<br>Gold Hill, NC | - John Crosland Co/Syntex<br>in Charlotte,<br>Winston-Salem<br>& Greensboro, NC | Drywall/<br><br>Painting |
| 1975-1988 | Self-employed* |  | Drywall |
| 1989-1990,<br>1994-1995 | Poplin & Sons Machine<br>Monroe, NC | (off and on<br>through the years) | Machinist<br>on mill and lathe |
| 1990 | 31 W Insulation<br>Goodletsville, TN |  | Drywall |

22

| 1991-1993 | Self-employed* | Drywall |
| 1994 | L A Simpson<br>Monroe, NC | Machinist |
| 1995 | Self-employed* | Drywall |

*When Mr. Sutton was self-employed he worked for various contractors. Listed below are the contractors and jobsites:

**Graham Construction (Cabarrus Construction) 1960's and 1970's**
First Assembly Church (Concord, NC))
Athens Italian Restaurant (Concord, NC)
Hartsell, Hartsell and White (Concord, NC)
Concord National Bank (Concord, NC)
W R Odell Elementary School (Concord, NC)
Reed Gold Mine State Historic Site (Concord, NC)
Concord National Bank, Church Street (Concord, NC)
Office of Cabarrus Construction (Concord, NC)
Gantt and Hooberman Architects office building (Charlotte, NC)
Coliseum Drive Apts. (Charlotte, NC)
Nautilus Fitness Center (Kannapolis, NC)
Westgreen Apartments (Kannapolis, NC)

**Kannapolis Construction 1960's**
Trull Chiropractic (Kannapolis, NC)

**Laxton Construction Co.  1970's**
Providence Square Shopping Center (Charlotte, NC)

**Wagner Construction  1970's**
Spanish Arms Apartments (Salisbury, NC)

**Heritage Builders  1970's**
In Mount Airy, NC

**Sehorn Construction**
Office Building of Sehorn Construction (Concord, NC)

**Hayward Realty / Harward Realty  1960's & 1970's**
Concord Vaccum Center (Concord, NC)
Colonial Heights Apts. (Concord, NC)

**Home Realty**
Hidden Valley (Kannapolis, NC)

**C J Moss Real Estate**
Woodridge Condominium (Concord, NC)
Office Bldg. (Kannapolis, NC)

**Robert Holt Drywall (High Shoals, NC)**
Salisbury, NC
Rowan County and surrounding counties

**J.C. Beacham Plastering (Charlotte, NC)**
IBM building Charlotte, NC
Charlotte, NC and surrounding area

other jobsites:      Belk's Store Wilmington, NC (1950's)
                     Apartments in Wilmington, NC
                     100 Units of Apartments in Reidsville, NC (Gastonia
contractor)
                     Burlington Mills High Point, NC (drywall for new bldg.)
                     Cannon Mills Plant #1 Kannapolis, NC
                     Cannon Mills Plant # 9 Concord, NC
                     DPC Riverbend Plant Mount Holly, NC
                     GE Plant Hickory, NC (maybe)
                     J/M Plant Marshville, NC
                     Coca-Cola Warehouse Concord, NC off Hwy 29
                     Holiday Inn Lexington, NC (1960's for John Young)
                     Northside Baptist Church Charlotte, NC
                              (1960's for Roger's Builder's)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DEFENDANTS LIST

CNA Holdings, Inc. f/k/a Celanese
Corporation Of America f/k/a
HNA Holdings, Inc. f/k/a Hoechst
Celanese Corporation, as
successor in Liability to Devoe Paint Company
c/o Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

DAP Products Inc.
By and Through Its Registered Agent:
The Prentice-Hall Corporation System, Inc.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Exxonmibil Oil Corporation
f/k/a Mobil Corporation
f/k/a Socony Mobil Oil Company, Inc.
f/k/a Socony-Vacuum Oil Company,
Incorporated
c/o Its Registered Agent
The Prentice-Hall Corporation Systems, Inc.
327 Hillsborough Street
Raleigh, NC 27603

Georgia-Pacific LLC
By and Through Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Grow Group, Inc. f/k/a Grow
Chemical Corp., as successor in
Liability to Devoe Paint Company
c/o Its Registered Agent
C. T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Ingersoll-Rand Company
c/o Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Minnesota Mining & Manufacturing Co.
a/k/a 3M Company
c/o Roger P. Smith, Secretary
3M Center, Building 220-14W-06
St. Paul, Minnesota 55144-1000

Owens-Illinois, Inc.
c/o Registered Agent/Managing Agent
One Michael Owens Way
Perrysburg, OH 43551

Rapid American Corporation
By and Through Its Registered Agent/Managing Agent
2711 Centerville Road
#400
Wilmington, DE 19808

The Sherwin-Williams Company,
Individually and as successor in interest
to Duron Paints & Wallcoverings Company
f/k/a Duron, Inc.and Minwax Company
By and Through Its Registered Agent
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Trane US, Inc. f/k/a
American Standard, Inc.
c/o Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

The Valspar Corporation
c/o Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601