## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL No. 875 |
| | § | |
| This Document Relates To: | § | |
| | § | |
| WILLIAM CLEVE DAVIDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 2:11-CV-01013 (E.D. La.) |
| v. | § | |
| | § | |
| ADVOCATE MINES, LTD., *et al* | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-393)

Defendants, The Hongkong and Shanghai Banking Corporation Limited and HSBC Holdings plc (the "HSBC Defendants"), on behalf of themselves and all Defendants in the captioned matter, file this Response in Opposition to Plaintiff's Motion to Vacate the Conditional Transfer Order (CTO-393) (the "Response"), and in support, respectfully show the Panel as follows:

### SUMMARY STATEMENT

This Response is being filed within twenty-one (21) days of the filing of Plaintiff's Motion to Vacate the Conditional Transfer Order (CTO-393) ("Motion to Vacate") in accordance with Rule 6.1(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Plaintiff argues that this Panel should vacate its May 4, 2011 Order conditionally transferring this case to the United States District Court for the Eastern District of Pennsylvania because

NO:0041171/00096:148331v1

Plaintiff intends to file a motion to remand[1]. However, as more fully set forth below, the pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in a Section 1407 proceeding.

## ARGUMENT

The Judicial Panel on Multidistrict Litigation and other federal courts have universally recognized that "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings." *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005); *Grispino v. New England Mut. Life Ins., Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case."); *Ivy v. Diamond Shamrock Chems. Co.*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing "that the MDL panel has jurisdiction to transfer a case in which a jurisdictional objection is pending."). A pending motion for remand can be presented to the transferee judge. *See In re Am. Home Mortgage Sec Litig.*, 528 F. Supp. 2d 1376, 1377 (J.P.M.L. 2007).

Plaintiff's stated intent to file a motion to remand to state court is simply not a sufficient basis to vacate a conditional transfer order. As such, Defendants request that Plaintiff's Motion to Vacate the Conditional Transfer Order be denied so that the process of transfer can continue without any unnecessary interruption or delay.

---

[1] Since filing his Motion to Vacate, the Plaintiff filed a Motion to Remand in the United States District Court for the Eastern District of Louisiana on May 27, 2011, which is set for hearing on Wednesday, June 22, 2011.

NO:0041171/00096:148331v1

Respectfully Submitted,


   /s/ Monique Lafontaine
Monique M. Lafontaine (T.A.) (24557)
LOCKE LORD BISSELL & LIDDELL LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana  70130-6036
(504) 558-5133 (telephone)
(504) 681-5223 (facsimile)
mlafontaine@lockelord.com

**COUNSEL FOR DEFENDANTS, HSBC HOLDINGS PLC AND THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing document was served on counsel of record by electronic filing and email on this 10th day of June, 2011.


   /s/ Monique Lafontaine
Monique Lafontaine