JANET L. RICE, WSBA#9386
SCHROETER GOLDMARK & BENDER
500 Central Building
810 Third Avenue
Seattle, Washington  98104
Telephone:  (260) 622-8000
Facsimile:  (206) 682-2305

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL DOCKET NO. 875**

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

THIS DOCUMENT RELATES TO:

<u>Bouchard v. CBS Corp., et al.</u>
United States District Court
Western District of Washington
Cause No. 2:11-cv-00458RAJ
Eastern District of Pennsylvania
Cause No. 2:11-cv-66270

PLAINTIFFS' RESPONSE TO DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S MOTION FOR CLARIFICATION

I.   INTRODUCTION

Lockheed Shipbuilding Company (hereafter "Lockheed") has moved the Panel for an order stating that "the Panel's Transfer Order superseded the transferor court's Remand Order." Ct. Dkt. 7329.  According to the Honorable Eduardo Robreno, the transfer of the case from the Western District of Washington to the Eastern District of Pennsylvania became effective May 24, 2011.  Exhibit 6 to Andre Declaration, Ct. Dkt. 7329-2, p. 25.  Western District of Washington Judge Jones signed the order remanding the case on May 23, 2011 and the order was docketed on May 24, 2011.  Whether one considers the day the Order was granted (May 23rd) or the date

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 1

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

the Order was docketed (May 24th), as the effective date of the Order, the Western District of Washington Court had jurisdiction to grant the order.

Under case law, prior orders of the Eastern District of Pennsylvania, and under principles of comity, the transfer order of this panel did not supersede Judge Jones' order remanding this case to state court.

## II.   STATEMENT OF FACTS

A. THE TRANSFEROR COURT FILED ITS ORDER AND ISSUED THE LETTER TO THE STATE COURT BEFORE BEING NOTIFIED OF THE TRANSFER ORDER.

Judge Jones signed his remand order on May 23, 2011.  Ct. Dkt. 7392-2, pp.20-24. Contrary to Lockheed's characterization of the order as being based on a "perceived technicality"[1], Judge Jones found that the notice of removal was untimely under 28 U.S.C. § 1446(b) (Lockheed filed its notice of removal six months after it had enough information to assert the government contractor defense).  Id.

The Eastern District of Pennsylvania Court entered an order on May 24, 2011 stating the effective date of transfer was May 24th.  Transfer Order No. 1004, Ct. Dkt. 7329-2, p. 26 ("The effective date of transfer is upon entry of this order.").  Attached to the transfer order is Administrative Order No. 11.  Id., Exhibit A attached to the Declaration of Janet L. Rice in Response to Lockheed's Motion for Clarification.  The Western District of Washington court did not receive Transfer Order No. 1004.  Declaration of Janet L. Rice.  On May 27, 2011, the Western District of Washington court issued a letter to the King County Superior Court with a certified copy of the Court's order advising it that the case would be remanded.  Exhibit B to Declaration of Janet L. Rice.  The e-mail to counsel notifying them of the transfer to state court was dated May 27, 2011 at 10:28 a.m.  Exhibit C to Declaration of Janet L. Rice.  After the letter was sent, the Western District of Washington court was notified that the Panel had issued

---

[1] Ct. Dkt. 7329-1, p. 2.

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 2

a decision to transfer the case. Exhibit D to Declaration of Janet L. Rice, # 47. The document was apparently filed late on May 27, 2011 because it was not sent to counsel until May 31, 2011 at 2:13 p.m. Exhibit E to Declaration of Janet L. Rice.

On June 6, 2011, Lockheed filed a motion for reconsideration in the Western District of Washington Court. Exhibit F to Declaration of Janet L. Rice. On June 10, 2011, plaintiffs filed their opposition to the motion. Exhibit G to Declaration of Janet L. Rice.

B. THIS SAME MOTION IS ALREADY PENDING IN THE EASTERN DISTRICT OF PENNSYLVANIA COURT.

After the Eastern District of Pennsylvania entered its transfer order on May 24, 2011, plaintiffs filed on May 26, 2011 an expedited motion to remand the case to the King County Superior Court pursuant to the Western District of Washington's May 23, 2011 order. Exhibit H to Declaration of Janet L. Rice. In the alternative, plaintiffs asked the court to hear the motion to remand expeditiously. Id. Although plaintiffs believe that the Western District of Washington court had jurisdiction when it issued its order, the motion was filed in the Eastern District of Pennsylvania because the case had been transferred to that court and the transfer order had issued from that court.[2]

On May 27, 2011, Lockheed opposed the motion on the issue of jurisdiction of the Western District of Washington to issue its May 23rd order and the plaintiffs replied on May 31, 2011. Exhibit I and J to Declaration of Janet L. Rice. On June 6, 2011, Lockheed filed its opposition to the motion for remand on substantive grounds. Exhibit K to Declaration of Janet L. Rice. The plaintiffs have not filed their reply on the substantive issues.

