# Exhibit B

**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK
700 STEWART ST . LOBBY LEVEL
SEATTLE, WASHINGTON 98101

WILLIAM M. MCCOOL
CLERK

May 27, 2011

King County Superior Court, WA
516 - 3rd. Ave., E-609
Seattle, WA. 98104

RE:   Lola Bouchard, et al v. CBS Corporation, et al, CV11-485-RAJ

Dear Clerk:

Please find enclosed the certified copy of Judge Richard A. Jones's Order remanding this case to state court in the above indicated cause. **Certified copies or CD-rm of this case file will be forwarded to you in 15 days.**

Sincerely,

s/C. Ledesma, Deputy Clerk

Enclosure

cc:  Court file, counsel

11-CV-00458-VRDCT

Case MDL No. 875   Document 7361-3   Filed 06/14/11   Page 3 of 7
Case 2:11-cv-00458-RAJ   Document 44   Filed 05/27/11   Page 2 of 6
Case 2:11-cv-00458-RAJ   Document 43   Filed 05/24/11   Page 1 of 5

HONORABLE RICHARD A. JONES

CERTIFIED TRUE COPY
ATTEST: WILLIAM M. McCOOL
Clerk, U.S. District Court
Western District of Washington
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOLA BOUCHARD, et al.,

Plaintiffs,

v.

CBS CORPORATION, et al.,

Defendants.

CASE NO. C11-458RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion to remand (Dkt. # 9). No party requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. The court GRANTS the motion (Dkt. # 9) for the following reasons.

## II. BACKGROUND

Plaintiffs Lola and Michael Bouchard filed this lawsuit on September 13, 2010, in King County Superior Court, alleging that the Defendants, including Defendant Lockheed Shipbuilding Company ("Lockheed"), were liable for Ms. Bouchard's alleged asbestos-related injuries that she suffered as a result of her former husband's exposure to

ORDER – 1

Case MDL No. 875   Document 7361-3   Filed 06/14/11   Page 4 of 7
Case 2:11-cv-00458-RAJ   Document 44   Filed 05/27/11   Page 3 of 6
Case 2:11-cv-00458-RAJ   Document 43   Filed 05/24/11   Page 2 of 5

1  asbestos products at work. The case was removed to this court by Defendant General
2  Electric Company, but then remanded after Plaintiffs settled with General Electric
3  Company. *See* Notice of Removal ¶ 2.
4      On February 22, 2011, one of Plaintiffs' witnesses testified in a deposition that he
5  saw Ms. Bouchard's former husband working on military ships at Lockheed in 1976 and
6  1977. Andre Decl., Ex. 6. On February 24, 2011, another witness testified in a
7  deposition that he worked on United States Navy ships with Ms. Bouchard's former
8  husband, but he could not remember at which shipyard that work took place. Andre
9  Decl., Ex. 7. According to Lockheed, this deposition testimony was the first notice to
10 Lockheed of facts that would support removal under federal officer jurisdiction. *See*
11 Def.'s Opp'n (Dkt. # 32) at 2.
12     Lockheed filed its notice of removal on March 16, 2011. *See* Notice (Dkt. # 1).
13 The Plaintiffs filed a motion to remand, arguing that removal was untimely. The court
14 now turns to consider that motion.

### III. ANALYSIS

**A. Legal Standards.**

17     A party seeking federal jurisdiction has the burden to show that removal is proper.
18 *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). Federal officers and their
19 agents may remove a case based on acts performed under color of their federal office.
20 *See* 28 U.S.C. § 1442(a)(1). A defendant seeking to establish federal officer jurisdiction
21 must satisfy three requirements: (1) that it has a "colorable federal defense"; (2) that it
22 acted "pursuant to a federal officer's directions"; and (3) that a "causal nexus exists
23 between the defendant's actions under color of federal office and the plaintiff's claims."
24 *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989). The court is to broadly
25 construe the applicability of federal officer jurisdiction, to further the purpose of the
26 federal officer removal statute (namely, to "have the validity of the defense of official

28 ORDER – 2

Case MDL No. 875   Document 7361-3   Filed 06/14/11   Page 5 of 7

Case 2:11-cv-00458-RAJ   Document 44   Filed 05/27/11   Page 4 of 6
Case 2:11-cv-00458-RAJ   Document 43   Filed 05/24/11   Page 3 of 5

immunity tried in a federal court") without "frustrat[ion] by a narrow, grudging interpretation of Section 1442(a)(1)." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). A notice of removal must be filed within thirty days of a defendant's receipt of a document establishing that the case is removable. *See* 28 U.S.C. § 1446(b).

