# Exhibit F

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOLA and MICHAEL BOUCHARD, wife and husband,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CBS CORPORATION, et al.,<br><br>　　　　Defendants. | NO. NO. 2:11-cv-00458 RAJ<br><br>DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S MOTION FOR RECONSIDERATION<br><br>**Note on Motion Calendar: June 6, 2011** |

## I. RELIEF REQUESTED

Defendant Lockheed Shipbuilding Company ("Lockheed Shipbuilding") asks the Court to reconsider its Order granting Plaintiffs' motion for remand. (*See* Dkt. #43.) In so doing, Lockheed Shipbuilding does *not* ask the Court to reconsider the merits of its analysis. Rather, the Court is asked to reconsider the sole issue of whether it lacked jurisdiction to rule on Plaintiffs' motion for remand at the time the Remand Order was entered.

This Court filed the Remand Order on May 24, 2011. But the Judicial Panel on Multidistrict Litigation filed a Transfer Order in the Eastern District of Pennsylvania on May 23, 2011. The Panel's action thus deprived this Court of jurisdiction, and the Remand Order was moot and ineffective when it was entered the next day. The Court should therefore reconsider its Remand Order and transfer the case in accordance with the Panel's Transfer Order.

APR890310.DOCX;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
MOTION FOR RECONSIDERATION - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

## II. STATEMENT OF FACTS

The Panel entered a Transfer Order in this action on May 20, 2011. (André Decl.,[1] Ex. 1.) The Transfer Order states:

> IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

(*Id.* at p. 2.)

On Monday, May 23, 2011, this Transfer Order was filed in the transferee court, the Eastern District of Pennsylvania, under its MDL 875 docket. (*Id.*, Exs. 2, 3.) The document appears as Docket Entry No. 7889, dated 05/23/2011, in the transferee court's Case No. 2:01-md-00875-ER. (*Id.*)

On Tuesday, May 24, 2011, the transferee court assigned an individual case number. (*See id.*, Ex. 6.) The Honorable Eduardo C. Robreno opened the file with an order stating that the "effective date of transfer is upon entry of this order." (*Id.*) It does not indicate at what time it was filed. (*See id.*)

Also on May 24, 2011, at 2:35pm Pacific Time (after court had closed for the day in the Eastern District of Pennsylvania), the parties received notice that this Court had granted Plaintiffs' motion for remand, on a perceived technicality. (*Id.*, Ex. 4.) The Order "was entered on 5/24/2011 at 2:34 PM PDT and filed on 5/24/2011." (*Id.*) It is dated "this 23rd day of May, 2011." (*Id.*, Ex. 5.)

## III. ISSUE PRESENTED

When it filed the Remand Order, did this Court lack jurisdiction to rule on Plaintiffs' motion for remand because the Panel's Transfer Order was effective before the Remand Order was entered, thus rendering the Remand Order moot and ineffective?

---

[1] The Declaration of Robert G. André in Support of Motion for Reconsideration ("André Decl.") is filed herewith.

APR890310.DOCX;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
MOTION FOR RECONSIDERATION - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

## IV. **EVIDENCE RELIED UPON**

This motion is based on pleadings and other documents currently on file with this Court, the Declaration of Robert G. André in support hereof with its attached exhibits, and the law as set forth below.

## V. **AUTHORITY**

Notwithstanding the general prohibition on reviewing remand orders (28 U.S.C. § 1447(c)), a Court has authority to determine whether it has jurisdiction. *Aguon-Schulte v. Guam Election Com'n*, 469 F.3d 1236, 1237 (9th Cir. 2006) (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). The Supreme Court has held that a remand order may be reviewed to determine whether the district court exceeded its statutorily defined power when it ordered the remand. *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 707 (1996)). This Court thus has authority to hear the present contention that the Court exceeded its statutorily defined power by ordering remand after jurisdiction had passed to the Eastern District of Pennsylvania.

A transfer order becomes effective "upon its filing with the clerk of the transferee district court." JPML Rule 2.1(d). *Accord.* 28 USC § 1407(c)(ii); JPML Rule 7.1(h). Entry of the transfer order "deprives the transferor court of jurisdiction until the case is returned to it," so that any action taken by the transferor court after transfer is "ineffective." *Illinois Mun. Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 850 (7th Cir. 2004) (quoting *Gen. Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979)). *See also In re UpJohn Co. Antibiotic Cleocin Products Liability Litigation*, 664 F.2d 114, 118 (6th Cir. 1981); *Aircrash Near Duarte, California, on June 6, 1971*, 357 F. Supp. 1013, 1015 (C.D. Cal. 1973); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495-96 (JPML 1968); *City of St. Paul v. Harper & Row Publishers, Inc.*, 292 F. Supp. 837, 838 (D. Minn. 1968); David F. Herr, MULTIDISTRICT LIT. MAN. § 9:3 (2011). As such, a remand order entered in the transferor court after the transfer order is filed in the transferee district is moot. *See In re Baycol Products Liability Litigation*, 269 F.Supp.2d 1376, 1377 (JPML 2003).

