# Exhibit G

Honorable Richard Jones

WILLIAM RUTZICK, WSBA #11533
JANET L. RICE, WSBA #9386
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 622 8000
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOLA and MICHAEL BOUCHARD, wife and husband<br>Plaintiffs,<br>v.<br>CBS CORPORATION, et al.,<br>Defendants. | No. 2:11-cv-00458<br><br>PLAINTIFFS' OPPOSITION TO LOCKHEED'S MOTION FOR RECONSIDERATION |

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## I. INTRODUCTION

Defendant Lockheed Shipbuilding Company (hereafter "Lockheed") moved for reconsideration of the Court's Order granting plaintiffs' motion for remand. Ct. Docket no. 52. Lockheed's sole argument is that this Court lacked jurisdiction to rule on plaintiffs' motion for remand at the time this Court signed its order. Lockheed is wrong. This Court signed its order on May 23, 2011, one day before the transfer of the case to the Eastern District of Pennsylvania became effective on May 24, 2011. Ct Docket no. 43; Transfer Order No. 1004, Ct Docket no. 53, p. 26 (exhibit 6 to Declaration of Robert G. Andre). At the time this Court signed its order, the transfer order had not become effective. Therefore, this Court retained jurisdiction over the case and its order is valid. JPML Rule 2.1(d).

## II. ADDITIONAL STATEMENT OF FACTS

**A.  This Court Filed Its Order And Issued The Letter To The Superior Court Before Being Notified Of The Transfer Order.**

This Court signed its order on May 23, 2011. Ct. Docket no. 43. The Eastern District of Pennsylvania Court entered an order on May 24, 2011 stating the effective date of transfer was May 24th. Transfer Order No. 1004, Ct Docket no. 53, p. 26 ("The effective date of transfer is upon entry of this order."). Attached to the transfer order is Administrative Order No. 11. Id., Exhibit A attached to the Declaration of Janet L. Rice in Opposition to Motion for Reconsideration. This Court did not receive Transfer Order No. 1004. On May 27, 2011, this Court issued a letter to the King County Superior Court with a certified copy of the Court's order advising it that the case would be remanded. Ct Docket no. 44. The e-mail to counsel notifying them of the transfer to state court was dated May 27, 2011 at 10:28 a.m. Exhibit B to Declaration of Janet L. Rice. After the letter was sent, this Court was notified that the Judicial Panel on Multidistrict Litigation had issued a decision to transfer the case.

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION - 1
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Ct. Docket no. 47. The document was apparently filed late on May 27, 2011 because it was not sent to counsel until May 31, 2011 at 2:13 p.m. Exhibit C to Declaration of Janet L. Rice.

**B.  This Same Motion Is Already Pending In The Eastern District Of Pennsylvania Court.**

After the Eastern District of Pennsylvania entered its transfer order on May 24, 2011, plaintiffs filed on May 26, 2011 an expedited motion to remand the case to the King County Superior Court pursuant to this Court's May 23, 2011 order. Ct Docket no. 50. Although plaintiffs believe that this Court had jurisdiction when it issued its order, the motion was filed in the Eastern District of Pennsylvania because the transfer order had issued from that court. Ct. Docket no. 46. Lockheed opposed the motion on the issue of timeliness of this Court's order on May 27, 2011 and the plaintiffs replied on May 31, 2011. Ct. Docket nos. 45 and 48. On June 6, 2011, Lockheed filed its opposition to the motion for remand on substantive grounds. Lockheed's second opposition pleading has not been filed in this court. Declaration of Janet L. Rice.

**C.  Lockheed Filed Another Similar Motion In The MDL.**

On June 6, 2011, Lockheed filed a "Motion for Clarification" in the Judicial Panel on Multidistrict Litigation, MDL Docket No. 875, asking it to "clarify that the Panel's transfer order superseded the transferor court's Remand Order." Ct. Docket no. 51. The opposition to this motion is due on June 13, 2011.

