Exhibit I

THE HONORABLE EDUARDO ROBRENO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) ) ) | MDL DOCKET NO. 875<br><br>PAED NO. 2:11-cv-66270 |
|---|---|---|

This document relates to:

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| LOLA and MICHAEL BOUCHARD, wife and husband,<br><br>Plaintiffs,<br><br>v.<br><br>CBS CORPORATION, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | NO. 2:11-cv-00458 RAJ<br><br>DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE REMAND |
|---|---|---|

## I.    **INTRODUCTION**

Plaintiffs have requested an order remanding this case to state court, "according to the recent order of the Honorable Richard A. Jones of the U.S. District Court for the Western District of Washington."  And yet, by recognizing this Court's jurisdiction over the matter, Plaintiffs necessarily acknowledge that Judge Jones lacked jurisdiction to enter the order in question.  In this regard, Plaintiffs are correct because the Judicial Panel on Multidistrict

APR885972.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION TO EXPEDITE REMAND - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1  Litigation ("the Panel") filed this case's Transfer Order in this Court *before* Judge Jones's

2  remand order was filed.  As such, the remand order was void when entered.

3  Plaintiffs have styled their filing as both a motion to expedite remand and a motion to

4  remand.  They have also represented that although they "believe that Judge Jones' order governs

5  this case, in the event that the Court hold [sic] otherwise, plaintiffs have provided to the Court

6  the briefing of all of the parties on the motion for remand."  Defendant Lockheed Shipbuilding

7  Company ("Lockheed Shipbuilding") understands this to mean that there are two motions

8  pending: (1) a request for the Court to remand the case expeditiously, on the ground that Judge

9  Jones has already issued an order that "governs" the issue; and (2) a request for the Court to

10  consider the procedural and substantive arguments raised in the prior briefing as if Plaintiffs had

11  re-filed their original motion in accordance with Administrative Order No. 11.

12  While Lockheed Shipbuilding opposes both motions, the present response is directed

13  only at the first, the request for an expedited remand.  Lockheed Shipbuilding reserves the right

14  to respond separately to Plaintiffs' remand motion under the ordinary briefing schedule.   As for

15  the motion for expedited remand, it has no merit and should be denied.

16  ## II.   STATEMENT OF FACTS

17  The Panel entered a Transfer Order in this action on May 20, 2011.  (André Decl.,[1] Ex.

18  1.)  The Transfer Order states:

19
20  > IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §
>  1407, these actions are transferred to the Eastern District of
21  > Pennsylvania and, with the consent of that court, assigned to the
>  Honorable Eduardo C. Robreno for inclusion in the coordinated or
22  > consolidated pretrial proceedings.

23  (*Id.* at p. 2.)

24

25  _____

26  [1] The Declaration of Robert G. André in Opposition to Plaintiffs' Motion for Expedited Remand ("André Decl.") is filed herewith.

APR885972.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION TO EXPEDITE REMAND - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1     On Monday, May 23, 2011, this Transfer Order was filed in the Eastern District of

2 Pennsylvania, under the Court's MDL 875 docket. (*Id.*, Exs. 2, 3.) The document appears as

3 Docket Entry No. 7889, dated 05/23/2011, in this Court's Case No. 2:01-md-00875-ER. (*Id.*)

4 On May 24, 2011, this Court assigned an individual case number. (*See* Dkt. #1.)

5     On Tuesday, May 24, 2011, at 2:35pm Pacific Time, the parties received notice that

6 Judge Jones had granted Plaintiffs' motion for remand, on a perceived technicality. (André

7 Decl., Ex. 4.) The order "was entered on 5/24/2011 at 2:34 PM PDT and filed on 5/24/2011."

8 (*Id.*) It is signed by Judge Jones and dated "this 23rd day of May, 2011." (*Id.*, Ex. 5.) As of the

9 filing of this response, the Western District of Washington has not sent the case file to the state

10 court.

## III.   **AUTHORITY**

12     A transfer order becomes effective "upon its filing with the clerk of the transferee district

13 court." Panel Rule 2.1(d). *Accord.* 28 USC § 1407(c)(ii); Panel Rule 7.1(h). Entry of the

14 transfer order "deprives the transferor court of jurisdiction until the case is returned to it," so that

15 any action taken by the transferor court after transfer is "ineffective." *Illinois Mun. Retirement*

16 *Fund v. Citigroup, Inc.*, 391 F.3d 844, 850 (7th Cir. 2004) (quoting *Gen. Elec. Co. v. Byrne*, 611

17 F.2d 670, 673 (7th Cir. 1979)). *See also In re UpJohn Co. Antibiotic Cleocin Products Liability*

18 *Litigation*, 664 F.2d 114, 118 (6th Cir. 1981); *Aircrash Near Duarte, California, on June 6,*

19 *1971*, 357 F. Supp. 1013, 1015 (C.D. Cal. 1973); *In re Plumbing Fixture Cases*, 298 F. Supp.

20 484, 495-96 (JPML 1968); *City of St. Paul v. Harper & Row Publishers, Inc.*, 292 F. Supp. 837,

21 838 (D. Minn. 1968); David F. Herr, MULTIDISTRICT LIT. MAN. § 9:3 (2011). As such, a remand

22 order entered in the transferor court after the transfer order is filed in the transferee district is

23 moot. *See In re Baycol Products Liability Litigation*, 269 F.Supp.2d 1376, 1377 (JPML 2003).

