ADRMOP, E-Filing

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-02881-EDL

Stevens et al v. General Electric Company et al
Assigned to: Magistrate Judge Elizabeth D. Laporte
Demand: $0
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 06/13/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Carolyn J. Stevens**
*as Wrongful Death Heir, and as*
*Successor-in-Interest to James Harvey*
*Stevens, Deceased and Cindy Ray*
*Rolan*

represented by **David R. Donadio**
Brayton Purcell LLP
Attorneys at Law
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
Brayton Purcell LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
(415) 898-1555
Fax: (415) 898-1247
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Tammy Stevens**

represented by **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Sarah Renee Stevens**

represented by **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Alan R. Brayton
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joshua James Stevens**
*as Legal Heirs of James Harvey*
*Stevens, Deceased*

represented by **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

**Defendant**

**Metropolitan Life Insurance
Company**

**Defendant**

**United Technologies Corporation**

**Defendant**

**Lockheed Martin Corporation**

**Defendant**

**Huntington Ingalls Incorporated**
*formerly known as*
Northrop Grumman Shipbuilding, Inc.

**Defendant**

**Curtiss-Wright Corporation**

**Defendant**

**McDonnell Douglas Corporation**

**Defendant**

**The Goodyear Tire & Rubber
Company**

**Defendant**

**Rolls-Royce, PLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/15/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (lmh, COURT STAFF) (Filed on 6/15/2011) (Entered: 06/15/2011) |
| 06/13/2011 | | CASE DESIGNATED for Electronic Filing. (tn, COURT STAFF) (Entered: 06/14/2011) |
| 06/13/2011 | 6 | Declination to Proceed Before a United States Magistrate Judge & Request for Reassignment to a United States District Court Judge filed by Carolyn J. Stevens, Joshua James Stevens, Sarah Renee Stevens & Tammy Stevens. (tn, COURT STAFF) (Filed on 6/13/2011) (Entered: 06/14/2011) |
| 06/13/2011 | 5 | NOTICE of Tag-Along Action filed by Carolyn J. Stevens, Joshua James Stevens, Sarah Renee Stevens & Tammy Stevens. (tn, COURT STAFF) (Filed on 6/13/2011) (Entered: 06/14/2011) |
| 06/13/2011 | 4 | Certification of Interested Entities or Persons filed by Carolyn J. Stevens, Joshua James Stevens, Sarah Renee Stevens & Tammy Stevens. (tn, COURT STAFF) (Filed on 6/13/2011) (Entered: 06/14/2011) |
| 06/13/2011 | 3 | ADR SCHEDULING ORDER: Joint Case Management Statement due 9/13/2011 & InitialCase Management Conference set for 9/20/2011 at 10:00 AM.. (tn, COURT STAFF) (Filed on 6/13/2011) (Entered: 06/14/2011) |
| 06/13/2011 | 2 | SUMMONS Issued as to Defendants Curtiss-Wright Corporation, General Electric Company, Huntington Ingalls Incorporated, Lockheed Martin Corporation, McDonnell Douglas Corporation, Metropolitan Life Insurance Company, Rolls-Royce, PLC, The Goodyear Tire & Rubber Company & United Technologies Corporation. (tn, COURT STAFF) (Filed on 6/13/2011) (Entered: 06/14/2011) |
| 06/13/2011 | 1 | COMPLAINT for Survival, Wrongful Death - Asbestos & Demand for Jury Trial - [Summons Issued] against Curtiss-Wright Corporation, General Electric Company, Huntington Ingalls Incorporated, Lockheed Martin Corporation, McDonnell Douglas Corporation, Metropolitan Life Insurance Company, Rolls-Royce, PLC, The Goodyear Tire & Rubber Company & United Technologies Corporation, [Filing Fee:$350.00, Receipt Number 34611060969] Filed by Plaintiffs Sarah Renee Stevens, Carolyn J. Stevens, Tammy Stevens & Joshua James Stevens. (tn, COURT STAFF) (Filed on 6/13/2011) (Entered: 06/14/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/16/2011 11:38:52 | | |
| **PACER Login:** bp0355 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:11-cv-02881-EDL |
| **Billable Pages:** 3 | **Cost:** | 0.24 |

1   ALAN R. BRAYTON, ESQ., S.B. #73685
2   DAVID R. DONADIO, ESQ., S.B. #154436
    BRAYTON❖PURCELL LLP
    Attorneys at Law
3   222 Rush Landing Road
    P.O. Box 6169
4   Novato, California  94948-6169
    (415) 898-1555
5   (415) 898-1247 (Fax No.)

