BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

ERVIN GENE FRANCIS AND PATTY :
JEAN FRANCIS, PLAINTIFFS, :
: In re Asbestos Products Liability Litigation (No. VI)
: MDL. No. 875 (CTO-408)
v. :
: (Civil Action No. 7:11-cv-00085-ART, E.D.
: Kentucky, (Southern Division at Pikeville))
HONEYWELL INTERNATIONAL, INC.:
ET AL., DEFENDANTS. :

OPPOSITION OF THE UNITED STATES OF AMERICA TO CONDITIONAL
TRANSFER ORDER (CTO-408)

The United States of America is a third-party plaintiff in the above-captioned case. While typically all asbestos personal injury cases should be transferred to MDL No. 875, pursuant to *In re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415 (Jud. Pan..Mult. Lit. 1991), the circumstances of this matter warrant a different outcome. As correctly noted in Plaintiffs' Notice of Opposition (Doc. 4), this case originated in state court in Kentucky in October 2009, where it would have remained, but for the filing, on May 10, 2011, of a third-party complaint against the United States by Defendant Honeywell International, Inc. The third-party complaint is premised on alleged negligence of the United States toward Plaintiff Ervin Gene Francis while he was on active duty in the United States Navy, but such governmental liability is plainly barred by the decisions of the United States Supreme Court in *Feres v. United States*, 340 U.S. 135 (1950), and *Stencel Aero Engineering Corp. v. United States*, 432 U.S. 666 (1977). *See* Exh. A, U.S. Motion and Memorandum in Support of Motion to Dismiss in Civil Action No. 11-cv-85-

1

ART (E.D. Kentucky), Doc. 2 and Doc. 2-1, at Doc. 2-1, pp. 6-7). There is, of course, no dispute as to whether state courts have jurisdiction over tort claims against the United States – they do not. See 28 U.S.C. § 1346(b) (federal district courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages").

Because there is no jurisdiction in state court for claims against the United States, counsel for the government asked Honeywell to voluntarily dismiss. After Honeywell declined to do so, counsel for the government, per the normal processes followed by the United States Attorney's Office for the Eastern District of Kentucky, removed to case to federal court on Monday, June 6, 2011, and simultaneously moved to dismiss and remand back to state court in Kentucky. See Exh. A, Doc. 2 at p. 2. Not surprisingly, the matter was promptly presented to the MDL, which issued the instant Conditional Transfer Order on Thursday, June 9.

The United States' view is that private litigants, whether plaintiffs or defendants, should not be allowed to secure federal jurisdiction by bringing frivolous suits against the United States in state courts, forcing the government to remove. Allowing the instant action to proceed to MDL No. 875, with the inevitable attendant delays in adjudication that would not, in this matter, occur in state court, would reward this sort of jurisdictional manipulation. Here, we believe that it is plain that Honeywell is fully aware that it had no basis to bring a third-party suit against the United States. Particularly in a time of scarce governmental resources, the federal taxpayers should not be burdened with adjudicating (in the case of the courts) or defending (in the case of the Executive Branch) legally baseless lawsuits against the United States which are brought solely in an attempt to secure federal jurisdiction in private party litigation.

For this reason, the United States urges that the Conditional Transfer Order here not be

made permanent, so that the United States District Court for the Eastern District of Kentucky may swiftly act to dismiss the United States and send the matter back to state court.

RESPECTFULLY SUBMITTED,

Dated: June 16, 2011

TONY WEST
Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Civil Division

s/ *David S. Fishback*
DAVID S. FISHBACK
DC Bar No. 182907
Assistant Director
Torts Branch (Environmental Torts)
Civil Division
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone: (202) 616-4206
David.Fishback@USDOJ.GOV

Carlton S. Shier, IV
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Eastern District of Kentucky
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507
Telephone: (859) 685-4832
Carlton.Shier@USDOJ.GOV

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2011 the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was thereby served via the CM/ECF system to all registered users, which includes at least one attorney for each represented party, and is available for viewing and downloading from the ECF system, as well as via first class mail to the following who are not on the CM/ECF system:

Thacker Auto Parts, Inc.
Thacker Auto Parts Company, Inc.
c/o Bobby Gene Thacker
1009 North Bypass Road
Pikeville, KY 41501

L. Michael Brooks, Jr.
WELLS, ANDERSON & RACE
1700 Broadway, Suite 1020
Denver, CO 80290
*Counsel for Carquest Corporation*

Calvin R. Fulkerson
J. Christian Lewis
FULKERSON & KINKEL
239 North Broadway
Lexington, KY 40507
*Counsel for Pneumo Abex, LLC*

              s/ *David S. Fishback*
              DAVID S. FISHBACK
              DC Bar No. 182907
              Assistant Director
              Torts Branch (Environmental Torts)
              Civil Division
              United States Department of Justice
              P.O. Box 340, Ben Franklin Station
              Washington, D.C. 20004
              Attorney Telephone: (202) 616-4206
              David.Fishback@USDOJ.GOV