# EXHIBIT A

# U.S. Motion and Memorandum in Support of Motion to Dismiss in Civil Action No. 11-cv-85-ART (E.D. Kentucky), Doc. 2 and Doc. 2-1

Case: 7:11-cv-00085-ART   Doc #: 2   Filed: 06/06/11   Page: 1 of 4 - Page ID#: 160

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 11-cv-85-ART                           *ELECTRONICALLY FILED*

ERVIN GENE FRANCIS *and*

PATTY JEAN FRANCIS                                                  PLAINTIFFS

*Vs.*                    **UNITED STATES' MOTION TO DISMISS**

HONEYWELL INTERNATIONAL, INC.
*Individually and as Successor-in-Interest to Allied Signal Corp.,*
*Allied Chemical, and The Bendix Corporation*

PNEUMO ABEX CORPORATION
*Successor-in-Interest to Abex Corporation*

BORG WARNER CORPORATION

BORG WARNER AUTOMOTIVE, INC.

BURNS INTERNATIONAL SERVICES CORP.
*Individually and as Successor-in-Interest to Borg Warner Corporation*

NAPA VALLEY AUTO PARTS, INC.

CARQUEST CORPORATION

ROCKWELL INTERNATIONAL CORPORATION

THACKER AUTO PARTS, INC. *and*

THACKER AUTO PARTS COMPANY, INC.                    DEFENDANTS

*and*

HONEYWELL INTERNATIONAL, INC.                       THIRD-PARTY PLAINTIFF

*Vs.*

UNITED STATES OF AMERICA                            THIRD-PARTY DEFENDANT

* * * * *

The United States of America, by counsel and without waiving any defenses, objections, or issues of jurisdiction, sufficiency of service of process (including the timeliness thereof), sufficiency of process, venue, or proper parties, hereby moves to dismiss the Third-Party Complaint in this civil action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As this Court lacks subject-matter jurisdiction over the claims asserted against the United States, the Third Party Complaint against the United States should be dismissed and the remainder of this action should be remanded to state court.

A memorandum of law in support of this motion and a proposed order are filed herewith.

WHEREFORE, for the reasons set forth in the accompanying memorandum of law, the United States respectfully requests that the Third Party Complaint against it be DISMISSED and that the remainder of this action be REMANDED to the Pike Circuit Court.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

By:   *s/ Carlton S. Shier, IV*
CARLTON S. SHIER, IV
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4832
Carlton.Shier@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that, on June 6, 2011, I electronically filed the foregoing with the clerk of the court, by using the CM/ECF system, which will provide notice to the following:

Scott A. Davidson
sdavidson@bsg-law.com

Kenneth L. Sales
ksales@stwlaw.com

Joseph D. Satterley
jsatterley@stwlaw.com

Paul J. Kelly
pkelley@law.com

Gary C. Johnson
gary@garycjohnson.com

J. Christian Lewis
clewis@fulkersonkinkel.com

Palmer G. Vance, II
gene.vance@skofirm.com

Patrick W. Gault
pgault@napiergaultlaw.com

Stephen M. Fowler
sfowler@pffwv.com

I further certify that, on June 6, 2011, I served a true copy of the forgoing document and notice of electronic filing, by mailing the same to the following non-ECF users:

Thacker Auto Parts, Inc.
c/o Bobby Gene Thacker
1009 North Bypass Road
Pikeville, Kentucky 41501

Thacker Auto Parts Company, Inc.
c/o Bobby Gene Thacker
1009 North Bypass Road
Pikeville, Kentucky 41501

*s/ Carlton S. Shier, IV*
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 11-cv-85-ART                                    *ELECTRONICALLY FILED*

ERVIN GENE FRANCIS *and*

PATTY JEAN FRANCIS                                                              PLAINTIFFS

*Vs.*          **UNITED STATES' MEMORANDUM OF LAW
                IN SUPPORT OF MOTION TO DISMISS**

HONEYWELL INTERNATIONAL, INC.
*Individually and as Successor-in-Interest to Allied Signal Corp.,
Allied Chemical, and The Bendix Corporation*

PNEUMO ABEX CORPORATION
*Successor-in-Interest to Abex Corporation*

BORG WARNER CORPORATION

BORG WARNER AUTOMOTIVE, INC.

BURNS INTERNATIONAL SERVICES CORP.
*Individually and as Successor-in-Interest to Borg Warner Corporation*

NAPA VALLEY AUTO PARTS, INC.

CARQUEST CORPORATION

ROCKWELL INTERNATIONAL CORPORATION

THACKER AUTO PARTS, INC. *and*

THACKER AUTO PARTS COMPANY, INC.                                 DEFENDANTS

*and*

HONEYWELL INTERNATIONAL, INC.                                    THIRD-PARTY PLAINTIFF

*Vs.*

UNITED STATES OF AMERICA                                         THIRD-PARTY DEFENDANT

\* \* \* \* \*

The United States of America, by counsel and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, hereby submits the following Memorandum of Law, in support of its motion to dismiss for lack of subject-matter jurisdiction:

## STATEMENT OF THE CASE

On October 5, 2009, the Plaintiffs originally filed this civil action, alleging state law tort claims against the various Defendants. [R. 1, Exhibit A at 5-15]. About a year and a half later, on May 10, 2011, Defendant Honeywell International, Inc. filed a Third Party Complaint herein, naming the United States as Third Party Defendant and alleging tort claims for indemnification, contribution, and/or apportionment of fault against it. [R. 1, Exhibit A at 2-4].[1] Specifically, the Third Party Complaint alleges that the Plaintiff worked as a boiler operator or welder ship fitter in the U.S. Navy (aboard the U.S.S. Salamonie, from around 1960 to 1964); that, during that time, the United States negligently exposed service personnel such as Plaintiff to asbestos dust and fibers; and, that this negligence was a substantial contributing factor to the Plaintiff's development of lung cancer. [R. 1, Exhibit A at ¶4-8].

Because the Third Party Complaint asserts negligence claims against the United States, on June 6, 2011, the United States removed this civil action, pursuant to 28 U.S.C. § 1442(a)(1). [R. 1]. The United States now moves to dismiss the Third Party Complaint, for lack of subject matter jurisdiction. Specifically, the United States has not waived its sovereign immunity for the claims asserted in the Third Party Complaint and, based on the doctrine of derivative jurisdiction,

---

[1] From a review of the state court pleadings relating to leave to file the Third Party Complaint, it appears the Third Party Plaintiff became aware of the alleged basis for its third party claim back in May 2010, upon receiving Plaintiff's discovery response. [R. 1, Exhibit B at 1]. Yet, the motion for leave to file the Third Party Complaint was not filed until February 2011 [Id.] – after a July 18, 2011 trial date was established (apparently in November 2010). And, the Third Party Complaint was not filed until May 2011, only two months before trial. [R. 1, Exhibit G].

this Court also lacks subject matter jurisdiction over the claims asserted in the state court action. Accordingly, the Third Party Complaint against the United States should be dismissed.

## ARGUMENT

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE THIRD PARTY COMPLAINT AGAINST THE UNITED STATES

The Defendant/Third Party Plaintiff alleged state law tort claims for indemnification, contribution, and/or apportionment of fault, against the United States, in Kentucky state court. However, the state court lacked jurisdiction over the tort claims against the United States and, pursuant to the doctrine of derivative jurisdiction, this Court acquired no greater jurisdiction upon removal of the action. The claims against the United States are barred by sovereign immunity and the Third Party Complaint against the United States must be dismissed.

### A. The doctrine of derivative jurisdiction applies

The doctrine of "derivative jurisdiction" establishes that a federal court's jurisdiction over a removed case mirrors the jurisdiction that the state court had over the matter prior to removal. *See* Minnesota v. United States, 305 U.S. 382, 389 (1939). Consequently, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." Id. Accordingly, pursuant to this doctrine, removed actions that are within the exclusive jurisdiction of the federal courts must be dismissed, as the state court where the action was originally filed lacked any jurisdiction to hear it. *See* Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, 382 (1922); Palmer v. City National Bank of West Virginia, 498 F.3d 236, 244 (4th Cir. 2007); *see also* Nordlicht v. New York Tel. Co., 799 F.2d 859, 863 (2nd Cir. 1986)

("This result obtains even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of federal courts.").

Additionally, under this doctrine, where the United States is sued in state court, removal by the Government is not tantamount to consent to be sued nor is it a waiver of any objection it has to the jurisdiction of the removal court. *See* Minnesota v. United States, 305 U.S. at 388-389; Stapelton v. Two Million Four Hundred Thirty-Eight Thousand, One Hundred and Ten Dollars, 454 F.2d 1210, 1217-1218 (3rd Cir. 1972). Indeed, a party's power to remove a case to federal court is independent of the federal court's power to hear it and, once a case is properly removed, the federal court has the authority to decide if it has subject matter jurisdiction over the claims. Nebraska ex. rel. Dep't of Soc. Serv. v. Bentson, 146 F.3d 676, 679 (9th Cir. 1998).

Moreover, although Congress has abrogated the doctrine of derivative jurisdiction in matters removed pursuant to 28 U.S.C. § 1441, the federal courts have consistently confirmed that the doctrine remains applicable to any matters removed pursuant to 28 U.S.C. § 1442(a)(1). *See, e.g.,* Palmer, 498 F.3d at 239, 244-246 ("Thus, our precedent, in accord with the statutory removal scheme, dictates the application of the derivative-jurisdiction doctrine in cases removed under the federal-officer removal statute, 28 U.S.C. § 1442."); Smith v. Cromer, 159 F.3d 875, 879 (4th Cir. 1998) ("It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. §1442(a)(1) is derivative of the state court jurisdiction . . . ."); Edwards v. U.S. Dep't of Justice, 43 F.3d 312, 316 (7th Cir. 1994); Cobble v. Geithner, 2011 WL 1625093 at 1 (W.D. Ky. 2011); Oliver Plantation, LLC v. St. Bernard Parish, 744 F. Supp. 2d 575, 586-587 (E.D. La. 2010); Turturro v. Agusta Aerospace Corp., 2010 WL 3239199 at 2-3 (E.D. Pa. 2010); Troszack v. United States, 2010 WL 2104293 at 2 (E.D. Mich. 2010); Pickett v. Office of Disability Adjudication and Review, 2009 WL 1661954 at 3-4 (N.D. Ohio 2009); Glass v. Nat'l R.R.

Passenger Corp., 570 F. Supp. 2d 1180, 1183 (C.D. Cal. 2008); F.B.I. v. Superior Ct. of California, 507 F. Supp. 2d 1082, 1090-1092 (N.D. Cal. 2007); Katrina Canal Breaches Consol. Litig., 2007 WL 1461036 at 2-3 (E.D. La. 2007); Taylor v. United States, 2006 WL 2037392 at 1 (W.D. Ky. 2006); Barnaby v. Quintos, 410 F. Supp. 2d 142, 143-145 (S.D.N.Y. 2006); Moreland v. Van Buren GMC, 93 F. Supp. 2d 346, 354-355 (E.D.N.Y. 1999).

In this case, the United States removed this action pursuant to 28 U.S.C. § 1442(a)(1). Accordingly, the doctrine of derivative jurisdiction applies and this Court's jurisdiction is limited to the jurisdiction vested in the state court. However, as discussed below, the state court lacked jurisdiction over the tort claims asserted against the United States. Therefore, this Court acquired no jurisdiction upon removal and lacks jurisdiction over the Third Party Complaint.

**B. Because the United States has sovereign immunity for the tort claims presented in the Third Party Complaint, the state court lacked jurisdiction to entertain them**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Consequently, the United States cannot be sued without its consent and the terms of that consent limit any court's jurisdiction to entertain a lawsuit against it. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). Moreover, any "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Id., at 161. Considering these black-letter principles, the state court lacked jurisdiction over the tort claims asserted in the Third Party Complaint, because the United States has not waived its sovereign immunity.

The Third Party Complaint asserts negligence claims for indemnification, contribution, and/or apportionment of fault against the United States, based upon its allegedly negligent exposure of military service personnel to asbestos dust and fibers. [R. 1, Exhibit A at ¶4-8].

However, the Defendant/Third Party Plaintiff has made no allegation, whatsoever, that a waiver of sovereign immunity exists to allow this civil action to be maintained in the Kentucky court. [R. 1, Exhibit A at 1-4]. And, in fact, none exists. For at least two reasons, United States has maintained its sovereign immunity for the claims asserted against it in the state court action.

To begin, these claims sound in tort and are only proper if they fall within the scope of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 ("FTCA"). While the FTCA is a waiver of sovereign immunity, it is a limited waiver and it is the exclusive remedy for negligence claims based upon the acts of federal government employees. *See*, 28 U.S.C. § 2679(b)(1). And, pursuant to this limited waiver, the federal district courts have *exclusive* jurisdiction over tort claims asserted against the United States. 28 U.S.C. § 1346(b)(1); *see* Finley v. United States, 490 U.S. 545, 547 (1989). Consequently, under the FTCA, the United States has not consented to be sued in a state court and a state court lacks jurisdiction to entertain any tort claims against the United States. *See, e.g.,* Cobble, 2011 WL 1625093 at 1; Turturro, 2010 WL 3239199 at 2; Glass, 570 F. Supp. 2d at 1181-1182; Katrina Canal Breaches, 2007 WL 1461036 at 1; Taylor, 2006 WL 2037392 at 1; Barnaby, 410 F. Supp. 2d at 143; Moreland, 93 F. Supp. 2d at 353. Moreover, "[t]he United States and its agencies cannot be impleaded as third-party defendants in state court tort actions." Singleton v. Elrac, Inc., 2004 WL 2609554 at 3 (S.D. N.Y. 2004). Simply put, the United States has sovereign immunity for these claims.

And, in any event, even if this third-party action were brought in a case properly in federal court, it would still have to be dismissed because it is well-established that the FTCA does not waive the United States' sovereign immunity for injuries that arise out of or are in the course of activity incident to military service. Feres v. United States, 340 U.S. 135, 146 (1950). Despite that, the Third Party Complaint asserts tort claims based on injuries to the Plaintiff that

arise out of his service in the U.S. Navy. [R. 1, Exhibit A at ¶4-8]. Indeed, in the Third Party Complaint and the state court pleadings relating to the leave to file it, both the Plaintiff and the Third Party Plaintiff argue and concede that these alleged injuries were incident to the Plaintiff's service in the U.S. Navy. [R. 1, Exhibit A at ¶4-8, Exhibit B at 1-2, Exhibit D at 1-2, Exhibit E at 4-6, and Exhibit F at 1-3, 5-8]. Under the circumstances and pursuant to Feres, the United States has sovereign immunity for such tort claims. Moreover, in Stencel Aero Engineering Corp. v. United States, 431 U.S. 666, 673-674 (1977), the Supreme Court confirmed that the Feres doctrine extends to preclude third party indemnity actions for service related injuries, based upon the same reasoning. See also Hefley v. Textron, Inc., 713 F.2d 1487, 1495 (10th Cir. 1983) ("since the district court had no subject matter jurisdiction over the claims against the federal defendants, it had no jurisdiction over the more limited claims requesting that they remain parties for the purpose of . . . assessment of proportionate fault."). As a result, the tort claims in the Third Party Complaint (for indemnification, contribution, and apportionment) are barred by sovereign immunity, both in state and federal court.

In sum, because the United States has sovereign immunity for the tort claims presented in the Third Party Complaint, the state court lacked jurisdiction to entertain them. Accordingly, pursuant to the doctrine of derivative jurisdiction, this Court also lacks jurisdiction in this case. The Third Party complaint against the United States must be dismissed. Moreover, because this Court lacks jurisdiction, it should dismiss the claims against the United States and then remand the remainder of the action back to the Pike Circuit Court. See Moreland, 93 F. Supp. 2d at 355 ("If the state court lacks jurisdiction, the federal court should dismiss the action against the federal agency and remand the other claims against other defendants.") (citations omitted); Bentson, 146 F.3d at 679 ("Once the court determined that it lacked subject matter jurisdiction

over the claims against the [United States], it properly dismissed those claims before remanding the remainder of the case to state court."); *see also* 28 U.S.C. § 1447(c).

**C. Preservation of other defenses**

In filing this motion, the United States does not waive any other defenses, objections, or issues of jurisdiction, sufficiency of service of process (including the timeliness thereof), sufficiency of process, venue, or proper parties, and preserves any and all defenses allowed by law, including but not limited to those enumerated in FED. R. CIV. P. 12(b).

## CONCLUSION

WHEREFORE, for the aforementioned reasons, the United States respectfully requests that the Third Party Complaint against it be DISMISSED and that the remainder of this action be REMANDED to the Pike Circuit Court.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

By:   *s/ Carlton S. Shier, IV*
      CARLTON S. SHIER, IV
      Assistant United States Attorney
      260 West Vine Street, Suite 300
      Lexington, Kentucky 40507-1612
      (859) 685-4832
      Carlton.Shier@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on June 6, 2011, I electronically filed the foregoing with the clerk of the court, by using the CM/ECF system, which will provide notice to the following:

Scott A. Davidson
sdavidson@bsg-law.com

Kenneth L. Sales
ksales@stwlaw.com

Joseph D. Satterley
jsatterley@stwlaw.com

Paul J. Kelly
pkelley@law.com

Gary C. Johnson
gary@garycjohnson.com

J. Christian Lewis
clewis@fulkersonkinkel.com

Palmer G. Vance, II
gene.vance@skofirm.com

Patrick W. Gault
pgault@napiergaultlaw.com

Stephen M. Fowler
sfowler@pffwv.com

I further certify that, on June 6, 2011, I served a true copy of the forgoing document and notice of electronic filing, by mailing the same to the following non-ECF users:

Thacker Auto Parts, Inc.
c/o Bobby Gene Thacker
1009 North Bypass Road
Pikeville, Kentucky 41501

Thacker Auto Parts Company, Inc.
c/o Bobby Gene Thacker
1009 North Bypass Road
Pikeville, Kentucky 41501

*s/ Carlton S. Shier, IV*
Assistant United States Attorney