ALAN R. BRAYTON, ESQ., S.B. #73685
LLOYD F. LEROY, ESQ., S.B. #203502
RICHARD M. GRANT, ESQ., S.B. #55677
BRAYTON❖PURCELL LLP
222 Rush Landing Road
PO Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 Fax

Attorneys for Plaintiffs

**UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) <br><br> DONALD L. BASS and HANNALORE BASS, <br><br> Plaintiffs, <br> vs. <br><br> HUNTINGTON INGALLS INCORP., <br> Defendants. | **MDL DOCKET NO. 875, CTO - 402** <br><br> N.D. California, CAN 3:11-02345 |

**PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 402 AND BRIEF IN SUPPORT OF MOTION**

DONALD L. BASS and HANNALORE BASS,("Movants" or "Plaintiffs") by and through their counsel of record file this Motion and Brief to Vacate Conditional Transfer Order 402 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel".)

Movants respectfully move the Panel pursuant to JPML Rule 7.1(f) to vacate its order conditionally transferring the above entitled and numbered case to the United States District Court for the Eastern District of Pennsylvania. This motion is based on the brief in support which is made a part of this filing, and such other materials as may be presented to the JPML at the time of the hearing on the motion.

///

I.

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

This action for asbestos-related personal injury was originally filed by Plaintiffs against numerous defendants in the Superior Court of the State of California, County of San Francisco, (case number CGC-11-275806).

Defendant Huntington Ingalls Incorp.("Huntington") filed its Notice of Removal on May 12, 2011. Its alleged ground for removal as stated in the Notice is that defendant was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims. Plaintiff will file his Motion to remand to the Los Angeles County Superior Court based upon lack of subject matter jurisdiction.

The Conditional Order filed herein transferred this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

Plaintiffs move this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United States District Court for the Central District of California or the Superior Court for the State of California, County of San Francisco to move the case speedily along to trial.

II.

## ARGUMENT

Title 28, United States Code, section 1407(a) allows for the transfer of a civil action "involving one or more common questions of fact" only if the Panel determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Movant submits that these cases do not meet these requirements. Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather than enhance the progress of these cases.

///

///

///

### A. THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION AND THIS CASE SHOULD BE REMANDED TO THE STATE COURT.

As set forth above Huntington filed its Notice of Removal on May 12, 2011. Its alleged ground for removal as stated in the Notice is that defendant was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims. Defendant does not contest that Mr. Bass my have been exposed to asbestos while working on defendant's aircraft.

Removal pursuant to 28 U.S.C. Sec. 1442(a)(1) is inappropriate in that the moving party cannot demonstrate that it acted under the direction of a federal officer, cannot raise a colorable federal defense to plaintiffs claims, and cannot demonstrate a causal nexus between plaintiffs claims and the acts it alleges it performed under color of federal office.

Removal is also inappropriate in that the Huntington cannot demonstrate that the United States approved reasonably precise specifications that actually specified the use of asbestos in a product, that absent the specifications, would not have contained asbestos.

Removal was improper as a matter of law. The United States District Courts do not have jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. sec 1442, and are without subject-matter jurisdiction to hear the case. On June 1, 2011, Plaintiffs filed in the United States District Court for the Northern District, a Notice of Plaintiff's Waiver of Claims Against Huntington Ingalls Incorporated, fka Northrop Grumman Shipbuilding, Inc. Related to Asbestos Exposure at Federal Jobsites or from U.S. Military Vessels; and also filed was a Stipulation to Remand Case to California Superior Court and [Proposed] Order Remanding Case to San Francisco Superior Court, will most likely be granted and the case will be remanded in its entirety to the California Superior Court for the County San Francisco, Case No. CGC-11-275806.

### B. THESE CASES DO NOT SHARE COMMON FACTUAL ISSUES WITH OTHER MDL CASES

Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3,*

1974, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976). Implicit in this consideration is the requirement that the common facts be more than minimal. *In re Boeing Co. Employment Practices Litigation*, 293 F. Supp,2d 1382 (J.P.M.L. 2003.) A mere showing of common questions of fact is not sufficient alone to merit transfer. *In re Truck Accident Near Almagordo, New Mexico on June 18, 1969*, 387 F.Supp. 732,733 (J.P.M.L.1975).

Because Movants' case is dissimilar from the multi-party asbestos suits in MDL 875 it should remain in California. The mere presence of some common factual issues does not automatically require transfer, even in asbestos exposure and personal injury actions involving scientific causation issues. While this case shares with all MDL 875 cases the common material, asbestos fibers, it is wholly different in its limited scope.

The facts in dispute in these matters (other than the generic fact of asbestos exposure) are entirely unique to decedent's work history and identification of the products with which he, in particular, worked. The evidence that will be presented in this case is essentially applicable to this specific plaintiff, and will be of little possible benefit to the parties in MDL 875.

### C. TRANSFER WILL IMMENSELY INCONVENIENCE PARTIES AND WITNESSES

In its Order creating MDL 875, the Panel explained that since section 1407 transfer is "primarily for pretrial, there is usually no need for the parties and witnesses to travel to [Pennsylvania] for depositions or otherwise". In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp 415, 422 (J.P.M.L. 1991).

Movants respectfully submit, however, that effective practice before the Eastern District of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in chambers and court hearings. Travel to Philadelphia will require expensive air fares and lodging for parties and, their attorneys. There is little benefit, and thus little convenience, to adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F. Supp. 1295 (J.P.M.L. 1977). This places a heavy and entirely unnecessary burden on Movants.

///

## D. TRANSFER WILL BE UNJUST AND INEFFICIENT.

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the actions in question. See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000). That is the most important factor in determining whether consolidation of a tag along case is appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources. 17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery; (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993). See generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255 (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in transfers for coordinated or consolidated pretrial. Considerable time and trouble are in the sheer mechanics of transferring and remanding. After transfer, the process of segregating the pretrial matters which should be remanded for handling by the transferor courts may be time-consuming, as well as subject to reasonable disagreement. The basic question before the Panel in each proceeding looking to coordinated or consolidated pretrial is, then, whether the objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer and remand.")

Consolidation of Movants' case with MDL 875 will not serve any of these aims. This case is dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created. This case can be most efficiently handled by the California Superior Court in Los Angeles or in the Federal District Court for the Central District of California where the trial will take place.

The parties will not benefit from the MDL 875's focus on common asbestos defendants. It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against common asbestos product manufactures) which was the context in which MDL 875 was created

to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. This case is a straightforward personal injury action, one that the state court and the parties would be able to move relatively rapidly to trial.

In light of the above, Movant respectfully submits that transfer to MDL-875 would be more inconvenient to the parties and witnesses, and more likely to obstruct rather than promote the just and efficient conduct of this case. Transfer will serve only to delay the matter, while increasing the judicial workload of the Pennsylvania court, and accomplishing no effective progress in the action.

## CONCLUSION

Transfer will serve neither the convenience of the parties nor the just and efficient conduct of these cases. It is not suitable for transfer to the MDL. Most importantly, the United States Distrcit Courts lack federal subject matter jurisdiction.

For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer Order 402 as to this matter.

June 14, 2011                                    BRAYTON ❖ PURCELL LLP

s/ Richard M. Grant
Richard M. Grant (SB# 55677)
222 Rush Landing Road
Novato, California 94945
Telephone: (415) 898-1555
rgrant@braytonlaw.com

Attorneys for Plaintiffs - DONALD BASS and HANNALORE BASS

K:\Injured\18607\FED\PLD\JPML-Opp & Brf CTO-402.wpd                6
PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 402 AND BRIEF IN SUPPORT OF MOTION

ASBESTOS MDL 875 - Re: CTO 402
*DONALD L. BASS, et al. v. HUNTINGTON INGALLS INCORP.,*
N.D. California, CAN 3:11-02345

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the following with the JUDICIAL PANEL ON MULTIDISTRICT LITIGATION by efiling w/the court's CM/ECF system on June 16, 2011

**PLAINTIFFS MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 402**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed June 16, 2011, at Novato, California.

I declare under penalty of perjury that the foregoing is true and correct.

s/ Jane Ehni
Jane Ehni
222 Rush Landing Rd.
Novato, CA 94102
415/899-1011 ext. 232