ARBITRATION

## U.S. District Court
### District of New Jersey [LIVE] (Newark)
### CIVIL DOCKET FOR CASE #: 2:11-cv-03301-PGS -ES

FUSCO et al v. ASBESTOS CORPORATION LTD. et al
Assigned to: Judge Peter G. Sheridan
Referred to: Magistrate Judge E Salas
Case in other court: NJ Sup. Court Law Division: Middlesex County, MID-L-
06126-10AS
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 06/08/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**PELLEGRINA FUSCO**                        represented by   **ROBERT E. LYTLE**
SZAFERMAN, LAKIND, BLUMSTEIN &
BLADER, PC
QUAKERBRIDGE EXECUTIVE CENTER
101 GROVERS MILL ROAD
SUITE 200
LAWRENCEVILLE, NJ 08648
(609) 275-0400
Email: rlytle@szaferman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT GANNON STEVENS , JR.**
SZAFERMAN LAKIND BLUMSTEIN & BLADER
PC
101 GROVERS MILL ROAD
SUITE 200
LAWRENCEVILLE, NJ 08648
609-275-0400
Email: rstevens@szaferman.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ANTONELLA FUSCO**                        represented by   **ROBERT E. LYTLE**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT GANNON STEVENS , JR.**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ASBESTOS CORPORATION LTD.**               represented by   **MADHURIKA JEREMIAH**
GOLDFEIN & JOSEPH, P.C.
1880 JFK BOULEVARD, 20TH FLOOR
PHILADELPHIA, PA 19103-7425
215 979-8200
*ATTORNEY TO BE NOTICED*

**Defendant**

**BELL ASBESTOS MINES LTD.**

**Defendant**

**BORG WARNER MORSE TEC**
*formerly known as*
BORG WARNER

<u>Defendant</u>

**FEDERAL MOGUL ASBESTOS PERSONAL
INJURY TRUST**
*as successor to Felt Products Manufacturing*

<u>Defendant</u>

**FEDERAL MOGUL ASBESTOS PERSONAL
INJURY TRUST**
*as successor to the Vellumoid Division of Federal
Mogul Corp.*

<u>Defendant</u>

**FORD MOTOR COMPANY**

<u>Defendant</u>

**HONEYWELL INTERNATIONAL**
*as successor -in-interest to The Bendix Corporation
formerly known as*
ALLIED SIGNAL INC.

<u>Defendant</u>

**PNEUMO ABEX LLC**
*as successor-in-interest to Abex Corporation
formerly known as*
American Brake Shoe Company

<u>Defendant</u>

**UNION CARBIDE CORPORATION**

<u>Defendant</u>

**JOHN DOE CORPORATIONS 1-50**

<u>Defendant</u>

**JOHN DOE CORPORATIONS 51-75**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2011 | <u>1</u> | NOTICE OF REMOVAL by ASBESTOS CORPORATION LTD. from NJ SUPERIOR COURT LAW DIVISION: MIDDLESEX COUNTY, case number MID-L-6126-10AS. ( Filing fee $ 350 receipt number 3765007) (ld, ) Modified on 6/14/2011 (ld). (Entered: 06/14/2011) |
| 06/08/2011 |  | CASE REFERRED to Arbitration. (ld, ) (Entered: 06/14/2011) |
| 06/08/2011 | <u>2</u> | Corporate Disclosure Statement by ASBESTOS CORPORATION LTD. identifying Mazarin, Inc. as Corporate Parent.. (ld, ) (Entered: 06/14/2011) |
| 06/14/2011 | <u>3</u> | MOTION to Remand by ANTONELLA FUSCO, PELLEGRINA FUSCO. (Attachments: # <u>1</u> Brief, # <u>2</u> Certification of Robert Taub, # <u>3</u> Certification of Pellrgrina Fusco, # <u>4</u> Certification of Nathaniel Falda, # <u>5</u> Text of Proposed Order Setting Expedited Briefing Schedule, # <u>6</u> Text of Proposed Order To Remand, # <u>7</u> Certificate of Service)(LYTLE, ROBERT) (Entered: 06/14/2011) |
| 06/15/2011 | <u>4</u> | NOTICE by ASBESTOS CORPORATION LTD. *Tag-Along Action* (KSIAZEK, MICHAEL) (Entered: 06/15/2011) |
| 06/15/2011 | <u>5</u> | ORDER TO SHOW CAUSE RE: emergent relief Show Cause Hearing set for 6/22/2011 10:00 AM before Judge Peter G. Sheridan.. Signed by Judge Peter G. Sheridan on 6/15/11. (sr, ) (Entered: 06/15/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/17/2011 10:27:52 | | | |
| **PACER Login:** | gj0087 | **Client Code:** | fusco |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-03301-PGS -ES Start date: 1/1/1970 End date: 6/17/2011 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

SZAFERMAN, LAKIND
    BLUMSTEIN & BLADER, P.C.
By: Robert G. Stevens, Jr., Esq.
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400

LEVY PHILLIPS & KONIGSBERG, LLP
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 720-0400

Attorneys for Plaintiffs

---

|  |  |
|---|---|
| PELLEGRINA FUSCO and ANTONELLA FUSCO,<br><br>            Plaintiffs,<br><br>      v.<br><br>ASBESTOS CORPORATION LTD.; BELL ASBESTOS MINES LTD.; BORG WARNER MORSE TEC f/k/a Borg Warner; FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to Felt Products Manufacturing; FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to the Vellumoid Division of Federal Mogul Corp.; FORD MOTOR COMPANY; HONEYWELL INTERNATIONAL f/k/a Allied Signal Inc., as successor-in-interest to The Bendix Corporation; PNEUMO-ABEX LLC as successor-in-interest to Abex Corporation f/k/a American Brake Shoe Company; UNION CARBIDE CORPORATION; JOHN DOE CORPORATIONS 1-50; JOHN DOE CORPORATIONS 51-75;<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - MIDDLESEX COUNTY<br><br>DOCKET NO.: *L-6126-10 AS*<br><br><u>Civil Action</u><br><br>RECEIVED<br>SEP - 7 2010<br>LEGAL DEPARTMENT<br><br>COMPLAINT, JURY DEMAND, DEMAND FOR ANSWERS TO STANDARD INTERROGATORIES AND DESIGNATION OF TRIAL COUNSEL |

557229.1

Plaintiffs, PELLEGRINA FUSCO and ANTONELLA FUSCO, by way of complaint against Defendants allege and say:

## PARTIES - PLAINTIFF

1.    Plaintiff Pellegrina Fusco resides in Como, Italy.

2.    Plaintiff Antonella Fusco, the daughter of Plaintiff Pellegrina Fusco, resides at 1 Lonegran Drive, Suffern, New York.

3.    Starting in approximately 1967, Plaintiff Pellegrina Fusco was exposed to asbestos through household exposure. Her deceased husband, Vincent Fusco, worked at various industrial and commercial sites in and around New Jersey from 1967 to 1975.

4.    Throughout this period, Mr. Fusco also routinely performed automotive repair work in New Jersey, which included brake, clutch, and gasket maintenance, repair, and replacement.

5.    Throughout his work life, Mr. Fusco worked with or in the vicinity of others working with asbestos-containing products from which he was exposed to asbestos fibers, dust, minerals and/or particles and other finished and/or unfinished asbestos products.

6.    At the end of the day, including workdays, Vincent Fusco would bring asbestos fibers home on his hair, tools and clothing. Plaintiff Pellegrina Fusco was exposed to the asbestos brought home by her husband.

7.    As a direct and proximate result of the above exposures, Plaintiff Pellegrina Fusco contracted mesothelioma and suffers from various diverse injuries and attendant complications.

## PARTIES - DEFENDANTS

8. The term "Manufacturing Defendants" refers to the following Defendants, all of whom are manufacturers, suppliers, or distributors of asbestos fibers, dust, minerals, particles, and other finished and unfinished asbestos products which Vincent Fusco used or to which he was exposed and to which Plaintiff Pellegrina Fusco was subsequently exposed: ASBESTOS CORPORATION LTD.; BELL ASBESTOS MINES LTD.; BORG WARNER MORSE TEC f/k/a Borg Warner; FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to Felt Products Manufacturing; FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to the Vellumoid Division of Federal Mogul Corp.; FORD MOTOR COMPANY; HONEYWELL INTERNATIONAL f/k/a Allied Signal Inc., as successor-in-interest to The Bendix Corporation; UNION CARBIDE CORPORATION.

9. The term "Premises Defendant" refers to the following Defendant, who owned and/or occupied land and/or buildings which contained automobile brakes, clutches and other parts which used or contained asbestos containing products that produced asbestos containing dust and to which Vincent Fusco was exposed and to which Plaintiff Pellegrina Fusco was subsequently exposed: Pneumo

Abex LLC as successor-in-interest to Abex Corporation f/k/a American Brake Shoe Company (Mahwah, NJ location).

10.  The terms "Manufacturing Defendants" and "Premises Defendant" are collectively referred to as "Defendants."

11. John Doe Corporations 1 through 50 are the fictitious names of corporations, partnerships, and/or other business entities whose identities are not presently known, and who mined, manufactured, sold; marketed, installed and/or removed asbestos or asbestos containing products that Vincent Fusco used or to which he was exposed and to which Plaintiff Pellegrina Fusco was subsequently exposed.

12. John Doe Corporations 51 through 75 are the fictitious names of corporations, partnerships, and/or other business entities whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, marketed, installed and/or removed asbestos, or asbestos containing products, that Vincent Fusco used or to which he was exposed and to which Plaintiff Pellegrina Fusco was subsequently exposed.

<u>**FIRST COUNT**</u>

13.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 12 as though hereinafter set forth at length.

14.   All Manufacturing Defendants conduct and/or have conducted business in New Jersey at all times relevant herein.

15.   All Manufacturing Defendants breached their warranties, both express and implied, for fitness of purpose and merchantability in connection with the sale and/or transfer of asbestos containing products.

16.   All Manufacturing Defendants are strictly liable in tort for exposure to asbestos containing products of Defendants.

17. It was foreseeable to the Manufacturing Defendants that Plaintiff, Pellegrina Fusco, and others similarly situated, would be injured as a result of their actions, inactions, and misconduct.

18.   As a direct and proximate cause of the Manufacturing Defendants' negligence, breach of warranties, both expressed and implied, and strict liability in tort, Plaintiff, Pellegrina Fusco, contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

## SECOND COUNT

19.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 as though hereinafter set forth at length.

20.   All Manufacturing Defendants, jointly and severally, marketed an ultra-hazardous product and placed that product in the stream of commerce.

21.   As a direct and proximate result of the Manufacturing Defendants' actions, Plaintiff, Pellegrina Fusco, contracted mesothelioma and has suffered, and continues to suffer from other various diverse injuries and attendant complications.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

## THIRD COUNT

22.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 as though hereinafter set forth at length.

23.   All Manufacturing Defendants breached their non-delegable duty to warn and negligently supplied defective materials and products without ensuring that Plaintiff, Pellegrina Fusco, and Vincent Fusco's employers were warned about the dangers of asbestos exposure.

24.   All Manufacturing Defendants' actions prevented Vincent Fusco's employers from educating him, and its other employees, on the dangers of asbestos exposure and from taking action to minimize the risks of exposure in and out of the workplace.

25.   As a direct and proximate result of Manufacturing Defendants' actions, Plaintiff, Pellegrina Fusco, contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

**FOURTH COUNT**

26. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 25 as though hereinafter set forth at length.

27. All of the Manufacturing Defendants willfully, wantonly and intentionally conspired, and acted in concert, to withhold information from Plaintiff, Pellegrina Fusco, and the general public concerning the known hazards associated with the use of, and exposure to, asbestos products.

28. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to withhold information from Plaintiff, Pellegrina Fusco, and the public relating to the fact that asbestos fiber inhalation could be injurious.

29. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to disseminate false product safety information, to Plaintiff, Pellegrina Fusco, and the public.

30. Defendants willfully, wantonly and intentionally conspired, and acted in concert, to prevent the dissemination of information concerning their products' hazards and dangers.

31. Defendants willfully, wantonly, and intentionally failed to take appropriate action to minimize the risks of asbestos exposure to Plaintiff, Pellegrina Fusco, and the general public.

32. As a direct result of Defendants' willful, wanton and intentional acts, Plaintiff, Pellegrina Fusco, contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants, jointly and severally, for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses;

f) Such other relief as the Court may deem just and proper.

<u>FIFTH COUNT</u>

33. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32 as though hereinafter set forth at length.

34. During the years 1974 to 1975, Pellegrina Fusco's now deceased husband, Vincent Fusco, was employed at the facility owned and/or operated by American Brake Bloc in Mahwah, New Jersey, where he worked in the brake factory.

35. Defendant Pneumo Abex LLC, is the successor in interest to American Brake Bloc and owned the Bergen County, New Jersey, site where Plaintiff's deceased husband worked.

36. While employed by Pneumo Abex LLC, Mr. Fusco worked with or in the vicinity of others working with asbestos-containing products from which he was exposed to asbestos fibers, dust, minerals and/or particles and other finished and/or unfinished asbestos products.

37. As the owner and occupier of the property where Vincent Fusco was employed, the Premises Defendant was under a duty to exercise ordinary care to render the premises reasonably safe for those present on the premises.

38. The Premises Defendant had a duty to eliminate all asbestos products and/or to warn those present on their premises of the dangers of asbestos exposure and how to avoid those dangers.

39. The Premises Defendant's duty extended to workers on its premises for the foreseeable risk of exposure to friable asbestos.

40. The Premises Defendant breached its duty to Mr. Fusco:

a. by failing to warn him about the foreseeable risks of exposure to asbestos in his work environment; and

b. by otherwise failing to protect him against the forseeable risk of exposure to friable asbestos and asbestos dust coming from the facility.

41. Plaintiff Pellegrina Fusco was exposed to asbestos while her husband was employed by the Premises Defendant.

42. As a direct and proximate result of Pellegrina Fusco's exposure to asbestos while her now deceased husband was employed by the Premises Defendant, she contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

**WHEREFORE,** Plaintiff, Pellegrina Fusco, demands judgment against the Premises Defendant for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

## SIXTH COUNT

43. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 42 as though hereinafter set forth at length.

44. The Defendants aforesaid were willful, wanton and intentionally withheld from the Plaintiff and her family, knowledge of the known dangers associated with the use of asbestos products and compounds, second hand exposure, household exposure and intentionally withheld from the Plaintiff knowledge that breathing in asbestos on clothes of family members can be fatal. They issued information, which they knew to be false

concerning their product safety, and did willfully, wantonly and intentionally prevent the dissemination of information known to them concerning the products' hazards and dangers, and willfully, wantonly and intentionally failed to take the appropriate steps to minimize the risks of asbestos exposure, and otherwise acted willfully, wantonly and intentionally with reference to their products.

45.   As a direct and proximate result of the willful, wanton and intentional acts of the Defendants, both jointly and severally, the Plaintiff, Pellegrina Fusco, was caused to contract mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and complications.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

<u>FIFTH COUNT</u>

46.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 as though hereinafter set forth at length.

47.   Plaintiff Antonella Fusco is the daughter of Plaintiff Pellegrina Fusco.

48.   Due to the actions of the Defendants, Plaintiff, Antonella Fusco, has been wrongfully deprived of her mother's society, advice and companionship.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, for:

a) Compensatory damages;

b) Punitive damages;

c) Pre-judgment and post judgment interest;

d) Costs;

e) Attorney fees and litigation expenses; and

f) Such other relief as the Court may deem just and proper.

Plaintiffs hereby incorporate by reference all allegations set forth in the Standard Complaint, as amended, which is contained in the Asbestos Manual.  A copy of the Asbestos Manual which contains the Standard Complaint can be obtained from the Middlesex County Mass Tort Clerk or by visiting the following website:

http://www.judiciary.state.nj.us/mass-tort/asbestos/asbestos_amen
ded_std_complaint.pdf

## DISCLAIMER OF FEDERAL JURISDICTION

Plaintiffs specifically disclaim any federal cause of action
or any claim that would give rise to federal jurisdiction.  To
the extent that any of Plaintiff's asbestos exposure took place
on a federal enclave, or to the extent that any of Plaintiff's
asbestos exposure occurred on board vessels of the United States
military (including Naval ships), or in the construction,
maintenance and/or repair of United States military vessels
and/or aircraft, Plaintiff's negligence claims against
manufacturers, sellers and suppliers of asbestos-containing
products installed on such vessels and/or aircraft are not based
on the theory of defective design, but rather are based only on
the theory of failure to warn.  Since there is no evidence that
the United States Government or any of its military branches,
specifically instructed manufacturers from which it purchased
asbestos-containing products not to warn about the health hazards
associated with exposure to asbestos, there can be no valid claim
to federal jurisdiction pursuant to federal enclave, federal
officer or federal contractor provisions of the United States
Code.  This disclaimer pertains to all of Plaintiff's claims,

including those of negligence and products liability, as asserted
herein.

                          SZAFERMAN, LAKIND,
                            BLUMSTEIN & BLADER, P.C.

                          Attorneys for Plaintiffs



                   By: _____
                          ROBERT G. STEVENS, JR., ESQ.

Dated: August /3, 2010



### JURY DEMAND

     Plaintiffs demand trial by jury as to all issues of fact so
triable.

                          SZAFERMAN, LAKIND,
                            BLUMSTEIN & BLADER, P.C.

                          Attorneys for Plaintiff



                   By: _____

                          ROBERT G. STEVENS, JR., ESQ.

Dated: August /3, 2010



557229.1                      15

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, notice is hereby given that Moshe Maimon, Esquire, is designated as trial counsel in the above captioned matter.

## DEMAND FOR INTERROGATORIES

Pursuant to the Asbestos Litigation General Order, Section VI.B. which can be found at http://www.judiciary.state.nj.us/mass-tort/asbestos/manual/generalorder1.pdf, Plaintiffs hereby demand that the above listed Defendants answer Standard Interrogatories in the form prescribed by the Court and within the time provided by the above referenced Order. A copy of the Standard Interrogatories are contained in the Asbestos Manual and may be obtained from the Clerk or by visiting the following website: http://www.judiciary.state.nj.us/mass-tort/asbestos/manual/attache.pdf.

SZAFERMAN, LAKIND,
    BLUMSTEIN & BLADER, P.C.

Attorneys for Plaintiffs


By:  _____

ROBERT G. STEVENS, JR., ESQ.

Dated: August /3, 2010

557229.1                                    16

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to Rule 4:5-1, I certify that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that I am not aware of any non-party who should be joined in this action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1 (b) because of potential liability to any party on the basis of the same facts.

I further certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false that I am subject to punishment.

SZAFERMAN, LAKIND,
BLUMSTEIN & BLADER, P.C.

Attorneys for Plaintiffs

By: _____
ROBERT G. STEVENS, JR., ESQ.

Dated: August 3 , 2010

**Appendix XII-B1**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for Initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐ CK  ☐ CG  ☐ CA |
| CHG/CK NO.: |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME<br>Robert G. Stevens Jr. | TELEPHONE NUMBER<br>( 609 ) -275-0400 | COUNTY OF VENUE<br>Middlesex County |
| --- | --- | --- |
| FIRM NAME (if applicable)<br>Szaferman, Lakind, Blumstein & Blader, PC | | DOCKET NUMBER (when available)<br>L-6126-10AS |
| OFFICE ADDRESS<br>101 Grovers Mill Rd., Suite 200<br>Lawrenceville, NJ 08648 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND   ☒ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Pellegrina Fusco, Plaintiff<br>Antonella Fusco, Plaintiff | CAPTION<br>Pellegrina Fusco and Antonella Fusco, Plaintiffs v. Asbestos Corporation Ltd., et al., Defendants |
| --- | --- |

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>**601** | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
| --- | --- |
| | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?<br>☐ YES ☒ NO | IF YES, LIST DOCKET NUMBERS |
| --- | --- |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>☐ NONE  ☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
| --- | --- | --- |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- |
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE: |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

**SIDE 2** 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (briefly describe nature of action) _____ |
| | _____ |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge/450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Centrally Managed Litigation (Track IV)
| | |
|---|---|
| 280 | ZELNORM |
| 285 | STRYKER TRIDENT HIP IMPLANTS |
| 288 | PRUDENTIAL TORT LITIGATION |

### Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE | 283 | DIGITEK |
| 272 | BEXTRA/CELEBREX | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 275 | ORTHO EVRA | 287 | YAZ/YASMIN/OCELLA |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |
| 279 | GADOLINIUM | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:
☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

30 - Civil Case Information Statement (CIS)
Appendix XII-B1; CN 10517
Rev. 3/10   Effective 4/1/10   P4/10

Powered by
HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

SZAFERMAN, LAKIND,
  BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400

LEVY PHILLIPS & KONIGSBERG, LLP
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 720-0400
Attorneys for Plaintiffs

RECEIVED & FILED
2010 AUG 16  AM 9:20
MASS TORT CIVIL
MIDDLESEX VICINAGE

| | |
|---|---|
| PELLEGRINA FUSCO and ANTONELLA FUSCO,<br><br>               Plaintiffs,<br><br>     v.<br><br>ASBESTOS CORP. LTD.; et al.<br><br>              Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-6126-10AS<br><br>Civil Action<br>Asbestos Litigation<br><br>INITIAL FACT SHEET |

| | | |
|---|---|---|
| 1. | Full Name: | Pellegrina Palma Fusco |
| 2. | Date of Birth: | January 6, 1949 |
| 3. | Address: | Como, Italy |
| 4. | Union/Local/Years of Membership: | Pellegrina Fusco - None<br>Vincent Fusco - Possible Iron Workers Union Local 455 (Long Island City, NY) |
| 5. | Date of first claimed asbestos exposure: | 1967 |
| 6. | Date of last claimed asbestos exposure: | 1975 |
| 7. | Smoking History: | Pellegrina Fusco - None |
| 8. | State the inclusive dates of smoking history, the products smoked and the amount of product consumed per day: | |

557800.1

| | | |
|---|---|---|
| a.    Dates: | Pellegrina Fusco - N/A | |
| b.    Products smoked: | Pellegrina Fusco - None | |
| c.    Amount per day: | Pellegrina Fusco - None | |

9.    Provide as much of the following information as is presently available: work sites, inclusive dates and trade or occupation for each site

| WORK SITES: PELLEGRINA FUSCO | DATES: | TRADE/OCCUPATION |
|---|---|---|
| Good Samaritan Hospital (Queens, NY) | unknown | Cleaning Services |
| Western Union (Allendale, NY) | unknown | Cleaning Services |
| unknown (Rockland County,NY) | unknown | Seamstress |
| unknown (Charlottesville,VA) | unknown, possibly 1977 | Seamstress |
| Poe's (Charlottesville,VA) | 1977-1983 | Restaurant owner |
| Pasta Cucina House | 1983-1988 | Restaurant owner |
| various restaurants | 1980s | Restaurant owner |
| WORK SITES: VINCENT FUSCO | | |
| Precision Shapes | 1967-1969 | Iron Worker |
| Display Panels (Ringwood, NJ) | 1967 | unknown |
| Attillio Schettini (Bronx, NY) | 1968 | Iron worker |
| Allied Equitable | 1968-1970 | Welder |
| Kevin Steel Products (New City, NY) | 1969-1973 | unknown |

| American Pack & Hardware Upper Saddle River, NJ) | 1969 | unknown |
|---|---|---|
| Yankee Building (Nutley, NJ) | 1971-1973 | unknown |
| Haas & Weintrauk Tops Fur Processing Co. (New York, NY) | 1972 | unknown |
| Torsem Welding (Fort Lee, NJ) | 1973 | unknown |
| Tri-State Iron Works (W. Haverstraw, NY) | 1973 | unknown |
| American Brake Bloc (Mahwah, NJ) | 1974-1975 | Unknown, worker in brake factory |

10.  State the claimed asbestos related diseases; include the date of diagnosis and the name of the diagnosing physician or institution (if available attached is a copy of the medical report).

| a. | Disease: | Pleural Mesothelioma |
|---|---|---|
| b. | Date of Diagnosis: | January 22, 2010 |
| c. | Doctor/ Institution: | Dr. Carlo Morosi Fondzione Irccs Instituto Nazionale Tumori Milano, Italy |

SZAFERMAN, LAKIND,
  BLUMSTEIN & BLADER, P.C.
Attorneys for Plaintiffs

By: _____
          Robert G. Stevens, Esq.

Dated: August _13_, 2010

557800.1

SZAFERMAN, LAKIND,
   BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 275-0400

LEVY PHILLIPS & KONIGSBERG, LLP
101 Grovers Mill Road, Suite 200
Lawrenceville, N.J. 08648
(609) 720-0400

Attorneys for Plaintiff

| | |
|---|---|
| PELLEGRINA FUSCO and ANTONELLA FUSCO,<br><br>        Plaintiff,<br><br>   vs.<br><br>Asbestos Corporation Ltd., et al.,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-6126-10AS<br><br>CIVIL ACTION<br><br>ASBESTOS LITIGATION<br><br><br>**SUPPLEMENTAL INTERROGATORIES RELATED TO CROSS CLAIMS, APPORTIONMENT AND CLAIMED EXPOSURES** |

     Pursuant to Rule 4:17 of the Rules Governing the Courts of the State of New Jersey, Plaintiffs request that each Defendant separately answer fully, in writing and under oath, each of the following interrogatories, and serve such answers on the undersigned within sixty days of the date of service hereof.

               SZAFERMAN, LAKIND,
                  BLUMSTEIN & BLADER, P.C.
               Attorneys for Plaintiffs

         By: _____
               Robert G. Stevens Jr., Esq.

Dated: 8-24-10

560946.1

<u>SUPPLEMENTAL INTERROGATORIES</u>

S1.   Please set forth all parties to this lawsuit that this
Defendant alleges are responsible for the Plaintiff or
Plaintiff's decedent's injuries. For each such party
set forth:

a)   The factual basis for this Defendant's allegation
that each such other party is responsible for the
Plaintiff's injuries.

b)   All evidence this Defendant relies upon to support
its allegation that a party other than this
Defendant is responsible for the Plaintiff's
injuries. If this Defendant relies upon any
documents or deposition testimony to support its
allegation that a party other than this Defendant
is responsible for the Plaintiff's injuries,
please attach hereto copies of such documents or
deposition testimony.

c)   Identify all experts this Defendant relies upon to
support its allegation that a party other than
this Defendant is responsible for the Plaintiff's
injuries. Please supply copies of all expert
reports supporting this Defendant's allegation
that a party other than this Defendant is
responsible for the Plaintiff's injuries.

d)   Set forth the name and address of each witness
that Defendant relies upon to support this
Defendant's allegation that a  party other than
this Defendant is responsible for the Plaintiff's
injuries and a summary of what each witness is
expected to testify to if called as a witness in
this case.

e)   Identify and describe the product sold by each
such Defendant that you contend is responsible for
the injuries; set forth the asbestos content of
that product; identify the type of asbestos in
that product; set forth whether you contend the
asbestos was friable; and fully describe how
Plaintiff or the decedent was exposed to that
asbestos.

f)   Set forth whether you contend the type of asbestos
in the Defendant's product is capable of causing
Plaintiff's or decedent's disease.

g)   Setforth the percentage of causation that you allege is attributable to such other party and the factual and evidentiary basis for such percentage;

h)   Set forth the name and address of each witness and expert that Defendant relies upon to support your contention as to such other party's percentage of causation and attach a summary of what each witness and/or expert  is expected to testify to if called as a witness in this case.

i)   If you rely upon any documents or deposition testimony to support your contention as to the percentage of causation attributable to another party, please attach hereto copies of such documents or deposition testimony

S2.   Please set forth all parties to this lawsuit that this Defendant asserts a claim against for contribution.

S3.   For each party to this lawsuit that this Defendant asserts a contribution claim against, please set forth:

a)   The factual basis for each contribution claim.

b)   All evidence this Defendant relies upon to support its contribution claim. If this Defendant relies upon any documents or deposition testimony to support its contribution claim, please attach hereto copies of such documents or deposition testimony.

c)   Identify all experts this Defendant relies upon to support its contribution claim. Please supply copies of all expert reports supporting this Defendant's claim for contribution.

d)   Set forth the name and address of each witness that Defendant relies upon to support this Defendant's claim for contribution and a summary of what each witness is expected to testify to if called as a witness in this case.

e)   Identify and describe the product sold by each such party that you contend is a contributor to

the injuries sustained by Plaintiff or Plaintiff's decedent; set forth the asbestos content of that product; identify the type of asbestos in that product; set forth whether you contend the asbestos was friable; and fully describe how Plaintiff or the decedent was exposed to that asbestos.

f)   Set forth whether you contend the type of asbestos in the contribution Defendant's product is capable of causing Plaintiff's or decedent's disease.

g)   Setforth the percentage of causation that you allege is attributable to such contribution Defendant and the factual and evidentiary basis for such percentage;

h)   Set forth the name and address of each witness and expert that Defendant relies upon to support your contention as to such contribution Defendant's percentage of causation and attach a summary of what each witness and/or expert is expected to testify to if called as a witness in this case.

i)   If you rely upon any documents or deposition testimony to support your contention as to the percentage of causation of such contribution Defendant, please attach hereto copies of such documents or deposition testimony

S4.  Please set forth all parties to this lawsuit that this Defendant asserts a claim against for indemnification

S5.  For each party to this lawsuit that this Defendant asserts an indemnification claim against, please set forth:

a)   The factual basis for each indemnification claim.

b)   All evidence this Defendant relies upon to support its indemnification claim. If this Defendant relies upon any documents or deposition testimony to support its indemnification claim, please

attach hereto copies of such documents or deposition testimony.

c)   Identify all experts this Defendant relies upon to support its indemnification claim. Please supply copies of all expert reports supporting this Defendant's claim for indemnification.

d)   Set forth the name and address of each witness that Defendant relies upon to support this Defendant's claim for indemnification and a summary of what each witness is expected to testify to if called as a witness in this case.

e)   Identify and describe the product sold by each such party that you contend is responsible to indemnify you for damages paid as a result of injuries sustained by the Plaintiff or Plaintiff's decedent; set forth the asbestos content of that product; identify the type of asbestos in that product; set forth whether you contend the asbestos was friable; and fully describe how Plaintiff or the decedent was exposed to that asbestos.

f)   Set forth whether you contend the type of asbestos in the indemnitor's product is capable of causing Plaintiff's or decedent's disease.

g)   Setforth the percentage of causation that you allege is attributable to the indemnitor and  the factual and evidentiary basis for such percentage;

h)   Set forth the name and address of each witness and expert that Defendant relies upon to support your contention as to such indemnitor's percentage of causation and attach a summary of what each witness and/or expert  is expected to testify to if called as a witness in this case.

i)   If you rely upon any documents or deposition testimony to support your contention as to the percentage of causation of such indemnitor, please attach hereto copies of such documents or deposition testimony

S6.   Please set forth the name and identity of all non parties that this Defendant alleges are responsible for

the Plaintiff's injuries. For each such entity set forth:

a) The factual basis for this Defendant's claim that each such non party is responsible for the Plaintiff's injuries.

b) All evidence this Defendant relies upon to support its claim that a non party is responsible for the Plaintiff's injuries. If this Defendant relies upon any documents or deposition testimony to support its claim that a non party is responsible for the Plaintiff's injuries, please attach hereto copies of such documents or deposition testimony.

c) Identify all experts this Defendant relies upon to support its claim that a non party is responsible for the Plaintiff's injuries. Please supply copies of all expert reports supporting this Defendant's claim that a non party is responsible for the Plaintiff's injuries.

d) Set forth the name and address of each witness that Defendant relies upon to support this Defendant's claim that a non party is responsible for the Plaintiff's injuries and a summary of what each witness is expected to testify to if called as a witness in this case.

e) Identify and describe the product sold by each such nonparty that you contend is responsible for the injuries; set forth the asbestos content of that product; identify the type of asbestos in that product; set forth whether you contend the asbestos was friable; and fully describe how Plaintiff or the decedent was exposed to that asbestos.

f) Set forth whether you contend the type of asbestos in the nonparty's product is capable of causing Plaintiff's or decedent's disease.

g) Do you contend that exposure to the nonparty's product was the sole cause of Plaintiff's or decedent's disease? If so, set forth the full basis of that contention and fully describe all evidence which supports that contention.

h) Setforth the percentage of causation that you allege is attributable to such other nonparty and

the factual and evidentiary basis for such
percentage;

i)   Set forth the name and address of each witness and
     expert that Defendant relies upon to support your
     contention as to nonparty's percentage of
     causation and attach a summary of what each
     witness and/or expert  is expected to testify to
     if called as a witness in this case.

j)   If you rely upon any documents or deposition
     testimony to support your contention as to the
     percentage of causation of such nonparty, please
     attach hereto copies of such documents or
     deposition testimony

S7.  If this Defendant alleges that Plaintiff or Plaintiff's
     decedent was injured as a result of exposure to
     asbestos from a source other than as alleged in the
     Plaintiff's Complaint and answer to standard
     interrogatory I-6, please set forth:

     a)   The factual basis for this Defendant's assertion
          that Plaintiff or Plaintiff's decedent was injured
          as a result of exposure to asbestos from a source
          other than as alleged in the Plaintiff's Complaint
          and answer to standard interrogatory I-6.

     b)   All evidence this Defendant relies upon to support
          its assertion that Plaintiff or Plaintiff's
          decedent was injured as a result of exposure to
          asbestos from a source other than as alleged in
          the Plaintiff's Complaint and answer to standard
          interrogatory I-6.  If this Defendant relies upon
          any documents or deposition testimony to support
          its assertion that Plaintiff or Plaintiff's
          decedent was injured as a result of exposure to
          asbestos from a source other than as alleged in
          the Plaintiff's Complaint and answer to standard
          interrogatory I-6, please attach hereto copies of
          such documents or deposition testimony.

     c)   Identify all experts this Defendant relies upon to
          support its assertion that Plaintiff or
          Plaintiff's decedent was injured as a result of
          exposure to asbestos from a source other than as
          alleged in the Plaintiff's Complaint and answer to
          standard interrogatory I-6.  Please supply copies

of all expert reports supporting this Defendant's assertion that Plaintiff or Plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the Plaintiff's Complaint and answer to standard interrogatory I-6.

d)    Set forth the name and address of each witness that Defendant relies upon to support this Defendant's assertion that Plaintiff or Plaintiff's decedent was injured as a result of exposure to asbestos from a source other than as alleged in the Plaintiff's Complaint and answer to standard interrogatory I-6 and a summary of what each witness is expected to testify to if called as a witness in this case.

CERTIFICATION

I certify that:

1.    The copies of the expert reports annexed hereto are exact copies of the entire report or reports rendered by them and that no other reports have been prepared by experts who will be called to testify in this matter, and

2.    The answers that I have given to these Interrogatories are true.

I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

560946.1