UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)
    Lola Bouchard, et al. v. CBS Corporation, et al.,    )
        W.D. Washington, C.A. No. 2:11-458    )    MDL No. 875

### ORDER ON DEFENDANT'S MOTION FOR CLARIFICATION

    **Before the Panel:**[*] Defendant Lockheed Martin Shipbuilding Company (Lockheed) has moved for an order clarifying the effectiveness of the Panel's order transferring this Western District of Washington action (*Bouchard*) to MDL No. 875. Plaintiffs oppose the motion.

    The Panel's transfer order with respect to *Bouchard* was filed in the transferee district, the Eastern District of Pennsylvania, on May 23, 2011. On May 24, 2011, however, the Western District of Washington court entered an order granting the *Bouchard* plaintiffs' motion for remand to state court. Lockheed asks the Panel to clarify the effect of the transfer order in relation to the remand order.

    Under the Panel's governing statute, "[o]rders of transfer and such other orders as the panel may make thereafter shall be filed in the office of the clerk of the transferee district court and shall be effective when thus filed." 28 U.S.C. § 1407(c)(ii); *see also* Panel Rule 2.1(d) ("An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court."). Here, the Panel's transfer order with respect to *Bouchard* was filed in the transferee district the day before the Western District of Washington court issued its remand order.[1] Accordingly, that remand order was moot when entered. *See Baycol Prods. Liab. Litig.*, 269 F. Supp. 2d 1376, 1377 (J.P.M.L. 2003) (where the filing, in the transferee district, of a Panel order transferring a Southern District of Mississippi action to MDL No. 1431 preceded, by a day, the filing, in the transferor district, of an order remanding the action to state court, the remand order was "moot when entered," even though it had been signed the previous day).

---

    [*]     Judge John G. Heyburn II, Judge Barbara S. Jones, and Judge Marjorie O. Rendell took no part in the disposition of this matter.

    [1]     Plaintiffs cite the fact that, on May 24, 2011, the transferee court issued an order directing the Eastern District of Pennsylvania clerk to initiate the procedures for transfer of the action, and stating, "The effective date of transfer is upon entry of this order." That order, however, cannot trump Section 1407 (c)(ii).

2

Although this result is regrettable in light of the time and resources that the Western District of Washington court obviously has invested in this matter, it is required by Section 1407 and our precedent. Plaintiffs are free, however, to re-raise their remand motion to the transferee court, and to argue that the Western District of Washington court's disposition of the motion should control. Indeed, these somewhat unusual circumstances may constitute grounds for the transferee court to address the remand motion on an expedited basis. Such a determination is, of course, to be made at the discretion of the transferee court.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the Panel's order transferring *Bouchard* remains in effect. The clerks of the respective courts should effect transmittal of the record in accordance with Panel Rule 9.1(a).

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Frank C. Damrell, Jr.
Paul G. Barbadoro