ADRMOP, E-Filing

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:11-cv-02954-LB

Tysver et al v. Foster Wheeler Corporation, et al.
Assigned to: Magistrate Judge Laurel Beeler
Case in other court: Superior Court of CA, County of
              Alameda, RG11569254
Cause: 28:1442 Petition for Removal

Date Filed: 06/15/2011
Jury Demand: None
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Federal Question

**Plaintiff**

**Sally Joann Tysver**
*Individually and as Successor-in-Interest to Decedent Wayne Forrest Tysver*

represented by **Jack K. Clapper**
Clapper & Patti
Marina Office Plaza
2330 Marinship Way
Suite 140
Sausalito, CA 94965
415/332-4262
Fax: 415-331-5387
Email: jkc@clapperlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jody Ann Paulsen**

represented by **Jack K. Clapper**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steve Tysver**

represented by **Jack K. Clapper**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lori S. Brown**

represented by **Jack K. Clapper**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robin Lindsey**

represented by **Jack K. Clapper**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler Corporation**
*also known as*
Foster Wheeler LLC

represented by **Edward R. Hugo**
Brydon Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
(415) 808-0300
Fax: (415) 808-0333
Email: ehugo@bhplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles S. Park**
Brydon Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: cpark@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Thomas J. Moses**
Brydon Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
(415) 808-0300
Fax: (415) 808-0333
Email: tmoses@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Asbestos Corporation, Ltd.**

**Defendant**

**Astra Flooring Company**

**Defendant**

**B.R. Funsten & Co.**

**Defendant**

**Boeing Corporation, The**

**Defendant**

**Fraser's Boiler Service, Inc.**

**Defendant**

**Goodrich Corporation**

*A California Corporation*
*doing business as*
New York Goodrich

**Defendant**

**Hill Brothers Chemical Company**

**Defendant**

**J & H Marine & Industrial**
**Engineering Company**

**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Metaclad Insulation Corporation**

**Defendant**

**Parker Hannifin Corporation**

**Defendant**

**Plant Products & Supply Co.**

**Defendant**

**Quintec Industries, Inc.**

**Defendant**

**SB Decking, Inc.**

**Defendant**

**M. Slayen and Associates, Inc.**

**Defendant**

**SYD Carpenter, Marine Contractor,**
**Inc.**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**3M Corporation**
*formerly known as*
Minnesota Mining & Manufacturing
Company

| Date Filed | # | Docket Text |
|---|---|---|
| 06/15/2011 | 1 | NOTICE OF REMOVAL; No Process, from Superior Court of CA, County of |

| | | |
|---|---|---|
| | | Alameda. Their case number is RG11569254. (Filing fee $350 receipt number 34611061072). Filed by Foster Wheeler Corporation. (jlm, COURT STAFF) (Filed on 6/15/2011) (Entered: 06/21/2011) |
| 06/15/2011 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 12/8/2011. Case Management Conference set for 12/15/2011 10:30 AM. (Attachments: # 1 Standing Order - LB)(jlm, COURT STAFF) (Filed on 6/15/2011) (Entered: 06/21/2011) |
| 06/15/2011 | 3 | NOTICE of Tag-Along Action, filed by Foster Wheeler Corporation (jlm, COURT STAFF) (Filed on 6/15/2011) (Entered: 06/21/2011) |
| 06/15/2011 | 4 | NOTICE of Disclosure Statement and Certificate of Interested Entities, filed by Foster Wheeler Corporation (jlm, COURT STAFF) (Filed on 6/15/2011) (Entered: 06/21/2011) |
| 06/15/2011 | | CASE DESIGNATED for Electronic Filing. (jlm, COURT STAFF) (Filed on 6/15/2011) (Entered: 06/21/2011) |
| 06/21/2011 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by Foster Wheeler Corporation *with Certificate of Service*. (Moses, Thomas) (Filed on 6/21/2011) (Entered: 06/21/2011) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/21/2011 10:32:23 | | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4801-2459 |
| **Description:** | Docket Report | **Search Criteria:** | 4:11-cv-02954-LB |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** See Attached List
**(AVISO AL DEMANDADO):**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

APR - 5 2011

CLERK OF THE SUPERIOR COURT
By JANE HARRIS          Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** SALLY JOANN TYSVER,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** Individually and as
Successor-in-Interest to Decedent WAYNE FORREST
TYSVER; JODY ANN PAULSEN, STEVE TYSVER; LORI S.
BROWN; ROBIN LINDSEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es): | CASE NUMBER:<br>(Número del Caso): 569254 |
|---|---|

Superior Court of California
City and County of Alameda
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Jack K. Clapper                                    (415) 332-4262
Clapper, Patti, Schweizer & Mason
2330 Marinship Way, Suite 140
Sausalito, CA 94965

DATE: APR - 5 2011                    Clerk, by JANE HARRIS              , Deputy
(Fecha) PAT S SWEETEN              (Secretario)                            (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify):  Foster Wheeler Corporation

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

ASBESTOS CORPORATION, LTD.; ASTRA FLOORING COMPANY; B.R. FUNSTEN
& CO.; THE BOEING COMPANY; FOSTER WHEELER CORPORATION; FRASER'S
BOILER SERVICE, INC.; GOODRICH CORPORATION WHICH WILL DO BUSINESS
IN CALIFORNIA AS NEW YORK GOODRICH; HILL BROTHERS CHEMICAL
COMPANY; J & H MARINE & INDUSTRIAL ENGINEERING COMPANY; J.T.
THORPE & SON, INC.; METALCLAD INSULATION CORPORATION; PARKER
HANNIFIN CORPORATION; PLANT PRODUCTS & SUPPLY CO.; QUINTEC
INDUSTRIES, INC.; SB DECKING, INC.; M. SLAYEN AND ASSOCIATES,
INC.; SYD CARPENTER, MARINE CONTRACTOR, INC.; UNION CARBIDE
CORPORATION; 3M COMPANY fka MINNESOTA MINING & MANUFACTURING
COMPANY; and DOES ONE through ONE HUNDRED, inclusive,

     Defendants.

1  Jack K. Clapper, State Bar No. 83207)
   John P. Mason, State Bar No. 193949      ENDORSED
2  CLAPPER, PATTI, SCHWEIZER & MASON           FILED
   Marina Office Plaza                     ALAMEDA COUNTY
3  2330 Marinship Way, Suite 140
   Sausalito, CA 94965                       APR - 5 2011
4  Telephone: (415) 332-4262
   Facsimile: (415) 331-5387          CLERK OF THE SUPERIOR COURT
5                                     By JANE HARRIS        Deputy
   Attorney for Plaintiffs
6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8        CITY AND COUNTY OF ALAMEDA - UNLIMITED CIVIL JURISDICTION
9

10                                         R G 1 1 5 6 9 2 5 4
   SALLY JOANN TYSVER, Individually )   Case No.
11 and as Successor-in-Interest to  )
   Decedent WAYNE FORREST TYSVER;   )   **COMPLAINT FOR WRONGFUL DEATH AND**
12 JODY ANN PAULSEN, STEVE TYSVER;  )   **SURVIVAL**
   LORI S. BROWN; ROBIN LINDSEY     )
13                                  )   **(Asbestos)**
         Plaintiffs,               )
14                                  )
   v.                               )
15                                  )
   ASBESTOS CORPORATION, LTD.;      )
16 ASTRA FLOORING COMPANY; B.R.
   FUNSTEN & CO.; THE BOEING
17 COMPANY; FOSTER WHEELER
   CORPORATION; FRASER'S BOILER
18 SERVICE, INC.; GOODRICH
   CORPORATION WHICH WILL DO
19 BUSINESS IN CALIFORNIA AS NEW
   YORK GOODRICH; HILL BROTHERS
20 CHEMICAL COMPANY; J & H MARINE &
   INDUSTRIAL ENGINEERING COMPANY;
21 J.T. THORPE & SON, INC.;
   METALCLAD INSULATION
22 CORPORATION; PARKER HANNIFIN
   CORPORATION; PLANT PRODUCTS &
23 SUPPLY CO.; QUINTEC INDUSTRIES,
   INC.; SB DECKING, INC.;
24 M. SLAYEN AND ASSOCIATES, INC.;
   SYD CARPENTER, MARINE
25 CONTRACTOR, INC.; UNION CARBIDE
   CORPORATION; 3M COMPANY fka
26 MINNESOTA MINING & MANUFACTURING
   COMPANY; and DOES ONE through
27 ONE HUNDRED, inclusive,

28       Defendants.

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)

GENERAL ALLEGATIONS

1.  The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants FIRST DOE through ONE HUNDRED DOE, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the decedent, as hereinafter alleged.

2.  At all times herein mentioned, each of the defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs do not allege that Asbestos Corporation Ltd. was the agent, servant, employee and/or joint venturer of any entity during any of the years Asbestos Corporation Ltd. was owned by any governmental agency.  Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the decedent; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of the other conspiring defendants. Plaintiffs do not allege that Asbestos Corporation Ltd. conspired with any entity during any of the years Asbestos Corporation Ltd.

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                    2

1  was owned by any governmental agency.  Plaintiffs are informed and

2  believe, and allege, that at all times herein mentioned defendants

3  FIRST DOE through ONE HUNDREDTH DOE, inclusive, were and are

4  authorized to do business in the State of California, and that said

5  defendants have regularly conducted business in the County of

6  Alameda, State of California.

7      3.   Plaintiffs are informed and believe, and thereon allege

8  that at all times herein mentioned, each defendant named herein and

9  FIRST DOE through SEVENTY-FIFTH DOE, inclusive, were and are

10  corporations organized and existing under and by virtue of the laws

11  of the State of California, or the laws of some other state or

12  foreign jurisdiction, that said defendants have regularly conducted

13  business in the County of Alameda, State of California, and that

14  certain of said defendants have designated the County of Alameda as

15  their principal place of doing business within the State of

16  California.

17              <u>FIRST CAUSE OF ACTION -- NEGLIGENCE</u>
                          (Survival)

18
19  PLAINTIFFS COMPLAIN OF DEFENDANTS ASBESTOS CORPORATION, LTD.;

20  ASTRA FLOORING COMPANY; B.R. FUNSTEN & CO.; THE BOEING COMPANY;

21  FOSTER WHEELER CORPORATION; FRASER'S BOILER SERVICE, INC.; GOODRICH

22  CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS NEW YORK

23  GOODRICH; HILL BROTHERS CHEMICAL COMPANY; J & H MARINE & INDUSTRIAL

24  ENGINEERING COMPANY; J.T. THORPE & SON, INC.; METALCLAD INSULATION

25  CORPORATION; PARKER HANNIFIN CORPORATION; PLANT PRODUCTS & SUPPLY

26  CO.; QUINTEC INDUSTRIES, INC.; SB DECKING, INC.; M. SLAYEN AND

27  ASSOCIATES, INC.; SYD CARPENTER, MARINE CONTRACTOR, INC.; UNION

28  CARBIDE CORPORATION; 3M COMPANY fka MINNESOTA MINING &

MANUFACTURING COMPANY; AND DOES ONE THROUGH TWENTY-FIVE, AND FOR A

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                3

1  CAUSE OF ACTION FOR NEGLIGENCE ALLEGE:

2     4.   Plaintiffs bring this action as specified in Section 377

3  of the Code of Civil Procedure as a result of the death of Wayne

4  Forrest Tysver, Deceased (hereinafter referred to as "decedent").

5     5.   At all times herein mentioned, defendants, ASBESTOS

6  CORPORATION, LTD.; ASTRA FLOORING COMPANY; B.R. FUNSTEN & CO.; THE

7  BOEING COMPANY; FOSTER WHEELER CORPORATION; FRASER'S BOILER

8  SERVICE, INC.; GOODRICH CORPORATION WHICH WILL DO BUSINESS IN

9  CALIFORNIA AS NEW YORK GOODRICH; HILL BROTHERS CHEMICAL COMPANY; J

10  & H MARINE & INDUSTRIAL ENGINEERING COMPANY; J.T. THORPE & SON,

11  INC.; METALCLAD INSULATION CORPORATION; PARKER HANNIFIN

12  CORPORATION; PLANT PRODUCTS & SUPPLY CO.; QUINTEC INDUSTRIES, INC.;

13  SB DECKING, INC.; M. SLAYEN AND ASSOCIATES, INC.; SYD CARPENTER,

14  MARINE CONTRACTOR, INC.; UNION CARBIDE CORPORATION; 3M COMPANY fka

15  MINNESOTA MINING & MANUFACTURING COMPANY; and First Doe through One

16  Hundredth Doe, inclusive, and each of them, that said defendants

17  have regularly conducted business in the County of Alameda, State

18  of California, and that certain of said defendants have designated

19  the County of Alameda as their principal place of doing business

20  within the State of California. Said defendants were and are

21  engaged in the business of researching, manufacturing, fabricating,

22  designing, labeling, assembling, distributing, leasing, buying,

23  offering for sale, selling, inspecting, servicing,  installing,

24  contracting for installation, repairing, marketing, warranting,

25  rebranding, manufacturing for others, packaging and advertising a

26  certain substance, the generic name of which is asbestos, and other

27  products containing said substance.

28     6.   At all times herein mentioned, each of the defendants was

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                    4

1   the successor, successor in business, successor in product line or

2   a portion thereof, assign, predecessor, predecessor in business,

3   predecessor in product line or a portion thereof, parent,

4   subsidiary, wholly or partially owned by, or the whole or partial

5   owner of or member in an entity researching, studying,

6   manufacturing, fabricating, designing, labeling, assembling,

7   distributing, leasing, buying, offering for sale, selling,

8   inspecting, servicing, installing, contracting for installation,

9   repairing, marketing, warranting, rebranding, manufacturing for

10  others, packaging and advertising a certain substance, the generic

11  name of which is asbestos, and other products containing said

12  substance.   Said entities shall hereinafter collectively be called

13  "alternate entities".   Each of the herein named defendants are

14  liable for the tortious conduct of each successor, successor in

15  business, successor in product line or a portion thereof, assign,

16  predecessor, predecessor in business, predecessor in product line

17  or a portion thereof, parent, subsidiary, alter-ego, whole or

18  partial owner, or wholly or partially owned entity, or entity that

19  it was a member of, or funded, that researched, studied,

20  manufactured, fabricated, designed, labeled, assembled,

21  distributed, leased, bought, offered for sale, sold, inspected,

22  serviced, installed, contracted for installation, repaired,

23  marketed, warranted, rebranded, manufactured for others and

24  advertised a certain substance, the generic name of which is

25  asbestos, and other products containing said substance.   The

26  following defendants, and each of them, are liable for the acts of

27  each and every "alternate entity", and each of them, in that there

28  has been a virtual destruction of plaintiffs remedy against each

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

1 such "alternate entity"; defendants, and each of them, have

2 acquired the assets, product line, or a portion thereof, of each

3 such "alternate entity"; defendants, and each of them, caused the

4 destruction of plaintiffs remedy against each such "alternate

5 entity"; each such defendant has the ability to assume the

6 risk-spreading role of each such "alternate entity"; and that each

7 such defendant enjoys the goodwill originally attached to each such

8 "alternate entity."

| 9 | DEFENDANT | ALTERNATE ENTITY |
|---|-----------|------------------|
| 10 | METALCLAD INSULATION CORPORATION | NORTHERN CALIFORNIA INSULATION COMPANY |
| 11 | | |
| | PARKER-HANNIFIN CORP. | SACOMO |
| 12 | | SACOMO MANUFACTURING, INC. SACOMO |
| 13 | | |
| | UNION CARBIDE CORPORATION | UNION CARBIDE AND CARBON CORPORATION |
| 14 | | UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC |
| 15 | | CALIDRIA |

16      7.  At all times herein mentioned, defendants, and each of

17 them, singularly and jointly, negligently and carelessly

18 researched, manufactured, fabricated, designed, tested or failed to

19 test, warned or failed to warn, labeled, assembled, distributed,

20 leased, bought, offered for sale, sold, inspected, serviced,

21 installed, contracted for installation, repaired, marketed,

22 warranted, rebranded, manufactured for others, packaged and

23 advertised, a certain substance, the generic name of which is

24 asbestos, and other products containing said substance, in that

25 said substance proximately caused personal injuries to users,

26 consumers, workers, bystanders and others, including the decedent

27 herein, (hereinafter collectively called "exposed persons"), while

28 being used in a manner that was reasonably foreseeable, thereby

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

1   rendering said substances unsafe and dangerous for use by "exposed

2   persons".

3       8.   Defendants, and each of them, had a duty to exercise due

4   care in the pursuance of the activities mentioned above and

5   defendants, and each of them, breached said duty of due care.

6       9.   Decedent herein used, handled or was otherwise exposed to

7   asbestos and asbestos-containing products referred to herein in a

8   manner that was reasonably foreseeable.  Decedent's exposure to

9   asbestos and asbestos-containing products occurred at various

10  locations within the State of California.  Plaintiff's decedent's

11  exposure to asbestos and asbestos-containing products included but

12  not limited to the following: 1966 - 1969, Boeing Aircraft,

13  mechanic; 1969 - 1975, Lockheed, Seattle, WA and Palmdale, CA,

14  metalsmith/pipefitter; 1975 - 1992, Puget Sound Naval Shipyard,

15  Bremerton, WA, pipefitter.  Decedent worked on the USS Enterprise

16  CVAN-65, USS Constellation CVA 64, USS Kitty Hawk CV 63, USS Ranger

17  CV 61, USS Berkeley DDG 15, USS Long Beach CGB 9, USS Truxton CGN

18  35, USS Sandlance SSN 660, USS Decatur DDG 31, USS Bainbridge, USS

19  Holland, USS Sacramento, USS Hawkbill, USS Camden, USS Drum, USS

20  Coral Sea, USS Plunger, USS Theodore Roosevelt, USS Abraham

21  Lincoln.  Plaintiffs do not claim that decedent's exposure, if any,

22  to asbestos-containing products manufactured by said defendants in

23  accordance with such government specifications as to invoke the

24  "government contractor" defense as set forth in *Boyle v. United*

25  *Technologies Corp., Inc.* (1988) 487 U.S. 500, caused, or

26  contributed to, decedent's mesothelioma.  Plaintiffs do not claim

27  that decedent was exposed to Asbestos Corporation Ltd.'s fibers

28  during any of the years Asbestos Corporation, Ltd. was owned by any

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                    7

1  governmental agency.  This claim was filed within one year of the

2  time plaintiffs first knew, or through the exercise of reasonable

3  diligence should have known, that the death was caused or

4  contributed to by exposure to asbestos.

5      10.  Plaintiffs are informed and believe, and thereon allege,

6  that progressive lung disease, cancer and other serious diseases

7  are caused by inhalation of asbestos fibers without perceptible

8  trauma and that said disease results from exposure to asbestos and

9  asbestos-containing products over a period of time.

10     11.  Decedent suffered from a condition related to exposure to

11  asbestos and asbestos-containing products.  Decedent was not aware

12  at the time of exposure that asbestos or asbestos-containing

13  products presented any risk of injury and/or disease.

14     12.  As a direct and proximate result of the conduct of

15  the defendants, and each of them, as aforesaid, decedent's exposure

16  to asbestos and asbestos-containing products during his lifetime

17  caused severe and permanent injury to decedent, including, but not

18  limited to breathing difficulties, mesothelioma, and/or other lung

19  damage.  The asbestos fibers and asbestos-containing products of

20  each named defendant and each DOE defendant were a substantial

21  factor in contributing to, and in causing, injury to decedent as

22  set forth herein.

23     13.  In researching, manufacturing, fabricating, designing,

24  testing or failing to test, warning or failing to warn, labeling,

25  assembling, distributing, leasing, buying, offering for sale,

26  selling, inspecting, servicing, installing, contracting for

27  installation, repairing, marketing, warranting, rebranding,

28  manufacturing for others, packaging and advertising asbestos and

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                          8

1  asbestos-containing products, defendants, their "alternate

2  entities", and each of them, did so with conscious disregard for

3  the safety of "exposed persons" who came in contact with said

4  asbestos and asbestos-containing products, in that defendants,

5  their "alternate entities", and each of them, had prior knowledge

6  that there was a substantial risk of injury or death resulting from

7  exposure to asbestos or asbestos-containing products, including,

8  but not limited to, asbestosis, other lung disabilities and cancer.

9  Said knowledge was obtained, in part, from scientific studies

10  performed by, at the request of, or with the assistance of, said

11  defendants, their "alternate entities", and each of them, and which

12  knowledge was obtained by said defendants, their "alternate

13  entities", and each of them on or before 1930, and thereafter.

14       14.   On or before 1930, and thereafter, said defendants, their

15  "alternate entities" and each of them, were aware that members of

16  the general public and other "exposed persons", who would come in

17  contact with asbestos and asbestos-containing products, had no

18  knowledge or information indicating that asbestos or

19  asbestos-containing products could cause injury, and said

20  defendants, their "alternate entities", and each of them, knew that

21  members of the general public and other "exposed persons", who came

22  in contact with asbestos and asbestos-containing products, would

23  assume, and in fact did assume, that exposure to asbestos and

24  asbestos-containing products was safe, when in fact said exposure

25  was extremely hazardous to health and human life.

26       15.   With said knowledge, said defendants, their "alternate

27  entities", and each of them, opted to research, manufacture,

28  fabricate, design, label, assemble, distribute, lease, buy, offer

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                    9

1  for sale, inspect, service, install, contract for installation,

2  repair, market, warrant, rebrand, manufacture for others, package

3  and advertise said asbestos and asbestos-containing products

4  without attempting to protect "exposed persons" from or warn

5  "exposed persons" of, the high risk of injury or death resulting

6  from exposure to asbestos and asbestos-containing products.   Rather

7  than attempting to protect "exposed persons" from, or warn "exposed

8  persons" of, the high risk of injury or death resulting from

9  exposure to asbestos and asbestos-containing products, defendants,

10  their "alternate entities", and each of them, intentionally failed

11  to reveal their knowledge of said risk, and consciously and

12  actively concealed and suppressed said knowledge from "exposed

13  persons" and members of the general public, thus impliedly

14  representing to "exposed persons" and members of the general public

15  that asbestos and asbestos-containing products were safe for all

16  reasonably foreseeable uses.   Defendants, their "alternate

17  entities", and each of them, engaged in this conduct and made these

18  implied representations with the knowledge of the falsity of said

19  implied representations.

20      16.   The above-referenced conduct of said defendants, their

21  "alternate entities", and each of them, was motivated by the

22  financial interest of said defendants, their "alternate entities",

23  and each of them, in the continuing, uninterrupted research,

24  manufacture, fabrication, design, labeling, assembly, distribution,

25  lease, purchase, sale, offer for sale, inspection, installation,

26  contracting for installation, repair, marketing, warranting,

27  rebranding, manufacturing for others, packaging and advertising of

28  asbestos and asbestos-containing products.   In pursuance of said

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                                        10



1  financial motivation, said defendants, their "alternate entities",

2  and each of them, consciously disregarded the safety of "exposed

3  persons" and were in fact consciously willing and intended to

4  permit asbestos and asbestos-containing products to cause injury to

5  "exposed persons" and induced persons to work with and be exposed

6  thereto, including decedent.

7      17.   Defendants, their "alternate entities", and each of them,

8  and their officers, directors and managing agents participated in,

9  authorized, expressly and impliedly ratified, and had full

10  knowledge of, or should have known of, each of the acts set forth

11  herein.

12      18.   Defendants, and each of them, are liable for the

13  fraudulent, oppressive, and malicious acts of their "alternate

14  entities", and each of them, and each defendants' officers,

15  directors and managing agents participated in, authorized,

16  expressly and impliedly ratified, and had full knowledge of, or

17  should have known of, the acts of each of their "alternate

18  entities" as set forth herein.  Plaintiffs do not allege any such

19  fraudulent, oppressive, or malicious acts by Asbestos Corporation

20  Ltd. during the years Asbestos Corporation Ltd. was owned by any

21  governmental agency.

22      19.   The above-referenced conduct of said defendants, their

23  "alternate entities", and each of them, was and is willful,

24  malicious, fraudulent, outrageous and in conscious disregard and

25  indifference to the safety and health of "exposed persons".

26  Plaintiffs, for the sake of example and by way of punishing said

27  defendants, seek punitive damages according to proof.

28      20.   As a direct and proximate result of the aforesaid conduct

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                    11

1  of the defendants, and each of them, decedent incurred liability

2  for physicians, surgeons, nurses, hospital care, medicine,

3  hospices, x-rays and other medical treatment, the true and exact

4  amount thereof being unknown to plaintiffs at this time, and

5  plaintiffs pray leave to amend this complaint accordingly when the

6  true and exact cost thereof is ascertained.

7      21.   As a direct and proximate result of the said conduct of

8  the defendants, and each of them, decedent incurred loss of income,

9  wages, profits and commissions, and other pecuniary losses, the

10  full nature and extent of which are not yet known to plaintiffs;

11  and leave is requested to amend this complaint to conform to proof

12  at the time of trial.

13      22.  As a further direct and proximate result of the said

14  conduct of the defendants, and each of them, decedent died on or

15  about October 18, 2010.

16      WHEREFORE, plaintiffs pray judgment against defendants, and

17  each of them, as hereinafter set forth.

18      <u>SECOND CAUSE OF ACTION -- STRICT LIABILITY</u>
          (Survival)

19

20  AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

21  ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS

22  ASBESTOS CORPORATION, LTD.; ASTRA FLOORING COMPANY; B.R. FUNSTEN &

23  CO.; THE BOEING COMPANY; FOSTER WHEELER CORPORATION; FRASER'S

24  BOILER SERVICE, INC.; GOODRICH CORPORATION WHICH WILL DO BUSINESS

25  IN CALIFORNIA AS NEW YORK GOODRICH; HILL BROTHERS CHEMICAL COMPANY;

26  J & H MARINE & INDUSTRIAL ENGINEERING COMPANY; J.T. THORPE & SON,

27  INC.; METALCLAD INSULATION CORPORATION; PARKER HANNIFIN

28  CORPORATION; PLANT PRODUCTS & SUPPLY CO.; QUINTEC INDUSTRIES, INC.;

SB DECKING, INC.; M. SLAYEN AND ASSOCIATES, INC.; SYD CARPENTER,

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                    12

MARINE CONTRACTOR, INC.; UNION CARBIDE CORPORATION; 3M COMPANY fka MINNESOTA MINING & MANUFACTURING COMPANY; AND DOES ONE THROUGH FIFTY, AND ALLEGE AS FOLLOWS:

23.   Plaintiffs incorporate herein by reference, as though fully set forth herein, paragraphs 1 through 5 and 8 through 14 inclusive.

24.   FIRST DOE through TENTH DOE is responsible for, and liable for the acts of ELEVENTH DOE through FIFTIETH DOE, inclusive. The defendants, their "alternate entities", and each of them, are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and said defendants, their "alternate entities", and each of them, were and are authorized to do and are doing business in the State of California, and said defendants, their "alternate entities", and each of them, have regularly conducted business in the County of Alameda, State of California.

25.   Defendants, their "alternate entities", and each of them, researched, manufactured, fabricated, designed, tested or failed to test, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised a certain substance, the generic name of which is asbestos, and other products containing said substance.

26.   Defendants, their "alternate entities", and each of them, knew and intended that the above referenced asbestos and other products containing asbestos would be used by the purchaser or user

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

1  without inspection for defects therein or in any of its component

2  parts and without knowledge of the hazards involved in such use.

3      27.   Defendants, their "alternate entities", and each of them,

4  knew, or should have known, and intended that the aforementioned

5  asbestos and products containing asbestos would be used for

6  insulation, construction, automotive, aircraft and other

7  applications, including, but not limited to sawing, chipping,

8  hammering, scraping, sanding, breaking, removal, "rip-out", and

9  other manipulation which would result in the release of airborne

10  asbestos fibers, and that through such foreseeable use "exposed

11  persons" would use or be in proximity to and exposed to said

12  asbestos fibers.

13      28.   Said asbestos and products containing asbestos were

14  defective and unsafe for their intended purpose in that the

15  inhalation of asbestos fibers causes serious disease and/or death.

16  The defect existed in the said products at the time they left the

17  possession of defendants, their alternate entities, and each of

18  them.   Said products did, in fact, cause personal injuries,

19  including asbestosis, other lung damage, and cancer to "exposed

20  persons" while being used in a reasonably foreseeable manner,

21  thereby rendering the same unsafe and dangerous for use.

22      29.   "Exposed persons" did not know of the substantial danger

23  of using said products.   Said dangers were not readily recognizable

24  by "exposed persons".   Said defendants, their "alternate entities",

25  and each of them, further failed to adequately warn of the risks to

26  which decedent and others similarly situated were exposed.

27      30.   Plaintiffs allege that the aforementioned defendants,

28  their "alternate entities", and each of them impliedly warranted

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

1  their asbestos and asbestos-containing products to be safe for

2  their intended use but that their asbestos and asbestos-containing

3  products created an unreasonable risk of bodily harm to exposed

4  persons.

5      31.   Plaintiffs further allege decedent's injuries were a

6  result of cumulative exposure to asbestos and various

7  asbestos-containing products manufactured, fabricated, inadequately

8  researched, designed, inadequately tested, labeled, assembled,

9  distributed, leased, bought, offered for sale, sold, inspected,

10  serviced, installed, contracted for installation, repaired,

11  marketed, warranted, rebranded, manufactured for others, packaged

12  and advertised by the aforementioned defendants, their "alternate

13  entities", and each of them and that plaintiffs cannot identify

14  precisely which asbestos or asbestos-containing product(s) caused

15  the injuries complained of herein.

16      32.   The defendants, their "alternate entities", and each of

17  them served in this action constitute a substantial share of the

18  asbestos or asbestos-containing products market which caused

19  decedent's injuries.

20      33.   The aforementioned asbestos and asbestos-containing

21  products were toxic and carcinogenic and were used in conjunction

22  with one another, all resulting in cumulative injury and harm to

23  decedent herein.

24      34.   Decedent relied upon defendants', their "alternate

25  entities" and each of their representations, lack of warnings, and

26  implied warranties of fitness of asbestos and their

27  asbestos-containing products.  As a direct, foreseeable and

28  proximate result thereof, plaintiff's decedent suffered injury as

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

alleged herein.

35.   As a direct and proximate result thereof, decedent suffered the injuries and damages previously alleged.

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities", and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION -- NEGLIGENCE
(Wrongful Death)

AS AND FOR A FURTHER THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR WRONGFUL DEATH, PLAINTIFFS COMPLAIN OF THE ABOVE NAMED DEFENDANTS, INCLUDING THE ABOVE-NAMED DOES, AND EACH OF THEM, AND ALLEGE:

36.   Plaintiffs incorporate by reference paragraphs 1 through 14.

37.   Plaintiffs bring this action as specified in Section 377.60 through 377.61 of the Code of Civil Procedure as the surviving heirs of Wayne Forrest Tysver, deceased.

38.   The sole persons entitled under 377.60 to bring this wrongful death action are Sally Joann Tysver, spouse, Jody Ann Paulsen, daughter, Steve Tysver, son, Lori S. Brown, daughter and Robin Lindsey, daughter.  Their dates of birth are June 24, 1939, September 6, 1972, November 29, 1954, March 1, 1957, September 13, 1961, respectively.

39.   The above-named individuals constitute all of the surviving heirs of decedent pursuant to Section 377 of the California Code of Civil Procedure.

40.   At all times prior to his death, decedent was faithful and dutiful.

41.   As a direct and proximate result of the negligence of

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

1  defendants, and each of them, and the death of decedent, decedent's

2  heir has sustained pecuniary loss resulting from the loss of care,

3  society, comfort, attention, services, and support of decedent all

4  to the damage of decedent's heirs.

5       42.   As a further direct and proximate result of the

6  negligence of defendants, and each of them, and the death of

7  decedent, decedent's heirs have incurred funeral expenses in an

8  amount currently not ascertained.

9       WHEREFORE, plaintiffs pray judgment against defendants, and

10 each of them, as hereinafter set forth.

11          FOURTH CAUSE OF ACTION -- STRICT LIABILITY
                      (Wrongful Death)

12

13      AS AND FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF

14 ACTION, PLAINTIFFS COMPLAIN OF THE ABOVE NAMED DEFENDANTS,

    INCLUDING THE ABOVE-NAMED DOES, THEIR "ALTERNATE ENTITIES", AND
15
   EACH OF THEM, AND ALLEGE AS FOLLOWS:
16
        43.   Plaintiffs incorporate herein by reference, as though
17
   fully set forth herein, paragraphs 15 through 34.
18
        44.   As a direct and proximate result thereof, decedent's
19
   heirs have sustained the injuries and damages previously alleged.
20
        WHEREFORE, plaintiffs prays judgment against defendants,
21
   their "alternate entities", and each of them, as hereinafter set
22
   forth.
23
   FIFTH CAUSE OF ACTION - PREMISES OWNERS/GENERAL CONTRACTORS -
24
   MISREPRESENTATION AND/OR FRAUDULENT CONCEALMENT
25
        AS AND FOR A FIFTH, SEPARATE, CAUSE OF ACTION FOR
26
   MISREPRESENTATION AND/OR FRAUDULENT CONCEALMENT, PLAINTIFFS
27
   COMPLAIN OF DOES ONE THROUGH SEVENTY-FIVE, inclusive, AND EACH OF
28
   THEM, AND ALLEGE AS FOLLOWS:

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

45.   Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 44 as though fully set forth herein.

46.   At relevant times defendants, and each of them, owned, managed, and/or controlled certain premises in which asbestos-containing products had been installed, maintained, used, and/or replaced and as a result, dangerous quantities of asbestos fibers were present on said premises.

47.   At relevant times said defendants knew that the asbestos-containing products and the asbestos fibers released therefrom created an unreasonable risk of harm to persons entering said premises.

48.   At relevant times said defendants knew, or in the exercise of ordinary care should have known, that said premises would be entered by persons without knowledge of, or inspection for, defects or dangerous conditions and that said persons would not be aware of the aforesaid unreasonable risk of harm. Defendants had a duty to disclose the presence of, and dangers presented by, the asbestos-containing products and the asbestos fibers released therefrom.

49.   Despite said knowledge, defendants misrepresented that their premises was safe and free of defects, and/or failed to disclose, and concealed, the presence of the asbestos-containing products and asbestos fibers which created the unreasonable risk of harm to persons entering said premises.

50.   In reliance upon the foregoing, decedent entered and performed work in said premises which was to defendants' benefit and advantage and at defendants' request and invitation.  In so doing, decedent was exposed to dangerous quantities of asbestos

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262



1  fibers.

2      51.   Decedent was unaware of the unreasonable risk of harm

3  created by the aforesaid presence of asbestos-containing products

4  and asbestos fibers on said premises.

5      52.   As a legal consequence of the foregoing, decedent

6  developed asbestos-related illness from which he suffered as

7  previously set forth and decedent had suffered general and special

8  damages as herein being alleged in an amount in excess of the

9  jurisdictional limits of the Municipal Court.

10  SIXTH CAUSE OF ACTION - PREMISES LIABILITY - NEGLIGENT EXERCISE OF

11  RETAINED CONTROL - RESTATEMENT SECOND OF TORTS, SECTION 414

12      AS AND FOR A SIXTH, SEPARATE, CAUSE OF ACTION FOR PREMISES

13  LIABILITY, PLAINTIFFS COMPLAIN OF DOES ONE THROUGH SEVENTY-FIVE,

14  inclusive, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

15      53.   Plaintiffs reallege and incorporate herein by reference

16  paragraphs 1 through 52 as though fully set forth herein.

17      54.   At all relevant times defendants, and each of them,

18  owned, managed, and/or controlled certain premises within which

19  asbestos-containing products were being, or had been, installed,

20  maintained, used, removed and/or replaced.

21      55.   At all relevant times said defendants knew, or in the

22  exercise of ordinary care should have known, that the presence,

23  and/or disturbance, of the asbestos-containing products would

24  create an unreasonable risk of harm to persons entering said

25  premises.

26      56.   At all relevant times said defendants knew, or in the

27  exercise of ordinary and reasonable care should have known, that

28  work would be performed on said premises by persons without

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

1  knowledge of, or inspection for, defects or dangerous conditions

2  and that said persons would not be aware of the aforesaid

3  unreasonable risk of harm, and that without the implementation of

4  proper safety precautions, and/or the use of proper work practices,

5  the risk of serious personal injury would result.

6      57.  Despite said knowledge of the aforesaid unreasonable risk

7  of harm, defendants retained control of the work and negligently

8  failed to implement, and/or failed to have others implement, proper

9  safety precautions, and/or the use of proper work practices, with

10  the result that the asbestos-containing products created an

11  unreasonable risk of harm to persons entering said premises.

12      58.  Decedent entered and performed work in said premises

13  which was to defendants' benefit and advantage and at defendants'

14  request and invitation.  In so doing, decedent was exposed to

15  dangerous quantities of asbestos fibers.

16      59.  Decedent was unaware of the risk of harm created by the

17  aforesaid presence of asbestos products and materials on said

18  premises.

19      60.  At all times mentioned herein, said defendants, and each

20  of them, controlled the operative details of the work and

21  negligently failed to maintain, manage, inspect, survey, or control

22  said premises, or to abate or correct, or to warn decedent of the

23  existence of the aforesaid dangerous conditions and hazards on said

24  premises.

25      61.  Defendant's exercise of retained control affirmatively

26  contributed to decedent's developing an asbestos-related illness

27  which he suffered as previously set forth and plaintiffs have

28  suffered general and special damages as herein being alleged in an

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262



1  amount in excess of the jurisdictional limits of the Municipal

2  Court.

3  SEVENTH CAUSE OF ACTION - PREMISES LIABILITY - NEGLIGENT PROVISION

4  OF UNSAFE EQUIPMENT - RESTATEMENT SECOND OF TORTS, SECTION 414

5     AS AND FOR A SEVENTH, SEPARATE, CAUSE OF ACTION FOR PREMISES

6  LIABILITY, PLAINTIFFS COMPLAIN OF DOES ONE THROUGH SEVENTY-FIVE,

7  inclusive, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

8     62.  Plaintiffs reallege and incorporate herein by reference

9  paragraphs 1 through 61 as though fully set forth herein.

10     63.  At all relevant times defendants, and each of them,

11  owned, managed, and/or controlled certain premises within which

12  asbestos-containing products were being, or had been, installed,

13  maintained, used, removed and/or replaced.

14     64.  At all relevant times said defendants knew, or in the

15  exercise of ordinary care should have known, that the presence,

16  and/or disturbance, of the asbestos-containing products would

17  create a risk of harm to persons entering said premises.

18     65.  At all relevant times said defendants knew, or in the

19  exercise of ordinary and reasonable care should have known, that

20  work would be performed on said premises by persons without

21  knowledge of, or inspection for, defects or dangerous conditions

22  and that without the proper equipment the risk of serious personal

23  injury would result.

24     66.  Despite said knowledge of the aforesaid risk of harm,

25  defendants negligently provided unsafe equipment which created a

26  risk of harm to persons entering said premises.

27     67.  Decedent entered and performed work in said premises

28  which was to defendants' benefit and advantage and at defendants'

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                    21



1  request and invitation.   In so doing, decedent was exposed to

2  dangerous quantities of asbestos fibers.

3      68.   Decedent was unaware of the risk of harm created by the

4  aforesaid presence of asbestos products and materials on said

5  premises.

6      69.   As a legal consequence of the foregoing, decedent

7  developed asbestos-related illness from which he suffered as

8  previously set forth and decedent had suffered general and special

9  damages as herein being alleged in an amount in excess of the

10  jurisdictional limits of the Municipal Court.

11      <u>EIGHTH CAUSE OF ACTION - CONCEALED, PRE-EXISTING DANGEROUS</u>

12      <u>CONDITION ON PREMISES</u>

13  AS AND FOR A EIGHTH, SEPARATE, CAUSE OF ACTION FOR A CONCEALED,

14  PRE-EXISTING DANGEROUS CONDITION ON THE PREMISES, PLAINTIFFS

15  COMPLAIN OF DOES ONE THROUGH SEVENTY-FIVE, inclusive, AND EACH OF

16  THEM, AND ALLEGE AS FOLLOWS:

17      70.   Plaintiffs reallege and incorporate herein by reference

18  paragraphs 1 through 14 as though fully set forth herein.

19      71.   At relevant times defendants, and each of them, owned,

20  managed, contracted to perform work within and/or controlled

21  certain premises in which asbestos-containing products had been, or

22  were being, installed, maintained, used, and/or replaced.

23      72.   At relevant times said defendants knew, or in the

24  exercise of ordinary care should have known, that the presence of

25  the asbestos-containing products and asbestos fibers created a

26  concealed, per-existing hazardous condition on its premises.

27      73.   At relevant times said defendants knew, or in the

28  exercise of ordinary care should have known, that said premises

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

1  would be entered by persons, including contractors and/or sub-

2  contractors, who would be without knowledge of, or reasonably could

3  ascertain the condition.

4      74.   Despite said knowledge, defendants failed to maintain the

5  premises free of defects, and/or failed to abate the asbestos-

6  containing products and asbestos fibers which created the

7  unreasonable risk of harm to persons entering said premises and

8  failed to warn the persons entering said premises, including

9  contractors and/or sub-contractors.

10      75.   Decedent entered and performed work in said premises

11  which was to defendants' benefit and advantage and at defendants'

12  request and invitation. Due to defendants' negligent conduct,

13  and/or the negligent conduct of persons for whom defendant is

14  responsible, decedent was exposed to the aforementioned dangerous

15  quantities of asbestos fibers which were present at said premises.

16      76.   Both decedent and decedent's employer were unaware of,

17  and could not reasonably ascertain, the aforesaid dangerous

18  condition on said premises.

19      77.   As a legal consequence of the foregoing, decedent

20  developed asbestos-related illness from which he suffered as

21  previously set forth and decedent had suffered general and special

22  damages as herein being alleged in an amount in excess of the

23  jurisdictional limits of the Municipal Court.

24      NINTH CAUSE OF ACTION - NEGLIGENT UNDERTAKING

25  AS AND FOR A NINTH, SEPARATE, CAUSE OF ACTION FOR NEGLIGENT

26  PERFORMANCE OF AN UNDERTAKING - RESTATEMENT SECOND OF TORTS,

27  SECTION 324A, PLAINTIFFS COMPLAIN OF DOES ONE THROUGH SEVENTY-FIVE,

28  inclusive, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)    23

78.   Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 77 as though fully set forth herein.

79.   At relevant times defendants, and each of them, owned, managed, and/or controlled certain premises in which asbestos-containing products had been installed, maintained, used, and/or replaced.

80.   At relevant times defendants rendered services which said defendants should have provided for the protection of decedent. Decedent suffered the harm complained of herein due to defendants failure to exercise reasonable care in said undertaking so that (a) defendants failure to exercise reasonable care increased the risk of harm to decedent, or (b) defendant undertook to perform a duty owed to decedent by another, or (c) said harm was suffered because of decedent's reliance, or the reliance of another, upon the undertaking by defendant.

81.   As a legal consequence of the foregoing, decedent developed asbestos-related illness from which he suffered as previously set forth and decedent had suffered general and special damages as herein being alleged in an amount in excess of the jurisdictional limits of the Municipal Court.

### TENTH CAUSE OF ACTION

(Respiratory Safety Devices - Negligence)

AS AND FORTH A FURTHER, TENTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE, PLAINTIFFS COMPLAIN OF DEFENDANT 3M COMPANY formerly known as MINNESOTA MINING & MANUFACTURING COMPANY AND DOES SEVENTY-SIX THROUGH ONE HUNDRED, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                                    24

1    82.   Plaintiffs, by this reference, incorporate paragraphs 1-2

2  of the general allegations, and paragraphs 9-15 of the First Cause

3  of Action as though fully set forth herein.

4    83.   Plaintiffs are informed and believe, and thereon allege,

5  that at all times herein mentioned, defendant 3M COMPANY formerly

6  known as MINNESOTA MINING & MANUFACTURING COMPANY and SEVENTY-SIXTH

7  through ONE HUNDREDTH DOE, inclusive, are corporations organized

8  and existing under and by virtue of the laws of the State of

9  California, or the laws of some state or foreign jurisdiction, and

10  that said defendants were and are authorized to do and are doing

11  business in the State of California, and that said defendants have

12  regularly conducted business in the City and County of Alameda,

13  State of California.   The defendants identified in this paragraph

14  are hereinafter referred to as "RESPIRATORY SAFETY DEVICE

15  DEFENDANTS."

16    84.   At all times herein mentioned, each of the defendants was

17  the successor, successor in business, successor in product line or

18  a portion thereof, assign, predecessor, predecessor in business,

19  predecessor in product line or a portion thereof, parent,

20  subsidiary, alter-ego, agent and/or fiduciary wholly or partially

21  owned by, or the whole or partial owner of or member in an entity

22  engaged in the business of manufacturing, fabricating, designing,

23  assembling, distributing, leasing, buying, selling, inspecting,

24  servicing, repairing, marketing, warranting and advertising dust

25  respirators and safety masks to be used when working in the

26  vicinity of airborne asbestos fibers.   Said entities shall

27  hereinafter collectively be called "alternate entities".   Each of

28  the herein named defendants are liable for the tortious conduct of

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

1  each successor, successor in business, successor in product line or

2  a portion thereof, assign, predecessor, predecessor in business,

3  predecessor in product line or a portion thereof, parent,

4  subsidiary, whole or partial owner, or wholly or partially owned

5  entity, or entity that it was a member of, or funded, that

6  researched, studied, manufactured, fabricated, designed, labeled,

7  assembled, distributed, leased, bought, offered for sale, sold,

8  inspected, serviced, installed, contracted for installation,

9  repaired, marketed, warranted, rebranded, manufactured for others

10  and advertised a certain substance, the generic name of which is

11  asbestos, and other products containing said substance.  The

12  following defendants, and each of them, are liable for the acts of

13  each and every "alternate entity", and each of them, in that there

14  has been a virtual destruction of plaintiff's remedy against each

15  such "alternate entity"; defendants, and each of them, have

16  acquired the assets, product line, or a portion thereof, of each

17  such "alternate entity"; defendants, and each of them, caused the

18  destruction of plaintiff's remedy against each such "alternate

19  entity"; each such defendant has the ability to assume the risk-

20  spreading role of each such "alternate entity"; and that each such

21  defendant enjoys the goodwill originally attached to each such

22  "alternate entity."

23      85.  At all times herein mentioned each of defendants listed

24  in paragraph 83 and DOES SEVENTY-SIX through ONE HUNDRED

25  (hereinafter also known as "RESPIRATORY SAFETY DEVICE DEFENDANTS")

26  were and are engaged in the research, study, manufacture,

27  fabrication, design, labeling, assembly, distribution, sale,

28  marketing, inspection, service, repair, warranty, packaging and

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                    26

1  advertising of respiratory safety devices, including but not

2  limited to, protective masks, respirators and filters, including

3  those used by workers when working in the vicinity of airborne

4  asbestos fibers.

5    86.  At all times herein mentioned, the RESPIRATORY SAFETY

6  DEVICE DEFENDANTS, and each of them, singularly and jointly,

7  negligently and carelessly researched, manufactured, fabricated,

8  designed, tested or failed to test, warned or failed to warn,

9  labeled, assembled, distributed, leased, bought, offered for sale,

10  sold, inspected, serviced, repaired, marketed, warranted,

11  rebranded, manufactured for others, packaged and advertised,

12  certain respiratory safety devices, including but not limited to

13  masks, respirators and filters, in that said respiratory safety

14  devices, while being used in a manner that was reasonably

15  foreseeable, failed to protect users, consumers, workers and

16  others, including the decedent herein, who were in proximity to and

17  exposed to said asbestos fibers (hereinafter collectively called

18  "exposed persons"), from inhalation of asbestos fibers, thereby

19  rendering said devices unsafe and dangerous for use by "exposed

20  persons", including decedent.

21    87.  Decedent herein is a worker who for a substantial length

22  of time used the dust respirators and safety masks referred to in

23  paragraph 85, in a manner that was reasonably foreseeable.

24    88.  The RESPIRATORY SAFETY DEVICE DEFENDANTS, and each of

25  them, had a duty to exercise due care in the pursuance of the

26  activities mentioned above and defendants, and each of them,

27  breached said duty of due care.

28    89.  The RESPIRATORY SAFETY DEVICE DEFENDANTS knew, or should

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

1   have known, and intended, that the aforesaid respiratory safety

2   devices would be used by consumers, workers, bystanders and others,

3   including the decedent herein, to protect them from inhalation of

4   asbestos fibers. Said devices, while being used in a manner that

5   was reasonably foreseeable, failed to protect decedent from

6   exposure to asbestos fibers.

7       90.  As a direct and proximate result of the conduct of the

8   RESPIRATORY SAFETY DEVICE DEFENDANTS, and each of them, as

9   aforesaid, the failure of the dust respirators and safety masks to

10  adequately prevent inhalation of asbestos fibers caused severe and

11  permanent injury to the decedent, including, but not limited to,

12  mesothelioma, other lung damage, and cancer.

13      WHEREFORE, plaintiffs pray judgment against defendants, their

14  "alternate entities," and each of them, as hereinafter set forth.

15                  ELEVENTH CAUSE OF ACTION

16        (Respiratory Safety Devices - Strict Liability)

17      AS AND FORTH A FURTHER, ELEVENTH, SEPARATE AND DISTINCT CAUSE

18  OF ACTION FOR NEGLIGENCE, PLAINTIFFS COMPLAIN OF DEFENDANT 3M

19  COMPANY formerly known as MINNESOTA MINING & MANUFACTURING COMPANY

20  AND DOES SEVENTY-SIX THROUGH ONE HUNDRED, THEIR "ALTERNATE

21  ENTITIES" AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR STRICT

22  LIABILITY ALLEGE AS FOLLOWS:

23      91.  Plaintiffs, by this reference, incorporate paragraphs 1-2

24  of the general allegations, and paragraphs 9-15 of the First Cause of

25  Action and paragraphs 82 - 90 of the Tenth Cause of Action as though

26  fully set forth herein.

27      92.  Said respiratory safety devices were defective and unsafe

28  for their intended purpose in that said devices did not prevent the

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

inhalation of asbestos fibers by decedent.  Said defect resulted in the failure of said respiratory safety devices to perform as safely as an ordinary consumer would expect when said devices were used in a manner reasonably foreseeable to the RESPIRATORY SAFETY DEVICE DEFENDANTS.  Said defect existed in said devices at the time they left the possession of the RESPIRATORY SAFETY DEVICE DEFENDANTS.  Said devices did, in fact, allow inhalation of asbestos fibers which causes serious disease and/or death.  The defect in said devices did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons", including decedent herein, while being used in a reasonably foreseeable manner thereby rendering the same defective, unsafe and dangerous for use by "exposed persons".

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

TWELFTH CAUSE OF ACTION - FALSE REPRESENTATION

UNDER RESTATEMENT OF TORTS Sec. 402-B

AS AND FOR A FURTHER, TWELFTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS SECTION 402-B, PLAINTIFFS COMPLAIN OF 3M COMPANY formerly known as MINNESOTA MINING & MANUFACTURING COMPANY AND DOES SEVENTY-SIX THROUGH ONE HUNDRED AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

93.  Plaintiffs, by this reference, incorporate paragraphs 1-2 of the general allegations, and paragraphs 9-15 of the First Cause of Action and all paragraphs of each of  the Tenth and Eleventh Causes of Action as though fully set forth herein.

94.  At the aforementioned time when RESPIRATORY SAFETY DEVICE DEFENDANTS, and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled,

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                    29



1  distributed, advertised, marketed, warranted, inspected, repaired,

2  offered for sale and sold the dust respirators and safety masks, as

3  hereinabove set forth, RESPIRATORY SAFETY DEVICE DEFENDANTS, and each

4  of them, expressly and impliedly represented to members of the general

5  public, including the purchases and users of said product, and

6  including, the decedent herein and his employers, that the dust

7  respirators and safety masks were of merchantable quality, and safe

8  for the use for which they were intended.

9     95.   The purchasers and users of said dust respirators, and

10 safety masks, including the decedent and his employers, relied upon

11 said representations of defendants and each of them, in the selection,

12 purchase and use of asbestos, asbestos-containing products, dust

13 respirators, and safety masks.

14    96. Said representations by RESPIRATORY SAFETY DEVICE DEFENDANTS

15 and each of them, were false and untrue, in that the asbestos and

16 asbestos-containing products were not safe for their intended use, nor

17 were they of merchantable quality as represented by defendants, and

18 each of them, in that asbestos and asbestos containing products have

19 very dangerous properties and defects whereby said products cause

20 mesothelioma, other lung disabilities and cancer, and have other

21 defects that cause injury and damage to the users of said products,

22 including decedent herein, thereby threatening the health and life of

23 decedent.

24    97. Said representations by RESPIRATORY SAFETY DEVICE DEFENDANTS,

25 and each of them, were false and untrue, in that the dust respirators

26 and safety masks were not safe for their intended use, nor were they

27 of merchantable quality as represented by defendants, and each of

28 them, in that dust respirators and safety masks were dangerous and

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

1   were defective because of their inability to prevent inhalation of

2   dangerous levels of asbestos fiber, thereby causing mesothelioma, and

3   other lung disabilities and cancer, and have other defects that cause

4   injury and damage to the users of said products, including decedent

5   herein, thereby threatening the health and life of decedent.

6       98.   As   a   direct   and   proximate   result   of   said   false

7   representations by defendants and each of them, the decedent sustained

8   the injuries and damages hereinabove set forth.

9       WHEREFORE, plaintiffs pray judgment against defendants, and each

10  of them, as hereinafter set forth.

11  <u>THIRTEENTH CAUSE OF ACTION - DECEIT, FRAUDULENT CONCEALMENT</u>

12      AS AND FOR A FURTHER, THIRTEENTH, SEPARATE AND DISTINCT CAUSE OF

13  ACTION FOR DECEIT AND FRAUDULENT CONCEALMENT, PLAINTIFFS COMPLAIN OF

14  3M COMPANY formerly known as MINNESOTA MINING & MANUFACTURING COMPANY

15  AND DOES SEVENTY-SIX THROUGH ONE HUNDRED, AND EACH OF THEM, AND ALLEGE

16  AS FOLLOWS:

17      99.   Plaintiffs, by this reference, incorporate paragraphs 1-2

18  of the general allegations, and paragraphs 9-15 of the First Cause of

19  Action and each and every paragraph of the Tenth, Eleventh and Twelfth

20  Causes of Action as though fully set forth herein.

21      100.   Beginning at an exact time unknown to decedent, and

22  continuing through the 1960's, 1970's and the 1980's, RESPIRATORY

23  SAFETY DEVICE DEFENDANTS, have carried on a campaign designed to

24  deceive consumers, including the decedent and the decedent's employer

25  regarding the extent to which the dust respirators and safety masks

26  which they manufactured, sold and distributed, would protect persons

27  from harmful levels of asbestos present in the work place.

28      101.   RESPIRATORY SAFETY DEVICE DEFENDANTS, have made many

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

1  representations to decedent and to decedent's employer, and to others

2  between the 1960's through the 1980's regarding the effectiveness of

3  dust respirators and safety masks which they manufactured, distributed

4  and sold.  Those representations have affirmatively misrepresented the

5  protective capabilities of defendant's dust respirators and safety

6  masks, which misrepresentations were scientifically insupportable.

7  Decedent does not know of every misrepresentation regarding the

8  protective capability of such dust respirators and safety masks to

9  protect consumers such as decedent, but alleges that defendants, and

10 each of them, represented during the 1960's, 1970's and into the

11 1980's that their dust respirators provided a "perfect seal" and/or

12 an "air-tight seal;" that defendants' dust respirators were "ninety-

13 nine percent efficient;" that "workers can know for sure that their

14 nose, mouth and lungs are protected;" that their dust respirators

15 would "stop pneumoconiosis and fibrosis-producing dust from ever

16 reaching the lungs;" that defendants' dust respirators provided ". .

17 . maximum protection against dust. . ." and other affirmative

18 misrepresentations regarding the ability of such dust respirators and

19 safety masks to protect consumers such as decedent.

20     102.   Such misrepresentations were intended to and did lead to

21 a false sense of security and a false belief that anyone who wore such

22 dust respirators and safety masks were fully protected from lung

23 damage or ill health effects due to dust exposure in the work place.

24 Such beliefs caused employers and consumers to dispense with and/or

25 half-heartedly follow expensive and time consuming industrial hygiene

26 practices.  Moreover, because of such representations, consumers, such

27 as decedent, believed that they could work in asbestos-polluted

28 environments, if wearing such a dust respirator or safety mask,

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA 94965
(415) 332-4262

1  without harming their lungs.

2  103.   When such misrepresentations were made regarding the

3  capability of such dust respirators and safety masks to protect

4  workers from the hazards of asbestos, defendants knew that such

5  representations were false and that in truth such dust respirators and

6  safety masks were not effective in preventing consumers such as

7  decedent from inhaling dangerous quantities of airborne asbestos

8  fibers.  The aforementioned misrepresentations by defendants resulted

9  in decedent being unaware that he was breathing dangerous levels of

10  asbestos fibers when wearing defendants' dust respirators and/or

11  safety masks.  Had decedent known that such dust respirators and/or

12  safety masks were incapable of preventing such exposure, he would not

13  have worked in the vicinity of such airborne asbestos, as he did.

14  104.   As a direct and proximate result of said false

15  representations by defendants, and each of them, decedent has

16  sustained the injuries and damages hereinabove set forth.

### FOURTEENTH CAUSE OF ACTION
(Loss of Consortium)

19  AS AND FOR A FURTHER, FOURTEENTH, SEPARATE AND DISTINCT CAUSE

20  OF ACTION, PLAINTIFF SALLY JOANN TYSVER COMPLAINS OF DEFENDANTS,

21  INCLUDING EACH OF THE ABOVE-NAMED DOES, AND EACH OF THEM, AND

22  ALLEGES:

23  105.   Plaintiff incorporates herein by reference, as set forth

24  fully herein, all paragraphs of the First through Thirteenth Causes

25  of Action herein.

26  106.   Plaintiff Sally Joann Tysver and decedent were married

27  on May 14, 1971 and at decedent's death were husband and wife.

28  107.  Prior to decedent's death, decedent sustained injuries

caused by inhalation of asbestos fibers.  Prior to the aforesaid

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

1   injuries, plaintiff's spouse was able to and did perform duties as
2   a spouse.   Subsequent to the injuries, but prior to death, and as a
3   proximate result thereof, plaintiff's spouse was unable to perform
4   the necessary duties as a spouse and the work and service usually
5   performed in the care, maintenance and management of the family
6   home.   By reason thereof, plaintiff was deprived during decedent's
7   illness of the consortium of plaintiff's spouse, including the
8   performance of said duties, all to plaintiff's damages.

9           WHEREFORE, plaintiffs pray judgment against defendants, their
10  "alternate entities," and each of them, as follows:

11          1.   For general damages according to proof;

12          2.   For medical and related expenses according to
13  proof;

14          3.   For loss of earnings according to proof;

15          4.   For funeral expenses according to proof;

16          5.   For loss of support according to proof;

17          6.   For the loss of care, comfort and society;

18          7.   For exemplary or punitive damages according to
19  proof;

20          8.   For plaintiffs' costs of suit herein;

21          9.   For such other and further relief as the court may
22  deem just and proper, including costs as provided in CCP §998, CCP
23  §1032 and related provisions of law.

24  Dated: March 31, 2011.

25                          CLAPPER, PATTI, SCHWEIZER & MASON

26
                            By: _____
27                              John P. Mason
                                Attorney for Plaintiffs
28

CLAPPER, PATTI
SCHWEIZER & MASON
Suite 140
2330 Marinship Way
Sausalito, CA  94965
(415) 332-4262

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL (Asbestos)                    34

11/15/2010  12:38   3605821          OFFICE DEPOT 26                    PAGE 02/02

# STATE OF WASHINGTON
## DEPARTMENT OF HEALTH

**Washington State Certificate of Death**

Local File Number: **0675**

| Field | Value |
|---|---|
| 1. Legal Name (First, Middle, Last, Suffix) | Wayne Forrest Tysver |
| State File Number / 2. Date of Death | 10/18/2010 |
| 3. Sex | M |
| 4a. Age | 78 |
| 5. Social Security Number | 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 |
| 6. County of Death | Clallam |
| 7. Birthdate | 01/25/1932 |
| 8a. Birthplace (City, Town, or County) | Chicago |
| 8b. State or Foreign Country | Illinois |
| 9. Decedent's Education | High School Graduate |
| 10. Was Decedent of Hispanic Origin? | No |
| 11. Decedent's Race | White |
| 12. Was Decedent ever in U.S. Armed Forces? | Yes |
| 13a. Residence: Number and Street | 111 Dryke Rd SPC 75 |
| 13b. City or Town | Sequim |
| 13c. Residence County | Jefferson |
| 13e. State or Foreign Country | Washington |
| 13f. Zip Code + 4 | 98382 |
| 14. Estimated length of time at residence | 1 year |
| 15. Marital Status at Time of Death | Married |
| 16. Surviving Spouse's Name | Sally JoAnn Moran |
| 17. Usual Occupation | Pipefitter |
| 18. Kind of Business/Industry | Naval Shipyard |
| 19. Father's Name | Nathan Tysver |
| 20. Mother's Name Before First Marriage | Katherine Vail |
| 21. Informant's Name | Sally Tysver |
| 22. Relationship to Decedent | Wife |
| 23. Mailing Address | 111 Dryke Rd SPC 75, Sequim, WA 98382 |
| 24. Place of Death | Inpatient |
| 25. Facility Name | Olympic Medical Center |
| 26a. City, Town, or Location of Death | Port Angeles |
| 26b. State | WA |
| 27. Zip Code | 98362 |
| 28. Method of Disposition | Cremation |
| 29. Place of Final Disposition | First Cremation Service |
| 30. Location—City/Town, and State | Kent, WA |
| 31. Name and Complete Address of Funeral Estab. | Tuell McKee of Bremerton, 4970 Auto Center Way #101, Bremerton, WA 98312 |
| 32. Date of Disposition | 10/22/2010 |
| 33. Funeral Director Signature | |

**Cause of Death** (See Instructions and examples)

34. IMMEDIATE CAUSE (Final disease or condition resulting in death): Respiratory Failure — Interval between Onset & Death: 9-12 hours

Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST.

Due to (or as a consequence of): Anorexia and Obstructive Hydrocephalus — Interval between Onset & Death: Months

Due to (or as a consequence of): Advanced Metastatic Malignant Melanoma — Interval between Onset & Death: Years

Due to (or as a consequence of): Malignant Melanoma — Interval between Onset & Death: Years

35. Other significant conditions contributing to death but not resulting in the underlying cause given above:

36. Autopsy? ☐ Yes ☒ No
37. Were autopsy findings available to complete the Cause of Death? ☐ Yes ☐ No

| 38. Manner of Death | 39. If female | 40. Did tobacco use contribute to death? |
|---|---|---|
| ☒ Natural  ☐ Homicide | ☒ Not pregnant within past year | ☐ Yes  ☐ Probably |
| ☐ Accident  ☐ Undetermined | ☐ Pregnant at time of death | ☐ No  ☐ Unknown |
| ☐ Suicide  ☐ Pending | ☐ Not pregnant, but pregnant within 42 days before death | |
| | ☐ Not pregnant, but pregnant 43 days to 1 year before death | |
| | ☐ Unknown if pregnant within the past year | |

41. Date of Injury:
42. Hour of Injury (24hrs):
43. Place of Injury:
44. Injury at Work? ☐ Yes ☐ No ☐ Unk

45. Location of Injury, Number & Street:
City or Town:         County:         State:         Zip Code:

46. Describe how injury occurred:

47. If transportation injury, specify:
☐ Driver/Operator  ☐ Pedestrian  ☐ Passenger  ☐ Other (Specify)

48a. Certifying Physician:

49. Name and Address of Certifier – Physician, Medical Examiner or Coroner: Gurpart S. Deol, Smokie Sw ___ WA 98382

50. Hour of Death (24hrs): 1511

52. Date Signed: 10/21/10

53. Title of Certifier: MD
54. License Number: MD60___

57. Registrar Signature:
58. Date Received: OCT 2 2 2010

(OCT 2010 seal)





PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7010 0290 0001 2562 2900

Foster Wheeler Corporation
John J. Herguth, director
Perryville Corporation Plaza
Clinton, NJ   08809

Clapper, Patti, Schweizer & Mason
2330 Marinship Way, Suite 140
Sausalito, CA 94965