# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:11-cv-01309-JCZ-KWR
## Internal Use Only

| | |
|---|---|
| Mason v. Foster Wheeler, LLC et al | Date Filed: 06/01/2011 |
| Assigned to: Judge Jay C. Zainey | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Karen Wells Roby | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

**Michael Grant Mason**
*Representative of the Succession of Milan*
*Arthur Barackman*

represented by    **Scott R. Bickford**
Martzell & Bickford
338 Lafayette St.
New Orleans, LA 70130
(504) 581-9065
Email: usdcedla@mbfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence J. Centola , III**
Martzell & Bickford
338 Lafayette St.
New Orleans, LA 70130
504-581-9065
Email: lcentola@mbfirm.com
*ATTORNEY TO BE NOTICED*

**Roshawn H. Donahue**
Martzell & Bickford
338 Lafayette St.
New Orleans, LA 70130
504-581-9065
Email: rhd@mbfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler, LLC**

**Defendant**

**General Electric Company**

**Defendant**

**Rapid American Corporation**

**Defendant**

**Owens-Illinois, Inc.**

**Defendant**

**Uniroyal, Inc.**

**Defendant**

**Viacom, Inc.**

**Defendant**

**Riley Power, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2011 | 1 | COMPLAINT against All Defendants (Filing fee $ 350 receipt number 053L-3053895) filed by Michael Grant Mason. (Attachments: # 1 Civil Cover Sheet) (Centola, Lawrence) Modified text on 6/2/2011 (gbw, ). (copy to asbestos clerk). Modified text on 6/8/2011 (gbw, ). (Entered: 06/01/2011) |
| 06/02/2011 | 2 | Initial Case Assignment to Judge Jay C. Zainey and Magistrate Judge Daniel E. Knowles, III. (cl, ) (Entered: 06/02/2011) |
| 06/02/2011 | 3 | Summons Submitted for Issuance as to Foster Wheeler, LLC filed by All Plaintiffs re 1 Complaint. (Centola, Lawrence) Modified event on 6/2/2011 (gbw, ). (Entered: 06/02/2011) |
| 06/02/2011 | 4 | Summons Submitted for Issuance as to General Electric Company filed by Michael Grant Mason re 1 Complaint. (Centola, Lawrence) Modified event on 6/2/2011 (gbw, ). (Entered: 06/02/2011) |
| 06/02/2011 | 5 | Summons Submitted for Issuance as to Owens-Illinois, Inc., filed by Michael Grant Mason re 1 Complaint. (Centola, Lawrence) Modified event on 6/2/2011 (gbw, ). (Entered: 06/02/2011) |
| 06/02/2011 | 6 | Summons Submitted for Issuance as to Rapid American Corporation filed by Michael Grant Mason re 1 Complaint. (Centola, Lawrence) Modified event on 6/2/2011 (gbw, ). (Entered: 06/02/2011) |
| 06/02/2011 | 7 | Summons Submitted for Issuance as to Riley Power, Inc., filed by Michael Grant Mason re 1 Complaint. (Centola, Lawrence) Modified event on 6/2/2011 (gbw, ). (Entered: 06/02/2011) |
| 06/02/2011 | 8 | Summons Submitted for Issuance as to Uniroyal, Inc., filed by Michael Grant Mason re 1 Complaint. (Centola, Lawrence) Modified event on 6/2/2011 (gbw, ). (Entered: 06/02/2011) |
| 06/02/2011 | 9 | Summons Submitted for Issuance as to Viacom, Inc., filed by Michael Grant Mason re 1 Complaint. (Centola, Lawrence) Modified event on 6/2/2011 (gbw, ). (Entered: 06/02/2011) |
| 06/02/2011 | 10 | Correction of Docket Entry by Clerk re 4 Request for Summons Issued, 8 Request for Summons Issued, 7 Request for Summons Issued, 5 Request for Summons Issued, 3 Request for Summons Issued, 9 Request for Summons Issued, 6 Request for |

| | | Summons Issued. Filing attorney selected incorrect event. Correct event is Summons Submitted for Issuance. Clerk took corrective action by changing the event. The event 'Request of Summons Issued' requires a request form as the main document with the summons as separate attachment(s). The event 'Summons Submitted for Issuance' requires only the summons. For multiple summons, you can submit one summons as the main document and the other individual summons as separate attachments. This way, it can be filed as one entry instead of filing several entries. No further action is necessary. (gbw, ) (Entered: 06/02/2011) |
|---|---|---|
| 06/02/2011 | 11 | Summons Issued as to Foster Wheeler, LLC, General Electric Company, Owens-Illinois, Inc., Rapid American Corporation, Riley Power, Inc., Uniroyal, Inc., Viacom, Inc.. (Attachments: # 1 Summons GE Co, # 2 Summons Owens IL Inc, # 3 Summons Rapid American Corp, # 4 Summons Uniroyal Inc, # 5 Summons Viacom Inc, # 6 Summons Riley Power Inc)(gbw, ) (Entered: 06/02/2011) |
| 06/08/2011 | 12 | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Karen Wells Roby for all further proceedings. Magistrate Judge Daniel E. Knowles, III no longer assigned to case. Signed by Magistrate Judge Daniel E. Knowles on 6/7/2011.(gbw, )(NEF: MJ Knowles, MJ Roby) Modified text on 6/16/2011 (gbw, ). (Entered: 06/08/2011) |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL GRANT MASON,** | * | |
| **Representative of the Succession of** | * | |
| **Milan Arthur Barackman** | * | **CIVIL ACTION NO. _____** |
| | * | **JURY TRIAL DEMANDED** |
| | * | |
| | * | |
| | * | **SECTION A** |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | |
| **FOSTER WHEELER, LLC, GENERAL** | * | **JUDGE** |
| **ELECTRIC COMPANY,** | * | |
| **OWENS-ILLINOIS, INC.,** | * | |
| **RAPID AMERICAN CORPORATION,** | * | |
| **UNIROYAL, INC., VIACOM, INC.,** | * | **MAGISTRATE** |
| **RILEY POWER, INC.,** | | |

## COMPLAINT

**CLAIMANTS,** Michael Grant Mason, individually and as representatives of decedent, Milan

Arthur Barackman, respectfully aver as follows:

## PARTIES

1.

Made Plaintiff is Michael Grant Mason, a person of the full age of majority who for all times

pertinent herein has been domiciled in St. Tammany Parish, LA.

-1-

2.

Decedent Milan Arthur Barackman was at the time of his death domiciled in St. Tammany Parish, LA.

3.

Made defendant herein is **FOSTER WHEELER, LLC** (sometimes referred to herein as "Equipment Manufacturer Defendant") a New York based corporation which has conducted business in Louisiana.

4.

Made defendant herein is **GENERAL ELECTRIC COMPANY** ("**GENERAL ELECTRIC**") (sometimes referred to herein as "Equipment Manufacturer Defendant"), a New York corporation which has conducted and does conduct business in Louisiana.

5.

Made defendant is **OWENS-ILLINOIS, INC.,** (sometimes hereinafter referred to as "Asbestos Manufacturer Defendant"), an Ohio corporation which has conducted and does conduct business in Louisiana.

6.

Made defendant is **RAPID AMERICAN CORPORATION,** a foreign corporation which has conducted and/or does conduct business in Louisiana, Individually and as Successor to Phillip Carey, Inc. (sometimes hereinafter referred to as "Asbestos Manufacturer Defendant")

7.

Made defendant is **UNIROYAL, INC.,** a New Jersey corporation which has conducted and does conduct business in Louisiana (sometimes hereinafter referred to as "Asbestos Manufacturer Defendant").

8.

Made defendant herein is **VIACOM, INC., Successor by Merger to CBS CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION ("VIACOM")** (sometimes referred to herein as "Equipment Manufacturer Defendant"), a Delaware corporation which has conducted and does conduct business in Louisiana.

9.

Made defendant herein is **RILEY POWER, INC.** (sometimes referred to herein as "Equipment Manufacturer Defendant")

## JURISDICTION

10.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity among the parties to this action, and the amount of damages in controversy exceeds this Court's requisite jurisdictional amount. Further, the asbestos exposure at issue occurred while Milan Arthur Barackman was aboard United States Navy vessels, and thus jurisdiction pursuant to 18 U.S.C. § 1331 exists.

**FACTS**

11.

Milan Arthur Barackman served aboard the Sgt Alfred Schoup from approximately 1966 until approximately 1967.  Mr. Barackman also served aboard the USS Rehoboth from April 1967 until July 1967, the USNS Albert J. Myer from the late 1960's to early 1970's, the USNS Flyer in the 1960's and 1970;s, the USNS Wyman in the late 1970's and the USNS Kingsport.

12.

Over the course of this service, Milan Arthur Barackman was exposed to asbestos dust emanating throughout the USS Rehoboth, the USNS Albert J. Myer, the USNS Flyer, the USNS Wyman, the USNS Kingsport as well as the Sgt. Alfred Schoup from asbestos-containing products manufactured and/or supplied by the Asbestos Manufacturer Defendants and Equipment Manufacturer Defendants, which were located throughout these vessels.

13.

Mesothelioma is a debilitating form of lung cancer caused by exposure to asbestos.

14.

Decedent Milan Arthur Barackman was diagnosed with mesothelioma in or about June 2010.

15.

Mr. Barackman's exposure to asbestos dust emanating throughout the USS Rehoboth, the USNS Albert J. Myer, the USNS Flyer, the USNS Wyman, the USNS Kingsport as well as the Sgt. Alfred Schoup from the Asbestos Manufacturer Defendants' and Equipment Manufacturer Defendants' asbestos-containing products as herein above alleged substantially caused Mr. Barackaman's mesothelioma and eventual death.

-4-

16.

Mr. Barackman died as the result of his mesothelioma in or about June 25, 2010.

17.

Plaintiff, Michael Grant Mason, is the nephew of Milan Arthur Barackman and the succession representative.

## LIABILITY OF EQUIPMENT MANUFACTURER DEFENDANTS

Petitioners allege and assert the following allegations:

18.

**Equipment Manufacturer Defendants**, produced, manufactured and sold products including "marine boilers" and land-based boilers which contained, as a component, asbestos-containing insulation.

19.

That the **Equipment Manufacturer Defendants** are liable for Petitioner's injuries in the following particulars:

1.   Unreasonably Dangerous **Per Se**

That the **Equipment Manufacturer Defendants** produced a product that was used by Petitioner that has as its component part asbestos-containing insulation which is unreasonably dangerous per se;

2.   Failure to Warn

That the **Equipment Manufacturer Defendants** produced a product which component part is asbestos insulation, and failed to place adequate warnings on the product to advise foreseeable users against the dangers of exposure to a component part, namely asbestos insulation, and further failed to design in such a manner as to minimize said exposures to asbestos;

-5-

3.    Strict Products Liability, Unreasonably Dangerous Due to Defective Design

That the **Equipment Manufacturer Defendants** produced a product, which component part is asbestos insulation, and designed its equipment in such a manner that it failed to incorporate warnings, and further failed to design in such a manner as to minimize said exposures to asbestos.

20.

The strict liability of the **Equipment Manufacturer Defendants** directly caused the injuries complained

herein.

## LIABILITY OF ASBESTOS MANUFACTURER DEFENDANTS

Petitioners allege and assert the following allegations:

21.

**Asbestos Manufacturer Defendants** during all the times mentioned herein and for a long time prior thereto, have been, and some are now, engaged in the business of manufacturing, installing, selling, marketing, distributing, and otherwise placing into the stream of commerce insulation materials containing asbestos.

22.

Said products were expected to and did, in fact, reach the ultimate users and consumers in substantially the same condition in which they were sold.

23.

These asbestos products of the **Asbestos Manufacturer Defendants** were defective and unreasonably dangerous in their design and marketing, which was a producing cause of the injuries and damages claimed herein.

-6-

24.

## BREACH OF IMPLIED AND EXPRESSED WARRANTIES

Petitioners allege and assert the following allegations:

Petitioner alleges that the **Asbestos Manufacturer Defendants,** and each of them, negligently breached their warranties to him in the following respects:

a)   That the **Asbestos Manufacturer Defendants** knew or in the exercise of reasonable care ought to have known that their insulation was defective, and that such insulation was not suitable for the purposes for which it was intended;

b)   That the **Asbestos Manufacturer Defendants** knew and should have tested their products, especially those containing asbestos, to ascertain the safe or dangerous nature of such products before offering them for sale, or in the alternative, should have removed such products from the market upon ascertaining that such products would cause asbestosis, lung cancer, and mesothelioma;

c)   That the **Asbestos Manufacturer Defendants** should have devised a method of application for their products, especially those containing asbestos, that would have kept those using such products from contracting asbestosis and mesothelioma if the **Asbestos Manufacturer Defendants** would not remove such products from sales to the public; and

d)   That the products of the **Asbestos Manufacturer Defendants,** especially those containing asbestos, were warranted, either expressly or impliedly, to be merchantable, when in truth they were not, and therefore, the **Asbestos Manufacturer Defendants** breached to the Petitioner, as well as to others, the warranty of merchantability.

25.

The **Asbestos Manufacturer Defendants'** breach of implied and expressed warranties resulted directly in and caused or contributed to Petitioner's injury and the damages to Petitioner as set forth below.

-7-

26.

Petitioner alleges that the **Asbestos Manufacturer Defendants**, and each of them, are strictly liable and/or are negligent in their failure to warn in the following respects:

1.     **Negligent Failure to Warn**

That the **Asbestos Manufacturer Defendants** knew or in the exercise of ordinary or reasonable care ought to have known that the insulation they manufactured and distributed was deleterious, poisonous, and highly harmful to Petitioner's body, lungs, respiratory system, skin and health, notwithstanding which, **Asbestos Manufacturer Defendants** negligently failed to take any reasonable precautions or exercise reasonable care to warn the Petitioner of the danger and harm to which he was exposed while handling the **Asbestos Manufacturer Defendants'** said insulation; and

That the **Asbestos Manufacturer Defendants** knew or in the exercise of ordinary care ought to have known that their said insulation was deleterious, poisonous, and highly harmful to the Petitioner's body, lungs, respiratory system, skin and health, notwithstanding which, **Asbestos Manufacturer Defendants** failed and omitted to provide the Petitioner with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect them from being poisoned and disabled as they were by exposure to such deleterious and harmful compound substances and other material contained in said **Asbestos Manufacturer Defendants'** insulation.

2.     **Strict Products Liability, Unreasonably Dangerous Due to Defective Design**

That the **Asbestos Manufacturer Defendants** packaged asbestos-containing insulation in such a manner that in the ordinary handling of the packaging, Petitioner came in contact with such deleterious, poisonous and highly harmful compound substances and other material contained in said Asbestos Manufacturer Defendants' insulation;

That the **Asbestos Manufacturer Defendants** failed to design their packaging and product in such a manner so as to advise and warn foreseeable users, including the Petitioner, by placing warnings on

-8-

their containers of said insulation and/or on the actual insulation, to advise the handlers, other users and bystanders of the dangers of exposure with said insulation; and

**3.      Unreasonably Dangerous Per Se**

That **Asbestos Manufacturer Defendants'** products are unreasonably dangerous per se.

27.

**Asbestos Manufacturer Defendants'** negligent failure to warn caused their products to be unreasonably dangerous.

28.

Exposure to **Asbestos Manufacturer Defendants'** unreasonably dangerous products substantially caused the injuries complained of herein.

After a trial on the merits, Plaintiffs pray for a judgment in their favor and against the Defendants for all damages awardable by law which they have suffered, individually and as representatives of Milan Arthur Barackman, as a result of the facts herein above alleged, together with interest from the date of judicial demand.

29.

Plaintiffs request a trial on the merits of all issues by a properly impaneled jury.

Respectfully submitted,

**MARTZELL & BICKFORD**

_/s/ Lawrence J. Centola, III_
**SCOTT R. BICKFORD, T.A. (1165)**

-9-

**LAWRENCE J. CENTOLA (#27402)**
**ROSHAWN H. DONAHUE (#30905)**
338 Lafayette Street
New Orleans, LA  70130
Telephone: (504) 581-9065
Facsimile:  (504) 581-7635

F:\Clients\BARACKMAN, MILAN\Pleadings\USDCEDLA complaint - original.wpd

-10-