# EXHIBIT A

Of Counsel:
GALIHER DeROBERTIS ONO
Law Corporations

| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| DIANE T. ONO | 5590 |
| ILANA K. WAXMAN | 8733 |
| SCOTT K. SAIKI | 5595 |
| TODD W. EDDINS | 5544 |
| MICHAEL A. RAGSDALE | 8382 |

610 Ward Avenue
Honolulu, Hawai'i 96814-3308
Telephone: (808) 597-1400
Facsimile: (808) 591-2608

Attorneys for Plaintiffs

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 MAY 17  AM 8: 07

F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

IN RE:
HAWAI'I STATE ASBESTOS CASES

This Document Applies To:

ROGER E. NELSON and
ROSALIE J. NELSON,

     Plaintiffs,

  vs.

1) CRANE COMPANY, a Delaware
corporation;

2) AURORA PUMP COMPANY, a foreign
corporation;

3) BAYER CROPSCIENCE, INC.,
successor-in-interest to RHONE-POULENC
AG COMPANY, f/k/a AMCHEM
PRODUCTS, INC., f/k/a BENJAMIN
FOSTER PRODUCTS COMPANY, a

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 11-1-0998-05 (RAN)
(Toxic Tort/Asbestos Personal Injury)

COMPLAINT; SUMMONS;
EXHIBIT A (summary sheet)

(Not Assigned Trial Date)

Complex Litigation
Judge: Hon. Rhonda A. Nishimura

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk Circuit Court, First Circuit

foreign corporation;

4) UNION CARBIDE CORPORATION, a
New York corporation;

5) AIR LIQUID SYSTEMS
CORPORATION, Successor-by-merger to
BUFFALO PUMPS, INC., a New York
corporation;

6) CERTAINTEED CORPORATION, a
Delaware corporation;

7) CLEAVER-BROOKS, INC., a Delaware
corporation;

8) GOULDS PUMPS, INC., a Delaware
corporation;

9) IMO INDUSTRIES, INC., individually
and as successor-in-interest to DELAVAL
TURBINE, INC., and f/k/a IMO
DELAVAL, INC., TRANSAMERICA
DELAVAL INC., and DELAVAL STEAM
TURBINE COMPANY, a Delaware
corporation;

10) INGERSOLL RAND CO., a New
Jersey corporation;

11) JOHN CRANE, INC., a Delaware
corporation;

12) THE LYNCH CO., INC., a Hawai'i
corporation;

13) METROPOLITAN LIFE INSURANCE
COMPANY, a New York corporation;

14) WARREN PUMPS, LLC, a Delaware
corporation;

15) THE WILLIAM POWELL
COMPANY, an Ohio corporation;

16) KAISER GYPSUM COMPANY, INC.,

2.

a Washington corporation;                                )
                                                         )
17) KELLY-MOORE PAINT COMPANY,                           )
INC., a California corporation;                          )
                                                         )
18) GEORGIA-PACIFIC CORPORATION,                         )
a Georgia corporation; and                               )
                                                         )
19) DOES 1 to 25,                                        )
                                                         )
                        Defendants.                      )
                                                         )

D:\06044A01\pleading\sao001Complaint.doc

## COMPLAINT

FIRST CAUSE OF ACTION:

1.      Plaintiffs above named are husband and wife respectively.   Plaintiff
ROGER E. NELSON is hereinafter referred to as "Plaintiff first named"; Plaintiff
ROSALIE J. NELSON is the spouse of Plaintiff ROGER E. NELSON and is hereinafter referred
to as "Plaintiff second named".

2.      Plaintiffs are residents of the City and County of Santa Clara, State of California;
Defendant 1) CRANE COMPANY, a Delaware corporation, (hereinafter also "CRANE CO.");
2) AURORA PUMP COMPANY, a foreign corporation, (hereinafter also "AURORA");
Defendant 3) BAYER CROPSCIENCE, INC., successor-in-interest to RHONE-POULENC AG
COMPANY, f/k/a AMCHEM PRODUCTS, INC., f/k/a BENJAMIN FOSTER PRODUCTS
COMPANY, a foreign corporation, (hereinafter also "BAYER"); Defendant 4) UNION
CARBIDE CORPORATION, a New York corporation, (hereinafter also "UNION CARBIDE");
Defendant 5) AIR & LIQUID SYSTEMS CORPORATION, Successor-by-merger to BUFFALO
PUMPS, INC., a New York corporation, (hereinafter also "BUFFALO"); Defendant 6)

3.

CERTAINTEED CORPORATION, a Delaware corporation, (hereinafter also "CERTAINTEED"); Defendant 7) CLEAVER-BROOKS, INC., a Delaware corporation, (hereinafter also "CLEAVER-BROOKS"); Defendant 8) GOULDS PUMPS, INC., a Delaware corporation, (hereinafter also "GOULDS"); Defendant 9) IMO INDUSTRIES, INC., individually and as successor-in-interest to DELAVAL TURBINE, INC., and f/k/a IMO DELAVAL, INC., TRANSAMERICA DELAVAL INC., and DELAVAL STEAM TURBINE COMPANY, a Delaware corporation, (hereinafter also "IMO"); Defendant 10) INGERSOLL RAND CO., a New Jersey corporation, (hereinafter also "INGERSOLL RAND"); Defendant 11) JOHN CRANE, INC., a Delaware corporation, (hereinafter also "JOHN CRANE"); Defendant 12) THE LYNCH CO., INC., a Hawai`i corporation, (hereinafter also "LYNCH CO."); Defendant 13) METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, (hereinafter also "MET LIFE"); Defendant 14) WARREN PUMPS, INC., a Delaware corporation, (hereinafter also "WARREN"); Defendant 15) THE WILLIAM POWELL COMPANY, an Ohio corporation, (hereinafter also "POWELL"); Defendant 16) KAISER GYPSUM COMPANY, INC., a Washington corporation; Defendant 17) KELLY-MOORE PAINT COMPANY, INC., a California corporation; Defendant 18) GEORGIA-PACIFIC CORPORATION, a Georgia corporation; and Defendant 19) DOES 1 to 25, were doing business in the State of Hawai`i at all times mentioned herein.

3.      The true names and capacities, whether individual, corporate, partnership, or otherwise, of Defendants DOE 1 to 25, inclusive, and each of them, are unknown to Plaintiffs, who, therefore, sue these Defendants by such fictitious names and will ask leave of court to amend this Complaint when the same shall have been ascertained; Plaintiffs are informed and believe and upon such information and belief state the fact to be that each Defendant designated

4

herein as a "DOE" was responsible, negligently, or in some manner, for the events and happenings referred to herein and that DOES 1 to 25 negligently manufactured, sold and/or supplied asbestos products and/or certain asbestos-containing equipment (including but not limited to pumps, boilers, turbines, compressors, condensers, valves, distillers and electrical equipment) to the United States Navy and other shipyards and ships for use in the general overhaul, building, refitting and maintenance of ships which Plaintiff worked on and served on, which included the use of asbestos materials.

4.      Plaintiffs are informed and believe, and upon such information and belief, allege that at all times and places mentioned herein, each of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, POWELL and WARREN) was the agent or co-conspirator of each of the remaining Defendants, and was at all times and places mentioned herein acting within the purpose and scope of said agency or conspiracy.

5.      Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL and WARREN) above named, manufactured, sold and/or supplied certain generically similar asbestos products which were ultimately used by insulators and others, and/or to which they came in contact, while working in their trades and occupations in the State of Hawai'i and other locations.  Defendants Kaiser Gypsum, Kelly-Moore, and Georgia Pacific sold asbestos-containing drywall, joint compound, spackling and patching products which were used by those doing drywall work in the 1950s, 1960s and 1970s.  Union Carbide sold raw asbestos to various manufacturers including but not limited to National Gypsum Company which incorporated Union Carbide's raw asbestos, without any change, into its finished drywall product, which was used by those doing drywall in

the 1960s and 1970s. Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL and WARREN) above named also manufactured, sold and/or supplied certain generically similar asbestos products to Pearl Harbor Naval Shipyard and other shipyards and ships for use in the general overhaul, building, refitting and maintenance of ships. Defendants AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, POWELL, and WARREN, sold and supplied certain equipment to the United States Navy and Pearl Harbor Naval Shipyard and other shipyards, which contained asbestos gaskets and/or packing, required asbestos insulation, or required other asbestos containing parts to function properly; and also sold replacement component parts for their equipment, including asbestos gaskets and packing which were identical to their commercial counterparts. This equipment includes but is not limited to the following: AURORA (circulating pumps, distiller feed pumps, main condensate pumps, boiler feed pumps, freshwater pumps, fire pumps, with auxiliary turbines); BUFFALO (brine overboard pumps, fire and flushing pumps, main and auxiliary condensate pumps, main feed pumps, freshwater drain pumps, evaporator feed pumps, distiller pumps, main feed booster pumps, with auxiliary turbines, CLEAVER-BROOKS (auxiliary boilers, distilling plants, distillers, evaporators), and through its predecessor Davis Engineering (fuel oil heaters, heat exchangers, feed water heaters); CRANE CO. (steam valves, gate valves, globe valves, check valves) and through its predecessors Cochrane (deaerating feed tanks) and Chapman (valves); GOULDS (trim pumps, circulating pumps, lube oil and salt water pumps); IMO (fuel oil service pumps, main lube oil service pumps, main feed pumps, fuel oil booster pumps, auxiliary turbines; WARREN (main and emergency feed pumps, fire and bilge pumps, fire and flushing pumps,

6

main condensate pumps, high pressure and low pressure brine pumps, main condenser circulating pumps), all of which used asbestos-containing parts to function properly.

6.      Plaintiff first named served in the United States Navy during the approximate years 1960 to 1968 aboard the following ships: USS Mansfield (DD-728), which was in Pearl Harbor Naval Shipyard during the times Plaintiff was on board, and USS Cockrell (DD-366) which was homeported at Pearl Harbor in 1962.  Plaintiff first named worked on these ships where asbestos products and asbestos-containing equipment were being used and was repeatedly exposed to great quantities of asbestos from Defendants' asbestos-containing products and equipment.  Plaintiff first named did home repair work at his homes in California and Virginia where he used asbestos-containing joint compound, and other drywall products from approximately 1956 to 1978, and was repeatedly exposed to asbestos from Defendant's asbestos drywall products.  On these and other occasions, ROGER E. NELSON, inhaled asbestos dust and fibers from Defendants' asbestos products and said exposures and inhalation directly and proximately caused Plaintiff first named to develop malignant mesothelioma and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system and other parts of his body, and which were not discovered and/or were disguised until about March 2011.

7.      These injuries to Plaintiffs were caused by the negligence of Defendants, and each of them.

8.      At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL and WARREN), and each of them, negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, recommended and delivered the hereinabove described asbestos-containing products in ·a

7

defective and unsafe condition, unfit for use in the manner such products are customarily used and employed; and that said Defendants, and each of them negligently failed to adequately test and discover said defects, and/or failed to find or use a safe substitute non-asbestos material. All defendants failed to adequately warn end users of known or knowable dangers of asbestos exposure in the foreseeable and intended use of their products.

9.    At all times and places mentioned herein, Defendants, and each of them, carelessly and negligently permitted dangerous and defective asbestos products to exist at the hereinabove described locations; and furthermore, Defendants, and each of them, negligently failed to provide Plaintiff first named a safe place of employment by reason of their acts, omissions and conduct. The only negligence claims against AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, POWELL and WARREN are for negligent failure to warn of the dangers of asbestos.

10.    As a result of the above, Plaintiff first named contracted malignant mesothelioma and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system, and other bodily injuries, including shock, great pain of mind and body, fear of cancer and fear of death. Plaintiffs have been permanently injured.

11.    As a further result of the above, Plaintiffs have incurred medical bills and miscellaneous expenses, and ask leave to amend this Complaint to show the amount at trial.

12.    As a further result of the above, Plaintiffs sustained wage and other economic losses, to be shown at the time of trial.

SECOND CAUSE OF ACTION:

13.    Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 12 of the First Cause of Action.

14.    At all times and places mentioned herein, Defendants and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining for sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos-containing products.

15.    At the time of Plaintiff's exposure, asbestos products were in substantially the same condition as at the time of design, manufacture, assembly, testing, inspection, marketing, distribution and sale.

16.    At all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were in a dangerous and defective condition as to design and marketing, (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL and WARREN), and as a result of Defendants' failure to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos exposure, all of which directly and proximately resulted in the injuries and damages sustained by Plaintiffs.   The only strict liability claims against  AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, POWELL and WARREN are for failure to warn of the dangers of asbestos in association with their products.

17.    By reason of the foregoing, Defendants, and each of them, are strictly liable to Plaintiffs.

THIRD CAUSE OF ACTION:

18.    Paragraphs 1 through 17 are realleged and incorporated herein by reference.

19.    At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE,

9

POWELL and WARREN), and each of them, at the time of design, manufacture, and sale of said asbestos products expressly and impliedly warranted that said asbestos products as hereinabove described were of merchantable quality, properly designed, manufactured and reasonably fit and suitable for ordinary use.

20.   At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL and WARREN), and each of them, breached said warranty, in that, among other things, said asbestos products were not of merchantable quality nor properly designed nor manufactured nor fit for ordinary use in the industry; that said asbestos products were designed, manufactured, fabricated, assembled, supplied, marketed, sold and distributed in such a dangerous and defective condition that said asbestos products were reasonably likely to, and did, cause injury by reason of Defendants' design and manufacture and failure to warn; and further said asbestos products could not safely be used by a person exercising ordinary and reasonable care.

21.   As a direct and proximate result of these breaches of expressed and implied warranties, Plaintiffs suffered injury, disease, and damage as is herein set forth.

FOURTH CAUSE OF ACTION:

22.   Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23.   As a direct and proximate result of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL and WARREN) manufacturing asbestos-containing materials and placing them in the stream of interstate commerce, Plaintiffs have been injured as described herein.

10

24.     Plaintiffs, through no fault of their own, may not be able to identify any or all asbestos products which caused the injuries stated herein.

25.     Each Defendant manufacturer (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, POWELL and WARREN) is liable for Plaintiff's injuries in proportion to that Defendant manufacturer's share of the asbestos materials market.

FIFTH CAUSE OF ACTION:

26.     Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27.     As a direct and proximate result of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL and WARREN) manufacturing asbestos materials and placing them in the stream of interstate commerce, and their subsequent use in the building trades, private industries and in shipyards and on ships, the aforesaid described materials came into use or contact by Plaintiff first named and Plaintiffs have been injured as described herein.

28.     There is a high probability that the injuries stated herein were caused by the tortious behavior of the Defendants.

29.     Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL and WARREN) concertedly adhered to a dangerous, industry-wide safety standard in their manufacture of the asbestos products.

30.     Each Defendant manufacturer is liable to Plaintiffs for all injuries stated herein by virtue of industry-wide or enterprise liability.

SIXTH CAUSE OF ACTION:

31.     Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32.     At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, and WARREN), and each of them, so designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and/or delivered the hereinabove described certain asbestos products so as to know said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are normally used and intentionally caused the injuries hereinabove described to Plaintiff first named.

SEVENTH CAUSE OF ACTION:

33.     Paragraph 1 through 32 are realleged and incorporated herein by reference.

34.     By reason of the injuries to Plaintiff first named, ROGER E. NELSON, Plaintiff second named, ROSALIE J. NELSON, suffered loss of affection, society, company, support, consortium, companionship, comfort and protection and suffered serious emotional distress.

EIGHTH CAUSE OF ACTION:

35.     Paragraphs 1 through 34 are realleged and incorporated herein by reference.

36.     Beginning in the late 1920's, conspirators Defendants Met Life, Johns-Manville, Raybestos-Manhattan and others undertook a duty to conduct research on asbestos-related health problems and to inform the consuming public about any health risks that could be associated therewith. In approximately 1929, Met Life, through its agents and employees acting within the scope of their agency and employment, including but not limited to Dr. Anthony J. Lanza, (hereinafter also referred to as "Lanza"), began an investigation of asbestos-related health hazards. In 1935, this study was altered by Lanza, with the full knowledge of Met Life, at the

12

request of and in concert with the asbestos industry in order to wrongly influence the United States Public Health Service, the United States medical community and various state legislatures.

37.   Thereafter, Defendant Met Life through the acts and omissions of its employees, most notably Dr. Lanza, undertook a series of activities with various members of the asbestos industry including but not limited to Johns-Manville, Raybestos-Manhattan, United States Gypsum, American Brake Blok, and others to suppress and misrepresent the dangers of exposure to asbestos dust to employees of Met Life's insureds and the general public and the medical community.

38.   The conspirators through their agent, Dr. Lanza of Met Life, made a concerted effort to discredit and to terminate the studies and experiments of certain scientists who were developing data of profound importance for the area of public health in relation to the cancer hazard which existed for workers and bystanders in the asbestos industry.

39.   As a direct and proximate result of Met Life's intentional publication of deceptive and misleading medical data and information, and other conspiratorial acts and omissions, Defendants caused asbestos to be used in the occupational settings from which ROGER E. NELSON breathed asbestos dust which resulted in Plaintiffs' injuries.   Defendant Met Life, through its agents and employees and officers, aided and abetted and gave substantial assistance to Johns-Manville and Raybestos-Manhattan in their tortious selling of asbestos products and voluntarily undertook a duty to warn the United States Navy, the United States Public Health Service, the medical community, and others about the danger of asbestos and consciously and negligently misrepresented the dangers of asbestos to the United States Navy, the United States Public Health Service, the medical community, and others, all to the ultimate harm of Plaintiffs herein.

13

40.     Additionally and alternatively, as a direct and proximate result of Met Life's actions and omissions, Plaintiffs were caused to remain ignorant of all the dangers of asbestos resulting in Plaintiffs, their agents, employers and the general public to be unaware of the true and full dangers of asbestos, deprive Plaintiff first named of the opportunity to decide for himself whether he wanted to take the risk of being exposed to asbestos, denied Plaintiff first named the opportunity to take precautions against the dangers of asbestos and proximately caused Plaintiffs' damages herein.

NINTH CAUSE OF ACTION:

41.     Paragraphs 1 through 40 are realleged and incorporated herein by reference.

42.     Plaintiff ROGER E. NELSON and others in his position worked in close proximity to the asbestos and asbestos-containing products of Defendants, and the presence of Plaintiff ROGER E. NELSON, as well as others in his position, was known, or, in the exercise of reasonable care, should have been anticipated by the Defendants, and each of them.

43.     The Defendants and each of them, have been possessed as early as 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos related insulation products, were hazardous to the health and safety of Plaintiff first named and others in his position, and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants.  As a result, the Plaintiffs have been severely damaged as is set forth below.

14

44.   At all times and places mentioned herein, Defendants, and each of them, so negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and delivered the hereinabove described certain asbestos products so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such equipment is customarily treated, used, and employed in a manner as to amount to reckless and wanton disregard for the safety, health, welfare, and feelings of Plaintiffs, and for that reason, Plaintiffs claim punitive damages against each Defendant, in the amount shown at trial.

WHEREFORE, Plaintiffs demands judgment against Defendants in an amount of damages that is within the minimum jurisdictional limits of this Court, as follows:

1.   General damages as are proven at the time of trial;

2.   Special damages as are proven at the time of trial;

3.   Punitive damages as are proven at the time of trial;

4.   For costs incurred herein; and

5.   For such other and further relief as may be deemed just and equitable in the premises, including, but not limited to, prejudgment interest.

Respectfully submitted,

GARY O. GALIHER
L. RICHARD DeROBERTIS
DIANE T. ONO
ILANA K. WAXMAN
SCOTT K. SAIKI
TODD W. EDDINS
MICHAEL A. RAGSDALE
Attorneys for Plaintiffs

15

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| IN RE:<br>HAWAI'I STATE ASBESTOS CASES<br><br>This Document Applies To:<br><br>ROGER E. NELSON and<br>ROSALIE J. NELSON,<br><br>              Plaintiffs,<br><br>    vs.<br><br>1) CRANE COMPANY, a Delaware<br>corporation;<br><br>2) AURORA PUMP COMPANY, a foreign<br>corporation;<br><br>3) BAYER CROPSCIENCE, INC.,<br>successor-in-interest to RHONE-POULENC<br>AG COMPANY, f/k/a AMCHEM<br>PRODUCTS, INC., f/k/a BENJAMIN<br>FOSTER PRODUCTS COMPANY, a<br>foreign corporation;<br><br>4) UNION CARBIDE CORPORATION, a<br>New York corporation;<br><br>5) AIR LIQUID SYSTEMS<br>CORPORATION, Successor-by-merger to<br>BUFFALO PUMPS, INC., a New York<br>corporation;<br><br>6) CERTAINTEED CORPORATION, a<br>Delaware corporation;<br><br>7) CLEAVER-BROOKS, INC., a Delaware<br>corporation;<br><br>8) GOULDS PUMPS, INC., a Delaware<br>corporation; | CIVIL NO. _____ (RAN)<br>(Toxic Tort/Asbestos Personal Injury)<br><br>SUMMONS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>(Not Assigned Trial Date)<br><br>Complex Litigation<br>Judge:  Hon. Rhonda A. Nishimura |

9) IMO INDUSTRIES, INC., individually  )
and as successor-in-interest to DELAVAL  )
TURBINE, INC., and f/k/a IMO  )
DELAVAL, INC., TRANSAMERICA  )
DELAVAL INC., and DELAVAL STEAM  )
TURBINE COMPANY, a Delaware  )
corporation;  )
 )
10) INGERSOLL RAND CO., a New  )
Jersey corporation;  )
 )
11) JOHN CRANE, INC., a Delaware  )
corporation;  )
 )
12) THE LYNCH CO., INC., a Hawai`i  )
corporation;  )
 )
13) METROPOLITAN LIFE INSURANCE  )
COMPANY, a New York corporation;  )
 )
14) WARREN PUMPS, LLC, a Delaware  )
corporation;  )
 )
15) THE WILLIAM POWELL  )
COMPANY, an Ohio corporation;  )
 )
16) KAISER GYPSUM COMPANY, INC.,  )
a Washington corporation;  )
 )
17)  KELLY-MOORE PAINT COMPANY,  )
INC., a California corporation;  )
 )
18) GEORGIA-PACIFIC CORPORATION,  )
a Georgia corporation; and  )
 )
19) DOES 1 to 25,  )
 )
            Defendants.  )
 )

## S U M M O N S

STATE OF HAWAI`I

To the above-named Defendants:

2

You are hereby summoned and required to serve upon GALIHER DeROBERTIS ONO, Plaintiffs' attorneys, whose address is 610 Ward Avenue, Honolulu, Hawai`i 96814-3308, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:  Honolulu, Hawai`i, _____ MAY 1 7 2011 _____.

F. OTAKE

CLERK OF THE ABOVE-ENTITLED COURT

3

# EXHIBIT A

## ASBESTOS PLAINTIFF'S SUMMARY SHEET

**PRIMARY PLAINTIFF:** Roger E. Nelson

Social Security No: XXX-XX-5155

Periods of Exposure: U.S. Navy: approximately 1960 to 1968; home construction: approximately August 1956 to 1978

Date of Birth: 12/10/1938

Date of Death: N/A

Cause of Death: N/A

Retirement

Year: Approximately July 1999

Age: 61

Disability

Year: 2011

Age: 72

Cause: Mesothelioma

## SMOKING HISTORY:

| | | | | | |
|---|---|---|---|---|---|
| (a) | Type: | Non-smoker | | | |
| (b) | Yr Start: | N/A | | Yr Ended: | N/A |
| | Pack/Day: | N/A | | | |
| (c) | Reason Stopped: | | N/A | | |
| | Why Restart: | | N/A | | |
| (d) | Dr. Advised?: | | N/A | Date: | N/A |
| | Name and Address: | | N/A | | |

**EMPLOYMENT:**

1.   (a)   Name:     Gloegge Bakery
              Address:   Annandale, MN
     (b)   Employed From:     1952     To:     1957
     (c)   Job Description:   Bakery assistant

2.   (a)   Name:     University of Minnesota
              Address:   Minneapolis, MN
     (b)   Employed From:     09/00/1956     To:     06/00/1960
     (c)   Job Description:   Student

3.   (a)   Name:     U.S. Navy (Active Duty)
                         USS Mansfield (DD-728)
              Address:   Long Beach, CA; Yokosuka, Japan
     (b)   Employed From:     06/24/1960     To:     07/14/1963
     (c)   Job Description:   Ensign; Lieutenant, Junior Grade (LTJG)

4.   (a)   Name:     U.S. Navy (Reserve Duty)
                         USS Alvin C. Cockrell (DD-366) (1963 – 1968)
              Address:   Alameda, CA
     (b)   Employed From:     07/14/1963     To:     1990
     (c)   Job Description:   Lieutenant; Lt. Commander (LCR); Commander (CDR)

5.   (a)   Name:     John Hancock Mutual Life Insurance
              Address:   1471 Solano Avenue
                         Albany, CA
     (b)   Employed From:     09/00/1963     To:     09/00/1964
     (c)   Job Description:   Health and Life Insurance Sales

6.   (a)   Name:     State Mutual of America
              Address:   601 Washington Street
                         Oakland, CA
     (b)   Employed From:     09/00/1964     To:     09/00/1965
     (c)   Job Description:   Health and Life Insurance Sales

7.   (a)   Name:     Simas Brothers
              Address:   1436 14th Avenue
                         Oakland, CA
     (b)   Employed From:     09/00/1965     To:     02/00/1966
     (c)   Job Description:   Gardener for the Simas family (part-time job while student)

2

8.  (a)   Name:          Montclair Nursery
          Address:    Oakland, CA
    (b)   Employed From:      02/00/1966      To:      06/00/1967
    (c)   Job Description:   Commercial sales; deliveries; plant
                            maintenance (part-time job while student)

9.  (a)   Name:          City of Fremont Planning Department
          Address:    Fremont, CA
    (b)   Employed From:      06/00/1967      To:      09/00/1967
    (c)   Job Description:   Assistant city planner (part-time job while
                            student)

10. (a)   Name:          University of California, Berkeley
          Address:    Berkeley, CA
    (b)   Employed From:      09/00/1965      To:      06/00/1968
    (c)   Job Description:   Student

11. (a)   Name:          Unemployed
          Address:    Oakland, CA
    (b)   Employed From:      06/00/1968      To:      09/00/1968
    (c)   Job Description:   Remodeling own home

12. (a)   Name:          U.S. Bureau of Land Management
          Address:    1600 Broadway
                      Denver, CO
    (b)   Employed From:      09/00/1968      To:      11/00/1971
    (c)   Job Description:   Landscape architect; Land use planner

13. (a)   Name:          U.S. Bureau of Land Management
          Address:    Washington, DC
    (b)   Employed From:      11/00/1971      To:      09/00/1973
    (c)   Job Description:   Landscape architect; Land use planner

14. (a)   Name:          Utah International, Inc.* (merged with General
                         Electric in 1976, later sold to Broken Hill Proprietary
                         Company Ltd. in 1984)
          Address:    550 California Street
                      San Francisco, CA
    (b)   Employed From:      09/09/1973      To:      07/00/1999
    (c)   Job Description:   Land use planner; Manager of Environmental,
                            Health & Safety (EHS); Director of Corporate
                            Medical Program; Vice President External
                            Affairs

3

**ASBESTOS PRODUCTS:**

Type:  Mud/Cement
Trade Name(s):
Manufacturer:
Dates of Exposure:  Approximately 1960 to 1968


Type:  Pipe covering/Lagging/Mastic
Trade Name(s):
Manufacturer:
Dates of Exposure:  Approximately 1960 to 1968


Type:  Block/Refractory Products
Trade Name(s):
Manufacturer:
Dates of Exposure:  Approximately 1960 to 1968


Type: Cloth
Trade Name(s):
Manufacturer:
Dates of Exposure:  Approximately 1960 to 1968


Type: Gasket/Packing
Trade Name(s):
Manufacturer:
Dates of Exposure:  Approximately 1960 to 1968


Type:  Rope
Trade Name(s):
Manufacturer:
Dates of Exposure:  Approximately 1960 to 1968


Type:  Ship decking materials/decking cement (magnesite)
Trade Name(s):

Manufacturer:

Dates of Exposure:  Approximately 1960 to 1968


4

Type:  Joint Compound, Patching, Spackling
Trade Name(s):  Cover Tex; Gold Bond; Paco
Manufacturer:  Kaiser Gypsum; National Gypsum; Kelly-Moore; Georgia-Pacific
Dates of Exposure:  off and on from August 1956 to 1978

Type:  Vermiculite
Trade Name(s):
Manufacturer:
Dates of Exposure:  Two weeks in December in approximately 1958.  One day in approximately 1981 or 1982 at Leo Way, Oakland, CA.


PRIOR CLAIMS FOR ASBESTOS RELATED INJURY:

Workers Comp.:  N/A.

Disability:  No.

Lawsuit:  No.

**MEDICAL HISTORY:**

Diagnosis:     Performed EKG; took x-rays, referred to Richard B. Chalker, M.D.
Date:  02/10/2011
Symptoms:     Not feeling well during regular exercise routine
Treating Physician:     Mark Oscherwitz, M.D.
                        Internal Medicine (Regular family doctor)


Diagnosis:     Fluid in lungs; drained 2 liters from right lung
Date:  02/11/2011
Symptoms:     Not feeling well during regular exercise routine
Treating Physician:     Richard B. Chalker, M.D., FCCP
                        (Pulmonary and Critical Medicine)


Diagnosis:     Mesothelioma
Date:  02/25/2011
Symptoms:     Shortness of breath, fatigue, pain, coughing, and trouble sleeping
Treating Physician:     Richard B. Chalker, M.D., FCCP
                        (Pulmonary and Critical Medicine)


Diagnosis:     Mesothelioma
Date:  03/11/2011
Symptoms:     Pleural biopsy
Treating Physician:     Tomomi Oka, M.D.
                        (Cardiothoracic Surgery)


Diagnosis:     Mesothelioma
Date:  03/00/2011
Symptoms:     Shortness of breath, fatigue, pain, coughing, and trouble sleeping
Treating Physician:     Natalia Colocci, M.D., Ph.D.
                        (Oncology)


Diagnosis:     Mesothelioma
Date:  03/23/2011
Symptoms:     Evaluation for surgical and chemotherapy treatment options
Treating Physician:     David M. Jablons, M.D.
                        (Thoracic Oncology)

Diagnosis:      Mesothelioma
Date:   04/00/2011
Symptoms:
Treating Physician:      Paula D. Kushlan, M.D.
                        (Oncology)


Diagnosis:      Skin cancer (removed melanoma inside left elbow)
Date:   11/00/2010
Symptoms:      Routine exam
Treating Physician:      Jeffrey Binstock, M.D.
                        (Dermatology)


Diagnosis:      Thorascotomy was negative except for signs of acid reflux
Date:   About 2009
Symptoms:      Loss of appetite and 10 pound weight loss
Treating Physician:      Kenneth J. Hammerman, M.D., F.A.C.P.
                        (Internal Medicine – Gastroenterology)


Diagnosis:      Double hernia
Date:   About 2002
Symptoms:
Treating Physician:      L. Albert Wetter, M.D.
                        (Bariatric Surgery)


Diagnosis:      Enlarged prostate
Date:   Annual monitoring visits
Symptoms:
Treating Physician:      James K. Mooney, M.D.
                        (Urology)


Diagnosis:      Ear surgery
Date:   About 1968
Symptoms:      Difficulty hearing
Treating Physician:      I do not recall


7

**SPOUSE AND DEPENDENTS:**

Name: Rosalie J. Nelson

Relation:  Wife

Date of Birth:  02/04/1939

Date of Marriage:  06/25/1960


**SPECIAL DAMAGES CLAIMED:**

Medical/Hospital:  To be provided.

Loss of Wages:  To be provided.

Burial:  N/A.

8

## DECLARATION UNDER PENALTY OF PERJURY

I, ROGER E. NELSON, hereby declare pursuant to Circuit Rule 7(g), Rules of the Circuit Court of the State of Hawaii, that I have personal knowledge of the following facts and I am competent to testify as follows:

1. I declare that the foregoing Asbestos Plaintiff Summary Sheet is true and correct to the best of my knowledge.

2. I declare under penalty of perjury that the foregoing is true and correct.

Date: 5/10/2011

ROGER E. NELSON

D:\06044A01\pleading\2011-04-29 Summary Sheet - Nelson, Roger.doc