IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| KIRKLAND | : | |
| | : | |
| v. | : | Transferred from the Southern |
| | : | District of Georgia |
| VARIOUS DEFENDANTS | : | (05-cv-00090) |
| | : | |
| | : | |
| | : | E.D. PA No. 09-74077 |

FILED
JUN 16 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW**, this **15th** day of **June, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that, as to the above-captioned case:

   a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

   b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

   c.) All discovery has been completed.

   d.) Settlement conferences have been held in front of the Honorable Magistrate Judge M. Faith Angell, and these negotiations have been exhausted as to the remaining viable defendants.

   e.) The Court has adjudicated all outstanding motions, with the exception of Motions In Limine, which are more

appropriately adjudicated by the trial judge.[1]  A list of motions in limine filed in the instant case are attached hereto as "Exhibit A."

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

g.) The docket indicates that the remaining viable Defendants in this case to be pursued at trial are:

    i.   Ford Motor Company

    ii.  Honeywell International, Inc.

    iii. General Motors Corporation

Accordingly, the Court **SUGGESTS** that the above-captioned case should be **REMANDED** to the United States District Court for the Southern District of Georgia for resolution of all matters pending within this case except punitive damages.[2]

---

[1] This Court has jurisdiction over all "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). It is well-established that "great weight" is given to a transferee judge's determination that remand is appropriate, as it is within the transferee judge's discretion to determine when "he or she perceives his or her role to have ended." In Re Baseball Bat Antitrust Litigation, 112 F. Supp. 2d 1175, 1176 (J.P.M.L. 2000) (internal citations and modifications omitted).

In the instant case, the Court finds that the pending motions in limine are more appropriate for adjudication by the trial judge, and that the Court's role is overseeing "coordinated or consolidated pretrial proceedings" has concluded.

[2] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

---

compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

Exhibit A

| Case number/ Document number | Case and Motion Information | Notes |
|---|---|---|
| 2:09-cv-74077-ER | **KIRKLAND v. FORD MOTOR COMPANY et al**<br>*Case filed:* 07/01/2009 | *Cause:* 28:1332 Diversity-Asbestos Litigation<br>*NOS:* 368<br>*Office:* Philadelphia<br>*Jurisdiction:* Diversity<br>*Presider:* EDUARDO C. ROBRENO<br>*Settlement:* M. FAITH ANGELL<br>*Jury demand:* None<br>*Case flags:* ASBESTOS, CASREF/ASB, GA-S, MDL-875, MFA/ASB |
| 15 | MOTION in Limine *to Exclude the Article Entitled "Asbestos Exposure Causes Mesothelioma, but Not This Asbestos Exposure: An Amicus Brief to the Michigan Supreme Court" by Laura Welch, M.D.*<br>*Motion filed:* 07/26/2010<br>*Filed by:* FORD MOTOR COMPANY | *Response filed:* 08/25/2010 |
| 17 | MOTION in Limine *to Exclude the Documents of the Friction Material Standards Institute*<br>*Motion filed:* 07/26/2010<br>*Filed by:* FORD MOTOR COMPANY | *Response filed:* 08/25/2010 |
| 18 | MOTION in Limine *to Preclude Exhibits and Related Testimony Pertaining to the Industrial Hygiene Foundation*<br>*Motion filed:* 07/26/2010<br>*Filed by:* FORD MOTOR COMPANY | *Response filed:* 08/25/2010 |
| 19 | MOTION in Limine *to Exclude Admission of and/or Reference to Case Reports, Case Series and the Australian Mesothelioma Registry Data*<br>*Motion filed:* 07/26/2010<br>*Filed by:* FORD MOTOR COMPANY | *Response filed:* 08/25/2010 |
| 20 | MOTION in Limine *to Exclude Exhibits and Deposition Testimony Pertaining to Certain Trade Associations*<br>*Motion filed:* 07/26/2010<br>*Filed by:* FORD MOTOR COMPANY | *Response filed:* 08/25/2010 |
| 21 | MOTION in Limine *to Exclude Admission of or Reference to the EPA Document Entitled "1986 Book for Preventing Asbestos Disease Among Auto Mechanics"*<br>*Motion filed:* 07/26/2010<br>*Filed by:* FORD MOTOR COMPANY | *Response filed:* 08/25/2010 |

| | | |
|---|---|---|
| 22 | MOTION in Limine<br>*Motion filed:* 07/26/2010<br>*Filed by:* TONI P. KIRKLAND | *Response filed:* 08/27/2010 |
| 23 | MOTION in Limine *to Preserve Objections to Plaintiff's Trial Exhibits*<br>*Motion filed:* 07/26/2010<br>*Filed by:* FORD MOTOR COMPANY | |
| 24 | MOTION in Limine *to Exclude The Testimony of Barry Castleman, D.Sc.*<br>*Motion filed:* 07/26/2010<br>*Filed by:* HONEYWELL INTERNATIONAL, INC. | *Response filed:* 08/20/2010<br>*Reply filed:* 09/20/2010 |
| 26 | MOTION in Limine<br>*Motion filed:* 07/26/2010<br>*Filed by:* HONEYWELL INTERNATIONAL, INC. | *Response filed:* 08/25/2010<br>*Reply filed:* 09/23/2010 |
| 27 | MOTION in Limine *and Memorandum of Law to Exclude The "E.A. Martin Letter" and Any Reference to The "E.A. Martin Letter" During Trial*<br>*Motion filed:* 07/26/2010<br>*Filed by:* HONEYWELL INTERNATIONAL, INC. | *Response filed:* 08/25/2010<br>*Reply filed:* 09/23/2010 |
| 29 | MOTION to Preclude *Plaintiff's Experts From Testifying That Decedent's Mesothelioma Was Caused By His Work As A Mechanic*<br>*Motion filed:* 07/26/2010<br>*Filed by:* HONEYWELL INTERNATIONAL, INC. | *Response filed:* 08/26/2010<br>*Reply filed:* 09/27/2010 |
| 30 | MOTION in Limine *with Regard to Various Procedural Matters*<br>*Motion filed:* 07/26/2010<br>*Filed by:* FORD MOTOR COMPANY | *Response filed:* 08/25/2010 |
| 31 | MOTION in Limine *to Preclude Testimony that "Every Exposure" to Asbestos Causes or Contributes to Disease*<br>*Motion filed:* 07/26/2010<br>*Filed by:* FORD MOTOR COMPANY | *Response filed:* 08/25/2010<br>*Reply filed:* 09/27/2010 |