BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS ) | |
| LIABILITY LITIGATION (NO. VI) ) | |
| MDL-875 ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SALLY GROS VEDROS ) | | |
| ) | | |
| vs. ) | Civ. Action No. LAE-2:11-cv-01198 | |
| ) | | |
| NORTHROP GRUMMAN ) | | |
| SHIPBUILDING, INC., *et al.*, ) | | |
| _____ ) | | |

**CBS CORPORATION, FOSTER WHEELER, LLC, AND GENERAL ELECTRIC'S
RESPONSE TO PLAINTIFF'S
<u>MOTION TO VACATE CONDITIONAL TRANSFER ORDER</u>**

COME NOW CBS Corporation ("Westinghouse")[1], Foster Wheeler, LLC, and General Electric Company (hereinafter, collectively "Defendants"), responding to Plaintiff's[2] motion to vacate this Panel's Conditional Transfer Order ("CTO") in the above-styled civil action ("CTO-400"). For the reasons set forth below, Plaintiff has failed to show good or sufficient cause to vacate CTO-400 which is, instead, consistent with this Panel's prior precedents and with the principles underlying the creation of MDL-875. Thus, Defendants respectfully request that Plaintiff's motion to vacate be denied.

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).

[2] The original Plaintiff in this case, Sally Gros Vedros, has died since the filing of her motion to vacate. As no other Plaintiff has been substituted into this action as of the current date, Ms. Vedros is referred to herein as "Plaintiff."

1

## FACTUAL AVERMENTS

In this civil action – initiated by the filing of a petition on October 28, 2010 in the Civil District Court for the Parish of Orleans, Louisiana – Plaintiff alleged that she had been injured due to asbestos exposure, including asbestos exposure associated with Westinghouse and General Electric turbines and Foster Wheeler boilers installed aboard United States Navy ships at Avondale Shipyards. Given the control and direction exercised by the Navy over Defendants in their design, manufacture and supply of such turbines and boilers, Westinghouse, Foster Wheeler, and General Electric exercised their right of removal under 28 U.S.C. § 1442(a)(1), removing this case to the United States District Court for the Eastern District of Louisiana. On May 23, 2011, Plaintiff filed a motion to remand this action to the Louisiana state court from which it originated, and Defendants responded thereto on May 31, 2011.

Concurrent with their removal of this case, Defendants filed a "tag along" notice, seeking the transfer of this case for inclusion in MDL-875. On May 24, 2011, this Panel issued CTO-400, provisionally transferring this case for inclusion in MDL-875. Plaintiff's motion to vacate that CTO (and the brief filed in support thereof) simply repeats verbatim the subject matter jurisdiction objections raised in her motion to remand, occasionally punctuated by the refrain that "[a]s federal subject matter jurisdiction has not been invoked, [P]laintiff's motion to vacate conditional transfer order should be granted and the case should be remanded to the state court from which it was removed." (*Memorandum in Support of Motion to Vacate Conditional Transfer Order*, pp. 2, 11, 13, 14-15 and 20). No other justification was offered for vacating this Panel's CTO beyond a vague assertion that CTO-400 must be stayed pending a ruling on Plaintiff's motion to remand by the United States District Court for the Eastern District of Louisiana. (*Id.*, p. 1).

Notably, however, the transferor court has since granted Westinghouse's motion to stay, staying any further consideration of Plaintiff's remand motion pending the possible transfer of this case to the Eastern District of Pennsylvania for inclusion in MDL-875.[3]  In support of that stay order, the transferor court noted that Plaintiff's remand motion raises jurisdictional challenges that are identical or similar to those being litigated in other cases currently pending in MDL-875.  As such, the transferor court opined that "staying consideration of the motion to remand will prevent the risk of inconsistent and conflicting rulings while conserving judicial resources."  (*Stay Order*, p. 4).  The transferor court further found that, in light of Plaintiff's death, her assertions of prejudice have been rendered moot.  (*Id.*).

## ARGUMENT

Before turning to Plaintiff's primary argument – *i.e.*, that this Panel must vacate its CTO based on the same argument pressed in her motion to remand that subject matter jurisdiction is lacking in this case – her assertion that this Panel must stay the transfer of this case pending a ruling on her remand motion can be summarily dismissed.  As observed in *In re Asbestos Prods. Liability Litig. (No. VI)*, 170 F. Supp. 2d. 1348, 1349 n.1 (Jud. Pan. Mult. Lit. 2001) (hereinafter "*Wooley/Baden*"):

> Plaintiffs in these actions have argued in essence that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. ***There is no need to delay transfer in order to accommodate such an interest***. . . .  Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) ***accordingly, those courts wishing to address such motions* [for remand] *have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of [28 U.S.C. §] 1407 transfer to MDL-875 can continue without any unnecessary interruption or delay***.

---

[3] A copy of the transferor court's June 15, 2011 stay order is attached hereto as "Exhibit A."

3

(emphasis added).  *See also*, *In re Asbestos Prods. Liaility Litig. (No. VI)*, 560 F. Supp. 2d 1367, 1368 n.2 (Jud. Pan. Mult. Lit. 2008).

The same analysis holds here.  While the pendency of CTO-400 did not deprive the Eastern District of Louisiana of jurisdiction to decide the merits of Plaintiff's motion to remand, that court elected *not* to rule on that motion, exercising its discretion to have that motion, instead, addressed in MDL-875.  Thus, the pendency of Plaintiff's motion to remand does not provide good and sufficient grounds to vacate CTO-400.  Instead, this case should be transferred to MDL-875 "without any unnecessary interruption or delay" so that District Court Judge Robreno can rule on any and all pending motions, including Plaintiff's remand motion.  *Wooley/Baden*, 170 F. Supp. 2d at 1349, n. 1.

Meanwhile, Plaintiff's jurisdictional argument against transfer reflects her lack of understanding of this Panel's function relative to 28 U.S.C. § 1407.  As observed by the Second Circuit Court of Appeals in *Ivy v. Diamond Shamrock Chem. Co.*, 901 F.2d 7, 9 (2d Cir. 1990), "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case**, *including issues relating to a motion to remand***."  (emphasis added).  An identical conclusion has, in fact, been reached by this Panel.  *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 n.1 (Jud. Pan. Mult. Lit. 1973) (holding that § 1407 does not empower this Panel to determine substantive issues relating to a pending motion for remand to state court).  In short, the sole objection Plaintiff voiced in support of her motion to vacate is one which this Panel may not hear or decide.[3]

---

[3] Of course, Defendants contend that jurisdiction *does* exist in this case under § 1442(a)(1). Defendants' position in this regard is set forth at length in their responses to Plaintiff's motion to remand and is not restated herein given the best interests of judicial economy and this Panel's recognized lack of authority to pass upon its merits of the parties' respective jurisdictional arguments.

Conversely, the need for the uniform transfer of all federally-pending asbestos-related personal injury and/or wrongful death claims to MDL-875 has increased, rather than diminished, with the passage of time since this Panel's discussion of the asbestos litigation crisis in 1991. *See*, *In re Asbestos Prods. Liability Litig. (No. VI)*, 771 F. Supp. 415 (Jud. Pan. Mult. Lit. 1991) In this regard, the need for the type of uniform and responsible handling of asbestos litigation exhibited by MDL-875 – with its "'prudent conservation'" of the resources available to compensate injured parties which otherwise might be expended in exorbitant punitive damages windfalls to individual plaintiffs and their counsel – has become increasingly apparent as such resources are being rapidly depleted and more and more of the entities who could provide such resources are being forced into bankruptcy. *Wooley/Baden*, 170 F. Supp. 2d at 1350 (*quoting*, *In re Collins*, 233 F.3d 809, 812 (3d Cir. 2000), *cert. denied*, 532 U.S. 1066 (2001)).

In short, Plaintiff has fallen far short of demonstrating the type of compelling and extraordinary circumstances which could justify a deviation from the determined policy of centralizing all asbestos-related injury or death claims pending in federal courts within MDL-875. Certainly, if such unique circumstances were to develop, District Court Judge Robreno can be expected to act accordingly. *Wooley/Baden*, 170 F. Supp. 2d at 1350. As such, Plaintiff has failed to suggest any basis within the parameters of § 1407 upon which this Panel should vacate its CTO-400.

## CONCLUSION

For the reasons set forth above, Plaintiff has failed to state any good and sufficient basis in support of her motion to vacate. As such, CBS Corporation, Foster Wheeler, LLC, and General Electric Company respectfully submit that the transfer of this case to MDL-875 should be undertaken without further delay.

RESPECTFULLY SUBMITTED, this 27th day of June, 2011.

        FRILOT L.L.C.

        */s/ John J. Hainkel, III*
        JOHN J. HAINKEL, III – 18246
        ANGELA M. BOWLIN – 20714
        JAMES H. BROWN, JR. – 3564
        PETER R. TAFARO - 28776
        MEREDITH K. KEENAN – 29287
        REBECCA A. ZOTTI – 33446
        3700 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        T: (504) 599-8000; F (504) 599-8100

        **Counsel for CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation**, **Foster Wheeler LLC, and General Electric Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by electronic transmission and/or by hand delivery, on this 27th day of June, 2011.

        */s/ John J. Hainkel, III*