## U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
## CIVIL DOCKET FOR CASE #: 1:11-cv-01128-MMM -JAG

Ellis v. Pneumo Abex Corporation et al
Assigned to: Judge Michael M. Mihm
Referred to: Magistrate Judge John A. Gorman
Case in other court: McLean County Circuit Court, 10 L 20
Cause: 28:1442 Notice of Removal

Date Filed: 03/29/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Linda Ellis**
*Individually and as Special*
*Administrator of the Estate of WALTER*
*TOM, Deceased*

represented by **James R Wylder**
WYLDER CORWIN KELLY LLP
Suite 102
207 E Washington
Bloomington, IL 61701
309-828-5099
Fax: 309-828-4099
Email: byounger@wcklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J Kelly**
WYLDER CORWIN KELLY LLP
Suite 102
207 E Washington
Bloomington, IL 61701
309-828-5099
Fax: 309-828-4099
Email: akelly@wcklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pneumo Abex Corporation**

represented by **Robert Westwood Scott**
SWAIN HARTSHORN & SCOTT
Associated Bank Plaza
Suite 1812
411 Hamilton Blvd
Peoria, IL 61602
(309) 637-1700
Fax: (309) 637-1708
Email: bobscott@peo
*LEAD ATTORNEY*
*ATTORNEY TO BE N*



**Timothy Whitzel Swain , II**
SWAIN HARTSHORN & SCOTT
Associated Bank Plaza
Suite 1812
411 Hamilton Blvd
Peoria, IL 61602
309-637-1700
Fax: 309-637-1708
Email: timswain@peorialaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pneumo Abex LLC**                   represented by **Robert Westwood Scott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Whitzel Swain , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance**
**Company**

**Defendant**

**Owens-Illinois Inc.**               represented by **Joshua Douglas Lee**
SCHIFF HARDIN LLP
6600 Sears Tower
233 S Wacker Dr
Chicago, IL 60606-6473
312-258-5500
Fax: 312-258-5600
Email: jdlee@schiffhardin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc**        represented by **Luke J Mangan**
POLSINELLI SHUGHART PC
Suite 1100
100 S Fourth St
St Louis, MO 63102-1825
314-231-1950
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Nicole C Behnen
POLSINELLI SHUGHART PC
Suite 1100
100 S Fourth St
St Louis, MO 63102-1825
(314) 231-1950
Fax: 231-1776
Email: nbehnen@polsinelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Garlock Sealing Technologies LLC**

**Defendant**

**John Crane Inc**

**Defendant**

**Aurora Pump Company**                     represented by **John J Kohnke**
SEGAL MCCAMBRIDGE SINGER &
MAHONEY LTD
Suite 200
One IBM Plaza
Chicago, IL 60611
312-645-7800
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Buffalo Pumps Inc**                       represented by **Lisa A LaConte**
HEYL ROYSTER VOELKER &
ALLEN
Suite 600
124 SW Adams St
Peoria, IL 61602
309-676-0400
Fax: 309-676-3374
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark A Ludolph**
HEYL ROYSTER VOELKER &
ALLEN
Suite 600
124 SW Adams St
Peoria, IL 61602
309-676-0400
Fax: 309-676-3374
Email: mludolph@heylroyster.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warren Pumps Inc**                                    represented by **Lisa A LaConte**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Tyco Flow Control Inc**
*f/k/a Yarway Corporation*

**Defendant**

**Foster Wheeler AG**

**Defendant**

**Westinghouse Electric Company**                       represented by **Lise Alexandra Newton**
**LLC**                                                  FOLEY & MANSFIELD
                                                         Suite 400
                                                         1001 Highlands Plaza Drive West
                                                         St Louis, MO 63110
                                                         314-925-5700
                                                         Fax: 314-925-5701
                                                         Email: anewton@foleymansfield.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Company**                                        represented by **James Paul Kasper**
                                                         GUNTY & MCCARTHY
                                                         Suite 1025
                                                         150 S Wacker Dr
                                                         Chicago, IL 60606
                                                         312-541-0022
                                                         Email:
                                                         jamie.kasper@guntymccarthy.com
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2011 | 1 | NOTICE OF REMOVAL from McLean County Circuit Court, case number 10 L 20 Filing fee $ 350 - receipt #14626010568 filed by Westinghouse Electric Company LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Part 1 Exhibit 1 State Court Documents, # 3 Part 2 Exhibit 1 State Court Documents)(FDT, ilcd) (Entered: 03/29/2011) |
| 03/29/2011 | 2 | DEMAND for Trial by Jury by Westinghouse Electric Company LLC. (FDT, ilcd) (Entered: 03/29/2011) |
| 03/29/2011 | 3 | CERTIFICATE OF INTEREST pursuant to Local Rule 11.3 by Westinghouse Electric Company LLC. (FDT, ilcd) (Entered: 03/29/2011) |

| 03/29/2011 | 4 | NOTICE of FILING re 1 Notice of Removal. (FDT, ilcd) (Entered: 03/29/2011) |
| --- | --- | --- |
| 03/29/2011 | 5 | NOTICE of TAG-ALONG ACTION. (FDT, ilcd) (Entered: 03/29/2011) |
| 03/29/2011 | 6 | ANSWER to Complaint (Notice of Removal) filed by Westinghouse Electric Company LLC.(FDT, ilcd) (Entered: 03/29/2011) |
| 03/31/2011 | | Remark: Attorney registration packet mailed to Attorney Alexa Newton by Clerk. (FDT, ilcd) (Entered: 03/31/2011) |
| 04/07/2011 | 7 | NOTICE of Appearance of Attorney by Andrew J Kelly on behalf of Linda Ellis (Kelly, Andrew) (Entered: 04/07/2011) |
| 04/07/2011 | 8 | MOTION to Remand *Pursuant to 28 U.S.C. Section 1446(c)(4) and/or Motion for Remand Under 28 U.S.C. Section 1447* by Plaintiff Linda Ellis. Responses due by 4/25/2011 (Kelly, Andrew) (Entered: 04/07/2011) |
| 04/08/2011 | 9 | NOTICE of Appearance of Attorney by Robert Westwood Scott on behalf of Pneumo Abex Corporation, Pneumo Abex LLC (Scott, Robert) (Entered: 04/08/2011) |
| 04/21/2011 | 10 | DOCUMENT STRICKEN/VACATED PURSUANT TO 4/21/11 TEXT ORDER - RESPONSE to Motion re 8 MOTION to Remand *Pursuant to 28 U.S.C. Section 1446(c)(4) and/or Motion for Remand Under 28 U.S.C. Section 1447* filed by Defendant Westinghouse Electric Company LLC. (Newton, Lise) Modified on 4/21/2011 (FDT, ilcd). (Entered: 04/21/2011) |
| 04/21/2011 | 11 | DOCUMENT STRICKEN/VACATED PURSUANT TO 4/21/11 TEXT ORDER - MOTION to Stay *Pending Transfer to MDL-875* by Defendant Westinghouse Electric Company LLC. Responses due by 5/9/2011 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Newton, Lise) Modified on 4/21/2011 (FDT, ilcd). (Entered: 04/21/2011) |
| 04/21/2011 | | TEXT ONLY ORDER striking/vacating 10 Response and 11 Motion to Stay entered by Magistrate Judge John A. Gorman on 4/21/11. The Court has been notified by counsel that these documents have been filed incorrectly. Counsel granted leave to refile documents. (FDT, ilcd) (Entered: 04/21/2011) |
| 04/21/2011 | 12 | MOTION to Stay *Pending Transfer To MDL-875* by Defendant Westinghouse Electric Company LLC. Responses due by 5/9/2011 (Newton, Lise) (Entered: 04/21/2011) |
| 04/21/2011 | 13 | RESPONSE to Motion re 8 MOTION to Remand *Pursuant to 28 U.S.C. Section 1446(c)(4) and/or Motion for Remand Under 28 U.S.C. Section 1447* filed by Defendant Westinghouse Electric Company LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Newton, Lise) (Entered: 04/21/2011) |
| 04/25/2011 | 14 | NOTICE of Appearance of Attorney by James Paul Kasper on behalf of Crane Company (Kasper, James) (Entered: 04/25/2011) |
| 04/25/2011 | 15 | NOTICE of Appearance of Attorney filed conventionally by James Paul |

| | | Kasper on behalf of Crane Company (FDT, ilcd) (Entered: 04/25/2011) |
|---|---|---|
| 04/25/2011 | 16 | MEMORANDUM in Opposition re 8 MOTION to Remand *Pursuant to 28 U.S.C. Section 1446(c)(4) and/or Motion for Remand Under 28 U.S.C. Section 1447 (a)(1)* filed by Defendant Crane Company. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit)(Kasper, James) (Entered: 04/25/2011) |
| 05/02/2011 | 17 | RESPONSE to Motion re 12 MOTION to Stay *Pending Transfer To MDL-875* filed by Plaintiff Linda Ellis. (Kelly, Andrew) (Entered: 05/02/2011) |
| 05/03/2011 | 18 | Remark: Letter from Judge Gorman to Atty Alexa Newton of May 2, 2011 in regard to becoming registered in CDIL for electronic case filing (via US Postal mail by chambers with atty adm and ecf reg forms) (WW, ilcd) (Entered: 05/03/2011) |
| 05/06/2011 | 19 | NOTICE of Appearance of Attorney by Mark A Ludolph on behalf of Buffalo Pumps Inc (Ludolph, Mark) (Entered: 05/06/2011) |
| 06/06/2011 | 20 | STIPULATION of Dismissal *of Defendant, Aurora Pump Company* by Linda Ellis. (Attachments: # 1 Text of Proposed Order)(Kelly, Andrew) (Entered: 06/06/2011) |
| 06/20/2011 | 21 | ORDER entered by Judge Michael M. Mihm on 6/20/11. This Court finds that Defendants have shown evidence sufficient to satisfy the requirements for federal officer removal pursuant to 28 U.S.C. §1442(a)(1). For the reasons setforth herein, the Motion to Remand 8 is DENIED. This Court further finds that a stay of proceedings is appropriate in this matter. Thus, the Motion to Stay Pending Transfer to MDL-875 12 is GRANTED. The Court further ORDERS the Defendant to provide the Court with timely notice of any decision by the MDL Panel regarding transfer of the present case. SEE FULL ORDER. (FDT, ilcd) (Entered: 06/20/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/27/2011 15:07:19 | | | |
| **PACER Login:** | fm0644 | **Client Code:** | 10244-003547 |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-01128-MMM - JAG |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

03/22/2011 TUE  8:35  FAX 3098284099                                         ☑002/039

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN



WALTER TOM and LINDA ELLIS,  )
    Plaintiffs,  )
  )
  )
v.  )  No. 10 L ___
  )
PNEUMO ABEX CORPORATION,  )
PNEUMO ABEX LLC, METROPOLITAN  )
LIFE INSURANCE COMPANY,  )
OWENS-ILLINOIS, INC.,  )
HONEYWELL INTERNATIONAL, INC.,  )
GARLOCK SEALING TECHNOLOGIES  )
LLC, JOHN CRANE, INC.,  )
AURORA PUMP COMPANY,  )
BUFFALO PUMPS, INC.,  )
WARREN PUMPS, INC.,  and  )
TYCO FLOW CONTROL INC. f/k/a  )
YARWAY CORPORATION  )
    Defendants.  )

**COMPLAINT**

**Count 1**

Plaintiffs WALTER TOM and LINDA ELLIS complain of Defendants, PNEUMO

ABEX CORPORATION, PNEUMO ABEX CORPORATION LLC, METROPOLITAN LIFE

INSURANCE COMPANY, OWENS-ILLINOIS, INC. and HONEYWELL INTERNATIONAL,

INC., as follows:

1.    Walter Tom was a boilerman in the U.S. Navy from 1969 to 1973.

2.    During his time in the U.S. Navy, Walter Tom spent his service as a boilerman

aboard the USS Sylvania (1969-1971) and the USS Vogelsang (1971-1973).

3.    Upon discharge from the U.S. Navy, Walter Tom went to work for NASA as a

boilerman from 1973 to 1979.

Files:Tom:C and A:Complaint



EXHIBIT

_1_

4.      During the 1960s, Walter Tom did work on automotive brakes using brake linings manufactured by Bendix.

5.      Asbestos was present, and rendered airborne, including asbestos from Johns-Manville's Thermabestos, Unarco's Unibestos , and Owens Corning/Owens-Illinois' Kaylo, in the ships that Walter Tom served on.  Asbestos was also present in, and rendered airborne, from the brake linings Walter Tom worked with during his lifetime.

6.      Unarco Industries, Inc., Johns-Manville Corporation, Johns-Manville Sales Corporation, Raymark Industries, Inc. (formerly Raybestos-Manhattan, Inc.), and Owens Corning, are corporations, and they, or their corporate predecessors, were, during the time relevant to the allegations herein, in the business of manufacturing and distributing asbestos and asbestos containing products.

7.      Defendants, Pneumo Abex Corporation, Pneumo Abex Corporation LLC, Owens-Illinois, Inc., and Honeywell International, Inc. are corporations and were, during the times relevant to the allegations herein, themselves or through predecessors, in the business of manufacturing and distributing asbestos and asbestos containing products.

8.      Defendant, Metropolitan Life Insurance Company, is a corporation.

9.      Hereafter "Conspirators" refers to each of the corporations named in paragraphs 6 through 8.

10.     Walter Tom was exposed to asbestos, including asbestos from one or more of the conspirators.

11.     Exposure to asbestos is a cause of serious disease and death, including pulmonary fibrosis (sometimes called asbestosis) and malignancies, including lung cancer and mesothelioma.

Files:Tom:C and A:Complaint

12.    Walter Tom contracted lung cancer as a result of his exposure to asbestos.

13.    The lung cancer from which Walter Tom suffers is an indivisible injury resulting from the total and cumulative effect of all the asbestos to which he was exposed.

14.    Before Walter Tom's exposure to asbestos, the Conspirators knew that exposure to asbestos caused serious disease and death.

15.    The Conspirators knew that individuals exposed to asbestos were ignorant of the hazardous properties of asbestos.

16.    Before and during his exposure to asbestos, Walter Tom was unaware that exposure to asbestos caused serious disease and death.

17.    The knowledge of the Conspirators included the following:

    a)    two or more Conspirators had been in the asbestos business
       for years and had directed manufacturing operations;

    b)    each had actual knowledge of asbestos disease and death
       among workers exposed to asbestos as early as the 1940's.

18.    The Conspirators knew that asbestos was inherently dangerous and knew that under the decisional law of Illinois and other states, each was under a duty not to sell asbestos without providing adequate warning of its harmful qualities.

19.    Two or more Conspirators had employees who were exposed to asbestos dust and each of them had a statutory, regulatory, and decisional law duty to provide their employees with a safe place to work, or at the least, to warn the employees of the hazards presented by the presence of asbestos dust.

20.    Each Conspirator knew that if it adequately warned its own employees and other persons who were at risk of asbestos disease, the publication of such warning would cause workers to leave the industries using asbestos and therefore reduce the sale and usage of asbestos

Files:Tom:C and A:Complaint

and cause those who were exposed through neighborhood exposure to press for the cessation of such exposure.

21.   The conspirators knowingly conspired and agreed among themselves to, among other things:

   a)   assert what was not true, that it was safe for people to be exposed to asbestos and asbestos containing products;

   b)   fail to provide information about the harmful effects of asbestos to exposed persons.

22.   One or more of the Conspirators performed the following overt acts in furtherance of the conspiracy:

   a)   sold asbestos products which were used at the locations where Walter Tom worked without warning of the hazards known to the seller, including the sale and use of products of Johns-Manville, Owens-Illinois, Owens Corning, Unarco, and Bendix which exposed Walter Tom to asbestos;

   b)   refused to warn its own employees about the hazards of asbestos known to it;

   c)   edited and altered the reports and drafts of publications initially prepared by Dr. Lanza concerning the hazards of asbestos during the 1930's;

   d)   agreed in writing not to disclose the results of research on the effects of asbestos upon health unless the results suited their interests;

   e)   obtained an agreement in the 1930's from the editors of ASBESTOS, the only trade magazine devoted exclusively to asbestos, that the magazine would never publish articles on the fact that exposure to asbestos caused disease, and sustained this agreement into the 1970's;

Files:Tom:C and A:Complaint

f)   suppressed the dissemination of a report by Dr. Gardner in 1943 which was critical of the concept that there was a safe level of asbestos exposure;

g)   through their control of the Asbestos Textile Institute (ATI), defeated further study of the health of workers when William Hemeon graphically demonstrated the need for such study and dissemination of information in the 1940's;

h)   edited and altered the reports and drafts of publications regarding asbestos and health initially prepared by Dr. Vorwald from 1941-1951;

i)   suppressed the results of the Fibrous Dust Studies conducted during 1966-74 by the Industrial Health Foundation, Inc., Johns-Manville, Raybestos Manhattan, Owens Corning, Pittsburgh Corning Corporation and PPG Industries, which results demonstrated and confirmed that exposure to asbestos caused lung cancer and mesothelioma;

j)   acting under the name of NIMA, published a pamphlet entitled "Recommended Health Safety Practices for Handling and Applying Thermal Insulation Products Containing Asbestos" in which they purported to inform readers about the health hazards of airborne asbestos, but withheld, among other facts, that asbestos caused serious disease and death, including cancer, that there was no cure for asbestos disease, and that there was no known safe level of exposure to asbestos;

k)   purchased asbestos which did not contain warnings from co-conspirators, to which the purchaser then exposed its own employees without warning of the hazards known to the seller and purchaser, including the purchase of asbestos by Owens-Illinois from Unarco;

l)   refused to warn its employees who had to use asbestos-containing materials in the manufacture of other products for the conspirator of the hazards of exposure to asbestos known to the conspirator, including the refusal of Owens-Illinois to warn its employees who were exposed to asbestos in connection with the manufacture of glass products of the hazards of asbestos known to Owens-Illinois;

Files:Tom:C and A:Complaint

   m)  purchased asbestos which did not contain warnings from co-conspirators, to which the purchaser then expected its own employees without warning of the hazards known to the seller and purchaser, including the purchase of asbestos by Bendix (n/k/a Honeywell) from Johns-Manville;

   n)  refused to warn its employees who had to use asbestos-containing materials in the manufacture of other products for the conspirator of the hazards of exposure to asbestos known to the conspirator, including the refusal of Bendix to warn its employees who were exposed to asbestos in connection with the manufacture of friction products of the hazards of asbestos known to Bendix; and

   o)  altered, including the deletion of all references to the association of asbestosis and lung cancer, the original report of the study performed by Braun of the Industrial Hygiene Foundation before the altered version was published in 1958.

  23.  The agreements and the acts done in furtherance of the agreements were proximate causes of the injury to Walter Tom.

  24.  Defendants John Crane, Inc. and Aurora Pump Company had, and have, their principal places of business in the state of Illinois.

  25.  Walter Tom did not know, nor should he have known, that his disease was wrongfully caused by exposure to asbestos until May 2009 when the lung cancer was first diagnosed.

  WHEREFORE, Plaintiff, WALTER TOM, requests compensatory damages from Defendants, jointly and severally with the other Defendants named in this cause, in an amount in excess of $50,000 and demands trial by jury.  Plaintiffs further request punitive damages from each Defendant in an amount in excess of $50,000 and demands trial by jury.

Files:Tom:C and A:Complaint

## Count 2

Plaintiff, LINDA ELLIS, complains of Defendants, PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, METROPOLITAN LIFE INSURANCE COMPANY, OWENS-ILLINOIS, INC., and HONEYWELL INTERNATIONAL, INC., as follows:

1-25.   Plaintiff realleges paragraphs 1-25 of Count 1.

26.   Plaintiff is the spouse of Walter Tom.

27.   As a result of the injury to her husband, Plaintiff suffered an injury to her husband/wife relationship and became obligated for the expense of the medical care received by her husband.

28.   The agreements and the acts done in furtherance of the agreements were proximate causes of Plaintiff's loss.

WHEREFORE, Plaintiff, LINDA ELLIS, requests damages from Defendants, jointly and severally, with the other Defendants named in this cause, in an amount in excess of $50,000 and demands trial by jury.

## Count 3

Plaintiff, WALTER TOM, complains of Defendants, RAPID-AMERICAN CORPORATION, HONEYWELL INTERNATIONAL, INC., GARLOCK SEALING TECHNOLOGIES LLC, JOHN CRANE, INC., AURORA PUMP COMPANY, BUFFALO PUMPS, INC., WARREN PUMPS, INC., TYCO FLOW CONTROL, INC. f/k/a YARWAY COPRORATION, and OWENS-ILLINOIS, INC., as follows:

1-4.   Plaintiff realleges paragraph 1-4 of Count 1.

Files:Tom:C and A:Complaint

5.     Defendants, Rapid-American Corporation, Honeywell International, Inc., Garlock Sealing Technologies LLC, John Crane, Inc., Aurora Pump Company, Buffalo Pumps, Inc., Warren Pumps, Inc., Tyco Flow Control, Inc. f/k/a Yarway Corporation, and Owens-Illinois Inc., were in the business of manufacturing and selling asbestos containing products.

6.     Hereafter "Defendant" refers to each of the parties named in Paragraph 5, except that as to Rapid-American Corporation, the reference is to Rapid-American Corporation, Celotex and the Phillip Carey Company for whose acts and omissions Rapid-American Corporation is legally responsible.  Reference to Honeywell International, Inc., is reference to Bendix Corporation for whose acts and omissions Honeywell International, Inc., is legally responsible.  Reference to Tyco Flow Control Inc., is reference to Yarway Corporation, for whose acts and omissions Tyco Flow Control, Inc., is legally responsible.

7.     Defendant manufactured and sold asbestos containing products used at the locations where Walter Tom worked or which he used at home.

8.     Defendant's products gave off dust.

9.     Walter Tom was exposed to asbestos dust from Defendant's products, as listed in attachment A.

10.     Pulmonary fibrosis (sometimes called asbestosis) and malignancies, including lung cancer and mesothelioma are caused by exposure to asbestos.

11.     Walter Tom contracted lung cancer as a result of being exposed to asbestos from Defendant's products.

12.     The lung cancer is a single, indivisible injury.

Files:Tom:C and A:Complaint

13. Before Defendant manufactured and sold the products to which Walter

Tom was exposed, Defendant knew that exposure to asbestos caused pulmonary fibrosis

and malignancies.

14. Defendant was negligent in the following respects:

    a)    failed to warn that exposure to asbestos caused
serious disease and death;

    b)    failed to warn that exposure to asbestos caused
pulmonary fibrosis;

    c)    failed to warn that exposure to asbestos caused
malignancies;

    d)    failed to provide instruction as to safe methods, if
any existed, of handling and processing asbestos
containing products.

15. Defendant's negligence was a proximate cause of Plaintiff's injury.

16-17. Plaintiff realleges paragraphs 24 and 25 of Count 1.

WHEREFORE, Plaintiff, WALTER TOM, requests damages from

Defendants, jointly and severally, in an amount in excess of $50,000 and demands

trial by jury.

## Count 4

Plaintiff, LINDA ELLIS, complains of Defendants, RAPID-AMERICAN

CORPORATION, HONEYWELL INTERNATIONAL, INC., GARLOCK SEALING

TECHNOLOGIES LLC, JOHN CRANE, INC., AURORA PUMP COMPANY,

BUFFALO PUMPS, INC., WARREN PUMPS, INC., TYCO FLOW CONTROL, INC.

f/k/a YARWAY COPRORATION, and OWENS-ILLINOIS, INC., as follows:

1-4. Plaintiff realleges paragraphs 1-4 of Count 1.

5-15. Plaintiff realleges paragraphs 5-15 of Count 3.

Files:Tom:C and A:Complaint

16-17.  Plaintiff realleges paragraphs 24-25 of Count 1.

18.     Plaintiff is the spouse of Walter Tom.

19.     As a result of the injury to her husband, Plaintiff has suffered an injury to her husband/wife relationship and become obligated for the expense of medical care received by her husband.

20.     The negligence of Defendant was a proximate cause of Plaintiff's loss.

WHEREFORE, Plaintiff, LINDA ELLIS, requests damages from Defendant, jointly and severally with the other Defendants named in this cause, in an amount in excess of $50,000 and demands trial by jury.

### Count 5

As to Defendant, Owens-Illinois, Inc., as an alternative to Count 1, Plaintiff, WALTER TOM, complains of Defendant, OWENS-ILLINOIS, INC., as follows:

1-3.    Plaintiff repeats and realleges paragraph 1-3 of Count 1.

4.      Walter Tom was exposed to asbestos, including asbestos from Owens Corning and Owens-Illinois products during his employment.

5.      Exposure to asbestos is a cause of serious disease and death, including asbestosis.

6.      Walter Tom contracted lung cancer.

7.      Walter Tom's exposure to asbestos was a cause of his lung cancer.

8.      The lung cancer contracted by Walter Tom is an indivisible injury.

9.      Plaintiff did not know, nor could he have known, that his disease was wrongfully caused by exposure to asbestos until May 2009 when the lung cancer was diagnosed.

Files:Tom:C and A:Complaint

10.    Owens Corning and Defendant Owens-Illinois, Inc. are corporations and during the time relevant to the allegations herein were related corporations in the business of manufacturing and distributing asbestos and asbestos-containing products. The relationship included:

a)    Owens-Illinois was one of the two companies which founded Owens Corning (formerly known as Owens Corning Fiberglas Corporation) in 1938;

b)    Owens-Illinois and Owens Corning have shared directors on the board of each other's corporation beginning in the 1930's and continuing into the 1940's;

c)    Owens-Illinois was a principal stockholder of Owens Corning beginning in 1938 and continuing through, and including, the years when Walter Tom was exposed to asbestos dust;

d)    beginning in 1958 Owens Corning hired and employed those employees who formerly had been in charge of the research and development operations for asbestos products for Owens-Illinois. Owens Corning's employment of those individuals continued through, and including, the years when Walter Tom was exposed to asbestos dust;

e)    beginning in 1958 Owens Corning hired and employed those employees who formerly had been in charge of the manufacture and distribution operations for asbestos products for Owens-Illinois. Owens Corning's employment of those individuals continued through when Walter Tom was exposed to asbestos dust.

11.    Hereafter "Conspirators" refers to each of the corporations named in paragraph 9.

12.    Before and during Walter Tom's exposure to asbestos, the Conspirators knew that exposure to asbestos caused serious properties of asbestos.

13.    Each of the Conspirators knew that workers who were exposed to airborne asbestos were ignorant of the hazardous properties of asbestos.

Files:Tom:C and A:Complaint

14.     Before and during his exposure, Walter Tom was unaware that exposure to asbestos caused serious disease and death.

15.     The knowledge of the conspirators included the following:

a)      each of the conspirators had been in the asbestos business for years and had directed extensive asbestos manufacturing operations;

b)      by 1943 Owens-Illinois was informed that the ingredients for Owens-Illinois' Kaylo product constituted a first class hazard;

c)      each had knowledge of asbestos disease among asbestos as early as the 1940's;

d)      by 1941 Owens Corning had been furnished by Owens-Illinois articles that referenced the ability of asbestos to cause both asbestosis and cancer;

e)      by 1948 Owens-Illinois had been informed that its product Kaylo had caused asbestosis in laboratory experiments and that it was better to discover that fact in rats now rather than later in industrial workers;

f)      Owens-Illinois was further informed that Kaylo should be considered a hazardous industrial dust;

g)      by 1952 Owens-Illinois was informed that for workers exposed to asbestos every precaution should be taken to protect the workers against inhaling dust;

h)      by 1956 Owens Corning was informed that asbestos had been incriminated as a carcinogen; and

i)      by 1968 Owens Corning's own internal documents reflected knowledge that exposure to asbestos could cause asbestosis, lung cancer and mesothelioma.

16.     The Conspirators knew that asbestos was inherently dangerous and knew that under the decisional law of Illinois and other states, each was under a duty not to

Files:Tom:C and A:Complaint

expose individuals to asbestos without providing adequate warning of the harmful qualities of asbestos.

17.    The Conspirators had employees who were exposed to asbestos dust and therefore had a statutory, regulatory and decisional law duty to provide their employees with a safe place to work, or at the least, to warn the employees of the hazards presented by the presence of asbestos dust.

18.    Each of the Conspirators knew that if they adequately warned asbestos workers, including their own employees, or the users of the asbestos sold, the publication of such warnings would cause workers to leave the asbestos industry and therefore reduce the sale and usage of asbestos.

19.    The Conspirators knowingly conspired and agreed amongst themselves to, among others;

   a)    assert what was not true, that it was safe for people to be exposed to asbestos and asbestos containing products; and

   b)    fail to provide information about the harmful effects of asbestos to exposed persons.

20.    One or both of the Conspirators performed the following acts in furtherance of the conspiracy:

   a)    sold asbestos products without warning of the hazards known to the conspirators, including sales which exposed Walter Tom to asbestos;

   b)    refused to warn its employees and those who worked near the operations of the hazards of asbestos known to the Conspirators; including the failure of Owens Corning to warn its employees and those who worked near the Bloomington operations of the hazards of asbestos known to Owens Corning;

Files:Tom:C and A:Complaint

c)      suppressed and failed to disclose the information contained
in the medical articles obtained by Owens Corning from
Owens-Illinois on the ability of asbestos to cause asbestosis
and cancer;

d)      suppressed and failed to disclose the information contained
in the medical articles obtained by Owens Corning from
Owens-Illinois on the ability of asbestos to cause asbestosis
and cancer;

e)      published advertisements and brochures regarding Kaylo in
which it was represented that Kaylo was "non-toxic;"

f)      agreed in writing to participate in the production and
distribution of Kaylo beginning in 1953 without disclosing
to any potential users the knowledge possessed by the
conspirators of the hazardous nature of exposure to
asbestos dust, including the dust of Kaylo;

g)      through Owens Corning's role on the Insulation Industry
Hygiene Counsel, limited the influence of Dr. Irving
Selikoff and Dr. Selikoff's efforts to protect the workers
from the health hazards of asbestos;

h)      through Owens Corning's role on the Insulation Industry
Hygiene Counsel, prevented any attempts by any individual
to conduct a clinical study of workers exposed to asbestos
dust;

i)      Owens Corning operated without warning employees about
the hazards of exposure to asbestos known to Owens
Corning and Owens-Illinois;

j)      refused to warn its employees who had to use asbestos-
containing materials in the manufacture of other products
for the conspirator of the hazards of exposure to asbestos
known to the conspirator, including the refusal of Owens-
Illinois to warn its employees who were exposed to
asbestos in connection with the manufacture of glass
products of the hazards of asbestos known to Owens-
Illinois.

21.     The agreement and the acts done in furtherance of the agreement were

proximate causes of the injury to Walter Tom.

Files:Tom:C and A:Complaint

22-23. Plaintiff realleges paragraphs 24-25 of Count 1.

WHEREFORE, Plaintiff, WALTER TOM, requests damages from Defendant,

jointly and severally, with the other Defendants named in this cause, in an amount in

excess of $50,000 and demands trial by jury. Plaintiff further requests punitive damages

from Defendant in an amount in excess of $50,000 and demand trial by jury.

### Count 6

As to Defendant, OWENS-ILLINOIS, INC., as an alternative to Count 2,

Plaintiff, LINDA ELLIS, complains of Defendant, OWENS-ILLINOIS, INC., as follows:

1-21.   Plaintiff repeats and realleges paragraphs 1-21 of Count 2.

22-23.  Plaintiff repeats and realleges paragraphs 22-23 of Count 1.

24-26.  Plaintiff repeats and realleges paragraphs 26-28 of Count 2.

WHEREFORE, Plaintiff, LINDA ELLIS, requests damages from Defendant,

OWENS-ILLINOIS, Inc., in an amount in excess of $50,000 and demands trial by jury.


WALTER TOM and LINDA ELLIS,
Plaintiffs,

*James Wylder*

WYLDER CORWIN KELLY LLP
Attorneys for Plaintiffs
207 E. Washington, Suite 102
Bloomington, IL 61701
309/828-5099

Files:Tom:C and A:Complaint

03/22/2011 TUE 8:37  FAX 3098284099                                    ☑017/038

ATTACHMENT "A"

**OWENS-ILLINOIS, INC.**
    Kaylo pipecovering and block

**GARLOCK**
    Asbestos sheet packing/gasket material
    Asbestos packings
    Asbestos gaskets

**JOHN CRANE**
    Asbestos sheet packing/gasket material
    Asbestos packings
    Asbestos gaskets

**HONEYWELL**
    Asbestos-containing brake linings
    Asbestos-containing clutch facings

**WARREN PUMPS/AURORA PUMPS/YARWAY CORPORATION/BUFFALO PUMPS**
    Engineering Pumps with asbestos-containing gaskets
    Packaged asbestos-containing insulations for various engineering pumps

**RAPID-AMERICAN CORP.**
    85% Magnesia pipe covering, block and cement
    Super Light 85% Magnesia pipe covering and block
    All Temp pipe covering and block
    CareyTemp pipe covering and block
    Aircel pipe covering and block
    Careycel pipe covering and block
    Carocel pipe covering
    Defender pipe covering
    Excel pipe covering and block
    Glosscell pipe covering and block
    Multi-Ply pipe covering and block
    Asbestos Sponge pipe covering and block
    Fyrex pipe covering
    Tempcheck pipe covering, block and cement
    Hi-temp pipe covering, block and cement
    Careytemp 2000 block and cement
    Dual Careytemp pipe covering
    Spraycraft

Files:Tom;C and A:Complaint

03/22/2011 TUE 8:37  FAX 3098284099                                    ☑018/038

707 Cement
Super 606 Cement
100 Cement
303 Cement
Careytemp Finishing Cement
MW-40 Cement
MW-50 Cement
LT-20 Asbestos Cement
Vitricel Cement
A-101 Cement
7M-90 Asbestos Shorts Cement
45-pound Asbestos Waterproof Jacket
Asbestos Rope & Wick
Asbestos Papers & Roll Boards
Asbestos Tank Jackets
Thermalite
Firefoil Board & Panel
Vitricel Asbestos Sheets
Thermotax-B
228 Fibrated Emulsion
Insulation Seal
Fire Resistant Insul Seal
Fibrous Adhesive
BTU Cement
Careytemp Adhesive
Thermo-bord
Industrial A-C Boards
Cemesto Board
Marine Panel
Millboards
Careyduct
Carey Asphalt Floor Tiles
Careyduct Adhesive
Ceiling Tiles
Celotex asbestos board
Celotex cement and muds
Celotex floor and ceiling tiles
Celotex adhesives

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN

LINDA ELLIS, Individually, and as )
Special Administrator of the Estate of )
WALTER TOM, Deceased, )
    Plaintiffs, )
     )
     )
     )
v. )    No. 10 L 20
     )
PNEUMO ABEX CORPORATION, )
PNEUMO ABEX LLC, METROPOLITAN )
LIFE INSURANCE COMPANY, )
OWENS-ILLINOIS,    INC., )
HONEYWELL INTERNATIONAL, INC., )
GARLOCK SEALING TECHNOLOGIES )
LLC, JOHN CRANE, INC., )
AURORA PUMP COMPANY, )
BUFFALO PUMPS, INC., )
WARREN PUMPS, INC., )
TYCO FLOW CONTROL INC. f/k/a )
YARWAY CORPORATION, FOSTER )
WHEELER AG, WESTINGHOUSE )
ELECTRIC COMPANY LLC, and )
CRANE COMPANY, )
    Defendants. )

### SUMMONS

To the defendant:  **WESTINGHOUSE ELECTRIC CO. LLC**, 4350 Northern Pike, Monroeville, PA 15146-2886 C035

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court McLean Co. Law & Justice Center, 104 W. Front St., Bloomington, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**
    This summons must be returned by the officer or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be so indorsed. This summons may not be served later than 30 days after its date.

**Plaintiff's Attorney:**
James Wylder
WYLDER CORWIN KELLY LLP
207 E. Washington, St. 102
Bloomington, IL 61701
(309) 828-5099

WITNESS, _January 31_, 2010,

_Don R Everhart, Jr_
Clerk of the court

_Vanda Lasswell_
Associate Circuit Clerk – Deputy

(Seal of Court)
SEAL

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

EXHIBIT
2
tabbies

## SHERIFF'S FEES

Service and return ..................................................... $_____

Miles _____ .............. _____

Total .............................................................$_____

_____

Sheriff of _____ County

I certify that I served this summons by leaving a copy thereof together with a copy of the complaint and a copy of each of the following documents:

_____

_____ on defendant as follows:

(a) (Individual defendants – personal):By leaving a copy with each individual defendant personally, as follows:

Name of Defendant                              Date of Service

(b) (Individual defendants -- abode):

By leaving a copy at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

Name of Defendant        Person with Whom Left    Date of Service    Date of Mailing

(c) (Corporation defendants):

By leaving a copy with the registered agent, officer or agent of each defendant corporation, as follows:

Defendant Corporation        Registered Agent, Officer of Agent        Date of Service

(d) (Other service):

_____

Sheriff of _____ County

By _____, Deputy

FILE STAMP
AND RETURN

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN

LINDA ELLIS, Individually, and as )
Special Administrator of the Estate of )
WALTER TOM, Deceased, )
    Plaintiffs, )
        )
        )
        )
v. )    No. 10 L 20
        )
PNEUMO ABEX CORPORATION, )
PNEUMO ABEX LLC, METROPOLITAN )
LIFE INSURANCE COMPANY, )
OWENS-ILLINOIS, INC., )
HONEYWELL INTERNATIONAL, INC., )
GARLOCK SEALING TECHNOLOGIES )
LLC, JOHN CRANE, INC., )
AURORA PUMP COMPANY, )
BUFFALO PUMPS, INC., )
WARREN PUMPS, INC.,   and )
TYCO FLOW CONTROL INC. f/k/a )
YARWAY CORPORATION, FOSTER )
WHEELER AG, WESTINGHOUSE )
ELECTRIC COMPANY LLC, and )
CRANE COMPANY, )
    Defendants. )



McLEAN  F I L E D  COUNTY
JAN 2 1 2011
CIRCUIT CLERK

## AMENDMENT TO AMENDED COMPLAINT

    Plaintiff hereby amends paragraphs 17-19 of Count 5 by substituting the following and

adds Counts 10, 11, and 12 against Defendants, Foster Wheeler AG, Westinghouse Electric

Company LLC, and Crane Company, as follows:

### Count 5

17.    Walter Tom was ill from lung cancer for a period before his death.

18.    Plaintiff was appointed Special Administrator and brings this action

pursuant to 735 ILCS 5/13-209 for the damages sustained by decedent prior to his death.

Files Tom 10 L 20.C and A 2d Amd Complaint doc

19.     Neither Plaintiff nor Walter Tom knew, nor could they have known, that Walter Tom's disease was wrongfully caused by exposure to asbestos until May 2009 when the lung cancer was first diagnosed.

### Count 10

Plaintiff, LINDA ELLIS, Special Administrator of the Estate of Walter Tom, Deceased, complains of Defendants, FOSTER WHEELER AG, WESTINGHOUSE ELECTRIC COMPANY LLC, and CRANE COMPANY, as follows:

1.     Walter Tom was a boilerman in the U.S. Navy from 1969 to 1973.

2.     During his time in the U.S. Navy, Walter Tom spent his service as a boilerman aboard the USS Sylvania (1969-1971) and the USS Vogelsang (1971-1973).

3.     Upon discharge from the U.S. Navy, Walter Tom went to work for NASA as a boilerman from 1973 to 1979.

4.     During the 1960s, Walter Tom did work on automotive brakes using brake linings manufactured by Bendix.

5.     Foster Wheeler AG, Westinghouse Electric Company LLC, and Crane Company were in the business of manufacturing and selling asbestos containing products.

6.     Hereafter "Defendant" refers to each of the parties named in Paragraph 5.

7.     Defendant manufactured and sold asbestos containing products used at the locations where Walter Tom served, worked, or which he used at home.

8.     Defendant's products gave off dust.

9.     Walter Tom was exposed to asbestos dust from Defendant's products, as listed in attachment A.

Files.Tom 10 1, 20 C and A:2d Amd Complaint.doc

10.     Pulmonary fibrosis (sometimes called asbestosis) and malignancies, including lung cancer and mesothelioma are caused by exposure to asbestos.

11.     Walter Tom contracted lung cancer as a result of being exposed to asbestos from Defendant's products.

12.     The lung cancer is a single, indivisible injury.

13.     Before Defendant manufactured and sold the products to which Walter Tom was exposed, Defendant knew that exposure to asbestos caused pulmonary fibrosis and malignancies.

14.     Defendant was negligent in the following respects:

a)     failed to warn that exposure to asbestos caused serious disease and death;

b)     failed to warn that exposure to asbestos caused pulmonary fibrosis;

c)     failed to warn that exposure to asbestos caused malignancies;

d)     failed to provide instruction as to safe methods, if any existed, of handling and processing asbestos containing products.

15.     Defendant's negligence was a proximate cause of the injury and death of Walter Tom.

16.     Walter Tom died March 29, 2010.

17.     The next of kin of decedent is Linda Ellis, wife.

18.     As a result of the death of decedent, Walter Tom's wife suffered a loss of benefits of a pecuniary value and society including money, goods, and services which he would have contributed had he lived.

19.   Plaintiff was appointed Special Administrator of the Estate of decedent and brings this action for wrongful death under 740 ILCS 180/1 and 2.

20.   Neither Plaintiff nor Walter Tom knew, nor could they have known, that Walter Tom's disease was wrongfully caused by exposure to asbestos until May 2009 when the lung cancer was first diagnosed.

WHEREFORE, Plaintiff, LINDA ELLIS, Special Administrator of the Estate of Walter Tom, Deceased, requests damages from Defendants, jointly and severally, in an amount in excess of $50,000 and demands trial by jury.

<u>Count 11</u>

Plaintiff, LINDA ELLIS, Special Administrator of the Estate of Walter Tom, Deceased, complains of Defendants, FOSTER WHEELER AG, WESTINGHOUSE ELECTRIC COMPANY LLC, and CRANE COMPANY, as follows:

1-16.   Plaintiff repeats and realleges paragraphs 1-16 of Count 10.

17.   Walter Tom was ill from lung cancer for a period before his death.

18.   Plaintiff was appointed Special Administrator of the Estate of decedent and brings this action pursuant to 735 ILCS 5/13-209 for damages sustained by decedent prior to his death.

19.   Neither Plaintiff nor Walter Tom knew, nor could they have known, that Walter Tom's disease was wrongfully caused by exposure to asbestos until May 2009 when the lung cancer was first diagnosed.

WHEREFORE. Plaintiff, LINDA ELLIS, Special Administrator of the Estate of Walter Tom, Deceased, requests damages from Defendants. jointly and severally. in an amount in excess of $50,000 and demands trial by jury.

Files:Tom 10 L 20;C and A 2d Amd Complaint.doc

### Count 12

Plaintiff, LINDA ELLIS, Special Administrator of the Estate of Walter Tom,

Deceased, complains of Defendants, FOSTER WHEELER AG, WESTINGHOUSE

ELECTRIC COMPANY LLC, and CRANE COMPANY, as follows:

    1-16.  Plaintiff realleges paragraphs 1-16 of Count 10.

    17.  Plaintiff is the spouse of Walter Tom.

    18.  As a result of the injury to her husband, Plaintiff has suffered an injury to

her husband/wife relationship and become obligated for the expense of medical care

received by her husband during his lifetime.

    19.  The negligence of Defendant was a proximate cause of Plaintiff's loss.

    20.  Neither Plaintiff nor Walter Tom knew, nor could they have known, that

Walter Tom's disease was wrongfully caused by exposure to asbestos until May 2009

when the lung cancer was first diagnosed.

    WHEREFORE, Plaintiff, LINDA ELLIS, individually, requests damages from

Defendant, jointly and severally with the other Defendants named in this cause, in an

amount in excess of $50,000 and demands trial by jury.

LINDA ELLIS, individually, and as
Special Administrator of the Estate
of WALTER TOM, Deceased,
Plaintiff,

WYLDER CORWIN KELLY LLP
Attorneys for Plaintiff
207 E. Washington, Suite 102
Bloomington, IL 61701
309/828-5099
SW/jm

Files:Tom 10 I, 20 C and A.2d Amd Complaint.doc

ATTACHMENT "A"

**FOSTER WHEELER**
    Marine pumps and valves
    Asbestos boilers
    Asbestos Millboard
    Asbestos cement
    Asbestos lagging
    Asbestos valves
    Asbestos tapes
    Asbestos packing
    Asbestos gaskets
    Asbestos insulation

**WESTINGHOUSE**
    Marine pumps and valves
    Asbestos gaskets

**CRANE COMPANY**
    Marine pumps and valves
    Asbestos sheet packing/gasket material
    Asbestos packings
    Asbestos gaskets
    Asbestos valves
    Asbestos lagging
    Asbestos tape
    Asbestos cloth
    Asbestos cement

**SERVICE LIST**
**TOM v. PNEUMO ABEX CORP., ET AL.,**
**McLEAN COUNTY No. 10 L 20**

**Attorney for Owens-Illinois**
Joshua D. Lee
Schiff Hardin LLP
233 S. Wacker Dr.
Chicago, IL 60606
Tel 312/258-5649, Fax 312/258-5600

**Attorney for John Crane, Inc.**
Daniel J. O'Connell
O'Connell, Tivin, Miller & Burns, LLC
135 S. LaSalle Street, Suite 2300
Chicago, IL 60603
T: 312/256-8800, F: 312/256-8808

**Attorneys for Honeywell**
Nicole Behnen/Luke Mangan
Polsinelli Shughart PC
100 S. Fourth St., Ste. 1100
St. Louis, MO 63102
Tel 314-231-1950, Fax 314-231-1776

**Attorneys for Buffalo Pumps & Warren
Pumps**
Lisa A. LaConte
Heyl, Royster, Voelker & Allen, LLC
124 S.W. Adams St., Suite 600
Peoria, IL 61602
Tel 309/676-0400, Fax 309/676-3374

**Attorneys for Pneumo Abex**
Tim Swain
Swain, Hartshorn & Scott
411 Hamilton Blvd.,Suite 1812
Peoria IL 61602-1104
T: 309-637-1700, F: 309-637-1708

**Attorney for Aurora Pump**
John J. Kohnke
Segal McCambridge Singer & Mahoney, Ltd.
233 S. Wacker Drive – Suite 5500
Chicago, IL 60606
Tel: 312/645-7800, Fax: 312/654-7711

03/22/2011 TUE 8:37  FAX 3098284099                                   ☑019/038

FILE-STAMP
AND RETURN

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF MC LEAN

LINDA ELLIS, Individually, and as          )
Special Administrator of the Estate of     )
WALTER TOM, Deceased,                      )
    Plaintiffs,                            )
                                         )
                                         )
                                         )
v.                                         )        No. 10 L 20
                                         )
PNEUMO ABEX CORPORATION,                   )
PNEUMO ABEX LLC, METROPOLITAN              )
LIFE INSURANCE COMPANY,                    )
OWENS-ILLINOIS, INC.,                      )
HONEYWELL INTERNATIONAL, INC.,             )
GARLOCK SEALING TECHNOLOGIES              )
LLC, JOHN CRANE, INC.,                     )
AURORA PUMP COMPANY,                       )
BUFFALO PUMPS, INC.,                       )
WARREN PUMPS, INC.,   and                  )
TYCO FLOW CONTROL INC. f/k/a               )
YARWAY CORPORATION                         )
    Defendants,                            )



FILED
McLEAN   COUNTY
AUG 2 5 2010
CIRCUIT CLERK

**AMENDED COMPLAINT**

**Count 1**

    Plaintiff, LINDA ELLIS, as Special Administrator of the Estate of Walter Tom,

Deceased, complains of Defendants, PNEUMO ABEX CORPORATION, PNEUMO ABEX

CORPORATION LLC, METROPOLITAN LIFE INSURANCE COMPANY, OWENS-

ILLINOIS, INC. and HONEYWELL INTERNATIONAL, INC., as follows:

    1.      Walter Tom was a boilerman in the U.S. Navy from 1969 to 1973.

    2.      During his time in the U.S. Navy, Walter Tom spent his service as a boilerman

aboard the USS Sylvania (1969-1971) and the USS Vogelsang (1971-1973).

EXHIBIT
tabbies
3

3.      Upon discharge from the U.S. Navy, Walter Tom went to work for NASA as a boilerman from 1973 to 1979.

4.      During the 1960s, Walter Tom did work on automotive brakes using brake linings manufactured by Bendix.

5.      Asbestos was present, and rendered airborne, including asbestos from Johns-Manville's Thermabestos, Unarco's Unibestos , and Owens Corning/Owens-Illinois' Kaylo, in the ships that Walter Tom served on.  Asbestos was also present in, and rendered airborne, from the brake linings Walter Tom worked with during his lifetime.

6.      Unarco Industries, Inc., Johns-Manville Corporation, Johns-Manville Sales Corporation, Raymark Industries, Inc. (formerly Raybestos-Manhattan, Inc.), and Owens Corning, are corporations, and they, or their corporate predecessors, were, during the time relevant to the allegations herein, in the business of manufacturing and distributing asbestos and asbestos containing products.

7.      Defendants, Pneumo Abex Corporation, Pneumo Abex Corporation LLC, Owens-Illinois, Inc., and Honeywell International, Inc. are corporations and were, during the times relevant to the allegations herein, themselves or through predecessors, in the business of manufacturing and distributing asbestos and asbestos containing products.

8.      Defendant, Metropolitan Life Insurance Company, is a corporation.

9.      Hereafter "Conspirators" refers to each of the corporations named in paragraphs 6 through 8.

10.     Walter Tom was exposed to asbestos, including asbestos from one or more of the conspirators.

Files:Tom 10 1, 20:C and A:Amd Complaint.doc

11.     Exposure to asbestos is a cause of serious disease and death, including pulmonary fibrosis (sometimes called asbestosis) and malignancies, including lung cancer and mesothelioma.

12.     Walter Tom contracted lung cancer as a result of his exposure to asbestos.

13.     The lung cancer from which Walter Tom suffers is an indivisible injury resulting from the total and cumulative effect of all the asbestos to which he was exposed.

14.     Before Walter Tom's exposure to asbestos, the Conspirators knew that exposure to asbestos caused serious disease and death.

15.     The Conspirators knew that individuals exposed to asbestos were ignorant of the hazardous properties of asbestos.

16.     Before and during his exposure to asbestos, Walter Tom was unaware that exposure to asbestos caused serious disease and death.

17.     The knowledge of the Conspirators included the following:

   a)     two or more Conspirators had been in the asbestos business for years and had directed manufacturing operations;

   b)     each had actual knowledge of asbestos disease and death among workers exposed to asbestos as early as the 1940's.

18.     The Conspirators knew that asbestos was inherently dangerous and knew that under the decisional law of Illinois and other states, each was under a duty not to sell asbestos without providing adequate warning of its harmful qualities.

19.     Two or more Conspirators had employees who were exposed to asbestos dust and each of them had a statutory, regulatory, and decisional law duty to provide their employees with a safe place to work, or at the least, to warn the employees of the hazards presented by the presence of asbestos dust.

Files:Tom 10 L 20:C and A:Amd Complaint.doc

20.     Each Conspirator knew that if it adequately warned its own employees and other persons who were at risk of asbestos disease, the publication of such warning would cause workers to leave the industries using asbestos and therefore reduce the sale and usage of asbestos and cause those who were exposed through neighborhood exposure to press for the cessation of such exposure.

21.     The conspirators knowingly conspired and agreed among themselves to, among other things:

    a)     assert what was not true, that it was safe for people to be exposed to asbestos and asbestos containing products;

    b)     fail to provide information about the harmful effects of asbestos to exposed persons.

22.     One or more of the Conspirators performed the following overt acts in furtherance of the conspiracy:

    a)     sold asbestos products which were used at the locations where Walter Tom worked without warning of the hazards known to the seller, including the sale and use of products of Johns-Manville, Owens-Illinois, Owens Corning, Unarco, and Bendix which exposed Walter Tom to asbestos;

    b)     refused to warn its own employees about the hazards of asbestos known to it;

    c)     edited and altered the reports and drafts of publications initially prepared by Dr. Lanza concerning the hazards of asbestos during the 1930's;

    d)     agreed in writing not to disclose the results of research on the effects of asbestos upon health unless the results suited their interests;

    e)     obtained an agreement in the 1930's from the editors of ASBESTOS, the only trade magazine devoted exclusively

Files:Tom 10 L 20:C and A:Amd Complaint.doc

to asbestos, that the magazine would never publish articles on the fact that exposure to asbestos caused disease, and sustained this agreement into the 1970's;

f)    suppressed the dissemination of a report by Dr. Gardner in 1943 which was critical of the concept that there was a safe level of asbestos exposure;

g)    through their control of the Asbestos Textile Institute (ATI), defeated further study of the health of workers when William Hemeon graphically demonstrated the need for such study and dissemination of information in the 1940's;

h)    edited and altered the reports and drafts of publications regarding asbestos and health initially prepared by Dr. Vorwald from 1941-1951;

i)    suppressed the results of the Fibrous Dust Studies conducted during 1966-74 by the Industrial Health Foundation, Inc., Johns-Manville, Raybestos Manhattan, Owens Corning, Pittsburgh Corning Corporation and PPG Industries, which results demonstrated and confirmed that exposure to asbestos caused lung cancer and mesothelioma;

j)    acting under the name of NIMA, published a pamphlet entitled "Recommended Health Safety Practices for Handling and Applying Thermal Insulation Products Containing Asbestos" in which they purported to inform readers about the health hazards of airborne asbestos, but withheld, among other facts, that asbestos caused serious disease and death, including cancer, that there was no cure for asbestos disease, and that there was no known safe level of exposure to asbestos;

k)    purchased asbestos which did not contain warnings from co-conspirators, to which the purchaser then exposed its own employees without warning of the hazards known to the seller and purchaser, including the purchase of asbestos by Owens-Illinois from Unarco;

l)    refused to warn its employees who had to use asbestos-containing materials in the manufacture of other products for the conspirator of the hazards of exposure to asbestos known to the conspirator, including the refusal of Owens-Illinois to warn its employees who were exposed to asbestos in connection with the manufacture of glass

products of the hazards of asbestos known to Owens-Illinois;

m)    purchased asbestos which did not contain warnings from co-conspirators, to which the purchaser then expected its own employees without warning of the hazards known to the seller and purchaser, including the purchase of asbestos by Bendix (n/k/a Honeywell) from Johns-Manville;

n)    refused to warn its employees who had to use asbestos-containing materials in the manufacture of other products for the conspirator of the hazards of exposure to asbestos known to the conspirator, including the refusal of Bendix to warn its employees who were exposed to asbestos in connection with the manufacture of friction products of the hazards of asbestos known to Bendix; and

o)    altered, including the deletion of all references to the association of asbestosis and lung cancer, the original report of the study performed by Braun of the Industrial Hygiene Foundation before the altered version was published in 1958.

23.    The agreements and the acts done in furtherance of the agreements were proximate causes of the injury and death of Walter Tom.

24.    Defendants John Crane, Inc. and Aurora Pump Company had, and have, their principal places of business in the state of Illinois.

25.    Walter Tom died March 29, 2010.

26.    The next of kin of decedent is Linda Ellis, wife.

27.    As a result of the death of decedent, Walter Tom's wife suffered a loss of benefits of a pecuniary value and society including money, goods, and services which he would have contributed had he lived.

28.    Plaintiff was appointed Special Administrator of the Estate of decedent and brings this action for wrongful death under 740 ILCS 180/1 and 2.

Files:Tom 10 L 20:C and A:Amd Complaint.doc

29.    Neither Plaintiff nor Walter Tom knew, nor could they have known, that Walter Tom's disease was wrongfully caused by exposure to asbestos until May 2009 when the lung cancer was first diagnosed.

WHEREFORE, Plaintiff, LINDA ELLIS, as Special Administrator of the Estate of Walter Tom, Deceased, requests damages from Defendants, jointly and severally with the other Defendants named in this cause, in an amount in excess of $50,000 and demands trial by jury.

## Count 2

Plaintiff, LINDA ELLIS, as Special Administrator of the Estate of Walter Tom, Deceased, complains of Defendants, PNEUMO ABEX CORPORATION, PNEUMO ABEX CORPORATION LLC, METROPOLITAN LIFE INSURANCE COMPANY, OWENS-ILLINOIS, INC. and HONEYWELL INTERNATIONAL, INC., as follows:

1-25.    Plaintiff repeats and realleges paragraphs 1-25 of Count 1.

26.    Walter Tom was ill from lung cancer for a period before his death.

27.    Plaintiff was appointed Special Administrator and brings this action pursuant to 735 ILCS 5/13-209 for the damages sustained by decedent prior to his death.

28.    Plaintiff repeats and realleges paragraph 29 of Count 1.

WHEREFORE, Plaintiff, LINDA ELLIS, as Special Administrator of the Estate of Walter Tom, Deceased, requests damages from Defendants, jointly and severally with the other Defendants named in this cause, in an amount in excess of $50,000 and demands trial by jury.

Files:Tom 10 L 20:C and A:Amd Complaint.doc

## Count 3

Plaintiff, LINDA ELLIS, individually, complains of Defendants, PNEUMO ABEX CORPORATION, PNEUMO ABEX LLC, METROPOLITAN LIFE INSURANCE COMPANY, OWENS-ILLINOIS, INC., and HONEYWELL INTERNATIONAL, INC., as follows:

1-25.   Plaintiff realleges paragraphs 1-25 of Count 1.

26.   Plaintiff is the spouse of Walter Tom.

27.   As a result of the injury to her husband, Plaintiff suffered an injury to her husband/wife relationship and became obligated for the expense of the medical care received by her husband during his lifetime.

28.   The agreements and the acts done in furtherance of the agreements were proximate causes of Plaintiff's loss.

29.   Plaintiff repeats and realleges paragraph 29 of Count 1.

WHEREFORE, Plaintiff, LINDA ELLIS, individually, requests damages from Defendants, jointly and severally, with the other Defendants named in this cause, in an amount in excess of $50,000 and demands trial by jury.

## Count 4

Plaintiff, LINDA ELLIS, Special Administrator of the Estate of Walter Tom, Deceased, complains of Defendants, RAPID-AMERICAN CORPORATION, HONEYWELL INTERNATIONAL, INC., GARLOCK SEALING TECHNOLOGIES LLC, JOHN CRANE, INC., AURORA PUMP COMPANY, BUFFALO PUMPS, INC., WARREN PUMPS, INC., TYCO FLOW CONTROL, INC. f/k/a YARWAY COPRORATION, and OWENS-ILLINOIS, INC., as follows:

Files:Tom 10 t. 20:C and A:Amd Complaint.doc

1-4.    Plaintiff realleges paragraph 1-4 of Count 1.

5.      Defendants, Rapid-American Corporation, Honeywell International, Inc., Garlock Sealing Technologies LLC, John Crane, Inc., Aurora Pump Company, Buffalo Pumps, Inc., Warren Pumps, Inc., Tyco Flow Control, Inc. f/k/a Yarway Corporation, and Owens-Illinois Inc., were in the business of manufacturing and selling asbestos containing products.

6.      Hereafter "Defendant" refers to each of the parties named in Paragraph 5, except that as to Rapid-American Corporation, the reference is to Rapid-American Corporation, Celotex and the Phillip Carey Company for whose acts and omissions Rapid-American Corporation is legally responsible.  Reference to Honeywell International, Inc., is reference to Bendix Corporation for whose acts and omissions Honeywell International, Inc., is legally responsible.  Reference to Tyco Flow Control Inc., is reference to Yarway Corporation, for whose acts and omissions Tyco Flow Control, Inc., is legally responsible.

7.      Defendant manufactured and sold asbestos containing products used at the locations where Walter Tom worked or which he used at home.

8.      Defendant's products gave off dust.

9.      Walter Tom was exposed to asbestos dust from Defendant's products, as listed in attachment A.

10.     Pulmonary fibrosis (sometimes called asbestosis) and malignancies, including lung cancer and mesothelioma are caused by exposure to asbestos.

11.     Walter Tom contracted lung cancer as a result of being exposed to asbestos from Defendant's products.

Files:Tom 10 1. 20:C and A:Amd Complaint.doc

12.    The lung cancer is a single, indivisible injury.

13.    Before Defendant manufactured and sold the products to which Walter

Tom was exposed, Defendant knew that exposure to asbestos caused pulmonary fibrosis

and malignancies.

14.    Defendant was negligent in the following respects:

a)    failed to warn that exposure to asbestos caused
serious disease and death;

b)    failed to warn that exposure to asbestos caused
pulmonary fibrosis;

c)    failed to warn that exposure to asbestos caused
malignancies;

d)    failed to provide instruction as to safe methods, if
any existed, of handling and processing asbestos
containing products.

15.    Defendant's negligence was a proximate cause of the injury and

death of Walter Tom.

16.    Walter Tom died March 29, 2010.

17-20.  Plaintiff realleges paragraphs 26-29 of Count 1.

WHEREFORE, Plaintiff, LINDA ELLIS, Special Administrator of the

Estate of Walter Tom, Deceased, requests damages from Defendants, jointly and

severally, in an amount in excess of $50,000 and demands trial by jury.

## Count 5

Plaintiff, LINDA ELLIS, Special Administrator of the Estate of Walter Tom,

Deceased, complains of Defendants, RAPID-AMERICAN CORPORATION,

HONEYWELL INTERNATIONAL, INC., GARLOCK SEALING TECHNOLOGIES

LLC, JOHN CRANE, INC., AURORA PUMP COMPANY, BUFFALO PUMPS, INC.,

Files:Tom 10 1. 20:C and A:Amd Complaint.doc

WARREN PUMPS, INC., TYCO FLOW CONTROL, INC. f/k/a YARWAY

COPRORATION, and OWENS-ILLINOIS, INC., as follows:

    1-4.   Plaintiff repeats and realleges paragraphs 1-4 of Count 1.

    5-16.  Plaintiff repeats and realleges paragraphs 5-16 of Count 4.

    17-19.  Plaintiff repeats and realleges paragraphs 26-28 of Count 1.

    WHEREFORE, Plaintiff, LINDA ELLIS, Special Administrator of the

Estate of Walter Tom, Deceased, requests damages from Defendants, jointly and

severally, in an amount in excess of $50,000 and demands trial by jury.

### Count 6

    Plaintiff, LINDA ELLIS, individually, complains of Defendants, RAPID-

AMERICAN CORPORATION, HONEYWELL INTERNATIONAL, INC., GARLOCK

SEALING TECHNOLOGIES LLC, JOHN CRANE, INC., AURORA PUMP

COMPANY, BUFFALO PUMPS, INC., WARREN PUMPS, INC., TYCO FLOW

CONTROL, INC. f/k/a YARWAY COPRORATION, and OWENS-ILLINOIS, INC., as

follows:

    1-4.   Plaintiff realleges paragraphs 1-4 of Count 1.

    5-16.  Plaintiff realleges paragraphs 5-16 of Count 4.

    17.    Plaintiff is the spouse of Walter Tom.

    18.    As a result of the injury to her husband, Plaintiff has suffered an injury to

her husband/wife relationship and become obligated for the expense of medical care

received by her husband during his lifetime.

    19.    The negligence of Defendant was a proximate cause of Plaintiff's loss.

    20.    Plaintiff repeats and realleges paragraph 29 of Count 1.

Files Tom 10 L 20:C and A:Amd Complaint.doc

WHEREFORE, Plaintiff, LINDA ELLIS, individually, requests damages from Defendant, jointly and severally with the other Defendants named in this cause, in an amount in excess of $50,000 and demands trial by jury.

<u>Count 7</u>

As to Defendant, Owens-Illinois, Inc., as an alternative to Count 1, Plaintiff, LINDA ELLIS, as Special Administrator of the Estate of Walter Tom, deceased, complains of Defendant, OWENS-ILLINOIS, INC., as follows:

1-3.    Plaintiff repeats and realleges paragraph 1-3 of Count 1.

4.    Walter Tom was exposed to asbestos, including asbestos from Owens Corning and Owens-Illinois products during his employment.

5.    Exposure to asbestos is a cause of serious disease and death, including asbestosis.

6.    Walter Tom contracted lung cancer.

7.    Walter Tom's exposure to asbestos was a cause of his lung cancer.

8.    The lung cancer contracted by Walter Tom is an indivisible injury.

9.    Neither Walter Tom nor Plaintiff know, nor could they have known, that Walter Tom's disease was wrongfully caused by exposure to asbestos until May 2009 when the lung cancer was diagnosed.

10.    Owens Corning and Defendant Owens-Illinois, Inc. are corporations and during the time relevant to the allegations herein were related corporations in the business of manufacturing and distributing asbestos and asbestos-containing products. The relationship included:

Files:Tom 10 1. 20:C and A:Amd Complaint.doc

a)   Owens-Illinois was one of the two companies which founded Owens Corning (formerly known as Owens Corning Fiberglas Corporation) in 1938;

b)   Owens-Illinois and Owens Corning have shared directors on the board of each other's corporation beginning in the 1930's and continuing into the 1940's;

c)   Owens-Illinois was a principal stockholder of Owens Corning beginning in 1938 and continuing through, and including, the years when Walter Tom was exposed to asbestos dust;

d)   beginning in 1958 Owens Corning hired and employed those employees who formerly had been in charge of the research and development operations for asbestos products for Owens-Illinois, Owens Corning's employment of those individuals continued through, and including, the years when Walter Tom was exposed to asbestos dust;

e)   beginning in 1958 Owens Corning hired and employed those employees who formerly had been in charge of the manufacture and distribution operations for asbestos products for Owens-Illinois, Owens Corning's employment of those individuals continued through when Walter Tom was exposed to asbestos dust.

11.   Hereafter "Conspirators" refers to each of the corporations named in paragraph 10.

12.   Before and during Walter Tom's exposure to asbestos, the Conspirators knew that exposure to asbestos caused serious disease and death.

13.   Each of the Conspirators knew that workers who were exposed to airborne asbestos were ignorant of the hazardous properties of asbestos.

14.   Before and during his exposure, Walter Tom was unaware that exposure to asbestos caused serious disease and death.

15.   The knowledge of the conspirators included the following:

Files:Tom 10 L 20:C and A:Amd Complaint.doc

a)   each of the conspirators had been in the asbestos business for years and had directed extensive asbestos manufacturing operations;

b)   by 1943 Owens-Illinois was informed that the ingredients for Owens-Illinois' Kaylo product constituted a first class hazard;

c)   each had knowledge of asbestos disease among asbestos as early as the 1940's;

d)   by 1941 Owens Corning had been furnished articles by Owens-Illinois that referenced the ability of asbestos to cause both asbestosis and cancer;

e)   by 1948 Owens-Illinois had been informed that its product Kaylo had caused asbestosis in laboratory experiments and that it was better to discover that fact in rats now rather than later in industrial workers;

f)   Owens-Illinois was further informed that Kaylo should be considered a hazardous industrial dust;

g)   by 1952 Owens-Illinois was informed that for workers exposed to asbestos every precaution should be taken to protect the workers against inhaling dust;

h)   by 1956 Owens Corning was informed that asbestos had been incriminated as a carcinogen; and

i)   by 1968 Owens Corning's own internal documents reflected knowledge that exposure to asbestos could cause asbestosis, lung cancer and mesothelioma.

16.    The Conspirators knew that asbestos was inherently dangerous and knew that under the decisional law of Illinois and other states, each was under a duty not to expose individuals to asbestos without providing adequate warning of the harmful qualities of asbestos.

17.    The Conspirators had employees who were exposed to asbestos dust and therefore had a statutory, regulatory and decisional law duty to provide their employees

Files:Tom 10 L 20:C and A:Amd Complaint.doc

with a safe place to work, or at the least, to warn the employees of the hazards presented by the presence of asbestos dust.

18.     Each of the Conspirators knew that if they adequately warned asbestos workers, including their own employees, or the users of the asbestos sold, the publication of such warnings would cause workers to leave the asbestos industry and therefore reduce the sale and usage of asbestos.

19.     The Conspirators knowingly conspired and agreed amongst themselves to, among others;

  a)   assert what was not true, that it was safe for people to be exposed to asbestos and asbestos containing products; and

  b)   fail to provide information about the harmful effects of asbestos to exposed persons.

20.     One or both of the Conspirators performed the following acts in furtherance of the conspiracy:

  a)   sold asbestos products without warning of the hazards known to the conspirators, including sales which exposed Walter Tom to asbestos;

  b)   refused to warn its employees and those who worked near the operations of the hazards of asbestos known to the Conspirators; including the failure of Owens Corning to warn its employees and those who worked near the Bloomington operations of the hazards of asbestos known to Owens Corning;

  c)   suppressed and failed to disclose the information contained in the medical articles obtained by Owens Corning from Owens-Illinois on the ability of asbestos to cause asbestosis and cancer;

  d)   suppressed and failed to disclose the information contained in the medical articles obtained by Owens Corning from

Owens-Illinois on the ability of asbestos to cause asbestosis and cancer;

e)    published advertisements and brochures regarding Kaylo in which it was represented that Kaylo was "non-toxic,"

f)    agreed in writing to participate in the production and distribution of Kaylo beginning in 1953 without disclosing to any potential users the knowledge possessed by the conspirators of the hazardous nature of exposure to asbestos dust, including the dust of Kaylo;

g)    through Owens Corning's role on the Insulation Industry Hygiene Counsel, limited the influence of Dr. Irving Selikoff and Dr. Selikoff's efforts to protect the workers from the health hazards of asbestos;

h)    through Owens Corning's role on the Insulation Industry Hygiene Counsel, prevented any attempts by any individual to conduct a clinical study of workers exposed to asbestos dust;

i)    Owens Corning operated without warning employees about the hazards of exposure to asbestos known to Owens Corning and Owens-Illinois;

j)    refused to warn its employees who had to use asbestos-containing materials in the manufacture of other products for the conspirator of the hazards of exposure to asbestos known to the conspirator, including the refusal of Owens-Illinois to warn its employees who were exposed to asbestos in connection with the manufacture of glass products of the hazards of asbestos known to Owens-Illinois.

21.    The agreement and the acts done in furtherance of the agreement were proximate causes of the injury and death of Walter Tom.

22-27.  Plaintiff realleges paragraphs 24-29 of Count 1.

WHEREFORE, Plaintiff, LINDA ELLIS, as Special Administrator of the Estate of Walter Tom, Deceased, requests damages from Defendant, jointly and severally, with

Files:Tom 10 L 20:C and A:Amd Complaint.doc

the other Defendants named in this cause, in an amount in excess of $50,000 and
demands trial by jury.

### Count 8

As to Defendant, Owens-Illinois, Inc., as an alternative to Count 2, Plaintiff,
LINDA ELLIS, as Special Administrator of the Estate of Walter Tom, deceased,
complains of Defendant, OWENS-ILLINOIS, INC., as follows:

    1-21.   Plaintiff repeats and realleges paragraphs 1-21 of Count 7.

    22-23.  Plaintiff repeats and realleges paragraphs 24-25 of Count 1.

    24-26.  Plaintiff repeats and realleges paragraphs 26-28 of Count 2.

WHEREFORE, Plaintiff, LINDA ELLIS, as Special Administrator of the Estate
of Walter Tom, Deceased, requests damages from Defendant, jointly and severally, with
the other Defendants named in this cause, in an amount in excess of $50,000 and
demands trial by jury.

### Count 9

As to Defendant, OWENS-ILLINOIS, INC., as an alternative to Count 3,
Plaintiff, LINDA ELLIS, individually, complains of Defendant, OWENS-ILLINOIS,
INC., as follows:

    1-21.   Plaintiff repeats and realleges paragraphs 1-21 of Count 7.

    22-23.  Plaintiff repeats and realleges paragraphs 24-25 of Count 1.

    24-27.  Plaintiff repeats and realleges paragraphs 26-29 of Count 3.

WHEREFORE, Plaintiff, LINDA ELLIS, individually, requests damages from
Defendant, OWENS-ILLINOIS, Inc., in an amount in excess of $50,000 and demands
trial by jury.

Files:Tom 10 L 20:C and A:Amd Complaint.doc

LINDA ELLIS, Individually, and as
Special Administrator of the Estate
of WALTER TOM, Deceased,
Plaintiff,

_____ St Wood _____

WYLDER CORWIN KELLY LLP
Attorneys for Plaintiff
207 E. Washington, Suite 102
Bloomington, IL 61701
309/828-5099
SW/ew

Files:Tom 10 f. 20:C and A:Amd Complaint.doc

ATTACHMENT "A"

**OWENS-ILLINOIS, INC.**
  Kaylo pipecovering and block

**GARLOCK**
  Asbestos sheet packing/gasket material
  Asbestos packings
  Asbestos gaskets

**JOHN CRANE**
  Asbestos sheet packing/gasket material
  Asbestos packings
  Asbestos gaskets

**HONEYWELL**
  Asbestos-containing brake linings
  Asbestos-containing clutch facings

**WARREN PUMPS/AURORA PUMPS/YARWAY CORPORATION/BUFFALO PUMPS**
  Engineering Pumps with asbestos-containing gaskets
  Packaged asbestos-containing insulations for various engineering pumps

**RAPID-AMERICAN CORP.**
  85% Magnesia pipe covering, block and cement
  Super Light 85% Magnesia pipe covering and block
  All Temp pipe covering and block
  CareyTemp pipe covering and block
  Aircel pipe covering and block
  Careycel pipe covering and block
  Carocel pipe covering
  Defender pipe covering
  Excel pipe covering and block
  Glosscell pipe covering and block
  Multi-Ply pipe covering and block
  Asbestos Sponge pipe covering and block
  Fyrex pipe covering
  Tempcheck pipe covering, block and cement
  Hi-temp pipe covering, block and cement
  Careytemp 2000 block and cement
  Dual Careytemp pipe covering
  Spraycraft
  707 Cement

Files:Tom 10 I. 20:C and A:Amd Complaint.doc

Super 606 Cement
100 Cement
303 Cement
Careytemp Finishing Cement
MW-40 Cement
MW-50 Cement
LF-20 Asbestos Cement
Vitricel Cement
A-101 Cement
7M-90 Asbestos Shorts Cement
45-pound Asbestos Waterproof Jacket
Asbestos Rope & Wick
Asbestos Papers & Roll Boards
Asbestos Tank Jackets
Thermalite
Firefoil Board & Panel
Vitricel Asbestos Sheets
Thermotax-B
228 Fibrated Emulsion
Insulation Seal
Fire Resistant Insul Seal
Fibrous Adhesive
BTU Cement
Careytemp Adhesive
Thermo-bord
Industrial A-C Boards
Cemesto Board
Marine Panel
Millboards
Careyduct
Carey Asphalt Floor Tiles
Careyduct Adhesive
Ceiling Tiles
Celotex asbestos board
Celotex cement and muds
Celotex floor and ceiling tiles
Celotex adhesives

Files:Tom 10 L 20:C and A:Amd Complaint.doc