ECF

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:11-cv-03588-LLS

Crater et al v. 3M Company et al
Assigned to: Judge Louis L. Stanton
Case in other court: Supreme Court- New York County,
190135-11
Cause: 28:1441 Notice of Removal

Date Filed: 05/25/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Donald Crater**

**Plaintiff**

**Roberta Crater**

V.

**Defendant**

**3M Company**
*formerly known as*
Minnesota Mining & Manufacturing
Co.

represented by **Timothy John McHugh**
Lavin O'neil Ricci Cedrone & Disipio
190 N. Independence Mall West
Philadelphia, PA 19086
(212)-415-8202
Fax: (212)-319-6932
Email: tmchugh@lavin-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Advance Auto Parts, Inc.**
*Individually*

**Defendant**

**Advance Auto Parts, Inc.**
*as successor-in-interest to Western Auto
Supply Corporation*

**Defendant**

**Alpha Wire Corp.**

**Defendant**

**American Insulated Wire Corp.**

**Defendant**

**American Wire and Cable Co.**

**Defendant**

**A.O. Smith Water Products
Company**

**Defendant**

**American Standard, Inc.**          represented by   **Lisa M. Pascarella**
*Individually*                                        Braaten & Pascarella
                                                      2430 Route 34
                                                      Manasquan, NJ 08736
                                                      (732) 528-8888
                                                      Fax: (732) 528-4445
                                                      Email: kd@pehli.com
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**American Standard, Inc.**          represented by   **Lisa M. Pascarella**
*on behalf of its division The Trane*                 (See above for address)
*Company*                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Aurora Pump Company**

**Defendant**

**A.W. Chesterton CO., Inc.**

**Defendant**

**Belden Wire & Cable Co.**

**Defendant**

**Borg Warner Corporation**          represented by   **Anna Maria DiLonardo**
                                                      Weiner Lesniak, LLP
                                                      888 Veterans Memorial Highway
                                                      Hauppauge, NY 11788
                                                      (631)-232-6130
                                                      Fax: (631)-232-6184
                                                      Email: adilonardo@weinerlesniak.com
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Buffalo Pumps, Inc.**
*Division of Air & Liquid Systems
Corporation by merger*

**Defendant**

**Burnham Holdings, Inc.**
*as successor to Burnham Corporation*

**Defendant**

**BW/IP, Inc.**
*and its wholly owned subsidiaries*

<u>**Defendant**</u>

**Carrier Corporation**
*also known as*
Bryant Manufacturing Corporation

<u>**Defendant**</u>

**CBS Corporation**
*successor by merger to CBS*
*Corporation*
*formerly known as*
Viacom, Inc.
*formerly known as*
Westinghouse Electric Corporation

<u>**Defendant**</u>

**Cleaver-Brooks Inc.**

<u>**Defendant**</u>

**Crane Co.**

<u>**Defendant**</u>

**Crane Pumps & Systems, Inc.**

<u>**Defendant**</u>

**DANA Corporation**
*Individually*

<u>**Defendant**</u>

**DANA Corporation**
*and as successor to Victor Gaskets and*
*Smith and Kanzler*

<u>**Defendant**</u>

**Deming Pumps**

<u>**Defendant**</u>

**Durez Corporation**

<u>**Defendant**</u>

**Eaton Electrical, Inc.**
*formerly known as*
Cutler Hammer

<u>**Defendant**</u>

**Electric Switchboard Co.,Inc.**

**Defendant**

**Elliott Turbomachinery Co.**

**Defendant**

**Ericsson, Inc.**
*as successor-in-interest to Anaconda*
*Wire & Cable Co. and Continental*
*Wire and Cable Co.*

**Defendant**

**Federal Pacific Electric Company**

**Defendant**

**Federal Pump Corporation**

**Defendant**

**Fischback & Moore, Inc.**

**Defendant**

**FMC Corporation**
*on behalf of its former Peerless Pump*
*and Northern Pump Business*

**Defendant**

**Ford Motor Company**

**Defendant**

**Fort Kent Holdings, Inc.**
*formerly known as*
Dunham-Bush, Inc.

**Defendant**

**Foster Wheeler, LLC**                 represented by  **Afigo Ifeoma Okpewho**
                                                         SEDGWICK LLP
                                                         Three Gateway Center- 12th floor
                                                         Newark, NJ 07102
                                                         973-242-0002
                                                         Fax: 973-242-8099
                                                         Email: aokpewho@hkmpp.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Gardner Denver, Inc.**

**Defendant**

**General Cable Corporation**           represented by  **Lisa M. Pascarella**
*Individually*                                           (See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**General Cable Corporation**          represented by   **Lisa M. Pascarella**
*and as successor-in-interest to Carol*                 (See above for address)
*Cable Company, Inc.*                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**           represented by   **Afigo Ifeoma Okpewho**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**General Refractories Co.**

**Defendant**

**General Wire & Cable**

**Defendant**

**General Wire Products, Inc.**        represented by   **Andrew Feldman**
                                                        Feldman, Kieffer & Herman, LLP
                                                        110 Pearl Street
                                                        Buffalo, NY 14202
                                                        (716)852-5875
                                                        Fax: (716)-852-4253
                                                        Email: afeldman@fkhattys.com
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia-Pacific LLC**

**Defendant**

**Goulds Pumps Incorporated**

**Defendant**

**Grundfos Pumps Corporation**

**Defendant**

**Henry Vogt Machine Co.**

**Defendant**

**Honeywell International, Inc.**      represented by   **Donald Richard Pugliese , Sr.**
*as successor-in-interet to The Bendix*                 McDermott, Will & Emery, LLP (NY)
*Corporation*                                           340 Madison Avenue
*formerly known as*                                     New York, NY 10017
AlliedSignal, Inc.                                      (212)-547-5400
                                                        Fax: (212)-547-5444
                                                        Email: dpugliese@mwe.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Howden Buffalo, Inc.**

**Defendant**

**IMO Industries, Inc.**

**Defendant**

**Ingersol-Rand Company**          represented by   **Lisa M. Pascarella**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**J.H. France Refractories Co.**

**Defendant**

**Johnson Controls, Inc.**

**Defendant**

**Kentile Floors, Inc.**

**Defendant**

**Leviton Manufacturing Co.**

**Defendant**

**Lightolier Inc.**
*Individually*

**Defendant**

**Lightolier Inc.**
*and as Lightolier, a Division of Genlyte*
*Thomas Group, LLC*

**Defendant**

**National Lighting Company**

**Defendant**

**Peerless Electric Company**

**Defendant**

**Peerless Industries, Inc.**
*formerly doing business as*
Peerless Heater Co.

**Defendant**

**Peerless Lighting Corporation**

**Defendant**

**Pentair Pump Group, Inc.**

**Defendant**

**Progress Lighting, Inc.**                represented by **David H. Kochman**
                                           Harris Beach, PLLC (NYC)
                                           100 Wall Street
                                           23rd Floor
                                           New York, NY 10005
                                           (212)-687-0100
                                           Fax: (212)-687-0659
                                           Email: dkochman@harrisbeach.com
                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Rockbestos-Suprenant Cable Corp.**

**Defendant**

**Rockwell Automation Inc.**
*Individually*

**Defendant**

**Rockwell Automation Inc.**
*a successor by merger to Allen Bradley
Co.*

**Defendant**

**RSCC Wire & Cable, LLC**

**Defendant**

**Schneider Electric Corp.**

**Defendant**

**Siemens Energy & Automation, Inc.**
*Individually*

**Defendant**

**Siemens Energy & Automation, Inc.**
*as successor to I-T-E Circuit Breaker
Company*
*other*
Siemens Energy & Automation, Inc.

**Defendant**

**Spirax Sarco, Inc.**

**Defendant**

**Square D Company**

**Defendant**

**Taco, Inc.**

**Defendant**

**The Fulton Companies**
*Individually*

**Defendant**

**The Fulton Companies**
*as successor to Fulton Boiler Works,*
*Inc.*

**Defendant**

**The Okonite Company**                 represented by   **Theodore Vincent McCullough**
                                                          Segal McCambridge Singer &
                                                          Mahoney, Ltd.
                                                          Sears Tower, 233 S. Wacker Drive, Ste
                                                          5500
                                                          Chicago, IL 60606
                                                          (212) 912-3671
                                                          Fax: (212) 912-3667
                                                          Email: tmccullough@smsm.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**The Trane Company**                   represented by   **Lisa M. Pascarella**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**The W.M. Powell Company**

**Defendant**

**Thermo-Electric Co., Inc.**

**Defendant**

**Tyco Flow Control, Inc.**

**Defendant**

**Tyco Valves & Controls, In.**

**Defendant**

**Union Carbide Corp.**

**Defendant**

**United States Steel Corporation**
*successor by merger to the former USX*
*Corporation, successor-in-interest to*

*American Steel & Wire Company*
*formerly known as*
United States Steel, LLC

**Defendant**

**Velan Value Corporation**

**Defendant**

**Victor Wire & Cable Corp.**
*also known as*
Victor Wire & Cable LLC

**Defendant**

**Viking Pump Co., Inc.**

**Defendant**

**Warren Pumps**

**Defendant**

**Weil-McLain**
*a division of The Marley Company*

**Defendant**

**Yarway Corporation**

**Defendant**

**York Industries Inc.**

**Defendant**

**York International**

**Defendant**

**Yuba Heat Transfer, LLC**
*a division of Connell-Limited*
*Partnership*

**Defendant**

**Eaton Corporation**                    represented by   **Joseph P. LaSala**
                                                          McElroy, Deutsch, Mulvaney &
                                                          Carpenter, LLP(NJ)
                                                          Three Gateway Center - 100 Mulberry
                                                          Street
                                                          17th Floor
                                                          Newark, NJ 07102
                                                          (973) 425-8749
                                                          Fax: (973) 425-0161
                                                          Email: jlasala@mdmc-law.com
                                                          *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**3M Company**                          represented by **Timothy John McHugh**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*


V.

**Cross Defendant**

**Eaton Electrical, Inc.**

**Cross Defendant**

**The Trane Company**                   represented by **Lisa M. Pascarella**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*


**Cross Defendant**

**J.H. France Refractories Co.**

**Cross Defendant**

**Peerless Industries, Inc.**

**Cross Defendant**

**Warren Pumps**

**Cross Defendant**

**Alpha Wire Corp.**

**Cross Defendant**

**Schneider Electric Corp.**

**Cross Defendant**

**Crane Co.**

**Cross Defendant**

**Victor Wire & Cable Corp.**

**Cross Defendant**

**Burnham Holdings, Inc.**
*as successor to Burnham Corporation*

**Cross Defendant**

**Borg Warner Corporation**             represented by **Anna Maria DiLonardo**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*


**Cross Defendant**

**Goulds Pumps Incorporated**

**Cross Defendant**

**Spirax Sarco, Inc.**

**Cross Defendant**

**Pentair Pump Group, Inc.**

**Cross Defendant**

**Crane Pumps & Systems, Inc.**

**Cross Defendant**

**Union Carbide Corp.**

**Cross Defendant**

**Henry Vogt Machine Co.**

**Cross Defendant**

**IMO Industries, Inc.**

**Cross Defendant**

**Carrier Corporation**

**Cross Defendant**

**Thermo-Electric Co., Inc.**

**Cross Defendant**

**Weil-McLain**
*a division of The Marley Company*

**Cross Defendant**

**The Okonite Company**                    represented by  **Theodore Vincent McCullough**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**A.O. Smith Water Products
Company**

**Cross Defendant**

**Durez Corporation**

**Cross Defendant**

**Elliott Turbomachinery Co.**

**Cross Defendant**

**American Standard, Inc.**                 represented by  **Lisa M. Pascarella**
*Individually*                                            (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**The W.M. Powell Company**

<u>**Cross Defendant**</u>

**Rockwell Automation Inc.**
*a successor by merger to Allen Bradley
Co.*

<u>**Cross Defendant**</u>

**Yuba Heat Transfer, LLC**
*a division of Connell-Limited
Partnership*

<u>**Cross Defendant**</u>

**General Cable Corporation**                 represented by  **Lisa M. Pascarella**
*and as successor-in-interest to Carol*                      (See above for address)
*Cable Company, Inc.*                                        *ATTORNEY TO BE NOTICED*

<u>**Cross Defendant**</u>

**The Fulton Companies**
*Individually*

<u>**Cross Defendant**</u>

**Tyco Flow Control, Inc.**

<u>**Cross Defendant**</u>

**Rockwell Automation Inc.**
*Individually*

<u>**Cross Defendant**</u>

**York International**

<u>**Cross Defendant**</u>

**Kentile Floors, Inc.**

<u>**Cross Defendant**</u>

**DANA Corporation**
*and as successor to Victor Gaskets and
Smith and Kanzler*

<u>**Cross Defendant**</u>

**Fischback & Moore, Inc.**

<u>**Cross Defendant**</u>

**Johnson Controls, Inc.**

<u>**Cross Defendant**</u>

**Honeywell International, Inc.**
*as successor-in-interet to The Bendix
Corporation*

**Cross Defendant**

**Ford Motor Company**

**Cross Defendant**

**American Standard, Inc.**                    represented by   **Lisa M. Pascarella**
*on behalf of its division The Trane*                          (See above for address)
*Company*                                                      *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Belden Wire & Cable Co.**

**Cross Defendant**

**Siemens Energy & Automation, Inc.**
*Individually*

**Cross Defendant**

**General Wire & Cable**

**Cross Defendant**

**Howden Buffalo, Inc.**

**Cross Defendant**

**Grundfos Pumps Corporation**

**Cross Defendant**

**Viking Pump Co., Inc.**

**Cross Defendant**

**Peerless Lighting Corporation**

**Cross Defendant**

**Leviton Manufacturing Co.**

**Cross Defendant**

**Foster Wheeler, LLC**                        represented by   **Afigo Ifeoma Okpewho**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Taco, Inc.**

**Cross Defendant**

**Rockbestos-Suprenant Cable Corp.**

**Cross Defendant**

**BW/IP, Inc.**
*and its wholly owned subsidiaries*

**Cross Defendant**

**Ingersol-Rand Company**                    represented by **Lisa M. Pascarella**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Georgia-Pacific LLC**

**Cross Defendant**

**Lightolier Inc.**
*Individually*

**Cross Defendant**

**Peerless Electric Company**

**Cross Defendant**

**Lightolier Inc.**
*and as Lightolier, a Division of Genlyte*
*Thomas Group, LLC*

**Cross Defendant**

**Buffalo Pumps, Inc.**
*Division of Air & Liquid Systems*
*Corporation by merger*

**Cross Defendant**

**The Fulton Companies**
*as successor to Fulton Boiler Works,*
*Inc.*

**Cross Defendant**

**Deming Pumps**

**Cross Defendant**

**Siemens Energy & Automation, Inc.**
*as successor to I-T-E Circuit Breaker*
*Company*

**Cross Defendant**

**Cleaver-Brooks Inc.**

**Cross Defendant**

**DANA Corporation**
*Individually*

**Cross Defendant**

**FMC Corporation**
*on behalf of its former Peerless Pump*

*and Northern Pump Business*

**Cross Defendant**

**Progress Lighting, Inc.**

**Cross Defendant**

**A.W. Chesterton CO., Inc.**

**Cross Defendant**

**National Lighting Company**

**Cross Defendant**

**General Electric Company**                 represented by   **Afigo Ifeoma Okpewho**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Yarway Corporation**

**Cross Defendant**

**General Wire Products, Inc.**

**Cross Defendant**

**RSCC Wire & Cable, LLC**

**Cross Defendant**

**CBS Corporation**
*successor by merger to CBS*
*Corporation*

**Cross Defendant**

**Fort Kent Holdings, Inc.**

**Cross Defendant**

**Gardner Denver, Inc.**

**Cross Defendant**

**Aurora Pump Company**

**Cross Defendant**

**York Industries Inc.**

**Cross Defendant**

**United States Steel Corporation**
*successor by merger to the former USX*
*Corporation, successor-in-interest to*
*American Steel & Wire Company*

**Cross Defendant**

**Advance Auto Parts, Inc.**
*as successor-in-interest to Western Auto*
*Supply Corporation*

**Cross Defendant**

**Square D Company**

**Cross Defendant**

**Ericsson, Inc.**
*as successor-in-interest to Anaconda*
*Wire & Cable Co. and Continental*
*Wire and Cable Co.*

**Cross Defendant**

**3M Company**                              represented by **Timothy John McHugh**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Tyco Valves & Controls, In.**

**Cross Defendant**

**American Wire and Cable Co.**

**Cross Defendant**

**General Refractories Co.**

**Cross Defendant**

**General Cable Corporation**               represented by **Lisa M. Pascarella**
*Individually*                                             (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Federal Pump Corporation**

**Cross Defendant**

**American Insulated Wire Corp.**

**Cross Defendant**

**Velan Value Corporation**

**Cross Defendant**

**Electric Switchboard Co.,Inc.**

**Cross Defendant**

**Federal Pacific Electric Company**

**Cross Defendant**

**Advance Auto Parts, Inc.**
*Individually*

**Counter Claimant**

**3M Company**                           represented by **Timothy John McHugh**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*


V.

**Counter Defendant**

**Donald Crater**

**Counter Defendant**

**Roberta Crater**

**Cross Claimant**

**General Wire Products, Inc.**          represented by **Andrew Feldman**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*


V.

**Cross Defendant**

**Advance Auto Parts, Inc.**
*as successor-in-interest to Western Auto
Supply Corporation*

**Cross Defendant**

**Alpha Wire Corp.**

**Cross Defendant**

**American Insulated Wire Corp.**

**Cross Defendant**

**American Standard, Inc.**              represented by **Lisa M. Pascarella**
*Individually*                                            (See above for address)
                                                          *ATTORNEY TO BE NOTICED*


**Cross Defendant**

**American Standard, Inc.**              represented by **Lisa M. Pascarella**
*on behalf of its division The Trane*                     (See above for address)
*Company*                                                 *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**American Wire and Cable Co.**

**Cross Defendant**

**Aurora Pump Company**

**Cross Defendant**

**BW/IP, Inc.**
*and its wholly owned subsidiaries*

**Cross Defendant**

**Belden Wire & Cable Co.**

**Cross Defendant**

**Borg Warner Corporation**                    represented by   **Anna Maria DiLonardo**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Buffalo Pumps, Inc.**
*Division of Air & Liquid Systems
Corporation by merger*

**Cross Defendant**

**Burnham Holdings, Inc.**
*as successor to Burnham Corporation*

**Cross Defendant**

**CBS Corporation**
*successor by merger to CBS
Corporation*

**Cross Defendant**

**Carrier Corporation**

**Cross Defendant**

**Cleaver-Brooks Inc.**

**Cross Defendant**

**Crane Co.**

**Cross Defendant**

**Crane Pumps & Systems, Inc.**

**Cross Defendant**

**DANA Corporation**
*and as successor to Victor Gaskets and
Smith and Kanzler*

**Cross Defendant**

**DANA Corporation**

*Individually*

**Cross Defendant**

**Deming Pumps**

**Cross Defendant**

**Durez Corporation**

**Cross Defendant**

**Eaton Electrical, Inc.**

**Cross Defendant**

**Electric Switchboard Co.,Inc.**

**Cross Defendant**

**Elliott Turbomachinery Co.**

**Cross Defendant**

**Ericsson, Inc.**
*as successor-in-interest to Anaconda
Wire & Cable Co. and Continental
Wire and Cable Co.*

**Cross Defendant**

**FMC Corporation**
*on behalf of its former Peerless Pump
and Northern Pump Business*

**Cross Defendant**

**Federal Pacific Electric Company**

**Cross Defendant**

**Federal Pump Corporation**

**Cross Defendant**

**Fischback & Moore, Inc.**

**Cross Defendant**

**Ford Motor Company**

**Cross Defendant**

**Fort Kent Holdings, Inc.**

**Cross Defendant**

**Foster Wheeler, LLC**                    represented by   **Afigo Ifeoma Okpewho**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Gardner Denver, Inc.**

**Cross Defendant**

**General Cable Corporation**          represented by   **Lisa M. Pascarella**
*Individually*                                         (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Cable Corporation**          represented by   **Lisa M. Pascarella**
*and as successor-in-interest to Carol*                (See above for address)
*Cable Company, Inc.*                                  *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Electric Company**           represented by   **Afigo Ifeoma Okpewho**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Refractories Co.**

**Cross Defendant**

**General Wire & Cable**

**Cross Defendant**

**General Wire Products, Inc.**        represented by   **Andrew Feldman**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Georgia-Pacific LLC**

**Cross Defendant**

**Goulds Pumps Incorporated**

**Cross Defendant**

**Grundfos Pumps Corporation**

**Cross Defendant**

**Henry Vogt Machine Co.**

**Cross Defendant**

**Honeywell International, Inc.**       represented by   **Donald Richard Pugliese , Sr.**
*as successor-in-interet to The Bendix*                (See above for address)
*Corporation*                                          *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Howden Buffalo, Inc.**

**Cross Defendant**

**IMO Industries, Inc.**

**Cross Defendant**

**Ingersol-Rand Company**                represented by **Lisa M. Pascarella**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**J.H. France Refractories Co.**

**Cross Defendant**

**Johnson Controls, Inc.**

**Cross Defendant**

**Kentile Floors, Inc.**

**Cross Defendant**

**Leviton Manufacturing Co.**

**Cross Defendant**

**Lightolier Inc.**
*Individually*

**Cross Defendant**

**Lightolier Inc.**
*and as Lightolier, a Division of Genlyte*
*Thomas Group, LLC*

**Cross Defendant**

**3M Company**                          represented by **Timothy John McHugh**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**A.O. Smith Water Products**
**Company**

**Cross Defendant**

**A.W. Chesterton CO., Inc.**

**Cross Defendant**

**Advance Auto Parts, Inc.**
*Individually*

**Cross Defendant**

**National Lighting Company**

**Cross Defendant**

**Peerless Electric Company**

**Cross Defendant**

**Peerless Industries, Inc.**

**Cross Defendant**

**Peerless Lighting Corporation**

**Cross Defendant**

**Pentair Pump Group, Inc.**

**Cross Defendant**

**Progress Lighting, Inc.**                          represented by  **David H. Kochman**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**RSCC Wire & Cable, LLC**

**Cross Defendant**

**Rockbestos-Suprenant Cable Corp.**

**Cross Defendant**

**Rockwell Automation Inc.**
*a successor by merger to Allen Bradley
Co.*

**Cross Defendant**

**Rockwell Automation Inc.**
*Individually*

**Cross Defendant**

**Schneider Electric Corp.**

**Cross Defendant**

**Siemens Energy & Automation, Inc.**
*Individually*

**Cross Defendant**

**Siemens Energy & Automation, Inc.**
*as successor to I-T-E Circuit Breaker
Company*

**Cross Defendant**

**Spirax Sarco, Inc.**

**Cross Defendant**

**Square D Company**

**Cross Defendant**

**Taco, Inc.**

**Cross Defendant**

**The Fulton Companies**
*Individually*

**Cross Defendant**

**The Fulton Companies**
*as successor to Fulton Boiler Works,*
*Inc.*

**Cross Defendant**

**The Okonite Company**                 represented by **Theodore Vincent McCullough**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**The Trane Company**                    represented by **Lisa M. Pascarella**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**The W.M. Powell Company**

**Cross Defendant**

**Thermo-Electric Co., Inc.**

**Cross Defendant**

**Tyco Flow Control, Inc.**

**Cross Defendant**

**Tyco Valves & Controls, In.**

**Cross Defendant**

**Union Carbide Corp.**

**Cross Defendant**

**United States Steel Corporation**
*successor by merger to the former USX*
*Corporation, successor-in-interest to*
*American Steel & Wire Company*

**Cross Defendant**

**Velan Value Corporation**

**Cross Defendant**

**Victor Wire & Cable Corp.**

**Cross Defendant**

**Viking Pump Co., Inc.**

**Cross Defendant**

**Warren Pumps**

**Cross Defendant**

**Weil-McLain**
*a division of The Marley Company*

**Cross Defendant**

**Yarway Corporation**

**Cross Defendant**

**York Industries Inc.**

**Cross Defendant**

**York International**

**Cross Defendant**

**Yuba Heat Transfer, LLC**
*a division of Connell-Limited
Partnership*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/25/2011 | 1 | NOTICE OF REMOVAL from State Supreme, County of New York. Case Number: 190135-11. (Filing Fee $ 350.00, Receipt Number 7694).Document filed by Foster Wheeler, LLC, General Electric Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C-1, # 4 Exhibit C-2, # 5 Exhibit C-3, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q)(ama) (Entered: 05/27/2011) |
| 05/25/2011 | | Magistrate Judge Debra C. Freeman is so designated. (ama) (Entered: 05/27/2011) |
| 05/25/2011 | | Case Designated ECF. (ama) (Entered: 05/27/2011) |
| 05/25/2011 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Foster Wheeler AG; Foster Wheeler Ltd. (Bermuda); Foster Wheeler Holdings Ltd.; Foster Wheeler LLC (Delaware); Foster Wheeler Inc. (Delaware); Foster Wheeler North America Corp.; Foster Wheeler Energy Corporation as Corporate Parent. Document filed by Foster Wheeler, LLC.(ama) (Entered: 05/27/2011) |

| | | |
|---|---|---|
| 05/25/2011 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by General Electric Company.(ama) (Entered: 05/27/2011) |
| 05/31/2011 | 4 | NOTICE OF APPEARANCE by Lisa M. Pascarella on behalf of General Cable Corporation(and as successor-in-interest to Carol Cable Company, Inc.), General Cable Corporation(Individually) (Pascarella, Lisa) (Entered: 05/31/2011) |
| 05/31/2011 | 5 | NOTICE OF APPEARANCE by Lisa M. Pascarella on behalf of Ingersol-Rand Company (Pascarella, Lisa) (Entered: 05/31/2011) |
| 05/31/2011 | 6 | NOTICE OF APPEARANCE by Lisa M. Pascarella on behalf of American Standard, Inc.(Individually), American Standard, Inc.(on behalf of its division The Trane Company), The Trane Company (Pascarella, Lisa) (Entered: 05/31/2011) |
| 06/01/2011 | 7 | ORDER FOR CONFERENCE PURSUANT TO RULE 16(b) Case Management Conference set for 7/29/2011 at 11:00 AM in Courtroom 21C, 500 Pearl Street, New York, NY 10007 before Judge Louis L. Stanton. (Signed by Judge Louis L. Stanton on 5/31/11) (cd) (Entered: 06/01/2011) |
| 06/09/2011 | 8 | NOTICE OF APPEARANCE by Anna Maria DiLonardo on behalf of Borg Warner Corporation (DiLonardo, Anna) (Entered: 06/09/2011) |
| 06/09/2011 | 9 | NOTICE OF APPEARANCE by Theodore Vincent McCullough on behalf of The Okonite Company (McCullough, Theodore) (Entered: 06/09/2011) |
| 06/09/2011 | 10 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by The Okonite Company.(McCullough, Theodore) (Entered: 06/09/2011) |
| 06/13/2011 | 11 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by 3M Company. (Attachments: # 1 Affidavit of Service)(McHugh, Timothy) (Entered: 06/13/2011) |
| 06/13/2011 | 12 | ANSWER to Complaint with JURY DEMAND., CROSSCLAIM against All Defendants., COUNTERCLAIM against All Plaintiffs. Document filed by 3M Company. (Attachments: # 1 Affidavit of Service)(McHugh, Timothy) (Entered: 06/13/2011) |
| 06/14/2011 | 13 | NOTICE OF APPEARANCE by David H. Kochman on behalf of Progress Lighting, Inc. (Kochman, David) (Entered: 06/14/2011) |
| 06/16/2011 | 14 | NOTICE OF APPEARANCE by Donald Richard Pugliese, Sr on behalf of Honeywell International, Inc. (Pugliese, Donald) (Entered: 06/16/2011) |
| 06/16/2011 | 15 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Honeywell International, Inc..(Pugliese, Donald) (Entered: 06/16/2011) |
| 06/17/2011 | 16 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying United Wire & Cable Corporation as Corporate Parent. Document filed by General Wire Products, Inc..(Feldman, Andrew) (Entered: 06/17/2011) |
| | | |

| 06/17/2011 | 17 | ANSWER to 12 Crossclaim., CROSSCLAIM against All Defendants. Document filed by General Wire Products, Inc..(Feldman, Andrew) (Entered: 06/17/2011) |
| 06/21/2011 | 18 | NOTICE OF APPEARANCE by Joseph P. LaSala on behalf of Eaton Corporation (LaSala, Joseph) (Entered: 06/21/2011) |
| 06/21/2011 | 19 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Eaton Corporation.(LaSala, Joseph) (Entered: 06/21/2011) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/28/2011 12:38:35 | | |
| **PACER Login:** | jp0001 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** 1:11-cv-03588-LLS |
| **Billable Pages:** | 15 | **Cost:** 1.20 |



JUDGE STANTON

11 CV 3588

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DONALD CRATER and ROBERTA CRATER | § § § | |
| Plaintiffs, | § § § | CIVIL ACTION NO. |
| VS. | § § | |
| 3M COMPANY, et al. | § § | |
| Defendants. | § | |

## FOSTER WHEELER LLC AND GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446, Defendants Foster Wheeler LLC and General Electric Company (collectively referred to as "Defendants" or individually as "Foster Wheeler" and "GE") give notice of removal of an action filed against them in the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. In support, Defendants respectfully offer the following:

### Preliminary Matters

1. On or about April 11, 2011, plaintiffs filed this lawsuit, entitled Donald Crater and Roberta Crater, Index No. 11/190135, against Foster Wheeler, GE and other defendants in the Supreme Court of New York, New York County. *See* Summons and Complaint attached hereto as Exhibit A.

2. Plaintiffs served GE with plaintiffs' Summons and Complaint on May 1, 2011, and served Foster Wheeler on May 2, 2011. The Complaint, however, did not state plaintiffs' claims in a

manner or in sufficient detail to inform Defendants that the case was removable. *See Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 698 (S.D. Tex. 2002) (stating that if the initial pleading does not provide details of plaintiff's claims, the 30-day time period begins on the date defendant receives "other paper" specifically indicating grounds for removal). On May 1, 2011, Defendants received a copy of Plaintiffs' Answers to Defendants' Interrogatories ("Interrogatory Responses"). *See* Plaintiffs' Interrogatory Responses attached hereto as Exhibit B. The Interrogatory Responses include allegations that plaintiff Donald Crater was injured as a result of exposure to asbestos while serving in the U.S. Navy from 1954 to 1958. *Id.* More specifically, there are allegations of exposure to asbestos while aboard the USS Cassin Young. *Id.*

3. Thus, this Notice of Removal is timely filed in that it is filed within thirty (30) days after the first receipt by Defendants of "other paper" from which they ascertained that this case is removable. 28 U.S.C. § 1446(b).

### Nature Of The Case

4. The case is based on plaintiffs' allegations that Donald Crater's asbestos-related disease, specifically mesothelioma, was caused by his exposure to asbestos dust and/or fibers.

5. Plaintiffs assert failure to warn claims, manufacturing and design defect claims, along with strict liability and negligence claims against Foster Wheeler, GE and the other defendants.

### Grounds For Removal

6. This Notice of Removal is filed within thirty (30) days of Defendants' receipt of plaintiffs' Interrogatory Responses, which constitutes "other paper". 28 U.S.C. § 1446(b). Foster Wheeler manufactured marine boilers and auxiliary equipment for use on Navy ships pursuant to contracts and specifications executed by the Navy. Foster Wheeler has confirmed that it manufactured the economizers, on the USS Cassin Young. In addition, GE manufactured marine

2

steam turbines for use on Navy ships pursuant to contracts and specifications executed by the Navy. GE has confirmed that its marine steam turbines were on the USS Cassin Young. Thus, the basis for removal is that, in the manufacture and sale of boilers, turbines and other equipment for the Navy, including all aspects of warnings associated with that equipment, Defendants were acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

7.      Should plaintiffs file a motion to remand this case, Defendants respectfully request an opportunity to respond more fully in writing, but offer the following authorities at this time:

8.      As recently recognized in a landmark decision by the United States District Court for the Eastern District of Pennsylvania (MDL-875) in *Hagen v. Benjamin Foster Co.*, Case No. 2:07-cv-63346-ER (E.D. Pa. Sept. 24, 2010), Defendants have a federal defense to this action. *See Hagen* (attached hereto as Exhibit C). In examining virtually identical evidence submitted in the case at bar, Judge Eduardo C. Robreno found that Foster Wheeler and GE raised a colorable defense to plaintiff's failure to warn claims, *i.e.,* government contractor immunity from liability for injuries arising from any exposure to asbestos related to boilers, turbines and auxiliary equipment aboard Navy vessels, insofar as they were designed and manufactured by Foster Wheeler and GE according to strict Navy specifications. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

9.      In reaching his conclusion, Judge Robreno discussed in detail the three elements necessary for removal under this statute. First, a defendant must demonstrate that it is a "person" within the meaning of the statute. *Id.* at 446. The definition of a "person" includes a corporation.

3

*Hagen* at p.13. Second, defendants must raise a colorable claim to a federal law defense. *Id.* As previously stated, a colorable claim to a federal defense can be predicated upon the federal government contractor defense. *Id.* at p. 15. Third, the defendant must establish that the suit is for any act under color of federal office, i.e., there is a causal connection between the charged conduct and asserted official authority. *Id.* at p. 32. Causation exists if the predicate acts of the state court suit were undertaken while the person was acting as or under a federal officer, and the acts were under color of the relevant federal office. *Id.*

10. The first and third elements require a substantial degree of direct and detailed federal control over defendant's work and a causal nexus between the defendant's actions under the federal officer and plaintiff's state court claims. *Id.* at 447. *Id.* Although set forth in the statute as two separate requirements, Judge Robreno recognized that the evidentiary similarities between the "acting under" and "causal nexus" prongs have often prompted courts to collapse them into one single requirement. *Hagen* at p. 33 [*citing Good v. Armstrong World Indus., Inc.* 914 F.Supp. 1125, 1128 (E.D. Pa 1996)("The 'acting under' language in the statute forces [the defendant] to show a causal nexus between the plaintiff's claims and the conduct taken pursuant to direction from a federal officer.")].

11. What constitutes sufficient federal control is often central to a court's decision to uphold removal or remand a case. Like the Eastern District of Pennsylvania in *Hagen*, federal courts across the country have upheld removal because defendants were sued as a result of designing and manufacturing products pursuant to detailed and strict military specifications. *See Corley v. Long-Lewis, Inc.,* 688 F.Supp.2d 1315, 1331 (N.D. Ala. 2010)(attached hereto as Exhibit D)(removal upheld where affidavits stated Navy dictated all aspects of design, performance requirements and materials for construction of turbines); *Fellows v. Foster Wheeler, et al.*, Case No. 3:09cv10015JG

4

(N.D. Ohio Aug. 21, 2009)(Foster Wheeler provided "ample substantiation" to establish a colorable government contractor defense)(attached hereto as Exhibit E); *Curry v. American Standard, Inc., et al.,* 08-cv-10228(GBD)(S.D.N.Y. Feb. 6, 2009)(attached hereto as Exhibit F)(Foster Wheeler proffered sufficient evidence of government control over the contract specifications, manuals and warnings to demonstrate that it had a colorable government contractor defense); *Salamante v. Quintec Indus., Inc., et al.,* CV 08-4674 PA (JTLx)(C.D.Cal Sept. 22, 2008)(attached hereto as Exhibit G)(Foster Wheeler submitted sufficient evidence for purposes of section 1442(a)(1) to demonstrate that the Navy's control over warnings directly interfered with its duty to warn under state law); *Kirks v. General Electric Co.*, Case No. 08-856SLR, and *Wiersma v. General Electric Co.*, Case No. 08-857SLR (D. Del. Sept. 17, 2009)(attached hereto as Exhibit H)(affidavits submitted by GE demonstrated that defendant established a colorable government contractor defense and thus GE satisfied the requirements of the federal officer removal statute); *Allen v. General Electric Co., et al.*, Case No. 3:09-cv-0497 (JCH)(D.Conn. Aug. 27, 2009)(attached hereto as Exhibit I)(denying remand where Defendants' affidavits established the existence of a colorable government contractor defense); *Wright v. Foster Wheeler, et al.*, C07-05403 MJJ (N.D.Cal. Feb. 21, 2008)(attached hereto as Exhibit J)(removal was proper as Foster Wheeler provided sufficient evidence supporting a finding that the Navy had direct and detailed control over its ability to place warnings on its equipment manufactured for the Navy and according to precise Navy specifications); *Marley v. Elliot Turbomachinery Co., et al.*, 545 F.Supp.2d 1266, 1275 (S.D.Fla. 2008)(attached hereto as Exhibit K)(affidavits submitted by defendants sufficient to advance a colorable government contractor defense and establish a nexus between plaintiff's injuries and defendants' official duties).

12.     As detailed in *Hagen*, critical to the defendant's evidence is whether defendant has demonstrated sufficient facts establishing that its government contractor defense is "colorable"[1] or "plausible". *See Hagen* at p. 27. In the context of a "failure to warn" case, **the defendant need not show that the Navy expressly barred or broadly preempted the inclusion of asbestos warnings on its products**. *Id.* at p.19. *See also Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431, 438 (5th Cir.) *cert. denied* 531 U.S. 919 (2000)(government contractor defense is available in "failure to warn" claims where the evidence shows that the lack of a warning reflects governmental direction or control rather than the unfettered discretion of the product's manufacturer, and applies wherever: 1) the government approved or authorized the warnings which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings as approved or authorized by the government; and 3) the manufacturer warned the government as to any product hazards known by the manufacturer but unknown by the government. *Kerstetter,* 210 F.3d at 438).

13.     In constructing its marine steam turbines for the Navy, GE acted under the direction of a federal officer. *See* Affidavit of David Hobson attached hereto as Exhibit L. GE manufactured and designed the marine steam turbines at issue according to precise, detailed specifications promulgated by Navy Sea Systems Command. *Id.* at ¶ 6. Additionally, an Inspector of Naval Machinery, who had offices on the premises of GE's plants, personally oversaw the manufacturing process and enforced compliance with the Navy design specifications. *Id.* at ¶¶ 7-19. Further, the turbines were subject to various tests and trials supervised by the Navy before they were approved for use on military vessels. *Id.* at ¶¶ 20-21. Moreover, the Navy, as one of the world's leaders in

---

[1] The *Hagen* court distinguished the showing of a "colorable" defense required for removal from the ultimate evidentiary showing at trial, and ruled that the colorable defense standard for purposes of removal "is not an onerous one to satisfy." *Id.* at p. 21. Thus, "a defense is colorable for purposes of determining jurisdiction under Section 1442 (a)(1) if the defendant asserting it identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial." *Id.* at p. 27.

6

industrial hygiene state-of-the-art at the time, would have possessed information superior to its equipment suppliers such as GE. In sum, virtually no aspect of the design and manufacture of the marine steam turbines at issue escaped the close control of the Navy and its officers.

14.     As stressed in *Kerstetter*, "[t]he government need not prepare the specifications to be considered to have approved them." *Id.* at 435. The only material issue is whether the manufacturer's designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. *Id.* While this determination is necessarily fact specific, "substantial review" has plainly been shown upon evidence of a "`continuous back and forth' between the contractor and the government." *Id.* In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id.* Once again, applying these general principles to "failure to warn" claims, the fact that governmental specifications or regulations did not specifically preclude the exact warning desired by the plaintiff does not take a "failure to warn" claim outside the scope of the government contractor defense so long as the government was involved generally as to the issue of product warnings (or specifically approved the warnings provided by the contractor) and was generally aware of the hazard in question. *Id.* at 438. Stated another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in the first place." *Id.* at 438.

15.     The present case is substantially similar to *Kerstetter* and *Hagen, supra.* As explained by David Hobson for GE:

> [T]he Navy exercised intense direction and control over all written documentation and any safety or caution information that the navy, in its sole discretion, directed be provided with these [GE] turbines.
>
> The U.S. Navy had precise specifications, practices and procedures that governed the content of any communication affixed to machinery supplied by GE to the Navy. GE

7

would not have been permitted, under the specifications, associated regulations and procedures, and especially under the actual practice as it evolved in the field, to affix any type of warning or caution statement to a piece of equipment intended for installation onto a naval vessel, beyond those required by the Navy.

[T]he U.S. Navy had precise specifications, practices and procedures as to the nature of written materials to be delivered with its naval turbines, such as engineering drawings, test reports, and other technical data that could be used as needed by shipboard engineering officers during the life of the equipment. Some of the material was typically compiled into a volume that was generically called a "technical manual." The Navy required that every piece of equipment be supplied with a defined number of copies of one or more technical manuals. Navy personnel participated intimately in the preparation of this kind of information and exercised specific direction and control over its contents. These manuals included safety information related to the operation of naval turbines only to the extent directed by the Navy.

[T]he Navy, not GE, determined the nature of warnings communicated to naval personnel in relation to shipboard equipment and materials.

*See* Additional Affidavit of David Hobson attached hereto as Exhibit L at ¶¶ 2-6.

16.    Similarly, as explained by J. Thomas Schroppe for Foster Wheeler:

The Navy exercised intense direction and control over all written documentation to be delivered with its naval boilers...The Navy required that every piece of equipment be supplied with a defined number of copies of one or more technical manuals. Navy personnel participated intimately in the preparation of this kind of information and exercised specific direction and control over its contents. These manuals included safety information related to the operation of naval boilers only to the extent directed by the Navy.

Furthermore, the Navy had precise specifications, practices and procedures that governed the content of any communication affixed to machinery supplied by Foster Wheeler to the Navy. Foster Wheeler would not be permitted, under the specifications, associated regulations and procedures, and especially under actual practice as it evolved in the field, to affix any type of warning or caution statement to a piece of equipment intended for installation onto a Navy vessel, beyond those required by the Navy.

*See* Affidavit of J. Thomas Schroppe attached hereto as Exhibit M at ¶¶ 21 and 22.

17.    Thus, the presence or absence of warnings regarding defendants' equipment was strictly controlled by the Navy - and a clear basis for removal exists under § 1442(a)(1).

8

18.　　In further support of the removal, GE provides the Affidavit of Admiral Ben J. Lehman, U.S. Navy, Ret. *See* Affidavit of Admiral Lehman attached hereto as Exhibit N. Admiral Lehman joined the Navy in 1942 and worked as Ship Superintendent and Planning Officer at the Brooklyn Navy Yard between 1942 and 1944, as Ship Superintendent at the San Francisco Naval Shipyard from 1950 to 1952, and as Planning Officer at the Assistant Industrial Manager Office in San Francisco from 1952 to 1054. *Id.* at ¶ 1. He also worked as an engineer at GE between 1946 and 1948. *Id.* During his tenure in the Navy and as Ship Superintendent, Admiral Lehman was personally involved with the supervision and oversight of ship alterations and equipment over hauls at the Brooklyn Navy Yard. *Id.* at ¶ 3. Admiral Lehman states in his Affidavit the Navy controlled every aspect of the design and manufacture of equipment intended for installation on Navy vessels and that the Navy could not, and did not, permit its contractors to implement changes from military specifications. *Id.* at ¶¶ 2 and 3. He further states that in the 1940s and afterward, the Navy had complete control over every aspect of each piece of equipment including instructions, warnings, drawings, nameplates, texts of instruction manuals and "every other document relating to the construction, maintenance and operation" of equipment of its vessels. *Id.* at ¶ 4.

19.　　Moreover, in further support of the removal, Foster Wheeler provides an additional Affidavit of Admiral Lehman. *See* Additional Affidavit of Admiral Lehman attached hereto as Exhibit O. Admiral Lehman states:

> The U.S. Navy would not have allowed its equipment suppliers, such as Foster Wheeler, to affix any warning related to any asbestos hazards on their equipment. This would have included boilers. Further, the U.S. Navy would not have allowed Foster Wheeler to place any warnings related to asbestos hazards in any written material provided by Foster Wheeler to the U.S. Navy or to a U.S. Navy contractor in accordance with its contracts, including its technical and operations manuals. To do so would have interfered with the U.S. Navy's mission and control of its ships and personnel.

9

*Id.* at ¶ 14.

20.     These facts have been held sufficient to support removal in a similar case. *See Nesbiet v. General Electric Company, et al.*, 04 CV 9321 (S.D.N.Y March 28, 2005) attached hereto as Exhibit P. In fact, in another recent case removed for the same reasons, the Court, in denying plaintiffs' Motion to Remand, noted that "[p]laintiffs concede the obvious—the federal officer removal statute, which has been applied to government contractors, permits a federal contractor defendant to remove a case in which no federal claim is asserted, as long as the defendant intends to assert a defense dependent on federal law (i.e., federal officer immunity, based on the following of government specifications in the manufacture of the asbestos-containing product)." *See Frawley v. General Electric Company, et al.*, 06 CV 15395 (S.D.N.Y. March 1, 2007) at page 3 attached hereto as Exhibit Q. Clearly, defendants' Affidavits support federal removal jurisdiction under 28 U.S.C. § 1442(a)(1) and the federal nexus to defendants' actions has been established.

21.     Thus, as established by the MDL court in *Hagen*, the affidavits provided by J. David Hobson, Thomas Schroppe, and Admiral Ben J. Lehman in this case are more than sufficient to establish "Federal Officer" jurisdiction, as well as a colorable defense under the "Government Contractor" doctrine. Nowhere is it required that Foster Wheeler or GE produce physical contracts to prove the Navy's extensive direction and control over product specifications to satisfy the requirements of § 1442(a)(1). To promote judicial efficiency and consistency, the central purpose behind MDL-875, this Court should defer to the decision made by the MDL court in *Hagen*, and uphold removal.

22.     A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976). The federal

10

officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 405 (1960).

23.    Defendants are not required to notify and obtain the consent of any other defendant in this action in order to remove plaintiffs' action as a whole under § 1442(a)(1). *See Torres v. CBS News*, 854 F.Supp. 245 (S.D.N.Y. 1994)

24.    As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon Defendants are being filed with this Notice of Removal.

## Conclusion

25.    Removal of this action is proper under 28 U.S.C. § 1442, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1442(a)(1) because Defendants were acting under an officer or agency of the United States.

WHEREFORE, Foster Wheeler and GE, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action for trial from the Supreme Court of the State of New York, New York County, on this 25th day of May, 2011.

Respectfully Submitted,

SEDGWICK LLP

By: _____

Afigo Okpewho
Three Gateway Center - 12th Floor
Newark, New Jersey 07102
(973) 242-0002
(973) 242-8099 - fax
Afigo.okpewho@sedgwicklaw.com
Counsel for Defendants Foster Wheeler
LLC and General Electric Company

DATED:    May 25, 2011

11

**cc: Via Hand Delivery**

Patrick Timmins
LEVY PHILLIPS & KONIGSBERG, LLP
800 Third Avenue, 13th Floor
New York, NY 10022
(212) 605-6200
ATTORNEYS FOR PLAINTIFFS

All Known Defense Counsel (via email and/or regular mail)