Docket Sheet

(VBKx), DISCOVERY, RELATED-G

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:11-cv-04270-R -VBK

Walter Nielsen et al v. AECOM Technology Corporation et al

Assigned to: Judge Manuel L. Real

Referred to: Magistrate Judge Victor B. Kenton

Related Case: 2:07-cv-02241-R-JTL

Case in other court: Superior Court of CA Los Angeles County, BC455507

Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 05/18/2011

Jury Demand: Both

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Federal Question

**Plaintiff**

**Walter Nielsen**                    represented by  **Jennifer L Bartlett**
Simon Eddins and Greenstone LLP
301 E Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Jordan Blumenfeld-James**
Simon Eddins & Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: jbj@seglaw.com
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
Simon Eddins and Greenstone LLP
301 East Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: reddins@seglaw.com
*ATTORNEY TO BE NOTICED*

**Stuart J Purdy**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400

Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Arleen Nielsen**                           represented by **Jennifer L Bartlett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Blumenfeld-James**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart J Purdy**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AECOM Technology Corporation**
*(sued as successor to Daniel, Mann,
Johnson & Mendenhall aka DMJM)*

**Defendant**

**Aerojet General Corporation**

**Defendant**

**Air Products and Chemicals Inc**          represented by **Kevin D Jamison**
Pond North LLP
350 South Grand Avenue Suite 3300
Los Angeles, CA 90071
213-617-7170
Fax: 213-623-3594
Email: kjamison@pondnorth.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ARMCO Steel Corporation**                 represented by **Michaela Battista Sozio**
*AK Steel Corporation formerly known*       Tressler, LLP
*as Armco Steel Corporation sued as*        1901 Avenue of the Stars Suite 450
*successor by merger to ARMCO*              Los Angeles, CA 90067-6006
*Drainage and Metal Products*               310-203-4800
Email: msozio@tresslerllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua James Marx**
Tressler LLP
1901 Avenue of the Stars Suite 450
Los Angeles, CA 90067
310-203-4800
Fax: 310-203-4850
Email: jmarx@tresslerllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**AVCO Corporation**                    represented by  **Anne S Cruz**
Tucker Ellis and West LLP
515 South Flower Street 42nd Floor
Los Angeles, CA 90071-2223
213-430-3400
Fax: 213-430-3409
Email: anne.cruz@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carrier Corporation**                 represented by  **Anne S Cruz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Compudyne Corporation**               represented by  **Melissa Eileen Macfarlane**
Cooley Manion Jones Hake Kurowski
LLP
201 Spear Street, 18th Floor
San Francisco, CA 94105
415-512-6381
Fax: 415-512-6791
Email: mmacfarlane@cmjhklaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cosmodyne LLC**                        represented by  **Elizabeth L Huynh**
*formerly known as*                      Walsworth Franklin Bevins and McCall
Cosmodyne Corporation                    LLP
One City Boulevard West 5th Floor
Orange, CA 92868
714-634-2522
Fax: 714-634-0686
Email: elhuynh@wfbm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DMJM Aviation Inc**

**Defendant**

**DMJM International Inc**

**Defendant**

**Donaldson Company Inc**
*sued as successor-by-merger to Western
Filter Corporation Inc*

**Defendant**

**Frank M Booth Inc**

**Defendant**

**Grinnell LLC**
*doing business as*
Grinnell Corporation

**Defendant**

**Lehigh Southwest Cement Company**
*(sued individually and as successor-in-
interest to Calaveras Cement Company)*

**Defendant**

| | |
|---|---|
| **Lockheed Martin Corporation**<br>*(sued individually and as successor-in-<br>interest to Martin Marietta Company<br>sbm The Glenn L Martin Co)* | represented by **Brian T Clark**<br>Knott and Glazier LLP<br>201 Spear Street, Suite 1520<br>San Francisco, CA 94105<br>415-356-1100<br>Email: clark@knottglazier.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Pacific Bell Telephone**
*doing business as*
AT&T California

**Defendant**

**Parker-Hannifin Corporation**

**Defendant**

**Parsons Corporation**
*formerly known as*
Ralph M Parsons Company

**Defendant**

| | |
|---|---|
| **Peter Kiewit Sons Inc** | represented by **Patricia M Keady**<br>Sedgwick LLP<br>One Market Plaza<br>Steuart Tower 8th Floor |

San Francisco, CA 94105
415-781-7900
Fax: 415-781-2655
Email:
patricia.keady@sedgwicklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNYSIS Corporation**
*(sued individually and as successor-in-interest to Sperry Rand Co sbm to Remington-Rand Co)*

**Defendant**

**United Technologies Corporation**          represented by **John K Son**
*Doe 2 (sued individually and as*                               Tucker Ellis and West LLP
*successor-in-interest to Pratt &*                              515 South Flower Street 42nd Fl
*Whitney)*                                                       Los Angeles, CA 90017-2223
                                                                 213-430-3400
                                                                 Fax: 213-430-3409
                                                                 Email: john.son@tuckerellis.com
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Lance Wilson**
                                                                 Tucker Ellis & West LLP
                                                                 135 Main Street Suite 700
                                                                 San Francisco, CA 94105
                                                                 415-617-2400
                                                                 Fax: 415-617-2409
                                                                 Email: lance.wilson@tuckerellis.com
                                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/18/2011 | 1 | NOTICE OF REMOVAL from the Superior Court of CA, Los Angeles County, case number BC455507 with CONFORMED copies of summons and complaint. Case assigned to Judge S. James Otero, discovery to Magistrate Judge Charles F Eick; (Filing fee $ 350 PAID ); filed by defendant United Technologies Corporation.(esa) (ds). (Entered: 05/19/2011) |
| 05/18/2011 | | PROOF OF SERVICE Executed by Plaintiff Walter Nielsen, Arleen Nielsen, upon Defendant United Technologies Corporation served on 4/18/2011, answer due 5/18/2011. Service of the Summons and Complaint were NOT executed upon the United States Attorneys Office which was NOT served. The Attorney Generals Office of the United States was NOT served. The officer agency or corporation was NOT served. Service was executed in compliance with statute not specified. Due diligence declaration NOT attached. Registered or certified mail return receipt NOT attached. Original Summons NOT returned. (esa) (Entered: 05/19/2011) |

| 05/18/2011 | 2 | DISCLOSURE STATEMENT AND CERTIFICATION OF INTERESTED PARTIES filed by defendant United Technologies Corporation. (esa) (ds). (Entered: 05/19/2011) |
|---|---|---|
| 05/18/2011 | 3 | NOTICE OF RELATED CASES filed by defendant United Technologies Corporation. Related Cases: 07-CV-2241 RT (JTLx); 11-CV-226 R (VBKx); 11-CV-791 R (VBKx) (esa) (ds). (Entered: 05/19/2011) |
| 05/18/2011 | 4 | NOTICE OF TAG-ALONG ACTION filed by defendant United Technologies Corporation. (esa) (ds). (Entered: 05/19/2011) |
| 05/18/2011 | 5 | CERTIFICATE OF SERVICE filed by defendant United Technologies Corporation, Notice to Adverse Party of Removal to United States District Court served on 5/18/11. (esa) (ds). (Entered: 05/19/2011) |
| 05/19/2011 | 6 | INITIAL STANDING ORDER FOR CASES ASSIGNED TO JUDGE S. JAMES OTERO by Judge S. James Otero, (lc) (Entered: 05/19/2011) |
| 05/24/2011 | 7 | Certification and Notice of Interested Parties filed by Defendant Lockheed Martin Corporation, identifying United States Aviation Insurance Group (USAIG). (Clark, Brian) (Entered: 05/24/2011) |
| 05/25/2011 | 8 | ANSWERJURY DEMAND. *Answer of Defendant Carrier Corporation* filed by Defendant Carrier Corporation.(Cruz, Anne) (Entered: 05/25/2011) |
| 05/25/2011 | 9 | CORPORATE DISCLOSURE STATEMENT *Defendant Carrier Corporation's Disclosure Statement and Certification of Interested Parties* filed by Defendant Carrier Corporation identifying United Technologies Corporation as Corporate Parent. (Cruz, Anne) (Entered: 05/25/2011) |
| 05/25/2011 | 10 | ANSWER *of AVCO Corporation* filed by Defendant AVCO Corporation. (Cruz, Anne) (Entered: 05/25/2011) |
| 05/25/2011 | 11 | CORPORATE DISCLOSURE STATEMENT *Avco Corporation's Disclosure Statement and Certification of Interested Parties* filed by Defendant AVCO Corporation identifying Textron, Inc. as Corporate Parent. (Cruz, Anne) (Entered: 05/25/2011) |
| 05/25/2011 | 12 | NOTICE OF MOTION AND MOTION to Dismiss Case *Under FRCP 12(b) (6)* filed by Defendant United Technologies Corporation. Motion set for hearing on 6/27/2011 at 10:00 AM before Judge S. James Otero. (Attachments: # 1 Declaration, # 2 Proposed Order)(Son, John) (Entered: 05/25/2011) |
| 05/25/2011 | 13 | NOTICE of Initial Standing Order for Cases Assigned to Judge S. James Otero filed by Defendant United Technologies Corporation. (Son, John) (Entered: 05/25/2011) |
| 05/25/2011 | 14 | MINUTES OF IN CHAMBERS ORDER by Judge S. James Otero : Scheduling Conference set for 6/20/11 08:30 AM; Rule 26 Meeting Report due by 6/6/11 ; in order to assist counsel, court has included a schedule form for pretrial dates to be completed by counsel and submitted in conjunction with their rule 26(f) report; if case is part of ADR program, counsel must confer and jointly complete ADR Pilot Program Questionnaire and to file it concurrently with the Joint Rule 26(f) report; plaintiff counsel directed to give notice of |

| | | |
|---|---|---|
| | | scheduling conference to all parties (lc) (Entered: 05/25/2011) |
| 05/25/2011 | 15 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 - Related Case- filed. Related Case No: CV 07-02241 R(JTLx). Case transferred from Magistrate Judge Charles F. Eick and Judge S. James Otero to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 11-04270 R(VBKx).Signed by Judge Manuel L. Real (rn) (Entered: 05/25/2011) |
| 05/27/2011 | 16 | NOTICE of Related Case(s) filed by Defendant Air Products and Chemicals Inc. (Jamison, Kevin) (Entered: 05/27/2011) |
| 05/27/2011 | 17 | *Certification* of Interested Parties filed by Defendant Air Products and Chemicals Inc, (Jamison, Kevin) (Entered: 05/27/2011) |
| 05/27/2011 | 18 | NOTICE filed by Defendant Air Products and Chemicals Inc. *of Filing Answer to Complaint in State Court and Demand for Jury Trial* (Attachments: # 1 Exhibit, # 2 Exhibit)(Jamison, Kevin) (Entered: 05/27/2011) |
| 05/27/2011 | 19 | ORDER RE NOTICE TO COUNSEL by Judge Manuel L. Real, (pj) (Entered: 05/31/2011) |
| 05/27/2011 | 20 | MINUTE ORDER IN CHAMBERS by Judge Manuel L. Real: This case has recently been transferred from the docket of Judge Otero to that of Judge Real. Defendant United Technologies Corps motion to dismiss,previously set for hearing before Judge Otero on June 27,2011 at 10:00 a.m., is now ORDERED RE-SET FOR HEARINGbefore Judge Real on JULY 5, 2011 AT 10:00 A.M.It is further ORDERED that the Scheduling Conference setby Judge Otero for June 20, 2011 at 8:30 a.m. is now takenOFF CALENDAR. 12 . (pj) (Entered: 05/31/2011) |
| 05/31/2011 | 21 | NOTICE of Order Re: Notice to Counsel filed by Defendant United Technologies Corporation. (Son, John) (Entered: 05/31/2011) |
| 06/02/2011 | 22 | NOTICE of Appearance filed by attorney Melissa Eileen Macfarlane on behalf of Defendant Compudyne Corporation (Macfarlane, Melissa) (Entered: 06/02/2011) |
| 06/02/2011 | 23 | NOTICE filed by Defendant Compudyne Corporation. *Notice of Refiling State Court Answer to Complaint* (Macfarlane, Melissa) (Entered: 06/02/2011) |
| 06/02/2011 | 24 | NOTICE filed by Defendant Compudyne Corporation. *Certification and Notice of Non-Party Interested Entities or Persons* (Macfarlane, Melissa) (Entered: 06/02/2011) |
| 06/09/2011 | 25 | DEMAND for Jury Trial filed by Defendant Compudyne Corporation.. (Macfarlane, Melissa) (Entered: 06/09/2011) |
| 06/14/2011 | 26 | Opposition Opposition re: MOTION to Dismiss Case *Under FRCP 12(b)(6)* MOTION to Dismiss Case *Under FRCP 12(b)(6)* 12 *of defendant United Technologies Corporation* filed by Plaintiffs Arleen Nielsen, Walter Nielsen. (Barrow, Brian) (Entered: 06/14/2011) |
| | | |

| 06/16/2011 | 27 | NOTICE of Appearance filed by attorney Elizabeth L Huynh on behalf of Defendant Compudyne Corporation (Huynh, Elizabeth) (Entered: 06/16/2011) |
| 06/16/2011 | 28 | NOTICE of Appearance filed by attorney Elizabeth L Huynh on behalf of Defendant Cosmodyne LLC (Huynh, Elizabeth) (Entered: 06/16/2011) |
| 06/16/2011 | 29 | Certificate of Interested Parties filed by Defendant Cosmodyne LLC, (Huynh, Elizabeth) (Entered: 06/16/2011) |
| 06/16/2011 | 30 | NOTICE OF FILING STATE COURT ANSWER filed by Defendant Cosmodyne LLC. (Huynh, Elizabeth) (Entered: 06/16/2011) |
| 06/16/2011 | 31 | NOTICE OF CORPORATE DISCLOSURE filed by Defendant Cosmodyne LLC. (Huynh, Elizabeth) (Entered: 06/16/2011) |
| 06/17/2011 | 32 | ANSWER ; *Defendant Peter Kiewit Sons', Inc.'s Notice of Refiling State Court Answer to Plaintiffs' Complaint for Personal Injury* filed by Defendant Peter Kiewit Sons Inc.(Keady, Patricia) (Entered: 06/17/2011) |
| 06/17/2011 | 33 | Notice of Interested Parties filed by Defendant Peter Kiewit Sons Inc, (Keady, Patricia) (Entered: 06/17/2011) |
| 06/17/2011 | 34 | CORPORATE DISCLOSURE STATEMENT filed by Defendant Peter Kiewit Sons Inc (Keady, Patricia) (Entered: 06/17/2011) |
| 06/21/2011 | 35 | NOTICE of Refiling State Court Answer to Plaintiffs' Complaint for Personal Injury filed by Defendant Pacific Bell Telephone. (Attachments: # 1 Attachment A)(Eldredge, Jonathan) (Entered: 06/21/2011) |
| 06/22/2011 | 36 | NOTICE of Appearance filed by attorney Michaela Battista Sozio on behalf of Defendant ARMCO Steel Corporation (Sozio, Michaela) (Entered: 06/22/2011) |
| 06/22/2011 | 37 | *Certification* of Interested Parties filed by Defendant ARMCO Steel Corporation, identifying AK Steel Holding Corporation, AK Steel Corporation. (Sozio, Michaela) (Entered: 06/22/2011) |
| 06/22/2011 | 38 | NOTICE OF CORPORATE DISCLOSURE filed by Defendant ARMCO Steel Corporation. (Sozio, Michaela) (Entered: 06/22/2011) |
| 06/22/2011 | 39 | NOTICE OF FILING STATE COURT ANSWER filed by Defendant ARMCO Steel Corporation. (Attachments: # 1 Exhibit A)(Sozio, Michaela) (Entered: 06/22/2011) |
| 06/22/2011 |  | CONFORMED COPY OF ANSWER to COMPLAINT 1 filed by defendants AK Steel Corporation FKA ARMCO Steel Corporation sued as Successor by merger Armco Drainage and Metal Products FILED IN STATE COURT ON 3/25/2011 ATTACHED DOCUMENT NUMBER 39 (pj) (Entered: 06/24/2011) |
| 06/23/2011 | 40 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Appearance 27 . The following error(s) was found: Document linked incorrectly to the Defendant. Attorney Elizabeth L. Huynh was added incorrectly to the wrong defendant CompuDyne Corporation. In response to this notice the court may order (1) an amended or correct document to be filed |

Case MDL No. 875   Document 7441-2   Filed 06/28/11   Page 10 of 32

| | | (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (pj) (Entered: 06/23/2011) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/28/2011 13:02:01 | | | |
| **PACER Login:** | kg0289 | **Client Code:** | 6010.272 |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-04270-R -VBK End date: 6/28/2011 |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

Complaint

1  RON C. EDDINS, CA Bar No. 243581
   JENNIFER L. BARTLETT, CA Bar No. 183154
2  STUART J. PURDY, CA Bar No. 239878
   JORDAN BLUMENFELD-JAMES, CA Bar No. 235185
3  SIMON, EDDINS & GREENSTONE, LLP
   301 E. Ocean Blvd., Ste. 1950
4  Long Beach, California 90802
   Telephone (562) 590-3400
5  Facsimile (562) 590-3412

6  Attorneys for Plaintiffs

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10                                              BC455507

11 WALTER NIELSEN and ARLEEN            )  Case No.
   NIELSEN                              )
12                                      )
                                        )  THIS ACTION CONSTITUTES COMPLEX
13                     Plaintiffs,      )  ASBESTOS LITIGATION – SUBJECT TO THE
                                        )  GENERAL ORDERS CONTAINED IN FILE NO.
14            vs.                       )  C 700000 – DEPT. 59
                                        )
15 AECOM TECHNOLOGY                     )  COMPLAINT FOR PERSONAL INJURY –
   CORPORATION (sued as successor to    )  ASBESTOS (NEGLIGENCE; STRICT
16 DANIEL, MANN, JOHNSON &              )  LIABILITY; LOSS OF CONSORTIUM)
   MENDENHALL a/k/a DMJM);             )
17 AEROJET GENERAL                      )
   CORPORATION;                         )
18 AIR PRODUCTS & CHEMICALS,            )
   INC.;                                )
19 ARMCO STEEL CORPORATION (sued        )
   as successor-by-merger to ARMCO      )
20 DRAINAGE AND METAL PRODUCTS);        )
   AVCO CORPORATION;                    )
21 CARRIER CORPORATION;                 )
   COMPUDYNE CORPORATION;               )
22 COSMODYNE LLC f/k/a COSMODYNE        )
   CORPORATION;                         )
23 DMJM AVIATION, INC.;                 )
   DMJM INTERNATIONAL, INC.;            )
24 DONALDSON COMPANY, INC. sued as      )
   successor-by-merger to WESTERN FILTER)
25 CORPORATION, INC.;                   )
   FRANK M. BOOTH, INC.;                )
26 GRINNELL LLC d/b/a GRINNELL          )
   CORPORATION;                         )
27 LEHIGH SOUTHWEST CEMENT              )
28

                                        1
   COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1  COMPANY *(sued individually and as*
   *successor-in-interest to CALAVERAS* )
2  *CEMENT COMPANY)*;                    )
   LOCKHEED MARTIN                       )
3  CORPORATION *(sued individually and*  )
4  *as successor-in-interest to MARTIN-* )
   *MARIETTA COMPANY s/b/m THE GLENN*    )
5  *L. MARTIN CO.)*;                      )
   PACIFIC BELL TELEPHONE d/b/a          )
6  AT&T CALIFORNIA;                       )
   PARKER-HANNIFIN                        )
7  CORPORATION;                           )
   PARSONS CORPORATION *f/k/a*            )
8  *RALPH M. PARSONS COMPANY*;           )
   PETER KIEWIT SONS', INC.;             )
9  UNYSIS CORPORATION *sued*             )
10 *Individually and as successor-in-interest to* )
   *SPERRY RAND CO s/b/m to*             )
11 *REMINGTON-RAND CO)*;                  )

12                    Defendants.         )

13

14

15              GENERAL ALLEGATIONS

16        COME NOW Plaintiffs WALTER NIELSEN and ARLEEN NIELSEN (hereinafter

17 "Plaintiffs") and complain and allege as follows:

18     1.   At all times herein mentioned, each of the Defendants was the agent, servant, employee

19 and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was

20 acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs

21 are informed and believe, and thereon allege that at all times herein mentioned, Defendants AECOM

22 TECHNOLOGY CORPORATION *(sued as successor to DANIEL, MANN, JOHNSON &*

23 *MENDENHALL a/k/a DMJM)*; AEROJET GENERAL CORPORATION; AIR PRODUCTS &

24 CHEMICALS, INC.; ARMCO STEEL CORPORATION *(sued as successor-by-merger to*

25 *ARMCO DRAINAGE AND METAL PRODUCTS)*; AVCO CORPORATION; CARRIER

26 CORPORATION; COMPUDYNE CORPORATION; COSMODYNE LLC *f/k/a COSMODYNE*

27 *CORPORATION*; DMJM AVIATION, INC.; DMJM INTERNATIONAL, INC.; DONALDSON

28

                          2
COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1   COMPANY, INC. *sued as successor-by-merger to WESTERN FILTER CORPORATION, INC.*;

2   FRANK M. BOOTH, INC.; GRINNELL LLC d/b/a GRINNELL CORPORATION; LEHIGH

3   SOUTHWEST CEMENT COMPANY *(sued individually and as successor-in-interest to*

4   *CALAVERAS CEMENT COMPANY)*; LOCKHEED MARTIN CORPORATION *(sued individually*

5   *and as successor-in-interest to MARTIN-MARIETTA COMPANY s/b/m THE GLENN L. MARTIN*

6   *CO.)*; PACIFIC BELL TELEPHONE d/b/a AT&T CALIFORNIA; PARKER-HANNIFIN

7   CORPORATION; PARSONS CORPORATION *f/k/a RALPH M. PARSONS COMPANY*; PETER

8   KIEWIT SONS', INC.; and UNYSIS CORPORATION *sued individually and as successor-in-*

9   *interest to SPERRY RAND CO s/b/m to REMINGTON-RAND CO)* were individuals, corporations,

10  partnerships and/or unincorporated associations organized and existing under and by virtue of the laws

11  of the State of California, or the laws of some other state or foreign jurisdiction, and that said

12  Defendants, and each of them, were and are authorized to do and are doing business in the State of

13  California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of

14  them, were and are authorized to do and are doing business in the State of California, and that said

15  Defendants have regularly conducted business in the County of Los Angeles, State of California.

16  2.      Plaintiffs allege herein that Plaintiff WALTER NIELSEN developed malignant

17  mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing

18  products and/or products designed to be used in association with asbestos products ("Defendants'

19  Products"), including: AECOM TECHNOLOGY CORPORATION *(sued as successor to DANIEL,*

20  *MANN, JOHNSON & MENDENHALL a/k/a DMJM) (as a contractor)*; AEROJET GENERAL

21  CORPORATION (as a contractor); AIR PRODUCTS & CHEMICALs, INC. (as a contractor);

22  ARMCO STEEL CORPORATION *(sued as successor-by-merger to ARMCO DRAINAGE AND*

23  *METAL PRODUCTS)* (as a contractor); AVCO CORPORATION (as a contractor); CARRIER

24  CORPORATION (for Carrier air conditioners); COMPUDYNE CORPORATION (as a

25  contractor); COSMODYNE LLC *f/k/a COSMODYNE CORPORATION* (as a contractor); DMJM

3

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1 AVIATION, INC. (as a contractor); DMJM INTERNATIONAL, INC. (as a contractor);
2 DONALDSON COMPANY, INC. *sued as successor-by-merger to WESTERN FILTER*
3 *CORPORATION, INC.*(as a contractor); FRANK M. BOOTH, INC. (as a contractor); GRINNELL
4 LLC d/b/a GRINNELL CORPORATION (for Grinnell valves); LEHIGH SOUTHWEST
5 CEMENT COMPANY (*sued individually and as successor-in-interest to CALAVERAS CEMENT*
6 *COMPANY*) (as a supplier for asbestos-containing cement); LOCKHEED MARTIN
7 CORPORATION (*sued individually . and as successor-in-interest to MARTIN-MARIETTA*
8 *COMPANY s/b/m THE GLENN L. MARTIN CO.)* (as a contractor); PACIFIC BELL TELEPHONE
9 d/b/a AT&T CALIFORNIA (as a contractor); PARKER-HANNIFIN CORPORATION (for
10 Parker tube fittings); PARSONS CORPORATION *f/k/a RALPH M. PARSONS COMPANY* (as a
11 contractor); PETER KIEWIT SONS', INC. (as a contractor); and UNYSIS CORPORATION *sued*
12 *individually and as successor-in-interest to SPERRY RAND CO s/b/m to REMINGTON-RAND CO)* (as
13 a contractor).
14
15                          FIRST CAUSE OF ACTION
16                               (Negligence)
17      PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND
18 EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:
19      3.    Plaintiffs incorporate herein by reference, as though fully set forth therein, the general
20 allegations set forth above.
21      4.    At all times herein mentioned, each of the named Defendants was the successor,
22 successor-in-business, successor-in-product line or a portion thereof, parent, subsidiary, wholly or
23 partially owned by, or the whole or partial owner of or member in an entity researching, studying,
24 manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying,
25 offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation,
26 repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising
27 asbestos, and products containing asbestos, including but not limited to, those products identified in
28 paragraph 3 above. Said entities shall hereinafter collectively be called "alternate entities." Each of

4
COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1  the herein named Defendants is liable for the tortious conduct of each successor, successor-in-

2  business, successor-in-product line or a portion thereof, assign, predecessor in product line or a portion

3  thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it

4  was a member of, or funded, that researched, repaired, marketing, warranted, re-branded,

5  manufactured for others and advertised asbestos, and asbestos products. The following Defendants,

6  and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that

7  there has been a virtual destruction of Plaintiffs' remedy against each such "alternate entity";

8  Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such

9  "alternate entity"; Defendants, and each of them, have caused the destruction of Plaintiffs' remedy

10  against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading

11  role of each such "alternate entity"; and that each such Defendant enjoys the goodwill originally

12  attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AECOM TECHNOLOGY CORPORATION | DANIEL, MANN, JOHSON & MENDENHALL<br>DMJM<br>DMJM AVIATION<br>DMJM HARRIS<br>DMJM H&N |
| ARMCO STEEL CORPORATION | AK STEEL<br>ARMCO DRAINAGE & METAL PRODUCTS |
| COSMODYNE LLC | COSMODYNE CORPORATION<br>COSMODYNE MANUFACTURING, INC.<br>COSMODYNE, INC. |
| DONALDSON COMPANY, INC. | WESTERN FILTER COMPANY |
| LEIHGH SOUTHWEST CEMENT CO | CALAVERAS CEMENT COMPANY |
| LOCKHED MARTIN CORPORATION SYSTEMS | MARTIN MARIETTA COMPANY |
| PACIFIC BELL TELEPHONE | AT&T CALIFORNIA<br>PAC BELL |
| PARSONS CORPORATION | RALPH M. PARSONS COMPANY |
| UNYSIS CORPORATION | SPERRY RAND COMPANY<br>BURROUGHS CORPORATION |

5

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (CLT)

5.      At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos products (hereinafter Defendants' Products).

6.      At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff WALTER NIELSEN herein (hereinafter collectively called "exposed person").  Said products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed person".  Plaintiffs herein allege that WALTER NIELSEN's exposure to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-containing products"), was a substantial contributing factor in the development of his malignant mesothelioma, and therefore proximately caused Plaintiff WALTER NIELSEN's injuries.

7.      Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each Defendant breached said duty of reasonable care in that Defendants, and each of them, failed to safely and adequately design, manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn "exposed person", including Plaintiff WALTER NIELSEN, of the health hazards of using Defendants' products; failed to disclose the known or knowable dangers of

6
COMPLAINT FOR PERSONAL INJURY – ASBESTOS (CLT)

1   using Defendants' products; failed to obtain suitable alternative materials to asbestos when such
2   alternatives were available; and as otherwise stated herein.

3       8.      The Defendants' products were and are hazardous to the health and safety of Plaintiff,
4   and others in Plaintiff's position working with and in close proximity to such products, and since on or
5   before 1930, the hazards and dangerous propensities of the Defendants' products were both known and
6   knowable to the Defendants, their "alternate entities", and each of them, through the use of medical
7   and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of
8   them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,
9   modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,
10  installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for
11  others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous
12  propensities of asbestos presented a substantial danger to users, including Plaintiff, WALTER
13  NIELSEN, of Defendants' Products through the intended and reasonably foreseeable use of those
14  products.

15      9.      Defendants, their "alternate entities", and each of them, knew, or reasonably should have
16  known, that Defendants' Products were dangerous and were likely to be dangerous when used in their
17  intended and reasonably foreseeable manner.

18      10.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have
19  known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,
20  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed
21  in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and
22  dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff
23  WALTER NIELSEN herein, would be exposed to said hazardous and dangerous asbestos fibers.
24  Defendants, their "alternate entities", and each of them, knew or reasonably should have known that
25  users, such as Plaintiff WALTER NIELSEN and others in his position, working with and in close
26  proximity to Defendants' Products would not realize or know the danger. Defendants, their "alternate
27  entities," and each of them negligently failed to adequately warn or instruct of the dangers of the
28  products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the

7

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1   same or similar circumstances, would have warned of the dangers to avoid exposing others to a

2   foreseeable risk of harm.  The negligent failure of Defendants, their "alternate entities," and each of

3   them to warn was a substantial factor in causing harm to Plaintiff WALTER NIELSEN.

4         11.    Plaintiff WALTER NIELSEN used, handled, or was otherwise exposed to asbestos from

5   Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants and

6   each of them.  Plaintiff's exposure to Defendants' Products occurred at various locations set forth in

7   Exhibit "A", which is attached hereto and incorporated by reference herein.

8         12.    As a direct and proximate result of the conduct of the Defendants, their "alternate

9   entities", and each of them, as aforesaid, Plaintiff WALTER NIELSEN's exposure to asbestos from use

10   of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along

11   with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure

12   to Defendants' Products, are set forth in Exhibit "B", which is attached hereto and incorporated by

13   reference herein.  Plaintiffs are informed and believe, and thereon allege, that progressive lung disease,

14   cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma

15   and that said disease results from exposure to Defendants' Products over a period of time.

16         13.    Plaintiff WALTER NIELSEN suffers from malignant pleural mesothelioma, caused by

17   exposure to asbestos from Defendants' Products including those products identified in paragraph 2

18   above.  Plaintiff WALTER NIELSEN was not aware at the time of exposure that Defendants' Products

19   presented any risk of injury and/or disease.

20         14.    As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate

21   entities," and each of them, Plaintiff WALTER NIELSEN has suffered and will continue to suffer

22   permanent injuries and future injuries to his person, body and health, including, but not limited to, pain,

23   discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other

24   physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's malignant

25   mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional limit of a

26   limited civil case.

27         15.    As a direct and proximate result of the aforesaid conduct of the Defendants, their

28   "alternate entities", and each of them, Plaintiff WALTER NIELSEN has incurred, is presently incurring,

8

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

Case 2:11-cv-04270-R  -VBK    Document 1    Filed 05/18/11   Page 21 of 70   Page ID #:41

1    and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices,

2    X-rays and other medical treatment, the true and exact amount thereof being presently unknown to

3    Plaintiffs, subject to proof at trial.

4       16.    As a further direct and proximate result of the said conduct of the Defendants, their

5    "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages,

6    profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and

7    exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial. ·

8       17.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

9    engaged in the following wrongful acts:

10      (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,

11   including Plaintiff WALTER NIELSEN, medical and scientific information concerning the health

12   hazards associated with inhalation of asbestos, including the substantial risk of injury or death

13   therefrom.   Although Defendants, and each of them, knew of the substantial risks associated with

14   exposure to asbestos, they willfully and knowingly concealed such information from the users of their

15   asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

16   "exposed person", including Plaintiff WALTER NIELSEN.

17      (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

18   financially supported industry organizations, including but not limited to the Gypsum Association,

19   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

20   of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

21   information about the dangers of asbestos to users of the aforementioned products and materials, thereby

22   misleading Plaintiff WALTER NIELSEN as to the safety of their products.  Through their participation

23   and association with such industry organizations, Defendants and each of them knowingly and

24   deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

25   propagated misinformation intended to instill in users of Defendants' Products a false security about the

26   safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene

27   Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

28   control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos

9

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1   and the dangers, which arise from the lack of control of dust, and such information was suppressed from

2   public dissemination from 1946 to a date unknown to Plaintiff WALTER NIELSEN at this time;

3        (c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

4   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

5   Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

6   medical and scientific information of the connection between the inhalation of asbestos fibers and

7   asbestosis, which information was disseminated through the Asbestos Textile Institute and other

8   industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

9   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

10  this information to consumers;

11       (d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff WALTER

12  NIELSEN and others of the nature of said materials which were dangerous when breathed and which

13  could cause pathological effects without noticeable trauma, despite the fact that Defendants, their

14  "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said

15  materials were dangerous and a threat to the health of persons coming into contact therewith;

16       (e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

17  WALTER NIELSEN with information concerning adequate protective masks and other equipment

18  devised to be used when applying, mixing, installing and sanding the products of the Defendants, their

19  "alternate entities", and each of them, despite knowing that such protective measures were necessary,

20  and that they were under a duty to disclose that such materials were dangerous and would result in injury

21  to Plaintiff WALTER NIELSEN and others applying and installing such material;

22       (f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that

23  Plaintiff WALTER NIELSEN and anyone similarly situated, upon inhalation of asbestos would, in time,

24  have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

25  mesothelioma and/or cancer;

26       (g)     Defendants, their "alternate entities", and each of them, failed to provide information of

27  the true nature of the hazards of asbestos materials and that exposure to these material would cause

28  pathological effects without noticeable trauma to the public, including buyers, users, and physicians

10
COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

21

1   employed by Plaintiff WALTER NIELSEN so that said physicians could not examine, diagnose, and

2   treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate

3   entities", and each of them, were under a duty to so inform and said failure was misleading.

4        18.    Defendants, their "alternate entities", and each of them, and their officers, directors, and

5   managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

6   or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

7   each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

8   them, and each Defendant's officers, directors, and managing agents participated in, authorized,

9   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

10  their "alternate entities" as set forth herein.

11       19.    The herein-described conduct of said Defendants, their "alternate entities", and each of

12  them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

13  to the safety and health of "exposed person," including Plaintiff WALTER NIELSEN, in that

14  Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

15  to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

16  posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their

17  "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

18  miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

19  justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs,

20  for the sake of example and by way of punishing said Defendants, seek punitive damages according to

21  proof.

22       20.    Defendants and each of them engaged in conduct which was intended by Defendants and

23  each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the

24  Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

25  WALTER NIELSEN.

26       21.    Defendants, and each of them, engaged in the despicable conduct described herein that

27  subjected persons, including Plaintiff WALTER NIELSEN, to cruel and unjust hardship in the form of

28  severe, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious

11

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1   disregard of those persons' rights.

2     22. · As a direct and proximate result of such intentional conduct by Defendants, their

3   "alternate entities" and each of them, Plaintiff WALTER NIELSEN sustained the injuries and damages

4   alleged herein.

5     WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and

6   each of them, as hereinafter set forth.

7              **SECOND CAUSE OF ACTION**

8              (Strict Liability)

9     AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE
10 ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

11     23.   Plaintiffs incorporate herein by reference, as though fully set forth therein, each and

12   every one of the general allegations and the allegations contained in the First Cause of Action herein.

13     24.   Defendants, their "alternate entities", and each of them, sold the aforementioned

14   Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and

15   risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not

16   have been, and were not, recognized by ordinary consumers of the products, including Plaintiff,

17   WALTER NIELSEN, and the lack of sufficient instructions and/or warnings was a substantial factor in

18   causing harm to Plaintiff WALTER NIELSEN and others in Plaintiff's position working with and in

19   close proximity to such products.

20     25.   Defendants' Products were defective and unsafe for their intended purpose and

21   foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed,

22   sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," or otherwise disturbed,

23   said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos

24   fibers by exposed person, including Plaintiff WALTER NIELSEN. The defect existed in all of said

25   products when they left the possession of the Defendants, their "alternate entities," and each of them. At

26   the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and

27   in close proximity to such products, the products were substantially the same as when they left the

28   possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the

12

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (CLT)

1   products after they left the possession of Defendants, their "alternate entities", and each of them were

2   reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos

3   and asbestos products were used by Plaintiff WALTER NIELSEN, and others in Plaintiff's position

4   working with and in close proximity to such products, in a way that was reasonably foreseeable to

5   Defendants, and each of them. The defect in said products was a substantial factor in causing harm and

6   personal injuries to Plaintiff WALTER NIELSEN, including malignant mesothelioma, while being used

7   in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably

8   dangerous for their ordinary and intended use.

9       26.    As a direct and proximate result of the actions and conduct outlined herein, Defendants'

10  Products failed to perform as safely as an ordinary consumer would have expected in that Defendants'

11  products, and each of them, during their ordinary and intended use, and such hazardous exposures

12  lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including

13  asbestosis, lung cancer, mesothelioma and other cancers in humans. . Plaintiffs further allege that

14  "exposed person", including Plaintiff WALTER NIELSEN, were unaware of the harmful effects of

15  asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures

16  occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff WALTER

17  NIELSEN had reason to expect was a substantial factor in causing his injuries.

18      27.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff

19  WALTER NIELSEN has suffered the injuries and damages alleged herein.

20      28.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

21  engaged in the following wrongful acts:

22      (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,

23  including Plaintiff WALTER NIELSEN, medical and scientific information concerning the health

24  hazards associated with inhalation of asbestos, including the substantial risk of injury or death

25  therefrom. Although Defendants, and each of them, knew of the substantial risks associated with

26  exposure to asbestos, they willfully and knowingly concealed such information from the users of their

27  asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

28  "exposed person", including Plaintiff WALTER NIELSEN.

13

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

(b)     Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff WALTER NIELSEN as to the safety of their products. Through their participation and association with such industry organizations, Defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff WALTER NIELSEN at this time;

(c)     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein. Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide this information to consumers;

(d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff WALTER NIELSEN and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

14

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (CLT)

1   WALTER NIELSEN with information concerning adequate protective masks and other equipment

2   devised to be used when applying, mixing, installing and sanding the products of the Defendants, their

3   "alternate entities", and each of them, despite knowing that such protective measures were necessary,

4   and that they were under a duty to disclose that such materials were dangerous and would result in injury

5   to Plaintiff WALTER NIELSEN and others applying and installing such material;

6          (f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that

7   Plaintiff WALTER NIELSEN and anyone similarly situated, upon inhalation of asbestos would, in time,

8   have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,

9   mesothelioma and/or cancer;

10         (g)     Defendants, their "alternate entities", and each of them, failed to provide information of

11  the true nature of the hazards of asbestos materials and that exposure to these material would cause

12  pathological effects without noticeable trauma to the public, including buyers, users, and physicians

13  employed by Plaintiff WALTER NIELSEN so that said physicians could not examine, diagnose, and

14  treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate

15  entities", and each of them, were under a duty to so inform and said failure was misleading; and

16         29.     Defendants, their "alternate entities", and each of them, and their officers, directors, and

17  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of,

18  or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and

19  each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of

20  them, and each Defendant's officers, directors, and managing agents participated in, authorized,

21  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of

22  their "alternate entities" as set forth herein.

23         30.     The herein-described conduct of said Defendants, their "alternate entities", and each of

24  them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

25  to the safety and health of "exposed person," including Plaintiff WALTER NIELSEN, in that

26  Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

27  to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

28  posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their

15

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

26

"alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

31.    Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff WALTER NIELSEN.

32.    Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff WALTER NIELSEN, to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

33.    As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff WALTER NIELSEN sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Loss of Consortium)

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF ARLEEN NIELSENCOMPLAINS OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

34.    Plaintiff ARLEEN NIELSEN incorporates by reference, each and every allegation contained in the general allegations and in the First, Second and Third Causes of Action herein.

35.    Plaintiffs WALTER NIELSEN and ARLEEN NIELSEN were married on November 16, 1963, and at all times relevant to this action were, and are now, husband and wife.

36.    Prior to Plaintiff WALTER NIELSEN's injuries as alleged, he was able and did perform

16

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1    duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, Plaintiff A WALTER
2    NIELSEN has been unable to perform the necessary duties as a spouse and the work and services
3    usually performed in the care, maintenance, and management of the family home, and he will be unable
4    to perform such work, service and duties in the future.  As a proximate result thereof, ARLEEN
5    NIELSEN has been permanently deprived and will be deprived of the consortium of her spouse,
6    including the performance of duties, all to her damages, in an amount presently unknown but which will
7    be proved at the time of trial.

8        37.   Plaintiff ARLEEN NIELSEN's discovery of this cause of her loss of consortium, as
9    herein alleged, first occurred within one year of the date this Complaint was filed.

10       38.   As a direct and proximate result of the acts of Defendants, their "alternate entities", and
11   each of them, and the severe injuries caused thereby to Plaintiff WALTER NIELSEN as set forth in this
12   complaint, Plaintiff ARLEEN NIELSEN has suffered, and for a long period of time will continue to
13   suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort,
14   companionship, love and affection of said spouse, and has suffered severe mental and emotional distress
15   and general nervousness as a result thereof.

16       39.   WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities",
17   and each of them, in an amount to be proved at trial in each individual case, as follows:

18       Plaintiff WALTER NIELSEN:

19            1.    For Plaintiff's general damages according to proof;

20            2.    For Plaintiff's loss of income, wages, and earning potential according to proof;

21            3.    For Plaintiff's medical and related expenses according to proof;

22       Plaintiff ARLEEN NIELSEN:

23            4.    For Plaintiff's damages for loss of consortium and/or society according to proof;

24       Plaintiffs WALTER NIELSEN and ARLEEN NIELSEN:

25            5.    For Plaintiffs' cost of suit herein;

26            6.    For exemplary or punitive damages according to proof;

27            7.    For such other and further relief as the Court may deem just and proper, including

28   costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

17

COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1  provisions of law.

2  DATED: February___, 2011                     SIMON, EDDINS & GREENSTONE, LLP

3

4                                               By:

5                                               JENNIFER L. BARTLETT
                                                STUART J. PURDY
6                                               JORDAN BLUMENFELD-JAMES
                                                Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    18
COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

Case 2:11-cv-04270-R   -VBK   Document 1   Filed 05/18/11   Page 31 of 70   Page ID #:51

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand trial by jury as to all issues so triable.

DATED: February ___, 2011                    **SIMON, EDDINS & GREENSTONE, LLP**

By: _____
JENNIFER L. BARTLETT
STUART J. PURDY
JORDAN BLUMENFELD-JAMES
Attorneys for Plaintiffs

19
<u>COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)</u>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT "A"

Plaintiff WALTER NIELSEN's exposure to asbestos and asbestos-containing products occurred at various locations within the State of California, including, but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| Paul Hardeman, Inc. | Titan missile sites located in, but not limited to: Lincoln, CA Live Oak, CA Chico, CA | Quality Control Inspector | 8/1961 to 7/1963 |
| Douglas Aircraft | Long Beach, CA | UAW assembly line laborer | Intermittently from 1/1956 to 7/1961 |
| Sears, Roebuck & Co | Santa Ana, CA | Warehouseman | 10/1958-6/1959 |
| Self | Personal residences located in Anaheim, CA and Orange, CA | Home repairs & remodeling | 1960s-1970s |
| Self | Anaheim, CA and Orange, CA | Repairs and maintenance on personal vehicles | 1950s-1990s |

20
COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "B"**

Plaintiff WALTER NIELSEN's exposure to Defendants' Products caused severe and permanent injury to Plaintiff WALTER NIELSEN including, but not limited to, mesothelioma. Plaintiff was diagnosed with mesothelioma on or about December, 2010.

21
COMPLAINT FOR PERSONAL INJURY – ASBESTOS (GLT)