CV

# U.S. District Court
# District of Minnesota (DMN)
# CIVIL DOCKET FOR CASE #: 0:11-cv-01733-SRN -TNL
# Internal Use Only

King et al v. Soo Line Railroad Company, The  
Assigned to: Judge Susan Richard Nelson  
Referred to: Magistrate Judge Tony N. Leung  
Cause: 45:51 Railways: Fed. Employer's Liability Act

Date Filed: 06/30/2011  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Federal Question

**Plaintiff**

**Monte King** represented by **Hector-NA L. Sandoval**
Not Admitted
*ATTORNEY TO BE NOTICED*

**John - NA D Roven**
Not Admitted
*ATTORNEY TO BE NOTICED*

**Mark J Fellman**
Mark J. Fellman Attorney at Law
400 Robert Street North Ste 1740
St Paul, MN 55101-2031
651-225-5600
Fax: 651-225-5656
Email: mark@mjfellman.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Osteen** represented by **Hector-NA L. Sandoval**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John - NA D Roven**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark J Fellman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lee Smith** represented by **Hector-NA L. Sandoval**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John - NA D Roven**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark J Fellman**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Soo Line Railroad Company, The**
*a corporation, indvidually and as successor in interest to the Chicago Milwaukee St. Paul and Pacific Railroad*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/2011 | 1 | COMPLAINT against Soo Line Railroad Company, The ( Filing fee $ 350 receipt number 3008554.) assigned to Judge Susan Richard Nelson per Master List referred to Magistrate Judge Tony N. Leung. Filed by Monte King, Lee Smith, William Osteen. (Attachments: # 1 Cover Letter, # 2 Civil Cover Sheet) (MMP) (Entered: 06/30/2011) |
| 06/30/2011 |  | Summons Issued as to Soo Line Railroad Company, The. (MMP) (Entered: 06/30/2011) |
| 06/30/2011 |  | (Court only) *** Copy of complaint/docket sheet sent by e-mail to the MDL Panel. (MMP) (Entered: 06/30/2011) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

C.A. No. MDL 875

## IN THE UNITED STATES OF DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MONTE KING, WILLIAM OSTEEN, AND LEE SMITH<br><br>Plaintiffs,<br><br>vs.<br><br>The SOO LINE RAILROAD COMPANY, a corporation, individually and as successor in interest to the Chicago Milwaukee St. Paul and Pacific Railroad<br><br>Defendant | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

NOW COMES PLAINTIFFS, MONTE KING, WILLIAM OSTEEN AND LEE SMITH, by and through their attorneys, and for their complaint against the Defendant, state:

1. Plaintiffs, MONTE KING, WILLIAM OSTEEN AND LEE SMITH, are citizens of Iowa and reside in Wapello County, Iowa.

2. That at all times mentioned herein, and for some time prior thereto and thereafter, the Defendant, Soo Line Railroad Company, was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, maintains its principal place of business, and its corporate headquarters, and places its agents, servants and employees throughout the State of Minnesota. Service of process may be had upon Defendant, Soo Line Railroad Company.

3. That prior to the commencement of this action, Defendant, SOO LINE RAILROAD COMPANY, became, generally, for the purpose of employer liability under the Federal Employers' Liability Act, and specifically under the facts of this case, the successor to the liabilities of the former Chicago, Milwaukee, St. Paul and Pacific (hereinafter "CMS&P") Railroad Company; and did specifically execute a document known as the "Allocation Agreement" dated July 24, 1986, which provided that Soo Line would be responsible for the liabilities in future filed asbestos personal injury action accruing to former "Milwaukee Road" employees.

4. That during the course of the Plaintiffs' employment, the railroad Defendant was engaged in interstate commerce as a common carrier by rail, and all or part of the duties of the Plaintiffs were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 51 *et seq.*, which Act grants this Court jurisdiction over this action.

5. That beginning in 1959 for Plaintiff Monte King, 1957 for Plaintiff William Osteen and 1962 for Plaintiff Lee Smith, the Plaintiffs were engaged in the performance of their duties in furtherance of interstate commerce and were required to work with and around asbestos-containing products in the Defendant=s various rolling stock and facilities, including the rolling stock and facilities in and around the State of Iowa.

6. That during the course of the Plaintiffs' employment with the Defendant railroad, or its predecessors, the Plaintiffs were engaged in the course of their employment in and around Ottumwa, Iowa, and elsewhere as Locomotive Hostlers in the shops and yards of the defendant, where they were required and caused to work with and in the vicinity of toxic substances,

including asbestos and asbestos-containing products and materials. Plaintiffs' exposure to asbestos and other toxic substances is herein alleged for the specific period of time commencing with the onset of Plaintiffs' railroad work through 1979, by which time asbestos containing brake components were discontinued. Such exposures caused the Plaintiffs to sustain permanent injury to their persons, to-wit: asbestos-related lung disease which were, in all, diagnosed and discovered less than three years prior to the commencement of this civil action and within the time frame required by 45 U.S.C. §56.

7. That at all times relevant, the Plaintiffs were unaware of the dangerous propensities of asbestos and asbestos-containing products they were required to work with and around and were unaware of the development of their latent abnormal medical conditions.

8. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, joinder of the Plaintiffs' claims is proper in that all Plaintiffs seek monetary damages as the result of continuous and systematic railroad work procedures, practices and occurrences which led to their cumulative exposures to asbestos in a common work environment. All Plaintiffs shared the same workplace, and raise common questions of law and fact which will predominate in this action; they will testify as witnesses for one another, and their legal claims should be adjudicated collectively to avoid judicial waste and duplication of resources which would occur from these substantially identical cases from the same work location, under the same factual predicate, and against the same Defendant – statutory employer.

## PLAINTIFFS' FIRST CAUSE OF ACTION
## (FELA NEGLIGENCE)

9. Plaintiffs reallege Paragraphs 1-8 as if restated here verbatim.

10. That the railroad Defendant, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide the Plaintiffs with a reasonably safe place within which to work;

(b) in failing to furnish the Plaintiffs with safe and suitable tools and equipment, including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn the Plaintiffs of the true nature and hazardous effects of the asbestos-related and other hazardous materials;

(d) in failing to operate the locomotive repair facility in a safe and reasonable manner;

(e) in failing to provide instructions or a method for the safe use of asbestos;

(f) in failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

(g) in failing to test asbestos-containing products prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

(h) in formulating and using a method of handling asbestos and asbestos-related materials exposing the Plaintiffs to high concentrations of asbestos fibers;

(∞) in failing to provide the Plaintiffs with safe and proper ventilation system in the Plaintiffs' workplace;

(j) in allowing unsafe practices to become the standard practice;

(k) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing said asbestos and asbestos insulation materials and other asbestos-containing products;

(l) in failing to inquire of the suppliers of asbestos-containing products, the hazardous nature of asbestos;

(m) in requiring employees to work with an ultra-hazardous product;

(n) in failing to exercise adequate, if any, care for the health and safety of employees, including the Plaintiffs;

(o) in failing to periodically test and examine the Plaintiffs to determine if they were subject to any ill effects of their exposure to asbestos-related products and other hazardous substances;

(p) in failing to periodically inspect its locomotives, boilers, and their appurtenances in order to ascertain any contamination by asbestos fibers;

(q) in allowing excessive fumes from aerosol, dust, chemicals and exhaust fumes to remain in the work area;

(r) in failing to provide any or adequate warning to the Plaintiffs of the exposure to the carcinogen asbestos at any time, including the time of filing.

11. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the railroad Defendant, the Plaintiffs suffered exposure to toxic substances including asbestos and asbestos-containing materials which caused them to sustain severe injury to their respective bodies and respiratory systems, which will likely result in impairment in the future, and which cannot be effectively cured by conservative medical procedures or medications.

12. That, as a result, the Plaintiffs' enjoyment of life, enjoyment of retirement and earning capacity has been greatly impaired and shortened; and further, that the Plaintiffs' expected life spans are greatly shortened. Plaintiffs further allege that as a result of their health problems, they have been and will in the future be forced to incur medical expenses by way of doctor, hospital and drug bills expended in an effort to diagnose and monitor their respective permanent, progressive asbestos-related illnesses and potential complications resulting therefrom.

13. That the Plaintiffs were strong and able-bodied men and were gainfully employed prior to the manifestation of their illnesses. As a result of the illness, they have suffered damages by way of lost earning capacity, fear of future cancer and/or progressive asbestosis, and by way of their diminished ability to render services, society, affection, counseling and support to their households and families.

## PLAINTIFFS' SECOND CAUSE OF ACTION
## (VIOLATION OF SAFETY STATUTE)

14. Plaintiffs reallege Paragraphs 1-13 as if stated here verbatim.

15. That throughout their employment with the Defendants, Plaintiffs were required to work on or about locomotives, boilers and their appurtenances, and were engaged in the performance of their duties at the time they were exposed to asbestos and asbestos-containing materials and other toxic substances.

16. That at said time and subsequent thereto, the railroad defendant was engaged in interstate commerce as a common carrier by rail, by reason whereof the rights and liabilities of the parties were and are governed by the Act of Congress known as the Locomotive Boiler Inspection Act, 45 U.S.C. Section 22-34.

17. That the Defendant by and through its agents, servants and employees, violated the Locomotive Boiler Inspection Act, in that it failed to provide Plaintiffs with a locomotive and

its appurtenances which were in a proper and safe condition, and safe to work on or about, by committing one or more of the acts or omissions hereinbefore alleged in Paragraph 10 of Plaintiffs' Complaint.

18. That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the railroad defendants, Plaintiffs were forced to work on or about defective and unsafe locomotives, locomotive boilers and their appurtenances, while said equipment was in use on the line of the defendant railroad, all of which resulted in their injury, impairment, disability and damages as hereinbefore described.

### PLAINTIFFS' THIRD CAUSE OF ACTION
### (VIOLATION OF SAFETY STATUTE – 49 U.S.C. § 20301 et seq)

19. This action is based upon the Federal Safety Appliance Act, 49 U.S.C. § 20301-20306.

20. Plaintiffs incorporate by reference Paragraphs 1-18 of this Petition, as though fully set out herein.

21. Plaintiffs' injuries resulted in whole or in part from Defendant's use on its line of locomotives, cars and other equipment within the definition of the Federal Safety Appliance Act, not equipped with parts and appurtenances in proper condition and not safe to operate, in violation of the Federal Safety Appliance Act.

22. Due to Defendant's violations of the Federal Safety Appliance Act, Plaintiffs have suffered severe physical and mental injuries, set forth previously in Plaintiffs' First Cause of Action. Plaintiffs are now highly susceptible to future injuries and diseases, including various types of cancer.

23. Plaintiffs are entitled to compensation from Defendant for all of their injuries and damages caused in whole or in part by Defendant's violations of the Federal Safety Appliance Act.

WHEREFORE, Plaintiffs demand judgment against the defendant, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with applicable interest, costs and all other relief permitted by law.

PLAINTIFFS DEMAND A TRIAL BY JURY.

DATED this 27th day of June, 2011.

Respectfully submitted,

_____
MARK J. FELLMAN (MN Lic. No. 28782)
400 Robert Street North, Suite 1740
St. Paul, Minnesota 55101
(651) 225-5600
(651) 225-5656 (Fax)

ROVEN-KAPLAN, LLP
JOHN D. ROVEN (TX Lic. No. 90001904)
Hector L. Sandoval
2190 North Loop West, Suite 410
Houston, Texas 77018
P: 713.465.8522  F: 713.465.3658

**ATTORNEYS FOR PLAINTIFFS
MONTE KING, WILLIAM OSTEEN, AND
LEE SMITH**

# Mark J. Fellman

Attorney at Law

400 Robert Street North
Suite 1740
St. Paul, Minnesota 55101-2031

651.225.5600
Fax: 651.225.5656
mark@fellmanlaw.com

June 29, 2011

Richard D. Sletten
Clerk of U.S. District Court
316 North Robert Street
100 Federal Building
St. Paul, MN 55101

VIA EMAIL TO: newcases@mnd.uscourts.gov

Re: NEW CASE: *Monte King, William Osteen, and Lee Smith vs. Soo Line Railroad Company*
[Asbestos Products Liability Litigation (No. VI), Docket No. MDL 875]

Dear Mr. Sletten:

Submitted for filing as a new case (Monte King, William Osteen, and Lee Smith vs. Soo Line Railroad Company) please find the following documents, all in PDF:

- Summons in a Civil Action (to be issued)
- Complaint/Jury Trial Demanded
- Civil Cover Sheet

The ink-signed original Complaint and Civil Cover Sheet exist and will be available for inspection in this office.

Please issue the Summons and return it to me via mail at my office address which is 400 Robert Street N., Suite 1740, St. Paul, MN 55101-2031, or to my email address which is mark@fellmanlaw.com. My authorization to bill the $350.00 filing fee to my Visa account has been faxed to your office.

Please let me know if you require anything else in order to open this new case. Thank you for your assistance in this matter.

Sincerely,

Mark J. Fellman

MJF:mh
Enc.

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KING Monte, OSTEEN William, and SMITH Lee

## DEFENDANTS
SOO LINE RAILROAD COMPANY

(b) County of Residence of First Listed Plaintiff: **Wapello (IA)**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark J. Fellman, 400 Robert St. N. - Ste. 1740, St. Paul, MN 55101
John D. Roven, 2190 North Loop W. - Ste 401, Houston, TX 77018

Attorneys (If Known)
Phone: 651-225-5600
Phone: 713-465-8522

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Employers' Liability Act, 45 USC Sec. 51 et seq., Locomotive Boiler Inspection Act, 45 USC

Brief description of cause:
Railroad worker suffered personal injuries as a result of asbestos-related exposure.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE Eduardo C. Robreno
DOCKET NUMBER C.A. MDL 875

DATE: 06/29/2011
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.