## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:11-cv-03105-RJH

Sjulin et al v. Carpetplus Color Tile et al
Assigned to: Judge Richard J. Holwell
Cause: 28:1332 Diversity-Product Liability

Date Filed: 05/06/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Terrence Alan Sjulin**                      represented by **Jerome Howard Block**
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, NY 10022
(212)-605-6200
Fax: (212)-605-6290
Email: jblock@lpklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ray P. McClain**
Lawyers Committee For Civil Rights Under
Law
1401 New York Avenue, NWSuite 400
Washington, DC 20005
(202) 662-8600
Fax: (202) 783-0857
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sharon Jessica Zinns**
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, NY 10022
(212) 605-6200
Fax: (212) 605-6290
Email: szinns@lpklaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Linda Louise Sjulin**                       represented by **Jerome Howard Block**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ray P. McClain**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sharon Jessica Zinns**
(See above for address)

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Carpetplus Color Tile**
*a division of Alliance Flooring, Inc.*

**Defendant**

**Certainteed Corporation**

**Defendant**

**Deere & Company**

**Defendant**

**Foster's Inc.**

**Defendant**

**Ford Motor Company**

**Defendant**

**Georgia-Pacific, LLC**                 represented by   **Lawrence Gable Lee**
                                                          Lynch Daskal Emery, LLP
                                                          264 West 40th Street
                                                          New York, NY 10018
                                                          (212)-302-2400
                                                          Fax: (212)-302-2210
                                                          Email: lee@lawlynch.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Navistar International Corp.**          represented by   **Elizabeth Anne Weill**
*Operating as International Truck and Engine*              DLA Piper US LLP (NY)
*Corp.*                                                    1251 Avenue of the Americas
                                                          New York, NY 10020
                                                          212-899-4629
                                                          Fax: 212-835-6001
                                                          Email: eweill@eckertseamans.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Kentile Floors, Inc.**

**Defendant**

**R.F. MacDonald Co.**

**Defendant**

**Rheem-Manufacturing Company**          represented by   **Lisa M. Pascarella**
*Individually*                                            Braaten & Pascarella
                                                          2430 Route 34
                                                          Manasquan, NJ 08736
                                                          (732) 528-8888
                                                          Fax: (732) 528-4445
                                                          Email: kd@pehli.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Rheem-Manufacturing Company**      represented by   **Lisa M. Pascarella**
*as successor-in-interest to Ruud*                         (See above for address)
*Manufacturing Company*                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**

**Defendant**

**United Horticultural Supply**

**Cross Claimant**

**Georgia-Pacific, LLC**      represented by   **Lawrence Gable Lee**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Carpetplus Color Tile**
*a division of Alliance Flooring, Inc.*

**Cross Defendant**

**Certainteed Corporation**

**Cross Defendant**

**Deere & Company**

**Cross Defendant**

**Ford Motor Company**

**Cross Defendant**

**Foster's Inc.**

**Cross Defendant**

**Kentile Floors, Inc.**

**Cross Defendant**

**Navistar International Corp.**      represented by   **Elizabeth Anne Weill**
*Operating as International Truck and Engine*           (See above for address)
*Corp.*                              *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**R.F. MacDonald Co.**

**Cross Defendant**

**Rheem-Manufacturing Company**      represented by   **Lisa M. Pascarella**
*as successor-in-interest to Ruud*                          (See above for address)
*Manufacturing Company*                            *ATTORNEY TO BE NOTICED*

**Cross Defendant**

| | | |
|---|---|---|
| **Rheem-Manufacturing Company** *Individually* | | represented by   **Lisa M. Pascarella** (See above for address) *ATTORNEY TO BE NOTICED* |

**Cross Defendant**

**Union Carbide Corporation**

**Cross Defendant**

**United Horticultural Supply**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/06/2011 | 1 | COMPLAINT against Carpetplus Color Tile, Certainteed Corporation, Deere & Company, Ford Motor Company, Foster's Inc., Georgia-Pacific, LLC, Kentile Floors, Inc., Navistar International Corp., R.F. MacDonald Co., Rheem-Manufacturing Company(as successor-in-interest to Ruud Manufacturing Company), Rheem-Manufacturing Company(Individually), Union Carbide Corporation, United Horticultural Supply. (Filing Fee $ 350.00, Receipt Number 6059)Document filed by Linda Louise Sjulin, Terrence Alan Sjulin.(ama) (Entered: 05/09/2011) |
| 05/06/2011 | | SUMMONS ISSUED as to Carpetplus Color Tile, Certainteed Corporation, Deere & Company, Ford Motor Company, Foster's Inc., Georgia-Pacific, LLC, Kentile Floors, Inc., Navistar International Corp., R.F. MacDonald Co., Rheem-Manufacturing Company(as successor-in-interest to Ruud Manufacturing Company), Rheem-Manufacturing Company(Individually), Union Carbide Corporation, United Horticultural Supply. (ama) (Entered: 05/09/2011) |
| 05/06/2011 | | Magistrate Judge Henry B. Pitman is so designated. (ama) (Entered: 05/09/2011) |
| 05/06/2011 | | Case Designated ECF. (ama) (Entered: 05/09/2011) |
| 05/16/2011 | 2 | NOTICE OF APPEARANCE by Sharon Jessica Zinns on behalf of Linda Louise Sjulin, Terrence Alan Sjulin (Zinns, Sharon) (Entered: 05/16/2011) |
| 06/02/2011 | 3 | ANSWER to Complaint with JURY DEMAND. Document filed by Rheem-Manufacturing Company(as successor-in-interest to Ruud Manufacturing Company).(Pascarella, Lisa) (Entered: 06/02/2011) |
| 06/07/2011 | 4 | NOTICE OF APPEARANCE by Lisa M. Pascarella on behalf of Rheem-Manufacturing Company(as successor-in-interest to Ruud Manufacturing Company), Rheem-Manufacturing Company(Individually) (Pascarella, Lisa) (Entered: 06/07/2011) |
| 06/08/2011 | 5 | NOTICE OF APPEARANCE by Elizabeth Anne Weill on behalf of Navistar International Corp. (Weill, Elizabeth) (Entered: 06/08/2011) |
| 06/17/2011 | 6 | MOTION for Ray P. McClain to Appear Pro Hac Vice. Document filed by Linda Louise Sjulin, Terrence Alan Sjulin.(pgu) (Entered: 06/20/2011) |
| 06/20/2011 | 7 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Georgia-Pacific Holdings, LLC as Corporate Parent. Document filed by Georgia-Pacific, LLC.(Lee, Lawrence) (Entered: 06/20/2011) |
| 06/20/2011 | 8 | ANSWER to 1 Complaint,, with JURY DEMAND., CROSSCLAIM against Carpetplus Color Tile, Certainteed Corporation, Deere & Company, Ford Motor Company, Foster's Inc., Kentile Floors, Inc., Navistar International Corp., R.F. MacDonald Co., Rheem-Manufacturing Company (as successor-in-interest to Ruud Manufacturing Company), Rheem-Manufacturing Company (Individually), Union Carbide Corporation, United Horticultural Supply. Document filed by Georgia-Pacific, LLC.(Lee, Lawrence) (Entered: 06/20/2011) |

Case MDL No. 875   Document 7459-2   Filed 07/01/11   Page 5 of 28

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/24/2011 12:34:19 | | | |
| **PACER Login:** | ld1115 | **Client Code:** | 2000-1569 |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-03105-RJH |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

JUDGE HOLWELL

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| TERRENCE ALAN SJULIN and LINDA LOUISE SJULIN <br><br> *Plaintiff* <br><br> v. <br><br> CARPETPLUS COLOR TILE, a Division of Alliance Flooring, Inc., et al. <br><br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. **11 CIV 3105**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Please see attached Service List

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Jerome Block
> Sharon Zinns
> Levy Phillips & Konigsberg
> 800 Third Avenue, 11th Fl.
> New York, NY 10022

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

Date: **MAY 0 6 2011**

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

TERRENCE ALAN SJULIN and LINDA LOUISE SJULIN, Plaintiffs, - against-
CARPETPLUS COLOR TILE, A Division of Alliance Flooring, Inc., et al.

**Service List**

**CarpetPlus Color Tile**
**A Division of Alliance Flooring, Inc.**
1445 Londonderry Dr.
Woodstock, GA 30188

**Certainteed Corporation**
750 East Swedes Ford Rd.
P.O. Box 860
Valley Forge, PA 19482

**Deere & Company**
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

**Foster's Inc.**
Foster's Inc.
1235 Peters Dr.
Waterloo, IA 50703

**Ford Motor Company**
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

**Georgia-Pacific, LLC**
133 Peachtree St., N.E.
Atlanta, GA 30303

**Navistar International Corp.**
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

**Kentile Floors, Inc.**
c/o Sanders Gropper
4 Rita St.
Syosset, NY 11791

**R.F. MacDonald Co.**
25920 Eden Landing Road
Hayward, CA 94545

**Rheem-Manufacturing Company**
1100 Abernathy Road, Suite 1400
Atlanta, GA 30328

**Union Carbide Corporation**
c/o CT Corporation
111 Eighth Avenue
New York, NY 10011

**United Horticultural Supply**
15927 Marinda Circle
Omaha, NE 68130

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

TERRENCE ALAN SJULIN and
LINDA LOUISE SJULIN,

               Plaintiffs,                          Civil Action No.:

        -against-

CARPETPLUS COLOR TILE, a division of         **COMPLAINT**
Alliance Flooring, Inc.
CERTAINTEED CORPORATION;
DEERE & COMPANY;
FOSTER'S INC.;
FORD MOTOR COMPANY;
GEORGIA-PACIFIC, LLC;
NAVISTAR INTERNATIONAL CORP,
Operating as International Truck and Engine
Corp;
KENTILE FLOORS, INC.;
R.F. MACDONALD CO.
RHEEM-MANUFACTURING COMPANY,
Individually and as successor-in-interest to
Ruud Manufacturing Company;
UNION CARBIDE CORPORATION;
UNITED HORTICULTURAL SUPPLY;              Plaintiff demands a trial by jury

              Defendants.

-------------------------------------------------------------------X

RECEIVED

MAY 20 2011

G-P LAW DEPARTMENT
CASE CONTROL GROUP

     Plaintiffs, as and for their Complaint, by their attorneys, LEVY PHILLIPS &

KONIGSBERG LLP, respectfully allege as follows:

### NATURE OF THE ACTION

    1.    Plaintiff TERRENCE ALAN SJULIN is 64 years old, a resident of Missouri, and

suffers from mesothelioma, a cancer linked to asbestos exposure. Plaintiffs TERRENCE ALAN

SJULIN and LINDA LOUISE SJULIN have filed this lawsuit to recover compensatory and punitive damages against various defendants.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (a) the matter in controversy exceeds $75,000 exclusive of interests and costs; and (b) the matter is between citizens of different states.

3.      Venue is proper under 28 U.S.C. §1391 (a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. Specifically, at all relevant time of Plaintiff's exposure to asbestos and asbestos-containing products[1] designed, marketed, manufactured, distributed, supplied and sold by Defendant Union Carbide Corporation, Union Carbide Corporation was a New York corporation with its headquarters in this judicial district at 270 Park Avenue, New York, New York.

## THE PARTIES

### I.      THE PLAINTIFFS

4.      Plaintiff TERRENCE ALAN SJULIN resides in Independence, Missouri. He is a citizen of the State of Missouri. TERRENCE ALAN SJULIN was born on March 1, 1947.

5.      Plaintiff TERRENCE ALAN SJULIN is married to Plaintiff LINDA LOUISE SJULIN. Plaintiff LINDA LOUISE SJULIN resides in Independence, Missouri. She is a citizen of the State of Missouri. LINDA LOUISE SJULIN was born on October 26, 2001.

6.      Plaintiff TERRENCE ALAN SJULIN was diagnosed with mesothelioma, a cancer caused by exposure to asbestos, on or about November 17, 2010.

---

[1] Throughout this Complaint, Plaintiffs' references to "asbestos-containing products" includes asbestos, asbestos-containing products, products designed to be used with asbestos-containing products, and/or products that it was foreseeable would be used with asbestos-containing products.

7.     As a proximate result of defendants' misconduct, which is detailed below, Plaintiff TERRENCE ALAN SJULIN has developed mesothelioma; he has endured, and will continue to endure rounds of debilitating cancer treatments and medical procedures; he has experienced, and will experience, physical pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, disabilities. and loss of bodily functions; he has incurred, and will continue to incur medical expenses; and he has suffered from any and all other damages associated with the diagnosis, treatment, and medical course of his cancer and has otherwise suffered injury and damages.   Plaintiff TERRENCE ALAN SJULIN has incurred and will continue to incur substantial loss of income.

## II.    THE DEFENDANTS

8.     Upon information and belief, and at all times hereinafter mentioned, CarpetPlus Color Tile, a Division of Alliance Flooring, Inc., (hereinafter "**CarpetPlus Color Tile**") is a Georgia business entity with its principal place of business located in Georgia.  For the purposes of this Complaint, CarpetPlus Color Tile shall include the present business entity. as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, CarpetPlus Color Tile: (a) was and still is a foreign corporation, duly authorized to do business in the State of  New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the  State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, CarpetPlus Color Tile designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

3

9.      Upon information and belief, and at all times hereinafter mentioned, Certainteed Corporation, (hereinafter "**Certainteed**") is a Pennsylvania business entity with its principal place of business located in Pennsylvania. For the purposes of this Complaint, Certainteed shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Certainteed: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (f) owns, uses or possesses real property situated within the State of New York. At all relevant times, Certainteed designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

10.     Upon information and belief, and at all times hereinafter mentioned, Deere & Company, (hereinafter "**Deere**") is an Illinois business entity with its principal place of business located in Illinois. For the purposes of this Complaint, Deere shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Deere: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and

(f) owns, uses or possesses real property situated within the State of New York. At all relevant times, Deere designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

11.     Upon information and belief, and at all times hereinafter mentioned, Ford Motor Company (hereinafter "**Ford**") is a Michigan business entity with its principal place of business located in Michigan. For the purposes of this Complaint, Ford shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Ford: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York: (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (f) owns, uses or possesses real property situated within the State of New York. At all relevant times, Ford designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

12.     Upon information and belief, and at all times hereinafter mentioned, Foster's Inc., (hereinafter "**Foster's**") is an Iowa business entity with its principal place of business located in Iowa. For the purposes of this Complaint, Foster's shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Foster's: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of

New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Foster's designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

13.     Upon information and belief, and at all times hereinafter mentioned, Georgia-Pacific, LLC (f/k/a Georgia-Pacific Corporation) (hereinafter "**Georgia-Pacific**") is a Georgia business entity with its principal place of business located in Georgia. For the purposes of this Complaint, Georgia-Pacific shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Georgia-Pacific: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (f) owns, uses or possesses real property situated within the State of New York. At all relevant times, Georgia-Pacific designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

14.     Upon information and belief, and at all times hereinafter mentioned, Kentile Floors Inc. (hereinafter "**Kentile**") is currently a New York corporation with its principal place of business located in New York. For the purposes of this Complaint, Kentile shall include the present corporation, as well as all of its predecessor corporations and entities as applicable. Upon

6

information and belief and at all times hereinafter mentioned, Kentile: (a) was, at the relevant time, a New York corporation with its headquarters at 58 Second Avenue, Brooklyn, NY 11215. At all relevant times, Kentile designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

15.     Upon information and belief, and at all times hereinafter mentioned, Navistar International Corp., operating as International Truck and Engine Corp. (hereinafter **"Navistar"**) is an Illinois business entity with its principal place of business located in Illinois. For the purposes of this Complaint, Navistar shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Navistar: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (f) owns, uses or possesses real property situated within the State of New York. At all relevant times, Navistar designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

16.     Upon information and belief, and at all times hereinafter mentioned, R.F. MacDonald Co., (hereinafter "MacDonald") is a California business entity with its principal place of business located in California. For the purposes of this Complaint, MacDonald shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, MacDonald: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York;

7

(b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, MacDonald designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

17.     Upon information and belief, and at all times hereinafter mentioned, Rheem-Manufacturing Company, individually and as successor-in-interest to Ruud Manufacturing Company (hereinafter "**Rheem**") is a Georgia business entity with its principal place of business located in Georgia. For the purposes of this Complaint, Rheem shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Rheem: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (f) owns, uses or possesses real property situated within the State of New York. At all relevant times, Rheem designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

18.     Upon information and belief, and at all times hereinafter mentioned, Union Carbide Corporation (hereinafter "**Union Carbide**") is currently a Texas corporation with its principal place of business located in Texas. For the purposes of this Complaint, Union Carbide

8

shall include the present corporation, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Union Carbide: (a) was, at the relevant time, a New York corporation with its headquarters in this judicial district at the Union Carbide Building at 270 Park Avenue, New York, New York; (b) is now a foreign corporation, duly authorized to do business in the State of New York; (c) in person or through an agent, transacts business in the State of New York; (d) regularly does and/or solicits business within the State of New York; (e) derives substantial revenue from goods used or consumed in the State of New York; (f) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (g) owns, uses or possesses real property situated within the State of New York. At all relevant times, Union Carbide designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

19.     Upon information and belief, and at all times hereinafter mentioned, United Horticultural Supply, (hereinafter "**United Horticultural Supply**") is a Nebraska business entity with its principal place of business located in Omaha, Nebraska.   For the purposes of this Complaint, Certainteed shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, United Horticultural expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, United Horticultural designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

20.     All Defendants herein were, at all times pertinent, directly or indirectly engaged in the specification, mining, manufacturing, distribution, sales, licensing, leasing, installation,

9

removal or use of asbestos, asbestos-containing products, products designed to be used with asbestos-containing products, and/or products that it was foreseeable would be used with asbestos-containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment, procedures, or technology necessary to mine, manufacture, sell, distribute, install, remove and use asbestos and asbestos-containing products.

**COUNT I**

**NEGLIGENCE**

21.     The allegations in paragraphs One (1) through Twenty (20) above are realleged and incorporated by reference within this Count.

22.     At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of TERRENCE ALAN SJULIN and others working with and around the Defendants' asbestos-containing products.

23.     Defendants negligently produced, sold, supplied or otherwise put into the stream of commerce asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

24.     The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

25.     As a designer, developer, manufacturer, distributor, supplier and seller of the above-described asbestos and asbestos-containing products, and/or machinery requiring the use of asbestos and/or asbestos-containing products, and Defendants owe a duty to foreseeable users and handlers of said products, to use ordinary care in designing, manufacturing, marketing,

10

supplying and selling said products in such a manner as to render them safe for their intended and foreseeable users.

26.     The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of TERRENCE ALAN SJULIN in one or more of the following respects:

    a.     Included asbestos in their products when the Defendants knew or should have known that said asbestos would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

    b.     Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as TERRENCE ALAN SJULIN, working with or around them, would inhale, ingest or otherwise absorb asbestos;

    c.     Included asbestos in their products when adequate substitutes for the asbestos were available;

    d.     Failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

    e.     Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

    f.     Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as TERRENCE ALAN SJULIN might be exposed while working with or around the products; and,

    g.     Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

27.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, TERRENCE ALAN SJULIN was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing TERRENCE ALAN SJULIN

11

to develop the aforesaid asbestos disease, which disabled and disfigured TERRENCE ALAN SJULIN; TERRENCE ALAN SJULIN has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions, TERRENCE ALAN SJULIN has in the past and will in the future experience great physical pain and mental anguish as a result of his asbestos-induced disease and conditions. Plaintiff TERRENCE ALAN SJULIN has incurred and will continue to incur substantial loss of income.

## COUNT II

## STRICT PRODUCT LIABILITY

28.    The allegations in paragraphs One (1) through Twenty-Seven (27) above are realleged and incorporated by reference within this Count.

29.    The Defendants placed their asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

30.    Defendants failed to design, manufacture, market, distribute, supply and sell asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable uses. By way of example and not limitation, Defendants:

        a.    Failed to design, develop, manufacture and test the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when Defendants knew or should have known that the foreseeable use of intended purpose of its products was by persons, specifically Plaintiff TERRENCE ALAN SJULIN, who worked with and around said products;

        b.    Marketed and sold said products while the same was in an unreasonably dangerous and defective condition, presenting a hazardous risk to Plaintiff TERRENCE ALAN SJULIN'S well-being;

12

      c.     Failed to recall or attempt to repair the defective products when Defendants were and had been aware of the propensity of said products to injure Plaintiff TERRENCE ALAN SJULIN;

      d.     Failed to properly test said products to ensure that they were reasonably safe for use throughout their product lifetime.

31.    Moreover, when Defendants' asbestos and asbestos-containing products left the Defendants' possession and were placed on the market, the products were defective in that:

      a.     When used in the intended or reasonably foreseeable manner, the products were not reasonably safe for their intended use;

      b.     When used in the intended or reasonably foreseeable manner, the products failed to perform as safely as would be expected by an ordinary user or consumer;

      c.     When used in the intended or reasonably foreseeable manner, the products caused a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

32.    Defendants violated the requirements of Section 402A of the Restatement of Torts, 2d, as adopted by the Supreme Court of the State of Ohio, all of which proximately resulted in Plaintiff TERRENCE ALAN SJULIN's asbestos-related disease.

33.    Additionally, although Defendants knew or, in the exercise of ordinary care, should have known that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were deleterious, and highly harmful to Plaintiff TERRENCE ALAN SJULIN's health, Defendants nonetheless:

      a.     Failed to advise or warn Plaintiff TERRENCE ALAN SJULIN of the dangerous characteristics of their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

      b.     Failed to provide Plaintiff TERRENCE ALAN SJULIN with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if any, to protect Plaintiff TERRENCE ALAN SJULIN from being harmed by exposure to

13

asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

c.  Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting Plaintiff TERRENCE ALAN SJULIN of the dangers to health caused by contact with asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

d.  Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring the use of asbestos and/or asbestos-containing products in a safe manner.

34.  Defendants' products were also defective due to inadequate warning or instruction during and after the time of marketing in that Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with their products and failed to provide reasonable and/or adequate warning or instruction in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Plaintiff TERRENCE ALAN SJULIN.

35.  As a direct and proximate result of using Defendants' asbestos and asbestos-containing products for the general purpose for which they were designed and intended, TERRENCE ALAN SJULIN was exposed to asbestos, contracted mesothelioma and has suffered and continues to suffer the injuries and damages set forth herein.

36.  Accordingly, Defendants are strictly liable to Plaintiffs TERRENCE ALAN SJULIN and Linda Louise SJULIN for their failure to warn, and for defective design and manufacture and/or marketing, distributing, supplying and selling a defective product.

## COUNT III

### BREACH OF WARRANTY

37.    The allegations in paragraph One (1) through Thirty-Six (36) above are realleged and incorporated by reference within this Count.

38.    Defendants caused Plaintiff's injuries and damages as stated above by manufacturing, selling, installing. and distributing asbestos-containing products and raw materials which failed to meet express and implied warranties of merchantability and fitness for intended purposes upon which Plaintiff had a right to rely and did rely.

39.    As a direct and proximate result of the breaches of these warranties. TERRENCE ALAN SJULIN was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing TERRENCE ALAN SJULIN to develop the aforesaid asbestos disease, which disabled and disfigured TERRENCE ALAN SJULIN; TERRENCE ALAN SJULIN has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; TERRENCE ALAN SJULIN has in the past and will in the future experience great physical pain and mental anguish as a result of his asbestos-induced disease and conditions. Plaintiff TERRENCE ALAN SJULIN has incurred and will continue to incur substantial loss of income. Defendants are liable to Plaintiff for his damages.

### COUNT IV

### FRAUDULENT CONDUCT, MALICE AND GROSS NEGLIGENCE

40.    The allegations in paragraph One (1) through Thirty-Nine (39) above are realleged and incorporated by reference within this Count.

41.     The Defendants had a duty to refrain from gross negligence, fraud and/or malicious acts or omissions which would harm TERRENCE ALAN SJULIN.

42.     Defendants are guilty of one or more of the following acts or omissions amounting to fraudulent misconduct, malice and gross negligent:

    a.    Intentionally or with gross negligence for the safety of TERRENCE ALAN SJULIN, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as TERRENCE ALAN SJULIN working with or around their products would inhale, ingest or otherwise absorb asbestos;

    b.    Intentionally or with gross negligence for the safety of TERRENCE ALAN SJULIN, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of person inhaling, ingesting or otherwise absorbing them;

    c.    Intentionally or with gross negligence for the safety of TERRENCE ALAN SJULIN, included asbestos in their products when adequate substitutes for the asbestos in them was available;

    d.    Intentionally or with gross negligence for the safety of TERRENCE ALAN SJULIN, removed any warnings regarding the dangers of asbestos from the packaging of asbestos-containing products supplied to persons working with an around the products and using the products in their intended and/or reasonably foreseeable manner;

    e.    Intentionally or with gross negligence for the safety of TERRENCE ALAN SJULIN, failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them:

    f.    Intentionally or with gross negligence for the safety of TERRENCE ALAN SJULIN, failed to provide any or adequate instructions concerning the safe methods of working with and around their products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

    g.    Intentionally or with gross negligence for the safety of TERRENCE ALAN SJULIN, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as TERRENCE

ALAN SJULIN might be exposed while working with and around the products;

h.   Intentionally or with gross negligence for the safety of TERRENCE ALAN SJULIN, failed to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, thereby adding to the exposure of TERRENCE ALAN SJULIN and others similarly situated;

i.   Intentionally or with gross negligence for the safety of TERRENCE ALAN SJULIN, failed to take adequate steps to remedy the above failures, including but not limited to: (1) failure to recall or require removal of asbestos and asbestos products; coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe; and (3) failure to promptly and safely remove the asbestos now in place; and

j.   Intentionally or with gross negligence for the safety of TERRENCE ALAN SJULIN, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

43.   As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendants, TERRENCE ALAN SJULIN was exposed to asbestos, has contracted mesothelioma and has suffered and continues to suffer the injuries and damages as described herein.

44.   Defendants' actions, as stated herein, constitute a flagrant disregard for the rights and safety of Plaintiff and by engaging in such actions, Defendants acted with gross negligence, fraud, recklessness, willfulness, wantonness and/or malice and should be held liable in punitive and exemplary damages to Plaintiffs TERRENCE ALAN SJULIN and LINDA LOUISE SJULIN.

## COUNT V

### LOSS OF CONSORTIUM

45.    The allegations in paragraphs One (1) through Forty-Four (44) above are realleged and incorporated by reference within this Count.

46.    Plaintiff TERRENCE ALAN SJULIN is married to Plaintiff LINDA LOUISE SJULIN. As a result of Defendants' wrongful conduct which caused her husband's above stated asbestos-related disease, Plaintiff LINDA LOUISE SJULIN has suffered and will continue in the future to suffer a loss of the support, consortium and society of her husband, together with related mental anguish and pain and suffering.

**WHEREFORE,** Plaintiffs, as a direct and proximate result of the negligence and conduct of each Defendant, have suffered and will continue to suffer great pain and severe mental anguish.

Plaintiffs, as a direct and proximate result of the negligence of other conduct of Defendants, have incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined, and will continue to incur such expenses into the future.

Plaintiffs, as a direct and proximate result of the negligence and other conditions of Defendants, have suffered economic damages and will continue to suffer them throughout their lifetimes.

The aforesaid acts and/or omissions of Defendants were grossly negligent, fraudulent and malicious.

Plaintiffs demand judgment against Defendants jointly and severally in an amount in excess of One Hundred Thousand Dollars ($100,000.00); punitive damages in an amount

18

sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and such other and further relief that this Court deems appropriate.

A trial by jury is hereby demanded as to all counts.

Respectfully submitted,

LEVY PHILLIPS & KONIGSBERG, LLP

BY:_____
Jerome H. Block, Esq. (JB5411)
Sharon J. Zinns, Esq. (SZ9280)
800 Third Avenue
New York, NY 10022
Telephone: (212) 605-6200
Fax: (212) 605-6290

Attorneys for Plaintiff

Dated: May 5th, 2011

*Law Offices*
LEVY PHILLIPS & KONIGSBERG, LLP
800 THIRD AVENUE - 11TH FLOOR
NEW YORK, N.Y. 10022

Georgia-Pacific, LLC
133 Peachtree St., N.E.
Atlanta, GA 30303

002H Ht8.WPD



7011 0470 0003 0390 4067

U.S. POSTAGE PAID
NEW YORK, NY
10022
MAY 16 11
AMOUNT
$6.83
0007 7837-014

1000    30303

**Name:**  DEPT LAW

Mailstop:  GA030-42
Sender:   LAW OFFICES OF LEVY PHILLIPS
Phone:    70110470000303904067



RECEIVED
MAY 20 2011
GP LAW DEPARTMENT
ADMIN GROUP

05/20/11 10:01

1 of 1

0520181 00100