ASBESTOS

# U.S. District Court
# Western District of North Carolina (Asheville)
# CIVIL DOCKET FOR CASE #: 1:11–cv–00161–MR
## *Internal Use Only*

Guffey v. A.W. Chesterton Company et al

Assigned to: District Judge Martin Reidinger

Demand: $75,000

Cause: 28:1332 Diversity–Asbestos Litigation

Date Filed: 07/01/2011

Jury Demand: Plaintiff

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Diversity

**Plaintiff**

**Howard R. Guffey**
*and Spouse*

represented by   **Janet Ward Black**
Ward Black, P.A.
208 West Wendover Avenue
Greensboro, NC 27401
336–273–3812
Fax: 336–312–4571
Email: jwblack@wardblacklaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gail E. Guffey**

represented by   **Janet Ward Black**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Company**
*a Massachusetts Corporation*

**Defendant**

**Bayer Cropscience, Inc.,**
*a successor In interest to Benjamin Foster*
*Company, a Delaware Corporation*
*formerly known as*
Aventis Cropscience USA Inc.
*formerly known as*
Rhone–Poulenc AG Company, Inc.
*formerly known as*
Rhone Poulenc, Inc.
*formerly known as*
Union Carbide Agricultural Products, Inc.
*formerly known as*
Amchem Products, Inc.

**Defendant**

**CBS Corporation**
*successor by merger to CBS
CORPORATION, a Pennsylvania
Corporation, a Delaware Corporation
formerly known as*
Viacom, Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**CertainTeed Corporation**
*a Delaware Corporation*

**Defendant**

**Daniel International Corporation**
*a Foreign Corporation
formerly known as*
Fluor Carolina, Inc.

**Defendant**

**Fluor Enterprises, Inc.**
*successor−in−Interest corporation to a
merger between Fluor Construction
Corporation and Daniel Construction
Company, a Foreign Corporation*

**Defendant**

**General Electric Company**
*a New York Corporation*

**Defendant**

**Goulds Pumps, Incorporated**
*a Delaware Corporation*

**Defendant**

**Industrial Holdings Corporation**
*a Delaware Corporation
formerly known as*
The Carborundum Company

**Defendant**

**Ingersoll−Rand Company**
*a New Jersey Corporation*

**Defendant**

**Minnesota Mining &Manufacturing
Company**
*a Delaware Corporation*

*also known as*
3M Company

**Defendant**

**National Service Industries, Inc.**
*a Georgia Corporation*
*formerly known as*
NSI Enterprises, Inc.
*formerly known as*
North Brothers, Inc.

**Defendant**

**Rapid American Corporation**
*a Foreign Corporation*

**Defendant**

**Trane US, Inc.**
*a Delaware Corporation*
*formerly known as*
American Standard Inc.

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/01/2011 | <u>1</u> | 4 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 350 receipt number 0419–1399936), filed by Howard R. Guffey.(Black, Janet Ward) (Entered: 07/01/2011) |
| 07/01/2011 | | | Case assigned to District Judge Martin Reidinger. Notice: You must click this link to retrieve the **Case Assignment Packet**. *This is your only notice – you will not receive a separate document.*(emw) (Entered: 07/01/2011) |
| 07/01/2011 | | | In Re: Asbestos Products Liability Litigation – MDL #875. Notice to Clerk of MDL Panel of tag–along case. (Copy of complaint and docket sheet emailed to the Panel) (emw) (Entered: 07/01/2011) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS PRODUCTS LIABILITY )
LITIGATION (NO. VI) )
_____ )  **Civil Action No. MDL 875**
 )
This Document Relates to: )
_____ )

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**File No.  1:11cv00161**

**CIVIL ACTION COMPLAINT**

HOWARD R. GUFFEY and Spouse, )
GAIL E. GUFFEY, )
 )
  Plaintiffs, )
 )
   v. )
 )
A.W. CHESTERTON COMPANY, a )
Massachusetts Corporation; )
 )
BAYER CROPSCIENCE, INC. f/k/a )
AVENTIS CROPSCIENCE USA, INC. )
f/k/a RHONE-POULENC AG COMPANY, INC. )
f/k/a RHONE POULENC, INC. f/k/a )
UNION CARBIDE AGRICULTURAL )
PRODUCTS, INC. f/k/a )
AMCHEM PRODUCTS, INC., a successor )
In interest to Benjamin Foster Company, )
a Delaware Corporation; )
 )
CBS CORPORATION, a Delaware )
Corporation, f/k/a VIACOM, INC., successor )
by merger to CBS CORPORATION, a )
Pennsylvania Corporation, f/k/a )
WESTINGHOUSE ELECTRIC )
CORPORATION, )
 )
CERTAINTEED CORPORATION, a )
Delaware Corporation; )

DANIEL INTERNATIONAL CORPORATION )
f/k/a FLUOR CAROLINA, INC., a Foreign )
Corporation; )
)
FLUOR ENTERPRISES, INC., successor-in- )
Interest corporation to a merger between )
Fluor Construction Corporation and Daniel )
Construction Company, a Foreign Corporation; )
)
GENERAL ELECTRIC COMPANY, a )
New York Corporation; )
)
GOULDS PUMPS, INCORPORATED, )
a Delaware Corporation; )
)
INDUSTRIAL HOLDINGS CORPORATION )
f/k/a THE CARBORUNDUM COMPANY, )
a Delaware Corporation; )
)
INGERSOLL-RAND COMPANY, a New )
Jersey Corporation; )
)
MINNESOTA MINING & MANUFACTURING )
COMPANY, a/k/a 3M COMPANY, a )
Delaware Corporation; )
)
NATIONAL SERVICES INDUSTRIES, INC )
f/k/a NSI ENTERPRISES, INC. )
F/K/A NORTH BROTHERS, INC., )
a Georgia corporation; )
)
RAPID-AMERICAN CORPORATION, )
a Delaware Corporation; )
)
TRANE US, INC. f/k/a )
AMERICAN STANDARD, INC )
a Delaware Corporation; )
)
Defendants. )

This action is appropriate for inclusion in the coordinated proceeding as an

asbestos related action.  This action is further appropriate for treatment as a "tag-along"

2

action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

NOW COME the Plaintiffs, HOWARD R. GUFFEY and Spouse, GAIL E. GUFFEY, citizens and residents of North Carolina, and sue the Defendants and allege as follows upon information and belief:

1.    (a)    Jurisdiction is founded on diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).  As is evidenced by the caption of the instant Complaint which is specifically incorporated herein, the Defendants are corporations incorporated under the laws of various states as stated in said caption and having their principal places of business in states other than North Carolina and which are amenable to jurisdiction in the Courts of North Carolina by virtue of their respective contacts with the State of North Carolina and/or their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of North Carolina.  At times relevant hereto, each foreign corporation and/or its predecessors mined, manufactured, processed, produced, imported, converted, compounded, supplied, provided, distributed, disturbed and/or retailed substantial amounts of asbestos and asbestos-containing materials and/or dust protection equipment which were sold, distributed and used in North Carolina.

(b)   Howard R. Guffey was diagnosed with lung cancer on August 30, 2010 by Dr. Michael DeArment.

3

FOR A FIRST CAUSE OF ACTION - NEGLIGENCE

2.    (a)    Defendants, and each of them, are, or at times relevant hereto were miners, manufacturers, processors, producers, distributors, importers, converters, compounders, contractors and/or retailers of asbestos and asbestos-containing materials, asbestos protective equipment or insurance.

(b)    Defendant A.W. CHESTERTON COMPANY is a corporation duly organized and existing under the laws of the State of Massachusetts which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant A.W. CHESTERTON COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(c)    Defendant BAYER CROPSCIENCE, INC. f/k/a AVENTIS CROPSCIENCE USA, INC. f/k/a RHONE-POULENC AG CO. INC. f/k/a RHONE POULENC, INC. f/k/a UNION CARBIDE AGRICULTURAL PRODUCTS, INC. f/k/a AMCHEM PRODUCTS, INC., a successor to Benjamin Foster Company, is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant BAYER CROPSCIENCE, INC. f/k/a AVENTIS CROPSCIENCE USA, INC. f/k/a RHONE-POULENC AG CO. INC. f/k/a RHONE POULENC, INC. f/k/a UNION CARBIDE AGRICULTURAL PRODUCTS, INC. f/k/a AMCHEM PRODUCTS, INC., a successor to Benjamin Foster Company, mined, manufactured, produced, distributed, specified and/or sold asbestos products, either

4

directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(d)     Defendant CBS CORPORATION, a Delaware Corporation, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION Pennsylvania Corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, is a corporation duly organized and existing under the laws of the State of Delaware, which was or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant CBS CORPORATION, a Delaware Corporation, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION Pennsylvania Corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the plaintiff or to such other entities so that these materials were caused to be used on plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the plaintiff that caused respirable asbestos dust to be generated and breathed by plaintiff.

(e)     Defendant CERTAINTEED CORPORATION is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant CERTAINTEED CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

5

(f)     Defendant DANIEL INTERNATIONAL CORPORATION f/k/a FLUOR CAROLINA, INC, is a corporation duly organized and existing under the laws of a state other than the State of North Carolina which has done or is currently doing business in the State of North Carolina.    At all times material hereto, Defendant DANIEL INTERNATIONAL CORPORATION f/k/a FLUOR CAROLINA, INC.  mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the plaintiff or to such other entities so that these materials were caused to be used on plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the plaintiff that caused respirable asbestos dust to be generated and breathed by plaintiff.

(g)     Defendant FLUOR ENTERPRISES, INC, Successor-in-Interest Corporation to a Merger between Fluor Construction Corporation and Daniel Construction Company, is a corporation duly organized and existing under the laws of a state other than the State of North Carolina which has done or is currently doing business in the State of North Carolina.    At all times material hereto, Defendant FLUOR ENTERPRISES, INC, Successor-in-Interest Corporation to a Merger between Fluor Construction Corporation and Daniel Construction Company mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the plaintiff or to such other entities so that these materials were caused to be used on plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the plaintiff that caused respirable asbestos dust to be generated and breathed by plaintiff.

(h)     Defendant GENERAL ELECTRIC COMPANY is a corporation duly organized and existing under the laws of the State of New York, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant GENERAL ELECTRIC COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the plaintiff or to such other entities so that these materials were caused to be used on plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the plaintiff that caused respirable asbestos dust to be generated and breathed by plaintiff.

(i)     Defendant GOULD PUMPS, INCORPORATED is a corporation duly organized and existing under the laws of State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant GOULD PUMPS, INCORPORATED mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the plaintiff or to such other entities so that these materials were caused to be used on plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the plaintiff that caused respirable asbestos dust to be generated and breathed by plaintiff.

(j)     Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY mined, manufactured, produced, distributed, specified and/or sold asbestos products, either

7

directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(k)     Defendant INGERSOLL-RAND COMPANY is a corporation duly organized and existing under the laws of the State of New Jersey, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant INGERSOLL-RAND COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the plaintiff or to such other entities so that these materials were caused to be used on plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(l)     Defendant MINNESOTA MINING & MANUFACTURING ("3M") is a corporation duly organized and existing under the laws of the State of Delaware which is doing business within the State of North Carolina.  At all times material hereto, Defendant mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiff or to such other entities so that these materials were caused to be used on Plaintiff's job sites.

(m)     Defendant NATIONAL SERVICES INDUSTRIES f/k/a NSI ENTERPRISES, INC f/k/a NORTH BROTHERS, INC. is a corporation duly organized and existing under the laws of the State of Georgia, which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant NATIONAL SERVICES INDUSTRIES f/k/a NSI ENTERPRISES, INC f/k/a NORTH BROTHERS, INC. mined, manufactured, produced, distributed, and/or sold asbestos

8

products, either directly or indirectly, to the employer(s) of the plaintiff or to such other entities so that these materials were caused to be used on plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

(n)    Defendant RAPID-AMERICAN CORPORATION is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant RAPID-AMERICAN CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiffs or to such other entities so that these materials were caused to be used on Plaintiffs' job sites.

(o)    Defendant TRANE US, INC. f/k/a AMERICAN STANDARD, INC. is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant TRANE US, INC. f/k/a AMERICAN STANDARD, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the plaintiff or to such other entities so that these materials were caused to be used on plaintiff's job sites and/or had contracting units and/or employees perform work in the vicinity of the plaintiff that caused respirable asbestos dust to be generated and breathed by plaintiff.

3.    The Defendants and/or their predecessors in interest, acting through their agents, servants and/or employees, caused and have caused in the past certain asbestos,  asbestos-containing materials and asbestos protective equipment to be

9

placed in the stream of interstate commerce with the result that asbestos and asbestos-containing materials came to be used by workers within states in which Plaintiff was exposed and/or performed work in the vicinity of the Plaintiff that caused respirable asbestos dust to be generated and breathed by Plaintiff.

4.      The employment history, to the extent possible at this time, of the Plaintiff is attached here as Schedule A.  His exposure to asbestos was a proximate cause of the Plaintiff's contraction of lung cancer.  To the best of Plaintiff's knowledge, he was not exposed to asbestos after November of 1980.

5.      Each of the Defendants named in this lawsuit, or their predecessors, mined, manufactured, processed, produced, imported, converted, specified, distributed, and/or sold said asbestos and asbestos products to which the Plaintiff was exposed during his work career as described herein in Paragraph 4 and/or had contracting units or employees working at Plaintiff's job sites where activities caused the generation of respirable asbestos dust which was breathed by the Plaintiff.

6.      During the course and scope of his employment, Plaintiff was exposed to asbestos and asbestos-containing materials as described herein above, which exposure directly and proximately caused Plaintiff to develop an asbestos-related disease.

7.      The illnesses and disabilities of the Plaintiff were a direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care, should have known, that the asbestos and asbestos-containing materials were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

10

(a)     Failed to advise Plaintiff of the dangerous characteristics of their asbestos and asbestos-containing products;

(b)     Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if, in truth, they were in any way able to protect them from being poisoned and disabled as they were exposure to such deleterious and harmful asbestos-containing products;

(c)     Failed and omitted to place any warnings or sufficient warning on their containers of said asbestos and asbestos materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos-containing materials;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-containing materials;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to his health in coming in contact with and breathing said asbestos and asbestos related materials;

(f)     Did not recommend methods to improve the work environment with regard to Plaintiff's exposure to asbestos and asbestos-related products;

(g)     Did not adequately test their products and did not develop alternative products;

11

(h)     Continued to use and sell a known cancer-causing product, to-wit: asbestos, even though the defendants knew, or in the exercise of ordinary care should have known, that asbestos was a cancer causing product;

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants failed to warn the Plaintiff, and did not inform the Plaintiff of the need for monitoring and periodic evaluations up to and including the filing of this Complaint;

(j)     Were otherwise negligent.

8.     The injury of Plaintiff is also a direct and proximate result of 3M Company's negligence in placing into the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

9.     3M Company knew or should have known that workers would use and rely upon their respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that their respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

10.     Furthermore, 3M Company was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

12

<u>FOR A SECOND CAUSE OF ACTION – IMPLIED WARRANTY</u>

11.    Plaintiffs hereby incorporate by reference Paragraphs one (1) through ten (10), inclusive, as if the same were hereto set forth at length.

12.    The Defendants, and each of them, impliedly warranted that their products or materials at issue were of good and merchantable quality and fit for their intended use and the Plaintiff relied on said warranty.

13.    The implied warranty made by the Defendants, and each of them, that its materials at issue were of good and merchantable quality and safe for its particular intended use, was breached and that certain harmful, poisonous and deleterious asbestos and asbestos-related substances were given off into the atmosphere wherein the Plaintiff carried out his duties with the result that the Plaintiff inhaled and ingested harmful asbestos and asbestos-related substances.

14.    As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit:  lung cancer and the Plaintiff was damaged as set out herein.

<u>FOR A THIRD CAUSE OF ACTION – PUNITIVE DAMAGES</u>

15.    Plaintiffs hereby incorporate by reference Paragraphs one (1) through fourteen (14), inclusive, as if the same were hereto set forth at length.

16.    Plaintiff was working in close proximity to the asbestos and asbestos-related products of the Defendants or asbestos dust generated or not prevented by the Defendants, and each of them, and Plaintiff's presence (and others in his position) was

13

known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

17.     The Defendants have possessed since 1929 medical and scientific data which clearly indicates that the asbestos and asbestos-containing products were hazardous to the health and safety of the Plaintiff and others in the Plaintiff's position. Despite such knowledge and the medical and scientific data possessed by them and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, willfully, deliberately, maliciously, and callously ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity to prevent their exposure to the asbestos products of said Defendants. As a direct result, the Plaintiff was severely damaged as set forth below.

18.     From 1929 through the 1970's, the Defendants had actual knowledge of the dangers of asbestos exposure but, nevertheless, deliberately, intentionally and willfully failed to act upon and withheld from the public the scientific and medical data in their possession regarding such dangers, thus denying Plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure.  The specifics which support an award of punitive damages to the Plaintiff are represented, in part, by the following:

(a)     Failed to warn prior users even as late as the 1970's when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b)     Issued no recall type letters to prior users even to the date of filing of the Complaint;

14

(c)      Manipulated the medical data and reports concerning the hazards of asbestos before such reports were released to the medical professions;

(d)      Frustrated the publication of articles and literature from the 1930's through at least 1976;

(e)      Working through the American Textile Institute, labeled Dr. Irving Selikoff a "dangerous man" and embarked upon a concerted effort to denounce Dr. Selikoff's findings regarding the hazards of asbestos and thereby prevent the public from being alerted to those hazards;

(f)      Fought to exclude asbestosis and asbestos-induced cancers from state worker's compensation laws, fearing such inclusion would lead to discovery by workers of the hazards of asbestos and claims resulting therefrom;

(g)      Sought methods to defeat worker's compensation and other claims of asbestos workers who suffered from illnesses or disease from the use of and exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(h)      Attempted to discredit scientists, doctors, writers and medical literature who or which indicated, demonstrated or established a relationship between illness and disease from the use of and exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(i)      Refused to conduct research on the relationship between asbestos exposure and disease, acting with pecuniary motives of profit at the expense of human lives;

15

(j)      Sought to create favorable publicity about asbestos products for pecuniary motives when they knew of their risks and dangers;

(k)      Concealed the existence of tests, data, literature and medical reports regarding the causal relationship of asbestos to mesothelioma, asbestosis, scarred lungs, respiratory disorders, cancer and other illnesses;

(l)      Despite the urging of medical personnel, refused to authorize testing and research involving the relationship of illness and disease to exposure, use of and inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of their asbestos products, fearing adverse publicity would affect the highly profitable market of asbestos sales.

19.     The acts of the Defendants, and each of them, as hereinabove set forth were fraudulent, wanton and willful and done with malice in disregard of the rights and safety of Plaintiff and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials upon the body of human beings, including Plaintiff and others similarly situated, and even though forewarned of said dangers and further after having been forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material or defective dust protection equipment with full knowledge that the products were being used and would be used in the future to the detriment of the health of Plaintiff and others similarly situated and Plaintiff is, therefore, entitled to punitive damages.

16

20.     As a direct and proximate result of the negligence, carelessness, gross negligence, willful and wanton misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendants, Plaintiff was caused to contract diseases and injuries to his body systems, lungs, respiratory system, heart and damage to various organs of his body, including injury to tissue and bone, such as but not limited to asbestosis, scarred lungs, respiratory disorders and other injuries, causing his pain and suffering and both mental and physical anguish.

21.     As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendants, Plaintiffs have been damaged and are entitled to compensatory and punitive damages.

### FOR A FOURTH CAUSE OF ACTION -- LOSS OF CONSORTIUM

22.     Plaintiffs hereby incorporate by reference Paragraphs one (1) through twenty-one (21), inclusive, as if the same were hereto set forth at length.

23.     Plaintiffs hereto are husband and wife, and at the time of the aforesaid development of an asbestos-related disease still maintained a marital relationship.

24.     The parties have had a marital relationship that included marital services, society, affection, companionship and physical relations which constituted consortium between a husband and a wife.

25.     The defendants' negligence in causing the development of an asbestos-related disease of plaintiff was a proximate cause of the loss of consortium of the female plaintiff.

17

## DAMAGES

26.  As a result of the development of lung cancer, Plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment.

27.    Plaintiff alleges that, as a result of the conduct of the defendants, his injuries and illnesses are permanent in nature and that he will be forced to suffer for the remainder of his life, that his enjoyment of life has been greatly impaired and, further, that his expected life span has been shortened, and he has sustained diminished earning capacities.

28.    Plaintiffs allege that as a result of the aforesaid illnesses, they have been forced to incur amounts of medical expenses by way of doctor and drug bills and verily believe that they will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid.

29.    On account of the fraudulent, malicious and willful and wanton conduct of the defendants, the Plaintiffs are entitled to recover punitive damages from each of the defendants.

WHEREFORE, plaintiffs pray that the defendants, and each of them, be cited to appear and answer herein as the law directs, and that upon final hearing hereof, plaintiffs recover judgment of and from the defendants, and each of them, jointly and severally, for their damages as alleged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for general, compensatory and special damages; plus a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages; for medical expenses in an amount to be shown upon the trial hereof; together with their costs and disbursements herein, and interest on said judgment from the date of filing

18

until paid as by law provided, for costs of this action and such other and further relief as to which he may be entitled.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON THE ISSUES TRIABLE OF RIGHT BY A JURY.

<u>s/ Janet Ward Black</u>
Janet Ward Black
NC Bar No. 12869
Attorneys for Plaintiffs
WARD BLACK, P.A. d/b/a WARD BLACK LAW
208 W. Wendover Avenue
Greensboro, North Carolina 27401
Tel. No. 336/273-3812
jwblack@wardblacklaw.com

DATE:  July 1, 2011

19

SCHEDULE A

Plaintiff-Worker Employment History
Asbestos Exposure-Worksite Information


NAME:           HOWARD R. GUFFEY

ADDRESS:        147 Old Castle Lane
                Forest City, NC 28043


OCCUPATION:     rod buster, sheet metal worker, maintenance mechanic


EMPLOYMENT/WORKSITE            APPROXIMATE DATES

See Attached Preliminary Work History of Plaintiff

RELATED ASBESTOS LITIGATION

Action for Mr. Guffey's non-malignant asbestos disease was

filed on March 7, 2000 Western District of North Carolina under Cause Number

1:00cv33-T in the matter *Elsie Godfrey, Individually and as Personal*

*Representative of the Estate of Willie C. Godfrey, et al. v. ACandS, Incorporated,*

*et al.* and transferred to the MDL, Eastern District of Pennsylvania, under Cause

Number 2:2008cv70356.

SMOKING HISTORY

Up to 1 ppd from 1979 to 1999

PRODUCTS CONTAINING ASBESTOS

pipecovering
block
cements
plasters
gaskets
cloth
rope
tape
yarn

20

roofing products
fireproofing
packing
pipe
joint compound

DEPENDENTS:     Gail E. Guffey

## Work History of Howard Guffey

| Dates | Employers | Jobsites | Job Description |
|-------|-----------|----------|----------------|
| 1961 | Duke Power Co. Charlotte, NC | DPC Cowan's Ford Dam Lake Norman, NC | Rod Buster |
| 1961-1962 | Manpower Inc. of NY Milwaukee, WI | - liquor store NY, NY | Clerk |
| 1961-1962 | Interim Personnel of Manhattan, Inc. Peabody, MA | | |
| 1961 | Centerwood Corporation Highmount, NY | | |
| 1961 | Mecca Transportation, Inc. New York, NY | | |
| 1962-1965 | Sherry-Lehman, Inc. New York, NY | | |
| 1964 | Rockefeller Group Inc. New York, NY | - Rockefeller Ctr. New York, NY | Elevator Operator |
| 1965 | Cork & Bottle New York, NY | | |
| 1966 | Pepsi Cola Bottling Co. Charlotte, NC | | |
| 1966 | Bahnson Co. Winston Salem, NC | -Fieldcrest Mills Alexander, NC - Stonecutter Mills | Sheetmetal Worker |
| mid 1960's | Hicks & Ingle | Alcoa Aluminum Plant Badin, NC | Sheetmetal Worker |
| 1966 | American Moistening Co. Providence, RI | - Henrietta Mills Henrietta, NC - J.C. Gowan Plant Forest City, NC | Sheetmetal Worker |
| 1966-1967 | Davis Mechanical Greenville, SC | - Timkin Plant Gaffney, SC - Chickapee Pen Cotton Mill | Sheetmetal Worker |

Gainesville, GA

| | | | |
|---|---|---|---|
| 1967 | Air Industries & Research Corp.<br>Charlotte, NC | | |
| 1967 | Queen City Mechanical<br>Charlotte, NC | | |
| 1967 | McArthurs, Inc.<br>Forest City, NC | | |
| 1967 | Freeman Mechanical Inc.<br>Greenville, SC | | |
| 1967 | Gamewell Mechanical | China Grove Cotton Mill<br>China Grove, NC<br>- Hoechst Fibers<br>Spartanburg, SC | Sheetmetal Worker |
| 1967-<br>1969 | Ambassador Liquors<br>Atlantic Beach, NY | | |
| 1969-<br>1970 | Beekman Liquors, Inc.<br>New York, NY | | |
| 1970 | Manpower Inc. of NY<br>Milwaukee, WI | | |
| 1970 | Nortenn Inc.<br>Spindale, NC | | |
| 1971 | Davis Mechanical<br>Greenville, SC | | |
| 1971 | Roman Co. Inc.<br>Baltimore, MD | | |
| 1971 | Knight Inc.<br>Reidsville, NC | | |
| 1971 | Manpower of Guilford Co.<br>Kernersville, NC | | |
| 1974 | Spinner Processing<br>Spindale, NC | Plant<br>Spindale, NC | Textile Worker |

23

| | | | |
|---|---|---|---|
| 1975-1977 | Scott Mfg.<br>Spindale, NC | Plant<br>Spindale, NC | maint. mech.<br>Plastics mfg. |
| 1978-<br>1979 | A & E Plastik Pak Co.<br>Los Angeles, CA | Plant<br>Forest City, NC | maint. Mech.<br>Plastics mfg. |
| 1980-91 | A&E Products<br>Forest City, NC | Plant<br>Forest City, NC | maint. mech.<br>Plastics mfg. |
| 1991-<br>1993 | Leggett & Platt Inc.<br>Carthage, MO | | |
| 1991 | Pisgah Plastics<br>Spartanburg, SC | Plant<br>Spartanburg, SC | Supervisor<br>over 3rd shift |
| 1993-<br>1994 | Molding Dynamic Inc.<br>Spindale, NC | Plant<br>Forest City, NC | Supervisor<br>over 3rd shift |
| 1995-<br>1999 | Atchley's Construction<br>Spindale, NC | various sites | put up big metal<br>bldg.'s for co.'s |
| 1998-<br>1999 | self employed | | |

24

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


<u>DEFENDANTS LIST</u>

A.W. Chesterton Company
By and Through Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Bayer Cropscience, Inc. f/k/a
Aventis CropScience USA, Inc. f/k/a
Rhone-Poulenc AG Company, Inc., f/k/a
Rhone Poulenc, Inc. f/k/a
Union Carbide Agricultural Products, Inc.
f/k/a Amchem Products, Inc., a Successor
in interest to Benjamin Foster Company
By and Through Its Registered Agent:
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

CBS Corporation, a Delaware
Corporation, f/k/a Viacom, Inc., successor by
merger to CBS Corporation, a Pennsylvania
Corporation, f/k/a Westinghouse Electric Corporation
By and Through Its Registered Agent:
Michael D. Fricklas
1515 Broadway
New York, NY 10036

CertainTeed Corporation
By and Through Its Registered Agent:
C.T. Corporation System
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Daniel International Corporation
f/k/a Fluor Carolina, Inc.
c/o By and Through Its Registered Agent

25

John Reynolds
100 Fluor Daniel Drive
Greenville, SC 29607

Fluor Enterprises, Inc.,
Successor-in-Interest corporation to a
Merger between Fluor Construction
Corporation and Daniel Construction Company
By and Through Its Registered Agent
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27601

General Electric Company
By and Through Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Goulds Pumps, Incorporated
c/o Its Registered Agent
C. T. Corporation System
111 – 8th Ave.
New York, NY 10011

Industrial Holdings Corporation
f/k/a The Carborundum Company
By and Through Its Registered Agent:
The Prentice-Hall Corporation System
80 State Street
Albany, NY 12207

Ingersoll-Rand Company
c/o Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Minnesota Mining & Manufacturing Co.
a/k/a 3M Company
c/o Roger P. Smith, Secretary
3M Center, Building 220-14W-06
St. Paul, Minnesota 55144-1000

National Services Industries, Inc.
f/k/a NSI Enterprises, Inc.

26

f/k/a North Brothers, Inc.
By and Through Its Registered Agent:
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Rapid-American Corporation
By and Through Its Registered Agent
The Prentice-Hall Corporation System, Inc.
2711 Centerville Road, Suite #400
Wilmington, DE 19808

Trane US, Inc. f/k/a
American Standard, Inc.
c/o Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601