# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SALLY GROS VEDROS** | * | **CIVIL ACTION NO.  2:11-cv-01198** |
| **VS.** | * | **DIVISION "R"** |
| **NORTHROP GRUMMAN SHIPBUILDING, INC. ET AL** | * | **MAG. "4"** |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

## MOTION FOR LEAVE OF COURT TO FILE FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

Plaintiffs, Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White, children of Sally Vedros, persons of the full age of majority and residents of the State of Louisiana, move this Court for leave to file a First Supplemental and Amending Petition for Damages.

**WHEREFORE**, it is respectfully submitted that leave of court be granted to allow plaintiffs' filing of this First Supplemental and Amending Petition for Damages.

<div style="display:flex">

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion for Leave of Court to File First Supplemental and Amending Petition for Damages has been served upon counsel for all parties by Electronic Service through the Electronic Case Filing System or by FAX, on this 5th day of July, 2011.

_____/s/ Gerolyn P. Roussel_____
GEROLYN P. ROUSSEL

Respectfully submitted,

**ROUSSEL & CLEMENT**

/s/ Gerolyn P. Roussel_____
GEROLYN P. ROUSSEL - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
1714 Cannes Drive
LaPlace, LA  70068
Telephone:  (985) 651-6591
Facsimile:  (985) 651-6591
ATTORNEYS FOR PLAINTIFFS

</div>

-1-

**EXHIBIT**

tabbies®  1

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SALLY GROS VEDROS** | * | **CIVIL ACTION NO.  2:11-cv-01198** |
| **VS.** | * | **DIVISION "R"** |
| **NORTHROP GRUMMAN SHIPBUILDING, INC. ET AL** | * | **MAG. "4"** |

FILED:_____     _____
                                                                          DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO FILE FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

Plaintiffs, Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White, children of Sally Vedros, persons of the full age of majority and residents of the State of Louisiana, submit this memorandum in support of their Motion for Leave to File a First Supplemental and Amending Petition for Damages.

On June 3, 2011, original plaintiff, Sally Gros Vedros, died in the State of Louisiana. (Exhibit 1).  At the time of her death, she was survived by three major children, Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White, who wish to be substituted as plaintiffs for all survival damages currently existing against all defendants.  (Exhibits 2 through 4).  In addition, Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White wish to assert any and all rights and claims for wrongful death damages against all defendants.  Accordingly, plaintiffs wish to supplement and

-1-

amend their petition for damages to assert all survival claims and wrongful death claims to which

they are entitled as a result of the injury and death of Sally Vedros against all defendants identified

in the original Petition for Damages.  In addition to those defendants identified in plaintiffs' original

Petition for Damages, Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White seek to add

as additional defendants both Uniroyal, Inc. and Owens-Illinois, Inc. to assert wrongful death claims

only against these two defendants.  Finally, plaintiffs seek to supplement the Original Petition for

Damages to add Continental Insurance Company (as successor by merger to Fidelity & Casualty

Company of New York) as a defendant to assert both survival and wrongful death claims against

Continental.  In addition to Maryland Casualty Company, who is already a defendant in this case,

Continental Insurance Company also insured Marquette Insulations, Inc.  Accordingly, plaintiffs seek

to allege a cause of action against Continental Insurance Company as an additional insurer of

Marquette Insulations, Inc.

    **WHEREFORE**, it is respectfully submitted that leave of court be granted to allow the

plaintiffs' file their First Supplemental and Amending Petition for Damages.

**CERTIFICATE OF SERVICE**

        I hereby certify that a copy of the
Motion for Leave of Court to File First
Supplemental and Amending Petition for
Damages has been served upon counsel for all
parties by Electronic Service through the
Electronic Case Filing System or by FAX, on
this 5th day of July, 2011.

        /s/ Gerolyn P. Roussel
        GEROLYN P. ROUSSEL

Respectfully submitted,

**ROUSSEL & CLEMENT**

/s/ Gerolyn P. Roussel
GEROLYN P. ROUSSEL - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
1714 Cannes Drive
LaPlace, LA  70068
Telephone:  (985) 651-6591
Facsimile:  (985) 651-6591
ATTORNEYS FOR PLAINTIFFS

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR DEATH ONLY

6804276

IMPORTANT: 1405786
PRINT or TYPE, black ink
or ribbon mandatory

STATE OF LOUISIANA
**CERTIFICATE OF DEATH**

BIRTH No.                                                           FILE No. 117

**DECEDENT**

| 1A. LAST NAME OF DECEDENT | 1B. FIRST NAME | 1C. MIDDLE NAME | 2A. DATE OF DEATH (Month, Day, Year) |
| VEDROS | SALLY | ANN | JUNE 3, 2011 |

| 3. SEX | 4. RACE | 5. MARITAL STATUS | 6. SURVIVING SPOUSE |
| FEMALE | WHITE | WIDOWED | |

2. HOUR OF DEATH  2:55 am

| 7. DATE OF BIRTH (Month, Day, Year) | 8A. AGE | 8B. UNDER 1 YEAR | 8C. UNDER 1 DAY | 9. BIRTHPLACE |
| JANUARY 15, 1941 | 70 | MONTHS DAYS | HOURS MINUTES | THIBODAUX, LOUISIANA |

| 11. USUAL OCCUPATION | 12. KIND OF BUSINESS OR INDUSTRY | 10. OF HISPANIC ORIGIN? |
| SECRETARY | EDUCATION INDUSTRY | NO |

| 13. EVER IN U.S. ARMED FORCES? | 14. SOCIAL SECURITY NUMBER | 15. DECEDENT'S EDUCATION |
| NO | 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 | 12 |

**PLACE OF DEATH**

| 16A. PLACE OF DEATH | | | 16C. PLACE OF DEATH CITY LIMITS (YES or NO) |
| HOSPITAL  INPATIENT [X]  ER / OUTPATIENT  DOA  NON-HOSPITAL  NURSING HOME  RESIDENCE  OTHER | | | NO |

| 16B. NAME OF FACILITY |
| RIVER REGION HOSPICE |

| 16D. CITY, TOWN OR LOCATION OF DEATH | 17. PARISH OF DEATH |
| RIVER RIDGE | JEFFERSON |

**RESIDENCE**

| 18A. STREET ADDRESS | 18B. PARISH OF RESIDENCE | 18C. STATE |
| 605 GARDERE AVENUE | JEFFERSON | LOUISIANA |

| 18D. USUAL RESIDENCE OF DECEDENT | 18E. ZIP CODE | 18F. RESIDENCE INSIDE CITY LIMITS (YES or NO) |
| HARVEY | 70058 | NO |

**PARENTS**

| 19A. FATHER'S LAST NAME | FIRST | MIDDLE | 19B. FATHER'S PLACE OF BIRTH | 19C. STATE |
| GROS, SR. | ALTON | EVES | CHACKBAY | LOUISIANA |

| 20A. MOTHER'S MAIDEN NAME | FIRST | MIDDLE | 20B. MOTHER'S PLACE OF BIRTH | 20C. STATE |
| LAFOREST | MARIE | EDNA | LULING | LOUISIANA |

**INFORMANT**

| 21A. TYPE OR PRINT NAME OF INFORMANT | 21B. INFORMANT'S ADDRESS | 21C. DATE (Month, Day, Year) |
| GERALD VEDROS | 928 ASHLYN PLACE W TERRYTOWN, LA. 70056 | JUNE 4, 2011 |

**DISPOSITION**

| 22. METHOD OF DISPOSITION | 23. NAME OF CEMETERY |
| BURIAL [X]  CREMATION  REMOVAL  OTHER | WESTLAWN PARK CEMETERY GRETNA, LOUISIANA 70056 |

| 23B. DATE OF DISPOSITION |
| JUNE 7, 2011 |

| 24A. SIGNATURE AND ADDRESS OF FUNERAL DIRECTOR | 24B. FACILITY NUMBER | 24C. LICENSE NUMBER |
| WESTSIDE/LEITZ-EAGAN FUNERAL HOME 5101 WESTBANK EXPRESSWAY MARRERO, LOUISIANA 70072  *Beth Robbins* | 2790 | E-2650 |

**REGISTRAR**

| 25A. BURIAL TRANSIT PERMIT | 25B. PARISH OF ISSUE | 25C. DATE OF ISSUE | 25D. SIGNATURE OF LOCAL REGISTRAR |
| S305503 | JEFFERSON | JUNE 4, 2011 | *Adrian Baxter C.W.* |

**MANNER OF DEATH**

| 26. MANNER OF DEATH |
| NATURAL [X]  ACCIDENT  SUICIDE  HOMICIDE  PENDING INVESTIGATION  UNDETERMINED |

| 26A. DATE OF INJURY | 26B. TIME OF INJURY | 26C. INJURY AT WORK (YES or NO) | AND DESCRIBE HOW INJURY OCCURRED |

| 26E. PLACE OF INJURY | 26F. LOCATION (Street, Number or Rural Route, City, Parish, State) |

**CERTIFIER**

| 27A. I CERTIFY THAT I ATTENDED THE DECEDENT | AND THAT DEATH OCCURRED ON THE DATE AND HOUR STATED ABOVE DUE TO THE CAUSE/S AND IN THE MANNER SO STATED. | 27B. SIGNATURE OF PHYSICIAN OR CORONER | 27C. DATE (Month, Day, Year) |
| FROM 05-31-11  TO 06-03-2011 | | *R. Mukesh O Clark, Sr.* | 6/10/11 |

| 27D. TYPE OR PRINT NAME AND TITLE OF CERTIFIER | 27E. ADDRESS OF PHYSICIAN OR CORONER |
| Dr. Nicholas J. Angelica, M.D. | 507 Westream St. River Ridge, LA 70123 |

**CAUSE OF DEATH**

| 28. PART I. ENTER THE DISEASES, INJURIES OR COMPLICATIONS THAT CAUSED THE DEATH. DO NOT ENTER THE MODE OF DYING, SUCH AS CARDIAC OR RESPIRATORY ARREST OR HEART FAILURE. LIST ONLY ONE CAUSE ON EACH LINE. | | APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH |
| IMMEDIATE CAUSE (Final disease or condition resulting in death.) | Mesothelioma    DUE TO (OR AS A CONSEQUENCE OF): | |
| Sequentially list conditions, if any, leading to immediate cause | DUE TO (OR AS A CONSEQUENCE OF): | |
| Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST | DUE TO (OR AS A CONSEQUENCE OF): | |

| 28. PART II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I. | 29. IF DECEASED A FEMALE IS/IS/ WAS SHE PREGNANT OR HAD BEEN PREGNANT WITHIN THE LAST 90 DAYS? | 30. WAS AN AUTOPSY PERFORMED? | 30B. WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? |
| | Yes  No  Unk | Yes  No [X] | Yes  No |

PHS 16 (REV 04/04)

**OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY**

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE VITAL RECORDS REGISTRY OF THE STATE OF LOUISIANA, PURSUANT TO LSA — R.S. 40.32, ET SEQ.



*Darlene W. Smith*
**STATE REGISTRAR**

EXHIBIT
1
exhibitsticker.com

DHH-OPH
LOUISIANA
RECORDS

JUN 1 6 2011

LOUISIANA STATE BOARD OF HEALTH
DIVISION OF
PUBLIC HEALTH STATISTICS

**CERTIFICATE OF LIVE BIRTH**

BIRTH No. 117   670211447

| 1a. Child's Last Name | 1b. First Name | 1c. Second Name |
|---|---|---|
| VEDROS | VALERIE | ANN |

| 2. Sex—Girl or Boy? | 3. This Birth | 4. If Twin or Triplet, Was Child Born | 5. Date Month Day Year Of Birth |
|---|---|---|---|
| Girl | Single ☒ Twin ☐ Triplet ☐ | 1st ☐ 2d ☐ 3d ☐ | June 16, 1967 |

| 6a. Place of Birth (City, Town, or Location) | 6b. Parish |
|---|---|
| Marrero | Jefferson |

| 7. Name of Hospital or Institution—(If not in Hospital or Institution give street address or location) | 6d. Is Place of Birth Inside City Limits? |
|---|---|
| West Jefferson General Hospital | Yes ☐   No ☒ |

| 7a. Usual Residence of Mother (City, Town or Location) | 7b. Parish | 7c. State |
|---|---|---|
| Gretna | Jefferson | Louisiana |

| 7d. Street Address—(If rural indicate location) | 7e. Is Residence Inside City Limits? | 7f. Is Residence on a Farm? |
|---|---|---|
| 2101½ Lafayette Street | Yes ☒   No ☐ | Yes ☐   No ☒ |

| 8. Full Name of Father | | | 9. Color or Race of Father |
|---|---|---|---|
| WILTON JOSEPH VEDROS | | | White |

| 10a. Usual Occupation of Father | 10b. Kind of Industry or Business | 11. Birthplace, City and State or Foreign Country | 12. Age of Father (At time of this birth) |
|---|---|---|---|
| Asst. Manager | Redisco Corp. | Raceland, Louisiana | 27 |

| 13. Full Maiden Name of Mother | | | 14. Color or Race of Mother |
|---|---|---|---|
| SALLY ANN GROS | | | White |

| 15. Birthplace, City and State or Foreign Country | | | 16. Age of Mother (At time of this birth) |
|---|---|---|---|
| Thibodaux, Louisiana | | | 26 |

| 17. Previous Deliveries to Mother (Do NOT include this birth) | | | | 2 |
|---|---|---|---|---|
| a. How many OTHER Children are now living? | b. How many OTHER Children were born alive But are now Dead? | c. How many fetal deaths (fetuses born dead) at ANY time after conception? | | |
| 2 | 0 | 0 | | |

| 18. I certify that the above stated information is true and correct to the best of my knowledge. Signature of Parent or Other Informant | Parent ☐ Other ☒ | 19. Date of Signature |
|---|---|---|
| Mrs. Sally S. Vedros | | June 20, 1967 |

| 20. Mother's Mailing Address |
|---|
| 2101½ Lafayette Street  Gretna, Louisiana |

| 21. I certify that I attended this birth and that the child was born alive on the date stated above. Signature of Attendant | 22. Kind of Attendant Phys. ☐ Midwife ☐ Other ☐ | 23. Date of Signature |
|---|---|---|
| Charles F. Noll | | June 20, 1967 |

| 24. Date accepted by Local Registrar | 25. Signature of Local Registrar | 26. Date Rec'd by State Registrar |
|---|---|---|
| June 22, 1967 | Hilda Rimaud, M.D. per Geo. Normand | JUN 26 1967 |

FOR MEDICAL AND HEALTH USE ONLY

DEC 27 1978

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE OFFICE OF VITAL RECORDS OF THE STATE OF LOUISIANA, PURSUANT TO LSA-R.S. 40:33, ET SEQ.

STATE HEALTH OFFICER M.D.

State Registrar

**EXHIBIT**
2

**LOUISIANA STATE BOARD OF HEALTH**
**DIVISION OF**
**PUBLIC HEALTH STATISTICS**

## CERTIFICATE OF LIVE BIRTH

BIRTH No. 117 · 65010201

| 1a. Child's Last Name | 1b. First Name | 1c. Second Name |
|---|---|---|
| VEDROS | LORI | ANN |

| 2. Sex—Girl or Boy? | 3. This Birth | 4. If Twin or Triplet, Was Child Born | 5. Date Month Day Year Of Birth |
|---|---|---|---|
| Girl | Single ☒ Twin ☐ Triplet ☐ | 1st ☐ 2d ☐ 3d ☐ | Jan. 23, 1965 |

| 6a. Place of Birth (City, Town or Location) | | 6b. Parish |
|---|---|---|
| Marrero | | Jefferson |

| 7. Name of Hospital or Institution—(If not in Hospital or Institution give street address or location) | 6c. Is Place of Birth Inside City Limits |
|---|---|
| West Jefferson General Hospital | Yes ☐ No ☒ |

| 7a. Usual Residence of Mother (City, Town or Location) | 7b. Parish | 7c. State |
|---|---|---|
| Gretna | Jefferson | Louisiana |

| 7d. Street Address—(If rural indicate location) | 7e. Is Residence Inside City Limits | 7f. Is Residence on a Farm? |
|---|---|---|
| 2101½ Lafayette Street | Yes ☐ No ☐ | Yes ☐ No ☐ |

| 8. Full Name of Father | 9. Color or Race of Father |
|---|---|
| MILTON JOSEPH VEDROS | White |

| 10a. Usual Occupation of Father | 10b. Kind of Industry or Business | 11. Birthplace, City and State or Foreign Country | 12. Age of Father (At time of this birth) |
|---|---|---|---|
| Assistant Manager | Finance Company | Raceland, Louisiana | 25 |

| 13. Full Maiden Name of Mother | 14. Color or Race of Mother |
|---|---|
| SALLY ANN GROS | White |

| 15. Birthplace of Mother, City and State or Foreign Country | 16. Age of Mother (At time of this birth) |
|---|---|
| Thibodaux, Louisiana | 24 |

17. Previous Deliveries to Mother (Do NOT include this birth)

| a. How many OTHER Children are now living? | b. How many OTHER Children were born alive But are now Dead? | c. How many fetal deaths (fetuses born dead) at ANY time after conception? |
|---|---|---|
| 1 | 0 | |

| I certify that the above stated information is true and correct to the best of my knowledge. | 18. Signature of Parent or Other Informant | Parent ☒ Other ☐ | 19. Date of Signature |
|---|---|---|---|
| | Sally G. Vedros | | Jan. 26, 1965 |

| 20. Mother's Mailing Address |
|---|
| 2101½ Lafayette Street, Gretna, Louisiana |

| I certify that I attended this birth and that the child was born alive on the date stated above. | 21. Signature of Attendant | M. D. ☒ Midwife ☐ Other ☐ | 22. Date of Signature |
|---|---|---|---|
| | Charles F. Doll | | Jan. 26, 1965 |

| 23. Date Accepted by Local Registrar | 24. Signature of Local Registrar | 25. Date filed by State Registrar |
|---|---|---|
| Mar. 17, 1965 | Hilda Reynaud M.D. per G.S. Norman | Jan. 18, 1965 |

FOR MEDICAL AND HEALTH USE ONLY

**DEC 27 1978**

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE OFFICE OF VITAL RECORDS OF THE STATE OF LOUISIANA, PURSUANT TO LSA—R.S. 40:32, ET SEQ.

_William O. Cloud_ M.D.
STATE HEALTH OFFICER

_Stanley O. Craun_
State Registrar

**EXHIBIT**
**3**

LOUISIANA STATE BOARD OF HEALTH
DIVISION OF
PUBLIC HEALTH STATISTICS

## CERTIFICATE OF LIVE BIRTH

BIRTH No. 117   62 053820

| 1a. Child's Last Name | 1b. First Name | 1c. Second Name |
|---|---|---|
| VEDROS | GERALD | MARK |

| 2. Sex—Girl or Boy? | 3. This Birth | 4. If Twin or Triplet, Was Child Born | 5. Date Month Day Year |
|---|---|---|---|
| Boy | Single ☒  Twin ☐  Triplet ☐ | 1st ☐  2d ☐  3d ☐ | Birth Oct. 31, 1962 |

| 6a. Place of Birth (City, Town, or Location) | 6b. Parish |
|---|---|
| Marrero | Jefferson |

7. Name of Hospital or Institution—(If not in Hospital or Institution give street address or location)
West Jefferson General Hospital

6d. Is Place of Birth Inside City Limits?   Yes ☐   No ☒

| 7a. Usual Residence of Mother (City, Town or Location) | 7b. Parish | 7c. State |
|---|---|---|
| Gretna | Jefferson | Louisiana |

7d. Street Address—(If rural indicate location)
2101½ Lafayette Street

7e. Is Residence Inside City Limits?   Yes ☐   No ☐

7f. Is Residence on a Farm?   Yes ☐   No ☒

| 8. Full Name of Father | 9. Color or Race of Father |
|---|---|
| MILTON JOSEPH VEDROS | White |

| 10a. Usual Occupation of Father | 10b. Kind of Industry or Business | 11. Birthplace, City and State or Foreign Country | 12. Age of Father (At time of this birth) |
|---|---|---|---|
| Assistant Manager | Finance Company | Raceland, Louisiana | 22 |

| 13. Full Maiden Name of Mother | 14. Color or Race of Mother |
|---|---|
| SALLY ANN GROS | White |

| 15. Birthplace of Mother, City and State or Foreign Country | 16. Age of Mother (At time of this birth) |
|---|---|
| Thibodaux, Louisiana | 21 |

17. Previous Deliveries to Mother (Do NOT include this birth)

| a. How many OTHER Children are now living? | b. How many OTHER Children were born alive But are now Dead? | c. How many fetal deaths (fetuses born dead) at ANY time after conception? |
|---|---|---|
| 0 | 0 | 0 |

18. I certify that the above stated information is true and correct to the best of my knowledge.

19. Signature of Parent or Other Informant
Mrs. Wilton J. Vedros
Parent ☐  Other ☒

20. Date of Signature
10-31-62

21. Mother's Mailing Address
2101½ Lafayette Street - Gretna, Louisiana

22. I certify that I attended this birth and that the child was born alive on the date stated above.

23. Signature of Attendant
Charles F. Troll
M.D. ☐  D.O. ☐  Midwife ☐  Other ☐

24. Date of Signature
Nov. 1, 1962

25. Date accepted by Local Registrar
Nov. 16, 1962

26. Signature of Local Registrar
Hilda Reymand M D per L. Le Normand

27. Date accepted by State Registrar
NOV 19 1962

FOR MEDICAL AND HEALTH USE ONLY

DEC 27 1978

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE OFFICE OF VITAL RECORDS OF THE STATE OF LOUISIANA, PURSUANT TO LSA—R.S. 40:33, ET SEQ.

STATE HEALTH OFFICER

State Registrar

EXHIBIT
4

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SALLY GROS VEDROS** | * | **CIVIL ACTION NO.  2:11-cv-01198** |
| **VS.** | * | **DIVISION "R"** |
| **NORTHROP GRUMMAN SHIPBUILDING, INC. ET AL** | * | **MAG. "4"** |

FILED:_____          _____
                                                             DEPUTY CLERK

### <u>O R D E R</u>

Considering the Motion for Leave of Court to File First Supplemental and Amending Petition for Damages,

IT IS HEREBY ORDERED that leave of court is granted allowing the filing of the Plaintiffs' First Supplemental and Amending Petition for Damages.

Signed, this __ day of _____, 2011.


_____
**DISTRICT JUDGE**


-1-

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SALLY GROS VEDROS** | * | **CIVIL ACTION NO.  2:11-cv-01198** |
| **VS.** | * | **DIVISION "R"** |
| **NORTHROP GRUMMAN SHIPBUILDING, INC. ET AL** | * | **MAG. "4"** |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

## FIRST SUPPLEMENTAL AND AMENDING PETITION

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White, major children of Sally Gros Vedros (Exhibits 1 through 3), all residents of the State of Louisiana, and upon suggesting to the Court that they desire to supplement and amend the original Petition For Damages, in the following respects:

### I.

By amending the caption, body, and prayer of the original Petition For Damages to include as plaintiffs Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White, major children of Sally Gros Vedros, and to assert any and all rights and claims to which they are entitled as a result of the injuries and death of Sally Gros Vedros, as well as to assert any and all survival and wrongful death claims to which they are entitled.

### II.

By adding an additional paragraph to be numbered  "75" to read as follows:

"75."

On June 3, 2011, original plaintiff, Sally Gros Vedros, died in the State of Louisiana.  (Exhibit 4).  At the time of her death, she was survived by her three children, Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White, who wish to be substituted as plaintiffs for all survival damages currently existing against all defendants.  In addition, Gerald Vedros, Lori Vedros Kravet, and

-1-

Valerie Vedros White assert any and all rights and claims for wrongful death damages against all defendants.

III.

By adding an additional paragraph to be numbered  "76" to read as follows:

"76."

Decedent, Sally Vedros, died on June 3, 2011, as a result of mesothelioma, complications therefrom and/or complications from treatment therefrom, and other ill health effects related thereto.

IV.

By supplementing and amending the caption, body, and prayer of the Original Petition for

Damages to add as additional defendants the following:

CONTINENTAL INSURANCE COMPANY (successor by merger to Fidelity & Casualty Company of New York); UNIROYAL, INC.; and OWENS-ILLINOIS, INC.

V.

By amending and supplementing Paragraph "2" of Plaintiffs' Original Petition for

Damages to read as follows:

2.

Defendants, NORTHROP GRUMMAN SHIPBUILDING, INC., (formerly, NORTHROP GRUMMAN SHIP SYSTEMS, INC., formerly, AVONDALE INDUSTRIES, INC. and formerly AVONDALE SHIPYARDS, INC.); ONEBEACON AMERICA INSURANCE COMPANY (as successor to COMMERCIAL UNION INSURANCE COMPANY and EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY); AMERICAN EMPLOYERS INSURANCE COMPANY; AMERICAN MOTORISTS INSURANCE COMPANY; BAYER CROPSCIENCE, INC. (AS SUCCESSOR OF LIABILITY TO RHONE-POULENC AG COMPANY F/K/A AMCHEM PRODUCTS, INC. F/K/A BENJAMIN FOSTER COMPANY); EAGLE, INC. (FORMERLY EAGLE ASBESTOS & PACKING COMPANY, INC.); FOSTER-WHEELER LLC (formerly FOSTER-WHEELER CORPORATION); GENERAL ELECTRIC COMPANY; HOPEMAN BROTHERS, INC.; THE MCCARTY CORPORATION (SUCCESSOR TO MCCARTY BRANTON, INC., AND PREDECESSOR AND SUCCESSOR TO MCCARTY INSULATION SALES, INC.); REILLY-BENTON COMPANY, INC.; TAYLOR-SEIDENBACH, INC.; CBS CORPORATION (f/k/a WESTINGHOUSE ELECTRIC CORPORATION); RAPID AMERICAN CORPORATION (as successor in interests to Philip Carey

-2-

Manufacturing Company); MARQUETTE INSULATIONS, INC.; MARYLAND
CASUALTY COMPANY; CONTINENTAL INSURANCE COMPANY
(successor by merger to FIDELITY & CASUALTY COMPANY OF NEW
YORK); UNIROYAL, INC.; OWENS-ILLINOIS, INC. (hereinafter collectively
referred to as "asbestos defendants"), are all corporations incorporated under the
laws of the various states of the United States, as well as Canada, England, and
Australia.  Asbestos defendants all have their principal place of business in
various states of the United States, as well as some foreign countries.  All of them
may be served under and by virtue of the Long Arm Statute of the State of
Louisiana, either through their authorized agents, servants, and/or employees, or
through the Secretary of State, State of Louisiana.

<div align="center">VI.</div>

By adding an additional paragraph to be numbered  "77" to read as follows:

<div align="center">77.</div>

Pursuant to Louisiana Revised Statute 22:1269, plaintiffs herein assert a
direct action against Continental Insurance Company (as successor by merger to
Fidelity & Casualty Company of New York), who at times material herein, was
the general liability carrier covering Marquette Insulations, Inc. ("Marquette") for
the liability asserted herein.  Also, upon knowledge and belief, Marquette
Insulations, Inc. has incurred a civil death by corporate dissolution.  Thus,
Marquette is deceased under Louisiana law allowing a direct action against its
insurer, Continental Insurance Company, pursuant to LSA-R.S. 22:1269(B)(1)(f).
In addition, since Marquette Insulations, Inc. is dead, it cannot be served with
citation or other process allowing a direct action against their insurer, Continental
Insurance Company, pursuant to LSA-R.S. 22:1269(B)(1)(c).  Furthermore, the
voluntary dissolution of Marquette Insulations, Inc. pursuant to LSA-R.S. 12:141
through 149, liquidates the assets (except insurance policies) of the corporation
and renders the corporation insolvent, allowing a direct action against its insurer,
Continental Insurance Company, pursuant to LSA-R.S. 22:1269(B)(1)(b).  Also,
LSA-R.S. 22:1269 vested the plaintiffs with rights in the insurance contract
distinct from the insured by operation of law.  Additionally, the insurance policies
of Continental Insurance Company insuring Marquette Insulations, Inc. are
undistributed asset of the tort debtor, Marquette Insulations, Inc.  Thus,
Continental Insurance Company is subject to suit pursuant to LSA-R.S. 12:147(C)
which allows a direct suit against the undistributed assets of a dissolved
corporation.

<div align="center">-3-</div>

VII.

By adding an additional paragraph to be numbered  "78" to read as follows:

78.

With regard to Uniroyal, Inc. and Owens-Illinois, Inc., Gerald Vedros, Lori Vedros

Kravet, and Valerie Vedros White assert any and all rights and claims for wrongful death

damages only against these two defendants.  Gerald Vedros, Lori Vedros Kravet, and Valerie

Vedros White are not asserting any claims for survival damages against Owens-Illinois, Inc. and

Uniroyal, Inc.

VIII.

By adding an additional paragraph to be numbered  "79" to read as follows:

79.

Defendant, Owens-Illinois, Inc., (O-I) began the manufacture and sale of
the asbestos containing insulation product "Kaylo" in the 1940's.  Defendant's
knowledge of the hazards posed by the inhalation of asbestos fiber released from
Kaylo can be documented as far back as the early 1940's.  Much of the evidence
arises out of testing done of Kaylo at the Saranac Laboratory at Saranac Lake New
York.  The following is a brief description of some of the evidence pertaining to
O-I's knowledge of the health hazards posed by inhalation of asbestos dust
released from its Kaylo product.  On February 12, 1943, O-I's director of research,
U. E. Bows, sent a letter to L. U. Gardner of the Saranac Laboratory stating:
"(The health hazard) should be considered from the standpoint of employees
working in the plant where the material is made or where it may be sawed to the
desired dimensions and also considered from the standpoint of applicators or
erectors at the point of use."  On November 16, 1948, A. J. Vorwald of the
Saranac Laboratory sent a letter to U. E. Bows regarding the effects of inhalation
of Kaylo dust in animal studies.  This letter provides in pertinent part:

> In all animals sacrificed after more than 30 months
> of exposure to Kaylo dust unmistakable evidence of
> asbestosis has developed, showing that Kaylo on
> inhalation is capable of producing asbestos and
> must be regarded as a potentially hazardous
> material.

> * * *

> I realize that our findings regarding Kaylo are less
> favorable than anticipated.  However, since Kaylo is

-4-

capable of producing asbestosis, it is better to
discover it now in animals rather then later in
industrial workers.  Thus, the company, being
forewarned, would be in a better position to institute
adequate control measures for safeguarding exposed
employees and protecting its own interest.

Along with the November 16 letter of Vorwald was an interim report to the
Owens-Illinois Glass Company regarding the ability of dust generated by Kaylo to
cause lung disease.  Pertinent portions of that report provide:

Kaylo is capable, on prolonged inhalation of
producing asbestosis in the lungs of guinea pigs and
it should be handled industrially as a hazardous
dust.

* * *

The animals were exposed to atmospheric
suspensions of Kaylo dust for 8 hours daily, 5 and ½
days a week throughout the experiment.  The dust
concentration which varied somewhat from time to
time has averaged 116 particles per cubic foot of air
over the entire course of the experiment to date.

* * *

All nine animals sacrificed subsequent to 30 months
in the present experiment...have developed true
fibrosis of a type characteristic of the response of
guinea pigs to asbestos.

While the lesions up to 30 months showed no
fibrosis, certain aspects of them were compatible
with a preliminary stage in the development of
asbestosis.  These aspects were masked by the inert
type of reaction to the materials other than asbestos
in the dust.

* * *

Kaylo, because of its content of an appreciable
amount of fibrous chrysotile, is capable of
producing asbestosis and should be handled as a
hazardous industrial dust.

The Saranac Laboratory report clearly informed O-I that the asbestos content in
the air in certain parts of its plant were potentially hazardous to human health.
The report further recommended that respirators be used by workers loading

Kaylo material into box cars.  In the same report O-I was also warned against reliance on compliance with government and industry standards in order to completely protect against the possibility of occupational disease.  On February 7, 1952, Vorwald sent a letter to W. G. Hazard enclosing the final report on "The Capacity of Inhaled Kaylo Dust to Injure the Lung."  A copy of the report was sent to O-I corporate medical director, Shook.  The report states in pertinent part:

> Kaylo dust is capable of producing peribronchiolar fibrosis typical of asbestosis.  The dust also has a slightly unfavorable influence upon a tuberculosis infection.  Although extrapolation from animal to human experience is difficult, nevertheless, the results of the study indicate that every precaution should be taken to protect workers against inhaling the dust.

Despite the information made know to O-I concerning the ability of dust generated form its Kaylo product to cause asbestosis and other ailments, O-I actually drafted a pamphlet stating that Kaylo could be used without the danger of developing asbestosis.  See December 12, 1950, letter from Willis G. Hazard to A. G. Vorwald; December 9, 1952, correspondence from C. W. Howard to George White.  O-I continued to promote Kaylo as safe and "non-toxic".  See advertisement in Petroleum Engineer C-55 to C-62 April, 1952, Hydros Calcium Silicate Heat Insulation.

IX.

By adding an additional paragraph to be numbered  "80" to read as follows:

80.

Other evidence of knowledge include the fact that in May 1952, Willis Hazard of O-I attended the Seventh Saranac Symposium where considerable discussion of asbestosis and cancer took place. On October 5, 1955, Hazard of O-I concerning a report of Saranac Lake contained in Arch. Indust. Health, 12:348-360, (1955) entitled "Effect of Inhaled Commercial Hydrous Calcium Silicate Dust on Animal Tissues."  The report was published by Dr. Scheepers of the Saranac Laboratory and contained some of the Saranac Laboratory's findings pertaining to Kaylo.  The report was not shown to O-I officials prior to publication.  In his October 5, 1955, Hazard stated:

> We had felt (publication of the research) would be the proper procedure for the long run, even though the experiments did not show Kaylo to be lily-white.  They showed to be specific, the Kaylo dust could cause asbestosis, an incurable lung condition; and they showed the dust could reactivate tuberculosis....

* * *

The name "Kaylo" and O-I appear no where in the article.  Its completely anonymous.

The above aptly demonstrates that O-I possessed the requisite knowledge of the hazards posed by inhalation of asbestos fiber as far back as the 1940's.  Despite that knowledge, defendant chose not to warn the plaintiffs or others similarly situated of the hazards posed to their health by working with or near defendant's products.  Further, defendant's suppression of known health hazards associated with exposure to their products constitute fraud under Louisiana law.  Moreover, O-I sold its design and trademark for Kaylo to Owens-Corning Fiberglas Corporation knowing that it was a defective product capable of causing disease and death.  O-I is liable for the defective Kaylo product which continued to be sold throughout the 1970s.  O-I is liable to plaintiffs both for designing a defective product as well as for plaintiff, Sally Vedros, being exposed to this product as manufactured by O-I and later by Owens-Corning Fiberglas Corp.  O-I is liable for designing a defective product and for selling the design of this defective product to Owens Corning Fiberglass Corporation.  OI is also liable for fraud as its suppressed knowledge of the defectiveness in its product.  In addition, O-I breached its continuing duty to warn under Louisiana law.  Additionally,  O-I suppressed its knowledge of the health effects associated with Kaylo and, thus, committed fraud under Louisiana law.

X.

By adding an additional paragraph to be numbered  "81" to read as follows:

"81."

As a result of the acts of negligence, intentional tort, fraud, and strict liability of all of the defendants named herein and in the Original Petition For Damages, Sally Vedros contracted mesothelioma which caused or contributed to her death on June 3, 2011.

XI.

By adding an additional paragraph to be numbered  "82" to read as follows:

82.

All of the defendants named in this First Supplemental and Amending Petition for Damages as well as in the Original Petition for Damages, are jointly, severally, and in solido liable to petitioners for the damages sustained as a result

of Sally Vedros' contraction of mesothelioma and other related ill health effects

related thereto and complications therefrom as well as from and for her death.

<div align="center">XII.</div>

By adding an additional paragraph to be numbered  "83" to read as follows:

<div align="center">"83."</div>

Petitioners are entitled to damages for the following: physical pain and suffering of Sally Vedros; mental pain, suffering, and anguish (including but not limited to fear of death and fear of complications) which Sally Vedros suffered; humiliation and emotional distress suffered by Sally Vedros, loss of income and earning capacity of Sally Vedros; disability; medical expenses; care and personal assistance provided to Sally Vedros; loss of personal services; loss of fringe benefits; loss of enjoyment of life and lifestyle; loss of support; loss of consortium and society, love, and affection; loss of services, loss of companionship; mental pain and anguish which Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White endured from watching the suffering and death of their mother; emotional distress and grief suffered by Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros White as a result of the death of Sally Vedros; funeral and burial expenses; lost income and expenses related to the travel and medical treatment for the injuries and death of Sally Vedros; funds expended by each of the plaintiffs herein for the care and treatment of their mother as well as loss of income and benefits associated therewith; and all other damages arising out of this survival and wrongful death action which may be shown at the trial of this matter.

<div align="center">XIII.</div>

Petitioners reaver and incorporate herein by reference as if copied herein in extenso all

allegations of the Original Petition For Damages.

<div align="center">XIV.</div>

A trial by jury is demanded on all issues.

**WHEREFORE,** petitioners, Gerald Vedros, Lori Vedros Kravet, and Valerie Vedros

White, major children of Sally Vedros, reiterating the prayer of the Original Petition For

Damages, as though set forth at length herein, pray that the Original Petition For Damages be

supplemented and amended in the above particulars, that the defendants named herein be duly

cited to appear and answer, and that after all due proceedings are had, there be judgment rendered

<div align="center">-8-</div>

herein in favor of petitioners and against defendants for all damages suffered by Sally Vedros as well as by petitioners, together with legal interest for the date of judicial demand, and all costs associated with the litigation of this claim.  Petitioners further pray for all general and equitable relief to which they may be entitled.

<div align="center">

Respectfully submitted:

**ROUSSEL & CLEMENT**


S/ Gerolyn P. Roussel
GEROLYN P. ROUSSEL #1134
PERRY J. ROUSSEL, JR. #20351
JONATHAN B. CLEMENT #30444
LAUREN R. CLEMENT #31106
1714 CANNES DRIVE
LAPLACE, LOUISIANA  70068
TELEPHONE: (504) 651-6591
ATTORNEYS FOR PLAINTIFFS

</div>

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that a copy of the First Supplemental and Amending Petition for Damages has been served upon counsel for all parties by Electronic Service through the Electronic Case Filing System or by FAX, on this 5th day of July, 2011.

<div align="center">

/s/ Gerolyn P. Roussel
GEROLYN P. ROUSSEL

</div>

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SALLY GROS VEDROS** | * | **CIVIL ACTION NO.  2:11-cv-01198** |
| **VS.** | * | **DIVISION "R"** |
| **NORTHROP GRUMMAN SHIPBUILDING, INC. ET AL** | * | **MAG. "4"** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED:_____          _____
                                                              DEPUTY CLERK

### O R D E R

LET THE FOREGOING First Supplemental and Amending Petition be filed into the record of this matter in accordance with law.

Signed this _____ day of _____, 2011.


_____
**DISTRICT JUDGE**


**THE FIRST SUPPLEMENTAL AND AMENDING PETITION AS WELL AS THE ORIGINAL PETITION FOR DAMAGES WILL BE SERVED ON THE FOLLOWING:**

**OWENS-ILLINOIS, INC.**
O-I
One Michael Owens Way
Perrysburg, OH 43551

**UNIROYAL, INC.**
70 Great Hill Road
Naugatuck, CT 06770

-10-

**CONTINENTAL INSURANCE COMPANY**
(As Successor to The Fidelity & Casualty Company of New York)
Through its agent for service of process:
Secretary of State
Legal Services Sections
8585 Archives Ave.
Baton Rouge, La. 70809

**THE FIRST SUPPLEMENTAL AND AMENDING PETITION WILL BE SERVED ON THE FOLLOWING:**

**ONEBEACON AMERICA INSURANCE COMPANY (AS SUCCESSOR TO COMMERCIAL UNION INSURANCE COMPANY and EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY)**; and
**AMERICAN EMPLOYERS INSURANCE COMPANY**
Through their attorney of record:
Samuel M. Rosamond, III, Esq. #17122
Crawford Lewis, PLLC
400 Poydras Street, Ste. 2100
New Orleans, LA 70130

**AMERICAN MOTORISTS INSURANCE COMPANY**
Through its attorney of record:
Brian Bossier #16818
Blue Williams, L.L.P.
3421 N. Causeway Boulevard
Ninth Floor
Metairie, LA 70002

**BAYER CROPSCIENCE, INC. (SUCCESSOR TO RHONE POULENC AG COMPANY, FORMERLY AMCHEM PRODUCTS, INC., FORMERLY BENJAMIN FOSTER COMPANY)**
Through its attorney of record:
Michael Abraham # 22915
**KUCHLER, POLK, SCHELL, WEINER, & RICHESON, LLC**
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112

**CBS CORPORATION  (F/K/A WESTINGHOUSE ELECTRIC CORPORATION)**
**FOSTER WHEELER LLC (FORMERLY FOSTER WHEELER CORPORATION)**; and
**GENERAL ELECTRIC COMPANY**
Through their attorney of record:
John J. Hainkel, III #18246
**Frilot, LLC**
1100 Poydras Street
Suite 3700, Energy Centre
New Orleans, Louisiana 70163

**EAGLE, INC.** and **THE MCCARTY CORPORATION**
Through their attorney of record:
Susan B. Kohn #14501
Simon, Peragine, Smith & Redfearn, L.L.P.
30th Floor Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3000

**HOPEMAN BROTHERS, INC.**
Through its attorney of record:
Kaye N. Courington (#18582)
Courington Kiefer & Sommers, LLC
400 Poydras Street, Suite 1200
New Orleans, Louisiana  70130

**MARYLAND CASUALTY COMPANY**
Through its attorney of record:
Donald A. Hoffman #6894
Hoffman Seydel L.L.C.
One Shell Square, Suite 3770
701 Poydras Street
New Orleans, LA 70139

**NORTHROP GRUMMAN SHIPBUILDING, INC., (formerly NORTHROP GRUMMAN SHIP SYSTEMS, INC., formerly, AVONDALE INDUSTRIES, INC., formerly AVONDALE SHIPYARDS, INC., and formerly, AVONDALE MARINE WAYS, INC.), ALBERT L. BOSSIER, JR., and J. MELTON GARRETT**
Through their attorney of record:
Gary A. Lee #08265
Lee, Futrell & Perles, L.L.P.
Suite 4120, 201 St. Charles Avenue
New Orleans, LA 70170

**REILLY-BENTON COMPANY, INC.**
Through its attorney of record:
Jeanette S. Riggins (LSBA #27056)
WILLINGHAM, FULTZ & COUGILL, LLP
Neils Esperson Building
808 Travis Street, Suite 1608
Houston TX 77002

**TAYLOR-SEIDENBACH, INC.**
Through its attorney of record:
C.  Kelly Lightfoot #17027
Hailey, McNamara, Hall, Larmann, & Papale, L.L.P.
Suite 1400, One Galleria Boulevard
P.  O.  Box 8288
Metairie, LA 70001-8288

LOUISIANA STATE BOARD OF HEALTH
DIVISION OF
PUBLIC HEALTH STATISTICS — **CERTIFICATE OF LIVE BIRTH** — BIRTH No. 117   67021-447

| Child's Last Name | First Name | Second Name |
|---|---|---|
| VEDROS | VALERIE | ANN |

Sex: Girl — This Birth: Single — Date of Birth: June 16, 1967

Place of Birth: Marrero — Parish: Jefferson

Name of Hospital or Institution: West Jefferson General Hospital — In Place of Birth inside City Limits: No

Usual Residence of Mother: Gretna — Parish: Jefferson — State: Louisiana

Street Address: 2101½ Lafayette Street

Full Name of Father: WILTON JOSEPH VEDROS — Color or Race of Father: White

Usual Occupation of Father: Asst. Manager — Kind of Industry or Business: Redisco Corp. — Birthplace: Raceland, Louisiana — Age of Father: 27

Full Maiden Name of Mother: SALLY ANN GROS — Color or Race of Mother: White

Birthplace of Mother: Thibodeaux, Louisiana — Age of Mother: 26

How many OTHER children are now living? 2 — How many OTHER children were born alive but are now dead? 0 — How many fetal deaths at ANY time after conception? 0

Signature of Parent or Other Informant: Mrs. Sally B. Vedros — Date of Signature: June 20, 1967

Mother's Mailing Address: 2101½ Lafayette Street Gretna, Louisiana

Signature of Attendant: Charles Fresh — Date of Signature: June __, 1967

Date accepted by Local Registrar: June 22, 1967 — Signature of Local Registrar: Hilda Rynaud MD per Lee Normand — Date accepted by Local Registrar: JUN 26 1967

FOR MEDICAL AND HEALTH USE ONLY

DEC 27 1978

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE OFFICE OF VITAL RECORDS OF THE STATE OF LOUISIANA, PURSUANT TO LSA—R.S. 40:33, ET SEQ.

_____ O. ____, M.D. STATE HEALTH OFFICER

_____ State Registrar

**EXHIBIT**
tabbies

LOUISIANA STATE BOARD OF HEALTH
DIVISION OF
PUBLIC HEALTH STATISTICS

**CERTIFICATE OF LIVE BIRTH**

BIRTH No. 117   65010201

| 1a. Child's Last Name | 1b. First Name | 1c. Second Name |
|---|---|---|
| VEDROS | LORI | ANN |

| 2. Sex—Girl or Boy | 3. This Birth | 4. If Twin or Triplet, Was Child Born | 5. Date of Birth |
|---|---|---|---|
| Girl | Single ☒  Twin ☐  Triplet ☐ | 1st ☐  M ☐  M ☐ | Month Jan.  Day 23  Year 1965 |

6a. Place of Birth (City, Town, or Location)   Marrero

6b. Parish   Jefferson

7. Name of Hospital or Institution—(If not in Hospital or Institution give street address or location)
West Jefferson General Hospital

6d. Is Place of Birth Inside City Limits?   Yes ☐  No ☒

7a. Usual Residence of Mother (City, Town or Location)   Gretna

7b. Parish   Jefferson

7d. State   Louisiana

7c. Street Address—(If rural indicate location)   2104 Lafayette Street

7e. Is Residence Inside City Limits?   Yes ☒  No ☐

7f. Is Residence on a Farm?   Yes ☐  No ☒

8. Full Name of Father   MILTON JOSEPH VEDROS

9. Color or Race of Father   White

10. Usual Occupation of Father   Assistant Manager

10a. Kind of Industry or Business   Finance Company

11. Birthplace, City and State or Foreign Country   Raceland, Louisiana

12. Age of Father (At time of this birth)   25

13. Full Maiden Name of Mother   SALLY ANN GROS

14. Color or Race of Mother   White

15. Birthplace of Mother, City and State or Foreign Country   Thibodeaux, Louisiana

16. Age of Mother (At time of this birth)   21

| 17. Previous Deliveries to Mother (DO NOT include this birth) | | |
|---|---|---|
| a. How many OTHER Children are now living? | b. How many OTHER Children were born alive But are now Dead? | c. How many fetal deaths (fetuses born dead) at ANY time, after conception? |
| 1 | 0 | 1 |

18. I certify that the above stated information is true and correct to the best of my knowledge.

19. Signature of Parent or Other Informant   *Sally H. Vedros*   Parent ☒  Other ☐

19a. Date of Signature   Jan. 26, 1965

Mother's Mailing Address   2104 Lafayette Street, Gretna, Louisiana

20. I certify that I attended this birth and that the child was born alive on the date stated above.
Signature of Attendant   *Charles F. Ingle*   M.D. ☒  Midwife ☐  Other ☐

21. Date of Signature   Jan. 26, 1965

22. Date accepted by Local Registrar   *Mar. 12, 1965*

23. Signature of Local Registrar   *Hilda Reymand M.D per G. S. Normand R.N.*

24. Date filed by State Registrar   *MAR 13, 1965*

FOR MEDICAL AND HEALTH USE ONLY

DEC 27 1978

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE OFFICE OR VITAL RECORDS OF THE STATE OF LOUISIANA, PURSUANT TO LSA-R.S. 40:35, ET SEQ.

STATE HEALTH OFFICER

State Registrar

**EXHIBIT**
2

LOUISIANA STATE BOARD OF HEALTH
DIVISION OF
PUBLIC HEALTH STATISTICS

## CERTIFICATE OF LIVE BIRTH

BIRTH No. 117   62 053820

| 1a. Child's Last Name | 1b. First Name | 1c. Second Name |
|---|---|---|
| VEDROS | GERALD | MARK |

| 2. Sex of Child | 3. This Birth | 4. If Twin or Triplet, Was Child Born | 5. Date | Month | Day | Year |
|---|---|---|---|---|---|---|
| Boy | Single ☒  Twin ☐  Triplet ☐ | 1st ☐   2d ☐   3d ☐ | of Birth | Oct. | 31 | 1962 |

| 6a. Place of Birth (City, Town, or Location) | | 6b. Parish |
|---|---|---|
| Marrero | | Jefferson |

6d. Name of Hospital or Institution—(If not in Hospital or Institution give street address or location)
West Jefferson General Hospital

6d. Is Place of Birth inside City Limits?   Yes ☐   No ☒

| 7a. Usual Residence of Mother (City, Town or Location) | 7b. Parish | 7c. State |
|---|---|---|
| Gretna | Jefferson | Louisiana |

7d. Street Address—(If rural indicate location)
2101½ Lafayette Street

7e. Is Residence Inside City Limits?   Yes ☒   No ☐

7f. Is Residence on a Farm?   Yes ☐   No ☒

| 8. Full Name of Father | 9. Color or Race of Father |
|---|---|
| WILTON JOSEPH VEDROS | White |

| 10a. Usual Occupation of Father | 10b. Kind of Industry or Business | 11. Birthplace, City and State or Foreign Country | 12. Age of Father (At time of this birth) |
|---|---|---|---|
| Assistant Manager | Finance Company | Raceland, Louisiana | 22 |

| 13. Full Maiden Name of Mother | 14. Color or Race of Mother |
|---|---|
| SALLY ANN GROS | White |

| 15. Birthplace of Mother, City and State or Foreign Country | 16. Age of Mother (At time of this birth) |
|---|---|
| Thibodaux, Louisiana | 21 |

17. Previous Deliveries to Mother (Do NOT include this birth)

| a. How many OTHER Children are now living? | b. How many OTHER Children were born alive but are now Dead? | c. How many fetal deaths (fetuses born dead) at ANY time after conception? |
|---|---|---|
| 0 | 0 | 0 |

| 18. Signature of Parent or Other Informant | Parent Other | 19. Date of Signature |
|---|---|---|
| I certify that the above stated information is true and correct to the best of my knowledge. Mrs. Wilton J. Vedros | | 10-31-62 |

19a. Informant's Mailing Address
2101½ Lafayette Street – Gretna, Louisiana

| 20. Signature of Attendant | M.D. ☒ Midwife ☐ Other ☐ | 21. Date of Signature |
|---|---|---|
| I certify that I attended this birth and that the child was born alive on the date stated above. Charles F. Noll | | Nov. 1, 1962 |

| 22. Date accepted by Local Registrar | 23. Signature of Local Registrar | 24. Date Rec'd by State Registrar |
|---|---|---|
| Nov 16, 1962 | Hilda Reynaud MD ass H. L. Reynaud | NOV 19 1962 |

FOR MEDICAL AND HEALTH USE ONLY

DEC 27 1978

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE OFFICE OF VITAL RECORDS OF THE STATE OF LOUISIANA, PURSUANT TO LSA-R.S. 40:33, ET SEQ.

_____
STATE HEALTH OFFICER

_____
State Registrar

**EXHIBIT**
3

# STATE OF LOUISIANA

## THIS RECORD IS VALID FOR DEATH ONLY

6804276

**IMPORTANT:** 1405786
PRINT or TYPE, black ink
or ribbon mandatory

**STATE OF LOUISIANA**
**CERTIFICATE OF DEATH**

BIRTH No. _____  FILE No. 117

**DECEDENT**

1A. LAST NAME OF DECEDENT: VEDROS | 1B. FIRST NAME: SALLY | 1C. MIDDLE NAME: ANN | 2A. DATE OF DEATH: JUNE 3, 2011

3A. HOUR OF DEATH: 8:55 AM | 4 SEX: FEMALE | 5. RACE: WHITE | 6. MARITAL STATUS: WIDOWED | 7. SURVIVING SPOUSE give Maiden Name

8. DATE OF BIRTH: JANUARY 15, 1941 | 9A. AGE: 70 | CITY AND STATE OF BIRTH: THIBODAUX, LOUISIANA

11. USUAL OCCUPATION: SECRETARY | KIND OF BUSINESS/INDUSTRY: EDUCATION INDUSTRY | EVER IN U.S. ARMED FORCES: NO

13. EVER IN U.S. ARMED FORCES: NO | SOCIAL SECURITY NUMBER: 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

**PLACE OF DEATH**

16A. PLACE OF DEATH: [X] HOSPITAL INPATIENT | ER/OUTPATIENT | DOA | NON-HOSPITAL | NURSING HOME | RESIDENCE | OTHER

16B. NAME OF FACILITY: RIVER REGION HOSPICE | 16C. PLACE OF DEATH ON CITY LIMITS: NO

17A. CITY TOWN OR LOCATION OF DEATH: RIVER RIDGE | 17B. PARISH OF DEATH: JEFFERSON

**RESIDENCE**

18A. STREET ADDRESS: 605 GARDERE AVENUE | 18B. PARISH OF RESIDENCE: JEFFERSON | 18C. STATE OF RESIDENCE: LOUISIANA

19A. USUAL RESIDENCE OF DECEDENT (City, town or location): HARVEY | 19B. ZIP CODE: 70058 | RESIDENCE INSIDE CITY LIMITS: NO

**PARENTS**

20A. FATHERS LAST NAME: GROS, SR. | FIRST: ALTON | MIDDLE: EVES | 20B. FATHER'S PLACE OF BIRTH: CHACKBAY, LOUISIANA

21A. MOTHER'S MAIDEN NAME: LAFOREST | FIRST: MARIE | MIDDLE: EDNA | 21B. MOTHER'S PLACE OF BIRTH: LULING, LOUISIANA

**INFORMANT**

22A. TYPE OF PRINT NAME OF INFORMANT: GERALD VEDROS | 22B. INFORMANT'S ADDRESS: 928 ASHLYN PLACE W TERRYTOWN, LA. 70056 | JUNE 4, 2011

**DISPOSITION**

23A. METHOD OF DISPOSITION: [X] BURIAL | CREMATION | REMOVAL | OTHER | 23B. DATE OF DISPOSITION: JUNE 7, 2011 | NAME OF CEMETERY: WESTLAWN PARK CEMETERY GRETNA, LOUISIANA 70056

24A. SIGNATURE AND ADDRESS OF FUNERAL DIRECTOR: WESTSIDE/LEITZ-EAGAN FUNERAL HOME 5101 WESTBANK EXPRESSWAY MARRERO, LOUISIANA 70072 | Beth Robbins | FACILITY LICENSE NUMBER: 2790 | LICENSE NUMBER: E-2650 | 24. ALTERATIONS

**REGISTRAR**

25A. BURIAL TRANSIT PERMIT: S305503 | 25B. PARISH OF ISSUE: JEFFERSON | 25C. DATE OF ISSUE: JUNE 4, 2011 | SIGNATURE OF LOCAL REGISTRAR: Adrian Baptiste IC.W.

**MANNER OF DEATH**

27. MANNER OF DEATH: [X] NATURAL | ACCIDENT | SUICIDE | HOMICIDE | PENDING INVESTIGATION | UNDETERMINED

28A. DATE OF INJURY | 28B. TIME OF INJURY | 28C. INJURY AT WORK | DESCRIBE HOW INJURY OCCURED

28E. PLACE OF INJURY | LOCATION (Street, Number or Rual Route, City Parish, Rone)

**CERTIFIER**

29A. I CERTIFY THAT I ATTENDED THE DECEDENT FROM 05-31-11 TO 06-03-2011 | AND THAT DEATH OCCURRED ON THE DATE AND HOUR STATED ABOVE DUE TO THE CAUSES AND IN THE MANNER SO STATED | SIGNATURE OF PHYSICIAN OR CORONER: D. Michael J. Cigliano M. | DATE: 6/10/11

30. PRINT NAME AND TITLE OF PHYSICIAN OR CORONER: Dr. Nicholas J. Angelica, M.D. | ADDRESS OF PHYSICIAN OR CORONER: 607 Upstream St. River Ridge, LA 70123

**CAUSE OF DEATH**

31. PART I. ENTER THE DISEASES, INJURIES OR COMPLICATIONS THAT CAUSED THE DEATH. DO NOT ENTER THE MODE OF DYING SUCH AS CARDIAC OR RESPIRATORY ARREST/SHOCK OR HEART FAILURE. LIST ONLY ONE CAUSE ON EACH LINE.

IMMEDIATE CAUSE (Final disease or condition resulting in death): Mesothelioma

DUE TO (OR AS A CONSEQUENCE OF):

DUE TO (OR AS A CONSEQUENCE OF):

32. PART I. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE IN PART I

[ ] Male [ ] Female

PHS '16. (REV. 2004)

**OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY**

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE OR DOCUMENT REGISTERED WITH THE VITAL RECORDS REGISTRY OF THE STATE OF LOUISIANA, PURSUANT TO LSA – R.S. 40:32, ET SEQ.



Darlene W. Smith
**STATE REGISTRAR**

EXHIBIT
4

JUN 1 6 2011