IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALVIN HANSON, : CONSOLIDATED UNDER
: MDL 875
:
Plaintiff, FILED :
: Transferred from the District
JUN 23 2011 : of North Dakota
v. : (Case No. 00-00160)
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk
:
ACANDS, INC., ET AL., :
: E.D. PA CIVIL ACTION NO.
: 2:09-66701
Defendants. :

ORDER

**AND NOW**, this **22nd** day of **June, 2011**, it is hereby **ORDERED** that the Motion for Summary Judgment of Defendant General Electric Co. (doc. no. 36) is **GRANTED**.[1]

---

[1] Plaintiff alleges that Alvin Hanson was exposed to asbestos-containing insulation on General Electric turbines when he worked on the U.S.S. Missouri from 1954 until 1955. (Pl.'s Resp., doc. no. 50 at 1-2.)

I. **LEGAL STANDARD**

A. Summary Judgment Standard

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making

all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

B. The Applicable Law

As to procedural issues, the MDL transferee court applies the federal law of the circuit where it sits, which in this case is the law of the United States Court of Appeals for the Third Circuit. In re Asbestos Prods. Liab. Litig. (No. VI), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009) (citing In re Diet Drugs Liab. Litig., 294 F. Supp. 2d 667, 672 (E.D. Pa. 2003); In re Korean Air Lines Disaster, 829 F.2d 1171, 1178 (D.C. Cir. 1987)). The issue of whether the government contractor defense applies to a case is a question of federal law. Faddish v. General Elec. Co., No. 09-70626, 2010 WL 4146108 at *7 n. 6 (E.D. Pa. 2010) (citing Carley v. Wheeled Coach, 991 F.2d 1117, 1128 (3d Cir. 1993)).

To satisfy the federal contractor defense, a defendant must show that (1) the United States approved reasonably precise specifications for the product at issue; (2) the equipment conformed to those specifications and; (3) it warned the United States about the dangers in the use of the equipment that were known to it but not to the United States. Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988). The third prong may also be established by showing that the government "knew as much or more than the defendant contractor about the hazards" of the product. See Beaver Valley Power Co. v. Nat'l Engineering & Contracting Co., 883 F.2d 1210, 1216 (3d Cir. 1989). As to the first and second prongs, in a failure to warn context, it is not enough for defendant to show that a certain product design conflicts with state law requiring warnings. In re Joint E. & S.D.N.Y. Asbestos Litig., 897 F.2d 626, 630 (2d Cir. 1990). Rather, the defendant must show that the government "issued reasonably precise specifications covering warnings-specifications that reflect a considered judgment about the warnings at issue." Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770, 784 (E.D. Pa. 2010) (citing Holdren v. Buffalo Pumps, Inc., 614 F. Supp. 2d 129, 143 (D. Mass. 2009)). Government approval of warnings must "transcend rubber stamping" to allow a defendant to

be shielded from state law liability. <u>Hagen</u>, 739 F. Supp. 2d at 784.

## II. MOTION FOR SUMMARY JUDGMENT OF GENERAL ELECTRIC CO.

Defendant has asserted that it is entitled to summary judgment on product identification grounds, as to the bare metal defense, and as to the government contractor defense. This Court need not consider Defendant's Motion for Summary Judgment as to product identification or the bare metal defense, since ultimately, Defendant is entitled to summary judgment pursuant to the government contractor defense. In this case, Defendant has submitted the declaration of Admiral Ben Lehman and has submitted the declaration of David Hobson with the exhibits that Mr. Hobson relied upon. Admiral Lehman averred that the Navy provided precise specifications for General Electric turbines. Mr. Hobson averred that General Electric would not have been permitted to depart from these specifications had it attempted to do so. Plaintiff correctly points out that Mr. Hobson's declaration was also submitted in <u>Faddish</u>, No. 09-70626, 2010 WL 4146108 at *7. Plaintiff incorporates the same response which was made by the <u>Faddish</u> plaintiff in asserting that Mr. Hobson's declaration does not establish that General Electric was prohibited from placing warnings on its products. (Pl.'s Resp. at 7-8.)

The exact same arguments made by Plaintiff in the instant case were rejected by this Court in <u>Faddish</u> where the Court granted General Electric's Motion for Summary Judgment pursuant to the government contractor defense. No. 09-70626, 2010 WL 4146108 at *15. In <u>Faddish</u>, this Court also rejected plaintiff's assertion that, pursuant to the standard articulated by the United States Court of Appeals for the Eleventh Circuit in <u>Dorse v. Eagle-Picher Industries, Inc.</u>, 898 F.2d 1487 (11th Cir. 1990), a defendant must show that the Navy specifically forbade it from placing warnings on its products. No. 09-70626, 2010 WL 4146108 at *8. As noted in <u>Faddish</u>, this standard "has been rejected by every Circuit court to consider the issue, as well as district courts in this circuit." <u>Id.</u> A defendant need only show that the government exercised discretion over warnings placed on the defendant's products and not that the Navy specifically forbade the manufacturer from placing warnings on its products. <u>Id.</u> at *9. In this case, as Plaintiff has failed to present evidence rebutting the declarations of Admiral Lehman and Mr. Hobson as to the government contractor defense and has relied on the incorrect standard as to what evidence is necessary to satisfy the

3

government contractor defense, Defendant's Motion for Summary Judgment is granted.

E.D. PA NO. 2:09-cv-66701

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.