# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:11-cv-04566-RJS

Luciano v. Alcoa, Inc. et al
Assigned to: Judge Richard J. Sullivan
Case in other court: Supreme Court- New York County,
                    190060-11
Cause: 28:1441 Notice of Removal

Date Filed: 07/05/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Luis Enrique Luciano, Sr.**

V.

### Defendant

**Alcoa, Inc.**
*Individually*

### Defendant

**Alcoa, Inc.**
*as successor in interest to Tilo Roofing
Co., et al*

### Defendant

**Air & Liquid Systems Corporation**
*as successor by merger to Buffalo
Pumps, Inc.*

### Defendant

**Burnham Corporation**

### Defendant

**CBS Corporation**
*as successor in interest to Westinghouse
Electric Corp.*
*formerly known as*
Viacom Inc.

### Defendant

**Certain-Teed Corporation**

### Defendant

**Cytec Engineered Materials, Inc.**
*formerly known as*

Fiberite Corporation
*also known as*
ICI Composites, Inc.

**Defendant**

**Cytec Industries Inc.**
*Individually*

**Defendant**

**Cytec Industries Inc.**
*as successor to American Cyanamid Company*

**Defendant**

**Detecto Industrial Scales Of New York, Inc.**

**Defendant**

**Hollingsworth & Vose Company**          represented by    **Robert Jay Kirshenberg**
                                                           Greenberg Traurig, LLP (NYC)
                                                           200 Park Avenue
                                                           New York, NY 10166
                                                           212-801-9200
                                                           Fax: 212-801-6400
                                                           Email: KirshenbergR@gtlaw.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **William Edward Vita**
                                                           Westerman, Ball, Ederer, Miller & Sharfstein, L.L.P.
                                                           1201 RXR Plaza
                                                           Uniondale, NY 11556
                                                           (516)-622-9200
                                                           Fax: (516)-622-9212
                                                           Email: wvita@westermanllp.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Homasote Company, Inc.**

**Defendant**

**Kentile Floors, Inc.**
*also known as*
Kentile Operating Company

**Defendant**

**Loews Corporation**

**Defendant**

**Lorillard Tobacco Company**
*Individually*

represented by **Robert Jay Kirshenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Edward Vita**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lorillard Tobacco Company**
*as successor to P. Lorillard Company*
*and as successor to Lorillard Inc.*

represented by **Robert Jay Kirshenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Edward Vita**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance**
**Company**

**Defendant**

**Occidental Chemical Corporation**
*Individually*

**Defendant**

**Occidental Chemical Corporation**
*as successor to Durez*

**Defendant**

**Owen Illinois, Inc.**

**Defendant**

**Plastics Engineering Company**
*Individually*

**Defendant**

**Plastics Engineering Company**
*as successor to Plenco*

**Defendant**

**Rapid-American Corporation**
*as successor by merger to Glen Alden*
*Corporation, Briggs Manufacturing*

*Co., Philip Carey Corporation and*
*Philip Carey Manufacturing Company*

**Defendant**

**Reichhold Chemicals Inc.**
*also known as*
Reichhold, Inc.

**Defendant**

**Rogers Corporation**

**Defendant**

**Tyco Flow Control, Inc.**
*Individually*

**Defendant**

**Tyco Flow Control, Inc.**
*as successor to Keystone, Yarway*
*Corportion and Grinnell Corporation*

**Defendant**

**Tyco International (US) Inc.**
*Individually*

**Defendant**

**Tyco International (US) Inc.**
*as successor to Hancock*
*Valves,Keystone, Lonergan Valves and*
*Yarway Corporation and Grinnell*
*Corporation*

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Yarway Corporation**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/05/2011 | 1 | NOTICE OF REMOVAL from State Supreme, County of New York. Case Number: 190060-11. (Filing Fee $ 350.00, Receipt Number 10718).Document filed by Lorillard Tobacco Company(Individually), Lorillard Tobacco Company (as successor to P. Lorillard Company and as successor to Lorillard Inc.), Hollingsworth & Vose Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(ama) (Entered: 07/06/2011) |
| 07/05/2011 | | Magistrate Judge Kevin Nathaniel Fox is so designated. (ama) (Entered: 07/06/2011) |
| | | |

| 07/05/2011 | | Case Designated ECF. (ama) (Entered: 07/06/2011) |
|---|---|---|
| 07/05/2011 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Lorillard, Inc. as Corporate Parent. Document filed by Lorillard Tobacco Company (Individually), Lorillard Tobacco Company(as successor to P. Lorillard Company and as successor to Lorillard Inc.).(ama) (Entered: 07/06/2011) |
| 07/07/2011 | 3 | NOTICE of tag-along action. Document filed by Hollingsworth & Vose Company, Lorillard Tobacco Company(as successor to P. Lorillard Company and as successor to Lorillard Inc.). (Attachments: # 1 certificate of service) (Kirshenberg, Robert) (Entered: 07/07/2011) |
| 07/07/2011 | 4 | STATE COURT RECORDS AND PROCEEDINGS PURSUANT TO LOCAL RULE 81. Document filed by Hollingsworth & Vose Company, Lorillard Tobacco Company(Individually). (Attachments: # 1 First Amended Complaint, # 2 Second Amended Complaint, # 3 Answer, # 4 Answer, # 5 Answer, # 6 Answer, # 7 Answer, # 8 Answer, # 9 Answer, # 10 Answer, # 11 Plaintiff's fact sheet, # 12 RJI, # 13 Affidavits of Service, # 14 Motions, # 15 Orders, # 16 Notice of Entry)(Kirshenberg, Robert) (Entered: 07/07/2011) |

**PACER Service Center**

**Transaction Receipt**

07/07/2011 12:05:27

| PACER Login: | gt0531 | Client Code: | 013341.040343 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:11-cv-04566-RJS |
| Billable Pages: | 3 | Cost: | 0.24 |

## *AETNA*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| LUIS ENRIQUE LUCIANO, SR., | Index No. : |
| Plaintiffs, | Date Filed:   *1 1 1 9 0 0 6 0* |
| v. | Plaintiff designates **NEW YORK** County as the place of trial |
| ALCOA INC., Individually and as successor in interest to Tilo Roofing Co., et al. | The basis of the venue is **DEFENDANTS' PLACE OF BUSINESS** |
| Defendants. | |
| See Attached Rider - FULL CAPTION | **SUMMONS** |

**TO THE ABOVE NAMED DEFENDANTS:**

   **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York). In the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 15, 2011

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By: _____
       Joseph W. Belluck, Esq.

*FILED*
*FEB 1 8 2011*
*COUNTY CLERKS OFFICE*
*NEW YORK*

**Defendants' addresses:**

**SEE ATTACHED DEFENDANT SERVICE LIST**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LUIS ENRIQUE LUCIANO, SR.,

Plaintiffs,

- against -

ALCOA INC., Individually and as successor in interest
    to Tilo Roofing Co.;
AIR & LIQUID SYSTEMS CORPORATION, as
    Successor by Merger to Buffalo Pumps, Inc.;
BURNHAM CORPORATION;
CBS CORPORATION f/k/a Viacom Inc as Successor
    in Interest to Westinghouse Electric Corp.;
CERTAIN-TEED CORPORATION;
CYTEC ENGINEERED MATERIALS, INC. f/k/a
    Fiberite Corporation and a/k/a ICI Composites,
    Inc.;
CYTEC INDUSTRIES INC., Individually and as
    successor to American Cyanamid Company;
HOLLINGSWORTH & VOSE COMPANY;
HOMASOTE COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
    Company;
LOEWS CORPORATION;
LORILLARD TOBACCO COMPANY, Individually
    and as Successor to P. Lorillard Company and
    as Successor to Lorillard, Inc.;
METROPOLITAN LIFE INSURANCE COMPANY;
OCCIDENTAL CHEMICAL CORPORATION,
    Individually and as Successor to Durez;
OWENS ILLINOIS, INC.;
PLASTICS ENGINEERING COMPANY, Individually
    and as Successor to Plenco;
RAPID-AMERICAN CORPORATION,  as successor-
    by-merger to Glen Alden Corporation, Briggs
    Manufacturing Co., Philip Carey Corporation
    and Philip Carey Manufacturing Company;
REICHHOLD CHEMICALS, INC. a/k/a Reichhold,
    Inc.;
ROGERS CORPORATION;
TYCO FLOW CONTROL, INC., Individually and as
    Successor to Keystone, Yarway Corporation
    and Grinnell Corporation;

Index No. :

**FULL CAPTION RIDER**

- 2 -

TYCO INTERNATIONAL (US) INC., Individually
    and as Successor to Hancock Valves, Keystone,
    Lonergan Valves and Yarway Corporation and
    Grinnell Corporation;
UNION CARBIDE CORPORATION;
YARWAY CORPORATION.

                                    Defendants.
    _____

- 3 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. :

LUIS ENRIQUE LUCIANO, SR.,

Plaintiffs,

**VERIFIED COMPLAINT**

- against -

ALCOA INC., Individually and as successor in interest
    to Tilo Roofing Co.;
AIR & LIQUID SYSTEMS CORPORATION, as
    Successor by Merger to Buffalo Pumps, Inc.;
BURNHAM CORPORATION;
CBS CORPORATION f/k/a Viacom Inc as Successor
    in Interest to Westinghouse Electric Corp.;
CERTAIN-TEED CORPORATION;
CYTEC ENGINEERED MATERIALS, INC. f/k/a
    Fiberite Corporation and a/k/a ICI Composites,
    Inc.;
CYTEC INDUSTRIES INC., Individually and as
    successor to American Cyanamid Company;
HOLLINGSWORTH & VOSE COMPANY;
HOMASOTE COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
    Company;
LOEWS CORPORATION;
LORILLARD TOBACCO COMPANY, Individually
    and as Successor to P. Lorillard Company and
    as Successor to Lorillard, Inc.;
METROPOLITAN LIFE INSURANCE COMPANY;
OCCIDENTAL CHEMICAL CORPORATION,
    Individually and as Successor to Durez;
OWENS ILLINOIS, INC.;
PLASTICS ENGINEERING COMPANY, Individually
    and as Successor to Plenco;
RAPID-AMERICAN CORPORATION,  as successor-
    by-merger to Glen Alden Corporation, Briggs
    Manufacturing Co., Philip Carey Corporation
    and Philip Carey Manufacturing Company;
REICHHOLD CHEMICALS, INC. a/k/a Reichhold,
    Inc.;
ROGERS CORPORATION;
TYCO FLOW CONTROL, INC., Individually and as
    Successor to Keystone, Yarway Corporation
    and Grinnell Corporation;

- 4 -

TYCO INTERNATIONAL (US) INC., Individually
and as Successor to Hancock Valves, Keystone,
Lonergan Valves and Yarway Corporation and
Grinnell Corporation;
UNION CARBIDE CORPORATION;
YARWAY CORPORATION.

11190060

Defendants.

Plaintiff by his attorneys, BELLUCK & FOX LLP, upon information and belief, at all times hereinafter mentioned allege as follows:

**THE PARTIES**

1.    Plaintiff is a resident of the State of Pennsylvania unless otherwise specified in individual complaints.

2.    Plaintiff alleges that plaintiff Luis Enrique Luciano, Sr. has been diagnosed with Mesothelioma.

3.    The term "Defendants" shall apply to all corporate and business entities, and/or their predecessors and/or successors in interest as more fully described and enumerated in the captions of individual complaints subsequently filed in the "short form" in accordance with the applicable case management order of this Court.

4.    The Defendants have done business in this State, have conducted or transacted business in this State, have committed one or more tortious acts within the State, or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

5.    Defendant **ALCOA INC., Individually and as successor in interest to** Tilo **Roofing Co.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences

- 5 -

within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

6.    Defendant **AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to Buffalo Pumps, Inc.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

7.    Defendant **BURNHAM CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

8.    Defendant **CBS CORPORATION f/k/a Viacom Inc as Successor in Interest to Westinghouse Electric Corp.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

9.    Defendant **CERTAIN-TEED CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

- 6 -

10.     Defendant **CYTEC ENGINEERED MATERIALS, INC. f/k/a Fiberite Corporation and a/k/a ICI Composites, Inc.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

11.     Defendant **CYTEC INDUSTRIES INC., Individually and as successor to American Cyanamid Company** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

12.     Defendant **HOLLINGSWORTH & VOSE COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

13.     Defendant **HOMASOTE COMPANY, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

14.     Defendant **KENTILE FLOORS, INC. a/k/a Kentile Operating Company** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of

- 7 -

New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

15.     Defendant **LOEWS CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

16.     Defendant **LORILLARD TOBACCO COMPANY, Individually and as Successor to P. Lorillard Company and as Successor to Lorillard, Inc.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

17.     Defendant **METROPOLITAN LIFE INSURANCE COMPANY** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

18.     Defendant **OCCIDENTAL CHEMICAL CORPORATION, Individually and as Successor to Durez** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

- 8 -

19.     Defendant **OWENS ILLINOIS, INC.** is a duly organized foreign corporation doing business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

20.     Defendant **PLASTICS ENGINEERING COMPANY, Individually and as Successor to Plenco** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

21.     Defendant **RAPID-AMERICAN CORPORATION, Successor-by-merger to Glen Alden Corporation, Briggs Manufacturing Co., Philip Carey Corporation and Philip Carey Manufacturing Company** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

22.     Defendant **REICHHOLD CHEMICALS, INC. a/k/a Reichhold, Inc.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

23.     Defendant **ROGERS CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant,

- 9 -

it has engaged in the sale and distribution of materials and products containing the substance asbestos.

24.     Defendant **TYCO FLOW CONTROL, INC., Individually and as Successor to Yarway Corporation, Keystone and Grinnell Corporation** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

25.     Defendant **TYCO INTERNATIONAL (US) INC., Individually and as Successor to Hancock Valves and Lonergan Valves, Keystone, and Yarway Corporation and Grinnell Corporation** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

26.     Defendant **UNION CARBIDE CORPORATION** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

27.     Defendant **YARWAY CORPORATION** was and is a duly organized foreign doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

- 10 -

28.    Defendant "JOHN DOE" #1 is a contractor, supplier, distributor and/or manufacturer of asbestos products and machinery and equipment including the installation and/or use of asbestos-containing products each of whom maintained a presence at the work sites and/or other facilities, structures and/or edifices where the Plaintiff was exposed to or used several asbestos products, materials, and equipment and machinery.

29.    The Defendants have done business in this State, have conducted or transacted business in this State, have committed one or more tortious acts within this state, or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

30.    The actions and conduct of the Defendants as more fully described below were carried out through their respective offices, by authorized agents, servants and employees, who were acting in the course and scope of their employment and authority, and in furtherance of the business and profit of the Defendants.

31.    Each Defendant, with the exception of the **METROPOLITAN LIFE INSURANCE COMPANY** has been engaged in the mining, production, processing, design, manufacture, marketing, supply, delivery, distribution, installation, use, purchase, removal and/or sale of raw asbestos fibers of various kinds and grades, asbestos-containing products, and/or machinery and equipment requiring or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as Asbestos products).

32.    Plaintiff, for a period of many years, worked with, came in contact with, or was exposed to, asbestos products while working in various shipyards, steel mills, refineries, paper mills, chemical plants, industrial sites and facilities, construction sites and other facilities or was exposed to the defendants' products through the normal use of these products.

- 11 -

Supreme Court Records OnLine Library - page 11 of 39

33.     During the course of his/her employment, the Plaintiff was exposed on numerous occasions to asbestos products which were mined, produced, processed, designed, manufactured, marketed, supplied, delivered, distributed, installed, used, purchased, removed or sold by the Defendants.

34.     During the course, and in furtherance of, his/her employment and life, the Plaintiff was unavoidably exposed to, inhaled and ingested asbestos fibers and dust contained within and emanating from the Defendants' asbestos products.

35.     As a direct and proximate result of his/her unavoidable exposure to, and resultant inhalation and ingestion of, asbestos fibers and dust as contained within and emanating from the Defendants' asbestos products, Plaintiff has/did develop(ed) a progressive, debilitating asbestos-related illness/disease and/or risk of death.

36.     Plaintiff alleges that each and every exposure to Defendants' asbestos products caused or contributed to his/her injuries, such that the Defendants are jointly and severally liable to the Plaintiff for the resultant asbestos-related illness/disease and/or risk of death alleged herein.

## AS AND FOR A FIRST CAUSE OF ACTION SOUNDING IN NEGLIGENCE

37.     Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

38.     Defendants knew, or with reasonable diligence should have known and/or ascertained, that their asbestos products were inherently dangerous and hazardous to the health and well-being of those using, exposed to or coming in contact with Defendants' asbestos products.

- 12 -

39.     Defendants knew, or with reasonable diligence should have known and/or ascertained, that the reasonable and anticipated use of, exposure to or contact with their asbestos products would cause the release of asbestos fibers and dust into the ambient air, creating danger and unreasonable risk of injury and harm to those breathing the air contaminated with such asbestos fibers and dust.

40.     Defendants knew, or with reasonable diligence should have known and/or ascertained, that the Plaintiff would use or come into contact with Defendants' asbestos products and in so doing, would become exposed to and inhale and ingest the asbestos fibers and dust in the ambient air as they were discharged and released from the Defendants' products in the course of ordinary and foreseeable contact, application and use of those products.

41.     Defendants knew, or with reasonable diligence should have known and/or ascertained that the Plaintiff used, came into contact with, and was exposed to Defendants' asbestos products and the fibers and dust emanating from and released by those products without any knowledge of the dangers and potential risk of harm to which he/she was being exposed.

42.     Despite knowledge of the unsafe and dangerous nature and properties of their respective asbestos products, the Defendants willfully, recklessly and negligently:

        (a)     failed to warn the public at large, and more particularly this Plaintiff, of the dangers and hazards associated with or caused by the use of, exposure to or contact with Defendants' asbestos products resulting from the ordinary, anticipated and foreseeable use of Defendants' asbestos products;

        (b)     failed to study, investigate and/or properly test their asbestos products for both potential and actual hazards associated with the use of, exposure to and contact with

- 13 -

Defendants' asbestos products, when such products were used in a reasonably foreseeable and anticipated manner;

   (c) failed to communicate or convey their suspicions and knowledge with respect to potential or actual dangers and health hazards associated with the use of, exposure to or contact with Defendants' asbestos products resulting in inhalation and ingestion of asbestos fibers and dust to the users and consumers of the Defendants' asbestos products;

   (d) failed to design or redesign Defendants' asbestos products to prevent, impede or minimize the release of airborne inhalable and ingestible asbestos fibers and dust;

   (e) failed to properly design and manufacture Defendants' asbestos products to insure safe use and handling by users and consumers under conditions that were reasonably anticipated and foreseeable;

   (f) failed to advise the public at large, and more particularly this Plaintiff, of the necessity for protective garments, safety equipment and appliances to protect the user/consumer from harm caused by inhalation and ingestion of asbestos fibers and dust released by, and associated with, the ordinary and foreseeable use of, and contact with, Defendants' asbestos products;

   (g) failed to institute, adopt or enforce appropriate safety protocols for handling and use of asbestos products to individuals working with, utilizing, handling or otherwise coming into contact with Defendants' asbestos products;

   (h) failed to adequately package their respective asbestos products in a manner which would insure safe handling and use by those individuals, including this Plaintiff, who the Defendants' knew or should have reasonably anticipated would be exposed to asbestos

- 14 -

fibers and dust released by and associated with the ordinary and foreseeable use of Defendants' asbestos products;

      (i)    failed to remove their asbestos products from the stream of commerce despite knowledge of the unsafe and dangerous nature of those products;

      (j)    continued to mine, produce, process, design, manufacture, market, supply, deliver, distribute, install, use, purchase, remove and sell asbestos products for general application and purposes without any alteration or change, despite the potential and known health hazards and dangers posed to the foreseeable and anticipated user and consumer of those products;

      (k)    failed to timely develop and utilize substitute materials for asbestos in their asbestos products;

      (l)    failed to design or redesign asbestos-containing products to prevent, impede or minimize the release of airborne inhalable and ingestible asbestos fibers and dust; and,

      (m)    failed to recall and/or issue a post-sale warning for their asbestos products.

43.    The continued mining, production, processing, design, manufacture, marketing, distribution, supply, use, purchase, installation, removal, delivery, and sale by the Defendants' of their respective asbestos products under the circumstances and conditions enumerated above, demonstrates the callous, reckless, willful, depraved and wanton indifference to and disregard of the health, safety and welfare of the public at large, and more particularly, this Plaintiff.

44.    As a result of the Defendants' negligence and recklessness, the Plaintiff unwittingly and unavoidably inhaled and ingested asbestos fibers and dust, resulting in the development of his/her asbestos related disease and illness; Plaintiff has been caused to endure

- 15 -

severe physical pain and suffering and mental anguish; has been placed at increased risk for developing other serious bodily injuries; has expended sums of money for medical care, treatment and monitoring related to his/her asbestos exposure, inhalation and ingestion; will be required to expend additional monies for medical care, treatment and monitoring in the future; has been prevented from pursuing his/her normal activities and employment; has been deprived of his/her ordinary pursuits and enjoyment of life; has suffered pecuniary losses; and has otherwise been damaged.

45.     The illnesses and disabilities of the Plaintiff are a direct and proximate result of the negligence and carelessness of the Defendants, and their demonstrated wanton and reckless disregard for his/her safety and well-being.

### AS AND FOR A SECOND CAUSE OF ACTION SOUNDING IN BREACH OF WARRANTY

46.     Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

47.     The Defendants expressly and impliedly warranted that their asbestos products were of good and merchantable quality and fit for their intended uses and purposes.

48.     The express and implied warranties made by these Defendants were false, misleading and consequently breached since these products were unreasonably dangerous, defective, hazardous and harmful when used, applied or installed in the manner, and for the purposes, intended.

49.     As a direct and proximate result of Defendants' breached warranties the Plaintiff used, came into contact with and was exposed to Defendants' asbestos products, causing him to unknowingly and unwittingly inhale and ingest asbestos fibers and dust resulting from the ordinary and foreseeable use of those products.

- 16 -

50.   By virtue of the breach of the express and implied warranties of good and merchantable quality and fitness for particular use, the Plaintiff developed an asbestos-related disease, has suffered great pain and suffering and mental anguish, and has been otherwise damaged.

## AS AND FOR A THIRD CAUSE OF ACTION SOUNDING IN STRICT LIABILITY

51.   Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

52.   The Defendants sold or otherwise placed their asbestos products into the stream of commerce in a defective, unsafe and unreasonably dangerous condition.

53.   The Defendants knew or otherwise expected that their asbestos products would reach the ultimate user/consumer of their asbestos products, including this Plaintiff, without substantial change from, or alteration of, the condition in which these products were originally manufactured and sold.

54.   The Defendants knew, or in the exercise of reasonable diligence, should have ascertained that the Plaintiffs and others similarly situated, would be the ultimate users/consumers of Defendants' asbestos products or would be exposed to their asbestos products.

55.   Defendants knew that their asbestos products would be used without inspection for defects and, by placing them in the marketplace, represented to the public at large and more particularly this Plaintiff that these products could be utilized safely, in the manner, and for the purpose for which they were intended.

56.   Defendants knew that their asbestos products were defective and were incapable of being made safe for their ordinary and intended uses and purposes and that these defects were

- 17 -

not discoverable by the Plaintiff, or others similarly situated, in the exercise of reasonable care nor were the dangers and hazards of these products perceivable to the Plaintiff and others similarly situated such that he/she might otherwise have averted his/her injury by the exercise of reasonable care.

57.     In light of the above, the ordinary and foreseeable use of Defendants' asbestos products constituted a dangerous and hazardous activity and placed the ultimate user/consumer, and this Plaintiff more particularly, at an unreasonable risk of harm and injury by contaminating the atmosphere in which the Plaintiff carried out his/her work related duties.

58.     The risks and dangers created by the use of Defendants' products outweighed the utility of these products.

59.     As a consequence of the defects of Defendants' products and the Plaintiff's resultant inhalation and/or ingestion of asbestos fibers and dust resulting from the ordinary and foreseeable use of those asbestos products, Plaintiff has sustained serious and permanent injuries as more fully described herein.

60.     The Defendants, by virtue of the foregoing, are strictly liable to the Plaintiff for injuries and illnesses resulting from the defects and dangerous propensities of their asbestos products alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION LABOR LAW VIOLATIONS

61.     Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

62.     Defendants, their subsidiaries, agents and/or servants were/are owners, possessors, lessors, lessees' operator, controllers, managers, supervisors, general contractors, subcontractors, architects, engineers or were otherwise responsible for the maintenance, control

- 18 -

and/or safety at the premises on which plaintiff was lawfully frequenting and exposed to asbestos.

63.     Defendants, their subsidiaries, agents and/or servants had a legal duty to maintain and keep those premises in a safe and proper condition.

64.     At all times relevant hereto, plaintiff was lawfully frequenting the premises on which plaintiff was exposed to asbestos.

65.     At all times relevant hereto, plaintiff's presence on the premises on which plaintiff was exposed to asbestos was known or knowable to the defendants.

66.     Defendants, their subsidiaries, agents, and/or servants negligently created, caused and/or permitted to exist, an unsafe, hazardous and/or dangerous condition to exit by specifying, using and/or permitted the presence of asbestos and/or asbestos containing products, equipment and/or fixtures at the premises on which plaintiff was exposed to asbestos.

67.     Defendants, their subsidiaries, agents, and/or servants negligently permitted a defective, hazardous and/or dangerous condition to remain uncorrected and/or unchanged at the premises on which the plaintiff was present and exposed to asbestos.

68.     Defendants, their subsidiaries, agents, and/or servants knew, or should have known, of the existence of the unsafe, hazardous and/ or dangerous condition and failed to correct this dangerous condition.

69.     Defendants, their subsidiaries, agents, and/or servants knew, or should have known of the existence of unsafe, hazardous and/or dangerous condition and failed to warn the plaintiff of the existence of the dangerous condition and/or provide the plaintiff the means to protect himself from the dangerous condition

- 19 -

70.    Defendants, their subsidiaries, agents, and/or servants were negligent in that they violated the common law duty to maintain a safe work place for individuals, such as plaintiff, who were working in, lawfully frequenting and exposed to asbestos on premises owned, maintained and/or controlled by them.

71.    Defendants, their subsidiaries, agents, and/or servants violated New York Labor law section 200 et seq: including, but not limited to, section 200 and 241(6) and the New York Industrial Code 12NYCR section 12 and 23 by their failure to provide a safe workplace, including, but not limited to, failure to make reasonable inspection to detect dangerous conditions and hidden defects and to warn of dangers of which they knew or should have known, and by their failure to provide reasonable and adequate protection for individuals, such as plaintiff, who was lawfully at a construction site owned, maintained and/or controlled by them. Inter alia:

    (a)    Defendants, their subsidiaries, agents, and/or servants violated the New York State Industrial Code Section 12, and 14, which states that:

        i)    All operators or processes which produce air contaminants shall be so conducted that the generation, release or dissemination of such contaminants is kept at the lowest practicable level in compliance with this Part (rule). Using proper control of protective procedure and equipment.

        ii)    (1) Every employer shall effect compliance with the provision of this Part (rule) relating to the prevention and removal of air contaminants, the storage and use of flammable liquids and the

- 20 -

provision, installation, operation and maintenance of control or protective equipment.

(2) Every employer shall instruct his employees as to the hazards of their work, the use of the protective equipment and their responsibility for complying with Provision of this Part (rule).

(3) No employee shall suffer or permit an employee to work in a room in which there exist dangerous air contaminants in a work atmosphere.

(4) No employee shall suffer or permit dangerous air contaminants to accumulate remain in any place or area subject to the provision of this Part (rule) (b).

(b)     Defendants, their subsidiaries, agents, and/or servants violated New York State Industrial Code Section 12, and 15, which states that:

i)   Personal respiratory equipment shall not be used in lieu of other control methods, except for protection of employees' emergencies and in the repair, maintenance or adjustment or equipment or processes, or upon specific approval by the board.

(c)     Defendants, their subsidiaries, agents, and/or servants violated New York States Industrial Code Section 12, subsection 1.9 (formerly section 12.9) which states that:

i)       One or more of the following methods shall be used to prevent, remove or control dangerous air contaminants:

- 21 -

(1)    Substitution of a material of a method which does not produce dangerous air contaminants.

(2)    Local exhaust ventilation conforming on the requirements of Industrial Code Part (Rule No.) 18.

(3)    Dilution Ventilation.

(4)    Application of water or other wetting agent.

(5)    Other methods approved by the board.

(d)    As evidence of defendants' their subsidiaries', agents' and/or servants violation of the abovementioned section of the New York Stated Industrial Code, defendants, their subsidiaries, agents, and/or servants permitted asbestos dust concentrations above the 5mppcf threshold limit value specified in section 12, subsection 3.1, without providing the requires reasonable and adequate protective measures, thereby rendering the premises unsafe.

(e)    Defendants, their subsidiaries, agents, and/or servants violated section 23 3(d) of the New York Industrial Code which state that:

(f)    Provision shall be made at every demolition site control the amount of airborne dust resulting from demolition by wetting the debris and other materials with the appropriate spraying agents or other means.

72.    Defendants, their subsidiaries, agents, and/or servants negligently designed and/or specified the use of asbestos containing products, equipment and/ or fixtures at the premises on which plaintiff was lawfully frequenting and exposed to asbestos.

- 22 -

73.     Defendants, their subsidiaries, agents, and/or servants negligently breached their contractual duty to the plaintiff, third party beneficiary, to provide for the health, welfare and/ or safety of those, such as plaintiff, lawfully frequenting the premises on which plaintiff was exposed to asbestos.

74.     Defendants, their subsidiaries, agents, and/or servants, breached their warranty to provide for the health, welfare, and/or safety of those such as plaintiff, lawfully frequenting the premises on which plaintiff was exposed to asbestos.

75.     Defendants, their subsidiaries, agents, and/or servants breached the duty imposed on possessors of land, contractors and subcontractors and codified in the restatement of the law, Second, Torts, including, but not limited to, section 342, 410, 411, 412, 413, 414, 414A, 416, 422 and 427.

76.     These acts and/ or omissions of the defendants constitute willful misconduct and conscience disregard of the health of the public, including the plaintiff.

77.     As a direct and proximate result of the defendant's conduct plaintiff was exposed to asbestos and asbestos containing products and sustained serious injuries and described above.

78.     Plaintiff was seriously injured.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY

79.     Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

80.     Defendant **METROPOLITAN LIFE INSURANCE COMPANY** through its Policyholders Service Bureau undertook duties owed by the Defendants to the Plaintiff by testing asbestos workers and conducting scientific studies related to asbestos exposure.

- 23 -

Supreme Court Records OnLine Library - page 23 of 39

81.    In undertaking these duties, the Defendant **METROPOLITAN LIFE INSURANCE COMPANY** knew, or in the exercise of reasonable diligence should have known, that it was providing testing service for the ultimate protection of third parties, including the Plaintiff.

82.    In both conducting said tests and in publishing the alleged results thereof the Defendant **METROPOLITAN LIFE INSURANCE COMPANY** failed to exercise reasonable care to conduct or publish timely complete, adequate and accurate tests concerning health effects of asbestos exposure.

83.    The Defendant **METROPOLITAN LIFE INSURANCE COMPANY** also caused to be published intentionally false, misleading, inaccurate and deceptive information about the adverse health effects of asbestos exposure.

84.    The Plaintiff unwittingly but justifiably relied upon the purported thoroughness of the tests and information disseminated by the Defendant **METROPOLITAN LIFE INSURANCE COMPANY**, which published these test results and information in a leading medical journal.

85.    As a direct and proximate result of the failures on the part of this Defendant in conducting tests and publishing results thereof which were false, misleading, inaccurate, deceptive and untruthful, the Defendant **METROPOLITAN LIFE INSURANCE COMPANY** caused, encouraged and promoted the Plaintiff's asbestos exposure and caused and/or contributed to the injuries sustained by the Plaintiff as more fully described herein.

86.    By reason of the foregoing, the Defendant **METROPOLITAN LIFE INSURANCE COMPANY** acted with reckless and wanton disregard for the welfare of the general public, including this Plaintiff.

- 24 -

## AS AND FOR A SIXTH CAUSE OF ACTION SOUNDING IN CONSPIRACY AND COLLECTIVE LIABILITY/CONCERT OF ACTION

87.     Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

88.     The Defendants since the early 1900's have been possessed of medical and scientific data which raised questions concerning the safety of asbestos in the workplace and which demonstrated the existence of health hazards to those exposed to, or coming in contact with, asbestos products.

89.     Defendants collectively and through explicit agreement and consciously parallel behavior, controlled industry standards regarding the testing, manufacture, sale, distribution and use of asbestos products and controlled the level of knowledge on the part of the public regarding the hazards of exposure to fibers and dust emanating from and released by Defendants' asbestos products.

90.     The Defendants through agreement and consciously parallel behavior intentionally failed to warn potential users, and the Plaintiff in particular, of the serious bodily harm which may result from the inhalation of, and exposure to, asbestos fibers and dust emanating from and released by asbestos products.

91.     The Defendants conspired and/or acted in concert to withhold, conceal and suppress medical and scientific data and literature regarding the risks of exposure to asbestos and asbestos products, and the association of this exposure to the development of asbestosis, cancer, mesothelioma and other illnesses and diseases from the Plaintiff and others similarly situated, who were using, being exposed to, or coming into contact with Defendants' asbestos products and airborne fibers and dust emanating from and released by those products.

- 25 -

92.     The Defendants through agreement and consciously parallel behavior released, published and disseminated invalid, inaccurate, outdated and misleading medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases which Defendants knew were invalid, inaccurate, outdated and misleading.

93.     Defendants distorted the results of medical examinations conducted upon Plaintiff and/or workers similarly situated who were using asbestos products and being exposed to the inhalation of asbestos fibers and dust by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff had suffered.

94.     The Defendants while cognizant of this data deliberately chose to ignore the health and safety issues raised therein, and embarked upon a plan of deception intended to deprive the public at large of alarming medical and scientific findings which remained in their exclusive possession and under their exclusive control.

95.     Defendants conspired and/or acted in concert with each other and with other members of the asbestos industry through agreement and consciously parallel behavior:

    i)      to withhold from users of their products, and from persons who Defendants knew or should have known would be exposed to their products, information regarding the health risks of inhaling or ingesting asbestos fibers and dust;

    ii)     to eliminate or prevent investigation into the health hazards of exposure to asbestos fibers and dust;

    iii)    to assure that asbestos products became widely used in industries such as construction, shipbuilding, machine fabrication and similar

- 26 -

such industries, irrespective of the potential and actual risk of harm to the user/consumer.

96.    Plaintiff reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos products and was deprived of an opportunity to make an informed decision concerning his/her use of, exposure to and contact with, Defendants' products.

97.    Plaintiff consequently in no respect can be blamed should he/she be unable to establish which of the asbestos products caused his/her injuries.

98.    Defendants, whether acting individually or in concert with others, violated their common law duty of care owed to the Plaintiff or otherwise engaged in culpable activity against the Plaintiff.

99.    The actions and inactions of Defendants independently and/or collectively constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damage and injury to the Plaintiff.

100.    By reason of the above, Defendants are jointly and severally liable to the Plaintiff(s) for the injuries and damages sustained by virtue of industry-wide or enterprise liability.

101.    Alternatively, Defendants are liable to the Plaintiff(s) for the injuries and damages sustained by virtue of their substantial share of the asbestos products market within the area in which Plaintiff was employed.

102.    As a direct and  proximate result of his/her wrongful exposure to asbestos at the hands of Defendants, Plaintiff contracted an asbestos-related illness with sequela and was caused to suffer severe physical pain, mental anguish, pecuniary losses and loss of enjoyment of life.

- 27 -

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT CONTRACTORS

103.   Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

104.   The term "contractor(s)" refers to any business entity, concern, individual or other engaged, employed or otherwise contracted to perform in whole or any part thereof construction work, renovation, excavation, demolition, installation of equipment and/or such other activities commensurate with the term "contractor" as used in the ordinary course of business.

105.   These Defendant contractor(s) individually and by and/or through their subcontractors, agents, servants, assigns and employees developed, authored, devised and/or implemented specifications and plans relating to the construction, renovation, excavation, and/or demolition of buildings and other structures at which the Plaintiff was present and which Defendant contractor(s) knew, or should have reasonably ascertained in the exercise of due care, involved the use, application, installation, and/or removal of asbestos, asbestos-containing materials and/or equipment calling for the use and/or installation of asbestos-containing materials.

106.   These Defendant contractor(s),  knew, or in the exercise of reasonable diligence should have known, that the above specifications and/or plans were dangerous and/or unsafe and presented a potential and/or actual health hazard to those individuals present at such sites where construction, renovation, excavation and/or demolition as above described was being carried out, including this Plaintiff.

107.   These Defendant contractor(s) hired, employed, contracted with or otherwise engaged subcontractors and others to carry out the work required by and in accordance with the above-described specifications and plans.

- 28 -

108.   These Defendant contractor(s) supervised, oversaw and directed the activities, conduct and work of the both their own employees as well as the employees, agents and assigns of its subcontractors in the performance and carrying out of the above described specifications and plans at various locations including the Plaintiffs' work site(s).

109.   Additionally, Defendant contractor(s) purchased and/or delivered and/or caused to be delivered to Plaintiff's work site(s), and other locations and subsequently inventoried and/or warehoused at Plaintiff's work site(s) various asbestos-containing materials and/or machinery and equipment calling for the use of and/or installation of asbestos-containing materials.

110.   Defendant contractor(s) exercised control over the work sites at which their employees, subcontractors, agents and assigns were engaged in carrying out the specifications and plans of construction, renovation, excavation and/or demolition as described above, retained unlimited access to these work sites and directed all related construction, remodeling, excavating and demolition activities concerned therewith.

111.   Plaintiff was exposed to asbestos-containing products at various work sites and other locations within the State of New York where construction, renovation, excavation and demolition of buildings and/or other structures was being performed, while Plaintiff was engaged in his/her occupational duties and responsibilities or while Plaintiff was otherwise lawfully upon at such work sites and locations.

112.   Plaintiff sustained asbestos-related personal injuries as a consequence of his/her exposure to asbestos, asbestos-containing products and machinery at such locations described above.

113.   Plaintiff's injuries resulted from Defendant contractor(s)' breach of common law and statutory obligations including, inter alia, violations of The New York State Labor Law

- 29 -

Sections 200, 240 and 241 as a consequence of Plaintiff's exposure to and inhalation of dust from asbestos and asbestos-containing products delivered to, installed, used or employed at those work sites owned, operated, directed and controlled by the Defendant contractor(s).

114.    The above-described exposures were caused solely and wholly by the acts and /or omissions of the Defendant contractor(s), their agents, servants, employees and assigns as a consequence of their negligent, careless and reckless ownership, management, direction and control of the various premises and work sites where construction, renovation, demolition and excavation activities, as above described, occurred.

115.    Defendant contractor(s) were negligent, careless and reckless in inter alia: (1) permitting Plaintiff to work under dangerous and unsafe conditions; (2) requiring the Plaintiff to work in areas in which he/she was exposed to asbestos products; (3) in permitting and allowing the dangerous conditions to remain in working areas and other locations; (4) in failing to warn the Plaintiff and other members of the work force of the dangerous conditions; (5) in failing to provide a safe place to work; (5) in failing to follow or implement the usual workplace safety customs and procedures; (6) in failing to abide by, inter alia, Sections 200, 240 and 241 of the Labor Law; and (7) in otherwise acting without due regard for, and in reckless disregard of, the safety, well being and health of the Plaintiff and the work force in general.

116.    Defendant contractor(s) are strictly liable for the injuries sustained by the Plaintiff.

- 30 -

## AS AND FOR A EIGHTH CAUSE OF ACTION
## FOR PREMISES LIABILITY AGAINST CERTAIN DEFENDANTS

117.    Plaintiff repeats and reiterates the prior allegations of this complaint as if alleged more fully below:

118.    Plaintiff, was exposed to asbestos-containing products, materials and machines and equipment calling for the use of and/or installation of asbestos-containing products while working at certain facilities owned by certain named Defendants (hereinafter "Premises Owners").

119.    Each Premises Owner, at all times relevant to this Complaint, has been either the operator and/or the manager and/or the owner and occupier of various facilities within the State of New York as more fully specified in individual pleadings.

120.    Plaintiff was exposed to asbestos and asbestos-containing materials while he/she was an invitee at such Defendant Premises Owners' New York State facility or facilities during all relevant time periods. Said facilities were defective in that the asbestos and asbestos-containing materials in Defendants' facilities created an unreasonable risk of harm to the Plaintiff and other persons thereupon. The defective conditions of the facilities were a proximate cause of the Plaintiff's asbestos-related injuries and damages.

121.    Said Premises Owners are liable to Plaintiff for their respective failure to exercise reasonable care to protect Plaintiff from the foreseeable dangers associated with exposure to asbestos.

122.    Defendants Premises Owners as the premises operators and/or managers and/or owners and occupiers and/or custodians of their respective premises, had a non-delegable duty to keep the premises safe for invitees and others such as the Plaintiff herein.

- 31 -

123.   Said Defendant Premises Owners knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiff from said risk of harm.

124.   Defendant Premises Owners' failure to protect Plaintiff from known and/or foreseeable dangers constitutes negligence which such negligence is/was a proximate cause of Plaintiff's asbestos-related injuries and damages.

125.   By reason of the foregoing Plaintiff has sustained grievous personal and physical injuries, physical and emotional pain and suffering, all as more fully described herein and has been damaged as against each Defendant.

126.   Plaintiff was employed by or served as a seaman and member of a crew on numerous occasions upon various vessels owned, operated, controlled, navigated or chartered by Shipping Defendants.

127.   During all of the times herein mentioned, Shipping Defendants employed Plaintiff or owned, managed, operated, chartered, navigated or controlled said vessels used said vessels in the transportation of freight or passengers upon navigable waters of the United States in interstate and foreign commerce.

128.   Plaintiff would show that for a period of many years, and on numerous occasions, Plaintiff worked with or was exposed to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products while working in or on various vessels.  Plaintiff would show that Plaintiff was exposed on numerous occasions during the course and scope of his employment to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products while employed by or working on vessels owned, managed, operated, chartered, navigated or

- 32 -

controlled by Shipping Defendants and, in doing so, had inhaled great quantities of asbestos fibers from various asbestos products that were used, stored, manipulated, installed or removed aboard said vessels or appurtenances thereto.  Further, Plaintiff alleges, as more specifically set out below, that Plaintiff's injuries were proximately caused by his exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products

129.    Each Manufacturer Defendant corporation or its predecessor-in-interest, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos or asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products.

130.    Plaintiff would show that or a period of many years, they worked with and/or were exposed to asbestos-containing products and or machinery requiring or calling for the use of asbestos or asbestos-containing products while working in various shipyards, steel mills, refineries, paper mills, chemical plants and/or other facilities in the United States.  Plaintiff will show that they have been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos or asbestos-containing products and/or sold by Manufacturer Defendants and, in so doing, have inhaled great quantities of asbestos fibers.  Further Plaintiff alleges, as more specifically set out below, that they have suffered injuries proximately caused by their exposure to asbestos-containing products designed, manufactured and sold by Manufacturer Defendants.

131.    Plaintiff alleges that Plaintiff was exposed to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products in his occupation. In that each exposure to such products caused or contributed to

- 33 -

Plaintiff's injuries, Plaintiff invokes the doctrine of joint and several liability and states that it should be applied to each Defendant herein.

132.   This cause of action is governed by Substantive Law of Admiralty and is, therefore, nonremovable.

**WHEREFORE,** Plaintiff prays for relief against defendants, together with interest, costs and disbursements in this action.

Dated: New York, New York
　　　　February 15, 2011

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By:_____
　　　　Joseph W. Belluck, Esq.

- 34 -

STATE OF NEW YORK     )

                           ss.:

COUNTY OF NEW YORK  )

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

Deponent is a member of the firm BELLUCK & FOX LLP, counsel for the plaintiffs in the within action; deponent has read the foregoing Summons and Verified Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes same to be true. This verification is made by deponent and not by plaintiffs because plaintiffs reside outside of the County of New York where the deponent maintains his office.

Dated: New York, New York
        February 15, 2011

Joseph W. Belluck, Esq.

- 35 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LUIS ENRIQUE LUCIANO, SR.,

Index No. :

                                    Plaintiffs,

**CERTIFICATION**

- against -

ALCOA INC., Individually and as successor in
        interest to Tilo Roofing Co., et al.

                                    Defendants.

Joseph W. Belluck, Esq., an attorney duly admitted to practice before the Courts of the

State of New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules

of the Chief Administrator that to the best of my knowledge, information and belief, which was

formed after a reasonable inquiry under the circumstances, the presentation of the foregoing

Summons and Verified Complaint and its contents are not frivolous, as the term is defined in

Part 130.

Dated: New York, New York
       February 15, 2011

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By: _____
        Joseph W. Belluck, Esq.

- 36 -

## LUIS ENRIQUE LUCIANO, SR. DEFENDANT SERVICE LIST

| DEFENDANTS | SERVICE |
|---|---|
| **ALCOA INC., Individually and as successor in interest to Tilo Roofing Co.** | c/o Corporation Service Co. 80 State Street Albany, New York 12207 |
| **AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to Buffalo Pumps, Inc.** | c/o CT Corporation System 116 Pine Street, Suite 320 Harrisburg, Pennsylvania 17101 |
| **BURNHAM CORPORATION** Albert Morrison III 1239 Harrisburg Ave. Lancaster, Pennsylvania 17604-3205 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CBS f/k/a Viacom Inc as Successor in Interest to Westinghouse Electric Corp.** c/o Adrienne Harrington 51 West 52nd Street New York, New York 10019 | c/o Corporation Service Co. 80 State Street Albany, New York 12207 |
| **CERTAIN-TEED CORPORATION** 750 East Swedesford Road Valley Forge, Pennsylvania 19482 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CYTEC ENGINEERED MATERIALS, INC. f/k/a Fiberite Corporation and a/k/a ICI Composites, Inc.** 501 West Third Street Winoa, Minnesota 55987 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CYTEC INDUSTRIES INC., Individually and as successor to American Cyanamid Company** 5 Garret Mountain Plaza West Paterson, New Jersey 07424 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **HOLLINGSWORTH & VOSE COMPANY** County Route 113 Greenwich, New York 12834 | c/o Secretary of State Albany, New York 12207 |
| **HOMASOTE COMPANY, INC.** 932 Lower Ferry Road West Trenton, New Jersey 08628 | **DIRECT** |
| **KENTILE FLOORS, INC. f/k/a Kentile Operating Company** | **DIRECT - CERTIFIED MAIL RRR** c/o G&K Consultants LLC 31 East 28th Street, 8th Floor New York, NY |

- 37 -

| **DEFENDANTS** | **SERVICE** |
|---|---|
| **LOEWS CORPORATION**<br>667 Madison Avenue<br>New York, New York, 10065-8087 | c/o Secretary of State<br>Albany, New York 12207 |
| **LORILLARD TOBACCO COMPANY, Individually and as Successor to P. Lorillard Company and as Successor to Lorillard, Inc.**<br>714 Green Valley Road<br>Greensboro, North Carolina 27408 | c/o Corporation Service Co.<br>80 State Street<br>Albany, New York 12207 |
| **METROPOLITAN LIFE INSURANCE CO.**<br>One Madison Avenue<br>New York, New York 10010-3603 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| **OCCIDENTAL CHEMICAL CORPORATION, Individually and as Successor to Durez**<br>John L Hurst<br>5005 Lbj Freeway<br>Dallas, Texas 75244 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **OWENS-ILLINOIS, INC.**<br>One Seagate<br>Toledo, Ohio 43659 | **DIRECT - CERTIFIED MAIL RRR**<br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| **PLASTICS ENGINEERING COMPANY, Individually and as Successor to Plenco**<br>3518 Lakeshore Road<br>Sheboygan, Wisconsin 53082-0758 | **DIRECT** |
| **RAPID-AMERICAN CORPORATION, Successor-by-merger to Glen Alden Corporation, Briggs Manufacturing Co., Philip Carey Corporation and Philip Carey Manufacturing** | c/o The Prentice-Hall Corporation Systems<br>2711 Centerville Road<br>Wilmington, Delaware 19808 |
| **REICHHOLD CHEMICALS, INC. a/k/a Reichhold, Inc.**<br>2400 Ellis Road<br>Durham, North Carolina 27703 | c/o Corporation Service Co.<br>80 State Street<br>Albany, New York 12207 |
| **ROGERS CORPORATION**<br>One Technology Drive<br>Rogers, Connecticut 06263 | **DIRECT** |

- 38 -

| DEFENDANTS | SERVICE |
|---|---|
| **TYCO FLOW CONTROL, INC., Individually and as Successor to Yarway Corporation, Keystone and Grinnell Corporation**<br>2405 Maryland Road<br>Willow Grove, Pennsylvania 19090 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| **TYCO INTERNATIONAL (US) INC., Individually and as Successor to Hancock Valves and Lonergan Valves, Keystone and Yarway Corporation and Grinnell Corporation**<br>9 Roszel Road<br>Princeton, New Jersey 08540 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| **UNION CARBIDE CORPORATION**<br>2030 Dow Center<br>Midland, Michigan 48674 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **YARWAY CORPORATION**<br>480 Norristown Road<br>Blue Bell, Pennsylvania 19422 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |

Supreme Court Records OnLine Library - page 39 of 39

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LUIS ENRIQUE LUCIANO, SR.,

                             Plaintiff,

v.

ALCOA INC., Individually and as successor in
      interest to Tilo Roofing Co., et al.

                          Defendants.

See Attached Rider - FULL CAPTION

Index No. : 190060/2011

Date Filed: February 18, 2011

Plaintiff designates
**NEW YORK**
County as the place of trial

The basis of the venue is
**DEFENDANTS' PLACE OF
BUSINESS**

**FIRST AMENDED SUMMONS**

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York). In the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      June 3, 2011

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By:_____
      Jordan C. Fox, Esq.

**FILED**

**Defendants' addresses:**

**SEE ATTACHED DEFENDANT SERVICE LIST**

JUN 06 2011

NEW YORK
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LUIS ENRIQUE LUCIANO, SR.,

Plaintiff,

- against -

ALCOA INC., Individually and as successor in interest
    to Tilo Roofing Co.;
AIR & LIQUID SYSTEMS CORPORATION, as
    Successor by Merger to Buffalo Pumps, Inc.;
BURNHAM CORPORATION;
CBS CORPORATION f/k/a Viacom Inc as Successor
    in Interest to Westinghouse Electric Corp.;
CERTAIN-TEED CORPORATION;
CYTEC ENGINEERED MATERIALS, INC. f/k/a
    Fiberite Corporation and a/k/a ICI Composites,
    Inc.;
CYTEC INDUSTRIES INC., Individually and as
    successor to American Cyanamid Company;
**DETECTO INDUSTRIAL SCALES OF NEW**
    **YORK, INC.;**
HOLLINGSWORTH & VOSE COMPANY;
HOMASOTE COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
    Company;
LOEWS CORPORATION;
LORILLARD TOBACCO COMPANY, Individually
    and as Successor to P. Lorillard Company and
    as Successor to Lorillard, Inc.;
METROPOLITAN LIFE INSURANCE COMPANY;
OCCIDENTAL CHEMICAL CORPORATION,
    Individually and as Successor to Durez;
OWENS ILLINOIS, INC.;
PLASTICS ENGINEERING COMPANY, Individually
    and as Successor to Plenco;
RAPID-AMERICAN CORPORATION, as successor-
    by-merger to Glen Alden Corporation, Briggs
    Manufacturing Co., Philip Carey Corporation
    and Philip Carey Manufacturing Company;
REICHHOLD CHEMICALS, INC. a/k/a Reichhold,
    Inc.;
ROGERS CORPORATION;

Index No. : 190060/2011

**FULL CAPTION RIDER**

TYCO FLOW CONTROL, INC., Individually and as
  Successor to Keystone, Yarway Corporation
  and Grinnell Corporation;
TYCO INTERNATIONAL (US) INC., Individually
  and as Successor to Hancock Valves, Keystone,
  Lonergan Valves and Yarway Corporation and
  Grinnell Corporation;
UNION CARBIDE CORPORATION;
YARWAY CORPORATION.

           Defendants.

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. : 190060/2011

LUIS ENRIQUE LUCIANO, SR.,

Plaintiff,

**FIRST AMENDED**
**VERIFIED COMPLAINT**

- against -

ALCOA INC., Individually and as successor in interest
    to Tilo Roofing Co.;
AIR & LIQUID SYSTEMS CORPORATION, as
    Successor by Merger to Buffalo Pumps, Inc.;
BURNHAM CORPORATION;
CBS CORPORATION f/k/a Viacom Inc as Successor
    in Interest to Westinghouse Electric Corp.;
CERTAIN-TEED CORPORATION;
CYTEC ENGINEERED MATERIALS, INC. f/k/a
    Fiberite Corporation and a/k/a ICI Composites,
    Inc.;
CYTEC INDUSTRIES INC., Individually and as
    successor to American Cyanamid Company;
**DETECTO INDUSTRIAL SCALES OF NEW**
    **YORK, INC.;**
HOLLINGSWORTH & VOSE COMPANY;
HOMASOTE COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
    Company;
LOEWS CORPORATION;
LORILLARD TOBACCO COMPANY, Individually
    and as Successor to P. Lorillard Company and
    as Successor to Lorillard, Inc.;
METROPOLITAN LIFE INSURANCE COMPANY;
OCCIDENTAL CHEMICAL CORPORATION,
    Individually and as Successor to Durez;
OWENS ILLINOIS, INC.;
PLASTICS ENGINEERING COMPANY, Individually
    and as Successor to Plenco;
RAPID-AMERICAN CORPORATION, as successor-
    by-merger to Glen Alden Corporation, Briggs
    Manufacturing Co., Philip Carey Corporation
    and Philip Carey Manufacturing Company;
REICHHOLD CHEMICALS, INC. a/k/a Reichhold,
    Inc.;
ROGERS CORPORATION;

- 4 -

TYCO FLOW CONTROL, INC., Individually and as
      Successor to Keystone, Yarway Corporation
      and Grinnell Corporation;
TYCO INTERNATIONAL (US) INC., Individually
      and as Successor to Hancock Valves, Keystone,
      Lonergan Valves and Yarway Corporation and
      Grinnell Corporation;
UNION CARBIDE CORPORATION;
YARWAY CORPORATION.

Defendants.

Plaintiff, by his attorneys, BELLUCK & FOX LLP., for his First Amended Summons and Verified Complaint respectfully allege:

Plaintiff repeats and alleges Initial Complaint dated February 15, 2011 as if fully incorporated herein.

Plaintiff supplements his Complaint to add **DETECTO INDUSTRIAL SCALES OF NEW YORK, INC.** as an additional defendant in this action.

### THE PARTIES

1.    Plaintiff is a resident of the State of Pennsylvania unless otherwise specified in individual complaints.

2.    Plaintiff alleges that plaintiff Luis Enrique Luciano, Sr. has been diagnosed with Mesothelioma.

3.    The term "Defendants" shall apply to all corporate and business entities, and/or their predecessors and/or successors in interest as more fully described and enumerated in the captions of individual complaints subsequently filed in the "short form" in accordance with the applicable case management order of this Court.

4.    The Defendants have done business in this State, have conducted or transacted business in this State, have committed one or more tortious acts within this state, or have

otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

     5.     Defendant **DETECTO INDUSTRIAL SCALES OF NEW YORK, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York. At all times relevant, it has engaged in the sale and distribution of materials and products containing the substance asbestos.

     **WHEREFORE,** Plaintiff prays for relief against defendants, together with interest, costs and disbursements in this action.

Dated: New York, New York
      June 3, 2011

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By:_____
     Jordan Q. Fox, Esq.

- 6 -

STATE OF NEW YORK     )
                                          ss.:
COUNTY OF NEW YORK  )

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

Deponent is a member of the firm BELLUCK & FOX LLP, counsel for the plaintiffs in the within action; deponent has read the foregoing First Amended Summons and Verified Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes same to be true.  This verification is made by deponent and not by plaintiffs because plaintiffs reside outside of the County of New York where the deponent maintains his office.

Dated: New York, New York
          June 3, 2011

_____
Jordan C. Fox, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

LUIS ENRIQUE LUCIANO, SR.,                              Index No. : 190060/2011

                                   Plaintiffs,           **CERTIFICATION**

- against -

ALCOA INC., Individually and as successor in
      interest to Tilo Roofing Co., et al.

                                   Defendants.
_____


      Jordan C. Fox, Esq., an attorney duly admitted to practice before the Courts of the State

of New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules of the

Chief Administrator that to the best of my knowledge, information and belief, which was formed

after a reasonable inquiry under the circumstances, the presentation of the foregoing First

Amended Summons and Verified Complaint and its contents are not frivolous, as the term is

defined in Part 130.

Dated: New York, New York                    Yours etc.,
       June 3, 2011

                                             **BELLUCK & FOX, LLP**
                                             *Attorneys for Plaintiff*
                                             546 Fifth Avenue, 4th Floor
                                             New York, New York 10036
                                             (212) 681-1575

                                             By:_____
                                                  Jordan C. Fox, Esq.

## LUIS ENRIQUE LUCIANO, SR. DEFENDANT SERVICE LIST

| DEFENDANTS | SERVICE |
|---|---|
| **ALCOA INC., Individually and as successor in interest to** Tilo Roofing Co. | c/o Corporation Service Co.<br>80 State Street<br>Albany, New York 12207 |
| **AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to Buffalo Pumps, Inc.** | c/o CT Corporation System<br>116 Pine Street, Suite 320<br>Harrisburg, Pennsylvania 17101 |
| **BURNHAM CORPORATION**<br>Albert Morrison III<br>1239 Harrisburg Ave.<br>Lancaster, Pennsylvania 17604-3205 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **CBS f/k/a Viacom Inc as Successor in Interest to Westinghouse Electric Corp.**<br>c/o Adrienne Harrington<br>51 West 52nd Street<br>New York, New York 10019 | c/o Corporation Service Co.<br>80 State Street<br>Albany, New York 12207 |
| **CERTAIN-TEED CORPORATION**<br>750 East Swedesford Road<br>Valley Forge, Pennsylvania 19482 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **CYTEC ENGINEERED MATERIALS, INC. f/k/a Fiberite Corporation and a/k/a ICI Composites, Inc.**<br>501 West Third Street<br>Winoa, Minnesota 55987 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **CYTEC INDUSTRIES INC., Individually and as successor to American Cyanamid Company**<br>5 Garret Mountain Plaza<br>West Paterson, New Jersey 07424 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **DETECTO INDUSTRIAL SCALES OF NEW YORK, INC.**<br>Robert E. Henlon, JR., CPA, PA<br>31 South Street<br>Morristown, New Jersey 07961 | c/o Secretary of State<br>Albany, New York 12207 |
| **HOLLINGSWORTH & VOSE COMPANY**<br>County Route 113<br>Greenwich, New York 12834 | c/o Secretary of State<br>Albany, New York 12207 |
| **HOMASOTE COMPANY, INC.**<br>932 Lower Ferry Road<br>West Trenton, New Jersey 08628 | **DIRECT** |

| DEFENDANTS | SERVICE |
|---|---|

**INGERSOLL-RAND COMPANY**
200 Chestnut Ridge Road
Woodcliff Lake, New Jersey 07675

**DIRECT - CERTIFIED MAIL RRR**
Lisa M. Pascarella
Pehlivanian & Braaten LLC
Paynter's Ridge Office Park
2430 Route 34
Manasquan, New Jersey 08736

**KENTILE FLOORS, INC. f/k/a Kentile Operating Company**

**DIRECT - CERTIFIED MAIL RRR**
c/o G&K Consultants LLC
31 East 28th Street, 8th Floor
New York, NY

**LOEWS CORPORATION**
667 Madison Avenue
New York, New York, 10065-8087

c/o Secretary of State
Albany, New York 12207

**LORILLARD TOBACCO COMPANY, Individually and as Successor to P. Lorillard Company and as Successor to Lorillard, Inc.**
714 Green Valley Road
Greensboro, North Carolina 27408

c/o Corporation Service Co.
80 State Street
Albany, New York 12207

**METROPOLITAN LIFE INSURANCE CO.**
One Madison Avenue
New York, New York 10010-3603

c/o The Corporation Trust Company
1209 North Orange Street
Wilmington, Delaware 19801

**OCCIDENTAL CHEMICAL CORPORATION, Individually and as Successor to Durez**
John L Hurst
5005 Lbj Freeway
Dallas, Texas 75244

c/o Corporate Trust Systems
111 8th Avenue 13TH floor
New York, New York 10011

**OWENS-ILLINOIS, INC.**
One Seagate
Toledo, Ohio 43659

**DIRECT - CERTIFIED MAIL RRR**
Paul Scrudato, Esq.
Schiff Hardin LLP
900 Third Avenue, 23rd Floor
New York, New York 10022

**PLASTICS ENGINEERING COMPANY, Individually and as Successor to Plenco**
3518 Lakeshore Road
Sheboygan, Wisconsin 53082-0758

**DIRECT**

**RAPID-AMERICAN CORPORATION, Successor-by-merger to Glen Alden Corporation, Briggs Manufacturing Co., Philip Carey Corporation and Philip Carey Manufacturing**

c/o The Prentice-Hall Corporation Systems
2711 Centerville Road
Wilmington, Delaware 19808

| DEFENDANTS | SERVICE |
|---|---|
| **REICHHOLD CHEMICALS, INC. a/k/a Reichhold, Inc.**<br>2400 Ellis Road<br>Durham, North Carolina 27703 | c/o Corporation Service Co.<br>80 State Street<br>Albany, New York 12207 |
| **ROGERS CORPORATION**<br>One Technology Drive<br>Rogers, Connecticut 06263 | **DIRECT** |
| **TYCO FLOW CONTROL, INC., Individually and as Successor to Yarway Corporation, Keystone and Grinnell Corporation**<br>2405 Maryland Road<br>Willow Grove, Pennsylvania 19090 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| **TYCO INTERNATIONAL (US) INC., Individually and as Successor to Hancock Valves and Lonergan Valves, Keystone and Yarway Corporation and Grinnell Corporation**<br>9 Roszel Road<br>Princeton, New Jersey 08540 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| **UNION CARBIDE CORPORATION**<br>2030 Dow Center<br>Midland, Michigan 48674 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **YARWAY CORPORATION**<br>480 Norristown Road<br>Blue Bell, Pennsylvania 19422 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LUIS ENRIQUE LUCIANO, SR.,

                              Plaintiff,

v.

ALCOA INC., Individually and as successor in
      interest to Tilo Roofing Co., et al.

                              Defendants.

See Attached Rider - FULL CAPTION

---

Index No. : 190060/2011

Date Filed: February 18, 2011

Plaintiff designates
**NEW YORK**
County as the place of trial

The basis of the venue is
**DEFENDANTS' PLACE OF
BUSINESS**

**SECOND AMENDED
SUMMONS**

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice
of Appearance, on the Plaintiff's Attorney within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete if this Summons is
not personally delivered to you within the State of New York). In the case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: New York, New York
        June 9, 2011

Yours etc.,

**FILED**

**BELLUCK & FOX, LLP**    JUN 2 1 2011
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor    NEW YORK
New York, New York 10036    COUNTY CLERK'S OFFICE
(212) 681-1575

By: _____
      John Ryan, Esq.

**Defendants' addresses:**

**SEE ATTACHED DEFENDANT SERVICE LIST**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LUIS ENRIQUE LUCIANO, SR.,

                                    Plaintiff,

- against -

ALCOA INC., Individually and as successor in interest
        to Tilo Roofing Co.;
AIR & LIQUID SYSTEMS CORPORATION, as
        Successor by Merger to Buffalo Pumps, Inc.;
BURNHAM CORPORATION;
CBS CORPORATION f/k/a Viacom Inc as Successor
        in Interest to Westinghouse Electric Corp.;
CERTAIN-TEED CORPORATION;
CYTEC ENGINEERED MATERIALS, INC. f/k/a
        Fiberite Corporation and a/k/a ICI Composites,
        Inc.;
CYTEC INDUSTRIES INC., Individually and as
        successor to American Cyanamid Company;
DETECTO SCALES, INC.;
DETECTO INDUSTRIAL SCALES OF NEW
        YORK, INC.;
HOLLINGSWORTH & VOSE COMPANY;
HOMASOTE COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
        Company;
LOEWS CORPORATION;
LORILLARD TOBACCO COMPANY, Individually
        and as Successor to P. Lorillard Company and
        as Successor to Lorillard, Inc.;
METROPOLITAN LIFE INSURANCE COMPANY;
OCCIDENTAL CHEMICAL CORPORATION,
        Individually and as Successor to Durez;
OWENS ILLINOIS, INC.;
PLASTICS ENGINEERING COMPANY, Individually
        and as Successor to Plenco;
RAPID-AMERICAN CORPORATION,  as successor-
        by-merger to Glen Alden Corporation, Briggs
        Manufacturing Co., Philip Carey Corporation
        and Philip Carey Manufacturing Company;
REICHHOLD CHEMICALS, INC. a/k/a Reichhold,
        Inc.;
ROGERS CORPORATION;

Index No. : 190060/2011

**FULL CAPTION RIDER**

- 2 -

TYCO FLOW CONTROL, INC., Individually and as
     Successor to Keystone, Yarway Corporation
     and Grinnell Corporation;
TYCO INTERNATIONAL (US) INC., Individually
     and as Successor to Hancock Valves, Keystone,
     Lonergan Valves and Yarway Corporation and
     Grinnell Corporation;
UNION CARBIDE CORPORATION;
YARWAY CORPORATION.

                              Defendants.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LUIS ENRIQUE LUCIANO, SR.,

Index No. : 190060/2011

Plaintiff,

**SECOND AMENDED
VERIFIED COMPLAINT**

- against -

ALCOA INC., Individually and as successor in interest
     to Tilo Roofing Co.;
AIR & LIQUID SYSTEMS CORPORATION, as
     Successor by Merger to Buffalo Pumps, Inc.;
BURNHAM CORPORATION;
CBS CORPORATION f/k/a Viacom Inc as Successor
     in Interest to Westinghouse Electric Corp.;
CERTAIN-TEED CORPORATION;
CYTEC ENGINEERED MATERIALS, INC. f/k/a
     Fiberite Corporation and a/k/a ICI Composites,
     Inc.;
CYTEC INDUSTRIES INC., Individually and as
     successor to American Cyanamid Company;
**DETECTO SCALES, INC.;**
DETECTO INDUSTRIAL SCALES OF NEW YORK,
     INC.;
HOLLINGSWORTH & VOSE COMPANY;
HOMASOTE COMPANY, INC.;
KENTILE FLOORS, INC. a/k/a Kentile Operating
     Company;
LOEWS CORPORATION;
LORILLARD TOBACCO COMPANY, Individually
     and as Successor to P. Lorillard Company and
     as Successor to Lorillard, Inc.;
METROPOLITAN LIFE INSURANCE COMPANY;
OCCIDENTAL CHEMICAL CORPORATION,
     Individually and as Successor to Durez;
OWENS ILLINOIS, INC.;
PLASTICS ENGINEERING COMPANY, Individually
     and as Successor to Plenco;
RAPID-AMERICAN CORPORATION, as successor-
     by-merger to Glen Alden Corporation, Briggs
     Manufacturing Co., Philip Carey Corporation
     and Philip Carey Manufacturing Company;
REICHHOLD CHEMICALS, INC. a/k/a Reichhold,
     Inc.;
ROGERS CORPORATION;

FILED

JUN 21 2011

NEW YORK
COUNTY CLERK'S OFFICE

- 4 -

TYCO FLOW CONTROL, INC., Individually and as
    Successor to Keystone, Yarway Corporation
    and Grinnell Corporation;
TYCO INTERNATIONAL (US) INC., Individually
    and as Successor to Hancock Valves, Keystone,
    Lonergan Valves and Yarway Corporation and
    Grinnell Corporation;
UNION CARBIDE CORPORATION;
YARWAY CORPORATION.

Defendants.

---

Plaintiff, by his attorneys, BELLUCK & FOX LLP., for his Second Amended Summons and Second Verified Complaint respectfully allege:

Plaintiff repeats and alleges Initial Complaint dated February 15, 2011 as if fully incorporated herein.

Plaintiff supplements his Complaint to add **DETECTO SCALES, INC.** as an additional defendant in this action.

**THE PARTIES**

1.    Plaintiff is a resident of the State of Pennsylvania unless otherwise specified in individual complaints.

2.    Plaintiff alleges that plaintiff Luis Enrique Luciano, Sr. has been diagnosed with Mesothelioma.

3.    The term "Defendants" shall apply to all corporate and business entities, and/or their predecessors and/or successors in interest as more fully described and enumerated in the captions of individual complaints subsequently filed in the "short form" in accordance with the applicable case management order of this Court.

4.    The Defendants have done business in this State, have conducted or transacted business in this State, have committed one or more tortious acts within this state, or have

otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

5.    Defendant **DETECTO SCALES, INC.** was and is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.  At all times relevant, was responsible for the maintenance, control and/or safety at the premises on which plaintiff was lawfully frequenting and exposed to asbestos.

**WHEREFORE,** Plaintiff prays for relief against defendants, together with interest, costs and disbursements in this action.

Dated: New York, New York
       June 9, 2011

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-157

By:_____
      John Ryan, Esq.

- 6 -

STATE OF NEW YORK      )
                                          ss.:
COUNTY OF NEW YORK   )

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

Deponent is a member of the firm BELLUCK & FOX LLP, counsel for the plaintiffs in the within action; deponent has read the foregoing Second Amended Summons and Second Verified Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes same to be true. This verification is made by deponent and not by plaintiffs because plaintiffs reside outside of the County of New York where the deponent maintains his office.

Dated: New York, New York
          June 9, 2011

John Ryan, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

~~LUIS ENRIQUE LUCIANO, SR.,~~

Index No. : 190060/2011

Plaintiffs,

**CERTIFICATION**

- against -

ALCOA INC., Individually and as successor in
    interest to Tilo Roofing Co., et al.

Defendants.

       John Ryan, Esq., an attorney duly admitted to practice before the Courts of the State of

New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules of the

Chief Administrator that to the best of my knowledge, information and belief, which was formed

after a reasonable inquiry under the circumstances, the presentation of the foregoing Second

Amended Summons and Second Verified Complaint and its contents are not frivolous, as the

term is defined in Part 130.

Dated: New York, New York
      June 9, 2011

Yours etc.,

**BELLUCK & FOX, LLP**
*Attorneys for Plaintiff*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575

By:_____
      John Ryan, Esq.

## LUIS ENRIQUE LUCIANO, SR. DEFENDANT SERVICE LIST

| DEFENDANTS | SERVICE |
|---|---|
| **ALCOA INC., Individually and as successor in interest to Tilo Roofing Co.** | c/o Corporation Service Co. 80 State Street Albany, New York 12207 |
| **AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to Buffalo Pumps, Inc.** | c/o CT Corporation System 116 Pine Street, Suite 320 Harrisburg, Pennsylvania 17101 |
| **BURNHAM CORPORATION** Albert Morrison III 1239 Harrisburg Ave. Lancaster, Pennsylvania 17604-3205 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CBS f/k/a Viacom Inc as Successor in Interest to Westinghouse Electric Corp.** c/o Adrienne Harrington 51 West 52nd Street New York, New York 10019 | c/o Corporation Service Co. 80 State Street Albany, New York 12207 |
| **CERTAIN-TEED CORPORATION** 750 East Swedesford Road Valley Forge, Pennsylvania 19482 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CYTEC ENGINEERED MATERIALS, INC. f/k/a Fiberite Corporation and a/k/a ICI Composites, Inc.** 501 West Third Street Winoa, Minnesota 55987 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **CYTEC INDUSTRIES INC., Individually and as successor to American Cyanamid Company** 5 Garret Mountain Plaza West Paterson, New Jersey 07424 | c/o Corporate Trust Systems 111 8th Avenue 13TH floor New York, New York 10011 |
| **DETECTO INDUSTRIAL SCALES OF NEW YORK, INC.** Robert E. Henlon, JR., CPA, PA 31 South Street Morristown, New Jersey 07961 | c/o Secretary of State Albany, New York 12207 |
| **DETECTO SCALES, INC.** | c/o Secretary of State Albany, New York 12207 |
| **HOLLINGSWORTH & VOSE COMPANY** County Route 113 Greenwich, New York 12834 | c/o Secretary of State Albany, New York 12207 |

| DEFENDANTS | SERVICE |
|---|---|
| HOMASOTE COMPANY, INC.<br>932 Lower Ferry Road<br>West Trenton, New Jersey 08628 | DIRECT |
| INGERSOLL-RAND COMPANY<br>200 Chestnut Ridge Road<br>Woodcliff Lake, New Jersey 07675 | DIRECT - CERTIFIED MAIL RRR<br>Lisa M. Pascarella<br>Pehlivanian & Braaten LLC<br>Paynter's Ridge Office Park<br>2430 Route 34<br>Manasquan, New Jersey 08736 |
| KENTILE FLOORS, INC. f/k/a Kentile Operating Company | DIRECT - CERTIFIED MAIL RRR<br>c/o G&K Consultants LLC<br>31 East 28th Street, 8th Floor<br>New York, NY |
| LOEWS CORPORATION<br>667 Madison Avenue<br>New York, New York, 10065-8087 | c/o Secretary of State<br>Albany, New York 12207 |
| LORILLARD TOBACCO COMPANY, Individually and as Successor to P. Lorillard Company and as Successor to Lorillard, Inc.<br>714 Green Valley Road<br>Greensboro, North Carolina 27408 | c/o Corporation Service Co.<br>80 State Street<br>Albany, New York 12207 |
| METROPOLITAN LIFE INSURANCE CO.<br>One Madison Avenue<br>New York, New York 10010-3603 | c/o The Corporation Trust Company<br>1209 North Orange Street<br>Wilmington, Delaware 19801 |
| OCCIDENTAL CHEMICAL CORPORATION, Individually and as Successor to Durez<br>John L Hurst<br>5005 Lbj Freeway<br>Dallas, Texas 75244 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| OWENS-ILLINOIS, INC.<br>One Seagate<br>Toledo, Ohio 43659 | DIRECT - CERTIFIED MAIL RRR<br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| PLASTICS ENGINEERING COMPANY, Individually and as Successor to Plenco<br>3518 Lakeshore Road<br>Sheboygan, Wisconsin 53082-0758 | DIRECT |

- 10 -

| DEFENDANTS | SERVICE |
|---|---|
| **RAPID-AMERICAN CORPORATION,** Successor-by-merger to Glen Alden Corporation, Briggs Manufacturing Co., Philip Carey Corporation and Philip Carey Manufacturing | c/o The Prentice-Hall Corporation Systems<br>2711 Centerville Road<br>Wilmington, Delaware 19808 |
| **REICHHOLD CHEMICALS, INC.** a/k/a Reichhold, Inc.<br>2400 Ellis Road<br>Durham, North Carolina 27703 | c/o Corporation Service Co.<br>80 State Street<br>Albany, New York 12207 |
| **ROGERS CORPORATION**<br>One Technology Drive<br>Rogers, Connecticut 06263 | **DIRECT** |
| **TYCO FLOW CONTROL, INC.,** Individually and as Successor to Yarway Corporation, Keystone and Grinnell Corporation<br>2405 Maryland Road<br>Willow Grove, Pennsylvania 19090 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| **TYCO INTERNATIONAL (US) INC.,** Individually and as Successor to Hancock Valves and Lonergan Valves, Keystone and Yarway Corporation and Grinnell Corporation<br>9 Roszel Road<br>Princeton, New Jersey 08540 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006<br><br>Paul Scrudato, Esq.<br>Schiff Hardin LLP<br>900 Third Avenue, 23rd Floor<br>New York, New York 10022 |
| **UNION CARBIDE CORPORATION**<br>2030 Dow Center<br>Midland, Michigan 48674 | c/o Corporate Trust Systems<br>111 8th Avenue 13TH floor<br>New York, New York 10011 |
| **YARWAY CORPORATION**<br>480 Norristown Road<br>Blue Bell, Pennsylvania 19422 | **DIRECT - CERTIFIED MAIL RRR**<br>Brady Edwards, Esq.<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana St., Suite 4200<br>Houston, Texas 77002-5006 |

**DEFENDANTS**

**SERVICE**

Paul Scrudato, Esq.
Schiff Hardin LLP
900 Third Avenue, 23rd Floor
New York, New York 10022