JURY

## U.S. District Court
## Eastern District of Virginia - (Richmond)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00431-HEH

Paschall v. Abex Corporation et al  
Assigned to: District Judge Henry E. Hudson  
Demand: $12,000,000  
Cause: 28:1441 Notice of Removal-Personal Injury  

Date Filed: 07/05/2011  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity  

### Plaintiff

**Bettie J. Paschall**  
*Executrix of the Estate of Earl Wayne Paschall, Deceased*

represented by **Charles Edward Ayers, Jr.**  
Ayers & Stolte  
710 North Hamilton St  
Richmond, VA 23221  
(804) 358-4731  
Email: ericap@ayerslaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Mark Henry Schmidt**  
Ayers & Stolte PC  
710 N Hamilton St  
3rd Fl  
Richmond, VA 23221  
804-358-4731  
Fax: 804-864-0895  
Email: mschmidt@ayerslaw.com  
*ATTORNEY TO BE NOTICED*

### Defendant

**Abex Corporation**  
*a Delaware Corporation*  
*TERMINATED: 07/06/2011*

### Defendant

**American Heritage Place, L.P.**  
*a Virginia Limited Partnership*  
*TERMINATED: 07/06/2011*

### Defendant

**American Standard, Inc.**  
*Individually, and as successor to Kewanee Boiler, A Delaware Corporation*  
*TERMINATED: 07/06/2011*

Case MDL No. 875   Document 7487-1   Filed 07/08/11   Page 2 of 18

CM/ECF - vaed                                                                 Page 2 of 6

**Defendant**

**Anchor Packing Company**
*a Delaware Corporation*
*TERMINATED: 07/06/2011*

**Defendant**

**Apple Seven Spe Richmond, Inc.**
*a Virginia Corporation*
*TERMINATED: 07/06/2011*

**Defendant**

**Aqua-Chem, Inc.**
*Individually, and as Successor to*
*Cleaver-Brooks, a non-Virginia*
*Corporation*
*TERMINATED: 07/06/2011*

**Defendant**

**Aventis Cropscience USA, Inc.**
*a Benjamin Foster Company Division, a*
*New York Corporation*
*TERMINATED: 07/06/2011*
*formerly known as*
Rhone-Poulenc AG Company;
Amchem Products, Inc.
*TERMINATED: 07/06/2011*

**Defendant**

**A.W. Chesteron Co.**
*a Massachusetts Corporation*
*TERMINATED: 07/06/2011*

**Defendant**

**Bayer Cropscience Inc.**
*Individually, and as Successor to*
*Amchem Products, Inc. (Benjamin*
*Foster Division), a New York*
*Corporation*
*TERMINATED: 07/06/2011*

**Defendant**

**BH Rosenburg, LLC**
*a non-Virginia Limited Liability*
*Company*
*TERMINATED: 07/06/2011*

**Defendant**

et al.,
*SEE ORIGINAL COMPLAINT*

*TERMINATED: 07/06/2011*

**Defendant**

**CBS Corporation**     represented by **Henry N. Ware , Jr.**
Spotts Fain PC
411 E Franklin St
PO Box 1555
Richmond, VA 23218-1555
804-697-2090
Fax: 804-697-2190
Email: hnware@spottsfain.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maurice Francis Mullins**
Spotts Fain PC
411 E Franklin St
Suite 600
PO Box 1555
Richmond, VA 23218-1555
(804) 697-2069
Fax: (804) 697-2169
Email: cmullins@spottsfain.com
*ATTORNEY TO BE NOTICED*

**Patricia Bugg Turner**
Spotts Fain PC
411 E Franklin St
Suite 600
Richmond, VA 23219
(804) 697-2000
Fax: (804) 697-2088
Email: pturner@spottsfain.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kone Inc.**     represented by **Robert Francis Redmond , Jr.**
Williams Mullen (Richmond)
200 South 10th Street
16th Floor
Richmond, VA 23219
804-420-6439
Fax: 804-420-6507
Email: rredmond@williamsmullen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clement Dean Carter , III**
Williams Mullen
1021 E Cary St

        PO Box 1320
Richmond, VA 23218-1320
(804) 643-1991
Email: ccarter@williamsmullen.com
*ATTORNEY TO BE NOTICED*

**Lauren Morgan Wheeling**
Williams Mullen (Richmond)
200 South 10th Street
16th Floor
Richmond, VA 23219
804-783-6590
Fax: 804-783-6507
Email: lwheeling@williamsmullen.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Montgomery Elevator Company**     represented by **Robert Francis Redmond , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clement Dean Carter , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren Morgan Wheeling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Schindler Elevator Company**     represented by **Carl Robert Schwertz**
Miles & Stockbridge PC (McLean)
1751 Pinnacle Dr
Suite 500
McLean, VA 22102-3833
(703) 903-9000
Fax: (703) 610-8686
Email: cschwertz@duanehauck.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Poretz**
Miles & Stockbridge PC
1751 Pinnacle Drive
Suite 500
McLean, VA 22102
(703) 903-9000
Email: jporetz@milesstockbridge.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Thyssenkrupp Elevator Corporation**     represented by **Robert Francis Redmond, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clement Dean Carter, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren Morgan Wheeling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dover Elevator Company**     represented by **Robert Francis Redmond, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Clement Dean Carter, III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren Morgan Wheeling**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Otis Elevator Company**     represented by **Martin Andrew Conn**
Moran Kiker Brown PC
4110 E Parham Rd
Richmond, VA 23228
(804) 864-4804
Email: mconn@mrcpclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric George Reeves**
Moran Reeves & Conn PC
4110 E Parham Rd
Richmond, VA 23228
(804) 421-6250
Fax: (804) 421-6251
Email: ereeves@morankikerbrown.com

*ATTORNEY TO BE NOTICED*

Mary Louise Roberts
Moran Reeves & Conn PC
4110 E Parham Rd
Richmond, VA 23228
(804) 864-4841
Email: mroberts@mrcpclaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/06/2011 | 1 | NOTICE OF REMOVAL from Richmond Circuit Court, case number CL10-1402-1. Filing Fee $ 350 receipt number 34683013440, filed by Dover Elevator Company, Thyssenkrupp Elevator Corporation. (Attachments: # 1 Civil Cover Sheet, # 2 Receipt, # 3 Exhibit A1, # 4 Exhibit A2, # 5 Exhibit A3, # 6 Exhibit A4, # 7 Exhibit A5, # 8 Exhibit A6, # 9 Exhibit A7, # 10 Exhibit A8, # 11 Exhibit A9, # 12 Exhibit A10, # 13 Exhibit A11, # 14 Exhibit A12, # 15 Exhibit A13, # 16 Exhibit A14, # 17 Exhibit A15, # 18 Exhibit A16, # 19 Exhibit A17, # 20 Exhibit A18, # 21 Exhibit A19, # 22 Exhibit A20, # 23 Exhibit A21, # 24 Exhibit A22, # 25 Exhibit A23, # 26 Exhibit A24, # 27 Exhibit A25, # 28 Exhibit B1, # 29 Exhibit B2, # 30 Exhibit B3, # 31 Exhibit B4, # 32 Exhibit B5, # 33 Exhibit B6, # 34 Exhibit B7, # 35 Exhibit B8, # 36 Exhibit B9, # 37 Exhibit B10, # 38 Exhibit C)(kyou, ) (Entered: 07/06/2011) |
| 07/07/2011 | 2 | NOTICE by Dover Elevator Company, Thyssenkrupp Elevator Corporation *of Tag-Along Action* (Redmond, Robert) (Entered: 07/07/2011) |
| 07/07/2011 | 3 | CERTIFICATE of Service re 2 NOTICE by Robert Francis Redmond, Jr on behalf of Dover Elevator Company, Thyssenkrupp Elevator Corporation (Redmond, Robert) (Entered: 07/07/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/08/2011 11:26:44 | | | |
| PACER Login: | wm0027 | Client Code: | 034762.0132 |
| Description: | Docket Report | Search Criteria: | 3:11-cv-00431-HEH |
| Billable Pages: | 5 | Cost: | 0.40 |

Received

JUN -9 2011

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

BETTIE J. PASCHALL, Executrix of the
Estate of EARL WAYNE PASCHALL, Deceased,

    Plaintiff,

v.                                        Case No.: CL10-1402-1

CBS CORPORATION, a Delaware corporation, f/k/a Viacom Inc.,
Successor by Merger to CBS Corporation, a Pennsylvania corporation
f/k/a Westinghouse Electric Corporation ("Westinghouse"),
A Delaware Corporation,

KONE INC. (USA), individually, and as successor
to MONTGOMERY ELEVATOR COMPANY,

MONTGOMERY ELEVATOR COMPANY,
A Non-Virginia Corporation,

SCHINDLER ELEVATOR CORPORATION,
individually, and as successor to
WESTINGHOUSE ELEVATOR COMPANY,

THYSSENKRUPP ELEVATOR CORPORATION,
individually, and as successor to
DOVER ELEVATOR COMPANY,

DOVER ELEVATOR COMPANY,
A Non-Virginia Corporation,

UNITED TECHNOLOGIES CORPORATION,
individually, and as successor to OTIS ELEVATOR CO.,

OTIS ELEVATOR COMPANY,
A Non-Virginia Corporation,

    Defendants.

## SECOND AMENDED COMPLAINT

1

NOW COMES the Plaintiff, BETTIE J. PASCHALL, Executrix of the Estate of EARL WAYNE PASCHALL, and alleges as follows for her second amended complaint:

## PARTIES

### A. Plaintiff

1. The Plaintiff, Bettie J. Paschall, Executrix of the Estate of Earl Wayne Paschall (see attached Exhibit A), has resided in the Commonwealth of Virginia at all times relevant hereto.

2. Between 1964 and 1992, the Plaintiff's Decedent was an elevator installer and/or maintenance man who worked with or around asbestos-containing products designed, manufactured, assembled, recommended, specified, required, processed, imported, converted, installed, compounded, supplied, distributed and/or sold by the Elevator Company Defendants.

3. Between 1964 and 1992, the Plaintiff's Decedent worked in his trade at various job sites that are/were owned and/or operated by the Premises Operators at which locations, and/or others, Plaintiff's Decedent was exposed to the Elevator Company Defendants' asbestos.

### B. Elevator Company Defendants

4. The Defendants, CBS CORPORATION, a Delaware corporation, f/k/a VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION; KONE INC. (USA), individually, and as successor to MONTGOMERY ELEVATOR COMPANY; the MONTGOMERY ELEVATOR COMPANY; the SCHINDLER ELEVATOR CORPORATION, individually, and as successor to WESTINGHOUSE ELEVATOR COMPANY; the THYSSENKRUPP ELEVATOR CORPORATION, individually, and as successor to DOVER ELEVATOR COMPANY; the DOVER ELEVATOR COMPANY; the UNITED TECHNOLOGIES CORPORATION,

2

individually, and as successor to OTIS ELEVATOR CO.; and the OTIS ELEVATOR COMPANY; (collectively, the "Elevator Company Defendants") designed, manufactured, compounded, assembled, recommended, specified, installed, supplied, marketed, distributed and/or sold substantial amounts of asbestos and asbestos-containing products, including elevator components and, in particular, braking devices for traction elevators, that contained asbestos ("Elevator Asbestos Products"), which products were supplied, marketed, distributed, sold and/or used in Virginia.

5. In particular, the aforesaid braking devices for traction elevators contained asbestos that would, with use, be converted into a light, particulate form of asbestos that would float in the air inside the elevator shafts when disturbed by the movement of the elevators, equipment, or persons inside the shafts. Additionally, during the course of maintaining and/or cleaning the braking devices, asbestos particulates would be dislodged from the devices, and, again, float in the air. Plaintiff's Decedent would, during the course of his duties, be present inside the elevator shafts and maintain and/or clean the braking devices, and breath in air containing harmful asbestos originating from the Elevator Asbestos Products.

6. At all times material hereto, the Elevator Company Defendants acted through their agents, servants or employees who were acting within the scope of their employment on the business of the defendants.

7. Between 1964 and 1992 (both before and after 1980), the Elevator Company Defendants' Elevator Asbestos Products were supplied, marketed, distributed, and/or sold, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiff's Decedent's employer, to the Premises Operators, and/or to others, and the Plaintiff's Decedent was exposed to said products, and was injured by said products.

### D. Premises Operators

8. The following are hereinafter designated as "Premises Operators" all of whom own or owned real property and buildings in the City of Richmond, Virginia, in which the Plaintiff's Decedent worked in his trade and was exposed to asbestos and asbestos-containing products.

9. The AMERICAN HERITAGE PLACE, L.P., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 1001 East Main Street.

10. The APPLE SEVEN SPE RICHMOND, INC., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 500 East Broad Street.

11. The BH ROSENBURG LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 700 East Main Street.

12. The CITY OF RICHMOND, VIRGINIA, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 900 East Broad Street.

13. The CITY OF RICHMOND, VIRGINIA, DEPARTMENT OF GENERAL SERVICES, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 900 East Broad Street.

14. The CRIT-VA, INC., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 104 West Franklin Street.

15. The DOMINION RESOURCES, INC., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 705-711 East Main Street.

16. The FIRST STATES INVESTORS 3500, LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 1111 East Main Street.

17. The FRANKLIN CENTRE OPERATING ASSOCIATES, LIMITED

PARTNERSHIP, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 700 East Franklin Street.

18. The JAMES CENTER PROPERTY LLC owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 1021 East Cary Street.

19. The JEMAL'S RICHMOND HOLDINGS, LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 627-629 East Main Street.

20. The KAPLAN, EDWARD H., and MAGAZINE, SAMUEL, et al., own real property and buildings located in the City of Richmond, Virginia, including buildings located at 300-308 West Franklin Street.

21. The OMNI CENTER CORPORATION owns real property and buildings in the City of Richmond, Virginia, including buildings located at 100 South 12th Street.

22. The PARMENTER 919 MAIN STREET LP, LLLP, owns real property and buildings in the City of Richmond, Virginia, including buildings located at 901-921 East Main Street.

23. The PLAZA ASSOCIATES, L.L.C., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 801 East Main Street.

24. The RICHMOND EQUITIES LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 600 East Broad Street.

25. The RICHMOND HOTEL PARTNERS, LP, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 307 West Franklin Street.

26. The RIVER TOWER ASSOCIATES, L.C., owns real property and buildings

located in the City of Richmond, Virginia, including buildings located at 2000 Riverside Drive.

27. The RUSHMARK FNB, L.L.C., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 823-827 East Main Street.

28. The SANDHU CORPORATION OF VIRGINIA, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 555 East Canal Street.

29. The WILLIAM BYRD HOTEL ASSOCIATES, L.P., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 2501 West Broad Street.

## Count I – Negligence

30. All of the allegations contained in the preceding paragraphs are re-alleged and incorporated herein as if repeated verbatim.

31. The disease "asbestosis" results in humans from exposure to asbestos.

32. At all relevant times, the Elevator Company Defendants knew, and/or had reason to know that asbestosis in humans resulted from exposure to asbestos.

33. The Elevator Company Defendants owed a duty to Plaintiff's Decedent to design and produce goods that were reasonably safe for their intended purposes.

34. The Elevator Company Defendants, jointly and severally, breached that duty by designing, manufacturing, and selling Elevator Asbestos Products that were inherently and immediately dangerous, or which became so when used in the usual and customary manner, due to their inclusion of asbestos. The products were inherently dangerous as designed, manufactured, and sold.

35. The Elevator Company Defendants, jointly and severally, further breached their

6

duty by supplying and selling Elevator Asbestos Products without providing adequate warnings regarding the hazards of asbestos exposure. The Elevator Company Defendants failed to advise Plaintiff's Decedent of the dangerous characteristics of the Elevator Asbestos Products, failed or omitted to provide information concerning protective equipment, failed to place any or sufficient warnings on their products, failed or omitted to publish adequate procedures for the handling of their products, failed to test the safety of their products or to timely develop alternate products that were safe. The products, along with their accompanying specifications, instructions, recommendations for use, and related documents, were defective as designed, marketed, supplied, and sold.

36. The inherently dangerous and defective condition of the Elevator Company Defendants' Elevator Asbestos Products rendered such products unreasonably dangerous, thereby abrogating any need for privity of contract between the Plaintiff's Decedent and the Elevator Company Defendants as a prerequisite to liability.

37. The Elevator Company Defendants knew, and/or had reason to know that the Elevator Asbestos Products were unreasonably dangerous.

38. The Elevator Company Defendants knew, and/or had reason to know that the Elevator Asbestos Products would produce harmful airborne asbestos particulates during their usual and customary usage.

39. The risk of injury to elevator installers and/or maintenance men, such as Plaintiff's Decedent, from exposure to asbestos from the Elevator Company Defendants' Elevator Asbestos Products, was foreseeable at all relevant times.

40. The Elevator Company Defendants' negligent breaches of their duties were also grossly negligent in that their acts showed such indifference to others as constitutes an utter

disregard of caution amounting to a complete neglect of the safety of others, including Plaintiff's Decedent.

41. Furthermore, the Elevator Company Defendants' breaches of their duties to the Plaintiff's Decedent were willful or wanton in nature in that said acts were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff's Decedent.

42. The foregoing acts of the Elevator Company Defendants, jointly and severally, were a direct and proximate cause of the Plaintiff's Decedent's injuries, death, and damages herein described.

## Count II – Breach of Warranty

43. All of the allegations contained in the preceding paragraphs are re-alleged and incorporated herein as if repeated verbatim.

44. The Elevator Company Defendants impliedly warranted that their Asbestos Products were reasonably fit for use and safe for their intended purposes.

45. At the time of the manufacture and sale of the Elevator Asbestos Products to the Plaintiff's Decedent and/or the Plaintiff's Decedent's employer, and/or the Premises Defendants, and/or others, the Elevator Company Defendants knew, or had reason to know, that the Elevator Asbestos Products would be used by or come into contact with the Plaintiff's Decedent or those similarly situated.

46. The Elevator Company Defendants impliedly warranted to purchasers and users, such as Plaintiff's Decedent, that their products were fit for their ordinary and foreseeable purposes and were of merchantable quality and not unreasonably dangerous.

8

47. The Elevator Company Defendants' Elevator Asbestos Products were designed, manufactured, marketed, and sold in a defective condition in that they were incapable of being made safe for their intended, ordinary and foreseeable use, and said defendants failed to give adequate or sufficient warnings or instructions about the unreasonable risks and dangers inherent in their products.

48. The Elevator Company Defendants breached said warranties to the Plaintiff's Decedent in that the Elevator Asbestos Products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended, ordinary and foreseeable uses and purposes in light of the fact that said defendants failed to warn of the dangerous nature of asbestos exposure, and such breaches proximately resulted in the Plaintiff's Decedent contracting ASBESTOSIS, leading to his injury, disability, and death.

49. The Elevator Company Defendants further breached their implied warranty by selling their products which were not reasonably fit for their ordinary and reasonably foreseeable purposes and which were unreasonably dangerous because of their dangerous propensity to release toxic, injurious, and/or deadly asbestos dust, thereby potentially injuring or killing those who were reasonably, foreseeably exposed.

50. The Elevator Company Defendants' breaches of said warranties to the Plaintiff's Decedent were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff's Decedent.

51. The foregoing deliberate, intentional and purposeful acts of the said defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries, death, and damages herein described.

## DAMAGES

52. All of the allegations contained in the preceding paragraphs are re-alleged and incorporated herein as if repeated verbatim.

53. Plaintiff brings this action to recover damages under Virginia's Wrongful Death Statutes, §8.01-50 *et seq.*, Code of Virginia (1950 as amended).

54. As a result of his exposure to the Elevator Company Defendants' asbestos, the Plaintiff's Decedent developed ASBESTOSIS, endured severe suffering, and died on March 22, 2008.

55. The Plaintiff's Decedent was in good health prior to contracting the ASBESTOSIS from which he died.

56. The Plaintiff's Decedent is survived by his wife, Bettie Jean Paschall; his adult daughter, Delores Ann King; and his adult daughter, Sharon Denise Shelton.

57. Earl Wayne Paschall's wife, Bettie Jean Paschall; his adult daughters, Delores Ann King, and Sharon Denise Shelton, are the wrongful death beneficiaries of Earl Wayne Paschall under §8.01-53 of the Code of Virginia (1950, as amended), and they have suffered severe and substantial damages, including but not limited to the following:

a. Grief, sorrow, mental anguish and solace, including loss of society, companionship, comfort, guidance and advice;

b. Services, protection, care and assistance provided by Earl Wayne Paschall;

c. Expenses for the care, treatment and hospitalization of Earl Wayne Paschall; and

d. Funeral expenses.

58. In addition to the above damages, Plaintiff is entitled to interest at the statutory rate from June 7, 2006, pursuant to §8.01-382 of the Code of Virginia.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, for compensatory damages in the sum of TWELVE MILLION DOLLARS ($12,000,000.00), together with interest from the date of diagnosis of asbestos-induced disease, plus the costs of this suit, and such other and further relief as is just and proper.

**PLAINTIFF DEMANDS A JURY WITH RESPECT TO ALL ISSUES TO WHICH SHE IS ENTITLED BY LAW TO A JURY.**

Respectfully submitted,

BETTIE J. PASCHALL, Executrix of the
Estate of EARL WAYNE PASCHALL, Deceased,

By: _____
Counsel

Mark H. Schmidt (VSB No. 44521)
Charles E. Ayers, Jr., (VSB No. 13887)
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Telephone: (804) 358-4731
Facsimile: (804) 864-0895
*Counsel for the Plaintiff*

Date:  January 19, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Second Amended Complaint was sent on this 6th day of June, 2011, by first-class mail, postage prepaid, to:

Robert F. Redmond, Jr., Esq.
Clement D. Carter, Esq.
Lauren M. Wheeling, Esq.
Williams Mullen, P.C.
200 South 10th Street
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
*Counsel for Kone Inc., individually, and as successor to Montogomery Elevator Company, and Montogomery Elevator Company, and Thyssenkrupp Elevator Corporation, individually, and as successor to Dover Elevator Company, and Dover Elevator Company*

Carl R. Schwertz, Esq.
Jeffrey S. Poretz, Esq.
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia 22102
Telephone: (703) 903-9000
Facsimile: (703) 610-8686
*Counsel for Schindler Elevator Corporation*

Martin A. Conn, Esq.
Eric G. Reeves, Esq.
Mary Louise Roberts, Esq.
C. Stinson Mundy, Esq.
Moran Reeves & Conn, PC
4110 East Parham Road
Richmond, Virginia 23228
Telephone: (804) 421-6250
Facsimile: (804) 421-6251
*Counsel for United Technologies Corporation and Otis Elevator Company*

Henry N. Ware, Jr., Esq.
Patricia Bugg Turner, Esq.
M. F. Connell Mullins, Jr., Esq.
Spotts Fain, P.C.
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, Virginia 23218
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for CBS Corporation*

_____