BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)
MDL NO. 875

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET SONIA FLINKER, Individually and as Executrix of the Estate of RUDOLPH G. FLINKER, | |
| Plaintiff, | CIVIL ACTION NO. 2:11-cv-01178-FSH -PS |
| VS. | |
| JOHN DOE CORPORATIONS (1-25) (fictitious), et al., | |
| Defendants. | |

**DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CTO-405**

I.  **INTRODUCTION**

Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") files this Opposition to Motion to Vacate CTO-405 filed by plaintiff in the case of *Margaret Sonia Flinker, Individually and as Executrix of the Estate of Rudolph G. Flinker v. John Doe Corporations 1-25 (fictitious)*, *et al.*, Civil Action Number 2:11-cv-01178-FSH-PS (D.N.J). The Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-405 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407. This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. To ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiff's Motion to Vacate CTO-405.

Plaintiff continues to paint the Asbestos MDL as a "bottomless pit" of sorts where cases are essentially buried and are never litigated. This is entirely untrue as any review of the MDL docket would demonstrate. The MDL judge and magistrates are actively managing the cases and issuing scheduling orders and briefing schedules for pretrial motions in advance of remand to the transferor federal district courts.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).) Although plaintiff has filed a motion to remand in

this case, it has not been heard by the district court, but can just as easily be decided by the MDL Panel after transfer. In fact, the MDL court recently denied remand in a case based upon nearly identical facts and legal arguments raised in plaintiff's motion to remand pending before the United States District Court for the District of New Jersey. See *Hagen v. Benjamin Foster, et al.*, Civ Action No. 07-63346 (E.D. Pa. Sept. 24., 2010), attached hereto as Exhibit A.

The only factual issues germane to CTO-405 are already known in this case. Namely, it is contended that the decedent, Rudolph G. Flinker, developed mesothelioma as a result of his exposure to asbestos. This is exactly the type of asbestos personal injury case that should be transferred to MDL-875. The threat of a jurisdictional objection does not change this fact. Since any motion filed by plaintiff could only raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny plaintiff's Motion to Vacate CTO-405.

II. **TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.**

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons. First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections. Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court. Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

A.  **The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.**

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).) Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which (as is true here) a motion to remand to state court is pending. (*In re Ivy,* 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. *See e.g. Wolgamott v. Asbestos Defendants,* 2010 U.S. Dist. LEXIS (N.D. Ca. 2010); *Miller v. Merck & Co., Inc.,* 2008 U.S. Dist. LEXIS 88430 (M.D. Fla. 2008); *In re California Retail Natural Gas and Electric Antitrust Litigation.,* 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.,* 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer,* 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.,* 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.,* 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also

recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Ca. 1998).) The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

The pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings. The existence of such a pending motion in this case does not mandate a return of this case to the district court.

B.   **Transfer Promotes Judicial Efficiency and Consistency**.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).) "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." (*Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, at *2 (E.D. La., February 24, 1995).) In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision

distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. (*In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." (*Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." (*In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.*, 340 F. Supp. 492 (D.P.R. 1972).) Indeed, remand and other motions can be presented to and decided by the transferee judge. See more recently, *Hagen v. Benjamin Foster Co., et al.*, Civ. Action No. 07-63346 (E.D. Pa. Sept. 24, 2010)(Exhibit A), in which Judge Robreno denied plaintiff's motion to remand, and *Hanson v. ACandS,* Civ. Action No. 2:09-66701 (E.D. Pa. June 22, 2011)(Exhibit B) and *Boston v. Eastern Refractories, Inc.,* Civ. Action No. 07-53993 (E.D. Pa. Aug. 25, 2010)(attached hereto as Exhibit C), in which Judge Robreno granted defendants' motion for summary judgment; see also *In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).

The sole issue for consideration here is "the merits of the transfer viewed against the

purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.JP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay. (*In re Prudential Ins. Co.,* 2001 WL 980541, at *1 (J.P.ML. Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.,* 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM,* 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

Thus, because the Panel has the authority to transfer this action despite the pendency of the plaintiff's motion to remand, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny plaintiff's Motion to Vacate CTO-405 and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

### III.   CONCLUSION

Defendant FOSTER WHEELER ENERGY CORPORATION respectfully requests that this Panel deny Plaintiff's Motion to Vacate CTO-405.

RESPECTFULLY SUBMITTED, this 11th Day of July, 2011.

_____
Afigo I. Okpewho

Sedgwick LLP
Three Gateway Center
12th Floor
Newark, New Jersey 07102
(973) 242-0002 (tel)
(973) 242-8099 (fax)
Attorneys for Defendant
Foster Wheeler Energy Corporation