# U.S. District Court
## Northern District of Mississippi (Eastern Division)
## CIVIL DOCKET FOR CASE #: 1:11–cv–00153–WAP –DAS

Cantrell et al v. AGCO Corporation et al

Assigned to: W. Allen Pepper

Referred to: David A. Sanders

Case in other court:  Monroe County Circuit Court,
                    CV2011–147–PFM

Cause: 28:1441 Petition for Removal– Asbestos Litigation

Date Filed: 07/05/2011

Jury Demand: Both

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Diversity

**Plaintiff**

**Elaine V. Cantrell**
*Individually and as Administratrix of the*
*Estate of Edward Vaughan, Sr.*

represented by **Timothy W. Pace**
PACE LAW FIRM
P.O. Box 23
Amory, MS 38821
(601) 256–3866
Email: twpace@bellsouth.net
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elaine V. Cantrell**
*Individually*

represented by **Timothy W. Pace**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Ray Vaughn**
*Individually*

represented by **Timothy W. Pace**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edward Vaughn, Jr.**
*Individually*

represented by **Timothy W. Pace**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AGCO Corporation**

represented by **Stacey Suiter Strain**
HUBBARD, MITCHELL, WILLIAMS
&STRAIN, PLLC
P.O. Box 13309
Jackson, MS 39236
(601) 354–5400
Email: strain@hubbardmitchell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Standard, Inc.**

represented by **Donald C. Partridge**
FORMAN, PERRY, WATKINS, KRUTZ
&TARDY, PLLC
200 S. Lamar Street, Suite 100
Jackson, MS 39201
(601) 960–8600
Email: partridgedc@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**A.W. Chesterton Company**                          represented by    **Robert L. Gibbs**
                                                                       Gibbs Whitwell PLLC
                                                                       1400 Meadowbrook Road
                                                                       Suite 100
                                                                       Jackson, MS 39211
                                                                       (601) 487–2640
                                                                       Fax: 601–3664295
                                                                       Email: rgibbs@gibbswhitwell.com
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Bonnie Bridgers Smith**
                                                                       Gibbs Whitwell PLLC
                                                                       1400 Meadowbrook Road
                                                                       Suite 100
                                                                       Jackson, MS 39211
                                                                       (601) 487–2640
                                                                       Email: bbsmith@gibbswhitwell.com
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Case Construction Equipment, Inc.**                represented by    **Donald C. Partridge**
                                                                       (See above for address)
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Certain–Teed Corporation**

**Defendant**

**Cleaver–Brooks Company**                           represented by    **Stacey Suiter Strain**
                                                                       (See above for address)
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Ford Motor Company**

**Defendant**

**Industrial Rubber &Specialty
Company**
*formerly known as*
Coastal Rubber &Gasket Co., Inc.

**Defendant**

**Ingersoll–Rand Company**                           represented by    **Donald C. Partridge**
                                                                       (See above for address)
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Mississippi Rubber &Specialty
Company**

**Defendant**

**Tyco Valves &Control**                             represented by    **Jennifer Marie Studebaker**
*sued Individually and as*                                             FORMAN, PERRY, WATKINS, KRUTZ
*successor–in–interest to Yarway*                                      &TARDY, PLLC

*Corporation*

200 S. Lamar Street, Suite 100
Jackson, MS 39201
601−960−8613
Email: studebakerjm@fpwk.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Viacom, Inc.**
*sued individually and as*
*successor−in−interest to Westinghouse*
*Electric Corporation*

**Defendant**

**Foster Wheeler Constructors, Inc.**    represented by  **Thomas E. Vaughn**
VAUGHN &BOWDEN, PA
P. O. Drawer 240
Gulfport, MS 39502−0240
(228) 863−5656
Fax: 228/863−6509
Email: tvaughn@vaughnbowden.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/05/2011 | 1 | NOTICE OF REMOVAL by Foster Wheeler Constructors, Inc. from Monroe County Circuit Court, case number CV2011−147−PFM. ( Filing fee $ 350 receipt number MSN100000727) |
| | | Pursuant to Local Uniform Civil Rule 5(b) and the Administrative Procedures for Electronic Case Filing for the Northern District of MS, the removing defendant must file a copy of the entire state court record as an exhibit to its Notice of Removal. If the removing party cannot obtain a copy of the entire state court record by the removal date, then – and only then – the removing party must obtain and deliver to the Office of the Clerk the complete copy of the state court record within 14 days from the date of removal. , filed by Foster Wheeler Constructors, Inc. (Attachments: # 1 Civil Cover Sheet) (jla) Modified on 7/6/2011 (jla). |
| 07/05/2011 | 2 | JOINDER by AGCO Corporation re 1 Notice of Removal (jla) |
| 07/05/2011 | 3 | JOINDER by Cleaver−Brooks, Inc. re 1 Notice of Removal (jla) |
| 07/05/2011 | 4 | STATE COURT COMPLAINT against A.W. Chesterton Company, AGCO Corporation, American Standard, Inc., Case Construction Equipment, Inc., Certain−Teed Corporation, Cleaver−Brooks Company, Ford Motor Company, Foster Wheeler Constructors, Inc., Industrial Rubber &Specialty Company, Ingersoll−Rand Company, Mississippi Rubber &Specialty Company, Tyco Valves &Control, Viacom, Inc., filed by Elaine V. Cantrell(Individually), Edward Vaughn, Jr, Elaine V. Cantrell(Individually and as Administratrix of the Estate of Edward Vaughan, Sr.), Michael Ray Vaughn. (jla) Modified on 7/6/2011 (jla). |
| 07/05/2011 | 5 | CERTIFICATE OF STATE COURT CLERK. (jla) |
| 07/05/2011 | 6 | Summons Issued as to A.W. Chesterton Company, AGCO Corporation, American Standard, Inc., Case Construction Equipment, Inc., Certain−Teed Corporation, Cleaver−Brooks Company, Ford Motor Company, Foster Wheeler Constructors, Inc., Industrial Rubber &Specialty Company, Ingersoll−Rand Company, Mississippi Rubber &Specialty Company, Tyco Valves &Control, Viacom, Inc. (issued in State Court 5/23/11). (jla) Modified on 7/6/2011 (jla). |
| 07/05/2011 | 7 | MOTION to Appear Pro Hac Vice by Attorney Bradlyn J. Cole, by Elaine V. Cantrell(Individually), Elaine V. Cantrell(Individually and as Administratrix of the Estate of Edward Vaughan, Sr.), Edward Vaughn, Jr, Michael Ray Vaughn (filed in State Court 5/25/11) (jla) |

| 07/05/2011 | 8 | MOTION to Appear Pro Hac Vice by Attorney James C. Ferrell, by Elaine V. Cantrell(Individually), Elaine V. Cantrell(Individually and as Administratrix of the Estate of Edward Vaughan, Sr.), Edward Vaughn, Jr, Michael Ray Vaughn (filed in State Court 5/25/11) (jla) |
| --- | --- | --- |
| 07/05/2011 | 9 | Summons Returned Unexecuted as to Certain−Teed Corporation, Viacom, Inc. (filed in State Court 6/8/11). (jla) |
| 07/05/2011 | 10 | SUMMONS Returned Executed Cleaver−Brooks Company served on 6/10/2011 (filed in State Court 6/14/11). (jla) |
| 07/05/2011 |  | NOTICE OF ASSIGNMENT. Case assigned to Judge Aycock and Magistrate Judge Sanders. (jla) |
| 07/06/2011 | 11 | ORDER OF RECUSAL. District Judge Sharion Aycock recused. Case reassigned to W. Allen Pepper for all further proceedings. Signed by District Judge Sharion Aycock on 7/6/11. (mhg) |
| 07/06/2011 | 12 | NOTICE of Attorney Appearance by Robert L. Gibbs on behalf of A.W. Chesterton Company (Gibbs, Robert) |
| 07/06/2011 | 13 | NOTICE of Attorney Appearance by Bonnie Bridgers Smith on behalf of A.W. Chesterton Company (Smith, Bonnie) |
| 07/06/2011 | 14 | JOINDER of A. W. Chesterton Company re 1 Notice of Removal,,,. (Gibbs, Robert) Modified on 7/7/2011 (dlh). |
| 07/06/2011 | 15 | ANSWER to State Court Complaint with Jury Demand by A.W. Chesterton Company. (Gibbs, Robert) |
| 07/07/2011 | 16 | NOTICE of Consent re 1 Notice of Removal by Jennifer Marie Studebaker on behalf of Tyco Valves &Control (Studebaker, Jennifer) Modified on 7/7/2011 (jla). |
| 07/07/2011 | 17 | ANSWER to State Court Complaint by Foster Wheeler Constructors, Inc.. (Vaughn, Thomas) |
| 07/07/2011 | 18 | AMENDED DOCUMENT Amendment to 1 Notice of Removal,,,. (Vaughn, Thomas) |
| 07/07/2011 | 19 | NOTICE by Donald C. Partridge on behalf of Ingersoll−Rand Company re 1 Notice of Removal,,, *Consent to Removal* (Partridge, Donald) |
| 07/07/2011 | 20 | NOTICE by Donald C. Partridge on behalf of American Standard, Inc. re 1 Notice of Removal,,, *Consent to Removal* (Partridge, Donald) |
| 07/07/2011 | 21 | NOTICE by Donald C. Partridge on behalf of Case Construction Equipment, Inc. re 1 Notice of Removal,,, *Consent to Removal* (Partridge, Donald) |
| 07/11/2011 | 22 | ORDER denying 7 Motion to Appear Pro Hac Vice; Attorney Bradlyn T. Coleman ; denying 8 Motion to Appear Pro Hac Vice; Attorneys James C. Ferrell. Signed by U.S. Magistrate Judge David A. Sanders on 7/11/11. (def) |
| 07/12/2011 | 23 | CLERK'S NOTICE of Incomplete Process as to AGCO Corporation; American Standard, Inc.; Case Construction Equipment, Inc.; Certain−Teed Corporation; Ford Motor Company; Industrial Rubber &Specialty Company; Ingersoll−Rand Company; Mississippi Rubber &Specialty Company;Tyco Valves &Control and Viacom, Inc. (jla) |
| 07/12/2011 | 24 | CLERK'S NOTICE of Default as to Cleaver−Brooks Company (jla) |
| 07/12/2011 | 25 | ANSWER to State Court Complaint by Cleaver−Brooks Company. (Strain, Stacey) |

## IN THE CIRCUIT COURT OF MONROE COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| ELAINE V. CANTRELL, | § | PLAINTIFFS |
| INDIVIDUALLY AND AS | § | |
| ADMINISTRATRIX OF THE ESTATE | § | |
| OF EDWARD VAUGHAN, SR.; AND | § | |
| ELAINE V. CANTRELL, | § | |
| MICHAEL RAY VAUGHN AND | § | |
| EDWARD VAUGHN, JR. | § | |
| INDIVIDUALLY | § | |
| | § | |
| VS. | § | |
| | § | |
| AGCO CORPORATION; | § | |
| AMERICAN STANDARD, INC.; | § | |
| A.W. CHESTERTON COMPANY; | § | |
| CASE CONSTRUCTION EQUIPMENT, | § | |
| INC.; | § | |
| CERTAIN-TEED CORPORATION; | § | |
| CLEAVER-BROOKS COMPANY; | § | |
| FORD MOTOR COMPANY; | § | |
| FOSTER WHEELER; | § | |
| INDUSTRIAL RUBBER & SPECIALTY | § | |
| COMPANY (*f/k/a COASTAL RUBBER &* | § | |
| *GASKET CO., INC.*); | § | |
| INGERSOLL-RAND COMPANY; | § | |
| MISSISSIPI RUBBER & SPECIALTY | § | |
| COMPANY; | § | |
| TYCO VALVES & CONTROL (*sued* | § | |
| *Individually and as successor-in-interest* | § | |
| *to* YARWAY CORPORATION); | § | |
| VIACOM, INC. (*sued individually and as* | § | |
| *successor-in-interest to WESTINGHOUSE* | § | |
| *ELECTRIC CORPORATION*). | § | DEFENDANTS |

**FILED**

JUL - 5 2011

DAVID CREWS, CLERK
BY_____
                    **Deputy**

CAUSE NO. CV2011-147-PFM
1:11CV153-AS

## COMPLAINT
### (Plaintiffs Request Trial by Jury)

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, Elaine V. Cantrell, Individually and as Administratrix of the

Estate of Edward Vaughan, Sr., also known as Edward Vaughn, Sr.; and Michael Ray Vaughn

and Edward Vaughn, Jr., by and through their attorneys and file this complaint against the

various Defendants listed and would respectfully show the Court and Jury as follows:

1. Decedent, Edward Vaughan, Sr., was a resident citizen of Monroe County, Mississippi, and was diagnosed with asbestos-related injuries, particularly mesothelioma which caused his death.

2. Plaintiff, Elaine V. Cantrell is the Administratrix of the Estate of Edward Vaughan, Sr. and a wrongful death beneficiary.

3. Plaintiff, Michael Ray Vaughn, is a wrongful death beneficiary.

4. Plaintiff, Edward Vaughn, Jr., a wrongful death beneficiary.

### Venue and Jurisdiction

5. Venue is proper in this Court pursuant to M.C.A. §11-11-3; the substantial events which caused Plaintiffs' injuries occurred in Monroe County, Mississippi.

6. This Court has jurisdiction of the parties and of the subject matter as the defendants are proprietorships, partnerships, limited partnerships, limited liability partnerships, or corporations which:

   a. Exist under and by virtue of the laws of the State of Mississippi, or

   b. Exist under and by virtue of the laws of states other than the State of Mississippi, but which have obtained certificates of authority to transact business in Mississippi, or

   c. Exist under and by virtue of the laws of states other than the State of Mississippi, but which have transacted business in Mississippi without a certificate of authority, and/or committed a tort in whole or in part within the State of Mississippi within the meaning of M. C. A. §13-3-57.

7. Plaintiffs hereby disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, which expressly excludes

2

U.S. Navy vessels. Plaintiffs also disclaim any cause of action for recovery from any injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party Defendant committed at the direction of an officer of the United States government. The federal courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Mississippi defendant. Removal is improper. Every claim arising under the federal constitution, treaties or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave or of any officer of the United States or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency.

### Defendants in Alphabetical Order

8.     Defendant, **AGCO CORPORATION,** (*a/k/a* MASSEY FERGUSON), is a Delaware corporation which may be served with process through its registered agent for service, CT Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. Mr. Edward Vaughan, Sr. was exposed to asbestos and asbestos-containing products while working in the machine shop at Defendant's plant in Kenosha, WI between 1947 and 1948.

9.     Defendant, **AMERICAN STANDARD, INC.** is a New Jersey corporation which may be served with process through its registered agent for service, CT Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. Mr. Edward Vaughan, Sr. worked on American Standard boilers while working at various worksites in Monroe County, Mississippi as a self-employed plumbing contractor between 1963 and 1975.

10.   Defendant, **A.W. CHESTERTON COMPANY** is a Massachusetts corporation that does business within the state of Mississippi, but which does not have a registered agent in

Mississippi. Service of defendant may be made through the Mississippi Secretary of State as per §13-3-57. Process may be served on defendant at their corporation headquarters at 500 Union Park Drive, Woburn, MA 01801-3345. Mr. Edward Vaughan, Sr. worked with Defendant's asbestos packing and gaskets while working at various worksites in Monroe County, Mississippi as a self-employed plumbing contractor between 1963 and 1975.

11.     Defendant, **CASE CONSTRUCTION EQUIPMENT, INC.** is a foreign corporation that does business within the state of Mississippi, but which does not have a registered agent in Mississippi. Service of defendant may be made through the Mississippi Secretary of State as per §13-3-57. Process may be served on defendant at their corporation headquarters at 700 State St., Racine, WI 53404. Mr. Edward Vaughan, Sr. was exposed to asbestos and asbestos-containing products while working in the machine shop at Defendant's plant in Kenosha, WI between 1947 and 1948.

12.     Defendant, **CERTAIN-TEED CORPORATION,** is a Maryland corporation which may be served with process through its registered agent for service, CT Corporation Systems, 118 North Congress Street, Jackson, MS 39205. Mr. Edward Vaughan, Sr. was exposed to asbestos as a result of cutting and installing asbestos cement pipe manufactured by Defendant while working at various worksites in Monroe County, Mississippi as a self-employed plumbing contractor between 1963 and 1975.

13.     Defendant, **CLEAVER-BROOKS COMPANY,** is a Wisconsin corporation that does business within the state of Mississippi, but which does not have a registered agent in Mississippi. Service of defendant may be made through the Mississippi Secretary of State as per §13-3-57. Process may be served on defendant at their corporation headquarters at 11950 West Lake Park Drive, Milwaukee, WI 53224. Mr. Edward

4

Vaughan, Sr. installed and repaired Cleaver-Brooks boilers while working at various worksites in Monroe County, Mississippi as a self-employed plumbing contractor between 1963 and 1975.

14. Defendant, **FORD MOTOR COMPANY**, is a Delaware corporation which may be served with process through its registered agent for service, CT Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. Mr. Edward Vaughan, Sr. installed asbestos-containing clutches and brakes manufactured by Ford while working at Ted Monaghan Ford in Amory, Mississippi between 1955 and 1957.

15. Defendant, **FOSTER WHEELER CONSTRUCTORS, INC.,** is a Delaware corporation which may be served with process through its registered agent for service, CT Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. Mr. Edward Vaughan, Sr. installed and repaired Foster Wheeler boilers while working at various worksites in Monroe County, Mississippi as a self-employed plumbing contractor between 1963 and 1975.

16. Defendant, **INDUSTRIAL RUBBER & SPECIALTY COMPANY** (*f/k/a* COASTAL RUBBER & GASKET CO., INC.), is a Mississippi corporation who may be served with process through its registered agent for service, Mr. Greg Herbert, 715 E. McDowell Road, Jackson, MS 39204-5908. COASTAL RUBBER & GASKET CO., INC. sold, manufactured and distributed asbestos gaskets. Mr. Edward Vaughan, Sr. worked with Defendant's asbestos-containing gaskets while working at various worksites in Monroe County, Mississippi as a self-employed plumbing contractor between 1963 and 1975.

17. Defendant, **INGERSOLL-RAND COMPANY**, is a New Jersey corporation which may be served with process through its registered agent for service, CT Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. Mr. Edward Vaughan, Sr.

installed and repaired Ingersoll Rand boilers while working at various worksites in Monroe County, Mississippi as a self-employed plumbing contractor between 1963 and 1975.

18. Defendant, **MISSISSIPPI RUBBER & SPECIALTY COMPANY,** is a Mississippi corporation which may be served with process and summons by serving its agent Greg Herbert at 715 East McDowell Road, PO Box 7117, Jackson, MS 39205. Mr. Edward Vaughan, Sr. worked with Defendant's asbestos-containing gaskets while working at various worksites in Monroe County, Mississippi as a self-employed plumbing contractor between 1963 and 1975.

19. Defendant, **TYCO VALVES & CONTROLS** (*sued individually and as successor-in-interest to* YARWAY CORPORATION), is a Delaware corporation that can be served with process through its registered agent for service, CT Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232. Mr. Edward Vaughan, Sr. worked with Yarway valves while working at various worksites in Monroe County, Mississippi as a self-employed plumbing contractor between 1963 and 1975.

20. Defendant, **VIACOM, INC.** (*sued individually and as successor-in-interest to* WESTINGHOUSE ELECTRIC CORPORATION), can be served with process though its registered agent for service, CT Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232; Mr. Edward Vaughan, Sr. was exposed to asbestos and asbestos-containing components from Defendant's turbines which Mr. Vaughan repaired and maintained at various worksites in Monroe County, Mississippi while working as a self-employed plumbing contractor between 1963 and 1975.

21. In addition to the defendants identified in the paragraphs above, there are defendants whose identities are presently unknown to plaintiff. These unknown defendants are

identified as "JOHN DOES 1-100" defendants pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. Every allegation in the complaint is an allegation and a filing as of this date against each "JOHN DOES 1-100" defendant.

## BACKGROUND

22. It has become necessary to bring this action because of severe injuries and damages Plaintiffs suffered as a result of Edward Vaughan, Sr.'s exposure to asbestos. Edward Vaughan, Sr. was exposed to large quantities of the products manufactured, sold, designed, supplied, distributed, mined, milled, relabeled, resold, processed, applied or installed by the above-named Asbestos Defendants. Edward Vaughan, Sr. was required to handle products containing asbestos and was exposed to other asbestos products present in the work place, which had been manufactured, sold, designed, supplied, distributed, mined, milled, relabeled, resold, processed, applied or installed by the Asbestos Defendants.

23. While performing his normal duties, Edward Vaughan, Sr. came in contact with the asbestos products manufactured, sold, designed, supplied, distributed, mined, milled, marketed, relabeled, resold, processed, applied or installed by the Asbestos Defendants, which caused severe, permanent and disabling injuries to Edward Vaughan, Sr. as set forth below. Edward Vaughan, Sr. was diagnosed with mesothelioma.

## COUNT ONE

24. All of the allegations contained in the previous paragraphs are re-alleged herein.

25. The illness and disability and death of Edward Vaughan, Sr. were a direct and proximate result of the negligence of each Defendant. Each Defendant corporation or its

7

predecessor-in-interest is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiffs would show that Edward Vaughan, Sr. was exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, that Edward Vaughan, Sr. suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.

26. Plaintiffs allege that Edward Vaughan, Sr. was exposed to asbestos-containing products and machinery requiring or calling for the use of asbestos and/or asbestos-containing products in his occupation. In that the exposure to such products caused or contributed to Edward Vaughan, Sr.'s injuries, Plaintiffs allege that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

27. In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products at all times material to the cause of action. Consequently, each Defendant should be held jointly and severally liable under the doctrines of

8

enterprise liability, market-share liability, concert of action and alternative liability, among others.

COUNT TWO

28.  All of the allegations contained in the previous paragraphs are re-alleged and fully incorporated herein.

29.  The injuries Edward Vaughan, Sr. suffered are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Edward Vaughan, Sr.'s health and well-being. Certain Defendants created hazardous and deadly conditions to which Edward Vaughan, Sr. was exposed and which caused Edward Vaughan, Sr. to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Edward Vaughan, Sr.'s injuries:

(a)  in failing to timely and adequately warn Edward Vaughan, Sr. of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and or machine requiring or calling for the use of asbestos and/or asbestos-containing products;

9

(b)     in failing to provide Edward Vaughan, Sr. with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Edward Vaughan, Sr. from being harmed and disabled by exposure to asbestos and asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)     in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were

10

reasonably anticipated;

(g)    in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)    in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiting or calling for the use of asbestos and asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

### COUNT THREE

30.   All of the allegations contained in the previous paragraphs are re-alleged and fully incorporated herein.

31.   Edward Vaughan, Sr. was exposed to asbestos-containing products and machinery requiring or calling or use of asbestos and/or asbestos-containing products that were manufactured, designed and/or distributed by Defendants and/or their predecessors-in-interest for use as construction materials and machinery in industrial operations. Plaintiffs would show that the defective design and condition of the products render such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in defective condition at the time they were designed by and/or left the hands of Defendants.    Plaintiffs would show that Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the to the products.  Plaintiffs would show that this market defect rendered

11

such products and/or machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants. Plaintiffs would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

32.     The Defendants are or were engaged in the business of selling, manufacturing, product designing and/or otherwise putting into the stream of commerce asbestos-containing products and/or machines requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and machinery, without substantial change in the condition in which they were sold, manufactured, product designed and/or otherwise put into the stream of commerce were a proximate and/or producing cause of the disabilities, illnesses, injuries of Edward Vaughan, Sr..

33.     Defendants knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

34.     Edward Vaughan, Sr. was unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation. Similarly, Edward Vaughan, Sr. was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and asbestos-containing materials.

35. During the periods that Edward Vaughan, Sr. was exposed to the asbestos-containing products and/or machinery of the Defendants, these asbestos-containing products and/or machinery were being utilized in a manner which was intended by Defendants.

## COUNT FOUR

36. All of the allegations contained in the previous paragraphs are re-alleged and incorporated fully herein.

37. For all pertinent times, UNION CARBIDE CORPORATION and TH AGRICULTURE & NUTRITION, LLC (herein after referred to as "Supplier Defendants"), individually, sold, distributed, and supplied asbestos fiber, which was used in the manufacture and incorporated a component part of asbestos-containing product(s), which Edward Vaughan, Sr. came in contact with and utilized, and asbestos which, Edward Vaughan, Sr. inhaled, causing his injuries and illnesses.

38. For all pertinent times, UNION CARBIDE CORPORATION and TH AGRICULTURE & NUTRITION, LLC (herein after referred to as "Supplier Defendants"), individually, sold, distributed, supplied fiber, which was used in the manufacture and was incorporated as a component part of asbestos containing product(s), which Edward Vaughan, Sr. came in contact with and utilized, and asbestos which Edward Vaughan, Sr. inhaled, causing his injuries, illnesses and/or death.

39. Supplier Defendants as manufacturer, miner, shipper and supplier of asbestos fibers to various locations owned and/or operated by asbestos product manufacturers, is liable to

Plaintiffs for failure to warn of the health hazards of exposure to asbestos and failure to design and package their product of raw asbestos so as to adequately protect and warn users of the dangers of exposure to asbestos.

40.    Further, Supplier Defendants are liable to Plaintiffs as professional vendors of asbestos fiber, and as such, because of the Defendant's size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos fiber it sold, and is strictly liable and negligent for failing to warn the users of potential health hazards from the use of said products.

41.    Further, Supplier Defendants made misrepresentations regarding the safety of asbestos to the asbestos-product manufacturers.

42.    Finally, Supplier Defendants are liable to Plaintiffs because they knew or should have known that the asbestos fiber, which they sold and supplied, was unreasonably dangerous in normal use, and their failure to communicate this information constitutes negligence. This negligence was the cause of Edward Vaughan, Sr.'s injuries, including, but not limited to, mesothelioma, asbestosis, asbestos-induced pleural disease and other ill health effects.

## COUNT FIVE

43.    All of the allegations contained in the previous paragraphs are re-alleged and incorporated fully herein.

44.    The Equipment Manufacturers are sued only for their failure to warn of the hazards of asbestos exposure, and are not being sued on any other theory. This failure to warn

14

renders the Equipment Manufacturers liable both in negligence, and in strict product liability for a marketing defect.

45.     In particular, the Equipment Manufacturers were negligent in one or both of the following ways, these being proximate causes of Edward Vaughan, Sr.'s illnesses and/or disabilities:

   (a)     in failing to timely and adequately warn Edward Vaughan, Sr. of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

   (b)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

46.     Plaintiffs would also show that the Equipment Manufacturers' asbestos-containing products and/or machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiffs would show that this marketing defect rendered such products and/or machinery requiring or calling for the use of

15

asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Equipment Manufactures. Plaintiffs would show that Defendants are liable in strict product liability for this marketing defect.

47.    The Equipment Manufacturers are or were engaged in the business of selling, manufacturing producing, designing and/or otherwise putting into the stream of commerce asbestos-containing products and machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos- containing products and/or machinery, without substantial change in the condition in which they were so manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate and/or producing cause of the injuries of Edward Vaughan, Sr.

48.    The Equipment Manufacturers knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

49.    Edward Vaughan, Sr. was unaware of the hazards and defects in the asbestos-containing products of the Equipment Manufacturers. which made them unsafe for purposes of manipulation and/or installation.  Similarly, Edward Vaughan, Sr. was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

16

50.     During the periods that Edward Vaughan, Sr. was exposed to the asbestos-containing products and/or machinery of the Equipment Manufacturers, these asbestos-containing products and/or machinery were being utilized in a manner, which was intended by the Equipment Manufacturers.

## COUNT SIX

51.     All of the allegations contained in the previous paragraphs are re-alleged herein and incorporated fully herein.

52.     Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed contrived, combined, confederated and conspired among themselves and with other entities to cause Edward Vaughan, Sr.'s injuries, diseases, illnesses, and/or death by exposing Edward Vaughan, Sr. to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Edward Vaughan, Sr. of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers. Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and asbestos-containing products.

53.     In furtherance of said conspiracies, Defendants performed the following overt acts:

17

(a)     for many decades, Defendants, individually, jointly, and in conspiracy with each
        other and other entities, have been in possession of medical and scientific data,
        literature and test reports which clearly indicated that the inhalation of asbestos
        dust and fibers resulting from ordinary and foreseeable use of said asbestos-
        containing products and/or machinery requiring or calling for the use of asbestos
        and/or asbestos-containing products were unreasonably dangerous, hazardous,
        deleterious to human health, carcinogenic, and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and
        available Defendants, Defendants individually, jointly, and in conspiracy with
        each other and other entities, fraudulently, willfully, and maliciously:

        (1)     withheld, concealed and suppressed said medical and scientific data,
                literature and test reports regarding the risks of asbestosis, cancer,
                mesothelioma and other illnesses and diseases from Edward Vaughan, Sr.
                who was using and being exposed to Defendants' asbestos-containing
                products and/or machinery requiring or calling for the use of asbestos
                and/or asbestos-containing products;

        (2)     caused to be released, published and disseminated medical and scientific
                data, literature and test reports containing information and statements
                regarding the risk of asbestosis, cancer, mesothelioma and other illnesses
                and diseases, which Defendants knew were incorrect, incomplete,
                outdated and misleading; and

        (3)     distorted the results of medical examinations conducted upon Edward

18

Vaughan, Sr. and workers such as Edward Vaughan, Sr. who was using asbestos-containing products and/or machines requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and concealing the nature and extent of the harm to which Edward Vaughan, Sr. and workers such as Edward Vaughan, Sr. have suffered.

(c) Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators"), member companies in the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation. Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia* that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d) In addition, certain of the Defendants (the "Trade Association Conspiracy Defendants") contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to established authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Edward Vaughan, Sr. from contracting

19

asbestos disease or cancer. These Defendants joined together to combat publicity and dissemination of data on the hazards of asbestos and acted to conceal medical studies from the general public, including asbestos-exposed workers, such as Edward Vaughan, Sr. The above-described actions constituted intentional deception and fraud by actively misleading the public about the extent of the hazards of asbestos and substantially contributed to retarding the development of knowledge about such hazards, thereby substantially contributing to Edward Vaughan, Sr.'s injuries. The Trade Association Conspiracy Defendants were active conspirators and engaged in the suppression, alteration, and destruction of relevant scientific studies involving the hazards of asbestos. These Defendants and their co-conspirators conspired with Johns-Manville and/or participated in numerous unlawful acts in furtherance of the conspiracies.

(e) Further, the Trade Association Conspiracy Defendants committed the tort of assault and battery upon Edward Vaughan, Sr. by intentionally, knowingly, and/or recklessly causing them bodily harm. Plaintiffs specifically assert the doctrine of transferred intent.

(e) In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Edward Vaughan, Sr. even if complied with.

(f) As the direct and proximate result of the false and fraudulent representations,

20

omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce Edward Vaughan, Sr. to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

(g)     Further, the Trade Association Conspiracy Defendants, and their trade association co-conspirators, individually, as members of a conspiracy, and as agents of other co-conspirators, have been and are in a position of superior knowledge regarding the health hazards of asbestos; therefore, Plaintiff had the right to rely upon the published reports commissioned by the Defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing products.

(h)     Further, the Defendants and the Trade Association Conspiracy Defendants intentionally manufactured and/or installed and/or sold and/or distributed and/or marketed a defective product in that they intentionally manufactured and/or installed and/or distributed and/or sold and/or marketed and/or used asbestos-containing products without adequate warnings of the hazards of asbestos that could and did result in personal injury and/or death to those exposed to their products, including Plaintiff.

21

54.     Edward Vaughan, Sr. reasonably and in good faith relied upon the false and fraudulent
        representations, omissions and concealments made by the Defendants regarding the
        nature of their asbestos-containing products and machinery requiring or calling for the
        use of asbestos and asbestos-containing products.

55.     As a direct and proximate result of Edward Vaughan, Sr.'s reliance on Defendants' false
        and fraudulent representations, omissions and concealments, Edward Vaughan, Sr.
        sustained damages including injuries, illness disabilities, and has been deprived of the
        opportunity of informed free choice in connection with the use of and exposure to
        Defendants' asbestos-containing products and/or machinery requiring or calling for the
        use of asbestos and/or asbestos-containing products.

56.     Moreover, Defendants continue to contrive, combine, confederate, and conspire among
        themselves to injure the Plaintiff and deprive the Plaintiff of his rightful recoveries.  As a
        direct and proximate result of Defendants' ongoing actions, Plaintiff continues to sustain
        damages.

## COUNT SEVEN

57.     All of the allegations contained in the previous paragraphs are re-alleged herein and
        incorporated fully herein.

58.     The actions and inactions of Defendants and their predecessors-in-interest, as specifically
        alleged herein above, whether taken separately or together, were of such a character as to
        constitute a pattern or practice of gross negligence, intentional wrongful conduct and/or
        malice resulting in damages and injuries to Edward Vaughan, Sr.  Defendants' conduct
        was specifically intended by Defendants to cause substantial injury to Edward Vaughan,

22

Sr., or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. More specifically, Defendants and their predecessors-in-interest consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Edward Vaughan, Sr. and should be held liable in punitive and exemplary damages to Plaintiffs.

## COUNT EIGHT

59. All of the allegations contained in the previous paragraphs are re-alleged and incorporated fully herein.

60. The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

61. Each of the Defendants knew or should have known that its individual actions would combine to cause the disabilities, illnesses and/or injuries.

62. The actions of each of the Defendants are a proximate cause of Edward Vaughan, Sr.'s injuries. As a result all Defendants are jointly liable for the damage caused by their combined actions.

## DAMAGES

63. The conduct of Defendants, as alleged herein above, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Edward Vaughan, Sr., and of the following general and special damages including:

23

(a)    The conscious physical pain and suffering and mental anguish sustained by Plaintiffs;

(b)    The physical impairment suffered by Edward Vaughan, Sr.;

(c)    The disfigurement suffered by Edward Vaughan, Sr.;

(e)    Reasonable and necessary medical expenses incurred by Edward Vaughan, Sr.;

(f)    Edward Vaughan, Sr.'s mental anguish caused by the extraordinarily increased likelihood of developing (or the recurrence and/or progression of) asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, sold and/or distributed by the named Defendants;

(g)    Edward Vaughan, Sr.'s pain and suffering and mental anguish caused by the nature and duration of his physical injuries;

(h)    Plaintiffs seek punitive and exemplary damages.

64.    By their acts and omissions described herein, Defendants intentionally, knowingly and/or recklessly caused serious bodily injury to Edward Vaughan, Sr.

65.    Plaintiffs seek all damages provided for by Miss. Code Ann. § 11-7-13 (Mississippi Wrongful Death statute).

66.    Plaintiffs filed suit within two (2) years of the date of discovering Edward Vaughan, Sr.'s asbestos-related conditions or the existence of any asbestos-related causes of action.

24

## ALTERNATIVE PLEADINGS

67. The foregoing facts and theories are pled cumulatively and alternatively with no election of rights or remedies.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Elaine V. Cantrell, Individually and as Administratrix of the Estate of Edward Vaughan, Sr.; and Michael Ray Vaughn and Edward Vaughn, Jr. demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for punitive and exemplary damages, for their costs expended herein, for both pre-judgment and post-judgment interest at the highest legal rate, and for such other and further relief, both at law and equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted this the 2nd day of May, 2011.

ELAINE V. CANTRELL, INDIVIDUALLY AND
ASADMINISTRATRIX OF THE ESTATE OF
EDWARD VAUGHAN, SR.; AND MICHAEL RAY
VAUGHN AND EDWARD VAUGHN, JR.
INDIVIDUALLY,
PLAINTIFFS

BY:

T. W. PACE
ATTORNEY FOR THE PLAINTIFFS
P.O. BOX 23
AMORY, MS 38821
MSD #3976
662.256.3866

**OF COUNSEL:**
JAMES C. FERRELL
TSB 00785857
BRADLYN J. COLE
TSB 24064141
ONE ALLEN CENTER
3400 PENTHOUSE
500 DALLAS STREET
HOUSTON, TX 77002
(713) 654-7799 - Phone
(713) 654-7814 - Facsimile

25



FILED

MAY 0 4 2011

JUDY K. BUTLER
CIRCUIT CLERK
MONROE CO., MS
BY: