# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:11-cv-03705-DMC -JAD

BROWNBRIDGE et al v. BAXTER HEALTHCARE
CORPORATION et al
Assigned to: Judge Dennis M. Cavanaugh
Referred to: Magistrate Judge Joseph A. Dickson
Case in other court:  SUPERIOR COURT OF NJ,
                        MIDDLESEX COUNTY, MID-L-
                        005134-10
Cause: 28:1441 Petition for Removal- Product Liability

Date Filed: 06/28/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**THOMAS IAN BROWNBRIDGE**

represented by **JAMES CHARLES LONG , JR.**
BELLUCK & FOX LLP
546 FIFTH AVENUE, 4TH FLOOR
NEW YORK, NY 10036
212 681-1575
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MARGARET BROWNBRIDGE**
*his wife*

represented by **JAMES CHARLES LONG , JR.**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BAXTER HEALTHCARE
CORPORATION**
*Individually and as Successor-in-
Interest to American Hospital Supply
Corp. and American Scientific Products*

represented by **ANDREW CONSTANTINE , II**
TUCKER BIEGEL & SPEZIALI
TWO TOWER CENTER
TENTH FLOOR
EAST BRUNSWICK, NJ 08816
732-846-1700
*ATTORNEY TO BE NOTICED*

**Defendant**

**FISCHER SCIENTIFIC
INTERNATIONAL, INC.**

represented by **MARC SCOTT GAFFREY**
HOAGLAND, LONGO, OROPOLLO
& MORAN, ESQS.
40 PATERSON STREET
PO BOX 480
NEW BRUNSWICK, NJ 08903
(732) 545-4717
Email: mgaffrey@hoaglandlongo.com
*ATTORNEY TO BE NOTICED*

**SHAZIA CHAUDHRI DE WIT**
HOAGLAND LONGO
40 PATERSON STREET
NEW BRUNSWICK, NJ 08903
732-545-4717
Email: scdewit@hoaglandlongo.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**VWR INTERNATIONAL, LLC.**     represented by   **STEVEN ALLEN WEINER**
O'TOOLE FERNANDEZ WEINER
VAN LIEU LLC
60 Pompton Ave
Verona, NJ 07044
973-239-5700
Fax: 973-239-3400
Email: sweiner@ofwvlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**AMERICAN OPTICAL
CORPORATION**     represented by   **JACK N. FROST , JR.**
DRINKER BIDDLE & REATH LLP
500 CAMPUS DRIVE
FLORHAM PARK, NJ 07932
973-549-7338
Email: jack.frost@dbr.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**AKZO NOBEL CHEMICALS, INC.**     represented by   **TIMOTHY J. FRASER**
DRINKER, BIDDLE & REATH, LLP
500 CAMPUS DRIVE
FLORHAM PARK, NJ 07932
(972) 360-1100
Email: timothy.fraser@dbr.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**COLE-PARMER INSTRUMENT
COMPANY**

**Defendant**

**HUNTSMAN CHEMICAL
COMPANY OF CANADA, INC.**

**Defendant**

**HUNTSMAN CHEMICAL
CORPORATION**

**Defendant**

**HUNTSMAN TIOXIDE AMERICAS INC.**

**Defendant**

**IMPERIAL CHEMICAL INDUSTRIAL, LTD.**

**Defendant**

**INGERSOLL-RAND COMPANY**

**Defendant**

**MAGID GLOVE**

**Defendant**

**THOMAS SCIENTIFIC**

**Defendant**

**WILL SCIENTIFIC**

**Defendant**

**JOHN DOE CORPORATIONS, 1-50**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2011 | 1 | NOTICE OF REMOVAL by BAXTER HEALTHCARE CORPORATION, FISCHER SCIENTIFIC INTERNATIONAL, INC., VWR INTERNATIONAL, LLC. from SUPERIOR COURT OF NJ, MIDDLESEX COUNTY, case number MID-L-005134-10. ( Filing fee $ 350 receipt number 3801432) (Attachments: # 1 Certificate of Service, # 2 Civil Cover Sheet, # 3 Declaration, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit A, # 32 Exhibit B, # 33 Exhibit C, # 34 Exhibit D, # 35 Exhibit E, # 36 Exhibit F, # 37 Exhibit G)(rac, ) (Entered: 07/05/2011) |
| 06/28/2011 | 2 | Corporate Disclosure Statement by VWR INTERNATIONAL, LLC. identifying VWR FUNDING, INC., VWR INVESTORS, INC. as Corporate Parent.. (rac, ) (Entered: 07/05/2011) |
| 07/05/2011 | 3 | Corporate Disclosure Statement by FISCHER SCIENTIFIC INTERNATIONAL, INC. identifying Fisher Scientific Company L.L.C. as Corporate Parent.. (GAFFREY, MARC) (Entered: 07/05/2011) |
| 07/08/2011 | 4 | Corporate Disclosure Statement by BAXTER HEALTHCARE CORPORATION identifying Baxter International, Inc. as Corporate Parent.. (CARRERAS, LINA) (Entered: 07/08/2011) |

| 07/12/2011 | 5 | NOTICE by FISCHER SCIENTIFIC INTERNATIONAL, INC. (Attachments: # 1 Exhibit Courtesy Copy of Notice of Tag-Along Action, # 2 Exhibit Courtesy Copy Letter, # 3 Exhibit Courtesy Copy Notice of Removal, # 4 Certification Courtesy Copy Certification of Service)(GAFFREY, MARC) (Entered: 07/12/2011) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/13/2011 12:12:04 | | |
| **PACER Login:** | jp0001 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-03705-DMC -JAD Start date: 1/1/1970 End date: 7/13/2011 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS IAN BROWNBRIDGE and<br>MARGARET BROWNBRIDGE, his wife,<br><br>*Plaintiffs*,<br><br>v.<br><br>BAXTER HEALTHCARE CORPORATION,<br>Individually and as Successor-in-Interest to<br>American Hospital Supply Corp. and American<br>Scientific Products; FISHER SCIENTIFIC<br>INTERNATIONAL, INC.; VWR<br>INTERNATIONAL, LLC,<br><br>*Defendants*. | CIVIL ACTION NO.<br><br><br><br>**NOTICE OF REMOVAL** |

**TO:**   CHIEF JUDGE AND JUDGES OF
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**ON NOTICE TO:**

James C. Long, Jr., Esq.
Belluck & Fox LLP
546 Fifth Avenue, 4th Floor
New York, New York 10036
*Attorneys for Plaintiffs*

Deputy Clerk
Superior Court of New Jersey
Middlesex County Courthouse
56 Paterson Street
P.O. Box 964
New Brunswick, New Jersey 08903

Jennifer M. Perez
Clerk of the Superior Court of New Jersey
Hughes Justice Complex
25 West Market Street
Trenton, New Jersey

PLEASE TAKE NOTICE THAT defendants VWR International, LLC ("VWR"), Fisher Scientific Company L.L.C (improperly named as "Fisher Scientific International Inc.") ("Fisher Scientific") and Baxter Healthcare Corporation ("Baxter") (collectively, "Defendants"), by and through their undersigned attorneys, hereby remove this civil action from the Superior Court of New Jersey, Middlesex County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C § 1332, on the following grounds:

1.     On July 13, 2010, plaintiffs Thomas Ian Brownbridge and Margaret Brownbridge ("Plaintiffs") filed a Complaint in the Superior Court of New Jersey, County of Middlesex, under Docket No. MID-L-5134-10, *Thomas Ian Brownbridge, et al. v. American Optical Corporation, et al.* ("State Court Action"). The Complaint asserts claims against 13 defendants[1] and alleges that Mr. Brownbridge was exposed to asbestos-containing products manufactured and/or supplied by defendants and, as a result, developed mesothelioma. ("Complaint"). A true and complete copy of the Complaint is attached hereto as **Exhibit A**.

2.     This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b) on removal of cases to the district courts of the United States. As shown below, Plaintiffs informed the Court on June 8, 2011, that they are dismissing their claims against all defendants except VWR, Fisher Scientific and Baxter; a June 9, 2011 letter from Plaintiffs' counsel identified VWR, Fisher Scientific and Baxter as the only remaining defendants; complete diversity of citizenship exists between Plaintiffs and

---

[1] On September 17, 2010, Plaintiffs filed a First Amended Complaint naming Akzo Nobel Chemicals, Inc. as an additional defendant. Plaintiffs subsequently agreed to dismiss with prejudice all claims against Akzo Nobel Chemicals, Inc. On February 1, 2011, the Hon. Ann. G. McCormick, J.S.C. entered an Order dismissing with prejudice all claims and crossclaims against Akzo Nobel Chemicals, Inc.

VWR, Fisher Scientific and Baxter;  VWR, Fisher Scientific and Baxter are not citizens of New Jersey; and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Hence, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and it is removable pursuant to 28 U.S.C. §§ 1441(a) and 1446(b).

3.     Because this case was not initially removable based on the allegations in the Complaint, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days from the date on which Defendants were first able to ascertain that this case was removable.  Furthermore, this case is being removed to this Court within one year of the commencement of the State Court Action.

<b><u>There Is Complete Diversity of Citizenship</u></b>

4.     During a June 8, 2011 Case Management Conference before Special Master Agatha N. Dzikiewicz, James C. Long, Jr., Esq., counsel for Plaintiffs, informed the Court that Plaintiffs are dismissing their claims against all defendants except for VWR, Fisher Scientific and Baxter.  (*Declaration of Gary Van Lieu*, dated June 28, 2011, attached hereto as **Exhibit E**, at ¶ 2; *Declaration of Shazia Chaudhri deWit*, dated June 28, 2011, attached hereto as **Exhibit F**, at ¶ 2; and *Declaration of Kristopher J. Stark*, dated June 28, 2011, attached hereto as **Exhibit G**, at ¶ 3.)

5.     By letter dated June 9, 2011, Mr. Long responded to several discovery issues raised by Kristopher J. Stark, Esq., counsel for Baxter.  Mr. Long's letter was copied to "All Remaining Defendants (See attached Service Rider)."  The attached rider indicated that the only remaining defendants are Baxter, Fisher Scientific and VWR.  A true and complete copy of the June 9, 2011 letter is attached hereto as **Exhibit B**.

6.   Even if Plaintiffs have not filed the stipulations of dismissal for the other 10 defendants to the State Court Action (collectively, the "Dismissed Defendants"), Plaintiffs clearly have demonstrated – both in open Court and in writing – that they do not intend to prosecute their claims against the Dismissed Defendants.   Therefore, the citizenship of the Dismissed Defendants can be disregarded for jurisdictional purposes because they are fraudulently joined and are nominal parties with no real interest in the litigation.   *See In re: Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006); *Lior v. Sit*, 913 F. Supp. 868, 877 (D. N.J. 1996) citing *Bumberger v. Insurance Co. of North America*, 952 F.2d 764, 767 (3d Cir 1991)(stating that "the citizenship of nominal parties is not considered in determining whether complete diversity exists.").

7.   Upon information and belief, plaintiffs Thomas Ian Brownbridge and Margaret Brownbridge are citizens of Florida.

8.   Defendant VWR International, LLC is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania. (Exhibit E, at ¶ 5).

9.   Defendant Fisher Scientific Company L.L.C. is, and at the time of the filing of the State Court Action was, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania. (Exhibit F, at ¶ 5).

10.   Defendant Baxter Healthcare Corporation is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Illinois. (Exhibit G, at ¶ 6).

11.   The citizenship of fictitious defendants is ignored for purposes of removal. 28 U.S.C. § 1441(a).

12.   Pursuant to 28 U.S.C. § 1332, as amended, complete diversity of citizenship therefore exists between Plaintiffs and Defendants.

### The Amount in Controversy Exceeds $75,000

13.   New Jersey Court Rule 4:5-2 provides, in relevant part, that "[i]f unliquidated money damages are claimed in any court, other than the Special Civil Part, the pleading shall demand damages generally without specifying the amount." Consistent with R. 4:5-2, the Complaint does not contain a prayer for a specified amount of damages.

14.   Plaintiffs' Complaint claims that Mr. Brownbridge used and/or was exposed to asbestos-containing products manufactured or supplied by Defendants and, as a result, developed mesothelioma. (Exhibit A, at ¶¶ 1, 3 & 8.) Plaintiffs also allege that Mr. Brownbridge "has been and will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services; has been and will in the future be prevented from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss." (Exhibit A, at ¶ 8.)

15.   The Third Circuit's decision in *Angus v. Shiley*, 989 F.2d 142 (3d Cir. 1992), is instructive.   In *Angus*, the Third Circuit affirmed denial of remand in a previously removed products liability action even where plaintiff's implanted heart valve had *not* malfunctioned, and she had essentially alleged emotional distress injuries and the like and had stated in her remand motion that "she 'hereby stipulates that her damages do

not exceed the [then-jurisdictional minimum] sum of $50,000.00.'" *Id.* at 143-44. The

Court observed:

> Assuming, as Angus's [*sic*] urges us to do, that the complaint asserts only
> two claims, one for compensatory damages in excess of $20,000 and one
> for punitive damages in excess of $20,000, we find, as did the district
> court, that the jurisdictional minimum is met.   Contrary to Angus's
> contention, the amount in controversy is not measured by the low-end of
> an open-ended claim, but rather by a reasonable reading of the value of the
> rights being litigated. Here, Angus's complaint seeks *at least* $40,000 in
> compensatory and punitive damages. Given that the complaint does not
> limit its request for damages to a precise monetary amount, the district
> court properly made an independent appraisal of the value of the claim,
> and reasonably found that the actual amount in controversy exceeded
> $50,000 for there can be no doubt that a reasonable jury likely could have
> valued Angus's losses at over $50,000.

*Id.* at 145-46 (Emphasis in original) (Internal quotations omitted).

16.   Similarly, in the case at bar, there can be no doubt that a reasonable

reading of the rights being litigated by Plaintiffs' open-ended compensatory and punitive

damages claims here, where the alleged injuries extend considerably beyond those

alleged in *Angus*, exceed the current jurisdictional minimum of $75,000. *See Faltaous v.*

*Johnson and Johnson*, 2007 WL 3256833, 6 (D. N.J. 2007) citing *Pollock v. Trustmark*

*Ins. Co.*, 367 F. Supp. 2d 293, 297 (E.D. N.Y. 2005) ("Where there is no dollar amount

alleged in the complaint and the action is in federal court by a notice of removal.... The

Court first looks to the complaint, and then to the moving papers, and then to anything

else.")

17.   On or about March 3, 2011, Plaintiffs' counsel, Mr. Long, provided

written settlement demands to counsel for each Defendant.   (Exhibit E, at ¶ 7; Exhibit F,

at ¶ 7; Exhibit G, at ¶ 8).  Plaintiffs' settlement demands to each Defendant are well in

excess of the $75,000 jurisdictional minimum.

6

18.     Mr. Long propounded the aforementioned settlement demands pursuant to "Case Management Order I" which required that "Settlement demands shall be served on all counsel and the Special Master." A true and complete copy of Case Management Order I dated December 21, 2010 is attached hereto as **Exhibit C**. On their face, each formal settlement demand demonstrates that the requisite amount in controversy has been established.

19.     In addition to Plaintiffs' counsel's written settlement demands, counsel for Defendants have reviewed reports of verdicts and settlements in cases in this judicial district in actions claiming injuries of the nature alleged by Plaintiffs from alleged exposure to asbestos. Based on that review, it is reasonably believed that if Plaintiffs succeeded in proving their allegations in this action, they would recover in excess of $75,000, exclusive of interest and costs. (Exhibit E, at ¶ 8; Exhibit F, at ¶ 8; Exhibit G, at ¶ 9).

## This Notice of Removal Is Timely

20.     This case was not initially removable because certain of the Dismissed Defendants are citizens of New Jersey.

21.     Because this case was not initially removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b).

22.     Mr. Long's statement in open Court during the June 8, 2011 case management conference was the first notice Defendants received that complete diversity

7

existed and that this case was removable.  (Exhibit E, at ¶ 3 ; Exhibit F, at ¶ 3; Exhibit G, at ¶ 4.)

23.     Mr. Long's in-court statements of June 8, 2011 were confirmed through his June 9, 2011 letter, which was sent only to counsel for VWR, Fisher Scientific and Baxter, and referred to those entities as "All Remaining Defendants." (*See* Exhibit B).

24.     The one year anniversary of the filing of the Complaint is July 13, 2011. The thirtieth day after Defendants first received notice that Plaintiffs did not intend to prosecute their claims against the Dismissed Defendants is July 8, 2011.  Accordingly, Defendants filing of this Notice of Removal on June 28, 2011 is timely pursuant to 28 U.S.C. § 1446(b).

25.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is simultaneously being served on Plaintiffs' counsel and being filed with the Deputy Clerk of the Superior Court of New Jersey, Middlesex County.  (Exhibit E, at ¶ 9).  A true and complete copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

## All Remaining Defendants Have Consented To Removal

26.     On June 8, 2011, Plaintiffs' counsel formally advised the Court and all parties to the State Court Action that Plaintiffs are dismissing their claims against all parties except for Defendants.

27.     Mr. Long's June 9, 2011 letter, which was solely sent to counsel for Defendants, identified VWR, Fisher Scientific and Baxter as "All Remaining Defendants." (*See* Exhibit B).

8

28. Even if Plaintiffs have not yet filed the stipulations of dismissal for the Dismissed Defendants – a filing which Plaintiff's counsel indicated in open Court would be forthcoming – the consent of fraudulently joined defendants is not required. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995). Thus, only Defendants are required to consent to the removal of this action.

29. Defendants also do not need the consent of the Dismissed Defendants for removal as, for the reasons stated above, the Dismissed Defendants are nominal parties without any real interest in this litigation. *See e.g. Creed v. Comm of Virginia*, 596 F. Supp. 930, 934 (E.D. Va. 2009) citing *Bellone v. Roxbury Homes, Inc.,* 748 F. Supp. 434, 436 (W.D. Va. 1990) ("One exception to the rule of unanimity is that the defendant seeking removal does not need the consent of a codefendant present in the case as 'merely a nominal or formal party.")

30. Defendants have jointly moved for removal, thereby satisfying the unanimity requirement.

## Conclusion

31. This action is one over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds \$75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1446(b), Defendants have timely filed this Notice of Removal within thirty days of first receiving notice that this case was removable and within one year of the commencement of the State Court Action. This action thus may be removed to this Court pursuant 28 U.S.C. § 1441(a).

9

32.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Defendants in the State Court Action are attached to the Declaration of Steven A. Weiner, filed contemporaneously herewith.

Dated: June 28, 2011                    Respectfully submitted,


                        **O'TOOLE FERNANDEZ WEINER VAN LIEU**

                              /s/   Steven A. Weiner
                        By:    Steven A. Weiner
                               60 Pompton Avenue
                               Verona, NJ 07044
                               (973) 239-5700
                               Fax (973) 239-3400
                               sweiner@ofwvlaw.com

                               *Attorneys for Defendant*
                               *VWR International, LLC*

                        **HOAGLAND LONGO MORAN DUNST &
                        DOUKAS, LLP**


                        By:    Shazia Chaudhri deWit
                               40 Paterson Street
                               P.O. Box 480
                               New Brunswick, New Jersey 08903
                               (732) 545-4717
                               Fax: (732) 545-4579
                               schaudhridewit@hoaglandlongo.com

                               *Attorneys for Defendant*
                               *Fisher Scientific Company L.L.C.*


10

Case 2:11-cv-03705-DMC -JAD   Document 1   Filed 06/28/11   Page 11 of 11 PageID: 11

**MARON, MARVEL, BRADLEY &
ANDERSON, P.A.**

By:     <u>     /s/   Andrew Constantine, II  </u>
         Andrew Constantine, II
         75 Montgomery Street, Suite 200
         Jersey City, New Jersey 07302
         (302) 425-5177
         Fax: (302) 425-0180
         ac@maronmarvel.com

         *Attorneys for Defendant*
         *Baxter Healthcare Corporation*

11

# EXHIBIT A

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS

                    DATE:   JULY 15, 2010
                    RE:     BROWNBRIDGE THOMAS VS AMERICAN OPTICAL CORP
                    DOCKET: MID L -005134 10

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON ANN G. MCCORMICK

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     005
AT:  (732) 519-3711 EXT 3711.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         MARGARET BROWNBRIDGE

                                        00000


JUDMJ

**BELLUCK & FOX LLP**
*A New York Professional Corporation*
546 Fifth Avenue, 4th Floor
New York, New York 10036
(212) 681-1575
*Attorneys for Plaintiffs*

| | |
|---|---|
| THOMAS IAN BROWNBRIDGE and MARGARET BROWNBRIDGE, his wife,<br><br>          Plaintiffs,<br><br>v.<br><br>AMERICAN OPTICAL CORPORATION; BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products; COLE-PARMER INSTRUMENT COMPANY; FISHER SCIENTIFIC INTERNATIONAL, INC.; HUNTSMAN CHEMICAL COMPANY OF CANADA, INC.; HUNTSMAN CHEMICAL CORPORATION; HUNTSMAN TIOXIDE AMERICAS INC.; IMPERIAL CHEMICAL INDUSTRIAL, LTD.; INGERSOLL-RAND COMPANY; MAGID GLOVE; THOMAS SCIENTIFIC; VWR INTERNATIONAL; WILL SCIENTIFIC and JOHN DOE CORPORATIONS, 1-50.<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br>     **L 5134-10**<br>Docket No. L-   -AS<br><br>CIVIL ACTION<br>(ASBESTOS LITIGATION)<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL, DEMAND FOR ANSWERS TO INTERROGATORIES and DESIGNATION OF TRIAL COUNSEL** |

Plaintiffs, THOMAS IAN BROWNBRIDGE and MARGARET BROWNBRIDGE, his

wife, residing at 1535 Brigaten Court, Gulf Breeze, Florida, Santa Rosa County, State of Florida,

by way of the Complaint against the defendants named herein, allege as follows:

## FIRST COUNT

1.    Plaintiff, THOMAS IAN BROWNBRIDGE, was occupationally exposed to

asbestos for many years including but not limited to, 1954 to 2003 when he worked as a

laboratory technician and a senior staff scientist at Sadlers, British Titan Product, NL Industries, and Kerr-McGee.

2.    Defendants, AMERICAN OPTICAL CORPORATION; BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products; COLE-PARMER INSTRUMENT COMPANY; FISHER SCIENTIFIC INTERNATIONAL, INC.; HUNTSMAN CHEMICAL COMPANY OF CANADA, INC.; HUNTSMAN CHEMICAL CORPORATION; HUNTSMAN TIOXIDE AMERICAS INC.; IMPERIAL CHEMICAL INDUSTRIAL, LTD.; INGERSOLL-RAND COMPANY; MAGID GLOVE; THOMAS SCIENTIFIC; VWR INTERNATIONAL; WILL SCIENTIFIC and JOHN DOE CORPORATIONS, 1-50 (hereinafter collectively referred to as "defendants" or "defendant manufacturers"), are corporations or other business entities organized under the laws of the various states of the United States of America and/or the Dominion of Canada, and doing business in New Jersey.

3.    Defendants are and at all times referred to in this Complaint were producers, manufacturers, suppliers, and/or distributors of raw asbestos, asbestos fiber, and/or asbestos-containing products including, but not limited to, cement, cloth, sheets, tubing, taping, adhesive, roofing paper, pipe covering, block insulation, spray, wicking, rope, blankets, refractories, fireproofing, brakes, clutches, packing, gaskets, gloves, guaze pads, tongs, furnaces and boards which were supplied to decedent's employer(s) and/or workplace(s) over a period of years encompassing plaintiff's employment.

4.    Defendants knew or in the exercise of reasonable care should have known that plaintiff was continuously working with and exposed to asbestos products containing asbestos, asbestos fibers and asbestos dust, which were mined, milled, manufactured, produced, processed,

- 2 -

imported, converted, compounded, supplied, distributed, sold and/or otherwise placed in the stream of commerce by these defendants for use at plaintiffs' place of residence.

5.     Defendants named herein have long been in possession of medical and scientific information which clearly indicated that asbestos, asbestos fibers and asbestos dust are hazardous to health and inherently dangerous materials.

6.     Defendants were careless, negligent and reckless in that they:

(a)     wrongfully processed, manufactured, packaged, distributed, used, delivered, and sold to distributors and builders asbestos products for use in residences, including in particular plaintiff's residence;

(b)     failed to provide proper, adequate, correct and appropriate warnings, labels, advice, cautions, instructions, and information as to the use of and consequences of exposure to asbestos, its fibers and dusts and failed to use reasonable care as to same;

(c)     failed to provide proper and appropriate warnings and cautions to all users of said asbestos products, fibers and dusts, both known and foreseeable, including plaintiff; and

(d)     failed to investigate, impose and comply with reasonable standards and regulations as to the safe use of and exposure to asbestos, asbestos fibers, and asbestos dust.

7.     Defendant's actions prevented Plaintiff's employer from education and protecting Plaintiff on the dangers of asbestos.

8.     As a direct and proximate result of the aforementioned acts, omissions, carelessness and/or negligence on the part of defendants, plaintiff THOMAS IAN BROWNBRIDGE has become ill with an asbestos-related disease, including Mesothelioma. Plaintiff has been and will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money

- 3 -

for medical services; has been and will in the future be prevented from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

WHEREFORE, plaintiffs demand judgment against defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

### SECOND COUNT

9.      All previous paragraphs of this Complaint are repeated as if fully set forth herein.

10.     The conditions set forth in the previous paragraphs of this Complaint were proximately caused by the defendants in that they wrongfully processed, manufactured, packaged, distributed, used, supplied, delivered, and/or sold to distributors,  various asbestos products containing asbestos fibers, asbestos dust and the like, and failed to render proper, adequate and correct warnings, advice, instruction, and information, and so acted in a grossly negligent, malicious, willful and wanton manner, with reckless disregard for the health and welfare of plaintiff and others similarly situated, and failed to use reasonable care under all of the circumstances.

11.     As a direct and proximate result of the aforementioned acts and/or omissions of a gross, willful, wanton and malicious nature on the part of the defendants, plaintiff THOMAS IAN BROWNBRIDGE has become ill with an asbestos-related disease, including Mesothelioma. Plaintiff has been and will be in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services; has been and will in the future be prevented from attending to his

- 4 -

regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

WHEREFORE, plaintiffs demand judgment against defendants jointly, severally and/or in the alternative for such damages, both compensatory and punitive, as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

## THIRD COUNT

12.    All previous paragraphs of this Complaint are repeated as if fully set forth herein.

13.    At all times relevant hereto, the defendants, as a part of their businesses, manufactured, processed, fashioned, sold, distributed, supplied, and delivered asbestos and asbestos products into the stream of commerce in a defective, unsafe and inherently dangerous condition in that, among other things, adequate warnings, instructions and precautions were not given to known and foreseeable users and handlers, including plaintiff, and the products and materials were expected to and did reach such persons, including plaintiff, without substantial change in the condition in which they were sold.

14.    At all times relevant hereto, the asbestos products and materials were used and employed for the purposes for which they were mined, processed and manufactured, designed, fashioned, packaged, inspected, tested, sold and intended to be used, and in a manner foreseeable to these defendants.

15.    The injuries and resulting damages to plaintiff were caused by the defective, unsafe and dangerous condition of the asbestos products and materials which defendants distributed, supplied, sold, and otherwise placed in the stream of commerce.

- 5 -

16.     As a direct and proximate result of the aforementioned marketing of defective products by defendants, thereby imposing strict liability upon these defendants, plaintiff THOMAS IAN BROWNBRIDGE has become ill with an asbestos-related disease, including Mesothelioma.  Plaintiff has been and will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services; has been and will in the future be prevented from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

WHEREFORE, plaintiffs demand judgment against defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

### FOURTH COUNT

17.     All previous paragraphs of this Complaint are repeated as if fully set forth herein.

18.     Defendants warranted either expressly or impliedly that said asbestos products and materials were of merchantable quality, fit and safe for the purpose for which they were mined, processed, manufactured, fashioned, packaged, inspected, tested, distributed, sold, intended and used.

19.     Defendants breached said warranties in that said asbestos products and materials were not of merchantable quality, fit and safe for the purposes for which they were mined, processed, manufactured, fashioned, packaged, inspected, tested, distributed, sold, intended and used in that, among other things, adequate warnings, precautions and instructions were not provided to users, handlers and persons coming into contact with said products.

- 6 -

20.     As a direct and proximate result of the breach of said warranties, plaintiff
THOMAS IAN BROWNBRIDGE has become ill with an asbestos-related disease, including
Mesothelioma.  Plaintiff has been and will in the future be made to endure great pain and
suffering, both physical and mental in nature; has been and will in the future be required to
expend great sums of money for medical services; has been and will in the future be prevented
from attending to his regular activities, duties and responsibilities; and has been and will in the
future be made to suffered severe pecuniary loss.

WHEREFORE, plaintiffs demand judgment against defendants jointly, severally and/or
in the alternative for such damages as may be permitted pursuant to the laws of the State of New
Jersey, together with interest thereon, costs of suit, and attorney fees.

## FIFTH COUNT

21.     All previous paragraphs of this Complaint are repeated as if fully set forth herein.

22.     Plaintiff THOMAS IAN BROWNBRIDGE was exposed to one or some of a
number of substantially similar asbestos-containing products used in substantially similar fashion
during a period or periods of time many years past.

23.     Consequently, through circumstances beyond plaintiff's control, it cannot be
determined which specific producer(s), manufacturer(s), supplier(s) and/or distributor(s) of
asbestos-containing products caused plaintiff's aforementioned injuries.

24.     Defendants are all producers, manufacturers, suppliers and/or distributors of
substantially similar asbestos-containing products and they represent a substantial share of the
relevant market of all producers, manufacturers, suppliers and/or distributors of such asbestos-
containing products to which plaintiff was exposed.

- 7 -

WHEREFORE, plaintiff demands judgment against defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit and attorney fees.

### SIXTH COUNT

25.     All previous paragraphs of this Complaint are repeated as if fully set forth herein.

26.     At all times relevant hereto, defendants, owned, possessed, occupied, maintained and/or supervised the premises on which plaintiff THOMAS IAN BROWNBRIDGE was working owed plaintiff and others a duty to provide proper management, control, maintenance, supervision, repair and general safekeeping of the premises, including a duty to avoid, remediate and/or warn of hazardous and dangerous conditions and to provide a safe place for plaintiff to work.

27.     The premises on which plaintiff was working were so negligently and carelessly maintained as to allow an unsafe, dangerous and hazardous condition, resulting in plaintiff's exposure to asbestos fibers and development of asbestos-related disease.

28.     Defendants had actual and/or constructive notice of the dangerous and hazardous condition of property on which plaintiff was working, knew or should have known that such a dangerous and hazardous condition created a reasonably foreseeable risk of injury to workers and others in that area through exposure to asbestos, and had sufficient time and opportunity to have taken measures to protect against plaintiff's injury.

29.     Defendants were under a duty to take reasonable actions to guard against the risk of injury presented by the aforesaid dangerous and hazardous condition of property, but failed and neglected to act in a reasonable and appropriate manner.

- 8 -

30.   Defendants were careless and negligent in that they caused and/or permitted an unsafe, dangerous and hazardous condition and/or defect to exist on the aforesaid premises, failed to properly inspect, maintain, repair and/or warn of a known dangerous and hazardous condition of property under their ownership, possession or control, and were in other ways careless and negligent in the maintenance and control of the aforesaid property.

31.   As a direct and proximate result of the aforementioned acts, omissions, carelessness and/or negligence on the part of defendants, plaintiff, THOMAS IAN BROWNBRIDGE became ill from an asbestos-related disease, including Mesothelioma. Plaintiff had been made to endure great pain and suffering, both physical and mental in nature; had been required to expend great sums of money for medical services; had been prevented from attending to his regular activities, duties and responsibilities; and had been made to suffered severe pecuniary loss.

WHEREFORE, plaintiffs demand judgment, both compensatory and punitive, against defendants jointly, severally and/or in the alternative, for such damages both compensatory and punitive as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit and attorney fees.

## SEVENTH COUNT

32.   All previous paragraphs of this Complaint are repeated as if fully set forth herein.

33.   At all times relevant hereto, plaintiff MARGARET BROWNBRIDGE was and is the wife of plaintiff THOMAS IAN BROWNBRIDGE and was and is entitled to his care, comfort, companionship, services, advice, guidance, counsel and consortium.

34.   As a direct and proximate result of the negligence, wanton and willful acts, marketing of defective products and/or breach of warranty by defendants, plaintiff MARGARET

- 9 -

BROWNBRIDGE has been and will in the future be deprived of the care, comfort, companionship, services, advice, guidance, counsel and consortium of her husband.

WHEREFORE, plaintiffs demand judgment against defendants jointly, severally, and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

**BELLUCK & FOX LLP**
*A New York Professional Corporation*
*Attorneys for Plaintiffs*

Dated: June 18, 2010

By: _____
James Long, Esq.

- 10 -

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

**BELLUCK & FOX LLP**
*A New York Professional Corporation*
*Attorneys for Plaintiffs*

Dated: June 18, 2010

By: _____
James Long, Esq.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, James Long is hereby designated as trial counsel in this matter.

**BELLUCK & FOX LLP**
*A New York Professional Corporation*
*Attorneys for Plaintiffs*

Dated: June 18, 2010

By: _____
James Long, Esq.

## DEMAND FOR INTERROGATORIES

Pursuant to the Asbestos Litigation General Order dated January 25, 1982, the plaintiff hereby demands that the above listed defendants answer Standard Interrogatories in the form prescribed by the Court and within the time provided by the above referenced Order. A copy of the Standard Interrogatories are contained in the Asbestos Manual and may be obtained from the Clerk or by visiting the following website: http://www.judiciary.state.nj.us/mass-tort/asbestos .

**BELLUCK & FOX LLP**
*A New York Professional Corporation*
*Attorneys for Plaintiffs*

Dated: June 18, 2010

By: _____
James Long, Esq.

- 11 -

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to my knowledge the within matter in controversy is not the subject

of any other action pending in any court or of a pending arbitration proceeding, and that no other

action or arbitration proceeding is contemplated. I have no knowledge at this time of any non-

party who should be joined in this action.

**BELLUCK & FOX LLP**
*A New York Professional Corporation*
*Attorneys for Plaintiffs*

Dated: June 18, 2010               By: _____

James Long, Esq.

# EXHIBIT B

# ▪▪ BELLUCK & FOX ᴸᴸᴾ

546 Fifth Avenue, 4th Floor, New York, New York 10036
Tel (212) 681-1575 Fax (212) 681-1574
www.belluckfox.com·

June 9, 2011

**RECEIVED**

JUN 1 3 2011

DRINKER BIDDLE
& REATH LLP

**Via Regular Mail:**

Kristopher J. Stark, Esq.
Ungaretti & Harris
3500 Three First National Plaza
700 West Madison - Suite 3500
Chicago, Illinois 60602-4224

> Re:  **Thomas & Margaret Brownbridge v. American Optical Corp., et al.**
> **Superior Court of New Jersey, Middlesex County**
> **Docket No.: L-5134-10**

Dear Kris:

This letter is being written in response to your letter of June 7 which alleges certain deficiencies in Plaintiffs' responses to your client's interrogatories. Following is our reply to each of the alleged deficiencies:

1. As you noted in your letter, Ian Brownbridge testified over two days with his testimony generating transcripts of almost 500 pages. All of his exposures to your client's asbestos-containing products were covered, including the types of products, job sites at which the exposures occurred, and the estimated dates of those exposures. Plaintiff has no additional information to provide.

2. Plaintiffs are not withholding anything. Dr. Barry Castleman has testified on hundreds of occasions. Transcripts of his testimony are readily available and his opinions about the so-called "state of the art" are well-established. There are 932 exhibits on our "State of the Art" list and we are not going to furnish you with copies of all of them. If you are unable to locate a representative sample of Dr. Castleman's prior testimony, please so advise me and I will provide you with a transcript from a recent trial.

3. Despite the fact that Baxter "cannot contemplate" how Plaintiffs' counsel believes that its correspondence with other defendants in this action is not discoverable, Plaintiffs' counsel declines to turn over any such correspondence in the absence of an Order by the Court to do so.

4. Ian Brownbridge has already testified about a settlement with Owens-Illinois that was negotiated by The David Law Firm. No other bankruptcy or administrative claims have been filed on Plaintiffs' behalf. In addition, so far as Plaintiffs' counsel is aware, Ian Brownbridge was never shown any catalogs of defendants' products by The David Law Firm but only by trial counsel, Belluck & Fox. Plaintiffs' trial counsel believes that the testimony of Ian Brownbridge to the contrary is erroneous.

5. Defendant Baxter is not entitled to the items that it requests in its Document Request #31 which is harassing and over-reaching. Consequently, Plaintiff declines to comply with this request.

Thank you for your attention to this matter.

Very truly yours,
BELLUCK & FOX, LLP

James C. Long, Jr.

cc: All Remaining Defendants (See attached Service Rider)

## BROWNBRIDGE V. AMERICAN OPTICAL CORP., ET.AL.
### SERVICE LIST

| | | |
|---|---|---|
| Andrew Constantine, Esq.<br>Maron, Marvel, Bradley &<br>Anderson<br>75 Montgomery Street<br>Suite 200<br>Jersey City, New Jersey 07302<br><u>Appeared at depo:</u><br>Kristopher J. Stark, Esq.<br>Ungaretti & Harris<br>3500 Three First National Plaza<br>Chicago, Illinois 60602 | Baxter Healthcare<br>Corporation (American<br>Scientific) | T- (201) 369-9000<br>F- (201) 369-0800<br>ac@maronmarvel.com |
| Wendy Kagan, Esq.<br>Hoagland Longo Moran Dunst &<br>Doukas<br>40 Patterson Street, Box 480<br>New Brunswick, New Jersey<br>08903<br><u>Appeared at depo:</u><br>John T. Williams, Esq.<br>Hinkhouse Williams Walsh<br>180 N. Stetson Avenue<br>Suite 3400<br>Chicago, Illinois 60601 | Fisher-Scientific<br>International, Inc. | T- (732) 545-4717<br>F- (732) 545-4579<br>wkagan@hoaglandlongo.<br>com |
| Timothy Fraser, Esq.<br>Drinker, Biddle & Reath<br>500 Campus Drive<br>Florham Park,<br>New Jersey 07932<br>-and-<br>Michael P. Pulliam, Esq.<br>Drinker, Biddle & Reath<br>50 Fremont Street<br>San Francisco, California 94105 | VWR International<br>and<br>Will Scientific | T- (973) 549-7265<br>F- (973) 360-9831<br>timothy.fraser@dbr.com<br><br>-and-<br>T- (415) 591-7634<br>F- (415) 591-7510 |

# EXHIBIT C

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
**ASBESTOS LITIGATION**

THOMAS & MARGARET BROWNBRIDGE,

     *Plaintiff(s),*

 vs.

AMERICAN OPTICAL CORP., et al

     *Defendant(s).*

**Docket No:** L-5134-10 (AS)


**Civil Action**

**CASE MANAGEMENT ORDER I**

This matter coming on for a Case Management Conference with Special Master, Agatha N. Dzikiewicz,

on *December 17, 2010* and the following firms appearing:

| Belluck & Fox | James Long, Esq. | Plaintiff(s) |
|---|---|---|
| Drinker Biddle | Jack N. Frost Jr., Esq. | American Optical |
| Drinker Biddle | Timothy J. Fraser, Esq. | VWR International, LLC; Akzo Nobele Chemicals |
| Hoagland Longo | Nora Grimbergen, Esq. | Fisher Scientific |
| Maron Marvel | Andrew Constantine, Esq. | Baxter |
| Marshall Dennehey | Paul Johnson, Esq. | Thomas Scientific |
| McGivney Kluger | Thomas McNulty, Esq. | Magid |
| Potters & Della Pietra | Robert Florsheim, Esq. | Cole Parmer Instrument |

IT IS on this **21st** day of **December, 2010** *effective from the conference date;*

ORDERED as follows:

Counsel receiving this Order through computerized electronic medium (E-Mail) shall be deemed by the court to have received a copy of the filed original court document. Any document served pursuant to this Order shall be deemed to be served by mail pursuant to *R.*1:5-2.

Defense counsel shall notify plaintiffs' counsel within thirty (30) days of the date of this Order if their client was incorrectly named in the Complaint. Counsel may be barred from raising this defense at a later time for failure to comply.

**DISCOVERY**

January 28, 2011     Defendants shall serve answers to standard interrogatories by this date.

January 21, 2011     Plaintiff shall propound supplemental interrogatories and document requests by this date.

February 18, 2011    Defendants shall serve answers to supplemental interrogatories and document requests by this date.

January 14, 2011    Defendants shall propound supplemental interrogatories and document requests by this date.

February 11, 2011    Plaintiff shall serve answers to supplemental interrogatories and document requests by this date.

March 31, 2011    Fact discovery, including depositions, shall be completed by this date. Plaintiff's counsel shall contact the Special Master within one week of this deadline if all fact discovery is not completed.

March 31, 2011    Depositions of corporate representatives shall be completed by this date.

## EARLY SETTLEMENT

January 31, 2011    Settlement demands shall be served on all counsel and the Special Master by this date.

March 22, 2011 @ 10:00am    Early settlement conference. All defense counsel shall appear with authority to negotiate settlement and have a representative authorized to negotiate settlement available by phone. Any request to be excused from the settlement conference shall be made to the Special Master no later than 4:00pm of the day prior to the conference.
*Case Management Conference to follow, if necessary.*

## SUMMARY JUDGMENT MOTION PRACTICE

April 1, 2011    Summary judgment motions limited to product identification issues shall be filed no later than this date.

April 29, 2011    Last return date for product identification summary judgment motions.

## MEDICAL DEFENSE

January 14, 2011    Any defendant wishing to present a medical defense shall advise all counsel of its intention by entering a Notice of Appearance of Defense Medical Counsel by this date. Any defendant who does not file such an appearance by this date may be foreclosed from asserting a medical defense.

February 18, 2011    Plaintiff shall serve additional medical expert reports by this date.

February 18, 2011    Plaintiff is to arrange for the transfer of pathology specimens and x-rays, if any, by this date.

March 31, 2011    Defendants shall identify its medical experts and serve medical expert reports, if any, by this date.

## LIABILITY EXPERT REPORTS

April 29, 2011    Plaintiff shall identify its liability experts and serve liability expert reports or a certified expert statement by this date or waive any opportunity to rely on liability expert testimony.

May 31, 2011          Defendants shall identify its liability experts and serve liability expert reports, if
                      any, by this date or waive any opportunity to rely on liability expert testimony.

## PRE-TRIAL AND TRIAL

To be scheduled       Final settlement conference.

June 27, 2011         Trial Date.

---

**Plaintiff's counsel shall serve a copy of this Order upon any additional counsel
immediately upon receipt.**

---

                                        /s/ Ann G. McCormick
                                        ANN G. McCORMICK, J.S.C.

cc:      Clerk, Mass Tort
         Brody Deposition Services
         Priority One

# EXHIBIT D

Case 2:11-cv-03705-DMC -JAD   Document 1-34   Filed 06/28/11   Page 2 of 3 PageID: 243

**O'TOOLE FERNANDEZ WEINER VAN LIEU**
60 Pompton Avenue
Verona, NJ 07044
(973) 239-5700
*Attorneys for Defendant, VWR International, L.L.C.*

| | |
|---|---|
| THOMAS IAN BROWNBRIDGE and MARGARET BROWNBRIDGE, his wife , | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY** |
| *Plaintiffs,* | **DOCKET NO: L-5134-10 AS ASBESTOS LITIGATION** |
| vs. | **CIVIL ACTION** |
| AMERICAN OPTICAL CORPORATION, *et al.*, | |
| *Defendants.* | **NOTICE OF FILING OF NOTICE OF REMOVAL** |

To:   **CLERK OF THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, MIDDLESEX COUNTY AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**.

PLEASE TAKE NOTICE that on June 28, 2011, Defendant VWR International, L.L.C. on behalf of VWR International, L.L.C., Baxter Healthcare Corporation and Fisher Scientific Company, LLC caused to be filed their **Notice of Removal** with the Clerk of the United States District Court for the District of New Jersey by filing a the same in that Court. A copy of said Notice of Removal is attached and hereby served upon you. Accordingly, pursuant to 28 U.S.C. § 1446(d), this Court may proceed no further in this action, unless and until the case is remanded.

Dated: June 28, 2011

s/_____
Steven A. Weiner
O'TOOLE FERNANDEZ WEINER VAN
LIEU, LLC
60 Pompton Avenue
Verona, NJ 07044
(973) 239-5700
*Attorneys for Defendant VWR International, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel for record by depositing copies of the same in the United States mail, first class postage prepaid, this 28th day of June 2011:

Mr. James Long
BELLUCK & FOX, LLP
546 Fifth Avenue, 4th Floor
New York, New York 10036
*Attorneys for Plaintiffs*

Shazia Chaudhri deWit
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
40 Paterson Street
New Brunswick, New Jersey 08901
*Attorneys for Defendant Fisher Scientific Company, L.L.C.*

Andrew Constantine, II
MARON MARVEL BRADLEY & ANDERSON, P.A.
1201 North Market Street, Suite 900
Wilmington, DE 19801
(302) 425-5177
*Attorneys for Defendant Baxter Healthcare Corporation*

Kristopher J. Stark, Esq.
Ungaretti & Harris
3500 Three First National Plaza
Chicago, IL 60602
*Attorneys for Defendant Baxter Healthcare Corporation*

s/
_____
Steven A. Weiner
O'TOOLE FERNANDEZ WEINER VAN LIEU, LLC
60 Pompton Avenue
Verona, NJ 07044
(973) 239-5700
*Attorneys for Defendant VWR International, LLC*

2

# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS IAN BROWNBRIDGE and MARGARET BROWNBRIDGE, his wife, | CIVIL ACTION NO. |
| *Plaintiffs,* | |
| v. | |
| BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products; FISHER SCIENTIFIC INTERNATIONAL, INC.; VWR INTERNATIONAL, LLC, | **DECLARATION OF GARY VAN LIEU IN SUPPORT OF NOTICE OF REMOVAL** |
| *Defendants.* | |

I, Gary Van Lieu, declare:

1.      I am an attorney licensed to practice in the State of New Jersey and am admitted to practice in the District of New Jersey. I am a partner at O'Toole Fernandez Weiner Van Lieu, attorneys for VWR International, LLC ("VWR") in this action. I make this declaration based on my personal knowledge, in support of Defendants' Notice of Removal of *Thomas & Margaret Brownbridge v. American Optical Corp., et al.*, Superior Court of New Jersey, Middlesex County, Docket No: L-5134-10 (AS) (the "State Court Action"), to this Court.

2.      On June 8, 2011, during a scheduled case management conference at which I was present, counsel for Plaintiffs, Mr. James Long, notified the State Court, Special Master, Agatha N. Dzikiewicz, and all parties in open Court that all defendants in the State Court action would be dismissed, with the exception of VWR, Fisher Scientific Company International, Inc. ("Fisher Scientific") and Baxter Healthcare Corporation ("Baxter").

3.      Mr. Long's statement in open Court during the June 8, 2011 case management conference was the first notice Defendants received that complete diversity of citizenship existed and that this case was removable.

4.      On June 9, 2011, Mr. Long confirmed in writing the representations he made the day before in open court. On June 9, 2011, Mr. Long provided a letter to counsel for Baxter, Mr. Kristopher J. Stark, Esq., responding to allegations of deficiencies in Plaintiffs' responses to Baxter's interrogatories.   This letter is addressed to Mr. Stark and carbon copied to "All Remaining Defendants (See attached Service Rider)." Mr. Long's June 9, 2011 letter, which is attached to the Notice of Removal as **Exhibit B**, includes a service list naming only counsel for VWR, Fisher Scientific and Baxter.

5.      Defendant VWR is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania.

6.      VWR consents to the removal of this action to this Court.

7.      On March 3, 2011, VWR received a written settlement demand from Plaintiffs' counsel, Mr. Long, in amount of $4,000,000 and well in excess of the $75,000 jurisdictional requirement. A true and complete copy of the settlement demand to VWR is attached hereto.

8.      I have reviewed reports of verdicts and settlements in cases in this judicial district, in actions claiming injuries of the nature alleged by Plaintiffs from alleged exposure to asbestos. Based on that review, it is reasonable to believe that if Plaintiffs succeeded in proving their allegations in this action, they would recover in excess of $75,000 exclusive of interest and costs.

9.      A true and complete copy of the Notice of Filing of the Notice of Removal is attached to the Notice of Removal as **Exhibit D.**  Promptly after filing the Notice of Filing of

2

Case 2:11-cv-03705-DMC -JAD   Document 1-35   Filed 06/28/11   Page 4 of 5 PageID: 248

Notice of Removal, counsel for VWR will serve that Notice on counsel for Plaintiff's and file a copy of the Notice of Filing of the Notice of Removal with the Superior Court of New Jersey, Middlesex County, as required under 28 U.S.C. § 1446(d).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Gary Van Lieu

June 28, 2011

3

Page 1 of 1

## Fraser, Timothy

| | |
|---|---|
| **From:** | James Long [jlong@belluckfox.com] |
| **Sent:** | Thursday, March 03, 2011 11:59 AM |
| **To:** | Fraser, Timothy |
| **Cc:** | Joe Belluck |
| **Subject:** | Brownbridge v. VWR Int'l |

Hey, Tim.  Hope you are well.

Plaintiffs' settlement demand for this case is $4M.

Jim

# EXHIBIT F

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS IAN BROWNBRIDGE and MARGARET BROWNBRIDGE, his wife, | CIVIL ACTION NO. |
| *Plaintiffs*, | |
| v. | |
| BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products; FISHER SCIENTIFIC INTERNATIONAL, INC.; VWR INTERNATIONAL, LLC, | **DECLARATION OF SHAZIA CHAUDHRI DEWIT IN SUPPORT OF NOTICE OF REMOVAL** |
| · *Defendants*. | |

I, Shazia Chaudhri deWit, declare:

     1.     I am an attorney licensed to practice in the State of New Jersey and am admitted to practice in the District of New Jersey. I am an associate at Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys for Fisher Scientific Company L.L.C (improperly named as "Fisher Scientific International Inc.") ("Fisher Scientific") in this action. I make this declaration based on my personal knowledge, in support of Defendants' Notice of Removal of *Thomas & Margaret Brownbridge v. American Optical Corp., et al.*, Superior Court of New Jersey, Middlesex County, Docket No: L-5134-10 (AS) (the "State Court Action"), to this Court.

     2.     On June 8, 2011, during a scheduled case management conference at which I was present, counsel for Plaintiffs, Mr. James Long, notified the State Court, Special Master, Agatha N. Dzikiewicz, and all parties in open Court that all defendants in the State Court action would be dismissed, with the exception of VWR International, LLC ("VWR"), Fisher Scientific and Baxter Healthcare Corporation ("Baxter").

3.      Mr. Long's statement in open Court during the June 8, 2011 case management conference was the first notice Defendants received that complete diversity of citizenship existed and that this case was removable.

4.      On June 9, 2011, Mr. Long confirmed in writing the representations he made the day before in open Court.  On June 9, 2011, Mr. Long provided a letter to counsel for Baxter, Mr. Kristopher J. Stark, Esq., responding to allegations of deficiencies in Plaintiffs' responses to Baxter's interrogatories.  This letter is addressed to Mr. Stark and carbon copied to "All Remaining Defendants (See attached Service Rider)."  Mr. Long's June 9, 2011 letter, which is attached to the Notice of Removal as **Exhibit B**, includes a service list naming only counsel for Baxter, Fisher Scientific and VWR.

5.      Fisher Scientific Company L.L.C. is, and at the time of the filing of the State Court Action was, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Pittsburgh, Pennsylvania.  While not the proper entity to this litigation, Fisher Scientific International Inc. is, and at the time of the filing of the State Court Action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Massachusetts.

6.      Fisher Scientific consents to the removal of this action to this Court.

7.      On March 3, 2011, Fisher Scientific received a written settlement demand from Plaintiffs' counsel, Mr. Long, in the amount of $4,000,000 and well in excess of the $75,000 jurisdictional requirement.  A true and correct copy of the settlement demand to Fisher Scientific is attached hereto.

8.      I have reviewed reports of verdicts and settlements in cases in this judicial district, in actions claiming injuries of the nature alleged by Plaintiffs from alleged exposure to asbestos.

2

Based on that review, it is reasonable to believe that if Plaintiffs succeeded in proving their allegations in this action, they would recover in excess of $75,000 exclusive of interest and costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Shazia Chaudhri deWit

Dated: June 28, 2011

3

## Williams, John T.

| | |
|---|---|
| **From:** | James Long [jlong@belluckfox.com] |
| **Sent:** | Thursday, March 03, 2011 10:57 AM |
| **To:** | Williams, John T. |
| **Cc:** | mgaffrey@hoaglandlongo.com |
| **Subject:** | FW: Brownbridge v. Fisher Scientific |

Hi, John.

I forgot to cc you on this.

Jim

---

**From:** James Long
**Sent:** Thursday, March 03, 2011 11:56 AM
**To:** 'mgaffrey@hoaglandlongo.com'
**Cc:** Joe Belluck
**Subject:** Brownbridge v. Fisher Scientific

Hi, Marc.

Plaintiff's settlement demand for this case is $4M.

Jim

1

# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS IAN BROWNBRIDGE and MARGARET BROWNBRIDGE, his wife, | CIVIL ACTION NO. |
| *Plaintiffs,* | |
| v. | |
| BAXTER HEALTHCARE CORPORATION, Individually and as Successor-in-Interest to American Hospital Supply Corp. and American Scientific Products; FISHER SCIENTIFIC INTERNATIONAL, INC.; VWR INTERNATIONAL, LLC, | **DECLARATION OF KRISTOPHER STARK IN SUPPORT OF NOTICE OF REMOVAL** |
| *Defendants.* | |

I, Kristopher J. Stark, declare:

     1.    I am an attorney licensed to practice in the State of Illinois and am admitted to practice in the Districts of Illinois and Colorado. I am an attorney at Ungaretti & Harris LLP, attorneys for Baxter Healthcare Corporation ("Baxter") in this action. I make this declaration based on my personal knowledge, in support of Defendants' Notice of Removal of *Thomas & Margaret Brownbridge v. American Optical Corp., et al.*, Superior Court of New Jersey, Middlesex County, Docket No: L-5134-10 (AS) (the "State Court Action"), to this Court. I am admitted *pro hac vice* to practice in the State Court Action.

     2.    Baxter is also represented by Andrew Constantine, II in this action. Mr. Constantine is an attorney at Maron, Marvel, Bradley & Anderson, P.A.

     3.    On June 8, 2011, during a scheduled case management conference at which I was present, counsel for Plaintiffs, Mr. James Long, notified the State Court, Special Master, Agatha N. Dzikiewicz, and all parties in open Court that all defendants in the State Court action would

be dismissed, with the exception of VWR International, LLC ("VWR"), Fisher Scientific Company L.L.C. ("Fisher Scientific") and Baxter.

4.      Mr. Long's statement in open Court during the June 8, 2011 case management conference was the first notice Defendants received that complete diversity of citizenship existed and that this case was removable.

5.      On June 9, 2011, Mr. Long confirmed in writing the representations he made the day before in open Court.  On June 9, 2011, Mr. Long provided a letter to me, as counsel for Baxter, responding to allegations of deficiencies in Plaintiffs' responses to Baxter's interrogatories.  This letter is addressed to me and carbon copied to "All Remaining Defendants (See attached Service Rider)."  Mr. Long's June 9, 2011 letter, which is attached to the Notice of Removal as **Exhibit B**, includes a service list naming only counsel for VWR, Fisher Scientific and Baxter.

6.      Baxter is, and at the time of the filing of the State Court Action, was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Illinois.

7.      Baxter consents to the removal of this action to this Court.

8.      On or about March 3, 2011, Baxter received a written settlement demand from Plaintiffs' counsel, Mr. Long, in amount of $4,000,000 and well in excess of the $75,000 jurisdictional requirement.  A true and complete copy of the settlement demand to Baxter is attached hereto.

1954294-1

9.      I have reviewed reports of verdicts and settlements in cases, in actions claiming injuries of the nature alleged by Plaintiffs from alleged exposure to asbestos.  Based on that review, it is reasonable to believe that if Plaintiffs succeeded in proving their allegations in this action, they would recover in excess of $75,000 exclusive of interest and costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Kristopher J. Stark

Dated:  June 28, 2011

1954294-1

## Stark, Kristopher J.

| | |
|---|---|
| **From:** | James Long [jlong@belluckfox.com] |
| **Sent:** | Thursday, March 03, 2011 11:02 AM |
| **To:** | Stark, Kristopher J. |
| **Cc:** | Joe Belluck |
| **Subject:** | RE: Brownbridge v Baxter Healthcare |

Kris,

Plaintiffs' settlement demand for this case is $4M.

Jim