# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:11-cv-01613-SSV-JCW
## Internal Use Only

Davalie v. A-C Product Liability BKRPT et al
Assigned to: Chief Judge Sarah S. Vance
Referred to: Magistrate Judge Joseph C. Wilkinson, Jr
Cause: 46:0688 Marine Personal Injury

Date Filed: 07/09/2011
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

### Plaintiff

**Katrine Davalie**
*individually and on behalf of the estate of Tookie A. Davalie*

represented by **John-Michael Lawrence**
John-Michael Lawrence, LLC
Energy Center
Suite 2900 - PMB 204
1100 Poydras Street
New Orleans, LA 70163-2900
504-585-7797
Email: jmlaw122@cox.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant
**A-C Product Liability Trust**

### Defendant
**ACandS, Inc.**

### Defendant
**Acorn Iron & Supply Co.**

### Defendant
**Alcoa Steamship Company, Inc.**

### Defendant
**Anchor Packing Company**

### Defendant
**Argo International Corporation**

### Defendant
**Auburn Pump Division of General Signal Corp.**

### Defendant

**Bethlehem Steel Corporation**

**Defendant**

**Black & Decker Corporation**

**Defendant**

**Boyd Co AB**

**Defendant**

**Bryan Steam Corp**

**Defendant**

**Champion International Corporation**

**Defendant**

**Chesterton Co AW**

**Defendant**

**Coffin Pump Inc**

**Defendant**

**Coltec Industries, Inc.**

**Defendant**

**Combustion Engineering, Inc.**

**Defendant**

**Conhagen Inc Alfred**

**Defendant**

**Crane Company**

**Defendant**

**Crosby Steam and Valve Co.**

**Defendant**

**Crown Cork & Seal Co., Inc.**

**Defendant**

**Delta Steamship Lines, Inc**

**Defendant**

**Dover Resources Inc**

**Defendant**

**Durabla Manufacturing Co.**

**Defendant**

**Durametallic Corporation**

**Defendant**

**EG&G Sealol Inc**

**Defendant**

**Ellicott Machine Corporation International**

**Defendant**

**Elliott Turbomachinery Co., Inc.**

**Defendant**

**Ernst Gage Co**

**Defendant**

**Everlasting Valve Co**

**Defendant**

**Excelsior Inc**

**Defendant**

**FKI Industries Inc**

**Defendant**

**Federal-Mogul Corporation**

**Defendant**

**Fel-Pro Incorporated**

**Defendant**

**Felt Products Incorporated**

**Defendant**

**Flintkote Company**

**Defendant**

**Foster Wheeler Company**

**Defendant**

**Garlock, Inc.**

**Defendant**

**Gatke Corporation**

**Defendant**

**General Cable Company**

**Defendant**

**General Electric Company**

**Defendant**

General Refractories

**Defendant**

**Goodall Rubber Company**

**Defendant**

**Goodrich B.F.**
*also known as*
Goodrich Corporation

**Defendant**

**Goodyear Tire & Rubber Company**

**Defendant**

**Goulds Pumps, Incorporated**

**Defendant**

**Greene Tweed & Co**

**Defendant**

**Gulf Engineering Company, Inc.**

**Defendant**

**Hajoca Corp**

**Defendant**

**Harbison-Walker Refractories Group**

**Defendant**

**Home Rubber Company**

**Defendant**

**IMO Industries Inc**

**Defendant**

**Indian Head Industries, Inc.**

**Defendant**

**Ingersoll-Dresser Pump**

**Defendant**

**Ingersoll-Rand Corporation**

**Defendant**

**James Walker Manufacturing Co.**

**Defendant**

**Janos Industrial Insulation Corp.**

**Defendant**

**John Crane Inc**

**Defendant**

**Robert A. Keasbey Company**

**Defendant**

**La Favorite Industries, Inc.**

**Defendant**

**Melrath Gasket, Inc.**

**Defendant**

**Mortell Company**

**Defendant**

**Mount Washington Tanker Company**

**Defendant**

**Noland Company**

**Defendant**

**North American Refractories Co.**

**Defendant**

**Norton Company**

**Defendant**

**Ocean Transportation Company**

**Defendant**

**Okonite Company**

**Defendant**

**Owens-Corning Fiberglas Corporation**

**Defendant**

**Owens-Illinois Inc**

**Defendant**

**PPG Industries Inc**

**Defendant**

**Pecora Corp**

**Defendant**

**Phoenix Specialty Manufacturing Co., Inc.**

**Defendant**

**Pittsburgh Corning Corporation**

**Defendant**

**Plibrico Company**

**Defendant**

**Preferred Utilities Manufacturing Corporation**

**Defendant**

**Quaker Rubber Company**

**Defendant**

**Rhopac Inc**

**Defendant**

**Rockbestos Company**

**Defendant**

**Sea-Ro Packing Co., Inc.**

**Defendant**

**Selby Battersby and Co.**

**Defendant**

**Sherwin-Williams Company**

**Defendant**

**Sika Corporation**

**Defendant**

**Skinner Engine Company, Inc.**

**Defendant**

**USX Corporation**

**Defendant**

**Uniroyal Chemical Company, Inc.**

**Defendant**

**Vellumoid Inc**

**Defendant**

**Viking Pump Inc**

**Defendant**

**Vogt Machine Co.**

**Defendant**

**Henry Walworth Co.**

**Defendant**

**Warren Pumps Inc**

**Defendant**

**Waterman Steamship Corporation**

**Defendant**

**Westinghouse Electric Corporation**

**Defendant**

**Zimmerman Packing & Mfg., Inc.**
*jointly and severally*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/09/2011 | 1 | COMPLAINT against All Defendants (Filing fee $ 350 receipt number 053L-3106536) filed by Katrine Davalie. (Attachments: # 1 Civil Cover Sheet) (Lawrence, John-Michael) Modified on 7/11/2011 to edit filer (rll, ). (Entered: 07/09/2011) |
| 07/11/2011 |   | (Court only) ***Staff notes -Notified attorney that summons are required (cl, ) (Entered: 07/11/2011) |
| 07/11/2011 | 2 | Initial Case Assignment to Chief Judge Sarah S. Vance and Magistrate Judge Joseph C. Wilkinson, Jr. (cl, ) (Entered: 07/11/2011) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATRINE DAVALIE,     *    CIVIL ACTION NO.
individually and on
behalf of the estate of    *    SECTION    MAG
Tookie A. Davalie

       Plaintiff,

vs

A-C Product Liability Trust BKRPT; ACandS, INC.; Acorn Iron & Supply Co.; Alcoa Steamship Company, Inc. Anchor Packing Co. BANKRUPT; Argo International Corporation Auburn Mfg. Co.; Aurora Pump Division of General Signal Corp. Bethlehem Steel Corp.; Black & Decker Corporation, The Boyd Co., A.B.; Bryan Steam Corp. Champion International corporation; Chesterton Co., A. W. Coffin Pump, Inc.; Coltec Industries, Inc. Combustion Engineering, Inc.; Conhagen, Inc., Alfred Crane Company; Crosby Steam and Valve Co. Crown, Cork & Seal Co., Inc.; Delta Steamship Lines Inc.; Dover Resources, Inc.; Durabla Manufacturing Co.; Durametallic Corporation; EG&G Sealol, Inc.
Ellicott Machine Corp., Int.; Elliott Turbomachinery Co., Inc.
Ernst Gage Co.; Everlasting Valve Co.; Excelsior, Inc.; FKI Industries, Inc.; Federal-Mogul Corporation; Fel-Pro Incorporated; Felt Products Incorporated; Flintkote Co.; Foster Wheeler Company; Garlock, Inc. BANKRUPT; Gatke Corporation; General Cable Company; General Electric Company; General Refractories Goodall Rubber Co.; Goodrich, B.F. nka Goodrich Corporation Goodyear Tire & Rubber Co.; Goulds Pumps, Inc.; Greene Tweed & Co.; Gulf Engineering Company, Inc.; Hajoca Corp.; Harbison-Walker Refractories Group; Home Rubber Company, The; IMO Industries, Inc.; Indian Head Industries, Inc.; Ingersoll-Dresser Pump Ingersoll-Rand Corporation; James Walker Mfg. Co.; Janos Industrial Insulation Corp.; John Crane Inc.; Keasbey, Robert A. Company; La Favorite Industries, Inc.; Melrath Gasket, Inc.; Mortell Company Mount Washington Tanker Co. Inc.; Noland Company; North American Refractories Co.; Norton Co.; Ocean Transportation Co. Inc.; Okonite Co., The Owens-Corning Fiberglas Corp.; Owens-Illinois, Inc.; PPG Industries, Inc.; Pecora Corp. Phoenix Specialty Manufacturing Co., Inc.; Pittsburgh Corning Corporation; Plibrico Company; Preferred Utilities Mfg. Corp.; Quaker Rubber Company; Rhopac Inc.; Rockbestos Company; Sea-Ro Packing Co., Inc.; Selby Battersby and Co.; Sherwin-Williams Co.; Sika Corporation; Skinner Engine Company, Inc.; USX Corporation; Uniroval Chemical Co., Inc.; Vellumoid, Inc.; Viking Pump, Inc.; Vogt Machine Co., Henry; Walworth Co. Warren Pumps, Inc.; Waterman Steamship Corporation Westinghouse Electric Corp.; Zimmerman Packing & Mfg., Inc.

       Jointly and Severally, 94 Defendants

**COMPLAINT FOR DAMAGES AND WRONGFUL DEATH**

       NOW COMES Plaintiff, KATRINE DAVALIE, individually and on behalf of the estate of her late husband, Tookie Davalie, through undersigned counsel, and in declaring against Defendants, jointly and severally, states as follows:

1

## JURISDICTION

1. This Court takes jurisdiction of this cause by virtue of Article III, Section 2 of the Constitution of the united States, and by virtue of the Jones Act, 46 U.S.C.A. sec. 688 et seq. and with regard to the Products Defendants, by virtue of 28 U.S.C. sec. 1332, whereby the parties are of diverse citizenship, said Defendants being corporations existing by virtue of the law of a sovereignty other than that of Louisiana and Plaintiff being a citizen of a state other than the states of incorporation of said Defendants; but in the event of individual variance therefrom as herein pleaded aforesaid, then Plaintiff for such variance hereby invokes Rule 9(h) of the Federal Rules of Civil Procedure, constituting an admiralty cause; and the amount in controversy as to the named Plaintiff exceeds the requisite jurisdictional or statutory amount.

2. Plaintiff was a career Merchant Mariner who spent his life as a seaman aboard divers American ships, plying waters, domestic and foreign, port-to-port throughout the world; and while aboard Defendants' ships as a crewmember, Plaintiff was constantly exposed to asbestos friable fibers, causing him to breathe into his system carcinogenic asbestos dust resulting in harm to the Plaintiff, which events of harm occurred constantly and while in many waters and ports-of-call wherein venue, no matter where laid, is inconvenient to the numerous scattered parties herein, along with multiple divers witnesses.

3. Aboard the ships the Plaintiff sailed throughout his career, asbestos products were placed on the vessels by Manufacturing Defendants and Distributors of this cause, creating shipboard atmospheric environment of perilous carcinogen toxin,

rendering the workplace of the Plaintiff aboard each vessel an unseaworthy condition.

4. Defendant Shipowners negligently maintained each respective vessel in an unsafe, unseaworthy condition in causing crewmen exposure to divers forms and substance of toxic chemicals and carcinogens inclusive of but not limited to friable asbestos, passive inhalation of smoke from accumulated smoke from exhaled smoke and burning cigarettes that formed clouds of smoke within an atmosphere of smoke cloud formation as well as accumulated dust, the stagnant condition of which persisted without abating for want of proper ventilation.

5. As against Shipowner employers, independently or as successors-in-interest, Plaintiff seeks to thrust two causes of action: negligence under The Jones Act, 46 U.S.C. sec. 688 et seq. and unseaworthiness of each vessel under the General Admiralty and Maritime Law whereby the Shipowner warrants to crewmen to provide a reasonably safe vessel and working conditions, reasonably fit for the purpose for which it was intended which implied warranty was substantially breached by the Shipowner defendants.

6. As to Shipbuilder as well as Machinery Manufacturer Defendants, independently or as successor-in-interest, i.e., manufacturers of boilers, generators, etc., aboard the respective vessels, each of said Defendants contemplated use of asbestos insulation thereon as well as use of asbestos products as integral parts thereof, fibers from which emitted into the atmosphere and circulated about the work and living areas of the vessel to which the crewmen were forced to breathe into their systems.

7. As to the Manufacturers and Distributors, independently or as successor-in-

interest, of asbestos and asbestos products, said Defendants designed, manufactured and marketed asbestos products which were placed aboard divers merchant ships on which Plaintiff served as crewman; and Plaintiff thereupon was exposed to asbestos toxic dust which, along with other carcinogens and chemicals improvidently allowed and maintained aboard vessels like cigarette and tobacco smoke coupled with inadequate shipboard enclosed area ventilation, alone or in combination, caused the devastating pulmonary disease Plaintiff TOOKIE DAVALIE suffered while living and which contributed substantially to his death.

8. As a direct and proximate result of said exposure to asbestos aboard the said vessels as well as secondary or passive smoke that hung still in the atmosphere free from dissipation for lack of adequate ventilation, Plaintiff suffered while living from and was killed by cancerphobia, traumatic stressful fear of affliction and worsening of pneumoconiosis as well as exacerbation of existing diseases; and suffered anatomical disorder, structural changes, pulmonary diseases inclusive of asbestosis / esothelioma / lung cancer / pneumoconiosis / chronic obstructive pulmonary disease / colon cancer / stomach cancer / rectal cancer / kidney cancer / pancreas cancer / pharynx cancer / brain cancer / other anatomi- cal cancer, et cetera, either singularly or in combination thereof; and, moreover, Plaintiff suffered harm in the form of necessity to be monitored for other asbestotic diseases including lung cancer until the various diseases and illnesses described above killed him.

9. Defendants committed breach of their duty to Plaintiff by negligent failure to reasonably adhere to safe standards of design and manufacture of their products, and negligently failed to properly warn Plaintiff of the peril and committed breach of

4

implied warranty of fitness for the intended use of the products, all to the detriment of Plaintiff's health and well-being.

10. Defendants, each, at all times herein relevant, com- mitted acts and omissions of willful and wanton disregard for the safety and health of those unto whom the asbestos fibers foreseeably were exposed, including the Plaintiff, constituting gross negligence as to non-vessel owner Defendants; then, as to Shipowners, the same applies, as well as the added averment that Shipowner Defendants willfully and with reckless indifference and disregard for Plaintiff's safety did at all times relevant maintain the vessels in an unseaworthy condition with knowledge aforethought, and thereby formulated the basis for punitive damages.

11. As a direct and proximate result of the acts and omissions aforestated by each of the defending parties herein, Plaintiff sustained injuries as an indivisible, cumulative cause of each of the stated Defendants as contemplated in <u>American Fire & Casualty Co. v. Finn</u>, 341 U.S. 6, 71 S.Ct. 534 (1951). Plaintiffs seek damages as below stated, <u>inter alia</u>:

     a.    Loss of earnings and earning *capacity*
     b.    Life with fear of cancer and other asbestotic disease *onseti*
     c.    While living, pain and suffering
     d.    Costs of being forever medically monitored for disease onset and worsening;
     e.    Loss of pleasurable, social and recreational amenities, past and future;
     f.    Exemplary and punitive damages;
     g.    DEATH;
     h.    Loss of love, affection and support;

      i.      Louisiana LeJune damages;

      j.      Any and all other elements of damage cognizable in law which may be raised, pleaded and proved by the Plaintiff during the pendency of this cause and at the time of trial.

WHEREFORE Plaintiff demands trial by jury [or the Court, where applicable under 9(h) in accordance with paragraph 1] and judgment against Defendants, jointly and severally, in an amount exceeding the minimum jurisdictional or statutory amount, to be more particularly calculated and adjusted upwards during the pendency of this cause; and Plaintiff demands punitive damages in an amount to be determined upon ascertaining the net worth of each Defendant herein; and Plaintiff further seeks interest, attorney's fees and costs.

      Respectfully Submitted:

      _s/_John-Michael Lawrence_____
      John-Michael Lawrence (8143)
      John-Michael Lawrence, LLC
      Energy Center - Suite 2900 - PMB 204
      1100 Poydras Street
      New Orleans, La. 70163-2900
      (504) 585-7797 tel
      (225) 744-8748 fax
      E-MAIL - JMLaw122