CASREF

# U.S. District Court
## Southern District of Illinois (East St. Louis)
### CIVIL DOCKET FOR CASE #: 3:11-cv-00526-WDS -DGW

| | |
|---|---|
| Brewbaker v. Norfolk Southern Railroad Company | Date Filed: 06/15/2011 |
| Assigned to: Judge William D. Stiehl | Jury Demand: Both |
| Referred to: Magistrate Judge Donald G. Wilkerson | Nature of Suit: 330 Federal Employer's Liability |
| Demand: $2,500,000 | |
| Cause: 45:51 Railways: Fed. Employer's Liability Act | Jurisdiction: Federal Question |

**Plaintiff**

Jon O. Brewbaker     represented by **William P. Gavin**
Gavin Law Firm
Generally Admitted
17 Park Place Professional Centre
Belleville, IL 62226
618-236-0100
Email: billg@gavinlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Norfolk Southern Railroad Company**     represented by **Kurt E. Reitz**
Thompson Coburn - Belleville
Generally Admitted
525 West Main Street
P.O. Box 750
Belleville, IL 62220-0750
618-277-4700
Email: kreitz@thompsoncoburn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/15/2011 | 1 | Case Opened. Filing fee due. Documents may now be electronically filed. Case number 11-526-WDS-PMF must be placed on all documents prior to filing them electronically. (Attachments: # 1 Notice and Consent to Proceed Before a Magistrate Judge)(slj) (Entered: 06/15/2011) |
| 06/15/2011 | 2 | COMPLAINT against Norfolk Southern Railroad Company ( Filing fee $ 350 receipt number 0754-1433985.), filed by Jon O. Brewbaker. (Attachments: # 1 Civil Cover Sheet)(Gavin, William) (Entered: 06/15/2011) |
| 06/17/2011 | 3 | ORDER OF RECUSAL. Magistrate Judge Philip M. Frazier recuses himself. |

| | | |
|---|---|---|
| | | The case is assigned to Magistrate Judge Donald G. Wilkerson for pretrial proceedings (other than dispositive motions). Signed by Magistrate Judge Philip M. Frazier on 6/17/2011. (kls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/17/2011) |
| 06/20/2011 | 4 | Summons Issued as to Norfolk Southern Railroad Company. (slj) (Entered: 06/20/2011) |
| 07/07/2011 | 5 | SUMMONS Returned Executed by Jon O. Brewbaker. Norfolk Southern Railroad Company served on 6/27/2011, answer due 7/18/2011. (Gavin, William) (Entered: 07/07/2011) |
| 07/18/2011 | 6 | ANSWER to 2 Complaint by Norfolk Southern Railroad Company.(Reitz, Kurt) (Entered: 07/18/2011) |
| 07/18/2011 | 7 | DEMAND for Trial by Jury by Norfolk Southern Railroad Company. (Reitz, Kurt) (Entered: 07/18/2011) |
| 07/18/2011 | 8 | DISCLOSURE OF INTERESTED PARTIES by Norfolk Southern Railroad Company.(Reitz, Kurt) (Entered: 07/18/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/18/2011 10:00:49 | | | |
| PACER Login: | tc1038 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:11-cv-00526-WDS -DGW |
| Billable Pages: | 2 | Cost: | 0.16 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JON O. BREWBAKER, | § § § |
| PLAINTIFF, | § § CA NO. 3:11-cv-00526-WDS-PMF § |
| VS. | § PLAINTIFF REQUESTS § TRIAL BY JURY |
| NORFOLK SOUTHERN RAILROAD COMPANY, | § § § |
| DEFENDANT. | § |

## COMPLAINT

Now comes Plaintiff, Jon O. Brewbaker, by his attorneys, William P. Gavin and Robert L. Norton, and for his Complaint against Defendant, Norfolk Southern Railway Corporation.

## COUNT I (FELA)

1. Defendant is currently a railroad corporation engaged in the interstate business of transportation of goods in and through the jurisdiction of this Court.

2. Plaintiff employed by Defendant and/or its predecessors in interest (hereinafter collectively referred to as "Defendant") from 1965-2001 in the machinist craft and in furtherance of Plaintiff's employment duties Plaintiff was engaged in activities that materially and substantially affected interstate commerce when he was injured as described more fully below.

3. Plaintiff was injured when he was required to perform work, during the course of his employment with Defendant, which caused him to be exposed to asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes.

1

4. During the course of Plaintiff's employment with Defendant, Defendant was engaged in interstate commerce as a common carrier by rail and all or part of each Plaintiff's duties were in furtherance of and did closely, directly and substantially affect interstate commerce. Wherefore, the rights and liabilities of the parties were and are governed by the Federal Employers Liability Act, 45 U.S.C., §§ 51 *et seq*.

5. During the course of Plaintiff's employment Plaintiff was engaged in the scope and course of his employment with Defendant when he was required and caused to work in the vicinity of and be exposed to toxic substances including asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes which caused him to suffer permanent injuries to his lungs in the nature of asbestosis and other respiratory disease.

6. Plaintiff first became aware that his injuries were caused by his employment with Defendant within three years of the filing of this suit.

7. Defendant by and through its authorized agents, servants, and employees, was guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers Liability Act:

    a. Negligently failed to provide Plaintiff with a reasonably safe place to work;

    b. Negligently failed to provide Plaintiff with safe equipment including adequate protection masks and/or respiratory protection devices;

    c. Negligently failed to warn Plaintiff of the hazardous nature of asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes; and/or

      d.      Negligently failed to provide Plaintiff with safe and proper ventilation in his work place; and/or

      e.      Negligently failed to inspect its locomotives, cars, cabooses, appurtenances, and other equipment and buildings in order to determine their contamination by asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes; and/or

      f.      Negligently agreed with other railroads operating in Illinois to conceal the hazards of asbestos from their employees; and/or

      g.      Negligently failed to take adequate steps to reduce or eliminate Plaintiff's exposure to asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes; and/or

      h.      Negligently permitted unsafe work practices to become routine work practices.

8.      One or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff to develop and suffer from respiratory illness in the nature of asbestosis and other respiratory disease.

9.      As a result of Plaintiff's illness and disease caused, in whole or in part, by Defendant's negligence Plaintiff has suffered and will continue to suffer great pain and disability, genuine and serious mental anguish and extreme nervousness as a result of his reasonable concern over the prospects of developing cancer caused by asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes and Plaintiff has incurred and will continue to incur great expense in endeavoring to be cured of his illness and disease and Plaintiff has lost and will continue to lose large

3

amounts of income because of his disability caused by the respiratory illness and disease.

10. This Court has subject matter jurisdiction over this suit pursuant to 28 USC §1331 in that this action arises under the statutes of the United States of America.

WHEREFORE, Plaintiff, Jon O. Brewbaker, prays that a judgment be entered in his favor against Defendant, Norfolk Southern Railway Corporation, in the amount of $2,500,000.00 plus costs of suit.

## COUNT II
## (BOILER INSPECTION)

1. Defendant is currently a railroad corporation engaged in the interstate business of transportation of goods in and through the jurisdiction of this Court.

2. Plaintiff was employed by Defendant from 1965-2001 in the machinist craft and in furtherance of Plaintiff's employment duties was engaged in activities that materially and substantially affected interstate commerce when Plaintiff was injured as described more fully below.

3. During the course of Plaintiff's employment, Defendant was engaged in interstate commerce as a common carrier by rail and all or part of the duties of Plaintiff's employment involved the operation of locomotives or the presence in locomotives operated on Defendant's line and were in furtherance of and did closely, directly, and substantially affect interstate commerce. Wherefore, the rights and liabilities of the parties were and are governed by the Locomotive Boiler Inspection Act, 49 U.S.C., §§ 20701 *et seq*.

4. Plaintiff was engaged in the course of his employment with Defendant when he was required and caused to work in the vicinity of and be exposed to toxic substances including asbestos, diesel exhaust, environmental tobacco smoke, welding

fumes, silica, toxic dusts, gases, and fumes emitted from and/or present in locomotives being operated on Defendant's line which caused him to suffer permanent injuries in the nature of asbestosis and other respiratory disease.

5. Plaintiff first became aware that his injuries were caused by his employment with Defendant within three years of the filing of this suit.

6. Defendant, by and through its agents, servants, and employees, violated the Locomotive Boiler Inspection Act in one or more of the following respects:

    a. Failed to provide Plaintiff with locomotives whose appurtenances were in proper and safe conditions;

    b. Required Plaintiff to work on or near locomotives, which were defective because they were contaminated with asbestos and asbestos-containing products;

    c. Required Plaintiff to work on or near locomotives, which were defective because they were contaminated with and emitted dangerous amounts of diesel exhaust; and/or

    d. Required Plaintiff to work on or near locomotives, which were defective because they were contaminated with and emitted dangerous amounts of silica; and/or

    e. Required Plaintiff to work on or near locomotives, which were defective because they were contaminated with and emitted dangerous amounts of environmental tobacco smoke.

7. One or more of the foregoing violations of the Locomotive Boiler Inspection Act caused, in whole or in part, Plaintiff to develop and suffer from illness and disease in the nature of asbestosis and other respiratory disease.

8. As a result of Plaintiff's illness and disease caused, in whole or in part, by Defendant's violations of the Locomotive Boiler Inspection Act, Plaintiff has suffered and will continue to suffer great pain and disability, genuine and serious mental anguish and extreme nervousness as a result of his reasonable concern over the prospects of developing cancer caused by asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes and each Plaintiff has incurred and will continue to incur great expense in endeavoring to be cured of his respiratory illness and disease and Plaintiff has lost and will continue to lose large amounts of income because of his disability caused by the illness and disease.

9. This Court has subject matter jurisdiction over this suit pursuant to 28 USC §1331 in that this action arises under the statutes of the United States of America.

WHEREFORE, Plaintiff, Jon O. Brewbaker, prays that a judgment be entered in his favor and against Defendant, Norfolk Southern Railway Corporation, in the amount of $2,500,000.00, plus costs of suit.

s/William P. Gavin
WILLIAM P. GAVIN IL#03127132
Lead Counsel For Plaintiff
GAVIN LAW FIRM
17 Park Place Professional Centre
Belleville, IL 62226
(618) 236-0100
FAX: 618-236-2684
billg@gavinlaw.com

ROBERT NORTON, IL #58505
JONES, GRANGER, TRAMUTO & HALSTEAD
10000 Memorial Drive
Suite 888
P.O. Box 4340
Houston, TX  77210
(713) 688-0230
bnor@jonesgranger.com

**ATTORNEYS FOR PLAINTIFF**