CV

# U.S. District Court
# District of Minnesota (DMN)
# CIVIL DOCKET FOR CASE #: 0:11-cv-01951-RHK -JSM
# Internal Use Only

| | |
|---|---|
| Dewees v. Soo Line Railroad Company, The | Date Filed: 07/18/2011 |
| Assigned to: Judge Richard H. Kyle | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Janie S. Mayeron | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 45:51 Railways: Fed. Employer's Liability Act | Jurisdiction: Federal Question |

**Plaintiff**

**Richard Dewees**  represented by  **John D Roven**
Roven Kaplan & Wells
2190 North Loop W Ste 410
Houston, TX 77018
713-465-8522
Fax: 17134653658
Email: jroven@rovenlaw.com
*ATTORNEY TO BE NOTICED*

**Mark J Fellman**
Mark J. Fellman Attorney at Law
400 Robert Street North Ste 1740
St Paul, MN 55101-2031
651-225-5600
Fax: 651-225-5656
Email: mark@mjfellman.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Soo Line Railroad Company, The**
*a corporation, individually and as successor in interest to the Chicago Milwaukee St. Paul and Pacific Railroad*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/18/2011 | 1 | COMPLAINT against Soo Line Railroad Company, The ( Filing fee $ 350 receipt number 3-008611.) assigned to Judge Richard H. Kyle per Master List and referred to Magistrate Judge Janie S. Mayeron, filed by Richard Dewees. (Attachments: # 1 Cover Letter, # 2 Civil Cover Sheet). (lmb) (Entered: 07/18/2011) |

| 07/18/2011 | | Summons Issued as to Soo Line Railroad Company, The. (lmb) (Entered: 07/18/2011) |
| --- | --- | --- |
| 07/18/2011 | | (Court only) *** Copy of complaint/docket sheet sent by e-mail to the MDL Panel. MDL 875. (lmb) (Entered: 07/18/2011) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)              C.A. No. MDL 875

IN THE UNITED STATES OF DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **RICHARD DEWEES** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION NO. _____ |
| The **SOO LINE RAILROAD** ) | |
| **COMPANY, a corporation, individually** ) | |
| **and as successor in interest to the** ) | |
| **Chicago Milwaukee St. Paul and** ) | |
| **Pacific Railroad** ) | |
| ) | |
| Defendant ) | **COMPLAINT/JURY TRIAL DEMANDED** |

NOW COMES PLAINTIFF, RICHARD DEWEES, by and through his attorneys, and for his complaint against the Defendant, state:

1. Plaintiff, RICHARD DEWEES, is a citizen of Iowa and resides in Wapello County, Iowa.

2. That at all times mentioned herein, and for some time prior thereto and thereafter, the Defendant, Soo Line Railroad Company, was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, maintains its principal place of business, and its corporate headquarters, and places its agents, servants and employees throughout the State of Minnesota. Service of process may be had upon Defendant, Soo Line Railroad Company.

3. That prior to the commencement of this action, Defendant, SOO LINE RAILROAD COMPANY, became, generally, for the purpose of employer liability under the Federal Employers' Liability Act, and specifically under the facts of this case, the successor to the liabilities of the former Chicago, Milwaukee, St. Paul and Pacific (hereinafter "CMS&P") Railroad Company; and did specifically execute a document known as the "Allocation Agreement" dated July 24, 1986, which provided that Soo Line would be responsible for the liabilities in future filed asbestos personal injury action accruing to former "Milwaukee Road" employees.

4. That during the course of the Plaintiff's employment, the railroad Defendant was engaged in interstate commerce as a common carrier by rail, and all or part of the duties of the Plaintiff was in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 51 *et seq.*, which Act grants this Court jurisdiction over this action.

5. That beginning in 1963, the Plaintiff Richard Dewees was engaged in the performance of his duties in furtherance of interstate commerce and was required to work with and around asbestos-containing products in the Defendant=s various rolling stock and facilities, including the rolling stock and facilities in and around the State of Iowa.

6. That during the course of the Plaintiff's employment with the Defendant railroad, or its predecessors, the Plaintiff was engaged in the course of his employment in and around Ottumwa, Iowa, and elsewhere as a Carman in the shops and yards of the defendant, where he was required and caused to work with and in the vicinity of toxic substances, including asbestos and asbestos-containing products and materials. Plaintiff's exposure to asbestos and other toxic substances is herein alleged for the specific period of time commencing with the onset of

Plaintiff's railroad work through 1979, by which time asbestos containing brake components were discontinued. Such exposures caused the Plaintiff to sustain permanent injury to his person, to-wit: asbestos-related lung disease which were, in all, diagnosed and discovered less than three years prior to the commencement of this civil action and within the time frame required by 45 U.S.C. §56.

7. That at all times relevant, the Plaintiff was unaware of the dangerous propensities of asbestos and asbestos-containing products he was required to work with and around and was unaware of the development of his latent abnormal medical conditions.

### PLAINTIFFS' FIRST CAUSE OF ACTION
### (FELA NEGLIGENCE) 45 U.S.C. § 51 et seq.

8. Plaintiff realleges Paragraphs 1-7 as if restated here verbatim.

9. That the railroad Defendant, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

    (a) in failing to provide the Plaintiff with a reasonably safe place within which to work;

    (b) in failing to furnish the Plaintiff with safe and suitable tools and equipment, including adequate protective masks and/or protective inhalation devices;

    (c) in failing to warn the Plaintiff of the true nature and hazardous effects of the asbestos-related and other hazardous materials;

    (d) in failing to operate the locomotive repair facility in a safe and reasonable manner;

    (e) in failing to provide instructions or a method for the safe use of asbestos;

(f) in failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

(g) in failing to test asbestos-containing products prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

(h) in formulating and using a method of handling asbestos and asbestos-related materials exposing the Plaintiff to high concentrations of asbestos fibers;

(∞) in failing to provide the Plaintiff with safe and proper ventilation system in the Plaintiff's workplace;

(j) in allowing unsafe practices to become the standard practice;

(k) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing said asbestos and asbestos insulation materials and other asbestos-containing products;

(l) in failing to inquire of the suppliers of asbestos-containing products, the hazardous nature of asbestos;

(m) in requiring employees to work with an ultra-hazardous product;

(n) in failing to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

(o) in failing to periodically test and examine the Plaintiff to determine if he was subject to any ill effects of his exposure to asbestos-related products and other hazardous substances;

(p) in failing to periodically inspect its locomotives, boilers, and their appurtenances in order to ascertain any contamination by asbestos fibers;

(q)   in allowing excessive fumes from aerosol, dust, chemicals and exhaust fumes to remain in the work area;

(r)   in failing to provide any or adequate warning to the Plaintiff of the exposure to the carcinogen asbestos at any time, including the time of filing.

10.   That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the railroad Defendant, the Plaintiff suffered exposure to toxic substances including asbestos and asbestos-containing materials which caused him to sustain severe injury to his respective body and respiratory system, which will likely result in impairment in the future, and which cannot be effectively cured by conservative medical procedures or medications.

11.   That, as a result, the Plaintiff's enjoyment of life, enjoyment of retirement and earning capacity has been greatly impaired and shortened; and further, that the Plaintiff's expected life span is greatly shortened. Plaintiff further alleges that as a result of his health problems, he has been and will in the future be forced to incur medical expenses by way of doctor, hospital and drug bills expended in an effort to diagnose and monitor his respective permanent, progressive asbestos-related illness and potential complications resulting therefrom.

12.   That the Plaintiff was a strong and able-bodied man and was gainfully employed prior to the manifestation of his illness. As a result of the illness, he has suffered damages by way of lost earning capacity, fear of future cancer and/or progressive asbestosis, and by way of his diminished ability to render services, society, affection, counseling and support to his household and family.

### PLAINTIFF'S SECOND CAUSE OF ACTION
### (VIOLATION OF SAFETY STATUTE) 49 U.S.C. § 20701 et seq.

13.   Plaintiff realleges Paragraphs 1-12 as if stated here verbatim.

14.   That throughout his employment with the Defendants, Plaintiff was required to

work on or about locomotives, boilers and their appurtenances, and was engaged in the performance of his duties at the time he was exposed to asbestos and asbestos-containing materials and other toxic substances.

15. That at said time and subsequent thereto, the railroad defendant was engaged in interstate commerce as a common carrier by rail, by reason whereof the rights and liabilities of the parties were and are governed by the Act of Congress known as the Locomotive Boiler Inspection Act, 49 U.S.C. § 20701, et seq. (formally 45 U.S.C. § 22, et seq.)

16. That the Defendant by and through its agents, servants and employees, violated the Locomotive Boiler Inspection Act, in that it failed to provide Plaintiff with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or about, by committing one or more of the acts or omissions hereinbefore alleged in Paragraph 9 of Plaintiff's Complaint.

17. That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the railroad defendants, Plaintiff was forced to work on or about defective and unsafe locomotives, locomotive boilers and their appurtenances, while said equipment was in use on the line of the defendant railroad, all of which resulted in their injury, impairment, disability and damages as hereinbefore described.

### THIRD CAUSE OF ACTION
### (VIOLATION OF SAFETY STATUTE – 49 U.S.C. § 20301 et seq)

18. This action is based upon the Federal Safety Appliance Act, 49 U.S.C. § 20301-20306.

19. Plaintiff incorporates by reference Paragraphs 1-17 of this Petition, as though fully set out herein.

20. Plaintiff's injuries resulted in whole or in part from Defendant's use on its line of locomotives, cars and other equipment within the definition of the Federal Safety Appliance Act, not equipped with parts and appurtenances in proper condition and not safe to operate, in violation of the Federal Safety Appliance Act.

21. Due to Defendant's violations of the Federal Safety Appliance Act, Plaintiff has suffered severe physical and mental injuries, set forth previously in Plaintiff's First Cause of Action..

22. Plaintiff is entitled to compensation from Defendant for all of his injuries and damages caused in whole or in part by Defendant's violations of the Federal Safety Appliance Act.

WHEREFORE, Plaintiff demands judgment against the defendant, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with applicable interest, costs and all other relief permitted by law.

PLAINTIFF DEMANDS A TRIAL BY JURY.

DATED this 18th day of July, 2011.

Respectfully submitted,

FELLMAN LAW OFFICE

MARK J. FELLMAN (MN Lic. No. 28782)
400 Robert Street North, Suite 1740
St. Paul, Minnesota 55101-2031
(651) 225-5600
(651) 225-5656 (Fax)

ROVEN-KAPLAN, LLP
JOHN D. ROVEN (TX Lic. No. 90001904)
Hector L. Sandoval
2190 North Loop West, Suite 410
Houston, Texas 77018
P: 713.465.8522  F: 713.465.3658

**ATTORNEYS FOR PLAINTIFF**
**RICHARD DEWEES**