### U.S. District Court
### Northern District of Alabama (Northeastern)
### CIVIL DOCKET FOR CASE #: 5:11-cv-02189-IPJ

Holland et al v. Airco Inc et al                     Date Filed: 06/21/2011
Assigned to: Judge Inge P Johnson              Jury Demand: Plaintiff
Cause: 28:1332 Diversity-Asbestos Litigation   Nature of Suit: 368 P.I. : Asbestos
                                               Jurisdiction: Diversity

**Plaintiff**

**Owen D Holland**                represented by   **G Patterson Keahey , Jr**
                                                   LAW OFFICES OF G PATTERSON
                                                   KEAHEY PC
                                                   1 Independence Plaza, Suite 612
                                                   Birmingham, AL 35209
                                                   205-871-0707
                                                   Fax: 205-871-0801
                                                   Email: efile@mesohelp.com
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gregory A Legg**                represented by   **G Patterson Keahey , Jr**
*individually and as the personal*                 (See above for address)
*representative of the Estate of Billy Joe*         *ATTORNEY TO BE NOTICED*
*Legg, deceased*

V.

**Defendant**

**Airco Inc**
*n/k/a Linde, Inc.*
*TERMINATED: 07/11/2011*

**Defendant**

**Armstrong International Inc**

**Defendant**

**A W Chesterton Company**

**Defendant**

**Bondex International Inc**
*TERMINATED: 07/11/2011*

**Defendant**

**CBS Corporation**
*f/k/a Viacom, Inc., successor by merger*
*with CBS Corporation, f/k/a*
*Westinghouse Electrict Corporation*

**Defendant**

**Crane Company**

**Defendant**

**Crown Cork & Seal Co Inc**
*individually and as successor in interest*
*to Mundet Cork Corporation*

**Defendant**

**Crown Holdings Inc**

**Defendant**

**Dana Companies LLC**
*f/k/a Dana Corporation, individually*
*and as successor in interest to Victor*
*Manufacturing & Gasket Company*

**Defendant**

**Dana Holding Corporation**

**Defendant**

**Daniel International Corporation**          represented by   **Frank E Lankford , Jr**
*agent of*                                                    HUIE FERNAMBUCQ & STEWART
Daniel Construction Company                                   LLP
                                                             Three Protective Center
                                                             2801 Highway 280 S, Suite 200
                                                             Birmingham, AL 35223-2484
                                                             205-251-1193
                                                             Fax: 205-251-1256
                                                             Email: fel@hfsllp.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Davis Electrical Constructors Inc**

**Defendant**

**Deere & Company Inc**

**Defendant**

**Durabla Manufacturing Company**

**Defendant**

**Flowserve US Inc**
*individually and as successor in interest*
*to Durco International and Pacific*
*Pumps*

**Defendant**

**Flowserve US Inc**                    represented by   **Stacey Leigh Strain**
*doing business as*                                      WELLS MOORE SIMMONS &
Anchor Darling Valves                                    HUBBARD PLLC
                                                         4450 Old Canton Road, Suite 200
                                                         Post Office Box 1970
                                                         Jackson, MS 39215
                                                         601 354-5400
                                                         Fax: 601 355-5850
                                                         Email: strain@hubbardmitchell.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Flowserve Corporation**
*individually and as successor in interest*
*to Durco International and Pacific*
*Pumps*

<u>Defendant</u>

**Flowserve Corporation**
*doing business as*
Anchor Darling Valves

<u>Defendant</u>

**Fluor Daniel Services Corporation**   represented by   **Frank E Lankford , Jr**
*formerly known as*                                      (See above for address)
Davis Constructors & Engineers Inc                       *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**FMC Corporation**
*individually and as successor in interest*
*to Peerless Pump Co*

<u>Defendant</u>

**Ford Motor Company**                  represented by   **W Larkin Radney , IV**
                                                         LIGHTFOOT FRANKLIN & WHITE
                                                         LLC
                                                         The Clark Building
                                                         400 20th Street, North
                                                         Birmingham, AL 35203
                                                         581-0700
                                                         Fax: 581-0799
                                                         Email: lradney@lightfootlaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Brooke G Malcom**
                                                         LIGHTFOOT FRANKLIN & WHITE
                                                         400 20th Street North

The Clark Building
Birmingham, AL 35203
205-581-0726
Fax: 205-581-0799
Email: bmalcom@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**Suzanne Alldredge Fleming**
LIGHTFOOT FRANKLIN & WHITE
LLC
The Clark Building
400 20th Street, North
Birmingham, AL 35203
205-581-0700
Fax: 205-581-0799
Email: SFLEMING@LFWLAW.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**Foster Wheeler LLC**

**Defendant**

**Garlock Inc**
*TERMINATED: 07/11/2011*

**Defendant**

**Garlock Sealing Technologies LLC**
*TERMINATED: 07/11/2011*

**Defendant**

**General Electric Company**

**Defendant**

**Georgia-Pacific LLC**

**Defendant**

**Goodyear Tire & Rubber Company,
The**

**Defendant**

**Goulds Pumps Incorporated**

**Defendant**

**Hobart Brothers Company**
*TERMINATED: 07/11/2011*

**Defendant**

**Honeywell International Inc**
*individually and as successor in interest*
*to Allied Chemical Inc., f/k/a Bendix*
*Corporation*

represented by   **Frank E Lankford , Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**IES Industrial Inc**
*individually and as successor in interest*
*to Davis Electrical Constructors, Inc.*

**Defendant**

**Industrial Holdings Corporation**
*formerly known as*
Carborundum Company, The

**Defendant**

**John Crane Inc**
*formerly known as*
John Crane Packing Company

represented by   **Frank E Lankford , Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lincoln Electric Company, The**
*TERMINATED: 07/11/2011*

**Defendant**

**Linde Inc**
*TERMINATED: 07/11/2011*
*formerly known as*
Airco Inc
*TERMINATED: 07/11/2011*

**Defendant**

**Metropolitan Life Insurance**
**Company**

**Defendant**

**Miller Electric Manufacturing**
**Company**
*TERMINATED: 07/11/2011*

**Defendant**

**Miller Welding and Machine Co**
*TERMINATED: 07/11/2011*

**Defendant**

**National Service Industries Inc**

**Defendant**

**Rockwell Automation Inc.**                    represented by    **Helen K Downs**
*also known as*                                                    JOHNSTON BARTON PROCTOR &
Rockwell International Corporation                                 ROSE LLP
                                                                  Colonial Brookwood Center
                                                                  569 Brookwood Village, Suite 901
                                                                  Birmingham, AL 35209
                                                                  205-458-9400
                                                                  Fax: 205-458-9500
                                                                  Email: hkd@jbpp.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Mary Brunson Whatley**
                                                                  JOHNSTON BARTON PROCTOR &
                                                                  ROSE LLP
                                                                  569 Brookwood Village, Suite 901
                                                                  Birmingham, AL 35209
                                                                  205-458-9400
                                                                  Fax: 205-458-9500
                                                                  Email: mbw@johnstonbarton.com
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Natalie A Cox**
                                                                  JOHNSTON BARTON PROCTOR &
                                                                  ROSE
                                                                  569 Brookwood Village, Suite 901
                                                                  Birmingham, AL 35209
                                                                  205-458-9490
                                                                  Fax: 205-458-9500
                                                                  Email: nac@johnstonbarton.com
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Saint-Gobain Abrasives Inc**                  represented by    **Robert H Sprain , Jr**
*individually and as successor in interest*                       SPRAIN LAW FIRM PC
*to Norton Company*                                               1707 29th Court South
                                                                  Birmingham, AL 35209
                                                                  205-437-3232
                                                                  Fax: 205-802-7083
                                                                  Email: rhs@sprainlaw.com
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Sepco Corporation**                           represented by    **Frank E Lankford , Jr**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Spirax Sarco Inc**

**Defendant**

**Sterling Fluid Systems (USA) LLC**
*formerly known as*
Peerless Pump Company

**Defendant**

**Thermo Electric Co Inc**
*n/k/a Exteco, Inc.*

**Defendant**

**Tyco International (US) Inc**
*individually and as successor in interest
to Tyco Valves and Controls, Grinnel
Supply, Grinnel Fire Protection, and
Simplex Grinnel*

**Defendant**

**William Powell Company, The**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/2011 | 1 | COMPLAINT against All Defendants, filed by Owen D Holland, Gregory A Legg.(ASL) (Entered: 06/22/2011) |
| 06/23/2011 | 2 | Request for service by certified mail filed by Plas Owen D Holland, Gregory A Legg. (CTS, ) (Entered: 06/29/2011) |
| 06/29/2011 | | Filing fee: $ 350.00, receipt number B4601024388 (CTS, ) (Entered: 06/29/2011) |
| 06/29/2011 | 3 | Summons Issued as to All Defendants. Sent by certified mail. (CTS, ) (Entered: 06/29/2011) |
| 07/01/2011 | 4 | SUMMONS Returned Executed upon Goodyear Tire & Rubber Company, The, served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/01/2011) |
| 07/01/2011 | 5 | SUMMONS Returned Executed upon National Service Industries Inc served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/01/2011) |
| 07/05/2011 | 6 | SUMMONS Returned Executed upon CBS Corporation served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 7 | SUMMONS Returned Executed upon Daniel International Corporation served on 7/1/2011, answer due 7/22/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 8 | SUMMONS Returned Executed upon Davis Electrical Constructors Inc served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 9 | SUMMONS Returned Executed upon Deere & Company Inc served on |

| | | |
|---|---|---|
| | | 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 10 | SUMMONS Returned Executed upon Fluor Daniel Services Corporation served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 11 | SUMMONS Returned Executed upon Flowserve Corporation d/b/a Anchor Darling, served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 12 | SUMMONS Returned Executed upon Flowserve US Inc(individually and as successor in interest to Durco International and Pacific Pumps) served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 13 | SUMMONS Returned Executed upon Flowserve US, d/b/a Anchor Darlin, served on 6/30/11, answer due 7/21/11 (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 14 | SUMMONS Returned Executed upon FMC Corporation served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 15 | SUMMONS Returned Executed upon Ford Motor Company served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 16 | SUMMONS Returned Executed upon Garlock Inc served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 17 | SUMMONS Returned Executed upon Garlock Sealing Technologies LLC served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 18 | SUMMONS Returned Executed upon General Electric Company served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 19 | SUMMONS Returned Executed upon Georgia-Pacific LLC served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 20 | SUMMONS Returned Executed upon Goulds Pumps Incorporated served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 21 | SUMMONS Returned Executed upon Hobart Brothers Company served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 22 | SUMMONS Returned Executed upon Honeywell International Inc served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 23 | SUMMONS Returned Executed upon John Crane Inc served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 24 | SUMMONS Returned Executed upon Lincoln Electric Company, The, served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 25 | SUMMONS Returned Executed upon Metropolitan Life Insurance Company served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 26 | SUMMONS Returned Executed upon Rockwell Automation Inc. served on 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/05/2011 | 27 | SUMMONS Returned Executed upon Saint-Gobain Abrasives Inc served on |

| | | |
|---|---|---|
| | | 6/30/2011, answer due 7/21/2011. (CTS, ) (Entered: 07/06/2011) |
| 07/07/2011 | 28 | NOTICE of Voluntary Dismissal by Owen D Holland, Gregory A Legg (Keahey, G) (Entered: 07/07/2011) |
| 07/07/2011 | 29 | NOTICE of Appearance by Frank E Lankford, Jr on behalf of John Crane Inc (Lankford, Frank) (Entered: 07/07/2011) |
| 07/07/2011 | 30 | Corporate Disclosure Statement by John Crane Inc. (Lankford, Frank) (Entered: 07/07/2011) |
| 07/07/2011 | 31 | MOTION to Take Deposition from Owen Holland by Owen D Holland. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Keahey, G) (Entered: 07/07/2011) |
| 07/08/2011 | 32 | NOTICE to Take Deposition of Owen Holland by Owen D Holland. (Attachments: # 1 Appendix Plaintiff's Responses to Defendants' General Interrogatories, # 2 Appendix Plaintiff's Current Product Identification List, # 3 Appendix Medical Records of Owen Holland (part 1 of 9), # 4 Appendix Medical Records of Owen Holland (part 2 of 9), # 5 Appendix Medical Records of Owen Holland (part 3 of 9), # 6 Appendix Medical Records of Owen Holland (part 4 of 9), # 7 Appendix Medical Records of Owen Holland (part 5 of 9), # 8 Appendix Medical Records of Owen Holland (part 6 of 9), # 9 Appendix Medical Records of Owen Holland (part 7 of 9), # 10 Appendix Medical Records of Owen Holland (part 8 of 9), # 11 Appendix Medical Records of Owen Holland (part 9 of 9), # 12 Text of Proposed Order Proposed Order)(Keahey, G) (Entered: 07/08/2011) |
| 07/08/2011 | 33 | SUMMONS Returned Executed upon William Powell Company, The, served on 7/1/2011, answer due 7/22/2011. (DEEMED FILED ON 7/7/11) (CTS, ) (Entered: 07/08/2011) |
| 07/08/2011 | 34 | SUMMONS Returned Executed as to dft Flowserve Corp - Durco served 6/30/11 (ASL) (Entered: 07/08/2011) |
| 07/08/2011 | 35 | SUMMONS Returned Executed Sterling Fluid Systems (USA) LLC served on 7/1/2011 (ASL) (Entered: 07/08/2011) |
| 07/08/2011 | 36 | Summons Returned Unexecuted as to dfts Davis Electrical Constructors Inc, Flowserve Corporation, Flowserve Corporation(individually and as successor in interest to Durco International and Pacific Pumps) - (letter from CT Corporation). (ASL) (Entered: 07/08/2011) |
| 07/08/2011 | 37 | SUMMONS Returned Executed, Airco Inc served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/11/2011) |
| 07/08/2011 | 38 | SUMMONS Returned Executed, Linde Inc served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/11/2011) |
| 07/08/2011 | 39 | SUMMONS Returned Executed, Miller Electric Manufacturing Company served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/11/2011) |
| 07/08/2011 | 40 | SUMMONS Returned Executed, Miller Welding and Machine Co served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/11/2011) |
| | | |

| 07/11/2011 | 41 | ORDER re 28 Notice of Voluntary Dismissal filed by Owen D Holland, Gregory A Legg ; plas claims against defts Airco, Inc.,n/k/a Linde, Inc.; Bondex International Inc.; Garlock, Inc.; Garlock Sealing Technologies, LLC; Hobart Brothers Company; The Lincoln Electric Company; Linde, Inc. f/k/a Airco, Inc.; Miller Electric Manufacturing Company; and Miller Welding and Machine Company are DISMISSED W/OUT PREJUDICE, each party to bear its own costs; dismissal does not alter plas claims against the remaining defts.. Signed by Judge Inge P Johnson on 7/11/2011. (KAM, ) (Entered: 07/11/2011) |
|---|---|---|
| 07/11/2011 | 42 | ORDER granting 31 Motion to conduct trial preservation video deposition; pla shall consult with dfts regarding a convenient time for said depo; Signed by Judge Inge P Johnson on 7/11/2011. (BST, ) (Entered: 07/11/2011) |
| 07/11/2011 | 43 | SUMMONS Returned Executed. Sepco Corporation served on 7/5/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 44 | SUMMONS Returned Executed. A W Chesterton Company served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 45 | SUMMONS Returned Executed. Industrial Holdings Corporation served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 46 | SUMMONS Returned Executed as to Crown Holdings Inc - no delivery date, but signed by Joe Dave(?) (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 47 | SUMMONS Returned Executed. Tyco International (US) Inc served on 7/7/2011, answer due 7/28/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 48 | SUMMONS Returned Executed. IES Industrial Inc served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 49 | SUMMONS Returned Executed. Dana Holding Corporation served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 50 | SUMMONS Returned Executed. Crane Company served on 7/6/2011, answer due 7/27/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 51 | SUMMONS Returned Executed. Bondex International Inc served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 52 | SUMMONS Returned Executed as to Crown Cork & Seal Co Inc - no delivery date, but signed by Joe Dave(?). (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 53 | SUMMONS Returned Executed. Dana Companies LLC served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 54 | SUMMONS Returned Executed. Armstrong International Inc served on 7/6/2011, answer due 7/27/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 55 | SUMMONS Returned Executed. Spirax Sarco Inc served on 7/5/2011, answer due 7/26/2011. (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 57 | -Summons Returned Unexecuted as to Foster Wheeler LLC. - envelope marked "Undeliverable -unable to forward" (CTS, ) (Entered: 07/12/2011) |

| 07/11/2011 | 58 | Summons Returned Unexecuted as to Durabla Manufacturing Company. Envelope marked "Not deliverable as addressed - unable to forward" (CTS, ) (Entered: 07/12/2011) |
|---|---|---|
| 07/11/2011 | 59 | Summons Returned Unexecuted as to Foster Wheeler Energy Corporation. Envelope marked "Not deliverable as addressed - unable to forward" (CTS, ) (Entered: 07/12/2011) |
| 07/11/2011 | 60 | Summons Returned Unexecuted as to Thermo Electric Co Inc. - Envelope marked "Not deliverable as addressed - unable to forward" (CTS, ) (Entered: 07/12/2011) |
| 07/12/2011 | 56 | MOTION for Protective Order *and Objection to Plaintiff's Request for Expedited Trial Deposition* by John Crane Inc, Rockwell Automation Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Downs, Helen) (Entered: 07/12/2011) |
| 07/12/2011 | 61 | NOTICE of Appearance by W Larkin Radney, IV on behalf of Ford Motor Company (Radney, W) (Entered: 07/12/2011) |
| 07/12/2011 | 62 | NOTICE of Appearance by Suzanne Alldredge Fleming on behalf of Ford Motor Company (Fleming, Suzanne) (Entered: 07/12/2011) |
| 07/12/2011 | 63 | NOTICE of Appearance by Brooke G Malcom on behalf of Ford Motor Company (Malcom, Brooke) (Entered: 07/12/2011) |
| 07/12/2011 | 64 | JOINDER by Defendant Ford Motor Company in Defendants' Motion for Protective Order and Objection to Plaintiff's Request for Expedited Trial Deposition on July 29, 2011 by Ford Motor Company. (Radney, W) Modified on 7/12/2011 (BST, ). (Entered: 07/12/2011) |
| 07/12/2011 | 65 | NOTICE of Appearance by Natalie A Cox on behalf of Rockwell Automation Inc. (Cox, Natalie) (Entered: 07/12/2011) |
| 07/14/2011 | 66 | NOTICE of Appearance by Robert H Sprain, Jr on behalf of Saint-Gobain Abrasives Inc (Sprain, Robert) (Entered: 07/14/2011) |
| 07/14/2011 | 67 | Corporate Disclosure Statement by Saint-Gobain Abrasives Inc. (Sprain, Robert) (Entered: 07/14/2011) |
| 07/14/2011 | 68 | NOTICE of Appearance by Stacey Leigh Strain on behalf of Flowserve US Inc (Strain, Stacey) (Entered: 07/14/2011) |
| 07/15/2011 | 69 | MOTION for Reconsideration re 42 Order on Motion to Take Deposition by John Crane Inc, Rockwell Automation Inc.. (Downs, Helen) (Entered: 07/15/2011) |
| 07/18/2011 | 70 | ANSWER to Complaint by Flowserve US Inc.(Strain, Stacey) (Entered: 07/18/2011) |
| 07/18/2011 | 71 | NOTICE of Appearance by Frank E Lankford, Jr on behalf of Honeywell International Inc (Lankford, Frank) (Entered: 07/18/2011) |
| 07/18/2011 | 72 | NOTICE of Appearance by Frank E Lankford, Jr on behalf of Sepco Corporation (Lankford, Frank) (Entered: 07/18/2011) |

| 07/18/2011 | [73](#) | Corporate Disclosure Statement by Honeywell International Inc. (Lankford, Frank) (Entered: 07/18/2011) |
| 07/18/2011 | [74](#) | Corporate Disclosure Statement by Sepco Corporation. (Lankford, Frank) (Entered: 07/18/2011) |
| 07/18/2011 | [75](#) | Corporate Disclosure Statement by Rockwell Automation Inc.. (Whatley, Mary) (Entered: 07/18/2011) |
| 07/19/2011 | [76](#) | NOTICE of Appearance by Frank E Lankford, Jr on behalf of Daniel International Corporation, Fluor Daniel Services Corporation (Lankford, Frank) (Entered: 07/19/2011) |
| 07/19/2011 | [77](#) | Corporate Disclosure Statement by Daniel International Corporation. (Lankford, Frank) (Entered: 07/19/2011) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/19/2011 10:19:21 | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:11-cv-02189-IPJ |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

Case MDL No. 875   Document 7529-2   Filed 07/19/11   Page 13 of 42

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**MDL NO.: 875**

# ATTACHMENT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ALABAMA, NORTHEASTERN DIVISION**

**CASE NO.:  5:11-cv-02189-IPJ**

**OWEN D. HOLLAND v. AIRCO, INC., et al.**

FILED

2011 Jun-22 PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA, NORTHEASTERN DIVISION

| | |
|---|---|
| **OWEN D. HOLLAND** | ) |
| | ) |
| **GREGORY A. LEGG**, individually | ) |
| and as the personal representative of | ) |
| the Estate of **BILLY JOE LEGG**, | ) |
| deceased | ) |
| | ) |
| **Plaintiffs,** | ) |
| vs. | ) |
| | ) |
| **AIRCO, INC.**, n/k/a **Linde, Inc.** | ) |
| | ) |
| **ARMSTRONG** | ) |
| **INTERNATIONAL, INC.** | ) |
| | ) |
| **A.W. CHESTERTON COMPANY** | ) **Civil Action No.:** |
| | ) |
| **BONDEX INTERNATIONAL,** | ) |
| **INC.** | ) |
| | ) _____ |
| **CBS CORPORATION**, f/k/a | ) |
| **Viacom, Inc.**, successor by merger | ) |
| with **CBS Corporation**, f/k/a | ) |
| **Westinghouse Electric Corporation** | ) **JURY DEMAND** |
| | ) |
| **CRANE COMPANY** | ) |
| | ) |
| **CROWN CORK & SEAL CO.,** | ) |
| **INC.**, individually and as successor | ) |
| in interest to **Mundet Cork** | ) |
| **Corporation** | ) |
| | ) |
| **CROWN HOLDINGS, INC.** | ) |
| | ) |
| **DANA COMPANIES, LLC**, f/k/a | ) |
| **Dana Corporation**, individually and | ) |
| as successor in interest to **Victor** | ) |
| **Manufacturing & Gasket Company** | ) |
| | ) |
| **DANA HOLDING** | ) |
| **CORPORATION** | ) |
| | ) |
| **DANIEL INTERNATIONAL** | ) |

**CORPORATION**, f/k/a **Daniel** )
**Construction Company** )
)
**DAVIS ELECTRICAL** )
**CONSTRUCTORS, INC.** )
)
**DEERE & COMPANY, INC.** )
)
**DURABLA MANUFACTURING** )
**COMPANY** )
)
**FLOWSERVE US, INC.,** )
individually and as successor in )
interest to **Durco International** and )
**Pacific Pumps** )
)
**FLOWSERVE US, INC.,** d/b/a )
**Anchor Darling Valves** )
)
**FLOWSERVE CORPORATION,** )
individually and as successor in )
interest to **Durco International** and )
**Pacific Pumps** )
)
**FLOWSERVE CORPORATION,** )
d/b/a **Anchor Darling Valves** )
)
**FLUOR DANIEL SERVICES** )
**CORPORATION**, f/k/a **Davis** )
**Constructors & Engineers, Inc.** )
)
**FMC CORPORATION,** )
individually and as successor in )
interest to **Peerless Pump Co.** )
)
**FORD MOTOR COMPANY** )
)
**FOSTER WHEELER ENERGY** )
**CORPORATION** )
)
**FOSTER WHEELER LLC** )
)
**GARLOCK, INC.** )
)
**GARLOCK SEALING** )
**TECHNOLOGIES, LLC** )

2

GENERAL ELECTRIC )
COMPANY )
 )
GEORGIA-PACIFIC LLC )
 )
THE GOODYEAR TIRE & )
RUBBER COMPANY )
 )
GOULDS PUMPS, )
INCORPORATED )
 )
HOBART BROTHERS )
COMPANY )
 )
HONEYWELL )
INTERNATIONAL INC., )
individually and as successor in )
interest to **Allied Chemical Inc.**, )
f/k/a **Bendix Corporation** )
 )
IES INDUSTRIAL, INC., )
individually and as successor in )
interest to **Davis Electrical** )
**Constructors, Inc.** )
 )
INDUSTRIAL HOLDINGS )
CORPORATION, f/k/a **The** )
**Carborundum Company** )
 )
JOHN CRANE INC., f/k/a **John** )
**Crane Packing Company** )
 )
THE LINCOLN ELECTRIC )
COMPANY )
 )
LINDE, INC., f/k/a **Airco, Inc.** )
 )
METROPOLITAN LIFE )
INSURANCE COMPANY )
 )
MILLER ELECTRIC )
MANUFACTURING COMPANY )
 )
MILLER WELDING AND )
MACHINE CO. )
 )

| | |
|---|---|
| **NATIONAL SERVICE INDUSTRIES, INC.** | ) ) ) |
| **ROCKWELL AUTOMATION, INC.**, a/k/a **Rockwell International Corporation** | ) ) ) ) |
| **SAINT-GOBAIN ABRASIVES, INC.**, individually and as successor in interest to **Norton Company** | ) ) ) ) |
| **SEPCO CORPORATION** | ) ) |
| **SPIRAX SARCO, INC.** | ) ) |
| **STERLING FLUID SYSTEMS (USA), LLC**, f/k/a **Peerless Pump Company** | ) ) ) ) |
| **THERMO ELECTRIC CO., INC.**, n/k/a **Exteco, Inc.** | ) ) ) |
| **TYCO INTERNATIONAL (US) INC.**, individually and as successor in interest to **Tyco Valves and Controls**, **Grinnel Supply, Grinnel Fire Protection**, and **Simplex Grinnel** | ) ) ) ) ) ) ) |
| **THE WILLIAM POWELL COMPANY** | ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

**COME NOW** Plaintiffs, by and through counsel, G. Patterson Keahey, Esq., and file this Complaint stating as follows:

4

## BACKGROUND FACTS – PLAINTIFFS

1.      Plaintiff, Owen Holland (hereinafter "Holland" or "Plaintiff"), a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as a laborer, operator, and utility worker from approximately the late 1950's to 2004.

2.      Plaintiff Gregory A. Legg's Decedent, Billy Joe Legg (hereinafter "Legg" or "Plaintiff's Decedent"), a resident of Alabama, prior to his death was exposed to asbestos dust, asbestos particles, asbestos-containing materials, and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as an engineer and auto mechanic from approximately 1950 to 1986.

3.      At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance Company, the above-named Defendants were in control of premises and/or were manufacturers, processors, importers, converters, compounders, merchants, installers, removers, sellers, distributors, marketers, and/or suppliers of asbestos, asbestos insulation materials, and/or asbestos-containing products (hereinafter referred to as "asbestos products"). In addition, each of the above-named Defendants, acting by and through their servants, agents, and employees, caused such asbestos products to be sold and placed in the stream of commerce.

## BACKGROUND FACTS - THE DEFENDANTS

4.      The Plaintiffs adopt, allege, and incorporate herein by reference all of the

5

averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

5.     With the exception of Defendant Metropolitan Life Insurance Company, each and every one of the following Defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the premises, facilities, and worksites containing asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others:

6.     Airco, Inc., n/k/a Linde, Inc., a Delaware corporation whose principal place of business is 575 Mountain Avenue, Murray Hill, NJ 07974, may be served through its registered agent c/o Corporation Service Company, 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

7.     Armstrong International, Inc., a Michigan corporation whose principle place of business is 900 Maple Street, Three Rivers, MI 49093, may be served c/o David Dykstra, 900 Maple Street, Three Rivers, MI 49093.

8.     A.W. Chesterton Company, a Massachusetts corporation whose principal place of business is 500 Unicorn Park Drive, Woburn, MA 01801, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

9.     Bondex International, Inc., a Delaware corporation whose principal place of business is 100 Chesterfield Business Parkway, Suite 200, Chesterfield, MO 63005, may be served through its registered agent c/o Corporation Service Company, 50 West Broad Street, Suite 1800, Columbus, OH 43215.

10.     CBS Corporation, f/k/a Viacom, Inc., successor by merger with CBS Corporation,

f/k/a Westinghouse Electric Corporation, a Delaware corporation whose principle place of business is 51 West 52nd Street, New York, NY 10036, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

11.    Crane Company, a Delaware corporation whose principle place of business is 100 Stamford Place, Stamford, CT 06902, may be served through its registered agent c/o CT Corporation System, 208 South LaSalle Street, Chicago, IL 60604.

12.    Crown Cork & Seal Co., Inc., individually and as successor in interest to Mundet Cork Corporation, a Pennsylvania corporation whose principal place of business is One Crown Way, Philadelphia, PA 19154, may be served c/o Timothy J. Donahue, Executive Vice President and Chief Financial Officer.

13.    Crown Holdings, Inc., a Pennsylvania corporation whose principal place of business is One Crown Way, Philadelphia, PA 19154, may be served through its highest ranking officer at One Crown Way, Philadelphia, PA 19154.

14.    Dana Companies, LLC, f/k/a Dana Corporation, individually and as successor in interest to Victor Manufacturing & Gasket Company, a Virginia corporation whose principal place of business is 4500 Dorr Street, Toledo, OH 43615, may be served through its registered agent c/o CT Corporation System, 1300 East Ninth Street, Suite 1010, Cleveland, OH 44114.

15.    Dana Holding Corporation, a Delaware corporation whose principal place of business is 4500 Dorr Street, Toledo, OH 43615, may be served through its registered agent c/o CT Corporation System, 1300 East Ninth Street, Suite 1010, Cleveland, OH 44114.

16.    Daniel International Corporation, f/k/a Daniel Construction Company, a South Carolina corporation whose principal place of business is 100 Four Daniel Drive, Greenville, SC 29607, may be served through its registered agent c/o John R. Reynolds, 100 Four Daniel Drive,

7

Greenville, SC 29607.

17.     Davis Electrical Constructors, Inc., a South Carolina corporation whose principle place of business is P.O. Box 1907, Greenville, SC 29602, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

18.     Deere & Company, Inc., a Delaware corporation whose principle place of business is 1209 Orange Street, Wilmington, DE 19801, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

19.     Durabla Manufacturing Company, a New York corporation whose principal place of business is 2572 Industry Lane, Norristown, PA 19403, may be served through its highest ranking officer at 2572 Industry Lane, Norristown, PA 19403.

20.     Flowserve US, Inc., individually and as successor in interest to Durco International and Pacific Pumps, a Delaware corporation whose principal place of business is 5215 North O'Connor Boulevard, Suite 2300, Irving, TX 75039, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

21.     Flowserve US, Inc., d/b/a Anchor Darling Valves, a Delaware corporation whose principal place of business is 5215 North O'Connor Boulevard, Suite 2300, Irving, TX 75039, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

22.     Flowserve Corporation, individually and as successor in interest to Durco International and Pacific Pumps, a Delaware corporation whose principal place of business is 5215 North O'Connor Boulevard, Suite 2300, Irving, TX 75039, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery,

AL 36104.

23.     Flowserve Corporation, d/b/a Anchor Darling Valves, a Delaware corporation whose principal place of business is 5215 North O'Connor Boulevard, Suite 2300, Irving, TX 75039, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

24.     Fluor Daniel Services Corporation, f/k/a Davis Constructors & Engineers, Inc., a Delaware corporation whose principle place of business is Daniel Building, Greenville, SC 29602, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

25.     FMC Corporation, individually and as successor in interest to Peerless Pump Co., a Delaware corporation whose principle place of business is 1735 Market Street, Philadelphia, PA 19103, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

26.     Ford Motor Company, a Delaware corporation whose principal place of business is The American Road, Dearborn, MI 48126, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

27.     Foster Wheeler Energy Corporation, a Delaware corporation whose principle place of business is Perryville Corporate Park, Clinton, NJ 08809, may be served through its registered agent c/o Prentice Hall, 4845 Jimmy Carter Boulevard, Norcross, GA 30093.

28.     Foster Wheeler LLC, a Delaware corporation whose principle place of business is Perryville Corporate Park, Clinton, NJ 08809, may be served through its registered agent c/o Prentice Hall, 4845 Jimmy Carter Boulevard, Norcross, GA 30093.

29.     Garlock, Inc., a Delaware corporation whose principle place of business is 1666

9

Case MDL No. 875 Document 7529-2 Filed 06/19/11 Page 10 of 26

Division Street, Palmyra, NY 14522, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

30.     Garlock Sealing Technologies, LLC, a Delaware corporation whose principle place of business is 1666 Division Street, Palmyra, NY 14522, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

31.     General Electric Company, a New York corporation whose principal place of business is P.O. Box 2216, Schenectady, New York 12301, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

32.     Georgia-Pacific LLC, individually and as successor in interest to Bestwall Gypsum Company, a Delaware corporation whose principal place of business is 133 Peachtree Street Northeast, 42nd Floor, Atlanta, GA 30303, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

33.     The Goodyear Tire & Rubber Company, an Ohio corporation whose principal place of business is 1144 East Market Street, Akron, OH, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

34.     Goulds Pumps, Incorporated, a Delaware corporation whose principal place of business is 240 Fall Street, Seneca Falls, NY 13148, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

35.     Hobart Brothers Company, an Ohio corporation whose principal place of business is 101 Trade Square East, Troy, OH 45373, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

36.     Honeywell International Inc., individually and as successor in interest to Allied

10

Case MDL No. 875-9 Document 7529-2 Filed 06/19/11 Page 22 of 26

Chemical Inc., f/k/a Bendix Corporation, a Delaware corporation whose principle place of business is 1209 Orange Street, Wilmington, DE 19801, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

37.     IES Industrial, Inc., individually and as successor in interest to Davis Electrical Constructors, Inc., a South Carolina corporation whose principal place of business is 429 North Main Street, Greenville, SC 29601, may be served through its registered agent c/o CT Corporation System, 1300 East 9th Street, Cleveland, OH 44114.

38.     Industrial Holdings Corporation, f/k/a The Carborundum Company, a New York corporation whose principal place of business is 1271 A Sixth Avenue, New York, NY 10020, may be served through its registered agent c/o Prentice Hall, 80 State Street, Albany, NY 12207.

39.     John Crane Inc. f/k/a John Crane Packing Company, a Delaware corporation whose principal place of business is 229 South State Street, Dover, DE 19901, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

40.     The Lincoln Electric Company, an Ohio corporation whose principal place of business is 22801 St. Clair Avenue, Cleveland, OH 44117, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

41.     Linde, Inc., f/k/a Airco, Inc., a Delaware corporation whose principal place of business is 575 Mountain Avenue, Murray Hill, NJ 07974, may be served through its registered agent c/o Corporation Service Company, 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

42.     Metropolitan Life Insurance Company, a New York corporation whose principal place of business is One Madison Avenue, New York, NY 10010, may be served through its

11

Case MDL No. 875 Document 7529-2 Filed 06/19/11 Page 13 of 26

registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

43.    Miller Electric Manufacturing Company, a Wisconsin corporation whose principal place of business is 3600 West Lake Avenue, Glenview, IL 60026, may be served through its registered agent c/o CT Corporation System, 8025 Excelsior Drive, Madison, WI, 53717.

44.    Miller Welding and Machine Co., a Pennsylvania corporation whose principal place of business is 111 2nd Street, P.O. Box G, Brookville, PA 15825, may be served through its highest ranking officer at P.O. Box G, Brookville, PA 15825.

45.    National Service Industries, Inc., a Delaware corporation whose principal place of business is 1420 Peachtree Street Northeast, Atlanta, GA 30309, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

46.    Rockwell Automation, Inc., a/k/a Rockwell International Corporation, a Delaware corporation whose principal place of business is 777 East Wisconsin Avenue, Suite 1400 MW31, Milwaukee, WI 53202, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

47.    Saint-Gobain Abrasives, Inc., individually and as successor in interest to Norton Company, a Massachusetts corporation whose principal place of business is One New Bond Street, Worcester, MA, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

48.    Sepco Corporation, a California corporation whose principal place of business is 29982 Ivy Glenn Drive, Laguna Niguel, CA 92677, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

49.     Spirax Sarco, Inc., a Delaware corporation whose principal place of business is 1150 Northpoint Boulevard, Blythewood, SC 29016, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

50.     Sterling Fluid Systems (USA), LLC, f/k/a Peerless Pump Company, a Delaware corporation whose principal place of business is 2005 Dr. Martin Luther King Street, Indianapolis, IN 46202, may be served through its registered agent c/o CT Corporation System, 251 East Ohio Street, Suite 1100, Indianapolis, IN 46204.

51.     Thermo Electric Co., Inc., n/k/a Exteco, Inc., a New Jersey corporation whose principal place of business is 109 North 5th Street, Saddle Brook, NJ 76620, may be served through its highest ranking officer at 109 North 5th Street, Saddle Brook, NJ 76620.

52.     Tyco International (US) Inc., individually and as successor in interest to Tyco Valves and Controls, Grinnel Supply, Grinnel Fire Protection, and Simplex Grinnel, a Massachusetts corporation whose principal place of business is One Tyco Park, Exeter, NH 03833, may be served through its registered agent c/o CT Corporation System, 101 Federal Street, Boston, MA 02110.

53.     The William Powell Company, an Ohio corporation whose principal place of business is 2503 Spring Grove Avenue, Cincinnati, OH 45214, may be served through its registered agent c/o D.R. Cowart, 2503 Spring Grove Avenue, Cincinnati, OH 45214.

## ALLEGATIONS

54.     Plaintiff Holland has been diagnosed with and suffers from an asbestos-related disease as a result of his exposure to crocidolite, amosite, chrysotile, tremolite, and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to

13

as "asbestos."

55.     Plaintiff's Decedent Billy Joe Legg was diagnosed with and suffered from an asbestos-related disease as a result of his exposure to crocidolite, amosite, chrysotile, tremolite, and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos." As a result of his exposure to asbestos, Billy Joe Legg died of mesothelioma on September 30, 2010.

56.     Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive, and deadly tissue damage which can manifest itself as malignant mesothelioma, lung cancer, and other cancers. Most airborne asbestos fibers are microscopic in size, fall at a very slow rate, and can easily be "re-entrained" into the atmosphere. All asbestos fibers are indestructible up to very high temperatures and do not disintegrate. Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the ACMs from which the fibers were released are no longer in use. Suspended asbestos fibers settle on all objects introduced into such environments, including but not limited to work clothing, and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing. Such asbestos-laden clothing can contaminate a home, car, or other locations by subsequently releasing asbestos fibers into the atmosphere of the new location.

57.     At all times pertinent hereto, the Plaintiff Holland and Plaintiff's Decedent Legg were users and consumers of the asbestos and asbestos products manufactured and supplied by the Defendants.

58.     During the above-stated years, the Plaintiff Holland and Plaintiff's Decedent Legg, while working with and around asbestos and asbestos products manufactured and supplied

14

Case MDL No. 875 Document 7529-2 Filed 06/29/11 Page 18 of 26

by the above-named Defendants, were caused to inhale asbestos fibers which were released from the said products and became airborne during the products' intended use.

59.     At all times pertinent hereto, the product or products manufactured, distributed, sold, and/or supplied by the Defendant corporations reached Plaintiff Holland and Plaintiff's Decedent Legg without any substantial changes in the condition of the product or products from the time they were sold.

60.     Each Defendant, both substantially prior to and during the exposure period, contaminated the work sites of Plaintiff Holland and Plaintiff's Decedent Legg with respirable asbestos fibers by one or more of the following means:

       a.     installing, removing, handling, designing, testing, evaluating, manufacturing, mining, packaging, furnishing, supplying, and/or selling ACMs;

       b.     recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied, and/or sold;

       c.     failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on, or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied, and/or sold when the use of the same was reasonably foreseeable;

       d.     failing to maintain the work sites of Plaintiff Holland and Plaintiff's Decedent Legg in a reasonably safe manner by allowing those sites to become contaminated with asbestos;

e.      failing to adequately warn Plaintiff Holland and Plaintiff's Decedent Legg of the danger posed by the inhalation or injection of asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate his exposure to asbestos;

f.      In addition, contractors and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and otherwise disturbing asbestos-containing products in such a manner to cause the release of asbestos fibers;

g.      In addition, premises owners are sued for negligently installing, removing, maintaining, or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities including their exposure to asbestos.

61.      At all relevant times hereto, the Defendants knew or should have known all of the following: (1) that asbestos is a deleterious and carcinogenic substance, extremely hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined use of ACMs over a significant period of time would pollute Plaintiff Holland and Plaintiff's Decedent Legg's home and work environments, virtually insuring that they would constantly be exposed to asbestos.

## VENUE

62.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiffs are resident citizens of Alabama. Defendants are corporations whose principal

16

places of business are in states other than Alabama. The amount in controversy, exclusive of interest and cost, exceeds $75,000.00 and is within the jurisdiction of the Court.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

63.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

64.  At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance Company, the above-named Defendants are liable to the Plaintiffs jointly and/or severally for being generally negligent in failing to provide a safe product, and more specifically as follows:

> a.     For carelessly and negligently installing, distributing, supplying, manufacturing, and selling the said asbestos and asbestos products so as to cause injury to the Plaintiffs;

> b.     For carelessly and negligently creating and allowing a dangerous condition to exist by failing to properly package the said products;

> c.     For carelessly and negligently allowing a dangerous condition by failing to inspect the packaging of the said products;

> d.     For carelessly and negligently creating and allowing a dangerous condition by failing to provide proper instructions for handling said products;

> e.     For failing to exercise the requisite degree of care and caution in the distribution, manufacture, supply, and sale of the said products;

> f.     For failing to warn and/or adequately warn of the dangers of the product or products when the Defendant corporations knew or should have known that the use and/or exposure to the product or products would cause disease and injury;

17

Case MDL No. 875 Document 7529-2 Filed 06/29/11 Page 18 of 20

g.     For failing to take reasonable precautions to warn of the dangers to which Plaintiff Holland and Plaintiff's Decedent Legg were exposed when the Defendants knew or should have known of the said dangers;

h.     In failing to warn the Plaintiff Holland and Plaintiff's Decedent Legg what would be safe and sufficient wearing apparel for a person who is exposed to or using the said product or products;

i.     For negligently failing to inform Plaintiff Holland and Plaintiff's Decedent Legg of what would be safe, sufficient, and proper protective equipment and appliances when using or being exposed to the products;

j.     For failing to test the products;

k.     For failing to remove the product from the market when the Defendant corporations knew or should have known of the hazards of exposure to the products;

l.     For failing to use substitute materials for the asbestos in the asbestos-containing products;

m.     For failing to mark, label, or otherwise identify and distinguish during installation and subsequently those products which contain asbestos;

n.     For failing to warn Plaintiff Holland and Plaintiff's Decedent Legg's employers of the dangers associated with the inhalation of asbestos fibers;

o.     In negligently suppressing the dissemination of medical and scientific information relating to the harmful effects of exposure to asbestos and asbestos-containing products and in prohibiting the publication of certain scientific and medical articles.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries

Case MDL No. 875 Document 7529-2 Filed 06/29/11 Page 26 of 26

and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

<h2 style="text-align:center">SECOND CAUSE OF ACTION</h2>

<h3 style="text-align:center">STRICT LIABILITY</h3>

65.    The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

66.  At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance Company, the above-named Defendants are strictly liable to the Plaintiffs as follows:

a.    For failure to properly, adequately, and safely label the product or products;

b.    For selling a product or products which were in a defective condition and unreasonably dangerous in their design and manufacture at the said time of sale;

c.    For selling a product or products which were in a defective condition because they were without all necessary elements to make them safe for use;

d.    For selling a product or products that were in a defective condition and because of a failure to give adequate and complete warnings of the known or knowable dangers involved in the use and exposure to the product or products.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## THIRD CAUSE OF ACTION
## GROSS, WILLFUL, AND WANTON MISCONDUCT

67.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

68.     The Defendants are liable to the Plaintiffs for their gross, willful, and wanton misconduct in knowingly and intentionally concealing and misrepresenting the dangerous characteristics of their asbestos products, as well as concealing the detrimental aspects of asbestos contained in its products to Plaintiff Holland and Plaintiff's Decedent Legg's health and physical condition.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful

behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## FOURTH CAUSE OF ACTION

## PREMISES LIABILITY

69.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

70.     Plaintiff Holland and Plaintiff's Decedent Legg were exposed to asbestos while on the premises of the Premises Defendants. Plaintiff Holland and Plaintiff's Decedent Legg were on Premises Defendants' premises at their express or implied invitation and entered for a purpose connected with the business of Premises Defendants, or their predecessors in interest, that resulted in or may have resulted in their mutual economic benefit.

71.     The condition of Premises Defendants' property posed an unreasonable risk of harm to those on the premises and their families, including Plaintiff Holland and Plaintiff's Decedent Legg. The presence of asbestos and asbestos dust on Premises Defendants' premises constituted a concealed defect at the time that Plaintiff Holland and Plaintiff's Decedent Legg arrived at the premises. The manner of use of asbestos and asbestos-containing materials at Premises Defendants' facilities created an unreasonably dangerous condition at these facilities for both primary and secondary asbestos exposure.

21

72.     While Plaintiff Holland and Plaintiff's Decedent Legg were working at these premises, their work activity included being exposed to asbestos particles and asbestos dust.

73.     As the possessors, owners, operators, managers, and/or occupiers of the premises, Premises Defendants had non-delegable duties to keep the premises safe for invitees.

74.     Premises Defendants knew or should have known of the danger of exposure to asbestos or asbestos dust on their premises and failed to exercise ordinary care to protect Plaintiff Holland and Plaintiff's Decedent Legg from the danger.     Premises Defendants failed to adequately warn Plaintiff Holland and Plaintiff's Decedent Legg of the presence and hazards of asbestos, asbestos dust and others working with asbestos and failed to make this condition reasonably safe.     These failures were a proximate cause of Plaintiff Holland and Plaintiff's Decedent Legg's injuries and damages.

75.     Further, Premises Defendants, or their predecessors in interest, engaged in negligent activity by exposing Plaintiff Holland and Plaintiff's Decedent Legg secondarily to asbestos particles and/or asbestos dust.     Premises Defendants, their agents, servants, and/or employees were further guilty of certain acts, wrongs, omissions, and/or undertakings with respect to the use and misuse of asbestos-containing products at Premises Defendants' facilities, each of which, independently or in combination with one another, amount to negligence. This negligent activity, omission, or undertaking was a proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful

22

behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## FIFTH CAUSE OF ACTION

## CONSPIRACY AGAINST METROPOLITAN LIFE INSURANCE COMPANY

76.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

77.     Defendant Metropolitan Life Insurance Company agreed and conspired with miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

78.     Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published favorable portions of their findings and/or refrained from publishing anything. Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors to mislead and obfuscate.

79.     Defendant Metropolitan Life Insurance Company knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted manufacturers of asbestos-containing products in keeping Plaintiff Holland, Plaintiff's Decedent

Legg, other business invitees, users, bystanders, household members, members of the general public, and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos-containing products knowing that they would not discover or realize the danger or would fail to protect themselves against it.

80.     Defendant Metropolitan Life Insurance Company directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

      a.     Had no adequate basis for such representations;

      b.     Knew that a significant health hazard to human life existed from asbestos.

81.     Defendant Metropolitan Life Insurance Company had reason to expect that as a result of such representation, Plaintiff Holland, Plaintiff's Decedent Legg, other business invitees, users, bystanders, household members, members of the general public, and others similarly situated would be exposed to asbestos.

82.     Even after the dangers of asbestos finally began to be known to Plaintiff Holland, Plaintiff's Decedent Legg, other business invitees, users, bystanders, household members, members of the general public, or others similarly situated, Metropolitan Life Insurance Company continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions, to destroy records and hide witnesses and other evidence, and for such other wrongful and unnecessary action so as to:

      a.     Prevent and delay Plaintiff Holland, Plaintiff's Decedent Legg, and others similarly situated from filing legal action to recover for these injuries, and/or;

      b.     Defeat and/or delay such legal actions and the final collection of any judgment.

83.   Similarly, Defendant Metropolitan Life Insurance Company aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

84.   As a direct and proximate result of the above wrongful conspiracy of Metropolitan Life Insurance Company, Plaintiff Holland and Plaintiff's Decedent Legg were exposed to asbestos and developed the aforementioned asbestos-related diseases and sustained the injuries described herein.

85.   As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Metropolitan Life Insurance Company, Plaintiff Holland and Plaintiff's Decedent Legg were exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers causing Plaintiff Holland and Plaintiff's Decedent Legg to develop the asbestos-related diseases aforesaid, disabling and disfiguring them. Plaintiffs have been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of these asbestos-induced diseases and conditions. Plaintiff Holland and Plaintiff's Decedent Legg have experienced great physical pain and mental anguish as a result of their asbestos-induced diseases and conditions, and have been hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued them.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants'

wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## SIXTH CAUSE OF ACTION

### WRONGFUL DEATH AS TO PLAINTIFF'S DECEDENT BILLY JOE LEGG

86.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

87.     Plaintiff Gregory A. Legg is the Executor of the Estate of Billy Joe Legg, deceased. Pursuant to Alabama law he is entitled under the Wrongful Death Act, Ala. Code 1975 § 6-5-410, to bring this action to recover for the wrongful death of Billy Joe Legg.

88.     Prior to his death, the Plaintiff's Decedent could have timely filed a cause of action in this jurisdiction for his personal injuries resulting from the same series of wrongful acts alleged herein.

89.     The Alabama Wrongful Death Act entitles Plaintiff Gregory A. Legg to recover punitive damages for even the simple negligence of the Defendants without any applicable cap on same. The Plaintiff seeks monetary damages in excess of the jurisdictional limits of this Court.

90.     Plaintiff Gregory A. Legg alleges that his Decedent's injuries and damages were a proximate consequence of the negligent, wanton, or wrongful conduct of the Defendants.

91.     As a proximate consequence of the aforesaid wrongful, negligent or wanton conduct of each of the above-described Defendants, Plaintiff's Decedent was injured and damaged as follows:

(a)     Plaintiff's Decedent suffered substantial occupational asbestos exposure, which caused mesothelioma; and

(b)     Plaintiff's Decedent was caused to endure extreme pain and suffering relating to the aforementioned asbestos related disease between the time of his injury and his death; and

(c)     Defendants' reckless, willful, wanton and/or wrongful behavior caused or contributed to cause injury and subsequent death of Plaintiff's Decedent.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.  Plaintiffs request reasonable attorney's fees.  Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## DAMAGES

92.     The Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

27

93.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff Holland and Plaintiff's Decedent Legg were exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers causing Plaintiff Holland and Plaintiff's Decedent Legg to develop the asbestos-related diseases aforesaid, disabling and disfiguring them. Plaintiffs have been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of these asbestos-induced diseases and conditions. Plaintiff Holland and Plaintiff's Decedent Legg have experienced great physical pain and mental anguish as a result of their asbestos-induced diseases and conditioned, and have been hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued them.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

THIS the 21st day of June, 2011.

G. PATTERSON KEAHEY
ASB-6357-A64G
*Attorney for Plaintiffs*

LAW OFFICES OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:        205-871-0707
FACSIMILE: 205-871-0801
EMAIL:        efile@mesohelp.com

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**

G. PATTERSON KEAHEY