ADRMOP, E-Filing

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:11-cv-03376-SI

Donlon v. AC and S, Inc. et al
Assigned to: Hon. Susan Illston
Case in other court: San Francisco Superior Court, CGC-09-275218
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 07/08/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

### Plaintiff

**Patti Donlon**
*individually and as Successor-in-Interest to the Estate of Patrick Theisen Donlon, Decedent*

represented by **Roger Edward Gold**
Harowitz & Tigerman, LLP
450 Sansome St.
3rd Floor
San Francisco, CA 94111
415-788-1588
Fax: 415-788-1598
Email: gold@htlaw.info
*ATTORNEY TO BE NOTICED*

**Stephen Michael Tigerman**
Harowitz & Tigerman LLP
450 Sansome St.
3rd Floor
San Francisco, CA 94111
415-788-1588
Fax: 415-788-1598
Email: tigerman@htlaw.info
*ATTORNEY TO BE NOTICED*

**Steven M. Harowitz**
Harowitz & Tigerman
450 Sansome Street
3rd Floor
San Francisco, CA 94111
415-788-1588
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Sean Donlon**

represented by **Roger Edward Gold**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Michael Tigerman**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Steven M. Harowitz**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AC And S, Inc.**

**Defendant**

**Asbestos Corporation, Ltd.**

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Crown, Cork & Seal Company, Inc.**
*individually and as successor-in-interest to Mundet Corp. Cork*

**Defendant**

**Garlock Sealing Technologies LLC**
*individually and as successor-in-interest to Garlock, Inc.*

**Defendant**

**General Electric Company**

**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Parkerhannifin Corporation**
*as successor-in-interest to Sacomo Sierra*

**Defendant**

**Owens-Illinois Corporation**

**Defendant**

**Quintec Industries, Inc.**

**Defendant**

**Soco-Lynch Corporation**
*success in interest to Western Chemical*
*& Manufacturing Company*

<u>**Defendant**</u>

**Swinerton Builders**
*formerly known as*
Swinerton & Walberg Co.

<u>**Defendant**</u>

**Thomas Dee Engineering Company**

<u>**Defendant**</u>

**Trane U.S. Inc.**
*formerly known as*
American Standard, Inc.

<u>**Defendant**</u>

**Union Carbide Corporation**

<u>**Defendant**</u>

**Viacom, Incorporated**
*as successor-by-merger to CBS*
*Corporation fka Westinghouse Electric*
*Corporation*

represented by **Kevin Douglas Jamison**
Pond North LLP
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
(213) 617-6170
Fax: (213) 623-3594
Email: kjamison@pondnorth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Allis-Chalmers Corporate Product
Liability Trust**

<u>**Defendant**</u>

**Bayer Cropscience, Inc.**
*successor to Amchem Products, Inc.*

<u>**Defendant**</u>

**Enpro Industries Inc.**
*individually and as successor-in-*
*interest to Anchor Packing Company*

<u>**Defendant**</u>

**Hopeman Brothers, Inc.**

<u>**Defendant**</u>

**SB Decking, Inc.**

*formerly known as*
Selby, Battersby & Company

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**Hamilton Materials, Inc.**

**Defendant**

**Hanson Permanente Cement Inc**
*formerly known as*
Kaiser Cement Corporation

**Defendant**

**Kaiser Gypsum Co., Inc.**

**Defendant**

**Kelly-Moore Paint Company, Inc.**

**Defendant**

**Eaton Aeroquip LLC**

**Defendant**

**Pneumo-Abex Corporation**
*successor-in-interest to Abex*
*Corporation*

**Defendant**

**Honeywell International, Inc.,**
*formerly known as*
Allied Signal, Inc./The Bendix
Corporation

**Defendant**

**Borg-Warner Corporation**
*by its successor in interest, Borgwarner*
*Morse Tec, Inc.*

**Defendant**

**Bridgestone/Firestone North**
**American Tire, LLC**

**Defendant**

**Dana Companies, LLC**

**Defendant**

**Goodrich Corporation**

**Defendant**

**Federal-Mogul Asbestos Personal Injury Trust**
*as successor to Felt Products Manufacturing Co.*

**Defendant**

**Ford Motor Company**

**Defendant**

**General Motors Corporation**

**Defendant**

**International Truck and Engine Coporation**

**Defendant**

**Navistar Inc.**

**Defendant**

**Goodyear Tire & Rubber Company, The**

**Defendant**

**Aircraft Braking Systems Corporation**

**Defendant**

**Meggitt Aircraft Braking Systems Coporation**

**Defendant**

**Parker-Hannifin Corporation**
*as successor to EIS and Cali-Block*

**Defendant**

**Curtiss-Wright Corporation**                    represented by **Deborah Ann Smith**
Gordon & Rees LLP
275 Battery Street
Suite 2000
San Francisco, CA 94111
415-986-5900
Fax: 415-986-8054
Email: dasmith@gordonrees.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**McDonnell Douglas Corporation**

*individually and as successor-in-interest to Douglas Aircraft Company, Inc.*

**Defendant**

**Eaton Corporation**

**Defendant**

**United Technologies Corporation**
*formerly known as*
Pratt & Whitney, Inc.

represented by **John Karry Son**
Tucker Ellis & West LLP
515 S. Flower St.
Forty Second Floor
Los Angeles, CA 90071
213-430-3310
Fax: 213-430-3409
Email: john.son@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Lance D. Wilson**
Tucker Ellis & West LLP
135 Main Street
Suite 700
San Francisco, CA 94105
(415) 617-2400
Fax: (415) 617-2409
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pratt & Whitney Power Systems, Inc.**

**Defendant**

**Vought Aircraft Industries, Inc.**

**Defendant**

**Hawker Beechcraft Corporation**
Brown Eassa & McLeod LLP
1999 Harrison Street
18th Floor
Oakland, CA 94612
(510) 444-3131

represented by **Susan A. Ogdie**
Filice Brown Eassa & McLeod, LLP
1999 Harrison Street
18th Floor
Oakland, CA 94612
510-444-3131
Fax: 510-839-7940
Email: sogdie@browneassa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Schneider Electric USA, Inc. f/k/a
Square D Company**

represented by **Brendan John Tuohy**
K&L GATES, LLP
4 Embarcadero Ctr 12th Fl
San Francisco, CA 94111

415-249-1077
Fax: 415-882-8220
Email: brendan.tuohy@klgates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Continental Motors, Inc.**    represented by    **Will Spencer Skinner**
Drinker Biddle & Reath LLP
333 South Grand Avenue
Suite 1700
Los Angeles, CA 90071-1504
213-253-2300
Fax: 213-253-2301
Email: skinner@deforestlawfirm.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/08/2011 | 1 | NOTICE OF REMOVAL from San Francisco Superior Court. Their case number is CGC-09-275218. (Filing fee $350 receipt number 34611061941). Filed byUnited Technologies Corporation. (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 |   | CASE DESIGNATED for Electronic Filing. (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 | 2 | Certificate of Interested Entities by United Technologies Corporation (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 | 3 | NOTICE of Pendency of Other Action or Proceeding by United Technologies Corporation (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 | 4 | CERTIFICATE OF SERVICE by United Technologies Corporation (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 10/12/2011. Case Management Conference set for 10/19/2011 01:30 PM. (Attachments: # 1 Standing Order)(vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 | 6 | NOTICE of Tag-Along Action by United Technologies Corporation (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/15/2011 | 7 | *Defendant Hawker Beechcraft Corporation's* ANSWER to Complaint *for Damages (Wrongful Death and Survival - Asbestos)* byHawker Beechcraft Corporation. (Ogdie, Susan) (Filed on 7/15/2011) (Entered: 07/15/2011) |
| 07/15/2011 | 8 | Declination to Proceed Before a U.S. Magistrate Judge by Hawker Beechcraft Corporation. (Ogdie, Susan) (Filed on 7/15/2011) (Entered: 07/15/2011) |
| 07/15/2011 | 9 | *Defendant Schnedier Electric USA, Inc.'s Answer to Amended Complaint* ANSWER to Complaint with Jury Demand bySchneider Electric USA, Inc. |

| | | |
|---|---|---|
| | | f/k/a Square D Company. (Tuohy, Brendan) (Filed on 7/15/2011) (Entered: 07/15/2011) |
| 07/15/2011 | 10 | MOTION to Dismiss for Lack of Prosecution filed by Curtiss-Wright Corporation. Motion Hearing set for 9/8/2011 11:00 AM in Courtroom 4, 3rd Floor, Oakland before Magistrate Judge Donna M. Ryu. Responses due by 7/29/2011. Replies due by 8/5/2011. (Attachments: # 1 Declaration Declaration in Support of Motion to Dismss, # 2 Proposed Order Proposed Order to Motion to Dismiss)(Smith, Deborah) (Filed on 7/15/2011) (Entered: 07/15/2011) |
| 07/15/2011 | 11 | Joinder by Curtiss-Wright Corporation. (Attachments: # 1 Exhibit Specially Appearing Defendant Curtiss-Wright Corporation's Notice of Related Cases, # 2 Exhibit Specially Appearing Defendant Curtiss-Wright Corporation's Notice of Tag-Along Action, # 3 Exhibit Declination to Proceed Before a Magistrate Judge and Reqeust for Reassignment to a United States District Judge)(Smith, Deborah) (Filed on 7/15/2011) (Entered: 07/15/2011) |
| 07/15/2011 | 12 | Disclosure Statement filed by Curtiss-Wright Corporation. (Smith, Deborah) (Filed on 7/15/2011) Modified on 7/18/2011 (vlk, COURT STAFF). (Entered: 07/15/2011) |
| 07/15/2011 | 13 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (ig, COURT STAFF) (Filed on 7/15/2011) (Entered: 07/18/2011) |
| 07/19/2011 | 14 | ANSWER to Complaint with Jury Demand byContinental Motors, Inc.. (Skinner, Will) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/19/2011 | 15 | Certificate of Interested Entities by Continental Motors, Inc. identifying Corporate Parent Technify Motor (USA) Inc. for Continental Motors, Inc.. (Skinner, Will) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/19/2011 | 16 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Susan Illston for all further proceedings. Magistrate Judge Donna M. Ryu no longer assigned to the case. Signed by the Executive Committee on July 19, 2011. (cjl, COURT STAFF) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/19/2011 | 17 | NOTICE by Viacom, Incorporated *of Filing State Court Answer to Complaint and Jury Demand* (Attachments: # 1 Exhibit A - CBS's Answer to Complaint, # 2 Exhibit B - CBS' Demand for Jury Trial)(Jamison, Kevin) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/19/2011 | 18 | Certificate of Interested Entities by Viacom, Incorporated re 17 Notice (Other) *Pursuant to FRCP Rule 7.1* (Jamison, Kevin) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/19/2011 | 19 | NOTICE by Viacom, Incorporated *of Related Cases* (Jamison, Kevin) (Filed on 7/19/2011) (Entered: 07/19/2011) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 07/19/2011 11:50:09 |

| PACER Login: | te0445 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 4:11-cv-03376-SI |
| Billable Pages: | 5 | Cost: | 0.40 |

1  STEPHEN M. TIGERMAN  (Bar No. 112127)
   STEVEN M. HAROWITZ  (Bar No. 71117)
2  ROGER E. GOLD (Bar No. 214802)
   HAROWITZ & TIGERMAN, LLP
3  450 Sansome Street, 3rd Floor   CASE MANAGEMENT CONFERENCE SET
   San Francisco, California  94111
4  Telephone     (415) 788-1588
5  Attorneys for Plaintiffs

ENDORSED
FILED
San Francisco County Superior Court

MAY 2 2 2009

JUN 1 6 2010   -1:30 PM

GORDON PARK-LI, Clerk
BY:   PARAM NATT
          Deputy Clerk

6                      DEPARTMENT 206

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

10

11  PATTI DONLON, Individually and as Successor-in-      )   No. CGC-09-275218
    Interest to the Estate of PATRICK THEISEN DONLON,    )
12  Decedent; SEAN DONLON; and DOES ONE through          )   COMPLAINT FOR
    TEN, inclusive,                                      )     DAMAGES
13                                                       )
                   Plaintiffs,                           )   (Wrongful Death)
14                                                       )   Negligence,
            vs.                                          )   Strict Liability, Products
15                                                       )   Liability for Clutch Components
    AC AND S, INC.; ASBESTOS CORPORATION, LTD.;          )   and Brake Assemblies,
16  A.W. CHESTERTON COMPANY; CROWN, CORK &               )   Enterprise Liability,
    SEAL COMPANY, INC., Individually and as Successor-   )   False Representation,
17  in-Interest to MUNDET CORK CORP.; GARLOCK            )   [Restatement Sec. 402-B],
    SEALING TECHNOLOGIES LLC, Individually and as        )   Survival Action,
18  Successor-in-Interest to GARLOCK, INC.; GENERAL      )   Loss of Consortium,
    ELECTRIC COMPANY; J T THORPE & SON, INC.;            )   Punitive Damages
19  METROPOLITAN LIFE INSURANCE COMPANY;                 )
    PARKER-HANNIFIN CORPORATION, as Successor-           )
20  in-Interest to SACOMO SIERRA; OWENS-ILLINOIS         )
    CORPORATION; QUINTEC INDUSTRIES, INC.;               )   (Asbestos)
21  SOCO-LYNCH CORPORATION, successor-in-interest        )
    to WESTERN CHEMICAL & MANUFACTURING                  )
22  COMPANY; SWINERTON BUILDERS f/k/a                    )
    SWINERTON & WALBERG CO.; THOMAS DEE                  )
23  ENGINEERING COMPANY; TRANE U.S. INC., fka            )
    AMERICAN STANDARD, INC.; UNION CARBIDE               )
24  CORPORATION; VIACOM, INCORPORATED, as                )
    successor-by-merger to CBS CORPORATION,  fka         )
25  WESTINGHOUSE ELECTRIC CORPORATION;                   )
    ALLIS-CHALMERS CORPORATION PRODUCT                   )
26  LIABILITY TRUST; BAYER CROPSCIENCE, INC.,            )
    successor to AMCHEM PRODUCTS, INC.; ENPRO            )
27  INDUSTRIES, INC., Individually and as Successor-in-  )
    Interest to ANCHOR PACKING COMPANY;                  )
28  HOPEMAN BROTHERS, INC.; SB DECKING, INC.,            )
    formerly known as SELBY, BATTERSBY &                 )

2120/complaint.wd                      1            COMPLAINT FOR DAMAGES
                                                   WRONGFUL DEATH - ASBESTOS

1  COMPANY; GEORGIA-PACIFIC CORPORATION;
   HAMILTON MATERIALS, INC.; HANSON
2  PERMANENTE CEMENT, INC. fka KAISER CEMENT
   CORPORATION; KAISER GYPSUM CO., INC.;
3  KELLY-MOORE PAINT COMPANY, INC.; EATON
   AEROQUIP, LLC; PNEUMO-ABEX CORPORATION,
4  Successor-in-Interest to ABEX CORPORATION;
   HONEYWELL INTERNATIONAL, INC. fka ALLIED
5  SIGNAL, INC./THE BENDIX CORPORATION; BORG-
   WARNER CORPORATION by its Successor in Interest,
6  BORGWARNER MORSE TEC, INC.;
   BRIDGESTONE/FIRESTONE NORTH AMERICAN
7  TIRE, LLC; DANA COMPANIES, LLC; GOODRICH
   CORPORATION; FEDERAL-MOGUL ASBESTOS
8  PERSONAL INJURY TRUST, as successor to FELT
   PRODUCTS MANUFACTURING CO.; FORD MOTOR
9  COMPANY; GENERAL MOTORS CORPORATION;
   INTERNATIONAL TRUCK AND ENGINE
10 CORPORATION; NAVISTAR, INC.; THE
   GOODYEAR TIRE & RUBBER COMPANY;
11 AIRCRAFT BRAKING SYSTEMS CORPORATION;
   MEGGITT AIRCRAFT BRAKING SYSTEMS;
12 PARKER-HANNIFIN CORPORATION, as Successor to
   EIS and CALI-BLOK; CURTISS-WRIGHT
13 CORPORATION; MCDONNELL DOUGLAS
   CORPORATION, Individually and Successor-in-Interest
14 to DOUGLAS AIRCRAFT COMPANY, INC.; EATON
   CORPORATION; UNITED TECHNOLOGIES
15 CORPORATION, formerly known as PRATT &
   WHITNEY, INC.; PRATT & WHITNEY POWER
16 SYSTEMS, INC.; VOUGHT AIRCRAFT INDUSTRIES,
   INC.; and ELEVENTH DOE through THREE
17 HUNDREDTH DOE, inclusive,

18

19               Defendants.

20

21

22

23

24

25           FIRST CAUSE OF ACTION-NEGLIGENCE

26                  (Wrongful Death)

27   PLAINTIFFS COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND FOR A

28 CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH) ALLEGE:

1    1.    The true names and capacities, whether individual, corporate, associate,

2  governmental or otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH

3  DOE, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such

4  fictitious names.  When the true names and capacities of said defendants have been ascertained,

5  plaintiffs will amend this Complaint accordingly.  Plaintiffs are informed and believe and thereon

6  allege that each defendant designated herein as a DOE is responsible, negligently or in some other

7  actionable manner, for the events and happenings hereinafter referred to, and caused injury and

8  death to decedent and injuries and damages proximately thereby to the plaintiffs, as hereinafter

9  alleged.

10    2.    At all times herein mentioned, each of the defendants was the agent, servant,

11 employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each

12 defendant was acting in the full course and scope of said agency, service, employment and/or joint

13 venture.  Except as may be specifically noted herein, all allegations of this Complaint are made on

14 information and belief.

15    3.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

16 mentioned, defendants AC AND S, INC.; ASBESTOS CORPORATION, LTD.; A.W.

17 CHESTERTON COMPANY; CROWN, CORK & SEAL COMPANY, INC., Individually and as

18 Successor-in-Interest to MUNDET CORK CORP.; GARLOCK SEALING TECHNOLOGIES LLC,

19 Individually and as Successor-in-Interest to GARLOCK, INC.; GENERAL ELECTRIC

20 COMPANY; J T THORPE & SON, INC.; METROPOLITAN LIFE INSURANCE COMPANY;

21 PARKER-HANNIFIN CORPORATION, as Successor-in-Interest to SACOMO SIERRA;

22 OWENS-ILLINOIS CORPORATION; QUINTEC INDUSTRIES, INC.; SOCO-LYNCH

23 CORPORATION, successor-in-interest to WESTERN CHEMICAL & MANUFACTURING

24 COMPANY; SWINERTON BUILDERS f/k/a SWINERTON & WALBERG CO.; THOMAS DEE

25 ENGINEERING COMPANY; TRANE U.S. INC., fka AMERICAN STANDARD, INC.; UNION

26 CARBIDE CORPORATION; VIACOM, INCORPORATED, as successor-by-merger to CBS

27 CORPORATION,  fka WESTINGHOUSE ELECTRIC CORPORATION; ALLIS-CHALMERS

28 CORPORATION PRODUCT LIABILITY TRUST; BAYER CROPSCIENCE, INC., successor to

---

2120/complaint.wd                                    3                          COMPLAINT FOR DAMAGES
                                                                                 WRONGFUL DEATH - ASBESTOS

1  AMCHEM PRODUCTS, INC.; ENPRO INDUSTRIES, INC., Individually and as Successor-in-

2  Interest to ANCHOR PACKING COMPANY; HOPEMAN BROTHERS, INC.; SB DECKING,

3  INC., formerly known as SELBY, BATTERSBY & COMPANY; GEORGIA-PACIFIC

4  CORPORATION; HAMILTON MATERIALS, INC.; HANSON PERMANENTE CEMENT, INC.

5  fka KAISER CEMENT CORPORATION; KAISER GYPSUM CO., INC.; KELLY-MOORE

6  PAINT COMPANY, INC.; EATON AEROQUIP, LLC; PNEUMO-ABEX CORPORATION,

7  Successor-in-Interest to ABEX CORPORATION; HONEYWELL INTERNATIONAL, INC. fka

8  ALLIED SIGNAL, INC./THE BENDIX CORPORATION; BORG-WARNER CORPORATION by

9  its Successor in Interest, BORGWARNER MORSE TEC, INC.; BRIDGESTONE/FIRESTONE

10  NORTH AMERICAN TIRE, LLC; DANA COMPANIES, LLC; GOODRICH CORPORATION;

11  FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to FELT

12  PRODUCTS MANUFACTURING CO.; FORD MOTOR COMPANY; GENERAL MOTORS

13  CORPORATION;  INTERNATIONAL TRUCK AND ENGINE CORPORATION; NAVISTAR,

14  INC.; THE GOODYEAR TIRE & RUBBER COMPANY; AIRCRAFT BRAKING SYSTEMS

15  CORPORATION; MEGGITT AIRCRAFT BRAKING SYSTEMS; PARKER-HANNIFIN

16  CORPORATION, as Successor to EIS and CALI-BLOK; CURTISS-WRIGHT CORPORATION;

17  MCDONNELL DOUGLAS CORPORATION, Individually and Successor-in-Interest to

18  DOUGLAS AIRCRAFT COMPANY, INC.; EATON CORPORATION; UNITED

19  TECHNOLOGIES CORPORATION, formerly known as PRATT & WHITNEY, INC.; PRATT &

20  WHITNEY POWER SYSTEMS, INC.; VOUGHT AIRCRAFT INDUSTRIES, INC.; and

21  ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are corporations organized and

22  existing under and by virtue of the laws of the State of California, or the laws of some state or

23  foreign jurisdiction, and that said defendants were and are authorized to do and are doing business

24  in the State of California, and that said defendants have regularly conducted business in the City and

25  County of San Francisco, State of California.  The defendants identified in this paragraph are

26  hereinafter referred to as "MANUFACTURING/DISTRIBUTING DEFENDANTS".

27          4.      At all times herein mentioned, defendants, and each of them, were and are engaged

28  in the business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying,

1 selling, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance,

2 the generic name of which is asbestos, and other products containing said substance.

3       5.    Plaintiffs are informed and believe, and thereon allege, that defendant CROWN,

4 CORK & SEAL COMPANY, INC. is the successor in interest to, or otherwise liable for the acts or

5 omissions of MUNDET CORK CORP.; that defendant GARLOCK SEALING TECHNOLOGIES

6 LLC is the successor in interest to, or otherwise liable for the acts or omissions of GARLOCK,

7 INC.; that defendant PARKER-HANNIFIN CORPORATION is the successor in interest to, or

8 otherwise liable for the acts or omissions of SACOMO SIERRA; that defendant QUINTEC

9 INDUSTRIES, INC. is the successor in interest to, or otherwise liable for the acts or omissions of

10 WESTERN FIBERGLAS SUPPLY COMPANY, WESTERN FIBROUS GLASS PRODUCTS

11 COMPANY and/or WESGLAS; that defendant SOCO-LYNCH CORPORATION is the successor

12 in interest to, or otherwise liable for the acts or omissions of WESTERN CHEMICAL &

13 MANUFACTURING COMPANY; that defendant BAYER CROPSCIENCE, INC. is the successor

14 in interest to, or otherwise liable for the acts or omissions of AMCHEM PRODUCTS, INC.; that

15 defendant ENPRO INDUSTRIES, INC. is the successor in interest to, or otherwise liable for the

16 acts or omissions of ANCHOR PACKING COMPANY; that defendant PNEUMO-ABEX

17 CORPORATION is the successor in interest to, or otherwise liable for the acts or omissions of

18 ABEX CORPORATION; that defendant BORG-WARNER CORPORATION is the successor in

19 interest to, or otherwise liable for the acts or omissions of BORGWARNER MORSE TEC, INC.;

20 that defendant FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST is the successor in

21 interest to, or otherwise liable for the acts or omissions of FELT PRODUCTS MANUFACTURING

22 CO.; that defendant PARKER-HANNIFIN CORPORATION is the successor in interest to, or

23 otherwise liable for the acts or omissions of EIS and CALI-BLOK; that defendant MCDONNELL

24 DOUGLAS CORPORATION is the successor in interest to, or otherwise liable for the acts or

25 omissions of DOUGLAS AIRCRAFT COMPANY, INC.; and that each of the defendants in this

26 paragraph and listed as a successor elsewhere in this complaint, including the caption, is liable for

27 the acts and omissions of its predecessor entities, partners, divisions, related entities, subsidiaries,

28 and co-ventures.

1    6.    At all times herein mentioned, defendants, and each of them, singularly and jointly,

2  negligently and carelessly researched, tested or failed to test, warned or failed to warn,

3  manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected,

4  repaired, fabricated, modified, serviced, and sold a certain substance, the generic name of which is

5  asbestos, and other products containing said substance, in that said substance was capable of

6  causing and did, in fact, proximately cause personal injuries to users, consumers, workers and

7  others, while being used in a manner reasonably foreseeable, thereby rendering said substance

8  unsafe and dangerous for use by the consumers, users, bystanders, or workers exposed thereto.

9    7.    Plaintiffs' decedent was a worker who for a substantial length of time used, handled

10  or was otherwise exposed to asbestos and asbestos products referred to herein, in a manner that was

11  reasonably foreseeable.

12    8.    As a direct and proximate result of the conduct of the defendants, and each of them,

13  as aforesaid, the exposure to asbestos caused plaintiffs' decedent to contract mesothelioma from

14  which he died on May 27, 2008.

15    9.    Plaintiff did not learn of the causal relationship between decedent's exposure to

16  asbestos and his death until less than one year before the date on which this Complaint was filed.

17    10.    Plaintiffs were the heirs of PATRICK THEISEN DONLON, deceased, (herein

18  referred to as "decedent"), as follows:

19                 PATTI DONLON   -      SPOUSE

20                 SEAN DONLON   -      SON

21    11.    As a result of the conduct of defendants, and each of them, decedent's heirs have

22  sustained pecuniary loss resulting from the loss of love, comfort, society, attention, services and

23  support of decedent in a sum in invoking the unlimited jurisdictional limits of the Court.

24    12.    As a further result of the conduct of defendants, and each of them, and the death of

25  decedent, plaintiffs herein have incurred funeral and burial expenses in an amount to be

26  subsequently ascertained.

27    13.    For purposes of the claims alleged herein, the Federal Courts lack subject matter

28  jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship

1  due to the presence of a California defendant.  Removal is improper.  Every claim arising under the

2  Constitution, treaties, or law of the United States is expressly disclaimed, including any claim

3  arising from an act or omission on a federal enclave, or of any Officer of the U.S. or any agency or

4  person acting under him occurring under color of such of office.  No claim of admiralty or maritime

5  law is raised.  Plaintiffs sue no foreign state or agency.  By this allegation, plaintiffs are not

6  disclaiming State law claims arising exposures on Federal enclaves.  Plaintiffs are only disclaiming

7  claims which would be directed at the Federal government and/or Federal officers.  Venue is proper

8  in the City and County of San Francisco.  Plaintiff shall seek sanctions, attorneys' fees and other

9  appropriate relief in the event any defendant moves to transfer and/or remove this action to another

10  court without a reasonable period of meet and confer discussion relating to same prior to notice of

11  removal and or transfer of this action.

12      WHEREFORE, plaintiffs pray judgment as hereinafter alleged.

13          SECOND CAUSE OF ACTION - STRICT LIABILITY

14      AS FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION

15  FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, AND EACH OF

16  THEM, AND ALLEGE AS FOLLOWS:

17      14.    Plaintiffs incorporate herein by reference as though fully set forth herein all

18  paragraphs of the First Cause of Action herein.

19      15.    Defendants and each of them researched, manufactured, tested or failed to test,

20  warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, inspected,

21  repaired, offered for sale and sold a certain substance, the generic name of which is asbestos and

22  other products contained said substance, which substance and product is defective, in that same was

23  capable of causing and did, in fact, cause personal injuries, including, but not limited to

24  mesothelioma, to the users and consumers thereof while being used in a reasonably foreseeable

25  manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders

26  and workers exposed thereto; said defendants, and each of them, further failed to adequately warn of

27  the risks to which decedent and others similarly situated were exposed.

28      16.    As a direct and proximate result thereof, decedent suffered the injuries from which

1  he subsequently died, and plaintiffs have suffered the injuries and damages previously alleged.

2      WHEREFORE, plaintiffs pray judgment as hereinafter alleged.

3  <u>THIRD CAUSE OF ACTION - PRODUCTS LIABILITY (NEGLIGENCE AND STRICT</u>

4      <u>LIABILITY) FOR CLUTCH COMPONENTS AND BRAKE ASSEMBLIES,</u>

5      <u>MECHANISMS AND LININGS</u>

6      AS AND FOR A THIRD, SEPARATE, AND FURTHER DISTINCT CAUSE OF ACTION

7  FOR PRODUCTS LIABILITY (NEGLIGENCE AND STRICT LIABILITY) FOR CLUTCH

8  COMPONENTS AND BRAKE ASSEMBLIES, MECHANISMS AND LININGS, PLAINTIFFS

9  COMPLAIN OF DEFENDANTS FORD MOTOR COMPANY; GENERAL MOTORS

10  CORPORATION; INTERNATIONAL TRUCK AND ENGINE CORPORATION; NAVISTAR,

11  INC.; and TWO HUNDRED FIRST DOE through THREE HUNDREDTH DOE, inclusive, and

12  ALLEGE AS FOLLOWS:

13      17.   Plaintiff, by this reference, incorporates the allegations contained in the First and

14  Second Causes of Action as though fully set forth herein.

15      18.   FORD MOTOR COMPANY; GENERAL MOTORS CORPORATION;

16  INTERNATIONAL TRUCK AND ENGINE CORPORATION; NAVISTAR, INC.; and TWO

17  HUNDRED FIRST DOE through THREE HUNDREDTH DOE, inclusive, manufactured or

18  supplied defective clutch components and brake assemblies or mechanisms which were

19  incorporated into various makes and models of automobiles, trucks and vehicles manufactured, sold

20  or supplied by said defendants.  Said clutch components and brake assemblies or mechanisms were

21  negligently manufactured sold or supplied in that:

22      a)   The design of said clutch components and brake assemblies or mechanisms

23  incorporated the use of asbestos-containing clutch facings/plates and brake linings;

24      b)   Asbestos clutch components brake linings wear and/or deteriorate during regular

25  and ordinary use thus creating friable asbestos dust, which accumulates in the clutch brake

26  assemblies and/or mechanisms;

27      c)   The design of said clutch components brake assemblies require as a part of their

28  normal operation, use and maintenance that the asbestos clutch components and brake linings be

1   removed and replaced;

2         d)  Said defendants required the use of asbestos-containing clutch components and

3   brake linings throughout the time period 1940-1985;

4         e)  During the removal and replacement of asbestos-containing clutch components and

5   brake linings, asbestos-containing dust was inherently generated because of the design of the clutch

6   components and brake assemblies and/or mechanisms;

7         f)  Defendants knew or should have known that the asbestos-containing dust would be

8   generated during the regular use and maintenance of the clutch components and brake assemblies,

9   mechanisms and linings, and that such dust created an increased risk of asbestos disease for all

10   users, consumers, or others who breathed said asbestos-containing dust;

11         g)  The defendants, and each of them, failed to warn and/or properly instruct users,

12   consumers, or others of the asbestos-containing dust hazard which existed at the time of regular

13   maintenance or replacement of asbestos clutch components and brake linings.  Such failure

14   includes, but is not limited to:

15         a.  Failure to place prominent and adequate warnings or instructions in and on

16   the clutch components and brake pads and wheel drums;

17         b.  Failure to place adequate warnings or instructions in the owners' manuals

18   accompanying said automobiles, trucks and vehicles; and

19         c.  Failure to place adequate warnings or instructions on various repair manuals

20   and instructions published by defendants; and

21         d.  Failure to provide adequate information regarding the asbestos hazards

22   associated with the regular use and maintenance of the clutch components and brake mechanisms,

23   assemblies and/or linings.

24     19.  The clutch components and brake assemblies, mechanisms and/or linings

25   manufactured, sold or supplied by defendants failed to perform as safely as the ordinary consumer

26   would expect, even though they performed as designed.

27     20.  Defendants' use and design of asbestos-containing clutch components and brake

28   linings, both as original equipment and as replacement parts, created unreasonable inherent risks

1  which outweighed the benefits of said use and/or design.

2     21.   The dangers inherent in asbestos-containing clutch components and brake linings were

3  unknown and unforeseeable to the decedent.

4     22.   Decedent's exposure to asbestos-containing dust, which caused his injury, was from

5  his use and maintenance of defendants' clutch components and brake mechanisms, assemblies

6  and/or linings.  Said work produced the release of asbestos dust, which decedent inhaled, thus

7  increasing his risk for all asbestos-related disease.

8     23.   Defendants' negligence and defective products as described in this cause of action

9  were a direct cause of decedent's injuries, and the injuries and damages thereby sustained by

10  plaintiffs.

11       <u>FOURTH CAUSE OF ACTION - ENTERPRISE LIABILITY</u>

12     AS AND FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF

13  ACTION FOR ENTERPRISE LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, AND

14  EACH OF THEM, AND ALLEGE AS FOLLOWS:

15     24.   Plaintiff incorporates by reference as though fully set forth herein, each of the

16  paragraphs of the First, Second and Third Causes of Action herein.

17     25.   In the event plaintiffs are unable to identify the specific defendant(s) which supplied

18  the asbestos or asbestos-containing products which caused the damage referred to above, plaintiffs

19  allege that as between an innocent plaintiff and culpable defendant(s), the latter should bear the cost

20  of injury.

21     26.   Plaintiffs' decedent was exposed to asbestos and asbestos emanating from asbestos-

22  containing products which are and were fungible in appearance as well as in composition and which

23  were used in substantially the same manner by plaintiff's decedent and/or those working in the

24  vicinity of plaintiffs' decedent.  Moreover, through no fault of the plaintiffs, this asbestos and/or

25  these asbestos-containing products cannot be traced to a specific producer.

26     27.   In this action, plaintiffs have joined a substantial share of the producers of such

27  asbestos and/or asbestos-containing products which caused the injuries complained of herein, and

28  will prove at the time of trial that the defendants named herein constituted a substantial share of

1  such producers.  Accordingly, liability attaches to each named defendant to the extent of their

2  percentage of market share, in a manner consistent with the rules set forth in the decision of <u>Sindell</u>

3  <u>v. Abbott Laboratories, et al.</u>

4      28.   As a direct and legal result thereof, plaintiffs have suffered the injuries and damages

5  previously alleged.

6      WHEREFORE, Plaintiffs pray judgment against the defendants, and each of them, as

7  hereinafter set forth.

8             FIFTH CAUSE OF ACTION - FALSE REPRESENTATION

9            <u>UNDER RESTATEMENT OF TORTS Sec. 402-B</u>

10      AS AND FOR A FURTHER, FIFTH, SEPARATE AND DISTINCT CAUSE OF ACTION

11  FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS SECTION 402-B,

12  PLAINTIFFS COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND ALLEGE AS

13  FOLLOWS:

14      29.   Plaintiffs incorporate by reference all Causes of Action of this Complaint.

15      30.   At the aforementioned time when defendants, and each of them, researched,

16  manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed,

17  advertised, marketed, warranted, inspected, repaired, offered for sale and sold the said asbestos and

18  asbestos-containing products, as hereinabove set forth, the defendants, and each of them, expressly

19  and impliedly represented to members of the general public, including the purchasers and users of

20  said product, and including the decedent herein and his employers, that asbestos and asbestos-

21  containing products were of merchantable quality, and safe for the use for which they were

22  intended.

23      31.   The purchasers and users of said asbestos and asbestos-containing products,

24  including the decedent and his employer, relied upon said representations of defendants and each of

25  them, in the selection, purchase and use of asbestos and asbestos-containing products.

26      32.   Said representations by defendants, and each of them, were false and untrue, in that

27  the asbestos and asbestos-containing products were not safe for their intended use, nor were they of

28  merchantable quality as represented by defendants, and each of them, in that asbestos and asbestos

1  containing products have very dangerous properties and defects whereby said products cause
2  mesothelioma, and have other defects that cause injury and damage to the users of said products,
3  including decedent herein, thereby taking the life of plaintiffs' decedent.

4      33.   As a direct and proximate result of said false representations by defendants and each
5  of them, the plaintiffs sustained the injuries and damages hereinabove set forth.

6      WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as hereinafter
7  set forth.

8  <u>SIXTH CAUSE OF ACTION - SURVIVAL ACTION</u>

9      AS AND FOR A SIXTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
10  (SURVIVAL ACTION), PLAINTIFF PATTI DONLON AS SUCCESSOR-IN-INTEREST TO
11  THE ESTATE OF PATRICK THEISEN DONLON COMPLAIN OF DEFENDANTS, AND
12  EACH OF THEM, AND FOR A CAUSE OF ACTION ALLEGE:

13      34.   Plaintiff incorporates by reference herein each and every paragraph of all Causes of
14  Action of this Complaint, and make them a part of this, the Sixth Cause of Action, as though fully
15  set forth herein.

16      35.   Prior to his death, decedent PATRICK THEISEN DONLON had a cause of action
17  against defendants herein for personal injuries arising from his exposure to asbestos.  On May 27,
18  2008, with the foregoing cause of action still pending, PATRICK THEISEN DONLON, who would
19  have been the plaintiff in this action if he had lived, died.

20      36.   As a proximate result of the conduct of defendants, and each of them, decedent was
21  required to, and did, employ physicians and surgeons to examine, treat and care for him and did
22  incur medical and incidental expenses in a sum to be subsequently determined.

23      37.   As a further, direct and proximate result of the conduct of defendants, and each of
24  them, decedent was prevented from attending to his usual occupation for a period of time and
25  thereby incurred damages for loss of earnings in a sum to be subsequently determined.

26      WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter
27  set forth.

28  <u>SEVENTH CAUSE OF ACTION - PUNITIVE DAMAGES</u>

---

2120/complaint.wd                        12                           COMPLAINT FOR DAMAGES
WRONGFUL DEATH - ASBESTOS

1       AS FOR A FURTHER, SEVENTH, SEPARATE AND DISTINCT CAUSE OF ACTION

2   FOR PUNITIVE DAMAGES, PLAINTIFFS COMPLAIN OF ALL DEFENDANTS, INCLUSIVE,

3   AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

4       38.   Plaintiffs incorporate by reference each and every paragraph of all Causes of Action

5   of this Complaint, and make them a part of this Seventh Cause of Action as though fully set forth

6   herein.

7       39.   In researching, testing, manufacturing, distributing, labeling, and marketing asbestos

8   and asbestos products, defendants in this cause of action named, and each of them, did so with

9   conscious disregard for the safety of the users of said asbestos and asbestos products, in that

10  defendants has specific prior knowledge that there was a high risk of injury or death resulting from

11  exposure to asbestos or asbestos products, including but not limited to, mesothelioma.  Said

12  knowledge was obtained, in part, from scientific studies, government data, and medical data to

13  which defendants had access, as well as scientific studies performed by, at the request of, or with

14  the assistance of, said defendants, and which knowledge was obtained by said defendants on or

15  before 1933, and thereafter.

16      40.   On or before 1933, and thereafter, said defendants were aware that users of asbestos

17  and asbestos products, as well as members of the general public who would be exposed to asbestos

18  and asbestos products, had no knowledge or information indicating that asbestos could cause injury,

19  and said defendants knew that the users of asbestos and asbestos products, as well as members of

20  the general public who were exposed to asbestos and asbestos products would assume, and in fact

21  did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure

22  was extremely hazardous to human life.

23      41.   With said knowledge, said defendants opted to manufacture and distribute said

24  asbestos and asbestos products without attempting to protect users from or warn users of, the high

25  risk of injury or death resulting from exposure to asbestos and asbestos products.  Rather than

26  attempting to protect users and workers from, or warn workers and users of, the high risk of injury

27  or death resulting from exposure to asbestos and asbestos products, defendants intentionally failed

28  to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said

1  knowledge from members of the general public that asbestos and asbestos products were unsafe for

2  all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

3      42.  . The above-referenced conduct of said defendants was motivated by the financial

4  interest of said defendants in the continuing, uninterrupted distribution and marketing of asbestos

5  and asbestos products.  In pursuance of said financial motivation, said defendants consciously

6  disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and

7  were in fact, consciously willing to permit asbestos and asbestos products to cause injury to workers

8  and users thereof, and personnel exposed thereto, including plaintiff's decedent.

9      43.  As the above-referenced conduct of said defendants was and is willful, malicious,

10  outrageous, and in conscious disregard and indifferent to the safety and health of workers exposed

11  to asbestos and asbestos products, including decedent, plaintiffs, for the sake of example, and by

12  way of punishing said defendants, seeks punitive damages according to proof.

13      WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as

14  hereinafter set forth.

15  <u>EIGHTH CAUSE OF ACTION - LOSS OF CONSORTIUM</u>

16      AS AND FOR A FURTHER, EIGHTH, SEPARATE AND DISTINCT CAUSE OF

17  ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF PATTI DONLON COMPLAINS OF

18  DEFENDANTS, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

19      44.  Plaintiff PATTI DONLON incorporates herein by reference and makes a part hereof

20  as though fully set forth herein, all of the paragraphs of all the Causes of Action of this complaint.

21      45.  Plaintiff PATTI DONLON was at all relevant times the lawfully wedded spouse of

22  decedent PATRICK THEISEN DONLON.

23      46.  As a direct and proximate result of the conduct of defendants, and each of them, and

24  of the severe injuries caused thereby to decedent prior to his death, as hereinabove alleged, plaintiff

25  PATTI DONLON suffered loss of consortium, including, but not by way of limitation, loss of

26  services, marital relations, society, comfort, companionship, love and affection of her said spouse,

27  and has suffered severe mental and emotional distress and general nervousness as a result thereof.

28      47.  Plaintiff PATTI DONLON, as a result of the foregoing described injuries to her said

1    spouse, has been generally damaged in a sum invoking the unlimited jurisdictional limits of the

2    Court.

3            WHEREFORE, Plaintiffs pray judgment against defendants and each of them as follows:

4            1.      For general damages according to proof;

5            2.      For burial expenses according to proof;

6            3.      For medical expenses according to proof;

7            4.      For loss of income according to proof;

8            5.      For punitive damages according to proof;

9            6.      For plaintiffs' costs of suit herein; and,

10           7.      For such other and further relief as this Court deems just and proper.

11

12   DATED: May 22, 2009                        HAROWITZ & TIGERMAN, LLP

13

14                                      BY _____

15                                          ROGER E. GOLD
                                            Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

2120/complaint.wd                    15              COMPLAINT FOR DAMAGES
                                                     WRONGFUL DEATH - ASBESTOS