ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:11-cv-04967-CM

Cotrona v. CBS Corporation et al                     Date Filed: 07/20/2011
Assigned to: Judge Colleen McMahon                   Jury Demand: Defendant
Case in other court: Supreme Court- New York County, Nature of Suit: 368 P.I. : Asbestos
              190403-10                              Jurisdiction: Diversity
Cause: 28:1441 Notice of Removal

**Plaintiff**

**Cosimo Cotrona**


V.

**Defendant**

**CBS Corporation**
*successor by merger to CBS*
*Corporation*
*formerly known as*
Viacom, Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**General Electric Company**

**Defendant**

**Georgia Pacific Co.**                 represented by  **Lawrence Gable Lee**
                                                      Lynch Daskal Emery, LLP
                                                      264 West 40th Street
                                                      New York, NY 10018
                                                      (212)-302-2400
                                                      Fax: (212)-302-2210
                                                      Email: lee@lawlynch.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Kaiser Gypsum Company, Inc.**

**Defendant**

**Kentile Floors, Inc.**

**Defendant**

**Mannington Mills, Inc.**

**Defendant**

**Trane U.S. Inc.**
*formerly known as*
American Standard Inc.

**Defendant**

**United Gilsonite Laboratories**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/20/2011 | 1 | NOTICE OF REMOVAL from State Supreme, County of New York. Case Number: 190403-10. (Filing Fee $ 350.00, Receipt Number 1012027).Document filed by Georgia Pacific Co.(ama) (Entered: 07/21/2011) |
| 07/20/2011 | | Magistrate Judge James C. Francis IV is so designated. (ama) (Entered: 07/21/2011) |
| 07/20/2011 | | Case Designated ECF. (ama) (Entered: 07/21/2011) |
| 07/20/2011 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Georgia-Pacific Holdings, LLC ;Georgia-Pacific Equity Holdings, LLC ; Koch Renewable Resources, Inc. as Corporate Parent. Document filed by Georgia Pacific Co.(ama) (Entered: 07/21/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/21/2011 15:48:08 | | | |
| **PACER Login:** | ld1115 | **Client Code:** | 2000-1427 |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-04967-CM |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**11 CIV 4967**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- X
COSIMO COTRONA,                          :   Civil Action No.
                                         :
                    Plaintiff,           :
                                         :
        against                          :
                                         :
                                         :   RULE 7.1 STATEMENT
CBS CORPORATION, f/k/a VIACOM, INC.,     :
successor by merger to CBS CORPORATION,  :
f/k/a WESTINGHOUSE ELECTRIC              :
CORPORATION, et al.                      :
                                         :
                    Defendants.          :
------------------------------------------------------- X
```

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for defendant Georgia-Pacific LLC (a private non-governmental party) certifies that:

Georgia-Pacific LLC is a Delaware limited liability company, and wholly owned by Georgia-Pacific Holdings, LLC, a Delaware limited liability company. Georgia-Pacific Holdings, LLC is wholly owned by Georgia-Pacific Equity Holdings, LLC, a Delaware limited liability company. Georgia-Pacific Equity Holdings, LLC is wholly owned by Koch Renewable Resources, Inc. Koch Renewable Resources is incorporated in the State of Delaware. No public corporation owns 10 percent or more of Georgia-Pacific LLC's stock.

Dated: New York, NY
       July 19, 2011

Respectfully submitted,

LYNCH DASKAL EMERY LLP

By: _____
    Lawrence G. Lee
    Attorney Bar Code: LL-1819

264 West 40th Street
New York, New York 10018
(212)302-2400
lee@lawlynch.com

*Attorneys for Defendant Georgia-Pacific LLC*

JS 44C/SDNY
REV. 5/2010

**CIVIL COVER SHEET**

JUDGE McMAH~~~

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

11 CIV 4967

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Cosimo Cotrona | ~~Georgia-Pacific LLC~~ CBS Corporation, et al |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Weitz & Luxenberg, P.C., 700 Broadway, NY, NY 10003 (212) 558-5500 | Lynch Daskal Emery, LLP, 264 W. 40th St., NY, NY 10018 (212) 302-2400 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C 1332, 1441, and 1446

*JUL 20 2011*
*U.S.D.C. S.D. N.Y.*
*CASHIERS*

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol.[ ] Invol. [ ] Dismissed. No [ ] Yes [ ]   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*      NATURE OF SUIT

ACTIONS UNDER STATUTES

**CONTRACT**

- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**TORTS**

**PERSONAL INJURY**

- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [X] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**REAL PROPERTY**

- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

- [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**

- [ ] 610 AGRICULTURE
- [ ] 620 OTHER FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**

- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**

- [ ] 462 NATURALIZATION APPLICATION
- [ ] 463 HABEAS CORPUS- ALIEN DETAINEE
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**

- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____ OTHER _____    JUDGE _____ DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES [ ] NO     NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

**ORIGIN**

*(PLACE AN x IN ONE BOX ONLY)*

[ ] 1 Original Proceeding   [x] 2a. Removed from State Court   [ ] 3 Remanded from Appellate Court   [ ] 4 Reinstated or Reopened   [ ] 5 Transferred from (Specify District)   [ ] 6 Multidistrict Litigation   [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

[ ] 2b. Removed from State Court AND at least one party is pro se.

*(PLACE AN x IN ONE BOX ONLY)*

**BASIS OF JURISDICTION**

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [x] 4 DIVERSITY

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [X] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [X] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Cosimo Cotrona
235 Bay 43rd Street, Brooklyn, NY 11214
Citizens of the State of New York (See Removal Papers)

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Georgia-Pacific LLC
133 Peachtree Street
Atlanta, GA 30303
Citizens of the State of Delaware and Kansas (See Removal Papers)

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 07/20/2011   SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 07  Yr. 2006 )
Attorney Bar Code # LL-1819

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____  MAG. JUDGE FRANCIS  is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------------- X
COSIMO COTRONA                                 :   Civil Action No.
                                               :
                Plaintiff,                     :
                                               :
        -against-                              :
                                               :
CBS CORPORATION, f/k/a VIACOM, INC.,           :
successor by merger to CBS CORPORATION,        :
f/k/a WESTINGHOUSE ELECTRIC                    :
CORPORATION, et al.                            :
                                               :
                Defendants.                    :
--------------------------------------------------------------- X
```

## GEORGIA-PACIFIC LLC'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b), defendant Georgia-Pacific LLC

(incorrectly sued as Georgia-Pacific Co.) gives notice of removal of this action filed against it in

the Supreme Court of the State of New York, County of New York, to the United States District

Court for the Southern District of New York.  In support, Georgia-Pacific respectfully states as

follows:

### Preliminary Matters

1.       On October 21, 2010, Plaintiff Cosimo Cotrona filed this asbestos-related

personal injury action, Index No. 190403/2010, in the Supreme Court of the State of New York,

County of New York.  *See* Summons and Verified Complaint, a copy of which is attached as

Exhibit A.  This action was filed against Georgia-Pacific and numerous other defendants.  *See id.*

2.       Georgia-Pacific was served with Plaintiff's Summons and Verified Complaint on

November 3, 2011 and served its Acknowledgment of Receipt.  *See* Exhibit A; *see also*

Georgia-Pacific's Acknowledgment of Receipt, a copy of which is attached as Exhibit B.  At the

time of the filing of the Verified Complaint, this action was not removable because the district court lacked original jurisdiction.

3.     On April 7, 2011, several actions, including this one, were transferred to the Honorable Martin Shulman by the Administrative Judge for Civil Matters of the First Judicial District, the Honorable Sherry Klein Heitler. *See* Transfer Order, a copy of which is attached as Exhibit C.

4.     At a pre-trial conference held before Justice Shulman on April 14, 2011, counsel for Plaintiff produced to the court and defendants a list identifying all of the remaining defendants in this action. *See* Remaining Defendants List as of April 14, 2011, a copy of which is attached as Exhibit D.  According to the remaining defendants list, this action was not yet removable, pursuant to 28 U.S.C. §§ 1332 and 1441(a), because one of the remaining defendants, Kentile Floors, Inc., shared a New York citizenship with Plaintiff for purposes of diversity.

5.     At a subsequent pre-trial conference held on June 21, 2011 before Justice Shulman, counsel for Plaintiff produced to the court and defendants an amended remaining defendants list. *See* Remaining Defendants List as of June 21, 2011, a copy of which is attached as Exhibit E.  Kentile still remained as a defendant in this action, again preventing its removal pursuant to 28 U.S.C. §§ 1332 and 1441(a).

6.     On June 30, 2011, during oral argument of the motions *in limine* before Justice Shulman, counsel for Plaintiff produced another amended remaining defendants list, representing to the court and Georgia-Pacific for the first time that Kentile had settled this action and was no longer a defendant. *See* Remaining Defendants List as of June 30, 2011, a copy of which is attached as Exhibit F.  Notably, according to the remaining defendant list, Georgia-Pacific is now the only remaining defendant in this action. *See id.*

2

7.      As a result, this Notice of Removal is timely in that it is being filed: (1) within 30 days after receipt by Georgia-Pacific of a copy of "other paper from which it may first be ascertained that the case is one which is or has become removable" and (2) no later than one year after the commencement of this action for purposes of removal on the basis of jurisdiction conferred by 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1446(b).

## Nature of the Case

8.      This action is based on Plaintiff's allegation that his mesothelioma was caused by his exposure to asbestos-containing products manufactured by Georgia-Pacific.  Accordingly, Plaintiff asserts strict liability and negligence claims, including failure to warn, against Georgia-Pacific based on various theories.

## Grounds for Removal

9.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000,[1] exclusive of interest and costs, and diversity of citizenship exists.

10.      Complete diversity of citizenship exists because this is now a matter between citizens of different states.  *See Atlanta Shipping Corp. v. International Modular Housing, Inc.,* 547 F.Supp. 1356, 1360-1361 (S.D.N.Y. 1982) (permitting removal when diversity is created by plaintiff's voluntary termination of action against non-diverse party, even though diversity did not exist at time original action was commenced).

11.      For purposes of diversity jurisdiction, citizenship of parties depends upon their places of domicile.  *See Williamson v. Osenton,* 232 U.S. 619, 625, 34 S.Ct. 442 (1914); *Chappelle v. Beacon Communications Corp.,* 863 F.Supp. 179, 181 (S.D.N.Y. 1994).  Here, Plaintiff is a citizen of the State of New York and his principal place of residence is

---

[1] Georgia-Pacific received a settlement demand of $1,500,000.00 from Plaintiff's counsel.

3

235 Bay 43rd Street, Brooklyn, New York, where he has primarily resided for the past 30 years. *See* Plaintiff's Response to Defendants' Fourth Amended Interrogatories and Request for Production of Documents, relevant portions of which are attached as Exhibit G, at 3; *see also* Transcript of Plaintiff Cosimo Cotrona's November 1, 2010 discovery deposition, relevant portions of which are attached as Exhibit H, at 14:25-15:6.

      12.    The citizenship of defendant Georgia-Pacific, however, must be evaluated under a different analysis due to its structure as a limited liability company, which is dependent on the citizenship of its members for purposes of diversity. *See Mackson v. Diamond Financial LLC*, 347 F.Supp.2d 53, 55 (S.D.N.Y. 2004). Georgia-Pacific LLC, a limited liability company formulated under the laws of the State of Delaware, is wholly owned by its one member, Georgia-Pacific Holdings, LLC, a limited liability company formulated under the laws of the State of Delaware. Georgia-Pacific Holdings, LLC is wholly owned by its one member Georgia-Pacific Equity Holdings, LLC, a limited liability company also formulated under the laws of the State of Delaware. Georgia-Pacific Equity Holdings, LLC is wholly owned by its one member Koch Renewable Resources, Inc. Koch Renewable Resources is incorporated in the State of Delaware and has its principal place of business in Kansas. As such, Georgia-Pacific is a citizen of the States of Delaware and Kansas. *See New Millennium Capital Partners, III, LLC v. Juniper Group Inc.*, 2010 WL 1257325 *1 (S.D.N.Y. 2010) (stating that the citizenship of a limited liability company depends upon the "citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company"); *Francis Perugi Tours, Inc. v. Atlantic Detroit Diesel-Allison, LLC*, 2005 WL 1413281 *1 (S.D.N.Y. 2005) (same). Therefore, diversity is complete because Plaintiff and Georgia-Pacific are not citizens of the same state.

## Conclusion

13.    For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

14.    A true and correct copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446 and provided to counsel for Plaintiff.  Copies of the notices are collectively attached as Exhibit I.

WHEREFORE, Defendant Georgia-Pacific LLC prays that the above action now pending against it is the Supreme Court of the State of New York, County of New York, be removed therefrom to this Court.

Dated: New York, New York
       July 19, 2011

Respectfully submitted,

LYNCH DASKAL EMERY LLP

By: _____
       Lawrence G. Lee
       Attorney Bar Code: LL-1819

264 West 40th Street
New York, New York 10019
(212)302-2400
lee@lawlynch.com

*Attorneys for Defendant Georgia-Pacific LLC*

5



 CT Corporation

**Service of Process Transmittal**
11/03/2010
CT Log Number 517547602

RECEIVED

NOV 0 4 2010

PACE

TO:     Stacie Simpson - GP
        Navigant Consulting
        PACE Claim Services, LLC, 100 American Metro Blvd
        Suite 108
        Hamilton, NJ 08619

RE:     **Process Served in New York**

FOR:    Georgia-Pacific Corporation (Cross Ref Name) (Domestic State: DE)
        Georgia-Pacific LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Cosimo Cotrona, Pltf. vs. CBS Corporation, etc., et al. including Georgia-Pacific Co., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Rider, Verified Complaint |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 190403-10 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/03/2010 at 12:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Ambre Brandis<br>Weitz & Luxenberg, P.C.<br>700 Broadway<br>New York, NY 10003<br>212-558-5500 |
| **REMARKS:** | Please note the process server underlined and/or highlighted the entity being served prior to receipt by CT. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 794080198116<br>Email Notification, Stacie Simpson PACEservice@navigantconsulting.com<br>Email Notification, Georgia-Pacific Corp - Asbestos Only<br>asbestoslawgrctinote@gapac.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Christopher Tilton<br>111 Eighth Avenue<br>New York, NY 10011<br>212-5909070 |

Information displayed on this transmittal is for C T Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X   Index No.: 19 0403|10

COSIMO COTRONA,

                                                     Date Filed: 10|21|10

                                        Plaintiff(s),   Plaintiff Designates
                                                        NEW YORK
                                                        County as the Place of Trial
                          -against-
                                                        The Basis of Venue is
CBS CORPORATION, f/k/a VIACOM INC.,                     Defendants' Place of Business
    successor by merger to
    CBS CORPORATION, f/k/a
    WESTINGHOUSE ELECTRIC CORPORATION,
GENERAL ELECTRIC COMPANY,                               SUMMONS
GEORGIA PACIFIC CO.,
INGERSOLL-RAND COMPANY,
KAISER GYPSUM COMPANY, INC.,                                  NEW YORK
KENTILE FLOORS, INC.,                                   COUNTY CLERK'S OFFICE
MANNINGTON MILLS, INC.,
TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.,               OCT 21 2010
UNITED GILSONITE LABORATORIES,
                                                          NOT COMPARED
                                                          WITH COPY FILE
                                        Defendants.
------------------------------------------------------------------X
To the above named Defendant(s)

---

        **You are hereby summoned** to answer the verified complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated, October 20, 2010
        New York, New York

Defendant's address:                    WEITZ & LUXENBERG, P.C.
                                        Attorney(s) for Plaintiff
**SEE ATTACHED DEFENDANTS RIDER**       Post Office Address
                                        700 Broadway
                                        New York, New York 10003
                                        (212) 558-5500

DEFENDANTS' RIDER

CBS CORPORATION, f/k/a VIACOM INC.,
  successor by merger to
  CBS CORPORATION, f/k/a
  WESTINGHOUSE ELECTRIC CORPORATION
Asbestos Litigation Support Manager
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Case Management & Technology Center
USX Towers
600 Grant Street
Pittsburgh, PA 15219

GENERAL ELECTRIC COMPANY
Electric Insurance Company
75 Sam Fonzo Drive
Beverly, MA 01915

GEORGIA PACIFIC CO.
CT Corporation Systems
111 8th Avenue
New York, NY 10011

INGERSOLL-RAND COMPANY
CT Corporation Systems
111 8th Avenue
New York, NY 10011

KAISER GYPSUM COMPANY, INC.
C/O Secretary of State
41 State Street
Albany , NY 12207

KENTILE FLOORS, INC.
G & K Consultants
4 Rita Street
Syossett, NY 11791

MANNINGTON MILLS, INC.
Corporation Service Company
80 State Street, 6th Floor

Albany, NY 12207

Lisa  Pascarella
PEHLIVANIAN, BRAATEN & PASCARELLA, LLC
Paynters Ridge Office Park
2430 Route 34 - P.O. Box 648
Manasquan, NJ 08736
Attorneys for Defendant:
        TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

**UNITED GILSONITE LABORATORIES**
1390 Jefferson Avenue
Scranton, PA 18509

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.

700 BROADWAY
NEW YORK, NY 10003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X     Index No.:

COSIMO COTRONA,
                                                                      Date Filed:

                                        Plaintiff(s),

                        -against-                             **VERIFIED**
                                                             **COMPLAINT**
CBS CORPORATION, f/k/a VIACOM INC.,
   successor by merger to
   CBS CORPORATION, f/k/a
   WESTINGHOUSE ELECTRIC CORPORATION,
GENERAL ELECTRIC COMPANY,
GEORGIA PACIFIC CO.,
INGERSOLL-RAND COMPANY,
KAISER GYPSUM COMPANY, INC.,
KENTILE FLOORS, INC.,
MANNINGTON MILLS, INC.,
TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.,
UNITED GILSONITE LABORATORIES,


                                        Defendants.
-----------------------------------------------------------------X

Plaintiff(s), COSIMO COTRONA, by their attorneys WEITZ &

LUXENBERG, P.C., upon information and belief, at all times hereinafter mentioned alleges as

follows:

       1.    Plaintiff(s), COSIMO COTRONA, by their attorneys, WEITZ &

LUXENBERG, P.C., for their **verified complaint** respectfully alleges:

       2.    Defendant GEORGIA PACIFIC CO., was and still is a duly organized

domestic corporation doing business in the State of New York.

       3.    Defendant GEORGIA PACIFIC CO., was and still is a duly organized

foreign corporation doing business and/or transacting business in the State of New York and/or

should have expected its acts to have consequences within the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

4.      Defendant KAISER GYPSUM COMPANY, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

5.      Defendant KAISER GYPSUM COMPANY, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

6.      Defendant MANNINGTON MILLS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

7.      Defendant MANNINGTON MILLS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

8.      Defendant UNITED GILSONITE LABORATORIES, was and still is a duly organized domestic corporation doing business in the State of New York.

9.      Defendant UNITED GILSONITE LABORATORIES, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

Plaintiff(s), COSIMO COTRONA,  repeats and realleges  NYAL - WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY No. 7  as if fully incorporated herein as it pertains to the defendants in the aforementioned caption.

Dated: *October 20, 2010*
        New York, New York

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Yours, etc.,

WEITZ & LUXENBERG, P.C

Attorneys for Plaintiff(s)
700 Broadway
New York, NY  10003
(212) 558-5500

STATE OF NEW YORK    )

                                    SS:

COUNTY OF NEW YORK  )

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

Deponent is an Associate of the firm WEITZ & LUXENBERG, P.C., Counsel for the plaintiff(s) in the within action; deponent has read the foregoing **summons and verified complaint** and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.  This verification is made by deponent and not by plaintiff(s) because plaintiff(s) resides outside of the County of New York where plaintiffs' counsel and deponent maintain their office.


Dated: October 20, 2010
        New York, New York

                                                        AMBRE BRANDIS

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

COSIMO COTRONA,

Plaintiff(s),

-against-

CBS CORPORATION, f/k/a VIACOM INC.,
successor by merger to
CBS CORPORATION, f/k/a
WESTINGHOUSE ELECTRIC CORPORATION, et. al.,

Defendants.

SUMMONS and COMPLAINT

WEITZ & LUXENBERG, P.C.
Attorneys for PLAINTIFFS
700 Broadway
New York, NY 10003
212-558-5500

To
Attorney(s) for

Service of a copy of the within
is hereby admitted.
Dated, October 20, 2010

Attorney(s) for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X   Index No.: 190403-10
COSIMO COTRONA,

Date Filed:

                                 Plaintiff(s),

-against-

                      Plaintiff Designates
                      **NEW YORK**
                      County as the Place of Trial

CBS CORPORATION, f/k/a VIACOM INC.,
   successor by merger to
   CBS CORPORATION, f/k/a
   WESTINGHOUSE ELECTRIC CORPORATION,
GENERAL ELECTRIC COMPANY,
GEORGIA PACIFIC CO.,
INGERSOLL-RAND COMPANY,
KAISER GYPSUM COMPANY, INC.,
KENTILE FLOORS, INC.,
MANNINGTON MILLS, INC.,
TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.,
UNITED GILSONITE LABORATORIES,
**KELLY MOORE PAINT COMPANY, INC,**

                      The Basis of Venue is
                      Defendants' Place of Business

                      **SUPPLEMENTAL**
                      **SUMMONS**

                      **FILED**

                      DEC - 6 2010

                      Defendants

-----------------------------------------------------------------------X   NEW YORK
To the above named Defendant(s)             COUNTY CLERK'S OFFICE

     **You are hereby summoned** to answer the **amended verified** complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief
demanded
in the complaint.

Dated, December 06, 2010
      New York, New York

Defendant's address:

**SEE ATTACHED DEFENDANTS RIDER**

                  WEITZ & LUXENBERG, P.C.
                  Attorney(s) for Plaintiff
                  Post Office Address
                  700 Broadway
                  New York, New York 10003
                  (212) 558-5500

## DEFENDANTS' RIDER

William  Bradley Esq
MALABY & BRADLEY LLC
150 Broadway, Suite 600
New York, NY 10038
Attorneys for Defendant:
**CBS CORPORATION, f/k/a VIACOM INC.,**
**successor by merger to**
**CBS CORPORATION, f/k/a**
**WESTINGHOUSE ELECTRIC CORPORATION**

Michael Tanenbaum Esq
SEDWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center, 12th Floor
Newark, NJ 07102-5311
(973) 242-0002
fax:(973) 242-8099
Attorneys for Defendant:
**GENERAL ELECTRIC COMPANY**

Gregg Borri Esq
LAW OFFICES OF GREGG J. BORRI
61 Broadway
Suite 2125
New York, NY 10006
Attorneys for Defendant:
**GEORGIA PACIFIC CO.**

Lisa  Pascarella Esq
PEHLIVANIAN, BRAATEN & PASCARELLA, LLC
Paynters Ridge Office Park
2430 Route 34 - P.O. Box 648
Manasquan, NJ 08736
(732) 528-8888
fax:(732) 528-4445
Attorneys for Defendant:
**INGERSOLL-RAND COMPANY**
**TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.**

LEWIS BRISBOIS BISGAARD & SMITH, LLP
199 Water Street, 25th Floor
New York, NY 10038
Attorneys for Defendant:
**KAISER GYPSUM COMPANY, INC.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Supreme Court Records OnLine Library - page 2 of 7

Joan Gasior Esq
MCGIVNEY & KLUGER P.C.
80 Broad Street
23rd Floor
New York, NY 10004
(212) 509-3456
fax:(212) 932-0008
Attorneys for Defendant:
**KENTILE FLOORS, INC.**

Marc Gaffrey Esq.
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS
40 Patterson Street
P.O. Box 480
New Brunswick, NJ 08903
(732) 545-4717
fax:(732) 545-4579
Attorneys for Defendant:
**MANNINGTON MILLS, INC.**

Jennifer Darger Esq
DARGER & ERRANTE LLP
116 East 27th Street at Park Avenue
12th Floor
New York, NY 10016
(212) 452-5300
fax:(212) 452-5301
Attorneys for Defendant:
**UNITED GILSONITE LABORATORIES**

**KELLY MOORE PAINT COMPANY, INC**
987 Commercial St.
San Carlos, CA 94070

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------------X Index No: 190403-10
COSIMO COTRONA,

                                              Date Filed:

                                Plaintiff(s),

                          -against-                      **AMENDED**
                                                    **VERIFIED**
CBS CORPORATION, f/k/a VIACOM INC.,              **COMPLAINT**
  successor by merger to
  CBS CORPORATION, f/k/a
  WESTINGHOUSE ELECTRIC CORPORATION,
GENERAL ELECTRIC COMPANY,
GEORGIA PACIFIC CO.,
INGERSOLL-RAND COMPANY,
KAISER GYPSUM COMPANY, INC.,
KENTILE FLOORS, INC.,
MANNINGTON MILLS, INC.,
TRANE U.S. INC., f/k/a AMERICAN STANDARD INC.,
UNITED GILSONITE LABORATORIES,
**KELLY MOORE PAINT COMPANY, INC,**

                              Defendants
--------------------------------------------------------------------------X

        FILED

        DEC - 6 2010

        NEW YORK
        COUNTY CLERK'S OFFICE

        Plaintiff(s), COSIMO COTRONA, by their attorneys, WEITZ & LUXENBERG,

P.C., upon information and belief, at all times hereinafter mentioned alleges as follows:

        1.     Plaintiff(s), COSIMO COTRONA, by their attorneys, WEITZ &

LUXENBERG, P.C., for their **amended verified complaint** respectfully alleges:

        2.     Defendant GEORGIA PACIFIC CO., was and still is a duly organized

domestic corporation doing business in the State of New York.

        3.     Defendant KAISER GYPSUM COMPANY, INC., was and still is a duly

organized domestic corporation doing business in the State of New York.

        4.     **Defendant KELLY MOORE PAINT COMPANY, INC, was and still**

**is a duly organized domestic corporation doing business in the State of New York.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

5.      Defendant MANNINGTON MILLS, INC., was and still is a duly

organized domestic corporation doing business in the State of New York.

6.      Defendant UNITED GILSONITE LABORATORIES, was and still is a

duly organized domestic corporation doing business in the State of New York.


Plaintiff(s), COSIMO COTRONA, repeats and realleges NYAL - WEITZ &

LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY No.

7 as if fully incorporated herein as it pertains to the defendants in the aforementioned caption.

Dated: December 06, 2010
        New York, New York                          Yours, etc.,

                                                    WEITZ & LUXENBERG, P.C

                                                    Attorneys for Plaintiff(s)
                                                    700 Broadway
                                                    New York, NY  10003
                                                    (212) 558-5500

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Supreme Court Records OnLine Library - page 5 of 7

STATE OF NEW YORK     )
                                        SS:
COUNTY OF NEW YORK  )

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

Deponent is an Associate of the firm WEITZ & LUXENBERG, P.C., Counsel for the plaintiff(s) in the within action; deponent has read the foregoing **supplemental summons and amended verified complaint** and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.  This verification is made by deponent and not by plaintiff(s) because plaintiff(s) resides outside of the County of New York where plaintiffs' counsel and deponent maintain their office.

Dated: December 06, 2010
       New York, New York



DAVID CHANDLER

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003



LYNCH  DASKAL EMERY  LLP
Attorneys for Defendant Georgia-Pacific LLC
264 West 40th Street
New York, New York 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
IN RE:          NEW YORK CITY            : NYCAL
                ASBESTOS LITIGATION
------------------------------------------------------------X
COSIMO COTRONA,
                                         :
                    Plaintiffs,          :
                                         :    Index No. 190403/10
            -against-                    :
                                         :
CBS CORPORATION, f/k/a VIACOM INC., et al.,   **ACKNOWLEDGMENT OF RECEIPT**
                                         :
                    Defendants.          :
                                         :
------------------------------------------------------------X

        Defendant Georgia-Pacific LLC (incorrectly sued as Georgia Pacific Co.), by its
attorneys, Lynch Daskal Emery LLP, hereby acknowledges receipt of a copy of a Summons
and of plaintiffs' Verified Complaint in this action.

        Defendant Georgia-Pacific LLC hereby answers the Verified Complaint in this
action by reference to its Amended Standard Answer and Cross-Claims filed pursuant to the
NYCAL Case Management Order and raises each of the affirmative defenses and cross-claims
contained in its Amended Standard Answer.

Dated: New York, New York
       November 17, 2010

                                LYNCH  DASKAL EMERY  LLP

                                By: _____
                                      Lawrence G. Lee

                                Attorneys for Defendant Georgia-Pacific LLC
                                264 West 40th Street
                                New York, New York 10018
                                (212) 302-2400

To:  See Attached Rider

NEW YORK
COUNTY CLERK'S OFFICE

NOV 19 2010

NOT COMPARED
WITH COPY FILE

**LYNCH DASKAL EMERY LLP**
Attorneys for Defendant Georgia-Pacific LLC
264 West 40th Street
New York, New York 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
IN RE:     NEW YORK CITY         :
             ASBESTOS LITIGATION  :
-------------------------------------------------------------X
COSIMO COTRONA,             :
                               :
                Plaintiffs,  :    Index No. 190403/10
                               :
        -against-          :
                               :    **AFFIDAVIT OF SERVICE**
CBS CORPORATION, f/k/a VIACOM INC., et al., :
                               :
               Defendants.  :
-------------------------------------------------------------X

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK )

       CHIMELOZONAM ALLAGOA, being duly sworn, deposes and says:

    1.  I am not a party to this action, am over 18 years of age, and I am a paralegal at the offices of Lynch Daskal Emery LLP.  I reside at 376 Palisade Ave. Apt # 2, Jersey City, New Jersey 07307.

    2.  On the 17th day of November 2010, I served by first class mail a copy of the within **ACKNOWLEDGEMENT OF RECEIPT** by depositing true and correct copies of the same, enclosed in post-paid, properly addressed envelopes, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York addressed as follows:

SEE ATTACHED RIDER

                                            CHIMELOZONAM ALLAGOA

Sworn to before me this
17th day of November 2010

Notary Public

LAWRENCE G. LEE
Notary Public, State of New York
No. 02LE6155200
Qualified in New York County
Commission Expires November 6, 2014



SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:   __SHERRY KLEIN HEITLER__                    PART __30__
                        *Justice*

NOTE:  This is an information sheet only.  Individual Orders will be issued.

| Plaintiffs | | Plaintiffs | |
|---|---|---|---|
| WEITZ & LUXENBERG | APRIL 2011 in extremis | WEITZ & LUXENBERG | APRIL 2011 in extremis |
| GEORGE ANDRUCKI (Mesothelioma) | Index No. 190377/10 | CORNELIUS BYL (Lung Cancer) | Index No. 190413/10 |
| ANTONINO BASILEO (Mesothelioma) | Index No. 190321/10 | LOUIS DiGILIO (Lung Cancer) | Index No. 190166/10 |
| LOWELL COOPER (Mesothelioma) | Index No. 190248/10 | JOSEPH GEMELLARO (Lung Cancer) | Index No. 190336/10 |
| ANTHONY CORINO (Mesothelioma) | Index No. 190351/10 | RICHARD KLING (Lung Cancer) | Index No. 190299/10 |
| COSIMO COTRONA (Mesothelioma) | Index No. 190403/10 | JOSEPH MULLEN (Lung Cancer) | Index No. 190270/10 |
| THOMAS COYNE (Mesothelioma) | Index No. 190399/10 | VOLKERT PETERS (Lung Cancer) | Index No. 190423/10 |
| ROBERT CRISTIANO (Mesothelioma) | Index No. 190317/10 | | |
| LOUIS ODDO (Mesothelioma) | Index No. 190414/10 | TO BE TRIED LAST: | |
| MARVIN RICH (Mesothelioma) | Index No. 190271/10 | GIULIO LOCCISANO (Mesothelioma) | Index No. 190357/10 |
| GLENN RITZEL (Mesothelioma) | Index No. 190269/10 | | |
| DANIEL STUPINO (Mesothelioma) | Index No. 190385/10 | | |

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

Cross-Motion:   ☐  Yes ☐     No

## TRANSFER ORDER

Pursuant to the direction of Hon. Sherry Klein Heitler, it is hereby

ORDERED that the above-named Weitz & Luxenberg cases are being transferred to

Justice Martin Shulman (IA Part 1). Counsel are directed to contact Justice Shulman's Clerk

at (646) 386-5758.


Dated:  __APRIL 7, 2011__                    _____

                                   **SHERRY KLEIN HEITLER**  *J.S.C.*
                                   *ADMINISTRATIVE JUDGE*

Check one:   ☐  FINAL DISPOSITION ☐    NON-FINAL DISPOSITION
      Check if appropriate:      ☐    DO NOT POST

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):



| Plaintiff | Andrucki, George Dead Meso | Basileo, Antonino Alive Meso | Cooper, Lowell Alive Meso | Corino, Anthony Alive Meso | Cotrona, Cosimo Dead Meso |
|---|---|---|---|---|---|
| AO Smith | | | AO Smith | | |
| ALCOA | ALCOA | | | | |
| Allen Bradley | | | | | |
| Am Std (Trane) | | | Am Std (Trane) | | |
| Amtico | | | | | |
| Azrock | | | | | |
| Baker Perkins | | | | | |
| Bell & Gossett | Bell & Gossett | | Bell & Gossett | | |
| Bucyrus Eric | | | | | |
| Burnham | | | | | |
| Carrier | Carrier | | | | |
| Certainteed | | | | | |
| Cleaver Brooks | | | Cleaver Brooks | | |
| Columbia | | | | | |
| Copes-Vulcan | | | | | |
| Crane Co. | | | Crane Co. | | |
| Cummins | | | | | |
| Cutler Hammer | | | | | |
| Dixon/Gobet | | Dixon/Gobet | | | |
| Georgia Pacific | | | Georgia Pacific | Georgia Pacific | Georgia Pacific |
| Goulds | | | | | |
| Goulds Electric | | | | | |
| Greer | | | | | |
| Grinnell | | | | | |
| Kaiser Gypsum | | | | Kaiser Gypsum | |
| Kentile | Kentile | | Kentile | Kentile | Kentile |
| Kerr | | Kerr | | | |
| Koehring | | | | | |
| Kohler | | | Kohler | | |
| Linkbelt | | | | | |
| Mario DiBono | Mario DiBono | | | Mario DiBono | |
| Murray | | | | | |
| Oakfabco | | | | | |
| Peerless | | | | | |
| Pettibone | | | | | |
| Port Auth. | Port Auth. | | | | |
| Rockwell | | | | | |
| Square D | | | | | |
| Terex | | | | | |
| Thomas Green | | | | | |
| Tishman | Tishman | | | Tishman | |
| Tishman (WTC) | Tishman (WTC) | | | | |
| Turner | Turner | | | Turner | |
| US Plywood | | | | | |
| Weil McLain | | | Weil McLain | | |
| Weyerhauser | | | | | |

| *Alive* | *Dead* | *Dead* | *Alive* | *Alive* | *Dead* |
|---|---|---|---|---|---|
| Coyne, Thomas | Cristiano, Robert | Loccisano, Giulio | Oddo, Louis | Rich, Marvin | Ritzel, Glenn |
| Meso | Meso | Meso | Meso | Meso | Meso |
|  |  |  |  |  | AO Smith |
|  |  | Allen Bradley |  |  |  |
|  | Am Std (Trane) | Am Std (Trane) | Am Std (Trane) |  | Am Std (Trane) |
|  | Amtico |  |  |  |  |
|  |  | Baker Perkins |  |  |  |
|  | Bell & Gossett |  |  |  | Bell & Gossett |
| Bucyrus Erie |  |  |  |  |  |
|  | Burnham |  | Burnham |  | Burnham |
| Certainteed |  |  | Certainteed |  |  |
|  |  |  |  |  | Cleaver Brooks |
| Crane Co. |  |  |  |  | Crane Co. |
|  | Cutler Hammer |  |  |  |  |
| Georgia Pacific |  |  |  |  |  |
|  | Goulds |  | Goulds |  | Goulds |
|  | Goulds Electric |  |  |  |  |
|  |  | Greer |  |  |  |
|  | Kaiser Gypsum |  |  | Kaiser Gypsum |  |
|  | Kentile |  | Kentile | Kentile |  |
| Koehring |  |  |  |  |  |
| Linkbelt |  |  |  |  |  |
| Mario DiBono |  |  |  |  |  |
|  | Murray |  |  |  |  |
|  |  | Oakfabco |  |  |  |
| Peerless |  |  |  |  | Peerless |
| Pettibone |  |  |  |  |  |
|  | Square D | Square D |  |  |  |
| Terex |  |  |  |  |  |
|  |  | Thomas Green |  |  |  |
| Tishman (WTC) |  |  |  |  |  |
|  | Weil McLain |  | Weil McLain |  | Weil McLain |

*(handwritten annotations above columns: "Alive" / "Alive – smoker" / "Dead – smoker" / "Alive – smoker" / "Alive – Smoker")*

| Stupino, Daniel | Byl, Cornelius | DiGilio, Louis | Gemellaro, Joseph | Kling, Richard |
|---|---|---|---|---|
| *Meso* | *L/C* | *L/C* | *L/C* | *L/C* |
|  | AO Smith |  | AO Smith | AO Smith |
|  |  |  | Allen Bradley |  |
|  | Am Std (Trane) |  |  | Am Std (Trane) |
|  |  |  |  |  |
|  | Bell & Gossett |  | Bell & Gossett | Bell & Gossett |
|  |  |  | Burnham | Burnham |
|  | Certainteed |  |  |  |
|  | Cleaver Brooks |  |  | Cleaver Brooks |
|  |  |  |  | Columbia |
|  |  | Copes-Vulcan |  |  |
|  | Crane Co. | Crane Co. |  | Crane Co. |
|  |  |  | Cummins |  |
|  |  | Cutler Hammer | Cutler Hammer |  |
| Georgia Pacific |  |  |  |  |
|  | Goulds |  |  |  |
|  | Grinnell | Grinnell |  |  |
| Kaiser Gypsum | Kaiser Gypsum |  |  |  |
| Kentile | Kentile |  | Kentile |  |
|  |  |  |  | Kohler |
|  |  |  |  | Oakfabco |
|  |  |  |  | Peerless |
|  |  | Rockwell |  |  |
|  |  |  | Square D |  |
|  | US Plywood |  |  |  |
|  | Weil McLain |  | Weil McLain | Weil McLain |
|  | Weyerhauser |  |  |  |

*Alive-Snotter*  *Alive-Snotter*

| Mullen, Joseph | Peters, Vokert |
|---|---|
| L/C | L/C |
| | |
| | |
| Am Std (Trane) | Am Std (Trane) |
| Amtico | Amtico |
| | Azrock |
| | |
| Bell & Gossett | |
| | |
| Burnham | Burnham |
| | |
| | |
| | |
| | |
| Crane Co. | |
| | |
| Cutler Hammer | |
| | |
| | Georgia Pacific |
| Goulds | |
| | |
| | |
| | |
| | |
| Kentile | Kentile |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| Peerless | |
| | |
| | |
| | |
| Square D | |
| | |
| | |
| | |
| | |
| | |
| Weil McLain | Weil McLain |
| | |



| Plaintiff | Andrucki, George | Basileo, Antonino | Cooper, Lowell | Corino, Anthony | Cotrona, Cosimo | Coyne, Thomas |
|---|---|---|---|---|---|---|
| AO Smith | | | AO Smith | | | |
| ALCOA | ALCOA | | | | | |
| Allen Bradley | | | | | | |
| Amtico | | | | | | |
| Azrock | | | | | | |
| Baker Perkins | | | | | | |
| Bell & Gossett | Bell & Gossett | | Bell & Gossett | | | |
| Burnham | | | | | | |
| Carrier | Carrier | | | | | |
| Certainteed | | | | | | Certainteed |
| Cleaver Brooks | | | Cleaver Brooks | | | |
| Columbia | | | | | | |
| Copes-Vulcan | | | | | | |
| Crane Co. | | | Crane Co. | | | Crane Co. |
| Cummins | | | | | | |
| Cutler Hammer | | | | | | |
| Dixon/Gobet | | Dixon/Gobet | | | | |
| Georgia Pacific | | | Georgia Pacific | Georgia Pacific | Georgia Pacific | Georgia Pacific |
| Goulds | | | | | | |
| Goulds Electric | | | | | | |
| Greer | | | | | | |
| Grinnell | | | | | | |
| Kaiser Gypsum | | | | Kaiser Gypsum | | |
| Kentile | Kentile | | Kentile | Kentile | Kentile | |
| Kerr | | Kerr | | | | |
| Koehring | | | | | | Koehring |
| Kohler | | | Kohler | | | |
| Linkbelt | | | | | | Linkbelt |
| Mario DiBono | Mario DiBono | | | Mario DiBono | | Mario DiBono |
| Murray | | | | | | |
| Oakfabco | | | | | | |
| Peerless | | | | | | Peerless |
| Port Auth. | Port Auth. | | | | | |
| Rockwell | | | | | | |
| Square D | | | | | | |
| Terex | | | | | | Terex |
| Thomas Green | | | | | | |
| Tishman | Tishman | | | Tishman | | |
| Tishman (WTC) | Tishman (WTC) | | | | | Tishman (WTC) |
| Turner | Turner | | | Turner | | |
| US Plywood | | | | | | |
| Weil McLain | | | Weil McLain | | | |

| Byl, Cornelius | DiGilio, Louis | Gemellaro, Joseph | Kling, Richard | Mullen, Joseph | Peters, Vokert |
|---|---|---|---|---|---|
| AO Smith | | AO Smith | AO Smith | | |
| | | Allen Bradley | | | |
| | | | | Amtico | Amtico |
| | | | | | Azrock |
| Bell & Gossett | | Bell & Gossett | Bell & Gossett | Bell & Gossett | |
| | | Burnham | Burnham | Burnham | Burnham |
| Certainteed | | | | | |
| Cleaver Brooks | | | Cleaver Brooks | | |
| | | | Columbia | | |
| | Copes-Vulcan | | | | |
| Crane Co. | Crane Co. | | Crane Co. | Crane Co. | |
| | | Cummins | | | |
| | Cutler Hammer | Cutler Hammer | | Cutler Hammer | |
| | | | | | Georgia Pacific |
| Goulds | | | | Goulds | |
| | | | | | |
| Grinnell | Grinnell | | | | |
| Kaiser Gypsum | | | | | |
| Kentile | | Kentile | | Kentile | Kentile |
| | | | | | |
| | | | Kohler | | |
| | | | | | |
| | | | | | |
| | | | Oakfabco | | |
| | | | Peerless | Peerless | |
| | Rockwell | | | | |
| | | Square D | | Square D | |
| | | | | | |
| | | | | | |
| | | | | | |
| US Plywood | | | | | |
| Weil McLain | | Weil McLain | Weil McLain | Weil McLain | Weil McLain |

| Cristiano, Robert | Loccisano, Giulio | Oddo, Louis | Rich, Marvin | Ritzel, Glenn | Stupino, Daniel |
|---|---|---|---|---|---|
|  |  |  |  | AO Smith |  |
|  |  |  |  |  |  |
|  | Allen Bradley |  |  |  |  |
| Amtico |  |  |  |  |  |
|  |  |  |  |  |  |
|  | Baker Perkins |  |  |  |  |
| Bell & Gossett |  |  |  | Bell & Gossett |  |
| Burnham |  | Burnham |  | Burnham |  |
|  |  | Certainteed |  |  |  |
|  |  |  |  | Cleaver Brooks |  |
|  |  |  |  |  |  |
|  |  |  |  | Crane Co. |  |
| Cutler Hammer |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  | Georgia Pacific |
| Goulds |  | Goulds |  | Goulds |  |
| Goulds Electric |  |  |  |  |  |
|  | Greer |  |  |  |  |
| Kaiser Gypsum |  |  | Kaiser Gypsum |  | Kaiser Gypsum |
| Kentile |  | Kentile | Kentile |  | Kentile |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
| Murray |  |  |  |  |  |
|  | Oakfabco |  |  |  |  |
|  |  |  |  | Peerless |  |
|  |  |  |  |  |  |
| Square D | Square D |  |  |  |  |
|  | Thomas Green |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
| Weil McLain |  | Weil McLain |  | Weil McLain |  |

| Amato, Nicholas |
| --- |
| Cutler Hammer |
| Gardner Denver |
| Georgia Pacific |
| Murray (Seimens) |
| Square D |



| Plaintiff | Andreski, George | Coppes, Lowell | Corino, Anthony | Cstrona, Costino | Cyris, Thomas | Cristiano, Robert | Oddo, Louis | Rich, Marvin | Ritezi, Glenn | Staples, Daniel |
|---|---|---|---|---|---|---|---|---|---|---|
| AO Smith | | AO Smith | | | | | | | AO Smith | |
| ALCOA | ALCOA | ALCOA | | | | | | | | |
| Amtico | | | | | | Amtico | | | | |
| Bell & Gossett | Bell & Gossett | Bell & Gossett | | | | Bell & Gossett | | | Bell & Gossett | |
| Burnham | | | | | | Burnham | Burnham | | Burnham | |
| Carrier | Carrier | | | | | | | | | |
| Cleaver Brooks | Cleaver Brooks | Cleaver Brooks | | | | Cleaver Brooks | | | Cleaver Brooks | |
| Crane Co. | Crane Co. | Crane Co. | | | Crane Co. | Crane Co. | | | Crane Co. | |
| Cutler Hammer | | | | | | Cutler Hammer | | | | |
| Georgia Pacific | Georgia Pacific | Georgia Pacific | Georgia Pacific | Georgia Pacific | | | | | | |
| Georgia Pacific | | | | | Georgia Pacific | | | | Georgia Pacific | |
| Goulds | | | | | | Goulds | Goulds | | Goulds | |
| Goulds Electric | | | | | | Goulds Electric | | | | |
| Kaiser Gypsum | | Kaiser Gypsum | Kaiser Gypsum | | | Kaiser Gypsum | Kaiser Gypsum | | | Kaiser Gypsum |
| Kohler | | Kohler | | | | | | | | |
| Linkbelt | | | | | Linkbelt | | | | | |
| Mario DiBono | | Mario DiBono | Mario DiBono | | Mario DiBono | Mario DiBono | | | | |
| Murray | | | | | | Murray | | | | |
| Peerless | | | | | Peerless | | | | Peerless | |
| Port Auth. | Port Auth. | | | | | Port Auth. | | | | |
| Square D | | | | | | Square D | | | | |
| Tishman | Tishman | Tishman | Tishman | | | | | | | |
| Tishman (WTC) | Tishman (WTC) | | | | Tishman (WTC) | | | | | |
| Turner | Turner | Turner | Turner | | | | | | | |

| Amato, Nicholas |
| --- |
| Cutler Hammer |
| Gardner Denver |
| Georgia Pacific |
| Murray (Seimens) |
| Square D |



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------x
In Re: NEW YORK CITY
      ASBESTOS LITIGATION
-------------------------------------------------------x
COSIMO COTRONA and IMMACOLATA
COTRONA,

                        Plaintiff(s),

                -against-

CBS CORPORATION, f/k/a VIACOM
      INC., successor by merger to CBS
      CORPORATION, f/k/a WESTINGHOUSE
      ELECTRIC CORPORATION, et al.

                        Defendants.
-------------------------------------------------------x

Index No. 190403/10

PLAINTIFFS'
RESPONSE TO
DEFENDANTS'
FOURTH AMENDED
INTERROGATORIES
AND REQUEST FOR
PRODUCTION OF
DOCUMENTS

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FOURTH AMENDED STANDARD SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, pursuant to CPLR 3130 and in accordance with Section VIII(A)(1)(b) of the February 19, 2003 Amended Case Management Order ("CMO"), propound the following interrogatories to plaintiffs, to be answered under oath within the time period specified by the CMO, and, pursuant to CPLR 3120 and in accordance with Section VIII (B)(2)(b) of the CMO, request that plaintiffs produce (with copies to each defendant) such documents within the time period specified by the CMO. These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after serving your initial answers and before trial, including in such supplemental answers the date upon and the manner in which such further or different information came to your attention.

### PRELIMINARY STATEMENT AND OBJECTIONS

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

1

Plaintiff, by and through her attorneys objects to Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as the Explanation and Definitions and Instructions contained therein ("Interrogatories"), to the extent that they seek to impose upon plaintiff obligations or burdens which are greater than, or inconsistent with New York law.

Plaintiff further objects to these Interrogatories and to each individual request and/or interrogatory, to the extent that they seek information or request the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege or doctrine protecting such documents from disclosure. The production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege. The inclusion of or reference to any attorney's name on any responses is not a waiver of any privilege. Moreover, the documents produced are confidential and may not be disclosed other than to counsel, a party, the court or an expert in this action without order of the Court. Plaintiff, by providing documents in response to these Interrogatories specifically does not admit the competency, relevancy, materiality, privilege and/or admissibility of such document or of the information or subject matter. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff has not completed investigating the facts relating to her case, has not completed her discovery, and has not completed preparing her case. Therefore, these responses are preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

Plaintiff objects to the Interrogatories, and to each individual request and/or interrogatory, to the extent that they seek information that is not within plaintiff's own first-hand knowledge or request the production of documents that are not within plaintiff's possession, custody or control.

Plaintiff further objects to the Interrogatories as overly broad and burdensome and demanding an investigation into matters which are neither relevant to these proceeding nor designed to lead to the discovery of evidence relevant to these proceedings.

Plaintiff does not waive and specifically preserves the following objections:

1. Any and all objections to the competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions.

2. The right to object on any grounds at any time to demand for further responses or further documents to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and,

3. The right at any time to review, correct, add to, supplement or clarify any of these responses.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

2

These objections are incorporated by reference into any amendment and/or supplement to these interrogatories. Moreover, each of these objections is incorporated by reference into to each specific response without regard to whether an additional objection is made in such response.

Subject to these objections and reservations, plaintiff, by and through her attorneys responds as follows:

## INTERROGATORY ANSWERS
### For
### COSIMO COTRONA

1Q.   State the following:
     (a)   your full name, and all other names by which you have been known;
     (b)   age, and date and place of birth;
     (c)   whether you were an adopted child;
     (d)   present marital status, date of current marriage, spouse's maiden name, dates of any prior marriages and the names of any prior spouses, if applicable;
     (e)   present home address;
     (f)   social security number.

1A.   **(a)**   **Cosimo Cotrona;**
     **(b)**   **77, 10/18/1933, Italy;**
     **(c)**   **Birth;**
     **(d)**   **Married, 4/22/1958, Immacolata Fuda;**
     **(e)**   **235 Bay 43rd Street, Brooklyn, NY 11214;**
     **(f)**   **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.**

2Q.   State the following with regard to your father and mother:
     (a)   name;
     (b)   current address (if deceased, state last known address);
     (c)   the current condition of each one's health, including any specific medical problems
         If either of the decedent's parents is deceased, please state for each deceased parent:
            i.   specific medical problems;
            ii.   date and place of death;
            iii.   age and cause of death for each parent.

2A.   **(a)**   **Father: Rocco Cotrona**
     **(b)**   **Martone, Italy;**
     **(c)**   **Deceased;**
         **(i)**   **None;**
         **(ii)**   **Date unknown, Italy;**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

3

      (iii)     76, prostate cancer

    (a)     Mother: Maria Rosa Macri;
    (b)     Martone, Italy;
    (c)     Deceased;
         (i)     None;
         (ii)     Date unknown, Italy;
         (iii)     65, Cirrhosis of the liver

3Q.    State the following with regard to each of your children:
    (a)     full name;
    (b)     age, date and place of birth;
    (c)     sex;
    (d)     current address;
    (e)     social security number;
    (f)     whether birth child or adopted child; and
    (g)     current state of each one's health. If any of your children are
          deceased, state for each deceased child:
         i.     specific medical problems;
         ii.     age and date and place of death; and
         iii.     cause of death for each child.

3A.    (a)     Mariella Cotrona-Galanti;
    (b)     37, 8/13/1973, Brooklyn, NY;
    (c)     Female;
    (d)     72 Forrestal Avenue, Staten Island, NY;
    (e)     unknown;
    (f)     Birth;
    (g)     Good health;

    (a)     Catherine Aiello;
    (b)     48, 8/5/1962, Reggio Calabria, Italy;
    (c)     Female;
    (d)     27204 Prado Del Sol,  Carmel, CA 93923;
    (e)     unknown;
    (f)     Birth;
    (g)     Healthy;

    (a)     Maria Rosa Zito;
    (b)     51, 4/7/1959, Reggio Calabria, Italy;
    (c)     Female;
    (d)     26060 Rio Vista Drive, Carmel, CA 93923;
    (e)     unknown;
    (f)     Birth;
    (g)     Good health

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

4Q.   State the complete address of all places you have resided since birth
       giving the inclusive dates of residence for each place named and as to
       each state:

    (a)   fuel used for heating and cooking;
    (b)   significant home improvements (e.g., additions, reinsulation,
        re-wiring, etc.);
    (c)   number of family units co-occupying said structure.

**4A.**   **Present address**      **235 Bay 43rd Street**
                                      **Brooklyn, NY 11214;**

    **(a)**    **Gas, baseboard;**
    **(b)**    **Yes;**
    **(c)**    **Three family home;**

**Years unknown**      **1163 39th Street**
                                        **Brooklyn, NY;**

    **(a)**    **Oil, radiator;**
    **(b)**    **None;**
    **(c)**    **Three family home;**

**Unknown years**      **Unknown addresses in Martone, Italy**
                                      **and Dragoni, Italy**

5Q.   For every physician or other health care provider who ever tested,
       treated, consulted with or examined you up to and including the
       present date, for any reason whatsoever, please state the following
       separately as to each:

    (a)   name and address of physician or health care provider and, if
        ongoing, the approximate frequency of said treatment and
        services;
    (b)   date(s) of test, examination and/or treatment;
    (c)   symptoms complained of at the time, if any;
    (d)   any diagnosis made;
    (e)   treatment or examination given and reason for treatment or
        examination; and
    (f)   any drugs or medications prescribed.

**5A.**   **Although it is possible that plaintiff may have consulted other**
        **doctors, nurses and health care providers, at the present time,**
        **plaintiff recalls the following:**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

5

22.    Any accident or incident reports which relate to the facts, circumstances or incidents which form the basic of plaintiff's complaint.

**R.22.   To the extent that any exist, they will be provided.**

Dated: New York, New York
          October 20, 2010

Respectfully submitted,
Weitz & Luxenberg, P.C.
Attorneys for Plaintiff

Ambre J. Brandis
700 Broadway
New York, NY 10003
(212)   558-5500

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003



1

SUPREME COURT:  ALL COUNTIES
WITHIN THE STATE OF NEW YORK

```
 1
 2
 3
 4   IN RE:  NEW YORK CITY              :   INDEX NO:
 5           ASBESTOS LITIGATION        :   190403/10
                                        :
     This Document Applies To:          :   DEPOSITION UPON
 6                                       :   ORAL EXAMINATION
             COSIMO COTRONA             :        OF
 7                                       :   COSIMO COTRONA
     --------------------------------   :
 8
 9
```

10            T R A N S C R I P T of the deposition of

11  COSIMO COTRONA, called for Oral Examination in the above

12  entitled action, said deposition being taken pursuant to

13  Rules governing Civil Practice in the Courts of New York,

14  by and before KERRY D. HALPERN, a Notary Public and

15  Shorthand Reporter of the State of New York, at the LAW

16  OFFICES OF WEITZ & LUXENBERG, PC, 700 Broadway, 6th

17  floor, New York, New York 10003, on Monday, November 1,

18  2010, commencing at 10:33 a.m.

19

20

21

22

23

24

25

**2**

1      IT IS HEREBY STIPULATED AND AGREED

2 by and between the attorneys for the respective parties

3 hereto that filing, sealing and certification of the

4 within Examination Before Trial be waived; that all

5 objections, except as to form, are reserved to the time

6 of trial.

7      IT IS FURTHER STIPULATED AND AGREED

8 that the transcript may be signed before any Notary

9 Public with the same force and effect as if signed before

10 a Clerk or Judge of the Court.

11      IT IS FURTHER STIPULATED AND AGREED

12 that the within examination may be utilized for all

13 purposes as provided by the CPLR and Part 221 of the

14 Uniform Rules for the Conduct of Depositions.

15      IT IS FURTHER STIPULATED AND AGREED

16 that all rights provided to all parties by the CPLR shall

17 not be deemed waived and the appropriate sections of the

18 CPLR shall be controlling with respect thereto.

19      IT IS FURTHER STIPULATED AND AGREED by and

20 between the attorneys for the respective parties hereto

21 that a copy of this Examination shall be furnished,

22 without charge, to the attorney representing the witness

23 testifying herein.

24

25

**3**

1 A P P E A R A N C E S :
2   FOR THE PLAINTIFF:
3   WEITZ & LUXENBERG, P.C.
    BY:  AMBRE BRANDIS, ESQ.
4   700 Broadway
    New York, New York  10003
5
    FOR THE DEFENDANT KENTILE:
6
    McGIVNEY & KLUGER, P.C.
7   BY:  KATHRIN GACK, ESQ.
    80 Broad Street
8   23rd Floor
    New York, New York  10004
9
10 FOR THE DEFENDANT GEORGIA PACIFIC LLC:
11 LYNCH DASKAL EMERY, LLP
    BY:  LAWRENCE G. LEE, ESQ.
12   264 West 40th Street, 18th Floor
    New York, New York  10018
13
14 FOR THE DEFENDANT INGERSOLL RAND:
    FOR THE DEFENDANT TRANE U.S. INC.:
15
    BRAATEN & PASCARELLA, LLC
16   BY:  THOMAS P. DeJONG, ESQ.
    2430 Route 34
17   P.O. Box 648
    Manasquan, New Jersey  08736
18
19 FOR THE DEFENDANT UGL:
20 DARGER & ERRANTE, LLP
    BY:  JOHN S. McGOWAN, ESQ.
21   116 East 27th Street
    12th Floor
22   New York, New York  10016
23
24
25

**4**

1 FOR THE DEFENDANT GENERAL ELECTRIC:
2 SEDGWICK, DETERT, MORAN & ARNOLD, LLP
    BY:  BRIDGET M. POLLOWAY, ESQ.
3   100 Mulberry Street
    Gateway 3, 12th Floor
4   Newark, New Jersey  07102
5
    FOR THE DEFENDANT MANNINGTON MILLS, INC.:
6
    WILBRAHAM, LAWLER & BUBA, PC
7   BY:  JAMES F. TATE, ESQ.
    1818 Market Street
8   Suite 3100
    Philadelphia, Pennsylvania  19103
9
10 FOR THE DEFENDANT CBS CORP.:
11 MALABY & BRADLEY, LLC
    BY:  EVA WAYNE, ESQ.
12   150 Broadway
    Suite 600
13   New York, New York  10038
14
    FOR THE DEFENDANT KAISER GYPSUM:
15
    LEWIS BRISBOIS BISGAARD & SMITH LLP
16   BY:  KELLY McGEE, ESQ.
    77 Water Street
17   Suite 2100
    New York, New York  10005
18
19 A L S O  P R E S E N T :
20   MS. OLEG NEGRINI, Italian Interpreter
21
22
23
24
25

**5**

1            I N D E X

2

3 WITNESS: COSIMO COTRONA

4 EXAMINATION            PAGE

5 MR. LEE            8

6

7

8 EXHIBITS:

9 NUMBER      DESCRIPTION      PAGE

10

11

12

13

14

    QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:

15     PAGE LINE

16     None

17

18 INFORMATION TO BE SUPPLIED:

19     PAGE LINE

20     None

21

22

23

24

25

2 (Pages 2 to 5)

**6**

1  MOVE TO STRIKE:
2      PAGE LINE
3      57-8
4      78-15
5
6
7  MARK FOR RULING:
8      PAGE LINE
9      None
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**7**

1          MS. BRANDIS:  I just have one
2  correction.  On the Chart A, it says
3  he retired in 1999, but he actually
4  retired in 1996 which is in the
5  interrogatories themselves.
6          MR. McGOWAN:  So, these dates
7  are '68 to '96?
8          MS. BRANDIS:  Yes.
9          MR. LEE:  Any statements from
10  any of the defendants before we begin?
11          MR. DeJONG:  My name is Thomas
12  DeJong.  I am with the law firm of
13  Braaten & Pascarella.
14          One or more of my clients may
15  have not been served properly in this
16  matter, and my presence here does not
17  constitute a waiver of any objections
18  or defenses for my clients.
19          Thank you.
20          MR. LEE:  And I'll join.
21          MS. POLLOWAY:  Join.
22          MS. McGEE:  Join.
23          MR. McGOWAN:  Join.
24          All defendants join.
25          MS. WAYNE:  Join.  All

**8**

1  defendants join.
2          OLEG NEGRINI,
3      having first been duly sworn,
4      translated from English to Italian
5      and Italian to English as follows:
6          COSIMO COTRONA,
7      residing at 235 Bay 43rd Street.
8      Brooklyn, New York 11214,
9      having first been duly sworn, was
10      examined and testified as follows:
11
12          EXAMINATION
13
14  BY MR. LEE:
15      Q.    Good morning, Mr. Cotrona.
16      A.    Good morning.
17      Q.    My name is Lawrence Lee from the law
18  firm of Lynch Daskal Emery?
19      A.    Nice to meet you.
20      Q.    I will be asking you most of the
21  questions today.
22      A.    Yes.
23      Q.    And when I am finished some of the
24  other attorneys in the room and your own attorney may
25  ask you some questions.

**9**

1      A.    Yes.
2      Q.    Before I begin with most of my
3  questions about your lawsuit, I just want to go over
4  some ground rules with you.
5      A.    Yes.
6      Q.    The first is, if you need a break at
7  any time, please let your attorney or one of us know.
8      A.    Yes, thank you.
9      Q.    We will take as many breaks as you
10  need, okay?
11      A.    Yes.
12      Q.    And also there is an interpreter in
13  the room today.
14      A.    Yes, thank you.
15      Q.    Okay.  And I am not sure if you
16  understand any of my questions that I pose in
17  English.
18      A.    Okay, yes.
19      Q.    But I will just ask if you do
20  understand anything I say in English that you wait
21  and let the interpreter interpret my question before
22  you give an answer.
23      A.    Yes.
24      Q.    If you don't understand any of my
25  questions, please let me know?

3 (Pages 6 to 9)

Cotrona

## 10

1    A.    Yes.
2    Q.    And also we don't want you to guess
3  the answers to any of my questions.
4    A.    Yes.
5    Q.    If you don't know the answer, you can
6  just tell me you don't know.
7    A.    Yes.
8    Q.    But if some questions you can give me
9  an estimate, whether it is the estimate of the years,
10  or the size of something, estimates are perfectly
11  acceptable.
12    A.    Yes.
13    Q.    Are you currently taking any
14  prescription medications?
15    A.    Yes. Vasotec and Norvasc. I think it
16  is written in the paper.
17        MS. BRANDIS: Okay.
18    A.    The medications I take?
19        MS. BRANDIS: I think he is
20  saying it's in the Rog's.
21        MR. LEE: Oh, okay.
22        MS. BRANDIS: It's not.
23        Off the record.
24        (Discussion held off the
25  record.)

## 11

1    A.    I take medication just for blood
2  pressure.
3    Q.    Are you currently taking two different
4  medications?
5    A.    There are two for blood pressure and
6  that's it.
7    Q.    How long have you been taking those
8  medications for blood pressure?
9    A.    About 20 years, more. I don't know.
10    Q.    Who first prescribed those medications
11  to you?
12    A.    The man doctor.
13    Q.    Do you recall --
14        THE PARALEGAL: No. That's
15  his name, Dr. Degliuomini.
16        MR. LEE: I need to put
17  something on the record.
18        There is a paralegal in the
19  room from Weitz & Luxenberg who I
20  understand is here because she has
21  knowledge of Italian. However, we
22  have an official court interpreter
23  here today. Her translation is what
24  we are going to have to rely on. We
25  cannot have other people volunteering

## 12

1  different translations.
2        If you have a problem or you
3  want to speak to your attorney, you
4  guys can just let me know and we can
5  take a quick break. But we can't have
6  two people translating the same words.
7        THE INTERPRETER: The
8  interpreter would like to clarify
9  that.
10        Degliuomini in Italian
11  means -- in English means a man.
12  That's why I translated that word not
13  knowing it was a proper name.
14    Q.    Is that Dr. Degliuomini at Maimonides
15  Medical Center?
16    A.    Yes.
17    Q.    Are you currently taking any
18  medications or painkillers?
19    A.    No.
20    Q.    Are you still seeing Dr. Degliuomini?
21    A.    Yes, yes.
22    Q.    Do either of the medications that you
23  are taking affect your ability to understand my
24  questions?
25    A.    It's for blood pressure.

## 13

1    Q.    So you can understand and answer all
2  of my questions?
3        MS. BRANDIS: Objection.
4    A.    Your question?
5    Q.    What I am trying to find out is if the
6  medications that you are taking will affect your
7  ability to answer my questions today?
8    A.    The medications I am taking are for
9  blood pressure.
10    Q.    So the answer is no?
11        Is the answer no?
12    A.    The answer is just for blood pressure.
13    Q.    Does that medication affect your
14  ability to answer any of my questions, yes or no?
15    A.    Which question?
16    Q.    Any of the questions that I am going
17  to ask you, do you think the fact that you are taking
18  medication for your high blood pressure -- for your
19  blood pressure will affect your ability to answer my
20  questions, yes or no?
21        MS. BRANDIS: Objection.
22    A.    They are just to lower down the blood
23  pressure.
24    Q.    Have you been able to understand all
25  of the questions I've asked you so far?

4 (Pages 10 to 13)

Priority-One Court Reporting Services, Inc.
25B Vreeland Road, Suite 301, Florham Park, NJ 07932

718-983-1234

Cotrona

---

**14**

1    A.    Yes.
2    Q.    And if you don't understand any of my
3    questions, you will let me know, correct?
4    A.    Yes.
5    Q.    Have you ever given a deposition
6    before?
7    A.    No.
8    Q.    Have you ever testified in a
9    courtroom?
10    A.    No.
11    Q.    Have you ever been either a plaintiff
12    or a defendant in any other lawsuits?
13    A.    No.
14    Q.    Did you look at any photographs in
15    preparation for today's deposition?
16    A.    No.
17    Q.    Did you look at any magazines, or
18    lists or anything in preparation for today's
19    deposition?
20        MS. BRANDIS:  Objection.
21    A.    No.
22    Q.    Did you discuss today's deposition
23    with anyone other than your attorneys?
24    A.    No.
25    Q.    Mr. Cotrona, you told us earlier that

---

**15**

1    you live at 235 Bay 43rd Street in Brooklyn.
2        How long have you lived there?
3    A.    It will be 30 years, maybe more.
4    Q.    Do you recall if you moved there
5    before 1980?
6    A.    I think 1980 I went there.
7    Q.    Is your Social Security number
8    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?
9    A.    I have it here.
10        MS. BRANDIS:  I want you to
11    try and answer the questions the best
12    that you can without having to pull
13    things out of your wallet, okay?
14        THE WITNESS:  Yes.  But I
15    don't remember the Social Security
16    number.
17    Q.    Mr. Cotrona, now that you have had a
18    chance to look at your Social Security number, would
19    agree that your Social Security number is
20    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?
21    A.    Yes, yes.
22    Q.    And is your birth date October 18,
23    1933?
24    A.    Yes.
25    Q.    And that makes you 77 years old today?

---

**16**

1    A.    Yes, yes.
2    Q.    Where were you born?
3    A.    In Italy.
4    Q.    Can you tell me where in Italy?
5    A.    Martone in Province Reggio Calabria.
6    Q.    Is that in the southern tip of Italy?
7    A.    Yes, yes.
8    Q.    When did you move to the United
9    States?
10    A.    In 1968.
11    Q.    Did you come alone?  Did you come with
12    family?  Who did you come with?
13    A.    I came with my wife and two children.
14    Q.    When you came to the United States,
15    where in the United States did you move?
16    A.    39th Street and Fort Hamilton.
17    Q.    Is that in Brooklyn?
18    A.    Brooklyn.
19    Q.    Do you recall what month in 1968 you
20    came to the U.S.?
21    A.    In the month of August.
22    Q.    What were the names of your two
23    children that you came to the U.S. with?
24    A.    One is Maria Rosa and one is Caterina.
25    Q.    Are you a U.S. citizen?

---

**17**

1    A.    Yes.
2    Q.    Can you tell me what year you became a
3    U.S. citizen?
4    A.    I don't remember.  I don't remember.
5    Q.    Do you still have a copy of your
6    Italian passport?
7    A.    No.
8    Q.    Do you have a driver's license?
9    A.    Yes.
10    Q.    Can you tell me when you first got a
11    driver's license?
12    A.    I don't remember.
13    Q.    When you lived in Italy, did you ever
14    live anywhere other than Reggio Calabria?
15    A.    No.
16    Q.    Did you ever do any work near the
17    Balangaro Mine in Turin?
18    A.    No.
19    Q.    What is your -- are you currently
20    married?
21    A.    Yes.
22    Q.    What is your wife's name?
23    A.    Immaculata.
24    Q.    Can you tell me when you married your
25    wife?

---

Priority-One Court Reporting Services, Inc.          718-983-1234
25B Vreeland Road, Suite 301, Florham Park, NJ 07932



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

IN RE:      NEW YORK CITY                 : NYCAL
                  ASBESTOS LITIGATION      :

---------------------------------------------------------------X

COSIMO COTRONA,                    : Index No. 190403/10
                                          :

                         Plaintiff,      :
                                          :

                 -against-           : **NOTICE TO THE STATE COURT**
                                         : **OF REMOVAL OF ACTION TO**

CBS CORPORATION, f/k/a VIACOM INC.,      : **FEDERAL COURT**
successor by merger to CBS CORPORATION, f/k/a :
WESTINGHOUSE ELECTRIC CORPORATION,   :
*et al.*,                                          :

                                         : Hon. Martin Shulman
                    Defendants.      : IAS Part 1

---------------------------------------------------------------X

TO:    THE CLERK OF THE COURT
       SUPREME COURT OF THE STATE OF NEW YORK
       COUNTY OF NEW YORK

       PLEASE TAKE NOTICE that on July 20, 2011, defendant Georgia-Pacific LLC filed in

the United States District Court for the Southern District of New York a Notice of Removal of

the above-entitled action.  A copy of the Notice of Removal is attached hereto.

PLEASE TAKE FURTHER NOTICE that by the filing of the attached Notice of Removal, and by the filing of this Notice to State Court and a copy of the same in Federal Court, the above-entitled action has been removed from this Court to the United Stated District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b), and this Court may not proceed further unless and until the case is remanded.

Dated: New York, New York
      July 20, 2011

LYNCH DASKAL EMERY LLP

By: _____
    Lawrence G. Lee

264 West 40th Street
New York, New York 10018
(212)302-2400
lee@lawlynch.com

*Attorneys for Defendant Georgia-Pacific LLC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------X

| | |
|---|---|
| IN RE:  NEW YORK CITY | : NYCAL |
| ASBESTOS LITIGATION | : |

----------------------------------------------------------------X

| | |
|---|---|
| COSIMO COTRONA, | : Index No. 190403/10 |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : **NOTICE TO** |
| | : **PLAINTIFF'S COUNSEL OF** |
| CBS CORPORATION, f/k/a VIACOM INC., | : **FILING OF NOTICE OF REMOVAL** |
| successor by merger to CBS CORPORATION, f/k/a | : |
| WESTINGHOUSE ELECTRIC CORPORATION, | : |
| *et al.,* | : |
| | : Hon. Martin Shulman |
| Defendants. | : IAS Part 1 |

----------------------------------------------------------------X

TO:   Jerry Kristal, Esq.
      Weitz & Luxenberg, P.C.
      700 Broadway
      New York, New York 10003

      PLEASE TAKE NOTICE that on July 20, 2011, defendant Georgia-Pacific LLC filed a

Notice of Removal of the above-entitled action from the Supreme Court of the State of New York,

County of New York to the United Stated District Court for the Southern District of New York,

pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

Dated: New York, New York
       July 20, 2011

                                        LYNCH DASKAL EMERY LLP

                                        By: _____
                                              Lawrence G. Lee

                                        264 West 40th Street
                                        New York, New York 10018
                                        (212)302-2400
                                        lee@lawlynch.com

                                        *Attorneys for Defendant Georgia-Pacific LLC*

LYNCH DASKAL EMERY LLP
264 West 40th Street
New York, NY 10018
Attorneys for Defendant Georgia-Pacific LLC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
IN RE:     NEW YORK CITY     :
            ASBESTOS LITIGATION    :
-------------------------------------------------------------X
COSIMO COTRONA,          :    Index No. 190403/10
               Plaintiff,    :
                        :
           -against-     :    **AFFIDAVIT OF SERVICE**
                        :
CBS CORPORATION, f/k/a VIACOM INC.,  :
successor by merger to CBS CORPORATION, f/k/a/ :
WESTINGHOUSE ELECTRIC CORPORATION,  :
et al.,                       :
                        :
             Defendants.    :
-------------------------------------------------------------X

STATE OF NEW YORK   )
                  ) ss.:
COUNTY OF NEW YORK )

     NICOLE WERTALIK, being duly sworn, deposes and says:

    1.  I am not a party to this action, am over 18 years of age, and I am a paralegal at the offices of Lynch Daskal Emery LLP.  I reside at 476 9th Street, Brooklyn, NY 11215.

    2.  On the 20th day of July 2011, I served a copy of **GEORGIA-PACIFIC LLC'S NOTICE OF REMOVAL, CIVIL COVER SHEET, NOTICE TO THE STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT, NOTICE TO PLAINTIFF'S COUNSEL OF FILING OF NOTICE OF REMOVAL, AND 7.1 DISCLOSURE STATEMENT** by personally delivering by hand a true and correct copy of the same, upon the individual described as below:

**Jerry Kristal, Esq.**
**Weitz & Luxenberg, PC**
**700 Broadway**
**New York NY  10003**

                                           _____
                                           NICOLE WERTALIK

Sworn to before me this
20th day of July 2011

_____
Notary Public

GOLRIZ SHOAI-NAINI
Notary Public, State of New York
No. 02SH6303611
Qualified in New York County
Commission Expires April 13, 20_13_