ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:11-cv-04966-RMB

Coyne et al v. Aluminum Company of America (Alcoa) et al
Assigned to: Judge Richard M. Berman
Case in other court: Supreme Court- New York County,
190399-10
Cause: 28:1441 Notice of Removal

Date Filed: 07/20/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Thomas J. Coyne**

**Plaintiff**

**Suzanne Coyne**

V.

**Defendant**

**Aluminum Company of America (Alcoa)**

**Defendant**

**Bell & Gossett Company**

**Defendant**

**Bucyrus International, Inc.**
*as successor in interest Bucyrus-Erie Company*

**Defendant**

**Caterpillar, Inc.**

**Defendant**

**CBS Corporation**
*successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation formerly known as*
Viacom, Inc.

**Defendant**

**Certain Teed Corporation**

**Defendant**

**Crane Co.**

**Defendant**

**Empire-Ace Insulation MFG. Corp.,**

**Defendant**

**Foster Wheeler, L.L.C.**

**Defendant**

**Gates Corporation**

**Defendant**

**General Electric Company**

**Defendant**

**Georgia Pacific Co.**                     represented by **Lawrence Gable Lee**
                                                            Lynch Daskal Emery, LLP
                                                            264 West 40th Street
                                                            New York, NY 10018
                                                            (212)-302-2400
                                                            Fax: (212)-302-2210
                                                            Email: lee@lawlynch.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Goodyear Canada, Inc.**

**Defendant**

**Goodyear Tire and Rubber Company**

**Defendant**

**Goulds Pumps, Inc.**

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**ITT Corporation**

**Defendant**

**Kelly-Moore Paint Company, Inc.**

**Defendant**

**Kennedy Valve Manufacturing Co.,
Inc.**

**Defendant**

**Kentile Floors, Inc.**

**Defendant**

**Koehring Company**

**Defendant**

**Komatsu America Corporation**

**Defendant**

**Link-Belt Construction Equipment Company**

**Defendant**

**Mario & DiBono Plastering Co., Inc.**

**Defendant**

**Owens-Illinois, Inc.**

**Defendant**

**Pettibone Michigan Corporation**
*formerly known as*
successor in interest to Pettibone
Michigan Corporation
*formerly known as*
or successor in interest to Pettibone
Corporation

**Defendant**

**PPM Cranes, Inc.**

**Defendant**

**Rapid-American Corporation**

**Defendant**

**Tadano American Corporation**

**Defendant**

**Terex Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/20/2011 | 1 | NOTICE OF REMOVAL from State Supreme, County of New York. Case Number: 190399-10. (Filing Fee $ 350.00, Receipt Number 1012026).Document filed by Georgia Pacific Co.(ama) (Entered: 07/21/2011) |
| 07/20/2011 | | Magistrate Judge Henry B. Pitman is so designated. (ama) (Entered: 07/21/2011) |
| 07/20/2011 | | Case Designated ECF. (ama) (Entered: 07/21/2011) |
| 07/20/2011 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Georgia-Pacific Holdings, LLC; Georgia-Pacific Equity Holdings, LLC; Koch Renewable |

Resources, Inc.; as Corporate Parent. Document filed by Georgia Pacific Co. (ama) (Entered: 07/21/2011)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/21/2011 15:41:46 | | | |
| **PACER Login:** | ld1115 | **Client Code:** | 2000-1427 |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-04966-RMB |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

JUDGE BERMAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

11 CIV 4966

```
-------------------------------------------------- X
THOMAS J. COYNE and SUZANNE COYNE          :   Civil Action No.
                                           :
                   Plaintiffs,             :
                                           :
               -against-                   :   **Rule 7.1 Statement**
                                           :
ALUMINUM COMPANY OF AMERICA                :
(ALCOA), *et al.*                          :
                                           :
                   Defendants.             :
-------------------------------------------------- X
```

*JUL 20 2011*
*U.S.D.C. S.D. N.Y.*
*CASHIERS*

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to

enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or

recusal, the undersigned counsel for defendant Georgia-Pacific LLC (a private non-governmental

party) certifies that:

> Georgia-Pacific LLC is a Delaware limited liability company, and wholly owned
> by Georgia-Pacific Holdings, LLC, a Delaware limited liability company.
> Georgia-Pacific Holdings, LLC is wholly owned by Georgia-Pacific Equity
> Holdings, LLC, a Delaware limited liability company.  Georgia-Pacific Equity
> Holdings, LLC is wholly owned by Koch Renewable Resources, Inc.   Koch
> Renewable Resources is incorporated in the State of Delaware with its principal
> place of business in Kansas.  No public corporation owns 10 percent or more of
> Georgia-Pacific LLC's stock.

Dated: New York, NY
      July 19, 2011

                    Respectfully submitted,

                    LYNCH DASKAL EMERY LLP

                    By:_____
                       Lawrence G. Lee
                       Attorney Bar Code: LL-1819

                    264 West 40th Street
                    New York, New York 10018
                    (212)302-2400
                    lee@lawlynch.com

                    Attorneys for Defendant Georgia-Pacific LLC

JS 44C/SDNY
REV. 5/2010

**CIVIL COVER SHEET**

11 CIV 4966

JUDGE BERMAN The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Thomas Coyne and Suzanne Coyne | Aluminum Company of America (ALCOA) et al., |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Weitz & Luxenberg, P.C., 700 Broadway, NY, NY 10003 (212) 558-5500 | See below. |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C 1332, 1441, and 1446

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]   Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed.  No[ ]  Yes [ ]   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*  **NATURE OF SUIT**

ACTIONS UNDER STATUTES

BANKRUPTCY   S.D.N.Y. CASHIERS

|  | TORTS | | FORFEITURE/PENALTY | | OTHER STATUTES |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 AGRICULTURE | **BANKRUPTCY** | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 620 OTHER FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [×] 410 ANTITRUST |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 385 PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [×] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | **PROPERTY RIGHTS** | [ ] 450 COMMERCE |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | [ ] 630 LIQUOR LAWS | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 640 RR & TRUCK | [ ] 830 PATENT | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 650 AIRLINE REGS | [ ] 840 TRADEMARK | |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | | [ ] 480 CONSUMER CREDIT |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 690 OTHER | **SOCIAL SECURITY** | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 SELECTIVE SERVICE |
| [ ] 160 STOCKHOLDERS SUITS | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190 OTHER CONTRACT | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 864 SSID TITLE XVI | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 FRANCHISE | **ACTIONS UNDER STATUTES** | | [ ] 740 RAILWAY LABOR ACT | [ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURAL ACTS |
| | | | [ ] 790 OTHER LABOR LITIGATION | **FEDERAL TAX SUITS** | [ ] 892 ECONOMIC STABILIZATION ACT |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 893 ENVIRONMENTAL MATTERS |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 894 ENERGY ALLOCATION ACT |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | | **IMMIGRATION** | | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | [ ] 462 NATURALIZATION APPLICATION | | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 MANDAMUS & OTHER [ ] 550 CIVIL RIGHTS | [ ] 463 HABEAS CORPUS- ALIEN DETAINEE | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION ACTIONS | | |
| | [ ] 440 OTHER CIVIL RIGHTS | | | | |

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____  OTHER _____   JUDGE _____   DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES [ ] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

**(PLACE AN x IN ONE BOX ONLY)**        **ORIGIN**

[ ] 1 Original Proceeding    [✓] 2a. Removed from State Court    [ ] 3 Remanded from Appellate Court    [ ] 4 Reinstated or Reopened    [ ] 5 Transferred from (Specify District)    [ ] 6 Multidistrict Litigation    [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

[ ] 2b. Removed from State Court AND at least one party is pro se.

**(PLACE AN x IN ONE BOX ONLY)**      **BASIS OF JURISDICTION**      **IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)**

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [✓] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [X]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [X]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Cosimo Cotrona
235 Bay 43rd Street, Brooklyn, NY 11214
Citizens of the State of New York (See Removal Papers)

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Georgia-Pacific LLC, 133 Peachtree Street, Atlanta, GA 30303
Citizens of the States of Delaware and Kansas (See Removal Papers)
    Attorneys: Lynch Daskal Emery LLP, 264 W. 40th Street, NY, NY 10018

Crane Co., 100 First Stamford Place. Stamford, Connecticut 06902
Citizens of the States of Delaware and Connecticut (See Removal Papers)
    Attorneys: K&L Gates, LLP, 599 Lexington Ave., NY, NY 10022

**DEFENDANT(S) ADDRESS UNKNOWN**
    REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [✓] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 07/20/2011    SIGNATURE OF ATTORNEY OF RECORD    ADMITTED TO PRACTICE IN THIS DISTRICT
    [ ] NO
RECEIPT #    [X] YES (DATE ADMITTED Mo. 07 Yr. 2006)
    Attorney Bar Code # LL-1819

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ MAG. JUDGE PITMAN _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------- X
THOMAS J. COYNE and SUZANNE COYNE      :   Civil Action No.
                                       :
                    Plaintiffs,        :
                                       :
          -against-                    :
                                       :
ALUMINUM COMPANY OF AMERICA            :
(ALCOA), et al.                        :
                                       :
                    Defendants.        :
----------------------------------------------------------------- X
```

### GEORGIA-PACIFIC LLC'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b), defendant Georgia-Pacific LLC

(incorrectly sued as Georgia-Pacific Co.) gives notice of removal of this action filed against it in

the Supreme Court of the State of New York, County of New York, to the United States District

Court for the Southern District of New York. In support, Georgia-Pacific respectfully states as

follows:

### Preliminary Matters

1.      On October 20, 2010, Plaintiffs Thomas and Suzanne Coyne filed this asbestos-

related personal injury action, Index No. 190399/2010, in the Supreme Court of the State of New

York, County of New York. *See* Summons and Verified Complaint, a copy of which is attached

as Exhibit A. This action was filed against Georgia-Pacific and numerous other defendants. *See*

*id.*

2.      Georgia-Pacific was served on November 3, 2010 with Plaintiffs' Summons and

Verified Complaint and served its Acknowledgment of Receipt. *See* Ex. A; *see also*

Georgia-Pacific's Acknowledgment of Receipt, a copy of which is attached as Exhibit B. At the

time of the filing of the Verified Complaint, this action was not removable because the district court lacked original jurisdiction.

3.      On April 7, 2011, several actions, including this one, were transferred to the Honorable Martin Shulman by the Administrative Judge for Civil Matters of the First Judicial District, the Honorable Sherry Klein Heitler.  *See* Transfer Order, a copy of which is attached as Exhibit C.

4.      At a pre-trial conference held before Justice Shulman on April 14, 2011, counsel for Plaintiffs produced to the court and defendants a list identifying all of the remaining defendants in this action.  *See* Remaining Defendants List as of April 14, 2011, a copy of which is attached as Exhibit D.  According to the remaining defendants list, this action was not yet removable, pursuant to 28 U.S.C. §§ 1332 and 1441(a), because two of the remaining defendants, Kentile Floors, Inc. and Mario & DiBono Plastering Co., Inc., shared a New York citizenship with Plaintiffs for purposes of diversity.

5.      At a subsequent pre-trial conference held on June 21, 2011 before Justice Shulman, counsel for Plaintiffs produced to the court and defendants an amended remaining defendants list, notifying to the court and defendants that Bucyrus International, Inc., as successor in interest Bucyrus-Erie Company, was no longer a defendant in this matter.  *See* Remaining Defendants List as of June 21, 2011, a copy of which is attached as Exhibit E. Kentile and Mario & DiBono still remained as defendants in this action, again preventing its removal pursuant to 28 U.S.C. §§ 1332 and 1441(a).  *See id.*

6.      On June 30, 2011, during oral argument of the motions *in limine* before Justice Shulman, counsel for Plaintiffs produced another amended remaining defendants list, representing to the court and defendants for the first time that Kentile had settled this action and was no longer a defendant.  *See* Remaining Defendants List as of June 30, 2011, a copy of which

is attached as Exhibit F. Additionally, CertainTeed Corporation, Koehring Company, and Turex Corporation were no longer defendants in this matter. *See id.*

7.    On July 18, 2011, Mario & DiBono informed the court and defendants that it had settled with Plaintiffs. *See* Email Correspondence from Counsel for Mario & DiBono, John J. Fanning to Defense Counsels, dated July 19, 2011, a copy of which is attached as Exhibit G. That same day, defendants Peerless Industries, Inc., Tishman Realty & Construction Co., Inc., and Link-Belt Construction Equipment Company also indicated to the court and defendants that they had settled with Plaintiffs. *See* Email Correspondences to Counsel for Georgia-Pacific Lawrence G. Lee and Diane Pompei from Counsel for Peerless Industries, Inc., Philip J. O'Rourke; Counsel for Tishman Realty & Construction Co., Inc., Gary T. Healy; and Counsel for Link-Belt Construction Equipment Company, Christopher Hannan, dated July 19, 2011, copies of which are collectively attached as Exhibit H. Accordingly, Georgia-Pacific and Crane Co. are the only two remaining defendants in this action.

8.    As a result, this Notice of Removal is timely in that it is being filed: (1) within 30 days after receipt by Georgia-Pacific of a copy of "other paper from which it may first be ascertained that the case is one which is or has become removable" and (2) no later than one year after the commencement of this action for purposes of removal on the basis of jurisdiction conferred by 28 U.S.C. § 1332. *See* 28 U.S.C. § 1446(b).

## Nature of the Case

9.    This action is based on Plaintiffs' allegation that Daniel Stupino's mesothelioma was caused by his exposure to asbestos-containing products manufactured by defendants. Accordingly, Plaintiffs asserts strict liability and negligence claims, including failure to warn, against defendants based on various theories.

3

**Grounds for Removal**

10.     This is a civil action over which this Court has original jurisdiction under

28 U.S.C. § 1332 because the amount in controversy exceeds $75,000,[1] exclusive of interest and

costs, and diversity of citizenship exists.

11.     Complete diversity of citizenship exists because this is now a matter between

citizens of different states. *See Atlanta Shipping Corp. v. International Modular Housing, Inc.,*

547 F.Supp. 1356, 1360-1361 (S.D.N.Y. 1982) (permitting removal when diversity is created by

plaintiff's voluntary termination of action against non-diverse party, even though diversity did

not exist at time original action was commenced).

12.     For purposes of diversity jurisdiction, citizenship of parties depends upon their

places of domicile. *See Williamson v. Osenton,* 232 U.S. 619, 625, 34 S.Ct. 442 (1914);

*Chappelle v. Beacon Communications Corp.*, 863 F.Supp. 179, 181 (S.D.N.Y. 1994). Here,

Plaintiffs are citizens of the State of New York and their principal place of residence is

49 13th Avenue, Mineola, New York, where they have primarily resided for the last 22 years.

*See* Plaintiffs' Response to Defendants' Fourth Amended Interrogatories and Request for

Production of Documents, relevant portions of which are attached as Exhibit I, at 3-5; *see also*

Transcript of Plaintiff Thomas Coyne's December 28, 2010 discovery deposition, relevant

portions of which are attached as Exhibit J, at 40:14-46:9.

13.     The citizenship of defendant Georgia-Pacific, however, must be evaluated under a

different analysis due to its structure as a limited liability company, which is dependent on the

citizenship of its members for purposes of diversity. *See Mackson v. Diamond Financial LLC,*

347 F.Supp.2d 53, 55 (S.D.N.Y. 2004). Georgia-Pacific LLC, a limited liability company

formulated under the laws of the State of Delaware, is wholly owned by its one member,

---

[1] Georgia-Pacific received a settlement demand of $650,000.00 from Plaintiffs' counsel.

Georgia-Pacific Holdings, LLC, a limited liability company formulated under the laws of the State of Delaware. Georgia-Pacific Holdings, LLC is wholly owned by its one member Georgia-Pacific Equity Holdings, LLC, a limited liability company also formulated under the laws of the State of Delaware. Georgia-Pacific Equity Holdings, LLC is wholly owned by its one member Koch Renewable Resources, Inc. Koch Renewable Resources is incorporated in the State of Delaware and has its principal place of business in Kansas. As such, Georgia-Pacific is a citizen of the States of Delaware and Kansas. *See New Millennium Capital Partners, III, LLC v. Juniper Group Inc.*, 2010 WL 1257325 *1 (S.D.N.Y. 2010) (stating that the citizenship of a limited liability company depends upon the "citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company"); *Francis Perugi Tours, Inc. v. Atlantic Detroit Diesel-Allison, LLC*, 2005 WL 1413281 *1 (S.D.N.Y. 2005) (same).

14.     Lastly, Crane Co., which is incorporated in Delaware and maintains its principal place of business in Connecticut, consents in the removal of this action. *See* 28 U.S.C. §1332(c); *see also Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960) (requiring consent to removal by all remaining defendants). Copies of Crane Co.'s Consent to Removal and 7.1 Statement, dated July 19, 2011, are collectively attached as Exhibit K.

15.     Therefore, complete diversity exists because the adverse parties are not citizens of the same state.

## Conclusion

16.     For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

17.     A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C.S.

§1446 and provided to counsel for Plaintiffs.  Copies of the notices are attached collectively as Exhibit L.

WHEREFORE, Defendant Georgia-Pacific LLC prays that the above action now pending against it is the Supreme Court of the State of New York, County of New York, be removed therefrom to this Court.

Dated: New York, New York
         July 19, 2011

                                        Respectfully submitted,

                                        LYNCH DASKAL EMERY LLP

                                        By: _____
                                            Lawrence G. Lee
                                            Attorney Bar Code: LL-1819

                                        264 West 40th Street
                                        New York, New York 10018
                                        (212)302-2400
                                        lee@lawlynch.com

                                        *Attorneys for Defendant Georgia-Pacific LLC*



 CT Corporation

**RECEIVED**

NOV 0 4 2010

PACE

**Service of Process Transmittal**
11/03/2010
CT Log Number 517547965

TO:    Stacie Simpson - GP
       Navigant Consulting
       PACE Claim Services, LLC, 100 American Metro Blvd
       Suite 108
       Hamilton, NJ 08619

RE:    **Process Served in New York**

FOR:   Georgia-Pacific Corporation (Cross Ref Name) (Domestic State: DE)
       Georgia-Pacific LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Thomas J. Coyne and Suzanne Coyne, Pltfs. vs. Aluminum Company of America (Alcoa), et-al. including Georgia Pacific Co., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Rider, Verified Complaint |
| **COURT/AGENCY:** | New York County: Supreme Court, NY Case # 190399-10 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/03/2010 at 12:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Patti Burshtyn Weitz & Luxenberg, P.C. 700 Broadway New York, NY 10003 212-558-5500 |
| **REMARKS:** | Please note the process server underlined and/or highlighted the entity being served prior to receipt by CT. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 794080198116 Email Notification, Stacie Simpson PACEservice@navigantconsulting.com Email Notification, Georgia-Pacific Corp - Asbestos Only asbestoslawgrctinote@gapac.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue New York, NY 10011 |
| **TELEPHONE:** | 212-5909070 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------X   Index No.: 190399-10

THOMAS J. COYNE and SUZANNE COYNE,

Date Filed: 10/20/10

Plaintiff(s),

-against-

ALUMINUM COMPANY OF AMERICA (ALCOA),
BELL & GOSSETT COMPANY,
BUCYRUS INTERNATIONAL, INC.,
   as successor in interest BUCYRUS-ERIE COMPANY,
CATERPILLAR, INC.,
CBS CORPORATION, f/k/a VIACOM INC.,
   successor by merger to
   CBS CORPORATION, f/k/a
   WESTINGHOUSE ELECTRIC CORPORATION,
CERTAIN TEED CORPORATION,
CRANE CO.,
EMPIRE-ACE INSULATION MFG. CORP.,
FOSTER WHEELER, L.L.C.,
GATES CORPORATION,
GENERAL ELECTRIC COMPANY,
GEORGIA PACIFIC CO.,
GOODYEAR CANADA, INC.,
GOODYEAR TIRE AND RUBBER COMPANY,
GOULDS PUMPS, INC.,
INGERSOLL-RAND COMPANY,
ITT CORPORATION,
KELLY-MOORE PAINT COMPANY, INC,
KENNEDY VALVE MANUFACTURING Co., Inc.,
KENTILE FLOORS, INC.,
KOEHRING COMPANY,
KOMATSU AMERICA CORPORATION,
LINK-BELT CONSTRUCTION EQUIPMENT COMPANY,
MARIO & DIBONO PLASTERING CO., INC.,
OWENS-ILLINOIS, INC.,
PETTIBONE MICHIGAN, LLC,
    f/k/a and or successors in interest to
    PETTIBONE MICHIGAN CORPORATION,
    f/k/a and or successor in interest to PETTIBONE
    CORPORATION,
PPM CRANES INC.,
RAPID-AMERICAN CORPORATION,
TADANO AMERICA CORPORATION,
TEREX CORPORATION,

Plaintiff Designates
**NEW YORK**
County as the Place of Trial

The Basis of Venue is
Defendants' Place of Business

**SUMMONS**

NEW YORK
COUNTY CLERK'S OFFICE

OCT 20 2010

NOT COMPARED
WITH COPY FILE

Defendants.

-------------------------------------------------------------------------X

To the above named Defendant(s)

**You are hereby summoned** to answer the **verified** complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, October 20, 2010
    New York, New York

Defendant's address:

**SEE ATTACHED DEFENDANTS RIDER**

WEITZ & LUXENBERG, P.C.
Attorney(s) for Plaintiff
Post Office Address
700 Broadway
New York, New York 10003
(212) 558-5500

DEFENDANTS' RIDER

**ALUMINUM COMPANY OF AMERICA (ALCOA)**
One Gateway Center
16th Floor
Pittsburgh, PA 15235

**BELL & GOSSETT COMPANY**
8200 North Austin Avenue
Morton Grove, IL 60053

**BUCYRUS INTERNATIONAL, INC.,**
  **as successor in interest BUCYRUS-ERIE COMPANY**
1100 Milwaukee Avenue
Box 500
South Milwaukee, WI 53172

**CATERPILLAR, INC.**
CT Corporation Systems
111 8th Avenue
New York, NY 10011

**CBS CORPORATION, f/k/a VIACOM INC.,**
  **successor by merger to**
  **CBS CORPORATION, f/k/a**
  **WESTINGHOUSE ELECTRIC CORPORATION**
Asbestos Litigation Support Manager
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Case Management & Technology Center
USX Towers
600 Grant Street
Pittsburgh, PA 15219

**CERTAIN TEED CORPORATION**
CT Corporation System
111 8th Avenue
New York, NY 10011

**CRANE CO.**
100 First Stamford Place
Stamford, CT 06902

**EMPIRE-ACE INSULATION MFG. CORP.**
c/o THE SECRETARY OF STATE
41 State Street
Albany, NY 12207

**FOSTER WHEELER, L.L.C.**
Route 173 at Frontage Road
Clinton, NJ 08809

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

**GATES CORPORATION**
CT CORPORATION SYSTEM
111 Eighth Avenue
New York, NY 10011

**GENERAL ELECTRIC COMPANY**
Electric Insurance Company
75 Sam Fonzo Drive
Beverly, MA 01915

**GEORGIA PACIFIC CO.**
CT Corporation Systems
111 8th Avenue
New York, NY 10011

**GOODYEAR CANADA, INC.**
450 Kipling Avenue
Atobicoke, Ontario CANADA M8ZSE1

**GOODYEAR TIRE AND RUBBER COMPANY**
Corporation Service Company
80 State Street
Albany, NY 12207

**GOULDS PUMPS, INC.**
240 Fall Street
Seneca Falls, NY 13148

**INGERSOLL-RAND COMPANY**
CT Corporation Systems
111 8th Avenue
New York, NY 10011

**ITT CORPORATION**
CT Corporation System
111 8th Avenue
New York, NY 10011

**KELLY-MOORE PAINT COMPANY, INC**
987 Commercial Street
San Carlos, CA 94070-4018

**KENNEDY VALVE MANUFACTURING Co., Inc.**
1021 East Water Street
Elmira, NY 14901

**KENTILE FLOORS, INC.**
G & K Consultants
4 Rita Street
Syossett, NY 11791

**KOEHRING COMPANY**
780 N Water Street
Milwaukee, WI 53202

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

**KOMATSU AMERICA CORPORATION**
One Continental Towers
1701 W. Golf Road
Rolling Meadows, IL 60008

**LINK-BELT CONSTRUCTION EQUIPMENT COMPANY**
CT Corporation System
111 8th Avenue
New York, NY 10011

**MARIO & DIBONO PLASTERING CO., INC.**
Rosa Lee Esq.
177 Montague Street
Brooklyn, NY 11201

**OWENS-ILLINOIS, INC.**
One Michael Owens Way
Perrysburg, OH 43551

**PETTIBONE MICHIGAN, LLC,**
   **f/k/a and or successors in interest to**
   **PETTIBONE MICHIGAN CORPORATION,**
   **f/k/a and or successor in interest to PETTIBONE**
   **CORPORATION**

CT Corporation
208 S. La Salle, Suite 814
Chicago, IL 60602

**PPM CRANES INC.**
Unknown at Present Time

**RAPID-AMERICAN CORPORATION**
2711 Centerville Road
Wilmington, DE 19808

**TADANO AMERICA CORPORATION**
4242 West Greens Road
Houston, TX 77066

**TEREX CORPORATION**
500 Post Road East, Suite 320
Westport, CT 06880

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------------X   Index No.:

THOMAS J. COYNE and SUZANNE COYNE,

Date Filed:

Plaintiff(s),

-against-

**VERIFIED**
**COMPLAINT**

ALUMINUM COMPANY OF AMERICA (ALCOA),
BELL & GOSSETT COMPANY,
BUCYRUS INTERNATIONAL, INC.,
   as successor in interest BUCYRUS-ERIE COMPANY,
CATERPILLAR, INC.,
CBS CORPORATION, f/k/a VIACOM INC.,
  successor by merger to
  CBS CORPORATION, f/k/a
  WESTINGHOUSE ELECTRIC CORPORATION,
CERTAIN TEED CORPORATION,
CRANE CO.,
EMPIRE-ACE INSULATION MFG. CORP.,
FOSTER WHEELER, L.L.C.,
GATES CORPORATION,
GENERAL ELECTRIC COMPANY,
GEORGIA PACIFIC CO.,
GOODYEAR CANADA, INC.,
GOODYEAR TIRE AND RUBBER COMPANY,
GOULDS PUMPS, INC.,
INGERSOLL-RAND COMPANY,
ITT CORPORATION,
KELLY-MOORE PAINT COMPANY, INC,
KENNEDY VALVE MANUFACTURING Co., Inc.,
KENTILE FLOORS, INC.,
KOEHRING COMPANY,
KOMATSU AMERICA CORPORATION,
LINK-BELT CONSTRUCTION EQUIPMENT COMPANY,
MARIO & DIBONO PLASTERING CO., INC.,
OWENS-ILLINOIS, INC.,
PETTIBONE MICHIGAN, LLC,
   f/k/a and or successors in interest to
   PETTIBONE MICHIGAN CORPORATION,
   f/k/a and or successor in interest to PETTIBONE
   CORPORATION,
PPM CRANES INC.,
RAPID-AMERICAN CORPORATION,
TADANO AMERICA CORPORATION,
TEREX CORPORATION,

Defendants.
-----------------------------------------------------------------------------X

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Plaintiff(s), THOMAS J. COYNE and SUZANNE COYNE, by their attorneys WEITZ & LUXENBERG, P.C., upon information and belief, at all times hereinafter mentioned alleges as follows:

1.      Plaintiff(s), THOMAS J. COYNE and SUZANNE COYNE, by their attorneys, WEITZ & LUXENBERG, P.C., for their **verified complaint** respectfully alleges:

2.      Defendant ALUMINUM COMPANY OF AMERICA (ALCOA), was and still is a duly organized domestic corporation doing business in the State of New York.

3.      Defendant ALUMINUM COMPANY OF AMERICA (ALCOA), was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

4.      Defendant BELL & GOSSETT COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

5.      Defendant BELL & GOSSETT COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

6.      Defendant BUCYRUS INTERNATIONAL, INC., as successor in interest BUCYRUS-ERIE COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

7.      Defendant BUCYRUS INTERNATIONAL, INC., as successor in interest BUCYRUS-ERIE COMPANY, was and still is a duly organized foreign corporation doing

business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

8.      Defendant GATES CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

9.      Defendant GATES CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

10.     Defendant GEORGIA PACIFIC CO., was and still is a duly organized domestic corporation doing business in the State of New York.

11.     Defendant GEORGIA PACIFIC CO., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

12.     Defendant ITT CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

13.     Defendant ITT CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

14.     Defendant KELLY-MOORE PAINT COMPANY, INC, was and still is a duly organized domestic corporation doing business in the State of New York.

15.     Defendant KELLY-MOORE PAINT COMPANY, INC, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

16.     Defendant KENNEDY VALVE MANUFACTURING Co., Inc., was and still is a duly organized domestic corporation doing business in the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

17.     Defendant KENNEDY VALVE MANUFACTURING Co., Inc., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

18.     Defendant KOEHRING COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

19.     Defendant KOMATSU AMERICA CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

20.     Defendant LINK-BELT CONSTRUCTION EQUIPMENT COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

21.     Defendant PETTIBONE MICHIGAN, LLC, f/k/a and or successors in interest to PETTIBONE MICHIGAN CORPORATION, f/k/a and or successor in interest to PETTIBONE CORPORATION , was and still is a duly organized domestic corporation doing business in the State of New York.

22.     Defendant PETTIBONE MICHIGAN, LLC, f/k/a and or successors in interest to PETTIBONE MICHIGAN CORPORATION, f/k/a and or successor in interest to PETTIBONE CORPORATION , was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

23.     Defendant PPM CRANES INC., was and still is a duly organized domestic corporation doing business in the State of New York.

24.     Defendant PPM CRANES INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

25.     Defendant TADANO AMERICA CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

26.     Defendant TEREX CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

27.     Defendant TEREX CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.


Plaintiff(s), THOMAS J. COYNE and SUZANNE COYNE,   repeats and realleges NYAL - WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY No. 7  as if fully incorporated herein as it pertains to the defendants in the aforementioned caption.

Dated: *October 20, 2010*
         New York, New York

                                        Yours, etc.,

                                        WEITZ & LUXENBERG, P.C

                                        Attorneys for Plaintiff(s)
                                        700 Broadway
                                        New York, NY  10003
                                        (212) 558-5500

STATE OF NEW YORK      )
                                          SS:
COUNTY OF NEW YORK  )

The undersigned, an attorney admitted to practice in the Courts of New York State,

shows:

Deponent is an Associate of the firm WEITZ & LUXENBERG, P.C., Counsel for the

plaintiff(s) in the within action; deponent has read the foregoing **summons and verified**

**complaint** and knows the contents thereof; the same is true to deponent's own knowledge, except

as to the matters therein stated to be alleged on information and belief, and that as to those

matters deponent believes it to be true. This verification is made by deponent and not by

plaintiff(s) because plaintiff(s) resides outside of the County of New York where plaintiffs'

counsel and deponent maintain their office.


Dated: October 20, 2010
       New York, New York

PATTI BURSHTYN

Index No.: 190399-10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THOMAS J. COYNE and SUZANNE COYNE,

Plaintiff(s),

-against-

ALUMINUM COMPANY OF AMERICA (ALCOA), et. al.,

Defendants.

## SUMMONS and COMPLAINT

**WEITZ & LUXENBERG, P.C.**
Attorneys for PLAINTIFFS
**700 Broadway**
**New York, NY 10003**
**212-558-5500**

To
Attorney(s) for

Service of a copy of the within
is hereby admitted.
Dated, October 20, 2010

**Attorney(s) for**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X   Index No.: 190399-10
THOMAS J. COYNE and SUZANNE COYNE,

                         Plaintiff(s),

              -against-

ALUMINUM COMPANY OF AMERICA (ALCOA),
BELL & GOSSETT COMPANY,
BUCYRUS INTERNATIONAL, INC.,
    as successor in interest BUCYRUS-ERIE COMPANY,
CATERPILLAR, INC.,
CBS CORPORATION, f/k/a VIACOM INC.,
  successor by merger to
    CBS CORPORATION, f/k/a
    WESTINGHOUSE ELECTRIC CORPORATION,
CERTAIN TEED CORPORATION,
CRANE CO.,
EMPIRE-ACE INSULATION MFG. CORP.,
FOSTER WHEELER, L.L.C.,
GATES CORPORATION,
GENERAL ELECTRIC COMPANY,
GEORGIA PACIFIC CO.,
GOODYEAR CANADA, INC.,
GOODYEAR TIRE AND RUBBER COMPANY,
GOULDS PUMPS, INC.,
INGERSOLL-RAND COMPANY,
ITT CORPORATION,
KELLY-MOORE PAINT COMPANY, INC,
KENNEDY VALVE MANUFACTURING Co., Inc.,
KENTILE FLOORS, INC.,
KOEHRING COMPANY,
KOMATSU AMERICA CORPORATION,
LINK-BELT CONSTRUCTION EQUIPMENT COMPANY,
MARIO & DIBONO PLASTERING CO., INC.,
OWENS-ILLINOIS, INC.,
PETTIBONE MICHIGAN, LLC,
    f/k/a and or successors in interest to
    PETTIBONE MICHIGAN CORPORATION,
    f/k/a and or successor in interest to PETTIBONE
    CORPORATION,
PPM CRANES INC.,
RAPID-AMERICAN CORPORATION,
TADANO AMERICA CORPORATION,
TEREX CORPORATION,
**BIRD INCORPORATED,**
**BORG-WARNER CORPORATION,**

Date Filed: 11/18/10

Plaintiff Designates
**NEW YORK**
County as the Place of Trial

The Basis of Venue is
Defendants' Place of Business

**SUPPLEMENTAL**
**SUMMONS**



NEW YORK
COUNTY CLERKS OFFICE

NOV 18 2010

NOT COMPARED
WITH COPY FILE

n/k/a BURNS INTERNATIONAL SERVICES
  CORPORATION,
DANA COMPANIES, LLC,
HONEYWELL INTERNATIONAL, INC.,
  f/k/a ALLIED SIGNAL, INC. / BENDIX,
PEERLESS INDUSTRIES, INC.,
TISHMAN REALTY & CONSTRUCTION CO., INC.,

                                  Defendants
------------------------------------------------------------------------X
To the above named Defendant(s)


     **You are hereby summoned** to answer the **amended verified** complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated, November 17, 2010
        New York, New York

Defendant's address:

**SEE ATTACHED DEFENDANTS RIDER**

WEITZ & LUXENBERG, P.C.
Attorney(s) for Plaintiff
Post Office Address
700 Broadway
New York, New York 10003
(212) 558-5500

## DEFENDANTS' RIDER

JAN RYFKOGEL
ESQ
BIVONA & COHEN, P.C.
WALL STREET PLAZA
88 PINE STREET
NEW YORK, NY 10005
(212) 363-3100
Attorneys for Defendant:
    **ALUMINUM COMPANY OF AMERICA (ALCOA)**

Philip Goldstein Esq
MCGUIRE WOODS, LLP
1345 Avenue of the Americas #7
New York, NY 10105
(212) 548-2100
fax:(212) 715-2315
Attorneys for Defendant:
    **BELL & GOSSETT COMPANY**

Anna DiLonardo Esq
WEINER LESNIAK LLP (LONG ISLAND)
888 Veterans Memorial Highway
Suite 540
Hauppauge, NY 11788
(631) 232-6130
fax:(631) 232-6184
Attorneys for Defendant:
    **BUCYRUS INTERNATIONAL, INC.,**
      **as successor in interest BUCYRUS-ERIE COMPANY**

James Keale Esq
Michael Tanenbaum Esq
SEDWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center, 12th Floor
Newark, NJ 07102-5311
(973) 242-0002
fax:(973) 242-8099
Attorneys for Defendant:
    **CATERPILLAR, INC.**
    **FOSTER WHEELER, L.L.C.**
    **GENERAL ELECTRIC COMPANY**

William Bradley Esq
MALABY & BRADLEY LLC
150 Broadway, Suite 600
New York, NY 10038
Attorneys for Defendant:
    **CBS CORPORATION, f/k/a VIACOM INC.,**
      **successor by merger to**
    **CBS CORPORATION, f/k/a**
    **WESTINGHOUSE ELECTRIC CORPORATION**

Judith Yavitz Esq.
REED SMITH, LLP.
599 Lexington Ave.
New York, NY 10022
(212) 205-6093
Attorneys for Defendant:
**CERTAIN TEED CORPORATION**

Kirsten Kneis Esq.
K & L GATES LLP
599 Lexington ave
New York, NY 10022
(212) 536-3900
fax:(212) 536-3901
Attorneys for Defendant:
**CRANE CO.**

Steve Kevelson Esq.
One Cozine Avenue
Brooklyn, NY 11201
Attorneys for Defendant:
**EMPIRE-ACE INSULATION MFG. CORP.**

Gregg Borri Esq
LAW OFFICES OF GREGG J. BORRI
61 Broadway
Suite 2125
New York, NY 10006
Attorneys for Defendant:
**GEORGIA PACIFIC CO.**

Scott Emery Esq.
LYNCH DASKAL & EMERY LLP
264 West 40TH Street
New York, NY 10018
(212) 302-2400
fax:(212) 302-2210
Attorneys for Defendant:
**GOODYEAR CANADA, INC.**
**GOODYEAR TIRE AND RUBBER COMPANY**

John J. Fanning Esq.
CULLEN AND DYKMAN BLEAKLEY PLATT, LLP
177 Montague Street
Brooklyn, NY 11201
Attorneys for Defendant:
**GOULDS PUMPS, INC.**
**MARIO & DIBONO PLASTERING CO., INC.**

Lisa Pascarella Esq
PEHLIVANIAN, BRAATEN & PASCARELLA, LLC
Paynters Ridge Office Park
2430 Route 34 - P.O. Box 648
Manasquan, NJ 08736
(732) 528-8888
fax:(732) 528-4445
Attorneys for Defendant:
### INGERSOLL-RAND COMPANY

Yvette Harmon Esq
(212) 421-5555
fax:(212) 715-2309
Attorneys for Defendant:
### ITT CORPORATION

Julie Evans Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
150 East 42nd Street
New York, NY 10017
Attorneys for Defendant:
### KELLY-MOORE PAINT COMPANY, INC

Joan Gasior Esq
MCGIVNEY & KLUGER P.C.
80 Broad Street
23rd Floor
New York, NY 10004
(212) 509-3456
fax:(212) 932-0008
Attorneys for Defendant:
### KENTILE FLOORS, INC.

David Speziali Esq.
SPEZIALI, GREENWALD, GOLDSTEIN & HAWKINS P.C.
P.O. Box 1086
1981 Winflow Road
Williamstown, NJ 08094
(856) 770-0090
Attorneys for Defendant:
### LINK-BELT CONSTRUCTION EQUIPMENT COMPANY

Paul Scrudato Esq
SCHIFF HARDIN & WAITE
900 Third Avenue
23rd Floor
New York, NY 10022
(212) 753-5000
Attorneys for Defendant:
### OWENS-ILLINOIS, INC.

STEVEN GAINES
ESQ.
GAINES, GRUNER, PONZINI & NOVICK, LLP.
11 Martine Avenue, 8th Floor
WHITE PLAINS , NY 10606
(914) 288-9595
Attorneys for Defendant:
**PETTIBONE MICHIGAN, LLC,**
  **f/k/a and or successors in interest to**
  **PETTIBONE MICHIGAN CORPORATION,**
  **f/k/a and or successor in interest to PETTIBONE**
  **CORPORATION**


Amiel Gross
SNR DENTON US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 398-4867
fax:(212) 768-6800
Attorneys for Defendant:
  **RAPID-AMERICAN CORPORATION**

**BIRD INCORPORATED**
CT Corporation Systems
111 Eighth Avenue
New York, NY 10011

**BORG-WARNER CORPORATION,**
 **n/k/a BURNS INTERNATIONAL SERVICES**
 **CORPORATION**
200 South Michigan Avenue
Chicago, IL 60604

**DANA COMPANIES, LLC**
Martin J. Strobel
3939 Technology Drive,
Maumee, OH 43537

**HONEYWELL INTERNATIONAL, INC.,**
 **f/k/a ALLIED SIGNAL, INC. / BENDIX**
101 Columbia Road and Park Avenue
Morristown, NJ 07962

**PEERLESS INDUSTRIES, INC.**
Carol Martindell
McGivney & Kluger, P.C
23 Vreeland Road, Suite 220
Florham Park, NJ 07932

**TISHMAN REALTY & CONSTRUCTION CO., INC.**
666 5th Avenue
New York, NY 10103

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X Index No: 190399-10
THOMAS J. COYNE and SUZANNE COYNE,

Date Filed:

Plaintiff(s),

-against-

ALUMINUM COMPANY OF AMERICA (ALCOA),
BELL & GOSSETT COMPANY,
BUCYRUS INTERNATIONAL, INC.,
  as successor in interest BUCYRUS-ERIE COMPANY,
CATERPILLAR, INC.,
CBS CORPORATION, f/k/a VIACOM INC.,
  successor by merger to
  CBS CORPORATION, f/k/a
  WESTINGHOUSE ELECTRIC CORPORATION,
CERTAIN TEED CORPORATION,
CRANE CO.,
EMPIRE-ACE INSULATION MFG. CORP.,
FOSTER WHEELER, L.L.C.,
GATES CORPORATION,
GENERAL ELECTRIC COMPANY,
GEORGIA PACIFIC CO.,
GOODYEAR CANADA, INC.,
GOODYEAR TIRE AND RUBBER COMPANY,
GOULDS PUMPS, INC.,
INGERSOLL-RAND COMPANY,
ITT CORPORATION,
KELLY-MOORE PAINT COMPANY, INC,
KENNEDY VALVE MANUFACTURING Co., Inc.,
KENTILE FLOORS, INC.,
KOEHRING COMPANY,
KOMATSU AMERICA CORPORATION,
LINK-BELT CONSTRUCTION EQUIPMENT COMPANY,
MARIO & DIBONO PLASTERING CO., INC.,
OWENS-ILLINOIS, INC.,
PETTIBONE MICHIGAN, LLC,
  f/k/a and or successors in interest to
  PETTIBONE MICHIGAN CORPORATION,
  f/k/a and or successor in interest to PETTIBONE
  CORPORATION
PPM CRANES INC.,
RAPID-AMERICAN CORPORATION,
TADANO AMERICA CORPORATION,
TEREX CORPORATION,
**BIRD INCORPORATED,**
**BORG-WARNER CORPORATION,**
  **n/k/a BURNS INTERNATIONAL SERVICES**
  **CORPORATION,**
**DANA COMPANIES, LLC,**

**AMENDED**
**VERIFIED**
**COMPLAINT**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

HONEYWELL INTERNATIONAL, INC.,
    f/k/a ALLIED SIGNAL, INC. / BENDIX,
PEERLESS INDUSTRIES, INC.,
TISHMAN REALTY & CONSTRUCTION CO., INC.,

                                        Defendants
----------------------------------------------------------------------------X


Plaintiff(s), THOMAS J. COYNE and SUZANNE COYNE, by their attorneys, WEITZ & LUXENBERG, P.C., upon information and belief, at all times hereinafter mentioned alleges as follows:

1.      Plaintiff(s), THOMAS J. COYNE and SUZANNE COYNE, by their attorneys, WEITZ & LUXENBERG, P.C., for their **amended verified complaint** respectfully alleges:

2.      Defendant ALUMINUM COMPANY OF AMERICA (ALCOA), was and still is a duly organized domestic corporation doing business in the State of New York.

3.      Defendant ALUMINUM COMPANY OF AMERICA (ALCOA), was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

4.      Defendant BELL & GOSSETT COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

5.      Defendant BELL & GOSSETT COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

6.      Defendant BUCYRUS INTERNATIONAL, INC., as successor in interest BUCYRUS-ERIE COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

7.    Defendant BUCYRUS INTERNATIONAL, INC., as successor in interest BUCYRUS-ERIE COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

8.    Defendant GATES CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

9.    Defendant GATES CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

10.    Defendant GEORGIA PACIFIC CO., was and still is a duly organized domestic corporation doing business in the State of New York.

11.    Defendant GEORGIA PACIFIC CO., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

12.    Defendant ITT CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

13.    Defendant ITT CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

14.    Defendant KELLY-MOORE PAINT COMPANY, INC, was and still is a duly organized domestic corporation doing business in the State of New York.

15.    Defendant KELLY-MOORE PAINT COMPANY, INC, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

16.     Defendant KENNEDY VALVE MANUFACTURING Co., Inc., was and still is a duly organized domestic corporation doing business in the State of New York.

17.     Defendant KENNEDY VALVE MANUFACTURING Co., Inc., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

18.     Defendant KOEHRING COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

19.     Defendant KOMATSU AMERICA CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

20.     Defendant LINK-BELT CONSTRUCTION EQUIPMENT COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

21.     Defendant PETTIBONE MICHIGAN, LLC, f/k/a and or successors in interest to PETTIBONE MICHIGAN CORPORATION, f/k/a and or successor in interest to PETTIBONE CORPORATION , was and still is a duly organized domestic corporation doing business in the State of New York.

22.     Defendant PPM CRANES INC., was and still is a duly organized domestic corporation doing business in the State of New York.

23.     Defendant PPM CRANES INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

24.     Defendant TADANO AMERICA CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

25.     Defendant TEREX CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

26.   Defendant TEREX CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

27.   **Defendant BIRD INCORPORATED, was and still is a duly organized domestic corporation doing business in the State of New York.**

28.   **Defendant BIRD INCORPORATED, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.**

Plaintiff(s), THOMAS J. COYNE and SUZANNE COYNE,  repeats and realleges NYAL - WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY No. 7 as if fully incorporated herein as it pertains to the defendants in the aforementioned caption.

Dated: November 17, 2010
      New York, New York

Yours, etc.,

WEITZ & LUXENBERG, P.C

Attorneys for Plaintiff(s)
700 Broadway
New York, NY  10003
(212) 558-5500

STATE OF NEW YORK   )
                                          SS:
COUNTY OF NEW YORK  )

The undersigned, an attorney admitted to practice in the Courts of New York State,

shows:

Deponent is an Associate of the firm WEITZ & LUXENBERG, P.C., Counsel for the

plaintiff(s) in the within action; deponent has read the foregoing **supplemental summons and**

**amended verified complaint** and knows the contents thereof; the same is true to deponent's own

knowledge, except as to the matters therein stated to be alleged on information and belief, and

that as to those matters deponent believes it to be true.  This verification is made by deponent

and not by plaintiff(s) because plaintiff(s) resides outside of the County of New York where

plaintiffs' counsel and deponent maintain their office.

Dated: November 17, 2010
          New York, New York

PATTTI BURSHTYN



LYNCH DASKAL EMERY LLP
Attorneys for Defendant Georgia-Pacific LLC
264 West 40th Street
New York, New York 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
IN RE:      NEW YORK CITY                    : NYCAL
            ASBESTOS LITIGATION              :
---------------------------------------------------------------X
THOMAS J. COYNE and SUZANNE COYNE,           :
                                             :
                Plaintiffs,                  :
                                             :            Index No. 190399/10
            -against-                        :
                                             :            **ACKNOWLEDGMENT OF RECEIPT**
ALUMINUM COMPANY OF AMERICA, et al.,         :
                                             :
                Defendants.                  :
                                             :
---------------------------------------------------------------X

   Defendant Georgia-Pacific LLC (incorrectly sued as Georgia Pacific Co.), by its

attorneys, Lynch Daskal Emery LLP, hereby acknowledges receipt of a copy of a Summons

and of plaintiffs' Verified Complaint in this action.

   Defendant Georgia-Pacific LLC hereby answers the Verified Complaint in this

action by reference to its Amended Standard Answer and Cross-Claims filed pursuant to the

NYCAL Case Management Order and raises each of the affirmative defenses and cross-claims

contained in its Amended Standard Answer.

Dated: New York, New York
  November 16, 2010

         LYNCH DASKAL EMERY LLP

         By: _____
           Lawrence G. Lee

         Attorneys for Defendant Georgia-Pacific LLC
         264 West 40th Street
         New York, New York 10018
         (212) 302-2400

To: See Attached Rider

NEW YORK
COUNTY CLERK'S OFFICE

NOV 19 2010

NOT COMPARED
WITH COPY FILE

**LYNCH DASKAL EMERY LLP**
Attorneys for Defendant Georgia-Pacific LLC
264 West 40th Street
New York, New York 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X
IN RE:      NEW YORK CITY          :
              ASBESTOS LITIGATION   :
-------------------------------------------------------------X
THOMAS J. COYNE and SUZANNE COYNE,  :

                  Plaintiffs,      :    Index No. 190399/10

       -against-         :

                            :    **AFFIDAVIT OF SERVICE**
ALUMINUM COMPANY OF AMERICA, et al.,  :

                  Defendants.   :

-------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

       CHIMELOZONAM ALLAGOA, being duly sworn, deposes and says:

   1.  I am not a party to this action, am over 18 years of age, and I am a paralegal at the
offices of Lynch Daskal Emery LLP.  I reside at 376 Palisade Ave. Apt # 2, Jersey City,
New Jersey 07307.

   2.  On the 17th day of November 2010, I served by first class mail a copy of the within
**ACKNOWLEDGEMENT OF RECEIPT** by depositing true and correct copies of the same,
enclosed in post-paid, properly addressed envelopes, in an official depository under the exclusive
care and custody of the United States Postal Service within the State of New York addressed as
follows:

SEE ATTACHED RIDER

                                      CHIMELOZONAM ALLAGOA

Sworn to before me this
17th day of November 2010

Notary Public

LAWRENCE G. LEE
Notary Public, State of New York
No. 02LE6155200
Qualified in New York County
Commission Expires November 6, 2014



**SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY**

PRESENT:   **SHERRY KLEIN HEITLER**                              PART   30
                              *Justice*

<u>NOTE</u>:  This is an information sheet only.  Individual Orders will be issued.

**Plaintiffs**                                              **Plaintiffs**

| WEITZ & LUXENBERG | APRIL 2011 in extremis | WEITZ & LUXENBERG | APRIL 2011 in extremis |
|---|---|---|---|
| GEORGE ANDRUCKI (Mesothelioma) | Index No. 190377/10 | CORNELIUS BYL (Lung Cancer) | Index No. 190413/10 |
| ANTONINO BASILEO (Mesothelioma) | Index No. 190321/10 | LOUIS DiGILIO (Lung Cancer) | Index No. 190166/10 |
| LOWELL COOPER (Mesothelioma) | Index No. 190248/10 | JOSEPH GEMELLARO (Lung Cancer) | Index No. 190336/10 |
| ANTHONY CORINO (Mesothelioma) | Index No. 190351/10 | RICHARD KLING (Lung Cancer) | Index No. 190299/10 |
| COSIMO COTRONA (Mesothelioma) | Index No. 190403/10 | JOSEPH MULLEN (Lung Cancer) | Index No. 190270/10 |
| THOMAS COYNE (Mesothelioma) | Index No. 190399/10 | VOLKERT PETERS (Lung Cancer) | Index No. 190423/10 |
| ROBERT CRISTIANO (Mesothelioma) | Index No. 190317/10 | | |
| LOUIS ODDO (Mesothelioma) | Index No. 190414/10 | TO BE TRIED LAST: | |
| MARVIN RICH (Mesothelioma) | Index No. 190271/10 | GIULIO LOCCISANO (Mesothelioma) | Index No. 190357/10 |
| GLENN RITZEL (Mesothelioma) | Index No. 190269/10 | | |
| DANIEL STUPINO (Mesothelioma) | Index No. 190385/10 | | |

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

**Cross-Motion:**  ☐  **Yes** ☐    **No**

## TRANSFER ORDER

Pursuant to the direction of Hon. Sherry Klein Heitler, it is hereby

ORDERED that the above-named Weitz & Luxenberg cases are being transferred to Justice Martin Shulman (IA Part 1). Counsel are directed to contact Justice Shulman's Clerk at (646) 386-5758.

Dated:   **APRIL 7, 2011**                              _____

                                             **SHERRY KLEIN HEITLER**  *J.S.C.*
                                             *ADMINISTRATIVE JUDGE*

**Check one:**  ☐  **FINAL DISPOSITION** ☐    **NON-FINAL DISPOSITION**
          **Check if appropriate:**       ☐    **DO NOT POST**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):



| Plaintiff | Andrucki, George *Dead MESO* | Basileo, Antonino *Alive MESO* | Cooper, Lowell *Alive MESO* | Corino, Anthony *Alive MESO* | Cotrona, Cosimo *Dead MESO* |
|---|---|---|---|---|---|
| AO Smith | | | AO Smith | | |
| ALCOA | ALCOA | | | | |
| Allen Bradley | | | | | |
| Am Std (Trane) | | | Am Std (Trane) | | |
| Amtico | | | | | |
| Azrock | | | | | |
| Baker Perkins | | | | | |
| Bell & Gossett | Bell & Gossett | | Bell & Gossett | | |
| Buoyrus Erie | | | | | |
| Burnham | | | | | |
| Carrier | Carrier | | | | |
| Certainteed | | | | | |
| Cleaver Brooks | | | Cleaver Brooks | | |
| Columbia | | | | | |
| Copes-Vulcan | | | | | |
| Crane Co. | | | Crane Co. | | |
| Cummins | | | | | |
| Cutler Hammer | | | | | |
| Dixon/Gobet | | Dixon/Gobet | | | |
| Georgia Pacific | | | Georgia Pacific | Georgia Pacific | Georgia Pacific |
| Goulds | | | | | |
| Goulds Electric | | | | | |
| Greer | | | | | |
| Grinnell | | | | | |
| Kaiser Gypsum | | | | Kaiser Gypsum | |
| Kentile | Kentile | | Kentile | Kentile | Kentile |
| Kerr | | Kerr | | | |
| Koehring | | | | | |
| Kohler | | | Kohler | | |
| Linkbelt | | | | | |
| Mario DiBono | Mario DiBono | | | Mario DiBono | |
| Murray | | | | | |
| Oakfabco | | | | | |
| Peerless | | | | | |
| Pettibone | | | | | |
| Port Auth. | Port Auth. | | | | |
| Rockwell | | | | | |
| Square D | | | | | |
| Terex | | | | | |
| Thomas Green | | | | | |
| Tishman | Tishman | | | Tishman | |
| Tishman (WTC) | Tishman (WTC) | | | | |
| Turner | Turner | | | Turner | |
| US Plywood | | | | | |
| Weil McLain | | | Weil McLain | | |
| Weyerhauser | | | | | |

| Coyne, Thomas *Alive* | Cristiano, Robert *Dead* | Loccisano, Giulio *Dead* | Oddo, Louis *Alive* | Rich, Marvin *Alive* | Ritzel, Glenn *Dead* |
|---|---|---|---|---|---|
| Meso | Meso | Meso | Meso | Meso | Meso |
| | | | | | AO Smith |
| | | Allen Bradley | | | |
| | Am Std (Trane) | Am Std (Trane) | Am Std (Trane) | | Am Std (Trane) |
| | Amtico | | | | |
| | | Baker Perkins | | | |
| | Bell & Gossett | | | | Bell & Gossett |
| Bucyrus Erie | | | | | |
| | Burnham | | Burnham | | Burnham |
| Certainteed | | | Certainteed | | |
| | | | | | Cleaver Brooks |
| Crane Co. | | | | | Crane Co. |
| | Cutler Hammer | | | | |
| Georgia Pacific | | | | | |
| | Goulds | | Goulds | | Goulds |
| | Goulds Electric | | | | |
| | | Greer | | | |
| | Kaiser Gypsum | | | Kaiser Gypsum | |
| | Kentile | | Kentile | Kentile | |
| Koehring | | | | | |
| Linkbelt | | | | | |
| Mario DiBono | | | | | |
| | Murray | | | | |
| | | Oakfabco | | | |
| Peerless | | | | | Peerless |
| Pettibone | | | | | |
| | | | | | |
| | Square D | Square D | | | |
| Terex | | | | | |
| | | Thomas Green | | | |
| Tishman (WTC) | | | | | |
| | | | | | |
| | Weil McLain | | Weil McLain | | Weil McLain |

*Alive*  *Alive - smoker*  *Dead - smoker*  *Alive - smoker*  *Alive - smoker*

| Stupino, Daniel | Byl, Cornelius | DiGilio, Louis | Gemellaro, Joseph | Kling, Richard |
|---|---|---|---|---|
| *Meso* | *L/C* | *L/C* | *L/C* | *L/C* |
|  | AO Smith |  | AO Smith | AO Smith |
|  |  |  | Allen Bradley |  |
|  | Am Std (Trane) |  |  | Am Std (Trane) |
|  |  |  |  |  |
|  |  |  |  |  |
|  | Bell & Gossett |  | Bell & Gossett | Bell & Gossett |
|  |  |  | Burnham | Burnham |
|  | Certainteed |  |  |  |
|  | Cleaver Brooks |  |  | Cleaver Brooks |
|  |  |  |  | Columbia |
|  |  | Copes-Vulcan |  |  |
|  | Crane Co. | Crane Co. |  | Crane Co. |
|  |  |  | Cummins |  |
|  |  | Cutler Hammer | Cutler Hammer |  |
| Georgia Pacific |  |  |  |  |
|  | Goulds |  |  |  |
|  |  |  |  |  |
|  | Grinnell | Grinnell |  |  |
| Kaiser Gypsum | Kaiser Gypsum |  |  |  |
| Kentile | Kentile |  | Kentile |  |
|  |  |  |  |  |
|  |  |  |  | Kohler |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  | Oakfabco |
|  |  |  |  | Peerless |
|  |  |  |  |  |
|  |  | Rockwell |  |  |
|  |  |  | Square D |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  | US Plywood |  |  |  |
|  | Weil McLain |  | Weil McLain | Weil McLain |
|  | Weyerhauser |  |  |  |

*Aleven Shooter*  *Aleven Shooter*

| Mullen, Joseph | Peters, Vokert |
|---|---|
| L/C | L/C |
| | |
| | |
| Am Std (Trane) | Am Std (Trane) |
| Amtico | Amtico |
| | Azrock |
| | |
| Bell & Gossett | |
| | |
| Burnham | Burnham |
| | |
| | |
| | |
| | |
| Crane Co. | |
| | |
| Cutler Hammer | |
| | |
| | Georgia Pacific |
| Goulds | |
| | |
| | |
| | |
| Kentile | Kentile |
| | |
| | |
| | |
| | |
| | |
| | |
| Peerless | |
| | |
| | |
| Square D | |
| | |
| | |
| | |
| | |
| Weil McLain | Weil McLain |



| Plaintiff | Andrucki, George | Basileo, Antonino | Cooper, Lowell | Corino, Anthony | Cotrona, Cosimo | Coyne, Thomas |
|---|---|---|---|---|---|---|
| AO Smith | | | AO Smith | | | |
| ALCOA | ALCOA | | | | | |
| Allen Bradley | | | | | | |
| Amtico | | | | | | |
| Azrock | | | | | | |
| Baker Perkins | | | | | | |
| Bell & Gossett | Bell & Gossett | | Bell & Gossett | | | |
| Burnham | | | | | | |
| Carrier | Carrier | | | | | |
| Certainteed | | | | | | Certainteed |
| Cleaver Brooks | | | Cleaver Brooks | | | |
| Columbia | | | | | | |
| Copes-Vulcan | | | | | | |
| Crane Co. | | | Crane Co. | | | Crane Co. |
| Cummins | | | | | | |
| Cutler Hammer | | | | | | |
| Dixon/Gobet | | Dixon/Gobet | | | | |
| Georgia Pacific | | | Georgia Pacific | Georgia Pacific | Georgia Pacific | Georgia Pacific |
| Goulds | | | | | | |
| Goulds Electric | | | | | | |
| Greer | | | | | | |
| Grinnell | | | | | | |
| Kaiser Gypsum | | | | Kaiser Gypsum | | |
| Kentile | Kentile | | Kentile | Kentile | Kentile | |
| Kerr | | Kerr | | | | |
| Koehring | | | | | | Koehring |
| Kohler | | | Kohler | | | |
| Linkbelt | | | | | | Linkbelt |
| Mario DiBono | Mario DiBono | | | Mario DiBono | | Mario DiBono |
| Murray | | | | | | |
| Oakfabco | | | | | | |
| Peerless | | | | | | Peerless |
| Port Auth. | Port Auth. | | | | | |
| Rockwell | | | | | | |
| Square D | | | | | | |
| Terex | | | | | | Terex |
| Thomas Green | | | | | | |
| Tishman | Tishman | | | Tishman | | |
| Tishman (WTC) | Tishman (WTC) | | | | | Tishman (WTC) |
| Turner | Turner | | | Turner | | |
| US Plywood | | | | | | |
| Weil McLain | | | Weil McLain | | | |

| Byl, Cornelius | DiGilio, Louis | Gemellaro, Joseph | Kling, Richard | Mullen, Joseph | Peters, Vokert |
|---|---|---|---|---|---|
| AO Smith | | AO Smith | AO Smith | | |
| | | Allen Bradley | | | |
| | | | | Amtico | Amtico |
| | | | | | Azrock |
| Bell & Gossett | | Bell & Gossett | Bell & Gossett | Bell & Gossett | |
| | | Burnham | Burnham | Burnham | Burnham |
| Certainteed | | | | | |
| Cleaver Brooks | | | Cleaver Brooks | | |
| | | | Columbia | | |
| | Copes-Vulcan | | | | |
| Crane Co. | Crane Co. | | Crane Co. | Crane Co. | |
| | | Cummins | | | |
| | Cutler Hammer | Cutler Hammer | | Cutler Hammer | |
| | | | | | Georgia Pacific |
| Goulds | | | | Goulds | |
| Grinnell | Grinnell | | | | |
| Kaiser Gypsum | | | | | |
| Kentile | | Kentile | | Kentile | Kentile |
| | | | Kohler | | |
| | | | Oakfabco | | |
| | | | Peerless | Peerless | |
| | Rockwell | | | | |
| | | Square D | | Square D | |
| US Plywood | | | | | |
| Weil McLain | | Weil McLain | Weil McLain | Weil McLain | Weil McLain |

| Cristiano, Robert | Loccisano, Giulio | Oddo, Louis | Rich, Marvin | Ritzel, Glenn | Stupino, Daniel |
|---|---|---|---|---|---|
| | | | | AO Smith | |
| | | | | | |
| | Allen Bradley | | | | |
| Amtico | | | | | |
| | | | | | |
| | Baker Perkins | | | | |
| Bell & Gossett | | | | Bell & Gossett | |
| Burnham | | Burnham | | Burnham | |
| | | | | | |
| | | Certainteed | | | |
| | | | | Cleaver Brooks | |
| | | | | | |
| | | | | | |
| | | | | Crane Co. | |
| | | | | | |
| Cutler Hammer | | | | | |
| | | | | | |
| | | | | | Georgia Pacific |
| Goulds | | Goulds | | Goulds | |
| Goulds Electric | | | | | |
| | Greer | | | | |
| | | | | | |
| Kaiser Gypsum | | | Kaiser Gypsum | | Kaiser Gypsum |
| Kentile | | Kentile | Kentile | | Kentile |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| Murray | | | | | |
| | Oakfabco | | | | |
| | | | | Peerless | |
| | | | | | |
| Square D | Square D | | | | |
| | | | | | |
| | Thomas Green | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| Weil McLain | | Weil McLain | | Weil McLain | |

| Amato, Nicholas |
| --- |
| Cutler Hammer |
| Gardner Denver |
| Georgia Pacific |
| Murray (Seimens) |
| Square D |



| Plaintiff | Andrucki, George | Cooper, Lowell | Cortese, Anthony | Cotroan, Costno | Coyne, Thomas | Cristiano, Robert | Oddo, Louis | Rich, Marvin | Ritzel, Glenn | Stupian, Daniel |
|---|---|---|---|---|---|---|---|---|---|---|
| A.O Smith | AO Smith | | | | | | | | AO Smith | |
| ALCOA | | ALCOA | | | | | | | | |
| Amtico | | | | | | Amtico | | | | |
| Bell & Gossett | | Bell & Gossett | | | | Bell & Gossett | | | Bell & Gossett | |
| Burnham | | | | | | Burnham | Burnham | | Burnham | |
| Carrier | Carrier | | | | | | | | | |
| Cleaver Brooks | | Cleaver Brooks | | | | | | | Cleaver Brooks | |
| Crane Co. | | Crane Co. | | | Crane Co. | | | | Crane Co. | |
| Cutler Hammer | | Cutler Hammer | | | | Cutler Hammer | | | | |
| Georgia Pacific | | Georgia Pacific | Georgia Pacific | Georgia Pacific | Georgia Pacific | | | | Georgia Pacific | Georgia Pacific |
| Goulds | | | | | | Goulds | Goulds | | Goulds | |
| Goulds Electric | | | | | | Goulds Electric | | | | |
| Kaiser Gypsum | | Kaiser Gypsum | Kaiser Gypsum | | | Kaiser Gypsum | | Kaiser Gypsum | | Kaiser Gypsum |
| Kohler | Kohler | Kohler | | | | | | | | |
| Lindbeck | | | | | Lindbeck | | | | | |
| Mario DiBono | Mario DiBono | | Mario DiBono | | Mario DiBono | | | | | |
| Murray | | | | | | Murray | | | | |
| Peerless | | | | | Peerless | | | | Peerless | |
| Port Auth. | Port Auth. | | | | | | | | | |
| Square D | | | | | | Square D | | | | |
| Tishman | Tishman | | Tishman | | | | | | | |
| Tishman (WTC) | | | | | Tishman (WTC) | | | | | |
| Turner | Turner | | Turner | | | | | | | |

| Amato, Nicholas |
| --- |
| Cutler Hammer |
| Gardner Denver |
| Georgia Pacific |
| Murray (Seimens) |
| Square D |



Juror Questionnaire

**Lawrence Lee**

| | |
|---|---|
| **From:** | Fanning, John [JFanning@CullenandDykman.com] |
| **Sent:** | Tuesday, July 19, 2011 1:11 PM |
| **To:** | Lawrence Lee |
| **Cc:** | Angela DiGiglio; 'wbradley@mblaw.net'; 'ppolchinski@mllaw.us.com'; Jeffery Fegan |
| **Subject:** | RE: Shulman April 2011 Trial Group - Juror Questionnaire |

Mario DiBono is now settled – JJF

John J. Fanning

 CULLENandDYKMANLLP

177 Montague St.
Brooklyn, NY 11201
Phone: (718) 780-0085
Cell: (917) 750-1914
Fax: (718) 935-1509
jfanning@cullenanddykman.com



7/19/2011



## Lawrence Lee

| | |
|---|---|
| **From:** | Philip O'Rourke [porourke@lbbslaw.com] |
| **Sent:** | Tuesday, July 19, 2011 1:18 PM |
| **To:** | Lawrence Lee |
| **Subject:** | Re: Fw: Shulman April 2011 Trial Group - Juror Questionnaire |
| **Attachments:** | Philip_J._O_'Rourke.vcf |

Peerless is resolved as well - PJO

Philip J. O'Rourke, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street
New York, New York 10005
Direct Dial: (212) 232-1332
Facsimile:  (212) 232-1399
porourke@lbbslaw.com

 Please consider the environment before printing this e-mail.

IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party who is not the original addressee of this communication any transaction or matter addressed herein.

This communication is intended only for the use of the individual or entity named as the addressee.  It may contain information which is privileged and/or confidential under applicable law.  If you are not the intended recipient or such recipient's employee or agent, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by electronic mail or call 212-232-1332. Thank you for your cooperation.


>>> "Lawrence Lee" <Lee@lawlynch.com> 07/19/11 1:12 PM >>>


-----Original Message-----
From: Fanning, John <JFanning@CullenandDykman.com>
To: Lawrence Lee
CC: Angela DiGiglio; 'wbradley@mblaw.net' <wbradley@mblaw.net>; 'ppolchinski@mllaw.us.com' <ppolchinski@mllaw.us.com>; Jeffery Fegan
Sent: Tue Jul 19 13:11:17 2011
Subject: RE: Shulman April 2011 Trial Group - Juror Questionnaire

Mario DiBono is now settled – JJF



John J. Fannin <<image001.jpg>> g

177 Montague St.
Brooklyn, NY 11201
Phone: (718) 780-0085

Cell: (917) 750-1914
Fax: (718) 935-1509
jfanning@cullenanddykman.com

**Lawrence Lee**

| | |
|---|---|
| **From:** | Gary T. Healy Esq. [ghealy@mmglawyers.com] |
| **Sent:** | Tuesday, July 19, 2011 4:07 PM |
| **To:** | Diane Pompei |
| **Cc:** | Lawrence Lee |
| **Subject:** | Re: Shulman Cases |

Diane

We just settled.

Gary

Sent from my iPhone



7/19/2011

**Lawrence Lee**

| | |
|---|---|
| **From:** | Christopher Hannan [channan@kjmsh.com] |
| **Sent:** | Tuesday, July 19, 2011 4:29 PM |
| **To:** | Lawrence Lee |

**Subject:** RE:

Hey Larry – yes, we settled for Link Belt. Are openings still set for tomorrow?

Good luck the rest of the way.

Chris

**From:** Lawrence Lee [mailto:Lee@lawlynch.com]
**Sent:** Tuesday, July 19, 2011 4:22 PM
**To:** Christopher Hannan
**Subject:**

Chris, Can you please confirm that Linkbelt settled the Coyne case?  Thanks



SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK STATE
------------------------------------------x
In Re:      NEW YORK CITY
            ASBESTOS LITIGATION                    Index No.: 190399-10
------------------------------------------x
         This Document Applies To:

      **Thomas J. Coyne**


------------------------------------------x

### PLAINTIFF'S AMENDED RESPONSES TO
### DEFENDANT'S FOURTH AMENDED STANDARD SET OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, pursuant to CPLR 3130 and in accordance with Section VIII(A)(1)(b) of the February 19, 2003 Amended Case Management Order ("CMO"), propound the following interrogatories to plaintiffs, to be answered under oath within the time period specified by the CMO, and, pursuant to CPLR 3120 and in accordance with Section VIII(B)(2)(b) of the CMO, request that plaintiffs produce (with copies to each defendant) such documents within the time period specified by the CMO.

These interrogatories are continuing in character and require you to file supplementary answers if you obtain further or different information after serving your initial answers and before trial, including in such supplemental answers the date upon and the manner in which such further or different information came to your attention.


### PRELIMINARY STATEMENT AND OBJECTIONS

Plaintiff, by and through his attorneys objects to Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as the Explanation and Definitions and Instructions contained therein ("Interrogatories"), to the extent that they seek to impose upon plaintiff obligations or burdens which are greater than, or inconsistent with New York law.

Plaintiff further objects to these Interrogatories and to each individual request and/or interrogatory, to the extent that they seek information or request the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege or doctrine protecting such documents from disclosure. The production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege. The inclusion of or reference to any attorney's name on any responses is not a waiver of any privilege. Moreover, the documents produced are confidential and may not be disclosed other than to counsel, a party, the court or an expert in this action without order of the Court. Plaintiff, by providing documents in response to these Interrogatories specifically does not admit the competency, relevancy, materiality, privilege and/or admissibility of such document or of the information or subject matter. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff has not completed investigating the facts relating to his case, has not completed his discovery, and has not completed preparing his case. Therefore, these responses are preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort to respond

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

Plaintiff objects to the Interrogatories, and to each individual request and/or interrogatory, to the extent that they seek information that is not within plaintiff's own first-hand knowledge or request the production of documents that are not within plaintiff's possession, custody or control.

Plaintiff further objects to the Interrogatories as overly broad and burdensome and demanding an investigation into matters which are neither relevant to these proceeding nor designed to lead to the discovery of evidence relevant to these proceedings.

Plaintiff does not waive and specifically preserves the following objections:

1.   Any and all objections to the competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions.

2.   The right to object on any grounds at any time to demand for further responses or further documents to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and,

3.   The right at any time to review, correct, add to, supplement or clarify any of these responses.

These objections are incorporated by reference into any amendment and/or supplement to these interrogatories. Moreover, each of these objections is incorporated by reference into to each specific response without regard to whether an additional objection is made in such response.

Subject to these objections and reservations, plaintiff, by and through his attorneys responds as follows:

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

2

INTERROGATORY ANSWERS
For Thomas J. Coyne

1Q.  State the following:
    (a)  your full name, and all other names by which you have been known;
    (b)  age, and date and place of birth;
    (c)  whether you were an adopted child;
    (d)  present marital status, date of current marriage, spouse's maiden name, date of any prior marriages and the names of any prior spouses, if applicable
    (e)  present home address; and
    (f)  social security number.

1A.  (a)  Thomas J. Coyne
    (b)  01/10/1946
    (c)  Birth
    (d)  Married Suzanne Coyne 12/06/1991. Plaintiff was married to Diane Coyne from 1968 to 1985
    (e)  49 13th avenue, Minneola, NY 11501
    (f)  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

2Q.  State the following with regard to your father and mother:
    (a)  names;
    (b)  current address (if deceased, state last known address);
    (c)  the current condition of each one's health, including any specific medical problems. If either of your parents are deceased, please state for each deceased parent:
        i.   specific physical problems;
        ii.  date and place of death;
        iii. age and cause of death for each parent.

2A. (a)  Father: Joseph Coyne (Deceased)
    (b)  3713 59th Street, Woodside, NY
    (c)  at age of 49, heart condition.

    (a)  Mother: Mary Coyne (Deceased)
    (b)  3713 59th Street, Woodside, NY
    (c)  at age of 65, cirrhosis of the liver.

3Q.  State the following with regard to each of your children:
    (a)  full name;
    (b)  the date of birth;
    (c)  sex;
    (d)  current address (if deceased, state the last known address)
    (e)  social security number;
    (f)  whether birth child or adopted child;
    (g)  current state of each one's health. If any of your children are deceased, state for each deceased child:
i.   specific physical problems;
ii.  date and place of death; and
iii. age and cause of death for each child.

3A.  (a)  Suzanne Coyne
    (b)  1969

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

3

     (c)    Female
     (d)    New Jersey
     (e)    Unknown
     (f)    Birth
     (g)    Good

3B.  (a)    Stephanie Coyne
     (b)    1971
     (c)    female
     (d)    Flushing, NY
     (e)    unknown
     (f)    Birth
     (g)    Good

4Q.  State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:

     (a)    fuel used for heating and cooking;
     (b)    significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);
     (c)    number of family units co-occupying said structure.

4A.  Approximately 1946 to 1955
     4119 60th Street, Woodside, NY
  (a) steam/gas
  (b) none
  (c) multifamily building

     Approximately 1955 to 1968
     37-13 59th Street Woodside, NY
  (a) steam/gas
  (b) None
  (c) one family home

     Approximately 1968 to 1972
     16304 Crocheron Avenue, Flushing, NY
  (a) steam/gas
  (b) None
  (c) one family home

     Approximately 1972 to 1985
     83-18 166th Street, Flushing, NY
  (a) steam/gas
  (b) None
  (c) one family home

     Approximately 1985 to 1989
     4532 159th Street, Flushing, NY
  (a) steam/gas
  (b) None
  (c) two family home

     Approximately 1989 to present

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

4

49 13th Avenue, Mineola, NY
(a) hot water/electricity
(b) None
(c) one family home


5Q.    For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please state the following separately as to each:

    (a)    name and address of physician or health care provider and, if ongoing, the approximate frequency of said treatment and services;
    (b)    date(s) of test, examination and/or treatment;
    (c)    symptoms complained of at the time, if any;
    (d)    any diagnosis made;
    (e)    treatment or examination given and reason for treatment or examination; and
    (f)    any drugs or medications prescribed.

5A.    Although it is possible that the plaintiff consulted other doctors, nurses and health care providers, at the present time, plaintiff is aware of the following doctors and treatment rendered:

Dr. Ron Cohen, MD, cardiologist, Great Neck, NY, approximately from 1998;

Dr. Larence Spier, MD , thoracic surgeon, Great Neck, NY, from 2010;

Dr. Leonard Landesberg, MD, pulmonologist,  Lake Success, NY, from 2010;


6Q.    For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out- patient," please state the following for each such visit:

    (a)    name and address of the facility;
    (b)    dates and description of test, treatment, examination or hospitalization and, if ongoing, the approximate frequency of said treatment and services; and
    (c)    reason for visit to the facility.

6A.    Although it is possible that plaintiff may have been treated or examined in other institutions, at the present time plaintiff is aware of the following institutions and treatment rendered:

North Shore University Hospital, Manhasset, NY - pancreatitis treatment, 1985;

North Shore University Hospital, Manhasset, NY –lung cancer related treatment, 2010.


LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

7Q.    State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.

21.    Any written advice, publication, warnings, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the possession, custody or control of the plaintiff.

    R.21. Plaintiff has no such material in his possession.

22.    Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

    R.22. To the extent that any exist, they will be provided.

Dated:    New York, New York

_____, 2010

_____
Thomas J. Coyne

Sworn before me
this 26 day of November, 2010

X _____

**ANDREW SILVERMAN**
**Notary Public, State of New York**
**Qualified in Nassau County**
**No. 01SI6222731**
**My Commission Expires 06-01-2014**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

18



1

1    SUPREME COURT

2    ALL COUNTIES WITHIN THE STATE OF NEW YORK

3

4    IN RE:   NEW YORK CITY ASBESTOS LITIGATION

5

6

7

8                    DEPOSITION UNDER ORAL

9                     EXAMINATION OF

10                    THOMAS J. COYNE

11

12

13

14

15   This Document Applies To:

16   THOMAS J. COYNE

17   INDEX NO.:   190399-10

18

19

20

21

22

23

24

25

2

1    Transcript of the deposition of
2  the Plaintiff called for Oral Examination
3  in the above-captioned matter, said
4  deposition being taken pursuant to
5  Federal Rules of Civil Procedure by and
6  before CHERYL F. BAREN-SOLOMON, a Notary
7  Public and Shorthand Reporter, at the
8  Long Island Marriott, 101 James Doolittle
9  Boulevard, Uniondale, New York, on
10  Tuesday, December 28, 2010, commencing at
11  approximately 11:18 in the forenoon.
12
13      *    *    *
14
15
16
17
18
19
20
21
22
23
24
25

4

1  MORGAN, LEWIS & BOCKIUS, LLP
2      Attorneys for Defendant
        Komatsu America Corp.
3      502 Carnegie Center
        Princeton, New Jersey 08540-6289
4  BY: CHRISTOPHER IANNICELLI, ESQ.
5
6  MOUND, COTTON, WOLLAN & GREENGRASS, ESQS.
        Attorneys for Defendant
7      Tadano America Corp.
        1 Battery Park Plaza, 9th Floor
8      New York, New York 10004
   BY: JASON WARSHAW, ESQ.
9
10
11  WEINER LESNIAK, LLP
        Attorneys for Defendants Borg Warner
12      Corp. and Bucyrus International
        888 Veterans Memorial Highway
13      Suite 540
        Hauppauge, New York 11788
14  BY: ANDREW WARSHAUER, ESQ.
15
16  HOAGLAND, LONGO, MORAN, DUNST & DOUKAS,
   LLP
        Attorneys for Defendant Kohler Co.
17      40 Paterson Street
        New Brunswick, New Jersey 08903
18  BY: MARK WASEF, ESQ.
19
20  BIVONA & COHEN, P.C.
        Attorneys for Defendant Alcoa, Inc.
21      88 Pine Street
        New York, New York 10005
22  BY: ANDREW SAPON, ESQ.
23
24
25

3

1  A P P E A R A N C E S:
2
3  WEITZ & LUXENBERG, P.C.
        Attorneys for Plaintiff
        700 Broadway, 6th Floor
4      New York, New York 10003
   BY: PATTI BURSHTYN, ESQ.
5
6
7  SEDGWICK, DETERT, MORAN & ARNOLD, LLP
        Attorneys for Defendants
        Foster Wheeler, General Electric,
8      Caterpillar and The Gates Corporation
        100 Mulberry Street
9      Gateway 3, 12th Floor
        Newark, New Jersey 07102
10  BY: STEPHEN NOVAKIDIS, ESQ.
11
   KELLEY, JASONS, McGOWAN, SPINELLI & HANNA, LLP
12      Attorneys for Defendants
        Link-Belt Construction Equipment
13      Two Liberty Place, Suite 1900
        50 South 16th Street
14      Philadelphia, Pennsylvania 19102
   BY: JOHN S. MCGOWAN, ESQ.
15
16
17  REED SMITH, LLP
        Attorneys for Defendants
        CertainTeed and Dana Companies
18      599 Lexington Avenue, 22nd Floor
        New York, New York 10022
19  BY: JENNIFER GUIDEA, ESQ.
20
21
22  McGIVNEY & KLUGER, P.C.
        Attorneys for Defendants
        Kentile Floors, Inc., Tishman Liquidating
23      80 Broad Street, 23rd Floor
        New York, New York 10004
24  BY: JAMIE A. BARTOLOMEO, ESQ.
25

5

1  CULLEN & DYKMAN, LLP
2      Attorneys for Defendants
        Goulds and Mario & DiBono
3      177 Montague Street
        Brooklyn, New York 11201-3611
4  BY: JOSEPH ANGIOLILLO, ESQ.
5
6  GAINES, GRUNER, PONZINI & NOVICK, LLP
        Attorneys for Defendant
        Pettibone Michigan, LLC
7      11 Martine Avenue, 8th Floor
        White Plains, New York 10606
8  BY: STEVEN GAINES, ESQ.
9
10  WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER,
   LLP
11      Attorneys for Defendant
        Kelly Moore Paint Company, Inc.
12      150 East 42nd Street
        New York, New York 10017
13  BY: MICHAEL F. O'CONNELL, ESQ.
14
15  McGUIRE WOODS, LLP
        Attorneys for Defendant ITT
16      1345 Avenue of the Americas
        New York, New York 10105
17  BY: KATHLEEN MARRON-TRABOLD, ESQ.
18
19  BRAATEN & PASCARELLA, LLC
        Attorneys for Defendants
20      Ingersoll Rand Company and Bird, Inc.
        2430 Route 34, Suite A-18
21      Manasquan, New Jersey 08736
   BY: MATTHEW G. BRODERSON, ESQ.
22
23
24
25

2 (Pages 2 to 5)

**6**

```
 1    LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
          Attorneys for Defendant
 2        Peerless Industries, Inc.
          77 Water Street, Suite 2100
 3        New York, New York  10005
      BY:  STEVEN T. CORBIN, ESQ.
 4
 5
      LYNCH, DASKAL & EMERY, LLP
 6        Attorneys for Defendants
          Georgia Pacific, LLC and Goodyear
 7        264 West 40th Street
          New York, New York  10018
 8    BY:  LAWRENCE G. LEE, ESQ.
 9
10    K&L GATES, LLP
          Attorneys for Defendant Crane Co.
11        599 Lexington Avenue
          New York, New York  10022
12    BY:  NICOLE KOZIN, ESQ.
13
14    MALABY & BRADLEY, LLC
          Attorneys for Defendants
15        CBS Corp. and Terex
          150 Broadway, Suite 600
16        New York, New York  10038
      BY:  ROSARIO CHETTA, ESQ.
17
18
19
20
21
22
23
24
25
```

**7**

```
 1        IT IS HEREBY STIPULATED, by and between
 2    the attorneys for the respective parties
 3    hereto, that filing, sealing and
 4    certification of the within Examination
 5    Before Trial be waived; that all objections,
 6    except as to form, are reserved to the time
 7    of trial.
 8        IT IS FURTHER STIPULATED AND AGREED that
 9    the transcript may be signed before any
10    Notary Public with the same force and effect
11    as if signed before a Clerk or Judge of the
12    Court.
13        IT IS FURTHER STIPULATED AND AGREED that
14    all rights provided to all parties by the
15    CPLR shall not be deemed waived and the
16    appropriate sections of the CPLR shall be
17    controlling with respect thereto.
18        IT IS FURTHER STIPULATED AND AGREED by
19    and between the attorneys for the respective
20    parties hereto that a copy of the
21    Examination shall be furnished, without
22    charge, to the attorney representing the
23    witness testifying herein.
24
25
```

**8**

```
 1        T H O M A S  J.  C O Y N E , the
 2    Plaintiff herein, having first been duly
 3    sworn by the Notary Public, was examined
 4    and testified as follows:
 5        THE REPORTER:  State your name for
 6    the record, please.
 7        THE WITNESS:  Thomas J. Coyne.
 8        THE REPORTER:  State your present
 9    home address for the record, please.
10        THE WITNESS:  49 13th Avenue,
11    Mineola, New York  11501.
12        MR. O'CONNELL:  My name is Michael
13    O'Connell; O-apostrophe-C-O-N-N-E-L-L,
14    from the law firm of Wilson, Elser,
15    Moskowitz, Edelman and Dicker
16    representing Kelly Moore Paint Company,
17    Inc., and our appearance here today is
18    not a waiver of our personal
19    jurisdiction defense, nor do we waive
20    any other jurisdiction or other defenses
21    by our appearance here today.
22    DIRECT EXAMINATION
23    BY MR. NOVAKIDIS:
24        Q.   Good morning, sir.
25        A.   Good morning.
```

**9**

```
 1        Q.   My name is Stephen Novakidis,
 2    I'm with the law firm of Sedgwick,
 3    Detert, Moran and Arnold.  I'll be asking
 4    you most of if not all the questions here
 5    this morning.
 6        A.   Okay.
 7        Q.   Before we begin I'm just going
 8    to go over some ground rules to try to
 9    make the day go a little smoother for you
10    and for me.
11        First off, sitting next to you
12    is the Court Reporter.
13        A.   Okay.
14        Q.   She's taking down everything we
15    say.  You have to make sure any question
16    you're asked, your answer has to be
17    verbalized, okay?  You can't just shake
18    your head --
19        A.   Okay.
20        Q.   -- because she can't write that
21    down, --
22        A.   Uh-huh.
23        Q.   -- all right?  Also, try to
24    avoid "uh-huh" or "nuh-uh," things like
25    that because as she thinking right now,
```

3 (Pages 6 to 9)

Thomas J. Coyne

**10**

1 she really can't take that down.
2    A.   All right.
3    Q.   Also, in a normal conversation
4 people tend to talk over each other all
5 the time, in this setting we can't do
6 that. So, even if I'm asking you a
7 question that you obviously know where
8 I'm going, please let me finish my
9 question in its entirety before you start
10 your answer, --
11    A.   All right.
12    Q.   -- okay? If you need a break
13 for any reason at any time, just let your
14 attorney know. And most importantly the
15 questions that you're going to be asked
16 for the most part are going to be dealing
17 with things that happened 20, 30, 40
18 years ago. Nobody expects you to
19 remember everything. So, if I ask you a
20 question and you just don't remember or
21 you don't know the answer to it, just
22 tell me that and I'll move on, okay?
23    A.   All right.
24    Q.   We're here today, this is called
25 a deposition, obviously you're in a room

**11**

1 full of attorneys, you have a Court
2 Reporter next to you, have you ever
3 testified in this sort of setting before?
4    A.   No.
5    Q.   Have you reviewed any documents
6 in preparation for your deposition today?
7    A.   No.
8    Q.   From time to time you're going
9 to hear me refer to something called your
10 Answers to Interrogatories which is this
11 document, (indicating), it's a series of
12 questions that the defense attorneys have
13 asked of you and your attorneys and
14 they've provided us with the answers to
15 those questions. Have you seen your
16 Answers to Interrogatories before?
17    A.   No.
18    MS. BURSHTYN:  That's this
19 document.  (Indicating)
20    THE WITNESS:  Oh, oh.  All right.
21    Q.   So, you have seen that document
22 before?
23    A.   Yes.
24    Q.   And is that your signature on
25 that page?

**12**

1    A.   Yes. I didn't know what you
2 meant before.
3    Q.   Have you taken any medications
4 this morning?
5    A.   Yes.
6    Q.   Can you tell me either the names
7 of the medications or at least what
8 they're for?
9    A.   Well, high blood pressure
10 medicine and that's all.
11    Q.   And did you --
12    A.   Oh, a nausea medication for my
13 chemotherapy.
14    Q.   Anything else?
15    A.   No.
16    Q.   Did you take the high blood
17 pressure medication this morning?
18    A.   Yes.
19    Q.   And do you take it once a day or
20 more than once a day?
21    A.   Once a day.
22    Q.   How long have you been taking
23 that medication?
24    A.   Twelve years.
25    Q.   The medication for nausea, you

**13**

1 just started taking that more recently?
2    A.   Yeah.
3    Q.   And do you take it as needed or
4 once a day or something else?
5    A.   Once a day. And as needed, I
6 should say, as needed.
7    Q.   Are there any other medications
8 that you typically take on a daily basis
9 but you just haven't gotten to it yet
10 today?
11    A.   I take a painkiller.
12    Q.   Anything else?
13    A.   I take Simvastatin, it's a
14 cholesterol, high cholesterol medicine.
15    Q.   Any others?
16    A.   At night.
17    Q.   Any others?
18    A.   No.
19    Q.   How long have you been taking
20 the cholesterol medication?
21    A.   Only about three months.
22    Q.   And the pain medication, do you
23 take it as needed?
24    A.   As needed.
25    Q.   And you did not yet take it

4 (Pages 10 to 13)

Thomas J. Coyne

14

1    today?
2        A.    Not today, no.
3        Q.    Do you have any reason to
4    believe that any of the medications you
5    did take today, the nausea medication or
6    the high blood pressure medication, do
7    you have any reason to think they have
8    any effect on your memory or affect your
9    ability to testify today?
10       A.    No.
11       Q.    Sir, is your birthday coming up,
12   January 10, 1946?
13       A.    Yes.
14       Q.    And are the last four digits of
15   your Social Security number 1316?
16       A.    Yes.
17       Q.    And you told us earlier you live
18   on 13th Avenue in Mineola?
19       A.    Yes.
20       Q.    The street address of 49?
21       A.    49.
22       Q.    And you are married, correct?
23       A.    Yes.
24       Q.    Your wife's name is Suzanne?
25       A.    Yes.

15

1        Q.    And how long have you been
2    married to Suzanne?
3        A.    Nineteen years.
4        Q.    Does Suzanne work outside the
5    home?
6        A.    No.
7        Q.    Do you have any children with
8    Suzanne?
9        A.    No, my stepchildren.
10       Q.    Was Suzanne married previously?
11       A.    Yes.
12       Q.    And how many stepchildren do you
13   have?
14       A.    Two.
15       Q.    What are their names?
16       A.    Collette; C-O-L-L-E-T-T-E, and
17   Nicole.
18       Q.    And you were married once before
19   Suzanne, correct?
20       A.    Yes.
21       Q.    And your wife's name was Diane?
22       A.    Yes.
23       Q.    Your Answers to Interrogatories
24   tell us that you were married to Diane
25   from 1968 to 1985; --

16

1        A.    That's right.
2        Q.    -- is that right?  And how did
3    that marriage end?
4        A.    In divorce.
5        Q.    Do you have any children with
6    Diane?
7        A.    Yes.
8        Q.    Can you list for me their names
9    and ages?
10       A.    Suzanne, 1969, so she would be
11   41, and Stephanie would be 39.
12       Q.    Where does your daughter Suzanne
13   live?
14       A.    I really don't know.  I believe
15   it's New Jersey.
16       Q.    Have you spoken to Suzanne at
17   all in the last five years?
18       A.    No.
19       Q.    Where does Stephanie live?
20       A.    I have no idea.
21       Q.    You haven't spoken to Stephanie
22   either?
23       A.    No, no, for years.
24       Q.    Do you provide any sort of
25   financial support to either of your

17

1    daughters?
2        A.    No.
3        Q.    Do you provide any sort of
4    financial support to Diane?
5        A.    No.
6        Q.    And where does Diane live now?
7        A.    I'm not sure but I believe it's
8    Flushing.
9        Q.    Do you have any knowledge as to
10   whether or not either of your daughters,
11   Suzanne or Stephanie, have ever been
12   diagnosed with any form of cancer?
13       A.    No.
14       Q.    You just don't know?
15       A.    I don't know.
16       Q.    When you were married to Diane,
17   did she work outside the home?
18       A.    No.
19       Q.    Do you provide any financial
20   support to either of your stepchildren?
21       A.    Not really, no.
22       Q.    How often do you see Collette?
23       A.    Oh, once a week.
24       Q.    And how often do you see Nicole?
25       A.    Every day.

5 (Pages 14 to 17)

Thomas J. Coyne

**18**

1  Q.  Does Nicole live with you?
2  A.  Yes.
3  Q.  Does Nicole have any children?
4  A.  No.
5  Q.  Does Nicole pay any sort of rent
6  or board or anything like that?
7  A.  She pays for the telephone and
8  the Fios, it's all connected, yeah,
9  that's the telephone.
10  Q.  Outside of the
11  telephone/internet service, does Nicole
12  pay any other bills in the home?
13  A.  No.
14  Q.  Both of your parents are
15  deceased, correct?
16  A.  Yes.
17  Q.  And your father's name was
18  Joseph?
19  A.  Yes.
20  Q.  Do you know how old he was when
21  he passed?
22  A.  Forty-nine.
23  Q.  And what was the cause of his
24  passing?
25  A.  Heart disease.

**19**

1  Q.  During the course of his life,
2  what was your father's primary
3  occupation?
4  A.  He was a longshoreman.
5  Q.  Did you ever work with your
6  father?
7  A.  No.
8  Q.  Did you ever visit your father
9  on the job?
10  A.  No.
11  Q.  Do you have any idea one way or
12  the other whether your father worked with
13  any asbestos-containing materials?
14  A.  No.
15  Q.  And your mother's name was Mary?
16  A.  Mary.
17  Q.  How old was she when she passed?
18  A.  Sixty-five.
19  Q.  What was the cause of her
20  passing?
21  A.  I believe it was cirrhosis of
22  the liver.
23  Q.  Did your mother work outside the
24  home?
25  A.  No.

**20**

1  Q.  To your knowledge was your
2  mother ever diagnosed with any form of
3  cancer?
4  A.  No.
5  Q.  How about your father?
6  A.  No.
7  Q.  Did your mother ever have any
8  heart problems?
9  A.  No.
10  Q.  Do you have any brothers or
11  sisters?
12  A.  Yes.
13  Q.  Can you list for me their names
14  and ages?
15  A.  I have four sisters; Patricia,
16  she's 68, Maureen who's 66, Kathleen
17  who's 60 and Joanne is 58, that's it.
18  Q.  Where does Patricia live?
19  A.  She lives in Flushing, New York.
20  Q.  How often do you see her?
21  A.  Oh, once a month.
22  Q.  How is her health generally?
23  A.  She has fibrutation (sic) of the
24  heart but she's fine now.
25  Q.  Where does Maureen live?

**21**

1  A.  Maureen is a nun, a Dominican
2  nun, retired.  So, she lives in Copiague,
3  New York in a home for the retired nuns.
4  Q.  How often do you see Maureen?
5  A.  Once a month.
6  Q.  How is Maureen's health
7  generally?
8  A.  Fine.
9  Q.  Where does Kathleen live?
10  A.  Kathleen's in California.
11  Q.  And how often do you get to see
12  Kathleen?
13  A.  Very rarely, once every two
14  years.
15  Q.  How is her health generally?
16  A.  Fine.
17  Q.  And Joanne, where does she live?
18  A.  She's in Florida.
19  Q.  And how often do you see her?
20  A.  Once a year.
21  Q.  And how is her health?
22  A.  Fine.
23  Q.  Have any of your sisters ever
24  been diagnosed with any form of cancer?
25  A.  No.

6 (Pages 18 to 21)

Thomas J. Coyne

22

1    Q.   Other than Patricia do any of
2  your other sisters have any heart issues?
3    A.   No.
4    Q.   Did you ever work with any of
5  your sisters anywhere?
6    A.   Never.
7    Q.   Do you provide any financial
8  support to any of your sisters?
9    A.   No.
10   Q.   We're going to spend some time
11 now talking about the various places
12 where you've lived over the course of
13 your life.
14   A.   Okay.
15   Q.   Is it easier for you if we start
16 from your current location and move
17 backwards in time or start from when you
18 were a kid and go forward?
19   A.   Go from when I was a kid.
20   Q.   What's the first, what's the
21 address of the first home you recall
22 living in?
23   A.   It was an apartment house in
24 Woodside and the address was 4119 60th
25 Street in Woodside.

23

1    Q.   Your Answers to Interrogatories
2  tell us that you lived there from
3  approximately 1946 to 1955; --
4    A.   Right, correct.
5    Q.   -- does that sound right?
6    A.   That's right.
7    Q.   And that was an apartment?
8    A.   Yes.
9    Q.   When you think back to that
10 first home that you lived in, that first
11 apartment, do you have any reason to
12 believe you would have been exposed to
13 asbestos while you were physically within
14 that apartment?
15   A.   No.
16   Q.   What was the next place you
17 recall living in?
18   A.   We moved from there to 3713 59th
19 Street in Woodside, it was a two-family
20 house.
21   Q.   And did your parents own that
22 home?
23   A.   They owned half.
24   Q.   Who did you own it with?
25   A.   The aunt and uncle, my father's

24

1  sister lived downstairs, we lived
2  upstairs.
3    Q.   And your Answers to
4  Interrogatories tell us that you lived
5  there from 1955 to 1968; --
6    A.   Right.
7    Q.   -- is that accurate?
8    A.   That's right.
9    Q.   Did you ever perform any sort of
10 renovations in that home?
11   A.   Yes.
12   Q.   I want you to take a minute,
13 think about those renovations that you
14 did, okay?
15   A.   Okay.
16   Q.   When you think back on them, do
17 you think any of those renovations that
18 you performed would have exposed you to
19 asbestos?
20   A.   Yes.
21   Q.   I want you to list for me the
22 types of renovations that you did that
23 you think would have exposed you to
24 asbestos.
25   A.   Well, the roof was always

25

1  leaking and I did numerous repairs on the
2  roof with tar paper and whatever after
3  the deluge of rain, you know.  And did
4  some sheetrock in the sisters' rooms.
5  And I was constantly lighting the boiler,
6  it was an old boiler down in the
7  basement.  Just lighting it, not
8  repairing it.
9    Q.   Anything else?
10   A.   That's about it.
11   Q.   Let's start with the boiler, how
12 would you light it?
13   A.   You'd have to get down on your
14 hands and knees, open the bottom and
15 crawl in there.  And it was a big old
16 boiler and you would have to get a long
17 match to get in there to light it.
18       And I think it I was exposed to
19 asbestos in there because it was an old
20 asbestos lining of this boiler.  And it
21 was flaking, you know, always flaking,
22 you know, or just -- that's as far as the
23 asbestos goes.
24   Q.   Is there any way for you to tell
25 us all told the whole time you were

7 (Pages 22 to 25)

Thomas J. Coyne

---

26

1   living in that house how many times you
2   would have had to light that boiler?
3       A.   Quite a few times.
4       Q.   Is there any way for you to give
5   us an estimate?
6       A.   No.
7       Q.   For the future too for that type
8   of question, if you're able to give us an
9   estimate, that's great.  What we don't
10   want is any sort of wild guess, okay?
11       A.   Okay.
12       Q.   So, that's fine, you said you
13   didn't know.
14           How would you access the area
15   where you would light the boiler?
16       A.   We have to take a grating off,
17   down on the bottom was a tin, it was an
18   old tin unit, put that out of the way and
19   get your arm all the way in to light it.
20   To light it you'd have to light it way in
21   the back, it was a pain to light and it
22   would "boof" when it would go off.
23       Q.   And can you describe for us, you
24   mentioned a lining that was in that area?
25       A.   Yeah.

---

27

1       Q.   Could you tell us what it looked
2   like?
3       A.   It was like a gray foam, always
4   flaking.  Gray on the outside and like
5   whitish material on the inside and it was
6   flaking.  If you would touch it, it would
7   fall apart.
8       Q.   Over the course of years that
9   you lived in this home, was lighting the
10   boiler the extent of your dealing with
11   the boiler?
12       A.   Yes.
13       Q.   Do you recall the brand name,
14   trade name or manufacturer of that old
15   boiler?
16       A.   It was a Peerless boiler.
17       Q.   Did you ever wear a mask or put
18   anything over your face when you were
19   lighting the boiler?
20       A.   No.
21       Q.   You also told us that the home
22   had some issues with the roof.  What type
23   of roof was on that house?
24       A.   It was a flat roof.
25       Q.   You said that it would leak,

---

28

1   correct?
2       A.   (Nodding in the affirmative)
3       Q.   Was there one particular area on
4   the roof where it would leak?
5       A.   There was a few.  It was way in
6   the back bedroom area and way up in the
7   front, the living room area, and right by
8   the skylight where you would come up the
9   ladder, the middle of the roof.  Front,
10   back and the middle.
11       Q.   And do you recall all told the
12   whole time you're living in that house
13   how many times did you do anything that
14   had to do with the roof?
15       A.   There was many times, I can't
16   give you a number but it was quite a bit.
17       Q.   And when you would -- with
18   regard to this roofing work, is that work
19   that you did yourself?
20       A.   Yes.
21       Q.   Did anybody help you?
22       A.   I would have my cousin tie up
23   down below and I would pull it up with a
24   rope, the tar paper and whatever.
25       Q.   And what's your cousin's name?

---

29

1       A.   Bill.
2       Q.   Bill what?
3       A.   Curley; C-U-R-L-E-Y.
4       Q.   And is Bill living?
5       A.   I haven't seen him in years, I
6   couldn't tell you.
7       Q.   Can you describe for us, in as
8   much detail as you can, the actual
9   process that you'd go through to fix the
10   leak?
11       A.   I would put tar down and roll
12   paper down and then the heavy roll of tar
13   paper over that paper and patch it up
14   with the ready mix tar around the strips.
15       Q.   Anything else?
16       A.   No.  No nails or anything like
17   that.
18       Q.   And do you think that that
19   process that you just described for us,
20   do you think you would have been exposed
21   to asbestos in any way from that process?
22       A.   Probably, yes.
23       Q.   How exactly?
24       A.   Well, the paper that I used, I
25   understood it was asbestos in it and the

---

8 (Pages 26 to 29)

Thomas J. Coyne

**30**

1  tar paper itself was asbestos. And I
2  would get it all over me of course and
3  breathing it and whatnot. Like I said,
4  it was numerous times. I was always
5  cutting it, cutting it and trying to
6  patch it.
7      Q.    All this work would have been
8  done on the roof outdoors, correct?
9      A.    Outdoors, yeah.
10     Q.    And the paper itself, do you
11 know what company manufactured it?
12     A.    I believe it was Certainteed,
13 Certainteed paper.
14     Q.    And you also mentioned a tar
15 product, a ready mix tar product; do you
16 recall that?
17     A.    I don't remember the name of
18 that.
19     Q.    You used the word "ready mix,"
20 is that a name or is that just the type
21 of product it was?
22     A.    Well, it was just a -- it was
23 buckets of tar, it was like a ready mix
24 tar.
25     Q.    What color was it?

**31**

1      A.    Black.
2      Q.    And it came already mixed,
3  correct?
4      A.    Yeah.
5      Q.    And do you know what company
6  manufactured the tar?
7      A.    No.
8      Q.    Did you ever wear a mask or put
9  anything over your face when you were
10 doing that work?
11     A.    No. It's too hot.
12     Q.    You also mentioned doing some
13 work with sheetrock in your sisters'
14 rooms.
15     A.    Yes.
16     Q.    Do you recall doing that work in
17 all four sisters' rooms or just two or
18 one or something else?
19     A.    Probably three rooms.
20     Q.    And those would have been three
21 bedrooms?
22     A.    Yes.
23     Q.    Were the three bedrooms all the
24 same size?
25     A.    Yes.

**32**

1      Q.    Why were you doing this work?
2      A.    Old walls, cracked walls.
3      Q.    And you did this work yourself?
4      A.    Yes.
5      Q.    Did anybody help you?
6      A.    No.
7      Q.    The work that you did in these
8  bedrooms, was it patching or was it
9  full-scale renovation?
10     A.    Half and half. Some walls were
11 worse than the others and I'd have to put
12 whole sheets up. It wasn't heavy.
13     Q.    And some walls that were worse,
14 you'd have to put up whole new sheetrock?
15     A.    Yes.
16     Q.    And then were there some walls
17 where you didn't have to do as much work?
18     A.    No, just patch it up.
19     Q.    And when you say patch it up,
20 what would you use?
21     A.    Like a ready mix plaster.
22     Q.    The areas that called for just
23 the little bit of work where you would
24 patch -- were you patching holes?
25     A.    Yes.

**33**

1      Q.    Can you describe for us exactly
2  what you would do to patch that hole?
3      A.    I would just use a trowel and
4  just fill it up the best I could, wait
5  for it to dry, sand it down with emery
6  cloth, do it again, do it again
7  constantly.
8      Q.    And do you know the brand name,
9  trade name or manufacturer of the
10 material that you would use to patch the
11 holes?
12     A.    I believe it was Georgia
13 Pacific. It was in a white bucket.
14     Q.    And it came premixed, right?
15     A.    Premixed.
16     Q.    Do you recall, you said that you
17 remember doing work in three of the
18 bedrooms. In terms of having to put up
19 all new sheetrock, did that take place in
20 just one of the bedrooms or more than
21 one?
22     A.    I would say all the bedrooms.
23     Q.    And again, in as much detail as
24 you can, can you describe for us what you
25 would do in that situation when you'd

9 (Pages 30 to 33)

Thomas J. Coyne

34

1  have to put up new sheetrock?
2      A.  Why I would do it?
3      Q.  No.  Just walk us through the
4  steps, step by step how would you do it?
5      A.  I would scrape down the old wall
6  best I could, carry the sheetrock up the
7  stairs and fit it, cut it, nail it.  And
8  plaster around and then try and fit it
9  the best I could.
10     Q.  Do you know what company
11  manufactured any of the new sheetrock?
12     A.  No.
13     Q.  How about do you know what
14  company manufactured the plaster?
15     A.  No.
16     Q.  When you were doing any of this
17  work, whether it was putting up the new
18  sheetrock or just patching the walls, did
19  you ever wear a mask?
20     A.  Never.
21     Q.  We're talking about now 3713
22  59th Street in Woodside.
23     A.  Okay.
24     Q.  And you told us about some work
25  you did in terms of roofing, you told us

35

1  about lighting the boiler and you told us
2  about some work you did repairing the
3  walls in the bedrooms.
4      A.  Uh-huh.
5      Q.  Putting all that aside is there
6  any other way you think you were exposed
7  to asbestos while in that home?
8      A.  No.
9      Q.  What's the next home you recall
10  living in?
11     A.  That would be 33-18 -- oh, wait
12  a minute, I rented an apartment before
13  that.  Did I say the apartment, apartment
14  house?
15     Q.  No.  Well, let's --
16     A.  The home, the next home I moved
17  into --
18     Q.  Well, let's recap here and see
19  if we can keep it straight.
20     A.  Okay.
21     Q.  The first home we talked about
22  was on 60th Street.
23     A.  Yeah.
24     Q.  Then we talked about 59th
25  Street.

36

1      A.  Okay.
2      Q.  What's the very next place you
3  lived?
4      A.  I lived in an apartment house in
5  Flushing after I got married, first time.
6      Q.  And what was the address?
7      A.  It's 16304 Crocheron Avenue,
8  Flushing, New York.
9      Q.  And that was an apartment?
10     A.  That was an apartment.
11     Q.  And did you live there by
12  yourself or with anybody else?
13     A.  With my family, my first family.
14     Q.  And according to your Answers to
15  Interrogatories you lived there from 1968
16  to 1972; --
17     A.  That's right.
18     Q.  -- is that right?  Did you ever
19  perform any renovations on that
20  apartment?
21     A.  No.
22     Q.  Do you have any reason to
23  believe you would have been exposed to
24  asbestos in that apartment?
25     A.  No.

37

1      Q.  What's the next place you recall
2  living?
3      A.  Bought a home on 33-18 166th
4  Street in Flushing.
5      Q.  I just want to make sure we keep
6  things straight.
7      A.  Okay.
8      Q.  Your Answers to Interrogatories
9  say 83-18; is that inaccurate?
10     A.  That's inaccurate.
11     Q.  So, it's 33-18?
12     A.  It's 33-18.
13     Q.  And they tell us that you lived
14  there from 1972 to 1985.
15     A.  That's right.
16     Q.  And you lived there with your
17  family?
18     A.  Yes.
19     Q.  What type of home was that?
20     A.  That was a one-family colonial.
21     Q.  Did you ever perform any
22  renovations in that home?
23     A.  Just the sheetrock, no roofing.
24     Q.  And when you think back on
25  sheetrock work you did on 166th Street,

10 (Pages 34 to 37)

Thomas J. Coyne

**38**

1  do you have any reason to believe you
2  would have been exposed to asbestos?
3      A.   Probably if it's the same thing
4  as the -- I used the same material, the
5  Georgia Pacific plaster, ready mix.
6      Q.   Where in the house did you do
7  the sheetrock work?
8      A.   The upstairs bedrooms.
9      Q.   And how many were there?
10     A.   Two bedrooms.
11     Q.   Putting the two bedrooms aside,
12  did you do any sheetrock work anywhere
13  else in the house?
14     A.   No.
15     Q.   Were the two bedrooms the same
16  size?
17     A.   Yes.
18     Q.   Is there any way for you to
19  estimate for us dimensions of those
20  rooms?
21     A.   12 x 13.
22     Q.   And when we were talking about
23  one of your other homes, we talked about
24  there were some instances where you would
25  just be patching up holes and then there

**39**

1  were some instances where you actually
2  had to put up new sheetrock.  On 166th
3  Street which was it or both?
4      A.   It was both again, it was...
5      Q.   Do you recall if you had to put
6  up new sheetrock in both of the bedrooms
7  or just one?
8      A.   Both, both.  Just a wall in both
9  bedrooms.
10     Q.   One wall in each room?
11     A.   One wall in each bedroom.
12     Q.   Do you know what company
13  manufactured the sheetrock?
14     A.   No.
15     Q.   And the process that you
16  described for us a little earlier about
17  how you would actually hang the
18  sheetrock, was it the same process?
19     A.   Same way, just with nails.
20     Q.   Did you ever wear a mask when
21  you were doing any of this work?
22     A.   No.
23     Q.   Was this sheetrock work done
24  sort of all at one time or was it spaced
25  out over a period of years or something?

**40**

1      A.   All at one time.
2      Q.   Do you remember what year that
3  would have been?
4      A.   No.
5      Q.   Putting aside the sheetrock work
6  that we just talked about, --
7      A.   Okay.
8      Q.   -- is there any other way you
9  think you may have been exposed to
10  asbestos in the home on 166th Street?
11     A.   No.
12     Q.   What's the next home you recall
13  living in?
14     A.   After my divorce I moved in with
15  my sister from 1985 to 1989.
16     Q.   What was the address there?
17     A.   45-32 159th Street in Flushing.
18     Q.   And what type of home was that?
19     A.   That was a two-family home.
20     Q.   Did you ever do any renovations
21  there?
22     A.   No.  But she had trouble with
23  her boiler down there too.
24     Q.   Did you ever have anything to do
25  with the boiler in your sister's house?

**41**

1      A.   Just light the boiler
2  occasionally.  She had an old clunker
3  too.
4      Q.   Can you describe for us how you
5  would light the boiler?
6      A.   Same way as my mother's house, I
7  would get down on my hands and move the
8  grating out of the way, put my arm all
9  the way in constantly lighting it.
10     Q.   From the process you just told
11  us about right there, do you think you
12  were exposed to asbestos in any way?
13     A.   Probably.  This was a big, old
14  one, it was really...
15     Q.   How exactly do you think you
16  were exposed to asbestos?
17     A.   It would flake down in front of
18  me when I was lighting it, each time I
19  would light it.
20     Q.   The material that you just said
21  would flake, can you describe what it
22  looked like for us?
23     A.   It was like a gray dust,
24  gray-whitish dust.
25     Q.   And where was this material

11 (Pages 38 to 41)

Thomas J. Coyne

42

1  exactly on the boiler?
2      A.   On the boiler, caked on the
3  outside of the boiler.  It was a
4  monstrous boiler, a lot bigger than my
5  mother's boiler because I guess the size
6  of the house.  And I remember the size of
7  it because it was so -- I think it was
8  more asbestos on it than the actual unit,
9  it was so big.
10     Q.   And is there any way for you to
11  tell us in total over the course of those
12  four years that you lived there how many
13  times you would have had to light that
14  boiler?
15     A.   No, I couldn't tell you.
16     Q.   Other than lighting the boiler,
17  did you have any other responsibilities
18  or ever do anything else to the boiler?
19     A.   No.
20     Q.   Do you know what company
21  manufactured that boiler?
22     A.   I believe that was a Peerless
23  also because it had the same...
24     Q.   Other than lighting the boiler,
25  is there any other way you think you may

43

1  have been exposed to asbestos in your
2  sister's home?
3      A.   No.
4      Q.   And I think that takes us to
5  your current home; is that true?
6      A.   Yeah.
7      Q.   And you told us your current
8  address is 49 13th Avenue in Mineola?
9      A.   Yes.
10     Q.   Did you ever perform any sort of
11  renovations in that home?
12     A.   Yes.
13     Q.   When you think back on the
14  renovations that you performed there, do
15  you have any reason to believe you would
16  have been exposed to asbestos from any of
17  them?
18     A.   Well, we have an old boiler down
19  in the basement also.  Not too much
20  renovation.  I did some sheetrock work up
21  in the daughter's bedroom.  And I cleaned
22  the boiler a lot, didn't take too much
23  lighting but it was an old boiler.  We
24  still have it and it's always -- it's a
25  and cleaning it and there's -- it's a

44

1  cased boiler with a lot of asbestos
2  inside the cover but I didn't realize it
3  was asbestos, it's just -- I thought it
4  was just this cotton stuff and I'm always
5  cleaning it and everything.
6      Q.   When you say cleaning the
7  boiler, what do you mean exactly?
8      A.   The dust.
9      Q.   And that's on the outside of the
10  boiler?
11     A.   Yeah.
12     Q.   Do you know what company
13  manufactured the boiler that's in your
14  house right now?
15     A.   No.
16     Q.   Do you know how old the boiler
17  is that's in your house right now?
18     A.   Oh, it's over 50 years old.
19     Q.   Is that how old the home is?
20     A.   Yes.
21     Q.   It's the original boiler?
22     A.   Yeah.
23     Q.   The sheetrock work that you said
24  you did in your daughter's bedroom, --
25     A.   Yeah.

45

1      Q.   -- do you remember what year
2  that was?
3      A.   Maybe ten years ago.
4      Q.   So, approximately 2000 or so?
5      A.   2000.
6      Q.   The materials that you used to
7  do that work, did you purchase them in
8  2000?
9      A.   I can't -- I guess so.
10     Q.   Do you know what company
11  manufactured the material you used to do
12  the sheetrock work?
13     A.   It was probably Georgia Pacific,
14  it was the same ready mix what I've used
15  for years.  I don't know the name of the
16  sheetrock.
17     Q.   When you were cleaning the old
18  boiler, did you ever wear a mask or
19  respirator?
20     A.   No.
21     Q.   Putting all that aside is there
22  any other way you think you were exposed
23  to asbestos in that home?
24     A.   I'm always patching the living
25  room, the leak that we have.  For some

12 (Pages 42 to 45)

Thomas J. Coyne

46

1    reason we have leaks in the living room
2    from those dog houses on top. You know
3    those dog houses, the windows over the
4    roof? That's constantly -- and I'm
5    always patching that up with the ready
6    mix and sanding it down.
7        Q.   Do you remember what year -- you
8    moved into the home in 1989, right?
9        A.   Yeah.
10       Q.   Do you remember what year you
11   first would have had to do any of that
12   patching?
13           MS. BURSHTYN: If you know. If
14   you don't know then --
15       A.   I don't remember. It might have
16   been numerous times but --
17           MS. BURSHTYN: We don't want you
18   to guess.
19       A.   No, I don't remember.
20       Q.   We talked about 60th Street in
21   Woodside, 59th Street in Woodside,
22   Crocheron Avenue in Flushing, 166th
23   Street in Flushing, 159th Street in
24   Flushing and Mineola.
25       A.   That's right.

47

1        Q.   Have we covered all the
2    different places where you've lived
3    during the course of your life?
4        A.   Yes.
5            MR. NOVAKIDIS: Do you want to
6    take a little break or are you good?
7            MS. BURSHTYN: Let's take a quick
8    break.
9            MR. NOVAKIDIS: We're just going
10   to take a short break.
11           THE WITNESS: Okay.
12           (Whereupon, at 12:03 P.M., a short
13   recess was taken)
14           (Back on the record at 12:23 P.M.)
15       Q.   Sir, what is the highest level
16   of education you've completed?
17       A.   Twelfth grade.
18       Q.   And what high school did you go
19   to?
20       A.   Bryant High School, Long Island
21   City.
22       Q.   And did you go there all four
23   years?
24       A.   Three years. First year was
25   McClancy High School.

48

1        Q.   Where was that?
2        A.   That was in Jackson Heights.
3        Q.   During the year that you went to
4    McClancy, do you have any reason to
5    believe you would have been exposed to
6    asbestos while you were in that building?
7        A.   No.
8        Q.   During the three years that you
9    went to Bryant High School in Long Island
10   City, do you have any reason to believe
11   you would have been exposed to asbestos
12   in that building?
13       A.   No.
14       Q.   Did you ever serve in the
15   military?
16       A.   No.
17       Q.   While you were in high school,
18   did you ever have any part-time jobs?
19       A.   No.
20       Q.   What is the very first job
21   you've ever had?
22       A.   After graduation I worked for
23   Irving Trust Company in Wall Street as a
24   pageboy.
25       Q.   I'm going to jump back just for

49

1    a second.
2        A.   Okay.
3        Q.   What year did you graduate from
4    high school?
5        A.   1963.
6        Q.   Jump back a little further than
7    that. You told us that you lived with
8    one of your sisters from 1985 to 1989?
9        A.   Yes.
10       Q.   Which sister?
11       A.   Patricia.
12       Q.   Does Patricia still own that
13   home?
14       A.   Yes.
15       Q.   Irving Trust Company, how long
16   did you work there?
17       A.   Just a year.
18       Q.   And what type of company was
19   Irving Trust Company?
20       A.   It was a banking, banking
21   institute.
22       Q.   And you said your title was
23   pageboy?
24       A.   Yeah.
25       Q.   Can you explain to us what that

13 (Pages 46 to 49)



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

THOMAS J. COYNE and SUZANNE COYNE    :   Civil Action No.

               Plaintiffs,       :

           -against-        :

ALUMINUM COMPANY OF AMERICA    :
(ALCOA), *et al.*                :

              Defendants.

------------------------------------------------------------- X

### CRANE CO.'S CONSENT TO REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

      Crane Co., a co-defendant in the above-described action, by its attorney, joins in the

notice of removal filed in this action by defendant Georgia-Pacific LLC, and further consents to

the removal of the above-described action to this Court as if defendant Crane Co. had executed

the aforementioned notice as a joint removing party.

Dated: New York, New York
      July 19, 2011

                     Respectfully submitted,

                     K&L Gates LLP

                     By: _____
                       Angela DiGiglio (2290)
                       599 Lexington Avenue
                       New York, New York 10022-6030
                       angela.digiglio@klgates.com
                       212-536-3900

                     *Attorneys for Defendant Crane Co.*

SWORN TO BEFORE ME
THIS 19ᵗʰ DAY OF JULY, 2011

_____
DEBORAH JEAN CERIA MEYERS
Notary Public, State of New York
No. 31-4831744
Qualified in New York County
Commission Expires September 30, 20__  /3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------- X
THOMAS J. COYNE and SUZANNE COYNE        :   Civil Action No.
                                          :
                    Plaintiffs,           :
                                          :
             -against-                    :
                                          :
ALUMINUM COMPANY OF AMERICA               :
(ALCOA), et al.                           :
                                          :
                    Defendants.           :
----------------------------------------------------------------- X
```

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to

enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or

recusal, the undersigned counsel for defendant Crane Co. certifies that Crane Co. has no parent

corporation and no public corporation owns 10 percent or more of Crane Co.'s stock.


Dated: New York, NY
       July 19, 2011

                                  Respectfully submitted,

                                  K&L Gates LLP

                                  By: _____
                                      Angela DiGiglio (AD2290)
                                      599 Lexington Avenue
                                      New York, New York 10022-6030
                                      212-536-3900
                                      angela.digiglio@klgates.com

                                  *Attorneys for Defendant Crane Co.*


SWORN TO BEFORE ME
THIS 19TH DAY OF JULY 2011

DEBORAH JEAN CERIA MEYERS
Notary Public, State of New York
No. 31-4831744
Qualified In New York County
Commission Expires September 30, 2013



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------X

IN RE:     NEW YORK CITY           : NYCAL
             ASBESTOS LITIGATION   :

----------------------------------------------------------------X

THOMAS J. COYNE and SUZANNE COYNE   : Index No. 190399/10
                                             :

                 Plaintiffs,       :

                                 : **NOTICE TO THE STATE COURT**
          -against-            : **OF REMOVAL OF ACTION TO**
                                 : **FEDERAL COURT**

ALUMINUM COMPANY OF AMERICA     :
(ALCOA), *et al.*                     :

                                 : Hon. Martin Shulman
                 Defendants    : IAS Part 1

----------------------------------------------------------------X

TO:   THE CLERK OF THE COURT
      SUPREME COURT OF THE STATE OF NEW YORK
      COUNTY OF NEW YORK

     PLEASE TAKE NOTICE that on July 20, 2011, defendant Georgia-Pacific LLC filed in

the United States District Court for the Southern District of New York a Notice of Removal of

the above-entitled action.  A copy of the Notice of Removal is attached hereto.

PLEASE TAKE FURTHER NOTICE that by the filing of the attached Notice of

Removal, and by the filing of this Notice to State Court and a copy of the same in Federal Court,

the above-entitled action has been removed from this Court to the United Stated District Court

for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b), and

this Court may not proceed further unless and until the case is remanded.

Dated: New York, New York
      July 20, 2011

LYNCH DASKAL EMERY LLP

By: _____
      Lawrence G. Lee

264 West 40th Street
New York, New York 10018
(212)302-2400
lee@lawlynch.com

*Attorneys for Defendant Georgia-Pacific LLC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

IN RE:      NEW YORK CITY          : NYCAL
             ASBESTOS LITIGATION     :

-------------------------------------------------------------------X

THOMAS J. COYNE and SUZANNE COYNE   : Index No. 190399/10
                                      :

                 Plaintiffs,        :

                                 : **NOTICE TO**
          -against-         : **PLAINTIFFS' COUNSEL OF**
                                 : **FILING OF NOTICE OF REMOVAL**

ALUMINUM COMPANY OF AMERICA      :
(ALCOA), *et al.*                   :

                                 : Hon. Martin Shulman
               Defendants    : IAS Part 1

-------------------------------------------------------------------X

TO:    Jerry Kristal, Esq.
        Weitz & Luxenberg, P.C.
        700 Broadway
        New York, New York 10003

        PLEASE TAKE NOTICE that on July 20, 2011, defendant Georgia-Pacific LLC filed a

Notice of Removal of the above-entitled action from the Supreme Court of the State of New York,

County of New York to the United Stated District Court for the Southern District of New York,

pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

Dated: New York, New York
       July 20, 2011

                              LYNCH DASKAL EMERY LLP

                              By: _____
                                 Lawrence G. Lee

                              264 West 40th Street
                              New York, New York 10018
                              (212)302-2400
                              lee@lawlynch.com

                              *Attorneys for Defendant Georgia-Pacific LLC*