ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:11-cv-04968-GBD

Stupino et al v. American Biltrite Company et al      Date Filed: 07/20/2011
Assigned to: Judge George B. Daniels      Jury Demand: Defendant
Case in other court: Supreme Court- New York County,      Nature of Suit: 368 P.I. : Asbestos
               190385-10      Jurisdiction: Diversity
Cause: 28:1441 Notice of Removal

**Plaintiff**

**Daniel Stupino**

**Plaintiff**

**Anna Stupino**

V.

**Defendant**

**American Biltrite Company**

**Defendant**

**American Biltrite, Inc.**
*Individually and as Successor to Amtico*
*Floors*

**Defendant**

**Domco Products Texas, LP**
*Individually and as Successor to Azrock*
*Industries, Inc.*

**Defendant**

**Georgia Pacific Co.**        represented by **Lawrence Gable Lee**
                                   Lynch Daskal Emery, LLP
                                   264 West 40th Street
                                   New York, NY 10018
                                   (212)-302-2400
                                   Fax: (212)-302-2210
                                   Email: lee@lawlynch.com
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Kaiser Gypsum Company, Inc.**

**Defendant**

**Kamco Supply Corp.**

**Defendant**

**Kentile Floors, Inc.**

**Defendant**

**Mannington Carpets, Inc.**

**Defendant**

**Mannington Mills, Inc.**

**Defendant**

**Strober Building Supply**
*formerly known as*
The Strober Organization, Inc.

**Defendant**

**United Gilsonite Laboratories**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/20/2011 | 1 | NOTICE OF REMOVAL from State Supreme, County of New York. Case Number: 190385-10. (Filing Fee $ 350.00, Receipt Number 1012027).Document filed by Georgia Pacific Co.(ama) (Entered: 07/21/2011) |
| 07/20/2011 | | Magistrate Judge Michael H. Dolinger is so designated. (ama) (Entered: 07/21/2011) |
| 07/20/2011 | | Case Designated ECF. (ama) (Entered: 07/21/2011) |
| 07/20/2011 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Georgia-Pacific Holdings, LLC; Georgia-Pacific Equity Holdings, LLC; Koch Renewable Resources, Inc. as Corporate Parent. Document filed by Georgia Pacific Co. (ama) (Entered: 07/21/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/21/2011 15:39:38 | | | |
| **PACER Login:** | ld1115 | **Client Code:** | 2000-1427 |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-04968-GBD |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**JUDGE DANIELS**

JS 44C/SDNY
REV. 5/2010

CIVIL COVER SHEET

**11 CIV 4968**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

JUL 2 0 2011

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Daniel Stupino and Anna Stupino | American Biltrite Company, et al. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Weitz & Luxenberg, P.C., 700 Broadway, NY, NY 10003 (212) 558-5500 | Lynch Daskal Emery LLP, 264 W. 40th Street, NY, NY 10018 (212) 302-2400 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C 1332, 1441, and 1446

Has this or a similar case been previously filed in SDNY at any time? No? ☐ Yes? ☑    Judge Previously Assigned

If yes, was this case  Vol.☐  Invol. ☐  Dismissed.  No ☐  Yes ☐   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*          NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[X] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☑ YES ☐ NO          NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN *x* IN ONE BOX ONLY)                                    **ORIGIN**

[ ] 1 Original Proceeding   [✓] 2a. Removed from State Court   [ ] 3 Remanded from Appellate Court   [ ] 4 Reinstated or Reopened   [ ] 5 Transferred from (Specify District)   [ ] 6 Multidistrict Litigation   [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

[ ] 2b. Removed from State Court AND at least one party is pro se.

(PLACE AN *x* IN ONE BOX ONLY)                    **BASIS OF JURISDICTION**                    *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [✓] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [X] 1 [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 [X] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Daniel Stupino and Anna Stupino
103-46 51st Street
Corona, New York  11368
Citizens of the State of New York (See Removal Papers)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Georgia-Pacific LLC
133 Peachtree Street
Atlanta, Georgia  30303
Citizens of the State of Delaware and Kansas (See Removal Papers)

DEFENDANT(S) ADDRESS UNKNOWN
   REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [✓] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 07/20/2011   SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 07  Yr. 2006 )
Attorney Bar Code # LL-1819

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

DANIEL STUPINO and ANNA STUPINO        :    Civil Action No.

                    Plaintiffs,                        :

        -against-                                      :    **Rule 7.1 Statement**

AMERICAN BILTRITE COMPANY, *et al.*    :

                    Defendants.                        :

------------------------------------------------------- X

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to

enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or

recusal, the undersigned counsel for defendant Georgia-Pacific LLC (a private non-governmental

party) certifies that:

> Georgia-Pacific LLC is a Delaware limited liability company, and wholly owned
> by Georgia-Pacific Holdings, LLC, a Delaware limited liability company.
> Georgia-Pacific Holdings, LLC is wholly owned by Georgia-Pacific Equity
> Holdings, LLC, a Delaware limited liability company.  Georgia-Pacific Equity
> Holdings, LLC is wholly owned by Koch Renewable Resources, Inc.  Koch
> Renewable Resources is incorporated in the State of Delaware.  No public
> corporation owns 10 percent or more of Georgia-Pacific LLC's stock.

Dated: New York, NY
       July 19, 2011

                        Respectfully submitted,

                        LYNCH DASKAL EMERY LLP

                        By:

                        Lawrence G. Lee
                           Attorney Bar Code: LL-1819

                        264 West 40th Street
                        New York, New York 10018
                        (212)302-2400
                        lee@lawlynch.com

                        *Attorneys for Defendant Georgia-Pacific LLC*

JS 44C/SDNY
REV. 5/2010

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Daniel Stupino and Anna Stupino | Georgia-Pacific LLC |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Weitz & Luxenberg, P.C., 700 Broadway, NY, NY 10003 (212) 558-5500 | Lynch Daskal Emery LLP, 264 W. 40th Street, NY, NY 10018 (212) 302-2400 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C 1332, 1441, and 1446

Has this or a similar case been previously filed in SDNY at any time? No? [✓]   Yes? [ ]   Judge Previously Assigned

If yes, was this case  Vol.[ ]   Invol. [ ]   Dismissed.  No [ ]   Yes [ ]   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

ACTIONS UNDER STATUTES

|  | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 620 OTHER FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY |  | [ ] 430 BANKS & BANKING |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [X] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | 21 USC 881 | **PROPERTY RIGHTS** | [ ] 450 COMMERCE |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY |  | [ ] 630 LIQUOR LAWS | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 640 RR & TRUCK | [ ] 830 PATENT | [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 650 AIRLINE REGS | [ ] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 660 OCCUPATIONAL SAFETY/HEALTH |  | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 690 OTHER | **SOCIAL SECURITY** | [ ] 810 SELECTIVE SERVICE |
| [ ] 160 STOCKHOLDERS SUITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190 OTHER CONTRACT |  |  | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 195 CONTRACT PRODUCT LIABILITY |  |  | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 880 OTHER STATUTORY ACTIONS |
| [ ] 196 FRANCHISE |  |  | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 864 SSID TITLE XVI | [ ] 891 AGRICULTURAL ACTS |
|  | **ACTIONS UNDER STATUTES** |  | [ ] 740 RAILWAY LABOR ACT | [ ] 865 RSI (405(g)) | [ ] 892 ECONOMIC STABILIZATION ACT |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 OTHER LABOR LITIGATION | **FEDERAL TAX SUITS** | [ ] 893 ENVIRONMENTAL MATTERS |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 894 ENERGY ALLOCATION ACT |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT |  |  | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | **IMMIGRATION** |  | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | [ ] 462 NATURALIZATION APPLICATION |  | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 MANDAMUS & OTHER | [ ] 463 HABEAS CORPUS-ALIEN DETAINEE |  |  |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 550 CIVIL RIGHTS | [ ] 465 OTHER IMMIGRATION ACTIONS |  |  |
|  | [ ] 440 OTHER CIVIL RIGHTS | [ ] 555 PRISON CONDITION |  |  |  |

_Check if demanded in complaint:_

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____  OTHER _____     JUDGE _____  DOCKET NUMBER_____

_Check YES only if demanded in complaint_
JURY DEMAND: [✓] YES [ ] NO                    NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN x IN ONE BOX ONLY)* **ORIGIN**

☐ 1 Original Proceeding   ☑ 2a. Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from (Specify District)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

☐ 2b. Removed from State Court AND at least one party is pro se.

*(PLACE AN x IN ONE BOX ONLY)* **BASIS OF JURISDICTION**   ***IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)***

☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)   ☑ 4 DIVERSITY

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [X] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [X] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Daniel Stupino and Anna Stupino
103-46 51st Street
Corona, New York  11368
Citizens of the State of New York (See Removal Papers)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Georgia-Pacific LLC
133 Peachtree Street
Atlanta, Georgia  30303
Citizens of the State of Delaware and Kansas (See Removal Papers)

DEFENDANT(S) ADDRESS UNKNOWN
   REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☑ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 07/20/2011   SIGNATURE OF ATTORNEY OF RECORD   

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED  Mo. 07  Yr. 2006  )
Attorney Bar Code # LL-1819

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

DANIEL STUPINO and ANNA STUPINO      :   Civil Action No.

                Plaintiffs,           :

           -against-          :

AMERICAN BILTRITE COMPANY, *et al.*    :

             Defendants.       :

---------------------------------------------------------------- X

### GEORGIA-PACIFIC LLC'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

     Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b), defendant Georgia-Pacific LLC (incorrectly sued as Georgia-Pacific Co.) gives notice of removal of this action filed against it in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support, Georgia-Pacific respectfully states as follows:

### Preliminary Matters

     1.      On October 7, 2010, Plaintiffs Daniel Stupino and Anna Stupino filed this asbestos-related personal injury action, Index No. 190385/2010, in the Supreme Court of the State of New York, County of New York. *See* Summons and Verified Complaint, a copy of which is attached as Exhibit A. This action was filed against Georgia-Pacific and numerous other defendants. *See id.*

     2.      Georgia-Pacific was served with Plaintiffs' Summons and Verified Complaint on October 18, 2010 and served its Acknowledgment of Receipt. *See* Ex. A; *see also* Georgia-Pacific's Acknowledgment of Receipt, a copy of which is attached as Exhibit B. At the

time of the filing of the Verified Complaint, this action was not removable because the district court lacked original jurisdiction.

3.     On April 7, 2011, several actions, including this one, were transferred to the Honorable Martin Shulman by the Administrative Judge for Civil Matters of the First Judicial District, the Honorable Sherry Klein Heitler. *See* Transfer Order, a copy of which is attached as Exhibit C.

4.     At a pre-trial conference held before Justice Shulman on April 14, 2011, counsel for Plaintiffs produced to the court and defendants a list identifying all of the remaining defendants in this action. *See* Remaining Defendants List as of April 14, 2011, a copy of which is attached as Exhibit D.  According to the remaining defendants list, this action was not yet removable, pursuant to 28 U.S.C. §§ 1332 and 1441(a), because one of the remaining defendants, Kentile Floors, Inc., shared a New York citizenship with Plaintiffs for purposes of diversity.

5.     At a subsequent pre-trial conference held on June 21, 2011 before Justice Shulman, counsel for Plaintiffs produced to the court and defendants an amended remaining defendants list.  *See* Remaining Defendants List as of June 21, 2011, a copy of which is attached as Exhibit E.  Kentile still remained as a defendant in this action, again preventing its removal pursuant to 28 U.S.C. §§ 1332 and 1441(a).

6.     On June 30, 2011, during oral argument of the motions *in limine* before Justice Shulman, counsel for Plaintiffs produced another amended remaining defendants list, representing to the court and defendants for the first time that Kentile had settled this action and was no longer a defendant.  *See* Remaining Defendants List as of June 30, 2011, a copy of which is attached as Exhibit F.  Notably, according to the remaining defendant list, diverse parties Georgia-Pacific and Kaiser Gypsum Company, Inc. were the only two remaining defendants in this action. *See id.*

2

7. On July 19, 2011, Kaiser Gypsum Company, Inc. informed the court and Georgia-Pacific that it had settled with Plaintiffs. *See* Email Correspondence from Counsel for Kaiser Gypsum Company, Inc., Philip J. O'Rourke to Counsel for Georgia-Pacific LLC, Lawrence Lee, dated July 19, 2011, a copy of which is attached as Exhibit G. Accordingly, Georgia-Pacific is the only remaining defendant in this matter at this time.

8. As a result, this Notice of Removal is timely in that it is being filed: (1) within 30 days after receipt by Georgia-Pacific of a copy of "other paper from which it may first be ascertained that the case is one which is or has become removable" and (2) no later than one year after the commencement of this action for purposes of removal on the basis of jurisdiction conferred by 28 U.S.C. § 1332. *See* 28 U.S.C. § 1446(b).

## Nature of the Case

9. This action is based on Plaintiffs' allegation that Daniel Stupino's mesothelioma was caused by his exposure to asbestos-containing products manufactured by defendants. Accordingly, Plaintiffs asserts strict liability and negligence claims, including failure to warn, against Georgia-Pacific based on various theories.

## Grounds for Removal

10. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000,[1] exclusive of interest and costs, and diversity of citizenship exists.

11. Complete diversity of citizenship exists because this is now a matter between citizens of different states. *See Atlanta Shipping Corp. v. International Modular Housing, Inc.,* 547 F.Supp. 1356, 1360-1361 (S.D.N.Y. 1982) (permitting removal when diversity is created by

---

[1] Georgia-Pacific received a settlement demand of $6,000,000.00 from Plaintiffs' counsel.

plaintiff's voluntary termination of action against non-diverse party, even though diversity did not exist at time original action was commenced).

12.     For purposes of diversity jurisdiction, citizenship of parties depends upon their places of domicile. *See Williamson v. Osenton*, 232 U.S. 619, 625, 34 S.Ct. 442 (1914); *Chappelle v. Beacon Communications Corp.*, 863 F.Supp. 179, 181 (S.D.N.Y. 1994). Here, Plaintiffs are citizens of the State of New York and their principal place of residence is 103-46 51st Street in Corona, New York, where they have primarily resided for over 25 years. *See* Plaintiffs' Response to Defendants' Fourth Amended Interrogatories and Request for Production of Documents, relevant portions of which are attached as Exhibit H, at 3-5; *see also* Transcript of Plaintiff Daniel Stupino's October 14, 2010 discovery deposition, relevant portions of which are attached as Exhibit I, at 34:7-35:22.

13.     The citizenship of defendant Georgia-Pacific, however, must be evaluated under a different analysis due to its structure as a limited liability company, which is dependent on the citizenship of its members for purposes of diversity. *See Mackson v. Diamond Financial LLC*, 347 F.Supp.2d 53, 55 (S.D.N.Y. 2004). Georgia-Pacific LLC, a limited liability company formulated under the laws of the State of Delaware, is wholly owned by its one member, Georgia-Pacific Holdings, LLC, a limited liability company formulated under the laws of the State of Delaware. Georgia-Pacific Holdings, LLC is wholly owned by its one member Georgia-Pacific Equity Holdings, LLC, a limited liability company also formulated under the laws of the State of Delaware. Georgia-Pacific Equity Holdings, LLC is wholly owned by its one member Koch Renewable Resources, Inc. Koch Renewable Resources is incorporated in the State of Delaware and has its principal place of business in Kansas. As such, Georgia-Pacific is a citizen of the States of Delaware and Kansas. *See New Millennium Capital Partners, III, LLC v. Juniper Group Inc.*, 2010 WL 1257325 *1 (S.D.N.Y. 2010) (stating that the citizenship of a

limited liability company depends upon the "citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company"); *Francis Perugi Tours, Inc. v. Atlantic Detroit Diesel-Allison, LLC*, 2005 WL 1413281 *1 (S.D.N.Y. 2005) (same).

14.     Therefore, complete diversity exists because the adverse parties are not citizens of the same state.

**Conclusion**

15.     For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

16.     A true and correct copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C.S. §1446 and provided to counsel for Plaintiffs.  Copies of the notices are attached collectively as Exhibit J.

WHEREFORE, Defendant Georgia-Pacific LLC prays that the above action now pending against it is the Supreme Court of the State of New York, County of New York, be removed therefrom to this Court.

Dated: New York, New York
      July 19, 2011

                             Respectfully submitted,

                             LYNCH DASKAL EMERY LLP

                             By: _____
                                Lawrence G. Lee
                                  Attorney Bar Code: LL-1819

                             264 West 40th Street
                             New York, New York 10018
                             (212)302-2400
                             lee@lawlynch.com

                             *Attorneys for Defendant Georgia-Pacific LLC*

5



 CT Corporation

**Service of Process Transmittal**
10/18/2010
CT Log Number 517456045

RECEIVED

OCT 19 2010

PACE

TO:     Stacie Simpson - GP
        Navigant Consulting
        PACE Claim Services, LLC, 100 American Metro Blvd
        Suite 108
        Hamilton, NJ 08619

RE:     **Process Served in New York**

FOR:    Georgia-Pacific Corporation (Cross Ref Name) (Domestic State: DE)
        Georgia-Pacific LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**          Daniel Stupino and Anna Stupino, Pltfs. vs. American Biltrite Company, et al.
                             including Georgia Pacific Co., Dfts.
                             *Name discrepancy noted.*

**DOCUMENT(S) SERVED:**       Summons, Rider(s), Verified Complaint,

**COURT/AGENCY:**             New York County: Supreme Court, NY
                             Case # 190385-10

**NATURE OF ACTION:**         Asbestos Litigation - Personal Injury

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, New York, NY

**DATE AND HOUR OF SERVICE:** By Process Server on 10/18/2010 at 08:30

**APPEARANCE OR ANSWER DUE:** Within 20 days after the service, exclusive of the day of service

**ATTORNEY(S) / SENDER(S):**  Michael Roberts
                             Weitz & Luxenberg, P.C.
                             700 Broadway
                             New York, NY 10003
                             212-558-5500

**REMARKS:**                  The entity in the document has been highlighted by the process server to define the
                             name of the entity being served.

**ACTION ITEMS:**             SOP Papers with Transmittal, via  Fed Ex 2 Day , 790728909940
                             Email Notification, Stacie Simpson PACEservice@navigantconsulting.com
                             Email Notification, Georgia-Pacific Corp - Asbestos Only
                             asbestoslawgrctinote@gapac.com

**SIGNED:**                   C T Corporation System
**PER:**                      Christopher Tilton
**ADDRESS:**                  111 Eighth Avenue
                             New York, NY 10011
**TELEPHONE:**                212-5909070

Page 1 of  1 / RJ

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

RUSH

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X   Index No.: 190385-10
DANIEL STUPINO and ANNA STUPINO,

Date Filed: 10/7/10

                                    Plaintiff(s),        Plaintiff Designates
                                                         **NEW YORK**
                 -against-                               County as the Place of Trial

AMERICAN BILTRITE COMPANY,                               The Basis of Venue is
AMERICAN BILTRITE, INC.,                                 Defendants' Place of Business
    Individually and as Successor to Amtico Floors,
DOMCO PRODUCTS TEXAS, LP,
    Individually and as Successor to Azrock Industries, Inc.,
GEORGIA PACIFIC CO.,                                     **SUMMONS**
KAISER GYPSUM COMPANY, INC.,
KAMCO SUPPLY CORP.,
KENTILE FLOORS, INC.,
MANNINGTON CARPETS, INC.,                                NEW YORK
MANNINGTON MILLS, INC.,                                  COUNTY CLERK'S OFFICE
STROBER BUILDING SUPPLY f/k/a
    THE STROBER ORGANIZATION, INC.,                         OCT - 7 2010
UNITED GILSONITE LABORATORIES,

                                                          NOT COMPARED
                                                          WITH COPY FILE
                                    Defendants.
-------------------------------------------------------------------X
To the above named Defendant(s)


        **You are hereby summoned** to answer the **verified** complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated, October 06, 2010
        New York, New York

                                                         WEITZ & LUXENBERG, P.C.
Defendant's address:                                     Attorney(s) for Plaintiff
                                                         Post Office Address
**SEE ATTACHED DEFENDANTS RIDER**                        700 Broadway
                                                         New York, New York 10003
                                                         (212) 558-5500

DEFENDANTS' RIDER

**AMERICAN BILTRITE COMPANY**
The Prentice-Hall Corporation System, Inc.
136 Madison Avenue

New York, NY 10016

**AMERICAN BILTRITE, INC.,**
   **Individually and as Successor to Amtico Floors**
57 River Street
Wellsley Hills, MA 02181

**DOMCO PRODUCTS TEXAS, LP,**
   **Individually and as Successor to Azrock Industries, Inc.**
c/o CT Corporation Systems
Corporate Trust Center
1209 Orange Street
Wilmington, DE 19801

**GEORGIA PACIFIC CO.**
CT Corporation Systems
111 8th Avenue
New York, NY 10011

**KAISER GYPSUM COMPANY, INC.**
C/O Secretary of State
41 State Street
Albany , NY 12207

**KAMCO SUPPLY CORP.**
80   21st Street
Brooklyn, NY 11232

**KENTILE FLOORS, INC.**
G & K Consultants
4 Rita Street
Syossett, NY 11791

**MANNINGTON CARPETS, INC.**
U.S. HIGHWAY 41 SOUTH
Calhoun , GA 30701

**MANNINGTON MILLS, INC.**
Corporation Service Company
80 State Street, 6th Floor

Albany, NY 12207

**STROBER BUILDING SUPPLY f/k/a**
   **THE STROBER ORGANIZATION, INC.**
850 Charles Street
Gloucester City, NJ 08030

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

**UNITED GILSONITE LABORATORIES**
1390 Jefferson Avenue
Scranton, PA 18509

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------------X   Index No.:

DANIEL STUPINO and ANNA STUPINO,

Date Filed:

Plaintiff(s),

-against-                                                          **VERIFIED**
                                                                   **COMPLAINT**

AMERICAN BILTRITE COMPANY,
AMERICAN BILTRITE, INC.,
   Individually and as Successor to Amtico Floors,
DOMCO PRODUCTS TEXAS, LP,
   Individually and as Successor to Azrock Industries, Inc.,
GEORGIA PACIFIC CO.,
KAISER GYPSUM COMPANY, INC.,
KAMCO SUPPLY CORP.,
KENTILE FLOORS, INC.,
MANNINGTON CARPETS, INC.,
MANNINGTON MILLS, INC.,
STROBER BUILDING SUPPLY f/k/a
   THE STROBER ORGANIZATION, INC.,
UNITED GILSONITE LABORATORIES,

Defendants.

----------------------------------------------------------------------------X

        Plaintiff(s), DANIEL STUPINO and ANNA STUPINO, by their

attorneys WEITZ & LUXENBERG, P.C., upon information and belief, at all times hereinafter

mentioned alleges as follows:

        1.    Plaintiff(s), DANIEL STUPINO and ANNA STUPINO, by their

attorneys, WEITZ & LUXENBERG, P.C., for their **verified complaint** respectfully alleges:

        2.    Defendant AMERICAN BILTRITE COMPANY, was and still is a duly

organized domestic corporation doing business in the State of New York.

        3.    Defendant AMERICAN BILTRITE COMPANY, was and still is a duly

organized foreign corporation doing business and/or transacting business in the State of New

York and/or should have expected its acts to have consequences within the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.

700 BROADWAY
NEW YORK, NY 10003

4.      Defendant AMERICAN BILTRITE, INC., Individually and as Successor to Amtico Floors, was and still is a duly organized domestic corporation doing business in the State of New York.

5.      Defendant AMERICAN BILTRITE, INC., Individually and as Successor to Amtico Floors, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

6.      Defendant DOMCO PRODUCTS TEXAS, LP, Individually and as Successor to Azrock Industries, Inc., was and still is a duly organized domestic corporation doing business in the State of New York.

7.      Defendant DOMCO PRODUCTS TEXAS, LP, Individually and as Successor to Azrock Industries, Inc., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

8.      Defendant GEORGIA PACIFIC CO., was and still is a duly organized domestic corporation doing business in the State of New York.

9.      Defendant GEORGIA PACIFIC CO., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

10.      Defendant KAISER GYPSUM COMPANY, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

11.      Defendant KAISER GYPSUM COMPANY, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

12.     Defendant KAMCO SUPPLY CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

13.     Defendant KAMCO SUPPLY CORP., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

14.     Defendant MANNINGTON CARPETS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

15.     Defendant MANNINGTON CARPETS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

16.     Defendant MANNINGTON MILLS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

17.     Defendant MANNINGTON MILLS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

18.     Defendant STROBER BUILDING SUPPLY f/k/a THE STROBER ORGANIZATION, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

19.     Defendant STROBER BUILDING SUPPLY f/k/a THE STROBER ORGANIZATION, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

20.     Defendant UNITED GILSONITE LABORATORIES, was and still is a duly organized domestic corporation doing business in the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

21.     Defendant UNITED GILSONITE LABORATORIES, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

Plaintiff(s), DANIEL STUPINO and ANNA STUPINO,  repeats and realleges  NYAL - WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY No. 7  as if fully incorporated herein as it pertains to the defendants in the aforementioned caption.

Dated: *October 06, 2010*
        New York, New York

                                        Yours, etc.,

                                        WEITZ & LUXENBERG, P.C

                                        Attorneys for Plaintiff(s)
                                        700 Broadway
                                        New York, NY  10003
                                        (212) 558-5500

STATE OF NEW YORK　　)

　　　　　　　　　　　　　　　SS:

COUNTY OF NEW YORK　)

　　　　The undersigned, an attorney admitted to practice in the Courts of New York State,

shows:

　　　　Deponent is an Associate of the firm WEITZ & LUXENBERG, P.C., Counsel for the

plaintiff(s) in the within action; deponent has read the foregoing **summons and verified**

**complaint** and knows the contents thereof; the same is true to deponent's own knowledge, except

as to the matters therein stated to be alleged on information and belief, and that as to those

matters deponent believes it to be true.  This verification is made by deponent and not by

plaintiff(s) because plaintiff(s) resides outside of the County of New York where plaintiffs'

counsel and deponent maintain their office.


Dated: October 06, 2010
　　　　　New York, New York



　　　　　　　　　　　　　　　　　　　　　　　MICHAEL ROBERTS


LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Index No.: 190385-10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DANIEL STUPINO and ANNA STUPINO,

Plaintiff(s),

-against-

AMERICAN BILTRITE COMPANY, et. al.,

Defendants.

## SUMMONS and COMPLAINT

**WEITZ & LUXENBERG, P.C.**
Attorneys for PLAINTIFFS
700 Broadway
New York, NY 10003
212-558-5500

To
Attorney(s) for

Service of a copy of the within
is hereby admitted.
Dated, October 06, 2010

Attorney(s) for



**LYNCH DASKAL EMERY LLP**
Attorneys for Defendant Georgia-Pacific LLC
264 West 40th Street
New York, New York 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

IN RE:    NEW YORK CITY       : NYCAL
            ASBESTOS LITIGATION   :
-------------------------------------------------------------X

DANIEL STUPINO and ANNA STUPINO,  :
                              :
                 Plaintiffs,   :
                              :    Index No. 190385/10
       -against-          :
                              :    ACKNOWLEDGMENT OF RECEIPT
AMERICAN BILTRITE COMPANY, et al.,  :
                              :
               Defendants.   :
-------------------------------------------------------------X

*[Stamp: NEW YORK COUNTY CLERKS OFFICE NOV -3 2010 NOT COMPARED WITH COPY FILE]*

      Defendant Georgia-Pacific LLC (incorrectly sued as Georgia Pacific Co.), by its attorneys, Lynch Daskal Emery LLP, hereby acknowledges receipt of a copy of a Summons and of plaintiff's Verified Complaint in this action.

      Defendant Georgia-Pacific LLC hereby answers the Verified Complaint in this action by reference to its Amended Standard Answer and Cross-Claims filed pursuant to the NYCAL Case Management Order and raises each of the affirmative defenses and cross-claims contained in its Amended Standard Answer.

Dated: New York, New York
      October 29, 2010

                        **LYNCH DASKAL EMERY LLP**

                        By: _____
                              Lawrence G. Lee, Esq.

                        Attorneys for Defendant Georgia-Pacific LLC
                        264 West 40th Street
                        New York, New York 10018
                        (212) 302-2400

To: See Attached Rider

**LYNCH DASKAL EMERY LLP**
Attorneys for Defendant Georgia-Pacific LLC
264 West 40th Street
New York, New York 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
IN RE:     NEW YORK CITY         :
             ASBESTOS LITIGATION    :
-------------------------------------------------------------X
DANIEL STUPINO and ANNA STUPINO,  :
                               :
              Plaintiffs,    :    Index No. 190385/10
                               :
        -against-          :
                               :    **AFFIDAVIT OF SERVICE**
AMERICAN BILTRITE COMPANY, et al.,  :
                               :
              Defendants.   :
-------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

        CHIMELOZONAM ALLAGOA, being duly sworn, deposes and says:

        1.  I am not a party to this action, am over 18 years of age, and I am a paralegal at the offices of Lynch Daskal Emery LLP.  I reside at 376 Palisade Ave. Apt # 2, Jersey City, New Jersey 07307.

        2.  On the 29th day of October 2010, I served by first class mail a copy of the within **ACKNOWLEDGEMENT OF RECEIPT** by depositing true and correct copies of the same, enclosed in post-paid, properly addressed envelopes, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York addressed as follows:

SEE ATTACHED RIDER

CHIMELOZONAM ALLAGOA

Sworn to before me this
29th day of October 2010

Notary Public



**SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY**

PRESENT:   __SHERRY KLEIN HEITLER__                    PART __30__
                            *Justice*

NOTE:  This is an information sheet only.  Individual Orders will be issued.

| Plaintiffs | | Plaintiffs | |
|---|---|---|---|
| WEITZ & LUXENBERG | APRIL 2011 in extremis | WEITZ & LUXENBERG | APRIL 2011 in extremis |
| GEORGE ANDRUCKI (Mesothelioma) | Index No. 190377/10 | CORNELIUS BYL (Lung Cancer) | Index No. 190413/10 |
| ANTONINO BASILEO (Mesothelioma) | Index No. 190321/10 | LOUIS DiGILIO (Lung Cancer) | Index No. 190166/10 |
| LOWELL COOPER (Mesothelioma) | Index No. 190248/10 | JOSEPH GEMELLARO (Lung Cancer) | Index No. 190336/10 |
| ANTHONY CORINO (Mesothelioma) | Index No. 190351/10 | RICHARD KLING (Lung Cancer) | Index No. 190299/10 |
| COSIMO COTRONA (Mesothelioma) | Index No. 190403/10 | JOSEPH MULLEN (Lung Cancer) | Index No. 190270/10 |
| THOMAS COYNE (Mesothelioma) | Index No. 190399/10 | VOLKERT PETERS (Lung Cancer) | Index No. 190423/10 |
| ROBERT CRISTIANO (Mesothelioma) | Index No. 190317/10 | | |
| LOUIS ODDO (Mesothelioma) | Index No. 190414/10 | TO BE TRIED LAST: | |
| MARVIN RICH (Mesothelioma) | Index No. 190271/10 | GIULIO LOCCISANO (Mesothelioma) | Index No. 190357/10 |
| GLENN RITZEL (Mesothelioma) | Index No. 190269/10 | | |
| DANIEL STUPINO (Mesothelioma) | Index No. 190385/10 | | |

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

Cross-Motion:  ☐  Yes ☐    No

## TRANSFER ORDER

Pursuant to the direction of Hon. Sherry Klein Heitler, it is hereby

ORDERED that the above-named Weitz & Luxenberg cases are being transferred to Justice Martin Shulman (IA Part 1). Counsel are directed to contact Justice Shulman's Clerk at (646) 386-5758.

Dated: __APRIL 7, 2011__

_____
**SHERRY KLEIN HEITLER** *J.S.C.*
*ADMINISTRATIVE JUDGE*

Check one:  ☐  FINAL DISPOSITION ☐   NON-FINAL DISPOSITION
Check if appropriate:   ☐  DO NOT POST

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):



|  | *Dead* | *Alive* | *Alive* | *Alive* | *Dead* |
| Plaintiff | Andrucki, George **MESO** | Basileo, Antonino **MESO** | Cooper, Lowell **MESO** | Corino, Anthony **MESO** | Cotrona, Cosimo **MESO** |
|---|---|---|---|---|---|
| AO Smith |  |  | AO Smith |  |  |
| ALCOA | ALCOA |  |  |  |  |
| Allen Bradley |  |  |  |  |  |
| Am Std (Trane) |  |  | Am Std (Trane) |  |  |
| Amtico |  |  |  |  |  |
| Azrock |  |  |  |  |  |
| Baker Perkins |  |  |  |  |  |
| Bell & Gossett | Bell & Gossett |  | Bell & Gossett |  |  |
| Bucyrus Erie |  |  |  |  |  |
| Burnham |  |  |  |  |  |
| Carrier | Carrier |  |  |  |  |
| Certainteed |  |  |  |  |  |
| Cleaver Brooks |  |  | Cleaver Brooks |  |  |
| Columbia |  |  |  |  |  |
| Copes-Vulcan |  |  |  |  |  |
| Crane Co. |  |  | Crane Co. |  |  |
| Cummins |  |  |  |  |  |
| Cutler Hammer |  |  |  |  |  |
| Dixon/Gobet |  | Dixon/Gobet |  |  |  |
| Georgia Pacific |  |  | Georgia Pacific | Georgia Pacific | Georgia Pacific |
| Goulds |  |  |  |  |  |
| Goulds Electric |  |  |  |  |  |
| Greer |  |  |  |  |  |
| Grinnell |  |  |  |  |  |
| Kaiser Gypsum |  |  |  | Kaiser Gypsum |  |
| Kentile | Kentile |  | Kentile | Kentile | Kentile |
| Kerr |  | Kerr |  |  |  |
| Koehring |  |  |  |  |  |
| Kohler |  |  | Kohler |  |  |
| Linkbelt |  |  |  |  |  |
| Mario DiBono | Mario DiBono |  |  | Mario DiBono |  |
| Murray |  |  |  |  |  |
| Oakfabco |  |  |  |  |  |
| Peerless |  |  |  |  |  |
| Pettibone |  |  |  |  |  |
| Port Auth. | Port Auth. |  |  |  |  |
| Rockwell |  |  |  |  |  |
| Square D |  |  |  |  |  |
| Terex |  |  |  |  |  |
| Thomas Green |  |  |  |  |  |
| Tishman | Tishman |  |  | Tishman |  |
| Tishman (WTC) | Tishman (WTC) |  |  |  |  |
| Turner | Turner |  |  | Turner |  |
| US Plywood |  |  |  |  |  |
| Weil McLain |  |  | Weil McLain |  |  |
| Weyerhauser |  |  |  |  |  |

| *Alive* | *Dead* | *Dead* | *Alive* | *Alive* | *Dead* |
|---|---|---|---|---|---|
| Coyne, Thomas | Cristiano, Robert | Loccisano, Giulio | Oddo, Louis | Rich, Marvin | Ritzel, Glenn |
| Meso | Meso | Meso | Meso | Meso | Meso |
| | | | | | AO Smith |
| | | | | | |
| | | Allen Bradley | | | |
| | Am Std (Trane) | Am Std (Trane) | Am Std (Trane) | | Am Std (Trane) |
| | Amtico | | | | |
| | | | | | |
| | | Baker Perkins | | | |
| | Bell & Gossett | | | | Bell & Gossett |
| Bucyrus Erie | | | | | |
| | Burnham | | Burnham | | Burnham |
| | | | | | |
| Certainteed | | | Certainteed | | |
| | | | | | Cleaver Brooks |
| | | | | | |
| Crane Co. | | | | | Crane Co. |
| | | | | | |
| | Cutler Hammer | | | | |
| | | | | | |
| Georgia Pacific | | | | | |
| | Goulds | | Goulds | | Goulds |
| | Goulds Electric | | | | |
| | | Greer | | | |
| | | | | | |
| | Kaiser Gypsum | | | Kaiser Gypsum | |
| | Kentile | | Kentile | Kentile | |
| Koehring | | | | | |
| | | | | | |
| Linkbelt | | | | | |
| Mario DiBono | | | | | |
| | Murray | | | | |
| Peerless | | Oakfabco | | | Peerless |
| Pettibone | | | | | |
| | | | | | |
| | | | | | |
| | Square D | Square D | | | |
| Terex | | | | | |
| | | Thomas Green | | | |
| | | | | | |
| Tishman (WTC) | | | | | |
| | | | | | |
| | | | | | |
| | Weil McLain | | Weil McLain | | Weil McLain |

Alive        Alive - Smoker     Dead-Smoker     Alive - Smoker     Alive - Smoker

| Stupino, Daniel | Byl, Cornelius | DiGilio, Louis | Gemellaro, Joseph | Kling, Richard |
|---|---|---|---|---|
| meso | L/C | L/C | L/C | L/C |
|  | AO Smith |  | AO Smith | AO Smith |
|  |  |  | Allen Bradley |  |
|  | Am Std (Trane) |  |  | Am Std (Trane) |
|  |  |  |  |  |
|  |  |  |  |  |
|  | Bell & Gossett |  | Bell & Gossett | Bell & Gossett |
|  |  |  | Burnham | Burnham |
|  | Certainteed |  |  |  |
|  | Cleaver Brooks |  |  | Cleaver Brooks |
|  |  |  |  | Columbia |
|  |  | Copes-Vulcan |  |  |
|  | Crane Co. | Crane Co. |  | Crane Co. |
|  |  |  | Cummins |  |
|  |  | Cutler Hammer | Cutler Hammer |  |
| Georgia Pacific |  |  |  |  |
|  | Goulds |  |  |  |
|  |  |  |  |  |
|  | Grinnell | Grinnell |  |  |
| Kaiser Gypsum | Kaiser Gypsum |  |  |  |
| Kentile | Kentile |  | Kentile |  |
|  |  |  |  |  |
|  |  |  |  | Kohler |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  | Oakfabco |
|  |  |  |  | Peerless |
|  |  |  |  |  |
|  |  | Rockwell |  |  |
|  |  |  | Square D |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  | US Plywood |  |  |  |
|  | Weil McLain |  | Weil McLain | Weil McLain |
|  | Weyerhauser |  |  |  |

*Above — Shooter*

*Above — Shooter*

| Mullen, Joseph | Peters, Vokert |
|---|---|
| L/C | L/C |
|  |  |
|  |  |
| Am Std (Trane) | Am Std (Trane) |
| Amtico | Amtico |
|  | Azrock |
|  |  |
| Bell & Gossett |  |
|  |  |
| Burnham | Burnham |
|  |  |
|  |  |
|  |  |
|  |  |
| Crane Co. |  |
|  |  |
| Cutler Hammer |  |
|  |  |
|  | Georgia Pacific |
| Goulds |  |
|  |  |
|  |  |
|  |  |
| Kentile | Kentile |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| Peerless |  |
|  |  |
|  |  |
| Square D |  |
|  |  |
|  |  |
|  |  |
|  |  |
| Weil McLain | Weil McLain |



| Plaintiff | Andrucki, George | Basileo, Antonino | Cooper, Lowell | Corino, Anthony | Cotrona, Cosimo | Coyne, Thomas |
|---|---|---|---|---|---|---|
| AO Smith | | | AO Smith | | | |
| ALCOA | ALCOA | | | | | |
| Allen Bradley | | | | | | |
| Amtico | | | | | | |
| Azrock | | | | | | |
| Baker Perkins | | | | | | |
| Bell & Gossett | Bell & Gossett | | Bell & Gossett | | | |
| Burnham | | | | | | |
| Carrier | Carrier | | | | | |
| Certainteed | | | | | | Certainteed |
| Cleaver Brooks | | | Cleaver Brooks | | | |
| Columbia | | | | | | |
| Copes-Vulcan | | | | | | |
| Crane Co. | | | Crane Co. | | | Crane Co. |
| Cummins | | | | | | |
| Cutler Hammer | | | | | | |
| Dixon/Gobet | | Dixon/Gobet | | | | |
| Georgia Pacific | | | Georgia Pacific | Georgia Pacific | Georgia Pacific | Georgia Pacific |
| Goulds | | | | | | |
| Goulds Electric | | | | | | |
| Greer | | | | | | |
| Grinnell | | | | | | |
| Kaiser Gypsum | | | | Kaiser Gypsum | | |
| Kentile | Kentile | | Kentile | Kentile | Kentile | |
| Kerr | | Kerr | | | | |
| Koehring | | | | | | Koehring |
| Kohler | | | Kohler | | | |
| Linkbelt | | | | | | Linkbelt |
| Mario DiBono | Mario DiBono | | | Mario DiBono | | Mario DiBono |
| Murray | | | | | | |
| Oakfabco | | | | | | |
| Peerless | | | | | | Peerless |
| Port Auth. | Port Auth. | | | | | |
| Rockwell | | | | | | |
| Square D | | | | | | |
| Terex | | | | | | Terex |
| Thomas Green | | | | | | |
| Tishman | Tishman | | | Tishman | | |
| Tishman (WTC) | Tishman (WTC) | | | | | Tishman (WTC) |
| Turner | Turner | | | Turner | | |
| US Plywood | | | | | | |
| Weil McLain | | | Weil McLain | | | |

| Byl, Cornelius | DiGilio, Louis | Gemellaro, Joseph | Kling, Richard | Mullen, Joseph | Peters, Vokert |
|---|---|---|---|---|---|
| AO Smith | | AO Smith | AO Smith | | |
| | | Allen Bradley | | | |
| | | | | Amtico | Amtico |
| | | | | | Azrock |
| Bell & Gossett | | Bell & Gossett | Bell & Gossett | Bell & Gossett | |
| | | Burnham | Burnham | Burnham | Burnham |
| Certainteed | | | | | |
| Cleaver Brooks | | | Cleaver Brooks | | |
| | | | Columbia | | |
| | Copes-Vulcan | | | | |
| Crane Co. | Crane Co. | | Crane Co. | Crane Co. | |
| | | Cummins | | | |
| | Cutler Hammer | Cutler Hammer | | Cutler Hammer | |
| | | | | | Georgia Pacific |
| Goulds | | | | Goulds | |
| | | | | | |
| Grinnell | Grinnell | | | | |
| Kaiser Gypsum | | | | | |
| Kentile | | Kentile | | Kentile | Kentile |
| | | | | | |
| | | | Kohler | | |
| | | | | | |
| | | | | | |
| | | | Oakfabco | | |
| | | | Peerless | Peerless | |
| | Rockwell | | | | |
| | | Square D | | Square D | |
| | | | | | |
| | | | | | |
| | | | | | |
| US Plywood | | | | | |
| Weil McLain | | Weil McLain | Weil McLain | Weil McLain | Weil McLain |

| Cristiano, Robert | Loccisano, Giulio | Oddo, Louis | Rich, Marvin | Ritzel, Glenn | Stupino, Daniel |
|---|---|---|---|---|---|
| | | | | AO Smith | |
| | Allen Bradley | | | | |
| Amtico | | | | | |
| | Baker Perkins | | | | |
| Bell & Gossett | | | | Bell & Gossett | |
| Burnham | | Burnham | | Burnham | |
| | | Certainteed | | | |
| | | | | Cleaver Brooks | |
| | | | | Crane Co. | |
| Cutler Hammer | | | | | |
| | | | | | Georgia Pacific |
| Goulds | | Goulds | | Goulds | |
| Goulds Electric | | | | | |
| | Greer | | | | |
| Kaiser Gypsum | | | Kaiser Gypsum | | Kaiser Gypsum |
| Kentile | | Kentile | Kentile | | Kentile |
| | | | | | |
| | | | | | |
| | | | | | |
| Murray | | | | | |
| | Oakfabco | | | Peerless | |
| | | | | | |
| Square D | Square D | | | | |
| | Thomas Green | | | | |
| | | | | | |
| | | | | | |
| Weil McLain | | Weil McLain | | Weil McLain | |

| Amato, Nicholas |
| --- |
| Cutler Hammer |
| Gardner Denver |
| Georgia Pacific |
| Murray (Seimens) |
| Square D |



| Plaintiff | Andreschi, George | Cooper, Lowell | Coviso, Anthony | Cotroan, Cosimo | Coyus, Thomas | Cristiano, Robert | Oddo, Louis | Rich, Marvin | Ritzel, Glenn | Stupino, Daniel |
|---|---|---|---|---|---|---|---|---|---|---|
| AO Smith | | AO Smith | | | | | | | AO Smith | |
| ALCOA | ALCOA | | | | | | | | | |
| Amico | | | | | | Amico | | | | |
| Bell & Gossett | | Bell & Gossett | | | | Bell & Gossett | | | Bell & Gossett | |
| Burnham | | | | | | Burnham | Burnham | | Burnham | |
| Carrier | Carrier | | | | | | | | | |
| Cleaver Brooks | | Cleaver Brooks | | | | | | | Cleaver Brooks | |
| Crane Co. | | Crane Co. | | | Crane Co. | | | | Crane Co. | |
| Cutler Hammer | | | | | Cutler Hammer | | | | | |
| Georgia Pacific | | Georgia Pacific | Georgia Pacific | Georgia Pacific | Georgia Pacific | | | | Georgia Pacific | |
| Goulds | | | | | | Goulds | Goulds | | Goulds | |
| Goulds Electric | | | | | | Goulds Electric | | | | |
| Kaiser Gypsum | | | Kaiser Gypsum | | | Kaiser Gypsum | | Kaiser Gypsum | | Kaiser Gypsum |
| Kohler | | Kohler | | | | | | | | |
| Lindbolt | | | | | Lindbolt | | | | | |
| Mario DiBono | | | Mario DiBono | | Mario DiBono | | | | | |
| Murray | | | | | | Murray | | | | |
| Peerless | | | | | Peerless | | | | Peerless | |
| Port Auth. | | | | | | | | | | |
| Square D | | | | | | Square D | | | | |
| Tishman | | | Tishman | | | | | | | |
| Tishman (WTC) | | | | | Tishman (WTC) | | | | | |
| Turner | | | Turner | | | | | | | |

| Amato, Nicholas |
|---|
| Cutler Hammer |
| Gardner Denver |
| Georgia Pacific |
| Murray (Seimens) |
| Square D |



## Lawrence Lee

| | |
|---|---|
| **From:** | Philip O'Rourke [porourke@lbbslaw.com] |
| **Sent:** | Tuesday, July 19, 2011 5:00 PM |
| **To:** | Lawrence Lee |
| **Subject:** | Re: Fw: Shulman April 2011 Trial Group - Juror Questionnaire |

**Attachments:** Philip_J._O_'Rourke.vcf

Kaiser Gypsum has settled all April 2011 cases they were ID'd in - best of luck with the campaign - Phil

Philip J. O'Rourke, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street
New York, New York 10005
Direct Dial: (212) 232-1332
Facsimile:   (212) 232-1399
porourke@lbbslaw.com

 Please consider the environment before printing this e-mail.

IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party who is not the original addressee of this communication any transaction or matter addressed herein.

This communication is intended only for the use of the individual or entity named as the addressee.  It may contain information which is privileged and/or confidential under applicable law.  If you are not the intended recipient or such recipient's employee or agent, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by electronic mail or call 212-232-1332. Thank you for your cooperation.

>>> "Lawrence Lee" <Lee@lawlynch.com> 07/19/11 4:55 PM >>>

Phil, I wasn't in the courtroom but heard you settled. Can you confirm that Kaiser Gypsum settled both Stupino and Corino? Thanks

-----Original Message-----
From: Philip O'Rourke <porourke@lbbslaw.com>
To: Lawrence Lee
Sent: Tue Jul 19 13:18:00 2011
Subject: Re: Fw: Shulman April 2011 Trial Group - Juror Questionnaire

Peerless is resolved as well - PJO

Philip J. O'Rourke, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street
New York, New York 10005
Direct Dial: (212) 232-1332
Facsimile:   (212) 232-1399
porourke@lbbslaw.com

P Please consider the environment before printing this e-mail.

IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the

7/19/2011



SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY
-----------------------------------------X
NEW YORK CITY ASBESTOS LITIGATION
-------------------------------------------X
                                                        Index No.: 190388/10

DANIEL STUPINO and ANNA STUPINO,

                                   Plaintiffs,

        -against-

AMERICAN BILTRITE COMPANY, et al.,

                                 Defendants.
-------------------------------------------X

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S FOURTH AMENDED STANDARD SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS

### PRELIMINARY STATEMENT AND OBJECTIONS

Plaintiff, by and through his attorneys objects to Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as the Explanation and Definitions and Instructions contained therein ("Interrogatories"), for the reasons that follow below:

Plaintiff objects to the Interrogatories to the extent that they seek to impose upon plaintiff obligations or burdens which are greater than, or inconsistent with New York Law.

Plaintiff further objects to these Interrogatories and to each individual request and/or interrogatory, to the extent that they seek information or request the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege or doctrine protecting such documents from disclosure. The production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege. The inclusion of or reference to any attorney's name on any responses is not a waiver of any privilege. Moreover, the documents produced are confidential and may not be disclosed other than to counsel, a party, the court or an expert in this action without order of the Court. Plaintiff, by providing documents in response to these Interrogatories specifically does not admit the competency, relevancy, materiality, privilege and/or admissibility of such document or of the information or subject matter.

Plaintiff has not completed investigating the facts relating to his case, has not completed his discovery, and has not completed preparing his case. Therefore, these responses are preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

Plaintiff objects to the Interrogatories, and to each individual request and/or interrogatory, to the extent that they seek information that is not within plaintiff's own first-hand knowledge or request the production

1

of documents that are not within plaintiff's possession, custody or control.

Plaintiff further objects to the Interrogatories as overly broad and burdensome and demanding an investigation into matters which are neither relevant to these proceeding nor designed to lead to the discovery of evidence relevant to these proceedings.

Plaintiff does not waive and specifically preserves the following objections:

1. Any and all objections to the competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions.

2. The right to object on any grounds at any time to demand for further responses or further documents to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and,

3. The right at any time to review, correct, add to, supplement or clarify any of these responses.

These objections are incorporated by reference into any amendment and/or supplement to these interrogatories. Moreover, each of these objections is incorporated by reference into to each specific response without regard to whether an additional objection is made in such response.

Subject to these objections and reservations, plaintiff, by and through his attorneys responds as follows:

INTERROGATORY ANSWERS
For
DANIEL STUPINO

1Q.  State the following:
    (a)  your full name, and all other names by which you have been known;
    (b)  age, and date and place of birth;
    (c)  whether you were an adopted child;
    (d)  present marital status, date of current marriage, spouse's maiden name, date of any prior marriages and the names of any prior spouses, if applicable
    (e)  present home address; and
    (f)  social security number.

1A.  (a)  Full name: DANIEL STUPINO;
        Other names: None;
    (b)  Age: 61;
        Date of Birth: December 27, 1949;
        Birthplace: Montevideo, Montevideo, Uruguay;
    (c)  Natural Child;
    (d)  Present Marital Status: Married to Anna Maria Stupino;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

2

(e)  Plaintiff presently resides at:
     103-46 51st Avenue
     Corona, New York 11368;
(f)  Social Security: 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.


2Q. State the following with regard to your father and mother:
    (a)  names;
    (b)  current address (if deceased, state last known address);
    (c)  the current condition of each one's health, including any
         specific medical problems. If either of your parents are
         deceased, please state for each deceased parent:

         i.   specific physical problems;
         ii.  date and place of death;
         iii. age and cause of death for each parent.

    2A.  Father:
         (a)  Name: Guellermo Stupino;
         (b)  Last known address: Montevideo, Uruguay;
         (c)  Father is deceased:
              i.   Specific physical problem:  None;
              ii.  Date of Death: August 25, 1990;
                   Place of Death:  Montevideo, Uruguay;
              iii. Age at Death: 73;
                   Cause of Death: Pancreatic Cancer.

         Mother:
         (a)  Name: Elsa Varala Stupino, age 88;
         (b)  Current Address: Montevideo, Uruguay;
         (c)  Mother does not have any specific health problems.


3Q. State the following with regard to each of your children:
    (a)  full name;
    (b)  the date of birth;
    (c)  sex;
    (d)  current address (if deceased, state the last known address)
    (e)  social security number;
    (f)  whether birth child or adopted child;
    (g)  current state of each one's health. If any of your children
         are deceased, state for each deceased child:

         i.   specific physical problems;
         ii.  date and place of death; and
         iii. age and cause of death for each child.

    3A.  Plaintiff has two children as follows:

         1) (a)  Daniel Anthony Stupino;
            (b)  Date of birth: February 22, 1987;
            (c)  Sex: Male;
            (d)  Current Address:  103-46 51st Avenue, Corona, New
                 York 11368;
            (e)  Social Security No.: 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;
            (f)  Birth child;
            (g)  State of Health:  Good.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

3

2) (a) Dana Andrea Stupino;
   (b) Date of birth: February 6, 1989;
   (c) Sex:  Female;
   (d) Current Address:  103-46 51st Avenue, Corona, New
       York 11368;
   (e) Social Security No.: 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;
   (f) Birth child;
   (g) State of Health:  Good.

4Q. State the complete address of all places you have resided since
birth giving the inclusive dates of residence for each place
named and as to each state:
(a) fuel used for heating and cooking;
(b) significant home improvements (e.g., additions,
reinsulation, re-wiring, etc.);
(c) number of family units co-occupying said structure.

4A. Rivera Avenue 5664, Montevideo, Uruguay
From Birth to 1974:
(a) Fuel Used For Heating/Cooking:  Heaters and fireplaces
for heating; Gas propane for cooking;
(b) Significant Home Improvements: None;
(c) Number of Family Units: Multi-apartment dwelling.

From February 1974 to May 1974, plaintiff traveled in Spain
and stayed in multi-apartment dwellings;

Queens, New York
From May 1974 to August 1975:
(a) Fuel Used For Heating/Cooking:  Oil;
(b) Significant Home Improvements: None;
(c) Number of Family Units:  Multi-apartment dwelling;

From August 1975 to November 1975, plaintiff traveled in
Sweden and lived in multi-apartment dwellings;

103-46 51st Avenue, Corona, New York 11368
From approximately 1975 to Present:
(a) Fuel Used For Heating/Cooking:  Oil heating converted to
gas in 2002; Gas cooking;
(b) Significant Home Improvements: In 2002, heating was
converted to gas and basement finished;
(c) Number of Family Units: 2 family house.

5Q. For every physician or other health care provider who ever
tested, treated, consulted with or examined you up to and
including the present date, for any reason whatsoever, please
state the following separately as to each:

(a) name and address of physician or health care provider and,
if ongoing, the approximate frequency of said treatment and
services;
(b) date(s) of test, examination and/or treatment;
(c) symptoms complained of at the time, if any;
(d) any diagnosis made;
(e) treatment or examination given and reason for treatment or
examination; and

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

4

years prior to the claimed loss and up to the current tax year.

R.17. RecordTrak has all available income tax records.

18. Any asbestos and/or asbestos-containing products of the type to which the plaintiff alleges exposure which the plaintiff has in his possession, custody or control.

R.18. To the extent that any exist, they will be provided.

19. All photographs, charts, drawings, diagrams or other graphic representations depicting work conditions at work sites where plaintiff claims he was exposed to asbestos or asbestos-containing products.

R.19. To the extent that any exist, they will be provided.

20. All invoices, bills, statements and any other writings or records which plaintiff contends evidence the sale of any products containing asbestos to the place of plaintiff's employment at which plaintiff claims that he was exposed to asbestos.

R.20. To the extent that any exist, they will be provided.

21. Any written advice, publication, warnings, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the possession, custody or control of the plaintiff.

R.21. Plaintiff has no such material in his possession.

22. Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

R.22. To the extent that any exist, they will be provided.

Dated: New York, New York
      October 8, 2010

By: _____
Michael F. Roberts
Respectfully submitted,
WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiff
180 Maiden Lane
New York, NY 10038
212) 558-5526

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

TO: All parties per attached rider

18

**VERIFICATION**

STATE OF NEW YORK    )
                     : .ss
COUNTY OF NEW YORK )

     I, DANIEL STUPINO, being duly sworn, hereby deposes and states that I have reviewed my Answers to Interrogatories dated October 8, 2010 and that the Answers are true and accurate to the best of my knowledge.

_____
DANIEL STUPINO

Sworn to before me this 14th
day of October, 2010

_____
Notary Public

BARBARA A. PARENTE
Notary Public, State of New York
No. 43-4825778
Qualified in Richmond County
Commission Expires October 31, 20___

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003



Page 1

1    SUPREME COURT

2    ALL COUNTIES WITHIN THE STATE OF NEW YORK

3

4    IN RE:  NEW YORK CITY ASBESTOS LITIGATION

5

6

7

8                    DEPOSITION UNDER ORAL

9                      EXAMINATION OF

10                     DANIEL STUPINO

11

12

13

14

15    This Document Applies To:

16    DANIEL STUPINO

17    INDEX NO.:  190385/10

18

19

20

21

22    PRIORITY ONE COURT REPORTING SERVICES, INC.

23           25B Vreeland Road, Suite 301

24        Florham Park, New Jersey  07932

25                  (718) 983-1234

PRIORITY ONE REPORTING   (718) 983-1234

Page 2

1          Transcript of the deposition of

2    the Plaintiff called for Oral Examination

3    in the above-captioned matter, said   .

4    deposition being taken pursuant to

5    Federal Rules of Civil Procedure by and

6    before CHERYL F. SOLOMON, a Notary Public

7    and Shorthand Reporter, at the Long

8    Island Marriott, 101 James Doolittle

9    Boulevard, Uniondale, New York, on

10   Thursday, October 14, 2010, commencing at

11   approximately 10:00 in the forenoon.

12

13                *      *      *

14

15

16

17

18

19

20

21

22

23

24

25

PRIORITY ONE REPORTING  (718) 983-1234

Page 3

1    A P P E A R A N C E S:

2

3         WEITZ & LUXENBERG, P.C.
               Attorneys for Plaintiff
               700 Broadway, 6th Floor
4              New York, New York  10003
          BY:  MICHAEL P. ROBERTS, ESQ.

5

6

7         LYNCH, DASKAL & EMERY, LLP
               Attorneys for Defendant
               Georgia Pacific
8              264 West 40th Street
               New York, New York  10018
9         BY:  LAWRENCE G. LEE, ESQ.

10

11        DARGER & ERRANTE, LLP
               Attorneys for Defendant
12             United Gilsonite Labs
               116 East 27th Street, 12th Floor
13             New York, New York  10016
          BY:  MICHAEL T. LEWANDOWSKI, ESQ.

14

15

16        KUROWSKI, BAILEY & SHULTZ, LLC
               Attorneys for Defendant
               American Biltrite
17             24 Bronze Pointe
               Swansea, Illinois  62226
18        BY:  ROBERT ANDERSON, ESQ.

19

20

21        McGIVNEY & KLUGER, P.C.
               Attorneys for Defendant Kentile
               80 Broad Street, 23rd Floor
22             New York, New York  10004
          BY:  MATTHEW FAIRLEY, ESQ.

23

24

25

Page 4

1      LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
          Attorneys for Defendant Kaiser Gypsum
2          77 Water Street, Suite 2100
          New York, New York 10005
3      BY:  DAVID LAFARGA, ESQ.

Page 5

1      IT IS HEREBY STIPULATED, by and between

2     the attorneys for the respective parties

3     hereto, that filing, sealing and

4     certification of the within Examination

5     Before Trial be waived; that all objections,

6     except as to form, are reserved to the time

7     of trial.

8      IT IS FURTHER STIPULATED AND AGREED that

9     the transcript may be signed before any

10    Notary Public with the same force and effect

11    as if signed before a Clerk or Judge of the

12    Court.

13     IT IS FURTHER STIPULATED AND AGREED that

14    all rights provided to all parties by the

15    CPLR shall not be deemed waived and the

16    appropriate sections of the CPLR shall be

17    controlling with respect thereto.

18     IT IS FURTHER STIPULATED AND AGREED by

19    and between the attorneys for the respective

20    parties hereto that a copy of the

21    Examination shall be furnished, without

22    charge, to the attorney representing the

23    witness testifying herein.

24

25

Page 6

1              D A N I E L   S T U P I N O , the

2        Plaintiff herein, having first been duly

3        sworn by the Notary Public, was examined

4        and testified as follows:

5              THE REPORTER:  State your name for

6         the record, please.

7              THE WITNESS:  Daniel Stupino.

8              THE REPORTER:  State your present

9         home address for the record, please.

10             THE WITNESS:  103-46 51st Avenue,

11        Corona, New York  11368.

12             MR. LEE:  Any statements before we

13        begin?

14             (No verbal response given)

15             MR. LEE:  I just have one.

16        Lawrence Lee.  My client has not been

17        served as of today.  My appearance here

18        does not waive any defenses including

19        ones involving service and jurisdiction.

20    DIRECT EXAMINATION

21    BY MR. LEE:

22        Q.   Mr. Stupino, have you ever had

23    your deposition taken before?

24        A.   Not that I -- no -- in any way?

25        Q.   Have you ever been in a setting

PRIORITY ONE REPORTING  (718) 983-1234

Page 14

1    did you look at anything else in

2    preparation for today's deposition?

3        A.    No.

4            MS. LEE:  Has he seen his

5        Interrogatories?

6            MR. ROBERTS:  No.

7            MR. LEE:  I'm going to need a

8        verification.

9            MR. ROBERTS:  I'll get you one on

10       a break.

11       Q.    Mr. Stupino, you previously told

12   us that you live at 103-46 51st Avenue in

13   Corona, New York, correct?

14       A.    Yes.

15       Q.    Also, if you find that I'm

16   speaking too fast, let me know.

17       A.    No.

18       Q.    And is your Social Security

19   number 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?

20       A.    It's 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.

21       Q.    You're 61 years old today?

22       A.    Yes.

23       Q.    Were you born on December 27,

24   1948?

25       A.    Yes.

Page 15

1      Q.    Where were you born?

2      A.    I was born in Montevideo,

3   Uruguay, South America.

4      Q.    Are you a U.S. citizen?

5      A.    I am a U.S. citizen, yes.

6      Q.    When did you become a citizen of

7   the U.S.A.?

8      A.    1981.

9      Q.    And when you came to this

10   country, did you have a passport from

11   Uruguay?

12      A.    Yes.

13      Q.    Do you still have a copy of

14   that old passport?

15      A.    Yes.

16      Q.    I'd just ask that you hold on to

17   that passport and we're going to ask your

18   attorney in writing at another time to

19   get a copy of that, okay?

20      A.    Yes.

21      Q.    And do you currently have a

22   driver's license?

23      A.    Yes.

24      Q.    Do you recall when you first

25   received a driver's license in the U.S.?

Page 16

```
 1       A.    '76, '77.

 2       Q.    Are you married?

 3       A.    Yes.

 4       Q.    Is your wife's name Ann Marie?

 5       A.    Anna; A-N-N-A, Ferraro;

 6   F-E-R-R-A-R-O.

 7       Q.    When did you marry Anna?

 8       A.    February 15, 1984.

 9       Q.    Were you married here in the

10   U.S.?

11       A.    In Montevideo, Uruguay.

12       Q.    Is Anna from Uruguay?

13       A.    She's a United States citizen.

14       Q.    Does your wife work outside of

15   the home?

16       A.    No.

17       Q.    Has she ever worked outside of

18   the home during the period you were

19   married to her?

20       A.    Yes.

21       Q.    And where did she work?

22       A.    She work -- you want to give you

23   the year of her work?

24       Q.    The name of the employer.

25       A.    She work for -- she left high
```

PRIORITY ONE REPORTING  (718) 983-1234

Page 17

1    school, Terrace on the Park on 111th

2    Street in Corona, Queens, from 1978.  She

3    work for a law firm in 400 Park Avenue

4    called Wonder Morace (phonetic), later

5    called Bigamakitchen (phonetic), 219 to

6    -- from 1978 to 2006.

7         Q.    How is her health today?

8         A.    Good.

9         Q.    Has she ever been diagnosed with

10   any lung, breathing or types of cancer?

11        A.    (Nodding in the negative)

12        Q.    No?

13        A.    No.

14        Q.    Is Anna a smoker?

15        A.    No.

16        Q.    Has she ever smoked in --

17        A.    No.

18        Q.    Is she financially dependent on

19   you?

20        A.    Yes.  Until I stop working.

21        Q.    We're going to talk about your

22   work and the places you've lived and your

23   illness as we go along today.

24        A.    Sorry, sorry.

25        Q.    That's okay.  I understand this

Page 18

```
 1    is new to you.  I'm just trying to keep

 2    it in order to make it go smoothly.

 3         A.    Yes.

 4         Q.    You have two children?

 5         A.    Yes.

 6         Q.    Daniel is your oldest?

 7         A.    Yes.

 8         Q.    How old is Daniel?

 9         A.    23 years old.

10         Q.    And does he live at home?

11         A.    Yes.

12         Q.    Was he born on February 22,

13    1987?

14         A.    Yes.

15         Q.    How is Daniel's health?

16         A.    It's good.

17         Q.    Is Daniel a smoker?

18         A.    No.

19         Q.    Is he married?

20         A.    No.

21         Q.    Does he have any children?

22         A.    No.

23         Q.    Does he work?

24         A.    In the summer part-time.

25         Q.    And does Daniel pay rent?
```

Page 19

```
 1        A.    No.

 2        Q.    And Dana is your daughter?

 3        A.    Yes.

 4        Q.    Was she born on February 6,

 5    1989?

 6        A.    Yes.

 7        Q.    She lives at home also?

 8        A.    Yes.

 9        Q.    Is she married?

10        A.    No.

11        Q.    Any children?

12        A.    No.

13        Q.    Is she a smoker?

14        A.    No.

15        Q.    Does she work?

16        A.    Part-time when she don't -- she

17    don't work --

18        Q.    What type of work does she do?

19        A.    She's a server in, like, a food

20    business, like wine or something -- what

21    you call -- she serve the tables in --

22        Q.    She works at a restaurant?

23        A.    At a restaurant, yeah.  Queens

24    Boulevard.

25        Q.    Is she a waiter?
```

Page 20

1        A.     Yeah, like a waiter.  Sorry.

2        Q.     Has either Daniel or Dana ever

3   been diagnosed with any type of lung

4   disorder or breathing disorder?

5        A.     No.

6        Q.     Have they ever been diagnosed

7   with any type of cancer?

8        A.     No.

9        Q.     Was your father's name

10  Guellermo?

11       A.     Yes.

12       Q.     And he passed away, correct?

13       A.     Yes.

14       Q.     Do you recall how old he was

15  when he passed away?

16       A.     Seventy-two.

17       Q.     Do you know the cause of his

18  passing?

19       A.     Pancreatic cancer.

20       Q.     Other than the pancreatic

21  cancer, was your father ever diagnosed

22  with any other type of cancer?

23       A.     No.

24       Q.     Did your father work?

25       A.     Yes.

Page 21

```
1      Q.    What type of work did he do?

2      A.    He work in an oil refinery.

3      Q.    Did you ever work with him?

4      A.    No.  I wasn't allowed to, no.

5      Q.    Was that oil refinery in

6   Uruguay?

7      A.    Montevideo, yeah.

8      Q.    Was your father a smoker?

9      A.    No.

10     Q.    Is your mother's name Elsa

11  Varela?

12     A.    Yes.

13     Q.    And is she 88 years old today?

14     A.    Yes.

15     Q.    Where does she live?

16     A.    In Montevideo, Uruguay.

17     Q.    How is her health?

18     A.    Frail, you know.  It's all,

19  it's --

20     Q.    Has she ever been diagnosed with

21  any type of cancer?

22     A.    Never.

23     Q.    Was your mother a smoker?

24     A.    No.

25     Q.    Did your mother work outside of
```

PRIORITY ONE REPORTING  (718) 983-1234

Page 22

1      the home when you were growing up?

2          A.      No.

3          Q.      Have either your mother or your

4      father ever been diagnosed with any type

5      of lung disorder or breathing disorder?

6          A.      No.

7          Q.      Do you have any brothers or

8      sisters?

9          A.      I have a sister.

10         Q.      What's your sister's name?

11         A.      Sylvia Stupino.

12         Q.      Where does Sylvia live?

13         A.      Carmelo; C-A-R-M-E-L-O, Uruguay.

14         Q.      How old is Sylvia?

15         A.      Sixty-three right now.

16         Q.      How is her health?

17         A.      Good.

18         Q.      Has she ever been diagnosed with

19     any type of cancer or a lung or breathing

20     disorder?

21         A.      No.

22         Q.      Did you ever work outside of the

23     home with Sylvia?

24         A.      No.  She's a, she work for a

25     physical -- she's a prosecutor -- no.

Page 23

1     Q.    Other than your brothers, your

2   kids and your parents we've already

3   discussed, have any of your blood

4   relatives, either aunts or uncles or

5   cousins, been diagnosed with any type of

6   cancer to your knowledge?

7     A.    No.

8     Q.    Have you ever been convicted of

9   a crime?

10    A.    No.

11    Q.    I'm just going to change topics

12  and talk to you a little bit about the

13  different places you've lived in your

14  lifetime.

15    A.    Perfect.

16    Q.    And you said earlier you were

17  born in Montevideo, Uruguay?

18    A.    Yes.

19    Q.    At what age did you leave

20  Uruguay?

21    A.    Twenty-five years old.

22    Q.    And where did you go when you

23  first left Uruguay?

24    A.    To Bilbao, Spain.

25    Q.    Before you went to Spain, did

Page 24

1    you live in one home growing up or did

2    you live in various homes in Uruguay?

3         A.    Two homes.

4         Q.    Do you recall the addresses of

5    those homes?

6         A.    Sure.

7         Q.    Can you just tell me them?

8         A.    Rivera Avenue.

9         Q.    Ask you spell that?

10        A.    R-I-V, as Victor, E-R-A.  5664

11   Rivera Avenue, 2911 Apartment 1.

12        Q.    Can you tell me what ages you

13   lived at 5664 Rivera Avenue?

14        A.    From one to two years from born

15   to 2 years old I live in Rivera 2911.

16   From 2 years old to 19, Rivera 5664.

17   From until 19 until I leave my country in

18   Rivera 2911 Apartment 1.

19        Q.    Did you or anyone else perform

20   any renovation or repair work in either

21   of those homes that you believe caused

22   you to be exposed to asbestos?

23        A.    No reforms, no reparations, no.

24        Q.    How were those homes heated?

25        A.    Electric heater or propane gas

Page 25

1    heater.  We have wood chimney, like, you

2    know, fireplace.  We don't use much, we

3    put five blankets when we sleep.

4         Q.    I'm sorry, did you say you used

5    fire blankets?

6         A.    Five blankets.

7         Q.    Five, the number five.

8         A.    Yeah.

9         Q.    Okay.

10        A.    We -- the winter it snows like

11   here.

12        Q.    In either of those homes, were

13   there any insulated pipes?

14        A.    No, no.

15        Q.    And you said at age 25 you moved

16   to, you went to Spain?

17        A.    Yes.

18        Q.    And was that in about 1973?

19        A.    '74.

20        Q.    '74?

21        A.    (Nodding in the affirmative)

22        Q.    And how long did you live in

23   Spain?

24        A.    Two months.

25        Q.    Were you traveling, working,

Page 26

1    something else?

2       A.    Traveling.

3       Q.    And did you stay in hostels or

4    apartments, things like that?

5       A.    Friends.

6       Q.    Do you believe you were exposed

7    to asbestos in any of the places you

8    lived when you were traveling in Spain?

9       A.    No.

10      Q.    Then after staying in Spain for

11   two months, where did you go?

12      A.    I came to the United States.

13      Q.    Do you recall the month and year

14   that you first came?

15      A.    May 16 or 18, '74.

16      Q.    And why did you come to the U.S.

17   at that point?

18      A.    I have my father's sister here

19   with her son, my cousin, and they told me

20   to come and, you know, I came.

21      Q.    Did you stay with them?

22      A.    I stay with them.

23      Q.    Where did they live?

24      A.    In Brooklyn.

25      Q.    How long did you stay with them

Page 27

1    in Brooklyn?

2         A.    One, one month until I rent an

3    apartment.

4         Q.    While you were living with your

5    father's sister and her son, were there

6    any repairs or renovations to the

7    residence?

8         A.    No.

9         Q.    Do you believe you were exposed

10   to asbestos in any way from that one

11   month when you lived there?

12        A.    No.

13        Q.    Where did you get your own

14   apartment?

15        A.    In the neighbor, 207

16   Knickerbocker Avenue.

17        Q.    That's in Brooklyn?

18        A.    Brooklyn.

19        Q.    Was it a studio, one bedroom,

20   something else?

21        A.    Like, two bedroom apartment,

22   third floor.

23        Q.    Did you live with anyone?

24        A.    No.

25        Q.    And how long did you live at 207

Page 28

1    Knickerbocker Avenue?

2        A.    Until August 14 -- I'm sorry --

3    yeah, August 14, 1975.

4        Q.    So, you lived at that apartment

5    for about a year?

6        A.    Yes.

7        Q.    Did you perform any or --

8            MR. LEE:  Withdrawn.

9        Q.    Were there any repairs or

10   renovations to that apartment when you

11   lived there?

12       A.    No.

13       Q.    Do you believe you were exposed

14   to asbestos at any time from living at

15   that apartment?

16       A.    No.

17       Q.    Do you recall if there were any

18   exposed or --

19           MR. LEE:  Withdrawn.

20       Q.    Do you recall if there were any

21   exposed or insulated pipes in that

22   apartment?

23       A.    I don't recall.

24       Q.    When you left that apartment in

25   August of 1975, where did you go?

Page 29

```
 1        A.     I went to Sweden.

 2               MS. LEE:  Off the record.

 3               (Discussion held off the record)

 4        Q.     Why did you go to Sweden in

 5   August of 1975?

 6        A.     I like to travel.  I have a

 7   schoolmate, neighbor friends living in

 8   Sweden in Stockholm.

 9        Q.     Did you go there for work or

10   just to travel?

11        A.     To know and I work as a student

12   to pay my expenses in Sweden.

13        Q.     How long did you stay in Sweden?

14        A.     Until the first week of November

15   '75.

16        Q.     And did you stay with friends in

17   Sweden?

18        A.     Yes.

19        Q.     Do you believe you were exposed

20   to asbestos --

21        A.     No.

22        Q.     -- in any way in Sweden?

23        A.     No.

24        Q.     What type of work did you do

25   when you lived in Sweden?
```

Page 30

1        A.     I work in a meat factory.

2        Q.     Do you recall if there were any

3     insulated pipes in that factory?

4        A.     No.

5        Q.     After leaving Sweden in November

6     of 1975, where did you move to?

7        A.     I make a stopover in Spain, I

8     visit my friends for, like, a week in

9     Balboa and I come back to the United

10    States on November 11, 1975.

11       Q.     And have you stayed or have you

12    lived in the United States ever since?

13       A.     Yes.

14       Q.     Did you move somewhere else for

15    a period of time or just vacations --

16       A.     No.

17       Q.     -- and things like that?

18       A.     Vacations.

19       Q.     When you came back to the U.S.

20    in November of 1975, where did you live?

21       A.     I live in Jackson Height, Baxter

22    Avenue, I don't remember the number.

23       Q.     How long did you live on Baxter

24    Avenue?

25       A.     Until April '76.

Page 31

1      Q.    When you lived on Baxter Avenue,

2    did you live with anyone?

3      A.    I rent a room, it was a

4    Colombian family.

5      Q.    Do you recall if there was any

6    repair or renovation work done there when

7    you lived at that residence?

8      A.    Was none.

9      Q.    Do you believe you were exposed

10   to asbestos --

11     A.    No.

12     Q.    -- in any way there?

13     A.    No.

14     Q.    In April of 1976 where did you

15   move to?

16     A.    I move to 309 Mott Street,

17   Apartment 3C.

18     Q.    Is that in Manhattan?

19     A.    In Manhattan.

20     Q.    How long did you live at 309

21   Mott Street?

22     A.    To the middle of '79, the year

23   '79.

24     Q.    Did you live on Mott Street with

25   anyone?

Page 32

```
1       A.    My wife Barbara Chutro

2    (phonetic).

3       Q.    Was Barbara your first wife?

4       A.    Yes.

5       Q.    And Anna is your current wife?

6       A.    Yes.

7       Q.    Were you married at any other

8    times?

9       A.    No.

10       Q.    When did you marry Barbara?

11       A.    In April '76.

12       Q.    Do you have any children with

13    Barbara?

14       A.    No.

15       Q.    Do you know where Barbara lives

16    today?

17       A.    New York City.

18       Q.    Do you know where in the city?

19       A.    No.

20       Q.    Do you recall her maiden name?

21       A.    No, no.

22       Q.    Were you married in New York

23    City?

24       A.    Yes.

25       Q.    Did Barbara work outside of the
```

Page 33

1      home?

2          A.    Yes.

3          Q.    What type of work did she do?

4          A.    She work in a bicycle store,

5      sales.

6          Q.    Do you know if Barbara had any

7      lung or breathing problems?

8          A.    No.

9          Q.    Was she ever diagnosed with any

10     type of cancer?

11         A.    No.

12         Q.    Were there any repairs or

13     renovations done at the Mott Street

14     address --

15         A.    No.

16         Q.    -- that you believe caused you

17     to be exposed to asbestos?

18         A.    No repairs.

19         Q.    Do you recall if there were any

20     insulated pipes in that apartment?

21         A.    I don't recall but...

22         Q.    Are you finished with your

23     answer?

24         A.    Yes.

25         Q.    How long were you married to

Page 34

1    Barbara?

2         A.    Three years.

3         Q.    Were you divorced?

4         A.    Yes.

5         Q.    In about 1979?

6         A.    Yes.

7         Q.    Where did you move to after 309

8    Mott Street?

9         A.    I move to my present address

10   103-46 51st Avenue, Corona, New York.

11        Q.    So, you've lived in your current

12   residence since about 1979?

13        A.    Yes.

14        Q.    When you moved to that address,

15   were you renting or did you buy it?

16        A.    I was renting a room.

17        Q.    And was that residence owned by

18   Anna's parents?

19        A.    Exactly.

20        Q.    Is that how you met your wife?

21        A.    I met her for a job that I

22   perform.  I met her in a job that I

23   perform.

24        Q.    So, you met her before you moved

25   into this apartment?

Page 35

1      A.    Yeah.  I knew Anna in 1976.

2      Q.    Who was living at that home when

3  you rented it?

4      A.    Was Anna Ferraro brother.  We

5  took it in the ground floor and a tenant

6  in the top upper floor.

7      Q.    Did Anna's parents live there?

8      A.    No.

9      Q.    Are Anna's parents Anthony and

10 Nancy?

11     A.    Yes.

12     Q.    While you were renting that --

13 well, how long did you rent the room for?

14     A.    Until we married at February

15 '84.

16     Q.    And then after you married Anna,

17 did you move into a different part of the

18 house?

19     A.    To the ground floor.  If I want

20 to make a -- Anna brother move from the

21 house and they have a tenant in the

22 meantime.

23     Q.    What was Anna's brother's name?

24     A.    Anthony Ferraro.

25     Q.    From 1979 when you first rented

Page 36

1    the room in that apartment until 1984

2    when you were married, do you recall any

3    repair work or renovation work going on

4    at that house that you believe caused you

5    to be exposed to asbestos?

6        A.    No.

7        Q.    How about after you moved into

8    the ground floor with your wife?

9        A.    No.

10       Q.    Other than the places we've

11   already discussed, do you recall living

12   anywhere else in your life?

13       A.    No.

14       Q.    Do you currently smoke

15   cigarettes?

16       A.    I never smoke.

17       Q.    Do you currently drink alcohol?

18       A.    I don't drink alcohol.

19       Q.    Have you ever had alcohol?

20       A.    When I was young, student years.

21       Q.    Did any doctor ever tell you to

22   cut back on your drinking alcohol?

23       A.    No, I wasn't ever treated for

24   alcohol problems really.

25       Q.    Did you ever serve in the United



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------X

IN RE:     NEW YORK CITY                          : NYCAL
           ASBESTOS LITIGATION                    :

-----------------------------------------------------------------X

DANIEL STUPINO and ANNA STUPINO,                  : Index No. 190385/10
                                                  :
                          Plaintiffs,             : **NOTICE TO**
                                                  : **PLAINTIFFS' COUNSEL OF**
           -against-                              : **FILING OF NOTICE OF REMOVAL**
                                                  :
AMERICAN BILTRITE COMPANY, *et al.*,              :
                                                  : Hon. Martin Shulman
                          Defendants.             : IAS Part 1

-----------------------------------------------------------------X

TO:   Jerry Kristal, Esq.
      Weitz & Luxenberg, P.C.
      700 Broadway
      New York, New York 10003

      PLEASE TAKE NOTICE that on July 20, 2011, defendant Georgia-Pacific LLC filed a

Notice of Removal of the above-entitled action from the Supreme Court of the State of New York,

County of New York to the United Stated District Court for the Southern District of New York,

pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b).

Dated: New York, New York
       July 20, 2011

                                    LYNCH DASKAL EMERY LLP

                                    By: _____
                                        Lawrence G. Lee

                                    264 West 40th Street
                                    New York, New York 10018
                                    (212)302-2400
                                    lee@lawlynch.com

                                    *Attorneys for Defendant Georgia-Pacific LLC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

```
-----------------------------------------------------------------X
```
IN RE:     NEW YORK CITY            : NYCAL
              ASBESTOS LITIGATION    :
```
-----------------------------------------------------------------X
```
DANIEL STUPINO and ANNA STUPINO,   : Index No. 190385/10
                                          :
                  Plaintiffs,       : **NOTICE TO THE STATE COURT**
                                          : **OF REMOVAL OF ACTION TO**
              -against-         : **<u>FEDERAL COURT</u>**
                                          :
AMERICAN BILTRITE COMPANY, *et al.*,  :
                                          : Hon. Martin Shulman
                  Defendants.     : IAS Part 1
```
-----------------------------------------------------------------X
```

TO:   THE CLERK OF THE COURT
       SUPREME COURT OF THE STATE OF NEW YORK
       COUNTY OF NEW YORK

       PLEASE TAKE NOTICE that on July 20, 2011, defendant Georgia-Pacific LLC filed in

the United States District Court for the Southern District of New York a Notice of Removal of

the above-entitled action.  A copy of the Notice of Removal is attached hereto.

PLEASE TAKE FURTHER NOTICE that by the filing of the attached Notice of

Removal, and by the filing of this Notice to State Court and a copy of the same in Federal Court,

the above-entitled action has been removed from this Court to the United Stated District Court

for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b), and

this Court may not proceed further unless and until the case is remanded.

Dated: New York, New York
      July 20, 2011

LYNCH DASKAL EMERY LLP

By: _____
     Lawrence G. Lee

264 West 40th Street
New York, New York 10018
(212)302-2400
lee@lawlynch.com

*Attorneys for Defendant Georgia-Pacific LLC*

2

LYNCH DASKAL EMERY LLP
264 West 40th Street
New York, NY 10018
Attorneys for Defendant Georgia-Pacific LLC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

IN RE:       NEW YORK CITY                          :
             ASBESTOS LITIGATION                    :

-------------------------------------------------------------X

DANIEL STUPINO and ANNA STUPINO,        :      Index No. 190385/10
                                        :
                Plaintiffs,             :
                                        :      **AFFIDAVIT OF SERVICE**
           -against-                    :
                                        :
AMERICAN BILTRITE COMPANY, *et al.*,    :
                                        :
                Defendants.             :

-------------------------------------------------------------X

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

NICOLE WERTALIK, being duly sworn, deposes and says:

1. I am not a party to this action, am over 18 years of age, and I am a paralegal at the offices of Lynch Daskal Emery LLP. I reside at 476 9th Street, Brooklyn, NY 11215.

2. On the 20th day of July 2011, I served a copy of **GEORGIA-PACIFIC LLC'S NOTICE OF REMOVAL, CIVIL COVER SHEET, NOTICE TO THE STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT, NOTICE TO PLAINTIFF'S COUNSEL OF FILING OF NOTICE OF REMOVAL, AND 7.1 DISCLOSURE STATEMENT** by personally delivering by hand a true and correct copy of the same, upon the individual described as below:

**Jerry Kristal, Esq.**
**Weitz & Luxenberg, PC**
**700 Broadway**
**New York NY  10003**

_____
                                    NICOLE WERTALIK

Sworn to before me this
20th day of July 2011

_____
Notary Public

GOLRIZ SHOAI-NAINI
Notary Public, State of New York
No. 02SH6303611
Qualified in New York County
Commission Expires April 13, 2013