# U.S. District Court
## District of Hawaii (Hawaii)
## CIVIL DOCKET FOR CASE #: 1:11−cv−00449−LEK −BMK

Arakaki et al v. Crane Company et al
Assigned to: JUDGE LESLIE E. KOBAYASHI
Referred to: Judge BARRY M. KURREN
Cause: 28:1446pl Petition for Removal − Product Liability

**In Re**

**In Re:**
*Hawaii State Asbestos Cases*

Date Filed: 07/20/2011
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Minoru Arakaki**

represented by **Diane T. Ono**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814−3308
597−1400
Fax: 597−2608
Email: dto@gogaliher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary O. Galiher**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814−3308
597−1400
Fax: 591−2608
Email: gog@gogaliher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ilana Kananipiliokala Waxman**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814−3308
597−1400
Email: ikw@gogaliher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Richard DeRobertis**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814−3308
597−1400
Email: rd@gogaliher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A. Ragsdale**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814−3308
597−1400
Email: michael@gogaliher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott K. Saiki**
Galiher DeRobertis Ono

610 Ward Ave Ste 200
Honolulu, HI 96814-3308
597-1400
Fax: 533-2467
Email: sks@gogaliher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd W. Eddins**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814-3308
597-1400
Fax: 591-2608
Email: twe@gogaliher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kathleen M. Arakaki**          represented by  **Diane T. Ono**
                                 (See above for address)
                                 *LEAD ATTORNEY*
                                 *ATTORNEY TO BE NOTICED*

                                 **Gary O. Galiher**
                                 (See above for address)
                                 *LEAD ATTORNEY*
                                 *ATTORNEY TO BE NOTICED*

                                 **Ilana Kananipiliokala Waxman**
                                 (See above for address)
                                 *LEAD ATTORNEY*
                                 *ATTORNEY TO BE NOTICED*

                                 **L. Richard DeRobertis**
                                 (See above for address)
                                 *LEAD ATTORNEY*
                                 *ATTORNEY TO BE NOTICED*

                                 **Michael A. Ragsdale**
                                 (See above for address)
                                 *LEAD ATTORNEY*
                                 *ATTORNEY TO BE NOTICED*

                                 **Scott K. Saiki**
                                 (See above for address)
                                 *LEAD ATTORNEY*
                                 *ATTORNEY TO BE NOTICED*

                                 **Todd W. Eddins**
                                 (See above for address)
                                 *LEAD ATTORNEY*
                                 *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Crane Company**
*a Delaware corporation*

**Defendant**

**Aurora Pump Company**
*a foreign corporation*

**Defendant**

**Bayer Cropscience, Inc.**
*successor−in−interest to Rhone−Poulenc*
*AG Company, f/k/a Achem Products, Inc.,*
*f/k/a Benjamin Foster Products Company,*
*a foreign corporation*
*successor*
Rhone−Poulenc AG Company
*formerly known as*
Amchem Products, Inc.
*formerly known as*
Benjamin Foster Products Company

**Defendant**

**Union Carbide Corporation**
*a New York corporation*

**Defendant**

**Air &Liquid Systems Corporation**              represented by  **Steven K. Hisaka**
*Successor−by−merger to Buffalo Pumps,*                        Hisaka Stone Goto Yoshida Cosgrove
*Inc., a New York corporation*                                &Ching
*successor*                                                   Mauka Tower
Buffalo Pumps, Inc.,                                          737 Bishop St Ste 3000
                                                             Honolulu, HI 96813
                                                             523−0451
                                                             Email: shisaka@objectionsustained.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Certainteed Corporation**
*a Delaware corporation*

**Defendant**

**Cleaver−Brooks, Inc.**
*a Delaware corporation*

**Defendant**

**Goulds Pumps, Inc.**
*a Delaware corporation*

**Defendant**

**IMO Industries, Inc.**                        represented by  **Bradford Chun**
*individually and as successor−in−interest*                   Kessner Umebayashi Bain &Matsunaga
*to Delaval Turbine, Inc., and f/k/a IMO*                     Central Pacific Plaza
*Delaval, Inc., Transamerica Delaval Inc.,*                   220 S King St 19th Floor
*and Delaval Steam Turbine Company, a*                        Honolulu, Hi 96813
*Delaware corporation*                                        536−1900
*successor*                                                   Email: bchun@kdubm.com
Delaval Turbine, Inc.                                         *LEAD ATTORNEY*
*formerly known as*                                           *ATTORNEY TO BE NOTICED*
IMO Delaval, Inc.
*formerly known as*                                           **Elton John Bain**
Transamerica Delaval Inc.                                     Kessner Duca Umebayashi Bain
*formerly known as*                                           &Matsunaga
Delaval Steam Turbine Company                                 Central Pacific Plaza
                                                             220 S King St 19th Floor
                                                             Honolulu, Hi 96813

536−1900
Fax: 529−7177
Email: jbain@kdubm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ewing M. Martin , III**
Kessner Duca Umebayashi Bain
&Matsunaga
Central Pacific Plaza
220 S King St 19th Floor
Honolulu, Hi 96813
536−1900
Email: mmartin@kdubm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marie A. Sheldon**
Kessner Duca Umebayashi Bain
&Matsunaga
Central Pacific Plaza
220 S King St 19th Floor
Honolulu, Hi 96813
536−1900
Fax: 529−7177
Email: tsheldon@kdubm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll Rand Co.**
*a New Jersey corporation*

**Defendant**

**John Crane, Inc.**
*a Delaware corporation*

**Defendant**

**The Lynch Co., Inc.**
*a Hawaii corporation*

**Defendant**

**Metropolitan Life Insurance Company**
*a New York corporation*

**Defendant**

**Warren Pumps, LLC**                          represented by **Bradford Chun**
*a Delaware corporation*                       (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Elton John Bain**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Ewing M. Martin , III**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Marie A. Sheldon**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The William Powell Company**
*an Ohio corporation*

**Defendant**

**Yarway Corporation**
*a Pennsylvania corporation*

**Defendant**

**Does 1 to 25**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/20/2011 | 1 | NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1442 AND 1446 by Air &Liquid Systems Corporation from Circuit Court of the First Circuit, State of Hawaii, case number CV 11−1−1157−06 RAN. (Attachments: #_1 Exhibit 1 (**CV 11−1−1157−06 (RAN) − Complaint; Summons; Exhibit A**), #_2 Exhibit 2 (Part 1 of 5), #_3 Exhibit 2 (Part 2 of 5), #_4 Exhibit 2 (Part 3 of 5), #_5 Exhibit 2 (Part 4 of 5), #_6 Exhibit 2 (Part 5 of 5), #_7 Exhibit 3, #_8 Exhibit 4, #_9 Exhibit 5, #_10 Exhibit 6, #_11 Exhibit 7, #_12 Exhibit 8, #_13 Civil Cover Sheet)(emt, ) (Entered: 07/20/2011) |
| 07/20/2011 | 2 | Order Setting Rule 16 Scheduling Conference for 09:00AM on 8/15/2011 before Judge BARRY M. KURREN − Signed by CHIEF JUDGE SUSAN OKI MOLLWAY on 7/20/11. (Attachments: #_1 Memo from Clerk Re: Corporate Disclosure Statements)(emt, ) (Entered: 07/20/2011) |
| 07/20/2011 | 3 | Filing fee: $ 350, receipt number HI000485 re_1 Notice of Removal. (emt, ) (Entered: 07/20/2011) |
| 07/20/2011 | 4 | NOTICE OF REMOVAL TO ADVERSE PARTY − by Air &Liquid Systems Corporation. (emt, ) (Entered: 07/20/2011) |
| 07/20/2011 | 5 | Federal Rule of Civil Procedure RULE 7.1 DISCLOSURE STATEMENT − by Air &Liquid Systems Corporation ( identifying Corporate Parent Ampco−Pittsburgh Corporation for Air &Liquid Systems Corporation.) (emt, ) (Entered: 07/20/2011) |
| 07/20/2011 | 6 | NOTICE OF TAG−ALONG ACTION − by Air &Liquid Systems Corporation. (Attachments: #_1 Attachment: Complaint; Summons; Exhibit A as to CV 11−1−1157−06 RAN)(emt, ) (Entered: 07/20/2011) |
| 07/20/2011 | 7 | EO: Rule 16 Scheduling Conference set for 8/15/2011 is continued to 10/17/2011 @ 9:00 AM before Judge BARRY M. KURREN. Rule 16 Scheduling Conference Statements due 10/10/2011 (Judge BARRY M. KURREN)(tyk) <br><br> CERTIFICATE OF SERVICE <br><br> Participants registered to receive electronic notifications received this document electronically at the e−mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 07/20/2011) |
| 07/20/2011 | 8 | Defendant IMO Industries Inc.'s JOINDER to_1 Defendant Air &Liquid Systems Corporation's Notice of Removal of State Court Action Pursuant to 28 U.S.C. 1442(a)(1) − filed by IMO Industries, Inc. (Attachments: #_1 Declaration of E. Mason Martin III, #_2 Exhibit A, #_3 Exhibit B, #_4 Exhibit C, #_5 Certificate of Service)(emt, ) (Entered: 07/20/2011) |
| 07/20/2011 | 9 | Defendant Warren Pumps, LLC's JOINDER to_1 Defendant Air &Liquid Systems Notice of Removal of State Court Action Pursuant to 28 U.S.C. 1442(a)(1) − filed by Warren Pumps, LLC. (Attachments: #_1 Declaration of E. Mason Martin III, #_2 Exhibit A, #_3 Exhibit B, #_4 Exhibit C, #_5 Certificate of Service)(emt, ) (Entered: |

| | | 07/20/2011) |
|---|---|---|
| 07/20/2011 | 10 | NOTICE OF TAG–ALONG ACTION; Certificate of Service – by IMO Industries, Inc. (emt, ) (Entered: 07/20/2011) |
| 07/20/2011 | 11 | NOTICE OF TAG–ALONG ACTION; Certificate of Service – by Warren Pumps, LLC. (emt, ) (Entered: 07/20/2011) |
| 07/20/2011 | 12 | GENERAL ORDER FILED JULY 5, 2011 : ORDER REGARDING ASSIGNMENT OF JUDGES IN ASBESTOS CASES – Signed by CHIEF JUDGE SUSAN OKI MOLLWAY on 7/5/11. ("On July 23, 2003, then–Chief Judge David Alan Ezra entered an order noting that ~ the District Judges are recused from hearing any matters pertaining to asbestos cases and therefore assigning all pending asbestos cases and all future asbestos cases to Judge Robert E. Jones from the District of Oregon. **With the appointment of new judges since 2003, matters pertaining to asbestos cases may be heard by judges of this district. Therefore, asbestos cases filed in this district will be randomly assigned to nonrecused judges of this district.** Copies of this order shall be served on all counsel of record in any asbestos cases filed on or after June 1, 2011. This order shall further be served on the Judicial Panel on Multidistrict Litigation.") (emt, ) (Entered: 07/20/2011)<br><br>CERTIFICATE OF SERVICE<br><br>Participants registered to receive electronic notifications received this document electronically at the e–mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry |
| 07/20/2011 | 13 | Ex Parte MOTION to Exceed 9000 Word Limit *regarding Plaintiffs' Motion to Remand* Ilana Kananipiliokala Waxman appearing for Plaintiffs Kathleen M. Arakaki, Minoru Arakaki (Attachments: # 1 Declaration of Counsel, # 2 Certificate of Service)(Waxman, Ilana) (Entered: 07/20/2011) |

Of Counsel:
GALIHER DeROBERTIS ONO
Law Corporations

| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| DIANE T. ONO | 5590 |
| ILANA K. WAXMAN | 8733 |
| SCOTT K. SAIKI | 5595 |
| TODD W. EDDINS | 5544 |
| MICHAEL A. RAGSDALE | 8382 |

610 Ward Avenue
Honolulu, Hawai`i 96814-3308
Telephone: (808) 597-1400
Facsimile: (808) 591-2608

Attorneys for Plaintiffs

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 JUN 15  AM 10: 24

A. MARPLE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | | |
|---|---|---|
| IN RE: | ) | CIVIL NO. 11-1-1157-06 (RAN) |
| HAWAI`I STATE ASBESTOS CASES | ) | (Toxic Tort/Asbestos Personal Injury) |
| | ) | |
| This Document Applies To: | ) | |
| | ) | **FIRST AMENDED COMPLAINT;** |
| MINORU ARAKAKI and | ) | **SUMMONS;** |
| KATHLEEN M. ARAKAKI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 1) CRANE COMPANY, a Delaware | ) | |
| corporation; | ) | |
| | ) | |
| 2) AURORA PUMP COMPANY, a foreign | ) | |
| corporation; | ) | |
| | ) | (Not Assigned Trial Date) |
| 3) BAYER CROPSCIENCE, INC., | ) | |
| successor-in-interest to RHONE-POULENC | ) | Complex Litigation |
| AG COMPANY, f/k/a AMCHEM | ) | Judge: Honorable Rhonda A. Nishimura |
| PRODUCTS, INC., f/k/a BENJAMIN | ) | |
| FOSTER PRODUCTS COMPANY, a | ) | |

I do hereby certify that this is a full, true and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

foreign corporation;                           )
                                               )
4) UNION CARBIDE CORPORATION, a                )
New York corporation;                          )
                                               )
5) AIR & LIQUID SYSTEMS                        )
CORPORATION, Successor-by-merger to            )
BUFFALO PUMPS, INC., a New York                )
corporation;                                   )
                                               )
6) CERTAINTEED CORPORATION, a                  )
Delaware corporation;                          )
                                               )
7) CLEAVER-BROOKS, INC., a Delaware            )
corporation;                                   )
                                               )
8) GENERAL CABLE INDUSTRIES,                   )
INC., formerly known as GENERAL                )
CABLE CORP., a Delaware corporation            )
                                               )
9) GOULDS PUMPS, INC., a Delaware              )
corporation;                                   )
                                               )
10) IMO INDUSTRIES, INC., individually         )
and as successor-in-interest to DELAVAL        )
TURBINE, INC., and f/k/a IMO                    )
DELAVAL, INC., TRANSAMERICA                     )
DELAVAL INC., and DELAVAL STEAM                 )
TURBINE COMPANY, a Delaware                      )
corporation;                                   )
                                               )
11) INGERSOLL RAND CO., a New                  )
Jersey corporation;                            )
                                               )
12) JOHN CRANE, INC., a Delaware               )
corporation;                                   )
                                               )
13) THE LYNCH CO., INC., a Hawai`i             )
corporation;                                   )
                                               )
14) METROPOLITAN LIFE INSURANCE                )
COMPANY, a New York corporation;               )
                                               )
15) THE OKONITE COMPANY, INC., a               )
New Jersey corporation;                        )
                                               )

16) WARREN PUMPS, LLC, a Delaware )
corporation; )
)
17) THE WILLIAM POWELL )
COMPANY, an Ohio corporation; )
)
18) YARWAY CORPORATION, a )
Pennsylvania corporation; )
)
19) DOES 1 to 25, )
)
        Defendants. )
)

D:\06022A01\pleading\First Amended Complaint.doc

## FIRST AMENDED COMPLAINT

FIRST CAUSE OF ACTION:

    1.    Plaintiffs above named are husband and wife respectively. Plaintiff MINORU ARAKAKI is hereinafter referred to as "Plaintiff first named"; Plaintiff KATHLEEN M. ARAKAKI is the spouse of Plaintiff MINORU ARAKAKI and is hereinafter referred to as "Plaintiff second named".

    2.    Plaintiffs are residents of the City and County of Honolulu, State of Hawai`i; Defendant 1) CRANE COMPANY, a Delaware corporation, (hereinafter also "CRANE CO."); Defendant 2) AURORA PUMP COMPANY, a foreign corporation, (hereinafter also "AURORA"); Defendant 3) BAYER CROPSCIENCE, INC., successor-in-interest to RHONE-POULENC AG COMPANY, f/k/a AMCHEM PRODUCTS, INC., f/k/a BENJAMIN FOSTER PRODUCTS COMPANY, a foreign corporation, (hereinafter also "BAYER"); Defendant 4) UNION CARBIDE CORPORATION, a New York corporation, (hereinafter also "UNION CARBIDE"); Defendant 5) AIR & LIQUID SYSTEMS CORPORATION, Successor-by-merger to BUFFALO PUMPS, INC., a New York corporation, (hereinafter also "BUFFALO");

3

Defendant 6) CERTAINTEED CORPORATION, a Delaware corporation, (hereinafter also "CERTAINTEED"); Defendant 7) CLEAVER-BROOKS, INC., a Delaware corporation, (hereinafter also "CLEAVER-BROOKS"); Defendant 8) GENERAL CABLE INDUSTRIES, INC., formerly known as GENERAL CABLE CORP., a Delaware corporation, (hereinafter also "GENERAL CABLE"); Defendant 9) GOULDS PUMPS, INC., a Delaware corporation, (hereinafter also "GOULDS"); Defendant 10) IMO INDUSTRIES, INC., individually and as successor-in-interest to DELAVAL TURBINE, INC., and f/k/a IMO DELAVAL, INC., TRANSAMERICA DELAVAL INC., and DELAVAL STEAM TURBINE COMPANY, a Delaware corporation, (hereinafter also "IMO"); Defendant 11) INGERSOLL RAND CO., a New Jersey corporation, (hereinafter also "INGERSOLL RAND"); Defendant 12) JOHN CRANE, INC., a Delaware corporation, (hereinafter also "JOHN CRANE"); Defendant 13) THE LYNCH CO., INC., a Hawai`i corporation, (hereinafter also "LYNCH CO."); Defendant 14) METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, (hereinafter also "MET LIFE"); Defendant 15) THE OKONITE COMPANY, INC., a New Jersey corporation, (hereinafter also "OKONITE"); Defendant 16) WARREN PUMPS, INC., a Delaware corporation, (hereinafter also "WARREN"); Defendant 17) THE WILLIAM POWELL COMPANY, an Ohio corporation, (hereinafter also "POWELL"); Defendant 18) YARWAY CORPORATION, a Pennsylvania corporation, (hereinafter also "YARWAY") and Defendant 19) DOES 1 to 25, were doing business in the State of Hawai`i at all times mentioned herein.

3.     The true names and capacities, whether individual, corporate, partnership, or otherwise, of Defendants DOE 1 to 25, inclusive, and each of them, are unknown to Plaintiffs, who, therefore, sue these Defendants by such fictitious names and will ask leave of court to amend this Complaint when the same shall have been ascertained; Plaintiffs are informed and

believe and upon such information and belief state the fact to be that each Defendant designated herein as a "DOE" was responsible, negligently, or in some manner, for the events and happenings referred to herein and that DOES 1 to 25 negligently manufactured, sold and/or supplied asbestos products and/or certain equipment (including but not limited to pumps, boilers, turbines, compressors, condensers, valves, distillers and electrical equipment) containing asbestos products to the United States Navy and other shipyards and ships for use in the general overhaul, building, refitting and maintenance of ships which Plaintiff worked on, which included the use of asbestos materials.

4.      Plaintiffs are informed and believe, and upon such information and belief, allege that at all times and places mentioned herein, each of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, YARWAY, POWELL and WARREN) was the agent or co-conspirator of each of the remaining Defendants, and was at all times and places mentioned herein acting within the purpose and scope of said agency or conspiracy.

5.      Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN) above named, manufactured, sold and/or supplied certain generically similar asbestos products which were ultimately used by insulators and others, and/or to which they came in contact, while working in their trades and occupations in the State of Hawai`i and other locations. Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN) above named also manufactured, sold and/or supplied certain generically similar asbestos products to Pearl Harbor Naval Shipyard and other shipyards and ships for use in the general overhaul, building, refitting

and maintenance of ships.  Defendants  AURORA, BUFFALO, CLEAVER-BROOKS, CRANE

CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL, and WARREN, sold

and supplied certain equipment to the United States Navy and Pearl Harbor Naval Shipyard and

other shipyards, which contained asbestos gaskets and/or packing, required asbestos insulation,

or required other asbestos containing parts to function properly.  This equipment includes but is

not limited to the following:   AURORA (circulating pumps, distiller feed pumps, main

condensate pumps, boiler feed pumps, freshwater pumps, fire pumps, with auxiliary turbines);

BUFFALO (brine overboard pumps, fire and flushing pumps, main and auxiliary condensate

pumps, main feed pumps, freshwater drain pumps, evaporator feed pumps, distiller pumps, main

feed booster pumps, with auxiliary turbines, CLEAVER-BROOKS (auxiliary boilers, distilling

plants, distillers, evaporators), and through its predecessor Davis Engineering (fuel oil heaters,

heat exchangers, feed water heaters); CRANE CO. (steam valves, gate valves, globe valves,

check valves) and through its predecessors Cochrane (deaerating tanks) and Chapman (valves);

GOULDS (trim pumps, circulating pumps, lube oil and salt water pumps); IMO (fuel oil service

pumps, main lube oil service pumps, main feed pumps, fuel oil booster pumps, auxiliary

turbines; WARREN (main and emergency feed pumps, fire and bilge pumps, fire and flushing

pumps, main condensate pumps, high pressure and low pressure brine pumps, main condenser

circulating pumps); YARWAY (impulse traps, boiler glass gauges, steam traps, valves); all

which contained asbestos insulation, asbestos gaskets and/or asbestos packing, and all which

used asbestos-containing parts to function properly.

      6.    Plaintiff first named was engaged in his employment as an electronics mechanic

at Pearl Harbor Naval Shipyard during the approximate years 1946 to 1978 where asbestos

products and asbestos-containing equipment were being used.  He worked in and on ships where

6

Defendants' products were being used and was repeatedly exposed to great quantities of asbestos, asbestos dust and asbestos fibers during the repair and maintenance of equipment. On these and other occasions, MINORU ARAKAKI, inhaled asbestos dust and fibers released during the use of Defendants' products. These exposures and inhalation directly and proximately caused Plaintiff first named to develop Asbestosis and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system and other parts of his body, and which were not discovered and/or were disguised until about October 2010.

7.     The said injuries to Plaintiffs were caused by the negligence of Defendants, and each of them.

8.     At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), and each of them, negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, recommended and delivered the hereinabove described certain asbestos products in such manner so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are customarily treated, used and employed; and, that said Defendants, and each of them, negligently failed to discover said defects and/or failed to warn and/or adequately test and give adequate warning of known or knowable dangers of asbestos products to users of said products of said defects and dangers and/or failed to find or use a safe substitute insulating material.

9.     At all times and places mentioned herein, Defendants, and each of them, carelessly and negligently permitted dangerous and defective asbestos products to exist at the hereinabove described locations; and furthermore, Defendants, and each of them, negligently

7

failed to provide Plaintiff first named a safe place of employment by reason of their acts, omissions and conduct. The only claims against AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, YARWAY, POWELL and WARREN are for negligent failure to warn of the dangers of asbestos.

10.    As a result of the above, Plaintiff first named contracted Asbestosis and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system, and other bodily injuries, including shock, great pain of mind and body, fear of cancer and fear of death, and has been permanently injured.

11.    As a further result of the above, Plaintiffs have incurred medical bills and miscellaneous expenses, and asks leave to amend this Complaint to show the total thereof at the trial.

12.    As a further result of the above, Plaintiffs sustained wage losses, to be shown at the time of trial.

SECOND CAUSE OF ACTION:

13.    Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 12 of the First Cause of Action.

14.    At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining for sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos products.

8

15.     Hereinabove described asbestos products were in substantially the same condition as at the time of design, manufacture, assembly, testing, inspection, marketing, distribution and sale.

16.     At all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were unreasonably dangerous and in a defective condition as to design and marketing, and Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), failed to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos products, all of which directly and proximately resulted in the injuries and damages sustained by Plaintiffs. The only claims against AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, YARWAY, POWELL and WARREN are for strict liability failure to warn of the dangers of asbestos in association with their products.

17.     By reason of the premises, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), and each of them, are strictly liable to Plaintiffs.

THIRD CAUSE OF ACTION:

18.     Paragraphs 1 through 17 are realleged and incorporated herein by reference.

19.     At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), and each of them, at the time of design, manufacture, and sale of said asbestos products expressly and impliedly warranted that said asbestos products as hereinabove described were of merchantable quality, properly designed, manufactured and

9

reasonably fit and suitable for ordinary use in the ship construction, ship overhaul and ship refitting industries.

20.   At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), and each of them, breached said warranty, in that, among other things, said asbestos products were not of merchantable quality nor properly designed nor manufactured nor fit for ordinary use in the industry; that said asbestos products were designed, manufactured, fabricated, assembled, supplied, marketed, sold and distributed in such a dangerous and defective condition that said asbestos products were reasonably likely to, and did, cause injury by reason of Defendants' design and manufacture and failure to warn; and further said asbestos products could not safely be used by a person exercising ordinary and reasonable care.

21.   As a direct and proximate result of these breaches of expressed and implied warranties, Plaintiffs suffered injury, disease, and damage as is herein set forth.

FOURTH CAUSE OF ACTION:

22.   Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23.   As a direct and proximate result of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN) manufacturing asbestos insulation materials and placing them in the stream of interstate commerce, Plaintiffs have been injured as described herein.

24.   Plaintiffs, through no fault of their own, may not be able to identify any or all asbestos products which caused the injuries stated herein.

25.     Each Defendant manufacturer (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, YARWAY, POWELL and WARREN) is liable for Plaintiff's injuries in proportion to that Defendant manufacturer's share of the asbestos materials market.

FIFTH CAUSE OF ACTION:

26.     Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27.     As a direct and proximate result of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN) manufacturing asbestos materials and placing them in the stream of interstate commerce, and their subsequent use in the insulation and other trades, private industries and in shipyards and on ships, and so that the aforesaid described materials came into use by Plaintiff first named, and/or to which he came in contact, Plaintiffs have been injured as described herein.

28.     There is a high probability that the injuries stated herein were caused by the tortious behavior of some one of the Defendants.

29.     Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN) concertedly adhered to a dangerous, industry-wide safety standard in their manufacture of the asbestos products.

30.     Each Defendant manufacturer is liable to Plaintiffs for all injuries stated herein by virtue of industry-wide or enterprise liability.

SIXTH CAUSE OF ACTION:

31.     Paragraphs 1 through 30 are realleged and incorporated herein by reference.

11

32.     At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL, and WARREN), and each of them, so designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and/or delivered the hereinabove described certain asbestos products so as to know said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are normally used and intentionally caused the injuries hereinabove described to Plaintiff first named in his capacity as an electronics mechanic.

SEVENTH CAUSE OF ACTION:

33.     Paragraph 1 through 32 are realleged and incorporated herein by reference.

34.     By reason of the injuries to Plaintiff first named, MINORU ARAKAKI, Plaintiff second named, KATHLEEN M. ARAKAKI, suffered loss of affection, society, company, support, consortium, companionship, comfort and protection and suffered serious emotional distress.

EIGHTH CAUSE OF ACTION:

35.     Paragraphs 1 through 34 are realleged and incorporated herein by reference.

36.     Beginning in the late 1920's, conspirators Defendants Met Life, Johns-Manville, Raybestos-Manhattan and others undertook a duty to conduct research on asbestos-related health problems and to inform the consuming public about any health risks that could be associated therewith. In approximately 1929, Met Life, through its agents and employees acting within the scope of their agency and employment, including but not limited to Dr. Anthony J. Lanza, (hereinafter also referred to as "Lanza"), began an investigation of asbestos-related health hazards. In 1935, this study was altered by Lanza, with the full knowledge of Met Life, at the

12

request of and in concert with the asbestos industry in order to wrongly influence the United States Public Health Service, the United States medical community and various state legislatures.

37. Thereafter, Defendant Met Life through the acts and omissions of its employees, most notably Dr. Lanza, undertook a series of activities with various members of the asbestos industry including but not limited to Johns-Manville, Raybestos-Manhattan, United States Gypsum, American Brake Blok, and others to suppress and misrepresent the dangers of exposure to asbestos dust to employees of Met Life's insureds and the general public and the medical community.

38. The conspirators through their agent, Dr. Lanza of Met Life, made a concerted effort to discredit and to terminate the studies and experiments of certain scientists who were developing data of profound importance for the area of public health in relation to the cancer hazard which existed for workers and bystanders in the asbestos industry.

39. As a direct and proximate result of Met Life's intentional publication of deceptive and misleading medical data and information, and other conspiratorial acts and omissions, Defendants caused asbestos to be used in the occupational settings from which MINORU ARAKAKI breathed asbestos dust which resulted in Plaintiffs' injuries. Defendant Met Life, through its agents and employees and officers, aided and abetted and gave substantial assistance to Johns-Manville and Raybestos-Manhattan in their tortious selling of asbestos products and voluntarily undertook a duty to warn the United States Navy, the United States Public Health Service, the medical community, and others about the danger of asbestos and consciously and negligently misrepresented the dangers of asbestos to the United States Navy, the United States Public Health Service, the medical community, and others, all to the ultimate harm of Plaintiffs herein.

13

40. Additionally and alternatively, as a direct and proximate result of Met Life's actions and omissions, Plaintiffs were caused to remain ignorant of all the dangers of asbestos resulting in Plaintiffs, their agents, employers and the general public to be unaware of the true and full dangers of asbestos, deprive Plaintiff first named of the opportunity to decide for himself whether he wanted to take the risk of being exposed to asbestos, denied MINORU ARAKAKI the opportunity to take precautions against the dangers of asbestos and proximately caused Plaintiffs' damages herein.

NINTH CAUSE OF ACTION:

41. Paragraphs 1 through 40 are realleged and incorporated herein by reference.

42. Plaintiff MINORU ARAKAKI and others in his position worked in close proximity to the asbestos and asbestos-related insulation materials of Defendants, and the presence of Plaintiff first named, as well as others in his position, was known, or, in the exercise of reasonable care, should have been anticipated by the Defendants, and each of them.

43. The Defendants and each of them, have been possessed since 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos related insulation products, were hazardous to the health and safety of Plaintiff first named and others in his position, and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Plaintiffs have been severely damaged as is set forth below.

44.    At all times and places mentioned herein, Defendants, and each of them, so negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and delivered the hereinabove described certain asbestos products so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such equipment is customarily treated, used, and employed in a manner as to amount to reckless and wanton disregard for the safety, health, welfare, and feelings of Plaintiffs, and for that reason, Plaintiffs claim punitive damages against each Defendant, in the amount shown at trial.

WHEREFORE, Plaintiffs demands judgment against Defendants in an amount of damages that is within the minimum jurisdictional limits of this Court, as follows:

1.    General damages as are proven at the time of trial;

2.    Special damages as are proven at the time of trial;

3.    Punitive damages as are proven at the time of trial;

4.    For costs incurred herein; and

5.    For such other and further relief as may be deemed just and equitable in the premises, including, but not limited to, prejudgment interest.

Respectfully submitted,

GARY O. GALIHER
L. RICHARD DeROBERTIS
DIANE T. ONO
ILANA K. WAXMAN
SCOTT K. SAIKI
TODD W. EDDINS
MICHAEL A. RAGSDALE
Attorneys for Plaintiffs

15

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAIʻI

| | | |
|---|---|---|
| IN RE:<br>HAWAIʻI STATE ASBESTOS CASES | ) ) ) | CIVIL NO. 11-1-1157-06 (RAN)<br>(Toxic Tort/Asbestos Personal Injury) |
| This Document Applies To: | ) ) | **SUMMONS** |
| MINORU ARAKAKI and<br>KATHLEEN M. ARAKAKI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| 1) CRANE COMPANY, a Delaware<br>corporation; | ) ) ) | |
| 2) AURORA PUMP COMPANY, a foreign<br>corporation; | ) ) ) | |
| 3) BAYER CROPSCIENCE, INC.,<br>successor-in-interest to RHONE-POULENC<br>AG COMPANY, f/k/a AMCHEM<br>PRODUCTS, INC., f/k/a BENJAMIN<br>FOSTER PRODUCTS COMPANY, a<br>foreign corporation; | ) ) ) ) ) ) ) | |
| 4) UNION CARBIDE CORPORATION, a<br>New York corporation; | ) ) ) | |
| 5) AIR & LIQUID SYSTEMS<br>CORPORATION, Successor-by-merger to<br>BUFFALO PUMPS, INC., a New York<br>corporation; | ) ) ) ) ) | |
| 6) CERTAINTEED CORPORATION, a<br>Delaware corporation; | ) ) ) | (Not Assigned Trial Date) |
| 7) CLEAVER-BROOKS, INC., a Delaware<br>corporation; | ) ) ) | Complex Litigation<br>Judge: Honorable Rhonda A. Nishimura |
| 8) GENERAL CABLE INDUSTRIES,<br>INC., formerly known as GENERAL<br>CABLE CORP., a Delaware corporation | ) ) ) ) | |

9) GOULDS PUMPS, INC., a Delaware )
corporation; )
)
10) IMO INDUSTRIES, INC., individually )
and as successor-in-interest to DELAVAL )
TURBINE, INC., and f/k/a IMO )
DELAVAL, INC., TRANSAMERICA )
DELAVAL INC., and DELAVAL STEAM )
TURBINE COMPANY, a Delaware )
corporation; )
)
11) INGERSOLL RAND CO., a New )
Jersey corporation; )
)
12) JOHN CRANE, INC., a Delaware )
corporation; )
)
13) THE LYNCH CO., INC., a Hawai`i )
corporation; )
)
14) METROPOLITAN LIFE INSURANCE )
COMPANY, a New York corporation; )
)
15) THE OKONITE COMPANY, INC., a )
New Jersey corporation; )
)
16) WARREN PUMPS, LLC, a Delaware )
corporation; )
)
17) THE WILLIAM POWELL )
COMPANY, an Ohio corporation; )
)
18) YARWAY CORPORATION, a )
Pennsylvania corporation; )
)
19) DOES 1 to 25, )
)
　　　　　Defendants. )
)

## S U M M O N S

2

STATE OF HAWAI'I

To the above-named Defendants:

You are hereby summoned and required to serve upon GALIHER DeROBERTIS ONO, Plaintiffs' attorneys, whose address is 610 Ward Avenue, Honolulu, Hawai'i 96814-3308, an answer to the First Amended Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the First Amended Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawai'i, _____ JUN 15 2011 _____.

A. MARPLE **SEAL**

CLERK OF THE ABOVE-ENTITLED COURT

3

Of Counsel:
GALIHER DeROBERTIS ONO
Law Corporations

| | |
|---|---|
| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| DIANE T. ONO | 5590 |
| ILANA K. WAXMAN | 8733 |
| SCOTT K. SAIKI | 5595 |
| TODD W. EDDINS | 5544 |
| MICHAEL A. RAGSDALE | 8382 |

610 Ward Avenue
Honolulu, Hawai`i 96814-3308
Telephone: (808) 597-1400
Facsimile: (808) 591-2608

Attorneys for Plaintiffs

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 JUN -8 AM 9: 19

S. TAMANAHA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

IN RE:
HAWAI`I STATE ASBESTOS CASES

This Document Applies To:

MINORU ARAKAKI and
KATHLEEN M. ARAKAKI,

       Plaintiffs,

   vs.

1) CRANE COMPANY, a Delaware
corporation;

2) AURORA PUMP COMPANY, a foreign
corporation;

3) BAYER CROPSCIENCE, INC.,
successor-in-interest to RHONE-POULENC
AG COMPANY, f/k/a AMCHEM
PRODUCTS, INC., f/k/a BENJAMIN
FOSTER PRODUCTS COMPANY, a

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 11-1-1157-06 (RAN)
(Toxic Tort/Asbestos Personal Injury)

**COMPLAINT; SUMMONS;
EXHIBIT A**

(Not Assigned Trial Date)

Complex Litigation
Judge: Honorable Rhonda A. Nishimura

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk Circuit Court, First Circuit

foreign corporation;                              )
                                                  )
4) UNION CARBIDE CORPORATION, a                   )
New York corporation;                             )
                                                  )
5) AIR & LIQUID SYSTEMS                            )
CORPORATION, Successor-by-merger to               )
BUFFALO PUMPS, INC., a New York                   )
corporation;                                      )
                                                  )
6) CERTAINTEED CORPORATION, a                     )
Delaware corporation;                             )
                                                  )
7) CLEAVER-BROOKS, INC., a Delaware               )
corporation;                                      )
                                                  )
8) GOULDS PUMPS, INC., a Delaware                 )
corporation;                                      )
                                                  )
9) IMO INDUSTRIES, INC., individually             )
and as successor-in-interest to DELAVAL           )
TURBINE, INC., and f/k/a IMO                       )
DELAVAL, INC., TRANSAMERICA                       )
DELAVAL INC., and DELAVAL STEAM                   )
TURBINE COMPANY, a Delaware                        )
corporation;                                      )
                                                  )
10) INGERSOLL RAND CO., a New                     )
Jersey corporation;                               )
                                                  )
11) JOHN CRANE, INC., a Delaware                  )
corporation;                                      )
                                                  )
12) THE LYNCH CO., INC., a Hawai`i                )
corporation;                                      )
                                                  )
13) METROPOLITAN LIFE INSURANCE                   )
COMPANY, a New York corporation;                  )
                                                  )
14) WARREN PUMPS, LLC, a Delaware                 )
corporation;                                      )
                                                  )
15) THE WILLIAM POWELL                            )
COMPANY, an Ohio corporation;                     )
                                                  )
16) YARWAY CORPORATION, a                         )

Pennsylvania corporation;                          )
                                                   )
17) DOES 1 to 25,                                  )
                                                   )
                    Defendants.                    )
                                                   )

D:\06022A01\pleading\sao001Complaint.doc

## COMPLAINT

FIRST CAUSE OF ACTION:

    1.    Plaintiffs above named are husband and wife respectively. Plaintiff MINORU ARAKAKI is hereinafter referred to as "Plaintiff first named"; Plaintiff KATHLEEN M. ARAKAKI is the spouse of Plaintiff MINORU ARAKAKI and is hereinafter referred to as "Plaintiff second named".

    2.    Plaintiffs are residents of the City and County of Honolulu, State of Hawai`i; Defendant 1) CRANE COMPANY, a Delaware corporation, (hereinafter also "CRANE CO."); Defendant 2) AURORA PUMP COMPANY, a foreign corporation, (hereinafter also "AURORA"); Defendant 3) BAYER CROPSCIENCE, INC., successor-in-interest to RHONE-POULENC AG COMPANY, f/k/a AMCHEM PRODUCTS, INC., f/k/a BENJAMIN FOSTER PRODUCTS COMPANY, a foreign corporation, (hereinafter also "BAYER"); Defendant 4) UNION CARBIDE CORPORATION, a New York corporation, (hereinafter also "UNION CARBIDE"); Defendant 5) AIR & LIQUID SYSTEMS CORPORATION, Successor-by-merger to BUFFALO PUMPS, INC., a New York corporation, (hereinafter also "BUFFALO"); Defendant 6) CERTAINTEED CORPORATION, a Delaware corporation, (hereinafter also "CERTAINTEED"); Defendant 7) CLEAVER-BROOKS, INC., a Delaware corporation, (hereinafter also "CLEAVER-BROOKS"); Defendant 8) GOULDS PUMPS, INC., a Delaware

3

corporation, (hereinafter also "GOULDS"); Defendant 9) IMO INDUSTRIES, INC., individually and as successor-in-interest to DELAVAL TURBINE, INC., and f/k/a IMO DELAVAL, INC., TRANSAMERICA DELAVAL INC., and DELAVAL STEAM TURBINE COMPANY, a Delaware corporation, (hereinafter also "IMO"); Defendant 10) INGERSOLL RAND CO., a New Jersey corporation, (hereinafter also "INGERSOLL RAND"); Defendant 11) JOHN CRANE, INC., a Delaware corporation, (hereinafter also "JOHN CRANE"); Defendant 12) THE LYNCH CO., INC., a Hawai'i corporation, (hereinafter also "LYNCH CO."); Defendant 13) METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, (hereinafter also "MET LIFE"); Defendant 14) WARREN PUMPS, INC., a Delaware corporation, (hereinafter also "WARREN"); Defendant 15) THE WILLIAM POWELL COMPANY, an Ohio corporation, (hereinafter also "POWELL"); Defendant 16) YARWAY CORPORATION, a Pennsylvania corporation, (hereinafter also "YARWAY") and Defendant 17) DOES 1 to 25, were doing business in the State of Hawai'i at all times mentioned herein.

3.      The true names and capacities, whether individual, corporate, partnership, or otherwise, of Defendants DOE 1 to 25, inclusive, and each of them, are unknown to Plaintiffs, who, therefore, sue these Defendants by such fictitious names and will ask leave of court to amend this Complaint when the same shall have been ascertained; Plaintiffs are informed and believe and upon such information and belief state the fact to be that each Defendant designated herein as a "DOE" was responsible, negligently, or in some manner, for the events and happenings referred to herein and that DOES 1 to 25 negligently manufactured, sold and/or supplied asbestos products and/or certain equipment (including but not limited to pumps, boilers, turbines, compressors, condensers, valves, distillers and electrical equipment) containing asbestos products to the United States Navy and other shipyards and ships for use in the general

overhaul, building, refitting and maintenance of ships which Plaintiff worked on, which included the use of asbestos materials.

4. Plaintiffs are informed and believe, and upon such information and belief, allege that at all times and places mentioned herein, each of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, YARWAY, POWELL and WARREN) was the agent or co-conspirator of each of the remaining Defendants, and was at all times and places mentioned herein acting within the purpose and scope of said agency or conspiracy.

5. Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN) above named, manufactured, sold and/or supplied certain generically similar asbestos products which were ultimately used by insulators and others, and/or to which they came in contact, while working in their trades and occupations in the State of Hawai`i and other locations. Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN) above named also manufactured, sold and/or supplied certain generically similar asbestos products to Pearl Harbor Naval Shipyard and other shipyards and ships for use in the general overhaul, building, refitting and maintenance of ships. Defendants AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL, and WARREN, sold and supplied certain equipment to the United States Navy and Pearl Harbor Naval Shipyard and other shipyards, which contained asbestos gaskets and/or packing, required asbestos insulation, or required other asbestos containing parts to function properly. This equipment includes but is not limited to the following: AURORA (circulating pumps, distiller feed pumps, main

5

condensate pumps, boiler feed pumps, freshwater pumps, fire pumps, with auxiliary turbines);
BUFFALO (brine overboard pumps, fire and flushing pumps, main and auxiliary condensate
pumps, main feed pumps, freshwater drain pumps, evaporator feed pumps, distiller pumps, main
feed booster pumps, with auxiliary turbines, CLEAVER-BROOKS (auxiliary boilers, distilling
plants, distillers, evaporators), and through its predecessor Davis Engineering (fuel oil heaters,
heat exchangers, feed water heaters); CRANE CO. (steam valves, gate valves, globe valves,
check valves) and through its predecessors Cochrane (deaerating tanks) and Chapman (valves);
GOULDS (trim pumps, circulating pumps, lube oil and salt water pumps); IMO (fuel oil service
pumps, main lube oil service pumps, main feed pumps, fuel oil booster pumps, auxiliary
turbines; WARREN (main and emergency feed pumps, fire and bilge pumps, fire and flushing
pumps, main condensate pumps, high pressure and low pressure brine pumps, main condenser
circulating pumps); YARWAY (impulse traps, boiler glass gauges, steam traps, valves); all
which contained asbestos insulation, asbestos gaskets and/or asbestos packing, and all which
used asbestos-containing parts to function properly.

6.     Plaintiff first named was engaged in his employment as an electronics mechanic
at Pearl Harbor Naval Shipyard during the approximate years 1946 to 1978 where asbestos
products and asbestos-containing equipment were being used. He worked in and on ships where
Defendants' products were being used and was repeatedly exposed to great quantities of
asbestos, asbestos dust and asbestos fibers during the repair and maintenance of equipment. On
these and other occasions, MINORU ARAKAKI, inhaled asbestos dust and fibers released
during the use of Defendants' products.     These exposures and inhalation directly and
proximately caused Plaintiff first named to develop Asbestosis and other asbestos-related

6

diseases and injuries to his lungs, chest cavity, cardiovascular system and other parts of his body, and which were not discovered and/or were disguised until about October 2010.

7.  The said injuries to Plaintiffs were caused by the negligence of Defendants, and each of them.

8.  At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), and each of them, negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, recommended and delivered the hereinabove described certain asbestos products in such manner so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are customarily treated, used and employed; and, that said Defendants, and each of them, negligently failed to discover said defects and/or failed to warn and/or adequately test and give adequate warning of known or knowable dangers of asbestos products to users of said products of said defects and dangers and/or failed to find or use a safe substitute insulating material.

9.  At all times and places mentioned herein, Defendants, and each of them, carelessly and negligently permitted dangerous and defective asbestos products to exist at the hereinabove described locations; and furthermore, Defendants, and each of them, negligently failed to provide Plaintiff first named a safe place of employment by reason of their acts, omissions and conduct. The only claims against AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, YARWAY, POWELL and WARREN are for negligent failure to warn of the dangers of asbestos.

7

10.    As a result of the above, Plaintiff first named contracted Asbestosis and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system, and other bodily injuries, including shock, great pain of mind and body, fear of cancer and fear of death, and has been permanently injured.

11.    As a further result of the above, Plaintiffs have incurred medical bills and miscellaneous expenses, and asks leave to amend this Complaint to show the total thereof at the trial.

12.    As a further result of the above, Plaintiffs sustained wage losses, to be shown at the time of trial.

SECOND CAUSE OF ACTION:

13.    Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 12 of the First Cause of Action.

14.    At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining for sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos products.

15.    Hereinabove described asbestos products were in substantially the same condition as at the time of design, manufacture, assembly, testing, inspection, marketing, distribution and sale.

16.    At all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were unreasonably dangerous and in a defective condition as to design and marketing, and Defendants (except AURORA, BUFFALO, CLEAVER-

8

BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), failed to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos products, all of which directly and proximately resulted in the injuries and damages sustained by Plaintiffs. The only claims against AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, YARWAY, POWELL and WARREN are for strict liability failure to warn of the dangers of asbestos in association with their products.

17. By reason of the premises, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), and each of them, are strictly liable to Plaintiffs.

THIRD CAUSE OF ACTION:

18. Paragraphs 1 through 17 are realleged and incorporated herein by reference.

19. At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), and each of them, at the time of design, manufacture, and sale of said asbestos products expressly and impliedly warranted that said asbestos products as hereinabove described were of merchantable quality, properly designed, manufactured and reasonably fit and suitable for ordinary use in the ship construction, ship overhaul and ship refitting industries.

20. At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN), and each of them, breached said warranty, in that, among other things, said asbestos products were not of merchantable quality nor properly

9

designed nor manufactured nor fit for ordinary use in the industry; that said asbestos products were designed, manufactured, fabricated, assembled, supplied, marketed, sold and distributed in such a dangerous and defective condition that said asbestos products were reasonably likely to, and did, cause injury by reason of Defendants' design and manufacture and failure to warn; and further said asbestos products could not safely be used by a person exercising ordinary and reasonable care.

21.    As a direct and proximate result of these breaches of expressed and implied warranties, Plaintiffs suffered injury, disease, and damage as is herein set forth.

FOURTH CAUSE OF ACTION:

22.    Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23.    As a direct and proximate result of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN) manufacturing asbestos insulation materials and placing them in the stream of interstate commerce, Plaintiffs have been injured as described herein.

24.    Plaintiffs, through no fault of their own, may not be able to identify any or all asbestos products which caused the injuries stated herein.

25.    Each Defendant manufacturer (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, YARWAY, POWELL and WARREN) is liable for Plaintiff's injuries in proportion to that Defendant manufacturer's share of the asbestos materials market.

FIFTH CAUSE OF ACTION:

26.    Paragraphs 1 through 25 are realleged and incorporated herein by reference.

10

27.     As a direct and proximate result of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN) manufacturing asbestos materials and placing them in the stream of interstate commerce, and their subsequent use in the insulation and other trades, private industries and in shipyards and on ships, and so that the aforesaid described materials came into use by Plaintiff first named, and/or to which he came in contact, Plaintiffs have been injured as described herein.

28.     There is a high probability that the injuries stated herein were caused by the tortious behavior of some one of the Defendants.

29.     Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL and WARREN) concertedly adhered to a dangerous, industry-wide safety standard in their manufacture of the asbestos products.

30.     Each Defendant manufacturer is liable to Plaintiffs for all injuries stated herein by virtue of industry-wide or enterprise liability.

SIXTH CAUSE OF ACTION:

31.     Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32.     At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, YARWAY, POWELL, and WARREN), and each of them, so designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and/or delivered the hereinabove described certain asbestos products so as to know said asbestos products to be in a defective and unsafe condition, and unfit for use in the

11

way and manner such products are normally used and intentionally caused the injuries hereinabove described to Plaintiff first named in his capacity as an electronics mechanic.

SEVENTH CAUSE OF ACTION:

33.     Paragraph 1 through 32 are realleged and incorporated herein by reference.

34.     By reason of the injuries to Plaintiff first named, MINORU ARAKAKI, Plaintiff second named, KATHLEEN M. ARAKAKI, suffered loss of affection, society, company, support, consortium, companionship, comfort and protection and suffered serious emotional distress.

EIGHTH CAUSE OF ACTION:

35.     Paragraphs 1 through 34 are realleged and incorporated herein by reference.

36.     Beginning in the late 1920's, conspirators Defendants Met Life, Johns-Manville, Raybestos-Manhattan and others undertook a duty to conduct research on asbestos-related health problems and to inform the consuming public about any health risks that could be associated therewith. In approximately 1929, Met Life, through its agents and employees acting within the scope of their agency and employment, including but not limited to Dr. Anthony J. Lanza, (hereinafter also referred to as "Lanza"), began an investigation of asbestos-related health hazards. In 1935, this study was altered by Lanza, with the full knowledge of Met Life, at the request of and in concert with the asbestos industry in order to wrongly influence the United States Public Health Service, the United States medical community and various state legislatures.

37.     Thereafter, Defendant Met Life through the acts and omissions of its employees, most notably Dr. Lanza, undertook a series of activities with various members of the asbestos industry including but not limited to Johns-Manville, Raybestos-Manhattan, United States Gypsum, American Brake Blok, and others to suppress and misrepresent the dangers of exposure

12

to asbestos dust to employees of Met Life's insureds and the general public and the medical community.

38.    The conspirators through their agent, Dr. Lanza of Met Life, made a concerted effort to discredit and to terminate the studies and experiments of certain scientists who were developing data of profound importance for the area of public health in relation to the cancer hazard which existed for workers and bystanders in the asbestos industry.

39.    As a direct and proximate result of Met Life's intentional publication of deceptive and misleading medical data and information, and other conspiratorial acts and omissions, Defendants caused asbestos to be used in the occupational settings from which MINORU ARAKAKI breathed asbestos dust which resulted in Plaintiffs' injuries. Defendant Met Life, through its agents and employees and officers, aided and abetted and gave substantial assistance to Johns-Manville and Raybestos-Manhattan in their tortious selling of asbestos products and voluntarily undertook a duty to warn the United States Navy, the United States Public Health Service, the medical community, and others about the danger of asbestos and consciously and negligently misrepresented the dangers of asbestos to the United States Navy, the United States Public Health Service, the medical community, and others, all to the ultimate harm of Plaintiffs herein.

40.    Additionally and alternatively, as a direct and proximate result of Met Life's actions and omissions, Plaintiffs were caused to remain ignorant of all the dangers of asbestos resulting in Plaintiffs, their agents, employers and the general public to be unaware of the true and full dangers of asbestos, deprive Plaintiff first named of the opportunity to decide for himself whether he wanted to take the risk of being exposed to asbestos, denied MINORU ARAKAKI

13

the opportunity to take precautions against the dangers of asbestos and proximately caused Plaintiffs' damages herein.

NINTH CAUSE OF ACTION:

41.    Paragraphs 1 through 40 are realleged and incorporated herein by reference.

42.    Plaintiff MINORU ARAKAKI and others in his position worked in close proximity to the asbestos and asbestos-related insulation materials of Defendants, and the presence of Plaintiff first named, as well as others in his position, was known, or, in the exercise of reasonable care, should have been anticipated by the Defendants, and each of them.

43.    The Defendants and each of them, have been possessed since 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos related insulation products, were hazardous to the health and safety of Plaintiff first named and others in his position, and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Plaintiffs have been severely damaged as is set forth below.

44.    At all times and places mentioned herein, Defendants, and each of them, so negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and delivered the hereinabove described certain asbestos products so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such equipment is customarily treated, used, and employed in a manner as to amount to reckless and wanton disregard for the safety,

14

health, welfare, and feelings of Plaintiffs, and for that reason, Plaintiffs claim punitive damages against each Defendant, in the amount shown at trial.

WHEREFORE, Plaintiffs demands judgment against Defendants in an amount of damages that is within the minimum jurisdictional limits of this Court, as follows:

1.  General damages as are proven at the time of trial;

2.  Special damages as are proven at the time of trial;

3.  Punitive damages as are proven at the time of trial;

4.  For costs incurred herein; and

5.  For such other and further relief as may be deemed just and equitable in the premises, including, but not limited to, prejudgment interest.

Respectfully submitted,

GARY O. GALIHER
L. RICHARD DeROBERTIS
DIANE T. ONO
ILANA K. WAXMAN
SCOTT K. SAIKI
TODD W. EDDINS
MICHAEL A. RAGSDALE
Attorneys for Plaintiffs

15

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| IN RE:<br>HAWAI'I STATE ASBESTOS CASES | CIVIL NO. _____ (RAN)<br>(Toxic Tort/Asbestos Personal Injury) |
| This Document Applies To: | **SUMMONS** |
| MINORU ARAKAKI and<br>KATHLEEN M. ARAKAKI, | |
| Plaintiffs, | |
| vs. | |
| 1) CRANE COMPANY, a Delaware<br>corporation; | |
| 2) AURORA PUMP COMPANY, a foreign<br>corporation; | |
| 3) BAYER CROPSCIENCE, INC.,<br>successor-in-interest to RHONE-POULENC<br>AG COMPANY, f/k/a AMCHEM<br>PRODUCTS, INC., f/k/a BENJAMIN<br>FOSTER PRODUCTS COMPANY, a<br>foreign corporation; | |
| 4) UNION CARBIDE CORPORATION, a<br>New York corporation; | |
| 5) AIR & LIQUID SYSTEMS<br>CORPORATION, Successor-by-merger to<br>BUFFALO PUMPS, INC., a New York<br>corporation ; | |
| 6) CERTAINTEED CORPORATION, a<br>Delaware corporation; | (Not Assigned Trial Date) |
| 7) CLEAVER-BROOKS, INC., a Delaware<br>corporation; | Complex Litigation<br>Judge: Honorable Rhonda A. Nishimura |
| 8) GOULDS PUMPS, INC., a Delaware<br>corporation; | |

9) IMO INDUSTRIES, INC., individually )
and as successor-in-interest to DELAVAL )
TURBINE, INC., and f/k/a IMO )
DELAVAL, INC., TRANSAMERICA )
DELAVAL INC., and DELAVAL STEAM )
TURBINE COMPANY, a Delaware )
corporation; )
                                        )
10) INGERSOLL RAND CO., a New )
Jersey corporation; )
                                        )
11) JOHN CRANE, INC., a Delaware )
corporation; )
                                        )
12) THE LYNCH CO., INC., a Hawai`i )
corporation; )
                                        )
13) METROPOLITAN LIFE INSURANCE )
COMPANY, a New York corporation; )
                                        )
14) WARREN PUMPS, LLC, a Delaware )
corporation; )
                                        )
15) THE WILLIAM POWELL )
COMPANY, an Ohio corporation; )
                                        )
16) YARWAY CORPORATION, a )
Pennsylvania corporation; )
                                        )
17) DOES 1 to 25, )
                                        )
            Defendants. )
                                        )

## S U M M O N S

STATE OF HAWAI`I

To the above-named Defendants:

You are hereby summoned and required to serve upon GALIHER DeROBERTIS ONO,

Plaintiffs' attorneys, whose address is 610 Ward Avenue, Honolulu, Hawai`i 96814-3308, an

2

answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawai'i, _____ JUN − 8 2011 _____ .

S. TAMANAHA     **SEAL**

CLERK OF THE ABOVE-ENTITLED COURT

3

# EXHIBIT A

<u>ASBESTOS PLAINTIFF'S SUMMARY SHEET</u>

D:\06022A01\pleading\ABC01SSheet.doc

**PRIMARY PLAINTIFF**:  ARAKAKI, MINORU

Social Security No:  317-12-XXXX

Periods of Exposure:  1946 – 1978

Date of Birth:  06/08/1922

Date of Death:  N/A

Cause of Death:  N/A

<u>Retirement</u>

 Year:  1978

 Age:  55

<u>Disability</u>

 Year:   N/A.

 Age:

 Cause:

**Smoking History:**

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| 1. | (a) | Type: | Cigarettes | | |
| | (b) | Yr Start: | approx. 1939 | Yr Ended: | 1954 |
| | | Pack/Day: | approx. 0.5 to 1 ppd | | |
| | (c) | Reason Stopped: | My children were being born. | | |
| | | Why Restart: | N/A. | | |
| | (d) | Dr Advised?: | No. | | Date: |
| | | Name and Address: | | | |

   2.  very occasional cigar

**EMPLOYMENT:**

1. (a) Name:       Pearl Harbor Naval Shipyard, Shop 67
      Address:
   (b) Employed From:       March 1946       To:       January 1978
   (c) Job Description:   Apprentice electrician, apprentice radio
                          mechanic, apprentice electronics mechanic,
                          helper radio mechanic, electronic mechanic,
                          shop planner electronic mechanic, planning
                          department planning & estimating division
                          (planner & estimator electronics mechanic).

                          On ships and submarines, performed the
                          following work: remove and test existing
                          electronic equipment, remove existing
                          electronic equipment and deliver to shop for
                          repair, reinstall and test. Install and test new
                          electronic equipment and relocated electronic
                          equipment.

2. (a) Name:       U.S. Army
      Address:
   (b) Employed From:       1943       To:       1945
   (c) Job Description:   PFC; 442nd Infantry Regiment

3. (a) Name:       Grand Leader Dept. Store
      Address:   Fort Wayne, IN
   (b) Employed From:       1942       To:       1943
   (c) Job Description:   Part-time laborer

4. (a) Name:       Perfection Bakery
      Address:   Fort Wayne, IN
   (b) Employed From:       1942       To:       1943
   (c) Job Description:   Part-time laborer

5. (a) Name:       Millers Cafeteria
      Address:   Fort Wayne, IN
   (b) Employed From:       1940       To:       1942
   (c) Job Description:   Part-time busboy

6. (a) Name:       YMCA
      Address:   Honolulu, HI
   (b) Employed From:       1939       To:       1940
   (c) Job Description:   Part-time messenger, deliver person

7.  (a)  Name:  Castle & Cooke (Libby Plantations)
         Address:  Maunaloa, Molokai
    (b)  Employed:  Part-time during the summers of 1937,
                    1938 and 1939
    (c)  Job Description:  Picking pineapple, checker

**ASBESTOS PRODUCTS:**

Type:  Mud/Cement

Trade Name(s):

Manufacturer:

Dates of Exposure:  1946 – 1978


Type:  Pipe covering/Lagging/Mastic

Trade Name(s):

Manufacturer:

Dates of Exposure:  1946 – 1978


Type:  Block/Refractory Products

Trade Name(s):

Manufacturer:

Dates of Exposure:  1946 – 1978


Type: Cloth

Trade Name(s):

Manufacturer:

Dates of Exposure:  1946 – 1978

Type: <u>Gasket/Packing</u>

Trade Name(s):

Manufacturer:

Dates of Exposure:  1946 – 1978


Type:  <u>Rope</u>

Trade Name(s):

Manufacturer:

Dates of Exposure:  1946 – 1978


Type:  <u>Other:  Pumps, Turbines, Valves</u>

Trade Name(s):

Manufacturer:

Dates of Exposure:  1946 – 1978

**PRIOR CLAIMS FOR ASBESTOS RELATED INJURY:**

Worker's Comp.:  N/A.

Disability:  N/A.

Lawsuit:  N/A.

**MEDICAL HISTORY:**

Diagnosis:  Asbestosis

Date:  October 2010

Symptoms:

Treating Physician:  Thomas Pollard, D.O.


Diagnosis:  _____

Date:  1990s to present

Symptoms:  Primary Care

Treating Physician:  Stephen K. Miyasato, M.D.


Diagnosis:

Date:

Symptoms:

Treating Physician:


Diagnosis:

Date:

Symptoms:

Treating Physician:


Diagnosis:

Date:

Symptoms:

Treating Physician:

**SPOUSE AND DEPENDENTS:**

Name:  Kathleen M. Arakaki

Relation:  spouse

Date of Birth:  05/04/1927

Date of Marriage:  10/27/1951

**SPECIAL DAMAGES CLAIMED:**

Medical/Hospital:  To be provided.

Loss of Wages:  To be provided.

Burial:  N/A.

9

## DECLARATION UNDER PENALTY OF PERJURY

D:\06022A01\pleading\ABC01SSheet.doc

I, MINORU ARAKAKI, hereby declare pursuant to Circuit Rule 7(g), Rules of the Circuit Court of the State of Hawai`i, that I have personal knowledge of the following facts and I am competent to testify as follows:

1. I declare that the foregoing Asbestos Plaintiff Summary Sheet is true and correct to the best of my knowledge.

2. I declare under penalty of perjury that the foregoing is true and correct.

Date: _6 - 2 - 2011_

MINORU ARAKAKI

Of Counsel:
GALIHER DeROBERTIS ONO
Law Corporations

| | |
|---|---|
| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| DIANE T. ONO | 5590 |
| ILANA K. WAXMAN | 8733 |
| SCOTT K. SAIKI | 5595 |
| TODD W. EDDINS | 5544 |
| MICHAEL A. RAGSDALE | 8382 |

610 Ward Avenue
Honolulu, Hawai`i 96814-3308
Telephone: (808) 597-1400

Attorneys for Plaintiffs

[1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2011 JUN -8 AM 9: 24

S. TAMANAHA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

IN RE:
HAWAI`I STATE ASBESTOS CASES

This Document Applies To:

MINORU ARAKAKI and
KATHLEEN M. ARAKAKI,

      Plaintiffs,

  vs.

CRANE COMPANY, etc., et al.,

      Defendants.

D:\06022A01\pleading\Req to Ex CAAP.doc

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 11-1-1157-06 (RAN)

(Toxic Tort/Asbestos Personal Injury)

REQUEST TO EXEMPT CASE FROM THE
COURT ANNEXED ARBITRATION
PROGRAM; SUMMARY OF FACTS

(Not Assigned Trial Date)

Complex Litigation
Judge: Honorable Rhonda A. Nishimura

REQUEST TO EXEMPT CASE FROM THE
COURT ANNEXED ARBITRATION PROGRAM

COME NOW Plaintiffs by and through their attorneys undersigned, and hereby request that the above entitled matter be exempt from the Court Annexed Arbitration Program, as the probable jury award value, not reduced by the issue of liability, and exclusive of attorney's fees, interest and cost, is in excess of $150,000.00.  Also, this case is for asbestos-related personal injuries and is automatically assigned to complex litigation pending before the Honorable Rhonda A. Nishimura.

This request is made pursuant to Rule 8(A) of the Hawai`i Arbitration Rules, as amended, and the Summary of Facts attached hereto.

DATED:  Honolulu, Hawai`i, _____ **JUN 0 8 2011**

GARY Ø. GALIHER
L. RICHARD DeROBERTIS
DIANE T. ONO
ILANA K. WAXMAN
SCOTT K. SAIKI
TODD W. EDDINS
MICHAEL A. RAGSDALE
Attorneys for Plaintiffs

2

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

IN RE:                                          )      CIVIL NO. _____ (RAN)
HAWAI'I STATE ASBESTOS CASES                    )
                                                )      (Toxic Tort/Asbestos Personal Injury)
This Document Applies To:                       )
                                                )
MINORU ARAKAKI and                              )      SUMMARY OF FACTS
KATHLEEN M. ARAKAKI,                            )
                                                )
          Plaintiffs,                           )
                                                )
     vs.                                        )
                                                )      Trial Date:  Not Assigned
CRANE COMPANY, etc., et al.,                    )      Complex Litigation
                                                )      Judge:  Honorable Rhonda A. Nishimura
          Defendants.                           )
                                                )
                                                )
_____       )
D:\06022A01\pleading\Req to Ex CAAP.doc

## SUMMARY OF FACTS

    1.     Plaintiff MINORU ARAKAKI has Asbestosis and other asbestos related diseases as a result of being exposed to asbestos.

    2.     This is a complex asbestos products liability action against seventeen (17) corporate defendants who manufactured the asbestos containing products which caused plaintiff's injuries.  This is subject to the complex asbestos litigation designation pending before the Honorable Rhonda A. Nishimura.

    3.     Punitive damage claims are also being made against several defendants.

4.      Therefore we believe the probable jury award will be in excess of $150,000.00,

and ask that this case be exempted from the Court Annexed Arbitration Program.

DATED:  Honolulu, Hawai`i, _____ JUN 0 8 2011 _____.

GARY O. GALIHER
L. RICHARD DeROBERTIS
DIANE T. ONO
ILANA K. WAXMAN
SCOTT K. SAIKI
TODD W. EDDINS
MICHAEL A. RAGSDALE
Attorneys for Plaintiffs

2



049J82047615

$07.030

06/08/2011

Mailed From 96814

US POSTAGE

neopost

049J82047615

$00.600

06/15/2011

Mailed From 96814

US POSTAGE

neopost

RETURN RECEIPT
REQUESTED

GALIHER DeRoBERTIS ONO

Attorneys at Law

610 Ward Avenue • Honolulu, Hawaii 96814-3308

To:

IMO Industries, Inc.
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

RETURN RECEIPT
REQUESTED

7010 3090 0001 2659 1967