# Exhibit B

```
                                                FILED
                                          11 APR 06 PM 3:53

                                             KING COUNTY
                                          SUPERIOR COURT CLERK
                                               E-FILED
                                     CASE NUMBER: 11-2-12610-2 SEA
```

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| **SHARON Y. CAIN**, individually and as Personal Representative of the Estate of **GERALD ERNEST CAIN**, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>**ASBESTOS CORP., LTD.;**<br>**CBS CORPORATION** f/k/a **WESTINGHOUSE ELECTRIC CORPORATION;**<br>**E.J. BARTELLS SETTLEMENT TRUST;**<br>**FOSTER-WHEELER ENERGY CORP.;**<br>**GENERAL ELECTRIC COMPANY**, a Delaware corporation;<br>**METROPOLITAN LIFE INSURANCE COMPANY;**<br>**SABERHAGEN HOLDINGS, INC.**, a Washington corporation and<br>**UNIROYAL, INC.,**<br><br>Defendants. | No. 11-2-12610-2 SEA<br><br>AMENDED SUPPLEMENTAL COMPLAINT FOR PERSONAL INJURY AND WRONGFUL DEATH |

## FACTUAL BACKGROUND

1. Plaintiff Sharon Y. Cain, is the surviving spouse of decedent Gerald Ernest Cain. Plaintiff Sharon Y. Cain resides in Port Orchard, Washington.

2. For Decedent Gerald Ernest Cain:

   A. Date of Birth: March 22, 1936

   B. Plaintiff's decedent worked at Puget Sound Naval Shipyard from 1959 to 1991 as a lagger. Gerald Cain's father, Harold Cain, with whom decedent lived as a child from

AMENDED SUPPLEMENTAL COMPLAINT
FOR PERSONAL INJURY AND WRONGFUL
DEATH - 1
N:\ASBESTOS\Cain\P\Amended Complaint.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1936 to 1955, worked at Puget Sound Naval Shipyard. During decedent's employment up until 1978 and as a child in the home of Harold Cain, up until 1955, decedent was exposed to asbestos and asbestos-containing products manufactured and/or sold by defendants, except Metropolitan Life Insurance Company.

C.   Upon information and belief decedent was exposed to the asbestos-containing products of every named defendant in this lawsuit, except Metropolitan Life Insurance Company.

D.   As a result of this exposure, Plaintiff's decedent Gerald Cain developed an asbestos-related disease, mesothelioma. He first learned in approximately June 2010 that he had a mesothelioma, caused by asbestos exposure. Plaintiff's decedent was treated for his asbestos-related disease by Dr. Ann Murphy.

E.   Plaintiff's decedent died from mesothelioma on July 3, 2010.

3.   Defendant CBS Corporation, successor by merger to Viacom, Inc., f/k/a Westinghouse Electric Corporation, is a corporation licensed to do business in the state of Delaware. Westinghouse Electric Corporation and/or its predecessor(s) was engaged in the manufacture, sale, distribution and/or supply of machinery and equipment, including engines, that contained asbestos.

4.   Defendant E.J. Bartells Settlement Trust is a Washington corporation. E.J. Bartells Settlement Trust is the successor in interest to E. J. Bartells Co., which was an insulation contractor performing asbestos insulation work throughout much of the Pacific Northwest.

AMENDED SUPPLEMENTAL COMPLAINT
FOR PERSONAL INJURY AND WRONGFUL
DEATH - 2
N:\ASBESTOS\Cain\P\Amended Complaint.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

5. Defendant General Electric Company is a Delaware corporation, licensed to do business in the state of Washington. General Electric was a manufacturer of engines that contained asbestos.

6. Metropolitan Life Insurance Company was involved in actions to prevent the dissemination of accurate information to the public concerning the hazards of asbestos dust and to cause false or misleading information about the health effects of asbestos to be published. Metropolitan Life Insurance Company acted in concert with and aided and abetted the defendants and other manufacturers of asbestos-containing products in wrongful conduct which was a cause of harm to Plaintiff's decedent.

7. Defendant Saberhagen Holdings, Inc., formerly known as Brower Co., is a Washington corporation licensed to do business in the state of Washington. Saberhagen Holdings manufactured, sold and supplied asbestos containing products.

## DAMAGES

8. Plaintiff's decedent suffered the following damages which survive his death: medical expenses; disease, disability, and death; pain and suffering, both physical and emotional; and loss of ability to enjoy a normal life.

9. Plaintiff Sharon Cain has suffered damages for loss of companionship, services, and consortium during the lifetime of decedent.

10. The statutory beneficiaries of a wrongful death claim, namely Plaintiff and those provided by law, have suffered damages on account of the death of decedent for the loss of monetary contributions the decedent would have made to them; for funeral expenses; and for the loss of love, care, affection, services, companionship, guidance, and society of the Decedent

AMENDED SUPPLEMENTAL COMPLAINT
FOR PERSONAL INJURY AND WRONGFUL
DEATH - 3
N:\ASBESTOS\Cain\P\Amended Complaint.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1  with them. Claims for loss of consortium on behalf of the spouse and children are specifically

2  included within damages claimed pursuant to the preceding statutes.

3      11.    Interest from the date of injury.

4      12.    The aforementioned damages sought from each of the above-named defendants

5  are in an amount to be proved at trial.

## LIABILITY, JURISDICTION AND RELIEF

13. Plaintiff's claims are as set forth in Schroeter, Goldmark & Bender First Amended Style Complaint For Personal Injury and Wrongful Death No. 81-2-08703-5 filed November 10, 1994, in King County Superior Court.

14. Plaintiff's claims against each defendant are based *inter alia* on strict product liability pursuant to Restatement Second of Torts, Section 402A including both design defect and failure to provide warnings and also based on negligence.

DATED this _5th_ day of _April_, 2011.

SCHROETER, GOLDMARK & BENDER

_/s/ Janet L. Rice_
JANET L. RICE, WSBA #9386
Counsel for Plaintiff

AMENDED SUPPLEMENTAL COMPLAINT
FOR PERSONAL INJURY AND WRONGFUL
DEATH - 4
N:\ASBESTOS\Cain\P\Amended Complaint.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305