ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California  94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MARJORIE FOUNDS, as Wrongful Death
Heir, and as Successor-in-Interest to
DONALD FOUNDS, Deceased, and , as
Legal Heirs of DONALD FOUNDS,
Deceased,

        Plaintiff,

vs.

FOSTER WHEELER LLC (FKA FOSTER
WHEELER CORPORATION),
GENERAL ELECTRIC COMPANY,
NORTHROP GRUMMAN
SHIPBUILDING, INC., TODD
SHIPYARDS CORPORATION,
ASBESTOS CORPORATION LIMITED,
METROPOLITAN LIFE INSURANCE
COMPANY, BATH IRON WORKS
CORPORATION,

        Defendants.

No. 

**V 11 2212**

COMPLAINT FOR SURVIVAL,
WRONGFUL DEATH - ASBESTOS;
DEMAND FOR JURY TRIAL

**EMC**

E-filing

## I.

## PARTIES

    1.    Plaintiff in this action is the above-captioned successor-in-interest to, or the

personal representative of the estate of Decedent; and the personal representatives on behalf of

the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as

"Plaintiff."

2.     The person who sustained asbestos-related lung injuries and death as a result of their inhalation of asbestos fibers through the person's occupational exposure to asbestos, hereinafter "Decedent" is, with the date of death: DONALD FOUNDS died December 8, 2010. MARJORIE FOUNDS is the spouse of DONALD FOUNDS and is hereinafter referred to as "surviving spouse."

3.     Decedent sustained an asbestos-related lung disease and death by precisely the following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-containing products at Decedent's jobsites.  The pathogenesis of Decedent's asbestos-related diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by reference herein.

4.     All of plaintiff's claims arise out of a similar series of occurrences:  repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent, resulting in cumulative, progressive, incurable lung diseases.

5.     Each plaintiff claims damages for an asbestos-related disease arising from an identical series of occurrences not dependent on Decedent's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease.  The allegations of plaintiff regarding the nature of Decedent's asbestos-related diseases, the nature of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all identical.

6.     Plaintiff is informed and believes, and thereon allege, that at all times herein mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the ///

1  State of California, and that said defendants have regularly conducted business in the State of
2  California.

3                                          **II.**

4              **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

5       7.    <u>Jurisdiction</u>:  Plaintiff MARJORIE FOUNDS is a citizen of the State of Nevada.
6  Plaintiff(s)  are citizens of the following states, respectively: .

7       Defendants are each corporations incorporated under the laws of and having its principal
8  places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |
| GENERAL ELECTRIC COMPANY | Connnecticut |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | Virginia |
| TODD SHIPYARDS CORPORATION | Washington |
| ASBESTOS CORPORATION LIMITED | Canada |
| METROPOLITAN LIFE INSURANCE COMPANY | New York and Delaware |
| BATH IRON WORKS CORPORATION | Maine |

17
18       This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action
19  between citizens of different states in which the matter in controversy exceeds, exclusive of costs
20  and interest, seventy-five thousand dollars.

21       8.    <u>Venue / Intradistrict Assignment</u>.  Venue is proper in the Northern District of
22  California and assignment to the San Francisco Division of said district is proper as a substantial
23  part of the events or omissions which give rise to the claims asserted by plaintiff herein occurred
24  within the County of San Francisco, California, and Defendants are subject to personal
25  jurisdiction in this district at the time the action is commenced.

26  ///
27  ///
28  ///

                    COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

# III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF MARJORIE FOUNDS COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION, ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY, BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

9.      At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos.  Said entities shall hereinafter collectively be called ALTERNATE ENTITIES.  Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

1  sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

2  rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

3  products containing asbestos.  The following defendants, and each of them, are liable for the acts

4  of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

5  destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

6  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

7  ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each

8  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

9  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

10  originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | AVONDALE INDUSTRIES, INC. |
| | AVONDALE SHIPYARDS, INC. |
| | CONTINENTAL MARITIME INDUSTRIES, INC. |
| | EASTERN IDAHO CONSTRUCTION COMPANY |
| | INGALLS SHIPBUILDING, INC. |
| | NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY |
| | NORTH CAROLINA SHIPBUILDING |
| | NORTHROP GRUMMAN SHIP SYSTEMS, INC. |
| | SERVICE ENGINEERING INDUSTRIES, INC. |
| TODD SHIPYARDS CORPORATION | TODD PACIFIC SHIPYARDS CORPORATION |
| | SEATTLE-TACOMA SHIPBUILDING CORP. |
| ASBESTOS CORPORATION LIMITED | GENERAL DYNAMICS CORPORATION |

25      10.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

26  each of them, were and are engaged in the business of researching, manufacturing, fabricating,

27  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

28  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1   promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

2   warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

3   otherwise directing and/or facilitating the use of, or advertising a certain product, namely

4   asbestos and other products containing asbestos.

5         11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

6   each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

7   fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

8   to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,

9   supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,

10  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

11  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

12  and other products containing asbestos, in that said products caused personal injuries to users,

13  consumers, workers, bystanders and others, including the Decedent herein, (hereinafter

14  collectively called "exposed persons"), while being used in a manner that was reasonably

15  foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by

16  "exposed persons."

17        12.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

18  exercise due care in the pursuance of the activities mentioned above and defendants, and each of

19  them, breached said duty of due care.

20        13.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

21  have known, and intended that the aforementioned asbestos and products containing asbestos and

22  related products and equipment, would be transported by truck, rail, ship, and other common

23  carriers, that in the shipping process the products would break, crumble, or be otherwise

24  damaged; and/or that such products would be used for insulation, construction, plastering,

25  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

26  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

27  breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the

28  release of airborne asbestos fibers, and that through such foreseeable use and/or handling

1  "exposed persons," including Decedent herein, would use or be in proximity to and exposed to

2  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

3  persons working in proximity to said products, directly or through reentrainment.

4        14.    Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-

5  containing products referred to herein in a manner that was reasonably foreseeable.  Decedent's

6  exposure to asbestos and asbestos-containing products is on current information as set forth at

7  various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference

8  herein.

9        15.    As a direct and proximate result of the acts, omissions, and conduct of the

10  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure

11  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

12  or harm to the Decedent as set forth in **Exhibit A,** attached to plaintiff's complaint and

13  incorporated by reference herein.

14        16.    Plaintiff is informed and believes, and thereon allege, that progressive lung

15  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

16  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

17  asbestos and asbestos-containing products over a period of time.

18        17.    Decedent suffered from a condition related to exposure to asbestos and asbestos-

19  containing products.  Decedent was not aware at the time of exposure that asbestos or asbestos-

20  containing products presented any risk of injury and/or disease.

21        18.    As a direct and proximate result of the aforesaid conduct of the defendants, their

22  "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,

23  nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

24  amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this

25  complaint accordingly when the true and exact cost thereof is ascertained.

26        19.    As a direct and proximate result of the aforesaid conduct of the defendants, their

27  ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value

28  of medial care provided by Decedent's family members measured by, inter alia, the costs

1   associated with the hiring a registered nurse, home hospice, or other service provider, the true

2   and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to

3   amend this complaint accordingly when the true and exact costs are known or at time of trial.

4        20.    As a direct and proximate result of the aforesaid conduct of defendants, their

5   ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person,

6   body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and

7   related sequelae, and the mental and emotional distress attendant thereto, and ultimately death,

8   from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven

9   at trial.

10       21.    As a further direct and proximate result of the said conduct of the defendants,

11   their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,

12   entitlements, wages, profits, and commissions, a diminishment of earning potential, and other

13   pecuniary losses, the full nature and extent of which are not yet known to plaintiff, and leave is

14   requested to amend this complaint to conform to proof at the time of trial.

15       22.    As a further direct and proximate result of the said conduct of the defendants,

16   their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-

17   containing products caused severe and permanent injury to Decedent, and ultimately Decedent

18   died on the date previously stated herein.

19       23.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

20   directors and managing agents participated in, authorized, expressly and impliedly ratified, and

21   had full knowledge of, or should have known of, each of the acts set forth herein.

22       24.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the

23   fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

24   and each defendant's officers, directors, and managing agents participated in, authorized,

25   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

26   each of their ALTERNATE ENTITIES as set forth herein.

27       25.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

28   and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in

1   conscious or reckless disregard and indifference to the safety, health, and rights of "exposed

2   persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive

3   damages against said defendants.

4        WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and

5   each of them, as hereinafter set forth.

6   **SECOND CAUSE OF ACTION**<br>(Products Liability - Survival)

7

8        PLAINTIFF MARJORIE FOUNDS AS SUCCESSOR-IN-INTEREST TO THE

9   DECEDENT DONALD FOUNDS COMPLAINS OF DEFENDANTS FOSTER WHEELER

10  LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY,

11  NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION,

12  ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY,

13  BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES,"AND EACH OF

14  THEM; EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

15  ACTION FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

16       26.   Plaintiff incorporates herein by reference, as though fully set forth herein, each

17  paragraph of the First Cause of Action herein.

18       27.   Defendants, their "alternate entities," and each of them, knew and intended that

19  the above-referenced asbestos and asbestos-containing products would be used by the purchaser

20  or user without inspection for defects therein or in any of their component parts and without

21  knowledge of the hazards involved in such use.

22       28.   Said asbestos and asbestos-containing products were defective and unsafe for their

23  intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

24  and/or death. The defect existed in the said products at the time they left the possession of

25  defendants, their ALTERNATE ENTITIES, and each of them. Said products did, in fact, cause

26  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

27  persons," including Decedent herein, while being used in a reasonably foreseeable manner,

28  thereby rendering the same defective, unsafe, and dangerous for use.

29.  "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons." Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which Decedent and others similarly situated were exposed.

30.  In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages, and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

31.  On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons," who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons," who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

///

32.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses.  Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

33.     The above-referenced conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendants, their ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing products.  In pursuance of said financial motivation, said defendants, their ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including Decedent.

///

34.     Plaintiff alleges that the aforementioned defendants, their ALTERNATE ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing products, to be safe for their intended use, but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

35.     Plaintiff relied upon defendants', their ALTERNATE ENTITIES, and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, Decedent suffered permanent injury and death as alleged herein.

36.     As a direct and proximate result of the actions and conduct outlined herein, Decedent have suffered the injuries and damages herein alleged.

WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities", and each of them, as hereinafter set forth.

THIRD CAUSE OF ACTION
(Negligence - Wrongful Death)

PLAINTIFF MARJORIE FOUNDS, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO DONALD FOUNDS DECEASED, AND PLAINTIFF(S) AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION, ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY, BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

37.     Plaintiff incorporates by reference each paragraph contained within the First Cause of Action as though fully set forth herein.

38.     The heirs at law of the Decedent and their relationship to the Decedent is set forth above.

///

39.    The individuals set forth as heirs constitute all of the surviving heirs of the Decedent.

40.    As a direct and proximate result of the conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-containing products caused Decedent to develop diseases from which condition Decedent died. Plaintiff was unaware that the death caused by asbestos-related disease until within one year of filing the complaint.

41.    At all times prior to his death, Decedent was a faithful and dutiful spouse to the surviving spouse.

42.    As a direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss of care, society, comfort, attention, services, and support of Decedent all to the damage of Decedent's heirs.

43.    As a further direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount currently not ascertained.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Products Liability - Wrongful Death)

PLAINTIFF MARJORIE FOUNDS, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO DONALD FOUNDS DECEASED, AND PLAINTIFF(S) AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION, ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY, BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF

ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS
FOLLOWS:

44.     Plaintiff incorporates herein by reference, as though fully set forth herein, each
paragraph of the First, Second and Third Causes of Action herein.

45.     As a direct and proximate result of the conduct of defendants, and each of them,
Decedent's heirs have sustained the injuries and damages previously alleged.

WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and
each of them, as hereinafter set forth.

### IV.

### DAMAGES AND PRAYER

WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and
each of them in an amount to be proved at trial in each individual case, as follows:

(a)     For plaintiff's general damages according to proof;

(b)     For plaintiff's loss of income, wages and earning potential according to proof;

(c)     For plaintiff's medical and related expenses according to proof;

(d)     For plaintiff's cost of suit herein;

(e)     For exemplary or punitive damages according to proof;

(f)     For damages for fraud according to proof; and

(g)     For such other and further relief as the Court may deem just and proper, including
costs and prejudgment interest.

Dated:   4/25/11                          BRAYTON✦PURCELL LLP

                                          By: _____
                                              David R. Donadio
                                              Attorneys for Plaintiff


### JURY DEMAND

Plaintiff hereby demands trial by jury of all issues of this cause.

Dated:   4/8/11                           BRAYTON✦PURCELL LLP

                                          By: _____
                                              David R. Donadio
                                              Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1          EXHIBIT A

2    Decedent:  DONALD FOUNDS, Deceased.

3

4    Decedent's injuries:  Decedent was diagnosed with esophageal cancer, asbestosis and asbestos-

5    related pleural disease on or about April 2004.

6

7    Decedent died on December 8, 2010.

8

9    Retirement Status:  Decedent retired from his last place of employment at regular retirement age.

10   He had therefore suffered no disability from his asbestos-related disease as "disability" is defined

11   in California Code of Civil Procedure § 340.2.

12

13   Defendants:  Plaintiff contends that the asbestos-containing products to which Decedent was or

14   may have been exposed to were manufactured, supplied, distributed, installed and/or contracted

15   for by defendants and each of them.   Decedent's exposure to asbestos occurred at the following

16   times and places, and involved exposure to dust created by the contractors and the products of the

17   entities listed below.  The exposure includes, but is not limited, to the following presently known

18   contractors and the manufacturers and distributors of asbestos-containing products:

19

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | DOYLE (DMS-34) | Boiler Tender/ Fireroom Apprentice | 06/1950-07/1952 |
| | Japan | | |
| | Korea | | |
| US Navy | Naval Air Station North Island, San Diego, CA | Boiler Tender | 07/1952-12/1953 |
| /// | THOMPSON (DMS-38) | | |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| US Navy | Long Beach Naval Shipyard Long Beach, CA | Boiler Tender | 07/1952-12/1953, approximately 2 to 3 months |
| US Navy | Norfolk Naval Shipyard, Portsmouth, VA | Boiler Tender | 06/1954-02/1956; 06/1956-01/1957 |
| | INTREPID (CV-11) | | 3 years |
| | Naval Air Station, Pensacola, FL | | |
| | US Navy, Cuba | | |
| | ACTD Naval Air Development Center, Warminster, PA (Boiler Tender School) | | 2/1956 - 5/1956 |
| US Navy | Naval Repair Facility, San Diego, CA | Boiler Tender | 1959 |
| | BENNINGTON (CVA-20) | | 03/1959-12/1959 |
| US Navy | Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 01/1960-05/1962 |
| | EARNEST G. SMALL (DD-838) | | |
| | Hunters Point Naval Shipyard, San Francisco, CA | | 1961 (approximately 6 months) |
| | Vietnam | | |
| US Navy | Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 05/1962-09/1964 |
| | E.F. LARSON (DDR-830) | | |
| | Naval Repair Facility, Sasebo, Japan | | |
| | Pearl Harbor Naval Shipyard, Honolulu, HI | | |
| | Naval Air Station, Midway Island | | |

///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| | Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|---|
| 1 | | | | |
| 2 | US Navy | Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 09/1964-02/1966 |
| 3 | | | | |
| 4 | | McKEAN (DD-784) | | |
| 5 | | Naval Repair Facility, Sasebo, Japan | | |
| 6 | | | | |
| 7 | US Navy | Naval Station, Treasure Island, San Francisco, CA | Boiler Tender | 02/1966-08/1967 |
| 8 | | | | |
| 9 | | TWINNING (DD-540) | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | |
| 28 | | | | |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

ADRMOP, E-Filing

## U.S. District Court
## California Northern District (San Francisco)
## ~~CIVIL DOCKET FOR CASE #: 3:11-cv-02212-JSW~~

Founds v. Foster Wheeler LLC et al
Assigned to: Hon. Jeffrey S. White
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 05/05/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Marjorie Founds**
*as Wrongful Death Heir, and as*
*Successor-in-Interest to Donald Founds,*
*Deceased, and as Legal Heir of Donald*
*Founds, Deceased*

represented by **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**General Electric Company**

represented by **Allison Michele Low**
Sedgwick
One Market Plaza
Steuart Tower 8th Fl
SF, CA 94105
415-781-7900
Fax: 415-781-2635
Email: allison.low@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Northrop Grumman Shipbuilding, Inc.**

**Defendant**

**Todd Shipyards Corporation**

**Defendant**

**Asbestos Corporation Limited**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Bath Iron Works Corporation**

**Defendant**

**Puget Sound Commerce Center, Inc.**        represented by   **George D. Yaron**
Yaron & Associates
601 California Street, 21st Floor
San Francisco, CA 94108-2281
415-658-2929
Fax: 415-658-2930
Email: gyaron@yaronlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/05/2011 | 1 | COMPLAINT; summons issued against Asbestos Corporation Limited, Bath Iron Works Corporation, Foster Wheeler LLC, General Electric Company, Metropolitan Life Insurance Company, Northrop Grumman Shipbuilding, Inc., Todd Shipyards Corporation (Filing fee $ 350, receipt number 34611059505). Filed by Marjorie Founds. (Attachments: # 1 Civil Cover Sheet, # 2 Summons) (slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/05/2011 | 2 | Certificate of Interested Entities or Persons by Marjorie Founds. (slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/05/2011 | 3 | NOTICE of Tag-Along Action by Marjorie Founds. (slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/05/2011 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Marjorie Founds. (slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/05/2011 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 8/10/2011. Case Management Conference set for 8/17/2011 01:30 PM. (Attachments: # 1 Standing Order)(slh, COURT STAFF) (Filed on 5/5/2011) |

| | | |
|---|---|---|
| | | (Entered: 05/06/2011) |
| 05/05/2011 | | CASE DESIGNATED for Electronic Filing. (slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/13/2011 | 6 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (bpf, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/13/2011) |
| 05/13/2011 | | ***EMC Deadlines terminated. 6 Clerk's Notice of Impending Reassignment. (bpf, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/13/2011) |
| 05/16/2011 | 7 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeffrey S. White for all further proceedings. Judge Magistrate Judge Edward M. Chen no longer assigned to the case.. Signed by Executive Committee on 5/16/11. (as, COURT STAFF) (Filed on 5/16/2011) (Entered: 05/16/2011) |
| 05/16/2011 | 8 | INITIAL SCHEDULING CONFERENCE ORDER: Case Management Conference set for 8/26/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco. Case Management Statement due by 8/19/2011.. Signed by Judge JEFFREY S. WHITE on 5/16/11. (jjoS, COURT STAFF) (Filed on 5/16/2011) (Entered: 05/16/2011) |
| 07/22/2011 | 9 | ANSWER to Complaint *Answer of Defendant Puget Sound Commerce Center, Inc., erroneously sued as and formerly known as Todd Shipyards Corporation to Plaintiff's Complaint for Survival, Wrongful Death - Asbestos* byPuget Sound Commerce Center, Inc.. (Yaron, George) (Filed on 7/22/2011) (Entered: 07/22/2011) |
| 07/22/2011 | 10 | DEMAND for Trial by Jury by Puget Sound Commerce Center, Inc.. (Yaron, George) (Filed on 7/22/2011) (Entered: 07/22/2011) |
| 07/26/2011 | 11 | *Defendant General Electric Company's Answer to the Complaint for Survival, Wrongful Death-Asbestos; Demand for Jury Trial* ANSWER to Complaint with Jury Demand byGeneral Electric Company. (Low, Allison) (Filed on 7/26/2011) (Entered: 07/26/2011) |
| 07/26/2011 | 12 | NOTICE by General Electric Company *;Notice of Pendency of Other Actions* (Low, Allison) (Filed on 7/26/2011) (Entered: 07/26/2011) |
| 07/26/2011 | 13 | Certificate of Interested Entities by General Electric Company *; Defendant General Electric Company's Certification of Interested Entities or Persons* (Low, Allison) (Filed on 7/26/2011) (Entered: 07/26/2011) |
| 07/26/2011 | 14 | NOTICE by General Electric Company *; Notice of Related Cases* (Low, Allison) (Filed on 7/26/2011) (Entered: 07/26/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/27/2011 13:10:25 | | |
| **PACER Login:** | sd0076 | **Client Code:** | 05045-079666 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-02212-JSW |

| Billable Pages: | 2 | Cost: | 0.16 |
|---|---|---|---|