ADRMOP, E-Filing

## U.S. District Court
### California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:11-cv-03404-RS

Gotautis et al v. Todd Shipyards Corporation et al  
Assigned to: Hon. Richard Seeborg  
Cause: 28:1332 Diversity-Personal Injury  

Date Filed: 07/12/2011  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity  

**Plaintiff**

**Stephen Gotautis**　　　　　　　　represented by　**David R. Donadio**  
　　　　　　　　　　　　　　　　　　　　　　　　　Brayton Purcell LLP  
　　　　　　　　　　　　　　　　　　　　　　　　　222 Rush Landing Road  
　　　　　　　　　　　　　　　　　　　　　　　　　Novato, CA 94948-6169  
　　　　　　　　　　　　　　　　　　　　　　　　　(415) 898-1555  
　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 415-898-1247  
　　　　　　　　　　　　　　　　　　　　　　　　　Email: DDonadio@braytonlaw.com  
　　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*  
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*  

　　　　　　　　　　　　　　　　　　　　　　　　　**Alan R. Brayton**  
　　　　　　　　　　　　　　　　　　　　　　　　　Brayton Purcell LLP  
　　　　　　　　　　　　　　　　　　　　　　　　　222 Rush Landing Road  
　　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 6169  
　　　　　　　　　　　　　　　　　　　　　　　　　Novato, CA 94948-6169  
　　　　　　　　　　　　　　　　　　　　　　　　　415-898-1555  
　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 415-898-1247  
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*  

**Plaintiff**

**Sharon Gotautis**　　　　　　　　represented by　**David R. Donadio**  
　　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)  
　　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*  
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*  

　　　　　　　　　　　　　　　　　　　　　　　　　**Alan R. Brayton**  
　　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)  
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*  

V.

**Defendant**

**Todd Shipyards Corporation**

**Defendant**

**Foster Wheeler LLC**

*formerly known as*
Foster Wheeler Corporation

**Defendant**

**Crane Co.**

**Defendant**

**Crosby Valve, LLC**

**Defendant**

**IMO Industries, Inc.**

**Defendant**

**Honeywell International, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/12/2011 | 1 | COMPLAINT (with jury demand) against Crane Co., Crosby Valve, LLC, Foster Wheeler LLC, Honeywell International, Inc., IMO Industries, Inc., Todd Shipyards Corporation (Filing fee $350, receipt number 34611062024). Filed by Stephen Gotautis, Sharon Gotautis. (cjl, COURT STAFF) (Filed on 7/12/2011) (Additional attachment(s) added on 7/18/2011: # 1 Civil Cover Sheet) (cjl, COURT STAFF). (Entered: 07/15/2011) |
| 07/12/2011 | 2 | Certificate of Interested Entities by Sharon Gotautis, Stephen Gotautis. (cjl, COURT STAFF) (Filed on 7/12/2011) (cjl, COURT STAFF). (Entered: 07/15/2011) |
| 07/12/2011 | 3 | NOTICE of Tag-Along Action by Sharon Gotautis, Stephen Gotautis. (cjl, COURT STAFF) (Filed on 7/12/2011) (cjl, COURT STAFF). (Entered: 07/15/2011) |
| 07/12/2011 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Sharon Gotautis, Stephen Gotautis. (cjl, COURT STAFF) (Filed on 7/12/2011) (cjl, COURT STAFF). (Entered: 07/15/2011) |
| 07/12/2011 | 5 | Summons Issued as to Crane Co., Crosby Valve, LLC, Foster Wheeler LLC, Honeywell International, Inc., IMO Industries, Inc., Todd Shipyards Corporation. (cjl, COURT STAFF) (Filed on 7/12/2011) (cjl, COURT STAFF). (Entered: 07/15/2011) |
| 07/12/2011 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 1/5/2012. Case Management Conference set for 1/12/2012 10:30 AM in Courtroom 4, 3rd Floor, Oakland. (Attachments: # 1 Standing Order)(cjl, COURT STAFF) (Filed on 7/12/2011) (Entered: 07/15/2011) |
| 07/12/2011 |   | CASE DESIGNATED for Electronic Filing. (cjl, COURT STAFF) (Filed on 7/12/2011) (Entered: 07/15/2011) |
| 07/18/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (ls, COURT STAFF) (Filed on 7/18/2011) (Entered: 07/18/2011) |

| | | |
|---|---|---|
| 07/19/2011 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Richard Seeborg for all further proceedings. Magistrate Judge Laurel Beeler no longer assigned to the case. Signed by the Executive Committee on July 19, 2011. (cjl, COURT STAFF) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/20/2011 | 9 | CLERKS NOTICE SCHEDULING CASE MANAGEMENT CONFERENCE. Case Management Conference set for 1/12/2012 10:00 AM in Courtroom 3, 17th Floor, San Francisco. (cl, COURT STAFF) (Filed on 7/20/2011) (Entered: 07/20/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/29/2011 10:18:17 | | | |
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-03404-RS |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN GOTAUTIS and SHARON GOTAUTIS,<br><br>Plaintiffs,<br><br>vs.<br><br>TODD SHIPYARDS CORPORATION, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), CRANE CO., CROSBY VALVE, LLC, IMO INDUSTRIES, INC., HONEYWELL INTERNATIONAL, INC.,<br><br>Defendants. | No. CV 11 3404<br><br>COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL |

## I.
## PARTIES

1. Plaintiff in this action, STEPHEN GOTAUTIS, has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos. Plaintiff, SHARON GOTAUTIS, has sustained loss of consortium as set forth in the Third Cause of Action.

2. Plaintiff STEPHEN GOTAUTIS sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

3. The pathogenesis of Plaintiff STEPHEN GOTAUTIS's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

4. All of Plaintiffs' claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff STEPHEN GOTAUTIS's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff STEPHEN GOTAUTIS, resulting in cumulative, progressive, incurable lung diseases.

5. Plaintiff STEPHEN GOTAUTIS claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6. As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff STEPHEN GOTAUTIS.

7. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8. <u>Jurisdiction</u>: Plaintiff STEPHEN GOTAUTIS is a citizen of the State of Wisconsin.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

///

///

| DEFENDANT | STATE |
|---|---|
| TODD SHIPYARDS CORPORATION | Delaware/Washington |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | Delaware/New Jersey |
| CRANE CO. | Delaware/Connecticut |
| CROSBY VALVE, LLC | Nevada/New Jersey |
| IMO INDUSTRIES, INC. | Delaware/New Jersey |
| HONEYWELL INTERNATIONAL, INC. | Delaware/New Jersey |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9.  <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

### III.

### CAUSES OF ACTION

<u>FIRST CAUSE OF ACTION</u>
(Negligence)

PLAINTIFF STEPHEN GOTAUTIS COMPLAINS OF DEFENDANTS TODD SHIPYARDS CORPORATION, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), CRANE CO., CROSBY VALVE, LLC, IMO INDUSTRIES, INC., HONEYWELL INTERNATIONAL, INC., THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10.  At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding

1  company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole
2  or partial owner of or member in an entity researching, studying, manufacturing, fabricating,
3  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
4  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,
5  representing, endorsing servicing, installing, contracting for installation, repairing, marketing,
6  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
7  otherwise directing and/or facilitating the use of, or advertising a certain product, namely
8  asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be
9  called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious
10 conduct of each successor, successor in business, successor in product line or a portion thereof,
11 assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,
12 venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or
13 entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,
14 designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,
15 sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,
16 rebranded, manufactured for others and advertised a certain product, namely asbestos, and other
17 products containing asbestos. The following defendants, and each of them, are liable for the acts
18 of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual
19 destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each
20 of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE
21 ENTITY; defendants, and each of them, caused the destruction of Plaintiff's remedy against each
22 such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading
23 role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill
24 originally attached to each such ALTERNATE ENTITY:

25 <u>DEFENDANT</u>                          <u>ALTERNATE ENTITY</u>

26 TODD SHIPYARDS CORPORATION          TODD PACIFIC SHIPYARDS CORPORATION
                                     SEATTLE-TACOMA SHIPBUILDING CORP.
27
   FOSTER WHEELER LLC                  FOSTER WHEELER CORPORATION
28

| | DEFENDANT | ALTERNATE ENTITY |
|---|---|---|
| 1 | | |
| 2 | CRANE CO. | BARKSDALE CONTROL PRODUCTS |
| | | CHAPMAN VALVE CO. |
| 3 | | COCHRANE CORP. |
| | | CRANE CO. VALVE DIVISION |
| 4 | | CRANE PLUMBING & HEATING AKA CRANE PLUMBING-HEATING SHEETMETAL, INC. |
| 5 | | CRANE PUMPS & SYSTEMS, INC. |
| | | CRANE SUPPLY |
| 6 | | CYCLOTHERM |
| | | JENKINS BROS. |
| 7 | | JENKINS VALVES |
| | | MIDWEST PIPING & SUPPLY |
| 8 | | PACIFIC STEEL BOILER CORPORATION |
| | | PACIFIC VALVES |
| 9 | | REPCAL BRASS MANUFACTURING CO. |
| 10 | HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
| | | HONEYWELL CONTROLS |
| 11 | | ALLIEDSIGNAL, INC. |
| | | AIRESEARCH DOMESTIC INTERNATIONAL SALES |
| 12 | | CORPORATION |
| | | ALLIED-SIGNAL, INC. |
| 13 | | THE BENDIX CORPORATION |
| | | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| 14 | | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | | BENDIX HOME SYSTEMS |
| 15 | | ALLIED CORPORATION |
| | | ALLIED CHEMICAL CORPORATION |
| 16 | | GENERAL CHEMICAL CORPORATION |
| | | FRAM |
| 17 | | FRICTION MATERIALS OF LOS ANGELES |
| | | NORTH AMERICAN REFRACTORIES COMPANY |
| 18 | | EM SECTOR HOLDINGS INC. |
| | | UNIVERSAL OIL PRODUCTS COMPANY |
| 19 | | BOYLSTON CORPORATION |
| | | EHRHART & ASSOCIATES, INC. |
| 20 | | EHRHART & ARTHUR, INC. |
| | | GARRETT AIR RESEARCH CORP. |
| 21 | | STANLEY G. FLAGG & CO. |
| | | MERGENTHALER LINOTYPE COMPANY |
| 22 | | ELTRA CORPORATION |
| | | BUNKER RAMO-ELTRA CORPORATION |
| 23 | | UNION TEXAS NATURAL GAS CORPORATION |
| | | UNION OIL AND GAS OF LOUISIANA |
| 24 | | UNION SULPHUR AND OIL CORPORATION |
| | | UNION SULPHUR COMPANY, INC., THE |
| 25 | | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
| | | SIGNAL COMPANIES, INC., THE |
| 26 | | HANCOCK OIL COMPANY |
| | | BARRETT DIVISION, ALLIED CHEMICAL & DYE |
| 27 | | CORPORATION |
| | | SIGNAL COMPANIES, INC., THE |
| 28 | | SIGNAL OIL & GAS CO. |
| | | BANKLINE OIL COMPANY |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CROSBY VALVE, LLC | CROSBY VALVE INC. |
| IMO INDUSTRIES, INC. | TRANSAMERICA DELAVAL, INC. |
| | ENTERPRISE ENGINE & MACHINERY CO. |
| | DE LAVAL STEAM TURBINE, INC. |
| | DELAVAL STEAM TURBINE |
| | DELAVAL INDUSTRIES INC. |
| | DE LAVAL TURBINE, INC. |
| | GENERAL METALS CORPORATION |
| | CROW CENTRIFUGAL PUMPS |

11. At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12. At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the Plaintiff herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by "exposed persons".

///

///

13. Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

14. Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including Plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

15. Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

16. As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the Plaintiff as set forth in **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

17. Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers
///

1 without perceptible trauma and that said injury, damage, loss, or harm results from exposure to
2 asbestos and asbestos-containing products over a period of time.

3     18.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-
4 containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-
5 containing products presented risk of injury and/or disease.

6     19.     As a direct and proximate result of the aforesaid conduct of defendants, their
7 ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer,
8 permanent injuries and/or future increased risk of injuries to their persons, body and health,
9 including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and
10 emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to
11 Plaintiff's general damage.

12     20.     As a direct and proximate result of the aforesaid conduct of the defendants, their
13 "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur
14 in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays
15 and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this
16 time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost
17 thereof is ascertained.

18     21.     As a further direct and proximate result of the said conduct of the defendants,
19 their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature
20 and extent of which are not yet known to Plaintiff; and leave is requested to amend this
21 complaint to conform to proof at the time of trial.

22     22.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
23 directors and managing agents participated in, authorized, expressly and impliedly ratified, and
24 had full knowledge of, or should have known of, each of the acts set forth herein.

25     23.     Defendants, their "alternate entities," and each of them, are liable for the
26 fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
27 and each defendant's officers, directors and managing agents participated in, authorized,
28 ///

1  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
2  each of their ALTERNATE ENTITIES as set forth herein.
3      24.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
4  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious
5  disregard and indifference to the safety and health of "exposed persons." Plaintiff, for the sake of
6  example and by way of punishing said defendants, seeks punitive damages according to proof.
7      WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and
8  each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Products Liability)

11  AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF
12  ACTION FOR PRODUCTS LIABILITY, PLAINTIFF STEPHEN GOTAUTIS COMPLAINS
13  OF DEFENDANTS TODD SHIPYARDS CORPORATION, FOSTER WHEELER LLC (FKA
14  FOSTER WHEELER CORPORATION), CRANE CO., CROSBY VALVE, LLC, IMO
15  INDUSTRIES, INC., HONEYWELL INTERNATIONAL, INC., THEIR "ALTERNATE
16  ENTITIES," AND EACH OF THEM, AS FOLLOWS:
17      25.    Plaintiff incorporates herein by reference, as though fully set forth herein, the
18  allegations contained in each paragraph of the First Cause of Action herein.
19      26.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended
20  that the above-referenced asbestos and asbestos-containing products would be used by the
21  purchaser or user without inspection for defects therein or in any of their component parts and
22  without knowledge of the hazards involved in such use.
23      27.    Said asbestos and asbestos-containing products were defective and unsafe for their
24  intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death.
25  The defect existed in the said products at the time they left the possession of defendants, their
26  "alternate entities," and each of them. Said products did, in fact, cause personal injuries,
27  including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff
28  ///

1  herein, while being used in a reasonably foreseeable manner, thereby rendering the same
2  defective, unsafe and dangerous for use.

3      28.   "Exposed persons" did not know of the substantial danger of using said products.
4  Said dangers were not readily recognizable by "exposed persons." Said defendants, their
5  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
6  which Plaintiff and others similarly situated were exposed.

7      29.   In researching, manufacturing, fabricating, designing, modifying, testing or failing
8  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
9  sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
10 marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
11 and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
12 did so with conscious disregard for the safety of "exposed persons" who came in contact with
13 said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
14 ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
15 death resulting from exposure to asbestos or asbestos-containing products, including, but not
16 limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,
17 from scientific studies performed by, at the request of, or with the assistance of, said defendants,
18 their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
19 defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

20     30.   On or before 1930, and thereafter, said defendants, their ALTERNATE
21 ENTITIES and each of them, were aware that members of the general public and other "exposed
22 persons", who would come in contact with their asbestos and asbestos-containing products, had
23 no knowledge or information indicating that asbestos or asbestos-containing products could
24 cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
25 members of the general public and other "exposed persons", who came in contact with asbestos
26 and asbestos-containing products, would assume, and in fact did assume, that exposure to
27 asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
28 hazardous to health and human life.

31. With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

32. The above-referenced conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendants, their ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendants, their ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including Plaintiff.

33. Plaintiff alleges that the aforementioned defendants, their ALTERNATE ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

1  products to be safe for their intended use but that their asbestos and asbestos-containing products,
2  created an unreasonable risk of bodily harm to exposed persons.

3      34.    Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos
4  and various asbestos-containing products manufactured, fabricated, inadequately researched,
5  designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered
6  for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,
7  marketed, warranted, rebranded, manufactured for others, packaged and advertised by the
8  aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff
9  cannot identify precisely which asbestos or asbestos-containing products caused the injuries
10 complained of herein.

11     35.    Plaintiff relied upon defendants', their "alternate entities'", and each of their
12 representations, lack of warnings, and implied warranties of fitness of asbestos and their
13 asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has
14 been injured permanently as alleged herein.

15     36.    As a direct and proximate result of the actions and conduct outlined herein,
16 Plaintiff has suffered the injuries and damages previously alleged.

17     WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE
18 ENTITIES, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Loss of Consortium)

21     AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF
22 ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF SHARON GOTAUTIS COMPLAINS
23 OF DEFENDANTS TODD SHIPYARDS CORPORATION, FOSTER WHEELER LLC (FKA
24 FOSTER WHEELER CORPORATION), CRANE CO., CROSBY VALVE, LLC, IMO
25 INDUSTRIES, INC., HONEYWELL INTERNATIONAL, INC., THEIR "ALTERNATE
26 ENTITIES," AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

27     37.    Plaintiffs incorporate by reference each and every paragraph of the First through
28 Second Causes of Action herein.

38. Plaintiffs STEPHEN GOTAUTIS and SHARON GOTAUTIS were married on September 7, 2008, and at all times relevant to this action were, and are now, husband and wife.

39. Prior to Plaintiff STEPHEN GOTAUTIS's injuries as alleged, he was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, STEPHEN GOTAUTIS has been unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and he will be unable to perform such work, service and duties in the future. As a proximate result thereof, Plaintiff SHARON GOTAUTIS has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

40. Plaintiff's discovery of the cause of her loss of consortium, as herein alleged, first occurred within one year of the date this complaint was filed.

41. As a direct and proximate result of the acts of defendants, their "alternate entities," and each of them, and the severe injuries caused thereby to Plaintiff STEPHEN GOTAUTIS as set forth in this complaint, Plaintiff SHARON GOTAUTIS has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

## IV.

## PRAYER

WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE ENTITIES, and each of them in an amount to be proved at trial, as follows:

Plaintiff STEPHEN GOTAUTIS:

(a) For Plaintiff's general damages according to proof;

(b) For Plaintiff's loss of income, wages and earning potential according to proof;

(c) For Plaintiff's medical and related expenses according to proof;

///

Plaintiff SHARON GOTAUTIS:

(d) For Plaintiff's damages for loss of consortium according to proof;

Plaintiffs STEPHEN GOTAUTIS and SHARON GOTAUTIS:

(d) For Plaintiffs' cost of suit herein;

(e) For exemplary or punitive damages according to proof;

(f) For damages for fraud according to proof; and

(g) For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest.

Dated: 7/11/11

BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues of this cause.

Dated: 7/11/11

BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

# EXHIBIT A

EXHIBIT A

Plaintiff: STEPHEN GOTAUTIS

Plaintiff's injuries: Plaintiff was diagnosed with asbestosis on or about January 2007 and with asbestos-related pleural disease on or about April 2010.

Retirement Status:

Plaintiff retired from her last place of employment at regular retirement age. She has therefore suffered no disability from her asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

Defendants: Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | HALSEY POWELL (DD-686), Long Beach Naval Shipyard, Long Beach, CA Asian Tour | Boilermaker | 2/1959-12/1960 |
| US Navy | UHLMANN (DD-687), Pacific Cruise | Boilermaker | 12/1960-5/1961 |
| US Navy | BUCHANAN (DDG-14) | Boiler Tender | 2/1962-5/1962 |
| US Navy | EDSON (DD-946) | Boilermaker (Supervisor) | 6/1962 - 9/1966 |
| | Naval Station, Treasure Island, San Francisco, CA; | | Approx. 6/1962-8/1962; |
| | WestPac cruise, including, Vietnam | | 8/1962 - 9/1966 |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | BERKELEY (DDG-15), Vietnam | Boiler Tender | 10/1966-1967 |
| US Navy | DOWNES (DE-1070), Todd Pacific Shipyards, Seattle, WA; | Boiler Tender (Inspector) | 2/1968- 6/1971 |
|  | Puget Sound Naval Shipyard, Bremerton, WA |  | 6/1971 - 9/1971 |
| US Navy | PARSONS (DDG-33), Vietnam | Boiler Tender | 9/1971-12/1972 |
| US Navy | HAROLD E. HOLT (DE-1074), Todd Shipyard, San Pedro CA | Boiler Tender (Supervisor) | 2/1973-9/1974 |
| Missouri State University Springfield, MO | Missouri State University Cape Girardeau, MO, Power plant | Boiler Tender | 2/1980-2/1985 |

17

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL