**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

MDL No. 875 – In re:  <u>Asbestos Products Liability Litigation</u>

Opposing CTO-421 re case:     <u>Paschall v. Abex Corporation, et al.</u>
                                     Eastern District of Virginia
                                     Civil Action No. 3:11-cv-00431

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION TO VACATE CTO-421**

     The Plaintiff, BETTIE J. PASCHALL, Executrix of the Estate of EARL WAYNE PASCHALL, Deceased, states as follows for her memorandum in support of her motion to vacate CTO-421.

     This action was originally filed on March 19, 2010, in the Circuit Court of the City of Richmond, Virginia, and was attempted to be removed by defendants, Thyssenkrupp Elevator Corporation, and others ("Thyssenkrupp"), on July 5, 2011, to the U.S. District Court for the Eastern District of Virginia.  On July 7, 2011, Thyssenkrupp filed a Notice of Tag-Along Action with this Panel.  On July 11, 2011, Plaintiff filed her Motion to Remand to State Court in the U.S. District Court, and on July 19, 2011, Plaintiff filed her Notice of Opposition to CTO-421.  (The Complaint, Second Amended Complaint, and the Docket Sheet for Civil Action No. 3:11-cv-00431 are attached hereto as Exhibits A, B, and C pursuant to Rule 6.1(b)(iv)).

     The Panel should vacate CTO421 because <u>Paschall v. Abex Corporation, et al.</u>, Civil Action No. 3:11-cv-431, has an insufficient factual nexus with any other MDL-875 case previously consolidated by the Panel, the transfer will serve neither the convenience of the

1

parties nor of the witnesses, and the transfer will likely <u>inhibit</u> the just and efficient conduct of the action.

> 28 USC 1407 (a) provides:
>
> > When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

The issue in the instant case is the wrongful death of the Plaintiff's decedent to due exposure to asbestos contained in traction-elevator brakes that were installed in various premises in the Richmond, Virginia, area where the Plaintiff's decedent worked as an elevator installer, maintenance and repairman. The causes of action in the complaint are negligence and breach of warranty. The defendants are all elevator companies.

While the well-known fact that exposure to asbestos causes asbestosis is a factual issue in the case that may be common to other cases involving asbestos, the primary facts that will be subject to discovery and litigated herein are which elevator company defendants' products existed in what locations at what times. These facts are highly unique to the instant case.

In fact, that the defendants are all elevator companies makes this a very unique case. In a search of the active asbestos cases in the Eastern District of Pennsylvania (the transferee jurisdiction for MDL-875), Plaintiff was unable to locate any other elevator asbestos cases, and, in particular, any cases pertaining to the removing defendants, Thyssenkrupp Elevator Corporation, Kone, Inc., Dover Elevator Company, or Montgomery Elevator Company. There is unlikely to be any gain to efficiency by consolidating this elevator case with other non-elevator

asbestos cases. (All the non-elevator company defendants in this case were previously nonsuited).

Furthermore, most witnesses are likely to be from the Richmond area, with no witnesses likely residing in the Eastern District of Pennsylvania. Additionally, the local U.S. District Court would be in an enhanced position to facilitate or compel discovery from such persons within the district.

Moreover, this case was improperly removed from state court to federal court and is presently the subject of a pending motion to remand to state court. Simultaneously with the filing of this brief, Plaintiff will also move this Panel to stay its ruling on Plaintiff's Motion to Vacate CTO-421 until after the U.S. District Court for the Eastern District of Virginia has ruled on Plaintiff's motion to remand to state court.

Wherefore, Plaintiff moves the Panel to vacate the conditional transfer order (CTO-421) as pertains to this Plaintiff and Civil Action No. 3:11-cv-00431.

    Sincerely

    BETTIE J. PASCHALL, Executrix of the Estate of Earl Wayne Paschall, Deceased

    By:  /s/  Mark H. Schmidt
    Mark H. Schmidt (VSB # 44521)
    Ayers & Stolte, P.C.
    710 North Hamilton Street
    Richmond, Virginia 23221
    Telephone: (804) 358-4731
    Facsimile: (804) 864-0895
    Email: mschmidt@ayerslaw.com

    Counsel for the Plaintiff

## Rule 6.1(b)(ii) SCHEDULE

(A)   <u>Complete Name of Action</u>:

BETTIE J. PASCHALL, Executrix of the Estate of Earl Wayne Paschall, Deceased,

    Plaintiff,

v.

CBS CORPORATION, a Delaware corporation, f/k/a Viacom Inc., Successor by Merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation ("Westinghouse"), A Delaware Corporation,

KONE INC. (USA), individually, and as successor to MONTGOMERY ELEVATOR COMPANY,

MONTGOMERY ELEVATOR COMPANY, A Non-Virginia Corporation,

SCHINDLER ELEVATOR CORPORATION, individually, and as successor to WESTINGHOUSE ELEVATOR COMPANY,

THYSSENKRUPP ELEVATOR CORPORATION, individually, and as successor to DOVER ELEVATOR COMPANY,

DOVER ELEVATOR COMPANY, A Non-Virginia Corporation,

UNITED TECHNOLOGIES CORPORATION, individually, and as successor to OTIS ELEVATOR CO., and

OTIS ELEVATOR COMPANY, A Non-Virginia Corporation,

    Defendants.

(B)   <u>District Court Where Pending</u>:

United States District Court for the Eastern District of Virginia.

(C)   <u>Civil Action No.</u>:  3:11-cv-00431.

(D)   <u>Assigned Judge</u>:  Hon. Henry E. Hudson.