Exhibit A

VIRGINIA:

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

BETTIE J. PASCHALL, Executrix of the
Estate of EARL WAYNE PASCHALL, Deceased,

      Plaintiff,

v.

Case No.: CL10- 1402 - 1

ABEX CORPORATION,
A Delaware Corporation,
SERVE:     Secretary of the Commonwealth
             Service of Process Office
             9th Street Office Buildings
             9th and Grace Streets
             Richmond, VA 23201

AMERICAN HERITAGE PLACE, L.P.,
A Virginia Limited Partnership,
SERVE:     Ronald H. Hunt, Registered Agent
             11511 Allecingie Parkway
             Richmond, VA 23235

AMERICAN STANDARD, INC.,
Individually, and as a successor to Kewanee Boiler,
A Delaware Corporation,
SERVE:     CT Corporation System, Registered
             4701 Cox Rd., Suite 301
             Glen Allen, VA 23060

ANCHOR PACKING COMPANY, THE,
A Delaware Corporation,
SERVE:     Secretary of the Commonwealth
             Service of Process Office
             9th Street Office Buildings
             9th and Grace Streets
             Richmond, VA 23201

APPLE SEVEN SPE RICHMOND, INC.,
A Virginia Corporation,
SERVE:     CT Corporation System, Registered
             4701 Cox Rd., Suite 301



RECEIVED & FILED
CIRCUIT COURT

MAR 19 2010

BEVILL M. DEAN, CLERK
BY_____ D.C.

1

Glen Allen, VA 23060

AQUA-CHEM, INC.,
Individually, and as Successor to Cleaver-Brooks,
A non-Virginia Corporation,
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201

AVENTIS CROPSCIENCE USA, INC.
f/k/a Rhone-Poulenc AG Company; Amchem Products, Inc.,
(A Benjamin Foster Company Division),
A New York Corporation,
SERVE:        Beverly L. Crump, Registered Agent
              11 S. 12th Street
              Richmond, Virginia 23218

A.W. CHESTERON CO.,
A Massachusetts Corporation,
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201

BAYER CROPSCIENCE INC.,
Individually, and as Successor to
Amchem Products, Inc. (Benjamin Foster Division),
A New York Corporation,
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201

BH ROSENBURG LLC,
A non-Virginia Limited Liability Company,
11111 Santa Monica Boulevard, Suite 600
Los Angeles, California 90025
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201

2

CBS CORPORATION, f/k/a Viacom Inc., Successor by
Merger to CBS Corporation, a Pennsylvania corporation
f/k/a Westinghouse Electric Corporation ("Westinghouse"),
A Delaware Corporation,

SERVE:     Secretary of the Commonwealth
           Service of Process Office
           9th Street Office Buildings
           9th and Grace Streets
           Richmond, VA 23201

CERTAINTEED CORPORATION,
A Delaware Corporation,

SERVE:     CT Corporation System, Registered Agent
           4701 Cox Rd., Suite 301
           Glen Allen, VA 23060

CITY OF RICHMOND, VIRGINIA,

SERVE:     City Attorney's Office
           900 East Broad Street, Rm 300
           Richmond, VA 23219

CITY OF RICHMOND, VIRGINIA,
DEPARTMENT OF GENERAL SERVICES,

SERVE:     City Attorney's Office
           900 East Broad Street, Rm 300
           Richmond, VA 23219

CRIT-VA, INC.,
A Virginia Corporation,

SERVE:     Martin B. Richards, Esq., Registered Agent
           McGuirewoods, LLP
           One James Center
           901 East Cary Street
           Richmond, VA 23219

CRANE PACKING CO.,
f/k/a John Crane, Inc.,
An Illinois Corporation,

SERVE:     Secretary of the Commonwealth
           Service of Process Office
           9th Street Office Buildings
           9th and Grace Streets
           Richmond, VA 23201

CROWN CORK & SEAL COMPANY, INC.,

3

A New York Corporation,
SERVE:        Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings
                9th and Grace Streets
                Richmond, VA 23201

DANA CORPORATION,
A Virginia Corporation,
SERVE:        Allen C. Goolsby, III, Esq., Registered Agent
                Hunton & Williams
                951 E. Byrd Street
                Richmond, VA 23219

DOMINION RESOURCES, INC.,
A Virginia Corporation,
SERVE:        CT Corporation System, Registered Agent
                4701 Cox Rd., Suite 301
                Glen Allen, VA 23060

DOW CHEMICAL COMPANY, THE,
Individually, and as Successor to UNION CARBIDE,
A Delaware Corporation,
SERVE:        CT Corporation System, Registered Agent
                4701 Cox Rd., Suite 301
                Glen Allen, VA 23060

FIRST STATES INVESTORS, LLC,
A Delaware Limited Liability Company,
SERVE:        National Registered Agents, Registered Agent
                526 King Street, Suite 423
                Alexandria, VA 22314

FOSTER WHEELER CORPORATION,
A New Jersey Corporation,
SERVE:        Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings
                9th and Grace Streets
                Richmond, VA 23201

FOSTER WHEELER ENERGY CORPORATION,
A New Jersey Corporation,
SERVE:        Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings

9th and Grace Streets
Richmond, VA 23201

FOSTER WHEELER LLC,
Not a Virginia Limited Liability Company,
SERVE: Secretary of the Commonwealth
Service of Process Office
9th Street Office Buildings
9th and Grace Streets
Richmond, VA 23201

FRANKLIN CENTRE OPERATING
ASSOCIATES, LIMITED PARTNERSHIP,
A New Mexico Limited Partnership,
SERVE: William F. Seymour, IV, Esq., Registered Agent
Cherry Seymour & Hundley
4908 Monument Avenue, Suite 200
Richmond, VA 23230

GARLOCK SEALING TECHNOLIGIES, L.L.C.,
Individually, and as Successor to Garlock, Inc.,
A Delaware Corporation,
SERVE: CT Corporation System, Registered Agent
4701 Cox Rd., Suite 301
Glen Allen, VA 23060

GENERAL ELECTRIC COMPANY,
A New York Corporation,
SERVE: Allen C. Goolsby, III, Esq., Registered Agent
Hunton & Williams
951 E. Byrd Street
Richmond, VA 23219

GENERAL REFRACTORIES COMPANY,
A Pennsylvania Corporation,
SERVE: Secretary of the Commonwealth
Service of Process Office
9th Street Office Buildings
9th and Grace Streets
Richmond, VA 23201

GEORGIA-PACIFIC CORPORATION,
A Georgia Corporation,
SERVE: CT Corporation System, Registered Agent
4701 Cox Rd., Suite 301
Glen Allen, VA 23060

5

GOODNESS GRACIOUS, INC.,
A Virginia Corporation,
SERVE:     Michael C. Buseck, Esq., Registered Agent
              Williams Mullen
              1021 East Cary Street
              Richmond, VA 23219

GOULDS PUMPS, INCORPORATED,
A Delaware Corporation,
SERVE:     CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060

HONEYWELL INTERNATIONAL, INC.,
Individually, and as Successor to Allied Signal, Inc.,
And Bendix Corporation,
A Delaware Corporation,
SERVE:     Corporation Service Company
              11 S. 12th Street
              P.O. Box 1463
              Richmond, VA 23218

HOPEMAN BROTHERS, INC.,
A Delaware Corporation,
SERVE:     CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060

INGERSOLL-RAND COMPANY,
A New Jersey Corporation,
SERVE:     CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060

JAMES CENTER PROPERTY LLC,
A Delaware Limited Liability Company,
SERVE:     CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060

JEMAL'S RICHMOND HOLDINGS, LLC,
A Virginia Limited Liability Company,
SERVE:     CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060

6

JOHN CRANE, INC.,
Not a Virginia Corporation,
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201

KAPLAN, EDWARD H.,
1919 M Street, N.W. Suite 320
Washington, D.C. 20036
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201

KONE INC. (USA), individually, and as successor
to MONTGOMERY ELEVATOR COMPANY,
SERVE:        Corporation Service Company, Registered Agent
              11 S. 12th St.
              Richmond, VA 23218

MONTGOMERY ELEVATOR COMPANY,
A Non-Virginia Corporation,
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201

LINCOLN ELECTRIC COMPANY, THE,
Not a Virginia Corporation,
SERVE:        CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060
MAGAZINE, SAMUEL,
1919 M Street, N.W. Suite 320
Washington, D.C. 20036
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201

7

MALLINCKRODT, INC., F/K/A
INTERNATIONAL MINERALS & CHEMICAL CORP.,
SERVE:       CT Corporation System, Registered Agent
             4701 Cox Road, Suite 301
             Glen Allen, VA 23060

METROPOLITAN LIFE INSURANCE COMPANY,
A New York Corporation,
SERVE:       CT Corporation System, Registered Agent
             4701 Cox Road, Suite 301
             Glen Allen, VA 23060

NORTH BROS., INC. A/K/A NSI VENTURES,
A Georgia Corporation,
SERVE:       Corporation Service Company, Registered Agent
             11 S. 12th St.
             Richmond, VA 23218

NATIONAL SERVICE INDUSTRIES,
Individually, and as Successor to
NORTH BROS., INC. A/K/A NSI VENTURES,
A California Corporation,
SERVE:       Secretary of the Commonwealth
             Service of Process Office
             9th Street Office Buildings
             9th and Grace Streets
             Richmond, VA 23201

OAKFABCO, INC.,
Individually and as a successor to Kewanee Boiler
SERVE:       Secretary of the Commonwealth
             Service of Process Office
             9th Street Office Buildings
             9th and Grace Streets
             Richmond, VA 23201

OKONITE COMPANY, THE,
A New Jersey Corporation,
SERVE:       Secretary of the Commonwealth
             Service of Process Office
             9th Street Office Buildings
             9th and Grace Streets
             Richmond, VA 23201

OMNI CENTER CORPORATION,
A Delaware Corporation,

8

SERVE:    Corporation Service Company, Registered Agent
11 S. 12th St.
Richmond, VA 23218

OWENS-ILLINOIS, INC., f/k/a Owens Illinois Glass Co.,
1 Michael Owens Way
Perrysburg, OH 43551-2999,
SERVE:    Secretary of the Commonwealth
Service of Process Office
9th Street Office Buildings
9th and Grace Streets
Richmond, VA 23201

PARMENTER 919 MAIN STREET LP, LLLP,
A Delaware Limited Liability Limited Partnership,
SERVE:    Capitol Corporate Services, Inc., Registered Agent
S. Jefferson Street, Suite 1400
Roanoke, VA 24011

PERFORMANCE CONTRACTING, INC.,
Individually, and as Successor to
NORTH BROS., INC. A/K/A NSI VENTURES,
A Kansas Corporation,
SERVE:    CT Corporation System, Registered Agent
4701 Cox Road, Suite 301
Glen Allen, VA 23060

PLAZA ASSOCIATES, L.L.C.,
A Virginia Limited Liability Company,
SERVE:    William J. Vakos, Jr., Registered Agent
4830 Southpoint Drive
Fredericksburg, VA 22407

PNEUMO ABEX CORPORATION,
individually, and as successor to ABEX CORPORATION,
A Delaware Corporation,
SERVE:    CT Corporation System, Registered Agent
4701 Cox Road, Suite 301
Glen Allen, VA 23060

RAPID AMERICAN CORPORATION,
A New York Corporation,
SERVE:    Secretary of the Commonwealth
Service of Process Office
9th Street Office Buildings
9th and Grace Streets

9

Richmond, VA 23201

RICHMOND EQUITIES LLC,
A Virginia Limited Liability Company,
SERVE: Corporation Service Company, Registered Agent
11 S. 12th St.
Richmond, VA 23218

RICHMOND HOTEL PARTNERS, LP,
A Delaware Limited Partnership,
SERVE: Capitol Corporate Services Inc, Registered Agent
10 South Jefferson Street, Suite 1400
Roanoke, VA 24011

RILEY POWER, INC.,
f/k/a Babcock Borsig Power, Inc., DB Riley, Inc.,
and Riley Stoker Corporation,
SERVE: Corporation Service Company, Registered Agent
11 S. 12th St.
Richmond, VA 23218

RIVERSIDE TOWERS ASSOCIATES, L.C.,
A Virginia Limited Company,
SERVE: Ivan P. Jecklin, Esq., Registered Agent
3951-A Stillman Parkway
Glen Allen, VA 23060

RUSHMARK FNB, L.L.C.,
A Virginia Limited Liability Company,
SERVE: Russell A. Hitt, Registered Agent
2704 Dorr Avenue
Fairfax, VA 22031

SANDHU CORPORATION OF VIRGINIA,
A Virginia Corporation,
SERVE: Neil S. Talegaonker, Esq., Registered Agent
Thompson McMullan, P.C.
100 Shockoe Slip
Richmond, VA 23219

SCHINDLER ELEVATOR CORPORATION,
individually, and as successor to
WESTINGHOUSE ELEVATOR COMPANY,
SERVE: CT Corporation System, Registered Agent
4701 Cox Road, Suite 301
Glen Allen, VA 23060

10

WESTINGHOUSE ELEVATOR COMPANY,
A Non-Virginia Corporation,
SERVE:    Secretary of the Commonwealth
           Service of Process Office
           9th Street Office Buildings
           9th and Grace Streets
           Richmond, VA 23201

SEPCO, INC.,
An Alabama Corporation,
SERVE:    Secretary of the Commonwealth
           Service of Process Office
           9th Street Office Buildings
           9th and Grace Streets
           Richmond, VA 23201

THYSSENKRUPP ELEVATOR CORPORATION,
individually, and as successor to
DOVER ELEVATOR COMPANY,
SERVE:    Corporation Service Company, Registered Agent
           11 S. 12th St.
           Richmond, VA 23218

DOVER ELEVATOR COMPANY,
A Non-Virginia Corporation,
SERVE:    Secretary of the Commonwealth
           Service of Process Office
           9th Street Office Buildings
           9th and Grace Streets
           Richmond, VA 23201

TRANE U.S. INC.,
A Delaware Corporation, Individually, and as
successor to AMERICAN STANDARD, INC.,
A Delaware Corporation,
SERVE:    CT Corporation System
           4701 Cox Road, Suite 301
           Glen Allen, VA 23060

UNION CARBIDE CORPORATION,
A New York Corporation,
SERVE:    CT Corporation System, Registered Agent
           4701 Cox Road, Suite 301
           Glen Allen, VA 23060

11

UNIROYAL, INC.,
A Delaware Corporation,
SERVE: Secretary of the Commonwealth
Service of Process Office
9th Street Office Buildings
9th and Grace Streets
Richmond, VA 23201

UNITED TECHNOLOGIES CORPORATION,
individually, and as successor to OTIS ELEVATOR CO.,
SERVE: CT Corporation System, Registered Agent
4701 Cox Road, Suite 301
Glen Allen, VA 23060

OTIS ELEVATOR COMPANY,
A Non-Virginia Corporation,
SERVE: Secretary of the Commonwealth
Service of Process Office
9th Street Office Buildings
9th and Grace Streets
Richmond, VA 23201

WACO, INC.,
A Virginia Corporation,
SERVE: Daniel M. Walker, Registered Agent
5450 Lewis Road
Sandston, VA 23150

WARREN PUMPS, LLC,
Not a Virginia Corporation,
SERVE: Secretary of the Commonwealth
Service of Process Office
9th Street Office Buildings
9th and Grace Streets
Richmond, VA 23201

WILLIAM BYRD HOTEL ASSOCIATES, L.P.,
A Virginia Limited Partnership,
SERVE: Michael C. Busbeck, Esq., Registered Agent
Williams Mullen
1021 East Cary Street
Richmond, VA 23219

Defendants.

12

## COMPLAINT

NOW COMES the Plaintiff, BETTIE J. PASCHALL, Executrix of the Estate of EARL WAYNE PASCHALL, a citizen and resident of the Commonwealth of Virginia, and alleges as follows:

## PARTIES

### A. Plaintiff

1.    The Plaintiff, Bettie J. Paschall, Executrix of the Estate of Earl Wayne Paschall (see attached Exhibit A), has resided in the Commonwealth of Virginia at all times relevant hereto.

2.    Between 1964 and 1992, the Plaintiff's Decedent was an elevator installer and/or maintenance man who worked with or around products supplied, designed, manufactured, assembled, distributed and/or sold by the Manufacturing Defendants.

3.    Between 1964 and 1992, the Plaintiff's Decedent worked in his trade at various job sites that are/were owned and/or operated by the Premises Defendants.

### B. Manufacturing Defendants

4.    The following Defendants are hereinafter designated "Manufacturing Defendants" and are companies that are amenable to jurisdiction in Virginia's courts in that they have transacted business and caused tortious injury in the Commonwealth of Virginia.    The Manufacturing Defendants have mined, manufactured, processed, imported, converted, installed, compounded, supplied, and/or retained substantial amounts of asbestos and asbestos-related materials which were sold, distributed, and used in Virginia.

5.    At all times material hereto, the Manufacturing Defendants acted through their agents, servants or employees who were acting within the scope of their employment on the

13

business of the defendants.

6. Both prior to 1980, and after 1980, the Plaintiff's Decedent was exposed to asbestos-containing products and/or machinery containing, requiring, or recommending the use of asbestos and/or asbestos-containing products that were manufactured, supplied, and/or distributed by the Manufacturing Defendants. These products were defective and inherently dangerous in the manner in which they were marketed for their failure to contain or include adequate warnings regarding potential asbestos health hazards associated with the use, removal or maintenance of, or the exposure to the products. The defective, abnormally and inherently dangerous condition of the products coupled with the disabling and/or fatal diseases generated by the inhalation of asbestos dust rendered such products unreasonably and inherently dangerous, thereby abrogating any need for privity of contract between the Plaintiff's Decedent and the Manufacturing Defendants as a prerequisite to liability.

7. The Defendant, ABEX CORPORATION, is a Delaware corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at Third Street and Jefferson Avenue, Camden, New Jersey 08104.

8. The Defendant, TRANE U.S. INC., successor in Interest to American Standard Inc., individually and as a successor to Kewanee Boiler, is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at One Centennial Avenue, Piscataway, New Jersey 08855.

14

9. The Defendant, THE ANCHOR PACKING COMPANY, is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principle place of business at 408G Gallimore Dairy Road, Greensboro, North Carolina 27409.

10. The Defendant, AQUA-CHEM, INC., successor in interest to Cleaver-Brooks, is a non- Virginia corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 11950 West Lake Park Drive, Milwaukee, Wisconsin 53224.

11. The Defendant, A.W. CHESTERTON CO., is a Massachusetts corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 500 Unicorn Park Drive, Woburn, Massachusetts 01801-3345.

12. The Defendant, BAYER CROPSCIENCE INC., as successor in interest to Amchem Products, Inc. (Benjamin Foster Division), is a New York corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal

15

place of business at Bayer Cropscience LP, 2T W. Alexander Drive, P. O. Box 12014, Research Triangle Park, North Carolina 27709.

13.     The Defendant, CBS CORPORATION, a Delaware Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse"), is a Pennsylvania corporation authorized to do business in the Commonwealth of Virginia that sold, installed and distributed asbestos products, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has as its principal place of business at 1515 Broadway, New York, New York 10036.

14.     The Defendant, CERTAINTEED CORPORATION, is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 750 E. Swedesford Road, Valley Forge, Pennsylvania 19482.

15.     The Defendant, CRANE PACKING CO., formerly known as John Crane, Inc., is an Illinois corporation authorized to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 6400 West Oakton Street, Morton Grove, Illinois 60053.

16.     The Defendant, DANA CORPORATION, is a Virginia corporation authorized to transact business in the Commonwealth of Virginia, that manufactured, produced, sold,

distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 4500 DOIT Street, P. O. Box 1000, Toledo, Ohio 43615.

17.     The Defendant, THE DOW CHEMICAL COMPANY, is a Delaware Corporation authorized to do business in tile Commonwealth of Virginia, that sold, installed and distributed asbestos-containing products, including, but not limited to General Purpose Bakelite, Heat Resistant Bakelite, High Impact Heat Resistant Bakelite, Bakelite Molding Compound, electrical products, and plasters, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants. This Defendant also sold and/or distributed bulk quantities of raw asbestos fibers mined from the Calidria Mines to many of the defendants listed herein for incorporation into their asbestos-containing products under various trade names. In particular, this Defendant sold and/or distributed thousands of tons of raw asbestos fibers to Georgia-Pacific Corporation, for use in fabricating many of its asbestos-containing joint compounds and spackling products under various trade names, and has its principal place of business at 2030 Dow Center, Midland, Michigan 48674.

18.     The Defendant, FOSTER WHEELER CORPORATION, is a New Jersey corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at Perryville Corporate Park, Clinton, New Jersey 08809-4000.

19.     The Defendant, GARLOCK SEALING TECHNOLOGIES, LLC, is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured,

17

produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 1666 Division Street, Palmyra, New York 14522.

20.     The Defendant, GENERAL ELECTRIC COMPANY, is a New York Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 12 Corporate Woods Boulevard, 3,d Floor, Albany, New York 12211.

21.     The Defendant, GENERAL REFRACTORIES COMPANY, is a Pennsylvania Corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 225 City Avenue, Suite 114, Bala Cynwyd, Pennsylvania 19004.

22.     The Defendant, GEORGIA-PACIFIC CORPORATION, is a Georgia corporation authorized to transact business in the Commonwealth of Virginia, that sold, installed and distributed asbestos-containing products, including asbestos-containing all purpose joint compound, Ready Mix; Bedding compound, Central Mix, Drywall adhesive, Kalite, Laminating compound/Ready-Mix, Lite Acoustic, Patching Plaster, Spackling Compound, Speed Set/One Day, Texture Topping Compound, Triple Duty Joint Compound, and other re-branded products, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants,

18

and has its principal place of business at 13 3 Peachtree Street, NE, Atlanta, Georgia 30303. Georgia Pacific Corporation began manufacturing many of these products in 1965 when it purchased the Bestwall Gypsum Company. Bestwall Gypsum Company had been manufacturing and distributing many of these same products from 1956 until its sale in 1965.

23. The Defendant, GOULDS PUMPS INCORPORATED, is a Delaware Corporation authorized to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 2881 East Bayard Street, Seneca Falls, New York 13148.

24. The Defendant, HONEYWELL INTERNATIONAL, INC. *F/K/A* ALLIED SIGNAL, INC., successor in interest to the Bendix Corporation, is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 101 Columbia Road and Park Avenue, P.O. Box 1057-Tax Dept., Morristown, New Jersey 07962.

25. The Defendant, INGERSOLL-RAND COMPANY, is a New Jersey Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 200 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07675.

26.     The Defendant, JOHN CRANE, INC., is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including asbestos valve packing and gasket material and has its principal place of business at6400W. Oakton Street, Morton Grove, Illinois 60053.

27.     The Defendant, KONE INC. (USA), individually, and as successor to MONTGOMERY ELEVATOR COMPANY, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including elevator components.

28.     The Defendant, MONTGOMERY ELEVATOR COMPANY, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including elevator components.

29.     The Defendant, LINCOLN ELECTRIC COMPANY, an Ohio Corporation authorized to do business in the Commonwealth of Virginia, manufactured and/or sold, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including asbestos-coated welding rods.

30.     The Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a New York Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants,

asbestos-containing products, and has its principal place of business at One Metlife Plaza, 2701 Queens Plaza N, Long Island City, NY 11101.

31.     The Defendant, NATIONAL SERVICE INDUSTRIES, successor to North Bros., Inc. is a Georgia Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 1420 Peachtree Street, NE, Atlanta, Georgia 32309-3002.

32.     The Defendant, OAKF ABCO, INC., individually and as a successor-in-interest to Kewanee Boiler, is a non-Virginia Corporation authorized to do business in the Commonwealth of Virginia that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 210 West 22nd Street, Suite 105, Oak Brook, IL 60523.

33.     The Defendant, THE OKONITE COMPANY, is a New Jersey corporation authorized to do business in the Commonwealth of Virginia that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 102 Hilltop Road, Ramsey, New Jersey, 07446.

34.     The Defendant, OWENS-ILLINOIS, INC., formerly known as Owens-Illinois Glass Company, is an Ohio corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises

21

Defendants, asbestos-containing products, with its principal place of business at One Michael Owens Way, Perrysburg, Ohio 43551.

35.     The Defendant, RAPID AMERICAN CORPORATION, is a New York corporation authorized to do business in the Commonwealth of Virginia and has a registered office in New York. Defendant may be served by mailing a copy of the Summons and Complaint via certified mail to its registered agent for service of process at the Prentice Hall Corporation (Corporation Service Company), 2711 Centerville Road, Wilmington, DE 19808.

36.     The Defendant, RILEY POWER, INC., f/k/a Babcock Borsig Power, Inc., D.B. Riley, Inc., and Riley Stoker Corporation, is a Massachusetts corporation authorized to do business in the Commonwealth of Virginia and has its principal place of business at 5 Neponset Street, Worcester, Massachusetts 01606.

37.     The Defendant, SCHINDLER ELEVATOR CORPORATION, individually, and as successor to WESTINGHOUSE ELEVATOR COMPANY, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including elevator components.

38.     The Defendant, WESTINGHOUSE ELEVATOR COMPANY, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including elevator components.

39.     The Defendant, SEPCO, Inc., is an Alabama Corporation ' authorized to do business in the Commonwealth of Virginia and has it principal place of business at 123 Airpark Industrial Road, Alabaster, Alabama 35007-9598.

40. The Defendant, THYSSENKRUPP ELEVATOR CORPORATION, individually, and as successor to DOVER ELEVATOR COMPANY, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including elevator components.

41. The Defendant, DOVER ELEVATOR COMPANY, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including elevator components.

42. The Defendant, UNION CARBIDE CORPORATION, is a New York corporation authorized to do business in the Commonwealth of Virginia, that sold, installed and distributed asbestos-containing products, including, but not limited to General Purpose Bakelite, Heat Resistant Bakelite, High Impact Heat Resistant Bakelite, Bakelite Molding Compound, electrical products and plasters, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, and has its principal place of business at 39400 W. Sam Houston Parkway South, Houston, Texas 77042. This Defendant also sold and/or distributed bulk quantities of raw asbestos fibers mined from the Calidria Mines, to many of the defendants listed herein, for incorporation into their asbestos-containing products under various trade names. In particular, this Defendant sold and/or distributed thousands of tons of raw asbestos fibers to Georgia-Pacific Corporation for use in fabricating many of its asbestos--containing joint compounds and spackling products under various trade names.

43. The Defendant, UNIROYAL, INC., a Division of Crompton Corporation, is a Delaware corporation able to transact business in the Commonwealth of Virginia, that

manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at World Headquarters, 199 Benson Road, Middlebury, Connecticut 06749.

44.     The Defendant, UNITED TECHNOLOGIES CORPORATION, individually, and as successor to OTIS ELEVATOR CO., manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including elevator components.

45.     The Defendant, OTIS ELEVATOR COMPANY, manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including elevator components.

46.     The Defendant, WACO, INC., is a Virginia corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 5450 Lewis Road, Sandston, Virginia 23150.

47.     The Defendant, WARREN PUMPS, LLC, is a non-Virginia Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 82 Bridges Avenue, Warren, MA 01083-0969.

## C. Premises Defendants

48.    The following Defendants are hereinafter designated as the "Premises Defendants" all of whom own or owned real property and buildings in the City of Richmond, Virginia, in which the Plaintiff's Decedent worked in his trade and was exposed to asbestos and asbestos-containing products.

49.    The Defendant, AMERICAN HERITAGE PLACE, L.P., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 1001 East Main Street.

50.    The Defendant, APPLE SEVEN SPE RICHMOND, INC., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 500 East Broad Street.

51.    The Defendant, BH ROSENBURG LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 700 East Main Street.

52.    The Defendant, CITY OF RICHMOND, VIRGINIA, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 900 East Broad Street.

53.    The Defendant, CITY OF RICHMOND, VIRGINIA, DEPARTMENT OF GENERAL SERVICES, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 900 East Broad Street.

54.    The Defendant, CRIT-VA, INC., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 104 West Franklin Street.

55.    The Defendant, DOMINION RESOURCES, INC., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 705-711 East

Main Street.

56.     The Defendant, FIRST STATES INVESTORS 3500, LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 1111 East Main Street.

57.     The Defendant, FRANKLIN CENTRE OPERATING ASSOCIATES, LIMITED PARTNERSHIP, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 700 East Franklin Street.

58.     The Defendant, GOODNESS GRACIOUS, INC., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 101 North 5th Street.

59.     The Defendant, JAMES CENTER PROPERTY LLC owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 1021 East Cary Street.

60.     The Defendant, JEMAL'S RICHMOND HOLDINGS, LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 627-629 East Main Street.

61.     The Defendants, KAPLAN, EDWARD H., and MAGAZINE, SAMUEL, et al., own real property and buildings located in the City of Richmond, Virginia, including buildings located at 300-308 West Franklin Street.

62.     The Defendant, OMNI CENTER CORPORATION owns real property and buildings in the City of Richmond, Virginia, including buildings located at 100 South 12th Street.

63.     The Defendant, PARMENTER 919 MAIN STREET LP, LLLP, owns real property and buildings in the City of Richmond, Virginia, including buildings located at 901-921

East Main Street.

64.     The Defendant, PLAZA ASSOCIATES, L.L.C., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 801 East Main Street.

65.     The Defendant, RICHMOND EQUITIES LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 600 East Broad Street.

66.     The Defendant, RICHMOND HOTEL PARTNERS, LP, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 307 West Franklin Street.

67.     The Defendant, RIVER TOWER ASSOCIATES, L.C., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 2000 Riverside Drive.

68.     The Defendant, RUSHMARK FNB, L.L.C., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 823-827 East Main Street.

69.     The Defendant, SANDHU CORPORATION OF VIRGINIA, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 555 East Canal Street.

70.     The Defendant, WILLIAM BYRD HOTEL ASSOCIATES, L.P., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 2501 West Broad Street.

## FOR A FIRST CAUSE OF ACTION

71.     The allegations of Paragraphs 1 through 70 are re-alleged and incorporated herein as if repeated verbatim.  As to the Manufacturing Defendants identified above, the Plaintiff

27

alleges as follows:

72. The Manufacturing Defendants are or were miners, manufacturers, processors, importers, converters, compounders, suppliers, distributors, and/or retailers of asbestos, asbestos-related elevator components, including elevator brake pads, asbestos-related insulation materials, and other asbestos-containing products (collectively, the "Asbestos Products").

73. The Manufacturing Defendants, acting through their agents, servants and/or employees, caused Asbestos Products to be placed in the stream of interstate commerce with the result that said Asbestos Products came into use by the Plaintiff's Decedent both prior to 1980, and after 1980.

74. For over twenty-eight (28) years the Plaintiff's Decedent worked as an elevator installer and/or maintenance man, and both prior to 1980, and after 1980, was exposed to Asbestos Products mined, manufactured, processed, imported, converted, compounded, distributed, and/or sold by the Manufacturing Defendants, said exposure being within the Commonwealth of Virginia.

75. During the course and scope of his employment and both prior to 1980, and after 1980, the Plaintiff's Decedent was exposed to the Manufacturing Defendants' Asbestos Products, which exposure directly and proximately caused the Plaintiffs Decedent to develop an illness known and designated as ASBESTOSIS.

76. The illness and disability of the Plaintiff's Decedent are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, the Asbestos Products which the Defendants knew, or in the exercise of ordinary care, should have known, were deleterious, poisonous and highly harmful to the Plaintiffs Decedent's body, lungs,

28

respiratory system, skin and health.

77.     The illness and disability of the Plaintiff's Decedent are the direct and proximate

result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in

that, even though the Defendants knew, or in the exercise of ordinary care, should have known,

that the Asbestos Products were deleterious, poisonous and highly harmful to the Plaintiff's

Decedent's body, lungs, respiratory system, skin and health, and the Defendants nonetheless:

a.      Failed to advise the Plaintiff's Decedent of the dangerous characteristics of their
        Asbestos Products;

b.      Failed or omitted to provide the Plaintiff's Decedent with information concerning
        reasonably safe wearing apparel and proper protective equipment and appliances;

c.      Failed and omitted to place any warnings or sufficient warnings on their
        containers of said Asbestos Products to warn the handlers thereof of the dangers
        to health in coming in contact with said Asbestos Products;

d.      Failed and omitted to take reasonable precautions or to exercise reasonable care to
        publish, adopt and enforce a safety plan and a safe method of handling and
        installing said Asbestos Products;

f.      Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff's
        Decedent of the dangers to their health in coming in contact with and breathing
        said Asbestos Products;

g.      Failed to recommend methods to improve the work environment to prevent an
        unreasonable risk to the Plaintiff's Decedent's health; and

h.      Failed to test the safety of their products or develop alternative products that were
        safe.

78.     The foregoing deliberate, intentional and purposeful acts of the Manufacturing

Defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries, death, and

other damages hereinafter described.

## FOR A SECOND CAUSE OF ACTION

79.     Paragraphs 1 through 78 are re-alleged and incorporated as if fully set forth

herein.

80.     That at various times from 1929 to the filing of this lawsuit, the Manufacturing Defendants had actual knowledge of the dangers to the Plaintiff's Decedent of asbestos exposure. Nevertheless, the Manufacturing Defendants deliberately, intentionally and purposefully:

a.     Failed to warn prior users of the need for monitoring due to prior asbestos exposure;

b.     Failed to issue recall type letters or notices to prior users;

c.     Frustrated the publication of articles on the asbestos health hazards in the literature;

d.     Failed to advise the Plaintiff's Decedent of medical findings known to the Defendants concerning the dangers of asbestos exposure;

e.     Suppressed the dissemination of information to the Plaintiff's Decedent concerning the hazards of asbestos exposure.

81.     The foregoing deliberate, intentional and purposeful acts of the Manufacturing Defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries and damages hereinafter described.

## FOR A THIRD CAUSE OF ACTION

82.     Paragraphs 1 through 81 are re-alleged and incorporated as if fully set forth herein.

83.     Before, during and after the Plaintiff's Decedent's exposure to the Asbestos Products, the Defendants falsely represented the dangers of asbestos exposure to the Plaintiff's Decedent while the Manufacturing Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as the Plaintiff's Decedent.

84.     The foregoing representations were material conditions precedent to the Plaintiff's Decedent's continued exposure to the Asbestos Products and the Manufacturing Defendants each intended that the Plaintiff's Decedent act upon the representations by continuing his exposure to the asbestos products. The Plaintiff's Decedent was ignorant of the falsity of the

Manufacturing Defendants' representations and rightfully relied upon the representations.

85.     As a direct and proximate result of the Plaintiff's Decedent's reliance upon the Defendants' false representations, the Plaintiff's Decedent has suffered injury and damages as hereinafter described.

## FOR A FOURTH CAUSE OF ACTION

86.     Paragraphs 1 through 85 are re-alleged and incorporated as if fully set forth herein.

87.     The Manufacturing Defendants were negligent in some or all of the following respects, and such negligence proximately caused or substantially contributed to cause the Plaintiff's Decedent's ASBESTOSIS and other injuries and disabilities:

a.      In providing a defective product in the stream of commerce in that they failed to, warn Plaintiff's Decedent and others similarly situated, of the known risks and dangers, including the fatal diseases of asbestosis, lung cancer and/or mesothelioma associated with the uncontrolled, intended use of, inhalation, and/or ingestion of the asbestos fibers and dust contained in the asbestos and/or asbestos-containing products and arising from the normal and intended use of such products these Defendants produced and/or supplied.

b.      In failing to adequately warn Plaintiff's Decedent of the dangerous characteristics of the Asbestos Products they manufactured or supplied in that each Manufacturing Defendant failed to warn Plaintiff's Decedent that he could develop fatal injuries, including but not limited to, asbestosis, lung cancer, mesothelioma and other forms of cancer as a result of being exposed to, inhaling, or ingesting asbestos dust and fibers released from these asbestos or asbestos-containing products.

c.      In continuing to manufacture, sell, distribute and/or install the Asbestos Products when each Manufacturing Defendant knew, should have known or had reason to know that such products were unavoidably unsafe and unreasonably dangerous absent reasonable warnings and precautions, which were not implemented, and caused injuries or death from asbestosis, mesothelioma or other forms of cancer in those persons exposed to the ordinary and foreseeable use of asbestos products;

d.      In failing to adequately test their Asbestos Products before offering them for sale and/or use so that Plaintiff's Decedent and other persons similarly situated, could be accurately and adequately warned of the dangers of exposure to asbestos dust

and fibers resulting from the inhalation and/or ingestion of such dust and fibers during the ordinary and foreseeable use of the Asbestos Products and thereby protect themselves and their families from the development of asbestosis, lung cancer, mesothelioma or other forms of cancer.

e.   In failing to exercise reasonable care in the design, hazard analysis, testing, manufacture, and/or sale of the Asbestos Products, and putting into the stream of commerce unreasonably dangerous and defective products, which, when used in a manner reasonably foreseeable to Defendants, was inherently and imminently dangerous because of the harmful effects of breathing asbestos dust generated by the products and of which the Defendants knew, should have known, or had reason to .know would or may cause serious injury or death.

88.    The Asbestos Products to which Plaintiff's Decedent was exposed and which proximately caused or substantially contributed to Plaintiff's Decedent's injury were used in the manner in which the Defendants intended them to be used, and the Manufacturing Defendants knew, should have known or had reason to know of the inherently dangerous, unavoidably unsafe, and/or unreasonably dangerous character and nature of their respective asbestos containing products. As a direct and proximate result of the negligence, gross negligence, and/or willful disregard of the Plaintiff's Decedent's health and safety as aforesaid, Plaintiff's Decedent contracted ASBESTOSIS and other disabilities and injuries, some or all of which were permanent and/or fatal.

### FOR A FIFTH CAUSE OF ACTION

89.    Paragraphs I through 88 are re-alleged and incorporated as if fully set forth herein.

90.    The Manufacturing Defendants impliedly warranted that their Asbestos Products were reasonably fit for use and safe for their intended purposes.

91.    At the time of the manufacture and sale of the Asbestos Products to the Plaintiff's Decedent and/or the Plaintiff's Decedent's employer, and/or the Premises Defendants, the Manufacturing Defendants knew, should have known or had reason to know, that the Asbestos Products would be used by or come into contact with the Plaintiff's Decedent or those similarly

32

situated, as the ultimate user or consumer of their products.

92.     Throughout the years that the Plaintiff's Decedent was exposed to the Asbestos Products, the Manufacturing Defendants expected that their Asbestos Products would reach, and they in fact did reach, the ultimate user or consumer without substantial change in the condition in which they were sold.

93.     The Defendants impliedly warranted to purchasers and users, such as Plaintiff's Decedent, that their products were fit for their ordinary and foreseeable purposes and were of merchantable quality and not unreasonably dangerous.

94.     The Manufacturing Defendants' Asbestos Products were sold in a defective condition in that they were incapable of being made safe for their intended, ordinary and foreseeable use, and said Manufacturing Defendants failed to give adequate or sufficient warnings or instructions about the unreasonable risks and dangers inherent in their Asbestos Products.

95.     The Manufacturing Defendants breached said warranties to the Plaintiff's Decedent in that the Asbestos Products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended, ordinary and foreseeable uses and purposes in light of the fact that the Defendants failed to warn of the dangerous nature of asbestos exposure, and such breaches proximately resulted in the Plaintiff's Decedent contracting ASBESTOSIS, leading to his injury and death.

96.     The Manufacturing Defendants further breached their implied warranty by selling their products which were not reasonably fit for their ordinary and reasonably foreseeable purposes and which were unreasonably dangerous because of their dangerous propensity to release toxic, injurious, and/or deadly asbestos dust, thereby potentially injuring or killing those

33

who were reasonably, foreseeably exposed.

97.     The Manufacturing Defendants' breaches of said warranties to the Plaintiff's Decedent were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff's Decedent.

98.     The foregoing deliberate, intentional and purposeful acts of the Defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries, death, and damages hereinafter described.

## FOR A SIXTH CAUSE OF ACTION

99.     Paragraphs 1 through 98 are re-alleged and incorporated as if fully set forth herein.

100.    The Premises Defendants owned and operated buildings located in the City of Richmond and surrounding areas.

101.    Asbestos materials, including the Manufacturing Defendants' Asbestos Products, were incorporated into, located at, or used at the premises and buildings of the Premises Defendants.

102.    Plaintiff's Decedent, while working for an employer engaged in the trade of installing elevators and maintenance, came into the premises owned by the various Premises Defendants, and was exposed to asbestos materials, including the Manufacturing Defendants' Asbestos Products, at those premises, which exposure directly and proximately caused Plaintiff's Decedent to develop ASBESTOSIS and ultimately die.

103.    The Premises Defendants had actual knowledge of the hazard posed by asbestos materials, including the Asbestos Products, to invitees to their premises, or, in the exercise of

34

ordinary care, should have discovered the hazard.

104.    The Premises Defendants had a duty to warn those invited onto its premises of the hazard of exposure to asbestos on its premises and a duty to take reasonable safety precautions to prevent persons, who may reasonably foreseeably be exposed to asbestos, such as the Plaintiff's Decedent, from being exposed to and breathing asbestos on and generated by their premises.

105.    The Premises Defendants failed to exercise reasonable care in the performance of said duties, were negligent, and as a direct and proximate cause of their negligence, the Plaintiff's Decedent was injured, suffered, and died as a result of his exposure to asbestos.

## DAMAGES

106.    The Plaintiff hereby incorporates by reference Paragraphs 1 through 105, inclusive, as if the same were hereto set forth at length.

107.    Plaintiff brings this action to recover damages under Virginia's Wrongful Death Statues,§8.01-50 *et seq.,* Code of Virginia (1950 as amended).

108.    As a result of his exposure to asbestos, the Plaintiff's Decedent developed ASBESTOSIS, endured severe suffering and died on March 22, 2008.

109.    The Plaintiff's Decedent was in good health prior to contracting the ASBESTOSIS from which he died.

110.    The Plaintiff's Decedent is survived by his wife, Bettie Jean Paschall; his adult daughter, Delores Ann King; and his adult daughter, Sharon Denise Shelton.

111.    Earl Wayne Paschall's wife, Bettie Jean Paschall; his adult daughters, Delores Ann King, and Sharon Denise Shelton, are the wrongful death beneficiaries of Earl Wayne Paschall under §8.01-53 of the Code of Virginia (1950, as amended), and they have suffered severe and substantial damages, including but not limited to the following:

a. Grief, sorrow, mental anguish and solace, including loss of society, companionship, comfort, guidance and advice;

b. Services, protection, care and assistance provided by Earl Wayne Paschall;

c. Expenses for the care, treatment and hospitalization of Earl Wayne Paschall; and

d. Funeral expenses.

112.   In addition to the above damages, Plaintiff is entitled to interest at the statutory

rate from June 7, 2006, pursuant to §8.01-382 of the Code of Virginia.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, jointly and severally,

for compensatory damages in the sum of TWELVE MILLION DOLLARS ($12,000,000.00),

punitive damages in the sum of THREE HUNDRED FIFTY THOUSAND DOLLARS

($350,000.00), together with interest from the date of diagnosis of asbestos-induced disease, plus

the costs of this suit, and such other and further relief as is just and proper.

**PLAINTIFF DEMANDS A JURY WITH RESPECT TO ALL ISSUES TO WHICH SHE IS ENTITLED BY LAW TO A JURY.**

Respectfully submitted,

BETTIE J. PASCHALL, Executrix of the
Estate of EARL WAYNE PASCHALL, Deceased,

By:_____
                    Counsel

Charles E. Ayers, Jr., (VSB No. 13887)
Mark H. Schmidt (VSB No. 44521)
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Telephone:  (804) 358-4731
Facsimile:  (804) 864-0895
*Counsel for the Plaintiff*

Date:    March 19, 2010

# CLERK'S OFFICE
### OF THE
## *Circuit Court of Chesterfield County, Virginia*

---

This is to certify that on June 6, 2008, **Bettie Jean Paschall** qualified before the Clerk of the Circuit Court of Chesterfield County as **Executrix** of the estate of **Earl Wayne Paschall, DECEASED**, and gave bond as such in the amount of **$500.00** and that her powers as such are in full force and effect.

Given under my hand and seal this day, June 6, 2008.

*JUDY L. WORTHINGTON, Clerk*
By:

_____
Deputy Clerk

File #**08-414**
jrb

**EXHIBIT**
*A*