# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL No. 875 – In re:  Asbestos Products Liability Litigation

Opposing CTO-421 re case:      Paschall v. Abex Corporation, et al.
Eastern District of Virginia
Civil Action No. 3:11-cv-00431

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Bettie J. Paschall, Executrix of the Estate of Early Wayne Paschall, Deceased, has filed a Motion to Stay Proceedings in this case.  Ms. Paschall offers the following memorandum of law in support of her motion.

### History

On March 29, 2010, Plaintiff filed her action in the Circuit Court of the City of Richmond, Virginia.  As filed, the complaint named several "premises" defendants who were Virginia entities.  As filed, the case was not removable for lack of diversity of citizenship.

About September 2, 2010, Plaintiff served her complaint on the instant defendants, who are all elevator companies.

By Order entered April 6, 2011, Plaintiff nonsuited the remaining defendants, including all "Virginia" defendants.  Hence, on April 6, 2011, it was discernable from the pleadings, orders, or other papers in the case, that diversity of citizenship existed between the remaining parties.

On July 5, 2011, defendant, Thyssenkrupp Elevator Corporation ("Thyssenkrupp"), filed its Notice of Removal seeking to remove the action to the U.S. District Court for the Eastern

1

District of Virginia ("U.S. District Court"), and on July 7, 2011, filed a Notice of Tag-Along Action with the Panel.   The Notice of Removal was filed more than 1 year after the commencement of the action and more than 30 days after the Nonsuit Order.

On July 11, 2011, Plaintiff moved the U.S. District Court to remand the action to state court asserting the attempted removal was precluded by 28 USC § 1446 (b).   The statute precludes removal more than 1 year after commencement of an action, and more than 30 days after defendants' receipt of a pleading or order from which it may be ascertained that an action is removable.  In this case, July 5, 2011, is more than 1 year after March 29, 2010, and is more than 30 days after April 6, 2011.

The first of the foregoing statutory deadlines might be jurisdictional (*see* Lovern v. General Motors Corp., 121 F.3d 160, 163 (4th Cir. 1997) (statute creates "an absolute bar to removal" of diversity cases "more than 1 year after commencement of the action."), although the 30 day deadline is likely just procedural.

On July 25, 2011, Thyssenkrupp filed its brief in opposition to remand, and on July 26, 2011, Plaintiff filed her reply.  (Copies of the Motion to Remand, the Memo in Support, the Opposition, and the Reply, are attached hereto as Exhibits A, B, C, and D).  Thus, at the time of this pleading, Plaintiff's Motion to Remand has been fully briefed, with the parties now awaiting the decision of the U.S. District Court.

<u>Argument</u>

Judicial efficiency and economy is served by allowing the U.S. District Court to rule on the remand motion now before it.  Everything from this point forward in this case hinges upon proper removal and jurisdiction.  *See* Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 93-101 (1998) (emphasizing court should determine "jurisdiction first" before progressing to

other legal issues).  No court is better suited to determine the removal/jurisdiction issue than the Court before which the Motion to Remand is now pending, that is, the U.S. District Court for the Eastern District of Virginia.  The motion is fully briefed.  The motion is already under consideration.  Based on applicable precedents, the motion should be granted.

No prejudice to the process or to any party will result by having these preliminary issues determined by the Court best suited to hear them (the local U.S. District Court), and which Court is already considering them.

Wherefore, the Plaintiff moves the Panel to stay CTO-421, and/or consideration of Plaintiff's Motion to Vacate CTO-421 and any opposition thereto, if any, until the U.S. District Court for the Eastern District of Virginia has ruled upon Plaintiff's motion to remand the case to state court.

Sincerely

BETTIE J. PASCHALL, Executrix of the Estate of Earl Wayne Paschall, Deceased


 /s/  Mark H. Schmidt_____
Mark H. Schmidt (VSB # 44521)
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Telephone: (804) 358-4731
Facsimile: (804) 864-0895
Email: mschmidt@ayerslaw.com

Counsel for the Plaintiff

# Rule 6.1(b)(ii) SCHEDULE

(A)    Complete Name of Action:

BETTIE J. PASCHALL, Executrix of the Estate of Earl Wayne Paschall, Deceased,

      Plaintiff,

v.

CBS CORPORATION, a Delaware corporation, f/k/a Viacom Inc., Successor by Merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation ("Westinghouse"), A Delaware Corporation,

KONE INC. (USA), individually, and as successor to MONTGOMERY ELEVATOR COMPANY,

MONTGOMERY ELEVATOR COMPANY, A Non-Virginia Corporation,

SCHINDLER ELEVATOR CORPORATION, individually, and as successor to WESTINGHOUSE ELEVATOR COMPANY,

THYSSENKRUPP ELEVATOR CORPORATION, individually, and as successor to DOVER ELEVATOR COMPANY,

DOVER ELEVATOR COMPANY, A Non-Virginia Corporation,

UNITED TECHNOLOGIES CORPORATION, individually, and as successor to OTIS ELEVATOR CO., and

OTIS ELEVATOR COMPANY, A Non-Virginia Corporation,

      Defendants.

(B)    District Court Where Pending:

United States District Court for the Eastern District of Virginia.

(C)    Civil Action No.:  3:11-cv-00431.

(D)    Assigned Judge:  Hon. Henry E. Hudson.