Case 3:14-cv-00431-HEH Document 14 Filed 07/25/14 Page 1 of 12 PageID# 500
Case MDL No. 875 Document 7628-6 Filed 08/02/11 Page 1 of 12

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BETTIE J. PASCHALL, Executrix of the Estate of EARL WAYNE PASCHALL, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 3:11-cv-431 |
| CBS CORPORATION, ) ) | |
| KONE INC., ) ) | |
| MONTGOMERY ELEVATOR COMPANY, ) ) | |
| SCHINDLER ELEVATOR COMPANY, ) ) | |
| THYSSENKRUPP ELEVATOR CORPORATION, ) ) ) | |
| DOVER ELEVATOR COMPANY, ) ) | |
| OTIS ELEVATOR COMPANY, ) ) | |
| Defendants. ) | |

**DEFENDANTS THYSSEN KRUPP ELEVATOR CORPORATION'S
AND DOVER ELEVATOR COMPANY'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

Defendants Thyssen Krupp Elevator Corporation, individually and as successor to Dover Elevator Company, and Dover Elevator Company (collectively, "Thyssen Krupp"), by counsel, set forth the following in opposition to Plaintiff Bettie J. Paschall, Executrix of the Estate of Earl Wayne Paschall's ("Plaintiff") Motion to Remand and Memorandum in Support thereof.

**INTRODUCTION**

This Honorable Court should deny Plaintiff's Motion to Remand because the defendants complied with 28 U.S.C. § 1446(b). Plaintiff's argument that a 74 defendant premises based

action filed in March 2010 is the same "action" as this action ignores the fact that the Circuit Court for the City of Richmond dismissed the 74 defendant action because it did not "identify the claims being asserted and the party alleged to be liable on those claims" as required by Estate of James v. Peyton, 674 S.E.2d 864, 867 (Va. 2009).

Plaintiff could only correct her error by filing **"a new action against the proper party."** Id. This "new action" was the 71-defendant premises action that Plaintiff filed on January 19, 2011, less than one year before removal.

The procedural history explains all of this, but Plaintiff omitted it from her Motion. She does candidly admit that her March 2010 Complaint stated that it "was not removable due to the inclusion of 'premises defendants' many of which were Virginia citizens." See Memorandum at 1. Plaintiff does not admit that she never attempted to serve those defendants and apparently never intended to pursue a premises action in the first place.

But Plaintiff's clever efforts ran afoul of recent precedent and a diligent Circuit Court judge. Judge Hughes dismissed her "premises action" and under Estate of James – a 2009 case where the Supreme Court of Virginia reminded litigants that formal pleadings matter – Plaintiff could only correct her error by filing a "new action against the proper party." 674 S.E.2d at 870.

Finally, as explained below, this Court (and this Division) have refused to allow plaintiffs to play games with pleadings to avoid federal jurisdiction. That is clearly what Plaintiff tried to do in this case. The Court should follow its established precedent and deny Plaintiff's motion for that reason as well.

**PROCEDURAL HISTORY**

- On March 19, 2010, Plaintiff filed a Complaint in the Circuit Court of the City of Richmond. She sued **74 defendants**, including the City of Richmond and 15

2

- other Virginia defendants. Most of the defendants were premises owners in the City of Richmond. (See Compl. ¶¶ 7-70, attached as Exhibit A.)

- Plaintiff never served **any of the Virginia defendants**. Plaintiff waited six months to serve **any defendants.** Instead, on September 2, 2010, **six months** after filing her Complaint, Plaintiff served the Complaint on seven defendants – the defendants that removed this action.

- The defendants demurred to the Complaint relying on the recent case, Estate of James, because the Complaint did not **"express the nature of the claim being asserted, and the identity of the party against whom it is asserted, in clear and unambiguous language, so as to inform both the court and the opposing party of the nature of the claim being made."** 674 S.E.2d at 867 (2009) (See Thyssen Krupp's Demurrer to Compl., attached as Exhibit B).

- On December 13, 2010, the Court **sustained** the defendants' demurrers, dismissing the Complaint. The Court's order referenced the arguments based on Estate of James. (See Exhibit C, Dec. 30, 2010 Order, p. 2.)

- On January 19, 2011, Plaintiff filed a "new action" – an Amended Complaint, naming **71 defendants,** including the City of Richmond and 13 other Virginia defendants. Again, most of the defendants were premises owners. (See Exhibit D, Am. Compl. ¶¶ 5, 9–64.)

- Plaintiff did not serve the Amended Complaint on **62 of these defendants** and did not serve **any Virginia defendants**.

- The eight out-of-state defendants that were served with the Amended Complaint again demurred to the entire Amended Complaint and again relied on Estate of

3

James because Plaintiff still failed to identify the specific causes of action against each specific defendant. (See Thyssen Krupp's Demurrer to Am. Compl., attached as Exhibit E.)

- Defendants noticed their demurrer hearing for April 12, 2011. (See Notice of Hearing, Exhibit F.)

- A week before the demurrer hearing, Plaintiff mailed a non-suit order to the Court and counsel dismissing the **62 never-served defendants**, including the 14 Virginia defendants.

- At the April 12, 2011 hearing, the Circuit Court **again** sustained the defendants' demurrers, dismissing Plaintiff's Amended Complaint. (See April 12, 2011 Hearing Transcript p. 2-3, attached as Exhibit G.)

- On June 6, 2011, Plaintiff filed her Second Amended Complaint, naming just eight defendants and no premises owners. (See Exhibit H, Second Am. Compl. ¶ 4.)

- On July 5, 2011, within 30 days of Plaintiff filing her Second Amended Complaint, the defendants timely removed this action to this Court.

**ARGUMENT**

**I.     Defendants Timely Removed This Case**

The defendants timely removed this action within one year of the filing of the Amended Complaint, which is the "action" at issue. Plaintiff assumes that her March 2010 Complaint – with 74 defendants, most of whom were never served – was the "action" for purposes at 28 USC § 1446(b). She is wrong.

4

In Estate of James, the Supreme Court of Virginia held that pleadings matter. A party filing a civil action has an obligation to state "the **nature of the claim being asserted, and the identity of the party against whom it is asserted, in clear and unambiguous language** so as to inform both the court and the opposing party of the nature of the claim being made." 674 S.E.2d at 867 (emphasis added). The Court held that a plaintiff must "show that the pleading is sufficient to identify **the claims being asserted** and **the party alleged to be liable on those claims**." Id. (emphasis added).

The defendants cited Estate of James to show that the Plaintiff's 74 defendant premises action did not adequately identify the claims being asserted against them – the elevator manufacturers – or the parties alleged to be held liable. The Circuit Court agreed and sustained the demurrer, dismissing the Complaint. The Court held that the "**Plaintiff must identify the specific causes of action being pressed against each specific defendant more specifically**." See Exhibit C, Dec. 30, 2010 Order.

Estate of James also explains how a plaintiff must cure a pleading that does not "identify **the claims being asserted** and **the party alleged to be liable on those claims**." 674 S.E.2d at 867. The Supreme Court ruled that, to cure such a defect, the plaintiff must commence "**a new action against the proper party**." Id. at 870 (emphasis added).

Plaintiff's original Complaint failed to clearly identify the defendants within the pleading and the causes of action set forth against each defendant. Consequently, the Circuit Court dismissed the action. The only way for Plaintiff to correct the defect in her Complaint was to file a "new action," which Plaintiff did on January 19, 2011 with her Amended Complaint, alleging causes of action against 71 defendants[1].

---

[1] Arguably, the June 6, 2011 Second Amended Complaint is the true, "new action" because it more clearly complies with the requirements of the Supreme Court of Virginia. The Second Amended Complaint has only eight

Plaintiff cites to Lovern v. General Motors Corp., 121 F.3d 160 (4th Cir. 1997), Culkin v. CNH America, LLC, 598 F. Supp. 2d 758 (E.D. Va. 2009), and U.S. Airways, Inc. v. PMA Capital Ins. Co., 340 F. Supp. 2d 699 (E.D. Va. 2004) for the proposition that 28 U.S.C. § 1446(b) creates an absolute bar to removal of diversity cases that were commenced more than one year ago from the date of the removal. Each of these cases, however, focus on the "commencement" language, not the "action" language of 28 U.S.C. § 1446(b).

When the Circuit Court for the City of Richmond dismissed Plaintiff's Complaint because she did not plead specific allegations against any party, Plaintiff had to "commence a new action." That "new action" is the "action" referenced in 28 U.S.C. § 1446(b).

In sum, Estate of James holds that a party must identify the claims being asserted and the party alleged to be liable on those claims. Plaintiff's Complaint utterly failed to meet this pleading standard. Consequently, the Circuit Court dismissed her action. The action she filed in January 2011 was a "new action" and it was filed less than a year ago. This Court should deny the Motion to Remand.

II. **This Court's Ruling in the Wire Rope Corp. Cases is the Better Analysis for this Matter, Where Plaintiff Filed Suit Against Virginia Defendants, *Never* Served Them, and Nonsuited those Defendants over One Year after Filing the Original Complaint.**

Plaintiff cites to Lovern, Culkin, and U.S. Airways for the proposition that 28 U.S.C. § 1446(b) creates an absolute bar to removal of diversity cases that were filed more than one year ago from the date of the removal.

---

defendants and is immeasurably different than the 74 defendant March 17, 2011 complaint that asserted a premises liability claim. Cf. Senterfitt v. SunTrust Mortg., Inc., 385 F. Supp. 2d 1377, 1378–81 (N.D. Ga. 2005) (holding that Plaintiff's second amended complaint in state court that included an additional class of plaintiffs did not relate back to plaintiff's amended complaint, and therefore, the second amended complaint was a new action for removal purposes).

Plaintiff ignores and never mentions this Court's holdings in Sheppard v. Wire Rope Corp., 777 F. Supp. 1285, 1288 (E.D. Va. 1991) (denying remand where complete diversity was discovered over one year after motion for judgment filed in circuit court) and Saunders v. Wire Rope Corp., 777 F. Supp. 1281, 1284 (E.D. Va. 1991) (noting that "while this Court is mindful that removal statutes are to be strictly construed with regard to the jurisdiction of state courts, the Court will not permit crafty trial tactics to deprive a nonresident defendant of a valid statutory right to removal").

In both Sheppard and Saunders, this Court denied plaintiff's motion to remand, even though the motion for judgment had been filed in the City of Richmond Circuit Court almost two years prior to the notice of removal. Sheppard, 777 F. Supp. at 1286; Saunders, 777 F. Supp. at 1282. In both opinions, this Court noted that "[l]itigation is not intended to be a game of chess. Congress did not intend plaintiffs, through gimmicks and artful maneuvering used in connection with the one year bar to removal, to straightjacket or deprive nonresident defendants of their legitimate entitlements to removal." Sheppard, 777 F. Supp. at 1288-89.

Plaintiff here blatantly tried to circumvent diversity jurisdiction and then brags about it in the Motion to Remand. See Memorandum at Para. 3. She named 74 defendants, including 14 Virginia defendants but never once bothered to serve them. One of the un-served defendants was the City of Richmond, whose offices are one block from the Circuit Court. See Exhibit A, Complaint at Para. 53.

When she filed her new action in January 2011, she again named 71 defendants, mostly premises defendants and 14 Virginia defendants (including the City of Richmond). Again, Plaintiff never served the vast majority of defendants and never served any Virginia defendants.

7

Lo and behold, in April 2011, when Plaintiff thought the "coast was clear," she non-suited all of the premises defendants and all of the Virginia defendants and proceeded forward against the elevator defendants. This Court has refused to reward gamesmanship and tactical nonsuits in the past as the Wire Rope cases show. This Court should follow the opinions in the Wire Rope cases and deny remand.

### III. Defendants Removed This Case Within 30 Days of Receiving Plaintiff's Second Amended Complaint

The defendants removed this case on July 6, 2011, within 30 days of receiving Plaintiff's Second Amended Complaint. Plaintiff claims, remarkably, that the defendants should have removed her dismissed case – the First Amended Complaint – after it had been dismissed.

As a matter of basic procedure, the defendants could not remove a case that had been dismissed by the Circuit Court.

The relevant "30-day" time line is as follows:

- April 6, 2011: the Circuit Court of the City of Richmond enters Plaintiff's nonsuit order, which dismisses non-diverse defendants;

- April 12, 2011: the Circuit Court of the City of Richmond sustains Thyssen Krupp's and other defendants' demurrers to Plaintiff's Amended Complaint, dismissing the entire Amended Complaint on the record (See Exhibit G, April 12, 2011 Hearing Transcript p. 2-3);

- June 6, 2011: the Plaintiff files her Second Amended Complaint in the Circuit Court for the City of Richmond;

- July 5, 2011: Thyssen Krupp files its Notice of Removal in the Eastern District of Virginia.

While the April 6, 2011 order non-suited certain defendants in the state court proceeding, the Circuit Court sustained Thyssen Krupp's demurrer to Plaintiff's Amended Complaint six

8

days later and did so on the record. See Doe v. Zwelling, 620 S.E.2d 750, 753 (Va. 2005) (holding that a demurrer goes to the whole pleading to which it is addressed).

Accordingly, as of April 12, 2011, **no cause of action existed in state court for the defendants to remove**.

It was not until June 6, 2011, when Plaintiff filed her Second Amended Complaint, that Thyssen Krupp could remove this action based on complete diversity. Plaintiff argues that the non-suit order specified which defendants remained in the action, and, therefore, started the 30 day clock, but this ignores the fact that the nonsuit order applied to a case that had been dismissed.

Accordingly, the 30 day window to remove began on June 6, 2011, and Thyssen Krupp filed its Notice of Removal on July 5, 2011, within 30 days of June 6, 2011.

## CONCLUSION

The Plaintiff was too clever by half. She thought that she could file a monstrous 74 defendant premises liability action naming over a dozen Virginia defendants even though she intended, all along, to focus on eight elevator companies.

But in her efforts to camouflage her strategy she filed a Complaint that did not "clearly identify the claims being asserted and the party alleged to be liable on those claims." When the Circuit Court dismissed the Complaint, Plaintiff could only correct her error by filing **"a new action against the proper party**." The "new action" was her First Amended Complaint, which was filed six months ago.

Because the defendants timely removed this case, the Court should deny Plaintiff's Motion to Remand.

9

THYSSENKRUPP ELEVATOR CORPORATION, individually, and as successor to DOVER ELEVATOR COMPANY, and DOVER ELEVATOR COMPANY.

By: __/s/ Robert F. Redmond, Jr._____
              Counsel

Robert F. Redmond, Jr. (VSB No. 32292)
rredmond@williamsmullen.com
Clement D. Carter (VSB No. 46038)
ccarter@williamsmullen.com
Lauren M. Wheeling (VSB No. 75559)
lwheeling@williamsmullen.com
Williams Mullen, P.C.
200 South 10th St.
Richmond, VA  23219

10

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2011, I electronically filed Thyssen Krupp Elevator Corporation, individually and as successor to Dover Elevator Company, and Dover Elevator Company's Memorandum in Opposition to Plaintiff's Motion to Remand with the Clerk of Court using the CM/ECF system, which will then send a notice of electronic filing (NEF) to the following:

Charles Edward Ayers, Jr.
ericap@ayerslaw.com
Mark Henry Schmidt
mschmidt@ayerslaw.com
Ayers & Stolte PC
710 N Hamilton St
Richmond, VA 23221
804-358-4731
Fax: 804-864-0895
*Counsel for Plaintiff*

Robert Francis Redmond, Jr.
rredmond@williamsmullen.com
Clement Dean Carter , III
ccarter@williamsmullen.com
Lauren Morgan Wheeling
lwheeling@williamsmullen.com
Williams Mullen (Richmond)
200 South 10th Street
16th Floor
Richmond, VA 23219
804-420-6439
Fax: 804-420-6507
*Counsel for Defendants Kone, Inc. and Montgomery Elevator Company*

Henry N. Ware , Jr.
hnware@spottsfain.com
Maurice Francis Mullins
cmullins@spottsfain.com
Patricia Bugg Turner
pturner@spottsfain.com
Spotts Fain PC
411 E Franklin St
PO Box 1555
Richmond, VA 23218-1555
804-697-2090
Fax: 804-697-2190
*Counsel for Defendant CBS Corporation*

Carl Robert Schwertz
cschwertz@duanehauck.com
Jeffrey S. Poretz
jporetz@milesstockbridge.com
Miles & Stockbridge PC (McLean)
1751 Pinnacle Dr
Suite 500
McLean, VA 22102-3833
(703) 903-9000
Fax: (703) 610-8686
*Counsel for Defendant Schindler Elevator Company*

11

Martin Andrew Conn
mconn@moranbrownpc.com
Eric George Reeves
ereeves@morankikerbrown.com
Mary Louise Roberts
mroberts@mrcpclaw.com
Moran Kiker Brown PC
4110 E Parham Rd
Richmond, VA 23228
(804) 864-4804
Fax: (804) 421-6251
*Counsel for Defendant Otis Elevator Company*

      /s/ Robert F. Redmond, Jr.
Robert F. Redmond, Jr. (VSB No. 32292)
rredmond@williamsmullen.com
Clement D. Carter (VSB No. 46038)
ccarter@williamsmullen.com
Lauren M. Wheeling (VSB No. 75559)
lwheeling@williamsmullen.com
Williams Mullen, P.C.
200 South 10th St.
Richmond, VA 23219
Phone:   804.420.6000
Fax:     804.420.6507
*Counsel for Thyssen Krupp Elevator Corporation, individually and as successor to Dover Elevator Company, and Dover Elevator Company*

12