Case 3:11-cv-00431-HEH  Case MDL No. 875  Document 7623-7  Document 15  Filed 08/02/11  Filed 07/26/11  Page 1 of 7  Page 1 of 7 PageID# 653

Exhibit D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| BETTIE J. PASCHALL, Executrix of the Estate of EARL WAYNE PASCHALL, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 3:11CV431 |
| CBS CORPORATION, et al. ) ) | |
| Defendants. ) | |

### REPLY OF PLAINTIFF TO THYSSENKRUPP'S OPPOSITION
### TO PLAINTIFF'S MOTION TO REMAND

The Plaintiff states as follows for her reply to Thyssenkrupp's opposition to her motion to remand this cause to the Circuit Court of the City of Richmond, Virginia, from which Court it was attempted to be removed to this Court:

**Summary of Plaintiff's Argument**

This cause of action should be remanded because Thyssenkrupp's Notice of Filing for Removal ("Removal Notice") failed to comply with 28 USC 1446(b) in that it was filed too late. Thyssenkrupp <u>failed</u> to file the Removal Notice: (1) within 30 days after their receipt of a copy of an amended pleading, motion, order or other paper from which it first may be ascertained that the case is one which is or has become removable; nor (2) within 1 year of the commencement of the action.

1

28 USC § 1446 (b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed **within thirty days** after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] **more than 1 year** after commencement of the action.
>
> (Emphasis added).

In this case, the initial complaint included Virginia defendants and therefore stated a case that was not removable. Hence, Thyssenkrupp had to remove "within thirty days" of Plaintiff's April 6, 2011, nonsuit of the Virginia defendants, and no "more than 1 year" after Plaintiff's March 19, 2010, commencement of the action. By attempting to remove on July 5, 2011, Thyssenkrupp failed to meet either criteria.

### Plaintiff's action was commenced March 19, 2010, by the filing of the initial complaint (not by filing an amended complaint).

Rule 3:2(a) of the Rules of the Supreme Court of Virginia provides "a civil action shall be commenced by filing a complaint in the Clerk's office." It is undisputed that Plaintiff, on March 19, 2010, filed her complaint in this action in the Clerk's office of the Circuit Court of the City of Richmond, Virginia. It is also undisputed that, as a result of that filing, the Clerk of that Court created a case file with the case number CL10-1042-1. All pleadings in the case, at least to the point it was attempted to be removed to this Court, bore case number CL10-1042-1 upon their face.

However, Thyssenkrupp argues in its opposition that Plaintiff's action was commenced by the filing of an amended complaint. Thyssenkrupp cites Estate of James v. Peyton, 277 Va. 443, 674 S.E.2d 864 (2009) to support its argument, but the cited opinion doesn't apply to this case.

In Peyton, the plaintiff sued the "Estate of Robert Judson James, Administrator, Edwin F. Gentry, Esquire" rather than "Gentry, Administrator of the Estate of James." According to the Court, an "Estate" and its "Administrator" are separate legal persons. The Plaintiff sued the wrong person. It was not a misnomer. Where it was not a misnomer, the error could not be rectified by amending the party's name. And it was fatal to the case in that the statute of limitations had run by the time the Plaintiff understood its error since the addition of a new party to the action wouldn't "relate back" to the commencement of the action.

In this case, Thyssenkrupp does not assert it was improperly named as a defendant. It hasn't asserted that the statute of limitations in this case, which arguably ran after the commencement of the action and before the filing of the first amended complaint, now bars the action. Peyton has no application to this case. Thyssenkrupp simply invites this Court to adopt a novel rule, without the support of any authority, and in contradiction of Rule 3:2, that the filing of an "amended complaint" creates a new "action." Of course, this Court should not so rule.

Moreover, neither of the two Orders entered by the Circuit Court of the City of Richmond in this case sustaining demurrers ever dismissed the action or even the complaint, although, absent the filing of amended pleadings, that result may have followed. (*See* Orders attached hereto as Exhibit 1).

3

**The 1 year limitation of 28 USC § 1446(b) is an absolute bar to removal.**

In her memorandum supporting her motion to remand, Plaintiff cited <u>Lovern v. General Motors Corp.</u>, 121 F.3d 160, 163 (4th Cir. 1997) (statute creates "an absolute bar to removal" of diversity cases "more than 1 year after commencement of the action."), <u>Culkin v. CNH America, LLC</u>, 598 F.Supp.2d 758, 760 (E.D. Va. 2009) (action commenced when initially filed in state court), and <u>US Airways, Inc. v. PMA Capital Ins. Co.</u>, 340 F.Supp.2d 699 (E.D. Va. 2004) as the applicable authority determining whether remand should be ordered in this case.

In its opposition brief, Thyssenkrupp argues the better analysis is provided by <u>Sheppard v. Wire Rope Corp.</u>, 777 F.Supp. 1285 (E.D. Va. 1991) and <u>Saunders v. Wire Rope Corp.</u>, 777 F.Supp. 1281 (E.D. Va. 1991). However, this pair of cases predates the <u>Lovern</u> opinion by the Court of Appeals for the Fourth Circuit, and their holdings are made untenable by <u>Lovern</u>.

Moreover, unlike the <u>Wire Rope Corp.</u> cases where the defendant was served just days before the 1 year limitation period for removal expired, the Plaintiff herein served Thyssenkrupp about six months into the 1 year period. Thyssenkrupp had six months during which it could have raised an issue of fraudulent joinder with the circuit court, but did not do so. Neither of the two demurrer Orders entered by the Circuit Court of the City of Richmond prior to this removal attempt to address any such issue.

**Thyssenkrupp did not attempt to remove this case within 30 days of receiving a copy of Plaintiff's motion for nonsuit or the entered Nonsuit Order.**

As set forth in Plaintiff's memorandum in support of its motion to remand, Plaintiff served Thyssenkrupp on April 5th with its motion for nonsuit, the Nonsuit Order was entered by the Court on April 6th, Thyssenkrupp's counsel discussed the entered Nonsuit Order in open court on April 12th (*See* Hearing on Motions Excerpt of Proceedings, page 3, "in preparation for this hearing … the plaintiff has nonsuited basically three quarters of the defendants in this case" -

4

attached hereto as Exhibit 2), and the Clerk posted copies of the Nonsuit Order on April 18th. Thyssenkrupp should have filed its Notice of Removal within 30 days of at least one of these April dates, but failed to do so.

In its opposition, Thyssenkrupp argues it could not do so because the Court had orally sustained its demurrer, and therefore "no cause of action existed in state court for the defendants to remove." However, a Virginia circuit court speaks only through its written orders. *See* Berean Law Group, P.C. v. Cox, 259 Va. 622, 626, 528 S.E.2d 108, 111 (2000) ("It is the well-established law of this Commonwealth that a circuit court speaks only through its written orders" – citing numerous cases). The second demurrer Order was not entered until May 17, 2011, and, even then, did not purport to dismiss the action or even the complaint.

Thyssenkrupp failed to timely file its Notice of Removal, first, because it failed to file the notice within 30 days of April 5th, April 6th, April 12th, or April 18th, and, second, because it failed to file for removal within 1 year of March 19, 2010.

WHEREFORE, the Plaintiff respectfully requests that this Court DENY defendants' motion to stay, REMAND this action to the Circuit Court of the City of Richmond, Virginia, and AWARD her the costs and attorney's fees incurred in connection with her motion to remand and opposition to stay.

DATED: July 26, 2011.

        Respectfully submitted,

        BETTIE J. PASCHALL, Executrix of the
        Estate of EARL WAYNE PASCHALL

        By Counsel

Case MDL No. 875 Document 7628-7 Filed 08/02/11 Page 6 of 7

<pre>
        /s/
</pre>
Mark H. Schmidt (VSB # 44521)
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Telephone:  (804) 358-4731
Facsimile:  (804) 864-0895
Email:  mschmidt@ayerslaw.com
*Attorney for the Plaintiff*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of July, 2011, I will electronically file the foregoing Memorandum in Support of Motion to Remand with the Clerk of the Court using the CM/ECF system, which will then send a notice of filing to:

    Robert F. Redmond, Jr. (VSB # 32292)
    Williams Mullen, P.C.
    200 South 10th Street
    Richmond, Virginia 23219
    Telephone: (804) 420-6000
    Facsimile: (804) 420-6507
    Email: rredmond@williamsmullen.com
    *Counsel for Thyssenkrupp Elevator Corporation, etc., Dover Elevator Company, Kone Inc., etc., and Montgomery Elevator Company*

    Martin A. Conn, Esq.
    Moran Reeves & Conn
    4110 East Parham Road
    Richmond, Virginia 23228
    Email: mrc@mrcpclaw.com
    *Counsel for United Technologies Corporation and Otis Elevator Company*

    Harry N. Ware, Jr., Esq.
    Spotts Fain
    411 East Franklin Street, Suite 600
    Richmond, Virginia 23218
    Email: hnware@spottsfain.com
    *Counsel for CBS Corporation*

    Carl R. Schwertz, Esq.
    Miles Stockbridge
    1751 Pinnacle Drive, Suite 500
    McLean, Virginia 22102
    Email: cschwertz@milesstockbridge.com
    *Counsel for Schindler Elevator Corporation*

                                     /s/
                          Mark H. Schmidt (VSB # 44521)
                          Ayers & Stolte, P.C.
                          710 North Hamilton Street
                          Richmond, Virginia 23221
                          Telephone: (804) 358-4731
                          Facsimile: (804) 864-0895
                          Email: mschmidt@ayerslaw.com
                          *Attorney for the Plaintiff*