DOCKET FOR CASE #4:11-CV-03618-DMR
In the Northern District of California (Oakland)
*Owens v. Allis-Chalmers Corporation, et al.*

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:11-cv-03618-DMR

| | |
|---|---|
| Owens v. Allis-Chalmers Corporation Product Liability Trust et al | Date Filed: 07/22/2011 |
| Assigned to: Magistrate Judge Donna M. Ryu | Jury Demand: Defendant |
| Case in other court: San Francisco Superior Court, CGC09-275341 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1441 Petition for Removal- Asbestos Litigation | Jurisdiction: Federal Question |

**Plaintiff**

**James E. Owens**         represented by   **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*ATTORNEY TO BE NOTICED*

**Eric Christopher Solomon**
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94948
(415) 898-1555
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Allis-Chalmers Corporation Product
Liability Trust**

**Defendant**

**Thomas Dee Engineering Co. Inc.**

**Defendant**

**Garlock Sealing Technologies, LLC**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Owens-Illinois Inc.**

**Defendant**

**Parker-Hannifin Corporation**

**Defendant**

**Quintec Industries, Inc.**

**Defendant**

**CBS Corporation**
*formerly known as*
Westinghouse Electric Corporation

represented by **Kevin Douglas Jamison**
Pond North LLP
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
(213) 617-6170
Fax: (213) 623-3594
Email: kjamison@pondnorth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Western MacArthur Company**

**Defendant**

**MacArthur Company**

**Defendant**

**Western Asbestos Company**

**Defendant**

**Honeywell International Inc**

**Defendant**

**Cleaver-Brooks, Inc.**

**Defendant**

**Goulds Pumps, Inc.**

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Yarway Corporation**

**Defendant**

**Richmond Motor Parts, Inc.**

**Defendant**

**Union Diesel Company**

**Defendant**

**Judson Steel Corporation**

**Defendant**

**Brandon Drying Fabrics, Inc.**

**Defendant**

**3M Company**

**Defendant**

**Aero-Jet General Corporation**

**Defendant**

**American Cyanamid Company**

**Defendant**

**Henkel Corporation**

**Defendant**

**Epoxylite Corporation**

**Defendant**

**Gardena Holdings, Inc.**

**Defendant**

**Hercules Powder Company**

**Defendant**

**Hexcel Corporation**

**Defendant**

**Shell Oil Company**

**Defendant**

**Crown Cork & Seal Company, Inc.**

**Defendant**

**Kirtland Enterprise Group, Inc.**

**Defendant**

**Insulectro**

**Defendant**

**Hopeman Brothers, Inc.**

**Defendant**

**J.T. Thorpe, Inc.**

**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Lockheed Martin Corporation**                    represented by    **Michael David Smith**
                                                                      Knott and Glazier LLP
                                                                      201 Spear Street
                                                                      Suite 1520
                                                                      San Francisco, CA 94105
                                                                      415-356-1100
                                                                      Email: smith@knottglazier.com
                                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2011 | 1 | NOTICE OF REMOVAL from San Francisco Superior Court. Their case number is CGC 09-275341. (Filing fee $350 receipt number 34611062500). Filed byLockheed Martin Corporation. (vlk, COURT STAFF) (Filed on 7/22/2011) (Additional attachment(s) added on 7/27/2011: # 1 Notice of Removal Part 2, # 2 Civil Cover Sheet) (vlk, COURT STAFF). (Entered: 07/26/2011) |
| 07/22/2011 | | CASE DESIGNATED for Electronic Filing. (vlk, COURT STAFF) (Filed on 7/22/2011) (Entered: 07/26/2011) |
| 07/22/2011 | 2 | Index and Attachment of Additional Pleadings to re 1 Notice of Removal by Lockheed Martin Corporation (vlk, COURT STAFF) (Filed on 7/22/2011) (vlk, COURT STAFF). (Entered: 07/26/2011) |
| 07/22/2011 | 3 | Certificate of Interested Entities by Lockheed Martin Corporation identifying Other Affiliate United States Aviation Insurance Group(USAIG) for Lockheed Martin Corporation. (vlk, COURT STAFF) (Filed on 7/22/2011) (vlk, COURT STAFF). (Entered: 07/26/2011) |
| 07/22/2011 | 4 | NOTICE of Pendency of Other Action by Lockheed Martin Corporation (vlk, COURT STAFF) (Filed on 7/22/2011) (vlk, COURT STAFF). (Entered: 07/26/2011) |
| 07/22/2011 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 10/26/2011. Case Management Conference set for 11/2/2011 01:30 PM. (Attachments: # 1 Standing Order) (vlk, COURT STAFF) (Filed on 7/22/2011) (Entered: 07/26/2011) |
| 07/27/2011 | 6 | CERTIFICATE OF SERVICE by Lockheed Martin Corporation (Smith, Michael) (Filed on 7/27/2011) (Entered: 07/27/2011) |
| 07/29/2011 | 7 | NOTICE by CBS Corporation *of Filing State Court Answer to Complaint and Jury Demand* (Attachments: # 1 Exhibit 1 (CBS Corporation's Answer to Complaint), # 2 Exhibit 2 (CBS Corporation's Demand for Jury Trial)(Jamison, Kevin) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 07/29/2011 | 8 | Certificate of Interested Entities by CBS Corporation re 7 Notice (Other), Notice (Other) *Pursuant to FRCP Rule 7.1* (Jamison, Kevin) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 07/29/2011 | 9 | NOTICE OF Related Cases by CBS Corporation (Jamison, Kevin) (Filed on 7/29/2011) Modified on 8/1/2011 (vlk, COURT STAFF). (Entered: 07/29/2011) |
| 07/29/2011 | 10 | ANSWER to Complaint *First Amended* byLockheed Martin Corporation. (Attachments: # 1 Attachment A)(Smith, Michael) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 08/02/2011 | 11 | NOTICE by Lockheed Martin Corporation *of Tag-Along Action (Multi-District Rule 7.5 (e)* (Smith, Michael) (Filed on 8/2/2011) (Entered: 08/02/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/02/2011 13:22:40 | | |
| **PACER Login:** kg0289 | **Client Code:** owens | |
| **Description:** Docket Report | **Search Criteria:** 4:11-cv-03618-DMR | |
| **Billable Pages:** 3 | **Cost:** 0.24 | |

FIRST AMENDED COMPLAINT

DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON♦PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555

Attorneys for Plaintiff

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

MAY 25 2011
Clerk of the Court
BY: ALISON AGBAY
                    Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

JAMES E. OWENS,

              Plaintiff,

vs.

ALLIS-CHALMERS CORPORATION
PRODUCT LIABILITY TRUST;
Defendants as Reflected on Exhibit 1
attached to the Summary Complaint,
herein; and DOES 1-8500.

ASBESTOS
No. CGC-09-275341

FIRST AMENDED COMPLAINT FOR
PERSONAL INJURY - ASBESTOS

1.    Plaintiff JAMES E. OWENS was born September 9, 1939.

2.    The ©Brayton♦Purcell LLP Master Complaint for Personal Injury [and

Loss of Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in

San Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may

be obtained upon request from Brayton♦Purcell LLP, and designated portions of the Master

Complaint are incorporated by reference herein pursuant to the authority conferred by General

Order No. 55. Plaintiff's claims are as set forth in said Master Complaint against defendants

herein as follows:

///

///

///

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

DEFENDANTS* ON EXHIBITS:

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ⊠ | ⊠ | | ☐ | | | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | |
| Second (Strict Liability) | ⊠ | ⊠ | | ☐ | | | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ | |
| Third (False Representation) As to Defendans OWENS-ILLINOIS, INC. and HONEYWELL INTERNATIONAL, INC. only. | ⊠ | ⊠ | | | | | | | | | | | | |
| Fourth (Loss of Consortium) | ☐ | | | ☐ | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| Fifth (Premises Owner/Contractor Liability) | | ☐ | ⊠ | | | | | | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act],Maintenance and Cure) | | | | ☐ | | | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | ☐ | | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | ☐ | | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | ☐ | | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | ⊠ | | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | ⊠ | | | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | | ⊠ | | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | | |
| Twenty-First (Aiding/Abetting Battery - Met Life) | | | | | | | | ⊠ | ⊠ | ⊠ | | | | ⊠ |
| Twenty-Second (Civil Battery) | ⊠ | ⊠ | ⊠ | ☐ | | | ☐ | ⊠ | ⊠ | ⊠ | ☐ | ☐ | ☐ | ⊠ |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

3.     Plaintiff's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibit A.

4.     (a)  "Exposed persons" in paragraphs 21, 68 and 69 of the Master Complaint include plaintiff JAMES E. OWENS herein and plaintiff's father DeWitt Hawkins, deceased.

5.     Plaintiff's claims against defendant CROWN CORK & SEAL COMPANY, INC., exclude military and federal government jobsites.

6.     Plaintiff's claims against defendant CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) exclude plaintiff's asbestos exposure at military and federal government jobsites or from U.S. Military vessels, aircraft or equipment.

7.     Plaintiff hereby alleges that INSULECTRO and KIRTLAND ENTERPRISE GROUP, INC., are the successors in interest to Quintec, Western Fiberglas Supply Company, Western Fibrous Glass Products Co. and Wesglas.  Defendants INSULECTRO and KIRTLAND ENTERPRISE GROUP, INC., are liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, including Quintec, Western Fiberglas Supply Company, Western Fibrous Glass Products Co. and Wesglas which researched, repaired, marketed, distributed, supplied, warranted, re-branded, manufactured for others and advertised a certain substance, the generic name of which is asbestos, and other products containing said asbestos, including but not limited to Unibestos insulation/pipe covering.  Defendants INSULECTRO and KIRTLAND ENTERPRISE GROUP, INC., are liable for the acts of each and every predecessor in interest, and each of them, including Quintec, Western Fiberglas Supply Company, Western Fibrous Glass Products Co, and Wesglas in that there was a transaction between these entities and each them, which amounted to a consolidation or merger of the corporations and/or the purchasing corporation became a mere continuation of the selling corporation. In the alternative, Defendants INSULECTRO and KIRTLAND ENTERPRISE GROUP, INC., are liable for the acts of

1   Quintec, Western Fiberglas Supply Company, Western Fibrous Glass Products Co, and Wesglas

2   in that there has been a virtual destruction of plaintiff's remedy against each such predecessor in

3   interest, including Quintec, Western Fiberglas Supply Company, Western Fibrous Glass

4   Products Co. and Wesglas;  Defendants INSULECTRO and KIRTLAND ENTERPRISE

5   GROUP, INC., have acquired the assets, product line, or a portion thereof, of each such

6   predecessor in interest, including Quintec, Western Fiberglas Supply Company, Western

7   Fibrous Glass Products Co. and Wesglas; Defendants INSULECTRO and KIRTLAND

8   ENTERPRISE GROUP, INC., have caused the destruction of plaintiff's remedy against each

9   such predecessor in interest, including Quintec, Western Fiberglas Supply Company, Western

10  Fibrous Glass Products Co. and Wesglas; Defendants INSULECTRO and KIRTLAND

11  ENTERPRISE GROUP, INC., have the ability to assume the risk-spreading role of each such

12  predecessor in interest, including Quintec, Western Fiberglas Supply Company, Western

13  Fibrous Glass Products Co. and Wesglas; and that Defendants INSULECTRO and

14  KIRTLAND ENTERPRISE GROUP, INC., enjoy the goodwill originally attached to each

15  such predecessor in interest, including Quintec, Western Fiberglas Supply Company, Western

16  Fibrous Glass Product Co. and Wesglas.  Moreover, Defendants INSULECTRO and

17  KIRTLAND ENTERPRISE GROUP, INC., acquired the assets, product line, or a portion

18  thereof as the result of a fraudulent transfer, with the actual intent to hinder, delay or defraud

19  plaintiff.  As a result, there is a unity of interest and ownership by and between Defendants

20  INSULECTRO and KIRTLAND ENTERPRISE GROUP, INC., and each predecessor in

21  interest including the commingling of funds and assets, similar equitable ownership and the

22  use of the same offices and employees, that the separate personalities of the corporations no

23  longer exist.

24        8.      Plaintiff hereby amends the Master Complaint on file herein, to incorporate a

25  new Twenty-First Cause of Action, set forth below, specially plead against the defendant listed

26  on Exhibit N, namely METROPOLITAN LIFE INSURANCE COMPANY.  (Plaintiffs are in

27  the process of amending the Master Complaint herein and will include this new Cause of Action

28  in said amendment.)

"TWENTY-FIRST CAUSE OF ACTION
Aiding and Abetting Battery
[Against Metropolitan Life Insurance Company
and Does 7501-7900, Inclusive]

AS AND FOR A FURTHER, TWENTY-FIRST, SEPARATE AND DISTINCT

CAUSE OF ACTION FOR AIDING AND ABETTING BATTERY, PLAINTIFF

COMPLAINS OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY,

DEFENDANTS ON EXHIBIT N, DOES 7501-7900, THEIR ALTERNATE ENTITIES AND

EACH OF THEM, AND ALLEGES AS FOLLOWS:

225.    Plaintiff incorporates herein by reference, as though fully set forth hereat, each

and every allegation of the First through Third and Sixteenth, Seventeenth, Eighteenth and

Nineteenth Causes of Action as though fully set forth herein. (As used throughout this cause of

action, 'plaintiff' refers to all named plaintiffs and/or all named decedents from whom the

named plaintiff's injuries may derive.)

226. This cause of action is for the aiding and abetting of battery by METROPOLITAN

LIFE INSURANCE COMPANY ("MET LIFE"), primarily through its assistant medical

director Anthony Lanza, M.D., of a breach of duty committed by Johns-Manville Corporation

("J-M").

227. Plaintiff is informed and believes, and thereon alleges, that at all times herein

mentioned defendant MET LIFE was and is a corporation organized and existing under and by

virtue of the laws of the State of New York or the laws of some other state or foreign

jurisdiction, and that this defendant was and is authorized to do and/or was and is doing

business in the State of California, and regularly conducted or conducts business in the County

of San Francisco, State of California.  At times relevant to this cause of action, MET LIFE was

an insurer of J-M.

228. Plaintiff, was exposed to asbestos-containing dust created by the use of the

asbestos products manufactured, distributed and/or supplied by J-M. This exposure to the

asbestos or asbestos-related products supplied by J-M caused Plaintiff's asbestos-related disease

and injuries.

229.  Starting in 1928, MET LIFE sponsored studies of asbestos dust and asbestos-related disease in Canadian mines and mills, including those of J-M.  Those studies revealed that miners and mill workers were contracting asbestosis at relatively low levels of dust.  McGill University, which conducted the studies, sought permission from MET LIFE to publish the results but they were never published.  MET LIFE prepared its own report of these studies.

230.  Between 1929 and 1931, MET LIFE studied dust levels and disease at five U.S. plants manufacturing asbestos-containing products, including a J-M plant.  Those studies showed that workers in substantial numbers were contracting asbestosis, at levels less than what became the Threshold Limit Value ("TLV") of 5mppcf.  The MET LIFE report was never published or disseminated except to plant owners, including J-M.

231.  In 1932, MET LIFE studied dust levels and disease at the J-M plant at Manville, New Jersey.  Results were consistent with those of the Canadian and previous U.S. plant studies.  They were never published.

232.  In 1934, J-M and others whose plants MET LIFE had studied agreed with MET LIFE that it should issue a report of its studies.

233.  MET LIFE submitted a draft of its report to J-M.  J-M requested, for legal and business reasons, that certain critical parts of the draft be changed.  MET LIFE's official in charge was Lanza.  MET LIFE through Lanza did make changes that J-M requested, including:

    (a)    Deletion of MET LIFE's conclusion that the permissible dust level for asbestos should be less than that for silica;

    (b)    Addition of the phrase that asbestosis clinically appeared to be milder than silicosis.

The report, thus altered, was published in 1935.  It was misleading, and intentionally so, because it conveyed the incorrect propositions that asbestosis was a less serious disease process than silicosis and that higher levels of asbestos dust could be tolerated without contracting diseases than was the case for silica dust.

234.  MET LIFE had a close relationship with J-M.  It invested money in J-M.  It provided group health and life insurance to J-M.  MET LIFE IN 1934 agreed to supply

industrial hygiene services to J-M, including dust counts, training employees to monitor dust levels, examining employees, and recommending protective equipment.  MET LIFE and Lanza were viewed as experts on industrial dusts.

235.  In 1933, MET LIFE through Lanza issued the following advices to J-M:

(a)     Disagreeing with the recommendation of a J-M plant physician, MET LIFE advised against warning workers of the fact that asbestos dust is hazardous to their health, basing its advice in view of the extraordinary legal situation;

(b)     When the plant physician judged the best disposition of an employee with asbestosis was to remove him from the dust, MET LIFE advised instead that disposition should depend on his age, nature of work and other factors and to leave him alone if he is old and showing no disability, for, MET LIFE stated, economic and production factors must be balanced against medical factors.

236.  J-M followed the MET LIFE advices and did not warn its workers, including plaintiff, of the hazards of asbestos dust, and J-M also intentionally refrained from notifying workers of their disease.

237.  In 1936, MET LIFE, J-M and others founded the Air Hygiene Foundation ("AHF").  One of the AHF purposes was to develop standards for dust levels that would serve as a defense in lawsuits and workers' compensation claims.

238.  MET LIFE funded partially another study that tentatively recommended in 1938 a TLV for asbestos dust of 5mpccf, the same as for silica dust.  MET LIFE was aware of data from its own, unpublished reports that showed that level was too high for asbestos dust.  MET LIFE nonetheless promoted that TLV as proper.

239.  In June 1947, the Industrial Hygiene Foundation ("IHF") which succeeded to the AHF, issued a report of studies by Dr. Hemeon of U.S. asbestos plants, including a J-M plant.  That report showed that workers exposed to less than the recommended maximum levels of dust were developing disease.  MET LIFE was a member of the IHF and Lanza was on its medical committee.  The Hemeon report, which was supplied to J-M and other owners, never was published.

240. In 1936, J-M and other asbestos companies agreed with a leading medical research facility, Saranac Laboratories, that Saranac would research asbestos disease, but J-M and the others retained control over publication of the results. In 1943 Saranac's Dr. Leroy Gardner, in charge of the research, sent a draft to J-M that revealed that 81.8% of mice exposed to long fiber asbestos contracted cancer.

241. Dr. Gardner died in 1946. J-M and other companies wanted parts of the Saranac results published and enlisted the assistance of MET LIFE's Lanza. J-M and other companies decided that Saranac's findings of cancer caused by asbestos in mice must be deleted, as well as Saranac's critique of existing dust standards. Lanza directed Saranac to delete the offending materials. Saranac did so, and the altered report was published in 1951 by Saranac's Dr. Vorwald, in the *AMA Archives of Industrial Hygiene*.

242. Lanza left MET LIFE at the end of 1948, and took a position at New York University, funded by MET LIFE. He continued to misrepresent that asbestos does not cause cancer into the 1950s.

243. The IHF (formerly AHF), of which MET LIFE was a member and MET LIFE official was on its medical committee, through Drs. Braun and Truan conducted a study of Canadian miners. The original report, in 1957, found an increased incidence of lung cancer in persons exposed to asbestos. The sponsors, including J-M, caused those findings to be stricken, and the report published in 1958 contained the false conclusion that asbestos exposure alone did not increase the risk of lung cancer.

244. The false and misleading reports that a link between asbestos exposure and cancer was not proven influenced the TLV, for if a substance causes cancer the TLV must be very low or zero.

245. J-M not later than 1933 was inflicting asbestos dust on its workers in its plants knowing that the dust was hazardous and was causing workers to contract disease that could and would disable and kill them. As MET LIFE advised, J-M did not warn its workers of the hazard. J-M committed battery on workers in its plants, including plaintiff, by that conduct.

///

**8**

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

246. MET LIFE knew that J-M's conduct constituted a breach of its duties to its workers. MET LIFE gave substantial assistance to J-M in committing batteries on its workers, including plaintiff, through MET LIFE's conduct described above, including by:

    (a)    Affirmatively urging J-M not to warn workers of the hazards of asbestos dust, in view of the extraordinary legal situation, such that J-M did not warn its workers, including plaintiff;

    (b)    Deleting the findings of its own draft report that the allowable limits for asbestos dust should be less than those for silica dust, and promoting a false and unsafe TLV which specified maximum levels of silica dust, and promoting a false and unsafe TLV which specified maximum levels of dust for workers, including plaintiff, which MET LIFE knew was wrong through its own studies;

    (c)    Advising J-M to keep certain workers continuing to work at dusty areas in the plant even after J-M was aware that their lungs showed asbestos-induced changes, lest other workers including plaintiff be alerted to the dangers of working in the dust.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth."

9. Plaintiff hereby amends the Master Complaint on file herein, to incorporate a new Twenty-Second Cause of Action as set forth below:

"TWENTY-SECOND CAUSE OF ACTION FOR CIVIL BATTERY
AS AGAINST ALL DEFENDANTS AND EACH OF THEM

AS AND FOR A FURTHER, TWENTY-SECOND, SEPARATE, AND DISTINCT CAUSE OF ACTION FOR CIVIL BATTERY, PLAINTIFF COMPLAINS OF ALL DEFENDANTS HEREIN, DOES 1-8500, AND EACH OF THEM AND ALLEGES:

247. Plaintiff incorporates herein by reference, as though fully set forth hereat, each and every allegation contained in the Second, Fourth and Fifth Causes of Action of the Master Complaint for Personal Injury.

248. In and by the acts, omissions and other conduct herein set forth, defendants, and each of them, intended the conduct, acts, omissions, consequences and results, did what they

1   intended to do and thereby caused the unlawful, harmful and dangerous injurious physical non-

2   consented to touching of and contact with plaintiff and his person with asbestos, asbestos fibers,

3   dust, and other particulates, to include, but not be limited to, plaintiff's mucosciliary escalator,

4   gastrointestinal tract, upper and lower respiratory tract, lungs, bronchioles, alveoli, alveolar

5   macrophages, fibroblasts, cells, pleura, serosal membranes, lymphatics, organs and other

6   aspects of plaintiff's body.

7           249.    In and by the acts, omissions and other conduct herein set forth, plaintiff was

8   harmed as herein set forth, which physical touching was offensive to plaintiff and a reasonable

9   person in plaintiff's circumstances as herein set forth.

10          250.    As a result of the tortious conduct herein set forth, and defendant's civil battery

11  on plaintiff, plaintiff has suffered the injuries, damages, losses and harms set forth herein.

12          WHEREFORE, plaintiff prays judgment as is hereinafter set forth."

13          10.     Plaintiffs do not make a claim for either false representative or punitive damages

14  against any named defendant herein, except as against defendants OWENS-ILLINOIS, INC.

15  and HONEYWELL INTERNATIONAL, INC.

16  Dated: ___4/21/11___                          BRAYTON❖PURCELL LLP LLP

17

18                                               By: _____

19                                               David R. Donadio
                                                 Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## EXHIBIT A

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Drew Scrap Metal Company North Richmond, CA | Drew Scrap Metal 10th and Filbert North Richmond, CA | Laborer | -1953 - 1956 Summers |
| Union Diesel Company 2121 Diesel St., Oakland, CA 94607 | Union Diesel Company 2121 Diesel St., Oakland, CA | Machinist (Apprentice) | 1957-1958 |
| U.S. Navy | Naval Training Center, San Diego, CA | Trainee | 3/1958 (approx. 9 weeks) |
| | Machinist Mate School, Naval Station Great Lakes, IL | Machinist Mate | 7/7/1958-9/26/1958 |
| | HAMUL (AD-20) Long Beach Naval Shipyard, Long Beach, CA | Machinist Mate | 1958-1959 (approx. 8 months) |
| U.S. Navy | ST. PAUL (CV-73) Hunters Point Naval Shipyard, San Francisco, CA | Machinist Mate | 1958 (approx. 2 weeks) |
| | PIEDMONT (AD-17) Long Beach Naval Shipyard, Long Beach, CA: Naval Repair Facility Yokosuka, Japan | | 1958-1959 |
| U.S. Navy | BLACK (DD-666) Long Beach Naval Shipyard, Long Beach, CA; Naval Repair Facility Yokosuka, Japan | Machinist Mate | 1959-6/1962 |

///
///
///

EXHIBIT A

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT A (Cont'd)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Kaiser Aerospace & Electronics Corporation (Rockwell Collins Electromechanical Systems, Inc.) 400 Collins Road NE M/S 124-323 Cedar Rapids, IA 52498 | Kaiser Aerospace & Electronics 880 Doolittle Drive San Leandro, CA | Lathe Operator (Machinist) Apprentice (16wks) Trace lathe operator (1yr) Hand finisher (4 yrs) Machine Shop Supervisor (2 yrs) | 1962-1977 |
| | | Production Supervisor Quality Control Engineer (5yrs) | 1969-1972 |
| | | Non-Destruction Supervisor | 1972-1977 |
| Kaiser Aerotech 300 Lakeside Dr., 19th Floor Oakland, CA 94612-3534 | Kaiser Aerotech 880 Doolittle Drive San Leandro, CA | Finisher | 1983-1986 |
| Mare Island Naval Shipyard Vallejo, CA | Mare Island Naval Shipyard; Shop #86 Vallejo, CA | Marine Machinist | 7/24/1987-3/31/1989 |
| | Shop #56 | Pipefitter | |
| | Dismantle and overhaul of submarines including but not limited to: | | 1987-1989 |
| | GUARDFISH (SSN-612) | | |
| | PATRICK HENRY (SSBN-599) | | 1987 |
| | SEAWOLF (SSN-575) | | 1987 |
| | CAVALLA (SSN-684) | | 1987 |

///

///

///

///

EXHIBIT A

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT A (Cont'd)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Timec Company, Inc.<br>400 Oceangate<br>Long Beach<br>CA, 90801 | Vallejo, CA | Firewatch | 1988<br>(Approx. 6 days) |
| | GUARDFISH (SSN-612) | | 1988 |
| Plant Maintenance, Inc. of California<br>12801 N. Central Expressway<br>Suite 700<br>Dallas, TX 75243 | Tosco Chemical<br>Martinez, CA | Machinist | 1989-1996 |
| | Foundry<br>Gilman St.,<br>Berkeley, CA | | |
| | Shell Oil<br>Martinez, CA | | |
| | GFW Power Plant<br>Pittsburg, CA | | |
| | GFW Power Plant<br>Tracy, CA | | |

NON OCCUPATIONAL EXPOSURE:

Friction:

In approximately 1961 and 1962, plaintiff replaced the clutch and installed BENDIX (HONEYWELL INTERNATIONAL, INC.) brake shoes, on at least two occasions, in his 1955 CHEVROLET (GENERAL MOTORS CORPORATION) Bel Air. In 1962, plaintiff used emery cloth and sandpaper to sand a new BENDIX clutch. Plaintiff sanded these brake shoes by hand and blew asbestos dust from the wheel drums with compressed air. Plaintiff purchased all brake repair materials from RICHMOND AUTO PARTS (RICHMOND MOTOR PARTS, INC.), Richmond, California. Plaintiff recalls Jim Teeg and Mike Hamner helping him perform the clutch work.

In approximately 1963, plaintiff installed BENDIX (HONEYWELL INTERNATIONAL, INC.) brake shoes in his 1939 FORD (FORD MOTOR COMPANY) automobile. Plaintiff sanded these brake shoes by hand and blew asbestos dust from the wheel drums with compressed air. Plaintiff punched gaskets from asbestos sheet material with a ball-peen hammer and cut and removed exhaust manifold and head gaskets while he removed and replaced the engine of this vehicle. Plaintiff purchased this gasket material from, Oakland, California.

///

///                                                                                                    EXHIBIT A

EXHIBIT A (Cont'd)

In approximately 1964, plaintiff installed BENDIX (HONEYWELL INTERNATIONAL, INC.) brake shoes and clutches in his 1951 MERCURY (FORD MOTOR COMPANY). Plaintiff sanded these brake shoes by hand and blew asbestos dust from the wheel drums with compressed air. Plaintiff purchased all brake repair materials from RICHMOND AUTO PARTS (RICHMOND MOTOR PARTS, INC.), Richmond, California. Plaintiff used emery cloth to sand BENDIX clutches. Plaintiff recalls L.G. Hicks and Robert Cox assisting him with this work.

In approximately 1967, plaintiff installed BENDIX (HONEYWELL INTERNATIONAL, INC.) brake shoes in his 1965 PONTIAC (GENERAL MOTORS CORPORATION) Grand Prix that he purchased new from Boas Pontiac, San Francisco, California. Plaintiff removed the original manufacturer's equipment from this vehicle. Plaintiff sanded these brake shoes by hand and blew asbestos dust from the wheel drums with compressed air. Plaintiff purchased all brake repair materials from RICHMOND AUTO PARTS (RICHMOND MOTOR PARTS, INC.), Richmond, California.

In approximately the early 1970s, plaintiff installed BENDIX (HONEYWELL INTERNATIONAL, INC.) brake shoes in his 1968 CADILLAC (GENERAL MOTORS CORPORATION) that he purchased new from MCNEVIN CADILLAC, Berkeley, California. Plaintiff removed the original manufacturer's equipment from this vehicle. Plaintiff sanded these brake shoes by hand and blew asbestos dust from the wheel drums with compressed air. Plaintiff purchased all brake repair materials from RICHMOND AUTO PARTS (RICHMOND MOTOR PARTS, INC.), Richmond, California. In approximately the 1970s, plaintiff installed BENDIX (HONEYWELL INTERNATIONAL, INC.) brake shoes in his 1975 CADILLAC (GENERAL MOTORS CORPORATION) that he purchased new from PATTERSON CADILLAC, . Plaintiff removed the original manufacturer's equipment brakes from this vehicle. Plaintiff sanded these replacement brake shoes by hand and blew asbestos dust from the wheel drums with compressed air. Plaintiff currently contends he was exposed to asbestos during this automobile repair work.

## PARA-OCCUPATIONAL EXPOSURE:

From approximately 1947 through 1960, plaintiff shared the home he grew up in with his father, DeWitt Hawkins (deceased), a steel worker at Judson Steel in Emeryville, California, who regularly returned from work with clothes covered with asbestos dust from working in close proximity to insulators who knocked away old, and cut and installed new, PABCO (FIBREBOARD CORPORATION) insulation and laborers who swept up asbestos dust. Plaintiff helped his mother shake out and wash these work clothes in the family's washing machine. Plaintiff used his father's JOHNS MANVILLE asbestos blankets and wore his asbestos gloves, supplied by his employer to perform light welding at the family home in Richmond, California. Plaintiff currently contends he was exposed to asbestos as a result of his father's employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Judson Steel Corporation Emeryville, CA | Judson Steel Facility 4300 East Shore Highway Emeryville, CA | Steel Worker | 1/1947-9/1957 |

///

///

///

EXHIBIT A

1

## EXHIBIT A (Cont'd)

2       Plaintiff's exposure to asbestos and asbestos-containing products caused severe and

3 permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis,

4 and/or other lung damage, and increased risk and fear of developing mesothelioma, lung cancer

5 and various other cancers.  Plaintiff was diagnosed with asbestosis and asbestos-related pleural

6 disease on or about August 2008.

7       Plaintiff retired from his last place of employment as a result of becoming disabled due

8 to an injury not related to asbestos.  He has therefore suffered no disability from his asbestos-

9 related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

10 ///

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 ///

EXHIBIT A

# EXHIBIT 1

# EXHIBIT 1 - LIST OF DEFENDANTS

ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST
THOMAS DEE ENGINEERING CO., INC.
GARLOCK SEALING TECHNOLOGIES, LLC
METROPOLITAN LIFE INSURANCE COMPANY
OWENS-ILLINOIS, INC.
PARKER-HANNIFIN CORPORATION
QUINTEC INDUSTRIES, INC.
CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION)
WESTERN MacARTHUR COMPANY
MacARTHUR COMPANY
WESTERN ASBESTOS COMPANY
HONEYWELL INTERNATIONAL, INC.
CLEAVER-BROOKS, INC.
GOULDS PUMPS, INC.
INGERSOLL-RAND COMPANY
YARWAY CORPORATION
RICHMOND MOTOR PARTS, INC.
UNION DIESEL COMPANY
JUDSON STEEL CORPORATION
BRANDON DRYING FABRICS, INC.
3M COMPANY
AEROJET-GENERAL CORPORATION
AMERICAN CYANAMID COMPANY
HENKEL CORPORATION
THE EPOXYLITE CORPORATION
GARDENA HOLDINGS, INC.
HERCULES POWDER COMPANY
HEXCEL CORPORATION
SHELL OIL COMPANY
CROWN CORK & SEAL COMPANY, INC.
KIRTLAND ENTERPRISE GROUP, INC.
    (Previously sued as Doe 3)
INSULECTRO (Previously sued as Doe 4)
HOPEMAN BROTHERS, INC.
J.T. THORPE, INC.
J.T. THORPE & SON, INC.
LOCKHEED MARTIN CORPORATION (Previously sued as Does 2 & 1001)
and DOES 1-8500,

    Defendants.

# EXHIBIT B

1

## EXHIBIT B

2 <u>DEFENDANTS</u>

3 ALLIS-CHALMERS CORPORATION PRODUCT  RICHMOND MOTOR PARTS, INC.
  LIABILITY TRUST       UNION DIESEL COMPANY
4 THOMAS DEE ENGINEERING CO., INC.  JUDSON STEEL CORPORATION
 GARLOCK SEALING TECHNOLOGIES, LLC BRANDON DRYING FABRICS, INC.
5 METROPOLITAN LIFE INSURANCE   3M COMPANY
  COMPANY         AEROJET-GENERAL CORPORATION
6 OWENS-ILLINOIS, INC.     AMERICAN CYANAMID COMPANY
 PARKER-HANNIFIN CORPORATION  HENKEL CORPORATION
7 CBS CORPORATION (FKA VIACOM INC., FKA THE EPOXYLITE CORPORATION
 WESTINGHOUSE ELECTRIC CORPORATION) GARDENA HOLDINGS, INC.
8 WESTERN MacARTHUR COMPANY  HERCULES POWDER COMPANY
 MacARTHUR COMPANY    HEXCEL CORPORATION
9 WESTERN ASBESTOS COMPANY  SHELL OIL COMPANY
 HONEYWELL INTERNATIONAL, INC.  CROWN CORK & SEAL COMPANY, INC.
10 CLEAVER-BROOKS, INC.    KIRTLAND ENTERPRISE GROUP, INC.
 GOULDS PUMPS, INC.     (Previously sued as Doe 3)
11 INGERSOLL-RAND COMPANY   INSULECTRO (Previously sued as Doe 4)
 YARWAY CORPORATION    DOES 1-800

12

13          ALTERNATE ENTITY

14 ALLIS-CHALMERS CORPORATION  BUDA ENGINE CO.
  PRODUCT LIABILITY TRUST

.15 GARLOCK SEALING     GARLOCK, INC.
  TECHNOLOGIES, LLC    COLTEC INDUSTRIES, INC.
16            FAIRBANKS-MORSE
           FAIRBANKS MORSE ENGINES
17            BELMONT PACKING & RUBBER CO.
           GARLOCK PACKING CO.
18            U.S. GASKET CO.
           GOODRICH CORPORATION
19            ENPRO INDUSTRIES, INC.

20 PARKER-HANNIFIN CORPORATION  SACOMA-SIERRA, INC.
           SACOMA MANUFACTURING COMPANY
21            E.I.S. AUTOMOTIVE CORPORATION
           CONDREN CORPORATION, THE
22            PARKER SEAL COMPANY
           DENISON HYDRAULICS INC.
23            GREER HYDRAULICS CORPORATION

24 WESTERN MacARTHUR    WESTERN ASBESTOS CO.
  COMPANY       MAC ARTHUR COMPANY
25            BAY CITIES ASBESTOS COMPANY
           F.K. PINNEY, INC.
26 ///

27 ///

28 ///              EXHIBIT B

20

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
| | HONEYWELL CONTROLS |
| | ALLIEDSIGNAL, INC. |
| | AIRESEARCH DOMESTIC INTERNATIONAL SALES CORPORATION |
| | ALLIED-SIGNAL, INC. |
| | THE BENDIX CORPORATION |
| | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| | BENDIX PRODUCTS DIVISION, BENDIX AVIATION.CORP. |
| | BENDIX HOME SYSTEMS |
| | ALLIED CORPORATION |
| | ALLIED CHEMICAL CORPORATION |
| | GENERAL CHEMICAL CORPORATION |
| | FRAM |
| | FRICTION MATERIALS OF LOS ANGELES |
| | NORTH AMERICAN REFRACTORIES COMPANY |
| | EM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| | STANLEY G. FLAGG & CO. |
| | MERGENTHALER LINOTYPE COMPANY |
| | ELTRA CORPORATION |
| | BUNKER RAMO-ELTRA CORPORATION |
| | UNION TEXAS NATURAL GAS CORPORATION |
| | UNION OIL AND GAS OF LOUISIANA |
| | UNION SULPHUR AND OIL CORPORATION |
| | UNION SULPHUR COMPANY, INC., THE |
| | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
| | SIGNAL COMPANIES, INC., THE |
| | HANCOCK OIL COMPANY |
| | BARRETT DIVISION, ALLIED CHEMICAL & DYE CORPORATION |
| | SIGNAL COMPANIES, INC., THE |
| | SIGNAL OIL & GAS CO. |
| | BANKLINE OIL COMPANY |
| CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC. |
| | CBS CORPORATION |
| | WESTINGHOUSE ELECTRIC CORPORATION |
| | WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY |
| | B.F. STURTEVANT |
| | KPIX TELEVISION STATION |
| | PARAMOUNT COMMUNICATIONS, INC |
| | GULF & WESTERN INDUSTRIES, INC. |
| | NORTH & JUDD MANUFACTURING COMPANY |

///

EXHIBIT B

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1                       **EXHIBIT B (cont'd.)**

2                       **ALTERNATE ENTITY**

| | |
|---|---|
| 3   CLEAVER-BROOKS, INC. | CLEAVER-BROOKS, A DIVISION OF AQUA-CHEM, INC. |
| | AQUA-CHEM, INC. |
| 4 | CLEAVER BROOKS |
| | SPRINGFIELD BOILER CO. |
| 5 | |
|    GOULDS PUMPS, INC. | GOULDS PUMPS (IPG), INC. |
| 6 | MORRIS PUMPS, INC. |
| | MORRIS MACHINE WORKS |
| 7 | U.S. PUMPS, INC. |
| | |
| 8   INGERSOLL-RAND COMPANY | INGERSOLL-DRESSER PUMP |
| | DRESSER-RAND CO. |
| 9 | PACIFIC PUMP WORKS |
| | FLOWSERVE CORPORATION |
| 10 | INGERSOLL ROCK DRILL COMPANY |
| | TERRY STEAM TURBINE CO. |
| 11 | WHITON MACHINE COMPANY |
| | RAND DRILL COMPANY |
| 12 | RAND & WARING DRILL AND COMPRESSOR COMPANY |
| | INGERSOLL-SERGEANT |
| 13 | SCHLAGE LOCK COMPANY |
| | VON DUPRIN |
| 14 | THE TORRINGTON COMPANY |
| | BLAW-KNOX COMPANY |
| 15 | ALDRICH PUMPS |
| | |
| 16   YARWAY CORPORATION | YARNALL-WARING COMPANY |
| | YARNALL-WARING CO. |
| 17 | |
|    BRANDON DRYING FABRICS, INC. | ABNEY MILLS CORPORATION |
| 18 | BRASA, INC. |
| | BRANDON SALES, INC. |
| 19 | |
|    3M COMPANY | MINNESOTA MINING AND MANUFACTURING COMPANY |
| 20 | IRVINGTON |
| | |
| 21   AMERICAN CYANAMID COMPANY | BLOOMINGDALE RUBBER COMPANY |
| | BLOOMINGDALE RUBBER PRODUCTS |
| 22 | CYTEC INDUSTRIES, INC. |
| | |
| 23   HENKEL CORPORATION | HENKEL LOCTITE CORPORATION |
| | THE DEXTER CORPORATION |
| 24 | |
|    THE EPOXYLITE CORPORATION | THE P.D. GEORGE COMPANY |
| 25 | |
|    HERCULES POWDER COMPANY | HERCULES, INC. |
| 26 | |

27   ///

28   ///                                         EXHIBIT B

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| GARDENA HOLDINGS, INC. | B. P. CHEMICALS (HITCO) INC. |
| | HITCO, INC. |
| | HITCO TECHNOLOGIES, INC. |
| | U.S. POLYMERIC, INC. |
| | U.S. POLYMERIC CHEMICALS, INC. |
| | ARMCO, INC. |
| | ARMCO COMPOSITES DIVISION OF ARMCO, INC. |
| | NATIONAL SUPPLY COMPANY |
| | ARMCO STEEL CORPORATION |
| HEXCEL CORPORATION | HEATH TECHNA AEROSPACE, CO. |
| | STRUCTURAL PRODUCTS DIVISION |
| CROWN CORK & SEAL COMPANY, INC. | MUNDET CORK COMPANY |
| INSULECTRO | QUINTEC, INDUSTRIES, INC. |
| | WESTERN FIBERGLAS SUPPLY COMPANY |
| | WESTERN FIBROUS GLASS PRODUCTS CO. |
| | WESGLAS |
| KIRTLAND ENTERPRISE GROUP, INC. | QUINTEC, INDUSTRIES, INC. |
| | WESTERN FIBERGLAS SUPPLY COMPANY |
| | WESTERN FIBROUS GLASS PRODUCTS CO. |
| | WESGLAS |

///

///

EXHIBIT B

# EXHIBIT B-1

EXHIBIT B-1

**DEFENDANTS**

HOPEMAN BROTHERS, INC.
J.T. THORPE, INC.
THOMAS DEE ENGINEERING CO., INC.
J.T. THORPE & SON, INC.
LOCKHEED MARTIN CORPORATION (Previously sued as Does 2 & 1001)

ALTERNATE ENTITY

J.T. THORPE & SON, INC.                    THE THORPE COMPANY
                                           THORPE PRODUCTS CO.
                                           J.T. THORPE NORTHWEST

LOCKHEED MARTIN CORPORATION     LOCKHEED CORPORATION
                                           LOCKHEED MISSILES & SPACE CO., INC.
                                           LOCKHEED AIRCRAFT CORPORATION
                                           LOCKHEED PROPULSION COMPANY
                                           GLENN L. MARTIN AIRCRAFT COMPANY
                                           LOCKHEED MARTIN TACTICAL SYSTEMS, INC.
                                           LORAL CORPORATION

///

EXHIBIT B-1

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT C

1          EXHIBIT C

2    DEFENDANTS

3    HONEYWELL INTERNATIONAL, INC.          MacARTHUR COMPANY
     HOPEMAN BROTHERS, INC.                 WESTERN ASBESTOS COMPANY
4    J.T. THORPE, INC.                      LOCKHEED MARTIN CORPORATION
     THOMAS DEE ENGINEERING CO., INC.       (Previously sued as Does 2 & 1001)
5    J.T. THORPE & SON, INC.                DOES 1001-2000
     WESTERN MacARTHUR COMPANY
6
     CONTRACTOR

| DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| HONEYWELL INTERNATIONAL, INC. | Kaiser Aerospace & Electronics 880 Doolittle Drive San Leandro, CA | 1962-1977 |
| HOPEMAN BROTHERS, INC. | Various | Various |
| J.T. THORPE, INC. | Various | Various |
| THOMAS DEE ENGINEERING CO., INC. | Various | Various |
| J.T. THORPE & SON, INC. | Various | Various |
| WESTERN MacARTHUR COMPANY/MacARTHUR COMPANY/WESTERN ASBESTOS COMPANY | Various | Various |
| LOCKHEED MARTIN CORPORATION | Kaiser Aerospace & Electronics, San Leandro, CA | 1960'S-1970'S |

18   ///

19

20

21

22

23

24

25

26

27

28   ///                                                            EXHIBIT C

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT H

1

EXHIBIT H

2   <u>DEFENDANTS</u>

3   METROPOLITAN LIFE INSURANCE COMPANY            STUART-WESTERN, INC.
    PNEUMO ABEX LLC                                RITESET MANUFACTURING COMPANY
4   BORGWARNER MORSE TEC, INC.                     ASBESTOS MANUFACTURING COMPANY
    HONEYWELL INTERNATIONAL, INC. (successor-in-   FIBRE & METAL PRODUCTS COMPANY
5      interest to ALLIEDSIGNAL, INC.)             LASCO BRAKE PRODUCTS
    THE BUDD COMPANY                               L.J. MILEY COMPANY
6   DAIMLERCHRYSLER CORPORATION                    ROSSENDALE-RUBOIL COMPANY
    DANA COMPANIES, LLC (FKA DANA                  SOUTHERN FRICTION MATERIALS COMPANY
7      CORPORATION)                                U.S. SPRING & BUMPER COMPANY
    FORD MOTOR COMPANY                             AUTO FRICTION CORPORATION
8   GENERAL MOTORS CORPORATION                     EMSCO ASBESTOS COMPANY
    BRIDGESTONE/FIRESTONE                          FORCEE MANUFACTURING CORPORATION
9      NORTH AMERICAN TIRE, LLC                    MOLDED INDUSTRIAL FRICTION CORPORATION
    LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.        NATIONAL TRANSPORT SUPPLY, INC.
10  MAREMONT CORPORATION                           SILVER LINE PRODUCTS, INC.
    MORTON INTERNATIONAL, INC.                     STANDCO, INC.
11  PARKER-HANNIFIN CORPORATION                    UNIVERSAL FRICTION MATERIALS COMPANY
    STANDARD MOTOR PRODUCTS, INC.                  WHEELING BRAKE BLOCK  MANUFACTURING
12  GATKE CORPORATION                                 COMPANY
    GARLOCK SEALING TECHNOLOGIES, LLC             OWENS-ILLINOIS, INC.
13  BRASSBESTOS BRAKE LINING COMPANY               BELL ASBESTOS MINES LTD.
    H. KRASNE MANUFACTURING COMPANY                DOES 5000-8000
14  AUTO SPECIALTIES MANUFACTURING COMPANY

15                          ALTERNATE ENTITY

16  DANA COMPANIES, LLC            DANA CORPORATION
       (FKA DANA CORPORATION)      VICTOR MANUFACTURING AND GASKET COMPANY
17                                 SMITH AND KANZLER CO., INC.
                                   SMITH AND KANZLER CORPORATION
18                                 SPRAYED INSULATION, INC.
                                   S.K. INSULROCK CORPORATION
19                                 SPRAYON RESEARCH CORPORATION
                                   SPRAYON INSULATION & ACOUSTICS, INC.
20                                 SPRAYED INSULATION INC.
                                   WARNER ELECTRIC BRAKE & CLUTCH CO.
21                                 SPICER CLUTCH DIVISION
                                   VICTOR WISCONSIN GASKET
22                                 REINZ WISCONSIN GASKET CO.

23

24

25

26

27

28  ///                                                         EXHIBIT H

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT I

1

EXHIBIT I

2

<u>DEFENDANTS</u>

3

METROPOLITAN LIFE INSURANCE COMPANY
OWENS-ILLINOIS, INC.
4   PNEUMO ABEX LLC
GATKE CORPORATION
5   GARLOCK SEALING TECHNOLOGIES, LLC
AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
6   UNDERWRITERS LABORATORIES, INC.
DOES 5000-7500

7

///

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ///

EXHIBIT I

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT J

1

EXHIBIT J

2   <u>DEFENDANTS</u>

3   METROPOLITAN LIFE INSURANCE COMPANY
    DOES 7400-7500

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ///

EXHIBIT J

K:\Injured\2340Epld\CMP-1AMND P1.wpd

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT N

1                                    EXHIBIT N

2    <u>DEFENDANTS</u>

3    METROPOLITAN LIFE INSURANCE COMPANY
     DOES 7501-7900
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    ///                                              EXHIBIT N

## PROOF OF SERVICE BY LEXIS-NEXIS E-SERVICE

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California, 94948-6169.

On May 25th, 2011, I electronically served (E-Service), pursuant to General Order No. 158, the following documents:

## FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

on the interested parties in this action by causing Lexis-Nexis E-service program pursuant to General Order No. 158, to transmit a true copy thereof to the following party(ies):

See Attached Service List

The above document was transmitted by Lexis-Nexis E-Service and the transmission was reported as complete and without error.

Executed on May 25th, 2011, at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Hayley L. Davidowski

James E. Owens v. Asbestos Defendants (B❖P)
San Francisco Superior Court Case No. CGC-09-275341

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

PROOF OF SERVICE BY E-SERVICE

Brayton-Purcell Service List

Date Created: 5/25/2011-12:07:16 PM
(HLD)
Created by: LitSupport - ServiceList - Reporting
Matter Number: 23408.001 - James Owens

Run By : Davidowski, Hayley

Bassi, Edlin, Huie & Blum LLP
351 California Street, Suite 200
San Francisco, CA 94104
415-397-9006   415-397-1339 (fax)
Defendants:
  J.T. Thorpe & Son, Inc. (THORPE)

Berry & Berry
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330   510-835-5117 (fax)
Defendants:
  Berry & Berry (B&B)

Chapman & Intrieri, L.L.P.
2236 Mariner Square Drive
Third Floor, Suite 300
Alameda, CA 95401
510-864-3600   510-864-3601 (fax)
Defendants:
  Henkel Corporation (HENKEL)

Crosby & Rowell, LLP
299 Third Street, 2nd Floor
Oakland, CA 94607
510-267-0300   510-839-6610 (fax)
Defendants:
  Goulds Pumps, Inc. (GOULDP)

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
415-986-5900   415-986-8054 (fax)
Defendants:
  Ingersoll-Rand Company (INGRSL)

Hassard Bonnington LLP
Two Embarcadero Center
Suite 1800
San Francisco, CA 94111
415-288-9800   415-288-9802 (fax)
Defendants:
  Honeywell International, Inc. (HONEYW)

Herr & Zapala, LLP
152 North 3rd Street, Suite 500
San Jose, CA 95112
408-287-7788   408-927-0408 (fax)
Defendants:
  Epoxylite Corporation, The (EPOXY)

Morgan, Lewis & Bockius LLP
One Market, Spear Tower
San Francisco, CA 94105
415-442-1000   415-442-1001 (fax)
Defendants:
  Yarway Corporation (YARWAY)

Nixon Peabody LLP
One Embarcadero
18th Floor
San Francisco, CA 94111
415-984-8200   866-542-6538 (fax)
Defendants:
  Shell Oil Company (SHLOIL)

Perkins Coie LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000   415-344-7288 (fax)
Defendants:
  Honeywell International, Inc. (HONEYW)

Pond North, LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
213-617-6170   213-623-3594 (fax)
Defendants:
  CBS Corporation (fka Viacom Inc., fka
Westinghouse Electric Corporation)
(VIACOM)

Schiff Hardin LLP
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA 94105
415-901-8700   415-901-8701 (fax)
Defendants:
  Owens-Illinois, Inc. (OI)

Steptoe & Johnson LLP
633 West Fifth St., 7th Floor
Los Angeles, CA 90071
213-439-9400   213-439-9599 (fax)
Defendants:
  Metropolitan Life Insurance Company
(MET)

Walsworth, Franklin, Bevins & McCall
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072   415-391-6258 (fax)
Defendants:
  Cleaver-Brooks, Inc. (CLEAVR)
  Thomas Dee Engineering Company (DEE)