# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL No. 875 – In re Asbestos Litigation

*Minoru Arakaki v. Crane Co., et al.*; District of Hawaii, C.A. No. 1:11-00449

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-426) AND BRIEF IN SUPPORT THEREOF

1. Pursuant to Rule 12(d) of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, the Plaintiffs hereby move to vacate the Conditional Transfer Order entered by the Clerk of the Panel on July 26, 2011 (CTO-426), transferring the above-captioned action to the U.S. District Court for the Eastern District of Pennsylvania (MDL Docket No. 875) previously designated as the transferee district court for actions alleging asbestos-related personal injury. Plaintiffs aver as follows in support of this motion.

2. The Plaintiffs bring claims for a non-malignant asbestos-related disease against a number of defendants on behalf of Minoru Arakaki, who was occupationally exposed to asbestos at Pearl Harbor Naval Shipyard, in Honolulu, Hawai`i. (See, Declaration of Counsel and Exhibits A attached hereto).

3. Defendants contend that the U.S. District Court has jurisdiction over this case pursuant to federal officer removal jurisdiction. 28 USC §1442.

4. On July 22, 2011, Plaintiffs filed a Motion with the U.S. District Court for the District of Hawai`i to remand the action to Hawai`i State Court on the basis that there is no federal officer removal jurisdiction. Hearing is set before U.S. District Judge Leslie E. Kobayashi for August 29, 2011. (See Exhibit B).

5. The U.S. District Court for the District of Hawai`i is best suited to decide the Motion to Remand, and this case should remain in Hawai`i until such time as the Remand Motion has been resolved. The principle of comity in allowing the transferor court to decide dispositive motions before transfer to an MDL transferee court has been upheld in prior decisions of this court. *In Re L.E. Lay & Co. Antitrust Litigation*, 391 F.Supp. 1054, 1056 (Jud. Pan. Multi. Lit. 1975) ("on principles of comity, we are reluctant to transfer any action that has an important motion under submission with a court"); *In Re Resource Exploration, Inc. Securities Litigation*, 483 F.Supp. 817, 822 (Jud. Pan. Multi. Lit. 1980), and cases cited therein ("we are persuaded, on principles of comity, to defer our decision concerning transfer of the Pennsylvania action because of the pendency of the defendants' motion for summary judgment, which is fully submitted to the potential transferor judge."); *In Re Kaehni Patent*, 311 F.Supp 1342, 1344 (Jud.Pan.Mult.Lit. 1977) ("A motion to dismiss . . . in an action pending in the Northern District of Ohio is presently pending before that court. Transfer of that action to the District of Maryland will be stayed; if the motion is granted, there of course will be no transfer but if the motion is denied, the stay will be automatically lifted and the action transferred to the District of Maryland."); *In Re Professional Hockey Antitrust Litigation*, 352 F.Supp 1405, 1406 (Jud.Pan.Mult.Lit. 1973) ("This principle of comity has been followed in the past and will be followed in the future by the panel.").

6. This is particularly important in this case. This case was filed in Hawai`i, and Ninth Circuit law should apply to the jurisdictional issues surrounding federal officer removal.

There is direct Ninth Circuit law on the *Boyle* government contractor defense[1] and on the meaning of a "colorable" federal defense for federal officer removal.[2] The U.S. District Court for the District of Hawai`i is bound by this Ninth Circuit precedent, but the transferee court will not apply Ninth Circuit law.[3] When this action is eventually transferred back to the District of Hawai`i, Ninth Circuit jurisdictional law will apply again.

7. The transferee Judge Eduardo C. Robreno has publically stated on May 24, 2011 that he intends to stop accepting transfers in MDL-875 in the near future. Thus, with MDL-875 winding down, it makes for the efficient use of judicial resources to let the transferor court decide the jurisdictional remand motion.

8. The Plaintiffs further submit the accompanying brief in support of this Motion.

THEREFORE, for the foregoing reasons, the Plaintiffs respectfully move the Panel to vacate the Conditional Transfer Order previously entered by the Clerk of the Panel on July 26, 2011.

Dated, Honolulu, Hawai`i, August 4, 2011.

/s/Ilana K. Waxman
ILANA K. WAXMAN
610 Ward Avenue
Honolulu, Hawai`i  96814-3308
Telephone:    (808) 597-1400
Facsimile:     (808) 591-2608
Email: ikw@gogaliher.com
Counsel for Plaintiff

---

[1] *In Re Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992); *Snell v. Bell Helicopter*, 107 F.3d 744 (9th Cir. 1997).

[2] *People v. Mesa*, 813 F.2d 960, 967 (9th Cir. 1987), aff'd, *Mesa v. California*, 489 U.S. 121 (1989); *Thomas v. Anchorage Equal Rights*, 165 F.2d 692, 705,706 (9th Cir. 1999) ("The term 'colorable' certainly is not meaningless . . . Nor is the word 'colorable' a term without legal pedigree.").

[3] *Faddish v. GE*, 2010 WL4146108 (E.D.Pa.) at fn.6.

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL No. 875 – In re Asbestos Litigation

*Minoru Arakaki v. Crane Co., et al.*; District of Hawaii, C.A. No. 1:11-00449

### BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 10 OF THE RULES OF PROCEDURE OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

The Plaintiffs submit this brief in support of their Motion to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on July 26, 2011. Plaintiffs contend that there is no federal officer removal jurisdiction because under Ninth Circuit law, there is no colorable federal defense based on the government contract defense. *In Re Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992). *See also Snell v. Bell Helicopter*, 107 F.3d 744 (9th Cir. 1997); and *Butler v. Ingalls Shipbuilding*, 89 F.2d 582 (9th Cir. 1996).

On July 22, 2011, Plaintiffs filed a Motion with the U.S. District Court for the District of Hawai`i to remand the action to State Court for lack of federal officer removal jurisdiction. Hearing is set before U.S. District Judge Leslie E. Kobayashi for August 29, 2011.

As the Panel is aware, asbestos personal injury actions removed to Federal Court are automatically transferred to the Eastern District of Pennsylvania, for proceedings under the Rules of the Judicial Panel on Multidistrict Litigation. (MDL Docket No. 875). Plaintiffs respectfully request that the transfer of this case be delayed until September 30, 2011, to permit Judge Kobayashi to rule on Plaintiffs' remand motion.

In a previous asbestos case, the court explained that it is appropriate for the transferor district court to rule on subject matter jurisdiction before a case is transferred to the MDL court, because this serves the interest of efficiency and judicial economy:

> The purpose of the MDL Panels' referring of asbestos cases to Judge Weiner was not to make one Judge rule on the various difficult issues that might come up on different factual contexts. Rather, cases are supposed to be referred to Judge Weiner for determination of issues common to asbestos litigation. To force difficult and fact-sensitive jurisdictional issues from all types of cases onto one Court would impossibly overburden that Court and not serve the goal of efficiency that underlies the MDL Program.
>
> Thus, this Court refuses to defer on this motion to remand and elects to address the merits.

*Viala v. Owens-Corning Fiberglas Corp.*, 1994 WL 139287 (N.D. Cal.) at pp. 1-2.

Like *Viala*, the transferor court in Hawai`i is in the best position to rule on the issues of whether the Defendants have subject matter jurisdiction as per the Ninth Circuit's interpretation of the government contract defense of *Boyle v. United Technologies*, 487 U.S. 500 (1988).

Plaintiffs also contend that it is no longer appropriate to transfer asbestos cases to MDL-875. The Multidistrict Litigation procedure was designed to facilitate consolidated discovery of similar cases to avoid repetitious and duplicative discovery efforts undergoing throughout numerous federal district courts around the country. *See, e.g., In Re Asbestos Product Liability Litigation (No. VI)*, 771 F. Supp. 415, 422 (JPML 1991) ("We note that . . . § 1407 transfer is primarily for pretrial").

Asbestos litigation is mature litigation where such discovery efforts have been ongoing since the 1970's. *See Borel v. Fibreboard*, 493 F.2d 1076 (5th Cir. 1973). Thirty-nine years of asbestos litigation in state and federal courts have obviated the need for MDL discovery coordination. Indeed, Plaintiffs' attorneys are not aware of any nationwide coordinated

discovery efforts being supervised by the transferee court. But even more to the point, the main discovery necessary in most cases resolves around facts that are individual to specific cases. Such case-specific discovery is best supervised by the transferor courts (i.e., deposition of plaintiffs and identification of asbestos exposure of the injured plaintiff).

Unfortunately, certain defendants have misused MDL-875 by removing their cases to federal court, in the expectation of transfer to MDL-875 where the plaintiff will die of asbestos-related cancer before the case is transferred back to the original court for trial. The original purpose of MDL-875 was to clear the backlog of thousands of asbestos cases pending in federal court throughout the country. However, there are no longer large numbers of asbestos cases being filed in the federal courts. Thus, the primary purpose which is served by transferring an asbestos case to MDL-875 today is to allow defendants to avoid state court trial dates, and enjoy the delays inherent in all MDLs.[4]

Most importantly, the transferee Judge Robreno has told the plaintiff and defense liaison counsel that MDL-875 is coming to a point where he will request in the near future that no more

---

[4] See candid discussion of defense "strategy" and "games" in the removal of asbestos cases in *Rosamund v. Garlock Sealing Tech.*, 2004 WL 1059811 (N.D.Miss.) at *6 ("the court would not be serving the interests of justice by simply ignoring the 'game' which is quite obviously being played in many, if not most, of the asbestos removals which came before it"); *Hilbert v. Aeroquip*, 486 F.Supp.2d 135, 142 ("To undergo such a lengthy process to find out there is no federal jurisdiction would be a travesty of justice given Mr. Hilbert's medical condition."); *Lichtenfels v. Electro-Motive Diesel*, 2010 WL 653859 (W.D. Pa.) at *8 (asbestos cases proceed faster in Pennsylvania State Court than in MDL-875); *Brewster v. A.W. Chesterton*, 2007 WL 1056774 at *fn 2 ("For one perspective on this and similar tactics by asbestos-defense lawyers see Fair Play for Navy Veterans at http://... ['Navy vets who pursue civil claims are confronted by loopholes in the law that allow shrewd asbestos defense lawyers to either harmfully delay the prosecution of a claim (called "federal officer" removal to federal court) or delay the claim altogether (called the "MDL Black Hole").'].")

cases be transferred to MDL-875.  Thus, it is even more appropriate to have the transferor court rule on jurisdictional motions before the CTO is final.

Lastly and dispositively, the pending motion to remand is jurisdictional.  This case is currently pending in the Ninth Circuit.  Thus, Ninth Circuit law will apply.  However, the transferee court will not apply Ninth Circuit law in MDL-875.[5]  If this case is transferred to MDL-875 and it will go through the one or two-year MDL procedure and then be transferred back to the District of Hawai`i, where Ninth Circuit jurisdictional law will apply again.

Thus, it is grossly inefficient to repeat the scenario that happened in *Cardaro v. Aerojet*, 2010 WL 3488207 (E.D.La.).  In *Cardaro*, the case was transferred to MDL-875, where it remained for five years.  No ruling was made on the pending remand motion until it was transferred back to the Eastern District of Louisiana.  At that point, five years later, the transferor court granted remand, finding the *Boyle* defense was not "colorable."  This was a gross waste of judicial resources and extreme prejudice to plaintiffs.

This Judicial Panel has stated that the normal time involved in identifying a case as a tag-along, issuing a CTO, objecting to the CTO, filing a motion to vacate the CTO, gives the transferor court 3 to 4 months "lag time" in which to rule upon remand motions.  *In Re Asbestos Products Liability Litigation (No. VI)* 1996 WL 143826 (Jud.Pan.Mult.Lit) at *fn2 ("As a practical matter there is a lag time of at least three or four months. . . . Accordingly, these courts wishing to address such motions have adequate time in which to do so. . . ."). However, given the modern electronic filing system, this "lag time" has now been shrunk down to perhaps 6 to 8 weeks.  Accordingly, all Plaintiffs respectfully request is the historic 3 to 4 months of lag time

---

[5] Judge Robreno has held that he will apply his interpretation of Third Circuit law, not the law of other circuits.  *Faddish v. GE*, 2010 WL4146108 (E.D.Pa.) at fn.6.

for the District of Hawai`i to rule upon Plaintiffs' motion to remand, which is presently set for August 29, 2011, in Hawai`i District Court. (Exhibit C)

This court has long recognized the principle of comity which allows the transferor court to decide dispositive motions before transfer to an MDL transferee court. *In Re L.E. Lay & Co. Antitrust Litigation*, 391 F.Supp. 1054, 1056 (Jud. Pan. Multi. Lit. 1975) ("on principles of comity, we are reluctant to transfer any action that has an important motion under submission with a court"); *In Re Resource Exploration, Inc. Securities Litigation*, 483 F.Supp. 817, 822 (Jud. Pan. Multi. Lit. 1980) ("we are persuaded, on principles of comity, to defer our decision concerning transfer of the Pennsylvania action because of the pendency of the defendants' motion for summary judgment, which is fully submitted to the potential transferor judge."); *In Re Kaehni Patent*, 311 F.Supp 1342, 1344 (Jud.Pan.Mult.Lit. 1977) ("A motion to dismiss . . . in an action pending in the Northern District of Ohio is presently pending before that court. Transfer of that action to the District of Maryland will be stayed; if the motion is granted, there of course will be no transfer but if the motion is denied, the stay will be automatically lifted and the action transferred to the District of Maryland."); *In Re Professional Hockey Antitrust Litigation*, 352 F.Supp 1405, 1406 (Jud.Pan.Mult.Lit. 1973) ("This principle of comity has been followed in the past and will be followed in the future by the panel.").

These panel opinions all involved decisions to defer transfer pending the outcome of a dispositive motion at the initiation of the MDL proceeding. Thus, it makes even more sense to defer transfer pending a jurisdictional remand motion involving Ninth Circuit law at the ending phases of MDL-875. District courts throughout the Ninth Circuit (and other circuits) have

5

granted remand in asbestos cases under similar circumstances, finding no federal officer removal jurisdiction under Ninth Circuit law.[6]

In conclusion, Plaintiffs do not ask for an open ended denial of the CTO. Plaintiffs respectfully request a delay until September 30, 2011, i.e., one month after the hearing on Plaintiffs' motion to remand. Particularly since Judge Robreno told the steering committee in May 2011 that "in the near future" he would recommend not accepting any more transfers to MDL-875, it is appropriate to allow the transferor court to rule on subject matter jurisdiction before this case is transferred. If federal officer jurisdiction is lacking, this case should be remanded to Hawai`i state court without further delay.

Dated, Honolulu, Hawai`i, August 4, 2011.

> GALIHER, DeROBERTIS, ONO
>
> /s/Ilana K. Waxman
> ILANA K. WAXMAN
> 610 Ward Avenue
> Honolulu, Hawai`i  96814-3308
> Telephone:     (808) 597-1400
> Facsimile:     (808) 591-2608
> Email: ikw@gogaliher.com
> Counsel for Plaintiffs

---

[6] *Lindenmayer Allied Packing & Supply,* 2010 W.L. 234906 (N.D. Cal 2010) (Henderson, J); *Moore v. Asbestos Defendants*, 2010 WL 2650487, (N.D. Cal 2010) (Seeborg, J); *Luce v. A.W. Chesterton*, 2010 WL 2991671 (N.D.Cal. 2010) (Chesney, J.); *Schilz v. AP Green Industries, Inc.*, 2002 U.S. Dist. LEXIS 1176 (N.D. Cal 2002) (Chesney, J); *Nguyen v. Allied Signal*, 1998 WL 690854 (N.D.Cal. 1998) ; *Overly v. Raybestos-Manhattan*, 1996 WL 532150 (N.D. Cal 1996) (Illston, J); *Barrett v. CLA-VAL Co.*, Slip Opinion, CV07-7774 PSG (C.D.Cal. 2008) (Gutierrez, J.); *Scarbrough v. General Electric Co.,* Slip Opinion, CV 07-1192-RGK, (CD Cal 2007) (Klausner, J); *Prewett v. Goulds*, 2009 WL 2959877 (W.D.Wash 2009) (Martinez, J); *Westmiller v. IMO Industries,* 2005 WL 2850334 (W.D.Wash 2005) (Martinez, J); *Glein v. Boeing Co.,* 2011 W.L. 537987 (S.D.Ill 2011) (Murphy, J.).