ASBESTOS

# U.S. District Court
# Western District of North Carolina (Asheville)
# CIVIL DOCKET FOR CASE #: 1:11–cv–00182–MR
### *Internal Use Only*

Caldwell vs A.W. Chesterton Company et al.
Assigned to: District Judge Martin Reidinger
Demand: $75,000
Cause: 28:1332 Diversity–Asbestos Litigation

Date Filed: 07/26/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Stephanie Dawn Caldwell**
*Individually and as Personal*
*Representative of the Estate of Deceased*
*other*
Larry D. Caldwell

represented by **Janet Ward Black**
Ward Black, P.A.
208 West Wendover Avenue
Greensboro, NC 27401
336–273–3812
Fax: 336–312–4571
Email: jwblack@wardblacklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Company**
*a Massachusetts Corporation*

**Defendant**

**Air &Liquid Systems Corporation**
*As successor by merger to Buffalo Pumps*
*Inc., a Pennsylvania Corporation;*

**Defendant**

**Aurora Pump**
*A Foreign Corporation*

**Defendant**

**Bell &Gossett**
*A Foreign Corporation*

**Defendant**

**Cleaver–Brooks, Inc.**
*A Foreign Corporation*

**Defendant**

**Daniel International Corporation**
*A Foreign Corporation*

**Defendant**

**DAP Products, Inc.**
*a Delaware Corporation*

**Defendant**

**Fluor Enterprises, Inc.**
*successor−in−interest corporation to a merger between Fluor Construction Corporation and Daniel Construction Company, a Foreign Corporation*

**Defendant**

**Georgia Pacific Corporation**
*a Georgia Corporation*

**Defendant**

**Goulds Pumps, Incorporated**
*a Delaware Corporation*

**Defendant**

**IES Industrial, Inc.**
*Individually and as successor−in−interest corporation to merger between Kayton Electric, Inc., Murray Electrical Contractors, Inc., and 3 Corps NQ f/k/a Davis Electrical Constructors, Inc., a South Carolina Corporation*

**Defendant**

**Industrial Holdings Corporation**
*f/k/a The Carborundum Company, a Delaware Corporation*

**Defendant**

**Ingersoll−Rand Company**
*a New Jersey Corporation*

**Defendant**

**National Service Industries, Inc.**
*f/k/a NSI Enterprises, Inc, f/k/a North Brothers, Inc., a Georgia Corporation*

**Defendant**

**Rapid−American Corporation**
*a Delaware Corporation*

**Defendant**

**Superior Boiler Works, Inc.**
*a Foreign Corporation*

<u>**Defendant**</u>

**Union Carbide Corporation**
*a New York corporation*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/26/2011 | <u>1</u> | 4 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 350 receipt number 0419–1419429), filed by Stephanie Dawn Caldwell.(Black, Janet Ward) (Entered: 07/26/2011) |
| 07/26/2011 | | | Case assigned to District Judge Martin Reidinger. Notice: You must click this link to retrieve the **Case Assignment Packet**. *This is your only notice – you will not receive a separate document.*(siw) NEF Regenerated on 7/29/2011 (ejb). (Entered: 07/28/2011) |
| 07/28/2011 | 2 | | Deleted in complete PDF, complete PDF re–filed as document no. 4. Modified on 7/29/2011 (ejb). NEF Regenerated. (Entered: 07/29/2011) |
| 07/29/2011 | <u>3</u> | | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos–Related Litigation, WDCP–83–1. Signed by Clerk, Frank G. Johns on 7/29/11. (siw)** Modified text on 7/29/2011 (ejb). NEF Regenerated (Entered: 07/29/2011) |
| 07/29/2011 | <u>4</u> | | Summons Issued Electronically as to A.W. Chesterton Company, Air &Liquid Systems Corporation, Aurora Pump, Bell &Gossett, Cleaver–Brooks, Inc., DAP Products, Inc., Daniel International Corporation, Fluor Enterprises, Inc., Georgia Pacific Corporation, Goulds Pumps, Incorporated, IES Industrial, Inc., Industrial Holdings Corporation, Ingersoll–Rand Company, National Service Industries, Inc., Rapid–American Corporation, Superior Boiler Works, Inc., Union Carbide Corporation. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (ejb) (Entered: 07/29/2011) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS PRODUCTS LIABILITY )
LITIGATION (NO. VI) )
_____ )   **Civil Action No. MDL 875**
 )
**This Document Relates to:** )
_____ )

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No.   1:11cv00182**

**CIVIL ACTION COMPLAINT**

STEPHANIE DAWN CALDWELL, Individually )
and as Personal Representative of the Estate )
of LARRY D. CALDWELL, Deceased, )
 )
      Plaintiff, )
 )
          v. )
 )
A.W. CHESTERTON COMPANY, a )
Massachusetts Corporation; )
 )
AIR & LIQUID SYSTEMS CORPORATION, )
As SUCCESSOR BY MERGER TO )
BUFFALO PUMPS, INC., )
a Pennsylvania Corporation; )
 )
AURORA PUMP, a Foreign )
Corporation: )
 )
BELL & GOSSETT, )
A Foreign Corporation; )
 )
CLEAVER-BROOKS, INC., )
a Foreign Corporation; )
 )
DANIEL INTERNATIONAL CORPORATION )
f/k/a FLUOR CAROLINA, INC., a Foreign )
Corporation; )
 )

DAP PRODUCTS INC., a Delaware                            )
Corporation;                                            )
                                                        )
FLUOR ENTERPRISES, INC., successor-in-                  )
interest corporation to a merger between                )
Fluor Construction Corporation and Daniel               )
Construction Company, a Foreign Corporation; )
                                                        )
GEORGIA-PACIFIC LLC, a                                  )
Georgia Corporation,                                    )
                                                        )
GOULDS PUMPS, INCORPORATED,                             )
a Delaware Corporation;                                 )
                                                        )
IES INDUSTRIAL, INC.,  Individually and as              )
successor-in-interest corporation to a                  )
merger between Kayton Electric, Inc.,                   )
Murray Electrical Contractors, Inc., and 3              )
Corps NQ f/k/a Davis Electrical Constructors,           )
Inc., a South Carolina Corporation;                     )
                                                        )
INDUSTRIAL HOLDINGS CORPORATION                         )
f/k/a THE CARBORUNDUM COMPANY,                          )
a Delaware Corporation;                                 )
                                                        )
INGERSOLL-RAND COMPANY, a New                           )
Jersey Corporation;                                     )
                                                        )
NATIONAL SERVICES INDUSTRIES, INC                       )
f/k/a NSI ENTERPRISES, INC.                             )
F/K/A NORTH BROTHERS, INC.,                             )
a Georgia corporation;                                  )
                                                        )
RAPID-AMERICAN CORPORATION,                             )
a Delaware Corporation;                                 )
                                                        )
SUPERIOR BOILER WORKS, INC.,                            )
A Foreign Corporation;                                  )
                                                        )
UNION CARBIDE CORPORATION;                              )
a New York corporation;                                 )
                                                        )
                        Defendants.                     )

2

This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action.  This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

NOW COMES the Plaintiff, STEPHANIE DAWN CALDWELL, Individually and Personal Representative of the Estate of LARRY D. CALDWELL, deceased citizen and resident of North Carolina, and sues the Defendants and alleges as follows upon information and belief:

1.      (a)      Jurisdiction is founded on diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).  As is evidenced by the caption of the instant Complaint which is specifically incorporated herein, the Defendants are corporations incorporated under the laws of various states as stated in said caption and having their principal places of business in states other than North Carolina and which are amenable to jurisdiction in the Courts of North Carolina by virtue of their respective contacts with the State of North Carolina and/or their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of North Carolina.  At times relevant hereto, each foreign corporation and/or its predecessors mined, manufactured, processed, produced, imported, converted, compounded, supplied, provided, distributed, disturbed and/or retailed substantial amounts of asbestos and

3

asbestos-containing materials and/or dust protection equipment which were sold, distributed and used in North Carolina.

(b)     Larry D. Caldwell, decedent, was diagnosed with lung cancer on November 19, 2010 by Dr. Fred Zeller.

<u>FOR A FIRST CAUSE OF ACTION - NEGLIGENCE</u>

2.     (a)     Defendants, and each of them, are, or at times relevant hereto were miners, manufacturers, processors, producers, distributors, importers, converters, compounders, and/or retailers of asbestos and asbestos-containing materials or were installers or distributors of asbestos-containing materials or dust protective equipment and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(b)     Defendant A.W. CHESTERTON COMPANY is a corporation duly organized and existing under the laws of the State of Massachusetts which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant A.W. CHESTERTON COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

4

(c)     Defendant AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to BUFFALO PUMPS, INC., is a corporation duly organized and existing under the laws of the State of Pennsylvania which has done or is currently doing business in the State of North Carolina.    At all times material hereto, Defendant AIR & LIQUID SYSTEMS CORPORATION, As Successor by Merger to BUFFALO PUMPS, INC., mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(d)     Defendant AURORA PUMP is a corporation duly organized and existing under the laws of a state other than the State of North Carolina, which has done or is currently doing business within the State of North Carolina. At all times material hereto, Defendant AURORA PUMP mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(e)     Defendant BELL & GOSSETT is a corporation duly organized and existing under the laws of a state other than the State of North Carolina which has done or is currently doing business in the State of North

5

Carolina.  At all times material hereto, Defendant BELL & GOSSETT mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(f)     Defendant CLEAVER-BROOKS, INC., is a corporation duly organized and existing under the laws of a state other than the State of North Carolina which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant CLEAVER-BROOKS, INC.  mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(g)     Defendant DANIEL INTERNATIONAL CORPORATION f/k/a FLUOR CAROLINA, INC, is a corporation duly organized and existing under the laws of a state other than the State of North Carolina which has done or is currently doing business in the State of North Carolina.    At all times material hereto, Defendant DANIEL INTERNATIONAL CORPORATION f/k/a FLUOR CAROLINA, INC mined, manufactured, produced, distributed, and/or sold

6

asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(h)     Defendant DAP PRODUCTS INC. is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant DAP PRODUCTS INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent..

(i)     Defendant FLUOR ENTERPRISES, INC, Successor-in-Interest Corporation to a Merger between Fluor Construction Corporation and Daniel Construction Company, is a corporation duly organized and existing under the laws of a state other than the State of North Carolina which has done or is currently doing business in the State of North Carolina.   At all times material hereto, Defendant FLUOR ENTERPRISES, INC, Successor-in-Interest Corporation to a Merger between Fluor Construction Corporation and Daniel Construction Company, mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent

7

or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(j)     Defendant GEORGIA-PACIFIC LLC is a corporation duly organized and existing under the laws of the State of Georgia, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant, GEORGIA PACIFIC LLC mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's jobsites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent..

(k)     Defendant GOULDS PUMPS, INCORPORATED is a corporation duly organized and existing under the laws of State of Delaware, which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant GOULDS PUMPS, INCORPORATED mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(l)       Defendant IES INDUSTRIAL, INC., individually and as successor-in-interest corporation to a merger between Kayton Electric, Inc., Murray Electrical Contractors, Inc., and 3 Corps NQ f/k/a Davis Electrical Constructors, Inc., a corporation duly organized and existing under the laws of the State of South Carolina which has done or is currently doing business in the State of North Carolina.  At all times material hereto, Defendant IES INDUSTRIAL, INC., Individually and as successor-in-interest corporation to a merger between Kayton Electric, Inc., Murray Electrical Contractors, Inc., and 3 Corps NQ f/k/a Davis Electrical Constructors, Inc., mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(m)      Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees

9

perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent..

(n)     Defendant INGERSOLL-RAND COMPANY is a corporation duly organized and existing under the laws of the State of New Jersey, which has done or is currently doing business within the State of North Carolina.  At all times material hereto, Defendant INGERSOLL-RAND COMPANY mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(o)     Defendant NATIONAL SERVICES INDUSTRIES f/k/a NSI ENTERPRISES, INC f/k/a NORTH BROTHERS, INC. is a corporation duly organized and existing under the laws of the State of Georgia, which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant NATIONAL SERVICES INDUSTRIES f/k/a NSI ENTERPRISES, INC f/k/a NORTH BROTHERS, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent and/or had contracting units and/or

10

employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(p)     Defendant RAPID-AMERICAN CORPORATION is a corporation duly organized and existing under the laws of the State of Delaware, which has done or is doing business within the State of North Carolina.  At all times material hereto, Defendant RAPID-AMERICAN CORPORATION mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the Plaintiffs or to such other entities so that these materials were caused to be used on Plaintiffs' job sites.

(q)     Defendant SUPERIOR BOILER WORKS, INC., is a corporation duly organized and existing under the laws of a state other than the State of North Carolina which has done or is doing business in the State of North Carolina.  At all times material hereto, Defendant SUPERIOR BOILER WORKS, INC. mined, manufactured, produced, distributed, and/or sold asbestos products, either directly or indirectly, to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or had contracting units and/or employees perform work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

(r)     Defendant, UNION CARBIDE CORPORATION, is a corporation duly organized and existing under the laws of a State of New York, which has done or is currently doing business within the State of North Carolina. At all times material hereto, defendant, UNION CARBIDE CORPORATION,

11

mined, manufactured, produced, distributed, specified and/or sold asbestos products, either directly or indirectly to the employer(s) of the decedent or to such other entities so that these materials were caused to be used on decedent's job sites and/or performed work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

3.     The Defendants and/or their predecessors in interest, acting through their agents, servants and/or employees, caused and have caused in the past certain asbestos,  asbestos-containing materials and asbestos protective equipment to be placed in the stream of interstate commerce with the result that asbestos and asbestos-containing materials came to be used by workers within states in which decedent was exposed and/or performed work in the vicinity of the decedent that caused respirable asbestos dust to be generated and breathed by decedent.

4.     The employment history, to the extent possible at this time, of the decedent is attached here as Schedule A.  His exposure to asbestos was a proximate cause of the decedent's contraction of lung cancer.  To the best of Plaintiff's knowledge, decedent was not exposed to asbestos after November of 1980.

5.     Each of the Defendants named in this lawsuit, or their predecessors, mined, manufactured, processed, produced, imported, converted, specified, distributed, and/or sold said asbestos and asbestos products to which the decedent was exposed during his work career as described herein in Paragraph 4 and/or had contracting units or employees working at decedent's job

sites where activities caused the generation of respirable asbestos dust which was breathed by the decedent.

6.      During the course and scope of his employment, decedent was exposed to asbestos and asbestos-containing materials as described herein above, which exposure directly and proximately caused decedent to develop an asbestos-related disease.

7.      The illnesses and disabilities of the decedent were a direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care, should have known, that the asbestos and asbestos-containing materials were deleterious, poisonous and highly harmful to decedent's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

        (a)      Failed to advise decedent of the dangerous characteristics of their asbestos and asbestos-containing products;

        (b)      Failed or omitted to provide the decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if, in truth, they were in any way able to protect them from being poisoned and disabled as they were exposure to such deleterious and harmful asbestos-containing products;

        (c)      Failed and omitted to place any warnings or sufficient warning on their containers of said asbestos and asbestos materials to warn the

13

handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos-containing materials;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos-containing materials;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as decedent of the dangers to his health in coming in contact with and breathing said asbestos and asbestos related materials;

(f)     Did not recommend methods to improve the work environment with regard to decedent's exposure to asbestos and asbestos-related products;

(g)     Did not adequately test their products and did not develop alternative products;

(h)     Continued to use and sell a known cancer-causing product, to-wit:  asbestos, even though the defendants knew, or in the exercise of ordinary care should have known, that asbestos was a cancer causing product;

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the Defendants failed to warn the decedent, and did not inform the decedent of the need for monitoring and periodic evaluations up to and including the filing of this Complaint;

(j)     Were otherwise negligent.

<u>FOR A SECOND CAUSE OF ACTION - IMPLIED WARRANTY</u>

14

8.      Plaintiff hereby incorporates by reference Paragraphs one (1) through seven (7), inclusive, as if the same were hereto set forth at length.

9.      The Defendants, and each of them, impliedly warranted that their products or materials at issue were of good and merchantable quality and fit for their intended use and the decedent relied on said warranty.

10.     The implied warranty made by the Defendants, and each of them, that its materials at issue were of good and merchantable quality and safe for its particular intended use, was breached and that certain harmful, poisonous and deleterious asbestos and asbestos-related substances were given off into the atmosphere wherein the decedent carried out his duties with the result that the decedent inhaled and ingested harmful asbestos and asbestos-related substances.

11.     As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, decedent developed an illness, to-wit:  lung cancer and the decedent was damaged as set out herein.

<u>FOR A THIRD CAUSE OF ACTION - PUNITIVE DAMAGES</u>

12.     Plaintiff hereby incorporates by reference Paragraphs one (1) through eleven (11), inclusive, as if the same were hereto set forth at length.

13.     Decedent, and others in his position, was working in close proximity to the asbestos and asbestos-related products of the Defendants or asbestos dust generated or not prevented by the Defendants, and each of them, and decedent's presence and others in their position, was known, or in the exercise

15

of reasonable care should have been anticipated, by the Defendants, and each
of them.

14.     The Defendants have possessed since 1929 medical and scientific
data which clearly indicates that the asbestos and asbestos-containing products
were hazardous to the health and safety of the decedent and others in the
decedent's positions.  Despite such knowledge and the medical and scientific
data possessed by them and prompted by pecuniary motives, the Defendants,
and each of them, individually and collectively, willfully, deliberately, maliciously,
and callously ignored and failed to act upon said medical and scientific data and
conspired to deprive the public, and particularly the users, of said medical and
scientific data, depriving them, therefore, of the opportunity to prevent their
exposure to the asbestos products of said Defendants.  As a direct result, the
decedent was severely damaged as set forth below.

15.     From 1929 through the 1970's, the Defendants had actual
knowledge of the dangers of asbestos exposure but, nevertheless, deliberately,
intentionally and willfully failed to act upon and withheld from the public the
scientific and medical data in their possession regarding such dangers, thus
denying decedent of the knowledge with which to take necessary safety
precautions such as periodic x-rays and medical examinations and avoiding
further dust exposure.  The specifics which support an award of punitive
damages to the decedent are represented, in part, by the following:

(a)     Failed to warn prior users even as late as the 1970's when
the Defendants had knowledge of the need for monitoring due to prior exposure;

16

(b)     Issued no recall type letters to prior users even to the date of filing of the Complaint;

(c)     Manipulated the medical data and reports concerning the hazards of asbestos before such reports were released to the medical professions;

(d)     Frustrated the publication of articles and literature from the 1930's through at least 1976;

(e)     Working through the American Textile Institute, labeled Dr. Irving Selikoff a "dangerous man" and embarked upon a concerted effort to denounce Dr. Selikoff's findings regarding the hazards of asbestos and thereby prevent the public from being alerted to those hazards;

(f)     Fought to exclude asbestosis and asbestos-induced cancers from state worker's compensation laws, fearing such inclusion would lead to discovery by workers of the hazards of asbestos and claims resulting therefrom;

(g)     Sought methods to defeat worker's compensation and other claims of asbestos workers who suffered from illnesses or disease from the use of and exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(h)     Attempted to discredit scientists, doctors, writers and medical literature who or which indicated, demonstrated or established a relationship between illness and disease from the use of and exposure to their

asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(i)    Refused to conduct research on the relationship between asbestos exposure and disease, acting with pecuniary motives of profit at the expense of human lives;

(j)    Sought to create favorable publicity about asbestos products for pecuniary motives when they knew of their risks and dangers;

(k)    Concealed the existence of tests, data, literature and medical reports regarding the causal relationship of asbestos to mesothelioma, asbestosis, scarred lungs, respiratory disorders, cancer and other illnesses;

(l)    Despite the urging of medical personnel, refused to authorize testing and research involving the relationship of illness and disease to exposure, use of and inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of their asbestos products, fearing adverse publicity would affect the highly profitable market of asbestos sales.

16.    The acts of the Defendants, and each of them, as hereinabove set forth were fraudulent, wanton and willful and done with malice in disregard of the rights and safety of decedent and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials upon the body of human beings, including decedent and others similarly situated, and even though forewarned of said dangers and further after having been forewarned by tests, standards, promulgations of rules and regulations, statutes,

18

and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material or defective dust protection equipment with full knowledge that the products were being used and would be used in the future to the detriment of the health of decedent and others similarly situated and Plaintiff, who is the decedent's representative, is, therefore, entitled to punitive damages.

17.     As a direct and proximate result of the negligence, carelessness, gross negligence, willful and wanton misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendants,  Decedent was caused to contract diseases and injuries to his body systems, lungs, respiratory system, heart and damage to various organs of his body, including injury to tissue and bone, such as but not limited to asbestosis, scarred lungs, respiratory disorders and other injuries, causing his pain and suffering and both mental and physical anguish.

18.     As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, misrepresentations, and willful omissions of the Defendants, decedent was damaged and Decedent's representative is  entitled to compensatory and punitive damages.

<u>AS AN ADDITIONAL CAUSE OF ACTION – WRONGFUL DEATH</u>

19.     As a result of the development of lung cancer, decedent suffered and sustained very serious injuries to his person and died as a result of those injuries.

19

20.   Decedent's representative alleges that, as a result of the conduct of the defendants, the decedent's injuries and illnesses were permanent in nature and that he was forced to suffer until his death; that his enjoyment of life was impaired and, further, that his expected life span was shortened.

21.   Larry D. Caldwell died in Cleveland County, North Carolina on December 31, 2010, and Plaintiff Stephanie Dawn Caldwell qualified as Personal Representative of the Estate of Larry D. Caldwell.

22.   Further, as a result of the conduct of the defendants, the decedent's representative is entitled to recover compensatory and punitive damages from each of the defendants and other losses as described in NCGS 28A-18-2.  The heirs of the decedent have additionally lost the services, protection, care and assistance of the decedent.

WHEREFORE, Plaintiff prays that the defendants, and each of them, be cited to appear and answer herein as the law directs,  that upon final hearing hereof, Plaintiff recovers judgment of and from the defendants, and each of them, jointly and severally, for the damages as alleged in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for general, compensatory and special damages; plus a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) for punitive damages; for medical expenses in an amount to be shown upon the trial hereof; together with costs and disbursements herein, and interest on said judgment from the date of filing until paid as by law provided, for costs of this action and such other and further relief as to which they may be entitled.

20

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON THE ISSUES TRIABLE

OF RIGHT BY A JURY.

<div style="margin-left: 40%;">

By: s/Janet Ward Black
Janet Ward Black
NC Bar No. 12869
Attorneys for Plaintiff
WARD BLACK LAW
208 W. Wendover Avenue
Greensboro, North Carolina 27401
Tel. No. 336/273-3812
jwblack@wardblacklaw.com

</div>

DATE:  July 26, 2011

## SCHEDULE A

Plaintiff-Worker Employment History
Asbestos Exposure-Worksite Information


NAME:              LARRY D. CALDWELL (deceased)

ADDRESS:           2637 Wood Rd.
                   Mooresboro, NC 28114

OCCUPATION:        Boiler man in U S Navy, loom cleaner, boilermaker, matline
                   operator, transmission line builder, maintenance

EMPLOYMENT/WORKSITE              APPROXIMATE DATES

See Attached Preliminary Work History of Plaintiff

RELATED ASBESTOS LITIGATION

An action for Mr. Caldwell's non-malignant asbestos disease was filed in

Claiborne County, Mississippi under Cause Number 2001-20 in the matter

*O'Neal Chambers, Jr., et al. v. National Service Industries, Inc. et al.* and

abatement of said civil action was made pursuant to Court Order dated October

7, 2005 by the Honorable Lamar Pickard.  Said Order provided that the matter

was dismissed without prejudice and with leave to re-file in a court of appropriate

venue and jurisdiction.

An action for Mr. Caldwell's non-malignant asbestos disease was filed in

Western District of North Carolina on September 11, 2006, Civil Action Number

1:06-cv-00273.


SMOKING HISTORY

Up to 1 ppd from 1953 - 2000


PRODUCTS CONTAINING ASBESTOS

22

pipecovering
block
cements
plasters
gaskets
cloth
rope
tape
yarn
roofing products
fireproofing
packing
pipe
joint compound
brakes
clutches

DEPENDENTS:     Stephanie Dawn Caldwell

23

## WORK HISTORY OF **LARRY D. CALDWELL**

| DATES | EMPLOYERS | JOBSITES | JOB DUTIES |
|---|---|---|---|
| 1959 | NC Winn Dixie<br>Greenville, SC | grocery | |
| 1959-<br>1960 | Gaffney Manufacturing<br>Gaffney, SC | plant<br>Gaffney, SC | loom cleaner |
| 1960-<br>1962 | B&G Cabinet Shop<br>Forest City, NC | Cabinet Shop<br>Forest City, NC | furniture maker |
| 1962-<br>1965 | US Navy | San Diego, CA<br>San Francisco, CA<br>USS Interceptor AGR-8 | boiler man |
| 1965-<br>2002 | PPG Industries<br>Pittsburgh, PA<br>73-84 rebuilt glass -<br>84-94vibration analysis<br>94-98T&M manager | PPG Plant<br>Shelby/Earl, N<br>melt furnaces | matline operator |
| 1970 | National Van Lines<br>Broadview, IL | | |
| 1970 | Hoechst Fibers<br>Spartanburg, SC | Plant<br>Spartanburg, SC | |
| 1970 | Daniel International<br>Greenville, SC | | |
| 1970<br>1971 | American Fast Print<br>Spartanburg, SC | | |
| 1970-<br>1971 | Duke Power Co.<br>Charlotte, NC | DPC Catawba<br>Virginia Line | build transmission<br>lines |
| 1971 | Burlington Industries<br>Greensboro, NC | Mill | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DEFENDANTS LIST

A.W. Chesterton Company
By and Through Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Air & Liquid Systems Corporation,
as Successor by Merger to Buffalo Pumps, Inc,
c/o Its Registered Agent
CT Corporation System, Registered Agent
116 Pine Street, Suite 320
Harrisburg, PA 17101

Aurora Pump
c/o Lynette Jones
13515 Ballantyne Corporate Place
Charlotte, NC 28277

Bell & Gossett
c/o Managing Agent
8200 N. Austin Ave.
Morton Grove, IL 60053

Cleaver-Brooks, Inc.
c/o Ronald G. Thimm, President
7800 North 113th Street
Milwaukee, WI 53201

Daniel International Corporation
f/k/a Fluor Carolina, Inc.
c/o By and Through Its Registered Agent
John Reynolds
100 Fluor Daniel Drive
Greenville, SC 29607

DAP Products Inc.
By and Through Its Registered Agent:
The Prentice-Hall Corporation System, Inc.
2711 Centerville Road, Suite 400

25

Wilmington, DE 19808

Fluor Enterprises, Inc.,
Successor-in-Interest corporation to a
Merger between Fluor Construction
Corporation and Daniel Construction Company
By and Through Its Registered Agent
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27601

Georgia-Pacific LLC
By and Through Its Registered Agent
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

Goulds Pumps, Incorporated
c/o Its Registered Agent
C. T. Corporation System
111 – 8th Ave.
New York, NY 10011

IES INDUSTRIAL, INC., individually and as
successor-in-interest corporation to a
merger between Kayton Electric, Inc.,
Murray Electrical Contractors, Inc., and 3
Corps NQ f/k/a Davis Electrical Constructors, Inc.
By and Through Its Registered Agent
C T Corporation System
2 Office Park Court
Columbia, SC 29223

Industrial Holdings Corporation
f/k/a The Carborundum Company
By and Through Its Registered Agent
The Prentice-Hall Corporation System
80 State Street
Albany, NY 12207

Ingersoll-Rand Company
c/o Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

26

National Services Industries, Inc.
f/k/a NSI Enterprises, Inc.
f/k/a North Brothers, Inc.
By and Through Its Registered Agent:
Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

Rapid-American Corporation
By and Through Its Registered Agent
The Prentice-Hall Corporation System, Inc.
2711 Centerville Road, Suite #400
Wilmington, DE 19808

Superior Boiler Works, Inc.
By and Through Its Registered Agent/Managing Agent
3524 East Fourth Street, Box 1527
Hutchinson, KS 67504-1960

Union Carbide Corporation
By and Through Its Registered Agent:
C.T. Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601