1
2
3
4
5
6
7

## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

*Patti Donlon, Individually and as Successor-in-Interest to the Estate of Patrick Donlon, Decedent, Sean Donlon, and Does One through Ten, Inclusive v. AC and S, Inc., et al.,* N.D. California, C. A. No. 3:11-cv-03376-JSW

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-424) OR IN THE ALTERNATIVE TO CONTINUE CTO-424 PENDING A RULING ON PLAINTIFFS' MOTION TO REMAND IN THE DISTRICT COURT**

Plaintiffs hereby move the Judicial Panel on Multidistrict Litigation for an order vacating the Conditional Transfer Order ("CTO-424") of the instant action to the Eastern District of Pennsylvania. The Judicial Panel issue CTO-424 on July 20, 2011 conditionally transferring this case to the Eastern District of Pennsylvania. On July 26, 2011, upon Plaintiffs' filing of Notice of Opposition, the Judicial Panel issued an order setting the briefing schedule for Plaintiffs' Motion to Vacate CTO-424.

Plaintiffs' Motion to Vacate is based on this notice, the memorandum of points and authorities, the declaration of Steven M. Harowitz, all papers and records on file in the state and federal court files pertaining to this case, and such argument as may be made at the hearing.

As fully set forth in their accompanying Memorandum of Points and Authorities, Plaintiffs respectfully ask that the Judicial Panel vacate CTO-424 to enable the Northern District Court of California to rule on Plaintiffs' Motion to Remand currently pending in that court for following reasons:

1. A decision on whether to transfer this action to the Eastern District of Pennsylvania is not ripe for adjudication because Plaintiffs have timely filed a motion to remand this action to state court. Plaintiffs' Motion for Remand is pending in the transferee district court located in the Northern District of California. Should the district court remand this action to state court, an order transferring this action to the Eastern District of Pennsylvania would be unnecessary and moot.

2. As a matter of law, there is no federal subject matter jurisdiction in this case because of the express disclaimer in Plaintiffs' complaint as well as Plaintiffs' dismissal of all claims other than their failure to warn claims as to the removing defendants United Technologies Corporation, Curtiss-Wright Corporation and The Boeing Company.

3. United Technologies Corporation, Curtiss-Wright Corporation and The Boeing Company failed their burden to present evidence to establish there is federal officer jurisdiction under 28 U.S.C. §1442(a)(1).

4. United Technologies Corporation, Curtiss-Wright Corporation and The Boeing Company have not and cannot show that they acted under the direction of any

federal officer.

5. United Technologies Corporation, Curtiss-Wright Corporation and The Boeing Company have not raised a colorable federal defense.

6. United Technologies Corporation, Curtiss-Wright Corporation and The Boeing Company have not and cannot establish a causal nexus between their actions under the alleged control of a federal officer and Plaintiffs' state law failure to warn claims.

By this motion, Plaintiffs seek an order of the Judicial Panel, vacating CTO-424, to enable the district court to hear and issue a ruling on Plaintiffs' pending motion to remand this case to state court. Plaintiffs' Motion to Remand is set to be heard on October 7, 2011, by the Honorable Jeffrey S. White.

Alternatively, Plaintiffs request that the Judicial Panel defer the decision on the transfer of this action and continue the conditional transfer of this case to a date after the Northern District Court of California has issued its ruling on Plaintiffs' Motion to Remand this action to state court. Plaintiffs' Motion to Remand is set for hearing on October 7, 2011 before the Honorable Jeffrey S. White. Therefore, Plaintiffs request that the Judicial Panel continue this action to the Conditional Transfer Order Group after October 7, 2011 as to permit the district court to consider and rule on Plaintiffs' remand motion.

Dated: August 8, 2011

HAROWITZ & TIGERMAN, LLP

By: _____
Steven M. Harowitz (State Bar No. 71117)
harowitz@htlawoffices.com
HAROWITZ & TIGERMAN, LLP
450 Sansome Street, 3rd Floor
San Francisco, CA 94111
Telephone: (415) 788-1588
Facsimile: (415) 788-1598
Attorney for Plaintiffs Patti Donlon and Sean Donlon

---

**PLAINTIFF'S NOTICE OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-424)**
PAGE 3