# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

## SCHEDULE OF ACTIONS

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Patti Donlon and Sean Donlon<br><br>**Movant:**<br>Plaintiffs Patti Donlon and Sean Donlon<br><br>**Defendants:**<br>Curtiss-Wright Corporation; United Technologies Corporation; The Boeing Company | N.D. California | 3:11-cv-03376-JSW | Jeffrey S. White |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

# EXHIBIT "1"

22
23
24
25
26
27
28

1 | STEPHEN M. TIGERMAN  (Bar No. 112127)
STEVEN M. HAROWITZ  (Bar No. 71117)

2 | ROGER E. GOLD (Bar No. 214802)
HAROWITZ & TIGERMAN, LLP

3 | 450 Sansome Street, 3rd Floor
San Francisco, California  94 CASE MANAGEMENT CONFERENCE SET

4 | Telephone    (415) 788-1588

5 | Attorneys for Plaintiffs

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 2 2 2009

GORDON PARK-LI, Clerk

JUN 1 6 2010   -1:30PM   By: ___ PARAM MATT
Deputy Clerk

6

7 | DEPARTMENT 206

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

10

C G C - 0 9 - 2 7 5 2 1 8

11 | PATTI DONLON, Individually and as Successor-in-Interest to the Estate of PATRICK THEISEN DONLON, Decedent; SEAN DONLON; and DOES ONE through TEN, inclusive,

No.

COMPLAINT FOR
 DAMAGES

12

13 | Plaintiffs,

(Wrongful Death)
Negligence,
Strict Liability, Products
Liability for Clutch Components
and Brake Assemblies,
Enterprise Liability,
False Representation,
[Restatement Sec. 402-B],
Survival Action,
Loss of Consortium,
Punitive Damages

14 | vs.

15 | AC AND S, INC.; ASBESTOS CORPORATION, LTD.; A.W. CHESTERTON COMPANY; CROWN, CORK &
16 | SEAL COMPANY, INC., Individually and as Successor-in-Interest to MUNDET CORK CORP.; GARLOCK
17 | SEALING TECHNOLOGIES LLC, Individually and as Successor-in-Interest to GARLOCK, INC.; GENERAL
18 | ELECTRIC COMPANY; J T THORPE & SON, INC.; METROPOLITAN LIFE INSURANCE COMPANY;
19 | PARKER-HANNIFIN CORPORATION, as Successor-in-Interest to SACOMO SIERRA; OWENS-ILLINOIS
20 | CORPORATION; QUINTEC INDUSTRIES, INC.; SOCO-LYNCH CORPORATION, successor-in-interest
21 | to WESTERN CHEMICAL & MANUFACTURING COMPANY; SWINERTON BUILDERS f/k/a
22 | SWINERTON & WALBERG CO.; THOMAS DEE ENGINEERING COMPANY; TRANE U.S. INC., fka
23 | AMERICAN STANDARD, INC.; UNION CARBIDE CORPORATION; VIACOM, INCORPORATED, as
24 | successor-by-merger to CBS CORPORATION,  fka WESTINGHOUSE ELECTRIC CORPORATION;
25 | ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST; BAYER CROPSCIENCE, INC.,
26 | successor to AMCHEM PRODUCTS, INC.; ENPRO INDUSTRIES, INC., Individually and as Successor-in-
27 | Interest to ANCHOR PACKING COMPANY; HOPEMAN BROTHERS, INC.; SB DECKING, INC.,
28 | formerly known as SELBY, BATTERSBY &

(Asbestos)

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

2120/complaint.wd

1

COMPLAINT FOR DAMAGES
WRONGFUL DEATH - ASBESTOS

1   COMPANY; GEORGIA-PACIFIC CORPORATION; )
    HAMILTON MATERIALS, INC.; HANSON )
2   PERMANENTE CEMENT, INC. fka KAISER CEMENT )
    CORPORATION; KAISER GYPSUM CO., INC.; )
3   KELLY-MOORE PAINT COMPANY, INC.; EATON )
    AEROQUIP, LLC; PNEUMO-ABEX CORPORATION, )
4   Successor-in-Interest to ABEX CORPORATION; )
    HONEYWELL INTERNATIONAL, INC. fka ALLIED )
5   SIGNAL, INC./THE BENDIX CORPORATION; BORG-)
    WARNER CORPORATION by its Successor in Interest, )
6   BORGWARNER MORSE TEC, INC.; )
    BRIDGESTONE/FIRESTONE NORTH AMERICAN )
7   TIRE, LLC; DANA COMPANIES, LLC; GOODRICH )
    CORPORATION; FEDERAL-MOGUL ASBESTOS )
8   PERSONAL INJURY TRUST, as successor to FELT )
    PRODUCTS MANUFACTURING CO.; FORD MOTOR )
9   COMPANY; GENERAL MOTORS CORPORATION; )
    INTERNATIONAL TRUCK AND ENGINE )
10   CORPORATION; NAVISTAR, INC.; THE )
    GOODYEAR TIRE & RUBBER COMPANY; )
11   AIRCRAFT BRAKING SYSTEMS CORPORATION; )
    MEGGITT AIRCRAFT BRAKING SYSTEMS; )
12   PARKER-HANNIFIN CORPORATION, as Successor to )
    EIS and CALI-BLOK; CURTISS-WRIGHT )
13   CORPORATION; MCDONNELL DOUGLAS )
    CORPORATION, Individually and Successor-in-Interest )
14   to DOUGLAS AIRCRAFT COMPANY, INC.; EATON )
    CORPORATION; UNITED TECHNOLOGIES )
15   CORPORATION, formerly known as PRATT & )
    WHITNEY, INC.; PRATT & WHITNEY POWER )
16   SYSTEMS, INC.; VOUGHT AIRCRAFT INDUSTRIES, )
    INC.; and ELEVENTH DOE through THREE )
17   HUNDREDTH DOE, inclusive, )
    )
18         )
    )
19            Defendants. )
    )
20

21

22

23

24

25            FIRST CAUSE OF ACTION-NEGLIGENCE

26                (Wrongful Death)

27     PLAINTIFFS COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND FOR A

28   CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH) ALLEGE:

---

2120/complaint.wd              2               COMPLAINT FOR DAMAGES
                                                  WRONGFUL DEATH - ASBESTOS

1.    The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this Complaint accordingly.  Plaintiffs are informed and believe and thereon allege that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injury and death to decedent and injuries and damages proximately thereby to the plaintiffs, as hereinafter alleged.

2.    At all times herein mentioned, each of the defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.  Except as may be specifically noted herein, all allegations of this Complaint are made on information and belief.

3.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, defendants AC AND S, INC.; ASBESTOS CORPORATION, LTD.; A.W. CHESTERTON COMPANY; CROWN, CORK & SEAL COMPANY, INC., Individually and as Successor-in-Interest to MUNDET CORK CORP.; GARLOCK SEALING TECHNOLOGIES LLC, Individually and as Successor-in-Interest to GARLOCK, INC.; GENERAL ELECTRIC COMPANY; J T THORPE & SON, INC.; METROPOLITAN LIFE INSURANCE COMPANY; PARKER-HANNIFIN CORPORATION, as Successor-in-Interest to SACOMO SIERRA; OWENS-ILLINOIS CORPORATION; QUINTEC INDUSTRIES, INC.; SOCO-LYNCH CORPORATION, successor-in-interest to WESTERN CHEMICAL & MANUFACTURING COMPANY; SWINERTON BUILDERS f/k/a SWINERTON & WALBERG CO.; THOMAS DEE ENGINEERING COMPANY; TRANE U.S. INC., fka AMERICAN STANDARD, INC.; UNION CARBIDE CORPORATION; VIACOM, INCORPORATED, as successor-by-merger to CBS CORPORATION,  fka WESTINGHOUSE ELECTRIC CORPORATION; ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST; BAYER CROPSCIENCE, INC., successor to

1  AMCHEM PRODUCTS, INC.; ENPRO INDUSTRIES, INC., Individually and as Successor-in-

2  Interest to ANCHOR PACKING COMPANY; HOPEMAN BROTHERS, INC.; SB DECKING,

3  INC., formerly known as SELBY, BATTERSBY & COMPANY; GEORGIA-PACIFIC

4  CORPORATION; HAMILTON MATERIALS, INC.; HANSON PERMANENTE CEMENT, INC.

5  fka KAISER CEMENT CORPORATION; KAISER GYPSUM CO., INC.; KELLY-MOORE

6  PAINT COMPANY, INC.; EATON AEROQUIP, LLC; PNEUMO-ABEX CORPORATION,

7  Successor-in-Interest to ABEX CORPORATION; HONEYWELL INTERNATIONAL, INC. fka

8  ALLIED SIGNAL, INC./THE BENDIX CORPORATION; BORG-WARNER CORPORATION by

9  its Successor in Interest, BORGWARNER MORSE TEC, INC.; BRIDGESTONE/FIRESTONE

10 NORTH AMERICAN TIRE, LLC; DANA COMPANIES, LLC; GOODRICH CORPORATION;

11 FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to FELT

12 PRODUCTS MANUFACTURING CO.; FORD MOTOR COMPANY; GENERAL MOTORS

13 CORPORATION;  INTERNATIONAL TRUCK AND ENGINE CORPORATION; NAVISTAR,

14 INC.; THE GOODYEAR TIRE & RUBBER COMPANY; AIRCRAFT BRAKING SYSTEMS

15 CORPORATION; MEGGITT AIRCRAFT BRAKING SYSTEMS; PARKER-HANNIFIN

16 CORPORATION, as Successor to EIS and CALI-BLOK; CURTISS-WRIGHT CORPORATION;

17 MCDONNELL DOUGLAS CORPORATION, Individually and Successor-in-Interest to

18 DOUGLAS AIRCRAFT COMPANY, INC.; EATON CORPORATION; UNITED

19 TECHNOLOGIES CORPORATION, formerly known as PRATT & WHITNEY, INC.; PRATT &

20 WHITNEY POWER SYSTEMS, INC.; VOUGHT AIRCRAFT INDUSTRIES, INC.; and

21 ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are corporations organized and

22 existing under and by virtue of the laws of the State of California, or the laws of some state or

23 foreign jurisdiction, and that said defendants were and are authorized to do and are doing business

24 in the State of California, and that said defendants have regularly conducted business in the City and

25 County of San Francisco, State of California.  The defendants identified in this paragraph are

26 hereinafter referred to as **"MANUFACTURING/DISTRIBUTING DEFENDANTS"**.

27        4.     At all times herein mentioned, defendants, and each of them, were and are engaged

28 in the business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying,

1 selling, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance,

2 the generic name of which is asbestos, and other products containing said substance.

3   5.  Plaintiffs are informed and believe, and thereon allege, that defendant CROWN,

4 CORK & SEAL COMPANY, INC. is the successor in interest to, or otherwise liable for the acts or

5 omissions of MUNDET CORK CORP.; that defendant GARLOCK SEALING TECHNOLOGIES

6 LLC is the successor in interest to, or otherwise liable for the acts or omissions of GARLOCK,

7 INC.; that defendant PARKER-HANNIFIN CORPORATION is the successor in interest to, or

8 otherwise liable for the acts or omissions of SACOMO SIERRA; that defendant QUINTEC

9 INDUSTRIES, INC. is the successor in interest to, or otherwise liable for the acts or omissions of

10 WESTERN FIBERGLAS SUPPLY COMPANY, WESTERN FIBROUS GLASS PRODUCTS

11 COMPANY and/or WESGLAS; that defendant SOCO-LYNCH CORPORATION is the successor

12 in interest to, or otherwise liable for the acts or omissions of WESTERN CHEMICAL &

13 MANUFACTURING COMPANY; that defendant BAYER CROPSCIENCE, INC. is the successor

14 in interest to, or otherwise liable for the acts or omissions of AMCHEM PRODUCTS, INC.; that

15 defendant ENPRO INDUSTRIES, INC. is the successor in interest to, or otherwise liable for the

16 acts or omissions of ANCHOR PACKING COMPANY; that defendant PNEUMO-ABEX

17 CORPORATION is the successor in interest to, or otherwise liable for the acts or omissions of

18 ABEX CORPORATION; that defendant BORG-WARNER CORPORATION is the successor in

19 interest to, or otherwise liable for the acts or omissions of BORGWARNER MORSE TEC, INC.;

20 that defendant FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST is the successor in

21 interest to, or otherwise liable for the acts or omissions of FELT PRODUCTS MANUFACTURING

22 CO.; that defendant PARKER-HANNIFIN CORPORATION is the successor in interest to, or

23 otherwise liable for the acts or omissions of EIS and CALI-BLOK; that defendant MCDONNELL

24 DOUGLAS CORPORATION is the successor in interest to, or otherwise liable for the acts or

25 omissions of DOUGLAS AIRCRAFT COMPANY, INC.; and that each of the defendants in this

26 paragraph and listed as a successor elsewhere in this complaint, including the caption, is liable for

27 the acts and omissions of its predecessor entities, partners, divisions, related entities, subsidiaries,

28 and co-ventures.

6.      At all times herein mentioned, defendants, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance, in that said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers and others, while being used in a manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by the consumers, users, bystanders, or workers exposed thereto.

7.      Plaintiffs' decedent was a worker who for a substantial length of time used, handled or was otherwise exposed to asbestos and asbestos products referred to herein, in a manner that was reasonably foreseeable.

8.      As a direct and proximate result of the conduct of the defendants, and each of them, as aforesaid, the exposure to asbestos caused plaintiffs' decedent to contract mesothelioma from which he died on May 27, 2008.

9.      Plaintiff did not learn of the causal relationship between decedent's exposure to asbestos and his death until less than one year before the date on which this Complaint was filed.

10.      Plaintiffs were the heirs of PATRICK THEISEN DONLON, deceased, (herein referred to as "decedent"), as follows:

                PATTI DONLON      -      SPOUSE

                SEAN DONLON      -      SON

11.      As a result of the conduct of defendants, and each of them, decedent's heirs have sustained pecuniary loss resulting from the loss of love, comfort, society, attention, services and support of decedent in a sum in invoking the unlimited jurisdictional limits of the Court.

12.      As a further result of the conduct of defendants, and each of them, and the death of decedent, plaintiffs herein have incurred funeral and burial expenses in an amount to be subsequently ascertained.

13.      For purposes of the claims alleged herein, the Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship

1   due to the presence of a California defendant.  Removal is improper.  Every claim arising under the

2   Constitution, treaties, or law of the United States is expressly disclaimed, including any claim

3   arising from an act or omission on a federal enclave, or of any Officer of the U.S. or any agency or

4   person acting under him occurring under color of such of office.  No claim of admiralty or maritime

5   law is raised.  Plaintiffs sue no foreign state or agency. By this allegation, plaintiffs are not

6   disclaiming State law claims arising exposures on Federal enclaves. Plaintiffs are only disclaiming

7   claims which would be directed at the Federal government and/or Federal officers. Venue is proper

8   in the City and County of San Francisco.  Plaintiff shall seek sanctions, attorneys' fees and other

9   appropriate relief in the event any defendant moves to transfer and/or remove this action to another

10  court without a reasonable period of meet and confer discussion relating to same prior to notice of

11  removal and/or transfer of this action.

12          WHEREFORE, plaintiffs pray judgment as hereinafter alleged.

13                      <u>SECOND CAUSE OF ACTION - STRICT LIABILITY</u>

14          AS FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION

15  FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, AND EACH OF

16  THEM, AND ALLEGE AS FOLLOWS:

17          14.    Plaintiffs incorporate herein by reference as though fully set forth herein all

18  paragraphs of the First Cause of Action herein.

19          15.    Defendants and each of them researched, manufactured, tested or failed to test,

20  warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, inspected,

21  repaired, offered for sale and sold a certain substance, the generic name of which is asbestos and

22  other products contained said substance, which substance and product is defective, in that same was

23  capable of causing and did, in fact, cause personal injuries, including, but not limited to

24  mesothelioma, to the users and consumers thereof while being used in a reasonably foreseeable

25  manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders

26  and workers exposed thereto; said defendants, and each of them, further failed to adequately warn of

27  the risks to which decedent and others similarly situated were exposed.

28          16.    As a direct and proximate result thereof, decedent suffered the injuries from which

---

2120/complaint.wd                          7                    COMPLAINT FOR DAMAGES
                                                               WRONGFUL DEATH - ASBESTOS

1   he subsequently died, and plaintiffs have suffered the injuries and damages previously alleged.

2         WHEREFORE, plaintiffs pray judgment as hereinafter alleged.

3   THIRD CAUSE OF ACTION - PRODUCTS LIABILITY (NEGLIGENCE AND STRICT

4         LIABILITY) FOR CLUTCH COMPONENTS AND BRAKE ASSEMBLIES,

5                          MECHANISMS AND LININGS

6         AS AND FOR A THIRD, SEPARATE, AND FURTHER DISTINCT CAUSE OF ACTION

7   FOR PRODUCTS LIABILITY (NEGLIGENCE AND STRICT LIABILITY) FOR CLUTCH

8   COMPONENTS AND BRAKE ASSEMBLIES, MECHANISMS AND LININGS, PLAINTIFFS

9   COMPLAIN OF DEFENDANTS FORD MOTOR COMPANY; GENERAL MOTORS

10  CORPORATION; INTERNATIONAL TRUCK AND ENGINE CORPORATION; NAVISTAR,

11  INC.; and TWO HUNDRED FIRST DOE through THREE HUNDREDTH DOE, inclusive, and

12  ALLEGE AS FOLLOWS:

13        17.   Plaintiff, by this reference, incorporates the allegations contained in the First and

14  Second Causes of Action as though fully set forth herein.

15        18.   FORD MOTOR COMPANY; GENERAL MOTORS CORPORATION;

16  INTERNATIONAL TRUCK AND ENGINE CORPORATION; NAVISTAR, INC.; and TWO

17  HUNDRED FIRST DOE through THREE HUNDREDTH DOE, inclusive, manufactured or

18  supplied defective clutch components and brake assemblies or mechanisms which were

19  incorporated into various makes and models of automobiles, trucks and vehicles manufactured, sold

20  or supplied by said defendants. Said clutch components and brake assemblies or mechanisms were

21  negligently manufactured sold or supplied in that:

22        a)   The design of said clutch components and brake assemblies or mechanisms

23  incorporated the use of asbestos-containing clutch facings/plates and brake linings;

24        b)   Asbestos clutch components brake linings wear and/or deteriorate during regular

25  and ordinary use thus creating friable asbestos dust, which accumulates in the clutch brake

26  assemblies and/or mechanisms;

27        c)   The design of said clutch components brake assemblies require as a part of their

28  normal operation, use and maintenance that the asbestos clutch components and brake linings be

1  removed and replaced;

2       d)   Said defendants required the use of asbestos-containing clutch components and

3  brake linings throughout the time period 1940-1985;

4       e)   During the removal and replacement of asbestos-containing clutch components and

5  brake linings, asbestos-containing dust was inherently generated because of the design of the clutch

6  components and brake assemblies and/or mechanisms;

7       f)   Defendants knew or should have known that the asbestos-containing dust would be

8  generated during the regular use and maintenance of the clutch components and brake assemblies,

9  mechanisms and linings, and that such dust created an increased risk of asbestos disease for all

10  users, consumers, or others who breathed said asbestos-containing dust;

11       g)   The defendants, and each of them, failed to warn and/or properly instruct users,

12  consumers, or others of the asbestos-containing dust hazard which existed at the time of regular

13  maintenance or replacement of asbestos clutch components and brake linings.  Such failure

14  includes, but is not limited to:

15       a.   Failure to place prominent and adequate warnings or instructions in and on

16  the clutch components and brake pads and wheel drums;

17       b.   Failure to place adequate warnings or instructions in the owners' manuals

18  accompanying said automobiles, trucks and vehicles; and

19       c.   Failure to place adequate warnings or instructions on various repair manuals

20  and instructions published by defendants; and

21       d.   Failure to provide adequate information regarding the asbestos hazards

22  associated with the regular use and maintenance of the clutch components and brake mechanisms,

23  assemblies and/or linings.

24   19.   The clutch components and brake assemblies, mechanisms and/or linings

25  manufactured, sold or supplied by defendants failed to perform as safely as the ordinary consumer

26  would expect, even though they performed as designed.

27   20.   Defendants' use and design of asbestos-containing clutch components and brake

28  linings, both as original equipment and as replacement parts, created unreasonable inherent risks

1   which outweighed the benefits of said use and/or design.

2       21.   The dangers inherent in asbestos-containing clutch components and brake linings were

3   unknown and unforeseeable to the decedent.

4       22.   Decedent's exposure to asbestos-containing dust, which caused his injury, was from

5   his use and maintenance of defendants' clutch components and brake mechanisms, assemblies

6   and/or linings.  Said work produced the release of asbestos dust, which decedent inhaled, thus

7   increasing his risk for all asbestos-related disease.

8       23.   Defendants' negligence and defective products as described in this cause of action

9   were a direct cause of decedent's injuries, and the injuries and damages thereby sustained by

10  plaintiffs.

11              FOURTH CAUSE OF ACTION - ENTERPRISE LIABILITY

12      AS AND FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF

13  ACTION FOR ENTERPRISE LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, AND

14  EACH OF THEM, AND ALLEGE AS FOLLOWS:

15      24.   Plaintiff incorporates by reference as though fully set forth herein, each of the

16  paragraphs of the First, Second and Third Causes of Action herein.

17      25.   In the event plaintiffs are unable to identify the specific defendant(s) which supplied

18  the asbestos or asbestos-containing products which caused the damage referred to above, plaintiffs

19  allege that as between an innocent plaintiff and culpable defendant(s), the latter should bear the cost

20  of injury.

21      26.   Plaintiffs' decedent was exposed to asbestos and asbestos emanating from asbestos-

22  containing products which are and were fungible in appearance as well as in composition and which

23  were used in substantially the same manner by plaintiff's decedent and/or those working in the

24  vicinity of plaintiffs' decedent.  Moreover, through no fault of the plaintiffs, this asbestos and/or

25  these asbestos-containing products cannot be traced to a specific producer.

26      27.   In this action, plaintiffs have joined a substantial share of the producers of such

27  asbestos and/or asbestos-containing products which caused the injuries complained of herein, and

28  will prove at the time of trial that the defendants named herein constituted a substantial share of

1  such producers. Accordingly, liability attaches to each named defendant to the extent of their

2  percentage of market share, in a manner consistent with the rules set forth in the decision of Sindell

3  v. Abbott Laboratories, et al.

4      28.    As a direct and legal result thereof, plaintiffs have suffered the injuries and damages

5  previously alleged.

6      WHEREFORE, Plaintiffs pray judgment against the defendants, and each of them, as

7  hereinafter set forth.

8          FIFTH CAUSE OF ACTION - FALSE REPRESENTATION

9          UNDER RESTATEMENT OF TORTS Sec. 402-B

10  AS AND FOR A FURTHER, FIFTH, SEPARATE AND DISTINCT CAUSE OF ACTION

11  FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS SECTION 402-B,

12  PLAINTIFFS COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND ALLEGE AS

13  FOLLOWS:

14      29.    Plaintiffs incorporate by reference all Causes of Action of this Complaint.

15      30.    At the aforementioned time when defendants, and each of them, researched,

16  manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed,

17  advertised, marketed, warranted, inspected, repaired, offered for sale and sold the said asbestos and

18  asbestos-containing products, as hereinabove set forth, the defendants, and each of them, expressly

19  and impliedly represented to members of the general public, including the purchasers and users of

20  said product, and including the decedent herein and his employers, that asbestos and asbestos-

21  containing products were of merchantable quality, and safe for the use for which they were

22  intended.

23      31.    The purchasers and users of said asbestos and asbestos-containing products,

24  including the decedent and his employer, relied upon said representations of defendants and each of

25  them, in the selection, purchase and use of asbestos and asbestos-containing products.

26      32.    Said representations by defendants, and each of them, were false and untrue, in that

27  the asbestos and asbestos-containing products were not safe for their intended use, nor were they of

28  merchantable quality as represented by defendants, and each of them, in that asbestos and asbestos

containing products have very dangerous properties and defects whereby said products cause mesothelioma, and have other defects that cause injury and damage to the users of said products, including decedent herein, thereby taking the life of plaintiffs' decedent.

33.   As a direct and proximate result of said false representations by defendants and each of them, the plaintiffs sustained the injuries and damages hereinabove set forth.

WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as hereinafter set forth.

### SIXTH CAUSE OF ACTION - SURVIVAL ACTION

AS AND FOR A SIXTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION (SURVIVAL ACTION), PLAINTIFF PATTI DONLON AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF PATRICK THEISEN DONLON COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND FOR A CAUSE OF ACTION ALLEGE:

34.   Plaintiff incorporates by reference herein each and every paragraph of all Causes of Action of this Complaint, and make them a part of this, the Sixth Cause of Action, as though fully set forth herein.

35.   Prior to his death, decedent PATRICK THEISEN DONLON had a cause of action against defendants herein for personal injuries arising from his exposure to asbestos. On May 27, 2008, with the foregoing cause of action still pending, PATRICK THEISEN DONLON, who would have been the plaintiff in this action if he had lived, died.

36.   As a proximate result of the conduct of defendants, and each of them, decedent was required to, and did, employ physicians and surgeons to examine, treat and care for him and did incur medical and incidental expenses in a sum to be subsequently determined.

37.   As a further, direct and proximate result of the conduct of defendants, and each of them, decedent was prevented from attending to his usual occupation for a period of time and thereby incurred damages for loss of earnings in a sum to be subsequently determined.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

### SEVENTH CAUSE OF ACTION - PUNITIVE DAMAGES

AS FOR A FURTHER, SEVENTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR PUNITIVE DAMAGES, PLAINTIFFS COMPLAIN OF ALL DEFENDANTS, INCLUSIVE, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

38.     Plaintiffs incorporate by reference each and every paragraph of all Causes of Action of this Complaint, and make them a part of this Seventh Cause of Action as though fully set forth herein.

39.     In researching, testing, manufacturing, distributing, labeling, and marketing asbestos and asbestos products, defendants in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said asbestos and asbestos products, in that defendants has specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to, mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said defendants, and which knowledge was obtained by said defendants on or before 1933, and thereafter.

40.     On or before 1933, and thereafter, said defendants were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said defendants knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

41.     With said knowledge, said defendants opted to manufacture and distribute said asbestos and asbestos products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products. Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, defendants intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said

1  knowledge from members of the general public that asbestos and asbestos products were unsafe for

2  all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

3      42.    The above-referenced conduct of said defendants was motivated by the financial

4  interest of said defendants in the continuing, uninterrupted distribution and marketing of asbestos

5  and asbestos products. In pursuance of said financial motivation, said defendants consciously

6  disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and

7  were in fact, consciously willing to permit asbestos and asbestos products to cause injury to workers

8  and users thereof, and personnel exposed thereto, including plaintiff's decedent.

9      43.    As the above-referenced conduct of said defendants was and is willful, malicious,

10  outrageous, and in conscious disregard and indifferent to the safety and health of workers exposed

11  to asbestos and asbestos products, including decedent, plaintiffs, for the sake of example, and by

12  way of punishing said defendants, seeks punitive damages according to proof.

13      WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as

14  hereinafter set forth.

15             EIGHTH CAUSE OF ACTION - LOSS OF CONSORTIUM

16      AS AND FOR A FURTHER, EIGHTH, SEPARATE AND DISTINCT CAUSE OF

17  ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF PATTI DONLON COMPLAINS OF

18  DEFENDANTS, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

19      44.    Plaintiff PATTI DONLON incorporates herein by reference and makes a part hereof

20  as though fully set forth herein, all of the paragraphs of all the Causes of Action of this complaint.

21      45.    Plaintiff PATTI DONLON was at all relevant times the lawfully wedded spouse of

22  decedent PATRICK THEISEN DONLON.

23      46.    As a direct and proximate result of the conduct of defendants, and each of them, and

24  of the severe injuries caused thereby to decedent prior to his death, as hereinabove alleged, plaintiff

25  PATTI DONLON suffered loss of consortium, including, but not by way of limitation, loss of

26  services, marital relations, society, comfort, companionship, love and affection of her said spouse,

27  and has suffered severe mental and emotional distress and general nervousness as a result thereof.

28      47.    Plaintiff PATTI DONLON, as a result of the foregoing described injuries to her said

1  spouse, has been generally damaged in a sum invoking the unlimited jurisdictional limits of the

2  Court.

3      WHEREFORE, Plaintiffs pray judgment against defendants and each of them as follows:

4      1.    For general damages according to proof;

5      2.    For burial expenses according to proof;

6      3.    For medical expenses according to proof;

7      4.    For loss of income according to proof;

8      5.    For punitive damages according to proof;

9      6.    For plaintiffs' costs of suit herein; and,

10     7.    For such other and further relief as this Court deems just and proper.

11

12 DATED: May 22, 2009                HAROWITZ & TIGERMAN, LLP

13

14                                 BY _____

15                                    ROGER E. GOLD
                                 Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "2"

ADRMOP, E-Filing

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:11-cv-03376-JSW

Donlon v. AC and S, Inc. et al
Assigned to: Hon. Jeffrey S. White
Case in other court: San Francisco Superior Court, CGC-09-
275218
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 07/08/2011
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

## Plaintiff

**Patti Donlon**
*individually and as Successor-in-
Interest to the Estate of Patrick Theisen
Donlon, Decedent*

represented by **Katherine Yao Wang**
Harowitz & Tigerman
450 Sansome Street
3rd Floor
San Francisco, CA 94111
415-788-1588
Fax: 415-788-1598
Email: wang@htlawoffices.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Roger Edward Gold**
Harowitz & Tigerman, LLP
450 Sansome St.
3rd Floor
San Francisco, CA 94111
415-788-1588
Fax: 415-788-1598
Email: gold@htlaw.info
*ATTORNEY TO BE NOTICED*

**Stephen Michael Tigerman**
Harowitz & Tigerman LLP
450 Sansome St.
3rd Floor
San Francisco, CA 94111
415-788-1588
Fax: 415-788-1598
Email: tigerman@htlaw.info
*ATTORNEY TO BE NOTICED*

**Steven Marc Harowitz** ,
Harowitz and Tigerman, LLP
450 Sansome Street
3rd Floor

San Francisco, CA 94111
415-788-1588
Fax: 4157881598
Email: harowitz@htlawoffices.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sean Donlon**                                    represented by **Roger Edward Gold**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Stephen Michael Tigerman**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Steven Marc Harowitz** ,
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AC And S, Inc.**

**Defendant**

**Asbestos Corporation, Ltd.**

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Crown, Cork & Seal Company, Inc.**
*individually and as successor-in-
interest to Mundet Corp. Cork*

**Defendant**

**Garlock Sealing Technologies LLC**
*individually and as successor-in-
interest to Garlock, Inc.*

**Defendant**

**General Electric Company**                       represented by **Katherine Paige Gardiner**
                                                   Sedgwick, Detert, Moran & Arnold
                                                   One Market Plaza
                                                   Steuart Tower, 8th Floor
                                                   San Francisco, CA 94105
                                                   415-781-7900
                                                   Email: katherine.gardiner@sdma.com
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Parkerhannifin Corporation**
*as successor-in-interest to Sacomo Sierra*

**Defendant**

**Owens-Illinois Corporation**

**Defendant**

**Quintec Industries, Inc.**

**Defendant**

**Soco-Lynch Corporation**
*success in interest to Western Chemical & Manufacturing Company*

**Defendant**

**Swinerton Builders**
*formerly known as*
Swinerton & Walberg Co.

**Defendant**

**Thomas Dee Engineering Company**

**Defendant**

**Trane U.S. Inc.**
*formerly known as*
American Standard, Inc.

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Viacom, Incorporated**
*as successor-by-merger to CBS Corporation fka Westinghouse Electric Corporation*

represented by **Kevin Douglas Jamison**
Pond North LLP
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
(213) 617-6170
Fax: (213) 623-3594
Email: kjamison@pondnorth.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Allis-Chalmers Corporate Product
Liability Trust**

**Defendant**

**Bayer Cropscience, Inc.**
*successor to Amchem Products, Inc.*

**Defendant**

**Enpro Industries Inc.**
*individually and as successor-in-
interest to Anchor Packing Company*

**Defendant**

**Hopeman Brothers, Inc.**

**Defendant**

**SB Decking, Inc.**
*formerly known as*
Selby, Battersby & Company

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**Hamilton Materials, Inc.**

**Defendant**

**Hanson Permanente Cement Inc**
*formerly known as*
Kaiser Cement Corporation

**Defendant**

**Kaiser Gypsum Co., Inc.**

**Defendant**

**Kelly-Moore Paint Company, Inc.**

**Defendant**

**Eaton Aeroquip LLC**

**Defendant**

**Pneumo-Abex Corporation**
*successor-in-interest to Abex
Corporation*

**Defendant**

**Honeywell International, Inc.,**
*formerly known as*
Allied Signal, Inc./The Bendix
Corporation

Defendant

**Borg-Warner Corporation**
*by its successor in interest, Borgwarner*
*Morse Tec, Inc.*

Defendant

**Bridgestone/Firestone North American Tire, LLC**

Defendant

Dana Companies, LLC                          represented by **Randall K. Bernard**
                                             Brydon Hugo & Parker
                                             135 Main Street, 18th Floor
                                             San Francisco, CA 94105
                                             415 808-0358
                                             Email: rbernard@bhplaw.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

Defendant
**Goodrich Corporation**

Defendant
**Federal-Mogul Asbestos Personal Injury Trust**
*as successor to Felt Products*
*Manufacturing Co.*

Defendant
**Ford Motor Company**

Defendant
**General Motors Corporation**

Defendant
**International Truck and Engine Coporation**

Defendant
**Navistar Inc.**

Defendant
**Goodyear Tire & Rubber Company, The**                          represented by **Bethany Ann Stahley**
                                             Gordon & Rees

275 Battery Street, Suite 2000
San Francisco, CA 94111
(415) 986-5900
Email: bstahley@gordonrees.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Aircraft Braking Systems
Corporation**

**Defendant**

**Meggitt Aircraft Braking Systems
Coporation**

**Defendant**

**Parker-Hannifin Corporation**
*as successor to FIS and Cali-Block*

**Defendant**

**Curtiss-Wright Corporation**                  represented by **Deborah Ann Smith**
                                                Gordon & Rees LLP
                                                275 Battery Street
                                                Suite 2000
                                                San Francisco, CA 94111
                                                415-986-5900
                                                Fax: 415-986-8054
                                                Email: dasmith@gordonrees.com
                                                *ATTORNEY TO BE NOTICED*

                                                **Kathryn Jean LaFevers**
                                                275 Battery St., Ste.2000
                                                San Francisco, CA 94111
                                                415-956-5900
                                                Email: klafevers@gordonrees.com
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**McDonnell Douglas Corporation**
*individually and as successor-in-
interest to Douglas Aircraft Company,
Inc.*

**Defendant**

**Eaton Corporation**

**Defendant**

**United Technologies Corporation**             represented by **John Karry Son**
*formerly known as*                             Tucker Ellis & West LLP
Pratt & Whitney, Inc.                           515 S. Flower St.

Forty Second Floor
Los Angeles, CA 90071
213-430-3310
Fax: 213-430-3409
Email: john.son@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Lance D. Wilson**
Tucker Ellis & West LLP
135 Main Street
Suite 700
San Francisco, CA 94105
(415) 617-2400
Fax: (415) 617-2409
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pratt & Whitney Power Systems, Inc.**

**Defendant**

**Vought Aircraft Industries, Inc.**

**Defendant**

**Hawker Beechcraft Corporation**          represented by **Susan A. Ogdie**
Brown Eassa & McLeod LLP                               Brown Eassa & McLeod, LLP
1999 Harrison Street                                   1999 Harrison Street
18th Floor                                             18th Floor
Oakland, CA 94612                                      Oakland, CA 94612
(510) 444-3131                                         510-444-3131
                                                       Fax: 510-839-7940
                                                       Email: sogdie@browneassa.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Schneider Electric USA, Inc. f/k/a**      represented by **Brendan John Tuohy**
**Square D Company**                                    K&L GATES, LLP
                                                        4 Embarcadero Ctr 12th Fl
                                                        San Francisco, CA 94111
                                                        415-249-1077
                                                        Fax: 415-882-8220
                                                        Email: brendan.tuohy@klgates.com
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Continental Motors, Inc.**               represented by **Will Spencer Skinner**
                                                        Drinker Biddle & Reath LLP
                                                        333 South Grand Avenue
                                                        Suite 1700
                                                        Los Angeles, CA 90071-1504

213-253-2300
Fax: 213-253-2301
Email: skinner@dcforestlawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Boeing Company**                     represented by **Bo W. Kim**
*Defendant, The Boeing Company*                        Perkins Coie LLP
                                                       1888 Century Park East
                                                       Suite 1700
                                                       Los Angeles, CA 90067-1721
                                                       310-788-3255
                                                       Fax: 310-843-1284
                                                       Email: bkim@perkinscoie.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/08/2011 | 1 | NOTICE OF REMOVAL from San Francisco Superior Court. Their case number is CGC-09-275218. (Filing fee $350 receipt number 34611061941). Filed byUnited Technologies Corporation. (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 |  | CASE DESIGNATED for Electronic Filing. (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 | 2 | Certificate of Interested Entities by United Technologies Corporation (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 | 3 | NOTICE of Pendency of Other Action or Proceeding by United Technologies Corporation (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 | 4 | CERTIFICATE OF SERVICE by United Technologies Corporation (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 10/12/2011. Case Management Conference set for 10/19/2011 01:30 PM. (Attachments: # 1 Standing Order)(vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/08/2011 | 6 | NOTICE of Tag-Along Action by United Technologies Corporation (vlk, COURT STAFF) (Filed on 7/8/2011) (Entered: 07/12/2011) |
| 07/15/2011 | 7 | *Defendant Hawker Beechcraft Corporation's* ANSWER to Complaint *for Damages (Wrongful Death and Survival - Asbestos)* byHawker Beechcraft Corporation. (Ogdie, Susan) (Filed on 7/15/2011) (Entered: 07/15/2011) |
| 07/15/2011 | 8 | Declination to Proceed Before a U.S. Magistrate Judge by Hawker Beechcraft Corporation. (Ogdie, Susan) (Filed on 7/15/2011) (Entered: 07/15/2011) |
| 07/15/2011 | 9 | *Defendant Schneider Electric USA, Inc.'s Answer to Amended Complaint* |

| | | ANSWER to Complaint with Jury Demand bySchneider Electric USA, Inc. f/k/a Square D Company. (Tuohy, Brendan) (Filed on 7/15/2011) (Entered: 07/15/2011) |
|---|---|---|
| 07/15/2011 | 10 | MOTION to Dismiss for Lack of Prosecution filed by Curtiss-Wright Corporation. Motion Hearing set for 9/8/2011 11:00 AM in Courtroom 4, 3rd Floor, Oakland before Magistrate Judge Donna M. Ryu. Responses due by 7/29/2011. Replies due by 8/5/2011. (Attachments: # 1 Declaration Declaration in Support of Motion to Dismiss, # 2 Proposed Order Proposed Order to Motion to Dismiss)(Smith, Deborah) (Filed on 7/15/2011) (Entered: 07/15/2011) |
| 07/15/2011 | 11 | Joinder by Curtiss-Wright Corporation. (Attachments: # 1 Exhibit Specially Appearing Defendant Curtiss-Wright Corporation's Notice of Related Cases, # 2 Exhibit Specially Appearing Defendant Curtiss-Wright Corporation's Notice of Tag-Along Action, # 3 Exhibit Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge)(Smith, Deborah) (Filed on 7/15/2011) (Entered: 07/15/2011) |
| 07/15/2011 | 12 | Disclosure Statement filed by Curtiss-Wright Corporation. (Smith, Deborah) (Filed on 7/15/2011) Modified on 7/18/2011 (vlk, COURT STAFF). (Entered: 07/15/2011) |
| 07/15/2011 | 13 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (ig, COURT STAFF) (Filed on 7/15/2011) (Entered: 07/18/2011) |
| 07/19/2011 | 14 | ANSWER to Complaint with Jury Demand byContinental Motors, Inc.. (Skinner, Will) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/19/2011 | 15 | Certificate of Interested Entities by Continental Motors, Inc. identifying Corporate Parent Technify Motor (USA) Inc. for Continental Motors, Inc.. (Skinner, Will) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/19/2011 | 16 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Susan Illston for all further proceedings. Magistrate Judge Donna M. Ryu no longer assigned to the case. Signed by the Executive Committee on July 19, 2011. (cjl, COURT STAFF) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/19/2011 | 17 | NOTICE by Viacom, Incorporated *of Filing State Court Answer to Complaint and Jury Demand* (Attachments: # 1 Exhibit A - CBS's Answer to Complaint, # 2 Exhibit B - CBS' Demand for Jury Trial)(Jamison, Kevin) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/19/2011 | 18 | Certificate of Interested Entities by Viacom, Incorporated re 17 Notice (Other) *Pursuant to FRCP Rule 7.1* (Jamison, Kevin) (Filed on 7/19/2011) (Entered: 07/19/2011) |
| 07/19/2011 | 19 | NOTICE by Viacom, Incorporated *of Related Cases* to MDL proceedings. (Jamison, Kevin) (Filed on 7/19/2011) Modified on 7/21/2011 (ysS, COURT STAFF). (Entered: 07/19/2011) |
| 07/22/2011 | 20 | NOTICE by General Electric Company *OF REFILING STATE COURT ANSWER TO COMPLAINT FOR DAMAGES* (Gardiner, Katherine) (Filed on 7/22/2011) (Entered: 07/22/2011) |

| 07/22/2011 | 21 | Certificate of Interested Entities by General Electric Company (Gardiner, Katherine) (Filed on 7/22/2011) (Entered: 07/22/2011) |
|---|---|---|
| 07/22/2011 | 22 | First MOTION to Remand *Case to California Superior Court* filed by Patti Donlon. Motion Hearing set for 8/26/2011 09:00 AM in Courtroom 10, 19th Floor, San Francisco before Hon. Susan Illston. Responses due by 8/5/2011. Replies due by 8/12/2011. (Attachments: # 1 Supplement MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, # 2 Declaration DECLARATION OF KATHERINE Y. WANG IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, # 3 Proposed Order [PROPOSED] ORDER, # 4 Certificate/Proof of Service PROOF OF SERVICE)(Wang, Katherine) (Filed on 7/22/2011) (Entered: 07/22/2011) |
| 07/25/2011 | 23 | Joinder *in Defendant United Technologies Corporation's Notice of Removal* by The Boeing Company. (Attachments: # 1 Declaration of Bo W. Kim in Support of Defendant The Boeing Company's Joinder in Defendant United Technologies Corporation's Notice of Removal of Action Under 28 U.S.C. 1442(a)(1))(Kim, Bo) (Filed on 7/25/2011) (Entered: 07/25/2011) |
| 07/25/2011 | 24 | NOTICE by The Boeing Company *of Pendency of Other Action or Proceeding* (Kim, Bo) (Filed on 7/25/2011) (Entered: 07/25/2011) |
| 07/25/2011 | 25 | NOTICE by The Boeing Company *of Tag Along* (Kim, Bo) (Filed on 7/25/2011) (Entered: 07/25/2011) |
| 07/25/2011 | 26 | ANSWER to Complaint *for Wrongful Death and Loss of Consortium-Asbestos* byThe Boeing Company. (Kim, Bo) (Filed on 7/25/2011) (Entered: 07/25/2011) |
| 07/26/2011 | 27 | ORDER OF RECUSAL (SI, COURT STAFF) (Filed on 7/26/2011) (Entered: 07/26/2011) |
| 07/28/2011 | 28 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeffrey S. White for all further proceedings.. Judge Hon. Susan Illston no longer assigned to the case. Signed by Executive Committee on 7/28/11. (mab, COURT STAFF) (Filed on 7/28/2011) (Entered: 07/28/2011) |
| 07/28/2011 | 29 | INITIAL SCHEDULING CONFERENCE ORDER: Case Management Conference set for 10/28/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco. Case Management Statement due by 10/21/2011.. Signed by Judge Jeffrey S. White on 7/28/11. (jjoS, COURT STAFF) (Filed on 7/28/2011) (Entered: 07/28/2011) |
| 07/29/2011 | 30 | RESPONSE (re 10 MOTION to Dismiss for Lack of Prosecution ) *PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CURTISS-WRIGHT CORPORATION'S MOTION TO DISMISS FOR DELAY IN PROSECUTION* filed byPatti Donlon, Sean Donlon. (Attachments: # 1 Declaration DECLARATION OF MARCIE NELSON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT CURTISS-WRIGHT CORPORATION'S MOTION TO DISMISS FOR DELAY IN PROSECUTION, # 2 Declaration DECLARATION OF STEVEN |

| | | |
|---|---|---|
| | | M. HAROWITZ IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT CURTISS-WRIGHT CORPORATION'S MOTION TO DISMISS FOR DELAY IN PROSECUTION, # 3 Proposed Order [PROPOSED] ORDER DENYING DEFENDANT CURTISS-WRIGHT CORPORATION'S MOTION TO DISMISS FOR DELAY IN PROSECUTION, # 4 Certificate/Proof of Service PROOF OF SERVICE) (Harowitz, Steven) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 07/29/2011 | 31 | Second MOTION to Dismiss *for Delay in Prosecution* filed by Curtiss-Wright Corporation. Motion Hearing set for 10/7/2011 09:00 AM in Courtroom 11, 19th Floor, San Francisco before Hon. Jeffrey S. White. Responses due by 8/12/2011. Replies due by 8/19/2011. (Smith, Deborah) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 07/29/2011 | 32 | Declaration of Kathryn J. LaFevers *in Support of Defendant Curtiss-Wright Corporation's Motion to Dismiss for Delay in Prosecution* filed byCurtiss-Wright Corporation. (Smith, Deborah) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 07/29/2011 | 33 | Proposed Order *Granting Defendant Curtiss-Wright Corporation's Motion to Dismiss for Delay in Prosecution* by Curtiss-Wright Corporation. (Smith, Deborah) (Filed on 7/29/2011) (Entered: 07/29/2011) |
| 08/01/2011 | 34 | Certificate of Interested Entities by Dana Companies, LLC identifying Corporate Parent A.W.Chesterton Company, Corporate Parent Asbestos Corporation, Ltd., Other Affiliate General Motors Corporation, Other Affiliate Kelly-Moore Paint Company, Inc., Other Affiliate McDonnell Douglas Corporation, Other Affiliate J T Thorpe & Son, Inc., Other Affiliate Eaton Corporation, Other Affiliate Georgia-Pacific Corporation, Other Affiliate Borg-Warner Corporation, Other Affiliate Quintec Industries, Inc., Other Affiliate Thomas Dee Engineering Company, Other Affiliate General Electric Company, Other Affiliate Swinerton Builders, Other Affiliate SB Decking, Inc., Other Affiliate Hopeman Brothers, Inc., Other Affiliate Honeywell International Inc., Other Affiliate Metropolitan Life Insurance Comany, Other Affiliate Bridgestone Firestone North American Tire, LLC, Other Affiliate Crown Cork & Seal, Other Affiliate Viacom, Incorporated, Other Affiliate Vought Aircraft Industires, Inc., Other Affiliate Allis-Chalmers Corporation Product Liability Trust, Other Affiliate Bayer Cropscience, Inc., Other Affiliate Navistar, Inc., Other Affiliate Kaiser Gypsum Co., Inc., Other Affiliate Enpro Industries Inc., Other Affiliate Trane U.S. Inc., Other Affiliate Eaton Aeroquip LLC, Other Affiliate International Truck and Engine Coporation, Other Affiliate Pratt & Whitney Power Systems, Inc., Other Affiliate Federal Mogul Asbestos Personal Injury Trust, Other Affiliate Ford Motor Company, Other Affiliate Union Carbide Corporation, Other Affiliate Hanson Permanente Cement Inc., Other Affiliate The Goodyear Tire & Rubber Company, Other Affiliate Owens-Illinois Corporation, Other Affiliate Soco-Lynch Corporation, Other Affiliate American Standard, Inc., Other Affiliate United Technologies Corporation, Other Affiliate AC And S, Inc., Other Affiliate Goodrich Corporation, Other Affiliate Garlock Sealing Technologies, LLC, Other Affiliate Curtiss-Wright Corporation, Other Affiliate Hamilton Materials, Inc., Other Affiliate Parker-Hannifin Corporation, Other Affiliate |

| | | Pneumo-Abex Corporation for Dana Companies, LLC. (Bernard, Randall) (Filed on 8/1/2011) (Entered: 08/01/2011) |
|---|---|---|
| 08/01/2011 | 35 | NOTICE by Dana Companies, LLC re 34 Certificate of Interested Entities,,,,,,,, (Bernard, Randall) (Filed on 8/1/2011) (Entered: 08/01/2011) |
| 08/01/2011 | 36 | NOTICE by Dana Companies, LLC re 35 Notice (Other), 34 Certificate of Interested Entities,,,,,,,, *Notice of Refiling State Court Answer to Complaint* (Bernard, Randall) (Filed on 8/1/2011) (Entered: 08/01/2011) |
| 08/01/2011 | 37 | NOTICE by Dana Companies, LLC re 35 Notice (Other), 34 Certificate of Interested Entities,,,,,,,, 36 Notice (Other) *Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1* (Attachments: # 1 Certificate/Proof of Service)(Bernard, Randall) (Filed on 8/1/2011) (Entered: 08/01/2011) |
| 08/05/2011 | 38 | Statement *FEDERAL RULE OF CIVIL PROCEDURE 7.1 DISCLOSURE STATEMENT* by Goodyear Tire & Rubber Company, The. (Stahley, Bethany) (Filed on 8/5/2011) (Entered: 08/05/2011) |
| 08/05/2011 | 39 | REPLY (re 31 Second MOTION to Dismiss *for Delay in Prosecution* ) filed byCurtiss-Wright Corporation. (LaFevers, Kathryn) (Filed on 8/5/2011) (Entered: 08/05/2011) |
| 08/05/2011 | 40 | Statement *Disclosure Statement and Certification of Interested Parties* by Hawker Beechcraft Corporation. (Ogdie, Susan) (Filed on 8/5/2011) (Entered: 08/05/2011) |
| 08/05/2011 | 41 | Second MOTION to Remand *THIS CASE TO CALIFORNIA SUPERIOR COURT* filed by Patti Donlon, Sean Donlon. Motion Hearing set for 10/7/2011 09:00 AM in Courtroom 11, 19th Floor, San Francisco before Hon. Jeffrey S. White. Responses due by 8/19/2011. Replies due by 8/26/2011. (Attachments: # 1 Supplement MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS CASE TO CALIFORNIA SUPERIOR COURT, # 2 Declaration DECLARATION OF STEVEN M. HAROWITZ IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS CASE TO CALIFORNIA SUPERIOR COURT, # 3 Proposed Order [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO REMAND THIS CASE TO CALIFORNIA SUPERIOR COURT, # 4 Certificate/Proof of Service PROOF OF SERVICE)(Harowitz, Steven) (Filed on 8/5/2011) (Entered: 08/05/2011) |
| 08/08/2011 | 42 | ORDER DIRECTING PARTIES TO FILE A STATUS REPORT. Signed by Judge Jeffrey S. White on 8/8/11. (jjoS, COURT STAFF) (Filed on 8/8/2011) (Entered: 08/08/2011) |
| 08/08/2011 | 43 | Statement *FEDERAL RULE OF CIVIL PROCEDURE RULE 7.1 DISCLSOURE* by Schneider Electric USA, Inc. f/k/a Square D Company. (Tuohy, Brendan) (Filed on 8/8/2011) (Entered: 08/08/2011) |

| **PACER Service Center** |
|---|
| **Transaction Receipt** |

| 08/08/2011 16:53:08 | | | |
|---|---|---|---|
| **PACER Login:** wa1345 | | **Client Code:** | 2120 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-03376-JSW |
| **Billable Pages:** 8 | | **Cost:** | 0.64 |