**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

*Patti Donlon, Individually and as Successor-in-Interest to the Estate of Patrick Donlon, Decedent, Sean Donlon, and Does One through Ten, Inclusive v. AC and S, Inc., et al.,* N.D. California, C. A. No. 3:11-cv-03376-JSW

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-424) OR IN THE ALTERNATIVE TO CONTINUE CTO-424 PENDING A RULING ON PLAINTIFFS' MOTION TO REMAND IN THE DISTRICT COURT**

The United States Judicial Panel on Multidistrict Litigation, MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI), having considered the papers filed and all evidence presented, hereby GRANTS Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-424) based on the following grounds:

1. A decision on whether to transfer this action to the Eastern District of Pennsylvania is not ripe for adjudication because Plaintiffs have timely filed a motion to remand this action to state court.  Plaintiffs' Motion for Remand is pending in the transferee district court located in the Northern District of California.  Should the district court remand this action to state court, an order transferring this action to the Eastern District of Pennsylvania would be unnecessary and moot.

2. Defendants United Technologies Corporation, Curtiss-Wright Corporation and The Boeing Company ("Defendants") cannot invoke the federal contractor defense pursuant to 28 U.S.C. §1442(a)(1) and therefore does not have a colorable federal defense in this action.  Federal officer jurisdiction is unavailable in state law failure to warn cases such as this case.  <u>Boyle v. United Technologies Corp</u>., 487 U.S. 500 (1988).

3. Defendants present no evidence that the government directed them not to warn about the dangers of asbestos in the products purchased by the government. The only evidence offered by defendant United Technologies Corporation, via Allan Shiffler's declaration is based on speculation regarding what the United States Navy might have done.  <u>Holdren v. Buffalo Pumps, Inc</u>., 614 F.Supp.2d 129 (D. Mass. 2009.), followed by <u>Lindenmayer v. Allied Packing & Supply, Inc</u>., 2010 WL 234906 (N.D.Cal., Jan. 14, 2010).  United Technologies Corporation's evidence further shows that the asbestos containing products at issue in this matter are not critical "military equipment," but are rather stock non-critical that the military could have purchased from other sources.  <u>In Re: Hawaii Federal Asbestos Cases, 960 F.2d 806, 813</u> (9th cir. 1991).

4. Even if the asbestos products at issue were considered "military equipment," Defendants fail to set forth a single piece of evidence that they incorporated asbestos materials into their aircraft engines and failed to warn of its dangers at the direction of

a Naval officer.  Such evidence is required to support the government contractor defense upon which Defendants rely to establish a colorable federal defense.  <u>Boyle v. United Tech. Corp</u>, 487 U.S. 500(1988).  Without such evidence, Defendants cannot and have not proved a causal nexus between Plaintiffs' state law failure to warn claims and their acts allegedly undertaken at the direction of a federal officer and remand is required.  <u>Hilbert v. McDonnell Douglas Corp</u>. 529 F.Supp.2d 187 (D.Mass., 2008)

Therefore, the Judicial Panel, hereby VACATES CTO-424, to enable the district court to hear and issue a ruling on Plaintiffs' pending motion to remand this case to state court.

Alternatively, the Judicial Panel defers the decision on the transfer of this action and continue the conditional transfer of this case to a date after the Northern District Court of California has issued its ruling on Plaintiffs' Motion to Remand this action to state court.  Plaintiffs' Motion to Remand is set for hearing on October 7, 2011 before the Honorable Jeffrey S. White.

**IT IS SO ORDERED.**

Dated: _____       _____
                                                                      JUDGE OF THE JUDICIAL PANEL ON
                                                                      MULTIDISTRICT LITIGATION

---

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-424)**
PAGE 3