(Ex), DISCOVERY, MANADR

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:11-cv-06438-JHN -E

| | |
|---|---|
| Clifford Kiener et al v. Air and Liquid Systems Corporation et al | Date Filed: 08/05/2011 |
| Assigned to: Judge Jacqueline H. Nguyen | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Charles F. Eick | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Superior Court of CA Los Angeles County, BC466081 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

**Plaintiff**

| | | |
|---|---|---|
| **Clifford Kiener** | represented by | **Jennifer L Bartlett** |

Simon Eddins and Greenstone LLP
301 E Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Robert Allen Green**
Simon Eddins & Greenstone LLP
301 East Ocean Boulevard Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: rgreen@seglaw.com
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
Simon Eddins and Greenstone LLP
301 East Ocean Blvd Suite 1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: reddins@seglaw.com

*ATTORNEY TO BE NOTICED*

**Stuart J Purdy**
Simon Eddins and Greenstone LLP
301 East Ocean Boulevard Suite
1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
*ATTORNEY TO BE NOTICED*

**Tyson Brannan Gamble**
Simon Eddins & Greenstone LLP
301 East Ocean Boulevard Suite
1950
Long Beach, CA 90802
562-590-3400
Fax: 562-590-3412
Email: tgamble@seglaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Darlene Kiener**                          represented by   **Jennifer L Bartlett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Allen Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stuart J Purdy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyson Brannan Gamble**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air and Liquid Systems
Corporation**
*(sued as successor-by-merger to
Buffalo Pumps, Inc.)*

**Defendant**

**Elliott Turbo Machinery
Company**
*also known as*
Elliott Company

**Defendant**

**John Crane Inc**

**Defendant**

**Syd Carpenter Marine Contractor
Inc**

**Defendant**

| | |
|---|---|
| **Viad Corporation**<br>*formerly known as*<br>The Dial Corporation (sued<br>individually and as successor-in-<br>interest to Griscom-Russell<br>Company) | represented by **Peter B Langbord**<br>Foley & Mansfield PLLP<br>300 South Grand Avenue Suite 2800<br><br>Los Angeles, CA 90071<br>213-283-2100<br>Fax: 213-283-2101<br>Email:<br>plangbord@foleymansfield.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/05/2011 | 1 | NOTICE OF REMOVAL from the Superior Court of CA, Los Angeles County, case number BC466081 with CONFORMED copies of summons and complaint. Case assigned to Judge Jacqueline H. Nguyen, discovery to Magistrate Judge Charles F Eick; (Filing fee $ 350 PAID ); filed by defendant Viad Corporation.(esa) (Entered: 08/05/2011) |
| 08/05/2011 | | PROOF OF SERVICE Executed by Plaintiff Clifford Kiener, Darlene Kiener, upon Defendant Viad Corporation served on 7/27/2011. Service of |

| | | |
|---|---|---|
| | | the Summons and Complaint were executed upon Nancy Flores, CT Corporation System, agent authorized to receive service in compliance with statute not specified by service on a domestic corporation. Original Summons NOT returned. (esa) (Entered: 08/05/2011) |
| 08/05/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Viad Corporation.(esa) (Entered: 08/05/2011) |
| 08/05/2011 | 2 | CERTIFICATION AND NOTICE OF INTERESTED PARTIES filed by defendant Viad Corporation. (esa) (Entered: 08/05/2011) |
| 08/05/2011 | 3 | NOTICE OF RELATED CASES filed by defendant Viad Corporation. Related Case(s): CV 07-8338 VBF (RCx); CV 08-0118 R (JTLx); CV 08-0248 R (PLAx); [SEE DOCUMENT FOR MORE] (esa) (Entered: 08/05/2011) |
| 08/05/2011 | 4 | NOTICE OF RE-FILING STATE COURT ANSWER TO COMPLAINT filed by defendant Viad Corporation. (esa) (Entered: 08/05/2011) |
| 08/05/2011 | 5 | NOTICE OF TAG-ALONG ACTION filed by defendant Viad Corporation. (esa) (Entered: 08/05/2011) |
| 08/05/2011 | 6 | CERTIFICATE OF SERVICE OF DOCUMENTS filed by defendant Viad Corporation, re Notice (Other) 5 , Notice (Other) 4 , Notice of Related Case(s) 3 , Notice of Removal, 1 , Certificate/Notice of Interested Parties 2 served on 8/5/11. (esa) (Entered: 08/05/2011) |
| 08/05/2011 | 7 | NOTICE TO PARTIES OF ADR PROGRAM filed.(esa) (Entered: 08/05/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/08/2011 10:14:54 | | |
| **PACER Login:** | fm1158 | **Client Code:** | 8027-0055 |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-06438-JHN-E End date: 8/8/2011 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

1 RON C. EDDINS, CA Bar No. 243581
2 JENNIFER L. BARTLETT, CA Bar No. 183154
  ROBERT A. GREEN, CA Bar No. 216116
3 STUART J. PURDY, CA Bar No. 239878
  TYSON B. GAMBLE, CA Bar No. 266677
4 **SIMON, EDDINS & GREENSTONE, LLP**
  301 E. Ocean Blvd., Ste. 1950
5 Long Beach, California 90802
  Telephone (562) 590-3400
6 Facsimile (562) 590-3412

7 Attorneys for Plaintiffs

8

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 22 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Eugena Juliano

9 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 **FOR THE COUNTY OF LOS ANGELES**

11                                    BC466081

| | |
|---|---|
| 12 **CLIFFORD KIENER and DARLENE**<br>**KIENER** ) | Case No. |
| 13                         Plaintiffs, ) | THIS ACTION CONSTITUTES COMPLEX<br>ASBESTOS LITIGATION – SUBJECT TO THE |
| 14                 vs. ) | GENERAL ORDERS CONTAINED IN FILE NO.<br>C 700000 – DEPT. 59 |
| 15 ) | |
| 16 **AIR & LIQUID SYSTEMS** ) | **COMPLAINT FOR PERSONAL INJURY –**<br>**ASBESTOS (NEGLIGENCE; STRICT** |
| 17 **CORPORATION** (sued as successor-by-<br>merger to BUFFALO PUMPS, INC.); ) | **LIABILITY; LOSS OF CONSORTIUM)** |
| 18 **ELLIOTT TURBO MACHINERY**<br>**COMPANY** a/k/a ELLIOTT COMPANY; ) | |
| 19 **JOHN CRANE, INC.;** ) | |
| 20 **SYD CARPENTER, MARINE**<br>**CONTRACTOR, INC.;** ) | |
| 21 **VIAD CORPORATION** f/k/a THE DIAL<br>CORPORATION (sued individually and as ) | |
| 22 successor-in-interest to GRISCOM-<br>RUSSELL COMPANY) ) | |
| 23                       Defendants. ) | |

24

25

26

27

28

1

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

GENERAL ALLEGATIONS

COME NOW Plaintiffs **CLIFFORD KIENER** and **DARLENE KIENER** (hereinafter "Plaintiffs") and complain and allege as follows:

1.      At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants **AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.); **ELLIOTT TURBO MACHINERY COMPANY** a/k/a ELLIOTT COMPANY; **JOHN CRANE, INC.; SYD CARPENTER, MARINE CONTRACTOR, INC.** and **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY), were individuals, corporations, partnerships and/or unincorporated associations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said Defendants have regularly conducted business in the County of Los Angeles, State of California.

2.      Plaintiffs allege herein that Plaintiff CLIFFORD KIENER developed lung cancer as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing products and/or products designed to be used in association with asbestos products ("Defendants' Products"), including: **AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to BUFFALO PUMPS, INC.) (for Buffalo pumps); **ELLIOTT TURBO MACHINERY COMPANY** a/k/a ELLIOTT COMPANY (for deaerating feed system); **JOHN CRANE, INC.** (for gaskets and packing); **SYD CARPENTER, MARINE CONTRACTOR, INC.** (as an insulation and decking contractor); and **VIAD CORPORATION** f/k/a THE DIAL CORPORATION (sued individually and as successor-in-interest to GRISCOM-RUSSELL COMPANY) (for Griscom-Russell fuel oil heaters and distilling plants).

3.      Plaintiffs hereby disclaim any cause of action or claim for recovery that could give rise

2

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

to federal subject matter jurisdiction or removal under 28 U.S.C. § 1442, subdivision (a)(1). Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any exposure to asbestos caused by any Defendant acting under the authority of a federal officer or agency.

## FIRST CAUSE OF ACTION

### (Negligence)

PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:

5. Plaintiffs incorporate herein by reference, as though fully set forth therein, the general allegations set forth above.

6. At all times herein mentioned, each of the named Defendants was the successor, successor-in-business, successor-in-product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos, and/or products designed to cut, saw or otherwise manipulate and products containing asbestos, including but not limited to, those products identified in paragraph 3 above. Said entities shall hereinafter collectively be called "alternate entities." Each of the herein named Defendants is liable for the tortious conduct of each successor, successor-in-business, successor-in-product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, repaired, marketed, warranted, re-branded, manufactured for others and advertised asbestos, and asbestos products and/or products designed to cut, saw or otherwise manipulate, products containing asbestos. The following Defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; Defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; Defendants, and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity"; each such Defendant

3

has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such Defendant enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AIR & LIQUID SYSTEMS CORPORATION | BUFFALO PUMPS, INC. |
| ELLIOTT TURBO MACHINERY COMPANY | ELLIOTT COMPANY |
| VIAD CORPORATION | THE DIAL CORPORATION<br>GRISCOM-RUSSELL COMPANY |

7.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos products and/or products designed to cut, saw or otherwise manipulate products containing asbestos   (hereinafter Defendants' Products).

8.     At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff CLIFFORD KIENER herein (hereinafter collectively called "exposed person").   Said products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed person".   Plaintiffs herein allege that CLIFFORD KIENER was exposed

4

to asbestos that was caused to be released as a result of exposure to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-containing products"), were a substantial contributing factor in the development of his malignant lung cancer, and therefore proximately caused Plaintiff CLIFFORD KIENER's injuries.

9. Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each Defendant breached said duty of reasonable care in that Defendants, and each of them, failed to safely and adequately design, manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn "exposed person", including Plaintiff CLIFFORD KIENER, of the health hazards of using Defendants' products; failed to warn of the harmful exposures caused by use of said products to cut, saw or otherwise manipulate asbestos containing products; failed to disclose the known or knowable dangers of using Defendants' products; failed to obtain suitable alternative materials to asbestos when such alternatives were available; and as otherwise stated herein.

10. The Defendants' products were and are hazardous to the health and safety of Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, and since on or before 1930, the hazards and dangerous propensities of the Defendants' products were both known and knowable to the Defendants, their "alternate entities", and each of them, through the use of medical and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each of them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design, modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service, installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing for others, packaging and advertising, of those products, which clearly indicated the hazards and dangerous propensities of asbestos presented a substantial danger to users, including Plaintiff, CLIFFORD KIENER, of Defendants' Products through the intended and reasonably foreseeable use of those products.

11. Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

5

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

intended and reasonably foreseeable manner.

12.     Defendants, their "alternate entities", and each of them, knew, or reasonably should have known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," and/or used to cut, saw or otherwise manipulate products containing asbestos, or otherwise disturbed in their ordinary, intended and foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos fibers, and that through such activity, "exposed person," including Plaintiff CLIFFORD KIENER herein, would be exposed to said hazardous and dangerous asbestos fibers. Defendants, their "alternate entities", and each of them, knew or reasonably should have known that users, such as Plaintiff CLIFFORD KIENER and others in his position, working with and in close proximity to Defendants' Products would not realize or know the danger. Defendants, their "alternate entities," and each of them negligently failed to adequately warn or instruct of the dangers of the products. A reasonable designer, manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances, would have warned of the dangers to avoid exposing others to a foreseeable risk of harm. The negligent failure of Defendants, their "alternate entities," and each of them to warn was a substantial factor in causing harm to Plaintiff CLIFFORD KIENER.

13.     Plaintiff CLIFFORD KIENER used, handled, or was otherwise exposed to asbestos from Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants and each of them. Plaintiff's exposure to Defendants' Products occurred at various locations set forth in **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

14.     As a direct and proximate result of the conduct of the Defendants, their "alternate entities", and each of them, as aforesaid, Plaintiff CLIFFORD KIENER's exposure to asbestos from use of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure to Defendants' Products, are set forth in **Exhibit "B"**, which is attached hereto and incorporated by reference herein. Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to Defendants' Products over a period of time.

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

15.     Plaintiff CLIFFORD KIENER suffers from lung cancer, caused by exposure to asbestos from Defendants' Products and/or from the use of Defendants' Products to cut, saw or otherwise manipulate products containing asbestos including those products identified in paragraph 3 above. Plaintiff CLIFFORD KIENER was not aware at the time of exposure that Defendants' Products presented any risk of injury and/or disease.

16.     As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate entities," and each of them, Plaintiff CLIFFORD KIENER has suffered and will continue to suffer permanent injuries and future injuries to his person, body and health, including, but not limited to, pain, discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and other physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's lung cancer progresses, all to his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

17.     As a direct and proximate result of the aforesaid conduct of the Defendants, their "alternate entities", and each of them, Plaintiff CLIFFORD KIENER has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

18.     As a further direct and proximate result of the said conduct of the Defendants, their "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

19.     Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

(a)     Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff CLIFFORD KIENER, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.  Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

7

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   "exposed person", including Plaintiff CLIFFORD KIENER.

2   (b)   Defendants, their "alternate entities", and each of them, belonged to, participated in, and

3   financially supported industry organizations, including but not limited to the Gypsum Association,

4   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

5   of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

6   information about the dangers of asbestos to users of the aforementioned products and materials, thereby

7   misleading Plaintiff CLIFFORD KIENER as to the safety of their products.  Through their participation

8   and association with such industry organizations, Defendants and each of them knowingly and

9   deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

10   propagated misinformation intended to instill in users of Defendants' Products a false security about the

11   safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene

12   Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

13   control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos

14   and the dangers, which arise from the lack of control of dust, and such information was suppressed from

15   public dissemination from 1946 to a date unknown to Plaintiff CLIFFORD KIENER at this time;

16   (c)   Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

17   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

18   Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

19   medical and scientific information of the connection between the inhalation of asbestos fibers and

20   asbestosis, which information was disseminated through the Asbestos Textile Institute and other

21   industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

22   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

23   this information to consumers;

24   (d)   Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

25   CLIFFORD KIENER and others of the nature of said materials which were dangerous when breathed

26   and which could cause pathological effects without noticeable trauma, despite the fact that Defendants,

27   their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that

28   said materials were dangerous and a threat to the health of persons coming into contact therewith;

**8**

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

(e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff CLIFFORD KIENER with information concerning adequate protective masks and other equipment devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the Defendants, their "alternate entities", and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to Plaintiff CLIFFORD KIENER and others applying and installing such material;

(f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that Plaintiff CLIFFORD KIENER and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer;

(g)     Defendants, their "alternate entities", and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these material would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff CLIFFORD KIENER so that said physicians could not examine, diagnose, and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading.

20.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

21.     The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff CLIFFORD KIENER, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause asbestos to be released, and to cause severe, permanent injuries and death, despite possessing

9

knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom. Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

22. Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff CLIFFORD KIENER.

23. Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff CLIFFORD KIENER, to cruel and unjust hardship in the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

24. As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff CLIFFORD KIENER sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

25. Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

26. Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, CLIFFORD KIENER, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff CLIFFORD KIENER and others in Plaintiff's position working with and in close proximity to such products.

27.    Defendants' Products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," cut, sawed, installed, and/or used as intended, or used to cut, saw or manipulate products containing asbestos or otherwise disturbed, said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff CLIFFORD KIENER. The defect existed in all of said products when they left the possession of the Defendants, their "alternate entities," and each of them. At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the products were substantially the same as when they left the possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the products after they left the possession of Defendants, their "alternate entities", and each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos and asbestos products were used by Plaintiff CLIFFORD KIENER and others in Plaintiff's position working with and in close proximity to such products, in a way that was reasonably foreseeable to Defendants, and each of them. The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff CLIFFORD KIENER, including lung cancer, while being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

28.    As a direct and proximate result of the actions and conduct outlined herein, Defendants' Products failed to perform as safely as an ordinary consumer would have expected in that Defendants' products, and each of them, caused respirable asbestos fibers to be released from asbestos products during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that "exposed person", including

11

1   Plaintiff CLIFFORD KIENER, were unaware of the harmful effects of asbestos and further unaware of
2   the harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of
3   Defendants' products to perform as safely as Plaintiff CLIFFORD KIENER had reason to expect was a
4   substantial factor in causing his injuries.

5      29.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff
6   CLIFFORD KIENER has suffered the injuries and damages alleged herein.

7      30.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also
8   engaged in the following wrongful acts:

9      (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,
10  including Plaintiff CLIFFORD KIENER, medical and scientific information concerning the health
11  hazards associated with inhalation of asbestos, including the substantial risk of injury or death
12  therefrom.  Although Defendants, and each of them, knew of the substantial risks associated with
13  exposure to asbestos, they willfully and knowingly concealed such information from the users of their
14  asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of
15  "exposed person", including Plaintiff CLIFFORD KIENER.

16     (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and
17  financially supported industry organizations, including but not limited to the Gypsum Association,
18  Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf
19  of Defendants, their "alternate entities", and each of them, actively promoted the suppression of
20  information about the dangers of asbestos to users of the aforementioned products and materials, thereby
21  misleading Plaintiff CLIFFORD KIENER as to the safety of their products.  Through their participation
22  and association with such industry organizations, Defendants and each of them knowingly and
23  deliberately concealed and suppressed the true information regarding asbestos and its dangers, and
24  propagated misinformation intended to instill in users of Defendants' Products a false security about the
25  safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene
26  Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust
27  control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos
28  and the dangers, which arise from the lack of control of dust, and such information was suppressed from

12

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

1   public dissemination from 1946 to a date unknown to Plaintiff CLIFFORD KIENER at this time;

2            (c)      Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford
3   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and
4   Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed
5   medical and scientific information of the connection between the inhalation of asbestos fibers and
6   asbestosis, which information was disseminated through the Asbestos Textile Institute and other
7   industry organizations to all other Defendants, their "alternate entities", and each of them, herein.
8   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide
9   this information to consumers;

10           (d)      Defendants, their "alternate entities", and each of them, failed to warn Plaintiff
11  CLIFFORD KIENER and others of the nature of said materials which were dangerous when breathed
12  and which could cause pathological effects without noticeable trauma, despite the fact that Defendants,
13  their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that
14  said materials were dangerous and a threat to the health of persons coming into contact therewith;

15           (e)      Defendants, their "alternate entities", and each of them, failed to provide Plaintiff
16  CLIFFORD KIENER with information concerning adequate protective masks and other equipment
17  devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the
18  Defendants, their "alternate entities", and each of them, despite knowing that such protective measures
19  were necessary, and that they were under a duty to disclose that such materials were dangerous and
20  would result in injury to Plaintiff CLIFFORD KIENER and others applying and installing such material;

21           (f)      Defendants, their "alternate entities", and each of them, knew and failed to disclose that
22  Plaintiff CLIFFORD KIENER and anyone similarly situated, upon inhalation of asbestos would, in time,
23  have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, lung cancer
24  and/or cancer;

25           (g)      Defendants, their "alternate entities", and each of them, failed to provide information of
26  the true nature of the hazards of asbestos materials and that exposure to these material would cause
27  pathological effects without noticeable trauma to the public, including buyers, users, and physicians
28  employed by Plaintiff CLIFFORD KIENER so that said physicians could not examine, diagnose, and

13
**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate entities", and each of them, were under a duty to so inform and said failure was misleading; and

31.     Defendants, their "alternate entities", and each of them, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of them, and each Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

32.     The herein-described conduct of said Defendants, their "alternate entities", and each of them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed person," including Plaintiff CLIFFORD KIENER, in that Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards posed by use of their products, in order to continue to profit financially therefrom.  Defendants, their "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294.  Plaintiffs, for the sake of example and by way of punishing said Defendants, seek punitive damages according to proof.

33.     Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff CLIFFORD KIENER.

34.     Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff CLIFFORD KIENER, to cruel and unjust hardship in the form of sever, debilitating and fatal diseases like asbestosis, lung cancer and lung cancer, in conscious disregard of those persons' rights.

14

**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

35.    As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff CLIFFORD KIENER sustained the injuries and damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and their "alternate entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Loss of Consortium)

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF DARLENE KIENER COMPLAINS OF DEFENDANTS, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

40.    Plaintiff DARLENE KIENER incorporates by reference, each and every allegation contained in the general allegations and in the First, Second and Third Causes of Action herein.

41.    Plaintiffs CLIFFORD KIENER and DARLENE KIENER were married on February 24, 1961, and at all times relevant to this action were, and are now, husband and wife.

42.    Prior to Plaintiff CLIFFORD KIENER's injuries as alleged, he was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, Plaintiff CLIFFORD KIENER has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future. As a proximate result thereof, DARLENE KIENER has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

43.    Plaintiff DARLENE KIENER's discovery of this cause of her loss of consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

44.    As a direct and proximate result of the acts of Defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to Plaintiff CLIFFORD KIENER as set forth in this complaint, Plaintiff DARLENE KIENER has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort,

15

companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

44. WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and each of them, in an amount to be proved at trial in each individual case, as follows:

Plaintiff CLIFFORD KIENER:

1. For Plaintiff's general damages according to proof;
2. For Plaintiff's loss of income, wages, and earning potential according to proof;
3. For Plaintiff's medical and related expenses according to proof;

Plaintiff DARLENE KIENER:

4. For Plaintiff's damages for loss of consortium and/or society according to proof;

Plaintiffs CLIFFORD KIENER and DARLENE KIENER:

5. For Plaintiffs' cost of suit herein;
6. For exemplary or punitive damages according to proof;
7. For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related provisions of law.

DATED: July 22, 2011

SIMON, EDDINS & GREENSTONE, LLP

By: _____
JENNIFER L. BARTLETT
ROBERT A. GREEN
STUART J. PURDY
TYSON B. GAMBLE

Attorneys for Plaintiffs

16
COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4    DATED: July 22, 2011                **SIMON, EDDINS & GREENSTONE, LLP**

5

6                                        By: _____

7                                        JENNIFER L. BARTLETT
                                         ROBERT A. GREEN
                                         STUART J. PURDY
8                                        TYSON B. GAMBLE

9                                        Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY -- ASBESTOS

1

## EXHIBIT "A"

2

Plaintiff CLIFFORD KIENER's exposure to asbestos and asbestos-containing products occurred

3

at various locations within the State of California, including, but not limited to:

4

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
| --- | --- | --- | --- |
| United States Navy | USS Bon Homme Richard (CVA-31) San Diego, CA PSNS, Bremerton, WA | Engineering Officer | 1960 - 1962 |
| Shell Oil Company | Shell Distribution Plant Bedford Park, IL | Plant Manager | 1973 – 1977 |
| | Shell Chemical Plants in: Deer Park, TX Marietta, OH Woodbury, NJ Parsippany, NJ | Shell Chemical Distribution | 1977 – 1980 |
| | Shell service stations and distribution plants, Western US | Marketing Engineering Environmental Group | 1980 – 1983 |
| | Distribution Plant; Sewaren, NJ Woodriver Refinery; St. Louis, MO Shell Refinery; Anacortes, WA Martinez Refinery; San Francisco, CA Shell Refinery; Wilmington, LA | Corporate Environmental Compliance Rep | 1984 – 1987 |
| | Wilmington Refinery | Environmental Compliance Rep | 1990 - 1995 |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## EXHIBIT "B"

2

Plaintiff CLIFFORD KIENER's exposure to Defendants' Products caused severe and

3 permanent injury to Plaintiff CLIFFORD KIENER including, but not limited to, lung cancer.  Plaintiff

4 was diagnosed with lung cancer on or about June 28, 2011.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**19**
**COMPLAINT FOR PERSONAL INJURY – ASBESTOS**