## U.S. District Court
### Southern District of Illinois (East St. Louis)
### CIVIL DOCKET FOR CASE #: 3:11-cv-00520-DRH -PMF

Bradshaw v. Huntington Ingalls Industries, Inc. et al
Assigned to: Chief Judge David R. Herndon
Referred to: Magistrate Judge Philip M. Frazier
Demand: $75,000
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 06/14/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Angela Bradshaw**
*Administrator of the Estate of Patsy Warwick, Deceased*

represented by **Brian J Cooke**
Simmons Browder Gianaris Angelides & Barnerd LLC
One Court Street
Alton, IL 62002
618-259-2222
Fax: 618-259-2251
Email: bcooke@simmonsfirm.com
*ATTORNEY TO BE NOTICED*

**Karoline B Carstens**
Simmons Browder Gianaris Angelides & Barnerd LLC
One Court Street
Alton, IL 62002
318-259-2222
Fax: 618-259-2251
Email: kcarstens@simmonsfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Huntington Ingalls Industries, Inc.**
*a Delaware Corporation*

**Defendant**

**Northrop Gumman Corporation**
*a Delaware Corporation*

**Defendant**

**Northrop Gumman Shipbuilding, Inc.**
*a Virginia Corporation*

**Defendant**

Tenneco Inc.
*a Delaware Corporation*

represented by **Thomas L. Orris**
Williams Venker & Sanders LLC
Bank of America Tower
100 North Broadway, 21st Fl.
St. Louis, MO 63102
314-345-5000
Email: torris@wvslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 06/14/2011 | 1 | Case Opened. Filing fee due. Documents may now be electronically filed. Case number 11-520-DRH-PMF must be placed on all documents prior to filing them electronically. (Attachments: # 1 Notice and Consent to Proceed Before a Magistrate Judge)(slj) (Entered: 06/14/2011) |
| 06/17/2011 | 2 | COMPLAINT against Huntington Ingalls Industries, Inc., Northrop Gumman Corporation, Northrop Gumman Shipbuilding, Inc., Tenneco Inc. ( Filing fee $ 350 receipt number 0754-1436051.), filed by Angela Bradshaw. (Attachments: # 1 Civil Cover Sheet)(Cooke, Brian) (Entered: 06/17/2011) |
| 06/17/2011 | 3 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 2 Complaint, filed by Angela Bradshaw. Case number was not listed on caption of Complaint. Case number 11-cv-520-DRH-PMF should be listed on the caption of all future filings. This notice is for informational purposes only. No action required at this time. (drb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/17/2011) |
| 06/17/2011 | 4 | NOTICE of Appearance by Karoline B Carstens on behalf of Angela Bradshaw (Carstens, Karoline) (Entered: 06/17/2011) |
| 06/20/2011 | 5 | Summons Issued as to Huntington Ingalls Industries, Inc., Northrop Gumman Corporation, Northrop Gumman Shipbuilding, Inc. and Tenneco Inc. (slj) (Entered: 06/20/2011) |
| 07/14/2011 | 6 | SUMMONS Returned Executed by Angela Bradshaw. Huntington Ingalls Industries, Inc. served on 6/28/2011, answer due 7/19/2011. (Cooke, Brian) (Entered: 07/14/2011) |
| 07/14/2011 | 7 | SUMMONS Returned Executed by Angela Bradshaw. Northrop Gumman Corporation served on 6/28/2011, answer due 7/19/2011. (Cooke, Brian) (Entered: 07/14/2011) |
| 07/14/2011 | 8 | SUMMONS Returned Executed by Angela Bradshaw. Northrop Gumman Shipbuilding, Inc. served on 6/30/2011, answer due 7/21/2011. (Cooke, Brian) (Entered: 07/14/2011) |
| 07/14/2011 | 9 | SUMMONS Returned Executed by Angela Bradshaw. Tenneco Inc. served on 6/28/2011, answer due 7/19/2011. (Cooke, Brian) (Entered: 07/14/2011) |

| 07/19/2011 | 10 | NOTICE of Appearance by Thomas L. Orris on behalf of Tenneco Inc. (Orris, Thomas) (Entered: 07/19/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/05/2011 10:31:48 | | | |
| PACER Login: | he1697 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:11-cv-00520-DRH -PMF |
| Billable Pages: | 2 | Cost: | 0.16 |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

```
-------------------------------------------------- X
ANGELA BRADSHAW, Administrator of the         :    Judge
Estate of PATSY WARWICK, Deceased,
                                              :
         Plaintiff,                           :    COMPLAINT AND JURY
                                                   DEMAND
vs.                                           :    Civil Action No.: 11-520-DRH-PMF

HUNTINGTON INGALLS INDUSTRIES, INC.,
   A Delaware Corporation,

NORTHROP GRUMMAN CORPORATION,                 :
   A Delaware Corporation,

NORTHROP GRUMMAN SHIPBUILDING, INC.,
   A Virginia Corporation,

TENNECO INC.,                                 :
   A Delaware Corporation,
                                              :
         Defendants.
                                              :
-------------------------------------------------- X
```

## COMPLAINT

Plaintiff, ANGELA BRADSHAW, Administrator of the Estate of PATSY WARWICK, Deceased, ("Plaintiff") by and through her attorneys, SIMMONS BROWDER GIANARIS ANGELIDES & BARNERD, LLC, for her cause of action alleges as follows:

### JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to the Plaintiff exceeds $75,000.00, exclusive of interest and costs, and because Defendants are incorporated and have their principal places of business in states or countries other than the state in which the named individual Plaintiff resides.

1

## NATURE OF THE ACTION

1. This is an action for negligence and for willful and wanton misconduct brought by Plaintiff Angela Bradshaw, Administrator of the Estate of Patsy Warwick, Deceased, for damages associated with decedents exposure to asbestos from materials acquired and used by Defendants. As a result of her exposure to asbestos and asbestos containing products and materials, Decedent suffered injuries to her person including, but not limited to, mesothelioma and death.

## PARTIES

2. Plaintiff, Angela Bradshaw, is a resident and citizen of Andersonville, Tennessee in Anderson County. The Decedent, Patsy Warwick, was a resident and citizen of Andersonville, Tennessee in Anderson County at the time of her death.

3. Upon information and belief, Defendant **HUNTINGTON INGALLS INDUSTRIES, INC.**, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Virginia. It can be served at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4. Upon information and belief, Defendant **NORTHROP GRUMMAN CORPORATION**, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of California. It can be served at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5. Upon information and belief, Defendant **NORTHROP GRUMMAN**

2

**SHIPBUILDING, INC.**, is a corporation organized and existing under the laws of the State of Virginia with its principal place of business in the State of Virginia. It can be served at CT Corporation System, 4701 Cox Road, Ste 301, Glen Allen, VA 23060.

6. Upon information and belief, Defendant **TENNECO INC.**, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois. It can be served at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## FACTUAL BACKGROUND

7. Decedent's husband, Archie Warwick, was employed at Newport News Shipyard, located at/in Newport News, Virginia, as a carpenter and rigger from 1972 to 2007, while Decedent resided with her husband. Decedent's husband would on many occasions work with and around asbestos and asbestos-containing products and materials. Dust containing asbestos fibers, created by working with and around said asbestos and asbestos-containing products and materials, permeated the person and clothing of Decedent's husband. Said husband carried this dust into the home, family vehicles and other areas where it contaminated the same and thereafter continuously became airborne. As a result, Decedent was repeatedly exposed to, inhaled, ingested and otherwise absorbed asbestos fibers directly originating from said husband's employment at Newport News Shipyard.

8. As a direct and proximate result of said exposure to Defendant's asbestos, Decedent Patsy Warwick contracted an asbestos-related disease(s), including but not limited to, mesothelioma. Decedent first became aware that she suffered from said disease(s) on or about October 23, 2009, and, subsequently thereto, became aware that the

3

same was wrongfully caused. Decedent Patsy Warwick died on June 22, 2010. As a result of developing mesothelioma, Decedent Patsy Warwick endured great physical pain and suffering, mental anguish and emotional pain and suffering and ultimately died. Decedent Patsy Warwick was required to receive medical treatment to mitigate her asbestos related disease, incurring reasonable and necessary costs for medical care, diagnosis and treatment; was hindered and prevented from pursuing her normal course of employment, thereby losing sums of money which otherwise would have been accrued to her; and Decedent Patsy Warwick's estate was caused to incur the costs of her funeral and burial.

### FIRST CAUSE OF ACTION
### AS AGAINST ALL DEFENDANTS
### (NEGLIGENCE)

9. Plaintiff re-alleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

10. At all times relevant hereto, Defendant, **HUNTINGTON INGALLS INDUSTRIES, INC., NORTHROP GRUMMAN CORPORATION, NORTHROP GRUMMAN SHIPBUILDING, INC., and/or TENNECO INC**, owned, acquired, operated and/or controlled the Newport News facility at which Archie Warwick was employed.

11. While Decedent resided with her husband, Archie Warwick, Decedent's husband was employed by Defendant. Decedent Patsy Warwick was exposed to asbestos fiber emanating from asbestos-containing materials and raw asbestos present and being

4

used by Decedent's husband and others at Defendant's Newport News facility, which Decedent's husband carried home on his person and clothing. Decedent was exposed to and inhaled, ingested or otherwise absorbed the asbestos fibers carried home on the person and clothing of her husband.

12. As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Decedent contracted an asbestos-related disease(s), including but not limited to, mesothelioma. Decedent first became aware that she suffered from said disease(s) on or about October 23, 2009, and, subsequently thereto, became aware that the same was wrongfully caused. Decedent died on June 22, 2010.

13. Decedent's exposure to and inhalation, ingestion and/or absorption of said asbestos fibers was foreseeable and could or should have been anticipated by Defendant and each of them.

14. Defendant knew or should have known that asbestos is a hazardous, toxic and carcinogenic material and that exposure to asbestos fibers posed an unreasonable risk of harm to Decedent and others similarly situated.

15. Decedent and Decedent's husband were unaware and had no reasonable way to know or realize the risks of being exposed to asbestos. Defendant should have anticipated that Decedent and Decedent's husband did not know and would not discover or realize the risks of being exposed to asbestos fibers or the risks of carrying asbestos fibers home.

16. Defendant created an unreasonable risk of harm to Decedent and others similarly situated by its use of asbestos-containing products and materials. As a result of creating this risk of harm, it owed a duty to Decedent and others similarly situated to use ordinary care in conducting any operations and/or activities involving the use of asbestos-

5

containing products and/or materials to minimize or eliminate Decedent's exposure to asbestos.

17. Defendant breached its duties to Decedent and was negligent in one or more of the following respects:

    a. Specified/required/allowed the use/application/removal of asbestos-containing materials by Decedent's husband, and others, including co-workers of Decedent's husband and outside contractors, in the vicinity of Decedent's husband and/or in areas in the vicinity of Decedent's husband and/or in areas in which Decedent's husband performed work when it knew or should have known that the same could expose household members, including Decedent, to said asbestos fibers;

    b. Required Decedent's husband to perform work in the vicinity of those using/applying/removing asbestos-containing materials when it knew or should have known that the same could expose household members, including Decedent, to said asbestos fibers;

    c. Purchased/provided asbestos-containing materials to its employees, including but not limited to Decedent's husband, when it knew or should have known that the same could expose household members, including Decedent, to said asbestos fibers;

    d. Used and allowed the use of asbestos and/or asbestos-containing materials at its facility when it knew, or should have known, that non-asbestos substitutes were available;

    e. Used and allowed the use of asbestos and/or asbestos-containing materials at its facility without warning Decedent's husband of the risks associated therewith, including that Decedent and other husbands were being exposed to asbestos fibers and of the adverse health effects of such exposure;

    f. Used and allowed the use of asbestos and/or asbestos-containing materials at its facility without warning Decedent's husband that asbestos fibers were on his clothing and person when it knew or should have known that the same could expose household members, including Decedent, to said asbestos fibers;

    g. Failed to require and/or advise Decedent's husband, other employers and/or outside contractors to use safety equipment and practices designed to reduce the release of asbestos fibers;

h. Failed to require and/or advise its employees including Decedent's husband of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home;

i. Failed to provide equipment designed to contain asbestos fibers and reduce the risks of exposure to asbestos;

j. Failed to perform testing and/or otherwise monitor for the presence of asbestos in the air at its facility and the levels thereof, and/or to disclose to employees and others present, including Decedent's husband, the results of any such tests or monitoring.

18. As a direct and proximate result of one or more of the foregoing acts and/or omissions by Defendant, Decedent was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, causing Decedent to develop the aforementioned asbestos-related disease.

19. That as a direct and proximate result of one or more of the foregoing, Decedent was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent to develop the asbestos disease aforesaid, which ultimately led to her death and above mentioned damages.

20. By reason of the foregoing, Plaintiff, Angela Bradshaw Special Administrator of the Estate of Patsy Warwick, Deceased has been damaged as against the Defendants in a sum in excess of $75,000.00.

### SECOND CAUSE OF ACTION
### AS AGAINST ALL DEFENDANTS
### (WILLFUL AND WANTON MISCONDUCT)

21. The allegations in paragraphs One (1) through Twenty (20) are realleged and incorporated by reference within this Count.

7

22. Defendant had a duty to refrain from reckless, willful and wanton conduct in conducting operations and activities at said facility that involved the use of asbestos and/or asbestos-containing materials and to avoid in engaging in such conduct and activities that would subject Decedent and others similarly situated to a high risk of harm.

23. Defendants breached their duties to Decedent and Decedent's husband and acted willfully, wantonly, intentionally and/or in reckless disregard for Decedent's safety and health in one or more of the following respects:

  a. Intentionally or with a reckless disregard for the safety of Decedent and/or Decedent's husband, specified/required/allowed the use/application/removal of asbestos-containing materials by Decedent's husband, and others, including co-workers of Decedent's husband and outside contractors, in the vicinity of Decedent's husband and/or in areas in the vicinity of Decedent's husband and/or in areas in which Decedent's husband performed work when it knew or should have known that the same could expose household members, including Decedent, to said asbestos fibers;

  b. Intentionally or with a reckless disregard for the safety of Decedent and/or Decedent's husband, required Decedent's husband to perform work in the vicinity of those using/applying/ removing asbestos-containing materials when it knew or should have known that the same could expose household members, including Decedent, to said asbestos fibers;

  c. Intentionally or with a reckless disregard for the safety of Decedent and/or Decedent's husband, purchased/provided asbestos-containing materials to its employees, including but not limited to Decedent's husband, when it knew or should have known that the same could expose household members, including Decedent, to said asbestos fibers;

  d. Intentionally or with a reckless disregard for the safety of Decedent and/or Decedent's husband, used and allowed the use of asbestos and/or asbestos-containing materials at its facility when it knew, or should have known, that non-asbestos substitutes were available;

  e. Intentionally or with a reckless disregard for the safety of Decedent and/or Decedent's husband, used and allowed the use of asbestos and/or asbestos-containing materials at its facility without warning Decedent's husband of the risks associated therewith, including that

      Decedent and other husband were being exposed to asbestos fibers and of the adverse health effects of such exposure;

  f. Intentionally or with a reckless disregard for the safety of Decedent and/or Decedent's husband, used and allowed the use of asbestos and/or asbestos-containing materials at its facility without warning Decedent's husband that asbestos fibers were on his clothing and person when it knew or should have known that the same could expose household members, including Decedent, to said asbestos fibers;

  g. Intentionally or with a reckless disregard for the safety of Decedent and/or Decedent's husband, failed to require and/or advise Decedent's husband, other employers and/or outside contractors to use safety equipment and practices designed to reduce the release of asbestos fibers;

  h. Intentionally or with a reckless disregard for the safety of Decedent and/or Decedent's husband, failed to require and/or advise its employees including Decedent's husband of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home;

  i. Intentionally or with a reckless disregard for the safety of Decedent and/or Decedent's husband, failed to provide equipment designed to contain asbestos fibers and reduce the risks of exposure to asbestos;

  j. Intentionally or with a reckless disregard for the safety of Decedent and/or Decedent's husband, failed to perform testing and/or otherwise monitor for the presence of asbestos in the air at its facility and the levels thereof, and/or to disclose to employees and others present, including Decedent's husband, the results of any such tests or monitoring.

24. As a direct and proximate result of one or more of the foregoing willful, wanton, intentional and/or reckless acts and/or omissions by Defendants, Decedent was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, causing her to develop the aforementioned asbestos-related disease for which Plaintiff is entitled to recover damages.

25. In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendants and each of them, for their willful,

wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

26. By reason of the foregoing, Plaintiff, Angela Bradshaw, Special Administrator for the Estate of Patsy Warwick, Deceased has been damaged as against the Defendants in a sum in excess of $75,000.00.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against the Defendants on each of the above-referenced claims and Causes of Action and as follows:

1. Awarding compensatory damages to Plaintiff for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the Decedent, healthcare costs, funeral and related expenses, together with interest and costs as provided by law;

2. Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to the Decedent in an amount sufficient to punish Defendants and deter future similar conduct;

3. Awarding Plaintiff reasonable attorney's fees;

4. Awarding Plaintiff the costs of these proceedings; and,

5. Such other and further relief as this Court deems just and proper.

Dated: 6/14/2011

Respectfully Submitted,

/s/ *Brian J. Cooke*
Brian J. Cooke, #6288828
Karoline Carstens, #6289185
**SIMMONS, BROWDER, GIANARIS,
ANGELIDES, & BARNERD, LLC**
One Court Street
Alton, IL 62002
(618) 259-2222 (Tel.)
(618) 259-2251 (Fax)
bcooke@simmonsfirm.com
kcartens@simmonsfirm.com

**Attorneys for Plaintiff**