AO 440 (Rev. 12/09) Summons in a Civil Action

## UNITED STATES DISTRICT COURT
### for the
Northern District of California

*I do hereby depute and appoint ... my special deputy, to serve and execute the within writ. Witness my hand this ... Day of ...*

2011 JUL 11 A 9: 5

EMC

|  |  |
|---|---|
| MARJORIE FOUNDS, <br> *Plaintiff* | ) ) ) |
| v. | ) ) ) |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), et al., <br> *Defendants.* | ) ) ) ) |

**CV 11    2212**

Civil Action No. _____

10025682
7/15/11

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
SEE ATTACHED

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

David R. Donadio, Brayton❖Purcell LLP, 222 Rush Landing Road, Novato, California 94948-6169

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*
Richard W. Weiking

ANNA SPRINKLES

Date:    MAY  5 2011

_____
*Signature of Clerk of Court or Deputy Clerk*

## ATTACHMENT TO SUMMONS

FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)

GENERAL ELECTRIC COMPANY

NORTHROP GRUMMAN SHIPBUILDING, INC.

TODD SHIPYARDS CORPORATION

ASBESTOS CORPORATION LIMITED

METROPOLITAN LIFE INSURANCE COMPANY

BATH IRON WORKS CORPORATION

BRAYTON★PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON✦PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California  94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiff

E-filing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| MARJORIE FOUNDS, as Wrongful Death Heir, and as Successor-in-Interest to DONALD FOUNDS, Deceased, and , as Legal Heirs of DONALD FOUNDS, Deceased, | No. _____ |
| Plaintiff, | COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL |
| vs. | |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION, ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY, BATH IRON WORKS CORPORATION, | |
| Defendants. | |

**I.**

**PARTIES**

1.     Plaintiff in this action is the above-captioned successor-in-interest to, or the personal representative of the estate of Decedent; and the personal representatives on behalf of the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as "Plaintiff."

BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

2.     The person who sustained asbestos-related lung injuries and death as a result of their inhalation of asbestos fibers through the person's occupational exposure to asbestos, hereinafter "Decedent" is, with the date of death: DONALD FOUNDS died December 8, 2010. MARJORIE FOUNDS is the spouse of DONALD FOUNDS and is hereinafter referred to as "surviving spouse."

3.     Decedent sustained an asbestos-related lung disease and death by precisely the following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-containing products at Decedent's jobsites.  The pathogenesis of Decedent's asbestos-related diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by reference herein.

4.     All of plaintiff's claims arise out of a similar series of occurrences:  repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent, resulting in cumulative, progressive, incurable lung diseases.

5.     Each plaintiff claims damages for an asbestos-related disease arising from an identical series of occurrences not dependent on Decedent's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease.  The allegations of plaintiff regarding the nature of Decedent's asbestos-related diseases, the nature of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all identical.

6.     Plaintiff is informed and believes, and thereon allege, that at all times herein mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the ///

1 | State of California, and that said defendants have regularly conducted business in the State of
2 | California.

3 | ## II.

4 | ### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

5 |    7.   <u>Jurisdiction</u>: Plaintiff MARJORIE FOUNDS is a citizen of the State of Nevada.

6 | Plaintiff(s) are citizens of the following states, respectively: .

7 |    Defendants are each corporations incorporated under the laws of and having its principal

8 | places of business in the following States:

| DEFENDANT | STATE |
| --- | --- |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |
| GENERAL ELECTRIC COMPANY | Connnecticut |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | Virginia |
| TODD SHIPYARDS CORPORATION | Washington |
| ASBESTOS CORPORATION LIMITED | Canada |
| METROPOLITAN LIFE INSURANCE COMPANY | New York and Delaware |
| BATH IRON WORKS CORPORATION | Maine |

   This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

   8.   <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

///
///
///

# III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF MARJORIE FOUNDS COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION, ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY, BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

9.     At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos.  Said entities shall hereinafter collectively be called ALTERNATE ENTITIES.  Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

1   sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

2   rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

3   products containing asbestos. The following defendants, and each of them, are liable for the acts

4   of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

5   destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

6   of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

7   ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each

8   such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

9   role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

10   originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
| --- | --- |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY<br>HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED<br>TRUMBULL ELECTRIC MANUFACTURING COMPANY<br>G E INDUSTRIAL SYSTEMS<br>CURTIS TURBINES<br>PARSONS TURBINES<br>GENERAL ELECTRIC JET ENGINES |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | AVONDALE INDUSTRIES, INC.<br>AVONDALE SHIPYARDS, INC.<br>CONTINENTAL MARITIME INDUSTRIES, INC.<br>EASTERN IDAHO CONSTRUCTION COMPANY<br>INGALLS SHIPBUILDING, INC.<br>NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY<br>NORTH CAROLINA SHIPBUILDING<br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.<br>SERVICE ENGINEERING INDUSTRIES, INC. |
| TODD SHIPYARDS CORPORATION | TODD PACIFIC SHIPYARDS CORPORATION<br>SEATTLE-TACOMA SHIPBUILDING CORP. |
| ASBESTOS CORPORATION LIMITED | GENERAL DYNAMICS CORPORATION |

25        10.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

26   each of them, were and are engaged in the business of researching, manufacturing, fabricating,

27   designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

28   supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

1   promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

2   warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

3   otherwise directing and/or facilitating the use of, or advertising a certain product, namely

4   asbestos and other products containing asbestos.

5         11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

6   each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

7   fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

8   to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,

9   supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,

10   installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

11   rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

12   and other products containing asbestos, in that said products caused personal injuries to users,

13   consumers, workers, bystanders and others, including the Decedent herein, (hereinafter

14   collectively called "exposed persons"), while being used in a manner that was reasonably

15   foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by

16   "exposed persons."

17         12.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

18   exercise due care in the pursuance of the activities mentioned above and defendants, and each of

19   them, breached said duty of due care.

20         13.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

21   have known, and intended that the aforementioned asbestos and products containing asbestos and

22   related products and equipment, would be transported by truck, rail, ship, and other common

23   carriers, that in the shipping process the products would break, crumble, or be otherwise

24   damaged; and/or that such products would be used for insulation, construction, plastering,

25   fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

26   limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

27   breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the

28   release of airborne asbestos fibers, and that through such foreseeable use and/or handling

1   "exposed persons," including Decedent herein, would use or be in proximity to and exposed to

2   said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

3   persons working in proximity to said products, directly or through reentrainment.

4       14.    Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-

5   containing products referred to herein in a manner that was reasonably foreseeable.  Decedent's

6   exposure to asbestos and asbestos-containing products is on current information as set forth at

7   various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference

8   herein.

9       15.    As a direct and proximate result of the acts, omissions, and conduct of the

10   defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure

11   to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

12   or harm to the Decedent as set forth in **Exhibit A**, attached to plaintiff's complaint and

13   incorporated by reference herein.

14       16.    Plaintiff is informed and believes, and thereon allege, that progressive lung

15   disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

16   without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

17   asbestos and asbestos-containing products over a period of time.

18       17.    Decedent suffered from a condition related to exposure to asbestos and asbestos-

19   containing products.  Decedent was not aware at the time of exposure that asbestos or asbestos-

20   containing products presented any risk of injury and/or disease.

21       18.    As a direct and proximate result of the aforesaid conduct of the defendants, their

22   "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,

23   nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

24   amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this

25   complaint accordingly when the true and exact cost thereof is ascertained.

26       19.    As a direct and proximate result of the aforesaid conduct of the defendants, their

27   ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value

28   of medial care provided by Decedent's family members measured by, inter alia, the costs

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1   associated with the hiring a registered nurse, home hospice, or other service provider, the true

2   and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to

3   amend this complaint accordingly when the true and exact costs are known or at time of trial.

4       20.    As a direct and proximate result of the aforesaid conduct of defendants, their

5   ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person,

6   body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and

7   related sequelae, and the mental and emotional distress attendant thereto, and ultimately death,

8   from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven

9   at trial.

10       21.    As a further direct and proximate result of the said conduct of the defendants,

11   their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,

12   entitlements, wages, profits, and commissions, a diminishment of earning potential, and other

13   pecuniary losses, the full nature and extent of which are not yet known to plaintiff; and leave is

14   requested to amend this complaint to conform to proof at the time of trial.

15       22.    As a further direct and proximate result of the said conduct of the defendants,

16   their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-

17   containing products caused severe and permanent injury to Decedent, and ultimately Decedent

18   died on the date previously stated herein.

19       23.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

20   directors and managing agents participated in, authorized, expressly and impliedly ratified, and

21   had full knowledge of, or should have known of, each of the acts set forth herein.

22       24.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the

23   fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

24   and each defendant's officers, directors, and managing agents participated in, authorized,

25   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

26   each of their ALTERNATE ENTITIES as set forth herein.

27       25.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

28   and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in

1   conscious or reckless disregard and indifference to the safety, health, and rights of "exposed

2   persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive

3   damages against said defendants.

4        WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and

5   each of them, as hereinafter set forth.

6                          SECOND CAUSE OF ACTION
                            (Products Liability - Survival)

7

8        PLAINTIFF MARJORIE FOUNDS AS SUCCESSOR-IN-INTEREST TO THE

9   DECEDENT DONALD FOUNDS COMPLAINS OF DEFENDANTS FOSTER WHEELER

10   LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY,

11   NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION,

12   ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY,

13   BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES,"AND EACH OF

14   THEM; EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

15   ACTION FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

16        26.   Plaintiff incorporates herein by reference, as though fully set forth herein, each

17   paragraph of the First Cause of Action herein.

18        27.   Defendants, their "alternate entities," and each of them, knew and intended that

19   the above-referenced asbestos and asbestos-containing products would be used by the purchaser

20   or user without inspection for defects therein or in any of their component parts and without

21   knowledge of the hazards involved in such use.

22        28.   Said asbestos and asbestos-containing products were defective and unsafe for their

23   intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

24   and/or death.  The defect existed in the said products at the time they left the possession of

25   defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

26   personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

27   persons," including Decedent herein, while being used in a reasonably foreseeable manner,

28   thereby rendering the same defective, unsafe, and dangerous for use.

29.    "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons." Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which Decedent and others similarly situated were exposed.

30.    In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages, and cancer.  Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

31.    On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons," who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons," who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

///

32.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

asbestos-containing products without attempting to protect "exposed persons" from, or warn

"exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or warn

"exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

and suppressed said knowledge from "exposed persons" and members of the general public, thus

impliedly representing to "exposed persons" and members of the general public that asbestos and

asbestos-containing products were safe for all reasonably foreseeable uses.  Defendants, their

ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

representations with the knowledge of the falsity of said implied representations.

33.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

sale, inspection, installation, contracting for installation, repair, marketing, warranting,

rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise

directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing

products.  In pursuance of said financial motivation, said defendants, their ALTERNATE

ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact

were consciously willing and intended to permit asbestos and asbestos-containing products to

cause injury to "exposed persons" and induced persons to work with and be exposed thereto,

including Decedent.

///

34.     Plaintiff alleges that the aforementioned defendants, their ALTERNATE ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing products, to be safe for their intended use, but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

35.     Plaintiff relied upon defendants', their ALTERNATE ENTITIES, and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, Decedent suffered permanent injury and death as alleged herein.

36.     As a direct and proximate result of the actions and conduct outlined herein, Decedent have suffered the injuries and damages herein alleged.

WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities", and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Negligence - Wrongful Death)

PLAINTIFF MARJORIE FOUNDS, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO DONALD FOUNDS DECEASED, AND PLAINTIFF(S) AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION, ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY, BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

37.     Plaintiff incorporates by reference each paragraph contained within the First Cause of Action as though fully set forth herein.

38.     The heirs at law of the Decedent and their relationship to the Decedent is set forth above.

///

39.     The individuals set forth as heirs constitute all of the surviving heirs of the Decedent.

40.     As a direct and proximate result of the conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-containing products caused Decedent to develop diseases from which condition Decedent died. Plaintiff was unaware that the death caused by asbestos-related disease until within one year of filing the complaint.

41.     At all times prior to his death, Decedent was a faithful and dutiful spouse to the surviving spouse.

42.     As a direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss of care, society, comfort, attention, services, and support of Decedent all to the damage of Decedent's heirs.

43.     As a further direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount currently not ascertained.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

FOURTH CAUSE OF ACTION
(Products Liability - Wrongful Death)

PLAINTIFF MARJORIE FOUNDS, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO DONALD FOUNDS DECEASED, AND PLAINTIFF(S) AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, NORTHROP GRUMMAN SHIPBUILDING, INC., TODD SHIPYARDS CORPORATION, ASBESTOS CORPORATION LIMITED, METROPOLITAN LIFE INSURANCE COMPANY, BATH IRON WORKS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF

1  ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS

2  FOLLOWS:

3      44.     Plaintiff incorporates herein by reference, as though fully set forth herein, each

4  paragraph of the First, Second and Third Causes of Action herein.

5      45.     As a direct and proximate result of the conduct of defendants, and each of them,

6  Decedent's heirs have sustained the injuries and damages previously alleged.

7      WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and

8  each of them, as hereinafter set forth.

9                                    **IV.**

10                        **DAMAGES AND PRAYER**

11     WHEREFORE, plaintiff prays judgment against defendants, their "alternate entities," and

12 each of them in an amount to be proved at trial in each individual case, as follows:

13     (a)     For plaintiff's general damages according to proof;

14     (b)     For plaintiff's loss of income, wages and earning potential according to proof;

15     (c)     For plaintiff's medical and related expenses according to proof;

16     (d)     For plaintiff's cost of suit herein;

17     (e)     For exemplary or punitive damages according to proof;

18     (f)     For damages for fraud according to proof; and

19     (g)     For such other and further relief as the Court may deem just and proper, including

20 costs and prejudgment interest.

21 Dated: ___4/2/11___                    BRAYTON✣PURCELL LLP

22                                         By: _____

23                                         David R. Donadio
                                          Attorneys for Plaintiff

24

25                              JURY DEMAND

26     Plaintiff hereby demands trial by jury of all issues of this cause.

27 Dated: ___4/8/11___                    BRAYTON✣PURCELL LLP

28                                         By: _____
                                          David R. Donadio
                                          Attorneys for Plaintiff

K:\Injured\111207\FED\Pldgs\cmp fed (wd).wpd                 14

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

EXHIBIT A

Decedent:  DONALD FOUNDS, Deceased.

Decedent's injuries:  Decedent was diagnosed with esophageal cancer, asbestosis and asbestos-related pleural disease on or about April 2004.

Decedent died on December 8, 2010.

Retirement Status:  Decedent retired from his last place of employment at regular retirement age. He had therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

Defendants:  Plaintiff contends that the asbestos-containing products to which Decedent was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendants and each of them.   Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below.  The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | DOYLE (DMS-34) | Boiler Tender/ Fireroom Apprentice | 06/1950-07/1952 |
| | Japan | | |
| | Korea | | |
| US Navy | Naval Air Station North Island, San Diego, CA | Boiler Tender | 07/1952-12/1953 |
| /// | THOMPSON (DMS-38) | | |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Long Beach Naval Shipyard Long Beach, CA | Boiler Tender | 07/1952-12/1953, approximately 2 to 3 months |
| US Navy | Norfolk Naval Shipyard, Portsmouth, VA | Boiler Tender | 06/1954-02/1956; 06/1956-01/1957 |
| | INTREPID (CV-11) | | 3 years |
| | Naval Air Station, Pensacola, FL | | |
| | US Navy, Cuba | | |
| | ACTD Naval Air Development Center, Warminster, PA (Boiler Tender School) | | 2/1956 - 5/1956 |
| US Navy | Naval Repair Facility, San Diego, CA | Boiler Tender | 1959 |
| | BENNINGTON (CVA-20) | | 03/1959-12/1959 |
| US Navy | Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 01/1960-05/1962 |
| | EARNEST G. SMALL (DD-838) | | |
| | Hunters Point Naval Shipyard, San Francisco, CA | | 1961 (approximately 6 months) |
| | Vietnam | | |
| US Navy | Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 05/1962-09/1964 |
| | E.F. LARSON (DDR-830) | | |
| | Naval Repair Facility, Sasebo, Japan | | |
| | Pearl Harbor Naval Shipyard, Honolulu, HI | | |
| | Naval Air Station, Midway Island | | |

///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Long Beach Naval Shipyard, Long Beach, CA | Boiler Tender | 09/1964-02/1966 |
| | McKEAN (DD-784) | | |
| | Naval Repair Facility, Sasebo, Japan | | |
| US Navy | Naval Station, Treasure Island, San Francisco, CA | Boiler Tender | 02/1966-08/1967 |
| | TWINNING (DD-540) | | |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON✦PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5  (415) 898-1247 (Facsimile)

6

   Attorneys for Plaintiff
7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11  MARJORIE FOUNDS, as Wrongful Death  )   No. 3:11-cv-02212-JSW
    Heir, and as Successor-in-Interest to   )
12  DONALD FOUNDS, Deceased, and, as    )
    Legal Heir of DONALD FOUNDS,        )   DECLARATION OF MARJORIE
13  Deceased,                           )   FOUNDS UNDER C.C. P. SECTION
                                        )   377.32
14              Plaintiff,              )
                                        )
15  vs.                                 )
                                        )
16  ASBESTOS CORPORATION LIMITED,       )
    METROPOLITAN LIFE INSURANCE         )
17  COMPANY, BATH IRON WORKS            )
    CORPORATION,                        )
18                                      )
                                        )
19              Defendants.             )

20          The undersigned hereby declares:

21          1.    I, MARJORIE FOUNDS, am over the age of 18 years and the surviving spouse of

22  decedent DONALD FOUNDS.

23          2.    I make this declaration pursuant to Code of Civil Procedure Section 377.32 to

24  allow me to continue and/or commence any and all actions related to decedent's exposure to

25  asbestos which survive his death.

26          3.    The name of the decedent is DONALD FOUNDS.

27          4.    Decedent died in Reno, Nevada on December 8, 2010, leaving no will and no

28  trust.

1    5.    No proceeding is now pending in California for the administration of decedent's

2    estate.

3    6.    The declarant is the decedent's successor-in-interest (as defined in §377.11 of the

4    California Code of Civil Procedure) and succeeds to the decedent's interest in the action or

5    proceeding.

6    7.    No other person has a superior right to commence and/or continue the action or

7    proceeding or to be substituted for the decedent in the pending action or proceeding.

8    8.    A certified copy of decedent's death certificate is attached.

9    I declare under penalty of perjury under the laws of the State of California that the

10   foregoing is true and correct and that this declaration was executed on *May 28*          2011,

11   at Portola, California.

13   *Marjorie Founds*

14   Marjorie Founds

2

DECLARATION OF MARJORIE FOUNDS UNDER C.C.P. SECTION 377.32

ATTY INTIALS

1   ALAN R. BRAYTON, ESQ., S.B. #73685
    DAVID R. DONADIO, ESQ., S.B. #154436
2   BRAYTON❖PURCELL LLP
    Attorneys at Law
3   222 Rush Landing Road
    P.O. Box 6169
4   Novato, California  94948-6169
    (415) 898-1555
5   (415) 898-1247 (Fax No.)

6   Attorneys for Plaintiff

7



8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10            SAN FRANCISCO DIVISION



11  MARJORIE FOUNDS, et al.,          )   No.
                                      )
12              Plaintiff,            )
                                      )
    vs.                               )   DECLINATION TO PROCEED BEFORE
13                                    )   A MAGISTRATE JUDGE
    FOSTER WHEELER LLC (FKA FOSTER    )   AND REQUEST FOR ASSIGNMENT TO
14  WHEELER CORPORATION), et al.,     )   A UNITED STATES DISTRICT JUDGE
                                      )
15              Defendants.           )
                                      )
16

17          Plaintiff hereby declines to consent to the assignment of this case to a United States

18  Magistrate Judge for trial and disposition and hereby request the assignment of this case to a

19  United States District Judge.

20

21  Dated:  4/25/11                        BRAYTON❖PURCELL LLP

22

23                                         By: _____
                                               David R. Donadio
24                                             Attorneys for Plaintiff

25

26

27

28

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 MARJORIE FOUNDS, et al.,            )   No.
12              Plaintiff,             )
   vs.                                 )
13                                     )   CERTIFICATION OF INTERESTED
   FOSTER WHEELER LLC (FKA FOSTER      )   ENTITIES OR PERSONS
14 WHEELER CORPORATION), et al.,       )
                                       )
15              Defendants.            )
                                       )
16

17        Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

18 parties named in the Complaint, there is no such interest to report.

19

20 Dated:  4/25/11                         BRAYTON❖PURCELL LLP

21

22                                         By:
                                              David R. Donadio
23                                            Attorneys for Plaintiff

24

25

26

27

28

1  ALAN R. BRAYTON, ESQ., S.B. #73685
2  DAVID R. DONADIO, ESQ., S.B. #154436
   BRAYTON✜PURCELL LLP
3  Attorneys at Law
   222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiff



7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION          **EMC**

11  MARJORIE FOUNDS, et al.,          )        No.
                                      )
12              Plaintiff,            )    CV  11    2212
                                      )
13  vs.                               )        NOTICE OF TAG-ALONG ACTION
                                      )
14  FOSTER WHEELER LLC (FKA FOSTER    )        Multi-District Rule 7.5(e)
    WHEELER CORPORATION), et al.,     )
15                                    )
                Defendants.
16

17          PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel of Multi-District

18  Litigation entered an order transferring all asbestos pending in the federal courts to the United

19  States District Court, Eastern District of Pennsylvania, for coordinated pretrial proceedings

20  pursuant to 28 U.S. C.§1207 ("MDL Transfer Order").  The MDL Transfer Order also applies to

21  "tag-along actions," which refers to a civil action pending in a district court and involving

22  common questions of fact with actions previously transferred under Section 1407 by the Judicial

23  Panel of Multi-District Litigation pursuant to a January 17, 1991 Order to Show Cause.  *See*

24  Multi-District Litigation Rules ("MDL Rule"), Rule 11.

25          Pursuant to MDL Rule 7.5(c),

26          Any party or counsel in action previously transferred under Section 1407 or under
            consideration by the Panel for transfer under section 1407 shall notify the Clerk of
27          the Panel of any potential 'tag-along" actions' in which that party is also named or
            in which that counsel appears.

28

K:\Injured\111207\FED\Pldgs\cmp fed (wd).wpd                   1

                            NOTICE OF TAG-ALONG ACTION

BRAYTON✜PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1   Plaintiff hereby notifies the Court that this case is a potential "tag-along action" which

2   may be subject to transfer to the United States District Court, Eastern District of Pennsylvania.

3   Plaintiff is sending notice of the filing of this action to the Clerk of the Judicial Panel of Multi-

4   District Litigation contemporaneous with the filing of this notice.    The Clerk of the Panel may

5   either (1) enter a conditional transfer order pursuant to the MDL Rule 7.4(a), or (2) file an order

6   to show cause why this action should not be transferred, pursuant to MDL Rule 7.5(b).

7

8   Dated: ___4/25/11___                    BRAYTON❖PURCELL LLP

9

10                                          By:_____

11                                             David R. Donadio
                                               Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MARJORIE FOUNDS,

              Plaintiff (s),

    v.

FOSTER WHEELER LLC,
          Defendant(s).

No. C 11-02212 EMC

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Edward M. Chen. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in <u>Civil Local Rule 4-2.</u> Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by <u>ADR Local Rule 3.</u> Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at <u>www.adr.cand.uscourts.gov</u>. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

      IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 5/5/2011 | Complaint filed | |
| 7/27/2011 | *Last day to: <br> • meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | <u>FRCivP 26(f) & ADR L.R.3-5</u> |
| | • file ADR Certification signed by Parties and Counsel (form available at <u>http://www.cand.uscourts.gov</u>) | <u>Civil L.R. 16-8 (b) & ADR L.R. 3-5(b)</u> |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at <u>http://www.cand.uscourts.gov</u>) | <u>Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c)</u> |

| | | |
|---|---|---|
| 8/10/2011 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil  L.R . 16-9 |
| 8/17/2011 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Courtroom C,15th Floor,SF at 1:30 PM | Civil  L.R. 16-10 |

   *If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### STANDING ORDER FOR CIVIL PRACTICE IN CASES ASSIGNED FOR ALL PURPOSES TO MAGISTRATE JUDGE EDWARD M. CHEN

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

### A.     STANDING ORDER RE MOTIONS AND CONFERENCES

1.     Criminal Law and Motion is heard on Wednesdays at 10:00 a.m.  Civil Law and Motion is heard on Wednesdays at 10:30 a.m.  Counsel need not reserve a hearing date in advance for civil motions.  However, noticed dates may be reset as the Court's calendar requires.

2.     Case Management Conferences are heard on Wednesdays at 1:30 p.m.  Pretrial Conferences are heard on Wednesdays at 3:00 p.m.

3.     In cases that are randomly assigned to Judge Chen for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

4.     All scheduling questions should be addressed to Judge Chen's courtroom deputy, Betty Lee, at (415) 522-2034.

5.     Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than two (2) court days before the hearing.

6.     **In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically.  These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy."  Parties shall not file a paper copy of any document with the Clerk's**

Office that has already been filed electronically. **A proposed order in an E-Filing case must be emailed to emcpo@cand.uscourts.gov in word processing format as an attachment on the same day that it is E-Filed.** With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

## B.     STANDING ORDER RE DISCOVERY DISPUTES

This Standing Order applies to all disclosures and discovery motions assigned to Judge Chen and is intended to supplement the Civil Local Rules of this District regarding motion practice (Civil L. R. 7-1 et seq.) and the resolution of disclosure or discovery disputes (Civil L. R. 37-1 et seq.).

7.      Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L. R. 7-2. Alternatively, any party may seek an order shortening time under Civil L. R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L. R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L. R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).

8.      Motions for sanctions shall be filed by separate motion in accordance with the Fed. R. Civ. P. 37 and Civil L. R. 37-3. The parties shall comply with their meet and confer obligations pursuant to Civil L. R. 37-1(a). Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L. R. 37-3.

9.      Any party filing an Emergency or Ex Parte Application **must** contact Judge Chen's courtroom deputy clerk, Betty Lee, at 415/522-2034.

## PRODUCTION OF DOCUMENTS

10.     In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of

all locations at which such materials might plausibly exist.  It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

11.    In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

12.    Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5).  No generalized claims of privilege or work product protection shall be permitted.  With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify:  (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication.  Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

13.    To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

14.    As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

15.    Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

<u>DEPOSITIONS</u>

16.    Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places.  Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition.  The party seeking such a deposition may notice it at least thirty (30) days in advance.  If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for

the deponent must reply and counter-propose in writing an alternative date and place falling within thirty (30) days of the date noticed by the party seeking the deposition.

17.     Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

SANCTIONS

18.     Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.

copy.

_____
Edward M. Chen
United States Magistrate Judge

Revised: September 22, 2010

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

JS 44 (Rev. 12/07) (CAND Rev 1/10) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| ARJORIE FOUNDS | FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), et al. |

**(b)** County of Residence of First Listed Plaintiff Lyon
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant New Jersey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David R. Donadio, Esq.
Brayton✣Purcell LLP
222 Rush Landing Road, JMD#03
Novato, California 94948-6169

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐1 U.S. Government Plaintiff
☐3 Federal Question (U.S. Government Not a Party)
☐2 U.S. Government Defendant
☒4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance<br>☐120 Marine<br>☐130 Miller Act<br>☐140 Negotiable Instrument<br>☐150 Recovery of Overpayment & Enforcement of Judgment<br>☐151 Medicare Act<br>☐152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐153 Recovery of Overpayment of Veteran's Benefits<br>☐160 Stockholders' Suits<br>☐190 Other Contract<br>☐195 Contract Product Liability<br>☐196 Franchise | **PERSONAL INJURY**<br>☐310 Airplane<br>☐315 Airplane Product Liability<br>☐320 Assault, Libel & Slander<br>☐330 Federal Employers' Liability<br>☐340 Marine<br>☐345 Marine Product Liability<br>☐350 Motor Vehicle<br>☐355 Motor Vehicle Product Liability<br>☐360 Other Personal Injury | **PERSONAL INJURY**<br>☐362 Personal Injury— Med. Malpractice<br>☒365 Personal Injury— Product Liability<br>☐368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐370 Other Fraud<br>☐371 Truth in Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | ☐610 Agriculture<br>☐620 Other Food & Drug<br>☐625 Drug Related Seizure of Property 21 USC 881<br>☐630 Liquor Laws<br>☐640 R.R. & Truck<br>☐650 Airline Regs.<br>☐660 Occupational Safety/Health<br>☐690 Other | ☐422 Appeal 28 USC 158<br>☐423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐820 Copyrights<br>☐830 Patent<br>☐840 Trademark | ☐400 State Reapportionment<br>☐410 Antitrust<br>☐430 Banks and Banking<br>☐450 Commerce<br>☐460 Deportation<br>☐470 Racketeer Influenced and Corrupt Organizations<br>☐480 Consumer Credit<br>☐490 Cable/Sat TV<br>☐810 Selective Service<br>☐850 Securities/Commodities/Exchange<br>☐875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐890 Other Statutory Actions<br>☐891 Agricultural Acts |
| ☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property | ☐441 Voting<br>☐442 Employment<br>☐443 Housing/ Accommodations<br>☐444 Welfare<br>☐445 Amer. w/Disabilities - Employment<br>☐446 Amer. w/Disabilities - Other<br>☐440 Other Civil Rights | ☐510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐530 General<br>☐535 Death Penalty<br>☐540 Mandamus & Other<br>☐550 Civil Rights<br>☐555 Prison Condition | ☐710 Fair Labor Standards Act<br>☐720 Labor/Mgmt. Relations<br>☐730 Labor/Mgmt.Reporting & Disclosure Act<br>☐740 Railway Labor Act<br>☐790 Other Labor Litigation<br>☐791 Empl. Ret. Inc. Security Act | ☐861 HIA (1395ff)<br>☐862 Black Lung (923)<br>☐863 DIWC/DIWW (405(g))<br>☐864 SSID Title XVI<br>☐865 RSI (405(g))<br>**FEDERAL TAX SUITS** | ☐892 Economic Stabilization Act<br>☐893 Environmental Matters<br>☐894 Energy Allocation Act<br>☐895 Freedom of Information Act<br>☐900 Appeal of Fee Determination Under Equal Access to Justice<br>☐950 Constitutionality of State Statutes |
| | | | **IMMIGRATION** | ☐870 Taxes (U.S. Plaintiff or Defendant)<br>☐871 IRS—Third Party 26 USC 7609 | |
| | | | ☐462 Naturalization Application<br>☐463 Habeas Corpus – Alien Detainee<br>☐465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒1 Original Proceeding
☐2 Removed from State Court
☐3 Remanded from Appellate Court
☐4 Reinstated or Reopened
☐5 Transferred from another district (specify)
☐6 Multidistrict Litigation
☐7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity of Citizenship; 28 USC Section 1332

Brief description of cause: Asbestos Personal Injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE 4/25/11

SIGNATURE OF ATTORNEY OF RECORD

DAVID R. DONADIO, Brayton✣Purcell LLP, Attorney for Plaintiff

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553

Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT OF CASE**

**TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL**

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge Edward M. Chen.

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties in the action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT,

RICHARD W. WIEKING, CLERK

_Mary Ann Buckley_

By: Deputy Clerk

---

**United States District Court**

For the Northern District of California

1
2
3
4
5
6                       UNITED STATES DISTRICT COURT

7                     NORTHERN DISTRICT OF CALIFORNIA

8
9                                              No.  C

10              Plaintiff(s),             **CONSENT TO PROCEED BEFORE A**
                                          **UNITED STATES MAGISTRATE JUDGE**
11       v.

12
13              Defendant(s).

14  _____/

15        CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

16         In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party

17  hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further

18  proceedings in the case, including trial, and order the entry of a final judgment.  Appeal from the

19  judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

20
21  Dated: _____        _____
                                          Signature
22
                                          Counsel for _____
23                                        (Plaintiff, Defendant or indicate "pro se")

24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No.  C

Plaintiff(s),

v.

Defendant(s).
_____/

**DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE**

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____          Signature_____

                                                          Counsel for _____
                                                          (Plaintiff, Defendant, or indicate "pro se")

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10. Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11. There are no filing fees once a case has been opened.

12. New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13. Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14. Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15. A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16. The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17. Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copy work may be placed through Colour Drop by phoning 415-353-5720. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18. We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

---

**SAN FRANCISCO**

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Henderson, Thelton E. | TEH | Spero, Joseph C. | JCS |
| Illston, Susan | SI | Zimmerman, Bernard | BZ |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Ware, James | JW | | |
| White, Jeffrey S. | JSW | | |

### SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Davila, Edward J. | EJD | Lloyd, Howard R. | HRL |
| Fogel, Jeremy | JF | Grewal, Paul S. | PSG |
| Whyte, Ronald M. | RMW | | |

### OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Laurel Beeler | LB |
| Jensen, D. Lowell | DLJ | Donna M. Ryu | DMR |
| Hamilton, Phyllis J. | PJH | | |
| Wilken, Claudia | CW | | |

### EUREKA

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| | | Nandor J. Vadas | NJV |

# U.S. District Court Northern California
## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐   **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout. Each attorney representing a party must also:

☐   **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐   **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐   **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE. **All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

# U.S. District Court Northern California

## Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled )** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on. You do not need to efile or email the Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

## Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

## Email Guidelines

When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:**

The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

**Type of Document**
**Email Subject Line Text**

Complaint Only
03-09999 CRB Complaint

Complaint and
Notice of Related Case
03-09999 CRB Complaint, Related Case

Complaint and Motion for
Temporary Restraining Order
03-09999 CRB Complaint, TRO

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov,** please check them first.
You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.
The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.



# Hunterdon County Sheriff's Office

8 Court Street
PO Box 2900
Flemington, NJ 08822-2900
(908) 788-1166    Fax (908) 806-4624
www.co.hunterdon.nj.us/sheriff.htm

---

**Frederick W. Brown**
Sheriff


**Robert W. Smith**
Undersheriff


**Edward W. Davis**
Chief Warrant Officer

To Whom It May Concern:

The Sheriff of Hunterdon County, among his other duties, is responsible for the proper service of Process papers.

The Sheriff rarely institutes, or is involved in, the litigation of civil suits.  The Sheriff's Office is the impartial serving arm of the Court.  Through his sworn officers, the Sheriff attests that you, or a proper member of your family, were served as the law requires.

The Process papers generally advise you of the nature of the dispute and that the Plaintiff is starting an action in Court that will have to be answered.

We suggest that you read these papers carefully and contact your attorney to advise him/her that you have been served by the Sheriff's Office.

We do NOT know that facts of your dispute and therefore cannot answer any questions of a legal or technical nature; however, if we can answer any other questions, please feel free to call us at (908) 788-1166.

Our Sheriff's Officers are trained to be impartial, polite and as tactful as possible. Feel free to contact me if any problems arise.

Very truly yours,

Frederick W. Brown, Sheriff

/bm

*The Sheriff is the highest and only law enforcement official elected by you, the people of New Jersey*

ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-02212-JSW

Founds v. Foster Wheeler LLC et al
Assigned to: Hon. Jeffrey S. White
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 05/05/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Marjorie Founds**
*as Wrongful Death Heir, and as
Successor-in-Interest to Donald Founds,
Deceased, and as Legal Heir of Donald
Founds, Deceased*

represented by **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

represented by **Shelley Kaye Tinkoff**
Brydon Hugo and Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
(415) 808-0300
Email: tinkoff@bhplaw.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

represented by **Allison Michele Low**
Sedgwick
One Market Plaza
Steuart Tower 8th Fl

SF, CA 94105
415-781-7900
Fax: 415-781-2635
Email: allison.low@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Northrop Grumman Shipbuilding,**
**Inc.**

**Defendant**

**Todd Shipyards Corporation**

**Defendant**

**Asbestos Corporation Limited**

**Defendant**

**Metropolitan Life Insurance**              represented by    **John Patrick Swenson**
**Company**                                                    McNamara, Spira & Smith
                                                               10866 Wilshire Boulevard
                                                               Suite 800
                                                               Los Angeles, CA 90024
                                                               310-979-2592
                                                               Fax: 310-979-2581
                                                               Email: jswenson@mcnamaraspira.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Bath Iron Works Corporation**              represented by    **Daniel Dennis O'Shea**
                                                               Jackson Jenkins Renstrom LLP
                                                               55 Francisco Street, 6th Floor
                                                               San Francisco, CA 94133
                                                               (415) 982-3600
                                                               Fax: (415) 982-3700
                                                               Email: doshea@jjr-law.com
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Puget Sound Commerce Center, Inc.**        represented by    **George D. Yaron**
                                                               Yaron & Associates
                                                               601 California Street, 21st Floor
                                                               San Francisco, CA 94108-2281
                                                               415-658-2929
                                                               Fax: 415-658-2930
                                                               Email: gyaron@yaronlaw.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/05/2011 | 1 | COMPLAINT; summons issued against Asbestos Corporation Limited, Bath Iron Works Corporation, Foster Wheeler LLC, General Electric Company, Metropolitan Life Insurance Company, Northrop Grumman Shipbuilding, Inc., Todd Shipyards Corporation (Filing fee $ 350, receipt number 34611059505). Filed by Marjorie Founds. (Attachments: # 1 Civil Cover Sheet, # 2 Summons) (slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/05/2011 | 2 | Certificate of Interested Entities or Persons by Marjorie Founds. (slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/05/2011 | 3 | NOTICE of Tag-Along Action by Marjorie Founds. (slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/05/2011 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Marjorie Founds. (slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/05/2011 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 8/10/2011. Case Management Conference set for 8/17/2011 01:30 PM. (Attachments: # 1 Standing Order)(slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/05/2011 |   | CASE DESIGNATED for Electronic Filing. (slh, COURT STAFF) (Filed on 5/5/2011) (Entered: 05/06/2011) |
| 05/13/2011 | 6 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (bpf, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/13/2011) |
| 05/13/2011 |   | ***EMC Deadlines terminated. 6 Clerk's Notice of Impending Reassignment. (bpf, COURT STAFF) (Filed on 5/13/2011) (Entered: 05/13/2011) |
| 05/16/2011 | 7 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeffrey S. White for all further proceedings. Judge Magistrate Judge Edward M. Chen no longer assigned to the case.. Signed by Executive Committee on 5/16/11. (as, COURT STAFF) (Filed on 5/16/2011) (Entered: 05/16/2011) |
| 05/16/2011 | 8 | INITIAL SCHEDULING CONFERENCE ORDER: Case Management Conference set for 8/26/2011 01:30 PM in Courtroom 11, 19th Floor, San Francisco. Case Management Statement due by 8/19/2011.. Signed by Judge JEFFREY S. WHITE on 5/16/11. (jjoS, COURT STAFF) (Filed on 5/16/2011) (Entered: 05/16/2011) |
| 07/22/2011 | 9 | ANSWER to Complaint *Answer of Defendant Puget Sound Commerce Center, Inc., erroneously sued as and formerly known as Todd Shipyards Corporation to Plaintiff's Complaint for Survival, Wrongful Death - Asbestos* byPuget Sound Commerce Center, Inc.. (Yaron, George) (Filed on 7/22/2011) (Entered: 07/22/2011) |
| 07/22/2011 | 10 | DEMAND for Trial by Jury by Puget Sound Commerce Center, Inc.. (Yaron, George) (Filed on 7/22/2011) (Entered: 07/22/2011) |
| 07/26/2011 | 11 | *Defendant General Electric Company's Answer to the Complaint for Survival, Wrongful Death-Asbestos; Demand for Jury Trial* ANSWER to Complaint |

| | | with Jury Demand byGeneral Electric Company. (Low, Allison) (Filed on 7/26/2011) (Entered: 07/26/2011) |
|---|---|---|
| 07/26/2011 | 12 | NOTICE by General Electric Company ;*Notice of Pendency of Other Actions* (Low, Allison) (Filed on 7/26/2011) (Entered: 07/26/2011) |
| 07/26/2011 | 13 | Certificate of Interested Entities by General Electric Company ; *Defendant General Electric Company's Certification of Interested Entities or Persons* (Low, Allison) (Filed on 7/26/2011) (Entered: 07/26/2011) |
| 07/26/2011 | 14 | NOTICE by General Electric Company ; *Notice of Related Cases* (Low, Allison) (Filed on 7/26/2011) (Entered: 07/26/2011) |
| 07/27/2011 | 15 | ANSWER to Complaint with Jury Demand *and Certificate of Service* byBath Iron Works Corporation. (O'Shea, Daniel) (Filed on 7/27/2011) (Entered: 07/27/2011) |
| 07/28/2011 | 16 | ANSWER to Complaint with Jury Demand byMetropolitan Life Insurance Company. (Swenson, John) (Filed on 7/28/2011) (Entered: 07/28/2011) |
| 07/28/2011 | 17 | Certificate of Interested Entities by Metropolitan Life Insurance Company (Swenson, John) (Filed on 7/28/2011) (Entered: 07/28/2011) |
| 07/28/2011 | 18 | Statement *of Corporate Disclosure* by Metropolitan Life Insurance Company. (Swenson, John) (Filed on 7/28/2011) (Entered: 07/28/2011) |
| 08/10/2011 | 19 | ANSWER to Complaint with Jury Demand *with Certificate of Service* byFoster Wheeler LLC. (Tinkoff, Shelley) (Filed on 8/10/2011) (Entered: 08/10/2011) |
| 08/10/2011 | 20 | Certificate of Interested Entities by Foster Wheeler LLC re 19 Answer to Complaint (Tinkoff, Shelley) (Filed on 8/10/2011) (Entered: 08/10/2011) |
| 08/10/2011 | 21 | NOTICE by Foster Wheeler LLC re 20 Certificate of Interested Entities, 19 Answer to Complaint *Notice of Tag-Along Action* (Tinkoff, Shelley) (Filed on 8/10/2011) (Entered: 08/10/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/11/2011 08:34:28 | | | |
| PACER Login: | bh1524 | Client Code: | 4801-2413 |
| Description: | Docket Report | Search Criteria: | 3:11-cv-02212-JSW |
| Billable Pages: | 3 | Cost: | 0.24 |