ALAN R. BRAYTON, ESQ., S.B. #73685
LLOYD F. LEROY, ESQ., S.B. #203502
RICHARD M. GRANT, ESQ., S.B. #55677
BRAYTON❖PURCELL LLP
222 Rush Landing Road
PO Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 Fax

Attorneys for Plaintiffs

**UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | **MDL DOCKET NO. 875**<br>**CTO - 425** |
| This Document Relates to:<br>PAUL PRATT,<br><br>　　　　Plaintiff,<br>vs.<br><br>ASBESTOS CORPORATION LTD. ,et al.<br>　　　　Defendants. | USDC CAN 3:11-cv-03503-EMC<br><br>**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 425** |

**PLAINTIFFS' MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 425 AND BRIEF IN SUPPORT OF MOTION**

PAUL PRATT ("Movant" or "Plaintiff") by and through his counsel of record files this Motion and Brief to Vacate Conditional Transfer Order 425 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel".)

Movants respectfully move the Panel pursuant to JPML Rule 7.1(f) to vacate its order conditionally transferring the above entitled and numbered case to the United States District Court for the Eastern District of Pennsylvania. This motion is based on the brief in support which is made a part of this filing, and such other materials as may be presented to the JPML at the time of the hearing on the motion.

///

///

///

## I.

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

This actions for asbestos-related personal injury was originally filed by Plaintiffs against numerous defendants in the Superior Court of the State of California, County of San Francisco.

Defendant Foster Wheeler LLC ("Foster Wheeler") filed its Notice of Removal on July 18, 2011. Its alleged ground for removal as stated in the Notice is that plaintiff may have been exposed to asbestos from marine boilers it manufactured that were used aboard the USS BRADLEY. Foster Wheeler alleges it was acting under an officer of the United States and that this Court has jurisdiction under 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims. Plaintiff has filed his Motion to Remand to the San Francisco County Superior Court based upon lack of subject matter jurisdiction.

The Conditional Order filed herein transferred this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

Plaintiff moves this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United States District Court for the Northern District of California or the Superior Court for the State of California, County of San Francisco to move the case speedily along to trial.

## II.

## ARGUMENT

Title 28, United States Code, section 1407(a) allows for the transfer of a civil action "involving one or more common questions of fact" only if the Panel determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Movant submits that these cases do not meet these requirements. Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather than enhance the progress of these cases.

///

///

///

### A. THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION AND THIS CASE SHOULD BE REMANDED TO THE STATE COURT.

As set forth above, defendant Foster Wheeler LLC ("Foster Wheeler") filed its Notice of Removal on July 18, 2011. Its alleged ground for removal as stated in the Notice is that plaintiff may have been exposed to asbestos from marine boilers it manufactured that were used aboard the USS BRADLEY. Foster Wheeler alleges it was acting under an officer of the United States and that this Court has jurisdiction under 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims. Defendant does not contest that Mr. Pratt may have been exposed to asbestos while working on or around defendant's boilers.

Removal pursuant to 28 U.S.C. Sec. 1442(a)(1) is inappropriate in that the moving party cannot demonstrate that it acted under the direction of a federal officer, cannot raise a colorable federal defense to plaintiff's claims, and cannot demonstrate a causal nexus between plaintiff's claims and the acts it alleges it performed under color of federal office.

Removal is also inappropriate in that Foster Wheeler cannot demonstrate that the United States approved reasonably precise specifications that actually specified the use of asbestos in a product, that absent the specifications, would not have contained asbestos.

Additionally, plaintiff has filed a specific waiver which excludes all claims against Foster Wheeler relating to or arising out of plaintiff's asbestos exposure at military and federal government jobsites and aboard U.S. Navy vessels.

Accordingly, there is no alleged exposure for which Foster Wheeler can be liable relating to U.S. Navy vessels, including the USS BRADLEY, and there can be no government contractor defense. As there is no claim for which a government contractor defense is available, there is no federal question jurisdiction.

Removal was improper as a matter of law. The United States District Courts do not have jurisdiction pursuant to the federal officer removal statute, 28 U.S. C. sec 1442, and are without subject-matter jurisdiction to hear the case. Plaintiff's Motion to Remand, filed before

///

the District Court for the Northern District of California, should be granted and the case remanded in its entirety to the California Superior Court for the County of San Francisco.

### B. THESE CASES DO NOT SHARE COMMON FACTUAL ISSUES WITH OTHER MDL CASES.

Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3, 1974*, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976). Implicit in this consideration is the requirement that the common facts be more than minimal. *In re Boeing Co. Employment Practices Litigation*, 293 F. Supp,2d 1382 (J.P.M.L. 2003.) A mere showing of common questions of fact is not sufficient alone to merit transfer. *In re Truck Accident Near Almagordo, New Mexico on June 18, 1969*, 387 F.Supp. 732,733 (J.P.M.L.1975).

Because Movant's case is dissimilar from the multi-party asbestos suits in MDL 875 it should remain in California. The mere presence of some common factual issues does not automatically require transfer, even in asbestos exposure and personal injury actions involving scientific causation issues. While this case shares with all MDL 875 cases the common material, asbestos fibers, it is wholly different in its limited scope.

The facts in dispute in these matters (other than the generic fact of asbestos exposure) are entirely unique to decedent's work history and identification of the products with which he, in particular, worked. The evidence that will be presented in this case is essentially applicable to this specific plaintiff, and will be of little possible benefit to the parties in MDL 875.

### C. TRANSFER WILL IMMENSELY INCONVENIENCE PARTIES AND WITNESSES.

In its Order creating MDL 875, the Panel explained that since section 1407 transfer is "primarily for pretrial, there is usually no need for the parties and witnesses to travel to [Pennsylvania] for depositions or otherwise". In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp 415, 422 (J.P.M.L. 1991).

Movant respectfully submits, however, that effective practice before the Eastern District of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in

chambers and court hearings. Travel to Philadelphia will require expensive air fares and lodging for parties and, their attorneys.  There is little benefit, and thus little convenience, to adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F. Supp. 1295 (J.P.M.L. 1977).  This places a heavy and entirely unnecessary burden on Movants.

### D. TRANSFER WILL BE UNJUST AND INEFFICIENT.

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the actions in question.  See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000). That is the most important factor in determining whether consolidation of a tag along case is appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources.  17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery; (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and judiciary. *In re Computervision Corp. Sec. Litig*., 814 F. Supp. 85, 65-86 (J.P.M.L. 1993).  See generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255 (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in transfers for coordinated or consolidated pretrial.  Considerable time and trouble are in the sheer mechanics of transferring and remanding.  After transfer, the process of segregating the pretrial matters which should be remanded for handling by the transferor courts may be time-consuming, as well as subject to reasonable disagreement.  The basic question before the Panel in each proceeding looking to coordinated or consolidated pretrial is, then, whether the objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer and remand.")

Consolidation of Movants' case with MDL 875 will not serve any of these aims.  This case is dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created.  This case can be

1  most efficiently handled by the California Superior Court in San Francisco or in the Federal
2  District Court for the Northern District of California where the trial will take place.

3      The parties will not benefit from the MDL 875's focus on common asbestos defendants.
4  It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against
5  common asbestos product manufactures) which was the context in which MDL 875 was created
6  to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the
7  resources of the parties, their counsel, and the judiciary. This case is a straightforward personal
8  injury action, one that the state court and the parties would be able to move relatively rapidly to
9  trial.

10      In light of the above, Movant respectfully submits that transfer to MDL-875 would be
11  more inconvenient to the parties and witnesses, and more likely to obstruct rather than promote
12  the just and efficient conduct of this case. Transfer will serve only to delay the matter, while
13  increasing the judicial workload of the Pennsylvania court, and accomplishing no effective
14  progress in the action.

15  **CONCLUSION**

16      Transfer will serve neither the convenience of the parties nor the just and efficient
17  conduct of these cases. It is not suitable for transfer to the MDL. Most importantly, the United
18  States District Courts lack federal subject matter jurisdiction.

19      For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer
20  Order 425 as to this matter.

21

22  DATED: August 10, 2011                BRAYTON❖PURCELL LLP

23

24                                             s/ Richard M. Grant
                                           Richard M. Grant
25                                             222 Rush Landing Road
                                           Novato, California 94945
26                                             Attorneys for Plaintiffs
                                           Telephone: (415) 898-1555
27                                             rgrant@braytonlaw.com

28

ASBESTOS MDL 875 - Re: CTO 425
*PAUL PRATT v.ASBESTOS CORPORATION LTD. ,et al.,*
USDC CAN 3:11-cv-03503-EMC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the following with the JUDICIAL PANEL ON MULTIDISTRICT LITIGATION by efiling w/the court's CM/ECF system on <u>August 11, 2011.</u>

**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 425**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users and that they were served by mail.

**SEE ATTACHED SERVICE LIST**

<u>  XX  </u>     BY OFFICE MAILING

I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Petaluma, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed August 11, 2011, at Novato, California.

I declare under penalty of perjury that the foregoing is true and correct.

 /s/ Jane Ehni
Jane Ehni
222 Rush Landing Rd.
Novato, CA 94102
415/899-1011 ext. 232

Brayton-Purcell Service List

1

Date Created: 8/9/2011-10:38:47 AM
Created by: LitSupport - ServiceList - Reporting
Matter Number: 108497.004 - Paul Pratt

Run By : Ehni, Jane (JAE)

**Armstrong & Associates, LLP**
One Kaiser Plaza, Suite 625
Oakland, CA 94612
510-433-1830   510-433-1836 (fax)
**Defendants:**
  Exxon Mobil Corporation (EXXMOB)

**Bassi, Edlin, Huie & Blum LLP**
500 Washington Street
Suite 700
San Francisco, CA 94111
415-397-9006   415-397-1339 (fax)
**Defendants:**
  J.T. Thorpe & Son, Inc. (THORPE)
  Parker-Hannifin Corporation (PARKHF)

**Brydon Hugo & Parker**
135 Main Street, 20th Floor
San Francisco, CA 94105
415-808-0300   415-808-0333 (fax)
**Defendants:**
  Bayer Cropscience Inc. (BAYCRO)
  Foster Wheeler LLC (FKA Foster Wheeler Corporation) (FOSTER)

**DeHay & Elliston, LLP**
1300 Clay Street
Suite 840
Oakland, CA 94612
510-285-0750   510-285-0740 (fax)
**Defendants:**
  Kaiser Gypsum Company, Inc. (KAISGY)
  Lehigh Hanson, Inc. (LEHHAN)

**Foley & Mansfield PLLP**
300 Lakeside Drive, Suite 1900
Oakland, CA 94612
510-590-9500   510-590-9595 (fax)
**Defendants:**
  Zurn Industries, LLC (ZURN)

**Hassard Bonnington LLP**
Two Embarcadero Center
Suite 1800
San Francisco, CA 94111
415-288-9800   415-288-9802 (fax)
**Defendants:**
  Honeywell International, Inc. (HONEYW)
  Sequoia Ventures Inc. (SEQUOA)

**Hawkins, Parnell, Thackston & Young, LLP.**
Three Embarcadero Center
8th Floor
San Francisco, CA 94111-4024
415-766-3200   415-766-3250 (fax)
**Defendants:**
  Kelly-Moore Paint Company, Inc. (KELLY)

**Jackson Jenkins Renstrom LLP**
55 Francisco Street, 6th Floor
San Francisco, CA 94133
415-982-3600   415-982-3700 (fax)
**Defendants:**
  General Dynamics Corporation (GENDYN)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000   415-267-4198 (fax)
**Defendants:**
  Metalclad Insulation Corporation (METALC)

**Morgan, Lewis & Bockius LLP**
One Market, Spear Tower
San Francisco, CA 94105
415-442-1000   415-442-1001 (fax)
**Defendants:**
  Grinnell LLC (fka Grinnell Corporation, also known as Grinnell Fire) (GRINN)
  Santa Fe Braun, Inc. as Successor-in-Interest to C.F. Braun, Inc. (CFBRAN)
  Scott Technologies, Inc. (SCOTEC)

**Nixon Peabody LLP**
One Embarcadero
18th Floor
San Francisco, CA 94111
415-984-8200   866-542-6538 (fax)
**Defendants:**
  Shell Oil Company (SHLOIL)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000   415-344-7050 (fax)
**Defendants:**
  Honeywell International, Inc. (HONEYW)

**Phillip J. Holman, Attorney at Law**
316 West Foothill Blvd.
Monrovia, CA 91016
626-358-1218   626-359-3505 (fax)
**Defendants:**
  Russell & Russell Inc. (RUSRUS)

**Pond North, LLP**
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
213-617-6170   213-623-3594 (fax)
**Defendants:**
  CBS Corporation (fka Viacom Inc., fka Westinghouse Electric Corporation) (VIACOM)

**Poole & Shaffery, LLP**
445 South Figueroa Street
Suite 2520
Los Angeles, CA 90071
213-439-5390   213-439-0183 (fax)
**Defendants:**
  H & C Investment Associates, Inc. (H&CINV)

**Pratt & Associates**
Pruneyard Tower 1
1901 S. Bacom Ave., Suite 350
Campbell, CA 95008
408-369-0800   408-369-0752 (fax)
**Defendants:**
  Conopco, Inc. (CONOPC)

**Prindle, Amaro, Goetz, Hillyard, Barnes & Reinholtz LLP**
310 Golden Shore, Fourth Floor
Long Beach, CA 90802
562-436-3946   562-495-0564 (fax)
**Defendants:**
  Anadarko E&P Company LP (ANADEP)

**Prindle, Amaro, Goetz, Hillyard, Barnes & Reinholtz LLP**
One California Street, Suite 1910
San Francisco, CA 94111
415-788-8354   415-788-3625 (fax)
**Defendants:**
  Consolidated Insulation, Inc. (CONSOL)

Date Created: 8/9/2011-10:38:47 AM
Created by: LitSupport - ServiceList - Reporting
Matter Number: 108497.004 - Paul Pratt
Run By : Ehni, Jane (JAE)

**Schiff Hardin LLP**
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA 94105
415-901-8700    415-901-8701 (fax)
**Defendants:**
  Owens-Illinois, Inc. (OI)

**Sedgwick LLP**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900    415-781-2635 (fax)
**Defendants:**
  General Electric Company (GE)
  Peter Kiewit Sons, Inc. (PKIEWT)

**Selman Breitman LLP**
33 New Montgomery
6th Floor
San Francisco, CA 94105
415-979-0400    415-979-2099 (fax)
**Defendants:**
  E.F. Brady Company, Inc. (BRADY)
  Pep Boys Manny Moe & Jack of California, The (PEPBOY)

**Sheppard, Mullin, Richter & Hampton LLP**
Four Embarcadero Center
17th Floor
San Francisco, CA 94111
415-434-9100    415-434-3947 (fax)
**Defendants:**
  M R C Holdings, Inc. (MRCHOL)

**Sinunu Bruni LLP**
333 Pine Street, Suite 400
San Francisco, CA 94104
415-362-9700    415-362-9707 (fax)
**Defendants:**
  Timec Company, Inc. (TIMECO)

**SNR Denton US, LLP**
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
415-882-5000    415-882-0300 (fax)
**Defendants:**
  Rapid-American Corporation (RAPID)

**Valerian, Patterson & Stratman**
1650 Harbor Bay Parkway # 100
Alameda, CA 94508
510-521-0612    510-337-0125 (fax)
**Defendants:**
  Kaiser Gypsum Company, Inc. (KAISGY)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072    415-391-6258 (fax)
**Defendants:**
  Oscar E. Erickson, Inc. (OSCAR)
  Thomas Dee Engineering Company (DEE)

**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**
525 Market Street, 17th Floor
San Francisco, CA 94105-2725
415-433-0990    415-434-1370 (fax)
**Defendants:**
  Asbestos Corporation Limited (ASBLTD)

**Yaron & Associates**
601 California Street, 21st Floor
San Francisco, CA 94108
415-658-2929    415-658-2930 (fax)
**Defendants:**
  Todd Shipyards Corporation (TODD)