EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:11-cv-01191-PCD

| | |
|---|---|
| Wolter v. General Electric Company et al | Date Filed: 07/28/2011 |
| Assigned to: Judge Peter C. Dorsey | Jury Demand: None |
| Cause: 28:1442 Notice of Removal | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Eugene Wolter**     represented by **John F. Geida**
Embry & Neusner
118 Poquonnock Road
Groton, CT 06340-1409
860-449-0341
Fax: 860-449-9070
Email: jgeida@embryneusner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**     represented by **Dan E. LaBelle**
Halloran & Sage
315 Post Rd. West
Westport, CT 06880
203-227-2855
Email: labelle@halloran-sage.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom, Inc.
*formerly known as*
Westinghouse Electric Corporation     represented by **Thomas F. Maxwell , Jr.**
Pullman & Comley
850 Main St., Po Box 7006
Bridgeport, CT 06601-7006
203-330-2252
Email: tmaxwell@pullcom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Air & Liquid Systems Corporation**
*Successor*
Buffalo Pumps, Inc.     represented by **Bryna Rosen Misiura**
Governo Law Firm LLC
Two International Place

Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: bmisiura@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Corey M. Dennis**
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
617-737-8837
Fax: 617-342-4809
Email: cdennis@morrisonmahoney.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: MSimons@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/28/2011 | 1 | NOTICE OF REMOVAL by Air & Liquid Systems Corporation from Judicial District of Fairfield at Bridgeport, case number 11-6020142-S. Filing fee $ 350 receipt number 0205-2191159, filed by Air & Liquid Systems Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service, # 4 Notice to State Court of Removal)(Simons, Michael) (Entered: 07/28/2011) |
| 07/28/2011 | 2 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corporation (Simons, Michael) (Entered: 07/28/2011) |
| 07/28/2011 | 3 | NOTICE by Air & Liquid Systems Corporation *of Pending Motions* (Simons, Michael) (Entered: 07/28/2011) |
| 07/28/2011 | 4 | Corporate Disclosure Statement by Air & Liquid Systems Corporation identifying Corporate Parent Ampco-Pittsburgh Corporation for Air & Liquid Systems Corporation. (Simons, Michael) (Entered: 07/28/2011) |
| 07/28/2011 | 5 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corporation (Misiura, Bryna) (Entered: 07/28/2011) |
| 07/28/2011 | 6 | NOTICE of Appearance by Corey M. Dennis on behalf of Air & Liquid Systems Corporation (Dennis, Corey) (Entered: 07/28/2011) |

| | | |
|---|---|---|
| 07/28/2011 | | Judge Peter C. Dorsey added. (Oliver, T.) (Entered: 07/28/2011) |
| 07/28/2011 | 7 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Peter C. Dorsey on 7/28/2011. (Garguilo, B) (Entered: 07/28/2011) |
| 07/28/2011 | 8 | Order on Pretrial Deadlines: Motions to Dismiss due on 10/28/2011. Amended Pleadings due by 9/26/2011 Discovery due by 1/27/2012 Dispositive Motions due by 2/26/2012. Signed by Clerk on 7/28/2011. (Garguilo, B) (Entered: 07/28/2011) |
| 07/28/2011 | 9 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 8 Order on Pretrial Deadlines, 5 Notice of Appearance filed by Air & Liquid Systems Corporation, 3 Notice (Other) filed by Air & Liquid Systems Corporation, 6 Notice of Appearance filed by Air & Liquid Systems Corporation, 2 Notice of Appearance filed by Air & Liquid Systems Corporation, 7 Electronic Filing Order, 1 Notice of Removal, filed by Air & Liquid Systems Corporation, 4 Corporate Disclosure Statement filed by Air & Liquid Systems Corporation. Signed by Clerk on 7/28/2011. (Attachments: # 1 Removal Standing Order)(Garguilo, B) (Entered: 07/28/2011) |
| 08/04/2011 | 10 | NOTICE of Appearance by Dan E. LaBelle on behalf of General Electric Company (LaBelle, Dan) (Entered: 08/04/2011) |
| 08/04/2011 | 11 | Corporate Disclosure Statement by General Electric Company. (LaBelle, Dan) (Entered: 08/04/2011) |
| 08/04/2011 | 12 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation *f.k.a. Viacom, Inc., Successor By Merger With CBS Corporation f.k.a. Westinghouse Electric Corporation* (Maxwell, Thomas) (Entered: 08/04/2011) |
| 08/04/2011 | 13 | Corporate Disclosure Statement by CBS Corporation. (Maxwell, Thomas) (Entered: 08/04/2011) |
| 08/04/2011 | 14 | MOTION for Joinder *of CBS in Removal of Action Filed by Air & Liquid Systems Corp as Successor by Merger to Buffalo Pumps Inc. Under 28 USC Section 1442* re 1 Notice of Removal, filed by Air & Liquid Systems Corporation by CBS Corporation. (Attachments: # 1 Exhibit A)(Maxwell, Thomas) (Entered: 08/04/2011) |


# CT Corporation

**Service of Process Transmittal**
06/30/2011
CT Log Number 518759652

**TO:** Rose Hoover, Vice Pres. Admin. and Corporate Sec.
Ampco-Pittsburgh Corporation
600 Grant Street, Suite 4600
Pittsburgh, PA 15219

**RE:** **Process Served in Pennsylvania**

**FOR:** Air & Liquid Systems Corporation (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Eugene Wolter, Pltf. vs. CBS Corporation, etc., et al. including Air & Liquid Systems Corporation, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Superior Court, J.D. of Fairfield at Bridgeport, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Harrisburg, PA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/30/2011 postmarked on 06/23/2011 |
| **JURISDICTION SERVED:** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | 07/26/2011 |
| **ATTORNEY(S) / SENDER(S):** | John F. Geida<br>Embry & Neusner<br>PO Box 1409<br>Groton, CT 06340<br>860-449-0341 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/30/2011, Expected Purge Date: 07/05/2011<br>Image SOP<br>Email Notification, Rose Hoover RHOOVER@AMPCOPGH.COM<br>Email Notification, Jess Nock jnock@ampcopgh.com<br>Email Notification, Jen Sauers jsauers@ampcopgh.com<br>Email Notification, Nicole Sayles nsayles@ampcopgh.com<br>Email Notification, Insurance Department insurance@ampcopgh.com |
| **SIGNED:** | CT Corporation System |
| **PER:** | Sabra Dudding |
| **ADDRESS:** | 116 Pine Street<br>3rd Floor, Suite 320<br>Harrisburg, PA 17101 |
| **TELEPHONE:** | 717-234-6004 |

Page 1 of 2 / RS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**Service of Process Transmittal**
06/30/2011
CT Log Number 518759652

TO: Rose Hoover, Vice Pres. Admin. and Corporate Sec.
Ampco-Pittsburgh Corporation
600 Grant Street, Suite 4600
Pittsburgh, PA 15219

RE: **Process Served in Pennsylvania**

FOR: Air & Liquid Systems Corporation (Domestic State: PA)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Continuation Sheet, Complaint | By Certified Mail on 05/19/2011 postmarked: "Not Post Marked" | Rose Hoover, Vice Pres. Admin. and Corporate Sec. Ampco-Pittsburgh Corporation | 518541992 |

Page 2 of 2 / RS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SUMMONS - CIVIL
JD-CV-1 Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for Instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06601 | ( 203 ) 579-6527 | July 26, 2011 |

| | | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District | G.A. | Bridgeport | Major: T   Minor: 20 |
| ☐ Housing Session | Number: | | |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Embry and Neusner, 118 Poquonnock Road, Groton, CT 06340 | 102932 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 860 ) 449-0341 | |

Number of Plaintiffs: 1    Number of Defendants: 3    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Wolter, Eugene<br>Address: 24 Swantown Road, Preston, CT 06365 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: General Electric Co.<br>Address: c/o CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103 | D-50 |
| Additional Defendant | Name: CBS Corporation f/k/a Viacom, Inc. s/b/m with CBS Corporation f/k/a Westinghouse Electric Corp.<br>Address: c/o Corporation Service Company, 50 Weston Street, Hartford, CT 06120 | D-51 |
| Additional Defendant | Name: Air & Liquid Systems Corporation s/b/m to Buffalo Pumps, Inc.<br>Address: c/o Secretary of Corporation, 874 Oliver Street, North Tonawanda, NY 14120-3298<br>c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101 | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>John F. Geida | Date signed |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

| Signed (Official taking recognizance; "X" proper box) | ☐ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date | Docket |
|---|---|---|---|

ATTEST: A TRUE COPY
JOSEPH ANTINERELLA
CT STATE MARSHAL

(Page 1 of 2)

Return Date: July 26, 2011

| | |
|---|---|
| EUGENE WOLTER | SUPERIOR COURT |
|     Plaintiff, | |
| v. | J.D. OF FAIRFIELD |
| GENERAL ELECTRIC COMPANY; | |
| CBS CORPORATION f/k/a VIACOM INC., | AT BRIDGEPORT |
|     successor-by-merger with CBS CORPORATION | |
|     f/k/a WESTINGHOUSE ELECTRIC | |
|     CORPORATION; | |
| AIR & LIQUID SYSTEMS CORPORATION | |
| as successor-by-merger to BUFFALO PUMPS, INC. | |

## COMPLAINT

### CLAIM ON BEHALF OF EUGENE WOLTER

### FIRST COUNT BASED ON NEGLIGENCE AND PRODUCTS LIABILITY ON BEHALF OF EUGENE WOLTER FOR PERSONAL INJURIES AND DAMAGES.

1. The plaintiff, EUGENE WOLTER, was employed as a chemical operator at Pfizer, Inc., Groton, Connecticut from on or about 1961 to 1989 and in Brooklyn, New York from on or about 1949 to 1961. Mr. Wolter also worked as a shipfitter's helper at Sullivan Dry Dock, Brooklyn, New York from on or about 1942 to 1944. His duties, work and activities caused him to work in areas where he and others were handling and working with asbestos products or products containing, involving or requiring the use of asbestos and was exposed to asbestos fibers and materials manufactured by the defendants and otherwise

placed into the stream of commerce by the defendants. The plaintiff, EUGENE WOLTER, worked in areas where he was exposed to asbestos.

2a. <u>General Electric Company</u> is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643. Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

2b. <u>CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation</u>, does business in the State of Connecticut with its principal place of business at 51 West 52nd Street, New York, New York 10019. Its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

2c. <u>Air & Liquid Systems Corporation as successor-by-merger to Buffalo Pumps, Inc.</u>, does business in the State of Connecticut with its principle place of business at 874 Oliver Street, North Tonawanda, NY 14120-3298 and an agent for service at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

3. The Defendants who are successor corporations have assumed the assets and liabilities of their predecessors, and they are responsible for the liabilities of the predecessors, both as to compensatory and as to punitive damages. As used in this Complaint, "defendant(s)" includes, unless expressly stated to the contrary above, all predecessors for whose actions plaintiff claims the named defendant(s) is(are) liable.

4. The Defendants listed in paragraphs 2a through 2c were either in the business of manufacturing, distributing and selling various products or they manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing and selling various products or that manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

5. During the Plaintiff's employment and in his duties, work and activities, he was exposed to the asbestos, asbestos products or products containing, involving or requiring the use of asbestos manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. As part of his employment and in his work, duties and activities, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

6. The illnesses of the Plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have known required or involved asbestos for use, operation or function which the defendants knew, or in the exercise of ordinary care, should have known were deleterious,

poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

7. The disability, injuries, and illness of the Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was deleterious, poisonous and highly harmful to the Plaintiff's body, lung, respiratory system, skin and health, the Defendants nonetheless:

7a. Failed to advise the Plaintiff of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

7b. Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos

related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7c. Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products,

7d. Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7e. Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

7f. Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

7g. Did not recommend methods to improve the work environment,

7h. Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

7i. Failed to provide adequate safety instructions for persons who would reasonably and forseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

7j. Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

7k. Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

7l. Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

8. The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff injuries stated herein.

9. The Defendants, as part of their business, manufactured, sold and delivered their asbestos products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently

6

dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold.

10. At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

11. The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12. The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

13. All or some of the Defendants became aware of the dangers of breathing asbestos before the Plaintiff was exposed to Defendants' asbestos, asbestos related

insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

14. Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

15. The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

16. It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

17. As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and

products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff EUGENE WOLTER is suffering from abestosis, asbestos-related lung disease, lung disease, pleural plaques and / or loss of lung function. He has endured pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he has been restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death. He suffers grief, fear and anguish over the effect his illness has and his premature death will have on his family.

### SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR EUGENE WOLTER

18. Paragraphs 1 through 17 are hereby repeated and realleged as if fully set forth.

19. The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

20. The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Plaintiff of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

21. The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Plaintiff from the known dangers of asbestos.

By _____
John F. Geida, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
jgeida@embryneusner.com



ATTEST:
A TRUE COPY
JOSEPH ANTINERELLA
CT STATE MARSHAL

Wherefore the Plaintiff, EUGENE WOLTER, claims against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this 27th day of June, 2011.

By_____
John F. Geida, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT  06340
(860) 449-0341
jgeida@embryneusner.com



11
EMBRY AND NEUSNER
P.O. BOX 1409  118 POQUONNOCK RD.  GROTON, CT 06340-1409  (860) 449-0341  JURIS NUMBER 102932

