1   MARY ELLEN GAMBINO (State Bar No. 111521)
    MICHAEL W. BOLECHOWSKI (State Bar No. 118725)
2   TANYA X. JOHNSON (State Bar No. 189811)
    GRANT E. INGRAM (State Bar No. 242785)
3   WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
4   525 Market Street, 17th Floor
    San Francisco, California 94105
5   Telephone:    (415) 433-0990
    Facsimile:    (415) 434-1370
6
    Attorneys for Defendant
7   F.P. LATHROP CONSTRUCTION COMPANY,
    a Dissolved California Corporation, erroneously
8   sued herein as, F.P. LATHROP CORPORATION,
    and LATHROP CONSTRUCTION ASSOCIATES
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF ALAMEDA

12   TIMOTHY VEST and CAROLINE VEST,        ) Case No.: RG09489518
                                            )
13                 Plaintiffs,              ) **F.P. LATHROP CONSTRUCTION**
                                            ) **COMPANY AND LATHROP**
14   v.                                     ) **CONSTRUCTION ASSOCIATES' CROSS-**
                                            ) **COMPLAINT FOR INDEMNITY,**
15   ALLIED PACKING AND SUPPLY, et al.,     ) **APPORTIONMENT AND**
                                            ) **CONTRIBUTION AND DEMAND FOR**
16                 Defendants.              ) **JURY TRIAL**
                                            )
17   _____   )
                                            )
18   F.P. LATHROP CONSTRUCTION              )
     COMPANY & LATHROP CONSTRUCTION         )
19   ASSOCIATES                             )
                                            )
20                 Cross-Complainant,       )
                                            )
21   v.                                     )
                                            )
22   ALLIED PACKING AND SUPPLY, INC.;       )
     ALTA BUILDING MATERIAL CO.; CYPRUS     )
23   AMAX MINERALS COMPANY, Individually    )
     and as Successor in Interest, Parent, Alter Ego )
24   and Equitable Trustee of CYPRUS MINES  )
     CORPORATION, SIERRA TALC &             )
25   CHEMICAL COMPANY, UNITED SIERRA        )
     DIVISION CYPRUS MINES CORPORATION      )
26   and PAUL W. WOOD COMPANY; DEAN'S       )
     MATERIALS, INC. dba CONSTRUCTION       )
27   MATERIAL SUPPLIER; DOWMAN              )
     PRODUCTS, INC.; GARLOCK SEALING        )
28   TECHNOLOGIES, LLC; GEORGE E.           )
     _____

                                        1
     F.P. LATHROP CONSTRUCTION COMPANY AND LATHROP CONSTRUCTION ASSOCIATES' CROSS-
                 COMPLAINT AND DEMAND FOR JURY TRIAL

     719598.1

1  MASKER, INC.; GEORGIA-PACIFIC f/k/a )
   GEORGIA-PACIFIC CORPORATION;          )
2  HAMILTON MATERIALS, INC.; HENKEL      )
   CORPORATION, formerly known as HENKEL )
3  LOCTITE CORPORATION, and Successor-in- )
   interest to certain assets of former DEXTER )
4  CORPORATION; HEXCEL CORPORATION; )
   HONEYWELL INTERNATIONAL, INC. f/k/a )
5  ALLIED SIGNAL, INC., successor-in-interest )
   to THE BENDIX CORPORATION; KAISER )
6  GYPSUM COMPANY, INC.; KELLY-          )
   MOORE PAINT COMPANY, INC.; KENTILE )
7  FLOORS, INC.; MCDERMOTT/SEALY, INC.;)
   MCDONNELL DOUGLAS CORPORATION; )
8  PARKER HANNIFIN CORPORATION,          )
   individually, and as successor in interest, parent,)
9  alter ego and equitable trustee of CLEVELAND )
   WHEELS & BRAKES; THE PORT OF          )
10 OAKLAND; RAYMOND INTERIOR            )
   SYSTEMS-NORTH, individually and successor)
11 in interest, parent, alter ego and equitable trustee)
   to JAMES L. WHITTAKER, INC.; WORLD )
12 AIRWAYS, INC.; THE BOEING COMPANY )
   individually and as successor in interest to )
13 BOEING NORTH AMERICAN, and as         )
   surviving entity, parent, alter ego and equitable )
14 trustee of MCDONNELL DOUGLAS          )
   CORPORATION; PECK AND HELLER;         )
15 MCGUIRE AND HESTER; ROSEDIN           )
   ELECTRIC, INC., UNIVERSITY             )
16 MECHANICAL & ENGINEERING              )
   CONTRACTORS, INC.; EANDI METAL        )
17 WORKS; WESTERN ALLIED                  )
   MECHANICAL; UNITED ACOUSTICS;         )
18 THYSSENKRUPP ELEVATOR USA-            )
   successor-in-interest to DOVER ELEVATOR )
19 COMPANY; VIKING AUTOMATIC             )
   SPRINKLER; SAN JOSE STEEL, INC.;        )
20 VALLEY SHEET METAL CO.; LASPINA       )
   PLASTERING CO.; OAKLAND                )
21 INSULATION CONTRACTORS.; STROBEL )
   AND RONGVED; and ROES 1 through 100,   )
22 inclusive (hereinafter collectively referred to as )
   "Cross-Defendants")                       )
23                                          )
                        Cross-Defendants.    )
24 _____)

25      This is a cross complaint for indemnification, apportionment and contribution against named

26 defendants in the underlying complaint.  This is also a cross complaint for indemnification,

27 apportionment and contribution against third party defendants not named as defendants in the

28 underlying complaint.

F.P. LATHROP CONSTRUCTION COMPANY AND LATHROP CONSTRUCTION ASSOCIATES' CROSS-
COMPLAINT AND DEMAND FOR JURY TRIAL

719598.1

## PRELIMINARY ALLEGATIONS

1.      F.P. LATHROP CONSTRUCTION COMPANY ("FPL") and LATHROP CONSTRUCTION ASSOCIATES ("LATHROP") are named defendants in the underlying action by Timothy Vest and Caroline Vest in the Unverified Second Amended Civil Complaint Case No: RG09489518 filed May 22, 2010.

2.      FPL is a dissolved California Corporation that was authorized to do business in the State of California.

3.      Plaintiffs contend that LATHROP is the successor in interest, parent, alter ego, and equitable trustee of FPL, all of which LATHROP denies.

4.      Upon information and belief, Cross-Defendants, and each of them, were at all times relevant hereto corporations and/or businesses authorized to do business in the State of California.

5.      FPL and LATHROP are currently ignorant of the true names of defendants sued by fictitious names (herein designated as ROES 1 through 100). FPL and LATHROP pray for leave of Court to amend their Cross-Complaint to show the names and capacities of Cross-Defendants, and each of them, when the same has been ascertained.

6.      FPL and LATHROP are informed and believe, and upon such information and belief alleges, that each of said Cross-Defendants designated herein are responsible in some manner for the happenings and events alleged and are in some manner obligated to indemnify and hold FPL and LATHROP harmless.

7.      On or about December 17, 2009, Plaintiffs Timothy Vest and Caroline Vest ("Plaintiffs") filed a civil action captioned Timothy Vest and Caroline Vest v. Allied Packing and Supply, et al., C.A. No. RG09489518, in the Superior Court of the State of California in and for the County of Alameda (the "Underlying Action").

8.      Plaintiffs filed a First Amended Complaint for Personal Injuries on May 3, 2010.

9.      Plaintiffs filed a Second Amended Complaint for Personal Injuries, which is the current operative complaint, on May 22, 2010.

///

F.P. LATHROP CONSTRUCTION COMPANY AND LATHROP CONSTRUCTION ASSOCIATES' CROSS-COMPLAINT AND DEMAND FOR JURY TRIAL

719598.1

1        10.    The Second Amended Complaint for Personal Injuries alleges causes of action for

2    negligence, breach of implied warranty, strict liability, fraud/failure to warn, conspiracy, market

3    share/enterprise liability, market share-concert of action liability, and loss of consortium.  Plaintiffs

4    are also making a claim for punitive damages.

5        11.    Plaintiffs allege the Mr. Vest suffers from malignant mesothelioma, purportedly

6    caused by exposure to asbestos-containing products manufactured, sold or supplied by numerous

7    defendants, including FPL.

8        12.    Plaintiffs claim that, among several sources of asbestos exposure, Mr. Vest was

9    exposed to asbestos brought home on his father Warren Vest's clothes, shoes and person from his

10   work at the World Airways hangar facility (the "World Airways Hangar"), located in property

11   owned by cross-defendant PORT OF OAKLAND in Oakland, California from 1965 to 1983.

12   Plaintiffs further alleged that Vest was directly exposed to asbestos from occasional visits to his

13   father's workplace at the World Airways Hangar from ages 8 to 17 (1973-1983).

14       13.    Plaintiffs claim that the building materials at the World Airways Hangar contained

15   asbestos.  Plaintiffs allege, amongst other things, that the World Airways Hangar was coated in

16   asbestos-containing fireproofing and that the hangar walls contained asbestos-containing drywall

17   and joint compound.

18       14.    Plaintiffs further claim that Mr. Vest was exposed to asbestos at the World Airways

19   Hangar at relevant times herein from asbestos containing aircraft components that were

20   manufactured by Cross-Defendant MCDONNELL DOUGLAS CORPORATION.

21       15.    Plaintiffs contend that Cross-Defendant WORLD AIRWAYS, INC. workers

22   performed maintenance at the World Airways Hangar on asbestos-containing commercial and

23   military aircraft parts, including, but not limited to Cross- Defendant MCDONNELL DOUGLAS

24   CORPORATION DC-8, DDC-10, and KC-10 aircraft parts, which were manufactured by various

25   Cross-Defendants in the Underlying Action.  These parts include, but are not limited to, heat

26   shields, insulation blankets, brake parts, clamps, gaskets, and tape.

27   ///

28

F.P. LATHROP CONSTRUCTION COMPANY AND LATHROP CONSTRUCTION ASSOCIATES' CROSS-
COMPLAINT AND DEMAND FOR JURY TRIAL
719598.1

16.     In 1997 Cross-Defendant MCDONNELL DOUGLASS CORPORATION merged with BOEING in a stock swap to create THE BOEING COMPANY.

17.     Cross-Defendant STROBEL AND RONGVED was a design firm retained by Cross-Defendant PORT OF OAKLAND to design the World Airways Hangar.

18.     FPL was a general contractor retained by Cross-Defendant PORT OF OAKLAND to coordinate the construction of the World Airways Hangar.

19.     FPL and LATHROP deny and continue to deny that they are in any way responsible for the events, happenings or damages mentioned in the complaint filed against them.  However, if FPL and LATHROP are held responsible to any party in this action, on any of the matters alleged in any complaint or cross complaint filed against them, then FPL and LATHROP are entitled to indemnity from Cross-Defendants, and each of them, for any loss that FPL and LATHROP may sustain in this matter, including all costs, attorneys' fees and/or judgments which may be rendered against them as their liability would be based either upon their passive or secondary negligence and would only arise if proximately caused by the primary, direct and active negligence of Cross-Defendants, and each of them.

20.     FPL and LATHROP are informed and believe that FPL entered into subcontract agreements with Cross Defendants GEORGE MASKER, MCDERMOTT/SEALY INC., PECK AND HELLER, MCGUIRE AND HESTER, ROSEDIN ELECTRIC, INC., UNIVERSITY MECHANICAL & ENGINEERING CONTRACTORS, INC., EANDI METAL WORKS, WESTERN ALLIED MECHANICAL, UNITED ACOUSTICS, DOVER ELEVATOR COMPANY, VIKING AUTOMATIC SPRINKLER, SAN JOSE STEEL, INC., VALLEY SHEET METAL CO., LASPINA PLASTERING CO., and OAKLAND INSULATION CONTRACTORS (hereinafter "Cross-Defendant Subcontractors") to perform various construction activities at the World Airways Hangar.

21.     FPL and LATHROP are informed and believe that these construction subcontracts included the obligation for the Cross-Defendant Subcontractors to defend, hold harmless, and indemnify FPL and the project owner for any and all liabilities, claims, damages, and causes of action arising out of or relating to their work at the World Airways Hangar.

5

22.     FPL and LATHROP are informed and believe that these construction subcontracts included the obligation for the Cross-Defendant Subcontractors to procure satisfactory insurance to protect against liability arising out of or relating to their work at the World Airways Hangar and to name FPL and the Project Owner as additional insureds on the policies.

23.     FPL and LATHROP are informed and believe that each of these Cross-Defendant Subcontractors were obligated to perform their work in a safe, defect free, and workmanlike manner so as to avoid exposing anyone to the risk of injury.

24.     FPL and LATHROP are informed and believe that each of these Cross-Defendant Subcontractors performed work which required the touching, disturbing, and modification of the asbestos containing products at the World Airways Hangar that Plaintiffs claim cause injuries to Mr. Vest that are the subject of this lawsuit.

25.     BOEING aircraft were stored and maintained at the World Airways Hangar during the time of Mr. Vest's alleged asbestos exposure.  Mr. Vest also worked in close proximity to BOEING aircraft outside the World Airways Hangar.  These BOEING aircraft also contained asbestos to which Mr. Vest was exposed.

26.     Cross Defendant STROBEL AND RONGVED owed a duty to design the World Airways Hangar in a safe and defect free manner so as to avoid exposing people to an unreasonable risk of harm.  STROBEL AND RONGVED specified the use of asbestos containing components, and their design was approved by the PORT OF OAKLAND and WORLD AIRWAYS, INC.  To the extent that FPL and LATHROP are liable to Plaintiffs, FPL and LATHROP contend that Cross-Defendants STROBEL AND RONGVED, THE PORT OF OAKLAND, and WORLD AIRWAYS, INC. are responsible to indemnify FPL and LATHROP as FPL reasonably relied on their design and specifications to coordinate the construction of the World Airways Hangar.

## FIRST CLAIM FOR RELIEF

### (Express Indemnification- Against Cross Defendant Subcontractors)

27.     Paragraphs 1 through 26 are hereby incorporated by reference.

28.     FPL entered into contracts with Cross-Defendant Subcontractors named herein.

F.P. LATHROP CONSTRUCTION COMPANY AND LATHROP CONSTRUCTION ASSOCIATES' CROSS-COMPLAINT AND DEMAND FOR JURY TRIAL

719598.1

1    28.    These contracts contained a standard indemnity provision which required the Cross-

2  Defendant Subcontractors to defend, indemnify and hold harmless FPL for any damages, claims,

3  and liability arising out of or relating to the Cross-Defendant Subcontractors' work at the World

4  Airways Hangar.  Based on Plaintiff's allegations against FPL and other Cross-Defendants in the

5  Underlying Action, any liability adjudicated against FPL and in favor of Plaintiffs will necessarily

6  have arisen out of and/or related to the work of said Cross-Defendant Subcontractors named herein

7  who had an express indemnity agreement with FPL and therefore Cross-Defendant Subcontractors

8  are required to indemnify FPL.

9    29.    If it is determined that Plaintiffs are entitled to damages from FPL and LATHROP

10  herein, FPL and LATHROP herein allege that Plaintiffs' alleged injuries and damages, if any, arose

11  out of the work performed by Cross-Defendant Subcontractors named herein and therefore FPL and

12  LATHROP are entitled to express contractual indemnity from said Cross-Defendant

13  Subcontractors, and each of them.

14    WHEREFORE, FPL and LATHROP demand that Cross-Defendant Subcontractors be

15  declared liable for all sums that may be adjudicated against FPL and LATHROP in favor of

16  Plaintiffs and that Cross-Defendant Subcontractors be ordered to indemnify FPL and LATHROP

17  for such sums and for the costs and expenses that FPL and LATHROP have incurred in defending

18  the underlying action.

19                **SECOND CLAIM FOR RELIEF**

20            (Equitable Indemnity- Against All Cross Defendants)

21    30.    Paragraphs 1 through 29 are hereby incorporated by reference.

22    31.    Based on Plaintiff's allegations against FPL, LATHROP and all Cross-Defendants in

23  the Underlying Action, any liability adjudicated against FPL or LATHROP and in favor of

24  Plaintiffs will necessarily have been premised in whole or in part on the actions of other Cross-

25  Defendants named herein.

26    32.    The actions of other Cross-Defendants, and each of them, are intervening and

27  superseding causes of any harm which Plaintiffs allegedly attribute to FPL and LATHROP.

28

33.     Cross-Defendants, and each of them, are alleged to have exposed Mr. Vest to asbestos from their respective products and/or activities in ways unrelated to FPL and LATHROP's actions.

34.     If it is determined that Plaintiffs are entitled to damages from FPL and/or LATHROP herein, FPL and LATHROP herein allege that Plaintiffs' alleged injuries and damages, if any, arose out of the work performed by Cross-Defendants named herein, including exposure to said Cross-Defendants' products, and therefore FPL and LATHROP are entitled to equitable indemnity from Cross-Defendants, and each of them.

WHEREFORE, FPL and LATHROP demand that Cross-Defendants be declared liable for all sums that may be adjudicated against FPL and LATHROP in favor of Plaintiffs and that Cross-Defendants be ordered to indemnify FPL and LATHROP for such sums and for the costs and expenses that FPL and LATHROP have incurred in defending the underlying action.

### THIRD CLAIM FOR RELIEF

### (Apportionment and Contribution)

35.     Paragraphs 1 through 34 are hereby incorporated by reference.

36.     In the alternative, if FPL and LATHROP are adjudged liable to Plaintiffs for any amount sought in the underlying action, FPL and LATHROP are entitled, under California Code of Civil Procedure § 875 et. seq. and Civil Code § 1431.2, to contribution from Cross-Defendants for any amount that FPL and LATHROP must pay in excess of their pro rata share of liability.

WHEREFORE, FPL and LATHROP demand that Cross-Defendants be adjudged liable for all sums that may be adjudicated against FPL and LATHROP in favor of Plaintiffs on the basis of both statutory and common-law principals of apportionment and contribution.

### PRAYER FOR RELIEF

WHEREFORE, FPL and LATHROP pray for judgment on its Cross Complaint as follows:

1.     For judgment in favor of FPL and LATHROP, including an order that Plaintiffs take nothing from FPL and LATHROP by way of damages or other relief; that Cross-Defendant Subcontractors who entered into contract with FPL be declared liable for all sums that may be

1  adjudicated against FPL and LATHROP, including for payment of attorney fees and costs in

2  satisfaction of the express contractual indemnity agreement.

3      2.      That all Cross-Defendants declared liable for all sums that may be adjudicated

4  against FPL and LATHROP, and that all Cross-Defendants be ordered to indemnify FPL and

5  LATHROP for such sums and for costs and expenses that FPL and LATHROP have and will incur

6  in defending the Underlying Action.

7      3.      In the alternative, for a judgment in favor of FPL and LATHROP, including an

8  award of apportionment and contribution from Cross-Defendants in the amount of any sums that

9  may be adjudicated against FPL and LATHROP in favor of Plaintiffs in the Underlying Action in

10  excess of FPL and LATHROP'S pro rata share of liability and in accordance with each Cross-

11  Defendants' adjudicated percentage of fault.

12      4.      For an award of such other and further relief as the Court shall deem just and proper.

13                              **JURY DEMAND**

14  FPL hereby demands a trial by jury on all claims.

15

16  Dated: August 3, 2011          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

17

18                          By:   _____

19                                MARY ELLEN GAMBINO
                                  MICHAEL W. BOLECHOWSKI
20                                TANYA X. JOHNSON
                                  GRANT E. INGRAM
21                                Attorneys for Defendants F.P. LATHROP
                                  CONSTRUCTION COMPANY, a Dissolved
22                                California Corporation, erroneously sued
                                  herein as, F.P. LATHROP CORPORATION,
23                                and LATHROP CONSTRUCTION
                                  ASSOCIATES
24

25

26

27

28

                                        9

**PROOF OF SERVICE**
*TIMOTHY VEST AND CAROLINE VEST v. ALLIED PACKING AND SUPPLY, et al.*
Alameda County Superior Court Case No. RG09489518

At the time of service I was over 18 years of age and not a party to this action.  I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP.  My business address is 525 Market Street, 17th Floor, San Francisco, California 94105.  My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370.  On this date I served the following document(s):

**F.P. LATHROP CONSTRUCTION COMPANY AND LATHROP CONSTRUCTION ASSOCIATES' CROSS-COMPLAINT FOR INDEMNITY, APPORTIONMENT AND CONTRIBUTION AND DEMAND FOR JURY TRIAL**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☒: **By United States Mail.**  I placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐: **By Overnight Delivery.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐: **By Messenger Service.**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☐: **By Fax Transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which was printed out, is attached.

☐: **By Electronic Service.**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

1
PROOF OF SERVICE

719598.1

1

    EXECUTED on August 3, 2011, at San Francisco, California.

2

3                                          Dorothy A. Marsh

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

719598.1

1

**SERVICE LIST**
*TIMOTHY VEST AND CAROLINE VEST v. ALLIED PACKING AND SUPPLY, et al*

2
Alameda County Superior Court Case No. RG09489518

3

4   Justin Bosl, Esq.
Andrea Huston, Esq.

5   KAZAN McCLAIN LYONS,
GREENWOOD & HARLEY
Jack London Market

6   55 Harrison Street, Suite 400
Oakland, CA  94607

7   Tel.: (510) 465-7728
Fax:  (510) 465-7728

8   Email: jbosl@kazanlaw.com
           ahuston@kazanlaw.com

9   *Attorneys for Plaintiffs*

10  MCGIVNEY, KLUGER & GLASPY
100 Pringle Avenue, Suite 750

11  Walnut Creek, CA  94596
Tel:      (925) 947-1300

12  Fax:     (925) 947-1594
*Attorneys for Kentile Floors, Inc.*

13

14

15  James C. Pettis, Esq.
BRYAN CAVE

16  120 Broadway, Suite 300
Santa Monica, CA  90401

17  Tel.: (310) 576-2100
Fax: (310) 576-2200

18  Email:  james.pettis@bryancave.com
*McDonnell Douglas Corp.*

19

20  D. Paul Bird, II, Esq.
MCKENNA LONG & ALDRIDGE LLP

21  101 California Street, 41st Floor
San Francisco, CA  94111

22  Tel.: (415) 267-4000
Fax.: (415) 267-4198

23  Email: pbird@mckennalong.com
*Attorneys for Hexcel Corporation*

24

25

26

27

28

Evanthia Spanos, Esq.
BERRY & BERRY
2930 Lakeshore Ave.
P.O. Box 16070
Oakland, CA  94610
Tel:  510-250-0200
Fax:  510-835-5117
Email: evanthias@berryandberry.com
          calendardept@berryandberry.com
*Designated Defense Counsel*

Jennifer Judin, Esq.
DEHAY & ELLISTON, LLP
1300 Clay Street, Suite 840
Oakland, CA  94612
Tel.: (510) 285-0750
Fax: (510) 285-0740
jjudin@dehay.com
*Attorneys for Kaiser Gypsum Company, Inc.*

Mark G. Intrieri, Esq.
Jessica A. Fakhimi, Esq.
CHAPMAN & INTRIERI
2236 Mariner Square Drive, Suite 300
Alameda, CA  94501-1090
Tel.: (510) 864-3600
Fax: (510) 864-3601
Email:  mintrieri@chapmanandintrieri.com
          jfakhimi@chapmanandintrieri.com
*Attorneys for Henkel Corporation*

Mark S. Geraghty Esq.
MCKENNA, LONG & ALDRIDGE, LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA  90071-3124
Tel.: (213) 688-1000
Fax.: (213) 243-6330
Email:  mgeraghty@mckennalong.com
*Attorneys for Hexcel Corporation*

719598.1

1
Michael T. McCall, Esq.
WALSWORTH, FRANKLIN, BEVINS &
2
McCALL, LLP
601 Montgomery Street, Ninth Floor
3
San Francisco, CA  94111-2612
Tel.: (415) 781-7072
4
Fax: (415) 391-6258
Email:  mmccall@wfbm.com
5
*Attorneys for Dowman Products, Inc.*

6
Diane Gorczyca, Esq.
PERKINS COIE LLP
7
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111
8
Tel.: (415) 344-7000
Fax.: (415) 344-7288
9
Email:  dgorcyzca@perkinscoie.com
*Attorneys for Georgia-Pacific LLC*
10

11

12
Merton A. Howard, Esq.
HANSON BRIDGETT LLP
13
425 Market Street, 26th Floor
San Francisco, CA  94105
14
Tel:    (415) 777-3200
Fax:    (415) 541-9366
15
Email: mhoward@hansonbridgett.com
*Attorneys for Port of Oakland*
16

17
Theodore T. Corderey, Esq.
IMAI, TADLOCK, KEENEY & CORDEREY
18
100 Bush Street, Suite 1300
San Francisco, CA  94104
19
Tel:    (415) 675-7000
Email: tcorderey@itkc.com
20
*Attorneys for Allied Packing & Supply*

21

22

23

24

25

26

27

28

Richard Dumont, Esq.
SELMAN * BREITMAN, LLP
33 New Montgomery Street, Sixth Floor
San Francisco, CA  94105
Tel.: (415) 979-0400
Fax: (415) 979-2099
Email:  rdumont@selmanbreitman.com
*Attorneys for Alta Building Materials Co.,
and Kentile Floors, Inc.*

James Goldberg, Esq.
Stephanie Blazewicz, Esq.
BRYAN CAVE
Two embarcadero center, Suite 1410
San Francisco, CA  94111
Tel.: (415) 675-3400
Fax: (415) 675-3434
Email: jim.goldberg@bryancave.com
        Stephanie.blazewicz@bryancave.com
*Attorneys for World Airways, Inc.*

Michele Heffes, Esq.
Port of Oakland Legal Department
530 Water Street, 4th Floor
P.O. Box 2064
Oakland, CA  94607
Tel:    (510) 627-1348
Fax:    (510) 444-2093
Email: mheffes@portofoakland.com
*Attorneys for Port of Oakland*

719598.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PROOF OF SERVICE

*TIMOTHY VEST AND CAROLINE VEST v. ALLIED PACKING AND SUPPLY, et al*
Alameda County Superior Court Case No. RG09489518

At the time of service I was over 18 years of age and not a party to this action.  I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP.  My business address is 525 Market Street, 17th Floor, San Francisco, California 94105.  My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370.  On this date I served the following document(s):

**SUMMONS ON CROSS-COMPLAINT AND F.P. LATHROP CONSTRUCTION COMPANY AND LATHROP ASSOCIATES' CROSS-COMPLAINT FOR INDEMNITY, APPORTIONMENT AND CONTRIBUTION AND DEMAND FOR JURY TRIAL**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☐: **By United States Mail.**  I placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐: **By Overnight Delivery.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐: **By Messenger Service.**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☐: **By Fax Transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which was printed out, is attached.

☒: **By Electronic Service.**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

729355.1

Bo Kim, Esq.
Perkins Coie, LLP
bkim@perkinscoie.com
Attorneys for Cross-Defendant,
The Boeing Company

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on August 5, 2011, at San Francisco, California.

Dorothy A. Marsh

729355.1