```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | : <br> : | Consolidated Under<br>MDL DOCKET NO. 875 |
| MICHAEL LANGLOIS AND GAYLE<br>LANGLOIS | : | |
| v.<br>VARIOUS DEFENDANTS | : <br> : <br> : | Transferred from the Central<br>District of California<br>(2:10-cv-01081-R-VBK) |
| | : | E.D. PA No. 2:10-cv-69385 |

FILED AUG 11 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **10th** day of **August, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that, as to the above-captioned case:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions.

e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

f.) Plaintiff has informed the Court that the remaining viable Defendants in this case to be pursued at trial are:

1

   i.   Ingersoll-Rand Co.

   ii.  Borg-Warner Corporation

   iii. Honeywell International, Inc.

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the Central District of California for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL 875 |
| GERALD AND JUDITH HOFFEDITZ | : : | |
| v. | : | Case No. 09-70103 |
| VARIOUS DEFENDANTS | : : : : | Transferred from the District of New Jersey (Case No. 09-cv-257) |

FILED
AUG 11 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### SUGGESTION OF REMAND

**AND NOW,** this **10th** day **August, 2011,** it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that, as to the above-captioned case:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) Settlement conferences have been held in front of the Honorable Magistrate Judge M. Faith Angell, and these negotiations have been exhausted as to the remaining viable defendants.

1

e.) The Court has adjudicated all outstanding motions.[1]

f.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

g.) The remaining viable Defendants in this case to be pursued at trial are:

    i. AM General LLC

    ii. Arvin-Meritor Inc.

    iii. Cummins, Inc.

    iv. Ford Motor Company

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the District of New Jersey for resolution of all matters pending within this case except punitive damages.[2]

---

[1] The Court denied without prejudice Defendants' Joint Motion for Summary Judgment Based on the Lack of Admissible Expert Testimony as to Causation.

This Court has jurisdiction over all "coordinated or consolidated pretrial proceedings." See 28 U.S.C. § 1407(a). It is well-established that "great weight" is given to a transferee judge's determination that remand is appropriate, as it is within the transferee judge's discretion to determine when "he or she perceives his or her role to have ended." In Re Baseball Bat Antitrust Litigation, 112 F. Supp. 2d 1175, 1176 (J.P.M.L. 2000) (internal citations and modifications omitted).

As Defendants' motion concerns the sufficiency of Plaintiffs' medical causation experts, the Court finds that the motion is more appropriate for adjudication by the trial judge in the instant case.

[2] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

---

damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| CHARLES KING | : | |
| v. | : | Transferred from the Eastern District of Virginia |
| AMCHEM PRODUCTS, INC., ET AL. | : | (09-03268) |
| | : | |
| | : | E.D. PA No. 09-93731 |

FILED AUG 11 2011 MICHAEL E. KUNZ, Clerk By ___ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **10th** day of **August, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that, as to the above-captioned case:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) The Court has adjudicated all outstanding motions.

e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

f.) The remaining viable Defendants in this case to be pursued at trial are:

    i.    Rapid American Corporation

1

        ii.   Owens-Illinois, Inc.

        iii.  International Paper Corporation

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the Eastern District of Virginia for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

                                **AND IT IS SO ORDERED.**

                                _/s/ Eduardo C. Robreno_

                                **EDUARDO C. ROBRENO, J.**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | : <br> : | Consolidated Under<br>MDL DOCKET NO. 875 |
| RICHARD ARCHER | : | |
| v. | : | Civil Action No. 09-cv-70093 |
| MEAD CORPORATION, ET AL. | : | Transferred from the Northern<br>District of Alabama (05-02466) |
| REBEKKAH RIGGS | : | |
| v. | : | Civil Action No. 09-cv-70094 |
| MEAD CORPORATION, ET AL. | : | Transferred from the Northern<br>District of Alabama (05-02472) |
| ALFRED MCGUFFIE | : | |
| v. | : | Civil Action No. 09-cv-70095 |
| MEAD CORPORATION, ET AL. | : | Transferred from the Northern<br>District of Alabama (05-02473) |

FILED
AUG 11 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW,** this **10th** day **August, 2011,** it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court

1

finds that, as to the above-captioned case:

    a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

    b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

    c.) All discovery has been completed.

    d.) The Court has adjudicated all outstanding motions.

    e.) The Court finds that this case is prepared for trial without delay once on the transferor court's docket.

    f.) The remaining viable Defendants in this case to be pursued at trial is:

    Meadwestvaco Corporation

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the Northern District of Alabama for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven**

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

**(7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | Consolidated Under MDL DOCKET NO. 875 |
| HARVEY LEE AND ANNIE MONTGOMERY | Case No. 10-78939 |
| v. | Transferred from the Northern District of Alabama |
| LONG-LEWIS, INC. | (Case No. 10-00021) |

FILED AUG 11 2011 MICHAEL E. KUNZ, Clerk By _____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **10th** day **August, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that, as to the above-captioned case:

a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

c.) All discovery has been completed.

d.) Settlement conferences have been held in front of the Honorable Magistrate Judge Thomas J. Rueter, and these negotiations have been exhausted as to the remaining viable defendants.

e.) The Court has adjudicated all outstanding motions.

f.) The Court finds that this case is prepared for trial

1

without delay once on the transferor court's docket.

g.) The remaining viable Defendants in this case to be pursued at trial are:

    i.   Metropolitan Life Insurance Corporation

    ii.  Noland Company

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the Northern District of Alabama for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

2

vacated.                                                          10-78939

                        **AND IT IS SO ORDERED.**

                        _____
                        **EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | : | Consolidated Under<br>MDL DOCKET NO. 875 |
| EVELYN MATTOX, Executor<br>of the Estate of WILLIAM<br>D. MATTOX, Deceased | : | Case No. 07-73489 |
| v. | : | |
| | : | Transferred from the Western<br>District of North Carolina |
| LONG-LEWIS, INC. | : | (Case No. 07-00314) |

FILED AUG 11 2011 MICHAEL E. KUNZ, Clerk By _____ Dep. Clerk

## SUGGESTION OF REMAND

**AND NOW**, this **10th** day **August, 2011**, it is hereby **ORDERED** that, upon review of the above captioned case under MDL-875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the Court finds that, as to the above-captioned case:

  a.) Plaintiff has complied with MDL-875 Administrative Orders 12 and 12A.

  b.) Parties have completed their obligations under the Rule 16 order issued by the Court.

  c.) All discovery has been completed.

  d.) Settlement conferences have been held in front of the Honorable Magistrate Judge M. Faith Angell, and these negotiations have been exhausted as to the remaining viable defendants.

  e.) The Court has adjudicated all outstanding motions.

  f.) The Court finds that this case is prepared for trial

1

without delay once on the transferor court's docket.

g.) Plaintiffs' counsel has informed the Court that the remaining viable Defendants in this case to be pursued at trial are:

    i.    Warren Pumps LLC
    ii.   Crane Co.
    iii.  General Electric Company

Accordingly, the Court **SUGGESTS** that the below-listed cases should be **REMANDED** to the United States District Court for the Western District of North Carolina for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania. In such an event, if consent is granted, a trial will be scheduled

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania. See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).

2

within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**