# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6192 PA (AGRx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | Richard Keeney, et al. v. A.W. Chesterton Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

        Before the Court is a Motion to Remand filed by plaintiffs Richard Keeney and Howard J. Garcia (collectively "Plaintiffs"). (Docket No. 9.) Defendants Foster Wheeler LLC ("Foster")[1/] and General Electric Company ("GE") (collectively "Defendants") have filed Oppositions. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for August 29, 2011, is vacated, and the matter taken off calendar.

I.      Factual and Procedural Background

        Plaintiffs allege claims for negligence, breach of implied warranty, strict products liability, fraud, and loss of consortium arising out of Keeney's exposure to asbestos-containing products manufactured, fabricated, installed, or otherwise distributed by the defendants. The Second Amended Complaint alleges that Keeney was exposed to the asbestos in the defendants' products while working on various construction jobs in Santa Clara County, California from 1954 to 1958, while working at C&H Sugar in Crocket, California from 1979 to 1995, and while working in automotive repair between the 1940s and 1960s. Plaintiffs commenced the action in Los Angeles Superior Court on March 15, 2011 against numerous defendants, including Defendants. A First Amended Complaint was filed on June 1, 2011 and a Second Amended Complaint on July 25, 2011. Foster filed a Notice of Removal on July 27, 2011 based on Keeney's military records, which it received on July 7, 2011. GE filed a joinder to the Notice of Removal on August 3, 2011.

II.     Legal Standard

        Both the Notice of Removal and the joinder are based on 28 U.S.C. § 1442(a)(1)'s federal officer removal statute. 28 U.S.C. § 1442(a) provides, in relevant part:

---

        [1/]        Foster notes that it was erroneously sued as "Foster Wheeler USA Corporation."

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6192 PA (AGRx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | Richard Keeney, et al. v. A.W. Chesterton Co., et al. | | |

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

28 U.S.C. § 1442(a).

Suits against federal officers are an exception to the general rule that a case is removable only if the federal question appears on the face of a properly pleaded complaint. <u>See</u> <u>Jefferson County v. Acker</u>, 527 U.S. 423, 431, 119 S. Ct. 2069, 2075, 144 L. Ed. 2d 408 (1999). "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." <u>Id.</u> "A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" <u>Durham v. Lockheed Martin Corp.</u>, 445 F.3d 1247, 1251 (9th Cir. 2006) (quoting <u>Jefferson County</u>, 527 U.S. at 431, 119 S. Ct. 2075, 144 L. Ed. 2d 408 and citing <u>Mesa v. California</u>, 489 U.S. 121, 124-25, 131-35, 109 S. Ct. 959, 962, 965-67, 103 L. Ed. 2d 99 (1989)).

In removing the action pursuant to the federal officer removal statute, Defendants claim that they are entitled to assert the "military contractor defense." The military contractor defense shields contractors from liability for state tort law for defects in military equipment supplied to the United States when: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." <u>Boyle v. United Technologies Corp.</u>, 487 U.S. 500, 512, 108 S. Ct. 2510, 2518, 101 L. Ed. 2d 442 (1988).

III.     <u>Analysis</u>

Defendants note that none of the pleadings mentioned Keeney's military service, and so they could not have removed based on the pleadings. However, on July 7, 2011 Defendants received a copy of Keeney's military records revealing that Keeney had served in the U.S. Navy from 1959 to 1974 and then worked at Mare Island Naval Shipyard from 1974 to 1979. The Notice of Removal also notes that "[i]t is alleged that he was exposed to asbestos while serving on, among other ships, the USS Enterprise (CVAN/CVN-65)." ("USS Enterprise"). (Notice of Removal ¶ 2.) Defendants confirm that they supplied steam generators and turbines for the U.S. Navy for use on the USS Enterprise. Therefore, Defendants claim that they may assert the military contractor defense because they were acting as an officer or agency of the United States when they supplied equipment for the U.S. Navy.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6192 PA (AGRx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | Richard Keeney, et al. v. A.W. Chesterton Co., et al. | | |

Plaintiffs argue that they have disclaimed any claim that could allow this Court to exercise jurisdiction pursuant to the federal officer removal statute. Specifically, each version of the complaint alleges:

> As to each and every defendant, Plaintiffs do not herein allege or claim any exposure under any of the following causes of action at this time with regard to any product, action, place or activity relating to any military and/or government products; any asbestos-related exposure relating to military and/or governmental products, any actions by a federal officer; or activities related in any way to any federal enclave. This Complaint does not nor intends to in any way assert claims based on federal subject matter jurisdiction.

(Complaint, First Amended Complaint, Second Amended Complaint, ¶ 8.) None of the complaints allege that Keeney was exposed to asbestos while working for the U.S. Navy. Defendants' assertion that Plaintiffs allege exposure while Keeney was on the USS Enterprise appears to based on Plaintiffs' responses to interrogatories, which were served on Defendants on July 11, 2011.[2] See (Guzman Decl., Ex. 4.) Plaintiffs' responses state that Keeney may have been exposed to asbestos during his time aboard the USS Enterprise. These responses do not, as Defendants claim, state that Plaintiffs plan to pursue Defendants for recovery of damages based on such exposure. In fact, Plaintiffs' response is immediately followed by a disclaimer:

> NOTE: None of plaintiffs' claims in this matter against defendants . . . Foster Wheeler USA Corporation . . . [and] General Electric Company . . . are based upon any claims of asbestos exposure from any of these defendants' products, materials or equipment used aboard any U.S. Navy or U.S. government ship, vessel, enclave or installation.

(Id., Ex. 4, p. 7.)

While it is true that disclaimers are not always determinative of jurisdiction, other district courts have found similar language sufficient to waive any claims which might form a basis for federal question jurisdiction. See Powers v. Allis-Chalmers Corp. Prod. Liab. Trust, No. 10-01921 CW, 2010 WL 2898287 at *2 (N.D. Cal. July 21, 2010); Debrocke v. Allis-Chalmers Corp. Prod. Liab. Trust, No. 09-01456 CW, 2009 WL 1464153 at *2 (N.D. Cal. May 26, 2009); Madden v. A.H. Voss Co., No. C 09-03786 JSW, 2009 WL 3415377 at *3 (N.D. Cal. Oct. 21, 2009); Westbrook v. Asbestos Defendants (BHC), No. C 01-1661 VRW, 2001 WL 902642 at *3 (N.D. Cal. July 31, 2001). Like these other district courts, this Court sees no reason why Plaintiffs may not choose to waive claims against Defendants for certain instances of exposure. Having waived such claims, Plaintiffs have effectively defeated this Court's jurisdiction. "If Plaintiff[s] later attempt[] to reverse course, and [are] allowed to

---

[2] GE cites this document in its joinder to the Notice of Removal.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-6192 PA (AGRx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | Richard Keeney, et al. v. A.W. Chesterton Co., et al. | | |

do so by the state court despite [their] express waiver, [Defendants] can remove again." Powers, 2010 WL 2898287 at *2.

Defendants cite several cases in which a plaintiff's disclaimer was insufficient to defeat federal question jurisdiction. However, those cases are inapposite because the complaints in those cases indicated elsewhere that the plaintiffs intended to pursue the defendant for liability based on the exposure to asbestos while serving in the military. See In re Asbestos Prods. Liab. Litig. (No. VI), No. 2:10-cv-67141, 2011 WL 925414 at *4 (E.D. Pa. Mar. 16, 2011)(finding disclaimer to be ineffective when the only basis for liability alleged against the defendant in the complaint was plaintiff's exposure while on U.S. Naval ships); Machnik v.Buffalo Pumps Inc., 506 F. Supp. 2d 99, 103 n.1 (D. Conn. 2007)(same); Ballenger v. Agco Corp., No. C 06-2271 CW, 2007 WL 1813821 at *2 & n.2 (N.D. Cal. June 22, 2007)(finding disclaimer ineffective when it waived federal claims but did not waive "any claims arising out of work done on U.S. Navy vessels"). For instance, Foster cites this Court's decision in Oberstar v. GE, et al., CV 08-118 PA (JWJx) (C.D. Cal. Feb. 11, 2008), in which this Court found that the plaintiff's disclaimer did not defeat jurisdiction under the federal officer removal statute. What Foster fails to mention, however, is that the disclaimer in that case specifically excluded any exposure while on a U.S. Navy vessel, thus demonstrating that the plaintiff intended to pursue such claims. Similarly, this Court's decision in Edgardo Salamante, et al. v. Quintec Industries, Inc., et al., CV 08-4674 PA (JTLx) (C.D. Cal. Sept. 22, 2008) (attached to Foster's Opposition as Exhibit 19) was based on the fact that the plaintiffs' disclaimer specifically excluded liability based on the defendants' failure to warn, thus demonstrating that the plaintiffs still intended to seek damages arising from exposure to asbestos while the plaintiff was aboard U.S. Naval vessels.

GE also argues that Plaintiffs' disclaimer is ineffective because Plaintiffs have no claim against GE other than one based on Keeney's exposure during his military service. GE acknowledges that Plaintiffs allege that Keeney was exposed to GE products containing asbestos during his employment at C&H Sugar from 1979 to 1995. Nevertheless, GE claims that it cannot be held liable for any exposure during this period, since state and federal regulations in effect at that time required employers to provide safe working environments. Thus, GE contends, any exposure during Keeney's employment at C&H Sugar would be a result of his employer's negligence in violating state and federal regulations. However, GE has not explained why the possibility that Keeney's employers were negligent necessarily precludes Plaintiffs from recovering against GE. A product manufacturer is not automatically absolved of liability just because an employer is also subject to tort liability. See, e.g., Collins v. Plant Insulation Co., 185 Cal. App. 4th 260, 273-76, 110 Cal. Rptr. 3d 241, 250-52 (2010)(determining the rules for allocation of liability for asbestos exposure among the U.S. Navy, other private employers of the plaintiff, and product distributors). Contrary to GE's claims, Plaintiffs' disclaimer is not a disingenuous attempt at artful pleading.

Finally, Plaintiffs request their costs in connection with this Motion to Remand. See 28 U.S.C. § 1447(c). Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6192 PA (AGRx) | Date | August 9, 2011 |
|---|---|---|---|
| Title | Richard Keeney, et al. v. A.W. Chesterton Co., et al. | | |

under this section is left to the district court's discretion.  Martin v. Franklin Capital Corp., 546 U.S. 132, 139, 126 S. Ct. 704, 710, 163 L. Ed. 2d 547 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Id. at 141, 126 S. Ct. at 711 (emphasis added); see also Gardner v. UICI, 508 F.3d 559, 562 (9th Cir. 2007).  Despite the Court's conclusion that this action should be remanded, the Court finds that Defendants had an objectively reasonable basis for filing the Notice of Removal, as it was not entirely clear whether Plaintiffs' disclaimer would be sufficient to defeat removal.  The Court therefore declines to award attorneys' fees and costs to Plaintiffs.

<u>Conclusion</u>

For the foregoing reasons, the Court concludes that it lacks jurisdiction over this action. Accordingly, Plaintiff's Motion is granted and the Court remands this action to the Los Angeles County Superior Court, No. BC457255, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c). Plaintiffs' Ex Parte Application to Shorten Time for Hearing (Docket No. 23) and GE's Motion to Stay Case (Docket No. 25) are denied as moot.

IT IS SO ORDERED.