BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION MDL DOCKET NO.

875

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | ) | CIVIL NO. 11-00405LEK/BMK |
| LIABILITY LITIGATION (NO. VI) | ) | |
| | ) | |
| This Document Relates To: | ) | **MDL-875** |
| _____ | ) | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IN RE: | ) | CIVIL NO. 11-00406 LEK/BMK |
| HAWAII STATE ASBESTOS CASES | ) | |
| | ) | |
| This Document Applies To: | ) | |
| | ) | |
| ROGER E. NELSON and | ) | |
| ROSALIE J. NELSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 1) CRANE COMPANY, etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**IMO INDUSTRIES, INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE
THE CONDITIONAL TRANSFER ORDER**

IMO Industries, Inc. ("IMO" or "Defendant") hereby opposes Plaintiffs Roger E. Nelson

and Rosalie J. Nelson's ("Plaintiffs") Motion to Vacate this Panel's Conditional Transfer Order

("Motion to Vacate") issued in the above-styled civil action ("CTO-421").

CTO-421 is consistent with this Panel's prior precedents and with the principles

underlying the creation of MDL-875.  Transfer of this asbestos action to MDL-875 is appropriate

"for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products." In re Asbestos Products Liab. Litig. (No. VI), 170 F. Supp. 2d 1348, 1349 (J.P.M.L. 2001).  Pursuant to this mandate, the Judicial Panel on Multidistrict Litigation (the "Panel") has transferred numerous asbestos personal injury cases just like this one to MDL-875, which is competent to decide a variety of issues including jurisdictional challenges.  Consolidation of these asbestos cases serves the convenience of the parties and witnesses, and promotes the just and efficient conduct of the litigation.  Further, the Panel has routinely transferred these cases over the very objections raised by Plaintiffs.

Indeed all of Plaintiffs' claims have repeatedly been rejected by the Panel.  In the Complaint filed in this action, Plaintiffs allege that Roger Nelson was injured by asbestos exposure during his service in the U.S. Navy.  After Defendant removed this case, the Panel issued CTO-421.  Plaintiffs moved to vacate the Conditional Transfer Order on the grounds that: (1) Plaintiffs' motion for remand is pending; (2) the U.S. District Court for the District of Hawaii is most properly suited to decide Plaintiffs' motion to remand because it will follow Ninth Circuit precedent in deciding the motion while MDL-875 will not; and (3) living mesothelioma claims should not be transferred to MDL-875.  Each of these arguments has been rejected by the Panel.  Accordingly, Plaintiffs' motion should be denied.

## I.      MDL-875 IS COMPETENT TO DECIDE PLAINTIFFS' REMAND MOTION

Jurisdictional objections alone are not grounds for opposing transfer of a case to an MDL. *See In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969), *See also* 32A Am. Jur. 2d Federal Courts § 1512 (2011); *In re Vioxx Products Liability Litigation*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) (Panel held that the pendency of a motion to remand to state court is not a

2

sufficient basis to avoid inclusion in Section 1407 proceedings).  The fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceeding.  *See In re Antibiotic Drugs*, 299 F. Supp. 1403, 1405 (J.P.M.L. 1969).

Likewise, the Panel has the authority to transfer a case like this in which a motion to remand to state court is pending.  *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *See also e.g. Wolgamott v. Asbestos Defendants*, 2010 U.S. Dist. LEXIS (N.D. Ca. 2010); *In re California Retail Natural Gas and Electric Antitrust Litigation,* 150 F. Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone Inc.*,  151 F. Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyer v. Bayer*, 143 F. Supp.2d 1044, 1047 (E.D.Wis. 2001).

Moreover, it is within the transferee court's authority to determine jurisdictional issues when raised.  As expressly provided by 28 U.S.C. § 1407(a), the Panel will, after briefing by all interested parties, determine whether the case is appropriate for transfer or remand.  *See* 28 U.S.C. § 1407(a); *See also In re Roberts*, 178 F.3d 181 (Pa. 1999) (Under statue governing transfer and remand of cases in multidistrict litigation, power to remand lies with Panel on Multidistrict Litigation).

Plaintiffs' assertions that transfer of this case to MDL-875 while a remand motion is pending in the local District Court would inconvenience the parties and impede the just and efficient administration of this action has been expressly rejected by the Panel.  "Plaintiffs in these actions have argued in essence that transfer should be denied . . . in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest" as the transferor courts have adequate time to rule on such pending motions before a final transfer order is issued. *In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349, n. 1. (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, 560 F.Supp.2d 1348, 1367 (J.P.M.L. 2008)(transferring 8

asbestos claims were plaintiffs moved to vacate the conditional transfer orders pending the

transferring District Court's ruling on motions to remand).

> **II.     THE HAWAII DISTRICT COURT IS NOT BETTER SUITED TO DECIDE THE MOTION TO REMAND THAN MDL-875 AND THE COURTS WILL FOLLOW THE SAME ANALYSIS WITH RESPECT TO DETERMINING FEDERAL OFFICER JURISDICTION**

Under Ninth Circuit law, the government contractor defense is a colorable federal

defense and applies to failure to warn claims. *See Getz, et al. v. The Boeing Co., et al.,* 2011

U.S. App. LEXIS 15877, *11-*34 (9th Cir. 2011) (United States Court of Appeals for the Ninth

held that the government contractor defense bars each of Plaintiffs' state-law claims, including

state-law duty to warn); *See also Rodriguez v. Lockheed Martin Corp.*, 627 F.3d 1259, 1265 (9th

Cir. 2010) (applying Hawaii law, a federal court recognized the government contractor defense

as a colorable federal defense).  The recent *Getz* decision expressly rejected Plaintiffs' narrow

application of the government contractor defense in failure to warn claims.  Accordingly

Plaintiffs' argument that transfer should be vacated to allow proper interpretation under Ninth

Circuit law fails.

Indeed, Plaintiffs' motion to remand is premised almost entirely on an inaccurate

interpretation of Ninth Circuit law.  Contrary to Plaintiffs' assertions, however, the Ninth Circuit

does not require a defendant to prove that the government affirmatively precluded the warnings

in question to satisfy the *Boyle* standard. *See* Motion, at 5.  Likewise, in claims based upon a

failure to warn theory, a majority of circuits have stated expressly that contractors need not show

an express government prohibition on a certain type of warning, but rather, must establish only

that the government exercised its discretion regarding warnings to be placed on a defendant's

product. *Getz* at *11, slip op. at 9975-6; *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1003 (7th

Cir.1996), *cert. denied*, 520 U.S. 1116, 117 S.Ct. 1246, 137 L.Ed. 2d 328 (1997); *In re Joint*

*Eastern & Southern District New York Asbestos Litigation*, 897 F.2d 626 (2d Cir.1990);

*Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431, 437 (5th Cir. 2000); *Tate v. Boeing Helicopters*, 140 F.3d 654, 660 (6th Cir. 1998); *Hagen*, 739 F. Supp. 770; *Faddish*, 2010 WL 4146108, at *8-9 & n.6 (granting summary judgment on the government contractor defense while holding that "[t]he prevailing view is that an independent contractor does not have to show an express government prohibition on all warnings," and recognizing that the prohibition requirement has been "rejected by every Circuit court to consider the issue, as well as district courts in this circuit"); *O'Connell*, 544 F. Supp. 2d at 58 n.12 (holding that "the weight of the cases suggest that there is no 'strict requirement that the government "prohibit" warnings altogether or "dictate" the contents of the warnings actually incorporated' ") (quoting *Oliver*, 96 F.3d at 1004 n.8).

The *Getz* decision expressly clarified two prior Ninth Circuit opinions that have been misinterpreted by some courts and regularly cited by plaintiffs, including here, for the proposition that the Ninth Circuit required defendants to produce evidence that the government prohibited warnings. Specifically, the unanimous three-judge panel in *Getz* rejected these flawed interpretations of the prior Ninth Circuit opinions stating:

> We are not persuaded by Plaintiffs' suggestion that our decisions in *Butler* and *Hawaii Federal Asbestos* limit the defense to cases in which the government specifically forbids warnings altogether or to instances where the government explicitly dictates the content of the warnings adopted. These cases only require that governmental approval (or disapproval) of particular warnings "conflict" with the contractor's "duty to warn under state law." *Butler*, 89 F.3d at 586; see also *Haw. Fed. Asbestos*, 960 F.2d at 813 (rejecting the defense where the government's specifications were silent about warnings). To read these cases as limiting preemption to those instances where the government forbids additional warning or dictates the precise contents of a warning would be inconsistent with the Court's decision in *Boyle*. *See Oliver*, 96 F.3d at 1004 n. 8 (rejecting plaintiff's argument that *Butler and Hawaii Federal Asbestos* could be interpreted as imposing such a "rigid" rule). *Boyle* makes clear that government discretion, rather than dictation, is the standard. 487 U.S. at 512–13.

5

*Getz*, 2011 WL 3275957, at \*11, slip op. at 9975-6.

For asbestos claims in particular, the Judge presiding over MDL-875, the Federal Multidistrict Litigation Judge tasked with determining common issues of federal law applicable to all asbestos claims, has repeatedly denied motions to remand in cases removed on the basis of federal officer jurisdiction.  *See e.g. Hagen v. Benjamin Foster*, 739 F. Supp. 2d 770, 783 (MDL No. 875 2010) (holding "For policy reasons, Congress has erected a road to federal court for litigants who can invoke a federal defense.  It is not the Court's role to impose judicially created tolls on those who seek to travel on it."); *In re Asbestos Products Liability Litigation (No. VI)*, 2011 WL 925414, at \*4-6 (MDL No. 875 March 16, 2011); *Stone v. Various Defendants*, No. 2:09-cv-93726-ER, at 3 n.1 (MDL No. 875 March 22, 2011); *Neubrand v. Various Defendants*, No. 2:10-78901, at 2-3 n.1 (MDL No. 875  Feb. 3, 2011); *Rabovsky v. Air & Liquid Systems*, No. 10-3202 (MDL No. 875 July 28, 2011); *Constantinides v. Alfa Laval*, No. 09-70613 (E.D. Pa. July 28, 2011); *Floyd v. Air & Liquid Systems*, No. 10-69379 (MDL No. 875 July 29, 2011).

In accordance with Ninth Circuit and MDL-875 precedent, IMO, in its Removal Petition, has provided a colorable government contractor defense under the modified *Boyle* standard that is applied to warning cases.  *Getz* confirmed that a government contractor in a failure-to-warn claim must show that it acted in compliance with "reasonably precise specifications imposed on it by the United States in deciding whether to provide a warning."  *Getz* at \*10, slip. op. at 9974. Accordingly, Plaintiffs' remand motion will fail under Ninth Circuit law regardless of whether the motion is heard by MDL-875 or the Hawaii District Court.

III.   **TRANSFER TO MDL-875 DOES NOT VIOLATE PLAINTIFFS' DUE PROCESS RIGHTS BECAUSE THE PRETRIAL PROCEEDINGS CAN BE TAILORED TO ACCOMMODATE MR. NELSON'S HEALTH**

Plaintiffs argue that living mesothelioma claims should not be transferred to MDL-875. Plaintiffs claim they may be denied their day in court if this case were transferred to the MDL because Mr. Nelson is not likely to survive the conclusion of pretrial proceedings.  The fact that Mr. Nelson's health is deteriorating, however, is not a valid basis for vacating the Conditional Transfer Order.

The transferee court can and has exercised its discretionary power to tailor pretrial proceedings to accommodate the exigencies of asbestos litigation, which includes prioritizing cases for trial based on the severity of a claimant's injury. *See In re Patenaude*, 210 F.3d 135, 140 (3d Cir.2000) (noting the transferee court's administrative order prioritizing for mediation cases involving mesothelioma and certain lung cancers); *see also In re Asbestos Products Liability Litigation (No. VI)*, No. Civ. A No. MDL 875, 1996 WL 539589 (E.D.Pa. Sept. 16, 1996) (noting that the court has prioritized malignancies and other serious disease cases); *In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d at 1349-1350 (rejecting plaintiffs' argument that transfer to the MDL violates their constitutional right to a jury trial).  Plaintiffs' complaints of hardship do not justify vacating the Conditional Transfer Order.

IV.    **TRANSFER TO MDL-875 PROMOTES JUDICIAL EFFICIENCY AND CONSISTENCY**

This Panel has consistently rejected arguments to vacate conditional transfer orders of potential "tag-along" actions, for the reasons set forth in the July 29, 1991, Opinion and Order of the Judicial Panel on Multidistrict Litigation, In re Asbestos Products Liability Litigation (No. VI) ("Order of 1991").  In 1991, this Honorable Judicial Panel determined that the magnitude of the litigation and the increased numbers of actions and parties in federal asbestos, personal injury litigation warranted the centralization of all federal asbestos, personal injury actions. 28 U.S.C. §

7

1407(a) authorized the Judicial Panel to transfer federal asbestos actions to multidistrict litigation when it determines that such transfers "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *In re Asbestos Products Liability Litigation (No. VI)*, Docket No. 875 (J.P.M.L. July 29, 1991) at p. 5, *citing* from 28 U.S.C. § 1407(a).

Through 28 U.S.C. § 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. *See In re Ivy*, 901 F.2d 7 (2d Cir. 1990). In mass tort cases consolidated under § 1407, similar jurisdictional issue are "easily capable of arising in hundreds or even thousands of case in district courts throughout the nation." *Id*. at 9. "Consistency and economy are both served by resolution of [motion to remand] by a single court after transfer by the J.P.M.L." *Aikins v. Microsoft Corp.,* 2000 WL 3103991 at \*1 (E.D. La., March 24, 2000).

MDL-875 frequently considers and decides motions to remand. *In re Duane*, 345 F. Supp. 278. 278, 279 (J.P.M.L. 1973) ("the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges"); see, e.g., In re Puerto Rico Air Disaster Litigation., 340 F. Supp. 492 (D.P.R. 1972).[1]

---

[1] Indeed, remand and other motions can and have been presented to and decided by the transferee judge*. See, e.g., Hagen v. Benjamin Foster Co*., 2010 WL 374529 (E.D. Pa. Sept. 24, 2010)*, Jenkins v. Allied Packing & Supply, Inc*., No. 09-cv-0101DSM (LSP) (S.D. Cal. Mar. 25, 2009); *Wright v. A.W. Chesterton Company*, 2008 WL 512728 (N.D. Cal. Feb. 25, 2008); *Keleman v Buffalo Pumps, Inc.*, No. CV 08-712-R (C.D. Cal. Apr. 14, 2008); *Lindquist v. Cla-Val Co*., No. CV 08-501-R (C.D. Cal. Apr. 14, 2008); *Munn v. Cla-Val Co*., No. CV 08-282-R (C.D. Cal. Apr. 14, 2008); *Nelson v. Alfa Laval, Inc*., No. CV 07-8338VBF (RCx) (Feb. 8, 2008); *Oberstar v. CBS Corp.*, CV 08-118PA (JWJx), 2008 U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008); *Ballenger v. Agco Corp*., 2007 WL 1813821 (N.D. Cal. June 22, 2007); *Viscosi v. American Optical Corp*., 2008 WL 4426884 (D. Conn. Sept. 29, 2008); *Contois v. Able Industries, Inc*., 523 F.Supp.2d 155 (D. Conn. 2007); *Machnik v. Buffalo Pumps, Inc*., 506 F.Supp.2d 99 (D. Conn. 2007); *Kirks v. General Electric Co*., 654 F.Supp.2d 220 (D. Del. 2009); *Marley v. Elliot Turbomachinery Co., 545* F.Supp.2d 1266 (S.D.Fla. Mar. 7, 2008); *Harris v. Rapid American Corp.,* 2008 WL 656266 (N.D. Ill. Mar. 7, 2008); *O'Connell v. Foster Wheeler*, 544 F.Supp.2d 51 (D. Mass 2008); *Curry v. American Standard, Inc., 2009* WL 308029 (S.D.N.Y. Feb. 6, 2009); *Nesbiet v. General Electric Co*., 299 F. Supp. 2d 205 (S.D.N.Y. 2005); *Siegfried v.*

Plaintiffs essentially argue that transfer to MDL-875 would be "grossly inefficient" and thus tantamount to a "black hole" where MDL procedure will take an undue amount of time before it is transferred back to the District of Hawaii. See Motion to Vacate at 3-5. Putting aside Plaintiffs' inappropriate attack on the judiciary, Plaintiffs' assertion is inaccurate.

In fact, under the guidance of Judge Eduardo Robreno, MDL-875 has established procedures to effectuate the remand of cases in a timely manner. In 2008, the Panel, in denying motions to vacate CTO's, noted that over 76,000 actions had been closed in MDL-875:

> "Under the stewardship of the transferee court, as of March 31, 2008, (1) over 76,450 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *199 F.R.D. at 436-38*. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed."

*See In re Asbestos Products Liab. Litig.,* 545 F. Supp. 2d 1359, 1361 (J.P.M.L. 2008). Since 2008, MDL-875 has "initiated an aggressive, pro-active policy in setting cases for settlement conferences, motions, hearings and trail." *See www.paed.uscourts.gov/mdl875a.asp; see also e.g., Administrative Order No. 12* (Court imposed filing requirements and procedures to effectuate its desire to facilitate the expeditious movement of pending cases on the MDL docket). These procedures have resulted in the efficient adjudication of numerous cases. [2]

---

*Allegheny Ludlum Corp.*, 2009 WL 1035001 (W.D. Pa. Apr. 17, 2009); *Mitchell v. AC&S, Inc.,* 2004 WL 3831228 (E.D.Va. Dec. 15, 2004).25, 2010).

[2] Of the 121,286 cases transferred to MDL-875 between August 1, 2006 through June 30, 2011, 108,228 cases were terminated. *See MDL 875 Asbestos Products Liability Litigation Land-*

V.   **CONCLUSION**

Vacating the Conditional Transfer Order is unwarranted.  Common questions of fact exist between Plaintiffs' asbestos-related personal injury case and those cases previously transferred to MDL-875.  As repeatedly determined by the Panel under conditions virtually identical to those presented here, consolidation with MDL-875 serves the convenience of the parties and witnesses, and promotes the just and efficient conduct of the litigation.  For the foregoing reasons, IMO respectfully requests that the Panel deny Plaintiffs' motion to vacate CTO-421.

DATED: Honolulu, Hawaii, August 15, 2011.

/s/ E. Mason Martin III
ELTON JOHN BAIN
E. MASON MARTIN III
MARIE A. SHELDON
BRADFORD K. CHUN

Attorneys for Defendant
IMO INDUSTRIES, INC.

---

*Based Caseload Statistics.*  The MDL notes that "the vast majority of transferred actions have been able to be concluded in the transferee district during the course of pretrial proceedings." *See In re Asbestos Products Liab. Litig.,* 560 F. Supp. 2d 1367, 1369; *See also e.g. Krieger v. Alfa Laval Inc.,* Case No. 10-69373 (E.D. Pa. 2010) (Confirming transfer of case to MDL took less than 2 months after Defendant's filed their notice of removal).