MDL

# District Court of the Virgin Islands
## District of the Virgin Islands (St. Croix Division)
### CIVIL DOCKET FOR CASE #: 1:93-cv-00092-RLF -JLR

| | |
|---|---|
| Clement, Harry F. v. Foster Wheeler Co. et al | Date Filed: 02/11/1993 |
| Assigned to: District Judge Raymond L. Finch | Date Terminated: 07/01/1998 |
| Referred to: JEFFREY RESNICK | Jury Demand: Both |
| Demand: $0 | Nature of Suit: 360 P.I.: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Clement, Harry F.**　　represented by　**Thomas H Hart , III**
Law Offices of Thomas H. Hart III
2212 Queen Cross Street
St Croix, VI 00820
340-773-3305
Fax: 340-719-9531
Email: tom@thhpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler Co. et al**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/1993 | 1 | SEE DOCKET CARD FOR PREVIOUS ENTRIES eod 07/10/98 [MWR] (Entered: 02/11/1993) |
| 07/01/1998 | 2 | CLOSED Transfer to MDL eod 07/10/98 [MWR] (Entered: 07/01/1998) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/16/2011 11:28:59 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:93-cv-00092-RLF -JLR |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

THE TERRITORIAL COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

CREIGHTON E. MILLER, Administrator
Of the Estate of Harry F. Clement,
Deceased (DOD 01/28/90), Plaintiff,

JUDGE

Case No:

vs

Foster Wheeler Company, Combustion Engineering, Inc.
Owens-Corning Fiberglas Corp., Westinghouse Electric Corp.
General Electric Company, A. P. Green Refractories Co.
ACandS, INC., American Trading Transp. Co.
Anchor Packing Co., Armstrong World Industries, Inc.
Certainteed Corporation, Crown Cork & Seal Co., Inc.
Fibreboard Corporation, Flexitallic, Inc.
GAF Corporation, Garlock, Inc.
Gulf Trading & Transport, John Crane-Houdaille, Inc.
Kaiser Aluminum and Chemical Corp., Keene Corporation
Keystone Tankship Corporation, Marine Transport Lines Inc.
National Gypsum Company, Owens-Illinois, Inc.
PPG Industries, Inc., Pittsburgh Corning Corporation
Plibrico Company, Texaco Inc.
U.S. Gypsum Company, Union Carbide Corp.
Union Oil Co. of California

Jointly and Severally, 31 Defendants

## COMPLAINT

NOW COMES Plaintiff through counsel undersigned of The Maritime Asbestosis Legal Clinic, a Division of The Jaques Admiralty Law Firm, and in declaring against Defendants, jointly and severally, states as follows:

1. Venue in this cause is properly laid for reason that the tortious activity about which Plaintiff complains occurred in whole or in part within the waters of the Virgin Islands wherein certain vessels upon which Plaintiff's Decedent served as a crewmember engaged in trading in ports of call of the Virgin Islands and within waters of the Virgin Islands and the jurisdiction of this Honorable Court, and moreover, the Defendants otherwise come within the jurisdiction of this Honorable Court by virtue of maintaining registered agents in the Virgin Islands or otherwise doing business within the territory; and, this Court being tantamount to a State Court of general jurisdiction, the jurisdiction shall lie in accordance with The Jones Act, 46 U.S.C. §688 et seq. which gives the Plaintiff the option of filing in either the State Court or the United States District Court, the election of which may not be thwarted by removal as per rule of law, irrespective of Co-Defendants' otherwise independent ability to remove were it not that a Jones Act count is pleaded against a Shipowner Defendant.

2. Plaintiff is the duly appointed administrator of the estate herein and brings this cause of action in behalf of the estate above styled in the said representative capacity.

3. Plaintiff's Decedent served as a career Merchant Mariner who spent his life as a seaman aboard divers American ships, plying waters, domestic and foreign, port-to-port throughout the world; and while aboard Defendants' ships as a crewmember, Plaintiff's Decedent was constantly exposed to asbestos friable fibers, causing him to breathe into his system carcinogenic asbestos dust resulting in injury to and the death of Plaintiff's Decedent.

4. Aboard the ships Plaintiff's Decedent sailed throughout his career, asbestos products were placed on the vessels by Manufacturing Defendants of this cause, creating shipboard atmospheric environment of perilous carcinogen toxin, rendering the workplace of Plaintiff's Decedent aboard each vessel an unseaworthy condition.

5. Defendant Shipowners negligently maintained each respective vessel in an unsafe, unseaworthy condition in causing crewmen exposure to divers forms and substance of toxic chemicals and carcinogens inclusive of but not limited to friable asbestos, passive inhalation of smoke from accumulated smoke from exhaled smoke and burning cigarettes that formed clouds of smoke within an atmosphere of smoke cloud formation as well as accumulated dust, the stagnant condition of which persisted without abating for want of proper ventilation.

1

6. As against Shipowner employers, Plaintiff seeks to thrust two causes of action: negligence under The Jones Act, 46 U.S.C. §688 et seq. and unseaworthiness of each vessel under the General Admiralty and Maritime Law whereby the Shipowner warrants to crewmen to provide a reasonably safe vessel and working conditions, reasonably fit for the purpose for which it was intended which implied warranty was substantially breached by the Shipowner Defendants.

7. As to Shipbuilder as well as Machinery Manufacturer Defendants, i.e. manufacturers of boilers, generators, etc., aboard the respective vessels, each of said Defendants contemplated use of asbestos insulation thereon as well as use of asbestos products as integral parts thereof, fibers from which emitted into the atmosphere and circulated about the work and living areas of the vessel to which the crewmen were forced to breathe into their systems.

8. As to the Manufacturers of asbestos and asbestos products, said Defendants designed, manufactured and marketed asbestos products which were placed aboard divers merchant ships on which Plaintiff's Decedent served as crewman; and Plaintiff's Decedent thereupon was exposed to asbestos toxic dust which, along with other carcinogens and chemicals improvidently allowed and maintained aboard vessels like cigarette and tobacco smoke coupled with inadequate shipboard enclosed area ventilation, alone or in combination, caused injury to and the death of Plaintiff's Decedent.

9. As a direct and proximate result of said exposure to asbestos aboard the said vessels as well as secondary or passive smoke that hung still in the atmosphere free from dissipation for anatomical disorder, structural changes, pulmonary diseases inclusive of asbestosis / mesothelioma / lung cancer / pneumoconiosis / chronic obstructive pulmonary disease / colon cancer / stomach cancer / rectal cancer / kidney cancer / pancreas cancer / pharynx cancer / brain cancer / other anatomical cancer, et cetera, either singularly or in combination thereof.

10. Defendants committed breach of their duty to Plaintiff's Decedent by negligent failure to reasonably adhere to safe standards of design and manufacture of their products, and negligently failed to properly warn Plaintiff's Decedent of the peril and committed breach of implied warranty of fitness for the intended use of the products, all to the detriment of Plaintiff's Decedent's health and well-being.

11. Defendants, each, at all times herein relevant, committed acts and omissions of willful and wanton disregard for the safety and health of those unto whom the asbestos fibers foreseeably were exposed, including Plaintiff's Decedent, constituting gross negligence as to non-vessel owner Defendants; then, as to Shipowners, the same applies, as well as the added averment that Shipowner Defendants willfully and wantonly with reckless indifference and disregard for Plaintiff's Decedent's safety did at all times relevant maintain the vessels in an unseaworthy condition with knowledge aforethought and, thereby formulated the basis for punitive damages.

12. As a direct and proximate result of the aforestated fault of Defendants and the breach of implied warranty aforesaid, Plaintiff seeks damages as below stated, *inter alia*:

   a. Loss of earnings and earning capacity during Plaintiff's Decedent's lifetime;

   b. Conscious pain and suffering;

   c. Loss of support;

   d. Loss of society and companionship suffered by the heirs and next of kin of Plaintiff's Decedent;

   e. Exemplary and punitive damages;

   f. Death by wrongful acts

   g. Any and all other elements of damage cognizable in law which may be raised, pleaded and proved by the Plaintiff during the pendency of this cause and at the time of trial.

WHEREFORE Plaintiff demands trial by jury and judgment against Defendants, jointly and severally, in an amount exceeding Fifty Thousand ($50,000.00) Dollars, to be more particularly calculated and adjusted upwards during the pendency of this cause; and Plaintiff demands punitive damages in an amount to be determined upon ascertaining the net worth of each Defendant herein; and Plaintiff further seeks interest and costs to be taxed in accordance with law, and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

THE MARITIME ASBESTOSIS LEGAL CLINIC,
a Division of The Jaques Admiralty
Law Firm

LEONARD C. JAQUES, Principal
Attorneys for Plaintiff
1570 Penobscot Building
Detroit, Michigan 48226
(313) 961-1080

Local Counsel for Plaintiff:

ALKON & RHEA

By: _____
THOMAS ALKON
2115 Queen Street
Christiansted, St. Croix
U.S. Virgin Islands
(809) 773-3305

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues of this cause.

THE MARITIME ASBESTOSIS LEGAL CLINIC,
a Division of The Jaques Admiralty
Law Firm

LEONARD C. JAQUES, Principal
Attorneys for Plaintiff
1570 Penobscot Building
Detroit, Michigan 48226
(313) 961-1080

Local Counsel for Plaintiff:

FILED _____
FEE PAID _____
BY _____

ALKON & RHEA

By: _____
THOMAS ALKON
2115 Queen Street
Christiansted, St. Croix
U.S. Virgin Islands
(809) 773-3305

4

THE TERRITORIAL COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX


CREIGHTON E. MILLER, Administrator                JUDGE
Of the Estate of Edward R. Cowart,
Deceased (DOD 12/15/89), Plaintiff,               Case No:

    vs

Foster Wheeler Company, Combustion Engineering, Inc.
Owens-Corning Fiberglas Corp., Westinghouse Electric Corp.
General Electric Company, A. P. Green Refractories Co.
ACandS, INC., American Export Isbrandtsen
American Export Lines Inc., American Oil Co.
American Trading & Production Corp., Amoco Oil Co.
Amoco Shipping Co., Anchor Packing Co.
Armstrong World Industries, Inc., Atlantic Richfield Co.
Battery Steamship Corp., Central Gulf Lines Steamship
Certainteed Corporation, Cleveland Tankers Inc.
Crown Cork & Seal Co., Inc., Doric Shipping & Trading Corp.
Farrell Lines Inc., Fibreboard Corporation
Flexitallic, Inc., GAF Corporation
Garlock, Inc., Gulf Trading & Transport
Hess Oil & Chem. Corp., John Crane-Houdaille, Inc.
Keene Corporation, Lykes Bros. Steamship Co. Inc.
Marine Transport Lines Inc., Mission Viking Inc.
National Gypsum Company, National Marine Service Inc.
Owens-Illinois, Inc., PPG Industries, Inc.
Pittsburgh Corning Corporation, Plibrico Company
Sinclair Refining Company, States Marine Lines
Texaco Inc., Transoceanic Cable Ships Inc.
Transoceanic Explorer Corp., U.S. Gypsum Company
Union Carbide Corp., Westmount Shipping Corporation
Winco Tanker Inc.

    Jointly and Severally, 49 Defendants


## COMPLAINT

    NOW COMES Plaintiff through counsel undersigned of
The Maritime Asbestosis Legal Clinic, a Division of The Jaques
Admiralty Law Firm, and in declaring against Defendants, jointly
and severally, states as follows:

1. Venue in this cause is properly laid for reason that the tortious activity about which Plaintiff complains occurred in whole or in part within the waters of the Virgin Islands wherein certain vessels upon which Plaintiff's Decedent served as a crewmember engaged in trading in ports of call of the Virgin Islands and within waters of the Virgin Islands and the jurisdiction of this Honorable Court, and moreover, the Defendants otherwise come within the jurisdiction of this Honorable Court by virtue of maintaining registered agents in the Virgin Islands or otherwise doing business within the territory; and, this Court being tantamount to a State Court of general jurisdiction, the jurisdiction shall lie in accordance with The Jones Act, 46 U.S.C. §688 et seq. which gives the Plaintiff the option of filing in either the State Court or the United States District Court, the election of which may not be thwarted by removal as per rule of law, irrespective of Co-Defendants' otherwise independent ability to remove were it not that a Jones Act count is pleaded against a Shipowner Defendant.

2. Plaintiff is the duly appointed administrator of the estate herein and brings this cause of action in behalf of the estate above styled in the said representative capacity.

3. Plaintiff's Decedent served as a career Merchant Mariner who spent his life as a seaman aboard divers American ships, plying waters, domestic and foreign, port-to-port throughout the world; and while aboard Defendants' ships as a crewmember, Plaintiff's Decedent was constantly exposed to asbestos friable fibers, causing him to breathe into his system carcinogenic asbestos dust resulting in injury to and the death of Plaintiff's Decedent.

4. Aboard the ships Plaintiff's Decedent sailed throughout his career, asbestos products were placed on the vessels by Manufacturing Defendants of this cause, creating shipboard atmospheric environment of perilous carcinogen toxin, rendering the workplace of Plaintiff's Decedent aboard each vessel an unseaworthy condition.

5. Defendant Shipowners negligently maintained each respective vessel in an unsafe, unseaworthy condition in causing crewmen exposure to divers forms and substance of toxic chemicals and carcinogens inclusive of but not limited to friable asbestos, passive inhalation of smoke from accumulated smoke from exhaled smoke and burning cigarettes that formed clouds of smoke within an atmosphere of smoke cloud formation as well as accumulated dust, the stagnant condition of which persisted without abating for want of proper ventilation.

6. As against Shipowner employers, Plaintiff seeks to thrust two causes of action: negligence under The Jones Act, 46 U.S.C. §688 et seq. and unseaworthiness of each vessel under the General Admiralty and Maritime Law whereby the Shipowner warrants to crewmen to provide a reasonably safe vessel and working conditions, reasonably fit for the purpose for which it was intended which implied warranty was substantially breached by the Shipowner Defendants.

7. As to Shipbuilder as well as Machinery Manufacturer Defendants, i.e. manufacturers of boilers, generators, etc., aboard the respective vessels, each of said Defendants contemplated use of asbestos insulation thereon as well as use of asbestos products as integral parts thereof, fibers from which emitted into the atmosphere and circulated about the work and living areas of the vessel to which the crewmen were forced to breathe into their systems.

8. As to the Manufacturers of asbestos and asbestos products, said Defendants designed, manufactured and marketed asbestos products which were placed aboard divers merchant ships on which Plaintiff's Decedent served as crewman; and Plaintiff's Decedent thereupon was exposed to asbestos toxic dust which, along with other carcinogens and chemicals improvidently allowed and maintained aboard vessels like cigarette and tobacco smoke coupled with inadequate shipboard enclosed area ventilation, alone or in combination, caused injury to and the death of Plaintiff's Decedent.

9. As a direct and proximate result of said exposure to asbestos aboard the said vessels as well as secondary or passive smoke that hung still in the atmosphere free from dissipation for anatomical disorder, structural changes, pulmonary diseases inclusive of asbestosis / mesothelioma / lung cancer / pneumoconiosis / chronic obstructive pulmonary disease / colon cancer / stomach cancer / rectal cancer / kidney cancer / pancreas cancer / pharynx cancer / brain cancer / other anatomical cancer, et cetera, either singularly or in combination thereof.

10. Defendants committed breach of their duty to Plaintiff's Decedent by negligent failure to reasonably adhere to safe standards of design and manufacture of their products, and negligently failed to properly warn Plaintiff's Decedent of the peril and committed breach of implied warranty of fitness for the intended use of the products, all to the detriment of Plaintiff's Decedent's health and well-being.

2

11. Defendants, each, at all times herein relevant, committed acts and omissions of willful and wanton disregard for the safety and health of those unto whom the asbestos fibers foreseeably were exposed, including Plaintiff's Decedent, constituting gross negligence as to non-vessel owner Defendants; then, as to Shipowners, the same applies, as well as the added averment that Shipowner Defendants willfully and wantonly with reckless indifference and disregard for Plaintiff's Decedent's safety did at all times relevant maintain the vessels in an unseaworthy condition with knowledge aforethought and, thereby formulated the basis for punitive damages.

12. As a direct and proximate result of the aforestated fault of Defendants and the breach of implied warranty aforesaid, Plaintiff seeks damages as below stated, _inter alia_:

    a. Loss of earnings and earning capacity during Plaintiff's Decedent's lifetime;

    b. Conscious pain and suffering;

    c. Loss of support;

    d. Loss of society and companionship suffered by the heirs and next of kin of Plaintiff's Decedent;

    e. Exemplary and punitive damages;

    f. Death by wrongful acts

    g. Any and all other elements of damage cognizable in law which may be raised, pleaded and proved by the Plaintiff during the pendency of this cause and at the time of trial.

WHEREFORE Plaintiff demands trial by jury and judgment against Defendants, jointly and severally, in an amount exceeding Fifty Thousand ($50,000.00) Dollars, to be more particularly calculated and adjusted upwards during the pendency of this cause; and Plaintiff demands punitive damages in an amount to be determined upon ascertaining the net worth of each Defendant herein; and Plaintiff further seeks interest and costs to be taxed in accordance with law, and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

THE MARITIME ASBESTOSIS LEGAL CLINIC,
a Division of The Jaques Admiralty
Law Firm

LEONARD C. JAQUES, Principal
Attorneys for Plaintiff
1570 Penobscot Building
Detroit, Michigan  48226
(313)961-1080

Local Counsel for Plaintiff:

ALKON & RHEA

By: _____
THOMAS ALKON
2115 Queen Street
Christiansted, St. Croix
U.S. Virgin Islands
(809)773-3305

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues of this cause.

THE MARITIME ASBESTOSIS LEGAL CLINIC,
a Division of The Jaques Admiralty
Law Firm

LEONARD C. JAQUES, Principal
Attorneys for Plaintiff
1570 Penobscot Building
Detroit, Michigan  48226
(313)961-1080

Local Counsel for Plaintiff:

ALKON & RHEA

By: _____
THOMAS ALKON
2115 Queen Street
Christiansted, St. Croix
U.S. Virgin Islands
(809)773-3305

FILED _____
FEE PAID _____
BY _____