CASREF

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CIVIL DOCKET FOR CASE #: 2:10-cv-00344-RLM -APR
### Internal Use Only

| | |
|---|---|
| Walker v. Rapid American Corporation et al | Date Filed: 08/31/2010 |
| Assigned to: Judge Robert L Miller, Jr | Jury Demand: Defendant |
| Referred to: Magistrate Judge Andrew P Rodovich | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity-Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

| | | |
|---|---|---|
| **Robert L Walker** | represented by | **Michael P Cascino**<br>Cascino Vaughan Law Offices Ltd<br>220 S Ashland Avenue<br>Chicago, IL 60607-5308<br>312-944-0600<br>Fax: 312-944-1870<br>Email: michaelp.cascino@gmail.com<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Rapid American Corporation**<br>*a corporation* | represented by | **Douglas B King**<br>Wooden & McLaughlin LLP<br>One Indiana Square Suite 1800<br>211 N Pennsylvania St<br>Indianapolis, IN 46204-4208<br>317-639-6151<br>Fax: 317-639-6444<br>Email: dking@woodmclaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**James M Boyers**<br>Wooden & McLaughlin LLP<br>One Indiana Square Suite 1800 |

211 N Pennsylvania St
Indianapolis, IN 46204-4208
317-639-6151
Fax: 317-639-6444
Email: jboyers@woodmclaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**   represented by **Daniel M Long**
*a corporation*
Frost Brown Todd LLC - Ind/IN
201 North Illinois St Suite 1900
PO Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
Email: danlong@fbtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John C Babione**
Frost Brown Todd LLC - Ind/IN
201 North Illinois St Suite 1900
PO Box 44961
Indianapolis, IN 46244-0961
317-237-3862
Fax: 317-237-3900
Email: jbabione@fbtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A Bergin**
Frost Brown Todd LLC - Ind/IN
201 North Illinois St Suite 1900
PO Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
Email: mbergin@fbtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/31/2010 | 1 | COMPLAINT against Rapid American Corporation, Union Carbide Corporation (Filing fee $ 350.00; Receipt #2217438), filed by Robert L Walker. (Attachments: # 1 Civil Cover Sheet) (rmn) (Entered: 08/31/2010) |
| 08/31/2010 | 2 | NOTICE OF TAG-ALONG ACTION by Robert L Walker (rmn) (Entered: 08/31/2010) |
| 08/31/2010 | 3 | CERTIFICATE OF INTEREST filed by counsel for plaintiff. (rmn) (Entered: 08/31/2010) |
| 10/28/2010 | 4 | NOTICE of Appearance by Douglas B King on behalf of Rapid American Corporation (King, Douglas) (Entered: 10/28/2010) |
| 10/28/2010 | 5 | NOTICE of Appearance by James M Boyers on behalf of Rapid American Corporation (Boyers, James) (Entered: 10/28/2010) |
| 10/28/2010 | 6 | ANSWER to 1 Complaint by Rapid American Corporation. (Boyers, James) (Entered: 10/28/2010) |
| 10/28/2010 | 7 | Corporate Disclosure Statement by Rapid American Corporation identifying Corporate Parent Riklis Family Corporation for Rapid American Corporation.. (Boyers, James) (Entered: 10/28/2010) |
| 12/07/2010 | 8 | Summons Issued as to Union Carbide Corporation. (rmn) (Entered: 12/07/2010) |
| 01/06/2011 | 9 | NOTICE of Appearance by John C Babione on behalf of Union Carbide Corporation (Babione, John) (Entered: 01/06/2011) |
| 01/06/2011 | 10 | Corporate Disclosure Statement by Union Carbide Corporation. (Babione, John) (Entered: 01/06/2011) |
| 01/06/2011 | 11 | ANSWER to 1 Complaint by Union Carbide Corporation. (Babione, John) (Entered: 01/06/2011) |
| 01/06/2011 | 12 | NOTICE of Appearance by Daniel M Long on behalf of Union Carbide Corporation (Long, Daniel) (Entered: 01/06/2011) |
| 01/06/2011 | 13 | NOTICE of Appearance by Michael A Bergin on behalf of Union Carbide Corporation (Bergin, Michael) (Entered: 01/06/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

FILED

AUG 31 2010

At_____ M-
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Robert L Walker,

    Plaintiff,

v.

Rapid American Corporation, a corporation,
Union Carbide Corporation, a corporation,

    Defendants.

Case No.

2 10CV 344

## COMPLAINT

Now comes the plaintiff, Robert L Walker, (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants Rapid American Corporation, a corporation, and Union Carbide Corporation, a corporation, as follows:

### JURISDICTION

1. Plaintiff is an adult citizen and resident of Mississippi, and resides in Horn Lake, Mississippi.

2. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Indiana, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6. Plaintiff during the course of his employment as a Steelworker at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

7. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

8. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with lung cancer on 09/04/2008.

10. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

11. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

12. It was reasonably foreseeable that Plaintiff and other workers would be working with or

in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

13. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

14. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

15. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

16. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

17. This cause of action is asserted against the manufacturing and supplying defendants.

18. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

19. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

20. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

21. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

22. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## PRAYER FOR RELIEF

23. Plaintiff prays for relief as follows:

    a. Judgment against defendants, jointly and severally, for compensatory and general damages.

    b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

Dated: August 30, 2010

_____

One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

## Exhibit A
## Defendants' Home States and Principal Places of Business

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| Rapid American Corporation | Delaware | New York |
| Union Carbide Corporation | New York | Texas |

## Exhibit B

### Plaintiff's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Inland Steel - Plant #2, basic oxygen furnace | East Chicago | IN | 1993 | 1997 |
| Inland Steel - plant #1, 100 inch plate mill | East Chicago | IN | 1964 | 1965 |
| Inland Steel - plant #1, A&B coke batteries. plant #2, coke batteries | East Chicago | IN | 1974 | 1993 |