1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE: ASESTOS PRODUCTS )
LIABILITY LITIGATION )
                         )                    MDL 875
(VI) )
                         )
This Document Relates To: )

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

SHARON Y. CAIN, Individually and as )   NO.  2:11-cv-01102-JPD
Personal Representative of the Estate of )
GERALD ERNEST CAIN, Deceased, )       FOSTER WHEELER ENERGY
                                      )       CORPORATION'S
                Plaintiff, )          MEMORANDUM OF LAW
v. )                                  IN OPPOSITION TO PLAINTIFF'S
                                      )       MOTION TO VACATE
ASBESTOS CORP., LTD., et al., )       CONDITIONAL
                                      )       TRANSFER ORDER AND
                Defendants. )         MOTION TO REMAND
                                      )

## PRELIMINARY STATEMENT

Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") files this

Opposition to Motion to Vacate CTO – 420 and Motion to Remand filed by plaintiff in the

case of Sharon Cain, Individually and as Personal Representative of the Estate of Gerald

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER AND MOTION TO REMAND  -1-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655; 684-6924 (FAX)

1
2
3
4
5
6
7
8
9
10

Ernest Cain, Civil Action Number 211-cv-01102JPD (W.D. Wa.). The Judicial Panel on Multidistrict Litigation's (the "Panel") CTO – 420 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407. This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. To ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiff's Motion to Vacate CTO – 420.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

As a manufacturer of boilers and economizers for the United States Navy, among other equipment, Foster Wheeler Energy Corporation ("Foster Wheeler") removed this matter based upon the federal officer removal statute. 28 U.S.C. §1442(a)(1). There are important federal interests, recognized by Congress, the United States Supreme Court and various federal courts around the country, including the United States District Court for the Eastern District of Pennsylvania ("the MDL court"), implicated by the claims asserted by plaintiff in this action against Foster Wheeler. See Hagen v. Benjamin Foster Co., Civ. Action. No. 07-63346 (E.D. Pa. Sept. 24, 2010)(attached hereto as Exhibit 1). The MDL court, to which asbestos personal injury actions are routinely transferred for effective pretrial management, and which was principally created for the central purpose of promoting judicial efficiency and consistency, recently established that jurisdiction in the federal court would not deprive plaintiff of any substantive rights and would not, in any legitimate way, deprive plaintiff of her right to seek redress for the injuries she alleges are associated with Gerald Ernest Cain's ("Cain" or "the decedent") asbestos exposure.

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MOTION TO REMAND   -2-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

**1**
**2**
**3**
**4**
**5**
**6**
**7**
**8**
**9**
**10**
**11**
First, plaintiff contests the timing of the removal.  As firmly established by law, Foster Wheeler removed this case within thirty days of its receipt of plaintiff's interrogatory responses, in which plaintiff provided information that created a basis for Foster Wheeler's removal.  Second, plaintiff ignores and seeks to obscure a pivotal determination made and recognized by numerous courts, that a defendant entitled to assert the government contractor defense need only demonstrate a colorable claim as opposed to prove and win its case at this early stage of the litigation.  Foster Wheeler is entitled to proceed in this Court based on the allegations against it in this case that are premised on its acts performed pursuant to the directions of a federal officer.

**12**

### STATEMENT OF RELEVANT FACTS

**13**
**14**
**15**
**16**
**17**
**18**
**19**
**20**
**21**
**22**
**23**
**24**
**25**
**26**
Plaintiff Sharon Y. Cain ("plaintiff") served Foster Wheeler with plaintiff's Summons and Complaint on April 13, 2011.  See Plaintiffs' Complaint attached hereto as Exhibit 2.  The Complaint only indicated that plaintiff's decedent worked as a lagger at the Puget Sound Naval Shipyard ("PSNS").  Id.  The Complaint did not state any facts alleging the kinds of products or equipment the decedent handled or worked around, nor did plaintiff identify any manufacturers of those products or equipment.  Id.  Furthermore, the Complaint failed to establish whether the decedent worked aboard Navy ships or on the grounds of the shipyard, and made no mention of the decedent's specific duties and responsibilities at PSNS.  Thus, the Complaint did not state plaintiff's claims in a manner or in sufficient detail to inform Foster Wheeler that the case was removable.  On June 6, 2011, Foster Wheeler received a copy of Plaintiff's Answers to Defendants' Interrogatories ("Interrogatory Responses").  See Plaintiff's Interrogatory Responses

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MOTION TO REMAND  -3-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

attached hereto as Exhibit 3. The interrogatory responses listed a multitude of ships on which the decedent worked, including the USS Kitty Hawk, and noted the presence of Foster Wheeler boilers on those ships. Id. Upon receipt of the interrogatory responses, Foster Wheeler conducted an investigation, and determined that it manufactured the boilers and economizers on some of the ships identified in plaintiff's Interrogatory Responses, including the USS Kitty Hawk.

Through various affidavits, Foster Wheeler establishes the following facts:

1. Foster Wheeler manufactured and supplied boilers and related auxiliary equipment, including economizers for Navy ships under contracts between Foster Wheeler and the United States of America, Navy Department or contracts between Foster Wheeler and shipyards who contracted with the United States of America, Navy Department. (See Affidavit of J. Thomas Schroppe, dated December 18, 2009, attached to Notice of Removal papers as Exhibit 4 ("Schroppe Affidavit"), at ¶4 and ¶7.)

2. The Navy was responsible for all phases of the design of a vessel ("Ship Specs") as well as all specific components of the boilers and auxiliary equipment including economizers ("Mil Specs"). Naval officers supervised, enforced and approved Foster Wheeler's compliance with the plans and specifications for its boilers. (Id. at ¶5 and ¶7.)

3. The Navy exercises complete control over what goes on its ships. Under the Navy's specifications, as well as under actual Navy practice as it evolved in the field, Foster Wheeler would not have been permitted to affix any type of warning or caution statement to a piece of equipment intended for installation onto a naval vessel, beyond those expressly specified by the Navy. (See Exhibit 4, Schroppe Affidavit at ¶21).

4. The Navy had complete control over every aspect of each piece of equipment used on its ships. This control included what warnings should or should not be included. The Navy controlled the decision making with respect to instructions and warnings on every piece of equipment. (See Affidavit of Admiral Ben J. Lehman,[1] U.S. Navy, Ret., dated July 12, 2007 ("Lehman Affidavit"), attached

---

[1] Lehman is a retired United States Navy Rear Admiral with naval architectural design and marine engineering expertise who served as, among other jobs, Ship Superintendent and Dry Docking Officer at the New York Naval Shipyard [formerly the Brooklyn Naval Shipyard], and Ship Superintendent at the San Francisco Naval Shipyard.

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MOTION TO REMAND   -4-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98104
(206) 622-2655, 684-6924 (FAX)

hereto as Exhibit 5, at ¶10)

5.  The Navy, not Foster Wheeler, determined the nature of hazards to be subject to any precautionary labeling and the content of any specified labeling.  It was the Navy, not Foster Wheeler, who determined the nature of any warnings to be affixed to any Foster Wheeler equipment placed on a Navy vessel.  (See Exhibit 4, Schroppe Affidavit at ¶22)

6.  The information possessed by the Navy with respect to the specification and use of asbestos insulation and health hazards associated with the use of asbestos insulation on Navy vessels far exceeded any information concerning the hazards of asbestos insulation used onboard a Navy vessel that could have been provided by Foster Wheeler to the Navy. (See See Affidavit of Lawrence Stilwell Betts, MD, PhD, CIH, FACOEM,[2] dated September 27, 2006 ("Betts Affidavit"), attached hereto as Exhibit 6 at ¶31)

These facts set forth in the affidavits submitted in opposition to this remand application mandate that this Court exercise its jurisdiction over this action, as Foster Wheeler will demonstrate that it is entitled to assert the government contractor defense.

**ARGUMENT**

**I.    TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.**

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand.  In fact, the Panel has denied these types of motions in this litigation. (See In re Asbestos Products Liability Litigation, 1996 WL 143826 (J.P.M.L. February 16, 1996), In re Asbestos Products Liability Litigation, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).)  Although plaintiff has also filed a motion to remand in the United States District Court for the

---

[2]  Betts is a retired United States Navy Captain and qualified surface warfare medical department officer. He is board certified in Occupational Medicine and Industrial Hygiene.

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MOTION TO REMAND   -5-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Western District of Washington, it has not been heard by the district court, but can just as easily be decided by the MDL Panel after transfer. In fact, the MDL court recently denied remand in a case based upon nearly identical facts and legal arguments raised in plaintiff's motion to remand pending before the United States District Court for the District of New Jersey. See Hagen v. Benjamin Foster, et al., Civ Action No. 07-63346 (E.D. Pa. Sept. 24., 2010), attached hereto as Exhibit 1.

The only factual issues germane to CTO – 420 are already known in this case. Namely, it is contended that the decedent developed mesothelioma as a result of his exposure to asbestos. This is exactly the type of asbestos personal injury case that should be transferred to MDL-875. The threat of a jurisdictional objection does not change this fact. Since any motion filed by plaintiff could only raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny plaintiff's Motion to Vacate CTO – 420.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons. First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections. Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court. Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER AND MOTION TO REMAND  -6-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

A.    **The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.**

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (In re Gypsum Wallboard, 302 F. Supp. 794, 794 (J.P.M.L. 1969).) Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (In re Antibiotic Drugs, 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which (as is true here) a motion to remand to state court is pending. (In re Ivy, 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. See e.g. Wolgamott v. Asbestos Defendants, 2010 U.S. Dist. LEXIS (N.D. Ca. 2010); Miller v. Merck & Co., Inc., 2008 U.S. Dist. LEXIS 88430 (M.D. Fla. 2008); In re California Retail Natural Gas and Electric Antitrust Litigation, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); In re Bridgestone/Firestone, Inc., 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); Meyers v. Bayer, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); Ryan v. Dow Chemical Co., 781 F.Supp. 902, 912 (E.D.N.Y. 1991); Johnson v. AMR Corp., 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., Good v. Prudential Ins. Co., 5 F. Supp. 2d 804 (N.D. Ca. 1998).)

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

1
2
3
4

The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (In re Gypsum Wallboard, 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

5
6
7
8
9

The pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings.  The existence of such a pending motion in this case does not mandate a return of this case to the district court.

10

**B.     Transfer Promotes Judicial Efficiency and Consistency**.

11
12
13
14
15
16
17
18
19
20
21
22
23

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (In re Ivy, 901 F.2d 7 (2d Cir. 1990).)  In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." (Aikins v. Microsoft Corp., 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).)  "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." (Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788, at *2 (E.D. La., February 24, 1995).) In fact, in the present litigation this Panel already has stated that:

24
25
26

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER AND MOTION TO REMAND   -8-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

> distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. (In re Asbestos Products Liability Litigation, 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." (Tench v. Jackson Nat'l Life Ins. Co., 1999 WL 1044923, at *2 (N.D. 111. Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." (In re Duane, 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., In re Puerto Rico Air Disaster Litig., 340 F. Supp. 492 (D.P.R. 1972).) Indeed, remand and other motions can be presented to and decided by the transferee judge. See more recently, Hagen v. Benjamin Foster Co., et al., Civ. Action No. 07-63346 (E.D. Pa. Sept. 24, 2010)(Exhibit 1), in which Judge Robreno denied plaintiff's motion to remand, and Hanson v. ACandS, Civ. Action No. 2:09-66701 (E.D. Pa. June 22, 2011)(Exhibit 7) and Boston v. Eastern Refractories, Inc., Civ. Action No. 07-53993 (E.D. Pa. Aug. 25, 2010)(attached hereto as Exhibit 8), in which Judge Robreno granted defendants' motion for summary judgment; see also In re Ivy, 901 F.2d 7 (2d Cir. 1990); In re Serzone Products Liability Litigation (J.P.M.L. June 13, 2003); In re Air Crash

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MOTION TO REMAND -9-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

**1**  Disaster at Florida Everglades on December 29, 1972, 368 F.Supp. 812, 813 (J.P.M.L.

**2**  1973).

**3**

**4**      The sole issue for consideration here is "the merits of the transfer viewed against

**5**  the purposes of the multidistrict litigation statutory scheme, whether or not there is a

**6**  pending jurisdictional objection." In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990).  In view of this

**7**  aim, allegedly imminent rulings by the transferor district have little bearing on this case.

**8**  The panel addressed this point:

**9**

**10**                    Furthermore, there is no need to delay transfer in order to

**11**                    accommodate any interest of the transferor court in
resolving a pending remand motion. We note that: 1) as a

**12**                    practical matter, there is a lag time of at least three or four
months from the filing of an action, its identification as a

**13**                    potential tag-along action, issuance of a conditional
transfer order, stay of transfer when a party timely objects

**14**                    to the conditional transfer, briefing on the question of
transfer, the Panel hearing session, and the issuance of the

**15**                    Panel's subsequent order; 2) Panel Rule 1.5, R.P.JP.ML.,

**16**                    199 F.R.D. at 427, expressly provides that the pendency of
a conditional transfer order does not in any way i) suspend

**17**                    orders and pretrial proceedings in the district court in
which the action that is the subject of the conditional

**18**                    transfer order is pending, or ii) limit the pretrial jurisdiction
of that court; and 3) accordingly, those courts wishing to

**19**                    address such motions have adequate time in which to do

**20**                    so, those courts concluding that such issues should be
addressed by the transferee judge need not rule on them,

**21**                    and the process of 1407 transfer in MDL-1061 can

**22**                    continue without any unnecessary interruption or delay.
(In re Prudential Ins. Co., 2001 WL 980541, at *1 (J.P.ML.

**23**                    Aug. 15, 2001).)

**24**

**25**      Against this background, courts consistently find that transfer of an otherwise

**26**  transferable tag-along action to a single district for pretrial proceedings under Section

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER AND MOTION TO REMAND   -10-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

1    1407 should not be delayed due to the pendency of motions in the transferor district. (See,

2    e.g., In re New Mexico Natural Gas Antitrust Litig., 482 F. Supp. 333 (J.P.M.L. 1979); see

3
     also In re IBM, 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice
4
5    of appeal from order denying motion for preliminary injunction was pending in district

6    from which private civil antitrust action was proposed to be transferred where

7    circumstances otherwise warranted transfer].)

8
          Thus, because the Panel has the authority to transfer this action despite the
9
10   pendency of the plaintiff's motion to remand, because the transferee district is well

11   positioned to handle such issues in a coordinated or consolidated manner, and because

12   such coordination or consolidation promotes judicial efficiency and consistency in keeping

13
     with the congressional aims of Section 1407, this Panel should deny plaintiff's Motion to
14
15   Vacate CTO-405 and proceed with the transfer of this matter to MDL-875, In Re Asbestos

16   Product Liability Litigation (No. VI), pending in the United States District Court for the

17   Eastern District of Pennsylvania.

18   **II.   FOSTER WHEELER'S NOTICE OF REMOVAL IN THIS CASE WAS
19          TIMELY FILED.**

20        Contrary to plaintiff's assertions, the Complaint did not provide a basis for

21   removal, and therefore, did not trigger the thirty-day removal clock.   The Complaint
22
     simply alleged that the decedent was exposed to asbestos while working at PSNS.   See
23
24   Exhibit 1.   The Complaint failed to state any facts alleging the kind of products or

25   equipment the decedent worked with or around, and did not identify any manufacturers of

26   those products or equipment.   The Complaint further failed to establish whether the

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER AND MOTION TO REMAND  -11-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

decedent worked aboard Navy ships or on the grounds of the shipyard, and made no mention of the decedent's specific duties and responsibilities at PSNS. Id. It was not until Foster Wheeler received plaintiff's interrogatory responses that it was revealed that the decedent worked aboard Navy ships, including the USS Kitty Hawk. Foster Wheeler immediately conducted an investigation, and determined that its boilers and economizers were on the USS Kitty Hawk.

The United States Court of Appeals for the Ninth Circuit has explicitly required that notice of grounds for removal be apparent from the "four corners of the initial pleading or subsequent paper." See Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 695 (9th Cir. 2005). A basis for removal must be revealed affirmatively in the initial pleading in order for the thirty-day clock to begin, and must inform the reader "**to a substantial degree of specificity**" whether federal jurisdiction is proper. Id., quoting Rowe v. Marder, 750 F.Supp. 718, 721 (W.D.Pa.). In this case, plaintiff's Complaint is completely lacking in any degree of specificity. Mere identification of PSNS as the decedent's work site did not, on its face, provide sufficient information for Foster Wheeler to determine whether the case is removable. Pack v. AC and S, Inc., et al., 838 F.Supp. 1099, 1102 (D.Md.1993); Snowdon v. A.W. Chesterton Company, et al., 366 F.Supp.2d 157, 162 (D.Maine 2005).

In Snowdon v. A.W. Chesterton Company, et al., 366 F.Supp.2d 157, 162 (D.Maine 2005), plaintiff argued that defendant Viacom's notice of removal was not timely filed because Viacom failed to file it within thirty days of Snowdon's second amended complaint, even though Viacom asserted the federal contractor defense in its

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MOTION TO REMAND -12-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

1    answer.  Id. at 162.  According to plaintiff, if Viacom could foresee the possible

2    applicability of the defense, it must have also been on notice that the case was removable.

3    Id.  The court disagreed and concluded that the allegations contained in the second

4

5    amended complaint were far too general to provide a basis for Viacom to reasonably

6    conclude that the case should have been removed.  Id.  More importantly, the court found

7    that Viacom's notice of removal, filed within thirty days after its receipt of plaintiff's

8    supplemental interrogatories,[3] in which plaintiff indicated that her husband had worked on

9

10   *specific Navy ships* for which Westinghouse had supplied turbines pursuant to contracts

11   with the Navy, was appropriate and timely filed.  Id.

12        Foster Wheeler has been involved in asbestos litigation for many years and has

13   avoided filing frivolous Removals by choosing to be diligent and only removing a case

14
15   when it was certain that its boilers or economizers were on a Navy ship at issue, and that

16   plaintiff was alleging exposure to asbestos from such Foster Wheeler equipment.  It was

17   not until plaintiff identified the USS Kitty Hawk in her interrogatory responses as a Navy

18   ship on which the decedent allegedly worked and was exposed to asbestos, that Foster

19
20   Wheeler had a good faith basis to remove this action to this Court.  Pursuant to firmly-

21   established law, Foster Wheeler appropriately and timely filed a Notice of Removal within

22   thirty days of receipt of plaintiff's interrogatory responses, which constituted "other

23   paper," from which Foster Wheeler ascertained that this case was removable.

24

25

26   _____
[3] The court stated that the plaintiff's supplemental interrogatory response was the first "paper" from which it could be ascertained that the case was removable. Id. *See also* Madden v. Able Supply Company, 205 F.Supp.2d 695, 698 (S.D.Tex. 2002)(Westinghouse filed a timely removal four months after complaint but thirty days within receipt of Answers to Master Discovery Requests in which it discovered a potential for removal).

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW   MURRAY, DUNHAM & MURRAY
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL           ATTORNEYS AT LAW
TRANSFER ORDER AND MOTION TO REMAND  -13-                                       Post Office Box 9844
                                                                                                             Seattle, WA 98109
                                                                                               (206) 622-2655, 684-6924 (FAX)

**III.  PLAINTIFF'S REMAND APPLICATION SHOULD BE DENIED IN ORDER TO PROTECT THE UNIQUE FEDERAL ISSUES AT STAKE IN THIS CASE.**

The Supreme Court has long recognized that the operations of the federal government would be arrested if federal agents were held accountable in a State court for actions taken within the scope of their federal authority. See Tennessee v. Davis, 100 U.S. 257, 263 (1880).  Congress enacted the removal provisions of §1442(a)(1) of Title 28 of the United States Code to ensure the existence of "a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties." Arizona v. Manypenny, 451 U.S. 232, 242 (1981).  The right to removal under this section is "*absolute* whenever a suit in a state court is [brought] for any act 'under color' of federal office." Willingham v. Morgan, 395 U.S. 402, 406 (1969) (emphasis added).

A defendant need not win its case before it can be removed. Willingham, 395 U.S. at 407.  The defendant need only articulate the colorable applicability of the federal defense to plaintiffs' claims to establish federal jurisdiction. See Hagen v. Benjamin Foster Co., No Civ. Action No. 07-63346 (E.D.Pa. Sept. 24, 2010).

**IV.  FOSTER WHEELER MEETS THE REQUIREMENTS OF §1442(a)(1) AND JURISDICTION IS PROPER IN THIS COURT.**

In order to remove a case to federal court under §1442(a)(1), a defendant must establish (a) that it acted under the direction of a federal officer or agency, (b) that it has a colorable federal defense, and (c) that there is a causal nexus between the federal direction and the conduct at issue. See Mesa, 489 U.S. at 132-134.  Foster Wheeler has submitted evidence that the actions that form the basis of plaintiff's claims were performed under the

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER AND MOTION TO REMAND   -14-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

**1**

**2**   direction of federal officers, that it has a colorable federal defense to the asserted claims

**3**   and that there is a causal nexus between the federal direction and the actions which give

**4**   rise to plaintiff's claims.

**5**   **A.**   **Foster Wheeler Has Established that it "Acted Under" the Color of Federal
        Authority.**

**6**

**7**       To demonstrate that a defendant was "acting under" the direction of a federal

**8**   officer, the defendant must show that the acts forming the basis of the state suit were

**9**   performed pursuant to an officer's "direct orders or comprehensive and detailed

**10**  regulations." Freiberg v. Swinerton & Walberg Prop. Servs., Inc., 245 F. Supp. 1144,

**11**  1152 (D. Colo. 2002), citing Ryan v. Dow Chemical Co., 781 F. Supp. 934, 947 (E.D.N.Y.

**12**
       1992).
**13**

**14**      This evidence, which demonstrates the active and direct control by the Navy over

**15**  Foster Wheeler with respect to every aspect of the design, manufacture and delivery of its

**16**  boilers and economizers, including the Navy's absolute control over any warnings
**17**
       permitted to be placed on a Foster Wheeler boiler or economizer delivered with them, has
**18**
**19**  been found by federal courts across the country, including the MDL court, to demonstrate

**20**  that Foster Wheeler, and companies like Foster Wheeler, were acting under the direction

**21**  of a federal officer. See Hagen at pg. 32; Corley v. Long-Lewis Inc., 688 F.Supp.2d 1315,

**22**  1336 (N.D. Ala., 2010); Salamante, et al. v. Quintec Indus., et al., CV 08-4674
**23**
       PA(JTLx)(C.D. Cal. Sept. 22, 2008).
**24**

**25**  **B.**   **Foster Wheeler Has Asserted a Colorable Federal Defense.**

**26**      A defendant must assert a colorable federal defense in order to remove an action to

       federal court. Courts have found that this requirement should be **interpreted broadly and**

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW      MURRAY, DUNHAM & MURRAY
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL          ATTORNEYS AT LAW
TRANSFER ORDER AND MOTION TO REMAND   -15-                         Post Office Box 9844
                                                                  Seattle, WA 98109
                                                                  (206) 622-2655, 684-6924 (FAX)

**does not require a showing that the defense asserted is likely to succeed**. See Jefferson County v. Acker, 527 U.S. 423, 431 (1999), 149 F.3d at 400, citing Willingham.  Since the purpose of the defense is simply to supply subject matter jurisdiction to the court, any federal defense will suffice. Id.

It is well established that the government contractor defense articulated by the Supreme Court in Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988)  may operate to defeat a state failure to warn claim.  Hagen, at pg. 28 (although Boyle applied the government contractor defense to a design defect products liability claim, courts have recognized the defense's applicability to failure to warn claims like plaintiff's)[citing Oliver v. Oshkosh Truck Corp., 96 F.3d 992, 1003 (7th Cir. 1996); Tate v. Boeing Helicopters, 55v F.3d 1150, 1157 (6th Cir. 1995); Thus, in response to a failure to warn claim, a manufacturer asserting the government contractor defense must ***articulate facts*** establishing: (1) the United States exercised its discretion and approved the warnings, if any; (2) the contractor provided warnings that conformed to the approved warnings; and (3) the contractor warned the United States of the dangers in the equipment's use about which the contractor knew, but the United States did not. Hagen, at pg. 29 (citing Tate, 55 F.3d at 1157; Oshkosh, 96 F.3d at 1003-1004).

The uncontroverted evidence from Admiral Lehman and Schroppe demonstrates that the Navy provided Foster Wheeler with precise and detailed specifications that governed every aspect of the design, manufacture and delivery of the boilers and economizers at issue in these actions, including any warnings or written information that could accompany the Foster Wheeler boilers and economizers.

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER AND MOTION TO REMAND   -16-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Conformity with the specifications, the second prong of the modified-Boyle test, may be established by the acceptance and use of the item by the Navy. See, Lewis v. Babcock Industries, Inc., 985 F.2d 83, 86 (2nd Cir. 1993). Each boiler manufactured by Foster Wheeler for the Navy went through an acceptance trial and was only accepted by the Navy after any deficiencies were corrected by Foster Wheeler. (Schroppe Aff. at ¶20.)

Foster Wheeler has advanced evidence that there were no dangers about the use of asbestos-containing insulation on boilers that were known to it but not the United States. (See Betts Affidavit, Exhibit 6, at ¶32)[4]

In accordance with the policy underlying the removal statute, and consistent with the MDL court's detailed analysis and finding in Hagen, Foster Wheeler need not unequivocally establish that the Navy directly prohibited Foster Wheeler from placing warnings on the equipment it manufactured according to the Navy's specifications in order to justify removal. See Hagen, generally; Wright v. Foster Wheeler, C07-05403 MJJ, (N.D.Cal. Feb. 21, 2008) (Exhibit 9); Jenkins v. Allied Packing & Supply, Inc., 09-cv-0101 DMS (LSP)(S.D.Cal. Mar. 25, 2009)(Exhibit 10); Salamante. v. Quintec Indus., Inc., CV 08-4674 PA (JTLx)(C.D. Cal. Sept. 22, 2008((Exhibit 11).

Foster Wheeler has established a colorable, if not complete, federal defense to plaintiff's claims. As recently recognized by this Court in Hagen, that is all that is required of it at this stage of this case and plaintiffs' motion to remand should be denied.

---

[4]   Foster Wheeler has also advanced compelling evidence that the Navy dictated what warnings could be provided by Foster Wheeler and dictated the content of any warning Foster Wheeler was permitted to provide.

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MOTION TO REMAND   -17-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

1

2

**C.    Foster Wheeler Has Demonstrated a Causal Nexus Between the Federal Direction and the Conduct At Issue.**

3

4      Evidence demonstrating that Foster Wheeler satisfied the warning prong of the

5   modified-<u>Boyle</u> test has been advanced in support of Foster Wheeler's opposition to

6   remand. The evidence, at a minimum, raises a colorable federal defense and demonstrates

7   the causal connection between that which Foster Wheeler did under federal direction and

8   plaintiff's failure to warn claim.  <u>See Hagen</u> at pg. 33 (<u>citing</u> <u>Prewett v. Goulds Pumps</u>,

9   2009 WL 2959877, at *3 (W.D. Wash. 2009).  Nothing more is needed to establish federal

10   jurisdiction.  Foster Wheeler does not have to win its case before it can have it removed.

11   <u>Acker</u>, 527 U.S. at 431; <u>Corley</u>, 688 F.Supp.2d at 1332.

12

13                                    **CONCLUSION**

14      For all of the reasons set forth herein, it is respectfully requested that plaintiff's

15   Motion to Vacate CTO and Motion to Remand be denied.

16

17

18      DATED this 18th day of August, 2011.

19

20                                    /s/ Dirk Bernhardt
                                      Dirk Bernhardt, WSBA #33071
21                                    Murray Dunham & Murray
                                      200 West Thomas, Suite 350
22                                    Seattle, Washington  98109
                                      Telephone:    (206) 622-2655
23                                    Facsmile:     (206) 684-6924
                                      dirk@murraydunham.com
24                                    Of attorneys for Defendant Foster
25                                    Wheeler Energy Corporation

26

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER AND MOTION TO REMAND  -18-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)

## DECLARATION OF SERVICE

I hereby certify that on this 18th day of August, 2011, I caused the foregoing to be

filed with the Judicial Panel on Multidistrict Litigation using the CM/ECF E-Filing system

which will send notification of such filing to the following:

**Counsel for Plaintiffs**
Janet Rice
SCHROETER GOLDMARK &
BENDER
500 Central Building
810 Third Avenue
Seattle, WA  98104

**Counsel to Asbestos Corp., LTD.**
Mark Tuvim
Kevin Craig
Gordon & Rees, LLP
701 Fifth Avenue, Suite 2130
Seattle, WA  98104

**Counsel to CBS Corp.; General Electric Company**
Christopher Marks
Sedgwick, LLP
520 Pike Tower, Suite 2200
Seattle, WA  98101

**Counsel to Metropolitan Life Insurance Company**
Richard Gawloski
Wilson, Smith, Cochran & Dickerson
1215 Fourth Avenue, Suite 1700
Seattle, WA  98161

**Counsel to Saberhagen Holdings, Inc.**
Timothy K. Thorson
Carney Badley Spellman, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA  98104-7010

**Counsel to Uniroyal**
Chris R. Youtz
Sirianni Youtz Meier & Spoonemore
1100 Millennium Tower
719 Second Avenue
Seattle, WA  98104

Signed at Seattle, Washington, this 18th day of August, 2011.

/s/ Oscar Ramos Jr.
Oscar Ramos Jr., Paralegal
Murray Dunham & Murray
200 West Thomas, Suite 350
Seattle, Washington  98109
Telephone:   (206) 622-2655
Facsmile:   (206) 684-6924
asbestos@murraydunham.com

FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MOTION TO REMAND  -19-

MURRAY, DUNHAM & MURRAY
ATTORNEYS AT LAW
Post Office Box 9844
Seattle, WA 98109
(206) 622-2655, 684-6924 (FAX)