# EXHIBIT  3

1

2

3

4

5

6

7

8

9

10

11

12

13

RECEIVED

**JUN 0 6 2011**

MURRAY, DUNHAM,
MURRAY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

SHARON Y. CAIN, individually and as
Personal Representative of the Estate of
GERALD ERNEST CAIN, Deceased,

Plaintiff,

v.

ASBESTOS CORP., LTD., et al.,

Defendants.

No.  11-2-12640-2 SEA

DEFENDANTS' STYLE
INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF
THE ESTATE OF DECEDENT **AND
ANSWERS THERETO**

14

15

16

17

18

19

20

21

22

23

24

25

26

TO:        SHARON Y. CAIN

AND TO:      JANET L. RICE; Schroeter, Goldmark & Bender; Attorney for plaintiff

In accordance with CR 26 and CR 33 and the applicable style order governing

asbestos litigation, you will please answer the following interrogatories, separately and fully,

under oath, within sixty (60) days of the date of service of these interrogatories upon you or

within the time periods set by the appropriate style order.

These interrogatories are to be treated as continuing.  If information is not available

within the time limits of the Civil Rules, you must answer each interrogatory as fully as

possible within the time limit and furnish additional information when it becomes available.

If additional information is discovered between the time of making these answers and the

time of trial, these interrogatories are directed to that information.  If such information is not

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT **AND ANSWERS THERETO** - 1
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

**SCHROETER GOLDMARK & BENDER**
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1  furnished, the defendants will move at the time of trial to exclude from evidence any

2  information requested and not furnished.

3      NOTE:  The information sought in these interrogatories is intended to include any

4  and all witnesses and information known to the plaintiff or plaintiff's agents or attorneys.

5

6      Throughout these interrogatories, language should be read in light of the context in

7  which it is used.  Consequently, the singular includes the plural and the plural includes the

8  singular where appropriate.  Furthermore, the masculine is intended to also refer to the

9  feminine where appropriate and vice versa.

10     As used in these interrogatories, the terms listed below are defined as follows:

11     "You," "your," "yourself," and "plaintiff" or "plaintiffs" means plaintiff

12  _____, to be answered for <u>both</u>, unless reference is made to only one, and all

13  other persons acting or purporting to act on their behalf.

14

15     "Document" or "documents" or "documentation" means any recorded material in any

16  form, including originals and all non-identical copies (whether different from the originals by

17  reason of any notation made on such copies or otherwise), including without limitation

18  correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams,

19  minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties,

20  guaranties, summaries, pamphlets, books, prospectuses, interoffice and intra-office

21  communications, offers, notations of any sort of conversations, telephone calls, meetings or

22  other communications, bulletins, magazines, publications, printed matter, photographs,

23  computer printouts, teletypes, telefax, invoices, worksheets and all drafts, alterations,

24  modifications, changes and amendments of any of the foregoing, tapes, tape recording

25  transcripts, graphic or aural records or representations of any kind, and electronic, mechanical or

26

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT **AND ANSWERS THERETO** - 2
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK *&* BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

electric records or representations of any kind, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control.

"Incident" or "occurrence" refers to the subject matter of the complaint, including but not limited to your alleged exposure to asbestos-containing products and any physical condition or illness allegedly resulting therefrom.

"Relates to" means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

"Person" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

"Defendant" or "defendants" means, unless otherwise stated or apparent from the context in which used, all present and future defendants who are parties to this case including predecessors in interest and all other subsidiaries.

"Identify" means:

as to a job site to state with respect thereto:

a.     The name and address of the owner of the facility at the site;

b.     The address of the job site; and

c.     The name of your employer at said job site;

d.     The dates you were at each job site where asbestos-containing product exposure is claimed; and

e.     The name of any other employers at said job site.

If your answer to any interrogatory or subpart thereof is "N/A" or "Not Applicable," describe in detail your reason(s) for making such reply.   Furthermore, in reply to any

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT AND ANSWERS THERETO - 3
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK *&* BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1    interrogatory or subpart thereof, do not merely state "See attached records" unless you have

2    no additional memory of the matters referred to in the specific interrogatory or subpart

3    thereof.  If you have any additional memory of the matters referred to, describe it in detail.

4          DATED this _____ day of _____, 2011.

5

6

7                              _____

8                              Bar Membership No. _____
                               Attorneys for _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT AND ANSWERS THERETO - 4
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

INTERROGATORIES

Background

1.  Please provide the following for decedent and spouse, if applicable:

    a.    Full name, including other names by which decedent has been known, including nicknames, maiden names, and aliases;

    b.    Date and place of birth, Social Security number, and all addresses at which decedent lived during the past 20 years, including your current address;

    c.    Dependents (including names, ages and relationship to you); and

    d.    Your current height and weight.

ANSWER:

a.    Gerald Ernest Cain; nickname "Jerry" or "Jer"
b.    March 22, 1936; Bremerton, WA; 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; 4989 Beach Drive East, Port Orchard, WA 98366
c.    Sharon Yvonne Cain, spouse
d.    Not applicable

a.    Sharon Yvonne Cain, *nee* Linenko;
b.    July 17, 1945; Bremerton, WA; 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; 4989 Beach Drive East, Port Orchard, WA 98366
c.    Not applicable
d.    62", 136 lbs.

Marital Status & Children

2.  If decedent was ever married, provide the following:

    a.    Full name, place of residence (i.e., city or town or specific address, if known), and date of marriage for each spouse (and date of divorce, if applicable);

    b.    The occupation and income of decedent's spouse;

    c.    Names, ages and place of residence (i.e., city or town or specific address, if known) of children from each marriage; and

    d.    The present general state of health of decedent's spouse and each child listed above, or if deceased, the date and cause of death.

ANSWER:

a.    Elizabeth Remmen Garland; Bremerton, WA; married from 1955-1965
       Diane (last name unknown), married from approximately 1966-1968

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1    Sharon Yvonne Linenko; 4989 Beach Drive East, Port Orchard, WA 98366; married
     November 22, 1975; good health
2  b.   Retired, $1667.00 per month
   c.   Michael Cain; age 52; Bremerton, WA; health good
3       Nancy Linda Bear; age 54; Apache Junction, AZ; recovering from skin cancer
        Patrick Cain; Tacoma, WA; deceased March 7, 2010 from suicide
4
        Decedent's wife and children may also have been exposed to asbestos dust from
5  decedent's work clothes.

6  Family Members

7    3.  Identify the following with respect to each of decedent's parents, step parents,
         siblings, adopted siblings, and half-siblings:
8
9        a.    Name, place of residence (i.e., city or town or specific address, if known),
               relationship status, and age for each such person;

10       b.    Whether any of the persons listed above has suffered from cancer, bronchitis,
11             emphysema, or any other respiratory, pulmonary or cardiovascular condition
               or any other serious health condition or illness if known;
12
13       c.    If deceased, the date, place, and cause of death for each person listed above, if
               known; and

14       d.    Whether any of the persons listed above has been exposed to asbestos-
15             containing materials, and if so, the details of such exposure.

16  ANSWER:

17  a.   Harold A. Cain; father; deceased January 4, 1970 in Bremerton, WA; cause of death:
        mesothelioma; was exposed to asbestos while employed at PSNS
18  b.   Clara (Dick) Cain; mother, deceased March 1983 in Bremerton, WA; cause of death:
        brain tumor; secondary exposure to asbestos from husband's clothing
19  c.   Charlotte Booher; Pasco, WA; sister; age 84; suffers from Alzheimer's disease;
        secondary bystander exposure from father's clothing
20
    Education
21
22   4.  Please state the highest grade or last school or educational facility attended by
         decedent, including the dates of attendance and degree attained, if applicable.
         (Include technical, vocational training and correspondence courses.)
23
    ANSWER:
24
25      Bremerton High School; graduated 1955
        Olympic College; various classes, not graduated
        Insulator Apprenticeship program at PSNS from 1959-1962
26
    Military Service

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT **AND ANSWERS THERETO - 6**
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK *&* BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

5. If decedent ever served in the armed forces of any country, please state the following:

    a.    Country served; NA

    b.    Inclusive dates of service;

    c.    Branch of service;

    d.    Rank attained;

    e.    Type of duty;

    f.    Where duty was performed;

    g.    When decedent was discharged;

    h.    Type of discharge; and

    i.    Decedent's serial number.

    j.    If ever rejected by the armed forces, state the date and reasons.

ANSWER:

    National Guard, from approximately 1958-1963

Other lawsuits, Proceedings, etc.

6. If decedent was ever party to any lawsuit (excluding this lawsuit), arbitration or administrative agency action involving personal injury or illness, please state the following:

    a.    The names and addresses of all plaintiffs, defendants and other parties, and each of their attorneys;

    b.    The location and court, tribunal, arbitration board or administrative agency where each lawsuit, arbitration, or administrative agency action was filed;

    c.    The cause or identifying file number;

    d.    The approximate date of filing;

    e.    The circumstances, nature and extent of the injuries or illnesses claimed; and

    f.    The present status of each lawsuit, arbitration or administrative agency action, including the decision, award or ruling, if any.

ANSWER:

    In approximately 1986, the decedent filed a claim with the Bureau of Employee Compensation at PSNS for loss of hearing. The attorney representing the decedent was James Hailey of Schroeter Goldmark & Bender. The claim number was A14-208491. The

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT AND ANSWERS THERETO - 7
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

decedent received an award of approximately $11,000 and government-provided hearing aids.

Income

7. For each of the past ten (10) years of decedent's working life, please state the following:

    a.    The amount of all income decedent received;

    b.    The sources of all income decedent received (e.g., itemized as to each individual source);

    c.    For each full time job, decedent's employer, type of work, base rate of pay and overtime rate of pay, and the number of hours per week which decedent normally worked, including how much of this was compensated as overtime; and

    d.    For each part time job, decedent's employer, type of work, decedent's rate of pay received for such work, and the total hours or days decedent worked part time.

ANSWER:

Object as to all sources of income except income from employment. Irrelevant, immaterial, collateral and not calculated to lead to the discovery of admissible evidence.

Expert Witnesses

8. For each expert witness decedent expects to call at trial, please state the following:

    a.    The name, address, and occupation of each expert witness;

    b.    The subject matter on which such expert witness is expected to testify;

    c.    The substance of the facts and opinions to which such expert witness is expected to testify; and

    d.    A summary of the grounds for each such opinion.

ANSWER:

Investigation and discovery are continuing. However, probably Samuel Hammar, M.D., Andrew Churg, M.D. and treating physicians and possibly others as revealed by further investigation and discovery. Also expert witnesses identified in style pleadings.

Smoking History

9. If decedent smoked or used tobacco products during his/her lifetime, please describe his/her smoking history in detail (e.g.,, give specific information about the time period decedent smoked, amount smoked, whether or not decedent inhaled, type of tobacco product, brand names, etc.)

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT AND ANSWERS THERETO - 8
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

1  ANSWER:

2      Decedent smoked less than one pack of cigarettes per week from 1951-1955.
   Decedent smoked between two and three packs of cigarettes per day from 1955-1963.
3  Decedent stopped smoking in 1963.

4  Employment

5      10. For each employer for whom decedent ever worked (including self-employment and
          part time employment) please identify:

6
7          a.    In chronological order, the beginning and ending dates of each period of
                 employment;

8          b.    The place of each such employment;

9          c.    The nature of the business for each such employment; and

10         d.    Decedent's particular title or job description or function for each such
                 employment.

11
   ANSWER:
12
   a.    1955
13 b.    Puget Sound Energy
   c.    Utilities company
14 d.    Lineman

15 a.    1958
   b.    The Boeing Company
16 c.    Airplane manufacturing
   d.    Riveter
17
   a.    1958-1959
18 b.    Lewis Funeral Home
   c.    Embalming and funeral services
19 d.    Cremator and grave digger

20 a.    1959-1991
   b.    Puget Yard Naval Shipyard (PSNS)
21 c.    Ship building
   d.    Lagger; Pipefitter; Planner and Estimator; PERA Funds Administrator
22
   Asbestos Exposure/Jobsites
23
24     11. Identify each job site or ship (referencing its specific location and the dates of
          decedent's employment) at which you claim exposure to asbestos-containing products
          and decedent's occupation or trade at each job site.
25
   ANSWER:
26
       See answer to Interrogatory No. 12.   .   I believe my attorneys have information
   suggesting that decedent was exposed to the asbestos products of defendants during his

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT AND ANSWERS THERETO - 9
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

employment from 1959 to 1979 as an insulator at Puget Sound Naval Shipyard. Additionally, my attorneys have information suggesting that decedent was exposed to the asbestos products of defendants through household exposure from his father's employment as a coppersmith and pipefitter at PSNS during his childhood. Investigation and discovery are continuing.

12. State separately for each job site or ship enumerated in your response to Interrogatory No. 11, the following:

    a.   The name and address of decedent's employer;

    b.   The names of each contractor that brought, installed, or used the asbestos or asbestos-containing product on the job site, the date, and the contractor that is related to decedent's exposure;

    c.   The nature of decedent's exposure to asbestos containing products (include job title, duties performed, and details as to whether exposure occurred during rip-out, repair, new construction, etc.);

    d.   The names of the manufacturers, sellers, distributors and/or the brand names of the asbestos-containing products to which decedent was exposed and the dates you claim decedent's exposure to each product;

    e.   The names and addresses of co-workers and supervisors/foremen;

    f.   The name, address and telephone number of every witness who can identify asbestos-containing product(s) at the site. For each such witness, also please identify which specific products they will identify at each specific jobsite. (If you are relying on a deposition of the witness, please identify it.);

    g.   Whether during the course of that employment decedent was advised, warned or made aware in any manner that exposure to or inhalation of, asbestos dust and fibers could have an adverse affect on his/her health. If so, for each such advice, warning or awareness, state who advised decedent, where he/she was advised, when he/she was advised, how he/she was advised, and the nature of the advice, warning or awareness that decedent was given;

    h.   Whether respiratory safety equipment (e.g., masks, respirators, suckers, blowers, etc.) were either required, made available to decedent, or recommended by decedent's employer, supervisor or anyone else at the job site;

    i.   Whether decedent's employer provided showers or separate lockers for work and personal clothing; and

    j.   Whether company sponsored physical examinations were required or made available to decedent by each employer, and if so, the nature and frequency of such examinations. If known, state the names and addresses of the examining doctor or facility.

ANSWER:

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT AND ANSWERS THERETO - 10
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1   My attorneys have information indicating that decedent Gerald Cain was exposed to
2   the asbestos-containing products of defendants during his employment at Puget Sound Naval
    Shipyard ("PSNS") from 1959-1979 as an insulator.

3   The ships the decedent worked aboard while employed at PSNS include, but are not
    limited to, the following: USS King (DLG-10); USS Coontz (DLG-9); Coral Sea (CVA-43);
4   Iwo Jima (LPH-2); Brinkley Bass (DD-887); Shangri La (CVA-38); Lexington (CVA-16);
    Turner Joy (DD-951);Watts (DD-567); Reeves (DLG-24); Bon Homme Richard (CVA-31);
5   Yorktown (CVS-10); Burton Island (AGB-1); Sacramento (AOE-1); Ozbourn (DD-846);
    Hancock (CVA-19); Tower (DDG-9); Arnold J. Isbell (DD-869); Bellatrix (AF-62);
6   Kearsarge (CVS-33); Towers (DDG-9); Ticonderoga (CVA-14); James E. Kyes (DD-787);
    Eversole (DD-789); Wright (CG-2); Jouett (DLG-29); Sterett (DLG-31); Capitaine (AGSS-
7   336); Floyd B. Parks (DD-884); Bennington (CVS-20); Buchanan (DDG-14); Simon Lake
    (AS-33); Gridley (DLG-21); Bugara (SS-331); Gurke (DD-783); Dennis J. Buckley (DDL-
8   808); R. E. Byrd (DDG-23); Cochrane (DDG-21); Oriskany (CVA-34); Barbel (SS-580);
    Gompers (AD-37); Kitty Hawk (CVA-63); Waddell (DDG-24); Puget Sound (AD-38);
9   Burton Island (AGB-1); Archerfish (AGSS-311); Sperry (AS-12); Constellation (CVA-64);
    Seattle (AOE-3); Sculpin (SSN-590); Blueback (SS-581); Tunny (SS-282); Brooke (DEG-1);
10  Detroit (AOE-4); Ranger (CVA-61); Snook (SSN-592); Ramsey (DEG-2); Sperry (AS-12);
    Plunger (SSN-595); Pueblo (AGER-2); Palm Beach (AGER-3); Truxtun (DLGN-35);
11  Nueces (APB-40); Sample (DE-1048); Enterprise (CVAN-65); John Adams (SSBN-620);
    and Albert David (DE-1050).

12

13  Asbestos containing equipment products that were used on the above-named ships
    include, but are not limited to, the following: Westinghouse engines; Foster-Wheeler main
14  boilers and condensers; General Electric main engines, propulsion turbines, service turbine
    generator sets, and turbines on diesel purifiers. In addition, Mr. Cain was exposed to Eagle-
15  Picher products, Johns-Manville products, and Uniroyal products either during his work or
    from take-home exposure to asbestos from his father's clothes.

16

17  My attorneys have information indicating that the E.J. Bartells and Brower Co.,
    and/or its predecessors or successors, installed, sold and/or supplied asbestos and/or asbestos
18  containing products to PSNS during the time in which the decedent was employed there or
    during his father's employment.

19

20  At the time of trial, I expect to list numerous product identification witnesses who, by
    live or deposition testimony, will establish that decedent was exposed to the asbestos
21  containing products manufactured and/or supplied by Johns-Manville, Eagle-Picher,
    Westinghouse, Foster-Wheeler, General Electric, Brower, E. J. Bartells and Uniroyal during
22  his employment. These witnesses include: George Abbay, Monty Anderson, Ralph David,
    Earl Fowler, Bill Keetle, Robert Kinsman, Robert Leonard, Richard Mills, John Northey,
23  James Stark, Hugh Tefft, Richard Walmach, Melvin Wortman and Roy Yager most of whom
    are well known to the defendants in this lawsuit. Investigation and discovery are continuing.

24      13.If you contend decedent was exposed to asbestos or asbestos products under
            circumstances outside of decedent's employment, please state the following:
25
            a.   The physical location, place and circumstances of this exposure;
26
            b.   The trade name, manufacturer, product type, and product contents to which
                 decedent was exposed;

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT AND ANSWERS THERETO - 11
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

c.   The dates you contend decedent came into contact with each such product; and

d.   The names and addresses of all persons who have knowledge or witnessed this exposure.

ANSWER:

Secondary bystander exposure from father's clothing. Harold Cain worked at PSNS from 1928-1959, first as a coppersmith, and then from 1950 until retirement as a pipefitter. The decedent lived with his father until 1955. See answer above as to products/equipment to which he was exposed.

Union Membership

13. If decedent was ever a member of any professional association, labor union or other trade, labor or employment organization, please state the following:

a.   The name and address of such union or labor organization, including local designation and dates of membership;

b.   The type of work that decedent was authorized to perform by virtue of this membership;

c.   Whether decedent received any newspapers, newsletters or other publications from this union or labor organization and if so, the title(s) of the publications, and the time period, including dates during which decedent received such publications;

d.   Whether or not decedent was ever informed during meetings or through publications offered by the union of possible hazards associated with decedent's job, and specifically those hazards associated with exposure to asbestos dust; and

e.   Whether or not there were any medical screening programs offered or encouraged by decedent's union, and whether decedent took part in any such program.   If decedent took part, list the names of the facilities where the examinations took place and the names of the participating physicians, if known.

ANSWER:

a.   International Association of Heat and Frost Insulators and Asbestos Workers; 9602 M. L. King Jr. Highway, Lanham, MD 20706; Local 62
b.   Pipe lagging and insulating
c.   Unknown
d.   Unknown
e.   Annual chest x-rays performed by Dr. Margaret Krieg and/or Dr. Richard Wesley at Northwest Diagnostic Imaging, beginning in June 1992.

Retirement

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT **AND ANSWERS THERETO** - 12
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

14. If decedent was retired from full time employment, please state the following:

    a.    The date upon which decedent retired from full time employment;

    b.    The reasons for decedent's retirement; and

    c.    The nature and amount of any benefits received as a result of decedent's retirement.

ANSWER:

a.    March 29, 1991
b.    Decedent reached retirement age.
c.    Pension of $2929.00 per month net

Asbestos-Related Documents

15. Provide the following with respect to the asbestos-related disease which forms the basis of this lawsuit. (Do not refer defendants to decedent's medical records. Provide specific answers.):

    a.    Nature of asbestos-related disease;

    b.    Date disease was diagnosed;

    c.    Physician or health care facility diagnosing the asbestos-related condition; and

    d.    Physicians or health care facilities which provided care or treatment for the asbestos-related condition after diagnosis.

ANSWER:

a.    Peritoneal mesothelioma
b.    June 28, 2010
c.    Dr. Ann Murphy and Dr. Johnny Green; Harrison Medical Center
d.    Hospice of Kitsap County in Bremerton, WA

Health Care Providers

16. With respect to each doctor or health care provider who examined or treated decedent for any respiratory condition during his/her lifetime or for any other health condition during the last 25 years of decedent's life, state the following:

    a.    The name and address of each such doctor or health care provider;

    b.    The reasons that decedent was seen by each doctor or health care provider;

    c.    The type of examination or nature of treatment that was given to decedent by each doctor or health care provider; and

    d.    The date or dates on which decedent was examined or treated by each doctor or health care provider.

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT **AND ANSWERS THERETO** - 13
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK *&* BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

ANSWER:

a.   Bremerton Naval Hospital; 1 Boone Road, Bremerton, WA
b.   Exit physical due to retirement from PSNS
c.   Chest x-ray
d.   1990

a.   Dr. Margaret Krieg, Dr. Richard Wesley; 2709 Hemlock Street, Bremerton, WA
b.   Annual exam
c.   Chest x-ray
d.   1992-2009

a.   Dr. Johnny Green, Dr. Ann Murphy; Harrison Medical Center; 2520 Cherry Avenue, Bremerton, WA
b.   Mesothelioma
c.   Diagnosis of mesothelioma
d.   June 2010

a.   Hospice of Kitsap County
b.   Mesothelioma
c.   Palliative care
d.   July 2010

Workers' Compensation/Disability Claims

17. If decedent filed a state or federal workers' compensation claim, a social security claim or a disability claim with any other entity for benefits as a result of his/her alleged asbestos-related disease <u>or</u> for any other reason, please state the following:

  a.   The date the claim was filed and its nature (<u>i.e.</u>, Washington Department of Labor & Industries claim, Federal Department of Labor claim, Longshoreman's claim, Social Security, etc.);

  b.   The file number of the claim(s);

  c.   The status of decedent's claim(s) (<u>i.e.</u>, whether you are receiving benefits, your claim(s) have been denied, etc.); and

  d.   The nature of the disability for which decedent filed the claim.

ANSWER:

The decedent filed an OWCP claim in 1990 due to asbestos exposure found on a chest x-ray. The claim number is A14-253987. As a result of this claim, OWCP paid for yearly chest x-rays.

Special Damages

18. Please state the following for <u>each and every</u> special damage amount (including wage loss, if any, and medical bills) which you allege as a result of decedent's asbestos-related injury:

  a.   Special damage amount;

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT **AND ANSWERS THERETO** - 14
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK *&* BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1

b.     Basis for this amount; and

2

c.     Whether you have any documentation to support this special damage amount.
3          (If so, please provide the documentation.)

4   ANSWER:

5      See Complaint.   Special damages are based on medical bills and funeral expenses.
Medical expenses are estimated to be approximately $30,000.00.   Funeral expenses were
6   $8514.37.   Income loss is $1052.10 per month.   Investigation and discovery are continuing.
Documentation will be provided upon receipt.

7
   19. If a death certificate was prepared after the death of decedent please attach a copy of
8       the death certificate or state the following:

9      a.     The identity of the person who signed the death certificate;

10     b.     The identity of the person listed on the death certificate as the informant;

11     c.     The identity of each doctor, pathologist, and coroner furnishing information
            appearing on the death certificate;

12
       d.     The immediate cause of death shown on the death certificate and the identity
13          of the person(s) furnishing this stated cause of death; and

14     e.     Whether the death certificate was filed and, if so, identify the agency or office
            where filed including its address.

15
   ANSWER:
16
       See attached death certificate.
17
   20. If an autopsy was performed on decedent, please attach a copy of the autopsy report
18       or state the following:

19     a.     The person(s) performing such autopsy, including their employer, title,
            professional affiliations, etc.;

20
       b.     Date on which the autopsy was performed;
21
       c.     The place where the autopsy was performed; and
22
       d.     The basic results, findings, and conclusions of the autopsy report.
23
   ANSWER:
24
       See attached autopsy report.
25
   21. If an autopsy was performed on decedent, were any specimens or tissue samples
26       taken or retained?  If so, identify:

       a.     The nature of the specimens or tissue samples taken or retained;

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT **AND ANSWERS THERETO** - 15
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK *&* BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

b.      The person at whose direction such specimens or tissue samples were taken or retained;

c.      The purpose for taking or retaining such specimens or tissue samples; and

d.      The present location and custodian of all such specimens or tissue samples.

ANSWER:

See attached autopsy report.  Any tissue samples from the autopsy that exist are in the possession of Dr. Samuel Hammar.  Said tissue samples, if any, would have been taken, preserved and retained pursuant to Dr. Hammar's standard procedures, as well as any procedures mandated by the medical and/or pathological profession.

22. Was decedent buried?  If so, state:

a.      The date of burial;

b.      The place of burial, naming the cemetery or other burial place and its location; and

c.      The cost of the burial services (attach a copy of any receipts or invoices, if available).

ANSWER:

Not Applicable

23. Was decedent cremated?  If so, state:

a.      The date of cremation;

b.      The place of cremation;

c.      The identity of the person(s) in charge of the cremation; and

d.      The cost of the cremation services (attach a copy of any receipts or invoices, if available).

ANSWER:

a.      July 13, 2010
b.      Pendleton-Gilchrist Funeral Home, 1151 Mitchell Avenue, Port Orchard, WA 98366
c.      David Rill
d.      $8514.37

24. Was decedent survived by a spouse?  If so, state:

a.      Whether said surviving spouse has remarried; and

b.      If so, the date of remarriage and to whom.

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT AND ANSWERS THERETO - 16
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1   ANSWER:

2       Defendant was survived by spouse Sharon Cain.
    a.    No
3       b.    Not applicable

4       25. Did decedent die testate?  If so, state:

5           a.    Whether the will has been filed for probate, and, if so, the title of the action, the name of the court in which the action lies, and the court's file number;

6

7           b.    Whether the will has been admitted to probate, and, if so, the date; and

8           c.    The name, address, and relationship to decedent of each executor named in the will.

9   ANSWER:

10      Yes.
    a.    Letters Testamentary; Superior Court of the State of Washington, in and for the
11      County of Kitsap; 11-4-00034-5
    b.    January 14, 2011
12      c.    Sharon Yvonne Cain; 4989 Beach Drive East, Port Orchard, WA 98366; spouse

13      26. Has there been a contest of the will of decedent?  If so, state:

14          a.    The name, address, and relationship to decedent of each person contesting the will;

15

16          b.    The date on which each contest was filed;

17          c.    The grounds for each contest of the will;

18          d.    The name of the court, and the court's file number for each contest; and

19          e.    How and when each contest was determined by the court, or otherwise settled.

20  ANSWER:

21      Not applicable

22      27. Did decedent die intestate?  If so, state:

23          a.    Whether application for administration has been filed, and, if so, the date of filing, name of court where filed, the court's file number, and the title of the action; and

24          b.    The name and address of each duly qualified and appointed administrator of
25      the estate.

26  ANSWER:

    Not applicable

SCHROETER GOLDMARK *&* BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

28. Have there been any proceedings to determine the heirs or beneficiaries of decedent's estate? If so, state:

    a.    The name of court, court's file number, and title of any proceeding in which such determination was made or is being made; and

    b.    The date of commencement of each such proceeding.

ANSWER:

    Not applicable

29. With respect to the personal representative of decedent's estate, please state the following:

    a.    The full name and address of the personal representative;

    b.    The relationship, if any, of the personal representative to decedent;

    c.    The court file number of the action in which this person was appointed personal representative;

    d.    The date of appointment and the date of qualification as personal representative; and

    e.    Whether this person succeeds another person as personal representative of decedent's estate, and if so, give the name and address of each previous personal representative.

ANSWER:

a.    Sharon Yvonne Cain; 4989 Beach Drive East, Port Orchard, WA 98366
b.    Spouse
c.    11-4-00034-5
d.    January 14, 2011
e.    Not applicable

30. For each person surviving the decedent and claiming damages in this action, state:

    a.    Their name, address, relationship to decedent, and occupation;

    b.    Date and place of their birth;

    c.    The general condition of their present state of health; and

    d.    The nature and amount of the damages claimed by each person.

ANSWER:

a.    Sharon Yvonne Cain; 4989 Beach Drive East, Port Orchard, WA 98366; spouse, retired
b.    July 17, 1945; Bremerton, WA

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT **AND ANSWERS THERETO** - 18
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

c.     Good
d.     $5,000,000

a.     Michael Cain; Bremerton, WA; son; Planning and Estimating Department at PSNS
b.     August 17, 1958; Bremerton, WA
c.     Good
d.     $300,000

a.     Nancy Linda Bear; Apache Junction, AZ; daughter; not employed
b.     October 1, 1956; Seattle, WA
c.     Recovering from skin cancer
d.     $300,000

31. Did decedent perform services for any parent, spouse or child who survived her? If so, for each such person, state:

    a.     The name, address and relationship to decedent of the person for whom the service was performed;

    b.     A description of each service performed for such person;

    c.     The total time spent by decedent performing the service per year, and the frequency with which he performed each service;

    d.     The date decedent last performed each such service;

    e.     The compensation; if any, decedent received from performing each service;

    f.     The name, address and relationship to decedent of each person or agency compensating decedent for each service;

    g.     The total cost to such person for getting others to perform each service performed by decedent; and

    h.     The name, address and occupation of each person performing each such service since decedent's death.

ANSWER:

    The decedent performed numerous services for his spouse and children.  He performed all maintenance on two family automobiles, the motor home and boat.  He also performed all maintenance and repair around the house, including, but not limited to staining the deck, interior and exterior painting, lawn care and gutter cleaning.  He could repair anything.  Since the decedent's passing, plaintiff has hired Kitsap Outdoors to perform lawn maintenance and to work on the irrigation system. Discovery continuing.

    Additionally, from 2003 to 2010, decedent performed all of the maintenance and repair work for his mother-in-law Stella Linenko.  Services included electrical, plumbing and roofing repair as well as landscaping and lawn care. The value of these services will be proved at trial.

32. At the time of his death, was decedent contributing money, tangible goods, or personal services for the support of persons other than his/her parents, spouse or

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT AND ANSWERS THERETO - 19
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1   children?  If so, identify the person(s) whom decedent helped support, the nature and amount of the support, and the dates of such support.

2

ANSWER:

3

    Not applicable

4

5   33. During the last five (5) years of decedent's life, did anyone other than decedent contribute to decedent's support?  If so, identify:

6       a.    The name and address of each person who contributed to decedent's support;

7       b.    The relationship to decedent of each such person who contributed to decedent's support; and

8

9       c.    The amount contributed to decedent's support in each of decedent's last five (5) years by each such person.

10  ANSWER:

11      Not applicable

12  34. For each of the three (3) years prior to his/her death, separately state the decedent's average monthly personal expenditures or costs for each of the following items:

13

14      a.    Lodging;

15      b.    Food;

16      c.    Transportation;

17      d.    Travel;

18      e.    Cleaning and laundry;

19      f.    Recreation, hobbies, and entertainment;

20      g.    Haircuts and incidentals;

21      h.    Clothing and shoes;

22      i.    Dental examination and treatment;

23      j.    Other medical expenses not related to the alleged asbestos exposure;

24      k.    Insurance premiums;

25      l.    Dues; and

26      m.    Savings.

    ANSWER:

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT **AND ANSWERS THERETO** - 20
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK *&* BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1    Object.  Unduly burdensome, cumbersome and overly broad; irrelevant, immaterial and not calculated to lead to discovery of relevant and admissible facts.

2

3    35. At the time of the decedent's death <u>and</u> for each of the three calendar years preceding the decedent's death, please list the following:

4

5        a.    The decedent's net worth;

6        b.    The nature and value of the decedent's assets; and

7        c.    The nature and extent of the  decedent's liabilities or debts.

ANSWER:

8

9    Object.  Irrelevant, immaterial, collateral and not calculated to lead to the discovery of relevant and admissible facts.

10   36. Was decedent ever charged with failure to support any person alleged to be dependent upon him or her?  If so, for each such charge, state:

11

12       a.    The name, address and relationship to decedent of the alleged dependent;

13       b.    The date such charges were brought;

14       c.    The name and address of the person making such charges;

15       d.    The court, tribunal or other agency to which, or in which, such charge was made;

16       e.    A description of the charges against decedent; and

17       f.    The final disposition of such charges.

ANSWER:

18

19   Not applicable

20

21   ANSWERS  to  the  FOREGOING  INTERROGATORIES  were  submitted  this

22   _6ᵗʰ_ day of ___June___, 2011.

23   SCHROETER, GOLDMARK & BENDER

24   _Janet L. R___

25   JANET RICE, WSBA #9386
     Counsel for Plaintiff(s)

26

DEFENDANTS' STYLE INTERROGATORIES TO THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DECEDENT **AND ANSWERS THERETO** - 21
N:\ASBESTOS\Cain\D\Style Rogs PR-draft.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305