# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT WRIGHT JR., | No. C07-05403 MJJ |
| Plaintiff, | **ORDER DENYING MOTION TO REMAND** |
| v. | |
| A.W. CHESTERTON COMPANY INC, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiffs Albert Wright, Jr. ("Mr. Wright") and Marva Wright's (collectively, "Plaintiffs") Motion to Remand. (Docket No. 23.) Defendants Foster Wheeler ("Foster Wheeler") and Leslie Controls ("Leslie Controls") (collectively, "Defendants") oppose the Motion.[1] For the following reasons, the Court **DENIES** the Motion.

## FACTUAL BACKGROUND

This is a personal injury action arising out of injuries allegedly sustained by Mr. Wright due

---

[1] Plaintiff objects to Leslie Controls' Joinder in Foster Wheeler's Notice of Removal and Leslie Controls' Joinder in Foster Wheeler's Opposition to this Motion. Whether or not Leslie Controls may join the Notice of Removal is not, however, dispositive of this Motion because any defendant can unilaterally remove a case under § 1442. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (explaining that a federal officer or agency defendant can unilaterally remove a case under § 1442). Therefore, for purposes of this Motion, the Court need not determine whether Leslie Controls' may join in Foster Wheeler's Notice of Removal. However, once the case is removed by Foster Wheeler, the Court perceives no reason why Leslie Controls may not Join in Foster Wheeler's Opposition to Plaintiff's Motion to Remand. In addition, Leslie Controls filed its joinder in the opposition not less than 21 days before the hearing date with both the Court and Plaintiffs. (*See* Plf.'s Objection, Docket No. 44 at 2.) The Court therefore perceives no prejudice from Leslie Control's failure to efile. *See* Civ. L.R. 7-3(a).

to exposure to Defendants' asbestos and asbestos-containing products. (*See* Keller Decl., Exh. A ("Complaint") ¶¶ 10-15.) Plaintiffs allege that Mr. Wright contracted lung cancer as a result of his exposure to these products during his employment as a machinist and flange turner, among other places, for the Navy. (*Id.* ¶¶ 11, 36-37, Exh. A.) Mr. Wright worked aboard twenty-six or more Navy ships and vessels in his career.[2] (*See id.* at Exh. A.)

Plaintiffs filed this asbestos action on September 13, 2007 in San Francisco County Superior Court against Defendant Foster Wheeler, Leslie Controls and dozens of other defendants. (*See* Keller Decl., Exh. A ("Complaint").) Plaintiffs brought claims of negligence, strict liability, false representation, intentional tort, premises owner/contractor liability and loss of consortium. (*See* Complaint at 1.) Plaintiffs argue, in this Motion, that Plaintiffs' claims against Foster Wheeler are based only on its failure to warn about the dangers of asbestos that Foster Wheeler incorporated into the design and manufacture of its boilers. (Plfs.' Mem. of P. & A. at 14.) Indeed, in the Complaint, Plaintiffs "disclaim any cause of action or recovery for any injuries and damages resulting from exposure to asbestos caused by the acts or omissions of defendants committed at the specific direction of an officer of the United States Government acting within his official capacity." (*See* Complaint ¶ 9a.) Foster Wheeler filed a Notice of Removal on October 23, 2007. (*See* Notice of Removal, Docket No. 1.) Plaintiffs now seek an order remanding this case to state court.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state court to federal district court if the district court has subject matter jurisdiction over the case. The Court strictly construes the removal statute against removal and Defendants have the burden of establishing that removal jurisdiction is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

Removal pursuant to 28 U.S.C. § 1442, however, is different. Pursuant to 28 U.S.C. § 1442(a)(1), a civil action may be removed by "[a]ny officer of the United States or any agency

---

[2] Mr. Wright worked aboard various Navy vessels including, but not limited to, the USS Midway, USS Enterprise, USS Kitty Hawk, USS Coral Sea, USS Oriskany, USS Constellation, USS Mount Hood, USS John F Kennedy, USS Hancock, USS Ticonderoga, USS Providence, USS Mount Baker, USS Mauna Kea, USS Pigeon, USS Pyro, USS Guitarro, USS Drum, USS Pintado USS Hawkbill, USS Permit, USS Swordfish, USS Halibut, USS Grayback, USS Brinkley Bass, USS Trigger, and USS Wahoo.

2

thereof, or person acting under him, for any act under color of such office." 28 U.S.C. § 1442(a)(1). To satisfy this provision a party must "(1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable federal defense to plaintiff's claims; and (3) demonstrate a causal nexus between plaintiff's claims and the acts defendants performed under color of federal office." *Fung v. Abex Corp.*, 816 F.Supp. 569, 517 (N.D.Cal. 1992) (citing *Mesa v. California*, 489 U.S. 121, 124-125, 134-135 (1989)).[3]

Unlike removal under § 1441(a), the presumption under § 1442 is in favor of removal. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006). In *Durham*, after a review of the relevant case law, the Ninth Circuit stated that "when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal." *Id.* at 1252. The Court further explained that "[b]ecause it's so important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441." *Id.* at 1253 (noting that the breadth of the removal rights are exemplified by, inter alia, the fact that under § 1442 a federal officer can remove a case even if the plaintiff could not have filed the case in federal court to begin with, that removal under § 1442 is not subject to the well-pleaded complaint rule and that a federal officer or agency can unilaterally remove a case under section 1442).[4]

## ANALYSIS

Plaintiffs argue that Defendants fail to establish that Foster Wheeler acted under the direction of a federal officer, raised a colorable federal defense, or established a causal nexus between its alleged action under the control of a federal officer and Plaintiffs' claims. Plaintiffs also raise evidentiary objections to Defendants' evidence.

---

[3] The removing party must also qualify as a federal officer or person acting under the same. As a corporation, Foster Wheeler meets this requirement. *See Fung*, 816 F.Supp. at 572. Additionally, the parties do not contend otherwise.

[4] Plaintiffs correctly argue that the Ninth Circuit, in *Durham*, was confronted with the question of whether the removal petition was timely, so the court did not reach the merits of the defendant's removal petition. Plaintiff understates, however, the breadth of the holding in *Durham*. While *Durham* needed only to determine the timeliness question, the Court analyzed the history of § 1442. In so doing, the Circuit's determination that there should be a presumption in *favor* of removal was not limited to the mere question of timeliness. In addition, the Circuit makes the presumption determination in order to come to its final holding. Thus, the language regarding the breadth and presumption in favor of removal was not dicta, but essential to the holding and thus binding. A recent decision from this court interpreted it as such and accordingly denied a motion to remand. *See Ballenger v. AGCO*, No. C 06-2271, 2007 WL 1813821 (N.D. Cal. June 22, 2007).

Defendants, on the other hand, argue that they have submitted sufficient evidence on each of the required elements for removal under § 1442 in both their Notice of Removal and the exhibits attached to their Opposition to this Motion. The Court turns first to the evidentiary challenges, then to the merits.

I.  **Evidentiary Issues**

In the instant case, Defendants submit four declarations. Plaintiff raises evidentiary objections to all four. The general contours of these objections are outlined in this section. Below, in the discussion on the merits, if the outcome relies on evidence that is specifically challenged, it shall be so noted and the objection resolved.

The first two declarations, attached to Defendant's Notice of Removal, are the declarations of J. Thomas Schroppe, a retired Foster Wheeler executive, and Ben J. Lehman, a retired Rear Admiral of the United States Navy. These declarations are offered for the purpose of demonstrating that Foster Wheeler was subject to government specifications and oversight in all aspects of the design of its boilers, including the relevant warnings attached thereto. (*See* Affidavit of J. Thomas Schroppe, Notice of Removal, Exhibit B and Affidavit of Ben J. Lehman, Notice of Removal, Exhibit C). Plaintiffs object to the admissibility of these affidavits for four reasons. (*See* Plfs.' Evid. Obj.) First, Plaintiffs argue that under Federal Rule of Evidence ("FRE") 402, the challenged evidence is not relevant. Next, under FRE 602, Plaintiffs contend that the witnesses do not have personal knowledge of the matters asserted. Third, some of the evidence is purportedly inadmissible hearsay under FRE 802. Finally, Plaintiffs argue that these declarations violate the best evidence rule, under FRE 1002-1004.[5]

As a general matter, none of these objections are meritorious. First, the declarations are relevant to this Motion because they are related to the Navy's level of control over Foster Wheeler's production activities. (*See* Notice of Removal, Exhs. B, C.) Mr. Wright alleges that his injuries were caused by his work on at least twenty-six Navy ships, not just one or even a small handful. While Defendants only cite one ship by name in their Notice of Removal, they note that the

---

[5] While Plaintiffs refer to the "secondary evidence rule" and cite FRE 1003, the Court presumes, given the description of the objection, that the objection is based on FRE 1002.

4

1  allegations are related to "exposure while working on, among other ships, the USS Constellation."
2  (*See* Notice of Removal at 2.) Thus, evidence regarding general navy practices, as it relates to the
3  Navy's contracts with Foster Wheeler, is both relevant and appropriate. Insofar as Plaintiff argues
4  that the testimony is not relevant because these declarations are dated prior to the inception of this
5  action in state court, this argument is unavailing. The fact that the declaration pre-dates the
6  inception of the suit does not undermine the relevance of the practices testified to, all of which
7  occurred prior to the date the declaration was signed.

8      Next, both Schroppe and Lehman testify to their personal knowledge of the facts contained in
9  the declaration. Schroppe states that he is personally familiar with the degree of supervision and
10 control exercised by the Navy and its agencies in procurement contracts with Foster Wheeler for
11 boilers and auxiliary equipment because he was personally involved in such contracts at all the
12 various stages of contracting. (*See id.*, Exh. B at 2.) Lehman testifies that his years of experience
13 with the Navy have caused him to be thoroughly familiar with U.S. Navy specifications and the
14 means by which the U.S. Navy controlled its contracts and inspection procedures. (*See id.*, Exh. C
15 at 9.) Thus, Schroppe and Lehman's testimony regarding the Navy's contracting and specifications
16 related to Foster Wheeler boilers is based on personal knowledge. Third, insofar as specific
17 statements are inadmissible hearsay, this will be taken up as is relevant, below. However, as a
18 general matter, the majority of the challenged statements are based on personal knowledge, not an
19 out of court statement, and are not inadmissible hearsay. Finally, these declarations do not violate
20 the Best Evidence Rule. Under FRE 1002, "to prove the content of a writing, recording, or
21 photograph, the original writing, recording, or photograph is required." Here, Schroppe and
22 Lehman, in their declarations, do not attempt to prove the content of a writing, recording or
23 photograph. While the declarations cite various specifications that are also written, such as the
24 Military Specifications ("Mil Specs"), they rely on their independent knowledge of the contents and
25 therefore need not submit the document/s themselves.

26     The third declaration, by Thomas J. Moses, counsel for Foster Wheeler, includes a copy of
27 Plaintiffs' Preliminary Asbestos Litigation Statement, a copy of a Government Purchase Order, and
28 a copy of a District Court case. (Moses Decl., Exhs. A-C.) Plaintiff objects to the Purchase Order,

5

arguing that it never references the USS Constellation and Defendant's attorney never establishes a foundation for its authenticity or how he is qualified to submit or interpret it. (Plfs.' Reply at 9.) The Court agrees that the Government Purchase Order lacks some foundation and specificity. However, the Court need not determine the admissibility of this document as the Court need not rely on it to resolve this Motion.

Finally, the fourth declaration, by Lawrence Stilwell Betts ("Betts"), includes forty-five exhibits. Plaintiffs generally object to the entire declaration on the same grounds that they object to the Schroppe and Lehman declarations. As above, as a general matter, these objections are not meritorious. However, insofar as the Court's decision relies on specific portions of the Betts declarations, the objections thereto are considered below.

Plaintiffs also argue that the Court should not consider the Betts declaration because it was untimely. The Court, however, finds this argument unavailing. First, Plaintiffs contend that a removal notice cannot be amended or supplemented after the time for removal has expired. (*See* Plfs.' Reply at 5.) While this may be the case, Defendants do not seek to amend their removal notice. In addition, the issues raised in the Betts declaration, and attached exhibits, were generally raised in Defendants' Notice of Removal. (*See* Notice of Removal, Exh. C at 14-15.) Thus, the untimeliness argument is unavailing. In addition, the Betts declaration was filed with the Court on December 17, 2007, more than the requisite time in advance of the January 29, 2008 hearing in this matter. While Defendants failed to efile the exhibits, the Court received copies on December 17, 2007 and Plaintiffs received copies on December 18, 2007, also more than 21 days before the hearing in this matter. Thus, while Defendants may have committed a procedural error in filing this declaration, the Court perceives no prejudice from the Court's consideration of the Betts declaration in resolving this matter.

II.    **The Merits**

    a.    **The First and Third *Mesa* Prongs: Foster Wheeler acted under the direction of a federal officer and Foster Wheeler demonstrated a causal nexus.**

Under *Mesa*, Defendants must establish that Foster Wheeler acted under the direction of a federal officer. 489 U.S. at 121, 134-45. In addition, Defendants must establish that there is a

causal nexus between Plaintiff's claims and Foster Wheeler's actions under the control of a federal officer. *See id.* Defendants contend that they have established both of these prongs. The Court agrees.

To show that Defendants acted under the direction of a federal officer, Foster Wheeler cannot simply show that the "relevant acts occurred under the general auspices of a federal officer, such as being a participant in a regulated industry." *Fung*, 816 F. Supp. at 572 (quotations omitted). Instead, "[a] majority of courts have held that the federal official must have 'direct and detailed control' over the defendant." *Id.* (quoting *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 947 (E.D.N.Y. 1992).

Relying on *Good v. Armstrong World Industries*, 914 F.Supp. 1125 (E.D.Pa. 1996), Plaintiffs contend that Foster Wheeler must also cite a specific federal officer who designed, manufactured or even directed the design and manufacture of the boilers present in the Navy vessels and installations identified in Plaintiffs' Complaint. (Plfs.' Mem. of P. & A. at 8-9.) Plaintiffs, however, provide no authority establishing that this is a requirement in the Ninth Circuit. In fact, such a finding would be in potential conflict with the removal standard enunciated in *Durham*. Thus, Plaintiffs have not shown that Defendants, in this circuit, are required to cite a specific federal officer, as long as they show that they acted under the requisite direct and detailed control of a federal official. *See Fung*, 816 F. Supp. at 572.

Here, Defendants have provided sufficient evidence supporting a finding that the Navy had direct and detailed control over their ability to place asbestos warnings on their boilers provided to the Navy. Under contracts between Foster Wheeler and the Navy for boilers and auxiliary equipment, the Navy was responsible for all design aspects and approved the equipment at multiple steps along the way. (*See* Notice of Removal, Exh. B. ("Schroppe Decl") ¶¶ 2, 5, 8, 9, 12, 14, 19.) In addition, the Navy exercised significant direction and control over the contents of all written documentation to be delivered with the naval boilers. (*Id.* ¶ 21.) Under the Navy's precise specifications, Foster Wheeler was not permitted to affix any type of warning or caution statement to a piece of equipment intended for installation onto a Navy vessel, beyond those required by the

Navy. (*Id.* ¶ 22.)[6]

Plaintiffs offer no contradictory evidence. Instead, Plaintiffs argue that there is no evidence that the asbestos-containing components were anything other than standard stock equipment. (Plfs.' Mem. of P. & A. at 10.) However, the evidence presented by Defendants establishes that the boilers that Foster Wheeler designed and manufactured for the Navy were subject to specific design requirements and control that resulted in equipment that was specific to the needs of the Navy and not standard stock equipment. In addition, Plaintiffs argue that Defendants' evidence is insufficient and contradictory. However, perceiving no real contradictions in the evidence, and given the presumption in favor of removal under *Durham*, this evidence is sufficient to establish the Navy's direct and detailed control over Defendants' design of the boilers and the warnings attached thereto.

Next, Plaintiffs argue that there is no causal nexus because there is no proof that a specific federal officer directed Foster Wheeler about warnings specifically. However, as discussed above, there is no requirement that Defendants cite a specific federal officer by name, as long as the requisite direction, control and causal nexus is established. In addition, Defendants offer evidence that the Navy would not permit Foster Wheeler to affix any type of warning or caution statement to a piece of equipment intended for installation onto a navy vessel, beyond those required by the Navy. (*See* Schroppe Decl. ¶ 22; Lehman Decl. ¶ 14.) As Lehman testified, "[t]o do so would have interfered with the U.S. Navy's mission and control of its ships and personnel." (Lehman Decl. ¶ 14.) Thus, Defendants have established a causal nexus between Plaintiff's claims and Foster Wheeler's actions under the control of a federal officer.[7]

**b. Second *Mesa* Prong: Foster Wheeler raises a colorable federal defense to Plaintiffs' claims.**

Foster Wheeler urges the Court to determine its right to remove under 28 U.S.C. 1442(a)(1) in light of the government contractor's defense set forth in *Boyle v. United Technologies Corp.*, 487

---

[6] The evidence specifically relied upon in this paragraph is admissible despite Plaintiffs' objections to the contrary. The objections to these sections of the Schroppe declaration are the same boilerplate objections discussed above and the evidence is admissible for the same reasons already stated.

[7] The evidence specifically relied upon in this paragraph is admissible despite Plaintiffs' objections to the contrary. The objections to these sections of the Schroppe and Lehman declarations are the same boilerplate objections discussed above and the evidence is admissible for the same reasons already stated.

1  U.S. 500 (1988). As discussed more fully below, the Court finds that there is sufficient evidence in
2  the record to raise a colorable government contractor defense.
3        In *Boyle*, the Supreme Court found that liability arising from state law, here the duty to warn,
4  may not be imposed in instances where "(1) the United States approved reasonably precise
5  specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the
6  United States about the dangers in the use of the equipment that were known to the supplier but not
7  to the United States." *Id.* at 512. As noted above, Plaintiffs waive all claims against Foster Wheeler
8  save for those arising from a failure to warn. (*See* Complaint ¶ 9a.) The Ninth Circuit clarified the
9  contractor defense as it applies to failure to warn claims in *Butler v. Ingalls Shipbuilding, Inc.*, 89
10 F.3d 582, 586 (9th Cir. 1996). The court in *Butler* found the contractor defense to be "inapplicable
11 to a failure to warn claim in the absence of evidence that in making its decision whether to provide a
12 warning . . . [defendant] was acting in compliance with reasonably precise specifications imposed on
13 [it] by the United States." *Id.* at 586 (quotations omitted).
14       In the instant case, as discussed above, Defendants provide sufficient evidence, by way of the
15 Schroppe and Lehman declarations, that satisfies the first and second prongs of the *Boyle* test; the
16 United States Navy required, and approved, reasonably precise specifications and Foster Wheeler's
17 equipment conformed to these specifications. The outstanding question, therefore, is whether
18 Defendants submit sufficient evidence to establish the third prong; whether Foster Wheeler warned
19 the United States about the dangers in the use of the equipment that were known to Foster Wheeler
20 but not to the United States.
21       Defendants submit two declarations to support their contention that Foster Wheeler did not
22 have any knowledge about the dangers of the use of asbestos that were not known to the United
23 States Navy. First, Lehman testified that the U.S. Navy was well aware of the dangers of asbestos
24 and conducted extensive research concerning the hazard of exposure to asbestos, thus staying abreast
25 of the latest information, including the results of research. (Lehman Decl. ¶ 13.) The Navy made
26 deliberate decisions on the allocation of its resources in light of this knowledge. (*Id.*) Next,
27 Defendants submit the declaration of Lawrence Stilwell Betts, a retired Navy captain and medical
28 professional who is familiar with the industrial products used by the Navy, the Navy work

environments and the Navy occupational health program. Betts testified that the Navy controlled asbestos exposure consistent with the then current state of accepted scientific and medical knowledge balanced by needs for national defense. (Betts Decl. ¶ 31.) Betts further testified that

> [t]he Navy's knowledge regarding the applications of asbestos and the health effects represented the state of the art. During the period from the early 1920s to the late 1960s, there was nothing about the hazards associated with the use of asbestos containing products used on or in boilers and auxiliary equipment on United States Navy ships known by a boiler manufacturer, like Foster Wheeler, that was not known by the United States government and the United States Navy.

(Betts Decl. ¶ 32.)[8]

Plaintiff, in response, argues that, inter alia, Defendants have failed to establish that the Navy had knowledge about the dangers of using Foster Wheeler's asbestos-containing equipment or boilers specifically. However, the testimony above regarding the Navy's superior knowledge is only part of the record before the Court. Betts testifies that the Navy had the most current knowledge regarding the dangers of asbestos. Schroppe and Lehman's testimony further establishes that the Navy knew of, and in fact required, the specific design parameters for the boilers made by Foster Wheeler. Thus, if the boilers contained asbestos, then it was by design, known by the Navy, and was approved and/or required by the Navy. The warnings regarding such asbestos were also according to, and limited by, the specifications set forth by the Navy. Thus, Plaintiff's argument that the Navy did not have knowledge about the asbestos contained in Foster Wheeler's boilers is unavailing. Plaintiffs also present other related arguments challenging the Betts declaration. Each argument, like their primary argument, discussed above, is similarly unavailing given the totality of the evidence in the record.

The Court is mindful that Defendants need only present a colorable federal defense to Plaintiff's claims and need not prove that the defense will be meritorious. *See Mesa*, 489 U.S. at 128; *Ballenger*, 2007 WL 1813821 at *4. Here, on this record, the Court finds that Defendants have established that they have a colorable federal defense.

//

---

[8] The evidence specifically relied upon in this paragraph is admissible despite Plaintiffs' objections to the contrary. The objections to these sections of the Lehman and Betts declarations are the same boilerplate objections discussed above and the evidence is admissible for the same reasons already stated.

10

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion to Remand. Pursuant to the clear language in *Durham*, the Court must interpret § 1442 broadly in favor of removal. Given the evidence in the record, Defendants have established the requisite basis for removal.

**IT IS SO ORDERED.**

Dated: February 21, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE