

## CT Corporation

**Service of Process Transmittal**
07/13/2011
CT Log Number 518820464

**TO:** Joseph Chontos
Electric Boat Corporation
75 Eastern Point Road, Dept. 613
Groton, CT 06340-4989

**RE:** **Process Served in Connecticut**

**FOR:** Electric Boat Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | G. Wayne Roache, Pltf. vs. Electric Boat Corp., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Fairfield at Bridgeport Superior Court Judicial District, CT Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/13/2011 at 12:05 |
| **JURISDICTION SERVED:** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 08/09/2011 - Summons // On or before the second day after the Return Date - File an Appearance form |
| **ATTORNEY(S) / SENDER(S):** | John F. Geida, Esq. Embry & Neusner 118 Poquonnock Road P.O. Box 1409 Groton, CT 06340 860-449-0341 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/13/2011, Expected Purge Date: 07/18/2011 Telephone, Carole McLellan , 860-433-8253 Image SOP Email Notification, Carole McLellan cmclella@gdeb.com Email Notification, Kelly A. Lewis klewis2@gdeb.com Email Notification, Joseph Chontos JCHONTOS@EBMAIL.GDEB.COM Email Notification, Susan Pecoraro specorar@gdeb.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Gary Scappini |
| **ADDRESS:** | One Corporate Center Floor 11 Hartford, CT 06103-3220 |
| **TELEPHONE:** | 860-724-9044 |

Page 1 of 1 / AG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| SUMMONS - CIVIL<br>JD-CV-1 Rev. 6-11<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov | See page 2 for instructions |
|---|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.<br>☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.<br>☒ "X" if claiming other relief in addition to or in lieu of money or damages. | | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06604 | ( 203 )5796527 | August 9, 2011 |

| ☒ Judicial District   G.A.<br>☐ Housing Session   Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2)<br>Major: T   Minor: 20 |
|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Embry and Neusner | Juris number (to be entered by attorney only)<br>102932 |
|---|---|
| Telephone number (with area code)<br>( 860 ) 449-0341 | Signature of Plaintiff (if self-represented) |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Roache, G. Wayne<br>Address: 15 Royal Oak Drive, Norwich, CT 06360 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Electric Boat Corporation<br>Address: c/o CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103-3220 | D-50 |
| Additional Defendant | Name:<br>Address: | D-51 |
| Additional Defendant | Name:<br>Address: | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>John F. Geida | Date signed<br>7.12.11 |
|---|---|---|---|

**If this Summons is signed by a Clerk:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

| Signed (Official taking recognizance; "X" proper box) | ☐ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date | Docket Number |
|---|---|---|---|

ATTEST: A TRUE COPY
JOHN/SANTA... CT STATE MARSHAL

(Page 1 of 2)

Return date:   August 9, 2011

G. WAYNE ROACHE                  :        SUPERIOR COURT
      Plaintiff,                 :
                                 :        J.D. OF FAIRFILED
V                                :        AT BRIDGEPORT
                                 :
ELECTRIC BOAT CORP.,             :
      Defendant.

## COMPLAINT OF G. WAYNE ROACHE

### FIRST COUNT BASED ON
### NEGLIGENCE AND PRODUCTS AND PREMISES LIABILITY

1. The plaintiff, G. WAYNE ROACHE, served in the United States Navy from on or about 1957 to 1961, and on or about 1963 to 1967.

2. While in the Navy Mr. Roache served aboard several submarines, including but not limited to, the USS Skate, USS Skipjack, and the USS Polk.

3. From on or about 1959 to 1961, Mr. Roache served aboard the USS Skipjack. Upon information and belief, during that period of time the Skipjack was officially stationed at the State Pier, CT; however, it spent a significant amount of time berthed at Electric Boat, Groton, CT. While at Electric Boat the Skipjack was worked on by the defendant's employees.

4. Mr. Roache worked and slept aboard the boat, and was otherwise at the facility and/or complex of Electric Boat.

5. Pursuant to the time referenced in paragraphs three (3) and four (4), Mr. Roache was exposed to asbestos and asbestos-containing products and came in contact with asbestos fibers and dust coming from said asbestos and asbestos-containing products, causing his injuries.

6. When the Skipjack went to sea in the summer of 1961, Mr. Roache was temporarily transferred to the USS Skate.

7. The Skate was at Electric Boat, Groton, CT, for overhaul. During this time Mr. Roache slept on barges at Electric Boat and worked aboard the Skate.

8. Pursuant to the time referenced in paragraphs six (6) and seven (7), Mr. Roache was exposed to asbestos and asbestos-containing products and came in contact with asbestos fibers and dust coming from said asbestos and asbestos-containing products, causing his injuries.

9. Mr. Roache left the Navy in 1961, and reenlisted in 1963.

10. On or about late 1964, Mr. Roache was stationed to the USS Polk, a submarine then under construction at Electric Boat, Groton, CT.

11. Mr. Roache remained at Electric Boat, serving aboard the Polk, until it was commissioned in 1966.

12. Pursuant to the time referenced in paragraphs ten (10) and eleven (11), Mr. Roache was exposed to asbestos and asbestos-containing products and came in contact with asbestos fibers and dust coming from said asbestos and asbestos-containing products, causing his injuries.

13. While working and living on and at the premises of Electric Boat, as described in the above paragraphs, Mr. Roache was exposed to asbestos and asbestos-containing products and came in contact with asbestos fibers and dust coming from said asbestos and asbestos-containing products, causing his injuries.

14. The plaintiff has been diagnosed with an asbestos related disease and sequela, consisting of, but not limited to, multiple bilateral calcified

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

pleural plaques, which is consistent with significant asbestos exposure.

15. Electric Boat Corp., successor-in-interest to General Dynamics Corp. / Electric Boat Division, is a corporation with its principal place of business at 75 Eastern Point Road, Groton, CT 06340. Its agent for service is: CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103-3220.

16. Electric Boat Corp., successor-in-interest to General Dynamics Corp. / Electric Boat Division, constructed, designed, assembled, installed, tested and / or sold various asbestos products, and/or products that contained asbestos. During the relevant periods of time, the defendant corporation was doing business in the State of Connecticut.

17. As a result of the acts of the defendant, the plaintiff was diagnosed as having an asbestos-related disease consisting of calcified pleural plaques.

18. The illness of Mr. Roache is the proximate result of the negligence, recklessness and willfulness of the defendant in that it manufactured, assembled, installed and otherwise put into the stream of interstate commerce, asbestos and asbestos related insulation materials and other asbestos-containing products which the defendant knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the PLAINTIFF'S body, lungs, respiratory system, skin and health. At all relevant times said asbestos and asbestos-related products were so intrinsically dangerous so as to necessarily expose users of the materials, and bystanders exposed to such materials, to probable injury, and were ultra hazardous.

19. The illness of Mr. Roache is the direct and proximate result of the negligence, recklessness and willfulness of the defendant in that, even though the defendant knew, or, in the exercise of ordinary care, should have known, that the asbestos and asbestos-containing products were deleterious, poisonous and highly harmful to the PLAINTIFF'S body, lungs, respiratory system, skin and health, the defendant nonetheless:

a. Failed to advise the PLAINTIFF of the dangerous characteristics of its asbestos, asbestos related insulation products and other asbestos-containing products;

b. Failed or omitted to provide the PLAINTIFF with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and did not provide safe and sufficient wearing apparel and proper protective equipment;

c. Failed and omitted to place any warnings or sufficient warnings on its asbestos, asbestos insulation materials and asbestos-containing products so as to warn the handlers and bystanders thereof of the dangers to their health in coming in contact with said asbestos, asbestos insulation materials and the other asbestos-containing products; and the defendant failed to warn of the risks and damages PLAINTIFF was exposed to as a result of asbestos on his clothes, body, and person;

d. Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos insulation materials and other asbestos-containing products;

e. Inadequately warned, if, in fact, it warned at all, persons such as the PLAINTIFF, and including the PLAINTIFF, of the dangers to human health from coming in contact with asbestos, asbestos insulation, and asbestos-containing products, and breathing said asbestos, including the special dangers of asbestos exposure to cigarette smokers;

f. Did not undertake methods to improve the work environment and to prevent exposure to asbestos; and did not prevent such exposure;

g. Failed to properly test and investigate the safety of the asbestos the defendant was manufacturing, assembling and installing or to develop alternative products;

4

h. Failed to provide adequate safety instruction for persons who would reasonably and foreseeably come into contact with its asbestos, asbestos-containing insulation products, and other asbestos products, so they could be used with safety and to advise the users and bystanders of the asbestos products, asbestos related insulation products, and other asbestos products, of ways to avoid exposing themselves and others to the risks and dangers of asbestos;

i. Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those using or exposed to asbestos and/or asbestos-containing products;

j. Failed to eliminate or reduce the amount of asbestos contained in its products;

k. Continued to use a known cancer-causing product, to-wit: asbestos.

20. The defendant intentionally misrepresented that its asbestos and asbestos-containing products were reasonably safe for their intended use and fraudulently concealed information about them, which fraudulent concealment caused PLAINTIFF'S injuries.

21. The defendant, as part of its business, manufactured, sold and delivered its asbestos-containing products into the stream of commerce in a defective, unsafe and inherently dangerous condition, and the asbestos products were expected to and did reach persons such as the plaintiff, and the PLAINTIFF, without substantial change in the condition in which they were sold.

22. At all relevant times, the asbestos, asbestos related insulation products, and other asbestos containing products, were used and employed for the purpose for which they were manufactured, sold and intended to be used, in a manner foreseeable to the defendant.

23. The defendant expressly or impliedly warranted that said asbestos, asbestos related insulation products, and/or other asbestos-containing products, were of merchantable quality, fit and safe for the purpose for which they was manufactured, assembled, installed, sold or used.

5

24. The defendant breached the said warranties in that its asbestos, asbestos related insulation products, and other asbestos-containing products were not fit nor safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products, or those that were exposed to the dust coming from such products.

25. The defendant became aware of the dangers of breathing asbestos before the PLAINTIFF was exposed to defendant's asbestos products, asbestos related insulation products, and other asbestos products, and it intentionally and/or fraudulently concealed the danger from the PLAINTIFF and the public, or conspired to do the same, and intentionally misrepresented the information it caused to be published concerning the dangers of asbestos.

26. The defendant was aware or should have been aware of medical and scientific data, studies and reports since on or before the 1920's, which information clearly indicated that asbestos and asbestos containing products were hazardous to human health and safety.

27. The defendant, at all relevant times, consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's.

28. It was the continuing duty of the defendant to advise and warn purchasers and users, prior purchasers and prior users, of all dangers, characteristics and defects discovered subsequent to its initial marketing or sale of its asbestos and asbestos-containing products, which duty the defendant breached.

29. At all relevant times the defendant was in possession and maintained control of the premises, buildings, piers, barges, quays, docks, and other buildings and structures that comprise the complex of Electric Boat, officially addressed as 75 Eastern Point Road, Groton, CT.

30. PLAINTIFF was an invitee of the defendant and was permitted to enter and remain on the premises.

31. The premises of the defendant were defective and/or in a dangerous condition in that the premises were contaminated with asbestos and as a result of the PLAINTIFF'S presence on the premises of the defendant, the PLAINTIFF came in contact with and breathed and ingested asbestos fibers and dust.

32. The illness of the PLAINTIFF is the direct and proximate result of the negligence, recklessness and willfulness of the defendant in that, even though the defendant knew, or, in the exercise of ordinary care, should have known, that the presence of asbestos, asbestos related insulation products, and other asbestos containing products were deleterious, poisonous and highly harmful to the PLAINTIFF'S body, lungs, respiratory system, skin, and health, the defendant nonetheless:

    a. failed to inspect and investigate the premises and erect safeguards to render the premises reasonably safe;

    b. failed to discover the defect or dangerous condition which upon reasonable investigation would ordinarily be discoverable;

    c. failed to warn of the defect or dangerous condition.

33. As a result of the acts of the defendant and the PLAINTIFF'S exposure to asbestos, asbestos related insulation products, and/or asbestos-containing products on the premises of the defendant, Mr. Roache was diagnosed with having an asbestos related disease; he has required medical care and attention, has suffered pain and mental anguish, has been limited in his daily activities, has been denied life's pleasures and enjoyment, and seeks just compensation.

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES ON BEHALF OF MR. G. WAYNE ROACHE

34. Paragraphs 1 through 33 are hereby repeated and realleged as if fully set forth herein.

35. The injuries and damages were caused by the defendant in that its actions constituted wanton, willful and malicious misconduct and

7

demonstrated a reckless disregard for the consequences the defendant knew or should have known would result.

36. The defendant, after it learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the PLAINTIFF of the dangers of the prior exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

37. The defendant, after it learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the PLAINTIFF from the known dangers of asbestos.

Dated: July 12, 2011
Groton, CT

By: _____
John F. Geida, Esq.
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340
860-449-0341
jgeida@embryneusner.com

ATTEST:
A TRUE COPY
JOSEPH ANTINERELLA
CT STATE MARSHAL

Wherefore the plaintiffs claim against the defendant:

1. Money damages.

2. The amount in demand is greater than $15,000.00.

3. Punitive and exemplary damages.

4. Trial by Jury

5. Such other relief as the court may deem just and proper.

Dated at Groton this 12TH day of July, 2010.

By: _____
John F. Geida, Esq.
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340
860-449-0341
jgeida@embryneusner.com

ATTEST:
A TRUE COPY
JOSEPH ANTINERELLA
CT STATE MARSHAL

SDSD District Version 1.3                                                                                                      Page 1 of 2

EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:11-cv-01257-RNC

Roache v. Electric Boat Corp.  
Assigned to: Judge Robert N. Chatigny  
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 08/10/2011  
Jury Demand: None  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Federal Question

**Plaintiff**

G. Wayne Roache                     represented by   John F. Geida  
                                                     Embry & Neusner  
                                                     118 Poquonnock Road  
                                                     Groton, CT 06340-1409  
                                                     860-449-0341  
                                                     Fax: 860-449-9070  
                                                     Email: jgeida@embryneusner.com  
                                                     *LEAD ATTORNEY*  
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

Electric Boat Corp.                 represented by   Eric W. F. Niederer  
                                                     Wilson, Elser, Moskowitz, Edelman &  
                                                     Dicker , LLP - Stmfd CT  
                                                     1010 Washington Boulevard  
                                                     Stamford, CT 06901  
                                                     203-388-9100  
                                                     Fax: 203-388-9101  
                                                     Email: eric.niederer@wilsonelser.com  
                                                     *LEAD ATTORNEY*  
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/10/2011 | 1 | NOTICE OF REMOVAL from Superior Court, Bridgeport, case number FBT-CV-11-6015168-S filed by Electric Boat Corp. (Attachments: # 1 Civil Cover Sheet)(Fazekas, J.) Modified on 8/12/2011 to modify text (Fazekas, J.). (Additional attachment(s) added on 8/12/2011: # 2 Exhibit A, # 3 Exhibit B, Part 1, # 4 Exhibit B, Part 2, # 5 Exhibit B, Part 3, # 6 Exhibit C, Part 1, # 7 Exhibit C, Part 2, # 8 Exhibit C, Part 3, # 9 Exhibit D, # 10 Exhibit E) (Fazekas, J.). (Entered: 08/12/2011) |
| 08/10/2011 |  | Filing fee received from Wilson Elser Moskowitz Edelman & Dicker LLP: $350.00, receipt number CTXB00001041. (Fazekas, J.) (Entered: 08/12/2011) |

| 08/10/2011 | 2 | STATEMENT IN REMOVED CASES by Electric Boat Corp. (Fazekas, J.) (Entered: 08/12/2011) |
|---|---|---|
| 08/10/2011 | 3 | NOTICE OF NO PENDING MOTIONS by Electric Boat Corp. (Fazekas, J.) (Entered: 08/12/2011) |
| 08/10/2011 | 4 | NOTICE of Appearance by Eric W. F. Niederer on behalf of Electric Boat Corp. (Fazekas, J.) (Entered: 08/12/2011) |
| 08/10/2011 | 5 | Order on Pretrial Deadlines: Amended Pleadings due by 10/9/2011. Discovery due by 2/9/2012. Signed by Clerk on 8/10/11. (Fazekas, J.) (Entered: 08/12/2011) |
| 08/10/2011 | 6 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Robert N. Chatigny on 8/10/2011. (Fazekas, J.) (Additional attachment(s) added on 8/12/2011: # 1 Notice, Electronic Filing) (Fazekas, J.). (Entered: 08/12/2011) |
| 08/10/2011 | 7 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 1 Notice of Removal,, filed by Electric Boat Corp., 6 Electronic Filing Order, 4 Notice of Appearance filed by Eric W. F. Niederer on behalf of Electric Boat Corp., 2 Statement in Removed Cases filed by Electric Boat Corp., 5 Order on Pretrial Deadlines, 3 Notice of No Pending Motions filed by Electric Boat Corp.. Signed by Clerk on 8/10/2011. (Attachments: # 1 Removal Standing Order)(Fazekas, J.) Modified on 8/12/2011 to modify text (Fazekas, J.). (Entered: 08/12/2011) |
| 08/19/2011 | 8 | ANSWER to Complaint with Affirmative Defenses by Electric Boat Corp.. (Niederer, Eric) (Entered: 08/19/2011) |
| 08/19/2011 | 9 | Corporate Disclosure Statement by Electric Boat Corp. identifying Corporate Parent electric boat corp./general dynamics for Electric Boat Corp.. (Niederer, Eric) (Entered: 08/19/2011) |
| 08/19/2011 | 10 | NOTICE by Electric Boat Corp. *OF TAG-ALONG ACTION* (Niederer, Eric) (Entered: 08/19/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/19/2011 16:57:09 | | | |
| PACER Login: | we1854 | Client Code: | 07411.00063 2833 |
| Description: | Docket Report | Search Criteria: | 3:11-cv-01257-RNC |
| Billable Pages: | 2 | Cost: | 0.16 |