BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL No. 875 – In re: Asbestos Products Liability Litigation (No. VI)

CTO-421 re case:     Paschall v. Abex Corporation, et al.
                       Eastern District of Virginia
                       Civil Action No. 3:11-cv-00431

**DEFENDANTS' JOINT MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE CTO-421**

Defendants Thyssen Krupp Elevator Corporation, individually and as successor to Dover Elevator Company, Dover Elevator Company, Kone Inc., individually and as successor to Montgomery Elevator Company, Montgomery Elevator Company, United Technologies Corporation, Otis Elevator Company, CBS Corporation, and Schindler Elevator Corporation (collectively, "the Defendants"), by counsel, set forth the following in opposition to Plaintiff Bettie J. Paschall, Executrix of the Estate of Earl Wayne Paschall's ("Plaintiff") Motion to Vacate CTO-421 [Dkt. No. 14] and Memorandum in Support thereof [Dkt. No. 15]:

### INTRODUCTION

MDL-875 was formed to address common issues in asbestos litigation. Those issues include causation, defect, exposure and state of the art, among others. MDL-875 has worked well in developing consistency on those issues through the numerous rulings issued by United States District Judge Robreno and his predecessors.

Plaintiff's Motion to Vacate misunderstands the purpose of MDL-875 and its scope. First, contrary to Plaintiff's concerns, this case will not be tried in the MDL. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998). To the extent there are any truly unique factual issues that survive dispositive motions in the MDL, those issues will be

litigated in Richmond, Virginia. Plaintiff's concerns that "most witnesses are likely to be from the Richmond area with no witnesses likely residing in the Eastern District of Pennsylvania" are not well founded and are not good cause to vacate CTO-421.

More importantly, Plaintiff never addresses the primary purpose of the MDL – to provide consistency with regard to common issues. By ignoring this purpose, Plaintiff ignores the fact that her case presents numerous alternate exposure sources that could have injured the decedent; including asbestos insulation, asbestos spray-on fireproofing, asbestos gaskets and other asbestos products prevalent in elevator shafts of mid-century modern American buildings. MDL-875 is the best venue to resolve these alternate causation issues.

The MDL Court has developed expertise in these areas over decades. It has a body of law on causation and asbestos exposure and is the Court in the best position to rule on causation issues to insure that they are consistent from federal court to federal court. Plaintiff's motion to vacate CTO-421 would defeat the principle of consistency.

.      Accordingly, for the reasons stated more fully below, Plaintiff's motion should be denied.

## FACTS

- On March 19, 2010, Plaintiff filed a Complaint in the Circuit Court of the City of Richmond. She sued 74 defendants, including the City of Richmond and 15 other Virginia defendants. Virtually every single defendant was a building owner of a mid-century building in the City of Richmond. (*See* Compl. ¶¶ 7-70, attached as Exhibit A.)

- Plaintiff alleged that the decedent was exposed to asbestos-related elevator components, asbestos insulation and other asbestos-containing products while working as an elevator installer and/or maintenance man. (*See* Compl. ¶ 72.)

2

- Plaintiff never served any building owner defendant. On September 2, 2010, six months after filing her Complaint, Plaintiff served the Complaint on seven defendants – the elevator company defendants.

- The defendants demurred to the Complaint, citing lack of specificity in the Complaint as the basis for dismissal (analogizing to the recently adopted federal court pleading standards in *Twombly v. Bell Atlantic* and *Iqbal v. Ashcroft*). (*See* Thyssen Krupp's Demurrer to Compl., attached as Exhibit B).

- On December 13, 2010, the Richmond Circuit Court sustained the defendants' demurrers, dismissed the Complaint and expressly agreed that the Plaintiff must allege her claims with "greater specificity." (*See* Exhibit C, Dec. 30, 2010 Order, p. 2.)

- On January 19, 2011, Plaintiff filed a new action – an Amended Complaint, naming 71 defendants, including the City of Richmond and 13 other Virginia defendants. (*See* Exhibit D, Am. Compl. ¶¶ 5, 9–64.)

- Plaintiff did not serve the Amended Complaint on 62 of these defendants -- the building defendants.

- The elevator defendants that were served with the Amended Complaint again demurred to the entire Amended Complaint. (*See* Thyssen Krupp's Demurrer to Am. Compl., attached as Exhibit E.)

- At the April 12, 2011 hearing, the Circuit Court again sustained the defendants' demurrers, dismissing Plaintiff's Amended Complaint. (*See* April 12, 2011 Hr'g Tr., p. 2-3, attached as Exhibit F.)

- On June 6, 2011, Plaintiff filed her Second Amended Complaint, naming just eight defendants and no Virginia defendants. Plaintiff alleged that the decedent worked with or around asbestos containing products, including elevator braking devices that would, with use, "be converted into a light particulate form of asbestos that would float in the air inside the elevator shafts when disturbed by the movement of the elevators, equipment, or persons inside the shafts." Plaintiff also alleged that "while the decedent cleaned or maintained the braking devices, asbestos particulates would be dislodged and float in the air." (*See* Exhibit G, Second Am. Compl. ¶¶ 2, 4–5.)

- On July 5, 2011, within 30 days of Plaintiff filing her Second Amended Complaint, the defendants timely removed this action to this Court.

- On July 8, 2011, Thyssen Krupp filed a Notice of Tag-Along Action with the Panel for MDL No. 875. (*See* Exhibit H, Notice of Tag-Along Action).

- On July 19, 2011, Plaintiff filed its Notice of Opposition to CTO-421 (*See* Exhibit I, Notice of Opposition to CTO-421) and on August 2, 2011, Plaintiff filed its Motion to Vacate CTO-421 and Memorandum in Support.

## ARGUMENT

A.  **The MDL is the Proper Court to Address Causation Issues**

Plaintiff's brief states that the "unique facts" of this case make it unlikely that consolidating this action will aid judicial economy. This argument ignores the central role of causation in asbestos cases.

4

In this case, the decedent was not only an elevator installer, but he also performed maintenance in buildings built in the 1930s, 40s, 50s and 60s. *See* Second Am. Compl. ¶ 2. Thus, decedent worked in close proximity to

- Asbestos pipe covering;
- Asbestos spray on insulation;
- Asbestos gaskets;
- Asbestos packing;
- Asbestos insulation for machinery

The MDL court is adept at analyzing the common question of alternate causation for asbestos-related diseases. *See, e.g.*, Aug. 8, 2011 Order, *Curtis v. Borg-Warner, et al.*, 10-cv-2683, *available at* http://www.paed.uscourts.gov/mdl875n.asp; Apr. 14, 2011 Order, *Various Plaintiffs v. Various Defendants*, 09-74185, 09-74307, 09-74310, *available at* http://www.paed.uscourts.gov/mdl875n.asp; Jan. 14, 2011 Order, *Pease v. A.W. Chesterton Co., et al.*, 2:09-62581, *available at* http://www.paed.uscourts.gov/mdl875n.asp. That expertise will prove valuable to the parties in this case. It is unlikely that the federal court in Richmond Virginia will have the same expertise.

In sum, the MDL-875 Court is the best place to resolve causation and alternate causation issues. These issues are perennial in the MDL but would be novel in the Richmond Division of the United States District Court for the Eastern District of Virginia. For purposes of consistency and judicial efficiency, it is better for those technical issues to be resolved by the Court with more experience – MDL-875.

**B.    The Facts of this Case Are Not Unique Simply Because Plaintiff Brought this Action Against Elevator Company Defendants, as Elevator Company Defendants Have Emerged as a Part of the Third Tier of Defendants in Asbestos Litigation.**

Plaintiff seems to argue that this case is special because it involves elevator brakes. (*See* Pl.'s Mem. at 2.)  However, the central thread uniting this case with the tens of thousands of other cases in MDL-875 is asbestos.

In fact, the reason this case is brought against elevator manufacturers is that nearly **100 companies** engaged in asbestos litigation have sought protection of the bankruptcy courts.  The original asbestos manufacturing defendants in the litigation, -- Johns Manville Corporation, W.R. Grace & Co., Owens-Corning Fiberglas, Pittsburgh Corning, etc. -- have all filed bankruptcy.  These companies paid billions of dollars into bankruptcy trusts for the benefit of persons injured by asbestos products.

As a consequence of the massive wave of bankruptcies of first and second tier asbestos defendants, new, peripheral defendants with little or no asbestos litigation experience have been added to asbestos lawsuits.



Exhibit J, Bates White, "The Naming Game" September 2, 2009, at 6.

This case is a perfect example. After Plaintiff non-suited the Virginia premises defendants and other manufacturing defendants, she is now proceeding against only elevator companies.

The fact that this action is against elevator manufacturers does not make this a "unique" case. This MDL *has* coordinated the pre-trial proceedings of asbestos litigation involving elevator manufacturer defendants. *See Hilt et al v. CC Moore & Co. Engineers*, 4:10-cv-05844-CW; *Gage et al v. Thyssen Dover Elevator*, 2:07-cv-73770-ER; *Dowzicky v. A-C Product Liability*, 2:10-cv-30684-ER; and *Scarff v. Flint Kote Co.*, 2:08-cv-89876-ER. In short, contrary to Plaintiff's concerns, MDL-875 is well-versed in asbestos litigation against elevator companies.

C. **Plaintiff Ignores the United States Supreme Court's Holding in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).**

Plaintiff worries that "most witnesses are likely to be from the Richmond area, with no witnesses likely residing in the Eastern District of Pennsylvania." Her concerns are unfounded.

In *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) the United States Supreme Court held that transferred cases are remanded to the originating districts at the close of coordinated pre-trial proceedings. *Lexecon*, 532 U.S. at 40; *see also* 28 U.S.C. § 1407.[1]

Accordingly, witnesses from the Richmond area would testify in the local federal court. *See* Fed. R. Civ. P. 30, 45(a)(2).

---

[1] "The [ ] statute affects only the pretrial stages in multidistrict litigation. It would not affect the place of trial in any case . . . ." *Lexecon*, 523 U.S. at 40.

7

**D.      Defendants Properly Removed This Action.**

Plaintiff asserts that Defendants improperly removed this case. Plaintiff does not provide any basis for her claim. Suffice to say that Plaintiff blatantly tried to manipulate federal jurisdiction by naming 68 local defendants in her initial Complaint; never serving a single one and delaying service on the elevator defendants for over six months.

Her strategy backfired, however, when the Richmond Circuit Court dismissed her Complaint for its lack of specificity. She re-filed a new action, which was properly removed within one year.

Plaintiff also ignores the remand case law in the Eastern District of Virginia, and specifically the Richmond Division. That court has consistently refused to allow plaintiffs to manipulate federal jurisdiction. Plaintiff's filing a lawsuit against 68 local defendants; delaying all service for six months and never serving a single local defendant does not present well in any federal court, including the Richmond federal court.

## CONCLUSION

The Panel should deny Plaintiff's Motion to Vacate. This Panel created MDL-875 to insure consistency and to promote judicial efficiency in resolving issues common to asbestos litigation. This case presents common issues related to causation and alternative exposure that should be resolved by a Court with substantial experience in this area.

Plaintiff has not shown good cause why this case should be handled differently than other asbestos cases. Plaintiff's claim that MDL-875 has not handled elevator asbestos cases is simply wrong. It has. Plaintiff's claim that this case has unique facts is mistaken. Every case has unique facts but this case has common questions concerning asbestos causation and alternative asbestos exposure that merit consideration by the federal court with the most experience –MDL-

875. Finally, Plaintiff's concerns that trial witnesses will need to travel to Philadelphia are based on a misunderstanding of the governing statute. The case will be tried, if at all, in Richmond. For the foregoing reasons, Defendants respectfully request that this Panel deny Plaintiff's Motion to Vacate CTO-421.


**THYSSENKRUPP ELEVATOR CORPORATION, individually, and as successor to DOVER ELEVATOR COMPANY, and DOVER ELEVATOR COMPANY.**


By:_____/s/_____
Robert F. Redmond, Jr. (VSB No. 32292)
rredmond@williamsmullen.com
Clement D. Carter (VSB No. 46038)
ccarter@williamsmullen.com
Lauren M. Wheeling (VSB No. 75559)
lwheeling@williamsmullen.com
Williams Mullen, P.C.
200 South 10th St.
Richmond, VA  23219


**KONE, INC. AND MONTGOMERY ELEVATOR COMPANY**


By:_____/s/_____
Robert F. Redmond, Jr. (VSB No. 32292)
rredmond@williamsmullen.com
Clement D. Carter (VSB No. 46038)
ccarter@williamsmullen.com
Lauren M. Wheeling (VSB No. 75559)
lwheeling@williamsmullen.com
Williams Mullen, P.C.
200 South 10th St.
Richmond, VA  23219

**CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION**


By:_____/s/_____
Patricia Bugg Turner (VSB #72775)
Email: pturner@spottsfain.com
M. F. Connell Mullins, Jr. (VSB #47213)
Email: cmullins@spottsfain.com
Henry N. Ware, Jr. (VSB #22832)
Email: hnware@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, Virginia 23218
(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)


**OTIS ELEVATOR COMPANY AND UNITED TECHNOLOGIES CORPORATION**


By:_____/s/_____
C. Stinson Mundy (VSB # 71214)
smundy@mrcpclaw.com
Martin A. Conn (VSB # 33913)
mconn@mrcpclaw.com
MORAN REEVES & CONN PC
4110 E. Parham Road
Richmond, Virginia 23228
(804) 421-6250
(804) 421-6251 (facsimile)

SCHINDLER ELEVATOR COMPANY

By:_____/s/_____
Carl R. Schwertz (VSB 27399)
cschwertz@milesstockbridge.com
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA  22102-3833
(703) 610-8691
(703) 610-8686 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notice of electronic filing (NEF) to the following:

Charles Edward Ayers , Jr.
ericap@ayerslaw.com
Mark Henry Schmidt
mschmidt@ayerslaw.com
Ayers & Stolte PC
710 N Hamilton St
Richmond, VA 23221
804-358-4731
Fax: 804-864-0895
*Counsel for Plaintiff*

Henry N. Ware , Jr.
hnware@spottsfain.com
Maurice Francis Mullins
cmullins@spottsfain.com
Patricia Bugg Turner
pturner@spottsfain.com
Spotts Fain PC
411 E Franklin St
PO Box 1555
Richmond, VA 23218-1555
804-697-2090
Fax: 804-697-2190
*Counsel for Defendant CBS Corporation*

| | |
|---|---|
| Carl Robert Schwertz<br>cschwertz@duanehauck.com<br>Jeffrey S. Poretz<br>jporetz@milesstockbridge.com<br>Miles & Stockbridge PC (McLean)<br>1751 Pinnacle Dr<br>Suite 500<br>McLean, VA 22102-3833<br>(703) 903-9000<br>Fax: (703) 610-8686<br>*Counsel for Defendant Schindler Elevator Company* | Martin Andrew Conn<br>mconn@moranbrownpc.com<br>Eric George Reeves<br>ereeves@morankikerbrown.com<br>Mary Louise Roberts<br>mroberts@mrcpclaw.com<br>Moran Kiker Brown PC<br>4110 E Parham Rd<br>Richmond, VA 23228<br>(804) 864-4804<br>Fax: (804) 421-6251<br>*Counsel for Defendant Otis Elevator Company* |

Robert F. Redmond, Jr. (VSB No. 32292)
rredmond@williamsmullen.com
Clement D. Carter (VSB No. 46038)
ccarter@williamsmullen.com
Lauren M. Wheeling (VSB No. 75559)
lwheeling@williamsmullen.com
Williams Mullen, P.C.
200 South 10th St.
Richmond, VA 23219
*Counsel for Kone Inc. and Montgomery Elevator Company*

        __/s/_ Robert F. Redmond, Jr._____
        Robert F. Redmond, Jr. (VSB No. 32292)