VIRGINIA:

RECEIVED & FILED
CIRCUIT COURT
SEP 24 2010
BEVILL M. DEAN, CLERK
BY_____D.C.

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

BETTIE J. PASCHALL, Executrix of the )
Estate of EARL WAYNE PASCHALL )
            )
      Plaintiff, )
            )
v.             )   Case No.: CL10-1402-1
            )
ABEX CORPORATION, et al.,    )
            )
      Defendants.   )

## DEFENDANTS THYSSEN KRUPP ELEVATOR CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO DOVER ELEVATOR COMPANY, AND DOVER ELEVATOR COMPANY'S DEMURRER TO PLAINTIFF'S COMPLAINT

COMES NOW defendants, Thyssen Krupp Elevator Corporation, individually and as

successor to Dover Elevator Company, and Dover Elevator Company (collectively, "Thyssen

Krupp"), by counsel, and for their Demurrer to Plaintiff's Complaint filed herein, states as

follows:

### DEMURRER

Thyssen Krupp demurs to the entire Complaint – Counts I, II, III, IV, V, and other

paragraphs – because it fails to inform the Court and Thyssen Krupp of the nature of the claims

being made against it. Estate of James v. Peyton, 277 Va. 443 (2009).

1.  Plaintiff fails to set forth any facts that allege that Thyssen Krupp's products

   proximately caused Plaintiff's injuries.

2.  Plaintiff's Complaint fails to allege the requisite elements to support his claim for

   punitive damages.

3.  Thyssen Krupp adopts all grounds for demurrer raised by any other defendant to the

   extent it is not adverse to Thyssen Krupp's interests in this case.

EXHIBIT
B

4.      Count VI of the Complaint fails to state a cause of action against Thyssen Krupp, as it

alleges that only the "Premises Defendants" negligently failed to warn the decedent.

Additionally, Count VI contains no allegations against Thyssen Krupp.  Furthermore,

Count VI contains no allegations of joint and several liability.

5.      Thyssen Krupp incorporates, by reference, all additional arguments raised in its

Memorandum in Support of its Demurrer filed herewith.

WHEREFORE, Thyssen Krupp prays that this Court dismiss the Complaint with prejudice,

enter judgment on behalf of Thyssen Krupp, and award Thyssen Krupp its costs and counsel fees

incurred herein pursuant to Va. Code § 8.01-271.1.

Respectfully submitted this 24th day of September, 2010.


                                        THYSSENKRUPP ELEVATOR CORPORATION,
                                        individually, and as successor to DOVER
                                        ELEVATOR COMPANY, and DOVER
                                        ELEVATOR COMPANY.

                                        By: _____
                                                        Counsel


Robert F. Redmond, Jr. (VSB No. 32292)
Clement D. Carter (VSB No. 46038)
Lauren M. Wheeling (VSB No. 75559)
Williams Mullen, P.C.
200 South 10th St.
Richmond, VA  23219
Phone:   804.420.6000
Fax:       804.420.6507

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

RECEIVED & FILED
CIRCUIT COURT
SEP 2 4 2010
BEVILL M. DEAN, CLERK
BY_____D.C.

BETTIE J. PASCHALL, Executrix of the )
Estate of EARL WAYNE PASCHALL )
                                     )
                 Plaintiff,          )
                                     )
v.                                   )          Case No.: CL10-1402-1
                                     )
ABEX CORPORATION, et al.,            )
                                     )
                 Defendants.         )

**DEFENDANTS THYSSEN KRUPP ELEVATOR CORPORATION,
INDIVIDUALLY AND AS SUCCESSOR TO DOVER ELEVATOR COMPANY, AND
DOVER ELEVATOR COMPANY'S MEMORANDUM IN SUPPORT OF THEIR
DEMURRER TO PLAINTIFF'S COMPLAINT**

COMES NOW defendants, Thyssen Krupp Elevator Corporation, individually and as

successor to Dover Elevator Company, and Dover Elevator Company (collectively, "Thyssen

Krupp"), by counsel, and in support of their Demurrer to Plaintiff's Complaint filed herein, state

as follows:

**INTRODUCTION**

Plaintiff in this asbestos action sued 41 separate manufacturing defendants and 21

property owners, claiming, in conclusory fashion, that all of them caused Plaintiff's decedent's

asbestos injury over his 28 year work history.  Plaintiff fails to provide any information

identifying the products or product that allegedly caused decedent's injury, when the product or

products allegedly caused decedent's injury and where the decedent encountered the product or

products that allegedly caused his injury.  The defendants are left guessing as to:

- To which product, if any, Plaintiff's decedent was allegedly exposed;

- When Plaintiff's decedent's exposure to any product occurred; and

- Where Plaintiff's decedent's exposure to any product occurred; and

- How Plaintiff's decedent's exposure to any product occurred.

These questions are critical to allow each defendant to defend itself against Plaintiff's claims.

The Supreme Court of Virginia very clearly prohibits artful and ambiguous pleadings that do not sufficiently identify the claims being asserted and the parties alleged to be liable on those claims. Estate of James v. Peyton, 277 Va. 443, 450 (2009). Because Plaintiff fails to state a cause of action upon which relief can be granted, Plaintiff's Complaint should be dismissed

## STATEMENT OF FACTS

Plaintiff sued 62 defendants. Plaintiff claims that 41 of those defendants manufactured, supplied, and/or distributed asbestos-containing products and/or machinery containing, requiring, or recommending the use of asbestos and/or asbestos containing products and labels all 41 of these defendants "Manufacturing Defendants." (Compl. ¶ 6.) Plaintiff includes Thyssen Krupp as a Manufacturing Defendant. (Compl. ¶ 40.)

Plaintiff, however, pleads no facts allegin whether Thyssen Krupp either:

- Manufactured asbestos-containing products;

- Supplied asbestos-containing products; or

- Distributed asbestos-containing products; or

- Manufactured machinery

    o Containing: or

    o Requiring; or

    o Recommending;

        ▪ the use of asbestos; and/or

        ▪ asbestos-containing products.

2

- Supplied machinery

    o   Containing; or

    o   Requiring; or

    o   Recommending

        ▪   The use of asbestos; and/or

        ▪   Asbestos-containing products.

- Distributed machinery

    o   Containing; or

    o   Requiring; or

    o   Recommending

        ▪   The use of asbestos and/or

        ▪   Asbestos-containing products.

Plaintiff simply lumps Thyssen Krupp in with all of the other Manufacturing Defendants.

Plaintiff broadly and vaguely defines "Asbestos Products" as "asbestos, asbestos-related elevator components, including elevator brake pads, asbestos-related insulation materials, and other asbestos-containing products." (Compl. ¶ 72.)

Plaintiff, however, pleads no facts alleging whether Thyssen Krupp manufactured, supplied or distributed:

- Asbestos; or

- Asbestos-related elevator components; or

    o   Including elevator brake pads,

- Asbestos-related insulation materials; or

- Other asbestos-containing products.

3

Plaintiff alleges that the decedent worked with or around products supplied, designed, manufactured, assembled, distributed and/or sold by the 41 Manufacturing Defendants over a 28 year period from 1964 to 1992. (Compl. ¶ 2.)

Plaintiff's complaint, however, fails to clearly and specifically plead any allegations concerning the following:

- **Which** Manufacturing Defendant's products, if any, the decedent used; and

- **Who** manufactured, supplied and/or distributed these products; and

- **When** the decedent used any of the Manufacturing Defendants' products; and

- **Where** the decedent used any of the Manufacturing Defendants' products; and

- **How** the decedent used any of the Manufacturing Defendants' products; and

- **What** representations, if any, the Manufacturing Defendants made, including the alleged content of the representation, the individual making the representation, and when the alleged representation was made.

Plaintiff also alleges that the Manufacturing Defendants and property owner defendants have committed acts that justify the imposition of punitive damages under Virginia law. (Compl. at 36.) Plaintiff does not state any facts that would support a claim of actual malice or conscious disregard that is necessary to support punitive damages under Virginia law.

## ARGUMENT

I. **Plaintiff's Complaint Should Be Dismissed Because It Fails To Clearly and Unambiguously Inform the Court and the Parties of the Nature of the Claim Being Made.**

The Supreme Court of Virginia requires that a Complaint be clear and unambiguous:

> Initially we observe that the party filing a civil action **has an obligation** to express the nature of the claim being asserted, and the identity of the party against whom it is asserted, **in clear and unambiguous language so as to inform both the court and the opposing party of the nature of the claim being made.**

Estate of James, 277 Va. at 450 (emphasis added).

The Supreme Court goes on to amplify the point:

> Thus, when there is an **ambiguity in the pleading**, whether as a
> result of a defect or **lack of clarity** in the allegation made,
> the proponent has the burden to show that the pleading is
> sufficient to **identify the claims being asserted and the party
> alleged to be liable on those claims.**

Id. (emphasis added).

The Supreme Court's holding in Estate of James cites and relies upon its recent holding

Ford Motor Company v. Benitez, 273 Va. 242 (2007). In Ford Motor Company, the Supreme

Court explained the policy reasons for requiring clarity and specificity in pleadings:

"A pleading that puts the opposing party to the burden of preparing to meet claims and defenses

the pleader knows to have no basis of fact **is oppressive. It constitutes an abuse of the**

**pleading process and results in the wrong that Code § 8.01-271.1 was enacted to prevent."**

Id. at 252 (emphasis added).

The Supreme Court elaborated by pointing out the inequitable burden that obscure

pleading places on the opponent: "That wrong is not dispelled by couching the pleading in

language that **merely threatens the use of the unsupported claim** if it should later become

available. **The opposing party must still shoulder the burden of preparing to meet it."** Id.

(emphasis added).

Here, Plaintiff's Complaint presents exactly the inequity and burden prohibited by the

Supreme Court of Virginia. Plaintiff fails to state whether any of the named defendants,

manufactured, supplied, distributed, or recommended the use of a specific product. Plaintiff

makes no effort to identify the **specific products** to which the decedent was allegedly exposed

over the course of his 28 year career or **how** he used those specific products. Further, Plaintiff

makes no effort to identify specifically **where or when** the decedent's injuries allegedly

occurred, both necessary elements for each of Plaintiff's claims.

It is impossible for Thyssen Krupp (or almost any other defendant) to determine if it is

"the party alleged to be liable" given the Plaintiff's ambiguous pleading.  See Estate of James,

277 Va. at 450.  Further, it is impossible for Thyssen Krupp (or any other defendant) to

determine which of its products (if any) were used by the decedent and if so, when, where, and

how he allegedly used those products.

Clarity of pleading is particularly important in this jurisdiction because it allows a

defendant to determine the scope of available defenses. For example, this Court has held that

defendant manufacturers have no duty to warn or instruct about **another manufacturer's**

products so long as the defendants' products were "produced, manufactured or delivered without

another manufacturer's asbestos-containing product in it, around it or associated with it."

Marilyn Stacy-Suggs v. Am Standard, Inc., No. CL05T00335, slip. op. (Va. Cir. Ct. June 2,

2006) (emphasis added).  If Plaintiff's claims are based at all on the use of replacement asbestos

containing parts, on asbestos containing products manufactured by others but used with Thyssen

Krupp's elevators, or incorporating asbestos-containing products into a Thyssen Krupp elevator

after the elevator's manufacture, Thyssen Krupp cannot be liable.  See Niedermeyer v. Alfa

Laval, Inc., No. CL0539940, slip. op., ¶ 5 (Va. Cir. Ct. August 9, 2007) (holding that defendants

in an asbestos case could not be held responsible for asbestos-containing material that was

incorporated to the defendants' products *post-manufacture*).

Without this basic information, Thyssen Krupp and other defendants are left guessing as

to which defenses are available.  As the Supreme Court of Virginia held in Ford Motor

6

Company, the burden of preparing to meet Plaintiff's claims under this cloud of ambiguity is "oppressive." Ford Motor Company, 273 Va. at 252.

This Court should dismiss Plaintiff's Complaint. Plaintiff's ambiguous pleading make it impossible for Thyssen Krupp to determine "the claims being asserted and the party alleged to be liable on those claims." Estate of James, 277 Va. at 450.

## II. Plaintiff Fails to Adequately Plead Causation as to Thyssen Krupp.

In the products liability context, under either a negligence theory or a breach of warranty theory, a plaintiff must allege and prove that the alleged defective product caused the plaintiff's alleged damages. At trial, plaintiff must present "evidence of exposure to a specific product [of the defendant] on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." Agner v. Daniel Int'l Corp., 2007 U.S. Dist. LEXIS 1509, 15-16 (W.D.N.C. Jan. 5, 2007) citing Jones v. Owens-Corning Fiberglas Corp. and Amchem Products, Inc., 69 F.3d 712, 716 (4th Cir. 1995) (quoting Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir. 1986)); accord Stark v. Armstrong World Indus., Inc., 21 Fed. App'x 371, 375 (6th Cir. 2001) ("For each defendant in a multi-defendant asbestos case, the plaintiff has the burden of proving **exposure to the defendant's product** and that the product was a substantial factor in causing the plaintiff's injury." (emphasis added)).

Not only does Plaintiff's Complaint fail to state facts demonstrating that Thyssen Krupp manufactured a specific product, but Plaintiff's complaint never alleges with specificity that a Thyssen Krupp product **caused** the decedent's alleged injuries. Instead, she states in conclusory fashion that "Asbestos Products" caused the decedent's illness. Plaintiff's complaint does not state a claim under either a negligence or breach of an implied warranty theory because it does not allege exposure to Thyssen Krupp's products in any specific manner.

7

With her ambiguous pleading of causation (blaming all "asbestos products" for decedent's illness) Plaintiff simply casts the largest net possible in an attempt to "catch" one of the named defendants and hook liability to it with no factual basis for the claim. Plaintiff cannot use the Complaint as a fishing expedition to find potentially liable parties for her alleged damages.

Plaintiff's Complaint should also be dismissed for failure to plead causation.

**III.    Plaintiff's Complaint Fails to Allege the Required Elements for Each Cause of Action Against Thyssen Krupp.**

    *A.    Plaintiff Fails to State a Cause of Action for Negligent Failure to Warn Because Plaintiff Does Not Specifically Identify Any Thyssen Krupp Product Allegedly Used by the Decedent.*

To state a claim for negligent failure to warn, the plaintiff must allege that a **product supplier** (1) had reason to know that the product was dangerous for its intended uses; (2) had no reason to know that those for whose use the product was supplied would realize its dangerous condition; and (3) failed to exercise reasonable care to inform users of dangers associated with the product's use. Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 135 (1992) (emphasis added). Implicit in this cause of action is that the Plaintiff must plead what product was allegedly dangerous for its intended use and what **supplier** allegedly had reason to know that such a product was dangerous for its intended use. See id.

A blanket statement that "Manufacturing Defendants ... caused Asbestos Products to be placed into the stream of interstate commerce" and the Manufacturing Defendants "knew, or in the exercise of ordinary care, should have known" that the products were dangerous will not suffice.

Plaintiff's Complaint states no facts demonstrating that the decedent was either exposed to a Thyssen Krupp product or that Thyssen Krupp failed to warn the decedent. Accordingly,

8

without providing the identity of **any** product that the decedent allegedly used, **when** he used it, **how** he used it, and **where** he allegedly used it, Plaintiff cannot tie Thyssen Krupp to this cause of action.

Additionally and as a separate basis for dismissal of her negligent failure to warn claim, Plaintiff alleges the **wrong standard for failure to warn.** The Supreme Court of Virginia took great pains to explain that failure to warn in Virginia requires a showing that the defendant knew of the hazard of the product or "had reason to know that the product was dangerous for its intended uses." See id. Plaintiff, however, pleads that the defendants "knew, or in the exercise of ordinary care, **should have known**" that the products were defective.

The Supreme Court of Virginia expressly rejected the "in the exercise of ordinary care, should have known" standard and adopted the more restrictive "had reason to know" standard. Nevertheless, Plaintiff, here, pleads the wrong standard. For that reason, as well, Plaintiff's Complaint must be dismissed.

    *B.*    *Because Plaintiff's Complaint Contains No Allegation of Any Representation that Thyssen Krupp Made to the Decedent, Plaintiff Cannot State a Cause of Action for Constructive Fraud.*

In Plaintiff's Third Cause of Action, Plaintiff alleges that the Manufacturing Defendants "falsely represented the dangers of asbestos exposure to the Plaintiff's decedent while the Manufacturing Defendants each had actual knowledge of said dangers of asbestos exposure …." (Compl. ¶ 83.) As an initial matter, the Supreme Court of Virginia has not yet addressed whether a misrepresentation action for money damages for personal injury may be stated in Virginia. See Spahn, et al., Virginia Law of Products Liability, § 6-7 (2002). Even if such a cause of action is

9

available, Plaintiff fails to state a claim for constructive fraud or misrepresentation.[1]  To state a

claim for constructive fraud under Virginia law, Plaintiff must allege the following:

- A false representation;

- Of a material fact;

- Made innocently or negligently;

- Reliance by the party misled; and

- Damage resulting from the reliance by the party misled.

Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc., 256 Va. 553, 557–58 (1998).

Plaintiff's complaint contains nary a clue of the content of the alleged representation,

who made the representation, and when and where the representation was made.  Accordingly,

Plaintiff's complaint fails to state a cause of action for constructive fraud.

Furthermore, even if Plaintiff's Third Cause of Action was an attempt at alleging breach

of an express warranty, Plaintiff still fails to allege what affirmation or promise Thyssen Krupp

made to the decedent.  See Va. Code Ann. § 8.2-313.  Accordingly, Plaintiff's Third Cause of

Action fails to state a claim upon which relief can be granted.

C.      *Plaintiff's Complaint Contains No Allegation that Thyssen Krupp Specifically
        Supplied Any Product to the Decedent, and Plaintiff Cannot State a Claim for
        Breach of an Implied Warranty.*

To state a cause of action for breach of an implied warranty, Plaintiff must allege (1) that

the goods sold were unreasonably dangerous for either the use to which they would ordinarily be

put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous

condition existed when the goods left the *defendant's* hands.  Logan v. Montgomery Ward &

Co., 216 Va. 425, 428 (1975) (emphasis added).

---

[1] "The essence of constructive fraud is negligent misrepresentation."  Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc., 256 Va. 553, 559 (1998)

Plaintiff's Complaint contains no allegation of who supplied the decedent with "Asbestos Products." The Complaint is simply devoid of any allegation regarding what products, if any, the decedent purchased, if he purchased the products or an employer or contractor supplied the decedent with the products, or where the employer or supplier may have purchased the products. Because Plaintiff fails to identify which product was allegedly unreasonably dangerous and which defendant supplied that product to the decedent or decedent's employer, Plaintiff fails to state a cause of action for breach of implied warranty against Thyssen Krupp.

IV.    **Plaintiff Fails to Adequately Plead Punitive Damages Because Plaintiff Does Not State Any Facts that Establish that Thyssen Krupp Acted with Actual Malice.**

Plaintiff also fails to state facts sufficient to demonstrate that she is entitled to punitive damages. (See Complaint, at 36.) The Supreme Court of Virginia has consistently held that punitive damages do not arise out of ordinary negligence but only out of willful and wanton behavior. See Green v. Ingram, 269 Va. 281, 291–92 (2005); see also Smith v. Litten, 256 Va. 573, 578 (Va. 1998) ("Punitive damages may be recovered only where there is misconduct or **actual malice**, or such recklessness or negligence as to evince a conscious disregard of the rights of others." (emphasis added)). Plaintiff does not plead any facts against Thyssen Krupp at all, and certainly none that even remotely establish that Thyssen Krupp acted with actual malice or a conscious disregard for the rights of others.

## CONCLUSION

In sum, Plaintiff's complaint is vague. It improperly puts the defendants to the burden of defending this case without an adequate factual foundation laid in the pleadings. It fails to provide the following:

- The identity of the specific products to which Plaintiff's decedent was allegedly exposed;

11

- How Plaintiff's decedent allegedly used them;

- When Plaintiff's decedent was allegedly exposed to them; and

- Where Plaintiff's decedent was allegedly exposed to them.

The Supreme Court of Virginia does not permit such unfair pleadings and its insistence on fair and accurate pleadings has grown louder in recent years. See Estate of James, 277 Va. 443 (2009) and Ford Motor Company, 273 Va. 242 (2007). This Court should dismiss Plaintiff's Complaint in its entirety. WHEREFORE, Thyssen Krupp prays that this Court dismiss the Complaint with prejudice, enter judgment on behalf of Thyssen Krupp, and award Thyssen Krupp its costs and counsel fees incurred herein pursuant to Virginia Code § 8.01-271.1.

Respectfully submitted this 24th day of September, 2010.

<div style="margin-left:50%;">

THYSSENKRUPP ELEVATOR CORPORATION, individually, and as successor to DOVER ELEVATOR COMPANY, and DOVER ELEVATOR COMPANY.

By: _____
                    Counsel
</div>

Robert F. Redmond, Jr. (VSB No. 32292)
Clement D. Carter (VSB No. 46038)
Lauren M. Wheeling (VSB No. 75559)
Williams Mullen, P.C.
200 South 10th St.
Richmond, VA  23219
Phone:    804.420.6000
Fax:        804.420.6507

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

BETTIE J. PASCHALL, Executrix of the )
Estate of EARL WAYNE PASCHALL, )
deceased, )
)
Plaintiff, )
)
v. )   Case No. CL10-1402-1
)
ABEX CORPORATION, *et al.* )
)
Defendants. )

RECEIVED & FILED
CIRCUIT COURT

SEP 24 2010

BEVILL M. DEAN,  CLERK
BY_____ D.C.

I, the undersigned for Thyssen Krupp Elevator Corporation, individually and as successor

to Dover Elevator Company, and Dover Elevator Company hereby certify that I have served

counsel for Plaintiff in this action with a copy of *Defendant Thyssen Krupp Elevator*

*Corporation, individually and as successor to Dover Elevator Company, and Dover Elevator*

*Company's Demurrer to Plaintiff's Complaint and Memorandum in Support of Their Demurrer*

*to Plaintiff's Complaint* by United States mail, postage prepaid to the following address:

**Counsel Served:**

Charles E. Ayers, Jr., Esquire
Mark H. Schmidt, Esquire
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
*Counsel for Plaintiff*

And to Defense Counsel of Record via hand delivery only

# LIST OF DEFENSE COUNSEL FOR CERTIFICATE OF SERVICE

Robert F. Redmond, Jr., Esquire
Clement D. Carter, Esquire
Lauren M. Wheeling, Esquire
Williams Mullen
200 South 10th Street
P.O. Box 1320 (23218-1320)
Richmond, Virginia 23219
*Counsel for Kone Inc., individually and as
successor to Montgomery Elevator Company,
and Montgomery Elevator Company*

*[signature]*

This 24th day of September, 2010.

Robert F. Redmond, Jr., Esquire
Clement D. Carter, Esquire
Lauren M. Wheeling, Esquire
WILLIAMS MULLEN
200 South 10th Street, 16th Floor
P.O. Box 1320 (23218-1320)
Richmond, Virginia 23219
*Counsel for Thyssen Krupp Elevator Corporation,
individually and as successor to Dover Elevator Company,
and Dover Elevator Company*

8217635_1.DOC