VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

BETTIE J. PASCHALL, Executrix of the
Estate of EARL WAYNE PASCHALL, Deceased,

     Plaintiff,

v.

ABEX CORPORATION,
A Delaware Corporation,
SERVE:     Secretary of the Commonwealth
            Service of Process Office
            9th Street Office Buildings
            9th and Grace Streets
            Richmond, VA 23201

AMERICAN HERITAGE PLACE, L.P.,
A Virginia Limited Partnership,
SERVE:     Ronald H. Hunt, Registered Agent
            11511 Allecingie Parkway
            Richmond, VA 23235

AMERICAN STANDARD, INC.,
Individually, and as a successor to Kewanee Boiler,
A Delaware Corporation,
SERVE:     CT Corporation System, Registered
            4701 Cox Rd., Suite 301
            Glen Allen, VA 23060

ANCHOR PACKING COMPANY, THE,
A Delaware Corporation,
SERVE:     Secretary of the Commonwealth
            Service of Process Office
            9th Street Office Buildings
            9th and Grace Streets
            Richmond, VA 23201

APPLE SEVEN SPE RICHMOND, INC.,
A Virginia Corporation,
SERVE:     CT Corporation System, Registered
            4701 Cox Rd., Suite 301

Case No.: CL10-1402-1
Amended Complaint

1



EXHIBIT

D

Glen Allen, VA 23060

AQUA-CHEM, INC.,
Individually, and as Successor to Cleaver-Brooks,
A non-Virginia Corporation,
SERVE:          Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings
                9th and Grace Streets
                Richmond, VA 23201

AVENTIS CROPSCIENCE USA, INC.
f/k/a Rhone-Poulenc AG Company; Amchem Products, Inc.,
(A Benjamin Foster Company Division),
A New York Corporation,
SERVE:          Beverly L. Crump, Registered Agent
                11 S. 12th Street
                Richmond, Virginia 23218

A.W. CHESTERON CO.,
A Massachusetts Corporation,
SERVE:          Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings
                9th and Grace Streets
                Richmond, VA 23201

BAYER CROPSCIENCE INC.,
Individually, and as Successor to
Amchem Products, Inc. (Benjamin Foster Division),
A New York Corporation,
SERVE:          Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings
                9th and Grace Streets
                Richmond, VA 23201

BH ROSENBURG LLC,
A non-Virginia Limited Liability Company,
11111 Santa Monica Boulevard, Suite 600
Los Angeles, California 90025
SERVE:          Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings
                9th and Grace Streets
                Richmond, VA 23201

CBS CORPORATION, a Delaware corporation, f/k/a Viacom Inc.,
Successor by Merger to CBS Corporation, a Pennsylvania corporation
f/k/a Westinghouse Electric Corporation ("Westinghouse"),
A Delaware Corporation,
SERVE:       Corporation Service Company (CSC)
              11 South Twelfth Street
              Post Office Box 1463
              Richmond, VA 23218

CERTAINTEED CORPORATION,
A Delaware Corporation,
SERVE:       CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060

CITY OF RICHMOND, VIRGINIA,
SERVE:       City Attorney's Office
              900 East Broad Street, Rm 300
              Richmond, VA 23219

CITY OF RICHMOND, VIRGINIA,
DEPARTMENT OF GENERAL SERVICES,
SERVE:       City Attorney's Office
              900 East Broad Street, Rm 300
              Richmond, VA 23219

CRIT-VA, INC.,
A Virginia Corporation,
SERVE:       Martin B. Richards, Esq., Registered Agent
              McGuirewoods, LLP
              One James Center
              901 East Cary Street
              Richmond, VA 23219

CRANE PACKING CO.,
f/k/a John Crane, Inc.,
An Illinois Corporation,
SERVE:       Secretary of the Commonwealth
               Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201

CROWN CORK & SEAL COMPANY, INC.,
A New York Corporation,

SERVE: Secretary of the Commonwealth
    Service of Process Office
    9th Street Office Buildings
    9th and Grace Streets
    Richmond, VA 23201

DANA CORPORATION,
A Virginia Corporation,
SERVE: Allen C. Goolsby, III, Esq., Registered Agent
    Hunton & Williams
    951 E. Byrd Street
    Richmond, VA 23219

DOMINION RESOURCES, INC.,
A Virginia Corporation,
SERVE: CT Corporation System, Registered Agent
    4701 Cox Rd., Suite 301
    Glen Allen, VA 23060

DOW CHEMICAL COMPANY, THE,
Individually, and as Successor to UNION CARBIDE,
A Delaware Corporation,
SERVE: CT Corporation System, Registered Agent
    4701 Cox Rd., Suite 301
    Glen Allen, VA 23060

FIRST STATES INVESTORS, LLC,
A Delaware Limited Liability Company,
SERVE: National Registered Agents, Registered Agent
    526 King Street, Suite 423
    Alexandria, VA 22314

FOSTER WHEELER CORPORATION,
A New Jersey Corporation,
SERVE: Secretary of the Commonwealth
    Service of Process Office
    9th Street Office Buildings
    9th and Grace Streets
    Richmond, VA 23201

FOSTER WHEELER ENERGY CORPORATION,
A New Jersey Corporation,
SERVE: Secretary of the Commonwealth
    Service of Process Office
    9th Street Office Buildings
    9th and Grace Streets

Richmond, VA 23201

FOSTER WHEELER LLC,
Not a Virginia Limited Liability Company,
SERVE:     Secretary of the Commonwealth
               Service of Process Office
               9th Street Office Buildings
               9th and Grace Streets
               Richmond, VA 23201

FRANKLIN CENTRE OPERATING
ASSOCIATES, LIMITED PARTNERSHIP,
A New Mexico Limited Partnership,
SERVE:     William F. Seymour, IV, Esq., Registered Agent
               Cherry Seymour & Hundley
               4908 Monument Avenue, Suite 200
               Richmond, VA 23230

GARLOCK SEALING TECHNOLIGIES, L.L.C.,
Individually, and as Successor to Garlock, Inc.,
A Delaware Corporation,
SERVE:     CT Corporation System, Registered Agent
               4701 Cox Rd., Suite 301
               Glen Allen, VA 23060

GENERAL ELECTRIC COMPANY,
A New York Corporation,
SERVE:     Allen C. Goolsby, III, Esq., Registered Agent
               Hunton & Williams
               951 E. Byrd Street
               Richmond, VA 23219

GENERAL REFRACTORIES COMPANY,
A Pennsylvania Corporation,
SERVE:     Secretary of the Commonwealth
               Service of Process Office
               9th Street Office Buildings
               9th and Grace Streets
               Richmond, VA 23201

GEORGIA-PACIFIC CORPORATION,
A Georgia Corporation,
SERVE:     CT Corporation System, Registered Agent
               4701 Cox Rd., Suite 301
               Glen Allen, VA 23060

GOULDS PUMPS, INCORPORATED,
A Delaware Corporation,
SERVE:      CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060

HONEYWELL INTERNATIONAL, INC.,
Individually, and as Successor to Allied Signal, Inc.,
And Bendix Corporation,
A Delaware Corporation,
SERVE:      Corporation Service Company
              11 S. 12th Street
              P.O. Box 1463
              Richmond, VA 23218

INGERSOLL-RAND COMPANY,
A New Jersey Corporation,
SERVE:      CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060

JAMES CENTER PROPERTY LLC,
A Delaware Limited Liability Company,
SERVE:      CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060

JEMAL'S RICHMOND HOLDINGS, LLC,
A Virginia Limited Liability Company,
SERVE:      CT Corporation System, Registered Agent
              4701 Cox Rd., Suite 301
              Glen Allen, VA 23060

JOHN CRANE, INC.,
Not a Virginia Corporation,
SERVE:      Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201

KAPLAN, EDWARD H.,
1919 M Street, N.W. Suite 320
Washington, D.C. 20036
SERVE:      Secretary of the Commonwealth
              Service of Process Office

9th Street Office Buildings
9th and Grace Streets
Richmond, VA 23201

KONE INC. (USA), individually, and as successor
to MONTGOMERY ELEVATOR COMPANY,

MONTGOMERY ELEVATOR COMPANY,
A Non-Virginia Corporation,

LINCOLN ELECTRIC COMPANY, THE,
Not a Virginia Corporation,
SERVE:          CT Corporation System, Registered Agent
                4701 Cox Rd., Suite 301
                Glen Allen, VA 23060
MAGAZINE, SAMUEL,
1919 M Street, N.W. Suite 320
Washington, D.C. 20036
SERVE:          Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings
                9th and Grace Streets
                Richmond, VA 23201

MALLINCKRODT, INC., F/K/A
INTERNATIONAL MINERALS & CHEMICAL CORP.,
SERVE:          CT Corporation System, Registered Agent
                4701 Cox Road, Suite 301
                Glen Allen, VA 23060

METROPOLITAN LIFE INSURANCE COMPANY,
A New York Corporation,
SERVE:          CT Corporation System, Registered Agent
                4701 Cox Road, Suite 301
                Glen Allen, VA 23060

NORTH BROS., INC. A/K/A NSI VENTURES,
A Georgia Corporation,
SERVE:          Corporation Service Company, Registered Agent
                11 S. 12th St.
                Richmond, VA 23218

NATIONAL SERVICE INDUSTRIES,
Individually, and as Successor to
NORTH BROS., INC. A/K/A NSI VENTURES,
A California Corporation,

7

SERVE:      Secretary of the Commonwealth
            Service of Process Office
            9th Street Office Buildings
            9th and Grace Streets
            Richmond, VA 23201

OAKFABCO, INC.,
Individually and as a successor to Kewanee Boiler
SERVE:      Secretary of the Commonwealth
            Service of Process Office
            9th Street Office Buildings
            9th and Grace Streets
            Richmond, VA 23201

OKONITE COMPANY, THE,
A New Jersey Corporation,
SERVE:      Secretary of the Commonwealth
            Service of Process Office
            9th Street Office Buildings
            9th and Grace Streets
            Richmond, VA 23201

OMNI CENTER CORPORATION,
A Delaware Corporation,
SERVE:      Corporation Service Company, Registered Agent
            11 S. 12th St.
            Richmond, VA 23218

OWENS-ILLINOIS, INC., f/k/a Owens Illinois Glass Co.,
1 Michael Owens Way
Perrysburg, OH 43551-2999,
SERVE:      Secretary of the Commonwealth
            Service of Process Office
            9th Street Office Buildings
            9th and Grace Streets
            Richmond, VA 23201

PARMENTER 919 MAIN STREET LP, LLLP,
A Delaware Limited Liability Limited Partnership,
SERVE:      Capitol Corporate Services, Inc., Registered Agent
            S. Jefferson Street, Suite 1400
            Roanoke, VA 24011

PERFORMANCE CONTRACTING, INC.,
Individually, and as Successor to
NORTH BROS., INC. A/K/A NSI VENTURES,

8

A Kansas Corporation,
SERVE:          CT Corporation System, Registered Agent
                4701 Cox Road, Suite 301
                Glen Allen, VA 23060


PLAZA ASSOCIATES, L.L.C.,
A Virginia Limited Liability Company,
SERVE:          William J. Vakos, Jr., Registered Agent
                4830 Southpoint Drive
                Fredericksburg, VA 22407


PNEUMO ABEX CORPORATION,
individually, and as successor to ABEX CORPORATION,
A Delaware Corporation,
SERVE:          CT Corporation System, Registered Agent
                4701 Cox Road, Suite 301
                Glen Allen, VA 23060


RAPID AMERICAN CORPORATION,
A New York Corporation,
SERVE:          Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings
                9th and Grace Streets
                Richmond, VA 23201


RICHMOND EQUITIES LLC,
A Virginia Limited Liability Company,
SERVE:          Corporation Service Company, Registered Agent
                11 S. 12th St.
                Richmond, VA 23218


RICHMOND HOTEL PARTNERS, LP,
A Delaware Limited Partnership,
SERVE:          Capitol Corporate Services Inc, Registered Agent
                10 South Jefferson Street, Suite 1400
                Roanoke, VA 24011


RILEY POWER, INC.,
f/k/a Babcock Borsig Power, Inc., DB Riley, Inc.,
and Riley Stoker Corporation,
SERVE:          Corporation Service Company, Registered Agent
                11 S. 12th St.
                Richmond, VA 23218


RIVERSIDE TOWERS ASSOCIATES, L.C.,

A Virginia Limited Company,
SERVE:          Ivan P. Jecklin, Esq., Registered Agent
                3951-A Stillman Parkway
                Glen Allen, VA 23060


RUSHMARK FNB, L.L.C.,
A Virginia Limited Liability Company,
SERVE:          Russell A. Hitt, Registered Agent
                2704 Dorr Avenue
                Fairfax, VA 22031


SANDHU CORPORATION OF VIRGINIA,
A Virginia Corporation,
SERVE:          Neil S. Talegaonker, Esq., Registered Agent
                Thompson McMullan, P.C.
                100 Shockoe Slip
                Richmond, VA 23219


SCHINDLER ELEVATOR CORPORATION,
individually, and as successor to
WESTINGHOUSE ELEVATOR COMPANY,

WESTINGHOUSE ELEVATOR COMPANY,
A Non-Virginia Corporation,
SERVE:          Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings
                9th and Grace Streets
                Richmond, VA 23201


SEPCO, INC.,
An Alabama Corporation,
SERVE:          Secretary of the Commonwealth
                Service of Process Office
                9th Street Office Buildings
                9th and Grace Streets
                Richmond, VA 23201


THYSSENKRUPP ELEVATOR CORPORATION,
individually, and as successor to
DOVER ELEVATOR COMPANY,

DOVER ELEVATOR COMPANY,
A Non-Virginia Corporation,

TRANE U.S. INC.,

A Delaware Corporation, Individually, and as
successor to AMERICAN STANDARD, INC.,
A Delaware Corporation,
SERVE:        CT Corporation System
              4701 Cox Road, Suite 301
              Glen Allen, VA 23060


UNION CARBIDE CORPORATION,
A New York Corporation,
SERVE:        CT Corporation System, Registered Agent
              4701 Cox Road, Suite 301
              Glen Allen, VA 23060


UNIROYAL, INC.,
A Delaware Corporation,
SERVE:        Secretary of the Commonwealth
              Service of Process Office
              9th Street Office Buildings
              9th and Grace Streets
              Richmond, VA 23201


UNITED TECHNOLOGIES CORPORATION,
individually, and as successor to OTIS ELEVATOR CO.,


OTIS ELEVATOR COMPANY,
A Non-Virginia Corporation,


WACO, INC.,
A Virginia Corporation,
SERVE:        Daniel M. Walker, Registered Agent
              5450 Lewis Road
              Sandston, VA 23150


WILLIAM BYRD HOTEL ASSOCIATES, L.P.,
A Virginia Limited Partnership,
SERVE:        Michael C. Busbeck, Esq., Registered Agent
              Williams Mullen
              1021 East Cary Street
              Richmond, VA 23219


        Defendants.

Received

JAN 2 1 2011

## AMENDED COMPLAINT

NOW COMES the Plaintiff, BETTIE J. PASCHALL, Executrix of the Estate of EARL WAYNE PASCHALL, and alleges as follows for her amended complaint:

### PARTIES

#### A. Plaintiff

1.      The Plaintiff, Bettie J. Paschall, Executrix of the Estate of Earl Wayne Paschall (see attached Exhibit A), has resided in the Commonwealth of Virginia at all times relevant hereto.

2.      Between 1964 and 1992, the Plaintiff's Decedent was an elevator installer and/or maintenance man who worked with or around asbestos-containing products designed, manufactured, assembled, recommended, specified, required, processed, imported, converted, installed, compounded, supplied, distributed and/or sold by the Elevator Company Defendants.

3.      Between 1964 and 1992, the Plaintiff's Decedent worked with or around asbestos-containing products designed, manufactured, assembled, recommended, specified, required, processed, imported, converted, installed, compounded, supplied, distributed and/or sold by the Manufacturing Defendants.

4.      Between 1964 and 1992, the Plaintiff's Decedent worked in his trade at various job sites that are/were owned and/or operated by the Premises Defendants.

#### B. Elevator Company Defendants

5.      The Defendants, KONE INC. (USA), individually, and as successor to MONTGOMERY ELEVATOR COMPANY; the MONTGOMERY ELEVATOR COMPANY; CBS CORPORATION, a Delaware corporation, f/k/a VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC

12

CORPORATION; the SCHINDLER ELEVATOR CORPORATION, individually, and as successor to WESTINGHOUSE ELEVATOR COMPANY; the WESTINGHOUSE ELEVATOR COMPANY; the THYSSENKRUPP ELEVATOR CORPORATION, individually, and as successor to DOVER ELEVATOR COMPANY; the DOVER ELEVATOR COMPANY; the UNITED TECHNOLOGIES CORPORATION, individually, and as successor to OTIS ELEVATOR CO.; and the OTIS ELEVATOR COMPANY; (collectively, the "Elevator Company Defendants") designed, manufactured, compounded, assembled, recommended, specified, installed, supplied, marketed, distributed and/or sold substantial amounts of asbestos and asbestos-containing products, including elevator components and, in particular, braking devices for traction elevators, that contained asbestos ("Elevator Asbestos Products"), which products were supplied, marketed, distributed, sold and/or used in Virginia.

6.    In particular, the aforesaid braking devices for traction elevators contained asbestos that would, with use, be converted into a light, particulate form of asbestos that would float in the air inside the elevator shafts when disturbed by the movement of the elevators, equipment, or persons inside the shafts. Additionally, during the course of maintaining and/or cleaning the braking devices, asbestos particulates would be dislodged from the devices, and, again, float in the air. Plaintiff's Decedent would, during the course of his duties, be present inside the elevator shafts and maintain and/or clean the braking devices, and breath in air containing harmful asbestos originating from the Elevator Asbestos Products.

7.    At all times material hereto, the Elevator Company Defendants acted through their agents, servants or employees who were acting within the scope of their employment on the business of the defendants.

8.    Between 1964 and 1992 (both before and after 1980), the Elevator Company

Defendants' Elevator Asbestos Products were supplied, marketed, distributed, and/or sold, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiff's Decedent's employer, to the Premises Defendants, or to others, and the Plaintiff's Decedent was exposed to said products, and was injured by said products.

### C. Manufacturing Defendants

9.     The following Defendants are hereinafter designated "Manufacturing Defendants" and are companies that are amenable to jurisdiction in Virginia's courts in that they have transacted business and caused tortious injury in the Commonwealth of Virginia.   The Manufacturing Defendants have mined, manufactured, processed, imported, converted, installed, compounded, supplied, and/or retained substantial amounts of asbestos and asbestos-related materials which were sold, distributed, and used in Virginia.

10.     At all times material hereto, the Manufacturing Defendants acted through their agents, servants or employees who were acting within the scope of their employment on the business of the defendants.

11.     Both prior to 1980, and after 1980, the Plaintiff's Decedent was exposed to asbestos-containing products and/or machinery containing, requiring, or recommending the use of asbestos and/or asbestos-containing products that were manufactured, supplied, and/or distributed by the Manufacturing Defendants.   These products were defective and inherently dangerous in the manner in which they were marketed for their failure to contain or include adequate warnings regarding potential asbestos health hazards associated with the use, removal or maintenance of, or the exposure to the products.   The defective, abnormally and inherently dangerous condition of the products coupled with the disabling and/or fatal diseases generated by the inhalation of asbestos dust rendered such products unreasonably and inherently dangerous,

14

thereby abrogating any need for privity of contract between the Plaintiff's Decedent and the Manufacturing Defendants as a prerequisite to liability.

12.    The Defendant, ABEX CORPORATION, is a Delaware corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at Third Street and Jefferson Avenue, Camden, New Jersey 08104.

13.    The Defendant, TRANE U.S. INC., successor in Interest to American Standard Inc., individually and as a successor to Kewanee Boiler, is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at One Centennial Avenue, Piscataway, New Jersey 08855.

14.    The Defendant, THE ANCHOR PACKING COMPANY, is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principle place of business at 408G Gallimore Dairy Road, Greensboro, North Carolina 27409.

15.    The Defendant, AQUA-CHEM, INC., successor in interest to Cleaver-Brooks, is a non- Virginia corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants,

asbestos-containing products, and has its principal place of business at 11950 West Lake Park Drive, Milwaukee, Wisconsin 53224.

16.    The Defendant, A.W. CHESTERTON CO., is a Massachusetts corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 500 Unicorn Park Drive, Woburn, Massachusetts 01801-3345.

17.    The Defendant, BAYER CROPSCIENCE INC., as successor in interest to Amchem Products, Inc. (Benjamin Foster Division), is a New York corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at Bayer Cropscience LP, 2T W. Alexander Drive, P. O. Box 12014, Research Triangle Park, North Carolina 27709.

18.    The Defendant, CERTAINTEED CORPORATION, is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 750 E. Swedesford Road, Valley Forge, Pennsylvania 19482.

19.    The Defendant, CRANE PACKING CO., formerly known as John Crane, Inc., is an Illinois corporation authorized to transact business in the Commonwealth of Virginia, that

manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 6400 West Oakton Street, Morton Grove, Illinois 60053.

20.    The Defendant, DANA CORPORATION, is a Virginia corporation authorized to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 4500 DOIT Street, P. O. Box 1000, Toledo, Ohio 43615.

21.    The Defendant, THE DOW CHEMICAL COMPANY, is a Delaware Corporation authorized to do business in tile Commonwealth of Virginia, that sold, installed and distributed asbestos-containing products, including, but not limited to General Purpose Bakelite, Heat Resistant Bakelite, High Impact Heat Resistant Bakelite, Bakelite Molding Compound, electrical products, and plasters, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants.  This Defendant also sold and/or distributed bulk quantities of raw asbestos fibers mined from the Calidria Mines to many of the defendants listed herein for incorporation into their asbestos-containing products under various trade names. In particular, this Defendant sold and/or distributed thousands of tons of raw asbestos fibers to Georgia-Pacific Corporation, for use in fabricating many of its asbestos-containing joint compounds and spackling products under various trade names, and has its principal place of business at 2030 Dow Center, Midland, Michigan 48674.

22.    The Defendant, FOSTER WHEELER CORPORATION, is a New Jersey corporation authorized to do business in the Commonwealth of Virginia, that manufactured,

17

produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at Perryville Corporate Park, Clinton, New Jersey 08809-4000.

23. The Defendant, GARLOCK SEALING TECHNOLOGIES, LLC, is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 1666 Division Street, Palmyra, New York 14522.

24. The Defendant, GENERAL ELECTRIC COMPANY, is a New York Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 12 Corporate Woods Boulevard, 3,d Floor, Albany, New York 12211.

25. The Defendant, GENERAL REFRACTORIES COMPANY, is a Pennsylvania Corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 225 City Avenue, Suite 114, Bala Cynwyd, Pennsylvania 19004.

26. The Defendant, GEORGIA-PACIFIC CORPORATION, is a Georgia corporation

authorized to transact business in the Commonwealth of Virginia, that sold, installed and distributed asbestos-containing products, including asbestos-containing all purpose joint compound, Ready Mix; Bedding compound, Central Mix, Drywall adhesive, Kalite, Laminating compound/Ready-Mix, Lite Acoustic, Patching Plaster, Spackling Compound, Speed Set/One Day, Texture Topping Compound, Triple Duty Joint Compound, and other re-branded products, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, and has its principal place of business at 13 3 Peachtree Street, NE, Atlanta, Georgia 30303. Georgia Pacific Corporation began manufacturing many of these products in 1965 when it purchased the Bestwall Gypsum Company. Bestwall Gypsum Company had been manufacturing and distributing many of these same products from 1956 until its sale in 1965.

27.     The Defendant, GOULDS PUMPS INCORPORATED, is a Delaware Corporation authorized to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 2881 East Bayard Street, Seneca Falls, New York 13148.

28.     The Defendant, HONEYWELL INTERNATIONAL, INC. F/K/A ALLIED SIGNAL, INC., successor in interest to the Bendix Corporation, is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 101 Columbia Road and Park Avenue, P.O. Box 1057-Tax Dept., Morristown, New Jersey 07962.

29.   The Defendant, INGERSOLL-RAND COMPANY, is a New Jersey Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 200 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07675.

30.   The Defendant, JOHN CRANE, INC., is a Delaware Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including asbestos valve packing and gasket material and has its principal place of business at 6400 W. Oakton Street, Morton Grove, Illinois 60053.

31.   The Defendant, LINCOLN ELECTRIC COMPANY, an Ohio Corporation authorized to do business in the Commonwealth of Virginia, manufactured and/or sold, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, including asbestos-coated welding rods.

32.   The Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a New York Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at One Metlife Plaza, 2701 Queens Plaza N, Long Island City, NY 11101.

33.   The Defendant, NATIONAL SERVICE INDUSTRIES, successor to North Bros.,

Inc. is a Georgia Corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 1420 Peachtree Street, NE, Atlanta, Georgia 32309-3002.

34.     The Defendant, OAKF ABCO, INC., individually and as a successor-in-interest to Kewanee Boiler, is a non-Virginia Corporation authorized to do business in the Commonwealth of Virginia that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 210 West 22nd Street, Suite 105, Oak Brook, IL 60523.

35.     The Defendant, THE OKONITE COMPANY, is a New Jersey corporation authorized to do business in the Commonwealth of Virginia that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 102 Hilltop Road, Ramsey, New Jersey, 07446.

36.     The Defendant, OWENS-ILLINOIS, INC., formerly known as Owens-Illinois Glass Company, is an Ohio corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, with its principal place of business at One Michael Owens Way, Perrysburg, Ohio 43551.

37.     The Defendant, RAPID AMERICAN CORPORATION, is a New York

21

corporation authorized to do business in the Commonwealth of Virginia and has a registered office in New York. Defendant may be served by mailing a copy of the Summons and Complaint via certified mail to its registered agent for service of process at the Prentice Hall Corporation (Corporation Service Company), 2711 Centerville Road, Wilmington, DE 19808.

38.     The Defendant, RILEY POWER, INC., f/k/a Babcock Borsig Power, Inc., D.B. Riley, Inc., and Riley Stoker Corporation, is a Massachusetts corporation authorized to do business in the Commonwealth of Virginia and has its principal place of business at 5 Neponset Street, Worcester, Massachusetts 01606.

39.     The Defendant, SEPCO, Inc., is an Alabama Corporation ' authorized to do business in the Commonwealth of Virginia and has it principal place of business at 123 Airpark Industrial Road, Alabaster, Alabama 35007-9598.

40.     The Defendant, UNION CARBIDE CORPORATION, is a New York corporation authorized to do business in the Commonwealth of Virginia, that sold, installed and distributed asbestos-containing products, including, but not limited to General Purpose Bakelite, Heat Resistant Bakelite, High Impact Heat Resistant Bakelite, Bakelite Molding Compound, electrical products and plasters, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, and has its principal place of business at 39400 W. Sam Houston Parkway South, Houston, Texas 77042. This Defendant also sold and/or distributed bulk quantities of raw asbestos fibers mined from the Calidria Mines, to many of the defendants listed herein, for incorporation into their asbestos-containing products under various trade names. In particular, this Defendant sold and/or distributed thousands of tons of raw asbestos fibers to Georgia-Pacific Corporation for use in fabricating many of its asbestos--containing joint compounds and spackling products under various trade names.

41.     The Defendant, UNIROYAL, INC., a Division of Crompton Corporation, is a Delaware corporation able to transact business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at World Headquarters, 199 Benson Road, Middlebury, Connecticut 06749.

42.     The Defendant, WACO, INC., is a Virginia corporation authorized to do business in the Commonwealth of Virginia, that manufactured, produced, sold, distributed and/or supplied, either directly or indirectly, to the Plaintiff's Decedent, to the Plaintiffs Decedent's employer, or to the Premises Defendants, asbestos-containing products, and has its principal place of business at 5450 Lewis Road, Sandston, Virginia 23150.

### D. Premises Defendants

43.     The following Defendants are hereinafter designated as the "Premises Defendants" all of whom own or owned real property and buildings in the City of Richmond, Virginia, in which the Plaintiff's Decedent worked in his trade and was exposed to asbestos and asbestos-containing products.

44.     The Defendant, AMERICAN HERITAGE PLACE, L.P., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 1001 East Main Street.

45.     The Defendant, APPLE SEVEN SPE RICHMOND, INC., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 500 East Broad Street.

46.     The Defendant, BH ROSENBURG LLC, owns real property and buildings

located in the City of Richmond, Virginia, including buildings located at 700 East Main Street.

47.   The Defendant, CITY OF RICHMOND, VIRGINIA, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 900 East Broad Street.

48.   The Defendant, CITY OF RICHMOND, VIRGINIA, DEPARTMENT OF GENERAL SERVICES, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 900 East Broad Street.

49.   The Defendant, CRIT-VA, INC., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 104 West Franklin Street.

50.   The Defendant, DOMINION RESOURCES, INC., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 705-711 East Main Street.

51.   The Defendant, FIRST STATES INVESTORS 3500, LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 1111 East Main Street.

52.   The Defendant, FRANKLIN CENTRE OPERATING ASSOCIATES, LIMITED PARTNERSHIP, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 700 East Franklin Street.

53.   The Defendant, JAMES CENTER PROPERTY LLC owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 1021 East Cary Street.

54.   The Defendant, JEMAL'S RICHMOND HOLDINGS, LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 627-629

East Main Street.

55.     The Defendants, KAPLAN, EDWARD H., and MAGAZINE, SAMUEL, et al., own real property and buildings located in the City of Richmond, Virginia, including buildings located at 300-308 West Franklin Street.

56.     The Defendant, OMNI CENTER CORPORATION owns real property and buildings in the City of Richmond, Virginia, including buildings located at 100 South 12th Street.

57.     The Defendant, PARMENTER 919 MAIN STREET LP, LLLP, owns real property and buildings in the City of Richmond, Virginia, including buildings located at 901-921 East Main Street.

58.     The Defendant, PLAZA ASSOCIATES, L.L.C., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 801 East Main Street.

59.     The Defendant, RICHMOND EQUITIES LLC, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 600 East Broad Street.

60.     The Defendant, RICHMOND HOTEL PARTNERS, LP, owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 307 West Franklin Street.

61.     The Defendant, RIVER TOWER ASSOCIATES, L.C., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 2000 Riverside Drive.

62.     The Defendant, RUSHMARK FNB, L.L.C., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 823-827 East Main Street.

63.     The Defendant, SANDHU CORPORATION OF VIRGINIA, owns real property

and buildings located in the City of Richmond, Virginia, including buildings located at 555 East Canal Street.

64.     The Defendant, WILLIAM BYRD HOTEL ASSOCIATES, L.P., owns real property and buildings located in the City of Richmond, Virginia, including buildings located at 2501 West Broad Street.

## Count I – Negligence
### (As to the Elevator Company Defendants only)

65.     All of the allegations contained in the preceding paragraphs are re-alleged and incorporated herein as if repeated verbatim.

66.     The disease "asbestosis" results in humans from exposure to asbestos.

67.     At all relevant times, the Elevator Company Defendants knew, should have known, and/or had reason to know that asbestosis in humans resulted from exposure to asbestos.

68.     The Elevator Company Defendants owed a duty to Plaintiff's Decedent to produce goods that were reasonably safe for their intended purposes.

69.     The Elevator Company Defendants, jointly and severally, breached that duty by manufacturing and selling Elevator Asbestos Products that were inherently and immediately dangerous, or which became so when used in the usual and customary manner, due to their inclusion of asbestos. The products were inherently dangerous as manufactured and sold.

70.     The Elevator Company Defendants, jointly and severally, further breached their duty by supplying and selling Elevator Asbestos Products without providing adequate warnings regarding the hazards of asbestos exposure. The Elevator Company Defendants failed to advise Plaintiff's Decedent of the dangerous characteristics of the Elevator Asbestos Products, failed or omitted to provide information concerning protective equipment, failed to place any or sufficient warnings on their products, failed or omitted to publish adequate procedures for the handling of

their products, failed to test the safety of their products or to timely develop alternate products that were safe. The products were defective as supplied and sold.

71.     And although the Elevator Asbestos Products never should have been supplied and sold at all, the Elevator Company Defendants owed a further duty to Plaintiff's Decedent to recall or remove the Elevator Asbestos Products from the stream of commerce after they had been supplied and sold, and/or to warn Plaintiff's Decedent about the products they had already supplied and sold, but failed to do so.

72.     The inherently dangerous and defective condition of the Elevator Company Defendants' Elevator Asbestos Products rendered such products unreasonably dangerous, thereby abrogating any need for privity of contract between the Plaintiff's Decedent and the Elevator Company Defendants as a prerequisite to liability.

73.     The Elevator Company Defendants knew, should have known, and/or had reason to know that the Elevator Asbestos Products were unreasonably dangerous.

74.     The Elevator Company Defendants knew, should have known, and/or had reason to know that the Elevator Asbestos Products would produce harmful airborne asbestos particulates during their usual and customary usage.

75.     The risk of injury to elevator installers and/or maintenance men, such as Plaintiff's Decedent, from exposure to asbestos from the Elevator Company Defendants' Elevator Asbestos Products, was foreseeable at all relevant times.

76.     To the extent that any person modified the Elevator Company Defendants' Elevator Asbestos Products after they were initially supplied, marketed, and/or sold by the Elevator Company Defendants, such as by replacing brake pad linings or otherwise performing maintenance on the products, such modifications were entirely foreseeable and were, in fact, in

accord with the Elevator Company Defendants' product design specifications, instructions, and recommendations for use of their products.

77.    The Elevator Company Defendants' negligent breaches of their duties were also grossly negligent in that their acts showed such indifference to others as constitutes an utter disregard of caution amounting to a complete neglect of the safety of others, including Plaintiff's Decedent.

78.    Furthermore, the Elevator Company Defendants' breaches of their duties to the Plaintiff's Decedent were willful or wanton in nature in that said acts were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff's Decedent.

79.    The foregoing acts of the Elevator Company Defendants, jointly and severally, were a direct and proximate cause of the Plaintiff's Decedent's injuries, death, and damages herein described.

### Count II – Breach of Warranty
### (As to the Elevator Company Defendants only)

80.    All of the allegations contained in the preceding paragraphs are re-alleged and incorporated herein as if repeated verbatim.

81.    The Elevator Company Defendants impliedly warranted that their Asbestos Products were reasonably fit for use and safe for their intended purposes.

82.    At the time of the manufacture and sale of the Elevator Asbestos Products to the Plaintiff's Decedent and/or the Plaintiff's Decedent's employer, and/or the Premises Defendants, and/or others, the Elevator Company Defendants knew, should have known, or had reason to know, that the Elevator Asbestos Products would be used by or come into contact with the

28

Plaintiff's Decedent or those similarly situated.

83.    The Elevator Company Defendants impliedly warranted to purchasers and users, such as Plaintiff's Decedent, that their products were fit for their ordinary and foreseeable purposes and were of merchantable quality and not unreasonably dangerous.

84.    The Elevator Company Defendants' Elevator Asbestos Products were sold in a defective condition in that they were incapable of being made safe for their intended, ordinary and foreseeable use, and said defendants failed to give adequate or sufficient warnings or instructions about the unreasonable risks and dangers inherent in their products.

85.    The Elevator Company Defendants breached said warranties to the Plaintiff's Decedent in that the Elevator Asbestos Products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended, ordinary and foreseeable uses and purposes in light of the fact that said defendants failed to warn of the dangerous nature of asbestos exposure, and such breaches proximately resulted in the Plaintiff's Decedent contracting ASBESTOSIS, leading to his injury, disability, and death.

86.    The Elevator Company Defendants further breached their implied warranty by selling their products which were not reasonably fit for their ordinary and reasonably foreseeable purposes and which were unreasonably dangerous because of their dangerous propensity to release toxic, injurious, and/or deadly asbestos dust, thereby potentially injuring or killing those who were reasonably, foreseeably exposed.

87.    The Elevator Company Defendants' breaches of said warranties to the Plaintiff's Decedent were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff's Decedent.

88.    The foregoing deliberate, intentional and purposeful acts of the said defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries, death, and damages herein described.

### Count III – Negligence
### (As to the Manufacturing Defendants only)

89.    All of the allegations contained in the preceding paragraphs are re-alleged and incorporated herein as if repeated verbatim.   As to the Manufacturing Defendants identified above, the Plaintiff alleges as follows:

90.·    The Manufacturing Defendants are or were miners, manufacturers, processors, importers, converters, compounders, suppliers, distributors, and/or retailers of asbestos, asbestos-related insulation materials, and other asbestos-containing products (collectively, the "Asbestos Products").

91.    The Manufacturing Defendants, acting through their agents, servants and/or employees, caused Asbestos Products to be placed in the stream of interstate commerce with the result that said Asbestos Products came into use by the Plaintiff's Decedent both prior to 1980, and after 1980.

92.    For over twenty-eight (28) years the Plaintiff's Decedent worked as an elevator installer and/or maintenance man, and both prior to 1980, and after 1980, was exposed to Asbestos Products mined, manufactured, processed, imported, converted, compounded, distributed, and/or sold by the Manufacturing Defendants, said exposure being within the Commonwealth of Virginia.

93.    During the course and scope of his employment and both prior to 1980, and after 1980, the Plaintiff's Decedent was exposed to the Manufacturing Defendants' Asbestos Products, which exposure directly and proximately caused the Plaintiffs Decedent to develop an

illness known and designated as ASBESTOSIS.

94.     The illness and disability of the Plaintiff's Decedent are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, the Asbestos Products which the Defendants knew, or in the exercise of ordinary care, should have known, were deleterious, poisonous and highly harmful to the Plaintiff's Decedent's body, lungs, respiratory system, skin and health.

95.     The illness and disability of the Plaintiff's Decedent are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care, should have known, that the Asbestos Products were deleterious, poisonous and highly harmful to the Plaintiff's Decedent's body, lungs, respiratory system, skin and health, and the Defendants nonetheless:

a.     Failed to advise the Plaintiff's Decedent of the dangerous characteristics of their Asbestos Products;

b.     Failed or omitted to provide the Plaintiff's Decedent with information concerning reasonably safe wearing apparel and proper protective equipment and appliances;

c.     Failed and omitted to place any warnings or sufficient warnings on their containers of said Asbestos Products to warn the handlers thereof of the dangers to health in coming in contact with said Asbestos Products;

d.     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said Asbestos Products;

f.     Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff's Decedent of the dangers to their health in coming in contact with and breathing said Asbestos Products;

g.     Failed to recommend methods to improve the work environment to prevent an unreasonable risk to the Plaintiff's Decedent's health; and

h.     Failed to test the safety of their products or develop alternative products that were

safe.

96.     That at various times from 1929 to the filing of this lawsuit, the Manufacturing

Defendants had actual knowledge of the dangers to the Plaintiff's Decedent of asbestos exposure.

Nevertheless, the Manufacturing Defendants deliberately, intentionally and purposefully:

a.     Failed to warn prior users of the need for monitoring due to prior asbestos exposure;

b.     Failed to issue recall type letters or notices to prior users;

c.     Frustrated the publication of articles on the asbestos health hazards in the literature;

d.     Failed to advise the Plaintiff's Decedent of medical findings known to the
       Defendants concerning the dangers of asbestos exposure;

e.     Suppressed the dissemination of information to the Plaintiff's Decedent concerning
       the hazards of asbestos exposure.

97.     The foregoing deliberate, intentional and purposeful acts of the Manufacturing

Defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries and damages

hereinafter described.

98.     The Manufacturing Defendants were further negligent in some or all of the

following respects, and such negligence proximately caused or substantially contributed to cause

the Plaintiff's Decedent's ASBESTOSIS and other injuries and disabilities:

a.     In providing a defective product in the stream of commerce in that they failed to;
       warn Plaintiff's Decedent and others similarly situated, of the known risks and
       dangers, including the fatal diseases of asbestosis, lung cancer and/or
       mesothelioma associated with the uncontrolled, intended use of, inhalation, and/or
       ingestion of the asbestos fibers and dust contained in the asbestos and/or asbestos-
       containing products and arising from the normal and intended use of such
       products these Defendants produced and/or supplied.

b.     In failing to adequately warn Plaintiff's Decedent of the dangerous characteristics
       of the Asbestos Products they manufactured or supplied in that each
       Manufacturing Defendant failed to warn Plaintiff's Decedent that he could
       develop fatal injuries, including but not limited to, asbestosis, lung cancer,
       mesothelioma and other forms of cancer as a result of being exposed to, inhaling,
       or ingesting asbestos dust and fibers released from these asbestos or asbestos-

containing products.

c. In continuing to manufacture, sell, distribute and/or install the Asbestos Products when each Manufacturing Defendant knew, should have known or had reason to know that such products were unavoidably unsafe and unreasonably dangerous absent reasonable warnings and precautions, which were not implemented, and caused injuries or death from asbestosis, mesothelioma or other forms of cancer in those persons exposed to the ordinary and foreseeable use of asbestos products;

d. In failing to adequately test their Asbestos Products before offering them for sale and/or use so that Plaintiff's Decedent and other persons similarly situated, could be accurately and adequately warned of the dangers of exposure to asbestos dust and fibers resulting from the inhalation and/or ingestion of such dust and fibers during the ordinary and foreseeable use of the Asbestos Products and thereby protect themselves and their families from the development of asbestosis, lung cancer, mesothelioma or other forms of cancer.

e. In failing to exercise reasonable care in the design, hazard analysis, testing, manufacture, and/or sale of the Asbestos Products, and putting into the stream of commerce unreasonably dangerous and defective products, which, when used in a manner reasonably foreseeable to Defendants, was inherently and imminently dangerous because of the harmful effects of breathing asbestos dust generated by the products and of which the Defendants knew, should have known, or had reason to know would or may cause serious injury or death.

99. The Asbestos Products to which Plaintiff's Decedent was exposed and which proximately caused or substantially contributed to Plaintiff's Decedent's injury were used in the manner in which the Defendants intended them to be used, and the Manufacturing Defendants knew, should have known or had reason to know of the inherently dangerous, unavoidably unsafe, and/or unreasonably dangerous character and nature of their respective asbestos containing products. As a direct and proximate result of the negligence, gross negligence, and/or willful disregard of the Plaintiff's Decedent's health and safety as aforesaid, Plaintiff's Decedent contracted ASBESTOSIS and other disabilities and injuries, some or all of which were permanent and/or fatal.

**Count IV – Actual and Constructive Fraud**
**(As to the Manufacturing Defendants only)**

100.   All of the allegations contained in the preceding paragraphs are re-alleged and incorporated herein as if repeated verbatim.

101.   Before, during and after the Plaintiff's Decedent's exposure to the Asbestos Products, the Defendants falsely represented the dangers of asbestos exposure to the Plaintiff's Decedent while the Manufacturing Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as the Plaintiff's Decedent.

102.   The foregoing representations were material conditions precedent to the Plaintiff's Decedent's continued exposure to the Asbestos Products and the Manufacturing Defendants each intended that the Plaintiff's Decedent act upon the representations by continuing his exposure to the asbestos products.  The Plaintiff's Decedent was ignorant of the falsity of the Manufacturing Defendants' representations and rightfully relied upon the representations.

103.   As a direct and proximate result of the Plaintiff's Decedent's reliance upon the Defendants' false representations, the Plaintiff's Decedent has suffered injury and damages as hereinafter described.

### Count V – Breach of Warranty
### (As to the Manufacturing Defendants only)

104.   All of the allegations contained in the preceding paragraphs are re-alleged and incorporated herein as if repeated verbatim.

105.   The Manufacturing Defendants impliedly warranted that their Asbestos Products were reasonably fit for use and safe for their intended purposes.

106.   At the time of the manufacture and sale of the Asbestos Products to the Plaintiff's Decedent and/or the Plaintiff's Decedent's employer, and/or the Premises Defendants, the Manufacturing Defendants knew, should have known or had reason to know, that the Asbestos Products would be used by or come into contact with the Plaintiff's Decedent or those similarly

situated, as the ultimate user or consumer of their products.

107.    Throughout the years that the Plaintiff's Decedent was exposed to the Asbestos Products, the Manufacturing Defendants expected that their Asbestos Products would reach, and they in fact did reach, the ultimate user or consumer without substantial change in the condition in which they were sold.

108.    The Defendants impliedly warranted to purchasers and users, such as Plaintiff's Decedent, that their products were fit for their ordinary and foreseeable purposes and were of merchantable quality and not unreasonably dangerous.

109.    The Manufacturing Defendants' Asbestos Products were sold in a defective condition in that they were incapable of being made safe for their intended, ordinary and foreseeable use, and said Manufacturing Defendants failed to give adequate or sufficient warnings or instructions about the unreasonable risks and dangers inherent in their Asbestos Products.

110.    The Manufacturing Defendants breached said warranties to the Plaintiff's Decedent in that the Asbestos Products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended, ordinary and foreseeable uses and purposes in light of the fact that the Defendants failed to warn of the dangerous nature of asbestos exposure, and such breaches proximately resulted in the Plaintiff's Decedent contracting ASBESTOSIS, leading to his injury and death.

111.    The Manufacturing Defendants further breached their implied warranty by selling their products which were not reasonably fit for their ordinary and reasonably foreseeable purposes and which were unreasonably dangerous because of their dangerous propensity to release toxic, injurious, and/or deadly asbestos dust, thereby potentially injuring or killing those

who were reasonably, foreseeably exposed.

112.   The Manufacturing Defendants' breaches of said warranties to the Plaintiff's Decedent were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff's Decedent.

113.   The foregoing deliberate, intentional and purposeful acts of the Defendants were a direct and proximate cause of the Plaintiff's Decedent's injuries, death, and damages hereinafter described.

## Count VI – Premises Liability
### (As to the Premises Defendants only)

114.   All of the allegations contained in the preceding paragraphs are re-alleged and incorporated herein as if repeated verbatim.

115.   The Premises Defendants owned and operated buildings located in the City of Richmond and surrounding areas.

116.   Asbestos materials, including the Elevator Company Defendants' Elevator Asbestos Products and the Manufacturing Defendants' Asbestos Products, were incorporated into, located at, or used at the premises and buildings of the Premises Defendants.

117.   Plaintiff's Decedent, while working for an employer engaged in the trade of installing elevators and maintenance, came into the premises owned by the various Premises Defendants, and was exposed to asbestos materials, including the Manufacturing Defendants' Asbestos Products, at those premises, which exposure directly and proximately caused Plaintiff's Decedent to develop ASBESTOSIS and ultimately die.

118.   The Premises Defendants had actual knowledge of the hazard posed by asbestos materials, including the Asbestos Products, to invitees to their premises, or, in the exercise of

ordinary care, should have discovered the hazard.

119.    The Premises Defendants had a duty to warn those invited onto its premises of the hazard of exposure to asbestos on its premises and a duty to take reasonable safety precautions to prevent persons, who may reasonably foreseeably be exposed to asbestos, such as the Plaintiff's Decedent, from being exposed to and breathing asbestos on and generated by their premises.

120.    The Premises Defendants failed to exercise reasonable care in the performance of said duties, were negligent, and as a direct and proximate cause of their negligence, the Plaintiff's Decedent was injured, suffered, and died as a result of his exposure to asbestos.

## DAMAGES

121.    All of the allegations contained in the preceding paragraphs are re-alleged and incorporated herein as if repeated verbatim.

122.    Plaintiff brings this action to recover damages under Virginia's Wrongful Death Statutes,§8.01-50 *et seq.,* Code of Virginia (1950 as amended).

123.    As a result of his exposure to asbestos, the Plaintiff's Decedent developed ASBESTOSIS, endured severe suffering and died on March 22, 2008.

124.    The Plaintiff's Decedent was in good health prior to contracting the ASBESTOSIS from which he died.

125.    The Plaintiff's Decedent is survived by his wife, Bettie Jean Paschall; his adult daughter, Delores Ann King; and his adult daughter, Sharon Denise Shelton.

126.    Earl Wayne Paschall's wife, Bettie Jean Paschall; his adult daughters, Delores Ann King, and Sharon Denise Shelton, are the wrongful death beneficiaries of Earl Wayne Paschall under §8.01-53 of the Code of Virginia (1950, as amended), and they have suffered severe and substantial damages, including but not limited to the following:

37

a.  Grief, sorrow, mental anguish and solace, including loss of society, companionship, comfort, guidance and advice;

b.  Services, protection, care and assistance provided by Earl Wayne Paschall;

c.  Expenses for the care, treatment and hospitalization of Earl Wayne Paschall; and

d.  Funeral expenses.

127.   In addition to the above damages, Plaintiff is entitled to interest at the statutory rate from June 7, 2006, pursuant to §8.01-382 of the Code of Virginia.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, jointly and severally, for compensatory damages in the sum of TWELVE MILLION DOLLARS ($12,000,000.00), punitive damages in the sum of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00), together with interest from the date of diagnosis of asbestos-induced disease, plus the costs of this suit, and such other and further relief as is just and proper.

**PLAINTIFF DEMANDS A JURY WITH RESPECT TO ALL ISSUES TO WHICH SHE IS ENTITLED BY LAW TO A JURY.**

Respectfully submitted,

BETTIE J. PASCHALL, Executrix of the
Estate of EARL WAYNE PASCHALL, Deceased,

By: _____
Counsel

Mark H. Schmidt (VSB No. 44521)
Charles E. Ayers, Jr., (VSB No. 13887)
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Telephone:  (804) 358-4731
Facsimile:  (804) 864-0895
*Counsel for the Plaintiff*

Date:   January 19, 2011

38

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Amended Complaint was sent on this 19th day of January, 2011, by first-class mail, postage prepaid, to:

Robert F. Redmond, Jr., Esq.
Clement D. Carter, Esq.
Lauren M. Wheeling, Esq.
Williams Mullen, P.C.
200 South 10th Street
Richmond, Virginia 23219
Telephone:  (804) 420-6000
Facsimile:  (804) 420-6507
*Counsel for Kone Inc., individually, and as successor to*
*Montgomery Elevator Company, and Montogomery Elevator Company, and*
*Thyssenkrupp Elevator Corporation, individually, and as successor to*
*Dover Elevator Company, and Dover Elevator Company*

Carl R. Schwertz, Esq.
Jeffrey S. Poretz, Esq.
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia 22102
Telephone:  (703) 903-9000
Facsimile:  (703) 610-8686
*Counsel for Schindler Elevator Corporation*

Martin A. Conn, Esq.
Eric G. Reeves, Esq.
Mary Louise Roberts, Esq.
C. Stinson Mundy, Esq.
Moran Reeves & Conn, PC
4110 East Parham Road
Richmond, Virginia 23228
Telephone:  (804) 421-6250
Facsimile:  (804) 421-6251
*Counsel for United Technologies Corporation*
*and Otis Elevator Company*