VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

BETTIE J. PASCHALL, Executrix of the )
Estate of EARL WAYNE PASCHALL )
)
                    Plaintiff, )
)
v. )    Case No.: CL10-1402-1
)
ABEX CORPORATION, et al., )
)
                    Defendants. )

RECEIVED & FILED
CIRCUIT COURT

FEB   2 2011

BEVILL M. DEAN, CLERK
BY_____ D.C.

### DEFENDANTS THYSSEN KRUPP ELEVATOR CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO DOVER ELEVATOR COMPANY, AND DOVER ELEVATOR COMPANY'S DEMURRER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW defendants, Thyssen Krupp Elevator Corporation, individually and as successor to Dover Elevator Company, and Dover Elevator Company (collectively, "Thyssen Krupp"), by counsel, and for their Demurrer to Plaintiff's Amended Complaint ("Amended Complaint") filed herein, states as follows:

### DEMURRER

Thyssen Krupp demurs to Counts I, II and other paragraphs – because it fails to inform the Court and Thyssen Krupp of the nature of the claims being made against it. Estate of James v. Peyton, 277 Va. 443 (2009).

1.   Plaintiff fails to set forth any facts that allege that Thyssen Krupp's products proximately caused Plaintiff's injuries.

    a.   Plaintiff does not comply with the requirements of Rule 1:4(d) of the Rules of the Supreme Court of Virginia in that it fails to clearly inform Thyssen Krupp, or any of the other defendants, of the true nature of the claims asserted against them, and fails to state with specificity the facts upon which the Plaintiff relies for each of



EXHIBIT

E

the individual counts as to Thyssen Krupp.  <u>See</u> <u>Ted Lansing Supply Co., Inc. v.</u> <u>Royal Aluminum and Construction Corp.</u>, 221 Va. 1139, 1141 (1981) <u>quoting</u> <u>Potts v. Mathieson Alkali Works,</u> 165 Va. 196, 207 (1935) ("No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. Pleadings are as essential as proof, the one being unavailing without the other. . . . Every litigant is entitled to be told by his adversary in plain and explicit language what is his ground of complaint or defense.").

b.  Plaintiff does not comply with the requirements of Rule 1:4(j) of the Rules of the Supreme Court of Virginia in that it does not contain a simple statement of the essential facts against Thyssen Krupp, as the Amended Complaint does not contain sufficient factual allegations as to the time, date, place, or method of exposure to specific asbestos-related products giving rise to each of Plaintiff's causes of action.

c.  Plaintiff fails to identify the specific causes of action being pressed against each specific defendant.

2.   Plaintiff's Amended Complaint fails to allege the requisite elements to support his claim for punitive damages, as the Amended Complaint fails to set forth any factual allegations that would justify the imposition of punitive damages against Thyssen Krupp.

3.   To the extent the Amended Complaint attempts to state a cause of action for strict liability, such theory of recovery is not recognized in Virginia and must be dismissed. <u>Sensenbrenner v. Rust, Orling, Neale, Architects, Inc.,</u> 236 Va. 429, 424, n.4 (1988)

4.      Plaintiff's Amended Complaint alleges the wrong standard for her negligent failure to warn claim, alleging that the defendants "should have known" that the products were defective rather than asserting the Supreme Court of Virginia's articulated "reason to know" standard.

5.      To the extent Plaintiff's Amended Complaint attempts to assert a duty on Thyssen Krupp to warn about other manufacturers products, such a duty does not exist under Virginia law and therefore, any claims related to that duty must be dismissed.

6.      Thyssen Krupp adopts all grounds for demurrer raised by any other defendant to the extent it is not adverse to Thyssen Krupp's interests in this case.

7.      Counts III, IV, V, and VI of the Amended Complaint fail to state a cause of action against Thyssen Krupp, as they allege that the "Manufacturing Defendants" and "Premises Defendants" negligently failed to warn the decedent.  Additionally, Counts III, IV, V, and VI contain no allegations against Thyssen Krupp.  Furthermore, Counts III, IV, V, and VI contain no allegations of joint and several liability.

WHEREFORE, Thyssen Krupp prays that this Court dismiss the Amended Complaint with prejudice, enter judgment on behalf of Thyssen Krupp, and award Thyssen Krupp its costs and counsel fees incurred herein pursuant to Va. Code § 8.01-271.1.

Respectfully submitted this 2nd day of February, 2011.

                                        THYSSENKRUPP ELEVATOR CORPORATION,
                                        individually, and as successor to DOVER
                                        ELEVATOR COMPANY, and DOVER
                                        ELEVATOR COMPANY.

                                        By: _____
                                                        Counsel

Robert F. Redmond, Jr. (VSB No. 32292)
Clement D. Carter (VSB No. 46038)
Lauren M. Wheeling (VSB No. 75559)
Williams Mullen, P.C.
200 South 10th St.
Richmond, VA  23219
Phone:    804.420.6000
Fax:        804.420.6507

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

| | |
|---|---|
| BETTIE J. PASCHALL, Executrix of the Estate of EARL WAYNE PASCHALL, deceased, | ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CL10-1402-1 |
| ABEX CORPORATION, *et al.* | ) ) |
| Defendants. | ) ) |

I, the undersigned for Thyssen Krupp Elevator Corporation, individually and as successor

to Dover Elevator Company, and Dover Elevator Company hereby certify that I have served

counsel for Plaintiff in this action with a copy of *Defendants Thyssen Krupp Elevator*

*Corporation, individually and as successor to Dover Elevator Company, and Dover Elevator*

*Company's Demurrer to Plaintiff's Amended Complaint* by United States mail, postage prepaid,

to the following address:

**Counsel Served:**

Charles E. Ayers, Jr., Esquire
Mark H. Schmidt, Esquire
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Facsimile: 804-864-0895
ericap@ayerslaw.com
mschmidt@ayerslaw.com
*Counsel for Plaintiff*

And to Defense Counsel of Record via United State mail only:

## LIST OF DEFENSE COUNSEL FOR CERTIFICATE OF SERVICE

Robert F. Redmond, Jr., Esquire
Clement D. Carter, Esquire
Lauren M. Wheeling, Esquire
Williams Mullen
200 South 10th Street
P.O. Box 1320 (23218-1320)
Richmond, Virginia 23219
Facsimile: 804-420-6507
rredmond@williamsmullen.com
*Counsel for Kone Inc., individually and as
successor to Montgomery Elevator
Company,
and Montgomery Elevator Company*

Carl R. Schwertz, Esquire
Miles & Stockbridge
1751 Pinnacle Drive
Suite 500
McLean, Virginia 22102
Facsimile: 703-610-8686
cschwertz@milesstockbridge.com
*Counsel for Schindler Elevator
Corporation*

Martin A. Conn
Eric G. Reeves, Esquire
Mary Louise Roberts, Esquire
C. Stinson Mundy, Esquire
MORAN REEVES & CONN
4110 E. Parham Road
Richmond, VA 23228
Facsimile: 804-421-6251
mrc@mrcpclaw.com
*Counsel for United Technologies
Corporation and Otis Elevator Company*

Robert M. Tata, Esquire
Wendy McGraw, Esquire
Hunton Williams, LLP
500 East Main Street, Suite 1000
Norfolk, VA 23510-3889
Facsimile: 757-625-7720
btata@hunton.com
*Counsel for Warren Pumps, LLC*

This 2nd day of February, 2011

Robert F. Redmond, Jr., Esquire
Clement D. Carter, Esquire
Lauren M. Wheeling, Esquire
WILLIAMS MULLEN
200 South 10th Street, 16th Floor
P.O. Box 1320 (23218-1320)
Richmond, Virginia 23219
*Counsel for Thyssen Krupp Elevator Corporation,
individually and as successor to Dover Elevator Company,
and Dover Elevator Company*

8217635_2.DOC

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

| | |
|---|---|
| BETTIE J. PASCHALL, Executrix of the<br>Estate of EARL WAYNE PASCHALL )<br><br>Plaintiff, )<br><br>v. )<br><br>ABEX CORPORATION, et al., )<br><br>Defendants. ) | Case No.: CL10-1402-1 |

**DEFENDANTS THYSSEN KRUPP ELEVATOR CORPORATION,
INDIVIDUALLY AND AS SUCCESSOR TO DOVER ELEVATOR COMPANY, AND
DOVER ELEVATOR COMPANY'S MEMORANDUM IN SUPPORT OF THEIR
DEMURRER TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW defendants, Thyssen Krupp Elevator Corporation, individually and as successor to Dover Elevator Company, and Dover Elevator Company (collectively, "Thyssen Krupp"), by counsel, and in support of their Demurrer to Plaintiff's Amended Complaint filed herein, state as follows:

**INTRODUCTION**

On December 13, 2010, in ruling on previously filed demurrers by multiple defendants, including Thyssen Krupp, this Court ordered the Plaintiff to "identify the specific causes of action being pressed against each specific defendant more specifically." See December 30, 2010 Order, attached as Exhibit A.   Moreover, the Court specifically stated in the hearing that the Plaintiff must "delineate, identify the specific causes of actions alleged and to allege what cause of actions are being pressed against what defendants more specifically." See December 13, 2010 Hrg. Transcript, at 3:7 – 3: 10.

The Amended Complaint, however, suffers from the same defects as the original complaint.

Plaintiff still fails to provide the key information that he must plead: The locations where he allegedly worked with Thyssen Krupp's elevators. As Plaintiff's counsel admitted at the last hearing, he knows where decedent worked and when he worked there. Presumably, Plaintiff's counsel knows whose elevators are in the buildings—the elevators are fixtures, not disposable products. To comply with this Court's December 30, 2010 Order, this Court should sustain the demurrer and require Plaintiff to specifically allege when and where he was exposed to the defendants' allegedly asbestos containing elevators.

As noted in Thyssen Krupp's prior demurrer, the Supreme Court of Virginia very clearly prohibits artful and ambiguous pleadings that do not sufficiently identify the claims being asserted and the parties alleged to be liable on those claims. Estate of James v. Peyton, 277 Va. 443, 450 (2009). Because Plaintiff fails to state a cause of action upon which relief can be granted, Plaintiff's Amended Complaint should be dismissed

## STATEMENT OF FACTS

Plaintiff sued 62 defendants. Plaintiff claims that eight "Elevator Company Defendants" "designed, manufactured, compounded , assembled, recommended, specified, installed, supplied, marketed, distributed and/or sold substantial amounts of asbestos-and asbestos-containing products, including elevator components and, in particular, braking devices for transaction elevators, that contained asbestos." Am. Compl. ¶ 5.

Plaintiff alleges that the decedent worked with or around asbestos-containing products designed, manufactured, assembled, recommended, specified, required, processed, imported, converted, installed, compounded, supplied, distributed and/or sold by the eight Elevator

2

Company Defendants over a 28 year period from 1964 to1992.  (Am. Compl. ¶ 2.)  Plaintiff provides great detail about where he worked but does not link his work sites to the eight elevator defendants.

Plaintiff's Amended Complaint, still fails to plead any allegations concerning the following:

- **Which** Elevator Company Defendants' products, if any, the decedent used; and

- **When** the decedent used any of the Elevator Company Defendants' products; and

- **Where** the decedent used any of the Elevator Company Defendants' products.

Plaintiff also continues to allege that the Elevator Company Defendants have committed acts that justify the imposition of punitive damages under Virginia law, Am. Compl. at 37-38, but does not allege any facts that would support a claim of actual malice or conscious disregard that is necessary to support punitive damages under Virginia law.

## ARGUMENT

**I.     Plaintiff's Amended Complaint Should Be Dismissed Because It Fails To Identify the Specific Causes of Action Being Pressed Against Each Specific Defendant More Specifically than in the Original Complaint.**

Rule 1:4(d) of the Rules of the Supreme Court of Virginia states that a pleading is sufficient if it "clearly informs the opposite party of the true nature of the claim or defense."  Va. R. Sup. Ct. 1:4(d).  Plaintiff's Amended Complaint fails to clearly inform Thyssen Krupp, or any of the other defendants, of the true nature of the claims asserted against them, and fails to state with specificity the facts upon which the Plaintiff relies for each of the individual counts as to Thyssen Krupp.  See Ted Lansing Supply Co., Inc. v. Royal Aluminum and Construction Corp., 221 Va. 1139, 1141 (1981) quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 207 (1935) ("No court can base its decree upon facts not alleged, nor render its judgment upon a right,

however meritorious, which has not been pleaded and claimed. Pleadings are as essential as proof, the one being unavailing without the other. . . . Every litigant is entitled to be told by his adversary in plain and explicit language what is his ground of complaint or defense."); see also Estate of James v. Peyton, 277 Va. 443 450 (2009) (emphasis added) ("[T]he party filing a civil action **has an obligation** to express the nature of the claim being asserted, and the identity of the party against whom it is asserted, **in clear and unambiguous language so as to inform both the court and the opposing party of the nature of the claim being made.**").

Moreover, Plaintiff does not comply with the requirements of Rule 1:4(j) of the Rules of the Supreme Court of Virginia in that the Amended Complaint does not contain a simple statement of the essential facts against Thyssen Krupp. The Amended Complaint does not contain sufficient factual allegations as to the time, date, place, or method of exposure to specific asbestos-related products giving rise to each of Plaintiff's causes of action.

In its December 30, 2010 Order, this Court required the Plaintiff to identify the specific causes of action being pressed against each defendant more specifically than in the original complaint. See December 30, 2010 Order. In an attempt to cure the defects of Plaintiff's original pleading, in the Amended Complaint, Plaintiff merely divides the "manufacturing defendants" from the original complaint into two groups: the Elevator Company Defendants and the Manufacturing Defendants. *Compare* Am. Compl. ¶¶ 5, 9-42 *with* Compl. ¶¶ 4-47. Such a distinction hardly informs the Defendants of the true nature of Plaintiff's claims.

Plaintiff **again** makes no effort to identify the **specific products** to which the decedent was allegedly exposed over the course of his 28 year career or **how** he used those specific products. The Plaintiff can readily comply with this Court's December 30, 2010 Order to plead with more specificity because the Plaintiff certainly knows which buildings allegedly contain the

4

"Elevator Company Defendants" elevators. Elevators are part of the building and Plaintiff

should identify which buildings decedent worked in and when. Then, it should be simple to

allege which of those building contained elevators allegedly manufactured by Thyssen Krupp

and others.

It is still impossible for Thyssen Krupp (or almost any other defendant) to determine if it

is "the party alleged to be liable" given the Plaintiff's ambiguous pleading. See Estate of James,

277 Va. at 450. Further, it is impossible for Thyssen Krupp (or any other defendant) to

determine which of its products (if any) were used by the decedent and if so, when, where, and

how he allegedly used those products.

As stated in Thyssen Krupp's previous demurrer, clarity of pleading is particularly

important in this jurisdiction because it allows a defendant to determine the scope of available

defenses. See Marilyn Stacy-Suggs v. Am Standard, Inc., No. CL05T00335, slip. op. (Va. Cir.

Ct. June 2, 2006) (holding that defendant manufacturers have no duty to warn or instruct about

**another manufacturer's** products so long as the defendants' products were "produced,

manufactured or delivered without another manufacturer's asbestos-containing product in it,

around it or associated with it") (emphasis added). Plaintiff's Amended Complaint contains

allegations that Thyssen Krupp is liable for another manufacturer's asbestos-containing products,

contrary to the rulings from this jurisdiction.

Plaintiff's Amended Complaint contains the following allegation:

> To the extent that any person modified the Elevator Company
> Defendants' Elevator Asbestos Products after they were
> initially supplied, marketed, and/or sold by the Elevator
> Company Defendants, such as by replacing brake pad linings
> or otherwise performing maintenance on the products, such
> modifications were entirely foreseeable and were, in fact, in
> accord with their products, failed to test the safety of their
> products or to timely develop alternative products that were

5

safe. The products were defective as supplied and sold.

Am. Compl. ¶ 76. At least one of Plaintiff's claims, then, are based on the use of replacement asbestos containing parts, on asbestos containing products manufactured by others but used with Thyssen Krupp's elevators, or incorporating asbestos-containing products into a Thyssen Krupp elevator after the elevator's manufacture. Accordingly, Thyssen Krupp cannot be liable on these claims. See Niedermeyer v. Alfa Laval, Inc., No. CL0539940, slip. op., ¶ 5 (Va. Cir. Ct. August 9, 2007) (holding that defendants in an asbestos case could not be held responsible for asbestos-containing material that was incorporated to the defendants' products **post-manufacture**) (emphasis added).

Moreover, Thyssen Krupp manufactures elevators and, therefore, can only be liable for the original asbestos-containing parts of the elevator. Thyssen Krupp cannot be liable for replacement elevator products manufactured by a completely different manufacturer, which is then installed on one of its elevators.

Plaintiff's "cure" for its initial defective pleading cannot be as simple as dividing one group of defendants into additional groups of defendants. This Court ordered the Plaintiff to identify the specific causes of actions alleged and to allege what causes of action are being pressed against what defendants more specifically. Plaintiff can easily identify the specific manufacturer of the elevators at the locations where the decedent may have allegedly been exposed to asbestos-containing products, and yet, Plaintiff has not done so. Plaintiff failed to comply with this Court's December 31, 2020 Order and the Court should dismiss Plaintiff's Amended Complaint.

II.     **Plaintiff's Amended Complaint Fails to Adequately Plead Causation as to Thyssen Krupp.**

In the products liability context, under either a negligence theory or a breach of warranty theory, a plaintiff must allege and prove that the alleged defective product caused the plaintiff's alleged damages. At trial, plaintiff must present "evidence of exposure to a specific product [of the defendant] on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." Agner v. Daniel Int'l Corp., 2007 U.S. Dist. LEXIS 1509, 15-16 (W.D.N.C. Jan. 5, 2007) citing Jones v. Owens-Corning Fiberglas Corp. and Amchem Products, Inc., 69 F.3d 712, 716 (4th Cir. 1995) (quoting Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir. 1986)); accord Stark v. Armstrong World Indus., Inc., 21 Fed. App'x 371, 375 (6th Cir. 2001) ("For each defendant in a multi-defendant asbestos case, the plaintiff has the burden of proving **exposure to the defendant's product** and that the product was a substantial factor in causing the plaintiff's injury." (emphasis added)).

Not only does Plaintiff's Amended Complaint fail to state facts demonstrating that Thyssen Krupp manufactured a specific product to which the decedent was allegedly exposed, but Plaintiff's Amended Complaint never alleges with specificity that a Thyssen Krupp product **caused** the decedent's alleged injuries. Instead, she states in conclusory fashion that "Elevator Asbestos Products" caused the decedent's illness. Plaintiff's Amended Complaint does not state a claim under either a negligence or breach of an implied warranty theory because it does not allege exposure to Thyssen Krupp's products in any specific manner—including when and where the decedent was allegedly exposed to such products.

Plaintiff's Amended Complaint should also be dismissed for failure to plead causation. With her ambiguous pleading of causation (blaming all "elevator asbestos products" for decedent's illness) Plaintiff again simply casts the largest net possible in an attempt to "catch" one of the named defendants and hook liability to it with no factual basis for the claim. Plaintiff

7

cannot use the Amended Complaint—Plaintiff's second bite at the apple—as a fishing expedition to find potentially liable parties for her alleged damages.

**III.    Plaintiff's Amended Complaint Fails to Allege the Required Elements for Each Cause of Action Against Thyssen Krupp.**

      *A.    Plaintiff Again Fails to State a Cause of Action for Negligent Failure to Warn Because Plaintiff Does Not Identify Any Thyssen Krupp Product Allegedly Used by the Decedent.*

To state a claim for negligent failure to warn, the plaintiff must allege that a **product supplier** (1) had reason to know that the product was dangerous for the use for which it was supplied; (2) had no reason to know that those for whose use the product was supplied would realize its dangerous condition; and (3) failed to exercise reasonable care to inform users of dangers associated with the product's use. Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 135 (1992) (emphasis added). This cause of action requires that the Plaintiff plead which product was allegedly dangerous for its intended use and what **supplier** allegedly had reason to know that such a product was dangerous for its intended use. See id.

A blanket statement that "Elevator Company Defendants' Elevator Asbestos Products were supplied, marketed, distributed, and/or sold ... to the Plaintiff's Decedent" and the Elevator Company Defendants "knew, should have known, and/or had reason to know" that the products were dangerous will not suffice. Such an allegation fails to provide Thyssen Krupp or any other Elevator Company Defendant with any information regarding which asbestos-containing product was allegedly dangerous, which makes asserting any defense virtually impossible.

Plaintiff's Amended Complaint states no facts demonstrating that the decedent was either exposed to a Thyssen Krupp product or that Thyssen Krupp failed to warn the decedent. Accordingly, without providing the identity of **any** product that the decedent allegedly used,

8

**when** he used it, **how** he used it, and **where** he allegedly used it, Plaintiff cannot tie Thyssen Krupp to this cause of action.

Additionally and as a separate basis for dismissal of her negligent failure to warn claim, Plaintiff **again** alleges the **wrong standard for failure to warn.** In its Order, this Court specifically stated that the "correct statement of law is that the defendant or defendants 'had reason to know' of the alleged hazard; not that they 'should have known' of the alleged hazard. See December 30, 2010 Order (citing Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 135 (1992). Plaintiff, however, **again** pleads that the defendants "knew or **should have known**" that the products were defective. See Am. Compl. ¶¶ 67, 73–74.

The Supreme Court of Virginia expressly rejected the "in the exercise of ordinary care, should have known" standard and adopted the more restrictive "had reason to know" standard, see Owens-Corning Fiberglass Corp., 243 Va. at 134–35, and this Court reiterated this ruling in its Order. Nevertheless, Plaintiff again pleads the wrong standard. For that reason, as well, Plaintiff's Amended Complaint must be dismissed.

> B.    *Plaintiff's Amended Complaint Contains No Allegation that Thyssen Krupp Specifically Supplied Any Product to the Decedent, and Plaintiff Cannot State a Claim for Breach of an Implied Warranty.*

To state a cause of action for breach of an implied warranty, Plaintiff must allege (1) that the goods sold were unreasonably dangerous for either the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the *defendant's* hands. Logan v. Montgomery Ward & Co., 216 Va. 425, 428 (1975) (emphasis added).

Plaintiff's Amended Complaint contains no allegation specifically identifying which Elevator Company Defendant caused the decedent to be exposed to "Elevator Asbestos

Products."  The Amended Complaint, just like the original complaint is simply devoid of any

allegation regarding the following:

- To which specific products, if any, the decedent was exposed;

- Where the employer or supplier may have purchased the products.

Because Plaintiff fails to identify which product was allegedly unreasonably dangerous and

which defendant supplied that product to the decedent or decedent's employer, Plaintiff fails to

state a cause of action for breach of implied warranty against Thyssen Krupp.

**IV.     Plaintiff's Amended Complaint Fails to Adequately Plead Punitive Damages
Because Plaintiff Does Not State Any Facts that Establish that Thyssen Krupp
Acted with Actual Malice.**

Plaintiff also fails to state facts sufficient to demonstrate that she is entitled to punitive

damages.  (See Am. Compl. at 37.)  The Supreme Court of Virginia has consistently held that

punitive damages do not arise out of ordinary negligence but only out of willful and wanton

behavior.  See Green v. Ingram, 269 Va. 281, 291–92 (2005); see also Smith v. Litten, 256 Va.

573, 578 (1998) ("Punitive damages may be recovered only where there is misconduct or **actual**

**malice**, or such recklessness or negligence as to evince a conscious disregard of the rights of

others." (emphasis added)).  Plaintiff does not plead any facts against Thyssen Krupp at all, and

certainly none that even remotely establish that Thyssen Krupp acted with actual malice or a

conscious disregard for the rights of others.

Additionally, Plaintiff alleges that the Elevator Company Defendants' "negligent

breaches of their duties were also grossly negligent in that their acts showed such indifference to

others as constitutes an utter disregard of caution amounting to a complete neglect of the safety

of others …."  Am. Compl. ¶ 77.

This allegation misstates the standard Virginia courts use to determine whether an award of punitive damages is appropriate. Accordingly, Plaintiff's punitive damages claims should be dismissed.

## CONCLUSION

In sum, Plaintiff's Amended Complaint fails to conform to the Court's December 30, 2010 Order. It improperly puts the defendants to the burden of defending this case without an adequate factual foundation laid in the pleadings. It fails to provide the following:

- The identity of the specific products to which Plaintiff's decedent was allegedly exposed;

- **When** Plaintiff's decedent was allegedly exposed to them; and

- **Where** Plaintiff's decedent was allegedly exposed to them.

This Court and the Supreme Court of Virginia do not permit such unfair pleadings. <u>See</u> <u>Estate of James</u>, 277 Va. 443 (2009); <u>Ford Motor Company</u>, 273 Va. 242 (2007); December 30, 2010 Order. This Court should dismiss Plaintiff's Amended Complaint in its entirety.

WHEREFORE, Thyssen Krupp prays that this Court dismiss the Complaint with prejudice, enter judgment on behalf of Thyssen Krupp, and award Thyssen Krupp its costs and counsel fees incurred herein pursuant to Virginia Code § 8.01-271.1.

Respectfully submitted this 29th day of March, 2011.

THYSSENKRUPP ELEVATOR CORPORATION, individually, and as successor to DOVER ELEVATOR COMPANY, and DOVER ELEVATOR COMPANY.

11

By: _____
Counsel

Robert F. Redmond, Jr. (VSB No. 32292)
Clement D. Carter (VSB No. 46038)
Lauren M. Wheeling (VSB No. 75559)
Williams Mullen, P.C.
200 South 10th St.
Richmond, VA 23219
Phone:   804.420.6000
Fax:      804.420.6507

12

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

| | |
|---|---|
| BETTIE J. PASCHALL, Executrix of the<br>Estate of EARL WAYNE PASCHALL,<br>deceased,<br><br>      Plaintiff,<br><br>v.<br><br>ABEX CORPORATION, *et al.*<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CL10-1402-1<br>)<br>)<br>)<br>) |

I, the undersigned for Thyssen Krupp Elevator Corporation, individually and as successor to Dover Elevator Company, and Dover Elevator Company hereby certify that I have served counsel for Plaintiff in this action with a copy of *Defendants Thyssen Krupp Elevator Corporation, individually and as successor to Dover Elevator Company, and Dover Elevator Company's Memorandum in Support of Demurrer of Their Demurrer to Plaintiff's Amended Complaint* by United States mail, postage prepaid, and electronic mail, notice of which was delivered by facsimile pursuant to Rule 1:12 of the Rules of Supreme Court of Virginia, to the following address:

**Counsel Served:**

Charles E. Ayers, Jr., Esquire
Mark H. Schmidt, Esquire
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Facsimile: 804-864-0895
ericap@ayerslaw.com
mschmidt@ayerslaw.com
*Counsel for Plaintiff*

**And to Defense Counsel of Record via electronic mail only, notice of which was delivered by facsimile pursuant to Rule 1:12 of the Rules of Supreme Court of Virginia:**

## LIST OF DEFENSE COUNSEL FOR CERTIFICATE OF SERVICE

Robert F. Redmond, Jr., Esquire
Clement D. Carter, Esquire
Lauren M. Wheeling, Esquire
WILLIAMS MULLEN
200 South 10th Street
P.O. Box 1320 (23218-1320)
Richmond, Virginia 23219
Facsimile: 804-420-6507
rredmond@williamsmullen.com
*Counsel for Kone Inc., individually and as
successor to Montgomery Elevator
Company,
and Montgomery Elevator Company*

Carl R. Schwertz, Esquire
MILES & STOCKBRIDGE
1751 Pinnacle Drive
Suite 500
McLean, Virginia 22102
Facsimile: 703-610-8686
cschwertz@milesstockbridge.com
*Counsel for Schindler Elevator
Corporation*

Martin A. Conn
Eric G. Reeves, Esquire
Mary Louise Roberts, Esquire
C. Stinson Mundy, Esquire
MORAN REEVES & CONN
4110 E. Parham Road
Richmond, VA 23228
Facsimile: 804-421-6251
mrc@mrcpclaw.com
*Counsel for United Technologies
Corporation and Otis Elevator Company*

Henry N. Ware, Jr., Esquire
Patricia Bugg Turner, Esquire
M.F. Connell Mullins, Jr.
SPOTTS FAIN
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, Virginia 23218
Facsimile: 804-697-2100
*Counsel for Defendant CBS Corporation*

This 29th day of March, 2011

Robert F. Redmond, Jr., Esquire
Clement D. Carter, Esquire
Lauren M. Wheeling, Esquire
WILLIAMS MULLEN
200 South 10th Street, 16th Floor
P.O. Box 1320 (23218-1320)
Richmond, Virginia 23219
*Counsel for Thyssen Krupp Elevator Corporation,
individually and as successor to Dover Elevator Company,
and Dover Elevator Company*

8217635_2.DOC

VIRGINIA:

Received

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

JAN – 7 2011

BETTIE J. PASCHALL, Executrix of the )
Estate of EARL WAYNE PASCHALL )
)
Plaintiff, )
)
v. )    Case No.: CL10-1402-1
)
ABEX CORPORATION, et al., )
)
Defendants. )

## ORDER

Upon consideration of the Demurrers filed by defendants, Thyssen Krupp Elevator Corporation, individually and as successor to Dover Elevator Company, and Dover Elevator Company (collectively, "Thyssen Krupp"), and Kone Inc. individually and as successor to Montgomery Elevator Company and Montgomery Elevator Company, (collectively "Kone") and the arguments of counsel and the record in this case, it is hereby

ORDERED, ADJUDGED AND DECREED THAT: Thyssen Krupp and Kone's Demurrers are SUSTAINED as follows, with leave to amend.

The Court finds that Plaintiff's Complaint does not state the law correctly as to allegations related to a failure to warn. The correct statement of law is that the defendant or defendants "had reason to know" of the alleged hazard; not that they "should have known" of the alleged hazard. Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 135 (1992)

The Court finds that Plaintiff's Complaint does not allege fraud, whether actual or constructive, with specificity, as required by law.

1

EXHIBIT

A

The Court finds that Plaintiff's Complaint alleges strict liability which is not a doctrine recognized in the Commonwealth of Virginia.

The Plaintiff must identify the specific causes of action being pressed against each specific defendant more specifically. The Plaintiff must also delineate each cause of action by the use of headings.

Plaintiff has 20 days from the date of this Order to file an Amended Complaint. Defendants will then have 12 days to file responsive pleadings.

Entered this 30 day of December, 2010.

THE HONORABLE MELVIN R. HUGHES, JR.

WE ASK FOR THIS

A Copy,
Teste: BEVILL M. DEAN, CLERK
BY: _____ D.C.

Robert F. Redmond, Jr. (VSB No. 32292)
Clement D. Carter (VSB No. 46038)
Lauren M. Wheeling (VSB No. 75559)
Williams Mullen, P.C.
200 South 10th St.
Richmond, VA 23219
Phone:   804.420.6000
Fax:      804.420.6507
Counsel for Thyssen Krupp and Kone

SEEN AND OBJECTED TO

Charles E. Ayers, Jr., Esquire

2

Mark H. Schmidt, Esquire
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
ericap@ayerslaw.com
mschmidt@ayerslaw.com
*Counsel for Plaintiff*
12908986

3

Estate of Earl Wayne Paschall v. Apex, et al.
Excerpt of Proceedings  December 13, 2010

1

VIRGINIA:

    IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

    *****************************************************

ESTATE OF EARL WAYNE PASCHALL

        Plaintiff,

    -vs-.

APEX, et al.,

        Defendants.

    *****************************************************

            EXCERPT OF TRANSCRIPT OF PROCEEDINGS

        BEFORE THE HONORABLE MELVIN R. HUGHES, JR.

                Richmond, Virginia

              Monday, December 13, 2010

                  11:00 a.m.


        Reported by: Lisa A. Mattson, Court Reporter

**EXHIBIT**

tabbies*

*B*
_____

Estate of Earl Wayne Paschall v. Apex, et al.
Excerpt of Proceedings  December 13, 2010

2 (Pages 2 to 4)

**2**

1      EXCERPT OF PROCEEDINGS
2      THE JUDGE:  Well, Counsel, this is
3   interesting.  I don't know.  We may have to do this
4   again.  But at this time I would sustain the
5   demurrer in part.  To the extent there was a failure
6   to warn, even though the plaintiff has alleged
7   actual knowledge, I think to allege alternatively
8   that it's the case that the defendants should have
9   known is not sufficient law.  What should be
10  alleged, if there's a basis, is they have reason to
11  know.
12      As to the fraud claims, if indeed there
13  are fraud claims in Counts I and II, I don't know
14  why they are in a personal injury case, but they're
15  there.  Counsel didn't say they weren't there.
16  Counsel for the defense said they are.  And to the
17  extent they are, I think under the common pleading
18  practice when you alleged fraud, constructive or
19  actual, there has to be some specificity.
20      There was a concession, I believe, on
21  strict liability issue, and the Court will sustain
22  the demurrer as to strict liability.
23      But I worry about otherwise.  You know, in
24  Virginia we recognize in product liability cases
25  general warranting in negligence.  And under our

**3**

1   negligence standards, it's sufficient to -- in a
2   negligent action it's sufficient to allege
3   defendant's negligence proximately caused the
4   injuries.  That's under Rule 3:18b.
5      As I say, we have may have to do this
6   again.  I would ask that the plaintiff -- and I will
7   allow leave to amend -- delineate, identify the
8   specific cause of actions alleged and to allege what
9   cause of actions are being pressed against what
10  defendants more specifically.  That could be by done
11  by headings or whatever.
12      But with respect to alleging parts or
13  replacement parts or add-on parts, I don't know.
14  I'm of two minds on that right now.  At least at
15  this point I will sustain the demurrer on the basis
16  that I've just described.  And I'll allow the
17  plaintiff 20 days to amend.  Defendants will have 12
18  days to respond and responsive pleadings.
19      Mr. Redmond, if you can send me an order,
20  we'll go from there.
21      MR. REDMOND:  Thank you very much.
22      (The hearing concluded at 11:42 a.m.)
23
24
25

**4**

1   COMMONWEALTH OF VIRGINIA AT LARGE, to wit:
2      I, Lisa A. Mattson, Court Reporter, and Notary
3   Public in and for the Commonwealth of Virginia at
4   Large, and whose commission expires April 30, 2013,
5   do certify that the foregoing is a true, correct,
6   and full transcript of the proceedings.
7
8
9      I further certify that I am neither related to
10  nor associated with any counsel or party to this
11  proceeding, nor otherwise interested in the event
12  thereof.
13      Given under my hand and notarial seal at
14  Palmyra, Virginia, this 15th day of December, 2010.
15
16
17      Lisa A. Mattson, Notary Public
18      Commonwealth of Virginia at Large
19      NOTARY REGISTRATION NO: 33541
20
21
22
23
24
25

Reported by: Lisa A.Mattson