# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CIVIL DOCKET FOR CASE #: 1:11-cv-04838-NLH -KMW

ACERBO et al v. A.W. CHESTERTON COMPANY et al
Assigned to: Judge Noel L. Hillman
Referred to: Magistrate Judge Karen M. Williams
Case in other court: Middlesex County Superior Court,
                                MID-L-79-00010
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 08/18/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**JOSEPH ACERBO**                          represented by  **JAMES J. PETTIT**
                                                            LAW OFFICES OF GENE LOCKS,
                                                            PLLC
                                                            457 HADDONFIELD ROAD
                                                            SUITE 500
                                                            CHERRY HILL, NJ 08002
                                                            (856) 663-8200
                                                            Email: jpettit@lockslaw.com
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ELIZABETH ACERBO**                       represented by  **JAMES J. PETTIT**
*husband and wife*                                          (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. CHESTERTON COMPANY**                represented by  **JOSEPH T. HANLON**
                                                            WILSON ELSER MOSKOWITZ
                                                            EDELMAN & DICKER
                                                            33 WASHINGTON STREET
                                                            NEWARK, NJ 07102
                                                            973-624-0800
                                                            Email: hanlonj@wemed.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **SUSAN KARLOVICH**
                                                            WILSON, ELSER, MOSKOWITZ,
                                                            EDELMAN & DICKER, LLP
                                                            33 WASHINGTON STREET
                                                            18TH FLOOR
                                                            NEWARK, NJ 07102-5003
                                                            (973) 624-0800
                                                            Email: karlovichs@wemed.com
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**BRAND INSULATIONS, INC.**          represented by   **ROBERT M. SMOLEN**
SWARTZ, CAMPBELL &
DETWEILER, ESQS.
BLOOM COURT
1300 ROUTE 73
SUITE 101
MT. LAUREL, NJ 08054
(856) 727-4777
Email: rsmolen@swartzcampbell.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DURAMETALLIC**          represented by   **DON CIPOLETTO**
**CORPORATION**          23 VREELAND ROAD
SUITE 220
FLORHAM PARK, NJ 07932
*ATTORNEY TO BE NOTICED*

**JOEL R. CLARK**
MCGIVNEY, KLUGER & GANNON,
PC
23 VREELAND ROAD
SUITE 220
FLORHAM PARK, NJ 07102
(973) 822-1110
*ATTORNEY TO BE NOTICED*

**Defendant**

**FOSTER WHEELER**          represented by   **CHRISTOPHER J. KEALE**
**CORPORATION**          SEDGWICK LLP
THREE GATEWAY CENTER
12TH FLOOR
NEWARK, NJ 07102
(973) 242-0002
Email: christopher.keale@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**GOULDS PUMPS, INC.**          represented by   **STEVEN FREDERIK SATZ**
BUSCH AND BUSCH, LLP
215 NORTH CENTER DR.
P.O. BOX 7448
NORTH BRUNSWICK, NJ 08902
732-821-2300
*ATTORNEY TO BE NOTICED*

**Defendant**

**HOPEMAN BROTHERS INC.**          represented by   **ROBERT M. SMOLEN**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**INGERSOLL RAND COMPANY**        represented by **LISA PASCARELLA**
PEHLIVANIAN BRAATEN &
PASCARELLA L.L.C.
2340 RT. 34
PO BOX 648
MANASQUAN, NJ 08736
732 588-8888
Email: km@pehli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MADSEN AND HOWELL, INC.**        represented by **DON CIPOLETTO**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOEL R. CLARK**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**METROPOLITAN LIFE**        represented by **ROGER V. JONES**
45 N. BROAD ST.
SUITE 501
RIDGEWOOD, NJ 07450
*ATTORNEY TO BE NOTICED*

**Defendant**

**OWENS ILLINOIS**        represented by **JOHN C. GARDE**
MCCARTER & ENGLISH, LLP
FOUR GATEWAY CENTER
100 MULBERRY STREET
PO BOX 652
NEWARK, NJ 07101-0652
(973) 622-4444
Email: jgarde@mccarter.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**WOOLSULATE CORPORATION**        represented by **DAWN DEZII**
MARGOLIS EDELSTEIN
100 CENTURY PARKWAY
MT. LAUREL, NJ 08054
(856)727-6000
Email: ddezii@margoliseldelstein.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOE CORPORATIONS ONE
THROUGH TWENTY (1-20)**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/18/2011 | 1 | NOTICE OF REMOVAL by FOSTER WHEELER CORPORATION from Middlesex County Superior Court, case number MID-L-8979-10. ( Filing fee $ 350 receipt number 0312-3888389) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Affidavit of Thomas Schroppe, # 14 Affidavit of Ben Lehman, # 15 Civil Cover Sheet, # 16 List of known Defendants, # 17 Notice of Filing to Court, # 18 Notice of Filing to Counsel, # 19 Certificate of Service)(bdk, ) (Entered: 08/24/2011) |
| 08/18/2011 | 2 | Corporate Disclosure Statement by FOSTER WHEELER CORPORATION identifying Foster Wheeler AG as Corporate Parent.. (bdk, ) (Entered: 08/24/2011) |
| 08/24/2011 | 3 | Clerk's Letter: Attorney is not admitted to the Federal Bar of New Jersey. (bdk, ) (Entered: 08/24/2011) |
| 08/24/2011 | 4 | NOTICE of Appearance by LISA PASCARELLA on behalf of INGERSOLL RAND COMPANY (PASCARELLA, LISA) (Entered: 08/24/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/25/2011 08:43:38 | | |
| **PACER Login:** | jp0001 | **Client Code:** |  |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-04838-NLH -KMW Start date: 1/1/1970 End date: 8/25/2011 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |



**LOCKS** LAW FIRM, LLC

457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
T 856.663.8200
T 866.LOCKSLAW
F 856.661.8400
www.lockslaw.com

Gene Locks
James J. Pettit††
Michael A. Galpern††
Karl Friedrichs

Steven P. Knowlton
Michael B. Leh
Jonathan W. Miller
Jerry A. Lindheim

Jennifer E. Troast
Franklin Solomon
Pamela A. Lee
Andrew J. Dupont
Stefanie G. Ebert

*Of Counsel:*
Lee S. Goldsmith, M.D., LLB†*
Goldsmith Ctorides & Rodriguez, LLP†*
˙www.goldsmithlegal.com

††CERTIFIED BY THE SUPREME COURT
OF NJ AS A  CIVIL TRIAL ATTORNEY

I 6023223
1|7|11

**Via New Jersey Lawyer Service**

December 29, 2010

Foster-Wheeler Corporation
53 Frontage Road
Clinton, NJ 08809

RE:   Joseph and Elizabeth Acerbo v. A.W. Chesterton Company, et al.
      Docket No.:   MID-L-8979-10

Dear Sir/Madam:

Please be advised that you have been named as a Defendant in the above-captioned case.
I am herewith serving on you the following documents:

- Summons
- Track Assignment Notice
- Case Information Statement
- Complaint and Jury Demand
- Plaintiff's Initial Fact Sheet.

An Answer to this Complaint must be filed within the time specified in the Summons.
Kindly forward same immediately to your insurance carrier in order that an Answer may be filed
on your behalf.  If you fail to file an answer within that period of time, a default judgment may be
entered against you without further notice.

Very truly yours,

LOCKS LAW FIRM LLC

Pamela Welker
Assistant to James J. Pettit

/pw
Enclosures

PHILADELPHIA, PA   NEW YORK, NY   CHERRY HILL, NJ   MEDIA, PA   ENGLEWOOD CLIFFS, NJ

James J Pettit, Esquire
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Ste. 500
Cherry Hill, NJ 08002
(856) 663-8200
(856) 661-8400 (fax)
Attorneys for Plaintiffs

| | |
|---|---|
| JOSEPH ACERBO and ELIZABETH ACERBO, husband and wife <br><br> *Plaintiff*s <br><br> v. <br><br> A.W. CHESTERTON COMPANY; BRAND INSULATIONS, INC.; DURAMETALLIC CORPORATION; FOSTER WHEELER CORPORATION; GOULDS PUMPS, INC.; HOPEMAN BROTHERS INC.; INGERSOLL RAND COMPANY; MADSEN AND HOWELL, INC.; METROPOLITAN LIFE; OWENS ILLINOIS; WOOLSULATE CORPORATION; and JOHN DOE CORPORATIONS ONE THROUGH TWENTY (1-20), <br><br> Defendants | SUPERIOR COURT OF NEW JERSEY LAW DIVISION -MIDDLESEX COUNTY <br><br> DOCKET NO.: MID-L-8979-10 <br><br> CIVIL ACTION ASBESTOS LITIGATION <br><br> **SUMMONS** |

*From The State of New Jersey, To the Defendant(s) Named Above:*

## OWNER, MANAGER OR AUTHORIZED AGENT OF
## FOSTER WHEELER CORPORATION

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court in the amount of $135.00 and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You

must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Service office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: December 29, 2010

/s/ *Jennifer M. Perez*

JENNIFER M. PEREZ, Clerk
Superior Court of New Jersey

Name of Defendant to be Served:

Owner, Manager or Authorized Agent of
**FOSTER WHEELER CORPORATION**

Address of Defendant to be Served:

Foster Wheeler Corporation
53 Frontage Road
Clinton, NJ 08809

**Appendix XII-B1**

| **CIVIL CASE INFORMATION STATEMENT** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| **(CIS)** | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| Use for initial Law Division | CHG/CK NO. |
| Civil Part pleadings (not motions) under Rule 4:5-1 | AMOUNT: |
| **Pleading will be rejected for filing, under Rule 1:5-6(c),** | OVERPAYMENT: |
| **if information above the black bar is not completed or** | |
| **if attorney's signature is not affixed.** | BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| James J. Pettit | (856) 663-8200 | Middlesex |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
|---|---|
| Locks Law Firm LLC | L-8979-10 AS |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 457 Haddonfield Road, Suite 500 | Complaint |
| Cherry Hill, NJ 08002 | JURY DEMAND   ☒ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Joseph Acerbo and Elizabeth Acerbo | Joseph Acerbo vs. A.W. Chesterton Company, et al. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO |
|---|---|
| 601 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?   ☐ YES   ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☒YES   ☐ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN   ☐ NONE   ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☐YES   ☒NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)   ☐ FAMILIAL   ☐ BUSINESS |
|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☒ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

*[stamp: RECEIVED and FILED 2010 DEC -1 A 8:51 LAW DIV MASS TORT MIDDLESEX]*

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐YES   ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|

| WILL AN INTERPRETER BE NEEDED?   ☐YES   ☒ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

ATTORNEY SIGNATURE:

Revised Effective 9/2009, CN 10517

James J. Pettit, Esq.
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856) 663-8200
(856) 661-8400 (fax)
Attorneys for Plaintiffs



| | |
|---|---|
| JOSEPH ACERBO and ELIZABETH ACERBO, husband and wife | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY |
| *Plaintiffs* | DOCKET NO. L- 8979-10 |
| v. | *Civil Action* |
| | *Asbestos Litigation* |
| A.W. CHESTERTON COMPANY; BRAND INSULATIONS, INC.; DURAMETALLIC CORPORATION; FOSTER WHEELER CORPORATION; GOULDS PUMPS, INC.; HOPEMAN BROTHERS INC.; INGERSOLL RAND COMPANY; MADSEN AND HOWELL, INC.; METROPOLITAN LIFE; OWENS ILLINOIS; WOOLSULATE CORPORATION; and JOHN DOE CORPORATIONS ONE THROUGH TWENTY (1-20), | **COMPLAINT, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND, DEMAND FOR ANSWERS TO INTERROGATORIES** |
| *Defendant(s)* | |

1. Plaintiff, **JOSEPH ACERBO**, (hereinafter referred to as "Plaintiff") and **ELIZABETH ACERBO** (hereinafter referred to as "Wife-Plaintiff") are individuals, citizens and residents of Bellmawr, New Jersey, and by way of Complaint say:

2. The Defendants are as follows:

    a.    Defendant **A.W. CHESTERTON COMPANY**, is a corporation organized and existing under the laws of the State of Massachusetts and at all times material hereto, doing business in the State of New Jersey.

    b.    Defendant, **BRAND INSULATIONS INC**. sued in its corporate capacity and as successor by purchase of certain assets of Philip Carey Manufacturing Company, is a

corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois.

c.     Defendant, **DURAMETALLIC CORPORATION**, is a corporation organized and existing under the laws of the State of Michigan and at all times material hereto doing business in the State of New Jersey.

d.     Defendant, **FOSTER WHEELER CORPORATION**, is a corporation organized and existing under the laws of the State of New York with its principal place of business in New Jersey.

e.     Defendant **GOULDS PUMPS, INC.**, is a corporation which at all times material hereto was doing business in the State of New Jersey.

f.     Defendant, **HOPEMAN BROTHERS, INC.,** is a corporation organized and existing under the laws of the State of New Jersey and is a citizen of the State of Virginia with its principal place of business in the State of Virginia and doing business in the State of New Jersey.

g.     Defendant, **INGERSOLL-RAND COMPANY LIMITED,** is a corporation which at all times material hereto was doing business in the State of New Jersey.

h.     Defendant, **MADSEN & HOWELL, INC.,** is a corporation organized and existing under the laws of State of New Jersey and at all times material hereto, doing business in the State of New Jersey.

i.     Defendant, **METROPOLITAN LIFE**, upon information and belief, is a corporation existing under the various laws of the United States and at all times relevant hereto was doing business in the State of New Jersey.

  j.  Defendant, **OWENS-ILLINOIS INCORPORATED**, is a corporation organized and existing under the laws of the state of Ohio and is a citizen of the state of Ohio.

  k.  Defendant, **WOOLSULATE CORPORATION**, is a corporation organized and existing under the laws of the various states of the United States.

3. At all times material hereto, defendants and/or their predecessors conducted and continue to conduct business in the State of New Jersey.

4. At all times material hereto, defendants and/or their predecessors acted through their agents, servants, or employees who were acting within the scope of their employment and on the business of defendants.

5. Defendants who are successor corporations have assumed the assets and liabilities of their predecessor corporations and/or are the continuation of said predecessor corporations.

6. The defendants and/or their predecessors are all corporations, companies or other business entities, who during all times material hereto, and for a long time prior thereto, have been and/or now are engaged, directly or indirectly in the mining, manufacturing, producing, processing, compounding, converting, selling, merchandising, supplying, distributing and/or otherwise placing in the stream of commerce asbestos, material containing asbestos, asbestos products and compounds (hereinafter referred to as "asbestos products").

7. Plaintiff, **JOSEPH ACERBO** was employed at Philadelphia Naval Shipyard and Naval Engineering Center from 1952 until 1975. In the performance of his duties he continually worked with, used, handled and was caused to come in contact with the asbestos products of the defendants and the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products as more particularly described herein and in upcoming discovery.

## COUNT I

8. Plaintiffs hereby incorporate by reference paragraphs One (1) through Seven (7) inclusive, as if the same were hereto set forth at length.

9. At all times material hereto, the asbestos products mined, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce by the defendants which the plaintiff, and others similarly employed, continually worked with, used, handled and was caused to come into contact with and be exposed to were under the exclusive control of the defendants and, accordingly, plaintiff invokes the Doctrine of Exclusive Control and the Doctrine of Res Ipsa Loquitur.

10. At all times material hereto defendants knew or should and/or could have known that their asbestos products, as set forth above, could and/or would be used not only in connection with installation of new insulation in construction, but also for installation of insulation in reconstruction and repair; and that defendants knew or should and/or could have know that such reconstruction and repair could and/or would involve the ripping out of their previously installed asbestos products and that such ripping our would initially cause large quantities of asbestos dust and fibers to be released into the atmosphere of the work area for extended periods of time to be later followed by the additional dust and fibers to be released into the atmosphere of the same work areas upon the application of new asbestos products, resulting from the ordinary and foreseeable use of said asbestos products; all of which defendant knew or should and/or could have known created hazardous and unsafe work areas and risks of the health of plaintiff, and others similarly employed.

11. At all times material hereto, the defendants mined, manufactured, produced, processed, compounded, converted, sold, merchandised, distributed, supplied, and/or otherwise placed in the stream of commerce the said asbestos products, all of which the defendants knew or in the exercise of ordinary care

should and/or could have known, were inherently defective, ultrahazardous, dangerous, deleterious, poisonous and otherwise highly harmful to the plaintiff, and to other persons similarly employed.

12. At all times material hereto, plaintiff did not know of the nature and extent of the danger to his lungs, respiratory system, heart or other bodily parts, including bone and tissue and his general health that would result from his contact with and exposure to the defendants' asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, and at all times material hereto, each of the defendants knew, should have known, or could have reasonably determined that the plaintiff, and other persons similarly employed would be in contact with and be exposed to the defendants' asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products and despite such facts, defendants individually, jointly and severally:

(a) Mined, manufactured, produced, processed, compounded, converted, sold, supplied, merchandised, distributed, and/or otherwise placed in the stream of commerce asbestos products which defendants knew, or in the exercise of ordinary care, should and/or could have known were inherently defective, dangerous, deleterious, ultrahazardous, poisonous and otherwise highly harmful to plaintiff, and to other persons similarly employed.

(b) Failed to take any reasonable precautions or to exercised reasonable care to adequately or sufficiently warn plaintiff, and other persons similarly employed, of the risks, dangers and harm to which he or they were exposed by continuous work with, contact with, use and handling of the defendants' asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(c) Failed and omitted to provided the plaintiff, and other persons similarly employed with the knowledge of reasonably safe and sufficient safeguards, wearing apparel and proper safety equipment and

appliances necessary to protect him and them from being injured, poisoned, disabled, killed, or otherwise harmed, by working with, using handling, coming in contact with, and being exposed to the defendants' asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said products.

(d)  Failed and omitted to place warnings, or adequate and sufficient warnings, on the containers of the said asbestos products regarding the risks, dangers, and harm therefrom and the precautions necessary to make said asbestos products safe for their ordinary and foreseeable use.

(e)  Failed to package the said asbestos products so that in the ordinary and foreseeable use and handling thereof the plaintiff, and other persons similarly employed, would not come into contact with and be exposed to the inhalation of the asbestos dust and fibers from said asbestos products.

(f)  Failed to take reasonable, sufficient and proper precautions reasonably calculated to reach such persons as the plaintiff, and other persons similarly employed, to warn them of the inherently dangerous, deleterious, ultrahazardous, poisonous, and otherwise highly harmful effects of the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of the defendants' asbestos products and to instruct them in the proper and safe use and handling of said asbestos products.

(g)  Failed to take any reasonable, sufficient and proper precautions or to exercise reasonable care to protect the plaintiff, and other persons similarly employed, from harm and danger resulting from working with, using, handling, coming into contact with and being exposed to the defendants' asbestos products and the inhalation of the asbestos dust and fibers from the ordinary and foreseeable use of said asbestos products.

(h)  Failed to adopt and enforce a safe, sufficient and proper plan and method of working with, using, handling, and coming into contact with and being exposed to defendants' asbestos products so that plaintiff, and other persons similarly employed would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(i)  Failed to adequately test their respective asbestos products before offering them for sale and use so that plaintiff, and other persons similarly employed, would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(j)  Failed to render such asbestos products safe or to provide proper and sufficient safeguards for the use and handling thereof so that plaintiff, and other persons similarly employed, would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(k)  Failed to remove and recall said asbestos products from stream of commerce and marketplace upon ascertaining that said asbestos products would cause asbestosis, scarred lungs, respiratory disorders, mesothelioma cancers and other injuries, some or all of which are permanent and may be fatal.

(l)  Failed to advise the plaintiff and others similarly employed who the defendants knew and/or should have and/or could have known had been exposed to long-term inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, to cease all future exposure to the inhalation of all types of other fumes, smoke, dust and fibers, to be examined by a lung specialist to determine the nature and extent of any and all diseases caused by such exposure and inhalation and to receive treatment for such diseases.

(m)  Failed to advise the plaintiff, and others similarly situated, of the progressive nature of the disease process to which all defendants were causing them to be subjected.

(n)  Were otherwise careless and negligent under the law.

(o)  Violated the admiralty and maritime laws of the United States.

WHEREFORE, plaintiffs pray for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus costs of suit, and other and further relief as is just and proper.

## COUNT II

13.  Plaintiffs hereby incorporate by reference paragraphs One (1) through Twelve (12) inclusive, as if same were hereto set forth at length.

14.  Defendants impliedly warranted that the asbestos products which they mined, manufactured, produced, compounded, converted, processed, sold, supplied, merchandised, distributed, and/or otherwise placed in the stream of commerce were reasonably fit for use and safe for their intended purpose.

15.  Defendants breached said warranties to plaintiff in that their said asbestos products were inherently defective, ultrahazardous, dangerous, unfit for use, not properly merchantable, and not safe for their intended ordinary and foreseeable use and purpose.

WHEREFORE, plaintiffs pray for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus the costs of suit, and such other further relief as is just and proper.

## COUNT III

16.  Plaintiffs hereby incorporate by reference paragraphs One (1) through Fifteen (15) inclusive, as if the same were hereto set forth at length.

17.  Defendants knew or in the exercise of reasonable care should and/or could have known that their asbestos products would be sold to the public, including employers of the plaintiff and would be used by the plaintiff, and others similarly employed and would be relied on by such persons to be fit for the use and to accomplish the purpose for which they were mined, manufactured, produced, processed, sold, supplied, distributed and/or otherwise placed in the stream of commerce; and the defendants, because of their positions as miners, manufacturers, producers, processors, sellers, suppliers and distributors are strictly liable to the plaintiff for the following reasons:

(a) Defendants as manufacturer-sellers are engaged in the business, inter alia, of selling asbestos products.

(b) That at the time of the manufacture and sale of the said asbestos products by the defendant to the plaintiff or his employer defendants knew, or had reason to know, that the said asbestos products would be used by plaintiff and other persons similarly employed as the ultimate user or consumer.

(c) That the same asbestos products were sold by the defendants in a defective condition, unreasonably dangerous to the plaintiff, and others similarly employed, as users or consumers and that all throughout the many years of the plaintiff's exposure to and use of the said products, the said asbestos products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold.

(d) That the said asbestos products were defective in that they are incapable of being made safe for their ordinary and intended use and purpose, and said defendants failed to give adequate or sufficient warnings or instructions about the risks, dangers, and harm inherent in said asbestos products.

(e) That the ordinary and foreseeable use of the defendants' asbestos products is an intrinsically dangerous and ultrahazardous activity.

WHEREFORE, plaintiffs pray for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus costs of suit and such other and further relief as is just and proper.

## COUNT IV

18. Plaintiffs hereby incorporate by reference paragraphs One (l) through Seventeen (17) inclusive, as if the same were hereto set forth at length.

19. Defendants, individually, jointly and in conspiracy with each other, and as an industrial group and through trade associations for many decades have been possessed of medical and scientific data which

clearly indicated that the inhalation of asbestos dust and fibers resulting from ordinary and foreseeable use of their asbestos products were unreasonably dangerous, ultrahazardous, deleterious, carcinogenic, and potentially deadly.

20.  The identities of the trade associations through which the defendants acted are the Asbestos Textile Institute (ATI), Asbestos Information Association (AIA), Quebec Asbestos Mining Association (QAMA), National Insulation Manufacturers Association (NIMA), and Thermal Insulation Manufacturers Association (TIMA).

21. Despite the medical and scientific data processed by and available to them, the defendants, acting willfully, maliciously, callously, deliberately, and with wanton disregard for the rights, safety, and position of plaintiff and other persons similarly employed, individually, jointly and in conspiracy with each other, fraudulently and deliberately:

(a) Ignored, withheld and/or actively concealed said medical and scientific data from the public, and particularly the workers such as plaintiff, who were using and being exposed to the defendants' asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of such asbestos products.

(b) Caused to be released, published and/or disseminated data and reports concerning the dangers and/or safety of their asbestos products, which data and reports they knew, should have known, or could have reasonably determined to be incorrect, incomplete, outdated and misleading.

(c)  Failed and refused to provide the public, or workers such as plaintiff who would foreseeably use and/or be exposed to their asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, with any warning as to the risks, dangers and harm that defendants knew, should have known, or could have known to be inherent in the use of and

exposure of people to said asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(d) Deliberately chose to provide patently inadequate and ambiguous warnings and intentionally failed to warn of the known risks and dangers of their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(e) Distorted and/or caused to be misdiagnosed the results of medical examinations conducted upon persons and workers such as plaintiff who were using and handling said asbestos products and being exposed to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(f) Refused and failed to test their asbestos products and/or tested their asbestos products and willfully concealed and/or refused to publish adverse test results, or distorted said adverse test results so that the public and workers such as plaintiff were misled into believing the test results were not adverse.

(g) Relied upon and caused to be disseminated reports, tests, medical and scientific data that they knew, should have known, or could have known to be inadequate, incomplete, outdated and misleading.

22. Defendants, individually, jointly and in conspiracy with each other, participated in the fraudulent scheme described above to keep the plaintiff and others similarly employed in ignorance of their rights by fraudulently concealing the nature and extent of the harm which they have suffered as a result of using and being exposed to the defendants' asbestos products and by fraudulently concealing that this harm was the direct and proximate result of the occupational use and exposure to the defendants' asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products and in fact, said fraudulent scheme did keep the plaintiff and others similarly employed, in ignorance of his and their rights.

23. Defendants, individually, jointly and in conspiracy with each other, intended by the fraudulent misrepresentations and willful omissions as set forth above to induce the plaintiff, and others similarly employed to rely upon said fraudulent misrepresentations and willful omissions, and to continue to expose himself and themselves to the risks and dangers that the defendants knew to be inherent in the use of and exposure to their asbestos products and the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, without warning the plaintiff and others similarly employed, of these risks and dangers, thereby depriving him and them of the opportunity of informed free choice as to whether to continue to use said asbestos products and to expose himself and themselves to these dangers and risks.

24. Defendants, individually, jointly and in conspiracy with each other and through trade associations in which they were members maliciously, willfully, callously, deliberately and wantonly disregarded the rights, safety and position of plaintiff and other persons similarly employed;

(a) Exposed and continued to expose plaintiff and others similarly employed, to the risks and dangers of asbestosis, mesothelioma, scarred lungs, cancer and other illnesses all of which risks and dangers defendants knew, should have known or could have known;

(b) Failed to test and continue to test their asbestos products regarding the risks and dangers to persons who use or were exposed to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(c) Ignored medical and scientific data regarding the risk of asbestosis, scarred lungs, cancer, mesothelioma and other illnesses to workers such as the plaintiff, who used or were exposed to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(d) Sought methods to ignore or defeat workmen's compensation and other claims of workers such as plaintiff who suffered from illnesses or disease from use of or exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(e) Attempted to discredit scientists, doctors, writers and medical literature, who or which indicated, demonstrated, or established a causal relationship between illness and disease from the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(f) Refused to conduct research on the causal relationship between asbestos exposure and illness and disease, because pecuniary motives of profit were followed at the expense of human lives;

(g) Sought to create favorable publicity about the safe nature of their asbestos products for pecuniary motives when they knew of the risks and dangers inherent in their asbestos products;

(h) Failed to seek safe substitute products for their asbestos products because pecuniary motives of profit were followed at the expense of human lives;

(i) Misled the public and workers such as plaintiff who used or were exposed to their asbestos products by indicating that their asbestos products were safe for their ordinary and foreseeable use;

(j) Concealed the existence of tests, data, studies, literature and medical reports, regarding the causal relationship between asbestos exposure and cancer, mesothelioma, scarred lungs, asbestosis, respiratory disorders, and other illnesses and diseases;

(k) Refused to authorize testing and research involving the causal relationship of illness and disease to exposure to the use of and the inhalation of the dust and fibers resulting from the ordinary and foreseeable use of their asbestos products, fearing adverse publicity would affect the highly profitable market of asbestos products sales;

(l)  Chose to rely on inaccurate or insufficient medical or scientific research or data regarding the causal relationship between asbestos products and disease, in order to avoid any possible adverse publicity that would affect the sales of asbestos products;

(m)  Failed to place adequate or proper warnings on their asbestos products fearing that such warnings would adversely affect sales.

25.  Plaintiff reasonably and in good faith relied upon the fraudulent misrepresentations, concealments, and willful omissions made by the defendants, individually, jointly and in conspiracy with each other, regarding the safe nature of their asbestos products, which reliance resulted in illnesses and injuries to plaintiff, the particulars of which will be more fully herein set forth.

WHEREFORE, plaintiffs pray for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus costs of suit, and such other and further relief as is just and proper.

## COUNT V

26.  Plaintiff(s) hereby incorporates by reference paragraphs One (1) through twenty-five (25) inclusive, as if the same were hereto set forth at length.

27.  As a direct and proximate result of the negligence, carelessness, gross negligence, intentional and willful misconduct, breach of warranty, strict liability, fraudulent concealment, conspiracy, misrepresentation and willful omissions of the defendant, Plaintiff, **JOSEPH ACERBO** was caused to contract diseases and injuries to his body system, lungs, respiratory system, heart and damage to various organs of his body, including injury to tissue and bone, the full extent which has not been determined, and including, but not limited to, asbestosis, scarred lungs, respiratory disorders, and the risk of lung cancer, mesothelioma and other cancers, some or all of which may be permanent or fatal.

28. As a direct and proximate result of the aforesaid, plaintiff has undergone great physical pain, mental anguish and shock to his nerves and nervous system and severe anxiety possibly rising to a traumatic neurosis and/or fear of cancer, some or all of which may be permanent or fatal.

29. As a direct and proximate result of the aforesaid, plaintiff has been obliged to spend various sums of money to treat his diseases and injuries and plaintiff may be obligated to continue to do so; plaintiff has sustain a loss of earnings and earning capacity; plaintiff's enjoyment of life has been impaired; his life expectancy shortened; he was embarrassed and humiliated; all to the great loss of plaintiff.

WHEREFORE, plaintiff(s) pray for judgment against the defendants individually, jointly, and severally for compensatory damages, punitive damages, and for costs of suit and such other further relief and is just and proper.

### COUNT VI

30. Wife-plaintiff, **ELIZABETH ACERBO**, hereby incorporates by reference paragraphs One (1) through twenty-nine (29) inclusive, as if the same were hereto set forth at length.

31. As a direct and proximate result of the aforesaid, the wife-plaintiff has been and will be deprived of the society, services, advice, contributions, comfort, support, companionship, and consortium of her husband.

32. As a direct and proximate result of her husband's exposure to defendants' asbestos products, wife-plaintiff is at risk to contract diseases and injuries to her body system, lungs, respiratory system, heart and damage to various organs to her body, including injury to tissue and bone, the full extent of which has not been determined, and including but not limited to asbestosis, scarred lungs, respiratory diseases and the risk of mesothelioma and other cancers, some or all of which may be permanent and/or fatal.

WHEREFORE, plaintiffs pray for judgment against the defendants and each of them individually, jointly and severally for compensatory damages, punitive damages, plus costs of suit and other and further relief as is just and proper.

LOCKS LAW FIRM, LLC

Dated: 12/6/10

BY: _____

James J. Pettit

Designated Trial Counsel, pursuant to Court Rule 4:5-1, shall be James J. Pettit, Esquire.

LOCKS LAW FIRM, LLC

Dated:  12/6/10          BY:  _____

James J. Pettit

Plaintiff demands a trial by jury.

LOCKS LAW FIRM, LLC

Dated:  12/6/10          BY:  _____

James J. Pettit

## ATTORNEY'S CERTIFICATION

I, James J. Pettit, Esquire, hereby certify the following statements to be true to the best of my knowledge:

a.      This action as plead is not presently the subject of any other action or arbitration proceeding.

b.      No other action or arbitration proceeding is contemplated at this time by this counsel, other than possibly claims to be made in later Bankruptcy actions.

c.      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


LOCKS LAW FIRM, LLC

Dated:  12/6/10          BY: _____

                             James J. Pettit

Plaintiff demands that Defendants answer standard interrogatories.  A copy of said forms may be obtained from the Middlesex County Courthouse upon request.

James J Pettit, Esquire
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Ste. 500
Cherry Hill, NJ 08002
(856) 663-8200
(856) 661-8400 (fax)
Attorneys for Plaintiffs

| | |
|---|---|
| JOSEPH ACERBO and ELIZABETH ACERBO, husband and wife | SUPERIOR COURT OF NEW JERSEY LAW DIVISION -MIDDLESEX COUNTY |
| *Plaintiffs* | DOCKET NO.: |
| v. | CIVIL ACTION ASBESTOS LITIGATION |
| A.W. CHESTERTON COMPANY; BRAND INSULATIONS, INC.; DURAMETALLIC CORPORATION; FOSTER WHEELER CORPORATION; GOULDS PUMPS, INC.; HOPEMAN BROTHERS INC.; INGERSOLL RAND COMPANY; MADSEN AND HOWELL, INC.; METROPOLITAN LIFE; OWENS ILLINOIS; WOOLSULATE CORPORATION; and JOHN DOE CORPORATIONS ONE THROUGH TWENTY (1-20), | **PLAINTIFF'S INITIAL FACT SHEET** |
| Defendants | |

1.   Full Name:   **Joseph Acerbo**

2.   Date of Birth: **10/10/1934**

3.   Address:   **229 Lincoln Avenue Bellmawr, NJ 08031**

4.   Union/Local/Years of Membership:  **N/A**

5.   Date of first claimed asbestos exposure:   **1952**

6.   Date of last claimed asbestos exposure:   **mid 1970's**

7.   Smoking History:   **Past smoker**

8. State the inclusive dates of smoking history, the products smoked and the amount of products consumed per day:

    a. Dates: **1952 until 1987**

    b. Products smoked: cigarettes

    c. Amount per day: **One pack per day**

9. Provide as much of the following information as it is presently available: work sites, inclusive dates and trade or occupation for each site.

| WORK SITES | DATES | TRADE/OCCUPATION |
|---|---|---|
| Philadelphia Naval Shipyard | 1952 - 1975 | aircraft instrument mechanic an electrician |

10. State the claimed asbestos related disease; including the date of diagnosis and the name of the diagnosing physician or institution (if available attach a copy of the medical report).

    a. Disease: **asbestosis**

    b. Date of diagnosis: **September 13, 2010**

    c. Doctor/Institution: **Dr. Eric Sztejman, Marlton, NJ**

LOCKS LAW FIRM, LLC

Dated: 12/6/10

By: _____
James J. Pettit
Attorneys for Plaintiffs