

Mar 1 2011
2:30PM

IN THE SUPERIOR COURT

FOR THE COUNTY OF PROVIDENCE

STATE OF RHODE ISLAND

DONALD A. DALEE and      CIVIL ACTION No. PC 2011-0011
COMELLA H. DALEE

VERSUS      JURY TRIAL DEMANDED

AMERICAN STANDARD, INC.,
   individually and as successor to
   The Trane Company, American Blower
   Corporation and Ross Heater &
   Manufacturing Company
ARMSTRONG INTERNATIONAL, INC.
AURORA PUMP COMPANY
BORG-WARNER CORPORATION, individually
   and as successor in interest to BORG
   WARNER MORSE TEC, INC. and BORG-
   WARNER AUTOMOTIVE, INC.
BROWNE & SHARPE, INC.
CARRIER CORPORATION, individually and as
   successor to ELLIOTT TURBOMACHINERY CO, INC.,
   and BRYANT, f/k/a BRYANT HEATER &
   MANUFACTURING CO.
THE COLEMAN COMPANY
CRANE CO., individually and as successor to CHEMPUMP,
   JENKINS BROS., WEINMAN PUMP MANUFACTURING CO.,
   PACIFIC STEEL BOILER CORPORATION, THATCHER
   BOILER, CHAPMAN VALVE COMPANY, DEMING CO.,
   NATIONAL RADIATOR a/k/a National US Radiator and
   COCHRANE CORPORATION
DAP, INC.
FMC CORPORATION, individually and as successor in
   interest to CHICAGO PUMPS, NORTHERN PUMPS,
   PEERLESS PUMPS and LINKBELT
FORD MOTOR COMPANY
GARDNER-DENVER, INC., individually and as successor
   to GARDNER DENVER NASH and THE NASH
   ENGINEERING COMPANY
GEORGIA PACIFIC CORPORATION
GOODRICH CORPORATION f/k/a THE B.F. GOODRICH
   COMPANY

INGERSOLL-RAND COMPANY, individually and as successor to
    VOGT VALVES, ALDRICH PUMPS, TERRY CORPORATION
    OF CONNECTICUT
METROPOLITAN LIFE INSURANCE COMPANY
PACKINGS & INSULATIONS CORPORATION
PNEUMO ABEX CORPORATION, individually and as
    successor to ABEX CORPORATION
SB DECKING, INC., formerly SELBY, BATTERSBY
    & COMPANY
UNION CARBIDE CORPORATION, individually and as successor
    in interest to Amchem and Benjamin Foster
WARREN PUMPS, LLC

## COMPLAINT FOR DAMAGES

The complaint of DONALD A. DALEE and COMELLA H. DALEE respectfully represents:

1.

Each of the defendants named in the caption above has conducted business in the State of Rhode Island and has produced, manufactured, or distributed asbestos and/or asbestos containing products with the reasonable expectation that such products would be used or consumed in this State.

2.

Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

3.

Plaintiffs specifically do not assert herein a claim for relief or cause of action for damages:

(A) Against the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress, Treaties or Constitution of the United States of America.; and/or

(B) Against any Defendant named herein where (1) said Defendant acted under the direction, order, specification, and/or comprehensive and detailed regulation of a federal officer or federal agency in the performance of its contract duties; and (2) there is a causal nexus between said claim or cause of action for damages and the federal officer or federal agency's direction, order, specification, and/or comprehensive and detailed regulation in the performance of the Defendant's contract duties.

4.

The federal courts lack subject matter jurisdiction over this action as there is no federal question and incomplete diversity of citizenship due to the presence of a Rhode Island defendant.

5.

Plaintiff DONALD A. DALEE was exposed to various asbestos containing products beginning in the early-1950's and ending in 1979 through his use of products manufactured, sold or distributed by the named defendants, including but not limited to exposure occurring through his service in the United States Marines from 1956-1958, his employment at Central Foundry, located in Tuscaloosa, Alabama, as well as numerous renovations and repairs he performed upon both his residences and vehicles throughout his lifetime.

6.

As a result of the exposure to asbestos related products of the named defendants, plaintiff contracted asbestos-related mesothelioma and/or other asbestos-related pathologies.

7.

Named defendants, individually, and through their agents, employees, and/or distributors sold these asbestos containing products to plaintiff, plaintiff's employer, and/or others working with these products around plaintiff.

8.

At all times relevant hereto, the asbestos containing products sold by defendants to plaintiff and/or third parties reached the plaintiff without any substantial change in their condition from the time they were sold.

9.

Defendants instructed and intended that asbestos containing products would be used in conjunction with or incorporated in their products so as to render the entire product unsafe for its intended purposes.

10.

Defendants knew or should have known that the asbestos containing products sold by them, incorporated into their products and/or designed for use with their products, were inherently dangerous to those who used, handled or came in contact with said products.

11.

Defendants failed to provide proper, adequate and correct warnings and information about the dangers associated with the use of their products.

12.

Defendants breached their continuing duty to advise and warn plaintiff and others reasonably expected to come into contact with their products as to the dangers inherent in the

unsafe handling and use of asbestos containing products sold by them, incorporated into their products, or intended to be used with their products.

13.

Defendant's actions represent a breach of the duty of reasonable care under the common law of the State of Rhode Island and of their duties to plaintiff under common law of negligence, the Restatements, Torts 2d, Section 402A, and any prior or subsequent applicable Restatement of the law on Torts.

14.

Additionally, in the sale of the asbestos containing products, named defendants breached their warranties of merchantability and implied fitness found in R.I. G.L.§ 6A-2-314 and 315, in that the products were inherently dangerous in the form they left the seller, were not fit for their ordinary purpose and/or were unsafe without directions and warnings as to their anticipated use by plaintiff and any person who may be reasonably expected to use, consume or be affected by the products.

15.

Defendants, individually and as agents of one another, engaged in a conspiracy to injure plaintiff by failing to disclose knowledge they had or intentionally misrepresenting the dangers of exposure to asbestos and asbestos containing products.

16.

As a result of the above acts of negligence, breaches of duties under the common law of negligence, and under the Restatement, Torts 2d, Section 402A, and any prior or subsequent applicable Restatement of the law of Torts, and breaches of the warranties of merchantability

and implied fitness, plaintiff sustained severe, painful and permanent injuries proximately caused by named defendants conduct.

17.

In addition to damages for physical and mental pain and suffering, plaintiff has suffered medical expenses, loss of earning capacity, lost wages, lost future wages, and future medical expenses.

18.

Plaintiffs demand trial by jury on all issues herein.

WHEREFORE, plaintiffs DONALD A. DALEE and COMELLA H. DALEE pray that after due proceedings herein that there be judgment in his favor and against the Named Defendants, jointly and severally, for damages as are reasonable under the premises, including punitive damages, attorney's fees, interest and costs, and for all other general and equitable relief.

New Haven, Connecticut, this 3rd day of January, 2011.

RESPECTFULLY SUBMITTED:

THE PLAINTIFFS

EARLY LUDWICK & SWEENEY, LLC
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
Telephone (203) 777-7799
Telecopier (203) 785-1671

By: _____
Richard P. Bullock, Esq.
R.I. Bar Roll No. 8297