1  JANET L. RICE, WSBA#9386
   SCHROETER GOLDMARK & BENDER
2  500 Central Building
   810 Third Avenue
3  Seattle, Washington  98104
   Telephone:  (260) 622-8000
4  Facsimile:  (206) 682-2305

5

6

7  **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

8  **MDL DOCKET NO. 875**

9  **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

10

11  THIS DOCUMENT RELATES TO:

12  <u>Cain v. Asbestos Corporation Ltd., et al.</u>
    United States District Court
13  Western District of Washington
    Cause No. 2:11-cv-01102
14

15

16  REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A
    SUGGESTION OF REMAND AND TO VACATE
17  CONDITIONAL TRANSFER ORDER OF JULY 7, 2011

18

19  **I.   INTRODUCTION**

20  Plaintiff argues that under 28 U.S.C. Section 1367(c) (4), the Panel should refuse to

21  transfer this case to the MDL.  The "exceptional circumstances" warranting the refusal to transfer

22  the case are the failure of defendant Foster Wheeler to timely remove the case to federal court.

23  Plaintiff filed a motion to remand in the local district court relying on <u>Eyak Native Village, et</u>

24  <u>al. v. Exxon Corp., et al</u>, 25 F.3d 773, 783 (9th Cir. 1994) and explaining that Foster Wheeler's

25  answer filed April 28, 2011 raised the "Government/Employer Contract Specifications"

26

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR A SUGGESTION OF
REMAND AND TO VACATE CONDITIONAL
TRANSFER ORDER OF JULY 7, 2011- 1
760780

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

defense as affirmative defense no. 23. Exhibit D, attached to the Second Declaration of Janet L. Rice in Support of Plaintiff's Motion for a Suggestion of Remand and to Vacate Conditional Transfer Order of July 7, 2011 .The defense asserted that any Foster Wheeler's asbestos containing products used at Puget Sound Naval Shipyard ("PSNS") were manufactured in compliance with government specifications. Exhibit E, p. 3-4, Second Declaration of Janet L. Rice. Plaintiff pointed out that given the allegations in the answer, Foster Wheeler should have filed its notice of removal within 30 days of its answer, at a minimum, and did not need plaintiff to identify certain ships in which asbestos was present in order for Foster Wheeler to ascertain that such defense was available to it. In its response to the motion filed in this court, Foster Wheeler ignores and fails to address the import of its answer to the complaint, the Eyak decision, and the logic of Western Washington District Court Judge Jones' decision in a similar case.

## II. ARGUMENT

**A.    Foster Wheeler's Answer Of April 28, 2011 Started The 30-Day Window In Which The Notice Of Removal Could Be Filed.**

In response to the complaint, Foster Wheeler filed its Answer on April 28, 2011 asserting the government contractor defense.[1] In its response to plaintiff's motion, Foster Wheeler never acknowledges that in its answer it asserted that any asbestos-containing products supplied to the United States Government were made according to government contracts (as stated in the complaint, the employer in this case is also the government). This is the same ground on which Foster Wheeler based its Notice of Removal.

---

[1] Foster Wheeler stated, "23. Defendant's Compliance with Government/Employer Contract specifications:    This defendant's asbestos-containing products were manufactured in compliance with specific mandatory contract specifications promulgated by agencies of the United States of America and/or Plaintiffs' employers.  Any asbestos-containing products supplied by this defendant to the United States of America were supplied pursuant to official governmental procurement contracts, therefore Plaintiffs' claims are barred." Answer and Affirmative Defenses of Defendant Foster Wheeler Energy Corporation to Plaintiff's Complaint, p.3 Exhibit E,, p. 3-4 Second Declaration of Janet L. Rice (emphasis added).

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR A SUGGESTION OF
REMAND AND TO VACATE CONDITIONAL
TRANSFER ORDER OF JULY 7, 2011- 2
760780

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Nor does Foster Wheeler refute the precedential effect of <u>Eyak Native Village, et al. v. Exxon Corp., et al</u>, 25 F.3d 773, 783 (9th Cir. 1994), in which the Ninth Circuit stated that the defendant's answer to the complaint indicated it was aware of grounds for removal of the case and therefore, the notice of removal a year and four months later was untimely. In <u>Eyak</u>, Alyeska argued that it did not intend for its answer to be interpreted as an assertion of the defense on which it later removed the case. *Id.* Regardless, the Ninth Circuit stated that the "plain language" of the answer was "quite broad" and held that the notice of removal was untimely. In this case, Foster Wheeler does not even attempt to argue that its answer refers to anything other than the government contracts defense on which it relies for its removal.

In its response, Foster Wheeler misapplies the analysis of <u>Snowdon v. A.W. Chesterton co., et al.</u>, 366 F. Supp. 2d 157, 162 (D. Maine 2005) (Dkt. #7717, p. 12) which would also support granting the motion to remand in this case. In <u>Snowdon</u>, the court stated that if all of the asbestos-containing products supplied to the shipyard were supplied pursuant to Navy contracts, the assertion of the government contractor defense in the answer would trigger the running of the 30-day period to file a Notice of Removal.[2] In the case here, the location where the deceased was exposed is Puget Sound Naval Shipyard, a government shipyard (unlike Bath Iron Works in the <u>Snowdon</u> case which is a private shipyard that builds private as well as government ships). As a consequence, the only exposure is at a government shipyard where only government ships are built or repaired. Foster Wheeler cannot claim that there was any other potential exposure that would require further discovery to determine whether the

---

[2] "The allegations contained in the second amended complaint are far too general and sweeping to provide a basis for Viacom to reasonably conclude that the deceased was exposed to such a product, <u>unless, of course, all of the asbestos Westinghouse ever supplied to BIW [Bath Iron Works] was supplied pursuant to contracts with the U.S. Navy that specifically called for the use of asbestos. Presumably, any contractor falling into this category would be quick to proclaim the fact.</u>" 366 F. Supp. 2d at 162 (emphasis added).

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR A SUGGESTION OF
REMAND AND TO VACATE CONDITIONAL
TRANSFER ORDER OF JULY 7, 2011- 3
760780

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1  government contract defense applied.  Foster Wheeler also ignores the language in Judge
2  Jones' decision in the <u>Bouchard</u> case finding that the answer asserting the government
3  contractor defense starts the running of the 30-day period in which to file the notice of
4  removal.  Exhibit F, Second Declaration of Janet L. Rice.

5      Ignoring plaintiff's arguments, Foster Wheeler argues it did not know it could assert the
6  government contractor defense because the complaint did not state "the kinds of products or
7  equipment the decedent handled or worked around, nor did plaintiff identify any manufacturers
8  of those products or equipment."   Foster Wheeler's Memorandum of Law, p. 3 and 11.  (Dkt.
9  #7717)  Foster Wheeler fails to point out that the plaintiff asserted that the deceased was
10 exposed to "asbestos and asbestos-containing products manufactured and/or sold by
11 defendants".  Amended Supplemental Complaint for Personal Injury and Wrongful Death, p. 2,
12 line 3.  (Dkt. #7584-4, p. 3).  In response, Foster Wheeler stated, "This defendant's asbestos-
13 containing products were manufactured in compliance with specific mandatory contract
14 specifications promulgated by agencies of the United States of America and/or Plaintiffs'
15 employers."  Exhibit E, p. 3, Second Declaration of Janet L. Rice.  Thus, Foster Wheeler was
16 aware that plaintiff was claiming exposure to <u>asbestos-containing products</u> and Foster Wheeler
17 asserted in reply that its <u>asbestos-containing products provided to the United States</u> were
18 manufactured pursuant to government contracts.

19     Foster Wheeler also states that it was not aware of the government contractor defense
20 because the Complaint "failed to establish whether the decedent worked aboard Navy ships or
21 on the grounds of the shipyard and made no mention of the decedent's specific duties and
22 responsibilities at PSNS."  (Dkt. #7717, p. 3).  The Complaint made it clear that Gerald Cain
23 worked at PSNS (as did his father). (Dkt. #7584-4, p. 2-3).  Foster Wheeler acknowledges that
24 the Complaint says this by asserting that Foster Wheeler's asbestos-containing products

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR A SUGGESTION OF
REMAND AND TO VACATE CONDITIONAL
TRANSFER ORDER OF JULY 7, 2011- 4
760780

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

supplied to the government were manufactured according to government contracts. Whether Mr. Cain worked on the grounds or on ships at the shipyard, it is irrelevant, as is Mr. Cain's duties and responsibilities. The Complaint does state that Mr. Cain worked as a lagger. (Dkt. #7584-4, p. 2). . Even if Foster Wheeler was unaware of the work of a lagger, the fact that Mr. Cain worked at Puget Sound Naval Shipyard and his employer was the U.S. Government put Foster Wheeler on notice that any product to which Mr. Cain was exposed was supplied to the U.S. Government pursuant to a government contract.

### III.     CONCLUSION

The Court should grant the motion to remand on the basis that the removal was untimely. Pursuant to 28 U.S.C. Section 1367(c) (4), the exceptional circumstances of Foster Wheeler's failure to timely file the Notice of Removal justify not transferring this case to the MDL-875 transferee court.

DATED this 25th day of August, 2011.

*s/ Janet L. Rice*
JANET L. RICE, WSBA #9386
Counsel for Plaintiff
SCHROETER, GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA  98104
Phone:  (206) 622-8000
Fax:  (206) 682-2305
Email:  rice@sgb-law.com

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR A SUGGESTION OF
REMAND AND TO VACATE CONDITIONAL
TRANSFER ORDER OF JULY 7, 2011- 5
760780

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on **August 25, 2011**, I electronically filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS FOR A SUGGESTION OF REMAND AND TO VACATE CONDTIONAL TRANSFER ORDER OF JULY 7, 2011** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Counsel for **Asbestos Corp., Ltd.**<br>Mark Tuvim/Kevin Craig<br>GORDON & REES<br>701 Fifth Avenue, Suite 2130<br>Seattle, WA 98104<br>mtuvim@gordonrees.com | Counsel for **General Electric; CBS Corp.**<br>Christopher Marks<br>SEDGWICK LLP<br>520 Pike Tower, Suite 2200<br>Seattle, WA 98101<br>chris.marks@sedgwicklaw.com |
| Counsel for **Foster-Wheeler Energy Corp**<br>Dirk Bernhardt<br>MURRAY, DUNHAM & MURRAY<br>200 West Thomas, Suite 350<br>Seattle, WA 98119<br>Email: dirk@murraydunham.com | Counsel for **Metropolitan Life Insurance**<br>Richard Gawlowski<br>WILSON, SMITH, COCHRAN & DICKERSON<br>1215 Fourth Avenue, Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com |
| Counsel for **Saberhagen Holdings, Inc**.<br>Timothy Thorson/Neal Philip<br>CARNEY, BADLEY & SPELLMAN<br>701 Fifth Avenue, Suite 3600<br>Seattle, Washington 98104-7010<br> (206)622-8020; Fax  (206) 467-8215<br>thorson@carneylaw.com | Counsel for **Uniroyal, Inc.**<br>Chris Youtz<br>SIRIANNI YOUTZ & SPOONEMORE<br>999 Third Avenue, Suite 3650<br>Seattle, Washington 98104<br> (206) 223-0303; Fax (206) 223-0246<br>chris@sylaw.com |

SCHROETER, GOLDMARK & BENDER

/s/*Janet L. Rice*
Janet L. Rice
Counsel for Plaintiff
810 Third Avenue, Suite 500
Seattle, Washington 98104
(206) 622-8000
(206) 682-2305
rice@sgb-law.com

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A SUGGESTION OF REMAND AND TO VACATE CONDITIONAL TRANSFER ORDER OF JULY 7, 2011- 6
760780

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305