# EXHIBIT D

Honorable James P. Donohue

JANET L. RICE WSBA #9386
WILLIAM RUTZICK WSBA# 11533
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 622 8000
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARON Y. CAIN, individually and as Personal Representative of the Estate of GERALD ERNEST CAIN, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>ASBESTOS CORP., LTD., et al.,<br><br>Defendants. | No. 2:11-cv-01102JPD<br><br>PLAINTIFF'S MOTION TO REMAND. |

PLAINTIFF'S MOTION TO REMAND
(Case No. 2:11-cv-01102JPD)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## I. INTRODUCTION

Defendant Foster Wheeler Energy Corporation's (hereafter "Foster Wheeler") Notice of Removal, was filed months after defendant's receipt of plaintiff's Complaint. The Complaint put Foster Wheeler on notice that the case was removable. Foster Wheeler's Notice of Removal is thus untimely pursuant to 28 U.S.C. §1446(b), and this case should be remanded.

Furthermore, defendant does not meet the requirements for "federal officer" jurisdiction set out in <u>Mesa v. California</u>, 489 U.S. 121 (1989). In <u>Prewett v. Goulds Pumps</u>, 2009 WL 2959877 (W.D. Wash.), Judge Martinez granted a similar motion to remand brought against Foster Wheeler.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff filed her complaint in this case on April 5, 2011. Declaration of Janet L. Rice in Support of Motion to Remand. The complaint was served on Foster Wheeler on April 13, 2011. Exhibit A, Rice Declaration. In the complaint, plaintiff stated that the deceased Gerald Cain worked as a lagger at Puget Sound Naval Shipyard (hereafter "PSNS") from 1959 to 1991. Exhibit B, pp. 1-2, Rice Declaration. In addition, the Complaint stated that Mr. Cain's father, Harold Cain, also worked at PSNS from 1936 to 1955 when Gerald Cain lived in the family home. <u>Id.</u> Plaintiff alleged that as a result of this combined exposure, Gerald Cain developed the asbestos related disease of mesothelioma from which he died on July 3, 2010. <u>Id.</u>, p. 2.

In response to the complaint, Foster Wheeler filed its Answer on April 28, 2011. In the Answer, Foster Wheeler stated:

> 23. <u>Defendant's Compliance with Government/Employer Contract specifications</u>:   This   defendant's   asbestos-containing   products   were

PLAINTIFFS' MOTION TO REMAND - 1
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

manufactured in compliance with specific mandatory contract specifications promulgated by agencies of the United States of America and/or Plaintiffs' employers. Any asbestos-containing products supplied by this defendant to the United States of America were supplied pursuant to official governmental procurement contracts, therefore Plaintiffs' claims are barred

Exhibit C, p. 3, Rice Declaration.

### III.  ARGUMENT

**A.   Defendant's Removal Was Untimely Under 28 U.S.C. § 1446(b).**

28 U.S.C § 1446(b) requires a notice of removal be filed within thirty days of receipt of the initial pleading by the defendant:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…

The Ninth Circuit explained the interplay between the various sections of 1446(b) in *Durham v. Lockheed Martin Corp, et al.*, 445 F.3d 1247, 1250 (9th Cir. 2006):

> After a defendant learns that an action is removable, he has thirty days to remove the case to federal court. *See* 28 U.S.C. § 1446(b). We held in *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689 (9th Cir. 2005), that "the 'thirty day time period [for removal] ... starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." Id. at 690-91 (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)) (alterations in original). Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives "a copy of an amended pleading, motion, order <u>or other paper</u>" from which <u>it can determine that the case is removable</u>. 28 U.S.C. § 1446(b). (Emphasis added.)

A crucial question in this motion is thus when did defendant first receive a "paper" in this case from which it could determine that this case was removable. Defendant argues that it did not have notice that the case was removable until June 6, 2011, when plaintiff served answers to interrogatories stating that the "decedent Gerald Ernest Cain, was injured as a result of exposure to asbestos while employed as an insulator at Puget Sound Naval Shipyard

PLAINTIFFS' MOTION TO REMAND - 2
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

from 1959 to 1979, and while working on, among other ships, the USS Kitty Hawk." (Dkt. #1, p.2).  However, Foster Wheeler's answer three months earlier stated as the basis for its affirmative government contractor defense that "This defendant's asbestos-containing products were manufactured in compliance with specific mandatory contract specifications promulgated by agencies of the United States of America and/or Plaintiffs' employers." The "employers" in this case are solely the United States of America, the owner of PSNS, as stated in the complaint.  Thus the defense asserts that Foster Wheeler manufactured its asbestos-containing products in compliance with specifications of the U.S. government. Since that defense applies to all of the asbestos-containing products of Foster Wheeler, to which Gerald Cain was exposed at PSNS, that defense did not require plaintiffs to identify specific ships in which asbestos was present in order for defendant to ascertain that such defense was available to it.  Therefore, plaintiffs' complaint served on April 28, 2011 stating that the asbestos exposure at PSNS caused Gerald Cain's mesothelioma put Foster Wheeler on notice of the removability of the case and started the thirty day time limit for removing the case.  Foster Wheeler's July 5, 2011 Notice of Removal was well beyond the applicable 30-day timeframe.

Ninth Circuit precedent supports the use of Foster Wheeler's Answer claiming the government contractor defense in determining whether removal is timely.  For example, in *Eyak Native Village, et al. v. Exxon Corp., et al*, 25 F.3d 773, 783 (9th Cir. 1994), the Ninth Circuit held:

> Further evidence that Alyeska was aware of the nature of the plaintiffs' claims is Alyeska's assertion of a federal preemption defense in its answer filed October 29, 1990, in which Alyeska stated, "certain claims of plaintiff are barred or limited by the comprehensive system of federal statutes and regulations and by maritime and admiralty law." Appellees contend that the defense did not refer to the PWSA and was not asserted to rebut a claim that

PLAINTIFFS' MOTION TO REMAND - 3
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

the Alyeska defendants negligently caused the spill by failing to implement the measures at issue in *Chevron*. Rather, the answer was intended to preserve the defense that some of plaintiffs' claims related to the alleged negligence in the clean up were preempted by the TAPAA. However, the plain language of paragraph 13 of the answer is quite broad, and separate affirmative defenses asserted in the answer refer to TAPAA. Although the defense of preemption does not support removal, <u>the answer indicates that Alyeska was aware at that time</u> of the nature of the plaintiffs' claims and their possible connection to *Chevron v. Hammond*. (Emphasis added.)

The applicability of the answer is even clearer here than in <u>Eyak</u> because Foster Wheeler was asserting that its asbestos containing products were in compliance with mandatory government contract specifications which gives rise to a federal officer basis for removal pursuant to 28 U.S.C. §§ 1442 and 1446.

Moreover, defendant's answer here fits precisely within the hypothetical presented in *Snowdon v. A.W. Chesterton Co., et al.*, 366 F. Supp. 2d 157, (D. Maine 2005). The court there held:

> Snowdon makes much of the fact that Viacom raised the <u>possibility</u> of a federal contractor defense among <u>other affirmative defenses</u> set forth in its answer to the second amended complaint. According to Snowdon, if Viacom could foresee the possible applicability of this defense, it must have also been on notice that the case was removable. I do not find this argument so compelling. In order to assert sufficient facts to support a removal notice that is premised on the government contractor defense, Viacom <u>needed</u> some <u>information</u> tending to establish that the decedent's exposure to asbestos related to a Westinghouse product procured by the government pursuant to a contract that specifically called for the use of asbestos as a component. The allegations contained in the second amended complaint <u>are far too general</u> and sweeping to provide a basis for Viacom to reasonably conclude that the deceased was exposed to such a product, <u>unless, of course,</u> all of the asbestos Westinghouse ever supplied to BIW <u>was supplied pursuant to contracts with the U.S. Navy that specifically called for the use of asbestos</u>. Presumably, any contractor falling into this category would be <u>quick to proclaim</u> the fact. There is <u>no suggestion</u> that Viacom or Westinghouse met this criterion.

(Emphasis added.) The link that was missing in *Snowdon* is present here because of Foster Wheeler's Answer that the asbestos exposure from its products at PSNS were in compliance

PLAINTIFFS' MOTION TO REMAND - 4
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

with mandatory government contract specifications, and plaintiff had informed Foster Wheeler that she claimed such asbestos exposure at PSNS, a federal naval shipyard. It might be a different conclusion if the exposure was alleged to occur at more than one site which did not include a federal naval shipyard. However, here the only site of exposure is a federal naval shipyard. Such an allegation in the complaint is clear notice to Foster Wheeler that the case was removable on the basis that Foster Wheeler "was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(a)." Dkt. #1, p. 3.

In a similar case, Judge Jones of this court granted the motion for remand based on untimely removal of the case when the defendant asserted a similar affirmative defense in response to a complaint for exposure to asbestos. Bouchard v. CBS Corporation, No. C11-458RAJ. Exhibit D, Rice Declaration. In Bouchard, Judge Jones held that receipt of the complaint started the thirty day time period to remove the asbestos related case.[1]

> ...Lockheed could not have legitimately asserted a government contractor defense in September 2010 without some belief that the liability at issue in this case related to work conducted pursuant to federal contract. Because it asserted the government contractor defense before learning of the February 2011 deposition testimony, that deposition testimony was not necessary to Lockheed's understanding of the potential for claims based on work performed pursuant to federal contracts. See Eyak Native Village v. Exxon Corp., 25 F.3d 773, 783 (9th Cir. 1994) (finding that a defense raised in a defendant's Answer demonstrated awareness of the nature of plaintiff's claims and their removability). Thus, the case was removable on September 29, 2010, at the latest, and thus Lockheed's March 16, 2011 Notice of Removal was filed after the 30-day removability window under 28 U.S.C. § 1466(b)....

---

[1] The case was transferred to the Eastern District of Pennsylvania pursuant to a transfer order of the Joint Panel on Multi-District Litigation the day before Judge Jones' order was filed. As a consequence, a motion to remand based on the same grounds is pending before Judge Robreno in Pennsylvania.

PLAINTIFFS' MOTION TO REMAND - 5
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

### B. Defendant Does Not Qualify For Removal Based On Federal Officer Jurisdiction.

Although plaintiff's principal basis for her motion to remand is the untimeliness of the notice of removal, the plaintiff also asserts that Foster Wheeler cannot meet the threshold for removal on the basis of federal officer jurisdiction. In Prewett, supra, Judge Martinez found that Foster Wheeler could not produce evidence of a "colorable defense" under Boyle v. United Technologies Corp., 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). Exhibit E, pp. 5-6, Rice Declaration.

### IV.  CONCLUSION

For the foregoing reasons, plaintiff's Motion To Remand should be granted and this case should be remanded to King County Superior Court.

DATED this 21th day of July, 2011.

s/ Janet L. Rice
JANET L. RICE, WSBA #9386
Counsel for Plaintiff
SCHROETER, GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 622-8000
Fax: (206) 682-2305
Email: rice@sgb-law.com

PLAINTIFFS' MOTION TO REMAND - 6
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## CERTIFICATE OF SERVICE

I hereby certify that on **July 21, 2011**, I electronically filed the foregoing **PLAINTIFFS' MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Counsel for **Asbestos Corp., Ltd.**<br>Mark Tuvim<br>Kevin Craig<br>GORDON & REES<br>701 Fifth Avenue, Suite 2130<br>Seattle, WA 98104<br>mtuvim@gordonrees.com | Counsel for **General Electric; CBS Corporation**<br>Christopher Marks<br>Sedgwick LLP<br>520 Pike Tower, Suite 2200<br>Seattle, WA 98101<br>chris.marks@sedgwicklaw.com |
|---|---|
| Counsel for **Foster-Wheeler Energy Corp**<br>Dirk Bernhardt<br>MURRAY, DUNHAM & MURRAY<br>200 West Thomas, Suite 350<br>Seattle, WA 98119<br>Email: dirk@murraydunham.com | Counsel for **Metropolitan Life Insurance**<br>Richard Gawlowski<br>WILSON, SMITH, COCHRAN & DICKERSON<br>1215 Fourth Avenue, Suite 1700<br>Seattle, Washington 98161-1007<br>gawlowski@wscd.com |
| Counsel for **Saberhagen Holdings, Inc.**<br>Timothy Thorson/Neal Philip<br>CARNEY, BADLEY & SPELLMAN<br>701 Fifth Avenue, Suite 3600<br>Seattle, Washington 98104-7010<br>(206)622-8020; Fax (206) 467-8215<br>thorson@carneylaw.com | Counsel for **Uniroyal, Inc.**<br>Chris Youtz<br>SIRIANNI YOUTZ & SPOONEMORE<br>999 Third Avenue, Suite 3650<br>Seattle, Washington 98104<br>(206) 223-0303; Fax (206) 223-0246<br>chris@sylaw.com |

PLAINTIFFS' MOTION TO REMAND - 7
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

SCHROETER, GOLDMARK & BENDER

/s/ *Janet L. Rice*
Janet L. Rice
Counsel for Plaintiff
810 Third Avenue, Suite 500
Seattle, Washington 98104
(206) 622-8000
(206) 682-2305
E-mail: rice@sgb-law.com

PLAINTIFFS' MOTION TO REMAND - 8
(Case No. 2:11-cv-00458)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305