**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION**<br><br>PATTI DONLON, et al.,<br>        Plaintiff,<br>   v.<br>AC AND S, INC.; et al.,<br>        Defendants. | **MDL DOCKET NO. 875**<br><br><br>Transferor Court:<br>N.D.Cal.-CAN/ 3:11-cv-03376-JSW |

**DEFENDANT UNITED TECHNOLOGIES CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 424**

**I.     INTRODUCTION**

      Plaintiffs Patti Donlon and Sean Donlon move to vacate Conditional Transfer Order ("CTO") No. 424 on the ground that plaintiffs have a motion for remand pending before the Northern District of California.  In support of their motion to vacate the CTO, plaintiffs essentially submit their motion for remand which is presently pending in the transferor court.  This Panel has repeatedly rejected the pendency of pretrial motions, including remand motions, in the transferor court as sufficient ground for vacating its conditional transfer orders.  Title 28, section 1407 of the United States Code ("Section 1407") does not empower the Panel to decide questions going to the jurisdiction or merits of a case, including issues relating to a motion to remand.  In fact, the transferee court is better situated to decide plaintiffs' motion to remand to achieve the uniformity, consistency, and predictability envisioned by MDL Order 875.  Plaintiffs have not provided any basis for vacating or staying the CTO and delaying the proper transfer of this case to the MDL.  Accordingly, plaintiffs' motion to vacate CTO 424 should be denied.

///

///

///

## II. ARGUMENT

### A. Pending Motions for Remand is Not a Basis for Vacating a Conditional Transfer Order

Plaintiffs' contention that transfer of this case to the MDL is "not ripe for adjudication because Plaintiffs have timely filed a motion to remand" is incorrect. The Panel has consistently ruled that transfer under Section 1407 is not premature because of a party's desire to challenge the jurisdiction of the federal courts. *In re Practice of Naturopathy Litigation*, 434 F.Supp. 1240, 1243 (JPML 1977). "Indeed, presentation of these matters to a single judge will further the purposes of Section 1407." *Id*. "The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings." *In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352, 1354 (JMPL 2005). "[T]hose courts wishing to address such motions have adequate time in which to do so, [and] those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay." *In re Asbestos Products. Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349, n. 1 (JPML 2001). Thus, there is no need to delay transfer in order to accommodate a plaintiff's motion to remand. *Id*.

Plaintiffs' essentially re-filing of their motion to remand in the guise of a motion to vacate the CTO is improper, as such jurisdictional arguments are not within the permissible scope of the Panel's consideration. "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or merits of a case, including issues relating to a motion to remand." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re: Air Crash Disaster at Florida Everglades on Dec. 29, 1972*, 368 F.Supp. 812, 813, n.1 (JPML 1973). "The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation. That issue, however, involves common questions of law and fact, . . . and there are real economies in transferring such cases to [the MDL]." *Id*. "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the

2
UNITED TECHNOLOGIES CORPORATION'S
OPPOSITION TO PLAINTIFFS' MOTION TO
VACATE CTO-424
SFOiManage\074908.000690\231091.1-JKS

appellate level in due course.  Consistency as well as economy is thus served."  *Id*.

Subject matter jurisdiction is not at issue here, and the Panel should not consider the merits of plaintiffs' motion to remand.  The only relevant issue is whether this case involves common questions of fact with actions previously transferred to the Eastern District of Pennsylvania for inclusion in the MDL, which plaintiff do not deny.  Accordingly, plaintiffs' motion to vacate the CTO should be denied.

> **B.   Plaintiffs' Motion for Remand Misstates and Misapplies the Law and Resolution of Plaintiffs' Motion by the Transferee Court is Necessary to Achieve Uniformity, Consistency, and Predictability**

United Technologies Corporation ("UTC") opposes plaintiffs' motion for remand but does not re-argue its opposition here, as the jurisdictional issue is not properly before the Panel.  However, UTC notes the legally erroneous arguments asserted by plaintiffs' in their motion for remand (and repeated in their motion to vacate the CTO) only to emphasize the importance of having the transferee court rule on the motion for remand.  Plaintiffs' arguments have been raised by countless other plaintiffs before them and have been rejected by the Eastern District of Pennsylvania as contrary to the law applicable to federal officer removal jurisdiction.  Deference to the transferee court is crucial to guarantee uniformity, consistency, and predictability on these identical issues.

The achievement of uniformity, consistency, and predictability is so important that "[t]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel.  *Jackson ex rel. Jackson v. Johnson & Johnson, Inc.*, 2001 WL 34048067, *6 (W.D.Tenn. 2001); *North v. Merck & Co., Inc.*, 2005 WL 2921638, *1 (W.D.N.Y. 2005).  The pending motion to remand is within the jurisdiction of the MDL and, in fact, staying or vacating the CTO for the purpose of allowing the transferor court to rule on the motion would undermine MDL Order No. 875, "which indicates that *all* 'pretrial' proceedings should be coordinated or consolidated by the transferee court."  *Fung v. Abex Corp.*, 816 F.Supp. 569, 573 (N.D.Cal. 1992) (emphasis added).

Plaintiffs have not demonstrated any basis for vacating the CTO and disrupting the proper transfer of this case to the Eastern District of Pennsylvania for inclusion in the MDL. Absent evidence that this case is does not involve common questions of fact with actions previously transferred to the MDL, plaintiffs' motion to vacate the CTO must be denied. As stated in the Panel's original decision ordering centralization of all pending federal asbestos cases, transfer of this action for inclusion in the MDL will serve the convenience of the parties and witnesses and promote the just and efficient conduct of litigation, and distinctions based on pendency of motions before the transferor court have already been considered and rejected as grounds for carving out exceptions to transfer to the MDL. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (JPML 1991). There is no basis to vacate the CTO in this case.

### III. CONCLUSION

Vacating the conditional transfer order is unwarranted. Common questions of fact exist between plaintiffs' asbestos-related wrongful death case and those cases previously transferred to MDL 875. Nothing distinguishes this case from those actions previously transferred, which plaintiffs do not dispute. As repeatedly determined by the Panel under conditions almost identical to those presented here, tag-along consolidation with MDL No. 875 serves the convenience of the parties and witnesses, and promotes the just and efficient conduct of the litigation. Plaintiffs' pending remand motion does not warrant vacating the CTO. For the foregoing reasons, UTC respectfully requests that the Panel deny plaintiffs' motion to vacate or stay CTO 424.

DATED: August 30, 2011       RESPECTFULLY SUBMITTED,

By: */s/ John K. Son*
    John K. Son
    TUCKER ELLIS & WEST LLP
    515 South Flower Street
    42nd Floor
    Los Angeles, CA 90071
    Telephone: 213.430.3400
    Facsimile: 213.430.3409
    john.son@tuckerellis.com
    Attorneys for Defendant
    **UNITED TECHNOLOGIES CORPORATION**

## CERTIFICATE OF SERVICE

On August 30, 2011, I electronically filed this document through the CM/ECF system. The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the United States Judicial Panel on Multidistrict Litigation who have consented to electronic service shall constitute service of the filed document to all such parties.  Parties who have not consented to electronic service are entitled to receive a paper copy of any electronically filed pleading or other document.  Any such parties will be served by regular mail.

By: */s/ John K. Son*
John K. Son
TUCKER ELLIS & WEST LLP
515 South Flower Street
42nd Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409
john.son@tuckerellis.com
Attorneys for Defendant
**UNITED TECHNOLOGIES CORPORATION**