1

2

3    Ronald A. McIntire, Bar No. 127407
     RMcIntire@perkinscoie.com
4    Bo W. Kim, Bar No. 217394
     BKim@perkinscoie.com
5    **PERKINS COIE LLP**
     1888 Century Park East, Suite 1700
6    Los Angeles, CA  90067-1721
     Telephone: 310.788.9900
7    Facsimile: 310.843.1284

8    Attorneys for Defendant
     THE BOEING COMPANY
9

10

11                    **UNITED STATES DISTRICT COURT**

12                **FOR NORTHERN DISTRICT OF CALIFORNIA**

13              **BEFORE THE JUDICIAL PANEL ON
                    MULTIDISTRICT LITIGATION**
14

15   IN RE: ASBESTOS PRODUCTS              MDL Case No. 875
     LIABILITY LITIGATION
16

17   PATTI DONLON, Individually and as     N. D. Cal. Case No. CV 11 3376
     Successor-in-Interest to the Estate of
18   PATRICK THEISEN DONLON,               **DEFENDANT THE BOEING COMPANY'S**
     Decedent, SEAN DONLON; and DOES       **OPPOSITION TO PLAINTIFFS' MOTION**
19   ONE through TEN, inclusive,           **TO VACATE CONDITIONAL TRANSFER
                                           ORDER**
20                    Plaintiffs,
                                           **ATTACHMENT 1 – DECLARATION OF**
21           v.                            **BO W. KIM**

22   AC AND S, INC., et al.,

23                    Defendants.
                                           Panel Hearing Date:        September 27, 2011
24

25

26

27

28

ATTACHMENT TO BOEING'S OPPOSITION TO
                                                              PLAINTIFFS' MOTION TO VACATE CTO

1   Ronald A. McIntire, Bar No. 127407
2   RMcIntire@perkinscoie.com
    Bo W. Kim, Bar No. 217394
3   BKim@perkinscoie.com
    Hillary O. Mueri, Bar No. 272713
4   HMueri@perkinscoie.com
5   **PERKINS COIE LLP**
    1888 Century Park East, Suite 1700
6   Los Angeles, CA 90067-1721
    Telephone: 310.788.9900
7   Facsimile: 310.788.3399

8
    Attorneys for Defendant
9   The Boeing Company

10              **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12

13  PATTI DONLON, Individually and as          Case No. CV 11 3376
    Successor-in-Interest to the Estate of
14  PATRICK THEISEN DONLON,                    **DECLARATION OF BO W. KIM IN
    Decedent; SEAN DONLON; and DOES            SUPPORT OF DEFENDANT THE
15  ONE through TEN, inclusive,                BOEING COMPANY'S JOINDER IN
                                               DEFENDANT UNITED
16                    Plaintiff,               TECHNOLOGIES CORPORATION'S
                                               NOTICE OF REMOVAL OF ACTION
17         v.                                  UNDER 28 U.S.C. 1442(a)(1)**

18  AC AND S, INC., et al.,

19                    Defendant.

20

21

22

23

24

25

26

27

28

I, Bo W. Kim, declare as follows:

1.   I am an attorney at law duly licensed to practice before the courts of the State of California and this Court.  I am a partner at the law firm of Perkins Coie LLP, counsel of record for Defendant The Boeing Company ("Boeing") in the within action.  I submit this declaration in support of Boeing's Joinder in Defendant United Technologies Corporation's Notice of Removal of Action under 28 U.S.C. 1442(a)(1).  I have personal knowledge of the facts set forth herein.

1.   Attached hereto as Exhibit A is a true and correct copy of Notice of Entry of Order Granting Plaintiffs' *Ex Parte* Application for an Order Allowing Amendment to Complaint Substituting the True Identity of Defendants, dated June 23, 2011, service received June 27, 2011.

2.   Attached hereto as Exhibit B is a true and correct copy of the Plaintiffs' Complaint for Damages, filed on April 27, 2010.

3.   Attached hereto as Exhibit C is a true and correct copy of the Plaintiffs' Verified Answers to Standard Interrogatories by Defendants.

4.   On July 12, 2011 at 2:37 p.m., I received email correspondence from counsel for Plaintiffs indicating the North American Aviation T-29 and SNJ aircraft are the Boeing planes at issue in this case.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed July 25, 2010, at Los Angeles, California.



Bo W. Kim

DECL. OF BO W. KIM ISO BOEING'S
JOINDER IN UTC'S NOTICE OF REMOVAL

# EXHIBIT A

STEVEN. M. HAROWITZ (State Bar No. 71117)
harowitz@htlawoffices.com
SARAH E. GILSON (State Bar No. 260263)
gilson@htlawoffices.com
HAROWITZ & TIGERMAN, LLP
450 Sansome St, 3rd Floor
San Francisco, CA 94111
Tel: (415) 788-1588
Fax (415) 788-1598

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| PATTI DONLON, Individually and as Successor-in-Interest to the Estate of PATRICK THEISEN DONLON, Decedent; SEAN DONLON; and DOES ONE through TEN, inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>AC AND S, INC., et al.,<br><br>Defendants. | No. CGC-09-275218<br><br>NOTICE OF ENTRY OF ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR AN ORDER ALLOWING AMENDMENT TO COMPLAINT SUBSTITUTING THE TRUE IDENTITY OF DEFENDANTS THE BOEING COMPANY IN THE PLACE OF DOE DESIGNATION NO. 20, HONEYWELL INTERNATIONAL, INC., as Successor-in-Interest to BENDIX AVIATION CORPORATION IN THE PLACE OF DOE NO. 21, AND CONTINENTAL MOTORS, INC. IN THE PLACE OF DOE DESIGNATION NO. 22 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Court has entered an Order Granting *Ex Parte* Application for an Order Allowing Amendment to Complaint Substituting the True Identity of Defendants THE BOEING COMPANY IN THE PLACE OF DOE DESIGNATION NO. 20, HONEYWELL INTERNATIONAL, INC., as Successor-in-Interest to BENDIX AVIATION CORPORATION IN THE PLACE OF NO. 21, AND CONTINENTAL MOTORS, INC. IN

1                                                    NOTICE OF ENTRY OF ORDER

1  THE PLACE OF DOE DESIGNATION NO. 22. A conformed copy of the Order is attached

2  hereto as **Exhibit A.**

3  Dated: June 23, 2011                          HAROWITZ & TIGERMAN, LLP

4

5                                                 SARAH E. GILSON
6                                                 Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2                          NOTICE OF ENTRY OF ORDER



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

STEVEN. M. HAROWITZ (State Bar No. 71117)
harowitz@htlawoffices.com
SARAH E. GILSON (State Bar No. 260263)
gilson@htlawoffices.com
HAROWITZ & TIGERMAN, LLP
450 Sansome St, 3rd Floor
San Francisco, CA 94111
Tel: (415) 788-1588
Fax (415) 788-1598

Attorneys for Plaintiffs

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUN 23 2011

CLERK OF THE COURT
BY: _____ROCHELLE F. VELUZ_____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

PATTI DONLON, Individually and as
Successor-in-Interest to the Estate of
PATRICK THEISEN DONLON,
Decedent; SEAN DONLON; and DOES
ONE through TEN, inclusive,

        Plaintiffs,

    vs.

AC AND S, INC., et al.,

        Defendants.

No. CGC-09-275218

[PROPOSED] ORDER GRANTING
PLAINTIFFS' *EX PARTE* APPLICATION FOR
AN ORDER ALLOWING AMENDMENT TO
COMPLAINT SUBSTITUTING THE TRUE
IDENTITY OF DEFENDANTS THE BOEING
COMPANY IN THE PLACE OF DOE
DESIGNATION NO. 20, HONEYWELL
INTERNATIONAL, INC., as Successor-in-
Interest to BENDIX AVIATION
CORPORATION IN THE PLACE OF NO. 21,
AND CONTINENTAL MOTORS, INC. IN
THE PLACE OF DOE DESIGNATION NO.
22

Hearing Date: June 23, 2011
Time: 11:00 a.m.
Dept.: 220
Judge: Hon. Harold E. Kahn

Plaintiffs' Ex Parte Application for an Order allowing Amendment to the Complaint to

substitute the true identity of THE BOEING COMPANY IN THE PLACE OF DOE

DESIGNATION NO. 20, HONEYWELL INTERNATIONAL, INC., as Successor-in-Interest to

1
[PROPOSED] ORDER

1 BENDIX AVIATION CORPORATION IN THE PLACE OF NO. 21, AND CONTINENTAL

2 MOTORS, INC. IN THE PLACE OF DOE DESIGNATION NO. 22, was heard before the Court

3 on June 22, 2011, at 11:00 a.m.

4     HAVING REVIEWED the pleadings and having heard counsel, the court hereby grants

5 Plaintiffs' Ex Parte Application to file its amendment adding THE BOEING COMPANY IN

6 THE PLACE OF DOE DESIGNATION NO. 20, HONEYWELL INTERNATIONAL, INC., as

7 Successor-in-Interest to BENDIX AVIATION CORPORATION IN THE PLACE OF NO. 21,

8 AND CONTINENTAL MOTORS, INC. IN THE PLACE OF DOE DESIGNATION NO. 22.

9 Said Doe amendments shall be filed and served herewith.

10     **IT IS SO ORDERED.**

11         JUN 2 3 2011

12 DATED: _____           **HAROLD KAHN**

13                                 _____

14                                 THE HONORABLE HAROLD E. KAHN
                                   Judge of the Superior Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            2                      [PROPOSED] ORDER

STEVEN. M. HAROWITZ (State Bar No. 71117)
harowitz@htlawoffices.com
SARAH E. GILSON (State Bar No. 260263)
gilson@htlawoffices.com
HAROWITZ & TIGERMAN, LLP
450 Sansome St, 3rd Floor
San Francisco, CA 94111
Tel: (415) 788-1588
Fax (415) 788-1598

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

PATTI DONLON, Individually and as
Successor-in-Interest to the Estate of
PATRICK THEISEN DONLON,
Decedent; SEAN DONLON; and DOES
ONE through TEN, inclusive,

        Plaintiffs,

        vs.

AC AND S, INC., et al.,

        Defendants.

No. CGC-09-275218

AMENDMENT TO COMPLAINT TO
SUBSTITUTE DEFENDANTS THE BOEING
COMPANY IN THE PLACE OF DOE
DESIGNATION NO. 20, HONEYWELL
INTERNATIONAL, INC., as Successor-in-
Interest to BENDIX AVIATION
CORPORATION IN THE PLACE OF NO. 21,
AND CONTINENTAL MOTORS, INC. IN
THE PLACE OF DOE DESIGNATION NO.
22

Plaintiffs amend the Complaint in this action as follows:

Plaintiffs have learned the true names of the Defendants designated in the Complaint as

fictitious DOES as set forth below:

1                                       AMENDMENT TO COMPLAINT

| TRUE NAME | FICTITIOUS NAME |
|---|---|
| THE BOEING COMPANY | DOE NO. 20 |
| HONEYWELL INTERNATIONAL, INC., as Successor-in-Interest to BENDIX AVIATION CORPORATION | DOE NO. 21 |
| CONTINENTAL MOTORS, INC. | DOE NO. 22 |

Plaintiffs hereby substitute such true names for the fictitious names as set forth above wherever said names appear in the complaint.

Dated: June 23, 2011

HAROWITZ & TIGERMAN, LLP

SARAH E. GILSON
Attorney for Plaintiffs

2

AMENDMENT TO COMPLAINT

- DO NOT FILE WITH THE COURT -                                                                    **CIV-050**
- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.:<br>(415)788-15882 | FOR COURT USE ONLY |
|---|---|---|
| Steven M. Harowitz, SBN 71117<br>HAROWITZ & TIGERMAN, LLP<br>450 Sansome Street, 3rd Floor<br><br>San Francisco, CA 94111 | | |

ATTORNEY FOR *(name)*:  Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  San Francisco
  STREET ADDRESS:  400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE:  San Francisco, CA 94102
  BRANCH NAME:  Unlimited Jurisdiction

PLAINTIFF: Patti Donlon, et. al.
DEFENDANT: AC and S, Inc., et. al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>09-275218 |
|---|---|

To *(name of one defendant only)*:  HONEYWELL INTERNATIONAL, INC.
Plaintiff *(name of one plaintiff only)*:  Patti Donlon
seeks damages in the above-entitled action, as follows:

|  |  |  | AMOUNT |
|---|---|---|---|
| 1. | **General damages** | | |
| | a. [ ] Pain, suffering, and inconvenience | ........................................ | $ _____ |
| | b. [ ] Emotional distress | ........................................ | $ _____ |
| | c. [X] Loss of consortium | ........................................ | $ 5,000,000 |
| | d. [X] Loss of society and companionship *(wrongful death actions only)* | ........... | $ 10,000,000 |
| | e. [ ] Other *(specify)* | ........................................ | $ _____ |
| | f. [ ] Other *(specify)* | ........................................ | $ _____ |
| | g. [ ] Continued on Attachment 1.g. | | |
| 2. | **Special damages** | | |
| | a. [X] Medical expenses *(to date)* | ........................................ | $ 250,000 |
| | b. [ ] Future medical expenses *(present value)* | ........................................ | $ _____ |
| | c. [X] Loss of earnings *(to date)* | ........................................ | $ 500,000 |
| | d. [ ] Loss of future earning capacity *(present value)* | ........................ | $ _____ |
| | e. [ ] Property damage | ........................................ | $ _____ |
| | f. [X] Funeral expenses *(wrongful death actions only)* | ........................ | $ 25,000 |
| | g. [X] Future contributions *(present value) (wrongful death actions only)* | ......... | $ 10,000,000 |
| | h. [X] Value of personal service, advice, or training *(wrongful death actions only)* | ... | $ 5,000,000 |
| | i. [ ] Other *(specify)* | ........................................ | $ _____ |
| | j. [ ] Other *(specify)* | ........................................ | $ _____ |
| | k. [ ] Continued on Attachment 2.k. | | |

3. [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. .$ 10,000,000
    when pursuing a judgment in the suit filed against you.
Date: June 14, 2011

Steven M. Harowitz, SBN 71117
_____
(TYPE OR PRINT NAME)

▶                                    _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                                                        Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007] | **STATEMENT OF DAMAGES**<br>(Personal Injury or Wrongful Death) | Legal<br>Solutions<br>© Plus | Code of Civil Procedure, §§ 425.11, 425.115 |
|---|---|---|---|



# EXHIBIT B

# CT Corporation

**Service of Process Transmittal**
11/19/2009
CT Log Number 515753658

TO: Stacie Simpson - GP
Navigant Consulting
1009 Lenox Drive, Bldg 4, Suite 101
Lawrenceville, NJ 08648

RE: **Process Served in California**

FOR: Georgia-Pacific Corporation (Former Name) (Domestic State: DE)
Georgia-Pacific LLC (True Name)

**RECEIVED**

NOV 2 3 2009

**PACE**

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Patti Donlon, Indivdually and as Successor-in-Interest to the Estate of Patrick Theisen Donlon, Decedent, et al., Pltfs. vs. AC and S Inc., et al. including Georgia-Pacific Corporation, Dfts. |
| DOCUMENT(S) SERVED: | Summons, Attachment, Notice to Plaintiff, Objection, LexisNexis Cover Sheet, Preliminary Fact Sheet, Complaint, Order, Statement of Damages |
| COURT/AGENCY: | San Francisco County, Superior Court, CA Case # CGC09275218 |
| NATURE OF ACTION: | Asbestos Litigation - Fatal Injury/Wrongful Death |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 11/19/2009 at 13:05 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service - file written response // 6/16/2010 at 1:30 p.m. - Case Management Conference |
| ATTORNEY(S) / SENDER(S): | Steven M. Horowitz Harowitz & Tigerman, LLP 450 Sansome Street 3rd Floor San Francisco, CA 94111 415-788-1588 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day , 791247735777 Email Notification, Stacie Simpson PaceService@navigantconsulting.com Email Notification, Georgia-Pacific Corp - Asbestos Only asbestoslawgrctinote@gapac.com |
| SIGNED: | C T Corporation System |
| PER: | Nancy Flores |
| ADDRESS: | 818 West Seventh Street Los Angeles, CA 90017 |
| TELEPHONE: | 213-337-4615 |

Page 1 of 1 / MC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11/19/09
1305

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AC and S, INC., et. al.; and ELEVENTH DOE through
THREE HUNDREDTH DOE, inclusive, {See attached list of
defendants}

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PATTI DONLON, Individually and as Successor-in-
Interest to the Estate of PATRICK THEISEN DONLON,
Decedent; SEAN DONLON; and DOES ONE through TEN,
inclusive,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
County of San Francisco
400 McAllister Street
San Francisco, CA 94102
Unlimited Jurisdiction

| CASE NUMBER: |
|---|
| *(Número del Caso):* CGC-09-275218 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven M. Harowitz, SBN 71117          (415)788-1588     (415)788-1598
HAROWITZ & TIGERMAN, LLP
450 Sansome Street, 3rd Floor
San Francisco, CA 94111

DATE: MAY 22 2009  Gordon Park-L  Clerk, by  P. NATT          , Deputy
*(Fecha)*                          *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify):  GEORGIA-PACIFIC  CORPORATION

under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
℗ Plus

Code of Civil Procedure §§ 412.20, 465

## ATTACHMENT TO SUMMONS

AC AND S, INC.; ASBESTOS CORPORATION, LTD.; )
A.W. CHESTERTON COMPANY; CROWN, CORK & )
SEAL COMPANY, INC., Individually and as Successor- )
in-Interest to MUNDET CORK CORP.; GARLOCK )
SEALING TECHNOLOGIES LLC, Individually and as )
Successor-in-Interest to GARLOCK, INC.; GENERAL )
ELECTRIC COMPANY; J T THORPE & SON, INC.; )
METROPOLITAN LIFE INSURANCE COMPANY; )
PARKER-HANNIFIN CORPORATION, as Successor- )
in-Interest to SACOMO SIERRA; OWENS-ILLINOIS )
CORPORATION; QUINTEC INDUSTRIES, INC.; )
SOCO-LYNCH CORPORATION, successor-in-interest )
to WESTERN CHEMICAL & MANUFACTURING )
COMPANY; SWINERTON BUILDERS f/k/a )
SWINERTON & WALBERG CO.; THOMAS DEE )
ENGINEERING COMPANY; TRANE U.S. INC., fka )
AMERICAN STANDARD, INC.; UNION CARBIDE )
CORPORATION; VIACOM, INCORPORATED, as )
successor-by-merger to CBS CORPORATION, fka )
WESTINGHOUSE ELECTRIC CORPORATION; )
ALLIS-CHALMERS CORPORATION PRODUCT )
LIABILITY TRUST; BAYER CROPSCIENCE, INC., )
successor to AMCHEM PRODUCTS, INC.; ENPRO )
INDUSTRIES, INC., Individually and as Successor-in- )
Interest to ANCHOR PACKING COMPANY; )
HOPEMAN BROTHERS, INC.; SB DECKING, INC., )
formerly known as SELBY, BATTERSBY & )
COMPANY; GEORGIA-PACIFIC CORPORATION; )
HAMILTON MATERIALS, INC.; HANSON )
PERMANENTE CEMENT, INC. fka KAISER CEMENT )
CORPORATION; KAISER GYPSUM CO., INC.; )
KELLY-MOORE PAINT COMPANY, INC.; EATON )
AEROQUIP, LLC; PNEUMO-ABEX CORPORATION, )
Successor-in-Interest to ABEX CORPORATION; )
HONEYWELL INTERNATIONAL, INC. fka ALLIED )
SIGNAL, INC./THE BENDIX CORPORATION; BORG- )
WARNER CORPORATION by its Successor in Interest, )
BORGWARNER MORSE TEC, INC.; )
BRIDGESTONE/FIRESTONE NORTH AMERICAN )
TIRE, LLC; DANA COMPANIES, LLC; GOODRICH )
CORPORATION; FEDERAL-MOGUL ASBESTOS )
PERSONAL INJURY TRUST, as successor to FELT )
PRODUCTS MANUFACTURING CO.; FORD MOTOR )
COMPANY; GENERAL MOTORS CORPORATION; )
INTERNATIONAL TRUCK AND ENGINE )
CORPORATION; NAVISTAR, INC.; THE )
GOODYEAR TIRE & RUBBER COMPANY; )
AIRCRAFT BRAKING SYSTEMS CORPORATION; )
MEGGITT AIRCRAFT BRAKING SYSTEMS; )
PARKER-HANNIFIN CORPORATION, as Successor to )
EIS and CALI-BLOK; CURTISS-WRIGHT )

ATTACHMENT TO SUMMONS          1 of 2

CORPORATION; MCDONNELL DOUGLAS )
CORPORATION, Individually and Successor-in-Interest )
to DOUGLAS AIRCRAFT COMPANY, INC.; EATON )
CORPORATION; UNITED TECHNOLOGIES )
CORPORATION, formerly known as PRATT & )
WHITNEY, INC.; PRATT & WHITNEY POWER )
SYSTEMS, INC.; VOUGHT AIRCRAFT INDUSTRIES, )
INC.; and ELEVENTH DOE through THREE )
HUNDREDTH DOE, inclusive, )
)
)
)
Defendants. )
)

ATTACHMENT TO SUMMONS          2 of 2

CASE NUMBER: CGC-09-275218  PATTI DONLON et al VS. AC AND S, INC. et al

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for

        **DATE:**    **JUN-16-2010**

        **TIME:**    **1:30PM**

        **PLACE:**  **Department 206**
                    **400 McAllister Street**
                    **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.3 and 3.4.

> **CRC 3.75 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.**

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint.  Proof of service subsequently filed with this court shall so state.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
(415) 551-3876

1  STEVEN M. HAROWITZ (Bar No. 71117)
   STEPHEN M. TIGERMAN (Bar No. 112127)
2  ROGER E. GOLD (Bar No. 214802)
   HAROWITZ & TIGERMAN, LLP
3  450 Sansome Street, 3rd Floor
   San Francisco, California 94111
4  Telephone     (415) 788-1588

5  Attorneys for Plaintiffs

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8         FOR THE COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

9

10  PATTI DONLON, Individually and as          )  No. CGC - 09 - 275 218
    Successor-in-Interest to the Estate of PATRICK)
11  THEISEN DONLON, Decedent; SEAN            )  **OBJECTION TO ASSIGNMENT TO**
    DONLON; and DOES ONE through TEN,         )  **COMMISSIONER FOR TRIAL**
12  inclusive,                                 )
                                               )  *Complaint Filed: May 22, 2009*
13                                             )
                       Plaintiffs,             )
14                                             )
         vs.                                   )
15                                             )
                                               )
16  AC AND S, INC., et al.                     )
                                               )
17                 Defendants.                 )
                                               )
18  _____)

19

20      **PLEASE TAKE NOTICE** that pursuant to Local Rule 6.1(c) plaintiff, hereby timely

21  objects and refuses to stipulate that any trial or non-discovery matter in this case be heard

22  and/or decided by a Commissioner.

23

24  DATED: May 22, 2009                    HAROWITZ & TIGERMAN, LLP

25

26                                    By: _____
                                          ROGER E. GOLD
27                                        Attorneys for PLAINTIFFS

28

2120\obj.comm.trial                        1

Case3:MDL-No.:0375-SJ Document23-1 Filed07/25/11 Page20 of 79
Case3:PL-cv-03875-SI Document 7726-1 Filed 08/30/11 Page 21 of 79

Page 1 of 1

**LexisNexis File & Serve Transaction Receipt**

| | |
|---|---|
| Transaction ID: | 28114598 |
| Submitted by: | Robert Jones, Harowitz & Tigerman LLP-San Francisco |
| Authorized by: | Roger Gold, Harowitz & Tigerman LLP-San Francisco |
| Authorize and file on: | Nov 18 2009 2:27PM PST |

| | |
|---|---|
| Court: | CA Superior Court County of San Francisco |
| Division/Courtroom: | N/A |
| Case Class: | Civil |
| Case Type: | Personal Injury-Asbestos |
| Case Number: | 275218 |
| Case Name: | Donlon, Patti et al vs A C & S Inc et al (Harowitz) |

| | |
|---|---|
| Transaction Option: | File Only |
| Billing Reference: | Donlon - 2120 |
| Read Status for e-service: | N/A |

**Documents List**
**1 Document(s)**
**Attached Document, 1 Pages  Document ID: 25745900**                  PDF Format | Original Format

| Document Type: | Access: | Statutory Fee: | Linked: |
|---|---|---|---|
| Objections | Public | $0.00 | |

**Document title:**
Objection to Assignment to Commissioner for Trial

Expand All

⊞ **Sending Parties (2)**
⊟ **Recipients (0)**
  ⊟ Service List (0)

  **Delivery Option Party Party Type Attorney Firm Attorney Type Method**
  No selections made.

  ⊟ Additional Recipients (0)


⊞ **Case Parties**

[ Close ]

 **LexisNexis**

About LexisNexis | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2009 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.

1   STEVEN M. HAROWITZ (Bar No. 71117)
    STEPHEN M. TIGERMAN (Bar No. 112127)
2   ROGER E. GOLD (Bar No. 214802)
    HAROWITZ & TIGERMAN, LLP
3   450 Sansome Street, 3rd Floor
    San Francisco, California 94111
4   Telephone    (415) 788-1588

5   Attorneys for Plaintiffs

ENDORSED
**F I L E D**
San Francisco County Superior Court

MAY 22 2009

GORDON PARK-LI, Clerk
BY: _____PARAM NATT_____
                Deputy Clerk

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       FOR THE COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

10

11   PATTI DONLON, Individually and as Successor-in-      No. C G C - 09 - 275218
    Interest to the Estate of PATRICK THEISEN DONLON,
12   Decedent; SEAN DONLON; and DOES ONE through    PRELIMINARY FACT SHEET
    TEN, inclusive,                                 NEW FILING/
13                                       ASBESTOS LITIGATION
                    Plaintiffs,            (See General Order No. 129,
14                                    In Re Complex Asbestos
    vs.                                    Litigation)
15

16   AC AND S, INC., et al.

17                     Defendants.

18

19                           **N O T I C E**

20

21   **TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE**
    **SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA,**
22   **CITY AND COUNTY OF SAN FRANCISCO:**

23       You have been served with process in an action which has been designated by the Court
    as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This
24   litigation bears the caption "In Re: Complex Litigation," [San Francisco Superior Court No.
    828684].
25

26       This litigation is governed by various general orders, some of which affect the judicial
    management and/or discovery obligations, including the responsibility to answer
27   interrogatories deemed propounded in the case. You may contact the Court or Designated
    Defense Counsel, Berry & Berry, Post Office Box 16070 (2930 Lake Shore Ave.), Oakland,
28   California 94610; Telephone: (510) 250-0200; FAX: (510) 835-5117, for further information
    and/or copies of these orders, at your expense.

---

2120/fact.sheet.wd.wpd                  1                     PRELIMINARY FACT SHEET
                                                              ASBESTOS LITIGATION

1. State the complete name and address of each person whose claimed exposure to asbestos is the basis of this lawsuit ("exposed person"): **PATRICK THEISEN DONLON**

2. Does plaintiff anticipate filing a motion for preferential trial date within the next four months? _____ Yes   __X__ No

3. Date of birth of each exposed person in item one and, if applicable, date of death:

Date of Birth: **September 26, 1937**    Date of Death: **May 27, 2008**

Social Security Number of each exposed person: **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**

4. Specify the nature or type of asbestos-related disease alleged by each exposed person:

___ Asbestos     __X__ Mesothelioma

___ Pleural Thickening/Plaques    ___ Other Cancer: Specify: _____

___ Lung Cancer Other Than Mesothelioma   Other: Specify: _____

5. For purposes of identifying the nature of exposure allegations involved in this action, please check one or more:

___ Shipyard    __X__ Construction   __X__ Friction-Automotive

___ Premises    ___ Aerospace   __X__ Military

___ Other: Specify all that apply: _____

If applicable, indicate which exposure allegations apply to which exposed person.

6. Identify each location alleged to be a source of an asbestos exposure, and to the extent known, provide the beginning and ending year(s) of each such exposure. Also specify each exposed person's employer and job title or job description during each period of exposure. (For example: "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized descriptions such as "merchant Marine" or "construction." If an exposed person claims exposure during only a portion of a year, the answer should indicate that year as the beginning and ending year (e.g., 1947-1947).

/ / /

/ / /

/ / /

| Location of Exposure | Employer | Job Title at Time of Exposure | Year(s) of Exposure Beginning - Ending |
|---|---|---|---|
| Elkader, Strawberry Point, Clayton, IA | New Jersey Zinc | Worker | 1953-1955 |
| Pensacola, FL; Brooklyn NSY; Brooklyn, NYC, New York | U.S. Navy | Aviation Mechanic | 1955-1958 |

**BYSTANDER EXPOSURE:**

| | | | |
|---|---|---|---|
| Home Construction: Elkader, IA; Davis, CA | Not Applicable | Not Applicable | 1950's; 1970's |

**SECONDHAND EXPOSURE through decedent's father, Jack Donlon's employment:**

| | | | |
|---|---|---|---|
| Elkader, IA | Jack Donlon Chevrolet | Car dealership/ service manager | 1937-1955 |

7.      For each exposed person who:

        a.      worked in the United States or for a U. S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

        b.      may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

        c.      served at any time in the United States military, attach to the copy of this fact sheet provided to the Designated Defense counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129);

        d.      was employed by the United States government in a civilian capacity, attach to the copy of this fact sheet provided to Designated Defense counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129).

8.      If there is a wrongful death claim, attach to the copy of this fact sheet provided to

2120/fact.sheet.wd.wpd                    3                    PRELIMINARY FACT SHEET
                                                               ASBESTOS LITIGATION

1   Designated Defense Counsel a copy of the death certificate, if available.  If an autopsy report

2   was done, also attach a copy of it to the copy of this fact sheet provided to Designated Defense

3   Counsel.

4   9.      State the date of the filing of the initial complaint in this matter: May 22, 2009

5

6   DATED: May 22, 2009                    HAROWITZ & TIGERMAN, LLP

7

8                                          BY _____
                                              ROGER E. GOLD
9                                             Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  STEPHEN M. TIGERMAN  (Bar No. 112127)
   STEVEN M. HAROWITZ  (Bar No. 71117)
2  ROGER E. GOLD (Bar No. 214802)
   HAROWITZ & TIGERMAN, LLP
3  450 Sansome Street, 3rd Floor  CASE MANAGEMENT CONFERENCE SET
   San Francisco, California  94111
4  Telephone     (415) 788-1588
5  Attorneys for Plaintiffs

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 2 2 2009

GORDON PARK-LI, Clerk
BY:_____PARAM NATT_____
                    Deputy Clerk

JUN 1 6 2010  -1³⁰PM

6  DEPARTMENT 206

7

8  SUPERIOR COURT OF THE STATE OF CALIFORNIA

   FOR THE COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION
9

10

11  PATTI DONLON, Individually and as Successor-in-
    Interest to the Estate of PATRICK THEISEN DONLON,
    Decedent; SEAN DONLON; and DOES ONE through
12  TEN, inclusive,

13                    Plaintiffs,

14        vs.

15  AC AND S, INC.; ASBESTOS CORPORATION, LTD.;
    A.W. CHESTERTON COMPANY; CROWN, CORK &
16  SEAL COMPANY, INC., Individually and as Successor-
    in-Interest to MUNDET CORK CORP.; GARLOCK
17  SEALING TECHNOLOGIES LLC, Individually and as
    Successor-in-Interest to GARLOCK, INC.; GENERAL
18  ELECTRIC COMPANY; J T THORPE & SON, INC.;
    METROPOLITAN LIFE INSURANCE COMPANY;
19  PARKER-HANNIFIN CORPORATION, as Successor-
    in-Interest to SACOMO SIERRA; OWENS-ILLINOIS
20  CORPORATION; QUINTEC INDUSTRIES, INC.;
    SOCO-LYNCH CORPORATION, successor-in-interest
21  to WESTERN CHEMICAL & MANUFACTURING
    COMPANY; SWINERTON BUILDERS f/k/a
22  SWINERTON & WALBERG CO.; THOMAS DEE
    ENGINEERING COMPANY; TRANE U.S. INC., fka
23  AMERICAN STANDARD, INC.; UNION CARBIDE
    CORPORATION; VIACOM, INCORPORATED, as
24  successor-by-merger to CBS CORPORATION,  fka
    WESTINGHOUSE ELECTRIC CORPORATION;
25  ALLIS-CHALMERS CORPORATION PRODUCT
    LIABILITY TRUST; BAYER CROPSCIENCE, INC.,
26  successor to AMCHEM PRODUCTS, INC.; ENPRO
    INDUSTRIES, INC., Individually and as Successor-in-
27  Interest to ANCHOR PACKING COMPANY;
    HOPEMAN BROTHERS, INC.; SB DECKING, INC.,
28  formerly known as SELBY, BATTERSBY &

No. CGC-09-275218

COMPLAINT FOR
  DAMAGES

(Wrongful Death)
Negligence,
Strict Liability, Products
Liability for Clutch Components
and Brake Assemblies,
Enterprise Liability,
False Representation,
[Restatement Sec. 402-B],
Survival Action,
Loss of Consortium,
Punitive Damages

(Asbestos)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2120/complaint.wd                          1                    COMPLAINT FOR DAMAGES
                                                               WRONGFUL DEATH - ASBESTOS

1  COMPANY; GEORGIA-PACIFIC CORPORATION;        )
   HAMILTON MATERIALS, INC.; HANSON             )
2  PERMANENTE CEMENT, INC. fka KAISER CEMENT)
   CORPORATION; KAISER GYPSUM CO., INC.;        )
3  KELLY-MOORE PAINT COMPANY, INC.; EATON       )
   AEROQUIP, LLC; PNEUMO-ABEX CORPORATION, )
4  Successor-in-Interest to ABEX CORPORATION;   )
   HONEYWELL INTERNATIONAL, INC. fka ALLIED )
5  SIGNAL, INC./THE BENDIX CORPORATION; BORG-)
   WARNER CORPORATION by its Successor in Interest, )
6  BORGWARNER MORSE TEC, INC.;                  )
   BRIDGESTONE/FIRESTONE NORTH AMERICAN         )
7  TIRE, LLC; DANA COMPANIES, LLC; GOODRICH     )
   CORPORATION; FEDERAL-MOGUL ASBESTOS          )
8  PERSONAL INJURY TRUST, as successor to FELT  )
   PRODUCTS MANUFACTURING CO.; FORD MOTOR)
9  COMPANY; GENERAL MOTORS CORPORATION;         )
   INTERNATIONAL TRUCK AND ENGINE              )
10 CORPORATION; NAVISTAR, INC.; THE             )
   GOODYEAR TIRE & RUBBER COMPANY;              )
11 AIRCRAFT BRAKING SYSTEMS CORPORATION;        )
   MEGGITT AIRCRAFT BRAKING SYSTEMS;            )
12 PARKER-HANNIFIN CORPORATION, as Successor to )
   EIS and CALI-BLOK; CURTISS-WRIGHT            )
13 CORPORATION; MCDONNELL DOUGLAS               )
   CORPORATION, Individually and Successor-in-Interest )
14 to DOUGLAS AIRCRAFT COMPANY, INC.; EATON     )
   CORPORATION; UNITED TECHNOLOGIES             )
15 CORPORATION, formerly known as PRATT &       )
   WHITNEY, INC.; PRATT & WHITNEY POWER         )
16 SYSTEMS, INC.; VOUGHT AIRCRAFT INDUSTRIES,)
   INC.; and ELEVENTH DOE through THREE         )
17 HUNDREDTH DOE, inclusive,                    )
                                                )
18                                              )
                                                )
19                    Defendants.               )
                                                )
20 _____)

21

22

23

24

25                 FIRST CAUSE OF ACTION-NEGLIGENCE

26                        (Wrongful Death)

27      PLAINTIFFS COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND FOR A

28 CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH) ALLEGE:

---

2120/complaint.wd                    2          COMPLAINT FOR DAMAGES
                                                WRONGFUL DEATH - ASBESTOS

1      1.    The true names and capacities, whether individual, corporate, associate,

2 governmental or otherwise, of defendants ELEVENTH DOE through THREE HUNDREDTH

3 DOE, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such

4 fictitious names. When the true names and capacities of said defendants have been ascertained,

5 plaintiffs will amend this Complaint accordingly. Plaintiffs are informed and believe and thereon

6 allege that each defendant designated herein as a DOE is responsible, negligently or in some other

7 actionable manner, for the events and happenings hereinafter referred to, and caused injury and

8 death to decedent and injuries and damages proximately thereby to the plaintiffs, as hereinafter

9 alleged.

10      2.    At all times herein mentioned, each of the defendants was the agent, servant,

11 employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each

12 defendant was acting in the full course and scope of said agency, service, employment and/or joint

13 venture. Except as may be specifically noted herein, all allegations of this Complaint are made on

14 information and belief.

15      3.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

16 mentioned, defendants AC AND S, INC.; ASBESTOS CORPORATION, LTD.; A.W.

17 CHESTERTON COMPANY; CROWN, CORK & SEAL COMPANY, INC., Individually and as

18 Successor-in-Interest to MUNDET CORK CORP.; GARLOCK SEALING TECHNOLOGIES LLC,

19 Individually and as Successor-in-Interest to GARLOCK, INC.; GENERAL ELECTRIC

20 COMPANY; J T THORPE & SON, INC.; METROPOLITAN LIFE INSURANCE COMPANY;

21 PARKER-HANNIFIN CORPORATION, as Successor-in-Interest to SACOMO SIERRA;

22 OWENS-ILLINOIS CORPORATION; QUINTEC INDUSTRIES, INC.; SOCO-LYNCH

23 CORPORATION, successor-in-interest to WESTERN CHEMICAL & MANUFACTURING

24 COMPANY; SWINERTON BUILDERS f/k/a SWINERTON & WALBERG CO.; THOMAS DEE

25 ENGINEERING COMPANY; TRANE U.S. INC., fka AMERICAN STANDARD, INC.; UNION

26 CARBIDE CORPORATION; VIACOM, INCORPORATED, as successor-by-merger to CBS

27 CORPORATION, fka WESTINGHOUSE ELECTRIC CORPORATION; ALLIS-CHALMERS

28 CORPORATION PRODUCT LIABILITY TRUST; BAYER CROPSCIENCE, INC., successor to

1  AMCHEM PRODUCTS, INC.; ENPRO INDUSTRIES, INC., Individually and as Successor-in-
2  Interest to ANCHOR PACKING COMPANY; HOPEMAN BROTHERS, INC.; SB DECKING,
3  INC., formerly known as SELBY, BATTERSBY & COMPANY; GEORGIA-PACIFIC
4  CORPORATION; HAMILTON MATERIALS, INC.; HANSON PERMANENTE CEMENT, INC.
5  fka KAISER CEMENT CORPORATION; KAISER GYPSUM CO., INC.; KELLY-MOORE
6  PAINT COMPANY, INC.; EATON AEROQUIP, LLC; PNEUMO-ABEX CORPORATION,
7  Successor-in-Interest to ABEX CORPORATION; HONEYWELL INTERNATIONAL, INC. fka
8  ALLIED SIGNAL, INC./THE BENDIX CORPORATION; BORG-WARNER CORPORATION by
9  its Successor in Interest, BORGWARNER MORSE TEC, INC.; BRIDGESTONE/FIRESTONE
10 NORTH AMERICAN TIRE, LLC; DANA COMPANIES, LLC; GOODRICH CORPORATION;
11 FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to FELT
12 PRODUCTS MANUFACTURING CO.; FORD MOTOR COMPANY; GENERAL MOTORS
13 CORPORATION;  INTERNATIONAL TRUCK AND ENGINE CORPORATION; NAVISTAR,
14 INC.; THE GOODYEAR TIRE & RUBBER COMPANY; AIRCRAFT BRAKING SYSTEMS
15 CORPORATION; MEGGITT AIRCRAFT BRAKING SYSTEMS; PARKER-HANNIFIN
16 CORPORATION, as Successor to EIS and CALI-BLOK; CURTISS-WRIGHT CORPORATION;
17 MCDONNELL DOUGLAS CORPORATION, Individually and Successor-in-Interest to
18 DOUGLAS AIRCRAFT COMPANY, INC.; EATON CORPORATION; UNITED
19 TECHNOLOGIES CORPORATION, formerly known as PRATT & WHITNEY, INC.; PRATT &
20 WHITNEY POWER SYSTEMS, INC.; VOUGHT AIRCRAFT INDUSTRIES, INC.; and
21 ELEVENTH DOE through THREE HUNDREDTH DOE, inclusive, are corporations organized and
22 existing under and by virtue of the laws of the State of California, or the laws of some state or
23 foreign jurisdiction, and that said defendants were and are authorized to do and are doing business
24 in the State of California, and that said defendants have regularly conducted business in the City and
25 County of San Francisco, State of California.  The defendants identified in this paragraph are
26 hereinafter referred to as **"MANUFACTURING/DISTRIBUTING DEFENDANTS"**.
27    4.    At all times herein mentioned, defendants, and each of them, were and are engaged
28 in the business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying,

2120/complaint.wd        4        COMPLAINT FOR DAMAGES
WRONGFUL DEATH - ASBESTOS

1   selling, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance,

2   the generic name of which is asbestos, and other products containing said substance.

3        5.      Plaintiffs are informed and believe, and thereon allege, that defendant CROWN,

4   CORK & SEAL COMPANY, INC. is the successor in interest to, or otherwise liable for the acts or

5   omissions of MUNDET CORK CORP.; that defendant GARLOCK SEALING TECHNOLOGIES

6   LLC is the successor in interest to, or otherwise liable for the acts or omissions of GARLOCK,

7   INC.; that defendant PARKER-HANNIFIN CORPORATION is the successor in interest to, or

8   otherwise liable for the acts or omissions of SACOMO SIERRA; that defendant QUINTEC

9   INDUSTRIES, INC. is the successor in interest to, or otherwise liable for the acts or omissions of

10   WESTERN FIBERGLAS SUPPLY COMPANY, WESTERN FIBROUS GLASS PRODUCTS

11   COMPANY and/or WESGLAS; that defendant SOCO-LYNCH CORPORATION is the successor

12   in interest to, or otherwise liable for the acts or omissions of WESTERN CHEMICAL &

13   MANUFACTURING COMPANY; that defendant BAYER CROPSCIENCE, INC. is the successor

14   in interest to, or otherwise liable for the acts or omissions of AMCHEM PRODUCTS, INC.; that

15   defendant ENPRO INDUSTRIES, INC. is the successor in interest to, or otherwise liable for the

16   acts or omissions of ANCHOR PACKING COMPANY; that defendant PNEUMO-ABEX

17   CORPORATION is the successor in interest to, or otherwise liable for the acts or omissions of

18   ABEX CORPORATION; that defendant BORG-WARNER CORPORATION is the successor in

19   interest to, or otherwise liable for the acts or omissions of BORGWARNER MORSE TEC, INC.;

20   that defendant FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST is the successor in

21   interest to, or otherwise liable for the acts or omissions of FELT PRODUCTS MANUFACTURING

22   CO.; that defendant PARKER-HANNIFIN CORPORATION is the successor in interest to, or

23   otherwise liable for the acts or omissions of EIS and CALI-BLOK; that defendant MCDONNELL

24   DOUGLAS CORPORATION is the successor in interest to, or otherwise liable for the acts or

25   omissions of DOUGLAS AIRCRAFT COMPANY, INC.; and that each of the defendants in this

26   paragraph and listed as a successor elsewhere in this complaint, including the caption, is liable for

27   the acts and omissions of its predecessor entities, partners, divisions, related entities, subsidiaries,

28   and co-ventures.

6.     At all times herein mentioned, defendants, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance, in that said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers and others, while being used in a manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by the consumers, users, bystanders, or workers exposed thereto.

7.     Plaintiffs' decedent was a worker who for a substantial length of time used, handled or was otherwise exposed to asbestos and asbestos products referred to herein, in a manner that was reasonably foreseeable.

8.     As a direct and proximate result of the conduct of the defendants, and each of them, as aforesaid, the exposure to asbestos caused plaintiffs' decedent to contract mesothelioma from which he died on May 27, 2008.

9.     Plaintiff did not learn of the causal relationship between decedent's exposure to asbestos and his death until less than one year before the date on which this Complaint was filed.

10.     Plaintiffs were the heirs of PATRICK THEISEN DONLON, deceased, (herein referred to as "decedent"), as follows:

PATTI DONLON    -    SPOUSE

SEAN DONLON    -    SON

11.     As a result of the conduct of defendants, and each of them, decedent's heirs have sustained pecuniary loss resulting from the loss of love, comfort, society, attention, services and support of decedent in a sum in invoking the unlimited jurisdictional limits of the Court.

12.     As a further result of the conduct of defendants, and each of them, and the death of decedent, plaintiffs herein have incurred funeral and burial expenses in an amount to be subsequently ascertained.

13.     For purposes of the claims alleged herein, the Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship

1   due to the presence of a California defendant. Removal is improper. Every claim arising under the

2   Constitution, treaties, or law of the United States is expressly disclaimed, including any claim

3   arising from an act or omission on a federal enclave, or of any Officer of the U.S. or any agency or

4   person acting under him occurring under color of such of office. No claim of admiralty or maritime

5   law is raised. Plaintiffs sue no foreign state or agency. By this allegation, plaintiffs are not

6   disclaiming State law claims arising exposures on Federal enclaves. Plaintiffs are only disclaiming

7   claims which would be directed at the Federal government and/or Federal officers. Venue is proper

8   in the City and County of San Francisco. Plaintiff shall seek sanctions, attorneys' fees and other

9   appropriate relief in the event any defendant moves to transfer and/or remove this action to another

10   court without a reasonable period of meet and confer discussion relating to same prior to notice of

11   removal and or transfer of this action.

12        WHEREFORE, plaintiffs pray judgment as hereinafter alleged.

13             SECOND CAUSE OF ACTION - STRICT LIABILITY

14      AS FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION

15   FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, AND EACH OF

16   THEM, AND ALLEGE AS FOLLOWS:

17      14.     Plaintiffs incorporate herein by reference as though fully set forth herein all

18   paragraphs of the First Cause of Action herein.

19      15.     Defendants and each of them researched, manufactured, tested or failed to test,

20   warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, inspected,

21   repaired, offered for sale and sold a certain substance, the generic name of which is asbestos and

22   other products contained said substance, which substance and product is defective, in that same was

23   capable of causing and did, in fact, cause personal injuries, including, but not limited to

24   mesothelioma, to the users and consumers thereof while being used in a reasonably foreseeable

25   manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders

26   and workers exposed thereto; said defendants, and each of them, further failed to adequately warn of

27   the risks to which decedent and others similarly situated were exposed.

28      16.     As a direct and proximate result thereof, decedent suffered the injuries from which

---

2120/complaint.wd                     7                      COMPLAINT FOR DAMAGES
                                                           WRONGFUL DEATH - ASBESTOS

1     he subsequently died, and plaintiffs have suffered the injuries and damages previously alleged.

2           WHEREFORE, plaintiffs pray judgment as hereinafter alleged.

3         THIRD CAUSE OF ACTION - PRODUCTS LIABILITY (NEGLIGENCE AND STRICT

4           LIABILITY) FOR CLUTCH COMPONENTS AND BRAKE ASSEMBLIES,

5                    MECHANISMS AND LININGS

6         AS AND FOR A THIRD, SEPARATE, AND FURTHER DISTINCT CAUSE OF ACTION

7     FOR PRODUCTS LIABILITY (NEGLIGENCE AND STRICT LIABILITY) FOR CLUTCH

8     COMPONENTS AND BRAKE ASSEMBLIES, MECHANISMS AND LININGS, PLAINTIFFS

9     COMPLAIN OF DEFENDANTS FORD MOTOR COMPANY; GENERAL MOTORS

10     CORPORATION; INTERNATIONAL TRUCK AND ENGINE CORPORATION; NAVISTAR,

11     INC.; and TWO HUNDRED FIRST DOE through THREE HUNDREDTH DOE, inclusive, and

12     ALLEGE AS FOLLOWS:

13         17.     Plaintiff, by this reference, incorporates the allegations contained in the First and

14     Second Causes of Action as though fully set forth herein.

15         18.  FORD MOTOR COMPANY; GENERAL MOTORS CORPORATION;

16     INTERNATIONAL TRUCK AND ENGINE CORPORATION; NAVISTAR, INC.; and TWO

17     HUNDRED FIRST DOE through THREE HUNDREDTH DOE, inclusive, manufactured or

18     supplied defective clutch components and brake assemblies or mechanisms which were

19     incorporated into various makes and models of automobiles, trucks and vehicles manufactured, sold

20     or supplied by said defendants. Said clutch components and brake assemblies or mechanisms were

21     negligently manufactured sold or supplied in that:

22         a)    The design of said clutch components and brake assemblies or mechanisms

23     incorporated the use of asbestos-containing clutch facings/plates and brake linings;

24         b)    Asbestos clutch components brake linings wear and/or deteriorate during regular

25     and ordinary use thus creating friable asbestos dust, which accumulates in the clutch brake

26     assemblies and/or mechanisms;

27         c)    The design of said clutch components brake assemblies require as a part of their

28     normal operation, use and maintenance that the asbestos clutch components and brake linings be

---

2120/complaint.wd                   8                     COMPLAINT FOR DAMAGES
                                                         WRONGFUL DEATH - ASBESTOS

1  removed and replaced;

2          d)    Said defendants required the use of asbestos-containing clutch components and

3  brake linings throughout the time period 1940-1985;

4          e)    During the removal and replacement of asbestos-containing clutch components and

5  brake linings, asbestos-containing dust was inherently generated because of the design of the clutch

6  components and brake assemblies and/or mechanisms;

7          f)    Defendants knew or should have known that the asbestos-containing dust would be

8  generated during the regular use and maintenance of the clutch components and brake assemblies,

9  mechanisms and linings, and that such dust created an increased risk of asbestos disease for all

10  users, consumers, or others who breathed said asbestos-containing dust;

11          g)    The defendants, and each of them, failed to warn and/or properly instruct users,

12  consumers, or others of the asbestos-containing dust hazard which existed at the time of regular

13  maintenance or replacement of asbestos clutch components and brake linings.  Such failure

14  includes, but is not limited to:

15          a.    Failure to place prominent and adequate warnings or instructions in and on

16  the clutch components and brake pads and wheel drums;

17          b.    Failure to place adequate warnings or instructions in the owners' manuals

18  accompanying said automobiles, trucks and vehicles; and

19          c.    Failure to place adequate warnings or instructions on various repair manuals

20  and instructions published by defendants; and

21          d.    Failure to provide adequate information regarding the asbestos hazards

22  associated with the regular use and maintenance of the clutch components and brake mechanisms,

23  assemblies and/or linings.

24      19.    The clutch components and brake assemblies, mechanisms and/or linings

25  manufactured, sold or supplied by defendants failed to perform as safely as the ordinary consumer

26  would expect, even though they performed as designed.

27      20.    Defendants' use and design of asbestos-containing clutch components and brake

28  linings, both as original equipment and as replacement parts, created unreasonable inherent risks

2120/complaint.wd                    9                    COMPLAINT FOR DAMAGES
                                                          WRONGFUL DEATH - ASBESTOS

1  which outweighed the benefits of said use and/or design.

2      21.    The dangers inherent in asbestos-containing clutch components and brake linings were
3  unknown and unforeseeable to the decedent.

4      22.    Decedent's exposure to asbestos-containing dust, which caused his injury, was from
5  his use and maintenance of defendants' clutch components and brake mechanisms, assemblies
6  and/or linings.  Said work produced the release of asbestos dust, which decedent inhaled, thus
7  increasing his risk for all asbestos-related disease.

8      23.    Defendants' negligence and defective products as described in this cause of action
9  were a direct cause of decedent's injuries, and the injuries and damages thereby sustained by
10 plaintiffs.

11          FOURTH CAUSE OF ACTION - ENTERPRISE LIABILITY

12      AS AND FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF
13 ACTION FOR ENTERPRISE LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, AND
14 EACH OF THEM, AND ALLEGE AS FOLLOWS:

15      24.    Plaintiff incorporates by reference as though fully set forth herein, each of the
16 paragraphs of the First, Second and Third Causes of Action herein.

17      25.    In the event plaintiffs are unable to identify the specific defendant(s) which supplied
18 the asbestos or asbestos-containing products which caused the damage referred to above, plaintiffs
19 allege that as between an innocent plaintiff and culpable defendant(s), the latter should bear the cost
20 of injury.

21      26.    Plaintiffs' decedent was exposed to asbestos and asbestos emanating from asbestos-
22 containing products which are and were fungible in appearance as well as in composition and which
23 were used in substantially the same manner by plaintiff's decedent and/or those working in the
24 vicinity of plaintiffs' decedent.  Moreover, through no fault of the plaintiffs, this asbestos and/or
25 these asbestos-containing products cannot be traced to a specific producer.

26      27.    In this action, plaintiffs have joined a substantial share of the producers of such
27 asbestos and/or asbestos-containing products which caused the injuries complained of herein, and
28 will prove at the time of trial that the defendants named herein constituted a substantial share of

such producers. Accordingly, liability attaches to each named defendant to the extent of their percentage of market share, in a manner consistent with the rules set forth in the decision of <u>Sindell v. Abbott Laboratories, et al.</u>

28. As a direct and legal result thereof, plaintiffs have suffered the injuries and damages previously alleged.

WHEREFORE, Plaintiffs pray judgment against the defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION - FALSE REPRESENTATION
## <u>UNDER RESTATEMENT OF TORTS Sec. 402-B</u>

AS AND FOR A FURTHER, FIFTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS SECTION 402-B, PLAINTIFFS COMPLAIN OF DEFENDANTS, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

29. Plaintiffs incorporate by reference all Causes of Action of this Complaint.

30. At the aforementioned time when defendants, and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale and sold the said asbestos and asbestos-containing products, as hereinabove set forth, the defendants, and each of them, expressly and impliedly represented to members of the general public, including the purchasers and users of said product, and including the decedent herein and his employers, that asbestos and asbestos-containing products were of merchantable quality, and safe for the use for which they were intended.

31. The purchasers and users of said asbestos and asbestos-containing products, including the decedent and his employer, relied upon said representations of defendants and each of them, in the selection, purchase and use of asbestos and asbestos-containing products.

32. Said representations by defendants, and each of them, were false and untrue, in that the asbestos and asbestos-containing products were not safe for their intended use, nor were they of merchantable quality as represented by defendants, and each of them, in that asbestos and asbestos

1 containing products have very dangerous properties and defects whereby said products cause
2 mesothelioma, and have other defects that cause injury and damage to the users of said products,
3 including decedent herein, thereby taking the life of plaintiffs' decedent.

4     33.    As a direct and proximate result of said false representations by defendants and each
5 of them, the plaintiffs sustained the injuries and damages hereinabove set forth.

6     WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as hereinafter
7 set forth.

8 SIXTH CAUSE OF ACTION - SURVIVAL ACTION

9     AS AND FOR A SIXTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
10 (SURVIVAL ACTION), PLAINTIFF PATTI DONLON AS SUCCESSOR-IN-INTEREST TO
11 THE ESTATE OF PATRICK THEISEN DONLON COMPLAIN OF DEFENDANTS, AND
12 EACH OF THEM, AND FOR A CAUSE OF ACTION ALLEGE:

13     34.    Plaintiff incorporates by reference herein each and every paragraph of all Causes of
14 Action of this Complaint, and make them a part of this, the Sixth Cause of Action, as though fully
15 set forth herein.

16     35.    Prior to his death, decedent PATRICK THEISEN DONLON had a cause of action
17 against defendants herein for personal injuries arising from his exposure to asbestos. On May 27,
18 2008, with the foregoing cause of action still pending, PATRICK THEISEN DONLON, who would
19 have been the plaintiff in this action if he had lived, died.

20     36.    As a proximate result of the conduct of defendants, and each of them, decedent was
21 required to, and did, employ physicians and surgeons to examine, treat and care for him and did
22 incur medical and incidental expenses in a sum to be subsequently determined.

23     37.    As a further, direct and proximate result of the conduct of defendants, and each of
24 them, decedent was prevented from attending to his usual occupation for a period of time and
25 thereby incurred damages for loss of earnings in a sum to be subsequently determined.

26     WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter
27 set forth.

28 SEVENTH CAUSE OF ACTION - PUNITIVE DAMAGES

---

AS FOR A FURTHER, SEVENTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR PUNITIVE DAMAGES, PLAINTIFFS COMPLAIN OF ALL DEFENDANTS, INCLUSIVE, AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

38.     Plaintiffs incorporate by reference each and every paragraph of all Causes of Action of this Complaint, and make them a part of this Seventh Cause of Action as though fully set forth herein.

39.     In researching, testing, manufacturing, distributing, labeling, and marketing asbestos and asbestos products, defendants in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said asbestos and asbestos products, in that defendants has specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to, mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said defendants, and which knowledge was obtained by said defendants on or before 1933, and thereafter.

40.     On or before 1933, and thereafter, said defendants were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said defendants knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

41.     With said knowledge, said defendants opted to manufacture and distribute said asbestos and asbestos products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products. Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, defendants intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said

1  knowledge from members of the general public that asbestos and asbestos products were unsafe for

2  all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

3      42.    The above-referenced conduct of said defendants was motivated by the financial

4  interest of said defendants in the continuing, uninterrupted distribution and marketing of asbestos

5  and asbestos products. In pursuance of said financial motivation, said defendants consciously

6  disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and

7  were in fact, consciously willing to permit asbestos and asbestos products to cause injury to workers

8  and users thereof, and personnel exposed thereto, including plaintiff's decedent.

9      43.    As the above-referenced conduct of said defendants was and is willful, malicious,

10  outrageous, and in conscious disregard and indifferent to the safety and health of workers exposed

11  to asbestos and asbestos products, including decedent, plaintiffs, for the sake of example, and by

12  way of punishing said defendants, seeks punitive damages according to proof.

13      WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as

14  hereinafter set forth.

15              EIGHTH CAUSE OF ACTION - LOSS OF CONSORTIUM

16      AS AND FOR A FURTHER, EIGHTH, SEPARATE AND DISTINCT CAUSE OF

17  ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF PATTI DONLON COMPLAINS OF

18  DEFENDANTS, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

19      44.    Plaintiff PATTI DONLON incorporates herein by reference and makes a part hereof

20  as though fully set forth herein, all of the paragraphs of all the Causes of Action of this complaint.

21      45.    Plaintiff PATTI DONLON was at all relevant times the lawfully wedded spouse of

22  decedent PATRICK THEISEN DONLON.

23      46.    As a direct and proximate result of the conduct of defendants, and each of them, and

24  of the severe injuries caused thereby to decedent prior to his death, as hereinabove alleged, plaintiff

25  PATTI DONLON suffered loss of consortium, including, but not by way of limitation, loss of

26  services, marital relations, society, comfort, companionship, love and affection of her said spouse,

27  and has suffered severe mental and emotional distress and general nervousness as a result thereof.

28      47.    Plaintiff PATTI DONLON, as a result of the foregoing described injuries to her said

1  spouse, has been generally damaged in a sum invoking the unlimited jurisdictional limits of the

2  Court.

3       WHEREFORE, Plaintiffs pray judgment against defendants and each of them as follows:

4      1.    For general damages according to proof;

5      2.    For burial expenses according to proof;

6      3.    For medical expenses according to proof;

7      4.    For loss of income according to proof;

8      5.    For punitive damages according to proof;

9      6.    For plaintiffs' costs of suit herein; and,

10     7.    For such other and further relief as this Court deems just and proper.

11

12 DATED: May 22, 2009                  HAROWITZ & TIGERMAN, LLP

13

14                              BY

15                                   ROGER E. GOLD
                                  Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

RECEIVED

AUG 0 6 2009

1 STEVEN M. HAROWITZ (Bar No. 71117)
STEPHEN M. TIGERMAN (Bar No. 112127)
2 RONALD K. HERRON (Bar No. 133936)
MIA MATTIS (Bar No. 191027)
3 HAROWITZ & TIGERMAN, LLP
450 Sansome Street, 3rd Floor
4 San Francisco, California 94111
Telephone    (415) 788-1588
5
Attorneys for Plaintiffs
6

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 0 4 2009

GORDON PARK-LI, Clerk
By: _____ TRAN KHUU
                          Deputy Clerk

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

10
PATTI DONLON, Individually and as          )    No. CGC 09-275218
11 Successor-in-Interest to the Estate of   )
PATRICK THEISEN DONLON, Decedent; )         [PROPOSED] ORDER TO EXTEND TIME
12 SEAN DONLON; and DOES ONE through )      FOR SERVICE OF COMPLAINT
TEN, inclusive,                            )    TO NOVEMBER 22, 2009
13                                          )
14           Plaintiffs,                    )
                                            )    **Complaint Filed:**
15     vs.                                  )    *May 22, 2009*
                                            )
16 AC AND S, INC.; et al.                   )
                                            )
17           Defendants.                    )
                                            )
18                                          )

19

20      Good cause having been shown,

21      IT IS HEREBY ORDERED that Plaintiff's Ex-Parte Application to Extend Time for Service

22 of Complaint be granted. The last day to serve the Complaint for Damages is NOVEMBER 22,

23 2009.

24

25 DATED: _**8-4-09**_

26                                        ARLENE T. BORICK
                                          Judge Pro Tempore
27
                                          _____
28                                        Judge of the Superior Court

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Steven M. Harowitz, SBN 71117<br>HAROWITZ & TIGERMAN, LLP<br>450 Sansome Street, 3rd Floor<br>San Francisco, CA 94111 | (415) 788-1588 | |

ATTORNEY FOR (name): Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Jurisdiction

PLAINTIFF: Patti Donlon, et. al.
DEFENDANT: AC and S, Inc., et. al.

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

CASE NUMBER:
09-275218

To (name of one defendant only): Georgia-Pacific Corporation
Plaintiff (name of one plaintiff only): Patti Donlon
seeks damages in the above-entitled action, as follows:

**1. General damages**     AMOUNT
- a. [ ] Pain, suffering, and inconvenience ...... $ _____
- b. [ ] Emotional distress ...... $ _____
- c. [X] Loss of consortium ...... $ 5,000,000
- d. [X] Loss of society and companionship (wrongful death actions only) ...... $ 10,000,000
- e. [ ] Other (specify) ...... $ _____
- f. [ ] Other (specify) ...... $ _____
- g. [ ] Continued on Attachment 1.g.

**2. Special damages**
- a. [X] Medical expenses (to date) ...... $ 250,000
- b. [ ] Future medical expenses (present value) ...... $ _____
- c. [X] Loss of earnings (to date) ...... $ 500,000
- d. [ ] Loss of future earning capacity (present value) ...... $ _____
- e. [ ] Property damage ...... $ _____
- f. [X] Funeral expenses (wrongful death actions only) ...... $ 25,000
- g. [X] Future contributions (present value) (wrongful death actions only) ...... $ 10,000,000
- h. [X] Value of personal service, advice, or training (wrongful death actions only) ...... $ 5,000,000
- i. [ ] Other (specify) ...... $ _____
- j. [ ] Other (specify) ...... $ _____
- k. [ ] Continued on Attachment 2.k.

**3.** [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify) . $ 10,000,000 when pursuing a judgment in the suit filed against you.

Date: November 18, 2009

Steven M. Harowitz, SBN 71117
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)
Page 1 of 2
Code of Civil Procedure, §§ 425.11, 425.115

Legal Solutions Plus

# EXHIBIT C

1  STEPHEN M. TIGERMAN (Bar No.112127)
   STEVEN M. HAROWITZ (Bar No. 71117)
2  ROGER E. GOLD (Bar No. 214802)
   HAROWITZ & TIGERMAN, LLP
3  450 Sansome Street, 3th Floor
   San Francisco, California 94111
4  Telephone    (415) 788-1588

5

   Attorneys for PLAINTIFFS
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

10

11 PATTI DONLON, Individually and as          )  No. CGC-09-275218
   Successor-in-Interest to the Estate of PATRICK )
12 THEISEN DONLON, Decedent; SEAN DONLON; and )  **PLAINTIFF'S VERIFIED**
   DOES ONE through TEN, inclusive,          )  **ANSWERS TO STANDARD**
13                                            )  **INTERROGATORIES**
                                              )  **PROPOUNDED BY**
                  Plaintiffs,                 )  **DEFENDANTS**
14                                            )
         vs.                                  )
15                                            )  **(Wrongful Death)**
   AC AND S, INC., et al.,                    )
16                                            )  **Set 1**
                  Defendants.
17

18  _____

19       Comes now plaintiff PATTI DONLON, and responds to defendants' wrongful death
   interrogatories as follows. Please note that plaintiff has only just begun discovery in this case and
20 that discovery is continuing with respect to each interrogatory and sub-interrogatory. In addition,
   plaintiff respectfully objects to each interrogatory and sub-interrogatory insofar as it calls for
21 privileged work product or privileged attorney-client communication. Without waiving these
   objections, plaintiffs responds as follows:
22
   1A    A.    Patti Le Donlon.
23         B.    Wife.
           C.    September 23, 1939
24         D.    69
           E.    Monona, Iowa
25         F.    65 College Park, Davis, California 95616
           G.    5'7.5", 130 lbs
26         H.    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
           I.    Not applicable.
27         J.    Not applicable.
           K.    Not applicable.
28

   _____
   2120/go129.wd.set.1              1    PLAINTIFF'S ANSWERS TO STANDARD IROGS
                                         BY DEFS WRONGFUL DEATH - SET ONE

|  |  | L. | CA R0108940 |
|--|--|----|-------------|
|  |  | M. | Patty Le Pederson; Patti Le Donlon; Patty Lee Donlon; Patty Le Donlon |
|  |  | N. | Graduate School |
|  |  | O. | Patrick Theisen Donlon |
|  |  | P. | August 8, 1964 |
|  |  | Q. | None |
|  |  | R. | Not applicable. |
|  |  | S. | Not applicable. |

1B  A.   Patrick Theisen Donlon
    B.   September 26, 1937
    C.   Elkader, Iowa
    D.   65 College Park, Davis, California 95616
    E.   6'0"; 172 lbs
    F.   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
    G.   Not applicable.
    H.   Not applicable.
    I.   3247860
    J.   CA R010305
    K.   Patrick Theisen Donlon
    L.   Medical School
    M.   Patti Pederson Donlon
    N.   September 23, 1939
    O.   August 8, 1964
    P.   65 College Park, Davis, California 95616
    Q.   Retired.
    R.   None.
    S.   Not applicable.
    U.   Not applicable.

2.  1.   A.   Séann (aka Sean) Burton Donlon;
         B.   April 5, 1968
         C.   Natural
         D.   C/o Harowitz & Tigerman, 450 Sansome Street, San Francisco, California;
         E.   Consultant/Educator.
         F.   Living.

3.  No.

4.  Yes.

    1.   A.   Barbara Donlon Rhomberg
         B.   Decedent's half sister
         C.   59 years old
         D.   Approximately 1996
         E.   Cancer, which plaintiff believes originated from the gall bladder.
         F.   Elkader, Iowa
         G.   None.

5.  Plaintiff is aware of the following addresses for decedent:
    Elkader, Iowa                          1937-1940s;
    Chicken Ridge, Iowa                    1940s-1955;
    U.S. Navy                              1955-1958;

| | | |
|---|---|---|
| University of Iowa, Iowa City, Iowa | 1958-1961; |
| Phi Beta Pi Fraternity House, University of Iowa | 1962-1964; |
| Iowa Avenue, Iowa City, Iowa | 1964-1965; |
| 23067 Gary Lane, St. Clair Shores, Michigan | 1966-1970; |
| 611 Adams Street, Davis, California | 1970; |
| 612 Buchanan Street, Davis, California | 1970-1975; |
| 65 College Park, Davis, California | 1975-2008; |

6.   Decedent was an M.D. and a Board Certified Psychiatrist. He completed his undergraduate and Medical School education during the years 1958-1965 at the University of Iowa, Iowa City, Iowa. He completed his psychiatric residency at Lafayette Clinic, Wayne State University, Detroit, Michigan. For additional information, please see the decedent's C.V., which is attached to these Answers as Exhibit A and is incorporated herein as though fully set forth .

7.   November 19, 2009.

8.   Plaintiff objects to this interrogatory on the grounds of privacy, and that it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, plaintiff answers as follows: No.

9.   Decedent served in the United States Navy from June 22, 1955 through September 3, 1958 when he received an honorable discharge. He served in the U.S. Naval Reserves under the Commandant, Ninth Naval District through June 21, 1963. His service number was 324 78 60. He received medals for good conduct. Decedent entered the service in Dubuque, Iowa. He attended ANP School 9/19/1955-11/10/1956 and AD (A) School 11/21/1955-3/9/1956. He was stationed at USNTC Great Lakes, Illinois, Naval Tech Training Center Norman, Oklahoma, NATTC MFS Tennessee, NAAS Barin Field, Alabama, and at the Naval Station #138 in Bermuda and Pensacola, Florida.. He was discharged at the U.S. Naval Receiving Station, Brooklyn, NYC, NY. He served at Charleston, South Carolina and in Fairhope, Alabama and may have served at other base(s) as well; discovery and research are continuing.

10.   This introductory statement is incorporated by reference into each and every interrogatory in this set seeking medical information. In partial response to this interrogatory, please see the information provided below and the information provided in answers to Interrogatories No. 10, 11, and 12, which is the best that plaintiff can do by memory alone at this time. To the extent that other health care providers, physicians, and/or treaters are referenced in the records of providers indicated herein, you are respectfully referred to that information which is equally available to you.

(1)   A.   Paul Riggle, M.D., Primary care physician, UC Davis Medical Group
        B.   2660 W. Covell Blvd., Davis, California 95616
        C.   Please refer to decedent's medical records from UC Davis Medical Group.
        D.   Approximately 2004 -2008
        E.   General medical care.
        F.   Please refer to decedent's medical records from UC Davis Medical Group.

(2)   A.   Richard Harper, M.D., Pulmonary & Critical Care Medicine, UC Davis Medical
        B.   4150 V Street, Suite 3400, Sacramento, California 95817
        C.   Please refer to decedent's medical records from Dr. Harper.
        D.   Approximately 2007-2008.

E.    Mesothelioma.

F.    Please refer to decedent's medical records from Dr. Harper;

(3)  A.    David Gandara, M.D., Division of Hematology Oncology, UC Davis Cancer Center

      B.    4501 X Street, Sacramento, California 95817

      C.    Please refer to decedent's medical records from UC Davis Cancer Center.

      D.    November 2007-death;

      E.    Mesothelioma

      F.    Please refer to decedent's medical records from UC Davis Cancer Center.

(4)  A.    Royce Calhoun, M.D., Thoracic Surgeon, UC Davis Cancer Center

      B.    4501 X Street, Sacramento, California 95817

      C.    Please refer to decedent's medical records from UC Davis Cancer Center.

      D.    Approximately 2008-death;

      E.    Mesothelioma

      F.    Please refer to decedent's medical records from UC Davis Cancer Center.

(5)  A.    Diana Superfin, M.D., Division of Hematology Oncology, UC Davis Cancer Center

      B.    4501 X Street, Sacramento, California 95817

      C.    Please refer to decedent's medical records from UC Davis Cancer Center.

      D.    May 2008-death;

      E.    Mesothelioma

      F.    Please refer to decedent's medical records from UC Davis Cancer Center.

(6)  A.    David Jablons, M.D., UCSF General Thoracic Surgery

      B.    1600 Divisadero Street, Room C322, San Francisco, CA 94115

      C.    Please refer to decedent's medical records from Dr. Jablons.

      D.    December 2008-death

      E.    Mesothelioma

      F.    Please refer to decedent's medical records from Dr. Jablons.

(7)  A.    Lydia Howell, MD Pathologist

      B.    UC Davis Medical Center, 4400 V St., Sacramento, CA 95817

      C.    Please refer to decedent's medical records from Dr. Howell.

      D.    Approximately 2007-2008.

      E.    Mesothelioma

      F.    Please refer to decedent's medical records from Dr. Howell.

Plaintiff further states that she cannot recall any other doctor who has treated or examined the decedent during the last ten years for any condition, and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16.

11.    This introductory statement is incorporated by reference into each and every interrogatory in this set seeking medical information. In partial response to this interrogatory, please see the information provided below and the information provided in answers to Interrogatories No. 10, 11, and 12, which is the best that plaintiff can do by memory alone at this time. To the extent that other health care providers, physicians, and/or treaters are referenced in the records of providers indicated herein, you are respectfully referred to that information which is equally available to you.

(1)  A.  UC Davis Medical Center
     B.  2315 Stockton Boulevard, Sacramento, CA 95817
     C.  Please refer to decedent's medical records from UC Davis Medical Center.
     D.  November 28, 2007 - December 7, 2007
     E.  Mesothelioma
     F.  Please refer to decedent's medical records from UC Davis Medical Center.

(2)  A.  Sutter Davis Hospital
     B.  2000 Sutter Place, Davis, CA 95616
     C.  Approximately May 2008
     D.  Please refer to decedent's medical records from Sutter Davis Hospital.
     E.  Mesothelioma
     F.  Please refer to decedent's medical records from Sutter Davis Hospital.

Plaintiff further states that she could not recall any other hospital where the decedent had been treated during the last 10 years for any condition and beyond 10 years for cancer and/or conditions related to the lungs, respiratory system, and/or ribs and any additional complaints or conditions stated in response to Interrogatory No. 16.

12.  Please see the prefatory remark to Interrogatory No. 10, incorporated herein by reference. In addition, please see plaintiff's answers to Interrogatory No's. 10 and 11. Plaintiff believes that numerous x-rays would have been taken by each doctor and at each hospital noted above. Plaintiff kindly refers you to decedent's medical records as the best source of information. Plaintiff's investigation and discovery are continuing.

13   Please see introductory remark to Interrogatory No. 10, incorporated herein by reference. Please also see answers to Interrogatory Nos. 10, 11, and 12. Plaintiff does not specifically recall whether the decedent underwent pulmonary function tests and, therefore, kindly refers you to decedent's medical records. Plaintiff's investigation and discovery are continuing.

14.  Plaintiff refers to decedent's medical records as the best source of information responsive to this interrogatory. Plaintiff's investigation and discovery are continuing.

15.  Plaintiff has identified medical treatment she recalls decedent receiving in her answers to Interrogatory No's. 10, 11, 12 and 13. She believes that all medical reports pertaining to this treatment will be, or has been, subpoenaed by the law firm of Berry and Berry based on plaintiff's answers to interrogatories. If there are any medical reports to which this inquiry is addressed, plaintiff believes that they would be found in those records. Discovery is, of course, continuing in this regard.

16.  With respect to subparts E and F, please also see the introduction to Interrogatory No. 10 and decedent's medical records specifically incorporated herein by reference. Plaintiff responds to the remainder of the interrogatory as follows:

     A.  October 2007. Plaintiff's investigation and discovery are continuing.
     B.  As mesothelioma is a terminal disease, its symptoms never ceased to affect decedent.
     C.  Decedent experienced a significant decrease in stamina, muscle tone, diminished lung capacity, and substantial weight loss and continued to suffer pain and extreme fatigue until his untimely death on May 27, 2008.
     D.  All parts of decedent's body were affected.
     E.  November 2008. Plaintiff refers to decedent's medical records as the best source of information responsive to this interrogatory.

|||
|---|---|---|
| 1 | F. | Plaintiff refers to Interrogatory Nos. 10 and 11, above. In addition, plaintiff refers to decedent's medical records as the best source of information responsive to this interrogatory. |
| 2 | | |
| | G. | Yes. |
| 3 | H. | Decedent was working full-time until approximately November 28, 2007. |
| | I. | Plaintiff responds by reference to his responses to Interrogatory No's. 10 and 11, |
| 4 | | above. |

17. Yes.
   A. Mesothelioma;
   B. November 28, 2007.
   C. Dr. David Gandara, UC Davis Cancer Center, 2315 Stockton Blvd., Sacramento, California, (916) 734-5959.
   D. X-rays, biopsy, pathology report confirmed mesothelioma.
   E. See Response to Interrogatory No. 17(D), above.
   F. See Response to Interrogatory Nos. 10 and 11, above.
   G. Decedent and his wife and son initially, and later decedent's sister, cousins, nieces were eventually told.
   H. Decedent was self-employed at 1712 Picasso Ave., Suite D., Davis, California. He was unable to work since November 28, 2007. He closed his office on December 31, 2007 and the office was sold on January 9, 2009.
   I. See Response to Interrogatory Nos. 10 and 11, above as well as decedent's medical records for specific courses or treatment recommended.
   J. Doctors Royce Calhoun, Paul Riggle, David Jablons, Richard Harper. Please refer to decedent's medical records.
   K. Please refer to decedent's medical records.
   L. Medical records and documents from the above-referenced medical facilities.

18. No.

19. Yes. Please see a copy of the death certificate, attached as Exhibit B.
   A. Yes.
   B. Yolo County Health Department.
   C. 65 College Park, Davis, California 95616, retired.
   D. Spouse.
   E. Paul Curtis Riggle, M.D., 2660 W. Covell Blvd., Davis, CA; Bette Hinton, M.D., Registrar Yolo County Health Dept., 137 N. Cottonwood, Woodland, CA 95695;
   F. Malignant mesothelioma; no other underlying causes.
   G. 22:45 (10:45 p.m.) May 27, 2008 at his home, 65 College Park, Davis, CA 95616.

20. No.

21. Plaintiff does not know all of the pathology slides that exist at this time and, therefore, kindly refers you to decedent's medical records from UC Davis Medical Center, 2315 Stockton Blvd., Sacramento, CA 95817.

22. No, not to plaintiff's knowledge. Plaintiff refers defendants to decedent medical records as the best source of information.

23. No, decedent was a lifelong non-smoker.

24. Yes.

---

2120/go129.wd.set.1      6      PLAINTIFF'S ANSWERS TO STANDARD IROGS
BY DEFS WRONGFUL DEATH - SET ONE

A.-D.  Plaintiff believes the decedent's father smoked during decedent's childhood and adolescence, though she is unaware of any other details of his father's smoking history.

25.  At the most, decedent drank one glass of wine with dinner once a month, and he drank one beer maybe two to three times per year.

26.  Decedent was exposed to asbestos at those locations and jobs so noted below. A reference to "employer" is merely a reference off of social security records or some other similar document and is not meant to constitute an admission or characterization of the legal status of his working relationship with any company or entity. Discovery is continuing as to decedent's exposure at all other employments. In addition, discovery is continuing as to other places of employment where decedent may have worked for short periods.

| | |
|---|---|
| **Employer:** | Miller Dairy, Elkader, Iowa |
| Job Titles: | Dairy worker, part-time |
| Date Started: | 1953 |
| Date Ended: | 1955 |
| Job Duties: | Decedent helped as needed in a dairy. Discovery and investigation are continuing. |
| Job Sites: | Miller Dairy, Elkader, Iowa; |
| Estimated Total Time Worked at Site: | Approximately two (2) years, part-time while in school. |
| Asbestos Exposure? | No. |

| | |
|---|---|
| **Employer:** | U.S. Navy, |
| Job Titles: | Aircraft Mechanic |
| Date Started: | 1955 |
| Date Ended: | 1958 |
| Job Duties: | Decedent maintained and repaired naval aircraft while serving aboard . |
| Job Sites: | U.S. Navy |
| Estimated Total Time Worked at Site: | Approximately three (3) years. |
| Asbestos Exposure? | Discovery and investigation are continuing. |

| | |
|---|---|
| **Employer:** | Costigan Construction, Elkader, Iowa |
| Job Titles: | Construction laborer |
| Date Started: | Approximately 1959; summers while in college |
| Date Ended: | Approximately 1961; summers while in college |
| Job Duties: | Decedent worked alongside construction workers working with various drywall materials including but not limited to joint and taping compounds, ceiling and wall textures, and cements. Investigation and discovery are continuing. |
| Job Sites: | Various, in and around Elkader, Iowa |
| Estimated Total Time Worked at Site: | Approximately three (3) summers. |
| Asbestos Exposure? | Discovery and investigation are continuing. |

| | |
|---|---|
| **Employer:** | University of Iowa Medical School, Iowa city, Iowa |
| Job Titles: | Orderly, laboratory assistant |
| Date Started: | 1961 |
| Date Ended: | 1965 |
| Job Duties: | Patient care. Discovery and investigation are continuing. |

| | | |
|---|---|---|
| 1 | Job Sites: | University of Iowa Medical School, address above; |
| | Estimated Total Time | |
| 2 | Worked at Site: | Approximately seven (7) years. |
| | Asbestos Exposure? | Discovery and investigation are continuing. |
| 3 | | |
| 4 | **Employer:** | Santa Clara County Hospital (now known as Santa Clara Valley Medical Center), San Jose, California |
| | Job Titles: | Medical Intern |
| 5 | Date Started: | 1965 |
| | Date Ended: | 1966 |
| 6 | Job Duties: | Decedent assisted with patient care. Discovery and investigation are continuing. |
| 7 | Job Sites: | Santa Clara County Hospital, address above; |
| | Estimated Total Time | |
| 8 | Worked at Site: | Approximately one year. |
| | Asbestos Exposure? | Not to plaintiff's knowledge but discovery and investigation are continuing. |
| 9 | | |
| 10 | **Employer:** | Lafayette Clinic, Detroit, Michigan |
| | Job Titles: | Psychiatric Resident Physician |
| 11 | Date Started: | 1966 |
| | Date Ended: | 1970 |
| 12 | Job Duties: | Decedent assisted with patient care. |
| | Job Sites: | Lafayette Clinic, Detroit, Michigan; |
| 13 | Estimated Total Time | |
| | Worked at Site: | Approximately four (4) years. |
| 14 | Asbestos Exposure? | Discovery and investigation are continuing. |
| 15 | **Employer:** | U.S. Army |
| | Job Titles: | Psychiatrist |
| 16 | Date Started: | 1969 |
| | Date Ended: | 1970 |
| 17 | Job Duties: | Decedent assisted part-time one day per week with psychiatric status exams for draftees claiming medical disability. |
| 18 | Job Sites: | U.S. Army Induction Station, Detroit, Michigan |
| | Estimated Total Time | |
| 19 | Worked at Site: | Approximately one (1) year. |
| | Asbestos Exposure? | Discovery and investigation are continuing |
| 20 | | |
| 21 | **Employer:** | UC Davis School of Medicine, Dept of Psychiatry, 2315 Stockton Blvd., Sacramento, California 95817 |
| | Job Titles: | Clinical Instructor; Assistant Clinical Professor; Associate Clinical Professor; Clinical Professor |
| 22 | Date Started: | 1970 |
| 23 | Date Ended: | 1991 |
| | Job Duties: | Decedent taught clinical psychiatry to residents, conducted research with patients on psychotropic drugs, published papers in professional journals, directed patient care. |
| 24 | | |
| 25 | Job Sites: | Sacramento County Hospital, now known as UC Davis Medical Center, address above; |
| 26 | Estimated Total Time | |
| | Worked at Site: | Approximately twenty three (23) years. |
| 27 | Asbestos Exposure? | Discovery and investigation are continuing. |
| 28 | | |

2120/go129.wd.set.1      8      PLAINTIFF'S ANSWERS TO STANDARD IROGS BY DEFS WRONGFUL DEATH - SET ONE

| | | |
|---|---|---|
| 1 | **Employer:** | Self-employed, 711 University Avenue, Sacramento, California |
| | Job Title: | Psychiatrist |
| 2 | Date Started: | 1983 |
| | Date Ended: | 1991 |
| 3 | Job Duties: | Decedent provided psychiatric care to patients in his private practice he |
| | | shared with his partner, Robert Bittle, M.D. and three former residents, |
| 4 | | Charles Shaffer, M.D., Steve Ericksen, M.D. and Tex Biertemple, M.D.; |
| | Job Sites: | See office address above; |
| 5 | Estimated Total Time | |
| | Worked at Site: | Approximately eight (8) years |
| 6 | Asbestos Exposure? | Not to plaintiff's knowledge, but discovery and investigation are continuing. |

7

| | | |
|---|---|---|
| 8 | **Employer:** | Self-employed, 1712 Picasso Ave., Davis, California |
| | Job Title: | Psychiatrist |
| | Date Started: | 1992 |
| 9 | Date Ended: | November 28, 2007 |
| | Job Duties: | Decedent provided psychiatric care to patients, specialized in Workers |
| 10 | | Compensation Qualified Medical Examinations, patient appointments were |
| | | booked approximately one year in advance of his being hospitalized on |
| 11 | | November 28, 2007. |
| | Job Sites: | See office address above. |
| 12 | Estimated Total Time | |
| | Worked at Site: | Approximately ten (10) years |
| 13 | Asbestos Exposure? | Not to plaintiffs' knowledge. Discovery is continuing. |

14     27.     No.

15     28.     Plaintiff does not know when decedent learned of the association between asbestos and

16           mesothelioma. However, it was not until the decedent was diagnosed with mesothelioma that he would have appreciated the full nature and magnitude of risk.

17     29.     Plaintiff believes decedent likely did not know he was working around asbestos.

18     30.     As decedent was unaware of the health risks associated with working around raw asbestos or

19           asbestos-containing materials, decedent did not utilize any safety precaution when working around these materials. Plaintiff's employers did not provide plaintiff with any safety

20           precautions.

21     31.     A.     UC Davis Medical Center

              B.     Plaintiff does not know the nature or extent of examinations, nor if decedent ever

22                     underwent an examination at this location.

             C - I.     Please see Response to Interrogatory 31(B).

23

24     32.     Decedent may have suffered secondary household exposure to asbestos through his father's

          employment at his Chevrolet dealership and service station located in Elkader, Iowa during

25           the years, approximately 1937-1955. Additionally, plaintiff suffered exposure to asbestos-containing construction products, wall-finishing products, while assisting his father with

          remodel work on their Elkader, Iowa family home during the 1950s, and bystander exposure

26           to asbestos in exterior and interior wall and ceiling finishing products during construction of

          a duplex in Davis, California in approximately 1972. Discovery, research and investigation

27           are continuing.

28

---

2120/go129.wd.set.1           9           PLAINTIFF'S ANSWERS TO STANDARD IROGS
                                                   BY DEFS WRONGFUL DEATH - SET ONE

33. Yes. Decedent was working full-time in his own private practice until he was hospitalized on November 28, 2007. He never saw patients again after that date and his office was officially closed on December 31, 2007.

34. Decedent was working full-time in his own private practice until he was hospitalized on November 28, 2007. He never saw patients again after that date and his office was officially closed on December 31, 2007.

35. Objection. Collateral source, invasion of privacy, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, and without waiving the same, plaintiff answers as follows: Yes.
    A.   Paul Revere
    B.   $8,750 per month.
    C.   Four months, from 2/26/08 to his death on 5/27/08.

36.   2007   $508,619
      2006   $ 442,109
      2005   $377,017
      2004   $511,824
      2003   $359,229
      2002   $363,129
      2001   $345,139
      2000   $507,551
      1999   $475,561
      1998   $405,034

37. No.

38. Yes. Please see plaintiff's responses to Interrogatories 10 and 11, above. For the total amount of hospital expenses, please see decedent's medical records. Plaintiff has not made any compilation or abstract of those records, and therefore, pursuant to Code of Civil Procedure Section 2030(f)(2) plaintiff refers defendants to decedent's medical records. Research and investigation are continuing.

39. Yes. Please see plaintiff's responses to Interrogatories 10 and 11, above. For the total amount of medical expenses, please see decedent's medical records. Plaintiff has not made any compilation or abstract of those records, and therefore, pursuant to Code of Civil Procedure Section 2030(f)(2) plaintiff refers defendants to decedent's medical records. Research and investigation are continuing.

40. Objection. Collateral source, irrelevant, invasion of privacy and not reasonably calculated to lead to the discovery of admissible evidence. Without waving the same, the information sought can be found in the billing records of decedent's health care providers. Pursuant to CCP Section 2030(f)(2), plaintiff respectfully declines to make the compilation sought in this interrogatory and directs defendant to decedent's medical records, from which they can make this calculation.

41. Yes. Decedent testified approximately twice per month in his capacity as an medical evaluations psychiatrist. He never gave testimony relating to his exposure to asbestos or in connection with any asbestos-related lawsuit or claim.

2120/go129.wd.set.1                    10        PLAINTIFF'S ANSWERS TO STANDARD IROGS
                                                 BY DEFS WRONGFUL DEATH - SET ONE

42. Objection. Collateral source, irrelevant, invasion of privacy and not reasonably calculated to lead to the discovery of admissible evidence. Not withstanding these objections, and without waiving the same, plaintiff answers as follows: Yes.
A. Malignant mesothelioma.
B. The symptoms of the injury were felt in approximately October 2007, and decedent was diagnosed in approximately November 2007.
C. Self-employed, 1712 Picasso Ave., Davis, California.
D. Please see plaintiff's responses to Interrogatories 10 and 11, above.
E. Not applicable.
F. December 14, 2007.
G. Claim Number 01-02434464-001.
H. Paid until his death on May 27, 2008, no survivor benefits.
I. $8,750 per month for four months.
J. February 2008 to May 2008.
K. Paul Revere.

43. No.

44. No.

45. Decedent filed no other third-party claims for asbestos-induced injury against defendants other than those named herein to plaintiff's knowledge.

46. Objection. Violates confidential agreements. Collateral source, irrelevant, invasion of privacy and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, plaintiff answers as follows: No.

47. Please see decedent's Social Security Administration Earnings Statement, which is attached hereto as Exhibit C.

DATED: December _11_, 2009

HAROWITZ & TIGERMAN, LLP

BY _____
STEVEN M. HAROWITZ
Attorney for Plaintiffs

# EXHIBIT A

## CURRICULUM VITAE--PATRICK T. DONLON, M.D.

BUSINESS ADDRESS:

Patrick T. Donlon, M.D., F.A.P.A.
1712 Picasso Avenue, Suite D
Davis, CA 95616

Tel. (530) 756-5599
Fax (530) 756-1870

PERSONAL:

Date of Birth:              September 26, 1937
Spouse's Name:        Patti Pederson Donlon
Children:                    Sean (son)

Served in the U.S. Navy:    1955-1958

PROFESSIONAL LICENSES AND BOARDS:

Licenses: California, Iowa

Board Certified: October 1971. American Board of Psychiatry and Neurology.
Fellow, American Psychiatric Association: 1975
Examiner ABPN (Oral Boards): 1979-1983

APPOINTMENTS:

State of California, Department of Industrial Relations,
        Division of Industrial Accidents,
        Independent Medical Examiner (psychiatry), 1987-1993

Qualified Medical Evaluator, Department of Industrial Relations, 1991-

California Medical Association Member, Pharmacy and Therapeutic Committee, 1984-1990

PROFESSIONAL ORGANIZATIONS:

American Medical Association
American Psychiatric Association
California State Medical Society Member, Pharmacy and Therapeutic Committee, 1984-1987

CURRICULUM VITAE      -2-        PATRICK T. DONLON

California Society for Psychiatry and Neurology
      District Membership Chairman, 1973-1976
      Educational Committee Chairman, 1980-1983
Yolo County Medical Society, 1970 -
International College of Psychosomatic Medicine, 1973-1980
Society for Biological Psychiatry, 1973-1982
Association for Academic Psychiatry, 1973-1982

EDUCATION:

State University of Iowa, B.A., 1962
State University of Iowa, M.D., 1965
Rotating Internship, July 1965-June 1966
      Santa Clara County Hospital, San Jose, California
Residency in General Psychiatry, Lafayette Clinic, Wayne State University,
      Detroit, Michigan, July 1966-June 1969

ACADEMIC APPOINTMENTS:

Wayne State University School of Medicine
      Instructor of Psychiatry
      July 1969-August 1970

University of California, Davis School of Medicine
      Clinical Instructor of Psychiatry
      September 1970

University of California, at Davis
      Assistant Clinical Professor in Psychiatry
      July 1972

University of California at Davis
      Associate Clinical Professor in Psychiatry
      July 1975

University of California at Davis
      Clinical Professor, Department of Psychiatry
      July 1981-July 1992

HOSPITAL PRIVILEGES:

Sutter Psychiatric Center, Sacramento, California,
      Courtesy Staff

CURRICULUM VITAE                    -3-                    PATRICK T. DONLON

HONORS AND SCHOLARSHIPS:

Health Scholarship in Medicine, National Foundation,
       1961-1965

Pharmacy Award, Lafayette Clinic, Detroit, Michigan
       1969

Outstanding Teacher Award, First Annual Psychiatric
       Residents, University of California at Davis
       1978 - 1979
"The Distinguished Alumni Award" 4-11-97. Department of Psychiatry,
       School of Medicine, University of California, Davis.

CONSULTATION:

Research Advisory Committee
California Medical Facility
Vacaville, California
       1975-1980

Executive Advisory Council
Squibb Pharmaceuticals
       1977-1980

REVIEWER OF SUBMITTED SCIENTIFIC MANUSCRIPTS FOR PUBLICATIONS:

American Journal of Psychiatry
1978 - 1982

Psychosomatics
1979 - 1982

Journal of Nervous and Mental Disease
1976-1982

Journal of Clinical Psychiatry
1976-1982

TAPED LECTURES:

1.    Donlon, P.T. "Stages in Schizophrenic Decompensation." Behavioral Sciences
       Tape Library, 1974.

CURRICULUM VITAE        -4-        PATRICK T. DONLON

2    "Ambulatory Treatment of Acute Psychosis." Panel Discussion from the 1976 Annual Meeting of the American Psychiatric Association, Audio-Digest Foundation. Volume 5, No. 14, July 26, 1976.

2.    "Schizophrenic Historical Review." Education Reviews, Inc. 1978 (1-1/2 hours).

3.    "Differential Diagnosis of Schizophrenia and Affective Disorders." Audio Digest, 1978. (1 hour).

4.    "Rapid Titration of Acute Psychosis: Update 1978." Audio Digest, 1978. (1-1/2 hours). A panel discussion.

CONTRIBUTOR:

Third Psychiatric Knowledge and Skills Self-Assignment Program (PKSAP).

PRESENTATIONS AT MAJOR SCIENTIFIC MEETINGS:

1.    Piperacetazine vs. Thioridazine for the Control of Schizophrenia in Outpatients. First Congress of the International College of Psychosomatic Medicine, Guadalarjara, Mexico, December 5-8, 1971.

2.    High Dosage Piperacetazine (Quide R), in Ambulatory Schizophrenic Patients. Therapeutic Efficacy and Toxicity. Second Congress of international College of Psychosomatic Medicine, Amsterdam, The Netherlands, June 17-21, 1973.

3.    Effects of Phenothiazines on Anxiety and Cognition in Schizophrenia, 127th Annual Meeting, American Psychiatric Association, Detroit, Michigan, May 6-10, 1974.

4.    Depression and the Reintegration Phase of Acute Schizophrenia. 21st Annual Meeting, Academy of Psychosomatic Medicine, Scottsdale, Arizona. November 17-20, 1974.

5.    Neuroleptic Induced Extrapyramidal Symptoms. Diagnosis, Clinical Course and Management. Third Congress of International College of Psychosomatic Medicine, Rome, Italy, September 1975.

6.    Panel Participant: Titration and the Treatment of Acute Psychosis. American Psychiatric Association Annual Meeting, Miami, Florida, May 10-14, 1976.

7.    Panel Participant: Ambulatory Treatment of Acute Psychosis. American Psychiatric Association, Annual Meeting, Miami, Florida, May 10-14, 1976.

8.    Long-acting Injectable Neuroleptics and Community Psychiatry. VI World Congress of

CURRICULUM VITAE                    -5-                    PATRICK T. DONLON

      Psychiatry, Honolulu, Hawaii, August 28-September 3, 1977.

9.     Lecture at various medical schools in Australia and New Zealand.  September, 1977.
      Topics on:
      a.  Psychopharmacology
      b.  Medical Management of Acute Psychotic States
      c.  Community Psychiatry

10.    Differential Diagnosis of Schizophrenia and Affective Disorders.  American Psychiatric
      Association, Annual Meeting, Atlanta, Georgia, May 7-12, 1978, and Chicago, Illinois,
      May 9-13, 1979.

11.    Panel Participant: Rapid Neuroleptization in Acute Psychosis.  American psychiatric
      Association Annual Meeting, Atlanta, Georgia, May 7-12, 1978.

12.    Factors Influencing Clinical Responses to Psychotropic Drugs.  11th Annual CINP
      Congress, Vienna, Austria, July 9-14, 1978.

13.    Clobazam vs. Placebo for Anxiety and Tension in Psychoneurotic Outpatients - A
      Multicenter Collaborative Study.  11th CINP Congress, Vienna, Austria, July 9-14, 1978.

14.    Amoxapine vs Amitriptyline in the Treatment of Depression.  Fifth Congress of
      International College of Psychosomatic Medicine, Jerusalem, Israel, September 9-11,
      1979.

15.    1980 American Psychiatric Association Annual Meeting, May 1980, San Francisco,
      California.

      a.  Board Review Course
         Lecture on: 1.  Psychopharmacology
                2.  Paranoid Disorders
                3.  Schizophrenias
      b.  CME Course on Affective Disorders
         Lecture on "Differential Diagnosis with Schizophrenia"
      c.  Symposium on the Borderline Patient
         Lecture on "Special Pharmacologic Management Problems"

16.    12th CNP Congress, Gothenberg, Sweden, June 22-26, 1980

      a.  Paper on "Neuroleptic Requirements in Acute Schizophrenia"
      a.  Chairman.  Section on Antipsychotic Drugs

CURRICULUM VITAE       -6-       PATRICK T. DONLON

17.    Guest Lecturer in Psychopharmacology, Medical Schools in New Zealand and Australia, February 1981.

TEXTBOOKS:

1.    Donlon, P.T., Rockwell, D. Psychiatric Disorders: Diagnosis and Treatment. Prentice-Hall, 1982.

2.    Donlon, P.T., Schaffer, C.B., et al: Manual of Psychotropic Drugs for Mental Health Professionals. Prentice-Hall, 1983.

SCIENTIFIC AND EDUCATIONAL FILMS:

1.    Adequate Individualized Dosage, Frank Ayd, Jr., Moderator. Sponsored by Jansen Pharmaceuticals, Belgium. Filmed by KPR, New York, 1977.

2.    The Use of Haldol (Haloperidol) in the Treatment of Ambulatory Schizophrenia. Sponsored by McNeil Laboratories, Fort Washington, Pennsylvania. Filmed by KPR, New York, 1977.

3.    Highlights of Symposium on Long-acting Injectable Neuroleptics, Frank Ayd, Jr., Narrator. Sponsored by Squibb Pharmaceuticals. Filmed by Aegis Productions, Inc., New York, 1977.

LIST OF PUBLICATIONS:

1.    La Rouche, M. and Donlon, P.T. Heroin Addiction - A Comparison of Two Inpatient Treatment Methods. Michigan Medicine, September 1970. Michigan Mental Health Research Bulletin, Spring 1971, Vol. 5, No. 2.

2.    Donlon, P.T. The Psychedelic Plague and Polypsychotropia. JAMA, 3: 475-476, 1971.

3.    Donlon, P.T. The Enigma of the Schizophrenias. Psychosomatics, 13: 272-275, 1972.

4.    Rada, R.T. and Donlon, P.T. Piperacetazine vs. Thioridazine for the Control of Schizophrenia in Outpatients. Psychosomatics, 13: 373-376, 1972.

5.    Donlon, P.T., Rada, R.T., and Knight, S.W. A Therapeutic Aftercare Setting for "Refractory" Chronic Schizophrenic Patients. American J Psychiatry, 130: 682-684, 1973.

6.    Donlon, P.T., and Blacker, K.H. Stages of Schizophrenic Decompensation and Reintegration. J Nerv Ment Dis, 157: 200-209, 1973.

CURRICULUM VITAE                    -7-                    PATRICK T. DONLON

7.    Donlon, P.T.  The Therapeutic Use of Diazepam for Akathisia.  Psychosomatics,
      14: 222-225, 1973.

8.    Donlon, P.T., and Tupin, J.P.  Rapid "Digitalization" of Decompensated Schizophrenic
      Patients with Antipsychotic Agents.  American J Psychiatry, 131: 310-312, 1973.

9.    Donlon, P.T., and Rada, R.T.  Issues in Developing Quality Aftercare Clinics for the
      Chronic Mentally I11.  Community Mental Health Journal, 12: 29-36, 1976.

10.   Donlon, P.T., and Rada, R.T.  Piperacetazine in Ambulatory Chronic Schizophrenic
      Patients.  Curr Therapy Res, 16: 124129, 1974.  Abstract in Psychiatry Digest, pp 31,
      1974 (Sept.)

11.   Donlon, P.T.  Depot Drugs and Chronic Schizophrenia.  Western J Med, 120: 307-308,
      1974.

12.   Donlon, P.T., and Knight, S.H.  The Successful Management of "Refractory" Ambulatory
      Schizophrenic Patients.  J Psych Nurs & Ment Health Serv, 12: 3-6, 1974.

13.   Donlon, P.T., and Rada, R.T.  High Dosage Piperacetazine (Quide R) in Ambulatory
      Schizophrenic Patients - Therapeutic Efficacy and Safety.  Dis Ner System, 35: 231-236,
      1974.  Abstract in Psychiatry Digest.

14.   Donlon, P.T.  Solicited Letter to the Editor.  American J Psychiatry, 131: 929, 1974.

15.   Meadow, A., Donlon, P.T., and Blacker, K.H.  Effects of Phenothiazines on Anxiety and
      Cognition in Schizophrenia.  Dis Ner System, 36: 203-208, 1975.

16.   Rada, R.T., and Donlon, P.T.  Depression and the Acute Schizophrenic Process.
      Psychosomatics, 16: 116-119, 1975.

17.   Donlon, P.T., and Blacker, K.H.  Clinical Recognition of Early Schizophrenic
      Decompensation.  Dis Ner System, 36: 323-327, 1975.

18.   Donlon, P.T., Axelrad, D., Tupin, J.P., and Chien, C.P.  Comparison of Depot
      Fluphenazines - Duration of Action and Incidence of Side Effects.  Comp Psychiatry,
      17: 369-376.  Abstracted in Psychiatry Digest (January 1977).

19.   Donlon, P.T.  Upper Dose Range Initial Therapy.  McNeil Laboratories Press, 1975.

20.   Donlon, P.T.  Sexual Symptoms of Incipient Psychosis.  Medical Aspects of Human
      Sexuality.  November, 1976, pp 69-70.

CURRICULUM VITAE                    -8-                    PATRICK T. DONLON

21.    Donlon, P.T., and Stenson, R.T.  Neuroleptic Induced Extrapyramidal Symptoms:
       Diagnosis, Clinical Source and Management.  Dis Ner System, 37: 629-635, 1976.

22.    Stenson, R.T., Donlon, P.T., and Meyer, J.E.  Comparison of Benztropine Mesylate and
       Amantadine HCL in Neuroleptic Induced Extrapyramidal Symptoms.  Comp Psychiatry,
       17: 763-768, 1976.

23.    Donlon, P.T.  High Dosage Neuroleptic Therapy: A Review.  Int Pharmacopsychiat.
       11: 235-245, 1976.

24.    Donlon, P.T., Rada, R.T., and Arora, K.K.  Depression and the Reintegration Phase of
       Acute Schizophrenia.  American J Psychiatry, 133: 1265-1268, 1976.

25.    Donlon, P.T., Swaback, D.O., and Osborne, M.L. Pimozide vs. Fluphenazine in
       Ambulatory Schizophrenics: A 12-Month Comparison Study.  Dis Nerv System,
       38: 119-123, 1977.

26.    Donlon, P.T.  Medical Screening of Patients on Maintenance Neuroleptics.
       Psychosomatics, 18: 51-54, 1977.

27.    Donlon, P.T., and Tupin, T.P.  Successful Suicides with Thioridazine and Mesoridazine.
       Arch Gen Psychiatry, 34: 955-957, 1977.

28.    Panel Discussion.  Jonathan Cole, M.D., Moderator.  Ambulatory Treatment of Acute
       Psychosis.  From APA Annual Meeting, May 10-14, 1976.  Miami, McNeil Laboratories,
       1977.  Proceedings Published.

29.    Panel Discussion.  John Kuehnle, M.D., Moderator.  Titration and the treatment of Acute
       Psychosis.  From APA Annual Meeting, May 10-14, 1976, Miami McNeil Laboratories,
       1977.  Proceedings Published.

30.    Fuller, C.M., Yassinger, S., Donlon, P.T., Imperator, T.J., and Reubner, B.  Haloperidol
       Induced Liver Disease.  Western J Med. 127: 515-518, 1977.

31.    Donlon, P.T.  Long-acting Injectable Neuroleptics and Community Psychiatry in Depot
       Fluphenazine: Twelve Years' Experience Frank Ayd, Jr. (Ed), Ayd Medical
       Communications, Baltimore, Maryland, 1977, pp. 1-11.

32.    Donlon, P.T.  The Schizophrenias: Medical Diagnosis and Treatment by the Family
       Physician, J Family Practice, 6: 71-82, 1978.  Abstract by Medical Digest - Europe.

CURRICULUM VITAE                    -9-                    PATRICK T. DONLON

33.    Donlon, P.T., and Meyer, J.E.  Penfluridol vs. Trifluoperazine in Chronic Schizophrenia:
       A Twelve-Month Outpatient Comparison.  J Clin Psychiatry, 39: 582-587, 1978.

34.    Donlon, P.T., Green, W., and Johnson, M.  Clobazam vs. Placebo for Neurotic Anxiety
       and Tension.  Current Ther Research, 22: 894-899, 1977.

35.    Donlon, P.T., Meadow, A., Tupin J.P., and Wahba, M.W.  High vs. Standard Dosage
       Fluphenazine in Acute Schizophrenia.  J Clin Psychiatry, 29: 800-804, 1978.  Abstract in
       Psychiatric Digest, p.42, April 1979.

36.    Donlon, P.T., Meadow, A., and Amsterdam, E.  Emotional Stress as a Factor in
       Ventricular Arrhythmias.  Psychosomatics.  Abstract in Psychiatric Digest, 40: 47
       (December 1979).

37.    Donlon, P.T. and Singer, J.  Clobazam vs. Placebo for Anxiety and Tension in
       Psychoneurotic Outpatients.  J Clin Pharmacology.

38.    Donlon, P.T., Hopkin, J., and Tupin, J.  Overview, Efficacy and Safety of Rapid
       Neuroleptic Method with Injectable Haloperidol.  American J Psychiatry, 136: 273-279,
       1979.

39.    Donlon, P.T.  Factors Influencing Clinical Response to Psychotropic Drugs–Imipramine
       in Depression.  Int Pharmacopsychiatry, 14: 135-148, 1979.

40.    Meadow, A., Donlon, P.T. et al.  An Experimental Test of Two Opposing Theories of the
       Perceptual Deficit in Schizophrenia.  Clinical Psychology.

41.    Donlon, P.T.  Differential Diagnosis of the Schizophrenias and Affective Disorders.
       Circa 1979.  Comp Psychiatry, 20: 299-314, 1979.  Abstracted in Psychiatric Digest.

42.    Donlon, P.T., et al.  Cardiovascular Safety of Rapid Treatment with Intramuscular
       Haloperidol.  American J. Psychiatry, 136: 233-234, 1979.

43.    Donlon, P.T.  Primary Affective Disorders.  J Family Practice, 9: 689-699, 1979.
       Abstracted in Medical Digest.

44.    Book Review, Sudden Death and Mental Disorders, by W. Wenkos.  Psychosomatics.

45-46. Proceedings from Round Table Symposium, "Neuroleptics and Community Psychiatry."
       McNeil Laboratory Publication.

       a.  "The Challenge of Community Psychiatry," 1979
       b.  "The Goals of Therapy in Community Psychiatry."

CURRICULUM VITAE         -10-         PATRICK T. DONLON

47.   Donlon, P.T. Solicited Letter to the Editor, <u>American J Psychiatry</u>, Ref. Rapid Neuroleptization. Response to letter of Richard Belnak, 137: 129-130, 1980.

48.   Hopkin, J., Donlon, P.T., and Schaffer, C. Efficacy and Safety of Injectable Haloperidol. <u>Current Therapeutic Research</u>, 27: 620-626, 1980.

49-58. Donlon, P.T. Chapters in Text: <u>Psychiatric Disorders</u>: <u>Diagnosis and Treatment</u>.

     a. Diagnosis and Treatment of Acute Psychotic Disorders
     b. The Schizophrenias
     3. Paranoid Conditions
     4. Primary Affective Disorders
     5. Atypical Depressions
     6. Guideline for Administering Psychotropic Drugs
     7. Neuroleptic Induced Extrapyramidal Syndrome

59.   Donlon, P.T., et al. Haloperidol with Hospitalized Acute Schizophrenia Patients. An evaluation of three oral dosage regimes. <u>Arch J Psychiatry</u>, 37: 691-695, 1980.

60.   Schaffer, C., Donlon, P.T., and Bittle, R.M. Chronic pain and Depression. A clinical and family history survey. <u>American J Psychiatry</u>, 173: 118-120, 180.

61.   Donlon, P.T. Special Pharmacologic Management Problems of the Borderline Patient. From "Symposium on Borderline Patient." Joe Tupin, M.D., Chairman, 1980 American Psychiatric Association Annual Meeting, May 1980, San Francisco. <u>McNeil Publications</u>.

62.   Donlon, P.T., et al. Amoxapine vs. Amitriptyline in Outpatient Depression. <u>J Clin Psychiatry</u>, 42: 11-15, 1981. Extended abstract published in monogram on Amoxapine.

63.   Wahba, M., Donlon, P.T., and Meadow, A. "Cognitive Changes in Acute Schizophrenia with Brief Neuroleptic Treatment." <u>American J. Psychiatry</u>. 138: 1307-1310, 1981.

64.   Donlon, P.T. Amoxapine: A Newly Marketed Tricyclic Antidepressant. <u>Psychiatric Annals</u>, 11: 379-383, 1981.

65-72. Donlon, P.T. Chapters in Text: <u>A Manual of Psychotropic Drugs</u>.

     1. Psychiatric Assessment
     2. Neurotransmitters, Psychotropics, Psychopathology.
     3. Guidelines for Administering Psychotropic Drugs
     4. Antianxiety Agents
     5. Antipsychotropic Agents

CURRICULUM VITAE        -11-           PATRICK T. DONLON

       6. Mood-Stabilizing Agents
       7. Antidepressants
       8. Borderline Personality Disorder

73.     Donlon, P.T. Commentary on "Amoxapine: An Antidepressant with Some Neuroleptic Features." (By Lydiard, R.B., Gelenberg, A.D.) Pharmacotherapy.

74.     Donlon, P.T. Cardiac Effects on Antidepressants. Geriatrics, 37: 53-60, 1982.

75.     Donlon, P.T. Special Pharmacologic Management Problems. Transient Psychosis. Tupin, J.P. et al (ed). Brunner/Mazel, New York.

76.     Schaffer, C.B. and Donlon, P.T. Medical Causes of Psychiatric Symptoms in the Elderly. Clinical Gerontologist, 1: 3-18, 1983.

77.     Schaffer, C.B., Donlon, P.T., and Schaffer, L.C. Drug Combinations and Interactions. Clinical Handbook of Psychopharmacology. Shader, R., Tupin, J. (ed.) Jason Aronson Incorporated, 1988.

# EXHIBIT B

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF YOLO
### WOODLAND, CALIFORNIA 95695

### CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11/REV 1/03

3200857000426

| STATE FILE NUMBER | | LOCAL REGISTRATION NUMBER |
|---|---|---|

| 1. NAME OF DECEDENT – FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| PATRICK | THEISEN | DONLON |

| 4AA. ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | (if under 24 hours) Months Days | (if under 24 hours) Hours Minutes | 6. SEX |
|---|---|---|---|---|---|---|
| | | 09/28/1937 | 70 | | | M |

| 7. BIRTH STATE/FOREIGN COUNTRY | 8. SOCIAL SECURITY NUMBER | 9. EVER IN U.S. ARMED FORCES? | 10. MARITAL STATUS (at Time of Death) | 11. DATE OF DEATH mm/dd/ccyy | 12. HOUR (24 Hours) |
|---|---|---|---|---|---|
| IOWA | 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 | X YES □ NO | MARRIED | 05/27/2008 | 2245 |

| 13. EDUCATION – Highest Level/Degree | 14/15. WAS DECEDENT HISPANIC/LATINO/a/SPANISH? (if yes, see worksheet on back) | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| PROFESSIONAL | □ YES X NO | WHITE |

| 17. USUAL OCCUPATION – Type of work for most of life, DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| PSYCHIATRIST | MEDICAL | 40 |

DECEDENT'S PERSONAL DATA

| 20. DECEDENT'S RESIDENCE (Street and number or location) | | | | |
|---|---|---|---|---|
| 65 COLLEGE PARK | | | | |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| DAVIS | YOLO | 95616 | 38 | CALIFORNIA |

USUAL RESIDENCE

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state, ZIP) |
|---|---|
| PATTI DONLON, WIFE | 65 COLLEGE PARK, DAVIS, CA 95616 |

INFORMANT

| 28. NAME OF SURVIVING SPOUSE – FIRST | 29. MIDDLE | 30. LAST (Maiden Name) |
|---|---|---|
| PATTI | LE | PEDERSON |

| 31. NAME OF FATHER – FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| JOHN | BURTON | DONLON | IOWA |

| 35. NAME OF MOTHER – FIRST | 36. MIDDLE | 37. LAST (Maiden) | 38. BIRTH STATE |
|---|---|---|---|
| MONICA | DELORES | THEISEN | IOWA |

SPOUSE AND PARENT INFORMATION

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION | | 41. TYPE OF DISPOSITION(S) |
|---|---|---|---|
| 05/29/2008 | DAVIS CEMETERY | | |
| | 820 POLE LINE ROAD, DAVIS, CA 95618 | | |
| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | | 43. LICENSE NUMBER |
| CR/BU | ▶ NOT EMBALMED | | |
| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
| WISCOMBE'S DAVIS FUNERAL CHAPEL | FD992 | ▶ BETTE HINTON, MD | 05/29/2008 |

FUNERAL DIRECTOR/ LOCAL REGISTRAR

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| OWN RESIDENCE | □ IP □ ER/OP □ DOA | □ Hospice □ Nursing Home/LTC □ Residence □ Other |
| 100. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location) | 99. CITY | |
| YOLO | 65 COLLEGE PARK | DAVIS |

| 107. CAUSE OF DEATH | Enter the chain of events – diseases, injuries, or complications – that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | Time interval between onset and death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (a) | MALIGNANT MESOTHELIOMA | 14 MOS. | X YES □ NO |
| | | | 109. CORONER'S CASE NUMBER |
| | | | 08-0365 |
| Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (b) | | | 110. BIOPSY PERFORMED? X YES □ NO |
| (c) | | | 111. AUTOPSY PERFORMED? □ YES X NO |
| (d) | | | 112. USED IN DETERMINING CAUSE □ YES □ NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 | |
|---|---|
| NONE | |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (if yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | □ YES □ NO □ UNK |

CAUSE OF DEATH

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| | ▶ PAUL CURTIS RIGGLE M.D. | A45554 | 05/29/2008 |
| Decedent Attended Since: mm/dd/ccyy (1) | Decedent Last Seen Alive: mm/dd/ccyy (2) | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | PAUL CURTIS RIGGLE M.D. |
| 11/02/2004 | 05/20/2008 | 2929 COHO PLACE, DAVIS, CA 95616 | |

PHYSICIAN'S CERTIFICATION

| 119. MANNER OF DEATH | □ Natural □ Accident □ Homicide □ Suicide □ Pending Investigation □ Could not be determined | 120. INJURED AT WORK? □ YES □ NO □ UNK | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|---|
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) | | | | |
| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | | | | |
| 125. LOCATION OF INJURY (Street and number or location, and city, and ZIP) | | | | |
| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER | | |

CORONER'S USE ONLY

| STATE REGISTRAR | A | B | C | D | E | F | FAX AUTH. # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | *0120000826328* | |

*000139656*

## CERTIFIED COPY OF VITAL RECORDS
STATE OF CALIFORNIA, COUNTY OF YOLO

This is a true and exact reproduction of the document officially registered and placed on file in the office of the YOLO COUNTY HEALTH DEPARTMENT.

DATE ISSUED    JUN 1 0 2008    *Bette G. Hinton, MD*
BETTE G. HINTON, M.D.
LOCAL REGISTRAR

This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the County Health Officer.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

67

# EXHIBIT C


# SOCIAL SECURITY ADMINISTRATION

Baltimore, Maryland 21290-0300

## CERTIFICATION OF EXTRACT FROM RECORDS

Pursuant to the provisions of Title 42, United States Code, Section 904, and the authority vested in me by 42 United States Code 902. I hereby certify that I have legal custody of certain records, documents, and other information established and maintained by the Social Security Administration, pursuant to Title 42, United States Code, Section 405, and that the annexed is a true extract from such records in my custody as aforesaid.

I further certify that all signatures of Social Security Administration annexed document(s) are genuine and made to the signers' official capacity.

IN WITNESS WHEREOF, I have hereunto set my hand and caused the seal of the Social Security Administration to be affixed this __15th__ day of __July__ , 2009

_Kathryn E. Fox_

Kathryn E. Fox
Division Director
Division of Earnings Record Operations
Office of Central Operations

Form SSA-473 (3-96)
Destroy Prior Edition

```
    826
 ION 2009.001 * * *        ITEMIZED STATEMENT OF EARNINGS
                            FOR SSN 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      * * *


  FROM:  SOCIAL SECURITY ADMINISTRATION
         OFFICE OF CENTRAL OPERATIONS
         300 N. GREENE STREET
         BALTIMORE, MARYLAND  21290-0300

  HAROWITZ & TIGERMAN                      NUMBER HOLDER NAME:
  450 SANSOME ST 3RD FL                    PATRICK T DONLON


  SAN FRANCISCO         CA  94111

  PERIOD REQUESTED   JANUARY 1950  THRU  DECEMBER 2008
```

| YEAR | JAN - MARCH | APRIL - JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|---|---|---|---|---|---|
| EMPLOYER NUMBER:  42-0652711 | | | | | |
| GEORGE C MILLER | | | | | |
| MILLER ICE CREAM CO | | | | | |
| ELKADER  IA 52043-0000 | | | | | |
| 1954 | 130.00 | 282.00 | 328.32 | | $740.32 |
| EMPLOYER NUMBER:  34-0812882 | | | | | |
| UNITED STATES NAVY | | | | | |
| FINANCE CENTER | | | | | |
| CLEVELAND  OH 00000-0000 | | | | | |
| 1957 | 366.90 | 372.33 | 421.20 | 444.60 | $1,605.03 |
| 1958 | 491.40 | 507.60 | 378.00 | | $1,377.00 |
| EMPLOYER NUMBER:  42-0728257 | | | | | |
| GORDON N PETERSON | | | | | |
| GENERAL CONTRACTOR | | | | | |
| GARNAVILLO  IA 52049-0000 | | | | | |
| 1960 | | 120.01 | 653.64 | | $773.65 |
| EMPLOYER NUMBER:  42-0656800 | | | | | |
| ROBERT B GRAU | | | | | |
| ELKADER  IA 52043-0000 | | | | | |
| 1961 | | 43.20 | | | $43.20 |

PAGE 001

Case 3:MDL-cv-03875-SI Document 7726-1 Filed 07/26/11 Page 72 of 79

```
           826                ITEMIZED STATEMENT OF EARNINGS
         SION 2009.001 * * *      FOR SSN 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      * * *


   YEAR   JAN - MARCH   APRIL -JUNE  JULY - SEPT    OCT - DEC      TOTAL


     EMPLOYER NUMBER:  13-5271470
     GULF & WESTERN INDUSTRIES
     160 FRONT ST
     NEW YORK NY 10038-0000

     1961                            37.50                        $37.50

     EMPLOYER NUMBER:  41-0382060
     BOART LONGYEAR INTERNATIONAL
      HOLDINGS INC
     2340 W 1700 S
     SALT LAKECTY UT 84119-2027

     1961                            697.00                       $697.00

     EMPLOYER NUMBER:  69-0420001
     52 0 03 UNIVERSITY OF IOWA
     CONTROLLER
     PO BOX 121 EASTLAWN RM
     IOWA CITY IA 52242-0000

     1962                            581.28       140.25          $721.53
     1964                                         254.55          $254.55

     EMPLOYER NUMBER:  42-0698295
     MERCY MEDICAL CENTER
     701 10TH ST SE
     CEDAR RAPIDS IA 52403-1251

     1963                            199.45       530.75          $730.20

     EMPLOYER NUMBER:  69-0350001
     STATE OF MICHIGAN
     DIRECTOR-DEPT OF MANAGEMENT AND BUDGET
     STEVENS T MASON BLDG
     LANSING  MI 48913-0000

     1966                            1,728.00     1,920.00        $3,648.00
     1967    2,240.00    1,920.00    2,440.00                     $6,600.00

                              PAGE 002
```

```
           1826                ITEMIZED STATEMENT OF EARNINGS
           SION 2009.001 * * *       FOR SSN 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        * * *
```

| YEAR | JAN - MARCH | APRIL - JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|--------------|-------------|-----------|-------|
| 1968 | 2,525.60 | 2,164.80 | 2,891.60 | 218.00 | $7,800.00 |
| 1969 | 3,012.80 | 2,582.40 | 2,204.80 | | $7,800.00 |
| 1970 | 4,780.80 | 3,019.20 | | | $7,800.00 |

EMPLOYER NUMBER:  69-0352399
LAKEVIEW PUBLIC SCHOOLS
PAYROLL SUPERVISOR
ST CLAIRSHORES MI 48081-0000

| 1969 | 200.00 | 200.00 | | | $400.00 |
|------|--------|--------|--|--|--------|

EMPLOYER NUMBER:  69-0930846
COUNTY OF SACRAMENTO
AUD/CONT
827 - 7TH STREET-ROOM 14
SACRAMENTO  CA 95814-0000

| 1970 | | | | 7,260.80 | $7,260.80 |
|------|--|--|--|----------|-----------|
| 1971 | 7,375.20 | 424.80 | | | $7,800.00 |
| 1972 | 6,633.60 | 2,366.40 | | | $9,000.00 |
| 1973 | 6,796.80 | 4,003.20 | | | $10,800.00 |

SELF EMPLOYMENT

| 1974 | - | - | - | - | $3,563.00 |
|------|---|---|---|---|-----------|
| 1975 | - | - | - | - | $6,669.00 |
| 1976 | - | - | - | - | $10,368.00 |
| 1977 | - | - | - | - | $11,389.00 |
| 1978 | - | - | - | - | $12,571.00 |
| 1979 | - | - | - | - | $12,203.00 |
| 1992 | - | - | - | - | $130,200.00 |
| 1993 | - | - | - | - | $135,000.00 |
| 1994 | - | - | - | - | $375,033.00 |
| 1995 | - | - | - | - | $330,389.00 |
| 1996 | - | - | - | - | $325,987.00 |
| 1997 | - | - | - | - | $358,545.00 |
| 1998 | - | - | - | - | $304,463.00 |
| 1999 | - | - | - | - | $321,323.00 |
| 2000 | - | - | - | - | $341,338.00 |

PAGE 003

```
         826            ITEMIZED STATEMENT OF EARNINGS
    SION 2009.001 * * *       FOR SSN 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        * * *


  YEAR  JAN - MARCH  APRIL -JUNE  JULY - SEPT   OCT - DEC      TOTAL


  2001      -            -            -            -        $291,973.92
  2002      -            -            -            -        $302,097.00
  2003      -            -            -            -        $288,340.00
  2004      -            -            -            -        $301,461.00
  2005      -            -            -            -        $274,447.92
  2006      -            -            -            -        $290,832.96
  2007      -            -            -            -        $350,434.00
  2008      -            -            -            -        $108,097.00

EMPLOYER NUMBER:  94-2590480
PSYCHIATRIC ASSOCIATES &
 CONSULTANTS OF SACRAMENTO VALLEY
1635 BARN VALLEY LN
LINCOLN  CA 95648-8607

  1979      -            -            -            -         $10,697.70
  1980      -            -            -            -         $25,900.00
  1981      -            -            -            -         $29,700.00
  1982      -            -            -            -         $32,400.00
  1983      -            -            -            -         $35,700.00
  1984      -            -            -            -         $37,800.00
  1985      -            -            -            -         $37,800.00
  1986      -            -            -            -         $42,000.00
  1987      -            -            -            -         $43,800.00
  1988      -            -            -            -         $45,000.00
  1989      -            -            -            -         $48,000.00
  1990      -            -            -            -         $51,300.00
  1991      -            -            -            -        $125,000.00
```

THERE ARE NO OTHER EARNINGS RECORDED UNDER THIS SOCIAL SECURITY
NUMBER FOR THE PERIOD(S) REQUESTED.

EARNINGS FOR THE YEARS AFTER   2007 MAY NOT BE SHOWN, OR ONLY
PARTIALLY SHOWN, BECAUSE THEY MAY NOT YET BE ON OUR RECORDS.

                          PAGE 004 END

## VERIFICATION

I, PATTI LEE DONLON, declare that:

I am the plaintiff named in the foregoing action; that I have read the foregoing

**PLAINTIFF'S VERIFIED ANSWERS TO STANDARD INTERROGATORIES**

**PROPOUNDED BY DEFENDANTS (Wrongful Death) Set 1,** and know the contents thereof;

the same is true of my own knowledge, except as to those matters therein stated on information

and belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct and that this verification was executed in Davis, CA on this 12

day of December, 2009.

PATTI LEE DONLON

2120/verif.go129.wd.set.1

## PROOF OF SERVICE

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 450 Sansome Street, 3rd Floor, San Francisco, CA 94111; and that on this date I served a true copy of the document(s) in the action of *Donlon, et al. v. AC and S, INC., et al.,* San Francisco Superior Court Case No. CGC 09-275218, entitled:

**PLAINTIFF'S VERIFIED ANSWERS TO STANDARD INTERROGATORIES PROPOUNDED BY DEFENDANTS (WRONGFUL DEATH) SET 1**

on the following parties:

ALL COUNSEL (See Service List Attached)

<u>X</u>    **By Regular Mail** in a sealed envelope, addressed as noted in the attached service list, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of Harowitz & Tigerman, LLP.


I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 18, 2009, at San Francisco, California.

Seymour Dalan

SERVICE LIST: PATTI DONLON (WD)

BERRY & BERRY, Designated Defense Counsel, 2930 Lake Shore Ave, P.O. Box 16070, Oakland, CA 94610
Phone: (510) 250-0200  Fax: (510) 835-5117

ARMSTRONG & ASSOCIATES, One Kaiser Plaza, Suite 625, Oakland, CA, 94612
Phone: (510) 433-1830 Fax: (510) 433-1836
        Crown, Cork & Seal Company, Inc., Individually and as Successor-in-Interest to Mundet Cork
        Corp.

BASSI, EDLIN, HUIE & BLUM, LLP, 351 California Street, Suite 200, San Francisco, CA, 94104
Phone: (415) 397-9006 Fax: (415) 397-1339
        J T Thorpe & Son Inc.
        Parker-Hannifin Corporation, as Successor to EIS and Cali-Blok
        Parker-Hannifin Corporation, as Successor-in-Interest to Sacomo Sierra

LAW OFFICES OF PETER J. NOVA,  P.O. Box 1328, , Sonoma, CA, 95476
Phone: (707) 938-9610 Fax: (707) 938-9612
        Parker-Hannifin Corporation, as Successor-in-Interest to Sacomo Sierra

BECHERER, KANNETT & SCHWEITZER, 1255 Powell Street,  , Emeryville, CA, 94608
Phone: (510) 658-3600 Fax: (510) 658-1151
        Bridgestone/Firestone North American Tire, LLC

BRYDON, HUGO & PARKER, 135 Main Street, Suite 2000, San Francisco, CA, 94105
Phone: (415) 808-0300 Fax: (415) 808-0333
        Bayer Cropscience, Inc., successor to Amchem Products, Inc.
        Dana Companies, LLC
        Pneumo-Abex Corporation, Successor-in-Interest to Abex Corporation
        Union Carbide Corporation

BURNHAM BROWN, 1901 Harrison Street, 11th Floor, P.O. Box 119, Oakland, CA, 94604
Phone: (510) 444-6800 Fax: (510) 835-6666
        Borg-Warner Corporation by its Successor in Interest, BorgWarner Morse TEC Inc.

COOLEY, MANION, JONES, HAKE & KUROWSKI, LLP, 201 Spear Street, Suite 1800, San Francisco, CA, 94104
Phone: (415) 512-4381 Fax: (415) 512-6791
        A.W. Chesterton Company

FOLEY & MANSFIELD, 1111 Broadway, 10th Floor, Oakland, CA, 94607
Phone: (510) 590-9500 Fax: (510) 590-9595
        Kelly-Moore Paint Company, Inc.

GLASPY & GLASPY, One Walnut Creek Center, 100 Pringle Avenue, Suite #750, Walnut Creek, CA, 94596
Phone: (925) 947-1300 Fax: (925) 947-1594
        Garlock Sealing Technologies LLC, Individually and as Successor-in-interest to Garlock, Inc.
        Goodrich Corporation

GORDON & REES, 275 Battery Street, 20th Floor, San Francisco, CA, 94111
Phone: (415) 986-5900 Fax: (415) 986-8054
        The Goodyear Tire & Rubber Company

HOWARD, ROME, MARTIN & RIDLEY, 1775 Woodside Road, Suite 200, Redwood City, CA, 94061-3436

Phone: (650) 365-7715 Fax: (650) 364-5297
    Eaton Aeroquip, LLC
    Eaton Corporation

KNOX RICKSEN, LLP, 1300 Clay Street, Suite 500, Oakland, CA, 94612
Phone: (510) 285-2500 Fax: (510) 285-2505
    Allis-Chalmers Corporation Product Liability Trust

LEWIS, BRISBOIS, BISGAARD & SMITH LLP, 1 Sansome Street, Suite 1400, San Francisco, CA, 94104
Phone: (415) 362-2580 Fax: (415) 434-0882
    Hanson Permanente Cement, Inc. fka Kaiser Cement Corporation
    Kaiser Gypsum Co., Inc.

MURRIN & ASSOCIATES, LLC, 71 Lafayette Circle, , Lafayette, CA, 94549
Phone: (925) 262-2110 Fax: (925) 262-2111
    SOCO WEST, INC.

NIXON PEABODY LLP, One Embarcadero Center, 18th Floor, San Francisco, CA, 94111
Phone: (415) 984-8200 Fax: (415) 984-8300
    Ford Motor Company
    General Motors Corporation
    Navistar, Inc.

PARTON SELL RHOADES, 750 Lindaro Street, Suite 140, San Rafael, CA, 94901
Phone: (415) 258-9700 Fax: (415) 258-9739
    Swinerton Builders

PERKINS, COIE, LLP, Four Embarcadero Center, Suite 2400, San Francisco, CA, 94111
Phone: (415) 344-7000 Fax: (415) 344-7288
    Georgia-Pacific Corporation
    Honeywell International, Inc. fka Allied Signal, Inc./The Bendix Corporation

POND NORTH LLP, 350 South Grand Ave., Suite 3300, Los Angeles, CA, 90071
Phone: (213) 617-6170 Fax: (213) 623-3594
    Viacom Incorporated, as successor-by-merger to CBS Corporation, fka Westinghouse Electric
    Corporation

PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP, 369 Pine Street, Suite 800, San Francisco,
CA, 94104
Phone: (415) 788-8354 Fax: (415) 788-3625
    Trane U.S. Inc., fka American Standard Inc.

SEDGWICK, DETERT, MORAN & ARNOLD, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, CA,
94105
Phone: (415) 781-7900 Fax: (415) 781-2635
    General Electric Company

THE SEMPER LAW GROUP, 333 South Hope Street, Suite 3950, Los Angeles, CA, 90071
Phone: (213) 437-9700 Fax: (213) 437-1466
    Parker-Hannifin Corporation, as Successor to EIS and Cali-Blok

SINUNU BRUNI LLP, 333 Pine Street, Suite 400, San Francisco, CA, 94104
Phone: (415) 362-9700 Fax: (415) 362-9707

Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co.

STEPTOE & JOHNSON LLP, 633 West Fifth Street, Suite 700, Los Angeles, CA, 90071
Phone: (213) 439-9400 Fax: (213) 439-9599
     Metropolitan Life Insurance Company

WALSWORTH, FRANKLIN, BEVINS & McCALL, 601 Montgomery Street, Ninth Floor, San Francisco, CA, 94111
Phone: (415) 781-7072 Fax: (415) 391-6258
     Hamilton Materials, Inc.
     Quintec Industries, Inc.
     SB Decking, Inc., formerly known as Selby, Battersby & Company
     Thomas Dee Engineering Company

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, 525 Market Street, 17th Floor, San Francisco, CA, 94105-2722
Phone: (415) 433-0990 Fax: (415) 434-1370
     Asbestos Corporation, Ltd.


Agent- Allis-Chalmers, 3500 Corben Court, , Madison, WI, 53704-2571
     Allis-Chalmers Corporation Product Liability Trust


BANKRUPT, BANKRUPT, BANKRUPT, BANKRUPT, ,
     General Motors Corporation

BorgWarner Morse TEC Inc., 3850 Hamlin Road, , Auburn Hills, MI, 48326
     Borg-Warner Corporation by its Successor in Interest, BorgWarner Morse TEC Inc.

c/o Wilmington Trust SP Services, Inc. , 1105 N. Market Street, Suite 1300, Wilmington, DE, 19801
     Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co.

Corporation Service Company (NY), 80 State Street, , Albany, NY, 12207
     Bayer Cropscience, Inc., successor to Amchem Products, Inc.

Crown, Cork & Seal Company, Inc., One Crown Way, , Philadelphia, PA, 19154
     Crown, Cork & Seal Company, Inc., Individually and as Successor-in-Interest to Mundet Cork Corp.

CSC Lawyers Incorporating, 2730 Gateway Oaks Drive, #100, Sacramento, CA, 95833
     Goodrich Corporation
     Hanson Permanente Cement, Inc. fka Kaiser Cement Corporation
     Honeywell International, Inc. fka Allied Signal, Inc./The Bendix Corporation
     The Goodyear Tire & Rubber Company
     Viacom Incorporated, as successor-by-merger to CBS Corporation, fka Westinghouse Electric Corporation

CT CORPORATION (LA), 818 West 7th Street, , Los Angeles, CA, 90017
     Eaton Aeroquip, LLC
     Eaton Corporation
     Ford Motor Company
     General Electric Company
     Georgia-Pacific Corporation
     Kaiser Gypsum Co., Inc.

Metropolitan Life Insurance Company
Parker-Hannifin Corporation, as Successor to EIS and Cali-Blok
Parker-Hannifin Corporation, as Successor-in-Interest to Sacomo Sierra
Trane U.S. Inc., fka American Standard Inc.
Union Carbide Corporation

CT Corporation System (NC), 1250 Fayetteville St., Suite 1011, Raleigh, NC, 27601
EnPro Industries, Inc., Individually and as Successor-in-Interest to Anchor Packing Company

CT Corporation System (TX), 350 N. St. Paul Street, Suite 2900, Dallas, TX, 75201
A.W. Chesterton Company

CT Corporation System (VA), 4701 Cox Road, Suite 301, Glen Allen, VA, 23060
Dana Companies, LLC

Francis McGill Hadden, 1700 Two Logan Square, 18th & Arch Street, , Philadelphia, PA, 19103-2769
SB Decking, Inc., formerly known as Selby, Battersby & Company

Kirtland Enterprise Group, Inc. , 1435 East 2000 North, , Lehi, UT, 84043
Quintec Industries, Inc.

Luke P. Argilla, Agent, 260 Townsend Street, , San Francisco, CA, 94107
Swinerton Builders

Mr. Gene Hatz, 345 W. Meats Avenue, , Orange, CA, 92865
Hamilton Materials, Inc.

National Registered Agents, 2030 Main Street, Suite 1030, Irvine, CA, 92614
Bridgestone/Firestone North American Tire, LLC

Patrick T. McDonald, 987 Commercial Street, , San Carlos, CA, 94070
Kelly-Moore Paint Company, Inc.

Prentice-Hall Corporation System, 2730 Gateway Oaks Drive, #100, Sacramento, CA, 95833
Pneumo-Abex Corporation, Successor-in-Interest to Abex Corporation

The Corporation Trust Center, Attn: Agent Services, 1209 Orange Street, Wilmington, DE, 19801
Garlock Sealing Technologies LLC, Individually and as Successor-in-interest to Garlock, Inc.
Navistar, Inc.

Thomas Dee, 4314 Redwood Hwy, #300, San Rafael, CA, 94903
Thomas Dee Engineering Company .