

Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

Peter R. Tafaro        504.599.8060 phone
ptafaro@frilot.com     504.599.8152 fax

August 25, 2011

Jeffrey N. Luthi, Clerk
Judicial Panel on Multi District Litigation
Thurgood Marshall Federal Judiciary Building
1 Columbus Circle, N.E. Rm. G-255, North Lobby
Washington, D.C.   20002

    Re:   *In re: Asbestos Products Liability Litigation (No. VI)*
           MDL Docket No. 875, Eastern District of Pennsylvania
           Judge Eduardo C. Robreno

**NOTICE OF POTENTIAL TAG-ALONG ACTION**

Dear Mr. Luthi:

    Pursuant to Panel Rule 7.4, Defendants, General Electric Company, CBS Corporation, and Foster Wheeler LLC, provide notice of the following "tag-along action" to the above-referenced proceeding:

        ***Freddie Joseph Dupre, et al. v. Todd Shipyards, et al.***
        **U.S.D.C. Eastern District No. 2:11-cv-02097, Section A, Mag. 1**
        **District Judge Jay C. Zainey; Magistrate Judge Sally Shushan**

    The action involves questions of fact that are common to actions previously transferred by this Panel to the above-referenced MDL. Therefore, we request that your office transfer this action to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

    A copy of the corresponding docket sheet and removal of the above-listed action is attached for your consideration.



Jeffrey N. Luthi, Clerk
Judicial Panel on Multi District Litigation
August 25, 2011
Page 2

Thank you for your assistance in this matter.

Sincerely,

Peter R. Tafaro

PRT/rlc
Enclosures

cc (via U.S. Mail):   Loretta G. Whyte, Clerk of Court, USDC EDLA
Gerolyn Roussel
Gerald Melchiode
Charles Wilmore
Susan Kohn

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREDDIE JOSEPH DUPRE, ROSE MAE NAQUIN DUPRE, RONALD JOSEPH DUPRE, MARVIN ANDREW DUPRE, and BRIAN ANTHONY DUPRE | * * * * * | CIVIL CASE NO.: 11-2097 |
| Versus | * * * | JUDGE: |
| EAGLE, INC., FOSTER WHEELER LLC, GENERAL ELECTRIC COMPANY, CBS CORPORATION, TODD SHIPYARDS CORPORATION, and CONTINENTAL INSURANCE COMPANY | * * * * * * | MAGISTRATE JUDGE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants, CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("CBS Corporation"), Foster Wheeler, LLC ("Foster Wheeler") and General Electric Company ("GeneralE lectric" or" GE")c ollectively "Defendants," through the undersigned counsel, hereby remove this action from the Civil District Court for the Parish of Orleans, to the United States District Court fort he Eastern District of Louisiana, pursuant to 28 U.S.C. §§ 1441 and 1446. In supporto f this Notice of Removal, Defendants state as follows:

## I. THE STATE COURT ACTION

1. On November 8, 2010, Plaintiff, Freddie Joseph Dupre, filed his Petition for Damages in *FREDDIE JOSEPH DUPRE versus TODD SHIPYARDS, et al*, No. 2110-11337, in the Civil District Court for the Parish of Orleans. Westinghouse, General Electric and Foster Wheeler are named as defendants.

2. From 1944 through 1945, Plaintiff alleged that he was "employed in various positions by or on the premises of Todd Shipyards Corp." (Petition, Exh. A ¶ 5.) Plaintiff alleged that he was exposed to "dangerously high levels of toxic substances, including asbestos, and asbestos containing products sold, manufactured, and/or distributed by the 'asbestos defendants' in the normal routine course of his work." *Id.* Plaintiff alleged that he contracted mesothelioma as a result of these exposures. (*Id.* ¶ 6.) Plaintiff's Petition provided a broad overview of his alleged exposures, but it did not allege exposure relating to any specific product, equipment, or vessel.

3. On January 18, 2011, Plaintiffs filed the First Supplemental and Amending Petition due to the death of Freddie Dupre, and Rose Mae Naquin Dupre, Ronald Joseph Dupre, Marvin Andrew Dupre, and Brian Anthony Dupre asserted "all rights and claims to which they are entitled as a result of the injuries and death of Freddie Joseph Dupre, as well as to assert any survival and wrongful death claims to which they are entitled." (First Supplemental and Amending Petition, Exh. B ¶ 1.) Again, this supplemental petition did not allege exposure relating to any specific product, equipment, or vessel.

4. Counsel for plaintiff asserted in the oppositions filed to the Motions for Summary Judgment filed on behalf of Defendants that Mr. Dupre "worked in the engine rooms of <u>every ship</u> present at Todd Johnson Shipyards." (See Exhibits C, D and E on pg. 2 of each opposition.)

2

However, none of the vessels were identified nor had they been throughout the course of discovery in this case at the time when Plaintiffs filed the opposition.

5. On July 25, 2011, counsel for Todd Shipyards placed documents produced by their expert, Thomas McCaffery, on deposit with Digital Legal Services, and, again, on July 29, 2011, counsel for Todd Shipyards placed additional documents on deposit produced by their expert for all parties to obtain. (See exhibits F and G, letters from counsel for Todd Shipyards).

6. These documents produced in late July were the first documents that identified relevant ships that were present at Todd Shipyards between 1944 and 1945.

7. Between 1944 and 1945, the years during which exposure is alleged, the following United States Navy vessels were worked on at Todd Shipyards and had GE equipment that may have contained or been insulated with asbestos-containing products: USS DURIK, USS WISEMAN, USS BURDO, and USS COOK. Upon information and belief, to the extent that Mr. Dupre may have been exposed to asbestos associated with GE products at the Todd Shipyards, as plaintiffs allege, that asbestos would have been associated with marine turbines designed and manufactured at the direction of and pursuant to a contracts with the United States Navy and used in the construction of the above-named Navy vessels.

8. Between 1944 and 1945, the years during which exposure is alleged, the following United States Navy vessels were worked on at Todd Shipyards allegedly using asbestos-containing and/or asbestos-insulated Westinghouse products that may have contained or been insulated with asbestos: USS EVANSVILLE and USS BURDO. Upon information and belief, to the extent that Mr. Dupre may have been exposed to asbestos associated with Westinghouse products at the Todd Shipyards, as Plaintiffs allege, that asbestos would have been associated with marine turbine generators and possibly feed pump drive turbines designed and manufactured

at the directiono f andpu rsuant to contracts with the United States Navy andu sed in the construction of the above-named Navy vessels.

9. Between 1944 and 1945, the years during which exposure is alleged, the following United States Navy vessels were worked on at Todd Shipyards and had Foster Wheeler equipment that may have contained or been insulated with asbestos-containing products: USS WISEMAN. Upon information and belief, to the extent that Mr. Dupre may have been exposed to asbestos associated with Foster Wheeler products at the Todd Shipyards, as plaintiffs allege, that asbestos would have been associated with marine boilers designed and manufactured at the direction of and pursuant to a contract with the United States Navy and used in the construction of the above-named Navy vessels.

10. For the first time in the litigation, Defendants received a list of ships at issue and were able to review documents that indicate which ships were worked on at Todd Shipyards and contained equipment supplied by Defendants.

11. Under 28 U.S.C. 1446 (b), "a notice ofr emoval may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may firstb e ascertained that the case is one which is or has become removable." The procedural requirements for removal are satisfied, as are the requirements 28 U.S.C. § 1442(a)(1), and this Notice ofR emoval is filed within thirty days of receipt ofc orrespondence from counsel for Todd Shipyards, on July 25, 2011, which indicated the documents were on deposit in this case that were produced by Thomas McCaffery. This is the date when Defendants were first provided with "otherpape r" from which it could be ascertained that this case had become removable.

## II. THE MDL PROCEEDINGS

12. In 1991, the Judicial Panel on Multidistrict Litigation established *In re Asbestos Product Liability Litigation* (No. VI), MDL 875 (E.D. Pa.), to coordinate all federal asbestos personal injury litigation. Approximately 12,000 cases are now being coordinated by the MDL, which is presided over by Judge Eduardo C. Robreno.

13. Defendants intend to identify this action as a potential "tag-along" to the MDL proceeding.

## III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

14. On July 25, 2011, Defendants were provided with documents that contained information relative to Freddie Dupre's alleged exposure to asbestos at Todd Shipyards associated with marine turbines and marine boilers designed and manufactured at the direction of, and pursuant to contracts with, the United States Navy. (July 25, 2011 Correspondence from Counsel for Todd Shipyards, Exh. F). Therefore, this Notice of Removal, filed August 24, 2011, is timely under 28 U.S.C. § 1446(b). See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). *See also, Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007).

15. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the State Court Action are attached hereto as Exhibit H.

16. This Court embraces the locality in which the State Court Action is now pending, and thus is a proper forum for this action pursuant to 28 U.S.C. § 1441(a). No previous application has been made for the relief requested herein.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Clerk of the Civil District Court for the

Parish of Orleans.

18. A filing fee of $350.00 has been tendered to the Clerk of the United States District Court for the Eastern District of Louisiana.

19. This Notice of Removal is being signed pursuant to Federal Rule of Civil Procedure 11. A copy of the civil cover sheet and removal supplemental cover sheet are attached hereto.

20. If any question arises regarding the propriety of removal, Defendants respectfully request the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

## IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1442

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442 because, in the manufacture and sale of marine turbines and marine boilers for and to the Navy, Defendants were acting under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

22. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party (1) demonstrates that it is a "person" within meaning of the statute; (2) demonstrates that it acted under the direction of a federal officer, meaning there is a nexus or causal connection between plaintiff's claims and its actions; and (3) raises a colorable federal defense to plaintiff's claims. *Williams v. Todd Shipyards Co.*, 154 F.3d 416 (5th Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 129, 131 (1989)). Here, all three requirements have been satisfied, and Defendants are entitled to the federal officer removal provision. Plaintiffs claim Mr. Dupre was exposed to asbestos from products manufactured, sold, used, distributed, or supplied by Defendants to the United States Navy for use on vessels which underwent work at Todd Shipyards. (Exh. A at ¶

13.)

23. Corporations, such as General Electric, Westinghouse and Foster Wheeler, are "persons" for purposes of 28 U.S.C. § 1442(a). *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) (examining the federal officer removal statute and explaining that "corporate entities qualify as 'persons' under §1442(a)(1)").

24. Plaintiffs' claims are based on Defendants' conduct in compliance with federal regulations and instructions including, but not limited to, those issued by the Department of Defense, the Secretary of the Navy, and the Navy and its officers. As such, this case is subject to removal pursuant to 28 U.S.C. § 1442(a)(1)b ecause it involves an action against an "officer( or any person acting under that officer) of the United States." 28 U.S.C.§ 1442 (a)(1).

25. Defendants' actions at issue in this suit took place under the direct and detailed control of a federal agency — the Navy — as well as severalNa vy officers and Navy-employed civilians, all acting under the command of the Secretary of the Navy. These individuals exercised direct control over the construction and installation ofW estinghouse marine turbines, General Electric marine turbines, and Foster Wheeler marine boilers, as well as control over all information affixed to equipment supplied to the Navy. Further, the Defendants' products were subject to various tests and trials supervised by the Navy before they were approved for use on military vessels. In sum, virtually no aspect of the design and manufacture of the marine steam turbines, marine boilers, or otherp roducts at issue escaped the close control of the Navy and its officers.

26. As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), Defendants may raise a federal defense to Plaintiff's claims — government contractor immunity from liability for injuries arising from any exposure to asbestos related to turbines or other

equipment at Navy bases or onboard Navy vessels, insofar as they were constructed or repaired by Defendants. *Id.* at 511-12. Under the government contractor defense, "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id.* at 512. Here, the Navy provided Defendants with precise specifications regarding its equipment, and Defendants manufactured and delivered equipment that conformed to those specifications. Additionally, the Navy, as one of the world's leaders in industrial hygiene at the time of Mr. Dupre's alleged exposure to Defendants' products, possessed information equal to or superior to that possessed by Navy contractors such as Westinghouse, General Electric and Foster Wheeler. As such, Defendants have colorable claims that they are entitled to immunity from state tort liability under the government contractor defense.

27. Indeed, in the MDL proceedings, Judge Robreno recently held that the government contractor defense applied to bar a plaintiff's state law duty to warn claims in a very similar case involving claims of exposure to General Electric's asbestos-containing products while the plaintiff's decedent served in the Navy aboard the U.S.S. Essex. See *Faddish v. Gen. Elec. Co.*, MDL No. 875, Civil Action No. 09-70626, 2010 WL 4146108, at *6-9 (E.D. Pa. Oct. 20, 2010). (Faddish Decision, Exh. I.)

28. Notably, Defendants are not required to prove success on their defense for purposes of removal. *Mesa*, 489 U.S. at 133; *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) ("defense need only be plausible; its ultimate validity is not to be determined at the time of removal."); *Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994)

8

("defendant need not prove that he will actually prevail on his federal immunity defense in order to obtain removal"). Rather, Defendants are only required to show a causal connection between Plaintiff's claims and Defendants' performance as a federal contractor. Defendants can do so. See, *Williams v. Todd Shipyards Co.*, 154 F.3d 416 (5th Cir. 1998). Defendants need only present a colorable claim such that the validity of the defense should be tried in federal rather than state court. *Jefferson County v. Acker*, 527 U.S. 423, 431 ("In construing the colorable federal defense requirement, we have rejected a 'narrow, grudging interpretation' of the statute, recognizing that 'one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.' We therefore do not require the officer virtually to 'win his case before he can have it removed.'") (quoting *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969)); *Venezia*, 16 F.3d at 212 ("Once the federal defendant has a plausible federal defense, removal is appropriate so that the federal court may determine whether the defense succeeds. A federal defendant need not show that he is entitled to prevail in order to have access to the federal forum").

29.  Defendants are not required to notify and obtain consent of any other defendant in this action in order to remove Plaintiffs' action as a whole under section 1442(a)(1). See *O'Callaghan*, 686 F. Supp. 2d at 828 ("In the context of federal officials (or persons acting under a federal official, courts have been clear in holding that a federal officer need not obtain the consent of other defendants to remove under Section 1442."). See also *Ely Valley Mines, Inc. v. Hartford Accident Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).

WHEREFORE, Defendants respectfully request that this Action be removed to the District Court for the Eastern District of Louisiana.

9

Respectfully submitted:

FRILOT L.L.C.

*/s/ John J. Hainkel, III*
JOHN J. HAINKEL, III – 18246
ANGELA M. BOWLIN – 20714
JAMES H. BROWN, JR. – 3564
PETER R. TAFARO - 28776
MEREDITH K. KEENAN – 29287
REBECCA A. ZOTTI – 33446
3700 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
T: (504) 599-8000; F (504) 599-8100

**Counsel for CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("CBS Corporation"), Foster Wheeler LLC, and General Electric Company**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by electronic transmission and/or by hand delivery, on this 24th day of August, 2011.

*/s/ John J. Hainkel, III*
John J. Hainkel, III

10

## U. S. District Court
### Eastern District of Louisiana (New Orleans)
### CIVIL DOCKET FOR CASE #: 2:11-cv-02097-JCZ-SS

Dupre et al v. Todd Shipyards Corporation  
Assigned to: Judge Jay C. Zainey  
Referred to: Magistrate Judge Sally Shushan  
Case in other court: Civil District Court, 10-11337  
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 08/24/2011  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

**Plaintiff**

**Ronald Joseph Dupre**                                represented by **Gerolyn Petit Roussel**  
Roussel & Clement  
1714 Cannes Dr.  
Laplace, LA 70068  
985-651-6591  
Email: rousselp@bellsouth.net  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Jonathan Brett Clement**  
Roussel & Clement  
1714 Cannes Dr.  
Laplace, LA 70068  
985-651-6591  
Email: rousselp@bellsouth.net  
*ATTORNEY TO BE NOTICED*

**Lauren Roussel Clement**  
Roussel & Clement  
1714 Cannes Dr.  
Laplace, LA 70068  
985-651-6591  
Email: rousselp@bellsouth.net  
*ATTORNEY TO BE NOTICED*

**Perry Joseph Roussel , Jr.**  
Roussel & Clement  
1714 Cannes Dr.  
Laplace, LA 70068  
985-651-6591  
Email: rousselp@bellsouth.net  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marvin Andrew Dupre**                                represented by **Gerolyn Petit Roussel**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

                    **Jonathan Brett Clement**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren Roussel Clement**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Perry Joseph Roussel , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Brian Anthony Dupre**<br>*major child of Freddie Joseph Dupre* | represented by | **Gerolyn Petit Roussel**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

                    **Jonathan Brett Clement**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren Roussel Clement**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Perry Joseph Roussel , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Freddie Joseph Dupre** | represented by | **Gerolyn Petit Roussel**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

                    **Jonathan Brett Clement**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren Roussel Clement**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Perry Joseph Roussel , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rose Mae Naquin Dupre**  represented by **Gerolyn Petit Roussel**
*widow of Freddie Joseph Dupre*                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Jonathan Brett Clement**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Lauren Roussel Clement**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **Perry Joseph Roussel , Jr.**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Eagle, Inc.**

**Defendant**

**Foster Wheeler LLC**  represented by **John Joseph Hainkel , III**
                                                Frilot L.L.C.
                                                Energy Centre
                                                1100 Poydras St.
                                                Suite 3700
                                                New Orleans, LA 70163-3700
                                                (504) 599-8000
                                                Email: jhainkel@frilot.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Angela M. Bowlin**
                                                Frilot L.L.C.
                                                Energy Centre
                                                1100 Poydras St.
                                                Suite 3700
                                                New Orleans, LA 70163-3700
                                                (504) 599-8000
                                                Fax: (504) 599-8271
                                                Email: abowlin@frilot.com
                                                *ATTORNEY TO BE NOTICED*

                                                **James H. Brown , Jr.**
                                                Frilot L.L.C.
                                                Energy Centre
                                                1100 Poydras St.
                                                Suite 3700

New Orleans, LA 70163-3700
(504) 599-8000
Email: jbrown@frilot.com
*ATTORNEY TO BE NOTICED*

**Meredith K. Keenan**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700
504-599-8066
*ATTORNEY TO BE NOTICED*

**Peter R. Tafaro**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700
504-599-8060
Fax: 504-524-7887
Email: ptafaro@frilot.com
*ATTORNEY TO BE NOTICED*

**Rebecca Abbott Zotti**
Frilot L.L.C.
Energy Centre
1100 Poydras St.
Suite 3700
New Orleans, LA 70163-3700
504-599-8224
Email: rzotti@frilot.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company** represented by **John Joseph Hainkel , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela M. Bowlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James H. Brown , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Meredith K. Keenan**

                        (See above for address)
*ATTORNEY TO BE NOTICED*

**Peter R. Tafaro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Abbott Zotti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**      represented by   **John Joseph Hainkel, III**
*formerly known as*                          (See above for address)
Westinghouse Electric Corporation       *LEAD ATTORNEY*
*formerly known as*                          *ATTORNEY TO BE NOTICED*
Viacom, Inc.

                        **Angela M. Bowlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James H. Brown, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Meredith K. Keenan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter R. Tafaro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Abbott Zotti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Todd Shipyards Corporation**
*and its insurer*

**Defendant**

**Continental Insurance Company**
*(as successor to Fidelity & Casualty Company of New York)*

**Defendant**

**Owens-Illinois, Inc.**

**Defendant**

**Bayer CropScience, Inc.**
*as successor of liability to Rhone-Poulenc AG Company*
*formerly known as*
Amchem Products, Inc.
*formerly known as*
Benjamin Foster Co

**Defendant**

**Uniroyal, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2011 | 1 | NOTICE OF REMOVAL from Civil District Court, case number 2010-11337 (Filing fee $ 350 receipt number 053L-3159576) filed by Foster Wheeler LLC, General Electric Company, CBS Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H - Notice of Manual Attachment, # 9 Exhibit I, # 10 Civil Cover Sheet)(Hainkel, John) (Entered: 08/24/2011) |
| 08/24/2011 | 2 | Statement of Corporate Disclosure by CBS Corporation identifying Corporate Parent Westinghouse Electric Corporation, Corporate Parent Viacom, Inc. for CBS Corporation (Hainkel, John) (Entered: 08/24/2011) |
| 08/24/2011 | 3 | Statement of Corporate Disclosure by General Electric Company (Hainkel, John) (Entered: 08/24/2011) |
| 08/24/2011 | 4 | Notice of Compliance by CBS Corporation, Foster Wheeler LLC, General Electric Company re 1 Notice of Removal, 3 Statement of Corporate Disclosure, 2 Statement of Corporate Disclosure. (Attachments: # 1 Certification of Service)(Hainkel, John) (Entered: 08/24/2011) |
| 08/24/2011 | 5 | Initial Case Assignment to Judge Jay C. Zainey and Magistrate Judge Sally Shushan. (cl, ) (Entered: 08/24/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/25/2011 13:23:10 | | | |
| **PACER Login:** | fr2212 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-02097-JCZ-SS |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |