ADRMOP, E-Filing

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-03564-WHA

Gilpin et al v. General Electric Company et al
Assigned to: Hon. William Alsup
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 07/20/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Adelma Gilpin**
*by and through her Guardian Ad Litem,*
*Pamela Balmes, as Wrongful Death*
*Heir, and as Successor-in-Interest to*
*Charles Raymond Gilpin, Deceased*
*also known as*
Adele Gilpin

represented by  **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Beverly Ryan**
*as Legal Heir of Charles Raymond*
*Gilpin, Deceased*

represented by  **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Gilpin**
*as Legal Heir of Charles Raymond*
*Gilpin, Deceased*

represented by  **David R. Donadio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan R. Brayton**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cindy Joseph**                              represented by   **David R. Donadio**
*as Legal Heir of Charles Raymond*                            (See above for address)
*Gilpin, Deceased*                                            *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Alan R. Brayton**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**General Electric Company**                  represented by   **Allison Michele Low**
                                                              Sedgwick LLP
                                                              One Market Plaza
                                                              Steuart Tower, 8th Floor
                                                              San Francisco, CA 94105-1008
                                                              415-781-7900
                                                              Fax: 415-781-2635
                                                              Email: allison.low@sedgwicklaw.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Charles Todd Sheldon**
                                                              Sedgwick LLP
                                                              One Market Plaza
                                                              Steuart Tower, 8th Floor
                                                              San Francisco, CA 94105
                                                              415-781-7900
                                                              Fax: 415-781-2635
                                                              Email:
                                                              charles.sheldon@sedgwicklaw.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Derek S. Johnson**
                                                              Sedgwick LLP
                                                              One Market Plaza
                                                              Steuart Tower, 8th Floor
                                                              San Francisco, CA 94105
                                                              415-781-7900
                                                              Fax: 415-781-2635
                                                              Email:
                                                              derek.johnson@sedgwicklaw.com
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler LLC**                        represented by   **Edward R. Hugo**

*formerly known as*
Foster Wheeler Corporation

Brydon Hugo & Parker
135 Main Street
20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: ehugo@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Shelley Kaye Tinkoff**
Brydon Hugo and Parker
135 Main Street
20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: tinkoff@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Thomas J. Moses**
Brydon Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
(415) 808-0300
Fax: (415) 808-0333
Email: tmoses@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Todd Shipyards Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/20/2011 | 1 | COMPLAINT for Survival, Wrongful Death - Asbestos; with Jury Demand against Foster Wheeler LLC, General Electric Company, Todd Shipyards Corporation ( Filing fee $ 350, receipt number 3411062407.). Filed by James Gilpin, Cindy Joseph, Adelma Gilpin, Beverly Ryan. (mjj2S, COURT STAFF) (Filed on 7/20/2011) (Additional attachment(s) added on 7/29/2011: # 1 Civil Cover Sheet) (wsn, COURT STAFF). (Entered: 07/21/2011) |
| 07/20/2011 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 10/18/2011. Case Management Conference set for 10/25/2011 10:00 AM in Courtroom E, 15th Floor, San Francisco. (Attachments: # 1 Standing Order, # 2 Standing Order re Case Management Conference, # 3 Standing Order for all Judges)(mjj2S, COURT STAFF) (Filed on 7/20/2011) (Entered: 07/21/2011) |
| 07/20/2011 | 3 | Certificate of Interested Entities by Adelma Gilpin, James Gilpin, Cindy Joseph, Beverly Ryan (mjj2S, COURT STAFF) (Filed on 7/20/2011) (wsn, COURT STAFF). (Entered: 07/21/2011) |

| 07/20/2011 | 4 | NOTICE of Tag-Along Action by Adelma Gilpin, James Gilpin, Cindy Joseph, Beverly Ryan (mjj2S, COURT STAFF) (Filed on 7/20/2011) (wsn, COURT STAFF). (Entered: 07/21/2011) |
|---|---|---|
| 07/20/2011 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by Adelma Gilpin, James Gilpin, Cindy Joseph, Beverly Ryan. (mjj2S, COURT STAFF) (Filed on 7/20/2011) (Entered: 07/21/2011) |
| 07/20/2011 | 6 | Summons Issued as to Foster Wheeler LLC, General Electric Company. (mjj2S, COURT STAFF) (Filed on 7/20/2011) (Entered: 07/21/2011) |
| 07/20/2011 | | CASE DESIGNATED for Electronic Filing. (mjj2S, COURT STAFF) (Filed on 7/20/2011) (Entered: 07/21/2011) |
| 07/22/2011 | 7 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (lmh, COURT STAFF) (Filed on 7/22/2011) (Entered: 07/22/2011) |
| 07/26/2011 | 8 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Susan Illston for all further proceedings. Judge Magistrate Judge Elizabeth D. Laporte no longer assigned to the case. Signed by Executive Committee on 7/26/11. (mab, COURT STAFF) (Filed on 7/26/2011) (Entered: 07/26/2011) |
| 07/27/2011 | 9 | ORDER OF RECUSAL (tf, COURT STAFF) (Filed on 7/27/2011) (Entered: 07/27/2011) |
| 07/28/2011 | 10 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. William Alsup for all further proceedings. Judge Hon. Susan Illston no longer assigned to the case. Signed by Executive Committee on 7/28/11. (mab, COURT STAFF) (Filed on 7/28/2011) (Entered: 07/28/2011) |
| 08/11/2011 | 11 | CLERKS NOTICE SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE ON REASSIGNMENT Case Management Statement due by 10/20/2011. Case Management Conference set for 10/27/2011 11:00 AM before the Honorable William Alsup in Courtroom 9, 19th Floor, San Francisco. (fj, COURT STAFF) (Filed on 8/11/2011) (Entered: 08/11/2011) |
| 08/11/2011 | 12 | SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE re 11 Clerks Notice, (fj, COURT STAFF) (Filed on 8/11/2011) (Entered: 08/11/2011) |
| 08/17/2011 | 13 | ANSWER to Complaint with Jury Demand byGeneral Electric Company. (Low, Allison) (Filed on 8/17/2011) (Entered: 08/17/2011) |
| 08/17/2011 | 14 | Certificate of Interested Entities by General Electric Company (Low, Allison) (Filed on 8/17/2011) (Entered: 08/17/2011) |
| 08/17/2011 | 15 | NOTICE by General Electric Company *of Pendency of Other Actions* (Low, Allison) (Filed on 8/17/2011) (Entered: 08/17/2011) |
| 08/29/2011 | 16 | ANSWER to Complaint with Jury Demand byFoster Wheeler LLC. (Attachments: # 1 Certificate/Proof of Service)(Moses, Thomas) (Filed on 8/29/2011) (Entered: 08/29/2011) |
| 08/29/2011 | 17 | Certificate of Interested Entities by Foster Wheeler LLC re 16 Answer to Complaint *with Disclosure Statement Pursuant to FRCP 7.1* (Moses, Thomas) |

| | | |
|---|---|---|
| | | (Filed on 8/29/2011) (Entered: 08/29/2011) |
| 08/29/2011 | 18 | NOTICE by Foster Wheeler LLC re 16 Answer to Complaint, 17 Certificate of Interested Entities *Notice of Tag-Along Action* (Moses, Thomas) (Filed on 8/29/2011) (Entered: 08/29/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/30/2011 14:43:04 | | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4801-2567 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-03564-WHA |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

1 0025941
8/5/11

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

E-filing

### Northern District of California

|  |  |  |
|---|---|---|
| ADELMA GILPIN aka ADELE GILPIN, by and through her Guardian Ad Litem, PAMELA BALMES, et al., | ) ) ) ) | |
| *Plaintiffs* | ) ) | **CV 11 3564** |
| v. | ) ) | Civil Action No. |
| GENERAL ELECTRIC COMPANY, et al., | ) ) | |
| *Defendants.* | ) | EDL |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    SEE ATTACHED

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        David R. Donadio, Brayton❖Purcell LLP, 222 Rush Landing Road, Novato, California  94948-6169

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                    *CLERK OF COURT*
                                    Richard W. Weiking

Date:    JUL 2 0 2011                         **MARY ANN BUCKLEY**
                                    _____
                                    *Signature of Clerk of Court or Deputy Clerk*

## ATTACHMENT TO SUMMONS

GENERAL ELECTRIC COMPANY

FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

ORIGINAL
FILED

2011 JUL 20 P 1: 55

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

EDL

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiffs

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

CV 11 3564

11  ADELMA GILPIN aka ADELE GILPIN,        )  No. _____
    by and through her Guardian Ad Litem,  )
12  PAMELA BALMES, as Wrongful Death        )
    Heir, and as Successor-in-Interest to   )
13  CHARLES RAYMOND GILPIN,                  )  COMPLAINT FOR SURVIVAL,
    Deceased, and BEVERLY RYAN, JAMES       )  WRONGFUL DEATH - ASBESTOS;
14  GILPIN, CINDY JOSEPH, as Legal Heirs    )  DEMAND FOR JURY TRIAL
    of CHARLES RAYMOND GILPIN,              )
15  Deceased,                                )
                                            )
16              Plaintiffs,                  )
                                            )
17  vs.                                      )
                                            )
18  GENERAL ELECTRIC COMPANY,               )
    FOSTER WHEELER LLC (FKA FOSTER          )
19  WHEELER CORPORATION), TODD              )
    SHIPYARDS CORPORATION,                  )
20                                           )
                Defendants.                  )
21  _____

22                        I.

23                     PARTIES

24       1.   Plaintiffs in this action are the above-captioned successor-in-interest to, or the

25  personal representative of the estate of Decedent; and the personal representatives on behalf of

26  the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as

27  "Plaintiffs."

28  ///

K:\Injured\110744\FED\PLD\cmp fed (wd).wpd                    1
          COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1    2.    The person who sustained asbestos-related lung injuries and death as a result of

2    their inhalation of asbestos fibers through the person's occupational exposure to asbestos,

3    hereinafter "Decedent" is, with the date of death: CHARLES RAYMOND GILPIN died

4    August 6, 2010.  ADELMA GILPIN aka ADELE GILPIN, by and through her Guardian Ad

5    Litem, PAMELA BALMES is the spouse of CHARLES RAYMOND GILPIN and is hereinafter

6    referred to as "surviving spouse."

7    3.    Decedent sustained an asbestos-related lung disease and death by precisely the

8    following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-

9    containing products at Decedent's jobsites.  The pathogenesis of Decedent's asbestos-related

10   diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by

11   reference herein.

12   4.    All of Plaintiffs' claims arise out of a similar series of occurrences:  repeated

13   exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants

14   and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period

15   of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent,

16   resulting in cumulative, progressive, incurable lung diseases.

17   5.    Each Plaintiff claims damages for an asbestos-related disease arising from an

18   identical series of occurrences not dependent on Decedent's worksite but on the fact that

19   asbestos-containing products, when handled in the manner in which they were intended, released

20   harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease.  The

21   allegations of Plaintiffs regarding the nature of Decedent's asbestos-related diseases, the nature

22   of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are

23   all identical.

24   6.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

25   mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole

26   proprietorships and/or other business entities organized and existing under and by virtue of the

27   laws of the State of California, or the laws of some other state or foreign jurisdiction, and that

28   said defendants, and each of them, were and are authorized to do and are doing business in the

1  State of California, and that said defendants have regularly conducted business in the State of
2  California.

**II.**

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

7.    Jurisdiction:  Plaintiff ADELMA GILPIN aka ADELE GILPIN, by and through
her Guardian Ad Litem, PAMELA BALMES is a citizen of the State of Illinois.  Plaintiffs
BEVERLY RYAN, JAMES GILPIN, CINDY JOSEPH are citizens of the following states,
respectively: Alaska, Alaska, Oregon.

Defendants are each corporations incorporated under the laws of and having its principal
places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| GENERAL ELECTRIC COMPANY | Connecticut |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |
| TODD SHIPYARDS CORPORATION | Washington |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action
between citizens of different states in which the matter in controversy exceeds, exclusive of costs
and interest, seventy-five thousand dollars.

8.    Venue / Intradistrict Assignment.  Venue is proper in the Northern District of
California and assignment to the San Francisco Division of said district is proper as a substantial
part of the events or omissions which give rise to the claims asserted by Plaintiffs herein
occurred within the County of San Francisco, California, and Defendants are subject to personal
jurisdiction in this district at the time the action is commenced.

///
///
///

### III.

### CAUSES OF ACTION

<u>FIRST CAUSE OF ACTION</u>
(Negligence - Survival)

PLAINTIFF ADELMA GILPIN aka ADELE GILPIN, by and through her Guardian Ad Litem, PAMELA BALMES AS SUCCESSOR-IN-INTEREST TO THE DECEDENT CHARLES RAYMOND GILPIN COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), TODD SHIPYARDS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

9.      At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos.  Said entities shall hereinafter collectively be called ALTERNATE ENTITIES.  Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

1  rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

2  products containing asbestos.  The following defendants, and each of them, are liable for the acts

3  of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

4  destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; defendants, and each

5  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

6  ENTITY; defendants, and each of them, caused the destruction of Plaintiffs' remedy against each

7  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

8  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

9  originally attached to each such ALTERNATE ENTITY:

10 | DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| TODD SHIPYARDS CORPORATION | TODD PACIFIC SHIPYARDS CORPORATION |
| | SEATTLE-TACOMA SHIPBUILDING CORP. |

18      10.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

19 each of them, were and are engaged in the business of researching, manufacturing, fabricating,

20 designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

21 supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

22 promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

23 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

24 otherwise directing and/or facilitating the use of, or advertising a certain product, namely

25 asbestos and other products containing asbestos.

26      11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

27 each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

28 fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1   to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,

2   supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,

3   installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

4   rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

5   and other products containing asbestos, in that said products caused personal injuries to users,

6   consumers, workers, bystanders and others, including the Decedent herein, (hereinafter

7   collectively called "exposed persons"), while being used in a manner that was reasonably

8   foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by

9   "exposed persons."

10       12.   Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

11   exercise due care in the pursuance of the activities mentioned above and defendants, and each of

12   them, breached said duty of due care.

13       13.   Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

14   have known, and intended that the aforementioned asbestos and products containing asbestos and

15   related products and equipment, would be transported by truck, rail, ship, and other common

16   carriers, that in the shipping process the products would break, crumble, or be otherwise

17   damaged; and/or that such products would be used for insulation, construction, plastering,

18   fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

19   limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

20   breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the

21   release of airborne asbestos fibers, and that through such foreseeable use and/or handling

22   "exposed persons," including Decedent herein, would use or be in proximity to and exposed to

23   said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

24   persons working in proximity to said products, directly or through reentrainment.

25       14.   Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-

26   containing products referred to herein in a manner that was reasonably foreseeable.  Decedent's

27   exposure to asbestos and asbestos-containing products is on current information as set forth at

28   ///

1  various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference
2  herein.

3          15.     As a direct and proximate result of the acts, omissions, and conduct of the
4  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure
5  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
6  or harm to the Decedent as set forth in **Exhibit A,** attached to Plaintiffs' complaint and
7  incorporated by reference herein.

8          16.     Plaintiffs are informed and believe, and thereon allege, that progressive lung
9  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers
10  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to
11  asbestos and asbestos-containing products over a period of time.

12          17.     Decedent suffered from a condition related to exposure to asbestos and asbestos-
13  containing products.  Decedent was not aware at the time of exposure that asbestos or asbestos-
14  containing products presented any risk of injury and/or disease.

15          18.     As a direct and proximate result of the aforesaid conduct of the defendants, their
16  "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,
17  nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact
18  amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this
19  complaint accordingly when the true and exact cost thereof is ascertained.

20          19.     As a direct and proximate result of the aforesaid conduct of the defendants, their
21  ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value
22  of medial care provided by Decedent's family members measured by, inter alia, the costs
23  associated with the hiring a registered nurse, home hospice, or other service provider, the true
24  and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to
25  amend this complaint accordingly when the true and exact costs are known or at time of trial.

26          20.     As a direct and proximate result of the aforesaid conduct of defendants, their
27  ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person,
28  body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and

1  related sequelae, and the mental and emotional distress attendant thereto, and ultimately death,

2  from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven

3  at trial.

4       21.    As a further direct and proximate result of the said conduct of the defendants,

5  their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,

6  entitlements, wages, profits, and commissions, a diminishment of earning potential, and other

7  pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave is

8  requested to amend this complaint to conform to proof at the time of trial.

9       22.    As a further direct and proximate result of the said conduct of the defendants,

10  their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-

11  containing products caused severe and permanent injury to Decedent, and ultimately Decedent

12  died on the date previously stated herein.

13       23.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

14  directors and managing agents participated in, authorized, expressly and impliedly ratified, and

15  had full knowledge of, or should have known of, each of the acts set forth herein.

16       24.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the

17  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

18  and each defendant's officers, directors, and managing agents participated in, authorized,

19  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

20  each of their ALTERNATE ENTITIES as set forth herein.

21       25.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

22  and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in

23  conscious or reckless disregard and indifference to the safety, health, and rights of "exposed

24  persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive

25  damages against said defendants.

26       WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

27  each of them, as hereinafter set forth.

28  ///

1

## SECOND CAUSE OF ACTION
(Products Liability - Survival)

2

3      PLAINTIFF ADELMA GILPIN aka ADELE GILPIN, by and through her Guardian Ad

4  Litem, PAMELA BALMES AS SUCCESSOR-IN-INTEREST TO THE DECEDENT

5  CHARLES RAYMOND GILPIN COMPLAINS OF DEFENDANTS GENERAL ELECTRIC

6  COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), TODD

7  SHIPYARDS CORPORATION, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM;

8  EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION

9  FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

10      26.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each

11  paragraph of the First Cause of Action herein.

12      27.    Defendants, their "alternate entities," and each of them, knew and intended that

13  the above-referenced asbestos and asbestos-containing products would be used by the purchaser

14  or user without inspection for defects therein or in any of their component parts and without

15  knowledge of the hazards involved in such use.

16      28.    Said asbestos and asbestos-containing products were defective and unsafe for their

17  intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

18  and/or death.  The defect existed in the said products at the time they left the possession of

19  defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

20  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

21  persons," including Decedent herein, while being used in a reasonably foreseeable manner,

22  thereby rendering the same defective, unsafe, and dangerous for use.

23      29.    "Exposed persons" did not know of the substantial danger of using said products.

24  Said dangers were not readily recognizable by "exposed persons."  Said defendants, their

25  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

26  which Decedent and others similarly situated were exposed.

27      30.    In researching, manufacturing, fabricating, designing, modifying, testing or failing

28  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

K:\Injured\110744\FED\PLD\cmp fed (wd).wpd

9

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1  sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,

2  promoting, representing, endorsing servicing, installing, contracting for installation, repairing,

3  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

4  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

5  did so with conscious disregard for the safety of "exposed persons" who came in contact with

6  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

7  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or

8  death resulting from exposure to asbestos or asbestos-containing products, including, but not

9  limited to, asbestosis, other lung damages, and cancer. Said knowledge was obtained, in part,

10  from scientific studies performed by, at the request of, or with the assistance of, said defendants,

11  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

12  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

13       31.     On or before 1930, and thereafter, said defendants, their ALTERNATE

14  ENTITIES and each of them, were aware that members of the general public and other "exposed

15  persons," who would come in contact with their asbestos and asbestos-containing products, had

16  no knowledge or information indicating that asbestos or asbestos-containing products could

17  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

18  members of the general public and other "exposed persons," who came in contact with asbestos

19  and asbestos-containing products, would assume, and in fact did assume, that exposure to

20  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

21  hazardous to health and human life.

22       32.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

23  of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

24  lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

25  market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

26  asbestos-containing products without attempting to protect "exposed persons" from, or warn

27  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

28  asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn

1  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

2  asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

3  intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

4  and suppressed said knowledge from "exposed persons" and members of the general public, thus

5  impliedly representing to "exposed persons" and members of the general public that asbestos and

6  asbestos-containing products were safe for all reasonably foreseeable uses.  Defendants, their

7  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

8  representations with the knowledge of the falsity of said implied representations.

9      33.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

10  and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

11  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

12  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

13  sale, inspection, installation, contracting for installation, repair, marketing, warranting,

14  rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise

15  directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing

16  products.  In pursuance of said financial motivation, said defendants, their ALTERNATE

17  ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact

18  were consciously willing and intended to permit asbestos and asbestos-containing products to

19  cause injury to "exposed persons" and induced persons to work with and be exposed thereto,

20  including Decedent.

21      34.    Plaintiffs allege that the aforementioned defendants, their ALTERNATE

22  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

23  products, to be safe for their intended use, but that their asbestos and asbestos-containing

24  products, created an unreasonable risk of bodily harm to exposed persons.

25      35.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of

26  their representations, lack of warnings, and implied warranties of fitness of asbestos and their

27  asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, Decedent

28  suffered permanent injury and death as alleged herein.

1    36.    As a direct and proximate result of the actions and conduct outlined herein,

2    Decedent have suffered the injuries and damages herein alleged.

3    WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities", and

4    each of them, as hereinafter set forth.

5                                    THIRD CAUSE OF ACTION
                                    (Negligence - Wrongful Death)
6

7    PLAINTIFF ADELMA GILPIN aka ADELE GILPIN, by and through her Guardian Ad

8    Litem, PAMELA BALMES, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-

9    INTEREST TO CHARLES RAYMOND GILPIN DECEASED, AND PLAINTIFFS BEVERLY

10   RYAN, JAMES GILPIN, CINDY JOSEPH AS LEGAL HEIRS OF DECEDENT, COMPLAIN

11   OF DEFENDANTS GENERAL ELECTRIC COMPANY, FOSTER WHEELER LLC (FKA

12   FOSTER WHEELER CORPORATION), TODD SHIPYARDS CORPORATION, THEIR

13   "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A THIRD, SEPARATE,

14   FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL

15   DEATH), COMPLAIN AS FOLLOWS:

16   37.    Plaintiffs incorporate by reference each paragraph contained within the First

17   Cause of Action as though fully set forth herein.

18   38.    The heirs at law of the Decedent and their relationship to the Decedent is set forth

19   above.

20   39.    The individuals set forth as heirs constitute all of the surviving heirs of the

21   Decedent.

22   40.    As a direct and proximate result of the conduct of the defendants, their

23   ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-

24   containing products caused Decedent to develop diseases from which condition Decedent died.

25   Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of

26   filing the complaint.

27   41.    At all times prior to his death, Decedent was a faithful and dutiful spouse to the

28   surviving spouse.

1   42.   As a direct and proximate result of the conduct of defendants, and each of them,

2   and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss

3   of care, society, comfort, attention, services, and support of Decedent all to the damage of

4   Decedent's heirs.

5   43.   As a further direct and proximate result of the conduct of defendants, and each of

6   them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount

7   currently not ascertained.

8   WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as

9   hereinafter set forth.

10                          FOURTH CAUSE OF ACTION
                           (Products Liability - Wrongful Death)
11

12   PLAINTIFF ADELMA GILPIN aka ADELE GILPIN, by and through her Guardian Ad

13   Litem, PAMELA BALMES, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-

14   INTEREST TO CHARLES RAYMOND GILPIN DECEASED, AND PLAINTIFFS BEVERLY

15   RYAN, JAMES GILPIN, CINDY JOSEPH AS LEGAL HEIRS OF DECEDENT, COMPLAIN

16   OF DEFENDANTS GENERAL ELECTRIC COMPANY, FOSTER WHEELER LLC (FKA

17   FOSTER WHEELER CORPORATION), TODD SHIPYARDS CORPORATION, THEIR

18   "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A FOURTH, SEPARATE,

19   FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY

20   (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

21   44.   Plaintiffs incorporate herein by reference, as though fully set forth herein, each

22   paragraph of the First, Second and Third Causes of Action herein.

23   45.   As a direct and proximate result of the conduct of defendants, and each of them,

24   Decedent's heirs have sustained the injuries and damages previously alleged.

25   WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

26   each of them, as hereinafter set forth.

27   ///

28   ///

## IV.

## DAMAGES AND PRAYER

WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and each of them in an amount to be proved at trial in each individual case, as follows:

(a)    For Plaintiffs' general damages according to proof;

(b)    For Plaintiffs' loss of income, wages and earning potential according to proof;

(c)    For Plaintiffs' medical and related expenses according to proof;

(d)    For Plaintiffs' cost of suit herein;

(e)    For exemplary or punitive damages according to proof;

(f)    For damages for fraud according to proof; and

(g)    For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest.

Dated: 7/16/11

BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues of this cause.

Dated: 7/16/11

BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EXHIBIT A

Decedent:  CHARLES RAYMOND GILPIN, Deceased.


Decedent's injuries:  Decedent was diagnosed with lung cancer on or about August 2009, and with asbestosis and asbestos-related pleural disease on or about January 2009.


Decedent died on August 6, 2010.


Retirement Status:  Decedent retired from his last place of employment at regular retirement age. He had therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.


Defendants:  Plaintiffs contend that the asbestos-containing products to which Decedent was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendants and each of them.   Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below.  The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | Naval Training Center, San Diego, CA | Trainee | 5/18/1954-8/1954 |
| U.S. Navy | Naval Station Great Lakes, IL | Fireman (Apprentice) | 8/28/1954-12/18/1954 |
| U.S. Navy | CIMARRON (AO-22) | Machinist | 3/31/1955-3/24/1958 |
|  | Todd Shipyard, San Pedro, CA |  | 1955 (3 weeks) |
|  | Long Beach Naval Shipyard Long Beach, CA |  | 1957 (2 months) |

///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy (cont'd.) | Naval Air Station North Island, San Diego, CA | Machinist | 03/24/1958 |
| | Seoul, Korea | | 1959 (2 months) |
| | Pearl Harbor Naval Shipyard Honolulu, HI | | 1959 |
| U.S. Navy | MARSH (DE-699) | Machinist | 11/15/1958-1/1959 |
| U.S. Navy | Long Beach Naval Shipyard Long Beach, CA | Inspector | 3/1959 - 7/13/1960 |
| | ADVANCE (MSO-510) | | |
| | FRANK E. EVANS (DD-754) | | |
| | KEARSARGE (CV-33) | | |
| | ROCHESTER (CA-124) | | |
| | TOLEDO (CA-133) | | |
| | Norfolk Naval Shipyard, Portsmouth, VA | | 7/13/1960-8/18/1960 |
| U.S. Navy | CHIPOLA (AO-63) | Machinist | 03/18/1961-08/16/1962 |
| | Baltimore Shipbuilding & Drydock, Baltimore, MD | | 09/26/1960-12/16/1960 (3 months) |
| | Naval Station, Treasure Island, San Francisco, CA | | 02/28/1961 |
| | Long Beach Naval Shipyard Long Beach, CA | | |

///

///

///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | HASSAYAMPA (AO-145) | Machinist | 11/09/1962-3/19/1964 |
| | Pearl Harbor Naval Shipyard Honolulu, HI | | 1962 |
| | Naval Station, Treasure Island, San Francisco, CA | | 03/19/1964 |
| U.S. Navy | NAVASOTA (AO-106) | Machinist | 5/16/1964-12/16/1967 |
| | Todd Shipyard Seattle, WA | | |
| | South Vietnam | | |
| U.S. Navy | Naval Station, Great Lakes, IL | Machinist | 12/16/1968; 04/16/1969-7/23/1973 |
| Terry Steam Turbine Co., Lamberton Rd. Windsor Locks, CT (Subsidiary of Ingersoll-Rand) | Terry Steam Turbine Co., Windsor Locks, CT (Subsidiary of Ingersoll-Rand) | Machinist | 1973 - 1977 |
| | Rainier Pulp and Paper Mill Squamish, BC | | |
| | Appleton Paper Company Appleton, WI | | |
| | Algoma Steel Mill Ontario, CN | | |
| | Rayonier, Inc. Sept-Isles, Quebec, Canada | | |
| | Monsanto Enviro-Chem Fertilizer Plant Plant City, FL | | |
| | Various Locations West and Mid-West Region | | |
| Self-Employment | Rainier Pulp and Paper Mill Squamish, BC | Machinist | 6/1978-8/ 1978 |

///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Central Oregon Community College, Bend, OR | Central Oregon Community College, Bend, OR | Instructor | 1978 - 1979 |
| | Warm Springs Lumber Co. Warm Springs Indian Reservation, Madras, OR | | 1978 - 1979 (1 month) |
| | Ochoco Lumber Co. Prineville, OR | | |
| Brooks Scanlon Lumber, Bend, OR | Brooks Scanlon Lumber, Bend, OR | Machinist (Supervisor) | 1978-1980 |
| Diamond International Corp 90 Jerusalem Ave. Hicksville, NY | Diamond Industries Bend, OR | | 1981-1983 |
| DAW Forest Products Bend, OR | DAW Forest Products Bend, OR | | |
| Louisiana Pacific Corp. 805 SW Broadway Suite 900 Portland, OR | Louisiana Pacific Corp. Plant Portland, OR | Machinist (Supervisor) | 1983-1985 |

NON-OCCUPATIONAL EXPOSURE

Decedent recalled performing the following engine maintenance and brake jobs:

1975 CHRYSLER Cordoba. Decedent purchased this car new and performed the first brake job on it. Decedent recalled taking the wheels off and unbolting the brake drums. Decedent used an air hose to blow the drums out. Decedent took the drums to his brother's shop and machined the drums himself on his brother's lathe. Decedent took the drums home to complete the brake repair. Decedent purchased new brakes from WESTERN AUTO, Bend, Oregon.

1977 FORD Thunderbird. Decedent purchased this car new and performed the first brake job on it. Decedent recalled taking the wheels off and unbolting the brake drums. Decedent used an air hose to blow the drums out. Decedent took the drums to his brother's shop and machined the drums himself on his brother's lathe. Decedent took the drums home to complete the brake repair. Decedent purchased new brakes from WESTERN AUTO, Bend, Oregon.

1989 Dodge Pick-up. Decedent purchased this vehicle used. Decedent took the head gasket off and ground the valves. Decedent used VICTOR (DANA COMPANIES, LLC (FKA DANA CORPORATION)) gaskets on this engine.