ALAN R. BRAYTON, ESQ., S.B. #73685
LLOYD F. LEROY, ESQ., S.B. #203502
RICHARD M. GRANT, ESQ., S.B. #55677
BRAYTON❖PURCELL LLP
222 Rush Landing Road
PO Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 Fax

Attorneys for Plaintiffs

**UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | **MDL DOCKET NO. 875**<br>**CTO - 432** |
| This Document Relates to:<br>BARBARA ANN LEWIS, as personal representative for the Estate of John Robert Lewis, deceased., | USDC WAW: 2:cv-11-01300 |
| Plaintiff,<br>vs.<br>TODD SHIPYARD CORPORATION, et al.,<br>Defendants. | **PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER - 432** |

BARBARA ANN LEWIS as personal representative for the Estate of John Robert Lewis, deceased., ("Movant" or "Plaintiff") by and through her counsel of record files this Motion and Brief to Vacate Conditional Transfer Order 432 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel".)

Movant respectfully moves the Panel pursuant to JPML Rule 7.1(f) to vacate its order conditionally transferring the above entitled and numbered case to the United States District Court for the Eastern District of Pennsylvania. This motion is based on the brief in support which is made a part of this filing, and such other materials as may be presented to the JPML at the time of the hearing on the motion.

///

///

## I.

## **PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

This action for asbestos-related personal injury was originally filed by Plaintiffs against numerous defendants in the Superior Court of the State of California, County of San Francisco.

Defendant TODD SHIPYARDS CORPORATION ("TODD") filed its Notice of Removal on August 5, 2011. Its alleged ground for removal as stated in the Notice is that decedent may have been exposed to asbestos from U.S. Navy ships under construction at TODD SHIPYARDS. TODD alleges it was acting under an officer of the United States and that this Court has jurisdiction under 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims. Plaintiff will file her Motion to Remand to the San Francisco County Superior Court based upon lack of subject matter jurisdiction.

The Conditional Order filed herein transferred this case to the MDL-875 in the United States District Court for the Eastern District of Pennsylvania.

Plaintiff moves this Panel to vacate the Conditional Order in furtherance of justice, and to defer to the United States District Court for the Northern District of California or the Superior Court for the State of California, County of San Francisco to move the case speedily along to trial.

## II.

## **ARGUMENT**

Title 28, United States Code, section 1407(a) allows for the transfer of a civil action "involving one or more common questions of fact" only if the Panel determines that a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Movant submits that these cases do not meet these requirements. Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather than enhance the progress of these cases.

///

///

**A.   THERE IS NO FEDERAL SUBJECT MATTER JURISDICTION AND THIS CASE SHOULD BE REMANDED TO THE STATE COURT.**

As set forth above, defendant TODD filed its Notice of Removal on August 5, 2011. Its alleged ground for removal as stated in the Notice is that it was acting under an officer of the United States and that this Court has jurisdiction under 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims. Defendant does not contest that Mr. Lewis may have been exposed to asbestos while working on or around defendant's boilers.

Removal pursuant to 28 U.S.C. Sec. 1442(a)(1) is inappropriate in that the moving party cannot demonstrate that it acted under the direction of a federal officer, cannot raise a colorable federal defense to plaintiff's claims, and cannot demonstrate a causal nexus between plaintiff's claims and the acts it alleges it performed under color of federal office.

Removal is also inappropriate in that TODD cannot demonstrate that the United States approved reasonably precise specifications that actually specified the use of asbestos in a product, that absent the specifications, would not have contained asbestos.

Removal was improper as a matter of law. The United States District Courts do not have jurisdiction pursuant to the federal officer removal statute, 28 U.S. C. sec 1442, and are without subject-matter jurisdiction to hear the case. Plaintiff's Motion to Remand, to be filed before the District Court for the Northern District of California, should be granted and the case remanded in its entirety to the California Superior Court for the County of San Francisco.

**B.   THESE CASES DO NOT SHARE COMMON FACTUAL ISSUES WITH OTHER MDL CASES.**

Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3, 1974*, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976). Implicit in this consideration is the requirement that the common facts be more than minimal. *In re Boeing Co. Employment Practices Litigation*, 293 F. Supp,2d 1382 (J.P.M.L. 2003.) A mere showing of common

///

questions of fact is not sufficient alone to merit transfer. *In re Truck Accident Near Almagordo, New Mexico on June 18, 1969*, 387 F.Supp. 732,733 (J.P.M.L.1975).

Because Movant's case is dissimilar from the multi-party asbestos suits in MDL 875 it should remain in California. The mere presence of some common factual issues does not automatically require transfer, even in asbestos exposure and personal injury actions involving scientific causation issues. While this case shares with all MDL 875 cases the common material, asbestos fibers, it is wholly different in its limited scope.

The facts in dispute in these matters (other than the generic fact of asbestos exposure) are entirely unique to decedent's work history and identification of the products with which he, in particular, worked. The evidence that will be presented in this case is essentially applicable to this specific plaintiff, and will be of little possible benefit to the parties in MDL 875.

### C. TRANSFER WILL IMMENSELY INCONVENIENCE PARTIES AND WITNESSES.

In its Order creating MDL 875, the Panel explained that since section 1407 transfer is "primarily for pretrial, there is usually no need for the parties and witnesses to travel to [Pennsylvania] for depositions or otherwise". In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp 415, 422 (J.P.M.L. 1991).

Movant respectfully submits, however, that effective practice before the Eastern District of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in chambers and court hearings. Travel to Philadelphia will require expensive air fares and lodging for parties and, their attorneys. There is little benefit, and thus little convenience, to adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re Air Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F. Supp. 1295 (J.P.M.L. 1977). This places a heavy and entirely unnecessary burden on Movants.

### D. TRANSFER WILL BE UNJUST AND INEFFICIENT.

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the actions in question. See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000).

1  That is the most important factor in determining whether consolidation of a tag along case is
2  appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C.
3  1999). The term "efficiency" in this context usually refers to conserving judicial resources. 17
4  Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

5  Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery;
6  (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and
7  judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993). See
8  generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255
9  (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in
10 transfers for coordinated or consolidated pretrial. Considerable time and trouble are in the sheer
11 mechanics of transferring and remanding. After transfer, the process of segregating the pretrial
12 matters which should be remanded for handling by the transferor courts may be time-
13 consuming, as well as subject to reasonable disagreement. The basic question before the Panel
14 in each proceeding looking to coordinated or consolidated pretrial is, then, whether the
15 objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer
16 and remand.")

17 Consolidation of Movant's case with MDL 875 will not serve any of these aims. This
18 case is dissimilar to the vast majority of cases in the MDL and places it outside the area of
19 unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created. This case can be
20 most efficiently handled by the California Superior Court in San Francisco or in the Federal
21 District Court for the Northern District of California where the trial will take place.

22 The parties will not benefit from the MDL 875's focus on common asbestos defendants.
23 It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against
24 common asbestos product manufactures) which was the context in which MDL 875 was created
25 to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the
26 resources of the parties, their counsel, and the judiciary. This case is a straightforward personal
27 injury action, one that the state court and the parties would be able to move relatively rapidly to
28 trial.

In light of the above, Movant respectfully submits that transfer to MDL-875 would be more inconvenient to the parties and witnesses, and more likely to obstruct rather than promote the just and efficient conduct of this case. Transfer will serve only to delay the matter, while increasing the judicial workload of the Pennsylvania court, and accomplishing no effective progress in the action.

**CONCLUSION**

Transfer will serve neither the convenience of the parties nor the just and efficient conduct of these cases. It is not suitable for transfer to the MDL. Most importantly, the United States District Courts lack federal subject matter jurisdiction.

For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer Order 432 as to this matter.

DATED: September 1, 2011                BRAYTON❖PURCELL LLP

  s/ Richard M. Grant
Richard M. Grant
222 Rush Landing Road
Novato, California 94945
Attorneys for Plaintiffs
Telephone: (415) 898-1555
rgrant@braytonlaw.com

ASBESTOS MDL 875 - Re: CTO 432
*BARBARA ANN LEWIS, as personal representative for the Estate of John Robert Lewis, deceased.,v. TODD SHIPYARD CORPORATION ,et al.,*
USDC WAW: 2:cv-11-01300

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the following with the JUDICIAL PANEL ON MULTIDISTRICT LITIGATION by efiling w/the court's CM/ECF system on September 1, 2011.

**PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 432**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users and that they were served by mail.

**SEE ATTACHED SERVICE LIST**

__XX__         BY OFFICE MAILING

I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Petaluma, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed September 1, 2011, at Novato, California.

I declare under penalty of perjury that the foregoing is true and correct.

 /s/ Jane Ehni
Jane Ehni
222 Rush Landing Rd.
Novato, CA 94102
415/899-1011 ext. 232

Brayton-Purcell Service List
Date Created: 8/29/2011-1:19:54 PM
Created by: LitSupport - ServiceList - Reporting
Matter Number: 108923.001 - Barbara Lewis
Run By : Ehni, Jane (JAE)

**Timothy K. Thorson**
**Carney Badley Spellman**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
206-622-8020   206-467-8215 (fax)
**Defendants:**
  Saberhagen Holdings, Inc. (SABERH)

**Corr Cronin Michelson Baumgardner & Preece LLP**
1001 Fourth Ave., Ste. 3900
Seattle, WA 98154
206-625-8600   206-625-0900 (fax)
**Defendants:**
  Sequoia Ventures Inc. (SEQUOA)

**Melissa Roeder**
**Forsberg & Umlauf, PS**
901 Fifth Avenue, Suite 1400
Seattle, WA 98164
206-689-8500   206-689-8501 (fax)
**Defendants:**
  Fraser's Boiler Service, Inc. (FRASER)

**Mark Tuvin**
**Gordon & Rees LLP**
701 Fifth Avenue, Suite 2130
Seattle, WA 98104
206-695-5100   206-689-2822 (fax)
**Defendants:**
  Asbestos Corporation Limited (ASBLTD)
  Oscar E. Erickson, Inc. (OSCAR)

**Jan. E. Brucker**
**Jackson Jenkins Renstrom LLP**
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
206-262-7600   206-262-7601 (fax)
**Defendants:**
  General Dynamics Corporation
  (GENDYN)

**Walter E, Barton, Esq.**
**Karr Tuttle Campbell**
1201 Third Avenue
Suite 2900
Seattle, WA 98101
206-223-1313   206-682-7100 (fax)
**Defendants:**
  Todd Shipyards Corporation (TODD)

**Pepple, Johnson, Cantu & Schmidt**
1501 Western Ave, Suite 600
Seattle, WA 98101
206-625-1711   206-625-1627 (fax)
**Defendants:**
  Owens-Illinois, Inc. (OI)

Roberta Nicol Dempster
SCHIFF HARDIN
1 Market, Spear Twr, 32nd Flr.
San Francisco, CA 94105
**Defendants:**
  Owens-Illinois, Inc. (OI)

**Katherine M. Steele**
**Stafford Frey Cooper, P.C.**
Two Union Square, Suite 3100
601 Union Street
Seattle, WA 98101
206-623-9900   206-624-6885 (fax)
**Defendants:**
  J.T. Thorpe & Son, Inc. (THORPE)
  Metalclad Insulation Corporation
  (METALC)

**Wilson, Smith, Cochran, Dickerson**
1215 Fourth Avenue, Ste. 1700
Seattle, WA 98161-1007
206-623-4100   206-623-9273 (fax)
**Defendants:**
  Metropolitan Life Insurance Company
  (MET)

1