ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-04326-SI

| | |
|---|---|
| Desin v. Foster Wheeler LLC | Date Filed: 08/30/2011 |
| Assigned to: Hon. Susan Illston | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Asbestos Litigation | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**Melvin Desin**  represented by  **Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
Novato, CA 94948-6169
(415) 898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

| Date Filed | # | Docket Text |
|---|---|---|
| 08/30/2011 | 6 | Summons Issued as to Foster Wheeler LLC. (ysS, COURT STAFF) (Filed on 8/30/2011) (Entered: 09/01/2011) |
| 08/30/2011 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 12/9/2011. Case Management Conference set for 12/16/2011 02:30 PM. (Attachments: # 1 standing orders and cmc order)(ysS, COURT STAFF) (Filed on 8/30/2011) (Entered: 09/01/2011) |
| 08/30/2011 | 4 | NOTICE of Tag-Along Action by Melvin Desin (ysS, COURT STAFF) (Filed |

| | | |
|---|---|---|
| | | on 8/30/2011) (Entered: 09/01/2011) |
| 08/30/2011 | 3 | Declination to Proceed Before a U.S. Magistrate Judge by Melvin Desin. (ysS, COURT STAFF) (Filed on 8/30/2011) (Entered: 09/01/2011) |
| 08/30/2011 | 2 | Certificate of Interested Entities or Persons by Melvin Desin. (ysS, COURT STAFF) (Filed on 8/30/2011) (Entered: 09/01/2011) |
| 08/30/2011 | 1 | COMPLAINT (summons issued); against Foster Wheeler LLC ( Filing fee $ 350, receipt number 34611064108.). Filed byMelvin Desin. (ysS, COURT STAFF) (Filed on 8/30/2011) (Entered: 09/01/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/02/2011 06:29:22 | | | |
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-04326-SI |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

```
 1  ALAN R. BRAYTON, ESQ., S.B. #73685
    DAVID R. DONADIO, ESQ., S.B. #154436
 2  BRAYTON❖PURCELL LLP
    Attorneys at Law
 3  222 Rush Landing Road
    P.O. Box 6169
 4  Novato, California 94948-6169
    (415) 898-1555
 5  (415) 898-1247 (Fax No.)

 6  Attorneys for Plaintiff
```

ORIGINAL FILED

AUG 3 0 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MELVIN DESIN,<br><br>    Plaintiff,<br><br>vs.<br><br>FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),<br><br>    Defendant. | CV-11-4326 SI<br><br>COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL |

I.

PARTIES

1.  Plaintiff in this action, MELVIN DESIN, has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos.

2.  Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

3.  The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

4.  All of Plaintiff's claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of

toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative, progressive, incurable lung diseases.

5. Plaintiff claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6. As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff.

7. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## II.

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8. <u>Jurisdiction</u>: Plaintiff MELVIN DESIN is a citizen of the State of California. Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey/Delaware |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9. <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial

1  part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred
2  within the County of San Francisco, California, and Defendants are subject to personal
3  jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence)

PLAINTIFF MELVIN DESIN COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

rebranded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos. The following defendants, and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused the destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |

11. At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12. At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the Plaintiff herein, (hereinafter

collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by "exposed persons".

13. Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

14. Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons", including Plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

15. Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

16. As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the Plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and incorporated by reference herein.

17. Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

18. Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

19. As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

20. As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

21. As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

22. Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

23. Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

1  and each defendant's officers, directors and managing agents participated in, authorized,
2  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
3  each of their ALTERNATE ENTITIES as set forth herein.

4  24.  The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
5  and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious
6  disregard and indifference to the safety and health of "exposed persons." Plaintiff, for the sake of
7  example and by way of punishing said defendants, seeks punitive damages according to proof.

8  WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and
9  each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Products Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY, PLAINTIFF MELVIN DESIN COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AS FOLLOWS:

25.  Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations contained in each paragraph of the First Cause of Action herein.

26.  Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

27.  Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of defendants, their "alternate entities," and each of them. Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe and dangerous for use.

28. "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons." Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

29. In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

30. On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons", who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons", who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

31. With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

1 lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
2 market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
3 asbestos-containing products without attempting to protect "exposed persons" from or warn
4 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
5 asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
6 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
7 asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
8 intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
9 and suppressed said knowledge from "exposed persons" and members of the general public, thus
10 impliedly representing to "exposed persons" and members of the general public that asbestos and
11 asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their
12 ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
13 representations with the knowledge of the falsity of said implied representations.

14     32.     The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
15 and each of them, was motivated by the financial interest of said defendants, their ALTERNATE
16 ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
17 manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
18 sale, inspection, installation, contracting for installation, repair, marketing, warranting,
19 rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-
20 containing products. In pursuance of said financial motivation, said defendants, their
21 ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed
22 persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
23 containing products to cause injury to "exposed persons" and induced persons to work with and
24 be exposed thereto, including Plaintiff.

25     33.     Plaintiff alleges that the aforementioned defendants, their ALTERNATE
26 ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
27 products to be safe for their intended use but that their asbestos and asbestos-containing products,
28 created an unreasonable risk of bodily harm to exposed persons.

1  34.  Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos and various asbestos-containing products manufactured, fabricated, inadequately researched, designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised by the aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff cannot identify precisely which asbestos or asbestos-containing products caused the injuries complained of herein.

35.  Plaintiff relied upon defendants', their "alternate entities'", and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has been injured permanently as alleged herein.

36.  As a direct and proximate result of the actions and conduct outlined herein, Plaintiff has suffered the injuries and damages previously alleged.

WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

## IV.

## PRAYER

WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them in an amount to be proved at trial, as follows:

(a)  For Plaintiff's general damages according to proof;

(b)  For Plaintiff's loss of income, wages and earning potential according to proof;

(c)  For Plaintiff's medical and related expenses according to proof;

(d)  For Plaintiff's cost of suit herein;

(e)  For exemplary or punitive damages according to proof;

(f)  For damages for fraud according to proof; and

///

///

1  (g)  For such other and further relief as the Court may deem just and proper, including
2  costs and prejudgment interest.
3
4  Dated: 8/24/11               BRAYTON❖PURCELL LLP
5
6                               By: _____
7                               David R. Donadio
                                 Attorneys for Plaintiff
8
9
10                           JURY DEMAND
11  Plaintiff hereby demands trial by jury of all issues of this cause.
12
13  Dated: 8/24/11               BRAYTON❖PURCELL LLP
14
15                               By: _____
                                 David R. Donadio
16                               Attorneys for Plaintiff
17
18
19
20
21
22
23
24
25
26
27
28

K:\Injured\116116\FED\PLD\cmp fed (pi).wpd            11
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

# EXHIBIT A

EXHIBIT A

Plaintiff: MELVIN DESIN

Plaintiff's injuries: Plaintiff was diagnosed with mesothelioma on or about April 2011

Retirement Status:

Plaintiff retired from his last place of employment at regular retirement age. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

Defendants: Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Central Electric Co.<br>610 - 3rd Street<br>San Francisco, CA | Unknown | Electrician (Apprentice) | 3/9/1953 - 5/11/1953 |
| U.S. Coast Guard | ESCANABA (WHEC-64) | Boiler Tender | 5/12/1953 - 5/16/1955 |
| Emil Weber Electric Co.<br>177 Steuart Street #700<br>San Francisco, CA | Ferry Building<br>San Francisco, CA | Electrician (Apprentice) | 5/20/1955 - 1/16/1956<br>(3 months) |
| Emil Weber Electric Co.<br>177 Steuart Street #700<br>San Francisco, CA | Herbert Hoover Middle School<br>San Francisco, CA | Electrician (Apprentice) | 5/20/1955 - 1/16/1956<br>(1 month) |
| Emil Weber Electric Co.<br>177 Steuart Street #700<br>San Francisco, CA | Riordan High School<br>San Francisco, CA | Electrician (Apprentice) | 5/20/1955 - 1/16/1956<br>(3 months) |
| Goodman Electric | Unknown | Electrician (Apprentice) | 1/20/1956 - 10/12/1956 |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Golden Gate Electrical Co. Castro Valley, CA | Residential locations San Francisco, CA | Electrician (Apprentice) | 10/17/1956 - 3/29/1957 |
| Central Electric Co. 610 - 3rd Street San Francisco, CA | Hunters Point Naval Shipyard San Francisco, CA | Electrician (Apprentice) | 4/1/1957 - 1/10/1958 (approx. 3 months) |
| Central Electric Co. 610 - 3rd Street San Francisco, CA | Federal Reserve Bank Building San Francisco, CA | Electrician (Apprentice) | 4/1/1957 - 1/10/1958 (1 week) |
| Central Electric Co. 610 - 3rd Street San Francisco, CA | Eastman Kodak Building 241 Battery Street San Francisco, CA | Electrician (Apprentice) | 4/1/1957 - 1/10/1958 (3 months) |
| Arvin Electric | Unknown | Electrician (Apprentice) | 1/13/1958 - 10/1/1958; 1/20/1959 - 4/3/1959 |
| Lemoge Electric | California State Automobile Association (AAA) San Francisco, CA | Electrician (Apprentice) | 10/2/1958 - 1/12/1959 |
| Smith Electric | Unknown | Electrician (Apprentice) | 4/6/1959 - 4/10/1959 |
| Republic Electric | Palace Hotel San Francisco, CA | Electrician (Apprentice) | 4/13/1959 - 6/30/1959 |
| Ecco - Phoenix | Unknown | Electrician (Apprentice) | 9/2/1959 - 2/4/1960 |
| State Electric Co. San Francisco, CA | Various residential locations San Francisco, CA | Electrician | 2/5/1960 - 11/18/1960 |
| Sierra Electric | Unknown | Electrician | 11/22/1960 - 1/6/1961 |
| Yamas Controls Group, Inc. | Comstock Apartments (RES) San Francisco, CA | Electrician | 1/9/1961 - 2/24/1961 |
| Brayer Electric | Unknown | Electrician | 2/27/1961 - 1/5/1962 |
| Noble-Wright Electric | Unknown | Electrician | 1/8/1962 - 3/12/1962 |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Rudolph Electric | Unknown | Electrician | 3/13/1962 - 8/10/1962 |
| Swift Electric San Francisco, CA | Various residential locations San Francisco, CA | Electrician | 8/13/1962 - 11/1/1963 |
| James Electric San Francisco, CA | Various residential locations San Francisco, CA | Electrician | 11/4/1963 - 1/1964 |
| Desin Electric 2191 ½ Powell Street San Francisco, CA | Various residential and light commercial locations San Francisco, CA | Electrician | 2/1964 - 5/1984 |

NON-OCCUPATIONAL EXPOSURE:

AUTOMOBILE REPAIR:

Plaintiff performed brake work, and engine and exhaust gasket work on approximately 10 personal vehicles from the 1960s - 1980s. When performing brake jobs, plaintiff used the same routine on each occasion. Plaintiff removed old asbestos-containing brakes, cleaned the brake assemblies and drums with a brush and compressed air, and installed new asbestos-containing brakes. When performing engine and exhaust gasket work, plaintiff scraped and chipped asbestos-containing burned out gaskets from exhaust manifolds and engine head gaskets. Plaintiff purchased asbestos-containing replacement parts, including BENDIX (HONEYWELL INTERNATIONAL, INC.) brakes and VICTOR (DANA COMPANIES, LLC (FKA DANA CORPORATION)) gaskets from GRAND AUTO (CSK AUTO, INC.), San Rafael, California and B&B AUTO, Magnolia Street, Larkspur, California.

Plaintiff performed repair to following personal vehicles:

1953 Jaguar, purchased used. Plaintiff performed engine gasket work. Plaintiff purchased asbestos-containing replacement gaskets from WOODLAND AUTO, San Rafael, California and BRITISH AUTO PARTS, San Francisco, California.

1961 Ford Van, purchased used. Plaintiff performed brake work on all four drum brakes.

1966 Chevrolet, purchased used. Plaintiff replaced the brakes and replaced the exhaust manifold gaskets once.

1969 FORD MOTOR COMPANY Van, purchased new. Plaintiff changed the brakes once, removing the asbestos-containing original equipment manufacturer's brakes.

1971 Ford Truck, purchase used. Plaintiff performed brake work on all four drum brakes.

1974 BMW, purchased used. Plaintiff replaced the engine head gasket and exhaust manifold gasket.

1977 CHEVROLET (GENERAL MOTORS CORPORATION) purchased new. Plaintiff replaced the front disc brakes, removing the asbestos-containing original equipment manufacturer's brakes.

1 | 1981 BMW, purchased used. Plaintiff replaced the brakes once.

2 | Plaintiff currently contends he was exposed to asbestos during this automobile repair work.

3 | HOME REMODEL:

4 | Plaintiff purchased his home at 11 Wiltshire Ave, Larkspur, California in 1963. In the 1960s and early 1970s, plaintiff installed a lot of drywall and asbestos-containing drywall accessory products, including joint compounds manufactured by UNITED STATES GYPSUM COMPANY, KAISER GYPSUM COMPANY, INC., GEORGIA-PACIFIC CORPORATION, RICH-TEX, INC. and GOLD BOND (ASBESTOS CLAIMS MANAGEMENT CORPORATION) which he applied and sanded. Plaintiff purchased asbestos-containing GOLD BOND (ASBESTOS CLAIMS MANAGEMENT CORPORATION) and GEORGIA-PACIFIC CORPORATION joint compounds from GOODMAN'S LUMBER CO., Mill Valley, California. Plaintiff installed and removed ARMSTRONG vinyl asbestos flooring from his kitchen and dining areas.