BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA- NORTHERN DIVISION

**CLEVELAND KITE,**          )
                             )
       **Plaintiffs,**       )
                             )
vs.                          )
                             )   **Case No. 2:11-CV-00444**
**BILL VANN COMPANY,**       )   **CTO - 433**
**INC., et al.,**            )
                             )
       **Defendants.**       )
                             )

### PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-433)

COMES NOW the Plaintiff, by and through undersigned counsel, and files this brief in support of Plaintiff's Motion to Vacate the Conditional Transfer Order in order to Allow Transferor Court to Rule on Plaintiff's Motion for Remand to State Court, based on the following grounds:

1

# INTRODUCTION

1. Plaintiff, Cleveland Kite, filed this asbestos personal-injury lawsuit in the Circuit Court of Marengo County, Alabama on May 4, 2011 seeking to collect damages as a result of his exposure to asbestos from various manufacturers, suppliers and distributors of asbestos-containing products. This exposure to asbestos was a proximate cause of his mesothelioma, a terminal and painful cancer which Mr. Kite was diagnosed with on February 8, 2011.

2. Mr. Kite asserts that remand of his case is appropriate because (1) Warren Pumps failed to satisfy the requirements of removal under the federal officer removal provision, 28 U.S.C. 1442(a)(1); (2) Cummins and Warren Pumps invocation of the federal enclave doctrine fails because they have failed to show that plaintiff's complaint will require the application of federal law; and (3) plaintiff's complaint clearly and unequivocally disclaimed recovery for any injuries occurring on a federal enclave. ¶ 4 *of Plaintiff's Motion for Remand and Memorandum in Support.*

# PROCEDURAL HISTORY

3. In the Alabama State Court Complaint, the plaintiff alleged state-law negligence and breach of warranties claims against the defendants, based on their failure to warn of the health hazards associated with asbestos exposure. The Removing Defendants have not met their burden in proving that there are claims

arising under federal law there were alleged in the Complaint. Additionally, the Removing Defendants have not met their burden in proving that an alleged substantive federal question was raised or the existence of a federal issue that needs to be decided upon in order to establish the removing defendants' liability under the causes of action in the Plaintiff's Complaint.

4.   On August 5, 2011 Defendants Cummins, Inc. and Warren Pumps, Inc. filed a Notice of Removal in the above referenced matter to federal court based on "federal officer" removal statue under 28 U.S.C. § 1442(a)(1) and on the "federal enclave" removal statue under 28 U.S.C. § 1331. Also, Defendant CBS Corporation and Buffalo Pumps, Inc. consented to the Removing Defendants' Notice of Removal and alleged additional grounds for removal under 28 U.S.C. § 1442(a)(1).

5.   On August 18, 2011, Plaintiff timely filed a Memorandum of Law in Support of the accompanying Motion to Remand in response to the Notice of Removal filed by Cummins, Inc. and Warren Pumps, Inc.

6.   On August 26, 2011, the Removing Defendants Warren Pumps LLC, Cummins, Inc., Buffalo Pumps, Inc. and CBS Corp. all filed Replies to Plaintiff's Motion to Remand to State Court.

7.   On September 2, 2011, Plaintiff filed replies to Warren Pumps LLC, Cummins, Inc., Buffalo Pumps, Inc. and CBS Corp.'s Oppositions to Plaintiff's

Motion to Remand. Additionally, Plaintiff filed a Motion to Remand based on Additional Grounds and Motions to Object to and Exclude the Evidence Submitted by the Defendants' in their Oppositions to Plaintiff's Motion to Remand.

## ARGUMENT

### The Panel May Vacate Conditional Transfer Orders in Order to Allow the Time Needed for the Transferor Court to Rule on the Motion to Remand.

8.  The Panel has vacated conditional transfer orders in the past, in order to afford transferor courts an opportunity to rule promptly on motions for remand to state court. In *Vasura v. ACandS, Inc.*, involving a similar asbestos matter removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." *Vasura v. ACandS, Inc.*, 84 F. Supp. 2d 531, at 533 (S.D.N.Y. 2000). Furthermore, the Panel denies motions for transfer when the transfer will neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. In re A.H. Robins Co. Dalkon Shield, 570 F.Supp. 1480 (J.P.M.L. 1983).

9.  In the current matter, the Plaintiff is only requesting that this Panel allow a timely ruling to be made on the Motion to Remand, so that his interests are fairly served. The Judicial Panel transfers cases for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. 1407, when the actions involve common questions of fact, and the transfers will serve the convenience of the parties and witnesses and promote the just and efficient conduct of litigation. In re

Sta-Power Industries, Inc., 404 F. Supp. 476 (J.P.M.L. 1975). Those interests would not be properly served in this present matter.

10.     Moreover, the transfer of this case to MDL 875 would be manifestly unjust to the Plaintiff. The Plaintiff has already incurred unnecessary expense and delay in their cases due to the improper removal of their cases to the United States District Court of Southern Alabama-Northern Division from the Circuit Court of Marengo County, Alabama.  The injuries to Plaintiff herein will be compounded if the Panel transfers their cases to yet another forum.  The transfer of Plaintiff's case to the MDL will serve no purpose other than to benefit the Removing Defendants by providing a delay in the imperative trial deposition of the Plaintiff before his health condition deteriorates further, and ultimately a delay of the trial of Plaintiff's claims.  The Plaintiff would suffer irreparable harm and considerable delay in having his case presented to a jury if his case is now transferred to the MDL Court of Pennsylvania.

**It  Would be a Waste of Judicial Resources to Transfer the Case to the MDL Without First Properly Establishing Whether Federal Jurisdiction is Appropriate, which the Plaintiff Reasonably Believes It Is NOT.**

11.     The basic purpose underlying the enactment of 28 U.S. Section 1407 was to secure in multidistrict litigation, as in all other civil litigation, the just, speedy and inexpensive determination of every action. In re National Student Marketing Litigation, 368 F. Supp. 1311, 1316 (J.P.M.L. 1983). This basic purpose

will not be fulfilled in the case at hand because it will most likely languish for a period of time until the proper jurisdiction of this case is established, a process which currently ongoing in the District Court as discussed above.

**12.** The purpose of a Motion for Remand is to determine if a valid basis for federal jurisdiction exists. Federal jurisdiction has not been established at this point. Absent a finding of federal jurisdiction, the case would clearly not belong in the MDL. It makes abundant sense, in the interest of judicial economy, to allow the remand motion process to fully run its course before burdening the MDL with yet another asbestos case. Additionally, the Plaintiff has requested an expedited decision from Judge Steele in the interest of this Conditional Transfer Order and of Mr. Kite's current health condition.

**13.** Whether or not the case should be remanded to the state court is strictly a matter of Alabama law. Additionally, according to Rule 2.1(d) of 28 U.S.C. § 1407 the United States District Court of the Southern District of Alabama-Northern Division still retains jurisdiction. It would be burdensome and inefficient to transfer this case to MDL 875 and require the MDL Judge to rule on these local issues, especially when the issue has been fully briefed before the transferor court and a decision on remand is imminent. Finalizing the Conditional Transfer Order prior to the ruling on jurisdiction will add yet another substantial case to the already overburdened docket of MDL-875.

14.     Vacating the Conditional Transfer Order in this case until the United State District Court for the Southern Alabama-Northern Division has ruled upon the Motion to Remand will cause no prejudice to any party and will further the interests of judicial economy, which is reason for which this process was originally created. If jurisdiction is rejected, the case will be returned to State Court. If jurisdiction is confirmed, the Conditional Transfer Order process can run its course at that point.

## CONCLUSION

WHEREFORE, Plaintiff requests that the Panel VACATE the conditional transfer order 433, until such time as the United State District Court for the Southern District of Alabama-Northern Division has been given the opportunity to rule on Plaintiff's Motion to Remand.

RESPECTFULLY SUBMITTED, this the 6th day of September, 2011.

                               s/G. Patterson Keahey_____
                               G. Patterson Keahey
                               Alabama State Bar No.: ASB-6357-A64G
                               *Attorney for the Plaintiff*

**OF COUNSEL:**
THE LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Drive, Ste. 612
Birmingham, Alabama 35209
Telephone:  (205)871-0707
Email:       efile@mesohelp.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2011, I have caused service of the foregoing on the parties of record by electronic filing with the Clerk of Court using the CM/ECF, electronic filing system, which will send a Notice of Electronic Filing to all parties with an e-mail address of record, and by first-class mail to those parties not registered to receive notice from the Clerk of Court.

                                              s/ G. Patterson Keahey
                                                OF COUNSEL