Exhibit A

# U.S. District Court
## Southern District of Alabama (Selma)
## CIVIL DOCKET FOR CASE #: 2:11-cv-00505-WS-C

Duckett v. Honeywell International, Inc., et al
Assigned to: Chief Judge William H. Steele
Referred to: Magistrate Judge William E. Cassady
Cause: 28:1332 Diversity-Wrongful Death

Date Filed: 08/29/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Barbara Jean Duckett**
*as executrix of the estate of Lillie Cone
Cook, deceased*

represented by **George M. Keahey**
P.O. Box 934
Grove Hill, AL 36451
251-275-3127
Email: marc@keaheylawoffice.com
*ATTORNEY TO BE NOTICED*

**Grover Patterson Keahey , Jr.**
#1 Independence Plaza, Suite 612
Birmingham, AL 35209
205-871-0707
Email: efile@mesohelp.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pneumo Abex, LLC**

represented by **Joel M. Kuehnert**
Bradley Arant Boult Cummings
1819 Fifth Ave. N.
Birmingham, AL 35203
(205) 521-8000
Fax: 2055218800
Email: jkuehnert@babc.com
*ATTORNEY TO BE NOTICED*

**John David Owen**
Bradley Arant Boult Cummings LLP
1819 Fifth Ave. N.
Birmingham, AL 35203
(205) 521-8000
Email: jowen@babc.com
*ATTORNEY TO BE NOTICED*

**T. Michael Brown**
Bradley Arant Boult Cummings LLP
1819 Fifth Ave. N.
Birmingham, AL 35203

Exhibit A

(205) 521-8000
Email: mbrown@ba-boult.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International, Inc.**                          represented by   **Frank E. Lankford , Jr.**
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 S., Suite 200
Birmingham, AL 35223
205-251-1256
Email: fel@hfsllp.com
*ATTORNEY TO BE NOTICED*

**Stewart D. McCloud**
Huie, Fernambucq & Stewart, LLP
2801 Highway 280 South, Suite 200
Birmingham, AL 35223
205-251-1193
Email: swm@hfsllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Saint-Gobain Abrasives, Inc.**                         represented by   **Robert H. Sprain , Jr.**
Sprain Law Firm, P.C.
1707 29th Court South
Birmingham, AL 35209
205-437-3232
Email: rhs@sprainlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance
Company**                                                 represented by   **Joi C. Scott**
Christian & Small, LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203
205-795-6588
Email: jcscott@csattorneys.com
*ATTORNEY TO BE NOTICED*

**Michael Anthony Vercher**
Christian & Small LLP
505 20th Street North, Suite 1800
Birmingham, AL 35203-2696
205-795-6588
Email: mavercher@csattorneys.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia-Pacific LLC**                                   represented by   **Allan R. Wheeler**

Exhibit A

Burr & Forman LLP
420 North 20th Street, Ste. 3400
Birmingham, AL 35203
(205) 251-3000
Fax: (205) 458-5100
Email: awheeler@burr.com
*ATTORNEY TO BE NOTICED*

**C. Paul Cavender**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203-3284
205-458-5350
Fax: 205-458-5100
Email: paul.cavender@burr.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Universal Auto Parts Company**              represented by  **Robert F. Northcutt**
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, AL 36102-2069
(334) 241-8000
Fax: 3342418282
Email: rfn@chlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warrior 1-Stop Building Supply**              represented by  **Christopher L. McIlwain**
**Company**
Hubbard, Smith, McIlwain, Brakefield
& Browder, P.C.
P. O. Box 2427
Tuscaloosa, AL 35403-2427
205-345-6789
Email: cmcilwain@hsmbb.com
*ATTORNEY TO BE NOTICED*

**G. Stephen Wiggins**
Davidson, Wiggins & Crowder, P. C.
Post Office Box 1939
Tuscaloosa, Al 35403
(205)759-5771
*ATTORNEY TO BE NOTICED*

**Raley Livingston Wiggins**
P.O. Box 2427
Tuscaloosa, AL 35403
205-345-6789
Email: rwiggins@hubbardfirm.com

Exhibit A

*ATTORNEY TO BE NOTICED*

**Defendant**

**Sepco Corporation**                    represented by  **Frank E. Lankford , Jr.**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Stewart D. McCloud**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**FMC Corporation**                      represented by  **Allan R. Wheeler**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **C. Paul Cavender**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/29/2011 | 1 | NOTICE OF REMOVAL by Pneumo Abex, LLC from Circuit Court of Marengo County, Alabama, case number CV 2011-900054. ( Filing fee $ 350, Receipt number 1128-1142552, Online Credit Card Payment.), filed by Pneumo Abex, LLC. (Attachments: # 1 Exhibit Complaint, # 2 Exhibit Ala. Code 6-5-501, # 3 Exhibit Affidavit of Glenn Kimbrough Mayton, # 4 Exhibit Examples of Reported Alabama Wrongful Death Jury Verdicts', # 5 Exhibit Notices of Consent to Removal, # 6 Exhibit Marengo County State Court File) (Kuehnert, Joel) (Additional attachment(s) added on 8/30/2011: # 7 Civil Cover Sheet) (tgw). (Entered: 08/29/2011) |
| 08/29/2011 | 2 | Corporate Disclosure Statement filed by Defendant Pneumo Abex, LLC. (Kuehnert, Joel) (Entered: 08/29/2011) |
| 08/29/2011 |  | MOTION to Dismiss by Warrior 1-Stop Building Supply Company. (Filed in Marengo County Circuit Court - see page 258 at doc. 1) Ref to Judge Steele (tgw) (Entered: 08/31/2011) |
| 08/30/2011 | 3 | ANSWER to Complaint with Jury Demand *Answer and Defenses of Metropolitan Life Insurance Company to Plaintiff's Complaint* by Metropolitan Life Insurance Company. (Scott, Joi) (Entered: 08/30/2011) |
| 08/30/2011 | 4 | Corporate Disclosure Statement filed by Defendant Metropolitan Life Insurance Company. (Scott, Joi) (Entered: 08/30/2011) |
| 08/30/2011 | 5 | NOTICE by Pneumo Abex, LLC *of Potential Tag-Along Action* (Attachments: # 1 Exhibit) (Kuehnert, Joel) (Entered: 08/30/2011) |

Exhibit A

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/06/2011 13:32:10 | | | |
| **PACER Login:** | ba0105 | **Client Code:** | 0C0000-029606-00220 |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-00505-WS-C |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

ELECTRONICALLY FILED
7/22/2011 5:30 PM
CV-2011-900054.00
CIRCUIT COURT OF
MARENGO COUNTY, ALABAMA
RUSTY NICHOLS, CLERK

Exhibit A

# IN THE CIRCUIT COURT OF MARENGO COUNTY, STATE OF ALABAMA

| | |
|---|---|
| **BARBARA JEAN DUCKETT as executrix of the ESTATE OF LILLIE CONE COOK, deceased,** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** )<br>) | |
| **HONEYWELL INTERNATIONAL, INC.,** individually and as successor in interest to **ALLIED CHEMICAL INC.,** f/k/a **BENDIX CORP.;** )<br>)<br>)<br>)<br>)<br>) | **Civil Action No.:**<br><br>_____ |
| **GEORGIA-PACIFIC LLC;** )<br>) | |
| **SAINT-GOBAIN ABRASIVES, INC. f/k/a NORTAN COMPANY;** )<br>)<br>) | **JURY DEMAND** |
| **WARRIOR 1-STOP BUILDING SUPPLY COMPANY;** )<br>)<br>) | |
| **PNEUMO ABEX LLC, successor in interest to ABEX CORP.;** )<br>)<br>) | |
| **METROPOLITAN LIFE INSURANCE COMPANY;** )<br>)<br>) | |
| **SEPCO CORPORATION;** )<br>) | |
| **UNIVERSAL AUTO PARTS COMPANY a/k/a NAPA AUTO PARTS a/k/A GENUINE PARTS COMPANY;** )<br>)<br>)<br>)<br>) | |
| **FMC;** )<br>) | |
| **JOHN DOE,** 1-100, inclusive premises owners, manufactures, sellers or installers of asbestos-containing materials and products (Names & Addresses unknown) )<br>)<br>)<br>)<br>)<br>) | |
| **Defendants.** ) | |

Exhibit A

## COMPLAINT

**COMES NOW** Plaintiff by and through counsel and files this Complaint stating as follows:

### BACKGROUND FACTS – PLAINTIFF

1.    Plaintiff, BARBARA JEAN DUCKETT, EXECUTRIX OF THE ESTATE OF LILLE CONE COOK, deceased, (hereinafter "Plaintiff") is a resident of Alabama. LILLIE CONE COOK, (hereinafter "COOK" or "Plaintiff") died on July 23, 2009, as a result of her exposure to asbestos materials and products. At the time of her death, Cook was a resident of Alabama.

2.    COOK was exposed to asbestos dust, asbestos particles, and asbestos containing materials and products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by the producer and/or distributor defendants during her employment as a production worker with King Pharr Canner from approximately 1955 - 1960, Carter Gibb Egg House as a sorter for approximately four months in 1963, Hanceville Nursing Home for approximately 2 months as an aide, and, Bland & Bland Grocery Store, Volume Foods and Quattlebaum from approximately 1963 through  1976 as a meat department employee.

3.    COOK was also continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by the defendants named and fictitious from secondary asbestos exposure through her husband, David Cook, from approximately 1938 until approximately 1987, who worked as a coal mine laborer, farmer, school bus driver, and truck driver, and one or more of their children through their individual employment, *inter ali*a.

2

Exhibit A

4.     During the course of their employment, David Cook, and/or one or more of their children, worked around asbestos containing products, including, but not limited to, asbestos containing gaskets, pumps, valves, electrical equipment, farm equipment, brakes, furnaces, cements, air compressors, boilers, joint compounds, grinders, rope packing, and other industrial equipment in their workplaces, which contained significant amounts of asbestos-containing products and materials, carrying asbestos dust from said sources home on their clothing causing harm to themselves and their families, including COOK.

5.     As a result of her primary and secondary exposure to asbestos dust, asbestos particles, and asbestos containing materials and products, COOK was injured and suffered damages, including being diagnosed with one or more asbestos related diseases, including Mesothelioma, and death.

6.     At all times relevant hereto, with the exception of Metropolitan Life Insurance Company, the above-named defendants were in control of premises and/or were manufacturers, processors, importers, converters, compounders, merchants, installers, removers, sellers, distributors, marketers, suppliers of asbestos, asbestos insulation materials, and/or asbestos-containing products (hereinafter referred to as "asbestos products").   In addition, each of the above-named defendants, acting by and through their servants, agents and employees, caused such asbestos products to be sold and placed in the stream of commerce.


**BACKGROUND FACTS - THE DEFENDANTS**

7.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

Exhibit A

8.      With the exception of defendant, Metropolitan Life Insurance Company, each and every one of the following defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the premises, facilities and worksites containing asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others:

9.      Honeywell International, Inc., individually and as successor in interest to Allied Chemical Inc., f/k/a Bendix Corporation, a Delaware corporation, may be served through its registered agent c/o CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

10.     Georgia-Pacific LLC, individually and as successor in interest to Bestwall Gypsum Company, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

11.     Saint-Gobain Abrasives, Inc. f/k/a Norton Company may be served through its registered agent c/o The Prentice-Hall Corporation System, 80 State Street, Albany, New York 12207.

12.     Warrior 1-Stop Building Supply, an Alabama corporation incorporated in Marengo County, Alabama, may be served through its highest ranking officer at its principal place of business, 1005 Cypress Point East, Demopolis, Alabama 36732.

13.     Pneumo Abex LLC, successor in interest to Abex Corporation may be served through its registered agent, David M. Sherbin, 26555 Northwestern Highway, Southfield, MI 48034.

Exhibit A

14.     Metropolitan Life Insurance Company, a New York corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104. Metropolitan Life Insurance Company did not produce or distribute asbestos or asbestos containing products; rather, Metropolitan Life Insurance Company insured asbestos products.

15.     Sepco Corporation, a California corporation, may be served through its registered agent, CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

16.     Universal Auto Parts Company a/k/a Napa Auto Parts a/k/a Genuine Parts Company may be served through its registered agent, Emerson Pitts, 1570 West Highland Drive, Jackson, Mississippi 39204.

17.     FMC Corporation on behalf of its former Construction Equipment Group, former Turbo Pump Operation, and former Chicago Pump and Peerless Pump may be served through its registered agent, The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

18.     Defendants JOHN DOE, 1-100, inclusive manufacturers, sellers, or installers of asbestos-containing products (Names & Addresses unknown), and/or in control of premises where asbestos containing products are/were in use, are Alabama or foreign corporations, partnerships, associations or other legal entities which transact business in the State of Alabama and in this county and which is capable of being sued. Once the identity and whereabouts of John Doe, 1-100, are established, said defendants will be served with a copy of summons and complaint as provided by law.  Defendants JOHN DOE, 1-100, are subject to the jurisdiction and venue of this Court.

Exhibit A

## ALLEGATIONS

19.     COOK was diagnosed with, suffered from, and died of an asbestos related disease as a result of her exposure to crocidolite, amosite, chrysotile, tremolite and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos".

20.     Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive and deadly tissue damage which can manifest itself as malignant mesothelioma, lung cancer and other cancers.  Most airborne asbestos fibers are microscopic in size, fall at a very slow rate and can easily be "re-entrained" into the atmosphere.  All asbestos fibers are indestructible up to very high temperatures and do not disintegrate.  Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the ACMs from which the fibers were released are no longer in use.  Suspended asbestos fibers settle on all objects introduced into such environments, including, but not limited to, work clothing, and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing.  Such asbestos-laden clothing can contaminate a home, car or other locations by subsequently releasing asbestos fibers into the atmosphere of the new location.

21.     From approximately 1937 through 2009, COOK was exposed to asbestos and asbestos containing products.

22.     During the above-stated years, COOK, while working with and around asbestos and asbestos products manufactured and supplied by Defendants, or secondarily because asbestos dust and fibers were brought home by her husband, David Cook, and/or one or more of

Exhibit A

their children, was caused to inhale asbestos fibers which were released from the said products and became airborne during the products' intended use.

23.     At all times pertinent hereto, the product or products manufactured, distributed, sold and supplied by the defendant corporations reached COOK without any substantial changes in the condition of the product or products from the time they were sold.

24.    Each defendant, both substantially prior to and during the exposure period, contaminated the work sites of COOK, COOK'S husband, and/or one or more of their children, with respirable asbestos fibers by one or more of the following means:

      a.    installing, removing, handling, designing, testing, evaluating, manufacturing, mining, packaging, furnishing, supplying and/or selling ACMs;

      b.    recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold;

      c.    failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied and/or sold when the use of the same was reasonably foreseeable;

      d.    failing to maintain the work sites of COOK, COOK'S husband, and/or one or more of their children in a reasonably safe manner by allowing those sites to become contaminated with asbestos;

7

Exhibit A

e.      failing to adequately warn COOK, COOK'S husband, and/or one or more of their children of the danger posed by the inhalation or injection of asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate her exposure to asbestos;

f.      In addition, contractors and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and otherwise disturbing asbestos-containing products in such a manner to cause the release of asbestos fibers;

g.      In addition, premises owners are sued for negligently installing, removing, maintaining or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities including their exposure to asbestos.

25.      At all relevant times hereto, the defendants knew or should have known all of the following:  (1) that asbestos is a deleterious and carcinogenic substance, extremely hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined use of ACMs over a significant period of time would pollute COOK, COOK'S husband, and/or one or more of their children's home and work environment, virtually insuring that she would constantly be exposed to asbestos.

## **REMOVAL**

26.      Removal of this action is improper for the following reasons: (a) the federal

Exhibit A

courts lack subject matter jurisdiction over this action; (b) this action does not involve a federal question; (c) there is lack of complete diversity of citizenship between the plaintiff and Defendants; (d) the presence of Alabama defendants eliminates Defendants' right of removal even when there is complete diversity of citizenship between the plaintiff and Defendants; (e) the plaintiff expressly disclaims every claim arising under the Constitution, treaties or law of the United States (including any claim arising from an act or omission on a federal enclave, or by any officer of the United States or any agency or person acting under him/her under color of such office); (f) no claim of admiralty or maritime law is raised; and (g) the Circuit Court of Marengo County, Alabama is proper venue for this action.

27.     Removal based in whole or in part on the bankruptcy of any defendant, whether named or fictitious, any joint tortfeasors and/or any predecessor, successor, subsidiary, affiliate, assignee, etc., thereof, would be frivolous. Under Alabama law, the defendants are jointly and severally liable to COOK with no right of contribution and/or indemnity among or between themselves, any other joint tortfeasors and/or third persons. Plaintiff in his/her sole discretion may choose to pursue a claim against one joint tortfeasor, all tortfeasors, or of any combination thereof. Moreover, Plaintiff, in his/her sole discretion, may choose to collect any judgment entered against multiple defendants from one, all, or any combination thereof.  Therefore, the bankruptcy of any entity referenced hereinabove will have no effect on removing Defendants' liability to Plaintiff whatsoever.

## **VENUE**

28.     Venue is proper in this Court pursuant to **_Ala. Code_** § 6-3-7 (a) (1975). One of the defendants who manufactured, sold, distributed, and/or supplied asbestos-containing products to

which the plaintiff was exposed was incorporated in and/or has its principal place of business in Marengo County, Alabama. Venue is appropriate with regard to the remaining defendants by virtue of the fact that they are joint tortfeasors with the resident defendant. Therefore, venue is proper in Marengo County, Alabama.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

29.     Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

30.   At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance Company,   the above-named defendants are liable to the plaintiff jointly and/or severally for being generally negligent in failing to provide a safe product, and more specifically as follows:

> a.      For carelessly and negligently installing, distributing, supplying, manufacturing and selling the said asbestos and asbestos products so as to cause injury to COOK;

> b.      For carelessly and negligently creating and allowing a dangerous condition to exist by failing to properly package the said products;

> c.      For carelessly and negligently allowing a dangerous condition by failing to inspect the packaging of the said products;

> d.      For carelessly and negligently creating and allowing a dangerous condition by failing to provide proper instructions for handling said products;

> e.      For failing to exercise the requisite degree of care and caution in the distribution, manufacture, supply and sale of the said products;

> f.      For failing to warn and/or adequately warn of the dangers of the product or products when the defendant corporations knew or should have known that the use and/or exposure to the product or products would cause disease and injury;

Exhibit A

g.      For failing to take reasonable precautions to warn of the dangers to which COOK was exposed when the defendants knew or should have known of the said dangers;

h.      In failing to warn COOK, COOK'S husband, and/or one or more of their children what would be safe and sufficient wearing apparel for a person who is exposed to or using the said product or products;

i.      For negligently failing to inform COOK, COOK'S husband, and/or one or more of their children of what would be safe, sufficient and proper protective equipment and appliances when using or being exposed to the products;

j.      For failing to test the products;

k.      For failing to remove the product from the market when the defendant corporations knew or should have known of the hazards of exposure to the products;

l.      For failing to use substitute materials for the asbestos in the asbestos-containing products;

m.      For failing to mark, label or otherwise identify and distinguish during installation and subsequently those products which contain asbestos;

n.      For failing to warn COOK, COOK'S husband, and/or one or more of their children's employers of the dangers associated with the inhalation of asbestos fibers;

o.      In negligently suppressing the dissemination of medical and scientific information relating to the harmful effects of exposure to asbestos and asbestos containing products and in prohibiting the publication of certain scientific and medical articles.

WHEREFORE, Plaintiff demands judgment against each of the defendants, including the fictitious party defendants, jointly and severally, and that punitive damages be awarded to

Exhibit A

Plaintiff in an amount which will fairly and adequately compensate Plaintiff for the injuries and damages sustained by Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## SECOND CAUSE OF ACTION
### STRICT LIABILITY

31.     Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

32.     At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance Company, the above-named defendants are strictly liable to the plaintiff as follows:

a.      For failure to properly, adequately and safely label the produce or products;

b.      For selling a product or products which were in a defective condition and unreasonably dangerous in their design and manufacture at the said time of sale;

c.      For selling a product or products which were in a defective condition because they were without all necessary elements to make them safe for use;

d.      For selling a product or products that were in a defective condition and because of a failure to give adequate and complete warnings of the known or knowable dangers involved in the use and exposure to the product or products.

Exhibit A

WHEREFORE, Plaintiff demands judgment against each of the defendants, including the fictitious party defendants, jointly and severally, and that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate Plaintiff for the injuries and damages sustained by Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

### THIRD CAUSE OF ACTION
### GROSS, WILLFUL AND WANTON MISCONDUCT

33.    Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

34.   The defendants are liable to the plaintiff for their gross, willful and wanton misconduct in knowingly and intentionally concealing and misrepresenting the dangerous characteristics of their asbestos products, as well as concealing the detrimental aspects of asbestos contained in its products to the plaintiff-decedent's health and physical condition.

WHEREFORE, Plaintiff demands judgment against each of the defendants, including the fictitious party defendants, jointly and severally, and that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate Plaintiff for the injuries and damages sustained by Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees.

Exhibit A

Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## FOURTH CAUSE OF ACTION
## <u>CONSPIRACY AGAINST METROPOLITAN LIFE INSURANCE COMPANY</u>

35.     Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

36.     Defendant Metropolitan Life Insurance Company agreed and conspired with miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

37.     Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published favorable portions of their findings and/or refrained from publishing anything.  Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors to mislead and obfuscate.

38.     Defendant Metropolitan Life Insurance Company knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted manufacturers of asbestos-containing products in keeping COOK, COOK'S husband, and/or one or more of their children and other business invitees, users, bystanders, household members, members of the general public and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products knowing that they would not discover or realize the danger or would fail to protect themselves against it.

14

Exhibit A

39.     Defendant Metropolitan Life Insurance Company directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

      a.     Had no adequate basis for such representations;

      b.     Knew that a significant health hazard to human life existed from asbestos.

40.     Defendant Metropolitan Life Insurance Company had reason to expect that as a result of such representation, Plaintiff, other business invitees, users, bystanders, household members, members of the general public and others similarly situated would be exposed to asbestos.

41.     Even after the dangers of asbestos finally began to be known to Plaintiff, other business invitees, users, bystanders, household members, members of the general public or others similarly situated, Metropolitan Life Insurance Company continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

      a.     Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;

      b.     Defeat and/or delay such legal actions and the final collection of any judgment.

42.     Similarly, Defendant Metropolitan Life Insurance Company aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

43.     As a direct and proximate result of the above wrongful conspiracy of Metropolitan Life Insurance Company, Plaintiff was exposed to asbestos and Plaintiff developed

Exhibit A

the asbestos-related diseases discussed and sustained the injuries described herein.

44.    As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendant Metropolitan Life Insurance Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff.   Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of her asbestos-induced diseases and conditions. Plaintiff has experienced great physical pain and mental anguish as a result of her asbestos-induced diseases and conditions.   Plaintiff has been hindered and prevented from pursuing her normal course of employment, thereby loosing large sums of money which otherwise would have accrued him.

WHEREFORE, Plaintiff demands judgment against each of the defendants, including the fictitious party defendants, jointly and severally, and that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate Plaintiff for the injuries and damages sustained by Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of  Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

Exhibit A

## FIFTH CAUSE OF ACTION
## ALABAMA WRONGFUL DEATH ACT

45.     Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

46.     Plaintiff alleges a cause of action against all of the defendants, jointly and severally, for the wrongful death of decedent COOK, pursuant to *Ala. Code* § 6-5-410 (1975) ("The Alabama Wrongful Death Act").

47.     Prior to her death, COOK could have filed a cause of action in this or another jurisdiction for her personal injuries resulting from the same series of wrongful acts alleged herein.

48. This action was commenced within two years from and after the death of COOK.

49. The Alabama Wrongful Death Act entitles a plaintiff to recover punitive damages for even the simple negligence of the defendants without any applicable cap on same.

WHEREFORE, Plaintiff demands judgment against each of the defendants, including the fictitious party defendants, jointly and severally, and that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate Plaintiff for the injuries and damages sustained by Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of  Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

Exhibit A

## **DAMAGES**

50.     Plaintiff adopts, alleges, and incorporates herein by reference all of the applicable averments, allegations, and disclaimers set forth in the preceding paragraphs of this complaint as if fully set forth herein and further states:

51.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop the asbestos-related diseases aforesaid, which disabled, disfigured, and killed COOK. Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of their asbestos-induced diseases and conditions.  Plaintiff has experienced great physical pain and mental anguish as a result of their asbestos-induced diseases and conditions.  Plaintiff has been hindered and prevented from pursuing their normal course of employment, thereby loosing large sums of money which otherwise would have accrued them.

WHEREFORE, Plaintiff demands judgment against each of the defendants, including the fictitious party defendants, jointly and severally, and that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate Plaintiff for the injuries and damages sustained by Plaintiff due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of  Defendants' wrongful acts, and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees. Further, Plaintiff requests that the Court enter a judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

This 22nd day of July, 2011.

Exhibit A

s/G. Marc Keahey
_____
George Marshall Keahey
Counsel for Plaintiff

Keahey Law Office
PO Box 934
Grove Hill, Alabama 36451
PHONE: 251-275-3127
FACSIMILE: 251-275-3129
EMAIL:        marc_keahey@yahoo.com

s/G. Patterson Keahey
_____
G. PATTERSON KEAHEY
Counsel for Plaintiff

LAW OFFICES OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:        205-871-0707
FACSIMILE:  205-871-0801
EMAIL:        efile@mesohelp.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

s/G. Patterson Keahey
_____
G. PATTERSON KEAHEY

**NOTICE TO THE CLERK OF COURT:**

**PLEASE SERVE A COPY OF THIS COMPLAINT UPON ALL DEFENDANTS BY U.S. CERTIFIED MAIL.**