ASHMAN

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 4.2 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:11-cv-06067

Lies v. Rapid American Corporation, et al

Assigned to: Honorable William T. Hart

Case in other court: Circuit Court of Cook County,
                     Illinois, 2011 L 007589

Cause: 28:1442 Petition for Removal

Date Filed: 08/31/2011

Jury Demand: None

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Federal Question

**Plaintiff**

**Robert Lies**                          represented by **David O. Barrett**
                                                        Cooney & Conway
                                                        120 N. LaSalle St.
                                                        Suite 3000
                                                        Chicago, IL 60614
                                                        Email: dbarrett@cooneyconway.com

                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Rapid American Corporation**
*individually*
*successor*
Philip Carey Manufacturing
Corporation

**Defendant**

**H.B. Fuller Company**

**Defendant**

**Union Carbide Corporation**
*ndividually*
*formerly known as*
Union Carbide Chemicals and
Plastics Company

**Defendant**

**Certainteed Corporation**

**Defendant**

**Uniroyal, Inc.**

<u>Defendant</u>

**C.P. Hall Company**

<u>Defendant</u>

**Crown, Cork and Seal, USA, Inc.**

<u>Defendant</u>

**Kentile Floors, Inc.**

<u>Defendant</u>

**A.W. Chesterton Company**

<u>Defendant</u>

**John Crane, Inc.**
*formerly known as*
Crane Packing Company

<u>Defendant</u>

**Georgia-Pacific LLC**
*formerly known as*
Georgia-Pacific Corporation

<u>Defendant</u>

**DAP, Inc.**

<u>Defendant</u>

**Ingersoll-Rand Company**

<u>Defendant</u>

**IMO Industries, Inc.**

<u>Defendant</u>

**Air & Liquid Systems Inc.**
*successor by Merger*
*successor*
Buffalo Pumps, Inc.

<u>Defendant</u>

**Viacom, Inc.**
*successor by Merger*
*administrator*
CBS Corporation
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Crane Co.**

**Defendant**

**Yarway Corporation**

**Defendant**

**Anderson, Greenwood & Co.**

**Defendant**

**Grinnell Corporation**
*formerly known as*
Grinnell Fire Protection Systems,
Inc.

**Defendant**

**Grinnell LLC**

**Defendant**

**Mueller Group, LLC**
*doing business as*
Mueller Flow, LLC.

**Defendant**

**Mueller Company**

**Defendant**

**Henry Pratt Company**

**Defendant**

**Foster Wheeler Energy**          represented by   **Daniel Michael Finer**
**Corporation**                                     Segal McCambridge Singer &
*formerly known as*                                 Mahoney Ltd
Riley Stoker Corporation                            233 S. Wacker Drive
                                                    Suite 5500
                                                    Chicago, IL 60606
                                                    312 644 4491
                                                    Email: dfiner@smsm.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Riley Power, Inc.**

**Defendant**

**Metropolitan Life Insurance Co.**

**Defendant**

**Pneumo-Abex**
*as successor in interest*
*successor*
Abex Corporation

| Date Filed | # | Docket Text |
|---|---|---|
| 08/31/2011 | 1 | NOTICE of Removal from Circuit Court of Cook County, Illinois, case number (2011 L 007589) filed by Foster Wheeler Energy Corporation Filing fee $ 350, receipt number 0752-6336425. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Finer, Daniel) (Entered: 08/31/2011) |
| 08/31/2011 | 2 | CIVIL Cover Sheet (Finer, Daniel) (Entered: 08/31/2011) |
| 08/31/2011 | 3 | ATTORNEY Appearance for Defendant Foster Wheeler Energy Corporation by Daniel Michael Finer (Finer, Daniel) (Entered: 08/31/2011) |
| 08/31/2011 | | CASE ASSIGNED to the Honorable William T. Hart. Designated as Magistrate Judge the Honorable Martin C. Ashman. (daj, ) (Entered: 08/31/2011) |
| 09/01/2011 | 4 | MAILED Rule 77d letter to counsel of record. (jmp, ) (Entered: 09/01/2011) |
| 09/02/2011 | 5 | Notification of Change of Attorney Address or Name by Foster Wheeler Energy Corporation (Finer, Daniel) (Entered: 09/02/2011) |
| 09/02/2011 | 6 | MAILED Rule 83.16 letter to counsel of record. (jmp, ) (Entered: 09/02/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/06/2011 10:02:06 | | |
| PACER Login: | sm0422 | Client Code: | 00007447.031304 |
| Description: | Docket Report | Search Criteria: | 1:11-cv-06067 |
| Billable Pages: | 3 | Cost: | 0.24 |

1 0025920

8|5|11

| | |
|---|---|
| 120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS - SUMMONS       (Rev. 5/1/92) CCG-1 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2011L007589

ELAINE LIES, Special Administrator of the Estate of
ROBERT LIES, Deceased,

IN RE:  ASBESTOS LITIGATION / ROOM J1
TIME 00:00
Asbestos

Plaintiff,

*2011L007589*

vs.

RAPID AMERICAN CORP., et al.

PLEASE SERVE
See Attached Service Information

Defendants.

SUMMONS

Foster Wheeler

To Each Defendant: See Attached Service List

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room* 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

    To the Officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than 30 days after its date.

Witness, **JUL 21 2011**                         , 2011

Clerk of Court                    **DOROTHY BROWN**

Name: Cooney and Conway
Attorneys for Plaintiff
Address: 120 N. LaSalle St.
City: Chicago, IL 60602
Telephone: (312) 236-6166
Atty. No. 90200

Date of Service:_____ 2011
(To be inserted by Officer on Copy Left with Defendant or Other Person)

**Service by Facsimile Transmission will be accepted at

_____
(A.C.)(Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
 County Division Room 801

Chancery-Divorce Room 802
Probate Division Room 1202

10-0719
Elaine Lies, Special Administrator of the Estate of Robert Lies, Deceased

## SUMMONS SERVICE LIST

Rapid American Corporation, Individually and as
Successor-in-Interest to Philip Carey Manufacturing Co.
R/A: The Prentice Hall Corporation
2711 Centerville Road, Suite 400
Wilmington, DE 19808

H.B. Fuller Company
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Union Carbide Corporation,
Individually and f/k/a Union
Carbide Chemicals & Plastics Co.
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

CertainTeed Corporation
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Uniroyal, Inc.
c/o Uniroyal Holding, Inc.
70 Great Hill Road
Naugatuck, CT 06770

C.P. Hall Company
Robin Shin - Registered Agent
12735 S 84th Ave
Palos Park IL 60464

Crown, Cork and Seal, USA, Inc.
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Kentile Floors, Inc.
4 Rita Street
Syosset, NY 11791

A.W. Chesterton Company
R/A: Robert Congdon
650 W. Grand, Unit 313
Elmhurst, IL 60126

John Crane, Inc. f/k/a Crane Packing Company
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

DAP, Inc.
R/A: The Prentice Hall Corporation
50 West Broad Street, Suite 1800
Columbus, OH 43215

Ingersoll-Rand Company
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Imo Industries, Inc.
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

Air & Liquid Systems, Inc., Successor by Merger to Buffalo Pumps, Inc.
116 Pine Street, Suite 320
Harrisburg, PA 17101

General Electric Company
R/A: CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Viacom, Inc., Successor-by-Merger to CBS Corporation
f/k/a Westinghouse Electric Corporation
R/A: Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Crane Co.
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Yarway Corporation
R/A: CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

Anderson, Greenwood & Co.
10707 Clay Rd.,
Houston, TX 77041

Grinnell Corporation
f/k/a Grinnell Fire Protection Systems.
116 Pine St. 3325
Harrisburg, PA 17101

Grinnell LLC
1209 Orange St.
Wilmington, DE 19801

Mueller Group, LLC d/b/a Mueller Flow, LLC
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Mueller Company
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Henry Pratt Company
R/A: Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Foster Wheeler Energy Corporation
c/o Thomas R. O'Brian, Esq.
Perryville Corporate Park
Clinton, NJ 08809

Riley Power, Inc. f/k/a Riley Stoker Corporation
R/A: CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60604

Metropolitan Life Insurance Co.
ATTN: Director of Insurance of the State of Illinois
100 W. Randolph St., Suite 15-100
Chicago, IL 60601

Pneumo-Abex, as Successor-in-Interest to Abex Corporation
R/A: The Prentice Hall Corporation
2711 Centerville Road, Suite 400
Wilmington, DE 19808

10-0719 DOB/ab

Firm I.D. No: 90200

STATE OF ILLINOIS )
                  ) §
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ELAINE LIES, Special Administrator of the Estate of ROBERT LIES, Deceased,<br><br>           Plaintiff,<br><br>      vs.<br><br>RAPID AMERICAN CORPORATION, Individually and as Successor-in-Interest to Philip Carey Manufacturing Corporation; H.B. FULLER COMPANY; UNION CARBIDE CORPORATION, Individually and f/k/a Union Carbide Chemicals and Plastics Company; CERTAINTEED CORPORATION; UNIROYAL, INC.; C.P. HALL COMPANY; CROWN, CORK AND SEAL, USA, INC.; KENTILE FLOORS, INC.; A.W. CHESTERTON COMPANY; JOHN CRANE, INC. f/k/a CRANE PACKING COMPANY;  GEORGIA-PACIFIC LLC f/k/a GEORGIA-PACIFIC CORPORATION; DAP, INC.; INGERSOLL-RAND COMPANY; IMO INDUSTRIES, INC.; AIR & LIQUID SYSTEMS, INC., Successor by Merger to BUFFALO PUMPS, INC.; GENERAL ELECTRIC COMPANY; VIACOM, INC., Successor-by-Merger to CBS Corporation f/k/a Westinghouse Electric Corporation; CRANE CO.; YARWAY CORPORATION; ANDERSON, GREENWOOD & CO.; GRINNELL CORPORATION f/k/a GRINNELL FIRE PROTECTION SYSTEMS, INC.; GRINNELL LLC; MUELLER GROUP, LLC d/b/a MUELLER FLOW, LLC; MUELLER COMPANY; HENRY PRATT COMPANY; FOSTER WHEELER ENERGY CORPORATION; RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION; METROPOLITAN LIFE INSURANCE CO.; PNEUMO-ABEX, as Successor-In-Interest to Abex Corporation,<br><br>           Defendants. | IN RE:   ASBESTOS LITIGATION<br><br>NO:<br><br><br><br>2011L007589<br>CALENDAR/ROOM J1<br>TIME 00:00<br>Asbestos |

<u>COMPLAINT AT LAW</u>

<u>COUNT 1</u>

NOW COMES the Plaintiff, ELAINE LIES, Special Administrator of the Estate of ROBERT LIES,

Deceased, by and through her attorneys, COONEY and CONWAY, and for her cause of action against the

Defendants, individually and concurrently, states:

  1.  The Plaintiff is the duly appointed Special Administrator of the Estate of ROBERT LIES,

Deceased, pursuant to an Order of the Circuit Court of Cook County, Illinois.

  2.  Plaintiff brings this action pursuant to 740 ILCS 180/1-et seq.

  3.  ELAINE LIES, Special Administrator of the Estate of ROBERT LIES brings this action for use

and benefit of the surviving heirs of the Decedent:

Surviving Heirs:

| Elaine Lies | - | Spouse |
|---|---|---|
| Robert N. Lies | - | Son |
| Carol Scott | - | Daughter |
| Celine Senteler | - | Daughter |
| Susan Raciti | - | Daughter |
| Cynthia Fiduccia | - | Daughter |
| Karen McCarthy | - | Daughter |

  4.  The Plaintiff's Decedent, ROBERT LIES, was employed from 1946 to 1980 in various

capacities including, Truck Driver at various locations.

  5.  During the course of his employment, non-occupational work projects (including, but

not limited to, home and automotive repairs, maintenance and remodeling) and/or in other ways, the

Plaintiff's Decedent, ROBERT LIES, was exposed to and inhaled, ingested or otherwise absorbed asbestos

fibers emanating from certain products that he worked with and around which were manufactured,

sold, distributed, marketed or installed by the Defendants: RAPID AMERICAN CORPORATION,

Individually and as Successor-in-Interest to Philip Carey Manufacturing Corporation; H.B. FULLER

COMPANY; UNION CARBIDE CORPORATION, Individually and f/k/a Union Carbide Chemicals and Plastics

Company; CERTAINTEED CORPORATION; UNIROYAL, INC.; C.P. HALL COMPANY; CROWN, CORK AND

SEAL, USA, INC.; KENTILE FLOORS, INC.; A.W. CHESTERTON COMPANY; JOHN CRANE, INC. f/k/a CRANE PACKING COMPANY;   GEORGIA-PACIFIC LLC f/k/a GEORGIA-PACIFIC CORPORATION; DAP, INC.; INGERSOLL-RAND COMPANY; IMO INDUSTRIES, INC.; AIR & LIQUID SYSTEMS, INC., Successor by Merger to BUFFALO PUMPS, INC.; GENERAL ELECTRIC COMPANY; VIACOM, INC., Successor-by-Merger to CBS Corporation f/k/a Westinghouse Electric Corporation; CRANE CO.; YARWAY CORPORATION; ANDERSON, GREENWOOD & CO.; GRINNELL CORPORATION f/k/a GRINNELL FIRE PROTECTION SYSTEMS, INC.; GRINNELL LLC; MUELLER GROUP, LLC d/b/a MUELLER FLOW, LLC; MUELLER COMPANY; HENRY PRATT COMPANY; FOSTER WHEELER ENERGY CORPORATION; and RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION ("Defendants"). (See Exhibit "A" Attached Hereto)

6.      At all times herein set forth, the Defendants' products were being used in the manner and for the purposes for which they were intended.

7.      ROBERT LIES's exposure to and inhalation, ingestion or absorption of the asbestos fibers emanating from the above-mentioned products was foreseeable and could or should have been anticipated by the Defendants.

8.      The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

9.      The Plaintiff's Decedent, ROBERT LIES, suffered from an asbestos-related disease, including Asbestosis with impairment as defined in the third amended asbestos deferred registry order and became aware of said disease on or about February 6, 2009, and, subsequently thereto, became aware that the same was wrongfully caused.

10.      At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Plaintiff's Decedent and others working with and around the asbestos-containing products of the Defendants.

11.     The Defendants failed to exercise ordinary care and caution for the safety of ROBERT LIES in one or more of the following respects:

      (a)  Included asbestos in their products, even though it was foreseeable and could or should have been anticipated that persons such as ROBERT LIES working with or around them would inhale, ingest or otherwise absorb asbestos;

      (b)  Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

      (c)  Included asbestos in their products when adequate substitutes for the asbestos in them was available;

      (d)  Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

      (e)  Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

      (f)  Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as ROBERT LIES might be exposed while working with the products;

      (g)  Marketed and/or distributed a product containing asbestos fibers;

      (h)  Failed to provide instruction as to what appropriate apparel, if any, would be safe to wear while using and/or working in proximity to the Defendants' products;

      (i)  Failed to develop alternative, non-asbestos containing products in a timely manner;

      (j)  Failed to inform users that asbestos containing products caused asbestosis and cancer in laboratory animals and humans; and,

      (k)  Failed to provide safe packaging for its products.

12.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendants, ROBERT LIES was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing ROBERT LIES to develop Asbestosis with impairment as defined in the third

amended asbestos deferred registry order, which ultimately led to his death on August 22, 2009; ROBERT LIES, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; ROBERT LIES prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, ROBERT LIES was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his estate; further, by reason of the death of ROBERT LIES, his family has been deprived of his means of support and has lost the society of ROBERT LIES; lastly, substantial sums of money were expended by ROBERT LIES's Estate for funeral and burial.

13.     ELAINE LIES is the duly appointed Administrator of the Estate of ROBERT LIES, Deceased.

14.     Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/26-6, for the disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of, the aforesaid wrongful acts and/or omissions of each of the Defendants.

WHEREFORE, the Plaintiff, ELAINE LIES, Special Administrator of the Estate of ROBERT LIES, Deceased, demands judgment against the Defendants, in an amount in excess of jurisdictional amount, plus costs.

<u>COUNT 2</u>

NOW COMES the Plaintiff, ELAINE LIES, Special Administrator of the Estate of ROBERT LIES, Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the Defendants, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation and METROPOLITAN LIFE INSURANCE CO., alleges and says:

1.     ROBERT LIES contracted Asbestosis with impairment as defined in the third amended asbestos deferred registry order as a result of his exposure to asbestos.

2.      Before Plaintiff's Decedent worked with Defendants' products at the aforesaid jobsites, each of the Defendants knew that exposure to asbestos caused serious disease and death.

3.      Asbestos was present, and rendered airborne, at the aforesaid jobsites.

4.      Unarco Industries, Inc., Johns-Manville Corporation, Johns-Manville Sales Corporation, Raymark Industries, Inc. (formerly Raybestos-Manhattan, Inc.), Owens Corning, Pittsburgh Corning Corporation, United States Gypsum and T & N Ltd., are corporations, and they, or their corporate predecessors, were during the time relevant to the allegations herein, in the business of manufacturing and distributing asbestos and asbestos-containing products.

5.      Defendant, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation, is a corporation and was, during the times relevant to the allegations herein, itself or through predecessors, in the business of manufacturing and distributing asbestos-containing products.

6.      Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a corporation.

7.      Hereafter "Conspirators" refers to each of the corporations named in paragraphs 4 through 6.

8.      ROBERT LIES was exposed to asbestos, including asbestos from one or more of the Conspirators.

9.      Exposure to asbestos is a cause of serious disease and death, including asbestosis and malignancies.

10.      The Asbestosis with impairment as defined in the third amended asbestos deferred registry order from which ROBERT LIES suffered is an indivisible injury which resulted from the total and cumulative effect of all the asbestos to which he was exposed.

11.      Before ROBERT LIES's exposure to asbestos, Conspirators knew that exposure to asbestos caused serious disease and death.

12.      Conspirators knew that individuals exposed to asbestos were ignorant of the hazardous properties of asbestos.

13.     Before and during his exposure to asbestos, ROBERT LIES, was unaware that exposure to asbestos caused serious disease and death.

14.     The knowledge of the Conspirators included the following:

    (a)     two or more Conspirators had been in the asbestos business for years and had directed manufacturing operations;

    (b)     each had actual knowledge of asbestos disease and death among workers exposed to asbestos as early as the 1940's.

15.     Conspirators knew that asbestos was inherently dangerous and knew that under the decisional law of Illinois and other states, each was under a duty not to sell asbestos without providing adequate warning of its harmful qualities.

16.     Conspirators had employees who were exposed to asbestos dust and each of them had a statutory, regulatory, and decisional law duty to provide their employees with a safe place to work, or at the least, to warn the employees of the hazards presented by the presence of asbestos dust.

17.     Conspirators knew that if they adequately warned their own employees and other persons who were at risk of asbestos disease, the publication of such warning would cause workers to leave the industries using asbestos and therefore reduce the sale and usage of asbestos and cause those who were exposed through household and neighborhood exposures to press for the cessation of such exposures.

18.     Conspirators knowingly conspired and agreed among themselves to, among others:

    (a)     positively assert that which was not true, that it was safe for people to be exposed to asbestos and asbestos-containing products;

    (b)     suppress information about the harmful effects of asbestos causing people to be ignorant of that information.

19.     One or more of the Conspirators performed the following overt acts in furtherance of the conspiracy:

    (a)     sold asbestos products which were used at locations within the state of Illinois, where ROBERT LIES worked without warning of the hazards known to the seller;

(b)    refused to warn its own employees about the hazards of asbestos known to it; among the employees who were not warned were those who worked within the state of Illinois;

(c)    edited and altered the reports and drafts of publications initially prepared by Dr. Lanza concerning the hazards of asbestos during the 1930's;

(d)    agreed in writing not to disclose the results of research on the effects of asbestos upon health unless the results suited their interests;

(e)    obtained an agreement in the 1930's from the editors of ASBESTOS, the only trade magazine devoted exclusively to asbestos, that the magazine would never publish articles on the fact that exposure to asbestos caused disease, and sustained this agreement into the 1970's;

(f)    suppressed the dissemination of a report by Dr. Gardner in 1943 which was critical of the concept that there was a safe level of asbestos exposure;

(g)    through their control of the Asbestos Textile Institute (ATI), defeated further study of health of workers when William Hemeon graphically demonstrated the need for such study and dissemination of information in the 1940's;

(h)    edited and altered the reports and drafts of publications regarding asbestos and health initially prepared by Dr. Vorwald during 1948-1951;

(i)    suppressed the results of the Fibrous Dust Studies conducted during 1966-74 by Industrial Hygiene Foundation, John-Manville, Raybestos Manhattan, Owens Corning, Pittsburgh Corning Corporation and PPG Industries, which results demonstrate and confirmed that exposure to asbestos caused cancer and asbestosis.

20.    The agreement and the acts done in furtherance of the agreement, including those performed in the State of Illinois, were proximate causes of the injury, specifically Asbestosis with impairment as defined in the third amended asbestos deferred registry order, and the death of ROBERT LIES.

21.    ROBERT LIES died on August 22, 2009.

22.    ROBERT LIES was ill from Asbestosis with impairment as defined in the third amended asbestos deferred registry order for a period before his death.

23.     Neither Decedent nor Plaintiff knew or should have known that Decedent had Asbestosis with impairment as defined in the third amended asbestos deferred registry order prior to February 6, 2009.

24.     Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/26-6, for the disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of, the aforesaid wrongful acts and/or omissions of each of the Defendants.

WHEREFORE, the Plaintiff, ELAINE LIES, Special Administrator of the Estate of ROBERT LIES, Deceased, demands judgment against the Defendants, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation and METROPOLITAN LIFE INSURANCE CO., jointly and severally, in an amount in excess of jurisdictional amount, plus costs.

Respectfully submitted,

COONEY AND CONWAY

By: _____

Attorneys for Plaintiff

David O. Barrett
**COONEY AND CONWAY**
Attorneys for Plaintiff
120 N. LaSalle Street, 30th Floor
Chicago, IL 60602
Firm I.D. No.: 90200

10-0719

Elaine Lies, Special Administrator of the Estate of Robert Lies, Deceased

EXHIBIT "A"

Personal Exposure of Plaintiff's Decedent,

**Robert Lies**

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
| U.S. Navy <br> • Great Lakes Naval Base (Great Lakes, IL) <br> • USS Turner (DD-834) | 1946-1947 | **RAPID AMERICAN CORPORATION, Individually and as Successor-in-Interest to Philip Carey Manufacturing Corporation:** Carey Asbestos Pipe Covering, Block, Cement, Paper, Felt, Board, Tile and Other Asbestos Containing Products |
| Hieck Die Casting (Chicago, IL) | 1947-1979 | **H.B. FULLER COMPANY:** Benjamin Foster Mastics, Compounds, Cement, Thin Set Cement and Other Asbestos Containing Products |
| | | **UNION CARBIDE CORPORATION, Individually and f/k/a Union Carbide Chemicals and Plastics Company:** Asbestos Containing Bakelite, Paper, Felt, Roll, Raw Asbestos Fibers and Other Asbestos Containing Products |
| | | **CERTAINTEED CORPORATION:** Asbestos Cement, Pipe, Pipe Covering, Shingles, Siding, Roofing Materials, Compounds, Bestwall Joint Compound, Flexible Train Line and Other Asbestos Containing Products |
| | | **UNIROYAL, INC.:** Asbestos Blankets, Cloth, Curtains, Paper, Felt and Other Asbestos Containing Products |
| | | **C.P. HALL COMPANY:** Raw Asbestos Fibers and Other Asbestos Containing Products |
| | | **CROWN, CORK AND SEAL, USA, INC.:** Asbestos Cement, Pipe Covering, Block and Other Asbestos Containing Products |
| | | **KENTILE FLOORS, INC.:** Asbestos Containing Floor Tile, Asbestos Containing Adhesives and Other Asbestos Containing Products |
| | | **A.W. CHESTERTON COMPANY:** Asbestos Containing Packings, Seals, Gaskets and Other Asbestos Containing Products |
| | | **JOHN CRANE, INC. f/k/a Crane Packing Company:** Asbestos Containing Packings, Seals, Gaskets and Other Asbestos Containing Products |
| | | **GEORGIA-PACIFIC LLC f/k/a GEORGIA-PACIFIC CORPORATION:** Asbestos Containing Cement, Plaster, Joint Compounds, Roof Coating, Mastics, Wall Board and Other Asbestos Containing Products |
| | | **DAP, INC.:** Asbestos Compounds and Other Asbestos Containing Products |
| | | **INGERSOLL-RAND COMPANY:** Asbestos Containing Pumps, Turbines, Heat Exchangers, Compressors, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |

10-0719
Elaine Lies, Special Administrator of the Estate of Robert Lies, Deceased

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
| | | IMO INDUSTRIES, INC.:  Asbestos Containing Imo Pumps, DeLaval Pumps, Packings, Gaskets, Block, Turbines, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | AIR & LIQUID SYSTEMS, INC. Successor by Merger to BUFFALO PUMPS, INC.: Asbestos Containing Pumps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | GENERAL ELECTRIC COMPANY:  Asbestos Containing Pumps, Turbines, Heat Exchangers, Vessels, Valves, Steam Traps, Packings, Gaskets, Block, Cement, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | VIACOM, INC., Successor-by-Merger to CBS Corporation f/k/a Westinghouse Electric Corporation: Asbestos Containing Pumps, Turbines, Heat Exchangers, Vessels, Valves, Steam Traps, Packings, Gaskets, Block, Cement, Micarta Board, Pipe Covering and Other Asbestos Containing Products and Equipment |
| | | CRANE CO.:  Cranite, Crane-Deming Pumps, Cochrane Asbestos Containing Feedwater Heaters, Deaerators, Heat Exchangers, Degasifiers, Valves, Asbestos Packings, Asbestos Cement, Asbestos Block, Asbestos Pipe Covering, Gaskets, Seals, Pumps, Boilers, Jenkins Valves, Pacific Boilers and Other Asbestos Containing Products and Equipment |
| | | YARWAY CORPORATION:  Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | ANDERSON, GREENWOOD & CO.:  Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | GRINNELL CORPORATION f/k/a GRINNELL FIRE PROTECTION SYSTEMS, INC.: Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | GRINNELL LLC: Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | MUELLER GROUP, LLC d/b/a MUELLER FLOW, LLC: Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |
| | | MUELLER COMPANY: Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment |

10-0719
Elaine Lies, Special Administrator of the Estate of Robert Lies, Deceased

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
|  |  | **HENRY PRATT COMPANY**: Asbestos Containing Valves, Packings, Cement, Block, Pipe Covering, Gaskets, Seals, and Other Asbestos Containing Products and Equipment **FOSTER WHEELER ENERGY CORPORATION**: Asbestos Containing Boilers, Condensers, Mills, Ejectors, Hoggers, Pumps, Heat Exchangers, Strainers, Economizers, Evaporators, Pipe Covering, Block, Cement, Gaskets, Packings, Spray, Board, Blankets and Other Asbestos Containing Products and Equipment **RILEY POWER, INC. f/k/a RILEY STOKER CORPORATION:** Asbestos Containing Boilers, Union Iron Works Boilers, Heat Exchangers, Pipe Covering, Block, Cement, Gaskets, Packings, Spray, Board, Blankets and Other Asbestos Containing Products and Equipment |

| Jobsite | Years | Defendant: Products |
|---------|-------|---------------------|
| Home Remodeling | 1970s | **UNION CARBIDE CORPORATION, Individually and f/k/a Union Carbide Chemicals and Plastics Company:** Asbestos Containing Bakelite, Paper, Felt, Roll, Raw Asbestos Fibers and Other Asbestos Containing Products **CERTAINTEED CORPORATION:** Asbestos Cement, Pipe, Pipe Covering, Shingles, Siding, Roofing Materials, Compounds, Bestwall Joint Compound, Flexible Train Line and Other Asbestos Containing Products **KENTILE FLOORS, INC.:** Asbestos Containing Floor Tile, Asbestos Containing Adhesives and Other Asbestos Containing Products **GEORGIA-PACIFIC LLC f/k/a GEORGIA-PACIFIC CORPORATION:** Asbestos Containing Cement, Plaster, Joint Compounds, Roof Coating, Mastics, Wall Board and Other Asbestos Containing Products **DAP, INC.:** Asbestos Compounds and Other Asbestos Containing Products |