KTC, PMF

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00677-GPM -PMF

Jurkovich v. BNSF Railway Company
Assigned to: Judge G. Patrick Murphy
Referred to: Magistrate Judge Philip M. Frazier
Cause: 45:51 Railways: Fed. Employer's Liability Act

Date Filed: 08/08/2011
Jury Demand: Both
Nature of Suit: 330 Federal Employer's Liability
Jurisdiction: Federal Question

**Plaintiff**

**Joseph Jurkovich**  represented by  **Kevin A. Sullivan**
Sauter, Sullivan et al.
3415 Hampton Avenue
St. Louis, MO 63139
314-781-3222
Fax: 314-781-2726
Email: ksullivan@ss-law.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BNSF Railway Company**
*Individually and as Successor-in-Interest to the Burlington Northern and Santa Fe Railway Company, Atchison Topeka and Santa Fe Railway Company, Chicago, Burlington and Quincy Railroad Company, Burlington Northern Inc. and Burlington Northern Railroad Co.*

represented by **William A. Brasher**
Boyle Brasher LLC
Generally Admitted
211 North Broadway
Suite 2300
St. Louis, MO 63102
314-621-7700
Email: wbrasher@boylebrasher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda R. Self**
Brasher Law Firm
Generally Admitted
211 North Broadway
Suite 2300
St. Louis, MO 63102
314-621-7700
Email: lself@boylebrasher.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| | | |
|---|---|---|
| 08/08/2011 | 1 | Case Opened. Filing fee due. Documents may now be electronically filed. Case number 11-677-GPM-PMF must be placed on all documents prior to filing them electronically. (Attachments: # 1 Notice and Consent to Proceed Before a Magistrate Judge) (slj) (Entered: 08/08/2011) |
| 08/11/2011 | 2 | COMPLAINT against BNSF Railway Company ( Filing fee $ 350 receipt number 0754-1478835.), filed by Joseph Jurkovich. (Attachments: # 1 Civil Cover Sheet)(Sullivan, Kevin) (Entered: 08/11/2011) |
| 08/11/2011 | 3 | Summons Issued as to BNSF Railway Company. (drb) (Entered: 08/11/2011) |
| 08/23/2011 | 4 | SUMMONS Returned Executed by Joseph Jurkovich. BNSF Railway Company served on 8/17/2011, answer due 9/7/2011. (Sullivan, Kevin) (Entered: 08/23/2011) |
| 09/01/2011 | 5 | NOTICE by Joseph Jurkovich *Of Related Action* (Sullivan, Kevin) (Entered: 09/01/2011) |
| 09/07/2011 | 6 | NOTICE of Appearance by William A. Brasher on behalf of All Defendants (Brasher, William) (Entered: 09/07/2011) |
| 09/07/2011 | 7 | STRICKEN PER DOCUMENT 11 - ANSWER to 2 Complaint by BNSF Railway Company.(Brasher, William) Modified on 9/8/2011 (dka, ). (Entered: 09/07/2011) |
| 09/07/2011 | 8 | NOTICE of Appearance by Linda R. Self on behalf of All Defendants (Self, Linda) (Entered: 09/07/2011) |
| 09/08/2011 | 9 | ENTRY STRICKEN - NOTICE by Joseph Jurkovich *of Related Action* (Sullivan, Kevin) Modified on 9/8/2011 (slj). (Entered: 09/08/2011) |
| 09/08/2011 | 10 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 9 Notice (Other) filed by Joseph Jurkovich. Document 9 is a duplicate filing of Document 5. (slj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/08/2011) |
| 09/08/2011 | 11 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 7 Answer to Complaint filed by BNSF Railway Company. See attached document for specifics (dka, ) (Entered: 09/08/2011) |
| 09/08/2011 | 12 | ANSWER to 2 Complaint by BNSF Railway Company.(Self, Linda) (Entered: 09/08/2011) |
| 09/08/2011 | 13 | Corporate Disclosure Statement by BNSF Railway Company. (Self, Linda) (Entered: 09/08/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/08/2011 14:49:22 | | |
| PACER Login: | ds1134 | Client Code: |

| Description: | Docket Report | Search Criteria: | 3:11-cv-00677-GPM - PMF |
|---|---|---|---|
| Billable Pages: | 2 | Cost: | 0.16 |

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH JURKOVICH, ) | |
| ) | |
| PLAINTIFF, ) | Case No.: 3:11-CV-00677 GPM-PMF |
| vs. ) | |
| ) | |
| BNSF RAILWAY COMPANY ) | |
| (Individually and as Successor-in ) | |
| Interest to the Burlington Northern ) | |
| and Santa Fe Railway Company, ) | |
| Atchison Topeka and Santa Fe ) | |
| Railway Company, Chicago, ) | |
| Burlington and Quincy Railroad ) | |
| Company, Burlington Northern Inc., ) | |
| and Burlington Northern Railroad ) | |
| Company) ) | |
| ) | |
| DEFENDANT. ) | JURY TRIAL DEMANDED |

SERVE: C.T. Corporation System
208 South LaSalle Street
Chicago, Illinois 60604

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, by and through counsel, and for this action against the BNSF Railway Company, individually and as successor-in-interest to the Burlington Northern & Santa Fe Railway Company, Atchison Topeka and Santa Fe Railway Company, Chicago, Burlington and Quincy Railroad Company, Burlington Northern Inc., and Burlington Northern Railroad Company, "Defendant Railroad", respectfully states:

1.  Plaintiff JOSEPH JURKOVICH is a resident of Alsip, Illinois, who worked for the Defendant Railroad and/or its predecessors from 1961-1998 as a switchman and a brakeman. He worked a portion of his career in and around the Defendant Railroad's yards and shops in and around

1

Illinois. He has been diagnosed with an occupational lung disease.

2. That at all times mentioned herein, and for some time prior thereto and thereafter, BNSF Railway Company (Individually and as Successor-in-Interest to The Burlington Northern Santa Fe Railway Company, The Atchison Topeka & Santa Fe Railway Company, and Burlington Northern Railroad Company), and/or its predecessors in interest, were engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, did operate its business, maintain offices and place its agents, servants and employees throughout the state of Illinois.

3. That during the course of Plaintiff's employment, the Defendant Railroad was engaged in interstate commerce as a common carrier by rail, and all or part of their duties were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 1 et. seq., which Act grants this Court jurisdiction over this action.

4. That during the course of Plaintiff's employment with the Defendant Railroad, he was engaged in the course of his employment performing his craft and in other various roles and capacities where he was required and caused to work with, and in the vicinity of, toxic substances and dusts including dust from asbestos-containing products and materials, silicates and silica-containing products, diesel fumes, diesel exhaust, welding fumes, cleaning solvents, and others, which caused him to suffer severe and permanent personal injuries.

5. That at all times relevant, Plaintiff was unaware of the dangerous propensities of the dusts, fumes, vapors and toxins he was required to work with and around and was unaware of the cause of any latent abnormal medical condition.

## COUNT I - NEGLIGENCE

6.  Plaintiff re-alleges Paragraph 1-5 as if restated here verbatim.

7.  That the Defendant Railroad, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiff with a reasonably safe place within which to work;

(b) in failing to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiff of the true nature and hazardous effects of exposure to dusts, fumes, vapors, toxins, and other hazardous materials;

(d) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing products that contained or produced hazardous dusts and toxins;

(e) in failing to provide adequate, if any, instructions in the use or removal of products that contained or produced hazardous dusts, fumes, vapors and toxins;

(f) in failing to provide Plaintiff with safe and proper ventilation systems in the workplace;

(g) in failing to inquire of the suppliers of products to its shops regarding the hazardous nature of exposure to the dusts, fumes, vapors and toxins contained in such products;

(h) in requiring Plaintiff to work with and around ultra-hazardous products; and

(i) in failing to periodically test and examine Plaintiff to determine if he was

3

subject to any ill effects of his exposure to dusts, fumes, vapors, toxins and other hazardous substances.

8. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the Defendant Railroad, Plaintiff developed an occupational lung disease and as a result sustained injury to his body and respiratory system, resulting in pain and suffering, mental anguish, and progressive impairment and disability.

### COUNT II - LOCOMOTIVE BOILER INSPECTION ACT

9. Plaintiff re-alleges Paragraphs 1-8 as if stated herein verbatim.

10. That throughout Plaintiff's employment with the Defendant Railroad, he was required to work on or about locomotives, boilers and their appurtenances, and was engaged in the performance of his duties at the time he was exposed to the dusts and toxic substances set forth above.

11. That at said time and subsequent thereto, the Defendant Railroad was engaged in interstate commerce as common carriers by rail, by reason whereof the rights and liabilities of the parties were and are governed by the Act of Congress known as the Federal Safety Authorization Act, 49 U.S.C. Section 20701, formerly known as and referred to herein as the Locomotive Boiler Inspection Act, 45 U.S.C. Section 22-34.

12. That the Defendant Railroad by and through its agents, servants and employees, violated the Locomotive Boiler Inspection Act by failing to provide Plaintiff with a locomotive and its appurtenances in a proper and safe condition, and safe to work on or about, in that the locomotives and appurtenances were laden with hazardous dusts, fumes, vapors and toxins.

13. Plaintiff was forced to work on or about defective and unsafe locomotives,

4

locomotive boilers and their appurtenances, while said equipment was in use on the line of the Defendant Railroad.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

14. Plaintiff re-alleges Paragraphs 1-13 as if set forth herein verbatim.

15. That during the course of his employment and in the performance of his duties with the Defendant Railroad, Plaintiff worked with, came into contact with, and was physically struck with hazardous dusts, fumes, vapors and toxins, including asbestos fibers and other toxic substances. Plaintiff's contact with these hazardous dusts, fumes, vapors and toxins occurred directly with his clothing, skin, mouth, nose, and respiratory and digestive tract.

16. That Plaintiff's contact with these hazardous dusts, fumes, vapors and toxins have manifested in the form of occupationally-related injuries to Plaintiff.

17. That Plaintiff has been informed by physicians that as a result of his employment with the Defendant Railroad, they are at a significantly increased risk for the development of various medical ailments, including but not limited to progressive lung disease, bronchogenic carcinomas and gastro-intestinal carcinomas. Further, his expected life span has been greatly diminished.

18. That, as a result, in whole or in part, of one or more of the Defendant Railroad's aforementioned negligent acts or omissions, Plaintiff has suffered mental anguish, distress and a decreased ability to enjoy life.

## DAMAGES COMMON TO ALL COUNTS

19. That as a result of the Defendant Railroad's negligent actions as are described above, Plaintiff has suffered pain, nervousness and mental anguish. Plaintiff will be forced to suffer the

same for the remainder of his life and his enjoyment of life has been greatly reduced. Also as a result of the Defendant Railroad's negligent acts and omissions, Plaintiff's expected life span has been greatly shortened.

20. As a result of his health problems, Plaintiff has been forced to incur medical expenses by way of doctor, hospital and drug bills. Plaintiff will be forced to incur additional, similar expenses in the future in an effort to treat his permanent and progressive condition.

21. Further, Plaintiff will incur medical expenses necessary to monitor his permanent and progressive condition, including regular and periodic chest x-rays, computerized tomography scans, pulmonary function tests, blood work and physical examinations, which may lead to other testing, all in an attempt to adequately diagnose and treat his condition, which includes a significantly increased risk of the development and progression of the ailments and carcinomas set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendant Railroad, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with costs and all other relief permitted.

PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,

By: _____

Kevin A. Sullivan, #06212244
SAUTER SULLIVAN, LLC
3415 Hampton Avenue
St. Louis, MO 63139
Tel: 314-768-6800
Fax: 314-781-2726
E-mail: ksullivan@ss-law.net

JONES & GRANGER
10,000 Memorial Drive, #888
Houston, TX 77024
Tel: 713-668-0230
Fax: 713-956-7139

ATTORNEYS FOR PLAINTIFF