# ATTACHMENT 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Beverly Dowell, et al., | ) Case No. **CV 11-7024-JFW (SSx)** |
| Plaintiff, | ) **STANDING ORDER** |
| v. | ) |
| Alfa La Val, Inc., | ) |
| Defendants. | ) |

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge John F. Walter. Both the Court and counsel bear responsibility for the progress of litigation in Federal Court. To secure the just, speedy, and inexpensive determination of every action, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, the General Orders of the Central District and the Judge's Procedures and Schedules found on the website

/ / /

1  for the United States District Court for the Central District
2  of California (www.cacd.uscourts.gov).
3        IT IS HEREBY ORDERED:
4  1.    **Service of the Complaint**:
5        The plaintiff shall promptly serve the Complaint in
6  accordance with Fed.R.Civ.P. 4 and shall file the proof(s) of
7  service pursuant to the Local Rules.  **The plaintiff is hereby
8  notified that failure to serve the Complaint within 120 days
9  as required by Fed.R.Civ.P. 4(m) will result in the dismissal
10 of the Complaint against the unserved defendant(s).**
11 2.    **Presence of Lead Counsel**:
12       Lead trial counsel shall attend all proceedings before
13 this Court, including all scheduling, status, and settlement
14 conferences.  Only ONE attorney for a party may be designated
15 as lead trial counsel unless otherwise permitted by the
16 Court.
17 3.    **Electronic Filing and Courtesy Copies**:
18       (a) Within ten days of a party's initial appearance, lead
19 trial counsel shall file a declaration entitled, "Declaration
20 of Lead Trial Counsel re: Compliance with General Order
21 Authorizing Electronic Filing" which shall notify the Court
22 that counsel has registered as an "ECF User."  The
23 declaration shall include counsel's "E-Mail Address of
24 Record" and shall state whether counsel has consented or
25 elected not to consent to service and receipt of filed
26 documents by electronic means.
27       If counsel has not consented to the service and receipt
28 of filed documents by electronic means, counsel shall

1  immediately file and serve via U.S. Postal Service on all
2  parties who have appeared in the action a Notice advising all
3  parties that counsel has elected not to consent to electronic
4  service of documents in this action.
5       (b) All documents that are required to be filed in an
6  electronic format pursuant to the General Order Authorizing
7  Electronic Filing shall be filed electronically no later than
8  4:00 p.m. on the date due unless otherwise ordered by the
9  Court.  Any documents filed electronically after 4:00 p.m. on
10 the date due will be considered late and may be stricken by
11 the Court.  Any documents which counsel attempt to file
12 electronically which are improperly filed will not be
13 accepted by the Court.
14      (c) Counsel are ORDERED to deliver **2 copies** of all
15 documents filed electronically in this action to Chambers.
16 For each document filed electronically, one copy shall be
17 marked "CHAMBERS COPY" and the other copy shall be marked
18 "COURTESY COPY."  The "CHAMBERS COPY" and "COURTESY COPY" are
19 collectively referred to herein as "Courtesy Copies."  The
20 Courtesy Copies of each electronically filed document must
21 include on each page the running header created by the ECF
22 system.  In addition, on the first page of each Courtesy
23 Copy, in the space between lines 1 - 7 to the right of the
24 center, counsel shall include the date the document was
25 e-filed and the document number.  The Courtesy Copies shall
26 be delivered to Chambers no later than 10:00 a.m. on the next
27 business day after the document was electronically filed.
28 All documents must be stapled or bound by a two prong

fastener, the electronic proof of service must be attached as the last page of each document, and all Exhibits to Declarations or Request for Judicial Notice must be tabbed. Counsel shall not staple the "COURTESY COPY" and "CHAMBERS COPY" together. The "COURTESY COPY" of all documents must be three-hole punched at the left margin with oversized 13/32" hole size, not the standard 9/32" hole size.

(d) For any document that is not required to be filed electronically, counsel are ORDERED to deliver 1 conformed copy of the document, which shall be marked "COURTESY COPY," to Chambers **at the time of filing**.

(e) If the Court has granted an application to file documents under seal, the Court's Courtesy Copies shall include a complete version of the documents including any sealed documents with an appropriate notation identifying that portion of the document that has been filed under seal. For example, if the Court orders Ex. A to a Declaration filed under seal, the Court's Courtesy Copies of the Declaration should include Ex. A as an attachment with a notation that it has been filed under seal pursuant to the Court's order.

(f) In the unlikely event counsel finds it necessary to file a Notice of Errata: (1) the Notice of Errata shall specifically identify each error by page and line number and set forth the correction; and (2) a corrected version of the document in its entirety shall be attached to the Notice of Errata.

(g) When a proposed order accompanies an electronic filing, a WordPerfect or Word copy of the proposed order,

1  along with a copy of the PDF electronically filed main
2  document shall be e-mailed to JFW_Chambers@cacd.uscourts.gov.
3  The subject line of the e-mail shall be in the following
4  format: court's divisional office, year, case type, case
5  number, document control number assigned to the main document
6  at the time of filing, judge's initials and filer (party)
7  name.  Failure to comply with this requirement may result in
8  the denial or striking of the request or the Court may
9  withhold ruling on the request until the Court receives the
10 required documents.
11 4.    **Discovery**:
12        (a) All discovery matters have been referred to a United
13 States Magistrate Judge.  (The Magistrate Judge's initials
14 follow the Judge's initials next to the case number.)  All
15 discovery documents must include the words "DISCOVERY MATTER"
16 in the caption to ensure proper routing.  Counsel are
17 directed to contact the Magistrate Judge's Courtroom Deputy
18 to schedule matters for hearing.
19        All decisions of the Magistrate Judge shall be final,
20 subject to modification by the District Court only where it
21 is shown that the Magistrate Judge's Order is clearly
22 erroneous or contrary to law.  Any party may file and serve a
23 motion for review and reconsideration before this Court.  The
24 moving party must file and serve the motion within fourteen
25 calendar days of service of a written ruling or within
26 fourteen calendar days of an oral ruling that the Magistrate
27 Judge states will not be followed by a written ruling.  The
28 motion must specify which portions of the ruling are clearly

1  erroneous or contrary to law and support the contention with
2  a memorandum of points and authorities.  Counsel shall
3  deliver a courtesy copy of the moving papers and responses to
4  the Magistrate Judge.
5      (b) Unless there is a likelihood that upon motion by a
6  party the Court would order that any or all discovery is
7  premature, counsel should begin to actively conduct discovery
8  before the Fed.R.Civ.P. 26(f) conference because at the
9  Scheduling Conference the Court will impose tight deadlines
10 to complete discovery.
11 5.   **Motions**:
12     **(a) Time for Filing and Hearing Motions:**
13     Motions shall be filed in accordance with the Local
14 Rules.  This Court hears motions on **Mondays commencing at**
15 **1:30 p.m.**  Once a party has noticed a motion for hearing on a
16 particular date, the hearing shall not be continued without
17 leave of Court.  No supplemental briefs shall be filed
18 without leave of Court.  Courtesy Copies shall be provided to
19 the Court in accordance with paragraph 3 of this Order.  No
20 motion shall be noticed for hearing for more than 35 calendar
21 days after service of the motion unless otherwise ordered by
22 the Court.  Documents not filed in compliance with the
23 Court's requirements will be stricken and will not be
24 considered by the Court.
25     Many motions to dismiss or to strike could be avoided if
26 the parties confer in good faith (as they are required to do
27 / / /
28 / / /

under the Local Rules)[1] especially for perceived defects in a Complaint, Answer, or Counterclaim which could be corrected by amendment. *See, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the Complaint could not be saved by any amendment). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require counsel for the plaintiff to carefully evaluate the defendant's contentions as to the deficiencies in the Complaint, and in many instances, the moving party should agree to any amendment that would cure a curable defect.

In the event the Court grants a motion to dismiss without prejudice to filing an amended complaint, the plaintiff shall file an amended complaint within the time period specified by the Court. A redlined version of the amended complaint shall be delivered to Chambers indicating all additions and deletions to the prior version of the complaint. If no time period is specified by the Court, the plaintiff shall file an amended complaint within fourteen calendar days of the date

---

[1] Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly. . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other nonsubstantive matters during the conference.

1  of the order granting the plaintiff leave to file an amended
2  complaint.  Failure to file an amended complaint within the
3  time allotted will result in the dismissal of the action with
4  prejudice.
5       In addition to the requirements of the Local Rules, all
6  motions to amend the pleadings shall: (1) state the effect of
7  the amendment; (2) be serially numbered to differentiate the
8  amendment from previous amendments; and (3) state the page,
9  line number(s), and wording of any proposed change or
10 addition of material.
11      The parties shall deliver to Chambers a redlined version
12 of the proposed amended pleading indicating all additions
13 and/or deletions of material.
14      **(b) Length and Format of Motion Papers:**
15      **Memoranda of Points and Authorities in support of or in**
16 **opposition to motions shall not exceed 25 pages.  Replies**
17 **shall not exceed 12 pages.**  Only in rare instances and for
18 good cause shown will the Court grant an application to
19 extend these page limitations.  Courtesy Copies of all
20 evidence in support of or in opposition to a motion,
21 including declarations and exhibits to declarations, shall be
22 separated by a tab divider on the bottom of the page.  If
23 evidence in support of or in opposition to a motion exceeds
24 twenty pages, the Courtesy Copies of the evidence must be
25 placed in separately bound volumes and include a Table of
26 Contents.  If such evidence exceeds fifty pages, the Court's
27 Courtesy Copies of such evidence must be placed in a slant D-
28 ring binder with each item of evidence separated by a tab

1  divider on the right side, and shall include a label on the
2  spine of the binder identifying its contents. All documents
3  contained in the binder must be three hole punched with the
4  oversized 13/32" hole size, not the standard 9/32" hole size.
5  **Typeface shall comply with the Local Rules. NOTE: If**
6  **Times Roman is used, the font size must be no less than 14;**
7  **if Courier is used, the font size must be no less than 12.**
8  Footnotes shall be in the same typeface and font size as the
9  text and shall be used sparingly.
10  Documents which do not conform to the Local Rules and
11  this Order will not be considered.
12  **(c) Citations to Case Law:**
13  Citations to case law **must** identify not only the case
14  being cited, but the specific page referenced.
15  **(d) Citations to Other Sources:**
16  Statutory references should identify, with specificity,
17  which sections and subsections are being referenced (*e.g.*,
18  Jurisdiction over this claim for relief may appropriately be
19  found in 47 U.S.C. § 33, which grants the district courts
20  jurisdiction over all offenses of the Submarine Cable Act,
21  whether the infraction occurred within the territorial waters
22  of the United States or on board a vessel of the United
23  States outside said waters). Statutory references which do
24  not specifically indicate the appropriate section and
25  subsection (*e.g.*, Plaintiffs allege conduct in violation of
26  the Federal Electronic Communication Privacy Act, 18 U.S.C. §
27  2511, *et seq.*) are to be **avoided**. Citations to treatises,
28  / / /

1  manuals, and other materials should similarly include the
2  volume and the section referenced.
3       (e)  **Proposed Orders**:
4       Each party filing or opposing a motion or seeking the
5  determination of any matter shall prepare and submit to the
6  Court a separate Proposed Order in accordance with the
7  General Order Authorizing Electronic Filing.  The Proposed
8  Order shall set forth the relief or action sought and a brief
9  statement of the rationale for the decision with appropriate
10 citations.
11 **Caveat**:  **Failure to timely respond to any motion shall be**
12 **deemed by the Court as consent to the granting of the motion.**
13 **See Local Rules.**
14 6.   **Ex Parte Applications**:
15      Ex parte applications are solely for extraordinary
16 relief.  See *Mission Power Eng'g Co. v. Continental Cas. Co.*,
17 883 F. Supp. 488 (C.D. Cal. 1995).  Applications that fail to
18 conform with the Local Rules, including a statement of
19 opposing counsel's position, will not be considered.  In
20 addition to electronic service, the moving party shall
21 immediately serve the opposing party by fax or hand service
22 and shall notify the opposing party that any opposition must
23 be filed not later than twenty-four hours after the filing of
24 the ex parte application.  If counsel does not intend to
25 oppose the ex parte application, counsel must inform the
26 Courtroom Deputy by e-mail or telephone.  The Court considers
27 ex parte applications on the papers and usually does not set
28 the matters for hearing.  Courtesy Copies of all moving,

1  opposition, or non-opposition papers shall be provided to the
2  Court in accordance with paragraph 3 of this Order. The
3  Courtroom Deputy will notify counsel of the Court's ruling or
4  a hearing date and time, if the Court determines a hearing is
5  necessary.
6  **7.   Applications or Stipulations to Extend the Time to File**
7  **any Required Document or to Continue Any Date:**
8       No applications or stipulations extending the time to
9  file any required document or to continue any date are
10 effective until and unless the Court approves them.
11 Applications and/or stipulations to extend the time to file
12 any required document or to continue any hearing, Pre-Trial
13 date, or the Trial date, must set forth the following:
14      (a)  the existing due date or hearing date, as well as
15 all dates set by the Court in the Scheduling and Case
16 Management Order, including the discovery cut-off date, the
17 Pre-Trial Conference date, and the Trial date;
18      (b) the new dates proposed by the parties;
19      (c) specific, concrete reasons supporting good cause for
20 granting the extension; and
21      (d) whether there have been prior requests for extensions
22 by any party, and whether those requests were granted or
23 denied by the Court.
24      All applications and stipulations must be accompanied by
25 a separate and independent proposed order which must be
26 submitted to the Court in accordance with the General Order
27 Authorizing Electronic Filing. Failure to submit a separate
28 / / /

proposed order may result in the denial of the application or stipulation or the Court may withhold ruling on the application or stipulation until the Court receives a separate proposed order.

8. **Temporary Restraining Orders and Injunctions**:

   (a) **Documentation Required**:

   Parties seeking emergency or provisional relief shall comply with Fed.R.Civ.P.65 and the Local Rules. An ex parte application for a temporary restraining order must be accompanied by: (1) a copy of the complaint; (2) a separate memorandum of points and authorities in support of the application; (3) the proposed temporary restraining order and a proposed order to show cause why a preliminary injunction should not issue; and (4) such other documents in support of the application which the party wishes the Court to consider.

   (b) **Notice to Opposition of Ex Parte Application**:

   Unless relieved by order of the Court for good cause shown, on or before the day counsel files an ex parte application for a temporary restraining order, counsel must personally serve notice and all documents in support of the application and a copy of the Court's Standing Order on opposing counsel or party. Counsel shall also notify the opposing party that any opposition must be filed no later than twenty-four hours after the service of the ex parte application. If counsel does not intend to oppose the ex parte application, counsel must promptly inform the Courtroom Deputy by e-mail or telephone. The Court considers ex parte applications on the papers and usually does not set the

1  matter for hearing. Courtesy Copies of all moving,
2  opposition, or non-opposition papers shall be provided to the
3  Court in accordance with paragraph 3 of this Order. The
4  Courtroom Deputy will notify counsel of the Court's ruling or
5  a hearing date and time, if the Court determines a hearing is
6  necessary. Counsel shall immediately file a Proof of Service.
7  **9.     Proposed Protective Orders and Filings Under Seal:**
8        Protective orders pertaining to discovery must be
9  submitted to the assigned Magistrate Judge. Proposed
10 protective orders should not purport to allow, without
11 further order of Court, the filing under seal of pleadings or
12 documents filed in connection with a hearing or trial before
13 the Court. The existence of a protective order does not
14 alone justify the filing of pleadings or other documents
15 under seal, in whole or in part.
16      An application to file documents under seal must meet the
17 requirements of the Local Rules and shall be limited to three
18 documents by a party, unless otherwise ordered by the Court.
19 The application to file documents under seal should not be
20 filed under seal. There is a strong presumption of the
21 public's right of access to judicial proceedings and records
22 in civil cases. In order to overcome the presumption in
23 favor of access, the movant must demonstrate compelling
24 reasons (as opposed to good cause) for the sealing if the
25 sealing is requested in connection with a dispositive motion
26 or trial, and the relief sought shall be narrowly tailored to
27 serve the specific interest sought to be protected. *Pintos*
28 / / /

1  *v. Pacific Creditors Ass'n*, 565 F.3d 1106 (9th Cir. 2009),
2  *Kamakana v. City and County of* Honolulu, 447 F.3d 1172 (9th
3  Cir. 2006), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d
4  1122, 1135 (9th Cir. 2003).

5      For each document or other type of information sought to
6  be filed under seal, the party seeking protection must
7  articulate compelling reasons supported by specific facts or
8  legal justification that the document or type of information
9  should be protected.  The facts supporting the application to
10 file documents under seal must be provided by a declaration.
11 Documents that are not confidential or privileged in their
12 entirety will not be filed under seal if the confidential
13 portions can be redacted and filed separately.  The
14 application to file documents under seal should include an
15 explanation of why redaction is not feasible.

16      If a party wishes to file a document that has been
17 designated confidential by another party, the submitting
18 party must give any designating party five calendar days
19 notice of intent to file.  If the designating party objects,
20 it should notify the submitting party and file an application
21 to file documents under seal within two court days.

22      If the parties anticipate requesting the Court to file
23 more than three documents under seal in connection with any
24 motion, they shall identify all such documents that will be
25 required to support and oppose the motion during the Local
26 Rule 7-3 conference.  The parties shall then meet and confer
27 in order to determine if the documents satisfy the
28 "compelling need" standard for "sealing" each document.

```
 1  Thereafter, the parties shall file a joint application and
 2  lodge a proposed order to file under seal all such documents
 3  with the required showing as to each document.  The joint
 4  application shall be filed promptly so that the Court may
 5  rule on the application before the filing date for the
 6  motion.  The parties shall not file any pleadings containing
 7  documents they have requested the Court to file under seal
 8  until the Court acts on the application to file under seal.
 9       If an application to file documents under seal is denied
10  in part or in full, the lodged documents will not be filed.
11  The Courtroom Deputy will notify the submitting party, and
12  hold the lodged documents for three court days to allow the
13  submitting party to retrieve the documents.  If the documents
14  are not retrieved, the Courtroom Deputy will dispose of the
15  documents.
16       A redacted version for public viewing, omitting only such
17  portions as the Court has ordered filed under seal shall be
18  promptly filed by the parties after the Court's Order sealing
19  the documents.  Should counsel fail to file a redacted
20  version of the documents, the Court will strike any motion
21  that relies on or relates to the document and/or file the
22  document in the public record.
23       If the Court grants an application to file documents
24  under seal, the Court's Courtesy Copies shall include a
25  complete version of the documents with an appropriate
26  notation identifying the document or the portion of the
27  document that has been filed under seal.
28  / / /
```

10. **Cases Removed From State Court:**

All documents filed in state court, including documents appended to the Complaint, Answer(s), and Motion(s), must be re-filed in this Court as a supplement to the Notice of Removal. The supplement must be in a separately bound volume and shall include a Table of Contents. See 28 U.S.C. § 1447(a),(b). If the defendant has not yet answered or moved, the Answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District. If before the case was removed a motion was pending in state court, it must be re-noticed in accordance with the Local Rules.

11. **Status of Fictitiously Named Defendants:**

This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the Complaint: (See 28 U.S.C. §§ 1441(a) and 1447.)

(a) Plaintiff shall ascertain the identity of and serve any fictitiously named defendants within 120 days of the date that the Complaint was filed in State Court.

(b) If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120-day period, an ex parte application requesting permission to extend the period to effectuate service may be filed with the Court. Such application shall state the reasons therefore, and may be granted upon a showing of good cause. The ex parte application shall be served upon all appearing parties, and

1 shall state that appearing parties may respond within seven
2 calendar days of the filing of the ex parte application.
3      (c) If plaintiff desires to substitute a named defendant
4 for one of the fictitiously named defendants, plaintiff shall
5 first seek the consent of counsel for all defendants (and
6 counsel for the fictitiously named party, if that party has
7 separate counsel). If consent is withheld or denied,
8 plaintiff may apply ex parte requesting such amendment, with
9 notice to all appearing parties. Each party shall have seven
10 calendar days to respond. The ex parte application and any
11 response should comment not only on the substitution of the
12 named party for a fictitiously named defendant, but on the
13 question of whether the matter should thereafter be remanded
14 to the Superior Court if diversity of citizenship is
15 destroyed by the addition of the new substituted party. *See*
16 28 U.S.C. § 1447(c),(d).
17 **12. Bankruptcy Appeals**:
18      Counsel shall comply with the NOTICE REGARDING APPEAL
19 FROM BANKRUPTCY COURT issued at the time the appeal is filed
20 in the District Court. The matter is considered submitted
21 upon the filing of the final brief. No oral argument is held
22 unless ordered by the Court.
23 **13. Communications with Chambers**:
24      Counsel shall not attempt to contact the Court or its
25 Chambers staff by telephone or by any other ex parte means,
26 although counsel may contact the Courtroom Deputy, at (213)
27 894-5396 or shannon_reilly@cacd.uscourts.gov, with
28 / / /

appropriate inquiries. To facilitate communication with the Courtroom Deputy, counsel should list their facsimile transmission numbers and e-mail address along with their telephone numbers on all papers.

14. **Notice of This Order**:

Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by noticed removal, defendant shall serve this Order on all other parties.

**Caveat**: If counsel fail to cooperate in the preparation of the required Joint Rule 26 Report or fail to file the required Joint Rule 26 Report, or if counsel fail to appear at the Scheduling Conference, the Pre-Trial Conference and/or any other proceeding scheduled by the Court, and such failure is not otherwise satisfactorily explained to the Court: (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.

DATED:   August 26, 2011        _____
                                JOHN F. WALTER
                                UNITED STATES DISTRICT JUDGE