JPG

# U.S. District Court
## Southern District of Illinois (East St. Louis)
### CIVIL DOCKET FOR CASE #: 3:11-cv-00820-JPG-DGW

| | |
|---|---|
| Payne v. A. W. Chesterton Company et al | Date Filed: 09/08/2011 |
| Assigned to: Judge J. Phil Gilbert | Jury Demand: None |
| Referred to: Magistrate Judge Donald G. Wilkerson | Nature of Suit: 368 P.I. : Asbestos |
| Demand: $350,000 | Jurisdiction: Federal Question |
| Case in other court: Madison County, IL, 11-L-740 | |
| Cause: 28:1441 Petition for Removal- Asbestos Litigation | |

**Plaintiff**

**Lawrence Payne**                     represented by   **Ethan A. Flint**
Saville & Flint LLC
112 Magnolia Drive
P. O. Box 930
Glen Carbon, IL 62034
618-288-4777
Fax: 618-288-2864
Email: eflint@toverdict.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A. W. Chesterton Company**

**Defendant**

**Air & Liquid Systems Corporation**
*also known as*
Buffalo Pumps, Inc.

**Defendant**

**Aldrich Company**
*a subsidiary of Ingersoll-Rand*

**Defendant**

**Alfa Laval Inc.**
*individually and as successor-in-interest to Sharpless Corp.*

**Defendant**

**A. O. Smith Corporation**

**Defendant**

**Arvinmeritor, Inc.**

**Defendant**

**Asco Valves Inc.**

**Defendant**

**Aurora Pump Conpany**

**Defendant**

**Borg Warner Corporation**
*by its successor-in-interest, Borg Warner Morse Tec, Inc.*

**Defendant**

**Carrier Corporation**

**Defendant**

**Carver Pump Company**

**Defendant**

**Caterpillar, Inc**

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom, Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Certain-Teed Corporation**

**Defendant**

**Cleaver-Brooks, Inc.**
*formerly known as*
Cleaver-Brooks, a division of Aqua-Chem, Inc.

**Defendant**

**Continental Tevens, Inc.**

**Defendant**

**Control Components, Inc.**
*individually and as successor-in-interest to Bailey Valves Company*

**Defendant**

**Conwed Corporation**

**Defendant**

**Cooper Industries, LLC**
*formerly known as*
Cooper Industries, Inc.
*formerly known as*
Cooper-Bessemer Corporation

**Defendant**

**Copes Vulcan, Inc.**

**Defendant**

**Crane Co.**
*sued individually and as successor-in-interest to Cochrane, Inc.*
*also known as*
Jenkins Valves, Inc
*also known as*
Pacific Pump, Inc

**Defendant**

**Crown Cork & Seal Company, Inc.**

**Defendant**

**Dana Companies, LLC**

**Defendant**

**Dap, Inc.**

**Defendant**

**Dezurik**

**Defendant**

**Dover Corporation, Blackmer Pump Division**

**Defendant**

**Draco Mechanical Supply, Inc**

**Defendant**

**Eaton Corporation**

**Defendant**

**Elliott Turbomachinery Co., Inc.**

**Defendant**

**Ericsson, Inc.**
*sued individually and as successor-in-interest to The Continental Wire &*

*Cable Company and the Anaconda Company*

**Defendant**

**Flowserve Corporation**
*sued individually and as successor-in-interest to BW/IP International, Inc. formerly known as*
Byron Jackson Pump Division and Pacific Pumps

**Defendant**

**FMC Corporation**
*sued as successor of Northern Pumps and Peerless Pumps*

**Defendant**

**Ford Motor Company**

**Defendant**

**Foster Wheeler Energy Corporation**
*sued individually and as successor-in-interest to C.H. Wheeler*

represented by **James L. Svajgl**
Segal, McCambridge et al.
Sears Tower - Suite 5500
233 South Wacker Drive
Chicago, IL 60606
312-645-7800
Fax: 312-645-7711
Email: jsvajgl@smsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gardner Denver, Inc**

**Defendant**

**Georgia-Pacific, LLC**

**Defendant**

**General Gasket Corporation**

**Defendant**

**General Electric Company**

**Defendant**

**Goodyear Tire & Rubber Company**

**Defendant**

**Goulds Pumps, Inc.**

**Defendant**

**Graybar Electric Company**

**Defendant**

**Greene Tweed & Co., Inc**

**Defendant**

**Grinnell, LLC**

**Defendant**

**Hardie-Tynes, LLC**
*also known as*
Hardie-Tynes Manufacturing Company

**Defendant**

**Honeywell International, Inc.**

**Defendant**

**Illinois Tool Works, Inc.**
*individually and as successor-in-*
*interest to Devcon Limited*

**Defendant**

**Imo Industries, Inc.**
*individually and as successor-in-*
*interest to Delaval Turbine, Inc.*

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**ITT Corporation**
*formerly known as*
ITT Industries, Inc.

**Defendant**

**John Crane, Inc.**

**Defendant**

**J.P. Bushnell Packing Supply Co.**

**Defendant**

**Kaiser Gypsum Company, Inc.**

**Defendant**

**Kelly Moore Paint Compnay**

**Defendant**

**Lamons Gasket Company**

<u>**Defendant**</u>

**Melrath Gasket, Inc.**

<u>**Defendant**</u>

**Metropolitan Life Insurance Company**

<u>**Defendant**</u>

**Nash Engineering Company**

<u>**Defendant**</u>

**Oakfabco, Inc**
*formerly known as*
Kewanee Boiler Corporation

<u>**Defendant**</u>

**Orr & Sembower Incorporated**

<u>**Defendant**</u>

**Owens- Illinois, Inc**

<u>**Defendant**</u>

**Patterson-Kelley Co**

<u>**Defendant**</u>

**Peerless Industries, Inc.**

<u>**Defendant**</u>

**Pneumo Abex Corporation**

<u>**Defendant**</u>

**Rapid America**
*a successor-in-interest to Philip Carey Corporation*

<u>**Defendant**</u>

**Rexnord Industries, LLC**
*also known as*
Faulk Corporation

<u>**Defendant**</u>

**Rockwell Automation, Inc.**

<u>**Defendant**</u>

**Riley Power, Inc.**
*formerly known as*
Riley Stoker Corporation

**Defendant**

**SB Decking, Inc.**
*formerly known as*
Selby, Battersby & Company

**Defendant**

**Simon Roofing and Sheet Metal
Corporation**

**Defendant**

**Sprinkmann Sons Corporation**

**Defendant**

**Taco, Inc.**

**Defendant**

**Trane US, Inc.**
*formerly known as*
American Standard Inc.

**Defendant**

**Tyco International (US) Inc**
*for Tyco Valves & Controls a unit of
Tyco Flow Control as successor to
Yarway Corporation, J.E. Lonergan,
Grinnell Corp and Kunkle Valve*

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Uniroyal Holding, Inc**
*also known as*
Uniroyal Inc
*formerly known as*
Uniroyal Goodrich Tire Co.
*formerly known as*
Unites States Rubber Co

**Defendant**

**Velan Valve Corp.**

**Defendant**

**Viad Corporation**
*as successor-in-interest to Griscom-
Russell*

**Defendant**

**Viking Pumps, Inc**

**Defendant**

**Warren Pumps, LLC**

**Defendant**

**Weil-Valves & Controls USA, Inc**
*doing business as*
Atwood & Morrill Co

**Defendant**

**Westerbeke Corporaton**

**Defendant**

**Whitney Automotive Group, Inc**
*formerly known as*
J.C. Whitney & Co.

**Defendant**

**William Powell Company**

**Defendant**

**Yarway Corporation**

**Defendant**

**York International Corporation**

**Defendant**

**Young Group, LTD**
*formerly known as*
Young Sales Corp

**Defendant**

**Young Insulation Group of St. Louis, Inc**

**Defendant**

**Zurn Industries, LLC**

**Defendant**

**3M**
*also known as*
Minnesota Mining and Manufacturing
Company

| Date Filed | # | Docket Text |
|---|---|---|
| 09/08/2011 | 1 | Case Opened. Documents may now be electronically filed. Case number 11-820 |

| | | |
|---|---|---|
| | | JPG/DGW must be placed on all documents prior to filing them electronically. (Attachments: # 1 Notice and Consent to Magistrate Judge)(jdh) (Entered: 09/08/2011) |
| 09/08/2011 | 2 | NOTICE OF REMOVAL by Foster Wheeler Energy Corporation from Circuit Court of Madison County, case number 2011L 000740. ( Filing fee $ 350 receipt number 0754-1500274) (Attachments: # 1 Supplement State Court Complaint, # 2 Civil Cover Sheet, # 3 Exhibit A-H, # 4 Exhibit I-K, # 5 Exhibit L, # 6 Exhibit M-O)(Svajgl, James) (Entered: 09/08/2011) |
| 09/08/2011 | 3 | NOTICE of Appearance by James L. Svajgl on behalf of Foster Wheeler Energy Corporation (Svajgl, James) (Entered: 09/08/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/09/2011 09:53:03 | | | |
| **PACER Login:** | sm0422 | **Client Code:** | 000007447.41973 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-00820-JPG-DGW |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

**IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS**



LAWRENCE PAYNE,                                                       )
                                                                     )
                     Plaintiff,                                      )
                                                                     )
-vs.-                                                                )      No.  11-L- 740
                                                                     )
A.W. CHESTERTON COMPANY,                                             )
AIR & LIQUID SYSTEMS CORPORATION, *a/k/a*                            )
  BUFFALO PUMPS, INC.,                                     )
ALDRICH COMPANY, *a subsidiary of* INGERSOLL-RAND,                   )
ALFA LAVAL INC., *individually and as successor-in-interest to*      )
  SHARPLESS CORP.,                                          )
A.O. SMITH CORPORATION,                                              )
ARVINMERITOR, INC.,                                                  )
ASCO VALVES INC.,                                                    )
AURORA PUMP COMPANY,                                                 )
BORG WARNER CORPORATION *by its successor-*                          )
  *in-interest*, BORG WARNER MORSE TEC, INC.,               )
CARRIER CORPORATION,                                                 )
CARVER PUMP COMPANY,                                                 )
CATERPILLAR, INC.,                                                   )
CBS CORPORATION, *f/k/a* VIACOM, INC. *merger to*                    )
  CBS CORPORATION, *f/k/a* WESTINGHOUSE                     )
  ELECTRIC CORPORATION,                                     )
CERTAIN-TEED CORPORATION,                                            )
CLEAVER-BROOKS, INC. *f/k/a* CLEAVER-BROOKS,                         )
  a division of Aqua-Chem, Inc.,                             )
CONTINENTAL TEVES, INC.,                                             )
CONTROL COMPONENTS, INC., *individually and as*                     )
 *successor-in-interest to* BAILEY VALVES COMPANY,              )
CONWED CORPORATION,                                                  )
COOPER INDUSTRIES, LLC *f/k/a* COOPER INDUSTRIES                     )
  INC., *f/k/a* COOPER-BESSEMER CORPORATION,                )
COPES VULCAN, INC.,                                                  )
CRANE CO., *sued individually and as successor-in-interest to*       )
  COCHRANE, INC., *a/k/a* JENKINS VALVES, INC.,             )
  *a/k/a* PACIFIC PUMP, INC.,                               )
CROWN CORK & SEAL COMPANY, INC.,                                     )
DANA COMPANIES, LLC,                                                 )
DAP, INC.,                                                           )
DEZURIK,                                                             )
DOVER CORPORATION, BLACKMER PUMP DIVISION,                           )

DRACO MECHANICAL SUPPLY, INC.,                                    )
EATON CORPORATION,                                               )
ELLIOTT TURBOMACHINERY CO., INC.,                               )
ERICSSON, INC., *sued individually and as successor-in-interest*  )
  *to* THE CONTINENTAL WIRE & CABLE COMPANY          )
  *and* THE ANACONDA COMPANY,                         )
FLOWSERVE CORPORATION, *sued individually and*                   )
  *as successor-in-interest to* BW/IP International, Inc.,  )
  *f/k/a* Byron Jackson Pump Division and Pacific Pumps, )
FMC CORPORATION, *sued as successor of*                          )
  NORTHERN PUMPS and PEERLESS PUMPS,                    )
FORD MOTOR COMPANY,                                              )
FOSTER WHEELER ENERGY CORPORATION                               )
  *sued individually and as  successor-in-interest to*    )
   C.H. WHEELER,                                     )
GARDNER DENVER, INC.,                                           )
GEORGIA-PACIFIC, LLC,                                           )
GENERAL GASKET CORPORATION,                                    )
GENERAL ELECTRIC COMPANY,                                      )
THE GOODYEAR TIRE AND RUBBER COMPANY,                         )
GOULDS PUMPS, INC.,                                            )
GRAYBAR ELECTRIC COMPANY,                                     )
GREENE TWEED & CO. INC.,                                       )
GRINNELL LLC,                                                  )
HARDIE-TYNES, L.L.C., a/k/a HARDIE-TYNES                       )
  MANUFACTURING COMPANY,                                )
HONEYWELL INTERNATIONAL, INC.,                                 )
ILLINOIS TOOL WORKS, INC., *individually and as*                 )
  *successor-in-interest to* Devcon Limited,              )
IMO INDUSTRIES, INC., *individually and as successor-in-*        )
  *to* DELAVAL TURBINE, INC.,                            )
INGERSOLL-RAND COMPANY,                                        )
ITT CORPORATION, *f/k/a* ITT INDUSTRIES, INC.,                  )
JOHN CRANE, INC.,                                              )
J.P. BUSHNELL PACKING SUPPLY CO.,                             )
KAISER GYPSUM COMPANY INC.,                                   )
KELLY MOORE PAINT COMPANY,                                    )
LAMONS GASKET COMPANY,                                        )
MELRATH GASKET, INC.,                                         )
METROPOLITAN LIFE INSURANCE COMPANY,                         )
THE NASH ENGINEERING COMPANY,                                )
OAKFABCO, INC., *f/k/a* KEWANEE BOILER CORP.,                  )
ORR & SEMBOWER INCORPORATED,                                 )
OWENS-ILLINOIS, INC.,                                        )
PATTERSON-KELLEY CO.,                                        )
PEERLESS INDUSTRIES, INC.,                                   )

PNEUMO ABEX CORPORATION,                                              )
RAPID AMERICA, *a successor-in-interest to* PHILIP CAREY              )
   CORPORATION,                                                       )
REXNORD INDUSTRIES, LLC *a/k/a* THE FAULK                             )
   CORPORATION,                                                       )
ROCKWELL AUTOMATION INC.,                                             )
RILEY POWER, INC., *f/k/a* RILEY STOKER CORPORATION,                  )
SB DECKING, INC., f/k/a SELBY, BATTERSBY &                            )
   COMPANY,                                                           )
SIMON ROOFING AND SHEET METAL CORPORATION,                           )
SPRINKMANN SONS CORPORATION,                                         )
TACO, INC.,                                                          )
TRANE US, INC., *f/k/a* AMERICAN STANDARD, INC.,                      )
TYCO INTERNATIONAL (US), INC., (for TYCO VALVES                      )
   & CONTROLS *a unit of* TYCO FLOW CONTROL *as*                      )
   *successor to* YARWAY CORPORATION, J.E. LONERGAN,                  )
   GRINNELL CORP. *and* KUNKLE VALVE,                                 )
UNION CARBIDE CORPORATION,                                           )
UNIROYAL HOLDING, INC., a/k/a UNIROYAL INC., f/k/a                    )
   UNIROYAL GOODRICH TIRE CO., f/k/a UNITED                          )
   STATES RUBBER CO.,                                                 )
VELAN VALVE CORP.,                                                   )
VIAD CORPORATION, *as successor-in-interest to*                      )
   GRISCOM-RUSSELL,                                                   )
VIKING PUMPS, INC.,                                                  )
WARREN PUMPS, LLC,                                                   )
WEIL-MCLAIN COMPANY,                                                 )
WEIL-VALVES & CONTROLS USA, INC., *d/b/a*                             )
   ATWOOD & MORRILL CO.,                                              )
WESTERBEKE CORPORATION,                                             )
WHITNEY AUTOMOTIVE GROUP, INC. *f/k/a*                                )
   J.C. WHITNEY & CO.,                                                )
THE WILLIAM POWELL COMPANY,                                          )
YARWAY CORPORATION,                                                 )
YORK INTERNATIONAL CORPORATION,                                     )
YOUNG GROUP, LTD, *f/k/a* YOUNG SALES CORP.,                          )
YOUNG INSULATION GROUP OF ST. LOUIS, INC.,                          )
ZURN INDUSTRIES, LLC, and                                           )
3M, *a/k/a* MINNESOTA MINING AND MANUFACTURING                       )
   COMPANY,                                                           )
                                                               )
                       Defendants.                             )

## **COMPLAINT**

## COUNT I

### NEGLIGENCE COUNT AS TO MANUFACTURERS OF ASBESTOS PRODUCTS

COMES NOW the Plaintiff, LAWRENCE PAYNE, by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants, state:

1. The Plaintiff, LAWRENCE PAYNE, was employed by the following employers: United States Navy from 1961 to 1965 located in Great Lakes, Illinois, the USS Randolph and the USS George K. McKenzie; GENERAL ELECTRIC COMPANY from 1965 to 1985 located in Youngstown, Ohio; and, SIMON ROOFING and SHEET METAL CORPORATION from 1969 to 1975 located in Youngstown, Ohio.

2. During the course of the Plaintiff, LAWRENCE PAYNE's, employment, the Plaintiff, LAWRENCE PAYNE, was exposed to and inhaled asbestos fibers emanating from certain products he was working with and around, which were manufactured, sold, distributed or installed by the Defendants: A.W. CHESTERTON COMPANY, AIR & LIQUID SYSTEMS CORPORATION, *a/k/a* BUFFALO PUMPS, INC., ALDRICH COMPANY, *a subsidiary of* INGERSOLL-RAND, ALFA LAVAL INC., *individually and as successor-in-interest to* SHARPLESS CORP., A.O. SMITH CORPORATION, ARVINMERITOR, INC., ASCO VALVES INC., AURORA PUMP COMPANY, BORG WARNER CORPORATION *by its successor-in-interest*, BORG WARNER MORSE TEC, INC., CARRIER CORPORATION, CARVER PUMP COMPANY, CATERPILLAR, INC., CBS CORPORATION, *f/k/a* VIACOM, INC. *merger to* CBS CORPORATION, *f/k/a* WESTINGHOUSE ELECTRIC CORPORATION, CERTAIN-TEED CORPORATION, CLEAVER-BROOKS, INC. *f/k/a* CLEAVER-BROOKS, a division of Aqua-Chem, Inc., CONTINENTAL TEVES, INC., CONTROL COMPONENTS, INC., *individually and as successor-in-interest to* BAILEY VALVES COMPANY,

CONWED CORPORATION, COOPER INDUSTRIES, LLC *f/k/a* COOPER INDUSTRIES INC., *f/k/a* COOPER-BESSEMER CORPORATION, COPES VULCAN, INC., CRANE CO., *sued individually and as successor-in-interest to* COCHRANE, INC., *a/k/a* JENKINS VALVES, INC., *a/k/a* PACIFIC PUMP, INC., CROWN CORK & SEAL COMPANY, INC., DANA COMPANIES, LLC, DAP, INC., DEZURIK, DOVER CORPORATION, BLACKMER PUMP DIVISION, DRACO MECHANICAL SUPPLY, INC., EATON CORPORATION, ELLIOTT TURBOMACHINERY CO., INC., ERICSSON, INC., *sued individually and as successor-in-interest to* THE CONTINENTAL WIRE & CABLE COMPANY *and* THE ANACONDA COMPANY, FLOWSERVE CORPORATION, *sued individually and as successor-in-interest to* BW/IP International, Inc., *f/k/a* Byron Jackson Pump Division and Pacific Pumps, FMC CORPORATION, *sued as successor of* NORTHERN PUMPS and PEERLESS PUMPS, FORD MOTOR COMPANY, FOSTER WHEELER ENERGY CORPORATION *sued individually and as successor-in-interest to* C.H. WHEELER, GARDNER DENVER, INC., GEORGIA-PACIFIC, LLC, GENERAL GASKET CORPORATION, GENERAL ELECTRIC COMPANY, THE GOODYEAR TIRE AND RUBBER COMPANY, GOULDS PUMPS, INC., GRAYBAR ELECTRIC COMPANY, GREENE TWEED & CO. INC., GRINNELL LLC, HARDIE-TYNES, L.L.C., a/k/a HARDIE-TYNES MANUFACTURING COMPANY, HONEYWELL INTERNATIONAL, INC., ILLINOIS TOOL WORKS, INC., *individually and as successor-in-interest to* Devcon Limited, IMO INDUSTRIES, INC., *individually and as successor-in-to* DELAVAL TURBINE, INC., INGERSOLL-RAND COMPANY, ITT CORPORATION, *f/k/a* ITT INDUSTRIES, INC., JOHN CRANE, INC., J.P. BUSHNELL PACKING SUPPLY CO., KAISER GYPSUM COMPANY INC., KELLY MOORE PAINT COMPANY, LAMONS GASKET COMPANY, MELRATH GASKET, INC., METROPOLITAN LIFE

10-L-

INSURANCE COMPANY, THE NASH ENGINEERING COMPANY, OAKFABCO, INC., *f/k/a* KEWANEE BOILER CORP., ORR & SEMBOWER INCORPORATED,   OWENS-ILLINOIS, INC., PATTERSON-KELLEY CO., PEERLESS INDUSTRIES, INC., PNEUMO ABEX CORPORATION, RAPID AMERICA, *a successor-in-interest to* PHILIP CAREY CORPORATION, REXNORD INDUSTRIES, LLC *a/k/a* THE FAULK CORPORATION, ROCKWELL AUTOMATION INC., RILEY POWER, INC., *f/k/a* RILEY STOKER CORPORATION,  SB DECKING, INC., f/k/a SELBY, BATTERSBY & COMPANY, SIMON ROOFING AND SHEET METAL CORPORATION, SPRINKMANN SONS CORPORATION, TACO, INC., TRANE US, INC., *f/k/a* AMERICAN STANDARD, INC., TYCO INTERNATIONAL (US), INC., (for TYCO VALVES & CONTROLS *a unit of* TYCO FLOW CONTROL *as successor to* YARWAY CORPORATION, J.E. LONERGAN, GRINNELL CORP. *and* KUNKLE VALVE, UNION CARBIDE CORPORATION, UNIROYAL HOLDING, INC., a/k/a UNIROYAL INC., f/k/a UNIROYAL GOODRICH TIRE CO., f/k/a UNITED STATES RUBBER CO., VELAN VALVE CORP., VIAD CORPORATION, *as successor-in-interest to* GRISCOM-RUSSELL, VIKING PUMPS, INC., WARREN PUMPS, LLC, WEIL-MCLAIN COMPANY, WEIL-VALVES & CONTROLS USA, INC., *d/b/a* ATWOOD & MORRILL CO., WESTERBEKE CORPORATION, WHITNEY AUTOMOTIVE GROUP, INC. *f/k/a* J.C. WHITNEY & CO., THE WILLIAM POWELL COMPANY, YARWAY CORPORATION, YORK INTERNATIONAL CORPORATION, YOUNG GROUP, LTD, *f/k/a* YOUNG SALES CORP., YOUNG INSULATION GROUP OF ST. LOUIS, INC., ZURN INDUSTRIES, LLC, and 3M, *a/k/a* MINNESOTA MINING AND MANUFACTURING COMPANY.

10-L-

3.    At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

4.    LAWRENCE PAYNE's exposure to and inhalation of the asbestos fibers emanating from the above-mentioned products were completely foreseeable and could or should have been anticipated by the Defendants.

5.    The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling them.

6.    That on or about JULY 26, 2010, the Plaintiff first became aware that he had developed lung cancer and at a later date learned that said disease was wrongfully caused.

7.    At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around the products of the Defendants containing asbestos.

8.    The Defendants failed to exercise ordinary care and caution for the safety of the Plaintiff in one or more of the following respects:

> (a) Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;
>
> (b) Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;
>
> (c) Included asbestos in their products when adequate substitutes for the asbestos in them was available;
>
> (d) Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers contained in them;

10-L-

(e)  Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and

(f)  Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers might be exposed while working with the products.

(g)  Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

9.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer, which will ultimately lead to his death; Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced disease and conditions; Plaintiff has experience, and will continue to experience now and in the future, great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to be hindered now and in the future, from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the sickness of the Plaintiff, his family has been deprived, and will continue to be deprived, of his means of support and society.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably

compensate for the Plaintiffs' injuries.

## COUNT II

### WILLFUL AND WANTON

COMES NOW the Plaintiff, LAWRENCE PAYNE, by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants, state:

1. - 8.  Plaintiffs repeat and reallege Paragraphs 1 - 8 of Count I as and for Paragraphs 1 - 8 of this Count II.

9.      Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

(a)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

(b)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

(c)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes for the asbestos in them was available;

(d)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers in them;

(e)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and

(f)  Intentionally or with a reckless disregard for the safety of the

Plaintiff, failed to conduct tests on the asbestos containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers might be exposed while working with the products and/or conspired with others to conceal the results of such tests.

(g)  Intentionally or with a reckless disregard for the safety of the Plaintiff, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

10.    Plaintiffs repeat and reallege Paragraph 9 of Count I as and for Paragraphs 10 of this Count II.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

## COUNT III

### CONSPIRACY

COMES NOW the Plaintiff, LAWRENCE PAYNE, by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants, state:

1– 8.  Plaintiff repeats and realleges Paragraphs 1 - 8 of Count I as and for Paragraphs 1- 8 of this Count III.

9.    During the course of his employment, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products they were working with and around which were manufactured, sold or distributed by the Defendants named in Count I above.

10.    The Defendants, including METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, and/or their

predecessors-in-interest in Madison County, Illinois, Cicero, Illinois, Chicago, Illinois, Libertyville, Illinois and Waukegan, Illinois as well as other locations, knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities, including Johns-Manville Corporation, Union Asbestos & Rubber Company, Pittsburgh-Corning Corporation and United States Gypsum, to cause Plaintiff's injury, disease and illness by exposing Plaintiff to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose himself to said dangers. In this connection, Plaintiff has sued METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION in their capacities as co-conspirators. Defendants committed the above-described wrongs, some of which wrongful conduct occurred at the locations above, by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

11.     In furtherance of said conspiracy, Defendants, METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, performed the following overt acts:

(a)     for many decades, Defendants METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature

and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully and maliciously:

    (1)     withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff who was using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

    (2)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

    (3)     distorted the results of medical examinations conducted upon Plaintiff and workers such as Plaintiff who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff have suffered.

(c)     In addition, certain of the defendants, including but not limited to METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff from contracting an asbestos disease or cancer.

(d)     In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff even if complied with.

10-L-

(e)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose himself to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

12.     Defendants individually, and as members of a conspiracy, and as agents of other co-conspirators were in a position of superior knowledge regarding the health hazards of asbestos and therefore the Plaintiff and others deciding to use said asbestos-containing products to which Plaintiff was exposed had a right to rely and did rely on the published reports commissioned by the Defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

13.     As a direct and proximate result of Defendants' intentional publication of deceptive and misleading medical data and information, as described in the preceding paragraphs, upon which data the Plaintiff reasonably relied, the Defendants caused asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to be used by Plaintiff and Plaintiff inhaled or otherwise ingested hazardous asbestos dust, and/or will inhale or ingest hazardous asbestos dust, resulting in injuries.

14.     Additionally and alternatively, as a direct and proximate result of Defendants' actions and omissions as described above, the Plaintiff was caused to remain ignorant concerning the danger of human exposure to asbestos, resulting in damage to the Plaintiff by depriving the Plaintiff and workers such as Plaintiff, of opportunities to be aware of the hazards of asbestos

exposure, and thus the opportunity to take proper safety precautions and/or avoid exposure to asbestos dust. Because of this ignorance on the part of the Plaintiff, Defendants' failure to warn, Defendants' concealment from the Plaintiff of the alteration of their published test results, and the actions and omissions and concerted design and conspiracy of METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL INC., and PNEUMO ABEX CORPORATION, some of which wrongful conduct occurred in Madison County, Illinois, and others, all as described above, the Plaintiff was exposed to asbestos and asbestos-containing products and/or machinery containing or calling for the use of asbestos and/or asbestos-containing products used at his places of employment and/or his family members' place employment and has inhaled or otherwise ingested hazardous asbestos dust resulting in his developing lung cancer.

15.     As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer, which will ultimately lead to his death; Plaintiffs have been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced disease and conditions; Plaintiff has experienced, and will continue to experience now and in the future, great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to be hindered now and in the future, from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the sickness of the Plaintiff, his family has been deprived, and will continue to be

deprived, of his means of support and society.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiffs' injuries.

## COUNT IV

### NEGLIGENT SPOLIATION OF EVIDENCE

COMES NOW the Plaintiff, LAWRENCE PAYNE, by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants, state:

1.      Prior to the commencement of this case, Defendants had in their respective possession, custody and control documents and information relating to issues in this case.

2.      Upon information and belief, said issues include, but are not limited to:  the identification of asbestos-containing products to which Decedent was exposed, the locations to, and at, which defendants sold, distributed and applied asbestos-containing products; the identity of the manufacturers and others in the distribution chain of said products; and, defendants' knowledge, notice and information regarding the hazards of asbestos and whether or not they were negligent.

3.      It was foreseeable to a reasonable person/entity in the respective positions of Defendants, that said documents and information constituted evidence, which was material to potential civil litigation-namely, asbestos litigation.  Said defendants had a duty to maintain and preserve said documents and information because they knew or should have known that said documents and information were material evidence in potential asbestos litigation.

4.      Plaintiff has sought, but been unable to obtain, full disclosure of relevant documents and information from Defendants, leading to the inference that Defendants destroyed

and otherwise disposed of said documents and information.

5.    Said defendants and each of them breached their duty to preserve said material evidence by destroying and otherwise disposing of said documents and information, at a time when they and each of them knew or should have known that the same constituted material evidence in potential civil litigation.

6.    As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

7.    As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award compensatory damages in an amount to be proved at trial, but believed to exceed FIFTY THOUSAND ($50,000.00) DOLLARS and for such other and further relief that his Court deems appropriate.

## COUNT V

### WILLFUL AND WANTON SPOLIATION OF EVIDENCE

COMES NOW the Plaintiff, LAWRENCE PAYNE, by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants, state:

1.    Plaintiff herein incorporates by reference paragraphs 1-5 of Count IV.

2.    In destroying and disposing of said material evidence, said defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

10-L-

3.      As a direct and proximate result of said destruction and disposal of material evidence, Plaintiff has been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other defendants.

4.      As a result of this prejudice and impairment, Plaintiff has been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendants and to award: compensatory damages in an amount to be proved at trial, but believed to exceed $50,000 and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

## COUNT VI

### STRICT LIABILITY/ULTRA-HAZARDOUS ACTIVITY

COMES NOW, Plaintiff, LAWRENCE PAYNE, by his attorneys, Saville & Flint, L.L.C., and for his cause of action against the Defendants state:

1.      Defendants, GENERAL ELECTRIC COMPANY and SIMON ROOFING AND SHEET METAL CORPORATION, owned, operated and/or controlled premises located in YOUNGSTOWN, OHIO at all times relevant hereto.

2.      Plaintiff was present on said premises of GENERAL ELECTRIC COMPANY and SIMON ROOFING AND SHEET METAL CORPORATION., as a LABORER and ROOFER.

3.      While present upon the above-named premises of Defendant, Plaintiff was

exposed to asbestos fiber emanating from asbestos containing materials and raw asbestos present and being used at said premises by Plaintiff and others. Plaintiff was exposed to and inhaled, ingested or otherwise absorbed the asbestos fibers.

4.      As a direct and proximate result of said exposure, inhalation, ingestion and/or absorption, Plaintiff contracted lung cancer.

5.      The latency period for asbestos related diseases is in excess of any potentially applicable repose period for filing a workers' compensation or administrative occupational disease claim.

6.      Plaintiff's exposure to and inhalation, ingestion and/or absorption of said asbestos fibers was foreseeable and could or should have been anticipated by Defendant and each of them.

7.      Defendant knew or should have known that exposure to asbestos fibers posed an unreasonable risk of harm to Plaintiff and others similarly situated.

8.      Defendant's use of asbestos-containing products and raw products at the above-named facilities, in a manner causing the release of asbestos fibers, constituted an ultra-hazardous activity.  Defendant is strictly liable for injuries caused by such activity, regardless of the amount care exercised.

9.      That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer; the Plaintiff has been, and in the future will be, compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; the Plaintiff has and will continue to experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of

10-L-

said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the

Plaintiff has been and will continue to be hindered and prevented from pursuing his normal

course of employment, thereby losing large sums of monies which otherwise would have accrued

to him and his estate; further, his family has been deprived of his means of support and has lost

the society of the Plaintiff.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in

excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably

compensate for the Plaintiff's injuries.

## COUNT VII

### NEGLIGENCE

COMES NOW, Plaintiff, LAWRENCE PAYNE, by his attorneys, Saville & Flint,

L.L.C., and for his cause of action against the Defendants state:

1-8.    Plaintiff repeats and realleges Paragraph 1-8 of Count VI as Paragraph 1-8 of this

Count VII.

9.    Plaintiff was unaware and had no reasonable way to know or realize the risks of

being expose to asbestos.  Defendants should have anticipated that Plaintiff did not know and

would not discover or realize the risks of being exposed to asbestos fibers.

10.    Defendants had a duty to use ordinary care to see that the premises, at which

Plaintiff was rightfully present, were in a reasonably safe condition for use by the Plaintiff and to

use ordinary care for the safety of Plaintiff in conducting any operations or activities on said

premises.

11.    Defendant breached its duties to Plaintiff and were negligent in one or more of the

following respects:

(a)   Specified/required the use/application/removal of asbestos-containing materials by Plaintiff, and others, including co-workers of Plaintiff and outside contractors, in the vicinity of Plaintiff and/or in areas in which Plaintiff performed work;

(b)   Required Plaintiff to perform work in the vicinity of those using/applying/removing asbestos-containing materials;

(c)   Purchased/provided asbestos-containing materials for purposes of application at the above-named premises;

(d)   Failed to replace asbestos-containing materials at the premises with non-asbestos substitutes, which Defendant knew or should have known were available.;

(e)   Failed to warn Plaintiff that he was working with and/or around asbestos-containing materials and of the risks associated therewith, including that Plaintiff was being exposed to asbestos fibers and of the adverse health effects of such exposure;

(f)   Failed to require and/or advise Plaintiff, other employers and/or outside contractors to use safety equipment and practices designed to reduce the release of asbestos fibers and/or exposure to asbestos;

(g)   Failed to require and/or advise its employees including Plaintiff of hygiene practices designed to reduce and/or prevent carrying asbestos fibers home; and,

(h)   Failed to provide equipment designed to contain asbestos fibers and reduce the risks of exposure to asbestos.

12.   As a direct and proximate result of one or more of the foregoing acts and/or omissions by Defendant, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, causing Plaintiff to develop the aforementioned asbestos-related disease.

13.   That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop lung cancer; the Plaintiff has been and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of

10-L-

his asbestos-induced disease and conditions; the Plaintiff has and will continue to experience

great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of

said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the

Plaintiff has been and will continue to be hindered and prevented from pursuing his normal

course of employment, thereby losing large sums of monies which otherwise would have accrued

to him and his estate; further, by reason of the Plaintiff's illness, his family has been deprived of

his means of support and has lost the society of the Plaintiff.

WHEREFORE, Plaintiff, prays this Court enter judgment in her favor and against these

Defendants, jointly and severally, to award compensatory damages in excess of $50,000 and

costs incurred prosecuting this matter, and to grant such other and further relief as this Court

deems appropriate.

Respectfully submitted,

SAVILLE & FLINT, L.L.C.

By: _____

Richard L. Saville #6202868
Ethan A. Flint, #6286170
112 Magnolia Drive
P.O. Box 930
Glen Carbon, Illinois 62034
(618) 288-4777: telephone
(618) 288-2864: facsimile

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**FILED**

JUL 29 2011

CLERK OF CIRCUIT COURT #5
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

LAWRENCE PAYNE,                           )
                                          )
        Plaintiff,                     )
                                          )
-vs.-                                     )   No. 11-L-740
                                          )
A.W. CHESTERTON COMPANY,  et al,          )
                                          )
        Defendants.                    )

## MOTION TO SET CASE FOR TRIAL (expedited trial setting)

COME NOW Plaintiffs, by and through counsel, Saville & Flint, L.L.C., and hereby move this Honorable Court to set this case for trial on the Saville & Flint, L.L.C. October 9, 2012 Trial Docket, and in support thereof, state as follows:

1.     This case was filed in the Circuit Court of Madison County, Illinois on July 29, 2011.

2.     Lawrence Payne was diagnosed with lung cancer on or about July 26, 2010, and is living.

3.     Plaintiff requests that this Honorable Court set this case for trial on Saville & Flint, L.L.C.'s October 9, 2012 Trial Docket.  If this case is assigned to Saville & Flint, L.L.C's October 9, 2012 Trial Docket, all discovery dates set forth in the Standing Order can be met.

WHEREFORE, Movant prays that this Honorable Court enter an Order setting this case for trial Saville & Flint, L.L.C.'s October 9, 2012 Trial Docket.

No. 11-L-

Respectfully submitted,
SAVILLE & FLINT, L.L.C.

By: _____

Richard L. Saville, Jr., #6202868
Ethan A. Flint, #6286170
112 Magnolia Drive
P.O. Box 930
Glen Carbon, Illinois 62034
(618) 288-4777
(618) 288-2864
www.ToVerdict.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon Defendants with a copy of the summons as of the date noted on the return summons.

No. 11-L-

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

FILED

JUL 29 2011

CLERK OF CIRCUIT COURT #5
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

LAWRENCE PAYNE,                           )
                                          )
        Plaintiff,                        )
                                          )
-vs.-                                     )    No. 11-L- 740
                                          )
A.W. CHESTERTON COMPANY, et al,           )
                                          )
        Defendants.                       )

## <u>AFFIDAVIT REGARDING DAMAGES SOUGHT</u>

COMES NOW Ethan A. Flint, of Saville & Flint, L.L.C., pursuant to Illinois Supreme Court Rule 222(b), and states on his oath that the damages sought in the above captioned matter exceed $50,000.

SAVILLE & FLINT, L.L.C.

By: _____
    Ethan A. Flint, #6286170
    112 Magnolia Drive
    P.O. Box 930
    Glen Carbon, Illinois 62034
    (618) 288.4777
    Fax: (618) 288.2864

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information an belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Ethan A. Flint

Page 1 of 1                                    No. 11-L-

**IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS**

LAWRENCE PAYNE,                                   )
                                                  )
            Plaintiff,                            )
                                                  )
-vs.-                                             )
                                                  )
A.W. CHESTERTON COMPANY,  et al,                  )
                                                  )
            Defendants.                           )

**FILED
JUL 29 2011
CLERK OF CIRCUIT COURT #5
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS**

11-L-740

## NOTICE OF ATTORNEY'S LIEN

TAKE NOTICE that, pursuant to 770 ILCS 5/1, Plaintiffs' attorneys Saville & Flint,

L.L.C., have a statutory lien upon any and all proceeds recovered in the above-numbered cause

of action.  Pursuant to Illinois law, 770 ILCS 5/1, this lien shall attach to any verdict, judgment

or order entered and to any money or property which may be recovered, on account of such suits,

claims, demands or causes of action, from and after the time of service of this notice.

Respectfully submitted,
SAVILLE & FLINT, L.L.C.

By: _____
Richard L. Saville, Jr., #6202868
Ethan A. Flint, #6286170
112 Magnolia Drive
P.O. Box 930
Glen Carbon, Illinois 62034
(618) 288-4777
(618) 288-2864
www.ToVerdict.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document will be personally served to Defendant, attached with the complaint and summons, to the address and on the date marked in the return of service of summons.

*Vicky L. Hammond*

# IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

LAWRENCE PAYNE,                          )
                                         )
            Plaintiff,                   )
                                         )
-vs.-                                    )      No. 11-L-740
                                         )
A.W. CHESTERTON COMPANY,  et al,         )
                                         )
            Defendants.                  )

**FILED**
JUL 29 2011
CLERK OF CIRCUIT COURT #5
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

### ENTRY OF APPEARANCE

COME NOW Saville & Flint, LLC, Ethan A. Flint and Richard L. Saville, Jr., as counsel for the Plaintiff, Lawrence Payne, and enter their appearance in the above numbered cause of action.

Respectfully submitted,
SAVILLE & FLINT, L.L.C.

By: _E Flint_

Richard L. Saville, Jr., #6202868
Ethan A. Flint, #6286170
112 Magnolia Drive
P.O. Box 930
Glen Carbon, Illinois 62034
(618) 288-4777
(618) 288-2864
www.ToVerdict.com

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document will be personally served to Defendant, attached with the complaint and summons, to the address and on the date marked in the return of service of summons.

_Vicky L. Hammond_