BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In Re: Asbestos Products Liability Litigation ) MDL No. 875
(No. VI) )

This document applies to:

<u>Cleveland G. Kite v. Bill Vann Co., Inc., et al.</u>, ALS/2:11-cv-444

<u>DEFENDANT WARREN PUMPS LLC AND CUMMINS INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER</u>

The Defendants Warren Pumps LLC (incorrectly named in the Complaint as Warren Pumps, Inc.) and Cummins Inc. herein respond to Plaintiff Cleveland G. Kite's Motion to Vacate the Panel's Conditional Transfer Order in the referenced civil action. The Plaintiff's Motion to Vacate CTO-433 is due to be denied for the reasons set forth below:

I.     <u>INTRODUCTION</u>

Transfer of this asbestos personal injury action to MDL No. 875 "is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products." <u>In re Asbestos Products Liability Litigation (No. VI)</u>, 170 F. Supp. 2d 1348, 1349 (J.P.M.L. 2001). Plaintiff's argument that the Panel should defer to the transferor court, the Southern District of Alabama, on the issues of federal subject-matter jurisdiction and remand has been repeatedly rejected by the Panel.

II.    <u>FACTUAL BACKGROUND</u>

On July 29, 1991, the Panel entered an order transferring all asbestos-related personal injury and wrongful death cases pending in the federal courts to the Eastern District of Pennsylvania for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. That order

applies to "tag-along actions" – i.e., suits involving common questions of fact filed after January 17, 1991. "Tag-along actions" are to be transferred to the Eastern District of Pennsylvania for inclusion within MDL No. 875, which is currently pending before U.S. District Judge Eduardo Robreno.

The Plaintiff's civil action was commenced in the Circuit Court of Marengo County, Alabama, on May 4, 2011. The Plaintiff's complaint alleges personal injury as a result of exposure to asbestos, including allegations of exposure to asbestos from products associated with Warren Pumps and Cummins, as well as other defendants.

On August 5, 2011, Warren Pumps and Cummins timely filed a notice of removal with the Southern District of Alabama. The notice of removal alleged federal subject-matter jurisdiction based on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), and based on federal enclave jurisdiction. In his discovery deposition, the Plaintiff testified that he worked with or around Warren Pumps products while working onboard the USS Wisconsin, a Navy battleship, as well as other locations, which give rise to a constituent of the Federal Officer Removal Statute: the government contractor defense. Warren Pumps supported the removal with the affidavit of its corporate representative, Roland Doktor.

Warren Pumps and Cummins' notice of removal also reads that the Plaintiff testified he worked with or around asbestos-containing products at Guantanamo Bay Cuba and Great Lakes Naval Training Station. Those territories are under the exclusive jurisdiction of the United States and support removal on the basis of federal enclave jurisdiction, a type of federal question jurisdiction. All defendants joined in the removal based on federal enclave jurisdiction.

Separately on August 5, 2011, CBS Corporation (formerly Westinghouse) and Buffalo Pumps each filed documents with the Southern District of Alabama alleging an independent basis for federal subject-matter jurisdiction, also due to the Federal Officer Removal Statute and the government contractor defense. CBS Corporation and Buffalo Pumps each alleged jurisdiction as a result of the Plaintiff's testimony of working with or around their products while serving in the Armed Forces. Buffalo Pumps filed several hundred pages of documents with its notice of removal that supported the government contractor defense.

On August 11, 2011, Warren Pumps and Cummins filed a notice of tag-along action with the Panel. On August 15, 2011, the Clerk of the Panel issued Conditional Transfer Order No. 433 for the Plaintiff's case.

On August 18, 2011, the Plaintiff filed a motion to remand with the Southern District of Alabama. The Plaintiff's motion to remand alleged that Warren Pumps and Cummins' notice of removal was deficient, but did not allege anything about CBS Corporation and Buffalo Pumps' separate filings. The Plaintiff did not allege that removal was untimely.

On August 22, 2011, the Plaintiff filed a notice of opposition to transfer with the Panel.

On August 26, 2011, Warren Pumps and Cummins filed their response to the Plaintiff's motion to remand in the Southern District of Alabama. Supporting removal based on the Federal Officer Removal Statute, Warren Pumps attached the affidavits of Rear Admiral David P. Sargent Jr., US Navy (Ret.), Rear Admiral Roger B. Horne, US Navy (Ret.), and Samuel A. Forman, MD. Those affidavits state in great detail the level of supervision the Navy had over its product suppliers, the specifications for those products, any warnings or lack thereof, and the Navy's level of knowledge regarding the hazards of exposure to asbestos. Warren Pumps also

filed hundreds of pages of documents with those affidavits that support the government contractor defense. With the same submission, Warren Pumps and Cummins filed additional documents that support removal based on federal enclave jurisdiction, such as the Plaintiff's alleged exposure to asbestos while at the Charleston Navy Yard, which is a territory under the exclusive jurisdiction of the United States.

On August 26, 2011, CBS Corporation likewise filed several affidavits in the Southern District of Alabama supporting removal under the Federal Officer Removal Statute. CBS Corporation filed the affidavits of James M. Gate and Rear Admiral Roger B. Horne, US Navy (Ret.), excerpts from a Bureau of Ships Manual for thermal insulation, military specifications, and the affidavit of Samuel A. Forman, MD. These affidavits and documents likewise support the government contractor defense. On August 26, 2011, Buffalo Pumps filed similar exhibits, though it had already filed many others with its initial notice of removal.

On September 2, 2011, the Plaintiff filed replies in the Southern District of Alabama in support of its motion to remand, as well as objections to the affidavits submitted by the Defendants in support of the government contractor defense. For the first time, the Plaintiff addressed CBS Corporation and Buffalo Pumps' separate allegations of federal jurisdiction.

On September 6, 2011, the Plaintiff filed with the Panel a motion to vacate the conditional transfer order and a brief in support. Essentially, the Plaintiff argues that the Panel should allow the Southern District of Alabama to rule on the Plaintiff's motion to remand before transfer to MDL No. 875. The Plaintiff's motion to vacate and brief filed with the Panel do not contain any specific argument regarding any alleged deficiency in subject-matter jurisdiction.

III.     ARGUMENT

     A.     Transfer to MDL No. 875 is appropriate despite pending jurisdictional claims

The Panel has consistently held that its authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections, such as the Plaintiff's motion to remand here. A jurisdictional objection alone is not grounds for opposing transfer of a case for coordinated pretrial proceedings. In re Gypsum Wallboard, 302 F. Supp. 794, 497 (J.P.M.L. 1969). The pendency of a motion to remand is not a sufficient basis to avoid transfer. In re Vioxx Products Liability Litigation, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). "[R]emand motions can be presented to and decided by the transferee judge. Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending motion to remand." In re Prudential Ins. Co. of America Sales Practices Litigation, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (internal citations omitted).

The Plaintiff's pending motion to remand is not a basis for delaying the entry of the Conditional Transfer Order.

     B.     Transfer to MDL No. 875 promotes efficiency and consistency

Through enacting 28 U.S.C. § 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990). "Consistency and economy are both served by resolution of [a motion to remand] by a single court after transfer by the J.P.M.L." Aikins v. Microsoft Corp., 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000).

Judge Robreno at MDL No. 875 has particular experience with the Federal Officer Removal Statute and its constituent, the government contractor defense. He has issued numerous

opinions regarding the propriety of removal under the Federal Officer Removal Statute when a defendant asserts the government contractor defense. In re Asbestos Products Liability Litigation (No. VI), Slip Copy, 2011 WL 2039218 (E.D. Pa. May 25, 2011) (timeliness of removal); In re Asbestos Products Liability Litigation (No. VI), 770 F. Supp. 2d 736 (E.D. Pa. Mar. 15, 2011) (timeliness and sufficiency of removal); Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770 (E.D. Pa. 2010) (timeliness and sufficiency of removal).

Since the Panel has authority to transfer this action despite the pendency of the Plaintiff's motion to remand, and in light of Judge Robreno's particular experience with the issues raised by the Plaintiff's motion, judicial efficiency and consistency are best served by proceeding with the transfer of the Plaintiff's case to MDL No. 875.

    C.    <u>The Plaintiff will not suffer any "irreparable harm" or "considerable delay" from transfer to MDL No. 875</u>

This is a familiar refrain by plaintiffs who oppose transfer to MDL No. 875. The current U.S. district judge presiding over MDL No. 875, the Hon. Eduardo Robreno, has "initiated an aggressive, pro-active policy in setting cases for settlement conferences, motions, hearings, and trial." See http://www.paed.uscourts.gov/mdl875a.asp.

As a testament to his oversight, MDL No. 875's most recent caseload statistics reflect that of the 121,337 cases transferred to the MDL between August 1, 2006, and July 31, 2011, 109,608 cases were terminated. (MDL-875 Asbestos Products Liability Litigation Land-Based Caseload Statistics, available at http://www.paed.uscourts.gov/mdl875a.asp.) As of July 31, 2011, 11,729 cases were pending in MDL No. 875, as opposed to 51,808 at the end of 2009. (Id.) That is exceptional judicial work. The Judicial Panel on Multidistrict Litigation has written:

>Under the stewardship of the transferee court, as of March 31, 2008, (1) over 76,450 actions have been closed in the transferee district, and (2) over 1,370 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with minimum delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL No. 875 proceedings is no longer needed.

<u>In re Asbestos Products Liability Litigation (No. VI)</u>, 545 F. Supp. 2d 1359, 1361 (J.P.M.L. 2008) (<u>en banc</u>).

To illustrate how quickly MDL No. 875 can operate in a case from Alabama, one case by the Plaintiff's attorney has recently been remanded for trial to the Northern District of Alabama after one year at MDL No. 875. On August 20, 2010, the removed case of <u>Montgomery v. Long-Lewis, Inc.</u>, Case No. 2:10-cv-21-RDP (N.D. Ala.), was transferred to MDL No. 875 and given the new case number of 2:10-cv-78939 (E.D. Pa. 2010) (the asbestos MDL assigns new case numbers for the Eastern District of Pennsylvania to transferred cases). The <u>Montgomery</u> case's docket sheet reflects that the parties conducted depositions and written discovery while that case was pending in MDL No. 875. Judge Robreno ruled on motions for summary judgment by the end of July 2011. On August 11, 2011, after spending slightly less than one year at MDL No. 875, Judge Robreno issued a suggestion of remand to the Panel, meaning that the case is ready for trial as soon as the Northern District of Alabama receives it. (Doc. 7685.) On August 24, 2011, the Panel finalized the remand order, sending the case back for trial. (Doc. 7740.)

One year between transfer and remand for a non-exigent case is outstanding for a docket that has more than 11,000 other active cases pending, and it bears repeating that Montgomery is one of the Plaintiff's attorney's own cases. The quick adjudication of that case belies any argument that the Plaintiff will suffer delay, and its quick adjudication is also proof that MDL No. 875 is more than capable of handling any exigent case on an expedited basis if necessary.

The Plaintiff also implies that Warren Pumps and Cummins timed the filing of the Notice of Removal on August 5, 2011, in order to obstruct the Plaintiff's trial preservation deposition. Nothing is further from the truth. Warren Pumps and Cummins filed the Notice of Removal as soon as all co-defendants gave their joinders and consents to removal under federal enclave jurisdiction. Some are dated in late July, but many are dated August 3rd, 4th, and 5th. The notice of removal as to federal enclave jurisdiction could not have been properly filed until every co-defendant gave its written joinder and consent. That was not possible until August 5, 2011, the date of the notice of removal.

The undersigned can attest that receiving the unanimous joinders and consents from thirty (30) co-defendants is not a quick process. It cannot be a quick process with that number of co-defendants. In fact, that is probably the most time-consuming part of any such removal due to the sheer number involved. Coming a close second in time consumption was the gathering of the complete state court clerk's record, which is almost 7,000 pages. That too was something that took a great deal of time, and it was especially important because an inadequate state court clerk's record can be a procedural deficiency that warrants remand. Rather than any sinister motive, Warren Pumps and Cummins filed the notice of removal as soon as the logistical difficulties of the removal had been overcome.

As for the Plaintiff's trial preservation deposition itself, Warren Pumps and Cummins note that the Plaintiff could have attempted to convene a party planning meeting in order to proceed with discovery, as required under Rule 26(f) of the Federal Rules of Civil Procedure. The Plaintiff could have filed a motion with the Southern District of Alabama for leave to take his trial preservation deposition without the need for a party planning meeting. The Plaintiff could have not objected to the entry of the Conditional Transfer Order to MDL No. 875 because if the Conditional Transfer Order had been entered, the Plaintiff would be exempt by local rule from the requirement of having a party planning meeting. S.D. Ala. L.R. 26(d)(1)(D). If the need were so urgent, those are all avenues available. The Plaintiff has chosen none of them.

Any allegation by the Plaintiff of obstruction by the Defendants is unfounded.

## CONCLUSION

Warren Pumps LLC and Cummins Inc. request that the Panel deny Plaintiff's motion to vacate CTO-433, and further request that the Panel proceed with transfer of this case to MDL No. 875.

Date: September 12, 2011

Respectfully submitted,

s/ Stephen J. Austin
Stephen J. Austin
Porterfield Harper Mills & Motlow PA
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
Tel. (205) 980-5000
Fax (205) 980-5001
Email sja@phm-law.com

One of the Counsel for Warren Pumps LLC and Cummins Inc.

CERTIFICATE OF SERVICE

       I certify that I have served a copy of the foregoing on the following counsel by filing same with the CM/ECF system, which will send notices to:

Counsel for the Plaintiff
G. Patterson Keahey Jr., Esq. (info@mesohelp.com)
Law Offices of G. Patterson Keahey P.C.
One Independence Plaza, Suite # 612
Birmingham, AL 35209

Counsel for the Plaintiff
Marc Keahey, Esq. (marc_keahey@yahoo.com)
PO Box 934
Grove Hill, AL 36451

Counsel for Bill Vann Company Inc., Crane Co., Foster Wheeler Corporation, and Goulds Pumps Inc.
F. Grey Redditt, Esq. (gredditt@vickersriis.com)
Timothy A. Clarke, Esq. (tclarke@vickersriis.com)
Roy W. Harrell III, Esq. (tharrell@vickersriis.com)
Vickers Riis Murray and Curran LLC
PO Drawer 2568
Mobile, AL 36652-2568

Counsel for Motion Industries Inc.
Robert F. Northcutt, Esq. (rfn@chlaw.com)
Capell & Howard P.C.
PO Box 2069
Montgomery, AL 36102-2069

Counsel for Warrior 1-Stop Building Supply
G. Stephen Wiggins, Esq. (swiggins@hsmbb.com)
Christopher L. McIlwain Sr., Esq. (cmcilwain@hsmbb.com)
Raley L. Wiggins, Esq. (rwiggins@hsmbb.com)
Hubbard Wiggins McIlwain & Brakefield P.C.
PO Box 2427
Tuscaloosa, AL 35403

Counsel for Aurora Pump Co.
Jennifer T. Walters, Esq. (jennifer.walters@nelsonmullins.com)
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th St. NW, Suite 1700
Atlanta, GA 30363

Counsel for A.W. Chesterton Co., Buffalo Pumps Inc., Flowserve Corporation, and Schneider Electric USA Inc.
Edward B. McDonough Jr., Esq. (ebm@emcdonoughlaw.com)
Edward B. McDonough Jr. PC
PO Box 1943
Mobile, AL 36633

Counsel for Cameron International Corp.
Christopher S. Rodgers, Esq. (csr@hfsllp.com)
Huie Fernambucq & Stewart LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223

Counsel for Caterpillar Inc. and The Goodyear Tire & Rubber Company
William L. Waudby, Esq. (bwaudby@bakerdonelson.com)
Baker Donelson Bearman Caldwell & Berkowitz PC
420 North 20th St., Suite 1600
Birmingham, AL 35203

Counsel for CBS Corporation
James A. Harris III, Esq. (jamey@harris-harris.com)
Nicole M. Hardee, Esq. (nicole@harris-harris.com)
Harris & Harris LLP
2501 20th Place South, Suite 450
Birmingham, AL 35223

Counsel for Crown Cork & Seal Co. Inc. and Crown Holdings Inc.
Walter T. Gilmer Jr., Esq. (wgilmer@mcdowellknight.com)
Anne Laurie McClurkin, Esq. (amcclurkin@mcdowellknight.com)
McDowell Knight Roedder & Sledge LLC
PO Box 350
Mobile, AL 36601

Counsel for Dana Companies LLC, Dana Holding Corporation, and Union Carbide Corporation
Evelyn F. Davis, Esq. (edavis@hptylaw.com)
Catherine A. McCormack, Esq. (cmccormack@hptylaw.com)
Hawkins Parnell Thackston & Young LLP
4000 SunTrust Plaza
303 Peachtree St. NE
Atlanta, GA 30308

Counsel for Eaton Corporation
John A. Smyth III, Esq. (smythj@maynardcooper.com)
Katherine A. Collier, Esq. (kcollier@maynardcooper.com)
Maynard Cooper & Gale PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203

Counsel for General Electric Company
S. Allen Baker Jr., Esq. (abaker@balch.com)
Jenelle R. Evans, Esq. (jevans@balch.com)
Balch & Bingham LLP
PO Box 306
Birmingham, AL 35201-0306

Counsel for Georgia-Pacific LLC
Allan R. Wheeler, Esq. (awheeler@burr.com)
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203

Counsel for The Gorman-Rupp Company, John Crane Inc., Honeywell International Inc., and Sepco Corporation
Frank E. Lankford Jr., Esq. (fel@hfsllp.com)
Stewart W. McCloud, Esq. (swm@hfsllp.com)
Huie Fernambucq & Stewart LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223

Counsel for The Gorman-Rupp Company, John Crane Inc., Honeywell International Inc., and Sepco Corporation
Woodford W. Dinning Jr., Esq. (wwdjr@ldllc.com)
Lloyd & Dinning LLC
PO Drawer 740
Demopolis, AL 36732

Counsel for Metropolitan Life Insurance Company
Michael A. Vercher, Esq. (mavercher@csattorneys.com)
Joi C. Scott, Esq. (jcscott@csattorneys.com)
Christian & Small LLP
505 North Twentieth St.
1800 Financial Center
Birmingham, AL 35203

Counsel for Saint-Gobain Abrasives Inc.
Robert H. Sprain Jr., Esq. (rhs@sprainlaw.com)
Sprain Law Firm PC
1707 29th Court South
Birmingham, AL 35209

Counsel for Viking Pump Inc.
Richard M. Crump, Esq. (crumprm@fpwk.com)
Donald C. Partridge, Esq. (partridgedc@fpwk.com)
Forman Perry Watkins Krutz & Tardy LLP
200 South Lamar St.
City Centre, Suite 100
PO Box 22608
Jackson, MS 39225

Counsel for Cummins Inc. and Warren Pumps LLC
William T. Mills II, Esq. (wtm@phm-law.com)
Porterfield Harper Mills & Motlow PA
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242

DONE this the 12th day of September, 2011.

s/ Stephen J. Austin
OF COUNSEL