IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |

MARIE AND GEORGE FRANCIS **FILED**
VARCKETTE

                               :       E.D. Pa. Case No:

      Plaintiff       SEP - 9 2011    09-91024

      v.       MICHAEL E. KUNZ, Clerk
                  By_____ Dep. Clerk Transferred from the

ABEX CORPORATION, ET AL.,    :    Northern District of Ohio
                                :    (93-14171)

      Defendants       :


## SUGGESTION OF REMAND

**AND NOW,** this **7th** day of **September, 2011,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order no. 18 (01-md-875, doc. no. 6197),

Plaintiff's Motion for Suggestion of Remand (doc. no. 30) is

**GRANTED**.

      The Court finds that:

      a.) Plaintiff has complied with MDL-875 Administrative

Orders 12 and 12A.

      b.) Parties have completed their obligations under the

Rule 16 order issued by the Court.

      c.) All discovery has been completed.

      d.) The Court has adjudicated all outstanding motions.

      e.) The remaining viable Defendant in this case to

proceed to trial is:

i. Allied Signal, Inc. (Bendix)

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Northern District of Ohio for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

_____

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).  See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | : <br> : <br> : | Consolidated Under<br>MDL DOCKET NO. 875 |
| PETER AND ELPIS<br>CONSTANTINIDES | **FILED** : <br> : | |
| Plaintiff | SEP – 9 2011 : <br> : | E.D. Pa. Case No:<br>09-70613 |
| v. | **MICHAEL E. KUNZ, Clerk**<br>By_____Dep. Clerk | |
| | : | Transferred from the |
| EXXON MOBIL CORP., ET AL., | : | Southern District of Florida |
| | : | (08-22522) |
| Defendants | : | |

### SUGGESTION OF REMAND

**AND NOW,** this **7th** day of **September, 2011,** it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order no. 18 (01-md-875, doc. no. 6197), the

Court finds that:

> a.) Plaintiff has complied with MDL-875 Administrative
> Orders 12 and 12A.
>
> b.) Parties have completed their obligations under the
> Rule 16 order issued by the Court.
>
> c.) All discovery has been completed.
>
> d.) The Court has adjudicated all outstanding motions.
>
> e.) The remaining viable Defendants in this case to
> proceed to trial are:
>
>> i. Crane Co.
>>
>> ii. Elliot Turbomachinery Co., Inc.

1

iii.  Leslie Controls, Inc.

iv.  Viacom, Inc. (CBS

Corporation/Westinghouse)

v.  Viad Corp.

Accordingly, the Court **SUGGESTS** that the above captioned case should be **REMANDED** to the United States District Court for the Southern District of Florida for resolution of all matters pending within this case except punitive damages.[1]

Alternatively, parties in the below-listed cases have **seven (7) days** within which to consent to a trial before an Article III or Magistrate Judge in the Eastern District of Pennsylvania.  In such an event, if consent is granted, a trial will be scheduled within sixty (60) days, at a date convenient to the parties in Philadelphia, Pennsylvania, and the Suggestion of Remand will be vacated.

---

[1] The Court finds that the issue of punitive damages must be resolved at a future date with regard to the entire MDL-875 action, and therefore any claims for punitive or exemplary damages are hereby **SEVERED** from this case and retained by the Court within it jurisdiction over MDL-875 in the Eastern District of Pennsylvania.  See In re Collins, 233 F.3d 809, 810 (3d Cir. 2000)("It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand."); See also In re Roberts, 178 F.3d 181 (3d Cir. 1999).  See In re Roberts, 178 F.3d 181 (3d Cir. 1999).

2

09-70613 Sugg. of Remand

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**

3