# U. S. District Court
# Eastern District of Louisiana (New Orleans)
# CIVIL DOCKET FOR CASE #: 2:11−cv−02284

| | |
|---|---|
| Mumfrey v. Sherwin−Williams Company<br>Assigned to:<br>Case in other court: Louisiana Civil District Court for Orleans Parish, 10−12080<br>Cause: 28:1441 Petition for Removal− Asbestos Litigation | Date Filed: 09/12/2011<br>Jury Demand: Both<br>Nature of Suit: 368 P.I. : Asbestos<br>Jurisdiction: Diversity |

**Plaintiff**

**Mr. Frank A Mumfrey, III**                represented by    **Frank A Mumfrey, III**
                                                              PRO SE

V.

**Defendant**

**Sherwin−Williams Company**                represented by    **David Edmund Redmann , Jr.**
                                                              Bradley, Murchison, Kelly &Shea, LLC
                                                              1100 Poydras St.
                                                              Suite 2700
                                                              New Orleans, LA 70163
                                                              504−596−6300
                                                              Fax: 504−596−6301
                                                              Email: dredmann@bradleyfirm.com
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/12/2011 | 1 | NOTICE OF REMOVAL from Louisiana Civil District Court for Orleans Parish, case number 10−12080 (Filing fee $ 350 receipt number 053L−3179834) filed by Sherwin−Williams Company. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12)(Redmann, David) (Entered: 09/12/2011) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| FRANK MUMFREY | CIVIL ACTION NO. 11-CV-2284 |
|---|---|
| VERSUS | JUDGE |
| ANCO INSULATIONS, INC. ET AL. | MAGISTRATE |

### NOTICE OF (SECOND) REMOVAL

Defendant The Sherwin-Williams Company ("Sherwin-Williams") hereby gives notice of the removal of this suit from the Louisiana Civil District Court for Orleans Parish to this Court, as elaborated below.

1.

Sherwin-Williams gives his notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

2.

Sherwin-Williams must point out to the Court that Sherwin-Williams did previously remove this suit, and the Court assigned this suit, as previously removed, no. 11-711, but the Court remanded it.

3.

That Sherwin-Williams previously removed this suit, and the Court previously remanded it, does not prevent this removal. There are new and different factual and legal bases for this removal, compared to those for the earlier removal. Therefore, this removal is procedurally proper. See, e.g., *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-94 (5th Cir. 1996).

4.

The new facts that justify this removal are the dismissals of all of the non-diverse defendants, as will be detailed more fully below. (The prior removal was based on the non-diverse defendants being improperly joined.)

5.

On December 2, 2010, Louisiana resident Frank Mumfrey filed this suit in the Louisiana Civil District Court, Orleans Parish by a Petition for Damages styled *Frank Mumfrey v. Anco Insulation [sic], Inc., et al.*, as docket number 2010-12080. In the original Petition, Plaintiff sued twenty defendants for allegedly exposing him to asbestos and causing him to contract mesothelioma.

6.

Of the twenty defendants Plaintiff originally sued, three (Anco Insulations, Inc., Carruth Brothers Lumber Company, Inc., and Taylor-Seidenbach, Inc.) were the only Louisiana residents. These defendants were all retailers of products that Plaintiff's petition claimed exposed him to asbestos, and thus he asserted retailed or "non-manufacturing seller" liability.

2

7.

In Plaintiff's deposition taken March 2, 2011, he testified that he has never heard of Anco and that he does not recall working around anyone associated with Anco. See Deposition of Frank Mumfrey, Volume II, excerpts of which are attached in globo as Exhibit 1, p. 119.

8.

Plaintiff also testified that although he purchased lumber and sheetrock from Carruth on a regular basis, he has no reason to believe that anything he purchased from Carruth contained asbestos. See Exhibit 1, pp. 361-62.

9.

Likewise, Plaintiff testified that although he has heard of Taylor-Seidenbach over the years and associates the company with fiberglass insulation, he has never personally handled fiberglass insulation. He also testified that he has no reason to believe that Taylor-Seidenbach's insulation would have contained asbestos and that he may only know Taylor-Seidenbach from having viewed its logo in Home Depot. See Exhibit 1, pp. 119-122.

10.

Two days after Plaintiff's deposition, perhaps aware that his testimony left him with no properly joined Louisiana defendant in the action, he filed a First Supplemental and Amending Petition, suing Louisiana-resident retailer Reilly-Benton Company, Inc.

11.

However, in Plaintiff's deposition, he never mentioned Reilly-Benton or products associated with Reilly-Benton at all, much less as a potential cause of his asbestos exposure.

12.

Moreover, Plaintiff's responses to master discovery requests, particularly his response to Interrogatory No. 43, do not even claim that he ever purchased products from Reilly-Benton. See Plaintiffs' [sic] Answers to Master Discovery Requests to all Defendants in Frank Mumfrey vs. Anco Insulation, Inc., et al., excerpts of which are attached in globo as Exhibit 2, Response to Interrogatory No. 43.

13.

Not surprisingly, Plaintiff voluntarily dismissed Reilly-Benton soon after suing it. See Plaintiff's Motion to Voluntarily Dismiss Without Prejudice and the accompanying Order, a copy of which is attached as Exhibit 3.

14.

This suit proceeded through discovery, through the August 1, 2011 discovery cut-off that the state court set, and toward the September 12, 2011 trial setting. See Agreed Scheduling Order of March 21, 2011, a copy of which is attached as Exhibit 4.

15.

Anco, Carruth, and Taylor-Seidenbach filed motions for summary judgment. See Exhibits 5, 6, and 7, respectively.

16.

Nor surprisingly, considering the (lack of) development of the evidence, Plaintiff neither filed any memoranda, nor submitted any evidence, nor made any argument against the Anco, Carruth, and Taylor-Seidenbach motions for summary judgment. At the hearing, his lawyer said, "There are several motions for summary judgment to which we have not filed formal opposition." The judge replied, "You oppose them in principle but don't have any evidence to present." Mumfrey's lawyer replied, "Exactly." See transcript of the August 30, 2011 hearing, excerpts of which are attached in globo as Exhibit 8, p. 5. Immediately thereafter, the state court granted the motions for summary judgment filed by all three remaining in-state defendants, Anco, Carruth, and Taylor-Seidenbach. *Id.* at pp. 5, 6, & 7, respectively.

17.

The only remaining parties to this suit are Plaintiff and Sherwin-Williams. See transcript of September 12, 2011, a copy of which is attached as Exhibit 9, p. 3. Plaintiff's petition correctly alleges that he is a Louisiana resident and that Sherwin-Williams is an Ohio resident. (Specifically, Sherwin-Williams is a corporation with both its domicile and its principal place of business in Ohio.) Therefore, complete diversity of citizenship exists, and no consents to removal are needed. (Former defendant United Gilsonite Laboratories, which Plaintiff alleged to be a Pennsylvania resident, filed for bankruptcy protection on March 23, 2011, and therefore received a stay by operation of 11 U.S.C. § 362. See the bankruptcy petition in U.S. Bankr. Ct., M.D. Pa., no. 5:11-bk-2032-RNO, a copy of which is

5

attached as Exhibit 10. Accordingly, its consent is not needed. See *Rigney v. Midcon Offshore, Inc.*, 1997 WL 795694, at *1 (E.D. La. 1997); see also *Wallis v. Southern Silo Co.*, 369 F. Supp. 92, 96-97 (N.D. Miss. 1973).)

18.

Plaintiff's petition alleges, at p. 3, ¶ 8, that he "contracted malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure." Obviously a claim for an incurable and terminal cancer has an amount in controversy exceeding $75,000, exclusive of interest and costs. Sherwin-Williams denies liability to Plaintiff in any amount, but represents that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

19.

Accordingly, this Court has subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

20.

Defendant Sherwin Williams properly files this Notice of Removal within 30 days of the August 30, 2011 hearing where the state court dismissed Anco, Carruth, and Taylor-Seidenbach, and within one year of the December 2, 2010 filing of this suit. See 28 U.S.C. §§ 1446(b).

21.

In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being delivered to all parties through their counsel of record

6

and filed with the Clerk of Court for the Louisiana Civil District Court for Orleans Parish.

22.

In accordance with 28 U.S.C. § 1446(a), attached as Exhibits 11 and 12 are copies of all process, pleadings, and orders filed in the state court action and served on Sherwin-Williams in the above-referenced action.

### The non-diverse defendants were voluntarily dismissed.

23.

Sherwin-Williams is aware of the so-called "voluntary-involuntary rule". Sherwin-Williams contends (among other grounds listed below) that under the facts here, Plaintiff's dismissal of the non-diverse defendants was voluntary under a prior decision of this Court and other authority.

24.

Indeed, there is no legitimate distinction between the facts of this suit and those at issue in this Court's prior decision in *Davidson v. Advocate Mines, Ltd.*, no. 11-1013. See Order & Reasons, No. 11-1013, doc. 45. *Davidson* was also an asbestos case. The non-diverse defendant filed a motion for summary judgment based on a lack of evidence. The plaintiff's lawyer wrote to the state-court judge that "the Plaintiff . . . has no opposition to" the motion. See No. 11-1013, doc. 1-3, p. 2. The Court held that, because there was no evidence that, for example, the plaintiff agreed to the dismissal as a temporary technicality, agreeing to the dismissal of the

non-diverse defendant, in response to that defendant's motion for summary judgment, was voluntary under this rule. See No. 11-1013, doc. 45 at p. 4.

25.

Likewise, there is no legitimate distinction between the facts of this suit and those at issue in the recent decision in *Montgomery v. Long-Lewis, Inc.*, 2010 WL 6558022 (N.D. Ala. 2010). This was an asbestos case where the plaintiff dismissed some non-diverse defendants. When the last non-diverse defendant moved for summary judgment, the Plaintiffs' lawyer "informed the trial court of their non-opposition to the summary judgment based on the absence of evidence in opposition to the motion and left the decision to grant or deny" the motion up to the court. *Id.* at *1. The court held that a plaintiff's admission that he lacked evidence to oppose the motion meant that the resulting dismissal was voluntary, and removal was proper. In doing so, the court observed, "The voluntary-involuntary rule is principally aimed at precluding removal after a *bona fide* dispute regarding a co-defendant's liability and/or presence in the litigation." *Id.*, *7 (italics in original).

26.

Here, instead of a letter, Plaintiff's lawyer admitted on the record in open court that he had not opposed the motions and had no basis to do so. The *trial court* then suggested that Plaintiff "oppose[s] them in principle"—whatever that means, presumably just that he'd prefer, in some ideal-for-the-plaintiff alternate reality, that the motions not be granted, but *not* that he substantively opposes them—"but do[es]n't have any evidence to present," and Plaintiff's lawyer agreed. See Exhibit 8.

8

27.

*Davidson* and *Montgomery* are both asbestos cases holding that when the non-diverse defendants move for summary judgment and, in response, the plaintiff has to admit lacking evidence capable of opposing those motions, the resulting granting of the motions results in voluntary dismissals as contemplated by the "voluntary-involuntary" rule.

28.

Really, the *form* or *manner* or even *language* in which a plaintiff admits being unable to oppose a non-diverse defendant's motion for summary judgment ought not matter. This case is not meaningfully distinguishable from *Davidson* and *Montgomery*. Plaintiff likewise admitted that he had no bases to oppose the non-diverse defendants' motions. If Plaintiff's lawyer's agreeing with the state court judge's suggestion that Plaintiff "oppose[d] them in principle", despite having no legal basis to do so, makes any difference, then truly form has triumphed over substance and the lack of a bona fide dispute means nothing.

### The circumstances here mean that the dismissals should be treated as voluntary.

29.

A dismissal may be regarded as voluntary for these purposes through a variety of formal or informal circumstances. See, e.g., *Aydell v. Stearns*, 677 F. Supp. 877, 881 (M.D. La. 1988), citing *Erdey v. American Honda Co.*, 96 F.R.D. 593, 599, *modified on other grounds*, 558 F. Supp. 105 (M.D. La. 1983); and *Southern*

9

*Pacific Co. v. Haight*, 126 F.2d 900 (9th Cir.), *cert. denied*, 317 U.S. 676, 63 S. Ct. 154 (1942). In *Erdey*, to address the procedural requirements of settling a medical malpractice claim with the Louisiana Patients' Compensation Fund, there was actually a consent judgment against a settling defendant, and, "The technicality of how plaintiff's intention is expressed is of no moment—it is the expression of the intent by plaintiff which makes the case removable." 96 F.R.D. at 598-99 (denying motion to remand).

30.

Indeed, if here Plaintiff had even filed oppositions that lacked any evidentiary or legal basis to deny the motions, his lawyers would have violated Louisiana Code of Civil Procedure article 863, which is analogous to Rule 11.

31.

When it is clear from whatever combination of oral admissions, letters, and evidence before the court that the plaintiff had no legitimate basis to oppose a motion, the removal ought to be held appropriate.

32.

Candor of the type that the plaintiff's lawyer's letter in *Davidson* displayed must be encouraged. Games, magic language, and weasel words in responding to motions for summary judgment should be discouraged, or even sanctioned. Indeed, any other rule would encourage bad-faith oppositions to non-diverse defendants' motions, instead of candor.

10

**Alternately, the "voluntary-involuntary" test should be replaced by the more appropriate inquiry of whether there is a legitimate basis for the plaintiff to <u>further pursue the non-diverse defendants.</u>**

33.

The voluntary-involuntary rule is a judicially-created one that arose through attempts to reconcile two cases each decided more than a century ago. See, e.g., *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546, 547 (5th Cir. 1967); and *Montgomery*, 2010 WL 6558022, *2.

34.

The real justification for the voluntary-involuntary rule is that a plaintiff might obtain an appellate reversal of an involuntary dismissal, and thereby force the case back to state court. See, e.g., *Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40 n. 2 (2nd Cir. 1980). The distinction precludes "removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts." *Davidson*, No. 11-1013, doc. 45, p. 4, citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967). "[T]hat danger [of the dismissal being reversed on appeal] does not arise where a plaintiff voluntarily drops a resident defendant since appeal then is not available . . . ." *Id.*

35.

Indeed, the Fifth Circuit has noted that the finality of the dismissal as the only real justification for a rule otherwise lacking an appropriate rationale: "[T]he [voluntary-involuntary] rule has often been criticized for failing to explicate an underlying rationale, it nevertheless had merit in that it prevents removal of those

11

cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts." *Weems*, 380 F.2d 545, 546 (5th Cir. 1967) (footnote omitted).

### 36.

Some courts have directly held that voluntary-involuntary is not the real issue. See, e.g., *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) (involuntary dismissal on jurisdictional grounds supports removal); and *Quinn*, 616 F.2d 38, 40 n. 2 (2nd Cir. 1980) (real issue is finality of the state court dismissal).

### 37.

Here, there is no reasonable basis to believe that Plaintiff would or could get the dismissals of the non-diverse defendants reversed on appeal. After having filed no opposition, offered no evidence, and made no plausible argument, there are no grounds for reversal. This is not a case where the plaintiff opposed the motion based on a plausible legal argument that the trial court rejected. For all practical purposes, the non-diverse defendants are permanently out of this suit.

Accordingly, defendant Sherwin-Williams hereby files this Notice of (Second) Removal and asks that the above-referenced state court suit pending in the Louisiana Civil District Court for Orleans Parish be removed to this Court, and that this Court enter any necessary orders or process in order that this action may proceed as if it had originally commenced in this Court.

Respectfully submitted,

Bradley Murchison Kelly & Shea LLC

/s/ David E. Redmann, Jr.
Dwight C. Paulsen III (LSBA No. 19,729)
David E. Redmann, Jr. (LSBA No. 23,267)
Natalie J. Dekaris (No. 31,282)
1100 Poydras St., Suite 2700
New Orleans, LA 70163
504-596-6300
504-596-6301 (facsimile)
asbestos@bradleyfirm.com

– and –

Edward M. Slaughter (pro hac vice)
Hawkins Parnell Thackston & Young LLP
4514 Cole Ave., Suite 500
Dallas, TX 75205
214-780-5100
214-780-5200 (facsimile)
ESlaughter@hptylaw.com

Attorney for
The Sherwin-Williams Company

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.3, I certify that I am serving copies of this document on all parties or their attorneys at the electronic mail addresses in the Court's Electronic Filing System, on or about this 12th day of September 2011.

/s/ David E. Redmann, Jr.

13