ATTORNEY'S NAME: Swarr, Frank   23322
AND ADDRESS:   Ste 2050, 1010 Common St
               New Orleans   LA  70112-0400

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2010 -- 12080   18                                       SECTION:   14 -- I

MUMFREY, FRANK versus ANCO INSULATION, INC.   ETAL

# CITATION

TO: THE SHERWIN-WILLIAMS CO.

THROUGH: IT'S REGISTER AGENT: CORPORATION SERVICE COMPANY / AN OHIO CORPORATION
320 SOMERULOS STREET.

BATON ROUGE                       LA   70802

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES W/EXHIBIT (A) ATTACHED.

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

***********************************************************************************
### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you may call 529 - 1000 for more information.

COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
***********************************************************************************

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA   December 8, 2010

Clerk's Office, Room 402, Civil Courts Building,
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
                Deputy Clerk

---

## SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the w/i petition FOR DAMAGES W/EXHIBIT (A) ATTACHED. | On this _____ day of _____ served a copy of the w/i petition FOR DAMAGES W/EXHIBIT (A) ATTACHED. |
| On THE SHERWIN-WILLIAMS CO. | On THE SHERWIN-WILLIAMS CO. |
| THROUGH: IT'S REGISTER AGENT: CORPORATION SERVICE COMPANY / AN OHIO CORPORATION | THROUGH: IT'S REGISTER AGENT: CORPORATION SERVICE COMPANY / AN OHIO CORPORATION |
| Returned same day       No. _____ | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____ THE SHERWIN-WILLIAMS CO. |
| Deputy Sheriff of _____ Mileage: $_____ | |
| _____/ ENTERED /_____  PAPER         RETURN  ___/_____/___  SERIAL NO.   DEPUTY   PARISH | being absent from the domicile at time of said service. Returned same day                          No. _____ Deputy Sheriff of _____ |

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2010-12080   SECTION

CIVIL DISTRICT COURT
DIVISION " "
I-14

FRANK MUMFREY

VERSUS

ANCO INSULATION, INC., ET AL

FILED: _____   _____
                                  DEPUTY CLERK

### PETITION FOR DAMAGES

**COMES NOW** Petitioner, by and through undersigned counsel, who respectfully represents as follows:

1. Petitioner Frank Mumfrey is an adult resident citizen and domiciled in the Parish of Orleans, State of Louisiana. Petitioner resides at 1643 Octavia St., New Orleans, LA 70115.

2. Defendants, identified in Exhibit "A" annexed hereto, are either foreign corporations licensed to do and doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the State of Louisiana, or are individuals that are liable unto the Petitioner, for the claims asserted herein.

3. Orleans Parish is a proper venue for this action pursuant to Louisiana Code of Civil Procedure Article 73, because each of the Defendants listed in Exhibit "A" contributed to Frank Mumfrey's exposure to asbestos and subsequent contraction of malignant mesothelioma and therefore each are solidarily liable to Petitioners with each of its Co-Defendants, and Defendants Anco Insulations, Inc., Carruth Brothers Lumber Company, Inc. and Taylor-Seidenbach, are domiciled in Orleans Parish.

### BACKGROUND

4. Petitioner Frank Mumfrey was exposed to injurious levels of asbestos from the following sources:

    a. Primary exposure from asbestos fibers from 1971 - 1972 through his work for Schlumberger Limited in Louisiana as an engineer trainee. While Petitioner Frank Mumfrey used, handled, and/or was in the vicinity of others using or

1

handling asbestos or asbestos-containing products at various facilities, dangerously high levels of asbestos fibers were released into the air of the work place and were inhaled and ingested by Petitioner Frank Mumfrey;

b. Primary exposure from asbestos fibers from 1972 - 1973 through his work for Centroid, Inc. in Louisiana as a business owner. While Petitioner Frank Mumfrey used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at various facilities, dangerously high levels of asbestos fibers were released into the air of the work place and were inhaled and ingested by Petitioner Frank Mumfrey;

c. Primary exposure from asbestos fibers from 1973-1976 through his work for International Property Management, Inc. in New Orleans, Louisiana as a property manager. While Petitioner Frank Mumfrey used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at various facilities, dangerously high levels of asbestos fibers were released into the air of the work place and were inhaled and ingested by Petitioner Frank Mumfrey;

d. Primary exposure from asbestos fibers from 1976-2010, as a result of maintenance and repair work Petitioner Frank Mumfrey performed on his own residential and commercial real estate properties. While Petitioner used, handled, and/or manipulated asbestos or asbestos-containing products during the course of this work, dangerously high levels of airborne asbestos fibers were released into the air and were inhaled and ingested by Petitioner and;

5. Before and during Frank Mumfrey's exposure period, each of the Defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities and/or individuals listed in Paragraph 4, where Petitioner was exposed to asbestos-containing products, equipment, construction materials, insulation, and products that contained a fibrous, incombustible, chemical-resistant mineral substances commonly called

2

"asbestos."

6. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

7. Each of the Defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioners, of the health hazards inherent in the asbestos-containing products they were selling and/or using. Instead of warning Petitioner and the general public about these dangers, the Defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation. Those Defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular Defendant above the specific counts of misconduct.

8. As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraph 4, Petitioner Frank Mumfrey contracted malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure. Frank Mumfrey's malignant mesothelioma was diagnosed on or around October 14, 2010.

9. Because of the latency period between exposure to asbestos and the onset of malignant mesothelioma, and because of the active concealment by some Defendants of the causes and effects of exposure to asbestos, Petitioner has only recently discovered his injuries and not more than one year preceding this filing of this Petition for Damages.

## STRICT LIABILITY OF ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS

10. The Defendants were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos products and were engaged in the business of using, manufacturing or

3

facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Paragraph 4, from which Frank Mumfrey was exposed.

11. The products mined, manufactured, sold, distributed, supplied and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous per se, to Petitioner who was an intended and foreseeable user and bystander who was exposed to these products. These defects include, without limitation, the following:

 a. the mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

 b. the mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in his respective trade;

 c. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

 d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

 e. failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

 f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

 g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

 h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were

4

readily available;

i.  defects in the composition and construction of these products;

j.  failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k.  failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

l.  overwarranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants;

m.  are liable to Petitioner in strict liability for things in their garde, possession, custody or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner Frank Mumfrey; and

n.  other defects or fault as may be revealed in discovery or at trial.

12. The defective conditions of Defendants' Products and fault, as noted above, are a proximate cause of Petitioner's' injuries complained of herein.

13. Petitioner also alleges that each and every one of the foregoing Defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

## NEGLIGENCE ACTION AGAINST SCHLUMBERGER LIMITED AND ITS EXECUTIVE OFFICERS

14. Petitioner Frank Mumfrey was exposed to asbestos-containing products during the course and scope of his employment at SCHLUMBERGER LIMITED from approximately 1971-1972. Petitioner's exposure to asbestos products occurred without fault on his part. Petitioners hereby allege that SCHLUMBERGER LIMITED and its Executive Officers, are liable for injuries, as alleged, arising out of the negligent conduct of SCHLUMBERGER LIMITED and its corporate executive officers as detailed herein, and, in failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust.

15. As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at SCHLUMBERGER LIMITED, Petitioner received injuries, both physically and mentally, including, without limitation malignant

5

mesothelioma and mental anguish associated with that condition.

16. SCHLUMBERGER LIMITED and its Executive Officers negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge their duties to the Petitioner in the following:

    a. failed to provide the Petitioner with a safe work place;

    b. failed to provide the Petitioner with safety equipment;

    c. failed to provide the Petitioner with correct, adequate, or proper safety equipment;

    d. recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to the Petitioner regarding asbestos hazards in general and with regard to those specific hazards at the Petitioner's worksite;

    e. recklessly concealed and negligently omitted to reveal critical medical and safety information from the Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products at his worksites;

    f. failed to timely remove asbestos hazards from the work place;

    g. failed to properly supervise or monitor the work areas for compliance with safety regulations; and

    h. failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air.

17. The above-described negligence, fault and willful misconduct of these Defendants were a proximate cause of the Petitioner's injuries.

### INTENTIONAL ACTS AND FRAUD OF SCHLUMBERGER LIMITED

18. During the course of Petitioner's employment at SCHLUMBERGER LIMITED, SCHLUMBERGER LIMITED knew that it was substantially certain to follow from its actions and inactions, outlined above, that Petitioner would be exposed to injurious levels of asbestos, and thereby acted intentionally under Louisiana law in exposing him to asbestos and causing him to contract mesothelioma.

6

19. At all times throughout Petitioners' exposure to asbestos and used within SCHLUMBERGER LIMITED's facility, SCHLUMBERGER LIMITED knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet SCHLUMBERGER LIMITED consciously and intentionally chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioners' injuries.

20. As the employer of Petitioner, SCHLUMBERGER LIMITED had a duty to fully and properly disclose to Petitioner the dangers associated with asbestos, yet failed to discharge that duty by misrepresenting or suppressing the truth, through its silence and inaction, about asbestos with the intention to obtain an unjust advantage for itself and to cause loss to Petitioner. Due to SCHLUMBERGER LIMITED's fraud, Petitioner agreed to and went to work for the agreed upon wages under the misconception that he was not being exposed to a highly toxic substance while there.

21. The foregoing fraud and misrepresentation was a substantial contributing cause of Petitioners' damages.

## ALLEGATIONS AGAINST METROPOLITAN LIFE

22. All allegations contained in the previous paragraphs are realleged herein.

23. Defendant **METROPOLITAN LIFE INSURANCE COMPANY** rendered substantial aid and assistance to the manufacturers of asbestos-containing products to which Frank Mumfrey was exposed, and such assistance by Metropolitan Life aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products by such manufacturers which proximately caused Frank Mumfrey's illness, injuries and disabilities.

24. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, through its Policyholders Service Bureau undertook duties owed by the asbestos-producing Defendants to Frank Mumfrey by the testing of asbestos workers and the conduct of scientific studies. These duties included without limitation, the duty:

7

    a. to test fully and adequately for health risks concomitant to the normal and intended use of their products; and

    b. to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, **METROPOLITAN LIFE** knew or should have known that it was providing testing services for the ultimate protection of third persons, including Frank Mumfrey.

25. In both conducting said tests and in publishing their alleged results, **METROPOLITAN LIFE** failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. **METROPOLITAN LIFE** also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

26. Frank Mumfrey unwittingly but justifiably relied upon the thoroughness of **METROPOLITAN LIFE's** tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

27. As a direct and proximate contributing result of **METROPOLITAN LIFE's** failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Frank Mumfrey from asbestos exposure was increased, and (ii) Frank Mumfrey suffered the injuries described below.

28. In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos-producing defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, **METROPOLITAN LIFE** acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including Frank Mumfrey.

## ALLEGATIONS AGAINST WELCO MANUFACTURING OF KANSAS CITY AND WELCO MANUFACTURING OF TEXAS.

29. Petitioner will show the corporate fiction between Defendants WELCO

8

MANUFACTURING OF KANSAS CITY and WELCO MANUFACTURING OF TEXAS. Petitioners allege that WELCO MANUFACTURING OF KANSAS CITY used the corporate form as part of a basically unfair device to achieve an inequitable result with respect to the Petitioners herein. Petitioners will show that WELCO MANUFACTURING OF KANSAS CITY used the corporate fiction as a means of evading its legal obligation to Petitioners and that WELCO MANUFACTURING OF TEXAS was in fact the alter ego of WELCO MANUFACTURING OF KANSAS CITY. Petitioners will further demonstrate that WELCO MANFACTURING OF KANSAS CITY and WELCO MANUFACTURING OF TEXAS shared a founder, president and owner Earl Stover. Further they disregarded any purported separation of the corporate enterprise, utilizing WELCO MANUFACTURING OF TEXAS as a mere conduit through which they attempted to circumvent their legal obligation to Petitioners herein. Defendants continue to use the corporate fiction as a means of perpetuating fraud upon the Petitioners. In addition, or alternatively, Petitioners would also show that WELCO MANUFACTURING OF TEXAS was not operated as a separate entity, but rather integrated its resources with those of Defendant WELCO MANUFACTURINF OF KANSAS CITY to achieve a common business purpose, and as such, comprised a single business enterprise for which Defendant WELCO MANUFDACTURING OF KANSAS CITY is liable.

## ALLEGATIONS AGAINST SUPPLIER DEFENDANTS

30. For all pertinent times, CARRUTH BROTHERS LUMBER COMPANY, INC., R.T. VANDERBILT COMPANY, INC., and UNION CARBIDE CORPORATION (each a Supplier Defendant), individually sold, distributed, and supplied asbestos-containing product(s), which Petitioner Frank Mumfrey came in contact with, utilized, and inhaled, causing his injuries, illnesses, and disabilities.

31. The Supplier Defendants are liable to Petitioner Frank Mumfrey as professional vendors of asbestos-containing products, and as such, because of the Defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products it sold, and are strictly liable and negligent for failing to warn the users of potential health hazards from the use of said products.

32. Further, the Supplier Defendants made misrepresentations regarding the safety of asbestos to the asbestos-product manufacturers, thereby fraudulently inducing companies to use the Supplier Defendants' asbestos instead of safer alternatives. The Supplier Defendants marketed their asbestos as a refined product, rather than merely a raw material. The Supplier Defendants' refined products were unreasonably dangerous, defectively designed, and marketed by Defendants in an unsafe fashion, resulting in their sale in deleterious form within products to which Frank Mumfrey alleges exposure. Supplier Defendants knew the specific use for which their refined asbestos products would be incorporated into other products and had unique expertise into the physical and chemical properties of their specially refined asbestos and its health hazards. Supplier Defendants unsafely marketed their asbestos products as uniquely safe, and non-carcinogenic, at times when Supplier Defendants knew or should have known such claims were false and/or without adequate scientific support. As a consequence of Supplier Defendants' misrepresentations, customers and ultimate users of the products (users, including Frank Mumfrey) were deceived as to the true nature and extent of the health hazards posed by Supplier Defendants' asbestos. The Supplier Defendants are liable to Petitioner Frank Mumfrey for the suffering and injuries from a disease caused by exposure to the Supplier Defendants' asbestos, because the Supplier Defendants' fraudulent misrepresentations were detrimentally relied upon (1) by asbestos-product manufacturers incorporating Supplier Defendants' raw asbestos into their finished product(s) and (2) by Frank Mumfrey who was exposed to the asbestos-containing product(s).

33. Finally, each Supplier Defendant is liable to Frank Mumfrey because it knew or should have known that the asbestos products, which it sold and supplied, were unreasonably dangerous in normal use, and its failure to communicate this information constitutes negligence. This negligence was the cause of Frank Mumfrey's injuries, including, but not limited to, mesothelioma, asbestosis, asbestos-induced pleural disease, and other ill health effects.

34. WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 33, Petitioner requests that Defendants be served with this petition and that there be judgment against these Defendants jointly, severally and in solido in a sum sufficient to compensate Petitioner for the following:

a. all past, present and future medical costs or expenses related thereto;

b. all past, present and future lost earnings;

c. all past, present and future mental suffering, anguish, and pain;

d. all past, present and future physical pain and suffering;

e. loss of consortium, love, affection, services and society;

f. loss of quality of life;

g. reasonable attorneys fees; and

h. all other forms of relief provided by law or equity together with interest from the date of judicial demand until paid, and costs of these proceedings.

**WHEREFORE** Petitioner prays that after due proceedings had, there be judgment herein in favor of Petitioner and against the Defendants as prayed for.

        **Respectfully submitted,**

        **LANDRY & SWARR, L.L.C.**

        _____
        FRANK J. SWARR, Bar No. 23322
        MICKEY P. LANDRY, Bar No. 22817
        DAVID R. CANNELLA, Bar No. 26231
        PHILIP C. HOFFMAN, Bar No 32277
        1010 Common Street, Suite 2050
        New Orleans, Louisiana 70112
        Telephone: (504) 299-1214
        Facsimile: (504) 299-1215

        **COUNSEL FOR PETITIONER**

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

## EXHIBIT "A"

**PLEASE SERVE THE FOLLOWING:**

1. ANCO INSULATIONS, INC.
   A Louisiana Corporation
   Via The Long Arm Statute
   Thomas E. Balhoff
   Roedel, Parsons, Koch, Frost et al
   8440 Jefferson Highway
   Suite 301
   Baton Rouge, LA 70809

2. CARRUTH BROTHERS LUMBER COMPANY, INC.
   A Louisiana Corporation
   Through its Registered Agent:
   Michael J Laughlin
   365 Canal St.
   One Canal Place, Suite 2800
   New Orleans, LA 70130

3. CHEVRON PHILLIPS CHEMICAL COMPANY LP d/b/a DRILLING SPECIALTIES COMPANY
   Through its Registered Agent:
   C.T. Corporation System
   5615 Corporate Blvd.
   Suite 400B
   Baton Rouge, LA 70808

4. DAP PRODUCTS INC.
   A Delaware Corporation
   Via The Long Arm Statute:
   2400 Boston St.
   Suite 200
   Baltimore, MD, 21224

5. GEORGIA PACIFIC LLC
   A Delaware Corporation
   Through its Registered Agent:
   C.T. Corporation System
   5615 Corporate Blvd.
   Suite 400B
   Baton Rouge, LA 70808

6. HANSON AGGREGATES WEST, INC. (sued individually and as successor-in-interest to KAISER GYPSUM COMPANY, INC.)
   A Delaware Corporation
   Via The Long Arm Statute
   300 E. John Carpenter Freeway
   Suite 1645
   Irving, TX 75062-2772

7.  HANSON BUILDING MATERIALS AMERICA, INC. (sued individually and/or as successor-in-interest to HANSON AGGREGATES WEST, KAISER CEMENT CORPORATION and/or KAISER GYPSUM COMPANY)
    A New Jersey Corporation
    Via The Long Arm Statute
    300 E. John Carpenter Freeway
    Suite 1645
    Irving, TX 75062-2772

8.  HANSON PERMANENTE CEMENT, INC. f/k/a KAISER CEMENT CORPORATION (sued individually and as successor-in-interest to KAISER GYPCUM COMPANY, INC.)
    An Arizona Corporation
    Via The Long Arm Statute
    8505 Freeport Parkway
    Ste. 200
    Irving, TX 75063

9.  KAISER GYPSUM COMPANY
    A Washington Corporation
    Via The Long Arm Statute
    300 E. John Carpenter Freeway
    Suite 1645
    Irving, TX 75062-2772

10. THE LINCOLN ELECTRIC COMPANY
    A Maryland Corporation
    Through its Registered Agent:
    C.T. Corporation System
    5615 Corporate Blvd.
    Suite 400B
    Baton Rouge, LA 70808

11. METROPOLITAN LIFE INSURANCE COMPANY
    A New York Corporation
    (For Service of Process via the Louisiana Direct Action Statute, L.R.S. 22:169)
    Through the Louisiana Secretary of State
    8549 United Plaza Boulevard
    Baton Rouge, LA 70809

12. MONTELLO, INC.
    An Oklahoma Corporation
    Via The Long Arm Statute
    210 Interstate North Pkwy.
    7th Floor
    Atlanta, GA 30339

13. RT VANDERBILT COMPANY, INC.
    A New York Corporation
    Via The Long Arm Statute
    30 Winfield Street
    Norwalk, CT 06856

14. SAINT-GOBAIN ABRASIVES, INC.
    A Delaware Corporation
    Via The Long Arm Statute
    750 E. Swedesford Road

Valley Forge, PA 19482

15. THE SHERWIN-WILLIAMS CO.
    An Ohio Corporation
    Through its Registered Agent:
    Corporation Service Company
    320 Somerulos St.
    Baton Rouge, LA 70802

16. TAYLOR-SEIDENBACH, INC.
    A Louisiana Corporation
    Through its Registered Agent:
    731 So. Scott Street
    New Orleans, LA 70119

17. UNION CARBIDE CORPORATION
    A New York Corporation
    Through its Registered Agent:
    C.T. Corporation System
    5615 Corporate Blvd.
    Suite 400B
    Baton Rouge, LA 70808

18. UNITED GILSONITE LABORATORIES
    A Pennsylvania Corporation
    Via The Long Arm Statute
    1396 Jefferson Ave.
    Scranton, PA 18509-2425

19. WELCO MANUFACTURING COMPANY
    A Missouri Corporation
    Via The Long Arm Statute
    1225 Ozark Street
    North Kansas City, MO 64116

**EMPLOYER DEFENDANT**

20. SCHLUMBERGER LIMITED
    A Delaware Corporation
    Via The Long Arm Statute
    25 Corporate Dr.
    Ste. 130
    Burlington, MA 01803

RECEIVED DEC 27 2010 EBR SHERIFF'S OFFICE