ADRMOP

# U.S. District Court
## California Northern District (Oakland)
### CIVIL DOCKET FOR CASE #: 4:11-cv-04475-SBA

Royal et al v. Huntington Ingalls Incorporated et al
Assigned to: Hon. Saundra Brown Armstrong
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 09/08/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Lester Royal** represented by **Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ella Royal** represented by **Alan R. Brayton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Huntington Ingalls Incorporated**
*formerly known as*
Northrop Grumman Shipbuilding, Inc.

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**General Electric Company**

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

| Date Filed | # | Docket Text |
|---|---|---|
| 09/08/2011 | 6 | NOTICE of Tag-Along Action, filed by Ella Royal, Lester Royal (jlm, COURT STAFF) (Filed on 9/8/2011) (Entered: 09/12/2011) |
| 09/08/2011 | 5 | Declination to Proceed Before a U.S. Magistrate Judge by Ella Royal, Lester Royal. (jlm, COURT STAFF) (Filed on 9/8/2011) (Entered: 09/12/2011) |
| 09/08/2011 | 4 | Certificate of Interested Entities, filed by Ella Royal, Lester Royal (jlm, COURT STAFF) (Filed on 9/8/2011) (Entered: 09/12/2011) |
| 09/08/2011 | 3 | Summons Issued as to CBS Corporation, Foster Wheeler LLC, General Electric Company, Huntington Ingalls Incorporated. (jlm, COURT STAFF) (Filed on 9/8/2011) (Entered: 09/12/2011) |
| 09/08/2011 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 12/28/2011. Case Management Conference set for 1/4/2012 03:00 PM. (Attachments: # 1 Standing Order - SBA)(jlm, COURT STAFF) (Filed on 9/8/2011) (Entered: 09/12/2011) |
| 09/08/2011 | 1 | COMPLAINT with Jury Demand, against CBS Corporation, Foster Wheeler LLC, General Electric Company, Huntington Ingalls Incorporated ( Filing fee $ 350, receipt number 34611064448.). Filed by Lester Royal, Ella Royal. (Attachments: # 1 Civil Cover Sheet)(jlm, COURT STAFF) (Filed on 9/8/2011) (Entered: 09/12/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/12/2011 13:22:19 | | | |
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:11-cv-04475-SBA |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

1 ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
2 BRAYTON✦PURCELL LLP
Attorneys at Law
3 222 Rush Landing Road
P.O. Box 6169
4 Novato, California 94948-6169
(415) 898-1555
5 (415) 898-1247 (Fax No.)

6 Attorneys for Plaintiffs

E-filing

FILED
2011 SEP -8 P 1:23
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SBA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| LESTER ROYAL and ELLA ROYAL,<br><br>Plaintiffs,<br><br>vs.<br><br>HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION),<br><br>Defendants. | CV No. 11 4475<br><br>COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL |

## I.
## PARTIES

1.  Plaintiff in this action, LESTER ROYAL, has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos. Plaintiff, ELLA ROYAL, has sustained loss of consortium as set forth in the Third Cause of Action.

///

///

2. Plaintiff LESTER ROYAL sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

3. The pathogenesis of Plaintiff LESTER ROYAL's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

4. All of Plaintiffs' claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff LESTER ROYAL's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff LESTER ROYAL, resulting in cumulative, progressive, incurable lung diseases.

5. Plaintiff LESTER ROYAL claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6. As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff LESTER ROYAL.

7. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## II.

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8. <u>Jurisdiction</u>: Plaintiff LESTER ROYAL is a citizen of the State of Texas/Texas. Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | Virginia/Virginia |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | Delaware/New Jersey |
| GENERAL ELECTRIC COMPANY | New York/Connecticut |
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | Delaware/New York |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9. <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

### III.
### CAUSES OF ACTION

<u>FIRST CAUSE OF ACTION</u>
(Negligence)

PLAINTIFF LESTER ROYAL COMPLAINS OF DEFENDANTS HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor,

1 | predecessor in business, predecessor in product line or a portion thereof, parent, holding
2 | company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole
3 | or partial owner of or member in an entity researching, studying, manufacturing, fabricating,
4 | designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
5 | supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,
6 | representing, endorsing servicing, installing, contracting for installation, repairing, marketing,
7 | warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
8 | otherwise directing and/or facilitating the use of, or advertising a certain product, namely
9 | asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be
10 | called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious
11 | conduct of each successor, successor in business, successor in product line or a portion thereof,
12 | assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,
13 | venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or
14 | entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,
15 | designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,
16 | sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,
17 | rebranded, manufactured for others and advertised a certain product, namely asbestos, and other
18 | products containing asbestos. The following defendants, and each of them, are liable for the acts
19 | of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual
20 | destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each
21 | of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE
22 | ENTITY; defendants, and each of them, caused the destruction of Plaintiff's remedy against each
23 | such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading
24 | role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill
25 | originally attached to each such ALTERNATE ENTITY:
26 | ///
27 | ///
28 | ///

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | AVONDALE INDUSTRIES, INC. <br> AVONDALE SHIPYARDS, INC. <br> CONTINENTAL MARITIME INDUSTRIES, INC. <br> EASTERN IDAHO CONSTRUCTION COMPANY <br> INGALLS SHIPBUILDING, INC. <br> NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY <br> NORTH CAROLINA SHIPBUILDING <br> NORTHROP GRUMMAN SHIP SYSTEMS, INC. <br> SERVICE ENGINEERING INDUSTRIES, INC. |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY <br> HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED <br> TRUMBULL ELECTRIC MANUFACTURING COMPANY <br> G E INDUSTRIAL SYSTEMS <br> CURTIS TURBINES <br> PARSONS TURBINES <br> GENERAL ELECTRIC JET ENGINES |
| CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC. <br> CBS CORPORATION <br> WESTINGHOUSE ELECTRIC CORPORATION <br> WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY <br> B.F. STURTEVANT <br> KPIX TELEVISION STATION <br> PARAMOUNT COMMUNICATIONS, INC <br> GULF & WESTERN INDUSTRIES, INC. <br> NORTH & JUDD MANUFACTURING COMPANY |

11. At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12. At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

1  to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
2  supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
3  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
4  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
5  and other products containing asbestos, in that said products caused personal injuries to users,
6  consumers, workers, bystanders and others, including the Plaintiff herein, (hereinafter
7  collectively called "exposed persons"), while being used in a manner that was reasonably
8  foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by
9  "exposed persons." In part, and without limitation as to other defendants, defendant
10 HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN
11 SHIPBUILDING, INC.), manufactured, modified, serviced and/or repaired asbestos-containing
12 ships and vessels.

13     13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
14 exercise due care in the pursuance of the activities mentioned above and defendants, and each of
15 them, breached said duty of due care.

16     14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
17 have known, and intended that the aforementioned asbestos and products containing asbestos and
18 related products and equipment, would be transported by truck, rail, ship, and other common
19 carriers, that in the shipping process the products would break, crumble, or be otherwise
20 damaged; and/or that such products would be used for insulation, construction, plastering,
21 fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
22 limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
23 breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
24 release of airborne asbestos fibers, and that through such foreseeable use and/or handling
25 "exposed persons", including Plaintiff herein, would use or be in proximity to and exposed to
26 said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
27 persons working in proximity to said products, directly or through reentrainment.
28 ///

15. Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

16. As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the Plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and incorporated by reference herein.

17. Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

18. Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

19. As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

20. As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this

///

time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

21. As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

22. Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

23. Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

24. The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons." Plaintiff, for the sake of example and by way of punishing said defendants, seeks punitive damages according to proof.

WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Products Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY, PLAINTIFF LESTER ROYAL COMPLAINS OF DEFENDANTS HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA

///

VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AS FOLLOWS:

25. Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations contained in each paragraph of the First Cause of Action herein.

26. Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

27. Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of defendants, their "alternate entities," and each of them. Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe and dangerous for use.

28. "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons." Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

29. In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not

limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

30. On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons", who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons", who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

31. With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

32. The above-referenced conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendants, their ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendants, their ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including Plaintiff.

33. Plaintiff alleges that the aforementioned defendants, their ALTERNATE ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing products to be safe for their intended use but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

34. Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos and various asbestos-containing products manufactured, fabricated, inadequately researched, designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised by the aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff cannot identify precisely which asbestos or asbestos-containing products caused the injuries complained of herein.

35. Plaintiff relied upon defendants', their "alternate entities'", and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has been injured permanently as alleged herein.

///

36. As a direct and proximate result of the actions and conduct outlined herein, Plaintiff has suffered the injuries and damages previously alleged.

WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Loss of Consortium)

AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF ELLA ROYAL COMPLAINS OF DEFENDANTS HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL ELECTRIC COMPANY, CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

37. Plaintiffs incorporate by reference each and every paragraph of the First through Second Causes of Action herein.

38. Plaintiffs LESTER ROYAL and ELLA ROYAL were married on January 9, 1967, and at all times relevant to this action were, and are now, husband and wife.

39. Prior to Plaintiff LESTER ROYAL's injuries as alleged, he was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, LESTER ROYAL has been unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and he will be unable to perform such work, service and duties in the future. As a proximate result thereof, Plaintiff ELLA ROYAL has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

///
///
///

K:\Injured\115142\FED\PLD\cmp fed (pi-lc).wpd            12
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

40. Plaintiff's discovery of the cause of her loss of consortium, as herein alleged, first occurred within one year of the date this complaint was filed.

41. As a direct and proximate result of the acts of defendants, their "alternate entities," and each of them, and the severe injuries caused thereby to Plaintiff LESTER ROYAL as set forth in this complaint, Plaintiff ELLA ROYAL has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

## IV.
## PRAYER

WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE ENTITIES, and each of them in an amount to be proved at trial, as follows:

Plaintiff LESTER ROYAL:

(a) For Plaintiff's general damages according to proof;

(b) For Plaintiff's loss of income, wages and earning potential according to proof;

(c) For Plaintiff's medical and related expenses according to proof;

Plaintiff ELLA ROYAL:

(d) For Plaintiff's damages for loss of consortium according to proof;

Plaintiffs LESTER ROYAL and ELLA ROYAL:

(e) For Plaintiffs' cost of suit herein;

(f) For exemplary or punitive damages according to proof;

(g) For damages for fraud according to proof; and

(h) For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest.

Dated: 9/2/11

BRAYTON✦PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues of this cause.

Dated: 9/2/11

BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13

# EXHIBIT A

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Plaintiff: LESTER ROYAL

Plaintiff's injuries: Plaintiff was diagnosed with asbestosis and asbestos-related pleural disease on or about April 2011.

Retirement Status:

Plaintiff retired from his last place of employment at regular retirement age. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

Defendants: Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hunters Point Naval Shipyard, San Francisco, CA | Hunters Point Naval Shipyard, San Francisco, CA, Various aircraft carriers, including, | Electrician | 10/2/1952 -7/1973 |
| | ORISKANY (CVA-34) | | 1959-7/1973 |
| | ENTERPRISE (CVN-65) | | 1962-7/1973 |
| | BON HOMME RICHARD (CV-31) | | 10/2/1952 -1971 |
| | PHILIPPINE SEA (CVA-47) | | 10/2/1952 -1958 |

///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Puget Sound Naval Shipyard | Puget Sound Naval Shipyard, Bremerton, WA, various ships | Electrician | 7/1973-10/1977 (night shift) |
| Long Beach Naval Shipyard, Long Beach, CA | Long Beach Naval Shipyard, Long Beach, CA, various ships, including, TARAWA (LHA-1) | Electrician | 10/1977-1979 |

JS 44 (Rev. 12/07) (CAND Rev 1/10)   CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
LESTER ROYAL and ELLA ROYAL

### DEFENDANTS
HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), et al.

(b) County of Residence of First Listed Plaintiff Montgomery County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Virginia/Virginia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David R. Donadio, Esq.
Brayton❖Purcell LLP
222 Rush Landing Road, JMD#03
Novato, California 94948-6169

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- 362 Personal Injury — Med. Malpractice
- 365 Personal Injury — Product Liability
- [x] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities– Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt.Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus – Alien Detainee
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity of Citizenship; 28 USC Section 1332

Brief description of cause: Asbestos Personal Injury

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA

DATE 8/5/11

SIGNATURE OF ATTORNEY OF RECORD
DAVID R. DONADIO, Brayton❖Purcell LLP, Attorney for Plaintiff