ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-04544-SI

Tinoco et al v. CBS Corporation et al                    Date Filed: 09/13/2011
Assigned to: Hon. Susan Illston                          Jury Demand: Plaintiff
Cause: 28:1332 Diversity-Asbestos Litigation             Nature of Suit: 368 P.I. : Asbestos
                                                         Jurisdiction: Federal Question

**Plaintiff**

**Elvira Tinoco**                     represented by    **Alan R. Brayton**
*as Successor-in-Interest to Alfredo*                   Brayton Purcell LLP
*Mosqueda, Deceased*                                    222 Rush Landing Road
                                                        PO Box 6169
                                                        Novato, CA 94948-6169
                                                        415-898-1555
                                                        Fax: 415-898-1247
                                                        *ATTORNEY TO BE NOTICED*

                                                        **David R. Donadio**
                                                        Brayton Purcell LLP
                                                        222 Rush Landing Road
                                                        PO Box 6169
                                                        Novato, CA 94948-6169
                                                        415-898-1555
                                                        Fax: 415-898-1247
                                                        Email: DDonadio@braytonlaw.com
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Catalina Mosqueda**                 represented by    **Alan R. Brayton**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **David R. Donadio**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Martin Mosqueda**                   represented by    **Alan R. Brayton**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **David R. Donadio**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patricia Mosqued-Galang**                    represented by   **Alan R. Brayton**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **David R. Donadio**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Raquel Mosqueda**                            represented by   **Alan R. Brayton**
*as Wrongful Death Heirs of Alfred*                            (See above for address)
*Mosqueda*                                                      *ATTORNEY TO BE NOTICED*

                                                                **David R. Donadio**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Plaintiff**

**M. N.**                                      represented by   **Alan R. Brayton**
*a Minor, by and through minor's*                              (See above for address)
*Guardian Ad Litem,*                                           *ATTORNEY TO BE NOTICED*

                                                                **David R. Donadio**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**General Electric Company**

**Defendant**

**General Dynamics Corporation**

**Defendant**

**Huntington Ingalls Incorporated**
*formerly known as*
Northrop Grumman Shipbuilding, Inc.

**Defendant**

**Maria Guadalupe Mosqueda**
*Defendant heir*

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

| Date Filed | # | Docket Text |
|---|---|---|
| 09/13/2011 | 8 | Summons Issued as to CBS Corporation, Foster Wheeler LLC, General Dynamics Corporation, General Electric Company, Huntington Ingalls Incorporated, Maria Guadalupe Mosqueda. (ysS, COURT STAFF) (Filed on 9/13/2011) (Entered: 09/14/2011) |
| 09/13/2011 | 7 | ADR SCHEDULING ORDER: Case Management Statement due by 12/16/2011. Case Management Conference set for 12/23/2011 02:30 PM. (Attachments: # 1 standng orders and cmc order)(ysS, COURT STAFF) (Filed on 9/13/2011) (Entered: 09/14/2011) |
| 09/13/2011 | 6 | NOTICE of Tag-Along Action by Patricia Mosqued-Galang, Catalina Mosqueda, Martin Mosqueda, Raquel Mosqueda, M. N., Elvira Tinoco (ysS, COURT STAFF) (Filed on 9/13/2011) (Entered: 09/14/2011) |
| 09/13/2011 | 5 | MOTION for Appointment of Guardian Ad Litem of Minor chiled and proposed order filed by Patricia Mosqued-Galang, Catalina Mosqueda, Martin Mosqueda, Raquel Mosqueda, M. N., Elvira Tinoco. (ysS, COURT STAFF) (Filed on 9/13/2011) (Entered: 09/14/2011) |
| 09/13/2011 | 4 | Certificate of Interested Entities or Persons by Patricia Mosqued-Galang, Catalina Mosqueda, Martin Mosqueda, Raquel Mosqueda, M. N., Elvira Tinoco (ysS, COURT STAFF) (Filed on 9/13/2011) (Entered: 09/14/2011) |
| 09/13/2011 | 3 | Declaration of Elvira Tinoco under C.C.P. ss377.32 filed byPatricia Mosqued-Galang, Catalina Mosqueda, Martin Mosqueda, Raquel Mosqueda, M. N., Elvira Tinoco. (ysS, COURT STAFF) (Filed on 9/13/2011) (Entered: 09/14/2011) |
| 09/13/2011 | 2 | Declination to Proceed Before a U.S. Magistrate Judge by Patricia Mosqued-Galang, Catalina Mosqueda, Martin Mosqueda, Raquel Mosqueda, M. N., Elvira Tinoco. (ysS, COURT STAFF) (Filed on 9/13/2011) (Entered: 09/14/2011) |
| 09/13/2011 | 1 | COMPLAINT (Summons issued); against CBS Corporation, General Dynamics Corporation, General Electric Company Foster Wheeler LLC, Huntington Ingalls Incorporated, Maria Guadalupe Mosqueda ( Filing fee $ 350, receipt number 34611064611.). Filed byMartin Mosqueda, Catalina Mosqueda, Elvira Tinoco, Patricia Mosqued-Galang, Raquel Mosqueda, M. N.. (ysS, COURT STAFF) (Filed on 9/13/2011) (Entered: 09/14/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/15/2011 09:27:47 | | | |
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-04544-SI |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

ORIGINAL
FILED

2011 SEP 13   P 2: 38

CLERK, RICHARD W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   ALAN R. BRAYTON, ESQ., S.B. #73685
    DAVID R. DONADIO, ESQ., S.B. #154436
2   BRAYTON❖PURCELL LLP
    Attorneys at Law
3   222 Rush Landing Road
    P.O. Box 6169
4   Novato, California  94948-6169
    (415) 898-1555
5   (415) 898-1247 (Fax No.)

6   Attorneys for Plaintiffs          **E-filing**

7

8                  **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN FRANCISCO DIVISION**

11   ELVIRA TINOCO as Successor-in-Interest )
     to ALFREDO MOSQUEDA, Deceased,      )
12   and ELVIRA TINOCO, CATALINA         )
     MOSQUEDA, MARTIN MOSQUEDA,          )
13   PATRICIA MOSQUEDA-GALANG,           )
     RAQUEL MOSQUEDA, and M. N., a       )
14   Minor, by and through minor's Guardian )
     Ad Litem, RAQUEL MOSQUEDA, as       )
15   Wrongful Death Heirs of ALFREDO     )
     MOSQUEDA, Deceased,                 )
16                                        )
                 Plaintiffs,              )
17                                        )
     vs.                                  )
18                                        )
     CBS CORPORATION (FKA VIACOM         )
19   INC., FKA WESTINGHOUSE              )
     ELECTRIC CORPORATION),              )
20   GENERAL ELECTRIC COMPANY,           )
     FOSTER WHEELER LLC (FKA FOSTER      )
21   WHEELER CORPORATION),               )
     GENERAL DYNAMICS                    )
22   CORPORATION, HUNTINGTON             )
     INGALLS INCORPORATED (FKA           )
23   NORTHROP GRUMMAN                     )
     SHIPBUILDING, INC.),                )
24                                        )
                 Defendants.              )
25                                        )
     MARIA GUADALUPE MOSQUEDA,           )
26                                        )
                 Defendant heir.          )
27   _____ )

28

C 11  4544

COMPLAINT FOR SURVIVAL,
WRONGFUL DEATH - ASBESTOS;
DEMAND FOR JURY TRIAL

K:\Injured\114708\FED\PLD\cmp fed (wd-Met-DefHeir-Minor)#2.wpd          1
        COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

# I.

## PARTIES

1.     Plaintiffs in this action are ELVIRO TINOCO, successor-in-interest to the estate of ALFREDO MOSQUEDA; and ELVIRA TINOCO, CATALINA MOSQUEDA, MARTIN MOSQUEDA, PATRICIA MOSQUEDA-GALANG, RAQUEL MOSQUEDA, and M. N., a minor, by and through his Guardian Ad Litem, RAQUEL MOSQUEDA, as Wrongful Death Heirs of ALFREDO MOSQUEDA, and are all hereinafter referred to as "Plaintiffs."  MARIA GUADALUPE MOSQUEDA is a statutory Wrongful Death heir of Decedent ALFREDO MOSQUEDA, and is identified in the caption as nominal defendant ("Defendant Heir") as her consent to be joined as Plaintiff could not be obtained.

2.     ALFREDO MOSQUEDA is the person who sustained asbestos-related lung injuries and death as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos. ALFREDO MOSQUEDA,  hereinafter "Decedent"  died September 14, 2010.  ELVIRA TINOCO is the daughter of ALFREDO MOSQUEDA and is hereinafter referred to as "Successor-in-Interest."

3.     Decedent sustained an asbestos-related lung disease and death by precisely the following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-containing products at Decedent's jobsites.  The pathogenesis of Decedent's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

4.     All of Plaintiffs' claims arise out of a similar series of occurrences:  Decedent's repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent, resulting in cumulative, progressive, incurable lung diseases.

5.     Each Plaintiff claims damages for Decedent's asbestos-related disease arising from an identical series of occurrences not dependent on Decedent's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released

harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease.  The allegations of Plaintiffs regarding the nature of Decedent's asbestos-related diseases, the nature of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all identical.

6.     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the State of California.

## II.

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.     <u>Jurisdiction</u>:  Plaintiff ELVIRA TINOCO is a citizen of the State of California. Plaintiff(s) CATALINA MOSQUEDA, MARTIN MOSQUEDA, PATRICIA MOSQUEDA-GALANG, RAQUEL MOSQUEDA, M. N., a Minor, by and through minor's Guardian Ad Litem, RAQUEL MOSQUEDA, are citizens of the following states, respectively: California; California; California; California; California.  Defendant heir MARIA GUADALUPE MOSQUEDA is a citizen of California.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | New York/Delaware |
| GENERAL ELECTRIC COMPANY | Connecticut/New York |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey/Delaware |
| GENERAL DYNAMICS CORPORATION | Virginia/Delaware |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| DEFENDANT | STATE |
|---|---|
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), | Virginia/Virginia |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

8. _Venue / Intradistrict Assignment_. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiffs herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

**III.**

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION
(Negligence - Survival)

PLAINTIFF ELVIRA TINOCO COMPLAINS OF DEFENDANTS CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), GENERAL ELECTRIC COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL DYNAMICS CORPORATION, HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (SURVIVAL) ALLEGES:

9. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos.  Said entities shall hereinafter collectively be called ALTERNATE ENTITIES.  Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos.  The following defendants, and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused the destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC.<br>CBS CORPORATION<br>WESTINGHOUSE ELECTRIC CORPORATION<br> WESTINGHOUSE ELECTRIC AND<br> MANUFACTURING COMPANY<br>B.F. STURTEVANT<br>KPIX TELEVISION STATION<br>PARAMOUNT COMMUNICATIONS, INC<br>GULF & WESTERN INDUSTRIES, INC.<br>NORTH & JUDD MANUFACTURING COMPANY |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENERAL DYNAMICS CORPORATION | CONVAIR |
| | VULTEE AIRCRAFT INC. |
| | CONSOLIDATED VULTEE AIRCRAFT CORPORATION |
| | ASBESTOS CORPORATION LIMITED |
| | |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| | |
| HUNTINGTON INGALLS | AVONDALE INDUSTRIES, INC. |
| INCORPORATED | AVONDALE SHIPYARDS, INC. |
| (FKA NORTHROP | CONTINENTAL MARITIME INDUSTRIES, INC. |
| GRUMMAN SHIPBUILDING, INC.) | EASTERN IDAHO CONSTRUCTION COMPANY |
| | INGALLS SHIPBUILDING, INC. |
| | NEWPORT NEWS SHIPBUILDING AND DRY DOCK |
| | COMPANY |
| | NORTH CAROLINA SHIPBUILDING |
| | NORTHROP GRUMMAN SHIP SYSTEMS, INC. |
| | SERVICE ENGINEERING INDUSTRIES, INC. |
| | |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |

10.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

1  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

2  and other products containing asbestos, in that said products caused personal injuries to users,

3  consumers, workers, bystanders and others, including the Decedent herein, (hereinafter

4  collectively called "exposed persons"), while being used in a manner that was reasonably

5  foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by

6  "exposed persons."  In part, and without limitation as to other defendants, defendants GENERAL

7  DYNAMICS CORPORATION and HUNTINGTON INGALLS INCORPORATED (FKA

8  NORTHROP GRUMMAN SHIPBUILDING, INC.), manufactured, modified, serviced and/or

9  repaired asbestos-containing ships and vessels.

10       12.      Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

11  exercise due care in the pursuance of the activities mentioned above and defendants, and each of

12  them, breached said duty of due care.

13       13.      Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

14  have known, and intended that the aforementioned asbestos and products containing asbestos and

15  related products and equipment, would be transported by truck, rail, ship, and other common

16  carriers, that in the shipping process the products would break, crumble, or be otherwise

17  damaged; and/or that such products would be used for insulation, construction, plastering,

18  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

19  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

20  breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the

21  release of airborne asbestos fibers, and that through such foreseeable use and/or handling

22  "exposed persons," including Decedent herein, would use or be in proximity to and exposed to

23  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

24  persons working in proximity to said products, directly or through reentrainment.

25       14.      Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-

26  containing products referred to herein in a manner that was reasonably foreseeable.  Decedent's

27  exposure to asbestos and asbestos-containing products is on current information as set forth at

28  ///

1   various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference

2   herein.

3       15.    As a direct and proximate result of the acts, omissions, and conduct of the

4   defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure

5   to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

6   or harm to the Decedent as set forth in **Exhibit A**, attached to Plaintiffs' complaint and

7   incorporated by reference herein.

8       16.    Plaintiffs are informed and believe, and thereon allege, that progressive lung

9   disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

10  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

11  asbestos and asbestos-containing products over a period of time.

12      17.    Decedent suffered from a condition related to exposure to asbestos and asbestos-

13  containing products.  Decedent was not aware at the time of exposure that asbestos or asbestos-

14  containing products presented any risk of injury and/or disease.

15      18.    As a direct and proximate result of the aforesaid conduct of the defendants, their

16  "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,

17  nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

18  amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this

19  complaint accordingly when the true and exact cost thereof is ascertained.

20      19.    As a direct and proximate result of the aforesaid conduct of the defendants, their

21  ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value

22  of medial care provided by Decedent's family members measured by, inter alia, the costs

23  associated with the hiring a registered nurse, home hospice, or other service provider, the true

24  and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to

25  amend this complaint accordingly when the true and exact costs are known or at time of trial.

26      20.    As a direct and proximate result of the aforesaid conduct of defendants, their

27  ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person,

28  body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and

related sequelae, and the mental and emotional distress attendant thereto, and ultimately death, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven at trial.

21.    As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits, entitlements, wages, profits, and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave is requested to amend this complaint to conform to proof at the time of trial.

22.    As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury to Decedent, and ultimately Decedent died on the date previously stated herein.

23.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

24.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

25.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in conscious or reckless disregard and indifference to the safety, health, and rights of "exposed persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive damages against said defendants.

WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

///

SECOND CAUSE OF ACTION
(Products Liability - Survival)

PLAINTIFF ELVIRA TINOCO AS SUCCESSOR-IN-INTEREST TO THE DECEDENT

ALFREDO MOSQUEDA COMPLAINS OF DEFENDANTS CBS CORPORATION (FKA

VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), GENERAL

ELECTRIC COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER

CORPORATION), GENERAL DYNAMICS CORPORATION, HUNTINGTON INGALLS

INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), THEIR

"ALTERNATE ENTITIES,"AND EACH OF THEM; EACH FOR A SECOND, SEPARATE,

FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY

(SURVIVAL), COMPLAIN AS FOLLOWS:

26.     Plaintiffs incorporate herein by reference, as though fully set forth herein, each

paragraph of the First Cause of Action  herein.

27.     Defendants, their "alternate entities," and each of them, knew and intended that

the above-referenced asbestos and asbestos-containing products would be used by the purchaser

or user without inspection for defects therein or in any of their component parts and without

knowledge of the hazards involved in such use.

28.     Said asbestos and asbestos-containing products were defective and unsafe for their

intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

and/or death.  The defect existed in the said products at the time they left the possession of

defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

persons," including Decedent herein, while being used in a reasonably foreseeable manner,

thereby rendering the same defective, unsafe, and dangerous for use.

29.     "Exposed persons" did not know of the substantial danger of using said products.

Said dangers were not readily recognizable by "exposed persons."  Said defendants, their

ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

which Decedent and others similarly situated were exposed.

30.     In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages, and cancer.  Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

31.     On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons," who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons," who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

32.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from, or warn

1  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

2  asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or warn

3  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

4  asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

5  intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

6  and suppressed said knowledge from "exposed persons" and members of the general public, thus

7  impliedly representing to "exposed persons" and members of the general public that asbestos and

8  asbestos-containing products were safe for all reasonably foreseeable uses.  Defendants, their

9  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

10  representations with the knowledge of the falsity of said implied representations.

11      33.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

12  and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

13  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

14  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

15  sale, inspection, installation, contracting for installation, repair, marketing, warranting,

16  rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise

17  directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing

18  products.  In pursuance of said financial motivation, said defendants, their ALTERNATE

19  ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact

20  were consciously willing and intended to permit asbestos and asbestos-containing products to

21  cause injury to "exposed persons" and induced persons to work with and be exposed thereto,

22  including Decedent.

23      34.    Plaintiffs allege that the aforementioned defendants, their ALTERNATE

24  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

25  products, to be safe for their intended use, but that their asbestos and asbestos-containing

26  products, created an unreasonable risk of bodily harm to exposed persons.

27      35.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of

28  their representations, lack of warnings, and implied warranties of fitness of asbestos and their

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1   asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, Decedent

2   suffered permanent injury and death as alleged herein.

3       36.     As a direct and proximate result of the actions and conduct outlined herein,

4   Decedent have suffered the injuries and damages herein alleged.

5       WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities", and

6   each of them, as hereinafter set forth.

7                          THIRD CAUSE OF ACTION
                          (Negligence - Wrongful Death)
8

9       PLAINTIFF ELVIRA TINOCO, AS SUCCESSOR-IN-INTEREST TO ALFREDO

10  MOSQUEDA, DECEASED, AND PLAINTIFF(S) ELVIRO TINOCO, successor-in-interest to

11  the estate of ALFREDO MOSQUEDA; and ELVIRA TINOCO, CATALINA MOSQUEDA,

12  MARTIN MOSQUEDA, PATRICIA MOSQUEDA-GALANG, RAQUEL MOSQUEDA, and

13  M. N., a minor, by and through his Guardian Ad Litem, RAQUEL MOSQUEDA, as Wrongful

14  Death Heirs of ALFREDO MOSQUEDA, COMPLAIN OF DEFENDANTS CBS

15  CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC

16  CORPORATION), GENERAL ELECTRIC COMPANY, FOSTER WHEELER LLC (FKA

17  FOSTER WHEELER CORPORATION), GENERAL DYNAMICS CORPORATION,

18  HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN

19  SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH

20  FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR

21  NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

22      37.     Plaintiffs incorporate by reference each paragraph contained within the First

23  Cause of Action as though fully set forth herein.

24  ///

25  ///

26  ///

27  ///

28  ///

38.     The heirs-at-law of decedent and their relationships to the decedent are:

| NAME | AGE | RELATIONSHIP TO DECEDENT |
|------|-----|--------------------------|
| ELVIRA TINOCO | 50 Years | Daughter |
| CATALINA MOSQUEDA | Over 18 | Daughter |
| MARTIN MOSQUEDA | Over 18 | Son |
| PATRICIA MOSQUEDA-GALANG | Over 18 | Daughter |
| RAQUEL MOSQUEDA | Over 18 | Daughter |
| M. N. | Under 18 | Grandson |
| MARIA MOSQUEDA | Over 18 | Spouse |

39.     The individuals set forth as heirs constitute all of the surviving heirs of the Decedent.

40.     As a direct and proximate result of the conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-containing products caused Decedent to develop diseases from which condition Decedent died. Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of filing the complaint.

41.     At all times prior to his death, Decedent was a parent to Plaintiff children and grandchildren.

42.     As a direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss of care, society, comfort, attention, services, and support of Decedent all to the damage of Decedent's heirs.

43.     As a further direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount currently not ascertained.

WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as hereinafter set forth.

///

///

///

///

K:\Injured\114708\FED\PLD\cmp fed (wd-Met-DefHeir-Minor)#2.wpd

**14**

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

### FOURTH  CAUSE OF ACTION
(Products Liability - Wrongful Death)

PLAINTIFF ELVIRA TINOCO, AS SUCCESSOR-IN-INTEREST TO ALFREDO MOSQUEDA, DECEASED, AND PLAINTIFF(S) ELVIRO TINOCO, successor-in-interest to the estate of ALFREDO MOSQUEDA; and ELVIRA TINOCO, CATALINA MOSQUEDA, MARTIN MOSQUEDA, PATRICIA MOSQUEDA-GALANG, RAQUEL MOSQUEDA, and M. N., a minor, by and through his Guardian Ad Litem, RAQUEL MOSQUEDA, as Wrongful Death Heirs of ALFREDO MOSQUEDA, COMPLAIN OF DEFENDANTS CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION), GENERAL ELECTRIC COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL DYNAMICS CORPORATION, HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

44.     Plaintiffs incorporate herein by reference, as though fully set forth herein, each paragraph of the First, Second and Third Causes of Action herein.

45.     As a direct and proximate result of the conduct of defendants, and each of them, Decedent's heirs have sustained the injuries and damages previously alleged.

WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

### IV.

### DAMAGES AND PRAYER

WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and each of them in an amount to be proved at trial in each individual case, as follows:

(a)     For Plaintiffs' general damages according to proof;

(b)     For Plaintiffs' loss of income, wages and earning potential according to proof;

(c)     For Plaintiffs' medical and related expenses according to proof;

1       (d)    For Plaintiffs' cost of suit herein;

2       (e)    For exemplary or punitive damages according to proof;

3       (f)    For damages for fraud according to proof; and

4       (g)    For such other and further relief as the Court may deem just and proper, including

5  costs and prejudgment interest.

6  Dated: ___9|11|11___                 BRAYTON❖PURCELL LLP

7

8                                  By: _____

                                     David R. Donadio

9                                   Attorneys for Plaintiffs

10

11

12

13                              JURY DEMAND

14       Plaintiffs hereby demand trial by jury of all issues of this cause.

15  Dated: ___9|11|11___                 BRAYTON❖PURCELL LLP

16

17                                  By: _____

                                     David R. Donadio

18                                   Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

EXHIBIT A

<u>Decedent</u>:  ALFREDO MOSQUEDA, Deceased.

<u>Decedent's injuries</u>:  Decedent was diagnosed with mesothelioma on or about August 2010.

Decedent died on September 14, 2010.

<u>Retirement Status</u>:  Decedent retired from his last place of employment at regular retirement age. He had therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

<u>Defendants</u>:  Plaintiffs contend that the asbestos-containing products to which Decedent  was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendants and each of them.   Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below.  The exposure includes, <u>but is not limited,</u> to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Reliance Trailer Manufacturing Inc. 7911 So. Santa Rosa Ave. Cotati, CA 94928 | Reliance Trailer & Truck San Francisco, CA | Automotive Machinist | 10/16/1973 - 3/1974 |
| Employers through Boiler Makers Union Local 349 including but not limited to: | Various locations including but not limited to: | Boilermaker | 1975 - 1996 (on and off) |
| Bethlehem Steel Corp. 101 Park Ave. New York, NY 10178 | Bethlehem Shipyard San Francisco, CA | | 6/1975 - 10/1975; 4/1976 - 6/1976; 10/1976 - 1/1977 |
| West Winds Inc. 1999 Harrison St., Ste. 975 Oakland, CA 94612 | Unknown | | 12/1976 - 6/1977; 1984 |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Robert E. Blake Inc.<br>General Engineering &<br>Machine Works<br>222 Napoleon St.<br>San Francisco, CA 94124 | Robert E. Blake Inc.<br>General Engineering &<br>Machine Works<br>San Francisco, CA | | 12/1976 |
| Service Engineering Co. Inc.<br>1995 Bay Front St.<br>San Diego, CA 92113 | Service Engineering Co.<br>San Francisco, CA<br>Pier 38 | | 1984 - 1985 |
| Todd Shipyards Corp.<br>One Broadway<br>New York, NY 10033 | Todd Shipyard<br>San Francisco CA | | 1985; 1991 |
| Various employers through<br>Ship Scaler and Painters<br>Union Local 2<br>and ILWU Longshoreman<br>Union Local 10 | Various unknown locations | Longshoreman | 1975 - 1996<br>(on and off) |
| Western Rim Company<br>Pier 50 Warehouse Building C<br>San Francisco, CA | | | |
| Marine Terminals Corp.<br>Oakland, CA | | | |
| Forest Terminals Corp.<br>Seattle, WA | | | |
| Container Stevedoring<br>Oakland, CA | | | |
| United States Lines<br>San Francisco, CA | | | |
| Pacific Bulk Services<br>Oakland, CA | | | |
| Eagle Maritime<br>Seattle, WA | | | |
| Pacific Far East Lines<br>San Francisco, CA | | | |
| City of Benicia Dock<br>Benicia, CA | | | |
| Port of Richmond<br>Richmond, CA | | | |

///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Various employers through Ship Scaler and Painters Union Local 2 and ILWU Longshoreman Union Local 10 (cont'd.) | Various unknown locations | Longshoreman | 1975 - 1996 (on and off) |
| Oakland Container Terminal Co. Oakland , CA | | | |
| San Francisco Stevedore San Francisco, CA | | | |
| Western Stevedoring and Terminal Baltimore, MD | | | |
| Pasha Maritime Service, Inc. Corte  Madera, CA | | | |
| Matson Lines Oakland, CA | | | |
| American President Lines San Francisco, CA | | | |
| Reinholm Crane & Rigging Company Milpitas, CA | | | |
| Crescent Wharf and Warehouse Company Oakland, CA | | | |
| Martin Ship Service Co. of San Francisco 2051 3rd St. San Francisco, CA 94107 | | Scaler | 3/1975 - 6/1975; 1978-1979 |
| Willard Marine Decking Inc. Pier 62 San Francisco, CA 94107 | | Scaler | 6/1975 - 1/1976 |
| H & H Ship Service Co. One Nob Hill Cir. San Francisco, CA 94108 | | Scaler | 1975 - 1976; 1978 - 1979; 1985; 1987 - 1993 |
| Cross Link Inc. Westar Marine Services Pier 50 Shed C San Francisco, CA 94107 | | Scaler | 1986 - 1992 |

K:\Injured\114708\FED\PLD\cmp fed (wd-Met-DefHeir-Minor)#2.wpd

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Triple A Machine Shop Inc. Richmond, CA 94807 | Hunters Point Naval Shipyard San Francisco, CA Various ships, including: | Boilermaker | 4/1977 - 1/1984 |
| | ENTERPRISE (CVA-65) | | |
| | WABASH (AOR-5) | | |
| | WICHITA AOR-1) | | |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL