ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-04495-JCS

Allen et al v. Flowserve US Inc. et al
Assigned to: Magistrate Judge Joseph C. Spero
Case in other court: Alameda County Superior Court, RG
                11585633
Cause: 28:1442 Petition for Removal

Date Filed: 09/09/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Michael Allen**

represented by **Joseph Cyril Maher**
Weitz & Luxenberg PC
1880 Century Park East
Suite 700
Los Angeles, CA 90211
(310) 247-0921
Fax: (310) 786-9927
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benno Ashrafi**
Weitz & Lexenberg
1880 Century Park East
Suite 700
Los Angeles, CA 90211
(310) 247-0921
Fax: (310) 786-9927
*ATTORNEY TO BE NOTICED*

**Stephen Joseph Healy**
Weitz & Luxenberg PC
1880 Century Park East
Suite 700
Los Angeles, CA 90211
(310) 247-0921
Fax: (310) 786-9927
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carla Allen**

represented by **Joseph Cyril Maher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benno Ashrafi**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Joseph Healy**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Flowserve US Inc.**
*individually and as successor in interest
to Aldrich Pump Co. and Edward
Valves Inc.*

**Defendant**

**Ingersoll-Rand Company**
*individually and as successor in interest
to Aldrich Pump Co.*

**Defendant**

**Flowserve Corporation**
*individually and as successor in interest
to Aldrich Pump Co.*

**Defendant**

**Invensys Systems Inc**
*individually and as successor to
Edward Valves*

**Defendant**

**General Electric Company**

**Defendant**

**Foster Wheeler LLC**
*individually and as successor in interest
to Foster Wheeler Corporation and
Foster Wheeler Energy Corporation*

**Defendant**

**Foster Wheeler Energy Corporation**
*individually and as successor in interest
Foster Wheeler Corporation and Foster
Wheeler LLC*

**Defendant**

**Vlad Corporation**                    represented by  **Whitney A. Davis**
*individually and as successor in interest*          The Davis Law Firm
*to Griscom-Russell Company*                        Attorneys at Law

*formerly known as*
Dial Corporation

3620 Fair Oaks Boulevard
Suite 200
Sacramento, CA 95864
(916) 333-5363
Fax: (916) 333-5373
Email: wdavis@davistrialcounsel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Cameron International Corporation**
*individually and as successor in interest*
*The Cooper-Bessemer Corporation*
*formerly known as*
Cooper Cameron Corporation

### Defendant

**Gardner Denver Inc.**
*formerly known as*
Gardner Denver Machinery Inc

### Defendant

**Cooper US Inc**
*individually and as successor in interest*
*to Gardner Denver Inc.*
*formerly known as*
Cooper Industries LLC

### Defendant

**IMO Industries Inc.**
*individually and as successor in interest*
*to Delaval Steam Turbine Company*

### Defendant

**Delaval Turbine, Inc.**

### Defendant

**C.H. Wheeler Manufacturing
Company**

### Defendant

**Alfa Laval Inc.**
*individually and as successor in interest*
*to The Delaval Separator Company and*
*Sharples Corporation*

### Defendant

**Air & Liquid Systems Corporation**
*a subsidiary of Ampco-Pittsburgh*

*Corporation, individually and as
successor by merger to Buffalo Pumps
Inc., individually and as successor in
interest to Buffalo Forge Company*

**Defendant**

**Crane Co.**
*individually and as successor in interest
to Champman Valve Company*

**Defendant**

**Yarway Corporation**

**Defendant**

**CBS Corporation**
*successor by merger to CBS
Corporation*
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Patterson Pump Company**

**Defendant**

**Blackmer Pump Company**

**Defendant**

**Carrier Corporation**

**Defendant**

**Eaton Corporation**
*individually and as successor to
CUTLER-HAMMER, INC.*

**Defendant**

**Schneider Electric USA, Inc.**
*formerly known as*
Square D Company

**Defendant**

**SYD Carpenter, Marine Contractor,
Inc.**

**Defendant**

**Hill Brothers Chemical Company**

**Defendant**

**Metalclad Insulation Corporation**

**Defendant**

**Georgia-Pacific LLC**
*f/k/a Georgia-Pacific Corporation*
*individually and as successor in interest*
*to Bestwall Gypsum Company*
*formerly known as*
Georgia-Pacific Corporation

**Defendant**

**Certainteed Corporation**

**Defendant**

**Dowman Products, Inc.**

**Defendant**

**Kaiser Gypsum Company**

**Defendant**

**Calportland Company**
*formerly known as*
California Portland Cement Company

**Defendant**

**Soco-West, Inc.**
*successor in interest to WESTERN*
*CHEMICAL & MANUFACTURING*
*CO.*
*formerly known as*
Brenntag West, Inc.
*formerly known as*
Soco-Lynch Corporation

**Defendant**

**Kelly-Moore Paint Company, Inc.**
*(for joint compound)*

**Defendant**

**Honeywell International, Inc.**
*f/k/a and individually and as successor*
*in interest to ALLIED SIGNAL, INC.,*
*individually and as successor in interest*
*to BENDEX CORPORATION*

**Defendant**

**Pneumo Abex Corporation**
*individually and as successor in interest*
*to ABEX CORPORATION, as successor*
*in interest to AMERICAN BRAKEBLOK*
*CORPORATION and as successor in*

*interest to AMERICAN BRAKE SHOW
COMPANY*

**Defendant**

**Borg-Warner Corporation**
*by its successor in interest,
BORGWARNER MORSE TEC INC.*

**Defendant**

**CSR Ltd.**
*f/k/a COLONIAL SUGAR REFINING
COMPANY, INC.*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/2011 | 1 | NOTICE OF REMOVAL of Action; No Process from Alameda County Superior Court. Their case number is RG-11-525633. (Filing fee $350.00 receipt number 34611064499). Filed by Vlad Corporation. (Attachments: # 1 Civil Cover Sheet) (slh, COURT STAFF) (Filed on 9/9/2011) (Entered: 09/12/2011) |
| 09/09/2011 | 2 | NOTICE of Pendency of Other Action by Vlad Corporation (slh, COURT STAFF) (Filed on 9/9/2011) (Entered: 09/12/2011) |
| 09/09/2011 | 3 | NOTICE of Tag-Along Action by Vlad Corporation (slh, COURT STAFF) (Filed on 9/9/2011) (Entered: 09/12/2011) |
| 09/09/2011 | 4 | Certificate of Interested Entities by Vlad Corporation (slh, COURT STAFF) (Filed on 9/9/2011) (Entered: 09/12/2011) |
| 09/09/2011 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 12/30/2011. Case Management Conference set for 1/6/2012 01:30 PM in Courtroom G, 15th Floor, San Francisco. (gba, COURT STAFF) (Filed on 9/9/2011) (Entered: 09/12/2011) |
| 09/12/2011 | 6 | CERTIFICATE OF SERVICE by Vlad Corporation re 5 ADR Scheduling Order, 2 Notice (Other), 4 Certificate of Interested Entities, 3 Notice (Other), 1 Notice of Removal, (Davis, Whitney) (Filed on 9/12/2011) (Entered: 09/12/2011) |
| 09/13/2011 | 7 | CLERKS NOTICE re FILING OF CONSENT/DECLINATION FORMS, not later than 9/20/2011. (awb, COURT STAFF) (Filed on 9/13/2011) (Entered: 09/13/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/14/2011 16:21:25 | | |
| **PACER Login:** | sd0076 | **Client Code:** | 05045-148700 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-04495-JCS |

| Billable Pages: | 4 | Cost: | 0.32 |
|---|---|---|---|



ORIGINAL

1  Joseph C. Maher II, Esq. (CSBN 164117)
2  Benno Ashrafi, Esq. (CSBN 247623)
   Stephen J. Healy, Esq. (CSBN 133192)
3  WEITZ & LUXENBERG, P.C.
   1880 Century Park East, Suite 700
4  Los Angeles, California 90211
5  Tel.: (310) 247-0921
   Fax: (310) 786-9927
6  Attorneys for Plaintiffs

7

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF ALAMEDA

10

11  MICHAEL ALLEN, an individual; and       CASE NO. RG11585633
    CARLA ALLEN, an individual;
12                                           [COMPLEX ASBESTOS LITIGATION –
13          Plaintiffs,                      SUBJECT TO THE GENERAL ORDERS
                                             CONTAINED IN FILE NO: C 700 000]
14     v.
                                             PLAINTIFFS' COMPLAINT FOR
15  FLOWSERVE US, INC., individually and     DAMAGES
    as successor in interest to ALDRICH
16  PUMP CO., and EDWARD VALVES,
    INC.;                                    1.  NEGLIGENCE
17  INGERSOLL-RAND COMPANY,                  2.  BREACH OF EXPRESS AND
18  individually and as successor in interest to       IMPLIED WARRANTIES
    ALDRICH PUMP CO.;                        3.  STRICT LIABILITY
19  FLOWSERVE CORPORATION.,                  4.  LOSS OF CONSORTIUM
20  individually and as successor in interest to
    ALDRICH PUMP CO.;                        DEMAND FOR JURY TRIAL
21  INVENSYS SYSTEMS, INC.,
22  individually and as successor to EDWARD
    VALVES;
23  GENERAL ELECTRIC COMPANY;               FILE BY FAX
24  FOSTER WHEELER, LLC, a/k/a and
    individually and as successor in interest to
25  FOSTER WHEELER CORPORATION
    and FOSTER WHEELER ENERGY
26  CORPORATION;
27  FOSTER WHEELER ENERGY
28  CORPORATION, a/k/a and individually

                          - 1 -
                  PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90211

FILED
ALAMEDA COUNTY
JUL 15 2011
CLERK OF THE SUPERIOR COURT
By

1  and as successor in interest to FOSTER
   WHEELER CORPORATION and
2  FOSTER WHEELER, LLC;
3  **VIAD CORPORATION** f/k/a THE DIAL
   CORPORATION individually and as
4  successor in interest to GRISCOM-
   RUSSELL COMPANY;
5  **CAMERON INTERNATIONAL**
   **CORPORATION** f/k/a COOPER
6  CAMERON CORPORATION, f/k/a and
   individually and as successor in interest to
7  THE COOPER-BESSEMER
8  CORPORATION;
9  **GARDNER DENVER, INC.,** f/k/a
   GARDNER DENVER MACHINERY,
10 INC.;
11 **COOPER US, INC.,** f/k/a COOPER
   INDUSTRIES, LLC, as successor in
12 interest to GARDNER DENVER, INC.;
   **IMO INDUSTRIES, INC.,** individually
13 and as successor in interest to DELAVAL
   STEAM TURBINE COMPANY,
14 DELAVAL TURBINE, INC. and C.H.
   WHEELER MANUFACTURING
15 COMPANY;
16 **ALFA LAVAL, INC.,** individually and as
17 successor in interest to THE DELAVAL
   SEPARATOR COMPANY and
18 SHARPLES CORPORATION;
   **AIR & LIQUID SYSTEMS**
19 **CORPORATION**, a subsidiary of
   AMPCO-PITTSBURGH
20 CORPORATION, individually and as
21 successor by merger to BUFFALO
   PUMPS, INC., individually and as
22 successor in interest to BUFFALO FORGE
23 COMPANY;
   **CRANE CO.,** individually and as
24 successor in interest to CHAPMAN
25 VALVE COMPANY;
   **YARWAY CORPORATION;**
26 **CBS CORPORATION** f/k/a VIACOM,
27 INC., successor by merger to CBS
   CORPORATION f/k/a WESTINGHOUSE
28 ELECTRIC CORPORATION;

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 2 -

**PLAINTIFFS' COMPLAINT**

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  **PATTERSON PUMP COMPANY;**
   **BLACKMER PUMP COMPANY;**
2  **CARRIER CORPORATION;**
   **EATON CORPORATION**, individually
3  and as successor to CUTLER-HAMMER,
4  INC.;
   **SCHNEIDER ELECTRIC USA, INC.,**
5  f/k/a SQUARE D COMPANY;
   **SYD CARPENTER, MARINE**
6  **CONTRACTOR, INC.;**
7  **HILL BROTHERS CHEMICAL**
   **COMPANY;**
8  **METALCLAD INSULATION**
9  **CORPORATION;**
   **GEORGIA-PACIFIC LLC,** f/k/a
10 GEORGIA-PACIFIC CORPORATION
11 individually and as successor in interest to
   Bestwall Gypsum Company;
12 **CERTAINTEED CORPORATION;**
   **DOWMAN PRODUCTS, INC.;**
13 **KAISER GYPSUM COMPANY, INC.;**
14 **CALPORTLAND COMPANY,** f/k/a
   CALIFORNIA PORTLAND CEMENT
15 COMPANY;
   **SOCO-WEST, INC.** f/k/a BRENNTAG
16 WEST, INC. f/k/a SOCO-LYNCH
17 CORPORATION, successor in interest to
   WESTERN CHEMICAL &
18 MANUFACTURING CO.;
   **KELLY-MOORE PAINT COMPANY,**
19 **INC.** (for joint compound);
20 **HONEYWELL INTERNATIONAL,**
   **INC.,** f/k/a and individually and as
21 successor in interest to ALLIED SIGNAL,
22 INC., individually and as successor in
   interest to BENDIX CORPORATION;
23 **PNEUMO ABEX CORPORATION,**
24 individually and as successor in interest to
   ABEX CORPORATION, as successor in
25 interest to AMERICAN BRAKEBLOK
26 CORPORATION and as successor in
   interest to AMERICAN BRAKE SHOE
27 COMPANY;
   **BORG-WARNER CORPORATION,** by
28 its successor in interest, BORGWARNER

- 3 -

MORSE TEC INC.;
**CSR, LTD.,** f/k/a COLONIAL SUGAR
REFINING COMPANY, INC.;
and DOES 1 through 400, inclusive,

Defendants.

**COMES NOW,** Plaintiffs MICHAEL ALLEN and CARLA ALLEN for causes of action against defendants and DOES 1 through 400, and each of them, inclusive, who file this Complaint and allege as follows:

## GENERAL ALLEGATIONS

1.      The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious names.    Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE caused injuries and damages proximately thereby to plaintiffs as hereinafter alleged; and that each DOE defendant is liable to the plaintiffs for the acts and omissions alleged herein below, and the resulting injuries to plaintiffs, and damages sustained by the plaintiffs.    Plaintiffs will amend this complaint to allege the true names and capacities of said DOE defendants when that same is ascertained.

2.      Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the defendants and each of the DOE defendants were the agent, servant, employee and/or joint venturer of the other co-defendants and other DOE defendants, and each of them, and at all said times, each defendant and each DOE defendant was acting in the full course, scope and authority of said agency, service, employment and/or joint venture.

3.      Plaintiffs are informed and believe, and thereon allege, that all times mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive, were also known as, formerly known as and/or were the successors and/or predecessors in interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary (wholly or partially owned by, or the whole or partial owner), affiliate, partner, co-venturer, merged company, alter egos, agents, equitable trustees and/or fiduciaries of and/or were members in

- 4 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   an entity or entities engaged in the funding, researching, studying, manufacturing,

2   fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing,

3   buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing,

4   contracting for installation, contracting others to install, repairing, marketing, warranting,

5   rebranding, manufacturing for others, packaging and advertising a certain substance, the

6   generic name of which is asbestos, and/or other products, components and assemblies

7   containing said substance (hereafter "alternate entities").  Defendants and DOES 1 through

8   400, and each of them, inclusive, are liable for the acts, omissions and tortious conduct of its

9   successors and/or predecessors in interest/business/product line/or a portion thereof, assigns,

10  parent, subsidiary, affiliate, partner, co-venturer, merged company, alter ego, agent, equitable

11  trustee, fiduciary and/or its alternate entities in that defendants and DOES 1 through 400, and

12  each of them, inclusive, enjoy the goodwill originally attached to each such alternate entity,

13  acquired the assets or product line (or portion thereof), and in that there has been a virtual

14  destruction of plaintiffs' remedy against each such alternate entity, and that each such

15  defendant has the ability to assume the risk spreading role of each such alternate entity.

16      4.      Plaintiffs are informed and believe, and thereon allege, that at all times herein

17  mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and

18  are corporations organized and existing under the laws of the State of California or the laws

19  of some state or foreign jurisdiction; that each of the said defendants and DOE defendants

20  were and are authorized to do and are doing business in the State of California and regularly

21  conducted business in the County of Alameda.

22      5.      This lawsuit is brought strictly and solely upon California State law; and every

23  claim arising under the Constitution, treaties, or laws of the United States is expressly

24  disclaimed (including any claim arising from an act or omission on a federal enclave, or of

25  any officer of the U.S. or any agency or person acting under him occurring under color of

26  such office). No claim of admiralty or maritime law is raised.

27      6.      Plaintiff MICHAEL ALLEN was a worker and end user, including but not

28  limited to, a mechanic, laborer, renovator, electrician, and seaman who at various locations,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 5 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1 including within the State of California, and on ships, including but not limited to USS

2 Navajo, USS Markab, SS Elizabethport, SS Afoundria, SS San Pedro, SS Chigaco, SS Rose

3 City, used, handled or was otherwise exposed to asbestos, asbestos containing products

4 and/or products designed to be used in association with asbestos products of defendants and

5 DOES 1 through 400, and each of them, inclusive; including **FLOWSERVE US, INC.**,

6 individually and as successor in interest to ALDRICH PUMP CO., EDWARD VALVES,

7 INC. (for Aldrich pumps and Edward valves); **INGERSOLL-RAND COMPANY,**

8 individually and as successor in interest to ALDRICH PUMP CO. (for pumps, compressors

9 and Aldrich pumps); **FLOWSERVE CORPORATION.**, individually and as successor in

10 interest to ALDRICH PUMP CO. (for Aldrich Pumps); **INVENSYS SYSTEMS, INC.**,

11 individually and as successor to EDWARD VALVES (for Edward valves); **GENERAL**

12 **ELECTRIC COMPANY** (for engines, turbines and generators); **FOSTER WHEELER,**

13 **LLC**, a/k/a and individually and as successor in interest to FOSTER WHEELER

14 CORPORATION and FOSTER WHEELER ENERGY CORPORATION (for boilers,

15 generators, main condensers and economizers); **FOSTER WHEELER ENERGY**

16 **CORPORATION**, a/k/a and individually and as successor in interest to FOSTER

17 WHEELER CORPORATION and FOSTER WHEELER, LLC (for boilers, generators, main

18 condensers and economizers); **VIAD CORPORATION** f/k/a THE DIAL CORPORATION

19 individually and as successor in interest to GRISCOM-RUSSELL COMPANY (for Griscom

20 Russell distilling plants); **CAMERON INTERNATIONAL CORPORATION** f/k/a

21 COOPER CAMERON CORPORATION, f/k/a and individually and as successor in interest

22 to THE COOPER-BESSEMER CORPORATION (for Cooper-Bessemer diesel engines);

23 **GARDNER DENVER, INC.**, f/k/a GARDNER DENVER MACHINERY, INC. (for pumps

24 and compressors); **COOPER US, INC.**, f/k/a COOPER INDUSTRIES, LLC, as successor

25 in interest to GARDNER DENVER, INC. (for pumps and compressors); **IMO**

26 **INDUSTRIES, INC.**, individually and as successor in interest to DELAVAL STEAM

27 TURBINE COMPANY, DELAVAL TURBINE, INC. and C.H. WHEELER

28 MANUFACTURING COMPANY (for DeLaval turbines, pumps and C.H. Wheeler pumps

- 6 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  and air ejectors); **ALFA LAVAL, INC.**, individually and as successor in interest to THE

2  DELAVAL SEPARATOR COMPANY and SHARPLES CORPORATION (for DeLaval

3  purifiers and Sharples oil purifiers); **AIR & LIQUID SYSTEMS CORPORATION**, a

4  subsidiary of AMPCO-PITTSBURGH CORPORATION, individually and as successor by

5  merger to BUFFALO PUMPS, INC., individually and as successor in interest to BUFFALO

6  FORGE COMPANY (for Buffalo pumps); **CRANE CO.**, individually and as successor in

7  interest to CHAPMAN VALVE COMPANY (for valves and gaskets); **YARWAY**

8  **CORPORATION** (for valves and steam traps); **CBS CORPORATION** f/k/a VIACOM,

9  INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC

10  CORPORATION (for heaters, turbines, pumps, generators and forced draft blowers);

11  **PATTERSON PUMP COMPANY**(for pumps); **BLACKMER PUMP COMPANY** (for

12  pumps); **CARRIER CORPORATION** (for air compressors); **EATON CORPORATION**,

13  individually and as successor to CUTLER-HAMMER, INC. (for electrical materials, panels,

14  boxes, arc shutes and arc shields); **SCHNEIDER ELECTRIC USA, INC.**, f/k/a SQUARE

15  D COMPANY (for electrical materials, panels, boxes, arc shutes and arc shields); **SYD**

16  **CARPENTER, MARINE CONTRACTOR, INC.** (as an insulation and decking

17  contractor); **HILL BROTHERS CHEMICAL COMPANY** (as a supplier of asbestos fiber,

18  decking, flooring); **METALCLAD INSULATION CORPORATION** (as insulation

19  contractor and supplier of insulation); **GEORGIA-PACIFIC LLC**, f/k/a GEORGIA-

20  PACIFIC CORPORATION individually and as successor in interest to Bestwall Gypsum

21  Company (for joint compound); **CERTAINTEED CORPORATION** (for pipe and joint

22  compound); ~~DOWMAN PRODUCTS, INC.~~ (for joint compound); ~~KAISER GYPSUM~~

23  **COMPANY, INC.** (for joint compound); **CALPORTLAND COMPANY**, f/k/a

24  CALIFORNIA PORTLAND CEMENT COMPANY (for cement); **SOCO-WEST, INC.**

25  f/k/a BRENNTAG WEST, INC. f/k/a SOCO-LYNCH CORPORATION, successor in

26  interest to WESTERN CHEMICAL & MANUFACTURING CO. (as a supplier of asbestos-

27  containing fiber); **KELLY-MOORE PAINT COMPANY, INC.** (for joint compound);

28  **HONEYWELL INTERNATIONAL, INC.**, f/k/a and individually and as successor in

1    interest to ALLIED SIGNAL, INC., individually and as successor in interest to BENDIX

2    CORPORATION (for auto/truck friction products); **PNEUMO ABEX CORPORATION**,

3    individually and as successor in interest to ABEX CORPORATION, as successor in interest

4    to AMERICAN BRAKEBLOK CORPORATION and as successor in interest to

5    AMERICAN BRAKE SHOE COMPANY (for auto/truck friction products); **BORG-**

6    **WARNER CORPORATION**, by its successor in interest, BORGWARNER MORSE TEC

7    INC. (for auto/truck friction products); **CSR, LTD.**, f/k/a COLONIAL SUGAR REFINING

8    COMPANY, INC. (as a supplier of asbestos fiber) and DOES 1 through 400, inclusive.

9         7.    Plaintiffs are informed and believe, and thereon allege, that asbestos related

10   diseases such mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural

11   plaques are progressive lung diseases caused by cumulative inhalation of asbestos fibers

12   without perceptible trauma and that said diseases result from exposure to asbestos and

13   asbestos products over a period of time.

14        8.    As set forth herein this complaint, and as a result of plaintiff MICHAEL

15   ALLEN's asbestos exposure to the products of and/or on the premises of defendants and

16   DOES 1 through 400, and each of them, inclusive, plaintiff MICHAEL ALLEN was

17   diagnosed with lung cancer on or about October 16, 2010, which is life threatening,

18   debilitating and likely terminal, and plaintiff continues to endure great physical pain and

19   suffering, mental anguish, loss of enjoyment of life and the loss of earnings, earning capacity

20   and attendant medical expenses; and as a result, plaintiff CARLA ALLEN has suffered from

21   the loss of love, comfort, society, attention of, and the loss of services and support of,

22   ~~MICHAEL ALLEN; all to the plaintiffs' general and special damage in excess of the~~

23   jurisdictional limits of the unlimited Court.

24                            **FIRST CAUSE OF ACTION**

25                                   **NEGLIGENCE**

26             **(Against All Product Defendants and DOES 1 through 400)**

27        9.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth

28   at length herein, all of the allegations of paragraphs 1 through 8 above, inclusive.

10.     Plaintiff MICHAEL ALLEN was a worker and end user who used, handled or was otherwise exposed to asbestos, asbestos containing products and/or products designed to be used in association with asbestos products of defendants and DOES 1 through 400, and each of them, inclusive, in a manner that was reasonably foreseeable to said defendants.

11.     At all times herein mentioned, defendants and DOES 1 through 400, and each of them, inclusive, were engaged in the business of researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation, contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos, and/or other products, components and assemblies containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

12.     At all times herein mentioned, defendants and DOES 1 through 400, and each of them, inclusive, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised a certain substance, the generic name of which is asbestos, and/or other asbestos-containing products, components and assemblies containing said substance, and that said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, persons working around or living with persons working with or around such asbestos and asbestos-containing products, and others including plaintiff MICHAEL ALLEN, while being used in a manner that was intended by or otherwise reasonably foreseeable to said defendants, thereby rendering said substances

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 9 -

1   unsafe and dangerous for use by the consumers, users, bystanders or workers exposed

2   thereto.

3       13.    At all times herein mentioned, defendants and DOES 1 through 400, and each

4   of them, inclusive, had a duty to exercise reasonable care while engaging in the activities

5   mentioned above and said defendants breached said duty of reasonable care in that

6   defendants and DOES 1 through 400, and each of them, inclusive, failed to safely and

7   adequately design, manufacture and/or sell said defendants' products; failed to test said

8   products; failed to investigate the hazards of said products; failed to warn those persons who

9   would be exposed, including plaintiff MICHAEL ALLEN, of the health hazards of using

10   said defendants' products; failed to disclose the known or knowable dangers of using said

11   defendants' products; failed to obtain suitable alternative materials to asbestos when such

12   alternatives were available; and as otherwise stated herein.

13       14.    On or before 1927, and thereafter, defendants and DOES 1 through 400, and

14   each of them, inclusive, were aware and knew of the dangers associated with breathing

15   asbestos containing dust, and said defendants also were aware and knew that users of

16   asbestos and asbestos products, as well as members of the general public who would be

17   exposed to asbestos and asbestos-containing products, had no knowledge or information

18   indicating that asbestos could cause injury, and said defendants knew that the users of

19   asbestos and asbestos-containing products, as well as members of the general public who

20   were exposed to asbestos and asbestos-containing products, would assume, and in fact did

21   assume, that exposure to asbestos and asbestos-containing products was safe, when in fact

22   said exposure was extremely hazardous to human life; and propagated misinformation

23   intended to instill in users of said defendants' products a false security about the safety of

24   said defendants' products.

25       15.    The defendants and DOES 1 through 400, and each of them, inclusive, knew

26   and failed to disclose that plaintiff MICHAEL ALLEN and anyone similarly situated, upon

27   inhalation of asbestos would, in time, have a substantial risk of developing irreversible

28   conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer, and said defendants

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 10 -

1    knew and failed to disclose that inhalation of asbestos would cause pathological effects

2    without noticeable trauma to the public, including buyers, users, and physicians such that

3    physicians could not examine, diagnose and treat those who were exposed to asbestos,

4    including plaintiff.

5         16.    The defendants and DOES 1 through 400, and each of them, inclusive, despite

6    said defendants knowledge of the substantial risks associated with exposure to asbestos,

7    willfully and knowingly concealed and actively suppressed and promoted the suppression

8    from all consumers, including plaintiff MICHAEL ALLEN, medical and scientific

9    information concerning the health hazards associated with inhalation of asbestos, including

10   the substantial risk of injury or death therefrom in conscious disregard of the rights, safety

11   and welfare of users, consumers, workers, persons working around or living with persons

12   working with or around such asbestos and asbestos-containing products, and others including

13   plaintiff MICHAEL ALLEN.

14        17.    Rather than attempting to protect users and workers from, or warn workers and

15   users of, the high risk of injury or death resulting from exposure to asbestos and asbestos-

16   containing products, the defendants and DOES 1 through 400, and each of them, inclusive,

17   intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and

18   actively concealed and suppressed said knowledge from members of the general public that

19   asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the

20   knowledge of the falsity of said implied representations.   Said defendants propagated

21   misinformation to instill a false sense of security and safety to instill in users a false sense of

22   security about the safety of their products.

23        18.    In researching, testing, manufacturing, distributing, labeling, installing and

24   marketing said products, defendants and DOES 1 through 400, and each of them, inclusive,

25   did so with conscious disregard for the safety of the users of said products, in that said

26   defendants had specific prior knowledge that there was a high risk of injury or death

27   resulting from exposure to asbestos or asbestos-containing products, including but not

28   limited to mesothelioma.   Said knowledge was obtained, in part, from scientific studies,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 11 -

PLAINTIFFS' COMPLAINT

1  government data, and medical data to which defendants had access, as well as scientific

2  studies performed by, at the request of, or with the assistance of, said defendants, and which

3  knowledge was obtained by said defendants on or before 1927, and thereafter.

4      19.    The above referenced conduct of defendants and DOES 1 through 400, and

5  each of them, inclusive, was motivated by the financial interest of said defendants in the

6  continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing

7  products. In pursuance of said financial motivation, said defendants consciously disregarded

8  the safety of the users of, and persons exposed to, asbestos and asbestos-containing products,

9  and were in fact, consciously willing to permit asbestos and asbestos-containing products to

10  cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

11      20.    With said knowledge, defendants and DOES 1 through 400, and each of them,

12  inclusive, opted to manufacture, distribute and install said asbestos and asbestos-containing

13  products without attempting to protect users from or warn users of, the high risk of injury or

14  death resulting from exposure to asbestos and asbestos products.

15      21.    Plaintiffs were not aware that exposure to asbestos presented any risk of injury

16  and/or disease to MICHAEL ALLEN, and had not been advised or informed by anyone that

17  he could contract any disease, sickness or injury as a result of working in the vicinity of

18  asbestos.

19      22.    Defendants and DOES 1 through 400, and each of them, inclusive, were aware

20  that such dust created an increased risk of asbestos disease for all users, consumers, or others

21  who breathed said asbestos-containing dust.

22      23.    Plaintiffs are informed and believe, and based thereon allege, that the injuries

23  complained of herein were proximately caused by the negligence of the defendants and

24  DOES 1 through 400, and each of them, inclusive, in that said defendants knew or should

25  have known that the asbestos dust would be generated and released from their asbestos-

26  containing products during the regular and intended uses of such asbestos products, and that

27  said asbestos-containing products and the asbestos dust exposure there from created an

28  increased risk of asbestos disease for all users, consumers, or others, including plaintiff, who

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 12 -

breathed said asbestos-containing dust which said defendants knew or should have known was harmful to the body and health of persons installing, handling, and using asbestos and asbestos-containing products, as well as to persons in the immediate vicinity of such installation, use and handling, and that such asbestos products and dust were capable of causing and did, in fact, cause personal injuries to users, consumers and others, while being used in a manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by plaintiff.

24.   Plaintiffs are informed and believe, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of the defendants and DOES 1 through 400, and each of them, inclusive, in that said defendants failed to take reasonable care to warn the plaintiff of the danger and harm to which he was exposed while installing, handling and otherwise using said products, as well as while he was in the vicinity of the use, installation, and handling of said products, and failed to specify, recommend, supply, install, sell, and use readily available substitutes which do not and did not pose the danger to human health.

25.   The conduct of the defendants and DOES 1 through 400, and each of them, inclusive, as described in this cause of action was a substantial factor and a legal cause of the injuries and damages sustained by plaintiffs, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff MICHAEL ALLEN, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

26.   As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff MICHAEL ALLEN has suffered, and continues to suffer, permanent injuries to his person, body and health all to his general damage in a sum in excess of the jurisdictional limits of this unlimited Court.

27.   As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff MICHAEL ALLEN was and will

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 30067

1  be compelled to and did employ medical services in an amount which has not as yet been

2  fully ascertained and which will be asserted according to proof at trial.

3      28.   As a direct and proximate result of the aforesaid conduct of defendants and

4  DOES 1 through 400, and each of them, inclusive, plaintiffs have and/or will suffer loss of

5  income and earnings, past, present and future and earning capacity in an amount which has

6  not as yet been fully ascertained and which will be asserted according to proof at trial.

7      29.   As a direct and proximate result of the aforesaid conduct of defendants and

8  DOES 1 through 400, and each of them, inclusive, plaintiffs did necessarily incur and in the

9  future will incur incidental expenses and damages in an amount which has not as yet been

10  fully ascertained and which will be asserted according to proof at trial.

11      30.   In particular, plaintiff would show that, as alleged here in this cause of action

12  and throughout this complaint, that such intentional, grossly wanton acts and omissions by

13  defendants and DOES 1 through 400, and each of them, inclusive, were substantial factors in

14  causing his disease and injuries. As the above referenced conduct complained of in this

15  complaint of defendants and DOES 1 through 400, and each of them, inclusive, was and is

16  vile, base, willful, malicious, fraudulent, oppressive, outrageous, and defendants and DOES

17  1 through 400, and each of them, inclusive, demonstrated such an entire want of care as to

18  establish that their acts and omissions were the result of actual conscious indifference to the

19  rights, safety, and welfare of plaintiff MICHAEL ALLEN and of workers exposed to

20  asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of

21  punishing said defendants, seek punitive damages according to proof.

22                        **SECOND CAUSE OF ACTION**

23         **BREACH OF EXPRESS AND IMPLIED WARRANTIES**

24      **(Against All Product Defendants and DOES 1 through 400)**

25      31.   Plaintiffs re-allege and incorporate here by reference, as though fully set forth

26  at length herein, all of the allegations of paragraphs 1 through 30 above, inclusive.

27      32.   That in connection with the manufacture, preparation, sale, specification,

28  installation, use, and supply of asbestos products, defendants and DOES 1 through 400, and

- 14 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   each of them, inclusive, expressly and impliedly warranted that said products were of good

2   and merchantable quality and fit for their intended use. However, in truth and in fact, said

3   products contained harmful and deleterious asbestos fibers, known to the defendants herein,

4   to be defective and harmful to humans exposed thereto.

5       33.    Said products were not and are not suitable for the purposes for which said

6   products were intended, supplied, and relied upon, nor suitable for any other similar purpose,

7   including their use by human beings in confined spaces where humans would be physically

8   present, working, resting or breathing.

9       34.    Plaintiffs relied on the express and implied warranties of defendants and DOES

10   1 through 400, and each of them, inclusive, in the use of and exposure to said asbestos and

11   asbestos products, and plaintiff MICHAEL ALLEN was using and/or exposed to said

12   asbestos in a reasonably foreseeable intended manner.

13       35.    Defendants and DOES 1 through 400, and each of them, inclusive, breached

14   the above-described express and implied warranties in that said substance was defective,

15   which defects permitted and/or caused said substance to seriously and permanently cause

16   injury to plaintiff while using said substance in a manner that was reasonably foreseeable.

17       36.    The breaches of warranties by defendants and DOES 1 through 400, and each

18   of them, inclusive, as described in this cause of action was a substantial factor and a legal

19   cause of the injuries and damages sustained by plaintiffs.

20       37.    As a direct and proximate result of the above-described breaches of warranties

21   by defendants and DOES 1 through 400, and each of them, inclusive, plaintiff MICHAEL

22   ALLEN suffered severe and permanent injuries to his person, and plaintiffs suffered

23   damages as alleged above.

24       38.    In particular, plaintiff would show that, as alleged here in this cause of action

25   and throughout this complaint, that such intentional, grossly wanton acts and omissions by

26   defendants and DOES 1 through 400, and each of them, inclusive, were substantial factors in

27   causing his disease and injuries. As the above referenced conduct complained of in this

28   complaint of defendants and DOES 1 through 400, and each of them, inclusive, was and is

- 15 -

1  vile, base, willful, malicious, fraudulent, oppressive, outrageous, and defendants and DOES

2  1 through 400, and each of them, inclusive, demonstrated such an entire want of care as to

3  establish that their acts and omissions were the result of actual conscious indifference to the

4  rights, safety, and welfare of plaintiff MICHAEL ALLEN and of workers exposed to

5  asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of

6  punishing said defendants, seek punitive damages according to proof.

### THIRD CAUSE OF ACTION

### STRICT LIABILITY IN TORT

**(Against All Product Defendants and DOES 1 through 400)**

10      39.     Plaintiffs re-allege and incorporate here by reference, as though fully set forth

11  at length herein, all of the allegations of paragraphs 1 through 38 above, inclusive.

12      40.     At all times mentioned herein, the defendants and DOES 1 through 400, and

13  each of them, inclusive, manufactured, fabricated, designed, developed, labeled, assembled,

14  distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired,

15  installed, demolished, contracted for installation, contracted others to install, repaired,

16  marketed, warranted, rebranded, manufactured for others, packaged and advertised a certain

17  substance, the generic name of which is asbestos, and/or other products, components and

18  assemblies containing said substance which were defective in that they were not as safe as an

19  ordinary consumer of such products would expect; and that the gravity of the potential harm

20  resulting from the use of the defective products of the defendants and DOES 1 through 400,

21  and each of them, inclusive, and the risk of said asbestos and asbestos-containing products

22  outweighed any benefit of the said defendants' design, when safer alternative designs and

23  materials existed and were available that could and should have been substituted and used

24  instead of the deadly asbestos, including providing adequate warning of such potential harm.

25      41.     At all times mentioned herein, defendants and DOES 1 through 400, and each

26  of them, inclusive, were aware of the dangerous and defective nature of asbestos and

27  asbestos-containing products when they were used in their intended or reasonably

28  foreseeable manner.

- 16 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

42.   The defendants and DOES 1 through 400, and each of them, inclusive, placed said asbestos products on the market, knowing the asbestos-containing products would be used without inspection for such defects and unsafe conditions, and that said defendants nonetheless took no action to warn or otherwise protect exposed persons, including plaintiff, who foreseeable would be exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

43.   The asbestos and asbestos-containing products, components and assemblies of the defendants and DOES 1 through 400, and each of them, inclusive, were substantially the same as when they left said defendants' possession.

44.   The aforementioned asbestos and asbestos-containing products of the defendants and DOES 1 through 400, and each of them, inclusive, were used by plaintiff and exposed persons in the manner for which they were intended or in a manner that was or would be reasonably foreseeable; and that plaintiff MICHAEL ALLEN was exposed to said asbestos and asbestos-containing products in a manner foreseeable to said defendants.

45.   The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were unknown and unforeseeable to plaintiff MICHAEL ALLEN, and plaintiffs had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

46.   The failure to warn by and the product defect in the asbestos and asbestos-containing products of defendants and DOES 1 through 400, and each of them, inclusive, were a substantial factor and a legal cause of plaintiff MICHAEL ALLEN's injuries and damages thereby sustained by plaintiffs, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff MICHAEL ALLEN, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

- 17 -

47.    As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff MICHAEL ALLEN suffered severe and permanent injuries to his person, and plaintiffs suffered damages as alleged above.

48.    In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by defendants and DOES 1 through 400, and each of them, inclusive, were substantial factors in causing his disease and injuries.  As the above referenced conduct complained of in this complaint of defendants and DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and defendants and DOES 1 through 400, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff MICHAEL ALLEN and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

## FOURTH CAUSE OF ACTION

### LOSS OF CONSORTIUM

### (Against All Defendants and DOES 1 through 400)

49.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 48 above, inclusive.

50.    Plaintiff CARLA ALLEN was at all relevant times the lawfully wedded spouse of plaintiff MICHAEL ALLEN.

51.    Plaintiff MICHAEL ALLEN sustained injuries caused by inhalation of asbestos fibers as alleged herein above.  Prior to the aforesaid injuries, plaintiff MICHAEL ALLEN was able to and did perform duties as a spouse.

52.    Subsequent to the injuries, and as a proximate result thereof, plaintiff MICHAEL ALLEN was unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 18 -

1 and therefore has sustained special damages in an amount which has not as yet been fully

2 ascertained and which will be asserted according to proof at trial.

3      53.    Subsequent to the injuries, and as a proximate result thereof, plaintiff CARLA

4 ALLEN suffered loss of consortium, including, but not by way of limitation, loss of services,

5 marital relations, society, comfort, companionship, love and affection of her said spouse, and

6 has suffered severe mental and emotional distress and general nervousness as a result

7 thereof.

8      54.    As the above referenced conduct complained of in this complaint of defendants

9 and DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful,

10 malicious, fraudulent, oppressive, outrageous, and that said defendants, and each of them,

11 demonstrated such an entire want of care as to establish that their acts and omissions were

12 the result of actual conscious indifference to the rights, safety, and welfare of plaintiff

13 CARLA ALLEN, such that plaintiff, for the sake of example, and by way of punishing said

14 defendants, seeks punitive damages according to proof.

15      **WHEREFORE**, plaintiffs pray judgment against defendants, and DOES 1 through

16 400, and each of them, inclusive, as follows:

17     1. For general damages according to proof;

18     2. For special damages according to proof;

19     3. For medical and related expenses according to proof;

20     4. For loss of income, earning capacity, earning potential according to proof;

21     5. For exemplary or punitive damages according to proof;

22     6. For costs of suit herein;

23     7. For prejudgment interest on all damages as allowed by laws; and

24 //

25

26 //

27

28 //

PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1    8.  For such other and further relief as the Court deems just and proper.

2   DATED: July 14, 2011.                 WEITZ & LUXENBERG, P.C.

3

4                                         BY: _____

5                                         JOSEPH C. MAHER II
                                          BENNO ASHRAFI
6                                         Attorneys for Plaintiff

7

8                          **DEMAND FOR JURY TRIAL**

9       Plaintiffs demand a jury trial on all issues.

10  DATED: July 14, 2011.                 WEITZ & LUXENBERG, P.C.

11

12                                        BY: _____

13                                        JOSEPH C. MAHER II
                                          BENNO ASHRAFI
14                                        Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 20 -

PLAINTIFFS' COMPLAINT

# McKenna Long
## & Aldridge LLP
### Attorneys at Law

New York
Philadelphia
San Diego
San Francisco
Washington, DC

Albany
Atlanta
Brussels
Denver
Los Angeles

303 Peachtree Street, NE • Suite 5300 • Atlanta, GA 30308
Tel: 404.527.4000 • Fax: 404.527.4198
www.mckennalong.com

## FACSIMILE TRANSMITTAL

Date:     September 14, 2011

| To:  Name/Company | Fax No. | Phone No. |
|---|---|---|
| ALL COUNSEL | **SEE ATTACHED SERVICE LIST** | **SEE ATTACHED SERVICE LIST** |

From:       Laurence Todd
Phone:      (213) 243-6084
Re:         Pell v. Allied Roofing, et al.

**Number of Pages (including cover):**

**COMMENTS**

**Confidentiality Notice:**
The information contained in this facsimile is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Post Office. Thank you.

Client/Matter No.:      26121.6265

User No.:      5607

**If transmission is unclear or incomplete, please call sender at the above phone number.**

# McKenna Long
# & Aldridge LLP
### Attorneys at Law

Albany
Atlanta
Brussels
Denver
Los Angeles

New York
Philadelphia
San Diego
San Francisco
Washington, D.C.

300 South Grand Avenue • 14th Floor • Los Angeles, CA 90071-3124
Tel: 213.688.1000 • Fax: 213.243.6330
www.mckennalong.com

EMAIL ADDRESS
ltoddy@mckennalong.com

LAURENCE TODD
(213) 243-6043

September 14, 2011

**BY FACSIMILE**

ALL COUNSEL

      *Re:*   *Virginia Pell, et al. v. Allied Roofing, et al.*
             *LASC Case No. BC 447144*

Dear Counsel:

    Please be advised that an "All Counsel" meet and confer regarding Motions is Limines is scheduled (telephonically) for **Tuesday, September 20th at 3:00 p.m.** The call in data is provided below.

         **Call In No.:**  **1.913.643.0354**
         **Pass Code:**    **166616**

    A draft list of Defendant's MILs is attached hereto. It is requested that Plaintiff's counsel provide a list of it's MILs on Monday, September 19th, before 5:00 p.m.

Very truly yours,

Laurence Todd
Paralegal

LT/lt

LA:17877872.1

1    WILLIAM J. SAYERS (SBN 078038)
     FARAH S. NICOL (SBN 162293)
2    MARY T. MCKELVEY (SBN 221668)
     MCKENNA LONG & ALDRIDGE LLP
3    300 South Grand Avenue, 14th Floor
     Los Angeles, CA 90071-3124
4    Telephone:   (213) 688-1000
     Facsimile:   (213) 243-6330
5
     Attorneys for Defendants
6    **CERTAINTEED CORPORATION and**
     **UNION CARBIDE CORPORATION**
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10

11   VIRGINIA PELL, individually and as          CASE NO. BC 447144
     successor in interest to RONNIE PELL,
12   SR., deceased, and as representative of the
     Estate of RONNIE PELL, SR.; SHEILA         DEPT:        78
13   TORRES and RONNIE PELL, JR., as legal      JUDGE:       Hon. William F. Fahey
     heirs of RONNIE PELL, SR., Deceased,
14                                              **JOINT DEFENSE LIST OF MOTIONS IN**
                          Plaintiffs,           **LIMINE**
15
                  v.                            Complaint Filed:   October 8, 2010
16                                              Trial Date:        November 7, 2011
     ALLIED ROOFING aka JOHN RAY
17   ROOFING aka JOHN RAY CO INC., *et
     al.*,
18
                          Defendants.
19

20

21

22

23

24

25

26

27

28

| MIL No. | MIL Title | Party Filing | Opp | Stip | Defer | Ruling |
|---|---|---|---|---|---|---|
| 1. | MIL Requiring Prospective Jurors to Complete Attached Juror Questionnaire | UCC | | | | |
| 2. | MIL regarding 48 Hour pre-disclosure of witnesses and documents | UCC | | | | |
| 3. | MIL to Preclude mention, reference or evidence concerning asbestosis or lung cancer | CTD | | | | |
| 4. | MIL to Exclude Expert Opinion testimony regarding the term "substantial factor" | UCC/CTD | | | | |
| 5. | MIL to Exclude all references at trial to industrial/chemical accidents | UCC | | | | |
| 6. | MIL to Exclude all reference to Mellon Studies | UCC | | | | |
| 7. | MIL to Exclude speculative evidence regarding fiber supply to tape joint compound manufacturers | UCC | | | | |
| 8. | MIL to Preclude certain evidence regarding alleged health conditions of any Union Carbide King City Asbestos Workers | UCC | | | | |
| 9. | MIL to Preclude evidence regarding Union Carbide Corporation's structure or relationship to TDCC | UCC | | | | |
| 10 | MIL to Preclude evidence of working conditions at Union Carbide facilities | UCC | | | | |

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

DEFENDANTS' JOINT LIST OF MOTIONS IN LIMINE

LA:17875858.1

| MIL No. | MIL Title | Party Filing | Opp | Stip | Defer | Ruling |
|---|---|---|---|---|---|---|
| 11 | MIL to Exclude all evidence not produced or specified in accordance with General Order No. 29, and to Preclude witnesses identified in plaintiffs' case report, that have not been identified in good faith | CTD | | | | |
| 12 | MIL for an Order Bifurcating Punitive Damages Claim Pursuant to Civil Code Section 3295(d): | CTD | | | | |
| 13 | MIL Excluding Testimony, Tests and Videotaped Simulations of Dr. William Longo | CTD | | | | |
| 14 | MIL To Exclude Use of 2002 MAS Study on Cert Pipe (Valdez) | CTD | | | | |
| 15 | MIL To Exclude all hearsay evidence regarding product identification | CTD | | | | |
| 16 | MIL To Disclose Prior Settlements | CTD | | | | |
| 17 | MIL Regarding Govt. Commentary | CTD | | | | |
| 18 | MIL To Exclude Post-Exposure Conduct | CTD | | | | |
| 19 | MIL to Preclude Various Experts: - Exclude Templin; - Exclude Frank; - Exclude Castleman | CTD | | | | |
| 20 | MIL to Exclude Evidence of Government Lobbying and Petitioning Activities | CTD | | | | |
| 21 | MIL To Preclude Plaintiffs' Experts From Testifying That "Every Exposure" to Asbestos Contributed to Plaintiffs' Disease | CTD | | | | |
| 22 | MIL to Exclude Reference to Entities Acquired Not at Issue in This Litigation | B.R. Funsten | | | | |

DEFENDANTS' JOINT LIST OF MOTIONS IN LIMINE

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES                LA:17875858.1

| MIL No. | | MIL Title | Party Filing | Opp | Stip | Defer | Ruling |
|---|---|---|---|---|---|---|---|
| | 23 | MIL to Exclude Reference to other past, pending, or threatened lawsuits or claims. | B.R. Funsten | | | | |
| | 24 | MIL to Exclude Medical Bills other Than Amounts Paid (Nishihama/Howell) | Pep Boys | | | | |
| | 25 | MIL to Exclude Findings of Consumer Product Safety Commission Re Regulation Banning Asbestos - Containing Joint Compound | Kaiser Gypsum | | | | |
| | 26 | MIL to Exclude Evidence of Proposed EPA Ban on Asbestos Products that Never Went into Effect | Kaiser Gypsum | | | | |
| | 27 | MIL to Exclude all References to Foreign Bans on Importation of Chrysotile Asbestos | Kaiser Gypsum | | | | |
| | 28 | MIL to Exclude Deposition Testimony of John Crum and Brentwood Crosby | Kaiser Gypsum | | | | |
| | 29 | MIL to Exclude Reference to Absence of Corporate Representative at Trial | Kaiser Gypsum | | | | |
| | 30 | MIL to Preclude Application of consumer expectations test as appropriate standard for evaluating a design defect | Chevron | | | | |
| | 31 | MIL to Preclude counsel for questioning or mentioning to prospective jurors any specific dollar amount, or prior asbestos verdict, as potential damages | Chevron | | | | |
| | 32 | MIL to Exclude Plaintiffs' scientific causation evidence to the extent it does not demonstrate a relative risk greater than 2.0 | Chevron | | | | |
| | 33 | MIL to Exclude case reports, compilations of case reports, and expert testimony based upon case reports | Chevron | | | | |
| | 34 | MIL to Preclude speculative testimony of Virginia Pell that decedent worked with unidentified Chevron roofing products | Chevron | | | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17875858.1

- 4 -

DEFENDANTS' JOINT LIST OF MOTIONS IN LIMINE

| MIL No. | MIL Title | Party Filing | Opp | Stip | Defer | Ruling |
|---|---|---|---|---|---|---|
| 35 | MIL To Exclude Non-Party, Lay Witnesses From The Courtroom | John Ray Co. | | | | |
| 36 | MIL To Preclude Reference To, Or Opinion Concerning, Asbestos Content Of A Product By A Lay Witness | John Ray Co. | | | | |
| 37 | MIL To Preclude Testimony Or Evidence That A Single Fiber Of Asbestos Can Cause Or Increase The Risk Of Asbestos-Related Disease | John Ray Co. | | | | |
| 38 | MIL To Exclude Demonstrations Prior To Court Examination | John Ray Co. | | | | |
| 39 | MIL To Exclude Use Of Depositions Taken In Other Actions | John Ray Co. | | | | |
| 40 | MIL To Exclude Evidence Of Other "Asbestos Lawsuits" | John Ray Co. | | | | |
| 41 | MIL To Compel Plaintiffs To Produce Evidence Of Prior And/Or Future Bankruptcy Trust Claims | John Ray Co. | | | | |
| 42 | MIL to Preclude speculative testimony of any witness that decedent worked with or around roofing products supplied by John Ray Co. Inc. | John Ray Co. | | | | |
| 43 | MIL For 402 Hearing To Preclude Evidence Of Plaintiffs' Expert Causation Testimony Re Friction Products And Asbestos-Related Disease | Ford | | | | |
| 44 | MIL To Exclude Knowledge Of Trade Associations Or Groups To Which Defendants Were Not Members | Ford | | | | |
| 45 | MIL To Exclude All Witnesses, Evidence And Claims Not Previously Disclosed By Plaintiffs In Discovery Or Case Report | Ford | | | | |

DEFENDANTS' JOINT LIST OF MOTIONS IN LIMINE

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17875858.1

| MIL No. | MIL Title | Party Filing | Opp | Stip | Defer | Ruling |
|---|---|---|---|---|---|---|
| 46 | MIL To Exclude Admission Or Any Reference To Unfounded 1986 Environmental Protection Agency Guidance And Recent Amendments Thereto | Ford | | | | |
| 47 | MIL To Exclude Evidence Of A Michigan Supreme Court Amicus Brief Subsequently Published As An Article By Laura S. Welch, Et Al. And Related Testimony, Opinion, And Argument. | Ford | | | | |
| 48 | MIL To Preclude Reference To Non-Original Equipment Friction Exposure By Vehicle Maker Or Vehicle Model | Ford | | | | |
| 49 | Ford's Notice Of Opting Out Of Joint Defense Motion To Bifurcate Punitive Damages Or Any Stipulation Between Plaintiffs And Non-Ford Defendants Re Same | Ford | | | | |
| 50 | MIL To Exclude Letter Dated November 2, 1970 And Related Testimony, Opinion, And Argument | Ford | | | | |
| 51 | MIL To Exclude Letter Dated September 5, 1984 And Related Testimony, Opinion, And Argument | Ford | | | | |
| 52 | MIL To Exclude Product Identification Based On Packaging. | Ford | | | | |
| 53 | MIL To Exclude Documents Postdating Plaintiff's Last Alleged Exposure To Asbestos Containing Products Manufactured By Defendants | Ford | | | | |

McKenna Long &
Aldridge LLP
ATTORNEYS AT LAW
Los Angeles

DEFENDANTS' JOINT LIST OF MOTIONS IN LIMINE

LA:17875858.1

| MIL No. | MIL Title | Party Filing | Opp | Stip | Defer | Ruling |
|---|---|---|---|---|---|---|
| 54 | MIL To Preclude Evidence And Arguments Relating To Any Claim Of Post Sale Duty To Warn | Ford | | | | |
| 55 | MIL To Preclude The Introduction Of Evidence Of Bankruptcy | Ford | | | | |
| 56 | MIL To Exclude Statements By Non-Medical Witnesses Concerning Plaintiff's Medical Condition | Ford | | | | |
| 57 | MIL To Exclude Evidence Of Defendants' Financial Condition And Arguments In Connection With Plaintiff's Punitive Damage Claim | Ford | | | | |
| 58 | MIL To Exclude Expert Testimony On "Usual And Customary Charges" | AutoZone, Inc./ AutoZone West, Inc. | | | | |
| 59 | MIL Re Admissibility Of Judicial Admissions In Plaintiffs' Complaint | AutoZone, Inc./ AutoZone West, Inc. | | | | |
| 60 | MIL To Exclude The "E.A. Martin Letter" And To Prevent Argument or Reference to the E.A. Martin Letter | AutoZone, Inc./ AutoZone West, Inc. | | | | |
| 61 | MIL To Preclude Deposition Testimony of Jim Welch and Bud Welch Taken In *Harris v. Amchem* (LASC Case No. BC381567) | Tamko | | | | |
| 62 | MIL To Preclude Reference To TAMKO as a manufacturer, distributor, or seller of asbestos containing roofing materials without first laying proper foundation | Tamko | | | | |
| 63 | MIL To Preclude Speculative and Hearsay Testimony of Witnesses Identified in Plaintiffs' Case Report and Discovery Responses | Tamko | | | | |

DEFENDANTS' JOINT LIST OF MOTIONS IN LIMINE

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17875858.1

| MIL No. | MIL Title | Party Filing | Opp | Stip | Defer | Ruling |
|---|---|---|---|---|---|---|
| 64 | MIL To Preclude Plaintiffs from arguing to the jury that their damages have not or cannot be fully compensated by third-party bankruptcy trusts | Tamko | | | | |
| 65 | MIL To Preclude Plaintiffs from arguing that TAMKO is part of the chain of distribution for any product labeled with the name "Tamco", "Tam-co", and "Tam-ko" without first laying proper foundation | Tamko | | | | |
| 66 | MIL to exclude records of the Friction Materials Standards Institute | Abex | | | | |
| 67 | MIL to exclude argument and evidence relating to the Saranac experiments | Abex | | | | |
| 68 | MIL to exclude reference to defendants as "the asbestos industry," "the brake industry," "the automaker defendants," or any other collective term | Abex | | | | |
| 69 | MIL to Preclude Evidence of Dust Levels Based Upon Visual Observation | Pacific | | | | |
| 70 | MIL to Offer of Proof re Product Identification | Pacific | | | | |
| 71 | MIL to Exclude any Co-worker Testimony Offered by Plaintiff of Individuals Who Were not Present at a Work Site at the same Time Plaintiff Was Present | Pacific | | | | |
| 72 | MIL to Prohibit Plaintiff from Introducing Physical or Demonstrative Evidence Prior to a Ruling by the Court | Pacific | | | | |
| 73 | MIL to Concerning the Applicability of Proposition 51 | Pacific | | | | |
| 74 | MIL to Bifurcate Issues at Trial | Pacific | | | | |
| 75 | MIL to Exclude Evidence of Insurance Coverage of Defendants | Pacific | | | | |

DEFENDANTS' JOINT LIST OF MOTIONS IN LIMINE

McKENNA LONG & ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17875858.1

| MIL No. | MIL Title | Party Filing | Opp | Stip | Defer | Ruling |
|---|---|---|---|---|---|---|
| 76 | MIL to Exclude Evidence Relating to Punitive Damages | Pacific | | | | |
| 77 | MIL to Exclude Plaintiff's Introduction of Demonstrative Evidence Purportedly Reflecting Asbestos Concentrations or Physical Characteristics | Pacific | | | | |
| 78 | MIL to Permit Defendant to Introduce Evidence of Employer Conduct, Union Conduct, and Superseding Cause | Pacific | | | | |
| 79 | MIL to Permit Evidence Concerning Absent Defendants on Causation Issues | Pacific | | | | |

Dated:  September _____, 2011

Respectfully submitted,

MCKENNA LONG & ALDRIDGE LLP


By: _____
     William J. Sayers
     Farah S. Nicol
     Mary T. McKelvey

     Attorneys for Defendants
     **CERTAINTEED CORPORATION and
     UNION CARBIDE CORPORATION**

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17875858.1

DEFENDANTS' JOINT LIST OF MOTIONS IN LIMINE

# SERVICE LIST

*Virginia Pell, et al. v Allied Roofing, et al. (BC 447144)*

**COUNSEL**

| | |
|---|---|
| Rett D. B. Bergmark, Esq.<br>Karen J. Chedister, Esq.<br>FARRISE LAW FIRM, P.C.<br>225 S. Olive Street, Suite 102<br>Los Angeles, CA 90012 | *Attorneys for Plaintiffs*<br><br>T:   (800) 748-6186<br>T:   (310) 424-3355<br>F:   (510) 588-4536 |
| Karen J. Chedister, Esq.<br>THE FARRISE LAW FIRM, P.C.<br>355 South Grand Avenue, 24th Floor<br>Los Angeles, CA 90071 | *Attorneys for Plaintiff*<br><br>T:   (800) 748-6186<br>T:   (310) 424-3355<br>F:   (510) 588-4536 |
| Christopher M. Harnett, Esq.<br>Jeanne C. Shih, Esq.<br>ARCHER NORRIS<br>2033 North Main Street, Suite 800<br>Walnut Creek, CA 94596-3728 | *Attorneys for Defendant*<br>*Autozone, Inc.;*<br>*Autozone West, Inc.*<br><br>T:   (925) 930-6600<br>F:   (925) 930-6620 |
| Steven M. Mitchel, Esq.<br>Christopher C. Lewi, Esq.<br>BOOTH, MITCHEL & STRANGE LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles, CA 90017 | *Attorneys for Defendant*<br>*Borg-Warner Corporation (by its*<br>*successor-in-interest BorgWarner*<br>*Morse TEC, Inc.)*<br><br>T:   (213) 738-0100<br>F:   (213) 380-3308 |
| Sonja E. Blomquist, Esq.<br>LOW, BALL & LYNCH<br>505 Montgomery Street, 7th Floor<br>San Francisco, CA 94111-2584 | *Attorneys for Defendant*<br>*Allied Roofing (aka John Ray*<br>*Roofing, aka John Ray Co., Inc.)*<br><br>T:   (415) 981-6630<br>F:   (415) 399-1506 |
| Jennifer Judin, Esq.<br>Joanna L. MacQueen, Esq.<br>Salin Ebrahamian, Esq.<br>DeHAY & ELLISTON, LLP<br>800 West Sixth Street, Suite 788<br>Los Angeles, CA 90017 | *Attorneys for Defendant*<br>*Pneumo Abex LLC (erroneously sued*<br>*as Pneumo Abex Corporation)*<br><br>T:   (213) 271-2727<br>F:   (213) 271-2730 |
| Brien F. McMahon, Esq.<br>Richard S. Chon, Esq.<br>PERKINS COIE LLP<br>4 Embarcadero Center, Suite 2400<br>San Francisco, CA 94111 | *Attorneys for Defendant*<br>*Mill Outlets (dba Joe Lents Abbey*<br>*Carpets)*<br><br>T:   (415) 344-7000<br>F:   (415) 344-7288 |

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

26121.6265

LA:17825526.1

*SERVICE LIST (cont'd)*
*Virginia Pell, et al. v Allied Roofing, et al. (BC 447144)*

COUNSEL

Frank D. Pond, Esq.
Russell W. Schatz, Esq.
Timothy C. Pieper, Esq.
POND•NORTH LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071

*Attorneys for Defendant*
*Genuine Parts Company;*
*National Automotive Parts*
*Association*

T: (213) 617-6170
F: (213) 623-3594

Michael L. Fox, Esq.
Robert Kum, Esq.
Alison Beanum, Esq.
Sean Patterson, Esq.
SEDGWICK LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

*Attorneys for Defendant*
*Chevron U.S.A., Inc. (erroneously*
*served as Chevron Corporation)*

T: (415) 781-7900
F: (415) 781-2635

Brad D. Bleichner, Esq.
Karen B. Goldberg, Esq.
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, 6th Floor
Los Angeles, CA 90025-6538

*Attorneys for Defendant*
*The Pep Boys Manny Moe & Jack of*
*California*

T: (310) 445-0800
F: (310) 473-2525

David R. Vogl, Esq.
VOGL & MEREDITH
456 Montgomery Street, 20th Floor
San Francisco, CA 94104

*Attorneys for Defendant*
*Pacific Coast Building Products, Inc.*
*(erroneously served as Pacific Coast*
*Building Products)*

T: (415) 398-0200
F: (415) 398-2820

Michael T. McCall, Esq.
Jessica S. Kim, Esq.
WALSWORTH, FRANKLIN, BEVINS & McCALL
One City Boulevard West, 5th Floor
Orange, CA 92868-3677

*Attorneys for Defendant*
*B.R. Funsten & Co.*

T: (714) 634-2522
F: (714) 634-0686

Michael T. McCall, Esq.
Elsa Sham, Esq.
WALSWORTH, FRANKLIN, BEVINS & McCALL
One City Boulevard West, 5th Floor
Orange, CA 92868-3677

*Attorneys for Defendant*
*Dowman Products, Inc.*

T: (714) 634-2522
F: (714) 634-0686

Seymour B. Everett, Esq.
Matthew P. Dickson, Esq.
WOOD SMITH HENNING & BERMAN LLP
5000 Birch Street, Suite 8500
Newport Beach, CA 92660

*Attorneys for Defendant*
*Tamko Building Products, Inc.*

T: (949) 757-4510
F: (949) 757-4550

- 2 -

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17825526.1

1    **SERVICE LIST** (cont'd)
*Virginia Pell, et al. v Allied Roofing, et al. (BC 447144)*

2

3    COUNSEL

4    Steven D. Smelser, Esq.      *Attorneys for Defendant*
     Edward Martinovich, Esq.      *Ford Motor Company*

5    YUKEVICH CALFO & CAVANAUGH     *T:* (213) 362-7777
     355 South Grand Avenue      *F:* (213) 362-7788

6    15th Floor
     Los Angeles, CA 90071-1560

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17825526.1