BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI))
**(In Re: Conditional Transfer Order (CTO-440)**

CASE ORIGINATES FROM
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDDIE JOSEPH DUPRE                         CIVIL ACTION

VERSUS

TODD SHIPYARDS
CORPORATION, ET AL                           NO.: LAE 2:11-cv-02097

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

NOW INTO COURT, through undersigned counsel, come plaintiffs, Rose Mae Naquin Dupre, Ronald Joseph Dupre, Marvin Andrew Dupre, and Brian Anthony Dupre, who file this Motion to Vacate Conditional Transfer Order (CTO-440) on the basis that the Conditional Transfer Order is invalid as there is no federal jurisdiction for its rendering, for the reasons set forth in the memorandum attached hereto, as well as for the reasons set forth below:

(1) This action was originally filed in the Civil District Court for the Parish of Orleans in Louisiana, and was improperly removed by defendants, CBS Corporation, Foster Wheeler, LLC, and General Electric Company (hereinafter collectively "defendants") without a basis for federal jurisdiction, improperly asserting "government contractor immunity" as a basis for federal jurisdiction; moreover, the removal was filed untimely;

(2) As shown in plaintiff's Motion To Remand and memorandum in support of that motion filed in the Eastern District of Louisiana (See, Exhibit A and B), the federal courts have no jurisdiction over this matter, and cases similar to the case at bar have been routinely remanded by the federal courts to the state court from which they originated for lack of federal jurisdiction;

(3) Vacation of the Conditional Transfer Order/Remand is warranted because there is no federal jurisdiction in this case, as defendants do not meet the requirements for removal under 28 U.S.C. § 1442(a)(1) and because the removal was untimely;

(4) Vacation of the Conditional Transfer Order is warranted because the defendants failed to satisfy the requirements for federal officer removal pursuant to 28 U.S.C. § 1442(a)(1), because the defendants cannot show that they were acting under the direction of a federal officer.  In addition, Mr. Dupre was exposed to asbestos from the defendants' asbestos-containing products on commercial vessels which had nothing to do with the government;

(5) Vacation of the Conditional Transfer Order is warranted because the defendants failed to satisfy the requirements for federal officer removal pursuant to 28 U.S.C. § 1442(a)(1), because the defendants cannot show that they have a colorable federal defense to the plaintiff's claims.  In addition, Mr. Dupre was exposed to asbestos from the defendants' asbestos-containing products on commercial vessels which had nothing to do with the government;

(6) Vacation of the Conditional Transfer Order/Remand is warranted under the numerous cases cited in plaintiff's memorandum in support, including the cases of *Good v. Armstrong World Indus., Inc.*, 914 F. Supp. 1125 (E.D. Pa. 1996); *Bourgeois v. A.P. Green*, No. 96-3764 (E.D. La. 1997); *Gauthe, et al v. Asbestos Corporation, et al*, 1997 WL 3255 (E.D. La. 1997); *Bartley v. Borden, Inc.*, No. 96-145 c/w 96-157 through 96-205 (E.D. La. 1996); *Mouton v. Flexitallic, Inc., et al.*, 1999 WL 225438 (E.D. La. 1999); *Savoie v. Northrop Grumman Ship Systems*, No. 05-2086 (E.D. La. 2005); *Porche v. Flexitallic, Inc., et al.*, 1996 WL 603919 (E.D. La. 1996); *Anderson v. Avondale Industries, Inc.*, 1994 WL 679827 (E.D. La.); *Overly v. Raybestos-Manhattan*, No. C-96-2853 SI., 1996 WL 532150 (N.D. Cal. Sept. 9, 1996); *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 947 (E.D. N.Y. 1992); and *Freiberg v. Swinerton & Walberg Property Services, Inc.*, 245 F.Supp. 2d 1144 (D. Colo. 2002); *Walker v. Avondale Industries, Inc.,* 03-1036 (E.D. La. 2003); *Marchand v. Anco Insulations Inc.*, 09-6365 (E.D. La. 2009), among many other cases.

**WHEREFORE**, plaintiffs respectfully submit that the Conditional Transfer Order should be vacated and the case should be remanded to state court for lack of federal jurisdiction, or, in the alternative, the Conditional Transfer Order should be stayed pending a decision on plaintiffs' Motion to Remand.

|  |  |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted,<br>**ROUSSEL & CLEMENT** |
| I certify that a copy of the foregoing pleading has been served upon the parties listed below (as reflected on Attachment "A") by facsimile, hand delivery, or mailing same to each, properly addressed and postage prepaid, on this 16th day of September, 2011.<br><br>   s/ Gerolyn P. Roussel<br>   GEROLYN P. ROUSSEL | S/ Gerolyn P. Roussel<br>GEROLYN P. ROUSSEL - 1134<br>PERRY J. ROUSSEL, JR. - 20351<br>JONATHAN B. CLEMENT - 30444<br>LAUREN R. CLEMENT - 31106<br>BENJAMIN P. DINEHART - 33096<br>1714 Cannes Drive<br>LaPlace, LA  70068<br>Telephone:  (985) 651-6591<br>ATTORNEYS FOR PLAINTIFFS |