BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI))
**(In Re: Conditional Transfer Order (CTO-440)**

CASE ORIGINATES FROM
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDDIE JOSEPH DUPRE                    CIVIL ACTION

VERSUS

TODD SHIPYARDS
CORPORATION, ET AL                      NO.: LAE 2:11-cv-02097

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER**

MAY IT PLEASE THE COURT:

The Conditional Transfer Order is invalid as there is no federal jurisdiction in this case. This action was originally filed in the Civil District Court for the Parish of Orleans in Louisiana, and was untimely and improperly removed by defendants, CBS Corporation, Foster Wheeler, LLC, and General Electric Company (hereinafter collectively "defendants"). The defendants have failed to meet the requirements for removal pursuant to 28 U.S.C. § 1442(a)(1), as they cannot demonstrate either that they were acting under the direction of a federal officer, or raise a colorable federal defense to plaintiffs' claims. Furthermore, the defendants' notice of removal is procedurally defective, because the defendants failed to file their notice of removal within thirty (30) days as required by 28 U.S.C. 1446. Additionally, plaintiffs have filed a Motion To Remand in the U.S. District Court for the Eastern District of Louisiana, which will be heard on September 28, 2011. Plaintiffs assert that the Conditional Transfer Order must be stayed pending the ruling of the Eastern District of Louisiana.

I.      **THE NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE**

At the time the defendants filed their notice of removal, the thirty (30) days in which to remove under 28 U.S.C. § 1446 had passed. The plaintiffs filed their petition for damages on

November 8, 2010. As the defendants admit in their Notice of Removal to Adverse Party, General Electric was served with the petition for damages on or about November 2, 2010 (sic)[1], Foster Wheeler was served with the petition for damages on November 9, 2010, and Westinghouse was served with the petition for damages on November 12, 2010. By the time the defendants filed their notice of removal on August 24, 2011, more than nine (9) months had passed, rendering the defendants' notice of removal untimely.

The defendants claim that they were first provided with "other paper" from which it could be ascertained that this case had become removable on July 25, 2011, when they received a letter from counsel for Todd Shipyards Corporation. The defendants suggest that until they received that letter, they were unaware that plaintiffs were alleging that Freddie Joseph Dupre was exposed to their asbestos-containing products which were used on both private and naval vessels at Todd Shipyards. However, the petition for damages served on the defendants in November of 2010 clearly alleges that on a daily basis during his employment at Todd Shipyards, Mr. Dupre was exposed to dangerously high levels of asbestos from asbestos-containing products manufactured by the defendants. (Exhibit 1, Petition for Damages at ¶¶ 5, 11, 35, 36, and 50). The petition for damages also alleges that the defendants, as suppliers to a company with government contracts, "were bound to comply with health and safety requirements of the Walsh-Healey Public Contract Act, first promulgated in 1936, as well as the regulations of the U.S. Navy and U.S. Maritime Commission in 1943." (*Id.* at ¶ 21). Additionally, the petition for damages specifically alleges that Foster Wheeler "was a major manufacturer of boilers used in the construction of U.S. Navy vessels," and that "they supplied boilers to virtually every shipyard constructing and repairing U.S. Navy vessels in the country." (*Id.* at ¶ 35).

Even assuming that the defendants could not ascertain that the case was potentially removable from the petition for damages, the defendants were certainly put on notice that the case

---

[1] In fact, General Electric was served on November 12, 2010.

was potentially removable on November 23, 2010, during the deposition of Freddie Joseph Dupre. During that deposition, Mr. Dupre specifically testified that he worked on all ships that were present at Todd Shipyards during his employment. (Exhibit 2, Deposition of Freddie Joseph Dupre at p. 18). The defendants cannot deny that they were aware of this allegation, since they specifically mention in paragraph 4 of their notice of removal that the oppositions filed to their Motions for Summary Judgment asserted that Mr. Dupre "worked in the engine rooms of **every ship present at Todd Johnson Shipyards**." (emphasis added) These oppositions were served on the defendants on July 13, 2011, six weeks before the defendants filed their notice of removal. (Exhibit 19, *in globo*, Fax Confirmations to Counsel for Defendants).

Given that the defendants are the ones who sold their products to Todd Shipyards and given that the defendants are sophisticated parties that have been involved in numerous cases involving the use of their asbestos-containing products at shipyards, including Todd Shipyards, they were certainly aware that their asbestos-containing products were used on both private and naval vessels, and that Todd Shipyards during the height of World War II was performing work on naval vessels.

Thus, the defendants were put on notice at least three times before they received the July 25, 2011, letter that the case was potentially removable. Because the defendants "**had access to knowledge since at least [November of 2010] of the facts of the case that formed the basis of removal. They should have removed the action within thirty days....**" *Transcript of Hearing, Bourgeois v. A.P. Green*, No. 96-3764 (E.D. La. 1997) (Exhibit 3); See, *Porche v. Flexitallic*, 1996 WL 603919, No. 96-2827 c/w 96-2828 (E.D. La. 1996) (finding removal was untimely where the defendants had known since the time suit was filed that the plaintiff was claiming damages as a result of exposure to asbestos, and had been informed of the basis for liability) (Exhibit 4). Removal must comply with the 30 day limit of 28 U.S.C. § 1446. *Howes v. Childers*, 426 F.Supp. 358 (E.D. Ky. 1977). Accordingly, the defendants' notice of removal is untimely, and therefore, Plaintiffs' Motion to Vacate Conditional Transfer Order should be granted as there is no federal jurisdiction in this case.

## II. THERE IS NO FEDERAL JURISDICTION IN THIS CASE

Removal pursuant to 28 U.S.C. § 1442(a)(1) requires the moving party to 1) demonstrate that it is a person within the meaning of the statute; 2) demonstrate that it acted under the direction of a federal officer, meaning there is a nexus or causal connection between plaintiff's claims and its actions, and 3) raise a colorable federal defense to plaintiff's claims. *Williams v. Todd Shipyards Co.,* 154 F.3d 416 (5th Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 129, 131 (1989). While the defendants claim that they were acting under the direction of a federal officer and that they can raise a colorable defense of government contractor immunity, the defendants failed to attach any evidence in support of these claims. A party seeking removal bears the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U. S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed 144 (1921). "If the right to removal is doubtful, the case should be remanded [to state court]." *Gauthe v. Asbestos Corp.*, 1997 WL 3255 (E. D. La. 1997) (Exhibit 5); See also, *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 947 (E. D. N. Y. 1992); *Ruffin v. Armco Steel Corp.*, 959 F. Supp. 770 (S. D. Tex. 1997)*, order vacated on other grounds*, 1999 WL 318023 (S. D. Tex. 1999); *Bahrs v. Hughes Aircraft Co.*, 795 F. Supp. 965, 969 (D. Ariz. 1992). The defendants have failed to carry their burden, and the evidence shows that the defendants were not acting under the direction of a federal officer and that they cannot raise a colorable defense of government contractor immunity. Accordingly, there is no federal jurisdiction in this case, and, therefore, Plaintiffs' Motion to Vacate Conditional Transfer Order should be granted.

## A. THE DEFENDANTS WERE NOT ACTING UNDER THE DIRECTION OF A FEDERAL OFFICER

Removal by a "person acting under" a federal officer must be predicated upon a showing that the acts that formed the basis for the state civil suit were performed pursuant to a federal officer's direct orders or to comprehensive and detailed regulations. *Good v. Armstrong World Industries, Inc., et al,* 914 F.Supp. 1125 (E.D. P.A. 1996); *Ryan,* 781 F. Supp. at 947; *Freiberg v. Swinerton & Walberg Property Services, Inc.*, 245 F.Supp. 2d 1144 (D. Colo. 2002). Private corporations may

remove a case under 28 U.S.C. § 1442(a)(1) **only** when the corporation is "so intimately involved with government functions as to occupy essentially the position of an employee of the government." *Bakalis v. Crosslands Savings Bank,* 781 F. Supp. 140, 145 (E.D. N.Y. 1991). Regulation of a corporation by the government is insufficient to meet this test, and the "rule that appears to emerge from the case law is one of 'regulation plus...'." *Id.*; See also, *Ryan, supra*; *Bahrs, supra*. Moreover, the defendants must exclude the possibility that the plaintiffs' state law action is based on acts or conduct of it not justified by its alleged officer's federal duty. *Freiberg,* 245 F. Supp. 2d at 1155 (*citing Mesa v. California*, 489 U.S. 121, 132, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989)).

The case of *Freiberg v. Swinerton & Walberg Property Services, Inc.*, 245 F.Supp. 2d 1144 (D. Colo. 2002) demonstrates the level of government control necessary for removal pursuant to 28 U.S.C. § 1442(a)(1). In *Freiberg*, plaintiffs who were directly exposed to asbestos-containing products during construction of a government nuclear weapons production facility brought personal injury actions against government contractors and product manufacturers and distributors. Defendant and government contractor, Swinerton Walberg Property Services, Corp. ("Swinerton"), removed the case to federal court under 28 U.S.C. § 1442(a)(1). The plaintiffs moved for remand arguing that the acts giving rise to their claims were construction activities independent of the United States government's Rocky Flats nuclear weapons production facilities' federal purpose and that Swinerton was not entitled to special federal officer protection. The *Freiberg* court agreed and granted the plaintiffs' Motions For Remand. *Id.*

> The *Freiberg* court stated that:
>
> **the established rule is that removal by a person "acting under" a federal officer must be predicated on a showing that the acts forming the basis of the state suit were performed pursuant to an officer's "direct orders or comprehensive and detailed regulations. Ryan, 781 F.Supp. at 947. It is not enough to prove only that "the relevant acts occurred under the general auspices of a federal office or officer" or that "a corporation participates in a regulated industry." Id. The official must have direct and detailed control over the defendant. Good, 914 F.Supp. at 1128.**
> **Direct and detailed control is established by showing strong government involvement and the possibility that a <u>defendant could be sued in state court as a result of the federal control</u>. Pack, 838 F.Supp. at 1103, Ryan, 781 F.Supp. at**

>    **948-9 (setting forth detailed analysis of cases). "The issue is not simply whether the defendant acted under federal officials but whether they are in danger of being sued in state court 'based on action taken pursuant to federal direction.'"**

Id. at 1152-53 (emphasis added). The *Freiberg* court further stated that

>    **unless an officer of the United States (or one acting under him) can justify what he did by reason of some official connection between the acts complained of and his official duties, the purpose of the statute to protect federal interests and immunities is not implicated and the proceeding is not removable. See *Brenner v. Kelly*, 201 F.Supp. 871 (D. Minn. 1962). The nexus requirement is established by showing that the state action "has arisen out of the acts done by the defendant under color of federal authority and in enforcement of federal law." *Mesa*, 489 U.S. at 131-32.... To sustain this burden, the defendant must also "by direct averment exclude the possibility that [the state action] was based on acts or conduct of his not justified by his federal duty." *Mesa*, 489 U.S. at 132.**

*Id.* at p. 1155 (emphasis added). In defining the "under color" causal connection requirement in an asbestos case, the *Freiberg* court stated that

>    **they are being sued for unnecessarily and negligently causing their employees and other workers to be exposed to asbestos dust on the job and for failing to warn these employees and workers of the associated dangers. What they must establish for purpose of the 1442(a)(1) is that the government authority under which they worked required them to act as they did. For purposes of Plaintiffs' failure to warn claims, for example, they must establish the DOE's [Department of Defense] direction and control of their activities directly interfered with their ability to fulfill their state law obligation to warn employees of safety hazards.**

*Id.* (emphasis added). Neither Swinerton nor any of the other defendants demonstrated the requisite causal connection between the government control under which it purported to have acted and plaintiffs' injuries. Thus, there was no basis on which to find the existence of federal jurisdiction under 28 U.S.C. § 1442(a)(1), and no basis for removing these cases from state to federal court. *Id.* at 1156. Similarly in the case at hand, the defendants have not and cannot demonstrate the requisite causal connection between the government control under which they claim to have acted and Mr. Dupre's injuries. Accordingly, there is no basis on which to find federal subject matter jurisdiction in this case.

Another case on point is *Overly v. Raybestos-Manhattan*, No. C-96-2853 SI., 1996 WL 532150 (N.D. Cal. Sept. 9, 1996) (Exhibit 6), where the Northern District of California rejected a defendant's attempt at removal pursuant to 28 U.S.C. § 1442(a)(1), because there was no evidence

that a federal officer was involved in shipyard safety. In *Overly*, the plaintiff was exposed to asbestos while working at Avondale Shipyards. *Id*. at 1. After the plaintiff contracted an asbestos-related disease, he sued the defendant, alleging that the defendant's failure to warn about the hazards of asbestos caused his injury. *Id*. The defendant removed, alleging federal officer jurisdiction because it was under "rigid guidelines" imposed by the federal government for the "design of ships." *Id*. The court explained that, "[a]lthough Avondale has established that it was under substantial control by the government regarding the installation of certain products containing asbestos, it has not done so with regard to the warning of individuals of the presence of asbestos on the job site." *Id*. at p. 3. The court further explained that, "[a]bsent a showing by defendant that the federal government gave specific instructions to Avondale not to warn employees of the existence of asbestos, Avondale is offered no protection by government contractor immunities." *Id.* at p. 5 (*citing In re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992)). The court remanded the case to state court, stating that:

> **The government in no way restricted Avondale's ability to notify individuals of the presence of asbestos in the work environment. Thus, there is no causal connection between the control exercised by the United States over Avondale and the legal theory under which plaintiffs seek to hold Avondale liable. Consequently, Avondale has no basis on which to assert application of the Federal Officer Removal Statute, and the case must be remanded to state court**.

*Id.* at 5 (emphasis added). Similarly in the case at hand, there is no evidence that the government restricted the defendants' ability to warn or notify individuals, such as Mr. Dupre, of the presence of hazardous asbestos in their products, and this case should be remanded to state court.

Yet another case on point is *Good v. Armstrong World Industries, Inc., et al,* 914 F.Supp. 1125 (E.D. P.A. 1996). In *Good*, a boilermaker and boiler tender who worked for the United States Navy for more than 20 years was exposed to asbestos by working on several vessels containing turbine generators manufactured by Westinghouse. Westinghouse removed the case arguing that it designed and manufactured the turbine generators in accordance with specifications and regulations mandated by the Navy and was, thereby, entitled to remove the case to federal court pursuant to 28

U.S.C. 1442(a)(1). In remanding the case, the court stated that "removal must be predicated upon a showing that the acts forming the basis of the state suit were performed pursuant to an officer's direct orders or comprehensive and detailed regulations." *Id*. at p. 1128. Furthermore, the court explained that "[b]y contrast, if the corporation establishes only that the relevant acts occurred under the general auspices of federal direction then it is not entitled to 28 U.S.C. 1442(a)(1) removal." *Id*. at p. 1128; See also, *Mouton v. Flexitallic, Inc.*, 1999 WL 225438 (E.D. La. 1999) (Exhibit 7), p. 2; *Ryan, supra*; *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Freiberg, supra*. Similarly, here, the defendants are not entitled to 28 U.S.C. 1442(a)(1) removal, because they cannot establish that their actions were performed pursuant to an officer's direct orders or comprehensive and detailed regulations.

Additionally, in *Bahrs v. Hughes Aircraft Co.*, 795 F. Supp. 965, 969 (D. Ariz. 1992), General Dynamics was sued for dumping toxic waste, including TCE, into the ground, which eventually seeped into the ground and injured the plaintiffs. *Id*. at 967. General Dynamics sought to remove, alleging that federal-officer jurisdiction was appropriate because, when performing the work that created the toxic waste, they were fulfilling a government contract. The court rejected the defendant's attempt to invoke federal officer jurisdiction because, while the federal government may have exercised control over the procedures that created the toxic TCE waste, there was no evidence that it exercised "direct and detailed" control over the conduct that caused the plaintiffs' injuries, the waste-disposal procedures.

> The court stated that:
>
> While the government officials were undoubtedly most interested in the production of war materials, the record before this Court does not demonstrate the government's necessary control over the method of waste disposal. The mere fact that the government possessed the power to exercise control over the project does not establish that the power was in fact ever exercised.

*Id.* at 970. Thus, the court found no nexus existed between the control exercised by the federal government and the tortious conduct that formed the basis of the plaintiff's lawsuit against General Dynamics. *Id.* Similarly in the case at hand, the evidence does not demonstrate the government's

necessary control over the design and manufacture of the defendants' asbestos-containing products, nor over their ability to warn individuals, such as Mr. Dupre, of the dangers of asbestos.

The defendants claim that "virtually no aspect of the design and manufacture of the marine steam turbines, marine boilers, or other products at issue escaped the close control of the Navy and its officers." However, in another asbestos case involving exposure at a shipyard, defendants, General Electric and Westinghouse, confirmed that "unlike the large land-based powerhouse turbines which are specially designed and constructed for a particular customer and his facility, marine turbines were built and sold as **'off the shelf' items**."[2] (Exhibit 8, Opposition to Motion to Compel on Behalf of General Electric and Westinghouse, at p. 3) (emphasis added). Thus, in regards to the design and manufacture of the defendants' marine turbines, the defendants were clearly not acting under the direct orders of an officer or pursuant to comprehensive and detailed regulations, but rather were selling "off the shelf" items to the United States Navy, much as they would to any customer.[3]

The defendants have not and cannot present evidence showing that the **"government authority under which they worked required them to act"** negligently with regard to Mr. Dupre nor can they **"establish the [federal officer's] direction and control of their activities directly interfered with their ability to fulfill their state law obligation to warn employees of safety hazards."** *Freiberg*, 245 F.Supp. 2d at 1155; See also, *Ruffin v. Armco Steel Corp.*, 959 F. Supp. 770, 776 (S. D. Tex. 1997), *order vacated on other grounds*, 1999 WL 318023 (S. D. Tex. 1999).

In *Ruffin*, the court concluded that:

> the mere fact that the government possessed the power to control or regulate employee safety neither establishes that the power was ever used nor that operational mandates of this type were ever issued. Without such proof, [the defendant] cannot satisfy the statutory requirements for removal under §1442 (a) (1).

---

[2] The *Becnel* case involved a mesothelioma victim who was exposed to asbestos on the work clothes of her father who was employed at Avondale Shipyards from 1952 through 1994. (Exhibit 8 at p. 1).

[3] Moreover, General Electric and Westinghouse also sold turbines to Todd Shipyards for private vessels.

*Id.* Because the defendants have not shown that they were acting under the direction of a federal officer, nor have they shown any casual connection between the state claim being asserted and the conduct undertaken pursuant to the direct orders of a federal officer, the defendants have failed to satisfy the statutory requirements for removal under 28 U.S.C. § 1442(a)(1). Accordingly, there is no federal jurisdiction in this case, and, therefore, the Plaintiffs' Motion to Vacate Conditional Transfer Order should be granted.

**B.    THE DEFENDANTS CANNOT RAISE A COLORABLE FEDERAL DEFENSE OF GOVERNMENT CONTRACTOR IMMUNITY**

The defendants assert that they can raise a colorable defense of government contractor immunity as articulated in *Boyle v. United Technologies Corp.*, 487 U. S. 500, 108 S. Ct. 2510, 101 L Ed. 2d 442 (1988). However, government contractor immunity is not a tort defense under Louisiana law, and even if it were, an alleged defense is insufficient grounds for removal. It is well-settled law that "a defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed. 2d 650 (1986) (citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The federal question in removal cases must be disclosed on the face of the plaintiff's complaint and must be essential to plaintiff's cause of action; it is not enough that the federal question arises by way of a defense to that action. *Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir. 1986); *PAAC v. Rizzo*, 502 F.2d 306, 313 (3d Cir. 1974); *Border City S. & L. Ass'n v. Kennecorp Mtg.*, 523 F. Supp. 190, 192 (S.D. Ohio 1981); *Bruan, Gordon & Co. v. Hellmers*, 502 F. Supp. 897, 900 (S.D. N.Y. 1980); 1A Moore's Federal practice, Sec. 0.160 (1974); C. Wright, Law of Federal Courts, Sec. 38 at 179 (1976). A case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in plaintiff's complaint and even if the parties concede that the federal defense is the only question truly at issue. *Franchise Tax Bd. of California v. Constr. Laborers Trust for Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Thomas v. Burlington Industries, Inc.*, 763 F. Supp. 1570, 1575 (S.D. Fla. 1991).

Nevertheless, even if government contractor immunity was a sufficient basis for removal, the defendants cannot raise this defense.

Before the court can consider whether government contractor immunity serves as a colorable federal defense in this case, the defendants bear the burden of establishing that two requisite conditions are met: whether the case concerns a unique federal issue and whether there was a significant conflict between federal policy and state law. *Boyle*, 108 S. Ct. at 2515. If either of these conditions are not met, the defendants cannot rely upon the federal contractor defense. *Dorse v. Eagle-Picher Industries, Inc.*, 898 F. 2d 1487, 1490 (11th Cir. 1990) (state law not displaced where no conflict existed between federal contractual duties and state duty of care, because contractor could comply with both obligations). In this case, the defendants have presented absolutely no evidence which would establish these two requisite conditions. Thus, the defendants cannot raise a colorable defense of government contractor immunity.

Since asbestos products have been banned for a long time and are no longer used in most equipment, any federal interest in this case is meager at best. Using precisely this reasoning, the Eastern District of Pennsylvania rejected an asbestos manufacturer's claim that it was entitled to the government contractor immunity to support its attempted federal officer removal:

> The impact of this personal injury action on the federal interest in protecting future defense procurement — the fundamental point of the government contract defense — is speculative. It is common knowledge that asbestos is no longer used in the design and manufacture of equipment, so that this lawsuit cannot interfere with a federal program involving products that contain asbestos. Therefore, the adjudication of this personal injury action in state court does not threaten the enforcement of a federal policy sufficient to warrant removal.

*Good v. Armstrong World Indus., Inc.*, 914 F. Supp. 1125, 1131 (E.D. Pa. 1996). Here, the defendants present no evidence that a unique federal interest is at issue in this case.

Assuming for purposes of argument that a federal interest does exist in this case, which is denied, that federal interest would "merely established a necessary, not a sufficient, condition for the displacement of state law." *Boyle,* 108 S. Ct at 507. The court must then determine whether a conflict exists between state law and federal mandate. Displacement of state law "will occur only where. . . a 'significant conflict' exists between an identifiable 'federal policy or interest and the

- 11 -

[operation] of state law or the application of state law would 'frustrate specific objectives' of federal legislation." *Id.* The *Boyle* court offered an example of a situation in which federal mandate does not conflict with state imposed duty:

> If, for example, the United States contracts for the purchase and installation of an air conditioning-unit, specifying the cooling capacity but not the precise manner of construction, a state law imposing upon the manufacturer of such units a duty of care to include a certain safety feature would not be a duty identical to anything promised the Government, but neither would it be contrary. The contractor could comply with both its contractual obligations and the state-prescribed duty of care. No one suggests that state law would generally be pre-empted in this context.

*Id.*[4] This example clearly highlights the facts applicable to the case at bar are clearly outside the removal statutes. The evidence shows that the defendants' asbestos-containing products were "off-the-shelf" items, rather than items for which the government specified the manner of construction, and there is no evidence that the defendants contractual obligations with the government interfered with their state law duty of care.

Therefore, even if the Court determined that there is a federal interest in this case, the defendants would still have to establish a conflict exists between their duties imposed by state law and their duties imposed by federal authority. Indeed, in a similar situation, the Eleventh Circuit determined that the evidence did not support the requirements for the government contractor defense where "the contractor could comply with both its contractual obligations and the state-prescribed duty of care." *Dorse v. Eagle-Picher*, 898 F.2d 1487, 1490 (11th 1990) (*citing Boyle*, 108 S.Ct. at 2517). Similarly, the Ninth Circuit clearly articulated this requirement in the failure to warn context:

> *Boyle* displaces state law only when the Government, making a discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations, thereby limiting the contractor's ability to accommodate safety in a different fashion.

*In re Hawaii Asbestos Cases*, 960 F. 2d 806, 813 (9th Cir. 1992).

---

[4] In *Boyle*, the state-imposed duty of care was directly contrary to the duty imposed by contract with the federal government. *Boyle*, 108 S. Ct. at 2517. However, the defendants present no evidence that their federal duty, if any, limited their ability to fulfill their state law duty of care to Mr. Dupre.

In the instant case, the defendants have not established that duties imposed by federal authority in any way conflicted with their duties imposed by state law. Specifically, under Louisiana law, the defendants had a duty to warn. *See, e.g.*, *Jones v. Trailer*, 636 So.2d 1112, 1122 (La.App. 4th Cir.), *writ denied sub nom., Rome v. Traylor*, 642 So.2d 193 (La. 1994) (referring to La. R. S. § 23.13) ; *Canzoneri v. Smith*, 381 So. 2d 973, 975-76 (La.App. 4th Cir 1980). This duty includes a duty to warn of work-related dangers and how to avoid them. *Canzoneri*, 381 So.2d at 976; *Miller v. Lambert*, 380 So.2d 695, 700 (La.App. 4th Cir. 1980). Accordingly, the defendants had a duty, imposed by state law, to warn of the dangers of asbestos on the job site. Its failure to do so was in direct violation of state law, and nothing in the defendants' notice of removal, or otherwise, in any way suggests that its alleged federal authority conflicted with this state imposed duty of care. Where no conflict with state law exists, the defendant is not entitled to rely upon government contractor immunity. Assuming the defendants did work under the direct and detailed supervision of the federal government, which is denied, the defendants provide no evidence that anything about that supervision touched upon or prevented them from warning persons working on or near their asbestos-containing products about the dangers associated with asbestos.

Furthermore, in the case of *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992), United States sailors who were exposed to asbestos dust while serving in the Navy sued various manufacturers of asbestos insulation products which had been used aboard Navy vessels. In rejecting the defendant's argument that they were shielded from liability under the defense of government contractor immunity, the court held that asbestos insulation is not military equipment. *Id*. at 812. The court went on to state that even if asbestos insulation were military equipment, which it is not, a manufacturer still has an obligation to warn of the dangers inherent in its products. *Id*. Accordingly, the asbestos defendants could not avail themselves of the government contractor immunity defense. Likewise, the United States 5th Circuit Court of Appeals rejected Johns-Manville's argument that it was entitled to the government contractor immunity in a suit by the widow of a former shipyard worker who died from an asbestos-related disease. *Hansen v. Johns-*

*Manville Products Corporation*, 734 F.2d 1036 (5th Cir. 1984), *cert denied,* 105 S.Ct. 1749, 84 L.Ed. 2d 814 (1985).

Moreover, a wide variety of similar asbestos cases based on exposures at shipyards performing work on naval vessels demonstrate that the defendants herein cannot raise a colorable defense of government contractor immunity. For example, in the case of *Gauthe, et al v. Asbestos Corporation, et al*, 1997 WL 3255 (E.D. La. 1997) (Exhibit 5), Avondale Shipyards attempted to remove an asbestos case to federal court alleging removal was proper under 28 U.S.C. 1442(a)(1). Avondale claimed that removal was proper because they could allegedly raise the federal defense of government contractor immunity. The *Gauthe* court stated that:

> **there is no evidence that the Government restricted or prohibited Avondale's ability to notify individuals of the presence of asbestos in the work environment. Assuming that Avondale built ships under the direct supervision of the federal government, nothing about that supervision prevented Avondale from warning Mr. Gauthe about the dangers. Thus, there is no causal connection between the injury alleged by Mr. Gauthe with respect to Avondale's failure to warn and Avondale working on behalf of the federal government.**

Id. at pp. 3-4 (emphasis added). Thus, the defendants have no basis for removal under the government contractor defense. *Id.*

In the case of *Mouton v. Flexitallic, Inc., et al.*, 1999 WL 225438 (E.D. La. 1999) (Exhibit 7), Avondale Shipyards again attempted to remove an asbestos case to federal court alleging removal was proper under 28 U.S.C. 1442(a)(1). Again, Avondale claimed that removal was proper because it could allegedly raise the federal defense of government contractor immunity. The *Mouton* court stated that:

> **the federal government provided no direction on warning when using asbestos, and further did not prevent Avondale from taking its own safety precautions above the minimum standards incorporated in the federal contracts.... Thus, Avondale has failed to establish a causal connection between the Navy's direction pursuant to the design contracts and plaintiff's failure to warn claims.**

*Id.* at p. 4 (emphasis added).

In yet another case, *Santos v. Owens-Corning Fiberglas Corp.*, 1994 WL 564720 (N.D. Cal.), (Exhibit 9), the court found that Foster Wheeler's attempted removal of a state case to federal court failed to meet the requirements of 28 U.S.C. 1442. The court stated:

> These defendants do not satisfy any of the three elements that are all required to support Sec. 1442 removal. No defendant can raise a colorable federal defense, nor can any defendant establish that it was acting under a federal officer. Likewise, no defendant can establish a causal connection between the conduct undertaken at the direction of the federal officer and the basis for that defendant's state law liability.
>
> **The "government contractor" defense is not colorable. No defendant has produced evidence that it presented specially designed products to the government under federal orders or specifications that directly conflicted with the state law duty upon which the defendants are now being sued. Most notably, no defendant produces any evidence whatsoever that the products it designed pursuant to government orders were different from those designed for civilian use in any manner pertinent to state law liability.**
>
> ....
>
> Defendant Foster Wheeler argues that it is not an asbestos manufacturer or distributor, and that the Court should consider the fact that the government approved its specifications for the boilers as a whole. It argues that the Court should consider its products to be the boilers and the ships on which the boilers were placed, alleging that they were built to federal specifications. However, the relevant question is whether the government had specifications which required the use of asbestos (as opposed to some other insulation), and not whether the government had other specifications relating to the boilers. Foster Wheeler has not come forward with any evidence that the government required it to use asbestos in its boilers. Accordingly, it has not made a colorable claim for the government contractor defense.

*Id.* at pp. 3-4 (citations omitted) (emphasis added). Similarly, here, the defendants have not come forward with any evidence that the government required them to use asbestos in their asbestos-containing products, and, in fact, the defendants have previously asserted that their products were "off-the-shelf" items.

In addition to the cases cited above, other similar cases where federal courts have rejected similar arguments to those presented by the defendants are *Guidroz v. The Anchor packing Company*, No. 98-3709, (E.D. La. 1998) (Exhibit 10); *Granier v. Northrop Grumman Ship Systems, Inc.*, 2008 WL 5216213 (E.D. La. 2008) (Exhibit 11); *Anderson v. Avondale Industries, Inc.,* 1994 WL 679827 (E.D. La.) (Exhibit 12); *Walker v. Avondale Industries, Inc.,* 03-1036 (E.D. La. 2003)(remanding a

case removed to federal court by Foster Wheeler) (Exhibit 13); *Marchand v. Anco Insulations Inc.*, 09-6365 (E.D. La. 2009) (Exhibit 14); *Morales v. Owens-Corning Fiberglas Corp.*, 1994 WL 564744 (N.D. Cal.) (Exhibit 15); *Florentino v. Owens-Corning Fiberglas Corp.*, 1994 WL 564731 (N.D. Cal.) (Exhibit 16); *Saaquisame v. Owens-Corning Fiberglas Corp.*, 1994 WL 564727 (N.D. Cal.) (Exhibit17); and *Cabalic v. Owens-Corning Fiberglas Corp.*, 1994 WL 564724 (N.D. Cal.) (Exhibit 18). In all foregoing decisions, the cases were remanded. In each of these cases, the court found that government contractor immunity was not available.

Because the defendants have not shown that they can raise a colorable defense of government contractor immunity, the defendants have failed to satisfy the statutory requirements for removal under 28 U.S.C. § 1442(a)(1). Accordingly, there is no federal jurisdiction in this case, and, therefore, the Plaintiffs' Motion to Vacate Conditional Transfer Order should be granted.

**IV.    CONCLUSION**

At the time the defendants filed their notice of removal, the thirty (30) days in which to remove under 28 U.S.C. § 1446 had clearly passed rendering the defendants notice of removal untimely. Furthermore, a review of the above case law and the facts clearly shows that the defendants' government contractor immunity arguments are unsupported in both fact and law.

The defendants bear the burden of satisfying the requirements of 28 U.S.C. § 1442(a)(1) so that there is federal subject matter jurisdiction, and yet they have not tendered any evidence to support their allegations of federal authority over the design and manufacture of their boilers or turbines. Nor have they presented any evidence that duties imposed by the federal government, prevented them from fulfilling their state law obligations to Freddie Joseph Dupre. In fact, the evidence in this case shows that the defendants' asbestos-containing products were merely "off-the-shelf" items sold to the government just as they would be sold to any other customer. Accordingly, there is no federal jurisdiction in this case, and, therefore, the Plaintiffs' Motion to Vacate Conditional Transfer Order should be granted.

WHEREFORE, plaintiffs, Rose Mae Naquin Dupre, Ronald Joseph Dupre, Marvin Andrew Dupre, and Brian Anthony Dupre, submit that there is no federal jurisdiction in this case, and plaintiffs pray that its Motion to Vacate Conditional Transfer Order be granted.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted,<br>**ROUSSEL & CLEMENT** |
| I certify that a copy of the foregoing pleading has been served upon the parties listed below (as reflected on Attachment "A") by facsimile, hand delivery, or mailing same to each, properly addressed and postage prepaid, on this 16th day of September, 2011.<br><br>　s/ Gerolyn P. Roussel　<br>GEROLYN P. ROUSSEL | S/ Gerolyn P. Roussel　<br>GEROLYN P. ROUSSEL - 1134<br>PERRY J. ROUSSEL, JR. - 20351<br>JONATHAN B. CLEMENT - 30444<br>LAUREN R. CLEMENT - 31106<br>BENJAMIN P. DINEHART - 33096<br>1714 Cannes Drive<br>LaPlace, LA  70068<br>Telephone:  (985) 651-6591<br>ATTORNEYS FOR PLAINTIFFS |