

Not Reported in F.Supp., 1997 WL 3255 (E.D.La.)
**(Cite as: 1997 WL 3255 (E.D.La.))**

C
Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
Dorothy Reed GAUTHE, et al.,
v.
ASBESTOS CORP., et al.

No. Civ. A. 96-2454.
Jan. 2, 1997.

*ORDER AND REASONS*
DUVAL, District Judge.
***1** A Motion to Remand and a Motion for Sanctions pursuant to 28 U.S.C. § 1447(c) were brought by plaintiffs, Dorothy Reed Gauthe, Paul Gauthe, Helen Cantrelle, Marion Fleming and Anne Richwine ("plaintiffs") and came for argument before the Court. Having listened to argument of counsel and having reviewed the pleadings, memoranda, deposition testimony, affidavits and the relevant law, the Court finds that this matter must be remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for the reasons that follow.

Background
The surviving spouse and major children of Earlven Gauthe filed the instant petition for damages in the 24th Judicial District Court for the Parish of Jefferson on July 2, 1996. The gravamen of this survival action centers on damages flowing from Mr. Gauthe's death which allegedly was caused by his exposure to asbestos. Plaintiffs contend that this exposure occurred while he was employed at Avondale Industries, Inc. Included as defendants are the Avondale Insurers[FN1], Avondale Industries, Inc., and the Avondale Supervisors[FN2] (collectively, the "Avondale Interests").[FN3] As to the Avondale Interests, suit is limited to (1) a failure to apprise Mr. Gauthe of the fact that he was working with and/or around hazardous asbestos containing dust, (2) failure to warn him of the dangers/hazards of asbestos dust and (3) failure to provide him a safe place to work by not warning him of the fact that he was working with asbestos and that asbestos dust was dangerous. Thus, no "design defect" allegations are made with respect to the Avondale Interests, and the failure to provide a safe work environment is limited specifically to the failure to warn.[FN4]

> FN1. The Avondale Insurers are Travelers Insurance Company, Highlands Insurance Company, American Motorists Insurance Company and Commercial Union Insurance Company.
>
> FN2. The Avondale Supervisors are John Chantrey, Peter Territo and J.D. Roberts. Each of these men is accused of being responsible for damages sustained by Earlven Gauthe and his surviving family arising from Mr. Gauthe's employment by Avondale Shipyards, Inc. (n/k/a/ Avondale Industries, Inc.).
>
> FN3. It is interesting to note that Mr. Gauthe's tort suit was heard in state court and resulted in an award there.
>
> FN4. This fact was raised during oral argument and later verified by plaintiffs' counsel.

The Avondale Interests removed this matter 21 days later pursuant to 28 U.S.C. § 1442(a)(1), the Federal Officer Removal Statute. They claim that this action involves persons--namely the Avondale Supervisors and Avondale itself-- acting under the authority of an officer of the United States because of the alleged supervision of the United States government with respect to the actual construction of naval ships at the Avondale facility. Thus, they claim removal is proper under § 1442(a)(1) because:

(a) they can raise, as federal defenses, immunity under the "government contractor im-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp., 1997 WL 3255 (E.D.La.)
**(Cite as: 1997 WL 3255 (E.D.La.))**

Page 2

munity" defense and under the LHWCA, and (b) because they can demonstrate a causal nexus between the injuries claimed by Gauthe's successors and the acts they performed under the strict supervision of and compliance with the United States government. *Boyle v. United States Technologies, Inc.,* 487 U.S. 500, 108 S. Ct. 2510, (1988) ....

(Doc. 1, Notice of Removal, ¶ 14).

### Is Removal Proper?

The burden of proof for establishing federal jurisdiction is placed upon the party seeking removal. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S. Ct. 35 (1921). "'If the right to remove is doubtful, the case should be remanded.'" *Ryan v. Dow Chemical Co.,* 781 F. Supp. 934, 939 (E.D.N.Y. 1992) (citations omitted); *see Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir. 1979).

*2 The United States Court of Appeals for the Fifth Circuit recognizes that § 1442(a)(1) provides the only exception to the well-pleaded complaint rule found in *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S. Ct. 42 (1908). *Aquafaith Shipping, Ltd. v. Jarillas,* 963 F.2d 806 (5th Cir.) *cert. denied,* 113 S. Ct. 413 (1992) (citing *Mesa v. California,* 489 U.S. 121, 136-37, 109 S. Ct. 959, 968 (1989)). Thus, by virtue of this federal statute, where "a person" "acting under" federal officers can present a colorable "government contractor defense" or other federal law defense, the case is removable by such a "person." *Ryan v. Dow Chemical Co.,* 781 F. Supp. 934, 939 (E.D.N.Y. 1992) (emphasis added). The power to remove is absolute, provided the proper procedures are followed. *Id.* (citing *Willingham v. Morgan,* 395 U.S. 402, 406, 89 S. Ct. 1813 (1969). *See* Wright & Miller, *Federal Practice and Procedure,* § 3727 at 459 n.35; *Doe v. Kerwood,* 969 F.2d 165, 168 n. 12 and accompanying text (5th Cir. 1992). There is no need to obtain other defendants' consent.

In *Mesa v. California,* 489 U.S. 121, 109 S. Ct. 959 (1989), the Supreme Court set forth the criteria necessary to support removal under this statute and reiterated that in order to invoke the removal power of § 1442(a)(1), a "person" seeking removal must allege a federal law defense. *Crocker v. Borden,* 852 F. Supp. 1322 (E.D.La. 1994) (Livaudais, J.); *Akin v. Big Three Indus., Inc.,* 851 F. Supp. 819 (E.D. Tex. 1994); *Ryan,* 781 F. Supp. at 943. Thus, *Mesa* provides a three pronged inquiry which requires the moving "person" acting "under a federal officer" to:

(1) demonstrate that it acted under the direction of a federal officer;

(2) raise a colorable federal defense to the plaintiffs' claims; and

(3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office.

*Crocker,* 852 F. Supp. at 1325. There is no dispute that the removing defendants are "persons" for purposes of the statute. However, all three *Mesa* factors must be met for removal to be proper, and the failure to find a causal nexus between plaintiffs' claims and acts defendants performed under color of federal office would render the removal of this matter improper. Thus, pretermitting whether the Avondale Interests were acting under the direction of a federal officer and whether government contractor immunity or the LHWCA provide a "colorable" federal defense to this matter, the Court will analyze the third prong.

### Causal Nexus

As framed by the court in *Overly v. Raybestos-Manhattan,* 1996 WL 532150 (N.D. Cal. Sept. 9, 1996:

The final requirement under the *Mesa* test is that there be a causal nexus between the rules imposed by the United States on the defendant contractor by the federal government and the liability asserted by plaintiff. "There must be a causal con-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Not Reported in F.Supp., 1997 WL 3255 (E.D.La.)
**(Cite as: 1997 WL 3255 (E.D.La.))**

nection between what the officer has done under asserted official authority and the state prosecution. It must appear that the [state] prosecution has arisen out of the acts done by the officer under color of federal authority and in enforcement of federal law." *Maryland v. Soper,,* 270 U.S. 9, 22 (1926).

*3 The *Overly* case is strikingly similar to the case at bar, and the Court finds its reasoning compelling.

This case against the Avondale Interests centers on their failure to warn; plaintiffs' allegations even with respect to a failure to provide a workplace free from the hazards of asbestos is based upon the failure to warn, not the presence of the asbestos itself or the ways and manner in which it was handled. There is no evidence that the Government restricted or prohibited Avondale's ability to notify individuals of the presence of asbestos in the work environment. Assuming that Avondale built ships under the direct supervision of the federal government, nothing about that supervision prevented Avondale from warning Mr. Gauthe about the dangers. Thus, there is no causal connection between the injury alleged by Mr. Gauthe with respect to Avondale's failure to warn and Avondale working on behalf of the federal government.

The Avondale Interests opine in a Supplemental Memorandum that somehow the causal nexus issue is met solely by virtue of the requirements of the contract under which Avondale labored. In essence they argue that to the extent they complied with the contract, any derogation Avondale may have committed with respect to its state law responsibilities to its employees should be excused, and therefore, the nexus is met. However, to the extent that argument apparently hinges on the government contractor defense, it is inapplicable.

Furthermore, the examples given ring hollow as well. For instance, the Avondale Interests state:

Another aspect of the defense is and will be that federal asbestos requirements not only did not require all employees who might be exposed to asbestos to wear respirators, but prohibited the use of respirators except where acceptable "control measures" were impractical to create safe asbestos dust levels."

In reality the provision upon which this affirmation was based is found in the Walsh-Healey Act, (Exhibit "B", Memorandum in Opposition to Remand, p. 22) states:

(c) *Personal protective equipment.*--Where the above methods are impractical, personal protective equipment suited to the hazards and conditions involved should be provided. However, such equipment should not be used in lieu of suitable control measures.

This argument is simply meritless.

Colorable Defense
Furthermore, even if there were a causal connection, as emphasized in the *Mesa* decision, federal officer removal must be predicated on the allegation of a colorable federal defense. The Avondale interests contend that they have presented the Court with two colorable federal defenses--the Longshore Harbor Workers Compensation Act's co-employee immunity under 33 U.S.C. § 933(i) and albeit not briefed, but discussed during oral argument, "government contractor immunity" as delineated in *Boyle v. United Technologies Corp.,* 108 S. Ct. 2510 (1987).

Plaintiffs seek recovery based on Louisiana state law causes of action. The Louisiana Supreme Court has specifically recognized that persons who were injured while engaged in shipbuilding can maintain actions under Louisiana compensation statutes or under the LHWCA; thus, such persons can avail themselves of the Louisiana law which allowed suits against executive offices and fellow servants until 1976 provided that such persons have not elected to accept LHWCA benefits. *Poche v. Avondale Shipyards, Inc.,* 339 So. 2d 1212 (La. 1976). The instant plaintiffs rely on these dictates for recovery. However, the Avondale Interests ask

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 3255 (E.D.La.)
**(Cite as: 1997 WL 3255 (E.D.La.))**

Page 4

this Court to ignore this long standing state law based on the Alabama Supreme Court's interpretation of the United States Supreme Court's decision in *Sun Ship, Inc. v. Pennsylvania,* 100 S. Ct. 2432 (1980) in *Fillinger v. Foster,* 448 So. 2d 321 (Ala. 1984).

**\*4** The Supreme Court in *Sun Ship* held that the 1972 extension of federal jurisdiction in this arena supplements, rather than supplants state compensation law. *Sun Ship,* 100 S. Ct. 2436. The Supreme Court did not address § 933(i)'s co-employee immunity under the LHWCA and whether that bar should pre-empt state law to the contrary. This Court is unpersuaded by the Alabama court's reasoning.

In addition, contrary to the Avondale Interests' contention, unlike *Grantham v. Avondale Industries, Inc.,* 964 F.2d 471 (5th Cir. 1992), there is no Fifth Circuit case law that conflicts with *Poche* which this Court might be required to follow given the edict in *Grantham.* In *Grantham,* an injured subcontractor worker who had received benefits under the LHWCA brought a negligence and strict liability action against the contractor which was constructing the ship. The district court held that the contractor was immune as the statutory employer of the plaintiff applying Louisiana state decisional law on this issue. The district court did so based on its belief that as the sole basis for jurisdiction was diversity, the court should apply state decisional law, not federal decisional law with respect to whether the statutory employer bar applied.

The Fifth Circuit reversed the district court because the question of immunity was one governed by federal law. Because the Fifth Circuit had not recognized statutory immunity under the LHWCA in previous decisions, *Martin v. Ingalls Shipbuilding,* 746 F.2d 231 (5th Cir. 1984), the court found that the district court erred in finding that statutory immunity applied in that case. However, in so doing, the *Grantham* court recognized that the Fifth Circuit decisional rule with respect to statutory immunity might be erroneous. It stated:

We recognize that our decisions in *Jenkins* and *Martin* did not address the Supreme Court's holding in *Sun Ship Inc. v. Pennsylvania,* 447 U.S. 715, 100 S. Ct. 2432, 65 L.Ed.2d 458 (1980), where the court held that the LHWCA supplements rather than supplants state workers' compensation schemes. We do not purport to address *Sun Ship* here; nor do we consider whether our decision in *Martin* or those of the Fourth Circuit and the courts of Louisiana reach the better result. There is a powerful argument that we have taken a wrong turn. A conflict between the Fourth and Fifth Circuits over a significant maritime issue should not be left unresolved by our court en banc. This panel can only say that it is bound by the prior decisions of this court as was the district court.

*Grantham,* 964 F.2d at 474.

Thus, even that panel of the Fifth Circuit recognized that *Sun Ship* very well may require a recognition of state decisional law in such a context. Indeed, the Supreme Court in *Sun Ship* stated:

Thus, even were the LHWCA exclusive within its field, many employers would be compelled to abide by state-imposed responsibilities lest a claim fall beyond the scope of the LHWCA....

**\*5** Of one thing we may be certain. The exclusivity rule which appellant urges upon us would thrust employees into the same jurisdictional peril form which they were rescued by *Davis* and *Calbeck v. Travelers Insurance Co.* See Gilmore & Black 425. The legislative policy animating the LHWCA's landward shift was remedial; the amendments' framers acted out of solicitude for the workers.... To adopt appellant's position, then would blunt the thrust of the 1972 amendments, and frustrate Congress' intent to aid injured maritime laborers. We decline to do so in the name of "uniformity."

*Id.* at 2439.

Furthermore, in *Grantham,* Grantham had re-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1997 WL 3255 (E.D.La.)
**(Cite as: 1997 WL 3255 (E.D.La.))**

ceived federal benefits. There is no evidence in this record that Mr. Gauthe has ever accepted LHWCA benefits and thus is distinguishable on that basis.

Finally, what is most disturbing to this Court with relation to this case is that there was a full adjudication with respect to Mr. Gauthe and his injury at Avondale in state court. This "defense" was never raised in the state proceeding; issues of estoppel and res judicata might be at play here.

With respect to the second "colorable" federal defense, that being the government contractor defense as delineated in *Boyle,* 108 S. Ct. 2518, it is inapplicable in this instance.[FN5] This is not a design defect case as this defense is framed in *Boyle,* it is a failure to warn case. Avondale did not manufacture the asbestos in question. Nor has Mr. Gauthe sued Avondale because the asbestos was of faulty design or improperly manufactured. He has sued Avondale solely for its failure to warn. To stretch the government contractor defense to encompass something other that a design defect or manufacturing defect is not indicated here.

> FN5. In *Boyle v. United Technologies Corp.,* 108 S. Ct. 2510 (1988), the Supreme Court held that:
>
>> liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.
>
> *Smith v. Xerox Corp.,* 866 F.2d 135, 136-67 (5th Cir. 1989).

Mindful that ambiguities are generally construed against removal, *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir. 1979), and finding that there is no the causal nexus required or a colorable defense available to the Avondale Interests, this Court has no jurisdiction over this matter, and it must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Motion for Sanctions

Section 1447(c) provides for an award of costs and expenses including attorney fees on a motion for remand on the basis of lack of federal subject matter jurisdiction. It is entirely within the discretion of the Court to award such fees. However, considering the complexity of the issue presented, the Court finds that such an award is not warranted. Accordingly,

IT IS ORDERED that pursuant to 28 U.S.C. § 1447(c), as this Court has no jurisdiction over this matter, the Motion to Remand is GRANTED, and the case is REMANDED to the 24th Judicial District Court for the Parish of Jefferson.

IT IS FURTHER ORDERED that the Motion for Sanctions is DENIED.

E.D.La.,1997.
Gauthe v. Asbestos Corp.
Not Reported in F.Supp., 1997 WL 3255 (E.D.La.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.