

Not Reported in F.Supp.2d, 1999 WL 225438 (E.D.La.)
**(Cite as: 1999 WL 225438 (E.D.La.))**

C
Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
Wilton David MOUTON
v.
FLEXITALLIC, INC., et al.

No. CIV. A. 99-0162.
April 14, 1999.

ORDER AND REASONS
PORTEOUS, District J.

| | |
|---|---|
| Mouton v. Flexitallic, Inc. et al. | No. 99-0162 |
| Hebert v. Flexitallic, Inc. et al. | No. 99-0159 |
| Richard v. Flexitallic, Inc. et al. | No. 99-0160 |
| Bircher v. Flexitallic, Inc. et al. | No. 99-0405 |
| Dempster v. Flexitallic, Inc. et al. | No. 99-0482 |

## I. BACKGROUND

This case involves multiple plaintiffs alleging numerous theories of liability under state law against multiple defendants for damages based on asbestos exposure. The petition was originally filed in state court in 1995. On December 22, 1998, an amended petition was filed adding Avondale and its executive officers for failure to warn about the dangers of asbestos, and failure to provide a safe place to work. The defendant Kennedy, as an Avondale executive officer in charge of safety, filed a motion to remove the case to this Court.

The defendants seek removal based on 28 U.S.C. § 1442(a)(1), the Federal Officer Removal Statute. The defendants claim that they were acting under the authority of various branches of the United States (the Navy, the Federal Maritime Commission) when building the ships during the relevant time frame. The defendants raise the Longshore and Harbor Workers' Act (LHWCA) as their federal defense. The defendants also mention the "government contractor immunity" defense in their Motion to Remove (p.8), but deny they are asserting that defense in their Motion in Opposition to Remand (p. 41).

*1 This cause came for hearing on March 16, 1999 upon a Motion for Remand filed by plaintiff Wilton David Mouton (Mouton). Upon agreement of the parties, this ruling applies to Civil Action Numbers 99-162; 99-159; 99-160; 99-405; and 99-482. For the reasons outlined below, the Court GRANTS the plaintiff's motion and REMANDS the following cases to Civil District Court for the Parish of New Orleans, State of Louisiana, for further proceedings:

Plaintiff Wilton David Mouton's case was chosen for oral argument, but the parties have agreed that the court's ruling will apply to all the petitions to remand filed by the plaintiffs listed above.

## II. LEGAL ANALYSIS

*A. Legal Standard for Remand*

A case may be removed to federal court under 28 U.S.C. § 1442(a)(1) when "any officer (or any person acting under that officer) of the United States... [is] sued in an official capacity for any act under color of such office...." 28 U.S.C. § 1442(a)(1) (Supp. II 1996). The defendants bear the burden of establishing removal jurisdiction. *Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d 387, 397 (5th Cir.1998).

Supreme Court cases interpreting § 1442(a)(1) have held that the right of removal "ensure[s] a federal forum in any case where a federal officer is entitled to raise a defense arising out of his official duties." *Arizona v. Manypenny,* 451 U.S. 232, 241 (1981). The importance



EXHIBIT 7

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in F.Supp.2d, 1999 WL 225438 (E.D.La.)
**(Cite as: 1999 WL 225438 (E.D.La.))**

of the right requires liberal interpretation of the removal statute. *Winters,* 149 F.3d at 398 (citing *Willingham v. Morgan,* 395 U.S. 402, 407 (1969)).

*B. Jurisdiction under the "Federal Officer" Statute*
*2 In general, an alleged defense to a state law issue, even if it raises a federal question, is insufficient to confer subject matter jurisdiction to satisfy removal. *Merrill Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804 (1986). However, 28 U.S.C. § 1442(a)(1) provides an exception when the defendant can meet a three-prong test developed from *Mesa v. California,* 489 U.S. 121 (1989):

1) the defendant is "a person;"

2) the defendant acted under the direction of a federal officer [FN1]; and

3) the defendant raises a colorable federal defense.

For the first prong, both an individual and a corporation qualify as a "person" under § 1442(a)(1). *Winters,* 149 F.3d at 398. The parties do not dispute that Avondale satisfies the first prong of the Mesa test.

*1. Causal Nexus Pursuant to Federal Direction*
Under the second prong, § 1442(a)(1) applies to governmental contractors when they can demonstrate a "causal nexus" between the plaintiffs' claims and the acts performed under the "color of federal office." *Mesa,* 489 U.S. at 131-32. The "color of federal office" prong should not be construed narrowly, but does require "a federal interest in the matter." *Winters,* 149 F.3d at 398 (quoting *Mesa,* 489 U.S. at 139).

Prior decisions analyzing what constitutes federal direction have required more than "general auspices" of a federal officer, or participation in a regulated industry. *Ryan v. Dow Chemical Co.,* 781 F.Supp. 934, 946 (E.D.N.Y.1992). Instead, the defendant must show "strong government intervention and the threat that a defendant will be sued in state court" based on actions which follow federal direction. *Fung v. Abex Corp.,* 816 F.Supp. 569, 572 (N.D.Ca.1992).

Defendants argue that sufficient federal control was exhibited to satisfy the second prong of the *Mesa* test. The defendants offer numerous exhibits consisting of contract specifications, material specifications, and inspection procedures. The defendants point out that the Navy required the use of asbestos, and performed safety inspections for compliance with the Walsh-Healey Act, the LHCWA, and Department of Labor regulations, all incorporated by reference in the military contracts. The defendant also offers affidavits of Avondale employees testifying that regulations regarding the handling of asbestos were enforced by safety inspections from the Navy and the Department of Labor. The defendants assert that the "causal nexus" requirement under *Mesa* does not require that the act complained of, i.e., failure to provide warnings, was federally authorized or mandated, but only that the act occurred within the course of Avondale's duties to the Navy.

On the other hand, plaintiffs argue that they are alleging strict premises liability and negligence, not product liability or defective design. Thus, Avondale can only satisfy the causal nexus prong if the government directed Avondale's activities regarding warnings and safety procedures to follow when working with asbestos. The plaintiff argues that the contract specifications of the naval vessels do not provide specific information regarding warnings for exposure to asbestos, and Avondale had the ability to provide safe working conditions beyond the minimum requirements that were federally mandated under the contract. Further, the plaintiff points out that exposure to asbestos occurred while building both government and commercial vessels. *See* Plaintiff's Reply Memorandum in Support of Motion to Remand, at p. 7-8.

*3 The Court finds the plaintiff's line of reasoning persuasive. Admittedly, several cases have found the federal governments' numerous technical specifications for design materials, working condition standards incorporated by reference in the contract, and inspections for compliance were sufficient to establish the causal link required under § 1442(a)(1). *See Lalonde v. Delta Field Erection, et. al,* No. 96-3244-B-M3 (M.D.La.1998) (silica exposure at U.S. rubber facility operated by a government contractor); *Blackmun v. Asbestos Defend-*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 1999 WL 225438 (E.D.La.)
**(Cite as: 1999 WL 225438 (E.D.La.))**

Page 3

*ants (BHC),* No. C-97-3066, 1997 WL 703773 (N.D.Cal.) (Asbestos exposure while government contractor manufactured rocket motors for the USAF); *Fung,* 816 F.Supp. at 572-73 (asbestos exposure while government contractor manufactured submarines at U.S. naval facility). The Court notes that two of these cases involved operation of federally-owned facilities, and are thus distinguishable under the "causal nexus" analysis.

However, other cases have rejected the theory that the federal government's contractual design specifications satisfy the causal link required absent express contractual government specifications regarding warnings. *See, e.g., Gauthe,* 1997 WL 3255, at *2; *Overly,* 1996 WL 532150, at *4. This Court concludes that recent Fifth Circuit precedent supports this analysis. *See Winters,* 149 F.3d at 397 (finding removal proper in a failure to warn case when government's contract specifications for the manufacture of Agent Orange included provisions for packaging and transport, and specific prohibitions against warnings on the barrels).

Although Avondale arguably "acted under" the Navy's direction when working by detailed instructions to build the destroyers, the specifications under the contract specified technical parameters, and only had more general references to safety regulations. The federal government provided no direction on warnings when using asbestos, and further did not prevent Avondale from taking its own safety precautions above the minimum standards incorporated in the federal contracts. Thus, the Court finds that Avondale has failed to establish a causal connection between the Navy's direction pursuant to the design contracts and plaintiff's failure to warn claims.

*2. Federal defense*
Under the third prong [FN2], the federal defense must only be alleged, not proven, because "the validity of the defense ... is a distinct subject" separate from the jurisdictional question. *Mesa,* 109 S.Ct. at 964. In general, satisfaction of the "acting under" prong for § 1442(a)(1) removal has provided sufficient evidence to establish a "colorable" government contract immunity defense. *See, e.g., Winters,* 149 F.3d at 400; *Blackmun,* 1997 WL 703773, at *3. However, the defendants claim a defense under the LHWCA, not government contractor immunity.

Section 933(i) of the LHWCA provides the exclusive remedy when an employee is injured by a co-employee's negligence. 33 U.S.C. 933(i). However, concurrent "twilight zone" jurisdiction exists between the LHWCA and state compensation statutes. *Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715 (1980). The question of 933(i)'s pre-emptive effect on Louisiana compensation law in the "twilight zone" of concurrent jurisdiction remains unanswered by the Fifth Circuit. *See, e.g., Gauthe,* 1997 WL 3255, at *3. The defendants argue that the pre-emptive issues created by the case law satisfy the burden of raising the defense for purposes of removal.

*\*4 The defendants have not put forth any evidence that the plaintiffs have received LHWCA benefits. The Court rejects the proposition that the presence of an unresolved legal issue alone creates a colorable federal defense.

*C. Attorneys' Fees*
A court, in its discretion, may award a plaintiff's "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when granting a motion for remand for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). However, the case law presented by both parties in the context of these facts raises issues of sufficient complexity that such an award would be unwarranted at this point. *See, e.g., Gauthe v. Asbestos Corp.,* No. Civ. A. 96-2454, 1997 WL 3255 (E.D.La.).

Accordingly,

IT IS ORDERED THAT the plaintiff Wilton David Mouton's motion for remand be, and is hereby, GRANTED.

IT IS FURTHER ORDERED that Civil Action No. 99-0162, Mouton v. Flexitallic, Inc. et al.; Civil Action No. 99-0159, Hebert v. Flexitallic, Inc. et al.; Civil Action No. 99-0160, Richard v. Flexitallic, Inc. et al.; Civil Action No. 99-0405, Bircher v. Flexitallic, Inc. et

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 1999 WL 225438 (E.D.La.)
**(Cite as: 1999 WL 225438 (E.D.La.))**

Page 4

al.; and Civil Action No. 99-0482, Dempster v. Flexitallic, Inc. et al., be, and is hereby, REMANDED to Civil District Court, Parish of New Orleans, State of Louisiana.

> FN1. Some courts define the *Mesa* test as a four-prong approach that has an "acting under" prong and a "causal nexus" prong. *See, e.g., Gauthe v. Asbestos Corp.,* No. Civ. A. 96-2454, 1997 WL 3255 (E.D.La.); *Overly v. Raybestos-Manhattan,* No. C-96-2853, 1996 WL 532150 (N.D.Cal.). However, the Fifth Circuit recently defined the second prong as both "that the defendants acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' actions under color of federal office and the plaintiff's claims." *Winters,* 149 F.3d at 398.

> FN2. Although the defendants' failure to establish the second prong doom their removal attempt under § 1442(a)(1), the Court briefly adds its reasoning under the third prong to the myriad of district court opinions on the subject.

E.D.La.,1999.
Mouton v. Flexitallic, Inc.
Not Reported in F.Supp.2d, 1999 WL 225438 (E.D.La.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.