CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

Number 05-4072                                    Division "H"

DANO PAUL BECNEL

versus

NORTHRUP GRUMMAN SHIP SYSTEMS, INC., et al.

---

**OPPOSITION TO MOTION TO COMPEL ON BEHALF OF
CBS CORPORATION AND GENERAL ELECTRIC**

---

**May It Please the Court:**

Plaintiffs contend that Diane Becnel was exposed to asbestos on the work clothes of her father Victorin Rome who was employed at Avondale from 1952 through 1994. Plaintiffs propounded a single set of more than 50 interrogatories and 50 requests for production to all defendants to which CBS and General Electric object because 1) they seek information and documents that have been previously provided to plaintiffs' counsel in multiple prior cases, 2) the interrogatories are over broad in seeking information regarding products, sites and contracts not related to the present case, and 3) plaintiffs have provided CBS and General Electric with insufficient information to be able to respond to some of the interrogatories and requests for production.

**A.   Plaintiffs' Counsel Has Been Provided Much Of The Information And Documents Requested In Prior Cases**

More than half of the interrogatories and requests for production seek information and documents relating to matters such as defendants' corporate history, corporate knowledge of asbestos issues, insurance, historical use of asbestos, history of litigation, membership in trade organizations, industrial hygiene programs and other non case-specific matters. Unfortunately, this is not the first asbestos lawsuit that plaintiffs' counsel has filed against CBS and General Electric, and they have responded to these discovery requests in multiple prior cases.

From the time they were initially made defendants in asbestos litigation, both CBS and General Electric instituted programs to attempt to locate and accumulate documents relevant to such proceedings. CBS maintains its asbestos document repository in Pittsburgh, and General Electric has its in Chicago. Plaintiffs' counsel has

EXHIBIT 8

previously had access to both repositories and allowed to review and copy all documents contained therein. The available historical information requested by plaintiffs is contained in documents from the repository which are already in plaintiffs' counsel's possession. Finally, plaintiffs' counsel is also in possession of copies of all exhibits contained on defendants' exhibit lists for Avondale cases.

Louisiana Code of Civil Procedure article 1420 provides that discovery requests cannot be made to harass or to needlessly increase the cost of litigation and cannot be unreasonable, unduly burdensome or expensive. Clearly, repeating the same discovery requests used in prior cases for non case-specific information does nothing but create harassment, burden and unnecessary expense. Moreover, plaintiffs' counsel typically uses her current and existing clients as fact witnesses and argues that the so-called *Johnny Johnson Rule* prohibits defendants from asking any question that is repetitive of questions asked in prior cases. However, to the extent this rule does exist, it was enacted to protect corporate defendants[1] and their representatives from repetitive depositions in asbestos litigation. The same concerns apply to repetitive interrogatories and requests for production.

Because CBS and General Electric have previously answered identical interrogatories and requests for production, given plaintiffs' counsel access to their asbestos document repositories and provided her copies of their Avondale exhibits, they object to all interrogatories and requests for production that seek non case-specific information that are repetitive of similar discovery requests in prior litigation.

### B. The Interrogatories and Requests for Production Are Over Broad and Not Reasonably Tailored to the Facts of This Case

Plaintiffs' interrogatories and requests for production were intended to apply to all defendants and appear to have been assembled from those used in prior cases. For this reason, most of the interrogatories and requests for production seek information concerning *any* or *all* asbestos-containing products manufactured, sold, distributed or used by a defendant. Although there is a very broad temporal restriction of 1952 to 1994, there are no restrictions to particular products, facilities, work sites or ships. As applied to large companies such as General Electric and CBS' predecessor

---

[1] Specifically, Avondale and its executive officers.

{B0504013.1}

Westinghouse which manufactured thousands of products and had numerous offices and facilities world-wide, the lack of such restrictions renders the requests overwhelmingly over broad. Even if CBS and General Electric could conduct an investigation and obtain all requested information, more than 99% of it would have no relevance to the present case.

The present case involves alleged asbestos exposure at the Avondale shipyards and plaintiffs' discovery requests must be limited to products used there. Plaintiffs' counsel is not entitled to use this case as a fishing expedition to cause defendants to conduct extensive and unnecessary investigations looking for information regarding irrelevant products and sites.

### C. Plaintiffs Have Failed To Provide CBS And General Electric With Information Necessary To Respond To Some Interrogatories And Requests For Production

A very few of the interrogatories and requests for production seek information related to specific equipment such as turbines, boilers and compressors provided to Avondale. CBS and General Electric did sell marine turbines that were installed on some ships built at Avondale along with other companies such as Delaval, Elliott, Ingersol Rand, Terry and others.

A marine turbine is a small steam turbine used in a steam ship's propulsion system. Unlike the large land-based powerhouse turbines which are specially designed and constructed for a particular customer and his facility, marine turbines were built and sold as "off the shelf" items. For this reason records concerning the sale of marine turbines are often limited or nonexistent. Determining whether any company's marine turbine was present on a particular ship generally requires the serial number of the turbine or at least the name of the ship. Even when the name of the ship is known, CBS and General Electric must generally conduct an investigation using public resources equally available to plaintiffs' counsel. Further, CBS and General Electric sold marine turbines "bare metal" i.e. without insulation materials or specifications regarding insulation. If the marine turbines were subsequently insulated during ship construction, they would be insulated as part of the overall steam system using materials specified by the ship owner's marine architect or engineer.

{B0504013.1}

Plaintiffs have failed to identify any particular turbine that Victorin Rome worked around or any particular ship on which he allegedly worked in the vicinity of any turbine while any insulation was being manipulated or disturbed. Based on the manner in which the discovery requests are phrased, CBS and General Electric would have to investigate every ship built at Avondale between 1952 and 1994. This would be an undue burden specifically in light of 1) there has been no testimony that Victorin Rome was ever around any marine turbine while any asbestos-containing material was disturbed, and 2) plaintiffs' counsel can obtain the necessary information from public resources available to her.

### D.   CONCLUSION

Based on the history of litigation with plaintiffs' counsel, it would be difficult to imagine what information she does not possess regarding products relevant to Avondale and the companies that provided them. She has already received information regarding CBS' and General Electric's corporate history, insurance, corporate knowledge, testing, industrial hygiene programs and products used at Avondale. She has examined and copied the documents in the CBS and General Electric document repositories and has been provided sets of their Avondale exhibits.

Discovery is not to be used to harass, annoy or increase litigation costs unnecessarily which is precisely the result of plaintiffs 100+ interrogatories and requests for production seeking information already in plaintiffs' counsel's possession. For this reason, CBS and General Electric pray that plaintiffs' motion to compel be denied.

By Attorneys:

**JONES, WALKER, WAECHTER,
POITEVENT, CARRÈRE & DENÈGRE, L.L.P.**
LEON GARY, JR. (Bar Roll No. 5959)
WILLIAM L. SCHUETTE (Bar Roll No. 2098)
JAMES C. PERCY (Bar Roll No. 10413)
MICHELE W. CROSBY (Bar Roll No. 10413)
OLIVIA SMITH REGARD (Bar Roll 27114)
8555 United Plaza Boulevard
Four United Plaza, Fifth Floor
Baton Rouge, Louisiana 70809-7000
Telephone:   (225) 248-2000
Facsimile:    (225) 248-3051

William L. Schuette

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

{B0504013.1}

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by facsimile, electronic mail, hand delivery, regular mail or by placing the same with any court appointed document repository.

Baton Rouge, Louisiana, this __7__ day of April, 2008.