FILED
U.S. DISTRICT COURT
E... ... ... LA

1999 FEB 18 P 12: 16

LORETTA G. WHYTE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

LOUIS J. GUIDROZ                              CIVIL ACTION

VERSUS                                        NO. 98-3709

THE ANCHOR PACKING CO., ET AL                 SECTION "B"(5)

## ORDER AND REASONS

This matter is before the Court for consideration of plaintiff's motion to remand. Plaintiff filed this action in the Civil District Court for Orleans Parish, Louisiana, seeking damages for personal injury resulting from his exposure to asbestos while working as a shipyard worker. On December 17, 1998, third party defendant Alabama Dry Dock and Shipbuilding Corporation ("ADDSCO") filed a notice of removal on the basis that ADDSCO was acting as a "federal officer" with respect to the vessels on which plaintiff worked and was therefore entitled to remove this action under 28 U.S.C. § 1442(a)(1). The basis for ADDSCO's position is that

DATE OF ENTRY FEB 18 1999





EXHIBIT
10

plaintiff's asbestos exposure occurred while on vessels built for the United States Navy.

Plaintiff contends in his motion that ADDSCO has alleged only the availability of a federal defense but has failed to allege or present a basis for federal jurisdiction to support the notice of removal. Plaintiff argues that the "government contractor defense" as applied to shipyard defendants has been rejected on three separate occasions in the Eastern District of Louisiana, as well as once in the Northern District of California. Plaintiff contends that no court has extended the government contractor defense beyond that of a design or manufacturing defect. This, plaintiff contends, is a failure to warn case and there is no connexity between the government contract and ADDSCO's failure to warn worker's about asbestos exposure. Plaintiff seeks remand of this matter and also seeks attorneys' fees and costs. Alternatively, plaintiff requests that the Court sever the third party claims against ADDSCO and remand the main demand to the state court.

As noted by plaintiff, it is the removing defendant's burden to establish the existence of federal jurisdiction over the controversy. _Winters v. Diamond Shamrock Chemical Co._, 149 F. 3d 387, 397 (5th Cir. 1998) (citations omitted). The burden therefore

2

is on ADDSCO to prove that the removal was proper and that this Court has jurisdiction.

Title 28, U.S.C. § 1442(a)(1) provides in pertinent part as follows:

> (a) A Civil Action . . . commenced in a state court against any of the following persons may be removed by them to a district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Any officer of the United States or any agency thereof, for any act under color of such office . . .

In general, in considering whether removal is proper under this section, the Court must determine whether the defendants 1) were persons, 2) acting under federal authority when committing the acts alleged, and 3) have asserted a colorable federal defense. Mesa v. California, 489 U.S. 121, 124 - 35, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989). Section 1442(a)(1) may be applied to a non-governmental individuals who can establish all of the following similar factors: 1) they are a "person;" 2) they have acted under the direction of a federal officer; 3) they can demonstrate a causal nexus between plaintiff's claims and the acts performed under the color of federal office; and 4) they can raise a federal defense to plaintiff's claim. Mesa, 489 U.S. at 131 - 32, 109 S. Ct. at 966; Willingham v. Morgan, 395 U.S. 402, 409, 89 S. Ct. 1813, 1817, 23 L. Ed. 2d 396 (1969) (the "color of office" test

3

requires a showing of a causal connection between the charged conduct and asserted official authority).

### ADDSCO as a "Person":

Under § 1442, the Court must determine whether the removing defendant is a person within the meaning of the statute. The Fifth Circuit Court of Appeals has consistently found that corporate entities qualify as "persons." See, Winters v. Diamond Shamrock Chemical Co., 149 F. 3d 387, 398 (5th Cir. 1998). Plaintiff does not contest this. ADDSCO therefore qualifies as a person for purposes of this removal.

### Acting Under Federal Authority:

In order for a court to find that a non-government defendant like ADDSCO was acting at the direction of a federal agent, the defendant must establish that it was under direct control of a federal officer, that is "the acts that form the basis for the state civil or criminal suit were performed pursuant to an officer's direct order or to comprehensive and detailed regulations." Ryan v. Dow Chemical Co., 781 F. Supp. 934, 939 (E.D.N.Y. 1992). In addition, ADDSCO must establish that the acts taken at the direction of the federal officer were a cause for the

4

harm alleged by the plaintiff. The "'color of federal office' requirement is neither 'limited' nor 'narrow,' but should be afforded a broad reading so as not to frustrate the statute's underlying rationale. Winters, 149 F. 3d at 398 (citing Murray v. Murray, 621 F. 2d 103, 107 (5th Cir. 1980)).[1]

A review of the record reflects that plaintiff has filed an original complaint and a supplemental and amending complaint. In the original complaint, plaintiff included a list of "defects" contained in certain products arising out of the inherent and known dangers of the asbestos products and the failure of certain named manufacturer/seller/supplier defendants on Exhibit A of the complaint to provide adequate warnings, packaging, or safety equipment at certain exposure sites listed on Exhibit B to the complaint, which included Equitable Shipyards, L.L.C., ("Equitable"). (Complaint, ¶ 13). With respect to the assertions against the manufacturer/supplier/seller defendants, plaintiff included the following specific claims:

"14. . . . .
    h.  failure to properly *design* these products where the nature of the product did not require use of

---

[1] Removal under § 1442(a)(1) "is thus meant to 'ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties.'" Diamond, 149 F. 3d at 398 (quoting Arizona v. Manypenny, 451 U.S. 232, 241, 101 S. Ct. 1657, 68 L. Ed. 2d 58 (1981)).

5

> asbestos mineral or where alternate, equally suitable substances were readily available;
> i. defects in the composition and construction of these products; . . .

Only two of the exposure sites, Avondale Industries and Halter Marine Group were named as defendants in paragraph 18. the claims against those entities at paragraphs 18 - 21 relate to a failure to warn theory.

In the supplemental complaint, plaintiff added Equitable, inter alia, to Exhibit A of the original complaint, for injuries received at that company's shipyard located in New Orleans, Louisiana. By reference in the amended complaint, this would also include Equitable as a manufacturer/supplier/seller defendant and liable to plaintiff under paragraphs 13 and 14 of the original complaint.

Equitable later filed a third party complaint in which it added several new parties, including ADDSCO as an exposure site only. In that complaint, Equitable alleged that ADDSCO, as well as other exposure sites, owed it indemnification or some contribution, for any asbestos exposure plaintiff may have had at its shipyard. As to certain manufacturer/supplier/seller defendants in its third party complaint, Equitable reiterated the claims alleged by the plaintiff in the original and supplemental complaints and in

addition added claims of failure to warn Equitable about certain dangers for it to pass on to its employees and workers.

Unlike the cases cited by the parties, the Court is not faced with any direct claims by plaintiff against ADDSCO. ADDSCO was brought into this suit by Equitable as another situs at which plaintiff may have been exposed to asbestos.

ADDSCO nevertheless alleges that plaintiff's suit is one for defective design and construction. Defendant contends that its exposure herein is a result of the alleged defective design of the two Navy vessels, which included asbestos, as well as the failure to warn about the effects of asbestos. Defendant contends that the plans and specifications for the two submarine rescue vessels were supervised and approved by the U.S. Navy and that the Navy sent on-site inspectors to supervise and control the construction of the two vessels on which plaintiff worked as an employee of George Engine Company. In support thereof, ADDSCO references three affidavits attached to the removal notice and the affidavit of a retired naval officer attached to the opposition. Each affidavit represents that the Navy provided speculations and certain instructions on the vessel design and manufacture and required that ADDSCO comply with those specifications. There is unrefuted support for ADDSCO's contention that the Navy supplied full-time

7

on-site supervision and instruction on the construction of the vessels and that the vessels were built to Navy specifications.

The plaintiff contends that this is strictly a failure to warn case against the exposure sites and not a design or manufacture case. There is no question that plaintiff's complaints and the third party complaint focus on the failure to warn of the hazards of asbestos and exposure thereto. The claims against the exposure sites relate only to the failure to warn and otherwise to provide a safe work place. There is no claims against ADDSCO under any other theory.

Nevertheless, but for the construction of the Navy vessels plaintiff would not have been present at the ADDSCO shipyard. Pursuant to plaintiff's deposition, attached in part to the notice of removal, plaintiff placed himself at the ADDSCO yard during the construction of two "Navy salvage ships." (Dep., p.108). He was assigned by his employer, George Engine Co., Inc., on several occasions to work on "the ship power and emergency power plant. (Dep., p.109). While there, other workers were installing insulation which caused dust, which allegedly included asbestos particles, and no safety equipment or procedures were provided. (Dep., p.109 - 110). This is the basis for ADDSCO contingent liability for plaintiff's claims. The Court finds that these

8

claims fall within the category of a "failure to warn" case and not a "defective design" case.

Recognizing this, there is nothing before the Court that would reflect that the safety procedures at issue were in any way controlled by the Navy or related to the Navy specifications used to build the two vessels.

To prove a causal connection, the defendant must demonstrate that it was on duty at its place of employment at all times relevant to the alleged incident. Willingham v. Morgan, 395 U.S. 402, 409, 89 S. Ct. 1813, 1817, 23 L. Ed. 2d 396 (1969). The basis for ADDSCO's alleged liability arises out of the manufacture of the vessels plaintiff worked on at that shipyard. More specifically, it arises out of the use of asbestos materials in the manufacture, i.e. the insulation, and the failure to warn other workers or to provide for their safety from exposure to asbestos.

The affidavits provided by ADDSCO are non-specific[2] and otherwise curiously fail to address the use of asbestos materials and any notification or safety procedures related thereto in this project, the very essence of the claims before the Court. The Court has no evidence or argument before it that the Government

---

[2] By non-specific, the Court means that the affiants in some respects detail the Navy's supervisory scheme over building projects but fail to discuss in any detail the particular specifications of this project or the asbestos materials at issue.

9

specified the use of the asbestos products or was involved in the notification or safety procedures related specifically to asbestos. For these reasons, the Court can not find an actual connection between a specific directive by a federal officer and the injuries alleged by the plaintiff. See Anderson v. Avondale Industries, Inc., 1994 W.L. 679827, slip op. at *3 - *4 (E.D. La. Dec. 5, 1994) (affiant's failure to address specifications of the asbestos product defeated causal connection). The Court is not convinced that the second prong of the Mesa test has been met.

Colorable Federal Defense:

Even if a causal connection had been met, the Court does not find a colorable federal defense. ADDSCO presents the Court with two defenses which it categorizes as federal defenses. One is the government contract defense and the other is based in Alabama law which would limit plaintiff's remedies to the Longshoreman and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 901, et seq.

The government contract defense is available when a person whose contract providing military equipment to the federal government could be held liable under state tort law for injury resulting from a design defect in that equipment. Boyle v. United

Technologies Corp., 487 U.S. 500, 108 S. Ct. 2510 (1988). Under Boyle, the government contract defense is available if three factors are met:

> Liability and design defects in military equipment cannot be imposed, pursuant to state law, when 1) the United States approved reasonably precise specifications; 2) the equipment conformed to those specifications; and 3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

Boyle, 487 U.S. at 512, 108 S. Ct. at 2518.

The government contract defense is applicable to design and manufacture defect cases. Boyle, 108 S. Ct. 2518. In this district, removal under this statute has not been expanded to cases involving only a failure to warn of a particular hazard. Gauthe v. Asbestos Corp., 1997 W.L. 3255 (E.D. La. Jan. 2, 1997) (unpublished).[3] Since the Court has already found that this action

---

[3] The Court places little emphasis on the Magistrate Judge's "Ruling" in Lalonde v. Delta Field Erection, No. 96-3244-B-M3 (M.D. La. Aug. 5, 1998) from the Middle District of Louisiana cited by ADDSCO. First, the Court is unclear as to the jurisdictional authority under which the Magistrate Judge, rather than a District Judge, entered this jurisdictional "Ruling." Second and most relevant, the Magistrate Judge chose to ignore Overly v. Raysbestos-Manhattan, 1996 W.L. 532150 (N.D. Ca. Sept. 9, 1996) (unpublished) and other unidentified "similar cases" (presumably those raised by plaintiff herein) on the basis that these lower court cases "do not involve a government contractor acting exclusively as an agent for the federal government in operating a government-owned facility," as she was faced with in Lalonde. Lalonde, slip op. at 7 n.13. The Magistrate Judge found it all but frivolous to consider that an agent operating such a plant would have to prove that each act it performed had been under Government supervision. That is not the case here. For this reason, the Lalonde case and its protracted reasoning are distinguishable.

11

is not one for design defect, this defense is not available to ADDSCO.

Even if an element of design defect case existed, the applicability of the government contract defense is a consideration. As previously found, the documents provided to the Court do not reflect whether the Navy specified the use of asbestos insulation in the vessels. In fact, the attachments to the affidavit of Rear Admiral Roger B. Horne, Jr. (retired), reflect that materials and plans were contractor supplied, though Navy approval was required. While the evidence is clear that the Navy had great input into the design and construction of these vessels, there is no indication that the Navy specifically authorized the use of asbestos materials or controlled the warnings vel non regarding its hazards. Without any indication that the United States Navy specified the use of asbestos materials or insulation or that the Navy was notified of the hazards and directed ADDSCO on notification or safety procedures, vel non, the Court can not find that ADDSCO is entitled to a government contract defense. See Smith v. Xerox Corp., 866 F. 2d 135, 138 (5th Cir. 1989)(for government contract defense to apply, the Government must have provided the relevant specifications); compare Winters, 149 F. 3d at 400-01 (affidavit and other evidence was ample to support that

12

(Government had provided specifications for asbestos product) with Anderson, 1994 W.L. 679827, slip op. at *3 - *4 (affiant's failure to address specifications of the asbestos product defeated causal connection prong).

With respect to the applicability of the Longshoreman and Harbor Workers Act under Alabama law, the Court must also find that ADDSCO has not proven that a federal defense is available.[4] ADDSCO has presented no evidence or argument that would indicate that plaintiff qualifies as a longshoreman/employee under 33 U.S.C. § 902 et seq., that ADDSCO would be liable to him, the employee of another company, under 33 U.S.C. § 905, or that he is entitled to benefits under the LHWCA. See Alday v. Patterson truck Line, Inc., 750 F. 2d 375, 376 (5th Cir. 1985) (discussing elements of liability under LHWCA); Efferson v. Kaiser Aluminum & Chemical Corp., 816 F. Supp. 1103, 1108 (E.D. La. 1993) (contractor is "employer" of a subcontractor's employee only if subcontractor fails to secure the payment of compensation as required by LHWCA); Overly v. Raybestos-Manhattan, 1996 W.L. 532150, slip op. at *3

---

[4] Defendant's sole support for this defense is an Alabama state court decision in which the court found that a suit by one worker, covered by the LHWCA, against another co-employee presented an exclusively federal claim under the LHWCA, thereby preempting state suit. Fillinger v. Foster, 448 So. 2d 321 (Al. 1984). The Fillinger case is factually distinct from this case and is contrary to the binding federal precedent in this Circuit. Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa., 876 F. 2d 1157 (5th Cir. 1989).

(N.D. Ca. 1996)(unpublished) (citing Peter v. Hess Oil Virgin Islands Corp., 903 F. 2d 935, 942 (3d Cir. 1990)); Gauthe v. Asbestos Corp., 1997 W.L. 3255, slip op. at 3 - 5 (E.D. La. Jan. 2, 1997) (unpublished).

Having found that defendant has failed to establish a causal connection or action under official authority, and having found that no federal defense is available to defendants, the Court finds that this matter was improvidently removed and should be remanded.[5] Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand be and hereby is **GRANTED** and this matter be remanded to the Orleans Parish Civil District Court.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

February 17, 1999

---

[5] The plaintiff's alternative request to sever the third party claim against ADDSCO is moot.

14