

Not Reported in F.Supp.2d, 2008 WL 5216213 (E.D.La.)
**(Cite as: 2008 WL 5216213 (E.D.La.))**

C
Only the Westlaw citation is currently available.

United States District Court,
E.D. Louisiana.
Byron GRANIER, et al.
v.
NORTHROP GRUMMAN SHIP SYSTEMS, INC.,
et al.

Civil Action No. 06-3738.
Dec. 12, 2008.

Gerolyn Petit Roussel, Perry Joseph Roussel, Jr., Lauren Roussel Clement, Jonathan Brett Clement, Roussel & Clement, Laplace, LA, for Plaintiffs.

Gary Allen Lee, Anita Ann Cates, Richard Marshall Perles, Lee, Futrell & Perles, LLP, Gordon Peter Wilson, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA, Brian C. Bossier, Christopher Thomas Grace, III, Edwin A. Ellinghausen, III, Richard L. Olivier, Blue Williams, LLP, Metairie, LA, for Defendants.

## ORDER AND REASONS

ELDON E. FALLON, District Judge.

*1 Pending before the Court are the Plaintiffs' Motion to Remand (Rec.Doc.7) and the Defendants' Motion to Include Statement Prescribed by 28 U.S.C.A. § 1292(b) (Rec.Doc.15). For the following reasons, the Plaintiffs' motion is GRANTED and the Defendants' motion is DENIED.

### I. BACKGROUND

The Plaintiffs, Byron Granier and Josie Legendre Granier, filed suit in Civil District Court for the Parish of Orleans, Louisiana on June 8, 2006 against various parties, including Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc. ("Avondale") and its executive officers Peter Territo and Albert Bossier, Jr. The Plaintiffs allege that Mr. Granier was exposed to asbestos and contracted mesothelioma, cancer, and asbestos-related injuries while he was employed at Avondale, a privately owned shipyard, between 1970 and 1975.

The Plaintiffs' petition for damages asserts numerous theories of liability under state law, including that the Defendants (1) failed to provide a safe working environment and therefore should be held strictly liable under a theory of premises liability, (2) negligently failed to provide a safe working environment, and (3) failed to warn Mr. Granier of the dangers associated with exposure to asbestos.

On July 13, 2006, Avondale, Territo, and Bossier removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1), commonly known as the Federal Officer Removal Statute. The Defendants argue that they were acting under the direct supervision and control of certain federal officers when building ships during the relevant time period.

On December 26, 2006, the matter was transferred to the Eastern District of Pennsylvania and consolidated with the MDL proceedings in that district pursuant to 28 U.S.C. § 1407. (Rec.Doc.51.) On September 12, 2008, the MDL Panel issued a conditional order remanding the case back to this Court. (Rec.Doc.88.)

### II. PRESENT MOTIONS

The Plaintiffs have filed a motion to remand this action to state court, arguing that removal under the Federal Officer Removal Statute is improper and therefore that this Court lacks subject matter jurisdiction. The Defendants bear the burden of establishing the existence of federal jurisdiction over this controversy. *See Winters v. Diamond Shamrock,* 149 F.3d 387, 397 (5th Cir.1998).

This removal is not the first of its kind. Invariably, attempts by these Defendants to remove similar actions under the Federal Officer Removal Statute have been rejected by this Court. *See Cole v. Northrop Grumman Ship Sys.,* No. 07-3049, 2008 WL 2651428 (E.D.La. July 7, 2008); *Savoie v.*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.



Page 2

Not Reported in F.Supp.2d, 2008 WL 5216213 (E.D.La.)
**(Cite as: 2008 WL 5216213 (E.D.La.))**

*Northrop Grumman Ship Sys., Inc.,* No. 05-2086 (E.D.La. July 13, 2005); *Mouton v. Flexitallic, Inc.,* No. 99-162, 1999 WL 225438 (E.D.La. Apr.14, 1999); *Bourgeois v. A.P. Green,* No. 96-3764 (E.D.La. Jan. 15, 1997); *Gauthe v. Asebestos Corp.,* No. 96-2454, 1997 WL 3255 (E.D.La. Jan.2, 1997); *Porche v. Flexitallic, Inc.,* No. 96-2827, 1996 WL 603919 (E.D.La. Oct.13, 1996).

***2** The Defendants ask the Court to reconsider its earlier rulings in light of two recent cases from the Middle District of Louisiana refusing to remand similar cases, *Melford v. Territo,* No. 05-1405 (M.D.La. Jan. 31, 2006) and *McFarlain v. Northrop Grumman Systems Corp.,* No. 05-1406 (M.D.La. Feb. 6, 2006). The Defendants also ask the Court to include a statement prescribed by 28 U.S.C.A. § 1292(b) and certify the case for interlocutory appeal.

### III. LAW AND ANALYSIS

The Defendants argue that removal is proper under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). Given the importance of ensuring a federal forum where a federal officer raises a defense arising out of his official duties, this removal statute must be liberally construed. *See Winters,* 149 F.3d at 398. The statute provides that:

> (a) A civil action ... commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office....

28 U.S.C. § 1442(a)(1). In *Mesa v. California,* 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989), the United States Supreme Court set forth a three-prong test which must be met in order for a defendant to remove a case under 28 U.S.C. § 1442(a)(1). The United States Court of Appeals for the Fifth Circuit clarified this test in *Winters v. Diamond Shamrock,* 149 F.3d 387 (5th Cir.1998). Accordingly, removal is proper under the Federal Officer Removal Statute if:

(1) the defendant is a "person";

(2) the defendant acted pursuant to a federal officer's directions and a casual nexus exists between the defendant's actions under color of federal office and the plaintiff's claims; and

(3) the defendant raises a colorable federal defense.

*See Winters,* 149 F.3d at 398-400.

There is no dispute in this case that the removing Defendants are "persons" for purposes of the statute. However, the Plaintiffs argue that the Defendants did not act pursuant to a federal officer's directions. Indeed, a United States Navy ship inspector at Avondale from 1965 to 1976, Mr. Felix Albert, states in his sworn affidavit that:

> Avondale employees did not work under the direct orders of a ship inspector and Avondale employees did not act under the direction of a ship inspector. The United States government inspectors neither monitored nor enforced safety regulations. On the job safety during the construction of vessels for the United States government was the responsibility of Avondale Shipyards' safety department.

Pl.'s ex. 9. Moreover, the Plaintiffs argue that the Defendants do not have a colorable federal defense.

As noted above, courts in this District have previously addressed these issues. For example, in the court in *Mouton* explained that

> **\*3** [a]lthough Avondale arguably "acted under" the Navy's direction when working by detailed instructions to build the destroyers, the specifications under the contract specified technical para-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Not Reported in F.Supp.2d, 2008 WL 5216213 (E.D.La.)
**(Cite as: 2008 WL 5216213 (E.D.La.))**

meters, and only had more general references to safety regulations. The federal government provided no direction on warnings when using asbestos, and further did not prevent Avondale from taking its own safety precautions above the minimum standards incorporated in the federal contracts. Thus, the Court finds that Avondale has failed to establish a causal connection between the Navy's direction pursuant to the design contracts and plaintiff's failure to warn claims.

*Mouton,* 1999 WL 225438, at * 3. Indeed, this Court expressed the same view in *Bourgeois:*

[T]he issue here is whether there [were] safety rules, regulations, equipment, atmosphere, information imparted to the people, warnings, things of that sort which are completely under the supervision and control of Avondale. [Avondale] would not expose some people to some hazards and other people to other hazards, they have to have a uniform safety program regardless of who they do work for.

So I think the issue in this case is that the government may have had some general control, the inspectors may have come aboard the vessels .... [but] they are often given the safety equipment to go board the vessel by Avondale.... Avondale, in that instance, is really telling [the federal officers] what to wear and what to do and where to go and whose working on the vessel rather than the other way around.

*Bourgeois,* No. 96-3764, Tr., Jan. 15, 1997, 32-33.

In response to the Plaintiffs' motion to remand, the Defendants ask the Court to reconsider these views in light of two recent cases from the Middle District of Louisiana. In *Melford,* the court read § 1442(a)(1) very broadly and denied the plaintiff's motion to remand. In *McFarlain,* the court also denied a plaintiff's motion to remand, finding that the defendants had demonstrated a causal connection with respect to the plaintiff's strict premises liability claims, although a causal connection was lacking with respect to the plaintiff's failure to warn claims.

Despite the conclusions reached in *Melford* and *McFarlain,* this Court still finds that Avondale did not act pursuant to a federal officer's directions, and thus that "a federal interest in the matter" does not exist. *Winters,* 149 F.3d at 398 (quoting *Willingham v. Morgan,* 395 U.S. 402, 406, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969)). Although the Defendants urge the Court to find that the Plaintiffs in the instant action urge strict premises liability claims similar to those in *McFarlain,* the Court finds that the Plaintiffs' claims do not support the exercise of jurisdiction pursuant to the Federal Officer Removal Statute. *See, e.g., Savoie v. Northrop Grumman Ship Sys., Inc.,* No. 05-2086, at * 5 (E.D.La. July 13, 2005) (finding that similar claims did not support the exercise of federal jurisdiction under the Federal Officer Removal Statute). In *Savoie,* the court found that claims similar to those in the instant action were "based solely upon Territo's and Avondale's failure to use asbestos safely and not based simply upon their use of asbestos. Their claims are based on negligence .... [and are not] construed to impose a mode of strict liability which, upon the showing of causation, is absolute and unconditional." *Id.* (internal citations omitted). The Court agrees with the reasoning in *Savoie* and finds that the Plaintiffs' claims are not merely based on the simple fact that the Defendants used asbestos, but rather on the allegation that, while incorporating asbestos into their operations, the Defendants negligently failed to take the proper safety precautions.

**IV. CONCLUSION**

*4 For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand (Rec.Doc.7) is GRANTED. IT IS FURTHER ORDERED that the Defendants' Motion to Include Statement Prescribed by 28 U.S.C.A. § 1292(b) (Rec.Doc.15) is DENIED. The case is hereby remanded to the Civil District Court for the Parish of Orleans, State of

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 5216213 (E.D.La.)
**(Cite as: 2008 WL 5216213 (E.D.La.))**

Page 4

Louisiana.

E.D.La.,2008.
Grainer v. Northrop Grumman Ship Systems, Inc.
Not Reported in F.Supp.2d, 2008 WL 5216213 (E.D.La.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.