JURY

# U.S. District Court
## Eastern District of Virginia – (Norfolk)
## CIVIL DOCKET FOR CASE #: 2:11–cv–09790–AWA

Close v. Consolidated Rail Corporation et al

Assigned to: District Judge Arenda L. Wright Allen

Demand: $2,500,000

Lead case: 2:11–cv–09999–MSD

Member cases:

    2:11–cv–09730–MSD

    2:11–cv–09731–MSD

    2:11–cv–09732–MSD

    2:11–cv–09733–MSD

    2:11–cv–09734–MSD

    2:11–cv–09735–MSD

    2:11–cv–09736–MSD

    2:11–cv–09737–MSD

    2:11–cv–09738–MSD

    2:11–cv–09739–MSD

    2:11–cv–09740–MSD

    2:11–cv–09741–MSD

    2:11–cv–09742–MSD

    2:11–cv–09745–MSD

    2:11–cv–09746–MSD

    2:11–cv–09747–MSD

    2:11–cv–09748–MSD

    2:11–cv–09749–MSD

    2:11–cv–09750–MSD

    2:11–cv–09751–MSD

    2:11–cv–09752–MSD

    2:11–cv–09753–MSD

    2:11–cv–09743–MSD

    2:11–cv–09746–MSD

    2:11–cv–09747–MSD

    2:11–cv–09752–MSD

    2:11–cv–09754–MSD

    2:11–cv–09755–MSD

    2:11–cv–09756–MSD

    2:11–cv–09757–MSD

    2:11–cv–09758–MSD

    2:11–cv–09759–MSD

    2:11–cv–09760–AWA

Date Filed: 09/15/2011

Jury Demand: Plaintiff

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Federal Question

2:11–cv–09766–AWA
2:11–cv–09762–AWA
2:11–cv–09763–AWA
2:11–cv–09764–AWA
2:11–cv–09765–AWA
2:11–cv–09767–AWA
2:11–cv–09768–AWA
2:11–cv–09769–AWA
2:11–cv–09770–AWA
2:11–cv–09771–AWA
2:11–cv–09772–AWA
2:11–cv–09773–AWA
2:11–cv–09774–AWA
2:11–cv–09775–AWA
2:11–cv–09776–AWA
2:11–cv–09777–AWA
2:11–cv–09778–AWA
2:11–cv–09779–AWA
2:11–cv–09780–AWA
2:11–cv–09781–AWA
2:11–cv–09782–AWA
2:11–cv–09783–AWA
2:11–cv–09784–AWA
2:11–cv–09785–AWA
2:11–cv–09786–AWA
2:11–cv–09787–AWA
2:11–cv–09788–AWA
2:11–cv–09789–AWA
2:11–cv–09790–AWA

Cause: 45:51 Railways: Fed. Employer's Liability Act

**Plaintiff**

| | | |
|---|---|---|
| **Gerald D. Close** | represented by | **Kip Andrew Harbison** |

Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625–6787
*ATTORNEY TO BE NOTICED*

**Willard James Moody , Jr.**
The Moody Law Firm, Inc.
500 Crawford St
Commerce Bank Bldg
Suite 300
Portsmouth, VA 23704

(757) 393–6020
Fax: (757) 399–3019
*ATTORNEY TO BE NOTICED*

**Defendant**

**Consolidated Rail Corporation**
*individually and as successor in interest to*
*Penn Central, New York Central and*
*Pennsylvania Railroads*

**Defendant**

**American Premier Underwriters, Inc.**
*individually and as a successor in interest*
*to Penn Central Corporation*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/15/2011 | 1 | 4 | COMPLAINT against American Premier Underwriters, Inc., Consolidated Rail Corporation ( Filing fee $ 350.00 receipt number 24683012912.), filed by Gerald D. Close. (Attachments: # 1 Civil Cover Sheet, # 2 Receipt)(tlev, ) (Entered: 09/16/2011) |
| 09/16/2011 | 2 | 20 | DEMAND for Trial by Jury by Gerald D. Close. (Zello, Karen) (Entered: 09/16/2011) |



SEP 1 5 2011

CLERK. US DISTRICT COURT
NORFOLK. VA

Kip A. Harbison – VA Bar No. 38648
GLASSER and GLASSER, P.L.C.
Crown Center, Suite 600
580 E. Main Street,
Norfolk, VA 23510

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

GERALD D. CLOSE,                         :
Gwynn, Virginia                          :
                                         :
    Plaintiff,                           :
                                         :
v.                                       :      NO. 2:11CV9790
CONSOLIDATED RAIL CORPORATION,           :
                                         :      ASBESTOS CASE
and                                      :
                                         :
AMERICAN PREMIER UNDERWRITERS,           :
                                         :
    Defendants.                          :

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: Asbestos Products                 :
Liability Litigation (No.Vi)             :
                                         :
_____ X        :
This Document Relates To:                ;      CIVIL ACTION NO.
                                         :      MDL 875
Gerald D. Close v. Consolidated Rail     :
Corporation and American Premier         :
Underwriters (Civil Action No. 2:11cv9790)   :

### COMPLAINT

Now comes the Plaintiff, and moves the United States District Court for the Eastern District

of Virginia for a judgment against CONSOLIDATED RAIL CORPORATION, a Pennsylvania

Corporation, individually and as successor in interest to Penn Central, New York Central and

Pennsylvania Railroads; and AMERICAN PREMIER UNDERWRITERS, INC., individually and as

USCA4 4

a successor in interest to Penn Central Corporation (hereinafter collectively referred to as Defendants) in the total amount of $2.5 Million dollars plus interest and the costs of this proceeding; in support of this Complaint Plaintiff respectfully represents the following:

1.    Plaintiff is:

    a.    Plaintiff ("plaintiff-worker")

        Name:                  Gerald D. Close

        Address:              Gwynn, Virginia

        Social Security No.:    ***-**-5839

        Date of Birth:        **/**/1940

    b.    Plaintiff's Spouse      Not applicable

1.    Defendant, CONSOLIDATED RAIL CORPORATION, a Pennsylvania Corporation, as successor in interest to Penn Central, New York Central and Pennsylvania Railroads, is a Railroad Corporation organized and existing under the laws of the State of Pennsylvania, and at all relevant times, Defendant has and continues to do business within the State of Virginia as a common carrier of interstate commerce and intrastate commerce and has engaged in interstate commerce and transportation for many years.

2.    Defendant, AMERICAN PREMIER UNDERWRITERS, INC. is the successor in interest to the Penn Central Corporation, which was a railroad corporation organized as a common carrier of interstate and intrastate commerce for many years.

3.    Plaintiff is a person of the full age of majority and a resident of Gwynn, Virginia.

4.    This action arises under the Jones Act, 46 U.S.C. Section 30104, general maritime law and/or the Federal Employers' Liability Act, 45 U.S.C. Section 51 *et seq*.

5.    The Defendants at all times pertinent hereto were doing business within the

USCA4 5

jurisdiction of this Court.

## COUNT I

### THE JONES ACT AND VESSEL UNSEAWORTHINESS

6.      Plaintiff incorporates by reference the preceding paragraphs as though they were set forth herein.

7.      Plaintiff was employed by the Defendants as a deckhand and boiler tender and a member of the crew of various merchant vessels owned and operated by the Defendants within the state of Virginia from 1962 to 1985.

8.      As a deckhand and boiler tender, Plaintiff fired the boilers that propelled the Defendants' vessels; and his other duties contributed to the function of the vessels and the accomplishment of their mission.

9.      Plaintiff was employed by Defendants upon and assigned to a specific fleet of vessels owned and operated by the Defendants.

10.     These Defendants were the Jones Act employers of the Plaintiff during his career.

11.     While the Plaintiff was employed aboard the aforesaid vessels, said vessels regularly and frequently sailed in navigable waters while conducting their affairs and business activities, including the Chesapeake Bay, a navigable waterway measuring approximately 200 by 30 miles, including but not limited to Cape Charles, Virginia and Norfolk, Virginia and other locations.

12.     The aforesaid vessels regularly and frequently docked at various marine terminals and shipyards while conducting their affairs and business activities.

13.     Plaintiff's cause of action, or a part thereof, arose as a result of his exposure to asbestos while sailing in navigable waters aboard the Defendants' vessels and in the service of such vessels.

USCA4  6

14.     During the course of his service aboard these vessels while within the jurisdiction of this Court, Plaintiff was caused to work directly with, and in close proximity to, asbestos and asbestos-containing products that were part of, and appurtenances of said vessels.

15.     Said asbestos and asbestos-containing products, gear, appliances and appurtenances caused release of airborne asbestos dust, a dangerous condition resulting in Plaintiff's injury, and thus rendered the vessels unseaworthy.

16.     While engaged in the course of his employment with the Defendants, the Plaintiff was exposed to asbestos and/or asbestos containing materials and/or asbestos dust resulting from the Plaintiff's use, handling, manipulating, hauling and/or working around others who used, handled, manipulated, and/or hauled asbestos and/or asbestos containing materials.

17.     At all times, Plaintiff was unaware of the dangerous propensities of asbestos and/or asbestos containing materials and was unaware of the cause of his latent abnormal medical condition.

18.     At all times material hereto, Defendants knew, or should have known, that exposure to dust including but not limited to asbestos fibers and/or dust was dangerous, toxic and potentially deadly.

19.     At all times material hereto, Defendants knew, or should have known, that Plaintiff would be exposed to the inhalation and/or ingestion of dust, including but not limited to asbestos fibers and/or resulting from the use of and/or handling of said products and/or said materials.

20.     Despite this knowledge, Defendants negligently:

      (a)     Failed to provide Plaintiff with a seaworthy vessel;

      (b)     Failed to provide Plaintiff with a reasonably safe place to work;

      (c)     Failed to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

USCA4 7

(d)     Failed to warn Plaintiff of the true nature and hazardous effects of asbestos containing products;

(e)     Failed to provide instructions or a method for the safe use of asbestos containing products;

(f)     Failed to provide adequate, if any, instructions in the use and/or removal of asbestos products;

(g)     Failed to test said products and/or materials prior to requiring employees to work with the same, to determine their ultrahazardous nature;

(h)     Failed to formulate and use a method of handling said products and/or materials, exposing Plaintiff to high concentrations of asbestos dust and/or fibers;

(i)     Failed to provide Plaintiff with safe and proper ventilation systems.

(j)     Allowed unsafe practices to become the standard practice;

(k)     Failed to exercise reasonable care in publishing and enforcing a safety plan and method of handling asbestos-containing products;

(l)     Failed to inquire of the suppliers of asbestos of the hazardous nature(s) of asbestos;

(m)     Required employees to work with ultra-hazardous products and/or materials;

(n)     Failed to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

(o)     Failed to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to said products and/or materials;

(p)     Failed to periodically inspect the Plaintiff's work environment in order to

USCA4 8

ascertain any dust and/or fiber contamination;

(q)     Failed to limit access to areas where these products and/or materials were being used;

(r)     Failed to advise Plaintiff to shower before going home, failed to provide such shower facilities and failed to enforce the use of such facilities;

(s)     Failed to advise Plaintiff to have his clothing and belongings cleaned outside of the home, failed to provide such cleaning services and failed to enforce the use of such services;

(t)     Failed to provide Plaintiff with a separate locker for clothing worn home to prevent such clothing from becoming contaminated with dust, including but not limited to asbestos fibers and/or dust from clothing worn at work;

(u)     Failed to test said products and/or materials prior to use by Defendants' employees.

22.     The foregoing failures by Defendants to provide Plaintiff a reasonably safe vessel on which to work constitute negligence on their part as owners of said vessels.

23.     The Plaintiff was regularly exposed to asbestos and asbestos containing products aboard these vessels and as a result thereof contracted asbestos-caused diseases and/or injuries, including but not limited to asbestosis and/or asbestos-caused colon cancer. The Plaintiff neither knew of nor should have known of his injuries more than three years from the date of filing of this Complaint.

24.     As a direct and proximate result of his exposure to asbestos and asbestos containing products and his contraction of the aforementioned asbestos-caused diseases, Plaintiff has suffered great pain, extreme nervousness and mental anguish and believes that his illness is permanent in

USCA4  9

nature and that he will be forced to suffer from the same for the remainder of his life. Plaintiff has been obliged to spend various sums of money for treatment and he will be obliged to continue to do so in the future. Plaintiff has sustained a loss of earnings and earning capacity, and his ability to render services, society, affection, counseling and support to his family has been diminished, his life expectancy has been shortened and his enjoyment of life has been impaired. As a direct result of the negligence described above, Plaintiff suffers from extreme nervousness, mental anxiety and fear of progression of his asbestos-caused diseases and/or injuries, including but not limited to asbestosis and/or asbestos-caused colon cancer. In addition, Plaintiff, because of his asbestos-caused diseases and/or injuries, including but not limited to asbestosis and/or asbestos-caused colon cancer, now has an increased risk of contracting mesothelioma, lung cancer, and/or other cancers and/or conditions, including, but not limited to cor pulmonale.

25.     The injuries suffered by the Plaintiff in the past and in the future were and are the direct and proximate result of the negligence of the Defendants as the employers of Plaintiff, and of the unseaworthiness of their vessels.

## COUNT II

## NEGLIGENCE OF VESSEL OWNER

26.     Plaintiff incorporates by reference the preceding paragraphs as though they were set forth herein.

27.     The foregoing actions and omissions constitute negligence on the part of Defendants as owners of the vessels on which Plaintiff served, as well as willful, wanton, reckless, and in callous disregard for the safety and health of the Plaintiff.

28.     The injuries suffered by the Plaintiff in the past and in the future were and are the direct and proximate result of the negligence of the Defendants as the owners of the vessels on which

USCA4  10

Plaintiff served, as well as their willful, wanton, reckless, and in callous disregard for the safety and health of the Plaintiff.

## COUNT III

## MAINTENANCE AND CURE

29. Plaintiff incorporates by reference the preceding paragraphs as though they were set forth herein.

30. The injuries suffered by the Plaintiff were occasioned by his exposure to asbestos which occurred while he served aboard the Defendants' vessels. Consequently, Plaintiff is entitled to maintenance and cure.

## COUNT IV

## PUNITIVE DAMAGES

31. Plaintiff incorporates by reference the preceding paragraphs as though they were set forth herein.

32. The Defendants knew or should have known that occupational exposure to asbestos posed a high risk of injury, and that the Plaintiff and those similarly situated were unaware of such risks. Thus, these Defendants' actions in allowing Plaintiff to be exposed to asbestos and asbestos-containing products was willful, wanton, reckless, and in callous disregard for the safety and health of the Plaintiff, entitling him to punitive damages in the amount of $1,000,000.00.

## COUNT V

## FEDERAL EMPLOYERS LIABILITY ACT

33. This action is based upon the Federal Employers' Liability Act, 45 U.S.C. § 51-60.

USCA4 11

34.     At all relevant times, the Defendants were regularly and systematically conducting its business activities and affairs within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and were engaged in interstate commerce and transportation.

35.     From 1962 until 1985, Plaintiff was an employee of the Defendants as deckhand and boiler tender in Cape Charles, Virginia and Norfolk, Virginia and other locations. In the scope and course of his employment with the Defendants, Plaintiff was exposed to asbestos dust or fibers. At all times relevant, Plaintiff was unaware of the dangerous propensities of asbestos dust or fibers.

36.     Plaintiff's exposure to asbestos dust or fibers caused Plaintiff to contract asbestos-caused diseases and/or injuries, including but not limited to asbestosis and/or asbestos-caused colon cancer. Plaintiff neither knew of nor should have known of his injuries more than three years from the date of the filing of this lawsuit.

37.     Plaintiff's injuries resulted in whole or in part from the Defendants' negligence. Defendants knew, or should have known, that Plaintiff would be exposed to asbestos dust or fibers and knew that such exposures were dangerous, toxic and potentially deadly.

38.     Despite this knowledge, Defendants:

    a) Failed to provide Plaintiff with a reasonably safe place to work;

    b) Failed to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

    c) Failed to warn Plaintiff of the true nature and hazardous effects of asbestos containing products;

    d) Failed to operate the locomotive repair facility in a safe and reasonable manner;

USCA4 12

e) Failed to provide instructions or a method for the safe use of asbestos containing products;

f) Failed to provide adequate instructions in the safe use, loading and/or hauling of asbestos products;

g) Failed to test said products and/or materials prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

h) Failed to formulate and use a method of handling said products and/or materials, exposing Plaintiff to high concentrations of asbestos dust or fibers;

i) Failed to provide Plaintiff with safe and proper ventilation systems in the locomotive repair facility;

j) Allowed unsafe practices to become the standard practice;

k) Failed to exercise reasonable care in publishing and enforcing a safety plan and method of handling asbestos-containing products;

l) Failed to inquire of the suppliers of asbestos-containing products, silica and/or coal of the hazardous nature(s) of these materials;

m) Required employees to work with ultra-hazardous products and/or materials;

n) Failed to exercise adequate care for the health and safety of employees, including the Plaintiff;

o) Failed to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to said products and/or materials;

p) Failed to periodically inspect the shops, buildings, equipment, railroad cars, locomotives, boilers, and their appurtenances in order to ascertain any dust and/or fiber contamination;

USCA4  13

q) Failed to limit access to areas where these products and/or materials were being used;

r) Failed to advise Plaintiff to shower before going home, failed to provide such shower facilities and failed to enforce the use of such facilities;

s) Failed to advise Plaintiff to have his clothing and belongings cleaned outside of the home, failed to provide such cleaning services and failed to enforce the use of such services;

t) Failed to provide Plaintiff with a separate locker for clothing worn home to prevent such clothing from becoming contaminated with dust, including but not limited to asbestos fibers from clothing worn at work;

u) Failed to test said products and/or materials prior to use by Defendants' employees.

39.    As a direct and proximate result of the negligence described above, Plaintiff has suffered great pain, extreme nervousness and mental anguish and believes that his illness is permanent in nature and that he will be forced to suffer from the same for the remainder of his life. Plaintiff has been obliged to spend various sums of money for treatment and they will be obliged to continue to do so in the future. Plaintiff, who was a strong and able-bodied man, has sustained a loss of earnings and earning capacity, and his ability to render services, society, affection, counseling and support to his family has been diminished, his life expectancy has been shortened and his enjoyment of life has been impaired. As a direct result of the negligence of the Defendants, Plaintiff suffers from extreme nervousness, mental anxiety and fear of progression of his asbestos-caused disease and/or injuries; and fear of contracting mesothelioma and/or other asbestos-caused cancers and/or conditions, including, but not limited to cor pulmonale. In addition, Plaintiff, because of his

USCA4  14

asbestos-caused diseases and/or injuries, now has an increased risk of contracting mesothelioma and/or other asbestos-caused cancers and/or conditions, including, but not limited to cor pulmonale.

40.      Plaintiff is entitled to compensation from Defendants for all of his injuries and damages caused in whole or in part by Defendants' negligence.

## COUNT V

## LOCOMOTIVE BOILER INSPECTION ACT

41.      This action is based upon the Federal Boiler Inspection Act, 49 U.S.C. § 20701-20703.

42.      Plaintiff incorporates by reference Paragraphs 34 through 39 of this Petition, as though fully set out herein.

43.      In the scope and course of Plaintiff's employment with the Defendants, Plaintiff worked in, on and around locomotive boilers and their appurtenances.

44.      Plaintiff's injuries resulted in whole or in part from Defendants' use on its line of locomotives not equipped with parts and appurtenances in proper condition and not safe to operate, in violation of the Federal Boiler Inspection Act.

45.      Due to Defendants' violations of the Federal Boiler Inspection Act, Plaintiff has suffered severe physical and mental injuries, including the injuries set forth in the preceding paragraphs.  Plaintiff is now highly susceptible to future injuries and diseases, including various types of cancer.

46.      Plaintiff is entitled to compensation from Defendants for all of his injuries and damages caused in whole or in part by Defendants' violations of the Federal Boiler Inspection Act.

**WHEREFORE**, based upon the facts and allegations contained herein and those to be presented at trial, Plaintiff demands judgment for compensatory damages in the amount of

USCA4  15

$1,500,000.00. Plaintiff prays for an award of punitive damages against Defendants in the amount of $1,000,000.00. Plaintiff demands maintenance and cure from the Defendants. Plaintiff also prays for all other relief to which he may be entitled including pre-judgment and post judgment interest, and attorneys' fees and costs.

GERALD D. CLOSE

By:_____
Of Counsel

Willard J. Moody, Jr., Esq.
The Moody Law Firm, Inc.
500 Crawford Street
Commerce Bank Bldg.
P.O. Box 1138
Portsmouth, Virginia 23705

Kip A. Harbison, Esq.
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street, Suite 600
Norfolk, Virginia 23510

USCA4  16

# SCHEDULE I

## Plaintiff-Worker Employment History
## Asbestos Exposure Worksite Information

| EMPLOYER/WORKSITE | TRADE | APPROXIMATE DATES |
|---|---|---|
| Consolidated Rail Corp./ Penn Central, New York Central and Pennsylvania Railroads | Deckhand, boiler tender | 1962-1985 |

RELATED ASBESTOS LITIGATION:

None at this time.

SMOKING HISTORY:

Plaintiff smoked up to 1 pack per day of cigarettes between approximately 1956 and 1980.

PLAINTIFF-WORKER WORKED WITH AND/OR AROUND THE FOLLOWING ASBESTOS-CONTAINING PRODUCTS:

Asbestos pipecovering
Asbestos cloth
Asbestos block insulation
Asbestos portable pads
Asbestos sheet packing
Asbestos tape
Asbestos rope

Asbestos gaskets
Asbestos pump and valve packing
Asbestos fireproofing spray
Asbestos turbines and generators
Asbestos paper
Asbestos ceiling and floor tile

DEPENDENTS: N/A

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Gerald D. Close | Consolidated Rail Corporation and American Premier Underwriters |
| **(b)** County of Residence of First Listed Plaintiff  Mathews County, VA<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Kip A. Harbison, Esquire, Glasser and Glasser, P.L.C., 580 East Main St., Suite 600, Norfolk, VA 23510 (757) 625-6787 | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ❏ 1  U.S. Government<br>Plaintiff | ☒ 3  Federal Question<br>(U.S. Government Not a Party) |
| ❏ 2  U.S. Government<br>Defendant | ❏ 4  Diversity<br>(Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place<br>of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>&amp; Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>Student Loans<br>(Excl. Veterans)<br>❏ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>Liability<br>❏ 320 Assault, Libel &amp;<br>Slander<br>❏ 330 Federal Employers'<br>Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>Product Liability<br>❏ 360 Other Personal<br>Injury | **PERSONAL INJURY**<br>❏ 362 Personal Injury -<br>Med. Malpractice<br>❏ 365 Personal Injury -<br>Product Liability<br>☒ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>Property Damage<br>❏ 385 Property Damage<br>Product Liability | ❏ 610 Agriculture<br>❏ 620 Other Food &amp; Drug<br>❏ 625 Drug Related Seizure<br>of Property 21 USC 881<br>❏ 630 Liquor Laws<br>❏ 640 R.R. &amp; Truck<br>❏ 650 Airline Regs.<br>❏ 660 Occupational<br>Safety/Health<br>❏ 690 Other<br>**LABOR**<br>❏ 710 Fair Labor Standards<br>Act<br>❏ 720 Labor/Mgmt. Relations<br>❏ 730 Labor/Mgmt.Reporting<br>&amp; Disclosure Act<br>❏ 740 Railway Labor Act | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>28 USC 157<br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 810 Selective Service<br>❏ 850 Securities/Commodities/<br>Exchange<br>❏ 875 Customer Challenge<br>12 USC 3410<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease &amp; Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br>Accommodations<br>❏ 444 Welfare<br>❏ 445 Amer. w/Disabilities -<br>Employment<br>❏ 446 Amer. w/Disabilities -<br>Other<br>❏ 440 Other Civil Rights | **PRISONER PETITIONS**<br>❏ 510 Motions to Vacate<br>Sentence<br>**Habeas Corpus:**<br>❏ 530 General<br>❏ 535 Death Penalty<br>❏ 540 Mandamus &amp; Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition | ❏ 790 Other Labor Litigation<br>❏ 791 Empl. Ret. Inc.<br>Security Act<br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 463 Habeas Corpus -<br>Alien Detainee<br>❏ 465 Other Immigration<br>Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>❏ 871 IRS—Third Party<br>26 USC 7609 | ❏ 892 Economic Stabilization Act<br>❏ 893 Environmental Matters<br>❏ 894 Energy Allocation Act<br>❏ 895 Freedom of Information<br>Act<br>❏ 900Appeal of Fee Determination<br>Under Equal Access<br>to Justice<br>❏ 950 Constitutionality of<br>State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ❏ 2 Removed from<br>State Court | ❏ 3 Remanded from<br>Appellate Court | ❏ 4 Reinstated or<br>Reopened | ❏ 5 Transferred from<br>another district<br>(specify) | ❏ 6 Multidistrict<br>Litigation | ❏ 7 Appeal to District<br>Judge from<br>Magistrate<br>Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Jones Act, 46 U.S.C. Section 30104, general maritime law and/or the Federal Employers' Liability Act,45 U.S.C. Section 51 et seq.

Brief description of cause:
Personal injury arising out of Plaintiff's exposure to asbestos while in the employ of Railroad defendant.

| VII. REQUESTED IN<br>COMPLAINT: | ❏ CHECK IF THIS IS A CLASS ACTION<br>UNDER F.R.C.P. 23 | DEMAND $<br>2,500,000.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  ☑ Yes  ❏ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | (See instructions):<br>JUDGE | | DOCKET NUMBER |
|---|---|---|---|

| DATE<br>9/14/11 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

Court Name: United States District Court
Division: 2
Receipt Number: 24683012912
Cashier ID: tlevinso
Transaction Date: 09/15/2011
Payer Name: GLASSER AND GLASSER
------------------------------------------
CIVIL FILING FEE
  For: GLASSER AND GLASSER
  Amount:         $350.00
------------------------------------------
CHECK
  Check/Money Order Num: 213674
  Amt Tendered:   $350.00
------------------------------------------
Total Due:        $350.00
Total Tendered:   $350.00
Change Amt:       $0.00

GLASSER & GLASSER
2:11cv9790

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

GERALD D. CLOSE,                          :
                                          :
    Plaintiff,                         :
                                          :
v.                                        :         NO.  2:11CV9790
                                          :
CONSOLIDATED RAIL CORPORATION,            :         ASBESTOS CASE
                                          :
and                                       :
                                          :
AMERICAN PREMIER UNDERWRITERS,            :
                                          :
    Defendants.                        :

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:  Asbestos Products                 :
Liability Litigation (No.Vi)              :
                                          :
_____X          :
This Document Relates To:                 ;         CIVIL ACTION NO.
                                          :         MDL 875
Gerald D. Close v. Consolidated Rail      :
Corporation and American Premier          :
Underwriters (Civil Action No. 2:11cv9790) :

### JURY DEMAND

    PLEASE TAKE NOTICE that Plaintiff Gerald D. Close hereby demands that the above

cause be tried to a jury.

                    GERALD D. CLOSE


                    By: /s/  Karen M. Zello_____
                              Of Counsel

Willard J. Moody, Jr., Esq.
The Moody Law Firm, Inc.
500 Crawford Street

Commerce Bank Bldg.
P.O. Box 1138
Portsmouth, Virginia 23705

Kip A. Harbison, Esq.
Karen M. Zello, Esq.
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street, Suite 600
Norfolk, Virginia 23510