# COMPLAINT AND DEMAND FOR JURY TRIAL

**LORA CRIDER**, Individually and on Behalf of the Estate of **Clifford Eugene Crider**,
Deceased, vs. **The Carborundum Company, Incorporated,** *et al.*
Hillsborough County, Florida, Case No: 09-8727; Division: "F"

CAUSE NO. _____

| | |
|---|---|
| LORA CRIDER INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CLIFFORD EUGENE CRIDER, DECEASED<br><br>*Plaintiff,*<br><br>vs.<br><br>THE CARBORUNDUM COMPANY, INCORPORATED; CERTAINTEED CORPORATION f/k/a CERTAINTEED PRODUCTS CORP. (Subsidiary of Compagnie de Saint-Gobain; successor and/or parent of Keasbey & Mattison Company's Asbestos Cement Pipe Division); CLEAVER-BROOKS, INC.; CRANE CO.; FLOWSERVE US INC.; FOSTER WHEELER CORPORATION f/k/a POWER SPECIALTY CO. (Successor and/or parent of Forty-Eight Insulations, Inc.); GARDNER DENVER, INC.; GARLOCK SEALING TECHNOLOGIES, LLC f/k/a GARLOCK, INC. f/k/a GARLOCK PARKING CO.(subsidiary of Colt Industries, Inc.; successor and/or parent of Belmont Packing, and Rubber Company; successor and/or parent of Anchor Packing Company); GENERAL ELECTRIC COMPANY; GEORGIA-PACIFIC CORPORATION f/k/a GEORGIA HARDWOOD LUMBER CO. f/k/a GEORGIA-PACIFIC PLYWOOD and LUMBER CO. f/k/a GEORGIA-PACIFIC PLYWOOD CO. (successor and/or parent of Bestwall Gypsum Company); GOULDS PUMPS, INCORPORATED; MINNESOTA MINING AND MANUFACTURING COMPANY; UNION CARBIDE CHEMICALS & PLASTICS f/k/a UNION CARBIDE AND CARBON CO. f/k/a UNION CARBIDE CORP. (successor and/or parent of Magnolia Welding Supply Co., Inc.; successor and/or parent of The Mobile | IN THE CIRCUIT COURT OF<br><br>09   8727<br>**DIVISION F**<br><br>THE 13TH JUDICIAL CIRCUIT IN AND<br><br><br>RECEIVED<br><br>APR 02 2009<br><br>CLERK OF CIRCUIT COURT<br>HILLSBOROUGH COUNTY, FL<br><br><br><br>FOR HILLSBOROUGH, FLORIDA |

Welding Supply Company; successor and/or parent of Gas Technics Gases & Equipment Centers of Eastern Penn, Inc.; successor and/or parent of The Linde Air Products Company); and **WESTINGHOUSE ELECTRIC CORPORATION**

*Defendants.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest, brought pursuant to the Florida Wrongful Death Act, Florida Statute Sections 768.16-.26.

2. Plaintiff LORA CRIDER, is a citizen of the State of Florida and of the United States of America. Decedent, CLIFFORD EUGENE CRIDER was a citizen of the State of Florida and of the United States of America prior to his death.

3. Plaintiff LORA CRIDER is, or soon will be appointed, Personal Representative of the Estate of CLIFFORD EUGENE CRIDER, deceased.

4. The following are survivors and beneficiaries of a recovery for the wrongful death of CLIFFORD EUGENE CRIDER:

   a. LORA CRIDER, age 49, adult child of CLIFFORD EUGENE CRIDER.

5. Decedent, CLIFFORD EUGENE CRIDER was diagnosed as having asbestos-related lung cancer.

6. Defendant, THE CARBORUNDUM COMPANY, INCORPORATED, may be served by serving its registered agent to wit at C T CORPORATION SYSTEM, 8751 W. BROWARD BLVD., PLANTATION FL 33324.

2

7.  Defendant, CERTAINTEED CORPORATION f/k/a CERTAINTEED PRODUCTS CORP. (Subsidiary of Compagnie de Saint-Gobain; successor and/or parent of Keasbey & Mattison Company's Asbestos Cement Pipe Division) is a Delaware Corporation with its headquarters located at 750 East Swedesford Road, P.O. Box 860, Valley Forge, Pennsylvania 19482 and may be served through its registered agent to wit at C.T. Corporations Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

8.  Defendant, CLEAVER-BROOKS, INC. is a Wisconsin Corporation that may be served through its Corporate Headquarters through Ronald G. Thimm, 7800 N. 113 Street, P.O.Box 421, Milwaukee, Wisconsin 53201.

9.  Defendant, CRANE CO. may be served through its registered agent to wit at CT CORPORATION SYSTEM, 1200 S. PINE ISLAND ROAD, PLANTATION FL 33324.

10. Defendant, FLOWSERVE US INC., may be served through its registered agent to wit at CT CORPORATION SYSTEM, 1200 S. PINE ISLAND ROAD, PLANTATION FL 33324.

11. Defendant, FOSTER WHEELER CORPORATION f/k/a POWER SPECIALTY CO. (Successor and/or parent of Forty-Eight Insulations, Inc.) is a New Jersey Corporation with its headquarters located at Perryville Corporate Park, Clinton, New Jersey 08809 and may be served though its registered agent to wit at U.S. Corporation Company, 134 West Pensacola Street, Tallahassee, Florida 32302.

12. Defendant, GARDNER DENVER, INC. may be served through its registered agent to wit at CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE FL 32301-2525.

13. Defendant, GARLOCK SEALING TECHNOLOGIES, LLC f/k/a GARLOCK, INC. f/k/a GARLOCK PARKING CO.(subsidiary of Colt Industries, Inc.; successor and/or parent of

3

Belmont Packing, and Rubber Company; successor and/or parent of Anchor Packing Company) is a New York Corporation with its headquarters located at 430 Park Avenue, New York, New York 10022 and may be served though its registered agent to wit at C.T. Corporations Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

14. Defendant, GENERAL ELECTRIC COMPANY is a New York Corporation with its headquarters located at 3135 Easton Turnpike, Fairfield, Connecticut 06432 and may be served through its registered agent to wit at C.T. Corporations Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

15. Defendant GEORGIA-PACIFIC CORPORATION f/k/a GEORGIA HARDWOOD LUMBER CO. f/k/a GEORGIA-PACIFIC PLYWOOD and LUMBER CO. f/k/a GEORGIA-PACIFIC PLYWOOD CO. (successor and/or parent of Bestwall Gypsum Company) is a Georgia Corporation with its headquarters located at 133 Peachtree Street NE, Atlanta, Georgia 30303 and may be served through its registered agent to wit at C.T. Corporations Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

16. Defendant GOULDS PUMPS, INCORPORATED, may be served through its registered agent to wit at CT CORPORATION SYSTEM, 1200 S. PINE ISLAND ROAD, PLANTATION FL 33324.

17. Defendant, MINNESOTA MINING AND MANUFACTURING COMPANY is a Delaware Corporation located at the 3 M Center, St. Paul, Minnesota 55101 and may be served through its registered agent to wit at C.T. Corporations Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

18. Defendant, UNION CARBIDE CHEMICALS & PLASTICS f/k/a UNION CARBIDE AND CARBON CO. f/k/a UNION CARBIDE CORP. (successor and/or parent of Magnolia Welding Supply Co., Inc.; successor and/or parent of The Mobile Welding Supply Company; successor

4

and/or parent of Gas Technics Gases & Equipment Centers of Eastern Penn, Inc.; successor and/or parent of The Linde Air Products Company) is a New York Corporation located at 39 Old Ridgebury Road Danbury, Connecticut 06817 and may be served through its registered agent to wit at C.T. Corporations Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

19. Defendant, WESTINGHOUSE ELECTRIC CORPORATION is a Pennsylvania Corporation that may be served through its registered agent to with at C.T. Corporations Systems, 1200 South Pine Island Road, Plantation, Florida 33324.

20. The Defendants identified in this Complaint are foreign corporations who are amenable to jurisdiction in the Court of Florida because they now conduct or have conducted business or business ventures, or have had office or agencies within Florida, which subjects them to the jurisdiction within Florida. The alleged causes of action arises out of, or are incidental to, the business or business ventures conducted within Florida by each of the Defendants. Each foreign corporation has through brokers, jobbers, wholesalers, or distributors sold, consigned, or leased tangible or intangible personal property to person in this state. Each foreign corporation has committed wrongful acts either outside or inside this state causing injury to Plaintiff. Each foreign corporation derives substantial revenue from interstate or international commerce and should reasonably have expected their acts to have consequences in this state or any other state. Each foreign corporation has conducted substantial and not isolated activity within Florida. Each foreign corporation mines or mined, manufactures or manufactured, processes or processed, imports or imported, converts or converted, compounds or compounded, and/or retains or retained substantial amounts of asbestos and asbestos related materials which are or were sold, distributed and used in Florida.

21. Plaintiff alleges that the Defendants have, at all times material to this cause of action, through and including the present, and at all times material to this cause of action, maintained sufficient contact with the State of Florida and/or transacted substantial revenue-producing business in the State of Florida to subject them to the jurisdiction of this court pursuant to Florida statute 48.181 and/or 48.182 and/or 48.193 and/or 47.16.

## BACKGROUND

22. Throughout his working career, Decedent, CLIFFORD EUGENE CRIDER, worked with and was exposed to asbestos-containing products mined, manufactured or distributed by the Defendants, or their predecessors.

23. Decedent, CLIFFORD EUGENE CRIDER, used these asbestos containing products in the intended manner and without significant change in their condition and relies on the Defendant manufacturers' instruction as to proper methods of handling the products, being unaware of the dangerous properties of asbestos.

24. Decedent, CLIFFORD EUGENE CRIDER's exposure to Defendants' asbestos products and inhalation of the products' asbestos fibers caused him to contract asbestos-related lung cancer.

25. Plaintiff pursues Counts I, II and III against every Defendant enumerated above.

## COUNT I

26. The allegations contained in all paragraphs above are realleged.

27. At the time of Decedent, CLIFFORD EUGENE CRIDER's exposure to their asbestos products, Defendants knew, or in the exercise of ordinary care should have known, that the use of these products was hazardous to the health of workers such as the Decedent. Decedent relied upon the skill and knowledge of the Defendant manufacturers who had a duty to advise users of their products of the proper method of handling the products.

6

28. Defendants had a duty to adequately warn Decedent. Defendants were negligent in one, some or all of the following respects

   a. in failing to adequately warn Decedent that use and exposure to asbestos products could be injurious to his health;

   b. in failing to provide Decedent with information as to what would be reasonably safe and sufficient clothing and proper equipment to protect him from exposure to asbestos;

   c. in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing asbestos materials;

   d. in affirmatively misrepresenting to Decedent and other members of public by advertising, labeling and otherwise, that the asbestos products manufactured, sold, or distributed were safe in their ordinary and foreseeable use, which induced Decedent to unknowing expose himself to the hazards of asbestos;

   e. in failing to remove and recall all of the asbestos products from the stream of commerce and the marketplace upon learning that asbestos products would cause various asbestos-related diseases; and

   f. in failing to continually warn or advise Decedent and others to cease all future exposure to asbestos fumes, smoke, dust and fibers, and to keep away from the home environment asbestos dust and fibers on work clothes and tools.

29. The Defendants' asbestos-containing products to which Decedent was exposed were used in the manor in which they were intended to be used; however, they failed to safely perform their purposes in that they caused Decedent to develop severe asbestos-related diseases or injuries.

7

30. Decedent's illness is a direct and proximate result of the negligence, grossly negligent, reckless, willful, and intentional conduct of the Defendants and Plaintiff has suffered the damages as described.

WHEREFORE, Plaintiff demands compensatory damages and trial by jury of all issued so triable in this case.

## COUNT II

31. The allegations contained in all paragraphs above are realleged.

32. Defendants' asbestos products contained design defects at the time they were manufactured and at the time Decedent was exposed to them in his occupation.

33. At the time of the Decedent's exposure, the Defendants' asbestos products were being used in the manner and environment intended and without substantial change affecting their condition, but they contained design defects which made them unreasonably dangerous and unfit for their intended use, in that the products were designed to contain asbestos, a substance hazardous and highly harmful to the Decedent's body.

34. a. At the time of Decedent's exposure, Defendants' asbestos product was unreasonably dangerous because of its design, as the product failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the Defendants.

b. At the time of the Decedent's exposure, Defendants' asbestos product was unreasonably dangerous because of its design, as the risk of danger in the design outweighed the benefits obtained with the use of the product.

35. At the time of Decedent's exposure, the Defendants' asbestos products were defective in that they did not contain a sufficient warning to advise Decedent that the asbestos-containing products were extremely harmful to his health.

8

36. The lack of a sufficient warning on Defendants' asbestos products rendered them unreasonably dangerous and unfit for their intended use.

37. Decedent's illness was a direct and proximate result of the products' defects and Plaintiff has suffered the damages described.

WHEREFORE, Plaintiff demands compensatory damages and trial by jury of all issues so triable in this cause.

## COUNT III

38. The allegations contained in all paragraphs above are realleged.

39. As a direct and proximate result of the foregoing allegations, Plaintiff LORA CRIDER has suffered and will continue to suffer the loss of Decedent CLIFFORD EUGENE CRIDER's services, consortium, and the care and comfort of his society because of his injuries and disabilities, and she has incurred expenses for medical attention rendered to her husband.

WHEREFORE, Plaintiff LORA CRIDER demands judgment for compensable damages against the Defendants in an amount to be determined by the jury, and a trial by jury of the issues so triable in this cause.

## DAMAGES

40. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, strict misrepresentation and willful omissions of Defendants as described, Decedent contracted diseases and injuries causing the Plaintiff to suffer physical pain, and mental anguish.

41. Each exposure to the asbestos-containing products of Defendants was harmful and caused or contributed to Decedent's injuries. Decedent's injuries arose out of, were connected to, and were incidental to, the manufacture, sale and distribution by defendants of their asbestos-containing products.

42. As a direct and proximate result of the conduct described, Plaintiff and Decedent were obliged to spend various sums of money to treat Decedent's diseases and injuries, and Plaintiff continues to oblige for the expenses of same. As a direct and proximate result of Defendants' conduct, Plaintiff's and Decedent's enjoyment of life and earning capacity have been impaired.

43. From the time Plaintiff and Decedent first learned of Decedent's disease, they suffered mental and physical pain and anguish as a result of Decedent's disease. Additionally Plaintiff, has suffered, and will continue to suffer, mental anguish.

44. As a direct and proximate result of the aforesaid, Plaintiff has suffered, and will continue to suffer, ongoing psychological damage which may require future psychological and/or medical treatment.

45. As a direct and proximate result of the Defendants' conduct, Plaintiff and Decedent have suffered, and will continue to suffer, a disintegration and deterioration of their family unit and their familial relationships, resulting in enhanced anguish, depression, and other symptoms of psychological stress and disorder.

46. As a further direct and proximate result of the aforesaid, the Estate of CLIFFORD EUGENE CRIDER has incurred medical, funeral and burial expenses, and suffered the loss of future earnings and net accumulations, including future pensions and retirement benefits. LORA CRIDER has suffered damages including loss of support and services, parental companionship, instruction, and guidance as well as mental pain and suffering.

47. The conduct of Defendants rises to a level sufficient to warrant the imposition of punitive damages, which will be pled by Plaintiff at a later date.

10

WHEREFORE, Plaintiff demands trial by jury of all issues so triable by right, and prays for judgment against Defendants on all of the counts for damages as specified and against Defendants, for the costs expended, for interest on said judgment from the date entered until paid at the legal rate, and for such other and further relief both at law and in equity, to which Plaintiff may show himself justly entitled.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,
HISSEY ✯ KIENTZ, L.L.P.

By: _____
ANDREW MCENANEY
Florida State Bar No. 139068
9442 Capital of Texas Hwy North, Ste 400
Austin, Texas 78759
Phone: (512) 320-9100
Fax: (512) 320-9101

AMcEnaney@hkllp.com
ATTORNEYS FOR PLAINTIFF

# Crider v. Carborundum Company, Incorporated et al

**CIVIL DOCKET FOR CASE #: 8:09-cv-01240-JSM-EAJ**
**(current as of September 21, 2011)**
**U.S. District Court**
**Middle District of Florida (Tampa)**

ADMCLOSED, STAYED

# U.S. District Court
## Middle District of Florida (Tampa)
### CIVIL DOCKET FOR CASE #: 8:09-cv-01240-JSM-EAJ

Crider v. Carborundum Company,Incorporated et al  
Assigned to: Judge James S. Moody, Jr  
Referred to: Magistrate Judge Elizabeth A. Jenkins  
Case in other court: State Court - 04/02/09, 09-8727  
Cause: 28:1332 Diversity-Asbestos Litigation  

Date Filed: 07/01/2009  
Date Terminated: 07/31/2009  
Jury Demand: Both  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity  

**Plaintiff**

**Lora Crider**  
*Individually and As Personal Representative*  
*of the Estate of Clifford Eugene Crider*

represented by **Andrew Mcenaney**  
Suite 400  
9442 Capital of Texas Hwy North  
Austin, TX 78759  
512-320-9100  
Fax: 512-320-9101  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Carborundum Company,Incorporated**  
*Subsidiary of Compagnie de Sainte-Gobain;*  
*successor And/or parent of Keasbey &*  
*Mattison Company's Asbestos Cement Pipe*  
*Division*  
*formerly known as*  
Certainteed Products Corp.

**Defendant**

**Cleaver-Brooks, Inc.**

represented by **Timothy Clark**  
Law Office of Timothy Clark, PA  
Suite 700  
888 E Las Olas Blvd  
Ft Lauderdale, FL 33301  
954/475-8803  
Fax: 954/475-9199  
Email: tim@timclarklaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**

represented by **Rebecca Kibbe**  
K & L Gates, LLP*  
Suite 3900  
200 S Biscayne Blvd  
Miami, FL 33131-2399  
305-539-3386  
Fax: 305-358-7095

                                                    Email: rebecca.kibbe@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Flowserve US Inc.**     represented by  **Evelyn Fletcher Davis**
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree St
Atlanta, GA 30308-3243
404/614-7400
Fax: 404/614-7500
Email: efletcher@hplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                                    **Frank I. Chao**
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree St
Atlanta, GA 30308-3243
404/614/7400
Fax: 404/614-7439
Email: fchao@hplegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Corporation**
*Successor and/or parent of Forty-Eight Insulations, Inc.*
*formerly known as*
Power Specialty Co.

**Defendant**

**Gardner Denver, Inc.**     represented by  **Evelyn Fletcher Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                                    **Frank I. Chao**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Garlock Sealing Technologies, LLC**     represented by  **M. Stephen Smith , III**
*subsidiary of Colt Industries, Inc.; successor and/or Parent of Belmont Packing, and Rubber Company; successor and/or parent of Anchor Packing Company*
*formerly known as*
Garlock Parking Co.
                                                    Rumberger, Kirk & Caldwell, PA
80 SW 8th St - Ste 3000
PO Box 01-9041
Miami, FL 33130
305/358-5577 ext: 5410
Fax: 305/371-7580
Email: ssmith@rumberger.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Michael R. Holt**
Rumberger, Kirk & Caldwell, PA
80 SW 8th St - Ste 3000
PO Box 01-9041
Miami, FL 33130
407/872-7300
Email: mholt@rumberger.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rossana Navarro Mena**
Clarke Silverglate, PA
Suite 900
799 Brickell Plaza
Miami, FL 33131
305-377-0700
Fax: 305-377-3001
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**　　　　represented by **Brenda Godfrey**
Sedgwick Detert, Moran & Arnold LLP
2400 East Commercial Boulevard, Suite 1100
Fort Lauderdale, FL 33308-4044
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David J. De Piano**
Sedgwick, Detert, Moran & Arnold, LLP
Suite 1100
2400 E Commercial Blvd
Ft Lauderdale, FL 33308
954/958-2500
Fax: 954/958-2513
Email: david.depiano@sdma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcia A. Davis**
Bice Cole Law Firm, PL
15316 NW 140th St
PO Box 1860
Alachua, FL 32616
386/462-9919
Email: davis@bicecolelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia-Pacific Corporation**　　　　represented by **Jana Marie Fried**
*successor and/or parent of Betwall Gypsum*　　　　JFried Law
*Company*　　　　1792 Bell Tower Ln

*formerly known as*
Georgia Hardwood Lumber Co.
*formerly known as*
Georgia-Pacific Plywood and Lumber Co.
*formerly known as*
Georgia Pacific Plywood Co.

Weston, FL 33326
954-315-3693
Fax: 954-315-3694
Email: jfried@jfriedlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcy E. Abitz**
Bennett, Aiello, Cohen & Fried
The Ingraham Building - Ste 808
25 SE Second Ave
Miami, FL 33131
(786) 363-4461
Fax: (305) 358-9012
Email: mabitz@bennettaiello.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Goulds Pumps, Incorporated**     represented by   **Nickolas C. Berry**
Hinshaw & Culbertson, LLP
Suite 1010
One E Broward Blvd
Ft Lauderdale, FL 33301
954/467-7900 Ext 6200
Fax: 954/467-1024
Email: nberry@hinshawlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Minnesota Mining and Manufacturing Company**

**Defendant**

**Union Carbide Chemicals & Plastics**     represented by   **Evelyn Fletcher Davis**
*successor and/or Parent of Magnolia Welding Supply Co. Inc.; successor and/or parent of Mobile Welding Supply Co.; successor and/or Parent of Gas Technics Gases & Equipment Centers of Eastern Penn, Inc.; successor and/or parent of the Linde Air Products.*
*formerly known as*
Union Carbide and Carbon Co.
*formerly known as*
Union Carbide Corp.

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frank I. Chao**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Westinghouse Electric Corporation**

**Defendant**

**Certaineed Corporation**     represented by   **Evelyn Fletcher Davis**
*Subsidiary of Compagnie de Sainte-Gobain; successor and/or parent of Keasbey & Mattison Company's Asbestos Cement Pipe*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| | |
|---|---|
| *Division* *formerly known as* Certainteed Products Corp. | **Francis Spinthourakis Lopez** Hawkins Parnell Thackston & Young LLP 4300 SunTrust Plaza 303 Peachtree St., N.E. Atlanta, GA 30308-3243 404/614-7400 Fax: 404/614-7500 *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/01/2009 | 1 | NOTICE OF REMOVAL from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, case number 09-8727 filed in State Court on 04/02/09. Filing fee $350, receipt number T050875 filed by Union Carbide Chemicals & Plastics. (Attachments: # 1 Exhibit Composite A part I, # 2 Exhibit Composite B part II, # 3 Exhibit Composite B, # 4 Civil Cover Sheet)(LDB) (Entered: 07/07/2009) |
| 07/01/2009 | 2 | COMPLAINT against Foster Wheeler Corporation, Gardner Denver, Inc., Garlock Sealing Technologies, LLC, General Electric Company, Georgia-Pacific Corporation, Goulds Pumps, Incorporated, Minnesota Mining and Manufacturing Company, Union Carbide Chemicals & Plastics, Westinghouse Electric Corporation, Carborundum Company,Incorporated, Cleaver-Brooks, Inc., Crane Co., Flowserve US Inc., Certainteed Products Corp., with Jury Demand filed in state court on 04/02/09 by Lora Crider.(LDB) (Entered: 07/07/2009) |
| 07/01/2009 | 3 | ANSWER and affirmative defenses to 2 Complaint with Jury Demand filed in state court on 06/22/09 by Certaineed Corporation.(LDB) (Entered: 07/07/2009) |
| 07/01/2009 | 11 | MOTION to dismiss complaint filed in state court on 06/15/09 by Crane Co.. (LDB) (Entered: 07/08/2009) |
| 07/01/2009 | 12 | MOTION to dismiss complaint filed in state court 06/17/09 by General Electric Company. (LDB) (Entered: 07/08/2009) |
| 07/01/2009 | 14 | MOTION to dismiss complaint filed in state court on 06/25/09 by Union Carbide Chemicals & Plastics. (LDB) (Entered: 07/08/2009) |
| 07/01/2009 | 17 | MOTION to dismiss complaint, MOTION to strike 2 Complaint filed in state court on 06/25/09 by Garlock Sealing Technologies, LLC. (LDB) Motions referred to Magistrate Judge Elizabeth A. Jenkins. (Entered: 07/08/2009) |
| 07/01/2009 | 18 | MOTION to dismiss complaint filed in state court on 06/25/09 by Flowserve US Inc.. (LDB) (Entered: 07/08/2009) |
| 07/01/2009 | 19 | MOTION to dismiss complaint filed in state court on 06/22/09 by Georgia-Pacific Corporation. (LDB) (Entered: 07/08/2009) |
| 07/01/2009 | 20 | MOTION to dismiss complaint filed in state court on 06/29/09 by Gardner Denver, Inc.. (LDB) (Entered: 07/08/2009) |
| 07/01/2009 | 21 | MOTION to dismiss complaint filed in state court on 06/25/09 by Goulds Pumps, Incorporated. (LDB) (Entered: 07/08/2009) |
| 07/01/2009 | 22 | MOTION to dismiss complaint filed in state court on 06/29/09 by Cleaver-Brooks, Inc.. (LDB) (Entered: 07/08/2009) |
| 07/07/2009 | 4 | NOTICE of Appearance by Rebecca Kibbe on behalf of Crane Co. (Kibbe, Rebecca) (Entered: 07/07/2009) |

| | | |
|---|---|---|
| 07/07/2009 | 5 | Corporate Disclosure Statement by Crane Co.. (Kibbe, Rebecca) (Entered: 07/07/2009) |
| 07/07/2009 | 6 | NOTICE of designation under Local Rule 3.05 - track 2 issued by Deputy Clerk on 7/7/2009. (SMB) (Entered: 07/07/2009) |
| 07/08/2009 | 7 | NOTICE of Appearance by Evelyn Fletcher Davis on behalf of Certaineed Corporation (Fletcher Davis, Evelyn) (Entered: 07/08/2009) |
| 07/08/2009 | 8 | NOTICE of Appearance by Evelyn Fletcher Davis on behalf of Flowserve US Inc. (Fletcher Davis, Evelyn) (Entered: 07/08/2009) |
| 07/08/2009 | 9 | NOTICE of Appearance by Evelyn Fletcher Davis on behalf of Union Carbide Chemicals & Plastics (Fletcher Davis, Evelyn) (Entered: 07/08/2009) |
| 07/08/2009 | 10 | NOTICE of Appearance by Evelyn Fletcher Davis on behalf of Gardner Denver, Inc. (Fletcher Davis, Evelyn) (Entered: 07/08/2009) |
| 07/08/2009 | 13 | Corporate Disclosure Statement by Flowserve US Inc.. (Fletcher Davis, Evelyn) (Entered: 07/08/2009) |
| 07/08/2009 | 15 | Corporate Disclosure Statement by Gardner Denver, Inc.. (Fletcher Davis, Evelyn) (Entered: 07/08/2009) |
| 07/08/2009 | 16 | Corporate Disclosure Statement by Union Carbide Chemicals & Plastics. (Fletcher Davis, Evelyn) (Entered: 07/08/2009) |
| 07/08/2009 | 23 | Corporate Disclosure Statement by Certaineed Corporation. (Fletcher Davis, Evelyn) (Entered: 07/08/2009) |
| 07/08/2009 | 24 | NOTICE of Appearance by Jana Marie Fried on behalf of Georgia-Pacific Corporation (Fried, Jana) (Entered: 07/08/2009) |
| 07/08/2009 | 25 | Corporate Disclosure Statement by Georgia-Pacific Corporation. (Fried, Jana) (Entered: 07/08/2009) |
| 07/09/2009 | 26 | ORDER: Plaintiff shall file responses to the nine (9) motions to dismiss (Dkts. 11, 12, 14, 17-22) within 10 days. Counsel for the parties cannot file any paper in this Court, unless they are admitted to practice in the Middle District of Florida, or have filed motions to proceed pro hac vice. The Court is aware that the motions to dismiss were filed in state court. However, counsel for the parties shall be aware that, going forward, any motion, response, or pleading filed in this Court shall strictly comply with the Court's local rules, including, but not limited to, Rule 1.05. Signed by Judge James S. Moody, Jr on 7/9/2009. (LN) (Entered: 07/09/2009) |
| 07/16/2009 | 27 | NOTICE of Appearance by M. Stephen Smith, III on behalf of Garlock Sealing Technologies, LLC (Smith, M.) (Entered: 07/16/2009) |
| 07/16/2009 | 28 | Corporate Disclosure Statement by Garlock Sealing Technologies, LLC. (Smith, M.) (Entered: 07/16/2009) |
| 07/16/2009 | 29 | NOTICE of Appearance by Michael R. Holt on behalf of Garlock Sealing Technologies, LLC (Holt, Michael) (Entered: 07/16/2009) |
| 07/21/2009 | 30 | Corporate Disclosure Statement by Goulds Pumps, Incorporated Identifying Corporate Parent ITT Corporation/ITT Defense for Goulds Pumps, Incorporated.. (Berry, Nickolas) (Entered: 07/21/2009) |
| 07/24/2009 | 31 | NOTICE of *Bice Cole Law Firm, P.L.* Appearance by Marcia A. Davis on behalf of General Electric Company (Davis, Marcia) (Entered: 07/24/2009) |
| 07/29/2009 | 32 | MOTION for miscellaneous relief, specifically from Notice of Designation Under Local Rule 3.05 and All Corresponding Deadlines by Georgia-Pacific Corporation. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C)(Fried, Jana) (Entered: 07/29/2009) |
| 07/30/2009 | 33 | ORDER: The Joint Motion for Relief 32 is GRANTED. All proceedings in this case, with the exception of service on any unserved Defendant, are STAYED pending a decision by the JPML as to whether this case will be transferred to the U. S. District Court for the Eastern District of Pennsylvania. The CLERK is directed to ADMINISTRATIVELY CLOSE the case during the period of the stay. The Court defers ruling on all pending motions to the Eastern District of Pennsylvania and directs the CLERK to TERMINATE all motions from pending status. The parties are directed to notify the Court immediately in the event the JPML declines to transfer this case, in which event the Court will lift the stay and reopen the case for further proceedings. Signed by Judge James S. Moody, Jr on 7/30/2009. (LN) (Entered: 07/30/2009) |
| 11/16/2010 | 34 | STIPULATION *Joint Stipulation and Order for Substitution of Counsel* by General Electric Company. (De Piano, David) Modified on 11/16/2010 DOCUMENT TERMINATED, counsel to refile using correct event (BES). (Entered: 11/16/2010) |
| 11/17/2010 | 35 | MOTION to substitute attorney *Joint Stipulation and Order for Substitution of Counsel* by General Electric Company. (De Piano, David) Motions referred to Magistrate Judge Elizabeth A. Jenkins. (Entered: 11/17/2010) |
| 11/18/2010 | 36 | ORDER granting 35 Joint Stipulation to Substitute Counsel for Defendant General Electric Company. Signed by Judge James S. Moody, Jr on 11/18/2010. (LN) (Entered: 11/18/2010) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/19/2011 16:42:04 | | | |
| **PACER Login:** | fh0039 | **Client Code:** | 9999-000100 wrh |
| **Description:** | Docket Report | **Search Criteria:** | 8:09-cv-01240-JSM-EAJ |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |