# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:11-cv-06299-BSJ

Farrell v. Air & Liquid Systems Corporation et al
Assigned to: Judge Barbara S. Jones
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 09/09/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Jill Farrell**
*Individually and as personal
Representative of the Estate of Howard
James Farrell, Deceased*

represented by **Jerome Howard Block**
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, NY 10022
(212)-605-6270
Fax: (212)-605-6290
Email: jblock@lpklaw.com
*ATTORNEY TO BE NOTICED*

**Sharon Jessica Zinns**
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 13th Floor
New York, NY 10022
(212) 605-6200
Fax: (212) 605-6290
Email: szinns@lpklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*as Successor by Merger to Buffalo
Pumps, Inc.*

**Defendant**

**Aurora Pump Company**

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Bell & Gossett Company**
*a Subsidiary of ITT Industries*

**Defendant**

**The Boeing Company**

Defendant

**Borg Warner Corporation**

Defendant

**Cameron International Corporation**

Defendant

**Carquest Corporation**

Defendant

**Certainteed Corporation**

Defendant

**Crane Co.**

Defendant

**Crane Pumps & Systems, Inc.**

Defendant

**Curtiss-Wright Corporation**

Defendant

**The Fairchild Corporation**

Defendant

**FMC Corporation**
*on behalf of it former Peerless Pumps*

Defendant

**Ford Motor Company**

Defendant

**Gardner Denver, Inc.**

Defendant

**General Electric Company**

Defendant

**Genuine Parts Company**

Defendant

**Georgia-Pacific LLC**

Defendant

**Gould Pumps Incorporated**

Defendant

**Honeywell International, Inc.**
*as successor-in-interest to The Bendix*
*Corporation*
*formerly known as*
AlliedSignal, Inc.

<u>Defendant</u>

**IMO Industries, Inc.**

<u>Defendant</u>

**Ingersoll-Rand Company**

<u>Defendant</u>

**Kaiser Gypsum Company**

<u>Defendant</u>

**Lockheed Martin Corporation**
*(as Successor-in interest to Martin*
*Marieta Corporation)*

<u>Defendant</u>

**NAtional Automotive Parts**
**Association**

<u>Defendant</u>

**Peerless Industries, Inc.**

<u>Defendant</u>

**Pratt & Whitney Rocketdyne, Inc.**
*formerly known as*
Pratt & Whitney Aircraft Company

<u>Defendant</u>

**Sterling Fluid Systems USA, LLC**
*formerly known as*
Peerless Pump Company Union Carbide
Corporation

<u>Defendant</u>

**Warren Pumps, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/2011 | 1 | COMPLAINT against All Defendants. (Filing Fee $ 350.00, Receipt Number 465401016004)Document filed by Jill Farrell.(rdz) (Entered: 09/13/2011) |
| 09/09/2011 | | SUMMONS ISSUED as to All Defendants. (rdz) (Entered: 09/13/2011) |
| 09/09/2011 | | Magistrate Judge Theodore H. Katz is so designated. (rdz) (Entered: 09/13/2011) |

| 09/09/2011 | Case Designated ECF. (rdz) (Entered: 09/13/2011) |
|---|---|

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/23/2011 10:02:56 | | |
| **PACER Login:** | ld1115 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-06299-BSJ |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

JUDGE JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

JILL FARRELL, Individually and as Personal
Representative of the Estate of HOWARD JAMES
FARRELL, Deceased

                    Plaintiff,                              Civil Action No.:

              -against-                              11 CIV 6299

AIR & LIQUID SYSTEMS CORPORATION                    COMPLAINT
(as Successor by Merger to Buffalo Pumps, Inc.)
AURORA PUMP COMPANY;
A.W. CHESTERTON COMPANY;
BELL & GOSSETT COMPANY,                              Plaintiff demands a trial by jury
a subsidiary of ITT Industries;
THE BOEING COMPANY;
BORG WARNER CORPORATION;
CAMERON INTERNATIONAL CORPORATION;
CARQUEST CORPORATION;
CERTAINTEED CORPORATION;
CRANE CO;
CRANE PUMPS & SYSTEMS, INC.;
CURTISS-WRIGHT CORPORATION;
THE FAIRCHILD CORPORATION;
FMC CORPORATION,
on  behalf of its former Peerless Pumps;
FORD MOTOR COMPANY;
GARDNER DENVER, INC.;
GENERAL ELECTRIC COMPANY;
GENUINE PARTS COMPANY;
GEORGIA-PACIFIC LLC;
GOULDS PUMPS INCORPORATED;
HONEYWELL INTERNATIONAL, INC.;
f/k/a Alliedsignal, Inc., as successor-in-interest
to The Bendix Corporation;
IMO INDUSTRIES, INC.;
INGERSOLL-RAND COMPANY;
KAISER GYPSUM COMPANY;
LOCKHEED MARTIN CORPORATION
(as successor-in-interest
to MARTIN MARIETTA CORPORATION);
NATIONAL AUTOMOTIVE PARTS
ASSOCIATION;



RECEIVED
SEP 08 2011
U.S.D.C. S.D.N.Y.
CASHIERS

PEERLESS INDUSTRIES, INC.;
PRATT & WHITNEY ROCKETDYNE, INC.
f/k/a PRATT & WHITNEY AIRCRAFT
COMPANY
STERLING FLUID SYSTEMS USA, LLC,
formerly known as PEERLESS PUMP COMPANY
UNION CARBIDE CORPORATION;
WARREN PUMPS, INC.

                    Defendants.

--------------------------------------------------------------------X

Plaintiff, as and for her Complaint, by her attorneys LEVY PHILLIPS & KONIGSBERG

LLP, respectfully alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (a)

the matter in controversy exceeds $75,000 exclusive of interests and costs; and (b) the matter is

between citizens of different states.

2.     Venue is proper under 28 U.S.C. §1391 (a) because a substantial part of the

events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

Specifically, at all relevant time of Plaintiff's exposure to asbestos and asbestos-containing

products[1] designed, marketed, manufactured, distributed, supplied and sold by Defendant Union

Carbide Corporation, Union Carbide Corporation was a New York corporation with its

headquarters in this judicial district at 270 Park Avenue, New York, New York.

## THE PARTIES

### I.     THE PLAINTIFFS

3.     JULIE FARRELL, HOWARD JAMES FARRELL's spouse, is the legal

representative of the Estate of HOWARD JAMES FARRELL for the purposes of this lawsuit as

Letters of Administration on Decedent HOWARD JAMES FARRELL's Estate were granted by the Circuit Court of the State of Wisconsin for Brown County, on June 11, 2011, to JULIE FARRELL, Administrator, file No. 11-IN-150 in the Office of Said Register.

4.     Decedent HOWARD JAMES FARRELL was born on May 24, 1939. His Social Security number was _____ He was diagnosed with malignant mesothelioma on January 20, 2011. He died on March 13, 2011.

5.     Plaintiff JULIE FARRELL was born on June 26, 1942. Her Social Security number is _____ She is a resident of the state of Wisconsin.

6.     As a proximate result of defendants' misconduct, which is detailed below, Decedent HOWARD JAMES FARRELL developed mesothelioma; as a result, he endured rounds of debilitating cancer treatments and medical procedures; he experienced physical pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, disabilities, and loss of bodily functions; he incurred medical expenses; and he suffered from any and all other damages associated with the diagnosis, treatment, and medical course of his cancer and has otherwise suffered injury and damages. Further, as a result of Defendants' wrongful conduct, the estate of HOWARD JAMES FARRELL was caused to incur the cost of his funeral and burial.

7.     HOWARD JAMES FARRELL is survived by his wife, JULIE FARRELL. As a result of Defendants' wrongful conduct which caused HOWARD JAMES FARRELL's asbestos-related mesothelioma, JULIE FARRELL individually and as legal representative of the Estate of HOWARD JAMES FARRELL has and will continue in the future to suffer a loss of society, together with related mental anguish and grief.

---

[1] Throughout this Complaint, Plaintiffs' references to "asbestos-containing products" includes asbestos, asbestos-containing products, products designed to be used with asbestos-containing products, and/or products that it

## II.    THE DEFENDANTS

8.      Upon information and belief, and at all times hereinafter mentioned, A.W. Chesterton Company is a Massachusetts business entity with its principal place of business located in Massachusetts.  For the purposes of this Complaint, A.W. Chesterton shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, A.W. Chesterton is a Massachusetts business entity with its principal place of business in Massachusetts: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, A.W. Chesterton designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products.

9.      Upon information and belief, and at all times hereinafter mentioned, Air & Liquid Systems Corporation as Successor by Merger to Buffalo Pumps, Inc., is a Pennsylvania business entity with its principal place of business located in Pennsylvania.  For the purposes of this Complaint, Air & Liquid shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Air & Liquid is a Pennsylvania business entity with its principal place of business in Pennsylvania: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives

---

was foreseeable would be used with asbestos-containing products.

substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Air & Liquid designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products.

10.     Upon information and belief, and at all times hereinafter mentioned, Aurora Pump Company is a Delaware business entity with its principal place of business located in Delaware. For the purposes of this Complaint, Aurora Pump shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Aurora Pump is a Delaware business entity with its principal place of business in Delaware: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Aurora Pump designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products.

11.     Upon information and belief, and at all times hereinafter mentioned, Bell & Gossett Company, a subsidiary of ITT Industries, is an Illinois business entity with its principal place of business located in Illinois. For the purposes of this Complaint, Bell & Gossett shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Bell & Gossett:

(a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Bell & Gossett designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

12.     Upon information and belief, and at all times hereinafter mentioned, The Boeing Company is an Illinois business entity with its principal place of business located in Illinois. For the purposes of this Complaint, Boeing shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Boeing: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Boeing designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

13.     Upon information and belief, and at all times hereinafter mentioned, Borg Warner Corporation is a Michigan business entity with its principal place of business located in Michigan. For the purposes of this Complaint, Borg Warner shall include the present business

entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Borg Warner: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Borg Warner designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

14.    Upon information and belief, and at all times hereinafter mentioned, Cameron International Corporation is a Delaware business entity with its principal place of business located in Delaware. For the purposes of this Complaint, Cameron International shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Cameron International is a Delaware business entity with its principal place of business in Delaware: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Cameron International designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products.

15.     Upon information and belief, and at all times hereinafter mentioned, Carquest Corporation is a North Carolina business entity with its principal place of business located in North Carolina. For the purposes of this Complaint, Carquest shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Carquest: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Carquest designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

16.     Upon information and belief, and at all times hereinafter mentioned, Certainteed Corporation is a Pennsylvania business entity with its principal place of business located in Pennsylvania. For the purposes of this Complaint, Certainteed shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Certainteed: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international

commerce. At all relevant times, Certainteed designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

17.    Upon information and belief, and at all times hereinafter mentioned, Crane Co. is a Connecticut business entity with its principal place of business located in Connecticut. For the purposes of this Complaint, Crane shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Crane: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Crane designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

18.    Upon information and belief, and at all times hereinafter mentioned, Crane Pumps & Systems, Inc. is an Ohio business entity with its principal place of business located in Ohio. For the purposes of this Complaint, Crane Pumps shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Crane Pumps: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the

9

State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Crane Pumps designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

19.     Upon information and belief, and at all times hereinafter mentioned, The Curtiss-Wright Corporation is a Delaware business entity with its principal place of business located in Delaware.  For the purposes of this Complaint, Curtiss-Wright shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Curtiss-Wright: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Curtiss-Wright designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

20.     Upon information and belief, and at all times hereinafter mentioned, The Fairchild Corporation is a Virginia business entity with its principal place of business located in Virginia. For the purposes of this Complaint, Fairchild shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Fairchild: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the  State of New

York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Fairchild designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

  21. Upon information and belief, and at all times hereinafter mentioned, FMC Corporation, on behalf of its former Peerless Pumps, is a Pennsylvania business entity with its principal place of business located in Pennsylvania. For the purposes of this Complaint, FMC, shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, FMC is a Pennsylvania business entity with its principal place of business in Pennsylvania: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, FMC designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

  22. Upon information and belief, and at all times hereinafter mentioned, Ford Motor Company is a Michigan business entity with its principal place of business located in Michigan. For the purposes of this Complaint, Ford shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Ford is a Michigan business entity with its principal place of business in Michigan: (a) was and still is a foreign corporation, duly authorized to do business in

the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Ford designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

23.    Upon information and belief, and at all times hereinafter mentioned, Gardner Denver, Inc. is an Illinois business entity with its principal place of business located in Illinois. For the purposes of this Complaint, Gardner Denver, Inc. shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Gardner Denver, Inc. is an Illinois based business entity with its principal place of business in Illinois: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Gardner Denver, Inc. designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

24.    Upon information and belief, and at all times hereinafter mentioned, General Electric Company is a Connecticut business entity with its principal place of business located in Connecticut. For the purposes of this Complaint, General Electric Company. shall include the present business entity, as well as all of its predecessor corporations and entities as applicable.

Upon information and belief and at all times hereinafter mentioned, General Electric Company is a Connecticut business entity with its principal place of business in Connecticut: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, General Electric Company designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

25.    Upon information and belief, and at all times hereinafter mentioned, Genuine Parts Company is a Georgia business entity with its principal place of business located in Georgia. For the purposes of this Complaint, Genuine Parts shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Genuine Parts is a Georgia business entity with its principal place of business in Georgia: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Genuine Parts marketed, manufactured, distributed, supplied and sold asbestos-containing products.

26.     Upon information and belief, and at all times hereinafter mentioned, Georgia-Pacific LLC is a Georgia business entity with its principal place of business located in Georgia. For the purposes of this Complaint, Georgia-Pacific LLC shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Georgia-Pacific LLC is a Georgia business entity with its principal place of business in Georgia: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Georgia-Pacific LLC designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

27.     Upon information and belief, and at all times hereinafter mentioned, Goulds Pumps Incorporated is a New York corporation with its principal place of business located in New York. For the purposes of this Complaint, Goulds shall include the present corporation, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Goulds: (a) was, at the relevant time, a New York corporation with its headquarters at 2881 East Bayard Street, Seneca Falls NY 13148. At all relevant times, Goulds designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

28.     Upon information and belief, and at all times hereinafter mentioned, Honeywell International, Inc. is a New Jersey business entity with its principal place of business located in

New Jersey. For the purposes of this Complaint, Honeywell shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Honeywell is a New Jersey business entity with its principal place of business in New Jersey: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Honeywell designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

29.    Upon information and belief, and at all times hereinafter mentioned, IMO Industries, Inc. is a Virginia business entity with its principal place of business located in Virginia. For the purposes of this Complaint, IMO shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, IMO is a Virginia business entity with its principal place of business in Virginia: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, IMO designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

30.     Upon information and belief, and at all times hereinafter mentioned, Ingersoll-Rand Company is a New Jersey business entity with its principal place of business located in New Jersey. For the purposes of this Complaint, Ingersoll shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Ingersoll is a New Jersey business entity with its principal place of business in New Jersey: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Ingersoll designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

31.     Upon information and belief, and at all times hereinafter mentioned, Kaiser Gypsum Company is a Delaware business entity with its principal place of business located in Delaware. For the purposes of this Complaint, Kaiser Gypsum shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Kaiser Gypsum is a Delaware business entity with its principal place of business in Delaware: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of

New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Kaiser Gypsum designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products.

32.     Upon information and belief, and at all times hereinafter mentioned, Lockheed Martin Corporation, as successor-in-interest to Martin Marietta Corporation, is a Maryland business entity with its principal place of business located in Maryland.  For the purposes of this Complaint, Lockheed Martin shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Lockheed Martin is a Maryland business entity with its principal place of business in Maryland: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the  State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Lockheed Martin designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

33.     Upon information and belief, and at all times hereinafter mentioned, National Automotive Parts Association is a Georgia business entity with its principal place of business located in Georgia. For the purposes of this Complaint, National Automotive Parts shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, National Automotive Parts is a Georgia business entity with its principal place of business in Georgia: (a)

17

was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, National Automotive Parts marketed, manufactured, distributed, supplied and sold asbestos-containing products.

34.     Upon information and belief, and at all times hereinafter mentioned, Peerless Industries, Inc. is an Illinois business entity with its principal place of business located in Illinois. For the purposes of this Complaint, Peerless shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Peerless is a Illinois business entity with its principal place of business in Illinois: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Peerless designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

35.     Upon information and belief, and at all times hereinafter mentioned, Pratt & Whitney Rocketdyne Inc. is an Delaware business entity with its principal place of business located in Delaware. For the purposes of this Complaint, Pratt & Whitney shall include the present business entity, as well as all of its predecessor corporations and entities as applicable.

Upon information and belief and at all times hereinafter mentioned, Pratt & Whitney is a Delaware business entity with its principal place of business in Delaware: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Pratt & Whitney designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

36.    Upon information and belief, and at all times hereinafter mentioned, Sterling Fluid Company (USA) LLC is a Delaware business entity with its principal place of business located in Delaware.  For the purposes of this Complaint, Sterling Fluid shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Sterling Fluid is a Delaware business entity with its principal place of business in Delaware: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Sterling Fluid designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products.

37.    Upon information and belief, and at all times hereinafter mentioned, Union Carbide Corporation is currently a Texas corporation with its principal place of business located in Texas.   For the purposes of this Complaint, Union Carbide shall include the present corporation, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Union Carbide: (a) was, at the relevant time, a New York corporation with its headquarters in this judicial district at the Union Carbide Building at 270 Park Avenue, New York, New York; (b) is now a foreign corporation, duly authorized to do business in the State of New York; (c) in person or through an agent, transacts business in the State of New York; (d) regularly does and/or solicits business within the State of New York; (e) derives substantial revenue from goods used or consumed in the State of New York; (f) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce; and (g) owns, uses or possesses real property situated within the State of New York. At all relevant times, Union Carbide designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

38.    Upon information and belief, and at all times hereinafter mentioned, Warren Pumps Inc. is a Delaware business entity with its principal place of business located in Delaware. For the purposes of this Complaint, Warren Pumps shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Warren Pumps is a Delaware business entity with its principal place of business in Delaware: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York;

(d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Warren Pumps designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products.

**COUNT I**

**NEGLIGENCE**

39.    The allegations in paragraphs One (1) through Thirty-Eight (38) above are realleged and incorporated by reference within this Count.

40.    At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of HOWARD JAMES FARRELL and others working with and around the Defendants' asbestos-containing products.

41.    Defendants negligently produced, sold, supplied or otherwise put into the stream of commerce asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

42.    The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

43.    As a designer, developer, manufacturer, distributor, supplier and seller of the above-described asbestos and asbestos-containing products, and/or machinery requiring the use of asbestos and/or asbestos-containing products, and Defendants owe a duty to foreseeable users and handlers of said products, to use ordinary care in designing, manufacturing, marketing,

supplying and selling said products in such a manner as to render them safe for their intended

and foreseeable users.

44.    The Defendants were negligent in that they failed to exercise ordinary care and

caution for the safety of HOWARD JAMES FARRELL in one or more of the following respects:

a.    Included asbestos in their products when the Defendants knew or should
      have known that said asbestos would have a toxic, poisonous and highly
      deleterious effect upon the health of persons inhaling, ingesting or
      otherwise absorbing them;

b.    Included asbestos in their products, even though it was completely
      foreseeable and could or should have been anticipated that persons such as
      HOWARD JAMES FARRELL, working with or around them, would
      inhale, ingest or otherwise absorb asbestos;

c.    Included asbestos in their products when adequate substitutes for the
      asbestos were available;

d.    Failed to provide any or adequate warnings to persons working with and
      around their products of the dangers of inhaling, ingesting or otherwise
      absorbing the asbestos fibers contained in them;

e.    Failed to provide any or adequate instructions concerning the safe methods
      of working with and around the products, including specific instructions
      on how to avoid inhaling, ingesting or otherwise absorbing the asbestos
      fibers in them;

f.    Failed to conduct tests on the asbestos-containing products manufactured,
      sold, delivered or installed by the Defendants in order to determine the
      hazards to which persons such as HOWARD JAMES FARRELL might be
      exposed while working with or around the products; and,

g.    Designed, manufactured and sold equipment, vehicles, machinery,
      technologies and systems that included asbestos-containing components
      and required and/or specified the use of asbestos-containing replacement
      components.

45.    As a direct and proximate result of one or more of the foregoing negligent acts

and/or omissions on the part of the Defendants, HOWARD JAMES FARRELL was exposed to

and inhaled, ingested or otherwise absorbed asbestos fibers causing HOWARD JAMES

FARRELL to develop the aforesaid asbestos disease, which disabled and disfigured HOWARD JAMES FARRELL; HOWARD JAMES FARRELL was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; HOWARD JAMES FARRELL's family experienced mental anguish and emotional pain and suffering and has lost the society of the Decedent; lastly, substantial sums of money were expended by HOWARD JAMES FARRELL's estate for his funeral and burial. Decedent HOWARD JAMES FARRELL also incurred substantial loss of income prior to his death.

## COUNT II

### STRICT PRODUCT LIABILITY

46.     The allegations in paragraphs One (1) through Forty-Five (45) above are realleged and incorporated by reference within this Count.

47.     The Defendants placed their asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

48.     Defendants failed to design, manufacture, market, distribute, supply and sell asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable uses. By way of example and not limitation, Defendants:

  a.    Failed to design, develop, manufacture and test the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when Defendants knew or should have known that the foreseeable use of intended purpose of its products was by persons, specifically Decedent HOWARD JAMES FARRELL, who worked with and around said products;

23

    b.    Marketed and sold said products while the same was in an unreasonably dangerous and defective condition, presenting a hazardous risk to Decedent HOWARD JAMES FARRELL's well-being;

    c.    Failed to recall or attempt to repair the defective products when Defendants were and had been aware of the propensity of said products to injure Decedent HOWARD JAMES FARRELL;

    d.    Failed to properly test said products to ensure that they were reasonably safe for use throughout their product lifetime.

49.    Moreover, when Defendants' asbestos and asbestos-containing products left the Defendants' possession and were placed on the market, the products were defective in that:

    a.    When used in the intended or reasonably foreseeable manner, the products were not reasonably safe for their intended use;

    b.    When used in the intended or reasonably foreseeable manner, the products failed to perform as safely as would be expected by an ordinary user or consumer;

    c.    When used in the intended or reasonably foreseeable manner, the products caused a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

50. Defendants violated the requirements of Section 402A of the Restatement of Torts, 2d, all of which proximately resulted in Decedent HOWARD JAMES FARRELL's asbestos-related disease.

51. Additionally, although Defendants knew or, in the exercise of ordinary care, should have known that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were deleterious, and highly harmful to Decedent HOWARD JAMES FARRELL's health, Defendants nonetheless:

    a.    Failed to advise or warn Decedent HOWARD JAMES FARRELL of the dangerous characteristics of their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

b.    Failed to provide Decedent HOWARD JAMES FARRELL with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if any, to protect Plaintiff TERRENCE ALAN SJULIN from being harmed by exposure to asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

c.    Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting Decedent HOWARD JAMES FARRELL of the dangers to health caused by contact with asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

d.    Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring the use of asbestos and/or asbestos-containing products in a safe manner.

52. Defendants' products were also defective due to inadequate warning or instruction during and after the time of marketing in that Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with their products and failed to provide reasonable and/or adequate warning or instruction in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Decedent HOWARD JAMES FARRELL.

53. As a direct and proximate result of using Defendants' asbestos and asbestos-containing products for the general purpose for which they were designed and intended, Decedent HOWARD JAMES FARRELL was exposed to asbestos, contracted mesothelioma and has suffered and continues to suffer the injuries and damages set forth herein.

54. Accordingly, Defendants are strictly liable to Plaintiff JULIE FARRELL for their failure to warn, and for defective design and manufacture and/or marketing, distributing, supplying and selling a defective product.

## COUNT III

## BREACH OF WARRANTY

55. The allegations in paragraph One (1) through Fifty-Four (54) above are realleged and incorporated by reference within this Count.

56. Defendants caused Decedent's injuries and damages as stated above by manufacturing, selling, installing, and distributing asbestos-containing products and raw materials which failed to meet express and implied warranties of merchantability and fitness for intended purposes upon which Decedent had a right to rely and did rely.

57. As a direct and proximate result of the breaches of these warranties, Decedent HOWARD JAMES FARRELL was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent HOWARD JAMES FARRELL to develop the aforesaid asbestos disease, which disabled and disfigured HOWARD JAMES FARRELL; HOWARD JAMES FARRELL was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; Decedent HOWARD JAMES FARRELL experienced great physical pain and mental anguish as a result of his asbestos-induced disease and conditions. Decedent HOWARD JAMES FARRELL incurred substantial loss of income. Defendants are liable to Plaintiff JULIE FARRELL for these damages.

## COUNT IV

### FRAUDULENT CONDUCT, MALICE AND GROSS NEGLIGENCE

58. The allegations in paragraph One (1) through Fifty-Seven (57) above are realleged and incorporated by reference within this Count.

59. The Defendants had a duty to refrain from gross negligence, fraud and/or malicious acts or omissions which would harm HOWARD JAMES FARRELL.

60. Defendants are guilty of one or more of the following acts or omissions amounting to fraudulent misconduct, malice and gross negligent:

    a.    Intentionally or with gross negligence for the safety of HOWARD JAMES FARRELL, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as HOWARD JAMES FARRELL working with or around their products would inhale, ingest or otherwise absorb asbestos;

    b.    Intentionally or with gross negligence for the safety of HOWARD JAMES FARRELL, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of person inhaling, ingesting or otherwise absorbing them;

    c.    Intentionally or with gross negligence for the safety of HOWARD JAMES FARRELL, included asbestos in their products when adequate substitutes for the asbestos in them was available;

    d.    Intentionally or with gross negligence for the safety of HOWARD JAMES FARRELL, removed any warnings regarding the dangers of asbestos from the packaging of asbestos-containing products supplied to persons working with an around the products and using the products in their intended and/or reasonably foreseeable manner;

    e.    Intentionally or with gross negligence for the safety of HOWARD JAMES FARRELL, failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

    f.    Intentionally or with gross negligence for the safety of HOWARD JAMES FARRELL, failed to provide any or adequate instructions concerning the safe methods of working with and around their products, including

specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

g.    Intentionally or with gross negligence for the safety of HOWARD JAMES FARRELL, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as HOWARD JAMES FARRELL might be exposed while working with and around the products;

h.    Intentionally or with gross negligence for the safety of HOWARD JAMES FARRELL, failed to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, thereby adding to the exposure of HOWARD JAMES FARRELL and others similarly situated;

i.    Intentionally or with gross negligence for the safety of HOWARD JAMES FARRELL, failed to take adequate steps to remedy the above failures, including but not limited to: (1) failure to recall or require removal of asbestos and asbestos products; coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe; and (3) failure to promptly and safely remove the asbestos now in place; and

j.    Intentionally or with gross negligence for the safety of HOWARD JAMES FARRELL, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

61. As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendants, HOWARD JAMES FARRELL was exposed to asbestos, contracted mesothelioma and suffered the injuries and damages as described herein.

62. Defendants' actions, as stated herein, constitute a flagrant disregard for the rights and safety of Decedent and by engaging in such actions, Defendants acted with gross negligence, fraud, recklessness, willfulness, wantonness and/or malice and should be held liable in punitive and exemplary damages to Plaintiff JULIE FARRELL.

28

## COUNT V

## LOSS OF CONSORTIUM

63. The allegations in paragraphs One (1) through Sixty-Two (62) above are realleged and incorporated by reference within this Count.

64. Plaintiff JULIE FARRELL was married to Decedent HOWARD JAMES FARRELL. As a result of Defendants' wrongful conduct which caused her husband's above stated asbestos-related disease, Plaintiff JULIE FARRELL has suffered and will continue in the future to suffer a loss of the support, consortium and society of her husband, together with related mental anguish and pain and suffering.

**WHEREFORE,** Decedent Howard James Farrell and Plaintiff Julie Farrell, as a direct and proximate result of the negligence and conduct of each Defendant, suffered great pain and severe mental anguish, and Plaintiff Julie Farrell will continue to suffer severe mental anguish.

Decedent, as a direct and proximate result of the negligence of other conduct of Defendants, incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined.

The estate of Decedent Howard James Farrell, as a direct and proximate result of the negligence and other conditions of Defendants, has suffered economic damages and will continue to suffer them throughout Plaintiff Julie Farrell's lifetime.

Plaintiff demands judgment against Defendants jointly and severally in an amount in excess of One Hundred Thousand Dollars ($100,000.00); punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and such other and further relief that this Court deems appropriate.

A trial by jury is hereby demanded as to all counts.

Respectfully submitted,

LEVY PHILLIPS & KONIGSBERG, LLP

BY: _____

Jerome H. Block, Esq. (JB5411)
Sharon J. Zinns, Esq. (SZ9280)
800 Third Avenue
New York, NY 10022
Telephone: (212) 605-6200
Fax: (212) 605-6290

Attorneys for Plaintiff

Dated: September 6, 2011

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

JILL FARRELL, Individually and as a
Personal Representative of the Estate
of HOWARD FARRELL
                        *Plaintiff*
              v.
AIR & LIQUID SYSTEMS CORPORATION (as
Successor by Merger to Buffalo Pumps, Inc.
et al.,          *Defendant*

**11 CIV 6299**

Civil Action No.

**JUDGE JONES**

### SUMMONS IN A CIVIL ACTION

**RECEIVED**

To: *(Defendant's name and address)*

SEE ATTACHED LIST

SEP 20 2011

**G-P LAW DEPARTMENT**
**CASE CONTROL GROUP**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Jerome H. Block
> Sharon J. Zinns
> Levy Phillips & Konigsberg, LLP
> 800 Third Avenue, 11th Floor
> New York, NY 10022

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SEP 0 2 2011

Date: _____

RUBY J. KRAJICK
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Defendants' Addresses

### Air & Liquid Systems Corporation
CT Corporation System
116 Pine Street, Suite 320
Harrisburg, Pennsylvania 17101

### Aurora Pump Company
Attn: Lynette Jones
13515 Ballantyne Corporate Place
Charlotte, NC 28277

### A.W. Chesterton
500 Unicorn Park Drive
Woburn, MA  01801

### Bell & Gossett Company,
a subsidiary of ITT Industries;
8200 N. Austin Avenue
Norton Grove, IL 60053

### The Boeing Company
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

### Borg Warner Corporation
3850 Hamlin Road
Auburn, Hills, MI  48326

### Cameron International
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

### Carquest Corporation
2635 E. Millbrook Rd
Raleigh, NC 27604

### CertainTeed Corporation
750 East Swedes Ford Rd.
P.O. Box 860
Valley Forge, PA 19482

### Defendants' Addresses

### Air & Liquid Systems Corporation
CT Corporation System
116 Pine Street, Suite 320
Harrisburg, Pennsylvania 17101

### Aurora Pump Company
Attn: Lynette Jones
13515 Ballantyne Corporate Place
Charlotte, NC 28277

### A.W. Chesterton
500 Unicorn Park Drive
Woburn, MA  01801

### Bell & Gossett Company,
### a subsidiary of ITT Industries;
8200 N. Austin Avenue
Norton Grove, IL 60053

### The Boeing Company
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

### Borg Warner Corporation
3850 Hamlin Road
Auburn, Hills, MI  48326

### Cameron International
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

### Carquest Corporation
2635 E. Millbrook Rd
Raleigh, NC 27604

### CertainTeed Corporation
750 East Swedes Ford Rd.
P.O. Box 860
Valley Forge, PA 19482

**Crane Co.**
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

**Crane Pumps & Systems, Inc.**
420 3rd Street
Piqua, OH 45356-3918

**The Fairchild Corporation**
1750 Tysons Boulevard, Suite 1400
McLean, VA 22102

**FMC Corporation**
on behalf of its former Peerless Pumps;
1735 Market Street
Philadelphia, PA 19103

**Ford Motor Company**
c/o CT Corporation System
111 Eigth Avenue
New York, NY, 10011

**General Electric Company**
Attn: Henry J. King., Jr., Esq.
Managing Attorney
Electric Insurance Company
152 Conant Street
Beverly, MA 01915

**Genuine Parts Company**
299 Circle 75 Parkway
Atlanta, GA 30339

**Georgia-Pacific LLC**
133 Peachtree Street, N.E.
Atlanta, GA 30303

**Honeywell International, Inc.**
f/k/a Alliedsignal, Inc., as successor-in-interest
to The Bendix Corporation;
101 Columbia Road
Morristown, NJ 07962-1057

**Ingersoll-Rand Company**
c/o CT Corporation
111 Eighth Avenue
New York, NY 10011

**Lockheed Martin Corporation**
Attn: GENERAL COUNSEL
6801 ROCKLEDGE DRIVE
BETHESDA, MARYLAND, 20817

**National Automotive Parts Association**
2999 Circle 75 Parkway
Atlanta, GA 30339

**Peerless Industries, Inc.**
Philip J. O'Rourke, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street, 21st Floor
New York, NY 10005

**Sterling Fluid Systems USA, LLC**
2005 Dr. Martin Luther King Jr. Street
565 Fifth Avenue,
Indianapolis, IN 46202

**Union Carbide Corporation**
c/o CT Corporation
111 Eighth Avenue
New York, NY 10011

**Warren Pumps**
82 Bridges Avenue
P.O. Box 969
Warren, MA 01083-0969

**VIA SECRETARY OF STATE SERVICE**
**Gardner Denver, Inc.**
**Genuine Parts Company**
**Goulds Pumps Incorporated**
**IMO Industries, Inc.**
**Kaiser Gypsum Company**
**Pratt & Whitney Rocketdyne, Inc.**

{00245024.DOC}