UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
SHARON Y. CAIN, ) No. C11-1102RSL
 )
                    Plaintiff, )
           v. ) ORDER OF REMAND
 )
ASBESTOS CORP., LTD., *et al.*, )
 )
                    Defendants. )
_____)

This matter comes before the Court on "Plaintiff's Motion To Remand." Dkt. # 12. Defendant Foster Wheeler Energy Corporation removed this case from state court on the ground that it has a colorable federal defense to plaintiff's state law claims that entitles it to a federal forum under 28 U.S.C. § 1442(a)(1), namely the government contractor defense. Plaintiff seeks remand because the removal was untimely under 28 U.S.C. § 1446(b) and Foster Wheeler is not a "federal officer" for purposes of the jurisdictional analysis. Defendant, as the party asserting federal jurisdiction, has the burden of establishing that this Court has the power to hear this dispute. In re Dynamic Random Access Memory Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008).[1]

---

[1] Foster Wheeler requests that the Court refrain from ruling on plaintiff's motion for remand and stay this litigation until the multi-district litigation panel determines whether the case should be transferred to the Eastern District of Pennsylvania. Because this matter turns on discrete facts regarding the timeliness of the removal application and can be decided quickly and efficiently in this district, the Court declines to issue a stay.

ORDER OF REMAND

Plaintiff served her amended complaint on Foster Wheeler on April 13, 2011. Plaintiff alleged that her decedent had worked at the Puget Sound Naval Shipyard as a lagger for a number of years, that he had been exposed to defendants' asbestos-containing products, and that he had contracted mesothelioma and died as a result of the exposure. In its answer, Foster Wheeler asserted as an affirmative defense that it had manufactured and supplied its asbestos-containing products to the United States government in compliance with mandatory contract specifications and pursuant to official government procurement contracts. Nevertheless, Foster Wheeler did not remove this case to federal court until July 5, 2011.

Foster Wheeler argues that it did not know that this action was removable until plaintiff responded to interrogatories in June 2011 and stated that her decedent worked aboard ships at the Naval Shipyard.[2] Defendant does not explain why this piece of information is relevant to the government contractor defense that it subsequently raised. The evidence provided in support of removal suggests that the products Foster Wheeler sold to the United States Navy were based on procurement contracts and detailed specifications: there is no indication that the Navy purchased Foster Wheeler goods on the open market or that plaintiff's decedent could have come into contact with Foster Wheeler products at the Naval Shipyard that were not subject to the type of contractual arrangement now asserted in support the federal contractor defense. The complaint put defendant on notice that plaintiff's decedent was a lagger at a U.S. government shipyard, that he worked with defendant's asbestos-containing products while in that position, and that the exposure injured him. With full knowledge of its own business practices, defendant asserted as an affirmative defense that these products were provided pursuant to a U.S. government procurement contract and detailed specifications, the very facts upon which it later removed the case to federal court. The answer and the evidence

---

[2] The other information that was supposedly revealed in plaintiff's June discovery responses, such as the nature of the work plaintiff's decedent performed, the kind of products he handled, and the manufacturers of those products, was disclosed in the amended complaint.

ORDER OF REMAND                -2-

subsequently provided in support of removal indicate that Foster Wheeler was aware from the beginning of this case of all facts necessary to assert a colorable government contractor defense.

For all of the foregoing reasons, defendant's removal of this action was untimely under 28 U.S.C. § 1446(b). Plaintiff's motion for remand (Dkt. # 12) is therefore GRANTED. This matter is hereby remanded to the Superior Court of Washington in and for the County of King.

Dated this 29th day of September, 2011.

Robert S. Lasnik
United States District Judge

ORDER OF REMAND -3-