# U.S. District Court
## Western District of Wisconsin (Madison)
### CIVIL DOCKET FOR CASE #: 3:11-cv-00668-slc
#### Internal Use Only

Reno, Charles v. Weyerhaeuser Company  
Assigned to: Magistrate Judge Stephen L. Crocker  
Cause: 28:1332 Diversity-Personal Injury  

Date Filed: 09/28/2011  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity  

**Plaintiff**

Charles G. Reno     represented by    **Michael P. Cascino**  
Cascino Vaughan Law Offices, Ltd.  
220 S. Ashland Avenue  
Chicago, IL 60607  
312-944-0600  
Fax: 312-944-1870  
Email: michaelp.cascino@gmail.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Weyerhaeuser Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/28/2011 | 1 | COMPLAINT against Weyerhaeuser Company. Service to be completed by Waiver of Service of Summons. (Filing Fee $350, receipt number 0758-846756) filed by Charles G. Reno. (Attachments:<br># 1 Exhibit A - Defendant's Home State and Principal Place of Business,<br># 2 Exhibit B - Plaintiff's Work History,<br># 3 JS-44 Civil Cover Sheet) (Cascino, Michael) Modified exhibit descriptions on 9/28/2011. (mmo) (Entered: 09/28/2011) |
| 09/28/2011 | 2 | Corporate Disclosure Statement by Plaintiff Charles G. Reno (Cascino, Michael) (Entered: 09/28/2011) |
| 09/28/2011 | 3 | Notice of Tag-Along Action by Plaintiff Charles G. Reno. (Cascino, Michael) Modified event wording on 9/28/2011 (mmo). (Entered: 09/28/2011) |
| 09/30/2011 |  | Case directly assigned to Magistrate Judge Stephen L. Crocker. (arw) (Entered: 09/30/2011) |
| 09/30/2011 |  | Standard attachments for Magistrate Judge Stephen L. Crocker required to be served on all parties with summons or waiver of service: Briefing Guidelines, Corporate Disclosure Statement, Order Regarding Assignment of Civil Cases, Notice of Assignment to Magistrate Judge and Consent/Request for Reassignment, Order on Dispositive Motions. (arw) (Entered: 09/30/2011) |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

Charles G. Reno,

                      Plaintiff,

v.

Weyerhaeuser Company, a corporation,      Case No.

                      Defendant.

## COMPLAINT

Now come the plaintiff, Charles G. Reno, (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendant, Weyerhaeuser Corporation (hereinafter "Defendant"), a corporation, as follows:

## JURISDICTION

1. Plaintiff Charles G. Reno is an adult citizen and resident of Wisconsin and resides in Stratford, Wisconsin.

2. Defendant is a corporation which is not incorporated in or has its principal place of business in the State of Wisconsin. Please refer to the attached Exhibit A for the state of incorporation and principal place of business defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6. Plaintiff during the course of his employment as a Millwright at various job sites, including those listed on the attached Exhibit B owned by Defendant, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold,

manufactured, distributed, packaged, mined, installed or otherwise placed into commerce by Defendant.

7. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

8. Plaintiff became aware of her asbestos-related conditions and that said conditions were caused by Defendant's wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of Defendant, Plaintiff developed and had been diagnosed with asbestosis on or about 9/28/2008.

10. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to her personal property and possessions.

### COUNT I - NEGLIGENCE - PREMISES OWNER

11. Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

12. Plaintiff restates and realleges the allegations in paragraphs 1-10 above.

13. Defendant is responsible for the ownership and operation of the Weyerhaeuser plant during the period of Plaintiff's exposures.

14. Defendant during operations of the Weyerhaeuser plant caused asbestos fibers to be released and contaminate the air:

    a. in the community surrounding the plant; and

    b. areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

15. The inhalation of asbestos fibers from contaminated air in the community surrounding the plant, housing, vehicles, and other places frequented by Plaintiff is unrelated to any employment relationship with defendant.

16. It was reasonably foreseeable that Plaintiff and other persons would be in proximity to the Weyerhaeuser Plant, or other locations to which the fibers were transported, and inhale airborne asbestos fibers released from the Weyerhaeuser Plant's operations.

17. Defendant had a duty to exercise reasonable care for the safety of the Plaintiff from asbestos fibers released during defendant's operations of the Weyerhaeuser plant which would foreseeably contaminate the air surrounding the plant and other locations to which the fibers were transported.

18. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

19. Plaintiff did not know that asbestos products or asbestos was so dangerous or harmful at the time of her exposures.

20. Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

   b. Failed to adequately investigate health effects of asbestos;

   c. Failed to adequately test for air levels for asbestos;

   d. Failed to adequately instruct Plaintiff or others in the use of precautionary measures relating to airborne asbestos fibers;

   e. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

   f. Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos containing materials.

   g. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

   h. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

      i.     Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

      j.     Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

      k.     Failed to take corrective action after being put on notice of the above violations.

21.    As a direct and proximate result of the acts and omissions from the premises defendant above, Plaintiff were injured as described above.

## COUNT II - NUISANCE

22.    Plaintiff brings this count for nuisance against defendant Weyerhaeuser Company.

23.    Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-21 above.

24.    Defendant is responsible for the ownership and operation of the Weyerhaeuser plant during the period of Plaintiff exposures.

25.    Defendant during operations of the Weyerhaeuser plant caused asbestos fibers to be released into and contaminate the public air in, at, and around the Weyerhaeuser plant.

26.    Defendant during operations of the Weyerhaeuser plant caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

27.    Breathing uncontaminated public air is a public right.

28.    The release and transport of asbestos fibers as described above caused contamination of housing, vehicles, and other places frequented by Plaintiff which contained public air.

29.    Plaintiff and others inhaled the contaminated public air in the community surrounding the plant, housing, vehicles, and other places frequented by Plaintiff.

30.    The inhalation of asbestos fibers from contaminated public air in the community surrounding the plant, housing, vehicles, and other places frequented by Plaintiff is unrelated to any employment relationship with Defendant.

31.    The inhalation of asbestos fibers is a health hazard.

32.    The release of asbestos fibers into the public air interfered with and endangered the use of public places, the right to breath the public air, the use of residences and vehicles, and other activities of the entire community in one or more of the following ways:

      a.     Violated agency regulations issued pursuant to the United States Occupational Safety

   and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

 b. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

 c. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

 d. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

 e. Adversely affected the health interests of the community at large; and

 f. Interfered with the public health and safety;

33. As a direct and proximate result of the nuisance, Plaintiff were injured as described above.

## COUNT III – DECLARATORY JUDGMENT

34. Defendant's conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

35. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

36. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## PRAYER FOR RELIEF

Wherefore, Plaintiff pray for relief as follows:

a. Judgment against Defendant, jointly and severally, for compensatory and general damages.

b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demand a trial by a jury of 6.


Dated: September 27, 2011


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

# Exhibit A
*Defendant's Home State and Principal Place of Business*

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| Weyerhaeuser Company | Washington | Washington |

# EXHIBIT B
Plaintiff's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Weyerhaeuser Plant (f/k/a Roddis Plywood) | Marshfield | WI | 1961 | 2001 |

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Charles G. Reno

**DEFENDANTS**
Weyerhaeuser Company,

**(b)** County of Residence of First Listed Plaintiff: Marathon
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue, Chicago, IL 60606. Ph: (312) 944-0600

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28, United States Sec. 1332
Brief description of cause:
Asbestos Injury, Occupational and Non-Occupational Exposure

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
*United States District Court for the Eastern District of Pennsylvania
JUDGE David R. Strawbridge, USDC ED-PA*  DOCKET NUMBER ED-PA 09-CV-60293

DATE: 09/27/2011
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____