BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No.VI) | MDL No. 875 |
| This Document Relates to: CTO-439 | |
| CHARLES C. ALBRECHT and LAURA ALBRECHT, Plaintiffs, v. A.O. SMITH WATER PRODUCTS, et al. Defendants. | Case No. 11-cv-05990 In the United States District Court For the Southern District of New York |

### DEFENDANT LOCKHEED MARTIN CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 439

Plaintiff Laura Albrecht's Motion To Vacate Conditional Transfer Order 439 ("CTO-439") does not, and cannot, dispute this Panel's determination, evidenced by CTO-439, that Plaintiff's asbestos personal injury lawsuit falls squarely within the purview of MDL No. 875 – *In Re: Asbestos Products Liability Litigation (No. VI)*.[1] Rather, Plaintiff's *only* argument for vacating CTO-439 is that the transferor court has not ruled on her motion to remand the lawsuit to state court. This Panel, however, routinely holds that pending jurisdictional motions,

---

[1] This lawsuit originally was filed by Plaintiff Laura Albrecht and her husband, Charles Albrecht. Mr. Albrecht, however, passed away in August 2011. As such, Ms. Albrecht is the sole remaining plaintiff.

including motions to remand, are **not** grounds for delaying transfer to MDL No. 875 and, indeed, are *irrelevant* to the MDL transfer analysis. This Panel should rule accordingly here as well.

## I. FACTUAL BACKGROUND

Plaintiff has sued nearly forty separate defendants based on decedent Charles Albrecht's alleged asbestos-related injuries. Plaintiff alleges that decedent was exposed to asbestos over several decades from different products manufactured and distributed by many different companies. Specifically, Plaintiff alleges that, "during the course of his employment, [decedent] was exposed to the defendants' asbestos and asbestos-containing materials to which exposure directly and proximately caused him to develop an asbestos-related disease." [*See* Weitz & Luxenberg Standard Asbestos Complaint for Personal Injury No. 7, at ¶ 159, incorporated by reference into Plaintiff's Complaint, both attached hereto as **Exhibit 1**.] Lockheed Martin removed this lawsuit to Federal Court upon learning that Plaintiff's allegations against Lockheed Martin were subject to federal officer jurisdiction. Plaintiff thereafter filed a motion to remand this action to state court. To date, the transferor court has not ruled on Plaintiff's motion.

On August 31, 2011, this Panel conditionally transferred this action to MDL 875, *In Re: Asbestos Products Liability Litigation (No. VI)* on the grounds that Plaintiff's lawsuit "appears . . . [to] involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Robreno." [*See* CTO-439, attached hereto as **Exhibit 2**.] Plaintiff thereafter filed a Motion To Vacate CTO-439 repeating jurisdictional arguments asserted in her motion to remand and opposing transfer to MDL No. 875 solely on the grounds that the transferor court has not yet ruled on her remand motion.

Case MDL No. 875 Document 7920 Filed 10/05/11 Page 3 of 5

## II.    LEGAL ARGUMENT

This Panel and appellate courts reviewing this Panel's decisions consistently affirm that tag-along cases appropriately are transferred to MDL proceedings notwithstanding pending jurisdictional motions. As the Second Circuit explained, "the sole issue [before the Judicial Panel on Multidistrict Litigation] is the merits of the transfer viewed against the purposes of the multidistrict statutory scheme, *whether or not there is a pending jurisdictional objection.*" *In Re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)(emphasis added). "The fact that there [are] pending jurisdictional objections [does] not deprive the MDL panel of the ability to transfer the case." *Grispino v. New England Mutual Life Insurance Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004).

Given this Panel's specific and limited focus, every published JPML decision addressing the propriety of transfer to MDL No. 875 despite pending remand motions has, not surprisingly, ordered the transfer of such lawsuits. For example, in *In Re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d 1348 (J.P.M.L. 2001), this Panel summarily rejected plaintiffs' argument that a lawsuit otherwise suitable for MDL 875 should remain in the transferor district due to a pending motion to remand. *Id.* at 1349. The Panel reasoned that "distinctions [between asbestos personal injury lawsuits] based on such matters as the pendency of motions or other matters before the transferor court . . . were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket." *Id.* Indeed, in specific response to plaintiffs' argument that pending remand motions should preclude transfer, this Panel explained:

> Certain plaintiffs argue that transfer of their actions should be denied or deferred in order permit the resolution of motions to remand the actions to state court. ***There is no need to delay transfer in order to accommodate such an interest* . . . .** [T]hose courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues

3

>should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

*Id.* at 1349 n.1 (*see also In re Asbestos Products Liability Litigation (No. VI)*, 1996 WL 143826, p. 2 n.2 (J.P.M.L 1996)(emphasis added). This Panel, using language ***identical*** to its 2001 and 1996 decisions, recently issued yet another published decision affirming that motions to remand cannot delay transfer to MDL proceedings. *See In re Asbestos Products Liability Litigation (No. VI)*, 560 F.Supp.2d 1367, 1368 n.2 (J.P.M.L. 2008).

Here, Plaintiff's motion is based on the same argument repeatedly rejected by this Panel; i.e., that transfer should be "denied or deferred" to permit resolution of a motion to remand. Given this Panel's precedent that there is no "motion to remand exception" to MDL No. 875 transfers, and the undisputed fact that Plaintiff's asbestos lawsuit involves "common questions of fact . . . with actions previously transferred to the Eastern District of Pennsylvania," Plaintiff's motion should be denied. (*See In re Asbestos Products Liability Litigation (No. VI)*, 560 F.Supp.2d 1367, 1368 *citing In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

### III.  CONCLUSION

For the foregoing reasons, Lockheed Martin respectfully requests that Plaintiff's Motion To Vacate CTO-439 be denied in its entirety.

Dated: Hauppauge, New York
       October 5, 2011

                      MARSHALL, DENNEHEY, WARNER,
                      COLEMAN & GOGGIN

By: *Anna M. DiLonardo* (signature)

Anna M. DiLonardo, Esq. (1679)
888 Veterans Memorial Highway, Suite 540
Hauppauge, New York 11788
Telephone: (631) 232-6130
Email: amdilonardo@mdwcg.com

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION