EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------X   Index No.:

CHARLES C. ALBRECHT and LAURA ALBRECHT,

Date Filed:

Plaintiff(s),

-against-

**VERIFIED
COMPLAINT**

ABEX INC.,
ADEL WIGGINS GROUP,
   A DIVISION OF TRANSDIGM, INC.,
AMERICAN CYANAMID COMPANY,
CBS CORPORATION, f/k/a VIACOM INC.,
  successor by merger to
  CBS CORPORATION, f/k/a
  WESTINGHOUSE ELECTRIC CORPORATION,
CYTEC ENGINEERED MATERIALS,
CYTEC ENGINEERED MATERIALS, INC., Individually and as
  Successor in interest to and/or f/k/a AMERICAN CYANAMID
  and CYTEC INDUSTRIES, INC.,
DANA COMPANIES, LLC,
EATON AEROQUIP INC.,
  f/k/a AEROQUIP CORPORATION,
EMPIRE-ACE INSULATION MFG. CORP.,
GENERAL ELECTRIC COMPANY,
GEORGIA PACIFIC CO.,
GOODRICH CORP., f/k/a THE B.F. GOODRICH COMPANY,
  Individually and a/k/a GOODRICH AEROSTRUCTURES
  GROUP f/k/a ROHR, INC and ROHR INDUSTRIES,
GOODRICH CORPORATION,
  f/k/a THE B.F.GOODRICH COMPANY,
  Individually, and as successor in interest to
  THE CLEVELAND PNEUMATIC COMPANY,
  a Division of the PNEUMO ABEX CORPORATION,
  a wholly owned subsidiary of ABEX INC.,
GOODYEAR CANADA, INC.,
GOODYEAR TIRE AND RUBBER COMPANY,
HENKEL CORPORATION,
HENKEL CORPORATION, Individually and as Successor to
  and/or f/k/a HENKEL LOCTITE CORPORATION ( f/k/a
  LOCTITE CORPORATION and THE DEXTER
  CORPORATION a/k/a DEXTER HYSOL AEROSPACE, Inc.;
  a/k/a HYSOL COMPANY and SHELL CHEMICAL
  COMPANY (aerospace adhesive line) and ADHESIVES
  ENGINEERING and PERMATEX COMPANY INC,
HONEYWELL INTERNATIONAL, INC.,
  f/k/a ALLIED SIGNAL, INC. / BENDIX,
IMO INDUSTRIES, INC.,
  Individually, and as successor in interest to GENERAL
  METALS CORPORATION and ADEL PRECISION
  PRODUCTS CORP.,

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

INGERSOLL-RAND COMPANY,
J.H. FRANCE REFRACTORIES COMPANY,
KENDAVIS HOLDING COMPANY
   (former subsidiary, STRATOFLEX, INC.),
KENTILE FLOORS, INC.,
LOCKHEED MARTIN CORPORATION,
   Individually, and as successor by merger to LOCKHEED
   CORPORATION,
MARIO & DIBONO PLASTERING CO., INC.,
McDONNELL DOUGLAS CORPORATION,
OWENS-ILLINOIS, INC.,
PARKER-HANNIFIN CORPORATION,
   Individually, (Cleveland Brake Division),
   and as successor by merger to STRATOFLEX, INC.,
PNEUMO ABEX CORPORATION,
   Individually and as successor in interest to ABEX
   CORPORATION,
PRATT & WHITNEY POWER SYSTEMS, INC.,
RAPCO, INC.,
RAPCO, INC./RAPCO FLEET SUPPORT, INC.,
RAPID-AMERICAN CORPORATION,
ROHR, INC.,
ROLLS-ROYCE PLC,
THE B.F. GOODRICH COMPANY,
   (GOODRICH CORPORATION),
THE BOEING COMPANY,
U.S. RUBBER COMPANY (UNIROYAL),
UNITED TECHNOLOGIES CORPORATION,
   Individually, and as successor to UNITED TECHNOLOGIES
   PRATT & WHITNEY AIRCRAFT DIVISION,

                    Defendants.
----------------------------------------------------------------X

       Plaintiff(s), CHARLES C. ALBRECHT and LAURA ALBRECHT, by

their attorneys WEITZ & LUXENBERG, P.C., upon information and belief, at all times

hereinafter mentioned alleges as follows:

           1.     Plaintiff(s), CHARLES C. ALBRECHT and LAURA ALBRECHT, by

their attorneys, WEITZ & LUXENBERG, P.C., for their **verified complaint** respectfully

alleges:

           2.     Defendant ABEX INC., was and still is a duly organized domestic

corporation doing business in the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

3.     Defendant ABEX INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

4.     Defendant ADEL WIGGINS GROUP, A DIVISION OF TRANSDIGM, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

5.     Defendant ADEL WIGGINS GROUP, A DIVISION OF TRANSDIGM, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

6.     Defendant AMERICAN CYANAMID COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

7.     Defendant CYTEC ENGINEERED MATERIALS, was and still is a duly organized domestic corporation doing business in the State of New York.

8.     Defendant CYTEC ENGINEERED MATERIALS, INC., Individually and as Successor in interest to and/or f/k/a AMERICAN CYANAMID and CYTEC INDUSTRIES, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

9.     Defendant EATON AEROQUIP INC., f/k/a AEROQUIP CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

10.     Defendant EATON AEROQUIP INC., f/k/a AEROQUIP CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

11.    Defendant GEORGIA PACIFIC CO., was and still is a duly organized domestic corporation doing business in the State of New York.

12.    Defendant GOODRICH CORP., f/k/a THE B.F. GOODRICH COMPANY, Individually and a/k/a GOODRICH AEROSTRUCTURES GROUP f/k/a ROHR, INC and ROHR INDUSTRIES, was and still is a duly organized domestic corporation doing business in the State of New York.

13.    Defendant GOODRICH CORPORATION, f/k/a THE B.F.GOODRICH COMPANY, Individually, and as successor in interest to THE CLEVELAND PNEUMATIC COMPANY, a Division of the PNEUMO ABEX CORPORATION, a wholly owned subsidiary of ABEX INC., was and still is a duly organized domestic corporation doing business in the State of New York.

14.    Defendant GOODRICH CORPORATION, f/k/a THE B.F.GOODRICH COMPANY, Individually, and as successor in interest to THE CLEVELAND PNEUMATIC COMPANY, a Division of the PNEUMO ABEX CORPORATION, a wholly owned subsidiary of ABEX INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

15.    Defendant HENKEL CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

16.    Defendant HENKEL CORPORATION, Individually and as Successor to and/or f/k/a HENKEL LOCTITE CORPORATION and THE DEXTER CORPORATION a/k/a DEXTER HYSOL AEROSPACE, Inc.; a/k/a HYSOL COMPANY and SHELL CHEMICAL COMPANY(aerospace adhesive line) and ADHESIVES, was and still is a duly organized domestic corporation doing business in the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

17.   Defendant IMO INDUSTRIES, INC., Individually, and as successor in interest to GENERAL METALS CORPORATION and ADEL PRECISION PRODUCTS CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

18.   Defendant IMO INDUSTRIES, INC., Individually, and as successor in interest to GENERAL METALS CORPORATION and ADEL PRECISION PRODUCTS CORP., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

19.   Defendant KENDAVIS HOLDING COMPANY (former subsidiary, STRATOFLEX, INC.), was and still is a duly organized domestic corporation doing business in the State of New York.

20.   Defendant KENDAVIS HOLDING COMPANY (former subsidiary, STRATOFLEX, INC.), was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

21.   Defendant LOCKHEED MARTIN CORPORATION, Individually, and as successor by merger to LOCKHEED CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

22.   Defendant LOCKHEED MARTIN CORPORATION, Individually, and as successor by merger to LOCKHEED CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

23.   Defendant McDONNELL DOUGLAS CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

24.    Defendant McDONNELL DOUGLAS CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

25.    Defendant PARKER-HANNIFIN CORPORATION, Individually, (Cleveland Brake Division), and as successor by merger to STRATOFLEX, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

26.    Defendant PARKER-HANNIFIN CORPORATION, Individually, (Cleveland Brake Division), and as successor by merger to STRATOFLEX, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

27.    Defendant PRATT & WHITNEY POWER SYSTEMS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

28.    Defendant PRATT & WHITNEY POWER SYSTEMS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

29.    Defendant RAPCO, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

30.    Defendant RAPCO, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

31.    Defendant RAPCO, INC./RAPCO FLEET SUPPORT, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

32.    Defendant RAPCO, INC./RAPCO FLEET SUPPORT, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

33.    Defendant ROHR, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

34.    Defendant ROLLS-ROYCE PLC, was and still is a duly organized domestic corporation doing business in the State of New York.

35.    Defendant ROLLS-ROYCE PLC, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

36.    Defendant THE B.F. GOODRICH COMPANY, (GOODRICH CORPORATION), was and still is a duly organized domestic corporation doing business in the State of New York.

37.    Defendant THE BOEING COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

38.    Defendant UNITED TECHNOLOGIES CORPORATION, Individually, and as successor to UNITED TECHNOLOGIES PRATT & WHITNEY AIRCRAFT DIVISION, was and still is a duly organized domestic corporation doing business in the State of New York.

39.    Defendant UNITED TECHNOLOGIES CORPORATION, Individually, and as successor to UNITED TECHNOLOGIES PRATT & WHITNEY AIRCRAFT DIVISION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

Plaintiff(s), CHARLES C. ALBRECHT and LAURA ALBRECHT,   repeats and

realleges   NYAL - WEITZ & LUXENBERG, P.C. STANDARD ASBESTOS COMPLAINT

FOR PERSONAL INJURY No. 7   as if fully incorporated herein as it pertains to the defendants

in the aforementioned caption.

Dated: *April 20, 2011*
     New York, New York

                                      Yours, etc.,

                                        WEITZ & LUXENBERG, P.C

                                        Attorneys for Plaintiff(s)
                                        700 Broadway
                                        New York, NY  10003
                                        (212) 558-5500

STATE OF NEW YORK      )
                             SS:

COUNTY OF NEW YORK  )

        The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

        Deponent is an Associate of the firm WEITZ & LUXENBERG, P.C., Counsel for the plaintiff(s) in the within action; deponent has read the foregoing **summons and verified complaint** and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.  This verification is made by deponent and not by plaintiff(s) because plaintiff(s) resides outside of the County of New York where plaintiffs' counsel and deponent maintain their office.

Dated: April 20, 2011
        New York, New York

                                              DAN KRAFT JR.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Index No.: 190152-11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CHARLES C. ALBRECHT and LAURA ALBRECHT,

Plaintiff(s),

-against-

ABEX INC., et al.,

Defendants.

## SUMMONS and COMPLAINT

WEITZ & LUXENBERG, P.C.
Attorneys for PLAINTIFFS
700 Broadway
New York, NY 10003
212-558-5500

To
Attorney(s) for

Service of a copy of the within
is hereby admitted.

Dated, April 20, 2011

Attorney(s) for

SUPREME COURT: ALL COUNTIES
WITHIN THE CITY OF NEW YORK
------------------------------------------------X
IN RE NEW YORK CITY,
ASBESTOS LITIGATION
------------------------------------------------X
This Document Relates To:



ALL CASES
------------------------------------------------X
A.O. SMITH WATER PRODUCTS CO.,
A.W. CHESTERTON COMPANY,
AMCHEM PRODUCTS, INC.,
AMERICAN OPTICAL CORP.,
AMERICAN STANDARD, INC.,
ANCHOR PACKING COMPANY,
AT&T,
BMCE INC.,
     f/k/a UNITED CENTRIFUGAL PUMP,
BURNHAM CORPORATION,
BURNS INTERNATIONAL SERVICE CORPORATION
f/k/a BORG-WARNER CORPORATION
CATERPILLAR, INC.,
CERTAIN TEED CORPORATION,
CLEAVER BROOKS COMPANY, INC.,
CONSOLIDATED  EDISON COMPANY OF
     NEW YORK INC.,
COURTER & COMPANY, INC.,
CRANE CO.,
CUMMINS ENGINE COMPANY, INC.,
DB RILEY, INC.,
DAIMLERCHRYSLER CORPORATION,
DANA CORPORATION,
DEERE & CO.,
DURABLA MANUFACTURING COMPANY,
EASTERN REFRACTORIES COMPANY, INC.,
EMPIRE ACE INSULATION MFG. CORP.,
ERICSSON, INC.,
     as successor in interest to
     ANACONDA WIRE & CABLE CO.,
FERODO AMERICAN INC.,
     f/k/a NUTURN CORP.,

ASBESTOS MASTER
INDEX NO.: 40,000/88

Date Filed:

NYAL-WEITZ& LUXENBERG, P.C.
STANDARD ASBESTOS
COMPLAINT FOR PERSONAL
INJURY No. 7

**VERIFIED
COMPLAINT**

1

FORD MOTOR COMPANY,
FOSTER WHEELER CORPORATION,
FREIGHTLINER CORPORATION,
FULTON BOILER WORKS, INC.,
GARLOCK, INC.,
GENERAL ELECTRIC COMPANY,
GENERAL MOTORS CORPORATION,
GIBRALTAR INDUSTRIAL SERVICES, INC.,
GOODYEAR CANADA, INC.,
GOODYEAR TIRE AND RUBBER COMPANY,
GOULD PUMPS, INC.,
H.B. FULLER COMPANY,
HONEYWELL CORP.,
     f/k/a ALLIED SIGNAL, INC., BENDIX,
I.U. NORTH AMERICA, INC.,
IBM,
INGERSOLL-RAND COMPANY,
INTERNATIONAL TRUCK and
     ENGINE CORPORATION,
J.H. FRANCE REFRACTORIES COMPANY,
KEELER-DORR-OLIVER BOILER COMPANY,
KENTILE FLOORS, INC.,
KEYSPAN GENERATION LLC.,
     f/k/a LONG ISLAND LIGHTNING COMPANY,
KOHLER CO.,
LIPE-AUTOMATION CORPORATION,
LOCKHEED MARTIN CORP.,
     as successor in interest to MARTIN MARIETTA CORP.,
     as successor in interest to AMERICAN MARIETTA CORP.,
MACK TRUCKS,
MADER CAPITAL, INC.,
MAREMOUNT CORP.,
MARIO & DIBONO PLASTERING CO., INC.,
MCCORD CORPORATION, individually and as successor in
interest to A.E. Clevite, Inc. and J. P. Industries, Inc.
MINNESOTA MINING &
     MANUFACTURING COMPANY,
MORSE-DIESEL CONSTRUCTION COMPANY, INC.,
MOTION CONTROL INDUSTRIES, INC.,
     as predecessor in interest to CARLISLE CORPORATION,
NATIONAL SERVICES INDUSTRIES, INC.,
NOSROC CORP.,
O'CONNOR CONSTRUCTORS, INC.,
     f/k/a THOMAS O'CONNOR & COMPANY, INC.,
OAKFABCO, INC.,

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

2

OWENS-ILLINOIS, INC.,
PACCAR, INC.,
     individually and through its division,
     PETERBILT MOTORS CO.,
PATTERSON KELLY DIVISION,
PATTERSON PUMP COMPANY,
PEERLESS HEATER CO., INC.,
PEERLESS INDUSTRIES, INC.,
PERKINS ENGINES, INC.,
PFIZER, INC., (PFIZER),
PNEUMO ABEX CORPORATION,
     individually and as successor in interest to
     ABEX CORPORATION,
PREMIER REFRACTORIES, INC., f/k/a ADIENCE, INC f/k/a BMI
PROKO INDUSTRIES, INC.,
PUERTO RICO SAFETY EQUIPMENT CORPORATION,
     n/k/a WORKSAFE INDUSTRIES OF
     PUERTO RICO, INC.,
QUIGLEY COMPANY, INC.,
RAPID-AMERICAN CORPORATION,
REYNOLDS METALS COMPANY,
     as successor in interest to
     ATLANTIC ASBESTOS CORPORATION,
ROBERT A. KEASBEY COMPANY,
SAFEGUARD INDUSTRIAL EQUIPMENT CO., INC.,
SEQUOIA VENTURES, INC.,
     f/k/a BECHTEL CORPORATION,
STANDARD MOTOR PRODUCTS,
TDY INDUSTRIES, INC.,
THE OKONITE COMPANY,
TISHMAN LIQUIDATING CORP.,
TISHMAN REALTY & CONSTRUCTION CO., INC.,
TODD SHIPYARDS CORP.,
TREADWELL CORPORATION,
U. S. RUBBER COMPANY (UNIROYAL),
UNION CARBIDE,
UNITED CONVEYOR CORPORATION,
VIACOM INC.,
     successor by merger to CBS CORPORATION,
     f/k/a  WESTINGHOUSE ELECTRIC CORPORATION,
WEIL-MCLAIN COMPANY, INC.,

WESTINGHOUSE AIR BRAKE COMPANY,
     a/k/a WABCO, INC.,
YORK INDUSTRIES CORPORATION,

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

3

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
160 MAIDEN LANE
NEW YORK, N.Y. 10038

Defendants.
----------------------------------------------------X

Plaintiff(s), by his/her attorneys, upon information and belief, at all times hereinafter mentioned, allege as follows:

1. Plaintiff(s) is at all times herein mentioned a resident of the state alleged in the individual complaint.

2. The term "Defendants" shall apply to all named business and/or corporate entities and/or such company's predecessors and/or successors in interest more fully described below.

3. The Defendants named herein have done business in this State and/or have conducted and/or transacted business in this state, have committed one or more tortious acts within this State and/or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

4. Defendant A.O. SMITH WATER PRODUCTS CO., was and still is a duly organized domestic corporation doing business in the State of New York.

5. Defendant A.O. SMITH WATER PRODUCTS CO., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

6. Defendant A.W CHESTERTON COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

7. Defendant A.W. CHESTERTON COMPANY, was and still is a duly

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

4

organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

8.      Defendant AMCHEM PRODUCTS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

9.      Defendant AMCHEM PRODUCTS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

10.     Defendant AMERICAN OPTICAL CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

11.     Defendant AMERICAN OPTICAL CORP., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

12.     Defendant AMERICAN STANDARD, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

13.     Defendant ANCHOR PACKING COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

14.     Defendant AT&T, was and still is a duly organized domestic corporation doing business in the State of New York.

15.     Defendant BMCE INC. f/k/a UNITED CENTRIFUGAL PUMP, was and still is a duly organized domestic corporation doing business in the State of New York.

16.     Defendant BMCE INC. f/k/a UNITED CENTRIFUGAL PUMP, was and

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

5

still is a duly organized foreign corporation doing business and/or transacting business in the
State of New York and/or should have expected its acts to have consequences within the State
of New York.

17.    Defendant BURNHAM CORPORATION, was and still is a duly
organized foreign corporation doing business and/or transacting business in the State of New
York and/or should have expected its acts to have consequences within the State of New York.

18.    Defendant BURNS INTERNATIONAL SERVICE CORPORATION
f/k/a BORG-WARNER CORPORATION, was and still is a duly organized foreign corporation
doing business and/or transacting business in the State of New York and/or should have
expected its acts to have consequences within the State of New York.

19.    Defendant CATERPILLAR, INC., was and still is a duly organized
domestic corporation doing business in the State of New York.

20.    Defendant CATERPILLAR, INC., was and still is a duly organized
foreign corporation doing business and/or transacting business in the State of New York and/or
should have expected its acts to have consequences within the State of New York.

21.    Defendant CERTAIN TEED CORPORATION, was and still is a duly
organized domestic corporation doing business in the State of New York.

22.    Defendant CERTAIN TEED CORPORATION., was and still is a duly
organized foreign corporation doing business and/or transacting business in the State of New
York and/or should have expected its acts to have consequences within the State of New York.

23.    Defendant CLEAVER BROOKS COMPANY, INC. was and still is a
duly organized foreign corporation doing business and/or transacting  business in the State of
New York and/or should have expected its acts to have consequences within the State of New

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

6

York.

24.     Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

25.     Defendant COURTER & COMPANY, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

26.     Defendant CRANE CO., was and still is a duly organized domestic corporation doing business in the State of New York.

27.     Defendant CRANE CO., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

28.     Defendant CUMMINS ENGINE COMPANY, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

29.     Defendant CUMMINS ENGINE COMPANY, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

30.     Defendant DB RILEY, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

31.     Defendant DB RILEY, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

32.     Defendant DAIMLERCHRYSLER CORPORATION, was and still is

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

7

a duly organized domestic corporation doing business in the State of New York.

33.    Defendant DAIMLERCHRYSLER CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York

34.    Defendant DANA CORPORATION, individually and as successor to Smith & Kanzler, Inc. and Victor Gasket Company, was and still is a duly organized domestic corporation doing business in the State of New York.

35.    Defendant DANA CORPORATION, individually and as successor to Smith & Kanzler, Inc. and Victor Gasket Company, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

36.    Defendant DEERE & CO., was and still is a duly organized domestic corporation doing business in the State of New York.

37.    Defendant DEERE & CO., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

38.    Defendant DURABLA MANUFACTURING COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

39.    Defendant DURABLA MANUFACTURING COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

40.    Defendant EASTERN REFRACTORIES COMPANY, INC., was and

still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

41.    Defendant EMPIRE ACE INSULATION MFG. CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

42.    Defendant ERICSSON, INC. as successor in interest to ANACONDA WIRE & WIRE CABLE CO., was and still is a duly organized domestic corporation doing business in the State of New York.

43.    Defendant ERICSSON, INC. as successor in interest to ANACONDA WIRE & CABLE CO., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

44.    Defendant FERODO AMERICAN, INC., f/k/a NUTURN CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

45.    Defendant FERODO AMERICAN, INC., f/k/a NUTURN CORP., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

46.    Defendant FORD MOTOR COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

47.    Defendant FOSTER WHEELER CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

9

New York and/or should have expected its acts to have consequences within the State of New York.

48.     Defendant FREIGHTLINER CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

49.     Defendant FREIGHTLINER CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

50.     Defendant FULTON BOILER WORKS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

51.     Defendant GARLOCK, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

52.     Defendant GENERAL ELECTRIC COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

53.     Defendant GENERAL MOTORS CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

54.     Defendant GIBRALTAR INDUSTRIAL SERVICES, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

55.     Defendant GIBRALTAR INDUSTRIAL SERVICES, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

56.     Defendant GOODYEAR CANADA, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

57.     Defendant GOODYEAR TIRE AND RUBBER COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

58.     Defendant GOULD PUMPS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

59.     Defendant GOULD PUMPS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

60.     Defendant H.B. FULLER COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

61.     Defendant H.B. FULLER COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

62.     Defendant HONEYWELL CORP., f/k/a ALLIED SIGNAL, INC.,/ BENDIX, was and still is a duly organized domestic corporation doing business in the State of New York.

63.     Defendant HONEYWELL CORP., f/k/a ALLIED SIGNAL, INC.,/ BENDIX, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

11

consequences within the State of New York.

64.     Defendant I.U. NORTH AMERICA, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

65.     Defendant I. U. NORTH AMERICAS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

66.     Defendant IBM, was and still is a duly organized domestic corporation doing business in the State of New York.

67.     Defendant IBM, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

68.     Defendant INGERSOLL-RAND COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

69.     Defendant INTERNATIONAL TRUCK and ENGINE CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

70.     Defendant INTERNATIONAL TRUCK and ENGINE CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

71.     Defendant J.H. FRANCE REFRACTORIES COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

72.     Defendant J.H. FRANCE REFRACTORIES COMPANY, was and still

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

12

is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

73.    Defendant KEELER-DOOR-OLIVER BOILER COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

74.    Defendant KENTILE FLOORS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

75.    Defendant KENTILE FLOORS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

76.    Defendant  KEYSPAN GENERATION LLC f/k/a LONG ISLAND LIGHTING COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

77.    Defendant KOHLER CO., was and still is a duly organized domestic corporation doing business in the State of New York.

78.    Defendant KOHLER CO., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

79.    Defendant LIPE-AUTOMATION, CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

80.    Defendant LIPE-AUTOMATION, CORP., was and still is a duly

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

13

organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

81.    Defendant LOCKHEED MARTIN CORP., as successor in interest to MARTIN MARIETTA CORP., as successor in interest to AMERICAN MARIETTA CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

82.    Defendant LOCKHEED MARTIN CORP., as successor in interest to MARTIN MARIETTA CORP., as successor in interest to AMERICAN MARIETTA CORP., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

83.    Defendant MACK TRUCKS, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

84.    Defendant MACK TRUCKS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

85.    Defendant MADER CAPITAL, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

86.    Defendant MADER CAPITAL., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

87.    Defendant MAREMOUNT CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

88.    Defendant MAREMOUNT CORP., was and still is a duly organized

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

14

foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

89.    Defendant MARIO & DIBONO PLASTERING CO., INC., was and still is a duly organized domestic corporation doing business in the State of New York

90.    Defendant MARIO & DIBONO PLASTERING CO., INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

91.    Defendant MCCORD CORPORATION, individually and as successor in interest to A.E. CLEVITE, INC. and J.P.INDUSTRIES, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

92.    Defendant MCCORD CORPORATION, individually and as successor in interest to A.E. CLEVITE, INC. and J.P. INDUSTRIES, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

93.    Defendant MINNESOTA MINING & MANUFACTURING COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

94.    Defendant MORSE-DIESEL CONSTRUCTION COMPANY, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

95.    Defendant MORSE-DIESEL CONSTRUCTION CO., INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

15

of New York and/or should have expected its acts to have consequences within the State of New York.

96.    Defendant MOTION CONTROL INDUSTRIES, INC. as predecessor in interest to CARLISLE CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

97.    Defendant MOTION CONTROL INDUSTRIES, INC. as predecessor in interest to CARLISLE CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

98.    Defendant NATIONAL SERVICES INDUSTRIES, INC. , was and still is a duly organized domestic corporation doing business in the State of New York.

99.    Defendant NATIONAL SERVICES INDUSTRIES, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

100.    Defendant NOSROC CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

101.    Defendant NOSROC CORP., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

102. Defendant O'CONNOR CONSTRUCTORS, INC., f/k/a THOMAS O'CONNOR & COMPANY, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

16

103.   Defendant O'CONNOR CONSTRUCTORS, INC., f/k/a THOMAS O'CONNOR & COMPANY, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

104.   Defendant OAKFABCO, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

105.   Defendant OAKFABCO, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

106.   Defendant OWENS-ILLINOIS, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

107.   Defendant PACCAR, INC., individually and through its division, PETERBILT MOTORS CO., was and still is a duly organized domestic corporation doing business in the State of New York.

108.   Defendant PACCAR, INC., individually and through its division, PETERBILT MOTORS CO., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

109.   Defendant PATTERSON KELLY DIVISION, was and still is a duly organized domestic corporation doing business in the State of New York.

110.   Defendant PATTERSON KELLY DIVISION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

17

York and/or should have expected its acts to have consequences within the State of New York.

111.   Defendant PATTERSON PUMP COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

112.   Defendant PATTERSON PUMP COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

113.   Defendant PEERLESS HEATER CO. INC., was and still is a duly organized domestic corporation doing business in the State of New York.

114.   Defendant PEERLESS HEATER CO. INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

115.   Defendant PEERLESS INDUSTRIES, INC, was and still is a duly organized domestic corporation doing business in the State of New York.

116.   Defendant PEERLESS INDUSTRIES INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

117.   Defendant PERKINS ENGINES, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

118.   Defendant PERKINS ENGINES, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

119.   Defendant PFIZER, INC. (PFIZER), was and still is a duly organized domestic corporation doing business in the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

18

120.   Defendant PFIZER, INC. (PFIZER), was and still is a duly organized foreign corporation doing business and transacting business in the State of New York, and/or should have expected its acts to have consequences within the State of New York.

121.   Defendant PNEUMO ABEX CORPORATION, individually and as successor in interest to ABEX CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

122.   Defendant PNEUMO ABEX CORPORATION, individually and as successor in interest to ABEX CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

123.   Defendant PREMIER REFRACTORIES, INC., f/k/a ADIENCE, INC f/k/a BMI was and still is a duly organized domestic corporation doing business in the State of New York.

124.   Defendant PREMIER REFRACTORIES, INC., f/k/a ADIENCE, INC f/k/a BMI  was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

125.   Defendant PROKO INDUSTRIES INC., was and still is a duly organized domestic corporation doing business in the State of New York.

126.   Defendant PROKO INDUSTRIES INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

127.   Defendant PUERTO RICO SAFETY EQUIPMENT CORPORATION

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

19

n/k/a WORKSAFE INDUSTRIES OF PUERTO RICO, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

128.   Defendant QUIGLEY COMPANY, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

129.   Defendant RAPID-AMERICAN CORPORATION, successor-in-interest to Philip Carey Manufacturing Company, Philip Carey Corporation, Briggs Manufacturing Company and/or Panacon Corporation was and still is a duly organized foreign corporation doing business in the State of New York and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

130.   Defendant REYNOLDS METALS COMPANY, as successor in interest to ATLANTIC ASBESTOS CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

131.   Defendant REYNOLDS METALS COMPANY, as successor in interest to ATLANTIC ASBESTOS CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

132.   Defendant ROBERT A. KEASBEY COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

133.   Defendant SAFEGUARD INDUSTRIAL EQUIPMENT COMPANY INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

20

134.   Defendant SEQUOIA VENTURES, INC. f/k/a BECHTEL CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

135.   Defendant STANDARD MOTOR PRODUCTS, was and still is a duly organized domestic corporation doing business in the State of New York.

136.   Defendant STANDARD MOTOR PRODUCTS, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

137.   Defendant TDY INDUSTRIES, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

138.   Defendant TDY INDUSTRIES, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

139.   Defendant THE OKONITE COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

140.   Defendant TISHMAN LIQUIDATING CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

141.   Defendant TISHMAN LIQUIDATING CORP., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

142.   Defendant TISHMAN REALTY AND CONSTRUCTION CO., INC., was and still is a duly organized domestic corporation doing business in the State of New York.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

21

143.    Defendant TISHMAN REALTY AND CONSTRUCTION CO., INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

144.    Defendant TODD SHIPYARDS CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

145.    Defendant TODD SHIPYARDS CORP., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

146.    Defendant TREADWELL CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

147.    Defendant U.S. RUBBER COMPANY (UNIROYAL), was and still is a duly organized domestic corporation doing business in the State of New York.

148.    Defendant U.S. RUBBER COMPANY (UNIROYAL), was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

149.    Defendant UNION CARBIDE, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

150.    Defendant UNITED CONVEYOR CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

151.    Defendant UNITED CONVEYOR CORPORATION, was and still is a

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

22

duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

152. Defendant VIACOM INC., successor by merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, was and still is a duly organized domestic corporation doing business in the state of New York.

153. Defendant VIACOM INC., successor by merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

154. Defendant WEIL-MCLAIN COMPANY, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

155. Defendant WESTINGHOUSE AIR BRAKE COMPANY, a/k/a WABCO, INC., was and still is a duly organized domestic corporation doing business in the state of New York.

156. Defendant WESTINGHOUSE AIR BRAKE COMPANY, a/k/a WABCO, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

157. Defendant YORK INDUSTRIES CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

New York and/or should have expected its acts to have consequences within the State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION
AGAINST ALL DEFENDANTS, EXCEPT PARAGRAPHS 169,170 and 172 WHICH ARE NOT ALLEGED FOR THOSE ASBESTOS EXPOSURES WHICH ARE ALLEGED TO HAVE OCCURRED ABOARD ANY MILITARY VESSEL OR VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT ANY GOVERNMENTAL FACILITY OR LOCATION

158.    Plaintiff(s) repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "157 inclusive with the same force and effect as if hereinafter set forth at length.

159.    Plaintiff(s) continuously worked with and was exposed to the asbestos and asbestos-containing products and materials mined, manufactured, processed, imported, converted, compounded, installed, or sold by the defendants.  During the course of his employment, plaintiff was exposed to the defendants' asbestos and asbestos containing materials to which exposure directly and proximately caused him to develop an asbestos related disease.

160.    Upon information and belief, the defendants mined, processed, manufactured, designed, fabricated, fashioned, packaged, distributed, sold and/or delivered various asbestos-containing products and materials and/or asbestos containing equipment to which plaintiff was exposed during the period of time he was employed.

161.    At all times pertinent hereto the defendants acted through their duly authorized agents, servants, and employees, who were then and there acting in the course of and scope of their employment and in furtherance of the business of said defendants.

162. During the scope and course of plaintiff's employment he was necessarily and unavoidably exposed to and did inhale and ingest dust and/or asbestos fibers emanating

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

24

from the asbestos and asbestos-containing products and/or equipment of the defendants.

163.    As a proximate result of the exposure to the asbestos and asbestos containing products and/or equipment of these defendants, and the unavoidable and necessary inhalation of said asbestos, plaintiff developed an asbestos related disease.

164.    At all relevant times, the defendants knew or should have known that the asbestos and asbestos-containing products and materials which they were providing were inherently dangerous beyond the expectations of the ordinary user or handler who would come into contact with these products.

165.    The defendants negligently failed to provide any or adequate and proper warnings as to the dangers of the use of said products and materials to those persons using, handling, or coming into contact therewith.

166.    The defendants negligently failed to warn and failed to provide adequate instructions of any potentially safer handling methods which should have been utilized by users, handlers, or other persons who were reasonably and foreseeably known to come into contact with the asbestos-containing products and/or equipment and materials.

167.    The defendants negligently failed to investigate  and/or test for the hazards of asbestos products and materials.

168.    To the extent that some defendants may have inquired as to the hazards of said materials, the defendants negligently failed to convey whatever knowledge of dangers, health hazards, or safety precautions they may have had to the users and consumers of their asbestos-containing products.

169.    The defendants negligently failed to develop, make available and/or provide nonhazardous substitutes which could have been used for the same purpose as their

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

asbestos-containing products and/or equipment.

170.    The defendants negligently failed to design asbestos-containing products and/or equipment in such a fashion as to prohibit or minimize the release of airborne, inhalable and ingestible asbestos dust and/or fibers.

171.    As a direct result of working with or near the asbestos materials supplied by the defendants with the consequent unavoidable and necessary inhalation and ingestion of said asbestos fibers, plaintiff developed an asbestos related disease and as a result has been disabled. Plaintiff has suffered and endured great pain and mental anguish and suffered a loss of enjoyment of his life.

172.    The asbestos related disease of the plaintiff was proximately caused by the defendants' negligent actions in that, inter alia, they negligently designed, processed, manufactured, packaged, distributed, delivered and/or installed the asbestos-containing products to which the plaintiff was exposed, all of which evidenced a callous, reckless, wanton, oppressive, malicious, willful, depraved indifference to the health, safety and welfare of the rights of others and more particularly the rights of the plaintiff, all of which defendants had due and timely notice.

173.    Defendants negligently failed to render warnings, advise, give instructions and/or information to plaintiff so that he may have made an adequate and informed judgment as to the use of said products and were otherwise negligent.

174.    The defendants individually and as a group since the early 1900's have possessed medical and scientific data which clearly indicates that their asbestos-containing products are hazardous to health; and prompted by pecuniary motives, the defendants individually and collectively ignored and failed to act upon said medical and scientific data and

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

conspired to deprive the public and particularly the users including plaintiff of said medical and scientific data and therefore deprived the public at large and the plaintiff in particular, of the opportunity of free choice as to whether or not to expose himself to the asbestos and asbestos-containing products of said defendants; and further willfully, intentionally and wantonly failed to warn plaintiff of the serious bodily harm which would result from the inhalation of their asbestos fibers and the dust from their asbestos products.

175.   The defendants utter failure to use reasonable care under all the circumstances is the proximate cause of plaintiff's asbestos related disease.

176.   As a result of the foregoing plaintiff was seriously injured.

177.   By reason of the foregoing, said plaintiff(s) has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

AS AND FOR A SECOND CAUSE OF ACTION
AGAINST ALL DEFENDANTS, EXCEPT FOR THOSE ASBESTOS EXPOSURES WHICH ARE ALLEGED TO HAVE OCCURRED ABOARD ANY MILITARY VESSEL OR VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT ANY GOVERNMENTAL FACILITY OR LOCATION

178.   Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "177", inclusive with the same force and effect as if hereinafter set forth at length.

179.   The defendants expressly and impliedly warranted that said asbestos and asbestos-containing materials were of good and merchantable quality and fit for intended use.

180.   The implied/express warranties made by the defendants that their asbestos and asbestos-containing materials were of good and merchantable quality and fit for

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

27

their particular use were breached in that certain harmful, poisonous and deleterious matter was given off into the atmosphere where plaintiff carried out his duties working with and around asbestos and asbestos-containing materials.

181.   As a direct and/or proximate cause of the breach of the implied/express warranties of good and merchantable quality and fitness for the particular use, plaintiff developed an asbestos related disease and was caused to endure great pain and suffering.

182.   Plaintiff was seriously injured.

183.   By reason of the foregoing, plaintiff(s) has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
AGAINST ALL DEFENDANTS, EXCEPT NO CLAIMS ALLEGING A MANUFACTURE OR DESIGN DEFECT, OTHER THAN FAILURE TO WARN, ARE MADE FOR ANY ASBESTOS EXPOSURES WHICH ARE ALLEGED TO HAVE OCCURRED ABOARD ANY MILITARY VESSEL OR VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT ANY GOVERNMENTAL FACILITY OR LOCATION

184.   Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "183", inclusive with the same force and effect as if hereinafter set forth at length.

185.   At all relevant times, defendants, as part of their business, manufactured, designed, supplied, developed, fashioned, packaged, distributed, delivered, installed, sold, and/or otherwise placed asbestos and asbestos products and/or equipment and materials into the stream of commerce in a defective, unsafe and inherently dangerous condition and the products and materials were expected to and did reach users, handlers and persons coming into contact

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

28

with the said products and materials without substantial change in the condition in which they were sold.

186.   The asbestos-containing products and/or equipment sold by the defendants did not contain a warning and/or information concerning the dangers to persons using, handling or coming into contact therewith.

187.   The asbestos-containing products and/or equipment sold by the defendants did not contain adequate and/or correct warnings and instructions of safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeably come into contact with said products and/or equipment.

188.   That at all times herein, the products and/or equipment being used herein were being employed for the purposes and in the manner normally intended and the defects of the said products were not discoverable by the plaintiff by the exercise of reasonable care, nor were the dangers of said products perceivable on the part of the plaintiff and the plaintiff would not have otherwise averted his injury by the exercise of reasonable care.

189.   Said asbestos and asbestos-containing materials were defective and dangerous at the time they were sold as the products and/or equipment contained a latent defect and were harmful, poisonous and deleterious when introduced into the atmosphere where the plaintiff carried on his work duties.

190.   The defendants selling their asbestos and asbestos-containing materials in a defective and dangerous condition to the users thereof, such as the plaintiff, are strictly liable to the plaintiff for any illness resulting from said defective products.

191.   As a direct and proximate result of the sale by the defendants to plaintiff's employers, and/or other contractors, of said defective and unreasonably dangerous products

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

29

and/or equipment the plaintiff sustained serious and permanent injuries and suffered a loss of enjoyment of his life.

192.   Plaintiff was seriously injured.

193.   That by reason of the foregoing, plaintiff(s) has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST ALL OTHER DEFENDANTS, EXCEPT NO CLAIMS ALLEGING A MANUFACTURE OR DESIGN DEFECT, OTHER THAN FAILURE TO WARN, ARE MADE FOR ASBESTOS EXPOSURES WHICH ARE ALLEGED TO HAVE OCCURRED ABOARD ANY MILITARY VESSEL OR VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT ANY GOVERNMENTAL FACILITY OR LOCATION

194.   Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "193", inclusive with the same force and effect as if hereinafter set forth at length.

195.   Defendants, collectively and individually manufactured, designed, selected, assembled, inspected, tested, maintained for sale, marketed, distributed, installed, sold, supplied, delivered and promoted asbestos and asbestos-containing products which were generically similar and fungible in nature; and placed such products into the stream of interstate commerce.

196.   Plaintiff, through no fault of his own, may not be able to identify all the asbestos-containing products or their manufacturers, marketers, sellers, distributors, or promoters due to the generic similarity and fungible nature of such products as produced by these defendants.

197.   As a direct and proximate result of the defendants' activities plaintiff was

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

exposed to asbestos-containing products and sustained injuries and damage as described above.

198.   By reason of the abovementioned, defendants are jointly and severally liable to the plaintiff for the injuries and damages sustained by him as described above by virtue of industry-wide or enterprise liability.

199.   In the alternative, defendants herein are jointly and severally liable to plaintiff as they represent a substantial share of the asbestos-containing product market within the area in which plaintiff was employed.

200.   Defendants manufactured, designed, selected, assembled, marketed, distributed, sold, supplied, delivered and promoted asbestos-containing products of the kind and nature to which plaintiff was exposed during the period of his employment.

201.   Independent of the above, defendants are also jointly and severally liable to plaintiff, as the limitations of liability articulated in New York CPLR section 1601 do not apply to the plaintiff's cause of action by operation of the exceptions set forth in New York CPLR section 1602, which state that the limitations shall:

(7)   Not apply to any person held liable for causing claimant's injury by having acted with reckless disregard for the safety of others.

(8)   Not apply to any person held liable by reason of the applicability of article ten of the labor law.

(10)   Not apply to any person held liable in a product liability action where the manufacturer of the product is not a party to the action and the claimant establishes by a preponderance of the evidence that jurisdiction over the manufacturer could not with due diligence be obtained and that if the manufacturer were a party to the action, liability for claimant's injury would have been imposed upon said manufacturer by reason of the doctrine of strict liability, to the extent of the equitable share of such manufacturer.

(11)   Not apply to any parties found to have acted knowingly or

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

31

intentionally, and in concert, to cause the acts or failures upon which liability is based; provided, however, that nothing in this subdivision shall be construed to create, impair, alter, limit, modify, enlarge, abrogate, or restrict any theory of liability upon which said parties may be held liable to the claimant.

202.   Therefore, defendants are jointly and severally liable to the plaintiff for the injuries and damages sustained by him which were directly and proximately caused by plaintiff's exposure to asbestos-containing products and promoted by the defendants based on the several defendants pro rata market share within the market described herein.

203.   Plaintiff was seriously injured.

204.   By reason of the foregoing, plaintiff(s) has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS

205.   Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "204", inclusive with the same force and effect as if hereinafter set forth at length.

206.   Defendants, their subsidiaries, agents and/or servants were/are owners, possessors, lessors, lessees, operators, controllers, managers, supervisors, general contractors, subcontractors, architects, engineers or were otherwise responsible for the maintenance, control and/or safety at the premises on which plaintiff was lawfully frequenting and exposed to asbestos.

207.   Defendants, their subsidiaries, agents, and/or servants had a legal duty

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

32

to maintain and keep those premises in a safe and proper condition.

208.   At all times relevant hereto, plaintiff was lawfully frequenting the premises on which plaintiff was exposed to asbestos.

209.   At all times relevant hereto, plaintiff's presence on the premises on which plaintiff was exposed to asbestos was known or knowable to the defendants.

210.   Defendants, their subsidiaries, agents, and/or servants negligently created, caused and/or permitted to exist, an unsafe, hazardous and/or dangerous condition to exist by specifying, using and/or permitting the presence of asbestos and/or asbestos containing products, equipment and/or fixtures at the premises where the plaintiff was exposed to asbestos.

211.   Defendants, their subsidiaries, agents, and/or servants negligently permitted a defective, hazardous and/or dangerous condition to remain uncorrected and/or unchanged at the premises at which the plaintiff was present and exposed to asbestos.

212.   Defendants, their subsidiaries, agents, and/or servants knew, or should have known, of the existence of the unsafe, hazardous and/or dangerous condition and failed to correct this dangerous condition.

213.   Defendants, their subsidiaries, agents, and/or servants knew, or should have known, of the existence of the unsafe, hazardous and/or dangerous condition and failed to warn the plaintiff of the existence of the dangerous condition and/or provide the plaintiff the means to protect himself from this dangerous condition.

214.   Defendants, their subsidiaries, agents, and/or servants were negligent in that they violated the common law duty to maintain a safe work place for individuals, such as plaintiff, who were working in, lawfully frequenting and exposed to asbestos on premises owned, maintained and/or controlled by them.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

33

215.    Defendants, their subsidiaries, agents, and/or servants violated New York Labor Law sections 200 et seq., including, but not limited to, sections 200 and 241 (6) and the New York Industrial Code 12 NYCR sections 12 and 23 by their failure to provide a safe workplace, including, but not limited to, failing to make reasonable inspections to detect dangerous conditions and hidden defects and to warn of dangers of which they knew or should have known, and by their failure to provide reasonable and adequate protection for individuals, such as plaintiff, who was lawfully at a construction site owned, maintained and/or controlled by them. Inter alia:

(a)    Defendants, their subsidiaries, agents and/or servants violated the New York State Industrial Code section 12, subsection 1.4, which states that:

(a)    All operations or processes which produce air contaminants shall be so conducted that the generation, release or dissemination of such contaminants is kept at the lowest practicable level in compliance with this Part (rule) using proper control or protective procedures and equipment.

(b)    (1)    Every employer shall effect compliance with the provisions of this Part (rule) relating to the prevention and removal of air contaminants, the storage and use of flammable liquids and the provision, installation, operation and maintenance of control or protective equipment.

(2)    Every employer shall instruct his employees as to the hazards of their work, the use of the control or protective equipment and their responsibility for complying with the provisions of this Part (rule).

(3)    No employer shall suffer or permit an employee to work in a room in which their exist dangerous air contaminants in a work atmosphere.

(4)    No employer shall suffer or permit dangerous air contaminants to accumulate or remain in any place or area subject to the provisions of this Part (rule).

(b)     Defendants, their subsidiaries, agents, and/or servants violated New York State Industrial Code section 12, subsection 1.5, which states that:

    (a)    (1)    Personal respiratory protective equipment shall not be used in lieu of other control methods, except for protection of employees in emergencies and in the repair, maintenance or adjustment or equipment or processes, or upon specific approval by the board

©)     Defendants, their subsidiaries, agents, and/or servants violated New York State Industrial Code section 12, subsection 1.6 (formerly section 12.9), which states that:

    (a)     One or more of the following methods shall be used to prevent, remove or control dangerous air contaminants:

        (1)     Substitution of a material or a method which does not produce dangerous air contaminants.
        (2)     Local exhaust ventilation conforming to the requirements of Industrial Code Part (Rule No.) 18.
        (3)     Dilution ventilation.
        (4)     Application of water or other wetting agent.
        (5)     Enclosure or isolation
        (6)     other methods approved by the board.

(d)     As evidence of defendants', their subsidiaries', agents' and/or servants' violation of the abovementioned sections of the New York State Industrial Code, defendants, their subsidiaries, agents and/or servants permitted asbestos dust concentrations above the 5mppcf threshold limit value specified in section 12, subsection 3.1, without providing the required reasonable and adequate protective measures, thereby rendering the premises unsafe.

(e)     Defendants, their subsidiaries, agents and/or servants violated section 23-3.2(d) of the New York State Industrial Code which states that:

    (d)     Provision shall be made at every demolition site to control the amount of airborne dust resulting from demolition operations by wetting the debris and other materials with appropriate spraying agents or by other means.

216.     Defendants, their subsidiaries, agents, and/or servants negligently designed the construction of the premises on which plaintiff was lawfully frequenting and

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

exposed to asbestos by specifying the use of asbestos containing products, equipment and/or fixtures at the premises.

217. Defendants, their subsidiaries, agents, and/or servants negligently breached their contractual duty to the plaintiff, third-party beneficiary, to provide for the health, welfare and/or safety of those individuals, such as plaintiff, lawfully frequenting the premises on which plaintiff was exposed to asbestos.

218. Defendants, their subsidiaries, agents and/or servants, breached their warranty to provide for the health, welfare, and/or safety of those individuals, such as plaintiff, lawfully frequenting the premises on which plaintiff was exposed to asbestos.

219. Defendants, their subsidiaries, agents and/or servants breached the duty imposed on possessors of land, contractors and subcontractors and codified in the Restatement of the Law, Second, Torts, including, but not limited to, sections 343, 410, 411, 412, 413, 414, 414A, 416, 422, 424 and 427.

220. These acts and/or omissions of the defendants constitute willful misconduct and conscious disregard of the health of the public, including the plaintiff.

221. As a direct and proximate result of the defendants' conduct, plaintiff was exposed to asbestos and asbestos containing products and sustained serious injuries and described above.

222. Plaintiff was seriously injured.

223. By reason of the aforegoing, plaintiff has been damaged as against each defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## AS AND FOR A SIXTH CAUSE
## OF ACTION AGAINST DEFENDANTS

224.   Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "223" inclusive with the same force and effect as if hereinafter set forth at length.

225.   Defendants MINNESOTA MINING AND MANUFACTURING COMPANY and AMERICAN OPTICAL CORP. were engaged in the business of manufacturing and selling respiratory devices commonly known as "dust masks."

226.   Defendants MINNESOTA MINING AND MANUFACTURING COMPANY and AMERICAN OPTICAL CORP. knew or in the exercise of reasonable diligence should have ascertained that its "dust masks" would be used without inspection for defects, and by placing same on the market, represented that these masks would safely preclude the inhalation of asbestos fibers.

227.   The dust masks manufactured, distributed and sold by the Defendants MINNESOTA MINING AND MANUFACTURING COMPANY and AMERICAN OPTICAL CORP. were dangerous and defective, in that the same failed to protect against the inhalation.

228.   The dust masks as designed, manufactured, distributed and marketed by the Defendants MINNESOTA MINING AND MANUFACTURING COMPANY and AMERICAN OPTICAL CORP. were placed into the stream of commerce in a defective, unsafe and inherently dangerous condition, at the time they left the hands of the Defendants, and were expected to, and did, reach the intended users including this Plaintiff without substantial change in the condition in which these masks were originally manufactured and sold.

229.   The dust masks manufactured, sold and distributed by the Defendants

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

MINNESOTA MINING AND MANUFACTURING COMPANY and AMERICAN OPTICAL CORP. did not contain adequate warnings, instructions for use or safety precautions to persons who reasonably and foreseeably came into contact with and otherwise used said masks.

230.    As a direct and proximate result of the sale by the Defendants MINNESOTA MINING AND MANUFACTURING COMPANY and AMERICAN OPTICAL CORP. to the Plaintiff's employers and others of said defective and unreasonably dangerous dust masks, the Plaintiff sustained serious and permanent asbestos related injuries and suffered a loss of enjoyment of his life.

231.    Plaintiff was seriously injured.

232.    By reason of the aforegoing, plaintiff has been damaged as against each defendant MINNESOTA MINING AND MANUFACTURING COMPANY and AMERICAN OPTICAL CORP. in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

<u>AS AND FOR A SEVENTH CAUSE<br>OF ACTION AGAINST DEFENDANTS</u>

233.    Plaintiff(s) repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "232", inclusive with the same force and effect as if hereinafter set forth at length.

234.    Plaintiff husband/wife is a resident of the state alleged in the individual complaint.  Plaintiff husband/wife was and still is the lawful husband/wife of plaintiff.

235.    By reason of the foregoing, plaintiff husband/wife has been deprived of the services and consortium of her (his) husband/wife including but not limited to her (his) support, services, love, companionship, affection, society, physical relations and solace, and she

LAW OFFICES<br>OF<br>WEITZ<br>&<br>LUXENBERG, P.C.<br>180 MAIDEN LANE<br>NEW YORK, N.Y. 10038

38

suffered a loss of enjoyment of life, all to her (his) damage as against each defendant in the sum

of FIVE  MILLION DOLLARS ($5,000,000.00).

WHEREFORE,  plaintiff(s)  demand  judgment  against  the  defendants  jointly  and

severally on each cause of action with interest together with costs and disbursements in this

action.

Dated: New York, New York
      June 29, 2004

                                 Respectfully submitted,

                                 WEITZ & LUXENBERG, P.C.
                                 Attorneys for Plaintiff
                                 180 Maiden Lane
                                 New York, New York  10038
                                 (212) 588-5500

STATE OF NEW YORK        )

COUNTY OF NEW YORK   )

           The undersigned, an attorney admitted to practice in the Court of New

York State, shows:

           Deponent is an associate of the firm WEITZ & LUXENBERG, P.C.,

Counsel for the plaintiff(s) in the within action; deponent has read the foregoing Summons and

Verified Complaint and knows the contents thereof; the same is true to deponent's own

knowledge, except as to the matters therein stated to be alleged on information and belief,

and that as to those matters deponent believes it to be true.  This verification is made by

deponent and not by plaintiff(s) because plaintiff(s) resides outside of the County of New

York where the deponent maintains his office.

Dated: New York, New York
       June 29, 2004

                             LISA N BUSCH, ESQ.

Index No. 40,000/88

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

This Document Relates To:

   All Cases

                                                    Plaintiff(s),

                    -against-

A.O. SMITH WATER PRODUCTS CO, et al.

                                                    Defendants.

SUMMONS and COMPLAINT

NYAL - WEITZ & LUXENBERG, P.C.  STANDARD ASBESTOS COMPLAINT FOR PERSONAL INJURY NO. 7

WEITZ & LUXENBERG, P.C.
Attorneys for PLAINTIFFS
180 Maiden Lane
New York, NY 10038
212-558-5500

To
Attorney(s) for

Service of a copy of the within
                is hereby admitted.

Dated,
June 29, 2004

Attorney(s) for