UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)                                                                 MDL No. 875

_____

| | |
|---|---|
| BONNIE VON DELL and JOHN VON DELL, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY (Individually and as Successor to MCDONNEL DOUGLAS CORPORATION), <br><br> Defendant. | Civil Action No. DE/1:11-cv-00786 <br><br> From the <br> UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE |

_____

### PLAINTIFFS' BRIEF IN SUPPORT OF
### MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Plaintiffs Bonnie Von Dell and John Von Dell file this Brief in Support of Motion to Vacate Conditional Transfer Order No. 445 ("CTO-445"), and would respectfully show the Court as follows:

### INTRODUCTION

Plaintiffs Bonnie Von Dell and John Von Dell filed this asbestos personal injury case in Delaware Superior Court on September 16, 2010. Plaintiff Bonnie Von Dell was exposed to asbestos during her work assembling wire harnesses for Rohr Industries Aerospace Plant in Auburn, Washington from 1978 to 1992, among other things. As a result of her exposure to asbestos, Mrs. Von Dell developed malignant mesothelioma, a terminal asbestos-related cancer, in May 2010. She has brought suit against the

manufacturers of the asbestos products to which she was exposed, including the removing defendant, The Boeing Company ("Boeing").

Shortly after this case was removed by Boeing to Delaware District Court, Plaintiffs filed a motion to remand this case to state court, primarily arguing that removal of this case was untimely under 28 U.S.C. § 1446(b). Due to the fact that Mrs. Von Dell is suffering from mesothelioma, she is not likely to survive long enough to see her case adjudicated if it is transferred to MDL-875. Therefore, Plaintiffs are opposing transfer in order to give the Delaware District Court sufficient time to rule on their motion to remand. Plaintiffs are confident that this case does not belong in federal court and that it would be a waste of judicial resources for the case to be transferred before subject matter jurisdiction is determined.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Boeing is the removing defendant in this case. No other defendants have joined in the removal. Boeing was served with the summons and the Complaint on October 22, 2010. In their Delaware state court Complaint, Plaintiffs alleged strict liability and negligence claims based on the defendants' designing an unreasonably unsafe product and failing to warn of the health hazards associated with asbestos exposure. Mrs. Von Dell's exposure to asbestos from assembling wire harnesses at the Rohr Industries Aerospace Plant in Auburn, Washington, was specifically alleged. However, no claim arising under federal law was alleged in the Complaint. No federal question was raised and no federal issue needs to be decided to establish defendants' liability under the causes of action in Plaintiffs' Complaint.

Mrs. Von Dell's deposition was taken on January 25, 2011. She testified that she mainly worked on Boeing aircraft at Rohr Industries, including Boeing 707s. On May 24, 2011, more than three months before Boeing filed its Notice of Removal, Mrs. Von Dell's co-worker, Mark Sargent, was deposed. Mr. Sargent testified that some of the Boeing aircraft at Rohr Industries were Boeing 707 AWACS military aircraft. Thereafter, in a letter to Boeing dated August 9, 2011, Plaintiffs clarified that they were seeking discovery regarding Boeing's 707 AWACS military aircraft.

On September 7, 2011, Defendant filed a notice of removal, alleged jurisdiction under the federal officer statute, 28 U.S.C. § 1442. Boeing claims that there is federal subject matter jurisdiction because the United Stated Air Force purportedly directed contractors to use asbestos in the construction of military aircraft. Boeing claims it was first notified of its grounds for removal upon receipt of Plaintiffs' August 9, 2011 letter, despite the fact that the letter merely repeated the same information contained in Mr. Sargent's deposition in May 2011.

This panel issued CTO-445 on September 15, 2011. Plaintiffs promptly filed their motion to remand on September 20, 2011. Plaintiffs raised two arguments. First, Boeing's removal was untimely under 28 U.S.C. §1446(b), under which it had 30 days to remove the case from the time it had notice of facts that could possibly make the case removable. Boeing knew of Ms. Von Dell's exposure to asbestos from Boeing AWACS military aircraft at least as of the date of Mr. Sargent's deposition in May 2011, more than three months before Boeing removed this case. Plaintiffs' second argument in favor of remand is that Boeing has not established that the federal officer defense is even colorable.

Boeing is due to file an opposition to Plaintiffs' motion to remand today, October 7, 2011. Plaintiffs' reply is due October 14, 2011. A hearing is set for October 19, 2011, on the timeliness issue only.

**ARGUMENT**

Mrs. Von Dell has terminal mesothelioma, an "invariably fatal cancer . . . for which asbestos exposure is the only known cause . . . ." *In re Patenaude*, 210 F.3d 135, 138 (3d Cir.), cert. denied, 531 U.S. 1011 (2000). The life expectancy of a person following a diagnosis of mesothelioma is measured in months, not years. *See In re Joint E. and S. Districts Asbestos Litig.*, 237 F.Supp.2d 297 (E.D.N.Y. 2002) (discussing the irrebuttable presumption, established for distribution of the Manville settlement trust, that for living claimants with confirmed mesothelioma there is normally substantial medical doubt that they will survive beyond six months). It is likely that Mrs. Von Dell will not survive to have her day in court should the case be further delayed by transfer to MDL-875.

Mrs. Von Dell will be substantially prejudiced if this motion to vacate CTO-445 is not granted. If CTO-445 is vacated and the district court is allowed to make a decision regarding remand of the action, there is a chance that Mrs. Von Dell will be able to have her case heard against all of the defendants in state court before the end of the year. At the time the case was removed, Plaintiffs' case was set for trial in Delaware state court on December 7, 2011. If the district court is not given the opportunity to make a decision on remand before the case is transferred to the MDL, there is very little chance that Mrs. Von Dell will ever get to participate in the trial of her case.

Nowhere are the famous words of Gladstone that "justice delayed is justice denied" more fitting than when used in connection with a lawsuit brought by a terminally ill individual seeking justice regarding their disease. It is likely that MDL-875 will not provide a speedy, or even timely, forum for the Plaintiffs' claims to be heard.

The Panel has vacated conditional transfer orders in the past to afford transferor courts an opportunity to rule promptly on motions for remand to state court. In *Vasura v. ACandS, Inc.*, 84 F.Supp.2d 531 (S.D.N.Y. 2000), another asbestos case removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." *Id*. at 533.  Plaintiffs seek only a timely ruling on their motion for remand, so that Mrs. Von Dell can attend the trial of her case.

It would be a waste of judicial resources to transfer the case to MDL-875 without first determining whether federal jurisdiction is appropriate. The purpose of a motion for remand is to determine if a valid basis for federal jurisdiction exists. If there is no valid basis for federal jurisdiction, the case does not belong in MDL-875. The district court is in the best position to rule on whether the case properly belongs in federal court. It would make the most sense, from a judicial resources standpoint, to allow the remand motion process, which is substantially completed, to fully run its course before burdening the MDL with another asbestos case.

Vacating CTO-445 until the Delaware federal district court rules upon Plaintiffs' motion to remand will cause no prejudice to any party and will further the interests of judicial economy – the entire point of the MDL process. If jurisdiction is rejected, the case will no longer be in federal court. If jurisdiction is confirmed, the Conditional Transfer Order process can run its course at that point.

In contrast, finalizing the CTO prior to the ruling on jurisdiction will add yet another substantial case to the already crowded docket of MDL-875, further increasing the burden on that court and its staff.  Administrative costs will be incurred and all parties will be forced to expend valuable time and resources participating in MDL-875 procedures despite the lack of confirmation of jurisdiction. Upon completion of those procedures, the case will be sent back to the transferor court – incurring yet more administrative costs and burdens – only to return to the same question pending today – whether the federal courts have jurisdiction over this matter.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that the Panel vacate the conditional transfer order, pending decision by the United States District Court for the District of Delaware on Plaintiffs' Motion to Remand.

Dated: October 7, 2011          Respectfully submitted,

                                s/Lisa White Shirley_____
                                Lisa White Shirley
                                SIMON GREENSTONE PANATIER BARTLETT
                                3232 McKinney Avenue, Suite 610
                                Dallas, Texas  75204
                                Telephone:  214-276-7680
                                Facsimile:  214-276-7699
                                lshirley@sgpblaw.com

                                ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

Plaintiffs' Brief in Support of Motion to Vacate the Conditional Transfer Order was served upon all counsel of record via the Panel's ECF filing system on this 7th day of October, 2011.

s/Lisa White Shirley<br>
Lisa White Shirley<br>
Attorney for Plaintiffs