# U.S. District Court
## District of South Carolina (Charleston)
## CIVIL DOCKET FOR CASE #: 2:11-cv-02687-ASB
### Internal Use Only

Traylor v. AW Chesterton Company et al  
Assigned to: Unassigned - ASB  
Case in other court: Charleston County Court of Common Pleas, 11-cp-10-06371  
Cause: 28:1441 Notice of Removal-Asbestos Litigation  

Date Filed: 10/05/2011  
Jury Demand: None  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity  

**Plaintiff**

**David Juno Traylor**        represented by **V Brian Bevon**  
Motley Rice  
28 Bridgeside Boulevard  
Mt Pleasant, SC 29464  
843-216-9090  
Fax: 843-216-9430  
Email: bbevon@motleyrice.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AW Chesterton Company**

**Defendant**

**Bayer Cropscience Inc**        represented by **Moffatt Grier McDonald**  
*Successor in Interest*  
Amchem Products  
Haynsworth Sinkler Boyd  
PO Box 2048  
Greenville, SC 29602  
864-240-3200  
Email: mmcdonald@hsblawfirm.com  
*ATTORNEY TO BE NOTICED*

**William David Conner**  
Haynsworth Sinkler Boyd  
PO Box 2048  
Greenville, SC 29602  
864-240-3200  
Fax: 864-240-3336  
Email: dconner@hsblawfirm.com  
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**  
*Successor by Merger*

Viacom Inc
*formerly known as*
Westinghouse Corporation

**Defendant**

**Crane Co**

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**General Electric Company**

**Defendant**

**Gould Pumps Incorporated**

**Defendant**

**Ingersoll Rand Company**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**National Service Industries Inc**
*formerly known as*
North Brothers Inc

**Defendant**

**Owens Illinois Inc**

**Defendant**

**Pneumo Abex LLC**
*Successor in Interest*
ABEX Corporation

**Defendant**

**Riley Power Inc**

**Defendant**

**Sepco Corporation**

**Defendant**

**Sterling Fluid System USA LLC**         represented by   **Moffatt Grier McDonald**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **William David Conner**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**SVI Corporation**
*formerly known as*
Stockham Valves & Fittings
*formerly known as*
Marlin Valve

**Defendant**

**Uniroyal Inc**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2011 | 1 | NOTICE OF REMOVAL from Charleston County Court of Common Pleas, case number 11-cp-10-6371. (Filing fee $ 350 receipt number 0420-3643730), filed by Bayer Cropscience Inc, Sterling Fluid System USA LLC. (Attachments: # 1 State Court Documents)(gpre, ) (Entered: 10/06/2011) |
| 10/05/2011 | 2 | (Court only) CIVIL COVER SHEET - Private Entry. (gpre, ) (Entered: 10/06/2011) |
| 10/06/2011 | 3 | ***DOCUMENT E-MAILED 1 Notice of Removal, docket report, to MDL Panel (gpre, ) (Entered: 10/06/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

**In re:** Asbestos Litigation
 Coordinated Docket

| | |
|---|---|
| DAVID JUNO TRAYLOR,<br><br>    Plaintiff,<br><br>vs.<br><br>A. W. CHESTERTON COMPANY,<br>BAYER CROPSCIENCE, INC.,<br>CBS CORPORATION, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Corporation,<br>CRANE CO.,<br>FOSTER WHEELER ENERGY CORPORATION,<br>GENERAL ELECTRIC COMPANY,<br>GOULD PUMPS, INCORPORATED,<br>INGERSOLL-RAND COMPANY,<br>METROPOLITAN LIFE INSURANCE COMPANY,<br>NATIONAL SERVICE INDUSTRIES, INC.,<br>f/k/a North Brothers, Inc.,<br>OWENS-ILLINOIS, INC.,<br>PNEUMO ABEX LLC, Successor in interest to Abex Corporation,<br>RILEY POWER, INC.<br>SEPCO CORPORATION,<br>STERLING FLUID SYSTEMS (USA) LLC,<br>SVI CORPORATION, f/ki/a Stockham Valves & fittings f/k/a Marlin Valve,<br>UNIROYAL, INC.,<br><br>    Defendants. | NOTICE OF REMOVAL |

Bayer Cropscience, Inc. and Sterling Fluid Systems (USA) LLC, acting for themselves and the other proper defendants, would respectfully show unto the Court in support of their Notice of Removal:

1. Bayer Cropscience, Inc. and Sterling Fluid Systems (USA) LLC, are defendants in the above-entitled action.

2. The above-entitled action was instituted by the plaintiffs against Bayer Cropscience, Inc. and Sterling Fluid Systems (USA) LLC, as defendants, by the service of a Summons and Complaint on or about September 21 and September 13, 2011, respectively, and this action is now pending in the court of Common Pleas for Charleston County, South Carolina.

3. At the time of the commencement of the action, the plaintiffs were and still are citizens of the State of South Carolina, and Bayer Cropscience, Inc. and Sterling Fluid Systems (USA) LLC, as well as all of the other defendants herein, were at the time of the commencement of this action and still are corporations organized and existing under and by virtue of the laws of jurisdictions other than South Carolina and having their principal place of business in a jurisdiction other than South Carolina.

4. This action accordingly is of a civil nature and involves a controversy wholly between citizens of different states and the value of the matter in dispute in said cause exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs, as appears from the allegations contained in plaintiff's Complaint, and said action is one over which the District Court of the United States has original jurisdiction.

5. This action accordingly is of a civil nature and is one over which the District Court of the United States has original jurisdiction.

6. That filed herewith is a copy of all process, pleadings and orders served upon the defendants in this action.

7. That the Clerk of the Court of Common Pleas for Charleston County, South Carolina, has been provided a copy of this Notice of Removal.

8. All other proper defendants consent to the removal of the case.

                    HAYNSWORTH SINKLER BOYD, P.A.

                    By   /s/ W. David Conner
                        Moffatt G. McDonald, #2805
                        mmcdonald@hsblawfirm.com
                        W. David Conner, #05986
                        dconner@hsblawfirm.com
                        75 Beattie Place, 11th Floor
                        P.O. Box 2048
                        Greenville, SC 29602
                        (864) 240-3200
                        (864) 240-3300 (fax)

                  Attorneys for the Defendants Bayer Cropscience, Inc. and Sterling Fluid Systems (USA) LLC

October 5, 2011

                  DEFENDANT DEMANDS JURY TRIAL

CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Notice of Removal was mailed to the following this 7th day of October, 2011:

V. BRIAN BEVON
MOTLEY RICE LLP
P. O. Box 1792
MT. PLEASANT, SC 29465
*Attorneys for Plaintiffs*

                                          /s/ W. David Conner

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | C/A No. 11-CP-10-__6371__ |
| DAVID JUNO TRAYLOR, ) | Steamfitter; Mesothelioma |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| A.W. CHESTERTON COMPANY ) | **SUMMONS FOR RELIEF** |
| BAYER CROPSCIENCE, INC., as successor in ) | |
| Interest to Amchem Products ) | Plaintiffs Demand |
| CBS CORPORATION f/k/a Viacom, Inc., ) | A Jury Trial |
| Successor by Merger to CBS Corporation f/k/a ) | |
| Westinghouse Corporation ) | |
| CRANE CO. ) | |
| FOSTER WHEELER ENERGY CORPORATION ) | |
| GENERAL ELECTRIC COMPANY ) | |
| GOULDS PUMPS, INCCORPORATED ) | |
| INGERSOLL-RAND COMPANY ) | |
| METROPOLITAN LIFE INSURANCE COMPANY ) | |
| NATIONAL SERVICE INDUSTRIES f/k/a ) | |
| North Brothers Company ) | |
| OWENS-ILLINOIS, INC. ) | |
| PNEUMO ABEX LLC, Successor in interest to ) | |
| Abex Corporation ) | |
| RILEY POWER, INC. ) | |
| SEPCO CORPORATION ) | |
| STERLING FLUID SYSTEMS (USA) LLC ) | |
| SVI Corporation f/k/a Stockham Valves & ) | |
| Fittings f/k/a Marlin Valve ) | |
| UNIROYAL, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said Complaint on the subscribed at their office at 28 Bridgeside Blvd., Mt. Pleasant, South Carolina, 29464, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, Plaintiff in this action will apply to the Court for the relief demanded in this Complaint.

MOTLEY RICE LLC

By: /s/ V. Brian Bevon
V. Brian Bevon
Plaintiff's Attorney

September 6, 2011
Mt. Pleasant, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF CHARLESTON ) | C/A No. 11-CP-10-__6371__ |
| DAVID JUNO TRAYLOR, ) | Steamfitter; Mesothelioma |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **COMPLAINT** |
| A.W. CHESTERTON COMPANY ) | |
| A Massachusetts Corporation ) | Plaintiffs Demand |
| ) | A Jury Trial |
| BAYER CROPSCIENCE, INC., as successor in ) | |
| Interest to Amchem Products ) | |
| A Delaware Corporation ) | |
| ) | |
| CBS CORPORATION f/k/a Viacom, Inc., ) | |
| Successor by Merger to CBS Corporation ) | |
| f/k/a ) | |
| Westinghouse Corporation ) | |
| A Delaware Corporation ) | |
| ) | |
| CRANE CO. ) | |
| A Delaware Corporation ) | |
| ) | |
| FOSTER WHEELER ENERGY CORPORATION ) | |
| A Delaware Corporation ) | |
| ) | |
| GENERAL ELECTRIC COMPANY ) | |
| A New York Corporation ) | |
| ) | |
| GOULDS PUMPS, INCORPORATED ) | |
| A New York Corporation ) | |
| ) | |
| INGERSOLL-RAND COMPANY ) | |
| A New Jersey Corporation ) | |
| ) | |
| METROPOLITAN LIFE INSURANCE COMPANY ) | |
| A New York Corporation ) | |
| ) | |
| NATIONAL SERVICE INDUSTRIES f/k/a ) | |
| North Brothers Company ) | |
| A Georgia Corporation ) | |
| ) | |
| OWENS-ILLINOIS, INC. ) | |
| A Delaware Corporation ) | |

| | |
|---|---|
| PNEUMO ABEX LLC, Successor in interest to Abex Corporation<br>A Delaware Corporation | )<br>)<br>) |
| RILEY POWER, INC<br>A Massachusetts Corporation | )<br>)<br>) |
| SEPCO CORPORATION<br>A California Corporation | )<br>)<br>) |
| STERLING FLUID SYSTEMS (USA) LLC<br>A Delaware Corporation | )<br>)<br>) |
| SVI Corporation f/k/a Stockham Valves & Fittings f/k/a Marlin Valve<br>A Delaware Corporation | )<br>)<br>) |
| UNIROYAL, INC.<br>A New Jersey Corporation,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) |

Now comes Plaintiff, **David Juno Traylor**, citizen and resident of the State of Alabama, and sues the defendants, and alleges as follows:

## JURISDICTION

1. That as is evidenced by the caption of the instant Complaint which is specifically incorporated herein, some of the defendants are foreign corporations who are amenable to jurisdiction in the Courts of South Carolina by virtue of their respective contacts with the State of South Carolina and/or their respective conduct of substantial and/or systematic business in South Carolina which subjects them to the jurisdiction of the South Carolina Courts pursuant to the South Carolina Long-Arm Statute. Each defendant mines, manufactures, processes, imports, converts, compounds and/or retails substantial amounts of asbestos and asbestos-related materials which are sold, distributed and used in South Carolina. Plaintiff was exposed to various asbestos-containing products while working in various locations in South Carolina. That certain asbestos-containing products were manufactured at plant sites located within the State of South Carolina. That mesothelioma is a progressive, insidious disease and, on information and belief, such exposure in South Carolina contributed in part to Plaintiff's contraction of his mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

## FOR A FIRST CAUSE OF ACTION

2. Defendants, and each of them, are or at time relevant hereto, were miners, manufacturers, processors, importers, converters, compounders and/or retailers of asbestos and asbestos-related materials, including asbestos-containing maritime materials.

3. The defendants, acting through their agents, servants, and/or employees cause and have caused in the past certain asbestos and asbestos-related materials to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-related materials came into use by Plaintiff.

4. Plaintiff was a steamfitter who, for a long period of time, worked with and was exposed to the asbestos and asbestos-related materials mined, manufactured, processed, imported, converted, compounded and/or sold by the defendants, some of the exposure being within the State of South Carolina.

5. During the course and scope of his employment, Plaintiff was exposed to defendants' asbestos and asbestos-related materials, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

6. The illness and disability of the Plaintiff were the direct and proximate result of the negligence, recklessness and willfulness of the defendants, jointly and severally, in that they produced, sold and otherwise put into the stream of interstate commerce, asbestos and asbestos-related materials which the defendants, and each of them, knew were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health.

7. The illness and disability of the Plaintiff were the direct and proximate result of the negligence, recklessness, and willfulness of the defendants, jointly and severally, in that, even though the defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos and asbestos-related materials were deleterious, poisonous and highly harmful to Plaintiff's body, lungs, respiratory system, skin and health, and the defendants nonetheless:

    (a)    Failed to advise Plaintiff of the dangerous characteristics of their asbestos and asbestos-related products;

    (b)    Failed or omitted to provide Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if, in truth, they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-related materials;

    (c)    Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos materials to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos materials;

3

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos materials;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos and asbestos-related materials, even after they knew of the dangers and cancer-causing effects and up until the present time;

(f) Did not recommend methods to improve the work environment;

(g) Did not develop alternative products;

(h) Continued to use a known cancer-causing product, to wit: asbestos;

8. At all times relevant, it was feasible for defendants to have warned Plaintiff, tested their asbestos products, designed safer asbestos products and/or substituted asbestos-free products.

9. As a result of the negligence, recklessness and willfulness, Plaintiff has been damaged severely as is set forth below.

## FOR A SECOND CAUSE OF ACTION

10. Plaintiff repeats the allegations of the First Cause of Action where relevant.

11. That subsequent to the time the defendants caused the asbestos products to be sold and placed in buildings and on jobsites, the defendants knew, or in the exercise of ordinary care, should have known, that asbestos is deleterious, carcinogenic, and harmful to persons using buildings or on jobsites, but nonetheless, the defendants negligently and recklessly failed and refused to warn and advise Plaintiff of the dangerous characteristics thereof, and the dangers to the health and welfare of persons coming in contact with and breathing products even until the present, despite their knowledge of the presence of their products in the buildings or on jobsites. That to the present, possessed with information uniquely available to them relating to the dangerous effects of continued asbestos exposure, the defendants have refused to provide that information to Plaintiff, despite the defendants' knowledge that their asbestos has contaminated Plaintiff's buildings and jobsites.

12. Plaintiff has furthermore suffered continuing and lingering injury to himself due to the defendants' asbestos fibers previously inhaled. Said fibers, once inhaled, cause repeated and continuing injury to Plaintiff.

4

13. That as a proximate result of the aforesaid acts of the defendants, and the continued presence of asbestos products in buildings and on jobsites, Plaintiff has been damaged as herein set forth.

### FOR A THIRD CAUSE OF ACTION

14. Plaintiff repeats the allegations of the First and Second Causes of Action where relevant.

15. The defendants, and each of them, impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

16. The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous and deleterious matter was given off into the atmosphere wherein Plaintiff carried out his duties as a steamfitter working with asbestos and asbestos-related materials.

17. As a direct and proximate result of the breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to wit: mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products.

### FOR A FOURTH CAUSE OF ACTION

18. Plaintiff repeats the allegations of the First, Second, and Third Causes of Action where relevant.

19. Plaintiff further alleges that at the time the defendants, and each of them sold and/or delivered the aforesaid asbestos and asbestos-related products and at the time said products were used by Plaintiff in the manner and environment intended, they were in a defective condition and were unreasonably dangerous and unfit for their intended use in that they were deleterious, poisonous and highly harmful to Plaintiff's body.

The above was the proximate cause of the severe damages sustained by Plaintiff as hereinafter set forth.

### FOR A FIFTH CAUSE OF ACTION

20. Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

5

21. That at various times from 1929 to the filing of this lawsuit, defendants had actual knowledge of the dangers to Plaintiff of asbestos exposure, nonetheless, defendants deliberately, intentionally and purposefully withheld such information from Plaintiff, thus denying Plaintiff of the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations and avoiding further dust exposure, the specifics of defendants' intentional acts being as follows:

(a) Failing to warn prior users of the need for monitoring due to prior asbestos exposure;

(b) Never issued recall-type letters or notices to prior users;

(c) Frustrated the publication of articles on the asbestos health hazards in the literature;

(d) Top management officials of defendants rejected advice of other corporate officials to warn of the hazards of their asbestos products; such rejection by top management officials being motivated by the possibility of adverse effects on profits;

(e) Intentional inadequacy and delay of use of warnings on asbestos products;

(f) Failed to advise Plaintiff of medical findings known to defendants concerning the dangers of asbestos exposure;

(g) Suppressed the dissemination of information to plaintiff concerning the hazards of asbestos exposure.

22. The foregoing deliberate, intentional and purposeful acts of the defendants were the direct and proximate cause of Plaintiff's injuries and damages hereinafter described, and the Plaintiff is, therefore, entitled to compensation and punitive damages.

## FOR A SIXTH CAUSE OF ACTION

23. Plaintiff repeats and realleges the portions of the above paragraphs where relevant.

24. That during, before and after Plaintiff's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure to Plaintiff in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff and while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

25. The foregoing representations were material conditions precedent to Plaintiff's continued exposure to asbestos-containing products and defendants each intended that Plaintiff act upon the representations by continuing his exposure to the asbestos products Plaintiff was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

26. As a direct and proximate result of Plaintiff's reliance upon defendants' false representations, Plaintiff has suffered injury and damages hereinafter described.

## FOR A SEVENTH CAUSE OF ACTION

27. Plaintiff repeats and realleges the portions of the above causes of action which are relevant.

28. The defendants had a post-sale duty to warn, which duty was breached and, as a result, Plaintiff suffered injury and damages as hereinafter described.

## DAMAGES

As a result of the development of mesothelioma and other industrial dust diseases caused by breathing defendants' asbestos-containing products, Plaintiff has suffered and sustained very serious injuries to his person requiring medical treatment.

Plaintiff has further suffered great pain, extreme nervousness and mental anguish as a direct result of the aforesaid injuries.

Plaintiff verily believes that his injuries and illnesses are permanent in nature and that he will be forced to suffer same for the remainder of his life, that his enjoyment of life has been greatly impaired and, further, that his expected life span has been greatly shortened. Plaintiff alleges that as a result of his injuries and illnesses, he has lost and will continue to lose substantial wages and income.

Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid, all to Plaintiff's damage, compensatory and punitive in amounts to be determined by the trier of fact.

WHEREFORE, Plaintiff prays judgment, joint and several, against the defendants for compensatory and punitive damages in amounts to be determined by the trier of fact, and the costs of this action.

[SIGNATURE ON NEXT PAGE]

MOTLEY RICE LLC

By: V. Brian Bevon
V. Brian Bevon
SC Bar No. 65384
28 Bridgeside Blvd.
PO Box 650001
Mt. Pleasant, SC 29465
(843) 216-9000

ATTORNEYS FOR THE PLAINTIFFS

September 6, 2011
Mt. Pleasant, South Carolina

8