# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CIVIL DOCKET FOR CASE #: 1:11-cv-05666-JHR -JS

BUHRMAN et al v. A. W. CHESTERTON COMPANY et al

Assigned to: Judge Joseph H. Rodriguez

Referred to: Magistrate Judge Joel Schneider

Case in other court: Middlesex County Superior Court,
                     MID-L-67-00011AS

Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 09/28/2011

Jury Demand: Plaintiff

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Federal Question

**Plaintiff**

**ROY L. BUHRMAN**

represented by **JAMES J. PETTIT**
LAW OFFICES OF GENE LOCKS,
PLLC
457 HADDONFIELD ROAD
SUITE 500
CHERRY HILL, NJ 08002
(856) 663-8200
Email: jpettit@lockslaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SUSANNE BUHRMAN**
*husband and wife*

represented by **JAMES J. PETTIT**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A. W. CHESTERTON COMPANY**

represented by **JAMES C. ORR**
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
33 WASHINGTON STREET
NEWARK, NJ 07102
(973) 624-0800
Email: james.orr@wilsonelser.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRAND INSULATIONS INC.**

represented by **ROBERT M. SMOLEN**
SWARTZ, CAMPBELL &
DETWEILER, ESQS.
BLOOM COURT
1300 ROUTE 73
SUITE 101
MT. LAUREL, NJ 08054

(856) 727-4777
Email: rsmolen@swartzcampbell.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DURAMETALLIC CORP.**             represented by **JOEL R. CLARK**
MCGIVNEY, KLUGER & GANNON,
PC
23 VREELAND ROAD
SUITE 220
FLORHAM PARK, NJ 07102
(973) 822-1110
*ATTORNEY TO BE NOTICED*

**Defendant**

**FOSTER WHEELER CORP.**           represented by **CHRISTOPHER J. KEALE**
SEDGWICK LLP
THREE GATEWAY CENTER
12TH FLOOR
NEWARK, NJ 07102
(973) 242-0002
Email: christopher.keale@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**GOULDS PUMP INC.**               represented by **STEVEN FREDERIK SATZ**
BUSCH AND BUSCH, LLP
215 NORTH CENTER DR.
P.O. BOX 7448
NORTH BRUNSWICK, NJ 08902
732-821-2300
*ATTORNEY TO BE NOTICED*

**Defendant**

**INGERSOLL RAND COMPANY**         represented by **STEPHANIE A. DIVITA , ESQ.**
**LIMITED**
BRAATEN & PASCARELLA L.L.C.
2430 ROUTE 34
SUITE A-18
P.O. BOX 648
MANASQUAN, NJ 08736
(732) 528-8888
*ATTORNEY TO BE NOTICED*

**Defendant**

**METROPOLITAN LIFE**              represented by **ROGER V. JONES**
45 N. BROAD ST.
SUITE 501
RIDGEWOOD, NJ 07450
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOE CORPORATIONS (1-
20)**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/30/2011 | 1 | NOTICE OF REMOVAL by FOSTER WHEELER CORP. from Middlesex County Superior Court, case number MID-L-6167-11AS,. ( Filing fee $ 350 receipt number 0312-3955008) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Civil Cover Sheet, # 15 Exhibit, # 16 Notice, # 17 Notice of Filing, # 18 Certificate of Service)(bdk, ) (Entered: 09/30/2011) |
| 09/30/2011 | 2 | Corporate Disclosure Statement by FOSTER WHEELER CORP. identifying Foster Wheeler AG as Corporate Parent.. (bdk, ) (Entered: 09/30/2011) |
| 10/03/2011 | 3 | ORDER REASSIGNING CASE. Case reassigned to Judge Joseph H. Rodriguez for all further proceedings. Judge Joseph E. Irenas no longer assigned to case. Signed by Chief Judge Garrett E. Brown, Jr on 10/3/11. (js) (Entered: 10/03/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/12/2011 09:13:34 | | | |
| **PACER Login:** | jp0001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-05666-JHR -JS Start date: 1/1/1970 End date: 10/12/2011 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

https://ecf.njd.uscourts.gov/cgi-bin/DktRpt.pl?370875150846954-L_452_0-1          10/12/2011

**DATE DOCUMENT ACCEPTED:** _____ 9-8-11_____

**TIME DOCUMENT ACCEPTED:** _____ 1:40 p.m._____

**DOCUMENT SERVED BY (NAME AND COMPANY):** A.C Process Svc

_____ Angel C_____

**DOCUMENT SERVED AT (LOCATION):** _____ Perryville I_____

**DOCUMENT ACCEPTED BY:** Patricia Quincy

*NOTE:*   *PLEASE KEEP ENVELOPES WITH ORIGINAL DOCUMENTS.*

T0026754
9/16/11

 **LOCKS** LAW FIRM, LLC

457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
T 856.663.8200
T 866.LOCKSLAW
F 856.661.8400
www.lockslaw.com

Gene Locks
James J. Pettit††
Michael A. Galpern††
Karl Friedrichs

———

Steven P. Knowlton
Michael B. Leh
Jonathan W. Miller
Jerry A. Lindheim
Andrew P. Bell
David D. Langfitt
Andrew J. Dupont

Jennifer E. Troast
Franklin P. Solomon
Pamela A. Lee
Stefanie G. Ebert
Stephanie R. Milstein

*Of Counsel:*
Lee S. Goldsmith, M.D., LLB†*
Goldsmith Ctorides & Rodriguez, LLP†*
*www.goldsmithlegal.com

Charles N. Riley, Esq.
criley@rileyandsandilos.com

††CERTIFIED BY THE SUPREME COURT
OF NJ AS A CIVIL TRIAL ATTORNEY

August 31, 2011

Via: New Jersey Lawyer Service
Foster-Wheeler Corporation
53 Frontage Road
Clinton, NJ 08809

**RE:   Roy L. and Susanne Buhrman v. A.W. Chesterton Co., et al.**
      Docket# MID-L-006167-11AS

Dear Sir/Madam:

Please be advised that you have been named as a Defendant in the above-captioned case. I am herewith serving on you the following documents:

- Track Assignment Notice
- Summons
- Case Information Statement
- Complaint and Jury Demand
- Plaintiff's Initial Fact Sheet.

An Answer to this Complaint must be filed within the time specified in the Summons. Kindly forward same immediately to your insurance carrier in order that an Answer may be filed on your behalf. If you fail to file an answer within that period of time, a default judgment may be entered against you without further notice.

Very truly yours,

LOCKS LAW FIRM LLC

Pamela Welker
Assistant to James J. Pettit

/pw
Enclosures

PHILADELPHIA, PA    NEW YORK, NY    CHERRY HILL, NJ    MEDIA, PA    ENGLEWOOD CLIFFS, NJ

James J Pettit, Esquire
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Ste. 500
Cherry Hill, NJ    08002
(856) 663-8200
(856) 661-8400 (fax)
Attorneys for Plaintiffs

| | |
|---|---|
| ROY L. BUHRMAN and SUSANNE BUHRMAN, husband and wife,<br><br>                    Plaintiffs<br><br>          v.<br><br>AW CHESTERTON COMPANY;   BRAND INSULATIONS INC; DURAMETALLIC CORP; FOSTER WHEELER CORP; GOULDS PUMP INC; INGERSOLL RAND COMPANY LIMITED; METROPOLITAN LIFE; AND JOHN DOE CORPORATIONS (1-20),<br><br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION -MIDDLESEX COUNTY<br><br>DOCKET NO.:MID-L-006167-11AS<br><br>        CIVIL ACTION<br>   ASBESTOS LITIGATION<br><br>        **SUMMONS** |

*From The State of New Jersey, To the Defendant(s) Named Above:*

## OWNER, MANAGER OR AUTHORIZED AGENT OF
## FOSTER WHEELER CORPORATION

        The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The Complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it.  (The address of each Deputy Clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625.  A filing fee payable to the Clerk of the Superior Court in the amount of $135.00 and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Service office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: August 31, 2011                    /s/ Jennifer M. Perez
                                          JENNIFER M. PEREZ, Clerk
                                          Superior Court of New Jersey

Name of Defendant to be Served:          Owner, Manager or Authorized Agent of
                                         **FOSTER WHEELER CORPORATION**

                                         Address of Defendant to be Served:

                                         Foster-Wheeler Corporation
                                         53 Frontage Road
                                         Clinton, NJ 08809

**ATLANTIC COUNTY:**
Atlantic County Civil Court House,
Family Division, Direct Filing
1201 Bacharach Blvd., West Wing
Atlantic City, NJ 08401
(609) 345-6700 Ext. 3523
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
222D Justice Center
10 Main St.
Hackensack, NJ 07601
(201) 646-2540 Ext. 2950
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Burlington County Central
Processing Office
Attention: Dissolution Intake,
Courts Facility, 1st Floor
49 Rancocas Rd.
Mt. Holly, NJ 08060
(609) 265-5137
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Camden County Family Division
Hall of Justice, 2nd Floor
101 S. 5th St.
Camden, NJ 08103-4001
(609) 225-7327
Intake (609) 225-7347, 08
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Chancery, Family Part
4 Moore Rd.
Cape May Court House, NJ 08210
(609) 463-6600
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Dissolution Direct Filing Unit
Cumberland County Courthouse
Broad & Fayette Sts. P.O. Box 866
Bridgeton, NJ 08302
(609) 453-4543, 20
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Dissolution Unit (Superior Court,
Family Division)
303A Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
(973) 621-5137
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Dissolution Unit, Court House, 1st Fl.
Broad & Delaware Sts., P.O. Box 655
Woodbury, NJ 08096
(609) 853-3296, 98
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**HUDSON COUNTY:**
Superior Court, Family Division
Direct Filing Department
203 Admin. Bldg.,
595 Newark Ave.
Jersey City, NJ 07306
(201) 795-6697, 68
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 798-5363

**HUNTERDON COUNTY:**
Family Case Management Office
65 Park Avenue, 1st Fl.
P.O. Box 578
Flemington, NJ 08822
(908) 788-1145
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Special Civil Part / Tenancy
175 S. Broad St., P.O. Box 8068
Trenton, NJ 08650
(609) 989-6735
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Superior Court Family Part
Administration Building, 3rd Fl.
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08901
(732) 745-3177
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Chancery Division, Family Part
Court House
71 Monument Park
P.O. Box 1271
Freehold, NJ 07728-1252
(732) 431-6436
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County, Family Intake
P.O. Box 910
Morristown, NJ 07963-0910
(973) 285-6541
Fax: (973) 267-7759
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Ocean County Dissolution Unit
Justice Complex, Room 210
120 Hooper Ave.
Toms River, NJ 08753
(732) 929-2033
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Passaic County Superior Court
Family Part
County Administration Bldg., 8th Fl.
401 Grand St.
Paterson, NJ 07505
(973) 881-4307
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Family Court Intake
P.O. Box 223
Salem, NJ 08079
(609) 935-7510
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Family Case Management Office
Court House, 2nd Fl.
P.O. Box 3000
Somerville, NJ 08876-1262
(908) 231-7600
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Special Civil Part
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Dissolution Assignment Office
New Annex Bldg., 2 Broad Street
Elizabeth, NJ 07207
(908) 527-4331
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Family Division Dissolution Unit
Court House, 413 Second Street
P.O. Box 900
Belvidere, NJ 07823
(908) 475-6219
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

©1998 by ALL-STATE®*Legal*
A Division of ALL-STATE International, Inc.
(908) 272-0800                    Page 2

**Appendix XII-B1**

<table>
<tr><td rowspan="4"></td><td rowspan="2">CIVIL CASE INFORMATION STATEMENT<br>(CIS)</td><td colspan="2">FOR USE BY CLERK'S OFFICE ONLY</td></tr>
<tr><td>PAYMENT TYPE: ☐ CK ☐ CG ☐ CA</td></tr>
</table>

| | |
|---|---|
| **CIVIL CASE INFORMATION STATEMENT (CIS)** | **FOR USE BY CLERK'S OFFICE ONLY** |
| | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| Use for initial Law Division | CHECK NO. |
| Civil Part pleadings (not motions) under *Rule* 4:5-1 | AMOUNT: |
| **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| James J. Pettit, Esquire | (856) 663-8200 | Middlesex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Locks Law Firm LLC | MID-L- 0 0 6 1 6 7 1 1 QS |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 457 Haddonfield Road Suite 500 Cherry Hill, NJ 08002 | Complaint |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Roy L. and Susanne Buhrman | Roy L. & Susanne Buhrman v. AW Chesterton Co., Brand Insulations Inc., Durametallic Corp., Foster Wheeler Corp., Goulds Pumps Inc., Ingersoll Rand Co. Limited, Metropolitan Life, et al. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|
| 601 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ Yes ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 06/20/2011, CN 10517-English

page 1 of 2



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
280   ZELNORM
285   STRYKER TRIDENT HIP IMPLANTS
288   PRUDENTIAL TORT LITIGATION
289   REGLAN

290   POMPTON LAKES ENVIRONMENTAL LITIGATION
291   PELVIC MESH/GYNECARE
292   PELVIC MESH/BARD
293   DEPUY ASR HIP IMPLANT LITIGATION

**Mass Tort (Track IV)**
248   CIBA GEIGY
266   HORMONE REPLACEMENT THERAPY (HRT)
271   ACCUTANE/ISOTRETINOIN
274   RISPERDAL/SEROQUEL/ZYPREXA
278   ZOMETA/AREDIA
279   GADOLINIUM

281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282   FOSAMAX
284   NUVARING
286   LEVAQUIN
287   YAZ/YASMIN/OCELLA
601   ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

James J Pettit, Esquire
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Ste. 500
Cherry Hill, NJ 08002
(856) 663-8200
(856) 661-8400 (fax)
Attorneys for Plaintiffs

| | |
|---|---|
| ROY L. BUHRMAN and SUSANNE BUHRMAN, husband and wife,<br><br>Plaintiffs<br><br>v.<br><br>AW CHESTERTON COMPANY;  BRAND INSULATIONS INC; DURAMETALLIC CORP; FOSTER WHEELER CORP; GOULDS PUMP INC; INGERSOLL RAND COMPANY LIMITED; METROPOLITAN LIFE; AND JOHN DOE CORPORATIONS (1-20),<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION -MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L- 0 0 6 1 6 7 1 1<br><br>CIVIL ACTION<br>ASBESTOS LITIGATION<br><br>**COMPLAINT, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND, DEMAND FOR ANSWERS TO INTERROGATORIES** |

1.      Plaintiffs, **ROY L. BUHRMAN**, (hereinafter referred to as "Plaintiff") and **SUSANNE BUHRMAN** (hereinafter referred to as "Wife-Plaintiff") are individuals, citizens and residents of Franklinville, New Jersey, and by way of Complaint say:

2.      The Defendants are as follows:

        a.      Defendant, **A.W. CHESTERTON COMPANY**, is a corporation organized and existing under the laws of the State of Massachusetts and at all times material hereto, doing business in the State of New Jersey.

        b.      Defendant, **BRAND INSULATIONS, INC.**, sued in its corporate capacity and as successor by purchase of certain assets of Philip Carey Manufacturing Company, is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois.

c.  Defendant, **DURAMETALLIC CORPORATION**, is a corporation organized and existing under the laws of the State of Michigan and at all times material hereto doing business in the State of New Jersey.

d.  Defendant, **FOSTER WHEELER CORPORATION**, is a corporation organized and existing under the laws of the State of New York with its principal place of business in New Jersey.

e.  Defendant, **GOULDS PUMPS, INC.,** is a corporation which at all times material hereto was doing business in the State of New Jersey .

f.  Defendant, **INGERSOLL-RAND COMPANY LIMITED**, is a corporation which at all times material hereto was doing business in the State of New Jersey.

g.  Defendant, **METROPOLITAN LIFE**, upon information and belief, is a corporation existing under the various laws of the United States and at all times relevant hereto was doing business in the State of New Jersey.

h.  Defendants, **JOHN DOE CORPORATIONS (1-20)**, One through Twenty are the fictitious names of corporations, partnerships or other business entities, or organizations whose identities are not presently known, and who mined, milled, manufactured and supplied asbestos products, i.e. any product containing asbestos, which either indirectly or directly was sold in the stream of commerce in the State of New Jersey and to the plaintiff's employers, or was present in the workplace, in any state or form, and to which plaintiff was exposed.

3.  At all times material hereto, defendants and/or their predecessors conducted and continue to conduct business in the State of New Jersey.

4.  At all times material hereto, defendants and/or their predecessors acted through their agents, servants, or employees who were acting within the scope of their employment and on the business of defendants.

5.  Defendants who are successor corporations have assumed the assets and liabilities of their

predecessor corporations and/or are the continuation of said predecessor corporations.

6.    The defendants and/or their predecessors are all corporations, companies or other business entities, who during all times material hereto, and for a long time prior thereto, have been and/or now are engaged, directly or indirectly in the mining, manufacturing, producing, processing, compounding, converting, selling, merchandising, supplying, distributing and/or otherwise placing in the stream of commerce asbestos, material containing asbestos, asbestos products and compounds (hereinafter referred to as "asbestos products").

7.    Plaintiff, **ROY L. BUHRMAN** was employed at Philadelphia Naval Shipyard from 1966 until 1995. In the performance of his duties he continually worked with, used, handled and was caused to come in contact with the asbestos products of the defendants and the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products as more particularly described herein and in upcoming discovery, up to the mid-1970's.

### COUNT I

8.    Plaintiff hereby incorporates by reference paragraphs One (1) through Seven (7) inclusive, as if the same were hereto set forth at length.

9.    At all times material hereto, the asbestos products mined, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce by the defendants which the plaintiff and others similarly employed, continually worked with, used, handled and was caused to come into contact with and be exposed to were under the exclusive control of the defendants and, accordingly, plaintiff invokes the Doctrine of Exclusive Control and the Doctrine of Res Ipsa Loquitur.

10.    At all times material hereto defendants knew or should and/or could have known that their asbestos products, as set forth above, could and/or would be used not only in connection with installation of new insulation in construction, but also for installation of insulation in reconstruction and repair; and that

defendants knew or should and/or could have know that such reconstruction and repair could and/or would involve the ripping out of their previously installed asbestos products and that such ripping our would initially cause large quantities of asbestos dust and fibers to be released into the atmosphere of the work area for extended periods of time to be later followed by the additional dust and fibers to be released into the atmosphere of the same work areas upon the application of new asbestos products, resulting from the ordinary and foreseeable use of said asbestos products; all of which defendant knew or should and/or could have known created hazardous and unsafe work areas and risks of the health of plaintiff, and others similarly employed.

11.     At all times material hereto, the defendants mined, manufactured, produced, processed, compounded, converted, sold, merchandised, distributed, supplied, and/or otherwise placed in the stream of commerce the said asbestos products, all of which the defendants knew or in the exercise of ordinary care should and/or could have known, were inherently defective, ultrahazardous, dangerous, deleterious, poisonous and otherwise highly harmful to the plaintiff, and to other persons similarly employed.

12.     At all times material hereto, plaintiff did not know of the nature and extent of the danger to his lungs, respiratory system, heart or other bodily parts, including bone and tissue and her general health that would result from his contact with and exposure to the defendants' asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, and at all times material hereto, each of the defendants knew, should have known, or could have reasonably determined that the plaintiff, and other persons similarly employed would be in contact with and be exposed to the defendants' asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products and despite such facts, defendants individually, jointly and severally:

(a)     Mined, manufactured, produced, processed, compounded, converted, sold, supplied,

merchandised, distributed, and/or otherwise placed in the stream of commerce asbestos products which

~~defendants knew, or in the exercise of ordinary care, should and/or could have known were inherently~~

~~defective, dangerous, deleterious, ultrahazardous, poisonous and otherwise highly harmful to plaintiff, and to~~

other persons similarly employed.

(b)     Failed to take any reasonable precautions or to exercised reasonable care to adequately

or sufficiently warn plaintiff, and other persons similarly employed, of the risks, dangers and harm to which

he or they were exposed by continuous work with, contact with, use and handling of the defendants' asbestos

products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of

said asbestos products.

(c)     Failed and omitted to provided the plaintiff, and other persons similarly employed

with the knowledge of reasonably safe and sufficient safeguards, wearing apparel and proper safety

equipment and appliances necessary to protect him and them from being injured, poisoned, disabled, killed,

or otherwise harmed, by working with, using handling, coming in contact with, and being exposed to the

defendants' asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary

and foreseeable use of said products.

(d)     Failed and omitted to place warnings, or adequate and sufficient warnings, on the

containers of the said asbestos products regarding the risks, dangers, and harm therefrom and the precautions

necessary to make said asbestos products safe for their ordinary and foreseeable use.

(e)     Failed to package the said asbestos products so that in the ordinary and foreseeable use

and handling thereof the plaintiff, and other persons similarly employed, would not come into contact with

and be exposed to the inhalation of the asbestos dust and fibers from said asbestos products.

(f)     Failed to take reasonable, sufficient and proper precautions reasonably calculated to

reach such persons as the plaintiff, and other persons similarly employed, to warn them of the inherently

dangerous, deleterious, ultrahazardous, poisonous, and otherwise highly harmful effects of the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of the defendants' asbestos products and to instruct them in the proper and safe use and handling of said asbestos products.

(g)     Failed to take any reasonable, sufficient and proper precautions or to exercise reasonable care to protect the plaintiff, and other persons similarly employed, from harm and danger resulting from working with, using, handling, coming into contact with and being exposed to the defendants' asbestos products and the inhalation of the asbestos dust and fibers from the ordinary and foreseeable use of said asbestos products.

(h)     Failed to adopt and enforce a safe, sufficient and proper plan and method of working with, using, handling, and coming into contact with and being exposed to defendants' asbestos products so that plaintiff, and other persons similarly employed would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(i)     Failed to adequately test their respective asbestos products before offering them for sale and use so that plaintiff, and other persons similarly employed, would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(j)     Failed to render such asbestos products safe or to provide proper and sufficient safeguards for the use and handling thereof so that plaintiff, and other persons similarly employed, would not inhale the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(k)     Failed to remove and recall said asbestos products from stream of commerce and marketplace upon ascertaining that said asbestos products would cause asbestosis, scarred lungs, respiratory disorders, mesothelioma cancers and other injuries, some or all of which are permanent and may be fatal.

(l)     Failed to advise the plaintiff and others similarly employed who the defendants knew and/or should have and/or could have known had been exposed to long-term inhalation of the asbestos dust

and fibers resulting from the ordinary and foreseeable use of said asbestos products, to cease all future exposure to the inhalation of all types of other fumes, smoke, dust and fibers, to be examined by a lung specialist to determine the nature and extent of any and all diseases caused by such exposure and inhalation and to receive treatment for such diseases.

(m)   Failed to advise the plaintiff, and others similarly situated, of the progressive nature of the disease process to which all defendants were causing them to be subjected.

(n)   Were otherwise careless and negligent under the law.

(o)   Violated the admiralty and maritime laws of the United States.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus costs of suit, and other and further relief as is just and proper.

## COUNT II

13.   Plaintiff hereby incorporate by reference paragraphs One (1) through Twelve (12) inclusive, as if same were hereto set forth at length.

14.   Defendants impliedly warranted that the asbestos products which they mined, manufactured, produced, compounded, converted, processed, sold, supplied, merchandised, distributed, and/or otherwise placed in the stream of commerce were reasonably fit for use and safe for their intended purpose.

15.   Defendants breached said warranties to plaintiff in that their said asbestos products were inherently defective, ultrahazardous, dangerous, unfit for use, not properly merchantable, and not safe for their intended ordinary and foreseeable use and purpose.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus the costs of suit, and such other further relief as is just and proper.

## COUNT III

16.    Plaintiff hereby incorporate by reference paragraphs One (1) through Fifteen (15) inclusive, as if the same were hereto set forth at length.

17.    Defendants knew or in the exercise of reasonable care should and/or could have known that their asbestos products would be sold to the public, including employers of the plaintiff and would be used by the plaintiff, and others similarly employed and would be relied on by such persons to be fit for the use and to accomplish the purpose for which they were mined, manufactured, produced, processed, sold, supplied, distributed and/or otherwise placed in the stream of commerce; and the defendants, because of their positions as miners, manufacturers, producers, processors, sellers, suppliers and distributors are strictly liable to the plaintiff for the following reasons:

(a)    Defendants as manufacturer-sellers are engaged in the business, _inter alia_, of selling asbestos products.

(b)    That at the time of the manufacture and sale of the said asbestos products by the defendant to the plaintiff or his employer defendants knew, or had reason to know, that the said asbestos products would be used by plaintiff and other persons similarly employed as the ultimate user or consumer.

(c)    That the same asbestos products were sold by the defendants in a defective condition, unreasonably dangerous to the plaintiff, and others similarly employed, as users or consumers and that all throughout the many years of the plaintiff's exposure to and use of the said products, the said asbestos products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold.

(d)    That the said asbestos products were defective in that they are incapable of being made safe for their ordinary and intended use and purpose, and said defendants failed to give adequate or sufficient warnings or instructions about the risks, dangers, and harm inherent in said asbestos products.

(e)     That the ordinary and foreseeable use of the defendants' asbestos products is an intrinsically dangerous and ultrahazardous activity.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus costs of suit and such other and further relief as is just and proper.

## COUNT IV

18.     Plaintiff hereby incorporates by reference paragraphs One (l) through Seventeen (17) inclusive, as if the same were hereto set forth at length.

19.     Defendants, individually, jointly and in conspiracy with each other, and as an industrial group and through trade associations for many decades have been possessed of medical and scientific data which clearly indicated that the inhalation of asbestos dust and fibers resulting from ordinary and foreseeable use of their asbestos products were unreasonably dangerous, ultrahazardous, deleterious, carcinogenic, and potentially deadly.

20.     The identities of the trade associations through which the defendants acted are the Asbestos Textile Institute (ATI), Asbestos Information Association (AIA), Quebec Asbestos Mining Association (QAMA), National Insulation Manufacturers Association (NIMA), and Thermal Insulation Manufacturers Association (TIMA).

21.     Despite the medical and scientific data processed by and available to them, the defendants, acting willfully, maliciously, callously, deliberately, and with wanton disregard for the rights, safety, and position of plaintiff's husband and other persons similarly employed, individually, jointly and in conspiracy with each other, fraudulently and deliberately:

(a)     Ignored, withheld and/or actively concealed said medical and scientific data from the public, and particularly the workers such as plaintiff, who were using and being exposed to the defendants'

asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of such asbestos products.

(b)     Caused to be released, published and/or disseminated data and reports concerning the dangers and/or safety of their asbestos products, which data and reports they knew, should have known, or could have reasonably determined to be incorrect, incomplete, outdated and misleading.

(c)     Failed and refused to provide the public, or workers such as plaintiff's husband who would foreseeably use and/or be exposed to their asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, with any warning as to the risks, dangers and harm that defendants knew, should have known, or could have known to be inherent in the use of and exposure of people to said asbestos products and to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(d)     Deliberately chose to provide patently inadequate and ambiguous warnings and intentionally failed to warn of the known risks and dangers of their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(e)     Distorted and/or caused to be misdiagnosed the results of medical examinations conducted upon persons and workers such as plaintiff who were using and handling said asbestos products and being exposed to the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products.

(f)     Refused and failed to test their asbestos products and/or tested their asbestos products and willfully concealed and/or refused to publish adverse test results, or distorted said adverse test results so that the public and workers such as plaintiff were misled into believing the test results were not adverse.

(g)     Relied upon and caused to be disseminated reports, tests, medical and scientific data that they knew, should have known, or could have known to be inadequate, incomplete, outdated and

misleading.

22.     Defendants, individually, jointly and in conspiracy with each other, participated in the fraudulent scheme described above to keep the plaintiff and others similarly employed in ignorance of their rights by fraudulently concealing the nature and extent of the harm which they have suffered as a result of using and being exposed to the defendants' asbestos products and by fraudulently concealing that this harm was the direct and proximate result of the occupational use and exposure to the defendants' asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products and in fact, said fraudulent scheme did keep the plaintiff and others similarly employed, in ignorance of his and their rights.

23.     Defendants, individually, jointly and in conspiracy with each other, intended by the fraudulent misrepresentations and willful omissions as set forth above to induce the plaintiff, and others similarly employed to rely upon said fraudulent misrepresentations and willful omissions, and to continue to expose himself and themselves to the risks and dangers that the defendants knew to be inherent in the use of and exposure to their asbestos products and the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products, without warning the plaintiff and others similarly employed, of these risks and dangers, thereby depriving him and them of the opportunity of informed free choice as to whether to continue to use said asbestos products and to expose himself and themselves to these dangers and risks.

24.     Defendants, individually, jointly and in conspiracy with each other and through trade associations in which they were members maliciously, willfully, callously, deliberately and wantonly disregarded the rights, safety and position of plaintiff and other persons similarly employed;

(a)     Exposed and continued to expose plaintiff's husband and others similarly employed, to the risks and dangers of asbestosis, mesothelioma, scarred lungs, cancer and other illnesses all of which risks

and dangers defendants knew, should have known or could have known;

(b)    Failed to test and continue to test their asbestos products regarding the risks and dangers to persons who use or were exposed to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(c)    Ignored medical and scientific data regarding the risk of asbestosis, scarred lungs, cancer, mesothelioma and other illnesses to workers such as the plaintiff, who used or were exposed to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(d)    Sought methods to ignore or defeat workmen's compensation and other claims of workers such as plaintiff who suffered from illnesses or disease from use of or exposure to their asbestos products and the inhalation of the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(e)    Attempted to discredit scientists, doctors, writers and medical literature, who or which indicated, demonstrated, or established a causal relationship between illness and disease from the asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos products;

(f)    Refused to conduct research on the causal relationship between asbestos exposure and illness and disease, because pecuniary motives of profit were followed at the expense of human lives;

(g)    Sought to create favorable publicity about the safe nature of their asbestos products for pecuniary motives when they knew of the risks and dangers inherent in their asbestos products;

(h)    Failed to seek safe substitute products for their asbestos products because pecuniary motives of profit were followed at the expense of human lives;

(i)    Misled the public and workers such as plaintiff who used or were exposed to their asbestos products by indicating that their asbestos products were safe for their ordinary and foreseeable use;

(j)     Concealed the existence of tests, data, studies, literature and medical reports, regarding the causal relationship between asbestos exposure and cancer, mesothelioma, scarred lungs, asbestosis, respiratory disorders, and other illnesses and diseases;

(k)     Refused to authorize testing and research involving the causal relationship of illness and disease to exposure to the use of and the inhalation of the dust and fibers resulting from the ordinary and foreseeable use of their asbestos products, fearing adverse publicity would affect the highly profitable market of asbestos products sales;

(l)     Chose to rely on inaccurate or insufficient medical or scientific research or data regarding the causal relationship between asbestos products and disease, in order to avoid any possible adverse publicity that would affect the sales of asbestos products;

(m)     Failed to place adequate or proper warnings on their asbestos products fearing that such warnings would adversely affect sales.

25.     Plaintiff reasonably and in good faith relied upon the fraudulent misrepresentations, concealments, and willful omissions made by the defendants, individually, jointly and in conspiracy with each other, regarding the safe nature of their asbestos products, which reliance resulted in illnesses and injuries to plaintiff, the particulars of which will be more fully herein set forth.

WHEREFORE, plaintiff prays for judgment against the defendants and each of them individually, jointly and severally for compensatory damages and punitive damages plus costs of suit, and such other and further relief as is just and proper.

## COUNT V

26.     Plaintiff(s) hereby incorporates by reference paragraphs One (1) through twenty-five (25) inclusive, as if the same were hereto set forth at length.

27.     As a direct and proximate result of the negligence, carelessness, gross negligence, intentional

and willful misconduct, breach of warranty, strict liability, fraudulent concealment, conspiracy, misrepresentation and willful omissions of the defendants, plaintiff, **ROY L. BUHRMAN**, was caused to contract diseases and injuries to her body system, lungs, respiratory system, heart and damage to various organs of her body, including injury to tissue and bone, the full extent which has not been determined, and including, but not limited to, asbestosis, scarred lungs, respiratory disorders, and the risk of mesothelioma and lung cancer and other cancers some or all of which may be permanent or fatal.

28.     As a direct and proximate result of the aforesaid, plaintiff has undergone great physical pain, mental anguish and shock to her nerves and nervous system and severe anxiety possibly rising to a traumatic neurosis, some or all of which may be permanent or fatal.

29.     As a direct and proximate result of the aforesaid, plaintiff has been obliged to spend various sums of money to treat her diseases and injuries and plaintiff may be obligated to continue to do so; plaintiff has sustain a loss of earnings and earning capacity; plaintiff's enjoyment of life has been impaired; her life expectancy is shortened; she was embarrassed and humiliated; all to the great loss of plaintiff.

WHEREFORE, plaintiff (s) prays for judgment against the defendants individually, jointly, and severally for compensatory damages, punitive damages, and for costs of suit and such other further relief and is just and proper.

## COUNT VI

30.     Wife-Plaintiff, **SUSANNE BUHRMAN** hereby incorporates by reference paragraphs One (1) through twenty-nine (29) inclusive, as if the same were hereto set forth at length.

31.     As a direct and proximate result of aforesaid , the wife-plaintiff has been and will be deprived of the society, services, advice, contributions, comfort, support, companionship, and consortium of her husband.

32.     As a direct and proximate result of her husband's exposure to defendants' asbestos products,

wife-plaintiff is at risk to contract diseases and injuries to her body system, lungs, respiratory system, heart and damage to various organs to her body, including injury to tissue and bone, the full extent of which has not been determined, and including but not limited to asbestosis, scarred lungs, respiratory diseases and the risk of mesothelioma and other cancers, some or all of which may be permanent and/or fatal.

WHEREFORE, plaintiffs pray for judgment against the defendants and each of them individually, jointly and severally for compensatory damages, punitive damages, plus costs of suit and other and further relief as is just and proper.

Designated Trial Counsel, pursuant to Court Rule 4:5-1, shall be James Pettit, Esquire.

LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856) 663-8200

BY: _____
James J. Pettit

Plaintiffs demand a trial by jury.

LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856) 663-8200

BY: _____
James J. Pettit

DATED: 6/9/11

## ATTORNEY'S CERTIFICATION

I, James J. Pettit, Jr. Esquire, hereby certify the following statements to be true to the best of my knowledge:

    a.    This action as plead is not presently the subject of any other action or arbitration proceeding.

    b.    No other action or arbitration proceeding is contemplated at this time by this counsel, other than possibly claims to be made in later Bankruptcy actions.

    c.    I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 8/18/11

BY: _____
James J. Pettit

Plaintiffs demands that Defendants answer standard interrogatories.  A copy of said forms may be obtained from the Middlesex County Courthouse upon request.

**LOCKS LAW FIRM LLC**   • *ATTORNEYS AT LAW*
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

James J Pettit, Esquire
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Ste. 500
Cherry Hill, NJ   08002
(856) 663-8200
(856) 661-8400 (fax)
Attorneys for Plaintiffs

| | |
|---|---|
| ROY L. BUHRMAN and SUSANNE BUHRMAN, husband and wife,<br><br>                Plaintiffs<br><br>      v.<br><br>A W CHESTERTON COMPANY;   BRAND INSULATIONS INC; DURAMETALLIC CORP; FOSTER WHEELER CORP; GOULDS PUMP INC; INGERSOLL RAND COMPANY LIMITED; METROPOLITAN LIFE; AND JOHN DOE CORPORATIONS (1-20),<br><br>      Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION -MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L- 0 0 6 1 6 7 1 1 AS<br><br>CIVIL ACTION<br>ASBESTOS LITIGATION<br><br>**PLAINTIFF'S INITIAL FACT SHEET** |

1. Full Name:      **Roy L. Buhrman**

2. Date of Birth:   **7/28/1944**

3. Address:      **541 Township Line Road, Franklinville, NJ 08322.**

4. Union/Local/Years of Membership:      **N/A**

5. Date of first claimed asbestos exposure:      **1966**

6. Date of last claimed asbestos exposure:      **mid 1970's**

7. Smoking History:      **Past smoker**

8. State the inclusive dates of smoking history, the products smoked and the amount of products consumed per day:

    a.   Dates:   **quit in 2010**

    b.   Products smoked:   **Cigarettes**

    c.   Amount per day:      **One to One and a half packs per day**

9.    Provide as much of the following information as it is presently available: work sites, inclusive dates and trade or occupation for each site.

| WORK SITES | DATES | TRADE/OCCUPATION |
| --- | --- | --- |
| Philadelphia Naval Shipyard | 1966-1995 | Shipfitter, shop planner |

10.   State the claimed asbestos related disease; including the date of diagnosis and the name of the diagnosing physician or institution (if available attach a copy of the medical report).

a.    Disease:                      **Asbestosis**

b.    Date of diagnosis:        **November 15, 2010**

c.    Doctor/Institution:        **Dr. Kevin Gilmour**

LOCKS LAW FIRM, LLC

Dated:  8/4/11

By: _____
James J. Pettit
Attorney for Plaintiff

**LOCKS LAW FIRM LLC**  • *ATTORNEYS AT LAW*
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002