UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)**

| | |
|---|---|
| Patti Donlon, et al. v. AC and S, Inc., et al., <br>     N.D. California, C.A. No. 3:11-03376 <br> Margaret Sonia Finkler, et al. v. John Doe Corporations 1-25 <br>     (fictitious), et al., D. New Jersey, C.A. No. 2:11-01178 | MDL No. 875 |


**TRANSFER ORDER**


    **Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs in these two actions move to vacate orders which conditionally transferred their actions to MDL No. 875. Responding defendants oppose the motions.[1]

    After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 875, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is appropriate for the reasons set out in our original decision directing centralization of all pending federal court actions not then in trial sharing factual questions of injury or death allegedly caused by asbestos or asbestos containing products. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). These actions are asbestos personal injury or wrongful death suits, and clearly fall within the MDL's ambit.

    In their motions to vacate, plaintiffs cite the pendency of motions for remand to state court. As we have often held, however, a pending remand motion generally is not a sufficient reason to vacate a conditional transfer order. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

---

[*] Judge John G. Heyburn II, Judge W. Royal Furgeson, Jr., and Judge Marjorie O. Rendell took no part in the disposition of this matter.

[1] These defendants are: United Technologies Corporation, Curtiss-Wright Corporation, and The Boeing Company (as to the Northern District of California *Donlon* action); and Foster Wheeler Energy Corporation (as to the District of New Jersey *Finkler* action).

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

                                                PANEL ON MULTIDISTRICT LITIGATION

                                                Kathryn H. Vratil
                                                  Acting Chairman

Frank C. Damrell, Jr.            Barbara S. Jones
Paul G. Barbadoro