UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DUPRE ET AL | CIVIL ACTION |
| VERSUS | NO: 11-2097 |
| TODD SHIPYARDS CORP. ET AL | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 10)** filed by Plaintiffs Rose Mae Naquin Dupre, Ronald Joseph Dupre, Marvin Andrew Dupre, and Brian Anthony Dupre. Defendants CBS Corporation, Foster Wheeler, LLC, and General Electric Company oppose the motion. The motion, set for hearing on **September 28, 2011**, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

### I. BACKGROUND

The instant case was originally filed by Plaintiff Freddie Joseph Dupre in the Civil District Court for the Parish of Orleans, Louisiana on November 8, 2010. Mr. Dupre died on January 16, 2011 at the age of 87.

On January 18, 2011, Plaintiffs Rose Mae Naquin Dupre, Ronald Joseph Dupre, Marvin Andrew Dupre, and Brian Anthony Dupre filed their First Supplemental and Amending Petition. In this petition, Freddie Dupre's widow and three adult sons stated that he died as a result of mesothelioma and related illnesses which were caused by his exposure to asbestos. Plaintiffs further asserted "all rights and claims to which they are entitled as a result of the injuries and death of Freddie Joseph Dupre, as well as...any survival and wrongful death claims to which they are entitled."

EXHIBIT 1

In the original petition, Plaintiff alleged that he was "employed in various positions by or on the premises of the Todd Shipyards Corporation, from approximately 1944 through 1945," and that as a result he was "exposed to dangerously high levels of toxic substances, including asbestos...." Plaintiff asserted that due to this exposure, he later contracted "asbestos-related mesothelioma and other ill-health effects associated therewith." Plaintiff stated that he was diagnosed with these ailments on or around September 29, 2010.

In his petition, Plaintiff alleged that Defendants committed acts of "negligence, intentional tort, fraud, and strict liability.[1]" Plaintiff contended that Defendants manufactured, distributed, sold, and/or used asbestos-containing products that were "unreasonably dangerous per se, were defective in design, and constituted a breach of warranty" from the manufacturers. According to Plaintiff's petition, all Defendants were aware or should have been aware of the risk of asbestos exposure, and "failed and refused to warn Freddie Dupre of the danger of exposure to such products."

In his lawsuit, original Plaintiff Freddie Dupre sought redress for the injuries and damages he suffered as a result of Defendants' alleged conduct. These damages include, but are not limited to, past, present, and future physical and mental pain and suffering, loss of enjoyment of life and lifestyle, reduction in life expectancy, and costs of care and assistance. In their amended petition, instant Plaintiffs Rose Mae Naquin Dupre, Ronald Joseph Dupre, Marvin Andrew Dupre, and Brian Anthony Dupre assert any and all rights and claims to which they are

---

[1] With the exception of Louisiana Revised Statute 22:1269, which allows Plaintiff to assert a direct action against Defendant Continental Insurance Company as the general liability carrier covering Defendant Todd Shipyards Corporation, Plaintiffs do not cite the specific statutes providing the basis for their claims.

entitled as a result of the injuries and death of Freddie Joseph Dupre, as well as any and all survival and wrongful death claims to which they are entitled.

Via the instant motion, Plaintiffs move to remand this case to state court. Plaintiffs urge that 1) removal is procedurally defective as it was untimely and Defendants did not obtain all co-defendants' consent; and 2) the Court lacks subject matter jurisdiction over this case because Defendants cannot meet the requirements for removal set forth in 28 U.S.C. § 1442(a)(1). The Court addresses each of the Plaintiffs' arguments in turn below.

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction. Howery v. Allstate Insurance Co., 243 F. 3d 912, 916 (5th Cir. 2001) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). The Court must assume that a suit lies outside this limited jurisdiction until jurisdiction is established. Id. When a case is removed from state court, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing DeAguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1994); Jernigan v. Ashland Oil Inc., 989 F.2d 812 (5th Cir. 1993) (per curiam); Willy v. Coastal Corp., 855 F.2d 1160 (5th Cir. 1988)).

To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they exist at the time of removal. Id. (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F. 3d 256 (5th Cir. 1995)). Any ambiguities or doubts are to be construed against removal and in favor of remand. Id. (citing Acuna v. Brown & Root, Inc., 200 F.3d 335 (5th Cir. 2000)).

3

Given that Defendants removed the suit to this court, they bear the burden of establishing a basis for federal subject matter jurisdiction. The removing party also bears the burden of showing, if challenged, that the removal was procedurally proper. See, e.g., Manguno, 276 F.3d at 723. Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna, 200 F.3d at 339 (citing Willy, 855 F.2d at 1164).

Defendants have invoked jurisdiction under 28 U.S.C. § 1442(a)(1), asserting that at the time of the alleged activities they were acting under the control and direction of the United States Navy as governmental contractors.

### 1. Notice of Removal as Procedurally Defective

#### a. Untimeliness

The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met. Thus, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir.1992). If it is not readily apparent from the initial pleading that the case is removable, a notice of removal must be filed "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); see also Bosky v. Kroger Texas, LP, 288 F.3d 208, 210 (5th Cir. 2002)(emphasis added). The Fifth Circuit has held that a deposition answer may constitute "other paper" under §1446(b). S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir.1996).

4

In the present case there is a dispute as to whether the applicability of the federal officer removal statute was readily apparent from Plaintiff's original petition, from the deposition of Plaintiff Freddie Dupre, or whether Defendant first received notice of the suit's removability during the course of discovery.

Plaintiffs argue that Defendants were first put on notice that the case was potentially removable in November, 2010, when they received Plaintiff's Petition for Damages. However, the Court does not find this argument persuasive. The original petition alleged that both Navy and commercial ships were built and repaired at Todd Shipyards during the period of Plaintiff's alleged exposure. It did not identify any of the ships on which Plaintiff worked, and did not specify that any of the ships or parts of the ship that he worked on belonged to the Navy. Therefore, the Court finds that it was not readily apparent from the initial pleading that the case was removable.

In the alternative, Plaintiffs assert that Defendants received notice on November 23, 2010, during the deposition of Plaintiff Freddie Joseph Dupre, wherein Mr. Dupre testified that he worked on all ships that were present at Todd Shipyards during his employment. However, after reviewing the deposition records, the Court does not find this argument compelling for the following reasons.

In Bosky v. Kroger Texas, LP, the Fifth Circuit distinguished between the two standards for determining whether notice is timely filed under §1446(b). The court noted that the first paragraph of §1446(b) only governs where "the initial pleading *set[s] forth* the claim for relief," while the second paragraph applies to notices of removal based on "a copy of an amended pleading, motion, order or other paper from which it *may first be ascertained*" that the case is

5

potentially removable." 28 U.S.C. § 1446(b); Bosky, 288 F.3d at 211. The court held that to "set forth" means to "publish" or "give an account or statement of," while to "ascertain" means "to make certain, exact, or precise" or "to find out or learn with certainty." Id. The court emphasized that there is a heightened standard of certainty necessary to establish removability in cases where removal is based on "other paper." The Fifth Circuit held that "the information supporting removal in the copy of the other paper must be *unequivocally clear and certain* to trigger the 30-day period within which notice of removal must be filed." Id. (emphasis added).

Mr. Dupre's deposition does not contain "unequivocally clear and certain" information supporting removal. He stated at one point that he "probably" worked on all of the ships in the shipyard during the period of his employment, then later responded affirmatively when asked if he worked in the engine room at "each of the ships that were at Todd during the period [he] worked there." He testified that he did work on a Navy vessel at some point, but that he could not recall which one or whether it contained products designed or manufactured by Defendants. When asked about the kinds of vessels he worked on, the only vessel that Mr. Dupre could remember by name was "The BURN," (later identified as the U.S.S. Bearn) an aircraft carrier. However, Mr. Dupre then testified that he never worked on the Bearn, a statement which contradicts his earlier assertion that he worked in the engine room of every ship at Todd Shipyards during his tenure there.

The Court finds that Defendants did not learn with certainty that the case was potentially removable based on Mr. Dupre's deposition. Although Defendants did contract with the United States Navy to provide products containing asbestos during World War II, and though there were naval vessels located at Todd Shipyards during that time, it was not clear from Mr. Dupre's

6

testimony that he worked on these naval vessels and was thus exposed to asbestos-containing products supplied by Defendants.

The Court accepts Defendants' assertion that they first received notice that the case was removable based on the federal officer removal statute on July 25, 2011, during the course of discovery. Defendants effected removal within thirty days of receiving notice. Therefore, the Court finds that Defendants' **Notice of Removal (Rec. Doc. 1)** is timely.

### b. Failure of Co-Defendants to Join in Removal

Plaintiffs argue that Defendants' Notice of Removal is procedurally defective "because all defendants who were properly joined and served must join in the removal petition and failure to do so renders the petition defective." Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am., 841 F.2d 254, 1262 (5th Cir. 1988); Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990); Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237-1238 (N.D. W.Va.1993). However, under § 1442(a)(1), it is unnecessary for the removing party to secure the consent of its co-defendants. The Fifth Circuit has held that "the filing of a petition for removal by a single federal officer removes the entire case to the federal court." Fowler v. Southern Bell Tel. & Tel. Co., 343 F.2d 150, 152 (5th Cir. Ga. 1965)(citing Allman v. Hanley, 5 Cir., 1962, 302 F.2d 559). Therefore, Defendants' Notice of Removal is not procedurally defective.

### 2.  **Lack of Subject Matter Jurisdiction based on Federal Officer Removal Statute.**

The federal officer removal statute provides that removal is permitted in any case in which the defendant is the United States "or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or

7

individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. §1442(a)(1).

The statute is designed to protect officers of the federal government, who when acting pursuant to authority granted them under federal law, run afoul of the laws of a state. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir.1998) (quoting Willingham v. Morgan, 395 U.S. 402, 89 S. Ct. 1813, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969)). One of the most important functions of this right of removal is to allow a federal court to determine the validity of an asserted official immunity defense. Id. The Supreme Court has held that this right is "not to be frustrated by a grudgingly narrow interpretation of the removal statute;" its broad construction and unique purpose of the statute require that it be "liberally construed." Willingham, 395 U.S. at 407; State of La. v. Sparks, 978 F.2d 226, 232 (5th Cir.1992) (noting Supreme Court requirement of liberal interpretation for over two decades); Watson v. Philip Morris Companies, Inc. 551 U.S. 142, 127 S.Ct. 2301 U.S., 2007 (quoting Colorado v. Symes, 286 U.S. 510, 517, 52 S.Ct. 635, 76 L.Ed. 1253 (1932)).

The Court has interpreted the federal removal statute to operate differently from the general removal provisions. Ordinarily, to remove an action based on federal question jurisdiction, the federal question must appear on the face of a properly pleaded complaint. In typical federal question jurisdiction cases, an anticipated or actual federal defense, standing alone, does not qualify a case for removal. Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999). Suits arising under the federal officer removal statute are unusual in that cases against federal officers "may be removed despite the nonfederal cast of the complaint; the federal

8

question element is met if the defense depends on federal law." Id.

Federal officer removal is appropriate where 1) the defendant is a "person" within the meaning of the statute, 2) the defendant acted pursuant to a federal officer's directions when committing the acts that allegedly give rise to the injury at issue; and 3) the defendant can assert a colorable defense. Winters, 149 F.3d at 397 (quoting Willingham, 395 U.S. 402).

    a. Definition of Person

Defendants must first demonstrate that they are "persons" within the meaning of §1442(a)(1). The Fifth Circuit has previously held that corporate entities qualify as "persons" under the statute. Id. at 398. Defendants CBS Corporation and General Electric Company are incorporated businesses and as such are deemed "persons" for the purposes of §1442(a)(1).

Defendant Foster Wheeler LLC is a limited liability company. Although the Fifth Circuit has not specifically addressed whether an LLC is a "person" for the purposes of the federal officer removal statute, numerous courts have permitted LLCs to remove on that basis. See, e.g., St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC, 2011 WL 3746418 (E.D.La. 2011); Takacs v. American Eurocopter, LLC, 656 F.Supp.2d 640, 645 (W.D.Tex.2009) (finding that an LLC was a person under section 1442(a)(1)); McGillick v. World Trade Center Properties, LLC, 2004 WL 2049260, *2 (S.D.N.Y.2004) (same) (citing Winters, 149 F.3d at 398). As Plaintiffs have not cited any authority to the contrary, and the Court is aware of none, the Court finds that Defendant Foster Wheeler is a "person" within the meaning of the statute and that the first prong of §1442(a)(1) is satisfied.

    b. Acting Under an Officer

The second factor necessary for §1442(a)(1) removal is a finding that the defendants

"act[ed] under" an officer or agency of the United States. Defendants must demonstrate that they acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' actions under color of federal office and the plaintiffs' claims. Winters, 149 F.3d at 398. The Court must determine whether the United States Navy and its agents specified the design and manufacture of the marine turbines and boilers so as to supply the causal nexus between the federal officer's directions and the plaintiff's claims. See id.

During the period of Plaintiff's alleged asbestos exposure, Defendants contracted with the Navy to provide parts for ships employed in the defense of the United States during World War II. The welfare of military suppliers is a federal concern that impacts the ability of the federal government to order and obtain military equipment at a reasonable cost. Id. Federal interests are especially implicated where, as in this case, the United States Navy expressly issued detailed and direct orders to the defendants to supply a certain product.

Plaintiffs argue that the government provided little direction to Defendants because the turbines and boilers produced by Defendants and sold to the Navy were "off the shelf" products. However, the evidence indicates that the Navy maintained strict control over the design, manufacture, and warnings associated with the asbestos-containing products at issue. For instance, Thomas McCaffery, expert witness for Defendants, testified that during the war, there was a Navy officer and staff permanently assigned to Todd-Johnson, where Plaintiff worked. There was also an on-site industrial manager who acted as the direct representative of the Navy, whose position entailed specifying and directing all repair work done on the Navy's ships. McCaffery further testified that the Navy "specified how everything was to be done on any of [the] ships, literally down to...the size of the screws and the bolts and the materials that they

were to be manufactured out of, and what condition of paint the unit was to be painted with."

McCaffery stated that the Navy had exclusive control over the selection of insulation materials, and that they required that asbestos components be used on their ships. Another expert witness, Admiral Ben J. Lehman, further attested to the Navy's control over its contractors. Lehman stated that the Navy "dictated every aspect of the design, manufacture, installation, overhaul, written documentation, and warnings associated with its ships." According to Lehman, any deviation from military specifications of equipment to be installed on ships would result in significant problems and rejection of the equipment. There is ample evidence that Defendants acted under the direct and detailed control of the Navy, a federal agency.

Plaintiffs argue that a causal relationship exists between Plaintiff Freddie Dupre's alleged exposure to asbestos contained in products located at Todd Shipyards during the term of his employment and Plaintiff's terminal disease. The Court finds that the Navy's detailed specifications and ongoing supervision regarding the design, manufacture, and warnings associated with the asbestos-containing turbines and boilers, and the fact that the products would have been rejected by the Navy had they failed to conform with the Navy's standards sufficiently demonstrates that Defendants acted pursuant to federal direction. A direct causal nexus exists between the defendants' actions, which were taken under color of federal office, and Plaintiffs' claims. The Court finds that Defendants have met the second requirement for federal officer removal.

        c.    <u>Colorable Claim to a Federal Defense</u>

The third and final requirement for federal officer removal is that Defendants show that

they have a colorable defense under federal law. Winters, 149 F.3d at 400 (citations omitted). The Fifth Circuit has held that the defendants need not prove the asserted defense, but need only articulate its "colorable" applicability to the plaintiff's claims. As the Supreme Court stated in Willingham, "[t]he officer need not win his case before he can have it removed." Willingham, 395 U.S. at 407.

Defendants in the present case have asserted a government contractor defense. The Supreme Court set out the test for immunity under the government contractor defense in Boyle v. United Techs. Corp., where it held that the procurement of equipment by the United States is an area of uniquely federal interest. Boyle v. United Technologies Corp. 487 U.S. 500, 108 S.Ct. 2510 (U.S.Va.,1988). The Court found that the United States has an interest in the imposition of liability on Government contractors because such an imposition would directly affect the terms of Government contracts. Id. at 506.

The Court in Boyle established a rule whereby state laws implicating areas of "unique federal concern," such as government contracting, may be pre-empted by federal policy. Id. at 507. It held that liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. Id. at 511.

In cases where the above three requirements are met, the government's immunity inures to the benefit of the contractor because it is derivative of the government's own immunity from suit where the performance of a discretionary function is at issue. Winters, 149 F. 3d at 400

(quoting In re Air Disaster at Ramstein Air Base, Germany, 81 F.3d 570, 574 (5th Cir. 1996)). The Court in Boyle held that "the selection of the appropriate design for military equipment" constitutes a discretionary function rendering the government contractor defense applicable. Id. (quoting Boyle, 487 U.S. at 511).

As demonstrated in the prior discussion, the evidence supports Defendants' assertion that the Navy exercised direct control over the design and manufacture of the products used on its ships. Defendants have established that the Navy required its contractors to comply with detailed design specifications, or Navy MilSpecs, and that these MilSpecs mandated the use of asbestos in the turbines produced by General Electric and CBS and the boilers produced by Foster Wheeler. Defendants further provided evidence that they conformed to the Navy's specifications in designing and manufacturing the asbestos-containing products, and that the Navy was already aware of the risks associated with asbestos when it contracted with the Defendants. Without deciding the merits of the government contractor defense in this case, we deem its assertion sufficiently colorable for federal officer removal purposes.

The Court finds that Defendants have satisfied the three prongs of §1442 and established federal court jurisdiction.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that Plaintiffs' **Motion to Remand (Rec. Doc. 10) is DENIED.**

This 29th day of September, 2011

JAY C. ZAINEY

UNITED STATES DISTRICT JUDGE