UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
(CONSOLIDATED UNDER MDL DOCKET NO. 875)

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. IV)**

| | | |
|---|---|---|
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| RAYMOND HALL and | ) | |
| MARJORIE HALL | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | **CASE NO. 2:09-CV-79906-ER** |
| | ) | |
| OWENS-CORNING FIBERGLAS CORP., | ) | |
| *ET AL.* | ) | |
| | ) | |
| DEFENDANTS | ) | |

<u>**PLAINTIFFS' RESPONSE TO DEFENDANT,**
**OWENS-ILLINOIS, INC'S, MOTION FOR SUMMARY JUDGMENT**</u>

Come the Plaintiffs, Raymond Hall and Marjorie Hall, by counsel, in opposition to Defendant, Owens-Illinois, Inc.'s, ("Owens-Illinois"), Motion for Summary Judgment. The Court should deny Owens-Illnois' Motion for Summary Judgment for the following reasons:

1.  Owens-Illinois failed to support its motion by affidavit or any other evidence.

2.  On the contrary, Plaintiff has in fact alleged exposure to asbestos-containing products on GE owned and operated facilities.

3.  Plaintiff supported his allegations by sworn Interrogatory answers and affidavit to support his allegations**.**

4.  Plaintiff can present sworn testimony concerning Mr. Hall's exposure to asbestos-containing products manufactured and sold by Owens-Illinois.

The Defendant has moved for summary judgment, citing a lack of product identification indicating Raymond Hall was not exposed to asbestos-containing products produced by the Defendant. However, the Defendant ignores Plaintiff's **verified** responses to General

Interrogatories and Requests for Production of Documents.[1]  In the Work History section of these responses, Mr. Hall identifies GE in Louisville as one of the jobsites where he worked as a plumber.[2]  Mr. Hall also signed an affidavit.[3]  Mr. Hall states in this affidavit that he was exposed to asbestos-containing insulation at premises owned by GE.[4]  Mr. Hall goes on to state that he suffers from lung cancer and asbestosis as a result of these exposures.[5]

Plaintiff is also in possession of a deposition given by Robert Kinsella which supports his allegations of exposure to asbestos-containing products at GE.[6]  Mr. Kinsella was an employee of Cardinal.  He testified that Cardinal primarily used asbestos-containing products such as Kaylo.[7]  Mr. Kinsella stated that Cardinal did a lot of work for GE and had a man insulating at its facilities at all times.[8]  Mr. Hall, as a plumber, would have been exposed to asbestos-containing Kaylo while working at GE.  Thus, Mr. Hall was exposed to Kaylo (a product manufactured by Owens-Illinois) during his time at GE.  This is also true for the following worksites:[9]

1. Phillip Morris in Louisville, KY[10]
2. Rohm & Haas in Louisville, KY[11]
3. International Harvester in Louisville, KY[12]
4. St. Joseph Hospital in Louisville, KY[13]
5. Jewish Hospital in Louisville, KY[14]

In *Celotex Corp. v. Catrett*[15], the United States Supreme Court held that a FRCP 56(c) summary judgment motion should not be granted unless the pleadings, depositions, answers to interrogatories and admissions show "there is no genuine issue as to any material fact and that

---

[1] Exhibit 1: Plaintiff's Answers to General Interrogatories & Response to Request for Production of Documents
[2] *Id.*
[3] Exhibit 2: Affidavit of Raymond Hall
[4] *Id.,* at ¶3
[5] *Id.,* at ¶5
[6] Robert Kinsella deposition, March 23, 1994
[7] *Id.,* at 35
[8] *Id.,* at 76
[9] See Exhibit 1, *supra,* Work History section, for a list of Mr. Hall's worksites
[10] Robert Kinsella deposition, *supra,* page 96
[11] *Id.* at 96
[12] *Id.* at 78
[13] *Id.* at 81
[14] *Id.* at 81
[15] 477 U.S. 317 (1986)

the moving party is entitled to a judgment as a matter of law."[16]  In the instant case, Plaintiff has supported his case through various verified discovery responses, affidavits and deposition testimony.  It is undeniable that Mr. Hall worked at multiple facilities where asbestos-containing materials manufactured and sold by Owens-Illinois were present.

The Defendant has not provided any pleadings, discovery responses, affidavits or depositions to support its motion.  Incidentally, it has provided no evidence to the Court which would dispute the overwhelming evidence submitted by the Plaintiff. Had the Defendant possessed such evidence, any serious attempt to contradict Plaintiff's sworn evidence and testimony would have been attached to Defendant's motion.

WHEREFORE, the Plaintiffs respectfully request the Court deny Owens-Illinois' Motion for Summary Judgment.

> /s/  Kenneth L. Sales
> SALES, TILLMAN, WALLBAUM,
> CATLETT & SATTERLEY
> 1900 Waterfront Plaza
> 325 W. Main Street
> Louisville, KY 40202
> (502) 589-5600
> ksales@stwlaw.com
> Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

It is hereby certified that a copy hereof was this 15th day of November, 2010, filed with the USDC for the Eastern District of PA using the ECF filing system who will electronically send a copy to all counsel of record.

> /s/ Kenneth L. Sales

---

[16] Id., at 322

COPY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE
### CIVIL ACTION NO. 3:99CV-0229-S

FILED (US)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

99 OCT 29 PM 12: 29

RAYMOND HALL and
MARJORIE HALL                                                    PLAINTIFFS

v.

OWENS-CORNING FIBERGLAS CORP., ET AL                             DEFENDANTS

---

### PLAINTIFF'S ANSWERS TO GENERAL INTERROGATORIES
### & RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

---

Comes the Plaintiffs, Raymond and Marjorie Hall, by counsel, and for their Answers to

General Interrogatories and Response to Request for Production of Documents, state as follows:

1. **NAME:**     Raymond A. Hall

2. **DATE OF BIRTH**:  02-25-34

3. **DATE OF DEATH**: N/A

4. **SOCIAL SECURITY NUMBER**:  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

5. **ADDRESSES: (PAST & PRESENT)**

   9341 Routt Road, Louisville, KY

6. 

| **SCHOOLS** | **DATES FROM TO** | **GRADES COMPLETED** | **DEGREES RECEIVED** |
|---|---|---|---|
| Okolona | | | |
| Southern | | | |
| Ahrens Trade School | | | |

7.    **SPOUSES:**    **PRESENT AND FORMER (Please Indicate)**

| NAME & ADDRESS | SSN | DOB | DATES OF MARRIAGE FROM TO |
|---|---|---|---|
| Marjorie Hall | 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 | 11-01-34 | 1982 to present |
| Betty Lee Ireland | | | 1953 to 1958 |

8. **DEPENDANTS:** None.

9. **NON-DEPENDANT CHILDREN:**

| NAME & ADDRESS | SSN | DOB |
|---|---|---|
| Larry Hall Aurora, CO | 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 | 05-21-54 |
| Diana Lee Mitchell Shelbyville, KY | 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 | 11-13-55 |
| Leigh Ann Ringstaff Ledbetter, KY | 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 | 03-10-66 |

10. **HEIGHT:** 6'1" **WEIGHT:** 165

11. **FELONY CONVICTIONS:** No

12. **WORKERS COMPENSATION CLAIMS:** Yes

Back Injury   1962   F.L. Hagan.- Employer

11. **BENEFITS OF ANY OTHER KIND CLAIMED OR RECEIVED:** None

12. **UNION MEMBERSHIP:** Plumber Local 107, Louisville, KY   1954 to 1992

13. **RETIRED:** Yes, 1994

14. **CURRENT INCOME: (FROM WORK, PENSION, SOCIAL SECURITY, OTHER:**

Social Security   $1151.00
Plumber pension   $1460.00

15. **EARNINGS IN THE LAST THREE YEARS OF WORK:**
Plaintiff's Social Security Printout is attached.

16. **DATE OF FIRST EXPOSURE TO ASBESTOS:** 1954

17.   **DATE OF LAST EXPOSURE TO ASBESTOS:** Unknown

18.   **DESCRIBE ANY ASBESTOS EXPOSURE OTHER THAN IN THE COURSE OF EMPLOYMENT:**   None.

19.   **DATE OF FIRST DIAGNOSIS OF ANY ASBESTOS RELATED DISEASE:**

      **DATE:** May 1998          **BY WHOM:**  Dr. Richard Levine      Asbestosis

20.   **IDENTIFY ALL ASBESTOS RELATED DISEASES CLAIMED:**

      Asbestosis- See attached medical reports.
      Lung Cancer - See attached medical reports.

21.   **DAMAGES CLAIMED IN THIS CASE:**

      **A. LOST EARNINGS TO DATE:**          To be determined.

      **B. IMPAIRMENT OF EARNINGS TO DATE:**  To be determined.

      **C. PAIN AND SUFFERING:**       $5,000,000.00

      **D. MEDICAL EXPENSES TO DATE:**    Being gathered.

      **E. FUTURE MEDICAL EXPENSES:**     Estimate- $200,000.00 for future treatment;
                                          $500.00 per year for medical surveillance

      **E. OTHER:** Punitive Damages - $10,000,000.00
                    Loss of Consortium- $2,000,000.00

22.   **EXPERTS:**

| **NAME & ADDRESS** | **DATES OF ALL REPORTS** | **SUBJECT MATTER OF TESTIMONY AND SUMMARY JUDGEMENT OF OPINION** |
|---|---|---|

      All treating physicians may be called to testify regarding their treatment and diagnosis for Mr. Hall's asbestos related disease. In addition, the following witnesses may called to testify:

**Dr. Richard Levine**
304 Dogwood Lane
Elkins Park, PA 19027

See attached report.

**Dr. Lynn Ogden**
**Dr. James Van Daalen**
Jewish Hospital
217 East Chestnut Street
Louisville, KY

Dr. Ogden diagnosed Mr. Hall with adenocarcinoma of the lung in June 1998. Dr. Ogden's pathology report is attached.

Dr. Van Daalen performed a thoracotomy on Mr. Hall on June 8, 1998. He may be called to testify regarding his diagnosis of adenocarcinoma. His report is attached.

**Arthur Frank, MD, PhD**
University of Texas - Health Center at Tyler
P.O. Box 2003
Tyler, TX 75710

Dr. Frank may be called to testify regarding Mr. Hall's asbestosis and lung cancer, the prognosis of asbestos-related diseases, including mesothelioma, the cost of treating mesothelioma, the pain and suffering associated with mesothelioma and the relationship between mesothelioma and exposure to asbestos-containing products. He will testify regarding his knowledge of the medical literature regarding asbestosis.

**Dr. Douglas Pohl, MD, PhD**
35 Par Four Drive
Auburn, ME 04210

Dr. Pohl is a pathologist at Central Maine Medical Center and may be called to testify regarding asbestos-related diseases, his review of the pathology materials, the medical records and death certificate. Dr. Pohl will testify regarding the cancer's relationship to exposure to asbestos-containing products. He will explain the diagnosis of asbestos related cancer, the prognosis of asbestos related cancer, the cost of such treatment and the pain and suffering caused by asbestos induced cancer. He will further testify regarding his review of the medical literature as it related to asbestos and disease. He will explain when the medical and scientific community knew or should have known of the dangers of asbestos and asbestosis, lung cancer and malignant mesothelioma. Dr. Pohl has previously testified in Kentucky in Warren Circuit Court in the matter of <u>Owens v. Owens Corning et al.</u> in February 1998 and in USDC in the Western District of Kentucky at Owensboro in the matter of <u>Gentry v. Owens Corning et al.</u> in April 1997 and November 1997. Dr. Pohl also has been deposed for asbestos litigation in Kentucky by counsel for Owens Corning on January 19, 1998.

**Dr. Joseph Wagoner, Deceased**

Dr. Wagoner may testify regarding the Plaintiff's state of the art evidence and is and epidemiologist by training and profession. The Plaintiff's may utilize the trial transcript of Dr.

Joseph Wagoner of December 2, 1992, in the cases styled, <u>Cooper, Graff & Thomas v. Owens-Illinois, et al</u> or the deposition June 1, 1992, in the case of <u>Shorter v. Owens-Corning Fiberglas</u> in the Superior Court of New Jersey, Law Division, before the Honorable Judge E. Stevenson Fluharty.

**Richard Lemen, PH.D., M.S. P.H.**
3495 Hillgate Hills Drive
Duluth, GA   30097

Dr. Lemen may testify regarding the medical and scientific knowledge concerning asbestos and disease.  Dr. Lemen is a former Assistant Surgeon General and Rear Admiral in the United States Public Health Service and is a consultant in  Occupational Health, Epidemiology and Public Health.  Plaintiffs' counsel has previously provided defense counsel Dr. Lemen's curriculum vitae and the "Asbestos Timetables" prepared by Dr. Lemen, which summarizes his opinions and findings concerning the state of the art and asbestos related disease.  In addition, defense counsel took Dr. Lemen's deposition on August 28, 1998 in Duluth, Ga in the <u>Hulett</u> case. Plaintiff may use the live trial testimony of Dr. Lemen in the <u>Raymond Zipper v. Owens-Illinois Glass Co., Inc. et al., No. 93-CI-00564, Jefferson Circuit Court</u> and/or <u>William Crowell v. Owens Illinois Glass Co., Inc. et al., No. 96-CI-006799, McCracken Circuit Court</u>.

**Dr. Gerrit Schepers**
Chief, Cardio-Pulmonary Disease Program
Medical Service III, Veterans Administration
810 Vermont Avenue,  NW
Washington, DC 20420

Dr. Schepers may testify concerning the nature, characteristics and composition of asbestos and human exposure resulting from its mining, processing, use in manufacturing and various other industrial roles and from environmental contamination.

He also will testify about the disease caused, aggravated or brought about as sequelae by asbestos inhalation and/or ingestion including the pathology, histology, and clinical signs and symptoms of the diseases, their progress and development, the methods of diagnosis and hoe the asbestos-caused diseases cause functional impairment and death. This will include the relationship of asbestos inhalation of certain types of coronary occlusive and other heart diseases and resultant functional cardiac incapacities.  Dr. Schepers also is expected to discuss the relationship of cigarette smoking to asbestos-related diseases.  Such description or reference to the anatomy, structure and function of the affected areas of the body as is necessary for jury understanding will be made.

Dr. Schepers also may testify about the development and existence of medical and scientific knowledge concerning the various asbestos-caused diseases and the role of defendants in the development of the knowledge of those diseases and their relationship to asbestos.

Dr. Schepers is expected to render his expert opinion, to a reasonable degree of medical

and scientific certainty that:

a.     The diseases of asbestosis (both plural and parenchymal) and other respiratory diseases and conditions such as pleurisy are caused by inhaling asbestos fibers.

b.     The disease mesothelioma is known to be caused by inhaling asbestos fibers.

c.     Many cases of lung cancer are the result of lung changes resulting from inhaling asbestos fibers and there is significantly increased incidence of lung cancer among human subjects who have inhaled asbestos dust as a result of their occupations or proximity to respirable or ingestible asbestos.

d.     Asbestos fibers which are inhaled or ingested are allowed to enter the gastro-intestinal system and this correlates with the fact that there is a significantly increased incidence of cancers of the gastro-intestinal system and larynx among persons who have been chronically exposed to asbestos dust.

e.     Asbestos diseases such as asbestosis, mesothelioma, lung cancer and other cancers which are the result of asbestos inhalation and/or ingestion are progressive even after cessation of exposure, are generally degenerative and can cause functional impairment, shortened life expectancy and death.  This effect is produced either by short large doses of dust or small exposures to very little dust with prolonged elapsed time after exposure.  In fact, every variant of exposure is dangerous, and all exposure contributes to all asbestos-related disease produced without any ability to segregate individual exposures or exposures to certain products or for certain time periods.

f.     Asbestos-induced pulmonary disease almost invariably causes injury and damage to the heart and also can impair the coronary-arterial circulation.

g.     There is a specific etiological and pathogenic interaction between cigarette smoking and asbestos inhalation in the production of cardiac and respiratory diseases including cancer.

h.     Asbestosis is generally progressive even after the victim is removed from the source of the dust.  The initial damages to the pulmonary system may begin to occur from the time of the first inhalation of the asbestos fibers but the objective symptoms do not necessarily manifest themselves on x-ray or in the cardiopulmonary function tests for many years.

i.     The time when objective symptoms or impairment to the pulmonary system caused by asbestos inhalation manifest themselves depends on many factors.

j     The hazards of asbestos exposure to human health, including cardio-pulmonary impairment and death, have been known for over 70 years.

k.     By the mid -1920's, it was generally recognized that asbestos inhalation causes asbestosis and that asbestos inhalation could and did cause disability and death.

l.      Medical reports associating inhalation and lung cancer were first published in the 1930's and the existence of a probable etiological relationship between asbestos and lung cancer was accepted by the medical profession of the U.S. by 1949.

m.      Lung infections and other respiratory diseases may be facilitated in the persons with asbestosis and can also result in disability and death.

n.      Asbestosis and other asbestos-caused diseases may develop in anyone who is exposed to asbestos fibers and it is not restricted to any special occupational group which may directly handle asbestos fibers or products containing asbestos fibers.

o.      Based upon the medical and scientific information available, asbestos manufacturers had sufficient basis for issuing a warning to consumers and users of asbestos of the aforesaid health hazards by the early 1930's.  British laws strictly regulating its use were enacted in 1931.

The basis for Dr. Scheper's opinions are his personal observations, readings, employment, and experiences throughout his career, including employment in South African Pneumoconiosis Bureau and its predecessor, Broeaerk during the period of 1944 tp 1954, his work at the New York University Institute of Industrial Medicine in 1949 and 1950, his directorship at the Saranac Laboratory, Saranac Lake, New York, his review of the work done by Drs. Gardner, Vorwald, Lanza and others during 1933 to 1958 at the Saranac Laboratory and elsewhere, his visits to various asbestos-producing mines, mills or factories in South Africa, Canada and the U.S., his discussions with certain insurance company medical staff and representatives concerned with asbestos exposure, and with responsible scientists, doctors, corporate officials and employees of Johns-Manville, Owens-Illinois, and Owens-Corning, and other asbestos-product mining and manufacturing companies and QAMA and other asbestos industry organizations, personal examinations and study conducted both in South Africa and in the U.S. since the 1930's through the present time, his review of tissue sections of human victims of asbestosis and animals experimentally exposed to asbestos-containing aerosols, the detailed investigations of human medical cases submitted to him by asbestos companies, the review of slides and medical records in litigation including those of persons who were employed by Johns-Manville, his review of the relevant medical and scientific literature, his review of published and unpublished documents, records and correspondence known to asbestos industry and their insurance companies and trade associations, his physical and clinical examination of over 1,000 persons with asbestos-related disease in the Veterans Administration, his current laboratory work in the field of asbestos-related disease, and his attendance at many symposia, meetings, and lectures concerning asbestos-related disease.

Plaintiff's may rely upon the videotaped trial testimony of Dr. Schepers taken in the Snawder v. Owens-Illinois case in Jefferson Circuit Court, 1993.

**Dr. William Johnson**
2948 Foxhall Circle
Augusta GA 30907

Dr. Johnson will testify regarding the Defendant, Pittsburgh Corning's asbestos-containing products. His testimony will be consistent with the video-taped deposition taken in all cases in Kentucky on August 11, 1993, and August 24, 1993.

**Dr. Frank Slesnick**
Professor of Economics
Bellarmine College
Louisville, KY

Dr. Slesnick is an economist at Bellarmine College. Dr. Slesnick may be called to testify regarding his evaluation of Plaintiff's lost wages, lost social security, lost pension, homemaker losses and other economic losses that Plaintiff has incurred or will incur due to his inability to labor and earn money. Dr. Slesnick may write a report regarding his findings and this report will be provided.

**Dr. R. Leonard Vance, Ph.D.**
Department of Preventive Medicine
Medical College of Virginia
Virginia Commonwealth University
Richmond, VA

Dr. Vance is a certified industrial hygienist and will testify regarding his review and testing of Garlock gaskets. Dr. Vance will testify that, based upon his experiment, asbestos fibers in the Garlock gaskets are capable of being released into the air and are capable of being inhaled. (Plaintiff's counsel has previously provided to Garlock's counsel Dr. Vance's CV and reports regarding his experiments and tests). Plaintiff will utilize the videotape wherein Dr. Vance conducted his experiment using the glove-box. If Dr. Vance is unable to testify live at this trial, Plaintiff may read portions of Dr. Vance's deposition taken in <u>Vennie Davenport, Executrix of the Estate of Gregory Davenport v. Raymark</u>, in the United States District Court for the Eastern District of Virginia, Newport News Division on April 24, 1988. Furthermore, plaintiff may read portions of Dr. Vance's testimony taken in the <u>Robert Fiedler, Executor of the Estate of the Irene Fiedler, Deceased v. H.K. Porter</u>, in the United States District Court for the Eastern District of Virginia, Newport News Division on March 22, 1988. Furthermore, plaintiff may portions of Dr. Vance's testimony taken in <u>Catherine Simon, Executrix of the Estate of John Simon, Deceased</u> in the Court of Common Pleas, Delaware County, PA, Civil Division on February 28, 1995.

**Arnold L. Brody, Ph.D**
The School of Medicine
Tulane University
Department of Pathology
1430 Tulane Avenue
New Orleans, LA 70112

Dr. Brody may testify as an expert on microscopy, the physiology of the lung, and

pulmonary disease. He will testify about his research into the initiation of the lung disease. He will testify about the basic biological mechanisms through which inhaled materials, particularly asbestos, cause lung disease. He will testify regarding his research into the effects of asbestos on animals, including the timing of the initiation of proliferation lesions to the onset of cancer. Dr. Brody's testimony will include the risk of peak exposure to asbestos, and the pathobiological responses to individual fibers of asbestos. His testimony will be consistent with, though not necessarily limited to, his testimony given by video deposition on September 29, 1989, in Mt. Lebanon School District v. W.R. Grace and Co., Civil A\ Division, No. GD 83-13683 or No. GD 83-13686, Court of Common Pleas of Allegheny County, (PA).

Additionally, Dr. Brody will testify regarding the diagnosis of asbestos related disease, the prognosis of asbestos related disease, the increased risk of cancer and other disease processes related to asbestosis. Dr. Brody will testify that every exposure is causative of disease, that all types of fibers cause disease and that one does not need to have asbestosis prior to contracting lung cancer.

### Kathryn B. Sturgis

Kathryn B. Sturgis - testimony dated 09/17-21/79, 09/24-27/79, 10/04-05/79, 10/08-09/79 (by video tape) - Albert v. Johns-Manville Corp., et al., Court of Common Pleas, Philadelphia County, No. 88(1-80-82-118).

### Dr. Raja Abouzaki

Deposition testimony dated 3-22-88 In Re: Fielder v. H.K. Porter, USDC EDVA, Newport News Division, Civil Action No. 87-163NN. Dr. Abouzaki's testimony will be that asbestos-containing products manufactured by Garlock created inhalable dust in their normal intended use. Plaintiff may introduce Dr. Abouzaki's CV and reports regarding his experiments

### Dr. Richard Longo

Plaintiff may use the videotape testimony of Dr. Longo from previous litigation. Dr. Longo's opinions will be consistent with his recent testimony in Boyd Circuit Court.

### Roy Whittaker — Garlock employee

Plaintiff may introduce portions of the Roy Whittaker deposition taken in the case styled Richard Jackson v. Owens Corning et al, in the District Court of Harris County, Texas, 333rd Judicial District, No. 87-3706, dated April 17, 1996. Plaintiff may introduce the exhibits produced by Garlock at this deposition. Plaintiff attaches an exhibit list which includes Exhibit Nos. 1-61. In addition, plaintiff may introduce portions of the Roy Whittaker deposition taken on January 14, 1998 in the Circuit Court of Monogalia County, West Virginia or portions of the trial testimony of Roy Whittaker taken December 6, 1995 in the case styled Casimir Balonis v. Anchor Packing Co., et al, in the Circuit Court for Baltimore City, No. 95261701.

23. **SMOKING AND TOBACCO USE:**

A. EVER SMOKE CIGARETTES?  Yes. 1942 to 1997

B. STILL SMOKE?  No.

DESCRIBE ANY OTHER TOBACCO USE:  None.

C. HAS ANY PHYSICIAN EVER ADVISED YOU TO QUIT SMOKING?

EVER SEEN WARNINGS OR CAUTIONS ON CIGARETTE PACKS: Yes

DATE FIRST REMEMBERED SEEING: Unknown.

24. **MEDICAL:**

LIST ALL DOCTORS ND HOSPITALS (INCLUDE CO., DRS., ROUTINE PHYSICALS, HOSPITALIZATIONS, ETC, ETC.):

| NAME & ADDRESS | DATE | REASON |
|---|---|---|
| St. Joseph Hospital | | Back |
| Mayo Clinic | | Back |
| Humana Suburban | | Kidney Stone, bladder cancer |
| Baptist East | | Hemerroid |
| Jewish Hospital | 1998 | Lung Cancer |
| Methodist Hospital | 1980's | |

25. **EVER MISSED WORK DUE TO INJURY OR ILLNESS:**

Yes- Back, kidney stones, bladder cancer, lungs

26. **OTHER INJURIES OR ILLNESS NOT LISTED ABOVE:**   No.

27. **SCREENINGS OR OTHER EXAMS FOR ASBESTOS OR OTHER LUNG DISEASE:**   Plaintiff had x-rays taken on May 8, 1998 in Louisville, KY.

# WORK HISTORY

Plaintiff, Raymond Hall, worked as a plumber from 1951 to 1994. During the course of his career he worked at numerous jobsites including the following:

Ashland Oil, Ashland, KY
Louisville Water Co., Louisville, KY
Philip Morris, Louisville, KY
Rohm & Haas, Louisville, KY
University of Louisville, KY
International Harvester, Louisville , KY
General Electric, Louisville, KY
Ford Motor Plant, Louisville, KY
St. Joseph's Hospital, Louisville, KY
Jewish Hospital, Louisville, KY
Kings Daughter Hospital, Shelbyville, KY

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      All Federal and State tax returns or work sheets or associated from such as W-2 Forms

for the past 10 years.

**RESPONSE:** Will be provided upon receipt.

2.      All documents containing information relating to any special damages Plaintiff is

claiming in his suit.

**RESPONSE:** None in Plaintiff possession.

3.      All documents containing information relating to Plaintiff's work history, specifically

including, but not limited to, jobs, projects, or other circumstances in which it is claimed that

Plaintiff was exposed to asbestos.

**RESPONSE:** Plaintiff has attached social security printout.

4.      All documents containing information relating to any alleged exposure to Plaintiff to

11

asbestos or asbestos products, specifically including, but not limited to, documents with any information on dates of exposure, circumstances, extent or duration of exposure, or particular asbestos products.

    **RESPONSE:** None

5.    All documents containing information relating to Plaintiff's medical history, specifically including, but not limited to, all doctor or hospital reports, summaries, test results, or other records of any kind, including autopsy reports.

    **RESPONSE:** Attached.

6.    All x-rays of Plaintiff.

    **RESPONSE:** Plaintiff's counsel will provide all x-rays in their possession upon request.

7.    Any social security administration printouts or other work records.

    **RESPONSE:** Attached.

8.    All documents relating to any benefits or claims for benefits described in Interrogatory No. 3.

    **RESPONSE:** None

9.    All documents referred to in preparing the answer to the foregoing interrogatories.

    **RESPONSE:** Attached

10.    Any death certificate concerning Plaintiff.

    **RESPONSE:** N/A

Respectfully submitted,

Kenneth L. Sales
William R. Kenealy
Joseph D. Satterley
2100 Waterfront Plaza
325 West Main Street
Louisville, KY 40202
**COUNSEL FOR PLAINTIFFS**

13

## VERIFICATION

I, **Raymond Hall,** state that I am the Plaintiff in the foregoing Answers to General

Interrogatories and Response to Request for Production of Documents and that the statements

contained therein are true to the best of my knowledge and belief.

_____
**RAYMOND HALL**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Raymond Hall this 30 day of September, 1999.

My commission expires: _____

Notary Public, State at Large, KY
My Commission Expires June 21, 2000

_____
**NOTARY PUBLIC, STATE AT LARGE**

13

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Answers to Interrogatories and Request for Production of Documents was this 28th day of October, 1999, mailed to all counsel of record per the attached Service List.

COUNSEL FOR PLAINTIFFS

**Raymond Hall**
**Service List**

Craig R. Banford
**Huddleston, Bolen, Beatty, Porter & Copen**
P.O. Box 2185
Huntington, WV 25722-2185
*Counsel for Defendant:*
*A.P. Green Industries, Inc.*

Christopher D. Lee
Robert F. Barron II
**Kahn, Dees, Donovan & Kahn**
P.O. Box 3646
305 Federal Union Building
501 Main Street
Evansville, IN 47735
(812)423-3183
*Counsel for Defendant:*
*Combustion Engineering, Inc.*

Thomas Speckman
**Speckman & Hoback**
2330 Citizens Plaza
Louisville, Kentucky 40202
(502)587-1500
*Counsel for Foster Wheeler*

Donald K. Brown
John L. Dotson
Peter D. Palmer
**O'Bryan, Brown & Toner**
1500 Starks Building
Louisville, Kentucky 40202
(502)585-4700
*Counsel for Owens Corning*

Harry K. Herren
**Woodward, Hobson & Fulton**
2500 National City Tower
Louisville, Kentucky 40202
(502)581-8000
*Counsel for Met Life*

Sheila L. Birnbaum
Peter J. McKenna
**Skadden, Arps, Slate, Meagher & Flom**
919 Third Avenue
New York, NY 10022
*Counsel for Met Life*

J. Bruce Welch
Stephen Bowers
**Hawkins & Parnell, LLP**
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3242
(404) 614-7400
*Counsel for Defendants:*
*Armstrong World Industries, Inc.*
*GAF Corporation*
*United States Gypsum Company*

Frank B. Hilliard, Esq.
380 Starks Building
455 South Fourth Avenue
Louisville, KY 40202
*Counsel for Defendants:*
*Armstrong World Industries, Inc.*
*GAF Corporation*
*United States Gypsum*

John B. Moore
**Phillips, Parker, Orberson & Moore**
716 West Main Street, Suite 300
Louisville, KY 40202
*Counsel for Defendants:*
*W.R. Grace & Co. - Conn.*
*Owens-Illinois, Inc.*

M. Denise Moretz
**Woolf, McClane, Bright,**
  **Allen & Carpenter**
900 S. Gay Street, Suite 900
Knoxville, TN 37902
*Counsel for Defendants:*
*Owens-Illinois, Inc.*

Scott T. Dickens
Dustin E. Meek
**Tachau, Maddox & Hovious**
200 South Fifth Street
Suite 200 North
First Trust Center
Louisville, KY 40202-3200
*Counsel for Defendants:*
*General Electric Company*

Albert F. Grasch, Jr., Esq.
302 West High Street
Lexington, KY 40507
*Counsel for Defendant:*
*CBS Corporation f/k/a Westinghouse*
*Electric Corporation*

James Gary
**Weber & Rose**
2700 Aegon Center
400 West Market Street
Louisville, KY 40202
*Counsel for Defendant:*
*Pittsburgh Corning Corporation*

John K. Gordinier
**Pedley, Zielke, Gordinier & Pence**
1150 Starks Building
455 South Fourth Avenue
Louisville, KY 40202
*Counsel for Defendant:*
*Garlock, Inc.*

Robert C. Ewald
**WYATT, TARRANT & COMBS**
2600 Citizens Plaza
Louisville, KY 40202
*Counsel for Defendant:*
*Rapid American*

Armer H. Mahan, Jr.
Joseph P. Hummel
**LYNCH, COX, GILMAN & MAHAN**
500 Meidinger Tower
Louisville, KY 40202
*Counsel for Defendant:*
*Cardinal Industrial Insulation Co., Inc.*

## RICHARD B. LEVINE, M.D.

*Practice Limited to Radiology*

304 Dogwood Lane
Elkins Park, PA 19027
(215) 884-1523

5/9/98


RE:   HALL, RAY  #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


CHEST:
The chest in two projections demonstrates the trachea,
mediastinal structures and cardiac silhouette to be intact.
No mass is observed within the lungs.  There is definite
bilateral interstitial fibrosis noted in the mid and lower
lung zones with irregular linear interstitial markings
delineated.  These findings are indicative of previous
occupational exposure to asbestos diagnostic of asbestosis.
No pleural plaque, calcified plaque, pleural thickening
or hemidiaphragmatic plaque is observed.  The ILO classi-
fication is consistent with T-S, 1-0.



SUMMARY:
Interstitial fibrosis at the lung bases indicating previous
occupational exposure to asbestos dust diagnostic of asbestosis.
The ILO classification is consistent with T-S, 1-0.


RICHARD B. LEVINE, M.D.
RBL/fph
5/19/98

APSR 135087

| | | |
|---|---|---|
| **Department**<br>of<br>**Pathology**<br>(502) 587-4330<br>(502) 587-4161 Fax | **JEWISH HOSPITAL**<br>**217 East Chestnut Street**<br>**Louisville, Kentucky 40202**<br>------ **PATHOLOGY REPORT** ------ | **Pathologists:**<br>**Lynn Ogden MD**<br>**Frank Serratoni MD**<br>**Lawrence Boram MD**<br>**Carolyn Burns MD** |

Micro.Path: LYNN L. OGDEN M.D.
Surgeon:    VAN DAALEN, JAMES M., M.D.
Attend.Phy:

      VAN DAALEN, JAMES M., M.D.
      4402 Churchman Ave ste 205
      LOUISVILLE, KY    40215

Patient: HALL, RAYMOND A

| | |
|---|---|
| Path.# | 98-S-06239 |
| Hosp.#: | 183355115985 |
| Med.Rec.#: | 833551 |
| Age:  64 | Sex: M |
| Printed: | 06/09/1998 |
| Service Dt: | 06/08/1998 |
| Report Dt: | 06/09/1998 |
| Location: | 076302 |

--------------------------------------------------------------------

Specimen:
---------

| | | |
|---|---|---|
| 1 | T28000 | WEDGE RT UPPER LOBE |
| 2 | T28000 | RT UPPER LOBE |
| 3 | T28000 | RT. PARATRACHEAL CHAIN |

CLINICAL HISTORY:  Smoker with remote history of renal cell
carcinoma now presents with lung tumor.
CLINICAL DIAGNOSIS:  Lung tumor.

GROSS DESCRIPTION: Specimen (1):  The specimen is submitted as
"wedge of upper lobe of the right lung".  The specimen is
approximately 5 x 3 x 2.  The pleura is deeply dimpled and, at
that site, indurated.  Underlying this is a 2 x 1.5 x 1.5 cm
gray, firm mass that is very close to the line of resection.
Frozen section is interpreted as NON-SMALL CELL CARCINOMA, FAVOR
ADENOCARCINOMA, DOES NOT APPEAR TO BE RENAL CELL CARCINOMA.
Representative sections are submitted.
Specimen (2) is submitted as "additional margin from the right
upper lobe".  This is a 5 x 3 x 2 cm fragment of tissue with a
stapled closure margin.  A frozen section made from part of this
shows no residual tumor.  The rest of the tissue is sectioned at
appropriate intervals and submitted.
Specimen (3) is submitted as "right paratracheal lymph node".  It
consists of some anthracotic lymph node tissue and some fat.  The
predominantly nodal tissue is submitted in one block and all of
the rest of the tissue is submitted in a separate block.
LO/jsh/MS/6/8/98
Total Blocks Submitted: 9

In-House Consult____
--------------------------------------------------------------------
--------------------------------------------------------------------
:::EOR

APSR 135087
Department
of
Pathology
(502) 587-4330
(502) 587-4161 Fax

**JEWISH HOSPITAL**
**217 East Chestnut Street**
**Louisville, Kentucky 40202**

------ **PATHOLOGY REPORT** ------

**Pathologists:**
**Lynn Ogden MD**
**Frank Serratoni MD**
**Lawrence Boram MD**
**Carolyn Burns MD**

Micro.Path: LYNN L. OGDEN M.D.
Surgeon:    VAN DAALEN, JAMES M., M.D.
Attend.Phy:

Patient: HALL, RAYMOND A

VAN DAALEN, JAMES M., M.D.
4402 Churchman Ave ste 205
LOUISVILLE, KY   40215

| | |
|---|---|
| Path.# | 98-S-06239 |
| Hosp.#: | 183355115985 |
| Med.Rec.#: | 833551 |
| Age: 64 | Sex: M |
| Printed: | 06/09/1998 |
| Service Dt: | 06/08/1998 |
| Report Dt: | 06/09/1998 |
| Location: | 076302 |

------------------------------------------------------------------------

MICROSCOPIC DESCRIPTION: Specimen (1) The frozen section control
shows the tumor.  At the margins of the tumor small fragments are
lying free in alveolar spaces.  The tumor is a poorly
differentiated adenocarcinoma with areas of necrosis.  The glands
are better formed in some areas than others.  There is emphysema
in some fibrosis in the surrounding lung tissue.
Specimen (2) The additional resection margin shows emphysematous
lung.  Occasional small lymphocytic nodules are present and there
are many macrophages with yellowish-brown cytoplasm in some of
the alveolar spaces.  Neither the frozen section nor any of the
rest of the tissue has any fragments of carcinoma.
Specimen (3) is lymph node tissue with multiple small partly
calcified old granulomas.  These are all inactive.  There are
brownish macrophages in some of the cytoplasm.  In one section of
tissue there is some striated muscle and a small benign lymph
node.  No metastatic tumor is found.  (LO/kh) Dictated 6/9/98

IMPRESSION:

[1]  MODERATELY DIFFERENTIATED ADENOCARCINOMA IN WEDGE RESECTION
     OF THE UPPER LOBE OF THE RIGHT LUNG

[2]  EMPHYSEMA AND FIBROSIS BUT NO RESIDUAL CARCINOMA IN
     ADDITIONAL MARGIN FROM THE RESECTED AREA OF THE UPPER LOBE
     OF THE RIGHT LUNG

[3]  OLD PARTIALLY CALCIFIED INACTIVE GRANULOMAS IN RIGHT
     PARATRACHEAL NODES WITH NO METASTATIC CARCINOMA

In-House Consult____
------------------------------------------------------------------------
98-S-06239                    PATHOLOGY REPORT                  Page : 2
------------------------------------------------------------------------
:::EOR

APSR  135087
**Department
of
Pathology**
**(502) 587-4330**
**(502) 587-4161 Fax**

**JEWISH HOSPITAL**
**217 East Chestnut Street**
**Louisville, Kentucky 40202**

------ **PATHOLOGY REPORT** ------

**Pathologists:**
**Lynn Ogden MD**
**Frank Serratoni MD**
**Lawrence Boram MD**
**Carolyn Burns MD**

Micro.Path: LYNN L. OGDEN M.D.
Surgeon:    VAN DAALEN, JAMES M., M.D.
Attend.Phy:

    VAN DAALEN, JAMES M., M.D.
    4402 Churchman Ave ste 205
    LOUISVILLE, KY   40215

Patient: HALL, RAYMOND A

| | |
|---|---|
| Path.# | 98-S-06239 |
| Hosp.#: | 183355115985 |
| Med.Rec.#: | 833551 |
| Age:  64 | Sex: M |
| Printed: | 06/09/1998 |
| Service Dt: | 06/08/1998 |
| Report Dt: | 06/09/1998 |
| Location: | 076302 |

--------------------------------------------------------------------

       LYNN L. OGDEN M.D.

In-House Consult____
--------------------------------------------------------------------
98-S-06239                   PATHOLOGY REPORT                 Page :  3
--------------------------------------------------------------------
:::EOR

**JEWISH HOSPITAL**
**217 E. Chestnut Street**
**Louisville, Kentucky 40202**

183355115985
HALL, RAYMOND A  833551                                    ROOM: 076302


DATE OF PROCEDURE: 06/08/98
SURGEON:          JAMES M. VAN DAALEN, M.D.


PREOPERATIVE DIAGNOSIS:        Right lung mass.

POSTOPERATIVE DIAGNOSIS:       Adenocarcinoma, right lung.

PROCEDURE PERFORMED:           1.  Re-do right thoracotomy.
                               2.  Wedge resection, right upper lobe
                                   mass.
                               3.  Mediastinal lymphadenectomy.

SURGEON:  James M. Van Daalen, M.D.

ASSISTANT:  Dr. Sharma.

INDICATIONS FOR PROCEDURE:  This gentleman has a peripheral right
lung mass.  It has shown some suggestion of enlargement on serial CT
scan.  The patient had had previous resection of a right upper lobe
mass several years ago for what proved to be granulomas secondary to
Mycobacterium kansasii.  He has had waxing and waning nodules over
the years, and there was initial concern on his part that this might
represent merely recurrence of his kansasii.  The patient also has a
distant previous history of renal cell carcinoma and is a heavy
smoker, and neoplasm is not ruled out.  With the enlargement on
x-ray, the patient has agreed to resection.

PROCEDURE:  After adequate general anesthesia, a double-lumen
endobronchial tube was placed.  Its position was confirmed by
bronchoscopy on auscultation.  The patient was then positioned right
side up and prepped with Betadine and draped in a sterile fashion.
The chest was entered through the previous skin incision.  The
latissimus was divided.  The serratus aponeurosis was released and
the serratus was retracted anteriorly.  In order to avoid going
through the dense scar of the previous thoracotomy, the chest was
entered through the fourth interspace.  The lung was deflated by the
anesthetist.  A portion of trapezius and rhomboid were resected to
allow a more posterior approach.  The adhesions to the upper lobe
were taken down.  There were dense adhesions of middle lobe and

**JEWISH HOSPITAL**
**217 E. Chestnut Street**
**Louisville, Kentucky 40202**

Page 2

HALL, RAYMOND A          833551          ROOM: 076302

superior segment lower lobe to the old thoracotomy incision.  These
proved exceedingly difficult to release and were left in place.  The
peripheral nodule was palpable in the lateral portion of the right
upper lobe near the previous staple line.  It was subpleural.  It was
resected using an RL-60 stapler.  Frozen section evaluation
demonstrated adenocarcinoma.  The margin was difficult to determine,
so an additional portion of lung was resected as "margin".

Because of the patient's previous lung resection and extensive COPD,
it was felt that a wedge resection with adequate margins would be a
preferable cancer operation for this gentleman as opposed to
lobectomy.  The right paratracheal lymph node chain was then
dissected out down to the azygos node and sent as a permanent
specimen.  The thorax was irrigated with antibiotic-containing
saline.  The staple lines were rechecked.  The staple lines were
without leaks.  There were several peripheral leaks where the lung
had been dissected away from chest wall.  Hemostasis was adequate.  A
#28 chest tube was placed and secured with silk suture.  The incision
was closed with interrupted #2 Vicryl pericostal sutures.  The lung
was reinflated.  The serratus aponeurosis and latissimus fascia were
each closed with running 0 Vicryl sutures.  The rhomboid and
trapezius were also reapproximated.  Scarpa's fascia was closed with
a 3-0 Vicryl suture and the skin was closed with skin staples.  The
procedure was terminated.  The patient tolerated the procedure well
and was taken to the recovery area, extubated and breathing
spontaneously.

SPECIMENS FOR PATHOLOGY:
1.  Wedge resection, right upper lobe mass.
2.  Resection of "margin".
3.  Right paratracheal N-2 lymph nodes.


Job#: 1835

**JEWISH HOSPITAL**
**217 E. Chestnut Street**
**Louisville, Kentucky 40202**

Page 3

HALL, RAYMOND A        833551        ROOM: 076302

JAMES M. VAN DAALEN, M.D.

TR:
DD:  06/08/98 11:46
DT:  06/08/98 01:59 p
cc:  DR. SHARMA
     HAROLD D. HALLER, M.D.

**JEWISH HOSPITAL**
**217 E. Chestnut Street**
**Louisville, Kentucky 40202**

HALL, RAYMOND A   833551                    ROOM:
183355115985

DATE OF ADMISSION:  06/08/98        DATE OF DISCHARGE:  06/16/98

DIAGNOSES:
1.  Adenocarcinoma, right upper lobe of the lung.
2.  Effusion, right knee, pseudogout.
3.  History of Mycobacterium kansasii.

OPERATIVE PROCEDURES:
1.  Re-op thoracotomy with wedge resection, right upper lobe and
    medial lymphadenectomy on 6/8/98

HISTORY:  This gentleman is status post previous thoracotomy for
right lung nodule which proved to be granulomatous disease due to
Mycobacterium kansasii.  He has since developed a new nodule which is
slowly increasing in size and is suspicious for malignancy.  The
patient has pre-existing COPD and previous lung resection.  At to
time of admission, the patient also had a 1-2 day history of a
painful right knee effusion.

HOSPITAL COURSE:  The patient was taken to the operating room.  The
right upper lobe nodule was identified as adenocarcinoma.  This was a
re-op thoracotomy with a compromised patient and a generous wedge
resection was considered the most appropriate operation.  He also had
staging thoracic lymphadenectomy.  His final stage was T1N0M0,
moderately differentiated adenocarcinoma.  Post-operatively, the
patient did well.  Orthopedic consultation was obtained for his knee.
It was their impression that this was likely pseudogout and the
effusion resolved on its own.  He was given a short course of
Indocin.  The Indocin was stopped after a couple of days because of
nausea and vomiting.  His leg aches stopped on the fourth
post-operative day and his chest tube was removed on the seventh
post-operative day.  The patient was weaned from his oxygen and was
discharged on the eighth post-operative day.

CONDITION ON DISCHARGE:  Improved.  The patient was given discharge
instructions and  prescription for Tylox.  He was given wound care
and activity restrictions and will be followed up in the office.

Job#: 4385

**DISCHARGE SUMMARY**

**JEWISH HOSPITAL**
**217 E. Chestnut Street**
**Louisville, Kentucky 40202**

Page 2
HALL, RAYMOND A    833551                                    ROOM:


JAMES M. VAN DAALEN, M.D.

TR:
DD:   06/16/98 07:44
DT:   06/16/98 10:11 a                    **Electronically signed by:**
      Harold D. Haller, M.D.             **Van Daalen, James - 135087**


**DISCHARGE SUMMARY**

```
SSA-1826           ITEMIZED STATEMENT OF EARNINGS        JOB:
VERSION 1984.002 * * *    FOR SSN 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     * * *


FROM:  SOCIAL SECURITY ADMINISTRATION
       OFFICE OF CENTRAL RECORDS OPERATIONS
       BALTIMORE, MARYLAND  21235-0000


JOSEPH D SATTERLEY ESQ            NUMBER HOLDER NAME:
                                  RAYMOND A HALL
2100 WATERRONT PLAZA

325 W MAIN ST
LOUISVILLE          KY  40202
```

PERIOD REQUESTED   JANUARY 1951  THRU  DECEMBER 1995

| YEAR | JAN - MARCH | APRIL - JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|--------------|-------------|-----------|-------|

EMPLOYER NUMBER:  61-0461009
BUECHEL PLUMBING COMPANY
P.O. BOX 14
BUECHEL, KY.

| 1951 | | | 406.30 | 525.00 $ | 931.30 |
|------|--|--|--------|----------|--------|

EMPLOYER NUMBER:  61-0474298
PRESTON HIGHWAY PLUMBING AND HEATING
OKOLONA, CO.

| 1953 | 1,053.00 | | | $ | 1,053.00 |
|------|----------|--|--|---|----------|

EMPLOYER NUMBER:  61-0414808
PRESTON HIGHWAY PLUMBING COMPANY
OKOLONA, CO.

| 1953 | | 240.00 | 1,089.00 | 969.75 $ | 2,298.75 |
|------|--|--------|----------|----------|----------|

EMPLOYER NUMBER:  61-0479112
PRESTON HIGHWAY PLUMBING AND HEATING
OKOLONA, CO.

| 1953 | | 823.00 | | $ | 823.00 |
|------|--|--------|--|---|--------|

```
SSA-1826                ITEMIZED STATEMENT OF EARNINGS            JOB:
VERSION 1984.002 * * *     FOR SSN 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        * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|---|---|---|---|---|---|---|

```
EMPLOYER NUMBER:  61-0478696
WALTER W BENZ
TA BENZ PLUMBING & HEATING
ROUTE 2 BOX 58
FAIRDALE  KY 40118-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|---|---|---|---|---|---|---|
| 1954 | | 144.97 | 904.64 | 549.26 | $ | 1,598.87 |
| 1955 | 751.13 | 1,393.63 | 1,576.60 | 1,684.56 | $ | 5,405.92 |
| 1956 | 1,430.93 | 1,720.85 | 1,048.22 | | $ | 4,200.00 |

```
EMPLOYER NUMBER:  61-0411216
RAYMOND K BLEVINS
RR 7 BOX 587
LOU JEFF KY 00000-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|---|---|---|---|---|---|---|
| 1954 | | | | 192.40 | $ | 192.40 |

```
EMPLOYER NUMBER:  61-0318435
B J REID
1627 W MARKET ST
LOUISVILLE  KY 40203-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|---|---|---|---|---|---|---|
| 1956 | | | | 709.50 | $ | 709.50 |
| 1957 | 1,278.75 | 625.35 | 1,619.40 | | $ | 3,523.50 |

```
EMPLOYER NUMBER:  61-0403472
FRANCIS L HAGAN
4724 PINEWOOD RD
LOUISVILLE  KY 40218-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|---|---|---|---|---|---|---|
| 1957 | | | 44.85 | 1,589.58 | $ | 1,634.43 |
| 1958 | 938.40 | 1,762.28 | 1,499.32 | | $ | 4,200.00 |
| 1959 | 1,647.20 | 2,010.80 | 1,142.00 | | $ | 4,800.00 |
| 1960 | 1,755.00 | 1,890.00 | 1,155.00 | | $ | 4,800.00 |
| 1961 | 1,927.80 | 1,923.25 | 948.95 | | $ | 4,800.00 |
| 1962 | 1,595.70 | 2,300.40 | 903.90 | | $ | 4,800.00 |
| 1963 | 1,437.75 | 2,008.80 | 259.20 | | $ | 3,705.75 |
| 1964 | | 951.20 | 131.20 | | $ | 1,082.40 |

PAGE 002

```
SSA-1826           ITEMIZED STATEMENT OF EARNINGS        JOB:
VERSION 1984.002 * * *      FOR SSN 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      * * *
```

| YEAR | JAN - MARCH | APRIL - JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|------------|-------------|-------------|-----------|---|-------|

```
EMPLOYER NUMBER:  61-0424738
WARD ENGINEERING CO INC
1353 S SEVENTH ST
LOUISVILLE KY 40208-2259
```

| 1965 | 1,464.19 | 1,170.85 | 875.84 | | $ | 3,510.88 |
| 1971 | | 3,224.00 | 1,364.00 | | $ | 4,588.00 |

```
EMPLOYER NUMBER:  61-0566668
STEVENS ENGINEERING CO INC
STEVENS ENGINEERING CO
811 PHILLIPS LANE PO BOX 21219
LOUISVILLE KY 40209-0000
```

| 1965 | | 750.26 | | | $ | 750.26 |

```
EMPLOYER NUMBER:  61-0650896
JOHN L ZEHNDER JR
JOHN L ZEHNDER COMPANY
842 BARRET AVENUE
LOUISVILLE KY 40204-0000
```

| 1965 | | | 1,124.70 | 3,039.00 | $ | 4,163.70 |

```
EMPLOYER NUMBER:  61-0484144
JAMES E SMITH & SONS INC
PO BOX 32 516 1812 CARGO CT
LOUISVILLE KY 40201-0000
```

| 1966 | 693.12 | | | | $ | 693.12 |
| 1968 | | | | 587.60 | $ | 587.60 |
| 1969 | 2,475.40 | 1,158.58 | | | $ | 3,633.98 |
| 1972 | | 2,129.14 | 3,720.66 | 3,150.20 | $ | 9,000.00 |
| 1973 | 3,652.74 | 2,426.24 | | | $ | 6,078.98 |
| 1981 | - | - | - | - | $ | 3,763.04 |

PAGE 003

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS        JOB:
VERSION 1984.002 * * *     FOR SSN 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      * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-------|

EMPLOYER NUMBER:  61-0654931
JOHN L ZEHNDER COMPANY
4604 JENNINGS LN
LOUISVILLE KY 40218-2924

| Year | JAN-MARCH | APRIL-JUNE | JULY-SEPT | OCT-DEC | | TOTAL |
|------|-----------|------------|-----------|---------|---|-------|
| 1966 | 1,393.17 | 3,422.51 | 1,784.32 | | $ | 6,600.00 |
| 1967 | 2,020.56 | 2,371.08 | 2,208.36 | | $ | 6,600.00 |
| 1968 | 466.31 | | | | $ | 466.31 |
| 1969 | | 1,403.60 | 2,711.92 | | $ | 4,115.52 |

EMPLOYER NUMBER:  61-0562237
SME OF KENTUCKY INC
757 GRADE LN
LOUISVILLE  KY 40213-2668

| Year | JAN-MARCH | APRIL-JUNE | JULY-SEPT | OCT-DEC | | TOTAL |
|------|-----------|------------|-----------|---------|---|-------|
| 1968 | 1,269.76 | 2,380.80 | 2,465.34 | 1,684.10 | $ | 7,800.00 |
| 1971 | | | 1,178.00 | 4,049.50 | $ | 5,227.50 |
| 1972 | 620.64 | | | | $ | 620.64 |
| 1985 | - | - | - | - | $ | 2,666.64 |
| 1986 | - | - | - | - | $ | 14,338.94 |

EMPLOYER NUMBER:  35-1132000
BASCO MECHANICAL CONTRACTORS INC
P O BOX 76
NEW ALBANY IN 47150-0000

| Year | JAN-MARCH | APRIL-JUNE | JULY-SEPT | OCT-DEC | | TOTAL |
|------|-----------|------------|-----------|---------|---|-------|
| 1969 | | | 441.60 | 3,180.90 | $ | 3,622.50 |
| 1970 | 2,946.30 | 2,980.80 | 1,872.90 | | $ | 7,800.00 |
| 1971 | 1,072.00 | | | | $ | 1,072.00 |

EMPLOYER NUMBER:  31-0196650
FLEET AEROSPACE INC & SUBSIDIARIES
1712 GERMANTOWN RD
MIDDLETOWN  OH 45042-1716

| Year | JAN-MARCH | APRIL-JUNE | JULY-SEPT | OCT-DEC | | TOTAL |
|------|-----------|------------|-----------|---------|---|-------|
| 1971 | 2,116.00 | | | | $ | 2,116.00 |

PAGE 004

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS          JOB:
VERSION 1984.002 * * *      FOR SSN 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        * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|

```
EMPLOYER NUMBER:  61-0702329
PINCKLEY MECHANICAL INC
958 S 3RD ST
LOUISVILLE  KY 40203-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1972 | 2,344.64 | 1,655.04 | | | $  3,999.68 |

```
EMPLOYER NUMBER:  61-0679888
SYSTEMS INCORPORATED
4643 PINEWOOD RD PO BOX 32455
LOUISVILLE  KY 40218-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1973 | | 454.92 | 535.20 | | $  990.12 |

```
EMPLOYER NUMBER:  34-4471196
BAY-CON CORP
BOX 2036 ANNEX
SANDUSKY  OH 44870-0000
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1973 | | | 3,084.92 | 4,406.08 | $  7,491.00 |
| 1974 | 5,263.20 | 5,056.80 | 412.80 | | $ 10,732.80 |

```
EMPLOYER NUMBER:  61-0441627
FLOYD SCHANZ PLUMBING &
 HEATING CO INC
PO BOX 6894
LOUISVILLE  KY 40206-0894
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1973 | | | 142.72 | | $  142.72 |

```
EMPLOYER NUMBER:  61-0657428
COLEMAN L WALTRIP CO INC
1136 S LOGAN ST
LOUISVILLE  KY 40204-2464
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | TOTAL |
|------|-------------|-------------|-------------|-----------|-------|
| 1974 | | | 2,862.72 | 4,363.36 | $  7,226.08 |
| 1975 | 4,743.00 | 4,748.72 | 4,608.28 | | $ 14,100.00 |
| 1976 | 5,296.20 | 5,005.20 | 4,714.18 | 284.42 | $ 15,300.00 |
| 1977 | 5,192.64 | 5,567.26 | 4,575.65 | 1,164.45 | $ 16,500.00 |

PAGE 005

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS          JOB:
VERSION 1984.002 * * *     FOR SSN 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      * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1978 | - | - | - | - | $ | 1,906.92 |

```
EMPLOYER NUMBER:  61-0732159
MARCUM MECHANICAL INC
PO BOX 37326
LOUISVILLE  KY 40233-7326
```

| | | | | | | |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1978 | - | - | - | - | $ | 12,773.44 |
| 1979 | - | - | - | - | $ | 11,478.16 |

```
EMPLOYER NUMBER:  95-2649048
BACK BAY FINANCIAL
3501 JAMBOREE RD STE 500
NEWPORT BEACH CA 92660-2944
```

| | | | | | | |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1979 | - | - | - | - | $ | 8,076.72 |
| 1980 | - | - | - | - | $ | 20,032.94 |

```
EMPLOYER NUMBER:  61-0718938
J ROY MATTINGLY MECHANICAL
 CONTRACTING CO
1176 INDUSTRIAL BLVD
LOUISVILLE  KY 40219-1804
```

| | | | | | | |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1981 | - | - | - | - | $ | 389.28 |

```
EMPLOYER NUMBER:  61-0910530
EDWARDS MECHANICAL INC
 5217 CHARMANE DR
4643 PINEWOOD RD
LOUISVILLE  KY 40218-2937
```

| | | | | | | |
|------|-------------|-------------|-------------|-----------|---|-------|
| 1982 | - | - | - | - | $ | 1,503.04 |
| 1983 | - | - | - | - | $ | 6,624.63 |
| 1984 | - | - | - | - | $ | 5,900.37 |
| 1985 | - | - | - | - | $ | 4,650.00 |

PAGE 006

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS          JOB:
VERSION 1984.002 * * *      FOR SSN 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      * * *
```

| YEAR | JAN - MARCH | APRIL -JUNE | JULY - SEPT | OCT - DEC | | TOTAL |
|------|-------------|-------------|-------------|-----------|---|------|

EMPLOYER NUMBER: 61-0988139
BALLARD MECHANICAL INC
1912 BARDSTOWN RD
LOUISVILLE KY 40205-1535

| 1982 | - | - | - | - | $ | 20,211.73 |

EMPLOYER NUMBER: 61-0924436
MECHANICAL CONTRACTING SALES &
  SERVICE INC
PO BOX 2812
LOUISVILLE KY 40201-2812

| 1984 | - | - | - | - | $ | 1,467.51 |

EMPLOYER NUMBER: 31-1051442
GEORGE E FERN CO
1100 GEST ST
CINCINNATI OH 45203-1114

| 1985 | - | - | - | - | $ | 223.25 |

EMPLOYER NUMBER: 61-0706894
PETE KOENIG CO
1400 HUGH AVE
LOUISVILLE KY 40213-1917

| 1985 | - | - | - | - | $ | 854.40 |

EMPLOYER NUMBER: 61-1024625
H & H MECHANICAL INC
412 WISTERIA AVE
LOUISVILLE KY 40222-4645

| 1985 | - | - | - | - | $ | 4,494.89 |
| 1986 | - | - | - | - | $ | 6,444.18 |

PAGE 007

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS        JOB:
VERSION 1984.002 * * *     FOR SSN 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      * * *


YEAR  JAN - MARCH  APRIL -JUNE  JULY - SEPT   OCT - DEC    TOTAL


EMPLOYER NUMBER:  61-1030042
WEST BRECK CORPORATION
119 W BRECKINRIDGE ST
LOUISVILLE  KY 40203-2217

1985       -           -           -           -       $      86.57

EMPLOYER NUMBER:  61-1064532
SCHARDEIN MECHANICAL CONTRACTORS
 INC
421 WABASSO AVE
LOUISVILLE  KY 40209-1528

1986       -           -           -           -       $   4,777.11
1987       -           -           -           -       $  33,772.13
1988       -           -           -           -       $  44,075.32
1989       -           -           -           -       $  41,036.58
1990       -           -           -           -       $  23,555.66
1991       -           -           -           -       $  38,724.27
1992       -           -           -           -       $  38,957.70
1993       -           -           -           -       $  44,262.41
1994       -           -           -           -       $  43,052.01
1995       -           -           -           -       $   1,190.89

EMPLOYER NUMBER:  61-0654982
PLUMBERS LOCAL 107 HEALTH AND ADMN
 FUND
1235 BARDSTOWN RD
LOUISVILLE  KY 40204-1303

1990       -           -           -           -       $     900.00
1991       -           -           -           -       $     150.00
1992       -           -           -           -       $     400.00
1994       -           -           -           -       $     364.29
```

THERE ARE NO OTHER EARNINGS RECORDED UNDER THIS SOCIAL SECURITY
NUMBER FOR THE PERIOD(S) REQUESTED.

EARNINGS FOR THE YEARS AFTER   1997 MAY NOT BE SHOWN, OR ONLY
PARTIALLY SHOWN, BECAUSE THEY MAY NOT YET BE ON OUR RECORDS.

PAGE 008 END

## MEDICAL AUTHORIZATION

## TO WHOMEVER THIS MEDICAL AUTHORIZATION SHALL BE PRESENTED:

You are hereby authorized to make available to the bearer of this Authorization such information as he may desire from you concerning _____ including copies of all medical records, such as diagnostic summary indexes, admission and discharge sheets, consent forms, discharge summaries, history and physical examinations, consultation reports, progress notes, X-rays, EKG, pathology, autopsy and operation reports, physician's orders, nurse's notes, graphics, tissue slides or samples, or any other medical information of any kind.

A photocopy of this Authorization shall be accepted by you in lieu of the original and shall carry the same authority and release of responsibility.

This Authorization allows for the production of documents but does not allow verbal discussions.

_Raymond A. Hall_
_____
**SIGNATURE**

**NAME (PRINT):** _Raymond Arthur Hall_

_405- 44- 2555_
_____
**SOCIAL SECURITY NUMBER**

_2- 25- 34_
_____
**DATE OF BIRTH**

_____
**DATE**

# AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

TO WHOM THIS AUTHORIZATION SHALL BE PRESENTED:

You are hereby authorized to make available to the bearer of this authorization any employment records of _____.

A photocopy of this authorization may be accepted by you in lieu of the original and shall carry the same authority and release of responsibility as the original.

No person or institution releasing information pursuant to this authorization nor any person making statements regarding the information shall be held responsible or liable in any way for the release of such information as authorized herein.

_Raymond A. Hale_
Signature

_2-25-34_
Date of Birth

_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_
Social Security Number

_____
Date of Signature

**COMBUSTION ENGINEERING, INC. AFFIDAVIT**
**AND**
**EMPLOYMENT HISTORY**

STATE OF KENTUCKY

COUNTY OF *Jefferson*

| | |
|---|---|
| **Plaintiff Firm:** Joseph D. Satterley | **Jurisdiction:** United States District Court |
| Sales, Tillman & Wallbaum | Louisville |
| 1900 Waterfront Plaza | |
| 325 West Main | |
| Louisville, Kentucky 40202 | |

**Plaintiff Name:** Raymond Hall

**Spouse Name:** Marjorie Hall

**Plaintiff Address:** 9341 Routt Road
Louisville, KY 40299

**DOB:** 02-25-34

**Social Security No:** 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

RAYMOND HALL, being duly sworn, makes oath as follows:

1. I have worked as a plumber.

2. I have been exposed to asbestos containing materials and have breathed air containing particles of dust arising from such materials from the years 1951 to the 1980's.

3. I have worked at one or more, but not limited to, the following job sites listed below, whereupon Combustion Engineering boilers and/or asbestos containing insulation products manufactured, sold or distributed by Combustion Engineering.

<u>**Landbased Jobsites**</u>                                                <u>**Dates( from/to)**</u>

Ashland Oil, Ashland, KY
Louisville Water Co., Louisville, KY
Philip Morris, Louisville, KY ✓ 5396
Rohm & Haas, Louisville, KY ✓ 5380
University of Louisville, KY
International Harvester, Louisville, KY ✓ 78

General Electric, Louisville, KY
Ford Motor Plant, Louisville, KY
St. Joseph Hospital, Louisville, KY
Jewish Hospital, Louisville, KY
Kings Daughter Hospital, Shelbyville, KY

4. That more often than not, I was not an employee of Combustion Engineering on the job sites listed in paragraph 3 above.

5. That I am presently suffering from asbestosis and/or other illness associated with asbestos as evidence by the findings of a medical doctor contained in a report attached hereto. The date on which I was first diagnosed or had reason to believe I was suffering from an asbestos-related disease was:

**Diagnosis:** Lung Cancer     **Diagnosis Date:** 05-19-98

6. That I smoked a pack and a half of cigarettes from 1942 to 1997.

7. That I authorize said settlement to be effected by payment to my attorney, Joseph D. Satterley, in trust, and represent that I and my wife, if married, will execute all documents necessary to discharge Combustion Engineering, Inc. its agents, officers, employees, predecessors or successors, from further claim by me or said wife, if settlement is reached in this matter.

8. This Affidavit is made as representation to Combustion Engineering, Inc. to induce it to make a money payment to settle this claim for damages against it and its predecessors, successors, divisions, subsidiaries, officers, agents and /or employees.

_Raymond Hall_
**RAYMOND HALL**

Sworn to and subscribed before me this 16 day of _July_, 2001

_____
Notary Public

Jefferson, KY     3/24/2003
County, State     My Commission Expires