(PJWx), DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:11-cv-08357-MRP -PJW

| | |
|---|---|
| Mary Elaine Young et al v. 3M Company et al | Date Filed: 10/07/2011 |
| Assigned to: Judge Mariana R. Pfaelzer | Jury Demand: Both |
| Referred to: Magistrate Judge Patrick J. Walsh | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: Superior Court of CA Los Angeles County, BC461744 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal - Asbestos Litigation | |

## Plaintiff

**Mary Elaine Young**                      represented by    **Eric L Brown**
*individually and as successor-in-interest*                  DeBlase Brown Eyerly LLP
*to Dean Alan Young, Deceased*                               10990 Wilshire Boulevard Suite 1060
                                                             Los Angeles, CA 90024
                                                             310-575-9955
                                                             Fax: 310-575-9919
                                                             Email: ebrown@baronbudd.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Stephen Thomas Blackburn**
                                                             DeBlase Brown Eyerly LLP
                                                             10990 Wilshire Boulevard Suite 1060
                                                             Los Angeles, CA 90024
                                                             310-575-9955
                                                             Fax: 310-575-9919
                                                             Email: Blackburn@dbelegal.com
                                                             *ATTORNEY TO BE NOTICED*

## Plaintiff

**Dean Young, Jr**                         represented by    **Eric L Brown**
                                                             Deblase Brown Eyerly LLP
                                                             10990 Wilshire Boulevard Suite 1060
                                                             Los Angeles, CA 90024
                                                             310-575-9955
                                                             Fax: 310-575-9919
                                                             Email: ebrown@baronbudd.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Stephen Thomas Blackburn**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

## Plaintiff

**Korinne Young**                          represented by    **Eric L Brown**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Stephen Thomas Blackburn**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**                             represented by    **Linda Moin Moroney**
                                                             Gordon & Rees LLP
                                                             275 Battery St 20th Fl
                                                             San Francisco, CA 94111
                                                             415-986-5900
                                                             Fax: 415-986-8054
                                                             Email: lmoroney@gordonrees.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **P Gerhardt Zacher**
                                                             Gordon and Rees LLP
                                                             275 Battery Street Suite 2000
                                                             San Francisco, CA 94111
                                                             415-986-5900
                                                             Fax: 415-986-8054
                                                             Email: gzacher@gordonrees.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Thomas A Packer**
                                                             Gordon & Rees LLP
                                                             275 Battery St 20th Fl
                                                             San Francisco, CA 94111
                                                             415-986-5900
                                                             Fax: 415-986-8054
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Baker Hughes Oilfield Operations Inc**   represented by    **Catherine M Reichhold**
*Erroneously Sued As*                                        Armstrong and Associates LLP
Baker Hughes Incorporated                                    One Kaiser Plaza Suite 625
                                                             Oakland, CA 94612
                                                             510-433-1830
                                                             Fax: 510-433-1836
                                                             *ATTORNEY TO BE NOTICED*

                                                             **William H Armstrong**
                                                             Armstrong & Associates LLP
                                                             1 Kaiser Plaza Suite 625
                                                             Oakland, CA 94612

510-433-1830
Fax: 510-433-1836
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chevron USA Inc**                    represented by   **Eugene Brown , Jr**
Brown Eassa & McLeod LLP
1999 Harrison Street Suite 1800
Oakland, CA 94612-3520
510-444-3131
Fax: 510-839-7940
*ATTORNEY TO BE NOTICED*

**Defendant**

**ConocoPhillips Company**             represented by   **Eugene Brown , Jr**
*Individually and as successor-in-interest*            (See above for address)
*to Phillips Petroleum Company*                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co**                           represented by   **Geoffrey M Davis**
K&L Gates LLP
ATTORNEY HAS NOT CONSENTED TO
ELECTRONIC SERVICE
10100 Santa Monica Boulevard 7th Floor
Los Angeles, CA 90067
310-552-5000
Fax: 310-552-5001
*ATTORNEY TO BE NOTICED*

**Stephen Pavel Farkas**
K and L Gates LLP
10100 Santa Monica Boulevard 7th Floor
Los Angeles, CA 90067
310-552-5000
Fax: 310-552-5001
Email: stephen.farkas@klgates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Dynamics Corporation**       represented by   **Daniel D O'Shea**
*sued as General Dynamics*             Jackson Jenkins Renstrom LLP
55 Francisco Street 6th Floor
San Francisco, CA 94133
415-982-6300
Fax: 415-982-3700
Email: doshea@jjr-law.com
*ATTORNEY TO BE NOTICED*

**Gabriel A Jackson**
Jackson Jenkins Renstrom LLP

55 Francisco Street 6th Floor
San Francisco, CA 94133
415-982-3600
Fax: 415-982-3700
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hewlett-Packard Company**                     represented by   **John Rc Lawless , Jr**
King and Spalding LLP
515 South Flower Street 36th Floor
Los Angeles, CA 90071
213-867-2654
Fax: 213-236-3554
Email: jlawless@filicebrown.com
*ATTORNEY TO BE NOTICED*

**Peter A Strotz**
King and Spalding LLP
515 South Flower Street 36th Floor
Los Angeles, CA 90071
213-867-2654
Fax: 213-236-3554
Email: pstrotz@kslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc**                     represented by   **Brien F McMahon**
*Individually and as successor-in-interest*          Perkins Coie LLP
*to Allied Signal, Inc. And Bendix*                  1888 Century Park East Suite 1700
*Corporation*                                        Los Angeles, CA 90067-1721
310-788-9900
Fax: 310-843-1284
*ATTORNEY TO BE NOTICED*

**David T Biderman**
Perkins Coie LLP
1888 Century Park East Suite 1700
Los Angeles, CA 90067-1721
310-788-9900
Fax: 310-843-1284
Email: dbiderman@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hughes Electronics Corporation**
*Individually and as successor-in-interest*
*to Hughes Aircraft*

**Defendant**

| **Kaiser Gypsum Company Inc** | represented by | **Jennifer Judin**<br>Dehay & Elliston LLP<br>800 West Sixth Street Suite 788<br>Los Angeles, CA 90017<br>213-271-2727<br>Fax: 213-271-2730<br>Email: jjudin@dehay.com<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| | | **Joanna MacQueen**<br>DeHay & Elliston LLP<br>800 West Sixth Street Suite 788<br>Los Angeles, CA 90017<br>213-271-2727<br>Fax: 213-271-2730<br>Email: jmacqueen@dehay.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| **Hanson Permanente Cement Inc**<br>*formerly known as*<br>Kaiser Cement Corporation (erroneously<br>sued as successor-in-interest to Kaiser<br>Gypsum Company Inc) | represented by | **Jennifer Judin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| | | **Joanna MacQueen**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| **Lockheed Martin Corporation** | represented by | **Deborah Maria Parker**<br>Knott and Glazier LLP<br>707 Wilshire Boulevard Suite 2025<br>Los Angeles, CA 90017<br>213-312-9200<br>Fax: 213-312-9201<br>Email: parker@knottglazier.com<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| | | **Guy P Glazier**<br>Knott and Glazier LLP<br>707 Wilshire Boulevard Suite 2025<br>Los Angeles, CA 90017<br>213-312-9200<br>Fax: 213-312-9201<br>Email: glazier@knottglazier.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Nina C Irani**<br>Knott & Glazier LLP<br>707 Wilshire Boulevard Suite 2025<br>Los Angeles, CA 90017 |

213-312-9200
Fax: 213-312-9201
Email: irani@knottglazier.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**McCullough Motors**

**Defendant**

| | | |
|---|---|---|
| **Mechanical Drives and Belting**<br>*formerly known as*<br>LA Rubber Company | represented by | **Anthony J Calero**<br>Lombardi Loper and Conant LLP<br>Lake Merritt Plaza<br>1999 Harrison Street Suite 2600<br>Oakland, CA 94612-3541<br>510-433-2600<br>Fax: 510-433-2699<br>*ATTORNEY TO BE NOTICED* |
| | | **Timothy J McCaffery**<br>Lombardi Loper and Conant LLP<br>Lake Merritt Plaza<br>1999 Harrison Street Suite 2600<br>Oakland, CA 94612-3541<br>510-433-2600<br>Fax: 510-433-2699<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **ExxonMobil Oil Corporation**<br>*Erroneously Sued As*<br>Mobil Oil Refining Corporation | represented by | **Catherine M Reichhold**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **William H Armstrong**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Owens-Illinois Inc**<br>*Individually and as successor-in-interest*<br>*to Owens Illinois Glass Company dba O-I*<br>*Northrop Grumman Corporation* | represented by | **Jean L Bertrand**<br>Schiff Hardin LLP<br>1 Market 32nd Fl<br>San Francisco, CA 94105<br>415-901-8700<br>Fax: 415-901-8701<br>*ATTORNEY TO BE NOTICED* |
| | | **Kathleen A Stimeling**<br>Schiff Hardin LLP<br>Spear Street Tower<br>One Market 32nd Fl<br>San Francisco, CA 94105 |

415-901-8700
Fax: 415-901-8701
Email: kstimeling@schiffhardin.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Parker Haniffin Corporation**
*Individually and as successor-in-interest
to Sacoma Sierra Company*

**Defendant**

**Parsons Engineering Science Inc**      represented by    **Joanne Rosendin**
Sack Rosendin LLP
One Kaiser Plaza Suite 340
Oakland, CA 94612
510-286-2200
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pneumo Abex LLC**      represented by    **Jennifer Judin**
*Erroneously Sued As*                              (See above for address)
Pneumo-Abex LLC, Individually and as           *ATTORNEY TO BE NOTICED*
successor-in-interest to Abex Corporation
fka American Brake Shoe Company fka
American Brake Shoe and Foundry            **Kelvin T Wyles**
Company including the American Brake        Dehay and Elliston LLP
Division fka The                               800 West 6th Street Suite 788
Los Angeles, CA 90017
213-271-2727
Fax: 213-271-2730
*ATTORNEY TO BE NOTICED*

**Salin Ebrahamian**
DeHay & Elliston LLP
800 West 6th Street Suite 788
Los Angeles, CA 90017
213-271-2727
Fax: 213-271-2730
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pratt and Whitney Rocketdyne Inc**      represented by    **Curtiss L Isler**
Tucker Ellis and West LLP
515 South Flower Street 42nd Floor
Los Angeles, CA 90071-2223
213-430-3400
Fax: 213-430-3409
Email: curt.isler@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Lance Wilson**

Tucker Ellis & West LLP
135 Main Street Suite 700
San Francisco, CA 94105
415-617-2400
Fax: 415-617-2409
Email: lance.wilson@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Nathan T Newman**
Tucker Ellis and West LLP
515 South Flower Street 42nd Floor
Los Angeles, CA 90071-2223
213-430-3400
Fax: 213-430-3409
Email: nathan.newman@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Soco West Inc**
*fka Brenntag West Inc, fka Soco-Lynch
Corporation, fka Soco-Western Chemical
Corporation, fka Stinnes-Western
Chemical Corporation*

represented by **Charles P Murrin**
Murrin and Associates LLC
71 Lafayette Circle Suite B
Lafayette, CA 94549
925-284-5770
Fax: 925-262-2111
*ATTORNEY TO BE NOTICED*

**Megan G Doan**
Murrin and Associates LLC
71 Lafayette Circle Suite B
Lafayette, CA 94549
925-284-5770
Fax: 925-262-2111
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Boeing Company**
*Individually and as successor-in-interest
to McDonnell Douglass*

represented by **Bo W Kim**
Perkins Coie LLP
1888 Century Park East Suite 1700
Los Angeles, CA 90067-1721
310-788-9900
Fax: 310-843-1284
Email: bkim@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**James C Pettis**
Bryan Cave LLP
120 Broadway Suite 300
Santa Monica, CA 90401-2386
310-576-2100
Fax: 310-576-2200

Email: james.pettis@bryancave.com
*ATTORNEY TO BE NOTICED*

**Robert Edward Boone , III**
Bryan Cave LLP
120 Broadway Suite 300
Santa Monica, CA 90401-2386
310-576-2100
Fax: 310-576-2200
Email: reboone@bryancave.com
*ATTORNEY TO BE NOTICED*

**Ronald A McIntire**
Perkins Coie LLP
1888 Century Park East Suite 1700
Los Angeles, CA 90067-1721
310-788-9900
Fax: 310-843-1284
Email: rmcintire@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**          represented by     **Farah Sohaili Nicol**
McKenna Long and Aldridge LLP
300 South Grand Suite 1400
Los Angeles, CA 90071
213-688-1000
Fax: 213-243-6330
Email: fnicol@mckennalong.com
*ATTORNEY TO BE NOTICED*

**Frederic W Norris**
McKenna Long and Aldridge LLP
300 S Grand Avenue Suite 1400
Los Angeles, CA 90071
213-688-1000
Fax: 213-243-6330
*ATTORNEY TO BE NOTICED*

**William J Sayers**
McKenna Long and Aldridge LLP
300 South Grand Suite 1400
Los Angeles, CA 90071
213-688-1000
Fax: 213-243-6330
Email: wsayers@mckennalong.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Oil Company of California**          represented by   **Eugene Brown , Jr**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-300*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/07/2011 | 1 | NOTICE OF REMOVAL from the Superior Court of CA, Los Angeles County, case number BC461744 with CONFORMED copy of complaint. Case assigned to Judge Mariana R. Pfaelzer, discovery to Magistrate Judge Patrick J Walsh; (Filing fee $ 350 PAID ); filed by defendant Lockheed Martin Corporation.(esa) (Additional attachment(s) added on 10/13/2011: # 1 Ntc of Asgmt) (mg). (Entered: 10/12/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Lockheed Martin Corporation.(esa) (Entered: 10/12/2011) |
| 10/07/2011 | 2 | INDEX AND ATTACHMENT OF STATE COURT PLEADINGS as to Notice of Removal, 1 filed by Defendant Lockheed Martin Corporation. (esa) (mg). (Entered: 10/12/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Owens-Illinois Inc.(esa) (Entered: 10/12/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant ExxonMobil Oil Corporation esa Mobil Oil Refining Corporation.(esa) (Entered: 10/12/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Baker Hughes Oilfield Operations Inc esa Baker Hughes Incorporated.(esa) (Entered: 10/12/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Chevron USA Inc.(esa) (Entered: 10/12/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant ConocoPhillips Company.(esa) (Entered: 10/12/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Union Oil Company of California.(esa) (Entered: 10/12/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Pratt and Whitney Rocketdyne Inc.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Pneumo Abex LLC.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Union Carbide Corporation.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Crane Co.(esa) (Entered: 10/13/2011) |

| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant 3M Company.(esa) (Entered: 10/13/2011) |
|---|---|---|
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Parsons Engineering Science Inc.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant The Boeing Company.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Honeywell International Inc.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendants Hanson Permanente Cement Inc fka Kaiser Cement Corporation (erroneously sued as successor-in-interest to Kaiser Gypsum Company, Inc), Kaiser Gypsum Company Inc.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant General Dynamics Corporation.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | 4 | NOTICE of Pendency of Other Actions filed by Defendant Lockheed Martin Corporation. Numerous asbestos cases are currently pending in the Eastern District of Pennsylvania, MDL Docket No. 875. (mg) (Entered: 10/13/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Mechanical Drives and Belting.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Soco West Inc.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Hewlett-Packard Company.(esa) (Entered: 10/13/2011) |
| 10/07/2011 | 5 | NOTICE OF TAG-ALONG ACTION (Multi-District Rule 7.5(e)) filed by defendant Lockheed Martin Corporation. (esa) (Entered: 10/13/2011) |
| 10/13/2011 | 3 | NOTICE of Related Case(s) filed by defendant Lockheed Martin Corporation. Related Case(s): CV11-00791-R (VBKx) (Irani, Nina) (Entered: 10/13/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/13/2011 10:54:09 | | |
| **PACER Login:** | kg0289 | **Client Code:** | 6010.280 |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-08357-MRP -PJW End date: 10/13/2011 |
| **Billable Pages:** | 8 | **Cost:** | 0.64 |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 17 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RUGENA LOPEZ

1  Eric Brown, Esq. (229622)
   Stephen Blackburn, Esq. (232887)
2  DEBLASE BROWN EYERLY LLP
   10990 Wilshire Boulevard, Suite 1060
3  Los Angeles, California 90024
   Telephone: 310-575-9955
4  Facsimile: 310-575-9919

5

6  Attorneys for Plaintiffs

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              FOR THE COUNTY OF LOS ANGELES

9                                           BC 461 744

10  MARY ELAINE YOUNG, Individually and          ) CASE NO.                    BY FAX
    as successor-in-interest to DEAN ALAN        )
11  YOUNG, Deceased, DEAN YOUNG, JR.             )
    and KORINNE YOUNG,                           ) COMPLAINT FOR WRONGFUL DEATH
12                                               ) AND SURVIVAL
               Plaintiffs,                       )
13                                               ) DEMAND FOR JURY TRIAL
    vs.                                          )
14                                               ) 1. Negligence
    3M COMPANY; BAKER HUGHES                     ) 2. Strict Liability
15  INCORPORATED, Individually and as            ) 3. Premises Owner/Contractor Liability
    successor-in-interest to Hughes Tool         )
16  Company; CHEVRON U.S.A., INC.;               )
    CONOCOPHILLIPS COMPANY,                      ) [COMPLEX ASBESTOS
17  Individually and as successor-in-interest to ) LITIGATION-SUBJECT
    Phillips Petroleum Company; CRANE CO.;       ) TO THE GENERAL
18  GENERAL DYNAMICS; HEWLETT-                   ) ORDERS CONTAINED
    PACKARD COMPANY; HONEYWELL                   ) IN FILE NO. C700000]
19  INTERNATIONAL INC., Individually and as      )
    successor-in-interest to Allied Signal, Inc. )
20  And Bendix Corporation; HUGHES               )
    ELECTRONICS CORPORATION,                     )
21  Individually and as successor-in-interest to )
    Hughes Aircraft; KAISER GYPSUM               )
22  COMPANY, INC.; KAISER CEMENT                 )
    CORPORATION, Individually and as             )
23  successor-in-Interest to Kaiser Gypsum       )
    Company, Inc.; LOCKHEED MARTIN               )
24  CORPORATION; McCULLOUGH                      )
    MOTORS; MECHANICAL DRIVES &                  )
25  BELTING, f/k/a L.A. Rubber Company;          )
    MOBIL OIL REFINING CORPORATION;              )
26  OWENS-ILLINOIS, INC., Individually and       )
    as successor-in-interest to Owens Illinois   )
27  Glass Company, d/b/a O-I; NORTHROP           )
    GRUMMAN CORPORATION;                         )
28  PARKER HANIFFIN CORPORATION,                 )
    Individually and as successor-in-interest to )

-1-

Sacoma Sierra Company;
PARSONS ENGINEERING SCIENCE,
INC.; PNEUMO-ABEX, LLC, Individually
and as successor-in-interest to ABEX
CORPORATION f/k/a American Brake
Shoe Company f/k/a American Brake Shoe
and Foundry Company including the
American Brakebloc Division, f/k/a The
American Brake Materials Corporation;
PRATT & WHITNEY ROCKETDYNE,
INC.; SOCO WEST, INC., f/k/a Brenntag
West, Inc., f/k/a Soco-Lynch Corporation,
f/k/a Soco-Western Chemical Corporation,
f/k/a Stinnes-Western Chemical
Corporation; THE BOEING COMPANY,
Individually and as successor-in-interest to
McDonnell Douglass; UNION CARBIDE
CORPORATION; UNION OIL COMPANY
OF CALIFORNIA; and DOES 1-300,

              Defendants.

COMES NOW, Plaintiffs, MARY ELAINE YOUNG, Individually and as successor in interest to DEAN ALAN YOUNG, Deceased, DEAN YOUNG, JR. and KORINNE YOUNG, ("Plaintiffs") and for causes of action against Defendants, and each of them, complain and allege as follows:

## GENERAL ALLEGATIONS

1.     This case is being brought by Plaintiffs as a result of Dean Alan Young diagnosis and death from lung cancer, an asbestos-related disease caused by exposure to asbestos. Throughout this complaint use of the term "Plaintiffs" shall mean MARY ELAINE YOUNG, Individually and as successor in interest to Dean Alan Young, Deceased, DEAN YOUNG, JR. and KORINNE YOUNG. The term "Decedent" shall refer to Dean Alan Young, Deceased.

2.     Asbestos litigation has long been designated complex in Los Angeles County for several historical reasons, including the number of parties, the length, duration and complexity of anticipated deposition testimony of fact, lay and expert witnesses, the wide-ranging medical issues that may or may not be involved, the complexity of industrial

1   hygiene and governmental regulations that may or may not be involved, and the

2   anticipated proportionate amount of economic, non-economic and punitive damages

3   sought for Decedent's death and the loss of consortium for plaintiffs.

4        3.     The average life expectancy of a patient diagnosed with a severe

5   asbestos-related disease (lung cancer) is extremely short.  Some patients diagnosed with

6   such disease only live weeks or months following their diagnosis.  Further, as their

7   diseases progress, their prognosis slowly worsens such that their ability to participate in

8   trial may diminish drastically.  Often, plaintiffs in these cases must present videotaped

9   deposition testimony taken at the outset of their cases, as their medical condition has

10  worsened so severely that even traveling a few miles to the courthouse is impossible.

11  Plaintiffs in such cases routinely bring motions for trial preference and often stipulate to

12  expedited and/or shortened time periods for responsive pleadings in order to permit the

13  granting of trial dates in less than 120 days.

14       4.     In this matter, Decedent Dean Alan Young died from lung cancer on or about

15  May 17, 2010.  Because of Decedent's work history, and the numerous asbestos products

16  to which he is alleged to have been exposed, Plaintiffs have named numerous

17  manufacturers of asbestos products, premises owners, contractors, and suppliers of

18  asbestos products and fibers as Defendants.

19       5.     The true names and/or capacities, whether individual, corporate, associate,

20  governmental, or otherwise, of Defendants, DOES 1 through 300, inclusive, are unknown

21  to Plaintiffs at this time; who, therefore, sue said Defendants by such fictitious names; and

22  when the true names and capacities of said Defendants have been ascertained, Plaintiffs

23  will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon

24  allege that each Defendant designated herein as a DOE is responsible, negligently or in

25  some other actionable manner, for the events and happenings hereinafter referred to, and

26  caused injuries and damages proximately thereby to Decedent, as hereinafter alleged,

27

28  either through said Defendant's own conduct or through the conduct of its agents,

-3-

1  servants or employees, or due to the ownership, lease or sale of the instrumentality
2  causing the injury, or in some other manner.

3      6.    Plaintiffs are informed and believe, and thereon allege that at all times
4  mentioned herein, Defendants, and each of them, were the agents, servants, employees
5  and/or joint venturers of their co-Defendants and were, as such, acting within the scope,
6  course, and authority of said agency, employment and/or joint venture, in that each and
7  every Defendant, as aforesaid, when acting as a principal, was negligent in the selection
8  and hiring or each and every other Defendant as the agent, servant, employee and/or joint
9  venturer.

10     7.    Decedent was a California resident during a substantial period of his
11  asbestos exposures, upon which Plaintiffs claims are based.  Plaintiffs currently reside in
12  California.

13     8.    Plaintiffs are informed and believe, and thereon allege, that at all times
14  mentioned herein, Defendants; 3M COMPANY; BAKER HUGHES INCORPORATED,
15  Individually and as successor-in-interest to Hughes Tool Company; CHEVRON U.S.A.,
16  INC.; CONOCOPHILLIPS COMPANY, Individually and as successor-in-interest to Phillips
17  Petroleum Company; CRANE CO.; GENERAL DYNAMICS; HEWLETT-PACKARD
18  COMPANY; HONEYWELL INTERNATIONAL INC., Individually and as successor-in-
19  interest to Allied Signal, Inc. And Bendix Corporation; HUGHES ELECTRONICS
20  CORPORATION, Individually and as successor-in-interest to Hughes Aircraft; KAISER
21  GYPSUM COMPANY, INC.; KAISER CEMENT CORPORATION, Individually and as
22  successor-in-interest to Kaiser Gypsum Company, Inc.; LOCKHEED MARTIN
23  CORPORATION; McCULLOUGH MOTORS;  MECHANICAL DRIVES & BELTING, f/k/a
24  L.A. Rubber Company; MOBIL OIL REFINING CORPORATION; OWENS-ILLINOIS, INC.,
25  Individually and as successor-in-interest to Owens Illinois Glass Company, d/b/a O-I;
26  NORTHROP GRUMMAN CORPORATION; PARKER HANIFFIN CORPORATION,
27  Individually and as successor-in-interest to Sacoma Sierra Company; PARSONS
28  ENGINEERING SCIENCE, INC.; PNEUMO-ABEX, LLC, Individually and as

-4-

1 successor-in-interest to ABEX CORPORATION f/k/a American Brake Shoe Company f/k/a

2 American Brake Shoe and Foundry Company including the American Brakebloc Division,

3 f/k/a The American Brake Materials Corporation; PRATT & WHITNEY ROCKETDYNE,

4 INC.; SOCO WEST, INC., f/k/a Brenntag West, Inc., f/k/a Soco-Lynch Corporation, f/k/a

5 Soco-Western Chemical Corporation, f/k/a Stinnes-Western Chemical Corporation; THE

6 BOEING COMPANY, Individually and as successor-in-interest to McDonnell Douglass;

7 UNION CARBIDE CORPORATION; UNION OIL COMPANY OF CALIFORNIA; and DOES

8 1-300 inclusive, are corporations organized and existing under and by virtue of the laws of

9 the State of California, or the laws of some other state of the United States of America, or

10 some foreign jurisdiction, and that said Defendants were authorized to do and are doing

11 business in the State of California, and that said Defendants have regularly conducted

12 business in the State of California.

13     9.     At all times mentioned above, Defendants, and each of them, were engaged

14 in the business of manufacturing, fabricating, designing, assembling, distributing, leasing,

15 buying, selling, inspecting, servicing, installing, repairing, marketing, warranting, and

16 advertising a certain substance, the generic name of which is asbestos, and other products

17 containing said substance.

18     10.     Decedent was exposed to Defendants' asbestos and asbestos containing

19 products contributing to and causing the development of lung cancer. Decedent was

20 exposed to Defendants' asbestos and asbestos containing products, including but not

21 limited to, through his brake work, remodel work and his work as an engineering

22 consultant. Decedent suffered from lung cancer and each of Defendants' asbestos and

23 asbestos containing products that entered his body was a substantial factor in bringing

24 about, prolonging, or aggravating Decedent's lung cancer. The asbestos and asbestos

25 containing products Decedent was exposed to were manufactured or supplied by a named

26 Defendant and DOES 1-300.

27     11.     Federal Courts lack jurisdiction over this action; removal is therefore

28 improper.

-5-

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

1    12.    Specifically, removal based on diversity jurisdiction is unavailing due to the

2    presence of a Defendant that resides in California.  In addition, no claim of admiralty or

3    maritime law is raised, Plaintiffs sue no foreign state or agency, and Defendants lack a

4    colorable federal defense that would warrant removal pursuant to 28 U.S.C. 1442(a)(1).

5    Venue is proper in Los Angeles County, Superior Court of California.

6                    **FIRST CAUSE OF ACTION**

7                        (Negligence)

8                    (As Against all Defendants)

9    13.    Plaintiffs hereby incorporate by reference, as though fully set forth herein,

10    each and every allegation contained in each paragraph above.

11    14.    At all times herein mentioned, each of the named Defendants and DOES 1

12    through 300 was the successor, successor in business, successor in product line or a

13    portion thereof, assign, predecessor, predecessor in business, predecessor in product line

14    or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial

15    owner of or member in an entity researching, studying, manufacturing, fabricating,

16    designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

17    supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

18    marketing, warranting, re-branding, manufacturing for others, packaging and advertising as

19    certain product, namely asbestos, and other products containing asbestos. Said entities

20    shall hereinafter collectively be called "Alternate Entities." Each of the herein named

21    Defendants is liable for the tortious conduct of each successor, successor in business,

22    successor in product line or a portion thereof, assign, predecessor in product line or a

23    portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned

24    entity, or entity that it was a member of, or funded, that researched, studied, manufactured,

25    fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for

26    sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

27    marketed, warranted, re-branded, manufactured for others and advertised a certain

28    product, namely asbestos, and other products containing asbestos. The following

dms W:\Clients\Young's, Deand\ DBE Drafted Docs\complaint final.wpd

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

1  Defendants, and each of them, are liable for the acts of each and every "Alternate Entity,"

2  in that there has been a virtual destruction of Plaintiff's remedies against each such

3  "Alternate Entity;" Defendants, and each of them, have acquired the assets, product line,

4  or a portion thereof, of each such "Alternate Entity;" Defendants, and each of them, caused

5  the destruction of Plaintiff's remedies against each such "Alternate Entity;" each such

6  Defendant has the ability to assume the risk-spreading role of each such "Alternate Entity;"

7  and that each such Defendant enjoys the goodwill originally attached to each such

8  "Alternate Entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| BAKER HUGHES INCORPORATED | Individually and as successor-in-interest to Hughes Tool Company |
| CONOCOPHILLIPS COMPANY | Individually and as successor-in-interest to Phillips Petroleum Company |
| HONEYWELL INTERNATIONAL INC. | Individually and as successor-in-interest to Allied Signal, Inc. And Bendix Corporation |
| HUGHES ELECTRONICS CORPORATION | Individually and as successor-in-interest to Hughes Aircraft |
| KAISER CEMENT CORPORATION | Individually and as successor-in-interest to Kaiser Gypsum Company, Inc. |
| MECHANICAL DRIVES & BELTING | f/k/a L.A. Rubber Company; |
| OWENS-ILLINOIS, INC., | Individually and as successor-in-interest to Owens Illinois Glass Company, d/b/a O-I |
| PARKER HANIFFIN CORPORATION | Individually and as successor-in-interest to Sacoma Sierra Company; |
| PNEUMO-ABEX, LLC | Individually and as successor-in-interest to ABEX CORPORATION f/k/a American Brake Shoe Company f/k/a American Brake Shoe and Foundry Company |

dms:W:\Clients\Young, Oren\6. DBE Drafted Docs\complaint final.wpd

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

| | including the American Brakebloc Division, f/k/a The American Brake Materials Corporation |
|---|---|
| SOCO WEST, INC. | f/k/a Brenntag West, Inc., f/k/a Soco-Lynch Corporation, f/k/a Soco-Western Chemical Corporation, f/k/a Stinnes-Western Chemical Corporation; |
| THE BOEING COMPANY, UNION | Individually and as successor-in-interest to McDonnell Douglass |

15.     Defendants, their "Alternate Entities," and each of them had a duty to use reasonable care in manufacturing their products and to warn the customer, user, or bystander that their products were dangerous and unsafe. At all times mentioned herein, Defendants, their "Alternate Entities," and each of them negligently and carelessly researched, tested or failed to test, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, used, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance, in that said substance was capable of causing and did, in fact, proximately cause personal injuries to users and consumers thereof while being used in manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by the consumer, users, or bystanders thereof, and others to whom Defendants owe a duty, including Decedent.

16.     Decedent is a worker who, for a substantial length of time, used, handled, and was otherwise exposed to Defendants' asbestos and asbestos products, in a manner that was reasonably foreseeable, while he was working as described in Paragraph 10 above.

17.     As a direct and proximate result of the above-referenced conduct of the Defendants, their "Alternate Entities," and each of them, as aforesaid, said exposure to said asbestos caused severe and permanent injury to Decedent's lungs and body,

dms W:\Clients\Young, Dean\6, DBE Drafted Docs\complaint final.wpd

1  including, but not limited to the disease lung cancer.

2       18.    On or about May 17, 2010, Decedent died from lung cancer. Prior to that

3  date, Decedent, who retired for reasons not related to his asbestos-related disease, did not

4  know, nor did he have reason to know, that he had contracted this disease related to his

5  exposure to asbestos. Prior to said date, Decedent was not aware that exposure to

6  asbestos presented any risk of injury and/or disease to him, and had not been advised or

7  informed by anyone that he could contract, nor indeed did contract, any disease, sickness

8  or injury as a result of working in the vicinity of asbestos.

9       19.    Plaintiffs are informed and believe, and thereupon allege, that lung cancer is

10  a vicious, painful and often fatal malignancy of the lung, and that said disease results from

11  exposure to asbestos and asbestos products over a period of time.

12       20.    As a direct and proximate result of the aforesaid conduct of the Defendants,

13  their "Alternate Entities," and each of them Decedent has suffered, severe and permanent

14  injuries to his person, body and health, including, but not limited to, the disease lung

15  cancer, all to his general damage in a sum within the jurisdictional limits of this court.

16       21.    As a direct and proximate result of the aforesaid conduct of the Defendants,

17  their "Alternate Entities," and each of them Decedent was compelled to and did employ the

18  services of hospitals, surgeons, physicians, nurses, and the like, to care for and treat

19  Plaintiff, and did incur medical, hospital and professional incidental expenses, and Plaintiffs

20  are informed and believe and thereupon allege that by reason of said injuries, Plaintiffs will

21  necessarily incur additional like expenses for an indefinite period of time in the future, and

22  when said amounts are ascertained, Plaintiffs will allege said amounts.

23       22.    At all times herein mentioned, Defendants, their "Alternate Entities," and each

24  of them were aware that the original gaskets and packing supplied with their equipment

25  would need to be removed and replaced with new gaskets and packing during ordinary

26  operation and maintenance of their equipment. Heat and pressure generated by operation

27  would affect the original and replacement gaskets and packing - e.g., making them brittle,

28  friable and not reusable, making replacement necessary and dangerous. It was

dms W:\Clients\Young. Dean\6. DBE Drafted Docs\complaint final.wpd

1 | foreseeable that the process of removing old gaskets and packing, and replacing them with
2 | the new materials during ordinary maintenance operations would cause the disturbance of
3 | asbestos and/or asbestos containing materials, releasing asbestos into the air. It was also
4 | foreseeable that Defendant's equipment needed to be insulated with asbestos containing
5 | thermal insulation materials and that the negligent design of Defendants' equipment
6 | through its ordinary operation caused the degradation of asbestos containing thermal
7 | insulation and the foreseeable removal of these insulation materials and application of new
8 | insulation materials, which would cause the disturbance of asbestos and/or asbestos
9 | containing materials, releasing asbestos into the air.

10 |     23.    On or before 1930, the Defendants, their "Alternate Entities," and each of
11 | them, have known and have possessed the true facts of medical and scientific data and
12 | other knowledge which clearly indicated that asbestos and asbestos-containing products
13 | were and are hazardous to the health and safety of Decedent, and others in Decedent's
14 | position working in close proximity with such materials.  Specifically, Defendants, their
15 | "Alternate Entities," and each of them, knew, or had a duty to know, the following
16 | information:

17 |     (a) E.R.A. Merewether & C.W. Price's 1930 *Report on Effects of Asbestos Dust on*
18 | *the Lung* (London: H.M. Stationary Office) put manufacturers, designers,
19 | distributors, marketers, sellers, suppliers, installers, inspectors, repairmen,
20 | packagers, users, and advertisers of asbestos and asbestos containing products on
21 | notice that exposure to asbestos dust can cause pulmonary fibrosis in exposed
22 | individuals and discussed processes by which asbestos dust is generated and
23 | methods for dust suppression.  As such, at least as of 1930, Defendants, their
24 | "Alternate Entities," and each of them, knew or had the duty to know that exposure
25 | to asbestos dust could cause a debilitating potentially lethal disease, that there was
26 | a dose-response relationship between the level of asbestos exposure and risk of
27 | contracting disease,  and that disease prevention requires the suppression or
28 | elimination of asbestos containing dust.  In 1933, E.R.A. Merewether's

*Memorandum on Asbestosis* (Tubercle, Vol. XIV — 1932-33, December) informed Defendants, their "Alternate Entities," and each of them, that exposure to asbestos containing dust for a period of less than 5 years can cause the lung disease asbestosis, which can be deadly.

(b) R. Doll's 1955 article, *Mortality from Lung Cancer in Asbestos Workers* (Br. J. Ind. Med., Vol. 12) put manufacturers, designers, distributors, marketers, sellers, suppliers, installers, inspectors, repairmen, packagers, users, and advertisers of asbestos and asbestos containing products on notice that exposure to asbestos dust can cause lung cancer in exposed individuals, resulting in death.  As such, at least as of 1955, Defendants, their "Alternate Entities," and each of them, knew or had the duty to know that exposure to asbestos dust could cause lung cancer, a potentially lethal disease.

(c) J.C. Wagner, C.A. Sleggs, & P. Marchland's 1960 article *Diffuse Pleural Lung cancer and Asbestos Exposure in the North Western Cape Province* (Br. J. Ind. Med., Vol. 17) put manufacturers, designers, distributors, marketers, sellers, suppliers, installers, inspectors, repairmen, packagers, users, and advertisers of asbestos and asbestos containing products on notice that exposure to asbestos dust can cause lung cancer in exposed individuals, resulting in death.  The article confirmed a causal association between asbestos exposure and lung cancer, and noted that even low-level, non-occupational exposures to asbestos can cause lung cancer.  As such, at least as of 1960, Defendants, their "Alternate Entities," and each of them, knew or had the duty to know that exposure to asbestos dust could cause lung cancer, a lethal form of cancer, in those directly exposed to asbestos containing dust as well as those secondarily exposed in a residential setting.

24.      With intent to deceive Decedent, and others in Decedent's position, and with intent that he and such others should be and remain ignorant of such facts with intent to induce Decedent and such others to alter his and their positions to his and their injury and/or risk and in order to gain financial, business, and other advantages, the following

-11-

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

acts occurred:

    (a) Defendants, their "Alternate Entities," and each of them, did not label any of the aforementioned asbestos and asbestos containing materials and products with information regarding the hazards of such materials and products to the health and safety of Decedent and others in Decedent's position working in close proximity with such materials until 1964, when certain of such materials were labeled by some, but not all, of Defendants, their "Alternate Entities," and each of them, herein when the knowledge of such hazards was existing and known to Defendants, their "Alternate Entities," and each of them, since on or before 1930. By not labeling such materials as to their said hazards, Defendants, their "Alternate Entities," and each of them, caused to be suggested as a fact to Decedent that it was safe for Decedent to work in close proximity to such materials when in fact it was not true and Defendants, their "Alternate Entities," and each of them, did not believe it to be true.

    (b) Defendants, their "Alternate Entities," and each of them, suppressed information relating the danger of use of the aforementioned materials by requesting the suppression of information to the Decedent and the general public concerning the dangerous nature of the aforementioned materials to workers, by not allowing such information to be disseminated in a manner which would have given general notice to the public and knowledge of the hazardous nature thereof when Defendants, their "Alternate Entities," and each of them, were bound to disclose such information;

    (c) Defendants, their "Alternate Entities," and each of them, sold the aforementioned products and materials to Decedent's employer and others without advising Decedent and others of the dangers of use of such materials to persons working in close proximity thereto when Defendants, their "Alternate Entities," and each of them, knew of such dangers, and had a duty to disclose such dangers all as set forth herein. By said conduct, Defendants, their "Alternate Entities," and each of them, caused to be positively asserted to Decedent that which was not true and that which Defendants, their "Alternate Entities," and each of them, had not reasonable

-12-

ground for believing to be true, to wit, that it was safe for Decedent to work in close

proximity to such materials;

(d) Defendants, their "Alternate Entities," and each of them, suppressed from

Decedent medical and scientific data and knowledge of the contents of the Lanza

report. Although bound to disclose it, Defendants, their "Alternate Entities," and

each of them influenced A.J. Lanza to change his report, the altered version of

which was published in Public Health Reports, Volume 50 at page 1 in 1935,

thereby causing Decedent and others to be and remain ignorant thereof.

Defendants, there "Alternate Entities," and each of them, caused Asbestos

Magazine, a widely disseminated trade journal, to omit mention of danger, thereby

lessening the probability of notice of danger to users thereof;

(e) Defendants, their "Alternate Entities," and each of them, belonged to,

participated in, and financially supported the Asbestos Textile Institute and other

industry organizations which, for and on behalf of Defendants, their "Alternate

Entities," and each of them, actively promoted the suppression of information of

danger to users of the aforementioned products and materials, thereby misleading

Decedent by the suggestions and deceptions set forth above in this cause of action.

The Dust Control Committee, which changed its name to the Air Hygiene

Committee, of the Asbestos Textile Institute was specifically enlisted to study the

subject of dust control. Discussions in this committee were held many times

regarding the dangers inherent in asbestos and the dangers which arise from the

lack of control of dust, and such information was suppressed from public

dissemination from 1946 to a date unknown to Decedent at this time;

(f) Commencing in 1930 with the study of mine and mill workers at Asbestos and

Thetford mines in Quebec, Canada, and the study of workers at

Raybestos-Manhattan plants in Manheim and Charleston, South Carolina,

Defendants, their "Alternate Entities," and each of them, knew and possessed

medical and scientific information of the connection between inhalation of asbestos

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "Alternate Entities," and each of them, herein. Between 1942 and 1950, the Defendants, their "Alternate Entities," and each of them suggested to the public as a fact that which is not true and disseminated other facts likely to mislead Decedent. Such facts did mislead Decedent and others by withholding the afore-described medical and scientific data and other knowledge and by not giving Decedent the true facts concerning such knowledge of danger, which Defendants, their "Alternate Entities," and each of them, were bound to disclose;

(g) Defendants, their "Alternate Entities," and each of them, failed to warn Decedent and others of the nature of asbestos and asbestos containing materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "Alternate Entities," and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(h) Defendants, their "Alternate Entities," and each of them, failed to provide Decedent with information concerning adequate protective masks and other equipment devised to be used when applying and installing the products of the Defendants, and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to the Decedent and others applying and installing such material;

(i) Defendants, their "Alternate Entities," and each of them, when under a duty to so disclose, concealed from Decedent the true nature of the industrial exposure of Decedent and knew that Decedent and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer. Defendants, their "Alternate Entities," and each of them,

dms:W:\Clients\Young, Del\HB, DBE Drafted Docs\complaint final.wpd

1  also concealed from Decedent and others that harmful materials to which they were

2  exposed would cause pathological effects without noticeable trauma;

3  (j) Defendants, their "Alternate Entities," and each of them, failed to provide

4  information of the true nature of the hazards of asbestos and asbestos containing

5  materials and that exposure to these materials would cause pathological effects

6  without noticeable trauma to the public, including buyers, users, and physicians

7  employed by Decedent and Decedent's employers so that said physicians could

8  examine, diagnose and treat Decedent and others who were exposed to asbestos,

9  despite the fact that Defendants, their "Alternate Entities," and each of them, were

10  under a duty to so inform and said failure was misleading; and

11  (k) Defendants, their "Alternate Entities," and each of them, failed to provide

12  adequate information to physicians and surgeons retained by Decedent's employers

13  and their predecessor companies, for purposes of making physical examinations of

14  Decedent and other employees as to the true nature of the risk of such materials

15  and exposure thereto when they in fact possessed such information and had a duty

16  to disclose it.

17  25.    On or before 1930, and thereafter, said Defendants, their "Alternate Entities,"

18  and each of them were aware that users of asbestos and asbestos containing products, as

19  well as members of the general public who would be exposed to asbestos and asbestos

20  products, had no knowledge or information indicating that asbestos could cause injury, and

21  said Defendants, their "Alternate Entities," and each of them, knew that the users of

22  asbestos and asbestos products, as well as members of the general public who were

23  exposed to asbestos and asbestos products, would assume, and in fact did assume, that

24  exposure to asbestos and asbestos products was safe, when in fact said exposure was

25  extremely hazardous to human life.

26  26.    With said knowledge, said Defendants, their "Alternate Entities," and each of

27  them opted to manufacture, design, distribute, market, sell, supply, instal, inspect, repair,

28  package, use, and advertise asbestos and asbestos containing products without

-15-

dms W\C\enial\Young, Daavid, D\ILE Dra\ted Docs\complaint final.wpd

1  attempting to protect or warn users or bystanders about the high risk of injury or death

2  resulting from exposure to asbestos and asbestos products. Rather than attempting to

3  protect users and workers from, or warn workers and users of, the high risk of injury or

4  death resulting from exposure to asbestos and asbestos products, Defendants, their

5  "Alternate Entities," and each of them intentionally failed to reveal their knowledge of said

6  risk, fraudulently, consciously and actively concealed and suppressed said knowledge from

7  members of the general public that asbestos and asbestos products were unsafe for all

8  reasonably foreseeable use, with the knowledge of the falsity of said implied

9  representations.

10       27.     Despite the above referenced historical knowledge of said Defendants, their

11  "Alternate Entities," and each of them, concerning the extreme hazards of asbestos,

12  Defendants negligently, carelessly, and with a willful and conscious disregard of the rights

13  and safety of others failed to adequately test, research, label, design, distribute, sell,

14  inspect, repair, use, modify or advertise their asbestos and asbestos containing products in

15  an effort to reduce or eliminate the potential that their products would cause deadly

16  diseases in users, bystanders, and other exposed individuals.

17       28.     The above referenced conduct of said Defendants, their "Alternate Entities,"

18  and each of them was motivated by the financial interest of said Defendants in the

19  continuing, uninterrupted distribution and marketing of asbestos and asbestos containing

20  products. In pursuance of said financial motivation, said Defendants consciously

21  disregarded the safety of the users of, and persons exposed to, asbestos and asbestos

22  containing products, and were in fact consciously willing to permit asbestos and asbestos

23  containing products to cause injury to workers and users thereof, and persons exposed

24  thereto, including Decedent.

25       29.     An officer, director, or managing agent of Defendants, their "Alternate

26  Entities," and each of them, with advance knowledge of the extreme health hazard posed

27  by asbestos and asbestos containing products, did, with conscious disregard for the rights

28  and safety of others, commit an act of oppression, fraud, or malice, or did authorize or

dma W:\Clients\Young, Deand\ DBE Drafted Dck\complaint final.wpd

1  ratify such acts, including but not limited to Defendants' failure to adequately research, test,

2  or label their asbestos or asbestos-containing products and Defendants' attendant

3  willingness to continue to manufacture, design, distribute, market, sell, supply, instal,

4  inspect, repair, package, use, and advertise asbestos and asbestos containing products

5  then known by Defendants to be hazardous to human health.  As such, an officer, director,

6  or managing agent of Defendants, their "Alternate Entities," and each of them, authorized

7  or ratified Defendants' failure to take reasonable and necessary efforts to reduce or

8  eliminate the potential that the asbestos and asbestos containing products Defendants

9  manufactured, designed, distributed, used, marketed, sold, supplied, installed, inspected,

10 repaired, packaged, used and advertised would cause deadly diseases, such as lung

11 cancer, in users, bystanders, and other exposed individuals.

12      30.     The above-referenced conduct of said Defendants, their "Alternate Entities,"

13 and each of them was and is willful, malicious, outrageous and/or in conscious disregard

14 and indifference to the rights and safety of users of said asbestos and asbestos containing

15 products, including Decedent. Defendants, their "Alternate Entities," and each of them are

16 guilty of oppression, fraud, or malice and engaged in conduct which was intended by the

17 Defendants to cause injury to the Decedent or conduct which was carried on by the

18 Defendants with a willful and conscious disregard of the rights and safety of others.

19 Defendants, their "Alternate Entities," and each of them subjected Decedent to cruel and

20 unjust hardship in conscious disregard of his rights and engaged in intentional

21 misrepresentation, deceit, or concealment of a material fact known to the Defendants with

22 the intention on the part of the Defendants of thereby depriving Decedent of property or

23 legal rights or otherwise causing injury. Plaintiffs therefore, for the sake of example and by

24 way of punishing Defendants, seek punitive damages, according to proof.

25

26                        **SECOND CAUSE OF ACTION**

27                              (Strict Liability)

28                          (As Against all Defendants)

-17-

31.     Plaintiffs hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in each of the paragraphs above.

32.     At all times mentioned herein, Defendants, their "Alternate Entities," and each of them researched, manufactured, tested or failed to test, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance which Defendants knew were to be used without inspection for defects and which substance contained design and manufacturing defects, in that same was capable of causing and did, in fact, cause personal injuries to users, consumers, and bystanders while being used in a reasonably foreseeable manner, thereby rendering such asbestos and asbestos containing products unsafe and dangerous for use by users, consumers, and bystanders.

33.     As a direct and proximate result of the above described conduct by Defendants, their "Alternate Entities," and each of them, Decedent suffered severe and permanent injuries to his person, as alleged hereinabove.

34.     At all times mentioned herein, the asbestos and products containing said substance discussed above failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the risk of danger inherent in asbestos and asbestos containing products outweighs the benefits of said substance and products.

35.     At all times mentioned herein, the foreseeable use of the asbestos and products containing said substance discussed above involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, but which danger was known or knowable to Defendants, their "Alternate Entities," and each of them, and Defendants failed to adequately warn of the substantial danger.

36.     As a direct and proximate result of the above described conduct by Defendants, their "alternate entities," and each of them, Decedent suffered severe and permanent injuries to his person, as alleged hereinabove.

-18-

37.     An officer, director, or managing agent of Defendants, their "Alternate Entities," and each of them, with advance knowledge of the extreme health hazard posed by asbestos and asbestos containing products, did, with conscious disregard for the rights and safety of others, commit an act of oppression, fraud, or malice, or did authorize or ratify such acts, including but not limited to Defendants' failure to adequately research, test, or label their asbestos or asbestos-containing products and Defendants' attendant willingness to continue to manufacture, design, distribute, market, sell, supply, instal, inspect, repair, package, use, and advertise asbestos and asbestos containing products then known by Defendants to be hazardous to human health.  As such, an officer, director, or managing agent of Defendants, their "Alternate Entities," and each of them, authorized or ratified Defendants' failure to take reasonable and necessary efforts to address the design and manufacturing defects in the asbestos and asbestos containing products that Defendants manufactured, designed, distributed, used, marketed, sold, supplied, installed, inspected, repaired, packaged, used and advertised.

38.     The above-referenced conduct of said Defendants, their "Alternate Entities," and each of them was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the rights and safety of users of said asbestos and asbestos containing products, including Decedent. Defendants, their "Alternate Entities," and each of them are guilty of oppression, fraud, or malice and engaged in conduct which was intended by the Defendants to cause injury to the Decedent or conduct which was carried on by the Defendants with a willful and conscious disregard of the rights and safety of others. Defendants, their "Alternate Entities," and each of them subjected Decedent to cruel and unjust hardship in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving Decedent of property or legal rights or otherwise causing injury. Plaintiffs therefore, for the sake of example and by way of punishing Defendants, seek punitive damages, according to proof.

-19-

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL

### THIRD CAUSE OF ACTION

(Premises Owner/Contractor Liability)

(As Against All Defendants.; and DOES 1-300)

39.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in each of the above.

40.     At all times mentioned herein, the Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, owned, leased, maintained, managed, and/or controlled the premises at which Decedent was exposed to asbestos and asbestos containing products.

41.     Prior to and at said times and places, said Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, caused asbestos and asbestos containing products to be constructed, installed, maintained, used, supplied, replaced, repaired and/or removed on their respective premises, by their own workers and/or by employing various contractors, and caused the release of dangerous quantities of toxic asbestos fibers into the ambient air and thereby created a hazardous and unsafe condition to Decedent and other persons exposed to said asbestos fibers while present at said premises.

42.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, knew or in the exercise of ordinary and reasonable care should have known, that the foregoing conditions and activities created a dangerous, hazardous, and unsafe condition and unreasonable risk of harm and personal injury to Decedent and other workers or persons so exposed present on each of the aforesaid respective premises.

43.     At all times relevant herein, Decedent entered said premises and used or occupied each of said respective premises as intended and for each of the respective Premises Owner/Contractor Liability Defendants' request and invitation. In so doing, Decedent was exposed to dangerous quantities of asbestos fibers released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained,

-20-

1  initiated, and/or otherwise created, controlled, or caused by said Premises

2  Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them.

3    44.    Decedent at all times was unaware of the hazardous condition or the risk of

4  personal injury created by the aforesaid presence and use of asbestos products and

5  materials on said premises.

6    45.    At all times mentioned herein, said Premises Owner/Contractor Liability

7  Defendants, their "Alternate Entities," and each of them, remained in control of the

8  premises where Decedent was performing his work.

9    46.    At all times mentioned herein, the Premises Owner/Contractor Liability

10  Defendants, their "Alternate Entities," and each of them, owed to Decedent and others

11  similarly situated a duty to exercise ordinary care in the management of such premises in

12  order to avoid exposing workers such as Decedent to an unreasonable risk of harm and to

13  avoid causing injury to said person.

14    47.    At all times mentioned herein, said Premises Owner/Contractor Liability

15  Defendants, their "Alternate Entities," and each of them, negligently failed to maintain,

16  manage, inspect, survey, or control said premises or to abate or correct, or to warn

17  Decedent of the existence of the aforesaid dangerous conditions and hazards on said

18  premises.

19    48.    At all times mentioned herein, said Premises Owner/Contractor Liability

20  Defendants, their "Alternate Entities," and each of them, should have recognized that the

21  work of said contractors, identified above in Paragraph 40, would create during the

22  progress of the work, dangerous, hazardous, and unsafe conditions which could or would

23  harm Decedent and others unless special precautions were taken.

24    49.    In part, Decedent was exposed to dangerous quantities of asbestos fibers by

25  reason of such contractors' failure to take necessary precautions.

26    50.    The work of contractors on premises controlled by the Premises

27  Owner/Contractor Defendants created an unsafe premise and an unsafe work place by

28  reason of the release of dangerous quantities of asbestos fibers.

dna W:\Clstrs\Young, Death\ DBE Drafted Docs\complaint final.wpd

51.    The unsafe premise or work place was created, in part, by the negligent conduct of the contractors employed by the Premises Owner/Contractor Defendants. Said negligent conduct includes but is not limited to:

(a) Failure to warn about the hazards of asbestos dusts;

(b) Failure to suppress, reduce, or eliminate the release of asbestos containing dust into the premises;

(c) Failure to remove asbestos containing dust on the premises through the use of ventilation or appropriate means;

(d) Failure to provide adequate breathing protection, i.e., approved respirators or masks to those exposed to the release of asbestos dust;

(e) Failure to inspect and/or test the air for the presence of asbestos fibers;

(f) Failure to provide medical monitoring to those exposed to asbestos dust.

52.    The Premises Owner/Contractor Defendants' duty to maintain and provide safe premises, a safe place to work, and to warn of dangerous conditions are non-delegable; said duties arise out of common law, Civil Code §1708, and Labor Code §6400, et seq., or Health & Safety Code §40200, et seq., and regulations promulgated thereunder. Therefore, the Premises Owner/Contractor Defendants are responsible for any breach of said duties whether by themselves or others.

53.    Prior to and at said times and places, said Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them were subject to certain ordinances, statutes, and other government regulations promulgated by the United States Government, the State of California, and others, including but not limited to the General Industry Safety Orders promulgated pursuant to California Labor Code §6400 and the California Administrative Code under the Division of Industrial Safety, Department of Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous Substances), Article 81, §§4105, 4106, 4107 and 4108, and Threshold Limit Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health & Safety Code §40200, et seq., which

-22-

empowers the California Air Quality Management Districts to promulgate regulations covering emission standards for hazardous air pollutants. Such state and federal standards required said Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, to provide specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust; and said Premises Owner/Contractor Liability Defendants failed to provide the required safeguards and precautions. Defendants' violations of said codes include but are not limited to:

(a) Failing to comply with statutes and allowing ambient levels of airborne asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

(b) Failing to segregate work involving the release of asbestos dusts;

(c) Failing to suppress asbestos dust using prescribed ventilation techniques;

(d) Failing to suppress asbestos dust using prescribed "wet down" techniques;

(e) Failing to warn or educate Decedent or others regarding asbestos on the premises;

(f) Failing to provide approved respiratory protection devices;

(g) Failing to ensure "approved" respiratory protection devices were used properly;

(h) Failing to provide for an on-going health and screening program for those exposed to asbestos on the premises;

(i) Failing to provide adequate housekeeping and clean-up of the work place;

(j) Failing to properly warn of the hazards associated with asbestos as required by statute;

(k) Failing to properly report renovation and disturbance of asbestos containing materials;

(l) Failing to have an asbestos removal supervisor as required by regulation;

(m) Failing to get approval for renovation as required by statutes; and

(n) Failing to maintain records as required by statute.

54.    Premises Owner/Contractor Liability Defendants, their "Alternate Entities,"

and each of them, were the "statutory employer" of Decedent as defined by the California Labor Code and California case law.

55.     Decedent at all times was unaware of the hazardous condition or the risk of personal injury created by Defendants' violation of said regulations, ordinances, or statutes.

56.     At all times mentioned herein, Decedent was a member of the class of persons whose safety was intended to be protected by the regulations, statutes, or ordinances described in the foregoing paragraphs.

57.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises, and that such persons were unaware of the aforesaid violations of codes, regulations, and statutes.

58.     As a legal consequence of the foregoing, Decedent developed the asbestos-related disease lung cancer, which has caused great injury and disability as previously set forth, and Decedent has suffered damages as herein alleged.

59.     An officer, director, or managing agent of Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, with advance knowledge of the extreme health hazard posed by asbestos and asbestos containing products, did, with conscious disregard for the rights and safety of others, commit an act of oppression, fraud, or malice, or did authorize or ratify such acts, including but not limited to Defendants' failure to provide workers with an adequately safe work environment and Defendants' attendant willingness to continue to construct, instal, maintain, use, supply, replace, repair and/or remove asbestos and asbestos containing products, thereby generating airborne asbestos dust to which Decedent was exposed. As such, an officer, director, or managing agent of Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, authorized or ratified Defendants' failure to take reasonable and necessary

-24-

1    efforts to ensure that workers such as Decedent were not exposed to toxic asbestos dust

2    on their premises.

3         60.    The above-referenced conduct of said Premises Owner/Contractor Liability

4    Defendants, their "Alternate Entities," and each of them, was and is willful, malicious,

5    outrageous and/or in conscious disregard and indifference to the rights and safety of users

6    of said asbestos and asbestos containing products, including Decedent. Premises

7    Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, are

8    guilty of oppression, fraud, or malice and engaged in conduct which was intended by the

9    Defendants to cause injury to the Decedent or conduct which was carried on by the

10   Defendants with a willful and conscious disregard of the rights and safety of others.

11   Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of

12   them, subjected Decedent to cruel and unjust hardship in conscious disregard of his rights

13   and engaged in intentional misrepresentation, deceit, or concealment of a material fact

14   known to the Defendants with the intention on the part of the Defendants of thereby

15   depriving Decedent of property or legal rights or otherwise causing injury. Plaintiffs

16   therefore, for the sake of example and by way of punishing Defendants, seek punitive

17   damages, according to proof.

18

19        WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, in

20   an amount to be proven at trial in each individual case, as follows:

21        1. General damages, according to proof;

22        2. Damages for medical and related expenses, according to proof;

23        3. Damages for loss of earning capacity, according to proof;

24        4. Damages for loss of earnings, according to proof;

25        5. Damages for Plaintiffs' other economic losses, according to proof;

26        6. Exemplary or punitive damages, according to proof;

27        7. Prejudgment interest, according to proof;

28        8. Costs of suit incurred herein; and

-25-

1    9. Such other and further relief as this Court may deem just and proper, including

2  costs and prejudgment interest as provided in C.C.P. §998, C.C.P. §1032 and related

3  provisions of law.

4

5  DATED: May 16, 2011                    DEBLASE BROWN EYERLY LLP

6

7                                          By: _____

8                                              Stephen T. Blackburn, Esq.
                                               Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

dms:W:\Clients\Young, Dean\6. OBE Drafted Docs\complaint final.wpd

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL