## SCHEDULE A

(A) The complete name of each action involved, listing the full name of each party included as such on the district court's docket sheet, not shortened by the use of references such as "et al." or "etc.":

**1. CAROL HOLLAND, EXECUTRIX OF THE ESTATE OF VERDIE R. CULP, PLAINTIFF;**

**2. UNION CARBIDE CORPORATION, DEFENDANT; and**

**3. NATIONAL SERVICE INDUSTRIES, INC., DEFENDANT.**

(B) The district court and division where each action is pending:

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY AT PADUCAH**

(C) The civil action number of each action:

**CIVIL ACTION NO.: 5:02-CV-00006J**

(D) The name of the judge assigned each action, if known:

**UNKNOWN**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

COPY

'02 JAN 10 P2:16

| | |
|---|---|
| CAROL HOLLAND, AS EXECUTRIX OF THE ESTATE OF VERDIE R. CULP and FRANCES E. CULP | ) ) ) ) ) **5:'02CV00006J** ) CIVIL ACTION NO:_____ |
| PLAINTIFFS | ) ) |
| v. | ) ) |
| UNION CARBIDE CORPORATION 39 Old Ridgebury Road Danbury, CT 06817 | ) ) ) ) |
| SERVE: CT CORPORATION SYSTEMS Kentucky Home Life Building Louisville, KY 40202 | ) ) ) ) |
| and | ) |
| NORTH BROTHERS, INC. Performance Contracting Group, Inc. 16047 W. 110th Street Lenexa, KS 66219 | ) ) ) ) ) |
| SERVE: KY SECRETARY OF STATE State Capitol Building Frankfort, KY 40601 | ) ) ) ) |
| and | ) |
| NATIONAL SERVICE INDUSTRIES, INC. 1420 Peachtree St. N.E. Atlanta, GA 30309 | ) ) ) ) |
| SERVE: CORPORATION SERVICE CO. d/b/a CSC-Lawyers Inc. Service Co. 421 West Main St. Frankfort, KY 40601 | ) ) ) ) ) |

|  |  |  |
|---|---|---|
| and | ) | |
| | ) | |
| CERTAINTEED CORPORATION | ) | |
| PO Box 860 | ) | |
| Valley Forge, PA 19482 | ) | |
| | ) | |
| SERVE:   CT CORPORATION SYSTEMS | ) | |
| Kentucky Home Life Building | ) | |
| Louisville, KY 40202 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SHOOK & FLETCHER INSULATION CO. | ) | |
| PO Box 380501 | ) | |
| Birmingham, AL 35238 | ) | |
| | ) | |
| SERVE:   CT CORPORATION SYSTEMS | ) | |
| Kentucky Home Life Building | ) | |
| Louisville, KY 40202 | ) | |
| | ) | |
| DEFENDANTS | ) | |

## COMPLAINT

Come the Plaintiff, Carol Holland, as Executrix of the Estate of Verdie R. Culp and Frances E. Culp, by counsel, and for their Complaint, state as follows:

1. Verdie Culp (hereinafter referred to as "Decedent") resided in Paducah, Kentucky at 1010 Bryant Ford Road.

2. Verdie Culp died testate on May 30, 2001 and on June 18, 2001, Carol Holland was appointed Executrix of his estate by the McCracken District Court. (Order Probating Will and Appointing Executor is attached hereto as Exhibit "A").

3. Decedent, Verdie Culp, SSN: 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, was and is at all times relevant hereto, employed in an industry which caused him to become exposed to the asbestos products of the Defendants.

4. The Defendants are as follows:

Defendant, **UNION CARBIDE CORPORATION**, is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of Connecticut.

Defendant, **NORTH BROTHERS, INC.**, is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business in the State of Kansas.

Defendant, **NATIONAL SERVICE INDUSTRIES, INC.** is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in the State of Georgia.

Defendant, **CERTAINTEED CORPORATION**, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Pennsylvania.

Defendant, **SHOOK & FLETCHER INSULATION CO.**, is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in the State of Alabama.

## JURISDICTION

5. The Defendants are all corporations or other business entities which have been manufacturing, selling, distributing, specifying the use of asbestos products, or otherwise placing in the stream of commerce asbestos products; this Court has personal jurisdiction over all out of state

3

defendants under KRS 454.210 (the Long Arm Statute) as these defendants have transacted business in this state and supplied their products in this state.

6. Decedent, in his employment, was exposed to Defendant's asbestos products and asbestos products maintained on Defendant's property.

## FACTUAL BASIS OF CLAIM

7. Decedent contracted an asbestos-related disease, malignant mesothelioma, as a result of his occupational exposure to the asbestos products in McCracken County, Kentucky which the defendants manufactured, sold, distributed, installed, removed or maintained on their property.

8. Defendant, Union Carbide managed and maintained a property contaminated with asbestos products and asbestos fibers from the installation, use and removal of asbestos containing products wherein the Decedent worked as a business invitee.

9. Defendants, Union Carbide, North Brothers, National Services Industries, Certainteed and Shook & Fletcher have for many years manufactured, sold, distributed, or otherwise placed into the stream of commerce, asbestos containing products at the Decedent's work sites.

10. The Defendants knew that the Decedent and other workers who were exposed to their asbestos products, would inhale substantial amounts of the asbestos dust and fibers at the work place.

11. The asbestos products manufactured and sold by the Defendants reached the Decedent and other workers who worked with asbestos products, without any substantial change or alteration from their original form.

12. For many years the defendants had in their possession medical and scientific information alerting them to the grave dangers inherent in asbestos dust and fibers, such dangers including, the risks of: asbestosis, mesothelioma, other forms of cancer, and other bodily harm.

4

13. The Defendants have known for many years that persons such as the Decedent could be exposed to dangerous and hazardous amounts of asbestos dust and fibers during the ordinary and foreseeable use of their asbestos products.

14. The asbestos products were sold by the Defendants in a defective condition unreasonably dangerous to the Decedent.

15. The Defendants intentionally and willfully concealed from the public their knowledge of the hazardous nature of asbestos, and conspired with other manufacturers to conceal the true dangers of asbestos exposure and in particular intentionally and willfully failed to warn persons such as the Decedent of the dangers inherent in the handling, cutting, tearing-out, and general exposure to their asbestos products.

16. The Defendants failed for many years to place any warnings whatsoever on their asbestos products, and when finally forced to do so, used clearly inadequate warnings.

17. The Defendants impliedly warranted that their asbestos products were reasonably fit for use and safe for their intended purposes.

18. Persons such as the Decedent did not know of the nature and extent of the danger presented by the ordinary and foreseeable use of the Defendant's asbestos products.

19. The Defendants, North Brothers, National Services Industries and Shook & Fletcher, injured the Decedent in the following manner:

    a. Tore out asbestos-containing insulation products during construction work in various areas in which Decedent was also working.

    b. Installed new insulation products at various construction sites at which Decedent was also working.

c. Failed to take precautions to insure that Decedent, or others working at these sites, were protected from asbestos exposure.

d. Knew or should have known of the dangers of asbestos and intentionally caused the Decedent to be exposed to asbestos where the Decedent worked.

e. Distributed, provided or otherwise sent asbestos products to Decedent's work sites.

f. The aforesaid actions of the Defendant, North Brothers, National Services Industries and Shook & Fletcher, constitute negligence in that there has been a failure to use reasonable and ordinary care under the circumstances, and this failure has been the proximate case of the bodily harm suffered by the Plaintiff.

20. Defendant, Union Carbide, knew or should have known that asbestos products were on property that they owned, managed or controlled and that asbestos exposure involved an unreasonable risk of harm to the Decedent and other invitees onto their property.

21. Union Carbide knew or should have known that the Decedent would not discover or realize the latent dangers of exposure to asbestos on property owned, managed or controlled by Union Carbide and should have expected that Decedent would fail to protect himself against any dangers from exposure to asbestos. Union Carbide failed to exercise reasonable care to protect Plaintiff against the latent dangers of exposure to asbestos.

22. Union Carbide was negligent in allowing individuals to work in areas where asbestos products were being used, installed and/or removed thereby creating an unreasonable risk of harm to Decedent and others similarly situated.

23. Union Carbide was negligent by its failure to require contractors working on its property to take adequate safety precautions and measures to avoid the inhalation of asbestos fibers

6

by the Decedent and others similarly situated.

24. Union Carbide was negligent in failing to exercise reasonable care by maintaining its property and/or land in such condition as not to involve unreasonable risk of bodily harm to Decedent and to others and failed to exercise reasonable care to ascertain whether their land or property was in a reasonable safe condition for individuals such as the Decedent to be working.

25. Union Carbide was negligent by failing to abide by statutory and administrative regulations regarding asbestos in the work place and by failing to provide specified safeguards and precautions for the safe handling of asbestos on property it owned, managed or controlled.

26. Union Carbide failed to warn the Decedent regarding the latent dangers of exposure to asbestos fibers.

27. Union Carbide impliedly warranted that the property wherein the Decedent worked was reasonably safe for such activity.

28. Union Carbide intentionally and willfully concealed from the public their knowledge of the hazardous natures of asbestos, and concealed the true dangers of asbestos exposure on its property and in particular intentionally and willfully failed to warn persons such as the Decedent of the dangers inherent in the handling, cutting, tearing out and general exposure to asbestos fibers that were located on its property.

## CLAIMS FOR RELIEF

### COUNT 1

29. The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 28 as though restated herein in full.

7

30. The aforesaid actions of the Defendants result in their strict liability in tort for selling and placing into the stream of commerce asbestos products which reached the Decedent, the ultimate consumer, in a defective condition unreasonably dangerous, without substantial change or alteration.

## COUNT II

31. The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 30 as though restated herein in full.

32. The aforesaid actions of the Defendants constitute negligence in that there has been a failure to use reasonable and ordinary care under the circumstances, and this failure has been the proximate cause of the bodily harm suffered by the Decedent.

## COUNT III

33. The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 32 as though restated herein in full.

34. The aforesaid actions of the Defendants constitute a breach of the implied warranty of merchantability in that the Defendants sold their products to employers of the Decedent and impliedly warranted to the Decedent that their asbestos products were reasonably fit for use and safe for their intended purposes, and in fact the asbestos products were defective dangerous, unfit for use and unsafe for their intended purposes.

## COUNT IV

35. The Plaintiff restates and realleges each allegation contained in paragraphs 1 through 34 as though restated herein in full.

36. The aforesaid actions of the Defendants constitute malicious willful and wanton conduct, intentional and outrageous conduct, and gross negligence for exposing the Decedent to the

known hazard of asbestos making them liable to the Decedent for punitive damages.

## COUNT V

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 inclusive as if the same were hereto set forth at length.

38. As a direct and proximate result of the negligence, gross negligence, willful misconduct, breach of warranty, strict liability, intentional and outrageous conduct, fraudulent concealment, conspiracy, misrepresentation and willful omissions of the Defendants, Decedent was caused to contract diseases and injuries to his body system, lungs, and respiratory disorders, including malignant mesothelioma. Decedent underwent great physical pain, mental anguish, shock to his nerves and nervous system and severe anxiety due to his contracting the cancer, malignant mesothelioma, as a result of his exposure to defendants asbestos products.

## COUNT VI

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38, inclusive as if the same were hereto set forth at length.

40. The death of Verdie Culp was a direct and proximate result of the negligence, gross negligence, willful misconduct, breach of warranty, strict liability, intentional and outrageous conduct, fraudulent concealment, conspiracy, misrepresentation and willful omissions of the Defendants as set forth, and thus a cause of action for wrongful death is stated. This is brought by Carol Holland, as Executrix of the Estate of Verdie Culp, and Frances Culp, for her benefit as the wife of the Decedent pursuant to said statute. Pursuant to KRS 411.133, the actions for personal injuries and wrongful death of Verdie Culp are properly joined in this one action.

9

02/05/2002 16:21    6092198870                NAVIGANT CONSULTING                    PAGE  12/13

## COUNT VII

41. Plaintiff hereby incorporates by reference paragraphs 1 through 40, inclusive as if the same were hereto set forth at length.

42. As a direct and proximate result of the Defendant's actions, the Plaintiff, Frances Culp, has lost a good, faithful, and industrious husband, who could contribute to the support of his wife for the remainder of her life, and that the Plaintiff has further lost the care, love and affection of the Decedent, and that the Decedent's estate has sustained a loss for medical, hospital, funeral and burial expenses and sustained a loss for Decedent's ability to labor and earn money and other economic losses.

**WHEREFORE**, Plaintiffs, Carol Holland, as Executrix of the Estate of Verdie Culp, and Frances Culp, demand judgment against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for both compensatory and punitive damages, costs of the actions, and all relief to which they may appear entitled, including trial by jury of all issues so triable.

Respectfully submitted,

Joseph D. Satterley
SALES TILLMAN & WALLBAUM
1900 Waterfront Plaza
325 West Main Street
Louisville, KY 40202
Telephone (502) 589-5600
**COUNSEL FOR PLAINTIFF**

| AOC-806   Doc. Code: OWF | | Case No. 01-P-00322 |
|---|---|---|
| Rev. 3-00 | | Court _____ District _____ |
| Commonwealth of Kentucky | | County McCracken |
| Court of Justice | ORDER PROBATING WILL AND | |
| KRS Ch. 394,395 | APPOINTING EXECUTOR | Division _____ Probate _____ |

In re estate of __Verdie Rex Culp__

Date of Death __May 30, 2001__ / Social Security Number __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__

The application for probate of the will of the above-named decedent and for appointment of an executor came on for hearing on __6/18/01__. The will was produced in open court and was proved by _____ / was self-proved under KRS 394.225.

**IT IS THEREFORE ORDERED** that the will be and it is hereby admitted to probate as the last will and testament of the decedent.

**IT IS FURTHER ORDERED** that __CAROL J. HOLLAND__   __6430 STINESPRING DR. PADUCAH, KY 42001__   __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__
                        Name                        Address                      Social Security Number

be and is hereby appointed executor of said estate and the court fixes bond in the sum of __75,000__ dollars.

**WHEREUPON** the said executor took the oath prescribed by law and entered into and acknowledged the abovementioned bond ☐ with approved surety, ☑ or with surety having been waived.

__6/18/01__                                                              _____
                                                                                    Judge

**NOTICE OF ENTRY WAIVED:**

_____
Petitioner or Attorney

## CERTIFICATION

I, _____, Clerk of the _____ District Court, do certify that this constitutes a true and correct copy of the Order Admitting Will to Probate and Appointing Executor, as recorded in my Office.

_____                              _____
                                                                                    Clerk

                                                    By: _____ D.C.

Copy Distribution:
  Original – Court File (with certified copy of will)
  Copies – Executor
          Revenue Cabinet (Inheritance Tax Section)
          County Clerk (with original of will; petitioner is responsible for recording fee