**UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS, : | |
| LIABILITY LITIGATION (NO. VI) : | MDL DOCKET NO. MDL 875 |
| : | CASE NOS.: 2:09-CV-80015-ER |

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT PADUCAH**

| | |
|---|---|
| MARY JO BARNETT, Individually and as : | |
| Executrix of the Estate of : | |
| GEORGE C. BARNETT, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION FILE |
| vs. : | NO.: 5:04-CV-230-R |
| : | |
| UNION CARBIDE CORPORATION, et al. : | |
| : | |
| Defendants. | |

**DEFENDANT UNION CARBIDE CORPORATION'S
MOTION TO VACATE THE PANEL'S CONDITIONAL REMAND ORDER AND
INCORPORATED MEMORANDUM IN SUPPORT**

COMES NOW Union Carbide Corporation, Defendant in the above-captioned civil action, by and through counsel, and pursuant to JPML Rule 10.2(e), hereby moves to vacate this Panel's September 21, 2011 Conditional Remand Order.  In support of its Motion, Union Carbide submits this incorporated Memorandum of Law, showing the panel as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Mary Jo Barnett ("Plaintiff") brings this products liability action against various defendants alleging George C. Barnett ("Decedent") developed an asbestos related

disease as a result of exposure to asbestos containing products. *See generally* Complaint, a true and correct copy is attached to Schedule A. Decedent allegedly worked as a material and pipe checker for McGraw Construction Company at the Paducah gaseous diffusion plant from 1952 to 1954. *Id.* Plaintiff specifically alleges a claim of strict liability, negligence, misrepresentation and punitive damages against Union Carbide Corporation. *Id.* On November 13, 2003, Mr. Barnett died, allegedly from mesothelioma. Mary Jo Barnett was appointed Executrix of Mr. Barnett's estate on December 9, 2003, and she filed this action against ten defendants on November 29, 2004. *See* Complaint. Pursuant to Transfer Order No. 492, this case was transferred to United States District Court for the Eastern District of Pennsylvania (the "Court") under MDL 875. *See* Doc. No. 1.

Counsel for Plaintiffs and Union Carbide Corporation stipulated that dispositive motions could be filed in this matter following the deposition of Plaintiffs' expert, Barry Castleman, Ph.D. *See* October 14, 2010 correspondence between Brantley C. Rowlen and Kenneth Sales, a true and correct copy of which is attached hereto as Exhibit A. On September 8, 2011, the United States District Court for the Eastern District of Pennsylvania issued a Suggestion of Remand. *See* Doc. No. 38. In light of the Court's Suggestion of Remand and Plaintiffs' non-tender of Dr. Castleman for deposition, Union Carbide moved the Court for judgment as a matter of law as to all of Plaintiffs' claims on September 13, 2011. *See* Doc. No. 39-1 through 7. The ground for Union Carbide's Motion was that no genuine issue of material fact exists as to whether Plaintiffs' claims are barred by the government contractor defense. *Id.* At this time, Union Carbide's Motion for Summary

Judgment remains pending before the United States District Court for the Eastern District of Pennsylvania.

## II. ARGUMENT AND CITATION OF AUTHORITY

In pertinent part, 28 U.S.C. § 1407 provides that "[e]ach action…transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated…".  The United States District Court for the Eastern District of Pennsylvania, however, has issued Administrative Orders indicating resolution of all outstanding motions is a prerequisite to remand of a matter to the transferring court.

In response to a group of Plaintiffs' Motion to Remand 151 malignancy cases, the Court issued Administrative Order No. 18.  *See* Exhibit B, p. 2.  In denying Plaintiffs' Motions, the Court created a framework under which a Plaintiff could request the individual remand of an action.[1]  *Id.* at pp. 3-5.  Specifically, the Court required counsel moving for remand to certify there were no outstanding motions reaming in the case.  *Id.* at p. 5, ¶ 7(f).

In this case, Union Carbide's Motion for Summary Judgment remains pending before the United States District Court for the Eastern District of Pennsylvania and remand of this matter is not ripe until the Court rules on Union Carbide's pending motion.  Accordingly,

---

[1] Union Carbide acknowledges Administrative Order No. 18 addressed the propriety of a remand at the suggestion of Plaintiffs, which differs from the instant case where the Suggestion or Remand was made by the Court, *sua sponte*.  Nevertheless, Union Carbide submits the substantive requirements of Administrative Order No. 18 are instructive and persuasive in determining whether remand is appropriate in this case.

Union Carbide Corporation respectfully requests the Panel vacate its September 21, 2011 Conditional Remand Order until such time as the Court has ruled on all pending motions.

### III. CONCLUSION

For the reasons set forth above, Union Carbide Corporation respectfully requests the Panel inquire into and grant Union Carbide Corporation's Motion to Vacate The Panel's Conditional Remand Order.

This 13th day of October, 2011.

                                              Respectfully Submitted,

                                              LEWIS BRISBOIS BISGAARD & SMITH LLP

                                              _____/s/ Brantley C. Rowlen_____
                                              R. Scott Masterson
                                              Admitted *Pro Hac Vice*
                                              Brantley C. Rowlen
                                              Admitted *Pro Hac Vice*

1180 Peachtree Street, NE
Suite 2900                                     *Counsel for Union Carbide Corporation*
Atlanta, Georgia 30309
404.348.8576
404.467.8845 (fax)

4831-8271-1308.1

- 4 -

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served by first class mail, postage prepaid, on this 13th day of October, 2011 to all counsel of record listed in the attached Service List.

                                Respectfully submitted,

                                LEWIS BRISBOIS BISGAARD & SMITH LLP

                                _____/s/  Brantley C. Rowlen_____
                                Brantley C. Rowlen
                                Admitted *Pro Hac Vice*

1180 Peachtree Street, N.E.
Suite 2900                           *Counsel for Union Carbide Corporation*
Atlanta, Georgia 30309
404.348.8576
404.467.8845 (fax)

## **SERVICE LIST**

| | |
|---|---|
| Joseph D. Satterley<br>Kenneth L. Sales<br>SALES TILLMAN WALLBAUM CATLETT & SATTERLEY<br>1900 Waterfront Plaza<br>325 W. Main Street, Suite 1900<br>Louisville, Kentucky 40202 | Angela M. Buckler<br>Rania M. Basha<br>Robert C. Ewald<br>WYATT TARRANT COMBS, LLP<br>500 W. JeffersonStreet<br>Suite 2800<br>Louisville, Kentucky 40202 |