# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| | : | Civil Action No. |
| | : | 2:01-md-875 |
| THIS DOCUMENT RELATES TO | : | |
| ALL ACTIONS | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              April 30, 2009

I.  INTRODUCTION

        MDL no. 875 involves claims relating to personal
injuries allegedly caused by asbestos products.  In 1991, the
Judicial Panel on Multidistrict Litigation (the "Panel")
transferred and consolidated these cases in the Eastern District
of Pennsylvania as MDL 875.  According to the January 1, 2009
Panel report, there were 58,625 cases, encompassing 3.3 million
claims, pending in MDL 875.[1]

        To manage this complex case, over the course of the
litigation, the Court has issued 17 administrative orders.  To
complement this administrative architecture, the presiding
Judicial Officer has instituted several new policies and
procedures[2] that expanded upon the case management system put in

_____

[1]    These statistics are drawn from the Jan. 1, 2009 MDL 875
statistical update provided by the Panel to Judge Robreno and the
Clerk of the Court in the Eastern District of Pennsylvania.

[2]    See accompanying Exhibit "A", the MDL 875 Case Management
Flowchart.  This chart is meant as a visual representation of the
Court's administrative regime, illustrating categories of cases

place by Judge Weiner and Judge Giles.[3]  As a result, a

significant number of pending claims have been resolved in the

past several months.[4]  Plaintiffs' motion requests amendments to

six of these administrative orders.  For the reasons set forth

below,[5] the Court declines to adopt Plaintiffs' proposed

amendments.


II.  DISCUSSION OF THE MERITS

    A. Procedure for Remand of Appropriate Cases to Transferor
       District Courts

          Plaintiffs' first request that the Court remand: (1)

the 151 malignancy cases listed in Exhibit "J" of their motion;

and (2) any case in which a motion for remand has already been

filed. (Pls. Mot. at 17, Ex. J.)  This request for a wholesale

remand does not include specific information regarding the

circumstances or procedural status of any individual case.  The

motion simply lists the respective Plaintiff's name, civil action

---

and their respective paths to resolution.

[3]    The undersigned was designated Judge of MDL 875 on October
16, 2008.

[4]    The Court has established an MDL 875 website, available at
www.paed.uscourts.gov/mdl875.asp.  The website reports all
activity in the case and is a helpful tool for the Court and the
litigants.

[5]    During the course of calendar year 2009, the court has
resolved 510,000 claims, either by settlement, voluntary
dismissal or dismissals.  Case management procedures in place
include motion hearings, status and scheduling conferences, rules
to show cause, Daubert hearings, and procedures for requesting
settlement conferences and trials.  See MDL 875 website,
available at www.paed.uscourts.gov/mld875.asp.

number, case style and disease.  (Id. at Ex. J.)  Previously, the
Court declined a similar wholesale disposition of cases suggested
by defendants in connection with enforcement of Administrative
Order no. 12.  In re: Asbestos Prods. Liab. Litig. (No. VI), 254
F.R.D. 266, 268 (E.D. Pa. 2008).

        Remanding cases to the transferor court at an early
date remains an important administrative goal of the Court.
Remand of individual cases, however, should occur only in a
manner consistent with the goal of the efficient administration
of the case,[6] and in the interest of justice in the individual
case being remanded.[7]  In order to promote these goals the Court
will implement a procedure whereby requests for a suggestion of
remand in individual cases may be brought to the attention of the
Court.[8]

        By order on this day, the Court will issue
Administrative Order no. 18, which provides that Plaintiffs may
file a motion requesting the entry of a suggestion of remand with

_____

[6]     The Panel has transferred the asbestos personal injury cases
to the Eastern District of Pennsylvania "for coordinated or
consolidated pretrial proceedings."  28 U.S.C. § 1407(a) (1976).
A case "shall be remanded by the panel at or before the
conclusion of such pretrial proceedings."  Id.  The Panel rules
state that a remand shall be considered by the Panel on the
motion of any party, upon a suggestion of remand from the
transferee court, or upon the Panel's own initiative, through a
conditional remand order, an order to show cause or another
appropriate order.  JPML Rules of Procedure, 7.6(c) (2001).

[7]     Motions to remand to the appropriate state court for lack of
subject matter jurisdiction, however, may be filed at any time.

[8]     The factors the Court will consider, inter alia,  are listed
in Administrative Order no. 18, ¶7 a-h.

the Court.  This motion must include, at a minimum, the following information:

1.) The civil action number of the case in the district where it was originally filed;

2.) The civil action number of the case in the Eastern District of Pennsylvania, if the case has been assigned an E.D. Pa. civil action number;

3.) The name of the plaintiff in the case;

4.) The diagnosing report or opinion relied upon by the plaintiff in compliance with Administrative Order no. 12;

5.) The identity of defendants that are still viable[9] in the case;

6.) A certification that the motion requesting the suggestion of remand has been served upon counsel for all other parties to the action; and

7.) The specific reasons why remand is appropriate in this case.  In particular, Plaintiff should specify:

   a.) Whether Plaintiff has complied with Administrative Orders 12 and 12A;

   b.) Whether the injured Plaintiff is alive;

   c.) Whether the parties have submitted a Rule 26(f) report to the Court;

---

[9]   A viable defendant is a defendant which has not been dismissed from the case and is not in bankruptcy proceedings.

d.) Whether all relevant discovery has been completed
   or has been substantially completed.  If not,
   identify the discovery still to be completed;

e.) The extent to which settlement conferences have
   been held in the case and the status of settlement
   negotiations;

f.) Whether there are any outstanding motions in the
   case.  Counsel seeking remand should be able to
   certify that there are no outstanding motions
   remaining in the case;

g.) Whether, if the case is remanded, the Plaintiff is
   prepared for trial without delay once on the
   transferor court's normal docket; and

h.) The status of congestion in the transferor court
   docket.

Once a motion requesting a suggestion of remand has
been filed with the Court and served on all other parties to the
action, any party opposing the motion will have fourteen (14)
days in which to file a response.  If a response is filed, then
the Court will decide whether to suggest remand based on the
contents of the motion and the response, or schedule a hearing on
the matter.  If there is no response within fourteen days, the
other parties to the action are deemed to have consented, and the

Court will decide whether to suggest remand based on the content
of that respective Plaintiff's motion.[10]

Under these circumstances, Plaintiffs' request to
remand the 151 named malignancy cases, and the numerous other
cases in which a motion to remand has been filed previously is
denied.  If Plaintiffs believe that remand is appropriate in any
<u>individual</u> case, the Plaintiff in such case may file a motion for
suggestion of remand that conforms to the requirements of
Administrative Order no. 18.

### B. Motley Rice's Role as Plaintiffs' Steering Committee <u>Liaison Counsel for the MDL 875 Submissions Database</u>

Next, Plaintiffs' request that the Court relieve Motley
Rice ("Motley Rice") of its duties regarding the MDL 875
submissions database.  (Pls. Mot. to Amend at 17.)  The database
was created by Administrative Order no. 13 as a tool for the
Court to manage the information submitted by Plaintiffs pursuant
to Administrative Order no. 12.[11]  (Administrative Order no. 13,
doc. no. 5040, Jan. 29, 2008.)  The law firms of Forman, Perry,
Watkins, Krutz & Tardy, LLP ("Forman Perry") and Motley Rice were

---

[10]   Once a suggestion of remand is filed with the Panel, the
procedures for effecting the remand can be found in Rule 7.6 of
the Judicial Panel on Multidistrict Litigation Rules of
Procedure.

[11]   Administrative Order no. 12 requires, <u>inter alia</u>, the
submission of a diagnostic report by the plaintiff in each case
and the submission of identifying information particular to that
case.  Submissions made pursuant to Administrative Order no. 12
are collected in an electronic database, which is consulted by
the parties and the Court in making scheduling decisions.

appointed to assist the Court in managing the database by Defendants' steering committee and Plaintiffs' steering committee, respectively.  Id.  Forman Perry was also tasked with uploading to the database any paper Administrative Order no. 12 submissions that had been submitted prior to the creation of the database.  When Forman Perry last updated the Court on the progress of uploading paper submissions, Forman Perry indicated that the database included 80% of such submissions.

The continuing assistance of counsel from each steering committee is important in maintaining the functionality and impartiality of the database.  The Court is very appreciative of the many hours that both Motley Rice and Forman Perry have spent assisting with the administration of the MDL 875 submissions database.

With that said, the Court has no particular preference as to which member of the Plaintiffs' steering committee is liaison counsel in charge of the MDL 875 submissions database. Nevertheless, Motley Rice has not provided the Court with the name of another member of the steering committee that is ready, willing and able to fill their role.  The Court is reluctant to appoint another law firm sua sponte to fill this important position.  If Motley Rice reaches an agreement with another steering committee member to take over these duties, the Court will entertain a motion to relieve Motley Rice at that time. Meanwhile, Motley Rice's obligations as Plaintiffs' steering

committee appointee for the database, pursuant to Administrative
Order no. 13, shall continue until further order of the Court.


     C. Filing Dismissal Orders on PACER/ECF in the Eastern
       District of Pennsylvania

       The third request made by Plaintiffs is that the Court
allow Plaintiffs to file dismissal orders and/or orders for
transfer to the "bankruptcy only" docket on PACER/ECF.  (Pls.
Mot. to Amend at 17.)  The Clerk of the Court is in the process
of transferring all electronic files in all cases to this
judicial district and assigning each individual plaintiff in the
MDL 875 litigation from across the country an Eastern District of
Pennsylvania civil action number.[12]

       If the case involves multiple plaintiffs, the Court is
severing the cases and requiring such Plaintiffs to file an
amended complaint and pay a filing fee.  Each Plaintiff who files
an amended complaint is then assigned an E.D. Pa. number.[13] Once

---

[12]    A significant number of Plaintiffs in the litigation have
already been assigned E.D. Pa. civil action numbers.  In such
cases, Plaintiffs' counsel are required to file these and any
other motions electronically on the PACER/ECF system, pursuant to
MDL 875 Administrative Order no. 11, section 1(B)(II) and Local
Rule of Civil Procedure 5.1.2(2)(a).  The Court will sever each
multi-plaintiff case and assign each Plaintiff an E.D. Pa. civil
action number and require that Plaintiff file an amended
complaint.  The amended complaint must be mailed as a hard copy
to the E.D. Pa. Clerk's Office, and include a copy of the
document saved as a PDF on a CD-ROM.  Once the amended complaint
is received and uploaded, the E.D. Pa. PACER/ECF system will be
available for electronic filing in each Plaintiff's case.

[13]    Cases with E.D. Pa. numbers, if originating in another
district (the transferor court), in the event of remand, will be
remanded to the transferor court.

a Plaintiff is assigned an E.D. Pa. civil action number, either
by transfer of the file from the transferor district or by the
filing of an amended complaint in this district, these motions
may be filed electronically in the E.D. Pa. using the PACER/ECF
system.  Until Plaintiff is assigned an E.D. Pa. civil action
number, any motions filed on behalf of that Plaintiff must be
filed in the transferor district court and a separate copy must
be sent to the clerk in the E.D. Pa.  This policy is reflected in
the recently amended Administrative Order no. 11.
(Administrative Order no. 11, doc. no. 5936, Mar. 16, 2009.)

          Once all of the cases are transferred from the various
district courts to the E.D. Pa., which the Court expects will
occur in the next few months, PACER/ECF filing on the E.D. Pa
system will be available to all Plaintiffs and Defendants in the
entire MDL 875 litigation.


        D. Grouping Non-Malignant Claims for Settlement Conference
          Finally, Plaintiffs request that the Court allow them
to group non-malignant cases for settlement conferences.  (Pls.
Mot. to Amend at 17.)  The Court is scheduling settlement
conferences, both in individual cases and groups of cases, on an
ongoing basis.  Four Magistrate Judges and at least one District
Judge are also conducting settlement conferences in appropriate
cases on an ongoing basis.  With these available resources, the
Court is able to schedule many individual and group settlement

conferences simultaneously.  If Plaintiffs' counsel wishes to request a settlement conference in a case or group of cases, the procedures making such request are available on the MDL 875 website.  <u>See</u> "Settlement Conference Procedures," MDL 875: In re: asbestos website, <u>available</u> <u>at</u> <u>www.paed.uscourts.gov/mdl875.asp</u>.


III.  CONCLUSION

        The Court's case management procedures are not arbitrary.  These procedures are designed to help manage a large and diverse docket and to accommodate fairly the many diverse interests present in the litigation.  The request by certain Plaintiffs to alter it wholesale will neither improve efficiency nor promote the interests of justice.

        An appropriate order follows.

EXHIBIT "A"

MDL-875 CASE MANAGEMENT FLOW CHART

1.   Case filed, and transferred to the E.D. Pa

2.   If a plaintiff is in a multi-plaintiff case, the Court is
     severing out each plaintiff and they must file with the
     court an amended complaint within 60 days of the order
     severing their case.

3.   Plaintiff must comply with Administrative Order no. 12



Note: A non-viable defendant
is a party that is in
Bankruptcy proceedings

April 29, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS        :    MDL DOCKET NO. 875
LIABILITY LITIGATION (No. VI)   :
                                :
                                :    Civil Action No.
                                :    2:01-md-875
THIS DOCUMENT RELATES TO        :
ALL ACTIONS                     :

## O R D E R

AND NOW, this **30th** day of **April, 2009**, it is hereby
**ORDERED** that certain Plaintiffs' motion to alter or amend
Administrative Order nos. 3, 12, 13, 14, 15 and 16 (doc. no.
5539) is **DENIED without prejudice.**

It is further **ORDERED** that Administrative Order no. 18 shall
be entered forthwith.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**