## SCHEDULE A

(A) The complete name of each action involved, listing the full name of each party included as such on the district court's docket sheet, not shortened by the use of references such as "et al." or "etc.":

**1. MARY JO BARNETT, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF GEORGE C. BARNETT,**

**2. UNION CARBIDE CORPORATION, DEFENDANT; and**

**3. RAPID-AMERICAN CORPORATION, DEFENDANT.**

(B) The district court and division where each action is pending:

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY AT PADUCAH**

(C) The civil action number of each action:

**CIVIL ACTION NO.: 5:04-CV-230-R**

(D) The name of the judge assigned each action, if known:

**UNKNOWN**

FILED / JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY      04 NOV 29  PM 3:59
AT PADUCAH
CIVIL ACTION NO. 5:04CV230-R

MARY JO BARNETT, INDIVIDUALLY AND AS
EXECUTRIX OF THE ESTATE OF
GEORGE C. BARNETT                                                                    PLAINTIFFS

v.                                    **COMPLAINT**

UNION CARBIDE CORPORATION
% Tax Department
2030 Dow Center
Midland, MI 48674

    **SERVE:**    CT CORPORATION SYSTEMS
                      Kentucky Home Life Building, 1102
                      Louisville, KY 40202

4520 CORPORATION, INC.
as legal successor to BENJAMIN F. SHAW COMPANY
4520 Executive Park Drive
Montgomery, AL 36116

    **SERVE:**    SECRETARY OF STATE
                      State Capitol Building
                      Frankfort, KY 40601

FORD BACON & DAVIS, LLC
12301 Coursey Blvd.
Baton Rouge, LA 70816

    **SERVE:**    CT CORPORATION SYSTEMS
                      Kentucky Home Life Building
                      Louisville, KY 40202

1

SFB COMPANIES, INC. f/k/a
FORD, BACON & DAVIS COMPANIES, INC.
c/o Richard Quinn, Esq.
5 Neponset Street
Worcester, MA 01606

    **SERVE:**    SECRETARY OF STATE
                        State Capitol Building
                        Frankfort, KY 40601

KELLOG BROWN & ROOT, INC.,
Successor to M. W. KELLOG
4100 Clinton Dr.
ATTN: Corporate Licensing Dept.
Houston, TX 77020

    **SERVE:**    CT CORP. SYSTEM
                        Kentucky Home Life Bldg
                        Room 1102
                        Louisville, KY 40202

M.W. KELLOGG
4100 Clinton Drive
Houston, TX 77020

    **SERVE:**    SECRETARY OF STATE
                        State Capitol Building
                        Frankfort, KY 40601

HALLIBURTON ENERGY SERVICES, INC.
Successor to Halliburton Company
4100 Clinton Drive
ATTN: Corporate Licensing Dept.
Houston, TX 77020

    **SERVE:**    C.T.CORP SYSTEM
                        Kentucky Home Life Building
                        Rm. 1102
                        Louisville, KY 40202

BABCOCK BORSIG POWER, INC.
ATTN: TAX DEPT.
P.O. Box 2040
Worcester, MA 016132040

    **SERVE:**   SECRETARY OF STATE
                  State Capitol Building
                  Frankfort, KY 40601

MCGRAW CONSTRUCTION COMPANY
P.O. Box 10309
Stamford, CT 06904-2309

    **SERVE:**   SECRETARY OF STATE
                  State Capitol Building
                  Frankfort, KY 40601

RAPID-AMERICAN CORPORATION
Successor in interest to Philip Carey Corp.
c/o McCrory Corporation
1700 Broadway, Suite 1403
New York, NY 100019

    **SERVE:**   SECRETARY OF STATE
                  State Capitol Building
                  Frankfort, KY 40601             **DEFENDANTS**

** ** ** ** **

    Comes the Plaintiff, Mary Jo Barnett, Individually and as Executrix of the Estate of George C. Barnett, by counsel, and for her Complaint, state as follows:

    1.     George C. Barnett died testate on November 13, 2003. Mary Jo Barnett was appointed Executrix of his Estate on December 9, 2003.( See Attachment Exhibit A).

    2.     Mary Jo Barnett (hereinafter referred to as "Plaintiff") resides in Hickman, Kentucky at 1105 Walker Avenue.

3

3. Plaintiff's Decedent was at all times relevant hereto, employed in an industry which caused him to become exposed to the asbestos products of the Defendants.

4. The Defendants are as follows:

Defendant, UNION CARBIDE CORPORATION, is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of Michigan.

Defendant, 4520 CORPORATION, INC., legal successor to BENJAMIN F. SHAW COMPANY, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Illinois.

Defendant, KELLOG BROWN & ROOT, INC., Successor to M. W. KELLOGG, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas.

Defendant, M.W. KELLOG, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas.

Defendant, HALLIBURTON ENERGY SERVICES, INC. Successor to Halliburton Company, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas.

Defendant, BABCOCK BORSIG POWER, INC. is a corporation organized and existing under the laws of the state of Massachusetts, with its principal place of business in the State of Massachusetts.

Defendant, MCCRAW CONSTRUCTION COMPANY, is corporation organized and existing under the laws of the state of Ohio, with its principal place of business in the State of Connecticut.

Defendant, FORD, BACON & DAVIS, LLC is a corporation organized, incorporated and existing under the laws of the State of Louisiana, with its principal place of business in the State of Louisiana.

Defendant, SFB COMPANIES, INC. is a corporation organized, incorporated and existing under the laws of the State of Louisiana, with its principal place of business in the State of Louisiana.

Defendant, RAPID-AMERICAN CORPORATION, is a Delaware corporation with its principal place of business at 667 Madison Avenue, New York, NY 10021 and at 2955 E. Market Street, York, PA 17402

Defendant, RAPID-AMERICAN CORPORATION, is a successor-in-interest to Glen Alden Corporation.

Defendant, RAPID-AMERICAN CORPORATION, is a successor by merger to Glen Alden Corporation.

Defendant, RAPID-AMERICAN CORPORATION, assumed the liability of Glen Alden Corporation.

Defendant, RAPID-AMERICAN CORPORATION, is responsible for the liabilities of Glen Alden Corporation.

Defendant, RAPID-AMERICAN CORPORATION, is a successor-in-interest to Philip Carey Corporation and Celotex Corporation.

Defendant, RAPID-AMERICAN CORPORATION, is a successor by merger to Philip Carey Corporation and Celotex Corporation.

Defendant, RAPID-AMERICAN CORPORATION, is responsible for the liabilities of Philip Carey Corporation and Celotex Corporation.

## JURISDICTION AND VENUE

5. There is complete diversity of citizenship between Plaintiff and Defendants. The amount in controversy exceeds $75,000.00 exclusive of costs, interest and disbursements. Jurisdiction is based upon diversity of citizenship and amount in controversy.

6. This Court has original jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1332.

7. This Court has personal jurisdiction over the out-of-state defendants pursuant to KRS 454.210 (the long-arm statute), as these defendants are all corporations or other business entities which have been and/or are now manufacturing, selling, distributing, or otherwise placing in the stream of commerce, asbestos products; this Court has personal jurisdiction over all out of state defendants as these defendants have transacted business in this state and supplied their products in this state.

8. Venue in the United States District Court, Western District of Kentucky is proper under 28 U.S.C. § 1391(a)(1) & (3) and (c), as each Defendant is subject to personal jurisdiction in the Western District of Kentucky.

9. The Plaintiff's Decedent is his employment worked with and was exposed to asbestos products.

## FACTUAL BASIS OF CLAIM

10  George C. Barnett died testate on November 13, 2003. Mary Jo Barnett was appointed Executrix of his Estate on December 9, 2003 ( See Attachment Exhibit A).

11  Mary Jo Barnett (hereinafter referred to as "Plaintiff") resides in Hickman, Kentucky at 1105 Walker Avenue.

6

12. Plaintiff's Decedent was at all times relevant hereto, employed in an industry which caused him to become exposed to the asbestos products of the Defendants.

13. Plaintiff's Decedent, George C. Barnett, contracted an asbestos-related disease, malignant mesothelioma, as a result of his occupational exposure to the asbestos products in and around McCracken County, Kentucky, as well as other locations in the United States manufactured and/or sold by the defendants herein, which disease was diagnosed in July, 2003.

14. The Defendants have for many years manufactured, sold, distributed, or otherwise placed into the stream of commerce, asbestos products used for insulation purposes.

15. The Defendants knew that in the ordinary and foreseeable use of their asbestos products, asbestos dust and fibers would be discharged into the air, from both the installation of new insulation, and the "tearing out" of old insulation.

16. The Defendants knew that the Plaintiff's Decedent and other workers who were exposed to their asbestos products, would inhale substantial amounts of the asbestos dust and fibers at the work place.

17. The asbestos products manufactured and sold by the Defendants reached the Plaintiff's Decedent and other workers who worked with asbestos products, without any substantial change or alteration from their original form.

18. For many years the defendants had in their possession medical and scientific information alerting them to the grave dangers inherent in asbestos dust and fibers, such dangers including, the risks of: asbestosis, mesothelioma, other forms of cancer, and other bodily harm.

7

19. The Defendants have known for many years that persons such as the Plaintiff's Decedent could be exposed to dangerous and hazardous amounts of asbestos dust and fibers during the ordinary and foreseeable use of their asbestos products.

20. The asbestos products were sold by the Defendants in a defective condition unreasonably dangerous to the Plaintiff's Decedent..

21. The Defendants intentionally and willfully concealed from the public their knowledge of the hazardous nature of asbestos, and conspired with other manufacturers to conceal the true dangers of asbestos exposure and in particular intentionally and willfully failed to warn persons such as the Plaintiff's Decedent of the dangers inherent in the handling, cutting, tearing-out, and general exposure to their asbestos products.

22. The Defendants failed for many years to place any warnings whatsoever on their asbestos products, and when finally forced to do so, used clearly inadequate warnings.

23. The Defendants impliedly warranted that their asbestos products were reasonably fit for use and safe for their intended purposes.

24. Persons such as the Plaintiff's Decedent did not know of the nature and extent of the danger presented by the ordinary and foreseeable use of the Defendant's asbestos products.

25. The Defendant, 4520 Corporation,, also injured the Plaintiff's Decedent in the following manner:

a. Tore out asbestos-containing insulation products during construction work in various areas in which Plaintiff's Decedent was working.

8

b. Installed or applied asbestos containing products at various construction sites at which Plaintiff's Decedent was working.

c. Failed to take precautions to insure that Plaintiff's Decedent, or others working at these sites, were protected from asbestos exposure.

d. Sold, distributed or otherwise provided asbestos-containing products and/or asbestos-containing materials to Plaintiff's Decedent's jobsites.

e. Failed to properly warn workers, such as the Plaintiff's Decedent, of the dangers associated with exposure to asbestos.

f. Failed to follow guidelines for safe handling of asbestos as set forth by governmental regulations.

g. The aforesaid actions of the Defendant, 4520 Corporation, constitutes negligence in that there has been a failure to use reasonable and ordinary care under the circumstances, and this failure has been the proximate case of the bodily harm suffered by the Plaintiff's Decedent.

26. The Defendant, Union Carbide maintained a property which has been contaminated with asbestos products and asbestos fibers from the installation of asbestos containing products and asbestos fibers and the removal of asbestos containing products wherein the Plaintiff's Decedent worked as a business invitee.

27. The Defendant, Union Carbide knew or should have known that asbestos products were on their property and that it involved an unreasonable risk of harm to the Plaintiff's Decedent and other invitees onto their property.

9

28. The Defendant, Union Carbide knew or should have known that the Plaintiff's Decedent would not discover or realize the latent dangers of exposure to asbestos on Defendants' property and should have expected that Plaintiff's Decedent would fail to protect himself against any dangers from exposure to asbestos. The Defendant, Union Carbide, failed to exercise reasonable care to protect Plaintiff's Decedent against the latent dangers of exposure to asbestos.

29. The Defendant, Union Carbide were negligent in allowing individuals to work in areas where asbestos products were being used, installed and/or removed thereby creating an unreasonable risk of harm to Plaintiff's Decedent and others similarly situated.

30. The Defendant, Union Carbide, was negligent by their failure to require contractors working on their property to take adequate safety precautions and measures to avoid the inhalation of asbestos fibers by the Plaintiff's Decedent and others similarly situated

31. The Defendant, Union Carbide, was negligent in failing to exercise reasonable care by maintaining its property and/or land in such condition as not to involve unreasonable risk of bodily harm to Plaintiff's Decedent and to others and failed to exercise reasonable care to ascertain whether their land or property was in a reasonable safe condition for individuals such as the Plaintiff's Decedent to be working.

32. The Defendant, Union Carbide was negligent by failing to abide by statutory and administrative regulations regarding asbestos in the work place and by failing to provide specified safeguards and precautions for the safe handling of asbestos on their property.

33. The Defendant, Union Carbide, failed to warn the Plaintiff's Decedent regarding the latent dangers of exposure to asbestos fibers.

34. The Defendant, Union Carbide impliedly warranted that the property wherein the Plaintiff's Decedent worked was reasonably safe for individuals to be working on the property.

35. The Defendant, Union Carbide intentionally and willfully concealed from the public their knowledge of the hazardous natures of asbestos, and concealed the true dangers of asbestos exposure on their property and in particular intentionally and willfully failed to warn persons such as the Plaintiff's Decedent of the dangers inherent in the handling, cutting, tearing out and general exposure to asbestos fibers that were located on their property.

36. SFB COMPANIES, INC. is a corporation which installed, removed, supplied, specified, directed or required the use of products which contained asbestos to which the Decedent, George Barnett was exposed during the course of his career.

37. Defendant, SFB COMPANIES, INC. injured Plaintiff's Decedent in the following manner:

   a. Improperly directed, specified, or otherwise required the use of asbestos-containing products during this Defendant's design and construction of the Union Carbide Plant in Paducah Kentucky where Plaintiff's Decedent worked.

   b. Failed to insure that employees or occupants at the Union Carbide Plant would be protected from harm by exposure to asbestos products that were defective, unreasonably dangerous.

   c. Failed to properly warn workers, such as Plaintiff's Decedent, of the dangers associated with exposure to asbestos.

38. The aforesaid actions of SFB COMPANIES, INC. constitute negligence in that there has been a failure to use reasonable and ordinary care under the circumstances, and this failure has

11

been the proximate cause of the bodily harm suffered by the Plaintiff's Decedent.

39. The actions of SFB COMPANIES, INC. constitute a breach of the implied warranty of merchantability in that this Defendant impliedly warranted to the Plaintiff's Decedent and others similarly situated that the asbestos products were reasonably fit for use and safe for their intended purposes, and in fact the asbestos products were defective dangerous, unfit for use and unsafe for their intended purposes.

40. The Defendant, KELLOG, BROWN & ROOT, is liable for M.W. Kellog, Brown & Root, and Halliburton, as a successor in interest as follows: Haliburton was established in 1919. In 1962, Halliburton acquired Brown & Root. In 1998 Haliburton acquired Dresser Industries. Dresser Industries acquired M.W. Kellog in 1988. In 2002 Haliburton split into the Haliburton Energy Services Group, Inc. and Kellog, Brown & Root (KBR). KELLOG, BROWN & ROOT'S predecessor's

a. Improperly directed, specified, or otherwise required the use of asbestos-containing products during the design and construction plant at the jobsite where Plaintiff worked.

b. Installed, used or supplied asbestos-containing products at Plaintiff's jobsite.

c. Failed to insure that employees or occupants at the Plaintiff's jobsite would be protected from harm by exposure to asbestos products that were defective, unreasonably dangerous.

c. Failed to properly warn workers, such as Plaintiff, of the dangers associated with exposure to asbestos.

41. The defendant, MCGRAW CONSTRUCTION COMPANY, injured plaintiff's decedent in the following manner:

12

a. Improperly directed, specified, or otherwise required the use of asbestos-containing products during the design and construction plant at the jobsite where Plaintiff worked.

b. Installed, used or supplied asbestos-containing products at Plaintiff's jobsite.

c. Failed to insure that employees or occupants at the Plaintiff's jobsite would be protected from harm by exposure to asbestos products that were defective, unreasonably dangerous.

c. Failed to properly warn workers, such as Plaintiff, of the dangers associated with exposure to asbestos

42. The aforesaid actions of Defendants, KELLOG, BROWN & ROOT, and MCGRAW CONSTRUCTION COMPANY, constitute negligence in that there has been a failure to use reasonable and ordinary care under the circumstances, and this failure has been the proximate cause of the bodily harm suffered by the Plaintiff.

43. Defendant, Rapid-American Corporation, is liable for Philip Carey Corporation and Celotex Corporation as follows: Celotex Corporation is a corporation duly organized and existing under the laws of the State of Delaware and is a citizen of the State of Delaware and has its principal place of business at 1500 N. Dale Mabry Highway, Tampa, Florida. It is successor by virtue of merger with Panacon, Briggs Manufacturing Company, Rapid American, Glen Alden, Philip Carey Corporation, and Philip Carey Manufacturing Company, and Smith and Kanzler and Philip Carey (New Jersey). At all times material hereto, Defendant Celotex Corporation itself mined, manufactured, produced and sold asbestos products itself to the employers of plaintiffs or sold asbestos products affixed to products sold to the employers of plaintiffs or their predecessor corporations. Furthermore, Philip Carey Corporation acquired Smith & Kanzler Company, a wholly-owned subsidiary of Dana

13

Corporation by way of stock purchase in 1969. Prior to Smith & Kanzler Company's acquisition by Philip Carey, it produced, marketed and sold an asbestos product known as "Spray Craft." After the acquisition, Philip Carey continued to produce, market and sell "Spray Craft." Philip Carey Corporation has assumed the assets and liabilities of the Dana Corporation to the extent of the Dana Spray Craft product. Philip Carey corporation has also assumed the assets and liabilities of the Spray Craft product line for its prior owners Smith & Kanzler Corporation and Victor Manufacturing & Gasket Company. It later named its now mere creature Smith Kanzler as Philip Carey (New Jersey). Celotex itself, after the acquisition referred to, supra, sold the asbestos product lines formerly sold by Smith & Kanzler to plaintiffs' employers or is responsible for damages for injuries resulting from exposure to the products of Smith & Kanzler. Celotex Corporation is thus also liable for torts and injuries arising from exposure to Smith & Kanzler asbestos paper, felt and tape products. Celotex Corporation has filed for protection under Chapter 11 of the Bankruptcy Act.

## CLAIMS FOR RELIEF

### COUNT 1

44. The Plaintiffs restate and reallege each allegation contained in paragraphs 1 through 43 as though restated herein in full.

45. The aforesaid actions of the Defendants result in their strict liability in tort for selling and placing into the stream of commerce asbestos products which reached the Plaintiff's Decedent, the ultimate consumer, in a defective condition unreasonably dangerous, without substantial change or alteration.

14

## COUNT II

46. The Plaintiffs restate and reallege each allegation contained in paragraphs 1 through 45 as though restated herein in full.

47. The aforesaid actions of the Defendants constitute negligence in that there has been a failure to use reasonable and ordinary care under the circumstances, and this failure has been the proximate cause of the bodily harm suffered by the Plaintiff's Decedent.

## COUNT III

48. The Plaintiffs restate and reallege each allegation contained in paragraphs 1 through 47 as though restated herein in full.

49. The aforesaid actions of the Defendants constitute a breach of the implied warranty of merchantability in that the Defendants sold their products to employers of the Plaintiff's Decedent and impliedly warranted to the Plaintiff's Decedent that their asbestos products were reasonably fit for use and safe for their intended purposes, and in fact the asbestos products were defective dangerous, unfit for use and unsafe for their intended purposes.

## COUNT IV

50. The Plaintiffs restate and reallege each allegation contained in paragraphs 1 through 49 as though restated herein in full.

51. The aforesaid actions of the Defendants constitute malicious willful and wanton conduct and gross negligence making them liable to the Plaintiff for punitive damages.

15

## COUNT V

52. The Plaintiffs restate and reallege each allegation contained in paragraphs 1 through 51 as though restated herein in full.

53. As a direct and proximate result of the negligence, gross negligence, willful misconduct, breach of warranty, strict liability, fraudulent concealment, conspiracy, misrepresentation and willful omissions of the Defendants, Plaintiff's Decedent was caused to contract diseases and injuries to his body system, lungs, and respiratory disorders, and a significantly increased risk of mesothelioma and other cancers and injuries. Plaintiff's underwent great physical pain, mental anguish, shock to his nerves and nervous system and severe anxiety as a result of his exposure to defendants asbestos products.

## COUNT VI

54. Plaintiffs restate and reallege each and every allegation contained in Paragraph 1 through 53 above, as though restated and realleged herein in full.

55. As a direct and proximate result of the Defendants' actions and resulting injuries to the Plaintiff, George C. Barnett, as stated above, Mary Jo Barnett has been and is deprived of the societies and labors of her husband.

WHEREFORE, Plaintiff, Mary Jo Barnett, Individually and as Executrix of the Estate of George C. Barnett, demands judgment against the Defendants and each of them individually, jointly and severally for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for both compensatory and punitive damages, costs of the actions, and all relief to which they may appear entitled, including trial by jury of all issues so triable.

16

Respectfully submitted,

SALES, TILLMAN, WALLBAUM
CATLETT & SATTERLEY

Kenneth L. Sales
Joseph D. Satterley
325 West Main Street, Suite 1900
Louisville, KY 40202
COUNSEL FOR PLAINTIFFS