UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY    *
LITIGATION (NO. VI)                   *
    Dupre et al. v. Todd Shipyards Corporation  *    MDL NO. 875
    E.D. Louisiana, C.A. No. 2:11-02097

RESPONSE IN OPPOSITION TO MOTION TO VACATE
THE CONDITIONAL TRANSFER ORDER (CTO-440)

MAY IT PLEASE THE COURT:

I.      Introduction

    Plaintiffs filed a Motion to Vacate Conditional Transfer Order (CTO-440) contending that there is no federal jurisdiction and defendants' removal was untimely. Plaintiffs also asserted that the CTO must be stayed pending the ruling on the Motion to Remand filed by plaintiffs in this action.  After plaintiffs' Motion to Vacate was filed, United States District Judge Jay C. Zainey denied plaintiffs' Motion to Remand and ruled that defendants established federal jurisdiction and that the removal was timely.  (See Orders and Reasons, attached as Exhibit A). Because the Eastern District ruled in defendants' favor, the Motion to Vacate must be denied. Additionally, plaintiffs' request that the CTO be stayed until the ruling on the Motion for Remand is now moot.  For these reasons alone, the Motion to Vacate should be denied. However, out of an abundance of caution, General Electric Company, Foster Wheeler LLC, and CBS Corp. will address plaintiffs' Motion to Vacate more fully below.

On November 8, 2010, plaintiff, Freddie Dupre, filed his Petition for Damages in *FREDDIE JOSEPH DUPRE versus TODD SHIPYARDS CORP., et. al.,* Case No. 2010-11337, in the Civil District Court for the Parish of Orleans.    Due to the death of Mr. Dupre, plaintiffs amended the petition to assert survival and wrongful death actions on January 18, 2011.  General Electric, Foster Wheeler, and Westinghouse are named as defendants.  Defendants assert that the Motion to Vacate should be denied because plaintiffs' opposition to the transfer of this case to *In Re Asbestos Products Liability Litigation* fails to allege any reason why this case does not meet the criteria for transfer pursuant to 28 U.S.C. § 1407.  Plaintiffs' argument that the case should not be transferred due to the motion to remand is now moot.

## II. Plaintiffs' Motion to Vacate the Conditional Transfer Order Should Be Denied Because They Have Failed to Allege Any Reason Why This Matter Does Not Meet the Criteria for Transfer under 28 U.S.C. § 1407.

The Judicial Panel on Multidistrict Litigation ("MDL Panel") has authority to determine whether a case is properly transferred pursuant to 28 U.S.C. § 1407.  *See In Re Ivy*, 901 F.2d 7 (2nd Cir. 1990).  Moreover, the value of transferring a case pursuant to 28 U.S.C. § 1407 should be assessed by evaluating the case in terms of "the purposes of the multidistrict statutory scheme, whether or not there is a pending jurisdictional objection."  *See generally Id.  See also In Re Koratron Patent Litigation*, 314 F. Supp. 60 (J.P.M.L. 1970) (finding that the issue with regards to a motion to vacate a conditional transfer order is not whether an "action should be stayed [pending resolution of an underlying issue] but whether it should be transferred").

Setting this aside the fact that Motion to Remand has been denied, Plaintiffs' argument entirely misses the issue with regards to the CTO.  The issue is not whether plaintiff is seeking to have the case remanded to state court; the issue is whether or not transfer to *In Re Asbestos Products Liability* is warranted under the statutory scheme found in 28 U.S.C. § 1407.  If a case

meets the criteria for transfer set forth in 28 U.S.C. § 1407, then the case should be transferred to the multidistrict litigation court.  Plaintiffs fail entirely to address any of the factors that this Court evaluates when determining whether transfer pursuant to 28 U.S.C. § 1407 is warranted. For this reason, plaintiffs' motion to vacate should be denied.

## II.    This Case Meets the Statutory Criteria for Transfer Pursuant to 28 U.S.C. § 1407.

This case involves Freddie Dupre's alleged exposure to asbestos while he worked at on and around equipment on vessels, including work on U.S. Navy ships.  Questions of law and fact in common with other asbestos cases in *In Re Asbestos Products Liability* are at issue, and these other asbestos cases are pending in numerous different jurisdictions across the country.  If transferred, the court in *In Re Asbestos Products Liability* will be able to rely upon its extensive experience addressing the issues in question here, promoting a just and efficient resolution of this matter and a convenient forum for the parties and witnesses.

28 U.S.C. § 1407 provides the applicable criteria this Court should utilize to evaluate transfer of an action to an MDL Court.  *See* 28 U.S.C. § 1407.  As elaborated upon in *Ivy*, the MDL Panel must assess cases using the following criteria pursuant to Section 1407:

> [F]irst, they must involve one or more common questions of fact; second, they must be pending in more than one district, and third, pretrial consolidation must promote the 'just and efficient conduct' of such actions and be for 'the convenience of parties and witnesses.'  It is expected that such transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained.  The types of cases in which massive filings of multidistrict litigation are reasonably certain to occur include . . . products liability actions . . .

*In Re Ivy*, 901 F.2d at 9.  When there are common questions of law or fact, transfer to an MDL Court is advisable because otherwise "there would be a risk of having similarly situated parties face different outcomes on the exact same question."  *Johnson v. Micron Technology, Inc.*, 354 F. Supp.2d 736, 740 (E. D. Mich. 2005) (*emphasis added*).  *See also Connecticut General Corp.*,

187 F. Supp.2d at 92 (finding that having a single court decide a "jurisdictional question which has arisen and presumably will continue to arise in cases around the nation" promotes "significant economies" and "will minimize the duplication of judicial resources and promote in those decisions uniformity and consistency"); *In Re Multidistrict Commodity Credit Corp. Litigation Involving Grain Shipments*, 332 F. Supp. 588 (J.P.M.L. 1971) (holding that because a case involves "complex and important questions of fact, common to this case and to many of the cases previously transferred" transfer will be "convenien[t] for the parties and witnesses and will promote just and efficient conduct"); *In Re Seroquel Products Liability Litigation*, 447 F. Supp.2d 1376 (J.P.M.L. 2006) (deciding that transfer of multiple cases to one MDL court was appropriate because common questions of fact existed, which would also promote efficiency and "convenience of the parties and witnesses"); and *In Re Mosaid Technologies, Inc., Patent Litigation*, 283 F. Supp.2d 1359 (holding that common questions of fact existed between cases and transfer to an MDL court would promote efficiency and "convenience of the parties and witnesses").

Because of the federal questions involved in this matter, this is precisely the kind of case that should be transferred to the MDL Court.  There are many other cases in *In Re Asbestos Products Liability* that also include the issues of federal officers and government contractors, including some where the alleged exposure occurred on a U.S. Navy Ship or shipyard or as a result of products or equipment provided to the U.S. government under U.S. government specifications.  *See Faddish v. General Electric Co.*, 2010 WL 4146108 (E. D. Pa. 2010) (holding that summary judgment for General Electric was proper based upon the government contractor defense because GE supplied the equipment in question to the U.S. Navy under specific government specifications).  The allegations in this case are factually similar to those

cases, including *Faddish*, which is a Southern District of Florida case in *In Re Asbestos Products Liability*.

Further, the MDL Court decides discovery issues common to asbestos litigation on a daily basis, so it is well-prepared to address any discovery issues that arise in this case. The discovery issues that do arise will be decided in a manner consistent with other asbestos cases. Transfer of this case to *In Re Asbestos Products Liability* will thus prevent duplication of judicial resources and promote the just and efficient conduct of the case.

Finally, General Electric, Foster Wheeler, and Westinghouse are and have been defendants in other In *Re Asbestos Products Liability* cases, as have other defendants in this case. The plaintiffs in this case are also similarly situated to other plaintiffs in *In Re Asbestos Products Liability* because of the nature of the allegations. If transferred, General Electric, Foster Wheeler, Westinghouse, and the other defendants will avoid unnecessary duplicative discovery. Transfer of this case to the MDL Court would therefore promote the convenience of the parties and witnesses.

Accordingly, there are common questions of law and fact between this case and other asbestos cases, and transfer will promote the just and efficient conduct of the case and convenience of the parties and witnesses. As a result, this case should be transferred to the multidistrict litigation *In Re Asbestos Product Liability*.

## III.   Conclusion

Plaintiffs' opposition to the transfer of this case to *In Re Asbestos Products Liability Litigation* fails to allege any reason why this case does not meet the criteria for transfer pursuant to 28 U.S.C. § 1407. This case meets the criteria required for transfer, so plaintiffs' Motion to Vacate should be denied. Transfer should be ordered in this case.

Dated: October 13, 2011

Respectfully submitted,

**FRILOT L.L.C.**

/s/ *Peter R. Tafaro*
JOHN J. HAINKEL, III – 18246
PETER R. TAFARO - 28776
3700 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3700
T: (504) 599-8000; F: (504) 599-8100

**Attorneys for Defendants, CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, Foster Wheeler LLC, and General Electric Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by electronic transmission and/or by depositing same in the United States Postal Service, properly addressed and postage prepaid, on this 13th day of October, 2011.

/s/ *Peter R. Tafaro*