MEDIATION

# U.S. District Court
## EASTERN DISTRICT OF NORTH CAROLINA (Eastern Division)
## CIVIL DOCKET FOR CASE #: 4:11-cv-00148-FL
### Internal Use Only

Patrick v. Detroit Stoker Company et al
Assigned to: District Judge Louise Wood Flanagan
Demand: $100,000
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 09/07/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Mary E Patrick**
*other*
Individually and an Administratrix of
Estate of Booker T. Patrick, Sr.
(Deceased)

represented by **Mona Lisa Wallace**
Wallace and Graham, P.A.
525 N. Main St.
Salisbury, NC 28144
704-633-5244
Fax: 704-633-9434
Email: mwallace@wallacegraham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Detroit Stoker Company**

### Defendant

**OWENS-ILLINOIS, INC.**

### Defendant

**Rapid American Corporation**

represented by **Carter T. Lambeth**
Johnson and Lambeth
P. O. Box 660
Wilmington, NC 28402
910-763-0481
Fax: 910-251-1276
Email: ctl@johnsonandlambeth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Riley Power, Inc., f/k/a Babcock
Borsig Power, Inc., f/k/a D.B. Riley,
Inc., f/k/a Riley Stoker Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2011 | ● 1 | COMPLAINT against All Defendants ( Filing fee $ 350 receipt number 0417-1751741.), filed by Mary E Patrick. (Attachments: # 1 Errata Summons, # 2 Exhibit Disclosure of Coporate Affiliations) (Wallace, Mona) (Entered: 09/07/2011) |
| 09/07/2011 | ● | NOTICE OF DEFICIENCY re: 1 Summons - Plaintiff counsel failed to submit summons for defendant Rapid American Corporation. (Berryhill, E.) (Entered: 09/07/2011) |
| 09/07/2011 | ● 2 | NOTICE by Mary E Patrick re 1 Complaint *Summons for Rapid American which was not attached to the original Complaint* (Wallace, Mona) (Entered: 09/07/2011) |
| 09/08/2011 | ● | Case Selected for Mediation - A printable list of certified mediators for the Eastern District of North Carolina is available on the court's Website, http://www.nced.uscourts.gov/applications/mediators.asp. Please serve this list on all parties. (Beasley, B.) (Entered: 09/08/2011) |
| 09/08/2011 | ● 3 | Summons Issued as to Detroit Stoker Company, OWENS-ILLINOIS, INC., Rapid American Corporation, Riley Power, Inc., f/k/a Babcock Borsig Power, Inc., f/k/a D.B. Riley, Inc., f/k/a Riley Stoker Corporation. (Berryhill, E.) (Entered: 09/08/2011) |
| 09/27/2011 | ● 4 | *ENTRY OF APPEARANCE AND* ANSWER to 1 Complaint with Jury Demand by Rapid American Corporation. (Lambeth, Carter) (Entered: 09/27/2011) |
| 09/27/2011 | ● 5 | FINANCIAL DISCLOSURE STATEMENT by Rapid American Corporation identifying Corporate Parent Riklis Family Corporation for Rapid American Corporation. (Lambeth, Carter) (Entered: 09/27/2011) |
| 09/29/2011 | ● | NOTICE OF DEFICIENCY re: 4 Answer to Complaint - Combined document error. A Notice of Appearance and Answer cannot be combined into one document. The 'Notice of Appearance' event is located under Civil Event: Notices. Counsel is instructed to separate the documents and re-file each pleading individually. (Jenkins, C.) (Entered: 09/29/2011) |
| 09/30/2011 | ● 6 | ANSWER to 1 Complaint with Jury Demand by Rapid American Corporation. (Lambeth, Carter) (Entered: 09/30/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : | Civil Action No.  MDL 875 |
| | : | |
| _____ | : | |
| This Document Relates to: | : | |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
File No.: 4:11-cv-148

| | | |
|---|---|---|
| Mary E. Patrick, Individually and as Administratrix of the Estate of Booker T. Patrick, Sr. (Deceased), | : | |
| | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| Detroit Stoker Company; | : | **CIVIL ACTION COMPLAINT** |
| Owens-Illinois Inc.; | : | |
| Rapid American Corporation; | : | **JURY TRIAL DEMANDED** |
| Riley Power, Inc., f/k/a Babcock Borsig Power, Inc., | : | |
| f/k/a/ D.B. Riley, Inc., f/k/a Riley Stoker Corporation; | : | |
| Defendants. | : | |
| _____ | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Mary E. Patrick, Individually and as Administratrix of the Estate of Booker T. Patrick, Sr. (deceased) sues the above-named defendants for compensatory and punitive damages and alleges:

1.     This action is brought pursuant to the Wrongful Death Act, N.C. Gen. Stat. 28A-18-1 *et seq.*, for the wrongful death of the decedent, Booker T. Patrick, Sr., on behalf of all persons entitled to recover damages.

2.     The decedent died on September 15, 2009 in Beaufort County, North Carolina. The cause of death was Respiratory Failure and Malignant Neoplasm of the Lung. The decedent was been diagnosed with Mesothelioma on or about March 31, 2010.

3.      This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action. This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

## PARTIES

4.      The plaintiff, Mary E. Patrick ("Plaintiff"), is the Administratrix of the Estate of Booker T. Patrick, Sr., deceased, and is a citizen of the State of North Carolina.  Plaintiff was appointed Administratrix of the Estate of Booker T. Patrick, Sr., deceased, by the General Court of Justice, Superior Court Division, Beaufort County, North Carolina on or about November 12, 2009. Plaintiff maintains this action on behalf of the estate pursuant to her powers under N.C. Gen. Stat. 28A-13-3.

5.      Decedent's exposure to asbestos and/or asbestos-containing products occurred during his employment at the sites listed on the attached Schedule I, which is incorporated by reference herein.

6.      The defendants are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. At all material times, each of the named defendants mined, manufactured, processed, imported, converted, compounded, and/or sold substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or were sold, distributed, and used in North Carolina.

7.      All of the named defendants are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina

courts pursuant to the North Carolina Long-Arm Statute. Each defendant corporation uses, mines, manufactures, processes, imports, converts, compounds, supplies, installs, replaces, repairs and/or retails substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment which are sold, distributed, and used in North Carolina. The plaintiff was exposed to various asbestos-containing products while working at various jobs, as listed on the attached Schedule I.

8.      At all times pertinent hereto, the defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said defendants.

9.      At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Decedent's employer or to such other entities so that these materials were caused to be used at the Decedent's job site.

## JURISDICTION AND VENUE

10.      This Court has personal jurisdiction over the defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or, at all material times are or have been engaged in business in the State of North Carolina.

11.      Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because Plaintiff resides in Beaufort County, North Carolina and a substantial part of the events or omissions occurred in North Carolina.

12.      This Court has jurisdiction of this matter pursuant to 28 U.S.C.A. §1332 because the Plaintiff is a citizen of the State of North Carolina and no defendant is a citizen of the State of North Carolina.  Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.      Plaintiff has satisfied all conditions precedent to the filing of this action.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

14.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

15.     At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

16.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the decedent.

17.     Decedent, for a long period of time, worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

18.     During the course and scope of his employment, decedent was exposed to defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as asbestosis and mesothelioma, which ultimately resulted in death.

19.     Defendants, acting by and through its servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products (as mentioned above) that were not unreasonably dangerous or defective and/or a duty to warn the Decedent and foreseeable users of said products of the dangers

and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

20.     Decedent, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants. Defendants knew or should have known that persons employed as Decedent would be required to and would come into contact with and would work in close proximity to said products.

21.     Decedent sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Decedent's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent's body, lungs, respiratory system, skin, health, and general well-being. Further, defendants knew or in the exercise of reasonable care should have known that Decedent would not know of such danger to his health.

22.     Decedent's illness, disability, and death are the direct and proximate result of the negligence and carelessness of defendants, jointly and severally, in that, even though the defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to decedent's body, lungs, respiratory system, skin, and health.

23.     Defendants breached their duties and were negligent in the following acts and/or

omissions:

(a)     Failed to advise decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)     Failed or omitted to provide the decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)     Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)     Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)     Inadequately warned, if, in fact, they warned at all, persons such as decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers  from asbestos and/or asbestos-containing materials, products or equipment;

(f)     Did not recommend methods to improve the work environment;

(g)     Did not develop alternative products;

(h)     Continued to use a known cancer-causing product, to-wit:  asbestos; and

(i)     After discovering that the asbestos exposure caused a progressive lung disease, the defendants did not inform the decedent of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

24.     Defendants, at the time of designing, manufacturing, distributing, selling,  or

otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the

stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks

associated with their products.  The products in question were defective at the time that they left the

control of the defendants.

25.     Defendants were negligent and breached their duty of due care to decedent by taking or failing to take the actions as previously alleged to avoid harm to the decedent and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

26.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to decedent were reasonably foreseeable, or should have been reasonably foreseen by defendants.

27.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the decedent developed asbestosis and mesothelioma, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

28.     Accordingly, plaintiff has suffered injury and damages hereinafter described.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

29.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

30.     The defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

31.     The implied warranty made by the defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the decedent carried out his duties as a dye house mechanic working with asbestos and asbestos-containing materials, products, or equipment.

32.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, decedent developed asbestos-related illnesses, to-wit: asbestosis and mesothelioma, as a consequence of which, through no fault of his own, he became severely injured, disabled, damaged, and died.

33.     Accordingly, plaintiff has suffered injury and damages hereinafter described.

### THIRD CAUSE OF ACTION

### GROSS NEGLIGENCE—WILFUL, WANTON, AND RECKLESS CONDUCT

34.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

35.     Decedent and others in his position worked in close proximity to the asbestos and asbestos-containing materials of the defendants, and the exposure and hazard to each of them, in decedent's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the defendants, and each of them.

36.     The defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the decedent and others in the decedent's position, and prompted by pecuniary motives, the defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said defendants.  As a result, the decedent has been severely damaged as is set forth below.

37.     The defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying decedent the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking,

and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users of the need for monitoring due to prior exposure;

(b)     failure to issue recall type letters to prior users;

(c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

38.     The acts of the defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of decedent and others similarly situated at a time when defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including decedent and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of decedent and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

39.     Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

## FOURTH CAUSE OF ACTION

## FALSE REPRESENTATION

40.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

41.     During, before, and after decedent's exposure to asbestos products manufactured by defendants, the defendants falsely represented facts, including the dangers of asbestos exposure, to decedent in the particulars alleged in the paragraphs above, while defendants each had actual knowledge of said dangers of asbestos exposure to persons such as decedent, and while defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

42.     The foregoing representations were material conditions precedent to decedent's continued exposure to asbestos containing products, and defendants each intended that plaintiff act upon the representations by continuing his exposure to the asbestos products. Decedent was ignorant of the falsity of defendants' representations and rightfully relied upon the representations.

43.     As a direct and proximate result of decedent's reliance upon defendants' false representations, plaintiff has suffered injury and damages hereinafter described.

## FIFTH CAUSE OF ACTION

## FAILURE TO WARN

44.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

45.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that exposures to inhalable asbestos fibers caused and/or significantly contributed to the Decedent's development of asbestosis and mesothelioma.

46.     Defendants had a duty to warn individuals working at the Decedent's jobsites, including but not limited to Decedent, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

47.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Decedent of the dangers, including but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with its products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Decedent  knowledge about the hazards caused by exposure to its products and how to eliminate such hazards;

(c)     Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)     Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Decedent;

(e)     Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)     Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)     Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)    Failing to take adequate precautions and industrial hygiene measures to protect Decedent and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Decedent and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures; and

(j)    otherwise failing to act reasonably under the totality of the circumstances.

48.    Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment, Decedent's employer, and these products were used by Decedent's various employers. Thus, Defendants had a duty to warn individuals working at Decedent's jobsites, including but not limited to the Decedent, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

49.    Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

50.    At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that it knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Decedent. In the alternative, after the asbestos-containing products left Defendants' control, Defendant became aware of or in the exercise of ordinary care should have known that their product posed a substantial risk of harm to a

reasonably foreseeable user, such as the Decedent, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

51.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Decedent to develop asbestosis as a consequence of which he has been injured and damaged and claims damages of the Defendant jointly and severally.

52.     As a result of the Defendant corporations' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or proper instructions on the use, handling, storage of said products caused decedent to develop asbestosis and mesothelioma, which resulted in serious injury, disablement, damage, and death.

53.     Accordingly, plaintiff has suffered injury and damages hereinafter described.

### DAMAGES

54.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs.

55.     Plaintiff files this action under and pursuant to N.C. Gen. Stat. §§28A-18-1, *et. seq.*, and seeks to recover any and all damages allowable and incurred by the Estate of Booker T. Patrick, Sr. and all beneficiaries.

56.     As a result of the above-alleged conduct of the Defendants, the decedent developed Mesothelioma, as a consequence of which, he has been damaged as follows:

(a)     for hospital and medical expenses incidental to decedent's last illness;

(b)     for loss of earnings and future earning power of the decedent;

(e)     for the loss of decedent's general health, strength, and vitality.

(d)     for the loss of pecuniary contributions to the Plaintiff;

(e)     for the loss of aid, companionship and services to the Plaintiff;

(f)     for the future loss of aid, companionship and services to Plaintiff;

(g)     for the pain and suffering of the decedent;

(h)     for all other damages recoverable under said Act.

57.     Finally, as a result of the Defendants' conduct in which they acted in willful, wanton, gross and in total disregard for the health and safety of the user or consumer, i.e., decedent, Plaintiff therefore seeks exemplary and punitive damages against defendants to punish the defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

WHEREFORE, the Plaintiff verily believes he is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, wrongful death damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

**<u>PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.</u>**

Respectfully submitted,

WALLACE AND GRAHAM, P.A.

/s/Mona Lisa Wallace, Esquire
Mona Lisa Wallace
NC Bar No. 9021
William M. Graham
NC Bar No. 17972
Cathy A. Williams
NC Bar No. 33534
Attorneys for Plaintiff
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC  28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
E-Mail: mwallace@wallacegraham.com
E-Mail: bgraham@wallacegraham.com
E-Mail: cwilliams@wallacegraham.com

Date:

Booker T. Patrick, Sr.

SCHEDULE I
Deceased Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information

DECEASED'S OCCUPATION:

Brick Worker
Boiler Maker
Supply Clerk

EMPLOYER/WORKSITE:                                APPROXIMATE DATES:

| Employer/Worksite | | |
|---|---|---|
| Worthy and Theridge Drug Store | 1/1/1943 | 4/15/1943 |
| US Army- Fort Bragg - Fayetteville,  NC | 1/1/1943 | 12/31/1945 |
| US Army - Mississippi | 1/1/1943 | 12/31/1945 |
| US Army - WWII  - Europe | 1/1/1943 | 12/31/1945 |
| Jefferies & Smith | 11/1/1945 | 2/15/1946 |
| J. A. Jones Inc | 5/1/1947 | 5/15/1947 |
| MR W J Edwards | 12/15/1947 | 7/11/1948 |
| Sawmill -Washington, NC | 1/1/1948 | 12/31/1949 |
| T Tucking & S Wilking | 7/1/1948 | 8/15/1948 |
| Stoncor Group INC | 7/1/1948 | 10/11/1948 |
| M G Walters Lumber CO | 9/15/1948 | 9/15/1949 |
| M G Waters Lumber Co | 4/1/1949 | 10/10/1950 |
| J T Hardison & Son Inc | 7/1/1949 | 7/30/1949 |
| Washington, NC | 1/1/1950 | 12/31/1967 |
| Register & Bengel Partners | 10/1/1950 | 10/15/1950 |
| World Barber Shop | 10/1/1950 | 12/31/1950 |
| World Barber Shop | 4/1/1951 | 4/15/1951 |
| E O Register Masonry Contractor | 4/1/1951 | 4/30/1951 |
| Coggins Construction Co Inc | 7/1/1951 | 12/31/1951 |
| T A Loving Company | 10/1/1951 | 2/15/1952 |
| W G Dunn Building Contractor | 4/1/1952 | 5/15/1952 |
| Coggins Construction Co Inc | 4/1/1952 | 4/15/1972 |
| TA Onslow Building Co | 5/15/1952 | 5/30/1952 |
| Conn Structors | 6/1/1952 | 9/15/1952 |
| New River Management Co | 7/1/1952 | 7/30/1952 |
| J M Morton | 10/1/1952 | 10/15/1952 |
| Red & White Supermarket | 10/15/1952 | 10/31/1952 |
| Dunn Building Supply Co Inc | 1/1/1953 | 2/15/1953 |
| J L Coe Construction Co Inc | 10/1/1953 | 3/15/1954 |
| J N Bryan & Sons | 1/1/1954 | 6/30/1954 |
| Paul Dixon | 7/1/1954 | 7/15/1954 |
| TA W S Jordan Building Contractor | 7/15/1954 | 10/15/1954 |

| | | |
|---|---|---|
| J N Bryan & Sons | 10/1/1954 | 10/15/1954 |
| P. S. West Construction Co Inc | 10/15/1954 | 12/31/1954 |
| J T Hardison & Son Inc | 1/1/1955 | 4/15/1955 |
| P. S. West Construction Co Inc | 1/1/1955 | 12/31/1956 |
| WHW Partners Corporation | 4/1/1955 | 4/15/1955 |
| TA Miller & Lewis Contrs | 4/15/1955 | 8/15/1955 |
| Carolina Broadcasting System Inc | 8/15/1955 | 9/30/1955 |
| Joseph L Lyerly Masonry Contractor | 10/1/1956 | 10/15/1956 |
| TA W S Jordan Building Contractor | 10/1/1956 | 10/15/1956 |
| J T Hardison & Son Inc | 10/1/1956 | 11/15/1956 |
| D. J. Rose & Son | 10/15/1956 | 12/31/1956 |
| R K Stewart & Son | 1/1/1957 | 7/15/1957 |
| King Hunter Inc | 7/1/1957 | 8/15/1957 |
| Fred C Gardner Co Inc | 8/15/1957 | 9/30/1957 |
| Nobles Sales & Serv & Stop & Fetchit | 8/15/1957 | 10/15/1957 |
| T A Loving Company | 10/1/1957 | 2/15/1958 |
| J L Coe Construction Co Inc | 10/15/1957 | 10/31/1957 |
| Frank C Harrington | 1/1/1958 | 3/31/1958 |
| O. L. Shackelford Inc | 4/1/1958 | 8/15/1958 |
| TA R. N. Rouse & Co | 8/15/1958 | 9/30/1958 |
| TA G & W Masonry Contractors | 9/20/1958 | 10/15/1958 |
| Hardy Harvey Inc | 10/15/1958 | 10/30/1958 |
| TA E. R. Const Co | 11/15/1958 | 3/15/1959 |
| James Leo Hawkins | 7/1/1959 | 8/1/1959 |
| Greenville Builders Inc | 8/1/1959 | 8/15/1959 |
| Northside Lumber Company | 9/15/1959 | 10/15/1959 |
| P. S. West Construction Co Inc | 9/15/1959 | 12/31/1959 |
| D. J. Rose & Son | 10/1/1959 | 10/10/1959 |
| Faulkner Bros Contractors | 10/1/1959 | 4/15/1960 |
| WM Muirhead Construction Co Inc | 4/1/1960 | 4/15/1960 |
| T A Loving Company | 4/1/1960 | 10/11/1960 |
| P. S. West Construction Co Inc | 7/1/1960 | 3/1/1961 |
| Newton P Simmer | 1/1/1961 | 1/15/1961 |
| Hardy Harvey Inc | 4/1/1961 | 4/15/1961 |
| F & F Construction Co | 7/1/1961 | 7/15/1961 |
| Harllee Quattebaum Inc. | 7/15/1961 | 9/15/1961 |
| Dixie Construction Co Inc | 9/15/1961 | 11/15/1961 |
| Masonry Contractors Inc | 11/15/1961 | 1/5/1962 |
| Sam Adams | 1/1/1962 | 1/15/1962 |
| King Hunter Inc | 1/1/1962 | 12/31/1962 |
| Register & Bengel Partners | 4/1/1962 | 4/15/1962 |
| Ben J Layton | 4/1/1962 | 4/30/1962 |
| E I DuPont De Nemours and Company | 7/1/1962 | 8/1/1962 |
| Joe Daughtridge | 8/1/1962 | 9/1/1962 |
| Talton Construction Co | 10/1/1962 | 11/15/1962 |
| T A Loving Company | 10/1/1962 | 6/15/1963 |
| Coxs Brick Mason & Contracting | 4/1/1963 | 4/15/1963 |
| Goode Construction Corporation | 4/1/1963 | 3/31/1964 |

| | | |
|---|---|---|
| T A Loving Company | 1/1/1964 | 5/15/1964 |
| R K Stewart & Son | 4/1/1964 | 4/15/1964 |
| J. M. Thompson Co Inc. | 4/1/1964 | 6/15/1964 |
| Johnnie Lee Buck | 4/1/1964 | 8/15/1964 |
| H.L. Coble Construction Company Inc | 8/15/1964 | 5/15/1965 |
| Tandy Construction Co | 4/1/1965 | 4/30/1965 |
| Willie James Dickens | 4/1/1965 | 4/30/1965 |
| Daniel International Corp | 5/1/1965 | 5/30/1965 |
| Crain & Denbo Inc. | 5/15/1965 | 6/30/1965 |
| L. P. Cox Co | 7/1/1965 | 6/30/1966 |
| J L Coe Construction Co Inc | 9/1/1965 | 12/31/1965 |
| C. R. Bell Masonry Construction Co Inc | 12/15/1965 | 3/31/1966 |
| Willie James Dickens | 4/1/1966 | 4/30/1966 |
| T A Loving Company | 4/1/1966 | 10/15/1966 |
| Brody Organization Inc | 9/15/1966 | 3/31/1967 |
| Trader Construction Company | 1/1/1967 | 5/1/1967 |
| D. R. Allen & Sons Inc. | 4/1/1967 | 8/15/1967 |
| Willie James Dickens | 7/1/1967 | 12/31/1967 |
| Eastern Construction Co of Greenville Inc | 8/15/1967 | 9/1/1967 |
| Holler Construction Co Inc | 10/1/1967 | 1/15/1968 |
| Public Works Commission - Cherry Point Marine Base - Cherry Point, NC | 1/1/1968 | 12/31/1988 |
| Cieszko Construction Co Inc | 1/1/1980 | 12/31/1980 |
| Defense Accounting Office Code CHB | 1/1/1983 | 12/31/1989 |
| Phifer & Goodwin Contractors Inc | 1/1/1987 | 12/31/1987 |
| Sprinkle Masonry Inc | 1/1/1989 | 12/31/1989 |
| Snow Jr & King Inc | 1/1/1989 | 12/31/1990 |
| Joyner Masonry Works Inc | 1/1/1990 | 12/31/1991 |
| Pettit Construction Co Inc | 1/1/1991 | 12/31/1991 |
| Self-Employed | 1/1/1991 | 12/31/1991 |
| United Masonry Enterprises Inc | 1/1/1991 | 12/31/1992 |
| Carolina East Masonry Inc | 1/1/1992 | 12/31/1992 |
| Davis Masonry | 1/1/1992 | 12/31/1992 |
| J. J. Masonry | 1/1/1992 | 12/31/1992 |
| CNF Constructors Inc. | 1/1/1992 | 12/31/1993 |
| East Carolina Masonry | 1/1/1993 | 12/31/1993 |
| Coastal Stone & Brick | 1/1/1994 | 12/31/1994 |
| B. T. Harris Mason Contractor | 1/1/1996 | 12/31/1996 |
| Linwood E Rowe | 1/1/1995 | 12/31/1997 |
| John Powell Sub-Contractor | 1/1/2000 | 12/31/2000 |
| Joyner Masonry Works Inc | 1/1/2001 | 12/31/2001 |
| Quality Masonry | 1/1/2003 | 12/31/2004 |

## PRODUCTS CONTAINING ASBESTOS:

Raw Asbestos Fiber, Pipe Covering, Block, Cements, Gaskets, Refractory Materials, Boilers, Joint Compounds, Wall Board, and other asbestos containing materials.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## NC DEFENDANTS LIST

Detroit Stoker Company
CT Corporation System
150 Fayetteville St., Box 1011
Raleigh, NC 27601

Owens-Illinois Inc.
C/O Managing Agent
One Michael Owens Way
Perrysburg, OH 43551

Rapid American Corporation
Corporation Service Company
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

Riley Power, Inc., f/k/a Babcock Borsig Power, Inc., f/k/a/
        D.B. Riley, Inc., f/k/a Riley Stoker Corporation
CT Corporation System
150 Fayetteville St Box 1011
Raleigh, NC 27601