# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION: ) | |
| ) | |
| RANDALL WADE and CAROL WADE, ) | |
| ) | CIVIL ACTION NO._____ |
| Plaintiff, ) | |
| ) | (Superior Court of the State of Delaware, |
| v. ) | New Castle County, |
| ) | C.A. No. N11C-07-173 ASB |
| VIAD CORP., as successor-in-interest to ) | |
| GRISCOM-RUSSELL COMPANY ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

**DEFENDANT VIAD CORP'S NOTICE OF REMOVAL OF
ACTION FROM DELAWARE SUPERIOR COURT**

TO THE JUDGE OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Viad Corp ("Viad") incorrectly sued as Viad Corp., as successor-in-interest to Griscom-Russell Company, pursuant to 28 U.S.C. §§ 1442 (a)(1) and 1446, hereby removes the above-styled action, which was initially filed in the Superior Court of the State of Delaware In and For New Castle County bearing Case No. N10C-07-246 ASB to the United States District Court for the District of Delaware. Removal to this Court is appropriate under the federal officer removal statute. The grounds for removal are more particularly stated as follows.

  1.  On July 25, 2011, Plaintiffs Randall and Carol Wade, filed their Complaint in the Superior Court of Delaware, in and for New Castle County, naming Viad as one of the defendants. Viad was served with the Complaint on September 13, 2011. A copy of the Plaintiff

{DE193046.1}

Counsel's letter dated September 2, 2011 to Viad Corporation identifying letter as proof of service is attached hereto as Exhibit A.

2. This Notice of Removal is timely because it is being filed within thirty (30) days after Viad received service of the first "paper" within the meaning of 28 U.S.C. §1446(b) from which Viad could determine that the case is removable.

3. Plaintiff's Complaint alleges that Randall Wade was exposed to asbestos and asbestos-containing products that were manufactured, sold, distributed, or installed by thirty-seven (37) defendant corporations. The Complaint contains vague and general allegations that Mr. Wade was exposed to asbestos from brake, clutch, engine, machinery, and gasket material, as well as from working around others who were repairing and/or replacing asbestos-containing pipe covering while serving in the Navy from June 1962 through August 1966.

4. Plaintiff's Complaint alleges that Randall Wade suffers from an asbestos-related disease, including, but not limited to, lung cancer.

5. This action is one which may be removed to this Court by Viad on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. §1442(a)(1).

6. Viad is entitled to remove this action because: (1) It is the alleged successor-in-interest to a person[1] that was acting under the direction of a federal officer or agency; (2) it has a colorable defense to Plaintiff's claims; and (3) there is a causal nexus between Plaintiff's claims and Griscom-Russell's alleged conduct under federal office. *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 131-34 (1989).

---

[1] A corporation is a "person" within the meaning of 28 U.S.C. 1442 (a). *See Aisup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 848 (S.D. Ill 2006) citing *Camacho v. Autoridad de Telofonos de Puerto Rico*, 868 F. 2d 482, 486-87 (1st Cir. 1989); *Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d 1949, 1953. 3 (D. Me. 2005).

{DE193046.1}

7.  Viad has been sued as the alleged successor-in-interest to Griscom-Russell which, upon information and belief, was a manufacturer and supplier of equipment to the United States Navy.[2]

8.  Any equipment manufactured or sold to the U.S. Navy was done so pursuant to procurement contracts entered into with the Navy and in accordance with the precise specifications required by the Navy. Griscom-Russell had no authority or discretion to deviate from the Navy's specifications. See November 19, 2009 Declaration of Rear Admiral Ben J. Lehman, U.S. Navy, Ret. ("Lehman Declaration") and December 16, 2009 Declaration of Charles R. Cushing, Ph.D. ("Cushing Declaration"). The Lehman and Cushing Declarations are attached hereto as Exhibits B and C respectively.

9.  Griscom-Russell was acting under an officer or agency of the United States within the meaning of 28 U.S.C. 1441(a)(1), and Plaintiff's claims against Viad in it alleged capacity as successor-in-interest to Griscom-Russell are derived solely from Griscom-Russell's official duties.

10. Viad has a colorable claim to a federal defense in this action; specifically, government contractor immunity from liability for injuries arising from exposure to asbestos in equipment manufactured by Griscom-Russell. *Boyle v. United Techs. Corp.*, 489 U.S. 500, 512 (1988); *Reaser v. Allis-Chalmers Corp.*, C.V. No. 08C-1296-SVW (SSx), at p. 9 (attached hereto as Exhibit D) (C.D. Cal. June 23, 2008) (denying plaintiff's motion to remand case against Viad based partially on Lehman and Cushing declarations which support the finding that the "Navy set forth reasonably precise specifications regarding the use of warnings, such that Defendants have

---

[2] Viad disputes that it is, in fact or at law, the successor-in-interest to Griscom-Russell.

{DE193046.1}

a basis for asserting a colorable federal defense"); *Despres v. Ampco-Pittsburgh Corp.*, Civil No.3:07cv1359 (JBA), at p. 8 (D. Conn. Sept. 22, 2008) (attached hereto as Exhibit E) (upholding Viad's removal of case to federal court because "Viad has satisfied the three statutory prerequisites"); *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 57 (D. Mass. 2008) ("Since the Navy issues reasonably precise specifications as to the warnings, the court concludes, for purposes of this motion that: (1) the Navy exercised a substantial degree of control over Buffalo Pump's provision of warnings; and (2) the Navy's control over these warnings impeded Buffalo Pump's ability to independently fulfill its state law obligation to warn of the dangers of asbestos (if indeed it knew of these dangers)."); *Marley v. Elliot Turbomachinery Co.*, 545 F. Supp. 2d 1266, 1273 (S.D. Fla. 2008) (removal allowed as Affidavits of Lehman and another "provide a good faith foundation to show (1) that the Navy controlled the warnings to be affixed on parts manufactured by independent contractors, and (2) that the Navy was likely to reject any asbestos warning given its policy to deal with the asbestos problem exclusively through training."); *Oberstar v. CBS Corp.*, U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008) (plaintiff's motion to remand after Viad and General Electric removal denied based, *inter alia*, on similar Lehman Affidavit); *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1004-05 (N.D. Ill. 2007) (Lehman and Cushing held sufficient to demonstrate at removal state that "(1) the Navy had complete control over the manufacture and design of every piece of equipment on its ships, as well as the nature of warnings issued; and (2) contractors, such as Griscom-Russell, were not allowed to deviate from the specifications."); *Machnik v. Buffalo Pumps, Inc.*, 506 F. Supp. 29 99, 102 (D. Conn. 2007) (Navy ship equipment manufacturers' federal officer removal allowed in asbestos personal injury claim involving state law failure to warn claims).

{DE193046.1}

11. Griscom-Russell acted under the authority and at the direction of the Navy with respect to the manufacture and sale of equipment for the Navy. In this regard, the Navy issued comprehensive specifications and other technical documentation identified in contract documents and controlled the design and construction and specified the materials to be used for the equipment sold and manufactured by Griscom-Russell to the Navy was manufactured under reasonably precise, detailed specifications and technical documentation requirements dictated by the United States government and identifiable in applicable contract documents. The Navy enforced compliance with its design specifications. No aspect of the design of its products escaped the close control of the Navy and its officers, which retained ultimate decision-making authority with respect to the design and approval of Griscom-Russell's products. *See* Lehman and Cushing Declarations; e.g. *O'Connell*, 544 F. Supp. 2d at 55-58; *Marley*, 545 F. Supp. 2d at 1273-74; *Harris*, 532 F. Supp. 2d at 1005; *Machnik*, 506 F. Supp. at 103-05.

12. The Navy's specifications also covered the nature of any communication affixed to equipment supplied to the Navy. As such, Griscom-Russell was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings or other written materials required to be provided with regard to equipment that it manufactured for the Navy. Moreover, either directly, or as a matter of practice, the Navy specified what was to be written, posted, printed and published on any nameplate or sign, including all aspects of warnings, for any product manufactured for its use. Griscom-Russell would not have been permitted (either under the Navy specifications or as a matter of Navy practice) to attach any type of warning or cautionary statement not required or approved by the Navy, including any statement relating to asbestos, without prior discussion, approval and acceptance by the Navy. *See* Lehman and Cushing Declarations; *O'Connell*, 544 F. Supp. 2d at 58 (holding that the

{DE193046.1}

federal contractor defense applies in the failure to warn context), citing *Emory v. McDonnell Douglas Corp.*, 148 F.2d 347, 350 (4th Cir. 1998) (collecting cases from the Second, Fifth, Sixth, Seventh and Ninth circuits).

13. The United States Navy was aware of the potential hazards of asbestos as early as 1922, and by the 1940s, the Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time. *See* Lehman Declaration at ¶ 13g; *see also Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 422-23 (5th Cir. 2001); *Harris*, 532 F. Supp. 2d at 1005-06; *Oberstar*, 2008 U.S. Dist. LEXIS at *9-14; *Machnik*, 506 F. Supp. 2d at 104.

14. Removal is appropriate, *inter alia*, because Viad is not required to prove the merits of its defense in order to remove this case successfully. Viad is required to present a colorable claim such that the validity of the defense should be tried in federal rather than state court. *Jefferson County*, 527 U.S. at 431; *Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969) ("in fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in federal court. The officer need not win his case before he can have it removed."); *O'Connell*, 544 F. Supp. 2d at 53-54. The federal officer removal statute is not narrow or limited and should not be frustrated by a narrow interpretation of 28 U.S.C. §1442(a)(1). *Willingham*, 395 U.S. at 406.

15. Viad requests the opportunity to brief and respond, both in writing and orally, against any Motion for Remand filed by Plaintiff.

16. Viad reserves the right to amend or supplement this Notice of Removal.

{DE193046.1}

17. Viad reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

18. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on all parties and filed with the Prothonotary of the Superior Court of the State of Delaware, in and for New Castle County.

19. A Notice of Tag-Along Action, identifying the coordinated pre-trial proceedings in the Eastern District of Pennsylvania (In Re Asbestos Products Liability Litigation, MDL Docket No. 875), to which this case may be transferred, will be filed with this Court.

WHEREFORE, Defendant Viad Corp notes the removal of this action to this Court on the 11th of October, 2011.

BY: /s/ *Brian L. Kasprzak*
Brian L. Kasprzak, Esquire (No. 3846)
Jeffrey S. Marlin, Esquire (No. 0176)
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorneys for Defendant Viad Corp.*

Dated: October 13, 2011

{DE193046.1}

U.S. District Court
District of Delaware (Wilmington)
CIVIL DOCKET FOR CASE #: 1:11-cv-00966-SLR

Wade et al v. 3M Company et al
Assigned to: Judge Sue L. Robinson
Case in other court: Superior Court/NCC/DE, N11C-07-00173 ASB
Cause: 28:1442 Notice of Removal

Date Filed: 10/13/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Randall Wade**  represented by  **Michael L. Sensor**
Perry & Sensor
One Customs House, Suite 560
P.O. Box 1568
702 N. King Street
Wilmington, DE 19899
(302) 655-4482
Fax: (302) 655-4043
Email: msensor@perry-sensor.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carol Wade**  represented by  **Michael L. Sensor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**

**Defendant**

**A W Chesterton Company**

**Defendant**

**American Equipment Inc.**

**Defendant**

**Borg-Warner Corporation**
*also known as*
Burns International Services Corporation

**Defendant**

**Buffalo Pumps Inc.**

Defendant

**Caterpillar Inc.**

Defendant

**CBS Corporation**
*individually and as successor-by-merger*
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation
*formerly known as*
B F Sturtevant

Defendant

**Cottrell Inc.**

Defendant

**Crane Co.**

Defendant

**Cummins Inc.**

Defendant

**Dana Companies LLC**
*formerly known as*
Dana Corporation

Defendant

**Dap Products Inc.**

Defendant

**Flowserve (US) Inc.**
*individually and as successor-in-interest to Byron Jackson Pump Company*

Defendant

**FMC Corporation**
*on behalf of its former Northern Pump Division and Chicago Pump Division*

Defendant

**Ford Motor Company**

Defendant

**Foster Wheeler Energy Corporation**

**Defendant**

**Gardner Denver Inc.**

**Defendant**

**General Electric Company**

**Defendant**

**Genuine Parts Company**
*also known as*
NAPA

**Defendant**

**Goodyear Tire & Rubber Company**

**Defendant**

**Grinnell Corporation**

**Defendant**

**Honeywell International Inc.**
*formerly known as*
Allied Signal Inc./Bendix

**Defendant**

**IMO Industries Inc.**
*individually and as successor-in-interest to Delaval Turbine Inc.*

**Defendant**

**Ingersoll Rand Company**
*successor by merger to Trane (US) Inc.*

**Defendant**

**International Truck Inc.**

**Defendant**

**Mack Trucks Inc.**

**Defendant**

**Manitowoc Company Inc.**
*individually and as successor in interest to Grove Worldwide Co., Grove Worldwide Inc. and Grove Worldwide LLC*

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Navistar Inc.**
*formerly known as*
International Harvester
Company/International Truck & Engine
Corporation

**Defendant**

**Northern Pumps**

**Defendant**

**Parker Haniffin Corporation**
*individually and as successor in interest
to Sacoma Sierra Company*

**Defendant**

**Patterson Pump Company**
*a Subsidiary of the Gorman-Rupp
Company (Individually and as
successor to C.H. Wheeler
Manufacturing and Griscom Russell)*

**Defendant**

**Pneumo Abex LLC**

**Defendant**

**Union Carbide Corporation**

**Defendant**

| | | |
|---|---|---|
| **Viad Corp.**<br>*as successor in interest to Griscom-Russell Company Velan Valve Corporation* | represented by | **Brian Lucian Kasprzak**<br>Marks, O'Neill, O'Brien & Courtney, P.C.<br>300 Delaware Ave., Suite 900<br>Wilmington, DE 19801<br>(302) 658-6538<br>Email: bkasprzak@mooclaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Jeffrey S. Marlin**<br>Marks, O'Neill, O'Brien & Courtney, P.C.<br>300 Delaware Ave., Suite 900<br>Wilmington, DE 19801<br>(302) 658-6538<br>Email: jmarlin@mooclaw.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

Warren Pumps LLC

**Defendant**

Yarway Corporation

| Date Filed | # | Docket Text |
|---|---|---|
| 10/13/2011 | 1 | NOTICE OF REMOVAL and copies of documents from Superior Court/NCC/DE, Case Number N11C-07-173A ASB (Filing fee $350, receipt number 0311-958868)- filed by Viad Corp.. (Attachments: # 1 Exhibit A, # 2 Exhibit A part 1, # 3 Exhibit B, # 4 Exhibit B part 2-A, # 5 Exhibit B part 2-B, # 6 Exhibit B part 2-C, # 7 Exhibit B part 2-D, # 8 Exhibit B part 2-E, # 9 Exhibit B part 2-F, # 10 Exhibit B part 2-G, # 11 Exhibit B part 3, # 12 Exhibit B part 4, # 13 Exhibit B part 4-A, # 14 Exhibit B part 4-B, # 15 Exhibit B part 4-C, # 16 Exhibit B part 4-C1, # 17 Exhibit B part 4-D, # 18 Exhibit B part 4-E, # 19 Exhibit B part 4-F, # 20 Exhibit B part 4-G, # 21 Exhibit B part 4-G1, # 22 Exhibit B part 4-H, # 23 Exhibit C, # 24 Exhibit D, # 25 Exhibit E, # 26 Exhibit F, # 27 Certificate of Service, # 28 Civil Cover Sheet)(nms) (Entered: 10/14/2011) |
| 10/13/2011 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (nms) (Entered: 10/14/2011) |
| 10/19/2011 |  | Case Assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb) (Entered: 10/19/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/20/2011 14:45:25 | | | |
| PACER Login: | mo0156 | Client Code: | 887-92177 |
| Description: | Docket Report | Search Criteria: | 1:11-cv-00966-SLR Start date: 1/1/1970 End date: 10/20/2011 |
| Billable Pages: | 3 | Cost: | 0.24 |