**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS**
**LIABILITY LITIGATION (NO. VI)**
**MDL NO. 875**


**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **EARL GRELSON,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.** |
| | : | **1:11-CV-6063** |
| | : | |
| **VS.** | : | |
| | : | |
| | : | |
| **RAPID AMERICAN CORP., et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |


**DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO VACATE CTO-443**

I.      **<u>INTRODUCTION</u>**

Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") files this Opposition to Motion to Vacate CTO-443 filed by plaintiff in the case of *Earl Grelson v. Rapid American Corp., et al*., Civil Action Number 1:11-cv-6063 (N.D. Ill).   The Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-443 transferred this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407.   This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875.   To ensure the efficient and consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiff's Motion to Vacate CTO-443.

Plaintiff continues to paint the Asbestos MDL as a "bottomless pit" of sorts where cases are essentially buried and are never litigated.   This is entirely untrue as any review of the MDL docket would demonstrate.   The MDL judge and magistrates are actively managing the cases and issuing scheduling orders and briefing schedules for pretrial motions in advance of remand to the transferor federal district courts.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand.   In fact, the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation,* 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation,* 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).)   In this particular case, however, **<u>there is no pending motion to remand, as plaintiff's motion to remand was denied</u>**.   On October 13, 2011, the Honorable Virginia M. Kendall of the Northern District of Illinois, Eastern Division

denied plaintiff's Motion to Remand and stayed the action pending a decision on transfer by the Panel.  See the attached Order in <u>Grelson v. Foster Wheeler Energy Co.</u>, Case No. 1:11-cv-6063 (Exhibit A).  Judge Kendall decided that, as the Panel conditionally transferred <u>Grelson</u> to the MDL Court, it was appropriate that the Northern District of Illinois defer from taking any further action in the case.

The only factual issues germane to CTO-443 are already known in this case.  Namely, it is contended that plaintiff Earl Grelson developed an asbestos-related illness as a result of his exposure to asbestos.  This is exactly the type of asbestos personal injury case that should be transferred to MDL-875.  The threat of a jurisdictional objection does not change this fact.  Since any motion filed by plaintiff could only raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny plaintiff's Motion to Vacate CTO-443.

## II.      TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons.  First, although the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections, plaintiff's motion to remand which was pending in the United States District Court for the Northern District of Illinois was denied.  Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court.  Third, transfer and coordination or consolidation promotes judicial

efficiency and consistency.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).) Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which a motion to remand to state court is pending. (*In re Ivy,* 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. *See* e.g. *Wolgamott v. Asbestos Defendants*, 2010 U.S. Dist. LEXIS (N.D. Ca. 2010); *Miller v. Merck & Co., Inc.,* 2008 U.S. Dist. LEXIS 88430 (M.D. Fla. 2008); *In re California Retail Natural Gas and Electric Antitrust Litigation*., 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc*., 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co*., 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp*., 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).)

However, in this case, there is no motion to remand to state court pending. **Plaintiff's remand application that was pending in the United States District Court for the Northern District of Illinois was denied on October 13, 2011**. Therefore, this case, involving similar, if not identical claims of asbestos-related exposure and injury to the cases in MDL-875,  should be decided by the MDL.

4

Furthermore, transfer promotes judicial efficiency and consistency.   Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy,* 901 F.2d 7 (2d Cir. 1990).)  In mass tort cases consolidated under Section 1407, similar issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*Id.* at 9.) "Consistency and economy are both served by resolution of [these issues] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.,* 2000 WL 310391, at * 1 (E.D. La., Mar. 24, 2000).)  Because the Panel has the authority to transfer this action, and because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiff's Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI),* pending in the United States District Court for the Eastern District of Pennsylvania.


## III.   <u>CONCLUSION</u>

Defendant FOSTER WHEELER ENERGY CORPORATION respectfully requests that this Panel deny Plaintiff's Motion to Vacate CTO-443.

RESPECTFULLY SUBMITTED, this 20<u>th</u> Day of October, 2011.


By:   <u>   /s/ James L. Svajgl                     </u>
Attorneys for Defendant
Foster Wheeler Energy Corporation

Segal McCambridge Singer & Mahoney, Ltd.
William F. Mahoney – ARDC# 3121944
Steven A. Hart – ARDC# 6211008
Daniel M. Finer, Esq. – ARDC# 6289471
James L. Svajgl, Esq. – ARDC #6290875
Ashley M. Felton, Esq. – ARDC # 6299753
233 S. Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following via ECF Filing or certified mail on this **20th** day of October, 2011.

David O. Barrett
COONEY & CONWAY
120 North LaSalle Street
30th Floor
Chicago, Illinois 60602
**VIA LEXIS NEXIS**
All Known Defense Counsel

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

By: ___/s/ James L. Svajgl_____

Segal McCambridge Singer & Mahoney, Ltd.
William F. Mahoney – ARDC# 3121944
Steven A. Hart – ARDC# 6211008
Daniel M. Finer, Esq. – ARDC# 6289471
James L. Svajgl, Esq. – ARDC #6290875
Ashley M. Felton, Esq. – ARDC # 6299753
233 S. Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800
Attorneys for Defendant,
FOSTER WHEELER ENERGY CORPORATION