UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL 875 – IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION

------------------------------------------------------------------x
THIS DOCUMENT RELATES TO:


**CONDITIONAL TRANSFER ORDER (CTO-439)**

------------------------------------------------------------------x


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | |
|---|---|
| **CHARLES C. ALBRECHT and** **LAURA ALBRECHT,** | Civil Action Nº 11 Civ 5990 (BSJ) (MHD) |
| Plaintiffs, | |
| - against - | |
| **A.O. SMITH WATER PRODUCTS,** *et al.*, | |
| Defendants. | |

-----------------------------------------------------------x


**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF**
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

A.  **INTRODUCTION**

The Federal courts do not have subject matter jurisdiction over this action.  Defendant Lockheed Martin Corporation ("Lockheed") has improperly removed this case from the Supreme Court of the State of New York, County of New York (Index Nº 190152-11).  Although the Honorable Barbara S. Jones, in the United States District Court for the Southern District of New York, has initially denied plaintiffs' motion to remand the case to the state court [annexed hereto as **Exhibit "1"**], plaintiffs have since filed two motions establishing the lack of subject matter jurisdiction, and these are now pending before Judge Jones.

B.  **MOTION FOR RECONSIDERATION – SOUTHERN DISTRICT OF NEW YORK**

On October 21, 2011, plaintiffs filed their motion seeking reconsideration of, and relief from, the Southern District court's Order issued the same day, on the ground that such Order rests on a fundamental mistake [motion papers annexed hereto as **Exhibit "2"** (Notice of Motion") and **Exhibit "3"** (Declaration in Support)].  Specifically, the October 21, 2011 Memorandum & Order mistakenly states that "Plaintiffs contend that removal is improper because the lawsuit arises under workers' compensation laws and is, accordingly, a nonremovable action under 28 U.S.C. § 1445(c). . . .  This argument is baseless since Plaintiffs admit that their complaint fails to state any workers' compensation claims" [Exh. 1, at 7].

Although it is true that plaintiffs included a reference to Section 1445(c) in their Notice of Motion as one of a number of sections underlying their remand motion – including 28 U.S.C. §§ 1446(c)(4), and 1447 – their sole argument concerning the workers' compensation law is *not* that

their lawsuit literally arises under the workers' compensation law. Rather, plaintiffs' sole argument concerning the workers' compensation law is that, for any claims upon which Lockheed purports to derive the ability to remove this case to federal court, any such claims *would have to – but do not –* arise under New York's Workers' Compensation Law. No such claims appear in plaintiffs' Complaint because such claims cannot be brought in the New York state court, and plaintiffs did not bring them.

In this respect, it is critically important to understand that there is no subject matter jurisdiction in this case because the only exposures to asbestos upon which Lockheed claims a government contractor defense would have occurred while plaintiff was employed by Lockheed, and therefore plaintiffs' complaint does not and could not raise any claim against Lockheed for harms caused by such exposures. Any such claims would be precluded by the exclusivity bar of New York's Workers' Compensation Law – N.Y. Workers Comp. L. § 11; *see Cunningham v. State*, 60 N.Y.2d 248, 251 (1983) ("Section 11 of the Workers' Compensation Law provides that the liability of an employer under that law shall be exclusive and in place of any other liability to the employee or his dependents for the injury or death of the employee").

Plaintiffs have included Lockheed in this lawsuit based solely on exposures to Lockheed products in entirely non-military contexts, and occurring during periods in which Mr. Albrecht was not a Lockheed employee, but rather was an employee of Pan American Airlines, working at the JFK Airport in Queens, New York, in exclusively civilian contexts.

Because plaintiffs do not and could not make any claim against Lockheed for harms caused by exposures occurring during Mr. Albrecht's period of employment with Lockheed, and because it is only during such period that Lockheed was engaged in performing military contracts

in relation to plaintiff, Lockheed has no conceivable government contractor defense in this case, and this Court thereby does not have subject matter jurisdiction.

The motion for reconsideration is presently pending before Judge Jones.

### B.  INDEPENDENT SECOND MOTION – SOUTHERN DISTRICT OF NEW YORK

Immediately thereafter, on October 24, 2011, plaintiffs' have filed a second, independent motion establishing the lack of subject matter jurisdiction, also pending in the Southern District of New York [motion papers annexed hereto as **Exhibit "4"** (Notice of Motion") and **Exhibit "5"** (Declaration in Support); **Exhibit "6"** (exhibit); **Exhibit "7"** (exhibit)].

More specifically, Lockheed's removal of the instant action from the state court was predicated solely upon any alleged exposures to asbestos-containing materials Mr. Albrecht may have sustained while employed as an aircraft mechanic in 1954 by Lockheed Aircraft Service New York, Inc. [Lockheed's Notice of Removal, at ¶ 2].  During this employment, states Lockheed, Mr. Albrecht would have been exposed to asbestos materials associated with aircraft manufactured by Lockheed under government military contracts, hence affording defendant a colorable Federal government contractor defense.

As a substantive matter, however, upon further scrutiny of the record, it is clear that plaintiffs do not, and have never, claimed any exposure to asbestos during Mr. Albrecht's 1954 period of employment with Lockheed.  Because the record therefore makes clear that there was no asbestos exposure during that period involving military aircraft, and plaintiffs have never asserted any claim against Lockheed arising from that period, Lockheed has no possible government contractor defense in this case.

As plaintiffs' independent motion establishes, plaintiffs simply have never asserted any claims in this action, and none exist, that could in any way implicate Lockheed's government contracts, and hence there is no causal connection whatsoever between the claims in the action and any conduct performed under the control of a Federal office or officer.  Therefore, Lockheed has no colorable basis for a Federal government contractor defense, Lockheed improperly removed this case without basis, and the Federal court lacks subject matter jurisdiction.

This second, independent motion seeking remand for lack of subject matter jurisdiction is also presently pending before Judge Jones.

**D. CONCLUSION**

For all of the foregoing reasons, plaintiffs respectfully submit that their instant motion for an order vacating the conditional transfer order as to the instant plaintiffs be granted.  In the alternative, plaintiffs respectfully request that the panel adjourn this matter until Judge Jones, in the Southern District of New York, has had the opportunity to rule on plaintiffs' related motions to remand this case to the New York state court.

Dated:   New York, New York
             October 25, 2011

//ss// *Alani Golanski*
_____
ALANI GOLANSKI [AG-8165]