UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| CHARLES C. ALBRECHT and<br>LAURA ALBRECHT, | Civil Action<br>№ 11 Civ 5990 (BSJ) (MHD) |
| Plaintiffs, | **Oral Argument Requested** |
| - against - | |
| A.O. SMITH WATER PRODUCTS, *et al.*, | **DECLARATION IN SUPPORT<br>OF MOTION TO RECONSIDER** |
| Defendants. | **ORDER DENYING REMAND** |

------------------------------------------------------------x

**ALANI GOLANSKI** declares as follows:

1.   I am associated with the law firm of Weitz & Luxenberg, P.C., attorneys for the plaintiffs, and submit this Declaration in support of plaintiffs' motion seeking reconsideration of, and relief from, this Court's October 21, 2011 Order [Document 39] denying plaintiffs' motion for remand to state court.

2.   Plaintiffs proffer the instant motion forthwith because, by Order entered October 18, 2011, the United States Judicial Panel on Multidistrict Litigation has scheduled the matter of the transfer of the instant case to the MDL for a hearing on December 1, 2011 [MDL Case NYS/1:11-cv-5990, Document 9 (Oct. 18, 2011)].

3.   Plaintiffs respectfully submit that this Court's October 21, 2011 ruling rests on a fundamental mistake.

4.   Specifically, the October 21, 2011 Memorandum & Order mistakenly states that "Plaintiffs contend that removal is improper because the lawsuit arises under workers' compensation laws and is, accordingly, a nonremovable action under 28 U.S.C.

§ 1445(c). . . .  This argument is baseless since Plaintiffs admit that their complaint fails to state any workers' compensation claims" [Order, at p. 7].

5. Although it is true that plaintiffs included a reference to Section 1445(c) in their Notice of Motion as one of a number of sections underlying their remand motion – including 28 U.S.C. §§ 1446(c)(4), and 1447 – their sole argument concerning the workers' compensation law is *not* that their lawsuit literally arises under the workers' compensation law.

6. Rather, plaintiffs' sole argument concerning the workers' compensation law is that, for any claims upon which Lockheed purports to derive the ability to remove this case to federal court, any such claims *would have to – but do not –* arise under New York's Workers' Compensation Law.  No such claims appear in plaintiffs' Complaint because such claims cannot be brought in the New York state court, and plaintiffs did not bring them.

7. In this respect, it is critically important to understand that there is no subject matter jurisdiction in this case because the only exposures to asbestos upon which Lockheed claims a government contractor defense occurred while plaintiff was employed by Lockheed, and therefore plaintiffs' complaint does not and could not raise any claim against Lockheed for harms caused by such exposures.  Any such claims are precluded by the exclusivity bar of New York's Workers' Compensation Law – N.Y. Workers Comp. L. § 11; *see Cunningham v. State*, 60 N.Y.2d 248, 251 (1983) ("Section 11 of the Workers' Compensation Law provides that the liability of an employer under that law shall be exclusive and in place of any other liability to the employee or his dependents for

the injury or death of the employee").

8.     Plaintiffs have included Lockheed in this lawsuit based solely on exposures to Lockheed products in entirely non-military contexts, and occurring during periods in which Mr. Albrecht was not a Lockheed employee.

9.     Yet Lockheed's Notice of Removal alleges that it "manufactured aircraft for the United States Armed Forces" while plaintiff Charles Albrecht was "employed as an aircraft mechanic in 1954 by Lockheed" [Doc. 11-1, at ¶ 3-4].  There is no dispute that, as Mr. Albrecht's deposition testimony corroborates, plaintiff was a Lockheed employee when he sustained exposures to asbestos-containing materials for which Lockheed was responsible during the period when Lockheed performed work under military contracts.

10.    Because plaintiffs do not and could not make any claim against Lockheed for harms caused by exposures occurring during Mr. Albrecht's period of employment with Lockheed, and because it is only during such period that Lockheed was engaged in performing military contracts in relation to plaintiff, Lockheed has no conceivable government contractor defense in this case, and this Court thereby does not have subject matter jurisdiction.

11.    As stated, plaintiffs have not, and could not, allege any such claims. *Pabon v. Railroad Maintenance Corp.*, 79 A.D.2d 511, 433 N.Y.S.2d 566, 567-68 (N.Y. App. Div., 1st Dep't 1980) (Workers' Compensation Law does not permit the Court "to interfere in matters within the exclusive competence of the board"); *Williams v. Jeffrey Management Co.*, 918 N.Y.S.2d 401 (N.Y. Sup. Ct., N.Y. County 2010) ("the court does

not have original jurisdiction to entertain an action by an employee against his employer or co-employee for damages flowing from an injury incurred during the course of employment. Exclusive jurisdiction resides with the Worker's Compensation Board"); *see also Sicktish v. Vulcan Industries of Buffalo, Inc.*, 33 A.D.2d 975, 307 N.Y.S.2d 385, 387 (N.Y. App. Div., 4th Dep't 1970) ("To bring an accident within the exclusive jurisdiction of the Workmen's Compensation Law, it is sufficient if the accident arises logically out of the employment and the hazards of the way in and way out are part of the employment. It follows that plaintiff's remedy is under the Workmen's Compensation Law").

      12.    Therefore, as a threshold matter, there are no federal claims or defenses at issue and, as plaintiffs' original motion papers have attempted to show, this Court need not reach any of the other substantive matters concerning the federal officer removal statute.

**D.  CONCLUSION**

      13.    For all of the foregoing reasons, plaintiffs respectfully request that this Court grant plaintiffs' motion for reconsideration, vacate the October 21, 2011 Order, and remand this case to State court.

14.    I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         October 21, 2011

                                            //ss// *Alani Golanski*

                                            _____
                                            ALANI GOLANSKI [AG-8165]