UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| CHARLES C. ALBRECHT and<br>LAURA ALBRECHT, | Civil Action<br>№ 11 Civ 5990 (BSJ) (MHD) |
| Plaintiffs, | **Oral Argument Requested** |
| - against - | |
| A.O. SMITH WATER PRODUCTS, *et al.*, | **DECLARATION IN SUPPORT<br>OF SECOND MOTION** |
| Defendants. | **FOR SUMMARY REMAND** |

------------------------------------------------------------x

**ALANI GOLANSKI** declares as follows:

1.  I am associated with the law firm of Weitz & Luxenberg, P.C., attorneys for the plaintiffs, and submit this Declaration in support of plaintiffs' second motion seeking an order remanding this case to state court, pursuant to 28 U.S.C. §§ 1446(c)(4) and 1447, and for other relief the Court deems just and proper.

**A. INTRODUCTION**

2.  Lockheed's removal of the instant action from the Supreme Court of the State of New York, County of New York (Index № 190152-11), was predicated solely upon any alleged exposures to asbestos-containing materials Mr. Albrecht may have sustained while employed as an aircraft mechanic in 1954 by Lockheed Aircraft Service New York, Inc. [Lockheed's Notice of Removal, at ¶ 2]. During this employment, states Lockheed, Mr. Albrecht would have been exposed to asbestos materials associated with

aircraft manufactured by Lockheed under government military contracts, hence affording defendant a colorable Federal government contractor defense.

3. Previously, on or about August 31, 2011, plaintiffs submitted a first motion seeking remand of this case to state court due to the lack of Federal subject matter jurisdiction. The principal ground upon which plaintiffs sought this relief was that, assuming Mr. Albrecht sustained injurious exposures to asbestos-containing materials manufactured, marketed or supplied by Lockheed during his employment with this defendant in 1954, plaintiffs are not and could not be asserting any such claims in this case, because any such claims are precluded by New York's workers' compensation law. Plaintiffs' alternative ground was substantive, addressing the Federal officer removal statute.

4. By Memorandum and Order entered October 21, 2011 [Document 39], this Court denied plaintiffs' motion to remand. On October 21, 2011, plaintiffs filed a motion to reconsider, showing why the ruling significantly misconstrued their workers' compensation point.

5. Plaintiffs now file the instant, independent motion for remand because, upon further scrutiny of the record, it is clear that plaintiffs do not, and have never, claimed any exposure to asbestos during Mr. Albrecht's 1954 period of employment with Lockheed. Because the record therefore makes clear that there was no asbestos exposure during that period involving military aircraft, and plaintiffs have never asserted any claim against Lockheed arising from that period, Lockheed has no possible government contractor defense in this case.

6. Rather, plaintiffs have alleged exposure to ultrahazardous asbestos-containing products originating with Lockheed and other defendants solely during the 1962 through 1991 period of Mr. Albrecht's employment as an aircraft mechanic and building maintenance mechanic at the JFK Airport in Queens, New York, this work involving injurious exposures that were entirely civilian in nature and origin.

### B. LACK OF FEDERAL SUBJECT MATTER JURISDICTION

7. The instant second motion is cognizable. It is hornbook law that "[s]ubject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945 (2009); *Ahmed v. Holder*, 624 F.3d 150, 154 (2d Cir. 2011) ("Litigants, therefore, cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they fail to challenge jurisdiction early in the proceedings") (quoting *United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994)).

8. Accordingly, section 1447 prescribes that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. LACK OF ANY REMOVABLE CLAIM OR CAUSAL NEXUS

9. Annexed hereto as **Exhibit "1"** are relevant portions of Plaintiff's Responses to Defendant's Fourth Amended Standard Set of Interrogatories and Request

for Production of Documents, executed under the State court caption on April 21, 2011.

10. Defendants' Interrogatory Nº 16 asks: "As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following (Use the Attached Chart A): Include on the chart all employers where you have worked, and all job sites, *regardless* of whether or not you believe you were exposed to asbestos during the employment. Also include the source of any product identification information provided on Chart A" [Exh. 1, at ¶ 16Q (emphasis in original)].

11. Plaintiffs responded by listing a number of jobsites, "*regardless* of whether or not" they were claiming any exposures for those sites, and then specifically detailed Mr. Albrecht's asbestos exposures solely at the JFK Airport site while he was employed by Pan American Airlines, from 1962 until 1991 [Exh. 1, at ¶ 16A].

12. Mr. Albrecht's work for Pan American Airlines at JFK Airport involved contact with, and exposures to, solely non-military, non-government-related products. Nor did Lockheed cite to any such exposures as a basis for its removal of the case to this Court.

13. Next, on Chart A appended to Plaintiff's Responses to the interrogatories, plaintiffs clearly noted only the Pan American 1962 to 1991 period as a source of exposure, in the column labeled "ACM [asbestos-containing materials] Used Personally, By Coworkers, By Other Companies On Site and to Which You Were Otherwise Exposed" [Exh. 1, at Chart A]. Concomitantly, that Chart indicates that no exposures whatsoever are claimed with respect to the Lockheed site [id.].

14. Further, annexed hereto as **Exhibit "2"** are relevant portions of Mr. Albrecht's deposition testimony, taken July 27, 2011.

15. Mr. Albrecht avers that he worked at Lockheed as an aircraft mechanic for a short period in 1954 [Exh. 2, at 158]. Plaintiff stated that he had *no* "reason to believe" that he "worked with or around any asbestos-containing materials at that employment," emphasizing, "At that particular time, no" [Exh. 2, at 159].

16. In its Notice of Removal of this action to this Court, Lockheed alleges, incorrectly, that plaintiffs "base their claims against Lockheed Martin, in whole or in part, on Plaintiffs' alleged exposure to asbestos while working on or around Lockheed Martin-manufactured military aircraft in 1954" [Lockheed's Notice of Removal, at ¶ 10]. Lockheed's statement, upon which it predicated its removal of this case from State court, is entirely false.

17. Ignoring Mr. Albrecht's deposition testimony referenced above [Exh. 2], Lockheed attaches to its removal papers Mr. Albrecht's continued testimony, on August 2, 2011 [Exhibit 4 to Lockheed's Notice of Removal]. Nowhere in this testimony does plaintiff allege any asbestos exposure, or any harmful contacts whatsoever, while employed with Lockheed in 1954. Rather, that testimony elicits from Mr. Albrecht principally the fact that "during this time period there were military aircraft present at Lockheed Aircraft Services when you were there" [Lockheed's Notice of Removal, Exhibit 4, at 311].

18. Absent injurious exposures, however, any such fact is utterly irrelevant to plaintiffs' claims in this action, and cannot form the basis for removal or for Federal

subject matter jurisdiction.  This is because, absent an allegation of harm sustained during the 1954 period, Lockheed has absolutely no need or conceivable basis for a defense with respect to that period, whether a government contractor defense or otherwise.

19. As this Court explains in its October 21, 2011 Memorandum and Order, "[f]or § 1442 [Federal officer removal statute] to apply, a defendant must satisfy four prongs by showing that 1) it is a 'person' within the meaning of the statute, 2) it was 'acting under' the control of a federal office or officer, 3) it raises a 'colorable federal defense,' and 4) there is a 'causal connection' between the claims and the conduct performed under the control of a federal office or officer" [Document 39, at 9].  Absent any claim whatsoever from plaintiff's employment during the military contract period in 1954, Lockheed cannot possibly satisfy prongs two through four, and in particular cannot show a "causal connection" between the claims and the conduct performed under the control of a federal office or officer.

20. Simply put, no such claims exist, and hence there is no causal connection. *See Isaacson v. Dow Chemical Co. (In re "Agent Orange" Prod. Liab. Litig.)*, 304 F. Supp.2d 404, 447 (E.D.N.Y. 2004) ("This element requires a causal nexus between the defendant's actions under federal office and plaintiff's state court claims").

## C. **CONCLUSION**

21. For all of the foregoing reasons, plaintiffs respectfully request that this case be remanded to State court.

22. As demonstrated in plaintiffs' motion for reconsideration, even assuming

asbestos exposures in 1954 during Mr. Albrecht's employment at Lockheed, he could not have alleged, and has not alleged, any claims arising from such exposures in the instant lawsuit.  As now additionally demonstrated, in point of fact, plaintiffs have never alleged any exposures whatsoever arising from Mr. Albrecht's brief tenure at Lockheed in 1954, and so, as a threshold matter, Lockheed cannot possible satisfy the elements requisite to Federal officer removal, and in particular the causal nexus requirement.

23. Finally, as the Court is aware, the United States Judicial Panel on Multidistrict Litigation has scheduled the matter of the transfer of the instant case to the MDL for a hearing on December 1, 2011 [MDL Case NYS/1:11-cv-5990, Document 9 (Oct. 18, 2011)], and plaintiffs respectfully request a resolution of the instant matter prior to the Panel's review.

24. I declare under penalty of perjury that the foregoing is true and correct.


Dated:  New York, New York
        October 24, 2011


                                    //ss// *Alani Golanski*
                                     _____
                                    ALANI GOLANSKI [AG-8165]