SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK STATE
-------------------------------------x
In Re:     NEW YORK CITY
           ASBESTOS LITIGATION                Index No.: 190152-11
-------------------------------------x
This Document Applies To:


Charles C. Albrecht


-------------------------------------x

## PLAINTIFF'S RESPONSES TO
## DEFENDANT'S FOURTH AMENDED STANDARD SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS

### PRELIMINARY STATEMENT AND OBJECTIONS

    Plaintiff, by and through his attorneys objects to Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as the Explanation and Definitions and Instructions contained therein ("Interrogatories"), to the extent that they seek to impose upon plaintiff obligations or burdens which are greater than, or inconsistent with New York law.

    Plaintiff further objects to these Interrogatories and to each individual request and/or interrogatory, to the extent that they seek information or request the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege or doctrine protecting such documents from disclosure. The production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege. The inclusion of or reference to any attorney's name on any responses is not a waiver of any privilege. Moreover, the documents produced are confidential and may not be disclosed other than to counsel, a party, the court or an expert in this action without order of the Court. Plaintiff, by providing documents in response to these Interrogatories specifically does not admit the competency, relevancy, materiality, privilege and/or admissibility of such document or of the information or subject matter. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

    Plaintiff has not completed investigating the facts relating to his case, has not completed his discovery, and has not completed preparing his case. Therefore, these responses are preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

    Plaintiff objects to the Interrogatories, and to each individual request

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

  (a) the branch of the service, serial number, and highest rank held;
  (b) the beginning and ending dates of your military service;
  (c) the type of discharge that you received; and
  (d) whether you sustained any injuries or incurred any illness during military service.
  (e) if you received a medical discharge, attach a copy hereto and set forth the medical reasons.

15A. (a-c) I was a member of the United States Air Force from 1950 until 1954. My military serial number was 21921819. I received an honorable discharge.
  (d-e) I did not sustain any injuries and did not incur any illnesses while in the United States Air Force. I did not receive a medical discharge.

16Q. As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following:

  (Use the attached Chart A)

Include on the chart all employers where you have worked, and all job sites, <u>regardless</u> of whether or not you believe you were exposed to asbestos during the employment. Also include the source of any product identification information provided on Chart A.

16A. I served in the US Air Force from 1950 until 1954. I completed basic training at Lackland Air Force Base in San Antonio, Texas. I was then sent to the Chanute Air Force Base in Rantoul, Illinois to train to be an AIR FRAME MECHANIC.

After I was discharged from the Air Force, I worked for Lockheed at the Idlewild Airport in Queens, N.Y. for approximately five weeks in 1955. I worked in the metal shop.

From approximately 1955 until 1957, I worked at Republic Aviation in Farmingdale, New York. I was an AIRCRAFT ASSEMBLER.

From approximately 1957 until 1960, I worked at REF (Research Engineering Fabrication) in Mineola, New York. I was a FABRICATOR.

From 1962 until 1991, I worked for Pan American Airlines at JFK in Queens, New York. While working for Pan American I held a number of job titles, including, but not limited to: CLEANER, AIRCRAFT MECHANIC (FLOOR, HANGARS, METAL SHOP, MOD CREW) and BUILDING MAINTENANCE MECHANIC (HANGARS, OFFICES, CARGO BAYS, TERMINAL). When I started working at Pan American, I was a CLEANER. I cleaned the interior of the airplanes. Next, I worked as an

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

AIRCRAFT MECHANIC and performed maintenance, repair and service on Pan American's fleet of aircraft at J.F.K. I worked on the floor in Pan Am's hangars and participated in aircraft turnarounds. I then worked as an AIRCRAFT MECHANIC in the modification crew at Pan Am. I then worked as an AIRCRAFT MECHANIC in the metal shop at Pan American. Next, I worked as a BUILDING MAINTENANCE MECHANIC out of Pan Am's maintenance department. I worked out of the carpentry shop and performed renovation and construction work in Pan Am's offices, terminal, hangars and cargo areas. I removed and installed floor tiles, knocked down walls and put them up, and did all sorts of carpentry and buildings trade work.

While at Pan Am, I personally worked on jet engines, performed metal work on various component parts of the aircraft, and did some brake work on the aircraft. I worked on a regular basis in close proximity to other aircraft mechanics who were performing maintenance, repair and service work on Pan Am's fleet of aircraft at J.F.K. Airport. I believe that I was regularly and frequently exposed to asbestos as a result of work that I performed while employed by Pan Am at JFK and as a result of working in close proximity to other aircraft mechanics who were repairing, maintaining and servicing Pan Am's fleet of aircraft at JFK.

While at Pan American, I worked with John Fleigner, Jerry Rupple, Michael Surdo, Tony Colamussi, Allen Brown, Frank D'Aversa, Sam Wanamaker, Bobby Guluccio, and others.

From 1993 until being diagnosed with Mesothelioma in 2010, I worked part-time for Asplundh as a FLAGMAN during road construction.

17Q. Please state the following with respect to each Asbestos-Containing Product identified on Chart A:
   (a) the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;
   (b) the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight; and
   (c) the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or container.

17A. Throughout my career I was exposed to a variety of different asbestos containing products, equipment and machinery including, but not limited to:
   - aircraft
   - adhesives, epoxies, glues, caulks and mastics
   - floor tiles
   - ceiling tiles
   - electrical products
   - gaskets and packing

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

- aircraft engines and component parts
- aircraft friction products including brake drums/shoes/discs
- pipe covering/pipe insulation and other insulating materials
- plaster, joint compound, wallboard, and other building materials and insulation
- tape
- pumps and valves
- other aircraft/commercial aviation component parts including fire sleeves, heat shields, insulation, insulators, clamps, brakes, engine components, epoxies and adhesives, etc.

I cannot recall who manufactured all the asbestos containing products, materials and equipment/machinery that I was exposed to during my lifetime. At the present time, to the best of my recollection, I worked on/with and in the vicinity of others who worked on/with asbestos containing products, materials, and equipment/machinery manufactured, sold, and/or distributed by the following companies:
- Boeing
- Lockheed
- McDonnell Douglas/Douglas
- Kentile

Plaintiff's counsel alleges that, at the present time and upon information and belief, the plaintiff was exposed to asbestos-containing products manufactured by, or insulation used on equipment manufactured by, or was exposed to asbestos due to the negligence of the defendants (or their subsidiaries) named in the Plaintiff's lawsuit.

Plaintiff's counsel alleges that, at the present time and upon information and belief, the plaintiff was exposed to asbestos-containing products manufactured by, or insulation used on equipment manufactured by, or was exposed to asbestos due to the negligence of, the defendants named in the Plaintiff's lawsuit as well but not limited to some of the companies (or their legal predecessors) listed on Exhibit A: UNR Industries, Johns-Manville, Amatex, Forty-Eight Insulations, PACOR, Celotex, National Gypsum, Eagle-Picher, H.K. Porter, Kentile, Keene, Rockwool, M.H. Detrick, Rutland Fire & Clay, Babcock & Wilcox, Pittsburgh Corning, Burns & Roe, Owens Corning, Armstrong World Industries, G-1 Holdings, W.R. Grace, United States Gypsum, Federal Mogul, Eastco Industrial Safety, North American Refractories, Kaiser Aluminum, Plibrico Refractories, Porter-Hayden, Harbison-Walker Refractories, A.P. Green, Atra Group, A.C.&S. and others.

Plaintiff's counsel further states that identification of the manufactures, sellers, distributors and users of the products to which the plaintiff was exposed, as well as any and all tort-feasors liable to plaintiff for causing or contributing to his contraction of an asbestos-related disease may be established by

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

21. Any written advice, publication, warnings, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the possession, custody or control of the plaintiff.

    **R.21. Plaintiff has no such material in his possession.**

22. Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

    **R.22. To the extent that any exist, they will be provided.**

Dated:   New York, New York          Respectfully submitted

         April 21, 2011

                                     WEITZ & LUXENBERG, P.C.
                                     Attorneys for Plaintiff

                                     By: _____
                                         Danny R. Kraft Jr., Esq.
                                         700 Broadway
                                         New York, NY 10003
                                         (212) 558-5500

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Page 23 of 25

CHART A

EMPLOYER/JOBSITE HISTORY FOR CHARLES C. ALBRECHT

LAW OFFICES OF WEITZ & LUXENBERG, P.C.
700 BROADWAY
NEW YORK, N.Y. 10003

| Name of Employer | Dates of Employment | Job Site & Address | Dates You Were at Job | Job Duties | ACM* Used Personally, By Coworkers, BY Other Companies On Site And To Which You Were Otherwise Exposed | Coworkers on Jobsite, including supervisor |
|---|---|---|---|---|---|---|
| US Air Force | 1950 - 1954 | Lackland Air Force Base, San Antonio, Texas; Chanute Air Force Base, Rantoul, Illinois | 1950 - 1954 | AIR FRAME MECHANIC | | To be provided |
| Lockheed | 1955 | Idlewild Airport, Queens, New York | 1955 | METAL SHOP WORKER | | To be provided |
| Republic Aviation | 1955 - 1957 | Republic Aviation, Farmingdale, New York | 1955 - 1957 | AIRCRAFT ASSEMBLER | | To be provided |
| REF (Research Engineering Fabrication) | 1957 - 1960 | REF (Research Engineering Fabrication), Mineola, New York | 1957 - 1960 | FABRICATOR | | To be provided |
| Pan American Airlines | 1962 - 1991 | JFK Airport, Queens, New York | 1962 - 1991 | CLEANER, AIRCRAFT MECHANIC, BUILDING MAINTENANCE MECHANIC | see Interrogatory Answers #16 and 17; others to be provided as investigation continues | John Fleigner, Jerry Rupple, Michael Surdo, Tony Colamussi, Allen Brown, Frank D'Aversa, Sam Wanamaker, Bobby Guluccio, and others |
| Asplundh | 1993 - 2010 | Various roads, Long Island, New York | 1993 - 2010 | FLAGMAN | Not applicable | To be provided |

\* ACM - Asbestos Containing Materials or Products.
\*\* Identify brand and manufacturer names, if known.