ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-05154-NC

Young v. Georgia-Pacific Corporation et al
Assigned to: Magistrate Judge Nathanael M. Cousins
Case in other court:  San Francisco County Superior Court,
                    CGC-11-275884
Cause: 28:1442 Petition for Removal

Date Filed: 10/20/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Richard Young**                                    represented by   **David R. Donadio**
                                                        Brayton Purcell LLP
                                                        222 Rush Landing Road
                                                        PO Box 6169
                                                        Novato, CA 94948-6169
                                                        415-898-1555
                                                        Fax: 415-898-1247
                                                        Email: DDonadio@braytonlaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Geoff Sloniker**
                                                        Brayton Purcell LLP
                                                        222 Rush Landing Rd
                                                        Novato, CA 94849
                                                        415-898-1555
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Honeywell International, Inc.**

**Defendant**

**Borg-Warner Corporation**

*Successor*
Borgwarner Morse Tec Inc

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**General Cable Corporation**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Dana Companies, LLC**
*formerly known as*
Dana Corporation

**Defendant**

**Eaton Corporation**

**Defendant**

**General Electric Company**

**Defendant**

**Rockwell Automation, Inc.**

**Defendant**

**Schneider Electric USA, Inc.**
*formerly known as*
Square D Company

**Defendant**

**Caterpillar, Inc.**

**Defendant**

**Todd Shipyards Corporation**                    represented by **George D. Yaron**
                                                                  Yaron & Associates
                                                                  601 California Street, 21st Floor
                                                                  San Francisco, CA 94108-2281
                                                                  415-658-2929

Fax: 415-658-2930
Email: gyaron@yaronlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brentley P Yim**
Yaron & Associates
601 California Street
21st Floor
San Francisco, CA 94108
415-658-2929
Fax: 415-658-2930
*ATTORNEY TO BE NOTICED*

**Demian David Steele**
Yaron & Associates
601 California Street
21st Floor
San Francisco, CA 94108
415/658-2929
Fax: 415-658-2930
Email: dsteele@yaronlaw.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Huntington Ingalls Incorporated**
*formerly known as*
Northrop Grumman Shipbuilding, Inc.

<u>**Defendant**</u>

**McDonnell Douglas Corporation**

<u>**Defendant**</u>

**Rolls-Royce, PLC**

<u>**Defendant**</u>

**United Technologies Corporation**

<u>**Defendant**</u>

**Northrup Grumman Corporation**

<u>**Defendant**</u>

**Kaman Aircraft Corporation**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/20/2011 | 1 | NOTICE OF REMOVAL from San Francisco County Superior Court. Their case number is CGC-11-275884. (Filing fee $350 receipt number 34611066051). Filed by Todd Shipyards Corporation. (mjj2, COURT STAFF) |

| | | (Filed on 10/20/2011) (Entered: 10/21/2011) |
|---|---|---|
| 10/20/2011 | 2 | ANSWER to Complaint by Todd Shipyards Corporation. (mjj2, COURT STAFF) (Filed on 10/20/2011) (Entered: 10/21/2011) |
| 10/20/2011 | 3 | DEMAND for Trial by Jury by Todd Shipyards Corporation. (mjj2, COURT STAFF) (Filed on 10/20/2011) (Entered: 10/21/2011) |
| 10/20/2011 | 4 | ADR SCHEDULING ORDER: Case Management Statement due by 1/25/2012. Case Management Conference set for 2/1/2012 10:00 AM in Courtroom A, 15th Floor, San Francisco. (Attachments: # 1 Standing Order, # 2 Standing Order for all Judges)(mjj2, COURT STAFF) (Filed on 10/20/2011) (Entered: 10/21/2011) |
| 10/20/2011 | 5 | NOTICE of Tag-Along Action by Todd Shipyards Corporation (mjj2, COURT STAFF) (Filed on 10/20/2011) (Entered: 10/21/2011) |
| 10/20/2011 | 6 | CERTIFICATE OF SERVICE by Todd Shipyards Corporation re 1 Notice of Removal, 3 Jury Demand, 2 Answer to Complaint, 5 Notice (Other) (mjj2, COURT STAFF) (Filed on 10/20/2011) (Entered: 10/21/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/21/2011 17:44:01 | | | |
| PACER Login: | sd0076 | Client Code: | 05045-079666 |
| Description: | Docket Report | Search Criteria: | 3:11-cv-05154-NC |
| Billable Pages: | 2 | Cost: | 0.16 |



DAVID R. DONADIO, ESQ., S.B. #154436
GEOFF T. SLONIKER, ESQ., S.B. #268049
BRAYTON✦PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California  94948-6169
(415) 898-1555

Attorneys for Plaintiff

ELECTRONICALLY
**FILED**
Superior Court of California,
County of San Francisco
**SEP 07 2011**
Clerk of the Court
BY: VANESSA WU
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

RICHARD YOUNG,

       Plaintiff,

vs.

GEORGIA-PACIFIC CORPORATION;
Defendants as Reflected on Exhibit 1,
Exhibit C; attached to the Summary
Complaint herein; and DOES 1-8500.

ASBESTOS
No. CGC-11-275884

FIRST AMENDED COMPLAINT FOR
PERSONAL INJURY - ASBESTOS

1.   Plaintiff RICHARD YOUNG was born October 10, 1946.

2.   The ©Brayton✦Purcell Master Complaint for Personal Injury [and Loss of
Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San
Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may be
obtained upon request from Brayton✦Purcell, and designated portions of the Master Complaint
are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.
Plaintiff's claims are as set forth in said Master Complaint against defendants herein as follows:

///

///

///

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**DEFENDANTS* ON EXHIBITS:**

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ☒ | | | | | | | | | | ☐ | ☐ | ☐ | |
| Second (Strict Liability) | ☒ | | | | | | ☐ | | | | ☐ | ☐ | | |
| Third (False Representation) As to Defendants GEORGIA-PACIFIC CORPORATION, HONEYWELL INTERNATIONAL, INC., FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), UNION CARBIDE CORPORATION, DANA COMPANIES, LLC (FKA DANA CORPORATION) only. | ☒ | | | | | | | | | | | | | |
| Fourth (Loss of Consortium) | | | ☐ | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| Fifth (Premises Owner/ Contractor Liability) | ☒ | | ☒ | | | | | | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act],Maintenance and Cure) | | | | ☐ | | | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | ☐ | | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | ☐ | ☐ | | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | | ☒ | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | | ☒ | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | | ☒ | | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | | | ☒ | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | | | | |
| Twenty-First (Aiding/Abetting Battery - Met Life) | | | | | | | | | | | | | | ☒ |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

3.    Plaintiff's asbestos-related injury, date of diagnosis, employment status, and

history of exposure to asbestos are as stated on Exhibit A.

4.    (a) "Exposed persons" in paragraphs 21, 68 and 69 of the Master Complaint

include plaintiff RICHARD YOUNG herein and plaintiff's father, Harold E. Young, deceased.

5.    Paragraph 8 of the Master Complaint is amended to add the following sentence:

In part, and without limitation as to other defendants, defendant TODD SHIPYARDS

CORPORATION, manufactured, modified, serviced and/or repaired asbestos-containing ships

and vessels.

6.    Plaintiff hereby amends the Master Complaint on file herein, to incorporate a

new Twenty-First Cause of Action, set forth below, specially plead against the defendant listed

on Exhibit N, namely METROPOLITAN LIFE INSURANCE COMPANY.  (Plaintiffs are in

the process of amending the Master Complaint herein and will include this new Cause of Action

in said amendment.)

"TWENTY-FIRST CAUSE OF ACTION
Aiding and Abetting Battery
[Against Metropolitan Life Insurance Company
and Does 7501-7900, Inclusive]

AS AND FOR A FURTHER, TWENTY-FIRST, SEPARATE AND DISTINCT

CAUSE OF ACTION FOR AIDING AND ABETTING BATTERY, PLAINTIFF

COMPLAINS OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY,

DEFENDANTS ON EXHIBIT N, DOES 7501-7900, THEIR ALTERNATE ENTITIES AND

EACH OF THEM, AND ALLEGES AS FOLLOWS:

225.    Plaintiff incorporates herein by reference, as though fully set forth hereat, each

and every allegation of the First through Third and Sixteenth, Seventeenth, Eighteenth and

Nineteenth Causes of Action as though fully set forth herein.  (As used throughout this cause of

action, 'plaintiff' refers to all named plaintiffs and/or all named decedents from whom the

named plaintiff's injuries may derive.)

226.  This cause of action is for the aiding and abetting of battery by METROPOLITAN

LIFE INSURANCE COMPANY ("MET LIFE"), primarily through its assistant medical

1    director Anthony Lanza, M.D., of a breach of duty committed by Johns-Manville Corporation

2    ("J-M").

3       227.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

4    mentioned defendant MET LIFE was and is a corporation organized and existing under and by

5    virtue of the laws of the State of New York or the laws of some other state or foreign

6    jurisdiction, and that this defendant was and is authorized to do and/or was and is doing

7    business in the State of California, and regularly conducted or conducts business in the County

8    of San Francisco, State of California.  At times relevant to this cause of action, MET LIFE was

9    an insurer of J-M.

10       228.  Plaintiff, was exposed to asbestos-containing dust created by the use of the

11    asbestos products manufactured, distributed and/or supplied by J-M. This exposure to the

12    asbestos or asbestos-related products supplied by J-M caused Plaintiff's asbestos-related disease

13    and injuries.

14       229.  Starting in 1928, MET LIFE sponsored studies of asbestos dust and asbestos-

15    related disease in Canadian mines and mills, including those of J-M.  Those studies revealed

16    that miners and mill workers were contracting asbestosis at relatively low levels of dust.

17    McGill University, which conducted the studies, sought permission from MET LIFE to publish

18    the results but they were never published.  MET LIFE prepared its own report of these studies.

19       230.  Between 1929 and 1931, MET LIFE studied dust levels and disease at five U.S.

20    plants manufacturing asbestos-containing products, including a J-M plant.  Those studies

21    showed that workers in substantial numbers were contracting asbestosis, at levels less than what

22    became the Threshold Limit Value ("TLV") of 5mppcf.  The MET LIFE report was never

23    published or disseminated except to plant owners, including J-M.

24       231.  In 1932, MET LIFE studied dust levels and disease at the J-M plant at Manville,

25    New Jersey.  Results were consistent with those of the Canadian and previous U.S. plant

26    studies.  They were never published.

27       232.  In 1934, J-M and others whose plants MET LIFE had studied agreed with MET

28    LIFE that it should issue a report of its studies.

233. MET LIFE submitted a draft of its report to J-M.  J-M requested, for legal and business reasons, that certain critical parts of the draft be changed.  MET LIFE's official in charge was Lanza.  MET LIFE through Lanza did make changes that J-M requested, including:

    (a)    Deletion of MET LIFE's conclusion that the permissible dust level for asbestos should be less than that for silica;

    (b)    Addition of the phrase that asbestosis clinically appeared to be milder than silicosis.

The report, thus altered, was published in 1935.  It was misleading, and intentionally so, because it conveyed the incorrect propositions that asbestosis was a less serious disease process than silicosis and that higher levels of asbestos dust could be tolerated without contracting diseases than was the case for silica dust.

234. MET LIFE had a close relationship with J-M.  It invested money in J-M.  It provided group health and life insurance to J-M. MET LIFE IN 1934 agreed to supply industrial hygiene services to J-M, including dust counts, training employees to monitor dust levels, examining employees, and recommending protective equipment.  MET LIFE and Lanza were viewed as experts on industrial dusts.

235. In 1933, MET LIFE through Lanza issued the following advices to J-M:

    (a)    Disagreeing with the recommendation of a J-M plant physician, MET LIFE advised against warning workers of the fact that asbestos dust is hazardous to their health, basing its advice in view of the extraordinary legal situation;

    (b)    When the plant physician judged the best disposition of an employee with asbestosis was to remove him from the dust, MET LIFE advised instead that disposition should depend on his age, nature of work and other factors and to leave him alone if he is old and showing no disability, for, MET LIFE stated, economic and production factors must be balanced against medical factors.

236. J-M followed the MET LIFE advices and did not warn its workers, including plaintiff, of the hazards of asbestos dust, and J-M also intentionally refrained from notifying

///

1  workers of their disease.

2      237.  In 1936, MET LIFE, J-M and others founded the Air Hygiene Foundation

3  ("AHF").  One of the AHF purposes was to develop standards for dust levels that would serve

4  as a defense in lawsuits and workers' compensation claims.

5      238.  MET LIFE funded partially another study that tentatively recommended in 1938 a

6  TLV for asbestos dust of 5mpccf, the same as for silica dust.  MET LIFE was aware of data

7  from its own, unpublished reports that showed that level was too high for asbestos dust.  MET

8  LIFE nonetheless promoted that TLV as proper.

9      239.  In June 1947, the Industrial Hygiene Foundation ("IHF") which succeeded to the

10  AHF, issued a report of studies by Dr. Hemeon of U.S. asbestos plants, including a J-M plant.

11  That report showed that workers exposed to less than the recommended maximum levels of

12  dust were developing disease.  MET LIFE was a member of the IHF and Lanza was on its

13  medical committee.  The Hemeon report, which was supplied to J-M and other owners, never

14  was published.

15      240.  In 1936, J-M and other asbestos companies agreed with a leading medical research

16  facility, Saranac Laboratories, that Saranac would research asbestos disease, but J-M and the

17  others retained control over publication of the results.  In 1943 Saranac's Dr. Leroy Gardner, in

18  charge of the research, sent a draft to J-M that revealed that 81.8% of mice exposed to long

19  fiber asbestos contracted cancer.

20      241.  Dr. Gardner died in 1946.  J-M and other companies wanted parts of the Saranac

21  results published and enlisted the assistance of MET LIFE's Lanza.  J-M and other companies

22  decided that Saranac's findings of cancer caused by asbestos in mice must be deleted, as well as

23  Saranac's critique of existing dust standards.  Lanza directed Saranac to delete the offending

24  materials.  Saranac did so, and the altered report was published in 1951 by Saranac's Dr.

25  Vorwald, in the *AMA Archives of Industrial Hygiene*.

26      242.  Lanza left MET LIFE at the end of 1948, and took a position at New York

27  University, funded by MET LIFE.  He continued to misrepresent that asbestos does not cause

28  cancer into the 1950s.

243. The IHF (formerly AHF), of which MET LIFE was a member and MET LIFE official was on its medical committee, through Drs. Braun and Truan conducted a study of Canadian miners. The original report, in 1957, found an increased incidence of lung cancer in persons exposed to asbestos. The sponsors, including J-M, caused those findings to be stricken, and the report published in 1958 contained the false conclusion that asbestos exposure alone did not increase the risk of lung cancer.

244. The false and misleading reports that a link between asbestos exposure and cancer was not proven influenced the TLV, for if a substance causes cancer the TLV must be very low or zero.

245. J-M not later than 1933 was inflicting asbestos dust on its workers in its plants knowing that the dust was hazardous and was causing workers to contract disease that could and would disable and kill them. As MET LIFE advised, J-M did not warn its workers of the hazard. J-M committed battery on workers in its plants, including plaintiff, by that conduct.

246. MET LIFE knew that J-M's conduct constituted a breach of its duties to its workers. MET LIFE gave substantial assistance to J-M in committing batteries on its workers, including plaintiff, through MET LIFE's conduct described above, including by:

    (a)    Affirmatively urging J-M not to warn workers of the hazards of asbestos dust, in view of the extraordinary legal situation, such that J-M did not warn its workers, including plaintiff;

    (b)    Deleting the findings of its own draft report that the allowable limits for asbestos dust should be less than those for silica dust, and promoting a false and unsafe TLV which specified maximum levels of silica dust, and promoting a false and unsafe TLV which specified maximum levels of dust for workers, including plaintiff, which MET LIFE knew was wrong through its own studies;

    (c)    Advising J-M to keep certain workers continuing to work at dusty areas in the plant even after J-M was aware that their lungs showed asbestos-induced

///

///

1    changes, lest other workers including plaintiff be alerted to the dangers of

2    working in the dust.

3        WHEREFORE, plaintiff prays judgment as is hereinafter set forth."

4        7.       Plaintiff does not make a claim for either false representation or punitive

5    damages against any named defendant herein, except as against defendants GEORGIA-

6    PACIFIC CORPORATION, HONEYWELL INTERNATIONAL, INC., FOSTER WHEELER

7    LLC (FKA FOSTER WHEELER CORPORATION), UNION CARBIDE CORPORATION,

8    DANA COMPANIES, LLC (FKA DANA CORPORATION).

9    Dated: ___9|2|11___                    BRAYTON✦PURCELL LLP

10

11                                          By: _____

12                                              David R. Donadio
                                                Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT 1

1

## EXHIBIT 1 - LIST OF DEFENDANTS

2

3   GEORGIA-PACIFIC CORPORATION
CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION)
4   HONEYWELL INTERNATIONAL, INC.
BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.
5   FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)
6   INGERSOLL-RAND COMPANY
METROPOLITAN LIFE INSURANCE COMPANY
7   GENERAL CABLE CORPORATION
UNION CARBIDE CORPORATION
8   DANA COMPANIES, LLC (FKA DANA CORPORATION)
EATON CORPORATION
9   GENERAL ELECTRIC COMPANY
ROCKWELL AUTOMATION, INC.
10  SCHNEIDER ELECTRIC USA, INC. (FKA SQUARE D COMPANY)
CATERPILLAR, INC.
11  TODD SHIPYARDS CORPORATION
HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.)
12  MCDONNELL DOUGLAS CORPORATION
ROLLS-ROYCE, PLC
13  UNITED TECHNOLOGIES CORPORATION
NORTHROP GRUMMAN CORPORATION
14  KAMAN AIRCRAFT CORPORATION
15  and DOES 1-8500,

16     Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**EXHIBIT A**

EXHIBIT A

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | AMERICA (CVA-66) | Firefighter | 1/1966-10/1969 |
|  | Norfolk Naval Shipyard Portsmouth, VA |  |  |
|  | Naval Repair Facility Yokosuka, Japan |  |  |
| Stafford Labeling Company New Orleans, LA | Avondale Shipyards, Inc. New Orleans (Avondale), LA • Various ships | Laborer | 10/1969-6/1970 |
| Avondale Shipyard New Orleans (Avondale), LA | Avondale Shipyards, Inc., New Orleans (Avondale), LA • shop • Various ships, including but not limited to: | Electrician | 6/1970-1983 |
|  | AINSWORTH (DE-1090) |  |  |
|  | AYLWIN (DE-1081) |  |  |
|  | BARBEY (DE-1088) |  |  |
|  | BAUER (DE-1025) |  |  |
|  | BLAKELY (DE-1072) |  |  |
|  | BOWEN (DE-1079) |  |  |
|  | CANNOLE (DE-1056) |  |  |
|  | CAPODANNO (DE-1093) |  |  |
|  | ELMER MONTGOMERY (DE-1082) |  |  |
|  | GRAY (DE-1054) |  |  |
|  | JESSE L. BROWN (DE-1089) |  |  |

///

EXHIBIT A

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Avondale Shipyard New Orleans (Avondale), LA (cont'd.) | Avondale Shipyards, Inc., New Orleans (Avondale), LA • shop • Various ships, including but not limited to: | Electrician | 6/1970-1983 |
| | JOSEPH HEWES (DE-1078) | | |
| | KIRK (DE-1087) | | |
| | MEYERKORD (DE-1058) | | |
| | MILLER (DE-1091) | | |
| | MOINESTER (DE-1097) | | |
| | OUELLET (DE-1077) | | |
| | PATTERSON (DE-1061) | | |
| | PAUL (DE-1080) | | |
| | PHARRIS (DE-1094) | | |
| | THOMAS C. HART (DE-1092) | | |
| | TRIPPE (DE-1075) | | |
| | TRUETT (DE-1095) | | |
| | VALDEZ (DE-1096) | | |
| | W.S. SIMS (DE-1059) | | |
| | unknown EXXON ships | | |
| Puget Sound Naval Shipyard Bremerton, WA | Puget Sound Naval Shipyard, Bremerton, WA | Electrician | 1986 (Approx. 6 months) |
| | NIMITZ (CVN-68) | | |
| Northwest Marine Swan Island, Portland, OR | Various ships, including but not limited to: | | |
| | STAR PRINCESS | | |

/// 

EXHIBIT A

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Northwest Marine Swan Island, Portland, OR | Northwest Marine Swan Island, Portland, OR: Various ships, including but not limited to: | Electrician | 1987-1989 (Off & on) |
| | FAIRY EXECUTIVE | | |
| | LIBERTY STAR (1986) | | |
| | SEA SANDS | | |
| | WESTERDAM (1986) | | |
| | unknown EXXON ships | | |
| Southwest Marine 5555 North Channel Ave. Portland, OR | Southwest Marine Portland, OR: Various ships | Electrician | 1987-1989 (Off & on) |
| | Long Beach Naval Shipyard, Long Beach, CA: Various ships | | (Approx. 2 months) |
| Cascade General Portland, OR | Cascade General Portland, OR Various ships | Electrician | 1987-1989 (Off & on) |
| Self-employment | Workshop, Clarkston, WA | Woodworker | 1990- 2011 |

NON-OCCUPATIONAL EXPOSURE

FRICTION:  Plaintiff performed automotive repair work on his personal vehicles from 1964 through the 1980's.  Plaintiff removed and replaced asbestos containing  RAYBESTOS (RAYMARK INDUSTRIES, INC.) and BENDIX (HONEYWELL INTERNATIONAL, INC.) brakes.  Plaintiff removed and replaced asbestos containing VICTOR (DANA COMPANIES, LLC (FKA DANA CORPORATION)) and FEL-PRO (FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO. ) gaskets when performing engine work.

In 1973 plaintiff scraped away and replaced the asbestos containing, original equipment manufacturer's head gasket in a 1971 DODGE (CHRYSLER LLC) COLT he had purchased new.  Plaintiff removed clutches and replaced them with BORG-WARNER (BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.) clutches, scraping asbestos-containing friction components in the process.

Plaintiff recalls replacing all four brakes on a 1970s FORD MOTOR COMPANY Pinto. Plaintiff also recalls replacing all four brakes of a 1980 FORD MOTOR COMPANY LTD. Plaintiff purchased the replacement FORD parts for both repairs above from the FORD Dealership in Harvey, Louisiana.

EXHIBIT A

1

### EXHIBIT A (cont'd.)

2

3  HOME REMODEL: In 1973 plaintiff remodeled his home in New Orleans, Louisiana. Plaintiff
   performed demolition work and put up new drywall. Plaintiff applied and sanded asbestos
4  containing GEORGIA PACIFIC (GEORGIA-PACIFIC CORPORATION) joint compound.

5  PARA-OCCUPATIONAL EXPOSURE

6  Plaintiff lived with his family in Cascade, Idaho from birth in 1946 until he joined the Navy in
   1965. Plaintiff's father, Harold E. Young, was employed as a mechanic. Plaintiff greeted his
7  father when his father came home wearing dusty work clothes. Plaintiff's father gave him rides
   in his truck while wearing his dusty work clothes. Plaintiff often accompanied his father to
8  work. Plaintiff's father's work history is as follows:

9

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
10 | | | | |
| Dodge/Plymouth dealership Cascade, ID | Dodge/Plymouth dealership Cascade, ID | Mechanic | 1950-1957 |
11 | | | | |
12 | Flying A Service Station Cascade, ID | Flying A Service Station Cascade, ID | Mechanic | 1950-1957 |
13 | | | | |
| Duffy-Reed Construction Boise, ID | Duffy-Reid Construction Boise, ID | Mechanic | 1957-1965 |
14 | | | | |

15  Plaintiff's exposure to asbestos and asbestos-containing products caused severe and

16  permanent injury to the plaintiff, including, but not limited to breathing difficulties and/or other

17  lung damage. Plaintiff was diagnosed with kidney cancer on or about October 2010, with

18  asbestosis on or about January 2007, and with asbestos-related pleural disease on or about June

19  2011.

20  Plaintiff is still employed and therefore has suffered no disability due to his asbestos-

21  related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

22

23

24

25

26

27

28                                                                            EXHIBIT A

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT B

EXHIBIT B

DEFENDANTS

| | |
|---|---|
| GEORGIA-PACIFIC CORPORATION | DANA COMPANIES, LLC (FKA DANA CORPORATION) |
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | GENERAL ELECTRIC COMPANY |
| BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC. | ROCKWELL AUTOMATION, INC. SCHNEIDER ELECTRIC USA, INC. (FKA SQUARE D COMPANY) |
| HONEYWELL INTERNATIONAL, INC. | CATERPILLAR, INC. |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | TODD SHIPYARDS CORPORATION MCDONNELL DOUGLAS CORPORATION |
| INGERSOLL-RAND COMPANY | ROLLS-ROYCE, PLC |
| METROPOLITAN LIFE INSURANCE COMPANY | UNITED TECHNOLOGIES CORPORATION NORTHROP GRUMMAN CORPORATION |
| GENERAL CABLE CORPORATION | KAMAN AIRCRAFT CORPORATION |
| EATON CORPORATION | DOES 1-800 |
| UNION CARBIDE CORPORATION | |

| | ALTERNATE ENTITY |
|---|---|
| GEORGIA-PACIFIC CORPORATION | BESTWALL GYPSUM COMPANY CALIFORNIA WESTERN RAILROAD |
| CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC. CBS CORPORATION WESTINGHOUSE ELECTRIC CORPORATION WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY B.F. STURTEVANT KPIX TELEVISION STATION PARAMOUNT COMMUNICATIONS, INC GULF & WESTERN INDUSTRIES, INC. NORTH & JUDD MANUFACTURING COMPANY |
| GENERAL CABLE CORPORATION | GENERAL CABLE INDUSTRIES, INC. |
| UNION CARBIDE CORPORATION | UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. UNION CARBIDE AND CARBON PRODUCTS LINDE AIR PRODUCTS COMPANY |
| DANA COMPANIES, LLC (FKA DANA CORPORATION) | DANA CORPORATION VICTOR MANUFACTURING AND GASKET COMPANY SMITH AND KANZLER CO., INC. SMITH AND KANZLER CORPORATION SPRAYED INSULATION, INC. S.K. INSULROCK CORPORATION SPRAYON RESEARCH CORPORATION SPRAYON INSULATION & ACOUSTICS, INC. SPRAYED INSULATION INC. WARNER ELECTRIC BRAKE & CLUTCH CO. SPICER CLUTCH DIVISION VICTOR WISCONSIN GASKET REINZ WISCONSIN GASKET CO. |

/// EXHIBIT B

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
| | HONEYWELL CONTROLS |
| | ALLIEDSIGNAL, INC. |
| | AIRESEARCH DOMESTIC INTERNATIONAL SALES CORPORATION |
| | ALLIED-SIGNAL, INC. |
| | THE BENDIX CORPORATION |
| | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | BENDIX HOME SYSTEMS |
| | ALLIED CORPORATION |
| | ALLIED CHEMICAL CORPORATION |
| | GENERAL CHEMICAL CORPORATION |
| | FRAM |
| | FRICTION MATERIALS OF LOS ANGELES |
| | NORTH AMERICAN REFRACTORIES COMPANY |
| | EM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| | STANLEY G. FLAGG & CO. |
| | MERGENTHALER LINOTYPE COMPANY |
| | ELTRA CORPORATION |
| | BUNKER RAMO-ELTRA CORPORATION |
| | UNION TEXAS NATURAL GAS CORPORATION |
| | UNION OIL AND GAS OF LOUISIANA |
| | UNION SULPHUR AND OIL CORPORATION |
| | UNION SULPHUR COMPANY, INC., THE |
| | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
| | SIGNAL COMPANIES, INC., THE |
| | HANCOCK OIL COMPANY |
| | BARRETT DIVISION,  ALLIED CHEMICAL & DYE CORPORATION |
| | SIGNAL COMPANIES, INC., THE |
| | SIGNAL OIL & GAS CO. |
| | BANKLINE OIL COMPANY |
| | |
| BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC. | BORG-WARNER CORPORATION |
| | AP BORG & BECK |
| | BORG & BECK |
| | YORK BORG WARNER |
| | |
| EATON CORPORATION | EATON ELECTRICAL INC. |
| | CUTLER-HAMMER, INC. |
| | YALE & TOWNE MANUFACTURING CO. |

///

///

EXHIBIT B

18

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |
| | |
| ROCKWELL AUTOMATION, INC. | ROCKWELL SPRING AND AXLE COMPANY |
| | TIMKEN-DETROIT AXLE COMPANY (THE) |
| | TIMKEN SILENT AUTOMATIC DIVISION |
| | ALLEN-BRADLEY COMPANY, LLC. |
| | ONEIDA ROSTONE CORPORATION |
| | ROSTONE CORPORATION |
| | |
| CATERPILLAR, INC. | BARBER-GREENE PAVING MACHINES |
| | |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| | |
| INGERSOLL-RAND COMPANY | INGERSOLL-DRESSER PUMP |
| | DRESSER-RAND CO. |
| | PACIFIC PUMP WORKS |
| | FLOWSERVE CORPORATION |
| | INGERSOLL ROCK DRILL COMPANY |
| | TERRY STEAM TURBINE CO. |
| | WHITON MACHINE COMPANY |
| | RAND DRILL COMPANY |
| | RAND & WARING DRILL AND COMPRESSOR COMPANY |
| | INGERSOLL-SERGEANT |
| | SCHLAGE LOCK COMPANY |
| | VON DUPRIN |
| | THE TORRINGTON COMPANY |
| | BLAW-KNOX COMPANY |
| | ALDRICH PUMPS |
| | HUSSMANN CORPORATION |
| | |
| UNITED TECHNOLOGIES CORPORATION | UNITED AIRCRAFT CORPORATION |
| | UNITED AIRCRAFT & TRANSPORT CORPORATION |
| | PRATT & WHITNEY |
| | HAMILTON STANDARD CO. |
| | SIKORSKY AIRCRAFT CORP. |
| | |
| NORTHROP GRUMMAN CORPORATION | NORTHROP CORPORATION |
| | CALIFORNIA SHIPBUILDING CORPORATION |
| | GRUMMAN AEROSPACE CORPORATION |
| | LITTON INDUSTRIES, INC. |
| | LITTON APPLIED TECHNOLOGY |

*///*                                                                 EXHIBIT B

# EXHIBIT B-1

1

2                                    EXHIBIT B-1

3    DEFENDANTS

4    HUNTINGTON INGALLS INCORPORATED
     (FKA NORTHROP GRUMMAN
5    SHIPBUILDING, INC.)
     TODD SHIPYARDS CORPORATION
6
                                    ALTERNATE ENTITY
7
     HUNTINGTON INGALLS              AVONDALE INDUSTRIES, INC.
8      INCORPORATED                  AVONDALE SHIPYARDS, INC.
       (FKA  NORTHROP                CONTINENTAL MARITIME INDUSTRIES, INC.
9      GRUMMAN SHIPBUILDING, INC.)   EASTERN IDAHO CONSTRUCTION COMPANY
                                     INGALLS SHIPBUILDING, INC.
10                                   NEWPORT NEWS SHIPBUILDING AND DRY DOCK
                                     COMPANY
11                                   NORTH CAROLINA SHIPBUILDING
                                     NORTHROP GRUMMAN SHIP SYSTEMS, INC.
12                                   SERVICE ENGINEERING INDUSTRIES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ///                                                    EXHIBIT B-1

     FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**EXHIBIT C**

**EXHIBIT C**

<u>DEFENDANTS</u>

HUNTINGTON INGALLS INCORPORATED
(FKA NORTHROP GRUMMAN
SHIPBUILDING, INC.)
TODD SHIPYARDS CORPORATION
DOES 1001-2000

**EXHIBIT C**

**EXHIBIT H**

1

<u>EXHIBIT H</u>

2

<u>DEFENDANTS</u>

3

METROPOLITAN LIFE INSURANCE COMPANY
BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.

4

HONEYWELL INTERNATIONAL, INC. (successor-in-interest to ALLIEDSIGNAL, INC.)
DANA COMPANIES, LLC (FKA DANA CORPORATION)

5

DOES 5000-8000

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT H

K:\Johnson\104665\PLD\cmp-1AMCD\zip2expMet.wpd

25

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT I

<u>EXHIBIT I</u>

<u>DEFENDANTS</u>

METROPOLITAN LIFE INSURANCE COMPANY
DOES 5000-7500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT I

K:\Injured\10466S\PLD\smp-1AMDcpg2cmpMet_.wpd

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**EXHIBIT J**

1

<u>EXHIBIT J</u>

2

<u>DEFENDANTS</u>

3

METROPOLITAN LIFE INSURANCE COMPANY
DOES 7400-7500

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT J**

K:\Injunsd\104665\PLD\cmp-1AMDpip2expMet.wpd

**FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS**

**EXHIBIT N**

1                         <u>EXHIBIT N</u>

2    <u>DEFENDANTS</u>

3    METROPOLITAN LIFE INSURANCE COMPANY
        DOES 7501-7900

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                    EXHIBIT N

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS