ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-04786-RS

| | |
|---|---|
| Bovinich v. Foster Wheeler LLC et al | Date Filed: 09/27/2011 |
| Assigned to: Hon. Richard Seeborg | Jury Demand: Both |
| Cause: 28:1332 Diversity-Personal Injury | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**Peter Bovinich, Jr.**          represented by   **Alan R. Brayton**
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
*ATTORNEY TO BE NOTICED*

**David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler LLC**          represented by   **Shelley Kaye Tinkoff**
*formerly known as*             Brydon Hugo and Parker
Foster Wheeler Corporation      135 Main Street, 20th Floor
San Francisco, CA 94105
(415) 808-0300
Email: tinkoff@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Dynamics Corporation**

**Defendant**

**Huntington Ingalls Incorporated**
*formerly known as*

Northrop Grumman Shipbuilding, Inc.

| Date Filed | # | Docket Text |
|---|---|---|
| 09/27/2011 | 1 | COMPLAINT for Asbestos Personal Injury/Products Liability; Demand for Jury Trial against Foster Wheeler LLC, General Dynamics Corporation, Huntington Ingalls Incorporated (Filing fee $ 350.00, receipt number 34611065104). Filed by Peter Bovinich, Jr. (Attachments: # 1 Civil Cover Sheet) (gba, COURT STAFF) (Filed on 9/27/2011) (Entered: 09/28/2011) |
| 09/27/2011 | 2 | Certificate of Interested Entities by Peter Bovinich, Jr (gba, COURT STAFF) (Filed on 9/27/2011) (Entered: 09/28/2011) |
| 09/27/2011 | 3 | NOTICE of Tag-Along Action by Peter Bovinich, Jr (gba, COURT STAFF) (Filed on 9/27/2011) (Entered: 09/28/2011) |
| 09/27/2011 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Peter Bovinich, Jr. (gba, COURT STAFF) (Filed on 9/27/2011) (Entered: 09/28/2011) |
| 09/27/2011 | 5 | Summons Issued as to Foster Wheeler LLC, General Dynamics Corporation, Huntington Ingalls Incorporated. (gba, COURT STAFF) (Filed on 9/27/2011) (Entered: 09/28/2011) |
| 09/27/2011 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 1/5/2012. Case Management Conference set for 1/12/2012 10:00 AM in Courtroom 3, 17th Floor, San Francisco. (gba, COURT STAFF) (Filed on 9/27/2011) (Entered: 09/28/2011) |
| 10/24/2011 | 7 | ANSWER to Complaint byFoster Wheeler LLC. (Tinkoff, Shelley) (Filed on 10/24/2011) (Entered: 10/24/2011) |
| 10/24/2011 | 8 | Certificate of Interested Entities by Foster Wheeler LLC re 7 Answer to Complaint *with Disclosure Statement Pursuant to RFCP 7.1* (Tinkoff, Shelley) (Filed on 10/24/2011) (Entered: 10/24/2011) |
| 10/24/2011 | 9 | NOTICE by Foster Wheeler LLC re 8 Certificate of Interested Entities, 7 Answer to Complaint (Attachments: # 1 Affidavit Certificate of Service) (Tinkoff, Shelley) (Filed on 10/24/2011) (Entered: 10/24/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/25/2011 09:01:35 | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4801-2599 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-04786-RS |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

1002702.8

10/7/11

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

**E-filing**

PETER BOVINICH, JR.,
*Plaintiff,*

v.

CV 11    4786

Civil Action No. _____

FOSTER WHEELER LLC (FKA FOSTER WHEELER
CORPORATION), et al.,
*Defendants.*

RS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
        **SEE ATTACHED**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

David R. Donadio, Brayton❖Purcell LLP, 222 Rush Landing Road, Novato, California  94948-6169

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*
Richard W. Weiking

Date:    SEP 27 2011

_____
HELEN ALMACEN
*Signature of Clerk of Court or Deputy Clerk*

1    <u>ATTACHMENT TO SUMMONS</u>

2

3

4    FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)

5

6    GENERAL DYNAMICS CORPORATION

7

8    HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN
     SHIPBUILDING, INC.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

K:\Injured\108613\FED\PLD\cmp fed (pi).wpd

1    ALAN R. BRAYTON, ESQ., S.B. #73685
2    DAVID R. DONADIO, ESQ., S.B. #154436
    BRAYTON✧PURCELL LLP
    Attorneys at Law
3    222 Rush Landing Road
    P.O. Box 6169
4    Novato, California 94948-6169
    (415) 898-1555
5    (415) 898-1247 (Fax No.)

6    Attorneys for Plaintiff

ORIGINAL FILED

2011 SEP 27 P 12: 31

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

7

8           **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10            **SAN FRANCISCO DIVISION**

11    PETER BOVINICH, JR.,

12          Plaintiff,

13    vs.

14    FOSTER WHEELER LLC (FKA FOSTER
    WHEELER CORPORATION),
15    GENERAL DYNAMICS
    CORPORATION, HUNTINGTON
16    INGALLS INCORPORATED (FKA
    NORTHROP GRUMMAN
17    SHIPBUILDING, INC.),

18          Defendants.

No. CV 11 4786

COMPLAINT FOR ASBESTOS
PERSONAL INJURY/ PRODUCTS
LIABILITY; DEMAND FOR JURY TRIAL

RS

19

20                  **I.**

21              **PARTIES**

22       1.     Plaintiff in this action, PETER BOVINICH, JR., has sustained asbestos-related

23 lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to

24 asbestos.

25       2.     Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos

26 fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

27       3.     The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit**

28 **A**, attached to Plaintiff's complaint and incorporated by reference herein.

BRAYTON✧PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

4.     All of Plaintiff's claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative, progressive, incurable lung diseases.

5.     Plaintiff claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6.     As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff.

7.     Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8.     Jurisdiction: Plaintiff PETER BOVINICH, JR. is a citizen of the State of California.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
| --- | --- |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey |
| GENERAL DYNAMICS CORPORATION | Virginia |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| DEFENDANT | STATE |
|---|---|
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | Virginia |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9.　　Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Negligence)

PLAINTIFF PETER BOVINICH, JR. COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL DYNAMICS CORPORATION, HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10.　　At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

1   warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

2   otherwise directing and/or facilitating the use of, or advertising a certain product, namely

3   asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be

4   called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious

5   conduct of each successor, successor in business, successor in product line or a portion thereof,

6   assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

7   venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

8   entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

9   designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

10   sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

11   rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

12   products containing asbestos. The following defendants, and each of them, are liable for the acts

13   of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

14   destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

15   of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

16   ENTITY; defendants, and each of them, caused the destruction of plaintiff's remedy against each

17   such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

18   role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

19   originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENERAL DYNAMICS CORPORATION | CONVAIR<br>VULTEE AIRCRAFT INC.<br>CONSOLIDATED VULTEE AIRCRAFT CORPORATION<br>ASBESTOS CORPORATION LIMITED |
| HUNTINGTON INGALLS<br>  INCORPORATED<br>  (FKA NORTHROP<br>  GRUMMAN SHIPBUILDING, INC.) | AVONDALE INDUSTRIES, INC.<br>AVONDALE SHIPYARDS, INC.<br>CONTINENTAL MARITIME INDUSTRIES, INC.<br>EASTERN IDAHO CONSTRUCTION COMPANY<br>INGALLS SHIPBUILDING, INC.<br>NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY<br>NORTH CAROLINA SHIPBUILDING<br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.<br>SERVICE ENGINEERING INDUSTRIES, INC. |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by "exposed persons." In part, and without limitation as to other defendants, defendants HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) and GENERAL DYNAMICS CORPORATION, manufactured, modified, serviced and/or repaired asbestos-containing ships and vessels.

13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

1    14.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

2  have known, and intended that the aforementioned asbestos and products containing asbestos and

3  related products and equipment, would be transported by truck, rail, ship, and other common

4  carriers, that in the shipping process the products would break, crumble, or be otherwise

5  damaged; and/or that such products would be used for insulation, construction, plastering,

6  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

7  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

8  breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the

9  release of airborne asbestos fibers, and that through such foreseeable use and/or handling

10  "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to

11  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

12  persons working in proximity to said products, directly or through reentrainment.

13    15.    Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-

14  containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's

15  exposure to asbestos and asbestos-containing products is on current information as set forth at

16  various locations and circumstances in **Exhibit A,** attached to plaintiff's complaint and

17  incorporated by reference herein.

18    16.    As a direct and proximate result of the acts, omissions, and conduct of the

19  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure

20  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

21  or harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and

22  incorporated by reference herein.

23    17.    Plaintiff is informed and believes, and thereon alleges, that progressive lung

24  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

25  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

26  asbestos and asbestos-containing products over a period of time.

27  ///

28  ///

18.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

19.     As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

20.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

21.     As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

22.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

23.     Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

24.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of example and by way of punishing said defendants, seeks punitive damages according to proof.

WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

SECOND CAUSE OF ACTION
(Products Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY, PLAINTIFF PETER BOVINICH, JR. COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), GENERAL DYNAMICS CORPORATION, HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AS FOLLOWS:

25.    Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations contained in each paragraph of the First Cause of Action herein.

26.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

27.    Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of defendants, their "alternate entities," and each of them. Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe and dangerous for use.

///

28.   "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons". Said defendants, their ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

29.   In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

30.   On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES and each of them, were aware that members of the general public and other "exposed persons", who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that members of the general public and other "exposed persons", who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

31.   With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

1   lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

2   market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

3   asbestos-containing products without attempting to protect "exposed persons" from or warn

4   "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

5   asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn

6   "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

7   asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

8   intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

9   and suppressed said knowledge from "exposed persons" and members of the general public, thus

10  impliedly representing to "exposed persons" and members of the general public that asbestos and

11  asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

12  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

13  representations with the knowledge of the falsity of said implied representations.

14      32.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

15  and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

16  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

17  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

18  sale, inspection, installation, contracting for installation, repair, marketing, warranting,

19  rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-

20  containing products. In pursuance of said financial motivation, said defendants, their

21  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

22  persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

23  containing products to cause injury to "exposed persons" and induced persons to work with and

24  be exposed thereto, including Plaintiff.

25      33.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE

26  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

27  products to be safe for their intended use but that their asbestos and asbestos-containing products,

28  created an unreasonable risk of bodily harm to exposed persons.

1    34.    Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos

2    and various asbestos-containing products manufactured, fabricated, inadequately researched,

3    designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered

4    for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

5    marketed, warranted, rebranded, manufactured for others, packaged and advertised by the

6    aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff

7    cannot identify precisely which asbestos or asbestos-containing products caused the injuries

8    complained of herein.

9    35.    Plaintiff relied upon defendants', their "alternate entities'", and each of their

10   representations, lack of warnings, and implied warranties of fitness of asbestos and their

11   asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has

12   been injured permanently as alleged herein.

13   36.    As a direct and proximate result of the actions and conduct outlined herein,

14   Plaintiff has suffered the injuries and damages previously alleged.

15   WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

16   ENTITIES, and each of them, as hereinafter set forth.

17   # IV.

18   # PRAYER

19   WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

20   ENTITIES, and each of them in an amount to be proved at trial, as follows:

21   (a)    For Plaintiff's general damages according to proof;

22   (b)    For Plaintiff's loss of income, wages and earning potential according to proof;

23   (c)    For Plaintiff's medical and related expenses according to proof;

24   (d)    For Plaintiff's cost of suit herein;

25   (e)    For exemplary or punitive damages according to proof;

26   (f)    For damages for fraud according to proof; and

27   ///

28   ///

K:\Injured\108613\FED\PLD\cmp fed (pi).wpd                11

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

1   (g)    For such other and further relief as the Court may deem just and proper, including

2       costs and prejudgment interest.

3

4  Dated: _____9|24|11_____         BRAYTON❖PURCELL LLP

5

6                         By: _____

7                             David R. Donadio
                             Attorneys for Plaintiff

8

9

10

11                        JURY DEMAND

12    Plaintiff hereby demands trial by jury of all issues of this cause.

13

14  Dated: _____9|24|11_____         BRAYTON❖PURCELL LLP

15

16                         By: _____

17                             David R. Donadio
                             Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EXHIBIT A

Plaintiff: PETER BOVINICH, JR.

Plaintiff's injuries: Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma, lung cancer and various other cancers. Plaintiff was diagnosed with asbestosis and asbestos-related pleural disease on or about June 2008.

Retirement Status: The Injured Party retired from his last place of employment as a result of becoming disabled due to an illness not related to asbestos. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

Defendants: Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants. Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown | Prune Orchard Napa, CA | Farm hand | 1948-1949 |
| Foremost Dairies, Inc. 1 Post St. San Francisco, CA | Golden State Dairy Napa, CA | Laborer | 1956 Approx. 6 mos. |
| Market Town, Inc. 4411 W. Slauson Ave. Los Angeles, CA | Grocery Store Las Vegas, NV | Box Boy | 1957 Approx. 6 mos. |
| US Navy | Naval Training Center San Diego, CA | Seaman Recruit | 1958 Approx. 4 months |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Larry's Hickory Pit 1855 Sonoma Highway Napa, CA | Larry's Hickory Pit 1855 Sonoma Highway Napa, CA | Dishwasher | 1958 Approx. 5-6 mos. |
| Roberts & Company 1 Embarcadero Center 640 San Francisco, CA | Redwood Homes subdivision Napa, CA | Laborer | 1958 Approx. 3-4 mos. |
| F.W. Case Corporation P.O. Box 1237 Newhall, CA | Dam Deer Park Rd. Near St. Helena, CA | Laborer | 1958 Approx. 3 mos. |
| Richard H. Ohlandt 5211 Big Ranch Rd. Napa, CA | Ohlandt Ranch 5211 Big Ranch Rd. Napa, CA | Ranch Hand | 1959 Approx 4-5 mos. |
| Napa Automatic Car Wash 1231 Main Street Napa, CA | Napa Automatic Car Wash 1231 Main Street Napa, CA | Car Washer | Late-1959 Approx. 6-7 mos. |
| E.F. Bassett 1571 Tallac Street Napa, CA | Unknown | Laborer | 1959-1960 |
| Howell & Barwick 820 3rd Street Napa, CA | Plymouth & Desoto Dealership 820 3rd Street Napa, CA | Car Detailer | 1960-1961 Approx. 1 year |
| Mare Island Naval Shipyard Vallejo, CA | Mare Island Naval Shipyard Vallejo, CA Shop 11 | Shipfitter (punch & shear operator) | 1961 - Approx. 8 - 10 months |
| Mare Island Naval Shipyard Vallejo, CA | Mare Island Naval Shipyard Vallejo, CA Shop 56 | Rubber Worker | 1961 - 1972 |

DIXIE (AD-14)

PERCH (SS-313)

SEGUNDO (SS-398)

O'BRIEN (DD-725)

BONEFISH (SS-582)

SWORDFISH (SSN-579)

SCULPIN (SSN-590)

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard Vallejo, CA (cont'd.) | Mare Island Naval Shipyard Vallejo, CA Shop 56 | Rubber Worker | 1961 - 1972 |
| | RAZORBACK (SS-394) | | |
| | GRAYBACK (SSG-574) | | |
| | GUDGEON (SS-567) | | |
| | BASHAW (SS-241) | | |
| | GURNARD (SSN-662) | Rubber Worker | 1964 - 1972 |
| | PUFFER (SSN-652) | | 1965 - 1972 |
| | HENDERSON (DD-785) | | |
| | BAINBRIDGE (CGN 25) | | |
| | WAKE (PR-3) | | |
| | BARB (SSN-596) | | |
| | GUARDFISH (SSN-612) | | |
| | HADDOCK (SSN-621) | | |
| | SNOOK (SSN-592) | | |
| | WAHOO (SS-565) | | |
| | SAILFISH (SS-572) | | |
| Mare Island Naval Shipyard Vallejo, CA | Mare Island Naval Shipyard Vallejo, CA | Rubber worker | 1961 - 1972 |
| | ANDREW JACKSON (SSBGN - 619) | | |
| | MARIANO G. VALLEJO (SSBN - 658) | | 1964 - 1972 |
| | KAMEHAMEHA (SSBN-642) | | 1963 - 1972 |
| | PERMIT (SSN-594) | | |
| | PLUNGER (SSN-595) | Rubber worker | 1963 - 1972 |
| | DANIEL BOONE (SS-629) | | |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard Vallejo, CA (cont'd.) | Mare Island Naval Shipyard Vallejo, CA | Rubber worker | 1961 – 1972 |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| | JOHN C. CALHOUN (SSBN-630) | | |
| | THOMAS JEFFERSON (SSN-618) | | |
| | GEORGE WASHINGTON (SSBN-598) | | |
| | ABRAHAM LINCOLN (SSBN-602) | | |
| | HALIBUT (SSN-587) | | |
| | PERMIT (SSN-594) | | |
| | ROBERT E. LEE (SSBN-601) | | |
| | SARGO (SSN-583) | | |
| | SCAMP (SSN-588) | | |
| Pacific Gas & Electric Company Transportation Services San Francisco, CA | PG&E (Potrero Station) San Francisco, CA | Welder | 1973 1 month |
| Pacific Gas & Electric Company Transportation Services San Francisco, CA | PG&E Antioch aka Contra Costa, CA | Welder | 1973 Approx. 2 mos. |
| Pacific Gas & Electric Company Transportation Services San Francisco, CA | PG&E Pittsburg, CA Brentwood Station Unit 7 | Welder | 1973 Approx. 2 mos. 1973 Approx. 2 mos. 1973/1974 1 month (5 mos. total off and on) |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pacific Gas & Electric Company Transportation Services San Francisco, CA | PG&E Eureka, CA | Welder | 1973/1974 1 ½ weeks |
| Mare Island Naval Shipyard Vallejo, CA | Mare Island Naval Shipyard Vallejo, CA; Shop 64 (fka Shop 56) | Rubber Worker | 1974 - 1978 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

18

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY; DEMAND FOR JURY TRIAL