# U.S. District Court
# Eastern District of Virginia – (Norfolk)
# CIVIL DOCKET FOR CASE #: 2:11–cv–09795–AWA

McCollister v. Norfolk Southern Railway Company
Assigned to: District Judge Arenda L. Wright Allen
Demand: $2,500,000
Lead case: 2:11–cv–09999–AWA
Member cases:
   2:11–cv–09730–MSD
   2:11–cv–09731–MSD
   2:11–cv–09732–AWA
   2:11–cv–09733–AWA
   2:11–cv–09734–AWA
   2:11–cv–09735–AWA
   2:11–cv–09736–AWA
   2:11–cv–09737–AWA
   2:11–cv–09738–AWA
   2:11–cv–09739–AWA
   2:11–cv–09740–AWA
   2:11–cv–09741–AWA
   2:11–cv–09742–AWA
   2:11–cv–09745–AWA
   2:11–cv–09746–AWA
   2:11–cv–09747–AWA
   2:11–cv–09748–AWA
   2:11–cv–09749–AWA
   2:11–cv–09750–AWA
   2:11–cv–09751–AWA
   2:11–cv–09752–AWA
   2:11–cv–09753–AWA
   2:11–cv–09743–AWA
   2:11–cv–09746–AWA
   2:11–cv–09747–AWA
   2:11–cv–09752–AWA
   2:11–cv–09754–AWA
   2:11–cv–09755–AWA
   2:11–cv–09756–AWA
   2:11–cv–09757–AWA
   2:11–cv–09758–AWA
   2:11–cv–09759–AWA
   2:11–cv–09760–AWA

Date Filed: 10/26/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

2:11–cv–09766–AWA
2:11–cv–09762–AWA
2:11–cv–09763–AWA
2:11–cv–09764–AWA
2:11–cv–09765–AWA
2:11–cv–09767–AWA
2:11–cv–09768–AWA
2:11–cv–09769–AWA
2:11–cv–09770–AWA
2:11–cv–09771–AWA
2:11–cv–09772–AWA
2:11–cv–09773–AWA
2:11–cv–09774–AWA
2:11–cv–09775–AWA
2:11–cv–09776–AWA
2:11–cv–09777–AWA
2:11–cv–09778–AWA
2:11–cv–09779–AWA
2:11–cv–09780–AWA
2:11–cv–09781–AWA
2:11–cv–09782–AWA
2:11–cv–09783–AWA
2:11–cv–09784–AWA
2:11–cv–09785–AWA
2:11–cv–09786–AWA
2:11–cv–09787–AWA
2:11–cv–09788–AWA
2:11–cv–09789–AWA
2:11–cv–09790–AWA
2:11–cv–09791–AWA
2:11–cv–09792–AWA
2:11–cv–09793–AWA
2:11–cv–09794–AWA
2:11–cv–09795–AWA
2:11–cv–09796–AWA
2:11–cv–09797–AWA

Cause: 28:1332 Diversity–Asbestos Litigation

**Plaintiff**

**Sam B. McCollister**　　　　　　　　　　represented by　**Kip Andrew Harbison**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Glasser &Glasser PLC
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　580 E Main St
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Suite 600
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Norfolk, VA 23510

(757) 625−6787
*ATTORNEY TO BE NOTICED*

**Willard James Moody , Jr.**
The Moody Law Firm, Inc.
500 Crawford St
Commerce Bank Bldg
Suite 300
Portsmouth, VA 23704
(757) 393−6020
Fax: (757) 399−3019
*ATTORNEY TO BE NOTICED*

**Defendant**

**Norfolk Southern Railway Company**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/26/2011 | 1 | 4 | COMPLAINT against Norfolk Southern Railway Company ( Filing fee $ 350.00 receipt number 24683013382.), filed by Sam B. McCollister. Jury Demand(Attachments: # 1 Letter, # 2 Civil Cover Sheet, # 3 Receipt)(tlev, ) Modified on 10/26/2011 to include Jury Demand(tlev, ). (Entered: 10/26/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED
OCT 26 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

SAM B. MCCOLLISTER :
:
Plaintiff, : CIVIL ACTION NO. 2:11 cv 9795
:
v. : ASBESTOS CASE
:
NORFOLK SOUTHERN RAILWAY COMPANY :
:
Defendant. :

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY :
LITIGATION (NO.VI) :
: CIVIL ACTION NO._____
_____X :
: MDL 875
This Document Relates To: :
:
Sam B. McCollister v. Norfolk Southern Railway :
Company :
:
(Case Number to Be Assigned)

## COMPLAINT

Now comes Plaintiff, Sam B. McCollister, by his attorneys Glasser and Glasser, P.L.C. and The Moody Law Firm, Inc. for his Complaint against Defendant, Norfolk Southern Railway Company, , states:

1. This cause of action arises under the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60, the Federal Safety Appliance Act, 49 U.S.C. 20301 - 20306, and the Federal Boiler Inspection Act, 49 U.S.C. 20701 - 20703 as amended. The subject matter jurisdiction of this court arises from 28 USC §1331.

2. Plaintiff is:

  a. Plaintiff ("plaintiff-worker")

| | |
|---|---|
| Name: | Sam B. McCollister |
| Address: | Conneaut, Ohio |
| Social Security No.: | \*\*\*-\*\*-5747 |
| Date of Birth: | \*\*/\*\*/1933 |

  b. Plaintiff's Spouse: Peggy McCollister

| | |
|---|---|
| Address: | Conneaut, Ohio |
| Date of Birth: | \*\*/\*\*/1942 |

3. Defendant is the railroad corporation listed in the caption and at all times relevant was doing business as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation within the state of Virginia and was an employer of Plaintiff-worker pursuant to the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60.

4. Plaintiff was employed by Defendant from 1955 to 1995 as fireman and engineer. During the course of his employment, Plaintiff was exposed to asbestos dust and/or fibers, and/or silica dust and/or coal dust in his workplace in Bellevue, Ohio; Cleveland, Ohio; Conneaut, Ohio; S. Lorain, Ohio; Buffalo, NY and Fort Wayne, IN.

5. Plaintiff was engaged in the performance of his duties as an employee of the Defendant and/or Defendant's predecessors at the time in which he was exposed to asbestos dust and/or fibers, and/or silica dust and/or coal dust as hereinafter alleged.

6. At the time of his exposure to asbestos dust and/or fibers, and/or silica dust and/or coal dust, Plaintiff's duties were in furtherance of interstate commerce, and his work directly, closely and substantially affected the interstate commerce carried on by the Defendant railroad and/or Defendant's predecessors.

7. In the performance of his duties, Plaintiff worked in, on and around railroad cars, locomotives, locomotive boilers and their appurtenances, locomotive repair shops and/or other shops and/or buildings.

8. In the performance of his duties, Plaintiff used and/or worked around others who used and/or hauled asbestos products and/or silica and/or coal on railroad cars, locomotives, locomotive boilers and their appurtenances, and he was exposed to the inhalation of asbestos dust and/or fibers, and/or silica sand and/or silica dust, and/or coal and/or coal dust resulting from the hauling and/or use of these products and/or materials.

9. While engaged in the course of his employment with the Defendant and/or Defendant's predecessors, Plaintiff was required to work with and around toxic substances, including but not limited to asbestos and materials containing asbestos, and/or silica and/or silica dust, and/or coal and/or coal dust.

10. At all times relevant, Plaintiff was unaware of the dangerous propensities of asbestos and/or asbestos-containing products, and/or silica and/or silica dust; and/or coal and/or coal dust.

11. At all times material hereto, Defendant and/or Defendant's predecessors knew, or should have known, that exposure to the inhalation of dust, including but not limited to asbestos fibers and/or dust, and/or silica dust and/or coal dust was dangerous, toxic and potentially deadly.

12. At all times material hereto, Defendant and/or Defendant's predecessors knew, or should have known, that Plaintiff would be exposed to the inhalation of dust, including but not limited to asbestos fibers and/or dust, and/or silica dust, and/or coal dust resulting from the use of and/or handling of said products and/or said materials.

13. Despite this knowledge, Defendant and/or Defendant's predecessors:

    (a) Failed to provide Plaintiff with a reasonably safe place to work;

    (b) Failed to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

    (c) Failed to warn Plaintiff of the true nature and hazardous effects of asbestos containing products and/or silica and/or coal;

    (d) Failed to operate the locomotive repair facility in a safe and reasonable manner;

    (e) Failed to provide instructions or a method for the safe use of asbestos containing products and/or silica and/or coal;

    (f) Failed to provide adequate, if any, instructions in the use and/or removal of asbestos products and/or the use, loading and/or hauling of silica and/or coal;

    (g) Failed to test said products and/or materials prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

    (h) Failed to formulate and use a method of handling said products and/or materials, exposing Plaintiff to high concentrations of asbestos dust and/or fibers and/or silica dust and/or coal dust;

    (i) Failed to provide Plaintiff with safe and proper ventilation systems in the locomotive repair facility;

    (j) Allowed unsafe practices to become the standard practice;

    (k) Failed to exercise reasonable care in publishing and enforcing a safety plan and method of handling asbestos-containing products and/or silica

and/or coal;

(l) Failed to inquire of the suppliers of asbestos and/or silica and/or coal of the hazardous nature(s) of asbestos and/or silica and/or coal;

(m) Required employees to work with ultra-hazardous products and/or materials;

(n) Failed to exercise adequate, if any, care for the health and safety of employees, including Plaintiff;

(o) Failed to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to said products and/or materials;

(p) Failed to periodically inspect the shops, buildings, equipment, railroad cars, locomotives, boilers, and their appurtenances in order to ascertain any dust and/or fiber contamination;

(q) Failed to limit access to areas where these products and/or materials were being used;

(r) Failed to advise Plaintiff to shower before going home, failed to provide such shower facilities and failed to enforce the use of such facilities;

(s) Failed to advise Plaintiff to have his clothing and belongings cleaned outside of the home, failed to provide such cleaning services and failed to enforce the use of such services;

(t) Failed to provide Plaintiff with a separate locker for clothing worn home to prevent such clothing from becoming contaminated with dust, including but not limited to asbestos fibers and/or dust and/or silica dust and/or coal dust from clothing worn at work;

(u) Failed to test said products and/or materials prior to use by Defendant and/or Defendant's predecessors employees.

14. The Defendant and/or Defendant's predecessors failed to comply with the provisions and requirements of the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60, as amended.

15. The Defendant and/or Defendant's predecessors, through their agents, servants and employees, violated the Locomotive Boiler Inspection Act, 49 U.S.C. 20701 - 20703, as amended, and Defendant and/or Defendant's predecessors failed to provide Plaintiff with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or around.

16. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendant, Plaintiff was caused to contract non-malignant asbestos-caused diseases and/or injuries, which are permanent and/or fatal and have caused and will continue to cause Plaintiff pain, suffering and mental anguish and may inevitably cause his death.

17. Plaintiff's non-malignant asbestos-induced disease which was proximately caused by Defendant's negligent use of asbestos products and other negligent acts or omissions and Defendant's violation of the Locomotive Boiler Inspection Act did not occur or exist three years prior to the filing of this Complaint and such disease is the indivisible biological result of the unique dose response of Plaintiff-worker's body to inhalation and/or ingestion of asbestos and/or industrial dust and fibers from Defendant's use of asbestos products.

18. As a result of the negligence and statutory violations described above, Plaintiff has suffered great pain, extreme nervousness and mental anguish and believes that his illness is

permanent in nature and that he will be forced to suffer from the same for the remainder of his life. Plaintiff has been obliged to spend various sums of money for treatment and he will be obliged to continue to do so in the future. Plaintiff, who was a strong and able-bodied man has sustained a loss of earnings and earning capacity, and his ability to render services, society, affection, counseling and support to his family has been diminished, his life expectancy has been shortened and his enjoyment of life has been impaired. As a direct result of the negligence and statutory violations described above, Plaintiff suffers from extreme nervousness, mental anxiety and fear of progression of his non-malignant asbestos-caused diseases and/or injuries; and fear of contracting mesothelioma, and/or other asbestos-caused cancers and/or other conditions, including, but not limited to cor pulmonale. In addition, Plaintiff, because of his non-malignant asbestos-caused diseases and/or injuries, now has an increased risk of contracting mesothelioma, and/or other asbestos-caused cancers, and/or other conditions including, but not limited to cor pulmonale.

For the reasons stated above, Plaintiff demands a jury trial and respectfully requests that a judgment be awarded against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in the amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), together with interest and costs of this proceeding as well as other such relief as may be appropriate under the circumstances.

By: _____
Of Counsel

Kip A. Harbison, Esq.

Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510
(757) 625-6787
(757) 627-5908 (facsimile)

Willard J. Moody, Jr., Esq.
The Moody Law Firm, Inc.
500 Crawford Street
Commerce Bank Bldg.
P.O. Box 1138
Portsmouth, Virginia 23705
(757) 393-6020
(757) 399-3019 (facsimile)

## SCHEDULE I

### Plaintiff-Worker Employment History
### Asbestos Exposure Worksite Information

| EMPLOYER/WORKSITE | TRADE | APPROXIMATE DATES |
|---|---|---|
| Norfolk Southern Railway Company | Fireman, engineer | 1955-1995 |

RELATED ASBESTOS LITIGATION:

Multi-District Litigation pending against various asbestos manufacturers.

SMOKING HISTORY:

Plaintiff has smoked up to 1/3 pack per day of cigarettes between 1951 and 1999.

PLAINTIFF-WORKER WORKED WITH AND/OR AROUND THE FOLLOWING ASBESTOS-CONTAINING PRODUCTS:

Block
Cement
Cloth
Wall Covering
Insulation

Pipecovering
Gaskets and Packing
Dust
Brakeshoes and Friction Products

DEPENDENTS:

Peggy McCollister (spouse)

| Bernard Glasser<br>1910-1983<br>Melvin R. Zimm<br>1953-2009<br>Richard S. Glasser<br>Michael A. Glasser<br>William H. Monroe, Jr.*<br>Kip A. Harbison<br>Mark K. Groves<br>Charlotte E. Vaughn<br>Marc C. Greco**<br>Stephen R. Meenan<br>Richard A. Knee***<br>Karen M. Zello | <br>**GLASSER AND GLASSER P.L.C.**<br>Attorneys and Counsellors at Law<br>Crown Center, Suite 600<br>580 East Main Street<br>Norfolk, Virginia 23510-2212<br>Telephone: (757) 625-6787<br>Facsimile: (757) 625-5959<br>(800) 874-5890<br>http://www.glasserlaw.com<br>1932 – Celebrating our 79th Year – 2011 | L. Robert Richman****<br>Daniel T. Bengston<br>Melissa M. Watson Goode<br>Michele S. Cumberland****<br>Erin C. Quinn<br>Jason L. Hamlin<br>Alexander N. Rouhani<br>Alex E. Wallin<br>Chaunacie L. Wilkerson<br>Amanda R. Bertman<br><br>Of Counsel for FELA Litigation:<br>Willard J. Moody, Jr. —<br>The Moody Law Firm, Inc.<br><br>\* Also admitted in DC<br>\*\* Also admitted in LA<br>\*\*\* Also admitted in TX<br>\*\*\*\* Also admitted in MD<br>\*\*\*\*\* Also admitted in NC, WV, FL |
|---|---|---|

October 25, 2011

**VIA HAND DELIVERY**
USDC – Eastern District of Virginia, Norfolk
Fernando Galindo, Clerk of Court
Walter E. Hoffman United States Courthouse
600 Granby Street
Norfolk, VA 23510

   Re: Sam B. McCollister v. Norfolk Southern Railway Company
      William H. Monroe, Jr., Adminstrator of the Estate of Titus R. Payne v. Norfolk Southern
       Railway Company
      Larry D. Schopp v. Norfolk Southern Railway Company

To Whom It May Concern:

Enclosed herewith, please find the following:

1. Original and one copy the Civil Cover Sheet and Complaint in each of the above-referenced matters.

2. Three (3) checks payable to USDC – Eastern District of Virginia in the amount of $350.00 each for the filing fee in these cases.

3. In addition to the above, I have provided an extra copy of each of the above-referenced Complaints. Please stamp these extra copies with the date filed and case number and **return them to me in the enclosed self-addressed stamped envelope for my records.**

We will take care of serving these lawsuits. Thank you in advance for your assistance in this matter.

              Sincerely,

              GLASSER & GLASSER, P.L.C.

              Kip A. Harbison

KAH/kmh
Enclosures
cc: The Moody Law Firm, Inc.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Sam B. McCollister

**DEFENDANTS**
Norfolk Southern Railway Company

**(b)** County of Residence of First Listed Plaintiff  Ashtabula County, OH
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  City of Norfolk, Virginia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kip A. Harbison, Esquire, Glasser and Glasser, P.L.C., 580 East Main Street, Suite 600, Norfolk, Virginia 23510 (757) 625-6787

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
45 U.S.C., Secs. 51 et seq., 49 U.S.C. 20301, 49 U.S.C., Secs. 20701 et seq.
Brief description of cause:
Personal injury arising out of Plaintiff's exposure to asbestos while in the employ of Railroad defendant.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 10/25/11
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

```
Court Name: United States District Court
Division: 2
Receipt Number: 24683013382
Cashier ID: tlevinso
Transaction Date: 10/26/2011
Payer Name: GLASSER AND GLASSER
----------------------------------------
CIVIL FILING FEE
 For: GLASSER AND GLASSER
 Amount:         $350.00
----------------------------------------
CHECK
 Check/Money Order Num: 215934
 Amt Tendered: $350.00
----------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

GLASSER & GLASSER
2:11cv9795
```