JURY

# U.S. District Court
## Eastern District of Virginia – (Norfolk)
### CIVIL DOCKET FOR CASE #: 2:11–cv–09796–AWA

| | |
|---|---|
| Monroe, Jr. v. Norfolk Southern Railway Company | Date Filed: 10/26/2011 |
| Assigned to: District Judge Arenda L. Wright Allen | Jury Demand: Plaintiff |
| Demand: $2,500,000 | Nature of Suit: 368 P.I. : Asbestos |
| Lead case: 2:11–cv–09999–AWA | Jurisdiction: Federal Question |

Member cases:
- 2:11–cv–09730–MSD
- 2:11–cv–09731–MSD
- 2:11–cv–09732–AWA
- 2:11–cv–09733–AWA
- 2:11–cv–09734–AWA
- 2:11–cv–09735–AWA
- 2:11–cv–09736–AWA
- 2:11–cv–09737–AWA
- 2:11–cv–09738–AWA
- 2:11–cv–09739–AWA
- 2:11–cv–09740–AWA
- 2:11–cv–09741–AWA
- 2:11–cv–09742–AWA
- 2:11–cv–09745–AWA
- 2:11–cv–09746–AWA
- 2:11–cv–09747–AWA
- 2:11–cv–09748–AWA
- 2:11–cv–09749–AWA
- 2:11–cv–09750–AWA
- 2:11–cv–09751–AWA
- 2:11–cv–09752–AWA
- 2:11–cv–09753–AWA
- 2:11–cv–09743–AWA
- 2:11–cv–09746–AWA
- 2:11–cv–09747–AWA
- 2:11–cv–09752–AWA
- 2:11–cv–09754–AWA
- 2:11–cv–09755–AWA
- 2:11–cv–09756–AWA
- 2:11–cv–09757–AWA
- 2:11–cv–09758–AWA
- 2:11–cv–09759–AWA
- 2:11–cv–09760–AWA

2:11–cv–09766–AWA
2:11–cv–09762–AWA
2:11–cv–09763–AWA
2:11–cv–09764–AWA
2:11–cv–09765–AWA
2:11–cv–09767–AWA
2:11–cv–09768–AWA
2:11–cv–09769–AWA
2:11–cv–09770–AWA
2:11–cv–09771–AWA
2:11–cv–09772–AWA
2:11–cv–09773–AWA
2:11–cv–09774–AWA
2:11–cv–09775–AWA
2:11–cv–09776–AWA
2:11–cv–09777–AWA
2:11–cv–09778–AWA
2:11–cv–09779–AWA
2:11–cv–09780–AWA
2:11–cv–09781–AWA
2:11–cv–09782–AWA
2:11–cv–09783–AWA
2:11–cv–09784–AWA
2:11–cv–09785–AWA
2:11–cv–09786–AWA
2:11–cv–09787–AWA
2:11–cv–09788–AWA
2:11–cv–09789–AWA
2:11–cv–09790–AWA
2:11–cv–09791–AWA
2:11–cv–09792–AWA
2:11–cv–09793–AWA
2:11–cv–09794–AWA
2:11–cv–09795–AWA
2:11–cv–09796–AWA
2:11–cv–09797–AWA

Cause: 28:1332 Diversity–Asbestos Litigation

**Plaintiff**

| | | |
|---|---|---|
| **William H. Monroe, Jr.**<br>*Administrator of the Estate of Titus R.*<br>*Payne* | represented by | **Kip Andrew Harbison**<br>Glasser &Glasser PLC<br>580 E Main St<br>Suite 600<br>Norfolk, VA 23510 |

(757) 625−6787
*ATTORNEY TO BE NOTICED*

**Willard James Moody , Jr.**
The Moody Law Firm, Inc.
500 Crawford St
Commerce Bank Bldg
Suite 300
Portsmouth, VA 23704
(757) 393−6020
Fax: (757) 399−3019
*ATTORNEY TO BE NOTICED*

**Defendant**

**Norfolk Southern Railway Company**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/26/2011 | 1 | 4 | COMPLAINT against Norfolk Southern Railway Company ( Filing fee $ 350.00 receipt number 24683013383.), filed by William H. Monroe, Jr. Jury Demand. (Attachments: # 1 Civil Cover Sheet, # 2 Receipt, # 3 Letter)(tlev, ) (Entered: 10/27/2011) |

FILED
OCT 2 6 2011
CLERK. US DISTRICT COURT
NORFOLK. VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| WILLIAM H. MONROE, JR., Administrator Of The Estate Of TITUS R. PAYNE | : |
| Plaintiff, | : CIVIL ACTION NO. 2:11cv9796 |
| | : ASBESTOS CASE |
| v. | : |
| NORFOLK SOUTHERN RAILWAY COMPANY | : |
| Defendant. | : |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI) | : |
| _____ X | : CIVIL ACTION NO._____ |
| | : MDL 875 |
| This Document Relates To: | : |
| William H. Monroe, Jr., Administrator of the Estate of Titus R. Payne v. Norfolk Southern Railway Company | : |

(Case Number to Be Assigned)

## COMPLAINT

Plaintiff, William H. Monroe, Jr., Administrator for the Estate of Titus R. Payne, Deceased (hereinafter "Plaintiff" or "Plaintiff-worker", where appropriate), by his attorneys Glasser and Glasser, P.L.C. and The Moody Law Firm, Inc., for his Complaint states:

1. This suit arises under the laws of the United States, more specifically the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60, the Federal Safety Appliance Act, 49 U.S.C. 20301 - 20306, and the Federal Boiler Inspection Act, 49 U.S.C. 20701 - 20703; and jurisdiction is based upon 28 U.S.C. §1331.

2. Plaintiff-worker is:

    a. Deceased Plaintiff

| | |
|---|---|
| Name: | Titus R. Payne |
| Former Address: | Norfolk, Virginia |
| Social Security No.: | \*\*\*-\*\*-8476 |
| Date of Birth: | \*\*/\*\*/1926 |
| Date of Death: | \*\*/\*\*/2009 |

    b. Deceased Plaintiff's Spouse

| | |
|---|---|
| Name: | Martha S. Payne |
| Address: | Chesapeake, Virginia |
| Date of Birth: | 1933 |

3. Plaintiff-worker was employed by Defendant from 1946 to 1986 as a bridge and building laborer, brakeman and conductor. During the course of his employment, Plaintiff-worker was exposed to asbestos dust and/or fibers, and/or silica dust and/or coal dust in his workplace in Mullins, West Virginia; Chesapeake, Virginia and Norfolk, Virginia.

4. Plaintiff-worker was engaged in the performance of his duties as an employee of the Defendant and/or Defendant's predecessors at the time in which he was exposed to asbestos dust and/or fibers, and/or silica dust and/or coal dust as hereinafter alleged.

5. At the time of his exposure to asbestos dust and/or fibers, and/or silica dust and/or coal dust, Plaintiff-worker's duties were in furtherance of interstate commerce, and his work directly, closely and substantially affected the interstate commerce carried on by the Defendant railroad and/or Defendant's predecessors.

6. In the performance of his duties, Plaintiff-worker worked in, on and around railroad cars, locomotives, locomotive boilers and their appurtenances, locomotive repair shops and/or other shops and/or buildings.

7. In the performance of his duties, Plaintiff-worker used and/or worked around others who used and/or hauled asbestos products and/or silica and/or coal on railroad cars, locomotives, locomotive boilers and their appurtenances, and he was exposed to the inhalation of asbestos dust and/or fibers, and/or silica sand and/or silica dust, and/or coal and/or coal dust resulting from the hauling and/or use of these products and/or materials.

8. While engaged in the course of his employment with the Defendant and/or Defendant's predecessors, Plaintiff-worker was required to work with and around toxic substances, including but not limited to asbestos and materials containing asbestos, and/or silica and/or silica dust, and/or coal and/or coal dust.

9. At all times relevant, Plaintiff-worker was unaware of the dangerous propensities of asbestos and/or asbestos-containing products, and/or silica and/or silica dust; and/or coal and/or coal dust.

10. At all times material hereto, Defendant and/or Defendant's predecessors knew, or should have known, that exposure to the inhalation of dust, including but not limited to asbestos fibers and/or dust, and/or silica dust and/or coal dust was dangerous, toxic and potentially deadly.

11. At all times material hereto, Defendant and/or Defendant's predecessors knew, or should have known, that Plaintiff-worker would be exposed to the inhalation of dust, including but not limited to asbestos fibers and/or dust, and/or silica dust, and/or coal dust resulting from the use of and/or handling of said products and/or said materials.

12. Despite this knowledge, Defendant and/or Defendant's predecessors:

   a. Failed to provide Plaintiff-worker with a reasonably safe place to work;

   b. Failed to furnish Plaintiff-worker with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

   c. Failed to warn Plaintiff-worker of the true nature and hazardous effects of asbestos containing products and/or silica and/or coal;

   d. Failed to operate the locomotive repair facility in a safe and reasonable manner;

   e. Failed to provide instructions or a method for the safe use of asbestos containing products and/or silica and/or coal;

   f. Failed to provide adequate, if any, instructions in the use and/or removal of asbestos products and/or the use, loading and/or hauling of silica and/or coal;

   g. Failed to test said products and/or materials prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

   h. Failed to formulate and use a method of handling said products and/or materials, exposing Plaintiff-worker to high concentrations of asbestos dust and/or fibers and/or silica dust and/or coal dust;

   i. Failed to provide Plaintiff-worker with safe and proper ventilation systems in the locomotive repair facility;

   j. Allowed unsafe practices to become the standard practice;

k.  Failed to exercise reasonable care in publishing and enforcing a safety plan and method of handling asbestos-containing products and/or silica and/or coal;

l.  Failed to inquire of the suppliers of asbestos and/or silica and/or coal of the hazardous nature(s) of asbestos and/or silica and/or coal;

m.  Required employees to work with ultra-hazardous products and/or materials;

n.  Failed to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff-worker;

o.  Failed to periodically test and examine Plaintiff-worker to determine if he was subject to any ill effects of his exposure to said products and/or materials;

p.  Failed to periodically inspect the shops, buildings, equipment, railroad cars, locomotives, boilers, and their appurtenances in order to ascertain any dust and/or fiber contamination;

q.  Failed to limit access to areas where these products and/or materials were being used;

r.  Failed to advise Plaintiff-worker to shower before going home, failed to provide such shower facilities and failed to enforce the use of such facilities;

s.  Failed to advise Plaintiff-worker to have his clothing and belongings cleaned outside of the home, failed to provide such cleaning services and failed to enforce the use of such services;

      t.     Failed to provide Plaintiff-worker with a separate locker for clothing worn home to prevent such clothing from becoming contaminated with dust, including but not limited to asbestos fibers and/or dust and/or silica dust and/or coal dust from clothing worn at work;

      u.     Failed to test said products and/or materials prior to use by Defendant and/or Defendant's predecessors employees.

13.    The Defendant and/or Defendant's predecessors failed to comply with the provisions and requirements of the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60, as amended.

14.    The Defendant and/or Defendant's predecessors, through its agents, servants and employees, violated the Locomotive Boiler Inspection Act, 49 U.S.C. 20701 - 20703, as amended, and Defendant and/or Defendant's predecessors failed to provide Plaintiff-worker with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or around.

15.    As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendant, Plaintiff-worker was caused to contract asbestos-caused diseases and/or other injuries, which were permanent and fatal and have caused Plaintiff-worker pain, suffering and mental anguish and eventually caused his death.

16.    Plaintiff-worker's asbestos-induced disease which was proximately caused by Defendant's use of asbestos products did not occur or exist three years prior to the filing of this Complaint and such disease is the indivisible biological result of the unique dose response of

Plaintiff-worker's body to past and recent inhalation or ingestion of asbestos and industrial dust and fibers from Defendant's use of asbestos products.

17. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations and willful omissions of Defendant and statutory violations described above, Plaintiff-worker sustained serious and painful injuries which were permanent; he endured great conscious physical pain and suffering, discomfort, inconvenience and mental anguish prior to his death; he incurred substantial expenses for doctors and related medical care; and he was caused to endure great mental anguish, fright and fear of his impending death.

18. As a result of the Defendant's negligence and statutory violations described above, the Plaintiff-worker's beneficiaries have sustained financial and pecuniary loss; have been caused to suffer sorrow, mental anguish, loss of solace, including society, companionship, comfort, guidance, kindly office and advice of the Plaintiff-worker; loss of reasonably expected income and benefits provided by the Plaintiff-worker; loss of inheritance reasonably expected from the Plaintiff-worker; loss of services, protection, care and assistance provided by Plaintiff-worker; and monies for Plaintiff-worker's care, treatment, hospital expenses and funeral expenses.

19. Any delay in filing Plaintiff-worker's causes of action is a direct and proximate result of Defendant's failure to warn and the fraudulent concealment hereinafter described.

20. For a long time Defendant has known of the hazards of asbestos inhalation and ingestion and had the duty to warn persons such as Plaintiff-worker, of the hazards of asbestos products. However, Defendant intentionally and fraudulently concealed said knowledge from Plaintiff-worker resulting in the failure of Plaintiff-worker to discover the facts which are the

basis of his causes of action despite the exercise of due diligence on behalf of Plaintiff-worker. Plaintiff-worker remained unaware of Defendant's long-time knowledge of the hazards of exposure to asbestos products and their correlative duties to warn until Plaintiff-worker discovered such information within three (3) years of the filing of this Complaint. Accordingly, any attempt on the part of the Defendant to complain about the timeliness of Plaintiff-worker's commencement of this action should be estopped.

For the reasons stated above, Plaintiff demands a jury trial and respectfully requests that a judgment be awarded against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in the amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), together with interest and costs of this proceeding as well as other such relief as may be appropriate under the circumstances.

By: _____
Of Counsel

Kip A. Harbison, Esq.
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510
(757) 625-6787
(757) 627-5908 (facsimile)

Willard J. Moody, Jr., Esq.
The Moody Law Firm, Inc.
500 Crawford Street
Commerce Bank Bldg.
P.O. Box 1138
Portsmouth, Virginia 23705
(757) 393-6020
(757) 399-3019 (facsimile)

## SCHEDULE I

### Plaintiff-Worker Employment History
### Asbestos Exposure Worksite Information

| EMPLOYER/WORKSITE | TRADE | APPROXIMATE DATES |
|---|---|---|
| Norfolk Southern Railway Company | Bridge and building laborer, brakeman, conductor | 1946-1986 |

RELATED ASBESTOS LITIGATION:

Multi-District Litigation pending against various asbestos manufacturers.

SMOKING HISTORY:

Plaintiff-worker smoked up to one pack of cigarettes per day between 1943 and 1980.

PLAINTIFF-WORKER WORKED WITH AND/OR AROUND THE FOLLOWING ASBESTOS-CONTAINING PRODUCTS:

Block
Cement
Cloth
Wall Covering
Insulation

Pipecovering
Gaskets and Packing
Dust
Brakeshoes and Friction Products

DEPENDENTS:

Martha S. Payne (spouse)

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
William H. Monroe, Jr., Administrator Of The Estate Of Titus R. Payne

### DEFENDANTS
Norfolk Southern Railway Company

(b) County of Residence of First Listed Plaintiff: **City of Norfolk, Virginia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **City of Norfolk, Virginia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kip A. Harbison, Esquire, Glasser and Glasser, P.L.C., 580 East Main Street, Suite 600 Norfolk, Virginia 23510 (757) 625-6878

Attorneys (If Known)

### II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

### III. CITIZENSHIP OF PRINCIPAL PARTIES
Citizen of This State: PTF [X] 1 — Incorporated or Principal Place of Business In This State: PTF [X] 4

### IV. NATURE OF SUIT
[X] 368 Asbestos Personal Injury Product Liability

### V. ORIGIN
[X] 1 Original Proceeding

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
45 U.S.C., Secs. 51 et seq., 49 U.S.C. 20301, 49 U.S.C., Secs. 20701 et seq.

Brief description of cause:
Personal injury arising out of Plaintiff's exposure to asbestos while in the employ of Railroad Defendant.

### VII. REQUESTED IN COMPLAINT:
DEMAND $ 2,500,000.00
JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY

DATE: 10/25/11

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

USCA4 13

```
Court Name: United States District Court
Division: 2
Receipt Number: 24683013383
Cashier ID: tlevinso
Transaction Date: 10/26/2011
Payer Name: GLASSER AND GLASSER

CIVIL FILING FEE
 For: GLASSER AND GLASSER
 Amount:         $350.00

CHECK
 Check/Money Order Num: 215933
 Amt Tendered:   $350.00

Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

GLASSER & GLASSER
2:11cv9796
```

| Bernard Glasser<br>1910-1983<br>Melvin R. Zimm<br>1953-2009 | <br>GLASSER AND GLASSER P.L.C.<br>Attorneys and Counsellors at Law | L. Robert Richman****<br>Daniel T. Bengston<br>Melissa M. Watson Goode<br>Michele S. Cumberland****<br>Erin C. Quinn |
|---|---|---|
| Richard S. Glasser<br>Michael A. Glasser<br>William H. Monroe, Jr.*<br>Kip A. Harbison<br>Mark K. Groves<br>Charlotte E. Vaughn<br>Marc C. Greco**<br>Stephen R. Meenan<br>Richard A. Knee***<br>Karen M. Zello | Crown Center, Suite 600<br>580 East Main Street<br>Norfolk, Virginia 23510-2212<br>Telephone: (757) 625-6787<br>Facsimile: (757) 625-5959<br>(800) 874-5890<br>http://www.glasserlaw.com<br>1932 – Celebrating our 79th Year – 2011 | Jason L. Hamlin<br>Alexander N. Rouhani<br>Alex E. Wallin<br>Chaunacie L. Wilkerson<br>Amanda R. Bertman<br><br>Of Counsel for FELA Litigation:<br>Willard J. Moody, Jr. *****<br>The Moody Law Firm, Inc.<br><br>*     Also admitted in DC<br>**    Also admitted in LA<br>***   Also admitted in TX<br>****  Also admitted in MD<br>***** Also admitted in NC, WV, FL |

October 25, 2011

**VIA HAND DELIVERY**
USDC – Eastern District of Virginia, Norfolk
Fernando Galindo, Clerk of Court
Walter E. Hoffman United States Courthouse
600 Granby Street
Norfolk, VA 23510

      Re:    Sam B. McCollister v. Norfolk Southern Railway Company
             William H. Monroe, Jr., Adminstrator of the Estate of Titus R. Payne v. Norfolk Southern
                Railway Company
             Larry D. Schopp v. Norfolk Southern Railway Company

To Whom It May Concern:

Enclosed herewith, please find the following:

1. Original and one copy the Civil Cover Sheet and Complaint in each of the above-referenced matters.

2. Three (3) checks payable to USDC – Eastern District of Virginia in the amount of $350.00 each for the filing fee in these cases.

3. In addition to the above, I have provided an extra copy of each of the above-referenced Complaints. Please stamp these extra copies with the date filed and case number and **return them to me in the enclosed self-addressed stamped envelope for my records.**

We will take care of serving these lawsuits. Thank you in advance for your assistance in this matter.

                                          Sincerely,

                                          GLASSER & GLASSER, P.L.C.

                                          Kip A. Harbison

KAH/kmh
Enclosures
cc: The Moody Law Firm, Inc.