# Exhibit B

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:11-cv-01023-UNA

Michael et al v. A.W. Chesterton Inc. et al
Assigned to: Unassigned Judge
Case in other court: Superior Court/DE/NCC, N11C-09-
                     00118 ASB
Cause: 28:1442 Notice of Removal

Date Filed: 10/25/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Paul H. Michael**                    represented by **Michael L. Sensor**
                                                      Perry & Sensor
                                                      One Customs House, Suite 560
                                                      P.O. Box 1568
                                                      702 N. King Street
                                                      Wilmington, DE 19899
                                                      (302) 655-4482
                                                      Fax: (302) 655-4043
                                                      Email: msensor@perry-sensor.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sonia D. Michael**                   represented by **Michael L. Sensor**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Inc.**

**Defendant**

**Aeroquip-Vickers Inc.**
*individually and as*
*successor in interest to*
Aeroquip Corporation
*successor in interest to*
Vickers Inc

**Defendant**

**Air & Liquid Systems Corporation**
*as successor-by-merger to*
*other*
Buffalo Pumps Inc.

**Defendant**

**Alfa Laval Inc.**
*individually and as*
*successor in interest to*
DeLaval Separator Company
*successor in interest to*
Sharples Inc.

**Defendant**

**Aqua-Chem Inc.**
*doing business as*
Cleaver-Brooks

**Defendant**

**Aurora Pump Company**

**Defendant**

**Avco Corp**
*individually and as*
*successor in interest to*
Lycoming Manufacturing Company
*doing business as*
Lycoming Engines

**Defendant**

**Avocet Enterprises Inc.**
*formerly known as*
Ventfabrics Inc.

**Defendant**

**Boeing Company**                    represented by    **Christian J. Singewald**
*individually and as*                                   White & Williams
*successor in interest to*                              824 Market Street, Suite 902
McDonnell Douglas Corporation                           P.O. Box 709
                                                        Wilmington, DE 19899-0709
                                                        (302) 654-0424
                                                        Email:
                                                        singewaldc@whiteandwilliams.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Boeing North American Inc.**        represented by    **Christian J. Singewald**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Borg-Warner Corporation**

*successor in interest to*
BorgWarner Morse Tec Inc.

**Defendant**

**CBS Corporation**
*a Delaware corporation*
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Carrier Corporation**

**Defendant**

**Certainteed Corporation**

**Defendant**

**Cessna Aircraft Company**
*individually and as*

**Defendant**

**Conwed Corporation**

**Defendant**

**Crane Co.**

**Defendant**

**Crown Cork & Seal Company Inc.**

**Defendant**

**Curtiss-Wright Corporation**

**Defendant**

**Dana Companies LLC**

**Defendant**

**Duro Dyne**

**Defendant**

**Eaton Aeroquip Inc.**
*successor in interest to*
Aeroquip Corporation

**Defendant**

**Eaton Aeroquip LLC**
*individually and as*
*successor in interest to*
Aeroquip Corporation

*successor in interest to*
Vickers Incorporated

**Defendant**

**Eaton Corporation**
*individually and as*
*successor in interest to*
Aeroquip Corporation
*successor in interest to*
Vickers Incorporated

**Defendant**

**Elliott Turbomachinery Co. Inc.**
*also known as*
Elliott Company

**Defendant**

**FMC Corporation**
*individually and as*
*successor in interest to*
Northern Pump Company
*successor in interest to*
Coffin and Peerless Pump Company

**Defendant**

**Ford Motor Company**

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**Gardner Denver Inc.**

**Defendant**

**General Electric Company**

**Defendant**

**General Motors Corporation**

**Defendant**

**Genuine Parts Company**
*also known as*
NAPA

**Defendant**

**Georgia-Pacific LLC**
*individually and as*
*successor in interest to*
Bestwall Gypsum Company

*formerly known as*
Georgia-Pacific Corporation

**Defendant**

**Goodrich Corporation**
*formerly known as*
B.F. Goodrich Company

**Defendant**

**Goodyear Tire & Rubber Company**

**Defendant**

**H.B. Smith Company Incorporated**

**Defendant**

**Harley-Davidson Inc.**

**Defendant**

**Hawker Beechcraft Corporation**
*formerly known as*
Beech Aircraft Corporation

**Defendant**

**Honeywell International Inc.**
*formerly known as*
Allied Signal Inc./Bendix

**Defendant**

**IMO Industries Inc.**
*individually and as*
*successor in interest to*
Delaval Steam Turbine Company

**Defendant**

**Ingersoll-Rand Company**
*individually and as*
*successor in interest to*
Terry Steam Turbine Company

**Defendant**

**John Crane Inc.**

**Defendant**

**Kaiser Gypsum Company Inc.**

**Defendant**

**Kentile Floors Inc.**
*formerly known as*
Kentile Operating Company

**Defendant**

**Metropolitan Life Insurance
Company**

**Defendant**

**Nash Engineering Company**

**Defendant**

**Owens-Illinois Inc.**
*individually and as
successor in interest to*
Owens-Illinois Glass Company

**Defendant**

**Parker-Hannifin Corporation**
*individually and as
successor in interest to*
Cleveland Air Engineering Company
*other*
Stratoflex Inc.

**Defendant**

**Peerless Industries Inc.**

**Defendant**

**Pneumo Abex LLC**
*individually and as
successor in interest to*
ABEX Corporation

**Defendant**

**Pratt & Whitney Power Systems Inc.**    represented by **Paul A. Bradley**
*a Division of*                                        Maron Marvel Bradley & Anderson,
*other*                                                    P.A.
United Technologies Corporation                1201 North Market Street, Suite 900
                                                               P.O. Box 288
                                                               Wilmington, DE 19801
                                                               (302) 425-5177
                                                               Email: pab@maronmarvel.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**RAPCO Inc.**

**Defendant**

**Riley Power Inc.**
*formerly known as*
Babcock Borsig Power Inc.

*formerly known as*
Riley Stoker Corporation
*doing business as*
DB Riley Inc.

### Defendant

**Sikorsky Aircraft Corporation**                    represented by  **Paul A. Bradley**
*a Division of*                                                      (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

### Defendant

**Teledyne Continental Motors Inc.**
*also known as*
Continental Motors Inc.

### Defendant

**Textron Inc.**
*individually and as*
*successor in interest to*
Avco Corp
*successor in interest to*
Bell Helicopter
*successor in interest to*
Lycoming Foundry and Machine
Company

### Defendant

**Trane US Inc.**
*individually and as*
*successor in interest to*
Kewanee Boiler Company
*formerly known as*
American Standard Companies

### Defendant

**Tyco Flow Control Inc.**
*individually and as*
*successor in interest to*
Yarway Corporation
*successor in interest to*
Grinnell Corporation

### Defendant

**Tyco International (U.S.) Inc.**
*individually and as*
*successor in interest to*
Yarway Corporation

### Defendant

**Union Carbide Corporation**

**Defendant**

**United Technologies Corporation**          represented by   **Paul A. Bradley**
*individually and as*                                          (See above for address)
*successor in interest to*                                     *LEAD ATTORNEY*
Pratt and Whitney Company                                      *ATTORNEY TO BE NOTICED*
*successor in interest to*
Sikorsky Aircraft Corporation                                  **Donald Robert Kinsley**
                                                               Maron Marvel Bradley & Anderson,
                                                               P.A.
                                                               1201 North Market Street, Suite 900
                                                               P.O. Box 288
                                                               Wilmington, DE 19801
                                                               (302) 425-5177
                                                               Fax: (302) 425-0180
                                                               Email: drk@maronmarvel.com
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Warren Pumps LLC**
*individually and as*
*successor in interest to*
Quimby Pump Company Inc.

**Defendant**

**Weil McLain Company**
*a division of*
*other*
Marley-Wylain Company

**Defendant**

**Yamaha Motor Corporation USA**

**Defendant**

**Yarway Corporation**
*individually and as*
*successor in interest to*
Yarnell Waring Co.

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/25/2011 | 1 | NOTICE OF REMOVAL and copies of documents from Superior Court of the State of Delaware in and for New Castle County, Case Number N11C-09-118 ASB (Filing fee $350, receipt number 0311-964917)- filed by United Technologies Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet)(dzs, ) (Entered: 10/26/2011) |
| 10/25/2011 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction (dzs, ) |

| | | (Entered: 10/26/2011) |
|---|---|---|
| 10/25/2011 | 3 | Disclosure Statement pursuant to Rule 7.1 filed by United Technologies Corporation. (dzs, ) (Entered: 10/26/2011) |
| 10/26/2011 | 4 | NOTICE of Tag-Along Action by United Technologies Corporation (Bradley, Paul) (Entered: 10/26/2011) |
| 10/26/2011 | 5 | JOINDER by Sikorsky Aircraft Corporation, joining in 1 Notice of Removal, *filed by United Technologies Corporation.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Corporate Disclosure Statement)(Bradley, Paul) (Attachment 1 replaced on 10/27/2011) (lid). (Entered: 10/26/2011) |
| 10/27/2011 | | CORRECTING ENTRY: Pursuant to request of counsel, the pdf of exhibit A has been replaced with the correct version of the document. (lid) (Entered: 10/27/2011) |
| 10/27/2011 | 6 | CERTIFICATE OF SERVICE of Notice of Adverse Party of Removal to Federal Court by United Technologies Corporation re 1 Notice of Removal, (Bradley, Paul) (Entered: 10/27/2011) |
| 10/27/2011 | 7 | NOTICE of Appearance by Paul A. Bradley on behalf of Sikorsky Aircraft Corporation (Bradley, Paul) (Entered: 10/27/2011) |
| 10/27/2011 | 8 | NOTICE of Appearance by Paul A. Bradley on behalf of Pratt & Whitney Power Systems Inc. (Bradley, Paul) (Entered: 10/27/2011) |
| 10/27/2011 | 9 | JOINDER by Boeing Company, Boeing North American Inc., joining in 1 Notice of Removal,. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Singewald, Christian) Modified on 10/28/2011 (rwc). (Entered: 10/27/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/28/2011 13:21:31 | | |
| **PACER Login:** | mm1199 | **Client Code:** | 99999.00936 lc |
| **Description:** | Docket Report | **Search Criteria:** | 1:11-cv-01023-UNA Start date: 1/1/1970 End date: 10/28/2011 |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

EFiled:  Sep 15 2011 10:13AM EDT
Transaction ID 39822413
Case No. N11C-09-118 ASB

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION: | ) | |
| | ) | |
| PAUL H. MICHAEL and SONIA D. MICHAEL, | ) | |
| | ) | |
| | ) | C.A. No. |
| Plaintiffs, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | ASBESTOS |
| A.W. CHESTERTON, INC.; | ) | |
| | ) | JURY TRIAL DEMANDED |
| AEROQUIP-VICKERS, INC. (individually and as successor-in-interest to AEROQUIP CORPORATION and as successor-in-interest to VICKERS, INC.); | ) ) ) ) ) | |
| AIR & LIQUID SYSTEMS CORPORATION (as successor-by-merger to BUFFALO PUMPS, INC.); | ) ) ) ) | |
| ALFA LAVAL, INC. (individually and as successor-in-interest to DeLAVAL SEPARATOR COMPANY and SHARPLES, INC.); | ) ) ) ) ) | |
| AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS); | ) ) ) | |
| AURORA PUMP COMPANY; | ) ) | |
| AVCO CORPORATION (d/b/a LYCOMING ENGINES and sued individually and as successor-in-interest to LYCOMING MANUFACTURING COMPANY); | ) ) ) ) ) ) | |
| AVOCET ENTERPRISES, INC., f/k/a VENTFABRICS, INC.; | ) ) ) | |
| BOEING COMPANY (THE) sued individually and as successor-in-interest to MCDONNELL DOUGLAS | ) ) ) ) | |

CORPORATION;                                    )
                                                )
BOEING NORTH AMERICAN, INC.;                    )
                                                )
BORG-WARNER CORPORATION (by                     )
its successor-in-interest BORGWARNER            )
MORSE TEC, INC.);                               )
                                                )
BURNHAM CORPORATION;                            )
                                                )
CBS CORPORATION, a Delaware                     )
corporation, f/k/a VIACOM, INC.,                )
successor by merger to CBS                      )
CORPORATION, a Pennsylvania                     )
corporation, f/k/a WESTINGHOUSE                 )
ELECTRIC CORPORATION;                           )
                                                )
CARRIER CORPORATION;                            )
                                                )
CERTAINTEED CORPORATION;                        )
                                                )
CESSNA AIRCRAFT COMPANY                         )
(individually and as successor-in-interest to  )
THE CESSNA AIRCRAFT COMPANY);                   )
                                                )
CONWED CORPORATION;                             )
                                                )
CRANE CO.;                                      )
                                                )
CROWN CORK & SEAL COMPANY,                      )
INC.;                                           )
                                                )
CURTISS-WRIGHT CORPORATION;                     )
                                                )
DANA COMPANIES, LLC;                            )
                                                )
DURO DYNE;                                      )
                                                )
EATON AEROQUIP INC. (f/k/a                      )
AEROQUIP CORPORATION)                           )
(individually and as successor-in-interest to  )
VICKERS INCORPORATED);                          )
                                                )
EATON AEROQUIP LLC (individually               )
and as successor-in-interest to AEROQUIP       )
CORPORATION and as successor-in-              )

interest to VICKERS INCORPORATED);        )
                                           )
EATON CORPORATION (individually            )
and as successor-in-interest to AEROQUIP   )
CORPORATION and as successor-in-           )
interest to VICKERS INCORPORATED);         )
                                           )
ELLIOTT TURBOMACHINERY CO.,                )
INC. (a/k/a ELLIOTT COMPANY);              )
                                           )
FMC CORPORATION (individually and          )
as Successor-in-interest to NORTHERN       )
PUMP COMPANY, COFFIN and                    )
PEERLESS PUMP COMPANY);                     )
                                           )
FORD MOTOR COMPANY;                        )
                                           )
FOSTER WHEELER ENERGY                       )
CORPORATION;                               )
                                           )
GARDNER DENVER, INC.;                      )
                                           )
GENERAL ELECTRIC COMPANY;                  )
                                           )
GENERAL MOTORS CORPORATION;                )
                                           )
GENUINE PARTS COMPANY (a/k/a               )
NAPA);                                     )
                                           )
GEORGIA-PACIFIC LLC (f/k/a                 )
GEORGIA-PACIFIC CORPORATION,               )
individually and as successor-in-interest to )
BESTWALL GYPSUM COMPANY);                  )
                                           )
GOODRICH CORPORATION (f/k/a THE            )
B.F. GOODRICH COMPANY);                    )
                                           )
GOODYEAR TIRE & RUBBER                      )
COMPANY (THE);                             )
                                           )
H.B. SMITH COMPANY, INC.;                  )
                                           )
HARLEY-DAVIDSON, INC.;                     )
                                           )
HAWKER BEECHCRAFT                          )
CORPORATION (f/k/a BEECH                    )

PLAINTIFF'S ORIGINAL COMPLAINT

AIRCRAFT CORPORATION);                          )
                                                )
HONEYWELL INTERNATIONAL, INC.                   )
(f/k/a ALLIED SIGNAL, INC./BENDIX);             )
                                                )
IMO INDUSTRIES, INC. (individually              )
and as successor-in-interest to DELAVAL         )
STEAM TURBINE COMPANY);                          )
                                                )
INGERSOLL-RAND COMPANY                          )
(individually and as successor-in-interest to   )
TERRY STEAM TURBINE COMPANY);                    )
                                                )
JOHN CRANE, INC.;                               )
                                                )
KAISER GYPSUM COMPANY, INC.;                    )
                                                )
KENTILE FLOORS, INC. (f/k/a                     )
KENTILE OPERATING COMPANY);                     )
                                                )
METROPOLITAN LIFE INSURANCE                     )
COMPANY;                                        )
                                                )
NASH ENGINEERING COMPANY                        )
(THE);                                          )
                                                )
OWENS-ILLINOIS, INC., individually              )
and as successor-in-Interest to OWENS-          )
ILLINOIS GLASS COMPANY;                         )
                                                )
PARKER-HANNIFIN CORPORATION                     )
(individually and as successor-in-interest to   )
CLEVELAND AIR ENGINEERING                       )
COMPANY and successor-by-merger to              )
STRATOFLEX, INC.);                              )
                                                )
PEERLESS INDUSTRIES, INC.;                      )
                                                )
PNEUMO ABEX LLC (individually and as            )
successor-in-interest to ABEX                   )
CORPORATION);                                   )
                                                )
PRATT & WHITNEY POWER                           )
SYSTEMS, INC., a Division of UNITED             )
TECHNOLOGIES CORPORATION;                       )
                                                )

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

RAPCO, INC.;                                    )
                                               )
RILEY POWER, INC., f/k/a BABCOCK                )
BORSIG POWER, INC. and f/k/a RILEY-             )
STOKER CORPORATION d/b/a DB                     )
RILEY, INC.;                                    )
                                               )
SIKORSKY AIRCRAFT                               )
CORPORATION, a Division of UNITED               )
TECHNOLOGIES CORPORATION                        )
                                               )
TELEDYNE CONTINENTAL MOTORS,                    )
INC. (n/k/a CONTINENTAL MOTORS,                 )
INC.);                                          )
                                               )
TEXTRON, INC. (individually and as              )
successor-in-interest to AVCO                   )
CORPORATION, BELL HELICOPTER                    )
and LYCOMING FOUNDRY AND                        )
MACHINE COMPANY);                               )
                                               )
TRANE US, INC f/k/a AMERICAN                    )
STANDARD COMPANIES (individually               )
and as successor-in-interest-to KEWANEE         )
BOILER COMPANY);                                )
                                               )
TYCO FLOW CONTROL, INC.                         )
(individually and as successor-in-interest to   )
YARWAY CORPORATION and                          )
GRINNELL CORPORATION);                          )
                                               )
TYCO INTERNATIONAL (US), INC.                   )
(individually and as successor-in-interest to   )
YARWAY CORPORATION;                             )
                                               )
UNION CARBIDE CORPORATION;                      )
                                               )
UNITED TECHNOLOGIES                             )
CORPORATION (individually and as                )
successor-in-interest to PRATT &                )
WHITNEY COMPANY and SIKORSKY                    )
AIRCRAFT CORPORATION);                          )
                                               )
WARREN PUMPS, LLC (individually and             )
as successor-in-interest to QUIMBY              )
PUMP COMPANY, INC.);                            )

|  |  |
|---|---|
| WEIL McLAIN COMPANY, a/k/a WEIL McLAIN COMPANY (a division of MARLEY-WYLAIN COMPANY); | ) ) ) ) |
| | ) |
| YAMAHA MOTOR CORPORATION, U.S.A.; | ) ) |
| | ) |
| YARWAY CORPORATION (individually and as successor-in-interest to YARNELL WARING CO.); | ) ) ) |
| | ) |
| and | ) |
| | ) |
| YORK INTERNATIONAL CORPORATION, | ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## COMMON ALLEGATIONS

1.     Plaintiffs, PAUL H. MICHAEL and SONIA D. MICHAEL, are residents of Temple, Georgia.

2.     Defendant **A.W. CHESTERTON** is a foreign business entity doing business in the State of  Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  A.W. CHESTERTON's address for receipt of process is 500 Unicorn Park Drive, Suite 500, Woburn, MA 01888.

3.     Defendant **AEROQUIP-VICKERS, INC.** (individually and as successor-in-interest to AEROQUIP CORPORATION and as successor-in-interest to VICKERS, INC.) is a foreign business entity doing business in the State of  Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  AEORQUIP-VICKERS, INC.'s address for receipt of process is 30600 Telegraph Road, Suite 2345, Bingham Farms, MI 48025.

4.     Defendant **AIR & LIQUID SYSTEMS CORPORATION** (as successor-by-merger to BUFFALO PUMPS, INC.) is a foreign business entity doing business in the State of Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  AIR & LIQUID SYSTEMS CORPORATION's address for receipt of process is c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

5.     Defendant **ALFA LAVAL, INC.** (individually and as successor-in-interest to DeLAVAL SEPARATOR COMPANY and SHARPLES, INC.) is a foreign business entity doing business in the State of  Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  ALFA LAVAL, INC.'s address for receipt of process is 5400 International Drive, Richmond, VA 23231.

6.     Defendant **AQUA-CHEM, INC.** (d/b/a CLEAVER-BROOKS) is a Delaware corporation whose registered agent for service of process is Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

7.     Defendant **AURORA PUMP COMPANY** is a foreign business entity doing business in the State of  Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  AURORA PUMP COMPANY's address for receipt of process is c/o Lynette Jones, 13515 Ballantyne Corporate Place, Charlotte, NC 28277.

8.     Defendant **AVCO CORPORATION** (d/b/a LYCOMING ENGINES and sued individually and as successor-in-interest to LYCOMING MANUFACTURING COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

9.     Defendant **AVOCET ENTERPRISES, INC.**, f/k/a VENTFABRICS, INC., is a foreign business entity doing business in the State of  Delaware and subject to service of process

in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  AVOCET ENTERPRISES, INC.'s address for receipt of process is c/o Richard M. Brown, 333 W. Wacker Drive, #1700, Chicago, IL 60606.

10.     Defendant **THE BOEING COMPANY** is a Delaware corporation whose registered agent for service of process is The Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

11.     Defendant **BOEING NORTH AMERICAN, INC.** is a Delaware corporation whose registered agent for service of process is The Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

12.     Defendant **BORG-WARNER CORPORATION** (by its successor-in-interest BORGWARNER MORSE TEC, INC.) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

13.     Defendant **BURNHAM CORPORATION** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

14.     Defendant **CBS CORPORATION**, a Delaware corporation, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION's registered agent for service of process is 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

15.     Defendant **CARRIER CORPORATION** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

16.     Defendant **CERTAINTEED CORPORATION** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

17.     Defendant **CESSNA AIRCRAFT COMPANY** (individually and as successor-in-interest to THE CESSNA AIRCRAFT COMPANY) is a foreign business entity doing business in the State of Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c). CESSNA AIRCRAFT COMPANY's address for receipt of process is 5800 E Pawnee Road, Wichita, KS 67218.

18.     Defendant **CONWED CORPORATION** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

19.     Defendant **CRANE CO.** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

20.     Defendant **CROWN CORK & SEAL COMPANY, INC.** is a foreign business entity doing business in the State of Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c). CROWN CORK & SEAL, INC.'s address for receipt of process is 1 Crown Way, Philadelphia, PA 19154-4599.

21.     Defendant **CURTISS-WRIGHT CORPORATION** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

22.     Defendant **DANA COMPANIES LLC** is a foreign business entity doing business in the State of Delaware and subject to service of process in the State of Delaware

pursuant to 10 *Del. C.* § 3104(c). DANA COMPANIES LLC's address for receipt of process is 3939 Technology Drive, Maumee, OH 43537.

23.      Defendant **DURO DYNE** is a foreign business entity doing business in the state of Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c). DURO DYNE's address for receipt of process is 81 Spence Street, Bayshore, NY 11706-9117.

24.      Defendant **EATON AEROQUIP INC.** (f/k/a AEROQUIP CORPORATION) (individually and as successor-in-interest to VICKERS INCORPORATED) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

25.      Defendant **EATON AEROQUIP LLC** (individually and as successor-in-interest to AEROQUIP CORPORATION and as successor-in-interest to VICKERS INCORPORATED) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

26.      Defendant **EATON CORPORATION** (individually and as successor-in-interest to AEROQUIP CORPORATION and as successor-in-interest to VICKERS, INC.) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

27.      Defendant **ELLIOTT TURBOMACHINERY CO., INC.** (a/k/a ELLIOTT COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

28.      Defendant **FMC CORPORATION** (individually and as successor-in-interest to

NORTHERN PUMP COMPANY, COFFIN and PEERLESS PUMP COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

29.    Defendant **FORD MOTOR COMPANY** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

30.    Defendant **FOSTER WHEELER ENERGY CORPORATION** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

31.    Defendant **GARDNER DENVER, INC.** is a Delaware corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

32.    Defendant **GENERAL ELECTRIC COMPANY** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

33.    Defendant **GENERAL MOTORS CORPORATION** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

34.    Defendant **GENUINE PARTS COMPANY** (as successor-in-interest to NATIONAL AUTOMOTIVE PARTS ASSOCIATION a/k/a NAPA) is a foreign corporation doing business in the State of Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c). GENUINE PARTS COMPANY's address for receipt of process is c/o Scott Smith, 2999 Circle 75 Parkway, Atlanta, GA 30339.

35.     Defendant **GEORGIA-PACIFIC LLC** (f/k/a GEORGIA-PACIFIC CORPORATION, individually and as successor-in-interest to BESTWALL GYPSUM COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

36.     Defendant **GOODRICH CORPORATION** (f/k/a THE B.F. GOODRICH COMPANY) is a foreign corporation doing business in the State of Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c). GOODRICH CORPORATION's address for receipt of process is 4 Coliseum Centre, 2730 West Tyvola Road, Charlotte, NC 28217.

37.     Defendant **GOODYEAR TIRE & RUBBER COMPANY** is a Delaware corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

38.     Defendant **H.B. SMITH COMPANY, INC.** is a foreign business entity doing business in the State of  Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c). H.B. SMITH COMPANY, INC.'s address for receipt of process is 47 Westfield Industrial Park Road, Westfield, MA 01085.

39.     Defendant **HARLEY-DAVIDSON, INC.** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

40.     Defendant **HAWKER BEECHCRAFT CORPORATION** (f/k/a BEECH AIRCRAFT CORPORATION) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street,

Wilmington, DE 19801.

41.     Defendant **HONEYWELL INTERNATIONAL, INC.** f/k/a ALLIED SIGNAL, INC./BENDIX is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

42.     Defendant **IMO INDUSTRIES, INC.** (individually and as successor-in-interest to DELAVAL STEAM TURBINE COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

43.     Defendant **INGERSOLL-RAND COMPANY** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

44.     Defendant **JOHN CRANE, INC.** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

45.     Defendant **KAISER GYPSUM COMPANY, INC.** is a foreign business entity doing business in the State of Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c). KAISER GYPSUM COMPANY, INC.'s address for receipt of process is CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

46.     Defendant **KENTILE FLOORS, INC.** (f/k/a KENTILE OPERATING COMPANY) is a foreign business entity doing business in the State of Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).   KENTILE

FLOORS, INC.'s address for receipt of process is c/o Sanders W. Gropper, G & K Consultants, 4 Rita Street, Syosset, NY 11791.

47.     Defendant **METROPOLITAN LIFE INSURANCE COMPANY** is a foreign business entity doing business in the State of  Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  METROPOLITAN LIFE INSURANCE COMPANY's address for receipt of process is The Honorable Karen Weldin Stewart, Insurance Commissioner of Delaware, 841 Silver Lake Boulevard, Dover, DE 19904.

48.     Defendant **THE NASH ENGINEERING COMPANY** is a foreign business entity doing business in the State of  Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  THE NASH ENGINEERING COMPANY's address for receipt of process is c/o Mark Nordenson, 45 Forrest Falls Drive, Suite B4, Yarmouth, ME 04096.

49.     Defendant **OWENS-ILLINOIS, INC.** (individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

50.     Defendant **PARKER-HANNIFIN CORPORATION** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

51.     Defendant **PEERLESS INDUSTRIES, INC.** is a foreign business entity doing business in the State of  Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  PEERLESS INDUSTRIES, INC.'s address for receipt of process is c/o Phillip J. O'Rourke, Esq., Lewis Brisbois Bisgaard & Smith LLP, 77 Water Street,

New York, NY 10005.

52.    Defendant **PNEUMO ABEX LLC** (individually and as successor-in-interest to ABEX CORPORATION) is a Delaware corporation whose registered agent for process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

53.    Defendant **PRATT & WHITNEY POWER SYSTEMS, INC.,** a division of UNITED TECHNOLOGIES CORPORATION, is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

54.    Defendant **RAPCO, INC.** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

55.    Defendant **RILEY POWER, INC.,** f/k/a BABCOCK BORSIG POWER, INC. and f/k/a RILEY-STOKER CORPORATION d/b/a DB RILEY, INC., is a foreign business entity doing business in the State of  Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  RILEY POWER, INC.'s address for receipt of process is CT Corporation System, 101 Federal Street, Suite 700, Los Angeles, CA 90017.

56.    Defendant **SIKORSKY AIRCRAFT CORPORATION**, a Division of UNITED TECHNOLOGIES CORPORATION, is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

57.    Defendant **TELEDYNE   CONTINENTAL   MOTORS,   INC.**  (n/k/a CONTINENTAL MOTORS, INC.) is a Delaware corporation whose registered agent for service

of process is National Corporate Research Ltd., 615 South DuPont Highway, Dover, DE 19901.

58.     Defendant **TEXTRON, INC.** (individually and as successor-in-interest to AVCO CORPORATION, BELL HELICOPTER and LYCOMING FOUNDRY AND MACHINE COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

59.     Defendant **TRANE US, INC.,** f/k/a AMERICAN STANDARD COMPANIES (individually and as successor-in-interest to KEWANEE BOILER COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

60.     Defendant **TYCO FLOW CONTROL, INC.** (individually and as successor-in-interest to YARWAY CORPORATION and GRINNELL CORPORATION) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

61.     Defendant **TYCO INTERNATIONAL (US), INC.** (individually and as successor-in-interest to YARWAY CORPORATION) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

62.     Defendant **UNION CARBIDE CORPORATION** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801.

63.     Defendant **UNITED TECHNOLOGIES CORPORATION** (individually and as successor-in-interest to PRATT & WHITNEY COMPANY and SIKORSKY AIRCRAFT

CORPORATION) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

64.     Defendant **WARREN PUMPS, LLC** (individually and as successor-in-interest to QUIMBY PUMP COMPANY, INC.) is a Delaware corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

65.     Defendant **WEIL McLAIN COMPANY**, a/k/a WEIL McLAIN COMPANY (a division of MARLEY-WYLAIN COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

66.     Defendant **YAMAHA MOTOR CORPORATION, USA** is s a foreign business entity doing business in the State of Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  YAMAHA MOTOR CORPORATION, USA's address for receipt of process is The Prentice-Hall Corporation System, Inc., 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

67.     Defendant, **YARWAY CORPORATION** (individually and as successor-in-interest to YARNALL WARING COMPANY), is a foreign business entity doing business in the State of Delaware and subject to service of process in the State of Delaware pursuant to 10 *Del. C.* § 3104(c).  YARWAY CORPORATION's address for receipt of process is CT Corporation System, 116 Pine Street, Suite 320 Harrisburg, PA 17101.

68.     Defendant **YORK INTERNATIONAL CORPORATION** is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company,

Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## COUNT I

69. Plaintiffs re-allege Paragraphs 1 through 69 of this Complaint and incorporate them by reference.

70. Plaintiff, PAUL H. MICHAEL, was wrongfully exposed to asbestos, an inherently dangerous toxic substance, as described below:

a) From approximately 1965 to 1979, Plaintiff, PAUL H. MICHAEL, was exposed to asbestos while performing automotive maintenance on automobiles and motorcycles in California and Ohio. Such automotive labor included, among other things, all aspects of brake, clutch, transmission and engine work, as well as the clean-up associated with the maintenance, repair and replacement of asbestos-containing brakes and clutches. While performing this maintenance, repair and replacement work, Plaintiff, PAUL H. MICHAEL, experienced exposure to asbestos from working around asbestos-containing brake, clutch and gasket material, and other asbestos-containing and/or asbestos-laden equipment, machinery and products.

From approximately 1967 to 1977, Plaintiff, PAUL H. MICHAEL, was exposed to asbestos while working as an aircraft structural mechanic for the U.S. Army Marine Corps in Santa Ana, California, serving approximately two years aboard the *USS Tripoli* (from 1971 to 1972). While so employed, Plaintiff, PAUL H. MICHAEL, repaired and rebuilt aircraft engines and performed aircraft brake jobs. He experienced

exposure to asbestos from working around asbestos-containing brake, clutch and gasket material, and other asbestos-containing and/or asbestos-laden equipment, machinery and products.

From approximately 1971 to 1979, Plaintiff, PAUL H. MICHAEL, was exposed to asbestos while self-employed in construction in and around Santa Ana and Alameda, California.  While so employed, Plaintiff, PAUL H. MICHAEL, experienced occupational exposure to asbestos from working with and around asbestos-containing joint compound, insulation, ductwork, floor and ceiling tiles, siding, shingles, and other asbestos-containing products.

Plaintiff, PAUL H. MICHAEL, was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

The substantive state law which should apply to this case is California.

71.     As a result of the Defendants' wrongful conduct, PAUL H. MICHAEL developed the following asbestos-related diseases and health problems:

Lung cancer;

and other asbestos-related injuries and diseases.

72.     As a result of Defendants' wrongful conduct, which caused Plaintiff PAUL H. MICHAEL's asbestos-related diseases and health problems, Plaintiff PAUL H. MICHAEL, and Plaintiff, SONIA D. MICHAEL, suffered, and will continue to suffer, extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning

capacity, loss of consortium, and loss of enjoyment of life, all of which are recoverable under

applicable law.  In addition, Plaintiff SONIA D. MICHAEL has suffered extensive mental

anguish and has been and will continue to be deprived of pecuniary benefits, contributions of

support and household services, all of which are recoverable under applicable law.

73.     Plaintiffs are seeking to recover any and all damages which are recoverable under

applicable law.

74.     The above injuries have or will in the future result in a decrease of past or future

earnings and various other past and future expenses Plaintiffs would not have otherwise incurred.

75.     Plaintiffs hereby disclaim any cause of action or claim for recovery that could

give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or

28 U.S.C. § 1442, subdivision (a)(1) (federal officer).  Specifically, Plaintiffs disclaim any cause

of action or claim for recovery based on any exposure to asbestos on land that is, or was, a

"federal enclave" pursuant to Article I, section 8, clause 17 of the United States Constitution.

Plaintiffs also disclaim any cause of action or claim for recovery based on any exposure to

asbestos caused by any person or entity acting under the authority of a federal officer or agency.

## COUNT II

76.     The allegations in paragraph 1 through 76 are re-alleged and incorporated by

reference within this Count.

77.     A.W. CHESTERTON;

AEROQUIP-VICKERS, INC. (individually and as successor-in-interest to
AEROQUIP CORPORATION and as successor-in-interest to VICKERS, INC.);

AIR & LIQUID SYSTEMS CORPORATION (as successor-by-merger to
BUFFALO PUMPS, INC.);

ALFA LAVAL, INC. (individually and as successor-in-interest to DeLAVAL
SEPARATOR COMPANY and SHARPLES, INC.);

PLAINTIFF'S ORIGINAL COMPLAINT

AQUA-CHEM, INC. (d/b/a CLEAVER-BROOKS);

AURORA PUMP COMPANY;

AVCO CORPORATION (d/b/a LYCOMING ENGINES and sued individually
and as successor-in-interest to LYCOMING MANUFACTURING COMPANY);

AVOCET ENTERPRISES, INC., f/k/a VENTFABRICS, INC.;

THE BOEING COMPANY, individually and as successor-in-interest to
MCDONNELL DOUGLAS CORPORATION;

BOEING NORTH AMERICAN, INC.;

BORG-WARNER CORPORATION (by its successor-in-interest
BORGWARNER MORSE TEC, INC.);

BURNHAM CORPORATION;

CBS CORPORATION, a Delaware corporation, f/k/a VIACOM, INC., successor
by merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a
WESTINGHOUSE ELECTRIC CORPORATION;

CARRIER CORPORATION;

CERTAINTEED CORPORATION;

CESSNA AIRCRAFT COMPANY (individually and as successor-in-interest to
THE CESSNA AIRCRAFT COMPANY);

CONWED CORPORATION;

CRANE CO.;

CROWN CORK & SEAL, INC.;

CROWN CORK & SEAL USA, INC.;

CURTISS-WRIGHT CORPORATION;

DANA COMPANIES LLC;

DURO DYNE;

EATON AEROQUIP INC. (f/k/a AEROQUIP CORPORATION) (individually

and as successor-in-interest to VICKERS INCORPORATED);

EATON AEROQUIP LLC (individually and as successor-in-interest to
AEROQUIP CORPORATION and as successor-in-interest to VICKERS
INCORPORATED);

EATON CORPORATION (individually and as successor-in-interest to
AEROQUIP CORPORATION and as successor-in-interest to VICKERS
INCORPORATED);

ELLIOTT TURBOMACHINERY CO., INC. (a/k/a ELLIOTT COMPANY);

FMC CORPORATION (individually and as Successor-in-interest to
NORTHERN PUMP COMPANY, COFFIN and PEERLESS PUMP
COMPANY);

FORD MOTOR COMPANY;

FOSTER WHEELER ENERGY CORPORATION;

GARDNER DENVER, INC.;

GENERAL ELECTRIC COMPANY;

GENERAL MOTORS CORPORATION;

GENUINE PARTS COMPANY (a/k/a NAPA);

GEORGIA-PACIFIC LLC (f/k/a GEORGIA-PACIFIC CORPORATION,
individually and as successor-in-interest to BESTWALL GYPSUM COMPANY);

GOODRICH CORPORATION (f/k/a THE B.F. GOODRICH COMPANY);

GOODYEAR TIRE & RUBBER COMPANY (THE);

H.B. SMITH COMPANY, INC.;

HARLEY-DAVIDSON, INC.;

HAWKER BEECHCRAFT CORPORATION (f/k/a BEECH AIRCRAFT
CORPORATION);

HONEYWELL INTERNATIONAL, INC. (f/k/a ALLIED SIGNAL,
INC./BENDIX);

IMO INDUSTRIES, INC. (individually and as successor-in-interest to

DELAVAL STEAM TURBINE COMPANY);

INGERSOLL-RAND COMPANY (individually and as successor-in-interest to TERRY STEAM TURBINE COMPANY);

JOHN CRANE, INC.;

KAISER GYPSUM COMPANY, INC.;

KENTILE FLOORS, INC. (f/k/a KENTILE OPERATING COMPANY);

METROPOLITAN LIFE INSURANCE COMPANY;

NASH ENGINEERING COMPANY (THE);

OWENS-ILLINOIS, INC., individually and as successor-in-Interest to OWENS-ILLINOIS GLASS COMPANY;

PARKER-HANNIFIN CORPORATION (individually and as successor-in-interest to CLEVELAND AIR ENGINEERING COMPANY and successor-by-merger to STRATOFLEX, INC.);

PEERLESS INDUSTRIES, INC.;

PNEUMO ABEX LLC (individually and as successor-in-interest to ABEX CORPORATION);

PRATT & WHITNEY POWER SYSTEMS, INC., a division of UNITED TECHNOLOGIES

RAPCO, INC.;

RILEY POWER, INC., f/k/a BABCOCK BORSIG POWER, INC. and f/k/a RILEY-STOKER CORPORATION d/b/a DB RILEY, INC.;

SIKORSKY AIRCRAFT CORPORATION;

TELEDYNE CONTINENTAL MOTORS, INC. (n/k/a CONTINENTAL MOTORS, INC.);

TEXTRON, INC. (individually and as successor-in-interest to AVCO CORPORATION, BELL HELICOPTER and LYCOMING FOUNDRY AND MACHINE COMPANY);

TRANE US, INC f/k/a AMERICAN STANDARD COMPANIES (individually and as successor-in-interest-to KEWANEE BOILER COMPANY);

TYCO FLOW CONTROL, INC. (individually and as successor-in-interest to YARWAY CORPORATION and GRINNELL CORPORATION);

TYCO INTERNATIONAL (US), INC. (individually and as successor-in-interest to YARWAY CORPORATION;

UNION CARBIDE CORPORATION;

UNITED TECHNOLOGIES CORPORATION (individually and as successor-in-interest to PRATT & WHITNEY COMPANY and SIKORSKY AIRCRAFT CORPORATION);

WARREN PUMPS, LLC (individually and as successor-in-interest to QUIMBY PUMP COMPANY, INC.);

WEIL McLAIN COMPANY, a/k/a WEIL McLAIN COMPANY (a division of MARLEY-WYLAIN COMPANY);

YAMAHA MOTOR CORPORATION, U.S.A.;

YARWAY CORPORATION (individually and as successor-in-interest to YARNELL WARING CO.);

and

YORK INTERNATIONAL CORPORATION,

were at all times pertinent directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment, procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and use asbestos and asbestos-containing products.

78.     As a direct and proximate result of the above wrongful activities of the Defendants, Plaintiff, PAUL H. MICHAEL, was exposed to asbestos and developed the asbestos-related disease discussed and sustained the injuries described herein.

## **COUNT III**

79.     The allegations in paragraphs 1 through 79 are re-alleged and incorporated by reference within this Count.

80.     The Defendants were negligent in conducting the above activities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death they:

    a.  Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

    b.  Failed to adequately warn all the potential victims of asbestos including the Plaintiff, PAUL H. MICHAEL, as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

    c.  Failed to adequately test, research, and/or investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff, PAUL H. MICHAEL, and others similarly situated;

    d.  Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff, PAUL H. MICHAEL, and others similarly situated;

    e.  Failed to take adequate steps to remedy the above failure, including, but not limited to, recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

81.     As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff, PAUL H. MICHAEL, was injured as described herein.

PLAINTIFF'S ORIGINAL COMPLAINT

## COUNT IV

82.     The allegations in paragraphs 1 through 82 are re-alleged and incorporated by reference within this Count.

83.     The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff, PAUL H. MICHAEL, and others similarly situated:

     a.  Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

     b.  Failed to adequately warn all the potential victims of asbestos including the Plaintiff, PAUL H. MICHAEL, as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

     c.  Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff, PAUL H. MICHAEL, and others similarly situated;

     d.  Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff, PAUL H. MICHAEL, and others similarly situated;

     e.  Failed to take adequate steps to remedy the above failure, including, but not limited, to recalling asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

84.    As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff, PAUL H. MICHAEL, was injured as described herein.

## COUNT V

85.    The allegations in paragraphs 1 through 85 are re-alleged and incorporated by reference within this Count.

86.    Asbestos and asbestos-containing products are inherently dangerous and as such all Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff, PAUL H. MICHAEL, for all injuries and damages which were contracted thereby.

87.    All Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff, PAUL H. MICHAEL, for all the injuries and damages which were contracted thereby.

88.    The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and all Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff, PAUL H. MICHAEL's, injuries which were caused thereby.

89.    The Defendant manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff, PAUL H. MICHAEL, for all injuries caused thereby.

90.    As a direct and proximate result of the above action and omissions of Defendants, Plaintiff, PAUL H. MICHAEL, was injured as described herein.

## COUNT VI

PLAINTIFF'S ORIGINAL COMPLAINT

91.     The allegations in paragraphs 1 through 91 are re-alleged and incorporated by reference within this Count.

92.     The Defendants, knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally:

      a.  Conceal the existence, nature and extent of that risk; and,

      b.  Fail to disclose the existence, nature and extent of that risk to Plaintiff, PAUL H. MICHAEL, and those similarly situated.

93.     The Defendants had reason to expect that Plaintiff, PAUL H. MICHAEL, whose injuries were caused by his exposure, was within the class of persons whose actions or inaction would be materially affected by the aforementioned concealment and nondisclosure.

94.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff, PAUL H. MICHAEL, was injured as described herein.

## COUNT VII

95.     The allegations in paragraphs 1 through 95 are re-alleged and incorporated by reference within this Count.

96.     The Defendant directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

      a.  Had no adequate basis for such representations;

      b.  Knew that a significant health hazard to human life existed from asbestos.

97.     Defendants had reason to expect that as a result of such representation, Plaintiff, PAUL H. MICHAEL, and others similarly situated would be exposed to asbestos.

98.     As a result of this wrongful representation, Plaintiff, PAUL H. MICHAEL, was exposed to asbestos and suffered the injuries referred to herein.

PLAINTIFF'S ORIGINAL COMPLAINT

WHEREFORE, Plaintiffs demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to, pre-judgment and post-judgment interest, as would be necessary to compensate the Plaintiffs for the injuries they have suffered and will continue to suffer.

Plaintiffs further demand judgment against each of the Defendants for punitive damages. Plaintiffs further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiffs further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**PERRY & SENSOR**

By:   /s/ Michael L. Sensor
          Michael L. Sensor, Esquire
          Delaware Bar ID No.  3541
          One Customs House, Suite 560
          P.O. Box 1568
          Wilmington, DE 19899-1568
          Telephone: (302) 655-4482
          Facsimile: (302) 655-4043
          Attorney for Plaintiff

Dated: September 15, 2011

**OF COUNSEL:**

Michael P. Joyce, Esq.
The Law Offices of Michael P. Joyce
100 Franklin Street
Boston, MA 02110
Tel: (617) 720-1222
Fax: (617) 720-1244

PLAINTIFF'S ORIGINAL COMPLAINT