UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : : : | MDL No. 875 |
| BONNIE VON DELL and JOHN VON DELL, | : : : | |
| Plaintiffs, | : : | CASE NO. 1:11-cv-786 SLR |
| v. | : : | |
| BOEING COMPANY (Individually and as Successor to MCDONNELL DOUGLAS CORPORATION), | : : : : | From the United States District Court for the District of Delaware |
| Defendant. | : | |

### THE BOEING COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Plaintiffs' Motion to Vacate Conditional Transfer Order 445 ("CTO-445") does not, and cannot, dispute this Panel's determination, evidenced by CTO-445, that Mrs. Von Dell's asbestos personal injury lawsuit falls squarely within the purview of MDL No. 875—*In Re: Asbestos Products Liability Litigation (No. VI)*. This Panel has designated MDL No. 875 as the central hub for all asbestos lawsuits in the federal courts. These plaintiffs are not the first to claim that the case should not be in federal court and to oppose transfer on that basis. This Panel routinely holds that pending jurisdictional motions, including motions to remand, are not grounds for delaying or denying transfer to MDL No. 875. There is nothing unique about this case that justifies an exception to this rule.

I.  FACTUAL BACKGROUND

Plaintiffs sued Boeing and several other defendants based on Bonnie Von Dell's alleged asbestos-related injuries. Plaintiffs allege that Mrs. Von Dell "experienced occupational

exposure to asbestos while working as a wiring harness assembler from 1978 to 1992 at Rohr Industries Aerospace Plant ("Rohr Facility") in Auburn, Washington."  (Complaint ¶ 28(a), attached as Exhibit 1.)

Boeing removed this case based on an August 9 letter from Plaintiffs that indicated their claims included exposure to asbestos on the AWACS aircraft, which is an airborne early warning platform designed and manufactured by Boeing for the military.  Plaintiffs filed a motion to remand, arguing the removal was untimely.  The timeliness issue and the merits of the removal are not before this Panel, and Boeing will not burden the Panel by rearguing them.

On September 15, this Panel conditionally transferred this action to MDL 875 because it "appears . . . [to] involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Robreno."  (*See* CTO-445, attached hereto as Exhibit 2.)

## II.   LEGAL ARGUMENT

### A.   A Pending Motion to Remand Does Not Justify Vacating a Conditional Transfer Order

This Panel and appellate courts reviewing this Panel's decisions have consistently held that tag-along cases may be transferred to MDL proceedings regardless of pending jurisdictional motions.  As the Second Circuit explained, "the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending." *In Re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).  "The fact that there [are] pending jurisdictional objections [does] not deprive the MDL panel of the ability to transfer the case." *Grispino v. New England Mutual Life Ins, Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004).

Several published JPML decisions addressing the propriety of transfer to MDL No. 875 in the face of a pending remand motion have, not surprisingly, ordered the transfer of such

lawsuits. For example, in *In re Asbestos Products Liability Litigation (No. VI)*, 170 F. Supp. 2d 1348 (J.P.M.L. 2001), this Panel rejected plaintiffs' argument that a lawsuit otherwise suitable for MDL 875 should remain in the transferor district due to a pending motion to remand. *Id.* at 1349. The Panel reasoned that "distinctions [between asbestos personal injury lawsuits] based on such matters as the pendency of motions or other matters before the transferor court . . . were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket." *Id.* Indeed, in response to plaintiffs' argument that pending remand motions should preclude transfer, this Panel explained that there is no need to deny or defer transfer to accommodate an interest in allowing the transferor court to consider a motion to remand. The Panel wrote that "courts wishing to address such motions have adequate time in which to do so, [while] those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay." *Id.* at 1349 n.1; *see also In re Asbestos Products Liability Litigation (No. VI)*, 1996 WL 143826 at *1 n.2 (J.P.M.L. 1996). This Panel, using language identical to its 2001 and 1996 decisions, recently issued another published decision affirming that motions to remand cannot delay transfer to MDL proceedings. *See In re Asbestos Products Liability Litigation (No. VI)*, 560 F. Supp. 2d 1367, 1368 n.2 (J.P.M.L. 2008).

  Plaintiffs' motion is based on the same argument repeatedly rejected by this Panel—that transfer should be denied or deferred to permit resolution of a motion to remand. Given this Panel's precedent that there is no motion-to-remand exception to MDL No. 875 transfers, and the undisputed fact that Plaintiffs' asbestos lawsuit involves "common questions of fact with . . . actions previously transferred to the Eastern District of Pennsylvania," Plaintiffs' motion should

be denied. *See In re Asbestos Products Liability Litigation (No. VI)*, 560 F. Supp. 2d at 1368 (*citing In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991)).

The only case that Plaintiffs rely on is *Vasura v. ACandS, Inc.*, 84 F. Supp. 2d 531 (S.D.N.Y. 2000), but it does not support their position. (D.I. 7929-1, (Pltfs'. Mem.) at 5). The case simply says that transfer was vacated, only briefly mentioning in its discussion of the procedural posture that it was vacated for the purpose of allowing the district court to determine the motion to remand. The case itself did not discuss, let alone reach any decision on, the appropriateness of transfer. No principle can be gleaned from that case, let alone one sufficiently weighty to overcome the presumption in favor of transfer even while motions to remand are pending.

**B.     Judicial Economy is Not Served by Delaying or Denying Transfer**

Plaintiffs also claim that judicial efficiency is best served by denying transfer. (Pltfs'. Mem. at 5). But the District of Delaware itself is an overloaded court system. Its burden is so high that it has a panel of Special Masters in place to help manage its caseload. (*See* Exhibit 3, Procedures to Govern the Appointment and Utilization of Special Masters in Complex Civil Cases, dated June 8, 2011). In fact, the transferor court referred Plaintiffs' motion to remand to a Special Master.

The transferor court has not ruled on Plaintiffs' motion. On October 25, the Special Master issued a recommendation to the District Judge to grant Plaintiffs' motion for remand. (*See* Exhibit 4, Special Master's Report and Recommendation Regarding Plaintiffs' Emergency Motion to Remand dated October 25, 2011.) Boeing objected to the Special Master's report on the same day as this filing. (*See* Exhibit 5, Boeing's Objections to the Special Master's Report and Recommendation Regarding Plaintiffs' Emergency Motion to Remand.)

The Special Master's recommendation does not advance this litigation in the transferor court. The transferor court must review the special master's recommendation *de novo*, so the issue is no further along than if the transferee court considered the motion to remand anew. Fed. R. Civ. P. 53(f)(3).

Plaintiffs' Motion to Vacate CTO-445 also attempts to color Boeing's removal as an unfair attempt to deny Mrs. Von Dell a December 2011 trial date. (Pltfs.' Mem. at 2, 4). This argument is belied by Plaintiffs' own request, prior to removal, to *delay* their trial date until July 2012. (*See* Exhibit 6, Plaintiffs' Motion for a New Trial Setting & Extension of Discovery Deadlines.) Only after removal did Plaintiffs discover a newfound zeal for the original December trial date.

### III.  CONCLUSION

The MDL Panel has consistently held that a pending motion to remand in the transferor court does not require delay or denial of transfer to the MDL. Because the transferor court has yet to take any action, and must review the Special Master's recommendation *de novo*, judicial economy is not served by keeping the case in the transferor court. The Panel should therefore deny Plaintiffs' Motion to Vacate CTO-445.

WHITE AND WILLIAMS LLP

*/s/ Chris Singewald*

CHRISTIAN J. SINGEWALD (#3542)
824 North Market Street, Suite 902
P. O. Box 709
Wilmington, DE  19899-0709
(302) 654-0424
Attorney for Defendant, *The Boeing Company*

Dated: October 28, 2011