# EXHIBIT 1

EFiled:  Sep 16 2010  8:56AM EDT
Transaction ID 33263950
Case No. N10C-09-124 ASB

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION | ) | |
| | ) | |
| BONNIE VON DELL and JOHN VON DELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY; | ) ) ) | ASBESTOS

JURY TRIAL DEMANDED |
| | ) | |
| ALCAN PRODUCTS CORPORATION; | ) | |
| | ) | |
| ALCATEL-LUCENT USA, INC., successor-by-merger to LUCENT TECHNOLOGIES, INC. (sued as successor to WESTERN ELECTRIC COMPANY); | ) ) ) ) ) | |
| | ) | |
| AMERICAN INSULATED WIRE CORPORATION; | ) ) | |
| | ) | |
| THE BOEING COMPANY (sued individually and as successor to McDONNELL DOUGLAS CORPORATION); | ) ) ) ) | |
| | ) | |
| CARLISLE COMPANIES INCORPORATED d/b/a CARLISE INTERCONNECT TECHNOLOGIES f/k/a TENSOLITE COMPANY; | ) ) ) ) | |
| | ) | |
| CHICAGO PNEUMATIC TOOL COMPANY, LLC; | ) ) | |
| | ) | |
| CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC., d/b/a CLEAVER-BROOKS DIVISION; | ) ) ) | |
| | ) | |

1

CROWN CORK & SEAL COMPANY,       )
INC. (sued individually and as successor-    )
in-interest to MUNDET CORK       )
COMPANY);                        )
                                 )
DALLAS AIRMOTIVE, INC. (sued     )
individually and as successor-in-interest  )
to COOPER AIRMOTIVE);            )
                                 )
DEVILBISS AIR POWER COMPANY;     )
                                 )
ERICSSON, INC. (sued individually and  )
as successor-in-interest to ANACONDA  )
WIRE & CABLE);                   )
                                 )
GENERAL ELECTRIC COMPANY;        )
                                 )
GOODRICH CORPORATION (sued as    )
successor to SIMMONDS PRECISION  )
ENGINE SYSTEMS);                 )
                                 )
INDUSTRIAL HOLDINGS LLC f/k/a    )
THE CARBORUNDUM COMPANY;         )
                                 )
INGERSOLL RAND COMPANY;          )
                                 )
LOCKHEED MARTIN                  )
CORPORATION (successor-by-merger )
to LOCKHEED CORPORATION);        )
                                 )
METROPOLITAN LIFE INSURANCE      )
COMPANY;                         )
                                 )
NORTHROP GRUMMAN                 )
CORPORATION (successor-by-merger )
to GRUMMAN AEROSPACE             )
CORPORATION);                    )
                                 )
THE OKONITE COMPANY, INC.;       )
                                 )
SIMMONDS PRECISION ENGINE        )
SYSTEMS, INC. d/b/a GOODRICH      )
AEROSPACE;                       )
                                 )
TELEDYNE REYNOLDS, INC.;         )
                                 )

THERMO-ELECTRIC COMPANY,         )
INC.;                                                    )
                                                           )
UNION CARBIDE CORPORATION;      )
                                                           )
UNITED TECHNOLOGIES               )
CORPORATION (sued individually and  )
as successor-in-interest to PRATT &   )
WHITNEY COMPANY) ;                    )
                                                           )
            Defendants.                        )
                                                           )

## COMPLAINT

## COMMON ALLEGATIONS

1.        Plaintiffs BONNIE VON DELL and JOHN VON DELL are residents of the State

of Washington.

2.        Defendant      3M      COMPANY      a/k/a      MINNESOTA      MINING      &

MANUFACTURING COMPANY,  is a Delaware corporation whose registered agent for service

of p rocess is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street,

Wilmington, DE  19801.

3.        Defendant ALCAN PRODUCTS CORPORATION, is a foreign corporation

subject to service of process at Defendant's address by Certified Mail, Return Receipt Requested

in accordance with 10 *Del. C.* § 3104.  ALCAN PRODUCTS CORPORATION's address for

receipt of process is 8770 Bryn Mawr, Chicago, IL  60631.

4.        Defendant ALCATEL-LUCENT USA, INC., successor-by-merger to LUCENT

TECHNOLOGIES, INC. (successor to WESTERN ELECTRIC COMPANY) is a Delaware

corporation whose registered agent for service of process is Corporation Service Company, 2711

Centerville Road, Suite 400, Wilmington, DE  19808.

5.     Defendant AMERICAN INSULATED WIRE CORPORATION is a foreign corporation subject to service of process at Defendant's address by Certified Mail, Return Receipt Requested in accordance with 10 *Del. C.* § 3104.  AMERICAN INSULATED WIRE CORPORATION's address for receipt of process is 260 Forbes Boulevard, Mansfield, MA 02048.

6.     Defendant THE BOEING COMPANY (sued individually and as successor to McDONNELL DOUGLAS CORPORATION) is a Delaware corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

7.     Defendant CARLISLE COMPANIES INCORPORATED d/b/a CARLISE INTERCONNECT TECHNOLOGIES f/k/a TENSOLITE COMPANY is a Delaware corporation whose registered agent for service of process is The Prentice Hall System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

8.     Defendant CHICAGO PNEUMATIC TOOL COMPANY, LLC, is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

9.     Defendant, CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC., d/b/a CLEAVER-BROOKS DIVISION is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10.     Defendant CROWN CORK & SEAL COMPANY, INC. (sued individually and as successor-in-interest to MUNDET CORK COMPANY) is a foreign corporation subject to service of process at Defendant's address by Certified Mail, Return Receipt Requested in

accordance with 10 *Del. C.* § 3104.   CROWN CORK & SEAL COMPANY, INC.'s address for receipt of service is 1 Crown Way, Philadelphia, PA 19154-4599.

11.     Defendant DALLAS AIRMOTIVE, INC. (sued individually and as successor-in-interest to COOPER AIRMOTIVE) is a foreign corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

12.     Defendant DEVILBISS AIR POWER COMPANY is a Delaware corporation whose registered agent for service is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

13.     Defendant ERICSSON, INC. (sued individually and as successor-in-interest to ANACONDA WIRE & CABLE) is a Delaware corporation whose registered agent for service of process is National Registered Agents, Inc., 1 6 0 Greentree Drive, Suite 101, Dover, DE 19904.

14.     Defendant GENERAL ELECTRIC COMPANY is a foreign corporation whose registered agent for service is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

15.     Defendant GOODRICH CORPORATION (sued as successor to SIMMONDS PRECISION ENGINE SYSTEMS) is a foreign corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 1 9 8 0 8 .

16.     Defendant INDUSTRIAL HOLDINGS LLC f/k/a THE CARBORUNDUM COMPANY is a foreign corporation subject to service of process at Defendant's address by Certified Mail, Return Receipt Requested in accordance with 10 *Del. C.* § 3104.  INDUSTRIAL

HOLDINGS CORPORATION's address for receipt of service is c/o Chester D. Hilty, 2910 W. Rock Falls Road, Rock Falls, IL 61071.

17.     Defendant INGERSOLL RAND COMPANY is a foreign corporation whose registered agent for service is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

18.     Defendant LOCKHEED MARTIN CORPORATION (successor-by-merger to LOCKHEED CORPORATION) is a Delaware corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

19.     Defendant METROPOLITAN LIFE INSURANCE COMPANY is a foreign corporation doing business in the State of Delaware is a foreign corporation doing business in the State of Delaware and who may be served with process through the Commissioner of Insurance, 841 Silver Lake Blvd, Dover, DE 19904.

20.     Defendant NORTHROP GRUMMAN CORPORATION (successor-by-merger to GRUMMAN AEROSPACE CORPORATION) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

21.     Defendant THE OKONITE COMPANY, INC., is a foreign corporation subject to service of process at Defendant's address by Certified Mail, Return Receipt Requested in accordance with 10 *Del. C.* § 3104.  THE OKONITE COMPANY, INC.'s address for receipt of service is 102 Hilltop Road, Ramsey, NJ 07446.

22.     Defendant SIMMONDS PRECISION ENGINE SYSTEMS, INC. d/b/a GOODRICH AEROSPACE is a foreign corporation subject to service of process at Defendant's

address by Certified Mail, Return Receipt Requested in accordance with 10 *Del. C.* § 3104. SIMMONDS PRECISION ENGINE SYSTEMS, INC.'s address for receipt of service is Four Coliseum Centre, 2730 West Tyvola Road, Charlotte, NC  28217-4578.

23.     Defendant TELEDYNE REYNOLDS, INC. is a foreign corporation subject to service of process at Defendant's address by Certified Mail, Return Receipt Requested in accordance with 10 *Del. C.* § 3104.  TELEDYNE REYNOLDS, INC.'s address for receipt of service is 1049 Camino Dos Rios, Thousand Oaks, CA  91360-2362.

24.     Defendant THERMO-ELECTRIC COMPANY, INC. is a Delaware corporation whose registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE  19808.

25.     Defendant UNION CARBIDE CORPORATION is a foreign corporation doing business in the State of Delaware whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 1 9 8 0 1 .

26.     Defendant UNITED TECHNOLOGIES CORPORATION (sued individually and as successor-in-interest to PRATT & WHITNEY COMPANY) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801.

### COUNT I

27.     Plaintiffs reallege Paragraphs 1 through 26 of this Complaint and incorporate them herein by reference.

28.     Plaintiff BONNIE VON DELL was wrongfully exposed to asbestos, an inherently dangerous toxic substance, as described below:

(a)     Plaintiff BONNIE VON DELL experienced occupational exposure to asbestos while working as a wiring harness assembler from 1978 to 1992 at Rohr Industries Aerospace Plant in Auburn, Washington.

(b)     Plaintiff BONNIE VON DELL experienced bystander exposure to asbestos from approximately 1957 to 1961 through her uncle who was employed as a machinist at the Boeing Plant in Renton, Washington, and also through her ex-husband who was employed as a drill press operator at the Boeing Plant in Renton, Washington, in 1962; as a forklift operator at Greystone Concrete Products, in Obrien, Washington, from 1962-1965; as a laborer and shipfitter at Star Marine Boat Yard, in Tacoma, Washington, from 1966 to 1967; and as a shipfitter and welder at Martinolich Shipbuilding in Tacoma, Washington from the late 1960s to the early 1970s.

(c)     Plaintiff BONNIE VON DELL experienced exposure to asbestos while performing maintenance and home repairs to her personal residences in Auburn, Washington, and Enumclaw, Washington, from the 1960s to the 1990s, intermittently.

Plaintiff BONNIE VON DELL was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by the Defendants.

The substantive state law(s) which should apply to this case is Washington, to the extent there is no conflict with the public policy of Delaware.

29.     As a result of the Defendants' wrongful conduct, Plaintiff BONNIE VON DELL developed the following asbestos related diseases and health problems:

Mesothelioma;

and other asbestos-related injuries and diseases.

30.     As a result of Defendants' wrongful conduct which caused Plaintiff BONNIE VON DELL's asbestos-related diseases and health problems, Plaintiffs BONNIE VON DELL and JOHN VON DELL suffered extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of consortium and loss of enjoyment of life, all of which are recoverable under applicable law.  In addition, Plaintiff JOHN VON DELL has suffered extensive mental anguish and has been and will continue to be deprived of pecuniary benefits, contributions of support and household services, all of which are recoverable under applicable law.

31.     The above injuries have or will in the future result in a decrease of past or future earnings and various other past and future expenses Plaintiffs would not have otherwise incurred.

## COUNT II

32.     Plaintiffs reallege Paragraphs 1 through 31 of this Complaint and incorporate them herein by reference.

33.     3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING
COMPANY,

ALCAN PRODUCTS CORPORATION;

ALCATEL-LUCENT USA, INC., successor-by-merger to LUCENT
TECHNOLOGIES, INC. (successor to WESTERN ELECTRIC COMPANY);

AMERICAN INSULATED WIRE CORPORATION;

THE BOEING COMPANY (sued individually and as successor to McDONNELL
DOUGLAS CORPORATION);

9

CARLISLE COMPANIES INCORPORATED d/b/a CARLISE INTERCONNECT TECHNOLOGIES f/k/a TENSOLITE COMPANY;

CHICAGO PNEUMATIC TOOL COMPANY, LLC;

CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC., d/b/a CLEAVER-BROOKS DIVISION;

CROWN CORK & SEAL COMPANY, INC. (sued individually and as successor-in-interest to MUNDET CORK COMPANY);

DALLAS AIRMOTIVE, INC. (sued individually and as successor-in-interest to COOPER AIRMOTIVE);

DEVILBISS AIR POWER COMPANY;

ERICSSON, INC. (sued individually and as successor-in-interest to ANACONDA WIRE & CABLE);

GENERAL ELECTRIC COMPANY;

GOODRICH CORPORATION (successor to SIMMONDS PRECISION ENGINE SYSTEMS);

INDUSTRIAL HOLDINGS LLC f/k/a THE CARBORUNDUM COMPANY;

INGERSOLL RAND COMPANY;

LOCKHEED MARTIN CORPORATION (sued as successor-by-merger to LOCKHEED CORPORATION);

NORTHROP GRUMMAN CORPORATION (successor-by-merger to GRUMMAN AEROSPACE CORPORATION);

THE OKONITE COMPANY, INC.;

SIMMONDS PRECISION ENGINE SYSTEMS, INC. d/b/a GOODRICH AEROSPACE;

TELEDYNE REYNOLDS, INC.;

THERMO-ELECTRIC COMPANY, INC.;

UNION CARBIDE CORPORATION;

UNITED TECHNOLOGIES CORPORATION (individually and as successor-in-interest to PRATT & WHITNEY COMPANY);

were at all times pertinent directly or indirectly engaged in the mining, manufacturing, distribution, sales, licensing, leasing, installation, removal and/or use of asbestos and asbestos-containing products. They were also engaged in the development, manufacture, distribution, sales, licensing or leasing of equipment procedures and/or technology necessary to mine, manufacture, sell, distribute, install, remove and the use of asbestos and asbestos-containing products.

## COUNT III

34.    Plaintiffs reallege Paragraphs 1 through 33 of this Complaint and incorporate them herein by reference.

35.    The Defendants were negligent in conducting the above activities and/or in the safety conditions at their plants and facilities in that despite the fact that the Defendants knew or should have known that asbestos exposure could result in serious injury, disease and/or death.

(a)    Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)    Failed to adequately warn all the potential victims of asbestos including the Plaintiff BONNIE VON DELL as well as other users, bystanders, household members and members of the general public of the risks of asbestos;

(c)    Failed to adequately test, research, and/or investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff BONNIE VON DELL and others similarly situated;

(d)     Failed to adequately package, distribute and/or use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff BONNIE VON DELL and others similarly situated;

(e)     Failed to take adequate steps to remedy the above failure, including but not limited to recall of asbestos, abatement of asbestos on their property, recall of asbestos products, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

36.   As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff BONNIE VON DELL was injured as described herein.

## COUNT IV

37.    Plaintiffs reallege Paragraphs 1 through 36 of this Complaint and incorporate them herein by reference.

38.    The Defendants willfully and wantonly for their own economic gain and with reckless indifference to the health and safety of the Plaintiff BONNIE VON DELL and others similarly situated:

(a)     Failed to substitute, suggest, promote or require the substitution of materials other than asbestos;

(b)     Failed to adequately warn all the potential victims of asbestos including the Plaintiff BONNIE VON DELL as well as other users, bystanders, household members and members of the general public of the risks of asbestos exposure;

(c)     Failed to adequately test, research and investigate asbestos and/or its effects prior to sale, use, and/or exposure of the Plaintiff BONNIE VON DELL and others similarly situated;

(d)    Failed to adequately package, distribute and use asbestos in a manner which would minimize the escape of asbestos fibers therefore adding to the exposure of the Plaintiff BONNIE VON DELL and others similarly situated;

(e)    Failed to take adequate steps to remedy the above failure, including but not limited to recalling asbestos and asbestos products, to abate asbestos on their property, to conduct research as to how to cure or minimize asbestos injuries, to distribute asbestos so as to render it safe or safely remove the asbestos now in place.

39.   As a direct and proximate result of the above actions and omissions of Defendants, Plaintiff BONNIE VON DELL was injured as described herein.

## COUNT V

40.    Plaintiffs reallege Paragraphs 1 through 39 of this Complaint and incorporate them herein by reference.

41.    Asbestos and asbestos-containing products are inherently dangerous and as such, Defendants who made or sold asbestos or the equipment, processes or other things necessary for its use, are strictly liable to the Plaintiff BONNIE VON DELL for all injuries and damages which were contracted thereby.

42.    Defendants who assisted, directly or indirectly, in the leasing or licensing of asbestos and all equipment necessary for its use are strictly liable to the Plaintiff BONNIE VON DELL for all the injuries and damages which were contracted thereby.

43.    The handling of asbestos packages, installation, removal and use of asbestos is an ultrahazardous activity and Defendants who assisted directly or indirectly in this are strictly liable for the Plaintiff BONNIE VON DELL's injuries which were caused thereby.

44.     The Defendants as manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in a method proper for its intended use and are strictly liable to the Plaintiff BONNIE VON DELL for all injuries caused thereby.

45.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff BONNIE VON DELL was injured as described herein.

## COUNT VI

46.     Plaintiffs reallege Paragraphs 1 through 45 of this Complaint and incorporate them herein by reference.

47.     The Defendants knowing of significant risks of health hazards resulting from exposure to asbestos, did willfully, wantonly, recklessly and/or intentionally;

(a)     Conceal the existence, nature and extent of that risk; and,

(b)     Failed to disclose the existence, nature and extent of that risk to Plaintiff BONNIE VON DELL and those similarly situated.

48.     The Defendants had reason to expect that Plaintiff BONNIE VON DELL, whose injuries were caused by her exposure, was within the class of persons whose actions or inaction would-be materially affected by the aforementioned concealment and nondisclosure.

49.     As a direct and proximate result of the above action and omissions of Defendants, Plaintiff BONNIE VON DELL was injured as described herein.

## COUNT VII

50.     Plaintiffs reallege Paragraphs 1 through 49 of this Complaint and incorporate them herein by reference.

51.     The Defendants directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

(a)     Had no adequate basis for such representations;

(b)     Knew that a significant health hazard to human life existed from asbestos.

52.     Defendants had reason to expect that as a result of such representation, Plaintiff BONNIE VON DELL and others similarly situated would be exposed to asbestos.

53.     As a result of this wrongful representation, Plaintiff BONNIE VON DELL was exposed to asbestos and suffered the injuries referred to herein.

## COUNT VIII

54.     Plaintiffs reallege Paragraphs 1 through 53 of this Complaint and incorporate them herein by reference.

55.     The Defendants knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted other manufacturers of asbestos products in keeping the Plaintiff BONNIE VON DELL and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos containing products.

56.     As a result of this conspiracy, the Plaintiff BONNIE VON DELL was exposed to asbestos and suffered the injuries complained of herein.

## COUNT IX

57.     Plaintiff BONNIE VON DELL's ex-husband and uncle worked at premises owned and/or controlled by THE BOEING COMPANY (hereinafter "Premise Defendant") at which they were exposed to asbestos products and dust from asbestos products.

58.     While present at premises owned and/or controlled by THE BOEING COMPANY, Plaintiff BONNIE VON DELL's ex-husband and uncle were continuously exposed

to asbestos and asbestos-containing dust without the provision of appropriate safeguards by THE BOEING COMPANY who had the responsibility for such.

59.    Plaintiffs would further show Plaintiff BONNIE VON DELL's injuries and diseases were the result of intentional acts and/or omissions and/or negligence, gross negligence and malice in the use of asbestos at THE BOEING COMPANY.   THE BOEING COMPANY failed to properly remove and/or abate said asbestos at these facilities during the time Plaintiff BONNIE VON DELL's ex-husband and uncle were working there.

60.    Plaintiffs would show that THE BOEING COMPANY was negligent, grossly negligent and malicious, and committed certain intentional acts, all of which were the proximate cause of the disease and injuries resulting in mesothelioma from exposure to asbestos.

61.    In particular, Plaintiffs would show that THE BOEING COMPANY demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of the Plaintiff BONNIE VON DELL's ex-husband and uncle, and that such intentional acts and omissions proximately caused Plaintiff BONNIE VON DELL's disease and injuries.

62.    Specific intentional acts and acts constituting negligence, gross negligence and malice committed by THE BOEING COMPANY that proximately caused Plaintiff BONNIE VON DELL's injuries, and disease include:

(a)    Failure to provide safe equipment for Plaintiff BONNIE VON DELL's ex-husband and uncle to use;

(b)    Failure to provide adequate safety measures and protection against deadly and life-threatening asbestos dust, all despite THE BOEING COMPANY's knowledge of the extreme risk of harm inherent to asbestos exposure;

(c)    Failure to adequately warn Plaintiff BONNIE VON DELL's ex-husband and uncle of the inherent dangers of asbestos contamination;

(d)     Failure to maintain the ambient and environmental conditions of the premises in proper and safe condition;

(e)     Failure to follow and adhere to various states and U.S. Government statutes, regulations and guidelines pertaining to asbestos and the exposure to asbestos of individuals.  Such failure constituted negligence per se at a minimum.  Plaintiffs are not making claims for damages under federal law.

63.     Plaintiffs would further show that THE BOEING COMPANY intentionally, knowingly, and/or due to negligence, gross negligence and malice, failed to ensure that individuals such as Plaintiff BONNIE VON DELL's uncle and ex-husband and uncle were protected from the inhalation of asbestos and asbestos fibers.  Such actions proximately caused Plaintiff BONNIE VON DELL's injuries and illness.

64.     Additionally, specific actions or omissions on the part of THE BOEING COMPANY that proximately caused Plaintiff BONNIE VON DELL's injuries and illness were:

(a)     Attempting to remove asbestos dust in their workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;

(b)     Failing to provide proper protective gear for individuals exposed to asbestos;

(c)     Failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

(d)     Failing to provide a proper and safe method for the use of asbestos and asbestos fibers;

(e)     Failing to adhere to industry safe standards and other established measures to protect workers from harm;

(f)     Failing to adequately warn of the extreme risk of danger of inherent to asbestos exposure.

(g)     THE BOEING COMPANY demonstrated such an entire want of care as to establish that their acts and omissions alleged above were the result of

17

actual conscious indifference to the rights, safety, and welfare of Plaintiff BONNIE VON DELL's ex-husband and uncle.

## COUNT X

65.     Plaintiffs reallege Paragraphs 1 through 64 of this Complaint and incorporate them herein by reference.

66.     Even after the dangers of asbestos finally began to be known to Plaintiff BONNIE VON DELL or others similarly situated, Defendants continued to act wrongfully both individually and in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

(a)     Prevent and delay Plaintiff BONNIE VON DELL and others similarly situated from filing legal action to recover for these injuries and/or;

(b)     Defeat and/or delay such legal actions and the final collection of any judgment.

67.     Similarly, Defendants aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

68.     As a result of this wrongful representation, Plaintiff BONNIE VON DELL was exposed to asbestos and suffered the injuries referred to herein.

**WHEREFORE**, Plaintiffs demand judgment against each of the Defendants jointly and severally for such sums, including, but not limited to prejudgment and post-judgment interest, as would be necessary to compensate the Plaintiffs for the injuries they have and will suffer.

Plaintiffs further demand judgment against each of the Defendants for punitive damages.

Plaintiffs further demand payment by each of the Defendants jointly and severally of the costs and attorney fees of this action.

Plaintiffs further demand payment by each Defendant jointly and severally of interest on the above and such other relief as the Court deems just.

**PERRY & SENSOR**

By: /s/ Michael L. Sensor
     Michael L. Sensor, Esquire
     Delaware Bar ID No.  3541
     One Customs House, Suite 560
     P.O. Box 1568
     Wilmington, DE 19899-1568
     Telephone: (302) 655-4482
     Facsimile: (302) 655-4043
     Attorney for Plaintiffs

OF COUNSEL:

LAURA M. CABUTTO
RACHEL C. PERKINS
**SIMON EDDINS & GREENSTONE, LLP**
A PROFESSIONAL CORPORATION
3232 McKinney Avenue
Suite 610
Dallas, Texas  75204

Dated: September 16, 2010