EFiled: Sep 1 2011 4:23PM EDT
Transaction ID 39616746
Case No. N10C-09-124 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION ) <br> 122011P&S TRIAL GROUP ) <br> ) <br> **Limited to:** ) <br> BONNIE VON DELL and ) <br> JOHN VON DELL ) | C.A. NO. N10C-09-124 ASB |

### PLAINTIFFS' MOTION FOR A NEW TRIAL SETTING AND EXTENSION OF DISCOVERY DEADLINES

Plaintiffs, by and through their counsel, Perry & Sensor, hereby move this Honorable Court to move the trial setting of this case from December 2011 to July 2012. In support thereof, Plaintiffs state as follows:

1. Plaintiff Bonnie Von was deposed on January 25, 2011. Plaintiff testified that she was exposed to asbestos through the stripping and cutting of wires and/or cables used on wiring harnesses for aircraft engines. She assembled these engines at the Rohr Industries Aerospace Assembly Plant in Auburn, WA from 1978 – 1992 (although for one and a half years she was employed elsewhere.) Plaintiff testified that all of the aircraft for which she assembled wiring harnesses were manufactured by defendant Boeing Corporation ("Boeing"). *See attached, Exhibit A at 106-107.*

2. Plaintiff was not able to remember the names of all of the manufacturers of the wire used in the Boeing aircraft. *See attached, Exhibit A at 85-86.*

3. Plaintiffs have a reasonable belief that Boeing has knowledge, and documentation, indicating which wires/cables were used in the wiring harnesses Plaintiff assembled. Plaintiffs also have a reasonable belief that Boeing has knowledge and documentation indicating which, if any, of these wires/cables contained asbestos.

4. On March 21, 2011, Plaintiffs filed supplemental interrogatories, requests for production,

and requests for admission on Boeing. *See attached, Exhibit B.* On April 20, 2011, Boeing filed responses to the discovery. *See attached, Exhibit C.* Boeing's responses were laden with numerous objections, and most were entirely non-responsive. Indeed, for a number of the interrogatories, rather than answering, <u>Boeing merely referenced the documents it planned on producing</u>. As an attempt to compromise this discovery dispute, Boeing agreed to produce documents only if a protective order was granted, and in turn, Plaintiffs agreed to not file a motion to compel until the documents produced were reviewed. *See attached, Exhibit D.* On June 9, 2011, Plaintiffs signed the protective order that Boeing provided, and emailed it to Boeing's counsel. *See attached, Exhibit E.* On July 11, 2011, the Court signed the protective order. *See attached, Exhibit F.*

5. Plaintiff originally requested a Rule 30(b)(6) deposition on April 29, 2011. *See attached, Exhibit G.* Boeing responded by letter with objections to the scope of the deposition. *See attached, Exhibit H.* In a good-faith attempt to resolve the dispute, Plaintiffs responded to Boeing's objections, clarifying some subject areas, and narrowing down others. *See attached, Exhibit I.* On August 12, 2011, Plaintiff again requested the name of the representative to be tendered, and the dates of his/her availability. *See attached, Exhibit J.* On August 17, 2011, Plaintiffs filed a formal notice for the Rule 30(b)(6) deposition. *See attached, Exhibit K.* <u>To date, Boeing has not provided Plaintiffs the name of the its corporate representative or the dates of his/her availability.</u>

6. On July 15, 2011, Boeing produced 3,468 pages of documents in connection with the protective order. These documents are highly technical, and difficult to understand without interpretation from an individual with first-hand knowledge of the manufacturing of Boeing aircraft. Plaintiffs contacted Boeing to ask that the corporate representative

tendered be able to interpret and explain the documents produced. *See attached, Exhibit L.*

7. Plaintiffs are at this time unable to determine the sufficiency of Boeing's responses to the supplemental discovery served in this case without being able to interpret the documents produced, which will require the deposition of Boeing's 30(b)(6) representative.

8. Plaintiffs also attempted to determine the manufacturer(s) of the wires/cables used in the wiring harnesses aboard the Boeing aircraft by serving discovery on the manufacturers of wires themselves. Many of the Defendants refused to respond to such discovery, stating either informally or formally that they do not have an obligation to respond to questions about their sales of asbestos-containing wires and cables to Rohr, since Plaintiffs had failed to produce evidence that their products were used on the relevant aircraft. For example, Defendant Alcatel-Lucent filed responses to supplemental discovery that objected, in part, that "Plaintiff has failed to identify any specific asbestos-containing product or products allegedly manufactured or supplied by Western Electric with which Plaintiff worked or otherwise had direct contact. *See deposition testimony of Bonnie Von Dell, dated January 25, 2011.* Therefore, the scope of this Interrogatory is beyond the Plaintiff's own testimony and pleadings and beyond that permitted under applicable court rules and case law."

9. Plaintiffs are simultaneously filing a motion to compel Boeing to tender a corporate representative pursuant to Super. Ct. Civ. R. 30(b)(6). Until that deposition is completed, Plaintiffs are unable to complete discovery, for the reasons outlined above.

10. Plaintiffs do not contend that they should have more time to complete the depositions of product identification witnesses, and accept that the deadline for that should be

considered closed.

11. This matter is currently set on the December 2011 trial docket. The deadline for filing motions for summary judgment is currently August 26, 2011. The deadline for filing responses is currently September 16, 2011.

12. Due to no fault of the Plaintiffs, discovery is not yet complete. Plaintiffs need to take the deposition of Boeing's 30(b)(6) representative in order to determine what other discovery, if any, needs to be served and compelled. Plaintiffs also need said deposition to respond to Boeing's, and other defendants' impending motions for summary judgment.

13. Plaintiffs asked Defendants to agree to move the trial dates and discovery deadlines, and the request was denied. *See attached, Exhibit M.*

14. Plaintiffs hereby request this honorable Court to grant an order moving this case to the July 2012 docket. This will make the deadline for final discovery requests November 28, 2011. This will allow enough time for all of the following events to occur: Boeing will be compelled to tender their 30(b)(6) witness and the deposition can be completed; Plaintiffs can evaluate the sufficiency of the documents produced and therefore the sufficiency of the responses to supplemental discovery; Plaintiffs can serve and compel, if need be, discovery on the Defendants implicated by Boeing's documentation and deposition; and motions for summary judgment can be filed and adequately responded to once discovery is complete.

WHEREFORE, Plaintiffs request that this Court grant their Motion and enter an Order moving the trial setting for this case to July 2012, and moving all related deadlines, with the exception of the depositions of product identification witnesses.

Respectfully submitted,

|  | **PERRY & SENSOR** |
|---|---|
|  | By: /s/ Michael L. Sensor |
|  | Michael L. Sensor, Esquire |
|  | Delaware Bar ID No. 3541 |
|  | One Customs House, Suite 560 |
|  | P.O. Box 1568 |
|  | Wilmington, DE 19899-1568 |
|  | Telephone: (302) 655-4482 |
|  | Facsimile: (302) 655-4043 |
| **Dated:** September 1, 2011 | Attorney for Plaintiffs |

**OF COUNSEL**:

Rachel C. Perkins, Esquire
**SIMON EDDINS & GREENSTONE, LLP**
A PROFESSIONAL CORPORATION
3232 McKinney Avenue
Suite 610
Dallas, Texas 75204

# EXHIBIT 6

EFiled: Sep 1 2011 4:23PM EDT
Transaction ID 39616746
Case No. N10C-09-124 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION ) <br> 122011P&S TRIAL GROUP ) <br> ) <br> **Limited to:** ) <br> BONNIE VON DELL and ) <br> JOHN VON DELL ) | C.A. NO. N10C-09-124 ASB |

### NOTICE OF MOTION

TO:    All Counsel of Record

**PLEASE TAKE NOTICE** that the following Motion for a New Trial Setting and Extension of Discovery Deadlines will be presented to the Honorable Special Master Boyer on September 15, 2011 at 2:30p.m. or as soon thereafter as counsel may be heard.

**PERRY & SENSOR**

By:   /s/ Michael L. Sensor
Michael L. Sensor, Esquire
Delaware Bar ID No.  3541
One Customs House, Suite 560
P.O. Box 1568
Wilmington, DE 19899-1568
Telephone: (302) 655-4482
Attorney for Plaintiff

Dated: September 1, 2011

**OF COUNSEL:**
**SIMON EDDINS & GREENSTONE, LLP**
A PROFESSIONAL CORPORATION
Rachel C. Perkins, Esquire
3232 McKinney Avenue
Suite 610
Dallas, TX 75204
Telephone: (214) 276-7680
Facsimile (214) 276-7699