# U.S. District Court
## District of Hawaii (Hawaii)
## CIVIL DOCKET FOR CASE #: 1:11–cv–00638–LEK –RLP

Thompson et al v. Crane Company et al
Assigned to: JUDGE LESLIE E. KOBAYASHI
Referred to: JUDGE RICHARD L. PUGLISI
Case in other court:  Circuit Court, First Circuit, State of Hawaii,
      CV 11–00001–35–00009 RAN
Cause: 28:1441 Petition for Removal– Asbestos Litigation

Date Filed: 10/21/2011
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**In Re**

**In re: Hawaii State Asbestos Cases**

**Plaintiff**

**David M. Thompson, Jr.**

represented by **Gary O. Galiher**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814–3308
597–1400
Fax: 591–2608
Email: gog@gogaliher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Richard DeRobertis**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814–3308
597–1400
Fax: 591–2608
Email: richard.derobertis@galiherlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Diane T. Ono**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814–3308
597–1400
Fax: 275–5518
Email: diane.ono@galiherlaw.com
*ATTORNEY TO BE NOTICED*

**Ilana Kananipiliokala Waxman**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814–3308
597–1400
Email: ilana.waxman@galiherlaw.com
*ATTORNEY TO BE NOTICED*

**Scott K. Saiki**
Galiher DeRobertis Ono
610 Ward Ave Ste 200
Honolulu, HI 96814–3308
597–1400
Fax: 275–5518
Email: scott.saiki@galiherlaw.com
*ATTORNEY TO BE NOTICED*

**Todd W. Eddins**
Galiher DeRobertis Ono

610 Ward Ave Ste 200
Honolulu, HI 96814–3308
597–1400
Fax: 591–2608
Email: todd.eddins@galiherlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Crane Company**
*a Delaware corporation*

represented by **Lee T. Nakamura**
Tom Petrus &Miller LLLC
Finance Factors Center
1164 Bishop St Ste 650
Honolulu, HI 96813
792–5800
Email: lnakamura@tpm–hawaii.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Aurora Pump Company**
*a foreign corporation*

**Defendant**

**Bayer Cropscience, Inc.**
*successor–in–interest to Rhone–Poulenc
AG Company, a foreign company*
*formerly known as*
Amchem Products, Inc.
*formerly known as*
Benjamin Foster Products Company
*successor*
Rhone–Poulenc AG Company

**Defendant**

**Union Carbide Corporation**
*a New York corporation*

**Defendant**

**Air &Liquid Systems Corporation**
*Successor–by–merger to Buffalo Pumps,
Inc., a New York corporation*
*successor*
Buffalo Pumps, Inc.,

represented by **Steven K. Hisaka**
Hisaka Stone Goto Yoshida Cosgrove
&Ching
Mauka Tower
737 Bishop St Ste 3000
Honolulu, HI 96813
523–0451
Email: shisaka@objectionsustained.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Certainteed Corporation**
*a Delaware corporation*

**Defendant**

**Cleaver–Brooks, Inc.**
*a Delaware corporation*

**Defendant**

**Goulds Pumps, Inc.**
*a Delaware corporation*

<u>Defendant</u>

**IMO Industries, Inc.**                     represented by   **Ewing M. Martin , III**
*individually and as successor−in−interest*                    Kessner Duca Umebayashi Bain
*to Delaval Turbine, Inc., a Delaware*                         &Matsunaga
*corporation*                                                 Central Pacific Plaza
*formerly known as*                                           220 S King St 19th Floor
Imo Delaval, Inc.                                            Honolulu, Hi 96813
*formerly known as*                                          536−1900
Transamerica Delaval Inc.                                    Email: mmartin@kdubm.com
*formerly known as*                                          *LEAD ATTORNEY*
Delaval Steam Turbine company                                *ATTORNEY TO BE NOTICED*
*successor*
Delaval Turbine, Inc.

<u>Defendant</u>

**Ingersoll Rand Co.**                        represented by   **Corlis J. Chang**
*a New Jersey corporation*                                    Goodsill Anderson Quinn &Stifel LLLP
                                                             Alii Place
                                                             1099 Alakea St Ste 1800
                                                             Honolulu, HI 96813−2639
                                                             547−5600
                                                             Fax: 541−5880
                                                             Email: cchang@goodsill.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **John R. Lacy**
                                                             Goodsill Anderson Quinn &Stifel LLLP
                                                             Alii Place
                                                             1099 Alakea St Ste 1800
                                                             Honolulu, HI 96813−2639
                                                             547−5600
                                                             Email: jlacy@goodsill.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Marissa Lei Lin Owens**
                                                             Goodsill Anderson Quinn &Stifel LLLP
                                                             Alii Place
                                                             1099 Alakea St Ste 1800
                                                             Honolulu, HI 96813−2639
                                                             547−5600
                                                             Email: mowens@goodsill.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**John Crane, Inc.**
*a Delaware corporation*

<u>Defendant</u>

**The Lynch Co., Inc.**
*a Hawaii corporation*

<u>Defendant</u>

**Metropolitan Life Insurance Company**
*a New York corporation*

<u>Defendant</u>

| | | |
|---|---|---|
| **Warren Pumps, LLC**<br>*a Delaware corporation* | represented by | **Bradford Chun**<br>Kessner Umebayashi Bain &Matsunaga<br>Central Pacific Plaza<br>220 S King St 19th Floor<br>Honolulu, Hi 96813<br>536–1900<br>Email: bchun@kdubm.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Elton John Bain**<br>Kessner Duca Umebayashi Bain<br>&Matsunaga<br>Central Pacific Plaza<br>220 S King St 19th Floor<br>Honolulu, Hi 96813<br>536–1900<br>Fax: 529–7177<br>Email: jbain@kdubm.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Ewing M. Martin , III**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**The William Powell Company**
*an Ohio corporation*

**Defendant**

**Velan Valve Corp.**
*a New York corporation*

**Defendant**

**Copes–Vulcan**
*a subsidiary of SPX Corp., a Delaware Corporation*
*other*
SPX Corp.

**Defendant**

**Atwood &Morrill**
*a subsidiary of Weir Valves &Controls USA Inc., a Massachusetts Corporation*
*other*
Weir Valves &Controls USA Inc.

**Defendant**

**Does 1 to 25**

**Defendant**

| | | |
|---|---|---|
| **Crane Company** | represented by | **Joseph F. Kotowski , III**<br>Tom Petrus &Miller LLLC<br>Finance Factors Center<br>1164 Bishop St Ste 650<br>Honolulu, HI 96813<br>792–5817<br>Email: jkotowski@tpm–hawaii.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 10/21/2011 | 1 | Defendant Warren Pumps, LLC's NOTICE OF REMOVAL. Removal from Circuit Court of the First Circuit State of Hawaii, Civil case number 11–1–1972–09 (RAN). (Attachment(s): #1 Exhibit A, #2 Exhibit B, #3 Affidavit of Ret. Adm. Roger B. Horne, Jr. (copy), #4 Exhibit A to Horne Affidavit, #5 Exhibit B to Horne Declaration, #6 Exhibit C to Horne Affidavit, #7 Exhibit D to Horne Affidavit, #8 Exhibit E to Horne Affidavit, #9 Exhibit F to Horne Affidavit, #10 Exhibit G to Horne Affidavit, #11 Exhibit H to Horne Affidavit, #12 Exhibit I to Horne Affidavit, #13 Affidavit of Ret. Adm. David P. Sargent, Jr. (copy), #14 Exhibit A–1 to Sargent Affidavit, #15 Exhibit A–2 to Sargent Affidavit, #16 Exhibit B to Sargent Affidavit, #17 Exhibit C to Sargent Affidavit, #18 Exhibit D to Sargent Affidavit, #19 Exhibit E to Sargent Affidavit, #20 Exhibit F to Sargent Affidavit, #21 Exhibit G–1 to Sargent Affidavit, #22 Exhibit G–2 to Sargent Affidavit, #23 Exhibit H to Sargent Affidavit, #24 Exhibit I to Sargent Affidavit, #25 Exhibit J to Sargent Affidavit, #26 Exhibit K–1 to Sargent Affidavit, #27 Exhibit K–2 to Sargent Affidavit, #28 Exhibit K–3 to Sargent Affidavit, #29 Exhibit L to Sargent Affidavit, #30 Exhibit M to Sargent Affidavit, #31 Exhibit N to Sergent Affidavit, #32 Exhibit O to Sergent Affidavit, #33 Exhibit P to Sergent Affidavit, #34 Exhibit Q to Sergent Affidavit, #35 Exhibit R, #36 Exhibit S to Sergent Affidavit, #37 Exhibit T–1 to Sargent Affidavit, #38 Exhibit T–2 to Sargent Affidavit, #39 Affidavit of Samuel A. Forman, M.D. (copy), #40 Exhibit A to Forman Affidavit, #41 Exhibit B to Forman Affidavit, #42 Affidavit of Roland Doktor (copy), #43 Certificate of Service, #44 Civil Cover Sheet) (afc) (Entered: 10/21/2011) |
| 10/21/2011 | 4 | Order Setting Rule 16 Scheduling Conference ~ Rule 16 Scheduling Conference date TO BE SET before U.S. Magistrate Judge Richard L. Puglisi in Courtroom 6. Signed by CHIEF JUDGE SUSAN OKI MOLLWAY on 10/21/2011. (Attachments: #1 Corporate Disclosure Memo) (afc) (Entered: 10/24/2011) |
| 10/21/2011 | 5 | Filing fee: $ 350.00, receipt number HI001455 re 1 Notice of Removal. (afc) (Entered: 10/24/2011) |
| 10/24/2011 | 2 | Joinder *to Warren Pumps Notice of Removal* filed by IMO Industries, Inc.. (Attachments: #1 Declaration of E. Mason Martin III, #2 Exhibit A, #3 Exhibit B, #4 Exhibit C, #5 Certificate of Service)(Martin, Ewing) (Entered: 10/24/2011) |
| 10/24/2011 | 3 | NOTICE by Warren Pumps, LLC *of Tag–Along Action* Warren Pumps, LLC. (Martin, Ewing) (Entered: 10/24/2011) |
| 10/24/2011 | 6 | Joinder re 1 Notice of Removal,,,,,,, filed by Warren Pumps, LLC *AIR &LIQUID SYSTEMS CORPORATION, SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC.'S ("BUFFALO") JOINDER IN WARREN PUMPS, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1442(a)(1) AND 1446(a) AND NOTICE OF REMOVAL OF BUFFALO; EXHIBITS 1–8; CERTIFICATE OF SERVICE* filed by Air &Liquid Systems Corporation. (Attachments: #1 Exhibit EXHIBIT 1 to Joinder and Removal Notice– Summons &Complaint, #2 Exhibit EXHIBIT 2 to Joinder and Removal Notice – Horne Affidavit, #3 Exhibit Exhs A through C to Horne Affidavit, #4 Exhibit Exhs D and E to Horne Affidavit, #5 Exhibit Exh F to Horne Affidavit, #6 Exhibit Exh G to Horne Affidavit, #7 Exhibit Exhs G̶ H and I to Horne Affidavit, #8 Exhibit EXHIBIT 3 to Joinder and Removal Notice – Kraft Affidavit, #9 Exhibit Exhs A through C to Kraft Affidavit, #10 Exhibit EXHIBIT 4 to Joinder and Removal Notice – Ballenger Order, #11 Exhibit EXHIBIT 5 to Joinder and Removal Notice – Scanlon Order, #12 Exhibit EXHIBIT 6 to Joinder and Removal Notice – Wright Order, #13 Exhibit EXHIBIT 7 to Joinder and Removal Notice – Oberstar Order, #14 Exhibit EXHIBIT 8 to Joinder and Removal Notice – Jenkins Order)(Hisaka, Steven) Modified on 10/25/2011 – striking and labeling of exhibit (bbb, ). (Entered: 10/24/2011) |
| 10/24/2011 | 7 | NOTICE by Air &Liquid Systems Corporation re 1 Notice of Removal,,,,,,, *NOTICE OF JOINDER IN NOTICE OF REMOVAL AND NOTICE OF REMOVAL TO ADVERSE PARTY; CERTIFICATE OF SERVICE* Air &Liquid Systems Corporation. (Hisaka, Steven) (Entered: 10/24/2011) |
| 10/24/2011 | 8 | NOTICE by Air &Liquid Systems Corporation *NOTICE OF TAG–ALONG ACTION; EXHIBIT A; CERTIFICATE OF SERVICE* Air &Liquid Systems Corporation. (Attachments: #1 Exhibit EXHIBIT A – Circuit Court Summons |

| 10/24/2011 | | &Complaint)(Hisaka, Steven) (Entered: 10/24/2011) |
|---|---|---|
| 10/24/2011 | 9 | Corporate Disclosure Statement by Air &Liquid Systems Corporation identifying Corporate Parent Ampco–Pittsburgh Corporation for Air &Liquid Systems Corporation.. (Hisaka, Steven) (Entered: 10/24/2011) |
| 10/25/2011 | 10 | EO: Rule 16 Scheduling Conference is set for 09:00AM on 12/15/2011 before JUDGE RICHARD L. PUGLISI. (JUDGE RICHARD L. PUGLISI)(mrf) |
| | | CERTIFICATE OF SERVICE |
| | | Participants registered to receive electronic notifications received this document electronically at the e–mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry (Entered: 10/25/2011) |
| 10/25/2011 | 11 | Joinder *in Defendant Warren Pump, LLC's Notice of Removal* filed by Crane Company. (Attachments: # 1 Exhibit 1, # 2 Certificate of Service)(Kotowski, Joseph) (Entered: 10/25/2011) |
| 10/27/2011 | 12 | NOTICE of Appearance by Marissa Lei Lin Owens on behalf of Ingersoll Rand Co. on behalf of Ingersoll Rand Co.. (Owens, Marissa) (Entered: 10/27/2011) |
| 10/27/2011 | 13 | NOTICE of Appearance by Corlis J. Chang on behalf of Ingersoll Rand Co. on behalf of Ingersoll Rand Co.. (Chang, Corlis) (Entered: 10/27/2011) |
| 10/27/2011 | 14 | NOTICE of Appearance by John R. Lacy on behalf of Ingersoll Rand Co. on behalf of Ingersoll Rand Co.. (Lacy, John) (Entered: 10/27/2011) |
| 10/27/2011 | 15 | Corporate Disclosure Statement by Ingersoll Rand Co.. (Lacy, John) (Entered: 10/27/2011) |
| 10/28/2011 | 16 | NOTICE of Appearance by Lee T. Nakamura on behalf of Crane Company(a Delaware corporation) on behalf of Crane Company(a Delaware corporation). (Attachments: # 1 Certificate of Service)(Nakamura, Lee) (Entered: 10/28/2011) |

Of Counsel:
GALIHER DeROBERTIS ONO

| | |
|---|---|
| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| DIANE T. ONO | 5590 |
| ILANA K. WAXMAN | 8733 |
| SCOTT K. SAIKI | 5595 |
| TODD W. EDDINS | 5544 |
| MICHAEL A. RAGSDALE | 8382 |

610 Ward Avenue
Honolulu, Hawai`i 96814-3308
Telephone: (808) 597-1400
Facsimile: (808) 591-2608

Attorneys for Plaintiff

FIRST CIRCUIT COURT,
STATE OF HAWAII
FILED

2011 SEP -6  PM 12: 14

F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

IN RE:
HAWAI`I STATE ASBESTOS CASES

This Document Applies To:

DAVID M. THOMPSON, JR.,

                     Plaintiff,

         vs.

1) CRANE COMPANY, a Delaware
corporation;

2) AURORA PUMP COMPANY, a foreign
corporation;

3) BAYER CROPSCIENCE, INC.,
successor-in-interest to RHONE-POULENC
AG COMPANY, f/k/a AMCHEM
PRODUCTS, INC., f/k/a BENJAMIN
FOSTER PRODUCTS COMPANY, a
foreign corporation;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 11-1-1972-09 ____ (RAN)
(Toxic Tort/Asbestos Personal Injury)

**COMPLAINT; SUMMONS;
EXHIBIT A**

(Not Assigned Trial Date)
Complex Litigation
Judge: Hon. Rhonda A. Nishimura

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk Circuit Court, First Circuit

4) UNION CARBIDE CORPORATION, a
New York corporation;

5) AIR & LIQUID SYSTEMS
CORPORATION, Successor-by-merger to
BUFFALO PUMPS, INC., a New York
corporation;

6) CERTAINTEED CORPORATION, a
Delaware corporation;

7) CLEAVER-BROOKS, INC., a Delaware
corporation;

8) GOULDS PUMPS, INC., a Delaware
corporation;

9) IMO INDUSTRIES, INC., individually
and as successor-in-interest to DELAVAL
TURBINE, INC., and f/k/a IMO
DELAVAL, INC., TRANSAMERICA
DELAVAL INC., and DELAVAL STEAM
TURBINE COMPANY, a Delaware
corporation;

10) INGERSOLL RAND CO., a New
Jersey corporation;

11) JOHN CRANE, INC., a Delaware
corporation;

12) THE LYNCH CO., INC., a Hawai`i
corporation;

13) METROPOLITAN LIFE INSURANCE
COMPANY, a New York corporation;

14) WARREN PUMPS, LLC, a Delaware
corporation;

15) THE WILLIAM POWELL
COMPANY, an Ohio corporation;

16) VELAN VALVE CORP., a New York
corporation;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2

17) COPES-VULCAN, a subsidiary of SPX )
CORP., a Delaware Corporation; )
)
18) ATWOOD & MORRILL, a subsidiary )
of WEIR VALVES & CONTROLS USA )
INC., a Massachusetts Corporation and )
)
19) DOES 1 to 25, )
)
     Defendants. )
)

D:\05997A01\pleading\Complaint.doc

## COMPLAINT

FIRST CAUSE OF ACTION:

  1.  Plaintiff DAVID M. THOMPSON, JR. worked in and around shipyards including Pearl Harbor Naval Shipyard as a machinist and is hereinafter referred to as "Plaintiff".

  2.  Plaintiff is a resident of the City and County of Honolulu, State of Hawai`i; Defendant 1) CRANE COMPANY, a Delaware corporation, (hereinafter also "CRANE CO."); Defendant 2) AURORA PUMP COMPANY, a foreign corporation, (hereinafter also "AURORA"); Defendant 3) BAYER CROPSCIENCE, INC., successor-in-interest to RHONE-POULENC AG COMPANY, f/k/a AMCHEM PRODUCTS, INC., f/k/a BENJAMIN FOSTER PRODUCTS COMPANY, a foreign corporation, (hereinafter also "BAYER"); Defendant 4) UNION CARBIDE CORPORATION, a New York corporation, (hereinafter also "UNION CARBIDE"); Defendant 5) AIR & LIQUID SYSTEMS CORPORATION, Successor-by-merger to BUFFALO PUMPS, INC., a New York corporation, (hereinafter also "BUFFALO"); Defendant 6) CERTAINTEED CORPORATION, a Delaware corporation, (hereinafter also "CERTAINTEED"); Defendant 7) CLEAVER-BROOKS, INC., a Delaware corporation,

3

(hereinafter also "CLEAVER-BROOKS"); Defendant 8) GOULDS PUMPS, INC., a Delaware corporation, (hereinafter also "GOULDS"); Defendant 9) IMO INDUSTRIES, INC., individually and as successor-in-interest to DELAVAL TURBINE, INC., and f/k/a IMO DELAVAL, INC., TRANSAMERICA DELAVAL INC., and DELAVAL STEAM TURBINE COMPANY, a Delaware corporation, (hereinafter also "IMO"); Defendant 10) INGERSOLL RAND CO., a New Jersey corporation, (hereinafter also "INGERSOLL RAND"); Defendant 11) JOHN CRANE, INC., a Delaware corporation, (hereinafter also "JOHN CRANE"); Defendant 12) THE LYNCH CO., INC., a Hawai`i corporation, (hereinafter also "LYNCH CO."); Defendant 13) METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, (hereinafter also "MET LIFE"); Defendant 14) WARREN PUMPS, INC., a Delaware corporation, (hereinafter also "WARREN"); Defendant 15) THE WILLIAM POWELL COMPANY, an Ohio corporation, (hereinafter also "POWELL"); Defendant 16) VELAN VALVE CORP., a New York corporation (hereinafter "VELAN"); Defendant 17) COPES-VULCAN, a subsidiary of SPX CORP., a Delaware Corporation (hereinafter "COPES"); Defendant 18) ATWOOD & MORRILL, a subsidiary of WEIR VALVES & CONTROLS USA INC., a Massachusetts Corporation (hereinafter "ATWOOD") and Defendant 19) DOES 1 to 25, were doing business in the State of Hawai`i at all times mentioned herein.

     3.     The true names and capacities, whether individual, corporate, partnership, or otherwise, of Defendants DOE 1 to 25, inclusive, and each of them, are unknown to Plaintiff, who, therefore, sues these Defendants by such fictitious names and will ask leave of court to amend this Complaint when the same shall have been ascertained; Plaintiff is informed and believes and upon such information and belief state the fact to be that each Defendant designated herein as a "DOE" was responsible, negligently, or in some manner, for the events and

happenings referred to herein and that DOES 1 to 25 negligently manufactured, sold and/or supplied asbestos products and/or certain equipment (including but not limited to pumps, boilers, turbines, compressors, condensers, valves, distillers and electrical equipment) containing asbestos products to the United States Navy and other shipyards and ships for use in the general overhaul, building, refitting and maintenance of ships which Plaintiff worked on, which included the use of asbestos materials.

4.    Plaintiff is informed and believes, and upon such information and belief, allege that at all times and places mentioned herein, each of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, POWELL, WARREN, VELAN, COPES and ATWOOD) was the agent or co-conspirator of each of the remaining Defendants, and was at all times and places mentioned herein acting within the purpose and scope of said agency or conspiracy.

5.    Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, WARREN, VELAN, COPES and ATWOOD) above named, manufactured, sold and/or supplied certain generically similar asbestos products which were ultimately used by insulators and others, and/or to which they came in contact, while working in their trades and occupations in the State of Hawai`i and other locations. Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, WARREN, VELAN, COPES and ATWOOD) above named also manufactured, sold and/or supplied certain generically similar asbestos products to Pearl Harbor Naval Shipyard and other shipyards and ships for use in the general overhaul, building, refitting and maintenance of ships.    Defendants AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE,

5

POWELL, WARREN, VELAN, COPES and ATWOOD, sold and supplied certain equipment to the United States Navy and Pearl Harbor Naval Shipyard and other shipyards, which contained asbestos gaskets and/or packing, required asbestos insulation, or required other asbestos containing parts to function properly; and also sold replacement component parts for their equipment, including asbestos gaskets and packing which were identical to their commercial counterparts.   This equipment includes but is not limited to the following:   AURORA (circulating pumps, distiller feed pumps, main condensate pumps, boiler feed pumps, freshwater pumps, fire pumps, with auxiliary turbines); BUFFALO (brine overboard pumps, fire and flushing pumps, main and auxiliary condensate pumps, main feed pumps, freshwater drain pumps, evaporator feed pumps, distiller pumps, main feed booster pumps, with auxiliary turbines, CLEAVER-BROOKS (auxiliary boilers, distilling plants, distillers, evaporators), and through its predecessor Davis Engineering (fuel oil heaters, heat exchangers, feed water heaters); CRANE CO. (steam valves, gate valves, globe valves, check valves) and through its predecessors Cochrane (deaerating tanks) and Chapman (valves); GOULDS (trim pumps, circulating pumps, lube oil and salt water pumps); IMO (fuel oil service pumps, main lube oil service pumps, main feed pumps, fuel oil booster pumps, auxiliary turbines; WARREN (main and emergency feed pumps, fire and bilge pumps, fire and flushing pumps, main condensate pumps, high pressure and low pressure brine pumps, main condenser circulating pumps); VELAN (steam traps, steam valves, gate valves, globe valves, check valves); COPES (soot blowers); ATWOOD (regulators, steam valves, gate valves, globe valves, check valves); all which contained asbestos insulation, asbestos gaskets and/or asbestos packing, and all which used asbestos-containing parts to function properly.   These defendants also sold asbestos-containing replacement parts such as gaskets and packing to the Navy.

6

6. Plaintiff was engaged in his employment as a machinist at Pearl Harbor Naval Shipyard during the approximate years 1951 to 1964; at Dillingham Shipyard during the approximate years 1958 and 1968 to 1985; and at Kapalama Shipyard during the approximate years 1964 to 1967, where asbestos products were being used, and worked in and on ships where the said asbestos products were being used and was repeatedly exposed to great quantities of asbestos, asbestos dust and asbestos fibers and on these and other occasions, DAVID M. THOMPSON, JR., inhaled asbestos dust and fibers from said asbestos products and said exposures and inhalation directly and proximately caused Plaintiff to develop asbestos pleural disease and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system and other parts of his body, and which were not discovered and/or were disguised until about October 2010.

7. The said injuries to Plaintiff were caused by the negligence of Defendants, and each of them.

8. At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, WARREN, VELAN, COPES and ATWOOD), and each of them, negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, recommended and delivered the hereinabove described certain asbestos products in such manner so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are customarily treated, used and employed; and, that said Defendants, and each of them, negligently failed to discover said defects and/or failed to warn and/or adequately test and give adequate

warning of known or knowable dangers of asbestos products to users of said products of said defects and dangers and/or failed to find or use a safe substitute insulating material.

9.     At all times and places mentioned herein, Defendants, and each of them, carelessly and negligently permitted dangerous and defective asbestos products to exist at the hereinabove described locations; and furthermore, Defendants, and each of them, negligently failed to provide Plaintiff a safe place of employment by reason of their acts, omissions and conduct. The only claims against AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, POWELL, WARREN, VELAN, COPES and ATWOOD are for negligent failure to warn of the dangers of asbestos.

10.     As a result of the above, Plaintiff DAVID M. THOMPSON, JR. has suffered asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system, and other bodily injuries, including shock, great pain of mind and body, fear of cancer and fear of death, and has been permanently injured.

11.     As a further result of the above, Plaintiff has incurred medical bills and miscellaneous expenses, and asks leave to amend this Complaint to show the total thereof at the trial.

12.     As a further result of the above, Plaintiff sustained wage losses, to be shown at the time of trial.

SECOND CAUSE OF ACTION:

13.     Plaintiff realleges and incorporates herein by reference, paragraphs 1 through 12 of the First Cause of Action.

14.     At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE,

8

POWELL, WARREN, VELAN, COPES and ATWOOD), and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining for sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos products.

15.     Hereinabove described asbestos products were in substantially the same condition as at the time of design, manufacture, assembly, testing, inspection, marketing, distribution and sale.

16.     At all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were unreasonably dangerous and in a defective condition as to design and marketing, and Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, WARREN, VELAN, COPES and ATWOOD), failed to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos products, all of which directly and proximately resulted in the injuries and damages sustained by Plaintiff. The only claims against AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, POWELL, WARREN, VELAN, COPES and ATWOOD are for strict liability failure to warn of the dangers of asbestos in association with their products.

17.     By reason of the premises, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, WARREN, VELAN, COPES and ATWOOD), and each of them, are strictly liable to Plaintiff.

THIRD CAUSE OF ACTION:

18.     Paragraphs 1 through 17 are realleged and incorporated herein by reference.

9

19.     At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, WARREN, VELAN, COPES and ATWOOD), and each of them, at the time of design, manufacture, and sale of said asbestos products expressly and impliedly warranted that said asbestos products as hereinabove described were of merchantable quality, properly designed, manufactured and reasonably fit and suitable for ordinary use in the ship construction, ship overhaul and ship refitting industries.

20.     At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, WARREN, VELAN, COPES and ATWOOD), and each of them, breached said warranty, in that, among other things, said asbestos products were not of merchantable quality nor properly designed nor manufactured nor fit for ordinary use in the industry; that said asbestos products were designed, manufactured, fabricated, assembled, supplied, marketed, sold and distributed in such a dangerous and defective condition that said asbestos products were reasonably likely to, and did, cause injury by reason of Defendants' design and manufacture and failure to warn; and further said asbestos products could not safely be used by a person exercising ordinary and reasonable care.

21.     As a direct and proximate result of these breaches of expressed and implied warranties, Plaintiff suffered injury, disease, and damage as is herein set forth.

FOURTH CAUSE OF ACTION:

22.     Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23.     As a direct and proximate result of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE,

POWELL, WARREN, VELAN, COPES and ATWOOD) manufacturing asbestos insulation materials and placing them in the stream of interstate commerce, Plaintiff has been injured as described herein.

24. Plaintiff, through no fault of his own, may not be able to identify any or all asbestos products which caused the injuries stated herein.

25. Each Defendant manufacturer (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, POWELL, WARREN, VELAN, COPES and ATWOOD) is liable for Plaintiff's injuries in proportion to that Defendant manufacturer's share of the asbestos materials market.

FIFTH CAUSE OF ACTION:

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. As a direct and proximate result of the Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, WARREN, VELAN, COPES and ATWOOD) manufacturing asbestos materials and placing them in the stream of interstate commerce, and their subsequent use in the insulation and other trades, private industries and in shipyards and on ships, and so that the aforesaid described materials came into use by Plaintiff, and/or to which he came in contact, Plaintiff has been injured as described herein.

28. There is a high probability that the injuries stated herein were caused by the tortious behavior of some one of the Defendants.

29. Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, WARREN, VELAN, COPES and

ATWOOD) concertedly adhered to a dangerous, industry-wide safety standard in their manufacture of the asbestos products.

30.     Each Defendant manufacturer is liable to Plaintiff for all injuries stated herein by virtue of industry-wide or enterprise liability.

SIXTH CAUSE OF ACTION:

31.     Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32.     At all times and places mentioned herein, Defendants (except AURORA, BUFFALO, CLEAVER-BROOKS, CRANE CO., GOULDS, IMO, INGERSOLL, MET LIFE, POWELL, WARREN, VELAN, COPES and ATWOOD), and each of them, so designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and/or delivered the hereinabove described certain asbestos products so as to know said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are normally used and intentionally caused the injuries hereinabove described to Plaintiff in his capacities as a machinist and shipyard worker.

SEVENTH CAUSE OF ACTION:

33.     Paragraph 1 through 32 are realleged and incorporated herein by reference.

34.     Beginning in the late 1920's, conspirators Defendants Met Life, Johns-Manville, Raybestos-Manhattan and others undertook a duty to conduct research on asbestos-related health problems and to inform the consuming public about any health risks that could be associated therewith. In approximately 1929, Met Life, through its agents and employees acting within the scope of their agency and employment, including but not limited to Dr. Anthony J. Lanza, (hereinafter also referred to as "Lanza"), began an investigation of asbestos-related health

hazards. In 1935, this study was altered by Lanza, with the full knowledge of Met Life, at the request of and in concert with the asbestos industry in order to wrongly influence the United States Public Health Service, the United States medical community and various state legislatures.

35.    Thereafter, Defendant Met Life through the acts and omissions of its employees, most notably Dr. Lanza, undertook a series of activities with various members of the asbestos industry including but not limited to Johns-Manville, Raybestos-Manhattan, United States Gypsum, American Brake Blok, and others to suppress and misrepresent the dangers of exposure to asbestos dust to employees of Met Life's insureds and the general public and the medical community.

36.    The conspirators through their agent, Dr. Lanza of Met Life, made a concerted effort to discredit and to terminate the studies and experiments of certain scientists who were developing data of profound importance for the area of public health in relation to the cancer hazard which existed for workers and bystanders in the asbestos industry.

37.    As a direct and proximate result of Met Life's intentional publication of deceptive and misleading medical data and information, and other conspiratorial acts and omissions, Defendants caused asbestos to be used in the occupational settings from which DAVID M. THOMPSON, JR. breathed asbestos dust which resulted in Plaintiff's injuries. Defendant Met Life, through its agents and employees and officers, aided and abetted and gave substantial assistance to Johns-Manville and Raybestos-Manhattan in their tortious selling of asbestos products and voluntarily undertook a duty to warn the United States Navy, the United States Public Health Service, the medical community, and others about the danger of asbestos and consciously and negligently misrepresented the dangers of asbestos to the United States

Navy, the United States Public Health Service, the medical community, and others, all to the ultimate harm of Plaintiff herein.

38.     Additionally and alternatively, as a direct and proximate result of Met Life's actions and omissions, Plaintiff was caused to remain ignorant of all the dangers of asbestos resulting in Plaintiff, his agents, employers and the general public to be unaware of the true and full dangers of asbestos, deprive Plaintiff of the opportunity to decide for himself whether he wanted to take the risk of being exposed to asbestos, denied DAVID M. THOMPSON, JR. the opportunity to take precautions against the dangers of asbestos and proximately caused Plaintiff's damages herein.

EIGHTH CAUSE OF ACTION:

39.     Paragraphs 1 through 38 are realleged and incorporated herein by reference.

40.     Plaintiff DAVID M. THOMPSON, JR. and others in his position worked in close proximity to the asbestos and asbestos-related insulation materials of Defendants, and the presence of Plaintiff DAVID M. THOMPSON, JR., as well as others in his position, was known, or, in the exercise of reasonable care, should have been anticipated by the Defendants, and each of them.

41.     The Defendants and each of them, have been possessed since 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos related insulation products, were hazardous to the health and safety of Plaintiff and others in his position, and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos

products of said Defendants.  As a result, the Plaintiff has been severely damaged as is set forth below.

42.     At all times and places mentioned herein, Defendants, and each of them, so negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and delivered the hereinabove described certain asbestos products so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such equipment is customarily treated, used, and employed in a manner as to amount to reckless and wanton disregard for the safety, health, welfare, and feelings of Plaintiff, and for that reason, Plaintiff claims punitive damages against each Defendant, in the amount shown at trial.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount of damages that is within the minimum jurisdictional limits of this Court, as follows:

1.     General damages as are proven at the time of trial;

2.     Special damages as are proven at the time of trial;

3.     Punitive damages as are proven at the time of trial;

4.     For costs incurred herein; and

5.     For such other and further relief as may be deemed just and equitable in the premises, including, but not limited to, prejudgment interest.

DATED:  Honolulu, Hawai`i, _____ SEP 0 6 2011 _____

GARY O. GALIHER
L. RICHARD DeROBERTIS
DIANE T. ONO
ILANA K. WAXMAN
SCOTT K. SAIKI
TODD W. EDDINS
MICHAEL A. RAGSDALE
Attorneys for Plaintiffs

15

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| IN RE:<br>HAWAI'I STATE ASBESTOS CASES | ) CIVIL NO. _____ (RAN)<br>) (Toxic Tort/Asbestos Personal Injury)<br>) |
| This Document Applies To: | )<br>) |
| DAVID M. THOMPSON, JR., | ) **SUMMONS**<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| 1) CRANE COMPANY, a Delaware<br>corporation; | )<br>) |
| 2) AURORA PUMP COMPANY, a foreign<br>corporation; | )<br>)<br>) |
| 3) BAYER CROPSCIENCE, INC.,<br>successor-in-interest to RHONE-POULENC<br>AG COMPANY, f/k/a AMCHEM<br>PRODUCTS, INC., f/k/a BENJAMIN<br>FOSTER PRODUCTS COMPANY, a<br>foreign corporation; | )<br>)<br>)<br>)<br>)<br>)<br>) |
| 4) UNION CARBIDE CORPORATION, a<br>New York corporation; | )<br>)<br>) |
| 5) AIR & LIQUID SYSTEMS<br>CORPORATION, Successor-by-merger to<br>BUFFALO PUMPS, INC., a New York<br>corporation; | )<br>)<br>)<br>)<br>) |
| 6) CERTAINTEED CORPORATION, a<br>Delaware corporation; | )<br>)<br>) |
| 7) CLEAVER-BROOKS, INC., a Delaware<br>corporation; | )<br>)<br>) (Not Assigned Trial Date) |
| 8) GOULDS PUMPS, INC., a Delaware<br>corporation; | ) Complex Litigation<br>) Judge: Hon. Rhonda A. Nishimura<br>)<br>) |

9) IMO INDUSTRIES, INC., individually        )
and as successor-in-interest to DELAVAL      )
TURBINE, INC., and f/k/a IMO                 )
DELAVAL, INC., TRANSAMERICA                  )
DELAVAL INC., and DELAVAL STEAM              )
TURBINE COMPANY, a Delaware                  )
corporation;                                 )
                                             )
10) INGERSOLL RAND CO., a New                )
Jersey corporation;                          )
                                             )
11) JOHN CRANE, INC., a Delaware             )
corporation;                                 )
                                             )
12) THE LYNCH CO., INC., a Hawai`i           )
corporation;                                 )
                                             )
13) METROPOLITAN LIFE INSURANCE              )
COMPANY, a New York corporation;             )
                                             )
14) WARREN PUMPS, LLC, a Delaware            )
corporation;                                 )
                                             )
15) THE WILLIAM POWELL                       )
COMPANY, an Ohio corporation;                )
                                             )
16) VELAN VALVE CORP., a New York            )
corporation;                                 )
                                             )
17) COPES-VULCAN, a subsidiary of SPX        )
CORP., a Delaware Corporation;               )
                                             )
18) ATWOOD & MORRILL, a subsidiary           )
of WEIR VALVES & CONTROLS USA                )
INC., a Massachusetts Corporation and        )
                                             )
19) DOES 1 to 25,                            )
                                             )
            Defendants.                      )

2

## S U M M O N S

STATE OF HAWAI'I

To the above-named Defendants:

You are hereby summoned and required to file with the court and serve upon GALIHER DeROBERTIS ONO, Plaintiffs' attorneys, whose address is 610 Ward Avenue, Honolulu, Hawai'i 96814-3308, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

SEP - 6 2011

DATED: Honolulu, Hawai'i, _____.

F. OTAKE          SEAL

_____
CLERK OF THE ABOVE-ENTITLED COURT

3

# EXHIBIT A

ASBESTOS PLAINTIFF'S SUMMARY SHEET

D:\05997A01\pleading\Summary Sheet.doc

**PRIMARY PLAINTIFF**: DAVID M. THOMPSON, JR.

Social Security No: 576-22-XXXX

Periods of Exposure: 1951 to 1985

Date of Birth: 08/08/1928

Date of Death: N/A

Cause of Death: N/A

Retirement

 Year:   1990

 Age:   62

Disability

 Year:   N/A

 Age:

 Cause:

**Smoking History:**

    1.   (a)  Type:   Cigarettes
          (b)  Yr Start:   1942       Yr Ended:   2008
                Pack/Day:   about 2 ½ packs per week
          (c)  Reason Stopped:   Quit for my grandson.
                Why Restart:     N/A.
          (d)  Dr Advised?:          Date:
                Name and Address:

**EMPLOYMENT:**

1.   (a)    Name:    Ford Island
                  Address:    Honolulu, HI
     (b)    Employed From:     approx. 1941     To:     approx. 1942
     (c)    Job Description:     Aircraft machine shop helper

2.   (a)    Name:    Honolulu Star Bulletin
                  Address:    Honolulu, HI
     (b)    Employed From:     1944     To:     1944
     (c)    Job Description: _____

3.   (a)    Name:    Hawaii Corporation
                  Address:    Honolulu, HI
     (b)    Employed:     1944; 1951
     (c)    Job Description: _____

4.   (a)    Name:    Merchant Marines
                  Address:
     (b)    Employed From:     1945     To:    1950
     (c)    Job Description:     wiper, fireman/oiler

5.   (a)    Name:    Meadow Gold Dairies
                  Address:    Honolulu, HI
     (b)    Employed From:     1946     To:     1946
     (c)    Job Description: _____

6.   (a)    Name:    Inter-Island Steam Navigation Co., Ltd.
                  Address:    Honolulu, HI
     (b)    Employed From:     1946     To:     1947
     (c)    Job Description: _____

7.   (a)    Name:    Young Brothers, Ltd.
                  Address:    Honolulu, HI
     (b)    Employed From:     1950     To:     1950
     (c)    Job Description: _____

8.   (a)    Name:    Maui Electric Co.
                  Address:    Kahului, HI

|       | (b) | Employed From: | 1950 | To: | 1950 |
|       | (c) | Job Description: | | | |

9. (a) Name:    Pacific Marine & Supply Co., Ltd.
   Address:    Honolulu, HI
   (b) Employed From:    1956    To:    1956
   (c) Job Description:    _____

10. (a) Name:    Dillingham/Kapalama Shipyard
    Address:
    (b) Employed From:    1958; 1968 – 1985
    (c) Job Description:    Machine shop, foreman, superintendant

11. (a) Name:    Pearl Harbor Naval Shipyard, Shop 38
    Address:    Pearl Harbor, HI
    (b) Employed From:    approx. 1951    To:    approx. 1964
    (c) Job Description:    outside machinist

12. (a) Name:    Kapalama Shipyard
    Address:    Honolulu, HI
    (b) Employed From:    1964    To:    1967
    (c) Job Description:    _____

13. (a) Name:    Gannett Pacific Corp.
    Address:    Honolulu, HI
    (b) Employed From:    1971    To:    1971
    (c) Job Description:    _____

14. (a) Name:    Honsi Inc.
    Address:    Honolulu, HI
    (b) Employed From: .    1985    To:    1985
    (c) Job Description:    _____

15. (a) Name:    Old Oahu Tug Service, Inc.
    Address:    Honolulu, HI
    (b) Employed From:    1986    To:    1990
    (c) Job Description:    _____

**ASBESTOS PRODUCTS**:

Type:  Mud/Cement

Trade Name(s):

Manufacturer:

Dates of Exposure:  1951 to 1985


Type:  Pipe covering/Lagging/Mastic

Trade Name(s):

Manufacturer:

Dates of Exposure:  1951 to 1985


Type:  Block/Refractory Products

Trade Name(s):

Manufacturer:

Dates of Exposure:  1951 to 1985


Type: Cloth

Trade Name(s):

Manufacturer:

Dates of Exposure:  1951 to 1985

Type: Gasket/Packing

Trade Name(s):

Manufacturer:

Dates of Exposure: 1951 to 1985


Type:  Rope

Trade Name(s):

Manufacturer:

Dates of Exposure:  1951 to 1985


Type:  Protective Coating/Fireproofing/Compounds

Trade Name(s):

Manufacturer:

Dates of Exposure:  1951 to 1985

**PRIOR CLAIMS FOR ASBESTOS RELATED INJURY**:

Worker's Comp.:  N/A.

Disability:  N/A.

Lawsuit:  N/A.

**MEDICAL HISTORY**:

Diagnosis:  Possible pulmonary asbestosis

Date:   10/29/2010

Symptoms:  URI 10/08/2010; chest x-ray showed abnormalities; chest CT scan
10/14/2010 showed COPD and calcific pleural plaquing bilaterally consistent
with asbestosis.  Referred to Dr. Roger Yim.

Treating Physician:  Ken C. Arakawa, M.D. (rheumatology / internal medicine)


Diagnosis:  Benign asbestos disease:  Bilateral calcified pleural plaques; left pleural-
based mass worrisome for a possible mesothelioma; COPD

Date:   December 14, 2010

Symptoms:  Referred by Dr. Ken Arakawa; PFTs at Queen's 12/23/2010; follow-up lung
mass with repeat CT scan

Treating Physician:  Roger Yim, M.D. (internal, pulmonary, critical care, and sleep
medicine)


Diagnosis:

Date:

Symptoms:  Cardiology care

Treating Physician:  Edward N. Shen, M.D. (cardiovascular diseases)

**SPOUSE AND DEPENDENTS:**

Name:  Beatrice Thompson (deceased)

Relation:  spouse

Date of Birth:

Date of Marriage:


**SPECIAL DAMAGES CLAIMED:**

Medical/Hospital:  To be provided.

Loss of Wages:  To be provided.

Burial:  N/A.

## DECLARATION UNDER PENALTY OF PERJURY

D:\05997A01\pleading\Summary Sheet.doc

I, DAVID M. THOMPSON, JR., hereby declare pursuant to Circuit Rule 7(g), Rules of the Circuit Court of the State of Hawai`i, that I have personal knowledge of the following facts and I am competent to testify as follows:

1. I declare that the foregoing Asbestos Plaintiff Summary Sheet is true and correct to the best of my knowledge.

2. I declare under penalty of perjury that the foregoing is true and correct.

Date: 8-23-2011

DAVID M. THOMPSON, JR.