# U. S. District Court
# Eastern District of Louisiana (New Orleans)
# CIVIL DOCKET FOR CASE #: 2:11-cv-02695-JCZ-ALC

Francis v. Union Carbide Corporation et al
Assigned to: Judge Jay C. Zainey
Referred to: Magistrate Judge Alma L. Chasez
Case in other court: Civil District Court for the Parish of Orleans, 11-02520
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 10/27/2011
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Defendant**

**Antony Gibbs & Co.**

**Defendant**

**CSR Ltd**

**Defendant**

**Federal Insurance Company**

**Defendant**

**Strachan Shipping Company**

**Defendant**

**Hong Kong and Shanghai Banking Corporation Limited**

**Plaintiff**

**Rendon Joseph Francis**     represented by **Frank J. Swarr**
Landry & Swarr, LLC
1010 Common St.
Suite 2050
New Orleans, LA 70112
504-299-1214
Email: fswarr@landryswarr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Ryan Cannella**
Landry & Swarr, LLC
1010 Common St.
Suite 2050
New Orleans, LA 70112
504-299-1214
Fax: 504-299-1215
Email: dcannella@landryswarr.com
*ATTORNEY TO BE NOTICED*

        **Mickey P. Landry**
Landry & Swarr, LLC
1010 Common St.
Suite 2050
New Orleans, LA 70112
504-299-1214
Email: mlandry@landryswarr.com
*ATTORNEY TO BE NOTICED*

**Philip C Hoffman**
Landry & Swarr, LLC
1010 Common St.
Suite 2050
New Orleans, LA 70112
(504) 299-1214
Fax: (504) 299-1215
Email: phoffman@landryswarr.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Union Carbide Corporation**     represented by **Michael H. Abraham**
Kuchler Polk Schell Weiner & Richeson, LLC
1615 Poydras St.
Suite 1300
New Orleans, LA 70112
504-592-0691
Fax: 504-524-1933
Email: mabraham@kuchlerpolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gulf Engineering Company, LLC**

**Defendant**

**Continental Insurance Company**     represented by **Gary M. Zwain**
Duplass, Zwain, Bourgeois, Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
504-832-3700
Email: gzwain@duplass.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

          **Nicole M. Boyer**
Duplass, Zwain, Bourgeois, Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
504-832-3700
Email: nboyer@duplass.com
*ATTORNEY TO BE NOTICED*

**Paul Jeffrey Verlander**
Duplass, Zwain, Bourgeois, Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
504-832-3700
Email: pverlander@duplass.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**3M Company**     represented by   **Andrew D. Weinstock**
Duplass, Zwain, Bourgeois, Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
504-832-3700
Email: andreww@duplass.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ben S. DiPalma**
Duplass, Zwain, Bourgeois, Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
504-832-3700
Email: bdipalma@duplass.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Balmac International, Inc**     represented by   **Bruce D. Burglass , Jr.**
*successor-in-interest of Balfour*         Burglass & Tankersley, L.L.C.
*Maclaine International Limited*         5213 Airline Dr.

*formerly known as*
Balfour Maclaine International Limited

Metairie, LA 70001
(504) 836-2220
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Kent Tankersley**
Burglass & Tankersley, L.L.C.
5213 Airline Dr.
Metairie, LA 70001
(504) 836-2220
Email: ctankersley@burglass.com
*ATTORNEY TO BE NOTICED*

**Sue Buser**
Burglass & Tankersley, L.L.C.
5213 Airline Dr.
Metairie, LA 70001
504-836-0420
Email: sbuser@burglass.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**One Beacon Insurance Company**
*formerly known as*
Commerical Union Assurance
Company Limited

represented by **Samuel Milton Rosamond , III**
Crawford Lewis, PLLC (New Orleans)
400 Poydras St.
Suite 2100
New Orleans, LA 70130
504-568-1933
Email: srosamond@crawford-lewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Devlin deMahy**
Crawford Lewis, PLLC (New Orleans)
400 Poydras St.
Suite 2100
New Orleans, LA 70130
504-568-1933
Email: ademahy@crawford-lewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Certain Underwriters at Lloyds, London**

**Defendant**

**Asbestos Corporation, Ltd.**

represented by **Thomas G. Milazzo**
Thomas G. Milazzo, Attorney at Law
101 Ashland Way

                Madisonville, LA 70447
                985-801-4040
                Email: tmilazzo@expertep.com
                *LEAD ATTORNEY*
                *ATTORNEY TO BE NOTICED*

                **Raymond Joseph Pajares**
                Pajares & Schexnaydre, LLC
                68031 Capital Trace Row
                Mandeville, LA 70471
                985-292-2000
                Email: rpajares@pajares-schexnaydre.com
                *ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Eagle Inc** | represented by | **Susan Beth Kohn**<br>Simon, Peragine, Smith & Redfearn, LLP<br>Energy Centre<br>1100 Poydras St.<br>30th Floor<br>New Orleans, LA 70163-3000<br>(504) 569-2030<br>Email: suek@spsr-law.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **McCarty Corporation** | represented by | **Susan Beth Kohn**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Reilly Benton Company, Inc.** | represented by | **Diane Michelle Sweezer**<br>Willingham, Fultz & Cougill, LLP<br>Niels Esperson Building<br>808 Travis St.<br>Suite 1608<br>Houston, TX 77002<br>713-333-7600<br>Email: dianes@willingham-law.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Taylor Seidenbach** | represented by | **Christopher Kelly Lightfoot**<br>Hailey, McNamara, Hall, Larmann & Papale (Metairie) |

                                                                               One Galleria Blvd.
Suite 1400
P. O. Box 8288
Metairie, LA 70011-8288
(504) 836-6500
Email: klightfoot@hmhlp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Uniroyal, Inc.      represented by **Ronald Dean Church , Jr.**
Forman, Perry, Watkins, Krutz &
Tardy, LLP (New Orleans)
1515 Poydras St.
Suite 1300
New Orleans, LA 70112
504-799-4383
Email: churchd@fpwk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Metropolitan Life Insurance Company      represented by **Patrick Dale Roquemore**
Kean Miller (Baton Rouge)
II City Plaza
400 Convention St.
Suite 700
Baton Rouge, LA 70802
225-389-3783
Email: patrick.roquemore@keanmiller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

One Beacon Insurance Company
*in its capacity as the insurer of Eagle, Inc.*      represented by **Samuel Milton Rosamond , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                                                              **Adam Devlin deMahy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

CSR, Ltd.
*formerly known as*
Colonial Sugar      represented by **Francis Philip Accardo**
Pugh, Accardo, Haas, Radecker, Carey
& Hymel (New Orleans)
1100 Poydras St.
Suite 3200

                                                New Orleans, LA 70163
                                                504-799-4500
                                                Email: fpa@pugh-law.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**HSBC Bank, PL**                        represented by  **Monique M. Lafontaine**
                                                        Locke Lord Bissell & Liddell, LLP
                                                          (New Orleans)
                                                          601 Poydras St.
                                                          Suite 2660
                                                          New Orleans, LA 70130
                                                          504-558-5133
                                                          Email: mlafontaine@lockelord.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**HSBC Holdings plc**                 represented by  **Monique M. Lafontaine**
                                                            (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/27/2011 | 1 | NOTICE OF REMOVAL from Civil District Court for the Parish of Orleans, case number 2011-2520 (Filing fee $ 350 receipt number 053L-3255630) filed by Continental Insurance Company. (Attachments: # 1 Exhibit, # 2 Exhibit) (Verlander, Paul) (Additional attachment(s) added on 10/28/2011: # 3 Ntc of parties, # 4 proof of service) (mm, ). (Attachment 1 replaced on 10/28/2011) (mm, ). (Entered: 10/27/2011) |
| 10/27/2011 | 2 | Initial Case Assignment to Judge Helen G. Berrigan and Magistrate Judge Alma L. Chasez. (cl, ) (Entered: 10/27/2011) |
| 10/27/2011 | 3 | Civil Cover Sheet Submitted (Attachments: # 1 Appendix)(Verlander, Paul) (Entered: 10/27/2011) |
| 10/27/2011 | 4 | **ERROR: DOCUMENT SHOULD NOT HAVE BEEN FILED SEPARATELY; DOCUMENT HAS BEEN ATTACHED TO RECORD DOC 1**Amendment/Supplement to Document by Continental Insurance Company re 1 Notice of Removal (Attachments: # 1 Notice of Removal, # 2 Notice of Removal)(Verlander, Paul) Modified on 10/28/2011 (mm, ). (Entered: 10/27/2011) |
| 10/28/2011 | 5 | DIRECTIVE by Clerk pursuant to 28: 1447 (b) re 1 Notice of Removal filed by Continental Insurance Company (mm, ) (Entered: 10/28/2011) |
| 10/28/2011 | 6 | Correction of Docket Entry by Clerk re 1 Notice of Removal. **Parties should not be added using "ALL CAPS". Clerk has made corrections. No further |

| | | |
|---|---|---|
| | | action necessary.** (mm, ) (Entered: 10/28/2011) |
| 10/28/2011 | 7 | Correction of Docket Entry by Clerk re 1 Notice of Removal. **Document 4 was incorrectly filed as a separate document instead of an attachment to document 1 . Clerk took corrective action. No further action is needed.** (mm, ) (Entered: 10/28/2011) |
| 10/28/2011 | 8 | NOTICE of Appearance by Samuel Milton Rosamond, III on behalf of One Beacon Insurance Company. (Rosamond, Samuel) (Entered: 10/28/2011) |
| 10/28/2011 | 9 | Statement of Corporate Disclosure by One Beacon Insurance Company identifying Corporate Parents, OneBeacon America Insurance Company, OneBeacon Insurance Group, White Mountains Insurance Group Ltd for One Beacon Insurance Company (Rosamond, Samuel) Modified on 10/31/2011 to add additional corporate parents (mm, ). (Entered: 10/28/2011) |
| 10/28/2011 | 10 | ANSWER to Complaint *Second and Third Supp Petition* by One Beacon Insurance Company.(Rosamond, Samuel) (Entered: 10/28/2011) |
| 10/28/2011 | 11 | Correction of Docket Entry by Clerk re 1 Notice of Removal. **Attachment 1 on incorrect sized paper. Local Rule 10.1E states 'All papers drafted for filing in this court shall be on 8-1/2 by 11 inch paper. No further action needed.** (mm, ) (Entered: 10/28/2011) |
| 10/31/2011 | 12 | Correction of Docket Entry by Clerk re 9 Statement of Corporate Disclosure. **Filing attorney did not enter OneBeacon America Insurance Company, OneBeacon Insurance Group, as corporate parent(s) at the prompt 'Search for a corporate parent or other affiliate'. Clerk took corrective action.** (mm, ) (Entered: 10/31/2011) |
| 10/31/2011 | 13 | ORDER REALLOTTING CASE. Case reallotted to Judge Jay C. Zainey for all further proceedings. Judge Helen G. Berrigan no longer assigned to case. Signed by Judge Helen G. Berrigan on 10/28/11.(plh, )(NEF: KCounty, ALC) (Entered: 10/31/2011) |
| 11/02/2011 | 14 | NOTICE of Appearance by Andrew D. Weinstock on behalf of 3M Company. (Weinstock, Andrew) (Entered: 11/02/2011) |
| 11/02/2011 | 15 | Statement of Corporate Disclosure by 3M Company (Weinstock, Andrew) (Entered: 11/02/2011) |
| 11/02/2011 | 16 | First MOTION to Dismiss for Lack of Jurisdiction by Balmac International, Inc. Motion set for 11/23/2011 09:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Ex A-Affidavit, # 3 Exhibit Ex B - Balmac Formation, # 4 Notice of Submission)(Buser, Sue) Modified hrg judge on 11/3/2011 (gbw, ). (Entered: 11/02/2011) |
| 11/03/2011 | 17 | Correction of Docket Entry by Clerk re 16 First MOTION to Dismiss for Lack of Jurisdiction. Filing attorney selected incorrect judicial officer for submission/hearing. When setting a motion for submission/hearing there is a reminder message 'Be sure to select the correct Judge or Magistrate Judge:'. Motion is to be heard before Judge Jay C. Zainey. Clerk took corrective action. (gbw, ) (Entered: 11/03/2011) |

| 11/03/2011 | 18 | Correction of Docket Entry by Clerk re 16 First MOTION to Dismiss for Lack of Jurisdiction. Document contains incorrect Section and/or Magistrate Judge. All future pleadings must reflect Section A (Jay C. Zainey) and Magistrate Judge 5 (Alma L. Chasez) (gbw, ) (Entered: 11/03/2011) |
|---|---|---|
| 11/03/2011 | 19 | Notice of Compliance by Continental Insurance Company. (Attachments: # 1 State Court Pleadings, # 2 State Court Pleadings, # 3 State Court Pleadings, # 4 State Court Pleadings, # 5 State Court Pleadings, # 6 State Court Pleadings, # 7 State Court Pleadings, # 8 State Court Pleadings, # 9 State Court Pleadings, # 10 State Court Pleadings, # 11 State Court Pleadings, # 12 State Court Pleadings, # 13 State Court Pleadings, # 14 State Court Pleadings, # 15 State Court Pleadings, # 16 State Court Pleadings, # 17 State Court Pleadings, # 18 State Court Pleadings, # 19 State Court Pleadings, # 20 State Court Pleadings, # 21 State Court Pleadings, # 22 State Court Pleadings, # 23 State Court Pleadings, # 24 State Court Pleadings, # 25 State Court Pleadings, # 26 State Court Pleadings, # 27 State Court Pleadings, # 28 State Court Pleadings, # 29 State Court Pleadings, # 30 State Court Pleadings, # 31 State Court Pleadings, # 32 State Court Pleadings, # 33 State Court Pleadings)(Verlander, Paul) (Entered: 11/03/2011) |
| 11/03/2011 | 20 | Statement of Corporate Disclosure by Continental Insurance Company naming Fidelity & Casualty Company of New York, Continental Insurance Company, Continental Casualty Company, Continental Corporation, CNA Financial, Loews Corporation as corporate parents/affiliates. (Verlander, Paul) Modified on 11/4/2011 (gbw, ). (Entered: 11/03/2011) |
| 11/03/2011 | 21 | DEFICIENT** MOTION to Remand by Rendon Joseph Francis. Motion set for 11/23/2011 09:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Notice of Submission, # 2 Memorandum in Support, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18)(Swarr, Frank) Modified on 11/3/2011 (gbw, ). (Entered: 11/03/2011) |
| 11/03/2011 | 22 | DEFICIENT** EXPARTE/CONSENT MOTION to Expedite *Hearing of Motion to Remand* by Rendon Joseph Francis. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order)(Swarr, Frank) Modified on 11/3/2011 (gbw, ). (Entered: 11/03/2011) |
| 11/03/2011 | 23 | EXPARTE/CONSENT MOTION to Enroll as Additional Counsel of Record by Balmac International, Inc. (Attachments: # 1 Proposed Order)(Tankersley, Christopher) Modified on 11/3/2011 (gbw, ). (Entered: 11/03/2011) |
| 11/03/2011 | 24 | RESPONSE/MEMORANDUM in Opposition filed by Continental Insurance Company re 22 MOTION to Expedite *Hearing of Motion to Remand.* (Verlander, Paul) (Entered: 11/03/2011) |
| 11/04/2011 | 25 | Amended MOTION to Remand to State Court by Rendon Joseph Francis. Motion set for 11/23/2011 09:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Notice of Submission, # 2 Proposed Order, # 3 Memorandum in Support, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 |

|  |  |  |
|---|---|---|
|  |  | Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18)(Swarr, Frank) (Entered: 11/04/2011) |
| 11/04/2011 | 26 | EXPARTE/CONSENT Amended MOTION to Expedite *Hearing of Motion to Remand* by Rendon Joseph Francis. (Attachments: # 1 Proposed Order, # 2 Memorandum in Support)(Swarr, Frank) (Entered: 11/04/2011) |
| 11/04/2011 | 27 | NOTICE of Appearance by Michael H. Abraham on behalf of Union Carbide Corporation. (Abraham, Michael) (Entered: 11/04/2011) |
| 11/04/2011 | 28 | REPLY to Response to Motion filed by Rendon Joseph Francis re 26 Amended MOTION to Expedite *Hearing of Motion to Remand*. (Attachments: # 1 Exhibit 1)(Swarr, Frank) (Entered: 11/04/2011) |

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 11/04/2011 12:33:35 ||||
| PACER Login: | dz0019 | Client Code: | cna.11104/pjv |
| Description: | Docket Report | Search Criteria: | 2:11-cv-02695-JCZ-ALC |
| Billable Pages: | 7 | Cost: | 0.56 |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RENDON JOSEPH FRANCIS** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **UNION CARBIDE CORPORATION, ET AL.** | **MAGISTRATE** |

## NOTICE OF REMOVAL

To: The Honorable Judges
 of the United States District Court
 for the Eastern District of Louisiana

Defendant, Continental Insurance Company, successor by merger to Fidelity & Casualty Company of New York ("Continental"), as an alleged insurer of Pendleton Shipyards Company, Inc. ("Pendleton"), notices the removal of the above entitled action, bearing number 2011-02520 (hereinafter, the "State Case"), on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and under 28 U.S.C. § 1442 as the claims involve actions taken pursuant to the direction of an officer of the United States. The grounds for removal are as follows:

00261896-1

1.

Plaintiffs sued Continental, the successor entity to Fidelity & Casualty Company of New York, by Third Supplemental and Amending Petition, pursuant to the Louisiana Direct Action Statute, La. R.S. 22:1269, as the alleged liability insurer of Pendleton. Continental is a Pennsylvania Corporation whose principal place of business is in Illinois. The Third Supplemental and Amending Petition was filed in the State Case on September 27, 2011, and Continental was served, through the Louisiana Secretary of State, on or about October 12, 2011. Continental had previously been named in the original Petition in the State Case, as alleged insurer of Advocate Mines, Ltd. and Antony Gibbs & Co., n/k/a HSBC Bank PLC. Subsequently, on May 25, 2011, Continental was voluntarily dismissed from the State Case, in its capacity as alleged insurer of Advocate Mines, Ltd. and Antony Gibbs & Co., n/k/a HSBC Bank PLC. The Third Supplemental and Amending Petition, re-naming Continental, this time as alleged insurer of Pendleton, was the first pleading under which the State Case became removable. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Continental, as alleged liability insurer of Pendleton, are attached hereto as Exhibit A.

2.

According to the facts alleged in plaintiff's Petition for Damages, the plaintiff's father, Calvin Francis, was employed by Pendleton from 1943 to 1945. Plaintiff alleges that plaintiff was secondarily exposed to asbestos fibers in the family home, as a result of his father Calvin Francis's carrying asbestos fibers home on his clothing and person, after his work shifts at Pendleton.

3.

Plaintiff submits that, as a result of these secondary exposures to asbestos, Plaintiff contracted malignant mesothelioma, an asbestos-related cancer, and other associated ill-health effects.

4.

Plaintiff alleges that Pendleton employed asbestos containing products in its construction projects, to which Plaintiff's father was exposed, due to Pendleton's failure to provide a safe working environment and equipment. Plaintiff further alleges that Pendleton and the other defendants failed to warn either Plaintiff or his father, Calvin Francis, of the dangers of asbestos and in fact actively concealed the dangers of asbestos.

5.

Plaintiff alleges that Continental, as successor to Fidelity Casualty Company of New York, is liable for the alleged fault of Pendleton as Pendleton's alleged insurer.

6.

Plaintiff also makes the conclusory allegation, in Paragraph 10 of the Third Supplemental and Amending Petition, that he "disclaims any cause of action or recovery for injuries caused by any exposure to asbestos dust that occurred in a federal enclave" and further "disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government."

7.

Contrary to the conclusory legal allegations of Paragraph 10 of Plaintiff's Third Supplemental and Amending Petition, however, this action involves a "person," Pendleton, acting under the authority of an officer of the United States within the meaning of 28 U.S.C. §

00261896-1                                3

1442(a)(1). Assuming *arguendo* that Plaintiff suffered injury as a result of secondary exposure to asbestos fibers carried home by his father, Calvin Francis, from work at Pendleton, which is denied, the asbestos-containing materials that found their way into Mr. Francis's work and/or home environment were specified for war-time production of military cargo vessels, with the material and the procedures for use thereof, and the safety procedures and equipment associated therewith, being entirely and exclusively required, specified, overseen, and controlled by officers of the United States, specifically the United States Maritime Commission and the United States Navy.[1]

8.

Pendleton Shipyards Company, Inc. was a Louisiana corporation with its principal place of business in New Orleans, Louisiana. Pendleton was incorporated on November 5, 1941 and filed a Notice of Dissolution with the Louisiana Secretary of State on May 22, 1947, with dissolution finally occurring on December 31, 1951.[2]

9.

Pendleton was exclusively a World War II shipyard, created in early 1942 and concluding active operation in 1945, created for the sole purpose of building ships for the United States government, to help in the life-or-death struggle to defeat Nazi Germany and the other Axis powers. This suit, against Continental as the alleged insurer of a wartime government contractor, therefore lands *squarely* within the immunity protection of the federal officer/government contractor defense established by the United States Supreme Court in 1988.

---

[1] There are no living witnesses who were officers of Pendleton. The facts set forth in this Notice of Removal, regarding the formation and oversight of Pendleton, are established by a plethora of historical documents and correspondence contained within the National Archives of the United States, in the records of the United States Maritime Commission and the United States Navy.

[2] *See* records from Louisiana Secretary of State concerning Pendleton, attached as Exhibit B.

10.

The government contractor defense, as articulated by the United States Supreme Court in *Boyle v. United States*, 487 U.S. 500 (1988), and its progeny, immunizes government contractors from liability under state tort law, where application of state tort law would "substantially conflict" with uniquely federal interests, and where the government contractor is complying with federal government specifications and requirements. The immunity doctrine is *particularly* (but not exclusively) applicable to military equipment design and fabrication requirements, determined in the exercise of the federal government's discretionary function.

11.

In this case, Pendleton Shipyards was brought into existence upon the United States' entry into World War II, in late 1941/early 1942, for the sole and exclusive purpose of manufacturing vessels for the United States Navy and the United States Maritime Commission. Pendleton was in full operation for only three years during World War II, from 1942 – 1945, turning out 100% war materiel work product, exclusively for the federal government, according to federal government specifications, standards, requirements and inspections, and under tight federal oversight and control. Pendleton's entire reason for being was to build ships, fast, for the United States government, to win a world-wide conflict between the Axis and Allied Forces, during the height of the Battle of the Atlantic.

12.

In addition to contracting for, specifying, and entirely overseeing the construction of war materiel vessels at Pendleton, the United States Maritime Commission also directed enlargement of the shipyard facilities at Pendleton, as construction of the required ships entailed extending the

ways and outfitting docks. The United States Navy also allocated money and facilities for the construction of a 1,000 foot dry dock facility at Pendleton, with the intent to make the facilities available for work on Navy vessels and other ships assigned by the Navy.

13.

Continental is therefore raising a colorable federal defense to Plaintiff's action, in that a causal nexus exists between the injuries alleged to have been sustained by Plaintiff and the responsibilities imposed on Pendleton under the strict supervision of officers of the United States government and in compliance with federal law.

14.

This case will necessarily require judicial second-guessing of the military and/or governmental decision-making process surrounding the equipping of United States vessels, which, under the Constitutional doctrine of separation of powers, is an area uniquely committed to the executive branch. Under the United States Supreme Court's *Boyle* precedent, and its progeny, production of vessels for the United States, under strict specifications and control of the United States Maritime Commission and Navy, during World War II, in the middle of the Battle of the Atlantic, could not possibly be more centrally located within the heart of the "Government Contractor" defense analysis.

15.

The military vessels that were constructed at Pendleton were built pursuant to mandatory terms, conditions, and specifications established by the United States government, and under the direct supervision and monitoring of representatives of the United States government, which representatives commanded a constant presence at the Pendleton shipbuilding facility during all phases of planning, construction, and testing.

16.

The materials used in the construction of the vessels – specifically including asbestos-containing materials – were, in fact, the kind, type, and brand of materials specifically mandated by the shipbuilding contracts entered into between Pendleton and the United States government for the construction of the war cargo vessels.

17.

The manner and technique of all facets of the shipbuilding process – specifically including the procurement, application, use, safety procedures, and handling of asbestos-containing materials – were specifically monitored and enforced by inspectors and other representatives of the United States government on a regular and ongoing basis throughout the operation of the Pendleton yard.

18.

The United States government established the safety rules, regulations, requirements and precautions with which Pendleton was required to comply during all facets of military vessel construction. United States government safety inspectors specifically monitored and enforced these safety regulations on a day-to-day and job-specific basis.

19.

Extensive trials and inspections on the vessels were performed by representatives of the United States government prior to the commission of each vessel, to ensure complete conformity with the design specifications mandated by the United States government.

20.

Accordingly, Pendleton qualifies as a person "acting under any officer of the United States or any agency thereof" pursuant to 28 U.S.C. § 1442(a)(1), and the State Case is therefore removable to this court because Pendleton can raise, as federal defenses, immunity under the "government contractor immunity" defense, and it can demonstrate a causal nexus between the injuries claimed by plaintiff, and the acts performed by Pendleton under the color of federal office and under the strict supervision of and in compliance with the United States government. *See Williams v. Todd Shipyards, Corp.*, 154 F.3d 416 (5th Cir. 1998); *Boyle v. United Sates Technologies, Inc.*, 487 U.S. 500 (1988); *Neimann v. McDonnell Douglas Corp.*, 721 F. Supp. 1019 (S.D. Ill. 1989); and *Pack v. A.C. and S., Inc.*, 838 F. Supp. 1099 (D. Md. 1993).

21.

Further, Continental, as an alleged insurer of Pendleton Shipyards Company, Inc. ("Pendleton"), has the right to remove this matter pursuant to 28 U.S.C. § 1442(a)(1). In *Noble v. Employers Ins. of Wausau*, 555 F.2d 1257 (5th Cir. 1977), the Fifth Circuit recognized the right of an insurer of a "person acting under" an "officer of the United States" to remove a case from state to federal court pursuant to 28 U.S.C. § 1442(a)(1), when the insurer is sued by virtue of Louisiana's Direct Action Statute, because the culpability in question at trial remains that of the insured. The action proceeds in form against the insurer but in substance against the insured. *Id*. at 1259. Accordingly, removal by Continental is proper under 28 U.S.C. § 1442(a)(1).

22.

Removal under 28 U.S.C. § 1442 is personal to the federal officer and does not require the consent of any served defendant. *See Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Bradford v. Harding*, 284 F.2d 307, 310 (2nd Cir. 1960); *Creighton v. Fleetwood Enterprises,*

00261896-1                                                8

*Inc.*, Civ. No. 07-7194, 2009 WL 1229793, *2 (E.D. La. May 5, 2009); *Anderson v. Avondale Indus., Inc.*, Civ. No. 94-3021, 1994 WL 679827, *2 (E.D. La. Dec. 5, 1994). That is, §1442 represents an exception to the general rule under §§ 1441 and 1446 that all defendants must join in the removal petition. *Ely Valley*, 644 F.2d at 1315. Because the federal officer is the only one entitled to remove under § 1442, he alone can remove, without other defendants joining in the petition; and the entire case is removed to federal court. *Id*.

23.

This Notice of Removal is timely under 28 U.S.C. § 1446, because it is being filed well within 30 days from the date of service on Pendleton of the Third Supplemental and Amending Petition (the first pleading under which the case became removable). The Third Supplemental and Amending Petition was filed on September 27, 2011 and served on the Continental through the Louisiana Secretary of State on October 12, 2011.

24.

Concurrent with the filing of this Notice of Removal, written notices have been given to all adverse parties, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

**WHEREFORE**, Continental Insurance Company, successor by merger to Fidelity & Casualty Company of New York, hereby gives notice that the proceedings bearing number 2011-02520 in the Civil District Court for the Parish of Orleans, State of Louisiana, is removed therefrom to the docket of this Honorable Court for trial and determination as provided by law.

**WHEREFORE**, Continental Insurance Company, successor by merger to Fidelity & Casualty Company of New York, further prays that this Court enter such orders and issue such

process as may be proper to bring before it copies of all records and proceedings in the State Case, and thereupon proceed with this civil action as if it had originally commenced in this court.

>Respectfully submitted,
>
>**DUPLASS, ZWAIN, BOURGEOIS,**
>**PFISTER & WEINSTOCK**
>
>
>**/S/PAUL J. VERLANDER**
>**GARY M. ZWAIN, #13809**
>**PAUL J. VERLANDER, #19196**
>**NICOLE M. BOYER, #29775**
>Three Lakeway Center, Suite 2900
>3838 N. Causeway Boulevard
>Metairie, LA 70002
>Phone:  (504) 832-3700
>Fax:  (504) 837-3119
>**ATTORNEYS FOR CONTINENTAL INSURANCE COMPANY successor by merger to FIDELITY & CASUALTY COMPANY OF NEW YORK**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of October, 2011, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system and a copy of the foregoing pleading has been electronically mailed to all attorneys of record.

>**/S/PAUL J. VERLANDER**
>PAUL J. VERLANDER

00261896-1

10