ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-05154-NC

Young v. Georgia-Pacific Corporation et al
Assigned to: Magistrate Judge Nathanael M. Cousins
Case in other court: San Francisco County Superior Court,
           CGC-11-275884
Cause: 28:1442 Petition for Removal

Date Filed: 10/20/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Richard Young**

represented by **David R. Donadio**
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948-6169
415-898-1555
Fax: 415-898-1247
Email: DDonadio@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Geoff Sloniker**
Brayton Purcell LLP
222 Rush Landing Rd
Novato, CA 94849
415-898-1555
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Georgia-Pacific Corporation**

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

represented by **Kevin Douglas Jamison**
Pond North LLP
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
(213) 617-6170
Fax: (213) 623-3594
Email: kjamison@pondnorth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frank D. Pond**

Pond North LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
(213) 617-6170
Fax: (213) 623-3594
*ATTORNEY TO BE NOTICED*

**Mary Katherine Back**
Pond North LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
213-617-6170
Fax: 213-623-3594
Email: mback@pondnorth.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International, Inc.**

**Defendant**

**Borg-Warner Corporation**
*Successor*
Borgwarner Morse Tec Inc

**Defendant**

**Foster Wheeler LLC**                    represented by    **Shelley Kaye Tinkoff**
*formerly known as*                                        Brydon Hugo and Parker
Foster Wheeler Corporation                                135 Main Street, 20th Floor
                                                          San Francisco, CA 94105
                                                          (415) 808-0300
                                                          Email: tinkoff@bhplaw.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**General Cable Corporation**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Dana Companies, LLC**

*formerly known as*
Dana Corporation

**Defendant**

**Eaton Corporation**

**Defendant**

**General Electric Company**                   represented by   **Allison Michele Low**
Sedgwick LLP
333 Bush Street
30th Floor
San Francisco, CA 94104-2834
415-781-7900
Fax: 415-781-2635
Email: allison.low@sedgwicklaw.com
*ATTORNEY TO BE NOTICED*

**Charles Todd Sheldon**
Sedgwick LLP
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
415-781-7900
Fax: 415-781-2635
Email:
charles.sheldon@sedgwicklaw.com
*ATTORNEY TO BE NOTICED*

**Derek S. Johnson**
Sedgwick LLP
333 Bush Street
30th Floor
San Francisco, CA 94104-2834
415-781-7900
Fax: 415-781-2635
Email:
derek.johnson@sedgwicklaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rockwell Automation, Inc.**                  represented by   **Nicole Elisabet Gage**
Tucker Ellis West LLP
135 Main Street
San Francisco, CA 94105
415-617-2105
Email: nicole.gage@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Schneider Electric USA, Inc.**
*formerly known as*

Square D Company

**Defendant**
**Caterpillar, Inc.**

**Defendant**
**Todd Shipyards Corporation**                    represented by   **George D. Yaron**
Yaron & Associates
601 California Street, 21st Floor
San Francisco, CA 94108-2281
415-658-2929
Fax: 415-658-2930
Email: gyaron@yaronlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brentley P Yim**
Yaron & Associates
601 California Street
21st Floor
San Francisco, CA 94108
415-658-2929
Fax: 415-658-2930
*ATTORNEY TO BE NOTICED*

**Demian David Steele**
Yaron & Associates
601 California Street
21st Floor
San Francisco, CA 94108
415/658-2929
Fax: 415-658-2930
Email: dsteele@yaronlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Huntington Ingalls Incorporated**               represented by   **Daniel James Kelly**
*formerly known as*                                               Tucker Ellis & West LLP
Northrop Grumman Shipbuilding, Inc.                               135 Main Street, Suite 700
San Francisco, CA 94105
415-617-2400
Fax: 415-617-2409
Email: daniel.kelly@tuckerellis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**McDonnell Douglas Corporation**

**Defendant**

**Rolls-Royce, PLC**

**Defendant**

**United Technologies Corporation**       represented by   **Lance Douglas Wilson**
Tucker Ellis & West LLP
135 Main Street
Suite 700
San Francisco, CA 94105
415-617-2400
Fax: 415-617-2409
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Karry Son**
Tucker Ellis & West LLP
515 S. Flower St.
Forty Second Floor
Los Angeles, CA 90071
213-430-3310
Fax: 213-430-3409
Email: john.son@tuckerellis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Northrup Grumman Corporation**       represented by   **Daniel James Kelly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Karry Son**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kaman Aircraft Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/20/2011 | 1 | NOTICE OF REMOVAL from San Francisco County Superior Court. Their case number is CGC-11-275884. (Filing fee $350 receipt number 34611066051). Filed by Todd Shipyards Corporation. (mjj2, COURT STAFF) (Filed on 10/20/2011) (Additional attachment(s) added on 10/27/2011: # 1 Exhibits A-B, # 2 Exhibit C, part 1, # 3 Exhibit C, part 2, # 4 Exhibit C, part 3) (mjj2S, COURT STAFF). (Entered: 10/21/2011) |
| 10/20/2011 | 2 | ANSWER to Complaint by Todd Shipyards Corporation. (mjj2, COURT STAFF) (Filed on 10/20/2011) (Entered: 10/21/2011) |
| 10/20/2011 | 3 | DEMAND for Trial by Jury by Todd Shipyards Corporation. (mjj2, COURT STAFF) (Filed on 10/20/2011) (Entered: 10/21/2011) |

| 10/20/2011 | 4 | ADR SCHEDULING ORDER: Case Management Statement due by 1/25/2012. Case Management Conference set for 2/1/2012 10:00 AM in Courtroom A, 15th Floor, San Francisco. (Attachments: # 1 Standing Order, # 2 Standing Order for all Judges)(mjj2, COURT STAFF) (Filed on 10/20/2011) (Entered: 10/21/2011) |
| 10/20/2011 | 5 | NOTICE of Tag-Along Action by Todd Shipyards Corporation (mjj2, COURT STAFF) (Filed on 10/20/2011) (Entered: 10/21/2011) |
| 10/20/2011 | 6 | CERTIFICATE OF SERVICE by Todd Shipyards Corporation re 1 Notice of Removal, 3 Jury Demand, 2 Answer to Complaint, 5 Notice (Other) (mjj2, COURT STAFF) (Filed on 10/20/2011) (Entered: 10/21/2011) |
| 10/21/2011 | 8 | Joinder re 1 Notice of Removal by United Technologies Corporation. (mjj2, COURT STAFF) (Filed on 10/21/2011) (Additional attachment(s) added on 10/27/2011: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (mjj2S, COURT STAFF). (Entered: 10/24/2011) |
| 10/21/2011 | 9 | Disclosure Statement and Certificate of Interested Entities by United Technologies Corporation identifying Other Affiliate Global Aerospace for United Technologies Corporation. (mjj2, COURT STAFF) (Filed on 10/21/2011) (mjj2S, COURT STAFF). (Entered: 10/24/2011) |
| 10/21/2011 | 10 | Joinder re 1 Notice of Removal by Huntington Ingalls Incorporated. (mjj2, COURT STAFF) (Filed on 10/21/2011) (Additional attachment(s) added on 10/27/2011: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (mjj2S, COURT STAFF). (Entered: 10/24/2011) |
| 10/21/2011 | 11 | Corporate Disclosure Statement and Certificate of Interested Entities by Huntington Ingalls Incorporated (mjj2, COURT STAFF) (Filed on 10/21/2011) (mjj2S, COURT STAFF). (Entered: 10/24/2011) |
| 10/21/2011 | 12 | Joinder re 1 Notice of Removal by Northrup Grumman Corporation. (mjj2, COURT STAFF) (Filed on 10/21/2011) (Additional attachment(s) added on 10/27/2011: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (mjj2S, COURT STAFF). (Entered: 10/24/2011) |
| 10/21/2011 | 13 | Disclosure Statement and Certificate of Interested Entities by Northrup Grumman Corporation (mjj2, COURT STAFF) (Filed on 10/21/2011) (mjj2S, COURT STAFF). (Entered: 10/24/2011) |
| 10/24/2011 | 7 | ANSWER to Complaint (Notice of Removal) *AND DEMAND FOR JURY TRIAL* byGeneral Electric Company. (Attachments: # 1 Supplement DEFENDANT GENERAL ELECTRIC COMPANYS CERTIFICATION OF INTERESTED ENTITIES OR PERSONS, # 2 Supplement NOTICE OF PENDENCY OF OTHER ACTIONS, # 3 Supplement DECLINATION TO PROCEED BEFORE A MAGISTRATE)(Low, Allison) (Filed on 10/24/2011) (Entered: 10/24/2011) |
| 10/26/2011 | 14 | CLERKS NOTICE re: Failure to E-File and/or Failure to Register as an E-Filer re documents 8 9 10 11 12 and 13 . (mjj2, COURT STAFF) (Filed on 10/26/2011) (Entered: 10/26/2011) |
| 10/26/2011 | 15 | CLERKS NOTICE re: Failure to E-File and/or Failure to Register as an E-Filer |

| | | re document 1 . (mjj2, COURT STAFF) (Filed on 10/26/2011) (Entered: 10/26/2011) |
|---|---|---|
| 10/31/2011 | 16 | ANSWER to Complaint (Notice of Removal) *and Demand for Jury Trial* byCBS Corporation. (Jamison, Kevin) (Filed on 10/31/2011) (Entered: 10/31/2011) |
| 10/31/2011 | 17 | DISCLOSURE STATEMENT; by CBS Corporation re 16 Answer to Complaint (Notice of Removal) (Jamison, Kevin) (Filed on 10/31/2011) Modified on 11/1/2011 (aaa, COURT STAFF). (Entered: 10/31/2011) |
| 10/31/2011 | 18 | NOTICE by CBS Corporation re 17 Certificate of Interested Entities, 16 Answer to Complaint (Notice of Removal) *of Related Cases* (Jamison, Kevin) (Filed on 10/31/2011) (Entered: 10/31/2011) |
| 10/31/2011 | 19 | MOTION to Dismiss filed by Rockwell Automation, Inc.. Motion Hearing set for 12/7/2011 09:00 AM before Magistrate Judge Nathanael M. Cousins. Responses due by 11/14/2011. Replies due by 11/21/2011. (Gage, Nicole) (Filed on 10/31/2011) (Entered: 10/31/2011) |
| 11/04/2011 | 20 | ANSWER to Complaint byFoster Wheeler LLC. (Tinkoff, Shelley) (Filed on 11/4/2011) (Entered: 11/04/2011) |
| 11/04/2011 | 21 | NOTICE by Foster Wheeler LLC re 20 Answer to Complaint *Notice of Potential Tag-Along Action* (Tinkoff, Shelley) (Filed on 11/4/2011) (Entered: 11/04/2011) |
| 11/04/2011 | 22 | Certificate of Interested Entities by Foster Wheeler LLC re 21 Notice (Other), 20 Answer to Complaint *and Disclosure Statement Pursuant to RFCP 7.1* (Attachments: # 1 Certificate/Proof of Service)(Tinkoff, Shelley) (Filed on 11/4/2011) (Entered: 11/04/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/04/2011 14:48:42 | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4801-2598 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-05154-NC |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

SUM-100

# SUMMONS ON FIRST AMENDED COMPLAINT
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GEORGIA-PACIFIC CORPORATION;
Defendants as Reflected on Exhibit 1, Exhibit C;
attached to the Summary Complaint herein; and DOES

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD YOUNG

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SHERIFF'S OFFICE
2011 SEP 23  A 10: 15

HUNTERDON COUNTY
FLEMINGTON, N.J.

I hereby dispute and appoint
my special deputy, to serve and execute the within writ
Witness my hand this _____ Day of _____ AD

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN FRANCISCO COUNTY SUPERIOR COURT<br>400 McAllister Street<br>San Francisco, CA  94102 | CASE NUMBER:<br>*(Número del Caso):*  CGC-11-275884 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección de teléfono del abogado del demandante, o del demandante que no tien abogado, es):*
DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON✦PURCELL LLP
222 Rush Landing Road, Novato, CA  94948-6169      (415) 898-1555

DATE:      SEP 0 6 2011
*(Fecha)*                            Clerk, by _____ , Deputy
                                     *(Secretario)*          CLERK OF THE COURT   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Foster Wheeler LLC (FKA Foster Wheeler Corporation)

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association of partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev.July 1, 2009] | Page 1 of 1 |

**SUMMONS ON FIRST AMENDED COMPLAINT**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1

2

3     GEORGIA-PACIFIC CORPORATION
4     CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION)
      HONEYWELL INTERNATIONAL, INC.
5     BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.
      FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)
6     INGERSOLL-RAND COMPANY
      METROPOLITAN LIFE INSURANCE COMPANY
7     GENERAL CABLE CORPORATION
      UNION CARBIDE CORPORATION
8     DANA COMPANIES, LLC (FKA DANA CORPORATION)
      EATON CORPORATION
9     GENERAL ELECTRIC COMPANY
      ROCKWELL AUTOMATION, INC.
10    SCHNEIDER ELECTRIC USA, INC. (FKA SQUARE D COMPANY)
      CATERPILLAR, INC.
11    TODD SHIPYARDS CORPORATION
      HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.)
12    MCDONNELL DOUGLAS CORPORATION
      ROLLS-ROYCE, PLC
13    UNITED TECHNOLOGIES CORPORATION
      NORTHROP GRUMMAN CORPORATION
14    KAMAN AIRCRAFT CORPORATION
      and DOES 1-8500
15

16        and DOES 1-8500,

17            Defendants.

18

19

20

21

22

23

24

25

26

27    <u>Richard Young vs. Georgia-Pacific Corporation, et al.</u>
      San Francisco Superior Court Case No. CGC-11-275884
28

BRAYTON❖PURCELL, LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

CASE NUMBER: CGC-11-275884  RICHARD YOUNG VS. GEORGIA-PACIFIC CORPORATION

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

        **DATE:**    **AUG-16-2012**

        **TIME:**    **1:30PM**

        **PLACE:**    **Department 220**
                   **400 McAllister Street**
                   **San Francisco, CA  94102-3680**

**All parties must appear and comply with California Rules of Court 3.110**

> **CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.**

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint.  Proof of service subsequently filed with this court shall so state.


**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**



DAVID R. DONADIO, ESQ., S.B. #154436
GEOFF T. SLONIKER, ESQ., S.B. #268049
BRAYTON✦PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555

Attorneys for Plaintiff

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*
**SEP 07 2011**
Clerk of the Court
BY: VANESSA WU
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

RICHARD YOUNG,

Plaintiff,

vs.

GEORGIA-PACIFIC CORPORATION;
Defendants as Reflected on Exhibit 1,
Exhibit C; attached to the Summary
Complaint herein; and DOES 1-8500.

ASBESTOS
No. CGC-11-275884

FIRST AMENDED COMPLAINT FOR
PERSONAL INJURY - ASBESTOS

1.      Plaintiff RICHARD YOUNG was born October 10, 1946.

2.      The ©Brayton✦Purcell Master Complaint for Personal Injury [and Loss of
Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San
Francisco Superior Court. A copy of the Master Complaint and General Order No. 55 may be
obtained upon request from Brayton✦Purcell, and designated portions of the Master Complaint
are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.
Plaintiff's claims are as set forth in said Master Complaint against defendants herein as follows:

///

///

///

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

| Cause of Action | DEFENDANTS* ON EXHIBITS: | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | B | B-1 | C | D | E | F | G | H | I | J | K | L | M | N |
| First (Negligence) | ☒ | ☒ | ☒ | | | | | | | | | | | |
| Second (Strict Liability) | ☒ | ☒ | ☒ | | | | | | | | | | | |
| Third (False Representation) As to Defendants GEORGIA-PACIFIC CORPORATION, HONEYWELL INTERNATIONAL, INC., FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), UNION CARBIDE CORPORATION, DANA COMPANIES, LLC (FKA DANA CORPORATION) only. | | | | | | | ☐ | | | | ☐ | ☐ | | |
| Fourth (Loss of Consortium) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Fifth (Premises Owner/ Contractor Liability) | | ☒ | ☒ | | | | | | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) | | | | ☐ | | | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | ☐ | | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | ☐ | | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | ☐ | | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | ☒ | | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | ☒ | | | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | | ☒ | | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | | |
| Twenty-First (Aiding/Abetting Battery - Met Life) | | | | | | | | | | | | | | ☒ |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

3.     Plaintiff's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibit A.

4.     (a) "Exposed persons" in paragraphs 21, 68 and 69 of the Master Complaint include plaintiff RICHARD YOUNG herein and plaintiff's father, Harold E. Young, deceased.

5.     Paragraph 8 of the Master Complaint is amended to add the following sentence: In part, and without limitation as to other defendants, defendant TODD SHIPYARDS CORPORATION, manufactured, modified, serviced and/or repaired asbestos-containing ships and vessels.

6.     Plaintiff hereby amends the Master Complaint on file herein, to incorporate a new Twenty-First Cause of Action, set forth below, specially plead against the defendant listed on Exhibit N, namely METROPOLITAN LIFE INSURANCE COMPANY.  (Plaintiffs are in the process of amending the Master Complaint herein and will include this new Cause of Action in said amendment.)

<u>"TWENTY-FIRST CAUSE OF ACTION</u>
Aiding and Abetting Battery
[Against Metropolitan Life Insurance Company
and Does 7501-7900, Inclusive]

AS AND FOR A FURTHER, TWENTY-FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION FOR AIDING AND ABETTING BATTERY, PLAINTIFF COMPLAINS OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANTS ON EXHIBIT N, DOES 7501-7900, THEIR ALTERNATE ENTITIES AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

225.     Plaintiff incorporates herein by reference, as though fully set forth hereat, each and every allegation of the First through Third and Sixteenth, Seventeenth, Eighteenth and Nineteenth Causes of Action as though fully set forth herein.  (As used throughout this cause of action, 'plaintiff' refers to all named plaintiffs and/or all named decedents from whom the named plaintiff's injuries may derive.)

226. This cause of action is for the aiding and abetting of battery by METROPOLITAN LIFE INSURANCE COMPANY ("MET LIFE"), primarily through its assistant medical

1  director Anthony Lanza, M.D., of a breach of duty committed by Johns-Manville Corporation

2  ("J-M").

3      227.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

4  mentioned defendant MET LIFE was and is a corporation organized and existing under and by

5  virtue of the laws of the State of New York or the laws of some other state or foreign

6  jurisdiction, and that this defendant was and is authorized to do and/or was and is doing

7  business in the State of California, and regularly conducted or conducts business in the County

8  of San Francisco, State of California.  At times relevant to this cause of action, MET LIFE was

9  an insurer of J-M.

10      228.  Plaintiff, was exposed to asbestos-containing dust created by the use of the

11  asbestos products manufactured, distributed and/or supplied by J-M. This exposure to the

12  asbestos or asbestos-related products supplied by J-M caused Plaintiff's asbestos-related disease

13  and injuries.

14      229.  Starting in 1928, MET LIFE sponsored studies of asbestos dust and asbestos-

15  related disease in Canadian mines and mills, including those of J-M.  Those studies revealed

16  that miners and mill workers were contracting asbestosis at relatively low levels of dust.

17  McGill University, which conducted the studies, sought permission from MET LIFE to publish

18  the results but they were never published.  MET LIFE prepared its own report of these studies.

19      230.  Between 1929 and 1931, MET LIFE studied dust levels and disease at five U.S.

20  plants manufacturing asbestos-containing products, including a J-M plant.  Those studies

21  showed that workers in substantial numbers were contracting asbestosis, at levels less than what

22  became the Threshold Limit Value ('TLV") of 5mppcf.  The MET LIFE report was never

23  published or disseminated except to plant owners, including J-M.

24      231.  In 1932, MET LIFE studied dust levels and disease at the J-M plant at Manville,

25  New Jersey.  Results were consistent with those of the Canadian and previous U.S. plant

26  studies.  They were never published.

27      232.  In 1934, J-M and others whose plants MET LIFE had studied agreed with MET

28  LIFE that it should issue a report of its studies.

4

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

233.  MET LIFE submitted a draft of its report to J-M. J-M requested, for legal and business reasons, that certain critical parts of the draft be changed. MET LIFE's official in charge was Lanza. MET LIFE through Lanza did make changes that J-M requested, including:

    (a)    Deletion of MET LIFE's conclusion that the permissible dust level for asbestos should be less than that for silica;

    (b)    Addition of the phrase that asbestosis clinically appeared to be milder than silicosis.

The report, thus altered, was published in 1935. It was misleading, and intentionally so, because it conveyed the incorrect propositions that asbestosis was a less serious disease process than silicosis and that higher levels of asbestos dust could be tolerated without contracting diseases than was the case for silica dust.

234.  MET LIFE had a close relationship with J-M. It invested money in J-M. It provided group health and life insurance to J-M. MET LIFE IN 1934 agreed to supply industrial hygiene services to J-M, including dust counts, training employees to monitor dust levels, examining employees, and recommending protective equipment. MET LIFE and Lanza were viewed as experts on industrial dusts.

235.  In 1933, MET LIFE through Lanza issued the following advices to J-M:

    (a)    Disagreeing with the recommendation of a J-M plant physician, MET LIFE advised against warning workers of the fact that asbestos dust is hazardous to their health, basing its advice in view of the extraordinary legal situation;

    (b)    When the plant physician judged the best disposition of an employee with asbestosis was to remove him from the dust, MET LIFE advised instead that disposition should depend on his age, nature of work and other factors and to leave him alone if he is old and showing no disability, for, MET LIFE stated, economic and production factors must be balanced against medical factors.

236.  J-M followed the MET LIFE advices and did not warn its workers, including plaintiff, of the hazards of asbestos dust, and J-M also intentionally refrained from notifying

///

1   workers of their disease.

2       237. In 1936, MET LIFE, J-M and others founded the Air Hygiene Foundation

3   ("AHF"). One of the AHF purposes was to develop standards for dust levels that would serve

4   as a defense in lawsuits and workers' compensation claims.

5       238. MET LIFE funded partially another study that tentatively recommended in 1938 a

6   TLV for asbestos dust of 5mpccf, the same as for silica dust. MET LIFE was aware of data

7   from its own, unpublished reports that showed that level was too high for asbestos dust. MET

8   LIFE nonetheless promoted that TLV as proper.

9       239. In June 1947, the Industrial Hygiene Foundation ("IHF") which succeeded to the

10  AHF, issued a report of studies by Dr. Hemeon of U.S. asbestos plants, including a J-M plant.

11  That report showed that workers exposed to less than the recommended maximum levels of

12  dust were developing disease. MET LIFE was a member of the IHF and Lanza was on its

13  medical committee. The Hemeon report, which was supplied to J-M and other owners, never

14  was published.

15      240. In 1936, J-M and other asbestos companies agreed with a leading medical research

16  facility, Saranac Laboratories, that Saranac would research asbestos disease, but J-M and the

17  others retained control over publication of the results. In 1943 Saranac's Dr. Leroy Gardner, in

18  charge of the research, sent a draft to J-M that revealed that 81.8% of mice exposed to long

19  fiber asbestos contracted cancer.

20      241. Dr. Gardner died in 1946. J-M and other companies wanted parts of the Saranac

21  results published and enlisted the assistance of MET LIFE's Lanza. J-M and other companies

22  decided that Saranac's findings of cancer caused by asbestos in mice must be deleted, as well as

23  Saranac's critique of existing dust standards. Lanza directed Saranac to delete the offending

24  materials. Saranac did so, and the altered report was published in 1951 by Saranac's Dr.

25  Vorwald, in the *AMA Archives of Industrial Hygiene*.

26      242. Lanza left MET LIFE at the end of 1948, and took a position at New York

27  University, funded by MET LIFE. He continued to misrepresent that asbestos does not cause

28  cancer into the 1950s.

243. The IHF (formerly AHF), of which MET LIFE was a member and MET LIFE official was on its medical committee, through Drs. Braun and Truan conducted a study of Canadian miners. The original report, in 1957, found an increased incidence of lung cancer in persons exposed to asbestos. The sponsors, including J-M, caused those findings to be stricken, and the report published in 1958 contained the false conclusion that asbestos exposure alone did not increase the risk of lung cancer.

244. The false and misleading reports that a link between asbestos exposure and cancer was not proven influenced the TLV, for if a substance causes cancer the TLV must be very low or zero.

245. J-M not later than 1933 was inflicting asbestos dust on its workers in its plants knowing that the dust was hazardous and was causing workers to contract disease that could and would disable and kill them. As MET LIFE advised, J-M did not warn its workers of the hazard. J-M committed battery on workers in its plants, including plaintiff, by that conduct.

246. MET LIFE knew that J-M's conduct constituted a breach of its duties to its workers. MET LIFE gave substantial assistance to J-M in committing batteries on its workers, including plaintiff, through MET LIFE's conduct described above, including by:

    (a)    Affirmatively urging J-M not to warn workers of the hazards of asbestos dust, in view of the extraordinary legal situation, such that J-M did not warn its workers, including plaintiff;

    (b)    Deleting the findings of its own draft report that the allowable limits for asbestos dust should be less than those for silica dust, and promoting a false and unsafe TLV which specified maximum levels of silica dust, and promoting a false and unsafe TLV which specified maximum levels of dust for workers, including plaintiff, which MET LIFE knew was wrong through its own studies;

    (c)    Advising J-M to keep certain workers continuing to work at dusty areas in the plant even after J-M was aware that their lungs showed asbestos-induced

///

///

1    changes, lest other workers including plaintiff be alerted to the dangers of

2    working in the dust.

3    WHEREFORE, plaintiff prays judgment as is hereinafter set forth."

4    7.    Plaintiff does not make a claim for either false representation or punitive

5 damages against any named defendant herein, except as against defendants GEORGIA-

6 PACIFIC CORPORATION, HONEYWELL INTERNATIONAL, INC., FOSTER WHEELER

7 LLC (FKA FOSTER WHEELER CORPORATION), UNION CARBIDE CORPORATION,

8 DANA COMPANIES, LLC (FKA DANA CORPORATION).

9 Dated: 9|2|11

BRAYTON✤PURCELL LLP

11 By: _____

12 David R. Donadio
Attorneys for Plaintiff

# EXHIBIT 1

**EXHIBIT 1 - LIST OF DEFENDANTS**

GEORGIA-PACIFIC CORPORATION
CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION)
HONEYWELL INTERNATIONAL, INC.
BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.
FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)
INGERSOLL-RAND COMPANY
METROPOLITAN LIFE INSURANCE COMPANY
GENERAL CABLE CORPORATION
UNION CARBIDE CORPORATION
DANA COMPANIES, LLC (FKA DANA CORPORATION)
EATON CORPORATION
GENERAL ELECTRIC COMPANY
ROCKWELL AUTOMATION, INC.
SCHNEIDER ELECTRIC USA, INC. (FKA SQUARE D COMPANY)
CATERPILLAR, INC.
TODD SHIPYARDS CORPORATION
HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.)
MCDONNELL DOUGLAS CORPORATION
ROLLS-ROYCE, PLC
UNITED TECHNOLOGIES CORPORATION
NORTHROP GRUMMAN CORPORATION
KAMAN AIRCRAFT CORPORATION
and DOES 1-8500,

    Defendants.

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**EXHIBIT A**

1

<u>EXHIBIT A</u>

2

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

3

locations both inside and outside the State of California, including but not limited to:

4

5

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | AMERICA (CVA-66)<br><br>Norfolk Naval Shipyard<br>Portsmouth, VA<br><br>Naval Repair Facility<br>Yokosuka, Japan | Firefighter | 1/1966-10/1969 |
| Stafford Labeling Company<br>New Orleans, LA | Avondale Shipyards, Inc.<br>New Orleans<br>(Avondale), LA<br>• Various ships | Laborer | 10/1969-6/1970 |
| Avondale Shipyard<br>New Orleans (Avondale), LA | Avondale Shipyards, Inc.,<br>New Orleans<br>(Avondale), LA<br>• shop<br>• Various ships, including<br>but not limited to: | Electrician | 6/1970-1983 |

6

7

8

9

10

11

12

13

14

15

16

AINSWORTH (DE-1090)

17

AYLWIN (DE-1081)

18

BARBEY (DE-1088)

19

BAUER (DE-1025)

20

BLAKELY (DE-1072)

21

BOWEN (DE-1079)

22

CANNOLE (DE-1056)

23

CAPODANNO (DE-1093)

24

ELMER MONTGOMERY
(DE-1082)

25

GRAY (DE-1054)

26

JESSE L. BROWN
(DE-1089)

27

28

///

EXHIBIT A

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Avondale Shipyard New Orleans (Avondale), LA. (cont'd.) | Avondale Shipyards, Inc., New Orleans (Avondale), LA • shop • Various ships, including but not limited to: | Electrician | 6/1970-1983 |
| | JOSEPH HEWES (DE-1078) | | |
| | KIRK (DE-1087) | | |
| | MEYERKORD (DE-1058) | | |
| | MILLER (DE-1091) | | |
| | MOINESTER (DE-1097) | | |
| | OUELLET (DE-1077) | | |
| | PATTERSON (DE-1061) | | |
| | PAUL (DE-1080) | | |
| | PHARRIS (DE-1094) | | |
| | THOMAS C. HART (DE-1092) | | |
| | TRIPPE (DE-1075) | | |
| | TRUETT (DE-1095) | | |
| | VALDEZ (DE-1096) | | |
| | W.S. SIMS (DE-1059) | | |
| | unknown EXXON ships | | |
| Puget Sound Naval Shipyard Bremerton, WA | Puget Sound Naval Shipyard, Bremerton, WA | Electrician | 1986 (Approx. 6 months) |
| | NIMITZ (CVN-68) | | |
| Northwest Marine Swan Island, Portland, OR | Various ships, including but not limited to: | | |
| | STAR PRINCESS | | |

///

EXHIBIT A

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Northwest Marine Swan Island, Portland, OR | Northwest Marine Swan Island, Portland, OR: Various ships, including but not limited to: | Electrician | 1987-1989 (Off & on) |
| | FAIRY EXECUTIVE | | |
| | LIBERTY STAR (1986) | | |
| | SEA SANDS | | |
| | WESTERDAM (1986) | | |
| | unknown EXXON ships | | |
| Southwest Marine 5555 North Channel Ave. Portland, OR | Southwest Marine Portland, OR: Various ships | Electrician | 1987-1989 (Off & on) |
| | Long Beach Naval Shipyard, Long Beach, CA: Various ships | | (Approx. 2 months) |
| Cascade General Portland, OR | Cascade General Portland, OR Various ships | Electrician | 1987-1989 (Off & on) |
| Self-employment | Workshop, Clarkston, WA | Woodworker | 1990- 2011 |

NON-OCCUPATIONAL EXPOSURE

FRICTION:  Plaintiff performed automotive repair work on his personal vehicles from 1964 through the 1980's.  Plaintiff removed and replaced asbestos containing  RAYBESTOS (RAYMARK INDUSTRIES, INC.) and BENDIX (HONEYWELL INTERNATIONAL, INC.) brakes.  Plaintiff removed and replaced asbestos containing VICTOR (DANA COMPANIES, LLC (FKA DANA CORPORATION)) and FEL-PRO (FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO. ) gaskets when performing engine work.

In 1973 plaintiff scraped away and replaced the asbestos containing, original equipment manufacturer's head gasket in a 1971 DODGE (CHRYSLER LLC) COLT he had purchased new.  Plaintiff removed clutches and replaced them with BORG-WARNER (BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.) clutches, scraping asbestos-containing friction components in the process.

Plaintiff recalls replacing all four brakes on a 1970s FORD MOTOR COMPANY Pinto.  Plaintiff also recalls replacing all four brakes of a 1980 FORD MOTOR COMPANY LTD.  Plaintiff purchased the replacement FORD parts for both repairs above from the FORD Dealership in Harvey, Louisiana.

EXHIBIT A

EXHIBIT A (cont'd.)

HOME REMODEL: In 1973 plaintiff remodeled his home in New Orleans, Louisiana.  Plaintiff performed demolition work and put up new drywall.  Plaintiff applied and sanded asbestos containing GEORGIA PACIFIC (GEORGIA-PACIFIC CORPORATION) joint compound.

PARA-OCCUPATIONAL EXPOSURE

Plaintiff lived with his family in Cascade, Idaho from birth in 1946 until he joined the Navy in 1965.  Plaintiff's father, Harold E. Young, was employed as a mechanic.  Plaintiff greeted his father when his father came home wearing dusty work clothes.  Plaintiff's father gave him rides in his truck while wearing his dusty work clothes.  Plaintiff often accompanied his father to work.  Plaintiff's father's work history is as follows:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Dodge/Plymouth dealership Cascade, ID | Dodge/Plymouth dealership Cascade, ID | Mechanic | 1950-1957 |
| Flying A Service Station Cascade, ID | Flying A Service Station Cascade, ID | Mechanic | 1950-1957 |
| Duffy-Reed Construction Boise, ID | Duffy-Reid Construction Boise, ID | Mechanic | 1957-1965 |

Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties and/or other lung damage.  Plaintiff was diagnosed with kidney cancer on or about October 2010, with asbestosis on or about January 2007, and with asbestos-related pleural disease on or about June 2011.

Plaintiff is still employed and therefore has suffered no disability due to his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

EXHIBIT A

# EXHIBIT B

EXHIBIT B

DEFENDANTS

| | |
|---|---|
| GEORGIA-PACIFIC CORPORATION | DANA COMPANIES, LLC (FKA DANA CORPORATION) |
| CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION) | GENERAL ELECTRIC COMPANY |
| BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC. | ROCKWELL AUTOMATION, INC. |
| | SCHNEIDER ELECTRIC USA, INC. (FKA SQUARE D COMPANY) |
| HONEYWELL INTERNATIONAL, INC. | CATERPILLAR, INC. |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | TODD SHIPYARDS CORPORATION |
| | MCDONNELL DOUGLAS CORPORATION |
| INGERSOLL-RAND COMPANY | ROLLS-ROYCE, PLC |
| METROPOLITAN LIFE INSURANCE COMPANY | UNITED TECHNOLOGIES CORPORATION |
| | NORTHROP GRUMMAN CORPORATION |
| GENERAL CABLE CORPORATION | KAMAN AIRCRAFT CORPORATION |
| EATON CORPORATION | DOES 1-800 |
| UNION CARBIDE CORPORATION | |

| | ALTERNATE ENTITY |
|---|---|
| GEORGIA-PACIFIC CORPORATION | BESTWALL GYPSUM COMPANY CALIFORNIA WESTERN RAILROAD |
| CBS CORPORATION (F/K/A VIACOM INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) | VIACOM, INC. CBS CORPORATION WESTINGHOUSE ELECTRIC CORPORATION WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY B.F. STURTEVANT KPIX TELEVISION STATION PARAMOUNT COMMUNICATIONS, INC GULF & WESTERN INDUSTRIES, INC. NORTH & JUDD MANUFACTURING COMPANY |
| GENERAL CABLE CORPORATION | GENERAL CABLE INDUSTRIES, INC. |
| UNION CARBIDE CORPORATION | UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INC. UNION CARBIDE AND CARBON PRODUCTS LINDE AIR PRODUCTS COMPANY |
| DANA COMPANIES, LLC (FKA DANA CORPORATION) | DANA CORPORATION VICTOR MANUFACTURING AND GASKET COMPANY SMITH AND KANZLER CO., INC. SMITH AND KANZLER CORPORATION SPRAYED INSULATION, INC. S.K. INSULROCK CORPORATION SPRAYON RESEARCH CORPORATION SPRAYON INSULATION & ACOUSTICS, INC. SPRAYED INSULATION INC. WARNER ELECTRIC BRAKE & CLUTCH CO. SPICER CLUTCH DIVISION VICTOR WISCONSIN GASKET REINZ WISCONSIN GASKET CO. |

/// 

EXHIBIT B

| | |
|---|---|
| | EXHIBIT B (cont'd.) |
| | ALTERNATE ENTITY |
| HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
| | HONEYWELL CONTROLS |
| | ALLIEDSIGNAL, INC. |
| | AIRESEARCH DOMESTIC INTERNATIONAL SALES CORPORATION |
| | ALLIED-SIGNAL, INC. |
| | THE BENDIX CORPORATION |
| | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | BENDIX HOME SYSTEMS |
| | ALLIED CORPORATION |
| | ALLIED CHEMICAL CORPORATION |
| | GENERAL CHEMICAL CORPORATION |
| | FRAM |
| | FRICTION MATERIALS OF LOS ANGELES |
| | NORTH AMERICAN REFRACTORIES COMPANY |
| | EM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| | STANLEY G. FLAGG & CO. |
| | MERGENTHALER LINOTYPE COMPANY |
| | ELTRA CORPORATION |
| | BUNKER RAMO-ELTRA CORPORATION |
| | UNION TEXAS NATURAL GAS CORPORATION |
| | UNION OIL AND GAS OF LOUISIANA |
| | UNION SULPHUR AND OIL CORPORATION |
| | UNION SULPHUR COMPANY, INC., THE |
| | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
| | SIGNAL COMPANIES, INC., THE |
| | HANCOCK OIL COMPANY |
| | BARRETT DIVISION, ALLIED CHEMICAL & DYE CORPORATION |
| | SIGNAL COMPANIES, INC., THE |
| | SIGNAL OIL & GAS CO. |
| | BANKLINE OIL COMPANY |
| BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC. | BORG-WARNER CORPORATION |
| | AP BORG & BECK |
| | BORG & BECK |
| | YORK BORG WARNER |
| EATON CORPORATION | EATON ELECTRICAL INC. |
| | CUTLER-HAMMER, INC. |
| | YALE & TOWNE MANUFACTURING CO. |

///

///                                                                 EXHIBIT B

18

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY<br>HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED<br>TRUMBULL ELECTRIC MANUFACTURING COMPANY<br>G E INDUSTRIAL SYSTEMS<br>CURTIS TURBINES<br>PARSONS TURBINES<br>GENERAL ELECTRIC JET ENGINES |
| ROCKWELL AUTOMATION, INC. | ROCKWELL SPRING AND AXLE COMPANY<br>TIMKEN-DETROIT AXLE COMPANY (THE)<br>TIMKEN SILENT AUTOMATIC DIVISION<br>ALLEN-BRADLEY COMPANY, LLC.<br>ONEIDA ROSTONE CORPORATION<br>ROSTONE CORPORATION |
| CATERPILLAR, INC. | BARBER-GREENE PAVING MACHINES |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| INGERSOLL-RAND COMPANY | INGERSOLL-DRESSER PUMP<br>DRESSER-RAND CO.<br>PACIFIC PUMP WORKS<br>FLOWSERVE CORPORATION<br>INGERSOLL ROCK DRILL COMPANY<br>TERRY STEAM TURBINE CO.<br>WHITON MACHINE COMPANY<br>RAND DRILL COMPANY<br>RAND & WARING DRILL AND COMPRESSOR COMPANY<br>INGERSOLL-SERGEANT<br>SCHLAGE LOCK COMPANY<br>VON DUPRIN<br>THE TORRINGTON COMPANY<br>BLAW-KNOX COMPANY<br>ALDRICH PUMPS<br>HUSSMANN CORPORATION |
| UNITED TECHNOLOGIES CORPORATION | UNITED AIRCRAFT CORPORATION<br>UNITED AIRCRAFT & TRANSPORT CORPORATION<br>PRATT & WHITNEY<br>HAMILTON STANDARD CO.<br>SIKORSKY AIRCRAFT CORP. |
| NORTHROP GRUMMAN CORPORATION | NORTHROP CORPORATION<br>CALIFORNIA SHIPBUILDING CORPORATION<br>GRUMMAN AEROSPACE CORPORATION<br>LITTON INDUSTRIES, INC.<br>LITTON APPLIED TECHNOLOGY |

///

EXHIBIT B

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**EXHIBIT B-1**

1

2                                      EXHIBIT B-1

3    DEFENDANTS

4    HUNTINGTON INGALLS INCORPORATED
     (FKA NORTHROP GRUMMAN
5    SHIPBUILDING, INC.)
     TODD SHIPYARDS CORPORATION
6
                                  ALTERNATE ENTITY
7
     HUNTINGTON INGALLS            AVONDALE INDUSTRIES, INC.
8      INCORPORATED                AVONDALE SHIPYARDS, INC.
       (FKA NORTHROP               CONTINENTAL MARITIME INDUSTRIES, INC.
9      GRUMMAN SHIPBUILDING, INC.) EASTERN IDAHO CONSTRUCTION COMPANY
                                   INGALLS SHIPBUILDING, INC.
10                                 NEWPORT NEWS SHIPBUILDING AND DRY DOCK
                                   COMPANY
11                                 NORTH CAROLINA SHIPBUILDING
                                   NORTHROP GRUMMAN SHIP SYSTEMS, INC.
12                                 SERVICE ENGINEERING INDUSTRIES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ///                                                  EXHIBIT B-1

     FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**EXHIBIT C**

1

2                                            EXHIBIT C

3   DEFENDANTS

4   HUNTINGTON INGALLS INCORPORATED
    (FKA NORTHROP GRUMMAN
5   SHIPBUILDING, INC.)
    TODD SHIPYARDS CORPORATION
6   DOES 1001-2000

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                    EXHIBIT C

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

**EXHIBIT H**

EXHIBIT H

DEFENDANTS

METROPOLITAN LIFE INSURANCE COMPANY
BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.
HONEYWELL INTERNATIONAL, INC. (successor-in-interest to ALLIEDSIGNAL, INC.)
DANA COMPANIES, LLC (FKA DANA CORPORATION)
DOES 5000-8000

EXHIBIT H

K:\Injures\104665\PLD\emp-1AMDinj2exaMet.wpd

25

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT I

1                                         <u>EXHIBIT I</u>

2   <u>DEFENDANTS</u>

3   METROPOLITAN LIFE INSURANCE COMPANY
     DOES 5000-7500

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                           EXHIBIT I

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT J

1

EXHIBIT J

2

DEFENDANTS

3

METROPOLITAN LIFE INSURANCE COMPANY
DOES 7400-7500

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT J

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

# EXHIBIT N

1

<u>EXHIBIT N</u>

2 <u>DEFENDANTS</u>

3 METROPOLITAN LIFE INSURANCE COMPANY
DOES 7501-7900

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT N

K:\tricen\01 04665\PLD\cmp-1 AMDpip2expMet.wpd

31

FIRST AMENDED COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1  DAVID R. DONADIO, ESQ., S.B. #154436
   BRAYTON❖PURCELL LLP
2  Attorneys at Law
   222 Rush Landing Road
3  P.O. Box 6169
   Novato, California  94948-6169
4  (415) 898-1555

5  Attorneys for Plaintiff

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN FRANCISCO

10

11  RICHARD YOUNG,                    )   ASBESTOS
                                      )   No.
12              Plaintiff,            )
                                      )
13  vs.                               )   PRELIMINARY FACT SHEET/NEW
                                      )   FILING/ASBESTOS LITIGATION
14  GEORGIA-PACIFIC CORPORATION;      )   ─────────────────────────────
    Defendants as Reflected on Exhibit 1, )
15  Exhibit C; attached to the Summary )  (See General Order No. 129, In Re:
    Complaint herein; and DOES 1-8500. )  Complex Asbestos Litigation)
16

17                          NOTICE

18  TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE
    SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF
19  SAN FRANCISCO

20         You have been served with process in an action which has been designated by the Court
    as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration.  This
21  litigation bears the caption "In Re:  Complex Asbestos Litigation", [San Francisco Superior
    Court No. 828684].
22
           This litigation is governed by various general orders, some of which affect the judicial
23  management and/or discovery obligations, including the responsibility to answer interrogatories
    deemed propounded in the case.  You may contact the Court or Designated Defense Counsel,
24  Berry & Berry, P.O. Box 16070, 2930 Lakeshore Avenue, Oakland, CA 94610; Telephone:
    (510) 835-8330; FAX: (510) 835-5117, for further information and/or copies of these orders, at
25  your expense.

26  1. State the complete name and address of each person whose claimed exposure to asbestos is

27  the basis of this lawsuit ("exposed person"):  Richard Young, 1383 Fair Street #19, Clarkston,

28  Washington  99403; Harold E. Young (father), deceased.

K:\Injured\104665\PLD\cmp-factst.wpd                1
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  2. Does plaintiff anticipate filing a motion for a preferential trial date within the next four

2  months?          Yes                  X   No

3  [If yes, the action will be governed by General Order No. 140; if no, the action will be governed

4  by General Order No. 129.]

5  3. Date of birth of each exposed person in item one and, if applicable, date of death:

6  Richard Young:                                 Harold E. Young:

7  Date of Birth:    October 10, 1946            Date of Birth:    June 3, 1919

8  Date of Death:    N/A                         Date of Death:   April 14, 2005

9  Social Security Number of each exposed person:

10          Social Security Numbers are confidential pursuant to Calif. Rule of Court 1.20.

11  4. Specify the nature or type of asbestos-related disease alleged by exposed person, Richard

12  Young.

13      X   Asbestosis                    _____ Mesothelioma

14      X   Pleural Thickening/Plaques       X   Cancer:  Specify:  Renal

15      _____ Lung Cancer Other Than Mesothelioma      _____ Other:  Specify: _____

16  5. For purposes of identifying the nature of exposure allegations involved in this action, please

17  check one or more:

18      X   Shipyard            _____ Construction          X   Friction-Automotive

19      _____ Premises          _____ Aerospace             X   Military

20      _____ Other:  Specify all that apply: _____

21  If applicable, indicate which exposure allegations apply to which exposed person.

22  6. Identify each location alleged to be a source of an asbestos exposure, and to the extent known,

23  provide the beginning and ending year(s) of each such exposure. Also specify each exposed

24  person's employer and job title or job description during each period of exposure. (For example:

25  "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure

26  might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized

27  descriptions such as "merchant marine" or "construction". If an exposed person claims exposure

28  ///

1  during only a portion of a year, the answer should indicate that year as the beginning and ending

2  year (e.g., 1947-1947).

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | AMERICA (CVA-66) | Firefighter | 1/1966-10/1969 |
|  | Norfolk Naval Shipyard Portsmouth, VA |  |  |
|  | Naval Repair Facility Yokosuka, Japan |  |  |
| Stafford Labeling Company New Orleans, LA | Avondale Shipyards, Inc. New Orleans (Avondale), LA • Various ships | Laborer | 10/1969-6/1970 |
| Avondale Shipyard New Orleans (Avondale), LA | Avondale Shipyards, Inc., New Orleans (Avondale), LA • shop • Various ships, including but not limited to: | Electrician | 6/1970-1983 |
|  | AINSWORTH (DE-1090) |  |  |
|  | AYLWIN (DE-1081) |  |  |

17  (Attach Additional Pages, If Necessary) SEE ATTACHED CONTINUATION

18  7. For each exposed person who:

19      a.  worked in the United States or for a U.S. agency outside the territorial United States,

20  attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed

21  Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

22      b.  may have had a Social Security disability award or is no longer employed and whose

23  last employment was not with a United States government agency, attach to the copy of this fact

24  sheet provided to Designated Defense Counsel a fully executed Social Security Disability

25  authorization (Exhibit N-5 to General Order No. 129);

26      c.  served at any time in the United States military, attach to the copy of this fact sheet

27  provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit

28  N-3 to General Order No. 129);

K:\Injured\104466\PLD\emp-factu.wpd
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

1      d.  was employed by the United States government in a civilian capacity, attach to the

2  copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of

3  the stipulation (Exhibit N-3 to General Order No. 129).

4  8.  If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated

5  Defense Counsel a copy of the death certificate, if available.  If an autopsy report was done, also

6  attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

7  9.  State the date of the filing of the initial complaint in this matter:

8  Dated: _____9/6/11_____                   BRAYTON✣PURCELL LLP

9

10                                 By: _____

11                                   David R. Donadio
                                  Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\104665\PLD\icmp-fscust.wpd
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Avondale Shipyard New Orleans (Avondale), LA (cont'd.) | Avondale Shipyards, Inc., New Orleans (Avondale), LA • shop • Various ships, including but not limited to: | Electrician | 6/1970-1983 |

BARBEY (DE-1088)

BAUER (DE-1025)

BLAKELY (DE-1072)

BOWEN (DE-1079)

CANNOLE (DE-1056)

CAPODANNO (DE-1093)

ELMER MONTGOMERY (DE-1082)

GRAY (DE-1054)

JESSE L. BROWN (DE-1089)

JOSEPH HEWES (DE-1078)

KIRK (DE-1087)

MEYERKORD (DE-1058)

MILLER (DE-1091)

MOINSTER (DE-1097)

OUELLET (DE-1077)

PATTERSON (DE-1061)

PAUL (DE-1080)

PHARRIS (DE-1094)

THOMAS C. HART (DE-1092)

TRIPPE (DE-1075)

///

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Avondale Shipyard New Orleans (Avondale), LA (cont'd.) | Avondale Shipyards, Inc., New Orleans (Avondale), LA • shop • Various ships, including but not limited to: | Electrician | 6/1970-1983 |
| | TRUETT (DE-1095) | | |
| | VALDEZ (DE-1096) | | |
| | W.S. SIMS (DE-1059) | | |
| | unknown EXXON ships | | |
| Puget Sound Naval Shipyard Bremerton, WA | Puget Sound Naval Shipyard, Bremerton, WA | Electrician | 1986 (Approx. 6 months) |
| | NIMITZ (CVN-68) | | |
| Northwest Marine Swan Island, Portland, OR | Northwest Marine Swan Island, Portland, OR: Various ships, including but not limited to: | Electrician | 1987-1989 (Off & on) |
| | STAR PRINCESS | | |
| | FAIRY EXECUTIVE | | |
| | LIBERTY STAR (421) | | |
| | SEA SANDS | | |
| | WESTERDAM (610) | | |
| | unknown EXXON ships | | |
| Southwest Marine 5555 North Channel Ave. Portland, OR | Southwest Marine Portland, OR: Various ships | Electrician | 1987-1989 (Off & on) |
| | Long Beach Naval Shipyard, Long Beach, CA: Various ships | | (Approx. 2 months) |
| Cascade General Portland, OR | Cascade General Portland, OR Various ships | Electrician | 1987-1989 (Off & on) |
| Self-employment | Workshop Clarkston, WA | Woodworker | 1990- 2011 |

K:\Injured\104665\PLD\emp-facts1.wpd
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

1  NON-OCCUPATIONAL EXPOSURE

2  FRICTION:  Plaintiff performed automotive repair work on his personal vehicles from 1964
   through the 1980's.  Plaintiff removed and replaced asbestos containing  RAYBESTOS
3  (RAYMARK INDUSTRIES, INC.) and BENDIX (HONEYWELL INTERNATIONAL, INC.)
   brakes.  Plaintiff removed and replaced asbestos containing VICTOR (DANA COMPANIES,
4  LLC (FKA DANA CORPORATION)) and FEL-PRO (FEDERAL-MOGUL ASBESTOS
   PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING
5  CO. ) gaskets when performing engine work.

6  In 1973 plaintiff scraped away and replaced the asbestos containing, original equipment
   manufacturer's head gasket in a 1971 DODGE (CHRYSLER LLC) COLT he had purchased
7  new.  Plaintiff removed clutches and replaced them with BORG-WARNER (BORG-WARNER
   CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC INC.)
8  clutches, scraping asbestos-containing friction components in the process.

9  Plaintiff recalls replacing all four brakes on a 1970s FORD MOTOR COMPANY Pinto.
   Plaintiff also recalls replacing all four brakes of a 1980 FORD MOTOR COMPANY LTD.
10 Plaintiff purchased the replacement FORD parts for both repairs above from the FORD
   Dealership in Harvey, Louisiana.

11
   HOME REMODEL: In 1973 plaintiff remodeled his home in New Orleans, Louisiana.  Plaintiff
12 performed demolition work and put up new drywall.  Plaintiff applied and sanded asbestos
   containing GEORGIA PACIFIC (GEORGIA-PACIFIC CORPORATION) joint compound.
13
   PARA-OCCUPATIONAL EXPOSURE
14
   Plaintiff lived with his family in Cascade, Idaho from birth in 1946 until he joined the Navy in
15 1965.  Plaintiff's father, Harold E. Young, was employed as a mechanic.  Plaintiff greeted his
   father when his father came home wearing dusty work clothes.  Plaintiff's father gave him rides
16 in his truck while wearing his dusty work clothes. Plaintiff often accompanied his father to
   work.  Plaintiff's father's work history is as follows:

17

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Dodge/Plymouth dealership Cascade, ID | Dodge/Plymouth dealership Cascade, ID | Mechanic | 1950-1957 |
| Flying A Service Station Cascade, ID | Flying A Service Station Cascade, ID | Mechanic | 1950-1957 |
| Duffy-Reed Construction Boise, ID | Duffy-Reid Construction Boise, ID | Mechanic | 1957-1965 |

18
19
20
21
22
23
24
25
26
27
28