ADRMOP

# U.S. District Court
# California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-05356-EMC

| | |
|---|---|
| Nash et al v. Huntington Ingalls Incorporated et al | Date Filed: 11/04/2011 |
| Assigned to: Hon. Edward M. Chen | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Asbestos Litigation | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**Phillip Nash**                                  represented by   **David R. Donadio**
*as Wrongful Death Heir and as*                                   Brayton Purcell LLP
*Successor-in-Interest to Jerry Nash,*                            222 Rush Landing Road
*Deceased*                                                        PO Box 6169
                                                                 Novato, CA 94948-6169
                                                                 415-898-1555
                                                                 Fax: 415-898-1247
                                                                 Email: DDonadio@braytonlaw.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Alan R. Brayton**
                                                                 Brayton Purcell LLP
                                                                 222 Rush Landing Road
                                                                 PO Box 6169
                                                                 Novato, CA 94948-6169
                                                                 415-898-1555
                                                                 Fax: 415-898-1247
                                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Beverly Nash**                                 represented by   **David R. Donadio**
*Successor-in-Interest to the Estate of*                          (See above for address)
*Vera Nash, as Legal heir of Jerry Nash,*                         *LEAD ATTORNEY*
*Deceased*                                                        *ATTORNEY TO BE NOTICED*

                                                                 **Alan R. Brayton**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edgar Nash, Jr.**                              represented by   **David R. Donadio**
*Successor-in-Interest to the Estate of*                          (See above for address)
*Vera Nash, as Legal heir of Jerry Nash,*                         *LEAD ATTORNEY*
*Deceased*                                                        *ATTORNEY TO BE NOTICED*

 

                                               **Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edward Nash**                                  represented by  **David R. Donadio**
*Successor-in-Interest to the Estate of*                         (See above for address)
*Vera Nash, as Legal heir of Jerry Nash,*                        *LEAD ATTORNEY*
*Deceased*                                                       *ATTORNEY TO BE NOTICED*

                                               **Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Genevieve Nash**                               represented by  **David R. Donadio**
*Successor-in-Interest to the Estate of*                         (See above for address)
*Vera Nash, as Legal heir of Jerry Nash,*                        *LEAD ATTORNEY*
*Deceased*                                                       *ATTORNEY TO BE NOTICED*

                                               **Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Judy Nash**                                    represented by  **David R. Donadio**
*Successor-in-Interest to the Estate of*                         (See above for address)
*Vera Nash, as Legal heir of Jerry Nash,*                        *LEAD ATTORNEY*
*Deceased*                                                       *ATTORNEY TO BE NOTICED*

                                               **Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Betty Smith**                                  represented by  **David R. Donadio**
*Successor-in-Interest to the Estate of*                         (See above for address)
*Vera Nash, as Legal heir of Jerry Nash,*                        *LEAD ATTORNEY*
*Deceased*                                                       *ATTORNEY TO BE NOTICED*

                                               **Alan R. Brayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Phyllis Stiles**                               represented by  **David R. Donadio**
*Successor-in-Interest to the Estate of*                         (See above for address)
*Vera Nash, as Legal heir of Jerry Nash,*                        *LEAD ATTORNEY*
*Deceased*                                                       *ATTORNEY TO BE NOTICED*

Alan R. Brayton
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kijakaze Mitchell**                          represented by   **David R. Donadio**
*Successor-in-Interest to the Estate of*                        (See above for address)
*Vera Nash, as Legal heir of Jerry Nash,*                       *LEAD ATTORNEY*
*Deceased*                                                      *ATTORNEY TO BE NOTICED*

Alan R. Brayton
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Milton Nash**                                represented by   **David R. Donadio**
*Successor-in-Interest to the Estate of*                        (See above for address)
*Vera Nash, as Legal heir of Jerry Nash,*                       *LEAD ATTORNEY*
*Deceased*                                                      *ATTORNEY TO BE NOTICED*

Alan R. Brayton
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stanley Lighting**                           represented by   **David R. Donadio**
*Successor-in-Interest to the Estate of*                        (See above for address)
*Vera Nash, as Legal heir of Jerry Nash,*                       *LEAD ATTORNEY*
*Deceased*                                                      *ATTORNEY TO BE NOTICED*

Alan R. Brayton
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Huntington Ingalls Incorporated**
*formerly known as*
Northrop Grumman Shipbuilding, Inc.

**Defendant**

**General Dynamics Corporation**

**Defendant**

**Bath Iron Works Corporation**

**Defendant**

**Lockheed Shipbuilding Company**

**Defendant**

**Crane Co.**

**Defendant**

**Kwame Nash**
*Defendant heir*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/04/2011 | 1 | COMPLAINT; summons issued against Bath Iron Works Corporation, Crane Co., General Dynamics Corporation, Huntington Ingalls Incorporated, Lockheed Shipbuilding Company, Kwame Nash (Filing fee $ 350, receipt number 34611066596). Filed by Stanley Lighting, Betty Smith, Beverly Nash, Phillip Nash, Judy Nash, Edgar Nash, Jr, Kijakaze Mitchell, Phyllis Stiles, Edward Nash, Milton Nash, Genevieve Nash. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(slh, COURT STAFF) (Filed on 11/4/2011) (Entered: 11/07/2011) |
| 11/04/2011 | 2 | Declination to Proceed Before a U.S. Magistrate Judge by Stanley Lighting, Kijakaze Mitchell, Beverly Nash, Edgar Nash, Jr, Edward Nash, Genevieve Nash, Judy Nash, Milton Nash, Phillip Nash, Betty Smith, Phyllis Stiles. (slh, COURT STAFF) (Filed on 11/4/2011) (Entered: 11/07/2011) |
| 11/04/2011 | 3 | NOTICE of Tag-Along Action by Stanley Lighting, Kijakaze Mitchell, Beverly Nash, Edgar Nash, Jr, Edward Nash, Genevieve Nash, Judy Nash, Milton Nash, Phillip Nash, Betty Smith, Phyllis Stiles. (slh, COURT STAFF) (Filed on 11/4/2011) (Entered: 11/07/2011) |
| 11/04/2011 | 4 | Certificate of Interested Entities or Persons by Bath Iron Works Corporation, Stanley Lighting, Kijakaze Mitchell, Beverly Nash, Edgar Nash, Jr, Edward Nash, Genevieve Nash, Judy Nash, Milton Nash, Phillip Nash, Betty Smith, Phyllis Stiles. (slh, COURT STAFF) (Filed on 11/4/2011) (Entered: 11/07/2011) |
| 11/04/2011 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 2/10/2012. Case Management Conference set for 2/17/2012 09:00 AM in Courtroom 5, 17th Floor, San Francisco. (Attachments: # 1 Standing Order)(slh, COURT STAFF) (Filed on 11/4/2011) (Entered: 11/07/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/10/2011 14:12:01 | | | |
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-05356-EMC |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

1   ALAN R. BRAYTON, ESQ., S.B. #73685
    DAVID R. DONADIO, ESQ., S.B. #154436
2   BRAYTON✦PURCELL LLP
    Attorneys at Law
3   222 Rush Landing Road
    P.O. Box 6169
4   Novato, California  94948-6169
    (415) 898-1555
5   (415) 898-1247 (Fax No.)

6   Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11  PHILLIP NASH, as Wrongful Death Heir,   )   No. _____
    and as Successor-in-Interest to  JERRY  )
12  NASH, Deceased, and BEVERLY NASH,       )
    EDGAR NASH, JR., EDWARD NASH,           )   COMPLAINT FOR SURVIVAL,
13  GENEVIEVE NASH, JUDY NASH,              )   WRONGFUL DEATH - ASBESTOS;
    BETTY SMITH, PHYLLIS STILES,            )   DEMAND FOR JURY TRIAL
    KIJAKAZE MITCHELL, MILTON NASH          )
14  and STANLEY LIGHTING, Successor-in-     )
15  Interest to the ESTATE OF VERA NASH,    )
    as Legal Heirs of JERRY NASH,           )
16  Deceased,                               )
                                            )
17            Plaintiffs,                   )
                                            )
18  vs.                                     )
                                            )
19  HUNTINGTON INGALLS                      )
    INCORPORATED (FKA NORTHROP              )
20  GRUMMAN SHIPBUILDING, INC.),            )
    GENERAL DYNAMICS                        )
21  CORPORATION, BATH IRON WORKS            )
    CORPORATION, LOCKHEED                   )
22  SHIPBUILDING COMPANY, CRANE             )
    CO.,                                    )
23                                          )
              Defendants.                   )
24                                          )
    KWAME NASH,                             )
25                                          )
              Defendant heir.               )
26  _____ )

27

28

BRAYTON✦PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

# I.

# PARTIES

1.     Plaintiffs in this action are the above-captioned successor-in-interest to, or the personal representative of the estate of Decedent; and the personal representatives on behalf of the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as "Plaintiffs."  KWAME NASH is a statutory Wrongful Death heir of Decedent JERRY NASH, and is identified in the caption as a nominal defendant ("Defendant Heir") as his consent to be joined as Plaintiff could not be obtained.

2.     The person who sustained asbestos-related lung injuries and death as a result of their inhalation of asbestos fibers through the person's occupational exposure to asbestos, hereinafter "Decedent" is, with the date of death: JERRY NASH died November 7, 2010. PHILLIP NASH is the brother of JERRY NASH and is hereinafter referred to as "Successor-in-Interest."

3.     Decedent sustained an asbestos-related lung disease and death by precisely the following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-containing products at Decedent's jobsites.  The pathogenesis of Decedent's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

4.     All of Plaintiffs' claims arise out of a similar series of occurrences:  repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent, resulting in cumulative, progressive, incurable lung diseases.

5.     Each Plaintiff claims damages for an asbestos-related disease arising from an identical series of occurrences not dependent on Decedent's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease.  The allegations of Plaintiffs regarding the nature of Decedent's asbestos-related diseases, the nature

1  of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are

2  all identical.

3      6.      Plaintiffs are informed and believe, and thereon allege, that at all times herein

4  mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole

5  proprietorships and/or other business entities organized and existing under and by virtue of the

6  laws of the State of California, or the laws of some other state or foreign jurisdiction, and that

7  said defendants, and each of them, were and are authorized to do and are doing business in the

8  State of California, and that said defendants have regularly conducted business in the State of

9  California.

10                          **II.**

11          **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

12      7.      <u>Jurisdiction</u>:  Plaintiff PHILLIP NASH is a citizen of the State of New Mexico.

13  Plaintiff(s) BEVERLY NASH, EDGAR NASH, JR., EDWARD NASH, GENEVIEVE NASH,

14  JUDY NASH, BETTY SMITH, PHYLLIS STILES, KIJAKAZE MITCHELL, MILTON NASH,

15  STANLEY LIGHTING are citizens of the following states, respectively: California; California;

16  Oregon; California; California; California; California; Georgia; Oklahoma; California.  KWAME

17  NASH is a citizen of New York.

18      Defendants are each corporations incorporated under the laws of and having its principal

19  places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | Virginia/Virginia |
| GENERAL DYNAMICS CORPORATION | Delaware/Virginia |
| BATH IRON WORKS CORPORATION | Maine/Maine |
| LOCKHEED SHIPBUILDING COMPANY | Nevada/Maryland |
| CRANE CO. | Delaware/Connecticut |

27  ///

28  ///

1     This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action

2  between citizens of different states in which the matter in controversy exceeds, exclusive of costs

3  and interest, seventy-five thousand dollars.

4     8.     Venue / Intradistrict Assignment.  Venue is proper in the Northern District of

5  California and assignment to the San Francisco Division of said district is proper as a substantial

6  part of the events or omissions which give rise to the claims asserted by Plaintiffs herein

7  occurred within the County of San Francisco, California, and Defendants are subject to personal

8  jurisdiction in this district at the time the action is commenced.

### III.

### CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
(Negligence - Survival)

13     PLAINTIFF PHILLIP NASH AS SUCCESSOR-IN-INTEREST TO THE DECEDENT

14  JERRY NASH COMPLAINS OF DEFENDANTS HUNTINGTON INGALLS

15  INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), GENERAL

16  DYNAMICS CORPORATION, BATH IRON WORKS CORPORATION, LOCKHEED

17  SHIPBUILDING COMPANY, CRANE CO., THEIR "ALTERNATE ENTITIES," AND EACH

18  OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

19     9.     At all times herein mentioned, each of the named defendants was the successor,

20  successor in business, successor in product line or a portion thereof, assign, predecessor,

21  predecessor in business, predecessor in product line or a portion thereof, parent, holding

22  company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

23  or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

24  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

25  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

26  representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

27  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

28  otherwise directing and/or facilitating the use of, or advertising a certain product, namely

asbestos, and/or other products containing asbestos.  Said entities shall hereinafter collectively be called ALTERNATE ENTITIES.  Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos.  The following defendants, and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused the destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | AVONDALE INDUSTRIES, INC. AVONDALE SHIPYARDS, INC. CONTINENTAL MARITIME INDUSTRIES, INC. EASTERN IDAHO CONSTRUCTION COMPANY INGALLS SHIPBUILDING, INC. NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY NORTH CAROLINA SHIPBUILDING NORTHROP GRUMMAN SHIP SYSTEMS, INC. SERVICE ENGINEERING INDUSTRIES, INC. |
| GENERAL DYNAMICS CORPORATION | CONVAIR VULTEE AIRCRAFT INC. CONSOLIDATED VULTEE AIRCRAFT CORPORATION ASBESTOS CORPORATION LIMITED |
| LOCKHEED SHIPBUILDING COMPANY | LOCKHEED SHIPBUILDING AND CONSTRUCTION COMPANY PUGET SOUND BRIDGE & DRY DOCK COMPANY PUGET SOUND BRIDGE & DREDGING COMPANY |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CRANE CO. | BARKSDALE CONTROL PRODUCTS |
| | CHAPMAN VALVE CO. |
| | COCHRANE CORP. |
| | CRANE CO.  VALVE DIVISION |
| | CRANE PLUMBING & HEATING AKA CRANE PLUMBING-HEATING SHEETMETAL, INC. |
| | CRANE PUMPS & SYSTEMS, INC. |
| | CRANE SUPPLY |
| | CYCLOTHERM |
| | JENKINS BROS. |
| | JENKINS VALVES |
| | MIDWEST PIPING & SUPPLY |
| | PACIFIC STEEL BOILER CORPORATION |
| | PACIFIC VALVES |
| | REPCAL BRASS MANUFACTURING CO. |

10.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the Decedent herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably

///

foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by "exposed persons."

12.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

13.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons," including Decedent herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

14.     Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable.  Decedent's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference herein.

15.     As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the Decedent as set forth in **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

///

16.     Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

17.     Decedent suffered from a condition related to exposure to asbestos and asbestos-containing products.  Decedent was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

18.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

19.     As a direct and proximate result of the aforesaid conduct of the defendants, their ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value of medial care provided by Decedent's family members measured by, inter alia, the costs associated with the hiring a registered nurse, home hospice, or other service provider, the true and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this complaint accordingly when the true and exact costs are known or at time of trial.

20.     As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and related sequelae, and the mental and emotional distress attendant thereto, and ultimately death, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven at trial.

21.     As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits, entitlements, wages, profits, and commissions, a diminishment of earning potential, and other

///

1  pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave is

2  requested to amend this complaint to conform to proof at the time of trial.

3      22.    As a further direct and proximate result of the said conduct of the defendants,

4  their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-

5  containing products caused severe and permanent injury to Decedent, and ultimately Decedent

6  died on the date previously stated herein.

7      23.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

8  directors and managing agents participated in, authorized, expressly and impliedly ratified, and

9  had full knowledge of, or should have known of, each of the acts set forth herein.

10     24.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the

11  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

12  and each defendant's officers, directors, and managing agents participated in, authorized,

13  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

14  each of their ALTERNATE ENTITIES as set forth herein.

15     25.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

16  and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in

17  conscious or reckless disregard and indifference to the safety, health, and rights of "exposed

18  persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive

19  damages against said defendants.

20     WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

21  each of them, as hereinafter set forth.

22              <u>SECOND CAUSE OF ACTION</u>
                 (Products Liability - Survival)
23

24     PLAINTIFF PHILLIP NASH AS SUCCESSOR-IN-INTEREST TO THE DECEDENT

25  JERRY NASH COMPLAINS OF DEFENDANTS HUNTINGTON INGALLS

26  INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), GENERAL

27  DYNAMICS CORPORATION, BATH IRON WORKS CORPORATION, LOCKHEED

28  SHIPBUILDING COMPANY, CRANE CO., THEIR "ALTERNATE ENTITIES,"AND EACH

OF THEM; EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

ACTION FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

26.     Plaintiffs incorporate herein by reference, as though fully set forth herein, each

paragraph of the First Cause of Action  herein.

27.     Defendants, their "alternate entities," and each of them, knew and intended that

the above-referenced asbestos and asbestos-containing products would be used by the purchaser

or user without inspection for defects therein or in any of their component parts and without

knowledge of the hazards involved in such use.

28.     Said asbestos and asbestos-containing products were defective and unsafe for their

intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

and/or death.  The defect existed in the said products at the time they left the possession of

defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

persons," including Decedent herein, while being used in a reasonably foreseeable manner,

thereby rendering the same defective, unsafe, and dangerous for use.

29.     "Exposed persons" did not know of the substantial danger of using said products.

Said dangers were not readily recognizable by "exposed persons."  Said defendants, their

ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

which Decedent and others similarly situated were exposed.

30.     In researching, manufacturing, fabricating, designing, modifying, testing or failing

to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,

promoting, representing, endorsing servicing, installing, contracting for installation, repairing,

marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

did so with conscious disregard for the safety of "exposed persons" who came in contact with

said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or

1   death resulting from exposure to asbestos or asbestos-containing products, including, but not

2   limited to, asbestosis, other lung damages, and cancer.  Said knowledge was obtained, in part,

3   from scientific studies performed by, at the request of, or with the assistance of, said defendants,

4   their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

5   defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

6        31.    On or before 1930, and thereafter, said defendants, their ALTERNATE

7   ENTITIES and each of them, were aware that members of the general public and other "exposed

8   persons," who would come in contact with their asbestos and asbestos-containing products, had

9   no knowledge or information indicating that asbestos or asbestos-containing products could

10  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

11  members of the general public and other "exposed persons," who came in contact with asbestos

12  and asbestos-containing products, would assume, and in fact did assume, that exposure to

13  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

14  hazardous to health and human life.

15       32.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

16  of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

17  lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

18  market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

19  asbestos-containing products without attempting to protect "exposed persons" from, or warn

20  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

21  asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or warn

22  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

23  asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

24  intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

25  and suppressed said knowledge from "exposed persons" and members of the general public, thus

26  impliedly representing to "exposed persons" and members of the general public that asbestos and

27  asbestos-containing products were safe for all reasonably foreseeable uses.  Defendants, their

28  ///

1  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

2  representations with the knowledge of the falsity of said implied representations.

3      33.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

4  and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

5  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

6  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

7  sale, inspection, installation, contracting for installation, repair, marketing, warranting,

8  rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise

9  directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing

10  products.  In pursuance of said financial motivation, said defendants, their ALTERNATE

11  ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact

12  were consciously willing and intended to permit asbestos and asbestos-containing products to

13  cause injury to "exposed persons" and induced persons to work with and be exposed thereto,

14  including Decedent.

15      34.    Plaintiffs allege that the aforementioned defendants, their ALTERNATE

16  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

17  products, to be safe for their intended use, but that their asbestos and asbestos-containing

18  products, created an unreasonable risk of bodily harm to exposed persons.

19      35.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of

20  their representations, lack of warnings, and implied warranties of fitness of asbestos and their

21  asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, Decedent

22  suffered permanent injury and death as alleged herein.

23      36.    As a direct and proximate result of the actions and conduct outlined herein,

24  Decedent have suffered the injuries and damages herein alleged.

25      WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities", and

26  each of them, as hereinafter set forth.

27  ///

28  ///

### THIRD CAUSE OF ACTION
(Negligence - Wrongful Death)

PLAINTIFF PHILLIP NASH, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO JERRY NASH DECEASED, AND PLAINTIFF(S) BEVERLY NASH, EDGAR NASH, JR., EDWARD NASH, GENEVIEVE NASH, JUDY NASH, BETTY SMITH, PHYLLIS STILES, KIJAKAZE MITCHELL, MILTON NASH, STANLEY LIGHTING, Successor-in-Interest to the ESTATE OF VERA NASH, AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), GENERAL DYNAMICS CORPORATION, BATH IRON WORKS CORPORATION, LOCKHEED SHIPBUILDING COMPANY, CRANE CO., THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

37.     Plaintiffs incorporate by reference each paragraph contained within the First Cause of Action as though fully set forth herein.

38.     The heirs at law of the Decedent and their relationship to the Decedent is set forth below.

| NAME | AGE | RELATIONSHIP TO DECEDENT |
|---|---|---|
| PHILLIP NASH | Over 18 | Brother |
| BEVERLY NASH | Over 18 | Sister |
| EDGAR NASH, JR. | Over 18 | Brother |
| EDWARD NASH | Over 18 | Brother |
| GENEVIEVE NASH | Over 18 | Sister |
| JUDY NASH | Over 18 | Sister |
| BETTY SMITH | Over 18 | Sister |
| PHYLLIS STILES | Over 18 | Sister |
| KIJAKAZE MITCHELL | Over 18 | Niece |
| MILTON NASH | Over 18 | Nephew |
| KWAME NASH | Over 18 | Nephew |
| STANLEY LIGHTING, Successor -in-Interest to the Estate of Vera Nash | Over 18 | Successor to Sister's Estate |

39.     The individuals set forth as heirs constitute all of the surviving heirs of the Decedent.

///

40.     As a direct and proximate result of the conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-containing products caused Decedent to develop diseases from which condition Decedent died. Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of filing the complaint.

41.     At all times prior to his death, Decedent was a brother or uncle to Plaintiffs.

42.     As a direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss of care, society, comfort, attention, services, and support of Decedent all to the damage of Decedent's heirs.

43.     As a further direct and proximate result of the conduct of defendants, and each of them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount currently not ascertained.

WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as hereinafter set forth.

FOURTH  CAUSE OF ACTION
(Products Liability - Wrongful Death)

PLAINTIFF PHILLIP NASH, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO JERRY NASH DECEASED, AND PLAINTIFF(S) BEVERLY NASH, EDGAR NASH, JR., EDWARD NASH, GENEVIEVE NASH, JUDY NASH, BETTY SMITH, PHYLLIS STILES, KIJAKAZE MITCHELL, MILTON NASH, STANLEY LIGHTING, Successor-in-Interest to the ESTATE OF VERA NASH, AS LEGAL HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), GENERAL DYNAMICS CORPORATION, BATH IRON WORKS CORPORATION, LOCKHEED SHIPBUILDING COMPANY, CRANE CO., THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF

1 ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS

2 FOLLOWS:

3     44.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each

4 paragraph of the First, Second and Third Causes of Action herein.

5     45.    As a direct and proximate result of the conduct of defendants, and each of them,

6 Decedent's heirs have sustained the injuries and damages previously alleged.

7     WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

8 each of them, as hereinafter set forth.

9 **IV.**

10 **DAMAGES AND PRAYER**

11     WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

12 each of them in an amount to be proved at trial in each individual case, as follows:

13     (a)    For Plaintiffs' general damages according to proof;

14     (b)    For Plaintiffs' loss of income, wages and earning potential according to proof;

15     (c)    For Plaintiffs' medical and related expenses according to proof;

16     (d)    For Plaintiffs' cost of suit herein;

17     (e)    For exemplary or punitive damages according to proof;

18     (f)    For damages for fraud according to proof; and

19     (g)    For such other and further relief as the Court may deem just and proper, including

20 costs and prejudgment interest.

21 Dated: __11/4/11__               BRAYTON❖PURCELL LLP

22

23                                   By: _____

24                                       David R. Donadio
                                      Attorneys for Plaintiffs

25

26

27

28

1

## JURY DEMAND

2       Plaintiffs hereby demand trial by jury of all issues of this cause.

3   Dated: _____ 11/4/11 _____       BRAYTON❖PURCELL LLP

4

5                                 By: _____

6                                     David R. Donadio
                                Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EXHIBIT A

<u>Decedent</u>:  JERRY NASH, Deceased.

<u>Decedent's injuries</u>:  Decedent was diagnosed with asbestosis on or about September 2000 and with asbestos-related pleural disease on or about December 1999.

Decedent died on November 7, 2010.

<u>Retirement Status</u>:  Decedent retired from his last place of employment at regular retirement age. He had therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

<u>Defendants</u>:  Plaintiffs contend that the asbestos-containing products to which Decedent  was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendants and each of them.   Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below.  The exposure includes, <u>but is not limited,</u> to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States Army | U.S. Army Fort Bliss, El Paso, TX | Artilleryman | 1960 |
| United States Army | GENERAL W.A. MANN (AP-112) | | 1960 (Approx. 21 days) |
| United States Army | Camp Henry Pyong Taek Korea | Radio Operator | 1960 (Approx. 18 months) |
| United States Army | GENERAL M.M. PATRICK (AP-150) | | 1961 |

*///*

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Various employers assigned through a labor union in Bartlesville, OK | Phillips Petroleum Office Building, Bartlesville, OK | Laborer | 1962-1964 |
| | California Creek Bridge Nowata, Oklahoma | | |
| Triple A Machine Shop, Inc. 32 Washington Street, Richmond, CA | Triple A Machine Shop, Inc., Pier 64, San Francisco, CA; | Shipfitter | 6/1969-9/5/1969; 1972-1984 (Off & on) |
| | COOK (DE-1083) | | |
| | KAWISHIWI (AO-146) | | |
| | KANSAS CITY (AOR-3) | | 11/12/1972-2/1973 (Approx. 3 mos. ) |
| | MAUNA KEA (AE-22) | | |
| | CORAL SEA (CVA-43) | | |
| | FANNING (DE-1076) | | |
| | ROARK (DE-1053) | | |
| | MARIPOSA (1953) | | |
| | LURLINE (1932) | | |
| Bethlehem Steel Corp., 1170 8th Avenue, Room 1439, Bethlehem, PA | Bethlehem Shipyard Third & Illinois Streets, San Francisco, CA | Boilermaker | 1969-1978 (Approx. 5 -6 years) |
| | various ships, including: | | |
| | OREGON STANDARD (1944) | Boilermaker | 1969-1970 |
| | PHILIPPINE MAIL (1962) | Shipfitter | |
| | NAVIGATOR (1945) | | |
| | PRESIDENT TRUMAN (1962) | | |
| | PRESIDENT LINCOLN (1961) | Shipfitter | 1975-1978 |
| | GUAM BEAR (1943) | | |
| | GOLDEN BEAR (1971) | | |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bethlehem Steel Corp., 1170 8th Avenue, Room 1439, Bethlehem, PA (cont'd.) | Bethlehem Shipyard Third & Illinois Streets, San Francisco, CA | Boilermaker | 1969-1978 (Approx.   5 -6 years) |
| | various ships, including: | | |
| | ESSO HOUSTON (1964) | | |
| | PHILIPPINE BEAR (1962) | | |
| | CALIFORNIA STANDARD (1945) | | 1967 |
| | ANCHORAGE (1943) | | |
| | AMERICAN MAIL (1969) | | |
| | CALIFORNIA BEAR (1954) | | 1969-1972 |
| | GALVESTON (1945) | | |
| San Francisco Welding & Fabrication, Inc., P.O. Box 1044 Alamo, CA (later  known as Continental Maritime) | Pier 50, San Francisco, CA | Rigger | 1969-1977 11/14/1978; 1/25/1983- 1990s |
| | NEW ORLEANS  (LPH-11) | | late 1970s (Approx. 2 months) |
| | PONCHATOULA (T-AO-148) | | 1969 |
| | WICHITA (AOR-1) | | |
| | ENTERPRISE (CVAN-65) | | 1980-1990 (off and on) |
| | Naval Air Station Alameda, CA | | |
| | FLINT  (AE-32) | | mid 1970s-1980s |
| | CARL VINSON  (CVN-70) | | 1980s- 1990s |

*///*

*///*

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Southwest Marine of San Francisco, P.O. Box 7644, San Francisco, CA | Pier 28, San Francisco, CA; then the old Bethlehem Shipyard at 20th & Illinois Streets, later known as San Francisco Drydock, San Francisco, CA | Rigger | 1970-1989 |
| | Port of Oakland Oakland, CA | | 1970-1986 |
| | NIAGARA FALLS (AFS-3) | | |
| | Southwest Marine San Diego, CA | | late 1970s |
| | Southwest Marine San Pedro, CA | | |
| | WICHITA (AOR-1) | | |
| Service Engineering Company, Inc. | Pier 35, along the Embarcadero, San Francisco, CA | Shipfitter | 1977 |
| Todd Shipyard Corp., One State Street, New York, NY | Todd Shipyard, Alameda, CA | Shipfitter | 1973-1974 |
| Petes Rendezvous, 334 Broadway, Oakland, CA | Pacific Drydock & Repair Co., Oakland, CA | Shipfitter | 1976 |
| Crowley Maritime Corp., 155 Grand Avenue, Oakland, CA | Pacific Drydock & Repair Co., Oakland, CA | Shipfitter | Periodically between 1985-1986 |
| | ADMIRAL H.T. MAYO (AP-125) | | |
| | CAMDEN (AOE-2 ) | | |
| | CHINA BEAR (1962) | | 1973 |
| | CORAL SEA (CVB-43) | | |
| | HANCOCK (CV-19) | | |
| | KILAUEA (AE-26) | | |
| | GUADALUPE (AO-32) | | 1973 |
| | MARS (AFS-1) | | |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Crowley Maritime Corp., 155 Grand Avenue, Oakland, CA (cont'd.) | Pacific Drydock & Repair Co., Oakland, CA | Shipfitter | Periodically between 1985-1986 |
| | MAUI (1978) | | |
| | ROANOKE (AOR-7) | | |
| | LINCOLN  (1961) | | 1985-1986 |
| | MERCER (APB-39; IX-502) | | |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL