JURY

# U.S. District Court
# Eastern District of Virginia – (Norfolk)
# CIVIL DOCKET FOR CASE #: 2:11–cv–09799–AWA

Monroe, Jr. v. American Standard, Inc. et al  
Assigned to: District Judge Arenda L. Wright Allen  
Demand: $9,999,000  
Lead case: 2:11–cv–09999–AWA  
Member cases:
   2:11–cv–09730–MSD  
   2:11–cv–09731–MSD  
   2:11–cv–09732–AWA  
   2:11–cv–09733–AWA  
   2:11–cv–09734–AWA  
   2:11–cv–09735–AWA  
   2:11–cv–09736–AWA  
   2:11–cv–09737–AWA  
   2:11–cv–09738–AWA  
   2:11–cv–09739–AWA  
   2:11–cv–09740–AWA  
   2:11–cv–09741–AWA  
   2:11–cv–09742–AWA  
   2:11–cv–09745–AWA  
   2:11–cv–09746–AWA  
   2:11–cv–09747–AWA  
   2:11–cv–09748–AWA  
   2:11–cv–09749–AWA  
   2:11–cv–09750–AWA  
   2:11–cv–09751–AWA  
   2:11–cv–09752–AWA  
   2:11–cv–09753–AWA  
   2:11–cv–09743–AWA  
   2:11–cv–09746–AWA  
   2:11–cv–09747–AWA  
   2:11–cv–09752–AWA  
   2:11–cv–09754–AWA  
   2:11–cv–09755–AWA  
   2:11–cv–09756–AWA  
   2:11–cv–09757–AWA  
   2:11–cv–09758–AWA  
   2:11–cv–09759–AWA  
   2:11–cv–09760–AWA  

Date Filed: 11/10/2011  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

2:11–cv–09766–AWA
2:11–cv–09762–AWA
2:11–cv–09763–AWA
2:11–cv–09764–AWA
2:11–cv–09765–AWA
2:11–cv–09767–AWA
2:11–cv–09768–AWA
2:11–cv–09769–AWA
2:11–cv–09770–AWA
2:11–cv–09771–AWA
2:11–cv–09772–AWA
2:11–cv–09773–AWA
2:11–cv–09774–AWA
2:11–cv–09775–AWA
2:11–cv–09776–AWA
2:11–cv–09777–AWA
2:11–cv–09778–AWA
2:11–cv–09779–AWA
2:11–cv–09780–AWA
2:11–cv–09781–AWA
2:11–cv–09782–AWA
2:11–cv–09783–AWA
2:11–cv–09784–AWA
2:11–cv–09785–AWA
2:11–cv–09786–AWA
2:11–cv–09787–AWA
2:11–cv–09788–AWA
2:11–cv–09789–AWA
2:11–cv–09790–AWA
2:11–cv–09791–AWA
2:11–cv–09792–AWA
2:11–cv–09793–AWA
2:11–cv–09794–AWA
2:11–cv–09795–AWA
2:11–cv–09796–AWA
2:11–cv–09797–AWA
2:11–cv–09798–AWA
2:11–cv–09799–AWA

Cause: 28:1332 Diversity–Asbestos Litigation

**Plaintiff**

**William H. Monroe, Jr.**  represented by  **Karen M. Zello**
*Personal Representative of the Estate of*  Glasser &Glasser PLC
*Walker Keathley, Deceased*  580 E Main St

Suite 600
Norfolk, VA 23510
(757) 625–6787
Email: karen@glasserlaw.com
*ATTORNEY TO BE NOTICED*

**Kip Andrew Harbison**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625–6787
*ATTORNEY TO BE NOTICED*

**Marc Christian Greco**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625–6787
Email: marcg@glasserlaw.com
*ATTORNEY TO BE NOTICED*

**Richard Steven Glasser**
Glasser &Glasser PLC
580 E Main St
Suite 600
Norfolk, VA 23510
(757) 625–6787
*ATTORNEY TO BE NOTICED*

**Willard James Moody , Jr.**
The Moody Law Firm, Inc.
500 Crawford St
Commerce Bank Bldg
Suite 300
Portsmouth, VA 23704
(757) 393–6020
Fax: (757) 399–3019
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Standard, Inc.**
*doing business as*
Westinghouse Air Brake Co.

**Defendant**

**Amsted Rail Company, Inc.**
*individually and as successor in interest to*
*Griffin Wheel Company*

**Defendant**

**General Electric Company**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Old Orchard Industrial Corp.**
*individually and as successor in interest to Vapor, A Brunswick Company, Vapor Corporation, and Vapor Heating Corporation*

**Defendant**

**Pullman Passenger Car Company, Inc.**

**Defendant**

**Railroad Friction Products Corporation**

**Defendant**

**Trane US, Inc.**
*formerly known as*
American Standard, Inc.

**Defendant**

**Vapor, A Brunswick Company**

**Defendant**

**Westinghouse Air Brake Company**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/10/2011 | 1 | 5 | COMPLAINT against American Standard, Inc., Amsted Rail Company, Inc., General Electric Company, Metropolitan Life Insurance Company, Old Orchard Industrial Corp., Pullman Passenger Car Company, Inc., Railroad Friction Products Corporation, Trane US, Inc., Vapor, A Brunswick Company, Westinghouse Air Brake Company ( Filing fee $ 350.00 receipt number 24683013604.), filed by William H. Monroe, Jr. Jury Demand. (Attachments: # 1 Civil Cover Sheet, # 2 Receipt)(tlev, ) (Entered: 11/14/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| WILLIAM H. MONROE, JR., Personal Representative of the Estate of Walker Keathley, Deceased, Plaintiff, <br> v. <br> AMERICAN STANDARD, INC., d/b/a WESTINGHOUSE AIR BRAKE CO.; AMSTED RAIL COMPANY, INC., individually and as successor in interest to GRIFFIN WHEEL COMPANY; GENERAL ELECTRIC COMPANY; METROPOLITAN LIFE INSURANCE COMPANY; OLD ORCHARD INDUSTRIAL CORP., individually and as successor in interest to Vapor, A Brunswick Company, Vapor Corporation, and Vapor Heating Corporation; PULLMAN PASSENGER CAR COMPANY, INC.; RAILROAD FRICTION PRODUCTS CORPORATION; TRANE US, INC., f/k/a AMERICAN STANDARD, INC., VAPOR, A BRUNSWICK COMPANY; and WESTINGHOUSE AIR BRAKE COMPANY, Defendants. | CIVIL ACTION <br><br> NO. 2:11cv9799 <br><br> ASBESTOS CASE |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) <br><br> This Document Relates To: <br> William H. Monroe, Jr., Personal Representative of the Estate of Walker Keathley, Deceased, Plaintiff, v. American Standard, Inc., et al. | CIVIL ACTION NO. <br> MDL 875 |

FILED NOV 10 2011 CLERK, US DISTRICT COURT NORFOLK, VA

COMPLAINT

Plaintiff, by his attorneys, Glasser and Glasser, P.L.C. and The Moody Law Firm, Inc., for his Complaint states:
1. Plaintiff is deemed a resident of the state of Kentucky; and defendants are corporations incorporated under the laws of, and having their principal places of business in, states other than Kentucky. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).
2. Deceased Plaintiff-worker (hereinafter "Decedent") is: Walker Keathley
Former Address: Ashland, Kentucky

Decedent's Surviving Spouse is: Thursa E. Keathley
Address: Same as above

Social Security no: XXX/XX/7455
Date of Death: 5/21/2011
Date of Birth: XX/XX/1929
Date of Birth: XX/XX/1930

3. Defendants are those companies listed in the caption.
4. Decedent's asbestos employment history including, to the extent possible at this time, the asbestos products to which Decedent was exposed, are contained in Schedule 1 which is numbered paragraph 6. *infra*.
5. Decedent was caused to contract asbestos-related diseases, including but not limited to mesothelioma.
6. Schedule 1 as required by CA # MDL 875
   A.  Employer/Worksite, Trade, Approx. dates:
       CSX Transportation, Inc., yardmaster, telegraph operator, clerk and agent, Martin, KY, Paintsville, KY, Russell, KY and Shelbiana, KY, 1945 to 1951 and again from 1953 to 1992
       U. S. Army, radio operator, 1951 to 1953
       Acme Awning Company, installer, Ashland, KY, 1956 to 1960
   B.  Decedent's Smoking history: Smoked 1 packs of various brands of cigarettes per day from approximately 1942 to 1980.
   C.  Asbestos-containing products exposed to: Block, Pipe Covering, Cement, Gaskets and Packing, Cloth, Dust, Wall Covering, Brakeshoes and Friction Products and Insulation.
   D.  Decedent's Dependants:
       Thursa E. Keathley

7. Plaintiff adopts by reference the following Counts from the Master-Long Form Complaint filed in the United States District Court for the Eastern District of Pennsylvania pursuant to Order dated August 20, 1986: Counts I, II, III, IV, IX and X. Further, Plaintiff alleges as follows:
**COUNT I**   8. Plaintiff incorporates by reference the preceding paragraphs as if they were set forth herein.
9. At all times material hereto, Defendants knew, or had reason to know or should have known, that their asbestos products were inherently and imminently dangerous and that exposure to the inhalation of asbestos and industrial dust and fibers was dangerous and potentially deadly, whereas Decedent was not fully aware of this.
10. At all times material hereto, Defendants knew, or had reason to know or should have known, that Decedent would be exposed to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products and despite this, Defendants: (a) Failed to protect Decedent by exercising reasonable care to prevent such exposure; (b) Failed to warn Decedent of the risks of such exposure; (c) Failed to advise Decedent to use special equipment and procedures to prevent such exposure; (d) Failed to place adequate warnings on the containers of these products regarding the risks of such exposure and the precautions necessary to prevent such exposure; (e) Failed to safely package these products; (f) Failed to make these products safe for use; (g) Failed to use safe substitutes for asbestos in these products; (h) Failed to conduct research on disease and test products to determine the extent of dangers inherent in them and make them safe for use; (i) Failed to recall these products after determining that they were dangerous; (j) Failed, after determining that such products were dangerous, to warn Decedent to cease all exposure to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products already placed in the stream of commerce; (k) Failed to comply with the Federal Hazardous Substance Act, 15 USCA 1261, *et seq*; and (l) Failed to advise Decedent to cease all future exposure to the inhalation of any dust, fibers, fumes and smoke and be examined by a lung specialist.
**COUNT II**   11. Plaintiff incorporates by reference the preceding paragraphs as if they were set forth herein.
12. Defendants impliedly warranted that the asbestos products which they mined, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce were reasonably fit for use and safe for their intended purpose:

(a) That, at the time of the manufacture and sale of their asbestos products by the Defendants to Decedent's Employer(s), Defendants knew, or had reason to know or should have known, that the said asbestos products would be used by the Decedent, and other persons similarly employed, as the ultimate user or consumer; (b) That the said asbestos products were sold by the Defendants in a defective condition and were unreasonably dangerous to Decedent, and others similarly employed, as users or consumers, and throughout many years of the Decedent's exposure to and use of said products, the same asbestos products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold; and (c) That the said asbestos products were defective in that they are incapable of being made safe for their ordinary and intended use, and said Defendants failed to give adequate or sufficient warnings or instructions about the risks and dangers inherent in the products.

13. Defendants breached said warranties to Decedent in that their said asbestos products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended ordinary and foreseeable uses and purposes.

**COUNT III** 14. Plaintiff incorporates by reference the preceding paragraphs as if they were set forth herein.

15. Defendants, including but not limited to Metropolitan Life Insurance Company, for many decades, have been aware of medical and scientific data and reports which clearly indicated that exposure to the inhalation of asbestos and industrial dust and fibers caused, contributed to and/or was associated with the development of disease and was potentially deadly.

16. Despite this, Defendants, including but not limited to Metropolitan Life Insurance Company, prompted by pecuniary motives, individually, jointly and in conspiracy with each other, and through trade associations in which they were members, deliberately, maliciously, and callously: (a) Concealed this information from persons such as Decedent who were being exposed to the inhalation of asbestos and industrial dust and fibers from their asbestos products, fearing that adverse publicity would reduce their highly profitable sales; (b) Concealed the actual results of research on disease and tests done on these products because they were adverse, and distorted these results to mislead persons into believing they were not adverse; (c) Discredited doctors and scientists who indicated that there was a relationship between asbestos and disease; (d) Concealed the actual results of medical examinations conducted upon persons who contracted asbestosis, cancer, and other industrial dust diseases, and distorted these results to minimize the role of asbestos; (e) Concealed claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (f) Procured false testimony during the litigation of claims of persons who contracted asbestosis, cancer, and other industrial dust diseases; (g) Disseminated data and reports regarding the relationship between asbestos and disease which were incorrect, incomplete, outdated and misleading; (h) Placed misleading information on the containers of these products, fearing that adequate warnings would adversely affect sales; (i) Disseminated favorable publicity about these products and indicated that they were safe for use, to maximize profit at the expense of human lives; (j) Acted with criminal indifference and conscious disregard of the rights of Decedent; (k) Participated in the fraudulent scheme described above to keep persons such as Decedent in ignorance of their rights and, in fact, this fraudulent scheme did keep Decedent in such ignorance; and (l) Intended by the fraudulent misrepresentations and concealments and willful omissions described above to induce persons such as Decedent to rely upon the same and to continue to expose themselves to the dangers that Defendants knew to be inherent in their products.

17. Decedent, reasonably and in good faith, relied upon the fraudulent misrepresentations, fraudulent concealments, and willful omissions of Defendants, which reliance resulted in detriment to Decedent, the particulars of which will be set forth below.

**COUNT IV** 18. Plaintiff incorporates by reference the preceding paragraphs as if they were set forth herein.

19. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendants, Decedent was caused to contract diseases and injuries to his body systems, lungs and heart, including asbestosis and other injuries, which he was forced to endure and which his Survivors were forced to witness until his death.

20. Decedent's asbestos-induced disease and death were proximately caused by Defendants' asbestos products and such disease is the indivisible biological result of the unique dose response of Decedent's body to inhalation or ingestion of asbestos and industrial dust and fibers from Defendants' asbestos products.

21. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentation and willful omissions of Defendants resulting in the death of Decedent, Decedent's survivors were caused to suffer substantial sorrow, mental anguish and solace, including loss of society, companionship, comfort, guidance, kindly offices and advise of Decedent; and Decedent's survivors lost the benefit of the earnings the Decedent would have earned and the many services, protection, care and assistance that Decedent would have provided. In addition, the survivors were caused to incur expenses for Decedent's care, treatment and hospitalization incident to the illness resulting in his death, and reasonable funeral expenses, all of which are compensable under the Virginia Wrongful Death Statute.

22. Decedents survivors' causes of action set forth in this Complaint accrued within two years prior to the filing of this Complaint and any delay in filing Decedent's or Decedent's survivors' causes of action is a direct and proximate result of Defendants' failure to warn and the fraudulent concealment hereinafter described. For a long time Defendants have known of the hazards of asbestos inhalation and ingestion and had the duty to warn persons such as Decedent, of the hazards of their asbestos products. Defendants intentionally and fraudulently concealed said knowledge from Decedent resulting in the failure of Decedent to discover the facts which are the basis of his causes of action despite the exercise of due diligence on behalf of Decedent. Decedent remained unaware of Defendants' long-time knowledge of the hazards of exposure to asbestos products and their correlative duties to warn until within the period of limitations for filing of this Complaint. Accordingly, any attempt on the part of any Defendant to complain about the timeliness of Decedent's commencement of this action should be estopped.

23. Decedent has not been a party to any related third party asbestos litigation, except for a FELA action against his former employer(s).

24. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages in the sum of Five Million Dollars ($5,000,000.00) and punitive damages in the sum of Five Million Dollars ($5,000,000.00), together with interest, costs and such other and further relief as is just and proper.

Richard S. Glasser, Esq. - VA Bar No. 4092  
Kip A. Harbison, Esq. - VA Bar No. 38648  
Marc C. Greco, Esq. - VA Bar No. 41496  
Karen M. Zello, Esq. – VA Bar No. 66783  
GLASSER AND GLASSER, P.L.C.  
Crown Center, Suite 600  
580 E. Main Street  
Norfolk, Virginia 23510-2212  
(757) 625-6787  

Of Counsel:  
Willard J. Moody, Jr., Esq. – VA Bar No. 22866  
THE MOODY LAW FIRM, INC.  

GLASSER AND GLASSER, P.L.C.

By: _____  
              Counsel

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WILLIAM H. MONROE, JR., Personal Representative of the Estate of WALKER KEATHLEY, Deceased

### DEFENDANTS
SEE ATTACHED

(b) County of Residence of First Listed Plaintiff: **Ashland, KY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Piscataway, NJ**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard S. Glasser, Kip A. Harbison, Glasser and Glasser, P.L.C., Crown Center, Suite 600, 580 East Main Street, Norfolk, Virginia 23510; (757)625-6787

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USCA 1332 (a) (1)
Brief description of cause:
Wrongful death arising out of Decedent's exposure to Defendants' asbestos products.

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ over $75,000.00
- CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 11/10/2011
SIGNATURE OF ATTORNEY OF RECORD: /s/ Karen M. Zell

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

USCA4 7

AMERICAN STANDARD, INC., d/b/a
   WESTINGHOUSE AIR BRAKE CO.
AMSTED RAIL COMPANY, INC., individually and as
   successor in interest to GRIFFIN WHEEL COMPANY
GENERAL ELECTRIC COMPANY
METROPOLITAN LIFE INSURANCE COMPANY
OLD ORCHARD INDUSTRIAL CORP., individually and as
   successor in interest to VAPOR, A BRUNSWICK COMPANY,
   VAPOR CORPORATION and VAPOR HEATING CORPORATION
PULLMAN PASSENGER CAR COMPANY, INC.
RAILROAD FRICTION PRODUCTS CORPORATION
TRANE US, INC., f/k/a AMERICAN STANDARD, INC.
VAPOR, A BRUNSWICK COMPANY
WESTINGHOUSE AIR BRAKE COMPANY

```
Court Name: United States District Court
Division: 2
Receipt Number: 24683013604
Cashier ID: tlevinso
Transaction Date: 11/10/2011
Payer Name: GLASSER AND GLASSER
-----------------------------------------
CIVIL FILING FEE
 For: GLASSER AND GLASSER
 Amount:         $350.00
-----------------------------------------
CHECK
 Check/Money Order Num: 216988
 Amt Tendered: $350.00
-----------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

GLASSER & GLASSER
2:11cv9799
```