### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **THOMAS MILBERRY** | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No.: 11-814-MJR-PMF |
| | ) | |
| vs. | ) | |
| | ) | |
| **BNSF RAILWAY COMPANY** | ) | |
| | ) | PLAINTIFF REQUESTS |
| Defendant. | ) | TRIAL BY JURY ON ALL |
| | ) | COUNTS |
| | ) | |

## COMPLAINT

Now comes Plaintiff, Thomas Milberry, by his attorney, William P. Gavin, and for his Complaint against Defendant, BNSF Railway Company, states:

### COUNT I (FELA)

1. Defendant is currently a railroad corporation engaged in the interstate business of transportation of goods in and through the jurisdiction of this Court.

2. Plaintiff was employed by Defendant and/or its predecessors in interest (hereinafter collectively referred to as "Defendant") from 1968 to 2009 in the switchman, brakeman and conductor crafts, and in furtherance of Plaintiff's employment duties, Plaintiff was engaged in activities that materially and substantially affected interstate commerce when he was injured as described more fully below.

3. Plaintiff was injured when he was required to perform work, during the course of his employment with defendant, which caused him to be exposed to asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes.


EXHIBIT 1

4. During the course of Plaintiff's employment with Defendant, Defendant was engaged in interstate commerce as a common carrier by rail and all or part of each of Plaintiff's duties were in furtherance of and did closely, directly and substantially affect interstate commerce. Wherefore, the rights and liabilities of the parties were and are governed by the Federal Employers Liability Act, 45 U.S.C., §§ 51 *et seq.*

5. During the course of Plaintiff's employment Plaintiff was engaged in the scope and course of his employment with Defendant when he was required and caused to work in the vicinity of and be exposed to toxic substances including asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes which caused him to suffer permanent injuries to his lungs in the nature of asbestosis and other respiratory disease.

6. Plaintiff first became aware that his injuries were caused by his employment with Defendant within three years of the filing of this suit.

7. Defendant by and through its authorized agents, servants, and employees, was guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers Liability Act:

    a. Negligently failed to provide Plaintiff with a reasonably safe place to work; and/or

    b. Negligently failed to provide Plaintiff with safe equipment including adequate protection masks and/or respiratory protection devices; and/or

    c. Negligently failed to warn Plaintiff of the hazardous nature of asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes; and/or

    d.    Negligently failed to provide plaintiff with safe and proper ventilation in his work place; and/or

    e.    Negligently failed to inspect its locomotives, cars, cabooses, appurtenances, and other equipment and buildings in order to determine their contamination by asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes; and/or

    f.    Negligently agreed with other railroads operating in Illinois to conceal the hazards of asbestos from their employees; and/or

    g.    Negligently failed to take adequate steps to reduce or eliminate Plaintiff's exposure to asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes; and/or

    h.    Negligently permitted unsafe work practices to become routine work practices.

8. One or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff to develop and suffer from respiratory illness in the nature of asbestosis and other respiratory disease.

9. As a result of Plaintiff's illness and disease caused, in whole or in part, by Defendant's negligence Plaintiff has suffered and will continue to suffer great pain and disability, genuine and serious mental anguish and extreme nervousness as a result of his reasonable concern over the prospects of developing cancer caused by asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes and Plaintiff has incurred and will continue to incur great expense in endeavoring

to be cured of his illness and disease and Plaintiff has lost and will continue to lose large amounts of income because of his disability caused by the respiratory illness and disease.

10. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1331 in that this action arises under the statutes of the United States of America.

WHEREFORE, Plaintiff, Thomas Milberry, prays that a judgment be entered in his favor against Defendant, BNSF Railway Company, in the amount of $2,500,000.00 plus costs of suit.

## COUNT II
## (BOILER INSPECTION)

1. Defendant is currently a railroad corporation engaged in the interstate business of transportation of goods in and through the jurisdiction of this Court.

2. Plaintiff was employed by Defendant from 1968 to 2009 as a switchman, brakeman and conductor craft and in furtherance of Plaintiff's employment duties was engaged in activities that materially and substantially affected interstate commerce when Plaintiff was injured as described more fully below.

3. During the course of Plaintiff's employment, Defendant was engaged in interstate commerce as a common carrier by rail and all or part of the duties of Plaintiff's employment involved the operation of locomotives or the presence in locomotives operated on Defendant's line and were in furtherance of and did closely, directly, and substantially affect interstate commerce. Wherefore, the rights and liabilities of the parties were and are governed by the Locomotive Boiler Inspection Act, 49 U.S.C. §§ 20701 *et seq*.

4. Plaintiff was engaged in the course of his employment with Defendant when he was required and caused to work in the vicinity of and be exposed to toxic

substances including asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes emitted from and/or present in locomotives being operated on Defendant's line which caused him to suffer permanent injuries in the nature of asbestosis and other respiratory disease.

5. Plaintiff first became aware that his injuries were caused by his employment with Defendant within three years of the filing of this suit.

6. Defendant, by and through its agents, servants, and employees violated the Locomotive Boiler Inspection Act in one or more of the following respects:

    a. Failed to provide Plaintiff with locomotives whose appurtenances were in proper and safe conditions; and/or

    b. Required Plaintiff to work on or near locomotives, which were defective because they were contaminated with asbestos and asbestos-containing products; and/or

    c. Required Plaintiff to work on or near locomotives, which were defective because they were contaminated with and emitted dangerous amounts of diesel exhaust; and/or

    d. Required Plaintiff to work on or near locomotives, which were defective because they were contaminated with and emitted dangerous amounts of silica; and/or

    e. Required Plaintiff to work on or near locomotives, which were defective because they were contaminated with and emitted dangerous amounts of environmental tobacco smoke.

7. One or more of the foregoing violations of the Locomotive Boiler Inspection Act caused, in whole or in part, Plaintiff to develop and suffer from illness and disease in the nature of asbestosis and other respiratory disease.

8. As a result of Plaintiff's illness and disease caused, in whole or in part, by Defendant's violations of the Locomotive Boiler Inspection Act, Plaintiff has suffered and will continue to suffer great pain and disability, genuine and serious mental anguish and extreme nervousness as a result of his reasonable concern over the prospects of developing cancer caused by asbestos, diesel exhaust, environmental tobacco smoke, welding fumes, silica, toxic dusts, gases, and fumes and each Plaintiff has incurred and will continue to incur great expense in endeavoring to be cured of his respiratory illness and disease and Plaintiff has lost and will continue to lose large amounts of income because of his disability caused by the illness and disease.

9. This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1331 in that this action arises under the statutes of the United States of America.

WHEREFORE, Plaintiff, Thomas Milberry, prays that a judgment be entered in his favor and against Defendant, BNSF Railway Company, in the amount of $2,500,000.00, plus costs of suit.

s/William P. Gavin
WILLIAM P. GAVIN #03127132
GAVIN LAW FIRM
LEAD COUNSEL
#17 Park Place Professional Centre
Belleville, Illinois 62226
(618) 236-0100
FAX: (618) 236-2684
billg@gavinlaw.com

CJRA_C, MMR, PMF

## U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:11-cv-00814-MJR-PMF

| | |
|---|---|
| Milberry v. BNSF Railway Company | Date Filed: 09/07/2011 |
| Assigned to: Judge Michael J. Reagan | Jury Demand: Both |
| Referred to: Magistrate Judge Philip M. Frazier | Nature of Suit: 330 Federal Employer's Liability |
| Demand: $9,999,000 | |
| Cause: 45:51 Railways: Fed. Employer's Liability Act | Jurisdiction: Federal Question |

**Plaintiff**

**Thomas Milberry**  represented by  **William P. Gavin**
Gavin Law Firm
Generally Admitted
17 Park Place Professional Centre
Belleville, IL 62226
618-236-0100
Email: billg@gavinlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BNSF Railway Company**  represented by  **William A. Brasher**
Boyle Brasher LLC
Generally Admitted
211 North Broadway
Suite 2300
St. Louis, MO 63102
314-621-7700
Email: wbrasher@boylebrasher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda R. Self**
Brasher Law Firm
Generally Admitted
211 North Broadway
Suite 2300
St. Louis, MO 63102
314-621-7700
Email: lself@boylebrasher.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2011 | 1 | Case Opened. Filing fee due. Documents may now be electronically filed. Case number 11-814-MJR-PMF must be placed on all documents prior to filing them electronically. (Attachments: #1 Notice and Consent to Proceed Before a Magistrate Judge)(slj) (Entered: 09/07/2011) |
| 09/07/2011 | 2 | COMPLAINT against BNSF Railway Company ( Filing fee $ 350 receipt number 0754-1498885.), filed by Thomas Milberry. (Attachments: #1 Civil Cover Sheet)(Gavin, William) (Entered: 09/07/2011) |
| 09/23/2011 | 3 | Summons Issued as to BNSF Railway Company. (slj) (Entered: 09/23/2011) |
| 10/10/2011 | 4 | SUMMONS Returned Executed by Thomas Milberry. BNSF Railway Company served on 9/30/2011, answer due 10/21/2011. (Gavin, William) (Entered: 10/10/2011) |

**EXHIBIT 2**

| 10/20/2011 | 5 | NOTICE of Appearance by William A. Brasher on behalf of BNSF Railway Company (Brasher, William) (Entered: 10/20/2011) |
|---|---|---|
| 10/20/2011 | 6 | Corporate Disclosure Statement by BNSF Railway Company. (Brasher, William) (Entered: 10/20/2011) |
| 10/20/2011 | 7 | NOTICE of Appearance by Linda R. Self on behalf of BNSF Railway Company (Self, Linda) (Entered: 10/20/2011) |
| 10/20/2011 | 8 | ANSWER to 2 Complaint by BNSF Railway Company.(Self, Linda) (Entered: 10/20/2011) |
| 10/25/2011 | 9 | CJRA TRACK C assigned: Final Pretrial Conference set for 3/15/2013 at 10:00 AM in East St. Louis Courthouse before Judge Michael J. Reagan. Jury Trial set for 3/25/2013 at 09:00 AM in East St. Louis Courthouse before Judge Michael J. Reagan. (dkd ) (Entered: 10/25/2011) |
| 10/26/2011 | 10 | NOTICE of Scheduling and Discovery Conference: Scheduling/Discovery Conference set for 11/29/2011 9:15 AM via telephone before Magistrate Judge Philip M. Frazier. Counsel for plaintiff to place the conference call. The telephone number for the Court is 618–439–7750. Lead counsel must participate in the conference call. (krm) (Entered: 10/26/2011) |
| 10/26/2011 | 11 | ORDER REGARDING DISCOVERY: Discovery disputes which cannot be resolved through informal means pursuant to Federal Rule of Civil Procedure 37 shall be handled in the following manner. The party seeking the discovery shall be responsible for arranging for a prompt telephone conference with the Court and opposing counsel, by first contacting Karen Metheney, Courtroom Deputy to Judge Frazier, at 618–439–7754. If written discovery is involved, the disputed portion(s) shall be faxed to the Court prior to the telephone conference. Motions to Compel discovery and/or for appropriate sanctions shall be presented orally at the telephone conference. Written motions to compel or legal memoranda will not be accepted unless specifically requested by the Court. Expense of the call will be borne by the non–prevailing party. Signed by Magistrate Judge Philip M. Frazier on 10/26/2011. (krm, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/26/2011) |