# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL No. 875 – In re Asbestos Litigation

*Akau, et al. v. Crane Co., et al.*, District of Hawaii, C.A. No. 1-11-cv-00637

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-459) AND BRIEF IN SUPPORT THEREOF

1. Pursuant to Rule 12(d) of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, the Plaintiffs hereby move to vacate the Conditional Transfer Order entered by the Clerk of the Panel on November 2, 2011 (CTO-459), transferring the above-captioned action to the U.S. District Court for the Eastern District of Pennsylvania (MDL Docket No. 875) previously designated as the transferee district court for actions alleging asbestos-related personal injury. Plaintiffs aver as follows in support of this motion.

2. The Plaintiffs bring claims for asbestos-related lung cancer against a number of defendants on behalf of the family and estate of Richard J. Akau, Sr., who was occupationally exposed to asbestos as a shipfitter at Pearl Harbor Naval Shipyard. (See, Declaration of Counsel and Exhibit A attached hereto).

3. Defendant contends that the U.S. District Court has jurisdiction over this case pursuant to federal officer removal jurisdiction. 28 USC §1442.

4. On November 10, 2011, Plaintiffs filed a Motion with the U.S. District Court for the District of Hawai`i to remand the action to Hawai`i State Court on the basis that there is no federal officer removal jurisdiction. The motion is set as a non-hearing motion before Magistrate Judge Richard Puglisi and U.S. District Judge Michael Seabright. (See Exhibit B).

5. The U.S. District Court for the District of Hawai`i is best suited to decide the Motion to Remand and this case should remain in Hawai`i until such time as the Remand Motion has been resolved. This principle of comity in allowing the transferor court to decide dispositive motions before transfer to an MDL transferee court has been upheld in prior decisions of this court. *In Re L.E. Lay & Co. Antitrust Litigation*, 391 F.Supp. 1054, 1056 (Jud. Pan. Multi. Lit. 1975) ("on principles of comity, we are reluctant to transfer any action that has an important motion under submission with a court"); *In Re Resource Exploration, Inc. Securities Litigation*, 483 F.Supp. 817, 822 (Jud. Pan. Multi. Lit. 1980), and cases cited therein ("we are persuaded, on principles of comity, to defer our decision concerning transfer of the Pennsylvania action because of the pendency of the defendants' motion for summary judgment, which is fully submitted to the potential transferor judge."); *In Re Kaehni Patent*, 311 F.Supp 1342, 1344 (Jud.Pan.Mult.Lit. 1977) ("A motion to dismiss . . . in an action pending in the Northern District of Ohio is presently pending before that court. Transfer of that

action to the District of Maryland will be stayed; if the motion is granted, there of course will be no transfer but if the motion is denied, the stay will be automatically lifted and the action transferred to the District of Maryland."); *In Re Professional Hockey Antitrust Litigation*, 352 F.Supp 1405, 1406 (Jud.Pan.Mult.Lit. 1973) ("This principle of comity has been followed in the past and will be followed in the future by the panel.").

6. This is particularly important in this case. This case was filed in Hawai`i, and Ninth Circuit law should apply to these jurisdictional issues. There is direct Ninth Circuit law on the *Boyle* government contractor defense[1] and on the meaning of a "colorable" federal defense for federal officer removal.[2] The U.S. District Court for the District of Hawai`i is bound by this Ninth Circuit precedent, but the transferee court will not apply Ninth Circuit law.[3] When this action is eventually transferred back to the District of Hawai`i, Ninth Circuit jurisdictional law will apply again.

7. The transferee Judge Eduardo C. Robreno has publically stated on May 24, 2011 that he intends to stop accepting transfers in MDL-875 in the near future. Thus, with MDL-875 winding down, it makes for the efficient use of

---

[1] *In Re Hawaii Federal Asbestos Cases*, 960 F.2d 806 (9th Cir. 1992); *Snell v. Bell Helicopter*, 107 F.3d 744 (9th Cir. 1997).
[2] *People v. Mesa*, 813 F.2d 960, 967 (9th Cir. 1987), aff'd, *Mesa v. California*, 489 U.S. 121 (1989); *Thomas v. Anchorage Equal Rights*, 165 F.2d 692, 705,706 (9th Cir. 1999) ("The term 'colorable' certainly is not meaningless . . . Nor is the word 'colorable' a term without legal pedigree.").
[3] *Faddish v. GE*, 2010 WL4146108 (E.D.Pa.) at fn.6.

3

judicial resources to let the transferor court decide the jurisdictional remand motion.

8. The Plaintiffs further submit the accompanying brief in support of this Motion.

THEREFORE, for the foregoing reasons, the Plaintiffs respectfully move the Panel to vacate the Conditional Transfer Order previously entered by the Clerk of the Panel on November 2, 2011.

DATED:  Honolulu, Hawai`i, November 15, 2011.

/s/Ilana K. Waxman
ILANA K. WAXMAN
610 Ward Avenue
Honolulu, Hawai`i  96814-3308
Telephone:     (808) 597-1400
Facsimile:      (808) 591-2608
Email:   ilana.waxman@galiherlaw.com
Counsel for Plaintiff