EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:11-cv-01666-CSH

Bender et al v. Air & Liquid Systems Corporation et al
Assigned to: Judge Charles S. Haight, Jr
Cause: 28:1442 Notice of Removal

Date Filed: 10/27/2011
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**John Bender**

represented by **Elizabeth Murray**
Early, Ludwick & Sweeney
One Century Tower
265 Church St., 11th Fl.
PO Box 1866
New Haven, CT 06508-1866
203-777-7799
Email: emurray@elslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Susan Bender**

represented by **Elizabeth Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Plaintiff**

**General Dynamics/Electric Boat Corporation**

represented by **Elizabeth M Aspell**
Pomeranz, Drayton & Stabnick
95 Glastonbury Blvd.
Glastonbury, CT 06033-4412
860-657-8000
Email: easpell@pdslaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*Successor*
Buffalo Pumps, Inc.

represented by **Bryna Rosen Misiura**
Governo Law Firm LLC
Two International Place
Boston, MA 02110

617-737-9045
Fax: 617-737-9046
Email: bmisiura@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: MSimons@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom, Inc.
*formerly known as*
Westinghouse Electric Corporation

represented by **Thomas F. Maxwell , Jr.**
Pullman & Comley
850 Main St., Po Box 7006
Bridgeport, CT 06601-7006
203-330-2252
Email: tmaxwell@pullcom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**Foster Wheeler, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/31/2011 | 12 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 1 Notice of Removal, filed by Air & Liquid Systems Corporation, 10 Order on Pretrial Deadlines, 5 Notice of Appearance filed by Air & Liquid Systems Corporation, 2 Notice (Other) filed by Air & Liquid Systems Corporation, 11 Electronic Filing Order, 3 Notice of Appearance filed by Air & Liquid Systems Corporation, 9 Corporate Disclosure Statement filed by CBS Corporation, 6 Intervenor Complaint filed by General Dynamics/Electric Boat Corporation, 8 MOTION for Joinder re 1 Notice of Removal, filed by Air & Liquid Systems Corporation filed by CBS Corporation, 4 Corporate Disclosure Statement filed by Air & Liquid Systems Corporation, 7 Notice of Appearance filed by CBS Corporation. Signed by Clerk on 10/31/11. (Attachments: # 1 Standing Orders In Removal Cases)(Malone, P.) (Entered: 10/31/2011) |
| 10/28/2011 | 9 | Corporate Disclosure Statement by CBS Corporation. (Maxwell, Thomas) |

| | | |
|---|---|---|
| | | (Entered: 10/28/2011) |
| 10/28/2011 | 8 | MOTION for Joinder re 1 Notice of Removal, filed by Air & Liquid Sy Corporation by CBS Corporation. (Attachments: # 1 Exhibit 1, # 2 Exh (Maxwell, Thomas) (Entered: 10/28/2011) |
| 10/28/2011 | 7 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation (Maxwell, Thomas) (Entered: 10/28/2011) |
| 10/27/2011 | 11 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCI COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Charles S. Haight, Jr on 10/27/11. (Malone, P.) (Entered: 10/31/2011) |
| 10/27/2011 | 10 | Order on Pretrial Deadlines: Discovery due by 4/27/2012. Signed by C on 10/27/11. (Malone, P.) Modified on 10/31/2011 to correct text (Mal (Entered: 10/31/2011) |
| 10/27/2011 | | Judge Charles S. Haight, Jr added. (Oliver, T.) (Entered: 10/28/2011) |
| 10/27/2011 | 6 | Intervenor COMPLAINT filed in State Court by General Dynamics/El Boat Corporation.(Walker, J.) (Entered: 10/28/2011) |
| 10/27/2011 | 5 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & L Systems Corporation (Misiura, Bryna) (Entered: 10/27/2011) |
| 10/27/2011 | 4 | Corporate Disclosure Statement by Air & Liquid Systems Corporation identifying Corporate Parent Ampco-Pittsburgh Corporation for Air & Systems Corporation. (Simons, Michael) (Entered: 10/27/2011) |
| 10/27/2011 | 3 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liq Systems Corporation (Simons, Michael) (Entered: 10/27/2011) |
| 10/27/2011 | 2 | NOTICE by Air & Liquid Systems Corporation *of Pending Motions* (S Michael) (Entered: 10/27/2011) |
| 10/27/2011 | 1 | NOTICE OF REMOVAL by Air & Liquid Systems Corporation from District of Fairfield at Bridgeport, case number 11-6021311-S. Filing fi receipt number 0205-2286585, filed by Air & Liquid Systems Corporat (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Certificate Service, # 5 Notice to State Court of Removal)(Simons, Michael) (Ente 10/27/2011) |

 CT Corporation

**Service of Process Transmittal**
08/18/2011
CT Log Number 519012679

TO: Rose Hoover, Vice Pres. Admin. and Corporate Sec.
Ampco-Pittsburgh Corporation
600 Grant Street, Suite 4600
Pittsburgh, PA 15219

RE: **Process Served in Pennsylvania**

FOR: Air & Liquid Systems Corporation (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John Bender & Susan Bender, Pltfs. vs. Air & Liquid Systems Corporation, etc., et al. Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, |
| **COURT/AGENCY:** | Superior Court, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Harrisburg, PA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/18/2011 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | 09/06/2011 |
| **ATTORNEY(S) / SENDER(S):** | Elizabeth Murray<br>Early Lucarelli Sweeney & Meisenkothen LLC<br>One Century Tower<br>11th Floor<br>265 Church Street<br>PO Box 1866<br>New Haven, CT 06508-1866<br>203-777-7799 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/18/2011, Expected Purge Date: 08/23/2011<br>Image SOP<br>Email Notification, Rose Hoover RHOOVER@AMPCOPGH.COM<br>Email Notification, Jess Nock jnock@ampcopgh.com<br>Email Notification, Jen Sauers jsauers@ampcopgh.com<br>Email Notification, Nicole Sayles nsayles@ampcopgh.com<br>Email Notification, Insurance Department insurance@ampcopgh.com |
| **SIGNED:** | CT Corporation System |
| **PER:** | Sabra Dudding |
| **ADDRESS:** | 116 Pine Street<br>3rd Floor, Suite 320<br>Harrisburg, PA 17101 |
| **TELEPHONE:** | 717-234-6004 |

Page 1 of 1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUMMONS**
**CIVIL (except family actions)**
JD-CV-1
GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a
52-48, 52-259
PR. BK. 49, 63, 66

**SUPERIOR COURT**

**INSTRUCTIONS**

1. Prepare on typewriter: sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original summons and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

**X** ONE OF THE FOLLOWING
☐ Amount, legal interest or property in demand, exclusive of interest and costs is less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more (exclusive of interest)
☐ Claiming other relief in addition to or in lieu of money damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| ☒ JUDICIAL DISTRICT | AT (Town in which writ is returnable)(Gen. Stat. 51-349) | RETURN DATE (Mo., day, yr) |
|---|---|---|
| ☐ HOUSING SESSION   ☐ G.A. | Bridgeport | 09.06.11 |

ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-347, 51-350)(No., town & zip code)

| | CASE TYPE(From Judic. Dept. case type list-see back) |
|---|---|
| 1061 Main Street, Bridgeport, CT, 06604   (203) 579-6527 | Major  T        Minor  20 |

| PARTIES | NOTE: Individual's Names: Last, First, Middle Initial   NAME AND ADDRESS OF EACH PARTY (No., street, town & zip code)   ☒ Form JD-CV-2 attached | PTY NO |
|---|---|---|
| FIRST NAMED PLAINTIFF | Bender, John, 25 Old Route 89 Lebanon, CT 06249 | 01 |
| Additional Plaintiff | Bender, Susan, 25 Old Route 89 Lebanon, CT 06249 | 02 |
| FIRST NAMED DEFENDANT | Air & Liquid Systems Corp., successor by merger to Buffalo Pumps, Inc., CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101 | 50 |
| Additional Defendant | CBS Corporation, a DE corp., f/k/a Viacom inc., succ. by merger to CBS Corp., a PA corp., f/k/a Westinghouse Electric Corp. & succ in int. to Sturtevant & BF Sturtevant, Eckert Seamans Cherin & Mellott LLC, Lit. Mgmt, US Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 | 51 |
| Additional Defendant | Foster Wheeler L.L.C. as successor to CH Wheeler , Jack Deones, Perryville Corporate Park, Clintonville, NJ  08809 | 52 |
| Additional Defendant | General Electric Company, CT Corp. System, One Commercial Plaza, Hartford, CT  06106 | 53 |

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written ☒Appearance☒ form on time, a judgment may be entered against you by default.
6. The Appearance☒ form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 08.12.11 | SIGNED  s/430733 | ☒ Commissioner of Superior Court  ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT Elizabeth Murray, Esq. |
|---|---|---|---|

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code) Early Lucarelli Sweeney & Meisenkothen, LLC 265 Church Street, New Haven, CT  06510 | TELEPHONE NO. 203-777-7799 | JURIS NO. (If atty. or law firm) 409080 |
|---|---|---|

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code)
Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511

SIGNATURE OF PLAINTIFF IF PRO SE

| NO. PLFS. 2 | NO. DEFS. 4 | NO. CNTS. 3 | SIGNED (Official taking recognizance, ☒x☒ proper s/430733 | ☒ Commissioner of Superior Court ☐ Assistant Clerk | For Court Use Only FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED by a CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

A TRUE COPY ATTEST
KEITH D. NIEDERWIES
CONNECTICUT STATE MARSHAL

| I hereby certify I have read and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

SUMMONS, Civil

| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| RETURN DATE:  SEPTEMBER 6, 2011 | : SUPERIOR COURT |
| | : |
| JOHN BENDER & SUSAN BENDER | : J.D. OF FAIRFIELD |
| | : |
| VS. | :AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORPORATION, as | : |
| Successor by Merger to Buffalo Pumps, Inc | : |
| CBS CORPORATION, a Delaware corporation, f/k/a | : |
| Viacom Inc., successor by merger to CBS Corporation, a | : |
| Pennsylvania corporation, f/k/a Westinghouse Electric | : |
| Corporation, | : |
| FOSTER WHEELER L.L.C., | : |
| GENERAL ELECTRIC COMPANY, | : AUGUST 12, 2011 |

## COMPLAINT

### COUNT I

    1. The plaintiff, JOHN BENDER, is a citizen of the State of Connecticut and resides at 25 Old Route 89, Lebanon, Connecticut.

    2. The plaintiff, SUSAN BENDER is a citizen of the State of Connecticut and resides at 25 Old Route 89, Lebanon, Connecticut.

    3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants"), named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4.  The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5.  The plaintiff was exposed to various asbestos containing products while working as an electrician during the 1960's.  Plaintiff was also exposed to asbestos while working on furnaces and boilers from the mid 1960's through 1979.  Such exposure in Connecticut contributed in part or totally to the plaintiff's contraction of asbestos-related mesothelioma and other asbestos-related pathologies.

6.  During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7.  Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites in Connecticut where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8.  At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was

forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

(a)     Said asbestos-containing products were unreasonably defective in one or more of the following ways:

1.     in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

2.     in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

3.     in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

(b)     The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and

correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

      (c)    The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12. As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13. The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15. As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16. As a further result of said illness, the plaintiff's earning capacity is impaired.

17. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

18. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

24. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27. The defendants breached these duties by:

(a)    failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b)    failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c)     failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)     supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e)     supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)     failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)     failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)     failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i)     failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)     generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.  The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, JOHN BENDER claims damages.

## COUNT II

(As to Plaintiff SUSAN BENDER and all Defendants)

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29.  As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, SUSAN BENDER, claims damages.

<u>COUNT III</u>

1.- 29. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

30.  The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

31.  The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

32.  The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

33. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

34. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE, JOHN BENDER & SUSAN BENDER demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

THE PLAINTIFF

BY:  s/430733
Elizabeth Murray, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their attorneys

A TRUE COPY ATTEST

KEITH D. NEJAIKOWSKI
CONNECTICUT STATE MARSHAL

| IN RE: ASBESTOS LITIGATION |
|---|

| RETURN DATE: SEPTEMBER 6, 2011 | : SUPERIOR COURT |
|---|---|
| | : |
| JOHN BENDER & SUSAN BENDER | : J.D. OF FAIRFIELD |
| | : |
| VS. | :AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORP., ET AL | :AUGUST 12, 2011 |

WHEREFORE, the plaintiff, JOHN BENDER & SUSAN BENDER claims as to the

defendants:

1. Full, fair and just money damages;

2. Punitive and exemplary damages, including attorney's fees;

3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes

Sections 52-240a and 52-240b (First Count);

4. Costs of this action.

THE PLAINTIFF

BY:   s/430733
      Elizabeth Murray, Esq.
      Early, Lucarelli, Sweeney & Meisenkothen, LLC
      One Century Tower, 11th Floor
      265 Church Street P.O. Box 1866
      New Haven, CT 06508-1866
      (203) 777-7799
      Juris No. 409080
      Their attorneys

A TRUE COPY ATTEST

KEITH D. NI_____
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

| IN RE: ASBESTOS LITIGATION |
|---|

RETURN DATE:  SEPTEMBER 6, 2011         : SUPERIOR COURT
                                       :

JOHN BENDER & SUSAN BENDER       : J.D. OF FAIRFIELD
                                       :

VS.                                           :AT BRIDGEPORT
                                       :

AIR & LIQUID SYSTEMS CORP., ET AL     :AUGUST 12, 2011

The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

                           THE PLAINTIFF

                           BY:_____s/430733_____
                           Elizabeth Murray, Esq.
                           Early, Lucarelli, Sweeney & Meisenkothen, LLC
                           One Century Tower, 11th Floor
                           265 Church Street P.O. Box 1866
                           New Haven, CT 06508-1866
                           (203) 777-7799
                           Juris No. 409080
                           Their attorneys

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080



CERTIFIED MAIL™

**Connecticut State Marshal**
Keith D. Niziankiewicz
P.O. Box 280054
East Hartford, CT  06128-0054

7010 2780 0002 0422 9268

$6.439
US POSTAGE
FIRST-CLASS

071V00798701
06108

CT Corporation System
The Secretary
Air & Liquid Systems Corp.
116 Pine St Ste 320
Harrisburg, PA 17101-1250