# U.S. District Court
## Northern District of Alabama (Northeastern)
## CIVIL DOCKET FOR CASE #: 5:11-cv-03367-HGD

Jones et al v. 3M et al
Assigned to: Magistrate-Judge Harwell G Davis, III
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 09/16/2011
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Venise Faye Jones**                      represented by   **G Patterson Keahey , Jr**
                                                            LAW OFFICES OF G PATTERSON
                                                            KEAHEY PC
                                                            1 Independence Plaza, Suite 612
                                                            Birmingham, AL 35209
                                                            205-871-0707
                                                            Fax: 205-871-0801
                                                            Email: efile@mesohelp.com
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joe L. Allen**                           represented by   **G Patterson Keahey , Jr**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**William McDaniel**                       represented by   **G Patterson Keahey , Jr**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kenneth R. Jones**                       represented by   **G Patterson Keahey , Jr**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**William M. Blackwell**                   represented by   **G Patterson Keahey , Jr**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hugh Ray Harbin**                        represented by   **G Patterson Keahey , Jr**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Johnny H. Etheridge**                    represented by   **G Patterson Keahey , Jr**
                                                            (See above for address)

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | |
|---|---|
| **3M**<br>*also known as*<br>Minnesota Mining & Manufacturing | represented by **James A Harris , III**<br>HARRIS & HARRIS LLP<br>Colonial Bank Building, Suite 450<br>2501 20th Place, South<br>Birmingham, AL 35223<br>871-5777<br>Fax: 871-0029<br>Email: jamey@harris-harris.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Nicole Mapp Hardee**<br>HARRIS & HARRIS LLP<br>2501 20th Place south. Suite 450<br>Birmingham, AL 35223<br>205-871-5777<br>Fax: 205-871-0029<br>Email: nicole@harris-harris.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Anchor Darling Valve Company**

**Defendant**

| | |
|---|---|
| **A.W. Chesterton Company** | represented by **Edward B. McDonough , Jr**<br>EDWARD B MCDONOUGH JR PC<br>PO Box 1943<br>Mobile, AL 36633<br>251-432-3296<br>Fax: 251-432-3300<br>Email: ebm@emcdonoughlaw.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | |
|---|---|
| **Buffalo Pumps, Inc.** | represented by **Edward B. McDonough , Jr**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | |
|---|---|
| **CBS Corporation**<br>*formerly known as*<br>Viacom, Inc, successor by merger with<br>CBS Corporation<br>*formerly known as* | represented by **James A Harris , III**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Nicole Mapp Hardee** |

Westinghouse Electric Corporation                    (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Certainteed Corp.**                 represented by **Evelyn Fletcher Davis**
                                                     HAWKINS & PARNELL LLP
                                                     303 Peachtree Street NE, Suite 4000
                                                     Atlanta, GA 30308-3243
                                                     404-614-7400
                                                     Fax: 404-614-7500
                                                     Email: edavis@hptylaw.com
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Cleaver-Brooks, Inc.**              represented by **Ernest L Wetzler**
*a division of Aqua Chem, Inc.*                      HAWKINS PARNELL THACKSTON
                                                     & YOUNG LLP
                                                     303 Peachtree Street NE, Suite 4000
                                                     Atlanta, GA 30308
                                                     404-614-7602
                                                     Fax: 404-614-7500
                                                     Email: ewetzler@hptylaw.com
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Company**                     represented by **F Grey Redditt , Jr**
                                                     VICKERS RIIS MURRAY &
                                                     CURRAN LLC
                                                     106 St. Francis Street, 11th Floor
                                                     P O Drawer 2568
                                                     Mobile, AL 36652-2568
                                                     251-432-9772
                                                     Fax: 251-432-9781
                                                     Email: gredditt@vickersriis.com
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Timothy Allen Clarke**
                                                     VICKERS RIIS MURRAY &
                                                     CURRAN LLC
                                                     Regions Bank Building, 11th Floor
                                                     106 St. Francis Street
                                                     PO Drawer 2568
                                                     Mobile, AL 36652-2568
                                                     251-432-9772
                                                     Fax: 251-432-9781
                                                     Email: tclarke@vickersriis.com
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Crown Holdings, Inc.**              represented by **Walter T Gilmer , Jr**

*individually, and as parent company of
Crown Cork & Seal Co., Inc.,
individually, and as successor in
interest to Mundet Cork Corporation*

MCDOWELL KNIGHT ROEDER &
SLEDGE LLC
P O Box 350
Mobile, AL 36601
251-432-5300
Fax: 251-432-5303
Email: wgilmer@mcdowellknight.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anne Laurie McClurkin**
MCDOWELL KNIGHT ROEDER &
SLEDGE LLC
63 South Royal Street, Suite 900
P O Box 350
Mobile, AL 36601
251-432-5300
Fax: 251-432-5303
Email:
amcclurkin@mcdowellknight.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dana Companies, LLC**
*formerly known as*
Dana Corporation, individually and as
successor in interest to Victor
Manufacturing & Gasket Company

represented by  **Evelyn Fletcher Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Durabla Manufacturing Company**

**Defendant**

**Flowserve Corporation**
*individually and as successor in interest
to Durco International and Pacific
Pumps*

represented by  **Donald C Partridge**
FORMAN PERRY WATKINS
KRUTZ & TARDY LLP
P.O. Box 22608
Jackson, MS 39056
601-960-8600
Fax: 601-960-8613
Email: partridgedc@fpwk.com
*ATTORNEY TO BE NOTICED*

**Edward B. McDonough , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard M Crump**
FORMAN PERRY WATKINS
KRUTZ & TARDY LLP

City Centre, Suite 100S
200 South Lamar Street
Jackson, MS 39201
601-960-8600
Fax: 601-960-8613
Email: crumprm@fpwk.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**FMC Corporation**                    represented by **Allan R Wheeler**
*inidividually and as successor in*                    BURR & FORMAN LLP
*interest to Peerless Pump Co.*                    3400 Wachovia Tower
                    420 North 20th Street
                    Birmingham, AL 35203
                    205-251-3000
                    Fax: 205-485-5100
                    Email: awheeler@burr.com
                    *ATTORNEY TO BE NOTICED*

                    **C Paul Cavender**
                    BURR & FORMAN LLP
                    420 North 20th Street, Suite 3400
                    Birmingham, AL 35203
                    205-251-3000
                    Fax: 205-458-5100
                    Email: pcavende@burr.com
                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler LLC**                    represented by **F Grey Redditt , Jr**
                    (See above for address)
                    *ATTORNEY TO BE NOTICED*

                    **Timothy Allen Clarke**
                    (See above for address)
                    *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric**                    represented by **Jenelle R Evans**
                    BALCH & BINGHAM LLP
                    1901 Sixth Avenue North, Suite 2700
                    PO Box 306
                    Birmingham, AL 35201-0306
                    205-251-8100
                    Fax: 205-226-8799
                    Email: jevans@balch.com
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **S Allen Baker , Jr**

BALCH & BINGHAM LLP
1901 6th Avenue North, Ste 1500
(35203)
PO Box 306
Birmingham, AL 35201-0306
205-251-8100
Fax: 205-488-5880
Email: abaker@balch.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia-Pacific LLC**                  represented by   **Allan R Wheeler**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **C Paul Cavender**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**The Goodyear Tire & Rubber
Company**                                represented by   **William L Waudby**
                                         BAKER, DONELSON, BEARMAN,
                                         CALDWELL & BERKOWITA
                                         420 North 20th Street, Suite 1600
                                         Birmingham, AL 35203
                                         205-328-0480
                                         Fax: 205-488-3737
                                         Email: bwaudby@bakerdonelson.com
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Goulds Pumps Incorporated**            represented by   **Timothy Allen Clarke**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **F Grey Redditt , Jr**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc**          represented by   **Frank E Lankford , Jr**
*individually and as successor in interest*              HUIE FERNAMBUCQ & STEWART
*to Allied Chemical f/k/a Bendix*                        LLP
*Corporation*                                            Three Protective Center
                                         2801 Highway 280 S, Suite 200
                                         Birmingham, AL 35223-2484
                                         205-251-1193
                                         Fax: 205-251-1256
                                         Email: fel@hfsllp.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert R Baugh**
SIROTE AND PERMUTT PC
PO Box 55727
Birmingham, AL 35255-5727
930-5100
Fax: 930-5335
Email:
baughnortherndistrict@sirote.com
*ATTORNEY TO BE NOTICED*

**Robin Beardsley Mark**
SIROTE & PERMUTT PC
2311 Highland Avenue South
Birmingham, AL 35205
205-930-5242
Fax: 205-930-5101
Email: rbeardsley@sirote.com
*ATTORNEY TO BE NOTICED*

**Stewart W McCloud**
HUIE FERNAMBUCQ & STEWART
LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
205-251-1193
Fax: 205-251-1256
Email: swm@hfsllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Metropolitan Life Insurance**          represented by **Joi C Scott**
**Company**                              CHRISTIAN & SMALL LLP
                                         1800 Financial Center
                                         505 North 20th Street
                                         Birmingham, AL 35203-2696
                                         205-795-6588
                                         Fax: 205-328-7234
                                         Email: jcscott@csattorneys.com
                                         *ATTORNEY TO BE NOTICED*

                                         **Michael A Vercher**
                                         CHRISTIAN & SMALL LLP
                                         505 North 20th Street, Suite 1800
                                         Birmingham, AL 35203-2696
                                         205-795-6588
                                         Fax: 205-795-6588

Email: mavercher@csattorneys.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**National Service Industries, Inc.**

**Defendant**

**Saint-Gobain Abrasives, Inc**               represented by   **Robert H Sprain , Jr**
*individually and as successor in interest*                   SPRAIN LAW FIRM PC
*to Norton Company*                                           1707 29th Court South
                                                             Birmingham, AL 35209
                                                             205-437-3232
                                                             Fax: 205-802-7083
                                                             Email: rhs@sprainlaw.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Steel Corp.**                          represented by   **Allan R Wheeler**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **C Paul Cavender**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S.X. Corporation**                        represented by   **Allan R Wheeler**
*as successor in interest to United States*                   (See above for address)
*Steel LLC f/k/a Tennessee Coal and*                          *ATTORNEY TO BE NOTICED*
*Iron*
                                                             **C Paul Cavender**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Sepco Corporation**                         represented by   **Frank E Lankford , Jr**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Sterling Fluid Systems (USA), LLC**         represented by   **Allan R Wheeler**
*formerly known as*                                          (See above for address)
Peerless Pump Company                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/16/2011 | 1 | COMPLAINT against 3M, A.W. Chesterton Company, Anchor Darling Valve |

| | | |
|---|---|---|
| | | Company, Buffalo Pumps, Inc., CBS Corporation, Certainteed Corp., Cleaver-Brooks, Inc., Crane Company, Crown Holdings, Inc., Dana Companies, LLC, Durabla Manufacturing Company, FMC Corporation, Flowserve Corporation, Foster Wheeler LLC, General Electric, Georgia-Pacific LLC, Goulds Pumps Incorporated, Honeywell International Inc, Metropolitan Life Insurance Company, National Service Industries, Inc., Saint-Gobain Abrasives, Inc, Sepco Corporation, Sterling Fluid Systems (USA), LLC, The Goodyear Tire & Rubber Company, U.S. Steel Corp. and U.S.X. Corporation filed all Plaintiffs (SPT, ) (Entered: 09/19/2011) |
| 09/16/2011 | 2 | Request for service by certified mail filed by all Plainitffs. (SPT ) (Entered: 09/19/2011) |
| 09/22/2011 | | Filing fee: $ 350.00, receipt number H4601000996 (SPT ) (Entered: 09/22/2011) |
| 09/22/2011 | 3 | Summons Issued as to 3M, A.W. Chesterton Company, Buffalo Pumps, Inc., CBS Corporation, Certainteed Corp., Cleaver-Brooks, Inc., Crane Company, Crown Holdings, Inc., Dana Companies, LLC, Durabla Manufacturing Company, FMC Corporation, Flowserve Corporation, Foster Wheeler LLC, General Electric, Georgia-Pacific LLC, Goulds Pumps Incorporated, Honeywell International Inc, Metropolitan Life Insurance Company, National Service Industries, Inc., Saint-Gobain Abrasives, Inc, The Goodyear Tire & Rubber Company, U.S. Steel Corp. and U.S.X. Corporation by Clerk for service by certified mail. (SPT) (Entered: 09/22/2011) |
| 09/28/2011 | 4 | SUMMONS Returned Executed by Plaintiffs. A.W. Chesterton Company served on 9/26/2011, answer due 10/17/2011. (SPT ) (Entered: 09/29/2011) |
| 09/28/2011 | 5 | SUMMONS Returned Executed by Plaintiffs. CBS Corporation served on 9/26/2011, answer due 10/17/2011. (SPT ) (Entered: 09/29/2011) |
| 09/28/2011 | 6 | SUMMONS Returned Executed by Plaintiffs. The Goodyear Tire & Rubber Company served on 9/26/2011, answer due 10/17/2011. (SPT ) (Entered: 09/29/2011) |
| 09/28/2011 | 7 | SUMMONS Returned Executed by Plaintiffs. National Service Industries, Inc. served on 9/26/2011, answer due 10/17/2011. (SPT ) (Entered: 09/29/2011) |
| 09/29/2011 | 8 | SUMMONS Returned Executed 3M; U.S.X. Corporation served (no date on green cards). (AVC) (Entered: 09/29/2011) |
| 09/29/2011 | 9 | SUMMONS Returned Executed by Plaintiffs. Cleaver-Brooks, Inc. served on 9/27/2011, answer due 10/18/2011. (SPT ) (Entered: 09/30/2011) |
| 09/29/2011 | 10 | SUMMONS Returned Executed by Plaintiffs. Flowserve Corporation served on 9/27/2011, answer due 10/18/2011. (SPT ) (Entered: 09/30/2011) |
| 09/29/2011 | 11 | SUMMONS Returned Executed by Plaintiffs. FMC Corporation served on 9/27/2011, answer due 10/18/2011. (SPT ) (Entered: 09/30/2011) |
| 09/29/2011 | 12 | SUMMONS Returned Executed by Plaintiffs. General Electric served on 9/27/2011, answer due 10/18/2011. (SPT ) (Entered: 09/30/2011) |
| | | |

| 09/29/2011 | 13 | SUMMONS Returned Executed by Plaintiffs. Georgia-Pacific LLC served on 9/27/2011, answer due 10/18/2011. (SPT ) (Entered: 09/30/2011) |
| 09/29/2011 | 14 | SUMMONS Returned Executed by Plaintiffs. Honeywell International Inc served on 9/26/2011, answer due 10/17/2011. (SPT ) (Entered: 09/30/2011) |
| 09/29/2011 | 15 | SUMMONS Returned Executed by Plaintiffs. Metropolitan Life Insurance Company served on 9/27/2011, answer due 10/18/2011. (SPT ) (Entered: 09/30/2011) |
| 09/29/2011 | 16 | SUMMONS Returned Executed by Plaintiffs. Saint-Gobain Abrasives, Inc served on 9/27/2011, answer due 10/18/2011. (SPT ) (Entered: 09/30/2011) |
| 09/29/2011 | 17 | SUMMONS Returned Executed by Plaintiffs. U.S. Steel Corp. served on 9/26/2011, answer due 10/17/2011. (SPT ) (Entered: 09/30/2011) |
| 09/30/2011 | 19 | SUMMONS Returned Executed by Plaintiffs. Buffalo Pumps, Inc. served on 9/27/2011, answer due 10/18/2011. (SPT ) (Entered: 10/04/2011) |
| 09/30/2011 | 22 | SUMMONS Returned Executed by Plaintiffs; Crown Holdings, Inc. served, no date of delivery on green card. (SPT ) Modified on 10/4/2011 (SPT ). (Entered: 10/04/2011) |
| 09/30/2011 | 23 | SUMMONS Returned Executed by Plaintiffs. Dana Companies, LLC served on 9/26/2011, answer due 10/17/2011. (SPT ) (Entered: 10/04/2011) |
| 10/03/2011 | 20 | SUMMONS Returned Executed by Plaintiffs. Certainteed Corp. served on 9/27/2011, answer due 10/18/2011. (SPT ) (Entered: 10/04/2011) |
| 10/03/2011 | 21 | SUMMONS Returned Executed by Plaintiffs; Crane Company served, date of delivery ineligible. (SPT ) (Entered: 10/04/2011) |
| 10/03/2011 | 24 | SUMMONS Returned Executed by Plaintiffs. Foster Wheeler LLC served on 9/27/2011, answer due 10/18/2011. (SPT ) (Entered: 10/04/2011) |
| 10/03/2011 | 25 | Summons Returned Unexecuted by Plaintiffs as to Durabla Manufacturing Company. (SPT ) (Entered: 10/04/2011) |
| 10/04/2011 | 18 | NOTICE of Appearance by Jenelle R Evans on behalf of General Electric (Evans, Jenelle) (Entered: 10/04/2011) |
| 10/04/2011 | 26 | NOTICE of Appearance by Timothy Allen Clarke on behalf of Foster Wheeler LLC (Clarke, Timothy) (Entered: 10/04/2011) |
| 10/04/2011 | 27 | AMENDED COMPLAINT against All Defendants, filed by Kenneth R. Jones, Venise Faye Jones, Hugh Ray Harbin, Johnny H. Etheridge, Joe L. Allen, William M. Blackwell, William McDaniel. (Attachments: # 1 Supplement Original Complaint)(Keahey, G) (Entered: 10/04/2011) |
| 10/05/2011 | 28 | Summons Issued as to Sepco Corporation by Clerk for service by certified mail. (SPT ) (Entered: 10/05/2011) |
| 10/05/2011 | 29 | Summons Issued as to Sterling Fluid Systems (USA), LLC by Clerk for service by certified mail. (SPT ) (Entered: 10/05/2011) |
| 10/10/2011 | 30 | NOTICE of Appearance by Robert H Sprain, Jr on behalf of Saint-Gobain |

| | | |
|---|---|---|
| | | Abrasives, Inc (Sprain, Robert) (Entered: 10/10/2011) |
| 10/10/2011 | 31 | ANSWER to Complaint, ANSWER to Amended Complaint by 3M.(Harris, James) (Entered: 10/10/2011) |
| 10/10/2011 | 32 | NOTICE of Appearance by Nicole Mapp Hardee on behalf of 3M (Hardee, Nicole) (Entered: 10/10/2011) |
| 10/10/2011 | 33 | Corporate Disclosure Statement by 3M. (Harris, James) (Entered: 10/10/2011) |
| 10/10/2011 | 34 | NOTICE by 3M *of Tag-Along Action* (Harris, James) (Entered: 10/10/2011) |
| 10/11/2011 | 35 | NOTICE of Appearance by F Grey Redditt, Jr on behalf of Foster Wheeler LLC (Redditt, F) (Entered: 10/11/2011) |
| 10/11/2011 | 36 | NOTICE of Appearance by F Grey Redditt, Jr on behalf of Crane Company (Redditt, F) (Entered: 10/11/2011) |
| 10/11/2011 | 37 | NOTICE of Appearance by Timothy Allen Clarke on behalf of Crane Company (Clarke, Timothy) (Entered: 10/11/2011) |
| 10/11/2011 | 38 | Corporate Disclosure Statement by Foster Wheeler LLC. (Clarke, Timothy) (Entered: 10/11/2011) |
| 10/11/2011 | 39 | Corporate Disclosure Statement by Crane Company. (Redditt, F) (Entered: 10/11/2011) |
| 10/11/2011 | 40 | ANSWER to Complaint, ANSWER to Amended Complaint by CBS Corporation.(Harris, James) (Entered: 10/11/2011) |
| 10/11/2011 | 41 | Corporate Disclosure Statement by CBS Corporation. (Harris, James) (Entered: 10/11/2011) |
| 10/11/2011 | 42 | NOTICE of Appearance by Nicole Mapp Hardee on behalf of CBS Corporation (Hardee, Nicole) (Entered: 10/11/2011) |
| 10/11/2011 | 43 | SUMMONS Returned Executed Sterling Fluid Systems (USA), LLC served on 10/7/2011, answer due 10/28/2011. (AHI) (Entered: 10/12/2011) |
| 10/13/2011 | 44 | *Affirmative Defenses and* ANSWER to Complaint with Jury Demand by Cleaver-Brooks, Inc..(Wetzler, Ernest) (Entered: 10/13/2011) |
| 10/13/2011 | 45 | Summons Issued as to Anchor Darling Valve Company by Clerk for service by certified mail. (AHI) (Entered: 10/13/2011) |
| 10/13/2011 | 46 | NOTICE of Appearance by Frank E Lankford, Jr on behalf of Honeywell International Inc (Lankford, Frank) (Entered: 10/13/2011) |
| 10/13/2011 | 47 | NOTICE by Honeywell International Inc *Of Tag Along Action* (Lankford, Frank) (Entered: 10/13/2011) |
| 10/13/2011 | 48 | Corporate Disclosure Statement by Honeywell International Inc. (Lankford, Frank) (Entered: 10/13/2011) |
| 10/13/2011 | 49 | NOTICE of Appearance by Stewart W McCloud on behalf of Honeywell International Inc (McCloud, Stewart) (Entered: 10/13/2011) |

| | | |
|---|---|---|
| 10/14/2011 | 50 | *Affirmative Defenses and* ANSWER to Amended Complaint by Cleaver-Brooks, Inc..(Wetzler, Ernest) (Entered: 10/14/2011) |
| 10/14/2011 | 51 | Corporate Disclosure Statement by Cleaver-Brooks, Inc.. (Wetzler, Ernest) (Entered: 10/14/2011) |
| 10/14/2011 | 52 | SUMMONS Returned Executed by Plaintiffs. Sepco Corporation served on 10/11/2011, answer due 11/1/2011. (SPT ) (Entered: 10/17/2011) |
| 10/17/2011 | 53 | NOTICE of Appearance by Edward B. McDonough, Jr on behalf of A.W. Chesterton Company (McDonough, Edward) (Entered: 10/17/2011) |
| 10/17/2011 | 54 | Corporate Disclosure Statement by A.W. Chesterton Company. (McDonough, Edward) (Entered: 10/17/2011) |
| 10/17/2011 | 55 | MOTION to Dismiss by Certainteed Corp.. (Fletcher Davis, Evelyn) (Entered: 10/17/2011) |
| 10/17/2011 | 56 | MOTION to Dismiss by Dana Companies, LLC. (Fletcher Davis, Evelyn) (Entered: 10/17/2011) |
| 10/17/2011 | 57 | ANSWER to Complaint by U.S. Steel Corp., U.S.X. Corporation.(Wheeler, Allan) (Entered: 10/17/2011) |
| 10/17/2011 | 58 | ANSWER to Complaint with Jury Demand *Answer and Defenses of Metropolitan Life Insurance Company to Plaintiff's Complaint, With Jury Demand Endorsed Thereon* by Metropolitan Life Insurance Company.(Scott, Joi) (Entered: 10/17/2011) |
| 10/18/2011 | 59 | Corporate Disclosure Statement by Saint-Gobain Abrasives, Inc. (Sprain, Robert) (Entered: 10/18/2011) |
| 10/18/2011 | 60 | ANSWER to Complaint by Saint-Gobain Abrasives, Inc.(Sprain, Robert) (Entered: 10/18/2011) |
| 10/18/2011 | 61 | ANSWER to Complaint, ANSWER to Amended Complaint by Crown Holdings, Inc..(Gilmer, Walter) (Entered: 10/18/2011) |
| 10/18/2011 | 62 | Corporate Disclosure Statement by Crown Holdings, Inc.. (Gilmer, Walter) (Entered: 10/18/2011) |
| 10/18/2011 | 63 | Corporate Disclosure Statement by Metropolitan Life Insurance Company. (Scott, Joi) (Entered: 10/18/2011) |
| 10/18/2011 | 64 | NOTICE by Buffalo Pumps, Inc. *of its Joinder in Motions to Dismiss* (McDonough, Edward) (Entered: 10/18/2011) |
| 10/18/2011 | 65 | Corporate Disclosure Statement by Buffalo Pumps, Inc.. (McDonough, Edward) (Entered: 10/18/2011) |
| 10/18/2011 | 66 | ANSWER to Complaint by Georgia-Pacific LLC.(Wheeler, Allan) (Entered: 10/18/2011) |
| 10/18/2011 | 67 | ANSWER to Complaint by FMC Corporation.(Wheeler, Allan) (Entered: 10/18/2011) |

| 10/18/2011 | 68 | NOTICE by Flowserve Corporation *of its Joinder in Motions to Dismiss* (McDonough, Edward) (Entered: 10/18/2011) |
| 10/18/2011 | 69 | Corporate Disclosure Statement by Flowserve Corporation. (McDonough, Edward) (Entered: 10/18/2011) |
| 10/18/2011 | 70 | NOTICE by A.W. Chesterton Company *of its Tag-Along Action* (McDonough, Edward) (Entered: 10/18/2011) |
| 10/18/2011 | 71 | NOTICE by A.W. Chesterton Company *of its Joinder in Motions to Dismiss* (McDonough, Edward) (Entered: 10/18/2011) |
| 10/19/2011 | 72 | MOTION to Dismiss *for Lack of Subject Matter Jurisdiction and Failure to State a Claim, Or, in the Alternative, Motion for More Definite Statement and Motion to Sever* by Foster Wheeler LLC. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Redditt, F) (Entered: 10/19/2011) |
| 10/19/2011 | 73 | ANSWER to Complaint by General Electric.(Evans, Jenelle) (Entered: 10/19/2011) |
| 10/19/2011 | 74 | NOTICE of Appearance by Frank E Lankford, Jr on behalf of Sepco Corporation (Lankford, Frank) (Entered: 10/19/2011) |
| 10/19/2011 | 75 | Corporate Disclosure Statement by Sepco Corporation. (Lankford, Frank) (Entered: 10/19/2011) |
| 10/20/2011 | 76 | SUMMONS Returned Executed by Plaintiffs. Anchor Darling Valve Company served on 10/17/2011, answer due 11/7/2011. (SPT ) (Entered: 10/21/2011) |
| 10/25/2011 | 77 | *Goodyear's* ANSWER to Complaint, *Goodyear's* ANSWER to Amended Complaint by The Goodyear Tire & Rubber Company.(Waudby, William) (Entered: 10/25/2011) |
| 10/25/2011 | 78 | Corporate Disclosure Statement by The Goodyear Tire & Rubber Company. (Waudby, William) (Entered: 10/25/2011) |
| 10/25/2011 | 79 | MOTION to Dismiss *Ingersoll-Dresser Pump Successor in Interest to Pacific Pumps Only Erroneously Sued as Flowserve US, Inc., as Alleged Successor in Interest to Pacific Pumps Only Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* by Flowserve Corporation. (Attachments: # 1 Exhibit A)(Partridge, Donald) (Entered: 10/25/2011) |
| 10/26/2011 | 80 | MOTION to Dismiss *for Lack of Subject Matter Jurisdiction and Failure to State a Claim, or, in the Alternative, Motion for More Definitive Statement and Motion to Sever* by Goulds Pumps Incorporated. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Clarke, Timothy) (Entered: 10/26/2011) |
| 10/26/2011 | 81 | Corporate Disclosure Statement by Goulds Pumps Incorporated. (Clarke, Timothy) (Entered: 10/26/2011) |
| 10/26/2011 | 82 | NOTICE of Appearance by F Grey Redditt, Jr on behalf of Goulds Pumps Incorporated (Redditt, F) (Entered: 10/26/2011) |
| 10/26/2011 | 83 | NOTICE of filing Exhibit 2 to 80 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction and Failure to State a Claim, or, in the Alternative, Motion* |

| | | |
|---|---|---|
| | | *for More Definitive Statement and Motion to Sever by Goulds Pumps Incorporated. (Clarke, Timothy) Modified on 10/26/2011 (SPT ). (Entered: 10/26/2011)* |
| 10/26/2011 | 84 | NOTICE of filing Exhibit 3 to 80 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction and Failure to State a Claim, or, in the Alternative, Motion for More Definitive Statement and Motion to Sever by Goulds Pumps Incorporated. (Clarke, Timothy) Modified on 10/26/2011 (SPT ). (Entered: 10/26/2011)* |
| 10/28/2011 | 85 | ANSWER to Complaint *as Amended* by Sterling Fluid Systems (USA), LLC. (Wheeler, Allan) (Entered: 10/28/2011) |
| 11/01/2011 | 86 | MOTION to Dismiss *for Failure to State a Claim, or, in the Alternative, Motion for More Definite Statement and Motion to Sever* by Crane Company. (Redditt, F) (Entered: 11/01/2011) |
| 11/07/2011 | 87 | MOTION to Dismiss *for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement and Motion to Sever* by Honeywell International Inc, Sepco Corporation. (Lankford, Frank) (Entered: 11/07/2011) |
| 11/09/2011 | 88 | NOTICE of Appearance by Robin Beardsley Mark on behalf of Honeywell International Inc (Mark, Robin) (Entered: 11/09/2011) |
| 11/15/2011 | 89 | RESPONSE in Opposition re 55 MOTION to Dismiss, 87 MOTION to Dismiss *for Failure to State a Claim, or, in the Alternative, Motion for More Definite Statement and Motion to Sever*, 79 MOTION to Dismiss *Ingersoll-Dresser Pump Successor in Interest to Pacific Pumps Only Erroneously Sued as Flowserve US, Inc., as Alleged Successor in Interest to Pacific Pumps Only Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* MOTION to Dismiss *Ingersoll-Dresser Pump Successor in Interest to Pacific Pumps Only Erroneously Sued as Flowserve US, Inc., as Alleged Successor in Interest to Pacific Pumps Only Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*, 56 MOTION to Dismiss, 72 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction and Failure to State a Claim, Or, in the Alternative, Motion for More Definite Statement and Motion to Sever*, 80 MOTION to Dismiss *for Lack of Subject Matter Jurisdiction and Failure to State a Claim, or, in the Alternative, Motion for More Definitive Statement and Motion to Sever*, 86 MOTION to Dismiss *for Failure to State a Claim, or, in the Alternative, Motion for More Definite Statement and Motion to Sever* filed by Kenneth R. Jones, Venise Faye Jones, William McDaniel. (Keahey, G) (Entered: 11/15/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/17/2011 15:25:56 | | |
| **PACER Login:** | hh0632 | **Client Code:** | 3106 |
| **Description:** | Docket Report | **Search Criteria:** | 5:11-cv-03367-HGD |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

FILED

2011 Oct-04  PM 04:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA, NORTHEASTERN DIVISION

| | | |
|---|---|---|
| VENISE FAYE JONES, | ) | |
| | ) | |
| JOE L. ALLEN, | ) | **Civil Action No.:** |
| | ) | |
| WILLIAM MCDANIEL, | ) | **11-cv-03367-HGD** |
| | ) | |
| KENNETH R. JONES, | ) | |
| | ) | **JURY DEMAND** |
| WILLIAM M. BLACKWELL, | ) | |
| | ) | |
| HUGH RAY HARBIN, | ) | |
| | ) | |
| JOHNNY H. ETHERIDGE, | ) | |
| | ) | |
|      **Plaintiffs,** | ) | |
| **vs.** | ) | |
| | ) | |
| **3M** a/k/a **Minnesota Mining & Manufacturing**, | ) | |
| | ) | |
| **ANCHOR DARLING VALVE COMPANY,** | ) | |
| | ) | |
| **A.W. CHESTERTON COMPANY,** | ) | |
| | ) | |
| **BUFFALO PUMPS, INC.** | ) | |
| | ) | |
| **CBS CORPORATION,** f/k/a **Viacom, Inc.**, successor by merger with **CBS Corporation**, f/k/a **Westinghouse Electric Corporation,** | ) | |
| | ) | |
| **CERTAINTEED CORP.,** | ) | |
| | ) | |
| **CLEAVER-BROOKS, INC.,** a division of **Aqua Chem, Inc.**, | ) | |
| | ) | |
| **CRANE COMPANY,** | ) | |
| | ) | |
| **CROWN HOLDINGS, INC.,** individually, and as parent company of Crown Cork & Seal | ) | |

Co., Inc., individually, and as )
successor in interest to Mundet )
Cork Corporation, )
                                )
**DANA COMPANIES, LLC**, f/k/a )
**Dana Corporation**, individually and )
as successor in interest to **Victor** )
**Manufacturing & Gasket** )
**Company,** )
                                )
**DURABLA MANUFACTURING** )
**COMPANY,** )
                                )
**FLOWSERVE CORPORATION**, )
individually and as successor in )
interest to **Durco International** and )
**Pacific Pumps,** )
                                )
**FMC CORPORATION**, )
individually and as successor in )
interest to **Peerless Pump Co.,** )
                                )
**FOSTER WHEELER LLC,** )
                                )
**GENERAL ELECTRIC,** )
                                )
**GEORGIA-PACIFIC LLC,** )
                                )
**THE GOODYEAR TIRE &** )
**RUBBER COMPANY,** )
                                )
**GOULDS PUMPS,** )
**INCORPORATED,** )
                                )
**HONEYWELL** )
**INTERNATIONAL INC.**, )
individually and as successor in )
interest to **Allied Chemical Inc.**, )
f/k/a **Bendix Corporation,** )
                                )
**METROPOLITAN LIFE** )
**INSURANCE COMPANY,** )
                                )
**NATIONAL SERVICE** )
**INDUSTRIES, INC.,** )
                                )

2

**SAINT-GOBAIN ABRASIVES,** )
**INC.**, individually and as successor )
in interest to **Norton Company,** )
  )
**SEPCO CORPORATION,** )
  )
**STERLING FLUID SYSTEMS** )
**(USA), LLC**, f/k/a **Peerless Pump** )
**Company,** )
  )
**U.S. STEEL CORP.,** )
  )
**U.S.X. CORPORATION** as )
successor in interest to **United States** )
**Steel LLC f/k/a Tennessee Coal and** )
**Iron,** )
  )
        **Defendants.** )

## FIRST AMENDED COMPLAINT

Plaintiffs amend their complaint, a copy of which is attached, and re-allege and incorporate each and every averment, material allegation, and disclaimer set out in same, as if fully set out herein, and further state:

The original complaint contained a clerical error naming as a single defendant in the case caption "Sepco Corporation, Sterling Fluid Systems (USA), LLC f/k/a Peerless Pump Company."  However, the complaint itself differentiates between the defendant named "Sepco Corporation" and the defendant named "Sterling Fluid Systems (USA), LLC f/k/a Peerless Pump Company."  (See paragraphs 32 and 33 of the original complaint).

This amendment serves to clean up the complaint and docket sheet and allow the docket clerk to issue the summons and complaint for service on each of these two defendants.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due

to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

THIS the 4th day of October, 2011.

s/ G. Patterson Keahey
G. PATTERSON KEAHEY
ASB-6357-A64G
*Attorney for Plaintiffs*

LAW OFFICES OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:         205-871-0707
FACSIMILE: 205-871-0801
EMAIL:         efile@mesohelp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2011, I have caused service of the foregoing on the parties of record by electronic filing with the Clerk of Court using the CM/ECF, electronic filing system, which will send a Notice of Electronic Filing to all parties with an e-mail address of record, and by first-class mail to those parties not registered to receive notice from the Clerk of Court.

s/ G. Patterson Keahey
OF COUNSEL

FILED

2011 Sep-19 AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA, NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **VENISE FAYE JONES,** | ) | |
| | ) | |
| **JOE L. ALLEN,** | ) | |
| | ) | |
| **WILLIAM MCDANIEL,** | ) | |
| | ) | |
| **KENNETH R. JONES,** | ) | |
| | ) | |
| **WILLIAM M. BLACKWELL,** | ) | |
| | ) | |
| **HUGH RAY HARBIN,** | ) | |
| | ) | |
| **JOHNNY H. ETHERIDGE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Civil Action No.:** |
| | ) | |
| **3M** a/k/a **Minnesota Mining & Manufacturing**, | ) | |
| | ) | _____ |
| **ANCHOR DARLING VALVE COMPANY,** | ) | |
| | ) | |
| **A.W. CHESTERTON COMPANY,** | ) | **JURY DEMAND** |
| | ) | |
| **BUFFALO PUMPS, INC.** | ) | |
| | ) | |
| **CBS CORPORATION**, f/k/a **Viacom, Inc.**, successor by merger with **CBS Corporation**, f/k/a **Westinghouse Electric Corporation,** | ) | |
| | ) | |
| **CERTAINTEED CORP.,** | ) | |
| | ) | |
| **CLEAVER-BROOKS, INC.**, a division of **Aqua Chem, Inc.**, | ) | |
| | ) | |
| **CRANE COMPANY,** | ) | |
| | ) | |
| **CROWN HOLDINGS, INC.,** individually, and as parent company of Crown Cork & Seal | ) | |

Co., Inc., individually, and as )
successor in interest to **Mundet** )
**Cork Corporation,** )
)
**DANA COMPANIES, LLC**, f/k/a )
**Dana Corporation**, individually and )
as successor in interest to **Victor** )
**Manufacturing & Gasket** )
**Company,** )
)
**DURABLA MANUFACTURING** )
**COMPANY,** )
)
**FLOWSERVE CORPORATION**, )
individually and as successor in )
interest to **Durco International** and )
**Pacific Pumps,** )
)
**FMC CORPORATION**, )
individually and as successor in )
interest to **Peerless Pump Co.,** )
)
**FOSTER WHEELER LLC,** )
)
**GENERAL ELECTRIC,** )
)
**GEORGIA-PACIFIC LLC,** )
)
**THE GOODYEAR TIRE &** )
**RUBBER COMPANY,** )
)
**GOULDS PUMPS,** )
**INCORPORATED,** )
)
**HONEYWELL** )
**INTERNATIONAL INC.**, )
individually and as successor in )
interest to **Allied Chemical Inc.**, )
f/k/a **Bendix Corporation,** )
)
**METROPOLITAN LIFE** )
**INSURANCE COMPANY,** )
)
**NATIONAL SERVICE** )
**INDUSTRIES, INC.,** )
)

2

SAINT-GOBAIN ABRASIVES,          )
INC., individually and as successor )
in interest to **Norton Company,**    )
                                 )
SEPCO CORPORATION,               )
STERLING FLUID SYSTEMS           )
(USA), LLC, f/k/a **Peerless Pump**    )
**Company,**                         )
                                 )
U.S. STEEL CORP.,                )
                                 )
U.S.X. CORPORATION as            )
successor in interest to **United States**
**Steel LLC f/k/a Tennessee Coal and**
**Iron,**

        **Defendants.**

## COMPLAINT

       **COME NOW** Plaintiffs, by and through counsel, G. Patterson Keahey, Esq., and file this Complaint stating as follows:

## BACKGROUND FACTS – PLAINTIFFS

    1.    Plaintiff, Venise Faye Jones, (hereinafter "Venise Jones" or "Plaintiff") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during her employment as a furnace operator, and/or seamstress, from approximately the late 1974 to 2000.

    2.    Plaintiff, Joe L. Allen, (hereinafter "ALLEN" or "Plaintiff") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified

for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as a laborer, maintenance worker, janitor, and/or truck driver, from approximately the late 1967 to 1989.

3.     Plaintiff, William McDaniel, (hereinafter "MCDANIEL" or "Plaintiff") a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment, as a laborer and/or mechanic, from approximately the late 1968 to 1997.

4.     Plaintiff, Kenneth R. Jones, (hereinafter "KENNETH JONES" or "Plaintiff"), a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as a trim line employee, and/or area operator, from approximately 1957 to 1998.

5.     Plaintiff, William M. Blackwell, (hereinafter "MCDANIEL" or "Plaintiff"), a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as a laborer, pipefitter, and/or mechanic, from approximately the late 1968 to 1997.

6.     Plaintiff, Hugh R. Harbin, (hereinafter "HARBIN" or "Plaintiff"), a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials

4

(hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as an overhead crane operator, machinist helper, heavy equipment operator, insulator, and/or delivery person, from approximately 1964 to 1999.

7.     Plaintiff, Johnny Ray Etheridge, (hereinafter "ETHERIDGE" or "Plaintiff"), a resident of Alabama, was exposed to asbestos dust, asbestos particles, asbestos-containing materials (hereinafter referred to as "ACMs"), and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the producer and/or distributor Defendants during his employment as an overhead crane operator, machinist helper, heavy equipment operator, insulator, and/or delivery person, from approximately 1963 to 1990.

## BACKGROUND FACTS - THE DEFENDANTS

8.     The plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

9.     With the exception of defendant, Metropolitan Life Insurance Company, at all times relevant hereto, each and every one of the defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the premises, facilities, and worksites containing asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials, (hereinafter "asbestos products") produced or manufactured by others. In addition, each of the

defendants, acting by and through their servants, agents, and employees, caused such asbestos products to be sold and placed in the stream of commerce.

10.     3M a/k/a Minnesota Mining & Manufacturing a Delaware corporation with its principal place of business in Minnesota, may be served through its registered agent, 3M Center Building 224-5N-4, St. Paul, Minnesota 55144.

11.     Anchor Darling Valve Company, a Pennsylvania corporation, may be served through its registered agent, CT Corporation, 2 North Jackson Street, Ste 605, Montgomery, AL 36104.

12.     A.W. Chesterton Company, a Massachusetts corporation whose principal place of business is 500 Unicorn Park Drive, Woburn, MA 01801, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

13.     Buffalo Pumps, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

14.     CBS Corporation, f/k/a Viacom, Inc., successor by merger with CBS Corporation, f/k/a Westinghouse Electric Corporation, a Delaware corporation whose principle place of business is 51 West 52nd Street, New York, NY 10036, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

15.     CertainTeed Corporation, a Delaware corporation, may be served through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

16.     Cleaver-Brooks, Inc., a division of Aqua Chem, Inc., a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

17.     Crane Company, a Delaware corporation whose principle place of business is 100

Stamford Place, Stamford, CT 06902, may be served through its registered agent c/o CT Corporation System, 208 South LaSalle Street, Chicago, IL 60604.

18.     Crown Holdings, Inc., individually, and as parent company of Crown Cork & Seal Co., Inc., individually, and as successor in interest to Mundet Cork Corporation, a Pennsylvania corporation whose principal place of business is One Crown Way, Philadelphia, PA 19154, may be served through its highest ranking officer at One Crown Way, Philadelphia, PA 19154.

19.     Dana Companies, LLC, f/k/a Dana Corporation, individually and as successor in interest to Victor Manufacturing & Gasket Company, a Virginia corporation whose principal place of business is 4500 Dorr Street, Toledo, OH 43615, may be served through its registered agent c/o CT Corporation System, 1300 East Ninth Street, Suite 1010, Cleveland, OH 44114.

20.     Durabla Manufacturing Company, a New York corporation whose principal place of business is 2572 Industry Lane, Norristown, PA 19403, may be served in care of Clement & Mueller, 609 Hamilton Street, Allentown, PA 18104.

21.     Flowserve Corporation, individually and as successor in interest to Durco International and Pacific Pumps, a Delaware corporation whose principal place of business is 5215 North O'Connor Boulevard, Suite 2300, Irving, TX 75039, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

22.     FMC Corporation, individually and as successor in interest to Peerless Pump Co., a Delaware corporation whose principle place of business is 1735 Market Street, Philadelphia, PA 19103, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

23.     Foster Wheeler LLC, a Delaware corporation whose principle place of business is

Perryville Corporate Park, Clinton, NJ 08809, may be served through its registered agent c/o Prentice Hall, 4845 Jimmy Carter Boulevard, Norcross, GA 30093.

24.     General Electric Company, a New York corporation whose principal place of business is P.O. Box 2216, Schenectady, New York 12301, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

25.     Georgia-Pacific LLC, individually and as successor in interest to Bestwall Gypsum Company, a Delaware corporation whose principal place of business is 133 Peachtree Street Northeast, 42nd Floor, Atlanta, GA 30303, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

26.     The Goodyear Tire & Rubber Company, an Ohio corporation whose principal place of business is 1144 East Market Street, Akron, OH, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

27.     Goulds Pumps, Incorporated, a Delaware corporation whose principal place of business is 240 Fall Street, Seneca Falls, NY 13148, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

28.     Honeywell International Inc., individually and as successor in interest to Allied Chemical Inc., f/k/a Bendix Corporation, a Delaware corporation whose principle place of business is 1209 Orange Street, Wilmington, DE 19801, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

29.     Metropolitan Life Insurance Company, a New York corporation whose principal place of business is One Madison Avenue, New York, NY 10010, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

8

30.     National Service Industries, Inc., a Delaware corporation whose principal place of business is 1420 Peachtree Street Northeast, Atlanta, GA 30309, may be served through its registered agent c/o Corporation Service Company, 150 South Perry Street, Montgomery, AL 36104.

31.     Saint-Gobain Abrasives, Inc., individually and as successor in interest to Norton Company, a Massachusetts corporation whose principal place of business is One New Bond Street, Worcester, MA, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

32.     Sepco Corporation, a California corporation whose principal place of business is 29982 Ivy Glenn Drive, Laguna Niguel, CA 92677, may be served through its registered agent c/o CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

33.     Sterling Fluid Systems (USA), LLC, f/k/a Peerless Pump Company, a Delaware corporation whose principal place of business is 2005 Dr. Martin Luther King Street, Indianapolis, IN 46202, may be served through its registered agent c/o CT Corporation System, 251 East Ohio Street, Suite 1100, Indianapolis, IN 46204.

34.     United States Steel Corporation is a Delaware corporation may be served with process by serving its registered agent at National Registered Agents, Inc., 150 South Perry Street, Montgomery, AL 36104.

35.     USX Corporation as successor in interest to United States Steel, LLC, f/k/a Tennessee Coal And Iron, a Delaware corporation, may be served through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Ste 400, Wilmington, DE 19808.

## **ALLEGATIONS**

9

36.     Plaintiffs have been diagnosed with and suffer from an asbestos-related disease as a result of his/her exposure to crocidolite, amosite, chrysotile, tremolite, and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos."

37.     Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive, and deadly tissue damage which can manifest itself as malignant mesothelioma, lung cancer, and other cancers.   Most airborne asbestos fibers are microscopic in size, fall at a very slow rate, and can easily be "re-entrained" into the atmosphere.  All asbestos fibers are indestructible up to very high temperatures and do not disintegrate.  Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the ACMs from which the fibers were released are no longer in use.   Suspended asbestos fibers settle on all objects introduced into such environments, including but not limited to work clothing, and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing.  Such asbestos-laden clothing can contaminate a home, car, or other locations by subsequently releasing asbestos fibers into the atmosphere of the new location.

38.     At all times pertinent hereto, the plaintiffs were users and consumers of the asbestos and asbestos products manufactured and supplied by the defendants.

39.     During the above-stated years, the plaintiffs, while working with and around asbestos and asbestos products manufactured and supplied by the defendants, were caused to inhale asbestos fibers which were released from the said products and became airborne during the products' intended use.

10

40.     At all times pertinent hereto, the product or products manufactured, distributed, sold, and/or supplied by the defendant corporations reached the plaintiffs without any substantial changes in the condition of the product or products from the time they were sold.

41.     Each defendant, both substantially prior to and during the exposure period, contaminated the work sites of the plaintiffs with respirable asbestos fibers by one or more of the following means:

> a.     installing, removing, handling, designing, testing, evaluating, manufacturing, mining, packaging, furnishing, supplying, and/or selling ACMs;
>
> b.     recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied, and/or sold;
>
> c.     failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on, or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied, and/or sold when the use of the same was reasonably foreseeable;
>
> d.     failing to maintain the work sites of the plaintiffs in a reasonably safe manner by allowing those sites to become contaminated with asbestos;
>
> e.     failing to adequately warn the plaintiffs of the danger posed by the inhalation or injection of asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate his exposure to asbestos;

      f.     In addition, contractors and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and otherwise disturbing asbestos-containing products in such a manner to cause the release of asbestos fibers;

      g.     In addition, premises owners are sued for negligently installing, removing, maintaining, or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities including their exposure to asbestos.

42.     At all relevant times hereto, the defendants knew or should have known all of the following:  (1) that asbestos is a deleterious and carcinogenic substance, extremely hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined use of ACMs over a significant period of time would pollute Plaintiffs' home and work environments, virtually insuring that the plaintiffs would constantly be exposed to asbestos.

## VENUE

43.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Plaintiffs are resident citizens of Alabama.  Defendants are corporations whose principal places of business are in states other than Alabama.  The amount in controversy, exclusive of interest and cost, exceeds $75,000.00 and is within the jurisdiction of the Court.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

44.     The plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

45.   At all times relevant hereto, with the exception of Defendant, Metropolitan Life Insurance Company,  the defendants are liable to the plaintiffs jointly and/or severally for being generally negligent in failing to provide a safe product, and more specifically as follows:

a.      For carelessly and negligently installing, distributing, supplying, manufacturing, and selling the said asbestos and asbestos products so as to cause injury to the plaintiffs;

b.      For carelessly and negligently creating and allowing a dangerous condition to exist by failing to properly package the said products;

c.      For carelessly and negligently allowing a dangerous condition by failing to inspect the packaging of the said products;

d.      For carelessly and negligently creating and allowing a dangerous condition by failing to provide proper instructions for handling said products;

e.      For failing to exercise the requisite degree of care and caution in the distribution, manufacture, supply, and sale of the said products;

f.      For failing to warn and/or adequately warn of the dangers of the product or products when the defendant corporations knew or should have known that the use and/or exposure to the product or products would cause disease and injury;

g.      For failing to take reasonable precautions to warn of the dangers to which the plaintiffs were exposed when the defendants knew or should have known of the said dangers;

h.      In failing to warn the plaintiffs what would be safe and sufficient wearing apparel for a person who is exposed to or using the said product or products;

13

i.      For negligently failing to inform the plaintiffs of what would be safe, sufficient, and proper protective equipment and appliances when using or being exposed to the products;

j.      For failing to test the products;

k.      For failing to remove the product from the market when the defendant corporations knew or should have known of the hazards of exposure to the products;

l.      For failing to use substitute materials for the asbestos in the asbestos-containing products;

m.      For failing to mark, label, or otherwise identify and distinguish during installation and subsequently those products which contain asbestos;

n.      For failing to warn Plaintiffs' employers of the dangers associated with the inhalation of asbestos fibers;

o.      In negligently suppressing the dissemination of medical and scientific information relating to the harmful effects of exposure to asbestos and asbestos-containing products and in prohibiting the publication of certain scientific and medical articles.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award

Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

### SECOND CAUSE OF ACTION

### <u>STRICT LIABILITY</u>

46.    The plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

47.  At all times relevant hereto, with the exception of Defendant Metropolitan Life Insurance Company, the above-named Defendants are strictly liable to the Plaintiffs as follows:

      a.    For failure to properly, adequately, and safely label the product or products;

      b.    For selling a product or products which were in a defective condition and unreasonably dangerous in their design and manufacture at the said time of sale;

      c.    For selling a product or products which were in a defective condition because they were without all necessary elements to make them safe for use;

      d.    For selling a product or products that were in a defective condition and because of a failure to give adequate and complete warnings of the known or knowable dangers involved in the use and exposure to the product or products.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will

15

adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

### THIRD CAUSE OF ACTION

### GROSS, WILLFUL, AND WANTON MISCONDUCT

48. The plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

49. The Defendants are liable to the Plaintiffs for their gross, willful, and wanton misconduct in knowingly and intentionally concealing and misrepresenting the dangerous characteristics of their asbestos products, as well as concealing the detrimental aspects of asbestos contained in its products to Plaintiffs' physical condition.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## FOURTH CAUSE OF ACTION

## <u>PREMISES LIABILITY</u>

50.     The plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

51.     Plaintiffs were exposed to asbestos while on the premises of the premises defendants.  Plaintiffs were on Premises Defendants' premises at their express or implied invitation and entered for a purpose connected with the business of Premises Defendants, or their predecessors in interest, that resulted in or may have resulted in their mutual economic benefit.

52.     The condition of Premises Defendants' property posed an unreasonable risk of harm to those on the premises and their families, including Plaintiffs.  The presence of asbestos and asbestos dust on Premises Defendants' premises constituted a concealed defect at the time that the plaintiffs arrived at the premises. The manner of use of asbestos and asbestos-containing materials at Premises Defendants' facilities created an unreasonably dangerous condition at these facilities for both primary and secondary asbestos exposure.

53.     While Plaintiffs were working at these premises, their work activity included being exposed to asbestos particles and asbestos dust.

54.     As the possessors, owners, operators, managers, and/or occupiers of the premises, Premises Defendants had non-delegable duties to keep the premises safe for invitees.

55.     Premises Defendants knew or should have known of the danger of exposure to asbestos or asbestos dust on their premises and failed to exercise ordinary care to protect Plaintiffs from the danger.  Premises Defendants failed to adequately warn Plaintiffs of the

presence and hazards of asbestos, asbestos dust and others working with asbestos and failed to make this condition reasonably safe. These failures were a proximate cause of Plaintiffs' injuries and damages.

56. Further, Premises Defendants, or their predecessors in interest, engaged in negligent activity by exposing Plaintiffs secondarily to asbestos particles and/or asbestos dust. Premises Defendants, their agents, servants, and/or employees were further guilty of certain acts, wrongs, omissions, and/or undertakings with respect to the use and misuse of asbestos-containing products at Premises Defendants' facilities, each of which, independently or in combination with one another, amount to negligence. This negligent activity, omission, or undertaking was a proximate cause of Plaintiffs' injuries and damages.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## FIFTH CAUSE OF ACTION

## CONSPIRACY AGAINST METROPOLITAN LIFE INSURANCE COMPANY

57.    The plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

58.    Defendant Metropolitan Life Insurance Company agreed and conspired with miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

59.    Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published favorable portions of their findings and/or refrained from publishing anything.  Furthermore, Metropolitan Life financially aided the asbestos industry in its endeavors to mislead and obfuscate.

60.    Defendant Metropolitan Life Insurance Company knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted manufacturers of asbestos-containing products in keeping Plaintiffs and other business invitees, users, bystanders, household members, members of the general public, and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos-containing products knowing that they would not discover or realize the danger or would fail to protect themselves against it.

61.    Defendant Metropolitan Life Insurance Company directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

    a.    Had no adequate basis for such representations;

        b.     Knew that a significant health hazard to human life existed from asbestos.

62.    Defendant Metropolitan Life Insurance Company had reason to expect that as a result of such representation, Plaintiffs, other business invitees, users, bystanders, household members, members of the general public, and others similarly situated would be exposed to asbestos.

63.    Even after the dangers of asbestos finally began to be known to Plaintiffs, other business invitees, users, bystanders, household members, members of the general public, or others similarly situated, Metropolitan Life Insurance Company continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions, to destroy records and hide witnesses and other evidence, and for such other wrongful and unnecessary action so as to:

        a.     Prevent and delay Plaintiffs, and others similarly situated, from filing legal action to recover for these injuries, and/or;

        b.     Defeat and/or delay such legal actions and the final collection of any judgment.

64.    Similarly, Defendant Metropolitan Life Insurance Company aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

65.    As a direct and proximate result of the above wrongful conspiracy of Metropolitan Life Insurance Company, Plaintiffs were exposed to asbestos and developed the aforementioned asbestos-related diseases and sustained the injuries described herein.

66.    As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Metropolitan Life Insurance Company, Plaintiffs were exposed to and

inhaled, ingested, or otherwise absorbed asbestos fibers causing Plaintiffs to develop the asbestos-related diseases aforesaid, disabling and disfiguring them. Plaintiffs have been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of these asbestos-induced diseases and conditions. Plaintiffs have experienced great physical pain and mental anguish as a result of their asbestos-induced diseases and conditions, and have been hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued them.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiffs request reasonable attorney's fees. Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## DAMAGES

67. The plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

21

68.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants, Plaintiffs were exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers causing Plaintiffs to develop the asbestos-related diseases aforesaid, disabling and disfiguring them.  Plaintiffs have been compelled to expend and become liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of these asbestos-induced diseases and conditions.  Plaintiffs have experienced great physical pain and mental anguish as a result of their asbestos-induced diseases and conditioned, and have been hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued them.

WHEREFORE, Plaintiffs demand judgment against each of the Defendants, jointly and severally, and that punitive damages be awarded to Plaintiffs in an amount which will fairly and adequately compensate the Plaintiffs for the injuries and damages sustained by the Plaintiffs due to Defendants' outrageous and/or other wrongful behavior, and in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.  Plaintiffs request reasonable attorney's fees.  Further, Plaintiffs request that the Court enter a judgment consistent with the verdict, and that it also award Plaintiffs interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

THIS the 16th day of September, 2011.

G. PATTERSON KEAHEY
ASB-6357-A64G
*Attorney for Plaintiffs*

LAW OFFICES OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:       205-871-0707
FACSIMILE: 205-871-0801
EMAIL:        efile@mesohelp.com

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**

G. PATTERSON KEAHEY

23