BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA (NORTHERN DIVISION)

| | | |
|---|---|---|
| **REUBEN MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | 2011-cv-00535 |
| | ) | (CTO−466) |
| **BILL VANN COMPANY, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE THE
CONDITIONAL TRANSFER ORDER (CTO – 466)**

COMES NOW the Plaintiff, pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and hereby files this Plaintiff's Brief in Support of Motion to Vacate the Conditional Transfer Order (CTO – 466) to allow the transferor court to rule on Plaintiff's Motion for Remand and accompanying briefs. This submission is being filed within 14 days of the filing of the Notice of Opposition. As grounds therefor, Plaintiff states as follows:

1

## INTRODUCTION

1. Plaintiff Reuben Morgan filed this asbestos personal injury lawsuit in the Circuit Court of Wilcox County, Alabama on May 4, 2011 seeking to collect damages as a result of his exposure to asbestos from various manufacturers, suppliers, and distributors of asbestos-containing products. This exposure to asbestos was a proximate cause of his mesothelioma, a terminal and painful cancer which Mr. Morgan was diagnosed with on or about February 22, 2011.

2. Mr. Morgan asserts that remand of his case is appropriate because (1) the Removing Defendants, CBS Corporation and General Electric Company, failed to satisfy the requirements of removal under the federal officer removal provision, 28 U.S.C. § 1442(a)(1); (2) the Notice of Removal was not timely filed pursuant to 26 U.S.C. § 1446(b); and (3) Plaintiff's Complaint clearly and unequivocally disclaimed design defect claims against government contractor Defendants.

## PROCEDURAL HISTORY

3. In the Alabama Complaint, the Plaintiff alleged state law claims against the Defendants based on their failure to warn of the health hazards associated with asbestos exposure. The Removing Defendants have not met their burden in proving that there are claims arising under federal law that were alleged in the Complaint, nor have they met their burden in proving that a substantive federal question was raised or the existence of a federal issue that needs to be decided

upon in order to establish the Removing Defendants' liability under the causes of action in the Plaintiff's Complaint.

4.      On May 4, 2011, Reuben Morgan filed suit against multiple Defendants to recover for damages for injuries caused by exposure to asbestos or asbestos-containing products in the Circuit Court of Wilcox County, State of Alabama. *Reuben Morgan v. Bill Vann Company, Inc., et al.*, Civil Action No. CV-2011-900022.

5.      Mr. Morgan was diagnosed with malignant mesothelioma on or about February 22, 2011.  Because mesothelioma is an "invariably fatal cancer … for which asbestos exposure is the only known cause," there are always exigent circumstances present with a diagnosis of mesothelioma. *In re Patenaude*, 210 F.3d 135, 138 (3d Cir. 2000).  Since his diagnosis, Mr. Morgan's health has deteriorated.

6.      On September 15, 2011, Removing Defendants CBS Corporation and General Electric Company filed a Notice of Removal.

7.      On October 14, 2011, Plaintiff concurrently and timely filed a Motion for Remand and a Motion for Expedited Consideration of the Motion for Remand.

8.      On November 2, 2011, Defendants CBS Corporation and General Electric Company filed a Joint Opposition to Plaintiff's Motion for Remand.

9. On November 15, 2011, Plaintiff filed a Reply to Defendants' Joint Opposition to Plaintiff's Motion for Remand.

10. On November 18, 2011, the United States District Panel on Multidistrict Litigation entered a Conditional Transfer Order (CTO – 466) for the provisional transfer of the Plaintiff's case to the United States District Court for the Eastern District of Pennsylvania, MDL 875. Also on November 18, 2011, the Plaintiff timely filed his Notice of Opposition to CTO – 466.

## ARGUMENT

### I. The Panel May Vacate Conditional Transfer Orders To Allow The Time Needed For The Transferor Court To Rule On Motions For Remand.

11. The Panel has vacated conditional transfer orders in the past in order to afford transferor courts an opportunity to rule promptly on motions for remand to state court. In *Vasura v. ACandS, Inc.*, a case involving a similar asbestos matter removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." *Vasura v. ACandS, Inc.*, 84 F. Supp. 2d 531, 533 (S.D.N.Y. 2000). Furthermore, the Panel has denied transfers that would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. *In re A.H. Robins Co. Dalkon Shield*, 570 F. Supp. 1480 (J.P.M.L. 1983).

12.     In the current matter, the Plaintiff is only requesting that this Panel allow a timely ruling to be made on the Motion for Remand and accompanying briefs so that his interests are fairly served.  The Judicial Panel transfers cases for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 when the actions involve common questions of fact and the transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of litigation.  *In re Sta-Power Industries, Inc.*, 404 F. Supp. 476 (J.P.M.L. 1975). Those interests would not be properly served by transfer in the present matter.

13.     Moreover, the transfer of this case to MDL 875 would be manifestly unjust to the Plaintiff.  The Plaintiff has already incurred unnecessary expense and delay in his case due to its improper removal to the United States District Court for the Southern District of Alabama, Northern Division from the Circuit Court of Wilcox County, Alabama.  The injuries to Plaintiff herein will be compounded if the Panel transfers his case to yet another forum.  The transfer of Plaintiff's case to the MDL will serve no purpose other than to benefit the Removing Defendants by providing a delay of the trial.  The Plaintiff would suffer irreparable harm and considerable delay in having his case presented to a jury if his case is now transferred to the MDL.

14.     Plaintiff filed his Notice of Opposition within the prescribed period. Therefore, transmittal of the CTO was stayed and continues to be stayed until

further action is taken by this Panel. In addition, since the case has not been finally transferred, only "provisionally" transferred pending a final decision on transfer, it is still pending in the original District Court to which it was removed. Thus, not only does the United States District Court for the Southern District of Alabama, Northern Division retain jurisdiction to rule on the Motion for Remand and accompanying briefs before it, it may promptly do so and preserve the Plaintiff's right to a timely resolution of his claim.

**II.     It Would Be A Waste Of Judicial Resources To Transfer The Case To The MDL Without First Properly Establishing Whether Federal Jurisdiction Is Appropriate, Which The Plaintiff Reasonably Believes It Is NOT.**

15.    The basic purpose underlying the enactment of 28 U.S. §1407 is to secure in multidistrict litigation, as in all other civil litigation, the just, speedy, and inexpensive determination of every action. *In re National Student Marketing Litigation*, 368 F. Supp. 1311, 1316 (J.P.M.L. 1983). Should the Plaintiff's case be transferred to the MDL now, this basic purpose will not be fulfilled because the case will most likely languish for a period of time until proper jurisdiction is established, a process which is currently ongoing in the District Court as discussed above.

16.    The purpose of a Motion for Remand is to determine if a valid basis for federal jurisdiction exists. Thus, federal jurisdiction has not been established at this stage of litigation. Absent a finding of federal jurisdiction, this case would

clearly not belong in the MDL. It therefore makes sense, in the interest of judicial economy, to allow the remand motion process to fully run its course in the transferor court before burdening the MDL with yet another asbestos case. Additionally, the Plaintiff has requested an expedited decision from Judge Bivins in light of Conditional Transfer Order 466 and Mr. Morgan's current health condition.

17. Whether or not the case should be remanded to the state court is strictly a matter of Alabama law. Additionally, according to Rule 2.1(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the United States District Court for the Southern District of Alabama, Northern Division still retains jurisdiction. In relevant part, Rule 2.1(d) states that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." It would be burdensome and inefficient to transfer this case to MDL 875 and require the MDL Judge to rule on this local issue, especially when the issue has been fully briefed before the transferor court and a decision on remand is imminent. Finalizing Conditional Transfer Order 466 prior to the ruling on jurisdiction will add yet another substantial case to the already overburdened docket of MDL 875.

18.     Vacating the Conditional Transfer Order in this case until the transferor court has ruled upon the Motion for Remand and accompanying briefs will cause no prejudice to any party and will further the interests of judicial economy, the very purpose for which this process was originally created.  If federal jurisdiction is rejected, the case will be returned to state court.  If federal jurisdiction is confirmed, the Conditional Transfer Order process can run its course.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Panel VACATE Conditional Transfer Order 466 until such time as the United State District Court for the Southern District of Alabama, Northern Division has been given the opportunity to rule on Plaintiff's Motion for Remand and accompanying briefs.

Respectfully submitted this 21st day of November, 2011.

s/G. Patterson Keahey
G. Patterson Keahey
ASB-6357-A64G
*Attorney for the Plaintiff*

**OF COUNSEL:**
THE LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Drive, Ste. 612
Birmingham, Alabama 35209
Telephone:  (205)871-0707
Email:      efile@mesohelp.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2011, I have caused service of the foregoing on the parties of record by electronic filing with the Clerk of Court using the CM/ECF, electronic filing system, which will send a Notice of Electronic Filing to all parties with an e-mail address of record, and by first-class mail to those parties not registered to receive notice from the Clerk of Court.

s/ G. Patterson Keahey
OF COUNSEL
