ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:11-cv-05667-JCS

Deason et al v. National Steel and Shipbuilding Company
Assigned to: Magistrate Judge Joseph C. Spero
Case in other court:  Alameda County Superior Court,
               RG11-601088
Cause: 28:1441 Petition for Removal- Product Liability

Date Filed: 11/23/2011
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**James Deason**                          represented by  **Barbra Ferre**
Kazan McClain, Lyons, Greenwood &
Harley PLC
Jack London Market
55 Harrison Street
Suite 400
Oakland, CA 94607
(510) 302-1000
*ATTORNEY TO BE NOTICED*

**Gordon D. Greenwood**
Kazan, McClain, Lyons, Greenwood &
Harley, PLC
Jack London Market
55 Harrison Street
Suite 400
Oakland, CA 94607
510-302-1000
*ATTORNEY TO BE NOTICED*

**Ian Wilfred Alido Rivamonte**
Kazan McClain et al.
Jack London Market
55 Harrison St.
Suite 400
Oakland, CA 94607
510-302-1000
Fax: 510-835-4913
Email: irivamonte@kazanlaw.com
*ATTORNEY TO BE NOTICED*

**James Lyndon Oberman**
Kazan McClain Edises Abrams
Fernandez Lyons & Farrise
171 Twelfth Street, Third Floor
Oakland, CA 94607

510-465-7728
Fax: 510-835-4913
Email: joberman@kazanlaw.com
*ATTORNEY TO BE NOTICED*

**Matthew Louis Thiel**
Kazan McClain, Lyons, Greenwood &
Harley, PLC
Jack London Market
55 Harrison Street
Suite 400
Oakland, CA 94607
510-302-1000
Fax: 510-835-4913
Email: mthiel@kazanlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mary Deason**                    represented by    **Barbra Ferre**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gordon D. Greenwood**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Ian Wilfred Alido Rivamonte**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **James Lyndon Oberman**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Matthew Louis Thiel**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**National Steel and Shipbuilding**    represented by    **Edward R. Hugo**
**Company**                                            Brydon Hugo & Parker
                                                    135 Main Street, 20th Floor
                                                    San Francisco, CA 94105
                                                    (415) 808-0300
                                                    Fax: (415) 808-0333
                                                    Email: ehugo@bhplaw.com
                                                    *ATTORNEY TO BE NOTICED*

**Paul M. Bessette**
Brydon Hugo & Parker
135 Main Street
20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
*ATTORNEY TO BE NOTICED*

**Thomas J. Moses**
Brydon Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
(415) 808-0300
Fax: (415) 808-0333
Email: tmoses@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Astra Flooring Company**

**Defendant**

**Allied Packing & Supply, Inc.**

**Defendant**

**CBS Corporation**
*a Delaware Corporation*
*formerly known as*
Viacom, Inc.
*formerly known as*
Westinghouse Electric Corporation

**Defendant**

**Cleaver-Brooks, Inc.**
*formerly known as*
Aqua-Chem, Inc.

**Defendant**

**Foster Wheeler LLC**

**Defendant**

**General Electric Company**

**Defendant**

**Georgia-Pacific LLC**

**Defendant**

**Goulds Pumps, Incorporated**

<u>Defendant</u>

**Hill Brothers Chemical Company**

<u>Defendant</u>

**Hopeman Brothers, Inc.**

<u>Defendant</u>

**IMO Industries Inc.**
*individually and as successor in
interest, parent, alter ego and equitable
trustee to Delaval Steam Turbine Co.*

<u>Defendant</u>

**Ingersoll-Rand Company**
*individually and as successor in
interest, parent, alter ego and equitable
trustee to Terry Steam Turbine
Company and The Whiton Machine
Company*

<u>Defendant</u>

**Kaman Industrial Technologies
Corporation**

<u>Defendant</u>

**Lamons Gasket Company**
*individually and as successor in
interest, parent, alter ego and equitable
trustee to Power Engineering &
Equipment Co.*

<u>Defendant</u>

**M. Slayen and Associates, Inc.**

<u>Defendant</u>

**Power Engineering & Equipment Co.**

<u>Defendant</u>

**Syd Carpenter Marine Contractor
Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/23/2011 | 1 | NOTICE OF REMOVAL; No Process from Alameda County Superior Court. Their case number is RG-11601088. (Filing fee $350.00 receipt number 34611067341). Filed by National Steel and Shipbuilding Company. (gba, |

|            |   | COURT STAFF) (Filed on 11/23/2011) (Additional attachment(s) added on 11/26/2011: # 1 Civil Cover Sheet) (gba, COURT STAFF). (Entered: 11/26/2011) |
|------------|---|---|
| 11/23/2011 | 2 | Certificate of Interested Entities by National Steel and Shipbuilding Company identifying Other Affiliate NAASCO Holdings Incorporated, Other Affiliate General Dynamics Corporation for National Steel and Shipbuilding Company. (gba, COURT STAFF) (Filed on 11/23/2011) (gba, COURT STAFF). (Entered: 11/26/2011) |
| 11/23/2011 | 3 | NOTICE of Tag-Along Action by National Steel and Shipbuilding Company (gba, COURT STAFF) (Filed on 11/23/2011) (gba, COURT STAFF). (Entered: 11/26/2011) |
| 11/23/2011 | 4 | ADR SCHEDULING ORDER: Case Management Statement due by 3/2/2012. Case Management Conference set for 3/9/2012 01:30 PM in Courtroom G, 15th Floor, San Francisco. (gba, COURT STAFF) (Filed on 11/23/2011) (gba, COURT STAFF). (Entered: 11/26/2011) |
| 11/29/2011 | 5 | NOTICE of Appearance by James Lyndon Oberman (Oberman, James) (Filed on 11/29/2011) (Entered: 11/29/2011) |
| 11/29/2011 | 6 | NOTICE of Appearance by Ian Wilfred Alido Rivamonte (Rivamonte, Ian Wilfred) (Filed on 11/29/2011) (Entered: 11/29/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/29/2011 15:16:34 | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4385-0281 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-05667-JCS |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

1 | Gordon D. Greenwood, Esq. (C.S.B. #136097)
Matthew L. Thiel, Esq. (C.S.B. #237564)
2 | Barbra Ferre, Esq. (C.S.B. #237662)
KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
3 | Jack London Market
55 Harrison Street, Suite 400
4 | Oakland, California  94607
Telephone:  (510) 302-1000
5
Attorneys for Plaintiffs
6

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 4 2011

CLERK OF THE S. McMullen
By ____

7

8

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

IN AND FOR THE COUNTY OF ALAMEDA

10

11

12 | JAMES DEASON and MARY DEASON,

Plaintiffs,
13

vs.
14

A.W. CHESTERTON COMPANY; ASTRA
15 | FLOORING COMPANY; ALLIED PACKING
& SUPPLY, INC.; CBS CORPORATION, a
16 | Delaware Corporation, formerly known as
VIACOM INC., successor by merger to CBS
17 | CORPORATION, a Pennsylvania Corporation,
formerly known as WESTINGHOUSE
18 | ELECTRIC CORPORATION; CLEAVER-
BROOKS, INC., formerly known as AQUA-
19 | CHEM, INC.; FOSTER WHEELER LLC;
GENERAL ELECTRIC COMPANY;
20 | GEORGIA-PACIFIC LLC; GOULDS PUMPS,
INCORPORATED; HILL BROTHERS
21 | CHEMICAL COMPANY; HOPEMAN
BROTHERS, INC.; IMO INDUSTRIES, INC.,
22 | individually and as successor in interest, parent,
alter ego and equitable trustee to DELAVAL
23 | STEAM TURBINE CO.; INGERSOLL-RAND
COMPANY, individually and as successor in
24 | interest, parent, alter ego and equitable trustee to
TERRY STEAM TURBINE COMPANY and
25 | THE WHITON MACHINE COMPANY;
KAMAN INDUSTRIAL TECHNOLOGIES
26 | CORPORATION; LAMONS GASKET
COMPANY, individually and as successor in
27 | interest, parent, alter ego and equitable trustee to
POWER ENGINEERING & EQUIPMENT CO.;
28 | M. SLAYEN AND ASSOCIATES, INC.;

No. RG11601088

**FIRST AMENDED
COMPLAINT FOR PERSONAL
INJURIES; STRICT LIABILITY;
BREACH OF WARRANTIES;
NEGLIGENCE; FRAUD; CONSPIRACY;
(ALTERNATIVE ENTERPRISE AND
CONCERT OF ACTION LIABILITY);
PREMISES LIABILITY; AND LOSS OF
CONSORTIUM**

**Code of Civil Procedure §36(d)**

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
Jack London Market
5 Harrison Street,
Suite 400
Oakland, CA 94607
(510) 302-1000
(510) 465-7728
Fax (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

1

THIEL/1038054.1

POWER ENGINEERING & EQUIPMENT CO.;
SYD CARPENTER MARINE CONTRACTOR,
INC.; NATIONAL STEEL AND
SHIPBUILDING COMPANY; and FIRST DOE
through THREE HUNDREDTH DOE, inclusive,

Defendants.

Plaintiff JAMES DEASON alleges:

## FIRST CAUSE OF ACTION
### Negligence
### [Against All Products Defendants]

### I.

Plaintiff James Deason brings this action on his own behalf. The masculine form as used in this complaint, if applicable as shown by the context hereof, applies to a female person or a corporation.

### II.

Plaintiff does not know the true names and capacities, whether corporate, associate or individual of defendants sued herein as FIRST DOE through TWO HUNDRED TENTH DOE, inclusive, and each of them, and for that reason prays leave to insert the true names and capacities of said defendants when the same are ascertained. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as a DOE is negligently, intentionally and/or strictly liable or responsible in some manner for the events and happenings herein referred to, and proximately caused injury and damages to plaintiff thereby as herein alleged.

### III.

At all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants, and was at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of the remaining defendants.

//

//

\ZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
X LONDON MARKET
HARRISON STREET,
SUITE 400
KLAND, CA 94607
510) 302-1000
510) 465-7728
<(510) 835-4913

IEL/1038054.1

**IV.**

Defendants A.W. CHESTERTON COMPANY; ASTRA FLOORING COMPANY; ALLIED PACKING & SUPPLY, INC.; CBS CORPORATION, a Delaware Corporation, formerly known as VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania Corporation, formerly known as WESTINGHOUSE ELECTRIC CORPORATION; CLEAVER-BROOKS, INC., formerly known as AQUA-CHEM, INC.;FOSTER WHEELER LLC; GENERAL ELECTRIC COMPANY; GEORGIA-PACIFIC LLC; GOULDS PUMPS, INCORPORATED; HILL BROTHERS CHEMICAL COMPANY; HOPEMAN BROTHERS, INC.; IMO INDUSTRIES, INC., individually and as successor in interest, parent, alter ego and equitable trustee to DELAVAL STEAM TURBINE CO.; INGERSOLL-RAND COMPANY, individually and as successor in interest, parent, alter ego and equitable trustee to TERRY STEAM TURBINE COMPANY and THE WHITON MACHINE COMPANY; KAMAN INDUSTRIAL TECHNOLOGIES CORPORATION; LAMONS GASKET COMPANY, individually and as successor in interest, parent, alter ego and equitable trustee to POWER ENGINEERING & EQUIPMENT CO.; M. SLAYEN AND ASSOCIATES, INC.; POWER ENGINEERING & EQUIPMENT CO.; SYD CARPENTER MARINE CONTRACTOR, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; and FIRST DOE through FIFTIETH DOE, inclusive, were at all times herein and still are corporations authorized to and doing business in the State of California.

**V.**

Defendants' products at issue in this complaint consist of asbestos and asbestos-containing products, or products as to which defendants knew or should have known that reasonably foreseeable uses of the products would expose persons such as plaintiff who worked with or around the products to friable asbestos. These products were defective in their design, manufacture, labeling, marketing and/or warning and are referred to throughout this complaint as "asbestos" or "asbestos-containing products."

//

//

ZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
x LONDON MARKET
HARRISON STREET,
SUITE 400
LAND, CA 94607
510) 302-1000
510) 465-7728
(510) 835-4913

IEL/1038054.1

**VI.**

At all times herein mentioned defendants, and each of them, were engaged in the business of mining, manufacturing, assembling, supplying, packaging, installing and labeling asbestos, and products produced therefrom, for sale to and use by the members of the general public as well as to other parties for use of the said products to manufacture and supply products therefrom.

**VII.**

At all times herein mentioned, defendants FIFTY-FIRST DOE through TWO HUNDRED TENTH DOE were Officers and Directors of named defendants herein as FIRST DOE through FIFTIETH DOE.

**VIII.**

The defendants, and each of them, acting through their agents, servants and/or employees, cause and have caused in the past, certain asbestos-containing products and asbestos-related materials, to be placed in the stream of commerce with the result that said products and materials came into contact and/or use by plaintiff and his co-workers which caused exposure to plaintiff.

**IX.**

Plaintiff James Deason was a worker who, from approximately 1975 through 1985, worked with and was exposed to asbestos and asbestos-containing products manufactured, designed, specified, sold and/or installed by the defendants, and each of them while he repaired, broke down and rebuilt boilers aboard commercial ships and U.S. Navy ships. During the course of his career, plaintiff was exposed to asbestos and asbestos-containing products at various shipyards including, but not limited to, San Diego Naval Shipyard, Long Beach Naval Shipyard, Alameda Naval Air Station, National Steel and Shipbuilding Company, and Todd Shipyard in San Pedro, California while working for Camass Co., Inc., Frasers Boiler Service, Inc., S.E. Young Boiler Co., Triple A Machine Shop, Inc., and Superior Boiler Repairs, Inc.

**X.**

During the course and scope of his attendance and work, plaintiff was exposed to asbestos products and asbestos-related materials of defendants, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

ITHIEL/1038054.1

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

4

**XI.**

The illness and disability of plaintiff is the direct and proximate result of the negligence of the defendants, and each of them, in that they produced, sold and otherwise put into the stream of commerce, the foregoing materials which the said defendants, and each of them, knew, or in the exercise of ordinary care should have known, were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health.

**XII.**

Plaintiff, exercising reasonable diligence, discovered the aforealleged conduct, misconduct and culpability of defendants, and each of them, on or after 2010, when informed of his diagnosis by a physician. Plaintiff could not have discovered such condition sooner because such condition was brought about without noticeable trauma until it had advanced to such a point that diagnosis could be made. Such a diagnosis required the services of an expert, and since plaintiff did not possess such expertise, he could not know, in the exercise of reasonable care, of the cause of his injury until such time as he was diagnosed and advised. Plaintiff could not know, until such advice, of the culpability of the defendants, and each of them.

**XIII.**

As a direct and proximate result of the conduct of the defendants, and each of them, plaintiff experienced and continues to experience prolonged pain and suffering, the necessity for medical treatment, injuries including, but not limited to, mesothelioma, severe shock to his nervous system, and other injuries, the exact extent of which are unknown to plaintiff.

**XIV.**

By reason of the aforesaid allegations, it has been necessary for plaintiff to engage the services of physicians, surgeons, and hospitals; plaintiff does not know the reasonable value of said services which were and are still reasonably required and requests leave to amend this complaint to insert said sum when it is ascertained.

**XV.**

By reason of the aforesaid allegations, plaintiff has been unable to follow his normal gainful occupation for certain periods after the date of said events, and plaintiff has been disabled

AZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
CK LONDON MARKET
HARRISON STREET,
SUITE 400
KLAND, CA 94607
(510) 302-1000
(510) 465-7728
x (510) 835-4913

IIEL/1038054.1

1   for an indefinite time; plaintiff does not now know the value of the employment which has been

2   lost to him, and requests leave to amend this complaint to insert the reasonable value thereof when

3   such is ascertained.

4                                                XVI.

5           By reason of the aforesaid negligence of defendants, and each of them, plaintiff has been

6   damaged to his health, strength, and activity in an amount in excess of $50,000.00 in addition to

7   special damages herein alleged.

8                                               XVII.

9           The foregoing acts of the defendants, and each of them, were done wantonly, willfully,

10  oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and

11  each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's

12  employers or to those entities that installed and/or handled the asbestos products to which plaintiff

13  was exposed, knew that the foregoing materials released invisible, undetectable respirable asbestos

14  fibers when installed or handled and that said fibers were extremely dangerous when inhaled.  The

15  defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous

16  nature of said materials, nor placed a sufficient warning on the said material or package thereof

17  regarding said dangerous nature, nor took any action to protect those persons who foreseeably

18  would be exposed to said asbestos products, despite knowing that persons who had no knowledge

19  of the dangerous and hazardous nature thereof, such as plaintiff, would be exposed to and inhale

20  asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

21          WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

22                                  SECOND CAUSE OF ACTION

23                              Breach of Implied Warranty
                            [Against All Products Defendants]

24

25          AS AND FOR A SECOND CAUSE OF ACTION, plaintiff complains of defendants, and

26  each of them, and alleges:

27  //

28  //

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

HEU1038054.1

## I.

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence.

## II.

The defendants sold and/or supplied asbestos and asbestos-related materials to plaintiff's employers, and each defendant impliedly warranted that the said materials were of good and merchantable quality and fit for their intended use.

## III.

The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality for the particular intended use was breached in that certain harmful, poisonous and deleterious matter and particles were given off into the atmosphere wherein plaintiff and others in his position carried out their duties as workers working with such materials and other related materials.

## IV.

As a direct and proximate result of the breach of implied warranty of good and merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to wit: mesothelioma, which caused great disability, as previously set forth.

## V.

By reason of the aforesaid, plaintiff has been damaged to his health, strength, and activity in an amount in excess of $50,000.00 in addition to special damages herein alleged.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

### THIRD CAUSE OF ACTION

**Strict Product Liability**
**Manufacturing Defect/Design Defect/Failure to Warn**
**[Against All Products Defendants]**

AS AND FOR A THIRD CAUSE OF ACTION, plaintiff complains of defendants, and each of them, and alleges:

//

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

7

HIEL/1038054.1

**I.**

1

2          Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

3   forth herein at length all and singular the allegations contained in the First Cause of Action herein,

4   excepting therefrom allegations pertaining to negligence.

**II.**

5

6          At all times herein mentioned, plaintiff's employers or those entities that installed and/or

7   handled the products to which plaintiff was exposed purchased from defendants, and each of them,

8   asbestos and asbestos products hereinafter referred to as products that were defective in design,

9   manufacturing, labeling, marketing and/or warning.

**III.**

10

11          Defendants, and each of them, knew that the aforementioned products would be used

12   without inspection for design, manufacturing, labeling, marketing and/or warning  defects by the

13   user thereof.

**IV.**

14

15          At all times mentioned herein, plaintiff reasonably was unaware of the dangerous nature of

16   the aforementioned products.

**V.**

17

18          At all times mentioned herein, defendants, and each of them, were aware of the dangerous

19   and defective nature of the design, manufacturing, labeling and/or marketing of the

20   aforementioned products, when said products were used in the manner for which they were

21   intended, and were aware that persons who foreseeably would be exposed to the asbestos

22   containing products were not aware of the dangerous and defective nature of the design,

23   manufacture, labeling and/or marketing of the products, yet defendants took no action to warn or

24   otherwise protect those who foreseeably would be exposed to said defective and improperly

25   labeled products.

**VI.**

26

27          Defendants manufactured, distributed, and sold asbestos-containing products.  The

28   asbestos-containing products contained a manufacturing defect when they left defendants'

ZAN, McCLAIN,
LYONS,
REENWOOD &
HARLEY, PLC
K LONDON MARKET
IARRISON STREET,
SUITE 400
:LAND, CA 94607
510) 302-1000
510) 465-7728
: (510) 835-4913

EL/1038054.1

1  possession, and plaintiff used those asbestos-containing products in a way that was reasonably

2  foreseeable to defendants.

3  **VII.**

4      The aforementioned products were defective in design because they did not perform as

5  safely as an ordinary consumer would have expected them to perform.  At the time plaintiff used

6  the asbestos-containing products, they were substantially the same as when they left defendants'

7  possession; any change made to the asbestos-containing products after they left defendants'

8  possession was reasonably foreseeable to defendants; the asbestos-containing products did not

9  perform as safely as an ordinary consumer would have expected at the time of use; and plaintiff

10  used the products in the way that was reasonably foreseeable to defendants.

11  **VIII.**

12      The aforementioned products lacked sufficient instructions and warnings of potential

13  dangers.  Defendants manufactured, distributed, and sold asbestos-containing products; those

14  asbestos-containing products had potential dangers that were known or knowable by the use of

15  scientific knowledge available at the time of the manufacture, distribution, and sale of the

16  products; the potential hazards presented a substantial danger to plaintiff; ordinary consumers

17  would not have recognized the potential dangers; defendants failed to adequately warn or instruct

18  of the potential dangers; and these asbestos-containing products were used in a way that was

19  reasonably foreseeable to defendants.

20  **IX.**

21      The aforementioned products were used by plaintiff in the manner for which they were

22  intended, or plaintiff foreseeably was exposed to said products when they were used in the manner

23  for which they were intended.

24  **X.**

25      As a direct and proximate result of the foregoing conduct, plaintiff developed an illness, to

26  wit:  mesothelioma, which caused great disability, as previously set forth.

27  //

28  //

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

9

THIEL/1038054.1

**XI.**

As a proximate result of the defective design, manufacturing, labeling, marketing and/or warning of these aforementioned materials and products, plaintiff was generally damaged as is more fully set forth herein and in addition has sustained special damages hereinabove alleged.

**XII.**

The foregoing acts of the defendants, and each of them, were done wantonly, willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's employers or to those entities that installed and/or handled the asbestos products to which plaintiff was exposed, knew that the foregoing products and materials released invisible, undetectable respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous when inhaled. The defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient warning on the said material or package thereof regarding said dangerous nature, nor took any action to protect those persons who foreseeably would be exposed to said asbestos products, despite knowing that persons who had no knowledge of the dangerous and hazardous nature thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**Fraud/Failure to Warn**
**[Against All Products Defendants]**

AS AND FOR A FOURTH CAUSE OF ACTION, plaintiff complains of defendants, and each of them, and alleges:

**I.**

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence.

//

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

**II.**

At all times pertinent hereto, the defendants, and each of them, owed plaintiff a duty, as provided for in Sections 1708 and 1710 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of the plaintiff. In violation of that duty, the defendants, and each of them, did do the acts and omissions, when a duty to act was imposed, as set forth herein, thereby proximately causing injury to the plaintiff as is more fully set forth herein. Such acts and omissions consisted of acts falling within Section 1710, and more specifically were suggestions of fact which were not true and which the defendants did not believe to be true, assertions of fact of that which was not true, which the defendants had no reasonable ground for believing it to be true, and the suppression of facts when a duty existed to disclose it, all as are more fully set forth herein, and the violation of which as to any one such item gave rise to a cause of action for violation of the rights of the plaintiff as provided for in the aforementioned code sections.

**III.**

Since 1924, the defendants, and each of them, have known and have been possessed of the true facts consisting of medical and scientific data and other knowledge which clearly indicated that the materials and products referred to herein were and are hazardous to the health and safety of the plaintiff, and others in plaintiff's position working in close proximity with such materials and have known of the dangerous propensities of other of the aforementioned materials and products prior to that time and with intent to deceive plaintiff, and others in his position and with intent that he and such others should be and remain ignorant of such facts and with intent to induce plaintiff and such others to alter their positions to their injury and/or risk and in order to gain advantages did do the following acts:

    a.    Defendants, and each of them, did not label any of the aforementioned asbestos-containing materials and products as to the hazards of such materials and products to the health and safety of plaintiff and others in his position working in close proximity with such materials until 1964, when certain of such materials were labeled by some, but not all, of the defendants herein, when the knowledge of such

AZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
X LONDON MARKET
HARRISON STREET,
SUITE 400
KLAND, CA 94607
510) 302-1000
510) 465-7728
x (510) 835-4913

IEL/1038054.1

1   hazards was existing and known to defendants, and each of them, since 1924. By

2   not labeling such materials as to their said hazards defendants, and each of them,

3   caused to be suggested as a fact to plaintiff and plaintiff's employers that it was safe

4   for plaintiff to work in close proximity to such materials when in fact it was not

5   true and defendants did not believe it to be true;

6   b.   Defendants, and each of them, suppressed information relating to the danger of use

7   of the aforementioned materials by requesting the suppression of information to

8   plaintiff and the general public concerning the dangerous nature of the

9   aforementioned materials to workers by not allowing such information to be

10   disseminated in a manner which would give general notice to the public and

11   knowledge of the hazardous nature thereof when defendants were bound to disclose

12   such information;

13   c.   Defendants, and each of them, sold the aforementioned products and materials to

14   plaintiff's employers and others without advising such employers and others of the

15   dangers of use of such materials to persons working in close proximity thereto,

16   when defendants knew of such dangers, as set forth herein, and, as set forth above,

17   had a duty to disclose such dangers. Thereby, defendants caused to be positively

18   asserted to plaintiff's employers of that which was not true and which defendants

19   had no reasonable ground for believing it to be true, in a manner not warranted by

20   the information possessed by said defendants, and each of them, of that which was

21   and is not true, to wit, that it was safe for plaintiff to work in close proximity to

22   such materials;

23   d.   Defendants, and each of them, suppressed from everyone, including plaintiff and

24   plaintiff's employers, and continue to suppress, medical and scientific data and

25   knowledge of the accurate results of studies including, but not limited to,

26   suppressing information contained in the unpublished Lanza report by participating

27   in the influencing of A.J. Lanza to change his report, which altered version was

28   published in *Public Health Reports*, Volume 50 at page 1 in 1935, when they were

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

bound to disclose it unaltered, and by causing Asbestos Magazine, a widely

disseminated trade journal, to omit any mention of the dangers of inhaling asbestos

dust, thereby lessening the probability of notice of danger to those exposed to

asbestos, and thereby caused plaintiff to be and remain ignorant thereof;

e.   Defendants, and each of them, belonged to, participated in, and financially

supported the Asbestos Textile Institute and other industry organizations which

actively promoted the suppression of information of danger to users of the

aforementioned products and materials for and on behalf of defendants, and each of

them, thereby misleading plaintiff and plaintiff's employers to their prejudice

through the suggestions and deceptions set forth above in this cause of action.  The

Dust Control Committee, which changed its name to the Air Hygiene Committee,

of the Asbestos Textile Institute was specifically enjoined to study the subject of

dust control; discussions in such committee were held many times of (i) the dangers

inherent in asbestos and the dangers which arise from the lack of control of dust

and (ii) the suppression of such information from 1946 to a date unknown to

plaintiff at this time;

f.   Commencing in 1930 with the study of mine and mill workers at the Thetford

asbestos mines in Quebec, Canada, and the study of workers at Raybestos-

Manhattan plants in Manheim and Charleston, South Carolina, defendants knew

and possessed medical and scientific information of the connection between

inhalation of asbestos fibers and asbestosis, which information was disseminated

through the Asbestos Textile Institute and other industry organizations to all other

defendants, and each of them, herein.  Between 1942 and 1950 the defendants, and

each of them, knew and possessed medical and scientific information of the

connection between inhalation of asbestos fibers and cancer, which information

was disseminated through the Asbestos Textile Institute and other industry

organizations to all other defendants herein.  Thereby, defendants suggested as a

fact that which is not true and disseminated other facts likely to mislead plaintiff

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

ITHIEL/1038054.1

1   and plaintiff's employers and which did mislead them for want of communication of

2   true facts which consisted of the aforedescribed medical and scientific data and

3   other knowledge by not giving plaintiff or plaintiff's employers the true facts

4   concerning such knowledge of danger, when defendants were bound to disclose it;

5   g.   Failed to warn plaintiff and plaintiff's employers of the nature of the said materials,

6   to wit:  dangerous when breathed, causing pathological effects without noticeable

7   trauma, when possessed with knowledge that such material was dangerous and a

8   threat to the health of persons coming into contact therewith and under a duty to

9   disclose it;

10   h.   Failed to provide plaintiff with information concerning adequate protective masks

11   and devices for use with and application and installation of the products of the

12   defendants, and each of them, when they knew that such protective measures were

13   necessary, when they were under a duty to disclose such information, and if not

14   advised as to use would result in injury to the plaintiff and others applying and

15   installing such materials;

16   i.   Concealed from plaintiff the true nature of the industrial exposure of plaintiff, the

17   fact that they and each of them, knew that plaintiff and anyone similarly situated,

18   upon inhalation of asbestos would, in time develop irreversible conditions of either

19   pneumoconiosis, asbestosis or cancer, or all, and such person would immediately be

20   in not good health, the fact that he had in fact been exposed to harmful materials

21   and the fact that the materials to which he was exposed would cause pathological

22   effects without noticeable trauma, when under a duty to and bound to disclose it;

23   j.   Failed to provide information to the public at large and buyers, users and physicians

24   employed by plaintiff and plaintiff's employers for the purpose of conducting

25   physical examinations of plaintiff and others working in contact with asbestos as to

26   the true nature of the hazards of asbestos, in order for such physicians to diagnose,

27   and treat workers coming into contact with asbestos, in that the materials to which

28   plaintiff had been exposed would cause pathological effects without noticeable

CAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
ACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
'AKLAND, CA 94607
(510) 302-1000
(510) 465-7728
AX (510) 835-4913

HIEL/1038054.1

1   trauma, when under a duty to supply such information and such failure is likely to

2   mislead for want of communication of such facts; and

3   k.   Defendants, and each of them, affirmatively misrepresented that asbestos

4   containing products were safe to use and handle, when they knew such statements

5   were false when made, or made said false statements recklessly and without regard

6   for whether the statements were true.

7   **IV.**

8   Each of the foregoing acts, suggestions, assertions and forbearances to act when a duty

9   existed to act, the said defendants, and each of them, having such knowledge, knowing plaintiff

10   did not have such knowledge and would breathe such material innocently, was done falsely and

11   fraudulently and with full intent to induce plaintiff to work in a dangerous environment and to

12   cause plaintiff to remain unaware of the true facts, all in violation of Section 1710 of the Civil

13   Code of the State of California.

14   **V.**

15   Plaintiff relied upon the said acts, suggestions, assertions and forbearances; had plaintiff

16   known the true facts, plaintiff would not have continued to work in the said environment.

17   **VI.**

18   By reason of the aforesaid premises, plaintiff has been damaged in his health, strength and

19   activity in addition to special damages hereinabove alleged.

20   **VII.**

21   Each of the said acts and forbearances to act were caused by false, fraudulent and malicious

22   motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive

23   damages.  The foregoing conduct of the defendants, and each of them, was done wantonly,

24   willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the

25   defendants, and each of them, prior to and at the time of the sale of the aforementioned products to

26   plaintiff's employers or to those entities that installed and/or handled the asbestos products to

27   which plaintiff were exposed, knew that the foregoing materials released invisible, undetectable

28   respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

HIEL/1038054.1

1  when inhaled. In addition to the unlawful conduct described above, the defendants, and each of

2  them, either did not warn or insufficiently warned regarding the dangerous nature of said materials,

3  nor placed a sufficient warning on the said material or package thereof regarding said dangerous

4  nature, nor took any action to protect those persons who foreseeably would be exposed to said

5  asbestos products, despite knowing that persons who had no knowledge of the dangerous and

6  hazardous nature thereof, such plaintiff, would be exposed to and inhale asbestos fibers, and

7  plaintiff is entitled to punitive damages hereunder.

8  **VIII.**

9  Plaintiff had no knowledge that the foregoing acts were actionable at law when they were

10  committed, and cannot be charged with knowledge or inquiry thereof.

11  WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

12  **FIFTH CAUSE OF ACTION**

13  **Conspiracy to Defraud/Failure to Warn**
   **[Against All Products Defendants]**

14

15  AS AND FOR A FIFTH CAUSE OF ACTION, plaintiff complains of defendants, and

16  each of them, and alleges:

17  **I.**

18  Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

19  forth herein at length all and singular the allegations contained in the First Cause of Action herein,

20  excepting therefrom allegations pertaining to negligence and agency, and the Fourth Cause of

21  Action herein.

22  **II.**

23  At all times mentioned, the defendants, and each of them, knowingly and willfully

24  conspired and agreed among themselves to perpetrate upon plaintiff the acts complained of as set

25  forth in the First and Fourth Causes of Action as are incorporated herein.

26  **III.**

27  Defendants, and each of them, did the acts and things herein alleged in Paragraph II of the

28  Fourth Cause of Action, incorporated herein, in furtherance of the conspiracy and agreement as

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

THIEL/1038054.1

1   herein alleged and did further conspire to violate State and Federal laws and regulations, the exact

2   nature and extent of which are unknown at this time, but known full well to defendants and each of

3   them.

4                                                              IV.

5           Each of the said acts and forbearances to act were caused by false, fraudulent and malicious

6   motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive

7   damages.  The foregoing conduct of the defendants, and each of them, was done wantonly,

8   willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the

9   defendants, and each of them, prior to and at the time of the sale of the aforementioned products to

10  plaintiff's employers or to those entities that installed and/or handled the asbestos products to

11  which plaintiff was exposed, knew that the foregoing materials released invisible, undetectable

12  respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous

13  when inhaled.  In addition to the unlawful conduct described above, the defendants, and each of

14  them, either did not warn or insufficiently warned regarding the dangerous nature of said materials,

15  nor placed a sufficient warning on the said material or package thereof regarding said dangerous

16  nature, nor took any action to protect those persons who foreseeably would be exposed to said

17  asbestos products, despite knowing that persons who had no knowledge of the dangerous and

18  hazardous nature thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and

19  plaintiff is entitled to punitive damages hereunder.

20                                                             V.

21          By reason of the aforesaid acts of defendants, and each of them, plaintiff has suffered

22  damage to his health, strength and activity.

23          WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

24                                          **SIXTH CAUSE OF ACTION**

25                          **Market Share/Enterprise Liability/Negligence**
                                   **[Against All Products Defendants]**

26

27          AS AND FOR A SIXTH CAUSE OF ACTION, plaintiff complains of defendants, and

28  each of them, and alleges:

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

17

THIEL/1038054.1

**I.**

Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the First Cause of Action.

**II.**

Plaintiff is informed and believes and on the basis of such information and belief alleges that at all times relevant herein, the number of producers of asbestos and asbestos products of the type that plaintiff used or was otherwise exposed to, and the nature and structure of the asbestos market and industry, was such that there is and was a substantial likelihood that plaintiff would have actually used or otherwise been exposed to the products of each of the defendants.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

**Market Share/Enterprise Liability/Strict Liability/Defective Product Design, Manufacturing, Labeling, Marketing and/or Warning**
**[Against All Products Defendants]**

AS AND FOR A SEVENTH CAUSE OF ACTION, plaintiff complains of defendants, and each of them, and alleges:

**I.**

Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the Third Cause of Action and in Paragraph II of the Sixth Cause of Action.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

**EIGHTH CAUSE OF ACTION**

**Market Share/Concert of Action/Negligence**
**[Against All Products Defendants]**

AS AND FOR AN EIGHTH CAUSE OF ACTION, plaintiff complains of defendants and each of them, and alleges:

**I.**

Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the First Cause of Action, Paragraph II of the Fourth Cause of Action, and Paragraph II of the Sixth Cause of Action.

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET, SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

ATHIEU1038054.1

**II.**

Plaintiff is informed and believes and on the basis of such information and belief alleges that at all times relevant herein, each of the defendants has:

(1)     Cooperated in the defective design, manufacturing, labeling and/or marketing of uniformly defective and dangerous asbestos products;

(2)     Knowingly adhered to an inadequate industry-wide standard of safety that failed to warn plaintiff, or any other person likely to be exposed to the hazards caused by the use of their products, that exposure to asbestos fibers could cause asbestosis, mesothelioma, and lung cancer and other cancers and diseases or that it could otherwise cause death or serious permanent disability;

(3)     Delegated research, investigative, and other safety functions to various trade associations and industry leaders that failed to adequately and accurately investigate the risks caused by the use of asbestos and that minimized and suppressed the publication of the information concerning the hazards of asbestos; and

(4)     Otherwise jointly created and controlled the risk that was the proximate cause of the injuries of plaintiff.

**III.**

Plaintiff is informed and believes and thereon alleges that at all times relevant herein, the nature and structure of the asbestos industry and market was such that the foregoing acts and omissions of each of the defendants, acting separately and in combination, were a substantial factor in bringing about the aforesaid injury-causing standards, practices and risk, and were otherwise the proximate and legal cause of, and a substantial factor in, bringing about the injuries to plaintiff.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

**NINTH CAUSE OF ACTION**

**Market Share/Concert of Action/Strict Liability/Defective Product Design
[Against All Products Defendants]**

AS AND FOR A NINTH CAUSE OF ACTION, plaintiff complains of defendants, and

AZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
CX LONDON MARKET
HARRISON STREET,
SUITE 400
KLAND, CA 94607
(510) 302-1000
(510) 465-7728
X (510) 835-4913

IIEI/1038054.1

1  each of them, and alleges:

2  **I.**

3  Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

4  allegation contained in the Third Cause of Action, Paragraph II of the Fourth Cause of Action,

5  Paragraph II of the Sixth Cause of Action, and Paragraphs II and III of the Eighth Cause of Action.

6  WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

7  **TENTH CAUSE OF ACTION**

8  **Market Share/Concert of Action/Conspiracy to Defraud/Failure to Warn**
**[Against All Products Defendants]**

9

10  AS AND FOR A TENTH CAUSE OF ACTION, plaintiff complains of defendants, and

11  each of them, and alleges:

12  **I.**

13  Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

14  allegation contained in the Fifth and Ninth Causes of Action.

15  **II.**

16  Plaintiff is informed and believes and on the basis of such information and belief alleges

17  that at all times herein, each of the defendants knew that the aforesaid failure to warn was industry-

18  wide and that the use of their products and the products of others in the industry, without

19  inspection and protection from the hazards of dust inhalation and without an adequate warning by

20  any of them, created and increased the risk of death and disease from cancer, asbestosis, and other

21  related diseases.

22  **III.**

23  Plaintiff is informed and believes and on the basis of such information and belief alleges

24  that at all times herein, each of the defendants, acting in concert and pursuant to a common plan,

25  and in order to maximize the sale of their products and to minimize claims for damages and

26  compensation, knowingly assisted, aided, abetted, encouraged and ratified the conduct of each

27  other:

28  (1)    In the defective design, manufacturing, labeling and/or marketing of a uniformly

CAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
ACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
AKLAND, CA 94607
(510) 302-1000
(510) 465-7728
AX (510) 835-4913

HIEU1038054.1

1   defective and hazardous asbestos product without adequate tests and without an adequate warning

2   to their consumers and users; and

3       (2)    In suppressing and discouraging the discovery and publication of information

4   concerning the true hazards of asbestos by and to the public at large.

5       Said conduct was the proximate and legal cause of, and a substantial factor in, bringing

6   about the injuries of plaintiff.

7       WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

8   ## PREMISES DEFENDANTS:

9   ### ELEVENTH CAUSE OF ACTION

10  **Negligence/Failure to Warn**
**[Against All Premises Defendants]**

11

12      AS AND FOR AN ELEVENTH CAUSE OF ACTION, plaintiff complains of defendants

13  NATIONAL STEEL AND SHIPBUILDING COMPANY; TWO HUNDRED ELEVENTH DOE

14  through THREE HUNDREDTH DOE, inclusive. These defendants were at all times herein and

15  still are corporations authorized to and doing business in the State of California, and are hereafter

16  designated the PREMISES defendants.  Plaintiff alleges against the PREMISES defendants, and

17  each of them:

18      **I.**

19      Plaintiff, by this reference, hereby incorporates and makes a part thereof, as though fully

20  set forth herein, each and every allegation contained in the First through Tenth Causes of Action

21  herein.

22      **II.**

23      Plaintiff does not know the true names or capacities of the defendants sued herein under

24  the fictitious names of TWO HUNDRED ELEVENTH DOE through TWO HUNDRED

25  FIFTIETH DOE, inclusive, whether corporate, associate or individual, and plaintiff prays leave to

26  amend this complaint to allege said true names and/or capacities when the same are ascertained.

27  Plaintiff is informed and believes and therefore alleges that each of the defendants designated

28  herein as a DOE is negligently, intentionally and/or strictly liable or responsible in some manner

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   for the events and happenings herein referred to, and proximately caused injury and damages to

2   plaintiff as hereinafter alleged.

3                                            **III.**

4        At all times herein mentioned, defendants TWO HUNDRED FIFTY-FIRST DOE through

5   THREE HUNDREDTH DOE were Officers and Directors of named defendants herein as TWO

6   HUNDRED ELEVENTH DOE through TWO HUNDRED FIFTIETH DOE.

7                                            **IV.**

8        At all times mentioned herein, the PREMISES defendants each respectively owned,

9   maintained, managed, and/or controlled one or more of those premises where plaintiff worked

10  while employed as set forth in Paragraph IX of the First Cause of Action, which is herein

11  incorporated by reference.

12                                           **V.**

13       Prior to and at said times and places, each said PREMISES defendant caused certain

14  asbestos-containing insulation and other building materials and products and machinery to be

15  specified, manufactured, constructed, supplied, installed, maintained, used, replaced, and/or

16  repaired and otherwise be present at the aforesaid premises, by its own workers and/or various

17  independent contractors so as to allow and cause the release of dangerous quantities of toxic

18  asbestos fibers into the ambient air and thereby contaminate the entire premises and create a

19  hazardous condition and unreasonable risk of harm and personal injury to plaintiff and other

20  persons exposed to said asbestos fibers while working on said premises, or otherwise using or

21  coming on said premises, unless special precautions were taken.

22                                           **VI.**

23       At all relevant times mentioned herein, each said PREMISES defendant had a

24  nondelegable duty to exercise reasonable care to inspect and make safe the premises it owned,

25  maintained, managed and/or controlled, and to discover the aforesaid dangerous conditions.

26  PREMISES defendants, and each of them, also created or contributed to said dangerous

27  conditions, by specifying, manufacturing, supplying, installing, maintaining, using, replacing,

28  repairing, and/or requiring the use and/or handling of asbestos-containing materials on said

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

22

FHIEL/1038054.1

1 │ premises, and by failing to properly supervise their own employees or the employees of others over

2 │ whom said defendants had control in performing work which caused the release of asbestos fibers

3 │ into the ambient air and the contamination of the entire premise, when defendants knew or in the

4 │ exercise of ordinary and reasonable care should have known that the foregoing conditions and

5 │ activities were present on said premises and created a dangerous and hazardous condition and

6 │ unreasonable risk of harm and personal injury to plaintiff and other persons coming on the

7 │ aforesaid premises.

8 │                                          **VII.**

9 │     At all times relevant herein, plaintiff entered said premises and used and occupied said

10 │ premises as intended and for the benefit and advantage of each said PREMISES defendant and at

11 │ each said PREMISES defendant's request and invitation.  In so doing, plaintiff was exposed to

12 │ dangerous quantities of asbestos fibers released into the ambient air by the aforesaid hazardous

13 │ conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or

14 │ caused by each said PREMISES defendant.

15 │                                          **VIII.**

16 │     Plaintiff at all relevant times used the premises with due care and was unaware of and in

17 │ the exercise of ordinary care could not have discovered the risk of personal injury and the

18 │ hazardous conditions created by the aforesaid presence of asbestos products and materials on said

19 │ premises.

20 │                                          **IX.**

21 │     At all relevant times mentioned herein, each said PREMISES defendant knew, or in the

22 │ exercise of ordinary and reasonable care should have known, that the premises that were in its

23 │ control would be used as alleged without knowledge of, or inspection for, defects or dangerous

24 │ conditions, which were not apparent or obvious, and that persons using said premises would not be

25 │ aware of the aforesaid hazardous conditions and contamination on the premises to which they were

26 │ exposed.

27 │ //

28 │ //

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

THIEL/1038054.1

**X.**

At all times pertinent hereto, the PREMISES defendants, and each of them, owed plaintiff a duty, as provided in Section 1708 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of plaintiff. When a duty to act was imposed, as set forth herein, the defendants, and each of them, did do the acts and omissions in violation of that duty, thereby proximately causing injury to the plaintiff as is more fully set forth herein.

**XI.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to warn plaintiff and plaintiff's employer that said materials were dangerous when breathed and caused pathological effects without noticeable trauma, despite the fact that defendants possessed knowledge and were under a duty to disclose that such material was dangerous and a threat to the health of persons coming into contact therewith.

**XII.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to provide plaintiff with information concerning adequate protective masks and devices to be used when applying, installing, disturbing, or otherwise working around asbestos-containing products, and each of them, despite the knowledge of the PREMISES defendants and a duty to disclose that such protective measures were necessary and would result in injury to the plaintiff and others applying, installing, disturbing, or otherwise working around such materials if not so advised.

**XIII.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, concealed from plaintiff the true nature of the industrial exposure of plaintiff, and knew that plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all, and that the materials to which he was exposed would cause pathological effects without noticeable trauma despite the fact that PREMISES defendants were under a duty to and bound to disclose it.

//

//

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

THIEL/1038054.1

**XIV.**

1

2       At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to

3   provide information of the true nature of the hazards of asbestos materials and that exposure to

4   these materials would cause pathological effects without noticeable trauma to the public, including

5   buyers, users, and physicians employed by plaintiff and plaintiff's employers so that said

6   physicians could examine, diagnose and treat plaintiff and others who were exposed to asbestos,

7   despite the fact that PREMISES defendants, and each of them, were under a duty to so inform and

8   said failure was misleading.

**XV.**

9

10      At all relevant times mentioned herein, said PREMISES defendants, and each of them,

11  negligently failed to take steps to abate or correct the dangerous conditions, or to make the

12  premises safe or to warn plaintiff of the existence of the aforesaid dangerous conditions and

13  hazards on said premises, although the risk of plaintiff's injuries was a foreseeable consequence of

14  the negligence of defendants and each of them.

**XVI.**

15

16      As a legal consequence of the foregoing, plaintiff developed an asbestos-related disease

17  which caused his illness as previously set forth and has suffered general and special damages as

18  alleged herein.

**XVII.**

19

20      The foregoing acts of the PREMISES defendants, and each of them, were done wantonly,

21  willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the

22  defendants, and each of them, in that the defendants, and each of them knew, at the time

23  defendants manufactured, supplied or required the use and/or handling of asbestos-containing

24  materials and/or failed to properly supervise their own employees or the employees of others over

25  whom defendants had control who installed and/or handled the asbestos products to which plaintiff

26  was exposed, that the foregoing materials released invisible, undetectable respirable asbestos fibers

27  when installed or handled and that said fibers were extremely dangerous when inhaled.  The

28  defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
5 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

THIEL/1038054.1

1   nature of said materials, nor placed a sufficient warning on the said material or package thereof

2   regarding said dangerous nature, nor took any action to protect those persons who foreseeably

3   would be exposed to said asbestos products, despite knowing that persons who had no knowledge

4   of the dangerous and hazardous nature thereof, such as plaintiff, would be exposed to and inhale

5   asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

6        WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

7   ### TWELFTH CAUSE OF ACTION

8   ### Negligent Hiring and Negligent Exercise of Retained Control
### [Against All Premises Defendants]

9

10       AS AND FOR A TWELFTH CAUSE OF ACTION, plaintiff complains of PREMISES

11  defendants, and each of them, as follows:

12  **I.**

13       Plaintiff refers to and incorporates herein by reference the First through Eleventh Causes of

14  Action of this Complaint.

15  **II.**

16       At all relevant times herein, the PREMISES defendants and each of them negligently hired,

17  retained and kept contractors on jobs to perform asbestos related work, and knew or in the exercise

18  of reasonable care and diligence should have known that the contractors, independent contractors,

19  subcontractors, employees, manufacturers, suppliers, distributors, workers and others these

20  defendants employed or engaged to or responsible for the manufacture, distribution, installation,

21  inspection, maintenance, repair, replacement, removal and/or disposing of asbestos and asbestos-

22  containing materials on the aforementioned premises were incompetent and unfit to perform the

23  duties for which they were employed, retained, hired or used, and that an unreasonable risk of

24  harm to plaintiff and other persons on the aforesaid premises would exist as a legal consequence of

25  such initial and/or continued employment, retention or contract. PREMISES defendants and each

26  of them failed to exercise reasonable caution in selecting, retaining and continuing to use each of

27  the employees, contractors, independent contractors and/or subcontractors who performed

28  asbestos-related work, excluding those that employed plaintiff, even though said PREMISES

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
fax (510) 835-4913

KEU/1038054.1

1   defendants knew or in the reasonable exercise of ordinary and reasonable care should have known

2   that failure to choose these persons carefully to perform asbestos-related work and/or allow such

3   persons to continue to perform asbestos-related work after the PREMISES defendants, and each of

4   them, became aware of the negligent manner in which the work was being performed created a

5   dangerous and hazardous condition and unreasonable risk of harm and personal injury to plaintiff

6   and other workers or persons so exposed while working for or in the vicinity of negligent

7   contractors or exposed to asbestos fibers on such persons' clothing, shoes and person.  PREMISES

8   defendants, and each of them, also negligently exercised the control they retained of the operative

9   details – including, without limitation, the asbestos-related details – of plaintiff's work, thereby

10   negligently exposing plaintiff to asbestos that was a legal cause of plaintiff's mesothelioma.

11                                                      **III.**

12             The foregoing acts of the PREMISES defendants, and each of them, were done wantonly,

13   willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the defendants,

14   and each of them, in that the defendants, and each of them knew – at the time defendants

15   manufactured, supplied or required the use and/or handling of asbestos-containing materials to which

16   plaintiff was exposed, and/or failed to properly train, hire and/or supervise their own employees or

17   the employees of others over whom defendants had control who installed and/or handled the

18   asbestos products to which plaintiff was exposed, and/or negligently exercised the control they

19   retained of the asbestos-related details of plaintiff's – that the foregoing materials released invisible,

20   undetectable respirable asbestos fibers when installed or handled and that said fibers were

21   extremely dangerous when inhaled.  The defendants, and each of them, either did not warn or

22   insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient

23   warning on the said material or package thereof regarding said dangerous nature, nor took any

24   action to protect those persons who foreseeably would be exposed to said asbestos products,

25   despite knowing that persons who had no knowledge of the dangerous and hazardous nature

26   thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to

27   punitive damages hereunder.

28   //

ĀZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
1CK LONDON MARKET
HARRISON STREET,
SUITE 400
AKLAND, CA 94607
(510) 302-1000
(510) 465-7728
AX (510) 835-4913

HEL/1038054.1

1    WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

2                    **THIRTEENTH CAUSE OF ACTION**

3                         **(Loss of Consortium)**

4    AS AND FOR A THIRTEENTH CAUSE OF ACTION, plaintiff MARY DEASON

5    complains of all defendants, and each of them, and alleges:

6                                    **I.**

7    This plaintiff, for and on behalf of herself, brings this action on her own behalf.

8                                    **II.**

9    Plaintiff refers to and incorporates herein by reference the First through Twelfth Causes of

10   Action of this complaint.

11                                   **III.**

12   At the time that plaintiff James Deason sustained injury as more fully alleged in all the

13   previous causes of action, and at all times thereafter, plaintiff Mary Deason is the wife of plaintiff

14   James Deason.

15                                   **IV.**

16   Prior to said injuries, plaintiff James Deason was able to and did, perform his duties as the

17   husband of plaintiff Mary Deason.  Plaintiff is informed and believes and thereon alleges that

18   subsequent to said injuries and as a proximate result thereof, plaintiff James Deason has been, and

19   some time in the future will be, incapacitated and unable to perform the necessary duties as

20   husband of plaintiff Mary Deason and the work and service usually performed in the care,

21   maintenance and management of the family home.

22                                   **V.**

23   As a proximate result of said injuries, plaintiff Mary Deason has been and will be deprived

24   of consortium with plaintiff James Deason, including the performance of her husband's duties and

25   on plaintiff's part will be required to perform the duties previously performed by plaintiff James

26   Deason, all to plaintiff's damage in a sum which cannot be ascertained at this time.  Plaintiff

27   requests the right to amend this complaint to allege the amount of said damages when they are

28   ascertained.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES                    28

1          WHEREFORE, plaintiff MARY DEASON prays judgment against defendants,

2    conspirators and their "alternate entities," and each of them as follows:

3          1.       General damages in an amount in excess of $50,000.00 in accordance with the

4    proof;

5          2.       Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

6    accordance with proof;

7          3.       Punitive and exemplary damages in an amount found appropriate by the trier of fact

8    in accordance with the proof;

9          4.       Special damages in accordance with the proof;

10         5.       Prejudgment interest and post-judgment interest in accordance with law;

11         6.       Costs of suit; and

12         7.       Such other and further relief as the Court deems just and proper in the premises.

13         WHEREFORE, plaintiff JAMES DEASON prays judgment against defendants,

14   conspirators and their "alternate entities," and each of them as follows:

15         1.       General damages in an amount in excess of $50,000.00 in accordance with the proof;

16         2.       Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

17   accordance with proof:

18         3.       Punitive and exemplary damages in an amount found appropriate by the trier of fact

19   in accordance with the proof;

20         4.       Special damages in accordance with the proof;

21         5.       Prejudgment interest and post-judgment interest in accordance with law;

22         6.       Costs of suit; and

23         7.       Such other and further relief as the Court deems just and proper in the premises.

24   DATED: October 24, 2011              KAZAN, McCLAIN, LYONS,
                                          GREENWOOD & HARLEY, PLC
25

26                                       By    _____
                                               Matthew L. Thiel
27

28                                       Attorneys for Plaintiffs

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

THIEL\1038054.1

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

29