UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSIE COTA,<br>PERSONAL REPRESENTATIVE of the<br>Estate of CHARLES R. COTA, Deceased,<br><br>PLAINTIFF,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>DEFENDANT. | Case No. 3:11-cv-00977-JPG-PMF<br><br>**JURY TRIAL REQUESTED<br>ON ALL COUNTS** |

## COMPLAINT

Now comes Plaintiff, Rosie Cota, Personal Representative of the Estate of Charles R. Cota, deceased, by her attorney, William P. Gavin, and for her Complaint against Defendant, BNSF Railway Company, states:

### COUNT I
### (FELA-INJURY)

1.  Defendant is currently a railroad corporation engaged in the interstate business of transportation of goods in and through the jurisdiction of this Court in Southern Illinois.

2.  Charles R. Cota was employed by Defendant and its predecessors in interest, Burlington Northern Railroad Company and Burlington Northern Santa Fe Railway Company (hereinafter collectively referred to as "Defendant"), from 1968 to 2006 in its transportation crafts and, in furtherance of his employment duties, was engaged in activities that materially and substantially affected interstate commerce when he was injured as described more fully below.



EXHIBIT 1

3. Charles R. Cota was injured when he was required to perform work, during the course of his employment with Defendant, which caused him to be exposed to asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes.

4. During the course of Charles R. Cota's employment with Defendant, Defendant was engaged in interstate commerce as a common carrier by rail and all or part of Mr. Cota's duties were in furtherance of and did closely, directly and substantially affect interstate commerce. Wherefore, the rights and liabilities of the parties were and are governed by the Federal Employers Liability Act, 45 U.S.C. §§ 51 *et seq.*

5. Charles R. Cota was engaged in the course of his employment with Defendant when he was required and caused to work in the vicinity of, and be exposed to, toxic substances including asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes, which caused him to suffer permanent injuries to his lungs in the nature of asbestosis, lung cancer, and/or other lung disease.

6. Charles R. Cota first became aware that his injuries were caused by his employment with Defendant within three years of the filing of this suit.

7. Defendant, by and through its authorized agents, servants and employees, was guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers Liability Act:

    a. Negligently failed to provide Charles R. Cota with a reasonably safe place to work; and/or,

    b. Negligently failed to provide Charles R. Cota with safe or adequate equipment to protect him against exposure to asbestos, diesel exhaust, environmental tobacco

      smoke, silica and other toxic dusts, gases and fumes; and/or,

c. Negligently exposed Charles R. Cota to asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes; and/or,

d. Negligently failed to warn Charles R. Cota of the hazards of asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes when it knew or should have known of such hazards; and/or,

e. Negligently permitted unsafe work practices to become routine work practices; and/or,

f. Negligently agreed with other railroads to conceal from its employees the hazards of exposure to asbestos; and/or,

g. Negligently failed to implement steps it knew would be effective to protect against, reduce, and/or eliminate exposure to asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes.

8. One or more of the foregoing negligent acts or omissions caused, in whole or in part, Charles R. Cota to develop and suffer from respiratory illness and disease in the nature of asbestosis, lung cancer and other lung disease.

9. As a result of Charles R. Cota's respiratory illness and disease caused, in whole or in part, by Defendant's negligence, Charles R. Cota endured great pain and suffering, disability, loss of enjoyment of life, disfigurement, and genuine and serious mental anguish and nervousness as a result of his reasonable concern over the prospects of the progression of his respiratory illness caused by his exposure to asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes.

10. In endeavoring to be treated and/or cured of the respiratory illness and disease caused, in whole or in part, by Defendant's negligence, Charles R. Cota also incurred medical bills.

11. This Court has subject matter jurisdiction over this suit, pursuant to 28 U.S.C. §1331, in that this action arises under the statutes of the United States of America.

WHEREFORE, Plaintiff, Rosie Cota, Personal Representative of the Estate of Charles R. Cota, deceased, prays that judgment be entered against Defendant, BNSF Railway Company, in favor of Plaintiff in the amount of $3,500,000.00, plus costs of suit.

## PLAINTIFF REQUESTS A TRIAL BY JURY ON COUNT I.

### COUNT II
### (FELA-DEATH)

1. Defendant is currently a railroad corporation engaged in the interstate business of transportation of goods in and through the jurisdiction of this Court in Southern Illinois.

2. Charles R. Cota was employed by Defendant and its predecessors in interest, Burlington Northern Railroad Company and Burlington Northern Santa Fe Railway Company (hereinafter collectively referred to as "Defendant"), from 1968 to 2006 in its transportation crafts and, in furtherance of his employment duties, was engaged in activities that materially and substantially affected interstate commerce when he was injured as described more fully below.

3. Charles R. Cota was injured when he was required to perform work, during the course of his employment with Defendant, which caused him to be exposed to

asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes.

4. During the course of Charles R. Cota's employment with Defendant, Defendant was engaged in interstate commerce as a common carrier by rail and all or part of Mr. Cota's duties were in furtherance of and did closely, directly and substantially affect interstate commerce. Wherefore, the rights and liabilities of the parties were and are governed by the Federal Employers Liability Act, 45 U.S.C. §§ 51 *et seq*.

5. Charles R. Cota was engaged in the course of his employment with Defendant when he was required and caused to work in the vicinity of, and be exposed to, toxic substances including asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes, which caused him to suffer permanent injuries to his lungs in the nature of asbestosis, lung cancer, and/or other lung disease.

6. Charles R. Cota first became aware that his injuries were caused by his employment with Defendant within three years of the filing of this suit.

7. Defendant, by and through its authorized agents, servants and employees, was guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers Liability Act:

    a.    Negligently failed to provide Charles R. Cota with a reasonably safe place to work; and/or,

    b.    Negligently failed to provide Charles R. Cota with safe or adequate equipment to protect him against exposure to asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes; and/or,

  c. Negligently exposed Charles R. Cota to asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes; and/or,

  d. Negligently failed to warn Charles R. Cota of the hazards of asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes when it knew or should have known of such hazards; and/or,

  e. Negligently permitted unsafe work practices to become routine work practices; and/or,

  f. Negligently agreed with other railroads to conceal from its employees the hazards of exposure to asbestos; and/or,

  g. Negligently failed to implement steps it knew would be effective to protect against, reduce, and/or eliminate exposure to asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes.

8. One or more of the foregoing negligent acts or omissions caused, in whole or in part, Charles R. Cota to develop and suffer from respiratory illness and disease in the nature of asbestosis, lung cancer and other lung disease.

9. Charles R. Cota died on January 24, 2011, as a result, in whole or in part, of his asbestosis, lung cancer and other lung disease caused by Defendant's negligence.

10. At the time of Charles R. Cota's death, he was lawfully married to Rosie Cota.

11. As a result, in whole or in part, of Charles R. Cota's death, Rosie Cota has suffered pecuniary loss in the nature of loss of financial support and she will continue to suffer such a pecuniary loss during each month of the rest of her life.

12.  This Court has subject matter jurisdiction over this suit, pursuant to 28 U.S.C. §1331, in that this action arises under the statutes of the United States of America.

WHEREFORE, Plaintiff, Rosie Cota, Personal Representative of the Estate of Charles R. Cota, deceased, prays that judgment be entered against Defendant, BNSF Railway Company, in favor of Plaintiff in the amount of $500,000.00, plus costs of suit.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON COUNT II.**

## COUNT III
## (BOILER INSPECTION-INJURY)

1.  Defendant is currently a railroad corporation engaged in the interstate business of transportation of goods in and through the jurisdiction of this Court in Southern Illinois.

2.  Charles R. Cota was employed by Defendant and its predecessors in interest, Burlington Northern Railroad Company and Burlington Northern Santa Fe Railway Company (hereinafter collectively referred to as "Defendant"), from 1968 to 2006 in its transportation crafts and, in furtherance of his employment duties, was engaged in activities that materially and substantially affected interstate commerce when he was injured as described more fully below.

3.  During the course of Charles R. Cota's employment, Defendant was engaged in interstate commerce as a common carrier by rail and all or part of Mr. Cota's employment duties required his presence in locomotives operated on Defendant's line and were in furtherance of, and did closely, directly and substantially affect interstate commerce. Wherefore, the rights and liabilities of the parties were and are governed by the Locomotive Boiler Inspection Act, 49 U.S.C. §§ 20702 *et seq.*

4. Charles R. Cota was engaged in the course of his employment with Defendant when he was required and caused to work in the vicinity of, and be exposed to, toxic substances including asbestos, diesel exhaust, environmental tobacco smoke, silica, toxic dusts, gases and fumes emitted from and/or present in locomotives being operated on Defendant's line, which caused him to suffer permanent injuries to his lungs in the nature of asbestosis, lung cancer and other respiratory disease.

5. Charles R. Cota first became aware that his injuries were caused by his employment with Defendant within three years of the filing of this suit.

6. Defendant, by and through its agents, servants and employees, violated the Locomotive Boiler Inspection Act in one or more of the following respects:

    a. Failed to provide Charles R. Cota with locomotives whose appurtenances were in proper and safe conditions; and/or,

    b. Required Charles R. Cota to work on or near locomotives which were defective because they were contaminated with asbestos and asbestos-containing products; and/or,

    c. Required Charles R. Cota to work on or near locomotives which were defective because they were contaminated with and emitted dangerous amounts of diesel exhaust; and/or,

    d. Required Charles R. Cota to work on or near locomotives which were defective because they were contaminated with and emitted dangerous amounts of silica; and/or,

    e. Required Charles R. Cota to work on or near locomotives which were defective because they were contaminated with and emitted dangerous amounts of environmental tobacco smoke; and/or,

    f. Required Charles R. Cota to work on or near locomotives which were defective because they were contaminated with and emitted toxic dusts, gases and fumes.

7. One or more of the foregoing violations of the Locomotive Boiler Inspection Act caused, in whole or in part, Charles R. Cota to develop and suffer from respiratory illness and disease in the nature of asbestosis, lung cancer and other respiratory disease.

8. As a result of Charles R. Cota's illness and disease caused, in whole or in part, by Defendant's violations of the Locomotive Boiler Inspection Act, Charles R. Cota endured great pain and suffering, disability, loss of enjoyment of life, disfigurement, and genuine and serious mental anguish and nervousness as a result of his reasonable concern over the prospects of the progression of his respiratory illness caused by his exposure to asbestos, diesel exhaust, environmental tobacco smoke, silica and other toxic dusts, gases and fumes.

9. In endeavoring to be treated and/or cured of the respiratory illness and disease caused, in whole or in part, by Defendant's violations of the Locomotive Boiler Inspection Act, Charles R. Cota also incurred medical bills.

10. This Court has subject matter jurisdiction over this suit, pursuant to 28 U.S.C. §1331, in that this action arises under the statutes of the United States of America.

WHEREFORE, Plaintiff, Rosie Cota, Personal Representative of the Estate of Charles R. Cota, deceased, prays that judgment be entered against Defendant, BNSF Railway Company, in favor of Plaintiff in the amount of $3,500,000.00, plus costs of suit.

## PLAINTIFF REQUESTS A TRIAL BY JURY ON COUNT III.

## COUNT IV
## (BOILER INSPECTION-DEATH)

1. Defendant is currently a railroad corporation engaged in the interstate business of transportation of goods in and through the jurisdiction of this Court in Southern Illinois.

2. Charles R. Cota was employed by Defendant and its predecessors in interest, Burlington Northern Railroad Company and Burlington Northern Santa Fe Railway Company (hereinafter collectively referred to as "Defendant"), from 1968 to 2006 in its transportation crafts and, in furtherance of his employment duties, was engaged in activities that materially and substantially affected interstate commerce when he was injured as described more fully below.

3. During the course of Charles R. Cota's employment, Defendant was engaged in interstate commerce as a common carrier by rail and all or part of Mr. Cota's employment duties required his presence in locomotives operated on Defendant's line and were in furtherance of, and did closely, directly and substantially affect interstate commerce. Wherefore, the rights and liabilities of the parties were and are governed by the Locomotive Boiler Inspection Act, 49 U.S.C. §§ 20702 *et seq.*

4. Charles R. Cota was engaged in the course of his employment with Defendant when he was required and caused to work in the vicinity of, and be exposed to, toxic substances including asbestos, diesel exhaust, environmental tobacco smoke, silica, toxic dusts, gases and fumes emitted from and/or present in locomotives being operated on Defendant's line, which caused him to suffer permanent injuries to his lungs in the nature of asbestosis, lung cancer and other respiratory disease.

5. Charles R. Cota first became aware that his injuries were caused by his employment with Defendant within three years of the filing of this suit.

6. Defendant, by and through its agents, servants and employees, violated the Locomotive Boiler Inspection Act in one or more of the following respects:

   a. Failed to provide Charles R. Cota with locomotives whose appurtenances were in proper and safe conditions; and/or,

   b. Required Charles R. Cota to work on or near locomotives which were defective because they were contaminated with asbestos and asbestos-containing products; and/or,

   c. Required Charles R. Cota to work on or near locomotives which were defective because they were contaminated with and emitted dangerous amounts of diesel exhaust; and/or,

   d. Required Charles R. Cota to work on or near locomotives which were defective because they were contaminated with and emitted dangerous amounts of silica; and/or,

   e. Required Charles R. Cota to work on or near locomotives which were defective because they were contaminated with and emitted dangerous amounts of environmental tobacco smoke; and/or,

   f. Required Charles R. Cota to work on or near locomotives which were defective because they were contaminated with and emitted toxic dusts, gases and fumes.

7. One or more of the foregoing violations of the Locomotive Boiler Inspection Act caused, in whole or in part, Charles R. Cota to develop and suffer from respiratory illness and disease in the nature of asbestosis, lung cancer and other respiratory disease.

8     Charles R. Cota died on January 24, 2011, as a result, in whole or in part, of his asbestosis, lung cancer and other lung disease caused by Defendant's violations of the Boiler Inspection Act.

9     At the time of Charles R. Cota's death, he was lawfully married to Rosie Cota.

10    As a result, in whole or in part, of Charles R. Cota's death, Rosie Cota has suffered pecuniary loss in the nature of loss of financial support and she will continue to suffer such a pecuniary loss during each month of the rest of her life.

11    This Court has subject matter jurisdiction over this suit, pursuant to 28 U.S.C. §1331, in that this action arises under the statutes of the United States of America.

WHEREFORE, Plaintiff, Rosie Cota, Personal Representative of the Estate of Charles R. Cota, deceased, prays that judgment be entered against Defendant, BNSF Railway Company, in favor of Plaintiff in the amount of $500,000.00, plus costs of suit.

**PLAINTIFF REQUESTS TRIAL BY JURY ON COUNT IV.**

s/William P. Gavin
WILLIAM P. GAVIN IL #03127132
Attorney for Plaintiffs-Lead Counsel
GAVIN LAW FIRM
#17 Park Place Professional Centre
Belleville, Illinois 62226
(618) 236-0100
(618) 236-2684 FAX
billg@gavinlaw.com

JPG, PMF

# U.S. District Court
## Southern District of Illinois (East St. Louis)
### CIVIL DOCKET FOR CASE #: 3:11-cv-00977-JPG-PMF

Cota v. BNSF Railway Company
Assigned to: Judge J. Phil Gilbert
Referred to: Magistrate Judge Philip M. Frazier
Demand: $9,999,000
Cause: 45:51 Railways: Fed. Employer's Liability Act

Date Filed: 11/01/2011
Jury Demand: Both
Nature of Suit: 330 Federal Employer's Liability
Jurisdiction: Federal Question

**Plaintiff**

**Rosie Cota**
*Personal Representative of the Estate of Charles R. Cota, Deceased*

represented by **William P. Gavin**
Gavin Law Firm
Generally Admitted
17 Park Place Professional Centre
Belleville, IL 62226
618-236-0100
Email: billg@gavinlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BNSF Railway Company**

represented by **William A. Brasher**
Boyle Brasher LLC
Generally Admitted
211 North Broadway
Suite 2300
St. Louis, MO 63102
314-621-7700
Email: wbrasher@boylebrasher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linda R. Self**
Brasher Law Firm
Generally Admitted
211 North Broadway
Suite 2300
St. Louis, MO 63102
314-621-7700
Email: lself@boylebrasher.com
*ATTORNEY TO BE NOTICED*



EXHIBIT 2

| Date Filed | # | Docket Text |
|---|---|---|
| 11/01/2011 | 1 | Case Opened. Documents may now be electronically filed. Case number 11-977 JPG/PMF must be placed on all documents prior to filing them electronically. (Attachments: #1 Notice and Consent to Magistrate Judge)(jdh, ) (Entered: 11/01/2011) |
| 11/02/2011 | 2 | COMPLAINT *Rosie Cota, Personal Representative of the Estate of Charles R. Cota* against BNSF Railway Company ( Filing fee $ 350 receipt number 0754-1543032.), filed by Rosie Cota. (Attachments: #1 Civil Cover Sheet Cota v. BNSF: Civil Cover Sheet)(Gavin, William) (Entered: 11/02/2011) |
| 11/03/2011 | 3 | Summons Issued as to BNSF Railway Company. (jlrr ) (Entered: 11/03/2011) |
| 11/22/2011 | 4 | SUMMONS Returned Executed by Rosie Cota. BNSF Railway Company served on 11/17/2011, answer due 12/8/2011. (Gavin, William) (Entered: 11/22/2011) |

| 11/22/2011 | 5 | ORDER that plaintiff show cause as to why this venue is the most appropriate and why the Court should not transfer the matter to a more appropriate venue under § 1404(a). Signed by Judge J. Phil Gilbert on 11/22/2011. (dka, ) (Entered: 11/22/2011) |
|---|---|---|
| 12/05/2011 | 6 | RESPONSE TO ORDER TO SHOW CAUSE by Rosie Cota. (Gavin, William) (Entered: 12/05/2011) |
| 12/07/2011 | 7 | NOTICE of Appearance by William A. Brasher on behalf of BNSF Railway Company (Brasher, William) (Entered: 12/07/2011) |
| 12/07/2011 | 8 | Corporate Disclosure Statement by BNSF Railway Company. (Brasher, William) (Entered: 12/07/2011) |
| 12/07/2011 | 9 | NOTICE of Appearance by Linda R. Self on behalf of BNSF Railway Company (Self, Linda) (Entered: 12/07/2011) |
| 12/07/2011 | 10 | ANSWER to 2 Complaint, by BNSF Railway Company.(Self, Linda) (Entered: 12/07/2011) |