## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI), | ) ) ) | MDL No. 875 |
| This document relates to: | ) ) | |
| In re Hawaii State Asbestos Cases: | ) ) | |
| AMY K. AKAU, Individually, and CORRINE AKAU, as Personal Representative of the Estate of RICHARD J. AKAU, SR., deceased, | ) ) ) ) ) | United States District Court District of Hawaii Civil No. 1:11-cv-00637-JMS -RLP |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CRANE COMPANY, a Delaware corporation; et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## OPPOSITION OF DEFENDANT AIR & LIQUID SYSTEMS CORPORATION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-459)

# TABLE OF CONTENTS

Page

I    INTRODUCTION ................................................................................1

II   THIS CASE IS JUST LIKE THOUSANDS OF OTHERS THIS
     PANEL HAS TRANSFERRED TO THE MDL..................................................2

III  NONE OF THE REASONS PLAINTIFFS ADVANCE
     SUPPORT STAYING THIS PANEL'S CTO....................................................3

     A.    Speculation about the future course of the MDL should not
           prevent proper action now...........................................................3

     B.    Plaintiffs' apparent main motivation is distaste for the MDL,
           period.....................................................................................4

     C.    Remand or jurisdictional issues are not grounds for ignoring
           section 1407 and vacating a conditional transfer order................6

     D.    There are no relevant facts that one District Court is better
           positioned to hear than another ....................................................8

     E.    Remand is not at issue on the present motion. ..............................8

     F.    The MDL court can hear a remand motion. ...................................9

     G.    There are no identified differences between relevant Third and
           Ninth Circuit law. ......................................................................10

     H.    Comity does not require vacating a prior order of this Panel. ....11

     I.    That electronic filing makes this Panel more efficient does not
           mean this Panel should vacate its orders....................................11

IV   CONCLUSION ................................................................................12

# I

## INTRODUCTION

Plaintiffs filed a motion to remand in the transferor district court the same day as this Panel entered the Conditional Transfer Order. This Panel should not set aside its order in preference to their motion.

This asbestos-related wrongful death action is just like many other cases transferred to the MDL for pre-trial proceedings "for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Conditional transfer orders are properly issued when a case should be transferred "for the reasons expressed in previous opinions and orders of the Panel in the litigation." Rules Proc. J.P.M.L. 7.4. Plaintiffs give no reason why this statute or this rule do not apply – in fact, their motion cites neither - or why their case should receive different treatment. Instead, they argue that the transfer order should be vacated so that their jurisdictional motion is heard by the Hawai'i district court, rather than the MDL court. However, Plaintiffs provide no reason why the jurisdictional issues are so unique that the Hawai'i district court is better positioned to hear them. Rather, the remand issues in this case deal with federal officer jurisdiction only, issues with which the MDL court is readily familiar in asbestos-related MDL-875 actions. This Panel should let its order stand, so that the case may proceed expeditiously and in the proper forum.

## II

## THIS CASE IS JUST LIKE THOUSANDS OF OTHERS THIS PANEL HAS TRANSFERRED TO THE MDL

Transfers under 28 U.S.C. § 1407 "shall be made by [this Panel] upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." Pursuant to that mandate, this Panel long ago ruled that transferring all asbestos-related personal injury and wrongful death claims in federal court promoted the policy and goals of section 1407. This case is an asbestos-related claim with issues of fact and law common to cases already before MDL-875 currently, and this Panel has many times ordered the transfer of similar tag-along actions. *See, e.g., In re Asbestos Products Liability Litigation (No. VI)*, 560 F. Supp.2d 1367 (J.P.M.L. 2008); *In re Asbestos Products Liability Litigation (No. VI)*, 545 F. Supp.2d 1359 (J.P.M.L. 2008). Conditional transfer orders are properly issued when a case should be transferred "for the reasons expressed in previous opinions and orders of the Panel in the litigation." Rules Proc. J.P.M.L. 7.4. Plaintiffs provide no reason why this case is so unique or different from the other asbestos actions before the MDL that this statute this rule and these precedents should not be followed.

Plaintiffs are instead merely trying to forum-shop this particular case. They want their motion heard by the Hawai'i district judge and not by the MDL. Presumably all the judges, regardless of where they are sitting, are going to be fair in

2

applying the law.  It would promote the ends of the MDL to have the MDL handle

this case, just like it is handling many other similar cases.  Indeed, by 2008, 76,450

such cases had been successfully concluded in MDL 875, *see In re: Asbestos*

*Products Liability Litigation (No. VI)* 545 F. Supp. 2d 1362, 1363 (J.P.M.L. 2008);

and by the time of filing of this opposition to plaintiffs' motion to vacate over 86,000

cases involving claims of asbestos exposure had been transferred to MDL 875 in the

Eastern District of Pennsylvania, according to CTO-459.

### III

### NONE OF THE REASONS PLAINTIFFS ADVANCE SUPPORT STAYING THIS PANEL'S CTO.

#### A.     Speculation about the future course of the MDL should not prevent proper action now.

According to Plaintiffs, "transferee Judge Robreno has told the plaintiff and

defense liaison counsel that MDL-875 is coming to a point where he will request in

the near future that no more cases be transferred to MDL 875."  Motion, p. 4.

Plaintiffs argue that this is the "most important[]" reason supporting their request.

Brief, p. 4.  Perhaps – but it is also totally specious.  Most importantly, it does not

justify the relief Plaintiffs seek.  This Panel should not delay the effectiveness of its

orders in cases pending now based on a district judge's intention to take actions

related to other cases in the future.  If Judge Robreno decides to not accept transfer of

this case (assuming, as Plaintiffs apparently do, that he has the authority to refuse

assignments from this Panel), then Plaintiffs will be back before the District of

Hawai'i as they are asking now. Why should Plaintiffs or this Panel short-circuit that process and decision?

### B.   Plaintiffs' apparent main motivation is distaste for the MDL, period.

"Plaintiffs .. contend that it is no longer appropriate to transfer … cases to MDL-875." Pltfs. Brief, p. 3. Plaintiffs argue this is so because the MDL was supposedly created "to facilitate consolidated discovery of similar cases," and that because "[a]sbestos litigation is mature litigation where such discovery efforts have been ongoing since the 1970s," there is no longer a need for the MDL at all. Pltfs. Brief, p.3.

First, the MDL serves far more purposes than coordinated discovery. The very authority Plaintiffs quote does not take so limited a view of the MDL. It says instead that transfer has many other benefits, including "pretrial rulings," which encompasses much more than discovery. *In Re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 422 (J.P.M.L.1991), quoted at Pltfs. Brief, p. 3. There are many pretrial matters being decided by the MDL, such as motions for summary judgment and remand, on issues just like those this case presents. *See, e.g.*, *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770 (E.D. Pa. 2011) (ruling on motion for remand in case involving, as here, government contractor defense); *Faddish v. General Electric Co.*, No. 09-7026, 2010 WL 4146108 at *6-9, 2010 U.S. Dist. LEXIS 112937 at *21 (E.D. Pa. Oct. 20, 2010) (ruling on summary judgment motion involving government

4

contractor defense against failure to warn claims, and substantial factor causation); *Conner v. Alfa Laval, Inc.*, No. 09-914492011 U.S. Dist. LEXIS 82464 (July 22, 2011) (applicability of maritime law and substantial factor causation)    This Panel has held that "because many of the arguments of parties seeking exclusion from transfer are intertwined with the merits of their claims or defenses and affect the overall management of this litigation, we are unwilling... to carve out exceptions to transfer." *Id.* In the present case, too, Plaintiffs' arguments against transfer are intertwined with their arguments regarding the government contractor defense, a matter at issue in many MDL cases too. "We prefer instead to give the transferee court the opportunity to conduct a substantive review of such contentions and how they affect the whole proceedings." *Id.*

Second, Plaintiffs repeat the tired bromide that the MDL is a "black hole," but there is no truth to that. As set forth above, by 2008, 76,450 cases had been successfully concluded in MDL 875, and the MDL is or will soon be issuing decisions on issues like those to be litigated in this case, such as the scope of the government contractor defense and the so-called "bare metal" defense. The benefit of a centralized national forum for consideration of such recurrent issues has not decreased over time.

Third, arguments about the continued need or vitality of the MDL in general are not at issue in this limited question in this one case now before the Court. This

argument has nothing to do with the facial purpose of the motion to vacate, which is the timing of this Panel's order. Instead, this argument says no transfer order should ever be made and clearly improper.

C.      **Remand or jurisdictional issues are not grounds for ignoring section 1407 and vacating a conditional transfer order.**

This Panel has previously denied motions to vacate brought, like the present one, by plaintiffs wishing to have remand motions heard in the transferee district court. In *In re Asbestos Products Liability Litigation (No. VI)*, 170 F. Supp.2d 1348 (J.P.M.L. 2001), plaintiffs "argued in essence that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court." 170 F. Supp.2d at 1349 n.1. This Panel found: "There is no need to delay transfer in order to accommodate such an interest." *Id.* The Panel held this to be so, not just because of the "lag time" identified in Plaintiffs' motion, but also because: "Panel Rule 1.5 ... expressly provides that the pendency of a conditional transfer order does not in any way) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay." *Id.* In the present case, a decision on the

6

motion to remand will probably be rendered before the end of December. There is no
need to delay this Panel's conditional transfer order.

The Panel's refusal to vacate conditional transfer orders on such grounds has
been affirmed by at least one appellate decision:

> Plaintiffs argue that if the removal was improper because of a lack of federal
> subject matter jurisdiction, then the transfer by the MDL Panel was invalid. We
> believe that argument mischaracterizes the issue…. the sole issue before us is
> the merits of the transfer viewed against the purposes of the multidistrict
> statutory scheme, whether or not there is a pending jurisdictional objection. So
> viewed, the transfer was entirely unobjectionable.

*In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990). As here, the question was whether the cases
"involve one or more common questions of fact" so that "pretrial consolidation
[would] promote the 'just and efficient conduct' of such actions." *Id.* "[T]he
jurisdictional objections can be heard and resolved by a single court and reviewed at
the appellate level in due course. Consistency as well as economy is thus served." *Id.*;
"[T]he power of the Panel to 'effectuate a transfer under § 1407 is not vitiated by the
transferor court's lack of personal jurisdiction over a defendant.'" *In re Gypsum
Wallboard*, 302 F.Supp 794 (J.P.M.L. 1969) (citation omitted). Judge Robreno in the
MDL has already assessed and ruled upon many of the same issues that will be
contested in this case, e.g. what is and is not a "substantial factor" in causing an

7

asbestos related disease; when does the government contractor defense apply and as to which causes of action. There is no valid reason to require the District Court in Hawai'i to address these same issues again. Indeed to do so would invite the possibility of inconsistent rulings from different courts.

**D.    There are no relevant facts that one District Court is better positioned to hear than another**

Plaintiffs argue that "fact-sensitive jurisdictional issues" should be addressed by the transferor court. Pltfs. Brief, P. 2 (citation omitted). But they identify no supposedly Hawai'i-specific jurisdictional facts. Nothing makes the District of Hawai'i's "boots on the ground" necessary to decide facts in this case between Hawaii plaintiffs and defendants scattered across the country.

**E.    Remand is not at issue on the present motion.**

"District courts … have granted remand in asbestos cases under similar circumstances." Pltfs. Brief, 7. True, perhaps, but (1) district courts have also denied remand in many asbestos cases under similar circumstances[1] and (2) this is not the

---

[1]    A partial list of decisions from the Ninth Circuit alone that have recognized that section 1442 is to be interpreted broadly in favor of removal in cases such as this one involving claims of asbestos exposure against manufacturers of Navy equipment. *Ballenger v. AGCO Corp.*, 2007 WL 1813821 (N.D. Cal. June 22, 2007) (Wilkens, J.) *Scanlon v. Asbestos Companies.*, CV10-7264-SVW (JCGX) (C.D. Cal. Dec. 15, 2010) (Wilson, J.); *Wright v. A.W Chesterton, Inc.*, CV 07-05403MJJ (N.D. Cal. February 28, 2008) (Jenkins, J.); *Oberstar v. CBS Corp.*, CV 08-118PA (JWJx) (C.D. Cal. Feb. 28, 2008) (Anderson, J.); *Jenkins v. Allied Packing and Supply, Inc..* 09 CV101-DMS, (S.D. Cal. Mar. 25, 2009) (Sabraw, J.); *Nelson v. Alfa Laval, Inc.,* No. CV 07-8338VBF, *7-8 (RCx) (Feb. 8, 2008) (Fairbanks, J.).

time or place to argue the merits of the remand motion. This Panel's decision is not whether to remand, but whether to stay an order that fulfills the statutory requirements and harms no one to give Plaintiffs time to take this case away from the federal system designed to handle such cases. The issue here is only whether transfer is appropriate under 28 U.S.C. § 1407 and this Panel's prior decisions. And whether remand is appropriate is not a relevant factor. To be sure, Section 1407 does not even "empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990). Rather, Plaintiffs may properly seek to remand post-transfer, where the transferee court may decide whether remand is substantively warranted. In this motion, however, the substantive merits of remand are irrelevant.

### F.      The MDL court can hear a remand motion.

Plaintiffs could make the exact same remand motion in the MDL that they brought in Hawai'i . The transferee court can just as easily  hear Plaintiffs' remand motion, and order remand if and when appropriate. MDL No. 875 Administrative Order No. 18. The MDL court regularly, and recently, has addressed remand motions, including motions involving as here the government contractor defense. . *See, e.g.*, *Hagen v. Benjamin Foster Co*., 739 F. Supp. 2d 770 (E. D. Pa. 2011). There is no showing or indication of any prejudice from bringing the motion there, or that the result would be any different. That there might be some delay is not enough to

9

show prejudice, which is not necessarily true, because the District of Hawai'i is under
no constraint when it will actually decide the pending motion, and Plaintiffs could
request expedited determination by the MDL court.

### G.     There are no identified differences between relevant Third and Ninth Circuit law.

Plaintiffs complain that the MDL judge would review this issue under Third
Circuit law rather than Ninth Circuit law. Pltfs. Brief at p. 4. But Plaintiffs identify
no such conflict, and hence this cannot be an adequate reason for this Court to vacate
its order.

One possible difference is that in the Ninth, the "government contractor"
defense is limited to military equipment. *Snell v. Bell Helicopter Textron, Inc.*, 107
F.3d 744, 746 n.1 (9th Cir. 1997) (citation omitted). But there seems little doubt that
the equipment aboard this Navy vessel was military equipment. Plaintiffs' pending
motion for remand before the District of Hawai'i does not argue lack of jurisdiction
on this ground.

Further, Plaintiffs' reliance on *In re Hawaii Federal Asbestos Cases*, 960 F.2d
806 (9th Cir. 1992) to support their motion for remand, and by extension their motion
for this Court to vacate the conditional transfer order,  is wrong and outdated.
Plaintiffs mis-interpret that case to hold that unless the government specifically
forbade asbestos warnings, the government contractor defense is inapplicable. Just

10

last week the Ninth Circuit expressly rejected Plaintiffs' crabbed interpretation of

*Hawaii Federal Asbestos*. "We are not persuaded by Plaintiffs' suggestion that our

decisions in *Butler* and *Hawaii Federal Asbestos* limit the [failure to warn] defense to

cases where the government specifically forbids warnings altogether or to instances

where the government explicitly dictates the content of the warnings adopted. . . .  To

read these cases as limiting preemption to those instances where the government

forbids additional warning or dictates the precise contents of a warning would be

inconsistent with the court's decision in *Boyle*[*v. United Technologies Corp.*, 487 U.S.

500, 512 (1988)]." *Getz v. The Boeing Company*, No. 10–15284, -- F.3d --, 2011 WL

3275957, at *9 (9th Cir. Aug. 2, 2011).

### H.     Comity does not require vacating a prior order of this Panel.

None of the comity cases Plaintiffs cite involved a just-filed motion for

remand. They involved previously pending motions on the merits – "dispositive"

motions.  Pltfs. Brief, p. 6.  There would be little point in transferring a case that is

about to disappear on the merits. "Comity" is a fine shorthand for a desired result, but

it is not much in the way of a substantive guideline for deciding any particular act.

### I.     That electronic filing makes this Panel more efficient does not mean this Panel should vacate its orders.

Plaintiffs complain that "given the modern electronic filing system, [the] 'lag

time' has now been shrunk" from "the historic 3 to 4 months" "down to perhaps 6 to 8

weeks." Pltfs. Brief pp. 5-6. "Accordingly," say Plaintiffs, they ask only for "the historic 3 to 4 months of lag time."

The faster pace of modern technology is not a ground for denying courts, or parties, the benefits of the faster pace. On Plaintiffs' rationale, the rights of defendants and the business of courts should be fixed and slowed to where they were in earlier times. It is doubtful that anyone involved in moving courts to e-filing systems thought that would be the result. Perhaps Plaintiffs are right to be wistful about slower times, but that is not sufficient reason to vacate an order duly entered by this Court and unassailably correct as a matter of applying 28 U.S.C. § 1407.

## IV

## CONCLUSION

This Panel's conditional transfer order was proper. Transfer of this case to be with the many other cases much like it – involving claims of asbestos exposure during

///

///

///

///

Navy service – fulfills the statutory mandate of section 1407.  Plaintiffs offer no

cogent reason to ignore the statute and this Panel's precedents.  The motion should be

denied.

Respectfully submitted,

December 7, 2011

/s/Glen R. Powell
Michael J. Pietrykowski (Cal. Bar No. 118677)
James G. Scadden (Cal. Bar No. 90127)
Don Willenburg (Cal. Bar No. 116377)
Glen R. Powell (Cal. Bar No. 219453)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
(415) 986-5900 (Phone); (415) 986-5900 (Fax)
mpietrykowski@gordonrees.com
jscadden@gordonrees.com
dwillenburg@gordonrees.com
gpowell@gordonrees.com

Attorneys for Air & Liquid Systems Corporation,
successor by merger to Buffalo Pumps, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| IN RE:<br>HAWAI'I STATE ASBESTOS CASES<br><br>This Document Applies To:<br><br>AMY K. AKAU, Individually, and<br>CORRINE AKAU, as Personal<br>Representative of the Estate of RICHARD J.<br>AKAU, SR., deceased,<br><br>              Plaintiff,<br><br>              v.<br><br>CRANE COMPANY, a Delaware<br>corporation, et al | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 11-00637 JMS-RLP<br><br>Circuit Court of the First Circuit<br>State of Hawai'i<br>Civil No. 11-1-0998-05 (RAN)<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I hereby certify that on the dates and by the methods of service noted below, a true

and correct copies of the foregoing documents were served on the following at their

last known addresses:

///

///

///

///

///

14

Served Electronically through CM/ECF on December 8, 2011:

| | |
|---|---|
| Gary O. Galiher | gog@gogaliher.com |
| L. Richard DeRobertis | rd@gogaliher.com |

| | |
|---|---|
| Sidney K. Ayabe | Sidney.ayabe@hawadvocate.com |
| Gail M. Kang | gail.kang@hawadvocate.com |
| Corlis J. Chang | cchang@goodsill.com |
| Mihoko E. Ito | meito@goodsill.com |
| Christopher Shea Goodwin | chris@christophersheagoodwin.com |
| Steven K. Hisaka | shisaka@objectionsustained.com |
| E. Mason Martin, III | mmartin@kdubm.com |
| Craig T. Kugisaki | craig@kugisaki.com |
| Michael F. O'Connor | mfoconnor@ollon.com |
| Lee T. Nakamura | lnakamura@tpm-hawaii.com |
| Aimee H. Oyasato | aoyasato@wto-hilaw.com |

| | |
|---|---|
| Bradford Chun | bchun@kdubm.com |
| Joseph F. Kotowski | jkotowski@tpm-hawaii.com |

DATED:  San Francisco, California, December 8, 2011

Eileen Spiers