

1 WILLIAM J. SAYERS (SBN 078038)
   wsayers@mckennalong.com
2 BRADFORD J. DEJARDIN (SBN 195764)
   bdejardin@mckennalong.com
3 DAVID K. SCHULTZ (SBN 150120)
   dschultz@mckennalong.com
4 MCKENNA LONG & ALDRIDGE LLP
   300 S. Grand Ave., 14th Floor
5 Los Angeles, CA 90071
   Telephone: (213) 688-1000
6 Facsimile: (213) 243-6330

7 Attorneys for Defendant
   **METALCLAD INSULATION**
8 **CORPORATION**

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12 PAUL N. KANONAS,                    CASE NO. CV11-09707 JAK (AJWx)

13              Plaintiff,

14    v.                               Los Angeles County Superior Court
                                        Case No. BC471689
15 AMCORD, INC., INDIVIDUALLY
   and as successor in Interest to     **NOTICE OF REMOVAL OF**
16 Riverside Cement Company;           **ACTION UNDER 28 U.S.C.**
   BUFFALO PUMPS, INC.;                **SECTIONS 1441, 1442 AND 1446, 16**
17 CBS CORPORATION, F/K/A              **U.S.C. SECTION 457, and U.S.C.A.**
   VIACOM, INC., SUCCESSOR BY          **Const. Art. I § 8, cl. 17;**
18 MERGER TO CBS
   CORPORATION F/K/A                   **DEMAND FOR JURY TRIAL**
19 WESTINGHOUSE ELECTRIC
   CORPORATION;
20 CERTAINTEED CORPORATION;
   CLEAVER-BROOKS, INC.,
21 individually and f/k/a Aqua-Chem,
   Inc.;
22 Crown Cork & Seal USA, Inc.,
   INDIVIDUALLY AND AS
23 SUCCESSOR IN INTEREST TO
   MUNDET CORK COMPANY;
24 CRANE CO., Individually and as
   successor in interest to Chapman
25 Valves;
   FAMILIAN CORPORATION;
26 GENERAL ELECTRIC
   COMPANY;
27 GEORGIA-PACIFIC, LLC, f/k/a
   Georgia-Pacific Corporation,

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17895606.1                          - 1 -

                                       NOTICE OF REMOVAL

1 | individually and as successor-in-interest to Bestwall Gypsum Company;
2 | GOULD'S PUMPS INC.;
3 | HANSON PERMANENTE CEMENT, INC., f/k/a Kaiser Cement Corporation;
4 | IMO Industries, Inc. (Individually
5 | and as successor in interest to Delaval Steam Turbine, Inc.);
6 | INGERSOLL-RAND COMPANY, individually and as successor in
7 | interest to The Aldrich Company; JM MANUFACTURING
8 | COMPANY, INC. (Dba JM Pipe Manufacturing Company);
9 | Kaiser Gypsum Company, Inc.; KEENAN PROPERTIES, INC.;
10 | KELLY-MOORE PAINT COMPANY, INC.;
11 | MECHANICAL DRIVES & BELTING (f/k/a L.A. Rubber
12 | Company); METALCLAD INSULATION
13 | CORPORATION; OWENS-ILLINOIS, INC.
14 | (Individually and as successor in interest to Owens Illinois Glass
15 | Company and dba O-I); UNION CARBIDE
16 | CORPORATION;

17 | and DOES 1-300,

18 | Defendants.

19

20

21

22

23

24

25

26

27

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

LA:17895606.1

NOTICE OF REMOVAL

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Metalclad Insulation Corporation hereby files its Notice of Removal in the above-referenced action, pursuant to 28 U.S.C. sections 1441, 1442 and 1446, 16 U.S.C. section 457 and U.S.C.A. Const. Art. I § 8, cl. 17, to remove this action from the Superior Court of the State of California, County of Los Angeles to the Unites States District Court for the Central District of California.  In support, Defendant respectfully offers the following:

**A.    Removal Is Timely**

1.    On or about October 17, 2011,  Plaintiff filed this lawsuit entitled *Paul N. Kanonas v. Amcord, Inc., et al.*, in the Superior Court of the State of California, Los Angeles County.  A true and correct copy of the complaint is attached hereto as Exhibit "A".  Plaintiff served the summons and complaint on Defendant Metalclad Insulation Corporation on October 24, 2011.

2.    As against all the Defendants in this action, Plaintiff alleges that he developed mesothelioma as result of his exposure to asbestos from his work while aboard several ships in the Navy from 1944 to 1945 and from 1950 to 1968, and while working as a civil service operator at Camp Pendleton  from 1968 to 1996. (Complaint, para. 10, Exh. A) Thus, removal based on federal enclave and federal officer jurisdiction is proper from Plaintiff's complaint.

3.    28 U.S.C. section 1446(b) states, in relevant part, that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . "  28 U.S.C. section 1446(b).  In  compliance with this provision,

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17895606.1

NOTICE OF REMOVAL

1   Defendant Metalclad Insulation Corporation has timely filed its Notice of Removal

2   before the expiration of the thirty days, which is November 23, 2011 because it was

3   served on October 24, 2011.

4        4.      Attached hereto as Exhibit "B" is a true and correct copy of a print-out

5   from the Los Angeles County Superior Court's docket, reflecting the filings to date

6   in this case. Pursuant to 28 U.S.C. section 1446(a), a true and correct copy of all

7   process, pleadings and orders served upon Defendant Metalclad Insulation

8   Corporation in this action is attached hereto collectively as Exhibit "C."

9   **B.   Removal Is Proper**

10       5.      Defendant Metaclad Insulation Corporation respectfully requests an

11  opportunity to respond more fully in writing, if any motion for remand is filed in

12  this case, but offers the following statement and citations to authority at this time in

13  satisfaction of 28 U.S.C. section 1446 to provide a short and plain statement of the

14  legal and factual basis for its removal.

15       6.      Federal enclave jurisdiction is proper in this case since the

16  Constitution grants Congress the power "[t]o exercise exclusive Legislation in all

17  cases whatsoever ... over all Places purchased by the Consent of the Legislature of

18  the State in which the Same shall be, for the Erection of Forts, Magazines,

19  Arsenals, dock-Yards, and other needful Buildings." (U.S. Const. art. I., § 8, cl. 17.)

20  In addition, 16 U.S.C. § 457 provides: "In the case of the death of any person by the

21  neglect or wrongful act of another within a national park or other place subject to

22  the exclusive jurisdiction of the United States, within the exterior boundaries of any

23  State, such right of action shall exist as though the place were under the jurisdiction

24  of the State within whose exterior boundaries such place may be; and in any action

25  brought to recover on account of injuries sustained in any such place the rights of

26  the parties shall be governed by the laws of the State within the exterior boundaries

27  of which it may be." The United States District Courts therefore have federal

28  enclave jurisdiction over actions both under a statute giving jurisdiction in cases

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 4 -

LA:17895606.1

NOTICE OF REMOVAL

1    arising under the Constitution, laws and treaties of United States (Article I, Section

2    8, Clause 17) and under a statute providing that actions for death or injuries within

3    a national park or other place subject to the exclusive jurisdiction of the United

4    States. (16 U.S.C. § 457).

5          7.      Plaintiff's complaint alleges in paragraph 10 that he was exposed to

6    asbestos while working at Camp Pendleton for almost thirty years, from 1968 to

7    1996. Camp Pendleton is a federal enclave, as it is a property owned by the federal

8    government. (See *U.S. v. Jenkins* 734 F.2d 1322, 1325 (9th Cir.1983) ["Camp

9    Pendleton, where the assault occurred, is a federal enclave that falls within this

10    special territorial jurisdiction."]; *Bussey v. Edison International, Inc*. 2009 WL

11    481651 (C.D. Cal. 2009) ["the federal enclave of Camp Pendleton"]; *Janulewicz v.*

12    *Bechtel Corp*. 2007 WL 2462110, 3 (S.D.Cal.,2007) ["the federal enclave of Camp

13    Pendleton…was acquired by the federal government no later than December 31,

14    1942."] Plaintiff's complaint also alleges in paragraph 10 that he was exposed to

15    asbestos while employed in the United States Navy from 1944-1945 and 1950 to

16    1968, while serving aboard naval ships such as the USS Alcor, USS Roper and USS

17    Kearsage, in which alleged exposures occurred aboard the ships and while the ships

18    were decommissioned, which would have occurred at United States naval ports and

19    naval bases. These alleged exposures are also a sufficient and independent basis to

20    support federal enclave jurisdiction. (See *Fung v. Abex Corp*. 816 F.Supp. 569,

21    571 (N.D.Cal. 1992); *Corley v. Long-Lewis, Inc*. 688 F.Supp.2d 1315, 1324-1328

22    and cases cited therein.)

23          8.      As an additional basis for removal, as the Defendants are being sued

24    for manufacturing products and/or providing services to the Navy and federal

25    government during Plaintiff's alleged exposure, they were acting under the

26    authority, direction and control of an officer or agency of the United States for

27    purposes of 28 U.S.C.(a)(1). Thus, the Defendants can state a colorable federal-law

28    based on federal officer and/or federal contractor defenses to these claims. Removal

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

NOTICE OF REMOVAL

LA:17895606.1

1   is therefore proper under 28 U.S.C. section 1442(a)(1) when (a) the defendant

2   seeking removal demonstrates that it is a "person" within the meaning of the

3   statute; (b) the defendant demonstrates a causal nexus between the defendant's

4   actions, taken pursuant to a federal offer's directions and under color of federal

5   office, and the plaintiff's claims; and (c) the defendant asserts a "colorable federal

6   defense." (See *Mesa v. California* (1989) 489 U.S. 121, 124-25, 134-35; *Kirks v.*

7   *General Elec. Co.* (D. Del. 2009) 654 F. Supp. 2d 220, 223. *See also, e.g., Nesbiet*

8   *v. General Elec. Co.* (S.D.N.Y. 2005) 399 F. Supp. 2d 205, 210; *Madden v. Able*

9   *Supply Co.* (S.D. Tex. 2002) 205 F. Supp. 2d 695, 699; *Fung v. Abex Corp.* (N.D.

10  Cal. 1992) 816 F. Supp. 569, 571-72.)

11       9.     The Defendants are "persons" within the meaning of 28 U.S.C. section

12  1442(a)(1). *Fung,* 816 F. Supp. at 572, *See, e.g., Isaacson v. Dow Chem. Co.,* (2d

13  Cir. 2008) 517 F.3d 129, 135-36; *Winters v. Diamond Shamrock Chem. Co.* (5th

14  Cir. 1998) 149 F.3d 387, 398 (5th Cir. 1998), *cert. denied,* (1999) 526 U.S. 1034);

15  *Kirks,* 654 F. Supp. 2d at 223.

16       10.    In all aspects of the alleged manufacture and/or supply of its products

17  and/or services to the Navy and the federal government, the Defendants were acting

18  under the detailed direction and control of one or more federal officers. It is

19  "axiomatic" that, if a defendant has been sued for asbestos-related injuries

20  purportedly arising from or relating to equipment that it manufactured and supplied

21  to the United States Navy and the federal government under their direction and

22  control, that defendant has been sued in relation to conduct under color of its

23  federal office, satisfying the "causal nexus" requirement. *See, e.g., Madden,* 205 F.

24  Supp. 2d at 701-702; *Harris v. Rapid American Corp.* 532 F.Supp.2d 1001,

25  1006 (N.D.Ill.,2007). Further, the Navy and the federal government were

26  independently aware of potential hazards associated with asbestos exposure. *See,*

27  *e.g. Harris,* 532 F.Supp.2d at 701-702; *Ferguson v. Lorillard Tobacco Co., Inc.*

28

McKenna Long &
Aldridge LLP
Attorneys at Law
Los Angeles

LA:17895606.1

- 6 -

NOTICE OF REMOVAL

1   475 F.Supp.2d 725, 731 (N.D.Ohio 2007); *Niemann v. McDonnell Douglas Corp.*

2   721 F.Supp. 1019, 1028 (S.D.Ill.,1989).)

3          11.    As to the question of a colorable federal-law based defense,

4   Defendants are entitled to assert a government contractor defense under *Boyle v.*

5   *United Technologies Corp.* (1988) 487 U.S. 500, 512  in that they necessarily: 1)

6   designed, manufactured and/or supplied the Navy products and/or services at issue

7   in this case in accordance with specifications promulgated or adopted by the United

8   States Navy; 2) the  products and/or or services conformed with those

9   specifications; and 3) at all times relevant to this suit, the United States Navy was

10   independently aware of potential health hazards associated with asbestos exposure.

11          12.    Even if just one claim is removable, "the entire action is removed,

12   regardless of the relationship between the Section 1442 claim and the non-

13   removable claims." (*Nadler v. Mann,* 951 F.2d 301, 306 n. 9 (11th Cir.1992).)

14          13.    Because Defendants have satisfied the requirements for removal under

15   28. U.S.C. section 1442(a), they  are entitled to remove this entire action and are

16   not required to notify and obtain the consent of any other defendant in this action in

17   order to remove Plaintiff's  action as a whole under section 1442(a)(1). *Ely Valley*

18   *Mines, Inc. v. Hartford Acc. & Indem. Co.* (9th Cir. 1981) 644 F.2d 1310, 1314;

19   *Hunt v. Smith* (E.D. Tex 1999) 67 F. Supp. 2d. 675.  *See, e.g., Durham v. Lockheed*

20   *Martin Corp.* (9th Cir. 2006) 445 F.3d 1247, 1253; *Akin v. Ashland Chem. Co.*

21   (10th Cir. 1998) 156 F.3d 1030, 1034; *Ely Valley Mines v. Hartford Accident &*

22   *Indem. Co.* (9th Cir. 1981) 644 F.2d 1310, 1315; *Fowler v. Southern Bell Tel. &*

23   *Tel. Co.* (5th Cir. 1965) 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley* (5th

24   Cir. 1962) 302 F.2d 559, 562.

25          14.    Notwithstanding this, Defendant Metalclad Insulation Corporation has

26   obtained consent to the removal of this action from the defendants who have been

27   served in this action. Attached hereto collectively as Exhibit "D" are true and

28   correct copies of e-mails advising counsel for Defendant Metalclad Insulation

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

LA:17895606.1

NOTICE OF REMOVAL

1   Corporation that the following named defendants consent to the removal of this
2   action: (1) J-M Manufacturing Company; (2) Owens-Illinois, Inc.; (3) General
3   Electric Company; (4)  Georgia Pacific, LLC; (5) Kelly-Moore Paint Company; (6)
4   Amcord, Inc.; (7) Cleaver Brooks, Inc.; (8) Hanson Permanente Cement Inc; (9)
5   Kaiser Gypsum Company, Inc.; (10) IMO Industries, Inc.; (11) Crane Co.; (12)
6   Mechanical Drives & Belting;  (13) Keenan Properties; (14) Familian Corporation;
7   (15) Ingersoll-Rand Company; (16) Goulds Pumps, Inc; (17) Union Carbide
8   Corporation; (18) CertainTeed Corporation; and (19) Crown Cork & Seal.

9        15.    Counsel for Defendant Metalclad Insulation Corporation was advised
10  by counsel for the other two named defendants, CBS Corporation and Buffalo
11  Pumps, that they are not parties to the action as they had resolved any claims.
12  Attached hereto as Exhibit "E" is an e-mail from Buffalo Pumps counsel
13  confirming such as to them. As reflected in the Los Angeles Superior Court website
14  docket attached hereto as Exhibit "B,"  there is no proof of service that has been
15  filed by Plaintiff and no answer has been filed with respect to these other two
16  named defendants, CBS Corporation and Buffalo Pumps. Based on the number of
17  defendants named in the complaint and the consent of the numerous defendants
18  attached hereto as Exhibit "D", Defendant Metalclad Insulation Corporation
19  submits that this is sufficient to support the removal. (See *Cal. Prac. Guide:*
20  *Federal Civ. Proc. Before Trial*, Section 2:3463 (TRG 2011).) Further, Defendant
21  Metalclad Insulation Corporation reserves the right to present any further evidence
22  of the consent provided by any party that may be necessary before the entry of
23  judgment. *Destfino v. Reiswig*  630 F.3d 952, 957 (9th Cir. 2011).)

24  **C.    Intradistrict Assignment**

25       16.    The action that is being removed was originally filed in the Los
26  Angeles Superior Court, as reflected in Exhibit "A." Because this Court is the
27  United States District Court for the district and division embracing the place where

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

LA:17895606.1

NOTICE OF REMOVAL

1   the original state court action was filed, it is the appropriate court for removal under

2   28 U.S.C. section 1446 (a).

3

4   Dated:   November  22, 2011                Respectfully submitted,

5                                             MCKENNA LONG & ALDRIDGE
                                              LLP
6

7

8   By: _____
                                              William J. Sayers
9                                             Bradford J. DeJardin
                                              David K. Schultz
10                                            Attorneys for Defendant
                                              **METALCLAD INSULATION**
11                                            **CORPORATION**

12

13                          **DEMAND FOR JURY TRIAL**

14        Defendant Metalclad Insulation Corporation hereby demands a trial by jury

15   in this action.

16

17   Dated:   November  22, 2011                Respectfully submitted,

18                                             MCKENNA LONG & ALDRIDGE
                                              LLP
19

20

21   By: _____
                                              William J. Sayers
22                                             Bradford J. DeJardin
                                              David K. Schultz
23                                            Attorneys for Defendant
                                              **METALCLAD INSULATION**
24                                            **CORPORATION**

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

NOTICE OF REMOVAL

LA:17895606.1

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

AMCORD, INC., INDIVIDUALLY and as successor in interest to
Riverside Cement Company(Additional Parties Attachment form)

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

PAUL N. KANONAS

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 17 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNYA WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): B C 4 7 1 6 8 9 |
|---|---|

Los Angeles Superior Court - Central District
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Eric L. Brown, Esq., 10990 Wilshire Boulevard, Suite 1060, Los Angeles, CA 90024, Phone: 310-575-9955

DATE:          OCT 17 2011                          , by _____ Shaunya Wesley          , Deputy
(Fecha)                                             (Secretario)                                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): Metal Clad Insulation Corporation

under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

**FILED**
Los Angeles Superior Court

OCT 17 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

1   Patrick DeBlase (SBN 167138)
    Eric Brown (SBN 229622)
2   Michael C. Eyerly (SBN 178693)
    Stephen T. Blackburn (SBN 232887)
3   DEBLASE BROWN EYERLY LLP
    10990 Wilshire Boulevard, Suite 1060
4   Los Angeles, CA 90024
    Telephone: (310) 575-9955
5   Facsimile: (310) 575-9919

6

7   Attorneys for Plaintiff

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF LOS ANGELES

11                                          B C 4 7 1 6 8 9

12  PAUL N. KANONAS                    )    CASE NO.
                                       )
13            Plaintiff,               )    COMPLAINT FOR PERSONAL
                                       )    INJURIES AND LOSS OF
14        vs.                          )    CONSORTIUM
                                       )
15  AMCORD, INC., INDIVIDUALLY and as  )    1. Negligence
    successor in interest to           )    2. Products Liability
16  Riverside Cement Company;          )    3. Premises Owner/Contractor Liability
    BUFFALO PUMPS, INC.;               )
17  CBS CORPORATION, F/K/A VIACOM,     )
    INC., SUCCESSOR BY MERGER TO CBS   )    [COMPLEX ASBESTOS
18  CORPORATION F/K/A WESTINGHOUSE     )    LITIGATION-SUBJECT
    ELECTRIC CORPORATION;              )    TO THE GENERAL
19  CERTAINTEED CORPORATION;           )    ORDERS CONTAINED
    CLEAVER-BROOKS, INC., individually )    IN FILE NO. C700000]
20  and f/k/a Aqua-Chem, Inc.;         )
    Crown Cork & Seal USA, Inc.,       )
21  INDIVIDUALLY AND AS SUCCESSOR IN   )
    INTEREST TO MUNDET CORK            )
22  COMPANY;                           )
    CRANE CO. , Individually and as    )
23  successor in interest to Chapman Valves; )
    FAMILIAN CORPORATION;              )
24  GENERAL ELECTRIC COMPANY;          )
    GEORGIA-PACIFIC, LLC, f/k/a        )
25  Georgia-Pacific Corporation, individually )
    and as successor-in-interest to Bestwall )
26  Gypsum Company;                    )
    GOULDS PUMPS, INC.;                )
27  HANSON PERMANENTE CEMENT, INC.,    )
    f/k/a Kaiser Cement Corporation;   )
28  IMO Industries, Inc. (Individually and as )
    successor in interest to Delaval Steam   )
    Turbine, Inc.);                    )

**BY FAX**

-1-

ORIGINAL COMPLAINT

INGERSOLL-RAND COMPANY,
individually and as successor in interest to
The Aldrich Company;
JM MANUFACTURING COMPANY, INC.
(Dba JM Pipe Manufacturing Company);
Kaiser Gypsum Company, Inc.;
KEENAN PROPERTIES, INC.;
KELLY-MOORE PAINT COMPANY, INC.;
MECHANICAL DRIVES & BELTING (f/k/a
L.A. Rubber Company);
METALCLAD INSULATION
CORPORATION;
OWENS-ILLINOIS, INC. (Individually and
as successor in interest to Owens Illinois
Glass Company and dba O-I);
UNION CARBIDE CORPORATION;

and DOES 1-300

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

COME NOW Plaintiff Paul N. Kanonas  for causes of action against Defendants, and each of them, complains and alleges as follows:

## GENERAL ALLEGATIONS

1.    This case is being brought by Paul N. Kanonas as a result of PAUL N. KANONAS having been diagnosed with an asbestos-related disease, mesothelioma, caused by exposure to asbestos.  Throughout this complaint use of the term "Plaintiff" shall, where appropriate, mean Paul N. Kanonas unless the context of its use clearly means one or the other.

2.    Asbestos litigation has long been designated complex in Los Angeles County for several historical reasons, including the number of parties, the length, duration and complexity of anticipated deposition testimony of fact, lay and expert witnesses, the wide-ranging medical issues that may or may not be involved, the complexity of industrial hygiene and governmental regulations that may or may not be involved, and the anticipated proportionate amount of economic, non-economic and punitive damages sought for plaintiff's anticipated death and the loss of consortium for his dependants.

-2-

3.     The average life expectancy of a patient diagnosed with a severe asbestos-related disease (mesothelioma and/or lung cancer) is extremely short.  Some patients diagnosed with such disease only live weeks or months following their diagnosis. Further, as their diseases progress, their prognosis slowly worsens such that their ability to participate in trial may diminish drastically.  Often, plaintiffs in these cases must present videotaped deposition testimony taken at the outset of their cases, as their medical condition has worsened so severely that even traveling a few miles to the courthouse is impossible.  A Plaintiff in such cases routinely brings motions for trial preference and often stipulate to expedited and/or shortened time periods for responsive pleadings in order to permit the granting of trial dates in less than 120 days.

4.     In this matter, Plaintiff PAUL N. KANONAS was diagnosed with mesothelioma on or about June 2011. Because of Plaintiff's work history, and the numerous asbestos products to which he is alleged to have been exposed, Plaintiff has named numerous manufacturers of asbestos products, premises owners, contractors, and suppliers of asbestos products and fibers as Defendants.

5.     The true names and/or capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 300, inclusive, are unknown to Plaintiff at this time; who, therefore, sues said Defendants by such fictitious names; and when the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiff is informed and believes, and thereon allege that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff, as hereinafter alleged, either through said Defendant's own conduct or through the conduct of its agents, servants or employees, or due to the ownership, lease or sale of the instrumentality causing the injury, or in some other manner.

6.     Plaintiff is informed and believes, and thereon allege that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employees

1   and/or joint venturers of their co-Defendants and were, as such, acting within the scope,

2   course, and authority of said agency, employment and/or joint venture, in that each and

3   every Defendant, as aforesaid, when acting as a principal, was negligent in the selection

4   and hiring or each and every other Defendant as the agent, servant, employee and/or joint

5   venturer.

6        7.     Plaintiffs were California residents during a substantial period of Plaintiff

7   PAUL N. KANONAS's asbestos exposures, upon which Plaintiff's claims are based.

8        8.     Plaintiff is informed and believes, and thereon allege, that at all times

9   mentioned herein, Defendants AMCORD, INC., INDIVIDUALLY and as  successor in

10  interest to Riverside Cement Company; BUFFALO PUMPS, INC.;CBS CORPORATION,

11  F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A

12  WESTINGHOUSE ELECTRIC CORPORATION; CERTAINTEED CORPORATION;

13  CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem, Inc.;

14  Crown Cork & Seal USA, Inc., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO

15  MUNDET CORK COMPANY; CRANE CO. , Individually and as successor in interest to

16  Chapman Valves; FAMILIAN CORPORATION; GENERAL ELECTRIC COMPANY;

17  GEORGIA-PACIFIC, LLC, f/k/a Georgia-Pacific Corporation, individually and as

18  successor-in-interest to Bestwall Gypsum Company; GOULDS PUMPS, INC.; HANSON

19  PERMANENTE CEMENT, INC., f/k/a Kaiser Cement Corporation; IMO Industries, Inc.

20  (Individually and as successor in interest to Delaval Steam Turbine, Inc.);

21  INGERSOLL-RAND COMPANY, individually and as successor in interest to The Aldrich

22  Company; JM MANUFACTURING COMPANY, INC. (Dba JM Pipe Manufacturing

23  Company); Kaiser Gypsum Company, Inc.; KEENAN PROPERTIES, INC.;KELLY-MOORE

24  PAINT COMPANY, INC.; MECHANICAL DRIVES & BELTING (f/k/a L.A. Rubber

25  Company); METALCLAD INSULATION CORPORATION; OWENS-ILLINOIS, INC.

26  (Individually and as successor in interest to Owens Illinois Glass Company and dba

27  O-I);UNION CARBIDE CORPORATION; and DOES 1-300 inclusive, are corporations

28  organized and existing under and by virtue of the laws of the State of California, or the laws

-4-

1   of some other state of the United States of America, or some foreign jurisdiction, and that
2   said Defendants were authorized to do and are doing business in the State of California,
3   and that said Defendants have regularly conducted business in the State of California.

4       9.      At all times mentioned above, Defendants, and each of them, were engaged
5   in the business of manufacturing, fabricating, designing, assembling, distributing, leasing,
6   buying, selling, inspecting, servicing, installing, repairing, marketing, warranting, and
7   advertising a certain substance, the generic name of which is asbestos, and other products
8   containing said substance.

9       10.     Plaintiff PAUL N. KANONAS was exposed to Defendants' asbestos and
10  asbestos containing products contributing to and causing the development of lung cancer.
11  Plaintiff was exposed to Defendants' asbestos and asbestos containing products including
12  but not limited to through his service as a member of the U.S. Navy starting at age sixteen
13  through eighteen from 1944-45. He served in World War II on the USS ALCOR and USS
14  ROPER. He was in charge of the dispensary on the USS ALCOR and also stood fire
15  watch throughout the ship. He took part in the decommissioning of the USS ROPER at
16  MINSY in 1945. He rejoined the navy in 1950 where he remained until 1968, working in
17  many roles including serving on the USS KEARSAGE. This work exposed him to asbestos
18  from numerous products and equipment. From 1968 through 1996, Plaintiff was employed
19  as a civil service operator at the Camp Pendleton water department. There he cut transite
20  water pipe manually and with electrical power saws, exposing him to asbestos fibers.
21  Plaintiffs was also exposed to asbestos products thru home remodeling projects and
22  construction. Plaintiff PAUL N. KANONAS suffers from mesothelioma and each of
23  Defendants' asbestos and asbestos containing products that entered his body was a
24  substantial factor in bringing about, prolonging, or aggravating Plaintiff's mesothelioma.
25  The asbestos and asbestos containing products Plaintiff was exposed to were
26  manufactured or supplied by a named Defendant and DOES 1-300.

27      11.     Federal Courts lack jurisdiction over this action; removal is therefore
28  improper. Specifically, removal based on diversity jurisdiction is unavailing due to the

ORIGINAL COMPLAINT

1   presence of a Defendant that resides in California.  In addition, no claim of admiralty or

2   maritime law is raised, Plaintiffs sue no foreign state or agency, and Defendants lack a

3   colorable federal defense that would warrant removal pursuant to 28 U.S.C. 1442(a)(1).

4   Venue is proper in Los Angeles County, Superior Court of California.

5   ### FIRST CAUSE OF ACTION

6   (Negligence)

7   (As Against all Defendants)

8        12.    Plaintiffs hereby incorporate by reference, as though fully set forth herein,

9   each and every allegation contained in each paragraph above.

10        13.    At all times herein mentioned, each of the named Defendants and DOES 1

11   through 300 was the successor, successor in business, successor in product line or a

12   portion thereof, assign, predecessor, predecessor in business, predecessor in product line

13   or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial

14   owner of or member in an entity researching, studying, manufacturing, fabricating,

15   designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

16   supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

17   marketing, warranting, re-branding, manufacturing for others, packaging and advertising as

18   certain product, namely asbestos, and other products containing asbestos. Said entities

19   shall hereinafter collectively be called "Alternate Entities." Each of the herein named

20   Defendants is liable for the tortious conduct of each successor, successor in business,

21   successor in product line or a portion thereof, assign, predecessor in product line or a

22   portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned

23   entity, or entity that it was a member of, or funded, that researched, studied, manufactured,

24   fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for

25   sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

26   marketed, warranted, re-branded, manufactured for others and advertised a certain

27   product, namely asbestos, and other products containing asbestos. The following

28   Defendants, and each of them, are liable for the acts of each and every "Alternate Entity,"

-6-

1   in that there has been a virtual destruction of Plaintiffs' remedies against each such

2   "Alternate Entity;" Defendants, and each of them, have acquired the assets, product line,

3   or a portion thereof, of each such "Alternate Entity;" Defendants, and each of them, caused

4   the destruction of Plaintiffs' remedies against each such "Alternate Entity;" each such

5   Defendant has the ability to assume the risk-spreading role of each such "Alternate Entity;"

6   and that each such Defendant enjoys the goodwill originally attached to each such

7   "Alternate Entity."

8

9

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AMCORD, INC. | INDIVIDUALLY and as successor in interest to Riverside Cement Company |
| CBS CORPORATION | F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION |
| CLEAVER-BROOKS, INC. | individually and f/k/a Aqua-Chem, Inc. |
| Crown Cork & Seal USA, Inc. | INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MUNDET CORK COMPANY |
| CRANE CO. | Individually and as successor in interest to Chapman Valves; FAMILIAN CORPORATION |
| GEORGIA-PACIFIC, LLC | f/k/a Georgia-Pacific Corporation, individually and as successor-in-interest to Bestwall Gypsum Company |
| HANSON PERMANENTE CEMENT, INC. | f/k/a Kaiser Cement Corporation |
| IMO Industries, Inc. | (Individually and as successor in interest to Delaval Steam Turbine, Inc.) |

ons:\W\Servers\Kronma, Facht8, DRE Drafted Docs\3, Pleadings\3 - COMPLAINT TEMPLATE.wpd

| INGERSOLL-RAND COMPANY | individually and as successor in interest to The Aldrich Company |
|---|---|
| JM MANUFACTURING COMPANY, INC. | (Dba JM Pipe Manufacturing Company) |
| MECHANICAL DRIVES & BELTING | (f/k/a L.A. Rubber Company) |

14.     Defendants, their "Alternate Entities," and each of them had a duty to use reasonable care in manufacturing their products and to warn the customer, user, or bystander that their products were dangerous and unsafe. At all times mentioned herein, Defendants, their "Alternate Entities," and each of them negligently and carelessly researched, tested or failed to test, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, used, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance, in that said substance was capable of causing and did, in fact, proximately cause personal injuries to users and consumers thereof while being used in manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by the consumer, users, or bystanders thereof, and others to whom Defendants owe a duty, including Plaintiff PAUL N. KANONAS.

15.     Plaintiff PAUL N. KANONAS is a worker who, for a substantial length of time, used, handled, and was otherwise exposed to Defendants' asbestos and asbestos products, in a manner that was reasonably foreseeable, while he was working as described in Paragraph 6 above.

16.     As a direct and proximate result of the above-referenced conduct of the Defendants, their "Alternate Entities," and each of them, as aforesaid, said exposure to said asbestos caused severe and permanent injury to Plaintiff's lungs and body, including, . but not limited to the disease mesothelioma.

17.     On or about June 2011, Plaintiff PAUL N. KANONAS was diagnosed with the

-8-

1  asbestos-related disease mesothelioma. Prior to that date, Plaintiff, did not know, nor did
2  he have reason to know, that he had contracted this disease related to his exposure to
3  asbestos. Prior to said date, Plaintiff was not aware that exposure to asbestos presented
4  any risk of injury and/or disease to him, and had not been advised or informed by anyone
5  that he could contract, nor indeed did contract, any disease, sickness or injury as a result
6  of working in the vicinity of asbestos.

7      18.    Plaintiff is informed and believes, and thereupon allege, that mesothelioma is
8  a vicious, painful and often fatal malignancy of the lung, and that said disease results from
9  exposure to asbestos and asbestos products over a period of time.

10      19.    As a direct and proximate result of the aforesaid conduct of the Defendants,
11  their "Alternate Entities," and each of them Plaintiff PAUL N. KANONAS has suffered, and
12  continues to suffer, severe and permanent injuries to his person, body and health,
13  including, but not limited to, the disease mesothelioma, all to his general damage in a sum
14  within the jurisdictional limits of this court.

15      20.    As a direct and proximate result of the aforesaid conduct of the Defendants,
16  their "Alternate Entities," and each of them Plaintiffs were compelled to and did employ the
17  services of hospitals, surgeons, physicians, nurses, and the like, to care for and treat
18  Plaintiff PAUL N. KANONAS, and did incur medical, hospital and professional incidental
19  expenses, and Plaintiff is informed and believes and thereupon allege that by reason of
20  said injuries, Plaintiff PAUL N. KANONAS will necessarily incur additional like expenses for
21  an indefinite period of time in the future, and when said amounts are ascertained, Plaintiff
22  will allege said amounts.

23      21.    At all times herein mentioned, Defendants, their "Alternate Entities," and each
24  of them were aware that the original gaskets and packing supplied with their equipment
25  would need to be removed and replaced with new gaskets and packing during ordinary
26  operation and maintenance of their equipment. Heat and pressure generated by operation
27  would affect the original and replacement gaskets and packing - e.g., making them brittle,
28  friable and not reusable, making replacement necessary and dangerous. It was

-9-

1  foreseeable that the process of removing old gaskets and packing, and replacing them with
2  the new materials during ordinary maintenance operations would cause the disturbance of
3  asbestos and/or asbestos containing materials, releasing asbestos into the air. It was also
4  foreseeable that Defendant's equipment needed to be insulated with asbestos containing
5  thermal insulation materials and that the negligent design of Defendants' equipment
6  through its ordinary operation caused the degradation of asbestos containing thermal
7  insulation and the foreseeable removal of these insulation materials and application of new
8  insulation materials, which would cause the disturbance of asbestos and/or asbestos
9  containing materials, releasing asbestos into the air.

10      22.      On or before 1930, the Defendants, their "Alternate Entities," and each of
11  them, have known and have possessed the true facts of medical and scientific data and
12  other knowledge which clearly indicated that asbestos and asbestos-containing products
13  were and are hazardous to the health and safety of Plaintiff PAUL N. KANONAS, and
14  others in Plaintiff's position working in close proximity with such materials. Specifically,
15  Defendants, their "Alternate Entities," and each of them, knew, or had a duty to know, the
16  following information:

17      (a) E.R.A. Merewether & C.W. Price's 1930 *Report on Effects of Asbestos Dust on*
18      *the Lung* (London: H.M. Stationary Office) put manufacturers, designers,
19      distributors, marketers, sellers, suppliers, inspectors and advertisers of asbestos
20      and asbestos containing products on notice that exposure to asbestos dust can
21      cause pulmonary fibrosis in exposed individuals and discussed processes by which
22      asbestos dust is generated and methods for dust suppression. As such, at least as
23      of 1930, Defendants, their "Alternate Entities," and each of them, knew or had the
24      duty to know that exposure to asbestos dust could cause a debilitating potentially
25      lethal disease, that there was a dose-response relationship between the level of
26      asbestos exposure and risk of contracting disease,  and that disease prevention
27      requires the suppression or elimination of asbestos containing dust. In 1933, E.R.A.
28      Merewether's *Memorandum on Asbestosis* (Tubercle, Vol. XIV — 1932-33,

1   December) informed Defendants, their "Alternate Entities," and each of them, that

2   exposure to asbestos containing dust for a period of less than 5 years can cause the

3   lung disease asbestosis, which can be deadly.

4   (b) R. Doll's 1955 article, *Mortality from Mesothelioma in Asbestos Workers* (Br. J.

5   Ind. Med., Vol. 12) put manufacturers, designers, distributors, marketers, sellers,

6   suppliers, inspectors and advertisers of asbestos and asbestos containing products

7   on notice that exposure to asbestos dust can cause mesothelioma in exposed

8   individuals, resulting in death.  As such, at least as of 1955, Defendants, their

9   "Alternate Entities," and each of them, knew or had the duty to know that exposure

10   to asbestos dust could cause mesothelioma, a potentially lethal disease.

11   (c) J.C. Wagner, C.A. Sleggs, & P. Marchland's 1960 article *Diffuse Pleural*

12   *Mesothelioma and Asbestos Exposure in the North Western Cape Province* (Br. J.

13   Ind. Med., Vol. 17) put manufacturers, designers, distributors, marketers, sellers,

14   suppliers, inspectors and advertisers of asbestos and asbestos containing products

15   on notice that exposure to asbestos dust can cause mesothelioma in exposed

16   individuals, resulting in death.  The article confirmed a causal association between

17   asbestos exposure and mesothelioma, and noted that even low-level, non-

18   occupational exposures to asbestos can cause mesothelioma.  As such, at least as

19   of 1960, Defendants, their "Alternate Entities," and each of them, knew or had the

20   duty to know that exposure to asbestos dust could cause mesothelioma, a lethal

21   form of cancer, in those directly exposed to asbestos containing dust as well as

22   those secondarily exposed in a residential setting.

23       23.    With intent to deceive Plaintiff PAUL N. KANONAS, and others in Plaintiff's

24   position, and with intent that he and such others should be and remain ignorant of such

25   facts with intent to induce Plaintiff and such others to alter his and their positions to his and

26   their injury and/or risk and in order to gain financial, business, and other advantages, the

27   following acts occurred:

28       (a) Defendants, their "Alternate Entities," and each of them, did not label any of the

-11-

1  aforementioned asbestos and asbestos containing materials and products with
2  information regarding the hazards of such materials and products to the health and
3  safety of Plaintiff and others in Plaintiff's position working in close proximity with
4  such materials until 1964, when certain of such materials were labeled by some, but
5  not all, of Defendants, their "Alternate Entities," and each of them, herein when the
6  knowledge of such hazards was existing and known to Defendants, their "Alternate
7  Entities," and each of them, since on or before 1930. By not labeling such materials
8  as to their said hazards, Defendants, their "Alternate Entities," and each of them,
9  caused to be suggested as a fact to Plaintiff that it was safe for Plaintiff to work in
10 close proximity to such materials when in fact it was not true and Defendants, their
11 "Alternate Entities," and each of them, did not believe it to be true.
12 (b) Defendants, their "Alternate Entities," and each of them, suppressed information
13 relating the danger of use of the aforementioned materials by requesting the
14 suppression of information to the Plaintiff and the general public concerning the
15 dangerous nature of the aforementioned materials to workers, by not allowing such
16 information to be disseminated in a manner which would have given general notice
17 to the public and knowledge of the hazardous nature thereof when Defendants, their
18 "Alternate Entities," and each of them, were bound to disclose such information;
19 (c) Defendants, their "Alternate Entities," and each of them, sold the aforementioned
20 products and materials to Plaintiff's employer and others without advising Plaintiff
21 and others of the dangers of use of such materials to persons working in close
22 proximity thereto when Defendants, their "Alternate Entities," and each of them,
23 knew of such dangers, and had a duty to disclose such dangers all as set forth
24 herein. By said conduct, Defendants, their "Alternate Entities," and each of them,
25 caused to be positively asserted to Plaintiff that which was not true and that which
26 Defendants, their "Alternate Entities," and each of them, had not reasonable ground
27 for believing to be true, to wit, that it was safe for Plaintiff to work in close proximity
28 to such materials;

 one WOCfacts\Warrenw_Faul6. C&E Drafed Cleca3. Pleadiingn3 - COMPLAINT TEMPLATE.wpd

(d) Defendants, their "Alternate Entities," and each of them, suppressed from Plaintiff medical and scientific data and knowledge of the contents of the Lanza report. Although bound to disclose it, Defendants, their "Alternate Entities," and each of them influenced A.J. Lanza to change his report, the altered version of which was published in Public Health Reports, Volume 50 at page 1 in 1935, thereby causing Plaintiff and others to be and remain ignorant thereof. Defendants, there "Alternate Entities," and each of them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of danger, thereby lessening the probability of notice of danger to users thereof;

(e) Defendants, their "Alternate Entities," and each of them, belonged to, participated in, and financially supported the Asbestos Textile Institute and other industry organizations which, for and on behalf of Defendants, their "Alternate Entities," and each of them, actively promoted the suppression of information of danger to users of the aforementioned products and materials, thereby misleading Plaintiff by the suggestions and deceptions set forth above in this cause of action. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff at this time;

(f) Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "Alternate Entities," and each of them, knew and possessed medical and scientific information of the connection between inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their

-13-

"Alternate Entities," and each of them, herein. Between 1942 and 1950, the Defendants, their "Alternate Entities," and each of them suggested to the public as a fact that which is not true and disseminated other facts likely to mislead Plaintiff. Such facts did mislead Plaintiff and others by withholding the afore-described medical and scientific data and other knowledge and by not giving Plaintiff the true facts concerning such knowledge of danger, which Defendants, their "Alternate Entities," and each of them, were bound to disclose;

(g) Defendants, their "Alternate Entities," and each of them, failed to warn Plaintiff and others of the nature of asbestos and asbestos containing materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "Alternate Entities," and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(h) Defendants, their "Alternate Entities," and each of them, failed to provide Plaintiff with information concerning adequate protective masks and other equipment devised to be used when applying and installing the products of the Defendants, and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to the Plaintiff and others applying and installing such material;

(i) Defendants, their "Alternate Entities," and each of them, when under a duty to so disclose, concealed from Plaintiff the true nature of the industrial exposure of Plaintiff and knew that Plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer. Defendants, their "Alternate Entities," and each of them, also concealed from Plaintiff and others that harmful materials to which they were exposed would cause pathological effects without noticeable trauma;

(j) Defendants, their "Alternate Entities," and each of them, failed to provide

-14-

1  information of the true nature of the hazards of asbestos and asbestos containing

2  materials and that exposure to these materials would cause pathological effects

3  without noticeable trauma to the public, including buyers, users, and physicians

4  employed by Plaintiff and Plaintiff's employers so that said physicians could

5  examine, diagnose and treat Plaintiff and others who were exposed to asbestos,

6  despite the fact that Defendants, their "Alternate Entities," and each of them, were

7  under a duty to so inform and said failure was misleading; and

8  (k) Defendants, their "Alternate Entities," and each of them, failed to provide

9  adequate information to physicians and surgeons retained by Plaintiff's employers

10  and their predecessor companies, for purposes of making physical examinations of

11  Plaintiff and other employees as to the true nature of the risk of such materials and

12  exposure thereto when they in fact possessed such information and had a duty to

13  disclose it.

14       24.    On or before 1930, and thereafter, said Defendants, their "Alternate Entities,"

15  and each of them were aware that users of asbestos and asbestos containing products, as

16  well as members of the general public who would be exposed to asbestos and asbestos

17  products, had no knowledge or information indicating that asbestos could cause injury, and

18  said Defendants, their "Alternate Entities," and each of them, knew that the users of

19  asbestos and asbestos products, as well as members of the general public who were

20  exposed to asbestos and asbestos products, would assume, and in fact did assume, that

21  exposure to asbestos and asbestos products was safe, when in fact said exposure was

22  extremely hazardous to human life.

23       25.    With said knowledge, said Defendants, their "Alternate Entities," and each of

24  them opted to manufacture, design, distribute, market, sell, supply, instal, inspect, repair,

25  package, use, and advertise asbestos and asbestos containing products without

26  attempting to protect or warn users or bystanders about the high risk of injury or death

27  resulting from exposure to asbestos and asbestos products. Rather than attempting to

28  protect users and workers from, or warn workers and users of, the high risk of injury or

ORIGINAL COMPLAINT

1   death resulting from exposure to asbestos and asbestos products, Defendants, their

2   "Alternate Entities," and each of them intentionally failed to reveal their knowledge of said

3   risk, fraudulently, consciously and actively concealed and suppressed said knowledge from

4   members of the general public that asbestos and asbestos products were unsafe for all

5   reasonably foreseeable use, with the knowledge of the falsity of said implied

6   representations.

7       26.     Despite the above referenced historical knowledge of said Defendants, their

8   "Alternate Entities," and each of them, concerning the extreme hazards of asbestos,

9   Defendants negligently, carelessly, and with a willful and conscious disregard of the rights

10  and safety of others failed to adequately test, research, label, design, distribute, sell,

11  inspect, repair, use, modify or advertise their asbestos and asbestos containing products in

12  an effort to reduce or eliminate the potential that their products would cause deadly

13  diseases in users, bystanders, and other exposed individuals.

14      27.     The above referenced conduct of said Defendants, their "Alternate Entities,"

15  and each of them was motivated by the financial interest of said Defendants in the

16  continuing, uninterrupted distribution and marketing of asbestos and asbestos containing

17  products.  In pursuance of said financial motivation, said Defendants consciously

18  disregarded the safety of the users of, and persons exposed to, asbestos and asbestos

19  containing products, and were in fact consciously willing to permit asbestos and asbestos

20  containing products to cause injury to workers and users thereof, and persons exposed

21  thereto, including Plaintiff PAUL N. KANONAS.

22      28.     The above reference conduct, including but not limited to, each Defendant's

23  conscious suppression of the dangers of their product, each Defendant's failure to warn of

24  the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute

25  its asbestos-containing products, despite the health risks posed by those products and

26  known by each Defendant, were decisions and conduct committed by one or more officers,

27  directors, or managing agents of each Defendant, acting on behalf of said Defendant, or

28  were authorized, known, adopted or approved by an officer, director, or managing agent of

1    each Defendant.

2        29.    The above referenced conduct, including but not limited to, each Defendant's

3    conscious suppression of the dangers of their product, each Defendant's failure to warn of

4    the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute

5    its asbestos-containing products, despite the health risks posed by those products and

6    known by each Defendant, were decisions and conduct committed by an employee of

7    Defendant who exercised substantial independent authority and judgment in his or her

8    corporate decision-making such that his or her decisions ultimately determine corporate

9    policy.

10       30.    Within the corporate hierarchy of each Defendant, authorized persons acted

11   despicably in willful and conscious disregard of the rights and safety of others, including

12   Plaintiffs.  These persons engaged in the above reference conduct, including by not limited

13   to each Defendant's conscious suppression of the dangers of its asbestos-containing

14   products, each Defendant's failure to warn of the dangers, and each Defendant's decision

15   to continue to manufacture, sell, and distribute its products despite the health risks posed

16   by so doing.

17       31.    The information concerning the health risks of asbestos, and described

18   above, was in the possession of each corporate Defendant and the structure of each

19   Defendant permitted that information to, in fact, move upward to the point were corporate

20   policy was formulated.  It became the corporate policy of each Defendant to consciously

21   suppress the dangers of their asbestos-containing products, and fail to warn of the dangers

22   of their asbestos-containing products, and to continue to manufacture, sell, and distribute

23   its asbestos-containing products well after the dangers of asbestos were known to each

24   Defendant for the purpose of maximizing their own profits.  It was the corporate policy of

25   each Defendant to choose profit over consumer and worker safety.  Defendants, and each

26   of them, through its officers, directors and managing agents engaged in conduct and

27   promulgated corporate policy, that could, and did, kill people.

28       32.    An officer, director, or managing agent of Defendants, their "Alternate

-17-

1  Entities," and each of them, with advance knowledge of the extreme health hazard posed
2  by asbestos and asbestos containing products, did, with conscious disregard for the rights
3  and safety of others, commit an act of oppression, fraud, or malice, or did authorize or
4  ratify such acts, including but not limited to Defendants' failure to adequately research, test,
5  or label their asbestos or asbestos-containing products and Defendants' attendant
6  willingness to continue to manufacture, design, distribute, market, sell, supply, install,
7  inspect, repair, package, use, and advertise asbestos and asbestos containing products
8  then known by Defendants to be hazardous to human health.  As such, an officer, director,
9  or managing agent of Defendants, their "Alternate Entities," and each of them, authorized
10  or ratified Defendants' failure to take reasonable and necessary efforts to reduce or
11  eliminate the potential that the asbestos and asbestos containing products Defendants
12  manufactured, designed, distributed, used, marketed, sold, supplied, installed, inspected,
13  repaired, packaged, used and advertised would cause deadly diseases, such as
14  mesothelioma, in users, bystanders, and other exposed individuals.

15      33.    The above-referenced conduct of said Defendants, their "Alternate Entities,"
16  and each of them was and is willful, malicious, outrageous and/or in conscious disregard
17  and indifference to the rights and safety of users of said asbestos and asbestos containing
18  products, including Plaintiff PAUL N. KANONAS. Defendants, their "Alternate Entities," and
19  each of them are guilty of oppression, fraud, or malice and engaged in conduct which was
20  intended by the Defendants to cause injury to the Plaintiffs or conduct which was carried
21  on by the Defendants with a willful and conscious disregard of the rights and safety of
22  others. Defendants, their "Alternate Entities," and each of them subjected Plaintiff to cruel
23  and unjust hardship in conscious disregard of their rights and engaged in intentional
24  misrepresentation, deceit, or concealment of a material fact known to the Defendants with
25  the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal
26  rights or otherwise causing injury. Plaintiff therefore, for the sake of example and by way of
27  punishing Defendants, seeks punitive damages, according to proof.

28                    **SECOND CAUSE OF ACTION**

ORIGINAL COMPLAINT

(Strict Liability)

(As Against all Defendants)

34.     Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in each of the paragraphs above.

35.     At all times mentioned herein, Defendants, their "Alternate Entities," and each of them researched, manufactured, tested or failed to test, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance which Defendants knew were to be used without inspection for defects and which substance contained design and manufacturing defects, in that same was capable of causing and did, in fact, cause personal injuries to users, consumers, and bystanders while being used in a reasonably foreseeable manner, thereby rendering such asbestos and asbestos containing products unsafe and dangerous for use by users, consumers, and bystanders.

36.     As a direct and proximate result of the above described conduct by Defendants, their "Alternate Entities," and each of them, Plaintiff PAUL N. KANONAS suffered severe and permanent injuries to his person, as alleged hereinabove.

37.     At all times mentioned herein, the asbestos and products containing said substance discussed above failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the risk of danger inherent in asbestos and asbestos containing products outweighs the benefits of said substance and products.

38.     At all times mentioned herein, the foreseeable use of the asbestos and products containing said substance discussed above involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, but which danger was known or knowable to Defendants, their "Alternate Entities," and each of them, and Defendants failed to adequately warn of the substantial danger.

39.     As a direct and proximate result of the above described conduct by

-19-

1  Defendants, their "alternate entities," and each of them, Plaintiff PAUL N. KANONAS

2  suffered severe and permanent injuries to his person, as alleged hereinabove.

3       40.    An officer, director, or managing agent of Defendants, their "Alternate

4  Entities," and each of them, with advance knowledge of the extreme health hazard posed

5  by asbestos and asbestos containing products, did, with conscious disregard for the rights

6  and safety of others, commit an act of oppression, fraud, or malice, or did authorize or

7  ratify such acts, including but not limited to Defendants' failure to adequately research, test,

8  or label their asbestos or asbestos-containing products and Defendants' attendant

9  willingness to continue to manufacture, design, distribute, market, sell, supply, instal,

10  inspect, repair, package, use, and advertise asbestos and asbestos containing products

11  then known by Defendants to be hazardous to human health.  As such, an officer, director,

12  or managing agent of Defendants, their "Alternate Entities," and each of them, authorized

13  or ratified Defendants' failure to take reasonable and necessary efforts to address the

14  design and manufacturing defects in the asbestos and asbestos containing products that

15  Defendants manufactured, designed, distributed, used, marketed, sold, supplied, installed,

16  inspected, repaired, packaged, used and advertised.

17       41.    The above reference conduct, including but not limited to, each Defendant's

18  conscious suppression of the dangers of their product, each Defendant's failure to warn of

19  the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute

20  its asbestos-containing products, despite the health risks posed by those products and

21  known by each Defendant, were decisions and conduct committed by one or more officers,

22  directors, or managing agents of each Defendant, acting on behalf of said Defendant, or

23  were authorized, known, adopted or approved by an officer, director, or managing agent of

24  each Defendant.

25       42.    The above referenced conduct, including but not limited to, each Defendant's

26  conscious suppression of the dangers of their product, each Defendant's failure to warn of

27  the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute

28  its asbestos-containing products, despite the health risks posed by those products and

1  known by each Defendant, were decisions and conduct committed by an employee of
2  Defendant who exercised substantial independent authority and judgment in his or her
3  corporate decision-making such that his or her decisions ultimately determine corporate
4  policy.

5      43.    Within the corporate hierarchy of each Defendant, authorized persons acted
6  despicably in willful and conscious disregard of the rights and safety of others, including
7  Plaintiffs. These persons engaged in the above reference conduct, including by not limited
8  to each Defendant's conscious suppression of the dangers of its asbestos-containing
9  products, each Defendant's failure to warn of the dangers, and each Defendant's decision
10  to continue to manufacture, sell, and distribute its products despite the health risks posed
11  by so doing.

12      44.    The information concerning the health risks of asbestos, and described
13  above, was in the possession of each corporate Defendant and the structure of each
14  Defendant permitted that information to, in fact, move upward to the point were corporate
15  policy was formulated. It became the corporate policy of each Defendant to consciously
16  suppress the dangers of their asbestos-containing products, and fail to warn of the dangers
17  of their asbestos-containing products, and to continue to manufacture, sell, and distribute
18  its asbestos-containing products well after the dangers of asbestos were known to each
19  Defendant for the purpose of maximizing their own profits. It was the corporate policy of
20  each Defendant to choose profit over consumer and worker safety. Defendants, and each
21  of them, through its officers, directors and managing agents engaged in conduct and
22  promulgated corporate policy, that could, and did, kill people.

23      45.    The above-referenced conduct of said Defendants, their "Alternate Entities,"
24  and each of them was and is willful, malicious, outrageous and/or in conscious disregard
25  and indifference to the rights and safety of users of said asbestos and asbestos containing
26  products, including Plaintiff PAUL N. KANONAS. Defendants, their "Alternate Entities," and
27  each of them are guilty of oppression, fraud, or malice and engaged in conduct which was
28  intended by the Defendants to cause injury to the Plaintiffs or conduct which was carried

-21-

1  on by the Defendants with a willful and conscious disregard of the rights and safety of
2  others. Defendants, their "Alternate Entities," and each of them subjected Plaintiffs to cruel
3  and unjust hardship in conscious disregard of their rights and engaged in intentional
4  misrepresentation, deceit, or concealment of a material fact known to the Defendants with
5  the intention on the part of the Defendants of thereby depriving Plaintiffs of property or
6  legal rights or otherwise causing injury. Plaintiffs therefore, for the sake of example and by
7  way of punishing Defendants, seek punitive damages, according to proof.

8

9

10  **THIRD CAUSE OF ACTION**
11  (Premises Owner/Contractor Liability)
12  (As Against Defendants FRASERS BOILER SERVICE, INC.; TODD SHIPYARDS
13  CORPORATION; and DOES 201-300)

14      46.    Plaintiff hereby incorporates by reference, as though fully set forth herein,
15  each and every allegation contained in each of the above.

16      47.    At all times mentioned herein, the Premises Owner/Contractor Liability
17  Defendants, their "Alternate Entities," and each of them, owned, leased, maintained,
18  managed, and/or controlled the premises at which Plaintiff PAUL N. KANONAS was
19  exposed to asbestos and asbestos containing products.

20      48.    Prior to and at said times and places, said Premises Owner/Contractor
21  Liability Defendants, their "Alternate Entities," and each of them, caused asbestos and
22  asbestos containing products to be constructed, installed, maintained, used, supplied,
23  replaced, repaired and/or removed on their respective premises, by their own workers
24  and/or by employing various contractors, and caused the release of dangerous quantities
25  of toxic asbestos fibers into the ambient air and thereby created a hazardous and unsafe
26  condition to Plaintiff PAUL N. KANONAS and other persons exposed to said asbestos
27  fibers while present at said premises.

28      49.    At all times mentioned herein, said Premises Owner/Contractor Liability

ORIGINAL COMPLAINT

1  Defendants, their "Alternate Entities," and each of them, knew or in the exercise of ordinary

2  and reasonable care should have known, that the foregoing conditions and activities

3  created a dangerous, hazardous, and unsafe condition and unreasonable risk of harm and

4  personal injury to Plaintiff PAUL N. KANONAS and other workers or persons so exposed

5  present on each of the aforesaid respective premises.

6       50.    At all times relevant herein, Plaintiff PAUL N. KANONAS entered said

7  premises and used or occupied each of said respective premises as intended and for each

8  of the respective Premises Owner/Contractor Liability Defendants' request and invitation. In

9  so doing, Plaintiff was exposed to dangerous quantities of asbestos fibers released into the

10  ambient air by the aforesaid hazardous conditions and activities managed, maintained,

11  initiated, and/or otherwise created, controlled, or caused by said Premises

12  Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them.

13      51.    Plaintiff PAUL N. KANONAS at all times was unaware of the hazardous

14  condition or the risk of personal injury created by the aforesaid presence and use of

15  asbestos products and materials on said premises.

16      52.    At all times mentioned herein, said Premises Owner/Contractor Liability

17  Defendants, their "Alternate Entities," and each of them, remained in control of the

18  premises where Plaintiff PAUL N. KANONAS was performing his work.

19      53.    At all times mentioned herein, the Premises Owner/Contractor Liability

20  Defendants, their "Alternate Entities," and each of them, owed to Plaintiffs and others

21  similarly situated a duty to exercise ordinary care in the management of such premises in

22  order to avoid exposing workers such as Plaintiff PAUL N. KANONAS to an unreasonable

23  risk of harm and to avoid causing injury to said person.

24      54.    At all times mentioned herein, said Premises Owner/Contractor Liability

25  Defendants, their "Alternate Entities," and each of them, negligently failed to maintain,

26  manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff

27  of the existence of the aforesaid dangerous conditions and hazards on said premises.

28      55.    At all times mentioned herein, said Premises Owner/Contractor Liability

-23-

1   Defendants, their "Alternate Entities," and each of them, should have recognized that the

2   work of said contractors, identified above in Paragraph 40, would create during the

3   progress of the work, dangerous, hazardous, and unsafe conditions which could or would

4   harm Plaintiff PAUL N. KANONAS and others unless special precautions were taken.

5       56.   In part, Plaintiff PAUL N. KANONAS was exposed to dangerous quantities of

6   asbestos fibers by reason of such contractors' failure to take necessary precautions.

7       57.   The work of contractors on premises controlled by the Premises

8   Owner/Contractor Defendants created an unsafe premise and an unsafe work place by

9   reason of the release of dangerous quantities of asbestos fibers.

10       58.   The unsafe premise or work place was created, in part, by the negligent

11   conduct of the contractors employed by the Premises Owner/Contractor Defendants. Said

12   negligent conduct includes but is not limited to:

13       (a) Failure to warn about the hazards of asbestos dusts;

14       (b) Failure to suppress, reduce, or eliminate the release of asbestos containing dust

15       into the premises;

16       (c) Failure to remove asbestos containing dust on the premises through the use of

17       ventilation or appropriate means;

18       (d) Failure to provide adequate breathing protection, i.e., approved respirators or

19       masks to those exposed to the release of asbestos dust;

20       (e) Failure to inspect and/or test the air for the presence of asbestos fibers;

21       (f) Failure to provide medical monitoring to those exposed to asbestos dust.

22       59.   The Premises Owner/Contractor Defendants' duty to maintain and provide

23   safe premises, a safe place to work, and to warn of dangerous conditions are

24   non-delegable; said duties arise out of common law, Civil Code §1708, and Labor Code

25   §6400, et seq., or Health & Safety Code §40200, et seq., and regulations promulgated

26   thereunder. Therefore, the Premises Owner/Contractor Defendants are responsible for any

27   breach of said duties whether by themselves or others.

28       60.   Prior to and at said times and places, said Premises Owner/Contractor

ORIGINAL COMPLAINT

1   Liability Defendants, their "Alternate Entities," and each of them were subject to certain

2   ordinances, statutes, and other government regulations promulgated by the United States

3   Government, the State of California, and others, including but not limited to the General

4   Industry Safety Orders promulgated pursuant to California Labor Code §6400 and the

5   California Administrative Code under the Division of Industrial Safety, Department of

6   Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous

7   Substances), Article 81, §§4105, 4106, 4107 and 4108, and Threshold Limit Values as

8   documented for asbestos and other toxic substances under Appendix A, Table 1 of said

9   Safety Orders; additionally, California Health & Safety Code §40200, et seq., which

10  empowers the California Air Quality Management Districts to promulgate regulations

11  covering emission standards for hazardous air pollutants. Such state and federal standards

12  required said Premises Owner/Contractor Liability Defendants, their "Alternate Entities,"

13  and each of them, to provide specific safeguards or precautions to prevent or reduce the

14  inhalation of asbestos dust; and said Premises Owner/Contractor Liability Defendants

15  failed to provide the required safeguards and precautions. Defendants' violations of said

16  codes include but are not limited to:

17        (a) Failing to comply with statutes and allowing ambient levels of airborne asbestos

18        fiber to exceed the permissible/allowable levels with regard to the aforementioned

19        statutes;

20        (b) Failing to segregate work involving the release of asbestos dusts;

21        (c) Failing to suppress asbestos dust using prescribed ventilation techniques;

22        (d) Failing to suppress asbestos dust using prescribed "wet down" techniques;

23        (e) Failing to warn or educate Plaintiff PAUL N. KANONAS or others regarding

24        asbestos on the premises;

25        (f) Failing to provide approved respiratory protection devices;

26        (g) Failing to ensure "approved" respiratory protection devices were used properly;

27        (h) Failing to provide for an on-going health and screening program for those

28        exposed to asbestos on the premises;

ORIGINAL COMPLAINT

1    (i) Failing to provide adequate housekeeping and clean-up of the work place;

2    (j) Failing to properly warn of the hazards associated with asbestos as required by

3    statute;

4    (k) Failing to properly report renovation and disturbance of asbestos containing

5    materials;

6    (l) Failing to have an asbestos removal supervisor as required by regulation;

7    (m) Failing to get approval for renovation as required by statutes; and

8    (n) Failing to maintain records as required by statute.

9        61.    Premises Owner/Contractor Liability Defendants, their "Alternate Entities,"

10   and each of them, were the "statutory employer" of Plaintiff PAUL N. KANONAS as defined

11   by the California Labor Code and California case law.

12       62.    Plaintiff PAUL N. KANONAS at all times was unaware of the hazardous

13   condition or the risk of personal injury created by Defendants' violation of said regulations,

14   ordinances, or statutes.

15       63.    At all times mentioned herein, Plaintiff PAUL N. KANONAS was a member of

16   the class of persons whose safety was intended to be protected by the regulations,

17   statutes, or ordinances described in the foregoing paragraphs.

18       64.    At all times mentioned herein, said Premises Owner/Contractor Liability

19   Defendants, their "Alternate Entities," and each of them, knew, or in the exercise of

20   ordinary and reasonable care should have known, that the premises that were in their

21   control would be used without knowledge of, or inspection for, defects or dangerous

22   conditions, that the persons present and using said premises would not be aware of the

23   aforesaid hazardous conditions to which they were exposed on the premises, and that

24   such persons were unaware of the aforesaid violations of codes, regulations, and statutes.

25       65.    As a legal consequence of the foregoing, Plaintiff PAUL N. KANONAS

26   developed the asbestos-related disease mesothelioma, which has caused great injury and

27   disability as previously set forth, and Plaintiffs have suffered damages as herein alleged.

28       66.    An officer, director, or managing agent of Premises Owner/Contractor Liability

-26-

1  Defendants, their "Alternate Entities," and each of them, with advance knowledge of the
2  extreme health hazard posed by asbestos and asbestos containing products, did, with
3  conscious disregard for the rights and safety of others, commit an act of oppression, fraud,
4  or malice, or did authorize or ratify such acts, including but not limited to Defendants'
5  failure to provide workers with an adequately safe work environment and Defendants'
6  attendant willingness to continue to construct, install, maintain, use, supply, replace, repair
7  and/or remove asbestos and asbestos containing products, thereby generating airborne
8  asbestos dust to which Plaintiff PAUL N. KANONAS was exposed.  As such, an officer,
9  director, or managing agent of Premises Owner/Contractor Liability Defendants, their
10  "Alternate Entities," and each of them, authorized or ratified Defendants' failure to take
11  reasonable and necessary efforts to ensure that workers such as Plaintiff PAUL N.
12  KANONAS were not exposed to toxic asbestos dust on their premises.

13      67.    The above reference conduct, including but not limited to, each Defendant's
14  conscious suppression of the dangers of their product, each Defendant's failure to warn of
15  the dangers, and each Defendant's decision to continue fail to provide workers with an
16  adequately safe work environment were decisions and conduct committed by one or more
17  officers, directors, or managing agents of each Defendant, acting on behalf of said
18  Defendant, or were authorized, known, adopted or approved by an officer, director, or
19  managing agent of each Defendant.

20      68.    The above referenced conduct, including but not limited to, each Defendant's
21  conscious suppression of the dangers of asbestos, each Defendant's failure to warn of the
22  dangers, and each Defendant's decision to continue to create an unsafe work environment,
23  were decisions and conduct committed by an employee of Defendant who exercised
24  substantial independent authority and judgment in his or her corporate decision-making
25  such that his or her decisions ultimately determine corporate policy.

26      69.    Within the corporate hierarchy of each Defendant, authorized persons acted
27  despicably in willful and conscious disregard of the rights and safety of others, including
28  Plaintiffs.  These persons engaged in the above reference conduct, including by not limited

ORIGINAL COMPLAINT

1  to each Defendant's conscious suppression of the dangers of asbestos, each Defendant's
2  failure to warn of the dangers, and each Defendant's decision to continue to create an
3  unsafe premises by so doing.

4       70.    The information concerning the health risks of asbestos, and described
5  above, was in the possession of each corporate Defendant and the structure of each
6  Defendant permitted that information to, in fact, move upward to the point were corporate
7  policy was formulated.  It became the corporate policy of each Defendant to consciously
8  suppress the dangers of their asbestos and fail to warn of the dangers of asbestos for the
9  purpose of maximizing their own profits.  It was the corporate policy of each Defendant to
10  choose profit over consumer and worker safety.

11       71.    The above-referenced conduct of said Premises Owner/Contractor Liability
12  Defendants, their "Alternate Entities," and each of them, was and is willful, malicious,
13  outrageous and/or in conscious disregard and indifference to the rights and safety of users
14  of said asbestos and asbestos containing products, including Plaintiff PAUL N. KANONAS.
15  Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of
16  them, are guilty of oppression, fraud, or malice and engaged in conduct which was
17  intended by the Defendants to cause injury to the Plaintiffs or conduct which was carried
18  on by the Defendants with a willful and conscious disregard of the rights and safety of
19  others. Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and
20  each of them, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of
21  their rights and engaged in intentional misrepresentation, deceit, or concealment of a
22  material fact known to the Defendants with the intention on the part of the Defendants of
23  thereby depriving Plaintiffs of property or legal rights or otherwise causing injury. Plaintiffs
24  therefore, for the sake of example and by way of punishing Defendants, seek punitive
25  damages, according to proof.

26

27       WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, in
28  an amount to be proven at trial in each individual case, as follows:

-28-

ORIGINAL COMPLAINT

1    1. General damages, according to proof;

2    2. Damages for medical and related expenses, according to proof;

3    3. Damages for loss of earning capacity, according to proof;

4    4. Damages for loss of earnings, according to proof;

5    5. Damages for Plaintiffs' other economic losses, according to proof;

6    6. Exemplary or punitive damages, according to proof;

7    7. Prejudgment interest, according to proof;

8    8. Costs of suit incurred herein; and

9    9. Such other and further relief as this Court may deem just and proper, including

10   costs and prejudgment interest as provided in C.C.P. §998, C.C.P. §1032 and related

11   provisions of law.

12   DATED: October 14, 2011

                              DEBLASE BROWN EYERLY LLP

13

14

                    By: _____

15                       Eric Brown
                         Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

-29-

# EXHIBIT B

LA COURT ONLINE

# Civil Case Document Images
## Document List

 

**Disclaimer:**

The Los Angeles Superior Court and the County of Los Angeles declare that information provided by and obtained from this site, intended for use on a case-by-case basis, does not constitute the official record of the Court and cannot be used as evidence in Court.

Any user of the information and data is hereby advised that they are being provided "as-is" without warranty of any kind, and that they may be subject to errors or omissions. To the extent permitted by applicable law, the Los Angeles Superior Court disclaims all warranties, including, without limitation, any implied warranties of merchantability, accuracy and fitness for a particular purpose, and non-infringement. The user acknowledges and agrees that neither the Los Angeles Superior Court nor the County of Los Angeles is liable in any way whatsoever for the accuracy or validity of the information provided.

Specific copyright and other proprietary rights may apply to information in a case file obtained from this site, absent an express grant of additional rights by the holder of the copyright or other proprietary right, use of such information is permissible only to the extent permitted by law or court order, and any use inconsistent with proprietary rights is prohibited.

For questions or assistance, contact onlineServices@lasuperiorcourt.org.

**Case Number:** BC471689
**Case Title:** PAUL N KANONAS VS AMCORD INC ET AL
**Case Type:** Asbestos--PI/WD (General Jurisdiction)
**Filing Date:** 10/17/2011

**The following documents are available electronically.**

Click on the corresponding checkbox to select a document to download. You may select up to 10 documents for each download.

Click on the "Submit" button to continue.

| Select | Date Filed | Document | Number of Pages | Cost |
|--------|-----------|----------|-----------------|------|
| ☐ | 11/15/2011 | DEMAND FOR JURY TRIAL AND ESTIMATE OF LENGTH OF TRIAL | 2 | $7.50 |
| ☐ | 11/15/2011 | ANSWER TO COMPLAINT FOR PERSONAL INJURIES AND LOSS OF CONSORTIUM | 18 | $8.06 |
| ☐ | 11/15/2011 | Minute Order | 2 | $7.50 |
| ☐ | 11/4/2011 | COMPLEX ASBESTOS LITGAT1ON - SUBJECT TO THE GENERAL ORDERS CONTAINED IN THE FILE NO. C 700 000 DEMAND FOR TRIAL BY JURY AND ESTIMATE OF LEN( QR!L - | 2 | $7.50 |
| ☐ | 11/4/2011 | ANSWER OF DEFENDANT TO PLAINTIFF?S UNVERIFIED COMPLAINT FOR PERSONAL INJURY | 11 | $7.57 |
| ☐ | 10/25/2011 | AMENDMENT TO COMPLAINT | 1 | $7.50 |
| ☐ | 10/17/2011 | COMPLAINT FOR PERSONAL INJURIES AND LOSS OF CONSORTIUM 1. NEGLIGENCE; ETC | 35 | $9.25 |
| ☐ | 10/17/2011 | SUMMONS | 2 | $7.50 |

Submit    Clear

Only case documents that have been imaged are available for download from this web site.

# EXHIBIT C

1   SCHIFF HARDIN LLP
    KATHLEEN A. STIMELING (CSB #209226)
2   One Market, Spear Street Tower
    Thirty-Second Floor
3   San Francisco, CA 94105
    Telephone:   (415) 901-8700
4   Facsimile:   (415) 901-8701

5   Attorneys for Defendant
    OWENS-ILLINOIS, INC.

6

7

**FILED**
Los Angeles Superior Court

NOV 04 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        DOROTHY SWAIN

8               SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF LOS ANGELES

10

11   PAUL N. KANONAS,                    Case No. BC 471689

12                    Plaintiff,         COMPLEX ASBESTOS LITIGATION –
                                         SUBJECT TO THE GENERAL ORDERS
13          v.                           CONTAINED IN THE FILE NO. C 700 000

14   AMCORD, INC., et al.,               **ANSWER OF DEFENDANT TO
                                         PLAINTIFF'S UNVERIFIED COMPLAINT**
15                    Defendants.        **FOR PERSONAL INJURY**   D-68

16                                              **BY FAX**

17

18          Defendant OWENS-ILLINOIS, INC. answers Plaintiff's unverified Complaint on its

19   own behalf and on behalf of no other Defendant as follows:

20          Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

21   denies generally each and every allegation of the Complaint.

22                           **FIRST AFFIRMATIVE DEFENSE**

23          Neither the Complaint nor any purported cause of action alleged by the Plaintiff

24   therein states facts sufficient to constitute a cause of action against Defendant.

25                          **SECOND AFFIRMATIVE DEFENSE**

26          To the extent the Complaint asserts Defendant's alleged "market share" liability

27   or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of

28   action against Defendant.

SF\320069223.1

ANSWER OF DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY

1 **THIRD AFFIRMATIVE DEFENSE**

2      Neither the Complaint nor any purported cause of action alleged therein states

3 facts sufficient to entitle Plaintiff to an award of punitive damages against Defendant.

4 **FOURTH AFFIRMATIVE DEFENSE**

5      The imposition of any punitive damages in this matter would deprive Defendant of

6 its property without due process of law under the California Constitution and United

7 States Constitution.

8 **FIFTH AFFIRMATIVE DEFENSE**

9      The imposition of any punitive damages in this matter would violate the United

10 States Constitution's prohibition against laws impairing the obligation of contracts.

11 **SIXTH AFFIRMATIVE DEFENSE**

12      The imposition of any punitive damages in this matter would constitute a criminal

13 fine or penalty and should, therefore, be remitted on the ground that the award violates

14 the United States Constitution.

15 **SEVENTH AFFIRMATIVE DEFENSE**

16      Plaintiff's action, and each alleged cause of action, is barred by the applicable

17 statute of limitations, including but not limited to California Code of Civil Procedure,

18 Sections 335.1, 338, 339, 340, 340.2, 340.8, 343, 366.1, and 474 and California

19 Commercial Code, Section 2725 and including any applicable statute of limitation and/or

20 statute of repose of the state of Plaintiff's residence if not California.

21 **EIGHTH AFFIRMATIVE DEFENSE**

22      Plaintiff unreasonably delayed in bringing this action, without good cause therefor,

23 and thereby have prejudiced Defendant as a direct and proximate result of such delay;

24 accordingly, this action is barred by laches.

25 **NINTH AFFIRMATIVE DEFENSE**

26      Plaintiff was negligent in and about the matters alleged in the Complaint and in

27 each alleged cause of action; this negligence proximately caused, in whole or in part, the

28 damages alleged in the Complaint.  In the event Plaintiff is entitled to any damages, the

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\320069223.1       - 2 -

ANSWER OF DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY

1  amount of these damages should be reduced by the comparative fault of Plaintiff and
2  any person whose negligent acts or omissions are imputed to Plaintiff.

3  **TENTH AFFIRMATIVE DEFENSE**

4  Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of
5  the risks and hazards, if any, referred to in the Complaint and each alleged cause of
6  action, and this undertaking proximately caused and contributed to any loss, injury or
7  damages incurred by Plaintiff.

8  **ELEVENTH AFFIRMATIVE DEFENSE**

9  Any loss, injury or damage incurred by Plaintiff was proximately caused by the
10  negligent or willful acts or omissions of parties whom Defendant neither controlled nor
11  had the right to control, and was not proximately caused by any acts, omissions or other
12  conduct of Defendant.

13  **TWELFTH AFFIRMATIVE DEFENSE**

14  The products referred to in the Complaint were misused, abused or altered by
15  Plaintiff or by others; the misuse, abuse or alteration was not reasonably foreseeable to
16  Defendant, and proximately caused any loss, injury or damages incurred by Plaintiff.

17  **THIRTEENTH AFFIRMATIVE DEFENSE**

18  Defendant alleges that its products were manufactured, produced, supplied, sold
19  and distributed in mandatory conformity with specifications promulgated by the United
20  States Government and/or foreign government under its war powers, as set forth in its
21  Constitution, and/or laws of that country, and that any recovery by Plaintiff on the
22  Complaint on file herein is barred in consequence of the exercise of those sovereign
23  powers.

24  **FOURTEENTH AFFIRMATIVE DEFENSE**

25  Plaintiff failed to exercise due diligence to mitigate their loss, injury or damages;
26  accordingly, the amount of damages to which Plaintiff is entitled, if any, should be
27  reduced by the amount of damages which would have otherwise been mitigated.
28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\320069223.1                                - 3 -

ANSWER OF DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY

### FIFTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause of action against Defendant is barred by the provisions of California Labor Code, Section 3601, et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiff was employed and they were entitled to receive Workers' Compensation benefits from their employer; that Plaintiff's employer, other than Defendant, was negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employer proximately and concurrently contributed to the happening of the accident and to the loss or damage complained of by Plaintiff, if any there were, and that by reason thereof Defendant is entitled to set off any such benefits to be received by Plaintiff against any judgment which may be rendered in favor of Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Discovery may show that at the time of the injuries alleged in the Complaint, Plaintiff was employed by and entitled to Workers' Compensation benefits from Defendant; such benefits constitute Plaintiff's exclusive remedy pursuant to Labor Code section 3600 et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiff's employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiff, if any there were; and that Defendant is not liable for said employers' proportionate share of non-economic damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent in and about the matters referred to in said

1   Complaint, and that such negligence on the part of said parties proximately and

2   concurrently contributed to any loss or damage, including non-economic damages,

3   complained of by Plaintiff, if any there were; and that Defendant herein shall not be liable

4   for said parties' proportionate share of non-economic damages.

5   <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

6   Defendant alleges that at all times relevant to matters alleged in the Complaint,

7   Plaintiff's employer was a sophisticated user of asbestos-containing products and the

8   employer's negligence in providing the product to its employees in a negligent, careless

9   and reckless manner is a superseding cause of Plaintiff's injuries.

10   <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

11   If Plaintiff has received, or in the future may receive, Workers' Compensation

12   benefits from Defendant under the Labor Code of the State of California as a

13   consequence of the alleged industrial injury referred to in the Complaint, and in the event

14   that Defendant is held liable to Plaintiff, any award against Defendant must be reduced

15   in the amount of all such benefits received by Plaintiff.

16   <u>**TWENTY-SECOND AFFIRMATIVE DEFENSE**</u>

17   If Plaintiff has received, or in the future may receive, Workers' Compensation

18   benefits from Defendant under the Labor Code of the State of California as a

19   consequence of the alleged industrial injury referred to in the Complaint, and in the event

20   Plaintiff is awarded damages against Defendant, Defendant claims a credit against this

21   award to the extent that Defendant is barred from enforcing its rights to reimbursement

22   for Workers' Compensation benefits that Plaintiff have received or may in the future

23   receive.

24   <u>**TWENTY-THIRD AFFIRMATIVE DEFENSE**</u>

25   If Plaintiff has received, or in the future may receive Workers' Compensation

26   benefits from Defendant under the Labor Code of the State of California as a

27   consequence of the alleged industrial injury referred to in the Complaint, Defendant

28   demands repayment of any such Workers' Compensation benefits in the event that

1    Plaintiff recover tort damages as a result of the industrial injury allegedly involved here.

2                    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

3         Although Defendant denies the validity of Plaintiff's claims, in the event those

4    claims are held valid and not barred by the statute of limitations or otherwise, Defendant

5    asserts that cross-demands for money have existed between Plaintiff and Defendant

6    and the demands are compensated, so far as they equal each other, pursuant to

7    California Code of Civil Procedure Section 431.70.

8                    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

9         At all times and places in the Complaint, Plaintiff was not in privity of contract with

10   Defendant and said lack of privity bars Plaintiff's recovery herein upon any theory of

11   warranty.

12                   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

13        Plaintiff is barred from recovery in that all products produced by Defendant were

14   in conformity with the existing state-of-the-art, and as a result, these products were not

15   defective in any manner.

16                   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

17        Defendant did not and does not have a substantial percentage of the market for

18   the asbestos-containing products which allegedly caused Plaintiff's injuries.  Therefore,

19   Defendant may not be held liable to Plaintiff based on Defendant's alleged percentage

20   share of the applicable market.

21                   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

22        Defendant denies any and all liability to the extent that Plaintiff asserts

23   Defendant's alleged liability as a successor, successor in business, successor in product

24   line or a portion thereof, assign, predecessor, predecessor in business, predecessor in

25   product line or a portion thereof, parent, alter ego, equitable trustee, subsidiary, wholly or

26   partially owned by, or the whole or partial owner of or member in an entity researching,

27   studying, manufacturing, fabricating, designing, labeling, assembling, distributing,

28   leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for

11/28/11

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\320069223.1                      - 6 -

ANSWER OF DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY

1    installation, repairing, marketing, warranting, rebranding, manufacturing for others,

2    packaging and advertising a certain substance, the generic name of which is asbestos or

3    a product which contains asbestos.

4                   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

5           Defendant had no knowledge that any of the alleged activities of which Plaintiff

6    complains, and which allegedly were conducted on premises where this Defendant

7    performed work, were unsafe or dangerous, and Defendant therefore did not have a duty

8    to warn Plaintiff regarding any such alleged dangers.

9                      **THIRTIETH AFFIRMATIVE DEFENSE**

10          Defendant alleges that it was under no legal duty to warn Plaintiff of the hazards

11   associated with the use of products containing asbestos.  Defendant further alleges that

12   the purchasers of said products, Plaintiff's employer/s, his union/s or certain third parties

13   yet to be identified, were knowledgeable and sophisticated users and were in a better

14   position to warn Plaintiff of the risks associated with using products containing asbestos

15   and, assuming a warning was required, it was the failure of such persons or entities to

16   give such a warning that was the proximate and superseding cause of Plaintiff's

17   damages, if any.

18                    **THIRTY-FIRST AFFIRMATIVE DEFENSE**

19          Defendant alleges that no conduct by or attributable to it was the cause in fact or

20   the proximate cause of the damages, if any, suffered by Plaintiff, nor a substantial factor

21   in bringing about said damages.

22                  **THIRTY-SECOND AFFIRMATIVE DEFENSE**

23          Defendant alleges that its liability, if any, in this matter is extremely minor relative

24   to the liability of various third parties and, therefore, the damages, if any, assessed

25   against it should be proportionate to the degree, nature and extent of its fault.

26                    **THIRTY-THIRD AFFIRMATIVE DEFENSE**

27          Plaintiff herein has failed to join indispensable parties and the complaint is thereby

28   defective, and Plaintiff is thereby precluded from any recovery whatsoever as prayed for

1  herein.

2  ## THIRTY-FOURTH AFFIRMATIVE DEFENSE

3  Defendant alleges that if Plaintiff's claims were already litigated and resolved in

4  any prior action, or if Plaintiff has filed a separate action seeking damages for the same

5  asbestos-related disease(s), Plaintiff's claims herein are barred based on the primary

6  right and res judicata doctrines which prohibit splitting a single cause of action into

7  successive suits, and/or seeking new recovery for injuries for which the Plaintiff was

8  previously compensated by alleged joint tortfeasors.

9  ## THIRTY-FIFTH AFFIRMATIVE DEFENSE

10  Pursuant to California Code of Civil Procedure sections 378 and 430.10(d), if it is

11  determined that multiple Plaintiffs have been listed on this complaint, then this

12  Defendant contends the Plaintiffs are misjoined. Because joinder is defective and

13  improper, and Defendants will be prejudiced by having to proceed against different

14  Plaintiffs with dissimilar cases, a single trial is unfair and a hardship, and separate trials

15  on each individual cause of action should be ordered.

16  ## THIRTY-SIXTH AFFIRMATIVE DEFENSE

17  The matters alleged in this complaint are encompassed within and barred by a

18  settlement and release agreement reached by the parties which operates as a merger

19  and bar against any further litigation on matters raised or potentially raised in connection

20  with the settlement and release.

21  ## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

22  To the extent that Plaintiff has previously filed a dismissal in court dismissing all of

23  its asserted claims, causes of action, and other theories of liability against this Defendant

24  with prejudice, the matters alleged in this complaint are barred by retraxit.

25  ## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

26  To the extent that Plaintiff has reached an accord with Defendant regarding this

27  litigation and this accord was then properly satisfied, the claims, causes of action,

28  theories of liability and matters alleged in this complaint are barred by the doctrine of

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\320069223.1                     - 8 -

1 | accord and satisfaction.

2 | **THIRTY-NINTH AFFIRMATIVE DEFENSE**

3 |     Plaintiff is barred from recovery in this case under the Sophisticated User doctrine

4 | as to any cause of action based in whole or in part upon a failure to warn, in that the

5 | allegedly injured plaintiff was a member of a trade, union, profession and/or a smaller

6 | group within such trade, union or profession which generally knew of the dangers of

7 | exposure to asbestos at the time of the facts alleged against Defendant. *Johnson v.*

8 | *American Standard*, 43 Cal. 4th 56 (2008).

9 | **FORTIETH AFFIRMATIVE DEFENSE**

10 |     Plaintiff's action should be dismissed under California Code of Civil Procedure,

11 | Section 410.30, because in the interest of substantial justice this action should be heard

12 | in a forum outside this state.

13 |     WHEREFORE, Defendant prays:

14 |     (1)    That Plaintiff take nothing by his Complaint;

15 |     (2)    That Judgment be entered in favor of Defendant;

16 |     (3)    For recovery of Defendant's costs of suit;

17 |     (4)    For appropriate credits and set-offs arising out of any payment of Workers'

18 | Compensation benefits as alleged above, and

19 |     (5)    For such other and further relief as the Court deems just and proper.

20 | Dated:November _02_, 2011        SCHIFF HARDIN LLP

21 |

22 |           By:

23 |             KATHLEEN A. STIMELING

24 |             Attorneys for Defendant
            OWENS-ILLINOIS, INC.

25 |

26 |

27 |

28 |

**PROOF OF SERVICE**

I, the undersigned, declare:

I am a resident of the State of California, employed in San Francisco County, California. I am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty Second Floor, San Francisco, California 94105.

On the date below, I caused to be served the following document(s):

**ANSWER OF DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY**

on the parties involved addressed as follows:

DEBLASE BROWN EYERLY LLP
10990 Wilshire Boulevard, Suite 1060
Los Angeles, CA 90024

☒  By placing the document(s) in a sealed envelope, with postage fully prepaid, with Schiff Hardin LLP at One Market, Spear Street Tower, Thirty Second Floor, San Francisco, California 94105 for deposit with the United States Postal Service; following ordinary business practices, the envelope was sealed and placed for collection and mailing on the date below, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date (pursuant to C.C.P. §§1013-1013a). I am readily familiar with Schiff Hardin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 4 , 2011, at San Francisco, California.

_____
LISA M. FARIA

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\320069223.1

PROOF OF SERVICE

1 SCHIFF HARDIN LLP
KATHLEEN A. STIMELING (CSB #209226)
2 One Market, Spear Street Tower
Thirty-Second Floor
3 San Francisco, CA 94105
Telephone: (415) 901-8700
4 Facsimile: (415) 901-8701

**FILED**
Los Angeles Superior Court

5 Attorneys for Defendant
OWENS-ILLINOIS, INC.

NOV 04 2011

6

7 John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

8 SUPERIOR COURT OF CALIFORNIA

9 COUNTY OF LOS ANGELES

10

11 PAUL N. KANONAS,          Case No. BC 471689

12          Plaintiff,          COMPLEX ASBESTOS LITIGATION –
                                 SUBJECT TO THE GENERAL ORDERS
13 v.                           CONTAINED IN THE FILE NO. C 700 000

14 AMCORD, INC., et al.,        **DEMAND FOR TRIAL BY JURY AND
                                 ESTIMATE OF LENGTH OF TRIAL** D-68
15          Defendants.

BY FAX

16

17 TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES HEREIN:

18     PLEASE TAKE NOTICE that Defendant OWENS-ILLINOIS, INC. hereby

19 demands a trial by jury in the above-entitled action and estimates that the length of trial

20 will be six to eight weeks in duration.

21 Dated: November 03, 2011          SCHIFF HARDIN LLP

22

23                                   By: _____

24                                   KATHLEEN A. STIMELING
                                     Attorneys for Defendant
25                                   OWENS-ILLINOIS, INC.

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF320069223.1

1                        **PROOF OF SERVICE**

2      I, the undersigned, declare:

3

4      I am a resident of the State of California, employed in San Francisco County, California.  I am over the age of eighteen (18) years, and not a party to the within action.

5 I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty Second Floor, San Francisco, California 94105.

6      On the date below, I caused to be served the following document(s):

7

8      **DEMAND FOR TRIAL BY JURY AND ESTIMATE OF LENGTH OF TRIAL**

9 on the parties involved addressed as follows:

10                 DEBLASE BROWN EYERLY LLP
                10990 Wilshire Boulevard, Suite 1060
                Los Angeles, CA 90024

11

12    ☒       By placing the document(s) in a sealed envelope, with postage fully prepaid, with Schiff Hardin LLP at One Market, Spear Street Tower, Thirty

13            Second Floor, San Francisco, California 94105 for deposit with the United States Postal Service; following ordinary business practices, the envelope

14            was sealed and placed for collection and mailing on the date below, and would, in the ordinary course of business, be deposited with the United

15            States Postal Service on this date (pursuant to C.C.P. §§1013-1013a).  I am readily familiar with Schiff Hardin LLP's practice for collection and

16            processing of correspondence for mailing with the United States Postal

17            Service.

18      I declare under penalty of perjury under the laws of the State of California that the

19 above is true and correct.

20      Executed on November ___, 2011, at San Francisco, California.

21

22                          _____
                             LISA M. FARIA

23

24

25

26

27

28

1  MICHAEL T. MCCALL, State Bar No. 109580
   mmccall@wfbm.com
2  FLORENCE A. MCCLAIN, State Bar No. 203300
   fmcclain@wfbm.com
3  ELIZABETH L. HUYNH, State Bar No. 250254
   elhuynh@wfbm.com
4  GINA GI, State Bar No. 266708
   ggi@wfbm.com
5  WALSWORTH FRANKLIN BEVINS & McCALL, LLP
   1 City Boulevard West, Fifth Floor
6  Orange, California 92868-3677
   Telephone:   (714) 634-2522
7  Facsimile:    (714) 634-0686

8  Attorneys for Defendants
   J-M MANUFACTURING COMPANY, INC., erroneously
9  named and served herein as "JM MANUFACTURING
   COMPANY, INC. (Dba JM Pipe Manufacturing Company)"

10

11         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12             **FOR THE COUNTY OF LOS ANGELES**

13

14  PAUL N. KANONAS,                    | Case No. BC471689

15              Plaintiff,               | Assigned for All Purposes To:
                                         | Judge:  Hon. Mark Mooney
16       vs.                            | Dept:  68

17  AMCORD, INC., INDIVIDUALLY and as   | **ANSWER OF DEFENDANT**
    successor in interest to Riverside Cement | **J-M MANUFACTURING COMPANY,**
18  Company; et al.,                    | **INC. TO PLAINTIFF'S COMPLAINT**
                                         | **FOR PERSONAL INJURIES AND LOSS**
19              Defendants.              | **OF CONSORTIUM**

20                                       | Complaint Filed:   October 17, 2011
                                         | Trial Date:   None Set
21

22         Defendant J-M MANUFACTURING COMPANY, INC., erroneously named and served

23  herein as "JM MANUFACTURING COMPANY, INC. (Dba JM Pipe Manufacturing Company)"

24  (hereafter "Defendant"), in answering the Plaintiff's unverified complaint for itself alone and

25  severing itself from all others, admits, denies and alleges as follows:

26         1.      Pursuant to California <u>Code of Civil Procedure</u>, Section 431.30, Defendant denies,

27  both generally and specifically, each, every and all allegations of each and every purported cause of

28  action or count of Plaintiff's complaint, denying specifically that Plaintiff has been, is, or will be

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-1-
1630850.1

1 injured or damaged in the manner or sum alleged, or in any other manner or sums at all, and further

2 denying that Defendant was negligent in any manner, that the alleged product was defective in any

3 way, or that the alleged defect was the proximate cause of the Plaintiff's claimed damages or

4 injuries.

5       DEFENDANT HEREIN ALLEGES AND SETS FORTH SEPARATELY AND

6 DISTINCTLY THE FOLLOWING AFFIRMATIVE DEFENSES TO EACH AND EVERY

7 CAUSE OF ACTION ALLEGED IN PLAINTIFF'S COMPLAINT AS THOUGH PLEADED

8 SEPARATELY TO EACH AND EVERY SUCH CAUSE OF ACTION:

9 **FIRST AFFIRMATIVE DEFENSE**

10     2.    The complaint and each and every purported cause of action or count thereof fails to

11 state facts sufficient to constitute a cause or causes of action against Defendant.

12 **SECOND AFFIRMATIVE DEFENSE**

13     3.    Defendant is informed and believes and thereon alleges that the acts, injuries and

14 damages alleged in the complaint occurred and were proximately caused by either the sole

15 negligence or fault of Plaintiff, which sole negligence or fault bars Plaintiff's recovery, or were

16 contributed to by Plaintiff's negligence or fault. Plaintiff's recovery, if any, should be reduced by

17 an amount proportionate to the amount by which Plaintiff's negligence or fault contributed to the

18 happening of the alleged incident and/or alleged injury.

19 **THIRD AFFIRMATIVE DEFENSE**

20     4.    Defendant is informed and believes and thereon alleges that the negligence,

21 carelessness and other acts or omissions of other Defendants in this lawsuit, as well as other

22 persons and entities not parties to this lawsuit, proximately caused or contributed to Plaintiff's

23 injuries and damages, if any. The negligence, carelessness and other acts or omissions of the other

24 Defendants in this lawsuit and other persons and entities not parties to this lawsuit account for one

25 hundred percent (100%) of the causal or contributing factors relating to Plaintiff's injuries and

26 damages, if any, and/or constitute the supervening and/or intervening causes of Plaintiff's injuries

27 and damages, if any.

28 / / /

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

1630850.1

-2-

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## FOURTH AFFIRMATIVE DEFENSE

2   5.      Defendant is informed and believes and thereon alleges that the accident, injury and

3   damages alleged in Plaintiff's complaint occurred and were proximately caused by either the sole

4   negligence of Plaintiff's employers or co employees, which sole negligence bars Plaintiff's

5   recovery, or were contributed to by the negligence of Plaintiff's employers or co employees.

6   Plaintiff's recovery, if any, must be reduced by an amount proportionate to the amount by which the

7   negligence of Plaintiff's employers and/or the negligence of Plaintiff's co employees contributed to

8   the happening of the alleged accident and the alleged injuries.

9

## FIFTH AFFIRMATIVE DEFENSE

10  6.      Defendant is informed and believes and thereon alleges that while at all times

11  denying any liability whatsoever to Plaintiff, any alleged liability or responsibility of Defendant is

12  small in proportion to the alleged liability and responsibility of other persons or entities, including

13  other persons and entities who are parties herein, and Plaintiff should be limited to seeking

14  recovery from Defendant for the proportion in which Defendant is allegedly liable or responsible,

15  all such alleged liability and responsibility being expressly denied.

16

## SIXTH AFFIRMATIVE DEFENSE

17  7.      Defendant is informed and believes and thereon alleges that at the time the alleged

18  operations, acts and conduct occurred, Plaintiff was acting within the course and scope of

19  employment and was entitled to receive, did receive and will continue to receive workers'

20  compensation benefits.  Plaintiff's employers failed to provide the Plaintiff with a safe place in

21  which to work and Plaintiff's employers' negligence, carelessness and other acts and omissions

22  proximately caused the injuries and damages claimed. Therefore, said employers and their workers'

23  compensation carriers are barred from any recovery by lien or otherwise herein and Defendant is

24  entitled to set off any such benefits Plaintiff has received against any judgment rendered in favor of

25  Plaintiff.

26

## SEVENTH AFFIRMATIVE DEFENSE

27  8.      Defendant is informed and believes and thereon alleges that Plaintiff knew of the

28  risks and dangers inherent to Plaintiff's conduct and with full knowledge of those risks and dangers

Walzworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1
3306-63 182

1   and with an appreciation for the magnitude of the risks and dangers, did voluntarily assume the

2   risks and injuries and damages, if any, sustained thereby.  Plaintiff's assumption of risk bars or

3   proportionately reduces any recovery by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

4

5      9.      Defendant is informed and believes and thereon alleges that Plaintiff has failed to

6   make reasonable efforts to mitigate Plaintiff's injuries and/or damages, if any.

### NINTH AFFIRMATIVE DEFENSE

7

8      10.     The complaint and each and every cause of action is barred by the applicable Statute

9   of Limitations, including, but not limited to, Code of Civil Procedure, Sections 335.1, 338, 339,

10   340.2 and 343.

### TENTH AFFIRMATIVE DEFENSE

11

12      11.     Plaintiff's action is barred by the provisions of Labor Code, Section 3600, et seq.

### ELEVENTH AFFIRMATIVE DEFENSE

13

14      12.     Defendant is informed and believes and thereon alleges that Plaintiff has waived and

15   is estopped from asserting any claim against Defendant by reason of Plaintiff's approval and

16   consent to the risk of the matters causing the damages, if any, and Plaintiff's acknowledgement of,

17   acquiescence in and consent to the alleged acts or omissions, if any, of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

18

19      13.     Defendant alleges that this action is barred by laches as Plaintiff unreasonably

20   delayed in the bringing of this action and thereby prejudiced the rights of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

21

22      14.     Defendant alleges that Defendant manufactured and produced its product(s) in full

23   compliance with governmental regulations and/or specifications.

### FOURTEENTH AFFIRMATIVE DEFENSE

24

25      15.     Defendant alleges that Plaintiff is barred from asserting any claim based on breach

26   of warranty against Defendant by reason of failure to fulfill the conditions of warranties alleged in

27   Plaintiff's complaint in the event such alleged warranties are proved at trial.

28   ///

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

-4-
J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1
3306-63.182

1

### FIFTEENTH AFFIRMATIVE DEFENSE

2      16.     Defendant alleges that Plaintiff has waived whatever rights Plaintiff might otherwise

3 have had for breach of warranty in that Plaintiff failed to notify Defendant of any alleged breach of

4 warranty, express or implied, and/or of any alleged defects in any products manufactured or

5 marketed by Defendant within a reasonable time after Plaintiff discovered, and/or should have

6 discovered, any defect or nonconformity, if any existed, thereby prejudicing Defendant from being

7 able to fully investigate and defend the allegations contained in Plaintiff's complaint.

8

### SIXTEENTH AFFIRMATIVE DEFENSE

9      17.     Defendant alleges that Plaintiff is now estopped from claiming that any product(s)

10 manufactured or marketed by Defendant were in any way defective or failed to conform to any

11 alleged warranties in that Plaintiff failed to notify Defendant of any defect or nonconformity in any

12 product(s) within a reasonable time after Plaintiff discovered, or should have discovered, any defect

13 or nonconformity, if any existed.

14

### SEVENTEENTH AFFIRMATIVE DEFENSE

15      18.     Defendant alleges that Plaintiff was not in privity of contract with Defendant and

16 that such lack of privity bars Plaintiff's recovery herein upon any theory of warranty.

17

### EIGHTEENTH AFFIRMATIVE DEFENSE

18      19.     Defendant is informed and believes and thereon alleges that Plaintiff and/or other

19 persons, without Defendant's knowledge and/or approval, redesigned, modified, altered and/or used

20 Defendant's products contrary to the instructions and warnings and the customs and practices of the

21 industry so as to substantially change the character of Defendant's product. Defendant further

22 alleges that if the product(s) of Defendant were defective in any way, which defectiveness is

23 specifically denied, such defectiveness resulted solely from the redesign, modification, alteration,

24 use or other changes therein and not from any act or omission of Defendant. Therefore, the defect,

25 if any, so created by Plaintiff and/or persons or parties, as the case may be, was the sole and

26 proximate cause of the injuries and/or damages, if any, alleged by Plaintiff.

27

### NINETEENTH AFFIRMATIVE DEFENSE

28      20.     Defendant is informed and believes and thereon alleges that the accident, injury and

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

1630850.1

1   damages alleged in Plaintiff's complaint were solely and proximately caused by Plaintiff's misuse

2   of the product(s).  Defendant could not have reasonably foreseen this misuse and Plaintiff's misuse

3   thereof bars recovery against Defendant.

4                     **TWENTIETH AFFIRMATIVE DEFENSE**

5          21.     Defendant is informed and believes and thereon alleges that any injuries or damages

6   suffered by Plaintiff, the existence thereof being expressly denied by Defendant, are the direct and

7   proximate result of Plaintiff's particular, idiosyncratic, peculiar or unforeseeable susceptibility to

8   the alleged product(s) manufactured by Defendant, which reaction was not the result of any

9   conduct or omission of Defendant nor the result of any defect in any product(s) manufactured by

10  Defendant.

11                  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

12         22.     Defendant is informed and believes and thereon alleges that in light of all relevant

13  factors, on balance with the benefits of the design of any product(s) alleged to have caused any

14  injuries to Plaintiff, if any, the benefits outweigh the risks and danger, if any, inherent in the design

15  of any such product(s).

16                 **TWENTY-SECOND AFFIRMATIVE DEFENSE**

17         23.     Defendant is informed and believes and thereon alleges that if Plaintiff was injured

18  by any product(s) manufactured or distributed by Defendant, Defendant, irrespective, did not

19  breach any duty to Plaintiff and is not liable for those injuries or for Plaintiff's claimed damages as

20  the product(s) when manufactured and distributed conformed to the then current state-of-the-art

21  specifications and because the then current state-of-the-art medical, scientific and industrial

22  knowledge, art and practice were such that Defendant did not and could not know that the

23  product(s) might pose a risk of harm in normal and foreseeable use.

24                  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

25         24.     Defendant is informed and believes and thereon alleges that if Plaintiff was injured

26  by any product(s) manufactured by Defendant, such product(s) were intended and sold in bulk to a

27  knowledgeable and sophisticated distributor or user over whom Defendant had no control and who

28  was fully informed as to the risks and dangers, if any, associated with the products and the

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

1630850.1
3306-63.182

-6-

1  precautions, if any, required to avoid the risks and dangers, if any.

2  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

3  25.    Defendant is informed and believes and thereon alleges that Plaintiff is a member of

4  a sophisticated group of users of Defendant's services, products, materials and/or equipment.

5  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

6  26.    Defendant is informed and believes and thereon alleges that Plaintiff possessed the

7  level of knowledge and skill based upon Plaintiff's training, education and/or experience such that

8  Plaintiff should be categorized as a sophisticated user of Defendant's services, products, materials

9  and/or equipment.

10  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

11  27.    Defendant is informed and believes and thereon alleges that Plaintiff was trained to

12  perform the tasks Plaintiffs claim caused Plaintiff to contact with Defendant's services, products,

13  materials and/or equipment.

14  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15  28.    Defendant is informed and believes and thereon alleges that Plaintiff would

16  reasonably be expected to know of the hazards of working with and/or around Defendant's services,

17  products, materials and/or equipment.

18  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

19  29.    Defendant is informed and believes and thereon alleges that Plaintiff was employed

20  by and trained by a company who is a member of a sophisticated group of users of Defendant's

21  services, products, materials and/or equipment.

22  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

23  30.    Defendant is informed and believes and thereon alleges that if Plaintiff was injured

24  by any product(s) manufactured by Defendant, the product(s) were accompanied by good and

25  sufficient labeling when they left the custody, possession and control of Defendant which gave

26  conspectus, reasonable and adequate warnings and directions to the users of the product(s)

27  concerning the purpose for which, and manner in which, the product(s) were to be used and

28  concerning the risks and dangers, if any, attendant to said use. Defendant alleges that as a result of

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-7-

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1
2306 62 183

1 | the warnings and directions, Defendant fulfilled whatever duty, if any, that is owed to Plaintiff. If

2 | Plaintiff was injured by any such product, the injuries were proximately caused by the use of the

3 | product(s) in disregard of the warnings and directions which was not reasonably foreseeable to

4 | Defendant.

5 | ### THIRTIETH AFFIRMATIVE DEFENSE

6 | 31.     Defendant denies any and all liability to the extent that Plaintiff may assert

7 | Defendant's alleged liability as a successor, successor in business, successor in product line or a

8 | portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a

9 | portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial

10 | owner or member in an entity in which there has been research, study, manufacturing, fabricating,

11 | designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting,

12 | servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding,

13 | manufacturing for others, packaging and advertising of any and all of the products, as alleged in

14 | Plaintiff's complaint.

15 | ### THIRTY-FIRST AFFIRMATIVE DEFENSE

16 | 32.     Defendant alleges that Plaintiff herein lacks legal capacity and standing to sue; is

17 | not a real party in interest or person with superior right to make the claims contained in this

18 | complaint and is thereby precluded from any recovery whatsoever. Additionally, to the extent

19 | Plaintiff lacks standing or proper appointment to bring the claims they Plaintiff is asserting, any

20 | action taken in this matter with regard to Plaintiff's claim(s) is voidable. Defendant further

21 | contends that any declaration filed by any person asserting a survival claim contains expert

22 | opinions and conclusions that are not supported and that the declarant is not qualified to make.

23 | ### THIRTY-SECOND AFFIRMATIVE DEFENSE

24 | 33.     Defendant alleges that Plaintiff did not reasonably rely upon any act, omission or

25 | representation of Defendant.

26 | ### THIRTY-THIRD AFFIRMATIVE DEFENSE

27 | 34.     Defendant alleges that Plaintiff's complaint and each and every cause of action

28 | therein fail to state facts sufficient to constitute a cause or causes of action for punitive damages

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

1630850.1
3306-63.182

-8-
J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1 against Defendant.

2 ## THIRTY-FOURTH AFFIRMATIVE DEFENSE

3    35.    Defendant alleges that insofar as the instant complaint is an attempt to recover

4 punitive or exemplary damages from Defendant, it violates the following United States

5 Constitutional and California State Constitutional principles:

6    a.    Excessive fines clause of the United States Constitution, Eighth Amendment
and Fourteenth Amendment;

7

8    b.    The contract clause, Article I, Section 10, clause 1, and the Fourteenth
Amendment of the United States Constitution;

9    c.    The due process clause of the United States Constitution, Fourteenth
Amendment;

10

11    d.    The equal protection clause of the United States Constitution;

12    e.    The California Constitution due process and equal protection clauses, Article
1, Section 7(a);

13    f.    The California Constitution excessive fines clause, Article 1, Section 17.

14    WHEREFORE, Defendant J-M MANUFACTURING COMPANY, INC., erroneously

15 named and served herein as "JM MANUFACTURING COMPANY, INC. (Dba JM Pipe

16 Manufacturing Company)" prays for judgment as follows:

17    1.    That Plaintiff take nothing from Defendant by virtue of the complaint herein;

18    2.    That Defendant be awarded costs of suit and reasonable attorneys' fees herein; and

19    3.    That Defendant be granted such other and further relief as the Court may deem just

20    and proper.

21 Dated: November 15, 2011        WALSWORTH FRANKLIN BEVINS & McCALL, LLP

22

23        By:

24            MICHAEL T. McCALL
            FLORENCE A. McCLAIN

25            ELIZABETH L. HUYNH
            GINA GI

26            Attorneys for Defendants
            J-M MANUFACTURING COMPANY, INC.,

27            erroneously named and served herein as "JM
            MANUFACTURING COMPANY, INC. (Dba JM

28            Pipe Manufacturing Company)"

Walsworth,
Franklin,
Bevins &
McCall, LLP
TORNEYS AT LAW

-9-

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1
3306-63.182

1

## PROOF OF SERVICE

2

3      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1 City Boulevard West, Fifth Floor,
4 Orange, California 92868-3677.

5      On November 15, 2011, I served the within document(s) described as:

6     ANSWER OF DEFENDANT J-M MANUFACTURING COMPANY, INC. TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES AND LOSS OF CONSORTIUM
7

8      on the interested parties in this action as stated on the attached mailing list.

9   |X|   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this
10 Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on
11 that same day, with postage thereon fully prepaid at Orange, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed
12 invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
13

14      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

15      Executed on November 15, 2011, at Orange, California.

16

17     Imelda Blevens             _Imelda Blevens_
     (Type or print name)            (Signature)

18

19

20

21

22

23

24

25

26

27

28

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-12-

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1
3306-63.182

1

*Paul N. Kanonas v. Amcord, Inc., et al.*
Los Angeles Superior Court Case No. BC471689
Our Client: J-M Manufacturing Company, Inc.
Our File No.: 3306-63.182

2

3

4

### SERVICE LIST

5  Patrick DeBlase
Eric L. Brown
6  Michael C. Eyerly
Stephen Blackburn
7  DEBLASE BROWN EYERLY LLP
10990 Wilshire Blvd., Suite 1060
8  Los Angeles, CA 90024
Tel: (310) 575-9955 Fax: (310) 575-9919
9  Attorneys for PLAINTIFF

A. Scott Goldberg, Esq.
Craig R. Maki, Esq.
Maria T. Almazan, Esq.
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025
Tel: (310) 445-0800  Fax: (310) 473-2525
AMCORD, INC., INDIVIDUALLY and as
successor in interest to Riverside Cement
Company

10  William J. Sayers, Esq.
Farah S. Nicol, Esq.
11  Matthew K. Ashby, Esq.
Douglas T. Lane, Esq.
12  Kelvin T. Wyles, Esq.
McKENNA LONG & ALDRIDGE LLP
13  300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071
14  Tel: (213) 688-1000 Fax: (213) 243-6330
BUFFALO PUMPS, INC.; CERTAINTEED
15  CORPORATION; METALCLAD
INSULATION CORPORATION; UNION
16  CARBIDE CORPORATION

Frank D. Pond, Esq.
Kevin D. Jamison, Esq.
David G. Larmore, Esq.
POND NORTH LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
Tel: (213) 617-6170 Fax: (213) 623-3594
CBS CORPORATION, F/K/A VIACOM, INC.,
SUCCESSOR BY MERGER TO CBS
CORPORATION F/K/A WESTINGHOUSE
ELECTRIC CORPORATION; FAMILIAN
CORPORATION; KEENAN PROPERTIES,
INC.

17  A. Scott Goldberg, Esq.
Bruce G. Chum, Esq.
18  SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
19  Los Angeles, CA 90025
Tel: (310) 445-0800 Fax: (310) 473-2525
20  CLEAVER-BROOKS, INC., INDIVIDUALLY
AND F/K/A AQUA-CHEM, INC.

21

Dean A. Olson, Esq.
MORRIS POLICH & PURDY LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Tel: (213) 891-9100  Fax: (213) 488-1178
CROWN CORK & SEAL USA, INC.,
INDIVIDUALLY AND AS SUCCESSOR IN
INTEREST TO MUNDET CORK COMPANY

22  Geoffrey M. Davis
K&L GATES LLP
23  10100 Santa Monica Boulevard, Seventh Floor
Los Angeles, California 90067
Tel: 310.552.5000  Fax: 310.552.5001
24  CRANE CO. , INDIVIDUAL) Y AND AS
SUCCESSOR IN INTEREST TO
25  CHAMPMAN VALVES

26

27

28

Charles Sheldon
Marc Brainich
SEDGWICK, LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105-1008
Tel: (415) 781-7900  Fax: (415) 781-2635
marc.brainich@sedgwicklaw.com
charles.sheldon@sedgwicklaw.com
GENERAL ELECTRIC COMPANY

Walsworth,
Franklin,
Bevins &
McCall, LLP
*TORNEYS AT LAW*

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1
3306-63.182

1  Brien F. McMahon, Esq.
   PERKINS COIE LLP
2  1888 Century Park East, Suite 1700
   Los Angeles, CA 90067
3  Tel: (310) 788-9900  Fax: (310) 843-1284
   GEORGIA-PACIFIC, LLC, F/K/A GEORGIA-
4  PACIFIC CORPORATION, INDIVIDUALLY
   AND AS SUCCESSOR-IN-INTEREST TO
5  BESTWALL GYPSUM COMPANY

6
   Jennifer Judin, Esq.
7  Brian T. Yasuzawa, Esq.
   David Armanini, Esq.
8  Eileen Spadoni, Esq.
   Jonathan W. Radke, Esq.
9  DEHAY & ELLISTON LLP
   800 West 6th Street, Suite 788
10 Los Angeles, CA 90017
   Tel: (213) 271-2727  Fax: (213) 271-2730
11 HANSON PERMANENTE CEMENT, INC.,
   F/K/A KAISER CEMENT CORPORATION;
12 KAISER GYPSUM COMPANY, INC.

13 Barry Schirm, Esq.
   HAWKINS PARNELL THACKSTON &
14 YOUNG LLP
   A Professional Corporation
15 444 South Flower Street, 11TH Floor
   Los Angeles, California 90071
16 Tel: (213) 486-8000  Fax: (213) 486-8080
   KELLY-MOORE PAINT COMPANY, INC.
17
   Roberta Nicol Dempster, Esq.
18 SCHIFF HARDIN LLP
   One Market, Spear Street Tower
19 32nd Floor
   San Francisco, CA 94105
20 Tel: (415) 901-8700  Fax: (415) 901-8701
   OWENS-ILLINOIS, INC. (INDIVIDUALLY
21 AND AS SUCCESSOR IN INTEREST TO
   OWENS ILLINOIS GLASS COMPANY AND
22 DBA 0-I)

23
   11/15/11 IB
24

Michael J. Pietrykowski, Esq.
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Twentieth Floor
San Francisco, CA 94111
Tel: (415) 986-5900  Fax: (415) 986-8054
GOULDS PUMPS, INC.; INGERSOLL-RAND
COMPANY, INDIVIDUALLY AND AS
SUCCESSOR IN INTEREST TO THE
ALDRICH COMPANY

Henry Rome, Esq.
HOWARD ROME MARTIN & RIDLEY LLP
1775 Woodside Road, Suite 200
Redwood City, CA 94061-3436
Tel: (650) 365-7715  Fax: (650) 364-5297
IMO INDUSTRIES, INC. (INDIVIDUALLY
AND AS SUCCESSOR IN INTEREST TO
DELAVAL STEAM TURBINE, INC.)

Anthony J. Calero, Esq.
Timothy J. McCaffery, Esq.
LOMBARDI LOPER & CONANT LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612
Tel: 510.433.2600 Fax: 510.433.2699
MECHANICAL DRIVES & BELTING (F/K/A
L.A. RUBBER COMPANY

25

26

27

28

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-14-
J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1

COPY

1    WILLIAM J. SAYERS (SBN 078038)
    FARAH S. NICOL (SBN 162293)
2    BRADFORD J. DEJARDIN (SBN 195764)
    VANESSA TICAS (SBN 273342)
3    MCKENNA LONG & ALDRIDGE LLP
    300 South Grand Avenue, 14th Floor
4    Los Angeles, CA 90071-3124
    Telephone:   (213) 688-1000
5    Facsimile:    (213) 243-6330

6    Attorneys for Defendant
    **METALCLAD INSULATION CORPORATION**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 21 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                COUNTY OF LOS ANGELES

| | |
|---|---|
| PAUL N. KANONAS, | CASE NO. BC471689 |
|      Plaintiff, | DEPT:   68 |
|    vs. | JUDGE: Hon. Mark Mooney |
| AMCORD, INC., INDIVIDUALLY and as successor in Interest to Riverside Cement Company; et al., | **ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY** |
|      Defendants. | Complaint Filed:  October 17, 2011 |
| | Trial Date:     None Set |

COMES NOW defendant, **METALCLAD INSULATION CORPORATION**, for itself and for no other defendant, to answer plaintiff's complaint on file herein as follows:

    1.     Pursuant to California *Code of Civil Procedure* § 431.30(d), answering defendant denies, both generally and specifically, each and every allegation contained in the complaint, and each cause of action therein, and each paragraph of each cause of action, and denies that, as a direct and proximate result or any result of any tortious conduct on the part of this defendant, plaintiff has been or will be injured or damaged in the manner and amount alleged or in any manner or amount whatsoever.

-1-

MCKENNA LONG
& ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:12693350.1

2.     Answering defendant denies that, by reason of any act or omission, fault, conduct, or liability on the part of answering defendant, plaintiff has been injured or damaged in the manner and amounts alleged or in any manner or amount whatsoever, and denies that this answering defendant or any of its agents, servants or employees, or anyone acting for or on its behalf was negligent, careless, reckless, or otherwise breached any duty owed to plaintiff whether as alleged or otherwise.

**FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

3.     Alleges that the complaint and each and every cause of action therein, is barred by the applicable statute of limitations, California *Code of Civil Procedure* § 335.1.

**FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

4.     Alleges that the complaint and each and every cause of action therein, is barred by the applicable statute of limitations, California *Code of Civil Procedure* § 340.2.

**FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

5.     Alleges that the product or material involved was materially altered or changed by a party or parties other than, and without the permission of, this answering defendant, its employees, servants, or other agents, such alteration or change creating the alleged defect, if any, which was the proximate or legal cause of plaintiff's injuries or damages, if any.

**FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

6.     Alleges that the alleged defect in the product or material, if any, was known to plaintiff, who used said product or material after full knowledge of said alleged defect; that, as a result, plaintiff is barred from recovery herein, proportionately or totally, in that plaintiff voluntarily exposed himself and his/her property to a known danger and thereby assumed the risk of any injury or damage resulting from that injury.

**FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

7.     Alleges that the product or material was improperly maintained and cared for by plaintiff or plaintiff's employers or agents; that such improper maintenance and care created the

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893350.1

1   alleged defects, if any, that was the proximate or legal cause of plaintiff's injuries and damages, if

2   any; that such improper maintenance and care was unforeseeable to this answering defendant; and

3   that plaintiff's claim is thereby reduced by the percentage of all responsibility attributable to

4   plaintiff, plaintiff's employers or agents by virtue of said improper maintenance and care.

5   **FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

6      8.      Alleges that the complaint, and each and every cause of action therein, is barred by

7   the applicable statute of limitations, *Code of Civil Procedure* § 338(d).

8   **FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

9      9.      Alleges that plaintiff failed to mitigate plaintiff's damages, if any, in that plaintiff

10  failed to use reasonable diligence in caring for plaintiff's injuries and reasonable means to prevent

11  plaintiff's aggravation or to accomplish plaintiff's healing.

12  **FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

13     10.     Alleges that plaintiff's claims are barred by the doctrine of laches.

14

15  **FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

16     11.     Alleges that, if the products or materials described in the complaint were

17  manufactured or distributed by defendant, they were manufactured or distributed in accordance

18  with specifications and requirements supplied to defendant by persons other than defendant

19  including, but not limited to, the government of the United States of America.  Any alleged defect

20  in said products or materials was caused by deficiencies in said mandatory specifications and

21  requirements supplied to defendant, which deficiencies were neither known to defendants nor

22  discoverable by defendant with the exercise of reasonable care.

23  **FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

24     12.     Alleges that any exposure of plaintiff to defendant's products or materials was so

25  minimal as to be insufficient to establish a reasonable degree of probability that any such product

26  or material caused any alleged injury, damage, or loss to plaintiff.

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -
ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY
LA:17893350.1

**FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

13.     Alleges that, if defendant has purportedly been named or served in this action as a Doe defendant, such effort by plaintiff is invalid on the ground that plaintiff or plaintiff's agents knew or should have known of the identity of the defendant and the plaintiff's alleged causes of action against defendant at the time of the filing of the complaint.

**FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

14.     Alleges that plaintiff was negligent, careless, reckless, and acted unlawfully in the use, control, direction and application of plaintiff's bodily movements and the equipment, safety devices, and other facilities supplied to plaintiff and existing as a part of the environment, and the injuries, if any, and damages, if any, were directly and proximately caused and contributed to by plaintiff's own negligence.

**FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

15.     Alleges that plaintiff's employer so negligently, carelessly, recklessly, and unlawfully directed, controlled, and supplied plaintiff and plaintiff's co-employees with a working environment, including safety and protective equipment, clothing or the lack thereof, so as to directly and proximately cause and contribute to the injuries in question, if the same do exist, and to the extent that any sum or sums have been paid to plaintiff by said employer, this claim is barred thereby.

**FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

16.     Alleges that the complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against defendant and is barred by the exclusive remedy provisions of the *Labor Code*, including but not limited to sections 3600, 3600.5, 3601, and 3602, or similar laws of another jurisdiction.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 4 -

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY
LA:17893350.1

**FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

17.     Alleges that the complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against answering defendant upon which relief can be granted.

**FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

18.     Alleges that the statutory authority, including but not limited to California *Civil Code* § 3294, pursuant to which plaintiff claims punitive damages, is invalid on its face and/or as applied to this defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

19.     Alleges that plaintiff's action is barred by the choice-of-law doctrine and/or the provisions of California *Code of Civil Procedure* Section 361 in that an action cannot be maintained against this answering defendant by the laws of another state or foreign country, including but not limited to the applicable statute of limitations or statute of repose of that jurisdiction.

**FOR A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

20.     Alleges that the instant action is barred by the rule against splitting a cause of action.

**FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

21.     Alleges that plaintiff is collaterally estopped or barred by the doctrine of *res judicata* from maintaining this action and/or seeking damages against this answering defendant.

**FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

22.     Alleges that plaintiff's claims against this answering defendant are barred by the doctrine of settlement, release, compromise and accord and satisfaction.

McKenna Long & Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY
LA:17893350.1

**FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

23.    Alleges that plaintiff's claims against this answering defendant are barred by the "Full Faith and Credit" clause of the U.S. Constitution, Article 1V, Section 1 and California case law interpreting this provision.

**FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

24.    Alleges that there was no implied warranty with regard to the goods sold to plaintiff because plaintiff has the opportunity to examine the goods and either did so or failed to so examine. Such alleged defects as plaintiff alleges to have been present in the goods ought to have been revealed to plaintiff through such examination.

**FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

25.    Alleges that any duty on the part of this defendant to warn plaintiff of the risks and dangers of utilization of the product or material in question, if any such duty exists, was satisfied through the information and warnings provided to plaintiff's employer(s).

**FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

26.    Alleges that defendant has effectively precluded any assertion by plaintiff of any alleged statement and/or representation and/or agreement made by this answering defendant or any of its agents or representatives through disclaimers and limitations of remedies on the product or material label.

**FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

27.    Alleges that defendant is not a successor, successor in business, successor in product line or portion thereof, assign, predecessor, predecessor in business, predecessor in product line or portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in any entity owning property, maintaining premises, researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for

McKenna Long &
Aldridge LLP
Attorneys at Law
Los Angeles

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

LA:17893350.1

installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, or advertising any products or materials in question.  Defendant is therefore not liable for any acts, whether they be active or passive, or omissions of any entities to which defendant is or may be alleged to be a successor-in-interest, predecessor-in-interest, alter-ego, or the like.

**FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

28.     Alleges that plaintiff's complaint and each and every cause of action therein based upon warranty or breach thereof, is barred as a result of failure of plaintiff to give notice required under *Commercial Code* § 2607(3)(a).

**FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

29.     Alleges that plaintiff was not in privity with defendant and, therefore, may not rely upon the theory of any alleged breach of express or implied warranty.

**FOR A TWENTY-EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

30.     Alleges that plaintiff failed to notify defendant of any breach of warranty within a reasonable time after plaintiff discovered or should have discovered any such alleged breach of warranty and are, therefore, barred from any recovery for such claims.

**FOR A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

31.     Alleges that defendant has effectively disclaimed all implied warranties of merchantability or fitness for a particular purpose, together with any other express or implied warranties other than those specifically stated on the product's or material's label, subject to the inherent risks of use also disclosed on the product's or material's label.

**FOR A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

32.     Alleges that plaintiff's conspiracy/concert of action claims are barred under *Chavers v. Gatke Corp.* (2003) 107 Cal. App.4th 606.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY
LA:17893350.1

**FOR A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

33.     Alleges pursuant to the equitable doctrine of *forum non conveniens* and *California Code of Civil Procedure* section 410.30, California is an improper forum of this action because in the interests of fairness and convenience, this action should be appropriately and justly tried in a forum outside California.

**FOR A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

34.     Alleges that another action is pending between the same parties on the same causes of action.

**FOR A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

35.     Alleges that there is a nonjoinder of a party who is subject to service of process in California and whose joinder will not deprive the court of jurisdiction of the subject matter of this action.

**FOR A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

36.     Alleges that the County of Los Angeles is an improper and/or inconvenient venue for this action.

**FOR A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

37.     Alleges that plaintiffs herein lack legal capacity to sue and are not real parties in interest and are thereby precluded from any recovery whatsoever as prayed for herein.

**FOR A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

38.     Alleges that plaintiff's employers were obligated by OSHA, and/or other applicable legal requirements in place at the time of the alleged exposure, to provide a safe working environment for plaintiff, and their failure to do so directly and proximately caused and/or contributed to the plaintiff's injuries and damages alleged herein.

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893350.1

1   **FOR A THIRY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

2   **DEFENDANT:**

3       39.    Alleges that the loss, injury, or damage, if any, incurred by plaintiff is the result of

4   superseding or intervening causes arising from unforeseeable and highly unusual negligent or

5   willful acts and/or omissions by parties and/or third parties, including but not limited to

6   employers, contractors or intermediate purchasers or suppliers, and that said losses, injuries, or

7   damages, if any, were different from the kind of harm that could have been reasonably expected

8   from any act, omission, or other conduct of answering defendant.

9   **FOR A THIRTY-EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

10      40.    Alleges that that the claims are barred because the product or material was misused

11  or modified, if used at all, after it left answering defendant's possession and the misuse or

12  modification was not reasonably foreseeable.

13  **FOR A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

14      41.    Alleges that, if used at all, plaintiff misused or modified the product or material at

15  issue, never paid attention to product or material warnings or instructions, and used such product

16  or material after having knowledge of the hazards or risks, if any, existing therein.

17

18  **FOR A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

19      42.    Alleges that if any alleged bulk product or material and/or its packaging at issue

20  left the possession and control of defendant, such product or material and/or its packaging was,

21  without defendant's control or approval, subsequently redesigned, modified, compounded and/or

22  incorporated into a finished product, or otherwise subjected to treatment or marketing that altered

23  the product or material and/or its packaging. The alleged defects in any product or material

24  and/or its packaging resulted, if at all, from the redesign, modification, compounding, treatment,

25  marketing or other alteration of the product or material and/or its packaging, after defendant

26  relinquished possession and control and not from any act or omission of defendant.

27

28

McKenna Long &
Aldridge LLP
Attorneys at Law
Los Angeles

- 9 -

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893350.1

**FOR A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

43.     Alleges that plaintiff's claims are barred because plaintiff's employer(s) is/are considered sophisticated users and/or learned intermediaries as contemplated by Restatement (Second) of Torts.

**FOR A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

44.     Alleges that plaintiff's claims are barred because plaintiff was a sophisticated user of the alleged asbestos-containing products or materials to which plaintiff was allegedly exposed, and, therefore, plaintiff need not be warned about the alleged dangers of which plaintiff already knew or should have known.

**FOR A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

45.     Alleges that plaintiff's claims are barred because the entities who actually purchased the products or materials to which the plaintiffs were allegedly exposed were sophisticated users of asbestos and experienced users of alleged asbestos-containing products or materials. Thus, these entities are considered sophisticated users and/or learned intermediaries as contemplated by Restatement (Second) of Torts, and have an independent duty to investigate, research, and warn of any risks or dangers of utilization relating to the products or materials in question, if any such duty exists.

**FOR A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

46.     Alleges that the claims are barred because a manufacturer of a component part, product or material is not liable for injuries caused by a finished product into which the component part, product or material is incorporated.

**FOR A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

47.     Alleges that the claims are barred to the extent the United States imposed, established or approved reasonably precise specifications for the product or material, the product or material conformed to those specifications, and this defendant knew of no dangers, if any, in the use of the product or material that were not already known or knowable to the United States.

McKenna Long &
Aldridge LLP
Attorneys at Law
Los Angeles

- 10 -

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893350.1

1    WHEREFORE, defendant prays for judgment herein, for costs of suit incurred herein, and

2    for such other and further relief as the court may deem just and proper.

3    Dated: November 21, 2011.                    Respectfully submitted,

4                                                 MCKENNA LONG & ALDRIDGE LLP

5

6                                                 By: _____

7                                                 William J. Sayers
                                                  Farah S. Nicol
8                                                 Bradford J. DeJardin
                                                  Vanessa Ticas
9
                                                  Attorneys for Defendant
10                                                **METALCLAD INSULATION
                                                  CORPORATION**
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893350.1

# PROOF OF SERVICE BY MAIL

*Paul N. Kanonas v. Amcord, Inc., et al. (LASC Case No. BC471689)*

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **300 South Grand Avenue, 14ᵗʰ Floor, Los Angeles, California 90071.**

On November 21, 2011, I served **ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY** on the interested parties in this action by placing the true copy/original thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Patrick DeBlase, Esq.
Mike Eyerly, Esq.
Michael C. Eyerly, Esq.
Stephen T. Blackburn, Esq.
**DEBLASE BROWN EYERLY LLP**
10990 Wilshire Boulevard
Suite 1060
Los Angeles, California 90024
Tel: 424.901.0350
**Fax: 310.694.9810**
*Attorneys for Plaintiffs*

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.

The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **All Defense Counsel Were Given Notice Of These Document(S) By Letter**

☒ **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 21, 2011, at Los Angeles, California.

_____
Signature

SHERRY SMITH
Print Name

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

PROOF OF SERVICE BY MAIL
LA:17894311.1



WILLIAM J. SAYERS (SBN 078038)
FARAH S. NICOL (SBN 162293)
BRADFORD J. DEJARDIN (SBN 195764)
VANESSA TICAS (SBN 273342)
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071-3124
Telephone:    (213) 688-1000
Facsimile:    (213) 243-6330

Attorneys for Defendant
**CERTAINTEED CORPORATION**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 16 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| PAUL N. KANONAS,<br><br>       Plaintiff,<br><br>vs.<br><br>AMCORD, INC., INDIVIDUALLY and as successor in Interest to Riverside Cement Company; et al.,<br><br>       Defendants. | CASE NO. BC471689<br><br>DEPT:    68<br>JUDGE: Hon. Mark Mooney<br><br>**ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY**<br><br>Complaint Filed:   October 17, 2011<br>Trial Date:        None Set |

COMES NOW defendant, **CERTAINTEED CORPORATION**, for itself and for no other defendant, to answer plaintiff's complaint on file herein as follows:

1.    Pursuant to California *Code of Civil Procedure* § 431.30(d), answering defendant denies, both generally and specifically, each and every allegation contained in the complaint, and each cause of action therein, and each paragraph of each cause of action, and denies that, as a direct and proximate result or any result of any tortious conduct on the part of this defendant, plaintiff has been or will be injured or damaged in the manner and amount alleged or in any manner or amount whatsoever.



MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17893313.1

-1-

2.      Answering defendant denies that, by reason of any act or omission, fault, conduct, or liability on the part of answering defendant, plaintiff has been injured or damaged in the manner and amounts alleged or in any manner or amount whatsoever, and denies that this answering defendant or any of its agents, servants or employees, or anyone acting for or on its behalf was negligent, careless, reckless, or otherwise breached any duty owed to plaintiff whether as alleged or otherwise.

**FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

3.      Alleges that the complaint and each and every cause of action therein, is barred by the applicable statute of limitations, California *Code of Civil Procedure* § 335.1.

**FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

4.      Alleges that the complaint and each and every cause of action therein, is barred by the applicable statute of limitations, California *Code of Civil Procedure* § 340.2.

**FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

5.      Alleges that the product or material involved was materially altered or changed by a party or parties other than, and without the permission of, this answering defendant, its employees, servants, or other agents, such alteration or change creating the alleged defect, if any, which was the proximate or legal cause of plaintiff's injuries or damages, if any.

**FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

6.      Alleges that the alleged defect in the product or material, if any, was known to plaintiff, who used said product or material after full knowledge of said alleged defect; that, as a result, plaintiff is barred from recovery herein, proportionately or totally, in that plaintiff voluntarily exposed himself and his/her property to a known danger and thereby assumed the risk of any injury or damage resulting from that injury.

**FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

7.      Alleges that the product or material was improperly maintained and cared for by plaintiff or plaintiff's employers or agents; that such improper maintenance and care created the

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -
ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY
LA:17893313.1

1   alleged defects, if any, that was the proximate or legal cause of plaintiff's injuries and damages, if

2   any; that such improper maintenance and care was unforeseeable to this answering defendant; and

3   that plaintiff's claim is thereby reduced by the percentage of all responsibility attributable to

4   plaintiff, plaintiff's employers or agents by virtue of said improper maintenance and care.

**FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

8.   Alleges that the complaint, and each and every cause of action therein, is barred by

the applicable statute of limitations, *Code of Civil Procedure* § 338(d).

**FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

9.   Alleges that plaintiff failed to mitigate plaintiff's damages, if any, in that plaintiff

failed to use reasonable diligence in caring for plaintiff's injuries and reasonable means to prevent

plaintiff's aggravation or to accomplish plaintiff's healing.

**FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

10.   Alleges that plaintiff's claims are barred by the doctrine of laches.

**FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

11.   Alleges that, if the products or materials described in the complaint were

manufactured or distributed by defendant, they were manufactured or distributed in accordance

with specifications and requirements supplied to defendant by persons other than defendant

including, but not limited to, the government of the United States of America.  Any alleged defect

in said products or materials was caused by deficiencies in said mandatory specifications and

requirements supplied to defendant, which deficiencies were neither known to defendants nor

discoverable by defendant with the exercise of reasonable care.

**FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

12.   Alleges that any exposure of plaintiff to defendant's products or materials was so

minimal as to be insufficient to establish a reasonable degree of probability that any such product

or material caused any alleged injury, damage, or loss to plaintiff.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

2       13.     Alleges that, if defendant has purportedly been named or served in this action as a

3 Doe defendant, such effort by plaintiff is invalid on the ground that plaintiff or plaintiff's agents

4 knew or should have known of the identity of the defendant and the plaintiff's alleged causes of

5 action against defendant at the time of the filing of the complaint.

6

**FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

7      14.     Alleges that plaintiff was negligent, careless, reckless, and acted unlawfully in the

8 use, control, direction and application of plaintiff's bodily movements and the equipment, safety

9 devices, and other facilities supplied to plaintiff and existing as a part of the environment, and the

10 injuries, if any, and damages, if any, were directly and proximately caused and contributed to by

11 plaintiff's own negligence.

12

**FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

13      15.     Alleges that plaintiff's employer so negligently, carelessly, recklessly, and

14 unlawfully directed, controlled, and supplied plaintiff and plaintiff's co-employees with a

15 working environment, including safety and protective equipment, clothing or the lack thereof, so

16 as to directly and proximately cause and contribute to the injuries in question, if the same do

17 exist, and to the extent that any sum or sums have been paid to plaintiff by said employer, this

18 claim is barred thereby.

19

**FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

20      16.     Alleges that the complaint, and each and every cause of action therein, fails to

21 state facts sufficient to constitute a cause of action against defendant and is barred by the

22 exclusive remedy provisions of the *Labor Code*, including but not limited to sections 3600,

23 3600.5, 3601, and 3602, or similar laws of another jurisdiction.

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893313.1

**FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

17.     Alleges that the complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against answering defendant upon which relief can be granted.

**FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

18.     Alleges that the statutory authority, including but not limited to California *Civil Code* § 3294, pursuant to which plaintiff claims punitive damages, is invalid on its face and/or as applied to this defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

19.     Alleges that plaintiff's action is barred by the choice-of-law doctrine and/or the provisions of California *Code of Civil Procedure* Section 361 in that an action cannot be maintained against this answering defendant by the laws of another state or foreign country, including but not limited to the applicable statute of limitations or statute of repose of that jurisdiction.

**FOR A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

20.     Alleges that the instant action is barred by the rule against splitting a cause of action.

**FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

21.     Alleges that plaintiff is collaterally estopped or barred by the doctrine of *res judicata* from maintaining this action and/or seeking damages against this answering defendant.

**FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

22.     Alleges that plaintiff's claims against this answering defendant are barred by the doctrine of settlement, release, compromise and accord and satisfaction.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

**FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

23.    Alleges that plaintiff's claims against this answering defendant are barred by the "Full Faith and Credit" clause of the U.S. Constitution, Article IV, Section 1 and California case law interpreting this provision.

**FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

24.    Alleges that there was no implied warranty with regard to the goods sold to plaintiff because plaintiff has the opportunity to examine the goods and either did so or failed to so examine. Such alleged defects as plaintiff alleges to have been present in the goods ought to have been revealed to plaintiff through such examination.

**FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

25.    Alleges that any duty on the part of this defendant to warn plaintiff of the risks and dangers of utilization of the product or material in question, if any such duty exists, was satisfied through the information and warnings provided to plaintiff's employer(s).

**FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

26.    Alleges that defendant has effectively precluded any assertion by plaintiff of any alleged statement and/or representation and/or agreement made by this answering defendant or any of its agents or representatives through disclaimers and limitations of remedies on the product or material label.

**FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

27.    Alleges that defendant is not a successor, successor in business, successor in product line or portion thereof, assign, predecessor, predecessor in business, predecessor in product line or portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in any entity owning property, maintaining premises, researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY
LA:17893313.1

installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, or advertising any products or materials in question.  Defendant is therefore not liable for any acts, whether they be active or passive, or omissions of any entities to which defendant is or may be alleged to be a successor-in-interest, predecessor-in-interest, alter-ego, or the like.

**FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

28.     Alleges that plaintiff's complaint and each and every cause of action therein based upon warranty or breach thereof, is barred as a result of failure of plaintiff to give notice required under *Commercial Code* § 2607(3)(a).

**FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

29.     Alleges that plaintiff was not in privity with defendant and, therefore, may not rely upon the theory of any alleged breach of express or implied warranty.

**FOR A TWENTY-EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

30.     Alleges that plaintiff failed to notify defendant of any breach of warranty within a reasonable time after plaintiff discovered or should have discovered any such alleged breach of warranty and are, therefore, barred from any recovery for such claims.

**FOR A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

31.     Alleges that defendant has effectively disclaimed all implied warranties of merchantability or fitness for a particular purpose, together with any other express or implied warranties other than those specifically stated on the product's or material's label, subject to the inherent risks of use also disclosed on the product's or material's label.

**FOR A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

32.     Alleges that plaintiff's conspiracy/concert of action claims are barred under *Chavers v. Gatke Corp.* (2003) 107 Cal. App.4th 606.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 7 -

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

LA:17893313.1

1   **FOR A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

2   　　　　33.　　Alleges pursuant to the equitable doctrine of *forum non conveniens* and *California*

3   *Code of Civil Procedure* section 410.30, California is an improper forum of this action because in

4   the interests of fairness and convenience, this action should be appropriately and justly tried in a

5   forum outside California.

6   **FOR A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,**

7   **DEFENDANT:**

8   　　　　34.　　Alleges that another action is pending between the same parties on the same causes

9   of action.

10  **FOR A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

11

12  　　　　35.　　Alleges that there is a nonjoinder of a party who is subject to service of process in

California and whose joinder will not deprive the court of jurisdiction of the subject matter of this

13  action.

14

15  **FOR A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

16  **DEFENDANT:**

17  　　　　36.　　Alleges that the County of Los Angeles is an improper and/or inconvenient venue

18  for this action.

19  **FOR A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

20  　　　　37.　　Alleges that plaintiffs herein lack legal capacity to sue and are not real parties in

21  interest and are thereby precluded from any recovery whatsoever as prayed for herein.

22  **FOR A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

23  　　　　38.　　Alleges that plaintiff's employers were obligated by OSHA, and/or other

24  applicable legal requirements in place at the time of the alleged exposure, to provide a safe

25  working environment for plaintiff, and their failure to do so directly and proximately caused

26  and/or contributed to the plaintiff's injuries and damages alleged herein.

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17893313.1

- 8 -

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

1  **FOR A THIRY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

2  **DEFENDANT:**

3      39.    Alleges that the loss, injury, or damage, if any, incurred by plaintiff is the result of

4  superseding or intervening causes arising from unforeseeable and highly unusual negligent or

5  willful acts and/or omissions by parties and/or third parties, including but not limited to

6  employers, contractors or intermediate purchasers or suppliers, and that said losses, injuries, or

7  damages, if any, were different from the kind of harm that could have been reasonably expected

8  from any act, omission, or other conduct of answering defendant.

9  **FOR A THIRTY-EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

10     40.    Alleges that that the claims are barred because the product or material was misused

11 or modified, if used at all, after it left answering defendant's possession and the misuse or

12 modification was not reasonably foreseeable.

13 **FOR A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

14     41.    Alleges that, if used at all, plaintiff misused or modified the product or material at

15 issue, never paid attention to product or material warnings or instructions, and used such product

16 or material after having knowledge of the hazards or risks, if any, existing therein.

17
18 **FOR A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

19     42.    Alleges that if any alleged bulk product or material and/or its packaging at issue

20 left the possession and control of defendant, such product or material and/or its packaging was,

21 without defendant's control or approval, subsequently redesigned, modified, compounded and/or

22 incorporated into a finished product, or otherwise subjected to treatment or marketing that altered

23 the product or material and/or its packaging.  The alleged defects in any product or material

24 and/or its packaging resulted, if at all, from the redesign, modification, compounding, treatment,

25 marketing or other alteration of the product or material and/or its packaging, after defendant

26 relinquished possession and control and not from any act or omission of defendant.

27
28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 9 -

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY
LA:17893313.1

**FOR A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

43.    Alleges that plaintiff's claims are barred because plaintiff's employer(s) is/are considered sophisticated users and/or learned intermediaries as contemplated by Restatement (Second) of Torts.

**FOR A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

44.    Alleges that plaintiff's claims are barred because plaintiff was a sophisticated user of the alleged asbestos-containing products or materials to which plaintiff was allegedly exposed, and, therefore, plaintiff need not be warned about the alleged dangers of which plaintiff already knew or should have known.

**FOR A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

45.    Alleges that plaintiff's claims are barred because the entities who actually purchased the products or materials to which the plaintiffs were allegedly exposed were sophisticated users of asbestos and experienced users of alleged asbestos-containing products or materials. Thus, these entities are considered sophisticated users and/or learned intermediaries as contemplated by Restatement (Second) of Torts, and have an independent duty to investigate, research, and warn of any risks or dangers of utilization relating to the products or materials in question, if any such duty exists.

**FOR A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

46.    Alleges that the claims are barred because a manufacturer of a component part, product or material is not liable for injuries caused by a finished product into which the component part, product or material is incorporated.

**FOR A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

47.    Alleges that the claims are barred to the extent the United States imposed, established or approved reasonably precise specifications for the product or material, the product or material conformed to those specifications, and this defendant knew of no dangers, if any, in the use of the product or material that were not already known or knowable to the United States.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

LA:17893313.1

1       WHEREFORE, defendant prays for judgment herein, for costs of suit incurred herein, and

2    for such other and further relief as the court may deem just and proper.

3

4    Dated: November 16, 2011.            Respectfully submitted,

5                            MCKENNA LONG & ALDRIDGE LLP

6

7                    By: _____

8                       William J. Sayers
                         Farah S. Nicol

9                       Bradford J. DeJardin
                       Vanessa Ticas

10                   Attorneys for Defendant

11                  **CERTAINTEED CORPORATION**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893313.1

# PROOF OF SERVICE BY MAIL

*Paul N. Kanonas v. Amcord, Inc., et al. (LASC Case No. BC471689)*

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **300 South Grand Avenue, 14th Floor, Los Angeles, California 90071**.

On November 16, 2011, I served **ANSWER OF DEFENDANT, CERTAINTEED CORPORATION'S, TO PLAINTIFFS' COMPLAINT FOR DAMAGES FOR PERSONAL INJURY** on the interested parties in this action by placing the true copy/original thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Patrick DeBlase, Esq.
Mike Eyerly, Esq.
Michael C. Eyerly, Esq.
Stephen T. Blackburn, Esq.
**DEBLASE BROWN EYERLY LLP**
10990 Wilshire Boulevard
Suite 1060
Los Angeles, California 90024
Tel: 424.901.0350
**Fax: 310.694.9810**
*Attorneys for Plaintiffs*

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.

The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **All Defense Counsel Were Given Notice Of These Document(S) By Letter**

☒ **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 16, 2011, at Los Angeles, California.

_____
Signature

_____
SHERRY SMITH
Print Name

1  WILLIAM J. SAYERS (SBN 078038)
2  FARAH S. NICOL (SBN 162293)
   BRADFORD J. DEJARDIN (SBN 195764)
   VANESSA TICAS (SBN 273342)
3  MCKENNA LONG & ALDRIDGE LLP
   300 South Grand Avenue, 14th Floor
4  Los Angeles, CA 90071-3124
   Telephone:   (213) 688-1000
5  Facsimile:   (213) 243-6330

6  Attorneys for Defendant
7  **UNION CARBIDE CORPORATION**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 16 2011

John A. Clarke, Executive Officer/Clerk
By _____
Ariel LaFleur-Clayton    Deputy

8

9        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **COUNTY OF LOS ANGELES**

11

12  PAUL N. KANONAS,                   CASE NO. BC471689

13            Plaintiff,               DEPT.:    68
                                       JUDGE:    Hon. Mark Mooney
14      vs.

15  AMCORD, INC., INDIVIDUALLY and as   **ANSWER OF DEFENDANT, UNION**
    successor in Interest to Riverside Cement   **CARBIDE CORPORATION, TO**
16  Company; et al.,                    **PLAINTIFF'S COMPLAINT FOR**
                                        **DAMAGES FOR PERSONAL INJURY**
17            Defendants.
                                        Complaint Filed:  October 17, 2011
18                                      Trial Date:       None set

19

20      COMES NOW defendant, **UNION CARBIDE CORPORATION,** for itself and for no

21  other defendant, to answer plaintiff's complaint on file herein as follows:

22      1.      Pursuant to California *Code of Civil Procedure* § 431.30(d), Union Carbide denies,

23  both generally and specifically, each and every allegation contained in the complaint, and each

24  cause of action therein, and each paragraph of each cause of action, and denies that, as a direct

25  and proximate result or any result of any tortious conduct on the part of Union Carbide, plaintiff

26  has been or will be injured or damaged in the manner and amount alleged or in any manner or

27  amount whatsoever.

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

2.     Union Carbide denies that, by reason of any act or omission, fault, conduct, or liability on the part of Union Carbide, plaintiff has been injured or damaged in the manner and amounts alleged or in any manner or amount whatsoever, and denies that Union Carbide or any of its agents, servants or employees, or anyone acting for or on its behalf was negligent, careless, reckless, or otherwise breached any duty owed to plaintiff whether as alleged or otherwise.

**FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

3.     Alleges that the product or material involved was materially altered or changed by a party or parties other than, and without the permission of, Union Carbide, its employees, servants, or other agents, such alteration or change creating the alleged defect, if any, which was the proximate or legal cause of plaintiff's injuries or damages, if any.

**FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

4.     Alleges that the defect in the product, if any, was known to plaintiff, who used said product after full knowledge of said alleged defect; that, as a result, plaintiff is barred from recovery herein, proportionately or totally, in that plaintiff voluntarily exposed himself and his property to a known danger and thereby assumed the risk of any injury or damage resulting from that injury.

**FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

5.     Alleges that, if the products described in the complaint were manufactured or distributed by Union Carbide, which Union Carbide denies, they were manufactured or distributed in accordance with the legal requirements established by the United States Occupational, Safety and Health Administration ("OSHA") and/or other applicable legal requirements in place at the time of the alleged exposure.

**FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

6.     Alleges that plaintiff's employers were obligated by OSHA, and/or other applicable legal requirements in place at the time of the alleged exposure, to provide a safe

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ANSWER OF DEFENDANT, UNION CARBIDE CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

LA:17893262.1

working environment for plaintiff, and their failure to do so directly and proximately caused and/or contributed to the plaintiff's injuries and damages alleged herein.

**FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

7.      Alleges that plaintiff's employer so negligently, carelessly, recklessly, and unlawfully directed, controlled, and supplied plaintiff and plaintiff's co-employees with a working environment, including safety and protective equipment, clothing, or the lack thereof, so as to directly and proximately cause and contribute to the injuries in question, if the same do exist, and to the extent that any sum or sums have been paid to plaintiff by said employer, this claim is barred thereby.

**FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

8.      Alleges that plaintiff cannot meet plaintiff's burden of establishing to a reasonable degree of probability that plaintiff's exposure to Union Carbide products, if any, was sufficient to cause the alleged injury, damage, or loss to plaintiff.

**FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

9.      Alleges that plaintiff cannot meet plaintiff's burden of establishing that the facts alleged in plaintiff's complaint, and each and every cause of action therein, are sufficient to constitute a cause of action against Union Carbide upon which relief can be granted.

**FOR A EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

10.      Alleges that the statutory authority, including but not limited to California *Civil Code* § 3294, pursuant to which plaintiff claims punitive damages, is invalid on its face and/or as applied to Union Carbide pursuant to the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

11.      Alleges that plaintiff's action is barred by the choice-of-law doctrine and/or the provisions of California *Code of Civil Procedure* Section 361 in that an action cannot be

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -
ANSWER OF DEFENDANT, UNION CARBIDE CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY
LA:17893262.1

1   maintained against this answering defendant by the laws of another state or foreign country,

2   including but not limited to the applicable statute of limitations or statute of repose of that

3   jurisdiction.

**FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

12.   Alleges that Union Carbide has effectively precluded any assertion by plaintiff of any alleged statement and/or representation and/or agreement made by Union Carbide or any of its agents or representatives through disclaimers and limitations of remedies on its invoices, purchase orders, other sales contracts/documents, and/or operation of law.

**FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

13.   Alleges that plaintiff was negligent, careless, reckless, and/or acted unlawfully in the use of any products, including asbestos-containing products, and the injuries, if any, and damages, if any, were directly and proximately caused and contributed to by plaintiff's own negligence.

**FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

14.   Alleges that plaintiff herein lacks legal capacity to sue and is not a real party in interest and are thereby precluded from any recovery whatsoever as prayed for herein.

**FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

15.   Alleges that that there was no implied warranty with regard to the goods sold to plaintiff because plaintiff had the opportunity to examine the goods and either did so or failed to so examine. Such defects as plaintiff alleges to have been present in the goods ought to have been revealed to plaintiff through such examination.

**FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

16.   Alleges that Plaintiff's claims for warranty are precluded because there was no privity with defendant.

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ANSWER OF DEFENDANT, UNION CARBIDE CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR
PERSONAL INJURY
LA:17893262.1

1    **FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

2         17.    Alleges that plaintiff failed to notify defendant of any breach of warranty within a

3    reasonable time after plaintiff discovered or should have discovered any such alleged breach of

4    warranty and are, therefore, barred from any recovery for such claims.

5
     **FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**
6
7         18.    Alleges that defendant has effectively disclaimed all implied warranties of

8    merchantability or fitness for a particular purpose, together with any other express or implied

9    warranties other than those specifically stated on the product's label, subject to the inherent risks

10   of use also disclosed on the product's label.

11   **FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

12        19.    Alleges pursuant to the equitable doctrine of *forum non conveniens* and *California*

13   *Code of Civil Procedure* section 410.30, California is an improper forum of this action because in

14   the interests of fairness and convenience, this action should be appropriately and justly tried in a

15   forum outside California.

16
     **FOR A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**
17
18        20.    Alleges that the complaint and each and every cause of action therein, is barred by

19   the applicable statute of limitations, California *Code of Civil Procedure* § 340.2.

20   **FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

21        21.    Alleges that the complaint, and each and every cause of action therein, is barred by

22   the applicable statute of limitations, California *Code of Civil Procedure* § 335.1.

23
     **FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**
24
25        22.    Alleges that the complaint and each and every cause of action therein, is barred by

26   the applicable statute of limitations, *Code of Civil Procedure* § 338(d).

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, UNION CARBIDE CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR
PERSONAL INJURY
LA:17893262.1

**FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

23.     Alleges that another action is pending between the same parties on the same causes of action.

**FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

24.     Alleges that there is a nonjoinder of a party who is subject to service of process in California and whose joinder will not deprive the court of jurisdiction of the subject matter of this action.

**FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

25.     Alleges that the County of Los Angeles is an improper and/or inconvenient venue for this action.

**FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

26.     Alleges that plaintiff's claims are barred by the doctrine of laches.

**FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

27.     Alleges that, if Union Carbide has purportedly been named or served in this action as a Doe defendant, such effort by plaintiff is invalid on the ground that plaintiff or plaintiff's agents knew or should have known of the identity of Union Carbide and the plaintiff's alleged causes of action against Union Carbide at the time of the filing of the complaint.

**FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

28.     Alleges that the complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against defendant and is barred by the exclusive remedy provisions of the *Labor Code*, including but not limited to sections 3600, 3600.5, 3601, and 3602, or similar laws of another jurisdiction.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

**FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

29.    Alleges that the instant action is barred by the rule against splitting a cause of action.

**FOR A TWENTY-EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

30.    Alleges that plaintiff is collaterally estopped or barred by the doctrine of *res judicata* from maintaining this action and/or seeking damages against Union Carbide.

**FOR A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

31.    Alleges that plaintiff's claims against Union Carbide are barred by the doctrine of settlement, release, compromise and accord and satisfaction.

**FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

32.    Alleges that any duty on the part of this defendant to warn plaintiff of the risks and dangers of utilization of the product in question, if any such duty exists, was satisfied through the information and warnings provided to plaintiff's employer(s).

**FOR A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

33.    Alleges that during the time period of plaintiff's alleged exposure, there was significant amount of information regarding the hazards and benefits of asbestos available to manufacturers and users of asbestos-containing products.  Accordingly, Union Carbide had no duty to warn customers of known risks.

**FOR A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

34.    Alleges that any duty on the part of Union Carbide to warn plaintiff of the risks and dangers of utilization of the product in question, if any such duty exists, was satisfied through the information and warnings provided to Union Carbide's customers - the actual manufacturers of the products to which plaintiff was allegedly exposed.  Accordingly, Union Carbide discharged

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

ANSWER OF DEFENDANT, UNION CARBIDE CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY
LA:17893262.1

its duty to warn of the risks of utilizing the subject product, if any such duty existed, by so advising Union Carbide's manufacturer-customers.

## FOR A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

35.    Alleges that parties both served and unserved, named and unnamed, are in some manner or percentage responsible for plaintiff's damages, if any, and Union Carbide therefore requires an order from the trier of fact setting forth the percentage of fault of each and every party named and unnamed, served and unserved hereto, and further reserves its right to seek recompense and/or other damages resulting from this action through cross-claims or otherwise against any and all responsible parties.

## FOR A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

36.    Alleges that plaintiff's claims are barred because the entities who actually manufactured the products to which the plaintiff was allegedly exposed were sophisticated users of asbestos and experienced manufacturers of alleged asbestos-containing products. Thus, these entities are considered sophisticated users and/or learned intermediaries as contemplated by Restatement (Second) of Torts, and have an independent duty to investigate, research, and warn any risks or dangers of utilization relating to the products in question, if any, such duty exists. Moreover, Union Carbide had a right to rely upon its sophisticated manufacturer-customers to decide what information, if any, should have been passed on to end-users.

## FOR A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

37.    Alleges that plaintiff's claims are barred because plaintiff was a sophisticated user of the alleged asbestos-containing products to which plaintiff was allegedly exposed, and, therefore, plaintiff need not be warned about the alleged dangers of which plaintiff already knew or should have known.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ANSWER OF DEFENDANT, UNION CARBIDE CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR
PERSONAL INJURY

LA:17893262.1

**FOR A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

38.     Alleges that plaintiff's claims are barred because plaintiff's employer(s) is/are considered sophisticated users and/or learned intermediaries as contemplated by Restatement (Second) of Torts.

**FOR A THIRTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

39.     Alleges that the loss, injury, or damage, if any, incurred by plaintiff is the result of superseding or intervening causes arising from unforeseeable and highly unusual negligent or willful acts and/or omissions by parties and/or third parties, including but not limited to employers, contractors or intermediate purchasers or suppliers, and that said losses, injuries, or damages, if any, were different from the kind of harm that could have been reasonably expected from any act, omission, or other conduct of Union Carbide.

**FOR A THIRTY-EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

40.     Alleges that that the claims are barred because the product or material was misused or modified, if used at all, after it left answering defendant's possession and the misuse or modification was not reasonably foreseeable.

**FOR A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

41.     Alleges that, if used at all, plaintiff misused or modified the products or materials at issue, never paid attention to product or material warnings or instructions, and used such products or materials after having knowledge of the hazards or risks, if any, existing therein.

**FOR A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

42.     Alleges that if any alleged bulk raw material and/or its packaging at issue left the possession and control of Union Carbide, such material and/or its packaging was, without Union Carbide's control or approval, subsequently redesigned, modified, compounded and/or incorporated into a finished product, or otherwise subjected to treatment or marketing that altered

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17893262.1

1  the material and/or its packaging.  The alleged defects in any raw material and/or its packaging

2  resulted, if at all, from the redesign, modification, compounding, treatment, marketing or other

3  alteration of the material and/or its packaging, after Union Carbide relinquished possession and

4  control and not from any act or omission of Union Carbide.

5

6  **FOR A FORTY- FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

7       43.     Alleges that the claims are barred because a manufacturer or supplier of a

8  component part, product or material is not liable for injuries caused by a finished product into

9  which the component part, product or material is incorporated.

10  **FOR A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

11       44.     Alleges that the claims are barred to the extent the United States imposed,

12  established or approved reasonably precise specifications for the products or materials, the

13  products or materials conformed to those specifications, and Union Carbide knew of no dangers,

14  if any, in the use of the products or materials that were not already known or knowable to the

15  United States.

16       WHEREFORE, defendant prays for judgment herein, for costs of suit incurred herein, and

17  for such other and further relief as the court may deem just and proper.

18

19  Dated: November /6, 2011.                      Respectfully submitted,

20                                                 McKENNA LONG & ALDRIDGE LLP

21

22                                                 By:

23                                                     William J. Sayers
                                                       Farah S. Nicol
24                                                     Bradford J. DeJardin
                                                       Vanessa Ticas
25
                                                   Attorneys for Defendant
26                                                 **UNION CARBIDE CORPORATION**

27

28

- 10 -

ANSWER OF DEFENDANT, UNION CARBIDE CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR
PERSONAL INJURY

LA:17893262.1

# PROOF OF SERVICE BY MAIL

*Paul N. Kanonas v. Amcord, Inc., et al. (LASC Case No. BC471689)*

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **300 South Grand Avenue, 14ᵗʰ Floor, Los Angeles, California 90071**.

On November 16, 2011, I served **ANSWER OF DEFENDANT, UNION CARBIDE CORPORATION'S, TO PLAINTIFFS' COMPLAINT FOR DAMAGES FOR PERSONAL INJURY** on the interested parties in this action by placing the true copy/original thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Patrick DeBlase, Esq.
Mike Eyerly, Esq.
Michael C. Eyerly, Esq.
Stephen T. Blackburn, Esq.
**DEBLASE BROWN EYERLY LLP**
10990 Wilshire Boulevard
Suite 1060
Los Angeles, California 90024
Tel: 424.901.0350
**Fax: 310.694.9810**
*Attorneys for Plaintiffs*

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.

The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **All Defense Counsel Were Given Notice Of These Document(S) By Letter**

☒ **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 16, 2011, at Los Angeles, California.

_____
Signature

_____
SHERRY SMITH
Print Name

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE BY MAIL
LA:17894311.1

1   Michael C. Eyerly (178693)
    DEBLASE BROWN EYERLY LLP
2   10990 Wilshire Boulevard, Suite 1060
    Los Angeles, California 90024
3   Telephone: (310) 575-9955
    Facsimile: (310) 575-9919
4
    Attorneys for Plaintiffs
5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF LOS ANGELES – CIVIL CENTRAL WEST

10

| | |
|---|---|
| 11   Coordinated Proceeding<br>    Special Title (Rule 3.550)<br>12<br>    **LAOSD ASBESTOS CASES**<br>13<br><br>14   ————————————————<br>15   This Document Relates to:<br>16   PAUL N. KANONAS, et al.,<br>17           Plaintiff,<br>18       vs.<br>19   AMCORD, INC., et al.,<br>20           Defendants.<br>21   ———————————————— | JCCP CASE NO: 4674<br><br>Hon. Emilie H. Elias<br>Dept. 324<br><br>**REQUEST TO COORDINATE ADD-ON<br>CASE PURSUANT TO CRC 3.544**<br><br>LASC Case No. BC 471689<br><br>Hon. Mark Mooney<br>Dept. 68<br><br><br>Complaint Filed: October 17, 2011<br>Trial Date: None |

22       TO THE COORDINATION JUDGE, THE CHAIRPERSON OF THE JUDICIAL

23   COUNCIL, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

24       Pursuant to the provisions of California Code of Civil Procedure ("CCP") §404 and

25   California Rules of Court ("CRC") 3.544, Plaintiff PAUL N. KANONAS ("Petitioner") hereby

26   requests that the Court add on Los Angeles Superior Court Case No. BC471689,

27   *Kanonas v. Amcord, Inc., et al.*, to the above captioned Coordinated Proceeding.

28       This petition is made on the ground that the proposed add-on action is an asbestos

1  action currently assigned to Dept. 68 of the Los Angeles Superior Court.  On or about

2  August 30, 2011, asbestos actions in filed in Los Angeles County were ordered

3  coordinated as LAOSD ASBESTOS CASES, JCCP Case No. 4674.

4      This petition is based on CCP §404, *et seq.* and CRC 3.544.  Pursuant to these

5  authorities, Petitioner respectfully submits as follows:

6      1.     The name of the Petitioner and their attorneys of record are set forth above.

7             (CRC 3.521(a)(1)).

8      2.     The names of the parties to the Add-On Action are set forth in the proof of

9             service list attached hereto.  Each defendant therein named has been

10            served with the summons and complaint.  (CRC 3.521(a)(2) & (3)).

11     3.     The matter to be included in this "Add-On Petition" is as follows (CRC

12            3.521(a)(4):

13            *Kanonas v. Amcord, Inc., et al.*, Los Angeles Superior Case No.

14            BC471689, filed on October 17, 2011.

15     4.     The above case shares common parties, facts, counsel and issues of law

16            with the presently coordinated actions.  The case arises from asbestos-

17            related injuries.

18     WHEREFORE, Petitioners request that this Request for Coordination of Add-On

19 Case be granted, and that the Add-On Case be coordinated in the captioned coordination

20 proceeding forthwith.

21

22 DATED: November 10, 2011                 DEBLASE BROWN EYERLY LLP

23

24

25                                          Michael Eyerly
                                            Attorneys for Plaintiff

26

27

28

-2-

REQUEST TO COORDINATE ADD-ON CASE

**PROOF OF SERVICE**

STATE OF CALIFORNIA ) ss:
COUNTY OF LOS ANGELES )

1

2   I am employed in the City and County of Los Angeles, State of California. I am over the age of
3   18 and not a party to the within action. My business address is 10990 Wilshire Blvd., Los Angeles,
    California 90024.

4   On **November 10, 2011** I caused the foregoing document(s) described as:

5   **1.   REQUEST TO COORDINATE ADD-ON CASE PURSUANT TO CRC 3.544**

6   to be served on the interested parties by placing ( ) the original (x) a true and correct copy thereof in a
    sealed envelope addressed as follow:

7                              PLEASE SEE ATTACHED SERVICE LIST

8

9   [ ]   VIA OVERNIGHT MAIL:

10        By delivering such documents to an overnight mail service or an authorized courier in an
          envelope or package designated by the express service courier addressed to the person(s) on
11        whom it is to be served.

12  [X]   VIA U.S. MAIL:

13        I am readily familiar with the firm's practice for collection and processing of correspondence
          for mailing. Under that practice such envelope(s) would be deposited with the U.S. postal
14        service with postage thereon fully prepaid, at Los Angeles, California.

15  [ ]   VIA PERSONAL DELIVERY:

16        I caused such documents to be hand delivered to the offices of the above named parties.

17  [ ]   VIA FACSIMILE:

18        The interested parties named above received the above-referenced document via facsimile. The
          facsimile transmission report indicated that the transmission was complete and without error.

19

20  [X]   STATE:

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true
21  and correct.

22  Executed this **10th day of November 2011**, at Los Angeles, California.

23                                                      _____
                                                        Branda Rosas-Almada
24

25

26

27

28

-1-

| Defendant | Counsel |
|---|---|
| AMCORD, INC., INDIVIDUALLY and as successor in interest to Riverside Cement Company | A.Scott Goldberg, Esq.<br>Craig R. Maki, Esq.<br>Marla T. Almazan, Esq.<br>**SELMAN BREITMAN LLP**<br>11766 Wilshire Boulevard, Sixth Floor<br>Los Angeles, CA 90025<br><br>Telephone: (310) 445-0800<br>Fax: (310) 473-2525 |
| BUFFALO PUMPS, INC. | William J. Sayers, Esq.<br>Farah S. Nicol, Esq.<br>Matthew K. Ashby, Esq.<br>Douglas T. Lane, Esq.<br>**McKENNA LONG & ALDRIDGE LLP**<br>300 South Grand Avenue, 14th Floor<br>Los Angeles, CA 90071<br><br>Telephone: 213.688.1000<br>Fax: 213.243.6330 |
| CBS CORPORATION, F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION | Frank D. Pond, Esq.<br>Kevin D. Jamison, Esq.<br>David G. Larmore, Esq.<br>**POND NORTH LLP**<br>350 South Grand Avenue, Suite 3300<br>Los Angeles, CA 90071<br><br>Telephone: 213.617.6170<br>Fax: 213.623.3594 |
| CERTAINTEED CORPORATION | William J. Sayers, Esq.<br>Farah S. Nicol, Esq.<br>Matthew K. Ashby, Esq.<br>Douglas T. Lane, Esq.<br>**McKENNA LONG & ALDRIDGE LLP**<br>300 South Grand Avenue, 14th Floor<br>Los Angeles, CA 90071<br><br>Telephone: 213.688.1000<br>Fax: 213.243.6330 |
| CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem, Inc. | A. SCOTT GOLDBERG , Esq.<br>BRUCE G. CHUSID, Esq.<br>**SELMAN BREITMAN LLP**<br>11766 Wilshire Boulevard, Sixth Floor<br>Los Angeles, CA 90025<br><br>Telephone: (310) 445-0800<br>Fax: (310) 473-2525 |

| | |
|---|---|
| Crown Cork & Seal USA, Inc., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MUNDET CORK COMPANY | Dean A. Olson, Esq. **MORRIS POLICH & PURDY LLP** 1055 West Seventh Street, 24th Floor Los Angeles, California 90017<br><br>Telephone: (213) 891-9100<br><br>Fax: (213) 488-1178 |
| Crane Co. , Individually and as successor in interest to Champman Valves | Geoffrey M. Davis **K&L GATES LLP** 10100 Santa Monica Boulevard Seventh Floor Los Angeles, California 90067<br><br>Telephone: 310.552.5000<br><br>Facsimile: 310.552.5001 |
| FAMILIAN CORPORATION | Kevin Jamison, Esq. **Pond North, LLP** 350 S. Grand Ave. Suite 3300 Los Angeles, CA 90071<br><br>T (213) 617-6170<br><br>F (213) 623-3594 |
| GENERAL ELECTRIC COMPANY | SEDGWICK LLP CHARLES SHELDON charles.sheldon@sedgwicklaw.com MARC BRAINICH marc.brainich@sedgwicklaw.com One Market Plaza Steuart Tower, 8th Floor San Francisco, CA 94105-1008<br><br>Telephone: 415.781.7900<br><br>Fax: 415.781.2635 |
| GEORGIA-PACIFIC, LLC, f/k/a Georgia-Pacific Corporation, individually and as successor-in-interest to Bestwall Gypsum Company | Brien F. McMahon, Esq. **PERKINS COIE LLP** 1888 Century Park East, Suite 1700 Los Angeles, CA 90067<br><br>Telephone: (310) 788-9900 Fax: (310) 843-1284 |
| GOULDS PUMPS, INC. | MICHAEL J. PIETRYKOWSKI, Esq. **GORDON & REES LLP** Embarcadero Center West 275 Battery Street, Twentieth Floor San Francisco, CA 94111<br><br>Telephone: (415) 986-5900<br><br>Fax: (415) 986-8054 |
| HANSON PERMANENTE CEMENT, INC., f/k/a Kaiser Cement Corporation | JENNIFER JUDIN, ESQ. BRIAN T. Y ASUZA WA, ESQ. DAVID ARMANINI, ESQ. **DEHAY & ELLISTON LLP** 800 West 6th Street, Suite 788 |

| | Los Angeles, CA 90017<br><br>Telephone: (213) 271-2727<br>Fax: (213) 271-2730 |
|---|---|
| IMO Industries, Inc. (Individually and as successor in interest to Delaval Steam Turbine, Inc.) | HENRY ROME<br>**HOWARD ROME MARTIN & RIDLEY LLP**<br>1775 Woodside Road, Suite 200<br>Redwood City, CA 94061<br>FAX:  650-364-5297 |
| INGERSOLL-RAND COMPANY, individually and as successor in interest to The Aldrich Company | Michael J. Pietrykowski, Esq.<br>**GORDON & REES LLP**<br>275 Battery Street, 20th Floor<br>San Francisco, CA 94111<br><br>Telephone: 415.986.5900<br><br>Fax: 415.986.8054 |
| JM MANUFACTURING COMPANY, INC. (Dba JM Pipe Manufacturing Company); | Michael T. McCall, Esq.<br>Matthew S. Brady, Esq.<br>**WALSWORTH FRANKLIN  BEVINS & McCALL LLP**<br>1 City Boulevard West, 5th Floor<br>Orange, CA 92868<br><br>Telephone: 714.634.2522<br><br>Fax: 714.634.0686 |
| Kaiser Gypsum Company, Inc. | Jennifer Judin, Esq.<br>Eileen Spadoni, Esq.<br>Jonathan W. Radke, Esq.<br>**Dehay & Elliston LLP**<br>800 West 6th Street, Suite 788<br>Los Angeles, CA 90017<br><br>Telephone: 213-271-2727<br><br>Fax: 213-271-2730 |
| KEENAN PROPERTIES, INC. | Kevin Jamison, Esq.<br>**Pond North, LLP**<br>350 S. Grand Ave. Suite 3300<br>Los Angeles, CA 90071<br><br>T (213) 617-6170<br><br>F (213) 623-3594 |
| KELLY-MOORE PAINT COMPANY, INC. | Barry Schirm, Esq.<br>**HAWKINS PARNELL THACKSTON & YOUNG LLP**<br>A Professional Corporation<br>444 South Flower Street, 11TH Floor<br>Los Angeles, California 90071<br><br>Telephone: (213) 486-8000<br><br>Fax: (213) 486-8080 |

| | |
|---|---|
| MECHANICAL DRIVES & BELTING (f/k/a L.A. Rubber Company) | Anthony J. Calero, Esq.<br>Timothy J. McCaffery, Esq.<br>**LOMBARDI LOPER & CONANT LLP**<br>Lake Merritt Plaza<br>1999 Harrison Street, Suite 2600<br>Oakland, CA 94612<br><br>Telephone: 510.433.2600<br><br>Fax: 510.433.2699 |
| METALCLAD INSULATION CORPORATION | William J. Sayers, Esq.<br>Farah S. Nicol, Esq.<br>Kelvin T. Wyles, Esq.<br>McKENNA LONG ALDRIDGE LLP<br>300 South Grand Avenue, 14th Floor<br>Los Angeles, CA 90071<br><br>Telephone: 213.688.1000<br>Fax: 213.243.6330 |
| OWENS-ILLINOIS, INC. (Individually and as successor in interest to Owens Illinois Glass Company and dba O-I) | Roberta Nicol Dempster, Esq.<br>SCHIFF HARDIN LLP<br>One Market, Spear Street Tower<br>32nd Floor<br>San Francisco, CA 94105<br><br>Telephone: (415) 901-8700<br>Fax: (415) 901-8701 |
| UNION CARBIDE CORPORATION | William J. Sayers, Esq.<br>Farah S. Nicol, Esq.<br>Matthew K. Ashby, Esq.<br>Douglas T. Lane, Esq.<br>**McKENNA LONG & ALDRIDGE LLP**<br>300 South Grand Avenue, 14th Floor<br>Los Angeles, CA 90071<br><br>Telephone: 213.688.1000<br><br>Fax: 213.243.6330 |

# EXHIBIT D

**Ticas, Vanessa**

| | |
|---|---|
| **From:** | Helen M. Luetto [hluetto@wfbm.com] |
| **Sent:** | Friday, November 18, 2011 3:06 PM |
| **To:** | Ticas, Vanessa |
| **Cc:** | Helen M. Luetto |
| **Subject:** | Paul Kanonas |
| **Attachments:** | Picture (Metafile); Picture (Metafile) |

Good afternoon:

J-M Manufacturing Company, Inc. will consent to removal to federal court. Pleas email me the papers when you have a chance.

Thanks.

Helen


Helen M. Luetto
Walsworth, Franklin, Bevins & McCall LLP
One City Boulevard West, Fifth Floor
Orange, CA 92868-3677
(714) 634-2522 ext 3375
(714) 634-0686 fax
hluetto@wfbm.com  |  www.wfbm.com
. please consider the environment before printing this e-mail.


This message (and any associated files) is intended only for the
use of the individual or entity to which it is addressed and
may contain information that is confidential, subject to
copyright or constitutes a trade secret. If you are not the
intended recipient you are hereby notified that any
dissemination, copying or distribution of this message, or
files associated with this message, is strictly prohibited. If
you have received this message in error,please notify us
immediately by replying to the message and deleting it from
your computer. Messages sent to and from us may be monitored.

Internet communications cannot be guaranteed to be secure or
error-free as information could be intercepted, corrupted,
lost, destroyed, arrive late or incomplete, or contain viruses.
Therefore, we do not accept responsibility for any errors or
omissions that are present in this message, or any attachment,
that have arisen as a result of e-mail transmission. If
verification is required, please request a hard-copy
version. Any views or opinions presented are solely those of
the author and do not necessarily represent those of the
company.

**Ticas, Vanessa**

| | |
|---|---|
| **From:** | DeJardin, Bradford |
| **Sent:** | Monday, November 21, 2011 9:15 AM |
| **To:** | Ticas, Vanessa |
| **Subject:** | FW: Paul Kanonas -- DeBlase Brown & Eyerly -- Removal |

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

**From:** Dempster, Roberta N. [mailto:RDempster@schiffhardin.com]
**Sent:** Monday, November 21, 2011 8:56 AM
**To:** DeJardin, Bradford
**Cc:** Stimeling, Kathleen A.; Faria, Lisa M.
**Subject:** Paul Kanonas -- DeBlase Brown & Eyerly -- Removal

Defendant Owens-Illinois, Inc. will consent to removal of the Paul Kanonas case to federal court.

Roberta Nicol Dempster
Schiff Hardin LLP
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Main: 415-901-8700
Direct: 415-901-8770
Fax: 415-901-8701
rdempster@schiffhardin.com
www.schiffhardin.com

----------------------------------------------------------

Tax Matters: To the extent this message or any attachment concerns tax matters, it is not intended or written to be used, and cannot be used by a taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer under law.
----------------------------------------------------------

This message and any attachments may contain confidential information protected by the attorney-client or other privilege. If you believe that it has been sent to you in error, please reply to the sender that you received the message in error. Then delete it. Thank you.

----------------------------------------------------------

## Ticas, Vanessa

**From:** Brainich, Marc [Marc.Brainich@sedgwicklaw.com]
**Sent:** Friday, November 18, 2011 12:26 PM
**To:** Ticas, Vanessa
**Cc:** Johnson, Derek
**Subject:** Paul Kanonas (BC471689) -- Consent to Removal
**Attachments:** image001.gif

Vanessa –

We represent General Electric Company ("GE") in this case.  GE hereby consents to removal of this case to federal court.

Marc

**Marc Brainich**
marc.brainich@sedgwicklaw.com | 415.627.1504

# Sedgwick LLP

*Our San Francisco office has moved. Please note the new address.*
*Phone and fax numbers remain the same.*

333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
415.781.7900 *phone* | 415.781.2635 *fax* | www.sedgwicklaw.com

The information in this email is intended for the named
recipients only.  It may contain privileged and confidential
matter.  If you have received this email in error, please
notify the sender immediately by replying to this email.
Do not disclose the contents to anyone.  Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance
with Treasury Department regulations, we inform you that
any U.S. federal tax advice contained in this correspondence
(including any attachments) is not intended to be used, and
cannot be used, for the purpose of (i) avoiding penalties that
may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.

**Cc:** Johnson, Derek
**Subject:** Paul Kanonas (BC471689) -- Consent to Removal


Vanessa --

We represent General Electric Company ("GE") in this case.  GE hereby consents to removal of this case to federal court.

Marc


**Marc Brainich**
marc.brainich@sedgwicklaw.com | 415.627.1504

<image001.gif>

*Our San Francisco office has moved. Please note the new address. Phone and fax numbers remain the same.*

333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
415.781.7900 *phone* | 415.781.2635 *fax* | www.sedgwicklaw.com

The information in this email is intended for the named recipients only.  It may contain privileged and confidential matter.  If you have received this email in error, please notify the sender immediately by replying to this email. Do not disclose the contents to anyone.  Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Ticas, Vanessa**

| | |
|---|---|
| **From:** | Ticas, Vanessa |
| **Sent:** | Monday, November 21, 2011 9:32 AM |
| **To:** | 'AGoldstein@perkinscoie.com' |
| **Cc:** | DeJardin, Bradford |
| **Subject:** | Paul Kanonas (BC471689)- consent to removal |

**Importance:**     High

Hi Aaron:

This is to confirm our telephone conversation on Friday, November 18, 2011, wherein you informed that Georgia Pacific, LLC consented to federal jurisdiction.  If this is incorrect, please notify us immediately as we intend to file federal removal papers today.

Sincerely,

**Vanessa H. Ticas | Associate**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA  90071
Tel: 213.243.6091 | Fax: 213.243.6330 | vticas@mckennalong.com

1

**Ticas, Vanessa**

| | |
|---|---|
| **From:** | Ticas, Vanessa |
| **Sent:** | Monday, November 21, 2011 12:32 PM |
| **To:** | Ticas, Vanessa |
| **Subject:** | FW: Kelly-Moore - Deblase/Brown Case |

**From:** Schirm, Barry R. [mailto:bschirm@hptylaw.com]
**Sent:** Monday, November 21, 2011 8:33 AM
**To:** DeJardin, Bradford
**Subject:** RE: Kelly-Moore - Deblase/Brown Case

Hmmm, Stephanie's voice mail re the case name wasn't close to "Kanonas".  Sure, KM consents to removal.

Barry

**From:** DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
**Sent:** Monday, November 21, 2011 8:30 AM
**To:** Schirm, Barry R.
**Subject:** Re: Kelly-Moore - Deblase/Brown Case

Barry:

The case is Kanonas. Living meso. He worked for 28 years at Camp Pendleton - a federal enclave.

Let me know ASAP.  We a filing the notice today.

Thanks

Sent from my iPhone

**Ticas, Vanessa**

| | |
|---|---|
| **From:** | DeJardin, Bradford |
| **Sent:** | Monday, November 21, 2011 10:18 AM |
| **To:** | Ticas, Vanessa |
| **Subject:** | FW: Paul Kanonas case - removal consent |

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

---

**From:** DeJardin, Bradford
**Sent:** Monday, November 21, 2011 10:17 AM
**To:** 'sgoldberg@selmanbreitman.com'
**Subject:** Paul Kanonas case - removal consent

Scott:

Thanks for your message back on Friday regarding removal in the above referenced matter.  This will confirm that both of your clients, Cleaver-Brooks and Amcord, Inc. consent to the removal.

Thanks again.

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

**Ticas, Vanessa**

| | |
|---|---|
| **From:** | DeJardin, Bradford |
| **Sent:** | Friday, November 18, 2011 4:46 PM |
| **To:** | Ticas, Vanessa |
| **Subject:** | FW: Kanonas |

This is for Kaiser Gyp and Hanson - both consent.

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

**From:** Judin, Jennifer [mailto:JJUDIN@dehay.com]
**Sent:** Friday, November 18, 2011 4:22 PM
**To:** DeJardin, Bradford
**Subject:** RE: Kanonas

Sorry for the delayed response.  We will not object to removal.

**Jennifer Judin | DeHay & Elliston, LLP**

1300 Clay St., Suite 840

Oakland, California 94612

Tel.:    510.285.0750

Fax:    510.285.0740

Direct:  510.285.0754

Cell:    214.912.5776

E-Mail:  jjudin@dehay.com

**From:** DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
**Sent:** Friday, November 18, 2011 12:19 PM
**To:** Judin, Jennifer
**Subject:** Kanonas

Jennifer – I just realized that you also have Hanson Permanente in this case.  Can you please seek consent from them as well?

P.S. – I am not sure your client's have even been served.  If not, no need for the consent.

Thanks

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

1

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

## DeJardin, Bradford

| | |
|---|---|
| **From:** | Vanthara Meak [VMeak@hrmrlaw.com] |
| **Sent:** | Tuesday, November 22, 2011 10:34 AM |
| **To:** | DeJardin, Bradford |
| **Subject:** | RE: Paul Kanonas - removal to Federal Crt |

Yes.

---

**From:** DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
**Sent:** Tuesday, November 22, 2011 10:35 AM
**To:** Vanthara Meak
**Subject:** Paul Kanonas - removal to Federal Crt

Van:

Just following up with you, will your client IMO Industries, Inc. consent to the removal of this matter to Federal Crt?

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

## DeJardin, Bradford

| | |
|---|---|
| **From:** | Davis, Geoffrey M. [geoff.davis@klgates.com] |
| **Sent:** | Tuesday, November 22, 2011 10:25 AM |
| **To:** | DeJardin, Bradford |
| **Cc:** | Farkas, Stephen P. |
| **Subject:** | RE: Paul Kanonas - Removal to Federal Court |

Yes.


**Geoffrey M. Davis**
K&L Gates LLP
10100 Santa Monica Blvd, 7th Floor
Los Angeles, CA 90067
310-552-5042 direct
310-552-5001 fax
geoff.davis@klgates.com
www.klgates.com




**From:** DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
**Sent:** Tuesday, November 22, 2011 10:18 AM
**To:** Davis, Geoffrey M.
**Cc:** Farkas, Stephen P.
**Subject:** RE: Paul Kanonas - Removal to Federal Court

Geoff:

Just to be clear, by stating that Crane Co. has no objections, does that mean it consents to the removal to Federal Court?

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | **bdejardin@mckennalong.com**


**From:** Davis, Geoffrey M. [mailto:geoff.davis@klgates.com]
**Sent:** Monday, November 21, 2011 6:25 PM
**To:** DeJardin, Bradford
**Cc:** Farkas, Stephen P.
**Subject:** Re: Paul Kanonas - Removal to Federal Court

You can definitely state that we have no objections.

Geoffrey M. Davis
K&L Gates LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
(310) 552-5042 direct
(310) 552-5001 fax

On Nov 21, 2011, at 6:06 PM, "DeJardin, Bradford" <bdejardin@mckennalong.com> wrote:

1

All:

We are still trying to get consents to the removal of this action to Federal Court.  Please advise me if you have received authority to consent to Federal Court by your client, Crane Co.  We will file the notice in the morning.

Thanks

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any
attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

This electronic message contains information from the law firm of K&L Gates LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at geoff.davis@klgates.com.

## DeJardin, Bradford

**From:** Calero, Anthony [AJC@llcllp.com]
**Sent:** Tuesday, November 22, 2011 9:51 AM
**To:** DeJardin, Bradford
**Subject:** RE: Paul Kanonas - Removal to Federal Court

Yes.

-----Original Message-----
**From:** DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
**Sent:** Tuesday, November 22, 2011 9:50 AM
**To:** Calero, Anthony
**Subject:** RE: Paul Kanonas - Removal to Federal Court

Anthony, thanks for the reply.  I do not need your client's stipulation at this time.  I just need to know if it will consent to Federal Jx.  By stating that your client will not oppose, can I assume that they will consent to the removal?

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

**From:** Calero, Anthony [mailto:AJC@llcllp.com]
**Sent:** Tuesday, November 22, 2011 8:53 AM
**To:** DeJardin, Bradford
**Subject:** RE: Paul Kanonas - Removal to Federal Court

Brad- I have 2 out of my 4 carriers out of the office the rest of this week.  I can not stipulate to but certainly do not oppose removal.  Sorry I couldn't be more help.  Have a great Thanksgiving.

Tony

-----Original Message-----
**From:** DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
**Sent:** Monday, November 21, 2011 6:17 PM
**To:** Calero, Anthony
**Subject:** Paul Kanonas - Removal to Federal Court

Anthony:

We are still trying to get consents to the removal of this action to Federal Court.  Please advise me if you have received authority to consent to Federal Court by your client, Mechanical Drives & Belting.  We will file the notice in the morning.

Thanks

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

CONFIDENTIALITY NOTICE:

1

This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

## DeJardin, Bradford

| | |
|---|---|
| **From:** | Arash Nematollahi [ANematollahi@PondNorth.com] |
| **Sent:** | Tuesday, November 22, 2011 9:40 AM |
| **To:** | DeJardin, Bradford |
| **Subject:** | RE: Paul Kanonas case - federal removal |

I hope I am not late, but I got their agreement to remove the case. thanks

Arash Nematollahi
**Pond North LLP**
(213) 576-7901

---

**From:** DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
**Sent:** Monday, November 21, 2011 12:12 PM
**To:** Kevin D. Jamison
**Cc:** Arash Nematollahi
**Subject:** Paul Kanonas case - federal removal

Kevin:

I spoke with Arash last Friday and I believe voice mails were left for you on Friday as well regarding the above case. Arash was going to check regarding consent from your clients Keenan Properties and Familian Corp. with respect to having this case removed to Federal Court.  Do you know what the status is?

Thanks

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.

**Ticas, Vanessa**

| | |
|---|---|
| **From:** | DeJardin, Bradford |
| **Sent:** | Monday, November 21, 2011 11:54 AM |
| **To:** | Ticas, Vanessa; Schultz, David |
| **Subject:** | FW: Kanonas - new DeBlase living meso |

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

**From:** Michael Pietrykowski [mailto:MPietrykowski@gordonrees.com]
**Sent:** Monday, November 21, 2011 11:50 AM
**To:** DeJardin, Bradford
**Cc:** Jeff Coons
**Subject:** RE: Kanonas - new DeBlase living meso

Ingersoll Rand

Waiting on Goulds Pumps

**From:** DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
**Sent:** Monday, November 21, 2011 11:47 AM
**To:** Michael Pietrykowski; Gery Zacher
**Cc:** Jeff Coons
**Subject:** RE: Kanonas - new DeBlase living meso

OK, thanks Mike.  Which client is able to give consent at this time?

We are finalizing the notice and would like to have as much information included regarding our efforts.

Thanks again.

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

**From:** Michael Pietrykowski [mailto:MPietrykowski@gordonrees.com]
**Sent:** Monday, November 21, 2011 11:43 AM
**To:** DeJardin, Bradford; Gery Zacher
**Cc:** Jeff Coons
**Subject:** RE: Kanonas - new DeBlase living meso

Brad - We have a " go " from one client. I expect to hear back today from the other client . I don't expect any objection and will get back to you later.

Thanks, Mike

1

**Schultz, David**

| | |
|---|---|
| From: | DeJardin, Bradford |
| Sent: | Monday, November 21, 2011 4:17 PM |
| To: | Schultz, David |
| Cc: | Ticas, Vanessa |
| Subject: | FW: Kanonas - new DeBlase living meso |

For Goulds.

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

**From:** Jeff Coons [mailto:JCoons@gordonrees.com]
**Sent:** Monday, November 21, 2011 3:54 PM
**To:** DeJardin, Bradford
**Cc:** Michael Pietrykowski
**Subject:** RE: Kanonas - new DeBlase living meso

Brad -  Goulds Pumps, Inc. is also ok with the removal.  Contact us with any questions.  thx, Jeff

**From:** Michael Pietrykowski
**Sent:** Monday, November 21, 2011 11:43 AM
**To:** 'DeJardin, Bradford'; Gery Zacher
**Cc:** Jeff Coons
**Subject:** RE: Kanonas - new DeBlase living meso

Brad - We have a " go " from one client. I expect to hear back today from the other client . I don't expect any objection and will get back to you later.

Thanks, Mike

**From:** DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
**Sent:** Monday, November 21, 2011 10:43 AM
**To:** Gery Zacher
**Cc:** Michael Pietrykowski
**Subject:** RE: Kanonas - new DeBlase living meso

Excellent.  Thanks Gery

**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

**From:** Gery Zacher [mailto:Gzacher@gordonrees.com]
**Sent:** Monday, November 21, 2011 10:41 AM
**To:** DeJardin, Bradford
**Cc:** Michael Pietrykowski
**Subject:** RE: Kanonas - new DeBlase living meso

## Schultz, David

| From: | Schultz, David |
|-------|----------------|
| Sent: | Monday, November 21, 2011 5:51 PM |
| To: | DeJardin, Bradford |
| Subject: | Kanonas |

Union Carbide Corporation and CertainTeed Corporation consent to removal to federal court.

**David Schultz | Of Counsel**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA  90071
Tel: 213.243.6129 | Fax: 213.243.6330 | **dschultz@mckennalong.com**

## DeJardin, Bradford

| | |
|---|---|
| **From:** | Dean A. Olson [DOlson@mpplaw.com] |
| **Sent:** | Tuesday, November 22, 2011 11:02 AM |
| **To:** | DeJardin, Bradford; Mary I. Pillars |
| **Subject:** | RE: Paul Kanonas - Removal to Federal Court |

Brad,

This shall confirm our conversation in which I advised you that Crown Cork & Seal consents to the removal of this action to Federal Court.


Dean A Olson
Morris, Polich & Purdy
1055 W 7th St 24th flr
Los Angeles CA 90017
Dir 213-417-5132
Cell 818-317-7322

---

**From:** DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
**Sent:** Monday, November 21, 2011 6:13 PM
**To:** Dean A. Olson; Mary I. Pillars
**Subject:** Paul Kanonas - Removal to Federal Court

Dean/Mary:

We are still trying to get consents to the removal of this action to Federal Court.  Please advise me if you have received authority to consent to Federal Court by your client, Crown Cork & Seal.  We will file the notice in the morning.

Thanks


**Brad DeJardin**
**McKenna Long & Aldridge LLP**
300 South Grand Avenue, 14th Floor | Los Angeles, CA 90071
Tel: 213.243.6116 | Fax: 213.243.6330 | bdejardin@mckennalong.com

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from
the law firm of McKenna Long & Aldridge LLP, and are
intended solely for the use of the named recipient or
recipients. This e-mail may contain privileged
attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an
intended recipient is strictly prohibited. If you are not a
named recipient, you are prohibited from any further
viewing of the e-mail or any attachments or from making any
use of the e-mail or attachments. If you believe you have
received this e-mail in error, notify the sender
immediately and permanently delete the e-mail, any

attachments, and all copies thereof from any drives or
storage media and destroy any printouts of the e-mail or
attachments.

**PRIVILEGED AND CONFIDENTIAL INFORMATION**
The information contained in this document is intended solely for use by the persons or entities identified above. This electronically transmitted document contains privileged and confidential information including information which may be protected by the attorney-client and/or work product privileges. If you are not the intended recipient, be aware that any disclosure, copying, distribution or other use of the contents of this transmission is prohibited. If you received this transmission in error, please notify us by telephone (213-891-9100) and permanently delete this message without making a copy.

**EXHIBIT E**

## DeJardin, Bradford

| | |
|---|---|
| **From:** | James Scadden [JScadden@gordonrees.com] |
| **Sent:** | Friday, November 18, 2011 3:31 PM |
| **To:** | DeJardin, Bradford; Jeff Coons; mpietrykoski@gordonrees.com; mmckay@godonrees.com |
| **Cc:** | scororan@goronrees.com |
| **Subject:** | RE: Kanonas - new DeBlase living meso |

Brad - plaintiffs have agreed to resolve this matter with Buffalo Pumps.
We expect to receive a formal dismissal shortly. JIM

-----Original Message-----
From: DeJardin, Bradford [mailto:bdejardin@mckennalong.com]
Sent: Friday, November 18, 2011 2:20 PM
To: Jeff Coons; mpietrykoski@gordonrees.com; James Scadden; mmckay@godonrees.com
Cc: scororan@goronrees.com
Subject: Kanonas - new DeBlase living meso

All:

We are going to be giving notice of removal of the case. Short story, plaintiff worked at
Camp Pendleton from 1968 - 1996. This a Federal Enclave.

You represent Goulds, Buffalo and Ingersoll in the case. We have no information as to the
status of service of the complaint on your
clients.   We have Union Carbide, CertainTeed and Metalclad.

We are seeking consent to federal jurisdiction from all known defendants.

Can you please let me know: 1) if each client has been served; and 2) if the have been, if
they will consent.

We will be filing the notice this Monday.

Let me know if you have any questions.   My office number at MeKenna is
213 243 6116.

Thanks

Brad DeJardin

Sent from my iPhone


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long &
Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This
e-mail may contain privileged attorney/client communications or work product. Any
dissemination of this e-mail by anyone other than an intended recipient is strictly
prohibited. If you are not a named recipient, you are prohibited from any further viewing of
the e-mail or any attachments or from making any use of the e-mail or attachments. If you
believe you have received this e-mail in error, notify the sender immediately and permanently
delete the e-mail, any attachments, and all copies thereof from any drives or storage media
and destroy any printouts of the e-mail or attachments.

---------------------------------------------------------

San Francisco * San Diego * Los Angeles * Sacramento * Orange County * Las Vegas * Portland *
Seattle * Houston * Chicago * Phoenix * Dallas * New York * Long Island * Florham Park *
Denver * Miami * Atlanta * Austin * Hartford


This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY
PRIVILEGED and is intended only for the use of the intended recipients identified above. If
you are not the intended recipient of this communication, you are hereby notified that any
unauthorized review, use, dissemination, distribution, downloading, or copying of this
communication is strictly prohibited. If you are not the intended recipient and have received
this communication in error, please immediately notify us by reply email, delete the
communication and destroy all copies.


IRS CIRCULAR 230 DISCLOSURE
To ensure compliance with requirements by the IRS, we inform you that any U.S. tax advice
contained in this communication (including any attachments) is not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or
matter addressed herein.
GORDON & REES LLP
http://www.gordonrees.com