BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL No. 875 – In re Asbestos Litigation

*David M. Thompson, Jr. v. Crane Co., et al.*,
District of Hawaii, C.A. No. 1:11-00638

## DEFENDANT CRANE CO.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE THE <u>CONDITIONAL TRANSFER ORDER</u>

Crane Co. opposes Plaintiffs' Motion to Vacate the Conditional Transfer Order. Plaintiffs do not dispute that this action is an asbestos-related bodily injury claim. Instead, Plaintiffs move to vacate Conditional Transfer Order No. CTO-459 on the grounds that: (1) Plaintiffs' Motion for Remand is pending; (2) The U.S. District Court for the District of Hawaii is best suited to decide the Motion to Remand because it will follow Ninth Circuit precedent in deciding the motion, while MDL No. 875 will not; and (3) it is no longer appropriate to transfer living mesothelioma claims to MDL No. 875.

All of Plaintiffs' arguments, however, have repeatedly been rejected by this Panel, finding that the consolidation of these asbestos cases serves the convenience of the parties and witnesses, and promotes the just and efficient conduct of the litigation. Although not mentioned in Plaintiffs' Motion to Vacate the Conditional Transfer Order, the United States Court of Appeals for the Ninth Circuit issued an opinion rejecting Plaintiffs' narrowed application of the government contractor

defense in failure to warn claims.  *Getz v. The Boeing Co.*, 654 F.3d 852, 867 (9th Cir. 2011) (rejecting the notion that *In re Hawaii Fed. Asbestos Cases,* 960 F.2d 806 (9th Cir. 1992) requires a government prohibition of warnings and holding that to limit a failure to warn government contractor defense "to those instances where the government forbids additional warning or dictates the precise contents of a warning would be inconsistent with the [Supreme] Court's decision in *Boyle*"). Accordingly, Plaintiffs' second argument fails because it is premised on the erroneous presumption that the United States District Court in Hawaii will apply Plaintiffs' flawed interpretation of prior Ninth Circuit opinions.

I.    **Plaintiffs' Contentions That the Judicial Panel Should Wait on the Transferee Court to Decide Remand Issues has Been Considered and Rejected**

Plaintiffs' assertions that transfer of this case to MDL No. 875 while a remand motion is pending in the local District Court would inconvenience the parties and impede the just and efficient administration of this action has been expressly rejected by the Panel.  "Plaintiffs in these actions have argued in essence that transfer should be denied . . . in order to permit the resolution of pending motions to remand the actions to state court.  There is no need to delay transfer in order to accommodate such an interest" as the transferor courts have adequate time to rule on such pending motions before a final transfer order is issued.  *In re Asbestos Products Liability Litigation (No. VI)*, 170 F. Supp. 2d 1348, 1349 n.1.

2

(J.P.M.L. 2001) (noting that "as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order."); *In re Asbestos Products Liability Litigation (No. VI)*, 560 F. Supp. 2d 1348, 1367 (J.P.M.L. 2008) (transferring eight asbestos claims where plaintiffs moved to vacate the conditional transfer orders pending the transferring District Court's ruling on motions to remand).

## II.    The Hawaii District Court is Not Better Suited to Decide the Motion to Remand Than MDL No. 875, and the Courts Will Follow the Same Analysis With Respect to Determining Federal Officer Jurisdiction

Contrary to Plaintiffs' assertions that there is no colorable federal defense based on the government contractor defense in the Ninth Circuit, the government contractor defense is indeed recognized in the Ninth Circuit.  Plaintiffs' Motion at ¶ 1.  Moreover, the Ninth Circuit does not require a defendant to prove that the government affirmatively precluded the warnings in question to satisfy the *Boyle* standard.  *Getz*, 654 F.3d at 867 (rejecting such a narrowed application of the government contractor defense in failure to warn claims).  Likewise, in claims based upon a failure to warn theory, a majority of circuits have stated expressly that contractors need not show an express government prohibition on a certain type

of warning, but rather, must establish only that the government exercised its
discretion regarding warnings to be placed on a defendant's product.  *Id.  See also
Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1003 (7th Cir. 1996), *cert. denied*,
520 U.S. 1116, 117 S. Ct. 1246, 137 L. Ed. 2d 328 (1997); *In re Joint Eastern &
Southern District New York Asbestos Litigation*, 897 F.2d 626 (2d Cir. 1990);
*Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431, 437 (5th Cir. 2000); *Tate v.
Boeing Helicopters*, 140 F.3d 654, 660 (6th Cir. 1998); *Hagen v. Benjamin Foster*,
739 F. Supp. 2d 770 (MDL No. 875 2010); *Faddish v. General Electric Co.*, 2010
WL 4146108, at *8-9 & n.6 (E.D. Pa. Oct. 20, 2010) (granting summary judgment
on the government contractor defense while holding that "[t]he prevailing view is
that an independent contractor does not have to show an express government
prohibition on all warnings," and recognizing that the prohibition requirement has
been "rejected by every Circuit court to consider the issue, as well as district courts
in this circuit"); *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 51,
58 n.12 (D. Mass. 2008) (holding that "the weight of the cases suggest that there is
no 'strict requirement that the government "prohibit" warnings altogether or
"dictate" the contents of the warnings actually incorporated' ") (quoting *Oliver*, 96
F.3d at 1004 n.8).

The *Getz* decision expressly clarifies two prior Ninth Circuit opinions that
have been misinterpreted by some courts and regularly cited by plaintiffs,

including here, for the proposition that the Ninth Circuit required defendants to produce evidence that the government prohibited warnings.  Specifically, the unanimous three-judge panel in *Getz* rejected these flawed interpretations of the prior Ninth Circuit opinions stating:

> We are not persuaded by Plaintiffs' suggestion that our decisions in *Butler* and *Hawaii Federal Asbestos* limit the defense to cases in which the government specifically forbids warnings altogether or to instances where the government explicitly dictates the content of warnings adopted.   These cases only require that governmental approval (or disapproval) of particular warnings "conflict" with the contractor's "duty to warn under state law."  *Butler*, 89 F.3d at 586; see also *Haw. Fed. Asbestos*, 960 F.2d at 813 (rejecting the defense where the government's specifications were silent about warnings).  To read these cases as limiting preemption to those instances where the government forbids additional warning or dictates the precise contents of a warning would be inconsistent with the Court's decision in *Boyle*. *See Oliver*, 96 F.3d at 1004 n. 8 (rejecting plaintiff's argument that *Butler and Hawaii Federal Asbestos* could be interpreted as imposing such a "rigid" rule).  *Boyle* makes clear that government discretion, rather than dictation, is the standard.  487 U.S. at 512–13.

*Getz*, 654 F.3d at 867.

For asbestos claims in particular, the Judge presiding over MDL 875, the Federal Multidistrict Litigation Judge tasked with determining common issues of federal law applicable to all asbestos claims, has repeatedly denied motions to remand in cases removed on the basis of federal officer jurisdiction.  *See, e.g.,*

*Hagen*, 739 F. Supp. 2d at 783 (holding that "[f]or policy reasons, Congress has erected a road to federal court for litigants who can invoke a federal defense.  It is not the Court's role to impose judicially created tolls on those who seek to travel on it."); *In re Asbestos Products Liability Litigation (No. VI)*, 2011 WL 925414, at *4-6 (MDL No. 875 March 16, 2011); *Stone v. Various Defendants*, No. 2:09-cv-93726-ER, at 3 n.1 (MDL No. 875 March 22, 2011); *Neubrand v. Various Defendants*, No. 2:10-78901, at 2-3 n.1 (MDL No. 875 Feb. 3, 2011); *Rabovsky v. Air & Liquid Systems*, No. 10-3202 (MDL No. 875 July 28, 2011); *Constantinides v. Alfa Laval*, No. 09-70613 (E.D. Pa. July 28, 2011); *Floyd v. Air & Liquid Systems*, No. 10-69379 (MDL No. 875 July 29, 2011).

In accordance with Ninth Circuit and MDL No. 875 precedent, Crane Co. provides a colorable government contractor defense under the modified *Boyle* standard that is applied to warning cases.  *Getz* confirmed that a government contractor in a failure-to-warn claim must show that it acted in compliance with "reasonably precise specifications imposed on it by the United States in deciding whether to provide a warning."  *Getz*, 654 F.3d at 866.

## III.  <u>Transfer to MDL 875 Does not Violate Plaintiffs' Due Process Rights Because the Pretrial Proceedings can be Tailored to Accommodate Mr. Thompson's Health</u>

Plaintiffs argue that living mesothelioma claims should not be transferred to MDL No. 875, but Plaintiffs' have not alleged that Mr. Thompson has been

diagnosed with mesothelioma.  In their Complaint, Plaintiffs allege that Mr.

Thompson has asbestosis, a non-malignant disease.  Nevertheless, they argue

Plaintiffs could be denied their day in court if this case were transferred to the

MDL because Mr. Thompson may not survive the conclusion of pretrial

proceedings.  The fact that Mr. Thompson is an 83 year-old claimant, however, is

not a basis for vacating the conditional transfer order.

The transferee court can and has exercised its discretionary power to tailor

pretrial proceedings to accommodate the exigencies of asbestos litigation, which

includes prioritizing cases for trial based on the severity of a claimant's injury.  *See*

*In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000) (noting the transferee court's

administrative order prioritizing for mediation cases involving mesothelioma and

certain lung cancers); *see also In re Asbestos Products Liability Litigation (No.*

*VI)*, No. Civ. A No. MDL 875, 1996 WL 539589 (E.D. Pa. Sept. 16, 1996) (noting

that the court has prioritized malignancies and other serious disease cases); *In re*

*Asbestos Products Liability Litigation (No. VI)*, 170 F. Supp. 2d at 1349-1350

(rejecting plaintiffs' argument that transfer to the MDL violates their constitutional

right to a jury trial).  Plaintiffs' complaints of hardship do not justify vacating the

Conditional Transfer Order.

**IV.**   **Transfer to the MDL 875 Would Not Inconvenience Plaintiffs**

This panel has consistently rejected arguments to vacate conditional transfer orders of potential "tag-along" actions, for the reasons set forth in the July 29, 1991, Opinion and Order of the Judicial Panel on Multidistrict Litigation, In re Asbestos Products Liability Litigation (No. VI) ("Order of 1991").  In 1991, this Honorable Judicial Panel determined that the magnitude of the litigation and the increased numbers of actions and parties in federal asbestos personal injury litigation warranted the centralization of all such cases.  28 U.S.C. § 1407(a) authorized the Judicial Panel to transfer federal asbestos actions to multidistrict litigation when it determines that such transfers "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  *In re Asbestos Products Liability Litigation (No. VI)*, Docket No. 875 (J.P.M.L. July 29, 1991), at p. 5, *citing* from 28 U.S.C. § 1407(a).

**V.**   **Conclusion**

Vacating the Conditional Transfer Order is unwarranted.  Common questions of fact exist between Plaintiffs' asbestos-related personal injury case and those cases previously transferred to MDL No. 875.  As repeatedly determined by the Panel under conditions almost identical to those presented here, tag-along consolidation with MDL No. 875 serves the convenience of the parties and witnesses, and promotes the just and efficient conduct of the litigation.  For the

8

foregoing reasons, Crane Co. respectfully requests that the Panel deny Plaintiffs'

Motion to Vacate Conditional Transfer Order No. 459.

Respectfully submitted,

/s/ Lee T. Nakamura
Lee T. Nakamura
Tom Petrus & Miller, LLLC
1164 Bishop Street, Suite 650
Honolulu, HI  96813
808-792-5800
Email:  lnakamura@tpm-hawaii.com
Counsel for Defendant
CRANE CO.