UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)     MDL No. 875

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs in the five actions listed on Schedule A move to vacate orders conditionally transferring their actions to MDL No. 875. Responding defendants oppose the motions.[1]

After considering all argument of counsel, we find that these actions involve common questions of fact with actions previously transferred to MDL No. 875, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is appropriate for the reasons set out in our original decision directing centralization of all pending federal court actions not then in trial sharing factual questions of injury or death allegedly caused by asbestos or asbestos containing products. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). These actions are asbestos personal injury suits, and clearly fall within the MDL's ambit.

In their motions to vacate, plaintiffs cite the pendency of motions for remand to state court. As we have often held, however, a pending remand motion generally is not a sufficient reason to vacate a conditional transfer order. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so. Here, the District of Hawaii court has temporarily stayed the actions to allow the Panel to rule on plaintiff's motions to vacate. In doing so, the court has specifically found that the actions present jurisdictional issues both difficult and similar or identical to those in actions previously transferred or likely to be transferred to the MDL, and that allowing the transferee court to rule on the remand issue would further judicial economy and consistency.

---

[*] Judge John G. Heyburn II, Judge W. Royal Furgeson, Jr., and Judge Marjorie O. Rendell took no part in the disposition of this matter.

[1] Defendants Air & Liquid Systems Corporation, Crane Co., IMO Industries, Inc., and Warren Pumps, LLC.

- 2 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

Frank C. Damrell, Jr.   Barbara S. Jones
Paul G. Barbadoro

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                MDL No. 875

## SCHEDULE A

District of Hawaii

Roger E. Nelson, et al. v. Crane Company, et al., C.A. No. 1:11-00400
Roger E. Nelson, et al. v. Crane Company, et al., C.A. No. 1:11-00402
Roger E. Nelson, et al. v. Crane Company, et al., C.A. No. 1:11-00405
Roger E. Nelson, et al. v. Crane Company, et al., C.A. No. 1:11-00406
Minoru Arakaki, et al. v. Crane Company, et al., C.A. No. 1:11-00449