UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

|  |  |  |
|---|---|---|
| | ) | |
| **Rendon Joseph Francis v. Union Carbide Corp., et al.** | ) | **MDL No. 875** |
| E.D. Louisiana, C.A.  No. 2:11-cv-02695-JCZ-ALC | ) | |
| | ) | |
| **CONDITIONAL TRANSFER ORDER 461 (CTO-461)** | ) | |
| Schedule CTO-461 - Tag-along Action | ) | |

### DEFENDANT CONTINENTAL INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant, Continental Insurance Company ("Continental"), appears herein through undersigned counsel and, for its memorandum in opposition to the Plaintiff's motion to vacate this Panel's Conditional Transfer Order No. 461, respectfully shows as follows:

Continental filed a Notice of Potential "Tag-Along" action with this Panel, in accordance with Panel Rule 7.1, on November 4, 2011.  This Panel issued Conditional Transfer Order No. 461 in response on November 7, 2011 (Doc. #'s 8026 and 8027).  Plaintiff filed Notice of Opposition to the Conditional Transfer Order, also on November 7, 2011 (Doc. #'s 8028 and 8029) and then the Motion to Vacate Conditional Transfer Order, with Memorandum in Support, on November 22, 2011 (Doc. #8091).  Continental submits this memorandum as its timely opposition to that Motion to Vacate.

As Plaintiff notes in his motion, this case is currently pending in the Eastern District of Louisiana, after Continental removed the action from Louisiana state court, pursuant to 28 U.S.C. §1442(a)(1).  Plaintiff has filed a motion to remand this case from the Eastern District back to the Civil District Court for Orleans Parish, Louisiana.  Continental has filed an

00280272-1

exhaustive opposition to the remand and support for the propriety of removal, with thousands of pages of documentary support, in this case in the Eastern District of Louisiana, and Plaintiff has filed a reply to Continental's Opposition. That motion to remand, and the extensive memoranda and associated evidentiary submissions associated with it, are pending under advisement before the Hon. Jay Zainey, having been submitted on November 23, 2011.

Other than the pending Motion to Remand, Plaintiff has offered no opposition to the Conditional Transfer Order. Rather, Plaintiff merely urges this Panel to allow the Eastern District of Louisiana to resolve the motion to remand. In fact, Plaintiff affirmatively states: "If the case is not remanded, it can then be transferred to MDL-875 as this court sees fit." *See* Doc. # 8091-1, page 2. Plaintiff offers no opposition to the transfer of the case to MDL-875, other than the pendency of the motion to remand in the Eastern District.

As this Panel has previously stated in *Donlon v. A C & S, Inc. and Finkler v. John Doe Corporations*, Doc. No. 7933 in MDL-875, filed October 11, 2011 (Exhibit "A" to this response memorandum), and in *Nelson v. Crane Company, et. al (four cases), and Arakaki v. Crane Company*, Doc. No. 7936, filed October 12, 2011 (Exhibit "B" to this response memorandum):

> As we have often held, however, a pending remand motion generally is not a sufficient reason to vacate a conditional transfer order. Under Panel Rule 2.1(d), **the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending**. **Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so**. *See* Exhibits "A" and "B" (Panel Orders) (emphasis supplied).

Thus, a pending remand motion is not generally a sufficient reason to vacate a conditional transfer order; and Plaintiff offers no other opposition to the transfer. Continental does, however, acknowledge that the motion to remand is pending in the Eastern District, under

00280272-1

advisement with Judge Zainey, and that Judge Zainey must process extensive argument and voluminous documentary submissions in resolving the remand motion. Consequently, Continental yields to the sound discretion of this Panel regarding the timing of the finalization of transfer. Continental simply notes that Plaintiff has offered no opposition at all to finalization of transfer, other than the pending motion to remand, and that, therefore, the question is not whether finalization of transfer is appropriate but rather when, in the exercise of this Panel's sound discretion, the finalization of transfer should occur.

WHEREFORE, DEFENDANT, CONTINENTAL INSURANCE COMPANY, PRAYS that the Plaintiff's Motion to Vacate Conditional Transfer Order should be denied, and this matter should be transferred to MDL-875, with the timing of said finalization of transfer to be in accordance with the sound discretion of this Honorable Panel, together with such other relief as the Panel deems appropriate in the premises.

> Respectfully submitted,
>
> **DUPLASS, ZWAIN, BOURGEOIS,**
> **PFISTER & WEINSTOCK**
>
> /S/PAUL J. VERLANDER_____
> **GARY M. ZWAIN, La. Bar Roll #13809**
> **PAUL J. VERLANDER, La. Bar Roll #19196**
> **NICOLE M. BOYER, La. Bar Roll #29775**
> Three Lakeway Center, Suite 2900
> 3838 N. Causeway Boulevard
> Metairie, LA 70002
> Phone:   (504) 832-3700
> Fax:       (504) 837-3119
> **ATTORNEYS FOR CONTINENTAL INSURANCE**
> **COMPANY successor by merger to FIDELITY &**
> **CASUALTY COMPANY OF NEW YORK**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of December, 2011, I electronically filed the foregoing document with the Clerk of Court of the Multidistrict Litigation Panel by using the CM/ECF system and a copy of the foregoing pleading has been electronically mailed to all attorneys of record in Docket No. 2:11-cv-02695-JCZ-ALC, on the docket of the United States District Court for the Eastern District of Louisiana.

/S/PAUL J. VERLANDER
PAUL J. VERLANDER

00280272-1