STD

# U.S. District Court
# DISTRICT OF ARIZONA (Prescott Division)
# CIVIL DOCKET FOR CASE #: 3:11-cv-08137-PGR

Ward v. BNSF Railway Company
Assigned to: Judge Paul G Rosenblatt
Cause: 45:51 Railways: Fed. Employer's Liability Act

Date Filed: 09/08/2011
Jury Demand: Both
Nature of Suit: 330 Federal Employer's Liability
Jurisdiction: Federal Question

**Plaintiff**

**John A Ward, Sr.**                    represented by **Hector L Sandoval**
Roven-Kaplan LLP
2190 North Loop West
Ste 410
Houston, TX 77018
713-465-8522
Fax: 713-465-3658
Email: hsandoval@rovenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John D Roven**
Roven-Kaplan LLP
2190 North Loop West
Ste 410
Houston, TX 77018
713-465-8522
Fax: 713-465-3658
Email: jroven@rovenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Anthony Kille**
The Kille Law Firm PLLC
7550 E Addis Ave
Prescott Valley, AZ 86314
928-775-9398
Fax: 928-775-9817
Email: mark@killelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BNSF Railway Company**
*successor in interest*
Burlington Northern and Santa Fe
Railway Company

represented by **Bradley David Shwer**
Fennemore Craig PC - Phoenix, AZ
3003 N Central Ave., Ste. 2600
Phoenix, AZ 85012
602-916-5000
Fax: 602-916-5671
Email: bshwer@fclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Lee Thorpe**
Fennemore Craig PC
3003 N Central Ave., Ste. 2600
Phoenix, AZ 85012-2913
602-916-5000
Fax: 602-916-5550
Email: wthorpe@fclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/08/2011 | 1 | COMPLAINT. Filing fee received: $ 350.00, receipt number 0970-5790201, filed by John A Ward. (Attachments: # 1 Civil Cover Sheet(Submitted by Mark Kille)(JRD) (Entered: 09/08/2011) |
| 09/08/2011 | 2 | SUMMONS Submitted by John A Ward. (Submitted by Mark Kille) (JRD) (Entered: 09/08/2011) |
| 09/08/2011 | 3 | Filing fee paid, receipt number 0970-5790201. This case has been assigned to the Honorable Paul G Rosenblatt. All future pleadings or documents should bear the correct case number: CV-11-8137-PCT-PGR. Notice of Availability of Magistrate Judge to Exercise Jurisdiction form attached. (JRD) (Entered: 09/08/2011) |
| 09/08/2011 | 4 | Summons Issued as to BNSF Railway Company. (JRD). *** IMPORTANT: When printing the summons, select "Document and stamps" or "Document and comments" for the seal to appear on the document. (Entered: 09/08/2011) |
| 09/08/2011 | 5 | NOTICE TO FILER OF DEFICIENCY re 1 Complaint filed by John A Ward. Description of deficiency: Document not in compliance with Local Rule 7.1(c). Document is not text searchable. (JRD) (Entered: 09/08/2011) |
| 09/13/2011 | 6 | ORDER SETTING SCHEDULING CONFERENCE Scheduling Conference set for 2/6/2012 at 11:00 AM in Courtroom 601, 401 West Washington Street, Phoenix, AZ 85003 before Judge Paul G Rosenblatt.. Signed by Judge Paul G Rosenblatt on 9/13/2011. (see order details)(TCA) (Entered: 09/13/2011) |
| 09/26/2011 | 7 | AFFIDAVIT of Service for Complaint, Summons, Notice of Availability of United States Magistrate Judge served on CT Corporation on 9/19/11, filed by John A Ward, Sr. (Kille, Mark) (Entered: 09/26/2011) |

| 09/26/2011 | 8 | MOTION for Admission Pro Hac Vice as to attorney Hector L. Sandoval by John A Ward, Sr. (Attachments: # 1 Certificate of Good Standing)(Sandoval, Hector) (Entered: 09/26/2011) |
| --- | --- | --- |
| 09/26/2011 | 9 | MOTION for Admission Pro Hac Vice as to attorney John D. Roven by John A Ward, Sr. (Attachments: # 1 Certificate of Good Standing)(Roven, John) (Entered: 09/26/2011) |
| 09/26/2011 | | PRO HAC VICE FEE PAID. $ 100, receipt number PHX114047 as to John D Roven, Hector L Sandoval. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 09/26/2011) |
| 09/26/2011 | 10 | ORDER pursuant to General Order 09-08 granting 8 Motion for Admission Pro Hac Vice; granting 9 Motion for Admission Pro Hac Vice. Per the Court's Administrative Policies and Procedures Manual, applicant has five (5) days in which to register as a user of the Electronic Filing System. Registration to be accomplished via the court's website at www.azd.uscourts.gov. (BAS)(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (Entered: 09/26/2011) |
| 10/06/2011 | 11 | *BNSF's* ANSWER to 1 Complaint by BNSF Railway Company.(Shwer, Bradley) (Entered: 10/06/2011) |
| 10/06/2011 | 12 | DEMAND for Trial by Jury by BNSF Railway Company. (Shwer, Bradley) (Entered: 10/06/2011) |
| 10/06/2011 | 13 | Corporate Disclosure Statement by BNSF Railway Company. (Shwer, Bradley) (Entered: 10/06/2011) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 12/13/2011 10:33:02 | | |
| PACER Login: | ro1369 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:11-cv-08137-PGR |
| Billable Pages: | 2 | Cost: | 0.16 |

Mark A. Kille (AZ Bar No. 024441)
THE KILLE LAW FIRM, PLLC
7550 E. Addis Avenue
Prescott Valley, AZ 86314
P: 928.775.9398  F: 928.775.9817
E-mail: mark@killelaw.com

John D. Roven
Hector L. Sandoval
ROVEN-KAPLAN, LLP
2190 North Loop West, Suite 410
Houston, Texas 77018
P: 713.465.8522  F: 713.465.3658
E-mail: hsandoval@rovenlaw.com
ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **JOHN A. WARD, SR.,** ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> **The BNSF RAILWAY COMPANY, a corporation, individually and as, successor in interest to the Burlington Northern and Santa Fe Railway Company,** ) <br><br> Defendants. ) | **Case No:** <br><br> **COMPLAINT** <br><br> **(Tort –Federal Employers' Liability)** <br><br><br> **JURY TRIAL DEMANDED** |

NOW COMES PLAINTIFF, JOHN A. WARD, SR., by and through his attorneys, and for his complaint against the Defendant, states:

### PARTIES

1.      Plaintiff, JOHN WARD, is a citizen of Arizona.  John A. Ward, Sr. resides in Mohave County, Arizona.

2.      That at all times mentioned herein, and for some time prior thereto and thereafter, the Defendant, the BNSF RAILWAY COMPANY, was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad and is the

1

successor-in-interest to the Burlington Northern; and for the purposes thereof, did operate its business, maintain offices and place its agent, servants and employee throughout Navajo County, Arizona. Service of process may be had upon Defendant, BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, by serving CT Corporation, 2394 East Camelback Road, Phoenix, Arizona 85016.

**JURISDICTION AND VENUE**

3.      That during the course of the Plaintiff's employment, the railroad Defendant was engaged in interstate commerce as a common carrier by rail, and all or part of the duties of the Plaintiff was in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 51 *et seq.*, which Act grants this Court jurisdiction over this action.

4.      That beginning in 1976, the Plaintiff was engaged in the performance of his duties in furtherance of interstate commerce and was required to work with and around asbestos-containing products in the Defendant=s various railroad shops and facilities, including the shops and facilities in and around the State of Arizona and California.

5.      That during the course of the Plaintiff's employment with the Defendant railroad, or its predecessors, the Plaintiff was engaged in the course of his employment at its repair shops and facilities in and around Barstow, California, and elsewhere for Plaintiff John A. Ward, Sr.  who worked as a Laborer and in other various roles and assignments where he was required and caused to work with and in the vicinity of toxic substances, including asbestos and asbestos-containing products and materials. Such exposures caused the Plaintiff to suffer severe and permanent injury to his person, to-wit: asbestos-related lung disease which was, in all, diagnosed and discovered less than three years prior to the commencement of this civil action and within the time frame required by 45 U.S.C. §56.

2

6.      That at all times relevant, the Plaintiff was unaware of the dangerous propensities of asbestos and asbestos-containing products he was required to work with and around and was unaware of the development of his latent abnormal medical conditions.

## CAUSE OF ACTION

7.      Plaintiff re-alleges Paragraphs 1-6 as if restated here verbatim.

8.      That the railroad Defendant, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a)     in failing to provide the Plaintiff with a reasonably safe place within which to work;

(b)     in failing to furnish the Plaintiff with safe and suitable tools and equipment, including adequate protective masks and/or protective inhalation devices;

(c)     in failing to warn the Plaintiff of the true nature and hazardous effects of the asbestos-related and other hazardous materials;

(d)     in failing to operate the locomotive repair facility in a safe and reasonable manner;

(e)     in failing to provide instructions or a method for the safe use of asbestos;

(f)     in failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

(g)     in failing to test asbestos-containing products prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

(h)     in formulating and using a method of handling asbestos and asbestos-related materials exposing the Plaintiff to high concentrations of asbestos fibers;

(i)     in failing to provide the Plaintiff with safe and proper ventilation system in the Plaintiff's workplace;

(j)     in allowing unsafe practices to become the standard practice;

3

(k)     in  failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing said asbestos and asbestos insulation materials and other asbestos-containing products;

(l)     in failing to inquire of the suppliers of asbestos-containing products, the hazardous nature of asbestos;

(m)     in requiring employees to work with an ultra-hazardous product;

(n)     in failing to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

(o)     in failing to periodically test and examine the Plaintiff to determine if he was subject to any ill effects of his exposure to asbestos-related products and other hazardous substances;

(p)     in failing to periodically inspect its locomotives, boilers, and their appurtenances in order to ascertain any contamination by asbestos fibers;

(q)     in allowing excessive fumes from aerosol, dust, chemicals and exhaust fumes to remain in the work area;

(r)     in failing to provide any or adequate warning to the Plaintiff of the exposure to the carcinogen asbestos at any time, including the time of filing.

9.     That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the railroad Defendant, the Plaintiff  suffered exposure to toxic substances including asbestos and asbestos-containing materials which caused him to sustain severe injury to his respective body and respiratory system, which will likely result in impairment in the future, and which cannot be effectively cured by conservative medical procedures or medications.

10.     That, as a result, the  Plaintiff's enjoyment of life, enjoyment of retirement and earning capacity has been greatly impaired and shortened; and further, that the Plaintiff's expected life span is greatly shortened. Plaintiff further alleges that as a result of his health problems, he has

1   been and will in the future be forced to incur medical expenses by way of doctor, hospital and drug

2   bills expended in an effort to diagnose and monitor his respective permanent, progressive asbestos-

3   related illnesses and potential complications resulting therefrom.

4        11.    That the Plaintiff was a strong and able-bodied man and was gainfully employed

5   prior to the manifestation of his illnesses.  As a result of the illness, he has suffered damages by way

6   of lost earning capacity, fear of future cancer and/or progressive asbestosis, and by way of his

7

8   diminished ability to render services, society, affection, counseling and support to his household and

9   family.

10        WHEREFORE, the Plaintiff demands judgment against the defendant, for money damages

11   for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together

12   with applicable interest, costs and all other relief permitted by law.

13        PLAINTIFF DEMANDS A TRIAL BY JURY.

14

15

16        DATED this 8th day of September, 2011.

17        Respectfully submitted,

18        **THE KILLE LAW FIRM, PLLC**

19        /s/ Mark A. Kille
          By: Mark A. Kille

20        7550 East Addis Avenue
          Prescott Valley, Arizona 86314

21        928.775.9398

22        and

23

24        **ROVEN-KAPLAN, LLP**
          John D. Roven

25        Hector L. Sandoval
          2190 North Loop West, Suite 410

26        Houston, TX  77018
          P: 713.465.8522  F: 713.465.3658

27

28        **ATTORNEYS FOR PLAINTIFF**