# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY**
**LITIGATION (No. VI)**

| | | |
|---|---|---|
| Mary Jo Barnett v. Union Carbide Corporation, et al., | ) | |
| W.D. Kentucky, C.A. No. 5:04-00230 | ) | MDL No. 875 |
| Carol Holland, et al. v. Union Carbide Corporation, et al., | ) | |
| W.D. Kentucky, C.A. No. 5:02-00006) | ) | |

## SEPARATION OF CLAIMS AND REMAND ORDER

**Before the Panel**: Pursuant to Rule 10.2, defendant Union Carbide Corporation (Union Carbide) has moved to vacate our order, entered at the suggestion of the transferee court, conditionally remanding these actions (*Barnett* and *Holland*) to the Western District of Kentucky, with the exception of any claims for punitive or exemplary damages that have previously been severed by the transferee court.[1]  The *Barnett* and *Holland* plaintiffs did not respond to Union Carbide's motions.

After considering all argument of counsel, we find that remand of the non-punitive/exemplary damage claims in *Barnett* and *Holland* is appropriate at this time.  The following quotation from our precedent is instructive:

> In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings.  *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976).  The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended.  *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).

In *Barnett* and *Holland*, the transferee court has entered a suggestion of remand (attached hereto) reflecting its determination that the actions' non-punitive/exemplary damage claims should be remanded to the transferor court.[2]  The number of Section 1407 remands in MDL No. 875 is

---

[1]     *See In re Collins*, 233 F.3d 809, 812 (3d Cir. 2000).

[2]     The suggestion of remand states, *inter alia*, that in each action, (1) the plaintiff has complied
(continued...)

- 2 -

proportionately small, because under the transferee court's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district.  This success rate makes us particularly reluctant to depart from the transferee court's conclusions with respect to the appropriateness of remand.  We therefore will adopt the transferee court's recommendation and order remand of the suggested claims in these actions.

In its motions to vacate, Union Carbide notes that a summary judgment motion is pending in each action.  Union Carbide, however, filed those motions not only after the transferee court's issuance of the suggestion of remand, but also months after the deadline for filing dispositive motions had passed in both actions.  Although Union Carbide argues that its counsel and counsel for the *Barnett* and *Holland* plaintiffs informally stipulated to an extension of that deadline, there is no indication that the transferee court was informed of the stipulation, much less approved it.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims by plaintiffs in *Barnett* and *Holland*, except the severed claims for punitive or exemplary damages, are remanded to the Western District of Kentucky.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil            W. Royal Furgeson, Jr.
Barbara S. Jones             Paul G. Barbadoro
Marjorie O. Rendell          Charles R. Breyer

---

[2](...continued)
with Administrative Orders 12 and 12A entered by the transferee court; (2) the parties have completed their obligations under the governing Rule 16 order; (3) all discovery deadlines have passed; (4) no motions are currently pending; and (5) the action is "prepared for trial without delay once on the transferor court's docket."