Cat08,Vecchiar

**U.S. District Court**
**Northern District of Ohio (Cleveland)**
**CIVIL DOCKET FOR CASE #: 1:11-cv-10001-PAG**
**Internal Use Only**

Peters v. Goodrich Corporation et al
Assigned to: Judge Patricia A. Gaughan
Case in other court: Cuyahoga County Court of Common Pleas, CV-11-768173
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 12/06/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Delores Peters**
*Individually and as Executor for the Estate of*
*other*
Thomas Peters

represented by

**Joshua P. Grunda**
Bevan & Associates
6555 Dean Memorial Pkwy.
Boston Heights, OH 44236
330-650-0088
Fax: 330-467-4493
Email: jgrunda@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick M. Walsh**
Bevan & Associates
6555 Dean Memorial Pkwy.
Boston Heights, OH 44236
330-650-0088
Fax: 330-467-4493
Email: pwalsh9246@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas W. Bevan**
Bevan & Associates
10360 Northfield Road
Northfield, OH 44067
330-467-8571
Fax: 330-650-0088
Email: bevantc@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Goodrich Corporation**

**Defendant**

**Goodyear Tire & Rubber Company**

**Defendant**

**Ford Motor Company**

**Defendant**

**Armstrong International, Inc.**

**Defendant**

**3M Company**

**Defendant**

**Adience, Inc.**

**Defendant**

**Akron Gasket & Packing Enterprises, Inc.**

**Defendant**

**Allied Glove Corporation**

**Defendant**

**American Optical Corporation**

**Defendant**

**American Standard Inc.**

**Defendant**

**Aqua-Chem, Inc.**

**Defendant**

**Marmount Corporation**

**Defendant**

**Asbestos Corporation, Ltd.**

**Defendant**

**A.W. Chesterton Co.**

**Defendant**

**Beazer East, Inc.**

**Defendant**

**Bell Asbestos Mines, Limited**

**Defendant**

**Borg-Warner Corporation**

**Defendant**
**Borg-Warner Automotive, Inc**

**Defendant**
**Clark Industrial Insulation Company**

**Defendant**
**Cooper Industries, Inc.**

**Defendant**
**Corhart Refractories**

**Defendant**
**Crane Environmental, Inc.**

**Defendant**
**Dana Corporation**

**Defendant**
**Illinois Tool Works, Inc.**

**Defendant**
**Donald McKay-Smith Company**

**Defendant**
**Eaton Corporation**

**Defendant**
**The Edward R. Hart Company**

**Defendant**
**Ericsson, Inc.**

**Defendant**
**F.B. Wright Company of Ohio**

**Defendant**
**F.B. Wright Company of Pittsburgh**

**Defendant**
**Flowserve Corporation**

**Defendant**
**FMC Corporation**

**Defendant**
**Foseco, Inc.**

**Defendant**

**Foster Wheeler Energy Corporation**

**Defendant**

**General Electric Company**

**Defendant**

**Genuine Parts Company**

**Defendant**

**General Refractories Company**

**Defendant**

**George V. Hamilton, Inc.**

**Defendant**

**Georgia-Pacific Corp.**

**Defendant**

**Greene Tweed & Company**

**Defendant**

**Hersh Packing & Rubber Co.**

**Defendant**

**Hollow Center Packing Co.**

**Defendant**

**Honeywell International Inc.**

**Defendant**

**Inductotherm Corp.**

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Insul International Inc.**

**Defendant**

**IMCERA**

**Defendant**

**J.H. France Refractories Co.**

**Defendant**

**JNO. J. Disch Co.**

**Defendant**

**John Crane, Inc.**

**Defendant**

**Lindberg MPH**

**Defendant**

**Magnetek, Inc.**

**Defendant**

**MVS Company**

**Defendant**

**McMaster-Carr**

**Defendant**

**The Marmon Group, Inc.**

**Defendant**

**McCord Gasket Company**

**Defendant**

**M.F. Murdock Company**

**Defendant**

**Morton International, Inc.**

**Defendant**

**National Lead Company**

**Defendant**

**Nock Refractories**

**Defendant**

**Oakfabco, Inc.**

**Defendant**

**Oglebay Norton Company**

**Defendant**

**Ohio Valley Insulating Company, Inc.**

**Defendant**

**Okonite Incorporated**

**Defendant**

**Osram Sylvania, Inc.**

**Defendant**

**Pneumo Abex Corporation**

**Defendant**

**Rapid-American Corporation**

**Defendant**

**Red Seal Electric Company**

**Defendant**

**Riley Stoker Corporation**

**Defendant**

**The Rockbestos Company**

**Defendant**

**Rockwell International Corporation**

**Defendant**

**Sepco Corporation**

**Defendant**

**Service Products, Inc.**

**Defendant**

**Tasco Insulating Company**

**Defendant**

**Theim Corporation**

**Defendant**

**Treco Construction Services, Inc.**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**The Weil McClain Division of the Marley Company**

**Defendant**

**Universal Refractories**

**Defendant**

**Viacom, Inc.**

**Defendant**

**Wheeler Protective Apparel**

**Corporation**

**Defendant**

**Zurn Industries, Inc.**

**Defendant**

**Buffalo Pumps, Inc.**

**Defendant**

**Elliott Turbomachinery Co., Inc.**

**Defendant**

**IMO Industries, Inc.**

**Defendant**

**Goulds Pumps, Inc.**

**Defendant**

**Leslie Controls, Inc.**

**Defendant**

**Warren Pumps, Inc.**

**Defendant**

**AMG Industries, Inc.**

**Defendant**

**R.T. Vanderbilt Company, Inc.**

**Defendant**

**I.U. North America, Inc.**

**Defendant**

**Exxon Mobil Corporation**

**Defendant**

**Harper International Corporation**

**Defendant**

**XEF, Inc.**

**Defendant**

**ECOF, Inc.**

**Defendant**

**Electric Furnace Co.**

**Defendant**

**Salem Furnace Company**

**Defendant**

**Ametek, Inc.**

**Defendant**

**Toth Industries**

**Defendant**

**Johnson & Johnson**

**Defendant**

**Southern Talc Company**

**Defendant**

**Eastern Magnesia Talc Co.**

**Defendant**

**Englehard Corporation**

**Defendant**

**Georgia Talc, Co.**

**Defendant**

**Harwick Standard Distribution Corp.**

**Defendant**

**The HallStar Company** represented by **Matthew L. Snyder**
Brzytwa, Quick & McCrystal
900 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113
216-664-6900
Fax: 216-664-6901
Email: snyder@bqmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James L. McCrystal , Jr.**
Brzytwa, Quick & McCrystal
900 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113
216-664-6900
Fax: 216-664-6901
Email: mccrystal@bqmlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ester Solutions Company**

**Defendant**

**McNeil & NRM, Inc**

**Defendant**

**McNeil Corporation**

**Defendant**

**RTD Hallstar, Inc.**

**Defendant**

**John Doe**

**Defendant**

**Crane Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/06/2011 | 1 | **Notice of Removal** from Cuyahoga County Court of Common Pleas, case number CV-11-768173 with jury demand, Filing fee $ 350, receipt number 0647-5062663.. Filed by The HallStar Company. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet) (McCrystal, James) (Entered: 12/06/2011) |
| 12/06/2011 | | (Court only) Referral Terminated (C,BA) (Entered: 12/07/2011) |
| 12/06/2011 | | Random Assignment of Magistrate Judge pursuant to Local Rule 3.1. In the event of a referral, case will be assigned to Magistrate Judge Vecchiarelli. (C,BA) (Entered: 12/07/2011) |
| 12/06/2011 | | (Court only) Utility Event adding party Crane Company. (C,BA) (Entered: 12/07/2011) |
| 12/07/2011 | 2 | Corporate Disclosure Statement filed by HallStar Company. (Snyder, Matthew) (Entered: 12/07/2011) |
| 12/13/2011 | | (Court only) Staff Notes: Complaint and docket sheet emailed to MDL Panel on 12/13/11. (E,P) (Entered: 12/13/2011) |

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

MASTER CONSOLIDATED COMPLAINT
(ASBESTOS PERSONAL INJURY, LOSS OF CONSORTIUM)
(TRIAL BY JURY DEMANDED)

| | |
|---|---|
| Scott Schwab, Individually and as<br>Administrator of the Estate of<br>Douglas L. Good<br>7654 W. Bancroft<br>Toledo, OH 43617<br>(mesothelioma) | Case No.: |
| Bernice Brazelton, Individually and as<br>Executor for the Estate of<br>Everett Brazelton<br>9645 Tracy Lane<br>Parma, OH 44130<br>(mesothelioma) | Case No.: |
| Delores Peters, Individually and as<br>Executor for the Estate of<br>Thomas Peters<br>830 Southwestern Run #64<br>Poland, OH 44154<br>(non smoking lung cancer) | Case No.: |
| Plaintiffs,<br><br>vs. | Judge:<br><br>COMPLAINT<br>(Personal Injury, Loss of<br>Consortium, Wrongful<br>Death and Intentional Tort) |
| Goodrich Corporation<br>CSC Corporation System<br>50 W. BROAD STREET STE 1800<br>Columbus, OH 43215 | Jury Trial Demanded |
| Goodyear Tire & Rubber Company<br>1144 East market Street<br>Akron, Ohio 44316 | |

EXHIBIT A

Ford Motor Company
c/o CT Corporation Systems
1300 E. Ninth St., #1010
Cleveland, OH 44114

ARMSTRONG INTERNATIONAL, INC.
2081 Southeast Ocean Boulevard
Fourth Floor
Stuart, FL 34996

3M Company, f/ka/ Minnesota Mining and
Manufacturing Company
c/o CT Corporation Systems
1300 E. Ninth St., #1010
Cleveland, OH 44114

Adience, Inc.
Successor in interest to Adience
Company, LP, as Successor to BMI, Inc.
And as Successor in Interest to J.H. France
Refractories Co.
c/o Statutory Agent
C.T. Corporation System
1300 E. Ninth St., #1010
Cleveland, OH 44114

Akron Gasket & Packing Enterprises, Inc.
1244 Home Ave.
Akron, OH 44310

Allied Glove Corporation
c/o Stephen Milnac
Swartz Campbell LLC
4750 US Steel Tower
600 Grant Street
Pittsburgh, PA 15219

American Optical Corporation
100 Mechanic Street
Southbridge, MA 01550

American Standard, Inc.
c/o CT Corporation System
36 East 7th Street, Suite 2400
Cincinnati, OH 45202-4459



EXHIBIT A

Aqua-Chem, Inc. and its Division
Cleaver Brooks
7800 N. 113th St.
Milwaukee, WI 53224

Marmount Corporation, Individually and as
Successor in Interest to Arvin Industries, Inc
One Noblitt Plaza
Box 3000
Columbus, IN 47202-3000

Asbestos Corporation, Ltd.
699 Monfette East
Thetford Mines Quebec Canada, G6G 7G9

A. W. Chesterton Co.
c/o Joseph Riley
500 Unicorn Park Drive, 5th floor
Woburn, MA 01801

Beazer East, Inc.
CSC Lawyers Incorporating Service
50 W. Broad Street
Suite 1800
Columbus, OH 43215

Bell Asbestos Mines, Limited
Independently and as successor
In interest and liable for
Atlas Asbestos Co., Inc.
850 Ouellet Ouest
Thetford Mines, Province Quebec
Canada G6G 7A5

Borg-Warner Automotive Inc.
200 S. Michigan Ave.
19th Floor
Chicago, IL 60604

Borg-Warner Corporation
A Delaware Corporation
Successor in Interest to
BorgWarner Morse TEC Inc.
3850 Hamlin Road
Auburn Hills, MI 48326



EXHIBIT A

Clark Industrial Insulation Company
Formerly known as Clark Asbestos
1893 E. 55th Street
Cleveland, OH 44103

Cooper Industries, Inc.
c/o Statutory Agent
C.T. Corporation System
1021 Main #1150
Houston, Texas 77002-6505

Corhart Refractories
Rt. 6, Box 82
Buckhannon, WV 26201

Crane Company
c/o Statutory Agent
C.T. Corporation System
1300 E. Ninth St., #1010
Cleveland, OH 44114

CRANE ENVIRONMENTAL, INC.
(sued individually and as successor in interest to
COCHRANE CORPORATION)
2600 Eisenhower Ave.
Trooper, Pennsylvania 19403-2315

Dana Corporation
P.O. Box 1000
Toledo, OH 43697

Illinois Tool Works, Inc.
Individually and Successor in Interest to
Devcon Corporation
3600 West Lake Ave.
Glenview, IL 60025

Donald McKay-Smith Company
c/o Michael J. Grady
26016 Detroit Rd Ste 7
Westlake, OH 44145

Eaton Corporation
1111 Superior Ave.
Cleveland, OH 44114



EXHIBIT A

Case: 1:11-cv-10001-PAG Doc #: 1-1 Filed: 12/06/11 5 of 22. PageID #: 8

The Edward R. Hart Company )
P.O. Box 6207 )
Canton, Ohio 44706 )

Ericsson, Inc., Successor in )
Interest to the Continental Wire & )
Cable Co. & Anaconda Wire & Cable Co. )
Legal Department )
6300 Legacy Drive )
M/S EVR3-A-5 )
Plano, TX 75024 )

F.B. Wright Company of Ohio )
c/o Andy Wargo )
Bonezzi Switzer Murphy Polito & Hupp )
1300 East Ninth Street, Suite 1950 )
Cleveland, OH 44114 )

F.B. Wright Company of Pittsburgh )
98 Vanadium Rd. )
Bridgeville, PA 15017 )

FLOWSERVE CORPORATION )
(sued individually and as successor in interest to )
WORTHINGTON PUMP CO.) )
5215 N. O'Connor Blvd,. Suite 2300, )
Irving, TX 75039 )

FMC Corporation )
200 East Randolph Drive )
Suite 6700 )
Chicago, IL 60601 )

Foseco, Inc. )
c/o CT Corporation System )
1300 East Ninth Street )
Cleveland, OH 44114 )

Foster Wheeler Energy Corporation )
c/o C T Corporation System )
1300 East Ninth Street )
Cleveland, OH 44114 )

General Electric Company )
c/o CT Corporation System )



EXHIBIT A

Case MDL No. 875 Document 8217-2 Filed 12/14/11 Page 15 of 31

1300 East Ninth Street, Suite 1010 )
Cleveland, OH 44114 )
)
Genuine Parts Company )
Stat Agent: Grant Morris )
2665 W. Dublin Granville Road )
Columbus, OH 43235 )
)
General Refractories Company )
225 City Avenue, Suite 114 )
Bala Cynwyd, PA 19004 )
)
George V. Hamilton, Inc. )
River Avenue )
McKees Rocks, PA 15136 )
)
Georgia-Pacific Corp. )
c/o Statutory Agent )
The Corporation Trust Co. )
1209 Orange Street )
Wilmington, DE 19801 )
)
Greene Tweed & Company )
P.O. Box 305 )
Kulpsville, PA 19443 )
)
Hersh Packing & Rubber Co. )
c/o Stephen Ledbetter )
Statutory Agent )
312 North High Street )
Canal Winchester, Ohio 43110 )
)
Hollow Center Packing Co. )
c/o Statutory Agent )
45 Fox Glen Rd. )
Chagrin Falls, OH 44023 )
)
Honeywell International )
Individually and as Successor in Interest to )
Allied Chemical, Wilputte Coke Oven, )
Bendix, and Allied Signal )
101 Columbia Rd. )
Morristown, NJ 07962 )
)
Inductotherm Corp., )
aka Inductotherm Industries, Inc. )



EXHIBIT A

PO Box 157 )
Rancocas, NJ 08073 )
)
Ingersoll-Rand Company )
c/o Statutory Agent )
C.T. Corporation System )
1300 East Ninth St., #1010 )
Cleveland, Ohio 44114 )
)
Insul International, Inc., as Successor )
in Interest to Insul Company, Inc. )
110 N. Market Street )
East Palestine, OH 44413 )
)
IMCERA )
fka International Minerals & Chemical Corp. )
fka Malinkrodt )
c/o CT Corporation System )
1300 E. 9th Street )
Cleveland, OH 44144 )
)
J.H. France Refractories Co. )
PO Box 276 )
Snow Shoe, PA 16874 )
)
JNO. J. Disch Co. )
c/o Statutory Agent )
John J. Disch )
1616 Coutant Avenue )
Cleveland, Ohio 44107 )
)
John Crane, Inc. )
Formerly known as John Crane Packing Co. )
c/o Statutory Agent )
C.T. Corporation System )
1300 East Ninth St., #1010 )
Cleveland, Ohio 44114 )
)
Lindberg MPH )
3827 Riverside Rd. )
PO Box 131 )
Riverside, MI 49084 )
)
Magnetek, Inc. )
c/o CT Corporation System )

1201 Peachtree Street, NE
Atlanta, GA 30361

MVS Company
c/o Mr. William Bonezzi
1300 E. 9th Street, Suite 1950
Cleveland, OH 44114

McMaster-Carr
P.O. Box 4355
Chicago, Illinois 60680

The Marmon Group, Inc., in its own right
and as Successor in Interest to
Cerro Corporation, Cerro Wire and
Cable Co., Inc., the Rockbestos Co.,
and the Rockbestos Products Corporation
c/o Prentice Hall Corporation
33 North Lasalle Street
Chicago, IL 60602

McCord Gasket Company
c/o The Corporation Company
30600 Telegraph Road
Bingham Farms, MI 48025

M.F. Murdock Company
c/o William D. Bonezzi
1330 East 9th Street, Suite 1950
Cleveland, OH 44114

Morton International, Inc.
c/o CSC - Lawyers Incorporation Service
50 West Broad Street, Suite 1800
Columbus, OH 43215

National Lead Company, fka NL Industries
c/o Prentice Hall Corporation System
380 S. 5th Street
Columbus, OH 43215

Nock Refractories
Fka Nock Fire Brick Company
c/o CT Corporation
1300 East 9th Street
Cleveland, OH 44114

Oakfabco, Inc.
Thomas Charles Stein
210 W 22nd Street, Suite 105
Oak Brook, Illinois 60523

Oglebay Norton Company
c/o National Registered Agents
145 Baker Street
Marion, OH 44302

Ohio Valley Insulating Company, Inc.
c/o Statutory Agent
C.T. Corporation System
1300 E. Ninth St., #1010
Cleveland, Ohio 44114

Okonite Incorporated
A Delaware Corp.
Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Osram Sylvania, Inc.
c/o Statutory Agent
C.T. Corporation System
1300 E. Ninth St., #1010
Cleveland, Ohio 44114

Pneumo Abex Corporation
Successor in Interest to Abex Corp.
c/o Prentice Hall Co., Statutory Agent
Prentice Hall Corporation
50 West Broad St., Suite 1800
Columbus, OH 43215

Rapid-American Corporation, in its
Own Right and as Successor in Interest
to and liable for Philip Carey Corporation
c/o C.T. Corporation System
111 8th Avenue, 13th Floor
New York, NY 10011

Red Seal Electric Company
3835 W. 150th Street
Cleveland, Ohio 44111

Riley Stoker Corporation
A Massachusetts Corporation
c/o Statutory Agent
C.T. Corporation System
1300 E. Ninth St. #1010
Cleveland, OH 44114

The Rockbestos Company
n.k.a. Surprenant Cable Corp.
A Foreign Corporation
c/o Statutory Agent
U.S. Corporation Company
50 West Broad St., Suite 1800
Columbus, Ohio 43215

Rockwell International Corporation
c/o C.T. Corporation System
350 N. St. Paul Street, #2900
Dallas, Texas 75201

Sepco Corporation
A California Corporation
7301 Orangewood Ave.
Garden Grove, CA 92841-1411

Service Products, Inc.
c/o Donna W. Kamke
4145 Sheraton Rd.
Toledo, OH 43606

Tasco Insulating Company
c/o Gallagher, Sharp, Fulton, & Norman
Seventh Floor
Bulkley Building
1501 Euclid Ave.
Playhouse Square
Cleveland, OH 44115-2108

Theim Corporation
500 South Marquette Avenue
Oak Creek, WI 53154

Treco Construction Services, Inc.
F.K.A. Rust Engineering Company
c/o WMX Technologies, Inc.

720 E. Butterfield Rd., 2nd Floor
Lombard, IL 60148-5689

Union Carbide Corporation
c/o Statutory Agent
C.T. Corporation System
1300 East Ninth St., #1010
Cleveland, Ohio 44114

The Weil McClain Division
of the Marley Company
c/o United Dominion Industries, Inc.
C/O C.T. Corporation System
1300 E. Ninth St. #1010
Cleveland, OH 44114

Universal Refractories
P.O. Box 97
Wampum, PA 16157

VIACOM Inc. Individually and as Successor in
Interest to Westinghouse Electric Corporation
1515 Broadway, 51st Floor
New York, NY 10036

Wheeler Protective Apparel Corporation
c/o Robert Wilkinson
P.O. Box 1618
Pascagoula, MS 39568

Zurn Industries, Inc.
aka Erie City Boilers
c/o Statutory Agent
C.T. Corporation System
1300 E. Ninth St., #1010
Cleveland, Ohio 44114

Buffalo Pumps, Inc.
c/o Corporate Trust Systems
111 8th Avenue 13TH floor
New York, New York 10011

Elliott Turbomachinery Co., Inc.
c/o Corporate Trust Systems
111 8th Avenue, 13th Floor
New York, New York 10011

IMO Industries, Inc., f/k/a Delaval, Inc.
Corporation Service Company
2711 Centreville Road
Wilmington, Delaware 19809

Goulds Pumps, Inc.
Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

Leslie Controls, Inc.
CT Corporation System
1311 Executive Center Drive, Suite 200
Tallahassee, Florida 32301

Warren Pumps, Inc., Individually and as
Successor to the Quimby Pump Company
Corporation Service Company
2711 Centreville Road
Wilmington, Delaware 19809

AMG Industries, Inc.
Statutory Agent: David Mcelroy
10 Fairway Land
Mt. Vernon, OH 43050

R.T. Vanderbilt Company, Inc.
c/o United States Corporation Company
50 West Broad Street, Suite 1800
Columbus, OH 43215

IU North America, Inc. as successor by
Merger to The Garp Company, f/k/a
The Gage Company, f/k/a
Pittsburgh Gage and Supply Company
2300 Computer Avenue, Suite #1-61
Willow Grove, PA 19090

Exxon Mobil Corporation
c/o Corporation Service Company
50 W. Broad Street
Columbus, OH 43215

Harper International Corp.
West Drullard Avenue

Lancaster, New York 14086 )
)
XEF, Inc., individually and successor in )
Interest to Electric Furnace Co. )
Stat Agent: Lawrence S. Crowther )
6055 Rockside Woods Blvd., Suite 209 )
Cleveland, OH 44131 )
)
ECOF, Inc., individually and successor in )
Interest to The Electric Furnace Company )
Stat Agent: Lawrence S. Crowther )
6055 Rockside Woods Blvd., Suite 209 )
Cleveland, OH 44131 )
)
Electric Furnace Co. )
435 West Wilson Street )
Salem, OH 44960 )
)
Salem Furnace Company )
c/o Statutory Agent )
C.T. Corporation System )
1300 E. Ninth St., #1010 )
Cleveland, Ohio 44114 )
)
Ametek, Inc. )
c/o Statutory Agent )
C.T. Corporation System )
1300 E. Ninth St., #1010 )
Cleveland, Ohio 44114 )
)
Toth Industries )
c/o Bernard J. Toth Jr. )
5102 Enterprise Blvd. )
Toledo, OH 43612 )
)
Johnson & Johnson )
One Johnson & Johnson Plaza )
New Brunswick, New Jersey 08933 )
)
Southern Talc Company )
c/o CT Corporation System )
1201 Peachtree St. NE )
Atlanta, GA 30361 )
)
Eastern Magnesia Talc Company, )
n.k.a. Pita Realty Limited a subsidiary of )

Englehard Corporation )
101 Wood Avenue )
Iselin, New Jersey 08830 )
)
Georgia Talc, Co. )
c/o Francis Glenn )
1112 West Lakeshore Drive )
Dalton, Georgia 30720 )
)
Harwick Standard Distribution Company, )
individually and as successor in interest to )
Harwick Chemical Corp. )
c/o Statutory Agent )
Bdb Agent Company )
50 South Main Street, 10th Floor )
Akron, Ohio 44308 )
)
The HallStar Company )
Individually and as Successor-In-Interest to )
The CP Hall Company )
c/o John Paro )
120 S. Riverside Plaza, Suite 1620 )
Chicago, IL 60606 )
)
Ester Solutions Company )
311 South Wacker Drive )
Chicago, IL 60606 )
)
McNeil & NRM, Inc. )
96 E. Crosier Street )
Akron, OH 44311 )
)
McNeil (Ohio) Corporation )
c/o Statutory Agent )
National Registered Agents Inc )
145 Baker Street )
Marion, OH 43302 )
)
RTD Hallstar Inc. )
1500 Route 517 Ste. 305 )
Hackettstown, NJ 07840-2717 )
)
John Doe, 1 through 100, inclusive )
Manufacturers, Sellers or Installers of )
Asbestos-Containing (Names & Addressed )
unknown) )



EXHIBIT A

)
Defendants )

**COMPLAINT**

1. Plaintiffs, or Plaintiffs' decedents, hereinafter referred to as "Plaintiffs" are or were formerly residents of the State of Ohio, or another state and are, or were formerly, employed in Ohio, or another state

2. Plaintiffs are informed and believe that Defendants are corporations organized and existing under the laws of the State of Ohio, or of some other state of the United States of America, or of some foreign jurisdiction, and that said Defendants are conducting and have regularly conducted, business in the State of Ohio. Each Defendant used, manufactured, supplied and/or distributed asbestos in the State of Ohio, or other states in such a manner that caused injury to Plaintiffs.

3. Plaintiffs are or were formerly employed in the State of Ohio or another state.

4. At all times mentioned herein, Defendants were the agents, servants, employees, and/or joint ventures of their Co-Defendants and were, as such, acting within the scope, course, and authority of said agency employment, and/or joint venture; and each ratified and approved the acts of its agents, servants, employees, and/or joint ventures, and was responsible in some manner for the injuries and damages to Plaintiffs as set forth hereinafter.

5. At all times mentioned herein, Defendants were and are engaged in the business of manufacturing, fabricating, designing, using, assembling, distributing, leasing, buying, selling, inspecting, installing, servicing, repairing, marketing, and/or advertising asbestos and/or other products or components of products containing asbestos and Defendants owed Plaintiffs a duty to conduct their business with due care for Plaintiffs' safety.

**FIRST CAUSE OF ACTION**
**(PRODUCTS LIABILITY)**

6. Plaintiffs re-allege and incorporate each and every paragraph set forth above, as though fully set forth herein.

7. Plaintiffs' Decedents used, handled, and was otherwise exposed to asbestos products or products requiring asbestos components of one, all, or a combination of Defendants for a substantial period of years, in a manner that was reasonably foreseeable to Defendants, while on the premises of employers or work sites during employment.

8. Within two years prior to the filing of this Complaint, Plaintiffs learned for the first time, that decedent's exposure to Defendants' products or premises had directly and proximately caused Plaintiffs to suffer from some form of disease or disability associated with exposure to asbestos and/or asbestos-containing products of the Defendants, on the Defendants' premises, or on the Defendants' equipment. As a direct and proximate result of said exposure, Plaintiffs Decedents sustained permanent and serious injuries to their bodies, lungs, respiratory systems, and cardiovascular systems, including mesothelioma and suffered pain and suffering, and incurred medical bills for their care and treatment.

9. Defendants knew, or in the exercise of reasonable care should have known, that their products or premises were and are unreasonably harmful to the body, lungs, respiratory

system, and cardiovascular system of any person installing, handling, and/or working with or around Defendants' products or asbestos-containing products located on Defendants' premises or equipment, and of any person or family member of any person in the immediate vicinity of the products installation, handling, and use.

10. Defendants negligently researched, tested, used, manufactured, designed, developed, distributed, labeled, advertised, marketed, inspected, repaired, modified, serviced, installed, and/or sold the asbestos, asbestos-containing products, or products requiring asbestos components to which Decedents were exposed.

11. As set forth above, Plaintiffs' Decedents injuries, damages, and ultimate death were directly and proximately caused by the negligence of each Defendant and by each Defendant's:

a. negligent failure to adequately warn Plaintiffs' Decedents of the dangers and harms inherent in the exposure to its products and the products on its premises;

b. negligent failure to coat, treat, encapsulate, or otherwise process, package, or label its products and/or the products on its premises so as to prevent the generation of particulates and dust which are unreasonably dangerous to persons exposed to such products;

c. negligent failure to specify, recommend, supply, install, sell, and use readily available substitutes for their unreasonably dangerous products and/or products on its premises that would not pose hazards to human health;

d. negligent failure to warn and protect its employees and frequenters of its business premises from the dangers of exposure to asbestos and asbestos-containing products that were present on its premises;

e. negligent failure to warn Plaintiffs' Decedents of the dangers of exposure to its asbestos products and asbestos-containing products that were present on its premises and the dangers that such products posed to household members;

f. negligent design of its products.

12. As a direct and proximate result of the conduct of one, all, or a combination of the Defendants, Plaintiffs' Decedents sustained permanent injuries to their person and body, lungs, respiratory and cardiovascular system, including mesothelioma, and suffered great physical, mental, and nervous pain and suffering, mental anguish, and suffered from reasonable and justifiable fears of progressive and irreversible incapacity, increasing discomfort, cancer, shortened life-span, impairment to their quality of life, and death.

13. As a direct and proximate result of the Defendants' conduct, Plaintiffs' Decedents incurred medical, hospital, professional, and incidental expenses, and has been prevented from attending to usual activities. Plaintiffs believe and therefore aver that Plaintiffs' Decedents injuries were permanent in nature and eventually caused Plaintiffs' Decedents deaths.

14. Plaintiffs state there was, in fact, a defect in the products manufactured, sold, distributed, marketed, supplied, advertised, designed, developed, labeled, researched, and/or installed by the Defendants.

15. Plaintiffs state that the aforementioned defect(s) was/is dangerous to the health and well being of the Plaintiffs' Decedents and others exposed to such products and that such defect existed at the time the products left the Defendants' hands.

16. Plaintiffs state that the aforementioned defect(s) was/is dangerous to the health and well being of Plaintiffs' Decedents and others exposed to such products and that such defect was the direct and proximate cause of Plaintiffs' Decedents injuries and/or losses as described above.

17. Defendants researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed, inspected, repaired, modified, used, serviced, installed, and sold to the public, Plaintiffs' Decedents, employers, and to others working in the vicinity of Plaintiffs' Decedents, asbestos and asbestos-containing products and other products, and Defendants knew that these products would be used and handled by Plaintiffs' Decedents and others similarly situated without any knowledge of their defects and inherent danger, and without any inspection for defects and dangers.

18. Plaintiffs' Decedents, in the course and scope of their employment and elswhere, used, handled, and was otherwise exposed to asbestos and asbestos-containing products, sold or otherwise supplied by Defendants, without receiving any warnings from Defendants of the defects and inherent dangers of the products.

19. The products which were sold and/or supplied by Defendants, and to which Plaintiffs' Decedents were exposed, were defective and unsafe for their intended uses and purposes in that they were more dangerous than what an ordinary consumer or user would expect and the risks incident to the use of the products outweighed any benefits of the products' utility.

20. As a direct and proximate result of the defective condition of these products, Plaintiffs and Plaintiffs' Decedents were injured and damaged.

21. Defendants expressly warranted the products and/or asbestos-containing products they manufactured, sold, or supplied, and to which Plaintiffs' Decedents were exposed, were reasonably fit for their intended uses without endangering human life and safety.

22. Defendants breached these express warranties, in that their products and asbestos-containing products were defective and dangerous to reasonably foreseeable users like Plaintiffs' Decedents who were exposed to these products.

23. Plaintiffs' Decedents did rely upon the express warranties and representations of Defendants regarding the fitness and safety of their products, and as a result, used, handled, and were otherwise exposed to these products.

24. As a direct and proximate result of the Defendants' breach of their express warranties, Plaintiffs' Decedents were permanently injured and damaged.

25. Defendants impliedly warranted that the products and asbestos-containing products they sold or supplied, and to which Plaintiffs' Decedents were exposed, were of merchantable quality, reasonably safe, and reasonably fit for use in a work place environment for the particular purposes for which they were sold or supplied, without endangering human life and safety.

26. Defendants breached these implied warranties of merchantability, safety, and fitness for a particular purpose because Defendants' products and/or asbestos-containing products were defective and dangerous to reasonably foreseeable users and consumers like Plaintiffs' Decedents.

27. Plaintiffs' Decedents did rely upon Defendants' implied warranties and representations regarding their products and/or asbestos-containing products, and as a result used, handled, and were otherwise exposed to these products.

28. As a direct and proximate result of Defendants' breach of implied warranties, Plaintiffs' Decedents were permanently injured and damaged.

29. Plaintiffs bring claims for relief against Defendants and John Does 1-100 and their predecessors in interest for product liability under Ohio Revised Code Sections 2307.71-2307.80, et seq. At all times pertinent hereto the aforementioned Defendants and John Does were "manufacturers" and/or "suppliers" of asbestos products and/or other products that required asbestos components as those terms are defined under Ohio Revised Code Section 2307.71.

30. "The Products" as manufactured and supplied by the aforementioned Defendants and John Does were defective in manufacture and construction as described in Ohio Revised Code Sections 2307.73 and 2307.74, were defective in design or formulation as described in Ohio Revised Code Sections 2307.73 and 2307.75, were defective due to inadequate warnings and instructions as described in Ohio Revised Code Sections 2307.73 and 2307.76, and were defective because they did not conform to representations made by their manufacturers and suppliers as described in Ohio Revised Code Sections 2307.73 and 2307.77.

31. Each of the defective conditions of "the Products" as described above, pursuant to Ohio Revised Code Section 2307.73, were singularly a proximate cause of the harm for which Plaintiff seeks to recover compensatory damages as previously set forth. Furthermore, each of the aforementioned Defendants is liable as if it were the manufacturers in accordance with Ohio Revised Code Section 2307.78.

**SECOND CAUSE OF ACTION**
**(PUNITIVE DAMAGES)**

32. Plaintiffs re-allege and incorporate each and every paragraph set forth above, as though fully set forth here.

33. Plaintiffs are informed and believe that Defendants and their predecessors in interest researched, tested, manufactured, labeled, marketed, used, distributed, and sold their products with conscious disregard for the safety of Plaintiffs' Decedents and other users of said products, in that said Defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to their products or products on their premises, including but not limited to mesothelioma, lung cancer, other forms of cancer, and asbestosis. Said knowledge was obtained, in part, from scientific studies and medical data to which Defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of Defendants, and which knowledge was obtained by Defendants during the time they manufactured, distributed, used, or sold their products.

34. During the time Defendants manufactured, distributed, used, or sold their products, Defendants were aware that Plaintiffs' Decedents and other members of the general public who would use or be exposed to their products had no knowledge or information that the products could cause injury. Further, Defendants knew that Plaintiffs' Decedents and the general public who used or were exposed to these products would, and in fact did assume their exposure to the products was safe, when in fact it was extremely hazardous to human life.

35. Despite this knowledge, Defendants opted to manufacture, distribute, use, and sell their products without protecting and/or warning Decedents and other users of the high risk of injury and death that resulted from exposure to these products. Rather than protecting and/or warning Plaintiffs' Decedents and other users of these dangers, Defendants actively concealed



EXHIBIT A

their knowledge from Plaintiffs' Decedents, Plaintiffs' Decedents employers, and members of the general public. By their acts and/or omissions, Defendants implied their asbestos and asbestos-containing products were safe for all reasonably foreseeable use. Defendants' implications were particularly egregious because they were aware the implied representations were false. Defendants' conduct exemplifies their conscious disregard of the rights and safety of Plaintiffs' Decedents and the general public as a whole.

36. Defendants were motivated by their financial interests in the uninterrupted distribution, use, and marketing of their products. In furtherance of this financial motivation, Defendants consciously disregarded the safety of Plaintiffs' Decedents and other users of their products, and were willing to permit their products to cause injury to Plaintiffs' Decedents, and other frequenters, users, and bystanders.

37. Defendants' conduct was and is willful, malicious, outrageous, indifferent, and in conscious disregard of the safety of Plaintiffs' Decedents and other users of their products. Therefore, Plaintiffs seek punitive damages to punish and deter Defendants.

**THIRD CAUSE OF ACTION**
**FRAUDULENT CONCEALMENT AND REPRESENTATION: WILLFUL MISCONDUCT**

38. Plaintiffs re-allege and incorporate each and every paragraph set forth above, as though fully set forth here.

39. Defendants made false representations regarding the manufacture, sale, use, and distribution of asbestos, asbestos-containing products, and/or machinery that required or called for the use of asbestos and/or asbestos-containing products with knowledge of their falsity or with such utter disregard and recklessness about their falsity. These representations were material to the manufacture, sale, use, and distribution of Defendants' asbestos, asbestos-containing products, and/or machinery that required or called for the use of asbestos and/or asbestos-containing products. Defendants' representations were made with the intent to mislead Decedents into relying on them. Plaintiffs' Decedents did in fact justifiably rely on Defendants' representations, and such reliance was the proximate or direct cause of Decedents and Plaintiffs' Decedents injuries and damages.

40. Defendants knowingly concealed facts regarding the manufacture, sale, use, and distribution of their asbestos and asbestos-containing products when there was a duty to disclose such information. Defendants' concealment was material to the manufacture, sale, use, and distribution of their asbestos, asbestos-containing products, and/or machinery that required or called for the use of asbestos and/or asbestos-containing products. Defendants' concealment was made with the intent to mislead Decedents into relying on their products' perceived safety. Plaintiffs' Decedents did in fact justifiably rely on the notion that Defendants' products were safe – a condition created by Defendants' concealment – and such reliance was the proximate or direct cause of Plaintiffs' Decedents and Decedents' injuries and damages.

41. Defendants' acts constitute fraudulent representation and/or fraudulent concealment in the following manner:

A. Defendants intended the publication of false and misleading statements and reports and/or the nondisclosure of documented reports of health hazards of asbestos, in order to:

(a) Maintain a favorable atmosphere for the continued sale, use, and distribution of asbestos, asbestos-containing products, and/or

Case MDL No. 875 Document 8217-2 Filed 12/14/11 Page 29 of 31

machinery that required or called for the use of asbestos and/or asbestos-containing products;

(b) Assist in continued pecuniary gain through the control and reduction of claims;

(c) Influence proposed legislation to regulate asbestos exposure;

(d) Provide a defense in personal injury and wrongful death lawsuits as a result of asbestos exposure; and

(e) Facilitate the continued use of asbestos or asbestos-containing products without objection or resistance by their employees.

B. Defendants intended individuals to rely on the published reports regarding the safety of asbestos, asbestos-containing products, and/or machinery that required or called for the use of asbestos and/or asbestos-containing products.

42. As previously stated, Defendants have altered, influenced, and created significant portions of medical literature which contain false and misleading statements concerning the dangers of asbestos exposure such as death, injury, disease, illness, and disability. In so doing, Defendants and their agents provided a body of medical literature which, when relied on by persons investigating such literature, lead to a false impression of the dangers of asbestos exposure. Additionally, the publication of such literature inhibited the development of the further literature and effectively delayed the dissemination of accurate information of the dangers created by exposure to asbestos. When contributing to medical literature, Defendants owed a duty to the Decedents and the public as a whole to do so in good faith and with the reasonable care expected of any professional contributing to such literature; Defendants' failure to do so constitutes willful and wanton misconduct and a separate intentional tort creating a duty to compensate Plaintiffs for Plaintiffs' Decedents illnesses, disabilities, and deaths that occurred as a proximate result of Defendants' actions.

43. As previously stated, Defendants have falsely advised their employees that asbestos or asbestos-containing products were safe. These statements were made with knowledge of their falsity or with such utter disregard and recklessness of their falsity. Such false representations were material to Defendants' continued use of asbestos and asbestos-containing products and were made with the intent to mislead the Plaintiffs' Decedents into relying on them. Plaintiffs did in fact rely on Defendant's representations, and such reliance proximately caused their diseases.

44. As a direct and proximate result of Defendants' fraudulent representations and/or fraudulent concealment, Plaintiffs' Decedents suffered the illness, disability, and death set forth in the foregoing paragraphs, for which Defendants are liable at common law.

## FOURTH CAUSE OF ACTION
## WRONGFUL DEATH

45. Plaintiffs re-allege and incorporate each and every paragraph set forth above, as though fully set forth here.

46. Plaintiffs state that they became aware of the fact that Plaintiffs' Decedents, passed away as a direct and proximate result of an asbestos-related and/or caused disease within two (2) years of the filing of this complaint.

47. As a direct and proximate result of the negligent acts and/or omissions of the Defendants as described above, decedents, their spouses, families and estates have incurred reasonable and necessary medical and funeral expenses.

48. As a direct and proximate result of the wrongful death of Plaintiffs' Decedents, their families and survivors have lost their support, services and society, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, education and inheritance and were further caused extreme mental and emotional anguish as a result of their deaths. The families and survivors of Decedents expect to continue to suffer sever mental anguish and emotional distress indefinitely into the future.

**FIFTH CAUSE OF ACTION**
**(LOSS OF CONSORTIUM)**

49. Plaintiffs reallege and incorporate each and every paragraph set forth above, as though fully set forth here.

50. Plaintiffs have suffered a loss of consortium and have been deprived of the society, companionship, and assistance of his/her spouse who was exposed to the asbestos or asbestos containing products as described above, and further that said loss is the direct and proximate result of the negligent acts and/or omissions of the Defendants as described above.

**SIXTH CLAIM FOR RELIEF**
**(INTENTIONAL TORT)**

51. Plaintiffs reallege and incorporate each and every paragraph set forth above, as though fully set forth here.

52. At all times mentioned herein, Defendants owned and operated facilities located in Ohio.

53. Plaintiffs state that at certain times relevant hereto Plaintiff was an employee of the aforesaid Defendant(s) working at said employer's facilities in Ohio.

54. While employed by Defendants, Plaintiffs frequented numerous job sites and was exposed to numerous asbestos and asbestos-containing products and, as a result of such exposure, sustained severe and irreversible lung disease, including but not limited to lung cancer.

55. Defendants had knowledge of a dangerous process and/or procedure and/or instrumentality and/or condition within its business operations, to wit: the presence of asbestos and asbestos containing products in Ohio facilities its employees were frequenting, the dangers of asbestos, and the risks of serious respiratory diseases that are caused by the inhalation of asbestos fiber, including but not limited to asbestosis.

56. Defendants intentionally and/or with knowledge that injury was substantially certain to occur failed to provide adequate protection and/or warning and/or training for Plaintiff and other employees and allowed hazardous and dangerous conditions and/or instrumentalities and/or procedures and/or processes to exist which directly and proximately caused the serious and irreversible diseases sustained by Plaintiff.

57. Defendants maliciously and/or wantonly and/or willfully allowed this hazardous, dangerous condition to exist which directly and proximately caused the serious and irreversible diseases of Plaintiff.

58. Defendants had knowledge of this hazardous and dangerous condition and intentionally and/or with the belief that injury was substantially certain to occur and/or maliciously and/or wantonly and/or willfully failed to correct or prevent said dangerous

condition or to protect and warn Plaintiff and other employees of the dangerous condition which directly and proximately caused the serious and irreversible disease of Plaintiff.

59. Defendants intentionally and deliberately misrepresented the dangers of asbestos and, as a result of Defendants intentional and deliberate misrepresentations, Plaintiffs were injured as previously stated.

60. Defendants had actual knowledge of the hazardous conditions and/or instrumentalities and/or processes and/or procedures described herein and its failure to take action constitutes willful, wanton, and intentional misconduct, subjecting said Defendant to the imposition of punitive damages.

WHEREFORE, Plaintiffs demand judgment joint and severally against each Defendant on all causes of action in an amount greater than Twenty-Five Thousand Dollars.

Respectfully submitted,
/s/Patrick M. Walsh

Thomas W. Bevan (0054063)
Patrick M. Walsh (0075966)
Jessica M. Bacon (0081183)
Joshua P. Grunda (0084266)
BEVAN AND ASSOCIATES
6555 Dean Memorial Pkwy
Boston Heights, OH 44233
Phone: (330) 467-8571
Fax: (330) 467-4493
ATTORNEYS FOR PLAINTIFFS

**JURY DEMAND**

Now come Plaintiffs, by and through counsel, and demand a trial by jury of the instant action.

/s/Patrick M. Walsh

Thomas W. Bevan (0054063)
Patrick M. Walsh (0075966)
Jessica M. Bacon (0081183)
Joshua P. Grunda (0084266)
BEVAN AND ASSOCIATES
6555 Dean Memorial Pkwy
Boston Heights, OH 44236
Phone: (330) 467-8571
Fax: (330) 467-4493

ATTORNEYS FOR PLAINTIFFS