BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Asbestos Products Liability Litigation (No. VI) | MDL No. 875 |
| This Document Relates To: | U.S.D.C. EASTERN DISTRICT OF PENNSYLVANIA No. _____ |
| BESSIE B. JOHNSON and husband, JOHNNY R. JOHNSON, Plaintiffs, | (U.S.D.C. Tennessee, Eastern No. 3:11-cv-249) |
| v. | |
| UNION CARBIDE CORPORATION, and LOCKHEED MARTIN ENERGY SYSTEMS, INC., Defendants. | |

# EXHIBIT A
# COMPLAINT

## IN THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

BESSIE B. JOHNSON
and husband, JOHNNY R. JOHNSON,
citizens and residents of
208 Jonathan Place, Oak Ridge
Anderson County, TN 37830

    Plaintiff,

vs.

NO. **A1LA0153**

UNION CARBIDE CORPORATION, and
LOCKHEED MARTIN ENERGY SYSTEMS, INC.,

    Defendants.



### COMPLAINT

Come the Plaintiffs, Bessie B. Johnson and husband, Johnny R. Johnson, and would respectfully show unto this Honorable Court as follows:

1. The plaintiffs are citizens and residents of Anderson County, Tennessee, residing at 208 Jonathan Place, Oak Ridge, Anderson, Tennessee 37854.

2. The defendant Union Carbide Corporation is a foreign corporation who at all times material to the allegations contained herein did business in Tennessee in Roane and Anderson County, Tennessee. Said defendant may be served with process through its agent for service C.T. Corporation, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee.

3. The defendant Lockheed Martin Energy Systems, Inc. is a foreign corporation who at all times material to the allegations contained in this complaint did business in Roane and Anderson County, Tennessee. Said defendant may be served with process through its

agent for service Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

4. The plaintiff, Johnny R. Johnson, was employed by the defendants from 1952 through December 1999 at the K-25 Gaseous Diffusion Plant and Y-12 Plant in Oak Ridge, Tennessee and during the course and scope of the plaintiff's employment for the defendants, the plaintiff was required to enter numerous buildings containing numerous toxins and heavy metals including beryllium and asbestos.

5. In the course of his employment with these entities, the plaintiff, Johnny R. Johnson, routinely wore his regular clothing without the benefit of personal protective equipment. Said clothing was often worn for long periods of time, until such time the Plaintiff would take the clothing to his home to be laundered.

6. The Plaintiff, Bessie B. Johnson, wife of the plaintiff, Johnny R. Johnson, at all times material hereto was the wife of the plaintiff, Johnny R. Johnson, and in the performance of her daily activities as his wife, laundered the clothing worn by the plaintiff, Johnny R. Johnson, throughout the forty-seven (47) years of employment with the Defendants, Union Carbide Corporation and Lockheed Martin Energy Systems. As a consequence of the Plaintiff, Bessie B. Johnson's exposure to the toxins and heavy metals including asbestos and beryllium, while laundering her husband's clothes, she developed the lung disease known as asbestosis.

7. The plaintiffs aver that the injury or damage to the plaintiff, Bessie B. Johnson's lung function was a result of the Defendants in negligently allowing the Plaintiff's exposure to an abnormally dangerous substance, to wit in the following manner:

    a. Employees of the Defendants, such as the Plaintiff, Johnny R. Johnson,

worked with materials containing toxins including asbestos and beryllium on a daily basis. Employees, including the Plaintiff, Johnny R. Johnson, worked under improper and unsafe conditions which violated internal safety requirements and OSHA standards. As a result, the employees' clothes collected significant amounts of asbestos fibers. Even though the Defendants were aware of the dangerous amounts of toxins including asbestos on its employees' clothes, the Defendants did not inform their employees that the materials that they were handling contained asbestos, nor of the risks posed by asbestos fibers to the employees or to others. The danger was compounded even further because the defendants dissuaded its employees from using on-site bathhouse facilities, and it failed to provide coveralls or to wash its employees' work clothes at the factory. As a result of this misfeasance by the Defendants, a significant risk of harm to the Plaintiff, Bessie B. Johnson, was created.

    b.    Defendant knew or should have known that by allowing the plaintiff, Johnny Johnson to wear regular clothing with or without the benefit of personal protective equipment, and then allowing and/or encouraging the plaintiff to launder his clothing at home was creating a unreasonable risk of injury for to Plaintiff, Bessie B. Johnson.

    c.    Defendant was negligent in failing to properly communicate the hazards of the asbestos to Plaintiff, creating a clear and immediate risk of serious injury. As a direct and proximate result, Plaintiff, Bessie B. Johnson has sustained a serious injury in the form of the lung disease, asbestosis.

    8.    Defendants, at all times material hereto used the toxins to which the Plaintiff, Bessie B. Johnson was exposed. Those toxins used by the Defendants were defective and unreasonably dangerous, and was the proximate cause of the Plaintiff, Bessie B. Johnson's lung

disease, asbestosis.

9. The Defendants owed a duty to the Plaintiff, Bessie B. Johnson to prevent such an unreasonably dangerous substance from being carried into the home of the Plaintiff, and to warn Plaintiff of the dangers of the product.

10. At the time of the injury complained of in the Plaintiffs' Complaint, the Plaintiffs were married and that the Plaintiffs continue to be married, and that as a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiff, Johnny R. Johnson has been caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of his marital relationship.

11. That all the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendants.

WHEREFORE, premises considered, the Plaintiff, Bessie Johnson, demands judgment against the defendants, Union Carbide Corporation and Lockheed Martin Energy Systems, for the sum of Two Million Dollars ($2,000,000.00) as her compensatory damages, and the Plaintiff Johnny R. Johnson, demands judgment against the defendants, Union Carbide Corporation and Lockheed Martin Energy Systems, for the sum of Five Hundred Thousand Dollars ($500,000.00) for the loss of consortium, and the Plaintiffs demand a jury to try this cause.

Respectfully submitted this 28th day of April, 2011.

*Bessie B. Johnson*
Bessie B. Johnson, Plaintiff

*Johnny R. Johnson*
Johnny R. Johnson, Plaintiff

*John D. Agee*
John D. Agee, BPR#013694

Ridenour & Ridenour, PLLC
108 S. Main Street
P.O. Box 530
Clinton, TN 37717-0530
(865) 457-0755

## COST BOND

We acknowledge ourselves as surety for all costs and taxes in this case in accordance with T.C.A. §20-12-120 and §20-12-125.

*Bessie B. Johnson*
Principal    Bessie B. Johnson

*Johnny R. Johnson*
Principal    Johnny R. Johnson

*John D. Agee*
Surety    John D. Agee
Address:  108 S. Main Street
          Clinton, TN 37716