**BEFORE THE UNITED STATES JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION<br><br>NO. VI | **CIVIL ACTION FILE NO.  MDL 875** |

**THIS DOCUMENT RELATES TO:**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL N. KANONAS,<br><br>              Plaintiff,<br><br>       v.<br><br>AMCORD, INC., INDIVIDUALLY and as successor in Interest to Riverside Cement Company; BUFFALO PUMPS, INC.; CBS CORPORATION, F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION; CERTAINTEED CORPORATION; CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem, Inc.; Crown Cork & Seal USA, Inc., | CA CASE NO. 11-CV-9707 R (VBKx)<br><br>Los Angeles County Superior Court Case No. BC471689<br><br>**DEFENDANT'S UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION – LOS ANGELES, CIVIL DOCKET; SUMMONS AND COMPLAINT FOR CASE #: 2:11-cv-09707-R-VBK** |

McKenna Long & Aldridge LLP Attorneys At Law Los Angeles

LA:17900904.1

DEFENDANT'S UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION – LOS ANGELES, CIVIL DOCKET; SUMMONS AND COMPLAINT FOR CASE #: 2:11-CV-09707-R-VBK

1   INDIVIDUALLY AND AS
    SUCCESSOR IN INTEREST TO
2   MUNDET CORK COMPANY;
    CRANE CO., Individually and as
3   successor in interest to Chapman
    Valves;
4   FAMILIAN CORPORATION;
    GENERAL ELECTRIC
5   COMPANY;
    GEORGIA-PACIFIC, LLC, f/k/a
6   Georgia-Pacific Corporation,
    individually and as successor-in-
7   interest to Bestwall Gypsum
    Company;
8   GOULDS PUMPS INC.;
    HANSON PERMANENTE
9   CEMENT, INC., f/k/a Kaiser
    Cement Corporation;
10  IMO Industries, Inc. (Individually
    and as successor in interest to
11  Delaval Steam Turbine, Inc.);
    INGERSOLL-RAND COMPANY,
12  individually and as successor in
    interest to The Aldrich Company;
13  JM MANUFACTURING
    COMPANY, INC. (Dba JM Pipe
14  Manufacturing Company);
    Kaiser Gypsum Company, Inc.;
15  KEENAN PROPERTIES, INC.;
    KELLY-MOORE PAINT
16  COMPANY, INC.;
    MECHANICAL DRIVES &
17  BELTING (f/k/a L.A. Rubber
    Company);
18  METALCLAD INSULATION
    CORPORATION;
19  OWENS-ILLINOIS, INC.
    (Individually and as successor in
20  interest to Owens Illinois Glass
    Company and dba O-I);
21  UNION CARBIDE
    CORPORATION;
22
    and DOES 1-300,
23
                    Defendants.
24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17900904.1

- 2 -

TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, AND TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLEASE TAKE NOTICE OF THE FOLLOWING:

**DEFENDANT'S UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION – LOS ANGELES, CIVIL DOCKET; SUMMONS AND COMPLAINT FOR CASE #: 2:11-CV-09707-R-VBK**

COMES NOW Defendant, Metalclad Insulation Corporation, and hereby submits this *"Defendant's United States District Court, Central District Of California, Western Division – Los Angeles, Civil Docket; Summons And Complaint For Case #: 2:11-Cv-09707-R-Vbk".*

Dated: December 14, 2011

Respectfully submitted,

MCKENNA LONG & ALDRIDGE LLP

By:/s/ Bradford J. DeJardin, Esq.
Bradford J. DeJardin
McKenna Long & Aldridge, LLP
300 South Grand Avenue, 14th Floor
Los Angeles, California 90071
email: bdejardin@mckennalong.com

Attorneys for Defendant
**METALCLAD INSULATION CORPORATION**

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17900904.1

- 3 -

DEFENDANT'S UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA, WESTERN
DIVISION – LOS ANGELES, CIVIL DOCKET; SUMMONS
AND COMPLAINT FOR CASE #: 2:11-CV-09707-R-VBK

(VBKx), DISCOVERY, RELATED-G

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:11-cv-09707-R-VBK

Paul N Kanonas v. Amcord Inc et al
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Victor B. Kenton
Related Case: 2:07-cv-02241-R-JTL
Case in other court: Superior Court of California, Los
                    Angeles County, BC471689
Cause: 28:1441 Notice of Removal - Asbestos Litigation

Date Filed: 11/22/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Paul N Kanonas**

represented by **Eric L Brown**
DeBlase Brown Eyerly LLP
10990 Wilshire Boulevard Suite 1060
Los Angeles, CA 90024
310-575-9955
Fax: 310-575-9919
Email: brown@dbelegal.com
*ATTORNEY TO BE NOTICED*

**Michael C Eyerly**
DeBlase Brown Eyerly LLP
10990 Wilshire Boulevard Suite 1060
Los Angeles, CA 90024
310-575-9955
Fax: 310-575-9919
*ATTORNEY TO BE NOTICED*

**Patrick A DeBlase**
DeBlase Brown Eyerly LLP
10990 Wilshire Boulevard Suite 1060
Los Angeles, CA 90024
310-575-9955
Fax: 310-575-9919
Email: deblase@dbelegal.com
*ATTORNEY TO BE NOTICED*

**Stephen Thomas Blackburn**
DeBlase Brown Eyerly LLP
10990 Wilshire Boulevard Suite 1060
Los Angeles, CA 90024
310-575-9955
Fax: 310-575-9919

Email: Blackburn@dbelegal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amcord Inc**
*individually and as successor in Interest*
*to Riverside Cement Company*

**Defendant**

**Buffalo Pumps Inc**

**Defendant**

**CBS Corporation**
*fka Viacom, Inc, Successor by Merger*
*to CBS Corporation fka Westinghouse*
*Electric Corporation*

**Defendant**

**Certainteed Corporation**                    represented by  **Bradford John DeJardin**
                                                               McKenna Long & Aldridge LLP
                                                               300 South Grand Avenue
                                                               14th Floor
                                                               Los Angeles, CA 90071-3124
                                                               213-688-1000
                                                               Fax: 213-243-6330
                                                               Email: bdejardin@mckennalong.com
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Farah Sohaili Nicol**
                                                               McKenna Long and Aldridge LLP
                                                               300 South Grand Avenue 14th Floor
                                                               Los Angeles, CA 90071-3124
                                                               213-688-1000
                                                               Fax: 213-243-6330
                                                               Email: fnicol@mckennalong.com
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Vanessa Ticas**
                                                               McKenna Long and Aldridge LLP
                                                               300 South Grand Avenue 14th Floor
                                                               Los Angeles, CA 90071-3124
                                                               213-688-1000
                                                               Fax: 213-243-6330
                                                               *ATTORNEY TO BE NOTICED*

                                                               **William J Sayers**
                                                               McKenna Long and Aldridge LLP

300 South Grand 14th Floor
Los Angeles, CA 90071-3124
213-688-1000
Fax: 213-243-6330
Email: wsayers@mckennalong.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cleaver-Brooks Inc**
*individually and fka Aqua-Chem, Inc*

**Defendant**

**Crown Cork and Seal USA Inc**
*Individually and as Successor in*
*Interest to Mundet Cork Company*

**Defendant**

**Crane Co**
*Individually and as successor in interest*
*to Chapman Valves*

**Defendant**

**Familian Corporation**

**Defendant**

**General Electric Company**                    represented by  **Charles T Sheldon**
Sedgwick LLP
333 Bush Street, 30th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: charles.sheldon@sdma.com
*ATTORNEY TO BE NOTICED*

**Katherine Paige Gardiner**
Sedgwick LLP
333 Bush Street, 30th Floor
San Francisco, CA 94105
415-781-7900
Fax: 415-781-2635
Email: katherine.gardiner@sdma.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Georgia-Pacific LLC**
*fka Georgia-Pacific Corporation,*
*individually and as successor-in-*
*interest to Bestwall Gypsum Company*

**Defendant**

**Goulds Pumps Inc**

<u>Defendant</u>

**Hanson Permanente Cement Inc**
*fka Kaiser Cement Corporation*

<u>Defendant</u>

**IMO Industries Inc**
*(Individually and as successor in
interest to Delaval Steam Turbine Inc)*

<u>Defendant</u>

**Ingersoll-Rand Company**
*individually and as successor in interest
to The Aldrich Company*

<u>Defendant</u>

**JM Manufacturing Company Inc**
*(Dba JM Pipe Manufacturing
Company)*

represented by **Elizabeth L Huynh**
Walsworth Franklin Bevins and McCall
LLP
One City Boulevard West 5th Floor
Orange, CA 92868-3677
714-634-2522
Fax: 714-634-0686
Email: elhuynh@wfbm.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Kaiser Gypsum Company Inc**

<u>Defendant</u>

**Keenan Properties Inc**

<u>Defendant</u>

**Kelly-Moore Paint Company Inc**

<u>Defendant</u>

**Mechanical Drives and Belting**
*(fka LA Rubber Company)*

<u>Defendant</u>

**Metalclad Insulation Corporation**

represented by **Bradford John DeJardin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David K Schultz**
McKenna Long & Aldridge LLP
300 South Grand Avenue

14th Floor
Los Angeles, CA 90071-3124
213-688-1000
Fax: 213-243-6330
Email: dschultz@mckennalong.com
*ATTORNEY TO BE NOTICED*

**Farah Sohaili Nicol**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vanessa Ticas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William J Sayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Owens-Illinois Inc**
*(Individually and as successor in interest to Owens Illinois Glass Company and dba O-I)*

represented by **Kathleen A Stimeling**
Schiff Hardin LLP
Spear Street Tower
One Market 32nd Fl
San Francisco, CA 94105
415-901-8700
Fax: 415-901-8701
Email: kstimeling@schiffhardin.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Union Carbide Corporation**

represented by **Bradford John DeJardin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Farah Sohaili Nicol**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vanessa Ticas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William J Sayers**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Does**
*1-300*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2011 | 23 | OF SERVICE filed by Plaintiff Paul N Kanonas, re Proof of Service (subsequent documents), Proof of Service (subsequent documents) 22 *Letter to Correct Start Date of Deposition to December 12, 2011 (same as Amended Deposition Notice served on December 8, 2011)* served on December 9, 2011. (Brown, Eric) (Entered: 12/09/2011) |
| 12/08/2011 | 22 | OF SERVICE filed by PLAINTIFF Paul N Kanonas, re Order on Ex Parte Application for Hearing re Discovery Matter, Order on Ex Parte Application for Order re Discovery Matter 21 *Correspondance Enclosing Notice of Court Order and Amended Deposition Notice of Plaintiff* served on December 8, 2011. (Brown, Eric) (Entered: 12/08/2011) |
| 12/08/2011 | 21 | ORDER GRANTING PLAINTIFFS EX PARTE APPLICATION FOR ORDER PERMITTING PLAINTIFFS DEPOSITION TO IMMEDIATELY PROCEED by Judge Manuel L. Real 11 . The deposition shall proceed immediately at the location previously agreed to by the parties. (im) (Entered: 12/08/2011) |
| 12/08/2011 | 20 | OF SERVICE filed by PLAINTIFF Paul N Kanonas, re EX PARTE APPLICATION for Hearing as to EX PARTE APPLICATION FOR ORDER PERMITTING PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED EX PARTE APPLICATION for Order for PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED 11 *NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF PAUL KANONAS* served on December 8, 2011. (Brown, Eric) (Entered: 12/08/2011) |
| 12/08/2011 | 19 | OF SERVICE filed by PLAINTIFF Paul N Kanonas, re EX PARTE APPLICATION for Hearing as to EX PARTE APPLICATION FOR ORDER PERMITTING PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED EX PARTE APPLICATION for Order for PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED 11 *PLAINTIFF PAUL KANONAS' INITIAL DISCLOSURES PURSUANT TO FRCP RULE 26 (a) (1)* served on December 8, 2011. (Brown, Eric) (Entered: 12/08/2011) |
| 12/08/2011 | 18 | REPLY IN SUPPORT OF EX PARTE APPLICATION for Hearing as to EX PARTE APPLICATION FOR ORDER PERMITTING PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED EX PARTE APPLICATION for Order for PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED 11 *REPLY* filed by Plaintiff Paul N Kanonas. (Attachments: # 1 Declaration) (Brown, Eric) (Entered: 12/08/2011) |
| 12/07/2011 | 17 | NOTICE filed by Defendant JM Manufacturing Company Inc. *of Certification as to Interested Parties* (Huynh, Elizabeth) (Entered: 12/07/2011) |
| 12/07/2011 | 16 | Opposition re: EX PARTE APPLICATION for Hearing as to EX PARTE APPLICATION FOR ORDER PERMITTING PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED EX PARTE APPLICATION for Order for PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED 11 filed by Defendant JM Manufacturing Company Inc. (Attachments: # 1 Declaration in |

| | | |
|---|---|---|
| | | Support of Opposition to Plaintiff's Ex Parte Application)(Huynh, Elizabeth) (Entered: 12/07/2011) |
| 12/07/2011 | 15 | NOTICE filed by Defendant JM Manufacturing Company Inc. *of Filing State Court Answer* (Huynh, Elizabeth) (Entered: 12/07/2011) |
| 12/07/2011 | 14 | NOTICE of Appearance filed by attorney Elizabeth L Huynh on behalf of Defendant JM Manufacturing Company Inc (Huynh, Elizabeth) (Entered: 12/07/2011) |
| 12/07/2011 | 13 | MEMORANDUM in Opposition to EX PARTE APPLICATION for Hearing as to EX PARTE APPLICATION FOR ORDER PERMITTING PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED EX PARTE APPLICATION for Order for PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED 11 filed by Defendant Crane Co. (Attachments: # 1 Declaration of Angelo L. Primas, Jr. in Support of Defendant Crane Co.'s Opposition to Plaintiff's Ex Parte for Order Permitting Plaintiff's Deposition to Immediately Proceed) (Primas, Angelo) (Entered: 12/07/2011) |
| 12/07/2011 | 12 | DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER PERMITTING PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED YES re: EX PARTE APPLICATION for Hearing as to EX PARTE APPLICATION FOR ORDER PERMITTING PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED EX PARTE APPLICATION for Order for PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED 11 filed by Defendants Certainteed Corporation, Metalclad Insulation Corporation, Union Carbide Corporation. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Proposed Order)(DeJardin, Bradford) (Entered: 12/07/2011) |
| 12/06/2011 | 11 | EX PARTE APPLICATION for Hearing as to EX PARTE APPLICATION FOR ORDER PERMITTING PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED, EX PARTE APPLICATION for Order for PLAINTIFF'S DEPOSITION TO IMMEDIATELY PROCEED filed by PLAINTIFF Paul N Kanonas. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 PLAINTIFF'S CERTIFICATION OF INTERESTED PARTIES) (Brown, Eric) (Entered: 12/06/2011) |
| 12/01/2011 | 10 | NOTICE OF ENTRY OF ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 (Related Cases) filed by Defendants Certainteed Corporation, Metalclad Insulation Corporation, Union Carbide Corporation. (Schultz, David) (Entered: 12/01/2011) |
| 12/01/2011 | 9 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 - Related Case- filed. Related Case No: CV 07-02241 R(JTLx). Case transferred from Judge John A Kronstadt and Magistrate Judge Andrew J. Wistrich to Judge Manuel L. Real and Magistrate Judge Victor B. Kenton for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 11-09707 R(VBKx).Signed by Judge Manuel L. Real (rn) (Entered: 12/01/2011) |
| 12/01/2011 | 8 | PROOF AND NOTICE OF FILING THE NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT OF SERVICE filed by |

| | | |
|---|---|---|
| | | DEFENDANT Metalclad Insulation Corporation, served on NOVEMBER 23, 2011. (DeJardin, Bradford) (Entered: 12/01/2011) |
| 12/01/2011 | 7 | NOTICE OF ASSIGNMENT/NOTICE OF OBLIGATION TO REPORT RELATED CASES AND SERVICE OF PAPERS filed by DEFENDANT Metalclad Insulation Corporation. (DeJardin, Bradford) (Entered: 12/01/2011) |
| 11/30/2011 | | CONFORMED COPY OF ANSWER to Notice of Removal, 1 filed by Defendant General Electric Company. (FILED IN SUPERIOR COURT ON 11/18/2011 ATTACHED TO DOCUMENT NUMBER 6 AS OF EXHIBIT. (pj) (Entered: 12/06/2011) |
| 11/30/2011 | 6 | NOTICE of Refiling State Court Answer to Complaint for Damages filed by defendant General Electric Company. (Gardiner, Katherine) (Entered: 11/30/2011) |
| 11/30/2011 | 5 | NOTICE of Interested Parties (L.R. 7.1-1) filed by defendant General Electric Company. (Gardiner, Katherine) (Entered: 11/30/2011) |
| 11/22/2011 | 4 | NOTICE OF RELATED CASES filed by defendant Metalclad Insulation Corporation. The subject matter falls within MDL No. 875. (esa) (mg). (Entered: 11/28/2011) |
| 11/22/2011 | 3 | NOTICE OF TAG-ALONG CASES filed by defendant Metalclad Insulation Corporation. (esa) (mg). (Entered: 11/28/2011) |
| 11/22/2011 | 2 | CERTIFICATION AND NOTICE OF INTERESTED PARTIES filed by defendant Metalclad Insulation Corporation. (esa) (mg). (Entered: 11/28/2011) |
| 11/22/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint 1 filed by defendant Union Carbide Corporation.(esa) (Entered: 11/28/2011) |
| 11/22/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Certainteed Corporation.(esa) (Entered: 11/28/2011) |
| 11/22/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Metalclad Insulation Corporation.(esa) (Entered: 11/28/2011) |
| 11/22/2011 | | SUPERIOR COURT CONFORMED COPY OF ANSWER to Complaint, 1 filed by defendant Owens-Illinois Inc.(esa) (Entered: 11/28/2011) |
| 11/22/2011 | 1 | NOTICE OF REMOVAL from the Superior Court of California, Los Angeles County, case number BC471689 with CONFORMED copies of summons and complaint. Case assigned to Judge John A Kronstadt, discovery to Magistrate Judge Andrew J Wistrich; (Filing fee $ 350 PAID ); filed by defendant Metalclad Insulation Corporation.(esa) (Additional attachment(s) added on 11/28/2011: # 1 Ntc of Asgmt, # 2 Civil Cover Sheet) (mg). (Entered: 11/28/2011) |

## PACER Service Center

### Transaction Receipt

| 12/09/2011 11:31:38 | | | |
|---|---|---|---|
| PACER Login: | mc0033 | Client Code: | 26121.6578 |
| Description: | Docket Report | Search Criteria: | 2:11-cv-09707-R-VBK End date: 12/9/2011 |
| Billable Pages: | 7 | Cost: | 0.56 |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY

~~CONFORMED COPY~~
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 17 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMCORD, INC., INDIVIDUALLY and as successor in interest to
Riverside Cement Company(Additional Parties Attachment form)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAUL N. KANONAS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Los Angeles Superior Court - Central District<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>B C 4 7 1 6 8 9 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric L. Brown, Esq., 10990 Wilshire Boulevard, Suite 1060, Los Angeles, CA 90024, Phone: 310-575-9955

DATE:                 OCT 17 2011         Clerk, by ~~JOHN A. CLARKE~~     Shaunya Wesley         , Deputy
*(Fecha)*                                     *(Secretario)*                                                                 *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):   Metal clad Insulation Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   Patrick DeBlase (SBN 167138)
    Eric Brown (SBN 229622)
2   Michael C. Eyerly (SBN 178693)
    Stephen T. Blackburn (SBN 232887)
3   DEBLASE BROWN EYERLY LLP
    10990 Wilshire Boulevard, Suite 1060
4   Los Angeles, CA 90024
    Telephone: (310) 575-9955
5   Facsimile: (310) 575-9919

6

7   Attorneys for Plaintiff

8

9       SUPERIOR COURT OF THE STATE OF CALIFORNIA

10           FOR THE COUNTY OF LOS ANGELES

11

12   PAUL N. KANONAS

13       Plaintiff,

14     vs.

15   AMCORD, INC., INDIVIDUALLY and as
    successor in interest to
16   Riverside Cement Company;
    BUFFALO PUMPS, INC.;
17   CBS CORPORATION, F/K/A VIACOM,
    INC., SUCCESSOR BY MERGER TO CBS
18   CORPORATION F/K/A WESTINGHOUSE
    ELECTRIC CORPORATION;
19   CERTAINTEED CORPORATION;
    CLEAVER-BROOKS, INC., individually
20   and f/k/a Aqua-Chem, Inc.;
    Crown Cork & Seal USA, Inc.,
21   INDIVIDUALLY AND AS SUCCESSOR IN
    INTEREST TO MUNDET CORK
22   COMPANY;
    CRANE CO., Individually and as
23   successor in interest to Chapman Valves;
    FAMILIAN CORPORATION;
24   GENERAL ELECTRIC COMPANY;
    GEORGIA-PACIFIC, LLC, f/k/a
25   Georgia-Pacific Corporation, individually
    and as successor-in-interest to Bestwall
26   Gypsum Company;
    GOULDS PUMPS, INC.;
27   HANSON PERMANENTE CEMENT, INC.,
    f/k/a Kaiser Cement Corporation;
28   IMO Industries, Inc. (Individually and as
    successor in interest to Delaval Steam
    Turbine, Inc.);

---

**FILED**
Los Angeles Superior Court

OCT 17 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
    SHAUNYA WESLEY

7721/90023

CASE NO.

BC 471689

COMPLAINT FOR PERSONAL
INJURIES AND LOSS OF
CONSORTIUM

1. Negligence
2. Products Liability
3. Premises Owner/Contractor Liability

[COMPLEX ASBESTOS
LITIGATION-SUBJECT
TO THE GENERAL
ORDERS CONTAINED
IN FILE NO. C700000]

# BY FAX

CIVCASE: BC471689 LEA/DEFR:
RECEIPT #: CCH46598012Z
DATE PAID: 10/17/11
PAYMENT: $395.00
RECEIVED: 04:07:01 PM

CHECK:
CASH:
CHANGE:
CARD:

395.00

03IC

Def Mark Mudney

---

1   INGERSOLL-RAND COMPANY,
2   individually and as successor in interest to
    The Aldrich Company;
3   JM MANUFACTURING COMPANY, INC.
    (Dba JM Pipe Manufacturing Company);
4   Kaiser Gypsum Company, Inc.;
    KEENAN PROPERTIES, INC.;
5   KELLY-MOORE PAINT COMPANY, INC.;
    MECHANICAL DRIVES & BELTING (f/k/a
6   L.A. Rubber Company);
    METALCLAD INSULATION
7   CORPORATION;
    OWENS-ILLINOIS, INC. (individually and
8   as successor in interest to Owens Illinois
    Glass Company and dba O-I);
9   UNION CARBIDE CORPORATION;

10  and DOES 1-300

11          Defendants.

12  _____

13          COME NOW Plaintiff Paul N. Kanonas  for causes of action against Defendants,

14  and each of them, complains and alleges as follows:

15

16

17                          GENERAL ALLEGATIONS

18      1.      This case is being brought by Paul N. Kanonas as a result of PAUL N.

19  KANONAS having been diagnosed with an asbestos-related disease, mesothelioma,

20  caused by exposure to asbestos.  Throughout this complaint use of the term "Plaintiff"

21  shall, where appropriate, mean Paul N. Kanonas unless the context of its use clearly

22  means one or the other.

23      2.      Asbestos litigation has long been designated complex in Los Angeles County

24  for several historical reasons, including the number of parties, the length, duration and

25  complexity of anticipated deposition testimony of fact, lay and expert witnesses, the

26  wide-ranging medical issues that may or may not be involved, the complexity of industrial

27  hygiene and governmental regulations that may or may not be involved, and the

28  anticipated proportionate amount of economic, non-economic and punitive damages

    sought for plaintiff's anticipated death and the loss of consortium for his dependants.

                                    -2-

3.      The average life expectancy of a patient diagnosed with a severe asbestos-related disease (mesothelioma and/or lung cancer) is extremely short.  Some patients diagnosed with such disease only live weeks or months following their diagnosis. Further, as their diseases progress, their prognosis slowly worsens such that their ability to participate in trial may diminish drastically.  Often, plaintiffs in these cases must present videotaped deposition testimony taken at the outset of their cases, as their medical condition has worsened so severely that even traveling a few miles to the courthouse is impossible.  A Plaintiff in such cases routinely brings motions for trial preference and often stipulate to expedited and/or shortened time periods for responsive pleadings in order to permit the granting of trial dates in less than 120 days.

4.      In this matter, Plaintiff PAUL N. KANONAS was diagnosed with mesothelioma on or about June 2011. Because of Plaintiff's work history, and the numerous asbestos products to which he is alleged to have been exposed, Plaintiff has named numerous manufacturers of asbestos products, premises owners, contractors, and suppliers of asbestos products and fibers as Defendants.

5.      The true names and/or capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 300, inclusive, are unknown to Plaintiff at this time; who, therefore, sues said Defendants by such fictitious names; and when the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiff is informed and believes, and thereon allege that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff, as hereinafter alleged, either through said Defendant's own conduct or through the conduct of its agents, servants or employees, or due to the ownership, lease or sale of the instrumentality causing the injury, or in some other manner.

6.      Plaintiff is informed and believes, and thereon allege that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employees

ORIGINAL COMPLAINT

1  and/or joint venturers of their co-Defendants and were, as such, acting within the scope,

2  course, and authority of said agency, employment and/or joint venture, in that each and

3  every Defendant, as aforesaid, when acting as a principal, was negligent in the selection

4  and hiring or each and every other Defendant as the agent, servant, employee and/or joint

5  venturer.

6        7.    Plaintiffs were California residents during a substantial period of Plaintiff

7  PAUL N. KANONAS's asbestos exposures, upon which Plaintiff's claims are based.

8        8.    Plaintiff is informed and believes, and thereon allege, that at all times

9  mentioned herein, Defendants AMCORD, INC., INDIVIDUALLY and as successor in

10  Interest to Riverside Cement Company; BUFFALO PUMPS, INC.;CBS CORPORATION,

11  F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A

12  WESTINGHOUSE ELECTRIC CORPORATION; CERTAINTEED CORPORATION;

13  CLEAVER-BROOKS, INC., individually and f/k/a Aqua-Chem, Inc.;

14  Crown Cork & Seal USA, Inc., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO

15  MUNDET CORK COMPANY; CRANE CO. , Individually and as successor in interest to

16  Chapman Valves; FAMILIAN CORPORATION; GENERAL ELECTRIC COMPANY;

17  GEORGIA-PACIFIC, LLC, f/k/a Georgia-Pacific Corporation, individually and as

18  successor-in-interest to Bestwall Gypsum Company; GOULDS PUMPS, INC.; HANSON

19  PERMANENTE CEMENT, INC., f/k/a Kaiser Cement Corporation; IMO Industries, Inc.

20  (Individually and as successor in interest to Delaval Steam Turbine, Inc.);

21  INGERSOLL-RAND COMPANY, individually and as successor in interest to The Aldrich

22  Company; JM MANUFACTURING COMPANY, INC. (Dba JM Pipe Manufacturing

23  Company); Kaiser Gypsum Company, Inc.; KEENAN PROPERTIES, INC.;KELLY-MOORE

24  PAINT COMPANY, INC.; MECHANICAL DRIVES & BELTING (f/k/a L.A. Rubber

25  Company); METALCLAD INSULATION CORPORATION; OWENS-ILLINOIS, INC.

26  (Individually and as successor in interest to Owens Illinois Glass Company and dba

27  O-I);UNION CARBIDE CORPORATION; and DOES 1-300 inclusive, are corporations

28  organized and existing under and by virtue of the laws of the State of California, or the laws

-4-

1  of some other state of the United States of America, or some foreign jurisdiction, and that

2  said Defendants were authorized to do and are doing business in the State of California,

3  and that said Defendants have regularly conducted business in the State of California.

4        9.    At all times mentioned above, Defendants, and each of them, were engaged

5  in the business of manufacturing, fabricating, designing, assembling, distributing, leasing,

6  buying, selling, inspecting, servicing, installing, repairing, marketing, warranting, and

7  advertising a certain substance, the generic name of which is asbestos, and other products

8  containing said substance.

9        10.   Plaintiff PAUL N. KANONAS was exposed to Defendants' asbestos and

10  asbestos containing products contributing to and causing the development of lung cancer.

11  Plaintiff was exposed to Defendants' asbestos and asbestos containing products including

12  but not limited to through his service as a member of the U.S. Navy starting at age sixteen

13  through eighteen from 1944-45.  He served in World War II on the USS ALCOR and USS

14  ROPER.  He was in charge of the dispensary on the USS ALCOR and also stood fire

15  watch throughout the ship.  He took part in the decommissioning of the USS ROPER at

16  MINSY in 1945.  He rejoined the navy in 1950 where he remained until 1968, working in

17  many roles including serving on the USS KEARSAGE.  This work exposed him to asbestos

18  from numerous products and equipment. From 1968 through 1996, Plaintiff was employed

19  as a civil service operator at the Camp Pendleton water department.  There he cut transite

20  water pipe manually and with electrical power saws, exposing him to asbestos fibers.

21  Plaintiffs was also exposed to asbestos products thru home remodeling projects and

22  construction.  Plaintiff PAUL N. KANONAS suffers from mesothelioma and each of

23  Defendants' asbestos and asbestos containing products that entered his body was a

24  substantial factor in bringing about, prolonging, or aggravating Plaintiff's mesothelioma.

25  The asbestos and asbestos containing products Plaintiff was exposed to were

26  manufactured or supplied by a named Defendant and DOES 1-300.

27        11.   Federal Courts lack jurisdiction over this action; removal is therefore

28  improper.  Specifically, removal based on diversity jurisdiction is unavailing due to the

-5-



1    presence of a Defendant that resides in California.  In addition, no claim of admiralty or
2    maritime law is raised, Plaintiffs sue no foreign state or agency, and Defendants lack a
3    colorable federal defense that would warrant removal pursuant to 28 U.S.C. 1442(a)(1).
4    Venue is proper in Los Angeles County, Superior Court of California.

### FIRST CAUSE OF ACTION

(Negligence)

(As Against all Defendants)

8        12.    Plaintiffs hereby incorporate by reference, as though fully set forth herein,
9    each and every allegation contained in each paragraph above.

10       13.    At all times herein mentioned, each of the named Defendants and DOES 1
11   through 300 was the successor, successor in business, successor in product line or a
12   portion thereof, assign, predecessor, predecessor in business, predecessor in product line
13   or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial
14   owner of or member in an entity researching, studying, manufacturing, fabricating,
15   designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
16   supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,
17   marketing, warranting, re-branding, manufacturing for others, packaging and advertising as
18   certain product, namely asbestos, and other products containing asbestos. Said entities
19   shall hereinafter collectively be called "Alternate Entities." Each of the herein named
20   Defendants is liable for the tortious conduct of each successor, successor in business,
21   successor in product line or a portion thereof, assign, predecessor in product line or a
22   portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned
23   entity, or entity that it was a member of, or funded, that researched, studied, manufactured,
24   fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for
25   sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,
26   marketed, warranted, re-branded, manufactured for others and advertised a certain
27   product, namely asbestos, and other products containing asbestos. The following
28   Defendants, and each of them, are liable for the acts of each and every "Alternate Entity,"

ORIGINAL COMPLAINT

1  in that there has been a virtual destruction of Plaintiffs' remedies against each such

2  "Alternate Entity;" Defendants, and each of them, have acquired the assets, product line,

3  or a portion thereof, of each such "Alternate Entity;" Defendants, and each of them, caused

4  the destruction of Plaintiffs' remedies against each such "Alternate Entity;" each such

5  Defendant has the ability to assume the risk-spreading role of each such "Alternate Entity;"

6  and that each such Defendant enjoys the goodwill originally attached to each such

7  "Alternate Entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AMCORD, INC. | INDIVIDUALLY and as successor in interest to Riverside Cement Company |
| CBS CORPORATION | F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION |
| CLEAVER-BROOKS, INC. | individually and f/k/a Aqua-Chem, Inc. |
| Crown Cork & Seal USA, Inc. | INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MUNDET CORK COMPANY |
| CRANE CO. | Individually and as successor in interest to Chapman Valves; FAMILIAN CORPORATION |
| GEORGIA-PACIFIC, LLC | f/k/a Georgia-Pacific Corporation, individually and as successor-in-interest to Bestwall Gypsum Company |
| HANSON PERMANENTE CEMENT, INC. | f/k/a Kaiser Cement Corporation |
| IMO Industries, Inc. | (Individually and as successor in interest to Delaval Steam Turbine, Inc.) |

-7-



| INGERSOLL-RAND COMPANY | individually and as successor in interest to The Aldrich Company |
|---|---|
| JM MANUFACTURING COMPANY, INC. | (Dba JM Pipe Manufacturing Company) |
| MECHANICAL DRIVES & BELTING | (f/k/a L.A. Rubber Company) |

14. Defendants, their "Alternate Entities," and each of them had a duty to use reasonable care in manufacturing their products and to warn the customer, user, or bystander that their products were dangerous and unsafe. At all times mentioned herein, Defendants, their "Alternate Entities," and each of them negligently and carelessly researched, tested or failed to test, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, used, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance, in that said substance was capable of causing and did, in fact, proximately cause personal injuries to users and consumers thereof while being used in manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by the consumer, users, or bystanders thereof, and others to whom Defendants owe a duty, including Plaintiff PAUL N. KANONAS.

15. Plaintiff PAUL N. KANONAS is a worker who, for a substantial length of time, used, handled, and was otherwise exposed to Defendants' asbestos and asbestos products, in a manner that was reasonably foreseeable, while he was working as described in Paragraph 6 above.

16. As a direct and proximate result of the above-referenced conduct of the Defendants, their "Alternate Entities," and each of them, as aforesaid, said exposure to said asbestos caused severe and permanent injury to Plaintiff's lungs and body, including, but not limited to the disease mesothelioma.

17. On or about June 2011, Plaintiff PAUL N. KANONAS was diagnosed with the

-8-



1  asbestos-related disease mesothelioma. Prior to that date, Plaintiff, did not know, nor did

2  he have reason to know, that he had contracted this disease related to his exposure to

3  asbestos. Prior to said date, Plaintiff was not aware that exposure to asbestos presented

4  any risk of injury and/or disease to him, and had not been advised or informed by anyone

5  that he could contract, nor indeed did contract, any disease, sickness or injury as a result

6  of working in the vicinity of asbestos.

7        18.   Plaintiff is informed and believes, and thereupon allege, that mesothelioma is

8  a vicious, painful and often fatal malignancy of the lung, and that said disease results from

9  exposure to asbestos and asbestos products over a period of time.

10        19.   As a direct and proximate result of the aforesaid conduct of the Defendants,

11  their "Alternate Entities," and each of them Plaintiff PAUL N. KANONAS has suffered, and

12  continues to suffer, severe and permanent injuries to his person, body and health,

13  including, but not limited to, the disease mesothelioma, all to his general damage in a sum

14  within the jurisdictional limits of this court.

15        20.   As a direct and proximate result of the aforesaid conduct of the Defendants,

16  their "Alternate Entities," and each of them Plaintiffs were compelled to and did employ the

17  services of hospitals, surgeons, physicians, nurses, and the like, to care for and treat

18  Plaintiff PAUL N. KANONAS, and did incur medical, hospital and professional incidental

19  expenses, and Plaintiff is informed and believes and thereupon allege that by reason of

20  said injuries, Plaintiff PAUL N. KANONAS will necessarily incur additional like expenses for

21  an indefinite period of time in the future, and when said amounts are ascertained, Plaintiff

22  will allege said amounts.

23        21.   At all times herein mentioned, Defendants, their "Alternate Entities," and each

24  of them were aware that the original gaskets and packing supplied with their equipment

25  would need to be removed and replaced with new gaskets and packing during ordinary

26  operation and maintenance of their equipment. Heat and pressure generated by operation

27  would affect the original and replacement gaskets and packing - e.g., making them brittle,

28  friable and not reusable, making replacement necessary and dangerous. It was

-9-

ORIGINAL COMPLAINT

1   foreseeable that the process of removing old gaskets and packing, and replacing them with

2   the new materials during ordinary maintenance operations would cause the disturbance of

3   asbestos and/or asbestos containing materials, releasing asbestos into the air. It was also

4   foreseeable that Defendant's equipment needed to be insulated with asbestos containing

5   thermal insulation materials and that the negligent design of Defendants' equipment

6   through its ordinary operation caused the degradation of asbestos containing thermal

7   insulation and the foreseeable removal of these insulation materials and application of new

8   insulation materials, which would cause the disturbance of asbestos and/or asbestos

9   containing materials, releasing asbestos into the air.

10          22.     On or before 1930, the Defendants, their "Alternate Entities," and each of

11   them, have known and have possessed the true facts of medical and scientific data and

12   other knowledge which clearly indicated that asbestos and asbestos-containing products

13   were and are hazardous to the health and safety of Plaintiff PAUL N. KANONAS, and

14   others in Plaintiff's position working in close proximity with such materials.  Specifically,

15   Defendants, their "Alternate Entities," and each of them, knew, or had a duty to know, the

16   following information:

17          (a) E.R.A. Merewether & C.W. Price's 1930 *Report on Effects of Asbestos Dust on*

18          *the Lung* (London: H.M. Stationary Office) put manufacturers, designers,

19          distributors, marketers, sellers, suppliers, inspectors and advertisers of asbestos

20          and asbestos containing products on notice that exposure to asbestos dust can

21          cause pulmonary fibrosis in exposed individuals and discussed processes by which

22          asbestos dust is generated and methods for dust suppression.  As such, at least as

23          of 1930, Defendants, their "Alternate Entities," and each of them, knew or had the

24          duty to know that exposure to asbestos dust could cause a debilitating potentially

25          lethal disease, that there was a dose-response relationship between the level of

26          asbestos exposure and risk of contracting disease,  and that disease prevention

27          requires the suppression or elimination of asbestos containing dust.  In 1933, E.R.A.

28          Merewether's *Memorandum on Asbestosis* (Tubercle, Vol. XIV — 1932-33,

-10-



1    December) informed Defendants, their "Alternate Entities," and each of them, that

2    exposure to asbestos containing dust for a period of less than 5 years can cause the

3    lung disease asbestosis, which can be deadly.

4    (b) R. Doll's 1955 article, *Mortality from Mesothelioma in Asbestos Workers* (Br. J.

5    Ind. Med., Vol. 12) put manufacturers, designers, distributors, marketers, sellers,

6    suppliers, inspectors and advertisers of asbestos and asbestos containing products

7    on notice that exposure to asbestos dust can cause mesothelioma in exposed

8    individuals, resulting in death.  As such, at least as of 1955, Defendants, their

9    "Alternate Entities," and each of them, knew or had the duty to know that exposure

10   to asbestos dust could cause mesothelioma, a potentially lethal disease.

11   (c) J.C. Wagner, C.A. Sleggs, & P. Marchland's 1960 article *Diffuse Pleural*

12   *Mesothelioma and Asbestos Exposure in the North Western Cape Province* (Br. J.

13   Ind. Med., Vol. 17) put manufacturers, designers, distributors, marketers, sellers,

14   suppliers, inspectors and advertisers of asbestos and asbestos containing products

15   on notice that exposure to asbestos dust can cause mesothelioma in exposed

16   individuals, resulting in death.  The article confirmed a causal association between

17   asbestos exposure and mesothelioma, and noted that even low-level, non-

18   occupational exposures to asbestos can cause mesothelioma.  As such, at least as

19   of 1960, Defendants, their "Alternate Entities," and each of them, knew or had the

20   duty to know that exposure to asbestos dust could cause mesothelioma, a lethal

21   form of cancer, in those directly exposed to asbestos containing dust as well as

22   those secondarily exposed in a residential setting.

23   23.    With intent to deceive Plaintiff PAUL N. KANONAS, and others in Plaintiff's

24   position, and with intent that he and such others should be and remain ignorant of such

25   facts with intent to induce Plaintiff and such others to alter his and their positions to his and

26   their injury and/or risk and in order to gain financial, business, and other advantages, the

27   following acts occurred:

28   (a) Defendants, their "Alternate Entities," and each of them, did not label any of the

-11-



aforementioned asbestos and asbestos containing materials and products with information regarding the hazards of such materials and products to the health and safety of Plaintiff and others in Plaintiff's position working in close proximity with such materials until 1964, when certain of such materials were labeled by some, but not all, of Defendants, their "Alternate Entities," and each of them, herein when the knowledge of such hazards was existing and known to Defendants, their "Alternate Entities," and each of them, since on or before 1930. By not labeling such materials as to their said hazards, Defendants, their "Alternate Entities," and each of them, caused to be suggested as a fact to Plaintiff that it was safe for Plaintiff to work in close proximity to such materials when in fact it was not true and Defendants, their "Alternate Entities," and each of them, did not believe it to be true.

(b) Defendants, their "Alternate Entities," and each of them, suppressed information relating the danger of use of the aforementioned materials by requesting the suppression of information to the Plaintiff and the general public concerning the dangerous nature of the aforementioned materials to workers, by not allowing such information to be disseminated in a manner which would have given general notice to the public and knowledge of the hazardous nature thereof when Defendants, their "Alternate Entities," and each of them, were bound to disclose such information;

(c) Defendants, their "Alternate Entities," and each of them, sold the aforementioned products and materials to Plaintiff's employer and others without advising Plaintiff and others of the dangers of use of such materials to persons working in close proximity thereto when Defendants, their "Alternate Entities," and each of them, knew of such dangers, and had a duty to disclose such dangers all as set forth herein. By said conduct, Defendants, their "Alternate Entities," and each of them, caused to be positively asserted to Plaintiff that which was not true and that which Defendants, their "Alternate Entities," and each of them, had not reasonable ground for believing to be true, to wit, that it was safe for Plaintiff to work in close proximity to such materials;

-12-



(d) Defendants, their "Alternate Entities," and each of them, suppressed from Plaintiff medical and scientific data and knowledge of the contents of the Lanza report. Although bound to disclose it, Defendants, their "Alternate Entities," and each of them influenced A.J. Lanza to change his report, the altered version of which was published in Public Health Reports, Volume 50 at page 1 in 1935, thereby causing Plaintiff and others to be and remain ignorant thereof. Defendants, there "Alternate Entities," and each of them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of danger, thereby lessening the probability of notice of danger to users thereof;

(e) Defendants, their "Alternate Entities," and each of them, belonged to, participated in, and financially supported the Asbestos Textile Institute and other industry organizations which, for and on behalf of Defendants, their "Alternate Entities," and each of them, actively promoted the suppression of information of danger to users of the aforementioned products and materials, thereby misleading Plaintiff by the suggestions and deceptions set forth above in this cause of action. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff at this time;

(f) Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "Alternate Entities," and each of them, knew and possessed medical and scientific information of the connection between inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their

-13-

ORIGINAL COMPLAINT



"Alternate Entities," and each of them, herein. Between 1942 and 1950, the Defendants, their "Alternate Entities," and each of them suggested to the public as a fact that which is not true and disseminated other facts likely to mislead Plaintiff. Such facts did mislead Plaintiff and others by withholding the afore-described medical and scientific data and other knowledge and by not giving Plaintiff the true facts concerning such knowledge of danger, which Defendants, their "Alternate Entities," and each of them, were bound to disclose;

(g) Defendants, their "Alternate Entities," and each of them, failed to warn Plaintiff and others of the nature of asbestos and asbestos containing materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that Defendants, their "Alternate Entities," and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

(h) Defendants, their "Alternate Entities," and each of them, failed to provide Plaintiff with information concerning adequate protective masks and other equipment devised to be used when applying and installing the products of the Defendants, and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to the Plaintiff and others applying and installing such material;

(i) Defendants, their "Alternate Entities," and each of them, when under a duty to so disclose, concealed from Plaintiff the true nature of the industrial exposure of Plaintiff and knew that Plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer. Defendants, their "Alternate Entities," and each of them, also concealed from Plaintiff and others that harmful materials to which they were exposed would cause pathological effects without noticeable trauma;

(j) Defendants, their "Alternate Entities," and each of them, failed to provide

-14-

information of the true nature of the hazards of asbestos and asbestos containing materials and that exposure to these materials would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by Plaintiff and Plaintiff's employers so that said physicians could examine, diagnose and treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "Alternate Entities," and each of them, were under a duty to so inform and said failure was misleading; and

(k) Defendants, their "Alternate Entities," and each of them, failed to provide adequate information to physicians and surgeons retained by Plaintiff's employers and their predecessor companies, for purposes of making physical examinations of Plaintiff and other employees as to the true nature of the risk of such materials and exposure thereto when they in fact possessed such information and had a duty to disclose it.

24.     On or before 1930, and thereafter, said Defendants, their "Alternate Entities," and each of them were aware that users of asbestos and asbestos containing products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said Defendants, their "Alternate Entities," and each of them, knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

25.     With said knowledge, said Defendants, their "Alternate Entities," and each of them opted to manufacture, design, distribute, market, sell, supply, install, inspect, repair, package, use, and advertise asbestos and asbestos containing products without attempting to protect or warn users or bystanders about the high risk of injury or death resulting from exposure to asbestos and asbestos products. Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or



1   death resulting from exposure to asbestos and asbestos products, Defendants, their

2   "Alternate Entities," and each of them intentionally failed to reveal their knowledge of said

3   risk, fraudulently, consciously and actively concealed and suppressed said knowledge from

4   members of the general public that asbestos and asbestos products were unsafe for all

5   reasonably foreseeable use, with the knowledge of the falsity of said implied

6   representations.

7       26.   Despite the above referenced historical knowledge of said Defendants, their

8   "Alternate Entities," and each of them, concerning the extreme hazards of asbestos,

9   Defendants negligently, carelessly, and with a willful and conscious disregard of the rights

10   and safety of others failed to adequately test, research, label, design, distribute, sell,

11   inspect, repair, use, modify or advertise their asbestos and asbestos containing products in

12   an effort to reduce or eliminate the potential that their products would cause deadly

13   diseases in users, bystanders, and other exposed individuals.

14       27.   The above referenced conduct of said Defendants, their "Alternate Entities,"

15   and each of them was motivated by the financial interest of said Defendants in the

16   continuing, uninterrupted distribution and marketing of asbestos and asbestos containing

17   products.  In pursuance of said financial motivation, said Defendants consciously

18   disregarded the safety of the users of, and persons exposed to, asbestos and asbestos

19   containing products, and were in fact consciously willing to permit asbestos and asbestos

20   containing products to cause injury to workers and users thereof, and persons exposed

21   thereto, including Plaintiff PAUL N. KANONAS.

22       28.   The above reference conduct, including but not limited to, each Defendant's

23   conscious suppression of the dangers of their product, each Defendant's failure to warn of

24   the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute

25   its asbestos-containing products, despite the health risks posed by those products and

26   known by each Defendant, were decisions and conduct committed by one or more officers,

27   directors, or managing agents of each Defendant, acting on behalf of said Defendant, or

28   were authorized, known, adopted or approved by an officer, director, or managing agent of

1   each Defendant.

2       29.    The above referenced conduct, including but not limited to, each Defendant's

3   conscious suppression of the dangers of their product, each Defendant's failure to warn of

4   the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute

5   its asbestos-containing products, despite the health risks posed by those products and

6   known by each Defendant, were decisions and conduct committed by an employee of

7   Defendant who exercised substantial independent authority and judgment in his or her

8   corporate decision-making such that his or her decisions ultimately determine corporate

9   policy.

10       30.    Within the corporate hierarchy of each Defendant, authorized persons acted

11   despicably in willful and conscious disregard of the rights and safety of others, including

12   Plaintiffs. These persons engaged in the above reference conduct, including by not limited

13   to each Defendant's conscious suppression of the dangers of its asbestos-containing

14   products, each Defendant's failure to warn of the dangers, and each Defendant's decision

15   to continue to manufacture, sell, and distribute its products despite the health risks posed

16   by so doing.

17       31.    The information concerning the health risks of asbestos, and described

18   above, was in the possession of each corporate Defendant and the structure of each

19   Defendant permitted that information to, in fact, move upward to the point were corporate

20   policy was formulated.  It became the corporate policy of each Defendant to consciously

21   suppress the dangers of their asbestos-containing products, and fail to warn of the dangers

22   of their asbestos-containing products, and to continue to manufacture, sell, and distribute

23   its asbestos-containing products well after the dangers of asbestos were known to each

24   Defendant for the purpose of maximizing their own profits.  It was the corporate policy of

25   each Defendant to choose profit over consumer and worker safety.  Defendants, and each

26   of them, through its officers, directors and managing agents engaged in conduct and

27   promulgated corporate policy, that could, and did, kill people.

28       32.    An officer, director, or managing agent of Defendants, their "Alternate

-17-

1   Entities," and each of them, with advance knowledge of the extreme health hazard posed
2   by asbestos and asbestos containing products, did, with conscious disregard for the rights
3   and safety of others, commit an act of oppression, fraud, or malice, or did authorize or
4   ratify such acts, including but not limited to Defendants' failure to adequately research, test,
5   or label their asbestos or asbestos-containing products and Defendants' attendant
6   willingness to continue to manufacture, design, distribute, market, sell, supply, install,
7   inspect, repair, package, use, and advertise asbestos and asbestos containing products
8   then known by Defendants to be hazardous to human health.  As such, an officer, director,
9   or managing agent of Defendants, their "Alternate Entities," and each of them, authorized
10  or ratified Defendants' failure to take reasonable and necessary efforts to reduce or
11  eliminate the potential that the asbestos and asbestos containing products Defendants
12  manufactured, designed, distributed, used, marketed, sold, supplied, installed, inspected,
13  repaired, packaged, used and advertised would cause deadly diseases, such as
14  mesothelioma, in users, bystanders, and other exposed individuals.
15      33.    The above-referenced conduct of said Defendants, their "Alternate Entities,"
16  and each of them was and is willful, malicious, outrageous and/or in conscious disregard
17  and indifference to the rights and safety of users of said asbestos and asbestos containing
18  products, including Plaintiff PAUL N. KANONAS. Defendants, their "Alternate Entities," and
19  each of them are guilty of oppression, fraud, or malice and engaged in conduct which was
20  intended by the Defendants to cause injury to the Plaintiffs or conduct which was carried
21  on by the Defendants with a willful and conscious disregard of the rights and safety of
22  others. Defendants, their "Alternate Entities," and each of them subjected Plaintiff to cruel
23  and unjust hardship in conscious disregard of their rights and engaged in intentional
24  misrepresentation, deceit, or concealment of a material fact known to the Defendants with
25  the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal
26  rights or otherwise causing injury. Plaintiff therefore, for the sake of example and by way of
27  punishing Defendants, seeks punitive damages, according to proof.
28                          **SECOND CAUSE OF ACTION**

-18-

(Strict Liability)

(As Against all Defendants)

34.   Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in each of the paragraphs above.

35.   At all times mentioned herein, Defendants, their "Alternate Entities," and each of them researched, manufactured, tested or failed to test, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance which Defendants knew were to be used without inspection for defects and which substance contained design and manufacturing defects, in that same was capable of causing and did, in fact, cause personal injuries to users, consumers, and bystanders while being used in a reasonably foreseeable manner, thereby rendering such asbestos and asbestos containing products unsafe and dangerous for use by users, consumers, and bystanders.

36.   As a direct and proximate result of the above described conduct by Defendants, their "Alternate Entities," and each of them, Plaintiff PAUL N. KANONAS suffered severe and permanent injuries to his person, as alleged hereinabove.

37.   At all times mentioned herein, the asbestos and products containing said substance discussed above failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the risk of danger inherent in asbestos and asbestos containing products outweighs the benefits of said substance and products.

38.   At all times mentioned herein, the foreseeable use of the asbestos and products containing said substance discussed above involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, but which danger was known or knowable to Defendants, their "Alternate Entities," and each of them, and Defendants failed to adequately warn of the substantial danger.

39.   As a direct and proximate result of the above described conduct by

-19-

ORIGINAL COMPLAINT



Defendants, their "alternate entities," and each of them, Plaintiff PAUL N. KANONAS suffered severe and permanent injuries to his person, as alleged hereinabove.

40.    An officer, director, or managing agent of Defendants, their "Alternate Entities," and each of them, with advance knowledge of the extreme health hazard posed by asbestos and asbestos containing products, did, with conscious disregard for the rights and safety of others, commit an act of oppression, fraud, or malice, or did authorize or ratify such acts, including but not limited to Defendants' failure to adequately research, test, or label their asbestos or asbestos-containing products and Defendants' attendant willingness to continue to manufacture, design, distribute, market, sell, supply, instal, inspect, repair, package, use, and advertise asbestos and asbestos containing products then known by Defendants to be hazardous to human health.  As such, an officer, director, or managing agent of Defendants, their "Alternate Entities," and each of them, authorized or ratified Defendants' failure to take reasonable and necessary efforts to address the design and manufacturing defects in the asbestos and asbestos containing products that Defendants manufactured, designed, distributed, used, marketed, sold, supplied, installed, inspected, repaired, packaged, used and advertised.

41.    The above reference conduct, including but not limited to, each Defendant's conscious suppression of the dangers of their product, each Defendant's failure to warn of the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute its asbestos-containing products, despite the health risks posed by those products and known by each Defendant, were decisions and conduct committed by one or more officers, directors, or managing agents of each Defendant, acting on behalf of said Defendant, or were authorized, known, adopted or approved by an officer, director, or managing agent of each Defendant.

42.    The above referenced conduct, including but not limited to, each Defendant's conscious suppression of the dangers of their product, each Defendant's failure to warn of the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute its asbestos-containing products, despite the health risks posed by those products and

1  known by each Defendant, were decisions and conduct committed by an employee of
2  Defendant who exercised substantial independent authority and judgment in his or her
3  corporate decision-making such that his or her decisions ultimately determine corporate
4  policy.

5      43.    Within the corporate hierarchy of each Defendant, authorized persons acted
6  despicably in willful and conscious disregard of the rights and safety of others, including
7  Plaintiffs.  These persons engaged in the above reference conduct, including by not limited
8  to each Defendant's conscious suppression of the dangers of its asbestos-containing
9  products, each Defendant's failure to warn of the dangers, and each Defendant's decision
10  to continue to manufacture, sell, and distribute its products despite the health risks posed
11  by so doing.

12      44.    The information concerning the health risks of asbestos, and described
13  above, was in the possession of each corporate Defendant and the structure of each
14  Defendant permitted that information to, in fact, move upward to the point were corporate
15  policy was formulated.  It became the corporate policy of each Defendant to consciously
16  suppress the dangers of their asbestos-containing products, and fail to warn of the dangers
17  of their asbestos-containing products, and to continue to manufacture, sell, and distribute
18  its asbestos-containing products well after the dangers of asbestos were known to each
19  Defendant for the purpose of maximizing their own profits.  It was the corporate policy of
20  each Defendant to choose profit over consumer and worker safety.  Defendants, and each
21  of them, through its officers, directors and managing agents engaged in conduct and
22  promulgated corporate policy, that could, and did, kill people.

23      45.    The above-referenced conduct of said Defendants, their "Alternate Entities,"
24  and each of them was and is willful, malicious, outrageous and/or in conscious disregard
25  and indifference to the rights and safety of users of said asbestos and asbestos containing
26  products, including Plaintiff PAUL N. KANONAS. Defendants, their "Alternate Entities," and
27  each of them are guilty of oppression, fraud, or malice and engaged in conduct which was
28  intended by the Defendants to cause injury to the Plaintiffs or conduct which was carried



1  on by the Defendants with a willful and conscious disregard of the rights and safety of

2  others. Defendants, their "Alternate Entities," and each of them subjected Plaintiffs to cruel

3  and unjust hardship in conscious disregard of their rights and engaged in intentional

4  misrepresentation, deceit, or concealment of a material fact known to the Defendants with

5  the intention on the part of the Defendants of thereby depriving Plaintiffs of property or

6  legal rights or otherwise causing injury. Plaintiffs therefore, for the sake of example and by

7  way of punishing Defendants, seek punitive damages, according to proof.

8

9

10  **THIRD CAUSE OF ACTION**

11  (Premises Owner/Contractor Liability)

12  (As Against Defendants FRASERS BOILER SERVICE, INC.; TODD SHIPYARDS

13  CORPORATION; and DOES 201-300)

14  46.   Plaintiff hereby incorporates by reference, as though fully set forth herein,

15  each and every allegation contained in each of the above.

16  47.   At all times mentioned herein, the Premises Owner/Contractor Liability

17  Defendants, their "Alternate Entities," and each of them, owned, leased, maintained,

18  managed, and/or controlled the premises at which Plaintiff PAUL N. KANONAS was

19  exposed to asbestos and asbestos containing products.

20  48.   Prior to and at said times and places, said Premises Owner/Contractor

21  Liability Defendants, their "Alternate Entities," and each of them, caused asbestos and

22  asbestos containing products to be constructed, installed, maintained, used, supplied,

23  replaced, repaired and/or removed on their respective premises, by their own workers

24  and/or by employing various contractors, and caused the release of dangerous quantities

25  of toxic asbestos fibers into the ambient air and thereby created a hazardous and unsafe

26  condition to Plaintiff PAUL N. KANONAS and other persons exposed to said asbestos

27  fibers while present at said premises.

28  49.   At all times mentioned herein, said Premises Owner/Contractor Liability

-22-




1   Defendants, their "Alternate Entities," and each of them, knew or in the exercise of ordinary
2   and reasonable care should have known, that the foregoing conditions and activities
3   created a dangerous, hazardous, and unsafe condition and unreasonable risk of harm and
4   personal injury to Plaintiff PAUL N. KANONAS and other workers or persons so exposed
5   present on each of the aforesaid respective premises.

6        50.    At all times relevant herein, Plaintiff PAUL N. KANONAS entered said
7   premises and used or occupied each of said respective premises as intended and for each
8   of the respective Premises Owner/Contractor Liability Defendants' request and invitation. In
9   so doing, Plaintiff was exposed to dangerous quantities of asbestos fibers released into the
10  ambient air by the aforesaid hazardous conditions and activities managed, maintained,
11  initiated, and/or otherwise created, controlled, or caused by said Premises
12  Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them.

13       51.    Plaintiff PAUL N. KANONAS at all times was unaware of the hazardous
14  condition or the risk of personal injury created by the aforesaid presence and use of
15  asbestos products and materials on said premises.

16       52.    At all times mentioned herein, said Premises Owner/Contractor Liability
17  Defendants, their "Alternate Entities," and each of them, remained in control of the
18  premises where Plaintiff PAUL N. KANONAS was performing his work.

19       53.    At all times mentioned herein, the Premises Owner/Contractor Liability
20  Defendants, their "Alternate Entities," and each of them, owed to Plaintiffs and others
21  similarly situated a duty to exercise ordinary care in the management of such premises in
22  order to avoid exposing workers such as Plaintiff PAUL N. KANONAS to an unreasonable
23  risk of harm and to avoid causing injury to said person.

24       54.    At all times mentioned herein, said Premises Owner/Contractor Liability
25  Defendants, their "Alternate Entities," and each of them, negligently failed to maintain,
26  manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff
27  of the existence of the aforesaid dangerous conditions and hazards on said premises.

28       55.    At all times mentioned herein, said Premises Owner/Contractor Liability

-23-




1  Defendants, their "Alternate Entities," and each of them, should have recognized that the
2  work of said contractors, identified above in Paragraph 40, would create during the
3  progress of the work, dangerous, hazardous, and unsafe conditions which could or would
4  harm Plaintiff PAUL N. KANONAS and others unless special precautions were taken.

5      56.    In part, Plaintiff PAUL N. KANONAS was exposed to dangerous quantities of
6  asbestos fibers by reason of such contractors' failure to take necessary precautions.

7      57.    The work of contractors on premises controlled by the Premises
8  Owner/Contractor Defendants created an unsafe premise and an unsafe work place by
9  reason of the release of dangerous quantities of asbestos fibers.

10     58.    The unsafe premise or work place was created, in part, by the negligent
11  conduct of the contractors employed by the Premises Owner/Contractor Defendants. Said
12  negligent conduct includes but is not limited to:

13     (a) Failure to warn about the hazards of asbestos dusts;

14     (b) Failure to suppress, reduce, or eliminate the release of asbestos containing dust
15     into the premises;

16     (c) Failure to remove asbestos containing dust on the premises through the use of
17     ventilation or appropriate means;

18     (d) Failure to provide adequate breathing protection, i.e., approved respirators or
19     masks to those exposed to the release of asbestos dust;

20     (e) Failure to inspect and/or test the air for the presence of asbestos fibers;

21     (f) Failure to provide medical monitoring to those exposed to asbestos dust.

22     59.    The Premises Owner/Contractor Defendants' duty to maintain and provide
23  safe premises, a safe place to work, and to warn of dangerous conditions are
24  non-delegable; said duties arise out of common law, Civil Code §1708, and Labor Code
25  §6400, et seq., or Health & Safety Code §40200, et seq., and regulations promulgated
26  thereunder. Therefore, the Premises Owner/Contractor Defendants are responsible for any
27  breach of said duties whether by themselves or others.

28     60.    Prior to and at said times and places, said Premises Owner/Contractor

-24-

ORIGINAL COMPLAINT

1   Liability Defendants, their "Alternate Entities," and each of them were subject to certain
2   ordinances, statutes, and other government regulations promulgated by the United States
3   Government, the State of California, and others, including but not limited to the General
4   Industry Safety Orders promulgated pursuant to California Labor Code §6400 and the
5   California Administrative Code under the Division of Industrial Safety, Department of
6   Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous
7   Substances), Article 81, §§4105, 4106, 4107 and 4108, and Threshold Limit Values as
8   documented for asbestos and other toxic substances under Appendix A, Table 1 of said
9   Safety Orders; additionally, California Health & Safety Code §40200, et seq., which
10  empowers the California Air Quality Management Districts to promulgate regulations
11  covering emission standards for hazardous air pollutants. Such state and federal standards
12  required said Premises Owner/Contractor Liability Defendants, their "Alternate Entities,"
13  and each of them, to provide specific safeguards or precautions to prevent or reduce the
14  inhalation of asbestos dust; and said Premises Owner/Contractor Liability Defendants
15  failed to provide the required safeguards and precautions. Defendants' violations of said
16  codes include but are not limited to:

17          (a) Failing to comply with statutes and allowing ambient levels of airborne asbestos
18          fiber to exceed the permissible/allowable levels with regard to the aforementioned
19          statutes;

20          (b) Failing to segregate work involving the release of asbestos dusts;

21          (c) Failing to suppress asbestos dust using prescribed ventilation techniques;

22          (d) Failing to suppress asbestos dust using prescribed "wet down" techniques;

23          (e) Failing to warn or educate Plaintiff PAUL N. KANONAS or others regarding
24          asbestos on the premises;

25          (f) Failing to provide approved respiratory protection devices;

26          (g) Failing to ensure "approved" respiratory protection devices were used properly;

27          (h) Failing to provide for an on-going health and screening program for those
28          exposed to asbestos on the premises;

-25-



(i) Failing to provide adequate housekeeping and clean-up of the work place;

(j) Failing to properly warn of the hazards associated with asbestos as required by statute;

(k) Failing to properly report renovation and disturbance of asbestos containing materials;

(l) Failing to have an asbestos removal supervisor as required by regulation;

(m) Failing to get approval for renovation as required by statutes; and

(n) Failing to maintain records as required by statute.

61.     Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, were the "statutory employer" of Plaintiff PAUL N. KANONAS as defined by the California Labor Code and California case law.

62.     Plaintiff PAUL N. KANONAS at all times was unaware of the hazardous condition or the risk of personal injury created by Defendants' violation of said regulations, ordinances, or statutes.

63.     At all times mentioned herein, Plaintiff PAUL N. KANONAS was a member of the class of persons whose safety was intended to be protected by the regulations, statutes, or ordinances described in the foregoing paragraphs.

64.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises, and that such persons were unaware of the aforesaid violations of codes, regulations, and statutes.

65.     As a legal consequence of the foregoing, Plaintiff PAUL N. KANONAS developed the asbestos-related disease mesothelioma, which has caused great injury and disability as previously set forth, and Plaintiffs have suffered damages as herein alleged.

66.     An officer, director, or managing agent of Premises Owner/Contractor Liability

-26-



1   Defendants, their "Alternate Entities," and each of them, with advance knowledge of the
2   extreme health hazard posed by asbestos and asbestos containing products, did, with
3   conscious disregard for the rights and safety of others, commit an act of oppression, fraud,
4   or malice, or did authorize or ratify such acts, including but not limited to Defendants'
5   failure to provide workers with an adequately safe work environment and Defendants'
6   attendant willingness to continue to construct, install, maintain, use, supply, replace, repair
7   and/or remove asbestos and asbestos containing products, thereby generating airborne
8   asbestos dust to which Plaintiff PAUL N. KANONAS was exposed.  As such, an officer,
9   director, or managing agent of Premises Owner/Contractor Liability Defendants, their
10  "Alternate Entities," and each of them, authorized or ratified Defendants' failure to take
11  reasonable and necessary efforts to ensure that workers such as Plaintiff PAUL N.
12  KANONAS were not exposed to toxic asbestos dust on their premises.

13        67.    The above reference conduct, including but not limited to, each Defendant's
14  conscious suppression of the dangers of their product, each Defendant's failure to warn of
15  the dangers, and each Defendant's decision to continue fail to provide workers with an
16  adequately safe work environment were decisions and conduct committed by one or more
17  officers, directors, or managing agents of each Defendant, acting on behalf of said
18  Defendant, or were authorized, known, adopted or approved by an officer, director, or
19  managing agent of each Defendant.

20        68.    The above referenced conduct, including but not limited to, each Defendant's
21  conscious suppression of the dangers of asbestos, each Defendant's failure to warn of the
22  dangers, and each Defendant's decision to continue to create an unsafe work environment,
23  were decisions and conduct committed by an employee of Defendant who exercised
24  substantial independent authority and judgment in his or her corporate decision-making
25  such that his or her decisions ultimately determine corporate policy.

26        69.    Within the corporate hierarchy of each Defendant, authorized persons acted
27  despicably in willful and conscious disregard of the rights and safety of others, including
28  Plaintiffs.  These persons engaged in the above reference conduct, including by not limited



1  to each Defendant's conscious suppression of the dangers of asbestos, each Defendant's
2  failure to warn of the dangers, and each Defendant's decision to continue to create an
3  unsafe premises by so doing.

4      70.    The information concerning the health risks of asbestos, and described
5  above, was in the possession of each corporate Defendant and the structure of each
6  Defendant permitted that information to, in fact, move upward to the point were corporate
7  policy was formulated.  It became the corporate policy of each Defendant to consciously
8  suppress the dangers of their asbestos and fail to warn of the dangers of asbestos for the
9  purpose of maximizing their own profits.  It was the corporate policy of each Defendant to
10 choose profit over consumer and worker safety.

11     71.    The above-referenced conduct of said Premises Owner/Contractor Liability
12 Defendants, their "Alternate Entities," and each of them, was and is willful, malicious,
13 outrageous and/or in conscious disregard and indifference to the rights and safety of users
14 of said asbestos and asbestos containing products, including Plaintiff PAUL N. KANONAS.
15 Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of
16 them, are guilty of oppression, fraud, or malice and engaged in conduct which was
17 intended by the Defendants to cause injury to the Plaintiffs or conduct which was carried
18 on by the Defendants with a willful and conscious disregard of the rights and safety of
19 others. Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and
20 each of them, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of
21 their rights and engaged in intentional misrepresentation, deceit, or concealment of a
22 material fact known to the Defendants with the intention on the part of the Defendants of
23 thereby depriving Plaintiffs of property or legal rights or otherwise causing injury. Plaintiffs
24 therefore, for the sake of example and by way of punishing Defendants, seek punitive
25 damages, according to proof.

26

27     WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, in
28 an amount to be proven at trial in each individual case, as follows:

-28-

ORIGINAL COMPLAINT



1     1. General damages, according to proof;

2     2. Damages for medical and related expenses, according to proof;

3     3. Damages for loss of earning capacity, according to proof;

4     4. Damages for loss of earnings, according to proof;

5     5. Damages for Plaintiffs' other economic losses, according to proof;

6     6. Exemplary or punitive damages, according to proof;

7     7. Prejudgment interest, according to proof;

8     8. Costs of suit incurred herein; and

9     9. Such other and further relief as this Court may deem just and proper, including

10 costs and prejudgment interest as provided in C.C.P. §998, C.C.P. §1032 and related

11 provisions of law.

12 DATED: October 14,  2011

13                          DEBLASE BROWN EYERLY LLP

14

15                     By:

16                        Eric Brown
                          Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL COMPLAINT