


(Strict Liability)

(As Against all Defendants)

34.   Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in each of the paragraphs above.

35.   At all times mentioned herein, Defendants, their "Alternate Entities," and each of them researched, manufactured, tested or failed to test, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance which Defendants knew were to be used without inspection for defects and which substance contained design and manufacturing defects, in that same was capable of causing and did, in fact, cause personal injuries to users, consumers, and bystanders while being used in a reasonably foreseeable manner, thereby rendering such asbestos and asbestos containing products unsafe and dangerous for use by users, consumers, and bystanders.

36.   As a direct and proximate result of the above described conduct by Defendants, their "Alternate Entities," and each of them, Plaintiff PAUL N. KANONAS suffered severe and permanent injuries to his person, as alleged hereinabove.

37.   At all times mentioned herein, the asbestos and products containing said substance discussed above failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the risk of danger inherent in asbestos and asbestos containing products outweighs the benefits of said substance and products.

38.   At all times mentioned herein, the foreseeable use of the asbestos and products containing said substance discussed above involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, but which danger was known or knowable to Defendants, their "Alternate Entities," and each of them, and Defendants failed to adequately warn of the substantial danger.

39.   As a direct and proximate result of the above described conduct by

-19-




1  Defendants, their "alternate entities," and each of them, Plaintiff PAUL N. KANONAS

2  suffered severe and permanent injuries to his person, as alleged hereinabove.

3          40.     An officer, director, or managing agent of Defendants, their "Alternate

4  Entities," and each of them, with advance knowledge of the extreme health hazard posed

5  by asbestos and asbestos containing products, did, with conscious disregard for the rights

6  and safety of others, commit an act of oppression, fraud, or malice, or did authorize or

7  ratify such acts, including but not limited to Defendants' failure to adequately research, test,

8  or label their asbestos or asbestos-containing products and Defendants' attendant

9  willingness to continue to manufacture, design, distribute, market, sell, supply, instal,

10  inspect, repair, package, use, and advertise asbestos and asbestos containing products

11  then known by Defendants to be hazardous to human health.  As such, an officer, director,

12  or managing agent of Defendants, their "Alternate Entities," and each of them, authorized

13  or ratified Defendants' failure to take reasonable and necessary efforts to address the

14  design and manufacturing defects in the asbestos and asbestos containing products that

15  Defendants manufactured, designed, distributed, used, marketed, sold, supplied, installed,

16  inspected, repaired, packaged, used and advertised.

17          41.     The above reference conduct, including but not limited to, each Defendant's

18  conscious suppression of the dangers of their product, each Defendant's failure to warn of

19  the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute

20  its asbestos-containing products, despite the health risks posed by those products and

21  known by each Defendant, were decisions and conduct committed by one or more officers,

22  directors, or managing agents of each Defendant, acting on behalf of said Defendant, or

23  were authorized, known, adopted or approved by an officer, director, or managing agent of

24  each Defendant.

25          42.     The above referenced conduct, including but not limited to, each Defendant's

26  conscious suppression of the dangers of their product, each Defendant's failure to warn of

27  the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute

28  its asbestos-containing products, despite the health risks posed by those products and

-20-



1  known by each Defendant, were decisions and conduct committed by an employee of
2  Defendant who exercised substantial independent authority and judgment in his or her
3  corporate decision-making such that his or her decisions ultimately determine corporate
4  policy.

5      43.    Within the corporate hierarchy of each Defendant, authorized persons acted
6  despicably in willful and conscious disregard of the rights and safety of others, including
7  Plaintiffs.  These persons engaged in the above reference conduct, including by not limited
8  to each Defendant's conscious suppression of the dangers of its asbestos-containing
9  products, each Defendant's failure to warn of the dangers, and each Defendant's decision
10 to continue to manufacture, sell, and distribute its products despite the health risks posed
11 by so doing.

12     44.    The information concerning the health risks of asbestos, and described
13 above, was in the possession of each corporate Defendant and the structure of each
14 Defendant permitted that information to, in fact, move upward to the point were corporate
15 policy was formulated.  It became the corporate policy of each Defendant to consciously
16 suppress the dangers of their asbestos-containing products, and fail to warn of the dangers
17 of their asbestos-containing products, and to continue to manufacture, sell, and distribute
18 its asbestos-containing products well after the dangers of asbestos were known to each
19 Defendant for the purpose of maximizing their own profits.  It was the corporate policy of
20 each Defendant to choose profit over consumer and worker safety.  Defendants, and each
21 of them, through its officers, directors and managing agents engaged in conduct and
22 promulgated corporate policy, that could, and did, kill people.

23     45.    The above-referenced conduct of said Defendants, their "Alternate Entities,"
24 and each of them was and is willful, malicious, outrageous and/or in conscious disregard
25 and indifference to the rights and safety of users of said asbestos and asbestos containing
26 products, including Plaintiff PAUL N. KANONAS. Defendants, their "Alternate Entities," and
27 each of them are guilty of oppression, fraud, or malice and engaged in conduct which was
28 intended by the Defendants to cause injury to the Plaintiffs or conduct which was carried




1  on by the Defendants with a willful and conscious disregard of the rights and safety of

2  others. Defendants, their "Alternate Entities," and each of them subjected Plaintiffs to cruel

3  and unjust hardship in conscious disregard of their rights and engaged in intentional

4  misrepresentation, deceit, or concealment of a material fact known to the Defendants with

5  the intention on the part of the Defendants of thereby depriving Plaintiffs of property or

6  legal rights or otherwise causing injury. Plaintiffs therefore, for the sake of example and by

7  way of punishing Defendants, seek punitive damages, according to proof.

8

9

10                            **THIRD CAUSE OF ACTION**

11                        (Premises Owner/Contractor Liability)

12      (As Against Defendants FRASERS BOILER SERVICE, INC.; TODD SHIPYARDS

13  CORPORATION; and DOES 201-300)

14      46.    Plaintiff hereby incorporates by reference, as though fully set forth herein,

15  each and every allegation contained in each of the above.

16      47.    At all times mentioned herein, the Premises Owner/Contractor Liability

17  Defendants, their "Alternate Entities," and each of them, owned, leased, maintained,

18  managed, and/or controlled the premises at which Plaintiff PAUL N. KANONAS was

19  exposed to asbestos and asbestos containing products.

20      48.    Prior to and at said times and places, said Premises Owner/Contractor

21  Liability Defendants, their "Alternate Entities," and each of them, caused asbestos and

22  asbestos containing products to be constructed, installed, maintained, used, supplied,

23  replaced, repaired and/or removed on their respective premises, by their own workers

24  and/or by employing various contractors, and caused the release of dangerous quantities

25  of toxic asbestos fibers into the ambient air and thereby created a hazardous and unsafe

26  condition to Plaintiff PAUL N. KANONAS and other persons exposed to said asbestos

27  fibers while present at said premises.

28      49.    At all times mentioned herein, said Premises Owner/Contractor Liability

-22-




1  Defendants, their "Alternate Entities," and each of them, knew or in the exercise of ordinary
2  and reasonable care should have known, that the foregoing conditions and activities
3  created a dangerous, hazardous, and unsafe condition and unreasonable risk of harm and
4  personal injury to Plaintiff PAUL N. KANONAS and other workers or persons so exposed
5  present on each of the aforesaid respective premises.

6       50.    At all times relevant herein, Plaintiff PAUL N. KANONAS entered said
7  premises and used or occupied each of said respective premises as intended and for each
8  of the respective Premises Owner/Contractor Liability Defendants' request and invitation. In
9  so doing, Plaintiff was exposed to dangerous quantities of asbestos fibers released into the
10 ambient air by the aforesaid hazardous conditions and activities managed, maintained,
11 initiated, and/or otherwise created, controlled, or caused by said Premises
12 Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them.

13      51.    Plaintiff PAUL N. KANONAS at all times was unaware of the hazardous
14 condition or the risk of personal injury created by the aforesaid presence and use of
15 asbestos products and materials on said premises.

16      52.    At all times mentioned herein, said Premises Owner/Contractor Liability
17 Defendants, their "Alternate Entities," and each of them, remained in control of the
18 premises where Plaintiff PAUL N. KANONAS was performing his work.

19      53.    At all times mentioned herein, the Premises Owner/Contractor Liability
20 Defendants, their "Alternate Entities," and each of them, owed to Plaintiffs and others
21 similarly situated a duty to exercise ordinary care in the management of such premises in
22 order to avoid exposing workers such as Plaintiff PAUL N. KANONAS to an unreasonable
23 risk of harm and to avoid causing injury to said person.

24      54.    At all times mentioned herein, said Premises Owner/Contractor Liability
25 Defendants, their "Alternate Entities," and each of them, negligently failed to maintain,
26 manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff
27 of the existence of the aforesaid dangerous conditions and hazards on said premises.

28      55.    At all times mentioned herein, said Premises Owner/Contractor Liability

-23-



1   Defendants, their "Alternate Entities," and each of them, should have recognized that the
2   work of said contractors, identified above in Paragraph 40, would create during the
3   progress of the work, dangerous, hazardous, and unsafe conditions which could or would
4   harm Plaintiff PAUL N. KANONAS and others unless special precautions were taken.

5       56.    In part, Plaintiff PAUL N. KANONAS was exposed to dangerous quantities of
6   asbestos fibers by reason of such contractors' failure to take necessary precautions.

7       57.    The work of contractors on premises controlled by the Premises
8   Owner/Contractor Defendants created an unsafe premise and an unsafe work place by
9   reason of the release of dangerous quantities of asbestos fibers.

10      58.    The unsafe premise or work place was created, in part, by the negligent
11  conduct of the contractors employed by the Premises Owner/Contractor Defendants. Said
12  negligent conduct includes but is not limited to:

13          (a) Failure to warn about the hazards of asbestos dusts;

14          (b) Failure to suppress, reduce, or eliminate the release of asbestos containing dust
15      into the premises;

16          (c) Failure to remove asbestos containing dust on the premises through the use of
17      ventilation or appropriate means;

18          (d) Failure to provide adequate breathing protection, i.e., approved respirators or
19      masks to those exposed to the release of asbestos dust;

20          (e) Failure to inspect and/or test the air for the presence of asbestos fibers;

21          (f) Failure to provide medical monitoring to those exposed to asbestos dust.

22      59.    The Premises Owner/Contractor Defendants' duty to maintain and provide
23  safe premises, a safe place to work, and to warn of dangerous conditions are
24  non-delegable; said duties arise out of common law, Civil Code §1708, and Labor Code
25  §6400, et seq., or Health & Safety Code §40200, et seq., and regulations promulgated
26  thereunder. Therefore, the Premises Owner/Contractor Defendants are responsible for any
27  breach of said duties whether by themselves or others.

28      60.    Prior to and at said times and places, said Premises Owner/Contractor

-24-



Liability Defendants, their "Alternate Entities," and each of them were subject to certain ordinances, statutes, and other government regulations promulgated by the United States Government, the State of California, and others, including but not limited to the General Industry Safety Orders promulgated pursuant to California Labor Code §6400 and the California Administrative Code under the Division of Industrial Safety, Department of Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous Substances), Article 81, §§4105, 4106, 4107 and 4108, and Threshold Limit Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health & Safety Code §40200, et seq., which empowers the California Air Quality Management Districts to promulgate regulations covering emission standards for hazardous air pollutants. Such state and federal standards required said Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, to provide specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust; and said Premises Owner/Contractor Liability Defendants failed to provide the required safeguards and precautions. Defendants' violations of said codes include but are not limited to:

(a) Failing to comply with statutes and allowing ambient levels of airborne asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

(b) Failing to segregate work involving the release of asbestos dusts;

(c) Failing to suppress asbestos dust using prescribed ventilation techniques;

(d) Failing to suppress asbestos dust using prescribed "wet down" techniques;

(e) Failing to warn or educate Plaintiff PAUL N. KANONAS or others regarding asbestos on the premises;

(f) Failing to provide approved respiratory protection devices;

(g) Failing to ensure "approved" respiratory protection devices were used properly;

(h) Failing to provide for an on-going health and screening program for those exposed to asbestos on the premises;

-25-



(i) Failing to provide adequate housekeeping and clean-up of the work place;

(j) Failing to properly warn of the hazards associated with asbestos as required by statute;

(k) Failing to properly report renovation and disturbance of asbestos containing materials;

(l) Failing to have an asbestos removal supervisor as required by regulation;

(m) Failing to get approval for renovation as required by statutes; and

(n) Failing to maintain records as required by statute.

61.    Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, were the "statutory employer" of Plaintiff PAUL N. KANONAS as defined by the California Labor Code and California case law.

62.    Plaintiff PAUL N. KANONAS at all times was unaware of the hazardous condition or the risk of personal injury created by Defendants' violation of said regulations, ordinances, or statutes.

63.    At all times mentioned herein, Plaintiff PAUL N. KANONAS was a member of the class of persons whose safety was intended to be protected by the regulations, statutes, or ordinances described in the foregoing paragraphs.

64.    At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises, and that such persons were unaware of the aforesaid violations of codes, regulations, and statutes.

65.    As a legal consequence of the foregoing, Plaintiff PAUL N. KANONAS developed the asbestos-related disease mesothelioma, which has caused great injury and disability as previously set forth, and Plaintiffs have suffered damages as herein alleged.

66.    An officer, director, or managing agent of Premises Owner/Contractor Liability

-26-



1   Defendants, their "Alternate Entities," and each of them, with advance knowledge of the
2   extreme health hazard posed by asbestos and asbestos containing products, did, with
3   conscious disregard for the rights and safety of others, commit an act of oppression, fraud,
4   or malice, or did authorize or ratify such acts, including but not limited to Defendants'
5   failure to provide workers with an adequately safe work environment and Defendants'
6   attendant willingness to continue to construct, install, maintain, use, supply, replace, repair
7   and/or remove asbestos and asbestos containing products, thereby generating airborne
8   asbestos dust to which Plaintiff PAUL N. KANONAS was exposed.  As such, an officer,
9   director, or managing agent of Premises Owner/Contractor Liability Defendants, their
10  "Alternate Entities," and each of them, authorized or ratified Defendants' failure to take
11  reasonable and necessary efforts to ensure that workers such as Plaintiff PAUL N.
12  KANONAS were not exposed to toxic asbestos dust on their premises.

13          67.    The above reference conduct, including but not limited to, each Defendant's
14  conscious suppression of the dangers of their product, each Defendant's failure to warn of
15  the dangers, and each Defendant's decision to continue fail to provide workers with an
16  adequately safe work environment were decisions and conduct committed by one or more
17  officers, directors, or managing agents of each Defendant, acting on behalf of said
18  Defendant, or were authorized, known, adopted or approved by an officer, director, or
19  managing agent of each Defendant.

20          68.    The above referenced conduct, including but not limited to, each Defendant's
21  conscious suppression of the dangers of asbestos, each Defendant's failure to warn of the
22  dangers, and each Defendant's decision to continue to create an unsafe work environment,
23  were decisions and conduct committed by an employee of Defendant who exercised
24  substantial independent authority and judgment in his or her corporate decision-making
25  such that his or her decisions ultimately determine corporate policy.

26          69.    Within the corporate hierarchy of each Defendant, authorized persons acted
27  despicably in willful and conscious disregard of the rights and safety of others, including
28  Plaintiffs.  These persons engaged in the above reference conduct, including by not limited

-27-

1  to each Defendant's conscious suppression of the dangers of asbestos, each Defendant's
2  failure to warn of the dangers, and each Defendant's decision to continue to create an
3  unsafe premises by so doing.

4      70.    The information concerning the health risks of asbestos, and described
5  above, was in the possession of each corporate Defendant and the structure of each
6  Defendant permitted that information to, in fact, move upward to the point were corporate
7  policy was formulated.  It became the corporate policy of each Defendant to consciously
8  suppress the dangers of their asbestos and fail to warn of the dangers of asbestos for the
9  purpose of maximizing their own profits.  It was the corporate policy of each Defendant to
10  choose profit over consumer and worker safety.

11      71.    The above-referenced conduct of said Premises Owner/Contractor Liability
12  Defendants, their "Alternate Entities," and each of them, was and is willful, malicious,
13  outrageous and/or in conscious disregard and indifference to the rights and safety of users
14  of said asbestos and asbestos containing products, including Plaintiff PAUL N. KANONAS.
15  Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of
16  them, are guilty of oppression, fraud, or malice and engaged in conduct which was
17  intended by the Defendants to cause injury to the Plaintiffs or conduct which was carried
18  on by the Defendants with a willful and conscious disregard of the rights and safety of
19  others. Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and
20  each of them, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of
21  their rights and engaged in intentional misrepresentation, deceit, or concealment of a
22  material fact known to the Defendants with the intention on the part of the Defendants of
23  thereby depriving Plaintiffs of property or legal rights or otherwise causing injury. Plaintiffs
24  therefore, for the sake of example and by way of punishing Defendants, seek punitive
25  damages, according to proof.

26

27      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, in
28  an amount to be proven at trial in each individual case, as follows:

-28-

1. General damages, according to proof;

2. Damages for medical and related expenses, according to proof;

3. Damages for loss of earning capacity, according to proof;

4. Damages for loss of earnings, according to proof;

5. Damages for Plaintiffs' other economic losses, according to proof;

6. Exemplary or punitive damages, according to proof;

7. Prejudgment interest, according to proof;

8. Costs of suit incurred herein; and

9. Such other and further relief as this Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. §998, C.C.P. §1032 and related provisions of law.

DATED: October 14, 2011

DEBLASE BROWN EVERLY LLP

By: _____

Eric Brown
Attorneys for Plaintiffs

ORIGINAL COMPLAINT

# EXHIBIT B

LA COURT ONLINE

# Civil Case Document Images
## Document List

( Help ) ( Logout )

**Disclaimer:**

The Los Angeles Superior Court and the County of Los Angeles declare that information provided by and obtained from this site, intended for use on a case-by-case basis, does not constitute the official record of the Court and cannot be used as evidence in Court.

Any user of the information and data is hereby advised that they are being provided "as-is" without warranty of any kind, and that they may be subject to errors or omissions. To the extent permitted by applicable law, the Los Angeles Superior Court disclaims all warranties, including, without limitation, any implied warranties of merchantability, accuracy and fitness for a particular purpose, and non-infringement. The user acknowledges and agrees that neither the Los Angeles Superior Court nor the County of Los Angeles is liable in any way whatsoever for the accuracy or validity of the information provided.

Specific copyright and other proprietary rights may apply to information in a case file obtained from this site, absent an express grant of additional rights by the holder of the copyright or other proprietary right, use of such information is permissible only to the extent permitted by law or court order, and any use inconsistent with proprietary rights is prohibited.

For questions or assistance, contact onlineServices@lasuperiorcourt.org.

**Case Number:** BC471689
**Case Title:** PAUL N KANONAS VS AMCORD INC ET AL
**Case Type:** Asbestos--PI/WD (General Jurisdiction)
**Filing Date:** 10/17/2011

## The following documents are available electronically.

Click on the corresponding checkbox to select a document to download. You may select up to 10 documents for each download.

Click on the "Submit" button to continue.

| Select | Date Filed | Document | Number of Pages | Cost |
|--------|-----------|----------|-----------------|------|
| ☐ | 11/15/2011 | DEMAND FOR JURY TRIAL AND ESTIMATE OF LENGTH OF TRIAL | 2 | $7.50 |
| ☐ | 11/15/2011 | ANSWER TO COMPLAINT FOR PERSONAL INJURIES AND LOSS OF CONSORTIUM | 18 | $8.06 |
| ☐ | 11/15/2011 | Minute Order | 2 | $7.50 |
| ☐ | 11/4/2011 | COMPLEX ASBESTOS LITGAT1ON - SUBJECT TO THE GENERAL ORDERS CONTAINED IN THE FILE NO. C 700 000 DEMAND FOR TRIAL BY JURY AND ESTIMATE OF LEN( QR!L - | 2 | $7.50 |
| ☐ | 11/4/2011 | ANSWER OF DEFENDANT TO PLAINTIFF?S UNVERIFIED COMPLAINT FOR PERSONAL INJURY | 11 | $7.57 |
| ☐ | 10/25/2011 | AMENDMENT TO COMPLAINT | 1 | $7.50 |
| ☐ | 10/17/2011 | COMPLAINT FOR PERSONAL INJURIES AND LOSS OF CONSORTIUM 1. NEGLIGENCE; ETC | 35 | $9.25 |
| ☐ | 10/17/2011 | SUMMONS | 2 | $7.50 |

Online Services

[ Submit ]  [ Clear ]

Only case documents that have been imaged are available for download from this web site.

# EXHIBIT C

1   SCHIFF HARDIN LLP
    KATHLEEN A. STIMELING (CSB #209226)
2   One Market, Spear Street Tower
    Thirty-Second Floor
3   San Francisco, CA  94105
    Telephone:   (415) 901-8700
4   Facsimile:   (415) 901-8701

5   Attorneys for Defendant
    OWENS-ILLINOIS, INC.

6

7

8                  SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10

11  PAUL N. KANONAS,                    Case No.  BC 471689

12              Plaintiff,              COMPLEX ASBESTOS LITIGATION –
                                        SUBJECT TO THE GENERAL ORDERS
13        v.                            CONTAINED IN THE FILE NO. C 700 000

14  AMCORD, INC., et al.,               ANSWER OF DEFENDANT TO
                                        PLAINTIFF'S UNVERIFIED COMPLAINT
15              Defendants.             FOR PERSONAL INJURY  D-68

16

17

18       Defendant OWENS-ILLINOIS, INC. answers Plaintiff's unverified Complaint on its

19  own behalf and on behalf of no other Defendant as follows:

20       Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

21  denies generally each and every allegation of the Complaint.

22                    **FIRST AFFIRMATIVE DEFENSE**

23       Neither the Complaint nor any purported cause of action alleged by the Plaintiff

24  therein states facts sufficient to constitute a cause of action against Defendant.

25                    **SECOND AFFIRMATIVE DEFENSE**

26       To the extent the Complaint asserts Defendant's alleged "market share" liability,

27  or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of

28  action against Defendant.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\320069223.1

ANSWER OF DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY

**FILED**
Los Angeles Superior Court

NOV 04 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        DOROTHY SWAIN

**BY FAX**

### THIRD AFFIRMATIVE DEFENSE

Neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiff to an award of punitive damages against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would deprive Defendant of its property without due process of law under the California Constitution and United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would violate the United States Constitution's prohibition against laws impairing the obligation of contracts.

### SIXTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would constitute a criminal fine or penalty and should, therefore, be remitted on the ground that the award violates the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action, and each alleged cause of action, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure, Sections 335.1, 338, 339, 340, 340.2, 340.8, 343, 366.1, and 474 and California Commercial Code, Section 2725 and including any applicable statute of limitation and/or statute of repose of the state of Plaintiff's residence if not California.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably delayed in bringing this action, without good cause therefor, and thereby have prejudiced Defendant as a direct and proximate result of such delay; accordingly, this action is barred by laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff was negligent in and about the matters alleged in the Complaint and in each alleged cause of action; this negligence proximately caused, in whole or in part, the damages alleged in the Complaint. In the event Plaintiff is entitled to any damages, the

1    amount of these damages should be reduced by the comparative fault of Plaintiff and

2    any person whose negligent acts or omissions are imputed to Plaintiff.

3    ### TENTH AFFIRMATIVE DEFENSE

4         Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of

5    the risks and hazards, if any, referred to in the Complaint and each alleged cause of

6    action, and this undertaking proximately caused and contributed to any loss, injury or

7    damages incurred by Plaintiff.

8    ### ELEVENTH AFFIRMATIVE DEFENSE

9         Any loss, injury or damage incurred by Plaintiff was proximately caused by the

10   negligent or willful acts or omissions of parties whom Defendant neither controlled nor

11   had the right to control, and was not proximately caused by any acts, omissions or other

12   conduct of Defendant.

13   ### TWELFTH AFFIRMATIVE DEFENSE

14        The products referred to in the Complaint were misused, abused or altered by

15   Plaintiff or by others; the misuse, abuse or alteration was not reasonably foreseeable to

16   Defendant, and proximately caused any loss, injury or damages incurred by Plaintiff.

17   ### THIRTEENTH AFFIRMATIVE DEFENSE

18        Defendant alleges that its products were manufactured, produced, supplied, sold

19   and distributed in mandatory conformity with specifications promulgated by the United

20   States Government and/or foreign government under its war powers, as set forth in its

21   Constitution, and/or laws of that country, and that any recovery by Plaintiff on the

22   Complaint on file herein is barred in consequence of the exercise of those sovereign

23   powers.

24   ### FOURTEENTH AFFIRMATIVE DEFENSE

25        Plaintiff failed to exercise due diligence to mitigate their loss, injury or damages;

26   accordingly, the amount of damages to which Plaintiff is entitled, if any, should be

27   reduced by the amount of damages which would have otherwise been mitigated.

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\320069223.1

- 3 -

ANSWER OF DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY

## FIFTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause of action against Defendant is barred by the provisions of California Labor Code, Section 3601, et seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiff was employed and they were entitled to receive Workers' Compensation benefits from their employer; that Plaintiff's employer, other than Defendant, was negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employer proximately and concurrently contributed to the happening of the accident and to the loss or damage complained of by Plaintiff, if any there were, and that by reason thereof Defendant is entitled to set off any such benefits to be received by Plaintiff against any judgment which may be rendered in favor of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Discovery may show that at the time of the injuries alleged in the Complaint, Plaintiff was employed by and entitled to Workers' Compensation benefits from Defendant; such benefits constitute Plaintiff's exclusive remedy pursuant to Labor Code section 3600 et seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiff's employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiff, if any there were; and that Defendant is not liable for said employers' proportionate share of non-economic damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent in and about the matters referred to in said

11/28/11

1 Complaint, and that such negligence on the part of said parties proximately and

2 concurrently contributed to any loss or damage, including non-economic damages,

3 complained of by Plaintiff, if any there were; and that Defendant herein shall not be liable

4 for said parties' proportionate share of non-economic damages.

### TWENTIETH AFFIRMATIVE DEFENSE

6     Defendant alleges that at all times relevant to matters alleged in the Complaint,

7 Plaintiff's employer was a sophisticated user of asbestos-containing products and the

8 employer's negligence in providing the product to its employees in a negligent, careless

9 and reckless manner is a superseding cause of Plaintiff's injuries.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

11     If Plaintiff has received, or in the future may receive, Workers' Compensation

12 benefits from Defendant under the Labor Code of the State of California as a

13 consequence of the alleged industrial injury referred to in the Complaint, and in the event

14 that Defendant is held liable to Plaintiff, any award against Defendant must be reduced

15 in the amount of all such benefits received by Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

17     If Plaintiff has received, or in the future may receive, Workers' Compensation

18 benefits from Defendant under the Labor Code of the State of California as a

19 consequence of the alleged industrial injury referred to in the Complaint, and in the event

20 Plaintiff is awarded damages against Defendant, Defendant claims a credit against this

21 award to the extent that Defendant is barred from enforcing its rights to reimbursement

22 for Workers' Compensation benefits that Plaintiff have received or may in the future

23 receive.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

25     If Plaintiff has received, or in the future may receive Workers' Compensation

26 benefits from Defendant under the Labor Code of the State of California as a

27 consequence of the alleged industrial injury referred to in the Complaint, Defendant

28 demands repayment of any such Workers' Compensation benefits in the event that

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\320069223.1          - 5 -

1    Plaintiff recover tort damages as a result of the industrial injury allegedly involved here.

2    ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

3    Although Defendant denies the validity of Plaintiff's claims, in the event those

4    claims are held valid and not barred by the statute of limitations or otherwise, Defendant

5    asserts that cross-demands for money have existed between Plaintiff and Defendant

6    and the demands are compensated, so far as they equal each other, pursuant to

7    California Code of Civil Procedure Section 431.70.

8    ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

9    At all times and places in the Complaint, Plaintiff was not in privity of contract with

10   Defendant and said lack of privity bars Plaintiff's recovery herein upon any theory of

11   warranty.

12   ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

13   Plaintiff is barred from recovery in that all products produced by Defendant were

14   in conformity with the existing state-of-the-art, and as a result, these products were not

15   defective in any manner.

16   ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

17   Defendant did not and does not have a substantial percentage of the market for

18   the asbestos-containing products which allegedly caused Plaintiff's injuries.  Therefore,

19   Defendant may not be held liable to Plaintiff based on Defendant's alleged percentage

20   share of the applicable market.

21   ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

22   Defendant denies any and all liability to the extent that Plaintiff asserts

23   Defendant's alleged liability as a successor, successor in business, successor in product

24   line or a portion thereof, assign, predecessor, predecessor in business, predecessor in

25   product line or a portion thereof, parent, alter ego, equitable trustee, subsidiary, wholly or

26   partially owned by, or the whole or partial owner of or member in an entity researching,

27   studying, manufacturing, fabricating, designing, labeling, assembling, distributing,

28   leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for

1   installation, repairing, marketing, warranting, rebranding, manufacturing for others,

2   packaging and advertising a certain substance, the generic name of which is asbestos or

3   a product which contains asbestos.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

5   Defendant had no knowledge that any of the alleged activities of which Plaintiff

6   complains, and which allegedly were conducted on premises where this Defendant

7   performed work, were unsafe or dangerous, and Defendant therefore did not have a duty

8   to warn Plaintiff regarding any such alleged dangers.

### THIRTIETH AFFIRMATIVE DEFENSE

10   Defendant alleges that it was under no legal duty to warn Plaintiff of the hazards

11   associated with the use of products containing asbestos.  Defendant further alleges that

12   the purchasers of said products, Plaintiff's employer/s, his union/s or certain third parties

13   yet to be identified, were knowledgeable and sophisticated users and were in a better

14   position to warn Plaintiff of the risks associated with using products containing asbestos

15   and, assuming a warning was required, it was the failure of such persons or entities to

16   give such a warning that was the proximate and superseding cause of Plaintiff's

17   damages, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

19   Defendant alleges that no conduct by or attributable to it was the cause in fact or

20   the proximate cause of the damages, if any, suffered by Plaintiff, nor a substantial factor

21   in bringing about said damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

23   Defendant alleges that its liability, if any, in this matter is extremely minor relative

24   to the liability of various third parties and, therefore, the damages, if any, assessed

25   against it should be proportionate to the degree, nature and extent of its fault.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

27   Plaintiff herein has failed to join indispensable parties and the complaint is thereby

28   defective, and Plaintiff is thereby precluded from any recovery whatsoever as prayed for

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF320069223.1                              - 7 -

ANSWER OF DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY

1  herein.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

3  Defendant alleges that if Plaintiff's claims were already litigated and resolved in

4  any prior action, or if Plaintiff has filed a separate action seeking damages for the same

5  asbestos-related disease(s), Plaintiff's claims herein are barred based on the primary

6  right and *res judicata* doctrines which prohibit splitting a single cause of action into

7  successive suits, and/or seeking new recovery for injuries for which the Plaintiff was

8  previously compensated by alleged joint tortfeasors.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

10  Pursuant to California Code of Civil Procedure sections 378 and 430.10(d), if it is

11  determined that multiple Plaintiffs have been listed on this complaint, then this

12  Defendant contends the Plaintiffs are misjoined.  Because joinder is defective and

13  improper, and Defendants will be prejudiced by having to proceed against different

14  Plaintiffs with dissimilar cases, a single trial is unfair and a hardship, and separate trials

15  on each individual cause of action should be ordered.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

17  The matters alleged in this complaint are encompassed within and barred by a

18  settlement and release agreement reached by the parties which operates as a merger

19  and bar against any further litigation on matters raised or potentially raised in connection

20  with the settlement and release.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

22  To the extent that Plaintiff has previously filed a dismissal in court dismissing all of

23  its asserted claims, causes of action, and other theories of liability against this Defendant

24  with prejudice, the matters alleged in this complaint are barred by retraxit.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

26  To the extent that Plaintiff has reached an accord with Defendant regarding this

27  litigation and this accord was then properly satisfied, the claims, causes of action,

28  theories of liability and matters alleged in this complaint are barred by the doctrine of

1    accord and satisfaction.

2    **THIRTY-NINTH AFFIRMATIVE DEFENSE**

3    Plaintiff is barred from recovery in this case under the Sophisticated User doctrine

4    as to any cause of action based in whole or in part upon a failure to warn, in that the

5    allegedly injured plaintiff was a member of a trade, union, profession and/or a smaller

6    group within such trade, union or profession which generally knew of the dangers of

7    exposure to asbestos at the time of the facts alleged against Defendant. *Johnson v.*

8    *American Standard*, 43 Cal. 4th 56 (2008).

9    **FORTIETH AFFIRMATIVE DEFENSE**

10    Plaintiff's action should be dismissed under California Code of Civil Procedure,

11    Section 410.30, because in the interest of substantial justice this action should be heard

12    in a forum outside this state.

13    WHEREFORE, Defendant prays:

14    (1)    That Plaintiff take nothing by his Complaint;

15    (2)    That Judgment be entered in favor of Defendant;

16    (3)    For recovery of Defendant's costs of suit;

17    (4)    For appropriate credits and set-offs arising out of any payment of Workers'

18    Compensation benefits as alleged above, and

19    (5)    For such other and further relief as the Court deems just and proper.

20    Dated: November __03__, 2011                SCHIFF HARDIN LLP

21

22                                               By: _Kathleen A. Stimeling_

23                                               KATHLEEN A. STIMELING
                                                 Attorneys for Defendant
24                                               OWENS-ILLINOIS, INC.

25

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\320069223.1

ANSWER OF DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY

**PROOF OF SERVICE**

I, the undersigned, declare:

I am a resident of the State of California, employed in San Francisco County, California.  I am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty Second Floor, San Francisco, California 94105.

On the date below, I caused to be served the following document(s):

**ANSWER OF DEFENDANT TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY**

on the parties involved addressed as follows:

> DEBLASE BROWN EYERLY LLP
> 10990 Wilshire Boulevard, Suite 1060
> Los Angeles, CA 90024

[X]    By placing the document(s) in a sealed envelope, with postage fully prepaid, with Schiff Hardin LLP at One Market, Spear Street Tower, Thirty Second Floor, San Francisco, California 94105 for deposit with the United States Postal Service; following ordinary business practices, the envelope was sealed and placed for collection and mailing on the date below, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date (pursuant to C.C.P. §§1013-1013a). I am readily familiar with Schiff Hardin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 4, 2011, at San Francisco, California.

LISA M. FARIA

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SFU320069223.1

PROOF OF SERVICE

1  SCHIFF HARDIN LLP
   KATHLEEN A. STIMELING (CSB #209226)
2  One Market, Spear Street Tower
   Thirty-Second Floor
3  San Francisco, CA 94105
   Telephone:  (415) 901-8700
4  Facsimile:  (415) 901-8701

5  Attorneys for Defendant
   OWENS-ILLINOIS, INC.

**FILED**
Los Angeles Superior Court

NOV 04 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

6
7
8            SUPERIOR COURT OF CALIFORNIA
9               COUNTY OF LOS ANGELES
10

11 | PAUL N. KANONAS,                     Case No.  BC 471689
12 |          Plaintiff,                  COMPLEX ASBESTOS LITIGATION –
                                          SUBJECT TO THE GENERAL ORDERS
13 |      v.                              CONTAINED IN THE FILE NO. C 700 000
14 | AMCORD, INC., et al.,                **DEMAND FOR TRIAL BY JURY AND
                                          ESTIMATE OF LENGTH OF TRIAL** D-68
15 |          Defendants.                 BY FAX
16

17  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES HEREIN:

18      PLEASE TAKE NOTICE that Defendant OWENS-ILLINOIS, INC. hereby

19  demands a trial by jury in the above-entitled action and estimates that the length of trial

20  will be six to eight weeks in duration.

21  Dated:November 03, 2011

                              SCHIFF HARDIN LLP

23                            By: _____
24                                KATHLEEN A. STIMELING
                                  Attorneys for Defendant
25                                OWENS-ILLINOIS, INC.
26
27
28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF320069223.1

DEMAND FOR TRIAL BY JURY AND ESTIMATE OF LENGTH OF TRIAL

1

## PROOF OF SERVICE

2

I, the undersigned, declare:

3

4   I am a resident of the State of California, employed in San Francisco County,
California. I am over the age of eighteen (18) years, and not a party to the within action.
5   I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear
Street Tower, Thirty Second Floor, San Francisco, California 94105.

6

On the date below, I caused to be served the following document(s):

7

8   **DEMAND FOR TRIAL BY JURY AND ESTIMATE OF LENGTH OF TRIAL**

9   on the parties involved addressed as follows:

10              DEBLASE BROWN EYERLY LLP
              10990 Wilshire Boulevard, Suite 1060
              Los Angeles, CA 90024

11

12   ☒   By placing the document(s) in a sealed envelope, with postage fully
          prepaid, with Schiff Hardin LLP at One Market, Spear Street Tower, Thirty
13        Second Floor, San Francisco, California 94105 for deposit with the United
          States Postal Service; following ordinary business practices, the envelope
14        was sealed and placed for collection and mailing on the date below, and
          would, in the ordinary course of business, be deposited with the United
15        States Postal Service on this date (pursuant to C.C.P. §§1013-1013a). I
          am readily familiar with Schiff Hardin LLP's practice for collection and
16        processing of correspondence for mailing with the United States Postal
          Service.
17

18   I declare under penalty of perjury under the laws of the State of California that the
19   above is true and correct.

20   Executed on November _4_, 2011, at San Francisco, California.

21

22                                        _____
                                          LISA M. FARIA
23

24

25

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO     SF320069223.1



1 | MICHAEL T. MCCALL, State Bar No. 109580
mmccall@wfbm.com
2 | FLORENCE A. MCCLAIN, State Bar No. 203300
fmcclain@wfbm.com
3 | ELIZABETH L. HUYNH, State Bar No. 250254
elhuynh@wfbm.com
4 | GINA GI, State Bar No. 266708
ggi@wfbm.com
5 | WALSWORTH FRANKLIN BEVINS & McCALL, LLP
1 City Boulevard West, Fifth Floor
6 | Orange, California 92868-3677
Telephone:   (714) 634-2522
7 | Facsimile:   (714) 634-0686

8 | Attorneys for Defendants
J-M MANUFACTURING COMPANY, INC., erroneously
9 | named and served herein as "JM MANUFACTURING
COMPANY, INC. (Dba JM Pipe Manufacturing Company)"
10

11 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 | **FOR THE COUNTY OF LOS ANGELES**

13

14 | PAUL N. KANONAS,                        | Case No. BC471689

15 |                Plaintiff,               | Assigned for All Purposes To:
                                            | Judge:  Hon. Mark Mooney
16 |        vs.                              | Dept:   68

17 | AMCORD, INC., INDIVIDUALLY and as       | **ANSWER OF DEFENDANT**
successor in interest to Riverside Cement   | **J-M MANUFACTURING COMPANY,**
18 | Company; et al.,                        | **INC. TO PLAINTIFF'S COMPLAINT**
                                            | **FOR PERSONAL INJURIES AND LOSS**
19 |                Defendants.              | **OF CONSORTIUM**

20 |                                         | Complaint Filed:   October 17, 2011
                                            | Trial Date:   None Set
21

22 |      Defendant J-M MANUFACTURING COMPANY, INC., erroneously named and served

23 | herein as "JM MANUFACTURING COMPANY, INC. (Dba JM Pipe Manufacturing Company)"

24 | (hereafter "Defendant"), in answering the Plaintiff's unverified complaint for itself alone and

25 | severing itself from all others, admits, denies and alleges as follows:

26 |      1.     Pursuant to California <u>Code of Civil Procedure</u>, Section 431.30, Defendant denies,

27 | both generally and specifically, each, every and all allegations of each and every purported cause of

28 | action or count of Plaintiff's complaint, denying specifically that Plaintiff has been, is, or will be

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-1-

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1

1    injured or damaged in the manner or sum alleged, or in any other manner or sums at all, and further

2    denying that Defendant was negligent in any manner, that the alleged product was defective in any

3    way, or that the alleged defect was the proximate cause of the Plaintiff's claimed damages or

4    injuries.

5          DEFENDANT HEREIN ALLEGES AND SETS FORTH SEPARATELY AND

6    DISTINCTLY THE FOLLOWING AFFIRMATIVE DEFENSES TO EACH AND EVERY

7    CAUSE OF ACTION ALLEGED IN PLAINTIFF'S COMPLAINT AS THOUGH PLEADED

8    SEPARATELY TO EACH AND EVERY SUCH CAUSE OF ACTION:

9          **FIRST AFFIRMATIVE DEFENSE**

10       2.    The complaint and each and every purported cause of action or count thereof fails to

11   state facts sufficient to constitute a cause or causes of action against Defendant.

12         **SECOND AFFIRMATIVE DEFENSE**

13       3.    Defendant is informed and believes and thereon alleges that the acts, injuries and

14   damages alleged in the complaint occurred and were proximately caused by either the sole

15   negligence or fault of Plaintiff, which sole negligence or fault bars Plaintiff's recovery, or were

16   contributed to by Plaintiff's negligence or fault.  Plaintiff's recovery, if any, should be reduced by

17   an amount proportionate to the amount by which Plaintiff's negligence or fault contributed to the

18   happening of the alleged incident and/or alleged injury.

19         **THIRD AFFIRMATIVE DEFENSE**

20       4.    Defendant is informed and believes and thereon alleges that the negligence,

21   carelessness and other acts or omissions of other Defendants in this lawsuit, as well as other

22   persons and entities not parties to this lawsuit, proximately caused or contributed to Plaintiff's

23   injuries and damages, if any.  The negligence, carelessness and other acts or omissions of the other

24   Defendants in this lawsuit and other persons and entities not parties to this lawsuit account for one

25   hundred percent (100%) of the causal or contributing factors relating to Plaintiff's injuries and

26   damages, if any, and/or constitute the supervening and/or intervening causes of Plaintiff's injuries

27   and damages, if any.

28   / / /

Watsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

1630850.1
3206.62.102

-2-
J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

5.    Defendant is informed and believes and thereon alleges that the accident, injury and damages alleged in Plaintiff's complaint occurred and were proximately caused by either the sole negligence of Plaintiff's employers or co employees, which sole negligence bars Plaintiff's recovery, or were contributed to by the negligence of Plaintiff's employers or co employees. Plaintiff's recovery, if any, must be reduced by an amount proportionate to the amount by which the negligence of Plaintiff's employers and/or the negligence of Plaintiff's co employees contributed to the happening of the alleged accident and the alleged injuries.

## FIFTH AFFIRMATIVE DEFENSE

6.    Defendant is informed and believes and thereon alleges that while at all times denying any liability whatsoever to Plaintiff, any alleged liability or responsibility of Defendant is small in proportion to the alleged liability and responsibility of other persons or entities, including other persons and entities who are parties herein, and Plaintiff should be limited to seeking recovery from Defendant for the proportion in which Defendant is allegedly liable or responsible, all such alleged liability and responsibility being expressly denied.

## SIXTH AFFIRMATIVE DEFENSE

7.    Defendant is informed and believes and thereon alleges that at the time the alleged operations, acts and conduct occurred, Plaintiff was acting within the course and scope of employment and was entitled to receive, did receive and will continue to receive workers' compensation benefits.  Plaintiff's employers failed to provide the Plaintiff with a safe place in which to work and Plaintiff's employers' negligence, carelessness and other acts and omissions proximately caused the injuries and damages claimed. Therefore, said employers and their workers' compensation carriers are barred from any recovery by lien or otherwise herein and Defendant is entitled to set off any such benefits Plaintiff has received against any judgment rendered in favor of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

8.    Defendant is informed and believes and thereon alleges that Plaintiff knew of the risks and dangers inherent to Plaintiff's conduct and with full knowledge of those risks and dangers

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

1630850.1
3306-63.182

1 | and with an appreciation for the magnitude of the risks and dangers, did voluntarily assume the

2 | risks and injuries and damages, if any, sustained thereby. Plaintiff's assumption of risk bars or

3 | proportionately reduces any recovery by Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

5 | 9. Defendant is informed and believes and thereon alleges that Plaintiff has failed to

6 | make reasonable efforts to mitigate Plaintiff's injuries and/or damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

8 | 10. The complaint and each and every cause of action is barred by the applicable Statute

9 | of Limitations, including, but not limited to, <u>Code of Civil Procedure</u>, Sections 335.1, 338, 339,

10 | 340.2 and 343.

**TENTH AFFIRMATIVE DEFENSE**

12 | 11. Plaintiff's action is barred by the provisions of <u>Labor Code</u>, Section 3600, et seq.

**ELEVENTH AFFIRMATIVE DEFENSE**

14 | 12. Defendant is informed and believes and thereon alleges that Plaintiff has waived and

15 | is estopped from asserting any claim against Defendant by reason of Plaintiff's approval and

16 | consent to the risk of the matters causing the damages, if any, and Plaintiff's acknowledgement of,

17 | acquiescence in and consent to the alleged acts or omissions, if any, of Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

19 | 13. Defendant alleges that this action is barred by laches as Plaintiff unreasonably

20 | delayed in the bringing of this action and thereby prejudiced the rights of Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

22 | 14. Defendant alleges that Defendant manufactured and produced its product(s) in full

23 | compliance with governmental regulations and/or specifications.

**FOURTEENTH AFFIRMATIVE DEFENSE**

25 | 15. Defendant alleges that Plaintiff is barred from asserting any claim based on breach

26 | of warranty against Defendant by reason of failure to fulfill the conditions of warranties alleged in

27 | Plaintiff's complaint in the event such alleged warranties are proved at trial.

28 | / / /

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1
3306-63.182

### FIFTEENTH AFFIRMATIVE DEFENSE

16.    Defendant alleges that Plaintiff has waived whatever rights Plaintiff might otherwise have had for breach of warranty in that Plaintiff failed to notify Defendant of any alleged breach of warranty, express or implied, and/or of any alleged defects in any products manufactured or marketed by Defendant within a reasonable time after Plaintiff discovered, and/or should have discovered, any defect or nonconformity, if any existed, thereby prejudicing Defendant from being able to fully investigate and defend the allegations contained in Plaintiff's complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

17.    Defendant alleges that Plaintiff is now estopped from claiming that any product(s) manufactured or marketed by Defendant were in any way defective or failed to conform to any alleged warranties in that Plaintiff failed to notify Defendant of any defect or nonconformity in any product(s) within a reasonable time after Plaintiff discovered, or should have discovered, any defect or nonconformity, if any existed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18.    Defendant alleges that Plaintiff was not in privity of contract with Defendant and that such lack of privity bars Plaintiff's recovery herein upon any theory of warranty.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19.    Defendant is informed and believes and thereon alleges that Plaintiff and/or other persons, without Defendant's knowledge and/or approval, redesigned, modified, altered and/or used Defendant's products contrary to the instructions and warnings and the customs and practices of the industry so as to substantially change the character of Defendant's product.  Defendant further alleges that if the product(s) of Defendant were defective in any way, which defectiveness is specifically denied, such defectiveness resulted solely from the redesign, modification, alteration, use or other changes therein and not from any act or omission of Defendant.  Therefore, the defect, if any, so created by Plaintiff and/or persons or parties, as the case may be, was the sole and proximate cause of the injuries and/or damages, if any, alleged by Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

20.    Defendant is informed and believes and thereon alleges that the accident, injury and

-5-

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

1630850.1