1   damages alleged in Plaintiff's complaint were solely and proximately caused by Plaintiff's misuse

2   of the product(s).  Defendant could not have reasonably foreseen this misuse and Plaintiff's misuse

3   thereof bars recovery against Defendant.

4   ### TWENTIETH AFFIRMATIVE DEFENSE

5   21.   Defendant is informed and believes and thereon alleges that any injuries or damages

6   suffered by Plaintiff, the existence thereof being expressly denied by Defendant, are the direct and

7   proximate result of Plaintiff's particular, idiosyncratic, peculiar or unforeseeable susceptibility to

8   the alleged product(s) manufactured by Defendant, which reaction was not the result of any

9   conduct or omission of Defendant nor the result of any defect in any product(s) manufactured by

10  Defendant.

11  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

12  22.   Defendant is informed and believes and thereon alleges that in light of all relevant

13  factors, on balance with the benefits of the design of any product(s) alleged to have caused any

14  injuries to Plaintiff, if any, the benefits outweigh the risks and danger, if any, inherent in the design

15  of any such product(s).

16  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

17  23.   Defendant is informed and believes and thereon alleges that if Plaintiff was injured

18  by any product(s) manufactured or distributed by Defendant, Defendant, irrespective, did not

19  breach any duty to Plaintiff and is not liable for those injuries or for Plaintiff's claimed damages as

20  the product(s) when manufactured and distributed conformed to the then current state-of-the-art

21  specifications and because the then current state-of-the-art medical, scientific and industrial

22  knowledge, art and practice were such that Defendant did not and could not know that the

23  product(s) might pose a risk of harm in normal and foreseeable use.

24  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

25  24.   Defendant is informed and believes and thereon alleges that if Plaintiff was injured

26  by any product(s) manufactured by Defendant, such product(s) were intended and sold in bulk to a

27  knowledgeable and sophisticated distributor or user over whom Defendant had no control and who

28  was fully informed as to the risks and dangers, if any, associated with the products and the

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

-6-

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1
3306-63.182

precautions, if any, required to avoid the risks and dangers, if any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25.     Defendant is informed and believes and thereon alleges that Plaintiff is a member of a sophisticated group of users of Defendant's services, products, materials and/or equipment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26.     Defendant is informed and believes and thereon alleges that Plaintiff possessed the level of knowledge and skill based upon Plaintiff's training, education and/or experience such that Plaintiff should be categorized as a sophisticated user of Defendant's services, products, materials and/or equipment.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

27.     Defendant is informed and believes and thereon alleges that Plaintiff was trained to perform the tasks Plaintiffs claim caused Plaintiff to contact with Defendant's services, products, materials and/or equipment.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28.     Defendant is informed and believes and thereon alleges that Plaintiff would reasonably be expected to know of the hazards of working with and/or around Defendant's services, products, materials and/or equipment.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

29.     Defendant is informed and believes and thereon alleges that Plaintiff was employed by and trained by a company who is a member of a sophisticated group of users of Defendant's services, products, materials and/or equipment.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

30.     Defendant is informed and believes and thereon alleges that if Plaintiff was injured by any product(s) manufactured by Defendant, the product(s) were accompanied by good and sufficient labeling when they left the custody, possession and control of Defendant which gave conspectus, reasonable and adequate warnings and directions to the users of the product(s) concerning the purpose for which, and manner in which, the product(s) were to be used and concerning the risks and dangers, if any, attendant to said use. Defendant alleges that as a result of

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

1630850.1

1   the warnings and directions, Defendant fulfilled whatever duty, if any, that is owed to Plaintiff. If

2   Plaintiff was injured by any such product, the injuries were proximately caused by the use of the

3   product(s) in disregard of the warnings and directions which was not reasonably foreseeable to

4   Defendant.

**THIRTIETH AFFIRMATIVE DEFENSE**

6       31.     Defendant denies any and all liability to the extent that Plaintiff may assert

7   Defendant's alleged liability as a successor, successor in business, successor in product line or a

8   portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a

9   portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial

10  owner or member in an entity in which there has been research, study, manufacturing, fabricating,

11  designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting,

12  servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding,

13  manufacturing for others, packaging and advertising of any and all of the products, as alleged in

14  Plaintiff's complaint.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

16      32.     Defendant alleges that Plaintiff herein lacks legal capacity and standing to sue; is

17  not a real party in interest or person with superior right to make the claims contained in this

18  complaint and is thereby precluded from any recovery whatsoever.  Additionally, to the extent

19  Plaintiff lacks standing or proper appointment to bring the claims they Plaintiff is asserting, any

20  action taken in this matter with regard to Plaintiff's claim(s) is voidable.  Defendant further

21  contends that any declaration filed by any person asserting a survival claim contains expert

22  opinions and conclusions that are not supported and that the declarant is not qualified to make.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

24      33.     Defendant alleges that Plaintiff did not reasonably rely upon any act, omission or

25  representation of Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

27      34.     Defendant alleges that Plaintiff's complaint and each and every cause of action

28  therein fail to state facts sufficient to constitute a cause or causes of action for punitive damages

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

1630850.1
3306-63.182

1  against Defendant.

2  **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

3    35.    Defendant alleges that insofar as the instant complaint is an attempt to recover

4  punitive or exemplary damages from Defendant, it violates the following United States

5  Constitutional and California State Constitutional principles:

6        a.    Excessive fines clause of the United States Constitution, Eighth Amendment
   and Fourteenth Amendment;

7

8        b.    The contract clause, Article I, Section 10, clause 1, and the Fourteenth
   Amendment of the United States Constitution;

9        c.    The due process clause of the United States Constitution, Fourteenth
   Amendment;

10

11        d.    The equal protection clause of the United States Constitution;

12        e.    The California Constitution due process and equal protection clauses, Article
   1, Section 7(a);

13        f.    The California Constitution excessive fines clause, Article 1, Section 17.

14  WHEREFORE, Defendant J-M MANUFACTURING COMPANY, INC., erroneously

15  named and served herein as "JM MANUFACTURING COMPANY, INC. (Dba JM Pipe

16  Manufacturing Company)" prays for judgment as follows:

17    1.    That Plaintiff take nothing from Defendant by virtue of the complaint herein;

18    2.    That Defendant be awarded costs of suit and reasonable attorneys' fees herein; and

19    3.    That Defendant be granted such other and further relief as the Court may deem just

20    and proper.

21  Dated: November 15, 2011        WALSWORTH FRANKLIN BEVINS & McCALL, LLP

22

23                    By:
                          _____
24                          MICHAEL T. MCCALL
                          FLORENCE A. MCCLAIN
                          ELIZABETH L. HUYNH
25                          GINA GI
                          Attorneys for Defendants
26                          J-M MANUFACTURING COMPANY, INC.,
                          erroneously named and served herein as "JM
27                          MANUFACTURING COMPANY, INC. (Dba JM
                          Pipe Manufacturing Company)"
28

Walsworth,
Franklin,
Bevins &
McCall, LLP
*TORNEYS AT LAW*

1630850.1
3306-63.182

-9-
J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1 City Boulevard West, Fifth Floor, Orange, California 92868-3677.

On November 15, 2011, I served the within document(s) described as:

ANSWER OF DEFENDANT J-M MANUFACTURING COMPANY, INC. TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES AND LOSS OF CONSORTIUM

on the interested parties in this action as stated on the attached mailing list.

[X]   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Orange, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 15, 2011, at Orange, California.

| | |
|---|---|
| Imelda Blevens | _Imelda Blevens_ (Signature) |
| (Type or print name) | |

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

1630850.1
3306.63.182

*Paul N. Kanonas v. Amcord, Inc., et al.*
Los Angeles Superior Court Case No. BC471689
Our Client: J-M Manufacturing Company, Inc.
Our File No.: 3306-63.182

### SERVICE LIST

| | |
|---|---|
| Patrick DeBlase | A. Scott Goldberg, Esq. |
| Eric L. Brown | Craig R. Maki, Esq. |
| Michael C. Eyerly | Maria T. Almazan, Esq. |
| Stephen Blackburn | SELMAN BREITMAN LLP |
| DEBLASE BROWN EYERLY LLP | 11766 Wilshire Boulevard, Sixth Floor |
| 10990 Wilshire Blvd., Suite 1060 | Los Angeles, CA 90025 |
| Los Angeles, CA 90024 | Tel: (310) 445-0800  Fax: (310) 473-2525 |
| Tel: (310) 575-9955  Fax: (310) 575-9919 | AMCORD, INC., INDIVIDUALLY and as |
| Attorneys for PLAINTIFF | successor in interest to Riverside Cement |
| | Company |
| | |
| William J. Sayers, Esq. | Frank D. Pond, Esq. |
| Farah S. Nicol, Esq. | Kevin D. Jamison, Esq. |
| Matthew K. Ashby, Esq. | David G. Larmore, Esq. |
| Douglas T. Lane, Esq. | POND NORTH LLP |
| Kelvin T. Wyles, Esq. | 350 South Grand Avenue, Suite 3300 |
| McKENNA LONG & ALDRIDGE LLP | Los Angeles, CA 90071 |
| 300 South Grand Avenue, 14th Floor | Tel: (213) 617-6170  Fax: (213) 623-3594 |
| Los Angeles, CA 90071 | CBS CORPORATION, F/K/A VIACOM, INC., |
| Tel: (213) 688-1000  Fax: (213) 243-6330 | SUCCESSOR BY MERGER TO CBS |
| BUFFALO PUMPS, INC.; CERTAINTEED | CORPORATION F/K/A WESTINGHOUSE |
| CORPORATION; METALCLAD | ELECTRIC CORPORATION; FAMILIAN |
| INSULATION CORPORATION; UNION | CORPORATION; KEENAN PROPERTIES, |
| CARBIDE CORPORATION | INC. |
| | |
| A. Scott Goldberg, Esq. | Dean A. Olson, Esq. |
| Bruce G. Chum, Esq. | MORRIS POLICH & PURDY LLP |
| SELMAN BREITMAN LLP | 1055 West Seventh Street, 24th Floor |
| 11766 Wilshire Boulevard, Sixth Floor | Los Angeles, California 90017 |
| Los Angeles, CA 90025 | Tel: (213) 891-9100  Fax: (213) 488-1178 |
| Tel: (310) 445-0800  Fax: (310) 473-2525 | CROWN CORK & SEAL USA, INC., |
| CLEAVER-BROOKS, INC., INDIVIDUALLY | INDIVIDUALLY AND AS SUCCESSOR IN |
| AND F/K/A AQUA-CHEM, INC. | INTEREST TO MUNDET CORK COMPANY |
| | |
| Geoffrey M. Davis | Charles Sheldon |
| K&L GATES LLP | Marc Brainich |
| 10100 Santa Monica Boulevard, Seventh Floor | SEDGWICK, LLP |
| Los Angeles, California 90067 | One Market Plaza |
| Tel: 310.552.5000  Fax: 310.552.5001 | Steuart Tower, 8th Floor |
| CRANE CO. , INDIVIDUAL) Y AND AS | San Francisco, CA 94105-1008 |
| SUCCESSOR IN INTEREST TO | Tel: (415) 781-7900  Fax: (415) 781-2635 |
| CHAMPMAN VALVES | marc.brainich@sedgwicklaw.com |
| | charles.sheldon@sedgwicklaw.com |
| | GENERAL ELECTRIC COMPANY |

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1
3306-63.182

| | | |
|---|---|---|
| 1 | Brien F. McMahon, Esq.<br>PERKINS COIE LLP | Michael J. Pietrykowski, Esq.<br>GORDON & REES LLP |
| 2 | 1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067 | Embarcadero Center West<br>275 Battery Street, Twentieth Floor |
| 3 | Tel: (310) 788-9900  Fax: (310) 843-1284<br>GEORGIA-PACIFIC, LLC, F/K/A GEORGIA- | San Francisco, CA 94111<br>Tel: (415) 986-5900  Fax: (415) 986-8054 |
| 4 | PACIFIC CORPORATION, INDIVIDUALLY<br>AND AS SUCCESSOR-IN-INTEREST TO | GOULDS PUMPS, INC.; INGERSOLL-RAND<br>COMPANY, INDIVIDUALLY AND AS |
| 5 | BESTWALL GYPSUM COMPANY | SUCCESSOR IN INTEREST TO THE<br>ALDRICH COMPANY |
| 6 | | |
| 7 | Jennifer Judin, Esq.<br>Brian T. Yasuzawa, Esq. | Henry Rome, Esq.<br>HOWARD ROME MARTIN & RIDLEY LLP |
| 8 | David Armanini, Esq.<br>Eileen Spadoni, Esq. | 1775 Woodside Road, Suite 200<br>Redwood City, CA 94061-3436 |
| 9 | Jonathan W. Radke, Esq.<br>DEHAY & ELLISTON LLP | Tel: (650) 365-7715  Fax: (650) 364-5297<br>IMO INDUSTRIES, INC. (INDIVIDUALLY |
| 10 | 800 West 6th Street, Suite 788<br>Los Angeles, CA 90017 | AND AS SUCCESSOR IN INTEREST TO<br>DELAVAL STEAM TURBINE, INC.) |
| 11 | Tel: (213) 271-2727  Fax: (213) 271-2730<br>HANSON PERMANENTE CEMENT, INC., | |
| 12 | F/K/A KAISER CEMENT CORPORATION;<br>KAISER GYPSUM COMPANY, INC. | |
| 13 | Barry Schirm, Esq. | Anthony J. Calero, Esq. |
| 14 | HAWKINS PARNELL THACKSTON &<br>YOUNG LLP | Timothy J. McCaffery, Esq.<br>LOMBARDI LOPER & CONANT LLP |
| 15 | A Professional Corporation<br>444 South Flower Street, 11TH Floor | Lake Merritt Plaza<br>1999 Harrison Street, Suite 2600 |
| 16 | Los Angeles, California 90071<br>Tel: (213) 486-8000  Fax: (213) 486-8080 | Oakland, CA 94612<br>Tel: 510.433.2600 Fax: 510.433.2699 |
| 17 | KELLY-MOORE PAINT COMPANY, INC. | MECHANICAL DRIVES & BELTING (F/K/A<br>L.A. RUBBER COMPANY |
| 18 | Roberta Nicol Dempster, Esq.<br>SCHIFF HARDIN LLP | |
| 19 | One Market, Spear Street Tower<br>32nd Floor | |
| 20 | San Francisco, CA 94105<br>Tel: (415) 901-8700  Fax: (415) 901-8701 | |
| 21 | OWENS-ILLINOIS, INC. (INDIVIDUALLY<br>AND AS SUCCESSOR IN INTEREST TO | |
| 22 | OWENS ILLINOIS GLASS COMPANY AND<br>DBA 0-I) | |
| 23 | | |
| 24 | 11/15/11 IB | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Walsworth,
Franklin,
Bevins &
McCall, LLP
ORNEY AT LAW

J-M MANUFACTURING COMPANY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1630850.1

WILLIAM J. SAYERS (SBN 078038)
FARAH S. NICOL (SBN 162293)
BRADFORD J. DEJARDIN (SBN 195764)
VANESSA TICAS (SBN 273342)
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071-3124
Telephone:    (213) 688-1000
Facsimile:    (213) 243-6330

Attorneys for Defendant
**METALCLAD INSULATION CORPORATION**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 21 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
   SHAUNYA WESLEY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

PAUL N. KANONAS,

        Plaintiff,

    vs.

AMCORD, INC., INDIVIDUALLY and as
successor in Interest to Riverside Cement
Company; et al.,

        Defendants.

CASE NO. BC471689

DEPT:   68
JUDGE: Hon. Mark Mooney

**ANSWER OF DEFENDANT,
METALCLAD INSULATION
CORPORATION, TO PLAINTIFF'S
COMPLAINT FOR DAMAGES FOR
PERSONAL INJURY**

Complaint Filed:   October 17, 2011
Trial Date:         None Set

COMES NOW defendant, **METALCLAD INSULATION CORPORATION**, for itself
and for no other defendant, to answer plaintiff's complaint on file herein as follows:

    1.    Pursuant to California *Code of Civil Procedure* § 431.30(d), answering defendant
denies, both generally and specifically, each and every allegation contained in the complaint, and
each cause of action therein, and each paragraph of each cause of action, and denies that, as a
direct and proximate result or any result of any tortious conduct on the part of this defendant,
plaintiff has been or will be injured or damaged in the manner and amount alleged or in any
manner or amount whatsoever.

-i-

2.      Answering defendant denies that, by reason of any act or omission, fault, conduct, or liability on the part of answering defendant, plaintiff has been injured or damaged in the manner and amounts alleged or in any manner or amount whatsoever, and denies that this answering defendant or any of its agents, servants or employees, or anyone acting for or on its behalf was negligent, careless, reckless, or otherwise breached any duty owed to plaintiff whether as alleged or otherwise.

**FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

3.      Alleges that the complaint and each and every cause of action therein, is barred by the applicable statute of limitations, California *Code of Civil Procedure* § 335.1.

**FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

4.      Alleges that the complaint and each and every cause of action therein, is barred by the applicable statute of limitations, California *Code of Civil Procedure* § 340.2.

**FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

5.      Alleges that the product or material involved was materially altered or changed by a party or parties other than, and without the permission of, this answering defendant, its employees, servants, or other agents, such alteration or change creating the alleged defect, if any, which was the proximate or legal cause of plaintiff's injuries or damages, if any.

**FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

6.      Alleges that the alleged defect in the product or material, if any, was known to plaintiff, who used said product or material after full knowledge of said alleged defect; that, as a result, plaintiff is barred from recovery herein, proportionately or totally, in that plaintiff voluntarily exposed himself and his/her property to a known danger and thereby assumed the risk of any injury or damage resulting from that injury.

**FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

7.      Alleges that the product or material was improperly maintained and cared for by plaintiff or plaintiff's employers or agents; that such improper maintenance and care created the

McKenna Long &
Aldridge LLP
Attorneys at Law
Los Angeles

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY
LA:17893350.1

1  alleged defects, if any, that was the proximate or legal cause of plaintiff's injuries and damages, if

2  any; that such improper maintenance and care was unforeseeable to this answering defendant; and

3  that plaintiff's claim is thereby reduced by the percentage of all responsibility attributable to

4  plaintiff, plaintiff's employers or agents by virtue of said improper maintenance and care.

**FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

8.      Alleges that the complaint, and each and every cause of action therein, is barred by

the applicable statute of limitations, *Code of Civil Procedure* § 338(d).

**FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

9.      Alleges that plaintiff failed to mitigate plaintiff's damages, if any, in that plaintiff

failed to use reasonable diligence in caring for plaintiff's injuries and reasonable means to prevent

plaintiff's aggravation or to accomplish plaintiff's healing.

**FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

10.      Alleges that plaintiff's claims are barred by the doctrine of laches.

**FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

11.      Alleges that, if the products or materials described in the complaint were

manufactured or distributed by defendant, they were manufactured or distributed in accordance

with specifications and requirements supplied to defendant by persons other than defendant

including, but not limited to, the government of the United States of America. Any alleged defect

in said products or materials was caused by deficiencies in said mandatory specifications and

requirements supplied to defendant, which deficiencies were neither known to defendants nor

discoverable by defendant with the exercise of reasonable care.

**FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

12.      Alleges that any exposure of plaintiff to defendant's products or materials was so

minimal as to be insufficient to establish a reasonable degree of probability that any such product

or material caused any alleged injury, damage, or loss to plaintiff.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -
ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY
LA:17893350.1

1  **FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

2        13.      Alleges that, if defendant has purportedly been named or served in this action as a

3  Doe defendant, such effort by plaintiff is invalid on the ground that plaintiff or plaintiff's agents

4  knew or should have known of the identity of the defendant and the plaintiff's alleged causes of

5  action against defendant at the time of the filing of the complaint.

6  **FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

7        14.      Alleges that plaintiff was negligent, careless, reckless, and acted unlawfully in the

8  use, control, direction and application of plaintiff's bodily movements and the equipment, safety

9  devices, and other facilities supplied to plaintiff and existing as a part of the environment, and the

10  injuries, if any, and damages, if any, were directly and proximately caused and contributed to by

11  plaintiff's own negligence.

12  **FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

13        15.      Alleges that plaintiff's employer so negligently, carelessly, recklessly, and

14  unlawfully directed, controlled, and supplied plaintiff and plaintiff's co-employees with a

15  working environment, including safety and protective equipment, clothing or the lack thereof, so

16  as to directly and proximately cause and contribute to the injuries in question, if the same do

17  exist, and to the extent that any sum or sums have been paid to plaintiff by said employer, this

18  claim is barred thereby.

19  **FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

20        16.      Alleges that the complaint, and each and every cause of action therein, fails to

21  state facts sufficient to constitute a cause of action against defendant and is barred by the

22  exclusive remedy provisions of the *Labor Code*, including but not limited to sections 3600,

23  3600.5, 3601, and 3602, or similar laws of another jurisdiction.

24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893350.1

1   **FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

2      17.    Alleges that the complaint, and each and every cause of action therein, fails to

3 state facts sufficient to constitute a cause of action against answering defendant upon which relief

4 can be granted.

5   **FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

6      18.    Alleges that the statutory authority, including but not limited to California *Civil*

7 *Code* § 3294, pursuant to which plaintiff claims punitive damages, is invalid on its face and/or as

8 applied to this defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the

9 Constitution of the United States and Article I of the Constitution of the State of California.

10   **FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

11

12      19.    Alleges that plaintiff's action is barred by the choice-of-law doctrine and/or the

provisions of California *Code of Civil Procedure* Section 361 in that an action cannot be

13 maintained against this answering defendant by the laws of another state or foreign country,

14

15 including but not limited to the applicable statute of limitations or statute of repose of that

16 jurisdiction.

17   **FOR A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

18      20.    Alleges that the instant action is barred by the rule against splitting a cause of

19 action.

20   **FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

21      21.    Alleges that plaintiff is collaterally estopped or barred by the doctrine of *res*

22 *judicata* from maintaining this action and/or seeking damages against this answering defendant.

23   **FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

24      22.    Alleges that plaintiff's claims against this answering defendant are barred by the

25 doctrine of settlement, release, compromise and accord and satisfaction.

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 5 -
ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY
LA:17893350.1

**FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

23.    Alleges that plaintiff's claims against this answering defendant are barred by the "Full Faith and Credit" clause of the U.S. Constitution, Article 1V, Section 1 and California case law interpreting this provision.

**FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

24.    Alleges that there was no implied warranty with regard to the goods sold to plaintiff because plaintiff has the opportunity to examine the goods and either did so or failed to so examine. Such alleged defects as plaintiff alleges to have been present in the goods ought to have been revealed to plaintiff through such examination.

**FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

25.    Alleges that any duty on the part of this defendant to warn plaintiff of the risks and dangers of utilization of the product or material in question, if any such duty exists, was satisfied through the information and warnings provided to plaintiff's employer(s).

**FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

26.    Alleges that defendant has effectively precluded any assertion by plaintiff of any alleged statement and/or representation and/or agreement made by this answering defendant or any of its agents or representatives through disclaimers and limitations of remedies on the product or material label.

**FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

27.    Alleges that defendant is not a successor, successor in business, successor in product line or portion thereof, assign, predecessor, predecessor in business, predecessor in product line or portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in any entity owning property, maintaining premises, researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

LA:17893350.1

installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, or advertising any products or materials in question. Defendant is therefore not liable for any acts, whether they be active or passive, or omissions of any entities to which defendant is or may be alleged to be a successor-in-interest, predecessor-in-interest, alter-ego, or the like.

**FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

28.     Alleges that plaintiff's complaint and each and every cause of action therein based upon warranty or breach thereof, is barred as a result of failure of plaintiff to give notice required under *Commercial Code* § 2607(3)(a).

**FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

29.     Alleges that plaintiff was not in privity with defendant and, therefore, may not rely upon the theory of any alleged breach of express or implied warranty.

**FOR A TWENTY-EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

30.     Alleges that plaintiff failed to notify defendant of any breach of warranty within a reasonable time after plaintiff discovered or should have discovered any such alleged breach of warranty and are, therefore, barred from any recovery for such claims.

**FOR A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

31.     Alleges that defendant has effectively disclaimed all implied warranties of merchantability or fitness for a particular purpose, together with any other express or implied warranties other than those specifically stated on the product's or material's label, subject to the inherent risks of use also disclosed on the product's or material's label.

**FOR A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

32.     Alleges that plaintiff's conspiracy/concert of action claims are barred under *Chavers v. Gatke Corp.* (2003) 107 Cal. App.4th 606.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 7 -

**FOR A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

33.    Alleges pursuant to the equitable doctrine of *forum non conveniens* and *California Code of Civil Procedure* section 410.30, California is an improper forum of this action because in the interests of fairness and convenience, this action should be appropriately and justly tried in a forum outside California.

**FOR A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

34.    Alleges that another action is pending between the same parties on the same causes of action.

**FOR A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

35.    Alleges that there is a nonjoinder of a party who is subject to service of process in California and whose joinder will not deprive the court of jurisdiction of the subject matter of this action.

**FOR A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

36.    Alleges that the County of Los Angeles is an improper and/or inconvenient venue for this action.

**FOR A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

37.    Alleges that plaintiffs herein lack legal capacity to sue and are not real parties in interest and are thereby precluded from any recovery whatsoever as prayed for herein.

**FOR A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

38.    Alleges that plaintiff's employers were obligated by OSHA, and/or other applicable legal requirements in place at the time of the alleged exposure, to provide a safe working environment for plaintiff, and their failure to do so directly and proximately caused and/or contributed to the plaintiff's injuries and damages alleged herein.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

- 8 -

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893350.1

**FOR A THIRY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

39.    Alleges that the loss, injury, or damage, if any, incurred by plaintiff is the result of superseding or intervening causes arising from unforeseeable and highly unusual negligent or willful acts and/or omissions by parties and/or third parties, including but not limited to employers, contractors or intermediate purchasers or suppliers, and that said losses, injuries, or damages, if any, were different from the kind of harm that could have been reasonably expected from any act, omission, or other conduct of answering defendant.

**FOR A THIRTY-EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

40.    Alleges that that the claims are barred because the product or material was misused or modified, if used at all, after it left answering defendant's possession and the misuse or modification was not reasonably foreseeable.

**FOR A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

41.    Alleges that, if used at all, plaintiff misused or modified the product or material at issue, never paid attention to product or material warnings or instructions, and used such product or material after having knowledge of the hazards or risks, if any, existing therein.

**FOR A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

42.    Alleges that if any alleged bulk product or material and/or its packaging at issue left the possession and control of defendant, such product or material and/or its packaging was, without defendant's control or approval, subsequently redesigned, modified, compounded and/or incorporated into a finished product, or otherwise subjected to treatment or marketing that altered the product or material and/or its packaging. The alleged defects in any product or material and/or its packaging resulted, if at all, from the redesign, modification, compounding, treatment, marketing or other alteration of the product or material and/or its packaging, after defendant relinquished possession and control and not from any act or omission of defendant.

McKenna Long &
Aldridge LLP
Attorneys at Law
Los Angeles

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893350.1

**FOR A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

43.    Alleges that plaintiff's claims are barred because plaintiff's employer(s) is/are considered sophisticated users and/or learned intermediaries as contemplated by Restatement (Second) of Torts.

**FOR A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

44.    Alleges that plaintiff's claims are barred because plaintiff was a sophisticated user of the alleged asbestos-containing products or materials to which plaintiff was allegedly exposed, and, therefore, plaintiff need not be warned about the alleged dangers of which plaintiff already knew or should have known.

**FOR A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

45.    Alleges that plaintiff's claims are barred because the entities who actually purchased the products or materials to which the plaintiffs were allegedly exposed were sophisticated users of asbestos and experienced users of alleged asbestos-containing products or materials. Thus, these entities are considered sophisticated users and/or learned intermediaries as contemplated by Restatement (Second) of Torts, and have an independent duty to investigate, research, and warn of any risks or dangers of utilization relating to the products or materials in question, if any such duty exists.

**FOR A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

46.    Alleges that the claims are barred because a manufacturer of a component part, product or material is not liable for injuries caused by a finished product into which the component part, product or material is incorporated.

**FOR A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

47.    Alleges that the claims are barred to the extent the United States imposed, established or approved reasonably precise specifications for the product or material, the product or material conformed to those specifications, and this defendant knew of no dangers, if any, in the use of the product or material that were not already known or knowable to the United States.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

LA:17893350.1

1   WHEREFORE, defendant prays for judgment herein, for costs of suit incurred herein, and

2   for such other and further relief as the court may deem just and proper.

3   Dated: November 21, 2011.                    Respectfully submitted,

4                                                MCKENNA LONG & ALDRIDGE LLP

5

6                                                By: _____

7                                                William J. Sayers
                                                 Farah S. Nicol
8                                                Bradford J. DeJardin
                                                 Vanessa Ticas

9                                                Attorneys for Defendant
                                                 **METALCLAD INSULATION**
10                                               **CORPORATION**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893350.1

# PROOF OF SERVICE BY MAIL

*Paul N. Kanonas v. Amcord, Inc., et al. (LASC Case No. BC471689)*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **300 South Grand Avenue, 14ᵗʰ Floor, Los Angeles, California 90071**.

On November 21, 2011, I served **ANSWER OF DEFENDANT, METALCLAD INSULATION CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY** on the interested parties in this action by placing the true copy/original thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Patrick DeBlase, Esq.
Mike Eyerly, Esq.
Michael C. Eyerly, Esq.
Stephen T. Blackburn, Esq.
**DEBLASE BROWN EYERLY LLP**
10990 Wilshire Boulevard
Suite 1060
Los Angeles, California 90024
Tel: 424.901.0350
**Fax: 310.694.9810**
*Attorneys for Plaintiffs*

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.

The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **All Defense Counsel Were Given Notice Of These Document(S) By Letter**

☒ **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 21, 2011, at Los Angeles, California.

_____
Signature

_____
SHERRY SMITH
Print Name



CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 16 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy

1   WILLIAM J. SAYERS (SBN 078038)
    FARAH S. NICOL (SBN 162293)
2   BRADFORD J. DEJARDIN (SBN 195764)
    VANESSA TICAS (SBN 273342)
3   McKENNA LONG & ALDRIDGE LLP
    300 South Grand Avenue, 14th Floor
4   Los Angeles, CA 90071-3124
    Telephone:   (213) 688-1000
5   Facsimile:   (213) 243-6330

6   Attorneys for Defendant
    **CERTAINTEED CORPORATION**

7

8

9               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                          **COUNTY OF LOS ANGELES**

11

12  PAUL N. KANONAS,                          CASE NO. BC471689

13              Plaintiff,                     DEPT:   68
                                              JUDGE:  Hon. Mark Mooney
14      vs.
                                              **ANSWER OF DEFENDANT,**
15  AMCORD, INC., INDIVIDUALLY and as         **CERTAINTEED CORPORATION, TO**
    successor in Interest to Riverside Cement  **PLAINTIFF'S COMPLAINT FOR**
16  Company; et al.,                          **DAMAGES FOR PERSONAL INJURY**

17                                            Complaint Filed:   October 17, 2011
                                              Trial Date:        None Set
18              Defendants.

19

20          COMES NOW defendant, **CERTAINTEED CORPORATION**, for itself and for no

21  other defendant, to answer plaintiff's complaint on file herein as follows:

22          1.      Pursuant to California *Code of Civil Procedure* § 431.30(d), answering defendant

23  denies, both generally and specifically, each and every allegation contained in the complaint, and

24  each cause of action therein, and each paragraph of each cause of action, and denies that, as a

25  direct and proximate result or any result of any tortious conduct on the part of this defendant,

26  plaintiff has been or will be injured or damaged in the manner and amount alleged or in any

27  manner or amount whatsoever.

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:17893313.1

-1-
ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

2.      Answering defendant denies that, by reason of any act or omission, fault, conduct, or liability on the part of answering defendant, plaintiff has been injured or damaged in the manner and amounts alleged or in any manner or amount whatsoever, and denies that this answering defendant or any of its agents, servants or employees, or anyone acting for or on its behalf was negligent, careless, reckless, or otherwise breached any duty owed to plaintiff whether as alleged or otherwise.

**FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

3.      Alleges that the complaint and each and every cause of action therein, is barred by the applicable statute of limitations, California *Code of Civil Procedure* § 335.1.

**FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

4.      Alleges that the complaint and each and every cause of action therein, is barred by the applicable statute of limitations, California *Code of Civil Procedure* § 340.2.

**FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

5.      Alleges that the product or material involved was materially altered or changed by a party or parties other than, and without the permission of, this answering defendant, its employees, servants, or other agents, such alteration or change creating the alleged defect, if any, which was the proximate or legal cause of plaintiff's injuries or damages, if any.

**FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

6.      Alleges that the alleged defect in the product or material, if any, was known to plaintiff, who used said product or material after full knowledge of said alleged defect; that, as a result, plaintiff is barred from recovery herein, proportionately or totally, in that plaintiff voluntarily exposed himself and his/her property to a known danger and thereby assumed the risk of any injury or damage resulting from that injury.

**FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

7.      Alleges that the product or material was improperly maintained and cared for by plaintiff or plaintiff's employers or agents; that such improper maintenance and care created the

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893313.1



1   alleged defects, if any, that was the proximate or legal cause of plaintiff's injuries and damages, if

2   any; that such improper maintenance and care was unforeseeable to this answering defendant; and

3   that plaintiff's claim is thereby reduced by the percentage of all responsibility attributable to

4   plaintiff, plaintiff's employers or agents by virtue of said improper maintenance and care.

5   **FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

6       8.      Alleges that the complaint, and each and every cause of action therein, is barred by

7   the applicable statute of limitations, *Code of Civil Procedure* § 338(d).

8   **FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

9       9.      Alleges that plaintiff failed to mitigate plaintiff's damages, if any, in that plaintiff

10  failed to use reasonable diligence in caring for plaintiff's injuries and reasonable means to prevent

11  plaintiff's aggravation or to accomplish plaintiff's healing.

12

13  **FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

14      10.     Alleges that plaintiff's claims are barred by the doctrine of laches.

15  **FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

16      11.     Alleges that, if the products or materials described in the complaint were

17  manufactured or distributed by defendant, they were manufactured or distributed in accordance

18  with specifications and requirements supplied to defendant by persons other than defendant

19  including, but not limited to, the government of the United States of America.  Any alleged defect

20  in said products or materials was caused by deficiencies in said mandatory specifications and

21  requirements supplied to defendant, which deficiencies were neither known to defendants nor

22  discoverable by defendant with the exercise of reasonable care.

23  **FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

24      12.     Alleges that any exposure of plaintiff to defendant's products or materials was so

25  minimal as to be insufficient to establish a reasonable degree of probability that any such product

26  or material caused any alleged injury, damage, or loss to plaintiff.

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893313.1



**FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

13.     Alleges that, if defendant has purportedly been named or served in this action as a Doe defendant, such effort by plaintiff is invalid on the ground that plaintiff or plaintiff's agents knew or should have known of the identity of the defendant and the plaintiff's alleged causes of action against defendant at the time of the filing of the complaint.

**FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

14.     Alleges that plaintiff was negligent, careless, reckless, and acted unlawfully in the use, control, direction and application of plaintiff's bodily movements and the equipment, safety devices, and other facilities supplied to plaintiff and existing as a part of the environment, and the injuries, if any, and damages, if any, were directly and proximately caused and contributed to by plaintiff's own negligence.

**FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

15.     Alleges that plaintiff's employer so negligently, carelessly, recklessly, and unlawfully directed, controlled, and supplied plaintiff and plaintiff's co-employees with a working environment, including safety and protective equipment, clothing or the lack thereof, so as to directly and proximately cause and contribute to the injuries in question, if the same do exist, and to the extent that any sum or sums have been paid to plaintiff by said employer, this claim is barred thereby.

**FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

16.     Alleges that the complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against defendant and is barred by the exclusive remedy provisions of the *Labor Code*, including but not limited to sections 3600, 3600.5, 3601, and 3602, or similar laws of another jurisdiction.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

LA:17893313.1



**FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

17.     Alleges that the complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against answering defendant upon which relief can be granted.

**FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

18.     Alleges that the statutory authority, including but not limited to California *Civil Code* § 3294, pursuant to which plaintiff claims punitive damages, is invalid on its face and/or as applied to this defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

19.     Alleges that plaintiff's action is barred by the choice-of-law doctrine and/or the provisions of California *Code of Civil Procedure* Section 361 in that an action cannot be maintained against this answering defendant by the laws of another state or foreign country, including but not limited to the applicable statute of limitations or statute of repose of that jurisdiction.

**FOR A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

20.     Alleges that the instant action is barred by the rule against splitting a cause of action.

**FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

21.     Alleges that plaintiff is collaterally estopped or barred by the doctrine of *res judicata* from maintaining this action and/or seeking damages against this answering defendant.

**FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

22.     Alleges that plaintiff's claims against this answering defendant are barred by the doctrine of settlement, release, compromise and accord and satisfaction.

- 5 -

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17893313.1

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY



**FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

23.    Alleges that plaintiff's claims against this answering defendant are barred by the "Full Faith and Credit" clause of the U.S. Constitution, Article IV, Section 1 and California case law interpreting this provision.

**FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

24.    Alleges that there was no implied warranty with regard to the goods sold to plaintiff because plaintiff has the opportunity to examine the goods and either did so or failed to so examine. Such alleged defects as plaintiff alleges to have been present in the goods ought to have been revealed to plaintiff through such examination.

**FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

25.    Alleges that any duty on the part of this defendant to warn plaintiff of the risks and dangers of utilization of the product or material in question, if any such duty exists, was satisfied through the information and warnings provided to plaintiff's employer(s).

**FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

26.    Alleges that defendant has effectively precluded any assertion by plaintiff of any alleged statement and/or representation and/or agreement made by this answering defendant or any of its agents or representatives through disclaimers and limitations of remedies on the product or material label.

**FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

27.    Alleges that defendant is not a successor, successor in business, successor in product line or portion thereof, assign, predecessor, predecessor in business, predecessor in product line or portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in any entity owning property, maintaining premises, researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893313.1



installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, or advertising any products or materials in question. Defendant is therefore not liable for any acts, whether they be active or passive, or omissions of any entities to which defendant is or may be alleged to be a successor-in-interest, predecessor-in-interest, alter-ego, or the like.

**FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

28.    Alleges that plaintiff's complaint and each and every cause of action therein based upon warranty or breach thereof, is barred as a result of failure of plaintiff to give notice required under *Commercial Code* § 2607(3)(a).

**FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

29.    Alleges that plaintiff was not in privity with defendant and, therefore, may not rely upon the theory of any alleged breach of express or implied warranty.

**FOR A TWENTY-EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

30.    Alleges that plaintiff failed to notify defendant of any breach of warranty within a reasonable time after plaintiff discovered or should have discovered any such alleged breach of warranty and are, therefore, barred from any recovery for such claims.

**FOR A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

31.    Alleges that defendant has effectively disclaimed all implied warranties of merchantability or fitness for a particular purpose, together with any other express or implied warranties other than those specifically stated on the product's or material's label, subject to the inherent risks of use also disclosed on the product's or material's label.

**FOR A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

32.    Alleges that plaintiff's conspiracy/concert of action claims are barred under *Chavers v. Gatke Corp.* (2003) 107 Cal. App.4th 606.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

LA:17893313.1

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURY



**FOR A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

33.   Alleges pursuant to the equitable doctrine of *forum non conveniens* and *California Code of Civil Procedure* section 410.30, California is an improper forum of this action because in the interests of fairness and convenience, this action should be appropriately and justly tried in a forum outside California.

**FOR A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

34.   Alleges that another action is pending between the same parties on the same causes of action.

**FOR A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

35.   Alleges that there is a nonjoinder of a party who is subject to service of process in California and whose joinder will not deprive the court of jurisdiction of the subject matter of this action.

**FOR A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

36.   Alleges that the County of Los Angeles is an improper and/or inconvenient venue for this action.

**FOR A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

37.   Alleges that plaintiffs herein lack legal capacity to sue and are not real parties in interest and are thereby precluded from any recovery whatsoever as prayed for herein.

**FOR A THIRTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

38.   Alleges that plaintiff's employers were obligated by OSHA, and/or other applicable legal requirements in place at the time of the alleged exposure, to provide a safe working environment for plaintiff, and their failure to do so directly and proximately caused and/or contributed to the plaintiff's injuries and damages alleged herein.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893313.1

**FOR A THIRY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

39.     Alleges that the loss, injury, or damage, if any, incurred by plaintiff is the result of superseding or intervening causes arising from unforeseeable and highly unusual negligent or willful acts and/or omissions by parties and/or third parties, including but not limited to employers, contractors or intermediate purchasers or suppliers, and that said losses, injuries, or damages, if any, were different from the kind of harm that could have been reasonably expected from any act, omission, or other conduct of answering defendant.

**FOR A THIRTY-EIGHT, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

40.     Alleges that that the claims are barred because the product or material was misused or modified, if used at all, after it left answering defendant's possession and the misuse or modification was not reasonably foreseeable.

**FOR A THIRTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

41.     Alleges that, if used at all, plaintiff misused or modified the product or material at issue, never paid attention to product or material warnings or instructions, and used such product or material after having knowledge of the hazards or risks, if any, existing therein.

**FOR A FORTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

42.     Alleges that if any alleged bulk product or material and/or its packaging at issue left the possession and control of defendant, such product or material and/or its packaging was, without defendant's control or approval, subsequently redesigned, modified, compounded and/or incorporated into a finished product, or otherwise subjected to treatment or marketing that altered the product or material and/or its packaging. The alleged defects in any product or material and/or its packaging resulted, if at all, from the redesign, modification, compounding, treatment, marketing or other alteration of the product or material and/or its packaging, after defendant relinquished possession and control and not from any act or omission of defendant.

McKenna Long &
Aldridge LLP
Attorneys At Law
Los Angeles

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893313.1

 

**FOR A FORTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

43.     Alleges that plaintiff's claims are barred because plaintiff's employer(s) is/are considered sophisticated users and/or learned intermediaries as contemplated by Restatement (Second) of Torts.

**FOR A FORTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

44.     Alleges that plaintiff's claims are barred because plaintiff was a sophisticated user of the alleged asbestos-containing products or materials to which plaintiff was allegedly exposed, and, therefore, plaintiff need not be warned about the alleged dangers of which plaintiff already knew or should have known.

**FOR A FORTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

45.     Alleges that plaintiff's claims are barred because the entities who actually purchased the products or materials to which the plaintiffs were allegedly exposed were sophisticated users of asbestos and experienced users of alleged asbestos-containing products or materials. Thus, these entities are considered sophisticated users and/or learned intermediaries as contemplated by Restatement (Second) of Torts, and have an independent duty to investigate, research, and warn of any risks or dangers of utilization relating to the products or materials in question, if any such duty exists.

**FOR A FORTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

46.     Alleges that the claims are barred because a manufacturer of a component part, product or material is not liable for injuries caused by a finished product into which the component part, product or material is incorporated.

**FOR A FORTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

47.     Alleges that the claims are barred to the extent the United States imposed, established or approved reasonably precise specifications for the product or material, the product or material conformed to those specifications, and this defendant knew of no dangers, if any, in the use of the product or material that were not already known or knowable to the United States.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893313.1



1    WHEREFORE, defendant prays for judgment herein, for costs of suit incurred herein, and

2  for such other and further relief as the court may deem just and proper.

3

4  Dated: November 16, 2011.          Respectfully submitted,

5                                      MCKENNA LONG & ALDRIDGE LLP

6

7                                      By: _____

8                                      William J. Sayers
                                       Farah S. Nicol
                                       Bradford J. DeJardin
9                                      Vanessa Ticas

10                                     Attorneys for Defendant
                                       **CERTAINTEED CORPORATION**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANT, CERTAINTEED CORPORATION, TO PLAINTIFF'S COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

LA:17893313.1

## PROOF OF SERVICE BY MAIL

*Paul N. Kanonas v. Amcord, Inc., et al. (LASC Case No. BC471689)*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **300 South Grand Avenue, 14th Floor, Los Angeles, California 90071.**

On November 16, 2011, I served **ANSWER OF DEFENDANT, CERTAINTEED CORPORATION'S, TO PLAINTIFFS' COMPLAINT FOR DAMAGES FOR PERSONAL INJURY** on the interested parties in this action by placing the true copy/original thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Patrick DeBlase, Esq.
Mike Eyerly, Esq.
Michael C. Eyerly, Esq.
Stephen T. Blackburn, Esq.
**DEBLASE BROWN EYERLY LLP**
10990 Wilshire Boulevard
Suite 1060
Los Angeles, California 90024
Tel: 424.901.0350
**Fax: 310.694.9810**
*Attorneys for Plaintiffs*

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.

The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **All Defense Counsel Were Given Notice Of These Document(S) By Letter**

☒ **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 16, 2011, at Los Angeles, California.

_____
Signature

_____
SHERRY SMITH
Print Name

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE BY MAIL
LA:17894311.1



1  WILLIAM J. SAYERS (SBN 078038)
   FARAH S. NICOL (SBN 162293)
2  BRADFORD J. DEJARDIN (SBN 195764)
   VANESSA TICAS (SBN 273342)
3  MCKENNA LONG & ALDRIDGE LLP
   300 South Grand Avenue, 14th Floor
4  Los Angeles, CA 90071-3124
   Telephone:    (213) 688-1000
5  Facsimile:    (213) 243-6330

6  Attorneys for Defendant
   **UNION CARBIDE CORPORATION**

7

8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **COUNTY OF LOS ANGELES**

11

12  PAUL N. KANONAS,                    CASE NO. BC471689

13          Plaintiff,                  DEPT.:    68
                                        JUDGE:    Hon. Mark Mooney
14      vs.
                                        **ANSWER OF DEFENDANT, UNION**
15  AMCORD, INC., INDIVIDUALLY and as   **CARBIDE CORPORATION, TO**
    successor in Interest to Riverside Cement  **PLAINTIFF'S COMPLAINT FOR**
16  Company; et al.,                    **DAMAGES FOR PERSONAL INJURY**

17          Defendants.                 Complaint Filed:    October 17, 2011
                                        Trial Date:         None set
18

19

20      COMES NOW defendant, **UNION CARBIDE CORPORATION**, for itself and for no

21  other defendant, to answer plaintiff's complaint on file herein as follows:

22      1.    Pursuant to California *Code of Civil Procedure* § 431.30(d), Union Carbide denies,

23  both generally and specifically, each and every allegation contained in the complaint, and each

24  cause of action therein, and each paragraph of each cause of action, and denies that, as a direct

25  and proximate result or any result of any tortious conduct on the part of Union Carbide, plaintiff

26  has been or will be injured or damaged in the manner and amount alleged or in any manner or

27  amount whatsoever.

28

                                        - 1 -

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANT, UNION CARBIDE CORPORATION, TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR
PERSONAL INJURY

LA 17893262.1