# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:11-cv-03684

| | |
|---|---|
| Lloyd v. AK Steel Corporation f/k/a Armco, Inc. and Armco Steel Corporation et al | Date Filed: 10/14/2011 |
| Assigned to: Judge Vanessa D Gilmore | Jury Demand: None |
| Cause: 28:1332ai Diversity-Asbestos-Personal Injury | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Diversity |

**Plaintiff**

**Charles Lloyd**
represented by
**Charles Edward Valles , Jr**
Dubose Law Firm, PLLC
5646 Milton Street
Ste 321
Dallas, TX 75206
214-389-8199
Fax: 214-389-8399
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ben Kelly DuBose**
DuBose Law Firm, PLLC
5646 Milton St
Ste 321
Dallas, TX 75206
214-389-8199
Email: bdubose@duboselawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AK Steel Corporation**
*A Delaware Corporation*
*formerly known as*
Armco Inc
*formerly known as*
Armco Steel Corporation
represented by
**James Matthew Hall , Jr.**
Ogden Gibson et al
711 Louisiana Street
Ste 1900
Houston, TX 77002
713-844-3006
Email: jhall@ogblh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kvaerner US Inc**
*as Successor in Interest to Davy McKee*
*Corporation, a Delaware Corporation*
represented by
**Elizabeth B Kamin**
Strasburger & Price LLC
1401 McKinney St
Ste 2200

Houston, TX 77010
713-951-5635
Fax: 713-951-5660
Email: betsy.kamin@strasburger.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Owens-Illinois Inc**
*sued individually and as successor-in-interest to Owens Illinois Glass Company, a Delaware Corporation*
*TERMINATED: 12/13/2011*

**Defendant**

**Rapid-American Corporation**      represented by   **Raymond Glenn Randle , Jr**
*Individually and as sii to Glen Alden Corporation as sii to Philip Carey Manufacturing Corporation; a Delaware Corporation*
Andrews Kurth LLP
600 Travis
Ste 4200
Houston, TX 77002
713-220-4200
Fax: 713-220-4285
Email: rrandle@andrewskurth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas W Taylor**
Andrews and Kurth
600 Travis
Suite 4200
Houston, TX 77002
713-220-4200
Fax: 713-220-4285
Email: ttaylor@andrewskurth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2011 | 1 | COMPLAINT against AK Steel Corporation f/k/a Armco, Inc. and Armco Steel Corporation, Kvaerner US, Inc. as Successor in Interest to Davy McKee Corporation, Owens-Illinois, Inc. (sued individually and as successor-in interest to Owens Illinois Glass Company, Rapid-American Corporation Individually and as sii to Glen Alden Corporation as sii to Philip Carey Manufacturing Corporation (Filing fee $ 350) filed by Charles Lloyd. (Attachments: # 1 Exhibit Medical Records)(pyebernetsky, ) (Entered: 10/14/2011) |
| 10/20/2011 | | CIVIL Filing fee re: 1 Complaint, : $350.00, receipt number HOU017576, filed. (ejones, ) Paid by Dubose Law Firm. (Entered: 10/20/2011) |

| 10/31/2011 | 2 | NOTICE *of Tag-Along Action* by Charles Lloyd, filed. (DuBose, Ben) (Entered: 10/31/2011) |
| 11/01/2011 | | Summons Issued as to Kvaerner US, Inc. as Successor in Interest to Davy McKee Corporation, filed.(pyebernetsky, ) (Entered: 11/01/2011) |
| 11/01/2011 | | Summons Issued as to Rapid-American Corporation Individually and as sii to Glen Alden Corporation as sii to Philip Carey Manufacturing Corporation, filed.(pyebernetsky, ) (Entered: 11/01/2011) |
| 11/01/2011 | | Summons Issued as to AK Steel Corporation f/k/a Armco, Inc. and Armco Steel Corporation, filed.(pyebernetsky, ) (Entered: 11/01/2011) |
| 11/01/2011 | | Summons Issued as to Owens-Illinois, Inc. (sued individually and as successor-in interest to Owens Illinois Glass Company, filed.(pyebernetsky, ) (Entered: 11/01/2011) |
| 11/30/2011 | 3 | ANSWER to Complaint by AK Steel Corporation, filed.(Hall, James) (Entered: 11/30/2011) |
| 12/01/2011 | 4 | ANSWER to 1 Complaint, by Kvaerner US Inc, filed.(Kamin, Elizabeth) (Entered: 12/01/2011) |
| 12/02/2011 | 5 | ANSWER to Complaint by Rapid-American Corporation, filed.(Taylor, Thomas) (Entered: 12/02/2011) |
| 12/13/2011 | 6 | NOTICE *of Voluntary Dismissal as to Defendant Owens-Illinois, Inc. only* by Charles Lloyd, filed. (DuBose, Ben) (Entered: 12/13/2011) |
| 12/13/2011 | 7 | NOTICE *of Tag-a-long Action* by Rapid-American Corporation, filed. (Randle, Raymond) (Entered: 12/13/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/14/2011 14:59:02 | | |
| **PACER Login:** | an0001 | **Client Code:** | 10550-0194447 |
| **Description:** | Docket Report | **Search Criteria:** | 4:11-cv-03684 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

CHARLES LLOYD, §
§
Plaintiff, §
§
vs. §
§
AK STEEL CORPORATION f/k/a Armco, Inc. §
and Armco Steel Corporation, §
A Delaware Corporation, §
§
KVAERNER US, INC. as Successor in Interest §
to DAVY MCKEE CORPORATION, §
a Delaware Corporation; §
§
OWENS-ILLINOIS, INC. (sued individually and §
as successor-in-interest to Owens Illinois Glass §
Company), §
a Delaware Corporation; §
§
RAPID-AMERICAN CORPORATION, §
INDIVIDUALLY AND as sii to Glen Alden §
Corporation as sii to Philip Carey Manufacturing §
Corporation ; §
A Delaware Corporation; §
§
Defendants. §
§

United States District Court
Southern District of Texas
**FILED**

OCT 1 4 2011

David J. Bradley, Clerk of Court

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Plaintiff CHARLES LLOYD, complaining of the Defendants listed below,

and for cause of action would show the Court and Jury as follows:

## I.

## PARTIES

1. Plaintiff CHARLES LLOYD, an individual residing in Liberty, Texas.

2.     KVAERNER US, INC. as successor in interest to Davy McKee Corporation, is a Delaware corporation with its principle place of business in New Jersey and may be served with citation by serving its registered agent, to-wit: C. T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.   This Defendant is being sued as a Contractor Defendant.

3.     A K Steel Corporation f/k/a Armco, Inc. and Armco Steel Corporation, is a Delaware Corporation with its principle place of business in Ohio.   This Defendant may be served with citation by serving its registered agent, to-wit: Corporation Service Trust, 701 Brazos, Suite 750, Austin, TX 78701.   This Defendant is being sued as an Employer Defendant.

4.     OWENS-ILLINOIS, INC., Individually and as successor-in-interest to Owens Illinois Glass Company), a Delaware corporation with its principle place of business in Ohio. This Defendant has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agency.   Therefore, said corporation may be served with process through its principal place of business, One Michael Owens Way, Perrysburg, Ohio 43551, pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code Sec. 17.041-.045.   Owen-Illinois, Inc. may be served through the Secretary of State for the State of Texas.   This Defendant is being sued as a Manufacturer Defendant.

5.     RAPID-AMERICAN CORPORATION, Individually and as successor-in-interest to Glen Alden Corporation as successor in interest to Philip Carey Manufacturing Corporation is a foreign corporation that is incorporated under the laws of the State of Delaware, with a principal place of business located at 530 5th Ave., New York City, NY 10036 and has at all times relevant to this litigation conducted business in the State of Texas or was licensed to do business in the State of Texas.   Defendant, **Rapid American Corporation** may be served with

process through its registered agent, Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Wilmington, DE 19808. This Defendant is being sued as a Manufacturer and Distributor / Supplier Defendant.

## II.

## JURISDICTION AND VENUE

6.     Plaintiff is a citizen of Texas. Defendants are foreign corporations organized under the laws of various states other than Texas and with principle places of business in states other than Texas. Defendants have done or are doing business in the State of Texas. A complete diversity of citizenship exists between Plaintiff and Defendants as Plaintiff is a citizen of Texas and Defendants are foreign corporations, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendants are doing business or have in the past done business in the Southern District of Texas. Thus, the Court has jurisdiction over Defendants pursuant to 28 U.S.C. §1332. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391.

7.     Asbestos cases filed in Federal Court are currently classified as "tag-along" cases which will be governed by multi-district litigation pending in the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division. The court in Philadelphia at this time controls jurisdiction of all asbestos cases being filed in the United States District Courts.

8.     Each and every allegation in this Petition is expressly made in the alternative to, as well as in addition to, every other allegation.

## III.

## BACKGROUND

9.     Plaintiff would show that from approximately 1948 through 1968 while Plaintiff

---

PLAINTIFF'S ORIGINAL COMPLAINT                                                        Page 3

was working at AK Steel (formerly known as Armco and "Sheffield Steel", and hereinafter referred to as the "AK Steel" facility), located within Harris County, Texas he was exposed to asbestos and asbestos fibers designed, manufactured, supplied, maintained and sold by Defendants and placed into the stream of commerce by said Defendants which, as a result, caused Plaintiff to suffer from severe and grievous injuries to his respiratory system and body in general.

      10.    During this time period, Plaintiff suffered repeated exposure to asbestos and asbestos-containing products designed, manufactured, sold, supplied and/or maintained by the defendants.

      11.    Before and during Plaintiff's exposure period, the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at the AK Steel facility, where Plaintiff was exposed to asbestos fibers and asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

      12.    When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

      13.    Each of the Defendants knew or should have known through industry and medical studies, the existence of which were unknown to Plaintiff, of the health hazards inherent in the asbestos-containing products they were selling and/or using. Instead of warning Plaintiff and the general public about these dangers, Defendants ignored or actively concealed such information,

or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation. Those Defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

14.     As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described herein, Plaintiff contracted lung cancer.

15.     Further, Plaintiff would show, as more specifically set out below, that Plaintiff has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured, sold, supplied and/or maintained by Defendants in that each exposure to such products caused or contributed to Plaintiff's injuries, Plaintiff says that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

16.     Because of the latency period between exposure to asbestos and the onset of lung cancer, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, Plaintiff has only recently discovered his injuries.

## IV.

## COUNT ONE

## ALLEGATIONS AGAINST MANUFACTURING and SUPPLIER / DISTRIBUTOR DEFENDANTS

17.     Plaintiff was exposed to asbestos-containing products requiring or calling for the use of asbestos or asbestos-containing products that were manufactured, designed, and/or

distributed by the Defendants, **OWENS-ILLINOIS, INC, and RAPID-AMERICAN CORPORATION**, and/or their predecessors-in-interest for use as construction materials in industrial operations. Plaintiff would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products were in this defective condition at the time they were designed by or left the hands of Defendants. Plaintiff would show that Defendants' asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiff would show that this market defect rendered such products unreasonably dangerous at the time they were designed or left the hands of the Defendants. Plaintiff would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

18.     The Defendants are or were engaged in the business of selling, manufacturing, producing, designing, and otherwise putting into the stream of commerce asbestos-containing products, and these asbestos-containing products, without substantial change in the condition in which they were sold, manufactured, produced, designed, and otherwise put into the stream of commerce, were a proximate and producing cause of the injuries of Plaintiff.

19.     Defendants knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation or installation or removal of the asbestos-containing products.

20.     Plaintiff was unaware of the hazards and defects in the asbestos-containing products of the Defendants, which made them unsafe for purposes of manipulation or installation and/or removal.   These processes generated visible dust which Plaintiff breathed.

21.     During the periods that Plaintiff was exposed to the asbestos-containing products of the Defendants, these asbestos-containing products were being utilized in a manner which was foreseeable and intended by Defendants, including but not limited to manipulation, installation and/or removal of the products which generated visible dust which Plaintiff breathed.

22.     In the event that Plaintiff is unable to identify each injurious exposure to asbestos-containing products, Plaintiff would show the Court that the Defendants named herein represent or represented a substantial share of the relevant market of asbestos-containing products at all times material to the cause of action.   Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

23.     The illness and disabilities of Plaintiff are a direct and proximate result of the negligence of each Defendant and its predecessor-in-interest in that said entities produced, designed, sold, and otherwise put into the stream of commerce asbestos and asbestos-containing products which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff's health and well-being.   Certain Defendants created hazardous and deadly conditions to which Plaintiff was exposed and which caused Plaintiff to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some, or all of the following respects, among others, same being the proximate cause of Plaintiff's illness and disabilities:

PLAINTIFF'S ORIGINAL COMPLAINT                                                          Page 7

(a)     in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos and asbestos-containing products;

(b)     in failing to provide Plaintiff with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff from being harmed and disabled by exposure to asbestos and asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos and asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt, and enforce a safety plan and safe method of handling and installing asbestos and asbestos-containing products in a safe manner;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products;

(f)     in failing to properly design and manufacture asbestos and asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products before they were released for consumer use;

(h)     in failing to recall or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products and machinery; and

(i)     in failing to timely and adequately warn Plaintiff of the significantly increased risk of lung cancer in those who both smoke and are exposed to asbestos.

## V.

## COUNT TWO

## ALLEGATIONS AGAINST CONTRACTOR DEFENDANT

24.     All of the allegations contained in the previous paragraphs are re-alleged herein

25.     The injuries of Plaintiff are a direct and proximate result of the negligence of each Defendant or its predecessor-in-interest in that said entities produced, designed, sold or otherwise put into the stream of commerce, asbestos, asbestos-containing products or machinery requiring or calling for the use of asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff's health and well-being.  Certain Defendants, **KVAERNER US, INC. as Successor in Interest to DAVY MCKEE CORPORATION** created hazardous and deadly conditions to which Plaintiff was exposed and which caused Plaintiff to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Plaintiff's injuries:

(a)     in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products or machinery requiring or calling for the use of asbestos and asbestos-containing products;

(b)     in failing to provide Plaintiff with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff from being harmed and

disabled by exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos or asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and machinery requiring or calling for the use of asbestos or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and machinery;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan or safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos or asbestos-containing products in a safe manner;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and the machinery requiring or calling for the use of asbestos or asbestos-containing products;

(f)     in failing to properly design and manufacture asbestos, asbestos-containing products, and machinery requiring or calling for the use of asbestos or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products and machinery before they were released for consumer use; and

(h)     in failing to recall or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of

asbestos or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery; and

(i)     in failing to timely and adequately warn Plaintiff of the significantly increased risk of lung cancer in those who both smoke and are exposed to asbestos.

## VI.

## COUNT THREE

### ALLEGATIONS AGAINST AK STEEL -EMPLOYER DEFENDANT

26.     All of the allegations contained in the previous paragraphs are realleged.

27.     Defendant, AK Steel and its predecessors identified herein, were at all times relevant the employer of Plaintiff.

28.     Plaintiff would show that Defendant AK Steel was negligent, grossly negligent, and intentionally committed certain acts and omissions which created conditions at the workplace which were a proximate cause of his lung cancer resulting from exposure to asbestos.

29.     In particular, Plaintiff would show that the Defendant demonstrated such an entire want of care as to establish that its acts and omissions were the result of actual conscious indifference to his rights, safety and welfare and that such specific acts of negligence, gross negligence and intentional acts or omissions committed by the Defendant that proximately caused lung cancer include:

(a)     failure to provide safe equipment for Plaintiff to use;

(b)     failure to provide adequate safety measures and protection against exposure to deadly and life threatening asbestos dust, all despite Defendant's knowledge of the extreme risk of harm inherent to asbestos exposure;

---

(c)     failure to adequately warn Plaintiff of the inherent dangers of asbestos contamination;

(d)     failure to provide Plaintiff a safe place to work by failing to maintain the ambient and environmental conditions of the plant in proper and safe conditions;

(e)     failure to properly train and educate Plaintiff with respect to the hazards of asbestos;

(f)     failure to property train and educate Plaintiff with respect to the identification of and location of asbestos containing materials within his place of employment;

(g)     failure to properly train and educate Plaintiff as to how to take appropriate precautions to prevent the creation of and inhalation of asbestos dust;

(h)     failure to timely and adequately warn Plaintiff of the significantly increased risk of lung cancer in those who both smoke and are exposed to asbestos;

(i)     failure to investigate and/or otherwise keep itself apprised of the latest medical and scientific information available concerning asbestos exposure and resulting asbestos related disease;

(j)     failure to monitor the air for asbestos dust in the working environment of Plaintiff and in Plaintiffs breathing zone; and

(k)     failure to provide and require Plaintiff to wear respiratory protection to prevent Plaintiff from inhaling asbestos dust.

(l)     failure to follow and adhere to various safety and environmental laws and regulations of the state of Texas and the United States governing asbestos and asbestos exposures in the work place.  Such failures constitute negligence per se and gross negligence

(m)     such other acts or omissions of negligence, gross negligence and/or malice that may be proven at trial.

30.     Alternatively, Plaintiffs bring this action against Defendant AK Steel for gross neglect under the authority of the Constitution of the State of Texas, TEX. CONST. Art 16, sec 26; and the exception to the Worker's Compensation Statutes of the State of Texas, TEX. REV. CIV. STAT. ANN. Art 8306, sec. 5, which has been codified as §408.001(b) of the Labor Code which allows a common law state claim to be brought outside of the Workman's Compensation Act.

## VII.

### COUNT FOUR

### NEGLIGENCE – DESIGN DEFECT

### ALLEGATIONS AGAINST, OWENS-ILLINOIS, INC, and RAPID-AMERICAN CORPORATION, INDIVIDUALLY AND as Successor in Interest to Glen Alden Corporation as Successor in Interest to Philip Carey Manufacturing Corporation.

30.     All of the allegations contained in the previous paragraphs are re-alleged herein.

31.     At all times material hereto, Defendants, **OWENS-ILLINOIS, INC,** and **RAPID-AMERICAN CORPORATION,** and/or their predecessors in interest, designed and provided the specifications for products manufactured by **OWENS-ILLINOIS, INC, and RAPID-AMERICAN CORPORATION** and/or their predecessors in interest, including the products to which Plaintiff was exposed.

32.     The above-named Defendants had a duty to exercise ordinary care to develop safe designs. Defendants owed that duty of care to the persons who worked with and around the products it designed, and breached that duty of care. Plaintiff contends that Defendants were negligent in the performance of its duty in that it failed to protect persons such as Plaintiff from

the hazards of asbestos that Defendants specified and approved, or knew or should have known would be specified and approved, for use in and around the products it designed. Defendants knew or should have known that the foreseeable use of its designs could and would cause serious injuries to the persons working with and/or around the products manufactured as a result of said Defendant's marketing, licensing and/or franchising of its designs.

33.     As a direct and proximate result of the acts alleged against Defendants, Plaintiff was exposed to the asbestos and asbestos-containing products designed by **OWENS-ILLINOIS, INC,** and **RAPID-AMERICAN CORPORATION** and/or their predecessors in interest. Said exposure directly and proximately resulted in the asbestos-related disease and injuries from which Plaintiff suffers.

34.     Defendants, **OWENS-ILLINOIS,           INC,      and      RAPID-AMERICAN CORPORATION** and/or their predecessors in interest, and their officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

**VIII.**

**COUNT FIVE**

**CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS**

35.     All of the allegations contained in the previous paragraphs are re-alleged herein.

36.     Plaintiff further alleges that all Defendants or their predecessors-in-interest knowingly agreed, contrived, combined, confederated, and conspired among themselves and with other entities to cause Plaintiff's injuries by exposing him to harmful and dangerous asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated, and conspired to deprive Plaintiff of the opportunity of informed free

choice as to whether to use said asbestos-containing products or to expose himself to said dangers. Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products.

37. In furtherance of said conspiracies, Defendants performed the following overt acts:

(a) for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and machinery calling for the use of asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b) despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1) withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, lung cancer and other illnesses and diseases from Plaintiff who was using and being exposed to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products;

(2) caused to be released, published, and disseminated medical and scientific data, literature and test reports containing information and statements

regarding the risks of asbestosis, cancer, lung cancer and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated, and misleading; and

(3)    distorted the results of medical examinations conducted upon Plaintiff and workers such as Plaintiff who were using asbestos-containing products and machinery requiring or calling for the use of asbestos and being exposed to the inhalation of asbestos dust and fibers by falsely stating or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff has suffered.

(c)    Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators") member companies in the Quebec Asbestos Mining Association, the Asbestos Textile Institute, or the Industrial Hygiene Foundation. Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia*, that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)    In addition, Defendants contrived, combined, confederated, and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such

standards would not protect workers such as Plaintiff from contracting asbestos disease or cancer.

(e)     In furtherance of said conspiracies, Defendants and their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff even if complied with.

(f)     As the direct and proximate result of the false and fraudulent representations, omissions, and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff to rely upon said false and fraudulent representations, omissions, and concealments to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products which caused the release of respirable asbestos fibers to which he was exposed while working at the AK Steel facility.

38.     Plaintiff reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and the safety of Plaintiffs workplace while employed at the AK Steel facility.

39.     As a direct and proximate result of Plaintiff's reliance on Defendants' false and fraudulent representations, omissions, and concealments Plaintiff sustained damages including injuries, illnesses, and disabilities and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products while in the employ of AK Steel and its predecessors identified herein.

## IX.

## COUNT SIX

## GROSS NEGLIGENCE / MALICE ALLEGATIONS AGAINST ALL DEFENDANTS

40.     All of the allegations contained in the previous paragraphs are re-alleged herein.

41.     The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct or malice resulting in damages and injuries to the Plaintiff. Defendants' conduct was specifically intended by Defendants to cause substantial injury to Plaintiff, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendant that the conduct would, in reasonable probability, result in human deaths or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness or malice with regard to the Plaintiff and should be held liable in punitive and exemplary damages to Plaintiff.

## XI.

## COUNT EIGHT

## AIDING AND ABETTING ALLEGATIONS AGAINST ALL DEFENDANTS

42.     All of the allegations contained in the previous paragraphs are re-alleged herein.

43.     The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent or intentional acts of each and every other Defendant.

44.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiff.

45. The actions of each of the Defendants are a proximate cause of Plaintiff's injuries. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## XII.

## DAMAGES

46. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Plaintiff, and of the following general and special damages including:

(a) Damages to punish Defendants for proximately causing Plaintiff's untimely injuries and illness;

(b) The conscious physical pain and suffering and mental anguish sustained by Plaintiff;

(c) The physical impairment suffered by Plaintiff;

(d) The disfigurement suffered by Plaintiff;

(e) Reasonable and necessary medical expenses incurred by Plaintiff;

(f) Plaintiff's lost earnings and net accumulations;

(g) Plaintiff's mental anguish caused by the extraordinarily increased likelihood of developing (or the progression and recurrence of) asbestos-related cancer of the lungs, lung cancer, and other cancers due to said exposure to products manufactured, sold, and distributed by the named Defendants; and

(h) Plaintiff seeks punitive and exemplary damages.

47. By their acts and omissions described herein, Defendants intentionally, knowingly, and recklessly caused serious bodily injury to Plaintiff within the meaning of Tex.Civ.Prac.& Rem. Code §41.008(c)(7) and Tex. Penal Code §22.04.

48.     Plaintiff filed suit within two (2) years of the date of discovering Plaintiff's asbestos-related conditions or the existence of any asbestos-related causes of action.

49.     Plaintiff discovered his injury and its cause less than two years prior to the filing of this petition.

50.     A medical report compliant with §90.00003(a)(1) of Tex.Civ.Prac. & Rem. Code is attached hereto as Exhibit "A."

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, and each of them, jointly and severally, for general damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled.

## XIII.

### JURY DEMAND

Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

DUBOSE LAW FIRM, PLLC
5646 Milton Street, Suite 321
Dallas, Texas 75206
214/389-8199 (telephone)
214/389-8399 (facsimile)

CHARLES E. VALLES, Bar No. 00789696