ADRMOP

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:11-cv-06156-CW

Fannin et al v. Asbestos Corporation Limited et al          Date Filed: 12/07/2011
Assigned to: Hon. Claudia Wilken                            Jury Demand: None
Case in other court: San Francisco County Superior Court,   Nature of Suit: 368 P.I. : Asbestos
    CGC-10-275691                        Jurisdiction: Federal Question
Cause: 28:1441 Petition for Removal- Product Liability

**Plaintiff**

**Charles Fannin**                      represented by   **David R. Donadio**
*as wrongful death heir, and as*                         Brayton Purcell LLP
*successor-in-interest to Harold Fannin,*                 222 Rush Landing Road
*deceased*                                               PO Box 6169
                                                         Novato, CA 94948-6169
                                                         415-898-1555
                                                         Fax: 415-898-1247
                                                         Email: DDonadio@braytonlaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Garnet Olson**                        represented by   **David R. Donadio**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ada Fannin**                          represented by   **David R. Donadio**
*deceased, as legal heirs of Harold*                     (See above for address)
*Fannin, deceased*                                       *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Asbestos Corporation Limited**

**Defendant**

**Huntington Ingalls Incorporation**    represented by   **Daniel James Kelly**
*formerly known as*                                      Tucker Ellis & West LLP
Northrop Grumman Shipbuilding Inc                        135 Main Street, Suite 700
                                                         San Francisco, CA 94105
                                                         415-617-2400
                                                         Fax: 415-617-2409

Email: daniel.kelly@tuckerellis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/07/2011 | 1 | NOTICE OF REMOVAL (no process) from San Francisco County Superior Court. Their case number is CGC-10-275691. (Filing fee $350 receipt number 34611067841). Filed byHuntington Ingalls Incorporation. (cp, COURT STAFF) (Filed on 12/7/2011) (Additional attachment(s) added on 12/12/2011: # 1 Civil Cover Sheet) (cp, COURT STAFF). (Entered: 12/12/2011) |
| 12/07/2011 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 3/14/2012. Case Management Conference set for 3/21/2012 02:00 PM. (Attachments: # 1 Standing Order)(cp, COURT STAFF) (Filed on 12/7/2011) (Entered: 12/12/2011) |
| 12/07/2011 | 1 | ANSWER to Complaint byHuntington Ingalls Incorporation. (cp, COURT STAFF) (Filed on 12/7/2011) (Entered: 12/12/2011) |
| 12/12/2011 | 3 | NOTICE by Huntington Ingalls Incorporation *of Tag-Along Action* (Kelly, Daniel) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/12/2011 | 4 | NOTICE by Huntington Ingalls Incorporation *of Pendency of Other Action* (Kelly, Daniel) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/12/2011 | 5 | NOTICE by Huntington Ingalls Incorporation *of Disclosure Statement and Certification of Interested Entities or Persons* (Kelly, Daniel) (Filed on 12/12/2011) (Entered: 12/12/2011) |
| 12/13/2011 | 6 | CERTIFICATE OF SERVICE by Huntington Ingalls Incorporation re 2 ADR Scheduling Order, 1 Notice of Removal, 5 Notice (Other), 3 Notice (Other), 4 Notice (Other) (Kelly, Daniel) (Filed on 12/13/2011) (Entered: 12/13/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/14/2011 11:38:51 | | |
| PACER Login: | sd0076 | Client Code: | 05045-079666 |
| Description: | Docket Report | Search Criteria: | 4:11-cv-06156-CW |
| Billable Pages: | 2 | Cost: | 0.16 |

DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato CA 94948-6169
(415) 898-1555

Attorneys for Plaintiffs

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2010 OCT 20  AM 11: 50

CLERK OF THE COURT
BY:
DEPUTY CLERK  D. STEPPE

ASBESTOS
CASE MANAGEMENT CONFERENCE

OCT 2 0 2011  1:30 PM

DEPARTMENT  220

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

CHARLES FANNIN, as Wrongful Death
Heir, and as Successor-in-Interest to
HAROLD FANNIN, Deceased; and
GARNET OLSON, MARINA ROSE, and
ADA FANNIN, deceased, as Legal Heirs
of HAROLD FANNIN, Deceased,

           Plaintiffs,

vs.

ASBESTOS CORPORATION LIMITED;
Defendants as Reflected on Exhibit 1
attached to the Summary Complaint
herein; and DOES 1-8500.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ASBESTOS
No.

CGC 10 -275691

COMPLAINT FOR SURVIVAL,
WRONGFUL DEATH - ASBESTOS

    1.    HAROLD FANNIN (hereinafter and in the Complaint referred to as "decedent")
died on November 12, 2009.

    2.    CHARLES FANNIN is the Successor-in-Interest to decedent.

    3.    The heirs-at-law of decedent and their relationships to the decedent are:

| NAME | AGE | RELATIONSHIP TO DECEDENT |
|---|---|---|
| CHARLES FANNIN | 53 Years | Son |
| GARNET OLSON | Over 18 | Daughter |
| MARINA ROSE | Over 18 | Daughter |
| ADA FANNIN | Deceased | Spouse |

///

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

K:\Injured\104751\PLD\comp-wd.wpd

1
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

1      4.     Plaintiffs bring this action as specified in Section 377.60 of the Code of Civil

2 Procedure as decedent's legal heirs.

3      5.     At all times prior to his death, decedent was a faithful and dutiful spouse to

4 plaintiff ADA FANNIN, deceased, and parent to plaintiff children.

5      6.     Plaintiffs' claims are as set forth in ©Brayton❖Purcell Master Complaint for

6 **[Survival] [Loss of Consortium] Wrongful Death** (hereinafter "Master Complaint") - Asbestos

7 No. 828684 filed March 3, 2003, in San Francisco Superior Court. A copy of the Master

8 Complaint and General Order No. 55 may be obtained upon request from Brayton❖Purcell, and

9 designated portions of the Master Complaint are incorporated by reference herein pursuant to the

10 authority conferred by General Order No. 55. Plaintiffs' claims are as set forth in said Master

11 Complaint against defendants herein as follows:

12 ///

13 ///

14 ///

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS* ON EXHIBITS:

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence-Survival) | ☒ | ☒ | ☐ | ☐ | | ☒ | ☐ | | | | ☐ | ☐ | ☐ | |
| Second (Products Liability-Survival) | ☒ | ☒ | ☐ | | | | ☐ | | | ☐ | ☐ | ☐ | | |
| Third (False Representation) as to Defendant ASBESTOS CORPORATION LIMITED Only | ☒ | ☒ | | | | | | | | | | | | |
| Fourth (Loss of Consortium) | ☐ | ☐ | ☐ | ☐ | ☐ | | ☐ | | | | ☐ | ☐ | ☐ | |
| Fifth (Negligence-Wrongful Death) | ☒ | ☒ | ☐ | ☐ | ☐ | | | | | | ☐ | ☐ | | |
| Sixth (Products Liability-Wrongful Death) | ☒ | ☒ | | | | | ☐ | | | | ☐ | ☐ | | |
| Seventh (Premises Owner/Contractor Liability) | ☒ | ☒ | ☒ | | | | | | | | | | | |
| Eighth, Ninth, Tenth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) | | | | ☐ | | | | | | | | | | |
| Eleventh (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | | |
| Twelfth, Thirteenth (F.E.L.A.) | | | ☐ | | | ☐ | | | | | | | | |
| Fourteenth, Fifteenth (Respiratory Safety Devices) | | | | | | | ☐ | | | | | | | |
| Sixteenth, Seventeenth (Brake Shoe Grinding) | | | | | | | ☐ | | | | | | | |
| Eighteenth (Concert of Action) | | | | | | | | ☒ | | | | | | |
| Nineteenth (Fraud, Deceit/Negligent Misrepresentation) | | | | | | | | | ☒ | | | | | |
| Twentieth (Fraud and Deceit/Concealment) | | | | | | | | | ☒ | | | | | |
| Twenty-First (Fraud and Deceit/Intentional Misrepresentation) | | | | | | | | | | ☒ | | | | |
| Twenty-Second (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | | |
| Twenty-Third (Aiding/Abetting Battery - Met Life) | | | | | | | | | | | | | | ☒ |
| Twenty-Fourth (Civil Battery) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

1    7.    Decedent's asbestos-related injury, date of diagnosis, employment status, and

2    history of exposure to asbestos are as stated on Exhibit A.

3    8.    Plaintiffs' claims against defendant CBS CORPORATION (F/K/A VIACOM

4    INC., F/K/A WESTINGHOUSE ELECTRIC CORPORATION) exclude decedent's asbestos

5    exposure at military and federal government jobsites and aboard U.S. Navy vessels.

6    9.    Plaintiffs hereby amend the Master Complaint on file herein, to incorporate a

7    new Twenty-Third Cause of Action, set forth below, specially plead against the defendant listed

8    on Exhibit N, namely METROPOLITAN LIFE INSURANCE COMPANY.  (Plaintiffs are in

9    the process of amending the Master Complaint herein and will include this new Cause of Action

10   in said amendment.)

11   "TWENTY-THIRD CAUSE OF ACTION
     Aiding and Abetting Battery
12   [Against Metropolitan Life Insurance Company
     and Does 7501-7900, Inclusive]
13

14   AS AND FOR A FURTHER, TWENTY-THIRD, SEPARATE AND DISTINCT

15   CAUSE OF ACTION FOR AIDING AND ABETTING BATTERY, PLAINTIFF(S)

16   COMPLAINS OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY,

17   DEFENDANTS ON EXHIBIT N, DOES 7501-7900, THEIR ALTERNATE ENTITIES AND

18   EACH OF THEM, AND ALLEGES AS FOLLOWS:

19   239.    Plaintiff incorporates herein by reference, as though fully set forth hereat, each

20   and every allegation of the First through Third and Eighteenth, Nineteenth, Twentieth, and

21   Twenty-First Causes of Action as though fully set forth herein.  (As used throughout this cause

22   of action, 'plaintiff' refers to all named plaintiffs and/or all named decedents from whom the

23   named plaintiffs' injuries may derive.)

24   240.  This cause of action is for the aiding and abetting of battery by METROPOLITAN

25   LIFE INSURANCE COMPANY ("MET LIFE"), primarily through its assistant medical

26   director Anthony Lanza, M.D., of a breach of duty committed by Johns-Manville Corporation

27   ("J-M").

28   ///

1    241.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

2  mentioned defendant MET LIFE was and is a corporation organized and existing under and by

3  virtue of the laws of the State of New York or the laws of some other state or foreign

4  jurisdiction, and that this defendant was and is authorized to do and/or was and is doing

5  business in the State of California, and regularly conducted or conducts business in the County

6  of San Francisco, State of California.  At times relevant to this cause of action, MET LIFE was

7  an insurer of J-M.

8    242.  Plaintiff, was exposed to asbestos-containing dust created by the use of the

9  asbestos products manufactured, distributed and/or supplied by J-M. This exposure to the

10  asbestos or asbestos-related products supplied by J-M caused Plaintiff's asbestos-related disease

11  and injuries.

12    243.  Starting in 1928, MET LIFE sponsored studies of asbestos dust and asbestos-

13  related disease in Canadian mines and mills, including those of J-M. Those studies revealed

14  that miners and mill workers were contracting asbestosis at relatively low levels of dust.

15  McGill University, which conducted the studies, sought permission from MET LIFE to publish

16  the results but they were never published.  MET LIFE prepared its own report of these studies.

17    244.  Between 1929 and 1931, MET LIFE studied dust levels and disease at five U.S.

18  plants manufacturing asbestos-containing products, including a J-M plant.  Those studies

19  showed that workers in substantial numbers were contracting asbestosis, at levels less than what

20  became the Threshold Limit Value ('TLV") of 5mppcf.  The MET LIFE report was never

21  published or disseminated except to plant owners, including J-M.

22    245.  In 1932, MET LIFE studied dust levels and disease at the J-M plant at Manville,

23  New Jersey.  Results were consistent with those of the Canadian and previous U.S. plant

24  studies.  They were never published.

25    246.  In 1934, J-M and others whose plants MET LIFE had studied agreed with MET

26  LIFE that it should issue a report of its studies.

27  ///

28  ///

247.  MET LIFE submitted a draft of its report to J-M.  J-M requested, for legal and business reasons, that certain critical parts of the draft be changed.  MET LIFE's official in charge was Lanza.  MET LIFE through Lanza did make changes that J-M requested, including:

    (a)    Deletion of MET LIFE's conclusion that the permissible dust level for asbestos should be less than that for silica;

    (b)    Addition of the phrase that asbestosis clinically appeared to be milder than silicosis.

The report, thus altered, was published in 1935.  It was misleading, and intentionally so, because it conveyed the incorrect propositions that asbestosis was a less serious disease process than silicosis and that higher levels of asbestos dust could be tolerated without contracting diseases than was the case for silica dust.

248.  MET LIFE had a close relationship with J-M.  It invested money in J-M.  It provided group health and life insurance to J-M.  MET LIFE IN 1934 agreed to supply industrial hygiene services to J-M, including dust counts, training employees to monitor dust levels, examining employees, and recommending protective equipment.  MET LIFE and Lanza were viewed as experts on industrial dusts.

249.  In 1933, MET LIFE through Lanza issued the following advices to J-M:

    (a)    Disagreeing with the recommendation of a J-M plant physician, MET LIFE advised against warning workers of the fact that asbestos dust is hazardous to their health, basing its advice in view of the extraordinary legal situation;

    (b)    When the plant physician judged the best disposition of an employee with asbestosis was to remove him from the dust, MET LIFE advised instead that disposition should depend on his age, nature of work and other factors and to leave him alone if he is old and showing no disability, for, MET LIFE stated, economic and production factors must be balanced against medical factors.

250.  J-M followed the MET LIFE advices and did not warn its workers, including plaintiff, of the hazards of asbestos dust, and J-M also intentionally refrained from notifying workers of their disease.

1    251.  In 1936, MET LIFE, J-M and others founded the Air Hygiene Foundation

2    ("AHF").  One of the AHF purposes was to develop standards for dust levels that would serve

3    as a defense in lawsuits and workers' compensation claims.

4    252.  MET LIFE funded partially another study that tentatively recommended in 1938 a

5    TLV for asbestos dust of 5mpccf, the same as for silica dust.  MET LIFE was aware of data

6    from its own, unpublished reports that showed that level was too high for asbestos dust.  MET

7    LIFE nonetheless promoted that TLV as proper.

8    253.  In June 1947, the Industrial Hygiene Foundation ("IHF") which succeeded to the

9    AHF, issued a report of studies by Dr. Hemeon of U.S. asbestos plants, including a J-M plant.

10   That report showed that workers exposed to less than the recommended maximum levels of

11   dust were developing disease.  MET LIFE was a member of the IHF and Lanza was on its

12   medical committee.  The Hemeon report, which was supplied to J-M and other owners, never

13   was published.

14   254.  In 1936, J-M and other asbestos companies agreed with a leading medical research

15   facility, Saranac Laboratories, that Saranac would research asbestos disease, but J-M and the

16   others retained control over publication of the results.  In 1943 Saranac's Dr. Leroy Gardner, in

17   charge of the research, sent a draft to J-M that revealed that 81.8% of mice exposed to long

18   fiber asbestos contracted cancer.

19   255.  Dr. Gardner died in 1946.  J-M and other companies wanted parts of the Saranac

20   results published and enlisted the assistance of MET LIFE's Lanza.  J-M and other companies

21   decided that Saranac's findings of cancer caused by asbestos in mice must be deleted, as well as

22   Saranac's critique of existing dust standards.  Lanza directed Saranac to delete the offending

23   materials.  Saranac did so, and the altered report was published in 1951 by Saranac's Dr.

24   Vorwald, in the *AMA Archives of Industrial Hygiene*.

25   256.  Lanza left MET LIFE at the end of 1948, and took a position at New York

26   University, funded by MET LIFE.  He continued to misrepresent that asbestos does not cause

27   cancer into the 1950s.

28   ///

1    257.  The IHF (formerly AHF), of which MET LIFE was a member and MET LIFE

2    official was on its medical committee, through Drs. Braun and Truan conducted a study of

3    Canadian miners.  The original report, in 1957, found an increased incidence of lung cancer in

4    persons exposed to asbestos.  The sponsors, including J-M, caused those findings to be stricken,

5    and the report published in 1958 contained the false conclusion that asbestos exposure alone did

6    not increase the risk of lung cancer.

7    258.  The false and misleading reports that a link between asbestos exposure and cancer

8    was not proven influenced the TLV, for if a substance causes cancer the TLV must be very low

9    or zero.

10   259.  J-M not later than 1933 was inflicting asbestos dust on its workers in its plants

11   knowing that the dust was hazardous and was causing workers to contract disease that could

12   and would disable and kill them.  As MET LIFE advised, J-M did not warn its workers of the

13   hazard.  J-M committed battery on workers in its plants, including plaintiffs' decedent, by that

14   conduct.

15   260.  MET LIFE knew that J-M's conduct constituted a breach of its duties to its

16   workers.  MET LIFE gave substantial assistance to J-M in committing batteries on its workers,

17   including plaintiff's decedent, through MET LIFE's conduct described above, including by:

18        (a)    Affirmatively urging J-M not to warn workers of the hazards of asbestos dust, in

19               view of the extraordinary legal situation, such that J-M did not warn its workers,

20               including plaintiff's decedent;

21        (b)    Deleting the findings of its own draft report that the allowable limits for asbestos

22               dust should be less than those for silica dust, and promoting a false and unsafe

23               TLV which specified maximum levels of silica dust, and promoting a false and

24               unsafe TLV which specified maximum levels of dust for workers, including

25               plaintiffs' decedent, which MET LIFE knew was wrong through its own studies;

26   ///

27   ///

28   ///

K:\Injured\1 947\PLD\cmp-wdsrv2Met.wpd

8

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

1    (c)    Advising J-M to keep certain workers continuing to work at dusty areas in the

2    plant even after J-M was aware that their lungs showed asbestos-induced

3    changes, lest other workers including plaintiffs' decedent be alerted to the

4    dangers of working in the dust.

5    WHEREFORE, plaintiff prays judgment as is hereinafter set forth."

6    10.    Plaintiffs do not make a claim for either false representative or punitive damages

7 against any named defendant herein, except as against defendant ASBESTOS CORPORATION

8 LIMITED.

9 Dated: 10/3/10

BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

E:\Injured\1942\PLD\cmp-wdsrv2Mn.wpd
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT 1

1

## EXHIBIT 1 - LIST OF DEFENDANTS

2

3
ASBESTOS CORPORATION LIMITED
CROWN CORK & SEAL COMPANY, INC.
4
C.C. MOORE & CO. ENGINEERS
INGERSOLL-RAND COMPANY
5
METROPOLITAN LIFE INSURANCE COMPANY
CBS CORPORATION (FKA VIACOM INC., FKA WESTINGHOUSE ELECTRIC CORPORATION)
6
ZURN INDUSTRIES, LLC
WESTERN MacARTHUR COMPANY
7
MacARTHUR COMPANY
WESTERN ASBESTOS COMPANY
8
HONEYWELL INTERNATIONAL, INC.
FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO.
9
GENUINE PARTS COMPANY
HOPEMAN BROTHERS, INC.
10
J.T. THORPE & SON, INC.
and DOES 1-8500,
11

12
    Defendants.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT A

## EXHIBIT A

Decedent's exposure to asbestos and asbestos-containing products occurred at various locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | WILTSIE (DD-716) | Machinist | 06/1949-03/1950 (approximately 8-9 months) |
| | Mare Island Naval Shipyard, Vallejo, CA | | (approximately 3 months) |
| U.S. Navy | RENSHAW (DDE-499) Norfolk Naval Shipyard, Portsmouth, VA | Machinist | 1950-1952 (approximately 2 ½ years) |
| | Pearl Harbor Naval Shipyard, Honolulu, HI | | |
| U.S. Navy | MADDOX (DD-731) | Machinist | 1952-1954 |
| U.S. Navy | Pacific Reserve Fleet, Bremerton, WA | Machinist Mate | 1954 (approximately 7 months) |
| | Various LST vessels including: | | |
| | MARYLAND (BB-46) | | 1954 |
| | INDIANA (BB-58) | | 1954 |
| U.S. Navy | Naval Training Center, San Diego, CA | Trainee | 1954 (approximately 2 months) |
| U.S. Navy | Naval Repair Facility, 32nd St. Annex, San Diego, CA | Machinist | 1955-03/1956 |
| | Todd Shipyard, San Pedro, CA | | 1955 (approximately 3-4 months) |
| U.S. Air Force | Various U.S. Air Force Bases, including: | Machine Operator | 04/1956-06/30/1970 |
| | US Air Force, Wright-Patterson AFB, Dayton, OH | | 1956 (approximately 2 months) |

///

EXHIBIT A

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Air Force (cont'd.) | Various U.S. Air Force Bases, including: | Machine Operator | 04/1956-06/30/1970 |
| | US Air Force, Holloman AFB, Alamogordo, NM | | 1956-1960 (approximately 4 years) |
| | US Air Force, Campion AFS Galena, AK | | 1960 (approximately 3 months) |
| | US Air Force, Elmendorf AFB, Anchorage, AK | | 1960-1965 |
| | US Air Force, Minot AFB, Minot, ND | Supervisor | 1965-1966 (approximately 13-15 months) |
| | US Air Force, Terrajon AFB, Madrid, Spain | | 1966-1967 (approximately 1 year) |
| | Ishmire Air Station, Chili AFB, Turkey | | 1967-1969 (approximately 2 years) |
| | US Air Force, Maxwell/Gunter AFB, Gunter, AL | | 1969-06/30/1970 (approximately 1 year) |
| Stewart's Excavating | Stewart's Excavating, Anchorage, AK | Automobile Mechanic (Assistant) | 1964 (approximately 1 day) |
| Texaco Service Station, Jackson, OH | Texaco Service Station, Jackson, OH | Automobile Mechanic | 08/1970-03/1971 |
| Department of Defense | U.S. Army Fort Richardson, Anchorage, AK | Machine Operator | 03/1972-06/30/1987 |

///

///

///

EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

EXHIBIT A (cont'd.)

NON-OCCUPATIONAL EXPOSURE:

AUTOMOBILE REPAIR:

Decedent performed automotive repair work on his own personal vehicles beginning at age 14, from approximately 1946 until 1986. When performing brake replacement jobs, decedent used a cloth and wire brush to scrape and clean asbestos-containing brake dust and debris from the brake assemblies. Decedent blew out the remaining asbestos-containing dust and debris with his breath. When performing engine overhauls, decedent scraped and chipped existing burned out gaskets off exhaust manifolds and engine head gaskets. Decedent installed and purchased new asbestos-containing BENDIX (HONEYWELL INTERNATIONAL, INC.), RAYBESTOS (RAYMARK INDUSTRIES, INC.) and WAGNER brakes. Decedent installed and purchased new asbestos-containing FEL-PRO (FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING CO.) gaskets.

During the 1950s, decedent purchased asbestos-containing replacement brakes, including BENDIX (HONEYWELL INTERNATIONAL, INC.) and WAGNER brakes in Seattle, Washington. Decedent purchased MOTORCRAFT (FORD MOTOR COMPANY) asbestos-containing replacement parts for his automobiles from the 1950s through 1986. Decedent purchased asbestos-containing replacement brakes and engine gaskets from various NAPA AUTO PARTS STORES (GENUINE PARTS COMPANY ) in Anchorage Alaska (1960 - 1965 and 1971 - 1986); Minot, North Dakota (1965 - 1966); Montgomery, Alabama (1969 -1970) and Jackson, Ohio (1970 - 1971). Decedent purchased asbestos-containing replacement brakes and engine gaskets from VOLKSWAGEN (VOLKSWAGEN GROUP OF AMERICA, INC. (FKA VOLKSWAGEN OF AMERICA, INC.)) dealerships in Anchorage, Alaska from 1971 - 1986.

Decedent performed work on the following vehicles:

1953 STUDEBAKER COMMANDER (MCGRAW-EDISON COMPANY) purchased used with very low mileage: Decedent performed a brake replacement on this vehicle in 1955 and removed the original manufacturer's equipment parts.

1955 KAISER (CHRYSLER LLC) purchased used with very low mileage: Decedent performed a brake replacement on this vehicle in 1959 and removed the original manufacturer's equipment parts.

1957 CHEVROLET (GENERAL MOTORS CORPORATION) purchased new. Decedent performed several brake replacements and performed engine gasket work on this vehicle from 1958 - 1969 and removed the original manufacturer's equipment parts.

1969 GENERAL MOTORS CORPORATION Pickup Truck purchased used with very low mileage: Decedent performed several brake replacements and performed engine gasket work on this vehicle on this vehicle from 1971 - 1982 and removed the original manufacturer's equipment parts.

1967 Ford Mustang purchased used. Decedent completely rebuilt this car, including brakes and engine work in 1973 - 1974.

///

EXHIBIT A

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

1

<u>EXHIBIT A (cont'd.)</u>

2

3   1970 Ford Gran Torino purchased used. Decedent performed several brake replacements and
    performed engine gasket work on this vehicle on this vehicle in the mid to late 1970s

4

5   1971 Chevrolet Malibu, purchased used. Decedent performed several brake replacements and
    performed engine gasket work on this vehicle on this vehicle in the mid to late 1970s

6   From approximately 1960 - 1986, decedent performed brake replacements and performed
    engine gasket work on from between 5 and 7 Cadillacs, several Chevrolet El Camino's, Lincoln

7   Continentals and Town Cars and approximately 8 - 10 VOLKSWAGENS (VOLKSWAGEN
    GROUP OF AMERICA, INC. (FKA VOLKSWAGEN OF AMERICA, INC.)).

8

9       Throughout his time in the Air Force, between 1956-1970, decedent performed brake
    replacement jobs and engine repair work on automobiles brought into the military hobby shops.
    Decedent removed and replaced asbestos-containing brakes and clutches and performed engine

10  overhauls and repair work, including scraping and removing asbestos-containing gaskets.
    Decedent recalled removing the original manufacturer's equipment brakes from vehicles at the

11  Auto Hobby Shops in Terrajon Air Base, Madrid, Spain, and Minot Air Force Base, Minot,
    North Dakota. When performing brake replacement jobs, decedent used an air compressor to

12  blow out and remove asbestos-containing dust and debris.

13      Decedent's exposure to asbestos and asbestos-containing products caused severe and

14  permanent injury to the decedent, including, but not limited to breathing difficulties and/or

15  other lung damage.  Decedent was diagnosed with asbestosis and asbestos-related pleural

16  disease on or about June 1987.

17      Decedent retired from his last place of employment at regular retirement age.  He had

18  therefore suffered no disability from his asbestos-related disease as "disability" is defined in

19  California Code of Civil Procedure § 340.2.

20

21

22

23

24

25

26

27

28
                                                                        *EXHIBIT A*

E:\Injuror\1947\PLD\cmp-wdav2l4st.wpd                    16
<u>COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS</u>

**EXHIBIT B**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

**DEFENDANTS**

ASBESTOS CORPORATION LIMITED
CROWN CORK & SEAL COMPANY, INC.
C.C. MOORE & CO. ENGINEERS
INGERSOLL-RAND COMPANY
METROPOLITAN LIFE INSURANCE
  COMPANY
CBS CORPORATION (FKA VIACOM INC., FKA
  WESTINGHOUSE ELECTRIC CORPORATION)
ZURN INDUSTRIES, LLC

WESTERN MacARTHUR COMPANY
MacARTHUR COMPANY
WESTERN ASBESTOS COMPANY
HONEYWELL INTERNATIONAL, INC.
FEDERAL-MOGUL ASBESTOS PERSONAL
  INJURY TRUST AS SUCCESSOR TO FELT-
  PRODUCTS MANUFACTURING CO.
GENUINE PARTS COMPANY
DOES 1-800

**ALTERNATE ENTITY**

ASBESTOS CORPORATION LIMITED

GENERAL DYNAMICS CORPORATION

INGERSOLL-RAND COMPANY

INGERSOLL-DRESSER PUMP
DRESSER-RAND CO.
PACIFIC PUMP WORKS
FLOWSERVE CORPORATION
INGERSOLL ROCK DRILL COMPANY
TERRY STEAM TURBINE CO.
WHITON MACHINE COMPANY
RAND DRILL COMPANY
RAND & WARING DRILL AND COMPRESSOR COMPANY
INGERSOLL-SERGEANT
SCHLAGE LOCK COMPANY
VON DUPRIN
THE TORRINGTON COMPANY
BLAW-KNOX COMPANY
ALDRICH PUMPS
HUSSMANN CORPORATION

CBS CORPORATION (F/K/A VIACOM
  INC., F/K/A WESTINGHOUSE
  ELECTRIC CORPORATION)

VIACOM, INC.
CBS CORPORATION
WESTINGHOUSE ELECTRIC CORPORATION
WESTINGHOUSE ELECTRIC AND
  MANUFACTURING COMPANY
B.F. STURTEVANT
KPIX TELEVISION STATION
PARAMOUNT COMMUNICATIONS, INC
GULF & WESTERN INDUSTRIES, INC.
NORTH & JUDD MANUFACTURING COMPANY

///
///
///
///

**EXHIBIT B**

K:\Injury\p81943\PLDxmp-wdsrvr2Mcg .wpd

**18**

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

1

**EXHIBIT B (cont'd.)**

2

**ALTERNATE ENTITY**

3  CROWN CORK & SEAL COMPANY,          MUNDET CORK COMPANY
      INC.

4

5  ZURN INDUSTRIES, LLC               ZURN INDUSTRIES, INC.
                                      ZURN INDUSTRIES, INC., ENERGY DIVISION
                                      ERIE CITY ENERGY DIVISION

6                                     ERIE CITY IRON WORKS
                                      ERIE CITY BOILERS

7                                     WILKINS-ZURN INDUSTRIES

8  HONEYWELL INTERNATIONAL, INC.      HONEYWELL, INC.
                                      HONEYWELL CONTROLS

9                                     ALLIEDSIGNAL, INC.
                                      AIRESEARCH DOMESTIC INTERNATIONAL SALES

10                                    CORPORATION
                                      ALLIED-SIGNAL, INC.

11                                    THE BENDIX CORPORATION
                                      BENDIX PRODUCTS AUTOMOTIVE DIVISION

12                                    BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP.
                                      BENDIX HOME SYSTEMS

13                                    ALLIED CORPORATION
                                      ALLIED CHEMICAL CORPORATION

14                                    GENERAL CHEMICAL CORPORATION
                                      FRAM

15                                    FRICTION MATERIALS OF LOS ANGELES
                                      NORTH AMERICAN REFRACTORIES COMPANY

16                                    EM SECTOR HOLDINGS INC.
                                      UNIVERSAL OIL PRODUCTS COMPANY

17                                    BOYLSTON CORPORATION
                                      EHRHART & ASSOCIATES, INC.

18                                    EHRHART & ARTHUR, INC.
                                      GARRETT AIR RESEARCH CORP.

19                                    STANLEY G. FLAGG & CO.
                                      MERGENTHALER LINOTYPE COMPANY

20                                    ELTRA CORPORATION
                                      BUNKER RAMO-ELTRA CORPORATION

21                                    UNION TEXAS NATURAL GAS CORPORATION
                                      UNION OIL AND GAS OF LOUISIANA

22                                    UNION SULPHUR AND OIL CORPORATION
                                      UNION SULPHUR COMPANY, INC., THE

23                                    MINNEAPOLIS-HONEYWELL REGULATOR COMPANY
                                      SIGNAL COMPANIES, INC., THE

24                                    HANCOCK OIL COMPANY
                                      BARRETT DIVISION, ALLIED CHEMICAL & DYE

25                                    CORPORATION
                                      SIGNAL COMPANIES, INC., THE

26                                    SIGNAL OIL & GAS CO.
                                      BANKLINE OIL COMPANY

27  ///

28  ///                                                          **EXHIBIT B**

| | |
|---|---|
| 1 | **EXHIBIT B (cont'd.)** |
| 2 | **ALTERNATE ENTITY** |
| 3 | WESTERN MacARTHUR |
| | COMPANY |

**EXHIBIT B (cont'd.)**

**ALTERNATE ENTITY**

WESTERN MacARTHUR
   COMPANY

WESTERN ASBESTOS CO.
MAC ARTHUR COMPANY
BAY CITIES ASBESTOS COMPANY
F.K. PINNEY, INC.

GENUINE PARTS COMPANY (GPC)

NAPA AUTO PARTS
GENUINE PARTS COMPANY OF MICHIGAN, INC.
RAYLOC BRAKES
AUTHORIZED MOTOR PARTS CORP.
GENUINE PARTS COMPANY OF WISCONSIN, INC.
AUTOMOTIVE PARTS COMPANY
COLYEAR MOTOR SALES COMPANY
GENERAL AUTOMOTIVE PARTS CORPORATION
STANDARD UNIT PARTS CORPORATION
DIGERUD AUTO PARTS
FANCHER AUTO-TRUCK PARTS CO.
VALLEY AUTO
REDWOOD AUTO SUPPLY

FEDERAL-MOGUL ASBESTOS
   PERSONAL INJURY TRUST AS
   SUCCESSOR TO FELT-PRODUCTS
   MANUFACTURING CO.

FEL-PRO INCORPORATED

EXHIBIT B

K:\Injuries\1947\PLD\comp-wdsrv2Mac.wpd

20

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT B-1

1

<u>EXHIBIT B-1</u>

2  <u>DEFENDANTS</u>

3  HOPEMAN BROTHERS, INC.
   J.T. THORPE & SON, INC.

4                                    <u>ALTERNATE ENTITY</u>

5  J.T. THORPE & SON, INC.           THE THORPE COMPANY
                                     THORPE PRODUCTS CO.
6                                    J.T. THORPE NORTHWEST

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                         EXHIBIT B-1

K:\figures\1947\PLD\cmp-wdsrv2Men.wpd
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT C

1

**EXHIBIT C**

2 **DEFENDANTS**

3 HOPEMAN BROTHERS, INC.                    MacARTHUR COMPANY
  J.T. THORPE & SON, INC.                   WESTERN ASBESTOS COMPANY
4 C.C. MOORE & CO. ENGINEERS                DOES 1001-2000
  WESTERN MacARTHUR COMPANY

5

6 CONTRACTOR.
  **DEFENDANTS**                **LOCATION**              **TIME PERIOD**
7
  HOPEMAN BROTHERS, INC.        Various                   Various
8
  J.T. THORPE & SON, INC.       Various                   Various
9
  C.C. MOORE & CO. ENGINEERS    Various                   Various
10
  WESTERN MacARTHUR            Various                    Various
11 COMPANY/MacARTHUR
  COMPANY/WESTERN ASBESTOS
12 COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                        EXHIBIT C

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT H

1

**EXHIBIT H**

2

<u>DEFENDANTS</u>

3

METROPOLITAN LIFE INSURANCE COMPANY
HONEYWELL INTERNATIONAL, INC.  (successor-in-interest to ALLIEDSIGNAL, INC.)

4

DOES 5000-8000

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT H**

K:\Injured\1942\PLD\cmp-wdcrv2\cz.wpd

26

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

# EXHIBIT I

1

<u>EXHIBIT I</u>

2

<u>DEFENDANTS</u>

3

METROPOLITAN LIFE INSURANCE COMPANY
DOES 5000-7500

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT I</u>

K:\Injured\1942\PLD\cmp-ucdsv2Met.wpd

28

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS

**EXHIBIT J**

1

**EXHIBIT J**

2  <u>**DEFENDANTS**</u>

3  METROPOLITAN LIFE INSURANCE COMPANY
   DOES 7400-7500

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT J**

# EXHIBIT N

1
**EXHIBIT N**

2
DEFENDANTS

3
METROPOLITAN LIFE INSURANCE COMPANY
DOES 7501-7900

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
**EXHIBIT N**

K:\Insurm\1947\PLD\comp-md.srv2M-et..wpd
32
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS