(CWx), DISCOVERY, RELATED-P

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:11-cv-10316-JAK-CW

Ronald Seguine et al v. Ajax Boiler Inc et al                  Date Filed: 12/14/2011
Assigned to: Judge John A Kronstadt                            Jury Demand: Plaintiff
Referred to: Magistrate Judge Carla Woehrle                    Nature of Suit: 368 P.I. : Asbestos
Case in other court: Superior Court of California Los           Jurisdiction: Federal Question
                     Angeles County, BC472894
Cause: 28:1441 Notice of Removal - Asbestos Litigation

**Plaintiff**

**Ronald Seguine**                         represented by   **Conor R Nideffer**
                                                            Eddins Law Firm PC
                                                            273 West 7th Street
                                                            San Pedro, CA 90731
                                                            310-427-3613
                                                            Fax: 310-427-3612
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ethan A Horn**
                                                            Eddins Law Firm PC
                                                            273 West 7th Street
                                                            San Pedro, CA 90731
                                                            310-427-3613
                                                            Fax: 310-427-3612
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ronald Cary Eddins**
                                                            Eddins Law Firm PC
                                                            273 West 7th Street
                                                            San Pedro, CA 90731
                                                            310-427-3613
                                                            Fax: 310-427-3612
                                                            Email: ron.eddins@eddinsfirm.com
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bonnie Seguine**                         represented by   **Conor R Nideffer**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ethan A Horn**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Ronald Cary Eddins**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ajax Boiler Inc**

**Defendant**

**Air and Liquid Systems Corporation**
*(sued as successor-by-merger to Buffalo
Pumps Inc)*

**Defendant**

**Armstrong International Inc**

**Defendant**

**Autozone West Inc**
*(sued individually and as successor-in-
interest to Chief Auto Parts)*

**Defendant**

**Borg-Warner Morse Tec Inc**
*(sued individually and as successor-in-
interest to Borg-Warner Corporation)*

**Defendant**

**Burnham LLC**
*fka Burnham Corporation (dba Bryan
Boilers)*

**Defendant**

**CBS Corporation**
*(a Delaware Corporation) fka Viacom
Inc (sued as successor-by-merger to
CBS Corporation (a Pennsylvania
Corporation) fka Westinghouse Electric
Corporation*

**Defendant**

**CLA-VAL Co**

**Defendant**

**Cleaver-Brooks Inc**
*fka Aqua-Chem Inc dba Cleaver-Brooks
Division*

**Defendant**

**Crane Co**

**Defendant**

**Crane Environmental Inc**
*(sued individually and as successor-in-interest to Cochrane Corporation)*

**Defendant**

**Crown Cork and Seal Company Inc**
*(sued individually and as successor-in-interest to Mundet Cork Company)*

**Defendant**

**CSK Auto Inc**
*(sued individually and as successor-in-interest to Kragen Auto Supply Co)*

**Defendant**

**Dap Products Inc**

**Defendant**

**Dowman Products Inc**

**Defendant**

**Eaton Corporation**
*(sued as successor to Cutler-Hammer Inc)*

**Defendant**

**FMC Corporation**
*(sued individually and as successor-in-interest to Northern Pump Company fka Northern Fire Apparatus Company)*

**Defendant**

**Ford Motor Company**

**Defendant**

**Foster Wheeler Energy Corporation**          represented by **Edward R Hugo**
                                                                Brydon Hugo and Parker
                                                                135 Main Street 20th Floor
                                                                San Francisco, CA 94105
                                                                415-808-0300
                                                                Fax: 415-808-0333
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Shaghig D Agopian**

Brydon Hugo & Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: sagopian@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Thomas Jeffrey Moses**
Brydon Hugo and Parker
135 Main Street 20th Floor
San Francisco, CA 94105
415-808-0300
Fax: 415-808-0333
Email: tmoses@bhplaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**

**Defendant**

**Henry Company**

**Defendant**

**Honeywell International Inc**
*(individually and as successor-in-interest to Bendix Corporation)*

**Defendant**

**IMO Industries Inc**
*(sued individually and as successor in interest to DelavalTurbine Inc)*

**Defendant**

**Industrial Combustion Inc**

**Defendant**

**Ingersoll Rand Company**

**Defendant**

**ITT Corporation**
*fka ITT Industries Inc (individually and as successor in interest to Bell and Gossett)*

**Defendant**

**John Crane Inc**

**Defendant**

**Johnson Controls Inc**
*(individually and as successor-in-interest to York International)*

**Defendant**

**Kaiser Gypsum Company Inc**

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Oakfabco Inc**
*(individually and as successor in interest to Kewanee Boiler Corporation)*

**Defendant**

**Peerless Industries Inc**

**Defendant**

**Pneumo Abex Corporation**
*(sued individually and as successor-in-interest to Abex Corporation)*

**Defendant**

**Raypak Inc**

**Defendant**

**Rheem Manufacturing Company**

**Defendant**

**Struthers Wells Corporation**
*(as successor-in-interest to Titusville Forge Company)*

**Defendant**

**Superior Boiler Works**

**Defendant**

**Titusville Iron Works Company**

**Defendant**

**Trane US Inc**
*fka American Standard Companies*

**Defendant**

**Warren Pumps LLC**

**Defendant**

**Weil-McLain**
*a division of the Marlye-Wylain*
*Company*

**Defendant**

**Zurn Industries LLC**
*(individually and as successor-in-*
*interest to Zurn Industries Inc and*
*successor to Erie City Iron Works)*

**Defendant**

**Does**
*1-450 inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2011 | 1 | NOTICE OF REMOVAL from the Superior Court of California, Los Angeles County, case number BC472894 with CONFORMED copies of summons and complaint. Case assigned to Judge John A Kronstadt, discovery to Magistrate Judge Carla Woehrle; (Filing fee $ 350 PAID ), filed by defendant Foster Wheeler Energy Corporation.(esa) (Additional attachment(s) added on 12/16/2011: # 1 Ntc of Asgmt, # 2 Civil Cover Sheet) (mg). (Additional attachment(s) added on 12/16/2011: # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D - F, # 7 Exhibit G AND H, # 8 Declaration I AND J, # 9 Exhibit K AND L, # 10 Exhibit M) (mg). (Additional attachment(s) added on 12/16/2011: # 11 Exhibit M - 1 of 27, # 12 M 2 of 27, # 13 M 3 of 27, # 14 M 4 of 27, # 15 M 5 of 27, # 16 M 6 of 27, # 17 M 7 of 27, # 18 M 8 of 27, # 19 M 9 of 27, # 20 M 10 of 27) (mg). (Additional attachment(s) added on 12/16/2011: # 21 Exhibit M 11 of 27, # 22 M 12 of 27, # 23 M 13 of 27, # 24 M 14 of 27, # 25 M 15 of 27, # 26 M 16 of 27, # 27 M 17 of 27, # 28 M 18 of 27, # 29 M 19 of 27, # 30 M 20 of 27) (mg). (Additional attachment(s) added on 12/16/2011: # 31 Exhibit M 21 of 27, # 32 M 22 of 27, # 33 M 23 of 27, # 34 M 24 of 27, # 35 M 25 of 27, # 36 M 26 of 27, # 37 M 27 of 27) (mg). (Entered: 12/15/2011) |
| 12/14/2011 | 2 | DISCLOSURE STATEMENT AND CERTIFICATION AS TO INTERESTED PARTIES filed by defendant Foster Wheeler Energy Corporation identifying Other Affiliate Foster Wheeler LLC for Foster Wheeler Energy Corporation. (esa) (mg). (Entered: 12/15/2011) |
| 12/14/2011 | 3 | NOTICE OF RELATED CASES filed by defendant Foster Wheeler Energy Corporation. Related Cases: 2:11-cv-9418 SVW; 2:11-cv-6192 (AGRx); 2:10-cv-9658 DSF (SHx); 2:10-cv-2313 MMM (SSx); 210-cv-2074 (RGL (AJWx); [SEE DOCUMENT FOR MORE CASES] (esa) (mg). (Entered: 12/15/2011) |
| 12/14/2011 | 4 | NOTICE OF TAG-ALONG ACTION filed by defendant Foster Wheeler Energy Corporation. (esa) (Additional attachment(s) added on 12/16/2011: # 1 Part 2) (mg). (Entered: 12/15/2011) |
| 12/14/2011 | 5 | CERTIFICATE OF SERVICE filed by defendant Foster Wheeler Energy |

| | Corporation, re Notice of Removal, 1 , Corporate Disclosure Statement 2 , Notice of Related Case(s) 3 , Notice of Tag-Along Action 4 served on 12/13/11. (esa) (mg). Modified on 12/16/2011 (esa). (Entered: 12/15/2011) |
|---|---|

### PACER Service Center

#### Transaction Receipt

| 12/16/2011 14:48:15 | | | |
|---|---|---|---|
| **PACER Login:** | bh1524 | **Client Code:** | 4801-2624 |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-cv-10316-JAK-CW End date: 12/16/2011 |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

AJAX BOILER, INC.(See Attached Defendants List)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

RONALD SEGUINE and BONNIE SEGUINE

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 03 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
A.E. LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es:) Superior Court of California | (Número del Caso:) |
| County of Los Angeles | B C 4 7 2 8 9 4 |
| 111 North Hill Street, Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
Ron C. Eddins, EDDINS LAW FIRM, P.C., 273 W. 7th Street, San Pedro, CA 90731, 310-427-3613

DATE:                    JOHN A. CLARKE, CLERK          Clerk, by _____ AMBER LaFLEUR-CLAYTON _____ , Deputy
(Fecha)                                                (Secretario)                                           (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOV 03 2011

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  Foster Wheeler Energy Corp

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SEGUINE v. AJAX BOILER, INC. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

AJAX BOILER, INC.;
AIR & LIQUID SYSTEMS CORPORATION (sued as successor-by-merger to BUFFALO PUMPS, INC.);
ARMSTRONG INTERNATIONAL, INC.;
AUTOZONE WEST, INC. (sued individually and as successor-in-interest to CHIEF AUTO PARTS);
BORG-WARNER MORSE TEC INC. (sued individually and as successor-in-interest to BORG-WARNER CORPORATION);
BURNHAM LLC f/k/a BURNHAM CORPORATION (d/b/a BRYAN BOILERS);
CBS CORPORATION (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC CORPORATION);
CLA-VAL CO.;
CLEAVER-BROOKS, INC. f/k/a AQUA-CHEM, INC., d/b/a CLEAVER-BROOKS DIVISION;
CRANE CO.;
CRANE ENVIRONMENTAL, INC. (sued individually and as successor-in-interest to COCHRANE CORPORATION);
CROWN CORK & SEAL COMPANY, INC. (sued individually and as successor-in-interest to MUNDET CORK COMPANY);
CSK AUTO, INC. (sued individually and as successor-in-interest to KRAGEN AUTO SUPPLY CO.);
DAP PRODUCTS, INC.;
DOWMAN PRODUCTS, INC.;
EATON CORPORATION (sued as successor to CUTLER HAMMER, INC.);
FMC CORPORATION (sued individually and as successor-in-interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY);
FORD MOTOR COMPANY;
FOSTER WHEELER ENERGY CORPORATION;
GENERAL ELECTRIC COMPANY;
HENRY COMPANY;
HONEYWELL INTERNATIONAL, INC. (individually and as successor-in-interest to BENDIX CORPORATION);
IMO INDUSTRIES, INC. (sued individually and as successor in interest to DELAVAL TURBINE, INC);
INDUSTRIAL COMBUSTION, INC.;
INGERSOLL RAND COMPANY;
ITT CORPORATION, f/k/a ITT INDUSTRIES, INC., (individually and as successor in interest to BELL & GOSSETT);
JOHN CRANE, INC.;
JOHNSON CONTROLS, INC. (individually and successor-in-interest to YORK INTERNATIONAL);
KAISER GYPSUM COMPANY, INC;

Page   1   of   2

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE:. | CASE NUMBER: |
|---|---|
| SEGUINE v. AJAX BOILER, INC. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

METROPOLITAN LIFE INSURANCE COMPANY;
OAKFABCO, INC. (individually and as successor in interest to KEWANEE BOILER CORPORATION);
PEERLESS INDUSTRIES INC.;
PNEUMO ABEX CORPORATION (sued individually and as successor-in-interest to ABEX CORPORATION);
RAYPAK, INC.;
RHEEM MANUFACTURING COMPANY;
STRUTHERS WELLS CORPORATION (as a successor-in-interest to Titusville Forge Company);
SUPERIOR BOILER WORKS; TITUSVILLE IRON WORKS COMPANY;
TRANE US, INC f/k/a AMERICAN STANDARD COMPANIES;
WARREN PUMPS, LLC.;
WEIL-MCLAIN, a division of the MARLYE-WYLAIN COMPANY;
ZURN INDUSTRIES, LLC (individually and as successor- in-interest to ZURN INDUSTRIES, INC. and successor to ERIE CITY IRON WORKS);
and DOES 1-450 INCLUSIVE.

Page  2  of  2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 03 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
A.E. LaFLEUR-CLAYTON

1 | Ron C. Eddins, CA Bar No. 243581
Ethan A. Horn, CA Bar No. 190296
2 | Conor R. Nideffer, CA Bar No. 253931
**EDDINS LAW FIRM, P.C.**
3 | 273 W. 7th Street
San Pedro, CA 90731
4 | Telephone: 310-427-3613
Facsimile: 310-427-3612
5 |
Attorneys for Plaintiffs
6 |

7 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 | **FOR THE COUNTY OF LOS ANGELES**

9 | B C 4 7 2 8 9 4

10 | **RONALD SEGUINE and BONNIE SEGUINE** ) Case No.
11 | ) 
Plaintiffs, ) THIS ACTION CONSTITUTES COMPLEX
12 | vs. ) ASBESTOS LITIGATION – SUBJECT TO
) THE GENERAL ORDERS CONTAINED IN
) FILE NO. C 700000 – DEPT. 59
13 | **AJAX BOILER, INC.;** )
**AIR & LIQUID SYSTEMS** ) **COMPLAINT FOR PERSONAL INJURY –**
14 | **CORPORATION** (sued as successor-by- ) **ASBESTOS (NEGLIGENCE; STRICT**
merger to BUFFALO PUMPS, INC.); ) **LIABILITY; CONSPIRACY; LOSS OF**
15 | **ARMSTRONG INTERNATIONAL, INC.;** ) **CONSORTIUM)**
**AUTOZONE WEST, INC.** (sued )
16 | individually and as successor-in-interest to )
CHIEF AUTO PARTS); )
17 | **BORG-WARNER MORSE TEC INC.** )
(sued individually and as successor-in-interest )
18 | to BORG-WARNER CORPORATION); )
**BURNHAM LLC** f/k/a BURNHAM )
19 | CORPORATION (d/b/a BRYAN BOILERS); )
**CBS CORPORATION** (a Delaware )
20 | Corporation) f/k/a VIACOM, INC. (sued as )
successor-by-merger to CBS )
21 | CORPORATION (a Pennsylvania )
Corporation) f/k/a WESTINGHOUSE )
22 | ELECTRIC CORPORATION); )
**CLA-VAL CO.;** )
23 | **CLEAVER-BROOKS, INC.** f/k/a AQUA- )
CHEM, INC., d/b/a CLEAVER-BROOKS )
24 | DIVISION; )
**CRANE CO.;** )
25 | **CRANE ENVIRONMENTAL, INC.** (sued )
individually and as successor-in-interest to )
26 | COCHRANE CORPORATION); )
**CROWN CORK & SEAL COMPANY,** )
27 | **INC.** (sued individually and as successor-in- )
interest to MUNDET CORK COMPANY); )
28 | **CSK AUTO, INC.** (sued individually and as )

1

1  successor-in-interest to KRAGEN AUTO )
   SUPPLY CO.); )
2  **DAP PRODUCTS, INC.;** )
   **DOWMAN PRODUCTS, INC.;** )
3  **EATON CORPORATION** (sued as )
   successor to CUTLER HAMMER, INC.); )
4  **FMC CORPORATION** (sued individually )
   and as successor-in-interest to NORTHERN )
5  PUMP COMPANY f/k/a NORTHERN FIRE )
   APPARATUS COMPANY); )
6  **FORD MOTOR COMPANY;** )
   **FOSTER WHEELER ENERGY** )
7  **CORPORATION;** )
   **GENERAL ELECTRIC COMPANY;** )
8  **HENRY COMPANY;** )
   **HONEYWELL INTERNATIONAL, INC.** )
9  (individually and as successor-in-interest to )
   BENDIX CORPORATION); )
10 **IMO INDUSTRIES, INC.** (sued individually )
   and as successor in interest to DELAVAL )
11 TURBINE, INC); )
   **INDUSTRIAL COMBUSTION, INC.;** )
12 **INGERSOLL RAND COMPANY;** )
   **ITT CORPORATION,** f/k/a ITT )
13 INDUSTRIES, INC., (individually and as )
   successor in interest to BELL & GOSSETT); )
14 **JOHN CRANE, INC.;** )
   **JOHNSON CONTROLS, INC.** (individually )
15 and successor-in-interest to YORK )
   INTERNATIONAL); )
16 **KAISER GYPSUM COMPANY, INC;** )
   **METROPOLITAN LIFE INSURANCE** )
17 **COMPANY;** )
   **OAKFABCO, INC.** (individually and as )
18 successor in interest to KEWANEE BOILER )
   CORPORATION); )
19 **PEERLESS INDUSTRIES INC.;** )
   **PNEUMO ABEX CORPORATION** (sued )
20 individually and as successor-in-interest to )
   ABEX CORPORATION); )
21 **RAYPAK, INC.;** )
   **RHEEM MANUFACTURING** )
22 **COMPANY;** )
   **STRUTHERS WELLS CORPORATION** )
23 (as a successor-in-interest to Titusville Forge )
   Company); )
24 **SUPERIOR BOILER WORKS;** )
   **TITUSVILLE IRON WORKS** )
25 **COMPANY;** )
   **TRANE US, INC** f/k/a AMERICAN )
26 STANDARD COMPANIES; )
   **WARREN PUMPS, LLC.;** )
27 **WEIL-MCLAIN,** a division of the )
   MARLYE-WYLAIN COMPANY; )
28 **ZURN INDUSTRIES, LLC** (individually )

2

1  and as successor- in-interest to ZURN
   INDUSTRIES, INC. and successor to ERIE
2  CITY IRON WORKS); and **DOES 1-450**
   **INCLUSIVE**.
3
                              Defendants.
4

5                      **GENERAL ALLEGATIONS**

6          COME NOW Plaintiffs **RONALD SEGUINE** and **BONNIE SEGUINE** (hereinafter

7  "Plaintiffs") and complain and allege as follows:

8          1.  The true names and capacities, whether individual, corporate, associate, governmental or

9  otherwise, of Defendants DOES 1 through 450, inclusive, are unknown to Plaintiffs at this time, who

10 therefore sues said Defendants by such fictitious names.  When the true names and capacities of said

11 Defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are

12 informed and believe, and thereon allege, that each Defendant designated herein as a DOE is

13 responsible, negligently or in some other actionable manner, for the events and happenings hereinafter

14 referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter

15 alleged.

16         2.  At all times herein mentioned, each of the Defendants was the agent, servant, employee

17 and/or joint venture of his co-Defendants, and each of them, and at all said times each Defendant was

18 acting in the full course and scope of said agency, service, employment and/or joint venture.  Plaintiffs

19 are informed and believe, and thereon allege that at all times herein mentioned, Defendants  **AJAX**

20 **BOILER, INC., AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to

21 BUFFALO PUMPS, INC.), **ARMSTRONG INTERNATIONAL, INC., AUTOZONE WEST, INC.**

22 (sued individually and as successor-in-interest to CHIEF AUTO PARTS), **BORG-WARNER MORSE**

23 **TEC INC.** (sued individually and as successor-in-interest to BORG-WARNER CORPORATION);

24 **BURNHAM LLC f/k/a BURNHAM CORPORATION** (d/b/a BRYAN BOILERS), **CBS**

25 **CORPORATION** (a Delaware Corporation) f/k/a VIACOM, INC. (sued as successor-by-merger to

26 CBS CORPORATION (a Pennsylvania Corporation) f/k/a WESTINGHOUSE ELECTRIC

27 CORPORATION); **CLA-VAL CO., CLEAVER-BROOKS, INC.** f/k/a AQUA-CHEM, INC., d/b/a

28 CLEAVER-BROOKS DIVISION; **CRANE CO., CRANE ENVIRONMENTAL, INC.** (sued

                                        3

1  individually and as successor-in-interest to COCHRANE CORPORATION), **CROWN CORK &**

2  **SEAL COMPANY, INC.** (sued individually and as successor-in-interest to MUNDET CORK

3  COMPANY), **CSK AUTO, INC.** (sued individually and as successor-in-interest to KRAGEN AUTO

4  SUPPLY CO.), **DAP PRODUCTS, INC., DOWMAN PRODUCTS, INC., EATON**

5  **CORPORATION** (sued as successor to CUTLER HAMMER, INC.), **FMC CORPORATION** (sued

6  individually and as successor-in-interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE

7  APPARATUS COMPANY), **FORD MOTOR COMPANY, FOSTER WHEELER ENERGY**

8  **CORPORATION, GENERAL ELECTRIC COMPANY, HENRY COMPANY, HONEYWELL**

9  **INTERNATIONAL, INC.** (individually and as successor-in-interest to BENDIX CORPORATION),

10  **IMO INDUSTRIES, INC.** (sued individually and as successor in interest to DELAVAL TURBINE,

11  INC), **INDUSTRIAL COMBUSTION, INC., INGERSOLL RAND COMPANY, ITT**

12  **CORPORATION, f/k/a ITT INDUSTRIES, INC.,** (individually and as successor in interest to BELL

13  & GOSSETT), **JOHN CRANE, INC., JOHNSON CONTROLS, INC.** (individually and successor-

14  in-interest to YORK INTERNATIONAL), **KAISER GYPSUM COMPANY, INC,**

15  **METROPOLITAN LIFE INSURANCE COMPANY, OAKFABCO, INC.** (individually and as

16  successor in interest to KEWANEE BOILER CORPORATION), **PEERLESS INDUSTRIES INC.,**

17  **RAYPAK, INC., PNEUMO ABEX CORPORATION** (sued individually and as successor-in-interest

18  to ABEX CORPORATION); **RHEEM MANUFACTURING COMPANY, STRUTHERS WELLS**

19  **CORPORATION** (as a successor-in-interest to Titusville Forge Company); **SUPERIOR BOILER**

20  **WORKS, TITUSVILLE IRON WORKS COMPANY, TRANE US, INC** f/k/a AMERICAN

21  STANDARD COMPANIES, **WARREN PUMPS, LLC., WEIL-MCLAIN,** a division of the

22  MARLYE-WYLAIN COMPANY, and **ZURN INDUSTRIES, LLC** (individually and as successor-

23  in-interest to ZURN INDUSTRIES, INC. and successor to ERIE CITY IRON WORKS), and **DOES**

24  **1-450** inclusive, were individuals, corporations, partnerships and/or unincorporated associations

25  organized and existing under and by virtue of the laws of the State of California, or the laws of some

26  other state or foreign jurisdiction, and that said Defendants, and each of them, were and are authorized

27  to do and are doing business in the State of California, or the laws of some other state or foreign

28  jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing

4

1 | business in the State of California, and that said Defendants have regularly conducted business in the
2 | County of Los Angeles, State of California.

3 |        3.        Plaintiffs allege herein that Plaintiff RONALD SEGUINE developed malignant
4 | mesothelioma as a result of exposure to asbestos from Defendants' asbestos, asbestos-containing
5 | products and/or products designed to be used in association with asbestos products ("Defendants'
6 | Products"), including: **AJAX BOILER, INC.** (for Ajax boilers and as supplier of boilers and
7 | associated parts), **AIR & LIQUID SYSTEMS CORPORATION** (sued as successor-by-merger to
8 | BUFFALO PUMPS, INC.) (for Buffalo pumps), **ARMSTRONG INTERNATIONAL, INC.** (for
9 | Armstrong steam traps), **AUTOZONE WEST, INC.** (sued individually and as successor-in-interest to
10 | CHIEF AUTO PARTS) (as supplier of asbestos-containing parts), **BORG-WARNER MORSE TEC**
11 | **INC.** (sued individually and as successor-in-interest to BORG-WARNER CORPORATION) (for Borg
12 | Warner friction products); **BURNHAM LLC f/k/a BURNHAM CORPORATION** (d/b/a BRYAN
13 | BOILERS) (for Burnham boilers), **CBS CORPORATION** (a Delaware Corporation) f/k/a VIACOM,
14 | INC. (sued as successor-by-merger to CBS CORPORATION (a Pennsylvania Corporation) f/k/a
15 | WESTINGHOUSE ELECTRIC CORPORATION) (for Westinghouse Pumps and blowers); **CLA-**
16 | **VAL CO.** (for Cla-val valves), **CLEAVER-BROOKS, INC.** f/k/a AQUA-CHEM, INC., d/b/a
17 | CLEAVER-BROOKS DIVISION (for Cleaver-Brooks boilers), **CRANE CO.** (for Crane valves, feed
18 | tanks, pumps and Cochrane pumps and feed tanks), **CRANE ENVIRONMENTAL, INC.** (sued
19 | individually and as successor-in-interest to COCHRANE CORPORATION) (for Cochrane pumps and
20 | feed tanks), **CROWN CORK & SEAL COMPANY, INC.** (sued individually and as successor-in-
21 | interest to MUNDET CORK COMPANY) (for Mundet block, insulation, cement and pipe covering),
22 | **CSK AUTO, INC.** (sued individually and as successor-in-interest to KRAGEN AUTO SUPPLY CO.)
23 | (as Supplier of asbestos-containing friction products), **DAP PRODUCTS, INC.** (for DAP caulk),
24 | **DOWMAN PRODUCTS, INC.** (for Dowman joint compound), **EATON CORPORATION** (sued as
25 | successor to CUTLER HAMMER, INC.) (for Cutler Hammer circuit breakers), **FMC**
26 | **CORPORATION** (sued individually and as successor-in-interest to NORTHERN PUMP COMPANY
27 | f/k/a NORTHERN FIRE APPARATUS COMPANY) (for Northern pumps and Peerless pumps),
28 | **FORD MOTOR COMPANY** (for Ford friction products and as a supplier of friction products),

1  **FOSTER WHEELER ENERGY CORPORATION** (for Foster Wheeler boilers), **GENERAL**

2  **ELECTRIC COMPANY** (for General Electric turbines), **HENRY COMPANY** (for Henry cement),

3  **HONEYWELL INTERNATIONAL, INC.** (individually and as successor-in-interest to BENDIX

4  CORPORATION) (for Bendix brakes), **IMO INDUSTRIES, INC.** (sued individually and as successor

5  in interest to DELAVAL TURBINE, INC) (for DeLaval turbines and pumps), **INDUSTRIAL**

6  **COMBUSTION, INC.** (for boilers and associated parts), **INGERSOLL RAND COMPANY** (for

7  Ingersoll Rand pumps and compressors), **ITT CORPORATION, f/k/a ITT INDUSTRIES, INC.,**

8  (individually and as successor in interest to BELL & GOSSETT) (for Bell & Gossett pumps), **JOHN**

9  **CRANE, INC.** (for John Crane gaskets and packing), **JOHNSON CONTROLS, INC.** (individually

10  and successor-in-interest to YORK INTERNATIONAL) (for York compressors), **KAISER GYPSUM**

11  **COMPANY, INC,** (for Kaiser Gypsum joint compound), **METROPOLITAN LIFE INSURANCE**

12  **COMPANY** (as Conspiracy Defendant), **OAKFABCO, INC.** (individually and as successor in interest

13  to KEWANEE BOILER CORPORATION) (for Kewanee boilers), **PEERLESS INDUSTRIES INC.**

14  (for Peerless boilers), **RAYPAK, INC.** (for Raypack boilers), **PNEUMO ABEX CORPORATION**

15  (sued individually and as successor-in-interest to ABEX CORPORATION) (for Abex brakes);

16  **RHEEM MANUFACTURING COMPANY** (for Rheem boilers), **STRUTHERS WELLS**

17  **CORPORATION** (as a successor-in-interest to Titusville Forge Company) (for boilers and associated

18  parts), **SUPERIOR BOILER WORKS** (for Superior boilers), **TITUSVILLE IRON WORKS**

19  **COMPANY** (for boilers and associated parts), **TRANE US, INC** f/k/a AMERICAN STANDARD

20  COMPANIES (for American Standard heaters), **WARREN PUMPS, LLC.** (for Warren pumps),

21  **WEIL-MCLAIN**, a division of the MARLYE-WYLAIN COMPANY (for Weil boilers), and **ZURN**

22  **INDUSTRIES, LLC** (individually and as successor- in-interest to ZURN INDUSTRIES, INC. and

23  successor to ERIE CITY IRON WORKS) (for Erie City boilers).

24       4.      Plaintiffs hereby disclaim any cause of action or claim for recovery that could give

25  rise to federal subject matter jurisdiction or removal under 28 U.S.C. § 1442, subdivision

26  (a)(1). Specifically, Plaintiffs disclaim any cause of action or claim for recovery based on any

27  exposure to asbestos caused by any Defendant acting under the authority of a federal officer or

28  agency.

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

## FIRST CAUSE OF ACTION

2

(Negligence)

3    PLAINTIFFS COMPLAIN OF DEFENDANTS AND DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE

4    ALLEGE AS FOLLOWS:

5        5.    Plaintiffs incorporate herein by reference, as though fully set forth therein, the general

6    allegations set forth above.

7        6.    At all times herein mentioned, each of the named Defendants and DOES 1 through 450

8    was the successor, successor-in-business, successor-in-product line or a portion thereof, parent,

9    subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

10   researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

11   distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

12   contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

13   packaging and advertising asbestos, and/or products designed to cut, saw or otherwise manipulate and

14   products containing asbestos, including but not limited to, those products identified in paragraph 3

15   above.  Said entities shall hereinafter collectively be called "alternate entities."  Each of the herein

16   named Defendants is liable for the tortious conduct of each successor, successor-in-business, successor-

17   in-product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent,

18   subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member

19   of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured for others and

20   advertised asbestos, and asbestos products and/or products designed to cut, saw or otherwise

21   manipulate, products containing asbestos.  The following Defendants, and each of them, are liable for

22   the acts of each and every "alternate entity", and each of them, in that there has been a virtual

23   destruction of Plaintiffs' remedy against each such "alternate entity"; Defendants, and each of them,

24   have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; Defendants,

25   and each of them, have caused the destruction of Plaintiffs' remedy against each such "alternate entity";

26   each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity";

27   and that each such Defendant enjoys the goodwill originally attached to each such "alternate entity".

28

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AIR & LIQUID SYSTEMS CORPORATION | BUFFALO PUMPS, INC. |
| BORG-WARNER MORSE TEC INC. | BORG-WARNER CORPORATION |
| BURNHAM LLC | BURNHAM CORPORATION<br>BRYAN BOILERS |
| CBS CORPORATION | VIACOM INC.<br>WESTINGHOUSE ELECTRIC CORPORATION<br>BF STURTEVANT<br>VIACOM INTERNATIONAL, INC.<br>VIACOM PLUS |
| CLEAVER-BROOKS, INC. | AQUA-CHEM, INC. d/b/a CLEVER-BROOKS DIVISION |
| CRANE ENVIRONMENTAL, INC. | COCHRANE CORPORATION |
| CROWN CORK & SEAL COMPANY, INC. | MUNDET CORK COMPANY |
| CSK AUTO, INC. | KRAGEN AUTO SUPPLY CO. |
| EATON CORPORATION | CUTLER HAMMER, INC. |
| FMC CORPORATION | NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY |
| HONEYWELL INTERNATIONAL, INC. | BENDIX CORPORATION |
| IMO INDUSTRIES, INC. | DELAVAL TURBINE, INC. |
| ITT CORPORATION | ITT INDUSTRIES, INC.<br>BELL & GOSSETT |
| JOHNSON CONTROLS, INC. | YORK INTERNATIONAL |
| OAKFABCO, INC. | KEWANEE BOILER CORPORATION |
| PNEUMO ABEX CORPORATION | ABEX CORPORATION |
| TRANE US, INC | AMERICAN STANDARD COMPANIES |
| STRUTHERS WELLS CORPORATION | TITUSVILLE FORGE COMPANY |
| WEIL-MCLAIN | MARLYE-WYLAIN COMPANY |
| ZURN INDUSTRIES, LLC | ZURN INDUSTRIES, INC.<br>ERIE CITY IRON WORKS |

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

7.   At all times herein mentioned, Defendants, their "alternate entities", and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, renting, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos products and/or products designed to cut, saw or otherwise manipulate products containing asbestos  (hereinafter Defendants' Products).

8.   At all times herein mentioned, Defendants, their "alternate entities", and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, specified, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, rented, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, and advertised Defendants' Products, including but not limited to those products identified in paragraph 3 above, in that the Defendants' Products were unreasonably dangerous because they released respirable asbestos fibers which resulted in personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff RONALD SEGUINE herein (hereinafter collectively called "exposed person").  Said products were used at all times in a manner that was reasonably foreseeable to Defendants, their "alternate entities," and each of them, thereby rendering said products unsafe and dangerous for use by "exposed person".  Plaintiffs herein allege that RONALD SEGUINE was exposed to asbestos that was caused to be released as a result of exposure to Defendants' Products, including but not limited to those products identified in paragraph 3 above (hereinafter referred to as "Defendants' products" or "Defendants' asbestos and asbestos-containing products"), were a substantial contributing factor in the development of his malignant mesothelioma, and therefore proximately caused Plaintiff RONALD SEGUINE's injuries.

9.   Defendants, their "alternate entities," and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and each Defendant breached said duty of reasonable care in that Defendants, and each of them, failed to safely and adequately design, manufacture and/or sell Defendants' products; failed to test said products; failed to investigate the

1  hazards of said products; failed to warn "exposed person", including Plaintiff RONALD SEGUINE, of

2  the health hazards of using Defendants' products; failed to warn of the harmful exposures caused by use

3  of said products to cut, saw or otherwise manipulate asbestos containing products; failed to disclose the

4  known or knowable dangers of using Defendants' products; failed to obtain suitable alternative

5  materials to asbestos when such alternatives were available; and as otherwise stated herein.

6        10.    The Defendants' products were and are hazardous to the health and safety of Plaintiff,

7  and others in Plaintiff's position working with and in close proximity to such products, and since on or

8  before 1930, the hazards and dangerous propensities of the Defendants' products were both known and

9  knowable to the Defendants, their "alternate entities", and each of them, through the use of medical

10  and/or scientific data and other knowledge available to Defendants, their "alternate entities", and each

11  of them at the time of Defendants' manufacture, distribution, sale, research, study, fabrication, design,

12  modification, labeling, assembly, leasing, buying, offering for sale, supply, inspection, service,

13  installation, contracting for installation, repair, marketing, warranting, re-branding, re-manufacturing

14  for others, packaging and advertising, of those products, which clearly indicated the hazards and

15  dangerous propensities of asbestos presented a substantial danger to users, including Plaintiff,

16  RONALD SEGUINE, of Defendants' Products through the intended and reasonably foreseeable use of

17  those products.

18        11.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

19  known, that Defendants' Products were dangerous and were likely to be dangerous when used in their

20  intended and reasonably foreseeable manner.

21        12.    Defendants, their "alternate entities", and each of them, knew, or reasonably should have

22  known, that Defendants' Products would be installed, repaired, maintained, overhauled, removed,

23  sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," and/or used to cut,

24  saw or otherwise manipulate products containing asbestos, or otherwise disturbed in their ordinary,

25  intended and foreseeable use, resulting in the release of airborne hazardous and dangerous asbestos

26  fibers, and that through such activity, "exposed person," including Plaintiff RONALD SEGUINE

27  herein, would be exposed to said hazardous and dangerous asbestos fibers. Defendants, their "alternate

28  entities", and each of them, knew or reasonably should have known that users, such as Plaintiff

1  RONALD SEGUINE and others in his position, working with and in close proximity to Defendants'

2  Products would not realize or know the danger. Defendants, their "alternate entities," and each of them

3  negligently failed to adequately warn or instruct of the dangers of the products. A reasonable designer,

4  manufacturer, distributor, seller, installer, buyer or supplier, under the same or similar circumstances,

5  would have warned of the dangers to avoid exposing others to a foreseeable risk of harm. The

6  negligent failure of Defendants, their "alternate entities," and each of them to warn was a substantial

7  factor in causing harm to Plaintiff RONALD SEGUINE.

8        13.    Plaintiff RONALD SEGUINE used, handled, or was otherwise exposed to asbestos from

9  Defendants' Products referred to herein in a manner that was reasonably foreseeable to Defendants and

10  each of them. Plaintiff's exposure to Defendants' Products occurred at various locations set forth in

11  **Exhibit "A"**, which is attached hereto and incorporated by reference herein.

12        14.    As a direct and proximate result of the conduct of the Defendants, their "alternate

13  entities", and each of them, as aforesaid, Plaintiff RONALD SEGUINE's exposure to asbestos from use

14  of Defendants' Products caused severe and permanent injury to the Plaintiff, the nature of which, along

15  with the date of Plaintiff's diagnosis and the date he learned such injuries were attributable to exposure

16  to Defendants' Products, are set forth in **Exhibit "B"**, which is attached hereto and incorporated by

17  reference herein. Plaintiffs are informed and believe, and thereon allege, that progressive lung disease,

18  cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma

19  and that said disease results from exposure to Defendants' Products over a period of time.

20        15.    Plaintiff RONALD SEGUINE suffers from malignant pleural mesothelioma, caused by

21  exposure to asbestos from Defendants' Products and/or from the use of Defendants' Products to cut,

22  saw or otherwise manipulate products containing asbestos including those products identified in

23  paragraph 3 above. Plaintiff RONALD SEGUINE was not aware at the time of exposure that

24  Defendants' Products presented any risk of injury and/or disease.

25        16.    As a direct and proximate result of the aforesaid conduct of Defendants, their "alternate

26  entities," and each of them, Plaintiff RONALD SEGUINE has suffered and will continue to suffer

27  permanent injuries and future injuries to his person, body and health, including, but not limited to, pain,

28  discomfort, loss of weight, loss of appetite, fatigue, somnolence, lethargy, dyspnea, dysphagia, and

1   other physical symptoms, and the mental and emotional distress attendant thereto, as Plaintiff's

2   malignant mesothelioma progresses, all to his general damage in a sum in excess of the jurisdictional

3   limit of a limited civil case.

4         17.    As a direct and proximate result of the aforesaid conduct of the Defendants, their

5   "alternate entities", and each of them, Plaintiff RONALD SEGUINE has incurred, is presently

6   incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine,

7   hospices, X-rays and other medical treatment, the true and exact amount thereof being presently

8   unknown to Plaintiffs, subject to proof at trial.

9         18.    As a further direct and proximate result of the said conduct of the Defendants, their

10   "alternate entities", and each of them, Plaintiffs have incurred, and will incur, loss of income, wages,

11   profits and commissions, a diminishment of earning potential, and other pecuniary losses, the true and

12   exact amount thereof being presently unknown to Plaintiffs, subject to proof at trial.

13         19.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also

14   engaged in the following wrongful acts:

15         (a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers,

16   including Plaintiff RONALD SEGUINE, medical and scientific information concerning the health

17   hazards associated with inhalation of asbestos, including the substantial risk of injury or death

18   therefrom. Although Defendants, and each of them, knew of the substantial risks associated with

19   exposure to asbestos, they willfully and knowingly concealed such information from the users of their

20   asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of

21   "exposed person", including Plaintiff RONALD SEGUINE.

22         (b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

23   financially supported industry organizations, including but not limited to the Gypsum Association,

24   Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf

25   of Defendants, their "alternate entities", and each of them, actively promoted the suppression of

26   information about the dangers of asbestos to users of the aforementioned products and materials,

27   thereby misleading Plaintiff RONALD SEGUINE as to the safety of their products. Through their

28   participation and association with such industry organizations, Defendants and each of them knowingly

1   and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and

2   propagated misinformation intended to instill in users of Defendants' Products a false security about the

3   safety of their products. The Dust Control Committee, which changed its name to the Air Hygiene

4   Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

5   control. Discussions in this committee were held many times regarding the dangers inherent in asbestos

6   and the dangers, which arise from the lack of control of dust, and such information was suppressed

7   from public dissemination from 1946 to a date unknown to Plaintiff RONALD SEGUINE at this time;

8       (c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

9   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

10  Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and

11  possessed medical and scientific information of the connection between the inhalation of asbestos fibers

12  and asbestosis, which information was disseminated through the Asbestos Textile Institute and other

13  industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

14  Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

15  this information to consumers;

16      (d)    Defendants, their "alternate entities", and each of them, failed to warn Plaintiff

17  RONALD SEGUINE and others of the nature of said materials which were dangerous when breathed

18  and which could cause pathological effects without noticeable trauma, despite the fact that Defendants,

19  their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that

20  said materials were dangerous and a threat to the health of persons coming into contact therewith;

21      (e)    Defendants, their "alternate entities", and each of them, failed to provide Plaintiff

22  RONALD SEGUINE with information concerning adequate protective masks and other equipment

23  devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the

24  Defendants, their "alternate entities", and each of them, despite knowing that such protective measures

25  were necessary, and that they were under a duty to disclose that such materials were dangerous and

26  would result in injury to Plaintiff RONALD SEGUINE and others applying and installing such

27  material;

28

1    (f)    Defendants, their "alternate entities", and each of them, knew and failed to disclose that
2  Plaintiff RONALD SEGUINE and anyone similarly situated, upon inhalation of asbestos would, in
3  time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,
4  mesothelioma and/or cancer;

5    (g)    Defendants, their "alternate entities", and each of them, failed to provide information of
6  the true nature of the hazards of asbestos materials and that exposure to these material would cause
7  pathological effects without noticeable trauma to the public, including buyers, users, and physicians
8  employed by Plaintiff RONALD SEGUINE so that said physicians could not examine, diagnose, and
9  treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate
10 entities", and each of them, were under a duty to so inform and said failure was misleading.

11   20.   Defendants, their "alternate entities", and each of them, and their officers, directors, and
12 managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge
13 of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and
14 each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of
15 them, and each Defendant's officers, directors, and managing agents participated in, authorized,
16 expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each
17 of their "alternate entities" as set forth herein.

18   21.   The herein-described conduct of said Defendants, their "alternate entities", and each of
19 them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference
20 to the safety and health of "exposed person," including Plaintiff RONALD SEGUINE, in that
21 Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known
22 to cause asbestos to be released, and to cause severe, permanent injuries and death, despite possessing
23 knowledge of the substantial hazards posed by use of their products, in order to continue to profit
24 financially therefrom. Defendants, their "alternate entities", and each of them, engaged in such conduct
25 so despicable, contemptible, base, vile, miserable, wretched and loathsome as to be looked down upon
26 and despised by ordinary people and justifies an award of punitive and exemplary damages pursuant to
27 Civil Code section 3294. Plaintiffs, for the sake of example and by way of punishing said Defendants,
28 seek punitive damages according to proof.

22.     Defendants and each of them engaged in conduct which was intended by Defendants and each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff RONALD SEGUINE.

23.     Defendants, and each of them, engaged in the despicable conduct described herein that subjected persons, including Plaintiff RONALD SEGUINE, to cruel and unjust hardship in the form of severe, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious disregard of those persons' rights.

24.     As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities" and each of them, Plaintiff RONALD SEGUINE sustained the injuries and damages alleged herein.

## SECOND CAUSE OF ACTION

### (Strict Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

25.     Plaintiffs incorporate herein by reference, as though fully set forth therein, each and every one of the general allegations and the allegations contained in the First Cause of Action herein.

26.     Defendants, their "alternate entities", and each of them, sold the aforementioned Defendants' Products and failed to adequately warn or instruct of the known and knowable dangers and risks of the ordinary, intended, and foreseeable use of their products, which dangers and risks would not have been, and were not, recognized by ordinary consumers of the products, including Plaintiff, RONALD SEGUINE, and the lack of sufficient instructions and/or warnings was a substantial factor in causing harm to Plaintiff RONALD SEGUINE and others in Plaintiff's position working with and in close proximity to such products.

27.     Defendants' Products were defective and unsafe for their intended purpose and foreseeable use in that, when used, handled, installed, repaired, maintained, overhauled, removed, sawed, chipped, hammered, mixed, scraped, sanded, swept, broken, "ripped out," cut, sawed, installed, and/or used as intended, or used to cut, saw or manipulate products containing asbestos or otherwise

disturbed, said products would result in the release, and therefore inhalation of, hazardous and dangerous asbestos fibers by exposed person, including Plaintiff RONALD SEGUINE. The defect existed in all of said products when they left the possession of the Defendants, their "alternate entities," and each of them. At the time Defendants' Products were used by Plaintiff, and others in Plaintiff's position working with and in close proximity to such products, the products were substantially the same as when they left the possession of the Defendants, their "alternate entities," and each of them and/or any changes made to the products after they left the possession of Defendants, their "alternate entities", and each of them were reasonably foreseeable to Defendants, their "alternate entities", and each of them. Defendants' asbestos and asbestos products were used by Plaintiff RONALD SEGUINE, and others in Plaintiff's position working with and in close proximity to such products, in a way that was reasonably foreseeable to Defendants, and each of them. The defect in said products was a substantial factor in causing harm and personal injuries to Plaintiff RONALD SEGUINE, including malignant mesothelioma, while being used in a reasonably foreseeable manner, thereby rendering said products defective, unsafe, and unreasonably dangerous for their ordinary and intended use.

28.    As a direct and proximate result of the actions and conduct outlined herein, Defendants' Products failed to perform as safely as an ordinary consumer would have expected in that Defendants' products, and each of them, caused respirable asbestos fibers to be released from asbestos products during their ordinary and intended use, and such hazardous exposures lacked any perceptible qualities to the human body, yet they cause severe and fatal diseases, including asbestosis, lung cancer, mesothelioma and other cancers in humans. Plaintiffs further allege that "exposed person", including Plaintiff RONALD SEGUINE, were unaware of the harmful effects of asbestos and further unaware of the harmful exposures to Defendants' Products when such exposures occurred, and thus the failure of Defendants' products to perform as safely as Plaintiff RONALD SEGUINE had reason to expect was a substantial factor in causing his injuries.

29.    As a direct and proximate result of the actions and conduct outlined herein, Plaintiff RONALD SEGUINE has suffered the injuries and damages alleged herein.

30.    Plaintiffs further allege that Defendants, their "alternate entities", and each of them, also engaged in the following wrongful acts:

16

(a)    Defendants, their "alternate entities", and each of them, suppressed from all consumers, including Plaintiff RONALD SEGUINE, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom.  Although Defendants, and each of them, knew of the substantial risks associated with exposure to asbestos, they willfully and knowingly concealed such information from the users of their asbestos and/or asbestos-containing products in conscious disregard of the rights, safety and welfare of "exposed person", including Plaintiff RONALD SEGUINE.

(b)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and financially supported industry organizations, including but not limited to the Gypsum Association, Asbestos Information Association, Industrial Hygiene Foundation and others, which, for and on behalf of Defendants, their "alternate entities", and each of them, actively promoted the suppression of information about the dangers of asbestos to users of the aforementioned products and materials, thereby misleading Plaintiff RONALD SEGUINE as to the safety of their products.  Through their participation and association with such industry organizations, Defendants and each of them knowingly and deliberately concealed and suppressed the true information regarding asbestos and its dangers, and propagated misinformation intended to instill in users of Defendants' Products a false security about the safety of their products.  The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers, which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to Plaintiff RONALD SEGUINE at this time;

(c)    Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed medical and scientific information of the connection between the inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other Defendants, their "alternate entities", and each of them, herein.  Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, failed to provide

1   this information to consumers;

2       (d)     Defendants, their "alternate entities", and each of them, failed to warn Plaintiff
3   RONALD SEGUINE and others of the nature of said materials which were dangerous when breathed
4   and which could cause pathological effects without noticeable trauma, despite the fact that Defendants,
5   their "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that
6   said materials were dangerous and a threat to the health of persons coming into contact therewith;

7       (e)     Defendants, their "alternate entities", and each of them, failed to provide Plaintiff
8   RONALD SEGUINE with information concerning adequate protective masks and other equipment
9   devised to be used when applying, mixing, sawing, cutting, installing and sanding the products of the
10  Defendants, their "alternate entities", and each of them, despite knowing that such protective measures
11  were necessary, and that they were under a duty to disclose that such materials were dangerous and
12  would result in injury to Plaintiff RONALD SEGUINE and others applying and installing such
13  material;

14      (f)     Defendants, their "alternate entities", and each of them, knew and failed to disclose that
15  Plaintiff RONALD SEGUINE and anyone similarly situated, upon inhalation of asbestos would, in
16  time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis,
17  mesothelioma and/or cancer;

18      (g)     Defendants, their "alternate entities", and each of them, failed to provide information of
19  the true nature of the hazards of asbestos materials and that exposure to these material would cause
20  pathological effects without noticeable trauma to the public, including buyers, users, and physicians
21  employed by Plaintiff RONALD SEGUINE so that said physicians could not examine, diagnose, and
22  treat Plaintiff and others who were exposed to asbestos, despite the fact that Defendants, their "alternate
23  entities", and each of them, were under a duty to so inform and said failure was misleading; and

24      31.     Defendants, their "alternate entities", and each of them, and their officers, directors, and
25  managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge
26  of, or should have known of, each of the acts set forth herein. Defendants, their "alternate entities", and
27  each of them, are liable for the oppressive and malicious acts of their "alternate entities", and each of
28  them, and each Defendant's officers, directors, and managing agents participated in, authorized,

18

1   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each

2   of their "alternate entities" as set forth herein.

3        32.    The herein-described conduct of said Defendants, their "alternate entities", and each of

4   them, was and is willful, malicious, oppressive, outrageous, and in conscious disregard and indifference

5   to the safety and health of "exposed person," including Plaintiff RONALD SEGUINE, in that

6   Defendants, and each of them, continued to manufacture, market and/or sell dangerous products known

7   to cause severe, permanent injuries and death, despite possessing knowledge of the substantial hazards

8   posed by use of their products, in order to continue to profit financially therefrom. Defendants, their

9   "alternate entities", and each of them, engaged in such conduct so despicable, contemptible, base, vile,

10   miserable, wretched and loathsome as to be looked down upon and despised by ordinary people and

11   justifies an award of punitive and exemplary damages pursuant to Civil Code section 3294. Plaintiffs,

12   for the sake of example and by way of punishing said Defendants, seek punitive damages according to

13   proof.

14        33.    Defendants and each of them engaged in conduct which was intended by Defendants and

15   each of them to cause injury to the Plaintiffs, and despicable conduct which was carried on by the

16   Defendant with a willful and conscious disregard of the rights or safety of others, including Plaintiff

17   RONALD SEGUINE.

18        34.    Defendants, and each of them, engaged in the despicable conduct described herein that

19   subjected persons, including Plaintiff RONALD SEGUINE, to cruel and unjust hardship in the form of

20   sever, debilitating and fatal diseases like asbestosis, lung cancer and mesothelioma, in conscious

21   disregard of those persons' rights.

22        35.    As a direct and proximate result of such intentional conduct by Defendants, their

23   "alternate entities" and each of them, Plaintiff RONALD SEGUINE sustained the injuries and damages

24   alleged herein.

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

## THIRD CAUSE OF ACTION

(Conspiracy)

AS AND FOR A FURTHER THIRD SEPARATE, AND DISTINCT CAUSE OF ACTION FOR CONSPIRACY, PLAINTIFFS COMPLAIN OF DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

36.     Defendant **METROPOLITAN LIFE INSURANCE COMPANY** rendered substantial aid and assistance to the manufacturers of asbestos containing products to which RONALD SEGUINE was exposed, and such assistance by Metropolitan Life aided and abetted the negligence and the marketing of unreasonably dangerous asbestos containing products by such manufacturers which proximately caused RONALD SEGUINE's illness, injuries, and disabilities.

37.     In both conducting tests and in publishing their alleged results, **METROPOLITAN LIFE** failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. **METROPOLITAN LIFE** also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

38.     RONALD SEGUINE unwittingly but justifiably relied upon the thoroughness of **METROPOLITAN LIFE's** tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

39.     As a direct and proximate contributing result of **METROPOLITAN LIFE's** failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to RONALD SEGUINE from asbestos exposure was increased, and (ii) RONALD SEGUINE suffered the injuries described below.

40.     In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, **METROPOLITAN LIFE** acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including RONALD SEGUINE.

## FOURTH CAUSE OF ACTION

(Loss of Consortium)

AS AND FOR A FURTHER FOURTH SEPARATE, AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF BONNIE SEGUINE COMPLAINS OF DEFENDANTS, DOES 1-450, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

41.   Plaintiff BONNIE SEGUINE incorporates by reference, each and every allegation contained in the general allegations and in the First, Second and Third Causes of Action herein.

42.   Plaintiffs RONALD SEGUINE and BONNIE SEGUINE were married on September 10, 2006, and at all times relevant to this action were, and are now, husband and wife.

43.   Prior to Plaintiff RONALD SEGUINE's injuries as alleged, he was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, Plaintiff RONALD SEGUINE has been unable to perform the necessary duties as a spouse and the work and services usually performed in the care, maintenance, and management of the family home, and he will be unable to perform such work, service and duties in the future. As a proximate result thereof, BONNIE SEGUINE has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

44.   Plaintiff BONNIE SEGUINE's discovery of this cause of her loss of consortium, as herein alleged, first occurred within one year of the date this Complaint was filed.

45.   As a direct and proximate result of the acts of Defendants, their "alternate entities", and each of them, and the severe injuries caused thereby to Plaintiff RONALD SEGUINE as set forth in this complaint, Plaintiff BONNIE SEGUINE has suffered, and for a long period of time will continue to suffer, loss of consortium, including, but not limited, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

///

///

///

1    WHEREFORE, Plaintiffs pray for judgment against Defendants, their "alternate entities", and

2 each of them, in an amount to be proved at trial in each individual case, as follows:

3    Plaintiff RONALD SEGUINE:

4    1.    For Plaintiff's general damages according to proof;

5    2.    For Plaintiff's loss of income, wages, and earning potential according to proof;

6    3.    For Plaintiff's medical and related expenses according to proof;

7    Plaintiff BONNIE SEGUINE:

8    4.    For Plaintiff's damages for loss of consortium and/or society according to proof;

9    Plaintiffs RONALD SEGUINE and BONNIE SEGUINE:

10   5.    For Plaintiffs' cost of suit herein;

11   6.    For exemplary or punitive damages according to proof;

12   7.    For such other and further relief as the Court may deem just and proper, including

13 costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related

14 provisions of law.

15

16 DATED: November 3, 2011                          EDDINS LAW FIRM, P.C.

17

18                                        By: _____

19                                            Ron C. Eddins
                                             Ethan A. Horn
20                                           Conor R. Nideffer
                                             Attorneys for Plaintiffs
21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1                      <u>**DEMAND FOR JURY TRIAL**</u>

2         Plaintiffs hereby demand trial by jury as to all issues so triable.

3

4   DATED: November 3, 2011               EDDINS LAW FIRM, P.C.

5

6

7                               By: _____

                                   Ron C. Eddins

8                                  Ethan A. Horn

                                 Conor R. Nideffer

9                                  Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

## EXHIBIT "A"

2    Plaintiff RONALD SEGUINE's exposure to asbestos and asbestos-containing products

3   occurred at various locations within the State of California, including, but not limited to:

4

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| Texaco Gas and Service Station | Palmdale, CA | Mechanic | 1953 – 1954 |
| U.S. Navy | USS Philip (DD/DDE-498)<br>USS Henry Lee Tucker (DD-875)<br>Pearl Harbor Naval Shipyard<br>Long Beach Naval Shipyard | Boiler tender | 1955 –1959 |
| General Telephone Company | CA | Installer | 1959 -1960 |
| Porter Boiler Service, Inc. (PBS) | Long Beach, CA | Boiler tender | 1961 -1964 |
| Carnation Company | Panorama City, CA | Maintenance | 1965 - 1968 |
| Lucky Foods | Buena Park, CA<br>Meat packing plant | Maintenance | 1968 – 1986<br>1991 - 2000 |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

## EXHIBIT "B"

2          Plaintiff RONALD SEGUINE's exposure to Defendants' Products caused severe and

3     permanent injury to Plaintiff RONALD SEGUINE including, but not limited to, mesothelioma.

4     Plaintiff was diagnosed with mesothelioma on or about October 10, 2011.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY - ASBESTOS