James L. Oberman, Esq. (C.S.B. #120938)
Ian A. Rivamonte, Esq. (C.S.B. #232663)
KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000

Attorneys for Plaintiffs

BEFORE THE UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | |
|---|---|
| JAMES DEASON and MARY DEASON, | N.D. Cal., C.A. No. 3:11-cv-05667 (JSW) |
| Plaintiffs, | [See Schedule of Action Involved] |
| vs. | **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-469)** |
| A.W. CHESTERTON COMPANY, et al., | |
| Defendants. | |

Plaintiffs James Deason and Mary Deason, by and through their counsel, Kazan, McClain, Lyon, Greenwood & Harley, PLC, hereby submit this brief in support of Plaintiffs' Motion to Vacate Conditional Transfer Order 469 ("CTO-469").

## I. INTRODUCTION

Plaintiff James Deason is expected to die imminently of asbestos-caused sarcomatoid mesothelioma. As a result, the U.S. District Court for the Northern District of California ("local District Court") ordered an expedited briefing schedule and set a January 6, 2012 hearing on plaintiffs' pending motion to remand. Defendant National Steel and Shipbuilding Company ("NASSCO") invoked the federal-officer-removal statute and the military-contractor defense on the misguided belief that plaintiffs' claims against NASSCO arose from James Deason's exposures to asbestos aboard Navy ships at NASSCO's shipyard. But, in light of Mr. Deason's rapidly declining health and his sworn declaration stating that his asbestos-exposure claims against NASSCO stem only from his work on three commercial, <u>non-military</u> merchant ships, plaintiffs in their still-pending remand motion in the local District Court **<u>waived all claims against NASSCO stemming from Mr. Deason's asbestos exposure on any Navy ship or any other military vessel, or on any federal premises</u>**. Thus, plaintiffs' claims against NASSCO will be – and are – limited to Mr. Deason's asbestos exposures for which NASSCO is responsible arising out of his work on commercial, <u>non-military</u> vessels, at NASSCO's private premises. Plaintiffs' waiver moots NASSCO's invocation of the federal-officer-removal statute and the military-contractor defense, and divests the federal district court of subject-matter jurisdiction over this dying mesothelioma patient's personal-injury action.

To ensure that this case is promptly remanded to California state court, where this lawsuit may be tried within the remaining weeks James Deason has to live, the Panel should allow the local District Court to determine the narrow issue raised in plaintiffs' pending remand motion in that court, namely whether plaintiffs' waiver of their military-based claims against NASSCO effectively divests the federal district court of subject-matter jurisdiction and compels remand. The local District Court is in a better position to expeditiously determine this issue, and remand the case to state court, in the very limited time that James Deason has left to him. Also, the parties have fully briefed the issue with the local District Court, which expedited the hearing on plaintiffs' request (and over NASSCO's objections), and is set to hear the motion in just nine court days. Thus, vacating CTO-469 to allow the local District Court to rule on plaintiffs' remand motion will

Brief Supporting Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-469)
N.D. Cal., C.A. No. 3:11-cv-05667 (JSW)

1

IRIVAMONTE/1064865.1

conserve judicial resources and advance the expeditious administration of justice.

Vacating CTO-469 will also further the purpose of the federal statute authorizing multidistrict litigation: to promote the just, speedy and inexpensive determination of actions. In fact, transfer of this action to the asbestos multidistrict litigation tribunal in the U.S. District Court for the Eastern District of Pennsylvania ("MDL") would serve only to delay the inevitable return of this case to state court – a delay that the gravely ill James Deason cannot afford if he is to have any opportunity to be deposed and to meaningfully participate in the preparation and trial of his case before he dies. The local District Court is ready, and just as capable as is the MDL, to decide plaintiffs' remand motion based on the briefs and evidence the parties have already filed. In contrast, transferring this action to the MDL will force the parties to re-submit their moving, opposition and reply papers. Transferring this action to the MDL before the local District Court hears plaintiffs' motion to remand would defeat the purpose, and violate the mandate, of the multidistrict-litigation statute to promote the just and efficient conduct of actions.

## II.    STATEMENT OF FACTS

### A.    Plaintiff James Deason is Dying of Sarcomatoid Mesothelioma

Plaintiff James Deason resides in San Diego, California and has been diagnosed with sarcomatoid mesothelioma, an asbestos-caused and incurable cancer. [Exhibits to Rivamonte Decl.: Deason Decl. (Ex. A) at ¶ 2; and Dr. Broaddus Decl. (Ex. B) at ¶¶ 1-4 and attached Ex. A thereto at p. A-2, ¶ 3.][1] V. Courtney Broaddus, M.D. is a licensed physician in California and she examined Mr. Deason. [Dr. Broaddus Decl., Ex. B at ¶¶ 1-17.] Dr. Broaddus is a Professor of Medicine at the University of California, San Francisco and, for the last 11 years, has served as the chief of the San Francisco General Hospital's Division of Pulmonary and Critical Care Medicine. [*Id.* at ¶ 2 and attached Ex. A thereto at p. A-8.] Dr. Broaddus attested in her declaration filed in the local District Court that the sarcomatoid mesothelioma afflicting Mr. Deason is the "worst type of mesothelioma" because sarcomatoid cells are "more resistant to treatments for mesothelioma, including surgery, chemotherapy and radiation." [*Id.* at ¶ 16.] According to Dr. Broaddus, patients with sarcomatoid mesothelioma generally do not live as long as patients with other cell

---

[1] All exhibits are attached to the accompanying Declaration of Ian Rivamonte.

Brief Supporting Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-469)
N.D. Cal., C.A. No. 3:11-cv-05667 (JSW)                                              2

IRIVAMONTE/1064865.1

types. [*Id.*] Based on Dr. Broaddus' examination of Mr. Deason and her extensive review of his medical records, it is Dr. Broaddus' opinion that Mr. Deason's sarcomatoid mesothelioma has metastasized and she estimates, to a reasonable degree of medical probability, that Mr. Deason will die from this illness within approximately two months. [*Id.* at ¶ 17.]

### B. Plaintiffs' Complaint Against NASSCO and Plaintiffs' Motion to Remand Pending in the Local District Court

On October 24, 2011, plaintiffs filed their first amended personal-injury complaint in California state court against a number of defendants who are alleged to have exposed plaintiff James Deason to asbestos that was a legal cause of his mesothelioma. [Complaint, Ex. C at 2:7-29:28.] In part, plaintiffs in their the complaint allege that Mr. Deason was exposed to asbestos at a number of locations in California, including at NASSCO's shipyard in San Diego, California, while he "repaired, broke down and rebuilt boilers aboard commercial ships and U.S. Navy ships" from approximately 1975 through 1985. [*Id.* at 4:16-24, 8:2-4, 21:19-21, 26:13-14, 28:9-10 (emphasis added).] NASSCO is one of three private shipyards in the Marine Systems group of General Dynamics Corporation. [Plaintiffs' Memo. of Law in Support of Motion to Remand, Ex. E at 4:10-5:9 and evidence cited therein.] NASSCO has been designing and building commercial ships since 1960 and is the country's "leading commercial ship designer and shipbuilder." [*Id.*]

NASSCO filed its Notice of Removal and Notice of Tag-Along Action in this case on November 23, 2011. [Face Pages of NASSCO's Notice of Removal and Notice of Tag-Along Action, Ex. D.] Plaintiffs immediately moved the local District Court to remand the case and to expedite the hearing and briefing of plaintiffs' remand motion. [Plaintiffs' Motion to Remand (Ex. E) and Amended Order Granting Plaintiffs' Request to Shorten Time (Ex. F).] In light of Mr. Deason's rapidly declining health, the local District Court granted plaintiffs' motion to expedite and will hear plaintiffs' motion to remand on January 6, 2012, which is nine court days after the filing of this motion to vacate CTO-469. [Amended Order Granting Plaintiffs' Request to Shorten Time, Ex. F.]

Plaintiffs in their remand motion establish, through the declaration of James Deason, that his claims against NASSCO solely stem from his work on three commercial, non-military ships

KAZAN, MCCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

IRIVAMONTE/1064865.1

that were lengthened at NASSCO's private shipyard in San Diego, California between the mid-1970s and early 1980s. [Deason Decl., Ex. A at ¶¶ 3-6.] Thus, Mr. Deason's alleged exposure to asbestos for which NASSCO is responsible is limited to <u>purely</u> non-military vessels that were present at NASSCO's privately-owned and operated shipyard. [*Id.* at ¶¶ 1-6 and Plaintiffs' Memo. of Law in Support of Motion to Remand, Ex. E at 5:1-11:5 and evidence cited therein.]

Even if there were any doubts as to James Deason's recollection about his asbestos exposure while he worked on commercial ships at NASSCO's privately-owned shipyard, or should pre-trial discovery reveal that Mr. Deason may have been aboard ships that were manufactured or serviced under color of federal office at NASSCO's premises, plaintiffs in their remand motion have explicitly stated that they "**waive all their claims against NASSCO stemming from Mr. Deason's asbestos exposures at any federal-government job-site, and aboard Navy ships or any other military vessel**." [Ex. E to Rivamonte Decl. (emphasis in original): Notice of Motion to Remand at pp. 1-2; Memorandum in Support of Motion to Remand at 1:10-14, 6:15-19 and evidence cited therein; Rivamonte Decl. in Support of Motion to Remand at ¶ 3.]

NASSCO filed its opposition to plaintiffs' remand motion on December 15, 2011. [Amended Order Granting Plaintiffs' Request to Shorten Time, Ex. F.] Plaintiffs filed their reply to NASSCO's opposition to plaintiffs' remand motion on December 19, 2011. [*Id.*] The parties have now fully briefed plaintiffs' remand motion and the local District Court will hear arguments on plaintiffs' remand motion on January 6, 2012. [*Id.*]

### III. DISCUSSION

#### A. Transferring this Action Would Frustrate the Policy Objectives of the Multidistrict-Litigation Statute, 28 U.S.C. § 1407

The purpose of the federal statute authorizing multidistrict litigation is to secure the "'just, speedy and inexpensive determination'" of such actions. [28 U.S.C. § 1407(a); *In re Nat'l Student Mktg. Litig.*, 368 F.Supp. 1311, 1316 (J.P.M.L. 1973) (citing Fed. R. Civ. P. 1).] The Panel may not transfer a civil action to another district unless transfer promotes judicial economy and eliminates the potential for conflicting rulings. [28 U.S.C. § 1407(a); *see also In re Plumbing Fixture Cases*, 298 F.Supp. 484, 490-492 (J.P.M.L. 1968) ("The purpose of Section 1407 . . .

Brief Supporting Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-469)
N.D. Cal., C.A. No. 3:11-cv-05667 (JSW)

4

makes it clear that its remedial aim is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions.").] Accordingly, "[t]he Panel's statutory mandate is to weigh the interests of all parties . . . in light of the purposes of Section 1407." [*In re Stirling Homex Corp. Sec. Litig.,* 442 F. Supp. 547, 550 (J.P.M.L. 1977).]

Here, transferring this action to the MDL before the local District Court hears plaintiffs' motion to remand would defeat the purpose, and violate the mandate, of the multidistrict-litigation statute, 28 U.S.C. § 1407. The local District Court currently has under consideration plaintiffs' motion to remand this case to state court. The parties have fully briefed plaintiffs' motion, which involves only the very narrow issue of whether plaintiffs' waiver of their military-based claims against NASSCO divests the federal district court of subject-matter jurisdiction over plaintiffs' claims against NASSCO for Mr. Deason's exposure to asbestos from only civilian vessels manufactured or serviced at NASSCO's private shipyard. The local District Court will hear plaintiffs' motion to remand in a mere nine court days, on January 6, 2012, and will resolve this issue.

Transferring this case to the MDL would serve only to delay this case's inevitable return to state court – a delay that the gravely ill James Deason cannot afford if he is to have any opportunity to be deposed and to meaningfully participate in the preparation and trial of his case before he dies. In *Graver v. Allentown Cement Co.*, E.D. Pa. Case No. 11-cv-02636, MDL Judge Eduardo Robreno ordered the removing defendant to respond to the plaintiffs' emergency remand motion only <u>one day</u> after the plaintiff had filed it. [Ex. G to Rivamonte Decl.: Defendant's 4/18/11 Notice of Removal; Plaintiff's 4/19/11 Emergency Motion to Remand; Judge Robreno's 4/19/11 Order; and Judge Robreno's Amended 4/20/11 Order.] Thus, courts, including the MDL, recognize the importance of quick decisions on remand motions when a plaintiff has mesothelioma. [*Id.*] The local District Court has already advanced the hearing on plaintiffs' remand motion for January 6, 2012. [Amended Order Granting Plaintiffs' Request to Shorten Time, Ex. F.] Transferring this case to the MDL, where the MDL court will likewise hear plaintiffs' motion on shortened time and order an expedited briefing schedule, will result in wasted

Brief Supporting Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-469)
N.D. Cal., C.A. No. 3:11-cv-05667 (JSW)                 5

IRIVAMONTE/1064865.1

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

resources and unnecessary delay to the ultimate resolution of whether plaintiffs' waiver of their military-based claims against NASSCO eliminates the federal district court's subject-matter jurisdiction over this case.

Any delay in the proceedings related to the local District Court's determination of plaintiffs' motion to remand further delays plaintiffs' prosecution of their lawsuit. Indeed, plaintiffs in their remand motion contend, and NASSCO in its opposition does not dispute, that NASSCO's true motive in removing this case to federal court is to delay the terminally ill James Deason from prosecuting his lawsuit in the transparent hope he will die before his deposition, but certainly well before his case can be tried.

Only in California state court may this case be set for a trial that will begin no later than 120 days after plaintiffs' calendar-preference motion is granted. [Cal. Code Civ. Proc. § 36, subds. (d) and (f).] And if Mr. Deason dies before his lawsuit advances to trial, he loses his day in court and his estate and successor-in-interest lose the substantial pain-and-suffering damages to which Mr. Deason is entitled for his sarcomatoid mesothelioma. [Cal. Code Civ. Proc. § 377.34.]

Finally, all of plaintiff James Deason's exposures to asbestos occurred in California, where plaintiffs still reside, and all percipient witnesses and treating physicians are in California. [Dr. Broaddus Decl. (Ex. B) at ¶ 2 and attached Ex. A thereto at p. A-2, ¶ 3; Amended Complaint (Ex. C) at 4:16-24.] Local issues predominate in this action and transfer of this action to the MDL in no way would promote the convenience of the parties and witnesses. [*See In re Asbestos and Asbestos Insulation Material Prods. Liab. Litig.*, 431 F.Supp. 906, 910 (J.P.M.L. 1977) (holding that convenience of the parties is not served by consolidation because the medical, personnel and product-use records of the individuals were found locally).]

**B.    The Panel Should Delay Consideration of Transfer Pending the District Court's Imminent Resolution of Plaintiffs' Remand Motion**

Federal courts are courts of limited jurisdiction; they presumptively have no jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. [*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).] Thus, federal courts must determine at the outset of an action that jurisdiction exists or risk "carr[ying]

the courts beyond the bounds of authorized judicial action and thus offend[ing] fundamental principles of separation of powers." [*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998).] There are no exceptions to this rule: "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" [*Id.* at 94-95 (citing *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).]

Here, transfer to the MDL while plaintiffs' remand motion is pending and about to be heard within days in the local District Court would impede the just and efficient administration of this action. If no valid basis for federal subject-matter jurisdiction exists, this case does not belong in the MDL or any other federal district court. The local District Court judge, the Honorable Jeffrey S. White, is already familiar with the issues involved in this case from the parties' briefs and supporting evidence. [*See* Plaintiffs' Motion to Remand (Ex. E) and Amended Order Granting Plaintiffs' Request to Shorten Time (Ex. F) ("Any opposition to Plaintiffs' motion to remand shall be filed by no later than December 15, 2011. Plaintiffs' reply, if any, shall be filed by no later than noon on December 19, 2011").] Permitting Judge White to proceed to rule on plaintiffs' remand motion, which is set for hearing on January 6, 2012 (only nine court days after the date on which plaintiffs filed this motion to vacate), will conserve judicial resources and foster the expeditious administration of justice.

Finally, principles of comity also support vacating CTO-469 until the local District Court rules on plaintiffs' remand motion, particularly in view of that court's shortening of time to hear plaintiffs' motion. [*In re L.E. Lay & Co. Antitrust Litig.*, 391 F.Supp. 1054, 1056 (J.P.M.L. 1975) ("[O]n principles of comity, we are reluctant to transfer any action that has an important motion under submission with a court"); *In re Plumbing Fixture Cases,* 298 F. Supp. 484, 496 (J.P.M.L. 1968) ("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts . . . to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel.").]

Kazan, McClain,
Lyons,
Greenwood &
Harley, PLC
Jack London Market
55 Harrison Street,
Suite 400
Oakland, CA 94607
(510) 302-1000
(510) 465-7728
Fax (510) 835-4913

IRIVAMONTE/1064865.1

## IV. CONCLUSION

James Deason is racing to get his case tried during his rapidly waning life in order to preserve pain-and-suffering damages that he will lose, under California law, if he dies before judgment. [Cal. Code Civ. Proc. § 377.34.] Accordingly, the Panel should vacate CTO-469 and allow the local District Court to hear plaintiffs' remand motion on January 6, 2012. Plaintiffs' motion is fully briefed and set to be heard in just nine court days from the date, December 21, 2011, on which this motion is filed. Allowing the local District Court to hear and resolve this fundamental jurisdictional issue will promote for the fair and expeditious resolution of this case, and fulfill the very purpose of multidistrict litigation: to foster civil actions' just, speedy and inexpensive resolution. By vacating CTO-469, this Panel will enable a dying plaintiff, James Deason, to seek immediate remand of his lawsuit to California state court, where Mr. Deason may have his case tried while he is still alive and within a matter of months. [Cal. Code Civ. Proc. § 36.]

DATED: December 21, 2011            Respectfully submitted,

KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY
A Professional Law Corporation

By: _____
Ian A. Rivamonte

Attorneys for Plaintiffs

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
Fax (510) 835-4913

IRIVAMONTE/1064865.1

Brief Supporting Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-469)
N.D. Cal., C.A. No. 3:11-cv-05667 (JSW)

8