# Exhibit A

1   James L. Oberman, Esq. (C.S.B. #120938)
    Ian A. Rivamonte, Esq. (C.S.B. #232663)
2   KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
    A Professional Law Corporation
3   Jack London Market
    55 Harrison Street, Suite 400
4   Oakland, California  94607
    Telephone:  (510) 302-1000
5
    Attorneys for Plaintiffs
6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
    | JAMES DEASON and MARY DEASON, | No. 11-cv-05667 |
11  | | |
    | Plaintiffs, | **DECLARATION OF JAMES DEASON IN** |
12  | | **SUPPORT OF PLAINTIFFS' MOTION TO** |
    | vs. | **IMMEDIATELY REMAND DYING** |
13  | | **PLAINTIFF'S LIVING-MESOTHELIOMA** |
    | A.W. CHESTERTON COMPANY, et al., | **CASE TO CALIFORNIA SUPERIOR COURT** |
14  | | |
    | Defendants. | |
15

16       I, James Deason, declare:

17       1.    I am an adult over the age of 18 years and am a plaintiff in the

18  above-entitled action.  I have personal knowledge of the facts expressed in this

19  declaration and, if asked, could and would testify competently to the truth of those facts.

20       2.    I am 57 years old.  In July 2011, my doctor diagnosed me with

21  mesothelioma.  I understand that mesothelioma is an incurable cancer that will ultimately

22  take my life.

23       3.    At certain times between the mid-1970s and early 1980s, I worked for

24  Camass Co., Inc. ("Camass"), Fraser's Boiler Service, Inc. ("Fraser") and Marine Boiler

25  Repair, Inc. ("Marine Boiler").  While I worked for those employers, I primarily did boiler-

26  related work, including removal and installation, aboard ships.

27       4.    Between the mid-1970s and early 1980s, while employed by either Camass,

28  Fraser or Marine Boiler, I worked at the shipyard of National Steel and Shipbuilding

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA  94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

Declaration of James Deason in Support of Plaintiffs' Motion to Remand Case to State Court
Case No.: 11-cv-05667

EXHIBIT ___A___        1

1 888 555 5665

1    Company ("NASSCO") in San Diego, California. I understand NASSCO designs and

2    builds various types of ships.

3         5.    While I was at NASSCO's shipyard between the mid-1970s and early 1980s,

4    I and several other tradesmen "jumboized" three commercial, non-military merchant

5    ships. Jumboizing a ship means that the ship was lengthened by replacing an existing

6    section of the ship with a longer section or inserting an additional section.

7         6.    At no time while I worked at NASSCO's shipyard was I ever involved in any

8    project concerning a Navy or any other United States military vessel. The only projects I

9    was involved in while working at NASSCO's shipyard were jumboizing three commercial,

10   non-military merchant ships between the mid-1970s and early 1980s. Other than those

11   years, I did no work on any other ships at NASSCO's shipyard.

12        I declare under penalty of perjury under the laws of the State of California and the

13   United States of America that the foregoing is true and correct and that I executed this

14   declaration on _Dec. 1_, 2011 at Orlando, Florida.

15

16

       James Deason

17

18

19

20

21

22

23

24

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

25

26

27

28

IRIVAMONT8/1061277.1

Exhibit B

James L. Oberman, Esq. (C.S.B. #120938)
Gloria C. Amell, Esq. (C.S.B. #230255)
KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
Jack London Market
55 Harrison Street, Suite 400
Oakland, California  94607
Telephone:  (510) 302-1000

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DEASON and MARY DEASON,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON CO., et al.,<br><br>Defendants. | Case No. C 3:11-CV-05667 RS<br><br>[Alameda County Superior Court<br>Case No. RG11601088]<br><br>**DECLARATION OF V. COURTNEY BROADDUS, M.D. IN SUPPORT OF PLAINTIFFS' MOTION TO SHORTEN HEARING TIME RE EMERGENCY MOTION TO IMMEDIATELY REMAND ASBESTOS-CANCER CASE TO CALIFORNIA SUPERIOR COURT**<br><br>Dept.: Hon. Richard Seeborg, Courtroom 3, San Francisco<br><br>Action Removed:  November 23, 2011 |

I, V. Courtney Broaddus, M.D., declare:

1.      I am an adult, over the age of 18 years and am not a party to this lawsuit. I have

personal knowledge of the facts set forth in this declaration, except for such facts that have been

made known to me in forming an opinion, in which case each such fact is of a type on which

professionals in my field reasonably rely in forming such opinions. The facts stated in this

declaration that are within my personal knowledge are true. If asked, I could and would testify

competently to the truth of each fact and opinion asserted within this declaration, as well as to the

GAMELL/1060998.1

1

EXHIBIT __B__

foundation for each such fact and opinion.

2.      I am a licensed physician in the State of California. I am a Professor of Medicine at the University of California San Francisco. For the last 11 years, I have served as the Chief of the Division of Pulmonary and Critical Care Medicine at San Francisco General Hospital, where I attend regularly on the Pulmonary Consult and ICU services.

3.      In my practice of pulmonary medicine, I have been involved in the diagnosis of many individuals with asbestos-related pleural diseases, including mesothelioma. I am not an oncologist, but am intimately familiar with the cause of mesothelioma and the course of the disease. I do not treat patients with mesothelioma, but know the limitations of chemotherapy and other treatments for the disease. In the last year, I have prepared causation and prognosis reports pertaining to five patients with mesothelioma, and two patients with asbestos-caused lung cancer. Of these, I have personally interviewed and examined two patients, both of whom had mesothelioma, including James Deason. Before the last year, I have also interviewed and examined, then prepared causation and prognosis reports pertaining to six patients with asbestos caused disease, including mesothelioma.

4.      Mesothelioma is a progressive cancer with a grave prognosis that is invariably fatal with no known cure. The interval between diagnosis and death is often short. The risk of adverse effects for Mr. Deason, including death, the probability that severe complications from treatment will occur, and the likelihood of pneumonia, other infections, or unexpected rapid tumor progression, is very high. Death can occur suddenly from complications from treatment, pneumonia, other infections, or unexpected rapid tumor progression.

5.      I examined James Deason on November 22, 2011. I spent approximately 2.5 hours examining him, discussing his personal and work history and discussing the course of his disease. A copy of my report is attached herein as Exhibit A. In conjunction with that visit, I reviewed and

2

evaluated the medical records from Grossmont Hospital, Grossmont Imaging, the Mayo Clinic, UCSF and Dr. William Salyer pertaining to Mr. Deason's diagnosis and treatment of mesothelioma.

6.       In March 2010, Mr. Deason began experiencing severe left-sided chest pains and dizziness. His wife took him to the Grossmont Hospital Emergency Room, where he was evaluated for cardiac disease, a workup that was basically negative. While there, Mr. Deason had a chest x-ray that revealed pleural nodularity, and it was recommended that he have a CT scan. The CT scan showed multiple calcified and non-calcified pleural plaques consistent with asbestos exposure. Mr. Deason was referred to Dr. Kaveh Bagheri, a pulmonologist, who continued to follow Mr. Deason for the next year.

7.       In May 2011, based on Mr. Deason's continuing severe chest pain, new onset shortness of breath and decreased exercise tolerance, he underwent pulmonary function tests which showed a significant decrease in lung function.

8.       On May 20, 2011 Mr. Deason had a chest CT scan with contrast. Compared to the CT scan taken in March 2010, the CT scan now showed increased pleural nodularity and decreased lung volume suggesting an underlying neoplasm (tumor).

9.       Because of the abnormal chest CT scan, Mr. Deason underwent a bronchoscopy with an endobronchial evaluation and diagnostic bronchoalveolar lavage of the left lower lobe on June 3, 2011. A cytologic study from the bronchial washing showed no evidence of any tumor.

10.       Suspecting mesothelioma, Dr. Bagheri ordered an image-guided pleural biopsy. On June 15, 2011, Mr. Deason underwent a CT-guided fine needle aspiration and core biopsy of lobular pleural thickening at the lower left posterior chest. During the biopsy, diffuse left pleural thickening, volume loss, and mediastinal shift to the left was observed.

11.       While the results of the needle biopsy came back negative for malignancy, because

3

of severe circumferential left pleural thickening consistent with mesothelioma, Mr. Deason was admitted for surgery on June 28, 2011. He underwent a left thoracotomy (incision of the chest wall). The surgeon encountered a large mass in Mr. Deason's chest wall that was invading into his ribs. In all, some of the left chest wall mass and a portion of the left lower lobe were resected (surgically removed), and a portion of pleura was sent for pleural biopsy. A chest tube was then placed between Mr. Deason's ribs to allow for drainage.

12.    The initial pathologic report failed to find malignancy. Pathologists at the Mayo clinic examined the tissue removed from Mr. Deason during the June 28, 2011 surgery, and generated a report of their findings on July 18, 2011. Dr. Henry Tazelaar described a sarcomatoid mesothelioma, with tumefactive growth and invasion into underlying adipose tissue and abundant chronic inflammation. Pathologists at the University of California, San Francisco also confirmed the diagnosis of mesothelioma.

13.    On August 8, 2011, Dr. David J. Bodkin, an oncologist treating Mr. Deason, ordered a PET CT scan. The scan revealed circumferential nodular thickening of the left pleura and post-operative changes in the left lower lobe. There was extensive increased hypermetabolic activity in the pleura indicative of widespread tumor.

14.    Mr. Deason has undergone two rounds of Alimta/Cisplatin chemotherapy. The first round began on October 18, 2011 and the second round began on November 11, 2011. At this time, it is unknown whether Mr. Deason will need additional chemotherapy, but the results of a PET scan scheduled for December 5, 2011 may indicate whether more chemotherapy is recommended. Chemotherapy does not cure mesothelioma, though in some cases it may slow the disease progression. Mr. Deason has suffered side effects from the chemotherapy, including weight loss, nausea, fatigue and pain. Despite an initial decrease in chest pain, he now has recurrent chest pain, a sign that his tumor may not have responded to the chemotherapy.

4

15.   I have reviewed Mr. Deason's August 8, 2011 PET CT scan, which shows extensive spread of his tumor. His tumor is widespread and unresectable (inoperable). During my November 22, 2011 examination of Mr. Deason, I noted that he has a shrunken chest on his left side. He is unable to breathe well on that side of his chest. In addition to chest pain, fatigue and shortness of breath, Mr. Deason is now experiencing difficulty swallowing food because it gets stuck halfway down his throat. He has severe right leg pain, pain that is not yet explained but may also be due to malignant metastasis.

16.   Based on the pathology reports from the Mayo Clinic, UCSF and Dr. William Salyer, I have concluded that Mr. Deason has sarcomatoid mesothelioma. The histopathologic subtype of mesothelioma is an important prognostic factor in pleural mesothelioma. Sarcomatoid mesothelioma cells are more resistant to treatments for mesothelioma, including surgery, chemotherapy and radiation therapy. This makes sarcomatoid the worst type of mesothelioma, and sarcomatoid mesothelioma patients generally do not live as long as patients with other cell types.

17.   Based on my own examination of Mr. Deason, as well as my review of his medical records and radiology, the widespread and inoperable nature of his tumor, the histology of his mesothelioma (sarcomatoid), the ineffectiveness of his chemotherapy treatments and his rapid and increasing debilitation, and my experience following the treatment of other patients with malignant mesothelioma, it is my professional medical opinion that Mr. Deason's mesothelioma raises a substantial medical doubt that he will survive more than two months beyond the date of this declaration. In addition, as his illness progresses he will become physically less able to attend depositions and/or trial and participate in litigation. My opinions are expressed with a reasonable degree of medical probability.

I declare under penalty of perjury under the laws of the United States and the laws of the

5

State of California that the foregoing is true and correct.  Executed on December 4, 2011 in San

Francisco, California.

_V. Courtney Broaddus, M.D._

Case MDL No. 875   Document 8238-4   Filed 12/21/11   Page 11 of 70
Exhibit A - Medical Report of V. Courtney Broaddus of James Deason
Case3:11-cv-05667-JSW   Document15-4   Filed12/05/11   Page1 of 27

# Exhibit A

Exhibit A - 1

UNIVERSITY OF CALIFORNIA, SAN FRANCISCO

BERKELEY · DAVIS · IRVINE · LOS ANGELES · RIVERSIDE · SAN DIEGO · SAN FRANCISCO



SANTA BARBARA · SANTA CRUZ

V. COURTNEY BROADDUS, M.D.
Professor of Medicine
Chief, Division of Pulmonary and Critical Care Medicine
Phone: 415-206-3513   Fax: 415-695-1551
Email: cbroaddus@medsfgh.ucsf.edu

DIVISION OF PULMONARY AND CRITICAL CARE MEDICINE
San Francisco General Hospital
1001 Potrero Avenue, Room 5K1
San Francisco, CA 94110

December 4, 2011

Mr. Steven Kazan
Attorney at Law
171 12th Street
Oakland, CA 94607

RE: James V. Deason (BD 10/13/1954)

Dear Mr. Kazan,

Thank you for referring Mr. James Deason (BD 10/13/1954) for my evaluation. I have met and examined Mr. Deason and reviewed documents and radiographs related to his case and report my findings below.

I have included my curriculum vitae for your review. As you know, I am experienced in the consideration of asbestos toxicity and cancer and have carried out NIH-funded and foundation-funded research in asbestos and mesothelioma for many years. I am a Professor of Medicine in the tenure track at the University of California San Francisco. For the last 11 years, I have served as Chief of the Division of Pulmonary and Critical Care Medicine at the San Francisco General Hospital where I attend regularly on the Pulmonary Consult and ICU services. I have also been active in the major international research organization, the International Mesothelioma Interest Group, where I served as President in 1999-2002 and have served on the Executive Board since then. I am now Editor-in-Chief for the Murray & Nadel's Textbook of Respiratory Medicine and write the chapters on pleural disease and pleural malignancies, including mesothelioma. I have written original research papers, reviews and editorials on asbestos and on mesothelioma and also on lung cancer.

HISTORY
On November 22, 2011, I met with Mr. James Deason and his wife Mary. He was walking with a cane due to severe pain in his back and right leg. He thought that the pain was due to a former back injury, aggravated by a recent episode of climbing stairs.

Mr. Deason is a 57 year old man who lives with his wife in San Diego. He is the owner of a company, Deason Audio Inc, which installs audio and video equipment for gyms.

According to the Deasons and from his records, Mr. Deason was very well until he first noted the start of sharp left-sided chest pains in 3/10. These continued along with left arm numbness and pin prick sensations until a severe episode led to an ED admission in 3/10 to Sharp Grossmont Hospital in La Mesa CA. An extensive cardiac workup revealed little and

Exhibit A - 2

DEASON, JAMES V.

Dec. 5, 2011                                                                                                        Page 2

the pain was thought to be due to panic attacks; nonetheless, medications were started to control lipids (Lovaza) and chest pain (Aspirin, Nitroglycerin).  On 5/11/10, he underwent a cardiac catheterization showing mild-to-moderate coronary artery disease.  However, a chest Xray dated 3/23/10 indicated changes in the pleura consistent with pleural plaques; a followup CT of the chest confirmed these changes and was interpreted as showing changes due to asbestos, with pleural plaques both calcified and non-calcified.  Dr. Beghari, a pulmonologist, noted these changes and suggested some followup in 3 months.

The Deasons describe that the chest pain continued to worry them.  They describe bringing this up with their physicians, who tried to reassure them that the pain was due either to the pleural plaques or to anxiety.  Finally, in April 2011, Mr. Deason noted the onset of shortness of breath that forced him to slow down at work.  In May 2011, pulmonary function tests were obtained and were clearly abnormal, by report showing a significant decrease from prior.  On 5/20/11, he received a CT of the chest with contrast showing a new loculated pleural process and increased nodularity of the pleura.

On June 3, Mr. Deason underwent a bronchoscopy which was normal.  Lavage was negative for malignant cells.  On June 15, he underwent a CT-guided biopsy which was negative for malignancy.  The biopsy was later interpreted by UCSF Pathologists and by Dr. Salyer as showing collagenous fibrosis consistent with pleural plaque.  On June 29, he was admitted to Sharp Grossmont Hospital for thoracotomy of his pleural mass for diagnosis and debulking. In his operative report, the surgeon Dr. Koumjian described encountering a large chest wall mass that was "going into the superior aspect of the ribs".  He resected this partially.  The lung was freed from the chest wall by dissection and the posterior segment of lung resected. The initial pathological report described fibrosis and inflammation.  The slides were sent to the Mayo Clinic where a pathological report dated 7/18/11 describes sarcomatoid mesothelioma with invasion into fat.  The diagnosis of sarcomatoid mesothelioma was confirmed by UCSF Pathology in a report dated 9/8/11 and by Dr. Wm Salyer in a report dated 8/24/11.

On 8/8/11, Mr Deason underwent a PET/CT scan for 'pretreatment staging'.  There was circumferential nodular pleural thickening on the left with hyperactivity, showing a maximal SUV of 4.1 at the left lower lobe.  There was a small left pleural effusion.  There was no evidence of metastasis outside the pleura.  No comment was made about increased uptake in the right femur.

CURRENT HISTORY
The records stop at this date.  According to the Deasons, they saw Dr. David Jablons who explained that the disease was not surgically resectable.  He suggested trying a few cycles of chemotherapy and reassessing.  The Deasons understood that sarcomatoid mesothelioma may have no therapeutic options but decided to try 2 cycles of chemotherapy.  After the two cycles of cisplatin and pemetrexed (Alimta), Mr. Deason described some decrease in his chest pain and an improved sense of energy.  However, in the last 2-3 days, the chest pain has recurred.

The chest pain is described as feeling as if a rebar were pushed through his chest from the front to the rear and was then used to suspend him.  This pain has now recurred following the

Exhibit A - 3

DEASON, JAMES V.
Page 3

Dec. 5, 2011

chemotherapy. He can control it with the combination of oxycodone and oxycontin but has to sleep in a certain position to minimize the pain so he can sleep.

Mr. Deason describes a drastic change in his life because of the mesothelioma. Prior to his current illness, he "could do anything". He was a fast worker, able to install the equipment in a fitness center in a single day. He equipped hundreds of fitness centers yearly and attended 10 major trade shows each year. He was well known in his field and planned to work for "20 more years". Instead, he has now sold his business and, as of Jan. 1, will stop working. People in his business are still learning about his illness and have trouble believing that James Deason is "dying". Outside of work, he was very athletic and loved snowboarding. He took pride in being able to snowboard better than those much younger. He said that his own kids had trouble keeping up with him. He is still hoping to ski this winter but suspects it will no longer be possible.

WORK HISTORY/ ASBESTOS EXPOSURE

At the age of 19-20, Mr. Deason found work in the San Diego shipyards as a boiler worker. He was efficient and small in size, making him particularly good at entering into tight spaces to work. From 1975 - 1983, Mr. Deason was a member of a crew that worked on one ship after another in San Diego. He describes that he and his coworkers would be exposed to highly dusty conditions, either working directly with insulation or near it. Initially, he and his coworkers removed the insulation to work on the boilers, but later others would remove the insulation and stack it to the side. Often, after finishing work on the boiler, he would replace the insulation. Due to the metal of the ships, they could not use electrical equipment and so relied on pneumatically-powered tools. He described starting up the tools and having clouds of dust blown back up into the air. He would routinely wear work jumpsuits that were taped at the openings at the neck, arms and legs to keep out the dust, and would put wet wrappers around his face to minimize inhaling the dust. All the workers did this; none wore masks. On one occasion, in 1978 after working on the USS Mobile for 6 days, Mr Deason recalls that CalOSHA stopped their work due to asbestos concerns and told the workers that they might have future health problems due to the asbestos. Otherwise, Mr. Deason did not know about asbestos or its toxicity and he and his coworkers always described the product as 'insulation'. In the years since, several employees there have developed asbestos-related disease including his ex-brother-in-law, Dan Gress.

Since his time working with boilers, he worked in new construction involving pipefitting and plumbing and more recently, with his own company, Deason Audio Inc, installing equipment in fitness centers.

PAST MEDICAL & SURGICAL HISTORY

Lumbar fusion L4-L5 7/2001
Mild to moderate coronary artery disease noted on catheterization; 5/10
Multiple injuries/broken bones with sports activities such as skiing

Habits: No history of smoking. No allergies.

Medications: Aspirin, Lovaza, Lovastatin, Ambien, Steroids and Naproxyn for pain, Oxycontin and Oxycodone and Tylenol for pain.

Exhibit A - 4

DEASON, JAMES V.
Page 4

Dec. 5, 2011

REVIEW OF SYSTEMS
Loss of weight and decreased appetite before and after chemotherapy.
Loss of muscle mass of arms and upper legs.
Tinnitus and change in balance after starting chemotherapy. (Had previous tinnitus from noise at work, but this was significantly worse).
Change in taste and smell after chemotherapy.
Dysphagia for solids for the last 3 months.  Describes that solid food stops mid-chest.  No pain, no problem with liquids.
Numbness on left middle and left arm and waist since diagnosis.
Some generalized weakness.
Hoarseness after chemotherapy, now better. No wheezing or coughing.
Constipation with narcotics.
Frequent urination, having to get up 3 times nightly.

FAMILY HISTORY
His father died at age 68 of an ulcer; his mother is alive at 78 and active.

He had 4 siblings: two have died prematurely, a brother (age 44) from a gunshot wound ruled accidental and a sister (age 57) from pneumonia (Rhizopus).  Two sisters (age 55 and 60) are in good health.

He has a 36 year old son, 24 year old daughter who has two children (3 years old and 8 months), and an 18 year old daughter.  All are athletic, the youngest has a soccer scholarship.

PHYSICAL EXAMINATION
Mr. Deason appeared thin, in pain and chronically ill.  He walked to the examination room with great difficulty and had significant trouble getting up on the exam table due to severe pain in his back and leg.  He walked with a cane.
His blood pressure was 141/80 with a pulse of 73; his oxygen saturation at rest was 97% (oximetry during walking was not obtained due to his pain).  His respiratory rate was 20/min.  Weight by his report was 162 pounds, with a normal weight of 178 and his lowest weight (after chemotherapy) of 151.

HEENT- sunken cheeks, trachea midline
Skin - no jaundice
Chest - asymmetry due to decreased size of left hemithorax, fixed left hemithorax with
    almost no expansion with inspiration, right chest expanded normally; decreased breath
    sounds over entire left chest, decreased tactile fremitus, no egophony, no wheeze
Heart - no jugular venous distention, physiologically split S2, no pericardial rub.
Abdomen - non-tender, no distention, no organomegaly
Back - scar over lower spine due to prior L4-L5 fusion, no point tenderness
Extremities - thin, with decreased muscle mass as noted by Mr. Deason and his wife, no
    edema, no clubbing, strength of upper extremities appeared decreased 4/5 but equal,
    strength of lower extremities difficult to assess because of pain but also appeared equal.
    Right hip tender to motion, particularly to weight bearing.

Exhibit A - 5

DEASON, JAMES V.
Page 5

Dec. 5, 2011

Laboratory - From his most recent laboratory studies in 6/11, electrolyes and hematocrit were normal. Lipid studies from 5/11/10 showed very mild elevation in cholesterol, with excellent ratios of LDL/HDL and cholesterol/HDL.

RADIOLOGIC STUDIES - I have reviewed the following:

Chest radiograph and CT scan with contrast of 3/23/10 show the pleural nodularity consistent with plaque or tumor at multiple pleural sites in the left hemithorax. The hemithorax is of normal size and the mediastinum is midline.

Chest radiographic scout film and CT scan with contrast of 5/20/11 shows a dramatic change with pleural thickening now fully surrounding the left lung, along with a decrease in size of the hemithorax and shift of the mediastinum to the left and an elevation of the diaphragm on the left. This indicates a constricting widespread lesion of the left hemithorax which is squeezing the lung; it is consistent with the new symptoms of shortness of breath and the reduction in pulmonary function. It is characteristic of extensive, late stage mesothelioma.

Chest radiographic scout film and CT scan on 6/15/11 for pleural biopsy shows slight progression of the findings.

PET/Chest CT scan of 8/8/11 shows that the pleural thickening is FDG-avid, consistent with mesothelioma. Focal areas of intense uptake are present in several places in the left pleural area. In addition, there is a focal area of intense uptake at the right femoral neck. In light of Mr. Deason's new right leg pain and reported femoral fracture on a radiographic study taken in the last few days, this appears to be a metastatic focus.

Pathology review by Dr. Salyer - In a report dated 8/24/11, Dr. Salyer describes the needle biopsy (6/15/11) as showing pleural plaque and the operative biopsy (6/29/11) as showing sarcomatoid mesothelioma. The mesothelioma is invading the soft tissue and the lung. The immunochemical stains are characteristic of mesothelioma. There are 3 asbestos bodies found in 0.7 cm$^2$ of lung tissue. Dr. Salyer concludes that the patient had occupational exposure to asbestos that was the cause of the pleural plaques and mesothelioma.

GENERAL

For nearly 2 decades, Mr. Deason was heavily exposed to asbestos, from approximately age 20 to 38. He worked in a continuously dusty environment, in close quarters. His heavy exposure is confirmed by the finding of multiple pleural plaques on the chest radiograph and CT in 3/10 and by the finding of a high burden of asbestos in the lung as described by Dr. Salyer.

He has extensive, inoperable sarcomatoid mesothelioma which presumably was present in 3/10 with the onset of unusual and progressive chest pains. It was not recognized at that time but grew until it had caused a serious decrease in lung function as evidenced by the onset of shortness of breath, decrease in pulmonary function, circumferential pleural involvement on CT and PET/CT and a decrease in left hemithorax size. His new and devastating leg pain now appears to be from a femoral neck fracture (by report of a radiograph taken after I saw Mr. Deason) that may be evidence of metastatic spread from the mesothelioma, an unusual occurrence but consistent with the PET avidity seen at that location on the PET scan of 8/8/11.

DEASON, JAMES V.
Page 6

Dec. 5, 2011

Mr. Deason has led an active life. He clearly has loved his work and has taken great pride in it. He expected to continue his work for another 20 years. He loved his active sports activities and travel. In particular, he loves his family. Because of his overall good health and high level of fitness, he could have been expected to live into his 70's, as has his mother. His only other potential medical problem, the mild to moderate coronary artery atherosclerosis, was only discovered incidentally. In retrospect, the coronary findings had limited his exercise capacity and had not been the cause of his chest pain.

Instead, he has suffered increasing chest pain over more than a year. He is now debilitated and may be having metastatic spread of disease to his femur. He is unable to work and grieves that he will not see his grandchildren grow up.

Sarcomatoid mesothelioma is highly resistant to therapy. Usually, the tumor kills by relentless invasion of vital thoracic structures. When diagnosed in 6/11, Mr. Deason's mesothelioma was already invading the chest wall and lung. Due to his increasing leg pain and symptoms of dysphagia for solids, I fear that the mesothelioma has spread to involve bones and the mediastinum. Due to his recurrent chest pain, it is most likely that the mesothelioma has not responded to the 2 cycles of chemotherapy, suggesting that only palliative therapy will be offered to him. An upcoming PET/CT scan will clarify the current extent of disease.

DIAGNOSES
1. Sarcomatoid mesothelioma, Stage IV, with probably involvement of mediastinum and femur, inoperable and chemoresistant.
2. Mild to moderate coronary atherosclerosis
3. Status post L4-L5 fusion

SUMMARY
Mr. Deason was exposed to occupational levels of asbestos during his work on boilers over nearly 2 decades as a young adult. He has extensive, inoperable sarcomatoid mesothelioma, which has probably been present since he first developed chest pain in 3/10. It has not responded to chemotherapy. The mesothelioma has impaired his quality of life and will shorten his lifespan considerably.

I conclude with reasonable medical certainty that asbestos is the cause of Mr. Deason's mesothelioma.

Sincerely yours,

V. Courtney Broaddus, MD

Exhibit A - 7

Prepared: 7/20/11

### University of California San Francisco

### CURRICULUM VITAE

**Name:**   **V. Courtney Broaddus**

**Position:**   Professor of Medicine, Step 3
Department of Medicine
School of Medicine

**Address:**   Division of Pulmonary & Critical Care Medicine
San Francisco General Hospital
UCSF Box 0841
San Francisco, CA 94110-0841

Voice: (415) 206-3513
Fax: (415) 206-4123
Email:cbroaddus@medsfgh.ucsf.edu

### EDUCATION:

| | | | |
|---|---|---|---|
| 1971-1975 | Duke University, Durham, NC | B.S. | Summa Cum Laude, Zoology |
| 1975-1979 | University of Pennsylvania | M.D. | Medicine |
| 1979-1980 | University of Pennsylvania | Intern | Medicine |
| 1980-1982 | University of Pennsylvania | Resident | Medicine |
| 1983-1986 | University of California, San Francisco | Fellow | Pulmonary/ Critical Care Medicine |

| | | |
|---|---|---|
| 2001-2002 | Comprehensive Cancer Center, UCSF | Sabbatical |
| | | Laboratory of Gerard Evan, Ph.D. |
| 2007 | Leadership Development for Physicians in Academic Health Centers | |
| | | Harvard School of Public Health |

### LICENSES, CERTIFICATION:

| | | |
|---|---|---|
| 1982 | Medical License, California | G-049379 |
| 1982 | Internal Medicine | American Board of Internal Medicine |
| 1986 | Pulmonary Disease | American Board of Internal Medicine |

### PRINCIPAL POSITIONS HELD:

| | | | |
|---|---|---|---|
| 1986-1988 | University of California, SF | Instructor in Residence | Medicine |
| 1988-1995 | University of California, SF | Assistant Professor in Residence | Medicine |
| 1995-1997 | University of California, SF | Associate Professor in Residence | Medicine |
| 1997-2001 | University of California, SF | Associate Professor | Medicine |
| 2001-now | University of California, SF | Professor | Medicine |

### OTHER POSITIONS HELD CONCURRENTLY:

| | | |
|---|---|---|
| 1998-now | Dept of Medicine | Chief, Division of Pulmonary and Critical Care Medicine, SFGH |

Exhibit A - 8

V. Courtney Broaddus

## HONORS AND AWARDS:

| | |
|---|---|
| 1974 | Phi Beta Kappa, Junior Year |
| 1975 | Summa Cum Laude |
| 1978 | Alpha Omega Alpha, Junior Year |
| 1979 | Janet M.Glasgow Memorial Award and Citation |
| 1985 | Individual National Research Service Award, NIH |
| 1987 | Clinical Investigator Award, NHLBI |
| 1988 | American Physiological Society, Elected |
| 1991 | Distinction in Teaching Award, Academic Senate, UCSF |
| 1991 | Associate, Scientific Staff, Cardiovascular Research Institute, Elected |
| 1992 | Pre-tenure Award, UCSF |
| 1999-2002 | President, International Mesothelioma Interest Group |
| 2003 | Nomination for Most Outstanding Teacher, UCSF Women In Medicine |
| 2005-2011 | Best Doctors in America, Selected |
| 2005 | Faculty of the Year Award, SFGH Association of Business Officers' Group |
| 2006 | Western Society of Clinical Investigation, Elected |
| 2007&2008 | Nomination for Subspecialist Consultant of the Year Award, SFGH |
| 2008 | Nomination for Wagner Award, International Mesothelioma Interest Group |
| 2010 | Michael S. Stulbarg Outstanding Teaching Award, UCSF Pulmonary |
| 2010 | Pioneer Award, The Mesothelioma Applied Research Foundation. |

## KEYWORDS/AREAS OF INTEREST:

Apoptosis, mesothelioma, macrophages, synergy, 3-dimensional models, TRAIL (TNF-related apoptosis-inducing ligand), pleural disease, pleural effusions, asbestos.

## PROFESSIONAL ACTIVITIES

CLINICAL

Attending, Medical Intensive Care Unit, SFGH: I attend 1 month of the year on the ICU, 7 days a week, supervising 8 senior residents and interns.

Attending, Pulmonary Consult Service, SFGH: I attend 1 month each year seeing inpatients with pulmonary problems, 5 days a week, supervising 2 fellows and 1-2 residents/medical students.

## PROFESSIONAL ORGANIZATIONS

Memberships
Lung Biology Center, San Francisco General Hospital
Thoracic Oncology Research Group, UCSF Cancer Center
Cardiovascular Research Institute, University of California, San Francisco
Western Society of Clinical Investigation
American Thoracic Society
California Thoracic Society
International Mesothelioma Interest Group
Mesothelioma Applied Research Foundation
International Association for the Study of Lung Cancer (IASLC)

2

Exhibit A - 9

V. Courtney Broaddus

Service to Professional Organizations

| 1988-1992 | ALA/American Thoracic Society | Research Fellowship Review Committee |
|---|---|---|
| 1989-1991 | ALA/American Thoracic Society | Manpower Review Committee |
| 1991-1992 | American Thoracic Society | Program Committee, Respiratory Structure and Function |
| 1993-1994 | American Thoracic Society | Nominating Committee, Respiratory Cell and Molecular Biology |
| 1994-1995 | American Thoracic Society | Women's Affairs Committee |
| 1994-1997 | American Thoracic Society | Program Committee, Respiratory Cell and Molecular Biology |
| 1995-1997 | California Lung Association | Research Fellowship Committee |
| 1995-2001 | American Thoracic Society | Long Range Planning Committee, Respiratory Cell and Molecular Biology |
| 1995-1997 | American Thoracic Society | Program and Budget Committee |
| 1995-1999 | Am Federation for Med Research | UCSF Representative |
| 1997-2003 | American Lung Association of CA | Research Administrative Committee |
| 1999-2002 | Intl Mesothelioma Interest Group | President |
| 1999-2001 | American Thoracic Society | Chair, Long Range Planning Committee, Respiratory Cell and Molecular Biology |
| 2000-2002 | American Thoracic Society | Planning on ATS Research Agenda |
| 2000-2002 | American Thoracic Society | Assembly Structure Task Force |
| 2003-2004 | American Thoracic Society | Education Committee |
| 2003-2007 | American Thoracic Society | Scientific Advisory Committee |
| 2005-now | International Mesothelioma Interest Group | Member, Board of Directors Scientific Organizing Committee |
| 2006-now | Intl Mesothelioma Interest Group | Chair, Website Subcommittee |
| 2007-2009 | American Thoracic Society | Chair, Nominating Committee, Respiratory Cell and Molecular Biology |
| 2007-2008 | American Thoracic Society | Member, Search Committee for Editor, Am. Journal of Respiratory Cell Mol. Biol. |
| 2008-2011 | Mesothelioma Applied Research Foundation | Member, Scientific Advisory Board |

## SERVICE TO PROFESSIONAL PUBLICATIONS

1990-now    Ad hoc referee for:
            Oncogene (2 papers in last year)
            American Journal of Pathology (1 paper in last year)
            New England Journal of Medicine (2 papers in last year)
            American Journal of Respiratory and Critical Care Medicine (4 papers in 2 years)
            American Journal of Respiratory Cell and Molecular Biology (6 papers in 2 years)

2002-2006   Editor, Murray and Nadel's Textbook of Respiratory Medicine 4th Edition
2007-2010   Editor, Murray and Nadel's Textbook of Respiratory Medicine 5th Edition
2005-now    Principal Editor,
            Website for Murray and Nadel's Textbook of Respiratory Medicine
            www.expertconsult.com
1996-1998   Associate Editor,
            American Journal of Respiratory Cell and Molecular Biology
2000-2007   Editorial Board, American Journal of Physiology:
            Lung Cellular and Molecular Physiology

3

Exhibit A - 10

V. Courtney Broaddus

## INVITED PRESENTATIONS

INTERNATIONAL

International Chemokine Symposium, Bath, England, 1995 (Invited speaker)
International Meeting on the Toxicology of Natural and Man-
   Made Fibrous and Non-Fibrous Particles, Lake Placid, NY, 1996 (Platform)
International Meeting of the Formosan Medical Association, Taiwan, 1999 (Platform)
Centre for Cancer Research and Cell Biology, Queen's University, Belfast, No. Ireland 2008
   (Invited Speaker)
International Mesothelioma Interest Group, Kyoto Japan, 2010 (Invited Speaker)
IASLC/World Conference on Lung Cancer, 2011 (Invited Speaker)

American Thoracic Society International Conference. 1986 (Plenary talk); 1988 (Invited
   speaker, Course on the Academic Pulmonary Physician); 1989 (Invited speaker, Forum on
   Training and Transition); 1992 (Co-Chair, Poster Symposium); 1993 & 1994 (Co-Chair,
   Poster Discussion Symposium, Symposium); 1994 (Invited Speaker, Symposium); 1995
   (Invited Speaker, Symposium; Meet the Professor Seminar); 1995 & 1997 (Chair,
   Speaker, Mini-symposium); 1996 (Co-chair, Speaker, Minisymposium); 1997 (Featured
   speaker, Minisymposium); 1999 (Invited speaker); 2000 (Speaker); 2001 (Co-chair,
   speaker, Mini-symposium); 2003 (Chair, Symposium); 2004 (Co-chair, Symposium; Meet
   the Professor Seminar); 2005 (Invited plenary speaker); 2006 (Invited Speaker, Participant
   in Expert Clinician Panel); 2007 (Co-Chair, Symposium; Presenter, Trudeau Award;
   Participant in Master Clinician Panel); 2008 (Participant in Master Clinician Panel; Co-
   Chair Symposium; Presenter); 2009 (Invited Clinical Expert in Pleural Disease; Participant
   in Master Clinician Panel; Co-Chair, Minisymposium)

International Mesothelioma Interest Group.  San Francisco, 1993 (Invited Speaker);
   Paris, 1995 (Co-organizer, speaker); United Kingdom, 1999 (Speaker);
   Brescia, Italy, 2003 (Co-organizer, Speaker); Chicago, 2006 (Organizer Apoptosis Satellite
   Session, Co-chair, speaker). 2008 (Invited Plenary Speaker, Co-chair of symposium),
   2009 (Program Planning Executive Committee, Invited Speaker, Chair of Symposia)

NATIONAL

| | |
|---|---|
| 1988 | Advances in Internal Medicine, San Francisco, CA |
| 1989 | Meet the Professor, American College of Physicians, San Francisco, CA |
| 1989 | University of Oklahoma Health Science Center, Oklahoma City, OK |
| 1989 | St. Luke's-Roosevelt Hospital Center, Columbia University, New York, NY |
| 1990 | National Institutes of Health Workshop, Bethesda, MD |
| 1990 | Invited Speaker, Scientific Conference on Acute Lung Injury, American Heart Association, Dallas, TX |
| 1990 | Advances in Internal Medicine, San Francisco, CA |
| 1991 | Advances in Internal Medicine, San Francisco, CA |
| 1994 | Chair and Invited Speaker, Cambridge Health Institute Conference on Inflammatory Cytokine Antagonists, Philadelphia, PA |
| 1994 | Invited Speaker, University of Pennsylvania, Philadelphia, PA |
| 1994 | Gordon Conference on Chemotactic Chemokines |
| 1994 | University of Pennsylvania, Philadelphia, PA |
| 1995 | Texas Thoracic Society, Austin, TX |
| 1996 | Selected Participant, Professional Development Seminar for Senior Women in Medicine, Association of American Medical Colleges, Washington DC |
| 1996 | Co-Moderator, Pleural Disease Minisymposium. American College of Chest Physicians, San Francisco, CA |
| 1997 | Visiting Pulmonary Scholar, Duke-UNC-NCSU-NIEHS-EPA-CIIT, NC |

4

Exhibit A - 11

V. Courtney Broaddus

| | |
|---|---|
| 1998 | Visiting Speaker, St. Thomas Hospital, Vanderbilt Univ, Nashville, TN |
| 1998 | Invited Speaker, First Annual Symposium on the Pleura, |
| | St. Thomas Hospital, Vanderbilt, TN. |
| 1998 | Visiting Professor, Medical Grand Rounds, University of Texas at Tyler, TX. |
| 2000 | Visiting Professor, Stanford University, Palo Alto, CA |
| 2000 | Invited Participant and Co-Chair, American Thoracic Society- |
| | National Institute of Environmental Health Science (ATS-NIEHS) |
| | Workshop-Toronto, Canada |
| 2002 | Visiting Professor, University of Southern California, Los Angeles, CA |
| 2002 | Visiting Professor, Yale University, New Haven, CT |
| 2003 | Visiting Professor, University of Montana, |
| | Center for Environmental Health Sciences, Missoula, MT |
| 2004 | Visiting Professor, University of Pennsylvania, Philadelphia, PA |
| 2006 | Co-Chair, Minisymposium, Experimental Biology, San Francisco, CA. |
| 2006 | Invited Participant and Co-Chair, International Mesothelioma Interest Group, |
| | Apoptosis Satellite Symposium, Chicago, IL |
| 2006 | Invited Speaker, University of Chicago School of Medicine |
| 2006 | Visiting Professor, Northwestern University School of Medicine |
| 2007 | Invited Speaker, International Mesothelioma Program, |
| | Harvard Medical School/Brigham & Women's Hospital, Boston, MA |
| 2008 | Invited Speaker, International Mesothelioma Interest Group, Amsterdam |
| 2009 | Invited Speaker, NIH Mesothelioma Symposium, Bethesda, MD. |
| 2009 | Invited Speaker, ATS/Hawaii Thoracic Society State of the Art Course, |
| | Maui, HI |
| 2009 | Invited Outside Reader, PhD Dissertation, Bonnie Lau, Dept of Pathology, |
| | Brown University, Providence, RI |
| 2009 | Invited Speaker, International Mesothelioma Program, |
| | Workshop on Preclinical Drug and Target Discovery, |
| | Brigham and Womens Hospital, Boston, MA |
| 2010 | Invited Speaker, Mesothelioma Applied Research Foundation, |
| | Washington, DC. |

REGIONAL AND OTHER INVITED PRESENTATIONS

| | |
|---|---|
| 1988 | Medical Grand Rounds, SFGH |
| 1993 | Research Conference on Lung Injury, Genentech, So SF |
| 1994 | SFGH Cellular and Molecular Medicine Seminar |
| 1995 | Medical Grand Rounds, VAMC/ SFGH |
| 1996 | Medical Grand Rounds, Moffitt/UCSF |
| 1996 | Selected Participant, Senior Women's Conference, |
| | University of California San Francisco |
| 1996 | Panel Discussant, UCSF Department of Medicine. |
| 1996 | Medical Grand Rounds, SFGH |
| 1997 | Invited Speaker, UCSF Pulmonary Retreat, Asilomar, CA. |
| 1998 | Invited Speaker, UCSF Pulmonary Retreat, Asilomar, CA. |
| 1998 | Invited Speaker, Thoracic Oncology Conference, UCSF/Stanford/Mt. Zion |
| 2000 | Medical Grand Rounds, Stanford University |
| 2000 | Invited speaker, Division of Pulmonary and Critical Care, Stanford Univ. |
| 2000 | Invited Speaker, Pulmonary Research Retreat, UCSF |
| 2003 | Medical Grand Rounds, SFGH |
| 2003 | Invited Speaker, Recent Advances in Pulmonary and Critical Care Medicine |
| 2003 | Invited Speaker, Pulmonary Research Retreat, UCSF |
| 2005 | Invited Speaker, Thoracic Oncology Research Group, UCSF |
| 2005 | Invited Speaker, Radiation Oncology Grand Rounds, UCSF and Mt Zion |

5

V. Courtney Broaddus

2006   Invited Speaker, Thoracic Oncology Research Group, UCSF
2006   Invited Speaker, Pulmonary Research Retreat, UCSF
2008   Invited Speaker, Dean's Seminar Series, SFGH
2009   Invited Speaker, Pulmonary Research Retreat, UCSF
2011   Invited Speaker, Cancer, Immunity & Microenvironment Program, UCSF
2011   Invited Speaker, Radiation Oncology Grand Rounds, UCSF

**GOVERNMENT and OTHER PROFESSIONAL SERVICE:**
1994   Ad Hoc Member, Comparative Medicine Review Committee, NIH
1999   Ad Hoc Reviewer, National Heart, Lung, and Blood Institute
2001   Ad Hoc Reviewer, National Cancer Institute
2002   Invited Member, NIH Center for Scientific Review, Special Emphasis Panel,
         Experimental Therapeutics Panel (ZRG1 ET-1).
2004   Site Reviewer, Program Project Grant Review Committee, NCI.
         MGH/Brigham and Women's, Boston, MA
2005   Invited Member, National Asbestos Research Working Group
                National Health and Medical Research Council, Australia
2006   Invited Participant, NHLBI Strategic Plan for the Division of Lung Diseases
2009   Reviewer, FY09 Peer-reviewed Medical Research Program, AIBS,
         US Army Medical Research and Materiel Command
2009   Expert Panel Member, NIEHS Asbestos Mechanism of Action Workshop
2010   Ad Hoc Reviewer, Special Emphasis Panel,
         Respiratory Integrative Biology and Translational Research Study Section
2011   Member, U.S. EPA Science Advisory Board Committee,
         Libby Asbestos Review Panel   (Nominated, Approval Pending)


**UNIVERSITY AND PUBLIC SERVICE**
**UNIVERSITY SERVICE**
UCSF CAMPUS-WIDE
1996-1998   Member, Chancellor's Award for the Advancement of Women Committee
2003-now    Member, Academic Senate Committee on Research, UCSF
2005        Chair, Academic Senate Task Force Reviewing
                University of California Policy on Human Subject Injury
2006-2007   Member, Reconvened SFGH Subcommittee of the
                Chancellor's Advisory Committee on the
                Long Range Planning Amendment
2006 & 2007 Faculty Presenter, Inaugural Faculty Welcoming Week,
                Chancellor's Council on Faculty Life, "Building a Research Career"
2007        Small group leader, Junior faculty retreat,
                Striving & Thriving in the Academic World,
                Chancellor's Advisory Committee on the Status of Women

SCHOOL OF MEDICINE
1988-1989   Internship Selection Committee, Univ. of Calif, San Francisco
2005        Member, Stewardship Review Committee,
                Chair of Dermatology, UCSF
2005        Member, Ad Hoc Subcommittee on Faculty Misconduct,
                Office of Academic Affairs
2006- 2007  Member, Search Committee for Chair, Department of Medicine
2006- 2007  Member, Select Subcommittee of Search Committee for Chair,
                Department of Medicine, UCSF
2007        Invited speaker, The Senior Faculty Career Challenge,
                Dean's Office of School of Medicine.
                "Strategies for revitalizing divisional goals/function"

6

Exhibit A - 13

V. Courtney Broaddus

| | |
|---|---|
| 2007- 2010 | Member, Scholarships and Awards Committee, UCSF School of Medicine |

DEPARTMENT OF MEDICINE

| | |
|---|---|
| 1988-1989 | Member, Bylaws Committee, San Francisco General Hospital |
| 1989 | Member, Program Planning Committee<br>Recent Advances in Pulmonary & Critical Care Medicine<br>(8th Annual), University of California, San Francisco |
| 1989-2000 | Member, Critical Care Committee, San Francisco General Hospital |
| 1990-1991 | Chair, Program Planning<br>Recent Advances in Pulmonary & Critical Care Medicine<br>(9th and 10th Annual), Univ of California, San Francisco |
| 1990-present | Member, Steering Committee of the Pulmonary Research Group,<br>University of California, San Francisco (elected) |
| 1993-present | Member, Pulmonary Fellowship Selection Committee,<br>University of California, San Francisco |
| 1994-present | Member, Pulmonary Research Group Retreat Planning Committee |
| 1994-1996 | Member, Search Committees for Chief of Surgical Research and<br>Chief of Rheumatology, San Francisco General Hospital |
| 1996-1998 | Member, Task Force on Diversity, University of California, SF |
| 1996-1999 | Member, Search Committee for Joint Appointment in<br>Radiology/Pulmonary and Critical Care Medicine,<br>San Francisco General Hospital |
| 1996-2002 | Member, Promotions Subcommittee, Academic Senate,<br>University of California, San Francisco |
| 1996-1997 | Member, Executive Committee, Department of Medicine, SFGH |
| 1996-2002 | Board Member, UCSF/Macy's Center for Creative Therapies,<br>San Francisco General Hospital |
| 1997 | Member, Search Committee, first Associate Chair for Biomedical Research,<br>Department of Medicine, UCSF |
| 1997-1998 | Member, Search Committee for Chief of Cardiology, SFGH |
| 1998-1999 | Member, Search Committee for Chief of Gastroenterology, SFGH |
| 1998-1999 | Member, Search Committee, Chief, Pulmonary and Critical Care Med, UCSF |
| 1998-2000 | Member, General Clinical Research Center Advisory Committee |
| 1999-2000 | Member, Search Committee for Thoracic Surgeon, SFGH |
| 2000 | Member, Search Committee for Chief of Radiology, SFGH |
| 2000 | Member, Search Committee for Manager, Department of Medicine, SFGH |
| 2003-2004 | Chair, Search Committee , Chief of Pulmonary & Critical Care Medicine,<br>Veteran's Administration Medical Center, UCSF |
| 2005-2006 | Member, Search Committee for Chest Radiologist, SFGH |
| 2005 | Member, John Carbone Chair Nominating Committee |
| 2006- | Member, Search Committee for Scientist, Surgical Research Laboratory |
| 2006-2007 | Member, Search Committees for Gastroenterology FTE |
| 2006-current | Chair, Committee to Establish John F. Murray Distinguished Professorship |
| 2008-now | Member, Search Committee for Lung Biology Center Physician-Scientist |
| 2008-now | Member, Search Committee for Chief,<br>Division of Pulmonary & Critical Care Medicine, UCSF |
| 2009-now | Chair, Search Committee for Pulmonary Faculty Member, SFGH/UCSF. |
| 2009-now | Member, Recruitment and Retention Workgroup,<br>Department of Medicine Strategic Plan |
| 2011 | Member, Search Committee for Associate Chair of Research |
| 2011 | Chair, Search Committee for Director, Medical ICU, SFGH |
| 2011 | Member, Search Committee for Hospital Director of Critical Care Medicine,<br>SFGH |

Exhibit A - 14

V. Courtney Broaddus

## PUBLIC SERVICE

| | |
|---|---|
| 1997 | Presenter on Asbestos-Related Diseases, Gloria R. Davis Academic Middle School |
| | Asbestos Exposure & Risk Assessment, S.F. Department of Public Health |
| 1997 | Coordinator, Cigarette Smoke Demonstration, Take Your Daughters to Work Day |
| 2005-7 | Lecturer on Avian and Mammal Lungs, San Francisco Day School |
| 2008-9 | Fundraiser, Annual Fund, International High School, San Francisco. |
| 2009-11 | Class Captain, Annual Fund, International High School, San Francisco. |

## TEACHING AND MENTORING

Other Courses

| | |
|---|---|
| 1990-now | Pulmonary Physiology Seminars (2 hours/year) |
| 1990 | Faculty Leader, Preparing Interns for Residency |
| 1990-now | Medical Service Conferences |
| 1991 | Women's Medical Student Association Retreat |
| 1993-2003 | Lecturer to Medical Residents (Parnassus, SFGH, VAMC) |
| 1987-2002 | Speaker, Recent Advances in Pulmonary & Critical |
| | Care Medicine |
| 1998-now | Summer Seminar Series and Practical Sessions on Pleural Disease |
| 2004 | Faculty Coach and Presenter for Junior Faculty, |
| | Mid-Term Appraisal for Faculty at UCSF |
| 2004 | Annual PIBS/BMS Course, |
| | Ethics and the Responsible Conduct of Research |
| 2005 | Lecturer to Medical Residents (Parnassus, SFGH, VAMC) |
| 2005-2007 | Workshop Leader, Mid-term Appraisal for Faculty at UCSF |

Predoctoral Students Supervised

| Dates | Name | Position while supervised | Current position |
|---|---|---|---|
| 1995-1997 | Sudha Rani Narasimha | Medical Student | Medical Resident, UCLA |
| 1997-1999 | Jack Wu | Undergraduate | Medical resident<br>Cook County, Chicago, IL |
| 2002-2004 | Kevin Lee | Undergraduate | Medical student |
| 2009- 2010 | Nikita Kolhatkar | Graduate | current |

Graduate Students Supervised

| Dates | Name | Position while supervised | Current position |
|---|---|---|---|
| 2005-6 | Dario Barbone | Graduate student | Postdoctoral scholar, UCSF |
| 2008-9 | Bonnie Lau | Graduate student | MD/PhD Brown University |

Postdoctoral Fellows Supervised

| Dates | Name | Position while supervised | Current position |
|---|---|---|---|
| 1989-1991 | Alice M. Boylan, MD | Pulmonary research fellow | Associate Professor of Medicine<br>Medical Univ of South Carolina |
| 1991-1993 | Rex Yung, MD | Pulmonary research fellow | Associate Professor of Medicine<br>Johns Hopkins Univ. |
| 1993-1995 | Hans Folkesson, PhD | Postdoctoral research fellow | Associate Professor of Physiology<br>Northeastern Ohio University, OH |
| 1995-1996 | Jamie Bigelow, MD | Pulmonary research fellow | Pulmonologist<br>St. Francis Hospital, SF |
| 1996-1997 | Evaldo Marchi, MD | Visiting research fellow | Professor of Surgery<br>Sao Paolo, Brazil |
| 1998-2000 | Tom Geiser, MD | Postdoctoral research fellow | Associate Professor of Medicine<br>University Hospital, Bern, SW |

8

Exhibit A - 15

V. Courtney Broaddus

| 2000-2001 | Masa Ishigaki, MD PhD | Visiting research fellow | Associate Professor, Japan |
|---|---|---|---|
| 2000-2003 | Claire Vivo, PhD | Postdoctoral research fellow | Research Scientist<br>Ordway Research Institute, NY |
| 2003-2004 | Ki Up Kim, MD | Visiting research fellow | Professor of Medicine,<br>Chief of Pulmonary Division<br>Soonchunhyang University Hosp.<br>Seoul, South Korea |
| 2004-2005 | Lorriana Leard, MD | Pulmonary research fellow | Assistant Prof of Medicine, UCSF<br>Associate Director, UCSF<br>Fellowship Program |
| 2003-2006 | Keith Abayasiriwardana, PhD | Postdoctoral research fellow | Senior Scientist,<br>Vaccine Research, Pfizer |
| 2006- 2008 | Tsung-Ming Yang, MD | Postdoctoral research fellow | Assistant Professor,<br>Chiayi Chung-Gung Memorial Hosp<br>Chiayi, Taiwan |
| 2008-on | Eunice Kim, MD | Pulmonary Fellow | Pulmonary Research Fellow |
| 2008-on | Denitza Blagev, MD | Pulmonary Fellow | Pulmonary Research Fellow |
| 2008-on | Joyce Lee, MD | Pulmonary Fellow | Pulmonary Research Fellow |
| 2009-on | Joshua Galanter, MD | Pulmonary Fellow | Pulmonary Research Fellow |
| 2006-now | Dario Barbone, PhD | Postdoctoral Research Fellow | Postdoctoral Research Fellow |
| 2010-now | Sailaja Battula, PhD | Postdoctoral Research Fellow | Postdoctoral Research Fellow |

PROTEI**I**NFORMAL TEACHING
1987-now:   Attending Rounds, Pulmonary Consult Service, SFGH
                    (1 month/year with 2 fellows, 1 medical student and/or resident)
1987-now:   Attending Rounds, Medical ICU Service, SFGH
                    (1.5 month/year with 4 3rd year residents and 4 interns/ informal and formal teaching)
1999-2002   Attending Rounds, Medicine Service, SFGH

## FACULTY MENTORING

I have selected some representative examples of mentoring relationships from recent years.

| Dates | Name | Position While Mentoring | Role | Current Position |
|---|---|---|---|---|
| 2000-2002 | David Morris, MD | Division chief | Informal advisor | Head Respiratory Research Roche, Palo Alto, CA |
| 2000-2005 | Robert Jasmer, MD | Division chief | Advisor | Physician, private practice |
| 2004-now | Payam Nahid, MD | Division chief | Advisor, Reviewed grants | Assoc Prof, UCSF |
| 2004-now | Mary Gray, MD | LBC Assoc Director | Recruited into LBC, collaborator/advisor | Assoc Prof, UCSF |
| 2002-now | Laura Koth, MD | LBC Assoc. Dir. | Career advisor | Asst Prof, UCSF |
| 2004-now | Lorriana Leard, MD | Lab head/Div.chief | Advisor, formal mentor | Asst Prof, UCSF |
| 2005-2007 | Dana McClintock, MD | Career committee | Selected formal mentor | Physician, academic practice |
| 2005-now | Harold Collard, MD | Division chief | Advisor, reviewed grants | Asst Prof, UCSF |
| 2006-2010 | Janet Diaz, MD | Division chief | Advisor | Asst Prof, UCSF |
| 2010-now | Antonio Gomez, MD | Division chief | Advisor | Asst Prof, UCSF |

## TEACHING AWARDS AND NOMINATIONS:
1991            Distinction in Teaching Award, Academic Senate, UCSF
2003            Nomination for Most Outstanding Teacher, UCSF Women In Medicine
2007 & 2008  Nominations for Subspecialist Consultant of the Year Award,
                      SFGH Dept of Medicine
2010            Michael S. Stulbarg Outstanding Teaching Award,
                      Pulmonary & Critical Care Medicine, UCSF

9

V. Courtney Broaddus

**SUMMARY OF TEACHING HOURS:**
2009-2010    Total anticipated hours of teaching: 540
            Formal class or course teaching hours: 20
            Informal teaching hours: 250    Mentoring hours: 270

10

Exhibit A - 17

V. Courtney Broaddus

## RESEARCH AND CREATIVE ACTIVITIES
### RESEARCH AWARDS AND GRANTS

<u>ACTIVE:</u>

**Supporting Agency:** Peer-Reviewed Medical Investigator-Initiated Research Program –
Department of Defense
**Grant Title:** *The Role of Macrophage-induced Inflammation in Mesothelioma.*
**Role on project :** Principal Investigator
**Time Commitment to Project:** 3 Calendar Months Effort (25%)
**Total Funding Period:** 04/01/2009 – 3/31/2012          **Direct Dollars: $300,000 / yr 1**
                                                                                   **$900,000 / yr 1-3**

**Project Overlap:** None
**Goals:** To demonstrate the functional significance of macrophages as promoters of tumor
cell survival in mesothelioma and determine whether tumor-associated macrophages can
be repolarized to enhance mesothelioma cell apoptosis.
**Specific Aims:** 1. To determine the functional significance of macrophage phenotype in
mesothelioma. 2. To determine the functional significance of macrophages as regulators of
mesothelioma apoptosis in vitro. 3. To define the functional significance of macrophage
depletion or repolarization on mesothelioma survival in vivo.


**Supporting Agency:** Ireland- NCI Cancer Consortium
**Total Funding Period:** 1/1/2009 – 12/31/2011
**Grant Title:** *Role of the Bcl-2 Family in Apoptotic Resistance of Mesothelioma to
Bortezomib.*
**Role on project:** Co-Principal Investigator
**Time Commitment to Project:** No time          **Direct Dollars: $135,000 / yr**

**Program Overlap:** None
**Goals:** To support a post-doctoral fellow to determine the mechanism of apoptotic
resistance in 3 dimensional models of mesothelioma.
**Specific Aims:** 1) To study the mitochondrial anti-apoptotic repertoire that determines
resistance of mesothelioma to bortezomib. 2) To uncover the role of the mitochondrial anti-
apoptotic repertoire that contributes to the acquired apoptotic resistance in 3D models to
bortezomib.


**Supporting Agency:** NCI
**Grant mechanism:** RO1 CA135358-01
**Total Funding Period:** 8/11/2008 – 5/31/2012
**Grant Title:** *Targeted Liposomal Radiotherapy of Malignant Mesothelioma*
**Role on project:** Co-Investigator
**Time Commitment to Project:** 5%

**Program Overlap:** None
**Goals:** To engineer nanoliposomes as the dose delivery media to carry high payload of
radionuclides for specific targeting of the mesothelioma  tumor cells.
**Specific Aims:** 1) To identify optimal scFv antibodies targeting to malignant mesothelioma
from a panel of 15 antibodies we have recently discovered. The native antibodies will be
labeled with 99mTc for in vitro and in vivo. 2) To focus on the 177Lu labeling of the
nanosized liposome conjugated with optimal antibody (177Lu-LP-scFv) to achieve high
specific activity and characterize the targeting capability, stability and radiolysis in vitro 3)
To determine the biodistribution and treatment efficacy of the best 177Lu-LP-scFv in mice
with malignant peritoneal mesothelioma xenografts.

11

V. Courtney Broaddus

### *Past*

| | |
|---|---|
| NIH Institutional National Research Service Award (HL07185) | 1983-1985 |
| NIH Individual National Research Service Award (HL07271) | 1985-1986 |
| Academic Senate Committee on Research Grant | 1986 |
|    Origin of pleural effusions in volume-loaded sheep | |
| Academic Senate Committee on Research Grant | 1988 |
|    Origin of pleural effusions in hydrostatic pulmonary edema | |
| NHLBI Pulmonary Vascular SCOR (HL19155) (PI) | 1986-1991 |
|    Dynamics of pleural liquid turnover in health and disease. | |
| American Lung Association Research Grant, | 1987-1989 |
|    Formation of pleural effusions in pleural inflammation. | |
| Clinical Investigator Award, NHLBI (KO8 HL01893) | 1987-1992 |
|    Comparative physiology of the normal and inflamed pleura. | |
| NHLBI Pulmonary Vascular SCOR (HL19155) (Co-Investigator) | 1991-1993 |
|    Mechanisms of acute pleural and lung injury. | |
| Pretenure Award, University of California, San Francisco | 1992-1993 |
|    Mechanisms of interaction of asbestos and mesothelial cells. | |
| Corvas International, San Diego, CA. (Co-Investigator) | 1993-1994 |
|    The role of rabbit IL-8 in neutrophil-mediated inflammation. | |
| Genentech (PI) | 1993-1994 |
|    The role of rabbit IL-8 in neutrophil-mediated inflammation. | |
| RO1 ES06331 (NIEHS) (PI) | 1994-1998 |
|    Molecular interactions of asbestos and mesothelial cells. | |
| Genentech (PI) | 1995-1997 |
|    The role of rabbit IL-8 in sepsis. | |
| Research Evaluation and Allocation Committee Grant, UCSF | 1996-1997 |
|    The role of fiber internalization in mediating the toxic effects of asbestos on mesothelial cells. | |
| Principal Investigator, Tobacco-related Disease Research Program | 1998-2001 |
|    Programmed cell death in cigarette-induced lung disease. | |
| RO1 ES08985 (NIEHS) (PI) | 1997-2002 |
|    Protective role of apoptosis in asbestos pleural injury. | |
| RO1 ES08985 (NIEHS) (PI) | 2000-2002 |
|    Supplement for microarray studies. | |
| Peterson Family Foundation (PI) | 2005-2007 |
|    Role of Akt/mTOR in mesothelioma. | |
| Buzzi Foundation, Italy | 2005-2007 |
|    Role of PI3K/Akt/mTOR pathway in resistance to apoptosis. | |
| RO1 CA95671 (NIH/NCI) (PI) | 2003-2009 |
|    Amplification of TRAIL-induced apoptosis in mesothelioma. | |
| Mesothelioma Applied Research Foundation Award. | 2007-2009 |
|    Antibody development against mesothelioma. | |

V. Courtney Broaddus

**PEER REVIEWED PUBLICATIONS:**

1. BROADDUS C, Dake M, Stulbarg MS, Blumenfeld W, Hadley K, Golden JA, Hopewell PC.
   Bronchoalveolar lavage and transbronchial biopsy for the diagnosis of pulmonary infections in
   patients with the acquired immunodeficiency syndrome. Ann Intern Med 102:747-752, 1985.

2. Wiener-Kronish JP, Goldstein R, Matthay RA, Biondi JW, BROADDUS VC, Chatterjee K, Matthay
   MA. Lack of association of pleural effusion with chronic pulmonary arterial and right atrial
   hypertension. Chest 92:967-970, 1987.

3. BROADDUS VC, Wiener-Kronish JP, Berthiaume Y, Staub NC. Removal of pleural liquid and
   protein by lymphatics in awake sheep. J Appl Physiol 64:384-390, 1988.

4. Berthiaume Y, BROADDUS VC, Gropper MA, Tanita T, Matthay MA. Alveolar liquid and protein
   clearance from normal dog lungs. J Appl Physiol 65:585-593, 1988.

5. Wiener-Kronish JP, BROADDUS VC, Albertine KH, Gropper MA, Matthay MA, Staub NC.
   Relationship of pleural effusions to increased permeability pulmonary edema in anesthetized
   sheep. J Clin Invest 82:1422-1429, 1988.

6. BROADDUS VC, Wiener-Kronish JP, Staub NC. Clearance of lung edema into the pleural space
   of volume-loaded anesthetized sheep. J Appl Physiol 68:2623-2630, 1990.

7. BROADDUS VC, Araya M, Carlton DP, Bland RD. Developmental changes in pleural liquid
   protein concentration in sheep. Am Rev Resp Dis 143:38-41, 1991.

8. Jacobson MA, Mills J, Rush J, Peiperl L, Seru V, Mohanty PK, Hopewell PC, Hadley WK,
   BROADDUS VC, Leoung G, Feigal DW. Morbidity and mortality of patients with AIDS and first-
   episode *Pneumocystis carinii* pneumonia unaffected by concomitant pulmonary cytomegalovirus
   infection. Am Rev Respir Dis 144:6-9, 1991.

9. BROADDUS VC, Araya M. Liquid and protein dynamics using a new, minimally invasive pleural
   catheter in rabbits. J Appl Physiol 72:851-857, 1992.

10. Boylan AM, Rüegg C, Hoeffel J, Kim KJ, Hébert CA, Pytela R, Sheppard D, Goldstein IM,
    BROADDUS VC. Evidence of a role for mesothelial cell-derived interleukin-8 in the pathogenesis
    of asbestos-induced pleurisy in rabbits. J Clin Invest 89:1257-1267, 1992.

11. BROADDUS VC, Hébert CA, Vitangcol RV, Hoeffel JM, Bernstein MS, Boylan AM. Interleukin-8
    is a major neutrophil chemotactic factor in pleural liquid of patients with empyema. Am Rev
    Respir Dis 146:825-830, 1992.

12. BROADDUS VC, Feigal DW Jr. Starting an academic career: a survey of junior academic
    pulmonary physicians. Chest 105:1858-1863, 1994.

13. BROADDUS VC, Hoeffel JM, Boylan AM, Sadick M, Chuntharapai A, Kim KJ, Hébert CA.
    Neutralization of interleukin-8 inhibits neutrophil influx in a rabbit model of endotoxin-induced
    pleurisy. J Immunol 152:2960-2967, 1994.

14. Boylan AM, Hébert CA, Sadick M, Wong WL, Hoeffel JM, Hartiala KT, BROADDUS VC.
    Interleukin-8 is a major component of pleural liquid chemotactic activity in a rabbit model of
    endotoxin pleurisy. Am J Physiol Lung Cell Mol Physiol 267(11):L137-L144, 1994.

13

Exhibit A - 20

V. Courtney Broaddus

15. Folkesson HG, Matthay MA, Hébert CA, BROADDUS VC.  Acid aspiration lung injury in rabbits is mediated by interleukin-8 dependent mechanisms.  J Clin Invest 96:107-116, 1995.

16. Boylan AM, Sanan DA, Sheppard D, BROADDUS VC.  Vitronectin enhances internalization of crocidolite asbestos by rabbit pleural mesothelial cells via the integrin □v□5.  J Clin Invest 96:1987-2001, 1995.

17. BROADDUS VC, Yang L, Scavo LM, Ernst JD, Boylan AM.  Asbestos induces apoptosis of human and rabbit pleural mesothelial cells via reactive oxygen species.  J Clin Invest 98:2050-2059, 1996. (* identified by the Editors as being of broad interest)

18. BROADDUS VC, Yang L, Scavo LM, Ernst JD, Boylan AM.  Crocidolite asbestos induces apoptosis of pleural mesothelial cells: Role of reactive oxygen species and poly (ADP-ribosyl) polymerase.  Environ Health Perspect 105 (Suppl 5):1147-1152, 1997.

19. Narasimhan SR, Yang L, Gerwin BI, BROADDUS VC.  Resistance of pleural mesothelioma cell lines to apoptosis: relation to expression of Bcl-2 and Bax.  Am J Physiol (Lung Cell Mol Physiol) 275(19): L165-L171, 1998.

20. Ernst JD, Yang L, BROADDUS VC.  Preparation and characterization of an endogenously fluorescent annexin for detection of apoptotic cells.  Anal Biochem 260:18-23, 1998.

21. Perkins RC, BROADDUS VC, Shetty S, Hamilton S, Idell S. Asbestos upregulates expression of the urokinase-type plasminogen activator receptor on mesothelial cells. Am J Respir Cell Mol Biol 21:637-646, 1999.

22. Miyazaki H, BROADDUS VC, Wiener-Kronish JP, Sawa T, Pittet J-F, Kravchenko V, Mathison JC, Nishizawa H, Hattori S, Yamakawa T, Yamada H, Kudoh I.  The effects of two anti-inflammatory pretreatments on bacterial-induced lung injury.  Anesthesiology 90:1650-1662, 1999.

23. Modelska K, Pittet J-F, Folkesson HG, BROADDUS VC, and Matthay MA.  Acid-induced lung injury: protective effect of anti-interleukin-8 pretreatment on alveolar epithelial barrier function in rabbits.  Am J Respir Crit Care Med 160:1450-1456, 1999.

24. Marchi E, Liu W, BROADDUS VC.  Mesothelial cell apoptosis is confirmed in vivo by morphologic change in cytokeratin distribution. Am J Physiol Lung Cell Mol Physiol 278: L528-L535, 2000.

25. Levresse V, Renier A, Levy F, BROADDUS VC, Jaurand M-C.  DNA breakage in asbestos-treated normal and transformed (TSV40) rat pleural mesothelial cells.  Mutagenesis 15(3): 239-244, 2000.

26. Liu W, Ernst JD, BROADDUS VC.  Phagocytosis of crocidolite asbestos induces oxidative stress, DNA damage and apoptosis in mesothelial cells. Am J Respir Cell Mol Biol 23(3): 371-378, 2000.

27. Wu J, Liu W, Koenig K, Idell SI, BROADDUS VC.  Vitronectin adsorption to chrysotile asbestos increases phagocytosis and toxicity for mesothelial cells.  Am J Physiol Lung Cell Mol Physiol 279:L916-L923, 2000.

28. Cambier S, Mu DZ, O'Connell D, Boylen K, Travis W, Liu W, BROADDUS VC, Nishimura SL.  A role for the integrin αvβ8 in the negative regulation of epithelial cell growth.  Cancer Res 60(24): 7084-7093, 2000.

14

Exhibit A - 21

V. Courtney Broaddus

29. Liu W, Bodle E, Chen JY, Gao M, Rosen GD, BROADDUS VC. Tumor necrosis factor-related apoptosis-inducing ligand (TRAIL) and chemotherapy cooperate to induce apoptosis in mesothelioma cell lines. Am J Respir Cell Mol Biol 25(1):111-8, 2001.

30. Mu D, Cambier S, Fjellbirkeland L, Baron JL, Munger JS, Kawakatsu H, Sheppard D, BROADDUS VC, Nishimura SL. The integrin $\alpha v \beta 8$ mediates epithelial homeostasis through MT1-MMP-dependent activation of TGF-$\beta$1. J Cell Biol 157(3):493-507, 2002.

31. Fjellbirkeland L, Cambier S, BROADDUS VC, Hill A, Brunetta P, Dolganov G, Jablons D, Nishimura SL. Integrin $\alpha v \beta 8$-mediated activation of TGF-$\beta$ inhibits human airway epithelial proliferation in intact bronchial tissue. Am J Pathol 163(2):533-542, 2003.

32. Vivo C, Liu WH, BROADDUS VC. C-Jun N-terminal kinase contributes to apoptotic synergy induced by TRAIL plus DNA damage in chemoresistant, p53 inactive mesothelioma cells. J Biol Chem 278(28):25461-7, 2003.

33. Geiser T, Ishigaki M, van Leer C, Matthay MA, BROADDUS VC. $H_2O_2$ inhibits alveolar epithelial wound repair in vitro by induction of apoptosis. Am J Physiol Lung Cell Mol Physiol 287(2):L448-53, 2004.

34. BROADDUS VC, Dansen TB, Abayasiriwardana KS, Wilson SM, Finch AF, Swigart LB, Hunt AE, Evan GI. Bid mediates apoptotic synergy between TNF-related apoptosis-inducing ligand (TRAIL) and DNA damage. J Biol Chem 280:12486-12493, 2005.

35. Kim KU, Wilson SM, Abayasiriwardana K, Collins R, Fjellbirkeland L, Xu Z, Jablons DM, Nishimura SL, BROADDUS VC. A novel in vitro model of human mesothelioma for studying tumor biology and apoptotic resistance. Am J Respir Cell Mol Biol 33(6):541-8, 2005.

36. Acencio MM, Vargas FS, Marchi E, Carnevale GG, Teixeira LR, Antonangelo L, BROADDUS VC. Pleural mesothelial cells mediate inflammatory and profibrotic responses in talc-induced pleurodesis. Lung 185 (6):343-348, 2007.

37. Araya J, Cambier S, Markovics JA, Wolters P, Jablons D, Hill A, Finkbeiner W, Jones K, BROADDUS VC, Sheppard D, Barzcak A, Xiao Y, Erle DJ, Nishimura SL. Squamous metaplasia amplifies pathologic epithelial-mesenchymal interactions in COPD. J Clin Invest 117 (11): 3551-3562, 2007.

38. Pespeni MH, Hodnett M, Abayasiriwardana KS, Roux J, Howard M, BROADDUS VC*, Pittet JF*. Sensitization of mesothelioma cells to TRAIL-induced apoptosis by heat stress via the inhibition of the 3-phosphoinositide-dependent kinase 1/Akt pathway. Cancer Res 67(6):2865-2871, 2007.

    (* equal contributors as senior author)

39. Abayasiriwardana KS, Barbone D, Kim KU, Vivo C, Lee KK, Dansen TB, Hunt AE, Evan GI, BROADDUS VC. Malignant mesothelioma cells are rapidly sensitized to TRAIL-induced apoptosis by low dose anisomycin via Bim. Mol Cancer Ther 6(10):2766-2776, 2007.

40. Hassan R, BROADDUS VC, Wilson S, Liewehr DJ, Zhang J. Anti-mesothelin immunotoxin SS1P in combination with gemcitabine results in increased activity against mesothelin-expressing tumor xenografts. Clin Cancer Res 13(23):7166-7171, 2007.

41. An F, Drummond DC, Wilson S, Kirpotin DB, Nishimura SL, BROADDUS VC, Liu B. Targeted drug delivery to mesothelioma cells using functionally selected internalizing human single chain antibodies. Mol Cancer Ther 7(3):569-78, 2008.

15

V. Courtney Broaddus

42. Barbone D, Yang TM, Morgan JR, Gaudino G, BROADDUS VC.  Mammalian target of rapamycin contributes to the acquired apoptotic resistance of human mesothelioma multicellular spheroids. J Biol Chem 283(19):13021-13030, 2008.

43. Wilson SM, Barbone D, Yang TM, Jablons DM, Bueno R, Sugarbaker DJ, Nishimura S, Gordon GJ, BROADDUS VC.  mTOR mediates survival signals in malignant mesothelioma grown as tumor fragment spheroids.  Am J Respir Cell Mol Biol 39(5):576-583, 2008.

44. Bidlingmaier S, He J, Wang Y, An F, Feng J, Barbone D, Gao D, Franc B, BROADDUS VC, Liu B. Identification of MCAM/CD146 as the target antigen of a human monoclonal antibody that recognizes both epithelioid and sarcomatoid types of mesothelioma.  Cancer Res 69(4); 1570-1577, 2009.

45. Yang TM, Barbone D, Fennell DA, BROADDUS VC.  Bcl-2 family proteins contribute to apoptotic resistance in lung cancer multicellular spheroids.  Am J Respir Cell Mol Biol 41(1):14-23, 2009.

(* With accompanying editorial)

46. Xiang X, Phung Y, Feng M, Nagashima K, Zhang J, BROADDUS VC, Hassan R, FitzGerald D, Ho M.  The development and characterization of a human mesothelioma in vitro 3D model to investigate immunotoxin therapy.  PLoS ONE 6(1): e14640, 2011.

47. Iyer AK, Lan X, Zhu X, Su Y, Feng J, Zhang X, Gao D, Seo Y, VanBrocklin HF, BROADDUS VC, Liu B, He J. Novel human single chain antibody fragments that are rapidly internalizing effectively target epithelioid and sarcomatoid mesothelioma.  Cancer Res 70(1): 2428-2432, 2011.

48. Iyer AK, Su Y, Feng J, Lan X, Zhu X, Liu Y, Gao D, Seo Y, VanBrocklin HF, BROADDUS VC, Liu B, He J.  The effect of internalizing human single chain antibody fragment on liposome targeting to epithelioid and sarcomatoid mesothelioma.  Biomaterials 32(10):2605-2613, 2011.

49. Barbone D, Ryan J, Kolhatkar N, Chacko AD, Jablons DM, Sugarbaker DJ, Bueno R, Letai AG, Coussens LM, Fennell DA, BROADDUS VC.  The Bcl-2 repertoire of mesothelioma spheroids underlies acquired apoptotic multicellular resistance.  Cell Death and Disease 2, e174, 2011.

**NON-PEER REVIEWED PUBLICATIONS AND OTHER CREATIVE ACTIVITIES:**

**EDITORIALS**
1. BROADDUS VC, Light RW.  What is the origin of pleural transudates and exudates? Chest 102:658-659, 1992.

2. BROADDUS VC.  Asbestos, the mesothelial cell and malignancy: a matter of life or death.  Am J Respir Cell Mol Biol 17:657-659, 1997.

3. BROADDUS VC.  Apoptosis and asbestos-induced disease – is there a connection? J Lab Clin Med 137(5):314-5, 2001.

4. BROADDUS VC.  Diuresis and transudative effusions-changing the rules of the game. Am J Med 110(9):732-5, 2001.

16

Exhibit A - 23

V. Courtney Broaddus

## WORKSHOP OR MEETING SUMMARIES

1. Crapo JD, BROADDUS VC, Brody AR, Malindzak G, Samet J, Wright JR; American Thoracic Society. ATS-NIEHS Workshop on lung disease and the environment; Where do we go from here? Am J Respir Crit Care Med 168(2):250-4, 2003.

2. BROADDUS VC. Advances in Mesothelioma Research. Report of the IMIG meeting. International Pleural Newsletter 2 (3): 10-11, 2004.

3. Carbone M, Albelda SM, BROADDUS VC, Flores RM, Hillerdal G, Jaurand, M-C, Kjaerheim K, Pass HI, Robinson B, Tsao A. Meeting Review: 8th International Mesothelioma Interest Group Oncogene 26 (49): 6959-6967, 2007.

4. Boylan A, Broaddus VC. Pleural Disease. In: Respiratory Disease in America: An ATS Fact Book. Schraufnagel, DE Editor 2010.

5. BROADDUS VC, Everitt JI, Black B, Kane AB. Non-neoplastic and neoplastic pleural endpoints following fiber exposure. J Toxicol Environ Health (Critical Reviews Part B): 14:153-178, 2011.

## REVIEWS

1. Staub NC, BROADDUS VC, Zylak C, Lai-Fook SJ, Light RW, Vinegar R, Gaensler EA, Sahn SA. Pathophysiology of the pleural space. Am Rev Respir Dis 134:820-821, 1986.

2. BROADDUS VC, Berthiaume Y, Biondi JW, Matthay MA. Hemodynamic management of the adult respiratory distress syndrome. J Intensive Care Med 2:190-213, 1987.

3. BROADDUS C and Staub NC. Pleural liquid & protein turnover in health & disease. Sem in Respir Med 9:7-12, 1987.

4. Wiener-Kronish JP, BROADDUS VC. Interrelationship of pleural and pulmonary interstitial liquid. Ann Rev Physiol 55:209-226, 1993.

5. Matthay MA, BROADDUS VC. Fluid and hemodynamic management in acute lung injury. Sem in Respir Med 15:271-288, 1994.

6. BROADDUS, V.C. Infections in the pleural space: An update on pathogenesis and management. Sem in Respir Crit Care Med 16:303-314, 1995.

7. Marchi E, BROADDUS VC. Mechanisms of pleural liquid formation in pleural inflammation. Curr Opinion in Pulmonary Med 3:305-309, 1997.

8. Nishimura SL, BROADDUS VC. Asbestos-induced pleural disease. Clinics in Chest Medicine 19 (2): 311-329, 1998.

9. Leard LE, BROADDUS VC. Mesothelial cell proliferation and apoptosis. Respirology 9: 292-299, 2004.

10. Mutti L, BROADDUS VC. Malignant mesothelioma as both a challenge and an opportunity. Oncogene 23:9155-9161, 2004.

17

Exhibit A - 24

V. Courtney Broaddus

**CHAPTERS**

1. BROADDUS VC, Wiener-Kronish JP. Pleural diseases. In: Annual Review of Pulmonary and Critical Care Medicine, 1986-1987. Philadelphia: Hanley & Belfus, 1986, 115-132.

2. BROADDUS VC, Wiener-Kronish JP. Pleural diseases. In: Annual Review of Pulmonary and Critical Care Medicine, 1987-1988. Philadelphia: Hanley & Belfus, 1987, 197-219.

3. Wiener-Kronish JP, BROADDUS VC. Pleural diseases. In: Annual Review of Pulmonary and Critical Care Medicine, 1988-1989. Philadelphia: Hanley & Belfus, 1989, 85-102.

4. Wiener-Kronish JP, Boylan AM, BROADDUS VC. Pleural diseases. In: Annual Review of Pulmonary and Critical Care Medicine, 1991-1992. Philadelphia: Hanley & Belfus, 1991, 93-106.

5. BROADDUS VC. Cardiac diseases. In: Pulmonary Manifestations of Systemic Disease. JF Murray, ed. New York: Marcel Dekker, Inc., 1991; 59:149-190.

6. Light RW, BROADDUS VC. Disorders of the pleura: general principles and diagnostic approach. In: Textbook of Respiratory Medicine. JF Murray, JA Nadel, eds. 2nd edition. Philadelphia: WB Saunders Co., 1994, 2145-2163.

7. BROADDUS VC. Mechanisms of Pleural Liquid Turnover in the Normal State. UptoDate in Pulmonary and Critical Care Medicine (CDROM), S.E. Weinberger, Editor, American Thoracic Society, 1996-2004.

8. BROADDUS VC. Mechanisms of Pleural Liquid Accumulation in Disease. UptoDate in Pulmonary and Critical Care Medicine (CDROM), S.E. Weinberger, Editor, American Thoracic Society, 1996-2004.

9. BROADDUS VC, Hébert, CA. The Role of IL-8 in Inflammatory Diseases. In: Chemoattractant Ligands and Their Receptors. R. Horuk, Editor. CRC Press: New York. 1996, pp. 1-28.

10. Bigelow JM, BROADDUS VC. Empyema and Lung Abscess. In: Pulmonary/Respiratory Therapy Secrets. P.E. Parsons, J.E. Heffner, Editors. Hanley & Belfus, Inc. Medical Publishers, Phila, PA. 1996, pp. 179-185.

11. BROADDUS VC, Hébert CA. Neutralization of IL-8 in *in Vivo* models of lung and pleural injury. In: Methods in Enzymology. Chemokines and Chemokine Receptors. R. Horuk, Editor. Academic Press. Orlando, FL. 1997; 288: 161-181.

12. BROADDUS VC, Light RW. Disorders of the Pleura: General Principles and Diagnostic Approach (Chapter 73). In: Textbook of Respiratory Medicine. JF Murray, JA Nadel, RJ Mason, HA Boushey, eds. 3rd edition. Philadelphia: WB Saunders Co., 2000; pp. 1995-2012.

13. Light RW, BROADDUS VC. Pleural Effusion. (Chapter 74) In: Textbook of Respiratory Medicine. JF Murray, JA Nadel, RJ Mason, HA Boushey, eds. 3rd edition. Philadelphia: WB Saunders Co., 2000; pp. 2013-2041.

14. Light RW, BROADDUS VC. Pneumothorax, Chylothorax, Hemothorax and Fibrothorax. (Chapter 75) In: Textbook of Respiratory Medicine. JF Murray, JA Nadel, RJ Mason, HA Boushey, eds. 3rd edition. Philadelphia: WB Saunders Co., 2000; pp. 2043-2066.

V. Courtney Broaddus

15. Light RW, BROADDUS VC. Tumors of the Pleura. (Chapter 76) In: Textbook of Respiratory Medicine. JF Murray, JA Nadel, RJ Mason, HA Boushey, eds. 3rd edition. Philadelphia: WB Saunders Co., 2000; pp. 2067-2078.

16. BROADDUS VC, Jaurand MC. Asbestos Fibers and the Biology of Mesothelial Cells. In: Mesothelioma. P Chahinian, BWS Robinson, ed. Gordon & Breach Science Publishers, Harwood Academic Publishers 2004.

17. Bigelow JM, BROADDUS VC. Empyema and Lung Abscess. In: Pulmonary/Respiratory Therapy Secrets. 2nd edition. P.E. Parsons, J.E. Heffner, Editors. Hanley & Belfus, Inc. Medical Publishers, Phila, PA. 2001.

18. BROADDUS VC. Transudative pleural effusions. In: Pleural Diseases. Loddenkemper R, Antony V, Editors. European Respiratory Society, Sheffield, UK. Eur Respir Monograph 2002: 22, pp. 157-176.

19. Nahid P, BROADDUS VC. Liquid and Protein Exchange. (Chapter 3) In: Pleural Diseases: an International Textbook. Light RW and Lee G.Y.C. Editors Hodder Arnold, London, England 2003; pp. 35-44.

20. BROADDUS VC. Physiology. (Chapter 6) and Transudates (Chapter 27). In: Derrame Pleural (Translation: Pleural Effusion). Vargas FS, Teixeira LR, and Marchi E, Editors. Roca Publishers, Brazil, 2003; pp. 15-24 and 233-248.

21. BROADDUS VC, Light RW. Pleural effusion (Chapter 68). In: Textbook of Respiratory Disease. RJ Mason, VC Broaddus, JF Murray, JA Nadel, eds. 4th edition. Philadelphia: Elsevier 2005; pp.1913-1960.

22. Boylan AM, BROADDUS VC. Tumors of the pleura (Chapter 70). In: Textbook of Respiratory Disease. RJ Mason, VC Broaddus, JF Murray, JA Nadel, eds. 4th edition. Philadelphia: Elsevier 2005; pp. 1989-2009.

23. BROADDUS VC. Fluid and solute exchange in normal physiological states. In: Textbook of Pleural Diseases, 2nd Edition. Light RW, Lee YGC (eds) London: Hodder, Arnold, 2008:43-48.

24. BROADDUS VC, Light RW. Pleural effusion. In: Murray & Nadel's Textbook of Respiratory Medicine. RJ Mason, VC Broaddus, Martin TR, King TE, Schraufnagel DE, JF Murray, JA Nadel, eds. 5th edition. Philadelphia: Elsevier, 2010: 1719-1763.

25. BROADDUS VC, Robinson BWS. Tumors of the pleura. In: Murray & Nadel's Textbook of Respiratory Medicine. RJ Mason, VC Broaddus, Martin TR, King TE, Schraufnagel DE, JF Murray, JA Nadel, eds. 5th edition. Philadelphia: Elsevier, 2010: 1792-1813.

19

V. Courtney Broaddus

**RESEARCH PROGRAM**
**DESCRIPTION OF CURRENT RESEARCH**

My research program continues to focus on the apoptotic resistance of tumors,
malignant mesothelioma and lung cancer. We have focused particularly on
mesothelioma, as a highly refractory and chemoresistant tumor, and are applying
our findings now to lung cancer. We are investigating the apoptotic signaling
involved in bypassing resistance and inducing apoptosis, specifically by combining
agonists of the two major apoptotic pathways: the death receptor pathway and the
DNA damage/mitochondrial pathway. We have shown that, while each pathway
alone fails to induce apoptosis in the tumor cells, the combination will induce
synergistic apoptosis. We continue to explore this phenomenon, searching for non-
toxic means of stimulating these pathways such as heat stress and JNK stimulators
such as anisomycin.

We have incorporated 3-dimensional models in our study of resistance, both of the
mesothelioma cell lines grown as multicellular spheroids and of the human
mesothelioma tumor itself grown as tumor fragment spheroids. Both these models
allow us to test the resistance in a more clinically relevant system. We have found
that a major survival pathway, the PI3K/Akt/mTOR pathway, contributes to the
resistance in these 3-dimensional structures. Ultimately however, we believe that the
resistance is manifested at the mitochondria by an altered repertoire of anti- and pro-
apoptotic molecules. In an ongoing collaboration with Dr. Dean Fennell of Belfast, No.
Ireland, we are now exploring the mitochondria as a central integrator of apoptotic
signaling.

As an exciting direction using 3-dimensional models, we are collaborating with Dr. Lisa
Coussens in studying the interaction of tumor-associated macrophages with the tumor
cells. We will use our models, 3D multicellular spheroids and human tumor fragments,
to investigate the contribution of macrophages to the apoptotic resistance of the tumor
cells. We have found that mesothelioma contains a high number of macrophages, far
more than in lung cancer or other tumors; thus, if these macrophages can be
eliminated or manipulated to change from a supportive role to an anti-tumor role, this
could be of significant therapeutic benefit for this currently incurable tumor. Our
current findings are that macrophages (polarized from their M2-protumor phenotype to
an M1-antitumor phenotype) can enhance the chemosensitivity of the mesothelioma
cells. In vivo studies are ongoing to explore this approach in mice with orthotopic and
de novo mesothelioma.

Exhibit C

*10136847*

1 | Gordon D. Greenwood, Esq. (C.S.B. #136097)
Matthew L. Thiel, Esq. (C.S.B. #237564)
2 | Barbra Ferre, Esq. (C.S.B. #237662)
KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
3 | Jack London Market
55 Harrison Street, Suite 400
4 | Oakland, California 94607
Telephone: (510) 302-1000

5

Attorneys for Plaintiffs

6

FILED
ALAMEDA COUNTY

OCT 24 2011

CLERK OF THE SUPERIOR COURT
By _____ Deputy

7

8

9 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

10

11

| | |
|---|---|
| JAMES DEASON and MARY DEASON, | No. RG11601088 |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES; STRICT LIABILITY; BREACH OF WARRANTIES; NEGLIGENCE; FRAUD; CONSPIRACY; (ALTERNATIVE ENTERPRISE AND CONCERT OF ACTION LIABILITY); PREMISES LIABILITY; AND LOSS OF CONSORTIUM** |
| vs. | |
| A.W. CHESTERTON COMPANY; ASTRA FLOORING COMPANY; ALLIED PACKING & SUPPLY, INC.; CBS CORPORATION, a Delaware Corporation, formerly known as VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania Corporation, formerly known as WESTINGHOUSE ELECTRIC CORPORATION; CLEAVER-BROOKS, INC., formerly known as AQUA-CHEM, INC.; FOSTER WHEELER LLC; GENERAL ELECTRIC COMPANY; GEORGIA-PACIFIC LLC; GOULDS PUMPS, INCORPORATED; HILL BROTHERS CHEMICAL COMPANY; HOPEMAN BROTHERS, INC.; IMO INDUSTRIES, INC., individually and as successor in interest, parent, alter ego and equitable trustee to DELAVAL STEAM TURBINE CO.; INGERSOLL-RAND COMPANY, individually and as successor in interest, parent, alter ego and equitable trustee to TERRY STEAM TURBINE COMPANY and THE WHITON MACHINE COMPANY; KAMAN INDUSTRIAL TECHNOLOGIES CORPORATION; LAMONS GASKET COMPANY, individually and as successor in interest, parent, alter ego and equitable trustee to POWER ENGINEERING & EQUIPMENT CO.; M. SLAYEN AND ASSOCIATES, INC.; | **Code of Civil Procedure §36(d)** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
Fax (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

MTHIEL/1038054.1

EXHIBIT  C

1

POWER ENGINEERING & EQUIPMENT CO.;
SYD CARPENTER MARINE CONTRACTOR,
INC.; NATIONAL STEEL AND
SHIPBUILDING COMPANY; and FIRST DOE
through THREE HUNDREDTH DOE, inclusive,

Defendants.

Plaintiff JAMES DEASON alleges:

## FIRST CAUSE OF ACTION
### Negligence
[Against All Products Defendants]

### I.

Plaintiff James Deason brings this action on his own behalf. The masculine form as used in this complaint, if applicable as shown by the context hereof, applies to a female person or a corporation.

### II.

Plaintiff does not know the true names and capacities, whether corporate, associate or individual of defendants sued herein as FIRST DOE through TWO HUNDRED TENTH DOE, inclusive, and each of them, and for that reason prays leave to insert the true names and capacities of said defendants when the same are ascertained. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as a DOE is negligently, intentionally and/or strictly liable or responsible in some manner for the events and happenings herein referred to, and proximately caused injury and damages to plaintiff thereby as herein alleged.

### III.

At all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants, and was at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of the remaining defendants.

//

//

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

VLTHIEL/1038054.1

IV.

Defendants A.W. CHESTERTON COMPANY; ASTRA FLOORING COMPANY; ALLIED PACKING & SUPPLY, INC.; CBS CORPORATION, a Delaware Corporation, formerly known as VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania Corporation, formerly known as WESTINGHOUSE ELECTRIC CORPORATION; CLEAVER-BROOKS, INC., formerly known as AQUA-CHEM, INC.;FOSTER WHEELER LLC; GENERAL ELECTRIC COMPANY; GEORGIA-PACIFIC LLC; GOULDS PUMPS, INCORPORATED; HILL BROTHERS CHEMICAL COMPANY; HOPEMAN BROTHERS, INC.; IMO INDUSTRIES, INC., individually and as successor in interest, parent, alter ego and equitable trustee to DELAVAL STEAM TURBINE CO.; INGERSOLL-RAND COMPANY, individually and as successor in interest, parent, alter ego and equitable trustee to TERRY STEAM TURBINE COMPANY and THE WHITON MACHINE COMPANY; KAMAN INDUSTRIAL TECHNOLOGIES CORPORATION; LAMONS GASKET COMPANY, individually and as successor in interest, parent, alter ego and equitable trustee to POWER ENGINEERING & EQUIPMENT CO.; M. SLAYEN AND ASSOCIATES, INC.; POWER ENGINEERING & EQUIPMENT CO.; SYD CARPENTER MARINE CONTRACTOR, INC.; NATIONAL STEEL AND SHIPBUILDING COMPANY; and FIRST DOE through FIFTIETH DOE, inclusive, were at all times herein and still are corporations authorized to and doing business in the State of California.

V.

Defendants' products at issue in this complaint consist of asbestos and asbestos-containing products, or products as to which defendants knew or should have known that reasonably foreseeable uses of the products would expose persons such as plaintiff who worked with or around the products to friable asbestos.  These products were defective in their design, manufacture, labeling, marketing and/or warning and are referred to throughout this complaint as "asbestos" or "asbestos-containing products."

//

//

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

**VI.**

At all times herein mentioned defendants, and each of them, were engaged in the business of mining, manufacturing, assembling, supplying, packaging, installing and labeling asbestos, and products produced therefrom, for sale to and use by the members of the general public as well as to other parties for use of the said products to manufacture and supply products therefrom.

**VII.**

At all times herein mentioned, defendants FIFTY-FIRST DOE through TWO HUNDRED TENTH DOE were Officers and Directors of named defendants herein as FIRST DOE through FIFTIETH DOE.

**VIII.**

The defendants, and each of them, acting through their agents, servants and/or employees, cause and have caused in the past, certain asbestos-containing products and asbestos-related materials, to be placed in the stream of commerce with the result that said products and materials came into contact and/or use by plaintiff and his co-workers which caused exposure to plaintiff.

**IX.**

Plaintiff James Deason was a worker who, from approximately 1975 through 1985, worked with and was exposed to asbestos and asbestos-containing products manufactured, designed, specified, sold and/or installed by the defendants, and each of them while he repaired, broke down and rebuilt boilers aboard commercial ships and U.S. Navy ships. During the course of his career, plaintiff was exposed to asbestos and asbestos-containing products at various shipyards including, but not limited to, San Diego Naval Shipyard, Long Beach Naval Shipyard, Alameda Naval Air Station, National Steel and Shipbuilding Company, and Todd Shipyard in San Pedro, California while working for Camass Co., Inc., Frasers Boiler Service, Inc., S.E. Young Boiler Co., Triple A Machine Shop, Inc., and Superior Boiler Repairs, Inc.

**X.**

During the course and scope of his attendance and work, plaintiff was exposed to asbestos products and asbestos-related materials of defendants, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma.

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

**XI.**

The illness and disability of plaintiff is the direct and proximate result of the negligence of the defendants, and each of them, in that they produced, sold and otherwise put into the stream of commerce, the foregoing materials which the said defendants, and each of them, knew, or in the exercise of ordinary care should have known, were deleterious, poisonous and highly harmful to plaintiff's body, lungs, respiratory system, skin and health.

**XII.**

Plaintiff, exercising reasonable diligence, discovered the aforealleged conduct, misconduct and culpability of defendants, and each of them, on or after 2010, when informed of his diagnosis by a physician.  Plaintiff could not have discovered such condition sooner because such condition was brought about without noticeable trauma until it had advanced to such a point that diagnosis could be made.  Such a diagnosis required the services of an expert, and since plaintiff did not possess such expertise, he could not know, in the exercise of reasonable care, of the cause of his injury until such time as he was diagnosed and advised.  Plaintiff could not know, until such advice, of the culpability of the defendants, and each of them.

**XIII.**

As a direct and proximate result of the conduct of the defendants, and each of them, plaintiff experienced and continues to experience prolonged pain and suffering, the necessity for medical treatment, injuries including, but not limited to, mesothelioma, severe shock to his nervous system, and other injuries, the exact extent of which are unknown to plaintiff.

**XIV.**

By reason of the aforesaid allegations, it has been necessary for plaintiff to engage the services of physicians, surgeons, and hospitals; plaintiff does not know the reasonable value of said services which were and are still reasonably required and requests leave to amend this complaint to insert said sum when it is ascertained.

**XV.**

By reason of the aforesaid allegations, plaintiff has been unable to follow his normal gainful occupation for certain periods after the date of said events, and plaintiff has been disabled

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  for an indefinite time; plaintiff does not now know the value of the employment which has been

2  lost to him, and requests leave to amend this complaint to insert the reasonable value thereof when

3  such is ascertained.

4  **XVI.**

5  By reason of the aforesaid negligence of defendants, and each of them, plaintiff has been

6  damaged to his health, strength, and activity in an amount in excess of $50,000.00 in addition to

7  special damages herein alleged.

8  **XVII.**

9  The foregoing acts of the defendants, and each of them, were done wantonly, willfully,

10  oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and

11  each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's

12  employers or to those entities that installed and/or handled the asbestos products to which plaintiff

13  was exposed, knew that the foregoing materials released invisible, undetectable respirable asbestos

14  fibers when installed or handled and that said fibers were extremely dangerous when inhaled. The

15  defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous

16  nature of said materials, nor placed a sufficient warning on the said material or package thereof

17  regarding said dangerous nature, nor took any action to protect those persons who foreseeably

18  would be exposed to said asbestos products, despite knowing that persons who had no knowledge

19  of the dangerous and hazardous nature thereof, such as plaintiff, would be exposed to and inhale

20  asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

21  WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

22  **SECOND CAUSE OF ACTION**

23  **Breach of Implied Warranty**
**[Against All Products Defendants]**

24

25  AS AND FOR A SECOND CAUSE OF ACTION, plaintiff complains of defendants, and

26  each of them, and alleges:

27  //

28  //

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

**I.**

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence.

**II.**

The defendants sold and/or supplied asbestos and asbestos-related materials to plaintiff's employers, and each defendant impliedly warranted that the said materials were of good and merchantable quality and fit for their intended use.

**III.**

The implied warranty made by the defendants, and each of them, that the asbestos and asbestos-related materials were of good and merchantable quality for the particular intended use was breached in that certain harmful, poisonous and deleterious matter and particles were given off into the atmosphere wherein plaintiff and others in his position carried out their duties as workers working with such materials and other related materials.

**IV.**

As a direct and proximate result of the breach of implied warranty of good and merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to wit: mesothelioma, which caused great disability, as previously set forth.

**V.**

By reason of the aforesaid, plaintiff has been damaged to his health, strength, and activity in an amount in excess of $50,000.00 in addition to special damages herein alleged.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

### THIRD CAUSE OF ACTION

**Strict Product Liability**
**Manufacturing Defect/Design Defect/Failure to Warn**
**[Against All Products Defendants]**

AS AND FOR A THIRD CAUSE OF ACTION, plaintiff complains of defendants, and each of them, and alleges:

//

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

MTHIEL/1039054.1

**I.**

1

2      Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

3 forth herein at length all and singular the allegations contained in the First Cause of Action herein,

4 excepting therefrom allegations pertaining to negligence.

**II.**

5

6      At all times herein mentioned, plaintiff's employers or those entities that installed and/or

7 handled the products to which plaintiff was exposed purchased from defendants, and each of them,

8 asbestos and asbestos products hereinafter referred to as products that were defective in design,

9 manufacturing, labeling, marketing and/or warning.

**III.**

10

11      Defendants, and each of them, knew that the aforementioned products would be used

12 without inspection for design, manufacturing, labeling, marketing and/or warning defects by the

13 user thereof.

**IV.**

14

15      At all times mentioned herein, plaintiff reasonably was unaware of the dangerous nature of

16 the aforementioned products.

**V.**

17

18      At all times mentioned herein, defendants, and each of them, were aware of the dangerous

19 and defective nature of the design, manufacturing, labeling and/or marketing of the

20 aforementioned products, when said products were used in the manner for which they were

21 intended, and were aware that persons who foreseeably would be exposed to the asbestos

22 containing products were not aware of the dangerous and defective nature of the design,

23 manufacture, labeling and/or marketing of the products, yet defendants took no action to warn or

24 otherwise protect those who foreseeably would be exposed to said defective and improperly

25 labeled products.

**VI.**

26

27      Defendants manufactured, distributed, and sold asbestos-containing products. The

28 asbestos-containing products contained a manufacturing defect when they left defendants'

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

8

1  possession, and plaintiff used those asbestos-containing products in a way that was reasonably

2  foreseeable to defendants.

**VII.**

4      The aforementioned products were defective in design because they did not perform as

5  safely as an ordinary consumer would have expected them to perform.  At the time plaintiff used

6  the asbestos-containing products, they were substantially the same as when they left defendants'

7  possession; any change made to the asbestos-containing products after they left defendants'

8  possession was reasonably foreseeable to defendants; the asbestos-containing products did not

9  perform as safely as an ordinary consumer would have expected at the time of use; and plaintiff

10  used the products in the way that was reasonably foreseeable to defendants.

**VIII.**

12      The aforementioned products lacked sufficient instructions and warnings of potential

13  dangers.  Defendants manufactured, distributed, and sold asbestos-containing products; those

14  asbestos-containing products had potential dangers that were known or knowable by the use of

15  scientific knowledge available at the time of the manufacture, distribution, and sale of the

16  products; the potential hazards presented a substantial danger to plaintiff; ordinary consumers

17  would not have recognized the potential dangers; defendants failed to adequately warn or instruct

18  of the potential dangers; and these asbestos-containing products were used in a way that was

19  reasonably foreseeable to defendants.

**IX.**

21      The aforementioned products were used by plaintiff in the manner for which they were

22  intended, or plaintiff foreseeably was exposed to said products when they were used in the manner

23  for which they were intended.

**X.**

25      As a direct and proximate result of the foregoing conduct, plaintiff developed an illness, to

26  wit:  mesothelioma, which caused great disability, as previously set forth.

27  //

28  //

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

MTHIEU/1038054.1

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

9

**XI.**

As a proximate result of the defective design, manufacturing, labeling, marketing and/or warning of these aforementioned materials and products, plaintiff was generally damaged as is more fully set forth herein and in addition has sustained special damages hereinabove alleged.

**XII.**

The foregoing acts of the defendants, and each of them, were done wantonly, willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's employers or to those entities that installed and/or handled the asbestos products to which plaintiff was exposed, knew that the foregoing products and materials released invisible, undetectable respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous when inhaled. The defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient warning on the said material or package thereof regarding said dangerous nature, nor took any action to protect those persons who foreseeably would be exposed to said asbestos products, despite knowing that persons who had no knowledge of the dangerous and hazardous nature thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**Fraud/Failure to Warn**
**[Against All Products Defendants]**

AS AND FOR A FOURTH CAUSE OF ACTION, plaintiff complains of defendants, and each of them, and alleges:

**I.**

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence.

//

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

**II.**

At all times pertinent hereto, the defendants, and each of them, owed plaintiff a duty, as provided for in Sections 1708 and 1710 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of the plaintiff.  In violation of that duty, the defendants, and each of them, did do the acts and omissions, when a duty to act was imposed, as set forth herein, thereby proximately causing injury to the plaintiff as is more fully set forth herein. Such acts and omissions consisted of acts falling within Section 1710, and more specifically were suggestions of fact which were not true and which the defendants did not believe to be true, assertions of fact of that which was not true, which the defendants had no reasonable ground for believing it to be true, and the suppression of facts when a duty existed to disclose it, all as are more fully set forth herein, and the violation of which as to any one such item gave rise to a cause of action for violation of the rights of the plaintiff as provided for in the aforementioned code sections.

**III.**

Since 1924, the defendants, and each of them, have known and have been possessed of the true facts consisting of medical and scientific data and other knowledge which clearly indicated that the materials and products referred to herein were and are hazardous to the health and safety of the plaintiff, and others in plaintiff's position working in close proximity with such materials and have known of the dangerous propensities of other of the aforementioned materials and products prior to that time and with intent to deceive plaintiff, and others in his position and with intent that he and such others should be and remain ignorant of such facts and with intent to induce plaintiff and such others to alter their positions to their injury and/or risk and in order to gain advantages did do the following acts:

a.      Defendants, and each of them, did not label any of the aforementioned asbestos-containing materials and products as to the hazards of such materials and products to the health and safety of plaintiff and others in his position working in close proximity with such materials until 1964, when certain of such materials were labeled by some, but not all, of the defendants herein, when the knowledge of such

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

1    hazards was existing and known to defendants, and each of them, since 1924. By

2    not labeling such materials as to their said hazards defendants, and each of them,

3    caused to be suggested as a fact to plaintiff and plaintiff's employers that it was safe

4    for plaintiff to work in close proximity to such materials when in fact it was not

5    true and defendants did not believe it to be true;

6    b.    Defendants, and each of them, suppressed information relating to the danger of use

7    of the aforementioned materials by requesting the suppression of information to

8    plaintiff and the general public concerning the dangerous nature of the

9    aforementioned materials to workers by not allowing such information to be

10   disseminated in a manner which would give general notice to the public and

11   knowledge of the hazardous nature thereof when defendants were bound to disclose

12   such information;

13   c.    Defendants, and each of them, sold the aforementioned products and materials to

14   plaintiff's employers and others without advising such employers and others of the

15   dangers of use of such materials to persons working in close proximity thereto,

16   when defendants knew of such dangers, as set forth herein, and, as set forth above,

17   had a duty to disclose such dangers. Thereby, defendants caused to be positively

18   asserted to plaintiff's employers of that which was not true and which defendants

19   had no reasonable ground for believing it to be true, in a manner not warranted by

20   the information possessed by said defendants, and each of them, of that which was

21   and is not true, to wit, that it was safe for plaintiff to work in close proximity to

22   such materials;

23   d.    Defendants, and each of them, suppressed from everyone, including plaintiff and

24   plaintiff's employers, and continue to suppress, medical and scientific data and

25   knowledge of the accurate results of studies including, but not limited to,

26   suppressing information contained in the unpublished Lanza report by participating

27   in the influencing of A.J. Lanza to change his report, which altered version was

28   published in *Public Health Reports*, Volume 50 at page 1 in 1935, when they were

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES                    12

1   bound to disclose it unaltered, and by causing Asbestos Magazine, a widely

2   disseminated trade journal, to omit any mention of the dangers of inhaling asbestos

3   dust, thereby lessening the probability of notice of danger to those exposed to

4   asbestos, and thereby caused plaintiff to be and remain ignorant thereof;

5   e.   Defendants, and each of them, belonged to, participated in, and financially

6   supported the Asbestos Textile Institute and other industry organizations which

7   actively promoted the suppression of information of danger to users of the

8   aforementioned products and materials for and on behalf of defendants, and each of

9   them, thereby misleading plaintiff and plaintiff's employers to their prejudice

10   through the suggestions and deceptions set forth above in this cause of action.  The

11   Dust Control Committee, which changed its name to the Air Hygiene Committee,

12   of the Asbestos Textile Institute was specifically enjoined to study the subject of

13   dust control; discussions in such committee were held many times of (i) the dangers

14   inherent in asbestos and the dangers which arise from the lack of control of dust

15   and (ii) the suppression of such information from 1946 to a date unknown to

16   plaintiff at this time;

17   f.   Commencing in 1930 with the study of mine and mill workers at the Thetford

18   asbestos mines in Quebec, Canada, and the study of workers at Raybestos-

19   Manhattan plants in Manheim and Charleston, South Carolina, defendants knew

20   and possessed medical and scientific information of the connection between

21   inhalation of asbestos fibers and asbestosis, which information was disseminated

22   through the Asbestos Textile Institute and other industry organizations to all other

23   defendants, and each of them, herein.  Between 1942 and 1950 the defendants, and

24   each of them, knew and possessed medical and scientific information of the

25   connection between inhalation of asbestos fibers and cancer, which information

26   was disseminated through the Asbestos Textile Institute and other industry

27   organizations to all other defendants herein.  Thereby, defendants suggested as a

28   fact that which is not true and disseminated other facts likely to mislead plaintiff

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

13

1    and plaintiff's employers and which did mislead them for want of communication of

2    true facts which consisted of the aforedescribed medical and scientific data and

3    other knowledge by not giving plaintiff or plaintiff's employers the true facts

4    concerning such knowledge of danger, when defendants were bound to disclose it;

5    g.   Failed to warn plaintiff and plaintiff's employers of the nature of the said materials,

6    to wit:  dangerous when breathed, causing pathological effects without noticeable

7    trauma, when possessed with knowledge that such material was dangerous and a

8    threat to the health of persons coming into contact therewith and under a duty to

9    disclose it;

10   h.   Failed to provide plaintiff with information concerning adequate protective masks

11   and devices for use with and application and installation of the products of the

12   defendants, and each of them, when they knew that such protective measures were

13   necessary, when they were under a duty to disclose such information, and if not

14   advised as to use would result in injury to the plaintiff and others applying and

15   installing such materials;

16   i.   Concealed from plaintiff the true nature of the industrial exposure of plaintiff, the

17   fact that they and each of them, knew that plaintiff and anyone similarly situated,

18   upon inhalation of asbestos would, in time develop irreversible conditions of either

19   pneumoconiosis, asbestosis or cancer, or all, and such person would immediately be

20   in not good health, the fact that he had in fact been exposed to harmful materials

21   and the fact that the materials to which he was exposed would cause pathological

22   effects without noticeable trauma, when under a duty to and bound to disclose it;

23   j.   Failed to provide information to the public at large and buyers, users and physicians

24   employed by plaintiff and plaintiff's employers for the purpose of conducting

25   physical examinations of plaintiff and others working in contact with asbestos as to

26   the true nature of the hazards of asbestos, in order for such physicians to diagnose,

27   and treat workers coming into contact with asbestos, in that the materials to which

28   plaintiff had been exposed would cause pathological effects without noticeable

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES                14

1    trauma, when under a duty to supply such information and such failure is likely to

2    mislead for want of communication of such facts; and

3    k.    Defendants, and each of them, affirmatively misrepresented that asbestos

4    containing products were safe to use and handle, when they knew such statements

5    were false when made, or made said false statements recklessly and without regard

6    for whether the statements were true.

7    **IV.**

8    Each of the foregoing acts, suggestions, assertions and forbearances to act when a duty

9    existed to act, the said defendants, and each of them, having such knowledge, knowing plaintiff

10   did not have such knowledge and would breathe such material innocently, was done falsely and

11   fraudulently and with full intent to induce plaintiff to work in a dangerous environment and to

12   cause plaintiff to remain unaware of the true facts, all in violation of Section 1710 of the Civil

13   Code of the State of California.

14   **V.**

15   Plaintiff relied upon the said acts, suggestions, assertions and forbearances; had plaintiff

16   known the true facts, plaintiff would not have continued to work in the said environment.

17   **VI.**

18   By reason of the aforesaid premises, plaintiff has been damaged in his health, strength and

19   activity in addition to special damages hereinabove alleged.

20   **VII.**

21   Each of the said acts and forbearances to act were caused by false, fraudulent and malicious

22   motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive

23   damages.  The foregoing conduct of the defendants, and each of them, was done wantonly,

24   willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the

25   defendants, and each of them, prior to and at the time of the sale of the aforementioned products to

26   plaintiff's employers or to those entities that installed and/or handled the asbestos products to

27   which plaintiff were exposed, knew that the foregoing materials released invisible, undetectable

28   respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
Fax (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

1   when inhaled. In addition to the unlawful conduct described above, the defendants, and each of

2   them, either did not warn or insufficiently warned regarding the dangerous nature of said materials,

3   nor placed a sufficient warning on the said material or package thereof regarding said dangerous

4   nature, nor took any action to protect those persons who foreseeably would be exposed to said

5   asbestos products, despite knowing that persons who had no knowledge of the dangerous and

6   hazardous nature thereof, such plaintiff, would be exposed to and inhale asbestos fibers, and

7   plaintiff is entitled to punitive damages hereunder.

8                                        **VIII.**

9       Plaintiff had no knowledge that the foregoing acts were actionable at law when they were

10   committed, and cannot be charged with knowledge or inquiry thereof.

11       WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

12                              **FIFTH CAUSE OF ACTION**

13                      **Conspiracy to Defraud/Failure to Warn**
                         **[Against All Products Defendants]**
14

15       AS AND FOR A FIFTH CAUSE OF ACTION, plaintiff complains of defendants, and

16   each of them, and alleges:

17                                        **I.**

18       Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

19   forth herein at length all and singular the allegations contained in the First Cause of Action herein,

20   excepting therefrom allegations pertaining to negligence and agency, and the Fourth Cause of

21   Action herein.

22                                        **II.**

23       At all times mentioned, the defendants, and each of them, knowingly and willfully

24   conspired and agreed among themselves to perpetrate upon plaintiff the acts complained of as set

25   forth in the First and Fourth Causes of Action as are incorporated herein.

26                                        **III.**

27       Defendants, and each of them, did the acts and things herein alleged in Paragraph II of the

28   Fourth Cause of Action, incorporated herein, in furtherance of the conspiracy and agreement as

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

MTHIEL/1038054.1

1  herein alleged and did further conspire to violate State and Federal laws and regulations, the exact

2  nature and extent of which are unknown at this time, but known full well to defendants and each of

3  them.

4                                                    IV.

5          Each of the said acts and forbearances to act were caused by false, fraudulent and malicious

6  motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive

7  damages.  The foregoing conduct of the defendants, and each of them, was done wantonly,

8  willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the

9  defendants, and each of them, prior to and at the time of the sale of the aforementioned products to

10  plaintiff's employers or to those entities that installed and/or handled the asbestos products to

11  which plaintiff was exposed, knew that the foregoing materials released invisible, undetectable

12  respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous

13  when inhaled.  In addition to the unlawful conduct described above, the defendants, and each of

14  them, either did not warn or insufficiently warned regarding the dangerous nature of said materials,

15  nor placed a sufficient warning on the said material or package thereof regarding said dangerous

16  nature, nor took any action to protect those persons who foreseeably would be exposed to said

17  asbestos products, despite knowing that persons who had no knowledge of the dangerous and

18  hazardous nature thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and

19  plaintiff is entitled to punitive damages hereunder.

20                                                    V.

21          By reason of the aforesaid acts of defendants, and each of them, plaintiff has suffered

22  damage to his health, strength and activity.

23          WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

24                                  **SIXTH CAUSE OF ACTION**

25                      **Market Share/Enterprise Liability/Negligence**
                              **[Against All Products Defendants]**

26

27          AS AND FOR A SIXTH CAUSE OF ACTION, plaintiff complains of defendants, and

28  each of them, and alleges:

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

I.

Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the First Cause of Action.

II.

Plaintiff is informed and believes and on the basis of such information and belief alleges that at all times relevant herein, the number of producers of asbestos and asbestos products of the type that plaintiff used or was otherwise exposed to, and the nature and structure of the asbestos market and industry, was such that there is and was a substantial likelihood that plaintiff would have actually used or otherwise been exposed to the products of each of the defendants.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

**Market Share/Enterprise Liability/Strict Liability/Defective Product Design, Manufacturing, Labeling, Marketing and/or Warning**
**[Against All Products Defendants]**

AS AND FOR A SEVENTH CAUSE OF ACTION, plaintiff complains of defendants, and each of them, and alleges:

I.

Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the Third Cause of Action and in Paragraph II of the Sixth Cause of Action.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

**EIGHTH CAUSE OF ACTION**

**Market Share/Concert of Action/Negligence**
**[Against All Products Defendants]**

AS AND FOR AN EIGHTH CAUSE OF ACTION, plaintiff complains of defendants and each of them, and alleges:

I.

Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the First Cause of Action, Paragraph II of the Fourth Cause of Action, and Paragraph II of the Sixth Cause of Action.

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

MTHIEU1038054:1

## II.

Plaintiff is informed and believes and on the basis of such information and belief alleges that at all times relevant herein, each of the defendants has:

(1)     Cooperated in the defective design, manufacturing, labeling and/or marketing of uniformly defective and dangerous asbestos products;

(2)     Knowingly adhered to an inadequate industry-wide standard of safety that failed to warn plaintiff, or any other person likely to be exposed to the hazards caused by the use of their products, that exposure to asbestos fibers could cause asbestosis, mesothelioma, and lung cancer and other cancers and diseases or that it could otherwise cause death or serious permanent disability;

(3)     Delegated research, investigative, and other safety functions to various trade associations and industry leaders that failed to adequately and accurately investigate the risks caused by the use of asbestos and that minimized and suppressed the publication of the information concerning the hazards of asbestos; and

(4)     Otherwise jointly created and controlled the risk that was the proximate cause of the injuries of plaintiff.

## III.

Plaintiff is informed and believes and thereon alleges that at all times relevant herein, the nature and structure of the asbestos industry and market was such that the foregoing acts and omissions of each of the defendants, acting separately and in combination, were a substantial factor in bringing about the aforesaid injury-causing standards, practices and risk, and were otherwise the proximate and legal cause of, and a substantial factor in, bringing about the injuries to plaintiff.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

### NINTH CAUSE OF ACTION

**Market Share/Concert of Action/Strict Liability/Defective Product Design**
**[Against All Products Defendants]**

AS AND FOR A NINTH CAUSE OF ACTION, plaintiff complains of defendants, and

KAZAN, MCCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1  each of them, and alleges:

2                                    I.

3        Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

4  allegation contained in the Third Cause of Action, Paragraph II of the Fourth Cause of Action,

5  Paragraph II of the Sixth Cause of Action, and Paragraphs II and III of the Eighth Cause of Action.

6        WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

7                          **TENTH CAUSE OF ACTION**

8        **Market Share/Concert of Action/Conspiracy to Defraud/Failure to Warn**
                        **[Against All Products Defendants]**
9

10       AS AND FOR A TENTH CAUSE OF ACTION, plaintiff complains of defendants, and

11  each of them, and alleges:

12                                   I.

13       Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

14  allegation contained in the Fifth and Ninth Causes of Action.

15                                   II.

16       Plaintiff is informed and believes and on the basis of such information and belief alleges

17  that at all times herein, each of the defendants knew that the aforesaid failure to warn was industry-

18  wide and that the use of their products and the products of others in the industry, without

19  inspection and protection from the hazards of dust inhalation and without an adequate warning by

20  any of them, created and increased the risk of death and disease from cancer, asbestosis, and other

21  related diseases.

22                                   III.

23       Plaintiff is informed and believes and on the basis of such information and belief alleges

24  that at all times herein, each of the defendants, acting in concert and pursuant to a common plan,

25  and in order to maximize the sale of their products and to minimize claims for damages and

26  compensation, knowingly assisted, aided, abetted, encouraged and ratified the conduct of each

27  other:

28       (1)     In the defective design, manufacturing, labeling and/or marketing of a uniformly

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

MTHIEL/1038054.1

1  defective and hazardous asbestos product without adequate tests and without an adequate warning

2  to their consumers and users; and

3      (2)    In suppressing and discouraging the discovery and publication of information

4  concerning the true hazards of asbestos by and to the public at large.

5      Said conduct was the proximate and legal cause of, and a substantial factor in, bringing

6  about the injuries of plaintiff.

7      WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

8  ## PREMISES DEFENDANTS:

9  ### ELEVENTH CAUSE OF ACTION

10  **Negligence/Failure to Warn**
**[Against All Premises Defendants]**

11

12      AS AND FOR AN ELEVENTH CAUSE OF ACTION, plaintiff complains of defendants

13  NATIONAL STEEL AND SHIPBUILDING COMPANY; TWO HUNDRED ELEVENTH DOE

14  through THREE HUNDREDTH DOE, inclusive. These defendants were at all times herein and

15  still are corporations authorized to and doing business in the State of California, and are hereafter

16  designated the PREMISES defendants.  Plaintiff alleges against the PREMISES defendants, and

17  each of them:

18  **I.**

19      Plaintiff, by this reference, hereby incorporates and makes a part thereof, as though fully

20  set forth herein, each and every allegation contained in the First through Tenth Causes of Action

21  herein.

22  **II.**

23      Plaintiff does not know the true names or capacities of the defendants sued herein under

24  the fictitious names of TWO HUNDRED ELEVENTH DOE through TWO HUNDRED

25  FIFTIETH DOE, inclusive, whether corporate, associate or individual, and plaintiff prays leave to

26  amend this complaint to allege said true names and/or capacities when the same are ascertained.

27  Plaintiff is informed and believes and therefore alleges that each of the defendants designated

28  herein as a DOE is negligently, intentionally and/or strictly liable or responsible in some manner

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

---

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

1  for the events and happenings herein referred to, and proximately caused injury and damages to

2  plaintiff as hereinafter alleged.

**III.**

4      At all times herein mentioned, defendants TWO HUNDRED FIFTY-FIRST DOE through

5  THREE HUNDREDTH DOE were Officers and Directors of named defendants herein as TWO

6  HUNDRED ELEVENTH DOE through TWO HUNDRED FIFTIETH DOE.

**IV.**

8      At all times mentioned herein, the PREMISES defendants each respectively owned,

9  maintained, managed, and/or controlled one or more of those premises where plaintiff worked

10  while employed as set forth in Paragraph IX of the First Cause of Action, which is herein

11  incorporated by reference.

**V.**

13      Prior to and at said times and places, each said PREMISES defendant caused certain

14  asbestos-containing insulation and other building materials and products and machinery to be

15  specified, manufactured, constructed, supplied, installed, maintained, used, replaced, and/or

16  repaired and otherwise be present at the aforesaid premises, by its own workers and/or various

17  independent contractors so as to allow and cause the release of dangerous quantities of toxic

18  asbestos fibers into the ambient air and thereby contaminate the entire premises and create a

19  hazardous condition and unreasonable risk of harm and personal injury to plaintiff and other

20  persons exposed to said asbestos fibers while working on said premises, or otherwise using or

21  coming on said premises, unless special precautions were taken.

**VI.**

23      At all relevant times mentioned herein, each said PREMISES defendant had a

24  nondelegable duty to exercise reasonable care to inspect and make safe the premises it owned,

25  maintained, managed and/or controlled, and to discover the aforesaid dangerous conditions.

26  PREMISES defendants, and each of them, also created or contributed to said dangerous

27  conditions, by specifying, manufacturing, supplying, installing, maintaining, using, replacing,

28  repairing, and/or requiring the use and/or handling of asbestos-containing materials on said

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

1   premises, and by failing to properly supervise their own employees or the employees of others over

2   whom said defendants had control in performing work which caused the release of asbestos fibers

3   into the ambient air and the contamination of the entire premise, when defendants knew or in the

4   exercise of ordinary and reasonable care should have known that the foregoing conditions and

5   activities were present on said premises and created a dangerous and hazardous condition and

6   unreasonable risk of harm and personal injury to plaintiff and other persons coming on the

7   aforesaid premises.

8                                          **VII.**

9           At all times relevant herein, plaintiff entered said premises and used and occupied said

10  premises as intended and for the benefit and advantage of each said PREMISES defendant and at

11  each said PREMISES defendant's request and invitation.  In so doing, plaintiff was exposed to

12  dangerous quantities of asbestos fibers released into the ambient air by the aforesaid hazardous

13  conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or

14  caused by each said PREMISES defendant.

15                                         **VIII.**

16          Plaintiff at all relevant times used the premises with due care and was unaware of and in

17  the exercise of ordinary care could not have discovered the risk of personal injury and the

18  hazardous conditions created by the aforesaid presence of asbestos products and materials on said

19  premises.

20                                          **IX.**

21          At all relevant times mentioned herein, each said PREMISES defendant knew, or in the

22  exercise of ordinary and reasonable care should have known, that the premises that were in its

23  control would be used as alleged without knowledge of, or inspection for, defects or dangerous

24  conditions, which were not apparent or obvious, and that persons using said premises would not be

25  aware of the aforesaid hazardous conditions and contamination on the premises to which they were

26  exposed.

27  //

28  //

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

**X.**

At all times pertinent hereto, the PREMISES defendants, and each of them, owed plaintiff a duty, as provided in Section 1708 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of plaintiff. When a duty to act was imposed, as set forth herein, the defendants, and each of them, did do the acts and omissions in violation of that duty, thereby proximately causing injury to the plaintiff as is more fully set forth herein.

**XI.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to warn plaintiff and plaintiff's employer that said materials were dangerous when breathed and caused pathological effects without noticeable trauma, despite the fact that defendants possessed knowledge and were under a duty to disclose that such material was dangerous and a threat to the health of persons coming into contact therewith.

**XII.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to provide plaintiff with information concerning adequate protective masks and devices to be used when applying, installing, disturbing, or otherwise working around asbestos-containing products, and each of them, despite the knowledge of the PREMISES defendants and a duty to disclose that such protective measures were necessary and would result in injury to the plaintiff and others applying, installing, disturbing, or otherwise working around such materials if not so advised.

**XIII.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, concealed from plaintiff the true nature of the industrial exposure of plaintiff, and knew that plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all, and that the materials to which he was exposed would cause pathological effects without noticeable trauma despite the fact that PREMISES defendants were under a duty to and bound to disclose it.

//

//

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

MTHIEL/1038054.1

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

24

**XIV.**

At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these materials would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians employed by plaintiff and plaintiff's employers so that said physicians could examine, diagnose and treat plaintiff and others who were exposed to asbestos, despite the fact that PREMISES defendants, and each of them, were under a duty to so inform and said failure was misleading.

**XV.**

At all relevant times mentioned herein, said PREMISES defendants, and each of them, negligently failed to take steps to abate or correct the dangerous conditions, or to make the premises safe or to warn plaintiff of the existence of the aforesaid dangerous conditions and hazards on said premises, although the risk of plaintiff's injuries was a foreseeable consequence of the negligence of defendants and each of them.

**XVI.**

As a legal consequence of the foregoing, plaintiff developed an asbestos-related disease which caused his illness as previously set forth and has suffered general and special damages as alleged herein.

**XVII.**

The foregoing acts of the PREMISES defendants, and each of them, were done wantonly, willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the defendants, and each of them, in that the defendants, and each of them knew, at the time defendants manufactured, supplied or required the use and/or handling of asbestos-containing materials and/or failed to properly supervise their own employees or the employees of others over whom defendants had control who installed and/or handled the asbestos products to which plaintiff was exposed, that the foregoing materials released invisible, undetectable respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous when inhaled. The defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

25

1 | nature of said materials, nor placed a sufficient warning on the said material or package thereof

2 | regarding said dangerous nature, nor took any action to protect those persons who foreseeably

3 | would be exposed to said asbestos products, despite knowing that persons who had no knowledge

4 | of the dangerous and hazardous nature thereof, such as plaintiff, would be exposed to and inhale

5 | asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

6      WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

7 **TWELFTH CAUSE OF ACTION**

8 **Negligent Hiring and Negligent Exercise of Retained Control**
**[Against All Premises Defendants]**
9

10      AS AND FOR A TWELFTH CAUSE OF ACTION, plaintiff complains of PREMISES

11 | defendants, and each of them, as follows:

12 **I.**

13      Plaintiff refers to and incorporates herein by reference the First through Eleventh Causes of

14 | Action of this Complaint.

15 **II.**

16      At all relevant times herein, the PREMISES defendants and each of them negligently hired,

17 | retained and kept contractors on jobs to perform asbestos related work, and knew or in the exercise

18 | of reasonable care and diligence should have known that the contractors, independent contractors,

19 | subcontractors, employees, manufacturers, suppliers, distributors, workers and others these

20 | defendants employed or engaged to or responsible for the manufacture, distribution, installation,

21 | inspection, maintenance, repair, replacement, removal and/or disposing of asbestos and asbestos-

22 | containing materials on the aforementioned premises were incompetent and unfit to perform the

23 | duties for which they were employed, retained, hired or used, and that an unreasonable risk of

24 | harm to plaintiff and other persons on the aforesaid premises would exist as a legal consequence of

25 | such initial and/or continued employment, retention or contract. PREMISES defendants and each

26 | of them failed to exercise reasonable caution in selecting, retaining and continuing to use each of

27 | the employees, contractors, independent contractors and/or subcontractors who performed

28 | asbestos-related work, excluding those that employed plaintiff, even though said PREMISES

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

1   defendants knew or in the reasonable exercise of ordinary and reasonable care should have known

2   that failure to choose these persons carefully to perform asbestos-related work and/or allow such

3   persons to continue to perform asbestos-related work after the PREMISES defendants, and each of

4   them, became aware of the negligent manner in which the work was being performed created a

5   dangerous and hazardous condition and unreasonable risk of harm and personal injury to plaintiff

6   and other workers or persons so exposed while working for or in the vicinity of negligent

7   contractors or exposed to asbestos fibers on such persons' clothing, shoes and person.  PREMISES

8   defendants, and each of them, also negligently exercised the control they retained of the operative

9   details – including, without limitation, the asbestos-related details -- of plaintiff's work, thereby

10  negligently exposing plaintiff to asbestos that was a legal cause of plaintiff's mesothelioma.

11                                                       III.

12          The foregoing acts of the PREMISES defendants, and each of them, were done wantonly,

13  willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the defendants,

14  and each of them, in that the defendants, and each of them knew – at the time defendants

15  manufactured, supplied or required the use and/or handling of asbestos-containing materials to which

16  plaintiff was exposed, and/or failed to properly train, hire and/or supervise their own employees or

17  the employees of others over whom defendants had control who installed and/or handled the

18  asbestos products to which plaintiff was exposed, and/or negligently exercised the control they

19  retained of the asbestos-related details of plaintiff's – that the foregoing materials released invisible,

20  undetectable respirable asbestos fibers when installed or handled and that said fibers were

21  extremely dangerous when inhaled.  The defendants, and each of them, either did not warn or

22  insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient

23  warning on the said material or package thereof regarding said dangerous nature, nor took any

24  action to protect those persons who foreseeably would be exposed to said asbestos products,

25  despite knowing that persons who had no knowledge of the dangerous and hazardous nature

26  thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to

27  punitive damages hereunder.

28  //

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES

1   WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

2   **THIRTEENTH CAUSE OF ACTION**

3   **(Loss of Consortium)**

4   AS AND FOR A THIRTEENTH CAUSE OF ACTION, plaintiff MARY DEASON

5   complains of all defendants, and each of them, and alleges:

6   **I.**

7   This plaintiff, for and on behalf of herself, brings this action on her own behalf.

8   **II.**

9   Plaintiff refers to and incorporates herein by reference the First through Twelfth Causes of

10   Action of this complaint.

11   **III.**

12   At the time that plaintiff James Deason sustained injury as more fully alleged in all the

13   previous causes of action, and at all times thereafter, plaintiff Mary Deason is the wife of plaintiff

14   James Deason.

15   **IV.**

16   Prior to said injuries, plaintiff James Deason was able to and did, perform his duties as the

17   husband of plaintiff Mary Deason.  Plaintiff is informed and believes and thereon alleges that

18   subsequent to said injuries and as a proximate result thereof, plaintiff James Deason has been, and

19   some time in the future will be, incapacitated and unable to perform the necessary duties as

20   husband of plaintiff Mary Deason and the work and service usually performed in the care,

21   maintenance and management of the family home.

22   **V.**

23   As a proximate result of said injuries, plaintiff Mary Deason has been and will be deprived

24   of consortium with plaintiff James Deason, including the performance of her husband's duties and

25   on plaintiff's part will be required to perform the duties previously performed by plaintiff James

26   Deason, all to plaintiff's damage in a sum which cannot be ascertained at this time.  Plaintiff

27   requests the right to amend this complaint to allege the amount of said damages when they are

28   ascertained.

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1      WHEREFORE, plaintiff MARY DEASON prays judgment against defendants,

2  conspirators and their "alternate entities," and each of them as follows:

3      1.     General damages in an amount in excess of $50,000.00 in accordance with the

4  proof;

5      2.     Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

6  accordance with proof;

7      3.     Punitive and exemplary damages in an amount found appropriate by the trier of fact

8  in accordance with the proof;

9      4.     Special damages in accordance with the proof;

10     5.     Prejudgment interest and post-judgment interest in accordance with law;

11     6.     Costs of suit; and

12     7.     Such other and further relief as the Court deems just and proper in the premises.

13      WHEREFORE, plaintiff JAMES DEASON prays judgment against defendants,

14  conspirators and their "alternate entities," and each of them as follows:

15     1.     General damages in an amount in excess of $50,000.00 in accordance with the proof;

16     2.     Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

17  accordance with proof:

18     3.     Punitive and exemplary damages in an amount found appropriate by the trier of fact

19  in accordance with the proof;

20     4.     Special damages in accordance with the proof;

21     5.     Prejudgment interest and post-judgment interest in accordance with law;

22     6.     Costs of suit; and

23     7.     Such other and further relief as the Court deems just and proper in the premises.

24  DATED: October 24, 2011        KAZAN, McCLAIN, LYONS,
                                 GREENWOOD & HARLEY, PLC

25

26                      By

27                             Matthew L. Thiel

                      Attorneys for Plaintiffs

28

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

# Exhibit D

1  Edward R. Hugo [Bar No. 124839]
   P. M. Bessette [Bar No. 127588]
2  Thomas J. Moses [Bar No. 116002]
   BRYDON HUGO & PARKER
3  135 Main Street, 20th Floor
   Alameda, CA 94105
4  Telephone: (415) 808-0300
   Facsimile: (415) 808-0333
5  Email: service@bhplaw.com

6  Attorneys for Defendant
   NATIONAL STEEL AND SHIPBUILDING COMPANY

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  JAMES DEASON and MARY DEASON,      (ASBESTOS)

12         Plaintiffs,

13     vs.                             U.S.D.C. Case No. _____

14  A.W. CHESTERTON COMPANY;           Alameda County Superior Court
    ASTRA FLOORING COMPANY;            Case No. RG11601088
15  ALLIED PACKING & SUPPLY, INC.;
    CBS CORPORATION, a Delaware         DEFENDANT NATIONAL STEEL AND
16  Corporation, formerly known as      SHIPBUILDING COMPANY'S NOTICE OF
    VIACOM INC., successor by merger to REMOVAL
17  CBS CORPORATION, a Pennsylvania
    Corporation, formerly known as
18  WESTINGHOUSE ELECTRIC
    CORPORATION; CLEAVER-BROOKS,
19  INC., formerly known as AQUA-CHEM,
    INC.; FOSTER WHEELER LLC;
20  GENERAL ELECTRIC COMPANY;
    GEORGIA-PACIFIC LLC; GOULDS
21  PUMPS, INCORPORATED; HILL
    BROTHERS CHEMICAL COMPANY;
22  HOPEMAN BROTHERS, INC.; IMO
    INDUSTRIES, INC., individually and as
23  successor in interest, parent, alter ego and
    equitable trustee to DELAVAL STEAM
24  TURBINE CO.; INGERSOLL-RAND
    COMPANY, individually and as
25  successor in interest, parent, alter ego and
    equitable trustee to TERRY STEAM
26  TURBINE COMPANY and THE
    WHITON MACHINE COMPANY;
27  KAMAN INDUSTRIAL
    TECHNOLOGIES CORPORATION;
28  LAMONS GASKET COMPANY,
    individually and as successor in interest,

BRYDON
HUGO & PARKER
135 Main Street
20th Floor
San Francisco, CA 94105

1

DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY'S
NOTICE OF REMOVAL

EXHIBIT D

1   Edward R. Hugo [Bar No. 124839]
    P. M. Bessette [Bar No. 127588]
2   Thomas J. Moses [Bar No. 116002]
    BRYDON HUGO & PARKER
3   135 Main Street, 20th Floor
    San Francisco, CA 94105
4   Telephone: (415) 808-0300
    Facsimile: (415) 808-0333
5   Email: service@bhplaw.com

6   Attorneys for Defendant
    NATIONAL STEEL AND SHIPBUILDING COMPANY
7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
    JAMES DEASON and MARY DEASON,          ASBESTOS      5667
12
                    Plaintiffs,            CV 11
13        vs.                              U.S.D.C. Case No. _____

14   A.W. CHESTERTON COMPANY;              Alameda County Superior Court
     ASTRA FLOORING COMPANY;               Case No. RG11601088
15   ALLIED PACKING & SUPPLY, INC.;
     CBS CORPORATION, a Delaware           DEFENDANT NATIONAL STEEL AND
16   Corporation, formerly known as        SHIPBUILDING COMPANY'S NOTICE OF
     VIACOM INC., successor by merger to   TAG-ALONG ACTION
17   CBS CORPORATION, a Pennsylvania
     Corporation, formerly known as
18   WESTINGHOUSE ELECTRIC
     CORPORATION; CLEAVER-BROOKS,
19   INC., formerly known as AQUA-CHEM,
     INC.; FOSTER WHEELER LLC;
20   GENERAL ELECTRIC COMPANY;
     GEORGIA-PACIFIC LLC; GOULDS
21   PUMPS, INCORPORATED; HILL
     BROTHERS CHEMICAL COMPANY;
22   HOPEMAN BROTHERS, INC.; IMO
     INDUSTRIES, INC., individually and as
23   successor in interest, parent, alter ego and
     equitable trustee to DELAVAL STEAM
24   TURBINE CO.; INGERSOLL-RAND
     COMPANY, individually and as
25   successor in interest, parent, alter ego and
     equitable trustee to TERRY STEAM
26   TURBINE COMPANY and THE
     WHITON MACHINE COMPANY;
27   KAMAN INDUSTRIAL
     TECHNOLOGIES CORPORATION;
28   LAMONS GASKET COMPANY,
     individually and as successor in interest,

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

                                    1
          DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY'S
                      NOTICE OF TAG-ALONG ACTION