James L. Oberman, Esq. (C.S.B. #120938)
Ian A. Rivamonte, Esq. (C.S.B. #232663)
KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Telephone: (510) 302-1000

Attorneys for Plaintiffs

BEFORE THE UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)

| | |
|---|---|
| JAMES DEASON and MARY DEASON,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | N.D. Cal., C.A. No. 3:11-cv-05667 (JSW)<br><br>**NOTICE OF IMMEDIATE REMAND OF THIS CASE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA, BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

**TO THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, AS WELL AS TO ALL PARTIES BY AND THROUGH THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN:**

Pursuant to Rule 7.1(g) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, **PLEASE TAKE NOTICE** that on December 22, 2011, the United States District Court for the Northern District of California remanded this case to the Superior Court of California, County of Alameda. A true and correct copy of the Order Granting Motion to Remand is attached hereto and incorporated fully herein by reference.

DATED: December 22, 2011     KAZAN, McCLAIN, LYONS,
                             GREENWOOD & HARLEY
                             A Professional Law Corporation

                             By: _____
                                 Ian A. Rivamonte
                             Attorneys for Plaintiffs

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

IRIVAMONTE/1065957.1

Plaintiffs' Notice of Immediate Remand of This Case to California State Court
N.D. Cal., C.A. No. 3:11-cv-05667 (JSW)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DEASON and MARY DEASON, | |
| Plaintiffs, | No. C 11-05667 JSW |
| v. | |
| A.W. CHESTERTON COMPANY, et al., | **ORDER GRANTING MOTION TO REMAND** |
| Defendants. | |

Now before the Court is the motion to remand filed by Plaintiffs James and Mary Deason ("Plaintiffs"). This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 6, 2012 is VACATED. Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court GRANTS the motion to remand.

## BACKGROUND

On November 23, 2011, Defendant National Steel and Shipbuilding Company ("NASSCO") removed this matter on the grounds that Plaintiff's alleged occupational exposure to asbestos occurred aboard various United States Naval ships, and that NASSCO, in its manufacture and sale of equipment for the United States Navy, was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

After this action was removed, Plaintiff James Deason filed a declaration in which he states: "At no time while I worked at NASSCO's shipyard was I ever involved in any project

concerning a Navy or any other United States military vessel. The only projects I was involved in while working at NASSCO's shipyard were jumboizing three commercial, non-military merchant ships between the mid-1970s and early 1980s." (Declaration of James Deason, ¶ 6.) In their motion to remand, Plaintiffs further state that they waive "all claims against NASSCO stemming from James Deason's asbestos exposure from any federal-government job-site, and aboard any Navy ships or any other military vessel." (Mot. at 1.) Based on this waiver, Plaintiffs move to remand this action back to state court.

## ANALYSIS

### A.  Legal Standards Relevant to Removal.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Generally, the removal statute is strictly construed against removal and any doubt as to the right of removal should be resolved in favor of remand. *Gaus*, 980 F.2d at 566. However, that is not the case concerning the federal officer removal statute. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that, because it is important to the federal government to protect federal officers, removal rights under 28 U.S.C. § 1442 are much broader than those under § 1441). Section 1442 is interpreted broadly in favor of removal. *Id.*

### B.  Plaintiffs' Motion to Remand.

NASSCO removed this matter pursuant to the federal officer removal statute. Under 28 U.S.C. § 1442(a)(1), "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or

individual capacity for any act under color of such office" may remove to federal court. Removal is proper if the moving party can (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable defense to the plaintiff's claims; and (3) demonstrate a causal nexus between the plaintiff's claims and acts it performed under color of federal office. *Fung v. Abex Corp*, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992) (citing *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989)); *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999) (defense need only be colorable).

NASSCO claims that it is shielded from liability by military contractors immunity as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). In *Boyle*, the Court held that "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id.* at 512. However, James Deason has filed a declaration in which he clarifies that the only projects he worked on at the NASSCO shipyard involved commercial, non-military, merchant ships. (Deason Decl., ¶ 6.) Moreover, in their motion to remand, Plaintiffs explicitly waive "all claims against NASSCO stemming from James Deason's asbestos exposure from any federal-government job-site, and aboard any Navy ships or any other military vessel." (Mot. at 1.) Courts have found similar disclaimers sufficient to eviscerate NASSCO's grounds for removal. *See Pratt v. Asbestos Corp. Ltd.*, 2011 WL 4433724, *1 (N.D. Cal. Sept. 22, 2011) (finding similar disclaimer waiving claims arising out of work done on federal jobsites and vessels sufficient to warrant remand); *Westbrook v. Asbestos Defendants*, 2001 WL 902642, *3 (N.D. Cal. July 31, 2001) ("The court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal jobsites and vessels. This waiver, therefore, justifies remand."); *Madden v. A.H. Voss Co.*, 2009 WL 3415377, *3 (N.D. Cal. Oct. 21, 2009); *Dobrocke v. Allis Chalmers Corp. Prod. Liab. Trust*, 2009 WL 1464153, at *4 (N.D. Cal. May 26, 2009). Because Deason no longer asserts any claims against which NASSCO could raise the federal officer defense, this Court no longer has jurisdiction.

The cases cited to by NASSCO in which the courts held that waivers were not sufficient to warrant remand are easily distinguishable. In those cases, the plaintiffs only waived federal claims, but still intended to bring state law failure to warn claims against the military contractors. *Ballenger v. Agco Corp.*, 2007 WL 1813821 (N.D. Cal. June 22, 2007) (distinguishing *Westbrook* because plaintiffs did not disclaim in writing any claims arising out of work done on U.S. Navy vessels); *Reaser v. Allis Chambers Corp.*, CV 08-1296 SVW (SSx) (C.D. Cal. June 23, 2008) (attached as Exhibit B to Declaration of Thomas J. Moses ("Moses Decl.")); *Oberstar v. CBS Corp.*, CV 08-118 PA (JWJx) (C.D. Cal. Feb. 11, 2008) (attached as Exhibit C to Moses Decl.); *Nelson v. Alfa Laval, Inc.*, CV 07-8338 VBF (Rcx) (C.D. Cal. Feb. 8, 2008) (attached as Exhibit E to Moses Decl.). In those cases, the waivers or disclaimers at issue were not as broad as the waiver filed by Plaintiff in this matter. The Court thus finds that these authorities are inapposite.

The Court finds that Plaintiffs' waiver is effective. However, if Plaintiffs subsequently attempt to bring any claims against NASSCo based upon on work done at federal jobsites and/or vessels, and is allowed to by the state court despite Plaintiffs' waiver, NASSCO can remove this matter at that time. Accordingly, the Court GRANTS Plaintiffs' motion to remand.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED and this matter shall be remanded to the Superior Court for the County of Alameda. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 22, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I declare that:

I, Ian A. Rivamonte, at the time of service, was over the age of 18 years and not a party to the within action. I am employed in the County of Alameda, State of California. My business address is Jack London Market, 55 Harrison Street, Suite 400, Oakland, California 94607.

On December 22, 2011, I electronically filed the following document(s) through the CM/ECF system:

**NOTICE OF IMMEDIATE REMAND OF THIS CASE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA, BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

by transmitting a true copy to:

Edward R. Hugo, Esq.
P.M. Bessette, Esq.
Thomas J. Moses, Esq.
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, California 94105

via the following method:

__X__ (By CM/ECF Notice of Electronic Filing) By causing said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the above parties who are registered CM/ECF Users set forth in the Court's service list.

and by transmitting a true copy to:

ALL COUNSEL (See Attached Service List)

__X__ (By Mail) I enclosed the documents in a sealed envelope addressed to the persons as stated above. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice of collecting and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 22, 2011, at Oakland, California.

/s/ Ian A. Rivamonte
Ian A. Rivamonte
KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY
A Professional Law Corporation
Jack London Market
55 Harrison Street, Suite 400
Oakland, CA 94607
Telephone: (510) 302-1000
Facsimile: (510) 835-4913 FAX
E-mail" irivamonte@kazanlaw.com
Counsel for Plaintiffs

KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET, SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

IRIVAMONTE/1066158.1

Certificate of Service of Notice of Immediate Remand of This Case to the Superior Court of California, County of Alameda, By the United States District Court for the Northern District of California

1

SERVICE LIST    CASE: Deason, James and Mary [NE 1456]    ACTION #: 11-CV-05667 (JSW)    December 22, 2011

ADAMS NYE TRAPANI BECHT LLP
   222 Kearney Street, Suite 700, San Francisco, CA 94108
   FOR: KAMAN INDUSTRIAL TECHNOLOGIES CORPORATION
PH: (415) 982-8955
FAX: (415) 982-2042

BASSI EDLIN HUIE & BLUM, LLP
   500 Washington Street, Suite 700, San Francisco, CA 94111
   FOR: HOPEMAN BROTHERS INC.
PH: (415) 397-9006
FAX: (415) 397-1339

BECHERER, KANNETT & SCHWEITZER
   1255 Powell Street, , Emeryville, CA 94608-2604
   FOR: M. SLAYEN & ASSOCIATES
PH: (510) 658-3600
FAX: (510) 658-1151

BERRY & BERRY
   P.O. Box 16070, Oakland, CA 94610
   FOR: DESIGNATED DEFENSE COUNSEL
PH: (510) 835-8330
FAX: (510) 835-5117

BRYDON, HUGO & PARKER
   135 Main Street, 20th Floor, San Francisco, CA 94105
   FOR: FOSTER WHEELER LLC
PH: (415) 808-0300
FAX: (415) 808-0333

COOLEY MANION JONES KUROWSKI LLP
   201 Spear Street, Suite 1800, San Francisco, CA 94105
   FOR: A.W. CHESTERTON COMPANY
PH: 415-512-4381
FAX: 415-512-6791

CROSBY & ROWELL LLP
   299 Third Street, 2nd Floor, Oakland, CA 94607
   FOR: GOULDS PUMPS, INCORPORATED
PH: (510) 267-0300
FAX: (510) 839-6610

FOLEY & MANSFIELD, PLLP
   300 Lakeside Drive, Suite 1900, Oakland, CA 94612
   FOR: CLEAVER-BROOKS, INC. fka AQUA-CHEM, INC.
PH: 510-590-9500
FAX: 510-590-9595

GORDON & REES - INGERSOLL-RAND
   275 Battery Street, 20th Floor, San Francisco, CA 94111
   FOR: INGERSOLL-RAND COMPANY; INGERSOLL-RAND COMPANY sii/pae/et of THE WHITON MACHINE COMPANY; INGERSOLL-RAND COMPANY sii/pae/et to TERRY STEAM TURBINE COMPANY
PH: (415) 986-5900
FAX: (415) 986-8054

HOWARD, ROME, MARTIN & RIDLEY
   1775 Woodside Road, Suite 200, Redwood City, CA 94061-3436
   FOR: IMO INDUSTRIES, INC.; IMO INDUSTRIES, INC. sii/paae/et of DELAVAL STEAM TURBINE
PH: (650) 365-7715
FAX: (650) 364-5297

IMAI, TADLOCK, KEENEY & CORDERY
   100 Bush Street, Suite 1300, San Francisco, CA 94104
   FOR: ALLIED PACKING & SUPPLY, INC.
PH: 415-675-7000
FAX: 415-675-7008

PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400, San Francisco, CA 94111
   FOR: GEORGIA-PACIFIC LLC
PH: (415) 344-7000
FAX: (415) 344-7288

POND NORTH
   350 South Grand Avenue, Suite 3300, Los Angeles, CA 90071
   FOR: ASTRA FLOORING COMPANY; CBS CORP, a Del Corp fka VIACOM sii by merger to CBS a Penn Corp etc.
PH: (213) 617-6170
FAX: (213) 623-3594

PRINDLE, AMARO, GOETZ, HILLYARD, BARNES & REINHOLTZ LLP
   One California Street, Suite 1910, San Francisco, CA 94104
   FOR: NATIONAL STEEL AND SHIPBULDING COMPANY; SYD CARPENTER MARINE CONTRACTOR, INC.
PH: (415) 788-8354
FAX: (415) 788-3625

SEDGWICK LLP
   333 Bush Street, 30th Floor, San Francisco, CA 94105
   FOR: GENERAL ELECTRIC COMPANY
PH: (415) 781-7900
FAX: (415) 781-2635

| | | |
|---|---|---|
| SERVICE LIST<br>Page Two | CASE: Deason, James and Mary [NE 1456]   ACTION #: 11-CV-055667 (JSW) | December 22, 2011 |

**SELMAN & BREITMAN**  
33 New Montgomery Street, Sixth Floor, San Francisco, CA 94105  
FOR: LAMONS GASKET CO.; LAMONS GASKET COMPANY/sii/pae/sub/eqt/POWER ENGINEERING & EQUIPMENT CO

PH: (415) 979-0400  
FAX: (415) 979-2099

**VASQUEZ, ESTRADA & CONWAY LLP**  
Courthouse Square, 1000 Fourth Street, Suite 700, San Rafael, CA 94901  
FOR: HILL BROTHERS CHEMICAL COMPANY

PH: (415) 453-0555  
FAX: (415) 453-0549

End of Service List