

COPY

1  Sharon J. Zinns, CA Bar No. 241476
   LEVY, PHILLIPS & KONGISBERG, LLP
2  800 Third Ave, 11ᵗʰ Floor
   New York, NY 10022
3  Telephone: (212) 605-6200
   Facsimile: (212) 605-6290
4
5  Attorneys for Plaintiffs
6
7         IN THE UNITED STATES DISTRICT COURT
        FOR THE CENTRAL DISTRICT OF CALIFORNIA
8
9  TERRY K. TAYLOR, Individually and          Case No. CV11-8886
   as the Special Administrator of the
10 Estate of MARY BETH TAYLOR, Deceased,      COMPLAINT
   and SHELBY N. TAYLOR, KAITLYN R.
11 TAYLOR, EMILY M. TAYLOR, and              JURY TRIAL DEMANDED
   MATTIE R. TAYLOR as surviving heirs of
12 MARY BETH TAYLOR, Deceased,
13                           Plaintiffs,
14 KELLY MOORE PAINT CO.,
15                           Defendant.
16
17                          COMPLAINT
18
19     Plaintiffs, TERRY K. TAYLOR, Individually and as Special

20 Administrator of the Estate of MARY BETH TAYLOR, deceased, and

21 SHELBY N. TAYLOR, KAITLYN R. TAYLOR, EMILY M. TAYLOR, and MATTIE R.

22 TAYLOR as surviving heirs of MARY BETH TAYLOR, deceased, by and

23 through their attorneys, LEVY PHILLIPS & KONIGSBERG, LLP, and in

24 support of their claims against the Defendant, state as follows:

25
26
27
28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

<u>**JURISDICTION AND VENUE**</u>

2

    1.    This Court has original jurisdiction over these federal

3

claims pursuant to 28 U.S.C. § 1332 as: (a) the matter in

4

controversy exceeds $75,000 exclusive of interest and costs; and (b)

5

the matter is between citizens of different states.

6

    2.    Venue is proper under 28 U.S.C. § 1391 in the Central

7

District of California because a substantial part of the actions or

8

omissions giving rise to this case occurred within this District,

9

and at least one Defendant resides in this District.

10

<u>**THE PARTIES**</u>

11

**I.**    **THE PLAINTIFFS**

12

    3.    TERRY K. TAYLOR, MARY BETH TAYLOR'S widower, is the legal

13

representative of the Estate of MARY BETH TAYLOR for the purposes of

14

this lawsuit as Letters of Special Administrator on Decedent MARY

15

BETH TAYLOR's Estate were granted by the Douglas County Court in

16

Omaha, Nebraska, on December 31, 2009 to TERRY K. TAYLOR, Special

17

Administrator, case No. PR09-1742 in the Office of said Register.

18

    4.    Decedent MARY BETH TAYLOR was born on October 17, 1963.

19

Her social security number was 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. She died on October 28,

20

2009.

21

    5.    Plaintiff TERRY K. TAYLOR was born on July 3, 1961. His

22

social security number is 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.

23

    6.    Plaintiff SHELBY N. TAYLOR was born on March 15, 1993.

24

Her social security number is 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.

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

7.   Plaintiff KAITLYN R. TAYLOR was born on March 19, 1996. Her social security number is 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.

8.   Plaintiff EMILY M. TAYLOR was born on January 27, 1999. Her social security number is 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.

9.   Plaintiff MATTIE R. TAYLOR was born on June 17, 2004. Her social security number is 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.

10.   As a proximate result of Defendant's misconduct, which is detailed below, Decedent MARY BETH TAYLOR developed mesothelioma; as a result, she endured rounds of debilitating cancer treatments and medical procedures; she experienced physical pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, disabilities, and loss of bodily functions; she incurred medical expenses; and she suffered from any and all other damages associated with the diagnosis, treatment, and medical course of her cancer and has otherwise suffered injury and damages.   Further, as a result of Defendant's wrongful conduct, the estate of MARY BETH TAYLOR was caused to incur the expense of funeral and burial.

11.   MARY BETH TAYLOR is survived by her husband, TERRY K. TAYLOR, and her daughters, SHELBY N. TAYLOR, KAITLYN R. TAYLOR, EMILY M. TAYLOR, and MATTIE R. TAYLOR.   As a result of Defendant's wrongful conduct which caused MARY BETH TAYLOR's asbestos-related mesothelioma, TERRY K. TAYLOR, SHELBY N. TAYLOR, KAITLYN R.TAYLOR, EMILY M. TAYLOR, and MATTIE R. TAYLOR individually and as legal representative of the Estate of MARY BETH TAYLOR, has and will

1   continue in the future to suffer a loss of society, together with

2   related mental anguish and grief.

3   **II.  THE DEFENDANT**

4   　　　12.  Upon information and belief, and at all times hereinafter

5   mentioned, Defendant Kelly Moore Paint Company is a California

6

7   corporation whose registered agent for service of process is Robert

8   Stetson, whose offices are located at 987 Commercial Street, San

9   Carlos, California 940790.  For purposes of this Complaint, Kelly

10  Moore Paint Company shall include the present business entity, as

11  well as all of its predecessor corporations and entities as

12  applicable.  Upon information and belief and at all times

13  hereinafter mentioned, Kelly Moore is a California business entity

14  with it principal place of business in California: (a) was and is

15  still a foreign corporation, duly authorized to do business in the

16  State of Nebraska; (b) in person or through an agent, transacts

17  business in the State of Nebraska; (c) regularly does and/or

18  solicits business within the State of Nebraska; (d) derives

19  substantial revenue from goods used or consumed in the State of

20  Nebraska; and (e) expected or should have expected its acts to have

21  consequences within the State of Nebraska and derives substantial

22  revenue from interstate and/or international commerce.  At all

23  relevant times, Kelly Moore designed, marketed, manufactured,

24  distributed, supplied and/or sold asbestos-containing products.

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

**FACTS**

13.  MARY BETH TAYLOR's father, HENRY COONCE, owned his own maintenance company in Omaha, NE from approximately 1958 to 2008; he was also employed by The US Postal Service in Omaha, NE as a clerk from approximately 1956-1992; Indiana Bell in Indianapolis, IN as a tree trimmer from 1953-1954; Phelps Roofing in Vincent, IN as a laborer, from approximately 1954-1956; and the U.S. Navy from approximately 1950-1953. In the course of his employment at his company, HENRY COONCE worked with and around a variety of asbestos-containing products. As a result, HENRY COONCE's person and clothing would become permeated with dust containing asbestos fibers. HENRY COONCE then carried the dust into the home he shared with MARY BETH TAYLOR, into family vehicles, and into other areas where it became airborne.

14.  MARY BETH TAYLOR was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, as described below:

> a. MARY BETH TAYLOR was exposed to asbestos, which her father HENRY COONCE worked with and around in the course of his employment as a maintenance worker from approximately 1963-1986, and which permeated HENRY COONCE's clothing and person and subsequently became airborne in MARY BETH TAYLOR's presence, causing her to be repeatedly exposed to asbestos fibers originating from HENRY COONCE's employment. In this manner MARY BETH TAYLOR was exposed to asbestos from a variety of asbestos- containing products, including but not limited to: drywall, joint compound, asbestos tape, caulking materials, asbestos-containing roofing material, spackling materials, and adhesive.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

b. MARY BETH TAYLOR was exposed to asbestos non-occupationally (i.e. household exposure) while her father HENRY COONCE performed renovations on the family home. In this manner MARY BETH TAYLOR was exposed to asbestos from a variety of asbestos-containing products, including but not limited to: drywall, joint compound, asbestos tape, caulking materials, asbestos-containing roofing material, spackling materials, and adhesive.

c. MARY BETH TAYLOR may have been further exposed to asbestos in such a manner as further investigation and/or discovery may uncover.

15.    MARY BETH TAYLOR was exposed to asbestos, asbestos-containing products, products designed to be used with asbestos-containing products, and/or products that foreseeably would be used with asbestos-containing products, which were manufactured, sold, distributed, or installed by the Defendant.

16.    At all times herein set forth, the Defendant's products were being employed in the manner and for the purposes for which they were intended.

17.    MARY BETH TAYLOR's exposure to and inhalation, ingestion or absorption of asbestos fibers emanating from the use of the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendant.

18.    The Defendant knew or should have known that the asbestos fibers contained in its products and/or the products with which its products were designed to be used had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

19.   MARY   BETH   TAYLOR   suffered   from   an   asbestos-related disease(s), including but not limited to malignant mesothelioma. MARY BETH TAYLOR first became aware that she suffered from said disease(s) in approximately July of 2009 and subsequently thereto, became aware that the same was wrongfully caused. As a result of developing mesothelioma, MARY BETH TAYLOR endured great physical pain and suffering, mental anguish, emotional pain and suffering, and loss of enjoyment of life.   As a result of Defendant's wrongful conduct, MARY BETH TAYLOR was required to receive medical treatment to mitigate her asbestos-related disease, incurring reasonable and necessary costs for medical care, diagnosis and treatment.   Further, as a result of Defendants' wrongful conduct, MARY BETH TAYLOR's estate was caused to incur the cost of her funeral and burial. Further, MARY BETH TAYLOR incurred a substantial loss of income.

20.   MARY   BETH   TAYLOR   is   survived   by   her   husband   TERRY   K. TAYLOR and her daughters SHELBY N. TAYLOR, KAITLYN R. TAYLOR, EMILY M. TAYLOR, and MATTIE R. TAYLOR.   As a result of Defendant's wrongful conduct which caused MARY BETH TAYLOR's asbestos-related mesothelioma, TERRY K. TAYLOR, SHELBY N. TAYLOR, KAITLYN R. TAYLOR, EMILY M. TAYLOR, and MATTIE R. TAYLOR have suffered and will continue in the future to suffer a loss of society, together with related mental anguish and grief.

## COUNT I

## NEGLIGENCE

21.   The allegations in paragraphs One (1) through Twenty (20) above are realleged and incorporated by reference within this Count.

22.   At all times herein relevant, the Defendant had a duty to exercise reasonable care and caution for the safety of MARY BETH TAYLOR and others working with and around the Defendant's asbestos-containing products.

23.   The Defendant negligently produced, sold, supplied or otherwise put into the stream of commerce asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

24.   The Defendant knew or should have known that the asbestos fiber contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

25.   As a designer, developer, manufacturer, distributor, supplier and seller of the above-described asbestos and asbestos-containing products, the Defendant owes a duty to foreseeable users and handlers of said products to use ordinary care in designing, manufacturing, marketing, supplying and selling said products in such a manner as to render them safe for their intended and forseeable users.

26.   The Defendant was negligent in that it failed to exercise ordinary care and caution for the safety of MARY BETH TAYLOR and/or her family members in one or more of the following respects:

  a. Including asbestos in its products, and using asbestos even though it was completely foreseeable and could or should have been anticipated that persons such as MARY BETH TAYLOR and her family members, working with and around them would inhale, ingest or otherwise absorb asbestos;

  b. Including asbestos in its products, and using asbestos when the Defendant knew or should have known that said asbestos would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

  c. Including asbestos in its products, and using asbestos when adequate substitutes for the asbestos in them were available;

  d. Failing to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

  e. Failing to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.   Failing to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendant in order to determine the hazards to which persons such as MARY BETH TAYLOR and/or her family might be exposed while working with or around their products;

g.   Designing, manufacturing and selling equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

27.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, MARY BETH TAYLOR was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing MARY BETH TAYLOR to develop the asbestos disease aforesaid, which disabled and disfigured MARY BETH TAYLOR, and ultimately led to her death; MARY BETH TAYLOR, prior to her death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of her asbestos-induced disease and conditions; and MARY BETH TAYLOR experienced great physical pain and mental anguish as a result of her asbestos-induced disease and conditions. Further, MARY BETH TAYLOR incurred a substantial loss of income.

28.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, TERRY K. TAYLOR, SHELBY N. TAYLOR, KAITLYN R. TAYLOR, EMILY M. TAYLOR, and MATTIE R. TAYLOR have experienced mental anguish and emotional pain and suffering and have lost the society of the Decedent. Additionally, substantial sums of money were expended by MARY BETH TAYLOR's estate for funeral and burial.

## COUNT II

### STRICT PRODUCT LIABILITY

29.   The allegations in paragraphs One (1) through Twenty-eight (28) above are realleged and incorporated by reference within this Count.

30.   The Defendant placed its asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

31.   Defendant failed to design, manufacture, market, distribute, supply and sell asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable uses. By way of example, and not limitation, Defendant:

      a.    Failed to design, develop, manufacture and test the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when Defendant knew or should have known that the foreseeable use of intended purpose of its

products was by persons, specifically Decedent MARY BETH TAYLOR, who worked with and around said products;

b.  Marketed and sold said products while the same was in an unreasonably dangerous and defective condition, presenting a hazardous risk to Decedent MARY BETH TAYLOR's well being;

c.  Failed to recall or attempt to repair the defective products when Defendant was and had been aware of the propensity of said products to injure Decedent MARY BETH TAYLOR;

d.  Failed to properly test said products to ensure that they were reasonably safe for use throughout their product lifetime.

32.  Moreover, when Defendant's asbestos and asbestos-containing products left the Defendant's possession and were placed on the market they were defective in that:

a.  When used in the intended or reasonably foreseeable manner, the products were not reasonably safe for their intended use;

b.  When used in the intended or reasonably foreseeable manner, the products failed to perform as safely as would be expected by an ordinary user or consumer;

c.  When used in the intended or reasonably foreseeable manner, the products caused a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

33.  Defendant violated the requirements of Section 402A of the Restatement of Torts, 2d, all of which proximately resulted in Decedent MARY BETH TAYLOR's asbestos-related disease.

34.   Additionally, although Defendant knew or, in the exercise of ordinary care, should have known that its asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were deleterious, and highly harmful to Decedent MARY BETH TAYLOR's health, Defendant nonetheless:

a.   Failed to advise or warn Decedent MARY BETH TAYLOR of the dangerous characteristics of its asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

b.   Failed to provide Decedent MARY BETH TAYLOR with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if any, to protect Decedent MARY BETH TAYLOR from being harmed by exposure to asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

c.   Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting Decedent MARY BETH TAYLOR of the dangers to health caused by contact with asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

d.   Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1         safety plan and/or a safe method of handling and

2         installing asbestos and asbestos-containing products,

3         or utilizing the machinery requiring the use of

4         asbestos and/or asbestos-containing products in a

5         safe manner.

6

7      35.  Defendant's products were also defective due to inadequate

8  warning or instruction during and after the time of marketing in

9  that Defendant knew, or in the exercise of reasonable care, should

10 have known about the risks associated with its products and failed

11 to provide reasonable and/or adequate warning or instruction in

12 light of the likelihood that the asbestos, asbestos-containing

13 products and/or machinery requiring the use of asbestos and/or

14 asbestos-containing products would cause serious physical harm to

15 Decedent MARY BETH TAYLOR.

16

17     36.  As a direct and proximate result of using Defendant's

18 asbestos and asbestos-containing products for the general purpose

19 for which they were designed and intended, MARY BETH TAYLOR was

20 exposed to asbestos and was injured as described herein.

21     37.  Accordingly, Defendant is strictly liable to MARY BETH

22 TAYLOR for its failure to warn, and for defective design and

23 manufacture and/or marketing, distributing, supplying and selling a

24 defective product.

25

26                 **COUNT III**

27           **BREACH OF WARRANTY**

28

38.   The allegations in paragraph One (1) through Thirty-seven (37) above are realleged and incorporated by reference within this Count.

39.   Defendant caused Decedent's injuries and damages as stated above by manufacturing, selling, installing, and distributing asbestos-containing products and raw materials which failed to meet express and implied warranties of merchantability and fitness for intended purposes upon which Decedent had a right to rely and did rely.

40.   As a direct and proximate result of the breaches of these warranties, Decedent MARY BETH TAYLOR was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Decedent MARY BETH TAYLOR to develop the aforesaid asbestos disease, which disabled and disfigured MARY BETH TAYLOR; MARY BETH TAYLOR was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of her asbestos-induced disease and conditions; Decedent MARY BETH TAYLOR experienced great physical pain and mental anguish as a result of her asbestos-induced disease and conditions. Decedent MARY BETH TAYLOR incurred substantial loss of income.   Defendants are liable to Plaintiffs TERRY K. TAYLOR, SHELBY N. TAYLOR, KAITLYN R. TAYLOR, EMILY M. TAYLOR, and MATTIE R. TAYLOR for these damages.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

## COUNT IV

### FRAUDULENT CONDUCT, MALICE AND GROSS NEGLIGENCE

41.   The allegations in paragraphs One (1) through Forty (40) above are realleged and incorporated by reference within this Count.

42.   The Defendant had a duty to refrain from gross negligence, fraud and/or malicious acts or omissions that would harm MARY BETH TAYLOR.

43.   Defendant is guilty of one or more of the following acts or omissions amounting to fraudulent misconduct, malice and gross negligence:

    a.   Intentionally or with gross negligence disregarded the safety of MARY BETH TAYLOR, including asbestos in its products, or using asbestos, even though it was completely foreseeable and could or should have been anticipated that persons such as MARY BETH TAYLOR and/or her family members working with or around their products, would inhale, ingest or otherwise absorb asbestos;

    b.   Intentionally or with gross negligence disregarded the safety of MARY BETH TAYLOR, including asbestos in its products, or using asbestos, when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.   Intentionally or with gross negligence disregarded the safety of MARY BETH TAYLOR, including asbestos in their products, or using asbestos, when adequate substitutes for the asbestos in them were available;

d.   Intentionally or with gross negligence disregarded the safety of MARY BETH TAYLOR by removiving any warnings regarding the dangers of asbestos from the packaging of asbestos-containing products supplied to persons working with an around the products and using the products in their intended and/or reasonably foreseeable manner;

e.   Intentionally or with gross negligence disregarded the safety of MARY BETH TAYLOR by failing to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

f.   Intentionally or with gross negligence disregarded for the safety of MARY BETH TAYLOR by failing to provide any or adequate instructions concerning the safe methods of working with and around their products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

g.   Intentionally or with gross negligence disregarded the safety of MARY BETH TAYLOR by failing to conduct tests on the asbestos-containing products

manufactured, sold, delivered or installed by the Defendant in order to determine the hazards to which persons such as MARY BETH TAYLOR and/or her family members might be exposed while working with and around the products;

h.  Intentionally or with gross negligence disregarded the safety of MARY BETH TAYLOR by failing to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, therefore adding to the exposure of MARY BETH TAYLOR, her family members, and others similarly situated;

i.  Intentionally or with gross negligence disregarded the safety of MARY BETH TAYLOR by failing to take adequate steps to remedy the above failures, including but not limited to (1) failure to recall or require removal of asbestos and asbestos products, coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe, and (3) failure to promptly and safely remove the asbestos now in place;

j.  Intentionally or with gross negligence disregarded the safety of MARY BETH TAYLOR by failing to require and/or advise workers and persons such as MARY BETH TAYLOR's family members of hygiene practices designed to reduce and/or prevent carrying asbestos fibers

into the home and thereby exposing family members such as MARY BETH TAYLOR; and,

44. As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendant, MARY BETH TAYLOR was exposed to asbestos, contracted mesothelioma and suffered the injuries and damages as described herein.

45. Defendant's actions, as stated herein, constitute a flagrant disregard for the rights and safety of Decedent and by engaging in such actions, Defendant acted with gross negligence, fraud, recklessness, willfulness, wantonness and/or malice and should be held liable in punitive and exemplary damages to Plaintiffs TERRY K. TAYLOR, SHELBY N. TAYLOR, KAITLYN R.TAYLOR, EMILY M. TAYLOR, and MATTIE R. TAYLOR.

## COUNT V

### LOSS OF CONSORTIUM

46. The allegations in paragraphs One (1) through Forty-five (45) above are realleged and incorporated by reference within this Count.

47. MARY BETH TAYLOR was married to Plaintiff TERRY K. TAYLOR, and was the mother of SHELBY N. TAYLOR, KAITLYN R. TAYLOR, EMILY M. TAYLOR, and MATTIE R. TAYLOR. As a result of Defendant's wrongful conduct which caused Decedent's above-stated asbestos-related disease and problems, Plaintiffs TERRY K. TAYLOR, SHELBY N. TAYLOR, KAITLYN R. TAYLOR, EMILY M. TAYLOR, and MATTIE R. TAYLOR have

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

suffered and will continue in the future to suffer a loss of the support, consortium and society of their wife and mother, together with related mental anguish and pain and suffering.

**WHEREFORE**, Decedent MARY BETH TAYLOR and Plaintiffs TERRY K. TAYLOR, SHELBY N. TAYLOR, KAITLYN R. TAYLOR, EMILY M. TAYLOR, and MATTIE R. TAYLOR, as a direct and proximate result of the negligence and conduct of the Defendant, suffered great pain and severe mental anguish, and Plaintiffs will continue to suffer severe mental anguish.

Decedent, as a direct and proximate result of the negligence of other conduct of Defendant, incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined.

The estate of Decedent MARY BETH TAYLOR, as a direct and proximate result of the negligence and other conditions of Defendant, has suffered economic damages and will continue to suffer them throughout Plaintiffs' lifetimes.

Plaintiffs demand judgment against Defendant jointly and severally in an amount in excess of One Hundred Thousand Dollars ($100,000.00); punitive damages in an amount sufficient to punish Defendant for its misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and such other and further relief that this Court deems appropriate.

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    A trial by jury is hereby demanded as to all counts.

2

3                                    Respectfully submitted,

4

5                            LEVY PHILLIPS & KONIGSBERG, LLP

6

7

8    By:   _____

9                            Sharon J. Zinns, Esq.

10

11   Dated: October 26, 2011

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY – ASBESTOS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TERRY K. TAYLOR, Individually and as the Special Administrator of the Estate of MARY BETH TAYLOR, et al. | KELLY MOORE PAINT CO. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Levy Phillips & Konigsberg, LLP<br>800 Third Avenue, 11th Floor<br>New York, NY 10022 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ 100,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV11-8886

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**