**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                              MDL No. 875

## MOTION TO MODIFY THE JUDICIAL PANEL'S MDL-875 ORDER

Pursuant to Rule 6.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Crane Co. respectfully moves the United States Judicial Panel on Multidistrict Litigation (the "Panel") to modify its December 13, 2011 Order Adopting Suggestion to the Panel Concerning Future Tag-Along Transfers ("Order"), to provide that all motions to remand asbestos lawsuits to state court be within the exclusive province of the MDL-875 Court.

1. On November 23, 2011, the MDL-875 Court submitted a Suggestion to the Panel on Multidistrict Litigation Concerning Future Tag-Along Transfers (the "Suggestion") that requested the Panel, subject to limited exceptions, to cease transferring tag-along actions to the MDL-875 after January 1, 2012.

2. On December 13, 2011, the Panel issued an Order adopting and implementing the MDL-875 Court's Suggestion.

3. As the Panel has recognized, the MDL-875 Court has eliminated much of the backlog of asbestos cases pending in federal courts. As the MDL-875 Court noted in its suggestion to the Panel, with some exceptions, the cases currently pending in the MDL-875 are under scheduling orders and many, if not most, of the pending cases will be adjudicated, settled, or remanded by December 31, 2012. There is no question that the MDL-875 docket provided an efficient and economic means of uniformly addressing asbestos-related claims.

PI-3291023 v1

4.	Among the most significant achievements of the MDL-875 was to provide uniformity, consistency, and predictability in asbestos litigation and to ensure that common issues of law and fact were treated similarly across the United States.

5.	The need for a uniform application of the law is very prominent in the area of federal jurisdiction related to the removal of lawsuits originally filed in state court, since, with some exceptions, the district courts provide the final adjudication of whether a removed action remains in federal court.

6.	As a defendant in many cases pending and previously pending in the MDL-875, Crane Co. respectfully requests the Panel to include an additional exception in its Order, so that all motions to remand asbestos lawsuits back to state courts are resolved in the MDL-875 docket.

7.	A common path to consolidation of cases in the MDL-875 is removal by one or more defendants to an appropriate federal district court, followed by a transfer. *See Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 772 (E.D. Pa. 2010). In many instances, the jurisdictional basis for removal is the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Oftentimes, plaintiffs file motions to remand these actions back to state courts.

8.	Questions of remand as they relate to the grounds for removal of these asbestos-related claims are not being uniformly decided by district courts across the nation. This disconnect between various district courts leads to some courts denying and some courts granting motions to remand in factually identical situations.[1] This lack of uniformity with regard to the

---

[1] *See, e.g., Sublett v. Air & Liquid Systems Corp.*, Case No. 11-433-GPM, 2011 U.S. Dist. Lexis 70908 (S.D. Ill. June 30, 2011) (granting plaintiffs' motion to remand asbestos lawsuit to state court where removal alleged subject matter jurisdiction on the basis of 28 U.S.C. § 1442, the federal officer removal statute); *but see Ellis v. Pneumo Abex Corp.*, Case No. 110-01128 (C.D. Ill. June 20, 2011) (denying plaintiff's motion to remand and finding that defendants showed evidence sufficient to satisfy the requirements for federal officer removal pursuant to 28 U.S.C. § 1442(a)(1)) (Order is attached as Exhibit "A"). *See also Getz v. The Boeing Co.*, 654 F.3d 852,

application of the law to common questions of fact is a concern for all parties. The uniform and consistent application of the law as it relates to remand would promote the just and efficient conduct of this litigation and prevent contradicting rules of law.

9. In the recent past, motions practice has become almost a race to the courthouse in some jurisdictions where plaintiffs would seek expedited review of a motion to remand before the case was transferred to MDL-875. Such practices do not result in the uniform application of the law. Accordingly, Crane Co. requests that the Panel modify its Order to provide an additional exception that all motions to remand asbestos claims back to state courts be included within the exclusive province of the MDL-875 Court.

| | |
|---|---|
| Dated: December 28, 2011 | Respectfully submitted,<br>**K&L GATES LLP**<br><br>/s/ Michael J. Zukowski_____<br>Michael J. Zukowski (Pa. I.D. 84136)<br>Syed D. Ali (Pa. I.D. 206719)<br><br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, Pennsylvania 15222<br>(412) 355-6500<br><br>Attorneys for Defendant Crane Co. |

---

867 (9th Cir. 2011) (confirming that the government contractor defense applies to failure to warn claims).