# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **LINDA ELLIS, Individually and as special administrator of the estate of WALTER TOM, deceased,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) ) | Case No.: 11 - 01128 |
| **PNEUMO ABEX CORP., PNEUMO ABEX LLC, METROPOLITAN LIFE INSURANCE CO., OWENS-ILLINOIS INC., HONEYWELL INTERNATIONAL INC., GARLOCK SEALING TECHNOLOGIES LLC, JOHN CRANE INC., AURORA PUMP CO., BUFFALO PUMPS INC., WARREN PUMPS INC., TYCO FLOW CONTROL INC., FOSTER WHEELER AG, WESTINGHOUSE ELECTRIC COMPANY LLC, AND CRANE CO.** ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

## O R D E R

This matter is now before the Court on Plaintiff's Motion to Remand [#8] pursuant to 28 U.S.C. §1446(c)(4) or alternatively, 28 U.S.C. §1447(c) and Defendant's Motion to Stay [#12]. For the reasons set forth below, the Motion to Remand [#8] is DENIED and the Motion to Stay [#12] is GRANTED.

### BACKGROUND

On February 16, 2010, Plaintiffs Walter Tom, now deceased, and Linda Ellis filed a Complaint [#1] in state court in McLean County, Illinois, alleging that Walter Tom was exposed

to asbestos during his service aboard the *USS Voglegsang* and *USS Sylvania*. Plaintiffs allege that this exposure resulted in Walter Tom's contraction of asbestos related lung cancer. After Walter Tom's death, Plaintiff Linda Ellis filed an amendment to her Amended Complaint [#1] on January 21, 2011, adding CBS Corporation, sued in the present case as Westinghouse Electric Co., LLC ("Westinghouse"), and Crane Company as defendants. On March 29, 2011, Westinghouse filed a notice to remove the case to this Court pursuant to 28 U.S.C. §1442(a)(1) on grounds of asserting a government contractor defense. Plaintiff now moves to remand the action to state court. Westinghouse has filed a Response to Plaintiff's Motion to Remand [#13], and Crane Co. has filed an Opposition to Plaintiff's Motion to Remand [#16]. Defendant Westinghouse moves to stay proceedings pending the transfer of the present case to MDL-875. Plaintiff has filed a Response to CBS Corporation (Westinghouse's) Motion to Stay Pending Transfer to MDL-875 [#17]. The matters are fully briefed, and this Order follows.

## DISCUSSION

### I. Plaintiff's Motion to Remand [#8]

Defendant Westinghouse does not dispute that it is within the discretion of this Court to consider the merits of Plaintiff's Motion to Remand [#8] but asks that the Court exercise its discretion to stay proceedings pending transfer to MDL-857. The Seventh Circuit Court of Appeals held that a court's first duty in every suit is "to determine the existence of subject matter jurisdiction." Johnson v. Wattenbarger, 361 F.3d 991, 992 (7th Cir. 2004). This Court, therefore, agrees with the courts within the Seventh Circuit which have held that "a court should first give preliminary scrutiny to the merits of the motion to remand" when a case is pending transfer to MDL. Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001); See also

Brooks v. Merck & Co., Inc., 443 F. Supp. 2d 994, 997 (S.D. Ill. 2006). Accordingly, this Court has considered the merits of the Plaintiff's Motion and, for the reasons discussed below, denies remand to state court.

Title U.S.C. §1441(a) allows a defendant to remove to federal court any civil action originally brought in state court if the federal court has original jurisdiction over the matter. Under 28 U.S.C. §1332, such jurisdiction is present in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs," and the parties are of diverse citizenship. 28 U.S.C. §1332(a). The federal officer removal statute is an exception to the requirement that a federal question appear in the complaint and allows cases to be removed to federal court when "any officer (or any person acting under that officer of the United States or of any agency thereof, [is] sued in an official or individual capacity for any act under color of such office." 28 U.S.C. §1442(a)(1). The statute may be invoked by one defendant acting independent of any co-defendants. See State of Wis. v. Schaffer, 565 F.2d 961, 964 (7th Cir. 1977); Bradford v. Harding, 284 F.2d 307, 310 (2d Cir. 1960); Ely Valley Mines, Inc. v. Hartford Acci. & Indem. Co., 644 F.2d 1310, 1314-15 (9th Cir. 1981).

This case is similar to others involving asbestos exposure in the Navy in that its primary evidentiary support is in the form of affidavits of expert testimony of people either formerly in the Navy or who have worked with the Navy. Some courts have found that such evidence is insufficient to support federal officer removal. Westmiller v. IMO Indus., 2005 U.S. Dist. LEXIS 29371 (W.D. Wash. Oct. 20, 2005); Nguyen v. Allied Signal, 1998 U.S. Dist. LEXIS 15517 (N.D. Cal. Sept. 28, 1998). Others have permitted affidavits to stand as evidence. See Venezia v. Robinson, 16 F.3d 209, 212 (7th Cir. 1994); Harris v. Rapid Am. Corp., 532 F. Supp.

2d 1001 (N.D. Ill. 2007); Machnik v. Buffalo Pumps Inc., 506 F. Supp. 2d 99 (D. Conn. 2007). Removal statutes are typically subject to strict scrutiny with preference given to remand in the event of doubt. The ultimate purpose, however, of §1442(a)(1) is to protect officers of the federal government from liability while performing the duties of their office. Therefore, the Supreme Court has rejected a narrow interpretation of the statute and held that the federal officer removal "statute must be 'liberally construed.'" Watson v. Philip Morris Cos., 551 U.S. 142, 147 (U.S. 2007) (quoting Colorado v. Symes, 286 U.S. 510, 517 (1932) ("It scarcely need be said that such measures are to be liberally construed to give full effect to the purposes for which they were enacted.")). In consideration of the ultimate purpose of the statute, we join with the courts which have held that evidence in the form of affidavits is sufficient to sustain federal officer removal.

To remove a case under §1442(a)(1), the moving party "must establish that he *is* a federal official or is 'acting under' such an official" and assert a "federal defense to the claim." Venezia, 16 F.3d at 211-12. The moving party must also show that the claim "depends on the defendant's following the directions issued by that federal officer." Pollitt v. Healthcare Service Corp., 558 F.3d 615, 616 (7th Cir. 2009). The United States District Court of the Northern District of Illinois has derived a three-part test from the Seventh Circuit Court of Appeal's guidelines to remove a case under §1442(a)(1): a defendant must establish that "(1) it is a 'person' within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning there is a nexus or causal connections between plaintiff's claims and its actions; and (3) it can assert a colorable federal defense to state-law liability." Harris v. Rapid Am. Corp., 532 F. Supp. 2d 1001, 1003 (N.D.Ill. 2007). This Court finds this test instructive for the present case.

4

**A. Person Within Meaning of §1442(a)(1)**

The first element requires a defendant to establish that "it is a person within the meaning of the statute." Harris, 532 F. Supp. 2d at 1003. Here, the moving party, Westinghouse, is a corporation. Plaintiff does not argue that Westinghouse is not a person within the meaning of this statute in her Motion. This Court, however, agrees with the great weight of authority holding that a corporation is a person within the meaning of this statute. See Oliver v. Oshkosh Truck Corp., 96 F.3d 996 (7th Cir.1996) (holding that a corporation successfully asserted a government contractor defense); Alsup v. 3-Day Blinds, Inc., 435 F. Supp. 2d 838, 845 (S.D. Ill. 2006); Bennet v. MIS Corp., 607 F.3d 1076, 1085 (6th 2010); Camacho v. Autoridad de Telefonos de Puerto Rico, 868 F.2d 482, 486-87 (1st Cir. 1989).

**B. Acting Under a Federal Official**

The federal officer removal statute requires a defendant to show that it acted under a federal official. Venezia, 16 F.3d at 211. The Seventh Circuit Court of Appeals has held that this requirement may be satisfied by a showing that a defendant assisted or helped to carry out "the duties or tasks of the federal superior." Kelly v. Martin Bayley, Inc., 503 F.3d 584, 587 (7th Cir. 2007). Here, Defendant supplied the Navy with equipment for its operations according to the Navy's guidelines. Defendant has submitted evidence in the form of numerous detailed specifications dictated by the Navy to be followed in the manufacturing and labeling of the equipment as well as testing procedures used by the Navy to ensure the products were up to their standards. The Court, therefore, concludes that this requirement is satisfied.

A defendant must then show a causal nexus between the claim and the acts that occurred while the defendant was directed by a federal office. See Pollitt, 558 F.3d at 616; Harris, 532 F.

Supp. 2d at 1003. Plaintiff's claim alleges a failure to warn of the dangers associated with asbestos. Defendants have submitted evidence in the form of affidavits of former Navy Rear Admirals and technical manuals indicating that labeling, including warning labels, and safety manuals were regulated by the Navy's safety guidelines and subject to a review process. Based on this information, the Court concludes the causal nexus requirement is met.

**C. A Colorable Federal Defense**

A defendant must assert "a colorable federal defense" to satisfy the requirements for the federal officer removal statute. Harris, 532 F. Supp. 2d at 1003. The Seventh Circuit Court of Appeals has held that a "defendant need not show that he is entitled to *prevail* in order to have access to the federal forum." Venezia, 16 F.3d at 212. It is not, therefore, the role of this Court to consider the merits of the defense or its probability of success. Instead, this Court must determine whether the defense is "plausible." Id. Here, Defendant Westinghouse raised a government contractor defense. A government contractor defense in certain circumstances extends the limited liability of the federal government in its discretionary functions to the contractors acting pursuant to the federal government's direction. See Boyle v. United Technologies Corp., 487 U.S. 500, 511-12 (1988).

When considering the liability of federal contractors in military equipment design defect claims, the Supreme Court held that the selection of military equipment was within the discretionary functions of the federal government. Id. at 511. Citing 28 U.S.C. §2680(a), which precludes claims based upon such discretionary functions or duties, the Supreme Court held that federal contractors could not be held liable in design defect claims "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications;

and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Id. at 512.

Plaintiff argues that the government contractor defense cannot be used in a failure-to-warn claim. There is some divergence of opinion within the Seventh Circuit as to the viability of the government contractor defense against failure-to-warn claims. The Seventh Circuit Court of Appeals has ruled that "the government contractor defense articulated by the Supreme Court in *Boyle* may operate to defeat a state failure-to-warn claim." Oliver, 96 F.3d at 1004. This situation is present in this case. To account for the practical and theoretical differences between design defect and failure-to-warn claims, the Seventh Circuit has adopted a modified version of the Boyle test to be applied in failure-to-warn claims. See Oliver, 96 F.3d at 1003-04. The modified test requires a showing that "(1) the government exercised its discretion and approved certain warnings; (2) the contractor provided the warnings required by the government; (3) the contractor warned the government about dangers in the equipment's use that were known to the contractor but not to the government." Id. at 1003-04; Tate v. Boeing Helicopters, 55 F.3d 1150, 1157 (6th Cir. 1995).

### i. Exercise of Government Discretion and Approval of Warnings.

Plaintiff argues that Defendant Westinghouse must show that it was prohibited or prevented by the federal government from warning about the dangers of asbestos. The Seventh Circuit Court of Appeals, however, has rejected the argument that such a showing is necessary to assert a government contractor defense. See Oliver 96 F.3d at 1004 ("We cannot accept as consistent with *Boyle* the suggestion that there is any strict requirement that the government 'prohibit' warnings altogether or 'dictate' the contents of the warnings actually incorporated.");

7

Tate, 55 F.3d at 1157 ("Government *discretion* is required, not dictation or prohibition of warnings.").

The evidence submitted by Westinghouse and Crane Co. include affidavits from Rear Admirals Roger B. Horne Jr. and David P. Sargent stating that the Navy was intimately involved in the design of the equipment and safety materials and also controlled all labels on all equipment. [#13-3, Ex. C]; [#16-2, Ex. 2]. Rear Admiral Horne Jr. testified that the Navy's military specifications for warnings were intended to address only how someone "might be immediately physically injured," and these warnings "were universally understood by the Navy not to include long-term health hazards such as those presented by asbestos." [#13-3, Ex. C]. Rear Admiral Sargent testified that, without "prior discussion and expressed approval by the Navy," no warnings beyond the Navy's specifications could be independently attached. [#16-2, Ex. 2]. The documents in evidence show that the Navy's role in the making and labeling of the equipment went beyond merely rubber stamping. Instead, the evidence demonstrates that the Navy exercised discretion and reserved the right to approve all equipment and labels. Therefore, the Court finds that Defendant Westinghouse has satisfied the first prong.

### ii. Provide Required Warnings

Affidavits submitted by Westinghouse include testimony that the turbines at issue were built to conform to the specifications of the Navy. Accordingly, this Court concludes that the Defendant did provide such warnings required by the Navy regarding possible dangers. Furthermore, Defendant also conformed the warnings for the turbines to the Navy's approved warnings.

### iii. Warn Government of Dangers Known to Contractor, But Not Government

The final prong of the test requires that the contractor warn the United States of the dangers known to it but not the United States. Oliver, 96 F.3d at 1004. According to the testimony of Dr. Samuel A. Foreman, which was submitted in an affidavit by Westinghouse, the Navy was aware of "the health hazards associated with airborne asbestos dust and the appropriate protective measures to prevent asbestos exposure" in the 1920s and expanded its knowledge in the coming years. [#13-5, Ex. E]. Defendant has no duty to warn the government of a danger of which it is already aware. This Court, therefore, concludes that the third requirement is also satisfied. Accordingly, the Court finds that Defendant Westinghouse has asserted a plausible federal defense. Thus, federal officer removal is appropriate in this case, and Plaintiff's Motion to Remand will be denied.

## II. Defendant's Motion to Stay [#12]

Having considered the matter of jurisdiction, the Court now turns its attention to the Defendant's Motion to Stay [#12]. The Seventh Circuit Court of Appeals has held that relevant factors in considering a motion to stay include (1) irreparable harm to the moving party if a stay is denied; (2) potential hardship to the non-moving party if a stay is granted; and (3) the effect on public interests should a stay be granted. See Koutcher v. Gonzalez, 494 F.3d 1133, 1134-35 (7th Cir. 2007); See also Meyers, 143 F. Supp. 2d at 1049 ("the factors to be considered include (1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.").

Here, Plaintiff's Response to Westinghouse's Motion to Stay [#17] primarily asserts that this Court has jurisdiction to rule on Plaintiff's Motion to Remand [#8] prior to effective transfer

9

of the present case to the MDL. Plaintiff's Response [#17] does not address specifically whether a stay of proceedings would be prejudicial to her claim. Likewise, Defendant does not go so far as to claim hardship should a stay be denied, choosing instead to focus on the need for judicial economy, consistency in rulings, and efficiency. Neither party presents much of an argument as to the potential hardships they might face, but the preservation of judicial resources and the prevention of inconsistent rulings is, of course, a compelling public interest. Should the present case be successfully transferred to the MDL, there would be little or no reason for this Court to expend its resources in the meantime to no avail. Accordingly, this Court finds that considerations of judicial economy favor granting a stay of proceedings.

## CONCLUSION

This Court finds that Defendants have shown evidence sufficient to satisfy the requirements for federal officer removal pursuant to 28 U.S.C. §1442(a)(1). For the reasons set forth herein, the Motion to Remand is DENIED. This Court further finds that a stay of proceedings is appropriate in this matter. Thus, the Motion to Stay Pending Transfer to MDL-875 is GRANTED. The Court further ORDERS the Defendant to provide the Court with timely notice of any decision by the MDL Panel regarding transfer of the present case.

ENTERED this __20th__ day of June, 2011.

                                               s/ Michael M. Mihm
                                               Michael M. Mihm
                                               United States District Judge