EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:11-cv-01896-WWE

Hawrylik v. General Electric Company et al
Assigned to: Judge Warren W. Eginton
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 12/06/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

## Plaintiff

**Stanley Hawrylik**

represented by **Melissa M. Riley**
Embry & Neusner
118 Poquonnock Rd., Po Box 1409
Groton, CT 06340
860-449-0341
Fax: 860-449-9070
Email: mriley@embryneusner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

### General Electric Company

## Defendant

### CBS Corporation
*formerly known as*
Viacom Inc.
*Successor*
CBS Corporation
*formerly known as*
Westinghouse Electric Corp

represented by **Thomas F. Maxwell , Jr.**
Pullman & Comley
850 Main St., Po Box 7006
Bridgeport, CT 06601-7006
203-330-2252
Email: tmaxwell@pullcom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Air & Liquid Systems Corporation**
*Successor*
Buffalo Pumps, Inc.

## Defendant

### General Dynamics Corp

## Defendant

**Electric Boat Corp.**
*Successor*

represented by **Eric W. F. Niederer**
Wilson, Elser, Moskowitz, Edelman &

General Dynamics Corporation/Electric
Boat Division,

Dicker , LLP - Stmfd CT
1010 Washington Boulevard
Stamford, CT 06901
203-388-9100
Fax: 203-388-9101
Email: eric.niederer@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/06/2011 | 1 | NOTICE OF REMOVAL by Electric Boat Corp. from Superior Court, Bridgeport, filed by Electric Boat Corp.. (Attachments: # 1 Exhibit A, # 2 Exhibit B - Part 1, # 3 Exhibit B - Part 2, # 4 Exhibit B - Part 3, # 5 Exhibit C - Part 1, # 6 Exhibit C - Part 2, # 7 Exhibit C - Part 3, # 8 Exhibit C - Part 4, # 9 Exhibit D, # 10 Exhibit E, # 11 Civil Cover Sheet)(Fazekas, J.) (Entered: 12/07/2011) |
| 12/06/2011 |  | Filing fee received from Wilson, Elser, Moskowitz, Edelman & Dicker LLP: $350.00, receipt number CTXB00001448. (Fazekas, J.) (Entered: 12/07/2011) |
| 12/06/2011 | 2 | STATEMENT IN REMOVED CASES by Electric Boat Corp. (Fazekas, J.) (Entered: 12/07/2011) |
| 12/06/2011 | 3 | NOTICE OF NO PENDING MOTIONS by Electric Boat Corp. (Fazekas, J.) (Entered: 12/07/2011) |
| 12/06/2011 | 4 | DEMAND for Trial by Jury by Electric Boat Corp. (Fazekas, J.) (Entered: 12/07/2011) |
| 12/06/2011 | 5 | NOTICE of Appearance by Eric W. F. Niederer on behalf of Electric Boat Corp. (Fazekas, J.) (Entered: 12/07/2011) |
| 12/06/2011 | 6 | Order on Pretrial Deadlines: Motions to Dismiss due on 3/6/2012. Amended Pleadings due by 2/4/2012. Discovery due by 6/6/2012. Dispositive Motions due by 7/6/2012. Signed by Clerk on 12/6/2011. (Fazekas, J.) (Entered: 12/07/2011) |
| 12/06/2011 | 7 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Warren W. Eginton on 12/6/2011. (Fazekas, J.) (Entered: 12/07/2011) |
| 12/07/2011 | 8 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 3 Notice of No Pending Motions filed by Electric Boat Corp., 4 Jury Demand filed by Electric Boat Corp., 1 Notice of Removal, filed by Electric Boat Corp., 7 Electronic Filing Order, 6 Order on Pretrial Deadlines, 2 Statement in Removed Cases filed by Electric Boat Corp., 5 Notice of Appearance filed by Eric W. F. Niederer on behalf of Electric Boat Corp.. Signed by Clerk on 12/7/2011. (Attachments: # 1 Removal Standing Order)(Fazekas, J.) (Entered: 12/07/2011) |
|  |  |  |

| 12/12/2011 | 9 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation (Maxwell, Thomas) (Entered: 12/12/2011) |
| 12/12/2011 | 10 | MOTION for Joinder re 1 Notice of Removal, filed by Electric Boat Corp. by CBS Corporation. (Attachments: # 1 Exhibit 1)(Maxwell, Thomas) (Entered: 12/12/2011) |
| 12/12/2011 | 11 | Corporate Disclosure Statement by CBS Corporation. (Maxwell, Thomas) (Entered: 12/12/2011) |
| 12/28/2011 | 12 | NOTICE by Electric Boat Corp. *OF TAGALONG ACTION* (Niederer, Eric) (Entered: 12/28/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/28/2011 16:46:26 | | | |
| **PACER Login:** | we2275 | **Client Code:** | 07411.00078 1014 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-01896-WWE |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

Return Date: November 22, 2011

STANLEY HAWRYLIK,
        Plaintiff,

VS.

GENERAL ELECTRIC COMPANY;
CBS CORPORATION f/k/a VIACOM INC.,
        successor-by-merger with CBS CORPORATION
        f/k/a WESTINGHOUSE ELECTRIC
        CORPORATION;
AIR & LIQUID SYSTEMS CORPORATION
        as successor-by-merger to BUFFALO PUMPS,
        INC.;
GENERAL DYNAMICS CORPORATION;
ELECTRIC BOAT CORPORATION individually and as
        successor-in-interest to GENERAL
        CORPORATION /ELECTRIC BOAT DIVISION;
                        Defendants.

:        SUPERIOR COURT
:
:        J.D. OF FAIRFIELD
:
:        AT BRIDGEPORT
:
:
:
:
:
:
:
:
:
:
:

COMPLAINT

CLAIM ON BEHALF OF STANLEY HAWRYLIK

FIRST COUNT BASED ON
NEGLIGENCE AND PRODUCTS LIABILITY
ON BEHALF OF STANLEY HAWRYLIK
FOR PERSONAL INJURIES AND DAMAGES.

1.        The plaintiff, STANLEY HAWRYLIK, was employed as a field and sales

representative from on or about 1967 to 1988 selling various products including but not

limited to insulating materials, degreasers and other chemicals used on equipment including

but not limited to pumps, boilers, pipes, and valves at various sites including but not limited

to General Dynamics Corporation / Electric Boat Division / Electric Boat Shipyard, Groton, CT, General Dynamics Corporation / Quincy Shipyard / Fore River Shipyard, Quincy, MA, Millstone Nuclear Power Station, Waterford, Connecticut, Pratt & Whitney Power Systems, East Hartford, CT, Torrington Manufacturing Company, Torrington, CT, Torrington Company, Torrington, CT, Montville Power House, Montville, CT. His duties, work and activities caused him to work in areas where he was in the vicinity of asbestos products or products containing, involving or requiring the use of asbestos and in the vicinity of those handling and working with asbestos products or products containing, involving or requiring the use of asbestos and was exposed to asbestos fibers and materials manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. The plaintiff, STANLEY HAWRYLIK, worked in areas where he was exposed to asbestos.

    2a.    General Electric Company is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643. Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

    2b.    CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, is a foreign corporation which does business in the State of Connecticut with its principal place of business at 51 West 52nd Street, New York, New York 10019. Its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

2c.     Air & Liquid Systems Corporation as successor-by-merger to Buffalo Pumps, Inc., is a foreign corporation which does business in the State of Connecticut with its principle place of business at 874 Oliver Street, North Tonawanda, NY 14120-3298 and an agent for service at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

3.     The Defendants who are successor corporations have assumed the assets and liabilities of their predecessors, and they are responsible for the liabilities of the predecessors, both as to compensatory and as to punitive damages. As used in this Complaint, "defendant(s)" includes, unless expressly stated to the contrary above, all predecessors for whose actions plaintiff claims the named defendant(s) is(are) liable.

4.     The Defendants listed in paragraphs 2a through 2c were either in the business of manufacturing, distributing and selling various products or they manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing and selling various products or that manufactured, distributed or sold products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

5.     During the Plaintiff's employment and in his duties, work and activities, he was exposed to the asbestos, asbestos products or products containing, involving or

requiring the use of asbestos manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. As part of his employment and in his work, duties and activities, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

6.      The illnesses of the Plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have known required or involved asbestos for use, operation or function which the defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

7.      The disability, injuries, and illness of the Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was

deleterious, poisonous and highly harmful to the Plaintiff's body, lung, respiratory system, skin and health, the Defendants nonetheless:

7a. Failed to advise the Plaintiff of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

7b. Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7c. Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products,

7d. Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing

said asbestos, asbestos related insulation products, asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7e.     Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

7f.     Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

7g.     Did not recommend methods to improve the work environment,

7h.     Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

7i.     Failed to provide adequate safety instructions for persons who would reasonably and forseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

7j.     Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

7k.     Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

71.     Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

8.     The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff injuries stated herein.

9.     The Defendants, as part of their business, manufactured, sold and delivered their asbestos products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold.

10.     At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

11.     The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of

merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12.    The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

13.    All or some of the Defendants became aware of the dangers of breathing asbestos before the Plaintiff was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

14.    Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

15.    The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports

known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

16.    It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

17.    As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff STANLEY HAWRYLIK is suffering from mesothelioma, asbestos-related cancer, cancer, asbestos-related lung disease, lung disease and / or loss of lung function. He has endured significant pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he has been severely restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. He suffers grief, fear and anguish over the effect of his illness, the pain caused by his symptoms and the worsening of his symptoms, condition and disease and his premature

death The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death.

### SECOND COUNT BASED ON NEGLIGENCE AND PREMISE LIABILITY FOR STANLEY HAWRYLIK FOR PERSONAL INJURIES

18.   Paragraphs 1 through 17 are hereby repeated and realleged as if fully set forth.

19a.   General Dynamics Corporation is a foreign corporation which has done business in the State of Connecticut with its principal place of business at 2941 Fairview Park Drive, Falls Church, VA  22042 and an agent for service at CT Corporation System, One Corporate Center, Floor 11, Hartford, CT  06103. At relevant times, the defendant was in possession and maintained control of the premises Fore River Shipyard later known as General Dynamics / Quincy Shipbuilding Division, Quincy, MA and General Dynamics Corporation / Electric Boat Division, Groton, CT.

19b.   Electric Boat Corporation individually and as successor-in-interest to General Dynamics Corporation / Electric Boat Division is a foreign corporation which does business in the State of Connecticut with its principal place of business at 75 Eastern Point Road, Groton, CT  06340 with an agent for service at CT Corporation System, 1 Corporate Center, 11th Floor, Hartford, CT  06103. At relevant times, the defendant was in possession and maintained control of the premises at 75 Eastern Point Road, Groton, CT.

20.   The plaintiff was a business invitee of the defendants and was permitted to enter their premises.

21.    The premises of the defendant were defective or in a dangerous condition in that the premises were contaminated with asbestos and as a result of the plaintiff's presence on the premises of the defendants, he came into contact with and breathed and ingested asbestos fibers and dust.

22.    The illness of the plaintiff is the direct and proximate result of the negligence, recklessness and willfulness of the defendants in that, even though the defendants knew, or, in the exercise of ordinary care, should have known, that the presence of asbestos and asbestos-containing products were deleterious, poisonous and highly harmful to the plaintiff's body, lungs, respiratory system, skin and health, the defendants nonetheless:

22a.    Failed to inspect and investigate the premises and erect safeguards to render the premises reasonably safe;

22b.    Failed to discover the defect or dangerous condition which upon reasonable investigation would ordinarily be discoverable;

22c.    Failed to warn of the defect or dangerous condition.

23.    As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function on the premises of the defendants, Plaintiff STANLEY HAWRYLIK is suffering from mesothelioma, asbestos-related cancer, cancer, asbestos-related lung disease, lung disease and / or loss of lung function. He has endured significant

pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he has been severely restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. He suffers grief, fear and anguish over the effect of his illness, the pain caused by his symptoms and the worsening of his symptoms, condition and disease and his premature death The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death.

### THIRD COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR STANLEY HAWRYLIK

24    Paragraphs 1 through 23 are hereby repeated and realleged as if fully set forth.

25.    The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

26.    The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Plaintiff of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

27.     The Defendants, after they learned of some of the dangers of asbestos

exposure after others became ill, failed to promptly act to protect the Plaintiff from the

known dangers of asbestos.

By _____

Melissa M. Riley, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
mriley@embryneusner.com

ATTEST
A TRUE COPY
JOSEPH ANTINERI
CT STATE MARSHAL

Wherefore the Plaintiff, STANLEY HAWRYLIK, claims against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this 3rd day of November, 2011.

By_____
Melissa M. Riley, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
molson@embryneusner.com

ATTEST A TRUE COPY
JOSEPH ANTINERELLA
CT STATE MARSHAL