# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:11-cv-01801-VLB

Kelly v. General Electric Company et al
Assigned to: Judge Vanessa L. Bryant
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 11/18/2011
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**James Kelly**

represented by **Melissa M. Riley**
Embry & Neusner
118 Poquonnock Rd., Po Box 1409
Groton, CT 06340
860-449-0341
Fax: 860-449-9070
Email: mriley@embryneusner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

represented by **Dan E. LaBelle**
Halloran & Sage
315 Post Rd. West
Westport, CT 06880
203-227-2855
Email: labelle@halloran-sage.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**
*a Delaware Corporation*
*formerly known as*
Viacom Inc
*Successor*
CBS Corporation
*formerly known as*
Westinghouse Elec Corp

represented by **Thomas F. Maxwell , Jr.**
Pullman & Comley
850 Main St., Po Box 7006
Bridgeport, CT 06601-7006
203-330-2252
Email: tmaxwell@pullcom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Air & Liquid Systems Corp**
*Successor*
Buffalo Pumps, Inc

represented by **Bryna Rosen Misiura**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046

Email: bmisiura@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: MSimons@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Defendant

**Electric Boat Corp.**
*Successor*
General Dynamics Corporation/Electric Boat
Division,

V.

## Consol Defendant

**Lockheed Martin Corp**
*Successor*
Lockheed Corporation

## Cross Claimant

**CBS Corporation**                          represented by    **Thomas F. Maxwell , Jr.**
*a Delaware Corporation*                                        (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

V.

## Cross Defendant

**CBS Corporation**                          represented by    **Thomas F. Maxwell , Jr.**
*a Delaware Corporation*                                        (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

## Cross Claimant

**Air & Liquid Systems Corp**                represented by    **Bryna Rosen Misiura**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Michael D. Simons**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**CBS Corporation**                  represented by  **Thomas F. Maxwell , Jr.**
*a Delaware Corporation*                               (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Electric Boat Corp.**

**Cross Defendant**

**General Electric Company**               represented by  **Dan E. LaBelle**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/18/2011 | 1 | NOTICE OF REMOVAL by CBS Corporation from J.D. of Fairfield at Bridgeport, case number FBT-CV-11-6022990-S. Filing fee $ 350 receipt number 0205-2311052, filed by CBS Corporation. (Attachments: # 1 Exhibit 1)(Maxwell, Thomas) (Entered: 11/18/2011) |
| 11/18/2011 | 2 | NOTICE by CBS Corporation re 1 Notice of Removal *of No Pending Motions* (Maxwell, Thomas) (Entered: 11/18/2011) |
| 11/18/2011 | 3 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation (Maxwell, Thomas) (Entered: 11/18/2011) |
| 11/18/2011 | 4 | EXHIBIT *Re Notice of Removal to State Court* by CBS Corporation re 1 Notice of Removal. (Maxwell, Thomas) (Entered: 11/18/2011) |
| 11/18/2011 | | Judge Christopher F. Droney added. (Oliver, T.) (Entered: 11/18/2011) |
| 11/18/2011 | 5 | Order on Pretrial Deadlines: Motions to Dismiss due on 2/18/2012.Amended Pleadings due by 1/17/2012 Discovery due by 5/19/2012 Dispositive Motions due by 6/18/2012. Signed by Clerk on 11/18/2011. (Gothers, M.) (Entered: 11/18/2011) |
| 11/18/2011 | 6 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Christopher F. Droney on 11/18/2011. (Gothers, M.) (Entered: 11/18/2011) |
| 11/18/2011 | 7 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 2 Notice (Other) filed by CBS Corporation, 1 Notice of Removal filed by CBS Corporation, 3 Notice of Appearance filed by CBS Corporation, 4 Exhibit filed by CBS Corporation. Signed by Clerk on 11/18/2011. (Gothers, M.) (Entered: 11/18/2011) |
| 11/21/2011 | 8 | ANSWER to Complaint (Notice of Removal), CROSSCLAIM against CBS Corporation by CBS Corporation.(Maxwell, Thomas) (Entered: 11/21/2011) |
| 11/21/2011 | 9 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corp (Misiura, Bryna) (Entered: 11/21/2011) |

| 11/21/2011 | 10 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corp (Simons, Michael) (Entered: 11/21/2011) |
| 11/21/2011 | 11 | NOTICE by Air & Liquid Systems Corp re 1 Notice of Removal *Joinder* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service)(Simons, Michael) (Entered: 11/21/2011) |
| 11/21/2011 | 12 | ANSWER to Complaint (Notice of Removal) *Affirmative Defenses*, CROSSCLAIM against CBS Corporation, Electric Boat Corp., General Electric Company by Air & Liquid Systems Corp.(Simons, Michael) (Entered: 11/21/2011) |
| 11/21/2011 | 13 | Corporate Disclosure Statement by Air & Liquid Systems Corp identifying Corporate Parent Ampco-Pittsburgh Corporation for Air & Liquid Systems Corp. (Simons, Michael) (Entered: 11/21/2011) |
| 12/16/2011 | 14 | ORDER OF TRANSFER. Case reassigned to Judge Alfred V. Covello for all further proceedings. Signed by Clerk on 12/16/11. (Bauer, J.) (Entered: 12/16/2011) |
| 12/28/2011 | 15 | NOTICE of Appearance by Dan E. LaBelle on behalf of General Electric Company (LaBelle, Dan) (Entered: 12/28/2011) |
| 12/28/2011 | 16 | Corporate Disclosure Statement by General Electric Company. (LaBelle, Dan) (Entered: 12/28/2011) |
| 12/28/2011 | 17 | ORDER OF TRANSFER. Case reassigned to Judge Vanessa L. Bryant for all further proceedings. Signed by Judge Alfred V. Covello on 12/28/11. (Johnson, D.) (Entered: 12/29/2011) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 12/29/2011 10:45:43 | | |
| **PACER Login:** | pc0033 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-01801-VLB |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# SUMMONS - CIVIL

JD-CV-1   Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**See page 2 for Instructions**

| ☐ | "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. |
|---|---|
| ☒ | "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. |
| ☒ | "X" if claiming other relief in addition to or in lieu of money or damages. |

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **1061 Main Street, Bridgeport 06604** | ( 203 )579-6527 | **November** 22, 2 011<br>Month   Day   Year |

| ☒ Judicial District ☐ Housing Session | G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) **Bridgeport** | Case type code *(See list on page 2)* Major: **T**   Minor: **20** |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* **Embry and Neusner, 118 Poquonnock Road, Groton, CT 06340** | Juris number *(to be entered by attorney)* **102932** |
|---|---|

| Telephone number *(with area code)* ( 860 ) 449-0341 | Signature of Plaintiff *(If self-represented)* |
|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 5 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: **Kelly, James** Address: **40 Lisa Lane, Uncasville, CT 06382** | P-01 |
| **Additional Plaintiff** | Name: Address: | P-02 |
| **First Defendant** | Name: **General Electric Company** Address: **c/o CT Corporation System, 1 Corporate Center, Floor 11, Hartford, CT 06103** | D-50 |
| **Additional Defendant** | Name: **CBS Corporation f/k/a Viacom, Inc. s/b/m with CBS Corporation f/k/a Westinghouse Electric Corp.** Address: **c/o Corporation Service Company, 50 Weston Street, Hartford, CT 06120-1537** | D-51 |
| **Additional Defendant** | Name: **Air & Liquid Systems Corporation as s/b/m to Buffalo Pumps, Inc.** Address: **c/o Secretary of Corporation, 874 Oliver Street, North Tonawanda, NY 14120-3298 c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101** | D-52 |
| **Additional Defendant** | Name: **Electric Boat Corporation successor-in-interest to General Dynamics Corporation/Electric Boat Division** Address: **75 Eastern Point Road, Groton, CT 06340, c/o CT Corporation System, 1 Corporate Center, Floor 11, Hartford, CT 06103** | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left **Melissa M. Riley** | Date signed **10/18/11** |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | ATTEST: A TRUE COPY JOSEPH ANTINERELL CT STATE MARSHAL |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 **Maria Ventura, 118 Poquonnock Road, Groton, CT 06340** | | |
|---|---|---|

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date **10/18/11** | Docket Number |
|---|---|---|---|

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2  Rev. 4-97

STATE OF CONNECTICUT
SUPERIOR COURT

FIRST NAMED PLAINTIFF *(Last, First, Middle Initial)*
**Kelly, James**

FIRST NAMED DEFENDANT *(Last, First, Middle Initial)*
**General Electric Company**

### ADDITIONAL PLAINTIFFS

| NAME *(Last, First, Middle Initial, if individual)*   ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|
| | 03 |
| | 04 |
| | 05 |
| | 06 |
| | 07 |
| | 08 |
| | 09 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |

### ADDITIONAL DEFENDANTS

| NAME *(Last, First, Middle Initial, if individual)*   ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|
| Lockheed Martin Corporation successor-by-merger of Lockheed Corporation, 6801 Rockledge Drive, Bethesda, MD 20817, c/o Corporation Service Company, 50 Weston Street, Hartford, CT 06120 | 54 |
| | 55 |
| | 56 |
| | 57 |
| | 58 |
| | 59 |
| | 60 |

| | | FOR COURT USE ONLY - FILE DATE |
|---|---|---|
| | 61 | |
| | 62 | |
| | 63 | DOCKET NO. |

CIVIL SUMMONS-Continuation

Return Date:   November 22, 2011

JAMES KELLY,                                                    :          SUPERIOR COURT
                    Plaintiff,                                          :
                                                                               :          J.D. OF FAIRFIELD
VS.                                                                      :
                                                                               :          AT BRIDGEPORT
                                                                               :
GENERAL ELECTRIC COMPANY;                        :
CBS CORPORATION f/k/a VIACOM INC.,           :
          successor-by-merger with CBS CORPORATION   :
          f/k/a WESTINGHOUSE ELECTRIC          :
          CORPORATION;                                       :
AIR & LIQUID SYSTEMS CORPORATION         :
          as successor-by-merger to BUFFALO PUMPS,   :
          INC.;                                                          :
ELECTRIC BOAT CORPORATION successor-in-interest :
          to GENERAL DYNAMICS CORPORATION/   :
          ELECTRIC BOAT DIVISION;                    :
LOCKHEED MARTIN CORPORATION successor-by   :
          merger of Lockheed Corporation;               :
                    Defendants                                    :

## COMPLAINT

### CLAIM ON BEHALF OF JAMES KELLY

FIRST COUNT BASED ON
NEGLIGENCE AND PRODUCTS LIABILITY
ON BEHALF OF JAMES KELLY
FOR PERSONAL INJURIES AND DAMAGES.

1.      The plaintiff, JAMES KELLY, was employed as a timekeeper, messenger,

technical aide, and pipe lagger at General Dynamics / Electric Boat Corp., Groton, CT

from in or about 1951, 1952-1953, 1955-1957, 1959, 1962-1997.  His duties, work and

activities caused him to work in areas including but not limited to the USS George

Washington SSBN 598, where he and others were handling and working with asbestos products or products containing, involving or requiring the use of asbestos and was exposed to asbestos fibers and materials manufactured by the defendants and otherwise placed into the stream of commerce by the defendants.  Mr. Kelly also served as a cleaner and cook in the United States Coast Guard on board the USCGC Campbell from on or about 1953-1955. The plaintiff, JAMES KELLY, worked in areas where he was exposed to asbestos.

    2a.    General Electric Company is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643.   Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

    2b.    CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, is a foreign corporation which does business in the State of Connecticut with its principal place of business at 51 West 52nd Street, New York, New York 10019.  Its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

    2c.    Air & Liquid Systems Corporation as successor-by-merger to Buffalo Pumps, Inc., is a foreign corporation which does business in the State of Connecticut with its principle place of business at 874 Oliver Street, North Tonawanda, NY 14120-3298 and an agent for service at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

2d.   <u>Lockheed   Martin   Corporation   successor-by-merger   of   Lockheed
Corporation</u> is a foreign corporation which does business in the State of Connecticut with
its principle place of business at 6801 Rockledge Drive, Bethesda, MA 20817 and an agent
for service at Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

3.   The Defendants who are successor corporations have assumed the assets
and liabilities of their predecessors, and they are responsible for the liabilities of the
predecessors, both as to compensatory and as to punitive damages.   As used in this
Complaint, "defendant(s)" includes, unless expressly stated to the contrary above, all
predecessors for whose actions plaintiff claims the named defendant(s) is(are) liable.

4.   The Defendants listed in paragraphs 2a through 2d were either in the
business of manufacturing, distributing, selling or otherwise placing into the stream of
commerce various products or they manufactured, distributed, sold or otherwise placed
into the stream of commerce products which they knew or should have known required or
incorporated asbestos for use, operation or function or acted jointly with companies and
corporations that were either in the business of manufacturing, distributing, selling or
otherwise placing into the stream of commerce various products or that manufactured,
distributed, sold or otherwise placed into the stream of commerce products which they
knew or should have known required or incorporated asbestos for use, operation or
function to withhold or prevent information from reaching the consumers and public.
During the relevant periods of time, each corporation was doing business in the State of
Connecticut.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

5.     During the Plaintiff's employment and in his duties, work and activities, he was exposed to the asbestos, asbestos products or products containing, involving or requiring the use of asbestos manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. As part of his employment and in his work, duties and activities, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

6.     The illnesses of the Plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have known required or involved asbestos for use, operation or function which the defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

7.     The disability, injuries, and illness of the Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary

care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health, the Defendants nonetheless:

7a. Failed to advise the Plaintiff of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

7b. Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7c. Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products,

7d.    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7e.    Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

7f.    Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

7g.    Did not recommend methods to improve the work environment,

7h.    Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

7i.    Failed to provide adequate safety instructions for persons who would reasonably and forseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

7j.    Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

7k.  Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

7l.  Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

8.  The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff injuries stated herein.

9.  The Defendants, as part of their business, manufactured, sold and delivered their asbestos products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold.

10.  At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

11.     The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12.     The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

13.     All or some of the Defendants became aware of the dangers of breathing asbestos before the Plaintiff was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

14.     Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which

information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

15.    The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

16.    It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

17.    As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff JAMES KELLY is suffering from asbestos-related cancer, cancer, asbestos-related lung cancer, lung cancer, asbestos-related lung disease, lung disease and / or loss of lung function. He has endured significant pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he has been severely restricted in his usual activities. He has been required and will be required to

spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. He suffers grief, fear and anguish over the effect of his illness, the pain caused by his symptoms and the worsening of his symptoms, condition and disease, his premature death and the effect his illness has and his premature death will have on his family.  The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death.

## SECOND COUNT BASED ON NEGLIGENCE AND PRODUCTS LIABILITY ON BEHALF OF JAMES KELLY FOR PERSONAL INJURIES AND DAMAGES

18.     Paragraphs 1 through 17 are hereby repeated and realleged as if fully set forth.

19.     The plaintiff, JAMES KELLY, is the son of Mr. James William Kelly, Sr. Mr. Kelly Sr. was employed by General Dynamics Corporation / Electric Boat Division from on or about 1941-1958, during which time Mr. Kelly Sr. was exposed to asbestos causing his clothes and body to become contaminated with asbestos-containing materials. The plaintiff was exposed to said asbestos as a result of the asbestos dust, fibers and particles which were brought home on his father's clothes and his person.

20.     Electric Boat Corporation successor-in-interest to General Dynamics Corporation / Electric Boat Division is a foreign corporation which does business in the State of Connecticut with its principal place of business at 75 Eastern Point Road, Groton, CT  06340 with an agent for service at CT Corporation System, 1 Corporate Center, 11th Floor, Hartford, CT  06103.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

21.    Electric Boat Corporation successor-in-interest to General Dynamics Corporation / Electric Boat Division provided to their employees for use, used, constructed, designed, assembled, installed, tested and / or sold various asbestos containing products and products for which asbestos-containing products were required or intended for use, repair, installation and maintenance to which the plaintiff's father brought home on his clothes and his person.  During relevant periods of time, the defendant corporation was doing business in the state of Connecticut.

22.    While the plaintiff's father worked at General Dynamics Corporation / Electric Boat Division, he was exposed to asbestos-containing products.  The plaintiff's father came in contact with asbestos fibers and dust coming from said asbestos containing products.  As a result, he brought home asbestos fibers and dust on his person and his clothing whereby the plaintiff was exposed to and inhaled the asbestos causing his injuries.

23.    The illnesses of the Plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendant in that it provided for use, manufactured assembly, installed, produced, sold, distributed and otherwise put into the stream of interstate commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products it knew or should have known required or involved asbestos for use, operation or function which the defendant knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Plaintiff's father's and the Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos and asbestos containing products were so intrinsically dangerous so as to necessarily

expose users of the materials and the users' families to probable injury and were ultra hazardous.

24.    The disability, injuries, and illness of the Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendant, in that, even though the Defendant knew, or, in the exercise of ordinary care, should have known, that the asbestos and asbestos containing products were deleterious, poisonous and highly harmful to the Plaintiff's body, lung, respiratory system, skin and health, the Defendant nonetheless:

24a.    Failed to advise the Plaintiff's father and the Plaintiff of the dangerous characteristics of their asbestos and asbestos-containing products;

24b.    Failed or omitted to provide the Plaintiff's father and the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances if, in truth, it was in any way, able to protect the plaintiff's father from poisoning and disabling the plaintiff as he was by exposure to such deleterious and harmful asbestos and asbestos containing products;

24c.    Failed and omitted to place any warnings or sufficient warnings on its asbestos, asbestos containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos and asbestos containing products, and products requiring or involving asbestos and failed to warn the

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

Plaintiff's father and the plaintiff of the risks and dangers to which the plaintiff was exposed as a result of asbestos on his father's clothes and person;

24d.    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos and asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function;

24e.    Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff's father and the Plaintiff of the dangers to their health from coming in contact with and breathing said asbestos and asbestos-containing products, and of the dangers involved in handling, installing and removing asbestos and asbestos containing products;

24f.    Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer;

24g.    Did not recommend methods to improve the work environment;

24h.    Failed to properly test and investigate the safety of the asbestos the Defendant was providing, installing, removing, manufacturing, selling, distributing and / or requiring in the use, operation or function of their products or to develop alternative products;

24i.    Failed to provide adequate safety instructions for persons who would reasonably and forseeably come into contact with its products and the asbestos which would be used and handled in installation, maintenance, repair, operation or function of its

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

products so the products could be used safely, if, in truth, there was any possible way, and to advise them of way to avoid exposing their families to the risks and dangers of asbestos;

24j.    Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those using or being exposed to asbestos products,

24k.    Failed to eliminate or reduce the amount of asbestos contained in its products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of its products;

24l.    Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

25.    The Defendant intentionally misrepresented that its asbestos and asbestos-containing products, or products it knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff injuries stated herein.

26.    The Defendant, as part of its business, manufactured, sold and delivered its asbestos containing products into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold.

EMBRY AND NEUSNER
P.O. BOX 1409  118 POQUONNOCK RD.  GROTON, CT 06340-1409  (860) 449-0341  JURIS NUMBER 102932

27.    At all relevant times, the asbestos and asbestos containing products were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendant.

28.    The Defendants expressly or impliedly warranted that said asbestos and asbestos containing products were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

29.    The Defendant breached the said warranties in that its asbestos and asbestos-containing products were not fit and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to the users', the users' families and those who breathed the dust coming from their products.

30.    The Defendant became aware of the dangers of breathing asbestos before the Plaintiff's father and the Plaintiff were exposed to Defendant's asbestos and asbestos containing products but it intentionally and fraudulently concealed the danger from the Plaintiff's father, the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information it caused to be published concerning the dangers of asbestos.

31.    The Defendant was aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff's father, the Plaintiff and other human beings.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

32.    The Defendant has at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on its behalf.

33.    It was the continuing duty of the Defendant to advise and warn purchasers, consumers, users and prior purchasers, consumers and users, and all their family members of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of its asbestos and asbestos-containing products which duty the Defendant breached.

34.    As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff JAMES KELLY is suffering from asbestos-related cancer, cancer, asbestos-related lung cancer, lung cancer, asbestos-related lung disease, lung disease and / or loss of lung function. He has endured significant pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he has been severely restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. He suffers grief, fear and anguish over the effect of his illness, the pain caused by his symptoms and the worsening of his symptoms, condition and disease, his premature death and the effect his illness has and his premature

EMBRY AND NEUSNER
P.O. BOX 1409    118 POQUONNOCK RD.    GROTON, CT 06340-1409    (860) 449-0341    JURIS NUMBER 102932

death will have on his family.  The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death.

### THIRD COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR JAMES KELLY

35.    Paragraphs 1 through 34 are hereby repeated and realleged as if fully set forth.

36.    The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

37.    The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Plaintiff of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

38.    The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Plaintiff from the known dangers of asbestos.

By _____
Melissa M. Riley, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT  06340
(860) 449-0341
mriley@embryneusner.com

ATTEST:
A TRUE COPY
JOSEPH ANTINELLA
CT STATE MARSHAL

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

Wherefore the Plaintiff, JAMES KELLY, claims against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this 18th day of October, 2011.

By _____

Melissa M. Riley, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT  06340
(860) 449-0341
mriley@embryneusner.com

ATTEST:
A TRUE COPY
JOSEPH SANTINERELLA
CT STATE MARSHAL

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932