ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:11-cv-06150-MMC

Swan et al v. Foster Wheeler LLC                     Date Filed: 12/07/2011
Assigned to: Hon. Maxine M. Chesney                 Jury Demand: Defendant
Cause: 28:1332 Diversity-Asbestos Litigation        Nature of Suit: 368 P.I. : Asbestos
                                                    Jurisdiction: Diversity

**Plaintiff**

**Mary Swan**                         represented by   **David R. Donadio**
*as Wrongful Death Heir, and as*                       Brayton Purcell LLP
*Successor-in-Interest to Lyle Swan,*                  222 Rush Landing Road
*Deceased*                                             PO Box 6169
                                                       Novato, CA 94948-6169
                                                       415-898-1555
                                                       Fax: 415-898-1247
                                                       Email: DDonadio@braytonlaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alan R. Brayton**
                                                       Brayton Purcell LLP
                                                       222 Rush Landing Road
                                                       PO Box 6169
                                                       Novato, CA 94948-6169
                                                       415-898-1555
                                                       Fax: 415-898-1247
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lyle Swan, Jr.**                    represented by   **David R. Donadio**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alan R. Brayton**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lisa Luna**                         represented by   **David R. Donadio**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

|                          |               | **Alan R. Brayton** |
|                          |               | (See above for address) |
|                          |               | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

**Ryan Swan**                    represented by    **David R. Donadio**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Alan R. Brayton**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Renae Zazueta**                represented by    **David R. Donadio**
*as Legal Heirs of Lyle Swan, Deceased*            (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Alan R. Brayton**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Foster Wheeler LLC**           represented by    **Shelley Kaye Tinkoff**
*formerly known as*                                Brydon Hugo and Parker
Foster Wheeler Corporation                         135 Main Street, 20th Floor
                                                   San Francisco, CA 94105
                                                   (415) 808-0300
                                                   Email: tinkoff@bhplaw.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Edward R. Hugo**
                                                   Brydon Hugo & Parker
                                                   135 Main Street, 20th Floor
                                                   San Francisco, CA 94105
                                                   (415) 808-0300
                                                   Fax: (415) 808-0333
                                                   Email: ehugo@bhplaw.com
                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/07/2011 | 1 | COMPLAINT FOR SURVIVAL WRONGFUL DEATH-ASBESTOS; DEMAND FOR JURY TRIAL; against Foster Wheeler LLC ( Filing fee $ |

|  |  | 350.00, receipt number 34611067820.). Filed byMary Swanson, Lyle Swan, Jr, Lisa Luna, Renae Zazueta, Ryan Swan. (Attachments: # 1 Civil Cover Sheet) (aaa, COURT STAFF) (Filed on 12/7/2011) (Entered: 12/07/2011) |
| 12/07/2011 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 3/16/2012. Case Management Conference set for 3/23/2012 10:30 AM. Signed by Senior Judge Maxine M. Chesney on 12/7/11. (Attachments: # 1 MMC Standing Order, # 2 Standing Order)(aaa, COURT STAFF) (Filed on 12/7/2011) (Entered: 12/07/2011) |
| 12/07/2011 | 3 | NOTICE OF TAG-ALONG ACTION by Lisa Luna, Lyle Swan, Jr, Ryan Swan, Mary Swanson, Renae Zazueta (aaa, COURT STAFF) (Filed on 12/7/2011) (Entered: 12/07/2011) |
| 12/07/2011 | 4 | Certificate of Interested Entities or Persons by Lisa Luna, Lyle Swan, Jr, Ryan Swan, Mary Swanson, Renae Zazueta (aaa, COURT STAFF) (Filed on 12/7/2011) (Entered: 12/07/2011) |
| 12/07/2011 | 5 | Declination to Proceed Before a U.S. Magistrate Judge and Request for Assignment to a United States District Judge; by Lisa Luna, Lyle Swan, Jr, Ryan Swan, Mary Swanson, Renae Zazueta. (aaa, COURT STAFF) (Filed on 12/7/2011) (Entered: 12/07/2011) |
| 12/07/2011 | 6 | Summons Issued as to Foster Wheeler LLC. (aaa, COURT STAFF) (Filed on 12/7/2011) (Entered: 12/07/2011) |
| 01/12/2012 | 7 | ANSWER to Complaint with Jury Demand byFoster Wheeler LLC. (Tinkoff, Shelley) (Filed on 1/12/2012) (Entered: 01/12/2012) |
| 01/12/2012 | 8 | Certificate of Interested Entities by Foster Wheeler LLC re 7 Answer to Complaint (Tinkoff, Shelley) (Filed on 1/12/2012) (Entered: 01/12/2012) |
| 01/12/2012 | 9 | NOTICE by Foster Wheeler LLC re 7 Answer to Complaint, 8 Certificate of Interested Entities *Notice of Tag-Along Action of Defendant Foster Wheeler LLC* (Tinkoff, Shelley) (Filed on 1/12/2012) (Entered: 01/12/2012) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/18/2012 14:24:38 | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4801-2646 |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-06150-MMC |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

10027868

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

E-filing 12/28/11

|  |  |
|---|---|
| MARY SWAN, et al.,<br>*Plaintiffs*<br><br>v.<br><br>FOSTER WHEELER LLC (FKA FOSTER WHEELER<br>CORPORATION),<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _____

CV11   6150

MMC

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
   SEE ATTACHED

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

David R. Donadio, Brayton❖Purcell LLP, 222 Rush Landing Road, Novato, California  94948-6169

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*
Richard W. Weiking

Helen L. Almacen

Date:

_____
*Signature of Clerk of Court or Deputy Clerk*

1
2

<u>ATTACHMENT TO SUMMONS</u>

3
4

FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION)

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

K:\Injured\116169\FED\PLD\cmp-fed-wd.wpd

1

ATTACHMENT TO SUMMONS

1   ALAN R. BRAYTON, ESQ., S.B. #73685
2   DAVID R. DONADIO, ESQ., S.B. #154436
    BRAYTON❖PURCELL LLP
3   Attorneys at Law
    222 Rush Landing Road
    P.O. Box 6169
4   Novato, California  94948-6169
    (415) 898-1555
5   (415) 898-1247 (Fax No.)

6   Attorneys for Plaintiffs

E-filing

*ORIGINAL FILED*
DEC - 7 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MMC

7

8                   UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11   MARY SWAN, as Wrongful Death Heir,      )
     and as Successor-in-Interest to  LYLE   )     **CV11   6150**
12   SWAN, Deceased, and LYLE SWAN, JR.,     )
     LISA LUNA, RYAN SWAN, RENAE             )     COMPLAINT FOR SURVIVAL,
13   ZAZUETA, as Legal Heirs of LYLE         )     WRONGFUL DEATH - ASBESTOS;
     SWAN, Deceased,                         )     DEMAND FOR JURY TRIAL
14                                           )
                 Plaintiffs,                 )
15                                           )
     vs.                                     )
16                                           )
     FOSTER WHEELER LLC (FKA FOSTER          )
17   WHEELER CORPORATION),                   )
                                             )
18               Defendant.                  )

19

20                              I.

21                           PARTIES

22        1.      Plaintiffs in this action are the above-captioned successor-in-interest to, or the

23   personal representative of the estate of Decedent; and the personal representatives on behalf of

24   the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as

25   "Plaintiffs."

26        2.      The person who sustained asbestos-related lung injuries and death as a result of

27   their inhalation of asbestos fibers through the person's occupational exposure to asbestos,

28   hereinafter "Decedent" is, with the date of death: LYLE SWAN died December 10, 2010.

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

K:\Injured\116169\FED\PLD\cmp-fed-wd.wpd                    1
        COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1  MARY SWAN is the spouse of LYLE SWAN and is hereinafter referred to as "surviving
2  spouse."

3      3.      Decedent sustained an asbestos-related lung disease and death by precisely the
4  following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-
5  containing products at Decedent's jobsites.  The pathogenesis of Decedent's asbestos-related
6  diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by
7  reference herein.

8      4.      All of Plaintiffs' claims arise out of a similar series of occurrences:  repeated
9  exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants
10 and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period
11 of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent,
12 resulting in cumulative, progressive, incurable lung diseases.

13      5.      Each Plaintiff claims damages for an asbestos-related disease arising from an
14 identical series of occurrences not dependent on Decedent's worksite but on the fact that
15 asbestos-containing products, when handled in the manner in which they were intended, released
16 harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease.  The
17 allegations of Plaintiffs regarding the nature of Decedent's asbestos-related diseases, the nature
18 of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are
19 all identical.

20      6.      Plaintiffs are informed and believe, and thereon allege, that at all times herein
21 mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole
22 proprietorships and/or other business entities organized and existing under and by virtue of the
23 laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
24 said defendants, and each of them, were and are authorized to do and are doing business in the
25 State of California, and that said defendants have regularly conducted business in the State of
26 California.

27 ///

28 ///

## II.

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.     Jurisdiction:  Plaintiff MARY SWAN is a citizen of the State of Washington. Plaintiff(s) LYLE SWAN, JR., LISA LUNA, RYAN SWAN, RENAE ZAZUETA are citizens of the following states, respectively: Illinois; Washington; Washington; Washington.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey/Delaware |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

8.     Venue / Intradistrict Assignment.  Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiffs herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

### III.

### CAUSES OF ACTION

FIRST CAUSE OF ACTION
(Negligence - Survival)

PLAINTIFF MARY SWAN AS SUCCESSOR-IN-INTEREST TO THE DECEDENT LYLE SWAN COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

9.     At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor,

1   predecessor in business, predecessor in product line or a portion thereof, parent, holding

2   company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

3   or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

4   designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

5   supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

6   representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

7   warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

8   otherwise directing and/or facilitating the use of, or advertising a certain product, namely

9   asbestos, and/or other products containing asbestos.  Said entities shall hereinafter collectively be

10  called ALTERNATE ENTITIES.  Each of the herein named defendants is liable for the tortious

11  conduct of each successor, successor in business, successor in product line or a portion thereof,

12  assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

13  venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

14  entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

15  designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

16  sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

17  rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

18  products containing asbestos.  The following defendants, and each of them, are liable for the acts

19  of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

20  destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; defendants, and each

21  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

22  ENTITY; defendants, and each of them, caused the destruction of Plaintiffs' remedy against each

23  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

24  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

25  originally attached to each such ALTERNATE ENTITY:

26  DEFENDANT                                   ALTERNATE ENTITY

27  FOSTER WHEELER LLC                          FOSTER WHEELER CORPORATION

28  ///

10.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the Decedent herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by "exposed persons."

12.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

13.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and related products and equipment, would be transported by truck, rail, ship, and other common carriers, that in the shipping process the products would break, crumble, or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering,

fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons," including Decedent herein, would use or be in proximity to and exposed to said asbestos fibers, which contaminated the packaging, products, environment, and clothing of persons working in proximity to said products, directly or through reentrainment.

14.    Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable.  Decedent's exposure to asbestos and asbestos-containing products is on current information as set forth at various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference herein.

15.    As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the Decedent as set forth in **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

16.    Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

17.    Decedent suffered from a condition related to exposure to asbestos and asbestos-containing products.  Decedent was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

18.    As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact ///

1  amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this

2  complaint accordingly when the true and exact cost thereof is ascertained.

3       19.   As a direct and proximate result of the aforesaid conduct of the defendants, their

4  ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value

5  of medial care provided by Decedent's family members measured by, inter alia, the costs

6  associated with the hiring a registered nurse, home hospice, or other service provider, the true

7  and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to

8  amend this complaint accordingly when the true and exact costs are known or at time of trial.

9       20.   As a direct and proximate result of the aforesaid conduct of defendants, their

10  ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person,

11  body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and

12  related sequelae, and the mental and emotional distress attendant thereto, and ultimately death,

13  from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven

14  at trial.

15       21.   As a further direct and proximate result of the said conduct of the defendants,

16  their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,

17  entitlements, wages, profits, and commissions, a diminishment of earning potential, and other

18  pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave is

19  requested to amend this complaint to conform to proof at the time of trial.

20       22.   As a further direct and proximate result of the said conduct of the defendants,

21  their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-

22  containing products caused severe and permanent injury to Decedent, and ultimately Decedent

23  died on the date previously stated herein.

24       23.   Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

25  directors and managing agents participated in, authorized, expressly and impliedly ratified, and

26  had full knowledge of, or should have known of, each of the acts set forth herein.

27       24.   Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the

28  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

1  and each defendant's officers, directors, and managing agents participated in, authorized,

2  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

3  each of their ALTERNATE ENTITIES as set forth herein.

4          25.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

5  and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in

6  conscious or reckless disregard and indifference to the safety, health, and rights of "exposed

7  persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive

8  damages against said defendants.

9          WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

10  each of them, as hereinafter set forth.

11  <center>SECOND CAUSE OF ACTION<br>(Products Liability - Survival)</center>

12

13          PLAINTIFF MARY SWAN AS SUCCESSOR-IN-INTEREST TO THE DECEDENT

14  LYLE SWAN COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER

15  WHEELER CORPORATION), THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM;

16  EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION

17  FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

18          26.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each

19  paragraph of the First Cause of Action  herein.

20          27.    Defendants, their "alternate entities," and each of them, knew and intended that

21  the above-referenced asbestos and asbestos-containing products would be used by the purchaser

22  or user without inspection for defects therein or in any of their component parts and without

23  knowledge of the hazards involved in such use.

24          28.    Said asbestos and asbestos-containing products were defective and unsafe for their

25  intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

26  and/or death.  The defect existed in the said products at the time they left the possession of

27  defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

28  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

1  persons," including Decedent herein, while being used in a reasonably foreseeable manner,

2  thereby rendering the same defective, unsafe, and dangerous for use.

3      29.    "Exposed persons" did not know of the substantial danger of using said products.

4  Said dangers were not readily recognizable by "exposed persons."  Said defendants, their

5  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

6  which Decedent and others similarly situated were exposed.

7      30.    In researching, manufacturing, fabricating, designing, modifying, testing or failing

8  to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

9  sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,

10  promoting, representing, endorsing servicing, installing, contracting for installation, repairing,

11  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

12  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

13  did so with conscious disregard for the safety of "exposed persons" who came in contact with

14  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

15  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or

16  death resulting from exposure to asbestos or asbestos-containing products, including, but not

17  limited to, asbestosis, other lung damages, and cancer.  Said knowledge was obtained, in part,

18  from scientific studies performed by, at the request of, or with the assistance of, said defendants,

19  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

20  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

21      31.    On or before 1930, and thereafter, said defendants, their ALTERNATE

22  ENTITIES and each of them, were aware that members of the general public and other "exposed

23  persons," who would come in contact with their asbestos and asbestos-containing products, had

24  no knowledge or information indicating that asbestos or asbestos-containing products could

25  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

26  members of the general public and other "exposed persons," who came in contact with asbestos

27  and asbestos-containing products, would assume, and in fact did assume, that exposure to

28  ///

asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

32.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

33.     The above-referenced conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendants, their ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendants, their ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to

///

1  cause injury to "exposed persons" and induced persons to work with and be exposed thereto,

2  including Decedent.

3        34.    Plaintiffs allege that the aforementioned defendants, their ALTERNATE

4  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

5  products, to be safe for their intended use, but that their asbestos and asbestos-containing

6  products, created an unreasonable risk of bodily harm to exposed persons.

7        35.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of

8  their representations, lack of warnings, and implied warranties of fitness of asbestos and their

9  asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, Decedent

10  suffered permanent injury and death as alleged herein.

11        36.    As a direct and proximate result of the actions and conduct outlined herein,

12  Decedent have suffered the injuries and damages herein alleged.

13        WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities", and

14  each of them, as hereinafter set forth.

15  <div align="center">THIRD CAUSE OF ACTION<br/>(Negligence - Wrongful Death)</div>

16

17        PLAINTIFF MARY SWAN, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-

18  IN-INTEREST TO LYLE SWAN DECEASED, AND PLAINTIFF(S) LYLE SWAN, JR., LISA

19  LUNA, RYAN SWAN, RENAE ZAZUETA AS LEGAL HEIR(S) OF DECEDENT,

20  COMPLAIN OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER

21  CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A

22  THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE

23  (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

24        37.    Plaintiffs incorporate by reference each paragraph contained within the First

25  Cause of Action as though fully set forth herein.

26        38.    The heirs at law of the Decedent and their relationship to the Decedent is set forth

27  above.

28  ///

1    39.    The individuals set forth as heirs constitute all of the surviving heirs of the

2  Decedent.

3    40.    As a direct and proximate result of the conduct of the defendants, their

4  ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-

5  containing products caused Decedent to develop diseases from which condition Decedent died.

6  Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of

7  filing the complaint.

8    41.    At all times prior to his death, Decedent was a faithful and dutiful spouse to the

9  surviving spouse.

10    42.    As a direct and proximate result of the conduct of defendants, and each of them,

11  and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss

12  of care, society, comfort, attention, services, and support of Decedent all to the damage of

13  Decedent's heirs.

14    43.    As a further direct and proximate result of the conduct of defendants, and each of

15  them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount

16  currently not ascertained.

17    WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as

18  hereinafter set forth.

19                          FOURTH  CAUSE OF ACTION
                          (Products Liability - Wrongful Death)
20

21    PLAINTIFF MARY SWAN, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-

22  IN-INTEREST TO LYLE SWAN DECEASED, AND PLAINTIFF(S) LYLE SWAN, JR., LISA

23  LUNA, RYAN SWAN, RENAE ZAZUETA AS LEGAL HEIR(S) OF DECEDENT,

24  COMPLAIN OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER

25  CORPORATION), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A

26  FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS

27  LIABILITY (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

28  ///

44.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each paragraph of the First, Second and Third Causes of Action herein.

45.    As a direct and proximate result of the conduct of defendants, and each of them, Decedent's heirs have sustained the injuries and damages previously alleged.

WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

## IV.

## DAMAGES AND PRAYER

WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and each of them in an amount to be proved at trial in each individual case, as follows:

(a)    For Plaintiffs' general damages according to proof;

(b)    For Plaintiffs' loss of income, wages and earning potential according to proof;

(c)    For Plaintiffs' medical and related expenses according to proof;

(d)    For Plaintiffs' cost of suit herein;

(e)    For exemplary or punitive damages according to proof;

(f)    For damages for fraud according to proof; and

(g)    For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest.

Dated: ___12/7/11___                BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues of this cause.

Dated: ___12/7/11___                BRAYTON❖PURCELL LLP

By: _____
David R. Donadio
Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EXHIBIT A

1

2    Decedent:  LYLE SWAN, Deceased.

3

4    Decedent's injuries:  Decedent was diagnosed with asbestosis on or about 1989 and with

5    asbestos-related pleural disease on or about December 2010.

6

7    Decedent died on December 10, 2010.

8

9    Defendants:  Plaintiffs contend that the asbestos-containing products to which Decedent  was or

10   may have been exposed to were manufactured, supplied, distributed, installed and/or contracted

11   for by defendants and each of them.   Decedent's exposure to asbestos occurred at the following

12   times and places, and involved exposure to dust created by the contractors and the products of the

13   entities listed below.  The exposure includes, but is not limited, to the following presently known

14   contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | MCKEAN (DD-784) Long Beach Naval Shipyard Long Beach, CA | Boiler Tender | 1958 - 1961 |
| Various employers including but not limited to Donnelly Corporation Iowa | Residential construction Iowa and Washington | Carpenter | 1972 - 2001 |

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL