EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:11-cv-01236-JCH

Cicotte et al v. Air & Liquid Systems Corporation et al
Assigned to: Judge Janet C. Hall
Cause: 28:1442 Notice of Removal

Date Filed: 08/04/2011
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Warren Cicotte**                          represented by  **Christopher Meisenkothen**
                                                            Early, Lucarelli, Sweeney &
                                                            Meisenkothen, LLC
                                                            One Century Tower
                                                            265 Church St., 11th Fl.
                                                            PO Box 1866
                                                            New Haven, CT 06508-1866
                                                            203-777-7799
                                                            Fax: 203-785-1671
                                                            Email: cmeisenkothen@elslaw.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gwendolyn Cicotte**                       represented by  **Christopher Meisenkothen**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**                represented by  **Dan E. LaBelle**
                                                            Halloran & Sage
                                                            315 Post Rd. West
                                                            Westport, CT 06880
                                                            203-227-2855
                                                            Email: labelle@halloran-sage.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Air & Liquid Systems Corporation**        represented by  **Bryna Rosen Misiura**
*Successor*                                                 Governo Law Firm LLC
Buffalo Pumps, Inc                                          Two International Place
                                                            Boston, MA 02110

617-737-9045
Fax: 617-737-9046
Email: bmisiura@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: MSimons@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**                    represented by   **Thomas F. Maxwell , Jr.**
*a Delaware Corporation*                                Pullman & Comley
*formerly known as*                                     850 Main St., Po Box 7006
Viacom Inc.                                             Bridgeport, CT 06601-7006
*Successor*                                             203-330-2252
CBS Corporation                                        Email: tmaxwell@pullcom.com
*formerly known as*                                     *LEAD ATTORNEY*
Westinghouse Electric Corp                              *ATTORNEY TO BE NOTICED*
*Successor*
B.F. Sturtevant

**Defendant**

**Foster Wheeler, LLC**                represented by   **James R. Oswald**
                                                        Adler, Pollock & Sheehan
                                                        2300 BankBoston Plaza
                                                        Providence, RI 02903
                                                        401-274-7200
                                                        Fax: 401-751-0604
                                                        Email: joswald@apslaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Elliott Turbomachinery Co, Inc**     represented by   **Katharine S. Perry**
                                                        Adler Pollock & Sheehan PC - MA
                                                        175 Federal St.
                                                        Boston, MA 02110
                                                        617-482-0600
                                                        Fax: 617-482-0604
                                                        Email: kperry@apslaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

Gregory M O'Neil
Adler Pollock & Sheehan PC - MA
175 Federal St.
Boston, MA 02110
617-482-0600
Fax: 617-482-0604
Email: goneil@apslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Howden Bufffalo Inc**

**Cross Claimant**

**CBS Corporation**                   represented by   **Thomas F. Maxwell , Jr.**
*a Delaware Corporation*                               (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*


V.

**Cross Defendant**

**CBS Corporation**                   represented by   **Thomas F. Maxwell , Jr.**
*a Delaware Corporation*                               (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Air & Liquid Systems Corporation**

**Cross Defendant**

**Elliott Turbomachinery Co, Inc**

**Cross Defendant**

**Foster Wheeler, LLC**

**Cross Defendant**

**General Electric Company**          represented by   **Dan E. LaBelle**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Howden Bufffalo Inc**

**Cross Claimant**

**Air & Liquid Systems Corporation**  represented by   **Michael D. Simons**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**CBS Corporation**
*a Delaware Corporation*

represented by **Thomas F. Maxwell , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Elliott Turbomachinery Co, Inc**

**Cross Defendant**

**Foster Wheeler, LLC**

**Cross Defendant**

**General Electric Company**

represented by **Dan E. LaBelle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Howden Bufffalo Inc**

**Cross Claimant**

**Foster Wheeler, LLC**

represented by **James R. Oswald**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Foster Wheeler, LLC**

represented by **James R. Oswald**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Air & Liquid Systems Corporation**

represented by **Bryna Rosen Misiura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CBS Corporation**                    represented by   **Thomas F. Maxwell , Jr.**
*a Delaware Corporation*                                (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Elliott Turbomachinery Co, Inc**     represented by   **Katharine S. Perry**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Gregory M O'Neil**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Electric Company**           represented by   **Dan E. LaBelle**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Howden Bufffalo Inc**

**Cross Claimant**

**Elliott Turbomachinery Co, Inc**     represented by   **Katharine S. Perry**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Gregory M O'Neil**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Elliott Turbomachinery Co, Inc**     represented by   **Katharine S. Perry**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Gregory M O'Neil**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Air & Liquid Systems Corporation**                    represented by   **Bryna Rosen Misiura**
                                                                         (See above for address)
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Michael D. Simons**
                                                                         (See above for address)
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CBS Corporation**                                    represented by   **Thomas F. Maxwell , Jr.**
*a Delaware Corporation*                                                 (See above for address)
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Foster Wheeler, LLC**                                represented by   **James R. Oswald**
                                                                         (See above for address)
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Electric Company**                           represented by   **Dan E. LaBelle**
                                                                         (See above for address)
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Howden Bufffalo Inc**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/04/2011 | 1 | NOTICE OF REMOVAL by General Electric Company from Bridgeport Superior Court, case number FBT-CV-11-6020431-S. Filing fee $ 350 receipt number 0205-2198936, filed by General Electric Company.(LaBelle, Dan) (Entered: 08/04/2011) |
| 08/04/2011 | 2 | NOTICE by General Electric Company *of Removal* (LaBelle, Dan) (Entered: 08/04/2011) |
| 08/04/2011 | 3 | NOTICE of Appearance by Dan E. LaBelle on behalf of General Electric Company (LaBelle, Dan) (Entered: 08/04/2011) |
| 08/04/2011 | 4 | Corporate Disclosure Statement by General Electric Company. (LaBelle, Dan) (Entered: 08/04/2011) |
| 08/04/2011 | 5 | NOTICE by General Electric Company *Re Outstanding Motions* (LaBelle, Dan) (Entered: 08/04/2011) |
| 08/04/2011 | 6 | NOTICE by General Electric Company *Pursuant to Standing Order* (LaBelle, |

| | | |
|---|---|---|
| | | Dan) (Entered: 08/04/2011) |
| 08/04/2011 | | Judge Janet C. Hall added. (Malone, P.) (Entered: 08/05/2011) |
| 08/04/2011 | 7 | Order on Pretrial Deadlines: Motions to Dismiss due on 11/4/2011. Amended Pleadings due by 10/3/2011. Discovery due by 2/3/2012. Dispositive Motions due by 3/4/2012. Signed by Clerk on 8/4/2011. (Fazekas, J.) (Entered: 08/05/2011) |
| 08/04/2011 | 8 | STANDING PROTECTIVE ORDER. Signed by Judge Janet C. Hall on 8/4/2011. (Fazekas, J.) (Entered: 08/05/2011) |
| 08/04/2011 | 9 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Janet C. Hall on 8/4/2011. (Fazekas, J.) (Entered: 08/05/2011) |
| 08/04/2011 | 10 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 8 Standing Protective Order, 1 Notice of Removal filed by General Electric Company, 4 Corporate Disclosure Statement filed by General Electric Company, 7 Order on Pretrial Deadlines, 6 Notice Pursuant to Standing Order filed by General Electric Company, 9 Electronic Filing Order, 5 Notice Re Outstanding Motions filed by General Electric Company, 3 Notice of Appearance filed by Dan E. LaBelle on behalf of General Electric Company, 2 Notice of Removal filed by General Electric Company. Signed by Clerk on 8/4/2011. (Attachments: # 1 Removal Standing Order)(Fazekas, J.) (Entered: 08/05/2011) |
| 08/09/2011 | 11 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation (Maxwell, Thomas) (Entered: 08/09/2011) |
| 08/09/2011 | 12 | ANSWER to Complaint contained in 1 Notice of Removal with Special Defenses with Jury Demand, CROSSCLAIM against All Defendants by CBS Corporation.(Maxwell, Thomas) Modified on 8/10/2011 TO LINK TO DOC #1 (Oliver, T.). (Entered: 08/09/2011) |
| 08/09/2011 | 13 | Corporate Disclosure Statement by CBS Corporation. (Maxwell, Thomas) (Entered: 08/09/2011) |
| 08/09/2011 | 14 | NOTICE by CBS Corporation re 1 Notice of Removal *Notice of Joinder* (Attachments: # 1 Exhibit 1)(Maxwell, Thomas) (Entered: 08/09/2011) |
| 08/12/2011 | 15 | ENTERED IN ERROR - MOTION for Joinder *in Removal* re 2 Notice (Other) filed by General Electric Company by Air & Liquid Systems Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service)(Simons, Michael) Modified on 8/15/2011 (Oliver, T.). (Entered: 08/12/2011) |
| 08/12/2011 | 16 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corporation (Simons, Michael) (Entered: 08/12/2011) |
| 08/12/2011 | 17 | ANSWER to 12 Answer to Complaint, Crossclaim,, *Affirmative Defenses*, CROSSCLAIM against CBS Corporation, Elliott Turbomachinery Co, Inc, Foster Wheeler, LLC, General Electric Company, Howden Bufffalo Inc by Air & Liquid Systems Corporation.(Simons, Michael) (Entered: 08/12/2011) |

| 08/12/2011 | 18 | Corporate Disclosure Statement by Air & Liquid Systems Corporation identifying Corporate Parent Ampco-Pittsburgh Corporation for Air & Liquid Systems Corporation. (Simons, Michael) (Entered: 08/12/2011) |
| 08/12/2011 | 19 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corporation (Misiura, Bryna) (Entered: 08/12/2011) |
| 08/12/2011 | 20 | NOTICE of Joinder in Removal Action by Air & Liquid Systems Corporation (REPLACING DOC #15) (Oliver, T.) (Entered: 08/15/2011) |
| 08/15/2011 | | Docket Entry Correction re 15 MOTION for Joinder *in Removal* re 2 Notice (Other) filed by General Electric Company MODIFIED TO NOTE ENTERED IN ERROR AND REDOCKETED AS DOC #20 (Oliver, T.) (Entered: 08/15/2011) |
| 08/16/2011 | 21 | NOTICE of Appearance by Katharine S. Perry on behalf of Elliott Turbomachinery Co, Inc (Perry, Katharine) (Entered: 08/16/2011) |
| 08/16/2011 | 22 | ENTERED IN ERROR - MOTION for Joinder re 1 Notice of Removal filed by General Electric Company by Elliott Turbomachinery Co, Inc. (Perry, Katharine) Modified on 8/18/2011 (Oliver, T.). (Entered: 08/16/2011) |
| 08/16/2011 | 23 | Corporate Disclosure Statement by Elliott Turbomachinery Co, Inc. (Perry, Katharine) (Entered: 08/16/2011) |
| 08/16/2011 | 24 | NOTICE of Appearance by Gregory M O'Neil on behalf of Elliott Turbomachinery Co, Inc (O'Neil, Gregory) (Entered: 08/16/2011) |
| 08/16/2011 | 25 | NOTICE of Joinder in Removal Action by Elliott Turbomachinery Co, Inc (REPLACING DOC #22) (Oliver, T.) (Entered: 08/18/2011) |
| 08/18/2011 | | Docket Entry Correction re 22 MOTION for Joinder re 1 Notice of Removal filed by General Electric Company MODIFIED TO NOTE ENTERED IN ERROR AND REDOCKETED AS DOC #25 (Oliver, T.) (Entered: 08/18/2011) |
| 08/24/2011 | 26 | NOTICE of Appearance by James R. Oswald on behalf of Foster Wheeler, LLC (Oswald, James) (Entered: 08/24/2011) |
| 08/24/2011 | 27 | Corporate Disclosure Statement by Foster Wheeler, LLC. (Oswald, James) (Entered: 08/24/2011) |
| 08/24/2011 | 28 | NOTICE by Foster Wheeler, LLC *of Joinder in Notice of Removal* (Attachments: # 1 Exhibit, # 2 Exhibit)(Oswald, James) (Entered: 08/24/2011) |
| 08/24/2011 | 29 | ANSWER to Complaint contained in 1 Notice of Removal with Affirmative Defenses with Jury Demand, CROSSCLAIM against All Defendants by Foster Wheeler, LLC.(Oswald, James) Modified on 8/25/2011 TO LINK TO DOC #1 (Oliver, T.). (Entered: 08/24/2011) |
| 09/08/2011 | 30 | ANSWER to Complaint contained in 1 Notice of Removal with Affirmative Defenses with Jury Demand, CROSSCLAIM against All Defendants by Elliott Turbomachinery Co, Inc.(Perry, Katharine) Modified on 9/12/2011 TO LINK TO DOC #1 (Oliver, T.). (Entered: 09/08/2011) |

| 01/23/2012 | 31 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Telephonic Status Conference set for 2/2/2012 10:00 AM in Chambers Room 417, 915 Lafayette Blvd., Bridgeport, CT before Judge Janet C. Hall. Counsel are requested to participate in this conference, via telephone. This conference call is to be arranged between counsel. Once all parties are on the line, please telephone chambers at (203) 579-5554. (DeRubeis, B.) (Entered: 01/23/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/24/2012 07:00:52 | | |
| **PACER Login:** | hs0028 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-01236-JCH |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

 CT Corporation

**Service of Process Transmittal**
07/13/2011
CT Log Number 518822398

**TO:** Carol Light, Senior Trial Risk Analyst
Electric Insurance Company
75 Sam Fonzo Drive
Beverly, MA 01915

**RE:** **Process Served in Connecticut**

**FOR:** General Electric Company (Domestic State: NY)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Warren Cicotte and Gwendolyn Cicotte, Pltfs. vs. Air & Liquid Systems Corporation, etc., including General Electric Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Complaint, Claims, Amount, Summons |
| **COURT/AGENCY:** | Fairfield at Bridgeport Superior Court Judicial District, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/13/2011 at 14:00 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 08/09/2011 - Summons // On or before the second day after the Return Date - File an Appearance form |
| **ATTORNEY(S) / SENDER(S):** | Christopher Meisenkothen, Esq.<br>Early, Lucarelli, Sweeney & Meisenkothen, LLC<br>One Century Tower, 11th Floor<br>265 Church Street<br>P.O. Box 1866<br>New Haven, CT 06508-1866<br>203-777-7799 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/13/2011, Expected Purge Date: 07/18/2011<br>Image SOP<br>Email Notification, Carol Light Carol.Light@electricinsurance.com<br>Email Notification, Dan Labelle labelle@halloran-sage.com<br>Email Notification, Brett Szczesny szczesny@halloran-sage.com<br>Email Notification, Cindy Starr starr@halloran-sage.com<br>Email Notification, John LaPlante john.laplante@ge.com<br>Email Notification, Melissa Donahue melissa.donahue@electricinsurance.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Gary Scappini |
| **ADDRESS:** | One Corporate Center<br>Floor 11<br>Hartford, CT 06103-3220 |
| **TELEPHONE:** | 860-724-9044 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| **SUMMONS** | | |
|---|---|---|
| **CIVIL (except family actions)** | **SUPERIOR COURT** | ☒X☒ **ONE OF THE FOLLOWING** |

**JD-CV-1**
**GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a**
**52-48, 52-259**
**PR. BK. 49, 63, 66**

**INSTRUCTIONS**

*Amount, legal interest or property in demand, exclusive of interest and costs is*

☐ less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more
*(☒☒X☒ if applicable)*
☐ Claiming other relief in addition to or in lieu of money damages.

1. Prepare on typewriter: sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

**TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.**

| ☒ **JUDICIAL DISTRICT** | AT *(Town in which writ is returnable)*(Gen. Stat. 51-349) | RETURN DATE *(Mo., day, yr)* |
|---|---|---|
| ☐ **HOUSING SESSION**   ☐ G.A. | Bridgeport | 08.09.11 |

| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED *(GEN. STAT. 51-347, 51-350)(No., st., town & zip code)* | CASE TYPE(From Judic. Dept. case type list-see back) | |
|---|---|---|
| **1061 Main Street, Bridgeport, CT, 06604   (203) 579-6527** | Major  T | Minor  20 |

| PARTIES | NOTE: *Individual's Names: Last, First, Middle Initial*   NAME AND ADDRESS OF EACH PARTY *(No., street, town & zip code)*   ☒ Form JD-CV-2 attached | PTY NO |
|---|---|---|
| FIRST NAMED PLAINTIFF ▯ | Cicotte, Warren, 20 Smith Lane, Salem, New York  12865 | 01 |
| Additional Plaintiff | Cicotte, Gwendolyn, 20 Smith Lane, Salem, New York  12865 | 02 |
| FIRST NAMED DEFENDANT ▯ | Air & Liquid Systems Corp., successor by merger to Buffalo Pumps, Inc., CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101 | 50 |
| Additional Defendant | CBS Corporation, a DE corp., f/k/a Viacom Inc., succ. by merger to CBS Corp., a PA corp., f/k/a Westinghouse Electric Corp. & succ in int. to Sturtevant & BF Sturtevant, Eckert Seamans Cherin & Mellott LLC, Lit. Mgmt, US Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 | 51 |
| Additional Defendant | Elliott Turbomachinery Co., Inc., 901 North Fourth Street, Jeannette, PA  15644-1473 | 52 |
| Additional Defendant | Foster Wheeler, LLC, Jack Deones, Perryville Corporate Park, Clintonville, NJ  08809 | 53 |

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written ☒Appearance☒ form on time, a judgment may be entered against you by default.

6. The Appearance☒ form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED | | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 07.12.11 | s/417342 | ☒ Commissioner of Superior Court ☐ Assistant Clerk | Christopher Meisenkothen, Esq. |

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE *(No., street, town & zip code)* | TELEPHONE NO. | JURIS NO. (If atty. or law firm) |
|---|---|---|
| Early, Ludwick & Sweeney, LLC., 265 Church St., 11th Flr., New Haven, CT, 06510 | 203-777-7799 | 409080 |

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 *(No., street, town & zip code)* | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|
| Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | |

| NO. PLFS. | NO. DEFS. | NO. CNTS. | SIGNED (Official taking recognizance, ☒x☒ proper | | For Court Use Only |
|---|---|---|---|---|---|
| 2 | 6 | 3 | s/417342 | ☒ Commissioner of Superior Court ☐ Assistant Clerk | FILE DATE |

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

**IF THIS SUMMONS IS SIGNED by a CLERK:**

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit

d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|
| | | | |

**SUMMONS, Civil**

**CIVIL SUMMONS**          STATE COURT OF CONNECTICUT
                                    **PAGE 2**
**CONTINUATION OF PARTIES**      **SUPERIOR COURT**

FIRST NAMED PLAINTIFF *(Last, First, Middle Initial)*
**Cicotte, Warren**

FIRST NAMED DEFENDANT
**Air & Liquid Systems Corp.**

| Additional Defendants | CODE |
|---|---|
| NAME *(Last, First, Middle Initial, if individual)*     ADDRESS *(No., Street, Town and Zip Code)* | |
| General Electric Company, CT Corp. System, One Commercial Plaza, Hartford, CT, 06105 | 54 |
| Howden Buffalo, Inc., 110 Broadway Street, Buffalo, NY  14203 | 55 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

FOR COURT USE ONLY
FILE DATE

DOCKET NO.

| IN RE: ASBESTOS LITIGATION |
|---|

| RETURN DATE: AUGUST 9, 2011 | : SUPERIOR COURT |
|---|---|
| | : |
| WARREN CICOTTE AND GWENDOLYN CICOTTE | : J.D. OF FAIRFIELD |
| | : |
| VS. | :AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORPORATION, as Successor | : |
| by Merger to Buffalo Pumps, Inc., | : |
| CBS CORPORATION, a Delaware corporation, f/k/a | : |
| Viacom Inc., successor by merger to CBS Corporation, a | : |
| Pennsylvania corporation, f/k/a Westinghouse Electric | : |
| Corporation and as successor in interest to B.F. Sturtevant, | : |
| ELLIOTT TURBOMACHINERY CO., INC., | : |
| FOSTER WHEELER L.L.C., | : |
| GENERAL ELECTRIC COMPANY | : |
| HOWDEN BUFFALO, INC. | : JULY 12, 2011 |

## COMPLAINT

### COUNT I

1. The plaintiff, WARREN CICOTTE, is a citizen of the State of New York and resides at 20 Smith Lane, Salem, New York.

2. The plaintiff, GWENDOLYN CICOTTE, is a citizen of the State of New York and resides at 20 Smith Lane, Salem, New York.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

4.  The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5.  The plaintiff was exposed to various asbestos containing products while working in The U.S. Navy as a boiler tender during the years 1951-1955.  Plaintiff was also exposed from 1955- 1979 while working as a telephone equipment installer.  Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related Mesothelioma and other asbestos-related pathologies.

6.  During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7.  Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8.  At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

    (a)    Said asbestos-containing products were unreasonably defective in one or more of the following ways:

        1.    in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

        2.    in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

        3.    in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

    (b)    The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and

correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

(c)     The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12.  As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers.  The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13.  The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14.  As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15.  As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16.  As a further result of said illness, the plaintiff's earning capacity is impaired.

17.  The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

18.  The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19.  The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20.  Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21.  The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22.  The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23.  The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

24. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27. The defendants breached these duties by:

        (a)     failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

        (b)     failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c)     failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)     supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e)     supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)     failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)     failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)     failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i)     failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)     generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.  The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, WARREN CICOTTE claims damages.

COUNT II

(As to Plaintiff GWENDOLYN CICOTTE and all Defendants)

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

29.  As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, GWENDOLYN CICOTTE, claims damages.

## COUNT III

1.-29. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

30.  The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

31.  The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

32.  The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

33.  Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

34. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE Plaintiffs WARREN CICOTTE and GWENDOLYN CICOTTE demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.


THE PLAINTIFF


BY _____
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT  06508-1866
(203) 777-7799
Juris No. 409080


A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

---

**IN RE: ASBESTOS LITIGATION**

---

RETURN DATE:  AUGUST 9, 2011          : SUPERIOR COURT

                                  :

WARREN CICOTTE  & GWENDOLYN CICOTTE   : J.D. OF FAIRFIELD

                                  :

VS.                                    : AT BRIDGEPORT

                                  :

AIR & LIQUID SYSTEMS CORP., ET AL.       : JULY 12, 2011

WHEREFORE, the plaintiff, WARREN CICOTTE AND GWENDOLYN CICOTTE

claims as to the defendants:

1. Full, fair and just money damages;

2. Punitive and exemplary damages, including attorney's fees;

3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes

Sections 52-240a and 52-240b (First Count);

4. Costs of this action.

THE PLAINTIFF

BY _____

Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT  06508-1866
(203) 777-7799
Juris No. 409080

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

| | |
|---|---|
| **IN RE: ASBESTOS LITIGATION** | |

RETURN DATE:  AUGUST 9, 2011        : SUPERIOR COURT

                                                     :

WARREN CICOTTE  & GWENDOLYN CICOTTE      : J.D. OF FAIRFIELD

                                                     :

VS.                                                        : AT BRIDGEPORT

                                                     :

AIR & LIQUID SYSTEMS CORP., ET AL.        : JULY 12, 2011

        The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

                                                    THE PLAINTIFF

                                                    BY _____

                                                    Christopher Meisenkothen, Esq.
                                                    Early, Lucarelli, Sweeney & Meisenkothen, LLC
                                                    One Century Tower, 11th Floor
                                                    265 Church Street
                                                    P.O. Box 1866
                                                    New Haven, CT  06508-1866
                                                    (203) 777-7799
                                                    Juris No. 409080
                                                    Their Attorneys

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

**EARLY, LUCARELLI, SWEENEY & STRAUSS**
An Association of Professional L.L.C.s
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080