IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Richard J. Morelli,

                        Plaintiff,

v.

3M Company, a corporation,
Airgas Merchant Gases, LLC as succes in int to
AGA Gas, Inc., a corporation,
Bucyrus International, Inc., f/k/a Bucyrus-Erie
Company, a corporation,
CBS Corporation, a corporation,
Certainteed Corporation, a corporation,
Cleaver Brooks, Inc., a corporation,
Foseco Inc., a corporation,
Foster Wheeler LLC, a corporation,
General Electric Company, a corporation,
Georgia Pacific, LLC, a corporation,
Hobart Brothers Company, a corporation,
Kaiser Gypsum Company, Inc., a corporation,
Koppers, Inc., a corporation,
Lincoln Electric Company, a corporation,
Linde, LLC, f/k/a The Boc Group and/or
Airco, a corporation,
Miller Electric Mfg. Co., a corporation,
Rapid American Corporation, a corporation,
Rheem Manufacturing Company, a
corporation,
Riley Power, Inc., a corporation,
Terex Corporation, Individually and as a
successor to Clark Material Handling
Company, a corporation,
The Manitowoc Company, a corporation,
Trane U.S. Inc., a corporation,
Weil-McLain Company a/k/a The Marley-
Wylain Company, a corporation,

                        Defendants.

Case No. 1:11-cv-8045

## COMPLAINT

Now comes the plaintiff, Richard J. Morelli, (hereinafter "Plaintiff"), by and through his attorneys,

Cascino Vaughan Law Offices, Ltd., and complains against defendants 3M Company, a corporation, Airgas Merchant Gases, LLC as succes in int to AGA Gas, Inc., a corporation, Bucyrus International, Inc., f/k/a Bucyrus-Erie Company, a corporation, CBS Corporation, a corporation, Certainteed Corporation, a corporation, Cleaver Brooks, Inc., a corporation, Foseco Inc., a corporation, Foster Wheeler LLC, a corporation, General Electric Company, a corporation, Georgia Pacific, LLC, a corporation, Hobart Brothers Company, a corporation, Kaiser Gypsum Company, Inc., a corporation, Koppers, Inc., a corporation, Lincoln Electric Company, a corporation, Linde, LLC, f/k/a The Boc Group and/or Airco, a corporation, Miller Electric Mfg. Co., a corporation, Rapid American Corporation, a corporation, Rheem Manufacturing Company, a corporation, Riley Power, Inc., a corporation, Terex Corporation, Individually and as a successor to Clark Material Handling Company, a corporation, The Manitowoc Company, a corporation, Trane U.S. Inc., a corporation, Weil-McLain Company a/k/a The Marley-Wylain Company, a corporation, as follows:

### JURISDICTION

1. Plaintiff is an adult citizen and resident of Illinois and resides in Lockport, Illinois.

2. 3M Company manufactured, distributed, sold and/or designed asbestos products, including without limitation caulks, cements and mastics.

3. Airgas Merchant Gases LLC is responsible for the conduct of AGA Gas Inc. AGA Gas Inc. manufactured, distributed, sold and/or designed asbestos products, including without limitation welding rods and heat-resistant protective apparel.

4. Bucyrus International, Inc., f/k/a Bucyrus-Erie Company manufactured and sold cranes and other material handling equipment which contained asbestos products, including without limitation, brakes.

5. CBS Corporation is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed steam generating equipment including without

limitation turbines, generators, wire, motors and switch gears. Westinghouse also erected and maintained steam generation equipment

6. Certainteed Corporation manufactured, designed, and sold asbestos products including without limitation asbestos sheets, cements, cement pipe, roofing materials and wall finishing materials.

7. Cleaver Brooks designed, manufactured and/or sold asbestos insulated commercial boilers and was a seller of asbestos products.

8. Foseco Inc. manufactured, designed and sold asbestos products, including without limitation, refractory products and cements.

9. Foster Wheeler Corporation is responsible for the conduct of Foster Wheeler Energy Corporation. Foster Wheeler Corporation & Foster Wheeler Energy Corporation designed, manufactured and/or sold steam generation equipment, including without limitation boilers, erected steam generation equipment, sold asbestos containing products, and installed asbestos containing products.

10. General Electric Company manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

11. Georgia Pacific manufactured, sold, and/or designed asbestos products, including without limitation plaster, joint compounds, other gypsum products, and roofing materials.

12. Hobart Brothers Company manufactured, distributed, sold and/or designed asbestos products, including without limitation welding rods and heat-resistant protective apparel.

13. Kaiser Gypsum Company manufactured, sold, and/or designed asbestos products, including without limitation plaster, joint compounds, other gypsum products, and roofing materials.

14. Koppers Inc. manufactured, distributed, sold and/or designed asbestos products, including without limitation roofing cement, cements, mastics and refractory products.

15. Lincoln Electric Company manufactured, distributed, sold and/or designed asbestos products, including without limitation welding rods and heat-resistant protective apparel.

16. Linde Inc. was formerly known as The Boc Group and/or Airco and manufactured, distributed, sold and/or designed asbestos products, including without limitation welding rods and heat-resistant protective apparel.

17. Miller Electric Mfg. Co. manufactured, distributed, sold and/or designed asbestos products, including without limitation welding rods and heat-resistant protective apparel.

18. Rapid American Corporation is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos-containing products, including without limitation pipe covering, block, cements, board, and air cell and supplied asbestos fibers.

19. Rheem Manufacturing Company designed, manufactured and/or sold asbestos insulated commercial boilers and water heating systems, including without limitation Richmond Water Heaters, and was a seller of asbestos products.

20. Riley Power, Inc. is responsible for the conduct of Riley Stoker. Riley Stoker designed and manufactured steam generation equipment, including without limitation boilers, erected steam generation equipment, sold asbestos containing products, and installed asbestos containing products.

21. Terex Corporation is responsible for the conduct of Clark Material Handling Company. Clark Material Handling Company manufactured and sold cranes and other material handling equipment which contained asbestos products, including without limitation, brakes.

22. The Manitowoc Company is a manufacturer and seller of cranes and other material handling equipment, which contained asbestos products, including without limitation, brakes.

23. Trane is responsible for the conduct of American Standard Inc. The Kewanee boiler division formerly operated by American Standard designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes. Trane manufactures and sells asbestos containing heating,

ventilation and air conditioning products and equipment.

24. Weil-McLain Company a/k/a The Marley-Wylain Company Weil-McLain is a manufacturer and seller of commercial boilers, which were asbestos insulated, and a seller of asbestos products.

25. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

26. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

27. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

28. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

29. Plaintiff during the course of his employment as a laborer at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

30. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

31. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

32. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with asbestos related disease on November 11, 2009.

33. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

34. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

35. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

36. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

37. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

38. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

   b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

39. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## PRAYER FOR RELIEF

40. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated: November 11, 2011


/S/ Michael P. Cascino, Esq.
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

## Exhibit A
### Defendants' Home States and Principal Places of Business

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| 3M Company | Delaware | Delware |
| *Airgas Merchant Gases, LLC as succes in int to AGA Gas, Inc. (see below)* | Delaware | Arizona |
| Bucyrus International, Inc. | Delaware | Wisconsin |
| CBS Corporation | Delaware | Pennsylvania |
| Certainteed Corporation | Delaware | Pennsylvania |
| Cleaver Brooks, Inc. | Delaware | Wisconsin |
| Foseco Inc. | Delaware | Ohio |
| *Foster Wheeler LLC (see below)* | Pennsylvania | New York |
| General Electric Company | New York | Connecticut |
| *Georgia Pacific, LLC (see below)* | Delaware | Georgia |
| Hobart Brothers Company | Ohio | Ohio |
| Kaiser Gypsum Company, Inc. | Washington | Pennsylvania |
| Koppers, Inc. | Pennsylvania | Pennsylvania |
| Lincoln Electric Company | Ohio | Ohio |
| *Linde, LLC, f/k/a The Boc Group and/or Airco (see below)* | Delaware | New Jersey |
| Miller Electric Mfg. Co. | Wisconsin | Wisconsin |
| Rapid American Corporation | Delaware | New York |
| Rheem Manufacturing Company | Delaware | Georgia |
| Riley Power, Inc. | Massachusetts | Massachusetts |
| Terex Corporation, Individually and as a successor to Clark Material Handling Company | Delaware | Connecticut |
| The Manitowoc Company | Wisconsin | Texas |
| Trane U.S. Inc. | Delaware | New Jersey |
| Weil-McLain Company a/k/a The Marley-Wylain Company | Delaware | North Carolina |

| *LLC CITIZENSHIP<br>Citizenship of Managers (a/k/a "Members", "Officers", etc.) | City | State |
|---|---|---|
| **Airgas Merchant Gases LLC** | | |
| Airgas Merchant Holdings, Inc. | Radnor | Pennsylvania |
| Nitrous Oxide Corp. | Radnor | Pennsylvania |
| **Foster Wheeler LLC** | | |
| Richard J. Swift | Clinton | New Jersey |
| **Georgia Pacific LLC** | | |
| James Hannan | Atlanta | Georgia |
| Wesley Jones | Atlanta | Georgia |
| Tyler L. Woolson | Atlanta | Georgia |
| **Linde, LLC** | | |
| Patrick F. Murphy | Murray Hill | New Jersey |
| Philippe Brunet | Murray Hill | New Jersey |
| Mark D. Welley | Murray Hill | New Jersey |
| John J. Brull | Murray Hill | New Jersey |
| Noel J. Leeson | Murray Hill | New Jersey |
| Hoy P. Jonathan | Murray Hill | New Jersey |

**Exhibit B**
Plaintiff's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Dresden Nuclear Power Station | Morris | IL | 1954 | 1962 |
| Texaco Refining & Marketing | Lockport | IL | 1954 | 1962 |
| Material Service Corporation | Lockport | IL | 1954 | 1962 |
| Pure Oil | Lemont | IL | 1954 | 1962 |
| Ceco Steel | Lemont | IL | 1954 | 1962 |




**BUSINESS REPLY MAIL**
FIRST CLASS MAIL   PERMIT NO. 94203   CHICAGO, IL

POSTAGE WILL BE PAID BY ADDRESSEE:

CASCINO VAUGHAN LAW OFFICES LTD
220 S ASHLAND AVE
CHICAGO IL 60607-9940

220 S. Ashland Ave.
Chicago, IL 60607-9940





CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. ASHLAND AVENUE
CHICAGO, IL 60607-5308

RETURN SERVICE REQUESTED

General Electric Company
c/o CT Corporation System
208 S LaSalle Street, Ste. 814
Chicago, IL 60604