**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                    MDL No. 875

**SUPPLEMENT IN SUPPORT OF
MOTION TO MODIFY THE JUDICIAL PANEL'S MDL-875 ORDER**

Pursuant to Rule 6.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Crane Co. respectfully submits this Supplement in Support of Crane Co.'s Motion to Modify the Judicial Panel's MDL-875 Order.

1. As noted in Crane Co.'s motion to modify the Panel on Multidistrict Litigation's MDL-875 order, district courts across the nation are reaching inconsistent conclusions on motions to remand in asbestos lawsuits. Crane Co. provided examples of these inconsistencies, previously, but it supplements its motion to highlight the inefficiencies that may arise if the motions are not decided consistently and uniformly.

2. On January 23, 2012, United States Magistrate Judge Richard L. Puglisi for the United States District Court for the District of Hawaii issued findings and recommendations to United States District Judge J. Michael Seabright to grant plaintiffs' motions to remand in two asbestos lawsuits. *See Akau v. Crane Co.*, Case No. 11-00637 JMS-RLP (D. Haw. Jan. 23, 2012) (attached as Exhibit "A") and *Leite v. Crane Co.*, Case No. 11-00636 JMS-RLP (D. Haw. Jan. 23, 2012) (attached as Exhibit "B"). The rationale behind Magistrate Judge Puglisi's findings and recommendations are inconsistent with opinions reached by other district courts, and Crane Co. will object to the findings and recommendations on that basis.[1] In addition, should the Court

---

[1] *Compare with Hagen v. Benjamin Foster*, 739 F. Supp. 2d 770, 783 (MDL No. 875 2010) (holding "For policy reasons, Congress has erected a road to federal court for litigants who can invoke a federal defense.

grant these motions to remand, its orders will be subject to an appeal before the United States Court of Appeals for the Ninth Circuit in accordance with the recently-enacted Removal Clarification Act of 2011, Pub. L. No. 112-51, 125 Stat. 545 (codified as amended in 28 U.S.C. §§ 1442, 1446, and 1447). *See* 28 U.S.C. § 1447(d).

3. Similar orders from other district courts may, therefore, lead to further appeals before multiple federal circuits, and give rise to the possibility of inconsistent appellate court rulings on issues arising solely from matters of federal jurisdiction and the application of a defense grounded in federal law. *See Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988); *Getz v. The Boeing Co.*, 654 F.3d 852 (9th Cir. 2011).

4. The MDL-875 proceedings can provide uniformity and consistency to asbestos litigants on matters of remand in asbestos lawsuits, and its rulings may be subject to appeal before a single Court of Appeals. Thus, referral of all motions to remand in asbestos lawsuits to that court will promote consistency and efficiency without sacrificing fairness to any party.

WHEREFORE, Crane Co. requests that the Panel modify its Order to provide that all motions to remand asbestos claims to state courts be decided exclusively by the MDL-875 Court.

---

It is not the Court's role to impose judicially created tolls on those who seek to travel on it."); *In re Asbestos Products Liability Litig.* (No. VI), 2011 WL 925414, at *4-6 (MDL No. 875 March 16, 2011); *Stone v. Various Defendants*, No. 2:09-cv-93726-ER, at 3 n.1 (MDL No. 875 March 22, 2011); *Neubrand v. Various Defendants*, No. 2:10-78901, at 2-3 n.1 (MDL No. 875 Feb. 3, 2011); *Rabovsky v. Air & Liquid Systems*, No. 10-3202 (MDL No. 875 July 28, 2011); *Constantinides v. Alfa Laval*, No. 09-70613 (E.D. Pa. July 28, 2011); *Floyd v. Air & Liquid Systems*, No. 10-69379 (MDL No. 875 July 29, 2011).

- 3 -

Dated:  January 26, 2012         Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500

Attorneys for Defendant Crane Co.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant Crane Co.'s Supplement in Support of its Motion to Modify the Judicial Panel's MDL-875 Order was electronically served on all counsel of record on January 26, 2012, and is available for viewing and downloading from the Court's ECF system.

/s/ Michael J. Zukowski
Attorney for Defendant Crane Co.