BEFORE THE UNITED STATES JUDICIA
PANEL ON MULTIDISTRICT LITIGATION

MDL No. 875
IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

| | |
|---|---|
| MARIA KOVARY; BRYAN ALEXANDRO KOVARY and ERIKA MICHELLE KOVARY<br><br>Plaintiffs,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC., BENDIX CORPORATION; TRW CONEKT; VOLKSWAGEN GROUP OF AMERICA, INC.; DOES 1-10 INCLUSIVE,<br><br>Defendants. | E.D. Pa. No. 2:10-cv-67416<br><br>(transferred from<br>  No. 2:10-cv-00494-GW-CW C. D. Cal.) |

**VOLKSWAGEN GROUP OF AMERICA, INC.'S LIMITED
OPPOSITION TO CONDITIONAL REMAND ORDER**

Defendant Volkswagen Group of America, Inc. ("VWGoA"), by and through its undersigned attorneys, responds to Plaintiff's Motion for a Suggestion of Remand as follows:

1. VWGoA is a party in the *Kovary* case to which the Conditional Remand Order applies.

2. VWGoA agrees in principle that the transferee Court in the Eastern District of Pennsylvania took all actions identified in its prior Orders that were intended to prepare this case for remand, and that this case is in the posture this Panel anticipated prior to remand, but VWGoA must file this limited Opposition to address certain issues.

3. VWGoA agrees that remand is appropriate pursuant to the transferee Court in the Eastern District of Pennsylvania's prior Orders, **with certain additional caveats and instructions to the transferor Court at the time of remand.** VWGoA

respectfully requests that this Panel clarify the case's procedural posture at the time of the remand, and submits a proposed Remand Order with this Limited Opposition.

4. Any trial schedule must include an opportunity for the transferor Court to consider significant outstanding pre-trial issues.

5. By way of specific example, VWGoA filed a Motion for Summary Judgment (Transferee Court Doc. Nos. 32, 33) which, in part, challenged product identification because of the impact of certain rulings in the State of California, including whether VWGoA can be held responsible for those allegedly asbestos-containing products identified by Plaintiff exclusively as aftermarket replacement parts supplied by other companies.[1] The transferee Court held:

> Along with its argument about product identification, Defendant essentially makes a "bare metal defense" argument and states that Defendant cannot be responsible for asbestos on brakes clutches that Defendant did not itself manufacture, but that were located on Defendant's vehicles. As this is an unsettled area of state law, the Court will not rule on it, but rather will remand the issue to the transferor court to decide, under the guidance of the forthcoming decision by the California Supreme Court in *O'Neil* [sic].
>
> (Transferee Court Doc. No. 59, attached hereto as Exhibit A) (citations omitted)

6. As a result, any remand order should note this outstanding issue so that VWGoA will have the necessary time to file a renewed Motion for Summary Judgment

---

[1] This is a significant issue, since, as the transferee court wrote in its opinion on summary judgment, "Decedent worked as an automobile mechanic and/or service manager repairing Bendix brakes and clutches installed in Volkswagen vehicles." Transferee Court Doc. No. 59, footnote 1.

based on product identification in light of the transferee court's express reservation of this important issue.[2]

7. Further, as of the date of this Limited Opposition, expert discovery has not taken place in this case and any remand order must make that clear to the transferor court so that an adequate period for such discovery will be permitted.

8. Finally, as expert discovery has not taken place, and the transferee court's case management orders included only dispositive motions, not motions *in limine* and/or *Daubert* motions,[3] the transferor court must also provide the proper time for the filing and consideration of any such motions.

9. VWGoA respectfully urges this Panel to insure that any Remand specifically notes these significant outstanding issues so that the transferor Court does not schedule this case for trial without allowing the proper time for all necessary pre-trial proceedings, including a renewed Motion for Summary Judgment, expert discovery, motions *in limine* and any admissibility/*Daubert* challenges.

---

[2] In fact, the California Supreme Court ruled in *O'Neill* earlier this month, holding as part of its decision that "California law has long provided that manufacturers, distributors, and retailers have a duty to ensure the safety of their products, and will be held strictly liable for injuries caused by a defect in their products. Yet, we have never held that these responsibilities extend to preventing injuries caused by other products that might foreseeably be used in conjunction with a defendant's product." *O'Neill v. Crane Co.*, S177401, --- Cal. 4th --- (January 12, 2012), attached hereto as Exhibit B.

[3] *See, e.g.*, Footnote Order in *Anderson v. SEPCO, et al.*, United States District Court for the Eastern District of Pennsylvania, No. 09-69122, March 11, 2011 ("motions *in limine* are technically not dispositive motions and therefore are not necessarily subject to the 'dispositive motion' deadline in the scheduling order governing this case"), attached hereto as Exhibit C.

WHEREFORE, VWGoA respectfully files this Limited Opposition in advance of remand, and requests the Panel issue a Remand Order in the form attached hereto.

Dated: January 31, 2012       By:   /s/ Alice S. Johnston
                                    Alice S. Johnston
                                    Jay Evans
                                    **OBERMAYER REBMANN**
                                    **MAXWELL & HIPPEL LLP**
                                    BNY Mellon Center, Suite 5240
                                    500 Grant Street
                                    Pittsburgh, PA  15219-2502
                                    (412) 288-2459