ALAN R. BRAYTON, ESQ., S.B. #73685
RICHARD M. GRANT, ESQ., S.B. #55677
BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
Tel: 415-898-1555
Fax: 415-898-1247

Attorneys for Plaintiffs

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)<br><br>This document relates to:<br><br>MOTION TO MODIFY THE JUDICIAL PANEL'S MDL-875 ORDER | MDL 875<br><br>Case no. MDL 875<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT CRANE CO.'S, AND OTHER JOINING DEFENDANTS', MOTION TO MODIFY THE JUDICIAL PANEL'S MDL-875 ORDER |

On December 13, 2011, after "careful consideration of the Suggestion and the record in this extraordinary docket" this Panel adopted the well reasoned Suggestion of Hon. Eduardo C. Robreno concerning future tag-along transfers. Judge Robreno's Suggestion, as well as this Panel's Order, is supported by the policies underlying the creation of MDL 875 in the first place.

28 USCA § 1407(a) provides, in relevant part

> . . . Such transfers (to an MDL Court) shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

This Panel created MDL 875 following the above policy to promote the just and

efficient conduct of these actions when it was "persuaded that this litigation has reached a magnitude. . . that threatens the administration of justice and that requires a new, streamlined approach." *In re Asbestos Liability Litigation* 771 F. Supp. 415,418 (1991)

> The large number of asbestos lawsuits pending throughout the country threatens to overwhelm the courts and deprive the litigants, in asbestos suits as well as other civil cases, of meaningful resolution of their claims. . . *Id.*, at 419

> The backlog is eroding a fundamental aspiration of our judicial system to provide equality of treatment for similarly situated persons. *Id.*

Thus it is clear that the basic purpose underlying enactment of section 1407 was to secure, in multidistrict civil litigation as in all other civil litigation, the just, speedy and inexpensive determination of every action. *In re Nat. Student Marketing Litigation*, Jud.Pan.Mult.Lit.1972, 368 F.Supp. 1311.

The herculean efforts of Judges Weiner, Giles and Robreno have thankfully resulted in the present situation where MDL is no longer necessary in most asbestos cases.

Judge Robreno:

> It appearing that in light of the elimination of the backlog, and the limited number of asbestos-related personal injury case currently filed in the District Courts, each District Court can supervise and adjudicate these cases without undue administrative burden, to the benefit of the litigants and to the public.

The purposes of § 1407 have been well-served and now fulfilled.

However, defendant Crane Co. seeks to modify the Order of this Panel so that all motions for remand would be heard in the Eastern District of Pennsylvania. That there would be uniform holdings in remand motions throughout the country and that the District Court in Pennsylvania would be the arbiter of jurisdiction for all its other sister courts was never a concern or policy behind the creation of the MDL Court.

Moreover, to adopt Crane Co.'s suggestion would be contrary to, not in furtherance of, the policy of 1407 - to provide the "just, speedy and inexpensive" determination of asbestos cases. Crane's motion would have the action transferred to the transferee court, the Eastern District of Pennsylvania, solely to divine the jurisdiction of the transferor court - a decision

1 which should rest in any event with the latter court since it will now be the court to oversee all
2 pre-trial discovery and motions, and of course the trial in the matter. The purpose of 1407 and
3 this Panels decision to create MDL 875 was not to decide the appropriateness of federal
4 jurisdiction in every case.

5     It simply makes no sense to transfer the entire case to Pennsylvania  only to hear
6 remand motions and then immediately transfer the case back to the transferor court, if not
7 remanded to state court.  This would cause inordinate expense and delay - the antithesis of
8 "speedy and inexpensive", and "would no longer serve the purposes of our governing statute."

9     With regard to any concerns of this defendant, this Panel, in its Order Adopting
10 Suggestion, has correctly noted that the various District Courts "will almost certainly find
11 useful guidance in the many substantive and thoughtful rulings that may have been issued
12 during the lengthy course of the multidistrict proceedings."

13     Defendant's motion to modify the Panel's Order should be denied.

15 Dated:  February 3, 2012          Respectfully submitted,
16          BRAYTON PURCELL LLP

18          By _____
         Richard M. Grant, CA. SBN 55677
19          Attorneys for Plaintiffs