UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§<br>§ | Consolidated Under<br>MDL Docket No. 875<br>Case No. 2:10-cv-69486-ER |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL MUSSELMAN, Individually<br>and as Administrator of the Estate of<br>LISA MUSSELMAN, deceased<br><br>            Plaintiff,<br><br>Vs.<br><br>AMPHENOL CORPORATION (as<br>successor-in-interest to AMERICAN<br>PHENOLIC CORPORATION, et. al.,<br>including but not limited,<br>TEMPLE-INLAND, INC.,<br><br>            Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 1:10-cv-00101 |

**DEFENDANT TEMPLE-INLAND, INC.'S MOTION TO VACATE
THE CONDITIONAL REMAND ORDER, OR IN THE ALTERNATIVE,
MOTION TO MODIFY THE CONDITIONAL REMAND ORDER,
WITH INCORPORATED LEGAL BRIEF IN SUPPORT**

Defendant Temple-Inland, Inc. ("Temple-Inland"), under Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("JPML"), moves to vacate the JPML's Conditional Remand Order ("CRO") of January 24, 2012, because the parties have not yet taken the depositions of the expert witnesses. In the alternative, Temple-Inland moves to modify the CRO by having the JPML include an instruction to the transferor court that

*Defendant Temple-Inland, Inc.'s Motion to Vacate the Conditional Remand Order,
or in the Alternative, Motion to Modify the Conditional Remand Order,
with Incorporated Legal Brief in Support*              Page 1

the parties be afforded a period of not less than two months in which to depose the expert witnesses before the case is set for trial. In support of its motion, Temple-Inland submits this incorporated legal brief, showing as follows:

## I. Factual and Procedural Background

Plaintiff Michael Musselman, individually and as Administrator of the Estate of Lisa Musselman, Deceased ("Plaintiff") brings this action against various defendants alleging that Lisa Musselman ("Decedent") developed mesothelioma as a result of her secondary exposure to asbestos dust through contact with her ex-husband David Cissell's clothing. Specifically, Plaintiff alleges that Mr. Cissell was exposed to such dust through his work with asbestos-containing products in his personal automotive repair projects and in his employment with Temple-Inland, a manufacturer of wallboard. Plaintiff alleges that Mrs. Musselman was exposed second-hand to asbestos dust through laundering her then-husband's work clothes approximately once per week and occasionally riding in his personal vehicle (which was also allegedly dusty) during their marriage between 1977 and 1993. Plaintiff's complaint sets forth claims based on theories of negligence, intentional harm, breach of warranty, and misrepresentation.

Plaintiff originally filed this action in the Newcastle Superior Court of the State of Delaware on March 12, 2009. The case was subsequently removed to the United States District Court of Delaware before being transferred to the United States District Court for the Eastern District of Pennsylvania, as part of Multidistrict Litigation ("MDL") Docket No. 875.

On January 26, 2011, Judge Eduardo C. Robreno, of the transferee court, signed a Scheduling Order, which in part provided that all discovery be completed by May 19, 2011. (A

*Defendant Temple-Inland, Inc.'s Motion to Vacate the Conditional Remand Order,
or in the Alternative, Motion to Modify the Conditional Remand Order,
with Incorporated Legal Brief in Support*     *Page 2*

true and correct copy of the Scheduling Order is attached collectively as **Exhibit 1**). Although the Scheduling Order provided dates in the summer of 2011 for the exchange of expert reports, it did not specifically address expert depositions. On June 2, 2011, Judge Robreno amended the Scheduling Order to extend the deadlines for expert reports by approximately one month. Again, however, the June 2 order did not address expert depositions. (A true and correct copy of the Scheduling Order is attached collectively as **Exhibit 2**).

On November 28, 2011, pending Judge Robreno's ruling on Temple-Inland's motion for summary judgment, counsel for Temple-Inland sent a letter to Judge Robreno, with copies to all counsel of record, requesting Judge Robreno's guidance on the issue of expert discovery:

> Temple-Inland's concern stems from the fact that the parties have yet to take the depositions of each other's expert witnesses. The parties timely exchanged their expert reports in accordance with the amended deadlines set forth in the Court's order of June 2, 2011. And although the parties have exchanged correspondence requesting dates for the expert depositions, no such depositions have yet been taken.
>
> Should the Court grant the pending motion for summary judgment, then this issue is moot. Should the Court, however, deny the motion, Temple-Inland requests that the Court afford the parties a reasonable amount of time, such as 60 days, to complete all expert depositions, before remanding the case to the transferor court.

(A true and correct copy of this correspondence is attached as **Exhibit 3**).

On January 18, 2012, Judge Robreno signed his Suggestion of Remand, suggesting that this case be remanded to the United States District Court for the District of Delaware for resolution of all matters pending within this case except punitive damages. (Suggestion of Remand at 1-2) (A true and correct copy of the Suggestion of Remand is attached as **Exhibit 4**). In support of his suggestion, and in accordance with MDL-875 Administrative Order no. 18 (01-

*Defendant Temple-Inland, Inc.'s Motion to Vacate the Conditional Remand Order,*
*or in the Alternative, Motion to Modify the Conditional Remand Order,*
*with Incorporated Legal Brief in Support*                                                                                              *Page 3*

md-875, doc. No. 6197), Judge Robreno set forth a number of findings. Among those findings, Judge Robreno stated that "[a]ll discovery has been completed" and that "[t]he Court finds that this case is prepared for trial without delay once on the transferor court's docket." (Suggestion of Remand at 1, 2).

On January 24, 2012, the JPML, acting through the Clerk of the Panel, entered its CRO. (A true and correct copy of the CRO is attached as **Exhibit 5**). After acknowledging the Suggestion of Remand received from the transferee court, the JPML conditionally ordered that all claims in this case, except for certain punitive damage claims that were severed by the transferee court, be remanded to the transferor court. (CRO at 1) The CRO further provided that, pursuant to Rule 10.2 of the Rules of Procedure of the JPML, the transmittal of the CRO to the transferee clerk for filing would be stayed for 7 days, pending the filing by any part of a notice of opposition with the Clerk of the Panel within that 7-day period.

On January 27, 2012, within the 7-day period referenced in the CRO, Defendant Temple-Inland, Inc. filed its Notice of Opposition with the Clerk of the Panel. (A true and correct copy is attached as **Exhibit 6**). According to the CRO, the timely filing of the Notice of Opposition continues the stay of the transmittal of the CRO to the transferee clerk until further order of the United States District Court for the Eastern District of Pennsylvania.

## II. Argument and Authorities

Defendant Temple-Inland, Inc. is aware of the weight that the JPML has consistently given to the transferee judge's determination that remand of a particular action at a particular time is appropriate because of the transferee judge's day-to-day supervision of the pretrial

*Defendant Temple-Inland, Inc.'s Motion to Vacate the Conditional Remand Order,*
*or in the Alternative, Motion to Modify the Conditional Remand Order,*
*with Incorporated Legal Brief in Support*     *Page 4*

proceedings. *See, e.g., In re Holiday Magic Sec. & Antitrust Litigation*, 443 F. Supp. 1125, 1126 (J.P.M.L. 1977); *In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F. Supp. 254, 256 (J.P.M.L. 1976); *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F. Supp. 908, 909 (J.P.M.L. 1975). In this case, however, Defendant Temple-Inland respectfully disagrees with Judge Robreno's findings that all discovery has been completed and that the case is ready for trial without delay once on the transferor court's docket.

The January 26, 2011 Scheduling Order provided a relatively short period of less than four months for the completion of all discovery (all discovery be completed by May 19, 2011). Although the parties were diligent in conducting extensive fact discovery through depositions and written discovery, they simply did not have sufficient time to complete discovery with respect to expert witnesses. As this Panel is aware, the taking of expert depositions typically takes place after the completion of most of the fact discovery. Because the expert opinions usually rely, at least in part, on the experts' review of the fact discovery in the case, depositions of those experts before the key facts have been discovered would be premature.

In this case, the parties still need time to depose each other's expert witnesses. This case involves important medical, causation, and state-of-knowledge issues. Affording the parties a reasonable period of time in which to depose the expert witnesses will help to define and resolve these issues, thereby narrowing the case for trial. For example, it will allow the parties to evaluate the expert testimony and, if appropriate, assert *Daubert* challenges before trial, rather than during trial, when the jury would have to be excused for such hearings. *Not* affording any time for expert discovery will likely extend and unnecessarily complicate the trial of this matter.

*Defendant Temple-Inland, Inc.'s Motion to Vacate the Conditional Remand Order,*
*or in the Alternative, Motion to Modify the Conditional Remand Order,*
*with Incorporated Legal Brief in Support*                                              *Page 5*

### III. Conclusion

For the reasons set forth above, Temple-Inland moves the JPML to vacate the CRO, so that the parties may have a reasonable period of time not less than two months in which to depose the expert witnesses. In the alternative, Temple-Inland moves to modify the CRO by having the JPML include an instruction to the transferor court that the parties be afforded a reasonable period of not less than two months in which to conduct expert discovery before the case is set for trial.

Respectfully submitted,

COTTEN, SCHMIDT & ABBOTT, LLP

*[signature]*

Larry E. Cotten (TX Id. No. 04861600)
550 Bailey Avenue; Suite 600
Fort Worth, TX 76107
Tel. 817-338-4500
Fax. 817-338-4599
lcotten@csa-lawfirm.com

Steven J. Gordon (TX Id. No. 00784152)
550 Bailey Avenue; Suite 600
Fort Worth, TX 76107
Tel. 817-338-4500
Fax. 817-338-4599
sgordon@csa-lawfirm.com

DICKIE, MCCAMEY & CHILCOTE, P.C.

William R. Adams (PA Id. No. 73534)
300 Delaware Avenue; Suite 1630
Wilmington, DE 19801-1607
Tel. (302) 428-6133
Fax (888) 811-7144
wadams@dmclaw.com

*Defendant Temple-Inland, Inc.'s Motion to Vacate the Conditional Remand Order,*
*or in the Alternative, Motion to Modify the Conditional Remand Order,*
*with Incorporated Legal Brief in Support*                                                          *Page 6*

Kelly L. Smith (PA Id. No. 80140)
Two PPG Place
Suite 400
Philadelphia, PA 15222-5402
Tel. (412) 281-7272
Fax (412) 392-5367
ksmith@dmclaw.com

COUNSEL FOR DEFENDANT, TEMPLE-INLAND, INC.

### CERTIFICATE OF SERVICE

On the 9th day of February, 2012, I electronically filed this document through the CM/ECF system, which will send a notice of filing to counsel of record registered for electronic service through the Court. Additionally, I mailed this document and notice of electronic filing to the following counsel who are not enrolled in the CM/ECF system.

**Laura R McKelligott**
COOLEY MANION & JONES LLP
21 Custom House Street
6th Floor
Boston, MA 02110

_____
Larry E. Cotten

*Defendant Temple-Inland, Inc.'s Motion to Vacate the Conditional Remand Order,*
*or in the Alternative, Motion to Modify the Conditional Remand Order,*
*with Incorporated Legal Brief in Support*                                                                 *Page 7*