# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:12-cv-00334-ILRL-SS
## Internal Use Only

Frazier v Certainteed Corporation, et al
Assigned to: Judge Ivan L.R. Lemelle
Referred to: Magistrate Judge Sally Shushan
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 02/02/2012
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Donna Frazier**
*as Personal Representative of the Heirs at law and/or Wrongful Death Beneficiaries of Joseph Frazier*

represented by **Charles Scott Labarre**
Scott LaBarre, LLC
3500 N. Hullen St.
Metairie, LA 70002
504-456-8640
Email: labarrecs@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott M. Hendler**
Hendler Law, PC
1301 W. 25th St.
Suite 400
Austin, TX 78745
512-439-3200
Email: shendler@hendlerlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Certainteed Corporation**

**Defendant**

**Crane Company**

**Defendant**

**Crown Cork & Seal Company, Inc.**

**Defendant**

**Owens-Illinois, Inc.**

**Defendant**

**Georgia-Pacific Corporation**



CLERK'S OFFICE
A TRUE COPY
Feb 10 2012
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2012 | 1 | COMPLAINT with jury demand against all Defendants (Filing fee $ 350 receipt number 053L-3372244) filed by Donna Frazier. (Attachments: # 1 Civil Cover Sheet) (Hendler, Scott) (Main Document 1 and Attachment 1 replaced on 2/2/2012) (mmv, ). Modified on 2/2/2012 (mmv, ). Modified on 2/10/2012 (mmv, ). (Entered: 02/02/2012) |
| 02/02/2012 | | (Court only) ***Staff notes (mmf, )Per atty (Tara) will serve by waiver. (Entered: 02/02/2012) |
| 02/02/2012 | 2 | Initial Case Assignment to Judge Ivan L.R. Lemelle and Magistrate Judge Sally Shushan. (mmf, ) (Entered: 02/02/2012) |
| 02/02/2012 | 3 | Correction of Docket Entry by Clerk re 1 Complaint. Name of attorney who electronically filed this document does not match name of signatory attorney on pleading. The user log-in and password serve as the required signature for purposes of Rule 11 of the FRCP. No further action is necessary. (mmv, ) (Entered: 02/02/2012) |
| 02/03/2012 | 4 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *of Scott Hendler* (Filing fee $ 100 receipt number 053L-3375159) by Donna Frazier. (Attachments: # 1 Affidavit, # 2 Proposed Order, # 3 Exhibit)(Labarre, Charles) Modified on 2/6/2012 (mmv, ). (Entered: 02/03/2012) |
| 02/06/2012 | | (Court only) ***Motions No Longer Referred: 4 MOTION to Appear Pro Hac Vice *of Scott Hendler* (Filing fee $ 100 receipt number 053L-3375159). (Entered: 02/06/2012) |
| 02/06/2012 | 5 | Correction of Docket Entry by Clerk re 4 MOTION to Appear Pro Hac Vice *of Scott Hendler* (Filing fee $ 100 receipt number 053L-3375159). Filing attorney should have selected Yes at the question 'Is this an Exparte/Consent Motion Y/N?' before clicking the Next button. This Motion will be decided by Judge Ivan L.R. Lemelle. Clerk modified docket text to reflect 'Exparte'. (mmv, ) (Entered: 02/06/2012) |
| 02/08/2012 | 6 | ORDER granting 4 Motion to Appear Pro Hac Vice as to Scott M. Hendler. Signed by Judge Ivan L.R. Lemelle on 2/7/12. (mmv, ) (Entered: 02/08/2012) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA FRAZIER, as Personal Representative of the Heirs-at-law and/or Wrongful Death Beneficiaries of JOSEPH FRAZIER<br><br>　　Plaintiffs,<br>vs.<br>CERTAINTEED CORPORATION,<br>CRANE COMPANY,<br>CROWN CORK & SEAL, COMPANY INC<br>OWENS-ILLINOIS, INC<br>GEORGIA-PACIFIC CORPORATION<br><br>　　Defendants. | CIVIL ACTION NO.:<br><br>SECTION:<br><br>JUDGE: |

<u>**ORIGINAL PETITION FOR DAMAGES**</u>

　　Now into Court, through undersigned counsel, comes the petitioners, DONNA FRAZIER, individually and on behalf of the Decedent, JOSEPH FRAZIER, (hereinafter referred to as the Plaintiffs), who file this Petition for Damages:

　　The Decedent had substantial exposure to asbestos and asbestos-containing products sold, distributed, applied, removed, used, manipulated and/or maintained at the locations described in Exhibit "A". Additionally, Decedent was exposed to asbestos containing products during his service in the United States Army from August, 1952 through August, 1954 at Fort Gordon, Augusta, Georgia.

**PARTIES**

　　1.　　As a result of his occupational exposure to asbestos fibers while working at job sites in Illinois, Georgia and elsewhere, Decedent JOSPEH FRAZIER ("Decedent") developed the fatal cancer mesothelioma and died on January 20, 2004. Plaintiff DONNA FRAZIER, individually and on behalf of the Decedent, JOSEPH FRAZIER, is the representative of the Estate of Decedent and is the wrongful death beneficiary of Decedent.

　　2.　　Defendant, CERTAINTEED, may be served with process through its registered

agent, CT Corporation System, 5615 Corporate Blvd, Suite 400B, Baton Rouge, LA 70808

3. Defendant, CRANE COMPANY has at all times pertinent to this litigation conducted business within the state of Louisiana, although the corporation has not designated an agent for service of process. Therefore, the Corporation may be served as provided by La. C.C.P. art. 1261.

4. Defendant, CROWN CORK & SEAL, COMPANY INC has at all times pertinent to this litigation conducted business within the state of Louisiana, although the corporation has not designated an agent for service of process. Therefore, the Corporation may be served as provided by La. C.C.P. art. 1261. Said Corporation is being sued individually and as Successor-in-Interest to Mundet Cork Company.

5. Although Defendant, OWENS-ILLINOIS, INC., has at all times pertinent to this litigation conducted business within the state of Louisiana, although the corporation has not designated an agent for service of process. Therefore, the Corporation may be served as provided by La. C.C.P. art. 1261. Said corporation is being sued individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY.

6. Defendant, GEORGIA-PACIFIC CORPORATION, has at all times pertinent to this litigation conducted business within the state of Louisiana, although the corporation has not designated an agent for service of process. Therefore, the Corporation may be served as provided by La. C.C.P. art. 1261. This corporation is being sued individually and as successor-in-interest to Bestwall Gypsum Company.

## BACKGROUND, JURISDICTION AND VENUE

7. This is a lawsuit for damages from personal injuries from exposure to asbestos dust and/or fibers. For many years, Plaintiff JOSEPH FRAZIER worked with and/or was exposed to

asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.  Plaintiff JOSEPH FRAZIER has been occupationally exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, sold, installed, removed, or placed into the stream of commerce by Defendants and, in so doing, inhaled great quantities of asbestos fibers.  Further, as more specifically set out below, Plaintiff JOSEPH FRAZIER suffered injuries, including the cancer known as mesothelioma, proximately caused by his exposure to asbestos-containing products designed, manufactured, sold, installed, removed, and/or placed into the stream of commerce by Defendants.

8.	Each Defendant at times material hereto was engaged in the mining, processing, manufacturing, sale, distribution, installation, and/or removal of asbestos and/or asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, or otherwise placed such products into the stream of commerce.

9.	The damages sought by Plaintiff, exclusive of interests and costs, exceeds the minimum jurisdictional limits of the Court.

## PRESCRIPTION

10.	Plaintiffs allege that Prescription in Louisiana was interrupted on September 5, 2002, when this case was originally filed in Mississippi.  Doctors first diagnosed Plaintiff with Mesothelioma on April 4, 2002 and subsequent death on January 20, 2004.

11.	. The case was initially styled  *Burrow et al. vs. A.M. Lockett & Co, et al.*, Cause No. 2002-265-CV9, in the 2nd Judicial District Court of Jones County, Mississippi.  This interrupted prescription and reset the time period for filing the action.

12.     The Mississippi case was dismissed on a jurisdictional technicality. Plaintiffs were then joined in a pending action in Alabama styled *Moman, et al. vs. Ace Hardware, et al.,* Cause No. 68-CV-2006-968, in the Bessemer Division of Jefferson County, Alabama that was filed within one year of the dismissal of the Mississippi action. This again interrupted prescription and reset the prescriptive period. In January, 2011, the Alabama Court severed the Frazier case from *Moman.* and opened *Frazier, et al. vs. Ace Hardware, et al.* Cause No. 68-CV-2011-376, in the Bessemer Division of Jefferson County, Alabama. Plaintiffs allege that the doctrine of contra non valentum applies to all the claims asserted in this action. Plaintiffs will dismiss the Alabama action after the filing of this complain t in federal court in Louisiana.The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

## **COUNT ONE – NEGLIGENCE**

13.     Plaintiff JOSEPH FRAZIER has contracted the cancer known as mesothelioma as a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities manufactured, sold, installed, removed, and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care should have known, were deleterious and highly harmful to Plaintiff's health and well-being. The Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's mesothelioma and the damages of both Plaintiff:

   a)   in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing

products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

b) in failing to provide Plaintiff with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances to protect Plaintiff from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

c) in failing to place timely and adequate warnings on the containers of said asbestos, and/or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

d) in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

e) in failing to develop and utilize a substitute material to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

f) in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

g) in failing to properly test said asbestos-containing products or machinery before they were released for consumer use;

h) in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

## COUNT TWO - STRICT LIABILITY

14. All of the allegations contained in the previous paragraphs are realleged herein.

15. Plaintiff JOSEPH FRAZIER was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, sold, installed, removed, or otherwise placed into the stream of commerce by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations. Plaintiff would show that the defective condition of the products rendered such products unreasonably dangerous, and the asbestos-containing products and/or machinery were in this defective condition at the time they left the hands of the Defendants.

16. The Defendants, at all material times, were engaged in the business of selling or otherwise placing into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, were the proximate cause of Plaintiff JOSEPH FRAZIER'S mesothelioma, and the damages of both Plaintiffs.

17. Defendants knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they

would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

18. Plaintiff was unaware of the hazards and defects in the asbestos-containing products and/or machinery of the Defendants which made them unsafe for the purposes of manipulation and/or installation. Similarly, Plaintiff was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

19. During the periods that Plaintiff JOSEPH FRAZIER was exposed to the asbestos-containing products and/or machinery of the Defendants, these asbestos-containing products and/or machinery were being utilized in a manner which was intended by Defendants.

## COUNT THREE – SUCCESSOR LIABILITY

20. All of the allegations contained in the previous paragraphs are realleged herein.

21. Defendant, CROWN CORK & SEAL, COMPANY INC is being sued individually and as Successor-in-Interest to Mundet Cork Company.

22. Although Defendant, OWENS-ILLINOIS, INC., is being sued individually and as successor-in-interest to OWENS-ILLINOIS GLASS COMPANY.

23. Defendant, GEORGIA-PACIFIC CORPORATION, is being sued individually and as successor-in-interest to Bestwall Gypsum Company.

## COUNT FOUR - JOINT TORTFEASOR LIABILITY

24. All of the allegations contained in the previous paragraphs are realleged herein.

25. Plaintiff JOSEPH FRAZIER was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in his

occupation. Each exposure to such products caused and/or contributed to Plaintiff JOSEPH FRAZIER illness and disabilities, including his mesothelioma, and the damages of Plaintiff. The actions of each and every Defendant aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

26. The actions of each and every Defendant are a producing and proximate cause of Plaintiff JOSEPH FRAZIER'S illness and disabilities, including his mesothelioma, and the damages of both Plaintiff. Defendants are joint tortfeasors because the combined conduct of each and every Defendant taken together caused Plaintiff JOSEPH FRAZIER'S illness and disabilities, including his mesothelioma, and the damages of Plaintiff. As a result, all Defendants are jointly and severally liable to Plaintiff for the damages caused by their combined actions.

## DAMAGES

27. The conduct of Defendants, as alleged, was a direct, proximate and producing cause of Plaintiff JOSEPH FRAZIER'S asbestos-related disease, namely mesothelioma, and of the following general and special damages that Plaintiff has sustained:

  (a) The conscious physical pain and suffering and mental anguish sustained by Plaintiff JOSEPH FRAZIER in the past;

  (b) The physical impairment suffered by Plaintiff JOSEPH FRAZIER in the past;

  (c) The disfigurement suffered by Plaintiff JOSEPH FRAZIER in the past;

  (d) Plaintiff JOSEPH FRAZIER loss of enjoyment of life;

  (e) Reasonable and necessary medical expenses incurred by Plaintiff as a result of Plaintiff JOSEPH FRAZIER'S mesothelioma;

(g) Plaintiff's mental anguish caused by Plaintiff's mesothelioma cancer, due to this exposure to products manufactured, sold and/or distributed by the named Defendants and the actual development of such cancer;

(h) The mental anguish suffered by Plaintiff and Plaintiff's family members as a consequence of observing his asbestos-related illness;

(I) Plaintiff seeks punitive and exemplary damages.

## JURY DEMAND

28. Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury and herewith tender the jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs' filing of the lawsuit and post judgment interest on the judgment at the rate allowed by law for trial by jury, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

/s/ Scott LaBarre
Scott LaBarre
SCOTT LABARRE LLC
3500 N. Hullen Street
Metairie, Louisiana 70002
Phone (504) 456-8600
Fax (504) 456-8624
labarrecs@yahoo.com

**ATTORNEY FOR PLAINTIFFS**

EXHIBIT "A"

Decedent:        Joseph D. Frazier
                 DOB:  1/27/1932
                 DOD:  1/20/2004
                 SSN:  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

Disease:         Mesothelioma

Work history:

| Employer Name | Jobsite Name | Location | Start Year | End Year |
|---|---|---|---|---|
| Illinois Fibre Specialty Company | | Chicago, IL | 1948 | 1948 |
| L&S Roofing & Insulation | | Milwaukee, WI | 1951 | 1952 |
| United States Army | Fort Gordon | Augusta, Georgia | 1952 | 1954 |
| Illinois Roofing & Insulation | | Chicago, IL | 1954 | 1965 |
| Welso Construction Company | | Des Plaines, IL | 1955 | 1955 |
| Midwest Industrial Siding Inc. | | Bridgeview, IL | 1962 | 1964 |
| Wynwood Builders Inc. | | Algonquin, IL | 1966 | 1972 |
| Abbey Homes & Builders | | Michigan | 1970 | 1979 |
| JD Frazier Building Company | | TN | 1983 | 2002 |

≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Donna Frazier, as Personal Representative of the heirs-at-Law and/or Wrongful Death Beneficiaries of Joseph Frazier

## DEFENDANTS
Certainteed Corp, et al.

**(b)** County of Residence of First Listed Plaintiff: N/A - See III Below
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Chester County, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Scott LaBarre, SCOTT LABARRE LLC, 3500 N. Hullen Street
Metairie, Louisiana 70002, (504) 456-8600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. Section 1332
Brief description of cause:
Mesothelioma and death caused by exposure to Defendants' asbestos products

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE See attached Local Civil Rule 3 Stmt  DOCKET NUMBER

DATE  SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

[ Print ]  [ Save As... ]  [ Export as FDF ]  [ Retrieve FDF File ]  [ Reset ]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.         Example:        U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.