1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

***Donald W. Bell, et al. v. Arvin Meritor, Inc., et al.*** *N.D. California No. 3:12-cv-00131-JCS*

**PLAINTIFFS' OPPOSITION AND MOTION TO VACATE CONDITIONAL TRANSFER
ORDER (CTO-424) OR IN THE ALTERNATIVE TO CONTINUE CTO-479 PENDING A
RULING ON PLAINTIFFS' MOTION TO REMAND IN THE DISTRICT COURT**

---

**INTRODUCTION**

A.    **THIS CASE SHOULD NOT BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA BECAUSE A REMAND RULING IS PENDING IN THE DISTRICT COURT**

This case was removed from San Francisco Superior Court to the district court in the Northern District of California in January 2012.  Plaintiffs filed their Motion to Remand on February 9, 2012, which was set for hearing on March 16, 2012.  On February 10, 2012, this case was reassigned.  As a result of the reassignment, Plaintiffs' remand motion set for hearing on August 26, 2011 was rescheduled for March 30, 2012, which is the earliest possible hearing date available based on the new district court judge's calendar.

Should the Northern District Court remand this action to state court for the reasons set forth in Plaintiffs' Motion to Remand, which is summarized below, an order transferring this action to the Eastern District of Pennsylvania would be unnecessary and moot.  Plaintiffs therefore request that the Conditional Transfer Order ("CTO-479") be vacated to enable the district court to rule on Plaintiffs' remand motion.

Alternatively, Plaintiffs request that the Judicial Panel defer the decision on the transfer of this action and continue the conditional transfer of this case to a date after the Northern District Court of California has issued its ruling on Plaintiffs' Motion to Remand this action to state court.

B.    **THIS CASE SHOULD BE REMANDED TO STATE COURT FOR THE REASONS SET FORTH IN PLAINTIFFS' MOTION TO REMAND PENDING IN THE NORTHERN DISTRICT COURT OF CALIFORNIA**

Plaintiffs request that CTO-479 be vacated so that the transferee court may address the substantive issues Plaintiffs raised in their pending remand motion.  In a nutshell, the removal of this case is without factual basis nor supported by law.

Defendant Pneumo-Abex  LLC ("Abex") removed this case from San Francisco Superior Court pursuant to 28 USC §1331 (federal enclave jurisdiction).  However, Defendant's notice of removal is procedurally and substantively defective.  First, Defendant's notice of removal is untimely.  Not only did plaintiffs specifically identify in the Complaint plaintiff Donald Bell's

exposure to asbestos at each location upon which Defendant bases notice of removal, plaintiffs alerted Defendant to the issue of potential federal enclave jurisdiction in clear and unequivocal language within the Complaint itself.  Plaintiffs' Complaint was filed on September 6, 2011, and served on Defendant on October 18, 2011, over 3 months before Defendant filed it notice of removal, thereby rendering its notice of removal untimely.  Accordingly, Defendant's notice was untimely and it waived its right to remove.

Even if Abex's notice of removal had been timely, which it was not, it failed to obtain consent of all Defendants in the matter.  Namely, Abex failed to obtain the consent of Defendants American Honda Motor Company, Inc., who was properly served in this matter before Defendant filed it notice of removal.

Finally, even if Abex could overcome the procedural defects of its notice of removal, which it cannot, its notice of removal is substantively deficient.  Defendant fails to allege facts, and there is no evidence in the state court action or before this Court, which supports removal.  Defendant has set forth no evidence whatsoever that any location identified by plaintiffs as a location of exposure is, or ever was, a federal enclave.  Without meeting its strict burden of proving that the locations of exposure identified by plaintiffs are in fact federal enclaves, Defendant's notice of removal is defective.

To enable the transferee court to rule on the above summary of issues raised in Plaintiffs' Motion to Remand this case to state court, Plaintiffs respectfully request that the Judicial Panel vacate its CTO-479, or alternatively, defer the decision on the transfer of this action to a date after the transferee court has issued its ruling on Plaintiffs' motion to remand.

## STATEMENT OF FACTS

### A.    CASE HISTORY IN THE NORTHERN DISTRICT COURT

On September 6, 2011, plaintiffs filed their personal injury complaint in Alameda County Superior Court.  (Complaint, Declaration of Tenny Mirzayan, at Exh. A.)  The instant action is based on Ronald Bell's injuries attendant to his exposure to defendants' asbestos-containing products.  (Complaint, ¶ 9-12, 30, 32 and Exh. A thereto, Mirzayan Dec., Exh. A.)  Plaintiffs' Complaint clearly and unequivocally identified the locations of Mr. Bell's exposure to asbestos as

including work he performed, while employed by the Unites States Army, at military installations including  Fort Ord, California, Aberdeen, Maryland, Sendai, Japan, Sapporo, Japan, Tokyo, Japan, Fort Wachika, Arizona, Fort Riley, Kansas, Seoul, Korea, New Orleans, Louisiana, Kaiserslautern, Germany, and Fort Leonard Wood, Missouri.  (*Id.*)  Plaintiffs' Complaint also clearly highlights the potential federal enclave issues in this matter.  (*Id.* at p.6:7-14.)

On October 18, 2011, plaintiffs served summons on Defendant Pneumo-Abex Corporation. (Proof of Service of Complaint, Mirzayan Decl., Exh. B.)   On November 15, 2011, Abex served its answer to plaintiffs' Complaint.  (Def.'s Answer, Mirzayan Decl., Exh. C.)  Defendant Honda North America, Inc. was served with the Complaint on September 27, 2011.  (Proof of Service of Summons and Complaint on Honda North America, Inc., Mirzayan Decl., Exh. D.)  Defendant Honda North America, Inc. has not consented to removal in this matter.  (Def.'s Notice of Removal, Mirzayan Decl., Exh. E.)

**B.     CASE HISTORY IN THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

On January 13, 2012, the United States Judicial Panel on Multidistrict Litigation, issued a conditional transfer order, CTO-479, in this matter to the Eastern District of Pennsylvania. (Conditional Transfer Order, Mirzayan Decl. Exh. F.)   Plaintiffs sent notice to the Judicial Panel on January 23, 2012 of their intent to oppose the transfer of the instant action to the Eastern District of Pennsylvania.  (Plaintiffs' Notice of Opposition, Mirzayan Decl. ¶ 8, Exh. G.)  On the same day, the Judicial Panel issued a notice of filed opposition and briefing schedule for Plaintiffs' motion to vacate CTO-479.  (*Id.*)  On February 6, 2012, Plaintiffs filed a request for extension of time to file an opposition and motion to vacate CTO-479.  (Plaintiffs' Request for Extension of Time, Mirzayan Decl., Exh. H.)  On February 6, the Judicial Panel issued a notice of filing of request for additional time, which was granted in part.  (*Id.*)

**LEGAL ARGUMENT**

**A.     A DECISION ON WHETHER TO TRANSFER OF THE INSTANT ACTION TO THE EASTERN DISTRICT OF PENNSYLVANIA IS NOT RIPE FOR ADJUDICATION**

Upon receiving notice of the removal of this action, Plaintiffs timely filed a motion to

remand this action to state court.  Plaintiffs' Motion for Remand is pending in the transferee district court located in the Northern District of California.  Should the district court remand this action to state court, an order transferring this action to the Eastern District of Pennsylvania would be unnecessary and moot.  Plaintiffs therefore request that the CTO-479 be vacated to enable the district court to rule on Plaintiffs' motion to remand.  Alternatively, Plaintiffs request that the Judicial Panel defer the decision on the transfer of this action to a date after the district court has ruled on Plaintiffs' pending motion to remand this action to state court.

**B.     DEFENDANT'S NOTICE OF REMOVAL WAS UNTIMELY**

Simply put, Abex missed the deadline to file its notice of removal.  A defendant must file its notice of removal in the district court within 30 days after receipt of the first pleading, amended pleading, motion, order or other paper in the state action setting forth a removable claim otherwise it waives its right to remove. 28 U.S.C. § 1446(b); *Goldberg v. CPC Int'l, Inc.*, 495 F.Supp. 233, 236–237 (ND CA 1980).  "Literally dozens of federal courts have held that the time provisions of §1446(b) are mandatory and must be strictly construed." *Dietrich v. Cooperstein*, 1995 WL 59494, *2 (N.D. Cal. Feb. 8, 1995).  Courts find a strong presumption against removal jurisdiction and will reject such jurisdiction if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.* 980 F2d *566.  Under 28 U.S.C. § 1446(b),  removal is timely only if Defendant first received facts permitting it to ascertain that the case was removable no earlier than 30 days before filing the notice of removal.

In *Hines v. ACandS, Inc., et al.,* 128 F.Supp.2d 1003, the Court remanded an action after asbestos defendants removed the matter pursuant to federal enclave jurisdiction.  The *Hines* Court held that the notice of removal by defendants was untimely, because the locations of plaintiffs' exposure are not within the subjective knowledge of defendants and where those locations are identified by plaintiffs, the removal period is triggered. *Id.* at 1008.  The Court specifically noted that "the price of removal under this obscure jurisdictional basis may simply be that of diligent investigation" by the defendants, and that plaintiffs are not required to take an extra step of "adding a footnote, parenthetical, or caveat stating that the exposure locale happened to be a federal enclave." *Id.*, citing *Delaney v. Viking Freight, Inc.* 41 F. Supp.2d 672, 676 (E.D. Texas.

---

1   1999.   And even an inartfully pleaded complaint triggers removal .  *Cantrell v. Great Republic*

2   *Ins. Co.,* 873 F.2d 1249, 1256 (9th Cir. 1989);  *Golke v. Lee Lumber & Building Mat. Corp.*, 671

3   F.Supp. 568 (N.D.Ill. 1987).

4        Here, Defendant first received unequivocal notice that plaintiff was exposed to asbestos

5   while working for the United States Army, at United States Army forts, when it was served with

6   plaintiffs' Complaint – no later than October 11, 2011.  (Proof of Service of Complaint, Mirzayan

7   Decl., Exh. B.)  In that Complaint, plaintiffs specifically alleged that Mr. Bell was exposed to

8   asbestos during his employment with the United States Army at Fort Ord, California, Aberdeen,

9   Maryland, Sendai, Japan, Sapporo, Japan, Tokyo, Japan, Fort Wachika, Arizona, Fort Riley,

10  Kansas, Seoul, Korea, New Orleans, Louisiana, Kaiserslautern, Germany, and Fort Leonard

11  Wood, Missouri[1].  (Compl. at Exhibit A, Mirzayan Decl., Exh. A.)  These are the exact locations

12  upon which Defendant based its Notice of Removal some 3 months later – 60 days after it waived

13  its right to removal.  (Def.'s Notice of Removal at p. 4:4-7.)  And not only did plaintiffs clearly

14  and unequivocally identify the locations of Mr. Bell's exposure, plaintiffs took the additional step

15  of specifically alerting Defendants to the issue of "federal enclaves" exposure in the Complaint.

16  (Complaint at p. 6:7-9, at Mirzayan Decl., Exh. A.)

17       In support of its notice of removal, Defendant cites *Akin v. Ashland Chemical Co.*, 156

18  F.3d 1030 (10th Cir. 1998) apparently for the proposition that it did not receive notice of the

19  locations of plaintiffs' exposure until reviewing plaintiffs' responses to discovery.  *Akin*, however,

20  is a 10th Circuit case, and Defendant has opted to ignore relevant case law that stems from the 9th

21  Circuit, namely *Cantrell v. Great Republic Ins. Co.,* 873 F.2d 1249, 1256 (9th Cir. 1989),

22  discussed above.  Moreover, *Akin* is easily factually distinguishable from those herein.  First, there

23  was no dispute in the *Akin* matter regarding whether Tinker Air Force Base in Oklahoma City,

24  Oklahoma was a federal enclave at the time of the injury.  Second, *all* of the work by *all* of the

25  plaintiffs in the Tinker matter occurred on-base, and the precise location of the exposure was not

26  _____

27  [1] The Federal Enclave Clause specifically references "places purchased by consent of the
    legislature of the state in which the same shall be, for the erection of ***forts***, magazines, arsenals,
    dock-yards, and other needful things," further placing Defendant on notice of the potential for

28  federal enclave jurisdiction.  U.S. Const., Art. I, § 8, cl. 17.

---

**PLAINTIFFS' OPPOSITION AND MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-479)**

1  identified in prior pleadings.  Here, Plaintiffs clearly and unequivocally identified the locations of

2  Mr. Bell's exposure from the outset, and even alerted Defendants to the issue of federal enclave

3  jurisdiction.  Furthermore, more than half of Mr. Bell's exposure occurred at locations that are

4  undisputedly not federal enclaves, but rather falls squarely within the jurisdiction of the State of

5  California.  Defendant's reliance on *Akin* is therefore misplaced.

6         Defendant's failure to timely file its notice of removal demonstrates the "incentive for all

7  future Defendants to profess their ignorance of the meaning of stated facts: and file an ill-timed

8  notice of removal at a later more advantageous time."  *Hines, 128 F.Supp.2d 1003* at 1009.

9  Because Defendant failed to file a timely notice of removal, it waived its right to do so, and this

10  matter must be remanded to Superior Court of California, County of Alameda.

11  **C.      THE REMOVAL OF THIS ACTION WAS DEFECTIVE AND IMPROPER**

12  **BECAUSE HONDA DID NOT JOIN IN OR CONSENT TO REMOVAL**

13         "A defendant or defendants desiring to remove any civil action ... from a State court shall

14  file in the district court of the United States for the district and division within which such action

15  is pending a notice of removal ...." 28 U.S.C. § 1446(a).  Case law has consistently held that this

16  provision requires **all** defendants to join in or consent to the removal and that, without unanimous

17  joinder or consent, the removal is defective and improper. (*See, e.g., Prize Frize, Inc. v. Matrix*

18  *(U.S.) Inc.* 167 F.3d 1261, 1266 & n.4 (9th Cir. 1985) (holding that "[s]ection 1446 requires all

19  proper defendants to join or consent to the removal notice" and declining to reach other defects in

20  the removal procedure because "the failure to adhere to the unanimity rule is dispositive") ("All

21  defendants must join a notice of removal."); *Emrich, v. Touche Ross & Co.* 846 F.2d 1193 n.1 (9th

22  Cir. 1988); *Peace v. Estate of Sorenson*, 2008 WL 2676367 at *2 (C.D. Cal. June 30, 2008)

23  (holding that in cases with multiple defendants, all defendants "must also join or consent to the

24  removal notice," which "is known as the rule of unanimity"); *McAnally Enterprises, Inc.*

25  *McAnally*, 107 F.Supp.2d 1223, 1226 (C.D. Cal. 2008) ("Furthermore, where there are multiple

26  defendants, all defendants must join in the petition for removal; this proposition is referred to as

27  the 'unanimity rule.'").

28         In order for a case to be removed based upon the federal enclave doctrine, the

1    requirement of unanimous joinder or consent must be satisfied, otherwise the removal is

2    defective.  See *Van Patten v. Asbestos Defendants*, 2005 WL 1484516 (N.D.Cal.); *Hewitt v. City*

3    *of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (holding removal defective where one of two

4    defendants did not join in the notice of removal); *Morgan v. Asbestos Defendants*, 2003 WL

5    945987 at *1-2 (N.D. Cal. Feb. 28, 2003).  In the instant case defendant American Honda Motor

6    Company, Inc. has not joined or consented to removal.

7         The removal without the consent or joinder of all defendants is allowed only when the

8    "removing defendant is 'separate and independent' from the plaintiff's claim against [the] non-

9    joining defendants."  *Van Patten*, *supra*, 2005 WL 1484516 at *1.  Where the plaintiffs allege,

10   however, "'one actionable wrong,' specifically personal injuries arising from exposure to a

11   number of different products containing asbestos'" such claims would not be considered separate

12   and independent and joinder or consent of all defendants would be required.  *Van Patten*, *supra*,

13   2005 WL 1484516 at *1; *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 13-14 (1951) (holding

14   where plaintiff alleges invasion of "single primary right," such as "right of bodily7 safety," caused

15   by "several distinct acts of alleged negligence or [by] a combination of some or all of them,"

16   plaintiff's claims not "separate and independent" but, rather, "one actionable wrong").  In the

17   instant asbestos-related action plaintiffs allege one actionable wrong that arose from exposure to a

18   number of asbestos containing products, including asbestos-containing products supplied by both

19   Abex and Honda.  As the claims against Abex as the removing defendant are not separate and

20   independent from the claims alleged against Honda, Honda's consent or joinder was required.  As

21   Honda did not join or consent to removal, the notice of removal is defective and the case must be

22   remanded to the State court.

23   **D.    FEDERAL ENCLAVE JURISDICTION IS IMPROPER**

24        Even if the notice of removal were not procedurally defective, Defendants have not

25   demonstrated a sound basis for the exercise of federal jurisdiction.  This case involves personal

26   injury claims under California law. This case does not "arise under" federal law and does not

27   belong in federal court.  Defendants' assertion of federal jurisdiction is based on an unwarranted

28   expansion of what has come to be known as "federal enclave" jurisdiction.

---

1   It is the Defendants that have the burden of establishing federal jurisdiction. *Willy v.*

2   *Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Hines v. ACandS, Inc., et al.,* 128 F.Supp.2d

3   1003 (N.D. Texas 2001).  Defendants must prove that this case "arises under" federal law.  It is

4   not sufficient that some federal issue might be involved in the case.  An incidental or collateral

5   federal issue "is not enough to deprive the state court of jurisdiction upon petition for removal by

6   the defendant." *Armstrong v. Alliance Trust Co.*, 126 F.2d 164, 167 (5th Cir. 1942); *see also*

7   *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807 (1986) ("Although the

8   constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an

9   ingredient' of the action, we have long construed the statutory grant of federal-question

10   jurisdiction as conferring a more limited power").

11   As Justice Cardozo explained in *Gully v. First National Bank in Meridian*, 299 U.S. 109

12   (1936), "[t]o bring a case within [section 1331], a right or immunity created by the Constitution or

13   the laws of the United States must be an element and an essential one, of the plaintiff's cause of

14   action." *Id.* at 112.  The federal right "must be such that it will be supported if the Constitution or

15   laws of the United States are given one construction or effect, and defeated if they received

16   another." *Id.*

17   The Federal Enclave Clause authorizes Congress to exercise exclusive legislation ***only***

18   over "places ***purchased*** by consent of the legislature of the state in which the same shall be, for

19   the erection of forts, magazines, arsenals, dock-yards, and other needful things."  U.S. Const., Art.

20   I, § 8, cl. 17; *See* 28 U.S.C. § 1331.  And as set forth above, it is the Defendant that must establish

21   that the locations identified by plaintiffs as locations of exposure were, at the time of exposure,

22   "places purchased by consent of the legislature of the state" and over which the Federal

23   Government exercises exclusive jurisdiction.  *Id.*;  *See Willy v. Coastal Corp.*, 855 F.2d 1160,

24   1164 (5th Cir. 1988); *Hines v. ACandS, Inc., et al.,* 128 F.Supp.2d 1003 (N.D. Texas 2001).  In

25   fact, anything less than a Federal Government purchase of the land claimed to be a federal enclave

26   falls short of establishing exclusive federal jurisdiction over that land, and specifically does not

27   extend to land rented or leased by the government for a temporary purpose.  *Unites States v.*

28   *Tierney*, 28 Fed.Cas. 159, 160, No. 16,517 (C. C SD Ohio, 1864);  *Johnson v. Morrill* (1942) 20

Cal.2d 446, 456.

Here, Defendant has argued, in a vacuum, that the locations identified in the Complaint were in fact federal enclaves at the time Mr. Bell worked at those sites – and that the sovereigns that house those enclaves, the states of California, Maryland, Arizona, Kansas, and Missouri, as well as the nations of Japan, Korea and Germany, sold that land to the United States Government. Defendant has not set forth any such evidence, and absent such a showing, removal pursuant to the Federal Enclave Clause is improper.

Finally, in a case where the plaintiff's injuries occurred in part within an alleged federal enclave, and in part without, the interests of the state increases proportionally, and the federal interest decreases, as the amount of exposures outside the alleged federal enclave increases. *Anderson v. Crown Cork & Seal*, 93 F.Supp.2d 697 at 702 (E.D. Va. 2000), citing *Akin v. Big Three Indust., Inc*., 851 F.Supp. 819 at 825 Fn. 4; *See also* North Dakota v. United States 495 U.S. 423 (1990). Here, the maximum amount of Mr. Bell's exposure at a federal enclave, if at all, would still amount to less than the amount of his exposure at non-federal enclave California locations. (Complaint at Exh. A, Mirzayan Decl., Exh. A.) As such, the State of California has a substantial interest in seeing her laws and regulations enforced at jobsites exclusively within her jurisdiction.

Given that Defendant has not met its burden in establishing that the locations are in fact federal enclaves owned and operated exclusively by the Federal Government, and because the interests of the State of California clearly outweigh and potential federal jurisdiction in this matter, this matter should be remanded to California Superior Court.

Plaintiffs therefore request that the Judicial Panel vacate its transfer order to enable the district court to adjudicate whether defendant met its burden in demonstrating that removal of this action is proper under federal officer jurisdiction.

## CONCLUSION

Plaintiffs respectfully request that the Judicial Panel vacate its conditional transfer order, or alternatively, defer the decision on the transfer of this action to a date after the transferee court has issued the pending ruling on Plaintiffs' motion to remand this action to state court. An order

vacating the conditional transfer order is necessary to enable the district court to hear and rule on the issues raised in Plaintiffs' motion to remand the instant action to state court.

DATED:  February 13, 2012

**KELLER, FISHBACK & JACKSON LLP**

By: /s/ Tenny Mirzayan
Tenny Mirzayan (State Bar No. 233471)
tmirzayan@kfjlegal.com
**KELLER, FISHBACK & JACKSON LLP**
18425 Burbank Blvd., Suite 610
Tarzana, CA  91356
Telephone:  818.342.7442
Facsimile:   818.342.7616
Attorneys for Plaintiffs