1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

MDL Docket No. 875 – IN RE: Asbestos Product Liability Litigation (No. VI)

*Donald W. Bell, et al. v. Arvin Meritor, Inc., et al. N.D. California No. 3:12-cv-00131-JCS*

**DECLARATION OF TENNY MIRZAYAN IN SUPPORT OF PLAINTIFFS'
OPPOSITION AND MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-
424) OR IN THE ALTERNATIVE TO CONTINUE CTO-479 PENDING A RULING ON
PLAINTIFFS' MOTION TO REMAND IN THE DISTRICT COURT**

I, Tenny Mirzayan, declare:

1.      I am an attorney duly admitted to practice before all the courts in the State of California and am Special Counsel with Keller, Fishback & Jackson LLP. The information stated in this declaration is based on my personal knowledge. If called upon as a witness to testify, I could and would testify to the following facts.

2.      On September 6, 2011, plaintiffs filed their personal injury complaint in Alameda County Superior Court. A true and correct copy of plaintiffs' Complaint is attached hereto as Exhibit A.

3.      On October 18, 2011, plaintiffs served summons on Defendant Pneumo-Abex Corporation ("Abex" or "Defendant"). A true and correct copy of plaintiffs' proof of service of summons on Pneumo-Abex Corporation is attached hereto as Exhibit B.

4.      On November 15, 2011, Abex served its answer to plaintiffs' Complaint. A true and correct copy of Defendant's answer, with attached proof of service, is attached hereto as Exhibit C.

5.      On September 26, 2011, plaintiffs served summons on Honda North America, Inc. A true and correct copy of plaintiffs' proof of service of summons on Honda North America, Inc. is attached hereto as Exhibit D.

6.      On November 1, 2011, plaintiffs filed their Amendment to the complaint naming American Honda Motor Company, Inc. Defendant Honda North America has not been dismissed, and is a properly served defendant in this case. A true and correct copy of plaintiffs' Amendment to Complaint, with attached proof of service, is attached hereto as Exhibit E.

7.      On January 13, 2012, the United States Judicial Panel on Multidistrict Litigation, issued a conditional transfer order, CTO-479, in this matter to the Eastern District of Pennsylvania. Attached hereto as Exhibit F is a true and correct copy of Conditional Transfer Order No. 479

8.      Plaintiffs sent notice to the Judicial Panel on January 23, 2012 of their intent to oppose the transfer of the instant action to the Eastern District of Pennsylvania. On the same day, the Judicial Panel issued a notice of filed opposition and briefing schedule for Plaintiffs' motion to

1  vacate CTO-479.  Attached hereto as Exhibit G is a true and correct copy of Plaintiffs' Notice of

2  Intent to File Opposition to CTO-479.

3         9.      On February 6, 2012, Plaintiffs filed a request for extension of time to file an

4  opposition and motion to vacate CTO-479.  On February 6, the Judicial Panel issued a notice of

5  filing of request for additional time, which was granted in part, permitting plaintiffs to file their

6  opposition to CTO-479 on or before February 13, 2012.  Attached hereto as Exhibit H is a trur and

7  correct copy of Plaintiffs' Request for Extension of Time to File Opposition to CTO-479.

8        I declare under the penalty of perjury under the laws of the State of California that the

9  above is true and correct.  Executed on February 13, 2012 in Tarzana, California.

10

11                               _____

12                                   Tenny Mirzayan

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

Stephen M. Fishback (State Bar No. 191646)
Daniel L. Keller (State Bar No. 191738)
**KELLER, FISHBACK & JACKSON LLP**
18425 Burbank Blvd., Suite 610
Tarzana, California  91356
Telephone:  818.342.7442
Facsimile:  818.342.7616

Attorneys for Plaintiffs

ENDORSED
FILED
ALAMEDA COUNTY

SEP 0 6 2011

CLERK OF THE SUPERIOR COURT
By_____
H. Lovett
Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ALAMEDA

DONALD BELL and SUMIKO BELL;

      Plaintiffs,

vs.

ARVIN MERITOR, INC.;
BORGWARNER MORSE TEC, INC.;
BRIDGESTONE FIRESTONE, INC.;
CARLISLE CORPORATION;
CSK AUTO, INC.;
DANA CORPORATION;
EATON CORPORATION;
FEDERAL-MOGUL ASBESTOS
    PERSONAL INJURY TRUST AS
    SUCCESSOR TO FELT-PRODUCTS
    MANUFACTURING COMPANY;
FORD MOTOR COMPANY;
GENUINE PARTS COMPANY;
HENNESSY INDUSTRIES, INC.;
HONDA NORTH AMERICA, INC.;
HONEYWELL INTERNATIONAL, INC.;
INGERSOLL-RAND COMPANY;
KELSEY-HAYES CORPORATION;
LEAR-SIEGLER DIVERSIFIED HOLDINGS
    CORPORATION;
MAREMONT CORPORATION;
MCCORD CORPORATION;
NATIONAL AUTOMOTIVE PARTS
    ASSOCIATION;
NISSAN NORTH AMERICA, INC.;

Case No. RG11593882

**COMPLAINT FOR  PERSONAL INJURY
- ASBESTOS**

**(ACTION IS SUBJECT TO CERTAIN
GENERAL ORDERS IN FILE NO.
607734-9A)**

**Negligence**
**Strict Liability**
**False Representation Under Restatement**
    **Section 402-B**
**Intentional Tort**
**Premises Owner/Contractor Liability**
**Negligence-Clutch & Brake Components**
**Strict Liability-Clutch & Brake**
    **Components**
**Loss of Consortium**

PARKER-HANNIFIN CORPORATION, as
  successor-in-interest to EIS BRAKE
    PARTS;
PNEUMO-ABEX CORPORATION;
SEARS, ROEBUCK AND COMPANY;
SPX CORPORATION, individually and
  successor-in-interest to BEAR
    MANUFACTURING COMPANY;
TOYOTA MOTOR SALES, USA, INC.;
DOES 1-500;
        Defendants.

PLAINTIFFS, Donald Bell and Sumiko Bell (hereinafter Plaintiff(s)),

COMPLAIN AND ALLEGE AS FOLLOWS as against the above-named defendants:

1.     The true names and capacities, whether individual, corporate, associate,

governmental or otherwise, of defendants DOES 1 through 500 are unknown to plaintiffs at this

time, who therefore sue said defendants by such fictitious names.  When the true names and

capacities of said defendants have been ascertained, plaintiffs will amend this complaint

accordingly.  Plaintiffs are informed and believe, and thereon allege, that each defendant

designated herein as a DOE is responsible, negligently or in some other actionable manner, for the

events and happenings hereinafter referred to, and caused injuries and damages thereby to the

plaintiffs, as hereinafter alleged.

2.     At all times herein mentioned, each of the defendants was the agent, servant,

employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each

defendant was acting in the full course and scope of said agency, service, employment and/or joint

venture.

3.     Plaintiffs are informed and believe, and thereon allege that at all times herein

mentioned, defendants on Exhibits "B", "C", "D" and DOES 1 through 500, inclusive, were and

are corporations, partnerships, unincorporated associations, sole proprietorships and/or other

business entities organized and existing under and by virtue of the laws of the State of California,

or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them,

were and are authorized to do and are doing business in the State of California, and that said

defendants, or some of them, have regularly conducted business in the County of Alameda, State

1  of California.

## FIRST CAUSE OF ACTION
### (Negligence)

**PLAINTIFFS COMPLAIN OF DEFENDANTS ON EXHIBIT "B," AND DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGE AS FOLLOWS:**

4.      At all times herein mentioned, each of the named defendants and DOES 1 through 300 was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely asbestos, and other products containing asbestos. Said entities shall hereinafter collectively be called "alternate entities." Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos. The following defendants, and each of them, are liable for the acts of each and every "alternate entity," and each of them, in that there has been a virtual destruction of plaintiffs' remedy against each such "alternate entity"; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; such "alternate entity"; defendants, and each of them, caused the destruction of plaintiffs' remedy against each such "alternate entity"; each such defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such defendant enjoys the goodwill originally attached to each such "alternate entity."

5.      At all times herein mentioned, defendants, their "alternate entities," and each of them, were and/or are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely asbestos and other products containing asbestos.  Said asbestos and other products containing asbestos (hereinafter "asbestos and other products containing asbestos" and/or "asbestos-containing products") specifically include, but are not limited to: gaskets; engines; motors; buses, automobiles, trucks, brakes (linings, pads, assemblies, and related equipment) and clutches, compressors, lathes/grinders, and other automotive systems and parts,  and other materials containing asbestos currently unknown or unspecified by plaintiffs.

6.      At all times herein mentioned, defendants, their "alternate entities" and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products unsafe and dangerous for use by "exposed persons".

7.      Defendants, their "alternate entities," and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

8.      Defendants, their "alternate entities" and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos would be transported by truck, rail, ship and other common carriers, that in the shipping process the products would break, crumble or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or

other applications, including, but not limited to sawing, chipping, hammering, scraping, sanding, breaking, removal, "rip-out," and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons," including plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers.

9.    Plaintiff has used, handled or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations as set forth in Exhibit "A," attached to plaintiffs' complaint and incorporated by reference herein.

9a.    Defendants, their "alternate entities," and each of them breached their duties by certain acts and/or omissions, including, but not limited to:  (a) failing to warn plaintiff, Donald Bell, of the dangers, characteristics, and potentialities of their asbestos-containing products when they knew or should have known that exposure to their asbestos-containing products would cause disease and injury; (b) failing to warn plaintiff of the dangers to which he was exposed when they knew or should have known of the dangers; (c) failing to exercise reasonable care to warn plaintiff of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos and asbestos-containing products; (d) failing to provide safe, sufficient and proper protective clothing, equipment and appliances with their asbestos and asbestos-containing products; (e) failing to test its asbestos and asbestos-containing products in order to ascertain the extent of danger involved upon exposure thereto; (f) failing to conduct such research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos and asbestos-containing products; (g) failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to their asbestos and asbestos-containing products; (h) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise plaintiff of said dangers, hazards, and potentialities discovered; (i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to package said asbestos and asbestos-containing products so as to eliminate said dangers, hazards, and potentialities; (j) failing to advise plaintiff and others that the risks inherent in their asbestos-containing product greatly outweighed the benefits, if any,  afforded by

such products; and  (k) generally using unreasonable, careless, and negligent conduct in the manufacture, fabrication, supply, distribution, sale, installation, and/or use of their asbestos and asbestos-containing products, among other actions/inactions;  (l) manufacturing/supplying/selling a dangerous product containing asbestos.  Plaintiffs disclaim any cause of action or recovery for any injuries and damages resulting from exposure to asbestos caused by the acts or omissions of defendants committed at the specific and proven direction of an officer of the United States Government acting within in his official capacity. To the extent that any of the plaintiff's asbestos exposure occurred on board vessels or aircraft of the United States military or the construction and/or repair of such vessels or aircraft occurred on proven federal enclaves,  plaintiff's negligence and strict liability claims against manufacturers, sellers and suppliers of pumps, valves, boilers, turbines, separators, steam traps, engines and certain other mechanical equipment installed in such vessels and aircraft are not based on the theory of defective design, but rather on the theory of failure to warn of the health risks and hazards associated with working with and/or around asbestos and asbestos-containing products only and renders such defendants liable in both negligence and in strict products liability for such marketing defect.

10.     As a direct and proximate result of the conduct of the defendants, their "alternate entities," and each of them, as aforesaid, plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, the nature of which, along with the date of plaintiff's diagnosis, are set forth in Exhibit "A," attached to plaintiffs' complaint and incorporated by reference herein.

11.     Plaintiffs are informed and believe, and thereon allege, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

12.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

13.     As a direct and proximate result of the aforesaid conduct of defendants, their "alternate entities," and each of them, plaintiff has suffered, and continues to suffer, permanent

injuries and/or future increased risk of injuries to his person, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his general damage in the sum in excess of the jurisdictional limits of a limited civil case in the Superior Court.

14. As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

15. As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, plaintiff has incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is requested to amend this complaint to conform to proof at the time of trial.

16. Defendants, their "alternate entities," and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

17. Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their "alternate entities," and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities" as set forth herein.

18. The herein-described conduct of said defendants, their "alternate entities," and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons." Plaintiffs, for the sake of example and by way of punishing said defendants, seek punitive damages according to proof.

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Strict Liability)

**AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAIN OF DEFENDANTS ON EXHIBIT "B," DOES 1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGE AS FOLLOWS:**

19.     Plaintiffs incorporate herein by reference, as though fully set forth herein, the allegations contained in Paragraphs 4-5 and 8-18 of the First Cause of Action herein.

20.     Defendants, their "alternate entities," and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

21.     Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of defendants, their "alternate entities," and each of them. Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons," including plaintiff herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe and dangerous for use.

22.     "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons". Said defendants, their "alternate entities," and each of them, further failed to adequately warn of the risks to which plaintiff and others similarly situated were exposed.

23.     In researching, manufacturing, fabricating, designing, modifying, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their "alternate entities," and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their "alternate entities," and each of them, had prior knowledge that there was a substantial risk of injury or death resulting

from exposure to asbestos or asbestos-containing products, including, but not limited to, mesothelioma, lung cancer, and asbestosis. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said defendants, their "alternate entities," and each of them, and which knowledge was obtained by said defendants, their "alternate entities," and each of them on or before 1930, and thereafter.

24.    On or before 1930, and thereafter, said defendants, their "alternate entities" and each of them, were aware that members of the general public and other "exposed persons," who would come in contact with their asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos or asbestos-containing products could cause injury, and said defendants, their "alternate entities," and each of them, knew that members of the general public and other "exposed persons," who came in contact with asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to health and human life.

25.    With said knowledge, said defendants, their "alternate entities," and each of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, re-brand, manufacture for others, package and advertise said asbestos and asbestos-containing products without attempting to protect "exposed persons" from or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their "alternate entities," and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their "alternate entities," and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

26.     The above-referenced conduct of said defendants, their "alternate entities," and each of them, was motivated by the financial interest of said defendants, their "alternate entities," and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, re-branding, manufacturing for others, packaging and advertising of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendants, their "alternate entities," and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including plaintiff.

27.     Plaintiffs allege that the aforementioned defendants, their "alternate entities," and each of them impliedly warranted their asbestos and asbestos-containing products, to be safe for their intended use but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

28.     Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos and various asbestos-containing products manufactured, fabricated, inadequately researched, designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised by the aforementioned defendants, their "alternate entities," and each of them and that plaintiff cannot identify precisely which asbestos or asbestos-containing products caused the injuries complained of herein.

29.     Plaintiff relied upon defendants', their "alternate entities'," and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products. As a direct, foreseeable and proximate result thereof, plaintiff has been injured permanently as alleged herein.

30.     As the above referenced conduct of said defendants was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of "exposed persons", including plaintiff who has suffered the injuries and

1  damages previously alleged, plaintiffs, for the sake of example, and by way of punishing said

2  defendants, seek damages according to proof.

3          WHEREFORE, plaintiffs pray judgment against defendants, their "alternate

4  entities," and each of them, as hereinafter set forth.

5  ### THIRD CAUSE OF ACTION
**(False Representation Under Restatement of Torts Section 402-B)**

6

7  **AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF
ACTION FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS
SECTION 402-B, PLAINTIFFS COMPLAIN OF DEFENDANTS ON EXHIBIT "B," DOES
1-300, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGE AS
FOLLOWS:**

8

9

10          31.     Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and

11  every allegation contained in the First and Second Causes of Action.

12          32.     At all times herein mentioned, each of the named defendants and DOES 1 through

13  300 was the successor, successor in business, successor in product line or a portion thereof, assign,

14  predecessor, predecessor in business, predecessor in product line or a portion thereof, parent,

15  subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

16  researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

17  distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

18  contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for

19  others, packaging and advertising a certain product, namely asbestos, and other products

20  containing asbestos. Said entities shall hereinafter collectively be called "alternate entities." Each

21  of the herein named defendants is liable for the tortious conduct of each successor, successor in

22  business, successor in product line or a portion thereof, assign, predecessor in product line or a

23  portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or

24  entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

25  designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

26  sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-

27  branded, manufactured for others and advertised a certain product, namely asbestos, and other

28  products containing asbestos. The following defendants, and each of them, are liable for the acts of
each and every "alternate entity," and each of them, in that there has been a virtual destruction of

plaintiffs' remedy against each such "alternate entity"; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; such "alternate entity"; defendants, and each of them, caused the destruction of plaintiffs' remedy against each such "alternate entity"; each such defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such defendant enjoys the goodwill originally attached to each such "alternate entity."

33.    At all times herein mentioned, defendants, their "alternate entities," and each of them, were and/or are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain product, namely asbestos and other products containing asbestos.  Said asbestos and other products containing asbestos (hereinafter "asbestos and other products containing asbestos" and/or "asbestos-containing products") specifically include, but are not limited to: adhesives/tape/mastic; thermal insulation/insulating materials; insulating cement; pipecovering/block insulation; caulking/putties; cement pipe; boilers; heaters; ductwork; cloth; flooring materials; blankets; cloth; gaskets; packing; pumps; compressors; pipes; valves; engines; turbines; motors; generators; gloves/aprons; thermal paper; asbestos fiber; refractory materials; panels; boards; tubes.

34.    At all times herein mentioned, defendants, their "alternate entities" and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the plaintiff herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products unsafe and dangerous for use by "exposed persons".

35.     Defendants, their "alternate entities," and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

36.     Defendants, their "alternate entities" and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos would be transported by truck, rail, ship and other common carriers, that in the shipping process the products would break, crumble or be otherwise damaged; and/or that such products would be used for insulation, construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not limited to sawing, chipping, hammering, scraping, sanding, breaking, removal, "rip-out," and other manipulation, resulting in the release of airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed persons," including plaintiff herein, would use or be in proximity to and exposed to said asbestos fibers.

37.     Plaintiff has used, handled or been otherwise exposed to asbestos and asbestos-containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations as set forth in Exhibit "A," attached to plaintiffs' complaint and incorporated by reference herein.

38.     As a direct and proximate result of the conduct of the defendants, their "alternate entities," and each of them, as aforesaid, plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, the nature of which, along with the date of plaintiff's diagnosis, are set forth in Exhibit "A," attached to plaintiffs' complaint and incorporated by reference herein.

39.     Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

40.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

41.     As a direct and proximate result of the aforesaid conduct of defendants, their "alternate entities," and each of them, plaintiff has suffered, and continues to suffer, permanent injuries and/or future increased risk of injuries to his person, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his general damage in the sum in excess of the jurisdictional limits of a limited civil case in the Superior Court.

42.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

43.     As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, plaintiffs have incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is requested to amend this complaint to conform to proof at the time of trial.

44.     Defendants, their "alternate entities," and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have knowledge of each of the acts set forth herein.  The specific names, job titles, positions, or other identifying offices of said individuals are necessarily in possession of defendants and full information concerning the facts relevant to this controversy and defendants, and each of them, have more knowledge or the identities of said persons than plaintiffs, herein.

45.     At the aforementioned time when defendants, their "alternate entities," and each of them, researched, manufactured, fabricated, designed, modified, tested or failed to test, inadequately warned or failed to warn, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised the said asbestos and asbestos-containing products, as herein above set forth, the defendants, their "alternate entities,"

and each of them, expressly and impliedly represented to members of the general public, including the purchasers and users of said product, and other "exposed persons," including the plaintiff herein and potentially some or all of his employers, that asbestos and asbestos-containing products, were of merchantable quality, free of defects, and safe for the use for which they were intended. Said misrepresentations of such material facts impacting the safety, reliability, and quality of defendants' asbestos-containing products specifically included the failure to disclose known or suspected hazards of working with and around said asbestos-containing products to the plaintiff and others. Defendants' misrepresentations went far beyond the bounds of mere promises because defendants affirmatively stated through those means more fully described herein that defendants' asbestos and/or asbestos-containing products were safe and safe to use for their intended uses, but they were not safe. Defendants knew or should have known at the time of their misrepresentations that such representations were false; defendants knew or should have known at the time of their misrepresentations that their asbestos and/or asbestos-containing products were not safe or safe for their intended uses. Despite knowing of the dangers to plaintiff of working with and around defendants' asbestos and/or asbestos-containing, defendants failed to disclose such dangers and in fact concealed the same from plaintiff. Defendants' misrepresentations and concealment of the dangers attendant to working with and around defendants' asbestos and/or asbestos-containing products occurred during such periods as defendants researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised asbestos and other products containing asbestos, and more specifically as it relates to plaintiff, during those periods of employment when plaintiff worked with defendants' asbestos and/or asbestos-containing products as detailed in Exhibit A. The facts misrepresented regarding the safety, reliability, and quality of defendants' asbestos-containing products are necessarily in possession of defendants who have full information concerning the facts relevant to this controversy and defendants, and each of them, have more knowledge or the facts of said misrepresentations than plaintiffs, herein.

46.     The purchasers and users of said asbestos and asbestos-containing products, and other "exposed persons," including the plaintiff and potentially some or all of his employers, relied upon said representations of defendants, their "alternate entities," and each of them, *as defendants, their "alternate entities," and each of them so intended,* in the selection, purchase and use of asbestos and asbestos-containing products.

47.     Said representations by defendants, their "alternate entities," and each of them, were false and untrue, and defendants knew or should have known at the time they were untrue, in that the asbestos and asbestos-containing products were not safe for their intended use, nor were they of merchantable quality as represented by defendants, their "alternate entities," and each of them, in that asbestos and asbestos-containing products have very dangerous properties and defects whereby said products cause asbestosis, other lung damages and cancer, and have other defects that cause injury and damage to the users of said products and other "exposed persons," thereby threatening the health and life of said persons including plaintiff herein.

48.     Defendants, their "alternate entities," and each of them, based on the state of scientific and medical literature, as well as their own studies and research conducted regarding the health hazards associated with working with and/or around asbestos-containing product had no reasonable basis for believing the untrue representations made to plaintiff, plaintiff's employers, and other groups and organizations with which plaintiff was affiliated, such as unions, through which plaintiff would reasonably be expected to learn of such misrepresentations.

49.     Plaintiff and others, lacking the sophistication and knowledgeable regarding the health hazards of working with and around defendants', their alternate entities, and each of them, asbestos-containing products and relied upon the said misrepresentations and were, in fact, deceived into believing that said asbestos-containing products were safe and free of defects and would not cause severe risk of injury and death.  Had plaintiff known that defendants' asbestos and/or asbestos-containing products were unsafe for their intended uses, plaintiff would not have used and/or worked around the same or taken other steps to properly safeguard his health or the health of others when working with or around defendants' and others' asbestos-containing products.

50.     The facts intentionally omitted or misstated regarding the safety, reliability, and

1  quality of defendants' asbestos and/or asbestos-containing products were/are necessarily in

2  possession of defendants who had/have full information concerning the facts relevant to this

3  controversy and defendants, and each of them, had/have more knowledge of the facts of said

4  concealments and nondisclosures than plaintiffs, herein.

5       51.    As a direct and proximate result of said false representations by defendants, their

6  "alternate entities," and each of them, the plaintiffs sustained the injuries and damages herein

7  above set forth.

        WHEREFORE, plaintiffs pray judgment against defendants, their "alternate

8  entities," and each of them, as hereinafter set forth.

9
                        **FOURTH CAUSE OF ACTION**
10                            **(Intentional Tort)**

11     **AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF
   ACTION FOR AN INTENTIONAL TORT UNDER CIVIL CODE SECTIONS 1708
12  THROUGH 1710, PLAINTIFFS COMPLAIN OF DEFENDANTS ON EXHIBIT "B,"
   DOES 1-300, THEIR "ALTERNATE ENTITIES," AND ALLEGE AS FOLLOWS:**
13

14
       52.    Plaintiffs, by this reference, hereby incorporate by reference, as though fully set
15
   forth herein, each and every allegation contained in the Third Causes of Action herein, excepting
16
   therefrom allegations pertaining to negligence.
17
       53.    At all times pertinent hereto, the defendants, their "alternate entities," and each of
18
   them, owed plaintiff a duty, as provided for in Section 1708, 1709 and 1710 of the Civil Code of
19
   the State of California, to abstain from injuring the person, property or rights of the plaintiff.
20
   When a duty to act was imposed, as set forth herein, the defendants, their "alternate entities," and
21
   each of them, did do the acts and omissions in violation of that duty, thereby causing injury to the
22
   plaintiff as is more fully set forth herein. Such acts and omissions consisted of acts falling within
23
   Section 1709 (Deceit) and Section 1710 (Fraud) and, more specifically, included suggestions of
24
   fact which were not true and which defendants, their "alternate entities," and each of them, did not
25
   believe to be true; assertions of fact which were not true and which defendants, their "alternate
26
   entities," and each of them, had no reasonable ground for believing to be true, and the suppression
27
   of fact when a duty existed to disclose it, all as are more fully set forth herein; the violation of any

28

one such duty gave rise to a cause of action for violation of the rights of the plaintiff as provided for in the aforementioned Civil Code sections.

54.     Since on or before 1930, the defendants, their "alternate entities," and each of them, have known and have possessed the true facts of medical and scientific data and other knowledge which clearly indicated that the asbestos and asbestos-containing products referred to in plaintiffs' First Cause of Action were and are hazardous to the health and safety of plaintiff, and others in plaintiff's position working in close proximity with such materials. The defendants, their "alternate entities," and each of them, have known of the dangerous propensities of other of the aforementioned materials and products since before that time. Defendants' misrepresentations went far beyond the bounds of mere promises because defendants affirmatively stated through those means more fully described herein that defendants' asbestos and/or asbestos-containing products were safe and safe to use for their intended uses, but they were not safe. Defendants knew at the time of their misrepresentations that such representations were false; defendants knew at the time of their misrepresentations that their asbestos and/or asbestos-containing products were not safe or safe for their intended uses. Despite knowing of the dangers to plaintiff of working with and around defendants' asbestos and/or asbestos-containing, defendants failed to disclose such dangers and in fact concealed the same from plaintiff. Defendants' misrepresentations and concealment of the dangers attendant to working with and around defendants' asbestos and/or asbestos-containing products occurred during such periods as defendants researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised asbestos and other products containing asbestos, and more specifically as it relates to plaintiff, during those periods of employment when plaintiff worked with defendants' asbestos and/or asbestos-containing products as detailed in exhibit A. The mere fact that defendant made its asbestos-containing products available for purchase, use, sale, or otherwise to plaintiff and others was an intentional and affirmative fraudulent act. With intent to deceive, falsely represent facts regarding the true hazards of working with and around asbestos-containing products, conceal the health risks

associated with working in an asbestos-contaminated environment, and purposefully failing to

disclosure such material facts to plaintiff, and others in plaintiff's position, and with the intent that

plaintiff and such others should be and remain ignorant of such facts with intent to induce plaintiff

and such others to alter his and their positions to his detriment, injury and/or risk and in order to

gain economic advantages within the market, the following acts occurred:

a.    Defendants, their "alternate entities," and each of them, did not label any of

the aforementioned asbestos-containing materials and products regarding the hazards of such

materials and products to the health and safety of plaintiff and others in plaintiff's position

working in close proximity with such materials until 1964 when certain of such materials were

labeled by some, but not all, of defendants, their "alternate entities," and each of them, herein

when the knowledge of such hazards was existing and known to defendants, their "alternate

entities," and each of them, since on or before 1930. By not labeling such materials as to their said

hazards, defendants, their "alternate entities," and each of them, caused to be suggested as a fact to

plaintiff that it was safe for plaintiff to work in close proximity to such materials when in fact it

was not true and defendants, their "alternate entities," and each of them, did not believe it to be

true;

b.    Defendants, their "alternate entities," and each of them, suppressed

information relating to the danger of use of the aforementioned materials by requesting the

suppression of information to the plaintiff and the general public concerning the dangerous nature

of the aforementioned materials to workers, by not allowing such information to be disseminated

in a manner which would given general notice to the public and knowledge of the hazardous

nature thereof when defendant, their "alternate entities," and each of them, were bound to disclose

such information;

c.    Defendants, their "alternate entities," and each of them, sold the

aforementioned products and materials to plaintiff's employers and others without advising

plaintiff and others of the dangers of use of such materials to persons working in close proximity

thereto when defendants, their "alternate entities," and each of them, knew of such dangers, and

had a duty to disclose such dangers all as set forth herein. By said conduct, defendants, their

"alternate entities," and each of them, caused to be positively asserted to plaintiff that which was

not true and that which defendants, their "alternate entities," and each of them, had no reasonable ground for believing to be true, to wit, that it was safe for plaintiff to work in close proximity to such materials;

        d.     Defendants, their "alternate entities," and each of them, suppressed from plaintiff medical and scientific data and knowledge of the results of studies including, but not limited to, the information and knowledge of the contents of the Lanza report. Although bound to disclose it, defendants, their "alternate entities," and each of them influenced A. J. Lanza to change his report, the altered version of which was published in Public Health Reports, Volume 50 at page 1 in 1935, thereby causing plaintiff and others to be and remain ignorant thereof. Defendants, their "alternate entities," and each of them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of danger, thereby lessening the probability of notice of danger to the users thereof;

        e.     Defendants, their "alternate entities," and each of them, belonged to, participated in, and financially supported the Asbestos Textile Institute and other industry organizations which, for and on behalf of defendants, their "alternate entities," and each of them, actively promoted the suppression of information of danger to users of the aforementioned products and materials, thereby misleading plaintiff by the suggestions and deceptions set forth above in this cause of action. The Dust Control Committee, which changed its name to the Air Hygiene Committee, of the Asbestos Textile Institute was specifically enlisted to study the subject of dust control. Discussions in this committee were held many times regarding the dangers inherent in asbestos and the dangers which arise from the lack of control of dust, and such information was suppressed from public dissemination from 1946 to a date unknown to plaintiff at this time;

        f.     Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford mines in Quebec, Canada, and the study of workers at Raybestos-Manhattan plants in Manheim and Charleston, South Carolina, defendants, their "alternate entities," and each of them, knew and possessed medical and scientific information of the connection between inhalation of asbestos fibers and asbestosis, which information was disseminated through the Asbestos Textile Institute and other industry organizations to all other defendants, their "alternate entities,"

and each of them, herein. Between 1942 and 1950, the defendants, their "alternate entities," and each of them, acquired medical and scientific information of the connection between inhalation of asbestos fibers and cancer, which information was disseminated through the Asbestos Textile Institute and other industry organizations to defendant herein. Thereby, defendants, their "alternate entities," and each of them, suggested to the public as a fact that which is not true and disseminated other facts likely to mislead plaintiff. Such facts did mislead plaintiff and others by withholding the afore-described medical and scientific data and other knowledge and by not giving plaintiff the true facts concerning such knowledge of danger, which defendants, their "alternate entities," and each of them, were bound to disclose;

g.     Defendants, their "alternate entities," and each of them, failed to warn plaintiff and others of the nature of said materials which were dangerous when breathed and which could cause pathological effects without noticeable trauma, despite the fact that defendants, their "alternate entities," and each of them, possessed knowledge and were under a duty to disclose that said materials were dangerous and a threat to the health of persons coming into contact therewith;

h.     Defendants, their "alternate entities," and each of them, failed to provide plaintiff with information concerning adequate protective masks and other equipment devised to be used when applying and installing the products of the defendants, and each of them, despite knowing that such protective measures were necessary, and that they were under a duty to disclose that such materials were dangerous and would result in injury to the plaintiff and others applying and installing such material;

i.     Defendants, their "alternate entities," and each of them, when under a duty to so disclose, concealed from plaintiff the true nature of the industrial exposure of plaintiff and knew that plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis and/or cancer. Defendants, their "alternate entities," and each of them, also concealed from plaintiff and others that harmful materials to which they were exposed would cause pathological effects without noticeable trauma;

j.     Defendants, their "alternate entities," and each of them, failed to provide information of the true nature of the hazards of asbestos materials and that exposure to these materials would cause pathological effects without noticeable trauma to the public, including

buyers, users, and physicians employed by plaintiff and potentially plaintiff's employers so that said physicians could examine, diagnose and treat plaintiff and others who were exposed to asbestos, despite the fact that defendants, their "alternate entities," and each of them, were under a duty to so inform and said failure was misleading; and

k.    Defendants, their "alternate entities," and each of them, failed to provide adequate information to physicians and surgeons retained by plaintiff's employers and their predecessor companies, for purposes of making physical examinations of plaintiff and other employees as to the true nature of the risk of such materials and exposure thereto when they in fact possessed such information and had a duty to disclose it.

55.    Defendants, their "alternate entities," and each of them, based on the state of scientific and medical literature, as well as their own studies and research conducted regarding the health hazards associated with working with and/or around asbestos-containing product, knew that the representations made to plaintiff, plaintiff's employers, and other groups and organizations with which plaintiff was affiliated, such as unions, through which plaintiff would reasonably be expected to learn of such representations were false.

56.    Defendants, their "alternate entities," and each of them, willfully failed and omitted to complete and file First Report of Occupational Injury of Illness regarding plaintiff's injuries, as required by law, and did willfully fail and omit to file report of injury and occupational disease with the State of California. Defendants similarly intentionally failed to state and disclose on their asbestos-containing products and/or packaging the asbestos-related health risk, including risk of asbestosis and cancer, which resulted from plaintiff and others working with and around defendants' asbestos-containing products.

57.    Plaintiff was in the class of persons with respect to whom a duty was owed to file such reports and who would have been protected thereby if the fact of danger from products complained of had become known and plaintiff was in the class of persons to whom a duty was owed as a consumer and user of defendants' asbestos-containing products to be informed truthfully about the risks of using such asbestos-containing products. Plaintiff and others, neither sophisticated nor knowledgeable regarding asbestos health hazards and the intentions to deceive by defendants, justifiably relied on defendants' claims and representations regarding their

asbestos-containing products. Had plaintiff known that defendants' asbestos and/or asbestos-containing products were unsafe for their intended uses, plaintiff would not have used and/or worked around the same.

58.     Defendants, their "alternate entities," and each of them, having such aforementioned knowledge, and the duty to inform plaintiff about the true facts, and knowing the plaintiff did not possess such knowledge and would work with and around and ultimately breathe such material innocently, acted falsely and fraudulently and with full intent to cause plaintiff to remain unaware of the true facts and to induce plaintiff to work in a dangerous environment by failing to disclose known information regarding asbestos health hazards, all in violation of Sections 1708, 1709, 1710, and 1711 of the Civil Code of the State of California in an expectation of further sales and proceeds from the supply of defendants' asbestos-containing products.

## FIFTH CAUSE OF ACTION
### (Premises Owner/Contractor Liability)

**AS AND FOR A FURTHER AND FIFTH SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFFS COMPLAIN OF DEFENDANTS ON EXHIBIT "C," DOES 301-450, THEIR "ALTERNATE ENTITIES," (HEREINAFTER "PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS"), AND EACH OF THEM, AND ALLEGE AS FOLLOWS:**

59.     Plaintiffs, by this reference, incorporate the allegations contained in paragraphs 9-16 of the First Cause of Action.

60.     At all times herein mentioned, each of the Premises Owner/Contractor Liability Defendants listed on Exhibit "C" was a successor, successor-in-business, assign, predecessor, predecessor-in-business, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of an entity causing certain asbestos-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired and/or removed on the respective premises owned, leased, maintained, managed and/or controlled by them. Said entities shall hereinafter collectively be called "alternate entities." Each of the herein-named defendants is liable for the tortious conduct of each successor, successor-in-business, assign, predecessor-in-business, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, that caused the presence as aforesaid of said asbestos-containing insulation and other toxic substances. The defendants, and each of them, are liable for the acts of each and

every "alternate entity," and each of them, in that there has been a virtual destruction of plaintiffs' remedy against each such alternate entity; defendants, and each of them, have acquired the assets, or a portion thereof, of each such alternate entity; defendants, and each of them, have caused the destruction of plaintiffs' remedy against each such alternate entity; each such defendant has the ability to assume the risk-spreading role of each such alternate entity, and that each such defendant enjoys the goodwill originally attached to each such alternate entity.

61.    At all times mentioned herein, the above-listed Premises Owner/Contractor Liability Defendants, and each of them, respectively, owned, leased, maintained, managed, and/or controlled the premises listed on Exhibit "A" and others where plaintiff was present. The information provided on Exhibit "A" is preliminary, based on recall over events covering many years and further investigation and discovery may produce more reliable information. Additionally, plaintiff might have been present at those or other Premises Owner/Contractor Liability Defendants' premises at other locations and on other occasions.

62.    Prior to and at said times and places, said Premises Owner/Contractor Liability Defendants, and each of them, respectively, caused certain asbestos-containing materials, other building materials, products and toxic substances to be constructed, installed, disturbed, maintained, used, supplied, replaced, repaired and/or removed on each of the aforesaid respective premises, by their own workers and/or by various contractors and/or subcontractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby created a hazardous and unsafe condition to plaintiff and other persons exposed to said asbestos fibers and toxic substances while present at said premises.

63.    At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, knew or in the exercise of ordinary and reasonable care should have known, that the foregoing conditions and activities created a dangerous, hazardous, and unsafe condition and unreasonable risk of harm and personal injury to plaintiff and other workers or persons so exposed present on each of the aforesaid respective premises.

64.    At all times relevant herein, plaintiff entered said premises and used or occupied each of said respective premises as intended and for each of the respective Premises Owner/Contractor Liability Defendants' benefit and advantage and at each of the respective

Premises Owner/Contractor Liability Defendants' request and invitation. In so doing, plaintiff was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by said Premises Owner/Contractor Liability Defendants, and each of them.

65.     Plaintiff at all times was unaware of the hazardous condition or the risk of personal injury created by the aforesaid presence and use of asbestos products and materials and other toxic substances on said premises.

66.     The hazardous  condition or risk of personal injury created by the aforesaid presence and use of asbestos products and materials and other toxic substances on said premises was not a known condition that plaintiff's employer was hired to correct or repair.

67.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, remained in control of the premises where plaintiff was performing his work.

68.     At all times mentioned herein, the Premises Owner/Contractor Liability Defendants owed to plaintiff and others similarly situated a duty to exercise ordinary care in the management of such premises in order to avoid exposing workers such as plaintiff to an unreasonable risk of harm and to avoid causing injury to said person.

69.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions and that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises.

70.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises or to abate or correct, or to warn plaintiff of, the existence of the aforesaid dangerous conditions and hazards on said premises.

71.     At all times herein mentioned, said Premises Owner/Contractor Liability Defendants, and each of them, negligently provided unsafe equipment, for the performance of the work that caused or contributed to plaintiff's injuries.

72.     Prior to and at the times and places aforesaid, said Premises Owner/Contractor Liability Defendants, and each of them, respectively, caused certain asbestos-containing materials, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired and/or removed on each of their aforesaid respective premises, by their own workers and/or by employing various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby injured plaintiff.

73.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, should have recognized that the work of said contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm plaintiff and others unless special precautions were taken.  The said Premises Owner/Contractor Liability Defendants, and each of them, knew or should have known that the work required special procedures and instruction so as to be accomplished in a safe manner and avoid injury to plaintiff and others. The Premises Owner/Contractor Liability Defendants were aware or should have been aware that such special procedures and instructions were not taken nor provided.

74.     In part, plaintiff was exposed to dangerous quantities of asbestos fibers and other toxic substances by reason of such premises owners and/or contractors' failure to take the necessary precautions.

75.     The work, actions and/or inactions of contractors on premises controlled by the Premises Owner/Contractor Defendants created an unsafe premise and an unsafe work place by reason of the release of dangerous quantities of toxic substances including but not limited to asbestos.

76.     The unsafe premise or work place was created, in part, by the negligent conduct of the contractors employed by the Premises Owner/Contractor Defendants. Said negligent conduct includes but is not limited to:

       a.     Failure to advise and warn of asbestos and other toxic dusts;

       b.     Failure to suppress the asbestos-containing or toxic dusts;

       c.     Failure to remove the asbestos-containing and toxic dusts through use of ventilation or other approved appropriate means;

       d.     Failure to provide adequate breathing protection, i.e., approved respirators or masks;

       e.     Failure to inspect and/or test the air;

       f.     Failure to provide proper medical monitoring, medical check-ups, and reviews, and provide reports and findings on any such check-ups or monitoring that did occur.

77.    The Premises Owner/Contractor Defendants' duty to maintain and provide safe premises, a safe place to work, and to warn of dangerous conditions are non-delegable; said duties arise out of common law, Civil Code §1708, and Labor Code §6400, et seq., or Health and Safety Code §40200, et seq., and regulations promulgated thereunder. Therefore, the Premises Owner/Contractor Defendants are responsible for any breach of said duties whether by themselves or others.

78.    Prior to and at said times and places, said Premises Owner/Contractor Liability Defendants were subject to certain ordinances, statutes, and other government regulations promulgated by the United States Government, the State of California, local and regional governments and agencies, and others, including but not limited to the General Industry Safety Orders promulgated pursuant to California Labor Code §6400 and the California Administrative Code under the Division of Industrial Safety, Department of Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous Substances), Article 81, §§4150, 4106, 4107, and 4108, and Threshold Limit Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health and Safety Code §40200, et seq., which empowers the Bay Area Air Quality Management District and South Coast Air Quality Management District to promulgate regulations including but not limited to BAAQMD, Regulation 11, Rules 2 and 14, Title 40 Code of Federal Regulations, Chapter 1, Part 61, et seq., and related SCAQMD regulations, The National Emission Standards for Hazardous Air Pollutants, which required said Premises Owner/Contractor Liability Defendants to provide

specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and said Premises Owner/Contractor Liability Defendants failed to provide the required safeguards and precautions, or contractors employed by the Premises Owner/Contractor Liability Defendants failed to provide the required safeguards and precautions. Defendants' violations of said codes include but are not limited to:

a.  Failing to comply with statutes and allowing ambient levels of airborne asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

b.  Failing to segregate work involving the release of asbestos or other toxic dusts;

c.  Failing to suppress dust using prescribed ventilation techniques;

d.  Failing to suppress dust using prescribed "wet down" techniques;

e.  Failing to warn or educate plaintiff or others regarding asbestos or other toxic substances on the premises;

f.  Failing to provide approved respiratory protection devices;

g.  Failing to ensure "approved" respiratory protection devices were used properly;

h.  Failing to provide for an on-going health screening program for those exposed to asbestos on the premises which included disclosure and/or discussion of ongoing health consequences of asbestos exposure with plaintiff;

i.  Failing to provide adequate housekeeping and clean-up of the work place;

j.  Failing to properly warn of the hazards associated with asbestos as required by these statutes;

k.  Failing to properly report renovation and disturbance of asbestos-containing materials, including but not limited to B.A.A.Q.M.D. Regulation 11-2-401 and S.C.A.Q.M.D regulations;

l.  Failing to have an asbestos removal supervisor as required by regulation;

m.  Failing to get approval for renovation as required by statutes;

n.  Failing to maintain records as required by statute; and

o.     Failing to provide plaintiff with alternative, safe, asbestos-free work areas and/or failure to remove plaintiff from an asbestos-laden environment where ongoing exposures to asbestos increased the risk of plaintiff contracting an asbestos-related disease.

p.     Failing to apprise plaintiff of the results of any such medical monitoring of physical check-ups that occurred and the risks of contracting asbestos-related diseases.

79.     Plaintiff at all times was unaware of the hazardous condition or the risk of personal injury created by defendants' violation of said regulations, ordinances or statutes.

80.     At all times mentioned herein, plaintiff was a member of the class of persons whose safety was intended to be protected by the regulations, statutes or ordinances described in the foregoing paragraphs.

81.     In such circumstances where plaintiff was the employee or "statutory employee" of said Premises Owner/Contractor Liability Defendants as defined by the California Labor Code and related California case law interpretations, such Premises Owner/Contractor Liability Defendants owed a duty of care to prevent injury, harm, damage, or loss to plaintiff.  Instead, well outside the normal risk of plaintiff's employment, said Premises Owner/Contractor Liability Defendants caused plaintiff to be exposed to asbestos-containing products and other airborne toxic asbestos, fraudulently concealed and failed to disclose the unsafe premises and conditions due to asbestos and toxic products contamination, as well as the known and recognized injurious health consequences of repeated and reoccurring exposures by plaintiff to asbestos-containing products, materials, and other toxic asbestos substances, and plaintiff's exposure to asbestos-containing products and the concurrent injury to his person was aggravated by the employer's fraudulent concealment of the existence of hazardous asbestos-containing products exposure and concurrent injury and its connection with plaintiff's employment and job duties.  Moreover, plaintiff's said Premises Owner/Contractor Liability Defendants employers illegally failed to obtain and maintain proper and sufficient workers' compensation insurance or failed to obtain workers' compensation insurance which covered plaintiff's injuries, damages, losses, or harms, such that the California Labor Code sections 3600, 3700, *et seq.*, permit recovery in Superior Court.

82.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should

have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises, and that such persons were unaware of the aforesaid violations of codes, regulations and statutes.

83.    Said Premises Owner/Contractor Liability Defendants knew of the harmful exposures to asbestos sustained by plaintiff at, by and/or through the actions and/or inactions of their own employees or others under the direct and immediate instruction, control and/or supervision of said Premises Owner/Contractor Liability and said Premises Owner/Contractor Liability Defendants concealed and/or failed to disclose to plaintiff the harmful effects and bodily injuries suffered by plaintiff as a result of such exposures to asbestos.

84.    As a legal consequence of the foregoing, plaintiff developed an asbestos-related illness, which has caused great injury and disability as previously set forth, and plaintiff has suffered damages as herein alleged.

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Negligence – Clutch & Brake Components)

**AS AND FOR A FURTHER SIXTH SEPARATE AND DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (NEGLIGENCE) FOR CLUTCH COMPONENTS AND BRAKE ASSEMBLIES, MECHANISMS AND LININGS, PLAINTIFFS COMPLAIN OF DEFENDANTS LISTED ON EXHIBIT "D" ATTACHED HERETO, and DOES 451-500, AND ALLEGE AS FOLLOWS:**

85.    Plaintiffs, by this reference, incorporate the allegations contained in the First through Fourth Causes of Action as though fully set forth herein.

86.    Defendants listed on Exhibit "D" attached hereto and DOES 451-500, manufactured or supplied defective asbestos-containing products, materials, and parts including, but not limited to: automobiles; trucks; aircraft; and/or other vehicles. Additionally and/or alternatively, said defendants manufactured and/or supplied defective asbestos-containing products, materials, and parts including, but not limited to: clutch components; brake components; brake assemblies,

linings, and mechanisms; clutch assemblies, linings, and mechanisms; gaskets; and other related products which were incorporated into various makes and models of automobiles, trucks, aircraft, and/or other vehicles manufactured, sold or supplied by said defendants as original and/or aftermarket equipment. Said asbestos-containing products, including vehicles, including autos, trucks, and aircraft, as well as clutch components and brake assemblies or mechanisms or linings and gaskets were negligently manufactured, sold, or supplied in that:

        a.     The design of said asbestos-containing vehicles incorporated and specified the use of asbestos-containing clutch facings/plates, brake linings, gaskets, and related parts and equipment;

        b.     Asbestos clutch components and brake linings and mechanisms and gaskets wear and/or deteriorate during regular and ordinary use, thus creating friable asbestos dust, which accumulates in and around the engine compartment, clutch components, brake assemblies and/or brake mechanisms, wheel well, wheel cylinder, and other areas on the vehicle body and vehicle component parts;

        c.     The design of said vehicles, including autos' and trucks' clutch components and brake assemblies, require as a part of their normal operation, use, inspection and maintenance that the asbestos clutch components and brake linings be removed and replaced and vehicle gaskets be similarly removed and replaced;

        d.     Said defendants specified and required the use of asbestos-containing clutch components and brake linings and gaskets and related asbestos-containing products throughout the time period 1940-1985;

        e.     Particularly during the inspection, removal and replacement of asbestos-containing clutch components and brake linings, asbestos-containing dust was necessarily and inherently generated because of the design of the clutch components and brake assemblies and/or mechanisms. The same results occurred when installing or removing asbestos-containing gaskets;

        f.     Defendants knew or should have known that the asbestos-containing dust would be generated during the regular use, inspection and maintenance of the vehicles, clutch components and brake assemblies, mechanisms and linings, and gaskets and that such dust created

an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing dust;

g.    The defendants, and each of them, failed to warn and/or properly instruct users, consumers, or others of the asbestos-containing dust hazard which existed at the time of regular operation, inspection, maintenance or replacement of vehicles and the associated asbestos clutch components and brake linings and gaskets.  Such failure includes, but is not limited to:

i.    Failure to place prominent and/or adequate warnings or instructions for safe use and handling in and on the clutch components and brake assemblies, mechanisms, linings, brake pads, wheel drums, brake mechanism, gaskets, or other parts of the vehicles or vehicle component parts;

ii.    Failure to place adequate warnings or instructions in the owners' manuals accompanying said automobiles, trucks and vehicles;

iii.    Failure to place adequate warnings or instructions on various repair manuals and instructions published by defendants and others; and

iv.    Failure to provide adequate information regarding the asbestos hazards associated with the regular inspection, use and maintenance of the clutch components and brake mechanisms, assemblies and/or linings, and gaskets.

v.    Failure to place prominent and/or adequate warnings or instructions for safe use and handling in and on the packaging of clutch components and brake assemblies, mechanisms, linings, brake pads, wheel drums, brake mechanism, gaskets,  or other parts or vehicle component parts;

h.    Said asbestos-containing vehicles, including autos, trucks, and aircraft, released harmful asbestos into the ambient air which plaintiff breathed during the normal and intended use of said vehicles, including, but not limited to, the regular operation, inspection, maintenance, and repair of such vehicles., and normal and intended use of said asbestos-containing clutch components and brake assemblies, mechanisms, linings, brake pads, wheel drums, brake mechanism, gaskets, and related products.  Said asbestos-containing vehicles and component parts contained no warning or caution as to their asbestos content.  The asbestos-containing vehicles and component parts were not substantively alter in any way, in either design or function, at the times

during which harmful asbestos exposures occurred as a result of working with and around said asbestos-containing products. The risk of harm as a result of working with and/or around said asbestos-containing products outweighed any perceived benefit of such products and such products should have and could have been designed and manufactured without excessive risk of harm resulting from the incorporation, use, and specification of asbestos into said asbestos-containing products, including vehicles and components parts.

87.     The asbestos-containing products, including vehicles, gaskets, clutch components and brake assemblies, mechanisms and/or linings, specified, manufactured, sold or supplied by defendants, failed to perform as safely as the ordinary consumer would expect, even though they performed as designed.

88.     Defendants' specification, use and design of asbestos-containing vehicles, gaskets, clutch components and brake linings, both as original equipment and as replacement parts, created unreasonable inherent risks which outweighed the benefits of said use and/or design.

89.     The dangers inherent in asbestos-containing vehicles, gaskets, clutch components and brake linings were unknown and unforeseeable to the plaintiff.

90.     The asbestos-containing vehicles, gaskets, clutch components and brake assemblies, mechanisms and/or linings specified, sold or supplied by defendants inspected, maintained, and repaired by plaintiff was not substantially nor improperly altered from that of their original manufacture, nor used in an unintended or unforeseeable fashion.

91.     Plaintiff's exposure to asbestos-containing dust, which caused his injury, was from the inspection, use and maintenance of defendants' vehicles, gaskets, clutch components and brake mechanisms, assemblies and/or linings, and related products and equipment. Said work produced the release of asbestos dust, which plaintiff inhaled, thus increasing his risk for all asbestos-related disease.

92.     Defendants also should have provided a post-sale warning regarding the health risks associated with working with and/or around their asbestos-containing products since defendants knew their asbestos-containing products posed a substantial risk of harm to the plaintiff and others similarly situated, defendants were in the best position to provide a warning in that they knew of the identity of the distributors, retailers, and/or users of their products, defendants

1    knew or should have known that plaintiff and others were unaware of the health risks associated

2    with the use of defendant's asbestos-containing products, and a warning could have been

3    communicated or published without excessive difficulty by defendants.

4         93.    Defendants' negligence and defective products as described in this cause of action

5    were a direct cause of plaintiff's injuries, and the injuries and damages thereby sustained by

6    plaintiffs.

7         WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and

8    each of them, as hereinafter set forth.

9                           **SEVENTH CAUSE OF ACTION**
                      **(Strict Liability - Clutch & Brake Components)**

10        **AS AND FOR A FURTHER SEVENTH SEPARATE AND DISTINCT CAUSE OF**
11   **ACTION FOR PRODUCTS LIABILITY (STRICT LIABILITY) FOR CLUTCH**
     **COMPONENTS AND BRAKE ASSEMBLIES, BRAKE MECHANISMS AND BRAKE**
12   **LININGS, PLAINTIFFS COMPLAIN OF DEFENDANTS LISTED ON EXHIBIT "D"**
13   **ATTACHED HERETO and DOES 451-500, AND ALLEGE AS FOLLOWS:**

14        94.    Plaintiffs, by this reference, incorporate the allegations contained in the Second and

15   Sixth Causes of Action as though fully set forth herein, excepting therefrom any allegations of

16   negligence.

17        95.    Defendants' defective products as described in this cause of action did not perform

18   as safely as an ordinary consumer would have expected at the time of plaintiff's use.

19        96.    Defendants' defective products as described in this cause of action were used in a

20   manner foreseeable by defendants.

21        97.    The gravity of the potential harm resulting from the use of defendants' defective

22   products as described in this cause of action, and the likelihood such harm would occur,

23   outweighed the cost of feasible alternative and safer designs, including providing adequate

24   warning of such potential harm, including asbestos-related disease.

25        98.    Defendants' conduct and defective products as described in this cause of action

26   were a direct cause of plaintiff's injuries, and the injuries and damages thereby sustained by

27   plaintiffs.

28

WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
#### (Loss of Consortium)

**AS AND FOR A FURTHER, EIGHTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF'S SPOUSE COMPLAINS OF DEFENDANTS, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGES AS FOLLOWS:**

99.     Plaintiff, Donald Bell's spouse, Sumiko Bell, incorporates by reference each and every paragraph of the First through Seventh Causes of Action herein.

100.     Plaintiffs were married at all times relevant to this action were, and are now, husband and wife. Plaintiffs at all times have enjoyed the benefits of marriage in all aspects, including mental, physical, spiritual.

101.     Prior to plaintiff's injuries as alleged, plaintiff was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, plaintiff has been unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and plaintiff will be unable to perform such work, service and duties in the future. As a proximate result thereof, plaintiff's spouse has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown to plaintiffs but which will be proved at the time of trial.

102.     Discovery of the cause of plaintiff's spouse's loss of consortium, as herein alleged, first occurred within one year of the date this complaint was filed.

103.     As a direct and proximate result of the acts of defendants, their "alternate entities," and each of them, and the severe injuries caused thereby to plaintiff as set forth in this complaint, plaintiff's spouse has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

WHEREFORE, plaintiffs pray judgment against defendant, and each of them, as is hereinafter set forth.

1

## DAMAGES

2    Plaintiffs pray judgment against defendants and each of them as follows:

3    For special damages according to proof;

4    For general damages according to proof;

5    For medical expenses according to proof;

6    For loss of income according to proof;

7    For punitive damages according to proof;

8    For plaintiffs' costs of suit herein; and,

9    For such other further relief as this Court and the law deems just and proper.

10   Dated:  August 8, 2011                    **KELLER, FISHBACK & JACKSON LLP**

11

12                                            By _____

13                                               Stephen Fishback
                                                 Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT "A"

2      Plaintiff, Donald Bell, suffers from asbestos-caused diseases, including but not limited to, lung cancer.

3

4      Donald Bell performed automotive repair and maintenance to a variety of make and models of vehicles between 1948 and 1993 both personally and professionally. Such repair and maintenance may have included, but was not limited to: inspect, remove and install asbestos-containing friction products on asbestos containing buses, automobiles and trucks, such as brakes and clutches, and related component parts, inspect, remove and install asbestos-containing automotive gaskets and gasketing materials on said vehicle and engines, and perform clean-up using compressed air, push brooms, dry cloths and other tools after performing such tasks; and other vehicle repair and maintenance tasks. Donald Bell was exposed to asbestos of varied types and sources during his employment, which may have included, but is not limited to: gaskets; engines; motors; buses, automobiles, trucks, brakes (linings, pads, assemblies, and related equipment) and clutches, compressors, lathes/grinders, and other automotive systems and parts, and other materials containing asbestos currently unknown or unspecified by plaintiff. Donald Bell was also exposed to asbestos dust that was carried into his work areas on the person and clothing of co-workers and others. While performing his regular job duties his person and clothing were contaminated with asbestos dust.

      Plaintiffs allege and believe that Donald Bells's exposure to asbestos occurred at job sites including, but not limited to, the following:

| EMPLOYER: | United States Army |
|---|---|
| DATE: | 1948 to 1969 |
| JOB TITLE: | Mechanic |
| SITE: | Various locations including, but not limited to: Aberdeen, Maryland; Sendai, Japan; Fort Ord, California; Sapporo, Japan; Tokyo, Japan; Fort Wachika, Arizona; Fort Riley, Kansas; Seoul, Korea, New Orleans, Louisiana; Kaiserslautern, Germany; Fort Leonard Wood, Missouri |

| EMPLOYER: | Montgomery Ward |
|---|---|
| DATE: | 1969 |
| JOB TITLE: | Mechanic |
| SITE: | Fremont, California |

| EMPLOYER: | Grand Auto Supply |
|---|---|
| DATE: | 1969 to 1993 |
| JOB TITLE: | Mechanic |
| SITE: | Fremont, San Mateo, Hayward, San Leandro, Livermore and other unknown locations in California |

      Plaintiffs' investigation and discovery are continuing.

## EXHIBIT "B"

ARVIN MERITOR, INC.;

BORGWARNER MORSE TEC, INC.;

BRIDGESTONE FIRESTONE, INC.;

CARLISLE CORPORATION;

CSK AUTO INC.;

DANA CORPORATION;

EATON CORPORATION;

FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING COMPANY;

FORD MOTOR COMPANY;

GENUINE PARTS COMPANY;

HENNESSY INDUSTRIES, INC.;

HONDA NORTH AMERICA, INC.;

HONEYWELL INTERNATIONAL, INC.;

INGERSOLL-RAND COMPANY;

KELSEY-HAYES CORPORATION;

LEAR-SIEGLER DIVERSIFIED HOLDINGS CORPORATION;

MAREMONT CORPORATION;

MCCORD CORPORATION;

NATIONAL AUTOMOTIVE PARTS ASSOCIATION;

NISSAN NORTH AMERICA, INC.;

PARKER-HANNIFIN CORPORATION, as successor-in-interest to EIS BRAKE PARTS;

PNEUMO-ABEX CORPORATION;

SEARS, ROEBUCK AND COMPANY;

1    SPX CORPORATION, individually and successor-in-interest to BEAR MANUFACTURING
COMPANY;

2

3    TOYOTA MOTOR SALES, USA, INC.;

4    DOES 1-300

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT "D"**

2

3
ARVIN MERITOR, INC.;

4
BORGWARNER MORSE TEC, INC.;

5
BRIDGESTONE FIRESTONE, INC.;

6
CARLISLE CORPORATION;

7
CSK AUTO INC.;

8
DANA CORPORATION;

9
EATON CORPORATION;

10

11
FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST AS SUCCESSOR TO FELT-PRODUCTS MANUFACTURING COMPANY;

12
FORD MOTOR COMPANY;

13
GENUINE PARTS COMPANY;

14

15
HENNESSY INDUSTRIES, INC.;

16
HONDA NORTH AMERICA, INC.;

17
HONEYWELL INTERNATIONAL, INC.;

18
KELSEY-HAYES CORPORATION;

19
LEAR-SIEGLER DIVERSIFIED HOLDINGS CORPORATION;

20
MAREMONT CORPORATION;

21

22
MCCORD CORPORATION;

23
NATIONAL AUTOMOTIVE PARTS ASSOCIATION;

24
NISSAN NORTH AMERICA, INC.;

25
PARKER-HANNIFIN CORPORATION, as successor-in-interest to EIS BRAKE PARTS;

26
PNEUMO-ABEX CORPORATION;

27
SEARS, ROEBUCK AND COMPANY;

28
SPX CORPORATION, individually and successor-in-interest to BEAR MANUFACTURING

1    COMPANY;

2    TOYOTA MOTOR SALES, USA, INC.;

3    DOES 451-500

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit B**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stephen M. Fishback, Esq., SBN: 191646<br>Daniel L. Keller, Esq., SBN: 191738<br>KELLER, FISHBACK & JACKSON LLP<br>18425 Burbank Blvd., Suite 610, Tarzana, CA 91356<br>TELEPHONE NO.: (818) 342-7442   FAX NO. (Optional): (818) 342-7616 | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br>OCT 2 5 2011<br>**CLERK OF THE SUPERIOR COURT**<br>By Molly Kautz |

E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff(s)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: Donald Bell and Sumiko Bell

DEFENDANT/RESPONDENT: ArvinMeritor, Inc., et al.

| | CASE NUMBER: |
|---|---|
| PROOF OF SERVICE OF SUMMONS | RG11593882 |
| | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Judicial Assignment, Notice of Case Management Conference and Order, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum

3. a. Party served (specify name of party as shown on documents served):

   PNEUMO-ABEX CORPORATION

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   See Attached - Authorized Employee for Service

4. Address where the party was served: Third St. & Jefferson Ave. Camden, NJ 08104

5. I served the party (check proper box)
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on (date):                    (2) at (time):
   b. [ ] by substituted service. On (date):              at (time):              I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*              or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br><br>www.accesslaw.com |

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | RG11593882 |

5.  c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* 10/6/11       (2) from *(city):* Tarzana, CA

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [✓] to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):* PNEUMO-ABEX CORPORATION
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  **Person who served papers**
  a. Name: Tony Sandoval
  b. Address: 18425 Burbank Blvd. #615
  c. Telephone number: 818.455.6475
  d. **The fee** for service was:  $60
  e. I am:
    (1) [ ] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [✓] a registered California process server:
      (i) [ ] owner [ ] employee [✓] independent contractor.
      (ii) Registration No.: 6130
      (iii) County: Los Angeles

8.  [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 10/18/11

Tony Sandoval, CPS
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE )

POS-010 [Rev. January 1, 2007]        **PROOF OF SERVICE OF SUMMONS**      Page 2 of 2

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X      ☐ Agent   ☐ Addressee<br>B. Received by ( *Printed Name* )   C. Date of Delivery   10-11-11 |
| 1. Article Addressed to:<br><br>PNEUMO-ABEX CORPORATION<br>Third St. & Jefferson Ave.<br>Camden, NJ 08104 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7010 3090 0001 0259 9358 |

PS Form 3811, February 2004      Domestic Return Receipt   Bell, D      102595-02-M-1540

**Exhibit C**

1   Edward R. Hugo [Bar No. 124839]
    Donna L. Maul [Bar No. 191119]
2   BRYDON HUGO & PARKER
    135 Main Street, 20th Floor
3   San Francisco, CA 94105
    Telephone: (415) 808-030
4   Fax: (415) 808-0333
    Email: dmaul@bhplaw.com
5
    Attorneys for Defendant
6   PNEUMO ABEX LLC
    successor in interest to Abex Corporation erroneously sued herein as PNEUMO-ABEX
7   CORPORATION

8

9                   SUPERIOR COURT - STATE OF CALIFORNIA

10              COUNTY OF ALAMEDA - UNLIMITED JURISDICTION

11

12   DONALD BELL and SUMIKO BELL,         | Case No. RG11593882

13                   Plaintiffs,          | ANSWER OF  PNEUMO ABEX LLC
                 vs.                       | successor in interest to Abex Corporation
14                                         | erroneously sued herein as PNEUMO-ABEX
     ARVIN MERITOR, INC., et al.,          | CORPORATION TO COMPLAINT FOR
15                                         | PERSONAL INJURIES – ASBESTOS
                 Defendants.               |

16

17       COMES NOW Defendant PNEUMO ABEX LLC successor in interest to Abex

18   Corporation (hereinafter "Defendant" or "ABEX"), erroneously sued herein as PNEUMO-

19   ABEX CORPORATION and answers plaintiffs' Complaint for Personal Injuries – Asbestos

20   (hereinafter the "Complaint") on file as follows:

21                              **GENERAL DENIAL**

22       Under the provisions of Section 431.30(d), California Code of Civil Procedure, this

23   answering defendant denies each and every allegation of plaintiff's Complaint and the

24   whole thereof, and denies that plaintiff has been damaged in any sum or amount

25   whatsoever, or at all, and denies that plaintiff is entitled to recover damages of any kind

26   in any amount whatsoever from ABEX.

27              **RESERVATION OF RIGHT TO TRIAL BY JURY**

28       ABEX reserves the right to a trial by jury.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

RECEIVED

NOV 17 2011

Initials: AHC
Time: 1:40
Via: USPS

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Failure to State a Cause of Action

This answering defendant alleges that plaintiff's Complaint and each of the causes of action for relief alleged therein, fails to state a cause of action against this answering defendant.

SECOND AFFIRMATIVE DEFENSE

Contravention of Defendant's Constitutional Rights to Due Process of Law

The Complaint and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer of, and contractor using or distributing the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that plaintiff has asserted a claim for relief which, if granted, would contravene defendant's constitutional rights to substantive and procedural due process of law as preserved for defendant by the Fourteenth Amendment of the United States Constitution and by Article I, Section 7, of the Constitution of the State of California.

THIRD AFFIRMATIVE DEFENSE

Denial of Defendant's Constitutional Rights to Equal Protection of the Laws

The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action in that plaintiff has asserted claims for relief which, if granted, would constitute a denial by this Court of defendant's constitutional right to equal protection of the laws as preserved by the Fourteenth Amendment of the United States Constitution and by Article I, Section 7, of the Constitution of the State of California.

FOURTH AFFIRMATIVE DEFENSE

Unconstitutional Taking of Private Property for Public Use Without Just Compensation

The Complaint, and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer, and contractor using or distributing the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

2

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  plaintiff has asserted claims for relief which, if granted, would constitute the taking of

2  private property for public use without just compensation in contravention of the Fifth and

3  Fourteenth Amendments to the United States Constitution and by Article I, Section 7 and

4  19, of the Constitution of the State of California, and the applicable California statutes.

FIFTH AFFIRMATIVE DEFENSE

Comparative Fault

7       This answering defendant alleges that the damages, if any, complained of by

8  plaintiff, were proximately caused by the negligence, fault, breach of contract and/or strict

9  liability of plaintiff or other defendants, firms, persons, corporations, unions, employers

10  and entities other than ABEX, and that said negligence, fault, breach of contract and/or

11  strict liability comparatively reduces the percentage of any negligence, fault, breach of

12  contract or strict liability for which ABEX is legally responsible, if any be found, which

13  liability  this defendant expressly denies.  Further, this answering defendant alleges that

14  plaintiff did not exercise ordinary care, caution or prudence to avoid the incidents

15  complained of herein, and said incidents and the injuries and damages, if any, sustained by

16  plaintiff, were directly and proximately caused and contributed to by the carelessness and

17  negligence of said plaintiff.

SIXTH AFFIRMATIVE DEFENSE

Contributory Negligence

20       This answering defendant alleges that plaintiff did not exercise ordinary care,

21  caution or prudence to avoid the incidents complained of herein, and said incidents and the

22  injuries and damages, if any, sustained by plaintiff, were directly and proximately caused

23  and contributed to by the carelessness and negligence of said plaintiff.

SEVENTH AFFIRMATIVE DEFENSE

Uncertainty

26       This answering defendant alleges that plaintiff's Complaint and all purported causes

27  of action therein are vague, ambiguous and uncertain, and fail to state a cause of action on

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  any theory.

## EIGHTH AFFIRMATIVE DEFENSE

### Laches

This answering defendant alleges that plaintiff unreasonably delayed in bringing this action and that such delay substantially prejudiced defendant, and that this action is therefore barred by the Doctrine of Laches.

## NINTH AFFIRMATIVE DEFENSE

### Statute of Limitations

This answering defendant alleges that plaintiff's Complaint and the purported causes of action therein are barred by all statutes of limitation, including, but not limited to, the provisions of California Code of Civil Procedure §§ 338, 338.1, 339(1), 340, 340(3) and 340.2, 343, 352, 366.1, 366.2 and California Commercial Code § 2725. Plaintiff's claims are further barred by the statute of limitations of states other than California pursuant to California Code of Civil Procedure § 361.

## TENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

This answering defendant alleges that plaintiff failed to mitigate damages which plaintiff contends he suffered, and plaintiff is therefore barred from any recovery whatsoever, or alternatively, any damages found must be reduced in proportion to such failure to mitigate.

## ELEVENTH AFFIRMATIVE DEFENSE

### Estoppel

This answering defendant alleges that as a result of the acts, conduct and/or omissions of plaintiff and his agents, or any of them, and each cause of action presented therein, is barred under the Doctrine of Estoppel.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

4

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

TWELFTH AFFIRMATIVE DEFENSE

2

Waiver

3   This answering defendant alleges that plaintiff, by his acts, conduct and omissions,

4 has waived the claims alleged in his Complaint and in each purported cause of action

5 alleged therein.

6

THIRTEENTH AFFIRMATIVE DEFENSE

7

Acquiescence

8   Plaintiff acknowledged, ratified, consented to, and acquiesced in the alleged acts or

9 omissions, if any, of this answering defendant, thus barring plaintiff from any relief as

10 prayed for herein.

11

FOURTEENTH AFFIRMATIVE DEFENSE

12

Notice of Dangers

13   Plaintiff was advised, informed, and warned of any potential hazards and/or

14 dangers, if there were any, associated with the normal or foreseeable use, handling, storage

15 and in place asbestos of the products, substances, equipment and at premises in which

16 exposure is claimed as is described in the Complaint and is therefore barred from any relief

17 prayed for.

18

FIFTEENTH AFFIRMATIVE DEFENSE

19

Compliance with Statutes

20   This answering defendant alleges that all of its conduct and activities as alleged in

21 the plaintiff's Complaint conformed to statutes, government regulations, and industry

22 standards based upon the state of knowledge existing at all relevant times.

23

SIXTEENTH AFFIRMATIVE DEFENSE

24

Compliance with Specifications

25   This answering defendant alleges that the asbestos products or asbestos used or in

26 place at any premises, if any, for which ABEX had any legal responsibility, were

27 manufactured, packaged, distributed or sold in accordance with contract specifications

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

5

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1 imposed by its co-defendants, by the U.S. Government, by the State of California, by

2 plaintiff's employers, or by third parties yet to be identified.

3 SEVENTEENTH AFFIRMATIVE DEFENSE

4 No Conspiracy

5 This answering defendant alleges that ABEX has no liability for the acts, omissions

6 or otherwise of any other defendant or entity because ABEX did not become legally

7 responsible for the acts of any such defendant, nor entity, by any communication, alleged,

8 implied, or actual, nor act, action, or activity, and never was, nor is, a conspirator nor co-

9 conspirator with any other defendant or entity.

10 EIGHTEENTH AFFIRMATIVE DEFENSE

11 State-of-the-Art

12 This answering defendant alleges that all of its activities, products, materials and its

13 premises at issue here at all times were conducted, used, produced, marketed, and

14 operated in conformity with the existing scientific, medical industrial hygiene and

15 consumer knowledge, art and practice and state-of-the-art.

16 NINETEENTH AFFIRMATIVE DEFENSE

17 No Foreseeable Risk to Plaintiff

18 The state of the medical, scientific, and industrial knowledge and practice was at all

19 material times such that defendant neither breached any alleged duty owed plaintiff, nor

20 knew, nor could have known, that its activities, materials, products, activities or premises

21 presented a foreseeable risk of harm to plaintiff in the normal and expected course of such

22 activities and use of such materials and products.

23 TWENTIETH AFFIRMATIVE DEFENSE

24 No Right to Control

25 This answering defendant alleges that any loss, injury, or damage incurred by

26 Plaintiff was proximately and legally caused by the negligent or willful acts or omissions of

27 parties which ABEX neither controlled, nor had the right to control, and was not

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

6

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1 proximately caused by any acts, omissions, or other conduct of ABEX.

2 TWENTY-FIRST AFFIRMATIVE DEFENSE

3 Action for Relief

4 This answering defendant alleges the causes of action, if any, attempted to be stated

5 and set forth in the Complaint, are barred by the provisions of the Code of Civil Procedure

6 of the State of California and/or other statutes of the State of California, including without

7 limitation C.C.P. § 338(d).

8 TWENTY-SECOND AFFIRMATIVE DEFENSE

9 Misuse and Improper Use of Products

10 This answering defendant alleges that if the plaintiff allegedly suffered injuries

11 attributable to the disturbance or use of any product for which ABEX had any legal

12 responsibility, which allegations are expressly herein denied, the injuries were solely

13 caused by, and attributable to the unreasonable, unforeseeable, and inappropriate purpose

14 and improper use and abuse which was made of said product by persons or entities other

15 than ABEX.

16 TWENTY-THIRD AFFIRMATIVE DEFENSE

17 Due Care and Diligence

18 This answering defendant alleges that ABEX exercised due care and diligence in all

19 of the matters alleged in the Complaint, and no act or omission by ABEX was the proximate

20 cause of any damage, injury or loss to plaintiff.

21 TWENTY-FOURTH AFFIRMATIVE DEFENSE

22 Alteration and Misuse of Product

23 This answering defendant alleges that an insubstantial amount, if any at all, of the

24 products containing asbestos distributed, used, supplied by defendant or used or in place

25 at any premises owned or controlled by defendant, were not disturbed or used in the

26 presence of plaintiff and not supplied to the plaintiff, and if so, were substantially altered

27 by others and/or used in a manner inconsistent with the labeled directions.

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

7

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1                   TWENTY-FIFTH AFFIRMATIVE DEFENSE

2                   Equal or Greater Knowledge of Hazards

3       This answering defendant alleges that any and all products containing asbestos

4 used, distributed or supplied by defendant were distributed or supplied to, or for, persons

5 or entities who had knowledge with respect to the hazards, if any, resulting from exposure

6 to products containing asbestos, which knowledge is equal to or greater than the

7 knowledge of ABEX.

8                   TWENTY-SIXTH AFFIRMATIVE DEFENSE

9                   Other Parties' Liability and Negligence

10      This answering defendant alleges that if there was any negligence or any other form

11 of liability on the part of any of the parties named herein, it was the sole and exclusive

12 negligence and liability of the other persons or entities and not of ABEX.

13                TWENTY-SEVENTH AFFIRMATIVE DEFENSE

14                     Apportionment and Offset

15      This answering defendant is informed and believes and thereon alleges that

16 plaintiff's acts and omissions, including plaintiff's agents, servants, and employees acting

17 within the course and scope of their employment, and others, contributed to the alleged

18 damages, injury, or loss, if any, sustained by plaintiff.  Defendant requests that the Court

19 apply the principles of apportionment and offset so as to permit the Court or jury to

20 apportion liability according to fault and to grant defendant a corresponding offset against

21 any damages awarded to plaintiff.

22                 TWENTY-EIGHTH AFFIRMATIVE DEFENSE

23                 Contribution/Equitable Indemnity

24      This answering defendant alleges, in the event it is held liable to Plaintiff, any such

25 liability is expressly herein denied, and any other co-defendants are likewise held liable,

26 ABEX is entitled to a percentage contribution of the total liability from said co-defendants

27 in accordance with the principles of equitable indemnity and comparative contribution.

28

BRYDON
IUGO & PARKER
20TH FLOOR
135 MAIN STREET
an Francisco, CA 94105

8

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

TWENTY-NINTH AFFIRMATIVE DEFENSE

2

Assumption of Risk by Plaintiff's Employer(s)

3

This answering defendant alleges that the Complaint and each cause of action

4

alleged therein are barred on the grounds that plaintiff's employer or employers knowingly

5

entered into and engaged in the operations, acts and conduct alleged in the Complaint, and

6

voluntarily and knowingly assumed all of the risks incident to said operations, acts and

7

conduct at the time and place mentioned in the Complaint.

8

THIRTIETH AFFIRMATIVE DEFENSE

9

Assumption of Risk

10

This answering defendant alleges plaintiff assumed the risk of the matters referred

11

to in his Complaint and that plaintiff knew and appreciated the nature of the risk and that

12

the plaintiff voluntarily accepted this risk.

13

THIRTY-FIRST AFFIRMATIVE DEFENSE

14

No Market Share

15

This answering defendant alleges that ABEX did not have an appreciable share of

16

the market for the asbestos-containing products which allegedly caused plaintiff's injuries,

17

which occurrence ABEX expressly denies.  Accordingly, ABEX may not be held liable to

18

plaintiff based on its alleged share of the applicable product market.

19

THIRTY-SECOND AFFIRMATIVE DEFENSE

20

Plaintiff Fails to Join a Substantial Market Share

21

The Complaint, and each cause of action thereof, fails to state facts sufficient to

22

constitute a cause of action against this answering defendant, in that defendant has failed to

23

join a substantial market share of the producers or products to which plaintiff was

24

allegedly exposed.

25

THIRTY-THIRD AFFIRMATIVE DEFENSE

26

Insufficient Facts to Show Substantial Market Share of this Defendant

27

To the extent the Complaint asserts defendant's alleged "alternative," "market

28

BRYDON
HUGO & PARKER
20TH FLOOR
135 MAIN STREET
an Francisco, CA 94105

9

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  share," or "enterprise" liability, the Complaint fails to state facts sufficient to constitute a

2  cause of action against this defendant.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### Independent, Intervening or Superseding Cause

5       This answering defendant alleges that if plaintiff suffered any injuries attributable to

6  the use of any product containing asbestos which was used, distributed or sold by

7  defendant, which allegations are expressly denied herein, the injuries were solely caused by

8  an unforeseeable, independent intervening and/or superseding event beyond the control

9  and unrelated to any conduct of defendant.  Defendant's actions, if any, were superseded

10  by the negligence and wrongful conduct of others.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### Not a Substantial Factor

13       This answering defendant alleges that the Complaint and each cause of action

14  therein presented are barred on the grounds that the products, conduct, materials or

15  premises of defendant as referred to in plaintiff's Complaint, if any, were not a substantial

16  factor in bringing about the injuries and damages complained of by plaintiff and did not

17  increase the risk that plaintiff would suffer the injuries and damages complained of.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### Insufficient Exposure

20       Any exposure of plaintiff to defendant's activities, products or exposure to asbestos

21  or asbestos-containing products at ABEX's premises was so minimal as to be insufficient to

22  establish by a reasonable degree of probability that any such product caused any alleged

23  injury, damage, or loss to plaintiff.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### No Successor Liability

26       This answering defendant alleges that ABEX has no liability for the acts, omissions

27  or otherwise of any other defendant or any other entity because ABEX did not become

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

10

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  legally responsible for the acts of any such defendant or entity given the facts and

2  circumstances of the pertinent transactions and never was, nor is, a successor-in-interest, a

3  successor-in-liability or an alternate entity for any other user, manufacturer, supplier,

4  seller, distributor or premises holder relating to asbestos or asbestos-containing products.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### Lack of Privity

7  This answering defendant alleges that plaintiff has failed to state a cause of action in

8  that the Complaint fails to allege that there was privity between defendant on the one

9  hand, and plaintiff on the other, and furthermore, such privity did not exist between

10 defendant on the one hand, and plaintiff on the other.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### Secondary Assumption of Risk

13 This answering defendant alleges that any and all products containing asbestos

14 used, distributed or supplied by defendant were used, distributed or supplied to, or for,

15 persons or entities who had knowledge with respect to the hazards, if any, resulting from

16 exposure to products containing asbestos, which is equal to or greater than, the knowledge

17 of ABEX, *i.e.* ABEX's liability should be reduced in proportion to the knowledge of plaintiff.

### FORTIETH AFFIRMATIVE DEFENSE

#### Civil Code Section 1431.2

20 This answering defendant alleges that the provisions of California Civil Code §

21 1431.2 (commonly referred to as "Proposition 51") are applicable to plaintiff's Complaint

22 and to each cause of action therein.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### Workers' Compensation Exclusive Remedy

25 This answering defendant alleges that the Complaint is barred by the exclusivity

26 provisions of the California Workers' Compensation laws, including, but not limited to,

27 California Labor Code §§ 3600, *et seq.*

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

11

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

FORTY-SECOND AFFIRMATIVE DEFENSE

2

Offset for Workers' Compensation Benefits

3       This answering defendant alleges that to the extent plaintiff herein recovered, or in

4   the future may recover, any monies in connection with any claim for workers'

5   compensation benefits, any amounts recovered in this action are subject to a claim by

6   defendant for a credit or offset.

7

FORTY-THIRD AFFIRMATIVE DEFENSE

8

Express Contractual Indemnity

9       This answering defendant alleges that if plaintiff claims exposure to asbestos or

10  asbestos-containing products at a ABEX premises, ABEX contracted with plaintiff and/or

11  plaintiff's employer(s) for them to fully assume all responsibility for insuring plaintiff's

12  safety, to guarantee that no hazardous condition existed, and/or to warn and protect

13  against any such conditions, during the performance of plaintiff's work, and, further, to

14  fully indemnify ABEX, and to hold ABEX harmless, for all responsibility and liability

15  arising out of said work, and/or any injuries allegedly incurred by plaintiff as a result of

16  any of said work.  ABEX reserves all rights to assert these provisions of contractual

17  indemnity.

18

FORTY-FOURTH AFFIRMATIVE DEFENSE

19

Consent

20      This answering defendant alleges that at all times mentioned, plaintiff consented to

21  the alleged acts or omissions of ABEX.

22

FORTY-FIFTH AFFIRMATIVE DEFENSE

23

Unusual Susceptibility

24      This answering defendant alleges that each of plaintiff's injuries and damages, if

25  any, were proximately caused or contributed to by plaintiff's unforeseeable idiosyncratic

26  condition, unusual susceptibility, or hypersensitivity reactions for which ABEX is not liable.

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
an Francisco, CA 94105

12

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1
## FORTY-SIXTH AFFIRMATIVE DEFENSE

2
### Good Faith

3   This answering defendant alleges that plaintiff's claim for punitive damages is

4 barred because ABEX at all times and places mentioned in the Complaint acted reasonably

5 and in good faith, and without malice or oppression towards the plaintiff.

6
## FORTY-SEVENTH AFFIRMATIVE DEFENSE

7
### Sophisticated User

8   This answering defendant alleges that ABEX was under no legal duty to warn

9 plaintiff of the hazard associated with the use of products containing asbestos or their

10 existence at any premises owned, operated, controlled or otherwise by ABEX.  The

11 purchasers of said products, the plaintiff, plaintiff's employers, his unions or certain third

12 parties yet to be identified, were knowledgeable and sophisticated users and were in a

13 better position to warn plaintiff of the risk associated with using products containing

14 asbestos and, assuming a warning was required, it was the failure of such persons or

15 entities to give such a warning that was the proximate and superseding cause of plaintiff's

16 damages, if any.

17
## FORTY-EIGHTH AFFIRMATIVE DEFENSE

18
### Work Hazard Precautions

19   This answering defendant alleges that plaintiff's employer(s) was/were advised and

20 warned of any potential hazards and/or dangers associated with the normal and

21 foreseeable conduct with, or storage and disposal of the products referred to in the

22 Complaint, in a manner which was adequate notice to an industrial user of such product to

23 enable it to inform its employees to take appropriate work precautions to prevent injurious

24 exposure.

25
## FORTY-NINTH AFFIRMATIVE DEFENSE

26
### Failure to Join Indispensable Parties

27   Plaintiff herein has failed to join indispensable parties (California Code of Civil

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
an Francisco, CA 94105

13

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   Procedure, § 389) and the Complaint is thereby defective, and plaintiff is thereby precluded

2   from any recovery whatsoever as prayed for herein.

3   FIFTIETH AFFIRMATIVE DEFENSE

4   No Standing Under California Civil Code §§ 1708-1710

5   Plaintiff has no standing nor right to sue for fraud and conspiracy, breach of

6   warranty, deceit, or any cause of action under California Civil Code, §§ 1708-1710, and

7   therefore the Complaint and each cause of action thereof fails to state facts sufficient to

8   constitute a cause of action against this answering defendant.

9   FIFTY-FIRST AFFIRMATIVE DEFENSE

10   Plaintiff is not a Real Party in Interest

11   Plaintiff, and each of them, herein lacks legal capacity to sue and is not a real party

12   in interest and is thereby precluded from any recovery whatsoever as prayed for herein.

13   FIFTY-SECOND AFFIRMATIVE DEFENSE

14   Fraud and Conspiracy are Not Separate Forms of Damages

15   Fraud and conspiracy do not constitute a separate and distinct form of damages

16   from general damages, and, therefore, the prayer for fraud and conspiracy in addition to

17   general damages does not sufficiently support or constitute a separate claim for damages

18   against this answering defendant, but is simply cumulative and included in general

19   damages.

20   FIFTY-THIRD AFFIRMATIVE DEFENSE

21   Failure to Allege with Particularity

22   This answering defendant alleges that plaintiff's Complaint fails to set out its claims

23   with sufficient particularity to permit defendant to raise all appropriate defenses and, thus,

24   defendant reserves the right to add additional defenses as the factual basis for these claims

25   becomes known.

26

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

14

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    ### FIFTY-FOURTH AFFIRMATIVE DEFENSE

2    #### Negligent Hiring Claim Invalid

3    An employee of an independent contractor may not pursue a claim for negligent

4    hiring against a hirer of the independent contractor.  (*See Camargo v. Tjaarda Dairy* (2001) 25

5    Cal. 4th 1235.)

6    ### FIFTY-FIFTH AFFIRMATIVE DEFENSE

7    #### Right to Amend

8    This defendant will assert any and all additional defenses that arise during the

9    course of this litigation and reserves the right to amend its answer to assert such defenses.

10   ### FIFTY-SIXTH AFFIRMATIVE DEFENSE

11   #### Alternate Unknown Cause

12   The alleged injuries and damages, if any, may be in whole or in part due to injury,

13   disease or cause other than as alleged.

14   ### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

15   #### No Concert of Action

16   There is no concert of action between defendant and any of the other named

17   defendants.  Defendants are not joint tortfeasors and accordingly, defendant may not be

18   held jointly and severally liable with the other named defendants.

19   ### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

20   #### Preemption under FELA

21   The answering defendant alleges that plaintiffs' causes of action are preempted by

22   and subject to the Federal Employer's Liability Act, 45 U.S.C., Section 51, et seq. ("FELA")

23   which provides Plaintiffs with their exclusive remedy.  All non-FELA stated causes of

24   action are inapplicable, including but not limited to Plaintiffs' claim for loss of consortium,

25   to this defendant by virtue of FELA preemption.

26

27

28

1    FIFTY-NINETH AFFIRMATIVE DEFENSE

2    Preemption under BIA, SFA

3    The answering defendant alleges that plaintiffs' cause of action are preempted by

4    federal law including but not limited to the Boiler Inspection Act, the Federal Locomotive

5    Inspection Act, the Federal Railroad Administration Safety, Maintenance Rules, The Safety

6    Appliance Act and the Commerce Clause of the United States Constitution.

7    SIXTYTH AFFIRMATIVE DEFENSE

8    Misnomer of Party and Insufficient Service of Process

9    The answering Defendant alleges that plaintiff's Complaint and all purported causes

10   of action were improperly pleaded and served on PNEUMO ABEX LLC, who is misnamed

11   and erroneously sued. The correct entity for imposition of liability, if any, is Pneumo Abex

12   LLC successor in interest to Abex Corporation. As such, the service of the Summons and

13   Complaint is insufficient service of process, under California Code of Civil Procedure

14   section 416.10 to subject this Defendant to the jurisdiction of the Court.

15   **PRAYER**

16   WHEREFORE, this answering defendant prays for judgment as follows:

17       1.    That Plaintiffs take nothing by reason of her Complaint or any claims stated

18   therein;

19       2.    That Plaintiffs' Complaint and each cause of action contained therein be

20   dismissed with prejudice against ABEX;

21       3.    For costs of suit; and

22

23

24

25

26

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
an Francisco, CA 94105

16

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1      4.     For such other and further relief as the Court deems just and appropriate in

2 the circumstances.

3 Dated: November /10/2011             BRYDON HUGO & PARKER

4

5                    By:                                              
Edward R. Hugo

6                                                 Donna L. Maul
Attorneys for Defendant

7                                                 PNEUMO ABEX LLC
successor in interest to Abex Corporation

8                                                 erroneously sued herein as PNEUMO-
ABEX CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

DEFENDANT PNEUMO ABEX LLC'S ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

*Bell, Donald & Sumiko*
Alameda County Superior Court Case No. RG11593882

## PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105. On the date below, I served the following:

ANSWER OF PNEUMO ABEX LLC successor in interest to Abex Corporation erroneously sued herein as PNEUMO-ABEX CORPORATION TO COMPLAINT FOR PERSONAL INJURIES – ASBESTOS

on the following:

Keller Fishback & Jackson LLP
18425 Burbank Blvd., Suite 610
Tarzana, CA 91356
Fax: (818) 342-7616

X   By placing the document(s) listed above in a sealed envelope and placing the envelope for collection and mailing on the date below following the firm's ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal service on the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the above is true and correct. Executed on November 15, 2011, at San Francisco, California.

Julia A. Neymark

1

**Exhibit D**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
STEPHEN FISHBACK, ESQ.,
KELLER, FISHBACK & JACKSON, LLP
18425 BURBANK BVLD., SUITE 610
TARZANA, CA 91356
TELEPHONE NO.: 818-342-7442     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 5 2011

CLERK OF THE SUPERIOR COURT
By Molly Kautz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF *ALAMEDA*
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER: DONALD BELL

DEFENDANT/RESPONDENT: ARVIN MERITOR

CASE NUMBER:
RG 11593882

PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER
      NOTICE OF JUDICIAL ASSIGMENT; CIVIL CASE COVER SHEET ADDENDUM
3. a. Party served (specify name of party as shown on documents served):
      HONDA NORTH AMERICA, INC.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      RHONDA TUCK ;  AGENT FOR SERVICE CSC
4. Address where the party was served: 2730 GATEWAY OAKS DR., #100, SACRAMENTO, CA
5. I served the party (check proper box)
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 9-26-11     (2) at (time): 3:07 PM
   b. ☐ by substituted service. On (date):     at (time):     I left the documents listed in item 2 with or
      in the presence of (name and title or relationship to person indicated in item 3):

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business
         of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
         place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed
         him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
         at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         (date):     from (city):     or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

www.accesslaw.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | RG 11593882 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date):*                          (2) from *(city):*

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
  to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

  (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* HONDA NORTH AMERICA, INC.
  under the following Code of Civil Procedure section:

  ☑ 416.10 (corporation)                        ☐ 415.95 (business organization, form unknown)
  ☐ 416.20 (defunct corporation)               ☐ 416.60 (minor)
  ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
  ☐ 416.40 (association or partnership)        ☐ 416.90 (authorized person)
  ☐ 416.50 (public entity)                     ☐ 415.46 (occupant)
                                                ☐ other:

7. **Person who served papers**
  a. Name: PATRICK A. BURNETT                    SERVICE FIRST LEGAL PROCESS
  b. Address: PO BOX 2257, STOCKTON, CA 95201
  c. Telephone number: 209-477-8059
  d. **The fee** for service was: $45.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☑ owner  ☐ employee  ☐ independent contractor.
      (ii) Registration No.: REG NO 300
      (iii) County: SAN JOAQUIN CO.

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 9-27-11

PATRICK A. BURNETT
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE )

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**                    Page 2 of 2

**Exhibit E**

# KELLER, FISHBACK & JACKSON LLP

**N E W   Y O R K   •   L O S   A N G E L E S   •   S A N   F R A N C I S C O**

December 7, 2011

*VIA FACSIMILE 510.658.1151*

Paige A. Kramser Stenrud
Becherer Kannett & Schweitzer
The Water Tower
1255 Powell Street
Emeryville, CA 94608

> Re:   Donald W. Bell, *et al.* v. Arvin Meritor, *et al.*
>       Alameda Superior Court Case No.:  RG11593882
>       Your client: American Honda Motor Company, Inc.

Dear Ms. Stenrud,

Pursuant to your letter dated October 24, 2011, attached hereto you will find a filed copy dated November 01, 2011 of the Amendment to Complaint from Honda North America, Inc. to **American Honda Motor Company.**

Should you have any questions, please do not hesitate to contact me.

Sincerely,

/s/

Rohit Kodical

Encl.



ORIGINAL

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, telephone number, and attorney State Bar number)*: | Reserved for Clerk's File Stamp |
|---|---|
| Rohit Kodical ( State Bar No. 215497) Keller Fishback & Jackson LLP 18425 Burbank Blvd, Ste. 610 Tarzana, CA 91356 ATTORNEY FOR *(Name)*: Plaintiffs | **FILED ALAMEDA COUNT** NOV 0 1 2011 CLERK OF THE SUPERIOR COURT By _____ Peshd |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA | |
| COURT ADDRESS 201 13th Street, Oakland, CA 94612 | |
| PLAINTIFF Donald W Bell and Sumiko Bell | |
| DEFENDANT Arvin Meritor, Inc., et al. | |
| **AMENDMENT TO COMPLAINT** (Fictitious/Incorrect Name) | CASE NUMBER RG 11-593882 |

☐ **FICTITIOUS NAME** *(No order required)*

Upon filing the complaint in this case, the plaintiff, being ignorant of the true name of a defendant and having designated the defendant in the complaint by the fictitious name of:

and having discovered the defendant's true name to be:

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

☑ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

Honda North America, Inc

and having discovered the true name of the defendant to be:

American Honda Motor Company, Inc

amends the complaint by inserting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE |
|---|---|---|
| 10·27·2011 | Rohit Kodical | ☑ _____ |

ORDER

THE COURT ORDERS the amendment approved and filed.

Date: _____

☐ Judge   ☐ Commissioner

| FORM NO. AC-001 (New 4-00) | AMENDMENT TO COMPLAINT (Fictitious/Incorrect Name) | C.C.P. §§471.5, 472, 473, 474 |
|---|---|---|
| | | 2001 © American LegalNet, Inc |

```
                    *********************
              ***   TX REPORT   ***
                    *********************


     TRANSMISSION OK

     TX/RX NO              0128
     RECIPIENT ADDRESS     15106581151
     DESTINATION ID
     ST. TIME              12/07 15:17
     TIME USE              00'33
     PAGES SENT            2
     RESULT                OK
```

# KELLER, FISHBACK & JACKSON LLP

NEW YORK    •    LOS ANGELES    •    SAN FRANCISCO

December 7, 2011

*VIA FACSIMILE 510.658.1151*

Paige A. Kramser Stenrud
Becherer Kannett & Schweitzer
The Water Tower
1255 Powell Street
Emeryville, CA 94608

      Re:    Donald W. Bell, *et al.* v. Arvin Meritor, *et al.*
             Alameda Superior Court Case No.: RG11593882
             Your client: American Honda Motor Company, Inc.

Dear Ms. Stenrud,

        Pursuant to your letter dated October 24, 2011, attached hereto you will find a filed copy dated November 01, 2011 of the Amendment to Complaint from Honda North America, Inc. to **American Honda Motor Company.**

        Should you have any questions, please do not hesitate to contact me.

                     Sincerely,

                     /s/

                 Rohit Kodical

1  **KELLER, FISHBACK & JACKSON LLP**
   Stephen M. Fishback (State Bar No. 191646)
2  Rohit S. Kodical (State Bar No. 215497)
   18425 Burbank Blvd., Suite 610
3  Tarzana, California 91356
   Telephone: 818.342.7442
4  Facsimile:  818.342.7616

5  Attorneys for Plaintiffs

6

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
   **FOR THE COUNTY OF ALAMEDA**

9

10 | DONALD BELL and SUMIKO BELL, | Case No. RG11593882 |
   |---|---|
11 | Plaintiffs, | PROOF OF SERVICE |
12 | | |
13 | vs. | |
14 | ARVIN MERITOR, INC., et al., | |
15 | Defendants. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

Case: <u>Donald W. Bell, *et al.* v. Arvin Meritor, *et al.*</u>
ACSC Case No. RG11593882

3

4       I am over the age of eighteen years and am employed in the county of Los Angeles, state of California. I am employed at KELLER, FISHBACK & JACKSON LLP, a law firm with principals who are members of the Bar of the state of California, and I made the service referred to

5    below at their direction. My business address is 18425 Burbank Blvd., Suite 610 Tarzana, CA 91356

6
        On **December 7, 2011** I served (a) true copy(ies) of:

7

## AMENDMENT TO COMPLAINT

8

[**X**]      **VIA FACSIMILE** by transmitting the same via facsimile to the party(ies) listed below

9    using the facsimile number(s) listed beneath each name as shown below. I caused the machine to print a transmission report of the transmission(s) confirming that the facsimile(s) was/were

10   sent and received without error.

11                                    **Paige A. Kramser Stenrud**
                                    **Becherer Kannett & Schweitzer**
12                                       **The Water Tower**
                                        **1255 Powell Street**
13                                    **Emeryville, CA 94608**

14       I have prepared the copy(ies) and/or the envelope(s) containing the copy(ies) to be served in accordance with the manner described above for delivery in accordance with normal practices.

15   I further certify that I am fully familiar with the regular business practices of Keller, Fishback & Jackson LLP and I know the firm's procedures to be safe and reliable for delivery of said

16   document(s) as described above.

17       I certify under penalty of perjury, under the laws of the state of California and the United States of America, that the foregoing is true and correct.

18
        Executed on **December 7, 2011** at Tarzana, California.

19

20                                                              Britney Durbin

21

22

23

24

25

26

27

28

1

**Exhibit F**

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**                                                    MDL No. 875

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO−479)

On July 29, 1991, the Panel transferred 21,937 civil action(s) to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* 771 F.Supp. 415 (J.P.M.L. 1991). Since that time, 86,369 additional action(s) have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Eduardo C Robreno.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Robreno.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, and, with the consent of that court, assigned to the Honorable Eduardo C Robreno.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)**                                          MDL No. 875

**SCHEDULE CTO−479 − TAG−ALONG ACTIONS**

| <u>**DIST**</u> | <u>**DIV.**</u> | <u>**C.A.NO.**</u> | <u>**CASE CAPTION**</u> |
|---|---|---|---|

CALIFORNIA NORTHERN

| CAN | 3 | 12−00131 | Bell et al v. Arvin Meritor, Inc. et al |

**Exhibit G**

### BEFORE THE JUDICIAL PANEL ON
### MULTIDISTRICT LITIGATION

#### MDL No. 875 – In re Asbestos Litigation

***Donald W. Bell, et al. v. Arvin Meritor, Inc., et al.*** N.D. California No. 3:12-cv-00131-JCS

I represent plaintiffs, Donald W. Bell and Sumiko Bell in the above-captioned action, I write to notify the Judicial Panel on Multidistrict Litigation of Plaintiffs' opposition to the conditional transfer order (CTO-479), CAN No.: 3 12-00131, transferring the above-captioned action to the United States District Court for the Eastern District of Pennsylvania. I also write to inform the Panel of Plaintiffs' filing of a motion to remand the above-captioned action to the Superior Court of California, County of Alameda set to be heard on March 2, 2012, before the Honorable Joseph C. Spero in the U.S. District Court for the Northern District of California. Accordingly, Plaintiffs request that any decision on the transfer of the above captioned to the Eastern District of Pennsylvania be continued to a date after Plaintiffs' motion to remand is heard on March 2, 2012. Plaintiffs intend to file a motion to vacate the conditional transfer order and brief in support thereof in accordance with R.P.J.P.M.L. Rule 7.4.

Sincerely,

/s/ Tenny Mirzayan

Tenny Mirzayan
Keller Fishback & Jackson LLP
18425 Burbank Blvd., Ste. 610
Tarzana, CA 91356
818.342.7442 Telephone
818.342.7616 Facsimile
tmirzayan@kfjlegal.com

Counsel for Plaintiffs
Donald W. Bell and Sumiko Bell

**Exhibit H**

**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

**MDL No. 875 – In re Asbestos Litigation**

*Donald W. Bell, et al. v. Arvin Meritor, Inc., et al.* N.D. California No. 3:12-cv-00131-JCS

I represent plaintiffs, Donald W. Bell and Sumiko Bell in the above-captioned action, I write to notify the Judicial Panel on Multidistrict Litigation of Plaintiffs' opposition to the conditional transfer order (CTO-479), CAN No.: 3 12-00131, transferring the above-captioned action to the United States District Court for the Eastern District of Pennsylvania. I also write to inform the Panel of Plaintiffs' filing of a motion to remand the above-captioned action to the Superior Court of California, County of Alameda set to be heard on March 16, 2012, before the Honorable Joseph C. Spero in the U.S. District Court for the Northern District of California. Defendants' Notice of Removal in this matter is procedurally defective, as it is untimely and not all Defendants consented to the Removal, as required for all Removal issues based upon federal enclave jurisdiction. Accordingly, Plaintiffs request that any decision on the transfer of the above captioned to the Eastern District of Pennsylvania be continued to a date after Plaintiffs' motion to remand is heard on March 16, 2012. Plaintiffs intend to file a motion to vacate the conditional transfer order and brief in support thereof in accordance with R.P.J.P.M.L. Rule 7.4, however in an effort to conserve resources, plaintiffs request a continuance of time to do so, pending the hearing on the motion for remand.

> Sincerely,
>
> /s/ Tenny Mirzayan
>
> Tenny Mirzayan
> Keller Fishback & Jackson LLP
> 18425 Burbank Blvd., Ste. 610
> Tarzana, CA 91356
> 818.342.7442 Telephone
> 818.342.7616 Facsimile
> tmirzayan@kfjlegal.com
>
> Counsel for Plaintiffs
> Donald W. Bell and Sumiko Bell