# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO 875 |
| ARVA ANDERSON v. VARIOUS DEFENDANTS | : : : : : | Civil Action No. 09-69122 |

FILED
MAR 11 2011
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### O R D E R

**AND NOW**, this **11th** day of **March, 2011**, it is hereby **ORDERED** that Defendant SEPCO's Motion to Strike Plaintiff's Reply in Opposition (doc. no. 242) filed on February 17, 2011 is **DENIED**.[1]

---

[1] Defendant SEPCO ("Defendant") argues that Plaintiff's response to Defendant's motion in limine to exclude Plaintiff's experts reports was untimely, and advances two arguments in support.

First, Defendant argues that Plaintiff failed to respond to Defendant's motion even though they had notice that Defendant had joined Ford Motor Company's motion to exclude Plaintiff's experts. This argument is unavailing as Defendant "joined" Ford Motor Company's motion by letter. This joinder was ineffective, as neither the local or federal rules of civil procedure provide for joinder by letter. Therefore, the official filing date for purposes of determining when a response was due is January 26, 2011, when Defendant filed a motion for joinder on the docket. Plaintiff promptly responded to Defendant's motion on January 28, 2011. (doc. nos. 228, 237.)

Second, Defendant SEPCO argues that Plaintiff's proffered experts have already been excluded under the Court's Order granting Defendant Ford Motor Company's motion in limine. (See doc. no. 210.) However, the language of that Order was limited to granting Defendant Ford Motor Company's motion as unopposed. At the time of granting that Order, no other Defendants had filed a motion for joinder on the docket, and therefore the determination was limited to Defendant Ford Motor Company. The

1

It is further **ORDERED** that Defendant SEPCO's Motion for Joinder in Ford Motor Company's Motion to Strike Experts is **DENIED**.[2]

It is further **ORDERED** that <u>as to all Defendants</u>:

    1. Motions in limine (including motions to exclude expert testimony based on <u>Daubert</u> and Federal Rule

---

one exception is that Defendant Honeywell, Inc. filed its letter regarding joinder on the docket on October 27, 2010. However, in support of the bright line rule that joinder by letter is ineffective, and in order to give Plaintiff a fair opportunity to respond, the Court declines to hold that its Order with respect to Defendant Ford applies to Defendant Honeywell, Inc. under these circumstances.

By way of clarification, the deadline for filing motions in limine under <u>Daubert</u> and Rule 702 has not yet passed. Under the scheduling order issued by Magistrate Judge Rueter, dispositive motions were due on October 20, 2010. (<u>See</u> doc. no. 45.) Under a second scheduling order granting Plaintiff additional time to respond, responses were due by December 20, 2010. (<u>See</u> doc. no. 190.) However, motions in limine are technically not dispositive motions and therefore are not necessarily subject to the "dispositive motion" deadline in the scheduling order governing this case. <u>See</u> <u>Bradley v. Pittsburgh Board of Educ.</u>, 723 F.2d 238, 260 (3d Cir. 1983)("Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."). Therefore, although the motion *in limine* "may have the effect of a dispositive motion, as when evidence sought to be precluded is an essential proof of an element of a claim or defense" they serve different purposes, and should be treated differently. <u>Sweitzer v. Oxmaster, Inc.</u>, 2010 WL 5257226 at *2 n.2 (E.D. Pa. Dec. 23, 2010)(Pratter, J.).

[2] Defendant purports to join a motion that was resolved and terminated. Defendant SEPCO's motion for joinder was filed on the docket January 26, 2011, but the underlying motion was granted by the Court on December 20, 2010. There is no procedure for joining in terminated motions.

      of Evidence 702) must be filed by: **Monday, March 28, 2011.**

2. Responses must be filed by: **Monday, April 11, 2011.**[3]

**AND IT IS SO ORDERED.**

_____

**EDUARDO C. ROBRENO, J.**

---

[3] In the event that there is a need for a hearing on contested issues regarding expert testimony the Court will schedule one.