IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| Byrl D. Dunlap,<br><br>         Plaintiff,<br><br> v.<br><br>3M Company, a corporation,<br>A.W. Chesterton Company, a corporation,<br>Crane Co., a corporation,<br>Georgia Pacific, LLC, a corporation,<br>Goulds Pumps, Inc., a corporation,<br>Greene, Tweed & Co., a corporation,<br>Honeywell International Inc., a corporation,<br>ITT Corporation, Inc., a corporation,<br>Ingersoll Rand Company, a corporation,<br>JP Bushnell Packing & Supply Co., a corporation,<br>Kaiser Gypsum Company, Inc., a corporation,<br>Marathon Oil Company, a corporation,<br>Owens-Illinois Inc., a corporation,<br>Parker-Hannifin Corporation, a corporation,<br>Rapid American Corporation, a corporation,<br><br>and<br><br>Texaco, Inc., a corporation,<br><br>         Defendants. | Case No. 3:11-cv-1062-JPG-PMF |

## COMPLAINT

Now comes the plaintiff, Byrl D. Dunlap (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants 3M Company, a corporation, A.W. Chesterton Company, a corporation, Crane Co., a corporation, Georgia Pacific, LLC, a corporation, Goulds Pumps, Inc., a corporation, Greene, Tweed & Co., a corporation, Honeywell International Inc., a corporation, ITT Corporation, Inc., a corporation, Ingersoll Rand Company, a corporation, JP Bushnell Packing & Supply Co., a corporation, Kaiser Gypsum Company, Inc., a

corporation, Marathon Oil Company, a corporation, Owens-Illinois Inc., a corporation, Parker-Hannifin Corporation, a corporation, Rapid American Corporation, a corporation, and Texaco, Inc., a corporation, as follows:

### JURISDICTION

1. Plaintiff is an adult citizen and resident of Illinois and resides in Robinson, Illinois.

2. 3M Company (f/k/a Minnesota Mining and Manufacturing Co.) manufactured, distributed, sold and/or designed asbestos products, including without limitation caulks, cements and mastics.

3. A. W. Chesterton Company manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

4. Crane Co. manufactured, sold, and designed asbestos containing products, including without limitation gaskets, packing and valves.

5. Georgia Pacific LLC manufactured, sold, and/or designed asbestos products, including without limitation plaster, joint compounds, other gypsum products, and roofing materials.

6. Goulds Pumps, Inc. manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

7. Geene, Tweed & Co. manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

8. Honeywell International Inc. was formerly known as Allied Signal and is the successor in interest to Allied Corp. which is the successor in interest to The Bendix Corporation, which manufactured, distributed, sold, and/or designed asbestos products, including without limitation, brake and friction products. Honeywell International Inc. also manufactured, distributed, sold and/or designed asbestos products, including without limitation, pumps and valves.

9. ITT Corporation is responsible for the conduct of Bell & Gossett and Marlow Pumps. ITT Corporation, Bell & Gossett and Marlow pumps manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

10. Ingersoll-Rand Company manufactured, designed, and sold asbestos products, including without limitation, brake disks, friction products, pumps, valves, compressors, gaskets and packing.

11. JP Bushnell Packing & Supply Co. manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

12. Kaiser Gypsum Company manufactured, sold, and/or designed asbestos products, including without limitation plaster, joint compounds, other gypsum products, and roofing materials.

13. Marathon Oil Company is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    a. Marathon Refinery in Robinson, Illinois.

14. Owens-Illinois, Inc. manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block.

15. Parker-Hannifin Corporation manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

16. Rapid American Corporation is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos-containing products, including without limitation pipe covering, block, cements, board, and air cell and supplied asbestos fibers.

17. Texaco Inc. is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    a. Indian Refinery in Lawrenceville, Illinois.

18. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

19. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States

Code, §1332.

20. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

21. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

22. Plaintiff during the course of his employment as a Laborer at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

23. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

24. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

25. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with asbestosis on December 5, 2009.

26. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

27. Plaintiff brings this count for negligence against all defendants except Marathon Oil Company and Texaco Inc. and incorporates by reference all general allegations.

28. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

29. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others

who worked with or were exposed to the defendants' asbestos products.

30. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

31. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

   b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

32. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## COUNT II- NEGLIGENCE - PREMISES OWNER

33. Plaintiff reasserts and realleges the above general allegations 1 - 32 above.

34. This claim for negligence is brought against the following Defendants (hereinafter "Premises Defendants";

   a. Marathon Oil Company

   b. Texaco Inc.

35. Defendants were the owners of the premises during the dates and times of Plaintiff's exposures to asbestos indicated on Exhibit B.

36. The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

37. When Plaintiff worked at the premises, defendants knew or should have known about the health hazards of asbestos.

38. Defendants in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Plaintiff, working at the premises.

39. Defendants knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

40. As the owners of the premises, defendants owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Plaintiff.

41. Defendants breached its duty of care and was negligent by one or more of the following acts or omissions:

42.
    a. failing to adequately warn Plaintiff of the dangers of harm from exposure to asbestos;

    b. failing to instruct Plaintiff adequately about safety precautions for exposure to asbestos;

    c. failing to establish adequate safety measures to protect Plaintiff from exposure to asbestos;

    d. failing to adequately test for asbestos where Plaintiff worked;

    e. employing any contractor which failed to take reasonable precautions against the danger of asbestos;

    f. allowing the use of asbestos containing products at the premises;

    g. failing to assign or hire personnel qualified to recognize, evaluate and control

Case 3:11-cv-01062-JPG-PMF Document 2 Filed 12/05/11 Page 7 of 7 Page ID #9
Case MDL No. 875 Document 8449-2 Filed 02/20/12 Page 7 of 12

asbestos exposures at the premises.

43. As a direct and proximate result of the acts and omissions of the premise defendants above, Plaintiff was injured as described above.

## PRAYER FOR RELIEF

44. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated: December 5, 2011

/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

# Exhibit A
## Defendants' Home States and Principal Places of Business

| Defendant | State Headquarters | State of Principal Place of Business |
|---|---|---|
| 3M Company | Delaware | Delware |
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| Crane Co. | Delaware | Connecticut |
| *Georgia Pacific, LLC (see below) | Delaware | Georgia |
| Goulds Pumps, Inc. | Delaware | New York |
| Greene, Tweed & Co | Pennsylvania | Pennsylvania |
| Honeywell International Inc. | Delaware | New Jersey |
| ITT Corporation, Inc. | Indiana | New York |
| Ingersoll Rand Company | New Jersey | New Jersey |
| JP Bushnell Packing & Supply Co. | Missouri | Missouri |
| Kaiser Gypsum Company, Inc. | Washington | Pennsylvania |
| Marathon Oil Company | Texas | Texas |
| Owens-Illinois Inc. | Delaware | Ohio |
| Parker-Hannifin Corporation | Ohio | Ohio |
| Rapid American Corporation | Delaware | New York |
| Texaco, Inc. | Delaware | New York |

| *LLC CITIZENSHIP Citizenship of Managers (a/k/a "Members", "Officers", etc.) for jurisdictional purposes. | City | State |
|---|---|---|
| **Georgia Pacific LLC** | | |
| James Hannan | Atlanta | Georgia |
| Wesley Jones | Atlanta | Georgia |
| Tyler L. Woolson | Atlanta | Georgia |

## Exhibit B
Plaintiff's work history

| Job site location | Job site city | Job site State | First year working at job site (approx.) | Last year working at job site (approx.) |
|---|---|---|---|---|
| Breed Power Station | Fairbanks | IN | 1948 | 1988 |
| Indian Refinery | Lawrenceville | IL | 1948 | 1988 |
| Marathon Refinery | Robinson | IL | 1948 | 1988 |

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| Byrl D. Dunlap,<br><br>                      Plaintiff,<br>v.<br><br>3M Company, et al.,<br><br>                     Defendants. | Case No. 3:11-cv-1062-JPG-PMF |

## NOTICE OF TAG-ALONG ACTION

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending to the Federal Court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order.") That order also applies to "tag-along actions" or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either 1) enter a conditional transfer order pursuant to MDL Rule 7.4(a) or 2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule 7.5(b).

All matters except service and defendants' appearances and answers are stayed.

Dated: December 5, 2011.


/S/ Michael P. Cascino
Attorney for Plaintiff

Michael P. Cascino
CASCINO VAUGHAN LAW OFFICES, LTD.
220 South Ashland Avenue
Chicago IL 60607
Phone: 312-944-06000

## U.S. District Court
## Southern District of Illinois (East St. Louis)
### CIVIL DOCKET FOR CASE #: 3:11-cv-01062-MJR-PMF

| | |
|---|---|
| Dunlap v. 3M Company et al | Date Filed: 12/05/2011 |
| Assigned to: Judge Michael J. Reagan | Jury Demand: Both |
| Referred to: Magistrate Judge Philip M. Frazier | Nature of Suit: 368 P.I. : Asbestos |
| Demand: $75,000 | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity-Asbestos Litigation | |

**Plaintiff**

**Byrl D Dunlap**  represented by **Michael P. Cascino**
Cascino, Vaughn Law Offices
Generally Admitted
220 South Ashland
Chicago, IL 60607-5308
312-944-0600
Email: michaelp.cascino@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**3M Company**
*a corporation*

**Defendant**

**A.W. Chesterton Company**  represented by **William D. Shultz , Jr.**
*a corporation*  Kurowski, Bailey et al.
228 West Pointe Drive
Swansea, IL 62226
618-277-5500
Email: wshultz@kurowskishultz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**
*a corporation*

**Defendant**

**Georgia Pacific LLC**
*a corporation*

**Defendant**

**Goulds Pumps, Inc.**
*a corporation*

### Defendant

| | |
|---|---|
| **Greene, Tweed & Co.**<br>*a corporation* | represented by **Edward J. McCambridge**<br>Segal, McCambridge et al.<br>Sears Tower - Suite 5500<br>233 South Wacker Drive<br>Chicago, IL 60606<br>312-645-7800<br>Fax: 312-645-7711<br>Email: emccambridge@smsm.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

### Defendant

| | |
|---|---|
| **Honeywell International Inc.**<br>*a corporation* | represented by **Nicole C. Behnen**<br>Polsinelli Shalton Flanigan Suelthaus PC<br>Generally Admitted<br>100 South Fourth Street<br>Suite 1100<br>St. Louis, MO 63102<br>314-231-1950<br>Email: nbehnen@polsinelli.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

### Defendant

**ITT Corporation, Inc**
*a corporation*

### Defendant

**Ingersoll Rand Company**
*a corporation*

### Defendant

**JP Bushnell Packing & Supply Co.**
*a corporation*

### Defendant

| | |
|---|---|
| **Kaiser Gypsum Company, Inc.**<br>*a corporation* | represented by **David L. Szlanfucht**<br>Rasmussen, Willis et al.<br>9200 Ward Parkway<br>Suite 310<br>Kansas City, MO 64114<br>816-960-1611<br>Fax: 816-960-1669<br>Email: dszlanfucht@rwdmlaw.com<br>*ATTORNEY TO BE NOTICED* |