UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                    MDL NO. 875

ARTHUR J. PORTER, ET UX          *          PAE:  Civil Action No.
                                 *          2:11-cv-67283
VERSUS                           *
                                 *          LAM: Civil Action No.
GREATER BATON ROUGE PORT         *          3:11-cv-00166
COMMISSION, ET AL                *
                                 *
*******************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE
## CONDITIONAL REMAND ORDER

**MAY IT PLEASE THE COURT:**

Defendant and third-party defendant, SSA Gulf, Inc. (f/k/a Ryan Stevedoring) (hereinafter "SSA Gulf") submits this memorandum in support of its Motion to Vacate the Panel's Conditional Remand Order in this matter.  The court should retain pendent or supplemental jurisdiction over the remaining state law claims in this case despite the fact that the South African entities, (South African Marine Corporation and Industrial Development Corporation of South Africa) have reportedly settled and have been or will be dismissed.[1]  The questions regarding the liability of IDC and South African Marine remain an essential part of this case.  Under the Louisiana law which will govern the remaining state law claims by plaintiff (and third-party claims by the Greater Baton Rouge Port Commission), the party or parties remaining  at trial will have to establish the liability of IDC and/or South African Marine for apportionment purposes.  Further, Judge Robreno and MDL 875 have

---

[1]  A dismissal has been filed as to South African Marine Corporation, but there has not yet been a similar dismissal as to Industrial Development Corporation of South Africa.

significant experience in handling asbestos claims arising out of the Port of Greater Baton Rouge involving substantially the same parties.  For these reasons, and the others mentioned below, the conditional remand order should be vacated.

## I. BACKGROUND AND FACTS

The suit was originally filed by Arthur Porter in state court in Port Allen, Louisiana naming The Greater Baton Rouge Port Commission ("GBRPC") as the sole defendant.  On January 14, 2011 GBRPC filed third-party demands against SSA Gulf and other defendants, including IDC and South African Marine.  IDC filed a notice of removal to federal court on March 18, 2011 and the suit was transferred to MDL 875 in Philadelphia on September 19, 2011.  On October 5, 2011 plaintiff filed an amending complaint naming SSA Gulf, the South African entities and other parties as direct defendants.

A settlement conference was held in Philadelphia with Magistrate Judge Thomas J. Rueter on December 8, 2011.  Shortly thereafter it was reported that the South African entities, IDC and SAF Marine had reached a settlement with plaintiff.  On January 31, 2012, Judge Edwardo Robreno issued a suggestion of remand pursuant to MDL-875 Administrative Order no. 18. On February 1, 2012 the Panel issued its Conditional Remand Order.  SSA Gulf objected to the Conditional Remand Order and files this motion seeking to vacate that conditional remand order.

## II. LAW AND ARGUMENT

### A.    Certain Representations in the Suggestion of Remand are Inaccurate

In the January 31, 2012 Suggestion of Remand the MDL 875 court indicates that the parties have completed their obligations under Rule 16 and that all discovery has been completed.  The court

also noted that it had adjudicated all outstanding motions and that settlement discussions had been exhausted as to the remaining viable defendants and that the case was ready for trial without delay. In this matter, these representations are not correct.  Discovery has just begun, and although plaintiff has answered master discovery and has submitted to discovery and perpetuation depositions, little discovery has been conducted.  No expert discovery of any kind have been undertaken at this time. No motions have been filed or heard and only one settlement conference has been conducted.  That single settlement conference resulted in the resolution of the case with respect to plaintiff's direct claims against IDC and South African Marine.  No further settlement conferences have been scheduled or undertaken, and the case is not ready for trial.

Judge Robreno's Suggestion of Remand includes the notation that plaintiff has advised the court that he has settled his claims against IDC and SAF Marine.[2] SSA Gulf surmises that the Court's reason for the proposed remand is the dismissal (or the anticipated dismissal) of IDC , the party that invoked federal court subject matter jurisdiction.  However, the law and judicial economy dictate that the federal court maintain jurisdiction over the remaining state law claims.

**B.      This Court should retain jurisdiction over the pendent state law claims asserted by plaintiff and by third-party plaintiff**

This case was removed to Federal Court on March 18, 2011 by Industrial Development Corporation of South Africa under the provisions of 28 U.S.C. § 1441(d), the removal statute enacted as part of the Foreign Sovereign Immunities Act, which reads as follows:

> Any civil action brought in a state court against a foreign state as defined in section 1603 (a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is

---

[2]  See Suggestion of Remand, record document 17, at (d)(i).

pending.  Upon removal the action shall be tried by the court without a jury.  Where removal is based upon this subsection, the time limitation of section 1446 (b) of this chapter may be enlarged at any time for cause shown.

28 U.S.C.  § 1441(d)

Unlike other provisions governing a removal of cases to federal court,  § 1441(d) grants jurisdiction to the Federal Courts over "action[s]" and not just over "claims".  *Nolan v. Boeing Company,* 919 F.2d 1058, 1064 (5th Cir. 1990) in *Nolan* the court stated that "[t]his language is broad enough to extend federal court subject matter jurisdiction over the **entire action** in which the foreign state is a party rather than simply over the "claims" in that action which are specifically asserted against the foreign state."*Id.* [emphasis added.]

The *Nolan* court continued:

> The structure of the Foreign Sovereign Immunities Act also counsels that  § 1441(d) should effect removal of an entire action to federal court.  As described in one prominent hornbook, the intent of the FSIA was to render uniform in procedure and substance the treatment of foreign sovereigns subjected to suits in American courts.  C. Wright & A. Miller 14 <u>Federal Practice & Procedure</u>  § 3662, at 394 (1984).  Assuring the availability of the federal forum was intended to further these goals, to which a broad removal provision contributed.  Removal of a case under section 1441(d) does not require the joinder of all defendants, nor is it forfeited if one defendant resides in the district in which the removal is sought-yet both of these conditions are placed upon removal of cases under 28 U.S.C.  § 1441(b).  These features lead our court to conclude that section 1441(d) authorized a foreign state co-defendant to remove the entire **action** to federal court and not merely the **claims** asserted against the foreign state.  *Arango v. Guzman Travel Advisers Corp.* 621 F 2nd 1371, 1375-6 (5th Circuit 1980).

*Nolan,* 919 F. 2d at 1064-65 [Emphasis in the original; footnotes omitted.]

In *Nolan* a defendant aircraft manufacturer filed third-party demands for contribution and indemnity against an engine manufacturer which was owned by the French government.  The engine manufacturer removed the case to federal court under the removal provisions of the FSIA.  Although

the aircraft manufacturer's third-party demand against the engine manufacturer had already been severed by the state court below, the Fifth Circuit determined that the unique provisions and intent of the FSIA required removal of the entire action, not just the third-party demands.

The same situation exists here.  Defendant, The Greater Baton Rouge Port Commission filed third-party demands against South African Marine and IDC for contribution and indemnity arising out of plaintiff's claim for damages as a result of asbestos exposure while he was working as a longshoreman at the Port of Greater Baton Rouge.  Subsequently, IDC removed the entire action to this Court.

Maintaining pendent jurisdiction over the remaining claims is necessary because the liability of third-party defendants, South African Marine and IDC must be determined at trial.  Under Louisiana law applicable to this case a trial defendant must prove that IDC or South African Marine (or both) are liable for contributing to plaintiff's injuries in order to receive a credit against an adverse trial judgment.[3]  The *Nolan* case recognized that the interrelation of the main demand and the third-party demand required the federal court in that case to exercise jurisdiction over the state law claims.  See, *Nolan,* 919 F.2d at 1065.

The Eleventh Circuit, relying on *Nolan,* reached the same conclusion.  See, *In re Surinam Airways Holding Company*, 974 F.2d 1255 (11th Cir. 1992).  After noting that the FSIA was intended to provide uniform procedure and substance in the treatment of foreign sovereigns sued in American courts, and recognizing that a third party defendant's liability for indemnity and contribution is entirely contingent on a plaintiff's verdict in the main demand, the court stated that "[i]f a foreign state lacks the ability to remove an entire case to federal court, then the goals of the Foreign

---

[3] See, e.g., *Abadie v. Metropolitan Life Ins. Co.*, 784 So2d 46, 83-85 (LA App. 5th Cir. 2001)

Sovereigns Immunities Act will be frustrated when that foreign state is brought into an action as third-party defendant and is denied for all practical purposes, the opportunity to fully litigate its liability in federal court." *In re Surinam,* 974 F.2d at 1259-60. In fact, *In re Surinam* expressly rejected the reasoning of other cases that served and remanded state law claims in case where federal court jurisdiction was based upon FSIA. The court in *In re Surinam* adopted the reasoning and conclusions of *Nolan*:

> The use of the words "civil action" are synonymous with the concept of an entire case when those words are not otherwise limited by accompanying language, a companion statue, or legislative history. See, *Nolan*, 919 F.2d at 1066. As the rules of federal practice make clear, a civil action is an entire civil case, encompassing claims filed by plaintiffs and claims filed by third-party plaintiffs. d:Fed.R.Civ P. 2. Moreover, § 1441(d) was intended to give foreign states the discretion to use a federal forum to litigate civil actions into which they may have been brought. The legislative history of the Foreign Sovereign Immunities Act reveals no intent to distinguish between foreign-state defendants and foreign-state third-party defendants. Accordingly, the notices of removal filed in the consolidated actions removed the entire cases, both the third-party claims and the plaintiff's claims, to federal district court.

*In re Surinam,* 974 F.2d at 1260.

The Eleventh Circuit went onto determine that the language of § 1441(d) could not be construed to grant the district court discretion whether to exercise pendent jurisdiction over the entire action once it is determined that § 1441(d) has been properly invoked. *Id.* The court noted that the legislative history of § 1441(d) showed that Congress intended to give sovereign foreign defendants an absolute right to a federal forum, and that this absolute right to a federal forum necessarily requires that the federal court exercise jurisdiction over the entire action if that action has been properly removed under § 1441(d). *Id.* Allowing for the remand of a portion of a civil action removed under § 1441(d) would defeat the congressional intent to grant foreign sovereigns the absolute right to a federal forum.

The federal district court in *Consumers Energy Company v. Certain Underwriters at Lloyd London*, 45 F. Supp. 2d 600, 610 (E.D. MI 1999) determined that it should retain jurisdiction over pendent state law claims, even after the dismissal of the foreign sovereign by plaintiff.  Accepting the reasoning in *Nolan* and *In Re Surinam* the court determined that the existence of a cross-claim against the foreign sovereign, as well as judicial efficiency and economy mandated that the court retain jurisdiction over the action.  The federal district court in *Teck Metals, Ltd. v. Certain Underwriters at Lloyds London*, 735 F. Supp. 2d 1231, 1233 (E.D. WA 2010) reached the same determination, maintaining supplemental jurisdiction over pendent state law claims against the non-sovereign defendants after the dismissal of the foreign sovereign that originally invoked federal jurisdiction.  All of the above-cited cases, especially the reasoning underlying the FSIA discussed at length in *Nolan* and *In Re Surinam*, establish that the pendent state law claims in this case should remain in federal court, even if IDC is eventually dismissed with prejudice by plaintiff.

**C.    MDL 875 Judge Robreno has personal experience with similar cases arising from the same work site, the Port of Greater Baton Rouge**

Judge Robreno has presided over pre-trial proceedings in two mesothelioma cases brought by former longshoremen who worked at the Port of Greater Baton Rouge. [4] Like the plaintiff here, the plaintiffs in Hacker and Landess alleged that they discharged sacks of asbestos cargo from vessels (including those owned and operated by South African Marine Corporation) at the Port of Great Baton Rouge.  Those two plaintiffs, like the Mr. Porter in this case, sued their stevedore employers, the Port Commission, South African Marine and other defendants.  Questions of fact common to those cases are also at issue here.  Additionally, common questions of law which have

---

[4] *Michael T. Hacker, M.D. v. P&O Ports Louisiana, Inc., et al,* MDL 875 Case No. 2:08-cv-87777 ER and *George Landess v. Baton Rouge Marine Contractors, Inc. et al,* MDL 875 Case No. 2:08-cv-87778

previously been resolved by Judge Robreno in the *Hackler* and *Landess* cases will be raised in Mr. Porter's case.

Issues regarding the potential immunity of the Port Commission, the stevedore employers and the validity of the claims for contribution and/or responsibility of the South African entities are all issues with which Judge Robreno is familiar. As such, judicial efficiency and economy dictate that MDL 875 retain supplemental jurisdiction over the remaining state law claims in this case.

## III. CONCLUSION

For all of the foregoing reasons, defendant and third-party defendant, SSA Gulf, Inc. requests that the court vacate its Conditional Remand Order and allow MDL 875 to continue presiding over the preparation of this case for trial and allow the Middle District of Louisiana to try the case following remand, if necessary.

Respectfully submitted:

**SULZER & WILLIAMS, LLC**

RICHARD P. SULZER, # 21150
(rsulzer@sulzerandwilliams.com)
ROBERT E. WILLIAMS, IV, # 19217 - T.A.
(rwilliams@sulzerandwilliams.com)
201 Holiday Boulevard, Suite 335
Covington, Louisiana 70433
Telephone: (985) 898-0608
Facsimile: (985) 898-0871
***Attorneys for defendant, SSA Gulf, Inc.
(f/k/a Ryan Stevedoring)***

-8-

**CERTIFICATE OF SERVICE**

By my signature herein above, I hereby certify that a true and correct copy of the above and foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification this __24th__ day of __February__, 2012.