EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00262-VLB

| | |
|---|---|
| McGoldrick et al v. Air & Liquid Systems Corporation et al | Date Filed: 02/23/2012 |
| Assigned to: Judge Vanessa L. Bryant | Jury Demand: None |
| Cause: 28:1442 Notice of Removal | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Robert McGoldrick**　　　　　　　　　represented by **Christopher Meisenkothen**
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower
265 Church St., 11th Fl.
PO Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
Email: cmeisenkothen@elslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joanne McGoldrick**　　　　　　　　　represented by **Christopher Meisenkothen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*Successor*
Buffalo Pumps, Inc.　　　　　　　　　represented by **Bryna Rosen Misiura**
Governo Law Firm LLC
Two International Place
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: bmisiura@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
Governo Law Firm LLC
Two International Place
Boston, MA 02110

                                      617-737-9045
                                      Fax: 617-737-9046
                                      Email: MSimons@governo.com
                                      *LEAD ATTORNEY*
                                      *PRO HAC VICE*
                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**                                 represented by  **Thomas F. Maxwell , Jr.**
*formerly known as*                                                 Pullman & Comley
Viacom, Inc.                                                               850 Main St., Po Box 7006
*formerly known as*                                                 Bridgeport, CT 06601-7006
Westinghouse Electric Corporation                       203-330-2252
*Successor*                                                                   Email: tmaxwell@pullcom.com
CBS Corporation                                                       *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Elliott Turbomachinery Co. Inc.**

**Defendant**

**Foster Wheeler, LLC**

**Defendant**

**General Electric Company**                 represented by  **Dan E. LaBelle**
                                      Halloran & Sage
                                      315 Post Rd. West
                                      Westport, CT 06880
                                      203-227-2855
                                      Email: labelle@halloran-sage.com
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Air & Liquid Systems Corporation**         represented by  **Bryna Rosen Misiura**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **Michael D. Simons**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Air & Liquid Systems Corporation**         represented by  **Bryna Rosen Misiura**
                                      (See above for address)

                *LEAD ATTORNEY*
                *ATTORNEY TO BE NOTICED*

                **Michael D. Simons**
                (See above for address)
                *LEAD ATTORNEY*
                *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**CBS Corporation**         represented by **Thomas F. Maxwell , Jr.**
                       (See above for address)
                       *LEAD ATTORNEY*
                       *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Elliott Turbomachinery Co. Inc.**

**Cross Defendant**

**Foster Wheeler, LLC**

**Cross Defendant**

**General Electric Company**     represented by **Dan E. LaBelle**
                       (See above for address)
                       *LEAD ATTORNEY*
                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/23/2012 | 1 | NOTICE OF REMOVAL by Air & Liquid Systems Corporation from Connecticut Superior Court, Fairfield County at Bridgeport, case number 12-6025140-S. Filing fee $ 350 receipt number 0205-2411958, filed by Air & Liquid Systems Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Torres, K.) Modified on 2/23/2012 to add receipt information(Torres, K.). (Additional attachment(s) added on 2/23/2012: # 3 Notice to State Court, # 4 Certificate of Service) (Torres, K.). (Entered: 02/23/2012) |
| 02/23/2012 | 2 | NOTICE by Air & Liquid Systems Corporation re 1 Notice of Removal, *List of Pending Motions* (Simons, Michael) (Entered: 02/23/2012) |
| 02/23/2012 | 3 | Corporate Disclosure Statement by Air & Liquid Systems Corporation identifying Corporate Parent Ampco-Pittsburgh Corporation for Air & Liquid Systems Corporation. (Simons, Michael) (Entered: 02/23/2012) |
| 02/23/2012 | 4 | ENTERED IN ERROR- NOTICE by Air & Liquid Systems Corporation re 1 Notice of Removal, *Notice to State Court of Removal* (Simons, Michael) Modified on 2/23/2012 (Torres, K.). (Entered: 02/23/2012) |
| 02/23/2012 | 5 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corporation (Simons, Michael) (Entered: 02/23/2012) |
| 02/23/2012 | 6 | ENTERED IN ERROR- NOTICE by Air & Liquid Systems Corporation re 1 |

| | | |
|---|---|---|
| | | Notice of Removal, *Certificate of Service* (Simons, Michael) Modified on 2/23/2012 (Torres, K.). (Entered: 02/23/2012) |
| 02/23/2012 | 7 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corporation (Misiura, Bryna) (Entered: 02/23/2012) |
| 02/23/2012 | | Judge Vanessa L. Bryant added. (Malone, P.) (Entered: 02/23/2012) |
| 02/23/2012 | 8 | Order on Pretrial Deadlines: Motions to Dismiss due on 05/23/2012. Amended Pleadings due by 4/23/2012; Discovery due by 8/24/2012; Dispositive Motions due by 9/23/2012. Signed by Clerk on 02/23/2012. (Grady, B.) (Entered: 02/24/2012) |
| 02/23/2012 | 9 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER: Signed by Judge Vanessa L. Bryant on 02/23/2012. (Grady, B.) (Entered: 02/24/2012) |
| 02/23/2012 | 10 | ORDER RE: Judge's Chambers Practices. Counsel are directed to read and comply with the Chambers Practices and Standing Orders prior to filing any document. So ordered. Signed by Judge Vanessa L. Bryant on 02/23/2012. (Grady, B.) (Entered: 02/24/2012) |
| 02/24/2012 | 11 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 1 Notice of Removal, filed by Air & Liquid Systems Corporation, 8 Order on Pretrial Deadlines, 7 Notice of Appearance filed by Air & Liquid Systems Corporation, 3 Corporate Disclosure Statement filed by Air & Liquid Systems Corporation, 9 Electronic Filing Order, 10 Order Re: Chambers Practices, 2 Notice (Other) filed by Air & Liquid Systems Corporation, 5 Notice of Appearance filed by Air & Liquid Systems Corporation. Signed by Clerk on 02/24/2012. (Attachments: # 1 Removal Standing Order)(Grady, B.) (Entered: 02/24/2012) |
| 02/24/2012 | 12 | NOTICE by CBS Corporation re 1 Notice of Removal, (Attachments: # 1 Exhibit)(Maxwell, Thomas) (Entered: 02/24/2012) |
| 02/24/2012 | 13 | Corporate Disclosure Statement by CBS Corporation. (Maxwell, Thomas) (Entered: 02/24/2012) |
| 02/24/2012 | 14 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation (Maxwell, Thomas) (Entered: 02/24/2012) |
| 02/27/2012 | 15 | NOTICE of Appearance by Dan E. LaBelle on behalf of General Electric Company (LaBelle, Dan) (Entered: 02/27/2012) |
| 02/27/2012 | 16 | Corporate Disclosure Statement by General Electric Company. (LaBelle, Dan) (Entered: 02/27/2012) |
| 02/27/2012 | 17 | ANSWER to Complaint with Affirmative Defenses with Jury Demand, CROSSCLAIM against All Defendants by Air & Liquid Systems Corporation. (Simons, Michael) (Entered: 02/27/2012) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/28/2012 12:02:09 | | |
| PACER Login: gk0040 | Client Code: | 1380-1312 |
| Description: Docket Report | Search Criteria: | 3:12-cv-00262-VLB |
| Billable Pages: 4 | Cost: | 0.32 |

| **IN RE: ASBESTOS LITIGATION** | |
|---|---|
| DOCKET NO: ABD FBT CV12-6025140-S | : SUPERIOR COURT |
| | : |
| ROBERT MCGOLDRICK AND JOANNE MCGOLDRICK | : J.D. OF FAIRFIELD |
| | : |
| VS. | :AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORPORATION, as Successor by Merger to Buffalo Pumps, Inc. | : |
| CBS CORPORATION, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation and as successor in interest to B.F. Sturtevant, | : |
| ELLIOTT TURBOMACHINERY CO., INC., | : |
| FOSTER WHEELER L.L.C., | : |
| GENERAL ELECTRIC COMPANY | : FEBRUARY 13, 2012 |

## COMPLAINT

### COUNT I

1. The plaintiff, ROBERT MCGOLDRICK is a citizen of the State of Connecticut and resides at 18 Colonial Drive North, Bloomfield, Connecticut.

2. The plaintiff, JOANNE MCGOLDRICK is a citizen of the State of Connecticut and resides at 18 Colonial Drive North, Bloomfield, Connecticut.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants"), named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

3a. The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Connecticut defendant. Removal is improper. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

4. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5. The plaintiff was exposed to various asbestos containing products during his employment in the U.S. Navy from 1956-1958. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8. At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling,

fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

    (a)    Said asbestos-containing products were unreasonably defective in one or more of the following ways:

        1.    in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

        2.    in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

        3.    in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

    (b)    The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

    (c)    The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12. As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 4 and/or other asbestos-related pathologies caused by

the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13. The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15. As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16. As a further result of said illness, the plaintiff's earning capacity is impaired.

17. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the

plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested,

assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27. The defendants breached these duties by:

(a) failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b) failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c) failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d) supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e) supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f) failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g) failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h) failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j) generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28. The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, ROBERT MCGOLDRICK claims damages.

## COUNT II

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

30. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

31. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

32. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

33. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE Plaintiff's ROBERT MCGOLDRICK demands judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just

## COUNT III

(As to Plaintiff JOANNE MCGOLDRICK and all Defendants)

1.-33. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

34. As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE Plaintiff's ROBERT MCGOLDRICK AND JOANNE MCGOLDRICK demands judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

        THE PLAINTIFF

BY:  s/ 417342
    Christopher Meisenkothen, Esq.
    Early, Lucarelli, Sweeney & Meisenkothen, LLC
    One Century Tower, 11th Floor
    265 Church Street P.O. Box 1866
    New Haven, CT 06508-1866
    (203) 777-7799
    Juris No. 409080
    Their Attorneys

| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| DOCKET NO: ASB FBT CV12-6025140-S | : SUPERIOR COURT |
| | : |
| ROBERT MCGOLDRICK | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORP., successor by merger to Buffalo Pumps, Inc.; ET AL | : FEBRUARY 13, 2012 |

WHEREFORE, the plaintiff, ROBERT MCGOLDRICK claims as to the defendants:

1. Full, fair and just money damages;

2. Punitive and exemplary damages, including attorney's fees;

3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes Sections 52-240a and 52-240b (First Count);

4. Costs of this action.

THE PLAINTIFF

BY: s/ 417342
Christopher Meisenkothen, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| DOCKET NO: ASB FBT CV12-6025140-S | : SUPERIOR COURT |
| ROBERT MCGOLDRICK | : J.D. OF FAIRFIELD |
| VS. | : AT BRIDGEPORT |
| AIR & LIQUID SYSTEMS CORP., successor by merger to Buffalo Pumps, Inc.; ET AL | : FEBRUARY 13, 2012 |

The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF

BY: s/ 417342
    Christopher Meisenkothen, Esq.
    Early, Lucarelli, Sweeney & Meisenkothen, LLC
    One Century Tower, 11th Floor
    265 Church Street P.O. Box 1866
    New Haven, CT 06508-1866
    (203) 777-7799
    Juris No. 409080
    Their Attorneys