**UNITED STAES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**UNTED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL Docket No. 875 |
| | : | Case No.: 2:10-cv-69486-ER |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICHAEL MUSSELMAN, Individually | : | |
| and as Administrator of the Estate of | : | C.A. No. 1:10-cv-00101 |
| LISA MUSSELMAN, deceased | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| AMPHENOL CORPORATION (as | : | |
| successor-in-interest to AMERICAN | : | |
| PHENOLIC CORPORATION, et al. | : | |
| | : | |
| _____Defendants._____ | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT TEMPLE-INLAND'S MOTION TO VACATE THE CONDITIONAL REMAND ORDER, OR IN THE ALTERNATIVE, MOTION TO MODIFY THE CONDITIONAL REMAND ORDER**

Plaintiff Michael J. Musselman, individually and as the administrator of the Estate of his deceased wife, Lisa Musselman, hereby opposes Defendant Temple-Inland's Motion to vacate Judge Robreno's Order remanding this case to the District Court of Delaware, and asks that the Judge's wishes remain as stated in his Remand Order.

**I. Procedural Background**

Plaintiff agrees with the Procedural Background as stated in Defendant Temple-Inland's Motion. Plaintiff is not in agreement with all of the facts stated in defendant's Factual and Procedural Background

section of its motion, but this disagreement appears to have no relevance to the issue that Temple-Inland asks this Court to consider, so Plaintiff will not set out its disagreements in this Opposition.

## II. <u>Argument</u>

The JPML has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because of the transferee judge's day-to-day supervision of the pretrial proceedings. <u>See</u>, e.g., *In re Holiday Magic Sec. & Antitrust Litigation*, 443 F. Supp. 1125, 1126 (J.P.M.L. 1977; *In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F. Supp. 254, 256 (J.P.M.L. 1976); *In re Air Crash disaster Near Dayton, Ohio, on March 9, 1967*, 386 F. Supp. 908, 909 (J.P.M.L. 1975).

There is no reason to delay the remand of this case. While Plaintiff agrees that expert depositions have been discussed but have not occurred, defendant leaves one salient fact out of its analysis in its brief. In denying Summary Judgment, Judge Robreno recommended that the transferee court transfer this case to the Eastern District of Arkansas so that the issue of whether Arkansas law recognizes a take-home duty to the spouse of an employee could be determined by an Arkansas court. <u>See</u> Exhibit 1, Judge Robreno's 11/28/11 Order Denying defendant Temple-Inland's Motion for Summary Judgment. Therefore, if the transferee court in Delaware follows the recommendation of the transferor court, it appears that there will be time to schedule and conduct expert depositions before the trial of this matter commences.

Plaintiff opposes defendant's motion in the alternative to modify the remand Order to allow two months for the taking of depositions because it appears the Motion requests that all activity in the case stop during this period. There is no reason that the transferor court cannot allow for the taking of depositions while it first considers the issue of whether to transfer the case to the Eastern District of Arkansas, or if it decides to keep the case in Delaware, during whatever period remains until the start of trial.

### III **Conclusion**

For the reasons set forth above, Plaintiff Michael Musselman respectfully requests that the JPML

deny the motion of defendant Temple-Inland to vacate the CRO.

Respectfully submitted,

**Cohen, Placitella & Roth P.C.**

Gonen Haklay, Esquire
2001 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
(215) 567-3500
(215) 567-6019 fax
ghaklay@cprlaw.com

## **CERTIFICATE OF SERVICE**

I, Gonen Haklay, hereby certify that on February 29, 2012, I electronically filed the

foregoing Opposition to Defendant Temple-Inland's Motion to Vacate the Conditional Remand Order, Or

In The Alternative, Motion to Modify the Conditional Remand Order through the CM/ECF system,

which will send a notice of filing to counsel of record registered for electronic service through the

Court.   Additionally, I mailed this document and notice of electronic filing to the following

counsel who are not enrolled in the CM/ECF:

Laura R. McKelligott
Cooley Manion & Jones, LLP
21 Custom House Street, 6th Floor
 Boston, MA 02110

Gonen Haklay