# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL L. MUSSELMAN, | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiff, | : | |
| | : | Transferred from the |
| | : | District of Delaware |
| v. | : | (Case No. 10-00101) |
| | : | |
| | : | |
| AMPHENOL CORPORATION, | : | |
| ET AL., | : | |
| | : | E.D. PA CIVIL ACTION NO. |
| | : | 2:10-CV-69486-ER |
| Defendants. | : | |

FILED
NOV 28 2011
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

O R D E R

AND NOW, this **28th** day of **November, 2011**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant Temple-Inland, Inc. (Doc. No. 100) is **DENIED**.[1]

---

[1]  This case was filed in Delaware state court on March 12, 2009. On or about February 8, 2010, it was removed by a defendant to the United States District Court for the District of Delaware. It was thereafter transferred to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875. Plaintiff Michael Musselman is the administrator of the estate of decedent Lisa Musselman ("Mrs. Musselman"), who had mesothelioma. Plaintiff does not allege that decedent Mrs. Musselman was ever employed by Defendant Temple-Inland. Rather, Mrs. Musselman's husband at the time (David Keith Cissell ("Mr. Cissell")), to whom she was married from 1977 through 1993, worked for Temple-Inland as a sheetrock manufacturer at Temple-Inland's manufacturing facility in West Memphis, Arkansas. During the course of her marriage to Mr. Cissell, decedent and her two children lived in or around West Memphis, Arkansas. Plaintiff alleges that decedent Mrs. Musselman was exposed to asbestos fibers brought home on the clothing of Mr. Cissell (which she laundered) as a result of his work at Defendant Temple-Inland's West Memphis, Arkansas facility.

Plaintiff has brought, inter alia, failure-to-warn claims based on common law negligence. All of Plaintiff's claims are based upon "take-home" exposure. Defendant Temple-Inland, the sole remaining defendant in the case, has moved for summary

judgment, asserting that it owed no duty to decedent and that there is no cause of action available to Plaintiff based upon "take-home" exposure. The parties do not dispute that Delaware's choice of law rules are applicable. The parties are in dispute as to whether the applicable substantive law is Delaware law or Arkansas law.

I.   **Legal Standard**

   A.   Summary Judgment Standard

   Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

   In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

   B.   The Applicable Law

   In deciding what law governs a claim based in state law, a federal transferee court applies the choice of law rules of the state in which the action was initiated. Van Dusen v. Barrack, 376 U.S. 612, 637-40 (1964)(applying the *Erie* doctrine rationale to case held in diversity jurisdiction and transferred from one federal district court to another as a result of defendant's initiation of transfer); Commissioner v. Estate of

Bosch, 387 U.S. 456, 474-77 (1967)(confirming applicability of *Erie* doctrine rationale to cases held in federal question jurisdiction). Therefore, because this case was initiated in Delaware and transferred from the district court there, Delaware choice of law rules must be applied in determining what substantive law to apply to this case.

Delaware's choice of law approach entails a two-pronged inquiry. First, it is necessary to compare the laws of the competing jurisdictions to determine whether the laws actually conflict on a relevant point. While no reported Delaware cases establish that an actual conflict must exist, the Third Circuit, as well as other federal and state courts within Delaware, have concluded that Delaware's choice of law rules require that an actual conflict exist prior to engaging in a complete conflict of laws analysis. See In re Teleglobe Commc'ns Corp., 493 F.3d 345, 358 (3d Cir. 2007) (noting the absence of controlling precedent on this point but predicting that "Delaware would follow the practice of the federal system and most states, and decide a choice-of-law dispute only when the proffered legal regimes actually conflict on a relevant point"); Underhill Inv. Corp. v. Fixed Income Discount Advisory Co., 319 F.App'x. 137, 140-41 (3d Cir. 2009) (non-precedential opinion) (applying Delaware choice of law rules and noting that where the laws of the two jurisdictions would produce an identical result, a "false conflict" exists and a court should eschew a conflict analysis); Pig Imp. Co., Inc. v. Middle States Holding Co., 943 F. Supp. 392, 396 (D. Del. 1996) (Robinson, J.) (finding that where the laws of the relevant forums do not conflict, the court need not undergo a choice of law analysis) (citing Lucker Mfg. v. Home Ins. Co., 23 F.3d 808, 813 (3d Cir. 1994)); Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC, No. 3718, 2010 WL 338219, at *8 (Del. Ch. Jan. 29, 2010) ("Accordingly, because the laws of the several interested states relevant to the issues in this case all would produce the same decision no matter which state's law is applied, there is no real conflict and a choice of law analysis would be superfluous."); Parlin v. Dyncorp Intern., Inc., No. 08-01-136, 2009 WL 3636756, at *3 n.16 (Del. Super. Ct. Sept. 30, 2009) (citing Berg for the proposition that where a "false" conflict exists, a choice of law analysis is unnecessary); Lagrone v. Am. Mortell Corp., No. 04-10-116, 2008 WL 4152677, at *5 (Del. Super. Ct. Sept. 4, 2008) (same); Kronenberg v. Katz, No. 19964, 2004 WL 5366649, at *16 (Del. Ch. May 19, 2004) ("Where the choice of law would not influence the outcome, the court may avoid making a choice."); ABB Flakt, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A., No. 94-11-024,

1998 WL 437137, at *5 (Del. Super. Ct. June 10, 1998) ("When a choice of law analysis does not impact the outcome of the court's decision, no choice of law analysis need be made."), aff'd, 731 A.2d 811 (Del. 1999). Where no actual conflict exists between Delaware law and another potentially applicable law, Delaware law is applicable.

Second, if it is determined that an actual conflict exists, Delaware employs the "most significant relationship" test, as set forth in the Restatement (Second) of Conflict of Laws (the "Restatement"), in order to determine which law should apply. Travelers Indemnity Co. v. Lake, 594 A.2d 38, 47 (Del. 1991) (adopting the most significant relationship test); see David B. Lilly Co., Inc. v. Fisher, 18 F.3d 1112, 1117 (3d Cir. 1994); In re W.R. Grace & Co., 418 B.R. 511, 518-19 (D. Del. 2009); Corning Inc. v. SRU Biosystems, LLC, 292 F. Supp. 2d 583, 584 (D. Del. 2003) ("Delaware courts apply the most significant relationship test.")(citation omitted).

C. Duty of Employer and/or Premises Owner to Warn of "Take-Home" Exposure Under Delaware Law and Arkansas Law

1. Delaware Law

The Delaware Supreme Court has made clear that an employer and/or premises owner has no duty to warn of the dangers of "take-home" exposure to asbestos products and that Delaware law therefore does not recognize a claim based on failure to warn about such hazards, as such a claim is a nonfeasance claim (as opposed to a misfeasance claim). Price v. E.I. DuPont de Nemours & Co., 26 A.3d 162 (Del. 2011); Riedel v. ICI Americas, Inc., 968 A.2d 17 (Del. 2009). Accordingly, if Delaware law is applicable, Temple-Inland would be entitled to summary judgment.

2. Arkansas Law

There is no authority from the Supreme Court of Arkansas (or any appellate court of that state) regarding the duty of an employer and/or premises owner to warn about "take-home" exposure to asbestos under Arkansas law. Moreover, there is a split of authority throughout the country on this issue. See Martin v. Cincinnati Gas & Elec. Co., 561 F.3d 439 (6th Cir. 2009) (applying Kentucky law) (no duty); Condon v. Union Oil Co. of Calif., 2004 WL 1932847 (Cal. Ct. App.) (duty exists); Riedel v. ICI Americas Inc., 968 A.2d 17, 18-19 (Del. 2009) (no duty);

4

CSX Transp., Inc. v. Williams, 608 S.E.2d 208 (Ga. 2005) (no duty); Simpkins v. CSX Corp., 929 N.E.2d 1257 (Ill. App. Ct. 2010) (duty exists); Nelson v. Aurora Equip. Co., 909 N.E.2d 931 (Ill. App. Ct. 2009) (no duty); Van Fossen v. MidAmerican Energy Co., 777 N.W.2d 689 (Iowa 2009) (no duty); Zimko v. Am. Cyanamid, 905 So.2d 465 (La. App. 4 Cir. 2005) (duty exists); Doe v. Pharmacia & Upjohn Co., Inc., 879 A.2d 1088 (Md. 2005) (no duty); In re Certified Question from Fourteenth Dist. Court of Appeals of Texas, 740 N.W.2d 206 (Mich. 2007) (no duty); Olivo v. Owens-Illinois, Inc., 895 A.2d 1143 (N.J. 2006) (duty exists); In re New York City Asbestos Litig., 806 N.Y.S.2d 146 (N.Y. 2005) (no duty); Boley v. Goodyear Tire & Rubber Co., 929 N.E.2d 448 (Ohio 2010) (no duty); Satterfield v. Breeding Insulation Co., 266 S.W.3d 347 (Tenn. 2008) (duty exists); Alcoa, Inc. v. Behringer, 235 S.W.3d 456 (Tex. Ct. App. 2007) (no duty); Rochon v. Saberhagen Holdings, Inc., 2007 WL 2325214 (Wash. Ct. App. 2007) (duty exists).

This Court has previously noted that a determination of how far a duty extends is a matter of significant policy importance. See In re Asbestos Products Liability Litigation (No. VI), ("Various Plaintiffs v. Northrup Grumman Newport News"), (E.D. Pa. Aug. 29, 2011).

## II. Defendant Temple-Inland's Motion for Summary Judgment

Defendant Temple-Inland argues that, under Delaware's choice of law principles, Delaware substantive law should be applied in this case because there is no conflict between how Delaware's Supreme Court has ruled on the duty at issue and how Arkansas courts would rule on the duty if they were to address the issue. Specifically, Temple-Inland first cites to Price, 26 A.3d 162, and Riedel, 968 A.2d 17, to argue that Delaware law recognizes no duty for an employer/premises owner to warn about "take-home" exposure. It then notes the lack of Arkansas appellate court case law on the matter and argues that, in light of the majority of states' rulings on the issue and because Arkansas law requires a relationship between parties before a duty of care arises, Arkansas courts would reach the same result as Delaware's Supreme Court.

Plaintiff disagrees with Defendant's interpretation of Delaware law and argues that Price and Riedel do not hold that there could never be take-home liability under Delaware law. Plaintiff contends that the cases hold that under the facts of those particular cases, which the court characterized as

5

nonfeasance cases, there was no cause of action. By contrast, Plaintiff argues, the present case involves misfeasance by Defendant Temple-Inland because it affirmatively and consciously disregarded safety.

Plaintiff asserts that, under Delaware's choice of law principles, Arkansas substantive law would apply. Plaintiff argues that Arkansas is the state with the most significant relationship to the case because Mr. Cissell's asbestos exposure occurred at Defendant's Arkansas facility, and the decedent and Mr. Cissell both lived in Arkansas at the time of his employment with Defendant. Plaintiff notes that Delaware has no relationship with the case at this stage, in which Temple-Inland is the sole remaining defendant and that Temple-Inland does not suggest that Delaware has any relationship to this case other than the fact that the case was filed there.

An MDL transferee court has "authority to dispose of a case on the merits – for example, by ruling on motions for summary judgment." MANUAL FOR COMPLEX LITIGATION § 22.36 (4th ed. 2010) (citing In re Temporomandibular Joint (TMJ) Prods. Liab. Litig., 113 F.3d 1484, 1488 (8th Cir. 1997)). Although the MDL court has such authority, and in the appropriate case the exercise of such authority generally promotes the multidistrict litigation goals of efficiency and economy, there are cases where ruling on summary judgment by the transferee court would not advance the litigation or serve a useful purpose. Id. (citing In Re Orthopedic Bone Screw Prods. Liab. Litig., MDL No. 1014, 1997 WL 109595 at *2 (E.D. Pa. Mar. 7, 1997)). It does not advance the litigation to decide an unsettled issue of state law, if it cannot predict with a reasonable degree of certainty what the state's highest court would hold. See, e.g., Faddish v. CBS Corp., 2010 WL 4159238 at *5 (E.D. Pa. 2010) (Robreno, J.) (declining to engage in the "risky exercise" of predicting which line of authority the Florida Supreme Court would follow, and reserving the issue for the transferor court, "with superior expertise and familiarity in the application of Florida law").

This case plainly belongs in Arkansas. Both the facts of the case and the need to determine an unsettled issue of state law compel transfer of the claims to Arkansas. However, this MDL court is not permitted to invoke 28 U.S.C. § 1404(a) to transfer this case to another district, see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 28 (1998). On the other hand, the transferor court (District of Delaware) has the authority to transfer to an Arkansas court an unsettled issue of

6

E.D. PA NO. 2:10-69486-ER           **AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

Arkansas law (which an Arkansas court, albeit a federal court, is best suited to address), § 1404(a), and where, if it finds it appropriate, that transferee court is able to certify such an issue directly to the Supreme Court of Arkansas. See Ark. Sup. Ct. & Ct. of App. R. 6-8.

Under these circumstances, the Court notes that, given Arkansas's many connections to the case, it appears that the Delaware conflicts of law analysis may ultimately result in application of Arkansas substantive law, as a result of Delaware's application of the "most significant relationship" test. See Travelers Indemnity Co., 594 A.2d at 47. Thus, it would seem that the case may ultimately be best addressed by transfer to an Arkansas court – either because the substantive, unsettled legal issues are best certified to the Arkansas Supreme Court or for the mere convenience of the parties, who are both located in Arkansas, and the witnesses.

Accordingly, this Court has determined that this case is to be remanded to the transferor court, with a recommendation that it be transferred to the Eastern District of Arkansas for the convenience of the parties and witnesses and in the interest of justice.

7