# U.S. District Court
## Middle District of Louisiana (Baton Rouge)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00094-JJB-SCR
## Internal Use Only

| | |
|---|---|
| Legendre et al v. Anco Industries, Inc et al | Date Filed: 02/16/2012 |
| Assigned to: Judge James J. Brady | Jury Demand: Defendant |
| Referred to: Magistrate Judge Stephen C. Riedlinger | Nature of Suit: 368 P.I. : Asbestos |
| Case in other court: 19th Judicial District Court, 594,869 | Jurisdiction: Federal Question |
| Cause: 28:1441 Notice of Removal-Asbestos Litigation | |

**Plaintiff**

**Robert Legendre**        represented by    **Cameron Ray Waddell**
Waddell Anderman, LLC
8706 Jefferson Hwy
Suite B
Baton Rouge, LA 70809
225-636-5639
Fax: 225-636-5209
Email: cwaddell@waddellanderman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
Baron & Budd, P.C.
3102 Oak Lawn Ave
Suite 1100
Dallas, TX 75219
214-521-3605
Fax: 214-520-1181
Email: ccolley@baronbudd.com
*ATTORNEY TO BE NOTICED*

**Denyse F. Clancy**
Baron & Budd - Dallas
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219-4281
214-521-3605
Fax: 214-520-1181
Email: dclancy@baronbudd.com
*ATTORNEY TO BE NOTICED*

**J. Burton LeBlanc , IV**
Baron & Budd, P.C.
9015 Bluebonnett Blvd.
Baton Rouge, LA 70810
225-927-5441

Fax: 225-927-5449
Email: bleblanc@baronbudd.com
*ATTORNEY TO BE NOTICED*

**Jeffery R. Nicholson**
Waddell Anderman Law Firm
8708 Jefferson Hwy.
Suite A
Baton Rouge, LA 70809
225-636-5639
Fax: 225-636-5209
Email: jnicholson@waddellanderman.com
*ATTORNEY TO BE NOTICED*

**Jody E. Anderman**
Waddell Anderman, LLC
8706 Jefferson Hwy
Suite B
Baton Rouge, LA 70809
225-636-5639
Fax: 225-636-5209
Email: janderman@waddellanderman.com
*ATTORNEY TO BE NOTICED*

**Michael S. Mills**
Baron & Budd, P.C.
3102 Oak Lawn Ave
Suite 1100
Dallas, TX 75219
214-521-3605
Fax: 214-520-1181
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marion L. Legendre**                 represented by   **Cameron Ray Waddell**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Christopher C. Colley**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **J. Burton LeBlanc , IV**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jeffery R. Nicholson**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Jody E. Anderman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael S. Mills**
(See above for address)

<u>Plaintiff</u>

**Tina Lafatut**                    represented by   **Jeffery R. Nicholson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cameron Ray Waddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Burton LeBlanc , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody E. Anderman**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Ricky Legendre**                    represented by   **Cameron Ray Waddell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Denyse F. Clancy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Burton LeBlanc , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffery R. Nicholson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody E. Anderman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael S. Mills**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert S. Watts**      represented by    **Cameron Ray Waddell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Denyse F. Clancy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Burton LeBlanc , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffery R. Nicholson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody E. Anderman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael S. Mills**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Warren**      represented by    **Cameron Ray Waddell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher C. Colley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Denyse F. Clancy**
(See above for address)

*ATTORNEY TO BE NOTICED*

**J. Burton LeBlanc , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffery R. Nicholson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody E. Anderman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael S. Mills**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Anco Industries, Inc**           represented by  **Margaret Moran Joffe**
Deutsch, Kerrigan & Stiles
755 Magazine St.
New Orleans, LA 70130-3672
504-581-5141
Fax: 566-1201
Email: mjoffe@dkslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BASF Corporation**           represented by  **Gary A. Bezet**
Kean, Miller, Hawthorne, D'Armond,
McCowan & Jarman
P. O. Box 3513
Baton Rouge, LA 70821-3513
225-387-0999
Fax: 225-388-9133 FAX
Email: gary.bezet@keanmiller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bechtel Corporation**

**Defendant**

**CBS Corporation**           represented by  **Leon Gary , Jr.**
*(f/k/a Viacom, Inc., successor by merger*    Jones, Walker, Waechter, Poitevent,
*with CBS Corporation f/k/a Westinghouse*    Carrere & Denegre

*Electric Corporation)*

8555 United Plaza Boulevard
5th Floor
Baton Rouge, LA 70809-7000
225-248-2024
Fax: 225-248-3024 FAX
Email: lgary@joneswalker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chevron U.S.A., Inc.**                 represented by   **Janice Marie Culotta**
Kean, Miller, Hawthorne, D'Armond--
B.R.
P. O. Box 3513
Baton Rouge, LA 70821-3513
225-387-0999
Email: janice.culotta@keanmiller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Commercial Union Insurance Company**    represented by   **Gordon Peter Wilson**
*as insurer for Eagle, Inc and McCarty*                    Lee, Futrell & Perles
*Corporation. and its Executive Officer,*                  201 St. Charles Avenue
*James O'Donnell, Deceased*                                Suite 4120
New Orleans, LA 70170-4120
504-569-1725
Fax: 504-569-1726
Email: gwilson@leefutrell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel M. Rosamond , III**
Crawford Lewis PLLC - NO
400 Poydras Street
Suite 2100
New Orleans, LA 70130
504-568-1933
Fax: 504-568-9699
Email: srosamond@crawford-lewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crown Cork and Seal Company, Inc.**     represented by   **John Michael Grimley , Jr**
Galloway, Johnson, Tompkins, Burr &
Smith- N.O.
701 Poydras Street
Suite 4040
New Orleans, LA 70139
504-525-6802

Fax: 504-525-2456
Email: mgrimley@gjtbs.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Commercial Union Insurance Company**          represented by   **Gordon Peter Wilson ,**
*Insurer of Avondale Industries, Inc and its*                    Lee, Futrell & Perles
*Executive Officer, James O'Donnell,*
*Deceased*                                                       201 St. Charles Avenue
                                                                 Suite 4120

                                                                 New Orleans, LA 70170-4120
                                                                 504-569-1725
                                                                 Fax: 504-569-1726
                                                                 Email: gwilson@leefutrell.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Samuel M. Rosamond , III**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Eagle, Inc.**                                 represented by   **Susan Beth Kohn**
                                                                 Simon, Peragine, Smith & Redfearn, LLP
                                                                 1100 Poydras Street
                                                                 Suite 3000
                                                                 New Orleans, LA 70163
                                                                 504-569-2030
                                                                 Fax: 504-569-2999
                                                                 Email: suek@spsr-law.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**General Electric Company**                    represented by   **Andrew Mark Maestri**
                                                                 Frilot, Partridge, LC
                                                                 1100 Poydras Street
                                                                 Suite 3600
                                                                 New Orleans, LA 70163
                                                                 504-599-8224
                                                                 Fax: 504-599-8155
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll Rand Company**                      represented by   **Marc John Bitner**
                                                                 Forman, Perry, Watkins, Krutz & Tardy -
                                                                 NO

1515 Poydras Street
Suite 1300
New Orleans, LA 70112
504-799-4340
Fax: 504-523-1071
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lexington Insurance Company**

**Defendant**

**Liberty Mutual**

**Defendant**

**The McCarty Corporation**                 represented by   **Susan Beth Kohn**
*also known as*                                              (See above for address)
McCarty Corporation                                          *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**National Union Fire Insurance Co**

**Defendant**

**Owens-Illinois Inc**                       represented by   **Forrest Ren Wilkes**
                                                             Forman, Perry, Watkins, Krutz & Tardy -
                                                             NO
                                                             1515 Poydras Street
                                                             Suite 1300
                                                             New Orleans, LA 70112
                                                             504-799-4383
                                                             Fax: 504-799-4384
                                                             Email: ren@fpwk.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Reilly Benton Company, Inc.**

**Defendant**

**Royal Indemnity Company**                  represented by   **Jacqueline Romero**
                                                             Pugh, Accardo, Haas, Radecker, Carey,
                                                             Loeb & Hymel
                                                             1100 Poydras Street
                                                             Suite 3200
                                                             New Orleans, LA 70163-1132
                                                             504-799-4530
                                                             Fax: 504-799-4520
                                                             Email: jromero@pugh-law.com
                                                             *LEAD ATTORNEY*

                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Shell Oil Company**          represented by    **Gary A. Bezet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Taylor-Seidenbach, Inc.**          represented by    **Christopher Kelly Lightfoot**
Hailey, McNamara, Hall, Larmann &
Papale
One Galleria Boulevard
Suite 1400
Metairie, LA 70001
504-836-6500
Fax: 504-836-6565 FAX
Email: klightfoot@hmhlp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Travelers Insurance Company**          represented by    **Elia Demetria Diaz-Yaeger**
Lugenbuhl, Wheaton, Peck, Rankin &
Hubbard
601 Poydras Street
Suite 2775
New Orleans, LA 70130
504-568-1990
Email: ediaz-yaeger@lawla.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Turner Industries Group, L.L.C.**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Westchester Fire Insurance Company**          represented by    **William T. McCall**
Guillory & McCall, LLC
P.O. Drawer 1607
901 Lakeshore Drive, Suite 1030
Lake Charles, LA 70602
337-433-9996
Fax: 337-433-9937
Email: wtm@gmlawllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Zurich Insurance Company**      represented by    **Glen Mercer**
Salley, Hite & Mercer, LLC
365 Canal Street
Suite 1710
New Orleans, LA 70130
504-566-8804
Fax: 504-566-8828
Email: gmercer@shmnola.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gulf Oil Corporation**      represented by    **Janice Marie Culotta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cemex, Inc.**      represented by    **William L. Schuette , Jr.**
Jones, Walker - B.R.
8555 United Plaza Boulevard
Suite 500
Baton Rouge, LA 70809-7000
225-248-2000
Fax: 225-248-3056
Email: wschuette@joneswalker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Huntington Ingalls Incorporated**      represented by    **Gordon Peter Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian C. Bossier**
Blue Williams, LLP
3421 North Causeway Blvd
Suite 900
Metairie, LA 70002-3733
504-831-4091
Fax: 504-849-3022 FAX
Email: bbossier@bluewilliams.com
*ATTORNEY TO BE NOTICED*

**Christopher T. Grace , III**
Blue Williams LLP - Metairie
3421 North Causeway Blvd.
Ninth Floor

Metairie, LA 70002
504-831-4091
Fax: 504-849-3051
Email: cgrace@bluewilliams.com
*ATTORNEY TO BE NOTICED*

**Edwin A. Ellinghausen , III**
Blue Williams, LLP
3421 North Causeway Blvd
Suite 900
Metairie, LA 70002-3733
504-831-4091
Fax: 849-3052
Email: eellinghausen@bluewilliams.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ameron International Corporation**

**Defendant**

**Meadwestvaco Corporation**

**Defendant**

**Shell Chemical**        represented by   **Gary A. Bezet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/16/2012 | 🌐1 | NOTICE OF REMOVAL from 19th Judicial District Court, Case Number 594,869. (Filing fee $ 350 receipt number 053N-784517), filed by Huntington Ingalls Incorporated, Commercial Union Insurance Company. (Attachments: # 1 Attachment Civil Cover Sheet, # 2 Attachment State Court Record)(Wilson, Gordon) (Main Document 1 replaced on 2/17/2012) (CMM). (Attachment 2 replaced on 2/17/2012) (CMM). (Entered: 02/16/2012) |
| 02/17/2012 | 🌐 | Case reassigned to Judge James J. Brady. Chief Judge Brian A. Jackson no longer assigned to the case. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (NLT) (Entered: 02/17/2012) |
| 02/17/2012 | 🌐2 | Letter to Attorney Alix K Cornett who is Lead for party Defendant. Attorney is not admitted to practice in LAMD. (CMM) (Entered: 02/17/2012) |
| 02/17/2012 | 🌐3 | Letter to Attorney Jamie M. Zanovec who is Lead for party Defendant. Attorney is not admitted to practice in LAMD. (CMM) (Entered: 02/17/2012) |
| 02/17/2012 | 🌐4 | Letter to Attorney Lindsey L. Goldstein who is Co-Counsel for party Plaintiff. Attorney is not admitted to practice in LAMD. (CMM) (Entered: 02/17/2012) |
| 02/27/2012 | 🌐5 | Letter to JPML Panel notifying panel of possible JPML case (CMM) (Entered: 02/27/2012) |

**Case #: 3:12-cv-00094-JJB-SCR**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT LEGENDRE, | * | |
| MARION L. LEGENDRE, TINA LAFATUT, | * | |
| RICKY LEGENDRE, ROBERT S. WATTS | * | |
| AND JAMES WARREN | * | |
| | * | CIVIL ACTION NO. _____ |
| Plaintiffs | * | |
| | * | |
| VERSUS | * | SECTION _____ |
| | * | |
| AMERON INTERNATIONAL CORPORATION | * | |
| ANCO INSULATIONS, INC. | * | |
| BASF CORPORATION | * | |
| BECHTEL CORPORATION | * | |
| CBS CORPORATION | * | |
| CEMEX, INC. | * | MAG. JUDGE_____ |
| CHEVRON U.S.A., INC. | * | |
| COMMERCIAL UNION INSURANCE CO. | * | |
| (Insurer of Eagle, Inc. and McCarty Corporation, | * | |
| and its Executive officer, Marvin R. McCarty, | * | |
| Deceased) | * | |
| COMMERCIAL UNION INSURANCE CO. | * | |
| (Insurer of Avondale Industries, Inc. | * | |
| and its Executive Officer, James O'Donnell, | * | |
| Deceased) | * | |
| CROWN, CORK & SEAL COMPANY, INC. | * | |
| EAGLE, INC. | * | |
| GENERAL ELECTRIC COMPANY | * | |
| GULF OIL CORPORATION | * | |
| HUNTINGTON INGALLS INCORPORATED | * | |
| INGERSOLL RAND | * | |
| LEXINGTON INSURANCE COMPANY | * | |
| LIBERTY MUTUAL INSURNACE COMPANY | * | |
| THE MCCARTY CORPORATION | * | |
| MEADWESTVACO CORPORATION | * | |
| NATIONAL UNION FIRE INS. CO. | * | |

1

| | |
|---|---|
| OF PITTSBURGH | * |
| OWENS-ILLINOIS | * |
| REILLY-BENTON COMPANY, INC. | * |
| ROYAL INDEMNITY COMPANY | * |
| SHELL OIL COMPANY | * |
| SHELL CHEMICAL | * |
| TAYLOR-SEIDENBACH, INC. | * |
| TRAVELERS INSURANCE COMPANY | * |
| (Insurer of Aber Co.) | * |
| TURNER INDUSTRIES, LLC | * |
| UNION CARBIDE CORPORATION | * |
| WESTCHESTER FIRE INSURANCE CO. | * |
| ZURICH INSURANCE CO. | * |
| Defendants | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

OneBeacon America Insurance Company, incorrectly identified as Commercial Union Insurance Company, (in its capacity as an alleged insured of Avondale, as defined below and James O'Donnell) and Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc.) ("Avondale"), (collectively, the "Avondale Interests"),  pursuant to 28 U.S.C. § § 1441, 1442, and 1446, notice the removal of the above-entitled action bearing No. 594,869 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (hereinafter the "State Case") to the United States District Court for the Middle District of Louisiana.  This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because the Avondale Interests were, at all material times, acting under an officer of the United States as set forth in 28

2

U.S.C. § 1442.  The grounds for removal are as follows:

1.

Venue of the removed action is proper in this Court as it is the district court for the district where the State Case is pending, pursuant to 28 U.S.C. § 1441(a).

2.

The Avondale Interests are named defendants in the State Case, which was served on them on or after January 17, 2012.  This Notice of Removal is therefore timely filed because it is being filed within thirty (30) days after service of process setting forth the claim for relief upon which the instant action is based.  *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).

3.

A copy of the original Petition for Damages, Plaintiffs' First Supplemental and Amendment to the Original Petition for Damages and Plaintiffs' Second Supplement and Amendment to the Original Petition for Damages are attached hereto as Exhibit "A."

4.

According to the Second Supplement and Amendment to the Original Petition for Damages the wife and children of Robert Legendre sued the Avondale Interests based on the fact that her husband and their father, Robert Legendre, contracted and died of an asbestos-related disease after being exposed to asbestos while employed by Avondale.

5.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  Assuming *arguendo* that Robert Legendre was exposed to asbestos at Avondale's facility, the use of asbestos-containing materials at that facility was required and controlled by officers of the United States.

6.

The Avondale Interests are raising colorable federal defenses to this action under the jurisprudential doctrine known as the "Government Contractor Defense" and the Longshore and Harbor Workers Compensation Act ("LHWCA").  Furthermore, a casual nexus exists between the claims made by the plaintiffs and the acts performed under color of federal office.

7.

From 1951 through the 1970s and thereafter, the vessels constructed at Avondale pursuant to contracts executed between Avondale (on the one hand) and the United States government (on the other)(collectively the "Federal Vessels") constituted the bulk of the construction work performed at Avondale Shipyard which required the installation of asbestos-containing materials.

8.

The Federal Vessels were constructed at Avondale pursuant to mandatory terms, conditions, and specifications established by the United States government, including the United States Navy, the United States Coast Guard and the Maritime Administration, and under the direct supervision and monitoring of representatives of the United States government, which

4

representatives commanded an immediate and constant presence at the Avondale shipbuilding facilities during construction and testing.

9.

The materials used in the construction of the Federal Vessels –including asbestos-containing materials – were in fact the kind, type, and brand of materials specifically mandated by the shipbuilding contracts between Avondale and the United States government, and by the incorporated military specifications and government-approved materials lists, plans and specifications for the construction of the Federal Vessels.

10.

The ship-building process – specifically including the application, use, and handling of asbestos-containing materials – was monitored and enforced by inspectors and other representatives of the United States government on a day-to-day and job-specific basis.

11.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh-Healy Public Contracts Act and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which regulations set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during Federal Vessel construction. United States government safety inspectors specifically monitored and enforced

5

these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

12.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

13.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the commission of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

14.

The Avondale Interests qualify as persons "acting under any officer of the United States or any agency thereof" pursuant to 29 U.S.C. § 1442(a)(1) and the State Case is therefore removable to this Court because the Avondale Interests can raise, as a federal defenses, immunity under the "Government Contractor Defense" and the LHWCA. *Boyle v. United States Technologies, Inc.,* 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988); *Niemann v. McDonnell Douglas Corp.,* 721 F. Supp. 1019 (S.D. Ill. 1989); *Pack A.C. and S, Inc.,* 838 F. supp. 1099 (D. Md. 1993); and *Lalonde v. Delta Field Erection,* C.A. No. 96-3244-B-M3, 1998 WL 34301466 (M.D. La. August 5, 1998), *Melford v. Territo,* No. 05-1405 (M.D. La. Jan. 31, 2006); and *McFarlain v. Northrop Grumman Systems Corp.,* No. 05-1506-JJB-SCR (M.D. La.

6

Feb. 7, 2006); and *Kluka v. ANCO Insulations, Inc.,* No. 08-84-JJB-SCR (M.D. La. Apr. 28, 2008).

15.

Removal under 28 U.S.C. § 1442 does not require the consent of any served defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F. 2d. 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (D.C. Ind. 1979), aff'd. 723 F. 2d. 913 (7th Cir. 1983).

16.

Concurrent with the filing of this Notice of Removal, written notices have been given to all adverse parties, and a copy of this Notice of Removal is being filed with the Clerk of Court, 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

**WHEREFORE**, the Avondale Interests hereby give notice that the proceeding bearing number 594,869 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana is removed therefrom to the docket of this Honorable Court for trial and determination as provided by law.

**WHEREFORE**, the Avondale Interests further pray that this Honorable Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and thereupon proceed with this civil action as if it had originally commenced in this Court.

7

Respectfully submitted,

*/s/ GORDON P. WILSON*
GARY A. LEE (#08265)
RICHARD M. PERLES (#01534)
A. ANN CATES (#24769)
GORDON P. WILSON (#20426)
**LEE, FUTRELL & PERLES L.L.P.**
201 St. Charles Avenue, Suite 4120
New Orleans, Louisiana 70170
Telephone: (504) 569-1725
Facsimile:  (504) 569-1726
*Counsel   for   OneBeacon   America
Insurance   Company,   on   Issues   of
Executive  Officer  Liability  and  Damages
Only,  and  Not  on  Issues  of  Insurance
Coverage*


-AND-

SAMUEL M.  ROSAMOND, III (#17122)
ADAM D. deMAHY (#29826)
**CRAWFORD LEWIS, PLLC**
400 Poydras Street, Suite 2100
New Orleans, LA 70130
Telephone: (504) 568-1933
Facsimile: (504) 568-9699
*Counsel for OneBeacon America
Insurance Company*

-AND-

8

BRIAN C. BOSSIER (#16818)
EDWIN A. ELLINGHAUSEN, III (#1347)
CHRISTOPHER T. GRACE, III (#26901)
**BLUE WILLIAMS, L.L.P.**
3421 N. Causeway Blvd., Suite 900
Metairie, Louisiana 70002
Telephone: (504) 831-4090
Facsimile: (504) 849-4091
*Counsel      for      Huntington      Ingalls
Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice Of Removal was filed electronically

with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of

record by electronic means on the 16th day of February, 2012.

*/s/ GORDON P. WILSON*

9

| Party | COUNSEL | ADDRESS | PHONE | FAX | EMAIL | TYPE | STATUS |
|-------|---------|---------|-------|-----|-------|------|--------|
| Plaintiff: Robert Legendre and Marion L. Legendre | Cameron Waddell Jody Anderman | Waddell Anderman 8708 Jefferson Highway, Suite A Baton Rouge, LA 70809 | 225-612-8450 | 225-636-5209 | cwaddell@waddellanderman.com janderman@waddellanderman.com | | |
| Northrop Grumman Shipbuilding, Inc. | Brian Bossier/Ed Ellinghausen | Blue Williams, L.L.P. 3421 N. Causeway Blvd., Suite 900, Metairie, LA 70002 | 504-831-4091 | 504-849-3022 | avondaleasbestos@bluewilliams.com | | |
| McCarty | Sue Kohn | Simon, Peragine, Smith & Redfearn 1100 Poydras St., 30th Floor Energy Centre New Orleans, LA 70163 | 504-569-2030 | 504-569-2999 | suek@spsr-law.com | | |
| Eagle | Sue Kohn | Simon, Peragine, Smith & Redfearn 1100 Poydras St., 30th Floor Energy Centre New Orleans, LA 70163 | 504-569-2030 | 504-569-2999 | suek@spsr-law.com | | |
| CBS, Westinghouse, Viacom, GE | John Hainkel; Sheri Faust; Meredith Keenan | Frilot Partridge LLC 1100 Poydras St., Suite 3700 New Orleans, LA 70163 | 504-599-8000 | 504-599-8100 | jhainkel@frilot.com; fp-asbestos@frilot.com; sfaust@frilot.com; mkeenan@frilot.com | TPD | |
| Taylor-Seidenbach | C. Kelly Lightfoot | Hailey, McNamara, Hall, Larmann & Papale, LLP One Galleria Boulevard, Suite 1400 Metairie, LA 70001, Post Office Box 8288, Metairie, LA 70011 | 504-836-6500 | 504-836-6565 | klightfoot@hmhlp.com | | |
| Commercial Union | Sam Rosamond; Adam deMany | Crawford & Lewis 400 Poydras Street, Suite 2100 New Orleans, LA 70002 | 504-568-1933 | 504-568-9699 | srosamond@crawford-lewis.com; adeMany@crawford-lewis.com | | |
| Travelers | Kris Wilson | Lugenbuhl, Wheaton, Peck, Rankin & Hubbard 601 Poydras St., Suite 2775 New Orleans, Louisiana 70130 | 504-568-1990 | 504-310-9195 | kwilson@lawla.com | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Reilly-Benton | Diane Sweezer, Jessica Wicks | Willingham Fultz & Cougill LLP, Niels Esperson Building<br>808 Travis St., Ste. 1608<br>Houston, TX  77002 | 713-333-7600 | 713-333-7601 | dianes@willingham-law.com; la-asbestos@willingham-law.com; JessicaW@willingham-law.com | | |
| Union Carbide | Ernest Foundas | Kuchler, Polk, Schell, Weiner, and Richeson<br>1615 Poydras St., Suite 1300<br>New Orleans, LA  70112 | 504-592-0691 | 504-592-0696 | efoundas@kuchlerpolk.com<br>ucclaasbestos@kuchlerpolk.com | | |
| Owens-Illinois | Dean Church | Foreman, Perry, Watkins, Krutz & Tardy, LLP<br>1515 Poydras Street, Suite 1300<br>New Orleans, LA  70112 | 504-799-4383 | 504-799-4384 | churchd@fpwk.com | | |
| Anco | Jaimie Baglio | Deutsch, Kerrigan & Stiles, L.L.P.<br>755 Magazine Street<br>New Orleans, LA  70130-3672 | 504-581-5141 | 504-566-1201 | jbaglio@dkslaw.com | | |
| Ingersoll-Rand | Richard M. Crump | Foreman, Perry, Watkins, Krutz & Tardy, LLP<br>1515 Poydras Street, Suite 1300<br>New Orleans, LA  70112 | 504-799-4383 | 504-799-4384 | crumprm@fpwk.com | | |
| National Union Fire Insurance Company and Lexington Insurance Company | Robert I. Siegel | Gieger, Laborde & LePerouse, LLC<br>One Shell Square, 701 Poydras Street<br>Suite 4800<br>New Orleans, LA  70139 | 504-561-0400 | 504-561-1011 | rsiegel@glllaw.com | | |
| BASF | Leon Gary, Jr. | Jones, Walker, Weachter, Poitevent, Carrere & Denegre, LLP<br>8555 United Plaza Boulevard<br>Four United Plaza, Fifth Floor<br>Baton Rouge, LA  7080-7000 | 225-248-2000 | 225-248-3051 | lgaryjoneswalker.com | | |
| CEMEX, Inc. | Leon Gary, Jr. | Jones, Walker, Weachter, Poitevent, Carrere & Denegre LLP<br>8555 United Plaza Boulevard<br>Four United Plaza, Fifth Floor<br>Baton Rouge, LA  7080-7000 | 225-248-2000 | 225-248-3051 | lgaryjoneswalker.com | | |
| Arrowood | Lawrence G. Pugh | Pugh, Accardo, Haas, Radecker, Carey & Hymel, L.L.C.<br>1100 Poydras Street, Suite 3200<br>New Orleans, LA  70163-1132 | 504-799-4500 | 504-799-4520 | asbestos@pugh-law.com | | |
| Westchester Fire Insurance Company | William T. McCall | Guillory & McCall, L.L.C.<br>901 Lakeshore Drive, Suite 1030 (70601)<br>Post Office Drawer 1607<br>Lake Charles, LA  70602-1607 | 337-433-9996 | 337-433-9937 | wtm@gmlawllc.com | | |

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff   United States
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   United States
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
ameron Waddell, Waddell Anderman, 8708 Jefferson Highway, Suite A
aton Rouge, LA 70809 - Phone - 225-612-8450 - Fax - 225-636-5209

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1441

Brief description of cause:
Federal officer removal

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                                    DOCKET NUMBER

DATE
02/16/2012

SIGNATURE OF ATTORNEY OF RECORD
/s/ GORDON P. WILSON

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:    U.S. Civil Statute: <u>47 USC 553</u>
                                      Brief Description: <u>Unauthorized reception of cable service</u>

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

2408-12-000693

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

ROBERT LEGENDRE ET AL
(Plaintiff)

vs.

ANCO INSULATIONS INC ET AL
(Defendant)

NUMBER    C594869 SECTION 22

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    HUNTINGTON INGALLS INCORPORATED
(SUCCESSOR-IN-INTEREST TO NORTHROP GRUMMAN SHIP SYSTEMS, INC.,
AS SUCCESSOR-IN-INTEREST TO AVONDALE INDUSTRIES, INC.)
THROUGH ITS AGENT
C T CORPORATION SYSTEM
5615 CORPORATE BLVD., SUITE 400 B
BATON ROUGE, LA 70808

*RECEIVED JAN 17 2012 E.B.R. SHERIFF'S OFFICE*

Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*. The petitions tell you what you are being sued for.

You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on 17-JAN-2012.

*Tracy Bradley*
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: JODY EDWARD ANDERMAN

*Also attached are the following documents:

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20_____.

| | | |
|---|---|---|
| SERVICE: | $_____ | |
| MILEAGE | $_____ | Deputy Sheriff |
| TOTAL: | $_____ | Parish of East Baton Rouge |

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION -2408



EBR1091827

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 594,869                                              DIV.: "ADHOC"

ROBERT LEGENDRE, ET UX

VERSUS

ANCO INSULATIONS, INC., ET AL

FILED: _____

DEPUTY CLERK

## MOTION FOR LEAVE TO FILE
## SECOND SUPPLEMENT AND AMENDMENT

NOW INTO COURT, through undersigned counsel, come Plaintiffs who

respectfully move this Honorable Court for leave to file the attached Second

Supplement and Amendment to the Petition for Damages to amend the petition in its

entirety and to add additional defendants to the above-captioned matter. The filing of

this supplement will not cause a delay in the proceedings, nor will it unfairly prejudice

the defendants.

Respectfully submitted,

WADDELL ANDERMAN, LLC

By: _____
Cameron R. Waddell (Bar No. 24245)
Jody E. Anderman (Bar No. 18764)
Jeff Nicholson (Bar No. 29366)
8706 Jefferson Hwy., Ste. B
Baton Rouge, LA 70809
Telephone: (225) 636-5639
Facsimile: (225) 636-5209
Counsel for plaintiffs

REC'D C.P.

REC'D C.P. JAN 12 2012

JAN 11 2012

CERTIFIED TRUE AND
CORRECT COPY

JAN 1 7 2012

East Baton Rouge Parish
Deputy Clerk of Court

POSTED

COST OK Amt.

JAN

DV. CLERK OF COURT

CERTIFIED TRUE COPY
0355


EBR1073638

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 594,869                           DIV.: "ADHOC"

ROBERT LEGENDRE, ET UX

VERSUS

ANCO INSULATIONS, INC., ET AL

FILED: _____       _____

                                        DEPUTY CLERK

### ORDER

IN CONSIDERATION OF THE FOREGOING MOTION:

IT IS ORDERED, ADJUDGED AND DECREED that the attached Second Supplement and Amendment be and is hereby deemed filed in the above- captioned matter.

SO ORDERED this the __10__ day of __January__, 2012 in East Baton Rouge, Louisiana.

_____
JUDGE PRO Hoc

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this __6th__ day of January, 2012 served a copy of the foregoing pleading on counsel to all parties to this proceeding, by electronic transmission, facsimile and/or mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____
JODY E. ANDERMAN

CERTIFIED TRUE AND
CORRECT COPY

JAN 1 7 2012

East Baton Rouge Parish
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 594,869                                           DIV.: "ADHOC"

ROBERT LEGENDRE, ET UX

VERSUS

ANCO INSULATIONS, INC., ET AL

FILED: _____        _____
                                       DEPUTY CLERK

### SECOND SUPPLEMENT AND AMENDMENT
### TO ORIGINAL PETITION FOR DAMAGES

Now into Court, through undersigned counsel, come the petitioners, Marion L. Legendre, surviving spouse, and Tina Labatut, Ricky Legendre, Roberta L. Watts and James Warren, as curator of his interdicted spouse Elizabeth Warren, surviving children, individually, and on behalf of Robert Legendre, deceased (hereinafter referred to as the Plaintiffs), whose names and addresses are shown on Exhibit "A," which is attached hereto and incorporated herein, and file this their Second Supplement and Amendment to amend the original petition for damages in its entirety, as follows:

1.    The Plaintiffs' decedent had substantial exposure to asbestos and asbestos-containing products sold, distributed, supplied, applied, removed, used, manipulated and/or maintained on defendants' premise at the location described in Exhibit "A".

2.    The Defendants, identified in Exhibit "B," are all either: (a) foreign corporations licensed to do and doing business in the state of Louisiana, (b) domestic corporations licensed to do and doing business in the state of Louisiana, (c) individuals who are domiciled in this state, (d) individuals who are not domiciled in this state, or (e) foreign or alien insurers, that are liable to the Plaintiffs for the claims asserted herein.

3.    Each Defendant corporation and/or its predecessor-in-interest is, or at times material hereto, has been engaged in the processing, manufacturing, installation, removal, maintenance, sale and/or distribution of

EBR1073639

asbestos asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "asbestos-containing products"), or held themselves out as manufacturers of such products or were professional vendors of such products.

4.    The death of Robert Legendre, on or about January 19, 2011, was due to or a consequence of his exposure to dust and fibers from asbestos and/or asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that were unreasonably dangerous per se, defective in composition or construction, defective in design, lacking suitable warnings or instructions concerning the hazards presented, as a result of negligent and/or reckless misconduct.   As a direct and proximate result of the delictual conduct of the non-employer defendants, the petitioners listed on Exhibit "A", have lost the love, affection, society, support, services and future earnings of the decedent and all other damages due pursuant to Louisiana Civil Code Article 2315.2, and assert this wrongful death action against the non-employer defendants.

5.    The petitioners listed on Exhibit "A," are the statutory survivors of the referenced decedent and hereby substitute themselves in the decedent's stead and assert this survival action pursuant to Louisiana Civil Code Article 2315.1.

6.    Plaintiffs' decedent worked with and/or was exposed to asbestos-containing products while working at defendants' premises in the state of Louisiana.  Plaintiffs' decedent's work sites, trades and years of exposure to asbestos include, but are not limited to those identified in Exhibit "A." Plaintiffs' decedent has been exposed, on numerous occasions, to asbestos and/or asbestos-containing products produced, manufactured, installed, removed, maintained, sold, and/or distributed by Defendants and, in so doing, has inhaled significant quantities of asbestos fibers, and as a result has suffered injuries proximately caused by such exposure.

7.    Plaintiffs' decedent was exposed to asbestos or asbestos-containing

products in occupation(s) including, but not limited to, those set forth in Exhibit "A." The conduct of each Defendant was a substantial contributing factor in causing Plaintiffs' decedent's injuries, such that all Defendants are liable jointly, severally, and in solido for all of the damages complained of herein.

## VENUE

8.    The defendant, The McCarty Corporation, is a domestic corporation with principal places of business located in this Parish. Plaintiffs' decedent was exposed to products, distributed and installed by the above-referenced defendants at the work sites listed herein. Plaintiffs specifically allege that these products, in combination with other asbestos-containing products, caused his asbestos-related injuries.

9.    Each of the defendants listed in Exhibits "B," contributed with The McCarty Corporation, to Plaintiffs' decedent's exposure to asbestos at his work sites, including but not limited to, the exposure sites listed herein. Each of these defendants is liable in solido, with The McCarty Corporation to the Plaintiffs. Thus, venue proper for this defendant is proper for all defendants pursuant to Louisiana Code of Civil Procedure articles 42 and 73.

10.   Further, the insurance defendants, Commercial Union Insurance Company, Lexington Insurance Company, Liberty Mutual Insurance Company, National Fire Insurance Company of Pittsburgh, Westchester Fire Insurance Company and Zurich Insurance Company, issued policies of comprehensive general liability insurance to Anco Insulations, Inc., Eagle, Inc., The McCarty Corporation and its executive officer, Marvin R. McCarty, deceased, B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased, and/or Huntington Ingalls Incorporated, successor-in-interest to Northrop Grumman Ship Systems, Inc., as successor-in-interest to Avondale Industries, Inc. who contributed to Plaintiffs' decedent's exposure at his work sites, including but not limited to, the exposure sites listed herein. As such, the insurance defendants are liable for the damages alleged against Anco

Insulations, Inc., Eagle, Inc., The McCarty Corporation and its executive officer, Marvin R. McCarty, deceased, B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased and/or Huntington Ingalls Incorporated, successor-in-interest to Northrop Grumman Ship Systems, Inc., as successor-in-interest to Avondale Industries, Inc., individually, jointly and *in solido*. In addition, pursuant to the Louisiana Direct Action Statute, La R.S. 22:1269, venue is proper for these defendants.

## DISCLAIMER

### (APPLIES TO ALL COUNTS)

11.    Plaintiffs disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

## BACKGROUND

12.    During Plaintiffs' decedent's occupational exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products set forth below and identified herein:

| Defendant | Asbestos-Containing Products |
|---|---|
| Ameron International Corporation | Pipe and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Anco Insulations, Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Commercial Union Insurance | *See* The McCarty Corporation |

| | |
|---|---|
| Company, Lexington Insurance Company & National Union Fire Insurance Company of Pittsburgh, as the insurers of The McCarty Corporation | |
| Crown, Cork & Seal Company, Inc. | Insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Eagle, Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| General Electric Company | Turbines, drives, disconnects, circuit interrupters, brakes, solenoids, busway, circuit breakers, motors, power assemblies, switches, load centers, power breakers, motor control assemblies, metering, panel boards, power outlet panels, relays, starters, controllers, generators, wire, switchboards, switchgear, terminal blocks, transfer switches, transformers and such other asbestos-containing products as may be discovered during discovery and/or proven at trial. |
| Liberty Mutual Insurance Company | *See* B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased |
| The McCarty Corporation | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Meadwestvaco Corporation | Paper and other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Reilly-Benton Co., Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Taylor-Seidenbach, Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, |

| | siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
|---|---|
| Westchester Fire Insurance Company and Zurich Insurance Company, as the insurers for Anco Insulations, Inc. | *See* Anco Insulations, Inc. |

Each of the foregoing asbestos containing products was used at Plaintiffs' decedent's jobsites listed herein where Plaintiffs' decedent was exposed to such asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

13.   When inhaled or otherwise ingested, asbestos, shortly after inhalation or ingestion, causes irreparable and progressive damage that can manifest itself as asbestos-related pleural diseases, asbestosis, lung cancer and mesothelioma, and other diseases and injuries.

14.   Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiffs' decedent, of the health hazards inherent in the asbestos-containing products they were selling.  Instead of warning the Plaintiffs' decedent and the general public about these dangers, the defendants ignored or concealed such information, or condoned such concealment.  Those defendants who have engaged in concealing the dangers of asbestos are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence and strict liability, identifies other forms of misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

15.   In connection with his work at Plaintiffs' decedent's jobsites listed herein during the exposure period, the Plaintiffs' decedent was exposed to and inhaled or otherwise ingested significant quantities of asbestos having neither knowledge, nor reason to believe that these materials were dangerous.

16.   As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at the

exposure sites listed herein, Plaintiffs' decedent has received injuries, both physically and mentally, including, without limitation, malignant mesothelioma.

17.   Because of the latency period of the above injuries and other injuries caused by asbestos and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, the Plaintiffs' decedent has only recently, within one year, discovered his injuries.

## COUNT ONE

### NEGLIGENCE

("Defendants" in this count mean Ameron International Corporation; Anco Insulations, Inc.; Commercial Union Insurance Company, Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, as the insurers of The McCarty Corporation; Eagle, Inc.; General Electric Company; Liberty Mutual Insurance Company, as the insurer of B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased; The McCarty Corporation; Meadwestvaco Corporation; Reilly-Benton Co., Inc.; Taylor-Seidenbach, Inc.; and Westchester Fire Insurance Company and Zurich Insurance Company, as the insurers of Anco Insulations, Inc.)

18.   The illnesses and disabilities of Plaintiffs' decedent are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, sold and/or otherwise put into the stream of commerce asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiffs' decedent's health and well-being. The Defendants were negligent in one, some or all of the following respects, among others, same being the proximate cause of Plaintiffs' decedent's illnesses and disabilities:

    (a)    failing to timely and adequately warn Plaintiffs' decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos and/or asbestos-containing products;

    (b)    failing to provide Plaintiffs' decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Plaintiffs' decedent from being harmed and disabled by exposure to asbestos and/or asbestos-containing products;

(c)     failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, to warn of the dangers to health of coming into contact with said asbestos or asbestos-containing products and/or machinery;

(d)     failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling, installing, and/or using or removing asbestos and/or asbestos-containing products;

(e)     failing to develop and/or use a substitute material to eliminate asbestos fibers in the asbestos-containing products;

(f)     failing to properly design and manufacture asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     failing to properly test asbestos-containing products before they were released for consumer use; and

(h)     failing to recall and/or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

## COUNT TWO

### STRICT LIABILITY

("Defendants" in this count mean Ameron International Corporation; Anco Insulations, Inc.; Commercial Union Insurance Company, Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, as the insurers of The McCarty Corporation; Eagle, Inc.; General Electric Company; Liberty Mutual Insurance Company, as the insurer of B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased; The McCarty Corporation; Meadwestvaco Corporation; Reilly-Benton Co., Inc.; Taylor-Seidenbach, Inc.; and Westchester Fire Insurance Company and Zurich Insurance Company, as the insurers of Anco Insulations, Inc.)

19.     All of the allegations contained in the previous paragraphs are realleged herein.

20.     Plaintiffs' decedent was exposed to asbestos-containing products that were manufactured and distributed by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations.  The defective condition of the products rendered such

products unreasonably dangerous, and the asbestos-containing products were in this defective condition at the time they left the hands of Defendants. Further, said products were unreasonably dangerous per se, unreasonably dangerous due to Defendants' failure to warn, and unreasonably dangerous due to a design defect.

21.    The Defendants are engaged in the business of selling asbestos-containing products, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiffs' decedent.

22.    Defendants knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation, installation, operation, maintenance and/or repair of the asbestos-containing products.

23.    Plaintiffs' decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation.

24.    During the periods that Plaintiffs' decedent was exposed to the Defendants' asbestos-containing products, these asbestos-containing products were being used in a manner which was intended and/or reasonably foreseeable by Defendants.

## COUNT THREE

### NEGLIGENCE AGAINST MANUFACTURER AND/OR EQUIPMENT DEFENDANTS
("Defendant" in this count means General Electric Company)

25.    Petitioners allege that plaintiffs' decedent was exposed to asbestos fibers emanating from asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products.   Each Defendant corporation or its predecessor-in-interest is, or at times material hereto, has been engaged in the mining, processing, manufacturing, sale, and distribution of asbestos or asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products.

Petitioners would show that plaintiffs' decedent was exposed, on numerous occasions, to asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products produced and sold by Defendants and, in so doing, has inhaled great quantities of asbestos fibers. Further, Petitioners allege, as more specifically set out below, that plaintiffs' decedent suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured, and sold by Defendants. In that each exposure to such products caused or contributed to plaintiffs' decedent's injuries, Petitioners say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

26. Plaintiffs' decedent was exposed to asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products that were manufactured, designed and distributed by the Defendant and its predecessors-in-interest for use as construction materials or machinery in industrial operations. Petitioners would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and machinery were in this defective condition at the time they were designed by or left the hands of Defendants. Petitioners would show that Defendant's asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Petitioners would show that this market defect rendered such products and machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants. Petitioners would show that Defendant is liable in product liability including, but not limited to, strict product liability for the above-described defects.

27. The Defendant is or was engaged in the business of selling, manufacturing, producing, designing, and otherwise putting into the stream of commerce asbestos-containing products and machinery requiring or calling for

asbestos or asbestos-containing products, and these asbestos-containing products and machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and otherwise put into the stream of commerce were a proximate and producing cause of the injuries of plaintiffs' decedent.

28.    Defendants knew that these asbestos-containing products and machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation or installation of the asbestos-containing products or operation, maintenance and repair of the machinery requiring or calling for the use of asbestos and asbestos-containing products.

29.    Petitioners' decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendant, which made them unsafe for purposes of manipulation or installation.   Similarly, Petitioners' decedent was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and asbestos-containing materials.

30.    During the periods that Petitioners' decedent was exposed to the asbestos-containing products and machinery of the Defendant, these asbestos-containing products and machinery were being utilized in a manner, which was intended by Defendant.

31.    The illness and disabilities of Petitioners' decedent are a direct and proximate result of the negligence of each Defendant and its predecessor-in-interest in that said entities produced, designed, sold, and otherwise put into the stream of commerce, asbestos, asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products, which the Defendant knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Petitioners' decedent's health and well-being.   Defendant created hazardous and deadly conditions to which Petitioners' decedent was exposed and which caused Petitioners' decedent to be exposed to a large amount of asbestos fibers. The

Defendant was negligent in one, some, or all of the following respects, among others, same being the proximate cause of Petitioners' decedent's illness and disabilities:

   a.   in failing to timely and adequately warn Petitioners' decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos and asbestos-containing products;

   b.   in failing to provide Petitioners' decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Petitioner from being harmed and disabled by exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos and asbestos-containing products;

   c.   in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, or machinery requiring or calling for the use of asbestos and asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and machinery;

   d.   in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and asbestos-containing products in a safe manner;

   e.   in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, or the machinery requiring or calling for the use of asbestos and asbestos-containing products;

f.    in failing to properly design and manufacture asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos and asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

g.    in failing to properly test said asbestos-containing products and machinery before they were released for consumer use; and

h.    in failing to recall or remove from the stream of commerce said asbestos-containing products and machinery or machinery requiring or calling for the use of asbestos and asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products and machinery.

## COUNT FOUR

### NEGLIGENCE AND STRICT LIABILITY
### AGAINST THE CONTRACTOR DEFENDANTS
("Defendants" in this count mean Anco Insulations, Inc.; Bechtel Corporation; Commercial Union Insurance Company, as the insurer of Eagle, Inc.; Commercial Union Insurance Company, Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, as the insurers of The McCarty Corporation and its executive officer, Marvin R. McCarty, deceased; Eagle, Inc.; General Electric Company; Liberty Mutual Insurance Company, as the insurer of B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased; The McCarty Corporation; Turner Industries, LLC; and Westchester Fire Insurance Company and Zurich Insurance Company, as the insurers of Anco Insulations, Inc.)

32.    The Defendants contracted at the jobsites identified herein to perform certain activities at those jobsites prior to and/or during each Plaintiffs' decedent's exposure period at each such jobsites.

33.    The activities conducted by the Defendants and/or their subcontractors, included, but were not limited to, the application, demolition, displacement, disturbance, fabrication, installation, purchase, removal, repair, replacement, tearing out, and use of asbestos-containing products at, on and/or for the jobsites identified herein.

34.    The foregoing activities resulted in the release of substantial quantities of asbestos dust into the work environment.

35.    Plaintiffs' decedent was exposed to and inhaled substantial quantities of asbestos dust as a direct and proximate result of the activities of

the Contractor Defendants and their subcontractors.

36.    The Contractor Defendants negligently performed and/or permitted their subcontractors to negligently perform the foregoing activities in the following non-exclusive particulars:

(a)    By creating a work environment laden with asbestos dust and an unhealthy and unsafe place for Plaintiffs' decedent to work;

(b)    By failing to provide warnings, or adequate warnings, to Plaintiffs' decedent of the dangers and risks posed by the asbestos in the atmosphere in which Plaintiffs' decedent worked; of the need for correct, adequate, and/or appropriate safety equipment; of critical medical and safety information regarding asbestos hazards in general and of hazards at the jobsites in particular; and of the hazards created by Defendants' activities;

(c)    By failing to test, or adequately test, the work environment for the presence of toxic, hazardous and carcinogenic chemicals, particularly asbestos;

(d)    By failing to apprise Plaintiffs' decedent of the need for periodic medical examinations as a result of Plaintiffs' decedent's exposure to asbestos created by Defendants' activities;

(e)    By failing to ventilate and/or properly ventilate the areas in which Plaintiffs' decedent performed activities, or otherwise provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

(f)    By failing to clean up and/or properly clean up the asbestos dust created by Plaintiffs' decedent's activities;

(g)    By failing to formulate policies and adopt plans, procedures, and supervision necessary for the adequate protection of persons, such as Plaintiffs' decedent, who came into contact with asbestos dust as a result of Plaintiffs' decedent's activities;

(h)    By recklessly concealing from Plaintiffs' decedent and negligently failing to provide critical medical and safety information to

Plaintiffs' decedent regarding the safety and health risks associated with the asbestos and asbestos-containing products;

(i)   By failing to adopt and/or failing to enforce safety rules after such rules were actually adopted;

(j)   By failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, occupational exposure to asbestos;

(k)   By failing to properly supervise and/or monitor their work areas for compliance with safety regulations;

(l)   By failing to supervise their operations and the operations of their subcontractors;

(m)   By commencing and continuing operations, which were under their control and supervision when they knew or should have known that such operations would cause Plaintiffs' decedent and co-employees to be exposed to asbestos, without protection, on a daily basis;

(n)   By failing to timely, adequately and safely remove asbestos hazards from the workplace;

(o)   By failing to comply with applicable State and Federal regulations regulating workplace exposure to asbestos (including, but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh-Healey Public Contracts Act and the Occupational Safety and Health Act);

(p)   By applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that Defendants knew, or in the exercise of reasonable diligence should have known, were unreasonably dangerous, or unreasonably dangerous per se;

(q)   By not providing safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the their activities;

(r)     By failing to test or adequately test the materials with which they were working to determine the presence of asbestos;

(s)     By failing to purchase products and materials that did not contain asbestos;

(t)     By purchasing, using, applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that contained asbestos;

(u)     By failing to properly label products that they purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and tore out as containing asbestos; and

(v)     By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial.

37.     The negligent acts outlined above were a substantial contributing factor in Plaintiffs' decedent's exposure to dangerous and hazardous levels of asbestos, and resultant damages.

38.     The foregoing negligent acts of the Contractor Defendants were a cause-in-fact and proximate cause of the Plaintiffs' decedent's injuries and damages.

39.     Additionally, the Contractor Defendants are liable for the acts of their subcontractors under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

40.     Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants were in the care, custody and control of the Contractor Defendants, jointly with the premise defendants, were unreasonably dangerous due to the presence of asbestos, and were a proximate cause and cause-in-fact of the Plaintiffs' decedent's injuries.  Therefore, the Contractor Defendants are strictly liable for Plaintiffs' decedent's damages pursuant to Louisiana Civil Code article 2317.

41.     Additionally, when such contractors did not employ Plaintiffs'
decedent, Plaintiffs' decedent was exposed to the asbestos containing products
that were purchased, used, applied, demolished, displaced, disturbed,
fabricated, installed, removed, repaired, replaced, and torn out by the
Contractor Defendants that were in the care, custody and control of the
Contractor Defendants and were unreasonably dangerous due to the presence
of asbestos.

## COUNT FIVE

### NEGLIGENCE AND STRICT LIABILITY
### OF PLAINTIFFS' DECEDENT'S EMPLOYERS
("Defendants" in this count mean Bechtel Corporation;
and Turner Industries, LLC)

42.     Plaintiffs allege negligent conduct and misconduct on behalf of
Plaintiffs' decedent's employers in failing to provide and/or ensure a safe
workplace for their employees, free of hazardous concentrations of asbestos
and asbestos-containing dust.

43.     At various times, Plaintiffs' decedent was employed by the
Employer Defendants and during such time was continuously exposed to
asbestos and asbestos-containing dust without the provision of appropriate
safeguards by Defendants.

44.     The     Defendants     and/or     their     predecessors-in-interest,
subsidiaries, or successors-in-interest undertook and assumed the duties and
responsibilities owed individually for providing Plaintiffs' decedent with a safe
place to work and Defendants negligently failed to provide Plaintiffs' decedent a
safe place to work.

45.     Each of the Defendants and/or their predecessors-in-interest,
subsidiaries, or successors-in-interest, individually and/or in concert,
breached their duty of ordinary care to the Plaintiffs' decedent by negligently
hiring, delegating, training, administering, supervising and performing duties
owed individually and/or delegated to them, or failing to hire, delegate, train,
administer, supervise or perform their duties owed individually and/or
delegated to them directly and proximately causing the asbestos-related

injuries, illnesses and disabilities of Plaintiffs' decedent. The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' decedent's asbestos-related injuries, illnesses and disabilities:

(a)    in failing to provide adequate safety equipment;

(b)    in failing to protect Plaintiffs' decedent from any asbestos exposure;

(c)    in failing to provide Plaintiffs' decedent sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)    in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)    in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff s' decedent's exposure to asbestos dust;

(f)    in failing to properly perform safety inspections of the Plaintiffs' decedent's work place;

(g)    in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiffs' decedent's work sites;

(h)    in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)    in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiffs' decedent's work sites; and

(j)    in negligently failing to disclose, warn or reveal medical and safety information to Plaintiffs' decedent regarding the hazards of asbestos.

(k)    in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to

work;

(l)     in failing to evaluate the work place;

(m)    in failing to properly hire, delegate, train, administer and/or

supervise employees to be in charge of providing a safe place to

work;

(n)     in failing to properly evaluate the work place;

(o)     in failing to properly implement control measures to reduce or

eliminate harmful agents in the work place, including asbestos;

and

(p)     in failing to properly train, educate and/or warn the Plaintiffs'

decedent of the dangers of asbestos.

46.    The negligence of Plaintiffs' decedent's employers was a substantial factor and contributed in causing Plaintiffs' decedent, Robert Legendre, to contract malignant mesothelioma, which resulted in his death.

47.    Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Employer Defendants were in the care, custody and control of the Employer Defendants, jointly with the premise defendants, were unreasonably dangerous due to the presence of asbestos, and were a proximate cause and cause-in-fact of the Plaintiffs' decedent's injuries. Therefore, the Employer Defendants are strictly liable for Plaintiffs' decedent's damages pursuant to Louisiana Civil Code article 2317.

## COUNT SIX

### NEGLIGENCE AND STRICT PREMISE LIABILITY
(" Defendants" in this count mean Chevron USA, Inc.; Union Carbide
Corporation; and Shell Oil Company)

48.    Plaintiffs' decedent was exposed to asbestos and asbestos-containing materials while working at the jobsites identified herein. The premise defendants at all times relevant to this complaint, have been either the operator and/or the manager and/or the owner and occupier of its respective facilities and in custody of the facilities during the relevant time period. The

facilities were defective in that the asbestos and asbestos-containing materials in the facilities created an unreasonable risk of harm to the Plaintiffs' decedent and other persons on the premises.   Plaintiffs' decedent was exposed to asbestos and asbestos-containing materials while he was an invitee at the premise defendants' facilities. The defective condition of the facilities was a proximate cause of the Plaintiffs' decedent contracting malignant mesothelioma. Therefore, the Premise Defendants are strictly liable for Plaintiffs' decedent's damages pursuant to Louisiana Civil Code article 2317.

49.   Each of the Premise Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiffs' decedent by negligently hiring, delegating, training, administering, supervising and performing duties owed individually and/or delegated to them,  or failing to hire, delegate, train, administer, supervise or perform their duties owed individually and/or delegated to them directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiffs' decedent.   The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' decedent's asbestos-related injuries, illnesses and disabilities:

(a)   in failing to provide adequate safety equipment;

(b)   in failing to protect Plaintiffs' decedent from any asbestos exposure;

(c)   in failing to provide Plaintiffs' decedent sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)   in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)   in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff s'

decedent's exposure to asbestos dust;

(f)    in failing to properly perform safety inspections of the Plaintiffs' decedent's work place;

(g)    in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiffs' decedent's work sites;

(h)    in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)    in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiffs' decedent's work sites; and

(j)    in negligently failing to disclose, warn or reveal medical and safety information to Plaintiffs' decedent regarding the hazards of asbestos.

(k)    in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(l)    in failing to evaluate the work place;

(m)    in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(n)    in failing to properly evaluate the work place;

(o)    in failing to properly implement control measures to reduce or eliminate harmful agents in the work place, including asbestos; and

(p)    in failing to properly train, educate and/or warn the Plaintiffs' decedent of the dangers of asbestos.

50.    The Premise Defendants are liable to Plaintiffs' decedent for its failure to exercise reasonable care to protect Plaintiffs' decedent from the foreseeable dangers associated with exposure to asbestos. The Premise Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises

safe for invitees. The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiffs' decedent from said risk of harm. The Premise Defendants' failure to protect Plaintiffs' decedent, from known and/or foreseeable dangers constitutes negligence. Said negligence was a proximate cause of Plaintiffs' decedent, Robert Legendre, contracting malignant mesothelioma, which resulted in his death.

## COUNT SEVEN

### NEGLIGENCE AND STRICT LIABILITY
### OF PLAINTIFFS' DECEDENT'S EMPLOYERS
("Defendants" in this count mean Huntington Ingalls, Incorporated; and Commercial Union Insurance Company, as the insurer of Huntington Ingalls, Incorporated and its executive officer, James O'Donnell, deceased)

51.    Plaintiffs allege negligent conduct and misconduct on behalf of Huntington Ingalls, Incorporated, f/k/a Avondale Industries, Inc. (hereinafter "Avondale") in failing to provide and/or ensure a safe workplace for their employees, free of hazardous concentrations of asbestos and asbestos-containing dust.

52.    Avondale Shipyards is a privately owned company that builds, repairs, and/or converts commercial and/or military vessels, barges and/or tugs. For a short period in 1957, and from 1964 to 1966, Plaintiffs' decedent was employed by Avondale as a pipefitter's helper and tacker. During plaintiffs' decedent's employment with Avondale, he received all instruction, direction, and/or supervision from Avondale and/or its executive officers including, but not limited to, James O'Donnell, deceased. Plaintiffs' decedent did not receive any instruction, direction, and/or supervision from any outside entity, the United States Government and/or federal officer(s). During such time he was continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by Defendants.

53.    The    Defendants    and/or    their    predecessors-in-interest, subsidiaries, or successors-in-interest undertook and assumed the duties and responsibilities owed individually for providing Plaintiffs' decedent with a safe place to work and Defendants negligently failed to provide Plaintiffs' decedent a

safe place to work.

54.    Each of the Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiffs' decedent by negligently hiring, delegating, training, administering, supervising and performing duties owed individually and/or delegated to them, or failing to hire, delegate, train, administer, supervise or perform their duties owed individually and/or delegated to them directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiffs' decedent.    The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' decedent's asbestos-related injuries, illnesses and disabilities:

(a)    in failing to provide adequate safety equipment;

(b)    in failing to protect Plaintiffs' decedent from any asbestos exposure;

(c)    in failing to provide Plaintiffs' decedent sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)    in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)    in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff s' decedent's exposure to asbestos dust;

(f)    in failing to properly perform safety inspections of the Plaintiffs' decedent's work place;

(g)    in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiffs' decedent's work sites;

(h)    in failing to comply with applicable State and Federal regulations

regarding workplace exposure to asbestos; and

(i)    in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiffs' decedent's work sites; and

(j)    in negligently failing to disclose, warn or reveal medical and safety information to Plaintiffs' decedent regarding the hazards of asbestos.

(k)    in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(l)    in failing to evaluate the work place;

(m)    in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(n)    in failing to properly evaluate the work place;

(o)    in failing to properly implement control measures to reduce or eliminate harmful agents in the work place, including asbestos; and

(p)    in failing to properly train, educate and/or warn the Plaintiffs' decedent of the dangers of asbestos.

55.    The negligence of Plaintiffs' decedent's employers was a substantial factor and contributed in causing Plaintiffs' decedent, Robert Legendre, to contract malignant mesothelioma, which resulted in his death.

56.    Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by Avondale were in the care, custody and control of Avondale, jointly with the premise defendants, and were unreasonably dangerous due to the presence of asbestos. Avondale failed to warn plaintiffs' decedent of the hazards of asbestos and/or provide the proper safety precautions, and as such were a proximate cause and cause-in-fact of the Plaintiffs' decedent's injuries. Therefore, Avondale is strictly liable for Plaintiffs' decedent's damages pursuant to Louisiana Civil

Code article 2317.

## COUNT EIGHT

### NEGLIGENCE AND STRICT PREMISE LIABILITY
("Defendants" in this count mean Huntington Ingalls, Incorporated; and
Commercial Union Insurance Company, as the insurer of Huntington Ingalls,
Incorporated and its executive officer, James O'Donnell, deceased)

57.     Plaintiffs' decedent was exposed to asbestos and asbestos-
containing materials while working at Huntington Ingalls, Incorporated, f/k/a
Avondale Industries, Inc. (hereinafter "Avondale"). Avondale, at all times
relevant to this complaint, has been either the operator and/or the manager
and/or the owner and occupier of its respective facilities and was in custody of
the facilities during the relevant time period. At no time, during plaintiffs'
decedent's employment with Avondale, did Avondale relinquish control over its
facilities and/or its employees to any outside entity, the United States
Government or any federal officer(s). The facilities were defective in that the
asbestos and asbestos-containing materials in the facilities created an
unreasonable risk of harm to the Plaintiffs' decedent and other persons on the
premises. Although Avondale was constructing or repairing vessels, barges and
tugs for outside entities, including the United States Government, these
entities did not prohibit Avondale from warning of and/or protecting its
employees from the hazards of asbestos. Nor did Avondale delegate the duty to
warn and/or protect its employees from known and/or foreseeable dangers to
an outside entity, the United States Government and/or federal officer(s).
Plaintiffs' decedent was exposed to asbestos and asbestos-containing materials
while he was an invitee at the premise defendants' facilities. The defective
condition of the facilities was a proximate cause of the Plaintiffs' decedent
contracting malignant mesothelioma. Therefore, the Premise Defendants are
strictly liable for Plaintiffs' decedent's damages pursuant to Louisiana Civil
Code article 2317.

58.     Each of the Premise Defendants and/or their predecessors-in-
interest, subsidiaries, or successors-in-interest, individually and/or in concert,
breached their duty of ordinary care to the Plaintiffs' decedent by negligently

hiring, delegating, training, administering, supervising and performing duties owed individually and/or delegated to them, or failing to hire, delegate, train, administer, supervise or perform their duties owed individually and/or delegated to them directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiffs' decedent. The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiffs' decedent's asbestos-related injuries, illnesses and disabilities:

(a)  in failing to provide adequate safety equipment;

(b)  in failing to protect Plaintiffs' decedent from any asbestos exposure;

(c)  in failing to provide Plaintiffs' decedent sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d)  in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e)  in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff s' decedent's exposure to asbestos dust;

(f)  in failing to properly perform safety inspections of the Plaintiffs' decedent's work place;

(g)  in failing to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiffs' decedent's work sites;

(h)  in failing to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

(i)  in failing to properly perform or direct the removal and abatement of asbestos in place at Plaintiffs' decedent's work sites; and

(j)  in negligently failing to disclose, warn or reveal medical and safety

information to Plaintiffs' decedent regarding the hazards of asbestos.

(k)   in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(l)   in failing to evaluate the work place;

(m)   in failing to properly hire, delegate, train, administer and/or supervise employees to be in charge of providing a safe place to work;

(n)   in failing to properly evaluate the work place;

(o)   in failing to properly implement control measures to reduce or eliminate harmful agents in the work place, including asbestos; and

(p)   in failing to properly train, educate and/or warn the Plaintiffs' decedent of the dangers of asbestos.

59.   The Premise Defendants are liable to Plaintiffs' decedent for its failure to exercise reasonable care to protect Plaintiffs' decedent from the foreseeable dangers associated with exposure to asbestos. The Premise Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees. The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiffs' decedent from said risk of harm. The Premise Defendants' failure to protect Plaintiffs' decedent, from known and/or foreseeable dangers constitutes negligence. Said negligence was a proximate cause of Plaintiffs' decedent, Robert Legendre, contracting malignant mesothelioma, which resulted in his death.

## COUNT NINE

## INSURANCE ALLEGATIONS

60.   Plaintiffs aver that Commercial Union Insurance Company issued policies of comprehensive general liability insurance to Eagle, Inc., The

McCarty Corporation and its executive, Marvin R. McCarty, deceased, and/or Huntington Ingalls Incorporated, successor-in-interest to Northrop Grumman Ship Systems, Inc., as successor- in-interest to Avondale Industries, Inc., and its executive officer, James O'Donnell, deceased, that provided coverage for the causes of action asserted by plaintiffs against Eagle, Inc., The McCarty Corporation and its executive, Marvin R. McCarty, deceased, and/or Huntington Ingalls Incorporated, successor-in-interest to Northrop Grumman Ship Systems, Inc., as successor-in-interest to Avondale Industries, Inc., and its executive officer, James O'Donnell, deceased. As such, Commercial Union Insurance Company is liable for the damages alleged against Eagle, Inc., The McCarty Corporation and its executive, Marvin R. McCarty, deceased, and/or Huntington Ingalls Incorporated, successor-in-interest to Northrop Grumman Ship Systems, Inc., as successor-in-interest to Avondale Industries, Inc., and its executive officer, James O'Donnell, deceased, individually, jointly and *in solido.*

61.    Plaintiffs aver that Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh issued policies of comprehensive general liability insurance to The McCarty Corporation and its executive, Marvin R. McCarty, deceased, that provided coverage for the causes of action asserted by plaintiffs against The McCarty Corporation and its executive, Marvin R. McCarty, deceased. As such, Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh are liable for the damages alleged against The McCarty Corporation and its executive, Marvin R. McCarty, deceased, individually, jointly and *in solido.*

62.    Plaintiffs aver that Liberty Mutual Insurance Company issued policies of comprehensive general liability insurance to B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased, that provided coverage for the causes of action asserted by plaintiffs against B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased. As such, Liberty Mutual

Insurance Company is liable for the damages alleged against B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased, individually, jointly and *in solido.*

## COUNT TEN

### JOINT AND SOLIDARY LIABILITY

63.    All of the allegations contained in the previous paragraphs are realleged herein.

64.    Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiffs' decedent.

65.    The actions of each of the Defendants are a proximate cause of Plaintiffs' decedent's injuries. As a result, all Defendants are jointly and solidarily liable for the damage caused by their combined actions.

### DAMAGES

66.    The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease and other related physical conditions of Plaintiffs' decedent. Plaintiffs' decedent has been damaged in the following non-exclusive particulars:

    (a)    Plaintiffs' decedent suffered great physical pain, mental anguish, great pain of body and mind throughout his lifetime;

    (b)    Plaintiffs' decedent incurred hospital and/or medical and/or pharmaceutical and/or other expenses;

    (c)    Plaintiffs' decedent suffered physical impairment as a result of the disabling character of asbestos-related lung disease and other related physical conditions;

    (d)    Plaintiffs' decedent suffered permanent disability due to the progressive character of asbestos-related lung disease and other related physical conditions;

(e)     Plaintiffs' decedent progression of his cancer increased due to his exposure to asbestos by the named Defendants;

(f)     Plaintiffs' decedent required domestic help and nursing care due to his disabilities; and

(g)     Prior to the onset of his symptoms, Plaintiffs' decedent was extremely active and participated in numerous hobbies and activities, and as a result of his illness, Plaintiffs' decedent was prevented from engaging in some of said activities which were normal to him prior to developing symptoms from asbestos-related lung disease. Plaintiffs' decedent was prevented from participating in and enjoying the benefits of a full and complete life.

67.     Plaintiffs filed suit within one (1) year of the date of discovering Plaintiffs' decedent's asbestos-related conditions or the existence of any asbestos-related causes of action.

The plaintiffs reiterate and/or adopt all other matters contained in the Original Petition for Damages including the prayer of the original petition and any supplements as though set forth at length herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs' filing of the lawsuit and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

WADDELL ANDERMAN, LLC

By: _____
Cameron R. Waddell (Bar No. 24245)
Jody E. Anderman (Bar No. 18764)
Jeff Nicholson (Bar No. 29366)
8706 Jefferson Hwy., Suite B
Baton Rouge, LA 70809
Telephone: (225) 636-5639
Facsimile: (225) 636-5209
**Counsel for plaintiffs**

CERTIFIED TRUE COPY

035506

DEPUTY CLERK OF COURT

19TH JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LA
FILED

2012 JAN -6 PM 3: 38

DEPUTY CLERK OF COURT

CERTIFIED TRUE AND
CORRECT COPY

JAN 1 X 2012

East Baton Rouge Parish
Deputy Clerk of Court

## EXHIBIT "A"

**Decedent:**           **Robert Legendre, deceased**

**DOD:**               **January 19, 2011**

**Disease:**            **Mesothelioma**

| Survivors/Petitioners | | |
|---|---|---|
| Marion L. Legendre | 14066 Forest Heights Road Gonzales, LA 70737 | 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 |
| Tina L. Labatut | 7183 Donaldson Drive Gonzales, LA  70737 | 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 |
| Ricky R. Legendre | 42375 Legendre Road Gonzales, LA  70737 | 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 |
| Robert L. Watts | 42345 Legendre Road Gonzales, LA  70737 | 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 |
| James Warren, as curator of his interdicted spouse, Elizabeth L. Warren | 42363 Legendre Road Gonzales, LA  70737 | 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 |

| ROBERT LEGENDRE III WORKHISTORY | | | | | |
|---|---|---|---|---|---|
| EMPLOYER | FROM DATE | TO DATE | JOB SITE | FROM DATE | TO DATE |
| Seismic Services Inc. | 10/1 /1955 | 3 /30/ 1956 | | 10/1 /1955 | 3 /30/ 1956 |
| Cemex Inc. f/k/a Southdown Inc. | 4 /1 /1957 | 3 /30/ 1959 | | 4 /1 /1957 | 3 /30/ 1959 |
| Avondale Shipyards | 7/1/1957 | 9/30/57 | Main yard | 7/1/1957 | 9/30/57 |
| National Bagasse Products Corporation | 4 /1 /1962 | 6 /30/ 1964 | | 4 /1 /1962 | 6 /30/ 1964 |
| Avondale Shipyards Inc. | 4 /1 /1964 | 6 /30/ 1966 | Main yard Avondale, LA | 4 /1 /1964 | 6 /30/ 1966 |
| | 1 /1 /1966 | 12/31/1969 | Gulf Oil – Donaldsonville, LA | 1 /1 /1966 | 12/31/1969 |
| | 1 /1 /1966 | 12/31/1969 | Shell Chemical – Norco, LA | 1 /1 /1966 | 12/31/1969 |
| | 1 /1 /1966 | 12/31/1969 | Union Carbide – Taft, LA | 1 /1 /1966 | 12/31/1969 |
| C Wallace Industries Inc | 10/1 /1966 | 12/31/1966 | Union Carbide - Taft, LA | 10/1 /1966 | 12/31/1966 |
| ABB Lummus Crest, Inc. | 1 /1 /1967 | 6 /30/ 1967 | | 1 /1 /1967 | 6 /30/ 1967 |
| Nichols Construction Company Inc. | 4 /1 /1967 | 6 /30/ 1967 | Standard Oil – Baton Rouge, LA | 4 /1 /1967 | 6 /30/ 1967 |

| ROBERT LEGENDRE III – WORKHISTORY | | | | | |
|---|---|---|---|---|---|
| EMPLOYER | FROM DATE | TO DATE | JOB SITE | FROM DATE | TO DATE |
| Sequoia Ventures, Inc. | 10/1 /1967 | 6 /30/ 1968 | Gulf Oil - Donaldsonville, LA | 10/1 /1967 | 6 /30/ 1968 |
| Delta Field Erection, Inc. | 4 /1 /1968 | 6 /30/ 1968 | | 4 /1 /1968 | 6 /30/ 1968 |
| Pullman Incorporated | 4 /1 /1968 | 3 /30/1969 | Gulf Oil – Donaldsonville, LA | 4 /1 /1968 | 3 /30/ 1969 |
| BASF Corporation | 4 /1 /1969 | 12/31/1984 | BASF Corporation – Geismar, LA | 4 /1 /1969 | 12/31/1984 |
| National Maintenance Corporation | 1 /1 /1986 | 12/31/1986 | | 1 /1 /1986 | 12/31/1986 |
| International Maintenance Corp | 1 /1 /1987 | 12/31/1990 | | 1 /1 /1987 | 12/31/1990 |
| BASF Corporation | 1 /1 /1990 | 12/31/2000 | BASF Corporation – Geismar, LA | 1 /1 /1990 | 12/31/2000 |

## EXHIBIT "B"

1.  **Ameron International Corporation**
    a corporation authorized to do and doing business in the State of Louisiana, with its principal place of business located in Pasadena, California, and with and agent for service of process to-wit: C. T. Corporation Systems, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808

2.  **Anco Insulations, Inc.**
    a domestic corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service, to-wit: Thomas E. Balhoff, 8440 Jefferson Highway, Suite 301, Baton Rouge, LA 70809

3.  **Bechtel Corporation**
    a Nevada corporation, that may be served through its registered agent for service of process, to-wit:   C T Corporation System, 5615 Corporate Blvd., Ste. 400B,  Baton Rouge, LA 70808

4.  **Chevron USA, Inc.**
    (f/k/a Gulf Oil Corporation)
    a corporation authorized to do an doing business in the State of Louisiana with its principal place of business located in San Ramon, CA,, which may be served pursuant to Louisiana Long Arm Statute, to-with: The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, LA 70802

5.  **Commercial Union Insurance Company**
    (as the insurer of Eagle, Inc. and The McCarty Corporation, and its Executive Officer, Marvin R. McCarty, deceased)
    (For Service of Process via the Direct Action Statute La R.S. 22:1269)
    a company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State

6.  **Commercial Union Insurance Company**
    (as the insurer of Avondale Industries, Inc. and its executive officer, James O'Donnell, deceased)
    (For Service of Process via the Direct Action Statute La R.S. 22:1269)
    a company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State

7.  **Crown, Cork & Seal Company, Inc.**
    (individually and as successor to Mundet Cork Company)
    A corporation duly organized, created and existing under and by virtue of the laws of the state of New York, which may be served via Long Arm Statute its corporate headquarters: One Crown Way, Philadelphia, PA 19154

8.  **Eagle, Inc.**
    (Formerly Eagle Asbestos &Packing Co., Inc.)
    a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: Susan B. Kohn, 1100 Poydras Street, 30th Floor, New Orleans, LA 70163

9. **General Electric Company**
   a corporation duly organized, created and existing under and by virtue of the laws of the state of New York, with its principal place of business in Harahan, Louisiana and with an agent for service in the state of Louisiana, to-wit: C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808

10. **Huntington Ingalls Incorporated**
    (successor-in-interest to Northrop Grumman Ship Systems, Inc., as successor- in-interest to Avondale Industries, Inc.)
    a domestic corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Avondale, Louisiana and with an agent for service, to-wit: C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808

11. **Lexington Insurance Company**
    (as insurer for The McCarty Corporation and its Executive officer, Marvin McCarty, deceased)
    (For Service of Process via the Direct Action Statute La. R.S. 22:1269)
    a company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State

12. **Liberty Mutual Insurance Company**
    (as insurer of B&B Engineering and Supply Co., Inc. and B&B Engineering And Supply Co. of Louisiana, Inc., and its executive officer, Armand Hullinghorst, deceased)
    (For Service of Process via the Louisiana Direct Action Statute, L.R.S. 22:1269)
    a company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State

13. **The McCarty Corporation**
    a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service in the state of Louisiana, to-wit: Paul H. Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802

14. **Meadwestvaco Corporation**
    (f/k/a MW Holding Corporation, individually and as successor by merger to Westvaco Corporation and the Mead Corporation, successor-in-interest to the Hurlbut Paper Company)
    a corporation authorized to do and doing business in the State of Louisiana, domiciled in Wilmington, Delaware, with its principal place of business located in Stamford, Connecticut, and with and agent for service of process to-wit: C. T. Corporation Systems, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808

15. **National Union Fire Insurance Company of Pittsburgh**
    (as insurer for The McCarty Corporation, and its Executive Officer, Marvin R. McCarty, deceased)
    (For Service of Process via the Direct Action Statute La. R.S. 22:1269)
    a company authorized to do and doing business in the State of Louisiana, and   who may be served through the Louisiana Secretary of State

16. **Reilly-Benton Co., Inc.**
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Jefferson, Louisiana and with an agent for service in the State of Louisiana, to-wit: Thomas L. Cougill, c/o Beason-Willingham, LLP, 8550 United Plaza Blvd., Ste. 702, Baton Rouge, LA 70809

17. **Shell Oil Company**
a Delaware Corporation authorized to do and doing business in Louisiana, with its principal place of business in Houston, TX, and with an agent for service in the state of Louisiana, to-wit:  C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808

18. **Taylor-Seidenbach, Inc.**
(f/k/a Taylor-Seidenbach, Incorporated)
a domestic corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service, to-wit: Robert I. Shepard, 731 South Scott Street, New Orleans, LA 70119

19. **Turner Industries, LLC**
(successor-in-interest to Nichols Construction Company, LLC, successor-in-interest to Nichols Construction Corporation)
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service in the State of Louisiana, to-wit:  L.J. Griffon, Jr., 8687 United Plaza Blvd, Louisiana 70809

20. **Union Carbide Corporation**
a foreign corporation authorized to do and doing business in the State of Louisiana, domiciled in New York, New York, with its principal place of business located in Baton Rouge, Louisiana, and with and agent for service of process to-wit: C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808

21. **Westchester Fire Insurance Company**
(as insurer for Anco Insulations, Inc.)
(For Service of Process via the Direct Action Statute La. R.S. 22:1269)
a company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State

22. **Zurich Insurance Company**
(as insurer for Anco Insulations, Inc.)
(For Service of Process via the Direct Action Statute La. R.S. 22:1269)
a company authorized to do and doing business in the State of Louisiana, and who may be served through the Louisiana Secretary of State

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 594,869                                    DIV.: "ADHOC"

ROBERT LEGENDRE, ET UX

VERSUS

ANCO INSULATIONS, INC., ET AL

FILED: _____          _____
                                          DEPUTY CLERK

### ORDER

Let the above and foregoing Second Supplement and Amendment to the Original

Petition for Damages be filed as prayed for.

SO ORDERED this the __10__ day of ___January___, 2012.

_____
JUDGE AD HOC

CERTIFIED TRUE COPY
035507
DEPUTY CLERK OF COURT

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served

upon counsel of record ___ by facsimile, ___ by hand, _x_ or e-mail, this __10th__ day of

January, 2012.

_____
JODY E. ANDERMAN

**PLEASE SERVE THE FOLLOWING DEFENDANTS
WITH A COPY OF PLAINTIFFS' 2ND SUPPLEMENT,
FIRST SUPPLEMENT, ORIGINAL PETITION FOR
DAMAGES and DISCOVERY TO DEFENDANTS:**

1. **Ameron International Corporation**
   Through its agent for service of process:
   C. T. Corporation Systems
   5615 Corporate Blvd., Ste. 400B
   Baton Rouge, LA 70808

2. **Bechtel Corporation**
   Through its agent for service of process:
   C T Corporation System
   5615 Corporate Blvd., Ste. 400B
   Baton Rouge, LA 70808

3. **Commercial Union Insurance Company**
   (as the insurer of Avondale Industries, Inc. and its executive officer,
   James O'Donnell, deceased)
   (For Service of Process via the Direct Action Statute La R.S. 22:1269)
   Through the Louisiana Secretary of State
   8585 Archives Ave.
   Baton Rouge, LA 70809

4. **Huntington Ingalls Incorporated**
   (successor-in-interest to Northrop Grumman Ship Systems, Inc., as
   successor- in-interest to Avondale Industries, Inc.)
   Through its agent for service of process:
   C T Corporation System
   5615 Corporate Blvd., Ste. 400B
   Baton Rouge, LA 70808

5. **Liberty Mutual Insurance Company**
   (as insurer of B&B Engineering and Supply Co., Inc. and B&B
   Engineering And Supply Co. of Louisiana, Inc., and its executive officer,
   Armand Hullinghorst, deceased)
   (For Service of Process via the Direct Action Statute La R.S. 22:1269)
   Through the Louisiana Secretary of State
   8585 Archives Ave.
   Baton Rouge, LA 70809

6. **Meadwestvaco Corporation**
   (f/k/a MW Holding Corporation, individually and as successor by
   merger to Westvaco Corporation and the Mead Corporation,
   successor-in-interest to the Hurlbut Paper Company)
   Through its agent for service of process:
   C. T. Corporation Systems
   5615 Corporate Blvd., Ste. 400B
   Baton Rouge, LA 70808

7. **Turner Industries, LLC**
   (successor-in-interest to Nichols Construction Company, LLC, successor-
   in-interest to Nichols Construction Corporation )
   Through its agent for service of process:
   L.J. Griffon, Jr.
   8687 United Plaza Blvd
   Baton Rouge, Louisiana 70809

**HOLD SERVICE:**

**PLAINTIFFS WILL SERVE THE FOLLOWING
DEFENDANTS WITH A COPY OF PLAINTIFFS'
2ND SUPPLEMENT PURSUANT TO LA CCP 1313:**

| | | |
|---|---|---|
| Gary Bezet<br>Robert Dille<br>Barrye Miyagi<br>Kean, Miller, Hawthorne,<br>D'Armond, McCowan &<br>Jarman, L.L.P.<br>Twenty-Second Floor<br>One American Place<br>301 Main Street, Suite 2200<br>Baton Rouge, LA 70825<br>(225)387-0999 (Phone)<br>(225)388-9133 (Fax)<br>Attorneys for<br>CHEVRON USA, INC.,<br>and SHELL OIL<br>COMPANY | Thomas L. Cougill<br>Jamie M. Zanovec<br>Diane Sweezer<br>Willingham, Fultz & Cougill,<br>LLP<br>Niels Eperson Building<br>808 Travis Street, Suite 1608<br>Houston, TX 77002<br>(713) 333-7600 (Phone)<br>(713) 333-7601 (Fax)<br>Attorneys for REILLY-<br>BENTON COMPANY,<br>INC. | Margaret M. Joffe<br>Deutsch, Kerrigan & Stiles,<br>LLP<br>755 Magazine Street<br>New Orleans, LA 70130-3672<br>(504) 581-5141 (Phone)<br>(504) 566-1201 (Fax)<br>Attorneys for ANCO<br>INSULATIONS, INC. |
| John J. Hainkel, III<br>Angela M. Bowlin<br>Frilot, Partridge, Kohnke &<br>Clements, L.C.<br>3600 Energy Center<br>1100 Poydras Street<br>New Orleans, LA 70163-3600<br>(504)599-8000 (Phone)<br>(504)599-8100 (Fax)<br>Attorneys for<br>GENERAL ELECTRIC<br>COMPANY | Susan B. Kohn<br>Douglas Kinler<br>Simon, Peragine, Smith &<br>Redfearn, LLP<br>Entergy Centre<br>30th Floor<br>1100 Poydras Street<br>New Orleans, LA 70163-3000<br>(504) 569-2030 (Phone)<br>(504) 569-2999 (Fax)<br>Attorneys for EAGLE,<br>INC.., MCCARTY<br>CORPORATION, THE | Samuel M. Rosamond, III<br>Crawford Lewis, P.L.L.C.<br>400 Poydras Street, Suite<br>2100<br>New Orleans, LA 70130<br>(504) 568-1933 (Phone)<br>(504) 568-9699 (Fax)<br>Attorneys for<br>COMMERCIAL UNION<br>INSURANCE<br>COMPANY |
| J. Michael Grimley<br>Galloway, Johnson,<br>Tompkins, Burr & Smith<br>One Shell Square<br>701 Poydras Street, 40th Floor<br>New Orleans, LA 70139<br>Attorneys for CROWN,<br>CORK & SEAL<br>COMPANY, INC. | Ernest G. Foundas<br>Michael H. Abraham<br>Kucheler, Polk, Schell,<br>Weiner & Richeson, LLC<br>1615 Poydras Street, Ste.<br>1300<br>New Orleans, LA 70112<br>Attorneys for UNION<br>CARBIDE<br>CORPORATION | C. Kelly Lightfoot<br>Hailey, McNamara, Hall,<br>Larmann & Papale, LLP<br>One Galleria Blvd., Ste. 1400<br>Metairie, LA 70001<br>Attorneys for TAYLOR-<br>SEIDENBACH, INC. |
| William T. McCall<br>Guillory & McCall, LLC<br>901 Lakeshore Drive, Ste.<br>1030<br>Lake Charles, LA 70602<br>Attorneys for<br>WESTCHESTER FIRE<br>INSURANCE<br>COMPANY | Glen E. Mercer<br>Salley, Hite & Mercer, LLC<br>365 Canal Street, One Canal<br>Place<br>Ste. 1710<br>New Orleans, LA 70130<br>Attorneys for ZURICH<br>INSURANCE<br>COMPANY | Michael E. Hill<br>Robert I. Siegel<br>Gieger, LaBorde &<br>Laperouse, LLC<br>One Shell Square, Ste. 4800<br>701 Poydras Street<br>New Orleans, LA 70139<br>Attorneys for<br>LEXINGTON<br>INSURANCE<br>COMPANY and<br>NATIONAL UNION<br>FIRE INSURANCE<br>COMPANY<br>PITTSBURGH |

39

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

POSTED
APR 08 2011

NO.: 594,869                    SECTION 22                    DIVISION " "

ROBERT LEGENDRE AND MARION L. LEGENDRE

VERSUS

COST OK Amt. 107~

ANCO INSULATIONS, INC., ET AL          BY _____ CL

DY CLERK OF COURT

FILED: _____    _____

**DEPUTY CLERK**

## PLAINTIFFS' FIRST SUPPLEMENT AND AMENDMENT
## TO THE ORIGINAL PETITION FOR DAMAGES

**NOW INTO COURT,** by and through undersigned counsel, come petitioners who file this, the First Supplement and Amendment and respectfully show unto the Court for the following:

I.

For the purpose of adding Exhibit "F" to list petitioners, the heirs and survivors of decedent Robert Legendre, who are asserting claims for his wrongful death and survival action. The decedent's death was due to or a consequence of her exposure to asbestos dust and fibers from asbestos and asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that were unreasonably dangerous per se; defective in composition or construction; defective in design; lacking suitable warnings or instructions concerning the hazards presented; and as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain of the defendants as previously alleged with more specificity in the original and amended petitions.    As a direct and proximate result of the delictual conduct of the defendant, the petitioners listed on Exhibit "F" have lost the love, affection, society, support, services and future earnings of the decedent and all other damages due pursuant to La.C.C.Art. 2315.2, and assert this wrongful death action against the defendants.

II.

REC'D C.P. For the purpose of asserting survival actions for Robert Legendre, deceased.   The petitioners listed on Exhibit "F" are the statutory survivors of the referenced decedent and hereby substitute themselves in decedent's stead and hereby assert this survival action pursuant to La.C.C.Art. 2315.1.    REC'D C.P.

APR 2 7 2011    FAX COPY FILED 4-6-11
                ORIGINAL FILED 4-7-11

Certified True and
Correct Copy
eCertID: 000009994

_Tracy Bradley_
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:30 AM

### III.

The Plaintiffs reiterate all other matters contained in the original and amended Petition for Damages including the prayer of the original and amended petitions as though set forth at length herein.

**WHEREFORE,** the petitioners pray that their original Petition be supplemented and amended in the above particulars and that, after due proceedings had, there be judgment herein in favor of Plaintiffs and against the defendants as originally prayed for herein.

Respectfully submitted,

**BARON & BUDD, P.C.**
9015 Bluebonnet Blvd.
Baton Rouge, LA 70810
Tel: (225) 927-5441
Fax: (225) 927-5449

J. Burton LeBlanc, IV (Bar Roll No. 20491)
Denyse Finn Clancy (Bar Roll No. 32968)
Christopher C. Colley (Bar Roll No. 30322)
Lindsey L. Goldstein (Bar Roll No. 33154)
**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Supplement and Amendment to Original Petition was this day served by electronic mail, United States Mail, postage pre-paid and/or by facsimile and properly addressed upon all parties as indicated on the service list attached hereto.

Baton Rouge, Louisiana this ____ day of April, 2011.

LINDSEY L. GOLDSTEIN

Certified True and
Correct Copy
eCertID: 000009994

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:30 AM

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: 594,869                    SECTION 22                    DIVISION " "

ROBERT LEGENDRE AND MARION L. LEGENDRE

VERSUS

ANCO INSULATIONS, INC., ET AL

FILED: _____          _____
                                          **DEPUTY CLERK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### ORDER

Let the above and foregoing First Supplement and Amendment to the Original Petition

for Damages be filed as prayed for.

SO ORDERED this the __26__ day of __April__, 2011.

_____
JUDGE, 19TH JUDICIAL DISTRICT COURT
AD Hoc

### CERTIFICATE OF SERVICE

I hereby certify that a signed copy of this Order to Plaintiffs' First Supplement and

Amendment to Original Petition and Order was this day served by facsimile upon all parties as

indicated on the service list attached hereto.

Baton Rouge, Louisiana this ____ day of _____, 2011.

_____


**Certified True and Correct Copy**
eCertID: 000009994

_Tracy Bradley_
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:30 AM

<u>EXHIBIT "F"</u>

RE:    Robert Legendre v. Anco Insulations, Inc., et.al
        No. 594-869, Sec. "22", 19th Judicial District Court

<u>WRONGFUL DEATH AND SURVIVAL ACTIONS</u>

1.    **Robert Legendre, DECEASED** (Wrongful Death/Survival Action)

| | | |
|---|---|---|
| Date of Death: | January 19, 2011 | |
| Survivors/Petitioners: | Marlon L. Legendre<br>14066 Forest Heights Sub. Rd.<br>Gonzales, LA 70737<br>SS# 437-60-xxxx<br>Date of Birth: 2/2/1942 | Surviving Spouse |
| | Tina Labatut<br>7183 Donaldson Dr.<br>Gonzales, LA 70737<br>SS# 433-19-xxxx<br>Date of Birth: 3/27/1969 | Adult Daughter |
| | Ricky Legendre<br>42345 Legendre Rd.<br>Gonzales, LA 70737<br>SS# 433-19-xxxx<br>Date of Birth: 7/30/1964 | Adult Son |
| | Roberta Watts<br>42345 Legendre Rd.<br>Gonzales, LA 70737<br>SS# 433-19-xxxx<br>Date of Birth: 7/31/1963 | Adult Daughter |
| | James Warren, as Curator of<br>His interdicted spouse,<br>Elizabeth Warren<br>42345 Legendre Rd.<br>Gonzales, LA 70737<br>SS# 434-33-xxxx<br>Date of Birth: 1/4/1962 | Adult Daughter |

1

# STATE OF LOUISIANA

THIS RECORD IS VALID FOR DEATH ONLY

1464478

6504568

Legendre   Robert   January 19, 2011

Male   White   Married   Marion Laserra

April 26, 1939   71   Choupic, Louisiana

Operator   BASF Corp.   No

No   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   12

14066 Forest Heights Subdivision Rd.   No

Gonzales   Ascension

14066 Forest Heights Subdivision Rd.   Ascension   Louisiana

Gonzales   70737   No

Legendre   Gillis   Choupic   Louisiana

Landry   Lorena   Choupic   Louisiana

Marion L. Legendra   14066 Forest Heights Subdiv   Jan.20, 2011
Heights Rd., Gonzales, La.

Jan.22,2011   Hope Haven Mausoleum
Gonzales, La.   2777   B-1385

Ourso Funeral Home
13533 Airline Hwy.
Gonzales, La. 70737

527013   Ascension   Jan. 21, 2011

At Death
John D. RoszP M.D.   Coroner   Prairieville, La. 70769   12215 Hwy 73
2-3-2011

Lung Cancer

In Accordance With LSA-R.S.40:32(c)   FEB 14 2011
I Certify That The Above Is A True
and Correct Copy of a Death Certificate
In My Custody.

Deborah Kuhn, Local Registrar

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF A CERTIFICATE OR
DOCUMENT REGISTERED WITH THE
VITAL RECORDS REGISTRY OF THE
STATE OF LOUISIANA, PURSUANT TO
LSA — R.S.40:32, ET SEQ.

Darlene W. Smith
STATE REGISTRAR

OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY

Case 3:12-cv-00094-JJB-SCR   Document 1-2   02/16/12   Page 48 of 85

License No. 31

## Certificate of Marriage

### State of Louisiana

Parish of St. James

This is to certify that I, Rev. Thomas J. Allain

a Roman Catholic Priest, by virtue of the license required by law, did

on this 4th day of February, 19__ A. D., unite in

## Holy Bonds of Matrimony

Robert Legendre                     Marion Marie Lassere

In testimony whereof I have caused the said parties with myself and three legal witnesses, to sign these presents, the day and date aforesaid.

**Witnesses:**                           **Parties:**

_____ Rodrigue                     Robert Legendre

_____                               Marion Lassere

Allain Brown                        Rev. Thomas J. Allain

To Be Given to Bride and Groom

STATE OF LOUISIANA

# CERTIFICATE OF LIVE BIRTH

Birth No. 112   69011701

| | | |
|---|---|---|
| IMPORTANT: block ink or typewriter within margins by State Law | | |

THIS CHILD: LEGENDRE   TINA   ANN   MAR 27, 1969   11:44   A.M.

GIRL

PLACE OF BIRTH: THIBODAUX   LAFOURCHE

ST. JOSEPH HOSPITAL

USUAL RESIDENCE OF MOTHER: VACHERIE   ST. JAMES   LOUISIANA

RT. 1 BOX 361   PEACH STREET

FATHER OF CHILD: ROBERT LEGENDRE   LOUISIANA   29   WHITE

MOTHER OF CHILD: MARION MARIE LASSERS   LOUISIANA   27   WHITE

INFORMANT'S CERTIFICATION: Marion Louise Legendre   MARCH 28, 1969

RT. 2 BOX 361   VACHERIE, LOUISIANA   70090

ATTENDANT'S CERTIFICATION   4/2/69

REGISTRAR'S CERTIFICATION: 4-1-69 = Dr. Joseph M. Braud Co.   APR 11 1969

**LOUISIANA STATE BOARD OF HEALTH**
**DIVISION OF PUBLIC HEALTH STATISTICS**

# CERTIFICATE OF LIVE BIRTH

BIRTH No. **117**

**IMPORTANT!** This is a permanent Record. Use Black Typewriter or Black Ink. (Type or print names. Do not use numerals in month of birth.)

**THIS CHILD**

| Child's Last Name | First Name | Second Name |
|---|---|---|
| LEGENDRE | RICKY | RANDAL |

| Sex—Girl or Boy | This Birth | If Twin or Triplet, Was Child Born | Date Month Day Year of Birth |
|---|---|---|---|
| BOY | Single ☒ Twin ☐ Triplet ☐ | 1st ☐ 2d ☐ 3d ☐ | JULY 30, 1964 |

**PLACE OF BIRTH**

| Place of Birth (City, Town, or Location) | Parish |
|---|---|
| THIBODAUX | LAFOURCHE |

| Name of Hospital or Institution—(If not in Hospital or Institution give street address or location) | If Place of Birth Inside City Limits? |
|---|---|
| ST. JOSEPH HOSPITAL | Yes ☒ No ☐ |

**USUAL RESIDENCE OF MOTHER** (Where does mother live?)

| Usual Residence of Mother (City, Town or Location) | Parish | State |
|---|---|---|
| VACHERIE | ST. JAMES | LOUISIANA |

| Street Address—(If Rural indicate location) | Is Residence Inside City Limits? | Is Residence on a Farm? |
|---|---|---|
| ROUTE 1 BOX 361 | Yes ☐ No ☒ | Yes ☐ No ☒ |

**FATHER OF CHILD**

| Full Name of Father | Color or Race of Father |
|---|---|
| ROBERT LEGENDRE | WHITE |

| Usual Occupation of Father | Kind of Industry or Business | Birthplace, Give 2nd State or Foreign Country | Age of Father (At time of this birth) |
|---|---|---|---|
| PIPE FITTER HELPER | SHIPYARD | THIBODAUX, LOUISIANA | 25 |

**MOTHER OF CHILD**

| Full Maiden Name of Mother | Color or Race of Mother |
|---|---|
| MARION MARIE LASSERE | WHITE |

| Birthplace of Mother, City and State or Foreign Country | Age of Mother (At time of this birth) |
|---|---|
| NEW ORLEANS, LOUISIANA | 22 |

**OTHER CHILDREN** — Previous Deliveries to Mother (Do NOT include this birth)

| How many OTHER Children are now living? | How many OTHER Children were born alive but are now Dead? | How many fetal deaths (fetuses born dead) at ANY time after conception? |
|---|---|---|
| 2 | 0 | 0 |

**INFORMANT'S CERTIFICATION**

I certify that the above stated information is true and correct to the best of my knowledge.

| Signature of Parent or Other Informant | | Date of Signature |
|---|---|---|
| Robert Legendre | Parent ☒ Other ☐ | AUGUST 1, 1964 |

Mother's Mailing Address: ROUTE 1 BOX 361  VACHERIE, LOUISIANA

**ATTENDANT'S CERTIFICATION**

I certify that I attended this birth and that the child was born alive on the date stated above.

| Signature of Attendant | | Date of Signature |
|---|---|---|
| Robert Hoffmann | M. D. ☒ Midwife ☐ Other ☐ | Sept 4 |

**REGISTRAR'S CERTIFICATION**

| Date accepted by Local Registrar | Signature of Local Registrar | Date filed by State Registrar |
|---|---|---|
| AUG 27 '64 | Dr. Sarah M. Braud | SEP 1 1964 |

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE DULY REGISTERED WITH THE LOUISIANA STATE BOARD OF HEALTH, DIVISION OF PUBLIC HEALTH STATISTICS

_T.N. Armstead, M.D._     SEP 1 1964     _Anthony Cusaccio_
STATE HEALTH OFFICER                          STATE REGISTRAR

STATE OF LOUISIANA

THIS RECORD IS VALID FOR PHOTO COPY ONLY

LOUISIANA STATE BOARD OF HEALTH
VITAL STATISTICS   CERTIFICATE OF LIVE BIRTH   BIRTH   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/5

WARNING: It is illegal to alter or reproduce this copy.



IN RE INTERDICTION OF      23RD JUDICIAL DISTRICT COURT

ELIZABETH L. WARREN      PARISH OF ASCENSION

NO. 15,667      STATE OF LOUISIANA

**JUDGMENT OF INTERDICTION**

This cause came to be heard on October 8, 2010. Present: Patricia H. Douglas,
attorney for petitioner JAMES W. WARREN, and Patricia H. Douglas, attorney at law
appointed by this court to represent defendant, ELIZABETH L. WARREN. The said
ELIZABETH L. WARREN having waived her appearance and the court having found good
cause to proceed in her absence.

Considering the evidence introduced by the Petitioner, and the written report submitted
by Dr. Paul Aguillard, M.D., the expert appointed by the court to examine the defendant, both
parties having had an opportunity to cross examine Dr. Paul Aguillard, M.D., the law and
evidence being in favor of petitioner, and for the reasons orally assigned:

IT IS ORDERED, ADJUDGED AND DECREED THAT:

(1)      ELIZABETH L. WARREN is interdicted and declared an incompetent who is
incapable of taking care of neither her person nor of administering her estate.

(2)      JAMES W. WARREN is appointed curator of ELIZABETH L. WARREN, letters of
curatorship to be issued and powers to commence upon furnishing the security
required by law and the taking of the oath to discharge faithfully the duties of the
office.

(3)      CHRISTOPHER J. WARREN is appointed undercurator of ELIZABETH L.
WARREN.

(4)      The clerk of court is directed to record the Judgment of Interdiction in the
conveyance and mortgage records of this parish.

(5)      The fee for Patricia H. Douglas, the attorney appointed by the Court to represent
ELIZABETH L. WARREN, is fixed at $_____ to be taxed as costs of court.

(6)      Dr. Paul Aguillard, M.D. is discharged as the examiner appointed to examine
ELIZABETH L. WARREN.

JUDGMENT READ, RENDERED, AND SIGNED at Gonzales, Ascension Parish,

Louisiana, on this _AV_ day of October, 2010.

_____
DISTRICT JUDGE

Respectfully submitted,

The Equity Center of Louisiana, L.L.C.

_____
Linda S. Melancon
Bar Roll No. 25172
14276 Highway 73
Prairieville, Louisiana 70769
Telephone: (225) 744-0027
Facsimile: (225) 744-0028
ATTORNEY FOR PLAINTIFF

_____
Patricia H. Douglas
Bar Roll No. 20760
1210 East Worthy Road, Suite B
Gonzales, Louisiana 70737
Telephone: (225) 647-8410
Facsimile: (225) 647-8111
ATTORNEY FOR DEFENDANT

## SERVICE LIST

## DO NOT SERVE THE FOLLOWING DEFENDANTS:

The following defendants were mailed a courtesy copy of this pleading and will be served by this office pursuant to LA C.C.P. Article 1313 by facsimile after we have received a conformed copy from the court:

Gary A. Bezet
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P.
400 Convention Street
Suite 700
Baton Rouge, LA 70802
(225) 389-3748 (Phone)
(225) 388-9133 (Fax)
    Attorneys for BASF CORPORATION, SHELL OIL COMPANY, SHELL CHEMICAL, L.P.

Marc J. Bitner
Forman, Perry, Watkins, Krutz & Tardy, P.L.L.C.
1515 Poydras Street, Suite 1300
New Orleans, LA 70112
(504) 799-4383 (Phone)
(504) 799-4384 (Fax)
    Attorneys for INGERSOLL-RAND COMPANY

Alix K. Cornett
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1600
Houston, TX 77056
(713) 401-8210 (Phone)
(713) 403-8299 (Fax)
    Attorneys for LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INS. CO. OF PITTSBURGH

Janice M. Culotta
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P.
400 Convention Street
Suite 700
Baton Rouge, LA 70802
(225) 389-3748 (Phone)
(225) 388-9133 (Fax)
    Attorneys for CHEVRON U.S.A., INC., GULF OIL CORPORATION

Forrest Ren Wilkes, III
Forman, Perry, Watkins, Krutz & Tardy, P.L.L.C.
1515 Poydras Street, Suite 1300
New Orleans, LA 70112
(504) 799-4383 (Phone)
(504) 799-4384 (Fax)
    Attorneys for OWENS-ILLINOIS, INC.

William L. Schuette, Jr.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLP
Four United Plaza
Fifth Floor
8555 United Plaza Blvd.
Baton Rouge, LA 70809
(225)248-2000 (Phone)
(225)248-3051 (Fax)
    Attorneys for CEMEX, INC. F/K/A SOUTHDOWN INC.

J. Michael Grimley, Jr.
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras Street, Suite 4040
New Orleans, LA 70139
(850) 436-7000 (Phone)
(850) 436-7099 (Fax)
        Attorneys for CROWN, CORK, & SEAL COMPANY, INC.

---

Margaret M. Joffe
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, LA 70130-3672
(504)581-5141 (Phone)
(504)566-1201 (Fax)
        Attorneys for ANCO INSULATIONS, INC.

Susan B. Kohn
Simon, Peragine, Smith & Redfearn, LLP
Entergy Centre
30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000
(504) 569-2030 (Phone)
(504) 569-2999 (Fax)
        Attorneys for EAGLE, INC., MCCARTY CORPORATION, THE

Elia Diaz-Yaeger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
Pan American Life Center
601 Poydras Street, Suite 2775
New Orleans, LA 70130-6027
(504) 568-1990 (Phone)
(504) 310-9195 (Fax)
        Attorneys for TRAVELERS INSURANCE COMPANY, THE (INSURER FOR ABER
        CO.)

Ernest G. Foundas
Kuchler, Polk, Schell, Weiner & Richardson, LLC
1615 Poydras St., Ste. 1300
New Orleans, LA 70112
(504) 592-0691 (Phone)
(504) 592-0697 (Fax)
        Attorneys for UNION CARBIDE CORPORATION

Leon Gary, Jr.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLP
Four United Plaza
Fifth Floor
8555 United Plaza Blvd.
Baton Rouge, LA 70809
(225)248-2000 (Phone)
(225)248-3051 (Fax)
        Attorneys for CBS CORPORATION (WESTINGHOUSE, VIACOM)

C. Kelly Lightfoot
Hailey, McNamara, Hall, Larmann & Papale, L.L.P.
One Galleria Blvd., Suite 1400
Metairie, LA 70001-8288
(504) 836-6500 (Phone)
(504) 836-6565 (Fax)
    Attorneys for TAYLOR-SEIDENBACH, INC.

Andrew M. Maestri
Frilot, L.L.C.
1100 Poydras St., Ste. 3700
New Orleans, LA 70163
(504) 599-8000 (Phone)
(504) 599-8100 (Fax)
    Attorneys for GENERAL ELECTRIC COMPANY

William "Bill" T. McCall
Guillory & McCall, L.L.C.
901 Lakeshore Drive, Suite 1030
Lake Charles, LA 70602
(337) 433-9996 (Phone)
(337) 433-9937 (Fax)
    Attorneys for WESTCHESTER FIRE INSURANCE COMPANY

Glen E. Mercer
Salley, Hite & Mercer, LLC
One Canal Place
365 Canal Street, Suite 1710
New Orleans, LA 70130
(504) 566-8804 (Phone)
(504) 566-8828 (Fax)
    Attorneys for ZURICH INSURANCE COMPANY

Jacqueline A. Romero
Pugh, Accardo, Haas & Radecker, LLC
1100 Poydras St., Suite 3200
New Orleans, LA 70163-1132
(504) 799-4500 (Phone)
(504) 799-4520 (Fax)
    Attorneys for ROYAL INDEMNITY COMPANY

Samuel M. Rosamond, III
Crawford Lewis, P.L.L.C.
400 Poydras Street, Suite 2100
New Orleans, LA 70130
(504) 568-1933 (Phone)
(504) 568-9699 (Fax)
    Attorneys for COMMERCIAL UNION INSURANCE COMPANY (AS INSURER FOR
        CORBESCO, MCCARTY)

Jamie M Zanovec
Willingham, Fultz & Cougill, LLP
Niels Esperson Building
808 Travis Street
Suite 1608
Houston, TX 77002
(713)333-7600 (Phone)
(713)333-7601 (Fax)
    Attorneys for REILLY-BENTON COMPANY, INC.

East Baton Rouge Parish Clerk of Court - C594869 PET/DAMAGES W/JURY REQUEST   Page 1 of 23

**SEC. 22**

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: 5 94.869         SECTION         DIVISION " "

ROBERT LEGENDRE AND MARION L. LEGENDRE    COST OK $ 2,898.

VERSUS

ANCO INSULATIONS, INC., ET AL

5 17230
SEP 2 2 2010
DA
DEPUTY CLERK OF COURT

FILED: _____      _____
                                          **DEPUTY CLERK**

**PETITION FOR DAMAGES**

Now into Court, through undersigned counsel, come the petitioners, Robert
Legendre, (hereinafter referred to as the Plaintiff) and Marion L. Legendre (hereinafter
referred to as the Plaintiff's Spouse), adult residents of Ascension Parish whose name
and residence are shown on Exhibit "A" which is attached hereto and incorporated
herein, who files this Petition for Damages:

1.      The Plaintiff had substantial exposure to Defendants' asbestos-containing
products at the location(s) described in Exhibit "A".

2.      The damages sought by petitioners, exclusive of interests and costs,
exceed the minimum jurisdictional limits of the Court.

3.      The Defendants, identified in Exhibit "B," are all either:  (a) foreign
corporations licensed to do and doing business in the state of Louisiana, (b) domestic
corporations licensed to do business and doing business in the state of Louisiana, (c)
individuals who are domiciled in this state, (d) individuals who are not domiciled in
this state, or (e) foreign or alien insurers, that are liable to the Petitioners for the claims
asserted herein.

4.      Each Defendant corporation and/or its predecessor-in-interest is, or at
times material hereto, has been engaged in the mining, processing, manufacturing,
installation, removal, maintenance, sale and/or distribution of asbestos asbestos-
containing products, and/or machinery requiring or calling for the use of asbestos
and/or asbestos-containing products (hereinafter collectively referred to as "asbestos-
containing products"), or held themselves out as manufacturers of such products or

REC'D C.P.
SEP 2 3 2010

Certified True and
Correct Copy
eCertID: 000009965

REC'D C.P.
SEP 3 0 2010
Tracy Bradley
East Baton Rouge Parish
Deputy Clerk of Court

FAX COPY FILED  9.20.10
ORIGINAL FILED  9.22.10

Generated Date:
1/17/2012 10:20 AM

were professional vendors of such products.

5.      Plaintiff worked with and/or was exposed to asbestos-containing products while working at defendants' premises in the state of Louisiana. Plaintiff's work sites, trades and years of exposure to asbestos include, but are not limited to those identified in Exhibit "A." Plaintiff has been exposed, on numerous occasions, to asbestos and/or asbestos-containing products produced, manufactured, installed, removed, maintained, sold, and/or distributed by Defendants and, in so doing, has inhaled significant quantities of asbestos fibers, and as a result has suffered injuries proximately caused by such exposure.

6.      Plaintiff was exposed to asbestos or asbestos-containing products in occupation(s) including, but not limited to, those set forth in Exhibit "A." The conduct of each Defendant was a substantial contributing factor in causing Plaintiff's injuries, such that all Defendants are liable jointly, severally, and in solido for all of the damages complained of herein.

## VENUE

7.      The defendants, Anco Insulations, Inc., McCarty Corporation, and Reilly-Benton Co., Inc., are domestic corporations with principal places of business located in this Parish. Plaintiff was exposed to products, distributed and installed by the above-referenced defendants at the work sites in Exhibit "A." Plaintiff specifically alleges that these products, in combination with other asbestos-containing products, caused his asbestos-related injuries.

8.      The defendants, BASF Corporation, Union Carbide Corporation, Shell Oil Company and Shell Chemical, LP, are foreign corporations with their principal place of business located in this Parish. Plaintiff was exposed to products, distributed and installed by the above-referenced defendants at the work sites in Exhibit "A." Plaintiff specifically alleges that these products, in combination with other asbestos-containing products, caused his asbestos-related injuries.

9.      Each of the defendants listed in Exhibits "B," contributed with Anco Insulations, Inc., McCarty Corporation, Reilly-Benton Co., Inc., BASF Corporation,

2



Certified True and
Correct Copy
eCertID: 000009965

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

Union Carbide Corporation, Shell Oil Company and Shell Chemical, LP to Plaintiff's

exposure to asbestos at his work sites, including but not limited to, the exposure sites

located on Exhibit "A." Each of these defendants is liable in solido, with Anco

Insulations, Inc., McCarty Corporation, Reilly-Benton Co., Inc., BASF Corporation,

Union Carbide Corporation, Shell Oil Company and Shell Chemical, LP to the

Petitioners. Thus, venue proper for these defendants is proper for all defendants

pursuant to Louisiana Code of Civil Procedure articles 42 and 73.

## BACKGROUND

10.    During Plaintiff's occupational exposure periods, each of the defendants

listed below designed, tested, evaluated, manufactured, packaged, furnished, stored,

handled, transported, installed, supplied and/or sold asbestos-containing products as

set forth below:

| Defendant | Asbestos-Containing Products |
|---|---|
| Aber, Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial. |
| Anco Insulations, Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial. |
| Commercial Union Insurance Company | See Eagle, Inc. and The McCarty Corporation |
| Eagle, Inc. (Formerly Eagle Asbestos & Packing Co., Inc.) | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Reilly-Benton Co., Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| The McCarty Corporation | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Royal Indemnity Company | See Aber Company, Inc. |

3



Certified True and
Correct Copy
eCertID: 000009965

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:

1/17/2012 10:20 AM

| Travelers Indemnity Company | See Aber Company, Inc. |
|---|---|
| Travelers Insurance Company | See Aber Company, Inc. |
| Westchester Fire Insurance Company | See Anco Insulations, Inc. |
| Zurich Insurance Company | See Anco Insulations, Inc. |
| Owens-Illinois, Inc. | Pipe insulation, block insulation and such other asbestos-containing products as may be discovered during discovery and/or proven at trial. |
| Union Carbide Corporation | Asbestos fiber and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| Taylor-Seidenbach, Inc. | Pipe insulation, block insulation, insulating cement, finishing cement, asphaltic mastic, weather coating, insulation fittings, blankets, felt, tape, jackets, vessel covers, board, roofing, siding, duct, gaskets, packing and such other asbestos-containing products as may be discovered during discovery and/or proven at trial |
| National Union Fire Ins. Co. of Pittsburgh, PA | See The McCarty Corporation |
| Lexington Insurance Company | See The McCarty Corporation |

Each of the foregoing asbestos containing products was used at Plaintiff's jobsites listed on Exhibit "A" where Plaintiff was exposed to such asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

11.     When inhaled or otherwise ingested, asbestos causes irreparable and progressive damage that can manifest itself as asbestos-related pleural diseases, such as asbestosis, lung cancer and mesothelioma, pulmonary and bronchogenic carcinomas, gastrointestinal cancers, cardiac diseases, and other diseases and injuries.

12.     Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiff, of the health hazards inherent in the asbestos-containing products they were selling.  Instead of warning the Plaintiff and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation.  Those defendants who have engaged in fraud, or concealment or conspiracy to defraud or conceal the dangers of asbestos-

4



Certified True and Correct Copy
cCertID: 000009965

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence and strict liability, identifies other forms of misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

13.     In connection with their work at, including but not limited to, Plaintiff's jobsites listed on Exhibit "A" during the exposure period, the Plaintiff was exposed to and inhaled or otherwise ingested significant quantities of asbestos having neither knowledge nor reason to believe that these materials were dangerous.

14.     As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at, including but not limited to, the exposure sites on Exhibit "A." Plaintiff has received injuries, both physically and mentally, including, without limitation, (i) Asbestos-related Malignant Mesothelioma (ii) increased susceptibility to one of the foregoing diseases and other illnesses; and (iii) mental anguish associated with the preceding conditions, and with the fear of developing the preceding conditions.

15.     Because of the latency period of the above injuries and other injuries caused by asbestos and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, the Plaintiff has only recently discovered his injuries, and not more than one year preceding this filing of the initial Petition for Damages.

## COUNT ONE

### NEGLIGENCE
("Defendants" in this count means all Defendants, except for the Premise Defendants, Employer Defendants, and Executive Officer Defendants listed on Exhibits "D" and "E")

16.     The illnesses and disabilities of Plaintiff is a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, sold and/or otherwise put into the stream of commerce asbestos or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff's health and well-being. The Defendants were negligent in one, some or all of the following respects,

5



Certified True and
Correct Copy
eCertID: 000009965

Tracy Bradley
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

among others, same being the proximate cause of Plaintiff's illnesses and disabilities:

(a)   failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos and/or asbestos-containing products;

(b)   failing to provide Plaintiff with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Plaintiff from being harmed and disabled by exposure to asbestos and/or asbestos-containing products;

(c)   failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, to warn of the dangers to health of coming into contact with said asbestos or asbestos-containing products and/or machinery;

(d)   failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling, installing, and/or using or removing asbestos and/or asbestos-containing products;

(e)   failing to develop and/or use a substitute material to eliminate asbestos fibers in the asbestos-containing products;

(f)   failing to properly design and manufacture asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)   failing to properly test asbestos-containing products before they were released for consumer use; and

(h)   failing to recall and/or remove from the stream of commerce said asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

6



Certified True and Correct Copy
eCertID: 000009965

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

## COUNT TWO

### STRICT LIABILITY
("Defendants" in this count means all Defendants, except for the Premise
Defendants, Employer Defendants, and Executive Officer Defendants listed on
Exhibits "D" and "E")

17.    All of the allegations contained in the previous paragraphs are realleged herein.

18.    Plaintiff was exposed to asbestos-containing products that were manufactured and distributed by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations. The defective condition of the products rendered such products unreasonably dangerous, and the asbestos-containing products were in this defective condition at the time they left the hands of Defendants. Further, said products were unreasonably dangerous per se, unreasonably dangerous due to Defendants' failure to warn, and unreasonably dangerous due to a design defect.

19.    The Defendants are engaged in the business of selling asbestos-containing products, and these products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiff.

20.    Defendants knew that these asbestos-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation, installation, operation, maintenance and/or repair of the asbestos-containing products.

21.    Plaintiffs were unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation.

22.    During the periods that Plaintiff was exposed to the Defendants' asbestos-containing products, these asbestos-containing products were being used in a manner which was intended and/or reasonably foreseeable by Defendants.

Certified True and
Correct Copy
eCertID: 000009965

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

## COUNT THREE

### STRICT LIABILITY
### AND NEGLIGENCE AGAINST THE CONTRACTOR DEFENDANTS

23.     The Defendants contracted with the owners of the jobsites identified on Exhibit "A" to perform certain activities at those jobsites prior to and/or during each Plaintiff's exposure period at each such jobsite.

24.     At times, the Defendants subcontracted with others to perform a portion of the activities that they contracted with the owners of the jobsites identified on Exhibit "A" to perform.

25.     The activities conducted by the Defendants and/or their subcontractors, included, but were not limited to, the application, demolition, displacement, disturbance, fabrication, installation, purchase, removal, repair, replacement, tearing out, and use of asbestos-containing products at, on and/or for the jobsites identified in Exhibit "A."

26.     The foregoing activities resulted in the release of substantial quantities of asbestos dust into the work environment.

27.     Plaintiff was exposed to and inhaled substantial quantities of asbestos dust as a direct and proximate result of the activities of the Contractor Defendants and their subcontractors identified in Exhibit "C."

28.     The Contractor Defendants negligently performed and/or permitted their subcontractors to negligently perform the foregoing activities in the following non-exclusive particulars:

(a)     By creating a work environment laden with asbestos dust and an unhealthy and unsafe place for Plaintiff to work;

(b)     By failing to provide warnings, or adequate warnings, to Plaintiff of the dangers and risks posed by the asbestos in the atmosphere in which Plaintiff worked; of the need for correct, adequate, and/or appropriate safety equipment; of critical medical and safety information regarding asbestos hazards in general and of hazards at the jobsite in particular; and of the hazards created by Defendants' activities;

8



Certified True and
Correct Copy
eCertID: 000009965

Jracy Bradley
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

(c)     By failing to test, or adequately test, the work environment for the presence of toxic, hazardous and carcinogenic chemicals, particularly asbestos;

(d)     By failing to apprize Plaintiff of the need for periodic medical examinations as a result of Plaintiff's exposure to asbestos created by Defendants' activities;

(e)     By failing to ventilate and/or properly ventilate the areas in which Plaintiff performed activities, or otherwise provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

(f)     By failing to clean up and/or properly clean up the asbestos dust created by Plaintiff's activities;

(g)     By failing to formulate policies and adopt plans, procedures, and supervision necessary for the adequate protection of persons, such as Plaintiff, who came into contact with asbestos dust as a result of Plaintiff's activities;

(h)     By recklessly concealing from Plaintiff and negligently failing to provide critical medical and safety information to Plaintiff regarding the safety and health risks associated with the asbestos and asbestos-containing products;

(i)     By failing to adopt and/or failing to enforce safety rules after such rules were actually adopted;

(j)     By failing to keep abreast of the scientific and engineering knowledge regarding the dangers of, and protection against, occupational exposure to asbestos;

(k)     By failing to properly supervise and/or monitor their work areas for compliance with safety regulations;

(l)     By failing to supervise their operations and the operations of their subcontractors;

9

Certified True and
Correct Copy
eCertID: 000009965

_Tracy Bradley_
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

(m)  By commencing and continuing operations, which were under their control and supervision when they knew or should have known that such operations would cause Plaintiff and co-employees to be exposed to asbestos, without protection, on a daily basis;

(n)  By failing to timely, adequately and safely remove asbestos hazards from the workplace;

(o)  By failing to comply with applicable State and Federal regulations regulating workplace exposure to asbestos (including, but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh-Healey Public Contracts Act and the Occupational Safety and Health Act);

(p)  By applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that Defendants knew, or in the exercise of reasonable diligence should have known, were unreasonably dangerous, or unreasonably dangerous per se;

(q)  By not providing safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the their activities;

(r)  By failing to test or adequately test the materials with which they were working to determine the presence of asbestos;

(s)  By failing to purchase products and materials that did not contain asbestos;

(t)  By purchasing, using, applying, demolishing, displacing, disturbing, fabricating, installing, removing, repairing, replacing, and tearing out products that contained asbestos;

(u)  By failing to properly label products that they purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and tore out as containing asbestos; and

(v)  By conducting their activities through such other negligent acts or omissions, as may be revealed in discovery and/or proven at trial.

10



Certified True and Correct Copy
eCertID: 000009965

Tracy Bradley
East Baton Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

29.    The negligent acts outlined above were a substantial contributing factor in Plaintiff's exposure to dangerous and hazardous levels of asbestos, and resultant damages.

30.    The foregoing negligent acts of the Contractor Defendants were a cause-in-fact and proximate cause of the Plaintiffs' injuries and damages.

31.    Additionally, the Contractor Defendants are liable for the acts of their subcontractors under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

32.    Additionally and alternatively, the asbestos-containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants were in the care, custody and control of the Contractor Defendants, were unreasonably dangerous due to the presence of asbestos, and were a proximate cause and cause-in-fact of the Plaintiff's injuries. Therefore, the Contractor Defendants are strictly liable for Plaintiff's damages pursuant to Louisiana Civil Code article 2317.

33.    Additionally, when such contractors did not employ Plaintiff, Plaintiff was exposed to the asbestos containing products that were purchased, used, applied, demolished, displaced, disturbed, fabricated, installed, removed, repaired, replaced, and torn out by the Contractor Defendants that were in the care, custody and control of the Contractor Defendants and were unreasonably dangerous due to the presence of asbestos.

## COUNT FOUR

**NEGLIGENCE OF PLAINTIFF'S EMPLOYERS/EMPLOYERS'
EXECUTIVE OFFICERS AND DIRECTORS
(As to Plaintiff's Employers/Employers' Executive Officers
and Directors only. "Defendants" in this
count means these Defendants only, as identified in Exhibit "D")**

34.    Plaintiff alleges negligent, grossly negligent, and wanton misconduct on behalf of Plaintiff's employers and employers' executive officers and directors, as identified in Exhibit "D," in failing to provide and/or ensure a safe workplace for their employees, free of hazardous concentrations of asbestos and asbestos-containing dust.

11



Certified True and
Correct Copy
eCertID: 000009965

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

35.    At various times, Plaintiff was employed by the Defendant employers/officers/directors and during such time were continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by Defendants.

36.    The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest undertook and assumed the duties and responsibilities owed individually and/or delegated to them for providing Plaintiff with a safe place to work and Defendants wantonly and/or negligently and/or willfully failed to provide Plaintiff a safe place to work.

37.    Plaintiff's employers delegated to the executive officers and directors, named on Exhibit "D," the responsibility to provide Plaintiff with proper supervision, safety instruction, warnings concerning dangers or hazards in the workplace, and generally to provide Plaintiff a safe workplace and to protect Plaintiff's life, health, safety and welfare while employed by the Defendant employers. Plaintiff alleges that the executive officers and directors had the following responsibilities delegated to him by his employer or actually undertook to perform the following duties:

(a)    inspection, approval and supervision of the work of Plaintiff and his co-employees;

(b)    to see that proper safety rules were adopted, promulgated, and enforced concerning the use of respiratory protection devices;

(c)    to see that Plaintiff and his co-employees performed the duties pertaining to their work in a proper, safe and workmanlike manner;

(d)    to see that Plaintiff and his co-employees used safe and sound principals and practices in their work;

(e)    to make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices;

(f)    to keep abreast of state of the art knowledge as it pertains to the dangers of asbestos inhalation;

(g)    to provide adequate warnings, physical examinations, safety equipment,

12



Certified True and Correct Copy
eCertID: 000009965

Tracy Bradley
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

ventilation, and breathing apparatus, where such was necessary in order to prevent Plaintiff from being harmed by exposure to asbestos in the environment which Plaintiff was required to work;

(h) to make certain that employees, including Plaintiff, were provided a safe working environment free from asbestos dust inhalation;

(i) to comply with applicable State and Federal regulations regulating workplace exposure to asbestos, including but not limited to those regulations promulgated by the U.S. Department of Labor pursuant to the Walsh/Healey Act and the Occupational Safety and Health Act; and

(j) to provide Plaintiff with a safe place to work.

38.     Each of the Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest, individually and/or in concert, breached their duty of ordinary care to the Plaintiff by negligently performing duties owed individually and/or delegated to them, directly and proximately causing the asbestos-related injuries, illnesses and disabilities of Plaintiff.   The Defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's asbestos-related injuries, illnesses and disabilities:

(a) in failing to provide adequate safety equipment;

(b) in failing to protect Plaintiff from any asbestos exposure;

(c) in failing to provide Plaintiff sufficient personal protective equipment, safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

(d) in failing to supervise or insure compliance with safety guidelines concerning exposure to asbestos or asbestos-containing products;

(e) in failing to use or misusing equipment and instrumentalities within their control which were intended to minimize Plaintiff's exposure to asbestos dust;

(f) in failing to properly perform safety inspections of the Plaintiff's work

13

**Certified True and Correct Copy**
eCertID: 000009965

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

place;

(g)     in failing to properly perform engineering services, consulting and
direction of work involving the installation, removal, maintenance and/or
disturbance of asbestos at Plaintiff's work sites;

(h)     in failing to comply with applicable State and Federal regulations
regarding workplace exposure to asbestos; and

(i)     in failing to properly perform or direct the removal and abatement of
asbestos in place at Plaintiff's work sites; and

(j)     in negligently failing to disclose, warn or reveal medical and safety
information to Plaintiff regarding the hazards of asbestos.

39.     The negligence of Plaintiff's employers' executive officers and directors
was a substantial factor and contributed in causing Plaintiff's asbestos-related injuries
and damages.

## COUNT FIVE

### INTENTIONAL TORT
**(As to Plaintiffs' Employers and Employers' Officers and Directors only.
"Defendants" in this count means these Defendants only, as identified in Exhibit
"D")**

40.     Defendant employers, officers and directors, identified in Exhibit "D", are
liable for their intentional, willful and wanton failure to disclose to Plaintiff the dangers
associated with exposure to asbestos, the risks associated with working in an
atmosphere contaminated with asbestos and the likely medical effects of such exposure.

41.     Because  of  Plaintiff's  good  faith  reliance  on  Defendants'
misrepresentations, Plaintiff continued to work in areas contaminated with asbestos
and continued to be exposed to asbestos.  As a result, Plaintiff contracted asbestos-
related malignant mesothelioma.

42.     Defendant employers committed the following intentional acts which
caused Plaintiff to suffer from asbestos-related diseases:

(a)     Intentionally failing to provide necessary protection to Plaintiff;

(b)     Intentionally failing to provide safety equipment as required by safety
statutes;

14



**Certified True and
Correct Copy**
eCertID: 000009965

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

(c)     Intentionally failing to provide clean, respirable air, and proper ventilation;

(d)     Intentionally failing to provide proper medical monitoring;

(e) .   Intentionally failing to monitor the extent and output of asbestos dust into the workplace;

(f)     Intentionally failing to warn Plaintiff and other workers of the dangers associated with asbestos and/or asbestos containing products;

(g)     Intentionally inducing the Plaintiff and other workers to work in a workplace polluted with asbestos and/or asbestos containing products; and

(h)     Intentionally failing to keep asbestos and/or asbestos containing dust output into the workplace at safe levels.

43.     As a result of these acts, Defendants knew that it was substantially certain that the Plaintiff would suffer asbestos related diseases including but not limited to asbestosis, asbestos related pleural disease, lung cancer and/or malignant mesothelioma.

## COUNT SIX

### PREMISES LIABILITY
**(As to Premises Liability Defendants only.  "Defendants" in this case means these defendants only, as identified in Exhibit "E")**

44.     Plaintiff was exposed to asbestos and asbestos-containing materials while working at the jobsites identified in Exhibit "A". The premise defendants identified in Exhibit "E," at all times relevant to this complaint, have been either the operator and/or the manager and/or the owner and occupier of its respective facilities and in custody of the facilities during the relevant time period.  The facilities were defective in that the asbestos and asbestos-containing materials in the facilities created an unreasonable risk of harm to the Plaintiff and other persons on the premises.  Plaintiff was exposed to asbestos and asbestos-containing materials while he was an invitee at the premise defendants' facilities. The defective condition of the facilities was a proximate cause of the Plaintiff's asbestos-related injuries and damages.



Certified True and
Correct Copy
eCertID: 000009965

15

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

45.    The Premise Defendants are liable to Plaintiff for its failure to exercise reasonable care to protect Plaintiff from the foreseeable dangers associated with exposure to asbestos.  The Premise Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees.  The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Plaintiff from said risk of harm.  The Premise Defendants' failure to protect Plaintiff from known and/or foreseeable dangers constitutes negligence.  Said negligence was a proximate cause of Plaintiff's asbestos-related injuries and damages.

**COUNT SEVEN**

**INSURANCE ALLEGATIONS**

46.    Plaintiff avers that Commercial Union Insurance Company issued policies of comprehensive general liability insurance to The McCarty Corporation and its executive officer, Marvin R. McCarty, deceased, that provided coverage for the causes of action asserted by plaintiff against The McCarty Corporation.  As such, Commercial Union Insurance Company is liable for the damages alleged in the Original Petition and any supplement against The McCarty Corporation and its executive officer, Marvin R. McCarty, deceased, individually, jointly and *in solido*.

47.    Plaintiff avers that Commercial Union Insurance Company issued policies of comprehensive general liability insurance to Eagle, Inc. and its executive officers, Fred Schuber, Jr. and Fred Schuber, IIII, that provided coverage for the causes of action asserted by plaintiff against Eagle, Inc.  As such, Commercial Union Insurance Company is liable for the damages alleged in the Original Petition and any supplement against Eagle, Inc., and its executive officers, Fred Schuber, Jr. and Fred Schuber, III, individually, jointly and *in solido*.

48.    Plaintiff avers that Zurich Insurance Company issued policies of comprehensive general liability insurance to Anco Insulations, Inc. and its executive officers, Reuel Lacy "Sonny" Anderson, Jr.  and Harold Johnson, that provided coverage for the causes of action asserted by plaintiff against Anco Insulations, Inc. and

16



Certified True and
Correct Copy
eCertID: 000009965

Tracy Bradley
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

its executive officers, Reuel Lacy "Sonny" Anderson, Jr. and Harold Johnson. As such, Zurich Insurance Company is liable for the damages alleged in the Original Petition and any supplement against Anco Insulations, Inc., and its executive officers, Reuel Lacy "Sonny" Anderson, Jr. and Harold Johnson, individually, jointly and *in solido*.

49.     Plaintiff avers Royal Indemnity Company as successor in interest to Queens Insurance Company of America and to Royal Insurance Company of America issued policies of comprehensive general liability insurance to Aber Company, Inc. and its executive officers, that provided coverage for the causes of action asserted by plaintiff against Aber Company, Inc. and its executive officers. As such, Royal Indemnity Company is liable for the damages alleged in the Original Petition and any supplement against Aber Company, Inc. and its executive officers, individually, jointly and *in solido*.

50.     Plaintiff avers Travelers Indemnity Company and/or Travelers Insurance Company issued policies of comprehensive general liability insurance to Aber Company, Inc. and its executive officers, that provided coverage for the causes of action asserted by plaintiff against Aber Company, Inc. and its executive officers. As such, Travelers Insurance Company is liable for the damages alleged in the Original Petition and any supplement against Aber Company, Inc. and its executive officers, individually, jointly and *in solido*.

51.     Plaintiff avers that Westchester Fire Insurance Company issued policies of comprehensive general liability insurance to Anco Insulations, Inc. and its executive officers, Reuel Lacy "Sonny" Anderson, Jr. and Harold Johnson, that provided coverage for the causes of action asserted by plaintiff against Anco Insulations, Inc. and its executive officers, Reuel Lacy "Sonny" Anderson, Jr. and Harold Johnson. As such, Westchester Fire Insurance Company is liable for the damages alleged in the Original Petition and any supplement against Anco Insulations, Inc., and its executive officers, Reuel Lacy "Sonny" Anderson, Jr. and Harold Johnson, individually, jointly and *in solido*



Certified True and
Correct Copy
eCertID: 000009965

17

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

52.     Plaintiff avers that National Union Fire Ins. Co. of Pittsburgh, PA, issued policies of comprehensive general liability insurance and/or excess insurance coverage to The McCarty Corporation and its executive officer, Marvin R. McCarty, deceased, that provided coverage for the causes of action asserted by plaintiff against The McCarty Corporation. As such, National Union Fire Ins. Co. of Pittsburgh, PA, is liable for the damages alleged in the Original Petition and any supplement against The McCarty Corporation and its executive officer, Marvin R. McCarty, deceased, individually, jointly and *in solido*.

53.     Plaintiff avers that Lexington Insurance Company issued policies of comprehensive general liability insurance and/or excess insurance coverage to The McCarty Corporation and its executive officer, Marvin R. McCarty, deceased, that provided coverage for the causes of action asserted by plaintiff against The McCarty Corporation. As such, Lexington Insurance Company is liable for the damages alleged in the Original Petition and any supplement against The McCarty Corporation and its executive officer, Marvin R. McCarty, deceased, individually, jointly and *in solido*.

### COUNT EIGHT

### JOINT AND SOLIDARY LIABILITY

54.     All of the allegations contained in the previous paragraphs are realleged herein.

55.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiff.

56.     The actions of each of the Defendants are a proximate cause of Plaintiff's injuries. As a result, all Defendants are jointly and solidarily liable for the damage caused by their combined actions.

### COUNT NINE

### LOSS OF CONSORTIUM

57.     Plaintiff's Spouse, Marion L. Legendre, specifically incorporates all of the allegations contained in the previous paragraphs and asserts an individual cause of action for loss of her husband's consortium. Petitioners assert that consortium is the mutual right of a husband and wife to affection, solace, comfort, companionship,

18



Certified True and
Correct Copy
eCertID: 000009965

*Jracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

society, assistance and sexual relations necessary to a successful marriage, for which elements of damages said Petitioner would show that she is entitled to recover of and from the defendants in the above-captioned matter.

58.    Plaintiff's Spouse alleges that prior to Plaintiff's illness, he was a hard-working and dependable husband who provided well for his family. As a result of his asbestos-related injuries, Mr. Legendre was and is unable to provide for his family economically and is unable to perform any of the usual household services a husband usually furnishes to his family.

59.    As a direct and proximate producing result of the aforesaid acts of negligence, strict liability in tort, or breach of warranties by the defendants, Plaintiff's Spouse has sustained injuries and damages as set forth above for which she seeks to recover of and from the defendants, jointly and/or severally.

## DAMAGES

60.    The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease and other related physical conditions of Plaintiff as set forth in Exhibit "A." Plaintiff has been damaged in the following non-exclusive particulars:

(a)    Plaintiff has suffered great physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

(b)    Plaintiff has incurred hospital and/or medical and/or pharmaceutical and/or other expenses and will continue to incur such expenses in the future due to the progressively disabling character of asbestos-related lung disease and other related physical conditions from which he now suffers and will continue to suffer in the future;

(c)    Plaintiff suffers a physical impairment at this time and will continue to suffer this impairment in the future due to the disabling character of asbestos-related lung disease and other related physical conditions;

(d)    Plaintiff suffers a permanent partial disability at this time and will become permanently and totally disabled in the future due to the progressive



Certified True and Correct Copy
eCertID: 000009965

19

*Tracy  Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

character of asbestos-related lung disease and other related physical conditions;

(e)    Plaintiff is subject to an extraordinarily increased likelihood of developing (or the progression and/or recurrence of) cancer of the lungs, mesothelioma and other cancers, all due to said exposure to products and/or machinery manufactured, installed, maintained, sold and/or distributed by the named Defendants;

(f)    Plaintiff will require medical monitoring throughout his lifetime to survey the progression of his asbestos-related lung disease and to aid in the early detection and treatment of any or all of the cancers described above and will be required to pay for such medical monitoring;

(g)    Plaintiff has suffered a progressive loss of earning capacity and will continue to suffer a loss of earning capacity and wages throughout his lifetime;

(h)    Plaintiff requires or will require domestic help and nursing care due to his disabilities and has been or will be required to pay for such domestic help and nursing services;

(i)    Prior to the onset of his symptoms, Plaintiff was extremely active and participated in numerous hobbies and activities, and as a result of his illness, Plaintiff has been and will be prevented from engaging in some of said activities which were normal to him prior to developing symptoms from asbestos-related lung disease.  Plaintiff has been and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

61.    Plaintiff filed suit within one (1) year of the date of discovering Plaintiff's asbestos-related conditions or the existence of any asbestos-related causes of action.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of

20

Certified True and
Correct Copy
eCertID: 000009965

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

Plaintiffs' filing of the lawsuit and post judgment interest on the judgment at the rate allowed by law, for trial by jury, and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**BARON & BUDD, PC**
9015 Bluebonnet Blvd.
Baton Rouge, LA  70810
Tel:    (225) 927-5441
Fax: (225) 927-5449

J. Burton LeBlanc, IV (Bar Roll No. 20491)
Denyse Finn Clancy (Bar Roll No. 32968)
Jeffrey A. O'Connell (Bar Roll No. 30282)
Christopher C. Colley (Bar Roll No. 30322)
Jo Ann Lea (Bar Roll No. 28860)
Michael S. Mills (Bar Roll No. 32598)
COUNSEL FOR PLAINTIFFS

### CIVIL

| | |
|---|---|
| ☑ 01-DAMAGES | ☐ 11-COMM. PROP. PARTITIONS |
| ☐ 02-CONTRACT | ☐ 12-PUBLIC SERV. COMM. |
| ☐ 03-PRISONER SUIT | ☐ 13-OTHER PARTITIONS |
| ☐ 04-EXECUTORY PROCESS | ☐ 14-OTHER |
| ☐ 05-SUIT ON NOTES | ☐ 15-D.E.Q. |
| ☐ 06-EVICTION | ☐ 16-; |
| ☐ 07-WORKMENS COMPENSATION | ☐ 17- |
| ☐ 08-JUDICIAL REVIEW | ☐ 18- |
| ☐ 09-PROPERTY RIGHTS | ☐ 19- |
| ☐ 10-INJUNCTION MANDAMUS | ☐ 20- |

DOUG WELBORN
CLERK OF COURT E B PARISH
2010 SEP 22 AM 11:02

21

**Certified True and Correct Copy**
eCertID: 000009965

*Tracy Bradley*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/17/2012 10:20 AM

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: 594,869                                      DIV: "ADHOC"

ROBERT LEGENDRE, ET UX

VERSUS

ANCO INSULATIONS, INC., ET AL

FILED: _____       _____
                                           DEPUTY CLERK

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO NORTHROP GRUMMAN SHIP SYSTEMS, INC., f/k/a AVONDALE INDUSTRIES, INC.

**COME NOW** the plaintiffs, by and through their undersigned counsel, and propounds these Interrogatories and Requests for Production of Documents upon the defendant, Huntington Ingalls Incorporated, successor-in-interest to Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., (hereinafter "Avondale Industries, Inc.") and are to be answered separately, fully, in writing and under oath, in accordance with Articles 1466 and 1467 of the Louisiana Code of Civil Procedure.

### INSTRUCTIONS

A.   These requests shall be deemed continuing; supplemental answers shall be filed promptly if the Defendant directly or indirectly obtains further or different information from the time the answers are served to this discovery.

B.   You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of your own personal knowledge or from business records, but also information and knowledge that is available to you, your employees, officers and agents, attorneys, investigators, etc., by reason of inquiry including inquiry of their representatives.

C.   If you are unable to completely answer any of the requests, answer to the extent possible, specifically stating the reason for your inability to answer to the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

D.   Unless otherwise specified, each of these requests is meant to apply to the time period from 1945 until the present.

E.   Should the Defendant assert a privilege with respect to any document requested to be identified herein, or any information responsive to a request, Defendant is requested to provide the following as to each such document or item of information:

(1)   The type of document or information (e.g., letter, notebook, telephone conversation, etc.);


EBR1073643

(2)     The date of the document or transaction involving the information;

(3)     Identification of the author and/or all participants with respect to the information;

(4)     Identification of the signatory or signatories of the document, if any;

(5)     Identification of the document's current custodian;

(6)     The present whereabouts of the document and/or the names of all persons with personal knowledge with respect to the information; and

(7)     A statement of the grounds on which the claim of privilege rests with respect to each such document or piece of information withheld.

F.   The answers to requests must be signed and sworn to by the person making answer to the discovery.

## DEFINITIONS

As used in these requests, the following words and terms shall mean and include the following:

A.   **DEFENDANT** or any synonym thereof means the Defendant corporation answering these requests, as well as all predecessors-in-interest, organizational units, predecessors-in-business, affiliated entities, subsidiaries, agents, servants and employees, officers, executives, directors, private investigators, attorneys, representatives or others who are in possession of or who may have obtained information or knowledge for or on behalf of the Defendant.

B.   **YOU** or **YOUR**, unless otherwise specified, means the Defendant, its employees, or each of them, and their employees, predecessors, representatives, officers, directors, agents, subsidiaries, parent entities, and all other persons or entities action or purporting to act in Defendant's behalf. Present tense should be construed as also including past tense, and masculine terms encompass the feminine.

C.   **REPRESENTATIVE** is meant to be liberally construed and shall include, but not be limited to, all agents, employees, officials, officers, executives, directors, attorneys, consultants and any others who directly or indirectly represent in any manner the Defendant.

D.   **PREDECESSOR** means any corporation, entity, or assets acquired or possessed by the Defendant at any time through any means, including merger, consolidation, stock purchase, asset purchase, assumption, etc.

E.   **DOCUMENT** is an all inclusive term and means the original or any copy or reproduction of a writing or other form of a record preserving information, whether or not in the possession, custody or control of Defendant and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, reports, records, lists, memoranda, minutes of meetings, diaries, vouchers, correspondence, accounts, telegrams, communications, schedules, photographs, drawings, plans, charts, ledgers, computer

2

printouts, invoices, purchase orders, checks, recordings, films, electronic media or any other form of preserved information.

F. **IDENTIFY** or "state the identity of," as the terms are used herein, shall have the following meaning:

(1)    When identifying a person, "identify" or "state the identity of" means to give such person's:

    (a)    Full name;

    (b)    Last known business address and last known residence address;

    (c)    Present or last known business affiliation and position, along with business affiliation and position at the time relevant to the request to identify;

    (d)    Professional degrees held; and,

    (e)    Exact or approximate date and place of death, if deceased.

(2)    When identifying a document, "identify" or "state the identity of" means to:

    (a)    State the author thereof, any and all parties thereto and, if the case, the name of the person who signed the document;

    (b)    State its title, number, file designation, code or other identifying date (Litigation System Reference, if one has been adopted by Defendant or its counsel);

    (c)    State the number of pages, if the document contains more than one page;

    (d)    Describe any attachments or supplemental items incorporated within the document;

    (e)    State the date on which the document was prepared or, if not known, the approximate date;

    (f)    State the date appearing on the document;

    (g)    State the transaction, act or occurrence to which each document relates and the substance of the document;

    (h)    State a general description of the document;

    (i)    If the document was, but no longer is, in the possession of the Defendant or subject to Defendant's control, state what disposition was made of it;

    (j)    State the names of the recipients of the original and every copy known to Defendant; and,

    (k)    Identify the present or last known custodian and location of the document.

(3)    When identifying an oral communication, "identify" or "state the identity of" means to:

3

    (a)    Identify the person who made the communication and person(s) to whom the communication was directed;

    (b)    Give the date, time and place of the communication;

    (c)    Give the contents of the communication in as verbatim a form as is possible;

    (d)    Identify any other persons present when the communication was made; and,

    (e)    Identify any documents relating to the communication.

(4)    When identifying an organization or business entity, "identify" or "state the identity of" means to:

    (a)    Give the formal title of the organization or entity;

    (b)    State the specific section or organizational unit involved; and,

    (c)    State its business address.

G.  **PRODUCE** means attach, make available or authorize the obtaining of any materials or documents requested to be produced, said production or making available to be for the purpose of inspection and/or copying.

H.  **ASBESTOS-CONTAINING PRODUCT** means any and all materials, products, supplies, and/or goods containing or including asbestos in whole or in any mixture with other products or materials manufactured, marketed, and/or used for any and all purposes, including insulation, building supplies, acoustical materials, construction materials, fireproofing materials, friction products, brake linings, clutch facings, gaskets, drywall boards, joint and/or caulking compounds, protective clothing, etc., including raw asbestos fiber.

I.  To **MANUFACTURE** means to manufacture, formulate, produce, mix, or assemble any asbestos-containing product. A "manufacturer," then is one who manufacturers, formulates, produces, mixes, or assembles any asbestos-containing product.

J.  To **DISTRIBUTE** asbestos-containing products means:

(1)    To sell asbestos-containing products to local, regional, or national distribution or wholesaling entities,

(2)    To ship, supply, or include within Defendant's manufactured product itself asbestos or asbestos-containing products, or

(3)    To ship, supply, or include asbestos or asbestos-containing products in conjunction with Defendants' manufactured products.
(i.e., if Defendant included a package of Eagle-Picher "Super 66" cement within each packing crate for Defendant's boiler or steam generating equipment, then Defendant "distributed" an asbestos-containing product within the contemplation of this definition.)

4

K.  **JOB SITE** means the physical premises of the named location, address, company, business, or property and includes all previous and subsequent names of the physical premises regardless of changes in ownership, changes in the physical plant and equipment, abandonment of the premises or demolition of the premises.

L.  **MEETINGS** shall refer to, but not be limited to, annual meetings, seminars, conventions, and subcommittee meetings.

M.  **MINUTES** of meetings shall include the transcription of any meetings defined above, including, as well as, position papers, toxicological reviews, health reviews, health summary studies, health alerts, and/or any writing wherein the health hazards associated with exposure to asbestos were discussed (writings shall include printed materials, videotapes, motion pictures or audio recordings).

## INTERROGATORIES

1.  Did you conduct any tests to determine whether the asbestos or asbestos-containing materials you used at Avondale Industries, Inc. in Avondale, Louisiana, released any asbestos-containing dust or asbestos fibers? If so, provide the details of such tests.

2.  Explain if you undertook any action to minimize, reduce or eliminate exposures to asbestos at Avondale Industries, Inc. in Avondale, Louisiana. Please provide the details of the evidence to support your answer.

3.  Identify any trade organizations you were involved in where possible or actual health hazards or problems connected with the use of asbestos or asbestos-containing products were discussed at any time prior to December 31, 1979.

4.  Identify the name, last known address, job title and responsibilities of all persons, if anyone, who were in charge of environmental and/or safety issues as it pertains to the persons involved in the construction or maintenance/repair of vessels, barges and/or tugboats at Avondale Industries, Inc. in Avondale, Louisiana facilities.

5.  Identify any documents you have pertaining to Avondale Industries, Inc. in Avondale, Louisiana, including, but not limited to, design, engineering, construction and maintenance.

6.  Identify the name, last known address, position and years of employment all persons who exercised any control over Robert Legendre while employed by Avondale Industries, Inc. in Avondale, LA.

7.  Identify the name and last known address of all persons who were employed by you as a foreman, supervisor, superintendent, safety officer and/or executive officer.

8.  Pursuant to the Louisiana Code of Civil Procedure article 1425, for each expert witness who will testify in the instant litigation, please list the following:

    a.  All documents used to support and/or summarize each of the witness' opinions;

    b.  A description of the qualifications of each of the witnesses;

    c.  A list of all publications authored by each witness within the

5

preceding ten years;

d.   The compensation paid to each witness for his study and testimony; and

e.   A list of all other cases in which each witness testified as an expert at trial or by deposition within the preceding four years.

9.   Identify all witnesses whom you may or will call at trial of this matter or who are likely to have relevant discoverable information, by providing each witness' name, address, telephone number, and a summary of the facts to which each is expected to testify or which each is likely to know that is relevant to this litigation.

10.  Please identify by case name, docket number, court and date filed any lawsuit(s) filed by you against your insurer(s) for reimbursement and/or coverage dispute of any legal fees, costs, expenses and/or judgment(s) related to and/or arising from any asbestos-related claim(s) or lawsuit(s) filed against you.

11.  Please identify any and all agreements, whether written or oral, between you and anyone to indemnify, defend and hold forever harmless anyone from any and all legal fees, costs, expenses and/or judgment(s) related to and/or arising from the above matter.

12.  Please identify any and all financial arrangements between you and anyone in any way related to the above matter, or any other asbestos litigation.

13.  Identify the name and last known address of all persons who answered this discovery, in whole or in part, and indicate which parts of this discovery each has answered.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   Please produce and identify all documents used, or referred to in connection with the preparation of the answers to interrogatories included herewith. For all such documents, state the number of the interrogatory and its subpart to which it relates.

2.   Please produce copies and a listing of any and all insurance policies in effect at any time which would provide coverage for the damages claimed in this lawsuit, including, but not limited to, comprehensive, general liability, workers' compensation, employer liability, umbrella, excess coverage, employees, officers, directors, executive officers and any other insurance policies that would provide coverage.

3.   Produce all documents related to all purchases, deliveries or shipments of asbestos-containing products or asbestos fibers received by you for use at Avondale Industries, Inc. in Avondale, Louisiana.

4.   Produce all documents which evidence defendant's document retention policies or document destruction policies between from inception to present.

5.   Produce any and all epidemiological studies conducted by you at Avondale Industries, Inc. in Avondale, Louisiana, whether published or unpublished, whether preliminary or final, which in any way include people exposed to asbestos that you used, installed, applied and/or removed at Avondale Industries, Inc. in Avondale, Louisiana.

6

6.  Produce any and all documents which relate in any manner to any industrial hygiene air sampling results for asbestos, whether personal or area samples from Avondale Industries, Inc. in Avondale, Louisiana.

7.  Please produce any and all documents distributed to your employees which relate to the health effects and/or safe handling of asbestos and/or asbestos-containing products.

8.  Please produce and all safety manuals, including revisions thereto, and each and every other document pertaining to employee safety, health, accident prevention, safety precautions or well being, adopted, issued, or recommended by Avondale Industries, Inc.

9.  Please produce any and all training documents issued to your personnel or to others, that discuss or reference in any manner, health and safety concerns related to asbestos and /or asbestos containing products.

10. Please produce a complete listing of exhibits and make available for copying and/or inspection all documents and/or other tangible items you intend to introduce at trial.

11. Pursuant to the Louisiana Code of Civil Procedure article 1425, please produce a report and the complete file of all expert witnesses who will testify at trial in the instant matter.

12. Produce any and all engineering specifications relating to the construction or maintenance/repair work performed by you at Avondale Industries, Inc. in Avondale, Louisiana.

13. Please produce a listing and produce each and every deposition and/or trial testimony taken of and/or given by any non-witness or witness identified in these answers to interrogatories and/or in your Witness List, or has given a deposition and/or trial testimony on your behalf that in any way refers and/or relates to the use of any asbestos at Avondale Industries, Inc. in Avondale, Louisiana.

14. Please produce any and all contracts, agreements, letters, memoranda, correspondence, work papers, desk books, diaries, notes, tape recordings, photographs, records of oral communication, charts, graphs, drawings, plans, specifications, surveys, test reports, bids, statements, invoices, purchase orders, analyses, blueprints, studies, reports, and all other writings or means of communicating between you and any Defendant in the above matter.

15. Please produce a complete copy of Robert Legendre's employment records, including, but not limited to, employment applications, reports of physical examinations, medical records, reasons for discharge, prior employment history, wages, and any and all other records.

7

Respectfully submitted,

WADDELL ANDERMAN, LLC

By: _____

Cameron R. Waddell (Bar No. 24245)
Jody E. Anderman (Bar No. 18764)
Jeff Nicholson (Bar No. 29366)
8706 Jefferson Hwy., Suite B
Baton Rouge, LA 70809
Telephone: (225) 636-5639
Facsimile: (225) 636-5209
**Counsel for plaintiffs**

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing has been served on all known counsel of record via electronic mail, on this _____ day of January, 2012.

_____
JODY E. ANDERMAN

CERTIFIED TRUE COPY
03551

DEPUTY CLERK OF COURT

EAST BATON ROUGE PARISH, LA
FILED
2012 JAN -6 PH 3: 42
DEPUTY CLERK OF COURT

8