UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION<br><br>NO VI<br><br>This Document Relates To: | MDL 875 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BELL and SUMIKO BELL,<br><br>        Plaintiffs,<br>vs.<br><br>ARVIN MERITOR, INC.,<br><br>        Defendants. | (ASBESTOS)<br><br>USDC 3:12-cv-00131 JCS<br><br>Alameda County Superior Court Case No. RG11593882 |

**DEFENDANT PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION ERRONEOUSLY SUED HEREIN AS PNEUMO-ABEX CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 479**

**I.      INTRODUCTION**

Defendant PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION ERRONEOUSLY SUED HEREIN AS PNEUMO-ABEX CORPORATION ("Abex") files this Opposition to the Motion to Vacate CTO-479 filed by Plaintiffs DONALD BELL and SUMIKO BELL ("Plaintiffs").  The Judicial Panel on Multidistrict Litigation ("the Panel") issued CTO-479, with the intention to transfer this case for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407.

This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875.  To ensure the efficient and consistent adjudication of this case, along with the

many others throughout the United States, this Panel should deny Plaintiff's Motion to Vacate CTO-479.

Plaintiffs' Motion to Vacate ("Plaintiffs' Motion") fails to make any substantive argument against the potential transfer of this case to the Asbestos MDL. Instead, the only ground asserted in opposition to CTO-479 is that Plaintiffs have a pending motion to remand, which, if granted, would relieve the federal courts of jurisdiction over this matter. However, for reasons of consistency and efficiency, this Panel has routinely denied objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, the Panel has denied these types of motions in this litigation. (See *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation,* 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).)

Although Plaintiffs have filed a motion to remand in this case, it has not yet been heard by the district court, and can just as easily be decided by the MDL Panel after transfer. In fact, the MDL court recently denied remand in a case based upon nearly identical facts and legal arguments raised in Plaintiff's motion to remand pending before the United States District Court for the District of New Jersey. (See *Hagen v. Benjamin Foster, et al.*, Civ Action No. 07-63346 (E.D.Pa. Sept. 24, 2010).)

The only factual issues germane to CTO-479 are already known in this case. Namely, it is contended that Plaintiff DONALD BELL developed an asbestos-related illness as a result of his exposure to asbestos. This is exactly the type of asbestos personal injury case that should be transferred to MDL-875. The threat of a jurisdictional objection does not change this fact.

Since Plaintiffs' case, and their motion to remand, can only raise issues already addressed by the Panel in this litigation, the Panel, as it has done many times previously, should deny Plaintiff's Motion to Vacate CTO-479.

## II.   TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons. First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections.

Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court. Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

### A.   The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).) Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. (*In re Antibiotic Drugs*, 299 F. Supp. 1403 (J.P.M.L. 1969).)

As recognized by the Second Circuit, this Panel has the authority to transfer a case in which (as is true here) a motion to remand to state court is pending. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) Numerous courts have cited and relied on *Ivy* for this proposition. (See, e.g., *Wolgamott v. Asbestos Defendants*, 2010 U.S. Dist. LEXIS (N.D.Cal. 2010); *Miller v. Merck & Co., Inc.*, 2008 U.S. Dist. LEXIS 88430 (M.D.Fla. 2008); *In re California Retail Natural Gas and Electric Antitrust Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D.Ill. April 3, 1996).)

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. (See, e.g., *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D.Cal. 1998).) The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." (*In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).)

The pendency of a remand motion does not compromise the Panel's authority to transfer this action for coordinated or consolidated proceedings before the Asbestos MDL in the Eastern District of Pennsylvania. As a result, the existence of a pending remand motion in this case does not mandate returning this case to the district court.

B. **Transfer Promotes Judicial Efficiency and Consistency**.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. (*In re Ivy*, 901 F.2d 7 (2d Cir. 1990).) In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." (*In re Ivy, supra*, 901 F.2d at 9.) "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." (*Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D.La. Mar. 24, 2000).) "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." (*Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, at *2 (E.D.La. February 24, 1995).)

In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation… In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district…were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

(See *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).)

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." (*Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *2 (N.D.Ill. Nov. 12, 1999).) Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." (*In re Duane,* 354 F.Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.*, 340 F. Supp. 492 (D.P.R. 1972).) Indeed, remand and other motions can be presented to and decided by the transferee judge. (See, e.g., *Hagen, supra*, in which Judge Robreno denied Plaintiff's motion to remand; see also *Hanson v. ACandS*, Civ.

4

Action No. 2:09-66701 (E.D.Pa. June 22, 2011) and *Boston v. Eastern Refractories, Inc.,* Civ. Action No. 07-53993 (E.D.Pa. Aug. 25, 2010), in which Judge Robreno granted defendants' motion for summary judgment; see also *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation* (J.P.M.L. June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L. 1973).)

The sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." (*In re Ivy, supra*, 901 F.2d at 9.)  In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case.

This Panel has already addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.IP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay.  (*In re Prudential Ins. Co.*, 2001 WL 980541, at *1 (J.P.M.L., Aug. 15, 2001).)

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. (See, e.g., *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979); see also *In re IBM*, 302 F. Supp. 796 (J.P.M.L. 1969) [refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil

antitrust action was proposed to be transferred where circumstances otherwise warranted transfer].)

Thus, because the Panel has the authority to transfer this action despite the pendency of the plaintiff's motion to remand, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiffs' Motion to Vacate CTO-479 and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

### III.  CONCLUSION

For the reasons set forth herein, Defendant PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION ERRONEOUSLY SUED HEREIN AS PNEUMO-ABEX CORPORATION respectfully requests that this Panel deny Plaintiffs' Motion to Vacate CTO-479.

Dated:  February 29, 2012        BRYDON HUGO & PARKER

By:   /s/ Thomas J. Moses
      Edward R. Hugo [CA SBN 124839]
      Donna L. Maul [CA SBN 191119]
      Thomas J. Moses [CA SBN 116002]
      Attorneys for Defendant
      PNEUMO ABEX LLC SUCCESSOR IN
      INTEREST TO ABEX CORPORATION
      ERRONEOUSLY SUED HEREIN AS
      PNEUMO-ABEX CORPORATION

      BRYDON HUGO & PARKER
      135 Main Street, 20th Floor
      San Francisco, CA 94104
      Telephone: (415) 808-0300
      Facsimile: (415) 808-0333
      Email: service@bhplaw.com