| | **Pond North LLP** | |
|---|---|---|
| **Northern California**<br>San Francisco<br>(415) 217-1240 | 350 South Grand Avenue, Suite 3300<br>Los Angeles, CA 90071<br>Telephone: (213) 617-6170<br>Fax: (213) 623-3594<br>www.pondnorth.com | **New England**<br>Massachusetts<br>(781) 556-0600 |
| **Southern California**<br>Los Angeles<br>(213) 617-6170 | | Rhode Island<br>(401) 383-8831 |
| Our File No. 4520-3467 | | Writer's Email<br>pwick@pondnorth.com |

March 2, 2012

Clerk of the Panel Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

    *Re:*    ***Brantley v. Borg-Warner Morse Tec, Inc., et al.***
           ***USDC Case No: 12CV0540 JLS JMA***
           ***Our Client: CBS Corporation, a Delaware corporation, f/k/a***
           ***Viacom Inc., successor by merger to CBS Corporation, a***
           ***Pennsylvania corporation, f/k/a Westinghouse Electric***
           ***Corporation***

Dear Sir or Madam:

    Attached are the Complaint, Notice of Removal, Notice of Tag-Along Action, and other associated pleadings in the above-referenced action.

    As stated in the Notice of Tag-Along Action, the above-referenced asbestos personal injury action is appropriate for transfer to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 and the July 29, 1991 Order of the Judicial Panel on Multidistrict Litigation.

    Accordingly, CBS Corporation (f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation) requests that the Clerk of the Panel either: (1) enter a conditional transfer order pursuant to MDL Rule 12(a) or (2) file an order to show cause why the actions should not be transferred, pursuant to MDL

Clerk of the Panel Judicial Panel on Multidistrict Litigation
March 2, 2012
Page 2

Rule 13(b).

Thank you for your attention to this matter.

Sincerely,

POND NORTH LLP

Previn A. Wick

PAW:njc
Enclosures

4520-3467:812121.1

1  FRANK D. POND (Bar No. 126191)
   KEVIN D. JAMISON (Bar No. 222105)
2  kjamison@pondnorth.com
   PREVIN A. WICK (Bar No. 216167)
3  pwick@pondnorth.com
   POND NORTH LLP
4  350 South Grand Avenue, Suite 3300
   Los Angeles, CA 90071
5  Telephone: (213) 617-6170
   Facsimile: (213) 623-3594
6
   Attorneys for Defendant CBS Corporation, a
7  Delaware corporation, f/k/a Viacom Inc.,
   successor by merger to CBS Corporation, a
8  Pennsylvania corporation, f/k/a Westinghouse
   Electric Corporation
9
10
11                UNITED STATES DISTRICT COURT
12              EASTERN DISTRICT OF PENNSYLVANIA
13

| 14 | IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL NO. 875 |
| --- | --- | --- |
| 15 | | |

16
17                UNITED STATES DISTRICT COURT
18              SOUTHERN DISTRICT OF CALIFORNIA
19

| 20 | | |
| --- | --- | --- |
| 21 | GERALD BRANTLEY, | Case No: '12CV0540 JLS JMA |
| 22 | Plaintiff, | NOTICE OF TAG-ALONG ACTION |
| 23 | vs. | |
| 24 | BORG-WARNER MORSE TEC, INC., et al., | |
| 25 | Defendants. | |
| 26 | | |

27
28

                              1
                    NOTICE OF TAG-ALONG ACTION

4520-3467:812106.1

PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to the United District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 ("MDL Transfer Order"). That order also applies to "tag-along actions", or actions involving common questions of fact filed after the January 17, 1991 filings of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

Any party of counsel in actions previously transferred under section 1407 or under consideration by the Panel for transfer under section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the court that this is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either (1) enter a conditional transfer order pursuant to MDL Rule 7.4(a) or (2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule 17.5(b).

Dated: March 1, 2012                    POND NORTH LLP


By:   /s/Previn A. Wick
      PREVIN A. WICK
      Attorneys for Defendant CBS Corporation, a
      Delaware corporation, f/k/a Viacom Inc., successor
      by merger to CBS Corporation, a Pennsylvania
      corporation, f/k/a Westinghouse Electric
      Corporation

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 350 South Grand Avenue, Suite 3300, Los Angeles, CA 90071.

On March 2, 2012, I served the following document(s): **NOTICE OF TAG-ALONG ACTION** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

NAPOLI BERN RIPKA SHLOKNIK & ASSOCIATES, LLP
2361 Rosecrans Avenue, Suite 450
El Segundo  CA  90245
*Attorneys for Plaintiff*

☒  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Los Angeles, California.

Executed:  March 2, 2012

☐  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Judith L. Engler
4520-3467