---

[2] The court issuing the remand order loses jurisdiction over the case upon signing the order. Seedman v. U.S. Dist. Court for Cent. D. of Cal., 837 F.2d 413 (9th Cir. 1988) (distinguishing Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 335 (1976)).

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 3

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

III. ARGUMENT

A. THE WESTERN DISTRICT OF WASHINGTON COURT HAD JURISDICTION OVER THE CASE WHEN IT SIGNED ITS ORDER OF REMAND.

1. The Eastern District Of Pennsylvania Recognizes Orders Of The Transferor Court Which Are Entered As Of The Date Of Transfer.

The Asbestos Product Liability Litigation ("MDL 875") has been an active ongoing multi-district action assigned to the Eastern District of Pennsylvania since July 29, 1991.[3] Administrative Order No. 11 was filed along with Transfer Order No. 1004 in this case in the Eastern District court. Transfer Order No. 1004, Ct Dkt. 7329-2, p. 26. Over the past 20 years both the MDL Panel and the Eastern District have issued orders to coordinate their actions and the actions of other district courts regarding asbestos litigation. Those orders relate, *inter alia,* to the issue at bar, i.e., the effect of orders by a transferor court depending on the timing of transfer to the Eastern District.

The rules and orders affecting this motion include the following:

1. The rules of procedure of the Judicial Panel for Multi-District Litigation at Section 2.1(d) provides:

> (d) Pendency of Motion or Conditional Order. The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective <u>only</u> upon its filing with the clerk of the transferee district court (emphasis added).[4]

2. Administrative Order No. 11 was issued in 2006 by the Eastern District of Pennsylvania and provides in relevant part:

2. ***Motions.***

---

[3] Administrative Order No. 11, exhibit A to Declaration of Janet L. Rice.
[4] The word "only", a word of limitation, was added to the Rules of Procedure after the decision of the MDL Panel in <u>In Re Baycol Products Liability Litigation</u>, 269 F. Supp.2d 1376 (2003), which was cited by Lockheed. At that time, this section was 1.5 and was later renumbered to section 2.1.

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 4

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

> All Motions pending in MDL 875 which are neither granted nor denied as of the date of transfer of a case from the Clerk of the Transferor Court to the Clerk of the Transferee Court shall be deemed denied <u>without prejudice</u> and with all time requirements held in abeyance from the initial date of filing….

<u>Id.</u> (emphasis in original). Pursuant to this Order, a motion is "deemed denied without prejudice", only if the motion in the transferor court is "unresolved" in such court "as of the date of transfer of a case from the Clerk of the Transferor Court [W.D. Wash. in this case] to the Clerk of the Transferee Court [E.D.P.A. in this case]."[5]

3. The MDL Panel Order at issue in this case provides in relevant part:

> IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, <u>with the consent of that court</u>, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings. (Emphasis added.)

Thus, by the terms of the Order, this case did not become included "in the coordinated or consolidated pre-trial proceedings," in the Eastern District until "the consent of that court."

The "consent of that court" was contained in the Transfer Order No. 1004 of Judge Robreno dated May 24, 2011, which stated:

> The Court hereby ORDERS the Clerk of the District Court for the Eastern District of Pennsylvania, the Transferee Court, to initiate the procedures for the transfer of MDL-875 cases from the District Court for the Western District of Washington, the Transferor Court, in accordance with the terms of this Court's Administrative Order No. 11, a copy of which is attached hereto.
>
> The effective date of transfer is upon entry of this order.

This Transfer Order thus specifically provides that the "effective date of transfer is upon entry of this order" which was May 24, 2011.

The Western District of Washington's order which is at issue here was signed and dated May 23, 2011. The order was docketed on May 24, 2011. Whether one considers the date the

---

[5] The words "as of" means " the effective date of a legal document. Black's Dictionary, Seventh Edition, p. 109.

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 5

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

Order was granted (May 23rd) or the date the Order was docketed (May 24th), as the effective date of the Order, this Court had jurisdiction to grant the order.[6]

2. The Effective Date Of The Transfer Order Is May 24, 2011.

Lockheed completely ignores Administrative Order No. 11 and its relevance on the issue in this case. Rather, Lockheed argues that the transfer order became effective on May 23rd and not May 24th and the effective date of this court's order is May 24th, the day the document was docketed. Lockheed is wrong on both counts. With respect to the effective date of the transfer, the plain language of Judge Robreno's order states that the effective date is May 24.

Lockheed argues that the order of Judge Robreno cannot "trump" the language of the Panel Rules that state the transfer becomes effective when the transfer order is filed. Ct. Dkt. 7329-1, p. 5. Lockheed's argument misreads both Judge Robreno's order and the MDL Order at issue in this case. First, Judge Robreno did not simply "suggest" that the "effective date of transfer is upon entry of this order," as claimed by Lockheed. Ct. Dkt. 7329-1, p. 5, line 1. Rather he ordered it, and must have believed he had authority to do so. Second, his authority to do so is consistent with the MDL Panel rules as interpreted by the MDL Panel's Order in this case. Notably, the Panel's order calls for "the consent of" the Eastern District before this action could be included "in the coordinated or consolidated pretrial proceedings." Given that the court's consent was required, Judge Robreno had authority as part of his consent to rule that the "effective date of the transfer is upon entry of this order."

---

[6] The time of day the order was signed or docketed is irrelevant to whether the motion was decided as long as the decision (effective when signed or docketed) was "as of" the date of transfer. Lockheed points out that plaintiffs cannot show that docketing of the remand order preceded in time of day the docketing of the May 24, 2011 transfer order. Ct. Dkt. 7329-1, p. 5, fn. 2. It doesn't matter under Administrative Order No. 11. Even if it did matter which was docketed first, Lockheed cannot likewise prove that the transfer order was docketed before the remand order. Remand orders are favored. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.1988) (the removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand). In a situation where it is unclear which party should prevail, the plaintiffs win. Id.

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 6

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

3. **The Western District of Washington's Order Was Effective On May 23, The Day It Was Signed.**

Lockheed assumes that the Western District of Washington Order was not effective until May 24th, the date it was docketed. Even if that were true, Western District of Washington Court had jurisdiction to issue that order on May 24th based on Judge Robreno's May 24th Transfer Order and Administrative Order No. 11. The motion to remand was not one that was "neither granted nor denied as of the date of transfer." Admin. Order, p. 3. As such, it was not a motion that under the Administrative Order "shall be deemed denied without prejudice." Id. Given that the motion was granted by this Court and not deemed denied by the Eastern District, it remains in effect.

There is also good Ninth Circuit authority for the proposition that the effective date of this Court's order signed and dated May 23, 2011 was May 23rd, rather than May 24th, the date it was docketed. In Re San Joaquin Roast Beef, 7 F.3d 1413, 1414-1417 (9th Cir. 1993); Noli v. Commissioner, 860 F.2d 1521, 1525 (9th Cir. 1988). In these two cases, the Ninth Circuit held that the date of signing the order rather than the date of docketing the order was the effective date of the orders. Id. Both cases considered the impact of Fed. R. Civ. P. 58[7] (separate judgment rule) and Fed. R. Civ. P. 79(a) (docketing procedures) on the date of effectiveness. The courts distinguished the date of docketing for a separate judgment under Rule 58 and 79(a), to establish the time period for appeal, and the signing of an order. The latter is given effect immediately. Also see, In Re Sewell, 345 B.R. 174 (2006) ; Ornstein v. Lyndon Baines Johnson Health Complex, Inc., 2006 WL 845412 (E.D. New York); America's Servicing Company v. Schwartz-Tallard, 438 B. R. 313 (D. Nevada 2010) (date of oral ruling is the effective date of the order).

---

[7] Fed. R. Civ. P. 58 was cited by the court in In Re Baycoll Products Liability Litigation, 269 F. Supp.2d 1376 (JPML 2003), the case on which Lockheed principally relies.

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 7

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

B.   **BASED ON PRINCIPLES OF COMITY ALONE, THE COURT'S RULING SHOULD BE HONORED.**

The Multidistrict Panel has adopted the principles of comity in constructing its orders and "whether to permit transferor courts … to reach timely decisions".

> On principles of comity, where appropriate, <u>the Panel has in the past</u> timed its actions and <u>constructed its orders in a manner which will permit the transferor courts (and Courts of Appeals if they are involved) to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel</u>. This policy of comity has been followed in the past and will be followed in the future by the Panel

<u>In Re Plumbing Fixture</u>, 298 F. Supp. 298 F. Supp. 484, 496 (J.P.M.D.L. 1968) (emphasis added).

In this case, the time, effort, and expertise that went into the Western District of Washington's decision to grant plaintiffs' motion to remand outweighs any determination to disrupt and ignore the decision of that court. Based on principles of comity, the Western District of Washington's Order should be held valid.

C.   **LOCKHEED IS DELAYING RESOLUTION OF THE ISSUE BY FILING MULTIPLE MOTIONS.**

Lockheed's filing of the motion with the Panel (and with the Western District of Washington) while the motion to remand is pending in the Eastern District of Pennsylvania court will result in more delay in getting this case to trial. The plaintiff Lola Bouchard is dying of mesothelioma. She has limited time to personally pursue her case to trial. The delays in remanding this case to superior court should be stopped and the case transferred to the superior court for trial.

## IV.   CONCLUSION

The Court should deny Lockheed's motion for an order holding that the decision of the Western District of Washington's order remanding the case is superseded by the Panel's transfer order. The Western District of Washington's order remanding the case to state court was signed and became effective one day before the effective date of the transfer order. Even

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 8

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1 if the docketing date of the order is considered the effective date of the order, the order is valid
2 under Transfer Order No. 1004 and the Administrative Order no. 11.  Therefore the Western
3 District of Washington Court had jurisdiction over this case when it issued its order.
4 Lockheed's arguments that the transfer order went into effect on May 23 (contrary to Judge
5 Robreno's order) and the Court's order went into effect on May 24 (contrary to case law) are
6 not reasonable.  For all of these reasons, the Court should deny Lockheed's motion for
7 clarification.

8   DATED this 13th day of June, 2011.

  *s/ Janet L. Rice*
  JANET L. RICE, WSBA #9386
  Counsel for Plaintiffs
  SCHROETER, GOLDMARK & BENDER
  810 Third Avenue, Suite 500
  Seattle, WA  98104
  Phone:  (206) 622-8000 * Fax:  (206) 682-2305
  Email:  rice@sgb-law.com

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 9

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on **June 13, 2011,** I filed the foregoing **PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION FOR CLARIFICATION** with the Clerk of the Court via Federal Express, and I served said pleading on the attorneys of record for the defense via legal messenger and/or Federal Express, to be delivered June 14, 2011:

Counsel for **Foster-Wheeler Energy Corp.**;
Dirk Bernhardt
MURRAY, DUNHAM & MURRAY
200 West Thomas, Suite 350
Seattle, WA 98119

Counsel for **Saberhagen Holdings, Inc**.
Timothy Thorson
CARNEY, BADLEY SPELLMAN
701 Fifth Avenue, Suite 3600
Seattle, Washington 98104-7010

Counsel for **Lockheed Shipbuilding Co.**
Robert Andre
OGDEN MURPHY WALLACE, PLLC
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101

Counsel for **Todd Shipyards**
KARR TUTTLE CAMPBELL
Walter Eugene Barton
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028

Counsel for **CSK Auto**
Stephen Leatham
HEURLIN & POTTER
211 East McLoughlin Blvd., Suite 100
Vancouver, WA 98666-0611

Counsel for **E & E Lumber**, Inc. a Washington Corporation
Jan Brucker
JACKSON JENKINS & RENSTROM, LLP
701 Fifth Ave., 42nd Floor,
Seattle, WA 98104

Counsel for **Georgia Pacific**
Barry Mesher/Brian Zeringer/Bruce Hamlin
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338

Counsel for **Metalclad Insulation Corp**
Katherine M. Steele
STAFFORD FREY COOPER, PC
3100 Two Union Square
601 Union Street
Seattle, WA 98101

Counsel for **Metropolitan Life Insurance Co**.
Richard Gawlowski
WILSON, SMITH, COCHRAN & DICKERSON
1215 Fourth Avenue, Suite 1700
Seattle, Washington 98161-1007

Counsel for **Union Carbide** and **Saint Gobain Containers Inc.**
Diane Kero
GORDON THOMAS HONEYWELL
600 University Street, Suite 2101
Seattle, Washington 98101

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 10

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Counsel for **E & E Lumber**, Inc. a Washington Corporation
Ronald G. Housh, P.S.
800 Fifth Avenue, Suite 4000
Seattle, WA 98104-3180

*s/ Robert Ylitalo*
ROBERT YLITALO
Paralegal

PLAINTIFFS' RESPONSE TO LOCKHEED'S MOTION
FOR CLARIFICATION- 11

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305