**B.     The Notice of Removal was Untimely.**

The Plaintiffs contend that remand is appropriate on both procedural and substantive grounds: they argue that Lockheed's notice of removal was untimely, and that even if it were timely, Lockheed cannot establish the third element (the causal nexus) necessary to apply federal officer removal jurisdiction.

On September 29, 2010, Lockheed filed an answer to the Plaintifff's state-court complaint, raising a "government contractor" affirmative defense. *See* Rutzick Decl. (Dkt. # 10), Ex. 1. That defense alleged that "any asbestos-containing equipment or products manufactured, supplied, furnished, sold or used at Lockheed were in compliance with mandatory government contract specifications." *Id.* Thus, Plaintiffs argue that if Lockheed had enough information to assert a government contractor defense on September 29, 2010, the removal clock began running on that date at the latest, such that a March 2011 notice of removal is untimely.

In rebuttal, Lockheed contends that the affirmative defense is not specific as to *federal* government contracts. Lockheed contends that it was not aware until the February 2011 depositions that Ms. Bouchard's former husband worked on U.S. Navy ships. Because Lockheed worked on ships owned by federal and state government entities, Lockheed contends that its September 2010 "government contractor" defense could have referred to non-federal work. *See* Balch Decl. (Dkt. # 29) ¶ 3 ("During the 1970s, [Lockheed and its predecessor companies] constructed and repaired various vessels for both the U.S. Government and other non-federal entities."). Thus, Lockheed contends that its September 2010 Answer does not concede removability.

ORDER – 3

Case MDL No. 875   Document 7361-3   Filed 06/14/11   Page 6 of 7

Case 2:11-cv-00458-RAJ   Document 44   Filed 05/27/11   Page 5 of 6
Case 2:11-cv-00458-RAJ   Document 43   Filed 05/24/11   Page 4 of 5

Lockheed's interpretation of its Answer is too strained to be credible. Lockheed has cited no authority for the proposition that the "government contractor" defense refers to any other government other than the United States government, and the court is aware of no such authority. Instead, the court is aware of cases defining the "government contractor" defense to refer to contracts with the United States government. *See, e.g., In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1000 (9th Cir. 2008). *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988). Furthermore, Lockheed's own Notice of Removal defines the "government contractor" defense as a federal defense:

> Moreover, Lockheed Shipbuilding can and will assert a federal defense to this action. Its work was performed pursuant to contracts with, and under the supervision of, the United States government, and any recovery by plaintiff is barred by the judicially recognized doctrine of immunity conferred upon that contractual relationship and any occurrences arising therefrom, otherwise known as the government contractor defense.

Notice of Removal (Dkt. # 1) ¶ 10. Lockheed could not have legitimately asserted a government contractor defense in September 2010 without some belief that the liability at issue in this case related to work conducted pursuant to federal contract. Because it asserted the government contractor defense before learning of the February 2011 deposition testimony, that deposition testimony was not necessary to Lockheed's understanding of the potential for claims based on work performed pursuant to federal contracts. *See Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 783 (9th Cir. 1994) (finding that a defense raised in a defendant's Answer demonstrated awareness of the nature of plaintiff's claims and their removability). Thus, the case was removable on September 29, 2010, at the latest, and thus Lockheed's March 16, 2011 Notice of Removal was filed after the 30-day removability window under 28 U.S.C. § 1446(b).

Because the Notice of Removal was untimely filed, this case shall be remanded and it is unnecessary for the court to consider whether Lockheed has met the substantive requirements for federal officer removal jurisdiction.

ORDER – 4

Case MDL No. 875   Document 7361-3   Filed 06/14/11   Page 7 of 7

Case 2:11-cv-00458-RAJ   Document 44   Filed 05/27/11   Page 6 of 6
Case 2:11-cv-00458-RAJ   Document 43   Filed 05/24/11   Page 5 of 5

## IV. CONCLUSION

For these reasons, the court GRANTS Plaintiffs' motion (Dkt. # 9). This case shall be remanded to King County Superior Court.

DATED this 23rd day of May, 2011.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5