APR890310.DOCX;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
MOTION FOR RECONSIDERATION - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

The Panel resolved this precise issue in *Baycol*. A transfer order was filed in the transferee court on April 21, 2003. *Id.* The order purported to transfer three cases respectively entitled *Pitchford*, *Blakeney*, and *Hammonds*. *Id.* In all three cases, the transferor courts entered remand orders in April 2003: the *Pitchford* remand was signed and filed on April 18, 2003; the *Blakeney* remand was signed on April 21 and filed on April 22, 2003; and the *Hammonds* remand was signed and filed on April 24, 2003. *Id.* The defendant moved the Panel for clarification regarding the status of these cases. *Id.*

The Panel first explained that the transfer order became effective on April 21, 2003, the date it was filed in the transferee court. *Id.* (citing 28 U.S.C. § 1407(c)(ii)). Because the *Pitchford* remand order was signed and filed three days before the transfer order became effective, the Panel vacated the conditional transfer order with respect to that action. *Id.* at 1377 n. 2. As for *Blakeney* and *Hammonds*, however, the Panel held that the transfer order "was clearly effective prior to the effective dates of the remand orders of both transferor courts." *Id.* at 1377. So these two remand orders "were moot when entered by the respective transferor courts, and the Panel's transfer order [took] precedence over them." *Id.* (citing *Glasstech, Inc. v. AB Kyro OY*, 769 F.2d 1574 (Fed. Cir. 1985)). The Panel concluded that its order transferring *Hammonds* and *Blakeney* remained in effect, and ordered the transferee court to proceed. *Id.* at 1377-78.

The facts here are indistinguishable. The Transfer Order was filed in the Eastern District of Pennsylvania on May 23; this Court signed the Remand Order on May 23 and filed it on May 24. As in *Blakeney*, the Remand Order was signed on the day the Transfer Order became effective and was filed the next day. The Transfer Order was clearly effective before the effective date of the Remand Order. The Remand Order was therefore moot when entered, and the Transfer Order took precedence over it.

It is immaterial that the transferee court filed a document on May 24 suggesting that the "effective date of transfer is upon entry of this order." (André Decl., Ex. 6) This statement

APR890310.DOCX;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
MOTION FOR RECONSIDERATION - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  cannot trump the plain language of the Panel Rules and the enabling statute, both of which state
2  that a transfer becomes effective when the transfer order is "filed" in the transferee court. 28
3  USC § 1407(c)(ii); JPML Rule 2.1(d). The Transfer Order here was filed in the Eastern District
4  of Pennsylvania on May 23, 2011 and thus was effective on that date. Nothing that the court
5  may have written the next day can change that.[2]

## VI. CONCLUSION

The one point that the Court and the parties can all agree on is that this Court must send the case somewhere, either to the King County Superior Court or to the Eastern District of Pennsylvania. It is Lockheed Shipbuilding's understanding that the Court is preparing the case file for transfer to the state court. Lockheed Shipbuilding respectfully submits that this would be error because the order remanding the case to state court was superseded by the order transferring the case to the Eastern District of Pennsylvania. The Court should reconsider its Remand Order and transfer the case to the Eastern District of Pennsylvania for further action.

DATED this ___ day of June, 2011.

OGDEN MURPHY WALLACE, P.L.L.C.

By   s/Robert G. André
     Robert G. André, WSBA #13072
     Aaron P. Riensche, WSBA #37202
     Attorneys for Defendant
     Lockheed Shipbuilding Company

---

[2] Notably, the Remand Order was entered at 2:34pm Pacific Time – 34 minutes after the transferee court closed, at 5:00pm Eastern Time. Thus, even assuming, *arguendo*, that the transfer was effective on May 24, Plaintiffs still cannot show that the Remand Order preceded it.

APR890310.DOCX;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
MOTION FOR RECONSIDERATION - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

## CERTIFICATE OF SERVICE

I certify under the laws of the United States of America that on the 6th day of June, 2011 I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF System and served counsel below by the method indicated:

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington 98104<br>**Attorney for Plaintiffs** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[X] CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington 98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[X] CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington 98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation, Hopeman Brothers, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[X] CM/ECF |
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[X] CM/ECF |

APR890310.DOCX;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
MOTION FOR RECONSIDERATION - 6

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| 1 | Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Allan D. Gutsche<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington 98104<br>jbrucker@jjr-law.com<br>gthorning@jjr-law.com<br>rthorn@jjr-law.com<br>agutsche@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |
| 2 | Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington 98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |
| 3 | Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington 98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |
| 4 | Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington 98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[ X ] CM/ECF |

APR890310.DOCX;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
MOTION FOR RECONSIDERATION - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| 1 | Katherine Steele<br>Katrina Mulligan<br>Stafford Frey<br>601 Union Street<br>Suite 3100<br>Seattle, Washington 98101<br>ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com<br>**Attorneys for Metalclad Insulation Corp.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[X] CM/ECF |
| 2 | Timothy Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington 98104-7010<br>thorson@carneylaw.com<br>berman@carneylaw.com<br>**Attorneys for Saberhagen Holdings, Inc.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[X] CM/ECF |
| 3 | Matthew Turetsky<br>Schwabe Williamson & Wyatt<br>1420 Fifth Avenue<br>Suite 3010<br>Seattle, Washington 98101<br>mturetsky@schwabe.com<br>**Attorneys for General Refractories Co.** | [ ] U.S. Mail<br>[ ] Messenger<br>[ ] Email<br>[X] CM/ECF |

DATED this 6th day of June 2011.

                                                          s/Robert G. André, WSBA#13072
                                                            Robert G. André

APR890310.DOCX;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
MOTION FOR RECONSIDERATION - 8

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215