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION - 2
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## III. ARGUMENT

**A. This Court Had Jurisdiction Over The Case When It Signed Its Order Of Remand.**

**1. The Eastern District Of Pennsylvania Recognizes Orders Of The Transferor Court Which Are Entered As Of The Date Of Transfer.**

The Asbestos Product Liability Litigation ("MDL 875") has been an active ongoing multi-district action assigned to the Eastern District of Pennsylvania since July 29, 1991.[1] Administrative Order No. 11 was filed along with Transfer Order No. 1004 in this case in the Eastern District court. Transfer Order No. 1004, Ct Docket no. 53, p. 26. Over the past 20 years both the MDL Panel and the Eastern District have issued orders to coordinate their actions and the actions of other district courts regarding asbestos litigation. Those orders relate, *inter alia,* to the issue at bar, i.e., the effect of orders by a transferor court depending on the timing of transfer to the Eastern District.

The rules and orders affecting this motion include the following:

1. The rules of procedure of the Judicial Panel for Multi-District Litigation at Section 2.1(d) provides:

> (d) Pendency of Motion or Conditional Order. The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective <u>only</u> upon its filing with the clerk of the transferee district court (emphasis added).[2]

2. Administrative Order No. 11 was issued in 2006 by the Eastern District of Pennsylvania and provides in relevant part:

---

[1] Administrative Order No. 11, exhibit A to Declaration of Janet L. Rice.

[2] The word "only", a word of limitation, was added to the Rules of Procedure after the decision of the MDL Panel in In Re Baycol Products Liability Litigation, 269 F. Supp.2d 1376 (2003), which was cited by Lockheed. At that time, this section was 1.5 and was later renumbered to section 2.1.

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION - 3
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

2. ***Motions.***

> All Motions pending in MDL 875 which are neither granted nor denied as of the date of transfer of a case from the Clerk of the Transferor Court to the Clerk of the Transferee Court shall be deemed denied <u>without prejudice</u> and with all time requirements held in abeyance from the initial date of filing....

<u>Id.</u> (emphasis in original). Pursuant to this Order, a motion is "deemed denied without prejudice", only if the motion in the transferor court is "unresolved" in such court "as of the date of transfer of a case from the Clerk of the Transferor Court [W.D. Wash. in this case] to the Clerk of the Transferee Court [E.D.P.A. in this case]."[3]

3. The MDL Panel Order at issue in this case provides in relevant part:

> IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, <u>with the consent of that court,</u> assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings. (Emphasis added.)

Thus, by the terms of the Order, this case did not become included "in the coordinated or consolidated pre-trial proceedings," in the Eastern District until "the consent of that court."

The "consent of that court" was contained in the Transfer Order No. 1004 of Judge Robreno dated May 24, 2011, which stated:

> The Court hereby ORDERS the Clerk of the District Court for the Eastern District of Pennsylvania, the Transferee Court, to initiate the procedures for the transfer of MDL-875 cases from the District Court for the Western District of Washington, the Transferor Court, in accordance with the terms of this Court's Administrative Order No. 11, a copy of which is attached hereto.
>
> The effective date of transfer is upon entry of this order.

This Transfer Order thus specifically provides that the "effective date of transfer is upon entry of this order" which was May 24, 2011.

---

[3] The words "as of" means " the effective date of a legal document. Black's Dictionary, Seventh Edition, p. 109.

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION - 4
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1    This Court's Order for which Lockheed is seeking reconsideration was signed and
2    dated May 23, 2011. The order was docketed on May 24, 2011. Whether one considers the
3    day the Order was granted (May 23rd) or the date the Order was docketed (May 24th), as the
4    effective date of the Order, this Court had jurisdiction to grant the order.[4]

### 2. The Effective Date Of The Transfer Order Is May 24, 2011.

Lockheed completely ignores Administrative Order No. 11 and its relevance on the issue in this case. Rather, Lockheed argues that the transfer order became effective on May 23rd and not May 24th and the effective date of this court's order is May 24th, the day the document was docketed. Lockheed is wrong on both counts. With respect to the effective date of the transfer, the plain language of Judge Robreno's order states that the effective date is May 24.

Lockheed argues that the order of Judge Robreno cannot "trump" the language of the Panel Rules that state the transfer becomes effective when the transfer order is filed. Ct. Docket no. 52, p. 5. Lockheed's argument misreads both Judge Robreno's order and the MDL Order at issue in this case. First, Judge Robreno did not simply "suggest" that the "effective date of transfer is upon entry of this order," as claimed by Lockheed. Ct. Docket no. 52, p. 4, line 25. Rather he ordered it, and must have believed he had authority to do so. Second, his authority to do so is consistent with the MDL Panel rules as interpreted by the MDL Panel's Order in this case. Notably, the Panel's order calls for "the consent of" the

---

[4] The time of day the order was signed or docketed is irrelevant to whether the motion was decided as long as the decision (effective when signed or docketed) was "as of" the date of transfer. Lockheed points out that plaintiffs cannot show that docketing of the remand order preceded in time of day the docketing of the May 24, 2011 transfer order. Ct. Docket no. 52, p. 5, fn. 2. It doesn't matter under Administrative Order No. 11. Even if it did matter which was docketed first, Lockheed cannot likewise prove that the transfer order was docketed before the remand order. Remand orders are favored. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.1988) (the removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand). In a situation where it is unclear which party should prevail, the plaintiffs win. Id.

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION - 5
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Eastern District before this action could be included "in the coordinated or consolidated pretrial proceedings." Given that the court's consent was required, Judge Robreno had authority as part of his consent to rule that the "effective date of the transfer is upon entry of this order."

### 3. This Court's Order Was Effective On May 23, The Day It Was Signed.

Lockheed assumes that this Court's Order was not effective until May 24th, the date it was docketed. Even if that were true, this Court had jurisdiction to issue that order on May 24th based on Judge Robreno's May 24th Transfer Order and Administrative Order No. 11. The motion to remand was not one that was "neither granted nor denied as of the date of transfer." Admin. Order, p. 3. As such, it was not a motion that under the Administrative Order "shall be deemed denied without prejudice." Id. Given that the motion was granted by this Court and not deemed denied by the Eastern District, it remains in effect.

There is also good Ninth Circuit authority for the proposition that the effective date of this Court's order signed and dated May 23, 2011 was May 23rd, rather than May 24th, the date it was docketed. In Re San Joaquin Roast Beef, 7 F.3d 1413, 1414-1417 (9th Cir. 1993); Noli v. Commissioner, 860 F.2d 1521, 1525 (9th Cir. 1988). In these two cases, the Ninth Circuit held that the date of signing the order rather than the date of docketing the order was the effective date of the orders. Id. Both cases considered the impact of Fed. R. Civ. P. 58[5] (separate judgment rule) and Fed. R. Civ. P. 79(a) (docketing procedures) on the date of effectiveness. The courts distinguished the date of docketing for a separate judgment under Rule 58 and 79(a), to establish the time period for appeal, and the signing of an order. The

---

[5] Fed. R. Civ. P. 58 was cited by the court in In Re Baycoll Products Liability Litigation, 269 F. Supp.2d 1376 (JPML 2003), the case on which Lockheed principally relies.

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION - 6
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

latter is given effect immediately. Also see, In Re Sewell, 345 B.R. 174 (2006) ; Ornstein v. Lyndon Baines Johnson Health Complex, Inc., 2006 WL 845412 (E.D. New York); America's Servicing Company v. Schwartz-Tallard, 438 B. R. 313 (D. Nevada 2010) (date of oral ruling is the effective date of the order).

**B.   Based On Principles Of Comity Alone, The Court's Ruling Should Be Honored.**

The Multidistrict Panel has adopted the principles of comity in constructing its orders and "whether to permit transferor courts … to reach timely decisions".

> On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts (and Courts of Appeals if they are involved) to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel

In Re Plumbing Fixture, 298 F. Supp. 298 F. Supp. 484, 496 (J.P.M.D.L. 1968) (emphasis added).

In this case, the time, effort, and expertise that went into this Court's decision to grant plaintiffs' motion to remand outweighs any determination to disrupt and ignore the decision of this court. Based on principles of comity, this Court's Order should be held valid.

**C.   Lockheed Is Delaying Resolution Of The Issue By Filing Multiple Motions.**

Lockheed's filing of the motion in this Court and with the Panel while the motion to remand in pending in the Eastern District of Pennsylvania court will result in more delay in getting this case to trial. The plaintiff Lola Bouchard is dying of mesothelioma. She has limited time to personally pursue her case to trial. The delays in remanding this case to superior court should be stopped and the case transferred to the superior court for trial.

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION - 7
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## IV. CONCLUSION

The Court should deny Lockheed's motion for reconsideration. This Court's order remanding the case to state court was signed and became effective one day before the effective date of the transfer order. Therefore the Court had jurisdiction over this case when it signed its order. Lockheed's arguments that the transfer order went into effect on May 23 (contrary to Judge Robreno's order) and the Court's order went into effect on May 24 (contrary to case law) are not reasonable. For all of these reasons, the Court should deny the motion for reconsideration.[6]

DATED this 10th day of June, 2011.

s/ William Rutzick
WILLIAM RUTZICK, WSBA #11533
JANET L. RICE, WSBA #9386
Counsel for Plaintiffs
SCHROETER, GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 622-8000 * Fax: (206) 682-2305
Email: rice@sgb-law.com

s/ Jon R. Neumann
JON R. NEUMANN, WSBA #36057
PAUL & HANLEY
1608 Fourth Street, Suite 300
Berkley, California, 94710
(510) 559-9980

---

[6] While Plaintiffs are not certain of its import, plaintiffs feel compelled to bring to the Court's attention the case that says that this court does not now have jurisdiction to reconsider its remand order (although it had jurisdiction to issue the order). Seedman v. U.S. Dist. Court for Cent. D. of Cal., 837 F.2d 413(9th Cir. 1988) (distinguishing Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 335 (1976), the case on which Lockheed's citations rely).

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION - 8
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on **June 10, 2011**, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO LOCKHEED'S MOTION FOR RECONSIDERATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Counsel for **CSK Auto**<br>Stephen Leatham<br>HEURLIN & POTTER<br>211 East McLoughlin Blvd., Suite 100<br>Vancouver, WA 98666-0611 | Counsel for **Todd Shipyards**<br>KARR TUTTLE CAMPBELL<br>Walter Barton<br>Gene Barton<br>1201 Third Avenue, Suite 2900<br>Seattle, Washington 98101-3028 |
| Counsel for **Lockheed Shipbuilding Co**<br>Robert Andre.<br>OGDEN MURPHY WALLACE, PLLC<br>1601 Fifth Avenue, Suite 2100<br>Seattle, Washington 98101 | Counsel for **Georgia Pacific**<br>Barry Mesher/Brian Zeringer/Bruce Hamlin<br>LANE POWELL PC<br>1420 Fifth Avenue, Suite 4100<br>Seattle, Washington 98101-2338 |
| **Counsel for Metropolitan Life Insurance Co.**<br>Richard Gawlowski<br>WILSON, SMITH, COCHRAN & DICKERSON<br>1215 Fourth Avenue, Suite 1700<br>Seattle, Washington 98161-1007 | **Counsel for Metalclad Insulation Corp**<br>Katherine M. Steele<br>STAFFORD FREY COOPER, PC<br>3100 Two Union Square<br>601 Union Street<br>Seattle, WA 98101 |
| Counsel for **Union Carbide; Saint Gobain Containers Inc**<br>Diane Kero<br>GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM<br>600 University Street, Suite 2101<br>Seattle, Washington 98101 | Counsel for **Saberhagen Holdings, Inc.**<br>Randy Aliment /Timothy Thorson<br>CARNEY, BADLEY, SMITH & SPELLMAN<br>701 Fifth Avenue, Suite 3600<br>Seattle, Washington 98104-7010 |
| Counsel for **Foster-Wheeler Energy Corp.;**<br>Dirk Bernhardt<br>MURRAY, DUNHAM & MURRAY<br>200 West Thomas, Suite 350<br>Seattle, WA 98119 | Counsel for **E & E Lumber, Inc.** a Washington Corp.<br>Jan Brucker<br>Jackson Jenkins & Renstrom, LLP<br>701 Fifth Ave., 42nd Floor,<br>Seattle, WA 98104 |

I further certify that I served the foregoing on attorney of record for defendant E & E

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION - 9
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1  Lumber, Inc. a Washington Corp. by having said copies sent via U.S. Mail and/or legal
2  messenger to the office address below:

> Counsel for E & E Lumber, Inc. a Washington Corporation
> Ronald G. Housh, P.S.
> Seattle Office:
> 800 Fifth Avenue, Suite 4000
> Seattle, WA 98104-3180

SCHROETER, GOLDMARK & BENDER

/s/*Robert Ylitalo*
ROBERT YLITALO
Paralegal
810 Third Avenue, Suite 500
Seattle, Washington 98104
(206) 622-8000
(206) 682-2305
E-mail: ylitalo@sgb-law.com

PLAINTIFFS' OPPOSITION TO LOCKHEED'S
MOTION FOR RECONSIDERATION - 10
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305