24     The Panel resolved this precise issue in *Baycol*. A transfer order was filed in the

25 transferee court on April 21, 2003. *Id.* The order purported to transfer three cases respectively

26

APR885972.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION TO EXPEDITE REMAND - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

entitled *Pitchford*, *Blakeney*, and *Hammonds*. *Id.* In all three cases, the transferor courts entered remand orders in April 2003: the *Pitchford* remand was signed and filed on April 18, 2003; the *Blakeney* remand was signed on April 21 and filed on April 22, 2003; and the *Hammonds* remand was signed and filed on April 24, 2003. *Id.*

The defendant moved the Panel for clarification regarding the status of these cases. *Id.* Because the *Pitchford* remand order was signed and filed three days before the transfer order became effective, the Panel vacated the conditional transfer order with respect to that action. *Id.* at 1377 n. 2. As for *Blakeney* and *Hammonds*, however, the Panel held that the transfer order "was clearly effective prior to the effective dates of the remand orders of both transferor courts." *Id.* at 1377. So these two remand orders "were moot when entered by the respective transferor courts, and the Panel's transfer order [took] precedence over them." *Id.* (citing *Glasstech, Inc. v. AB Kyro OY*, 769 F.2d 1574 (Fed. Cir. 1985)). The Panel concluded that its order transferring *Hammonds* and *Blakeney* remained in effect, and ordered the transferee court to proceed. *Id.* at 1377-78.

The facts here are indistinguishable. The Transfer Order was filed with this Court on May 23; Judge Jones signed the remand order on May 23 and filed it on May 24. As in *Blakeney*, the remand order was signed on the day the transfer order became effective and was filed the next day. The Transfer Order was clearly effective prior to the effective date of the remand order. The remand order was therefore moot when entered by the transferor court, and the Transfer Order took precedence over it.

## IV.   CONCLUSION

Because there had been no ruling at the time the case was transferred to this Court, Plaintiffs' motion for remand is deemed denied without prejudice. *See* Admin. Order 11(2). Plaintiffs' remedy is to re-file the motion for further transferee-court action. *See id.* Their remedy is *not* to have the case remanded summarily, based on an order that was never valid.

APR885972.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION TO EXPEDITE REMAND - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1    Lockheed Shipbuilding thus respectfully asks the Court to deny Plaintiffs' motion for expedited

2    remand.

3         DATED this 27th day of May, 2011.

4                                          OGDEN MURPHY WALLACE, P.L.L.C.

5

6                                    By    s/ Robert G. André
                                           Robert G. André, WSBA #13072
7                                          Aaron P. Riensche, WSBA #37202
                                           Attorneys for Defendant
8                                          Lockheed Shipbuilding Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

APR885972.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION TO EXPEDITE REMAND - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I certify under the laws of the United States of America that on the 27th day of May, 2011 I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF System and served counsel below by the method indicated:

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington  98104<br>**Attorney for Plaintiffs** | [   ]   U.S. Mail<br>[   ]   Messenger<br>[   ]   Email<br>[ X ]   CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington  98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [   ]   U.S. Mail<br>[   ]   Messenger<br>[   ]   Email<br>[ X ]   CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington  98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation,<br>Hopeman Brothers, Inc.** | [   ]   U.S. Mail<br>[   ]   Messenger<br>[   ]   Email<br>[ X ]   CM/ECF |
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington  98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [   ]   U.S. Mail<br>[   ]   Messenger<br>[   ]   Email<br>[ X ]   CM/ECF |

APR885972.DOC;1\12060.000025\

DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION TO EXPEDITE REMAND - 6

| | | |
|---|---|---|
| 1 | Jan Brucker | [ ] U.S. Mail |
| | Greg Thoming | [ ] Messenger |
| 2 | Rebecca Thorn | [ ] Email |
| 3 | Rick Rosser | [ X ] CM/ECF |
| | Allan D. Gutsche | |
| 4 | Jackson Jenkins Renstrom | |
| | 701 Fifth Avenue | |
| 5 | 42nd Floor | |
| | Seattle, Washington  98104 | |
| 6 | jbrucker@jjr-law.com | |
| 7 | gthorming@jjr-law.com | |
| | rthorn@jjr-law.com | |
| 8 | agutsche@jjr-law.com | |
| 9 | **Attorneys for E&E Lumber, Inc.** | |

| | | |
|---|---|---|
| 10 | Diane Kero | [ ] U.S. Mail |
| | Gordon Thomas | [ ] Messenger |
| 11 | 600 University Street | [ ] Email |
| | Suite 2100 | [ X ] CM/ECF |
| 12 | Seattle, Washington  98101 | |
| 13 | dkero@gth-law.com | |
| | **Attorneys for Saint Gobain Containers, Inc.** | |

| | | |
|---|---|---|
| 14 | Stephen Leatham | [ ] U.S. Mail |
| 15 | Heurlin & Potter | [ ] Messenger |
| | 211 East McLoughlin Boulevard | [ ] Email |
| 16 | Suite 100 | [ X ] CM/ECF |
| 17 | Vancouver, Washington  98666-0611 | |
| | sgl@hpl-law.com | |
| 18 | **Attorneys for CSK Auto** | |

| | | |
|---|---|---|
| 19 | Barry Mesher | [ ] U.S. Mail |
| | Brian Zeringer | [ ] Messenger |
| 20 | Lane Powell | [ ] Email |
| 21 | 1420 Fifth Avenue | [ X ] CM/ECF |
| | Suite 4100 | |
| 22 | Seattle, Washington  98101-2338 | |
| | mesherb@lanepowell.com | |
| 23 | zeringerb@lanepowell.com | |
| | lowesheedyl@lanepowell.com | |
| 24 | asbestos@lanepowell.com | |
| 25 | **Attorneys for Georgia Pacific** | |
| 26 | | |

APR885972.DOC;1\12060.000025\

DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION TO EXPEDITE REMAND - 7

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| 1 | Katherine Steele<br>Katrina Mulligan<br>Stafford Frey<br>601 Union Street<br>Suite 3100<br>Seattle, Washington  98101<br>ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com<br>**Attorneys for Metalclad Insulation Corp.** | [   ]   U.S. Mail<br>[   ]   Messenger<br>[   ]   Email<br>[ X ]   CM/ECF |
| 7 | Timothy Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington  98104-7010<br>thorson@carneylaw.com<br>berman@carneylaw.com<br>**Attorneys for Saberhagen Holdings, Inc.** | [   ]   U.S. Mail<br>[   ]   Messenger<br>[   ]   Email<br>[ X ]   CM/ECF |
| 12 | Matthew Turetsky<br>Schwabe Williamson & Wyatt<br>1420 Fifth Avenue<br>Suite 3010<br>Seattle, Washington  98101<br>mturetsky@schwabe.com<br>**Attorneys for General Refractories Co.** | [   ]   U.S. Mail<br>[   ]   Messenger<br>[   ]   Email<br>[ X ]   CM/ECF |

16      **In addition, a courtesy copy has been served on Judge Richard A. Jones via E-Filing**

17 **in the Western District of Washington.**

18

19   DATED this 27ᵗʰ day of May 2011.

20

21                 s/Robert G. André, WSBA#13072

                   Robert G. André

22

23

24

25

26

APR885972.DOC;1\12060.000025\
DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S
OPPOSITION TO MOTION TO EXPEDITE REMAND - 8

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

THE HONORABLE EDUARDO ROBRENO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY )   MDL DOCKET NO. 875
LITIGATION (NO. VI)                 )
                                    )   PAED NO. 2:11-cv-66270
_____)

This document relates to:

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOLA and MICHAEL BOUCHARD, wife and   )
husband,                              )
                                      )   NO. 2:11-cv-00458 RAJ
                 Plaintiffs,          )
                                      )   ORDER DENYING  PLAINTIFFS' MOTION
       v.                             )   TO EXPEDITE REMAND
                                      )
CBS CORPORATION, et al.,              )   **[PROPOSED]**
                                      )
                 Defendants.          )

      This matter is before the Court on Plaintiffs' Motion to Expedite Remand.  The Court has

considered the papers filed by the parties and all other matters presented to the Court.  Accordingly,

the Court ORDERS that Plaintiffs' Motion to Expedite Remand is DENIED.

      SO ORDERED this _____ day of _____, 2011.

                                        _____
                                        The Honorable Eduardo Robreno

APR886059.DOC;1\12060.000025\
ORDER DENYING PLAINTIFFS' MOTION
TO EXPEDITE REMAND - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2   *Presented By:*

3   OGDEN MURPHY WALLACE, P.L.L.C.

4   By      s/Robert G. André
5            Robert G. André, WSBA #13072
           Aaron P. Riensche, WSBA #37202
6            Attorneys for Defendant
           Lockheed Shipbuilding Company
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

APR886059.DOC;1\12060.000025\
ORDER DENYING PLAINTIFFS' MOTION
TO EXPEDITE REMAND - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

## CERTIFICATE OF SERVICE

2

I certify under the laws of the United States of America that on the 27th day of May, 2011 I

3

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF System and served counsel below by the method indicated:

4

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington 98104<br>**Attorney for Plaintiffs** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[  ]  Email<br>[ X ]  CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington 98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[  ]  Email<br>[ X ]  CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington 98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation,<br>Hopeman Brothers, Inc.** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[  ]  Email<br>[ X ]  CM/ECF |
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [  ]  U.S. Mail<br>[  ]  Messenger<br>[  ]  Email<br>[ X ]  CM/ECF |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Allan D. Gutsche<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington  98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>agutsche@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington  98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington  98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington  98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |

APR886059.DOC;1\12060.000025\
ORDER DENYING PLAINTIFFS' MOTION
TO EXPEDITE REMAND - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| Katherine Steele<br>Katrina Mulligan<br>Stafford Frey<br>601 Union Street<br>Suite 3100<br>Seattle, Washington  98101<br>ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com<br>**Attorneys for Metalclad Insulation Corp.** | [   ]<br>[   ]<br>[   ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Timothy Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington  98104-7010<br>thorson@carneylaw.com<br>berman@carneylaw.com<br>**Attorneys for Saberhagen Holdings, Inc.** | [   ]<br>[   ]<br>[   ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Matthew Turetsky<br>Schwabe Williamson & Wyatt<br>1420 Fifth Avenue<br>Suite 3010<br>Seattle, Washington  98101<br>mturetsky@schwabe.com<br>**Attorneys for General Refractories Co.** | [   ]<br>[   ]<br>[   ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |

In addition, a courtesy copy has been served on Judge Richard A. Jones via E-Filing in the Western District of Washington.

DATED this 27th day of May 2011.

s/Robert G. André, WSBA#13072
Robert G. André

APR886059.DOC;1\12060.000025\
ORDER DENYING PLAINTIFFS' MOTION
TO EXPEDITE REMAND - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

THE HONORABLE EDUARDO ROBRENO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) ) ) ) | MDL DOCKET NO. 875<br><br>PAED NO. 2:11-cv-66270 |

This document relates to:

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LOLA and MICHAEL BOUCHARD, wife and husband,<br><br>Plaintiffs,<br><br>v.<br><br>CBS CORPORATION, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | NO. 2:11-cv-00458 RAJ<br><br>DECLARATION OF ROBERT G. ANDRÉ IN OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE REMAND |

I, ROBERT G. ANDRÉ, declare under penalty of perjury under the laws of the state of Washington as follows:

1.     I am over the age of eighteen (18) and am competent to testify to the matters herein based on my personal knowledge.

2.     I am one of the attorneys representing defendant Lockheed Shipbuilding Company in the above-referenced case and I make this declaration in that capacity.

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3.      Attached hereto and incorporated by reference are true and correct copies of the following documents:

Exhibit 1    The Judicial Panel on Multidistrict Litigation's ("the Panel") Transfer Order in this action, as filed on the Panel's docket on May 20, 2011

Exhibit 2    A printout of this Court's docket in Case No. 2:01-md-00875-ER, showing entries from May 20 to May 24, 2011

Exhibit 3    The Panel's Transfer Order in this action, as filed on this Court's docket in Case No. 2:01-md-00875-ER on May 23, 2011

Exhibit 4    The Western District of Washington's email notification of the entry of the Order granting Plaintiffs' motion to remand on May 24, 2011

Exhibit 5    The Western District of Washington's Order granting Plaintiffs' motion to remand, as filed on May 24, 2011

EXECUTED this 27th day of May, 2011 at Seattle, Washington.

s/Robert G. André
Robert G. André

APR886058.DOC;1\12060.000025\
DECLARATION OF ROBERT G. ANDRÉ - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

1

## CERTIFICATE OF SERVICE

2
3

I certify under the laws of the United States of America that on the 27th day of May, 2011 I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF System and served counsel below by the method indicated:

4

| | |
|---|---|
| Janet L. Rice<br>Schroeter Goldmark & Bender<br>810 Third Avenue<br>Suite 500<br>Seattle, Washington 98104<br>**Attorney for Plaintiffs** | [ ]   U.S. Mail<br>[ ]   Messenger<br>[ ]   Email<br>[ X ]   CM/ECF |
| Gene Barton<br>Karr Tuttle Campbell<br>1201 Third Avenue<br>Suite 2900<br>Seattle, Washington 98101<br>gbarton@karrtuttle.com<br>**Attorneys for Todd Shipyards Corp.** | [ ]   U.S. Mail<br>[ ]   Messenger<br>[ ]   Email<br>[ X ]   CM/ECF |
| Dirk Bernhardt<br>Murray Dunham Murray<br>P.O. Box 9844<br>200 West Thomas<br>Suite 350<br>Seattle, Washington 98109-0844<br>dirk@murraydunham.com<br>**Attorneys for Foster Wheeler Energy Corporation,**<br>**Hopeman Brothers, Inc.** | [ ]   U.S. Mail<br>[ ]   Messenger<br>[ ]   Email<br>[ X ]   CM/ECF |
| Richard Gawlowski<br>Wilson Smith Cochran & Dickerson<br>1215 Fourth Avenue<br>Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** | [ ]   U.S. Mail<br>[ ]   Messenger<br>[ ]   Email<br>[ X ]   CM/ECF |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | |
|---|---|
| Jan Brucker<br>Greg Thoming<br>Rebecca Thorn<br>Rick Rosser<br>Allan D. Gutsche<br>Jackson Jenkins Renstrom<br>701 Fifth Avenue<br>42nd Floor<br>Seattle, Washington  98104<br>jbrucker@jjr-law.com<br>gthorming@jjr-law.com<br>rthorn@jjr-law.com<br>agutsche@jjr-law.com<br>**Attorneys for E&E Lumber, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |
| Diane Kero<br>Gordon Thomas<br>600 University Street<br>Suite 2100<br>Seattle, Washington  98101<br>dkero@gth-law.com<br>**Attorneys for Saint Gobain Containers, Inc.** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |
| Stephen Leatham<br>Heurlin & Potter<br>211 East McLoughlin Boulevard<br>Suite 100<br>Vancouver, Washington  98666-0611<br>sgl@hpl-law.com<br>**Attorneys for CSK Auto** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |
| Barry Mesher<br>Brian Zeringer<br>Lane Powell<br>1420 Fifth Avenue<br>Suite 4100<br>Seattle, Washington  98101-2338<br>mesherb@lanepowell.com<br>zeringerb@lanepowell.com<br>lowesheedyl@lanepowell.com<br>asbestos@lanepowell.com<br>**Attorneys for Georgia Pacific** | [  ]   U.S. Mail<br>[  ]   Messenger<br>[  ]   Email<br>[ X ]   CM/ECF |

APR886058.DOC;1\12060.000025\
**DECLARATION OF ROBERT G. ANDRÉ - 4**

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | | |
|---|---|---|
| Katherine Steele<br>Katrina Mulligan<br>Stafford Frey<br>601 Union Street<br>Suite 3100<br>Seattle, Washington 98101<br>ksteele@staffordfrey.com<br>kmulligan@staffordfrey.com<br>**Attorneys for Metalclad Insulation Corp.** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Timothy Thorson<br>Carney Badley Smith & Spellman<br>701 Fifth Avenue<br>Suite 3600<br>Seattle, Washington 98104-7010<br>thorson@carneylaw.com<br>berman@carneylaw.com<br>**Attorneys for Saberhagen Holdings, Inc.** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |
| Matthew Turetsky<br>Schwabe Williamson & Wyatt<br>1420 Fifth Avenue<br>Suite 3010<br>Seattle, Washington 98101<br>mturetsky@schwabe.com<br>**Attorneys for General Refractories Co.** | [  ]<br>[  ]<br>[  ]<br>[ X ] | U.S. Mail<br>Messenger<br>Email<br>CM/ECF |

In addition, a courtesy copy has been served on Judge Richard A. Jones via E-Filing in the Western District of Washington.

DATED this 27th day of May 2011.

s/Robert G. André, WSBA#13072
Robert G. André

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

# EXHIBIT 1

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (No. VI)**

| | |
|---|---|
| William Andrew Smith v. 3M Company, et al., ) | |
| N.D. California, C.A. No. 4:11-1073 ) | |
| Diane Antonelli, etc. v. Electric Boat Corp., ) | MDL No. 875 |
| D. Connecticut, C.A. No. 3:10-344 ) | |
| Lola Bouchard, et al. v. CBS Corporation, et al., ) | |
| W.D. Washington, C.A. No. 2:11-458 ) | |

### TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to Rule 7.1, plaintiffs move to vacate orders that conditionally transferred their actions to MDL No. 875.  Responding defendants oppose the motions.[1]

After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 875, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, we find that transfer is appropriate for the reasons set out in our original decision directing centralization of all pending federal court actions not then in trial sharing factual questions of injury or death allegedly caused by asbestos or asbestos containing products.  *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991).  These actions are asbestos personal injury or wrongful death suits, and clearly fall within the MDL's ambit.

Plaintiffs in *Smith* and *Bouchard* principally argue that the Panel should deny or defer transfer in order to permit the resolution of their motions for remand to state court.  As we have often held, however, the pendency of a motion to remand generally is not a good reason to delay transfer.  Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon a motion to remand generally has adequate time in which to do so.

---

[*]    Judge John G. Heyburn II and Judge Barbara S. Jones took no part in the disposition of this matter.

[1]    These defendants are:  National Steel and Shipbuilding Company (as to the *Smith* action), Electric Boat Corporation (as to the *Antonelli* action), and Lockheed Shipbuilding Company (as to the *Bouchard* action).

- 2 -

The *Smith* and *Bouchard* plaintiffs also cite serious health concerns in opposing transfer. Although we have rejected this argument on multiple occasions in the past, we remain sensitive to this concern. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

In her motion to vacate, the *Antonelli* plaintiff argues that defendant Electric Boat Corporation failed to timely notify the Panel of the action's pendency as a potential tag-along action, noting that law firm representing defendant has been involved in other actions already in the MDL. *See* Panel Rule 7.1(a) ("Any party or counsel in actions previously transferred under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears."). We do not find plaintiff's argument persuasive. Although defendant's counsel's compliance with Rule 7.1(a) is indeed at least somewhat questionable, so is that of the law firm representing plaintiff, which also has been involved in other actions previously transferred to the MDL. We note, moreover, that although *Antonelli* was removed to the District of Connecticut in March 2010, the record indicates that the action is still at a relatively early stage.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Kathryn H. Vratil*
_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Frank C. Damrell, Jr.
Paul G. Barbadoro

# EXHIBIT 2

SEALDC/ASB, APPEAL, AK, AL-M, AL-N, AL-S, AR-E, AR-W, ASBESTOS, AZ, CA-C, CA-E, CA-N, CA-S, CO, CT, DC, DE, FL-M, FL-N, FL-S, GA-M, GA-N, GA-S, HI, IA-N, IA-S, ID, IL-C, IL-N, IL-S, IN-N, IN-S, KS, KY-E, KY-W, LA-E, LA-M, LA-W, MA, MD, MDL-875, ME, MI-E, MI-W, MN, MO-E, MO-W, MS-N, MS-S, MT, NC-E, NC-M, NC-W, ND, NE, NH, NJ, NM, NV, NY-E, NY-N, NY-S, NY-W, OH-N, OH-S, OK-E, OK-N, OK-W, OR, PA-M, PA-W, PR, RI, SC, SD, TN-E, TN-M, TN-W, TX-E, TX-N, TX-S, TX-W, UT, VA-E, VA-W, VI, VT, WA-E, WA-W, WI-E, WI-W, WVA-N, WVA-S, WY

## United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:01-md-00875-ER

IN RE: ASBESTOS PROD LIABILITY
Assigned to: HONORABLE EDUARDO C. ROBRENO
Demand: $0
related Case: 5:11-cv-02636-ER
Cause: 00:0000

Date Filed: 07/29/1991
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 05/24/2011 | 7896 | ORDER THAT THE FOLLOWING DEADLINES APPLY TO GROUP 3 WEITZ & LUXENBERG NY CASES: PLAINTIFF'S EXPERT REPORTS MUST BE SERVED BY 6/27/11; DEFENDANT'S EXPERT REPORTS MUST BE SERVED BY 7/28/11; ALL DISCOVERY MUST BE COMPLETED BY 8/29/11; A SETTLEMENT CONFERENCE IN ALL REMAINING GROUP 3 CASES WILL BE HELD ON 9/21/11 AT 11:00 AM IN COURTROOM 7; ALL DISPOSITIVE MOTIONS MUST BE FILED BY 10/3/11 WITH RESPONSES DUE BY 11/4/11 AND ANY REPLIES TO RESPONSES FILED BY 12/5/11; A SETTLEMENT CONFERENCE IS SET FOR 6/29/11 FOR GROUP 1 AND 2 CSAES; THE 8/17/11 SETTLEMENT CONFERENCE IS CANCELLED. SIGNED BY MAGISTRATE JUDGE M. FAITH ANGELL ON 5/22/2011; 5/24/2011 ENTERED AND COPIES E-MAILED; FAXED BY CHAMBERS. (APPLIES TO ALL WEITZ & LUXENBERG NY CASES).(tjd) (Entered: 05/24/2011) |
| 05/24/2011 | 7895 | TRANSFER ORDER NO. 1004 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. WESTERN DISTRICT OF WASHINGTON, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/24/2011 | 7894 | TRANSFER ORDER NO. 1003 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. DISTRICT OF CONNECTICUT, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND |

United States District Court Eastern District of Pennsylvania
Case 2:11-cv-66270   Document 5   Filed 05/27/11   Page 24 of 37

| | | COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
|---|---|---|
| 05/24/2011 | 7893 | TRANSFER ORDER NO. 1002 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. NORTHERN DISTRICT OF CALIFORNIA, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/24/2011 | 7892 | TRANSFER ORDER NO. 1001 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. EASTERN DISTRICT OF TEXAS, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/24/2011 | 7891 | TRANSFER ORDER NO. 1000 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. DISTRICT OF ARIZONA, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/24/2011 | 7890 | TRANSFER ORDER NO. 999 THAT THE CLERK OF COURT IS ORDERED TO INITIATE THE PROCEDURES FOR THE TRANSFER OF MDL 875 CASES FROM THE U.S.D.C. NORTHERN DISTRICT OF ALABAMA, IN ACCORDANCE WITH THE TERMS OF THIS COURT'S ADMINISTRATIVE ORDER NO. 11. ENTERED AND COPIES MAILED. (Attachments: # 1 CASE LOG) (nds) (Entered: 05/24/2011) |
| 05/23/2011 | 7889 | Copy of Transfer Order from the Judicial Panel on Multidistrict Litigation that pursuant to 28 U.S.C. 1407 these actions are transferred to the ED-PA and assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings: CA-N 4:11-1073; CT-D 3:10-344; WA-W 2:11-458. (tjd) (Entered: 05/23/2011) |
| 05/23/2011 | 7888 | ORDER THAT IN THE CASES LISTED IN EXHIBIT A ALL VIABLE DEFENDANTS ARE DISMISSED AND THE CASES SHALL BE TRANSFERRED TO THE 'BANKRUPTCY ONLY' DOCKET; THESE CASES ARE TO BE MARKED CLOSED. SIGNED BY HONORABLE EDUARDO C. ROBRENO ON 5/18/2011; (Attachments: # 1 case log) 5/23/2011 ENTERED AND COPIES MAILED AND E-MAILED. (APPLIES TO THE CASES LISTED ON EXHIBIT A).(tjd) (Entered: 05/23/2011) |
| 05/20/2011 | 7887 | Minute Entry for proceedings held before MAGISTRATE JUDGE M. FAITH ANGELL: Telephone Conference :NON-FINAL PRETRIAL CONFERENCE held on 5/19/2011.(APPLIES TO ALL WEITZ & LUXENBERG NY CASES) (kk, ) (Entered: 05/23/2011) |
| 05/20/2011 | 7886 | Copy of Conditional Transfer Order (CTO-396) from the Judicial Panel on |

| | | Multidistrict Litigation that the actions listed on the attached schedule are transferred to the ED-PA for coordinated or consolidated pretrial proceedings assigned to the Honorable Eduardo C. Robreno: AL-N 2:11-495; AZ-D 3:10-8091; TX-E 2:11-196. (tjd) (Entered: 05/20/2011) |
| --- | --- | --- |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 05/26/2011 16:08:01 | | | |
| **PACER Login:** | om0003 | **Client Code:** | 12060.000025 |
| **Description:** | Docket Report | **Search Criteria:** | 2:01-md-00875-ER Start date: 5/20/2011 End date: 5/24/2011 |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

# EXHIBIT 3

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)**

| | |
|---|---|
| William Andrew Smith v. 3M Company, et al., | ) |
| N.D. California, C.A. No. 4:11-1073 | ) |
| Diane Antonelli, etc. v. Electric Boat Corp., | )   MDL No. 875 |
| D. Connecticut, C.A. No. 3:10-344 | ) |
| Lola Bouchard, et al. v. CBS Corporation, et al., | ) |
| W.D. Washington, C.A. No. 2:11-458 | ) |

### TRANSFER ORDER

**Before the Panel:** *  Pursuant to Rule 7.1, plaintiffs move to vacate orders that conditionally transferred their actions to MDL No. 875.  Responding defendants oppose the motions.[1]

After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 875, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, we find that transfer is appropriate for the reasons set out in our original decision directing centralization of all pending federal court actions not then in trial sharing factual questions of injury or death allegedly caused by asbestos or asbestos containing products. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). These actions are asbestos personal injury or wrongful death suits, and clearly fall within the MDL's ambit.

Plaintiffs in *Smith* and *Bouchard* principally argue that the Panel should deny or defer transfer in order to permit the resolution of their motions for remand to state court.  As we have often held, however, the pendency of a motion to remand generally is not a good reason to delay transfer.  Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon a motion to remand generally has adequate time in which to do so.

---

\*  Judge John G. Heyburn II and Judge Barbara S. Jones took no part in the disposition of this matter.

[1]  These defendants are:  National Steel and Shipbuilding Company (as to the *Smith* action), Electric Boat Corporation (as to the *Antonelli* action), and Lockheed Shipbuilding Company (as to the *Bouchard* action).

- 2 -

The *Smith* and *Bouchard* plaintiffs also cite serious health concerns in opposing transfer. Although we have rejected this argument on multiple occasions in the past, we remain sensitive to this concern. It is our understanding, however, that the transferee court continues to give priority to actions involving seriously ill or dying plaintiffs.

In her motion to vacate, the *Antonelli* plaintiff argues that defendant Electric Boat Corporation failed to timely notify the Panel of the action's pendency as a potential tag-along action, noting that law firm representing defendant has been involved in other actions already in the MDL. *See* Panel Rule 7.1(a) ("Any party or counsel in actions previously transferred under Section 1407 shall promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears."). We do not find plaintiff's argument persuasive. Although defendant's counsel's compliance with Rule 7.1(a) is indeed at least somewhat questionable, so is that of the law firm representing plaintiff, which also has been involved in other actions previously transferred to the MDL. We note, moreover, that although *Antonelli* was removed to the District of Connecticut in March 2010, the record indicates that the action is still at a relatively early stage.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.                    Frank C. Damrell, Jr.
Paul G. Barbadoro

# EXHIBIT 4

**Aaron Riensche**

| | |
|---|---|
| From: | ECF@wawd.uscourts.gov |
| Sent: | Tuesday, May 24, 2011 2:35 PM |
| To: | ECF@wawd.uscourts.gov |
| Subject: | Activity in Case 2:11-cv-00458-RAJ Bouchard et al v. CBS Corporation, et al Order to Remand Case |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**United States District Court for the Western District of Washington**

**Notice of Electronic Filing**

The following transaction was entered on 5/24/2011 at 2:34 PM PDT and filed on 5/24/2011
**Case Name:**      Bouchard et al v. CBS Corporation, et al
**Case Number:**    2:11-cv-00458-RAJ
**Filer:**
**WARNING: CASE CLOSED on 05/24/2011**
**Document Number:** 43

**Docket Text:**
**ORDER by Judge Richard A Jones. The Court GRANTS Plaintiffs' motion to remand, docket no. [9]. This case shall be remanded to the King County Superior Court. (CL)**

**2:11-cv-00458-RAJ Notice has been electronically mailed to:**

Robert Gregory Andre randre@omwlaw.com, ariensche@omwlaw.com, chenry@omwlaw.com

Diane J. Kero dkero@gth-law.com, cwallace@gth-law.com, ffusaro@gth-law.com

Barry Neal Mesher mesherb@lanepowell.com, Docketing-SEA@lanepowell.com, hokansonp@lanepowell.com, lowesheedyl@lanepowell.com, vanburenh@lanepowell.com, wallg@lanepowell.com

Janet L Rice rice@sgb-law.com, , alcaide@sgb-law.com, farley@sgb-law.com, gilbert@sgb-law.com, jones@sgb-law.com, moretz@sgb-law.com

William Joel Rutzick rutzick@sgb-law.com, alcaide@sgb-law.com, cronan@sgb-law.com, guill@sgb-law.com, jones@sgb-law.com

Timothy Kost Thorson thorson@carneylaw.com, berman@carneylaw.com

Stephen Garrett Leatham sgl@hpl-law.com

Brian D Zeringer zeringerb@lanepowell.com

Jan Elizabeth Brucker jbrucker@jjr-law.com, rthorn@jjr-law.com

Richard G Gawlowski gawlowski@wscd.com, phares@wscd.com, reyes@wscd.com

Matthew Turetsky mturetsky@schwabe.com, docket@schwabe.com, jhicok@schwabe.com

Steven V Rizzo srizzo@rizzopc.com, recordsmanagement@rizzopc.com

Walter Eugene Barton gbarton@karrtuttle.com, danderson@karrtuttle.com, nrandall@karrtuttle.com

Katherine M. Steele ksteele@staffordfrey.com, asbestos@staffordfrey.com

R Dirk Bernhardt dirk@murraydunham.com, oscar@murraydunham.com, tammy@murraydunham.com

Aaron P Riensche ariensche@omwlaw.com, mstanescu@omwlaw.com

Katrina Elsa Mulligan kmulligan@staffordfrey.com, mulligankatrina@yahoo.com

**2:11-cv-00458-RAJ Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=5/24/2011] [FileNumber=3802361-0
] [4bea7408bdc2dcb63256d5ca6b595752e52d05a7d917c99ea9977e097217fcde919
38b7f0cd749b9c6b73761eaa7f156fbd03668bad5d4299e5aa6d7da3442d0]]

# EXHIBIT 5

HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11   LOLA BOUCHARD, et al.,

12                    Plaintiffs,

13            v.                               CASE NO. C11-458RAJ

14   CBS CORPORATION, et al.,                  ORDER

15                    Defendants.

16

17                      **I.   INTRODUCTION**

18        This matter comes before the court on Plaintiffs' motion to remand (Dkt. # 9).  No

19   party requested oral argument, and the court finds the motion suitable for disposition on

20   the basis of the parties' briefing and supporting evidence.  The court GRANTS the

21   motion (Dkt. # 9) for the following reasons.

22                      **II.   BACKGROUND**

23        Plaintiffs Lola and Michael Bouchard filed this lawsuit on September 13, 2010, in

24   King County Superior Court, alleging that the Defendants, including Defendant

25   Lockheed Shipbuilding Company ("Lockheed"), were liable for Ms. Bouchard's alleged

26   asbestos-related injuries that she suffered as a result of her former husband's exposure to

27

28   ORDER – 1

1   asbestos products at work.  The case was removed to this court by Defendant General

2   Electric Company, but then remanded after Plaintiffs settled with General Electric

3   Company. *See* Notice of Removal ¶ 2.

4          On February 22, 2011, one of Plaintiffs' witnesses testified in a deposition that he

5   saw Ms. Bouchard's former husband working on military ships at Lockheed in 1976 and

6   1977. Andre Decl., Ex. 6. On February 24, 2011, another witness testified in a

7   deposition that he worked on United States Navy ships with Ms. Bouchard's former

8   husband, but he could not remember at which shipyard that work took place. Andre

9   Decl., Ex. 7. According to Lockheed, this deposition testimony was the first notice to

10  Lockheed of facts that would support removal under federal officer jurisdiction. *See*

11  Def.'s Opp'n (Dkt. # 32) at 2.

12         Lockheed filed its notice of removal on March 16, 2011. *See* Notice (Dkt. # 1).

13  The Plaintiffs filed a motion to remand, arguing that removal was untimely.  The court

14  now turns to consider that motion.

15                                  **III.    ANALYSIS**

16  **A.    Legal Standards.**

17         A party seeking federal jurisdiction has the burden to show that removal is proper.

18  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).  Federal officers and their

19  agents may remove a case based on acts performed under color of their federal office.

20  *See* 28 U.S.C. § 1442(a)(1).  A defendant seeking to establish federal officer jurisdiction

21  must satisfy three requirements: (1) that it has a "colorable federal defense"; (2) that it

22  acted "pursuant to a federal officer's directions"; and (3) that a "causal nexus exists

23  between the defendant's actions under color of federal office and the plaintiff's claims."

24  *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989).  The court is to broadly

25  construe the applicability of federal officer jurisdiction, to further the purpose of the

26  federal officer removal statute (namely, to "have the validity of the defense of official

27

28  ORDER – 2

1   immunity tried in a federal court") without "frustrat[ion] by a narrow, grudging

2   interpretation of Section 1442(a)(1)." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

3   A notice of removal must be filed within thirty days of a defendant's receipt of a

4   document establishing that the case is removable. *See* 28 U.S.C. § 1446(b).

5   **B.     The Notice of Removal was Untimely.**

6          The Plaintiffs contend that remand is appropriate on both procedural and

7   substantive grounds: they argue that Lockheed's notice of removal was untimely, and that

8   even if it were timely, Lockheed cannot establish the third element (the causal nexus)

9   necessary to apply federal officer removal jurisdiction.

10          On September 29, 2010, Lockheed filed an answer to the Plaintifff's state-court

11   complaint, raising a "government contractor" affirmative defense. *See* Rutzick Decl.

12   (Dkt. # 10), Ex. 1. That defense alleged that "any asbestos-containing equipment or

13   products manufactured, supplied, furnished, sold or used at Lockheed were in compliance

14   with mandatory government contract specifications." *Id.* Thus, Plaintiffs argue that if

15   Lockheed had enough information to assert a government contractor defense on

16   September 29, 2010, the removal clock began running on that date at the latest, such that

17   a March 2011 notice of removal is untimely.

18          In rebuttal, Lockheed contends that the affirmative defense is not specific as to

19   *federal* government contracts. Lockheed contends that it was not aware until the

20   February 2011 depositions that Ms. Bouchard's former husband worked on U.S. Navy

21   ships. Because Lockheed worked on ships owned by federal and state government

22   entities, Lockheed contends that its September 2010 "government contractor" defense

23   could have referred to non-federal work. *See* Balch Decl. (Dkt. # 29) ¶ 3 ("During the

24   1970s, [Lockheed and its predecessor companies] constructed and repaired various

25   vessels for both the U.S. Government and other non-federal entities."). Thus, Lockheed

26   contends that its September 2010 Answer does not concede removability.

27

28   ORDER – 3

1    Lockheed's interpretation of its Answer is too strained to be credible. Lockheed

2   has cited no authority for the proposition that the "government contractor" defense refers

3   to any other government other than the United States government, and the court is aware

4   of no such authority. Instead, the court is aware of cases defining the "government

5   contractor" defense to refer to contracts with the United States government. *See, e.g., In*

6   *re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1000 (9th Cir. 2008). *Boyle v.*

7   *United Techs. Corp.*, 487 U.S. 500 (1988). Furthermore, Lockheed's own Notice of

8   Removal defines the "government contractor" defense as a federal defense:

9        Moreover, Lockheed Shipbuilding can and will assert a federal defense to
         this action. Its work was performed pursuant to contracts with, and under
10       the supervision of, the United States government, and any recovery by
         plaintiff is barred by the judicially recognized doctrine of immunity
11       conferred upon that contractual relationship and any occurrences arising
         therefrom, otherwise known as the government contractor defense.
12

13   Notice of Removal (Dkt. # 1) ¶ 10. Lockheed could not have legitimately asserted a

14   government contractor defense in September 2010 without some belief that the liability at

15   issue in this case related to work conducted pursuant to federal contract. Because it

16   asserted the government contractor defense before learning of the February 2011

17   deposition testimony, that deposition testimony was not necessary to Lockheed's

18   understanding of the potential for claims based on work performed pursuant to federal

19   contracts. *See Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 783 (9th Cir. 1994)

20   (finding that a defense raised in a defendant's Answer demonstrated awareness of the

21   nature of plaintiff's claims and their removability). Thus, the case was removable on

22   September 29, 2010, at the latest, and thus Lockheed's March 16, 2011 Notice of

23   Removal was filed after the 30-day removability window under 28 U.S.C. § 1446(b).

24       Because the Notice of Removal was untimely filed, this case shall be remanded

25   and it is unnecessary for the court to consider whether Lockheed has met the substantive

26   requirements for federal officer removal jurisdiction.

27

28   ORDER – 4

#### IV.    CONCLUSION

For these reasons, the court GRANTS Plaintiffs' motion (Dkt. # 9).  This case shall be remanded to King County Superior Court.

DATED this 23rd day of May, 2011.


The Honorable Richard A. Jones
United States District Judge

ORDER – 5