                                E-filing
6   Attorneys for Plaintiffs

7

8                   **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN FRANCISCO DIVISION**

11   CAROLYN J. STEVENS, as Wrongful        )   No.
     Death Heir, and as Successor-in-Interest to )
12   JAMES HARVEY STEVENS, Deceased,        )
     and CINDY RAY ROLAN, TAMMY             )   COMPLAINT FOR SURVIVAL,
13   LYNN STEVENS, SARAH RENEE              )   WRONGFUL DEATH - ASBESTOS;
     STEVENS, JOSHUA JAMES STEVENS,         )   DEMAND FOR JURY TRIAL
14   as Legal Heirs of JAMES HARVEY         )
     STEVENS, Deceased,                     )
15                                          )
                Plaintiffs,                 )
16                                          )
     vs.                                    )
17                                          )
     GENERAL ELECTRIC COMPANY,              )
18   METROPOLITAN LIFE INSURANCE            )
     COMPANY, UNITED TECHNOLOGIES           )
19   CORPORATION, LOCKHEED MARTIN           )
     CORPORATION, HUNTINGTON                )
20   INGALLS INCORPORATED (FKA              )
     NORTHROP GRUMMAN                       )
21   SHIPBUILDING, INC.), CURTISS-          )
     WRIGHT CORPORATION,                    )
22   MCDONNELL DOUGLAS                      )
     CORPORATION, THE GOODYEAR              )
23   TIRE & RUBBER COMPANY,                 )
     GOODRICH CORPORATION, ROLLS-           )
24   ROYCE, PLC,                            )
                                            )
25              Defendants.                 )

26

27

28

K:\Injured\114959\FED\PLD\cmp fed (wd).wpd                    1
                 COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

# I.

# PARTIES

1.     Plaintiffs in this action are the above-captioned successor-in-interest to, or the personal representative of the estate of Decedent; and the personal representatives on behalf of the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as "Plaintiffs."

2.     The person who sustained asbestos-related lung injuries and death as a result of their inhalation of asbestos fibers through the person's occupational exposure to asbestos, hereinafter "Decedent" is, with the date of death: JAMES HARVEY STEVENS died June 16, 2010.  CAROLYN J. STEVENS is the spouse of JAMES HARVEY STEVENS and is hereinafter referred to as "surviving spouse."

3.     Decedent sustained an asbestos-related lung disease and death by precisely the following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-containing products at Decedent's jobsites.  The pathogenesis of Decedent's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

4.     All of Plaintiffs' claims arise out of a similar series of occurrences:  repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent, resulting in cumulative, progressive, incurable lung diseases.

5.     Each Plaintiff claims damages for an asbestos-related disease arising from an identical series of occurrences not dependent on Decedent's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease.  The allegations of Plaintiffs regarding the nature of Decedent's asbestos-related diseases, the nature of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all identical.

1    6.    Plaintiffs are informed and believe, and thereon allege, that at all times herein
2    mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole
3    proprietorships and/or other business entities organized and existing under and by virtue of the
4    laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
5    said defendants, and each of them, were and are authorized to do and are doing business in the
6    State of California, and that said defendants have regularly conducted business in the State of
7    California.

8                                                    II.

9                    **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

10    7.    Jurisdiction: Plaintiff CAROLYN J. STEVENS is a citizen of the State of Texas.
11    Plaintiff(s) CINDY RAY ROLAN, TAMMY LYNN STEVENS, SARAH RENEE STEVENS,
12    JOSHUA JAMES STEVENS are citizens of the following states, respectively: Texas; Texas;
13    Texas; Texas.

14    Defendants are each corporations incorporated under the laws of and having its principal
15    places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| GENERAL ELECTRIC COMPANY | Connecticut |
| METROPOLITAN LIFE INSURANCE COMPANY | Delaware |
| UNITED TECHNOLOGIES CORPORATION | Connecticut |
| LOCKHEED MARTIN CORPORATION | Maryland |
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | Virginia |
| CURTISS-WRIGHT CORPORATION | New Jersey |
| MCDONNELL DOUGLAS CORPORATION | Illinois |
| THE GOODYEAR TIRE & RUBBER COMPANY | Ohio |
| GOODRICH CORPORATION | New York |
| ROLLS-ROYCE, PLC | Foreign Entity |

16
17
18
19
20
21
22
23
24
25
26
27
28

K:\Injured\114959\FED\PLD\cmp fed (wd).wpd                         3
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1      This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action

2  between citizens of different states in which the matter in controversy exceeds, exclusive of costs

3  and interest, seventy-five thousand dollars.

4     8.   Venue / Intradistrict Assignment.  Venue is proper in the Northern District of

5  California and assignment to the San Francisco Division of said district is proper as a substantial

6  part of the events or omissions which give rise to the claims asserted by Plaintiffs herein

7  occurred within the County of San Francisco, California, and Defendants are subject to personal

8  jurisdiction in this district at the time the action is commenced.

9                                 **III.**

10                          **CAUSES OF ACTION**

11                  FIRST CAUSE OF ACTION
                          (Negligence)

12

13     PLAINTIFF CAROLYN J. STEVENS COMPLAINS OF DEFENDANTS GENERAL

14  ELECTRIC COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, UNITED

15  TECHNOLOGIES CORPORATION, LOCKHEED MARTIN CORPORATION,

16  HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN

17  SHIPBUILDING, INC.), CURTISS-WRIGHT CORPORATION, MCDONNELL DOUGLAS

18  CORPORATION, THE GOODYEAR TIRE & RUBBER COMPANY, GOODRICH

19  CORPORATION, ROLLS-ROYCE, PLC, THEIR "ALTERNATE ENTITIES," AND EACH OF

20  THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

21     9.   At all times herein mentioned, each of the named defendants was the successor,

22  successor in business, successor in product line or a portion thereof, assign, predecessor,

23  predecessor in business, predecessor in product line or a portion thereof, parent, holding

24  company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

25  or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

26  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

27  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

28  representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

1   warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

2   otherwise directing and/or facilitating the use of, or advertising a certain product, namely

3   asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be

4   called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious

5   conduct of each successor, successor in business, successor in product line or a portion thereof,

6   assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

7   venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

8   entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

9   designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

10   sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

11   rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

12   products containing asbestos. The following defendants, and each of them, are liable for the acts

13   of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

14   destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; defendants, and each

15   of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

16   ENTITY; defendants, and each of them, caused the destruction of Plaintiffs' remedy against each

17   such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

18   role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

19   originally attached to each such ALTERNATE ENTITY:

20   | DEFENDANT | ALTERNATE ENTITY |

21   GENERAL ELECTRIC COMPANY

MATTERN X-RAY
HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED
22   TRUMBULL ELECTRIC MANUFACTURING COMPANY
G E INDUSTRIAL SYSTEMS
23   CURTIS TURBINES
PARSONS TURBINES
24   GENERAL ELECTRIC JET ENGINES

25   UNITED TECHNOLOGIES
CORPORATION

UNITED AIRCRAFT CORPORATION
UNITED AIRCRAFT & TRANSPORT CORPORATION
26   PRATT & WHITNEY
HAMILTON STANDARD CO.
27   SIKORSKY AIRCRAFT CORP.

28   ///

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| LOCKHEED MARTIN CORPORATION | LOCKHEED CORPORATION<br>LOCKHEED MISSILES & SPACE CO., INC.<br>LOCKHEED AIRCRAFT CORPORATION<br>LOCKHEED PROPULSION COMPANY<br>GLENN L. MARTIN AIRCRAFT COMPANY<br>LOCKHEED MARTIN TACTICAL SYSTEMS, INC.<br>LORAL CORPORATION |
| HUNTINGTON INGALLS<br>INCORPORATED<br>(FKA NORTHROP<br>GRUMMAN SHIPBUILDING, INC.) | AVONDALE INDUSTRIES, INC.<br>AVONDALE SHIPYARDS, INC.<br>CONTINENTAL MARITIME INDUSTRIES, INC.<br>EASTERN IDAHO CONSTRUCTION COMPANY<br>INGALLS SHIPBUILDING, INC.<br>NEWPORT NEWS SHIPBUILDING AND DRY DOCK<br>COMPANY<br>NORTH CAROLINA SHIPBUILDING<br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.<br>SERVICE ENGINEERING INDUSTRIES, INC. |
| CURTISS-WRIGHT CORPORATION | WRIGHT AERONAUTICAL<br>WRIGHT AERO<br>CURTIS AIRCRAFT<br>CURTISS-WRIGHT FLOW CONTROL CORPORATION<br>FARRIS ENGINEERING COMPANY |
| MCDONNELL DOUGLAS CORPORATION | DOUGLAS AIRCRAFT COMPANY<br>BOEING NORTH AMERICAN, INC.<br>CONSOLIDATED AIRCRAFT |
| THE GOODYEAR TIRE & RUBBER<br>COMPANY | GOODYEAR AEROSPACE CORP.<br>LOCKHEED MARTIN TACTICAL SYSTEMS, INC.<br>LORAL CORPORATION<br>AIRCRAFT BRAKING SYSTEMS CORP. |
| GOODRICH CORPORATION | B.F. GOODRICH CORPORATION<br>GARLOCK SEALING TECHNOLOGIES, LLC<br>COLTEC INDUSTRIES, INC.<br>COLT INDUSTRIES |
| ROLLS-ROYCE, PLC | ALLISON ENGINE COMPANY, INC. |

10. At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

1    otherwise directing and/or facilitating the use of, or advertising a certain product, namely
2    asbestos and other products containing asbestos.

3         11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
4    each of them, singularly and jointly, negligently, and carelessly researched, manufactured,
5    fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
6    to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
7    supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
8    installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
9    rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
10   and other products containing asbestos, in that said products caused personal injuries to users,
11   consumers, workers, bystanders and others, including the Decedent herein, (hereinafter
12   collectively called "exposed persons"), while being used in a manner that was reasonably
13   foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by
14   "exposed persons."

15        12.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
16   exercise due care in the pursuance of the activities mentioned above and defendants, and each of
17   them, breached said duty of due care.

18        13.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
19   have known, and intended that the aforementioned asbestos and products containing asbestos and
20   related products and equipment, would be transported by truck, rail, ship, and other common
21   carriers, that in the shipping process the products would break, crumble, or be otherwise
22   damaged; and/or that such products would be used for insulation, construction, plastering,
23   fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
24   limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
25   breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the
26   release of airborne asbestos fibers, and that through such foreseeable use and/or handling
27   "exposed persons," including Decedent herein, would use or be in proximity to and exposed to
28   ///

1   said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

2   persons working in proximity to said products, directly or through reentrainment.

3        14.     Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-

4   containing products referred to herein in a manner that was reasonably foreseeable. Decedent's

5   exposure to asbestos and asbestos-containing products is on current information as set forth at

6   various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference

7   herein.

8        15.     As a direct and proximate result of the acts, omissions, and conduct of the

9   defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure

10  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

11  or harm to the Decedent as set forth in **Exhibit A**, attached to Plaintiffs' complaint and

12  incorporated by reference herein.

13       16.     Plaintiffs are informed and believe, and thereon allege, that progressive lung

14  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

15  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

16  asbestos and asbestos-containing products over a period of time.

17       17.     Decedent suffered from a condition related to exposure to asbestos and asbestos-

18  containing products. Decedent was not aware at the time of exposure that asbestos or asbestos-

19  containing products presented any risk of injury and/or disease.

20       18.     As a direct and proximate result of the aforesaid conduct of the defendants, their

21  "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,

22  nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

23  amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this

24  complaint accordingly when the true and exact cost thereof is ascertained.

25       19.     As a direct and proximate result of the aforesaid conduct of the defendants, their

26  ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value

27  of medial care provided by Decedent's family members measured by, inter alia, the costs

28  associated with the hiring a registered nurse, home hospice, or other service provider, the true

1 and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to
2 amend this complaint accordingly when the true and exact costs are known or at time of trial.

3     20.     As a direct and proximate result of the aforesaid conduct of defendants, their
4 ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person,
5 body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and
6 related sequelae, and the mental and emotional distress attendant thereto, and ultimately death,
7 from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven
8 at trial.

9     21.     As a further direct and proximate result of the said conduct of the defendants,
10 their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,
11 entitlements, wages, profits, and commissions, a diminishment of earning potential, and other
12 pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave is
13 requested to amend this complaint to conform to proof at the time of trial.

14     22.     As a further direct and proximate result of the said conduct of the defendants,
15 their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-
16 containing products caused severe and permanent injury to Decedent, and ultimately Decedent
17 died on the date previously stated herein.

18     23.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
19 directors and managing agents participated in, authorized, expressly and impliedly ratified, and
20 had full knowledge of, or should have known of, each of the acts set forth herein.

21     24.     Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the
22 fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
23 and each defendant's officers, directors, and managing agents participated in, authorized,
24 expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
25 each of their ALTERNATE ENTITIES as set forth herein.

26     25.     The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
27 and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in
28 conscious or reckless disregard and indifference to the safety, health, and rights of "exposed

1  persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive
2  damages against said defendants.

3  WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and
4  each of them, as hereinafter set forth.

5  ### SECOND CAUSE OF ACTION
(Products Liability - Survival)
6

7  PLAINTIFF CAROLYN J. STEVENS AS SUCCESSOR-IN-INTEREST TO THE
8  DECEDENT JAMES HARVEY STEVENS COMPLAINS OF DEFENDANTS GENERAL
9  ELECTRIC COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, UNITED
10  TECHNOLOGIES CORPORATION, LOCKHEED MARTIN CORPORATION,
11  HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN .
12  SHIPBUILDING, INC.), CURTISS-WRIGHT CORPORATION, MCDONNELL DOUGLAS
13  CORPORATION, THE GOODYEAR TIRE & RUBBER COMPANY, GOODRICH
14  CORPORATION, ROLLS-ROYCE, PLC, THEIR "ALTERNATE ENTITIES,"AND EACH OF
15  THEM; EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
16  ACTION FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

17  26.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each
18  paragraph of the First Cause of Action herein.

19  27.    Defendants, their "alternate entities," and each of them, knew and intended that
20  the above-referenced asbestos and asbestos-containing products would be used by the purchaser
21  or user without inspection for defects therein or in any of their component parts and without
22  knowledge of the hazards involved in such use.

23  28.    Said asbestos and asbestos-containing products were defective and unsafe for their
24  intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease
25  and/or death. The defect existed in the said products at the time they left the possession of
26  defendants, their ALTERNATE ENTITIES, and each of them. Said products did, in fact, cause
27  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed
28  ///

1  persons," including Decedent herein, while being used in a reasonably foreseeable manner,

2  thereby rendering the same defective, unsafe, and dangerous for use.

3      29.    "Exposed persons" did not know of the substantial danger of using said products.

4  Said dangers were not readily recognizable by "exposed persons." Said defendants, their

5  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

6  which Decedent and others similarly situated were exposed.

7      30.    In researching, manufacturing, fabricating, designing, modifying, testing or failing

8  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

9  sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,

10  promoting, representing, endorsing servicing, installing, contracting for installation, repairing,

11  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

12  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

13  did so with conscious disregard for the safety of "exposed persons" who came in contact with

14  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

15  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or

16  death resulting from exposure to asbestos or asbestos-containing products, including, but not

17  limited to, asbestosis, other lung damages, and cancer. Said knowledge was obtained, in part,

18  from scientific studies performed by, at the request of, or with the assistance of, said defendants,

19  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

20  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

21      31.    On or before 1930, and thereafter, said defendants, their ALTERNATE

22  ENTITIES and each of them, were aware that members of the general public and other "exposed

23  persons," who would come in contact with their asbestos and asbestos-containing products, had

24  no knowledge or information indicating that asbestos or asbestos-containing products could

25  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

26  members of the general public and other "exposed persons," who came in contact with asbestos

27  and asbestos-containing products, would assume, and in fact did assume, that exposure to

28  ///

1    asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
2    hazardous to health and human life.

3        32.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
4    of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
5    lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
6    market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
7    asbestos-containing products without attempting to protect "exposed persons" from, or warn
8    "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
9    asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
10    "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
11    asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
12    intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
13    and suppressed said knowledge from "exposed persons" and members of the general public, thus
14    impliedly representing to "exposed persons" and members of the general public that asbestos and
15    asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their
16    ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
17    representations with the knowledge of the falsity of said implied representations.

18        33.     The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
19    and each of them, was motivated by the financial interest of said defendants, their ALTERNATE
20    ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
21    manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
22    sale, inspection, installation, contracting for installation, repair, marketing, warranting,
23    rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise
24    directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing
25    products. In pursuance of said financial motivation, said defendants, their ALTERNATE
26    ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact
27    were consciously willing and intended to permit asbestos and asbestos-containing products to
28    ///

1   cause injury to "exposed persons" and induced persons to work with and be exposed thereto,
2   including Decedent.

3       34.    Plaintiffs allege that the aforementioned defendants, their ALTERNATE
4   ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
5   products, to be safe for their intended use, but that their asbestos and asbestos-containing
6   products, created an unreasonable risk of bodily harm to exposed persons.

7       35.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of
8   their representations, lack of warnings, and implied warranties of fitness of asbestos and their
9   asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Decedent
10   suffered permanent injury and death as alleged herein.

11       36.    As a direct and proximate result of the actions and conduct outlined herein,
12   Decedent have suffered the injuries and damages herein alleged.

13       WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities", and
14   each of them, as hereinafter set forth.

15                        THIRD CAUSE OF ACTION
                          (Negligence - Wrongful Death)
16

17       PLAINTIFF CAROLYN J. STEVENS, AS WRONGFUL DEATH HEIR, AND AS
18   SUCCESSOR-IN-INTEREST TO JAMES HARVEY STEVENS DECEASED, AND
19   PLAINTIFF(S) CINDY RAY ROLAN, TAMMY LYNN STEVENS, SARAH RENEE
20   STEVENS, JOSHUA JAMES STEVENS AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN
21   OF DEFENDANTS GENERAL ELECTRIC COMPANY, METROPOLITAN LIFE
22   INSURANCE COMPANY, UNITED TECHNOLOGIES CORPORATION, LOCKHEED
23   MARTIN CORPORATION, HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP
24   GRUMMAN SHIPBUILDING, INC.), CURTISS-WRIGHT CORPORATION, MCDONNELL
25   DOUGLAS CORPORATION, THE GOODYEAR TIRE & RUBBER COMPANY,
26   GOODRICH CORPORATION, ROLLS-ROYCE, PLC, THEIR "ALTERNATE ENTITIES,"
27   AND EACH OF THEM; EACH FOR A THIRD, SEPARATE, FURTHER AND DISTINCT
28   ///

1  CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS
2  FOLLOWS:

3      37.     Plaintiffs incorporate by reference each paragraph contained within the First
4  Cause of Action as though fully set forth herein.

5      38.     The heirs at law of the Decedent and their relationship to the Decedent is set forth
6  above.

7      39.     The individuals set forth as heirs constitute all of the surviving heirs of the
8  Decedent.

9      40.     As a direct and proximate result of the conduct of the defendants, their
10 ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-
11 containing products caused Decedent to develop diseases from which condition Decedent died.
12 Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of
13 filing the complaint.

14     41.     At all times prior to his death, Decedent was a faithful and dutiful spouse to the
15 surviving spouse.

16     42.     As a direct and proximate result of the conduct of defendants, and each of them,
17 and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss
18 of care, society, comfort, attention, services, and support of Decedent all to the damage of
19 Decedent's heirs.

20     43.     As a further direct and proximate result of the conduct of defendants, and each of
21 them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount
22 currently not ascertained.

23         WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as
24 hereinafter set forth.

25 ///

26 ///

27 ///

28

1

## FOURTH CAUSE OF ACTION
(Products Liability - Wrongful Death)

2

3   PLAINTIFF CAROLYN J. STEVENS, AS WRONGFUL DEATH HEIR, AND AS

4   SUCCESSOR-IN-INTEREST TO JAMES HARVEY STEVENS DECEASED, AND

5   PLAINTIFF(S) CINDY RAY ROLAN, TAMMY LYNN STEVENS, SARAH RENEE

6   STEVENS, JOSHUA JAMES STEVENS AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN

7   OF DEFENDANTS GENERAL ELECTRIC COMPANY, METROPOLITAN LIFE

8   INSURANCE COMPANY, UNITED TECHNOLOGIES CORPORATION, LOCKHEED

9   MARTIN CORPORATION, HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP

10  GRUMMAN SHIPBUILDING, INC.), CURTISS-WRIGHT CORPORATION, MCDONNELL

11  DOUGLAS CORPORATION, THE GOODYEAR TIRE & RUBBER COMPANY,

12  GOODRICH CORPORATION, ROLLS-ROYCE, PLC, THEIR "ALTERNATE ENTITIES,"

13  AND EACH OF THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT

14  CAUSE OF ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS

15  FOLLOWS:

16       44.     Plaintiffs incorporate herein by reference, as though fully set forth herein, each

17  paragraph of the First, Second and Third Causes of Action herein.

18       45.     As a direct and proximate result of the conduct of defendants, and each of them,

19  Decedent's heirs have sustained the injuries and damages previously alleged.

20       WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

21  each of them, as hereinafter set forth.

22                                **IV.**

23                       **DAMAGES AND PRAYER**

24       WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

25  each of them in an amount to be proved at trial in each individual case, as follows:

26       (a)     For Plaintiffs' general damages according to proof;

27       (b)     For Plaintiffs' loss of income, wages and earning potential according to proof;

28       (c)     For Plaintiffs' medical and related expenses according to proof;

1     (d)    For Plaintiffs' cost of suit herein;

2     (e)    For exemplary or punitive damages according to proof;

3     (f)    For damages for fraud according to proof; and

4     (g)    For such other and further relief as the Court may deem just and proper, including

5 costs and prejudgment interest.

6 Dated: 6/13/11                        BRAYTON❖PURCELL LLP

7

8                                   By: _____

9                                     David R. Donadio
                                    Attorneys for Plaintiffs

10

11 <u>JURY DEMAND</u>

12     Plaintiffs hereby demand trial by jury of all issues of this cause.

13

14 Dated: 6/13/11                       BRAYTON❖PURCELL LLP

15

16                                     By: _____

17                                     David R. Donadio
                                    Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1

EXHIBIT A

2  <u>Decedent:</u> JAMES HARVEY STEVENS, Deceased.

3

4  <u>Decedent's injuries:</u> Decedent was diagnosed with lung cancer on or about June 2010.

5

6  Decedent died on June 16, 2010.

7

8  <u>Retirement Status:</u> Decedent retired from his last place of employment at regular retirement age.

9  He had therefore suffered no disability from his asbestos-related disease as "disability" is defined

10  in California Code of Civil Procedure § 340.2.

11

12  <u>Defendants:</u> Plaintiffs contend that the asbestos-containing products to which Decedent  was or

13  may have been exposed to were manufactured, supplied, distributed, installed and/or contracted

14  for by defendants and each of them.   Decedent's exposure to asbestos occurred at the following

15  times and places, and involved exposure to dust created by the contractors and the products of the

16  entities listed below. The exposure includes, <u>but is not limited,</u> to the following presently known

17  contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center, Memphis, TN | Trainee | 4/27/1964- 9/9/1964 |
| | US Marine Corps Air Station, Cherry Point, Havelock, NC | Trainee | 10/1964 - 9/1965 |
| | <u>FRANKLIN D. ROOSEVELT</u> (CVA-42) | Aircraft Mechanic | 1960s |
| | <u>SARATOGA</u> (CVA-60) | | 1960s |
| | US Navy, Christchurch, New Zealand | | approx. 1967 |
| | Naval Base, Quonset Point, Davisville, RI | Trainee | 6/5/1967- 6/8/1967 |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy (cont'd.) | US Naval Air Station, Key West, FL | Aircraft Technician (Trainee) | 7/31/1967-8/11/1967 |
| | WASP (CVS-18) | Aircraft Mechanic | 3/1968 |
| | Naval Station, New York, NY | Welder (Trainee) | 4/15/1968-5/24/1968 |
| | US Air Force RAF Mildenhall AFB, England, UK | Aircraft Mechanic | approx. 1968 - Spring, 1971 |
| | HANCOCK (CVA-19), Pacific Cruise | | Spring, 1971-2/10/1972 |
| | HANCOCK (CVA-19), Vietnam | | 2/10/1972-5/26/1972 |
| | Naval Station, North Island, San Diego, CA | | 5/1972-6/6/1972 |
| US Coast Guard | Various Coast Guard bases, including, | Aircraft Mechanic | 1972-10/31/1984 |
| | Naval Air Station, Corpus Christi, TX | | 8/1972 -3/1973; 4/1973 (approx. 2 weeks); 5/1973-6/1977 |
| | US Coast Guard Air Station, Elizabeth City, NC | | 4/1973 (approx. 2 weeks); 6/1982-10/31/1984 |
| | US Coast Guard Air Station, Houston, TX | | 6/1977-9/1980 |
| | US Coast Guard Base, New Orleans, LA | | 9/1980-10/16/1981; 10/31/1981-5/1982 |
| | Two Rock Coast Guard Station, Petaluma, CA | Officer (Trainee) | 10/17/1981-10/30/1981 |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL