# U.S. District Court
## Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:12-cv-00540-JLS-JMA

Brantley v. Borg-Warner Morse Tec, Inc. et al
Assigned to: Judge Janis L. Sammartino
Referred to: Magistrate Judge Jan M. Adler
Case in other court: Superior Court of California, County of
          San Diego, 37-02012-00091413
Cause: 28:1442 Petition for Removal

Date Filed: 03/02/2012
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Gerald Brantley**                                 represented by    **Marc I. Willick**
                                                                     Napoli, Bern, Ripka, Shkolnic &
                                                                     Associates, LLP
                                                                     2361 Rosecrans Avenue
                                                                     Suite 450
                                                                     El Segundo, CA 90245
                                                                     (310) 536-1040
                                                                     Fax: (510) 536-1040
                                                                     *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Borg-Warner Morse Tec, Inc.**

**Defendant**

**Bridgestone/Firestone, Inc.**

**Defendant**

**Buffalo Pumps, Inc.**

**Defendant**

**BW/IP International**
*Individually and as Successor-In-*
*Interest to Byron Jackson Pumps*

**Defendant**

**CBS Corporation**                                 represented by    **Kevin D Jamison**
*As Successor by Merger to Viacom, Inc.*                             Pond North
*f/k/a Westinghouse Electric*                                        350 South Grand Avenue
                                                                     Suite 350
                                                                     Los Angeles, CA 90071
                                                                     (213)617-6170
                                                                     Fax: (213)628-3594
                                                                     Email: kjamison@pondnorth.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Previn A Wick**
Pond North LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
(213)617-6170
Fax: (213) 623-3594
Email: pwick@pondnorth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**

**Defendant**

**CSR Ltd.**

**Defendant**

**Excelsior, Inc.**

**Defendant**

**Flowserve Corporation**
*Individually and as Successor-In-*
*Interest to BW/IP International, Inc.,*
*F/K/A Rockwell International*

**Defendant**

**FMC Corporation**
*Individually and as Successor-In-*
*Interest to Chicago Pump Co.*

**Defendant**

**Ford Motor Company**

**Defendant**

**Gardner Denver Inc.**

**Defendant**

**Genuine Parts Company**

**Defendant**

**Goodyear Tire and Rubber Company**

**Defendant**

**Honeywell International Inc.**
*formerly known as*

Alliedsignal Inc., as Successor-In-
Interest to The Bendix Corporation

**Defendant**

**IMO Industries Inc.**
*Individually and as Successor-In-
Interest to De Laval Steam Turbine, Inc.*

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**J.T. Thorpe and Son Inc.**

**Defendant**

**Manny Moe and Jack of California**

**Defendant**

**Metal Clad Insulation Corporation**

**Defendant**

**National Automotive Parts
Association**

**Defendant**

**Parker-Hannifin Corporation**
*formerly known as*
Sacomo-Sierra, Inc.

**Defendant**

**Phoenix Specialty Mfg. Co., Inc.**

**Defendant**

**Pneumo Abex Corporation**

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Warren Pumps LLC**

**Defendant**

**Western Automotive Parts
Association**

**Defendant**

**Yarway Corporation**
*formerly known as*
Yarnall Waring

**Defendant**
**DOES 1-500 inclusive**

**Defendant**
**M Slayen and Associates**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2012 | 1 | NOTICE OF REMOVAL with Jury Demand from Superior Court of California, San Diego County, case number 37-2012-00091413-CU-AS-CTL. (Filing fee $350 receipt number 0974-4504266), filed by CBS Corporation. (Attachments: # 1 Exhibit 1, # 2 State Court Answer) Judge Janis L. Sammartino and Magistrate Judge Jan M. Adler are assigned to the case. (Jamison, Kevin)(atty maintenance)(rlu) (cap). (Entered: 03/05/2012) |
| 03/02/2012 | 3 | ANSWER to Complaint (Notice of Removal) by CBS Corporation. (rlu) (pvm) (cap). (Entered: 03/05/2012) |
| 03/02/2012 | 2 | Corporate Disclosure Statement by CBS Corporation identifying no parent company. (rlu) (cap). (Entered: 03/05/2012) |
| 03/05/2012 | 4 | NOTICE OF RELATED CASE(S) by CBS Corporation. Proposed Low Number Order not prepared - no related case. (All non-registered users served via U.S. Mail Service)(lmt) Modified on 3/6/2012 to change docket numbers(pvm). (Entered: 03/05/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/07/2012 14:42:47 | | | |
| **PACER Login:** | pn0321 | **Client Code:** | 4520.3467 |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-00540-JLS-JMA |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

1  FRANK D. POND (Bar No. 126191)
   KEVIN D. JAMISON (Bar No. 222105)
2  kjamison@pondnorth.com
   PREVIN A. WICK (Bar No. 216167)
3  pwick@pondnorth.com
   POND NORTH LLP
4  350 South Grand Avenue, Suite 3300
   Los Angeles, CA  90071
5  Telephone:  (213) 617-6170
   Facsimile:  (213) 623-3594
6
   Attorneys for Defendant CBS Corporation,
7  a Delaware corporation, f/k/a Viacom Inc.,
   successor by merger to CBS Corporation, a
8  Pennsylvania corporation, f/k/a Westinghouse
   Electric Corporation
9

10

11                    **UNITED STATES DISTRICT COURT**

12                    **SOUTHERN DISTRICT OF CALIFORNIA**

13

14  GERALD BRANTLEY,                    | Case No:  **'12CV0540 JLS  JMA**

15              Plaintiff,              | [San Diego County Superior Court Case No. 37-
                                          2012-00091413-CU-AS-CTL]
16         vs.
                                          **NOTICE OF REMOVAL OF ACTION UNDER**
17  BORG-WARNER MORSE TEC, INC.;         **28 U.S.C. SECTION 1442(A)(1) (FEDERAL**
    BRIDGESTONE/FIRESTONE, INC.;         **OFFICER); DEMAND FOR JURY TRIAL;**
18  BUFFALO PUMPS, INC.; BW/IP           **AND DECLARATION OF PREVIN A. WICK**
    INTERNATIONAL (INDIVIDUALLY AND
19  AS SUCCESSOR-IN-INTEREST TO
    BYRON JACKSON PUMPS); CBS
20  CORPORATION (AS SUCCESSOR BY
    MERGER TO VIACOM, INC. F/K/A
21  WESTINGHOUSE ELECTRIC); CRANE
    CO.; CSR LTD.; EXCELSIOR, INC.;
22  FLOWSERVE CORPORATION
    (INDIVIDUALLY AND AS SUCCESSOR-
23  IN-INTEREST TO BW/IP
    INTERNATIONAL, INC., F/K/A
24  ROCKWELL INTERNATIONAL); FMC
    CORPORATION (INDIVIDUALLY AND
25  AS SUCCESSOR-IN-INTEREST TO
    CHICAGO PUMP CO.); FORD MOTOR
26  COMPANY; GARDNER DENVER  INC.;
    GENUINE PARTS COMPANY;
27  GOODYEAR TIRE AND RUBBER
    COMPANY; HONEYWELL
28  INTERNATIONAL INC. (F/K/A ALLIED

                                    1

1  SIGNAL INC., AS SUCCESSOR-IN-
   INTEREST TO THE BENDIX
2  CORPORATION); IMO INDUSTRIES INC.
   (INDIVIDUALLY AND AS SUCCESSOR-
3  IN-INTEREST TO DE LAVAL STEAM
   TURBINE INC.); INGERSOLL-RAND
4  COMPANY; J. T. THORPE AND SON INC.;
   M. SLAYEN AND ASSOCIATES; MANNY
5  MOE AND JACK OF CALIFORNIA;
   METALCLAD INSULATION
6  CORPORATION; NATIONAL
   AUTOMOTIVE PARTS ASSOCIATION;
7  PARKER-HANNIFIN CORPORATION
   (F/K/A/ SACOMO-SIERRA, INC.);
8  PHOENIX SPECIALTY MFG. CO., INC.;
   PNEUMO ABEX CORPORATION; UNION
9  CARBIDE CORPORATION; WARREN
   PUMPS LLC; WESTERN AUTOMOTIVE
10 PARTS ASSOCIATION; YARWAY
   CORPORATION (F/K/A YARNALL
11 WARING); DOES 1-500 INCLUSIVE,

12            Defendants.

13

14

15      **PLEASE TAKE NOTICE** that Defendant CBS Corporation ("Westinghouse")[1] hereby files

16 its Notice of Removal of the above-styled civil action, removing said matter to this Court pursuant to

17 28 U.S.C. §§ 1442 and 1446.

18                              **BACKGROUND**

19      1.      On January 30, 2012, Gerald Brantley ("Mr. Brantley") filed his Complaint, Case No.

20 37-2012-00091413-CU-AS-CTL, in the Superior Court of the State of California for the County of

21 San Diego.  A true and correct copy of the Summons, Complaint, and accompanying papers are

22 attached hereto collectively as Exhibit 1 [Declaration of Previn A. Wick ("Wick Decl.") ¶ 3.]

23      2.      Plaintiff personally served Westinghouse with the Summons and Complaint in this

24 action on February 3, 2012 [Wick Decl. ¶ 4].  The Complaint specifically alleges that Mr. Brantley

25 ────────────

26      [1] CBS Corporation (a Delaware corporation f/k/a Viacom Inc.) is a successor by merger to
27 CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).  CBS
   Corporation was erroneously sued herein as "Viacom, Inc., as successor in interest by merger to
28 CBS Corp., and Westinghouse Electric Corporation."

                                        2

1    served in the United States Navy from 1958 to 1960, and that while serving on the *USS Fort Marion*

2    (LSD 22) was exposed to "steam turbines" that were manufactured and distributed by Westinghouse.

3    (Complaint, paragraphs 7 and 12, and Exhibits "A" and "C" thereto; see Wick Decl ¶ 5 and <u>Exhibit</u>

4    <u>1</u>.)

5         3.      Westinghouse, in fact, supplied marine turbines to the *USS Fort Marion* (LSD 22)

6    under contract to the United States Department of the Navy.   [Wick Decl. ¶ 6.]

7         4.      This Notice of Removal has thus been filed, in accordance with 28 U.S.C. §1446(b),

8    within thirty (30) days of Westinghouse's first notice of Mr. Brantley's claim that he was injured due

9    to asbestos exposure associated with Westinghouse turbines and other equipment aboard the *USS*

10    *Fort Marion* (LSD 22). *See, e.g., Contois v. Able Indus.*, 523 F. Supp. 2d 155, 158-59 (D. Conn.

11    2007); *Carter v. ACandS, Inc.*, 2002 WL 31682352 at *3 (E.D. Tex. Jun3 27, 2002). *Cf., Bosky v.*

12    *Kroger Texas, L.P.*, 288 F.3d 208, 211 (5th Cir. 2002); *Akin v. Big Three Indus.*, 851 F. Supp. 819,

13    824 (E.D. Tex. 1994).

14         5.      The basis for this removal is that this action involves a person, i.e., Westinghouse,

15    who – in relation to the claims being stated against it and as summarized herein – acted under the

16    authority, direction and control of an officer or agency of the United States for purposes of 28 U.S.C.

17    § 1442(a)(1) and who can state at least a colorable federal law-based "government contractor"

18    defense to those claims.

19         6.      Westinghouse respectfully requests an opportunity to respond more fully in writing to

20    any motion for remand in this case, but offers the following statement and citations to authority at

21    this time in satisfaction of its obligation under 28 U.S.C. § 1446 to provide a short and plain

22    statement of the legal and factual basis for its removal. Removal is proper under 28 U.S.C. §

23    1442(a)(1) when (a) the defendant seeking removal demonstrates that it is a "person" within the

24    meaning of the statute; (b) the defendant demonstrates a causal nexus between the defendant's

25    actions, taken pursuant to a federal offer's directions and under color of federal office, and the

26    plaintiff's claims; and (c) the defendant asserts a "colorable federal defense." *Mesa v. California*,

27    489 U.S. 121, 124-25, 134-35 (1989); *Kirks v. General Elec. Co.*, 654 F. Supp. 2d 220, 223 (D. Del.

28    2009). *See also, e.g., Nesbiet v. General Elec. Co.*, 399 F. Supp. 2d 205, 210 (S.D.N.Y. 2005);

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1442(A)(1) (FEDERAL OFFICER); DEMAND
FOR JURY TRIAL; AND DECLARATION OF PREVIN A. WICK

4520-3467:812041.1

1  *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 699 (S.D. Tex. 2002); *Crocker v. Borden, Inc.*,

2  852 F. Supp. 1322, 1325 (E.D. La. 1994); *Pack v. ACandS, Inc.*, 838 F. Supp. 1099, 1101 (D. Md.

3  1993); *Fung v. Abex Corp.*, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992).

4         7.      Westinghouse is a "person" within the meaning of 28 U.S.C. § 1442(a)(1).  *Fung v.*

5  *Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992). *See, e.g.*, *Isaacson v. Dow Chem. Co.*, 517

6  F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th

7  Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999); *Kirks*, 654 F. Supp. 2d at 223.

8         8.      In all aspects of the design, manufacture and supply of its Navy propulsion

9  equipment, including the provision of warnings (if any) with that equipment, Westinghouse was

10  acting under the detailed direction and control of one or more federal officers.  More specifically,

11  such equipment was designed, manufactured and supplied according to precise, detailed,

12  specifications promulgated and/or approved by Navy Sea Systems Command.  Moreover, an

13  Inspector of Naval Machinery, who had offices on the premises of Westinghouse's plants, personally

14  oversaw the manufacturing process and enforced compliance with the Navy design specifications.

15  Further, the Navy propulsion equipment was subject to various tests and trials supervised by the

16  Navy before it was approved for use on military vessels.  In sum, no material aspect of the design,

17  manufacture or supply of the Westinghouse propulsion equipment allegedly at issue in this case

18  escaped the close control of the Navy and its officers.  Numerous federal district courts have, in fact,

19  held – in light of these facts -- that Westinghouse was "acting under a federal officer" in relation to

20  its design, manufacture and supply of turbines and/or similar equipment for use aboard United States

21  Navy vessels.  *See, e.g.*, *Allen v. CBS Corp.*, 2009 WL 4730747 at *2 (D. Conn. Dec. 1, 2009);

22  *Mitchell v. AC&S, Inc.*, 2004 WL 3831228 at *2 (E.D. Va. Dec. 15, 2004); *Madden*, 205 F. Supp. 2d

23  at 700-01; *Carter*, 2002 WL 31682352 at *4-5; *Crocker*, 852 F. Supp. at 1326; *Pack*, 838 F. Supp. at

24  1103; *Fung*, 816 F. Supp. at 572.

25         9.      It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries

26  purportedly arising from or relating to equipment that it manufactured and supplied to the United

27  States Navy under the Navy's detailed direction and control, that defendant has been sued in relation

28  to conduct under color of its federal office, satisfying the "causal nexus" requirement.  *See, e.g.*,

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1442(A)(1) (FEDERAL OFFICER); DEMAND
FOR JURY TRIAL; AND DECLARATION OF PREVIN A. WICK

4520-3467:812041.1

1   *Madden*, 205 F. Supp. 2d at 701-02.

2        10.     As to the question of a colorable federal-law based defense, Westinghouse hereby

3   asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500,

4   512 (1988) in that: 1) it designed, manufactured and supplied the Navy equipment at issue in this

5   case in accordance with "reasonably precise specifications" promulgated or adopted by the United

6   States Navy; 2) the Westinghouse Navy equipment conformed with those specifications; and 3) at all

7   times relevant to this suit, the United States Navy was independently aware of potential health

8   hazards associated with asbestos exposure.  Once again, numerous courts considering the propriety

9   of the removal of asbestos-related claims involving Westinghouse's design and manufacture of such

10   turbines and/or related equipment have found that Westinghouse can, accordingly, state at least a

11   colorable government contractor defense in relation to such claims.  *See, e.g.*, *Allen*, 2009 WL

12   4730747 at *5; *Mitchell*, 2004 WL 3831228 at *4; *Crocker*, 852 F. Supp. at 1327; *Pack*, 838 F.

13   Supp. at 1103.

14        11.     All material aspects of the design of Westinghouse's Navy turbines (including the

15   provision of warnings, if any) were subject to reasonably precise specifications which were

16   promulgated or approved by the Navy -- specifications which, in particular, required the use of

17   asbestos.  Compare *Glassco v. Miller Equip. Co.*, 966 F.2d 641 (11th Cir. 1992).

18        12.     The Westinghouse Navy turbines allegedly at issue in this case complied with the

19   reasonably precise specifications which had been promulgated or approved by the Navy, and were

20   accepted only after such compliance had been verified through rigorous Navy tests and inspections.

21   *See, e.g.*, *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 420 (5th Cir. 2001); *Allen*, 2009 WL

22   4730747 at *5; *Murphy v. General Electric Co.*, 2009 WL 2151192 at *4 (D. Conn. July 15, 2009);

23   *Machnik*, 506 F. Supp. 2d at 103-04.

24        13.     At all times relevant to this case, the Navy was independently aware of potential

25   health hazards associated with asbestos exposure.  *See, e.g.*, *Allen*, 2009 WL 4730747 at *4-5;

26   *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1006 (N.D. Ill. 2007); *Machnik*, 506 F. Supp. 2d

27   at 104; *Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp. 2d 725, 730-31 (N.D. Ohio 2007); *Niemann*

28   *v. McDonnell Douglas Corp.*, 721 F. Supp. 1019, 1028 (S.D. Ill.1989).

1

**INTRADISTRICT ASSIGNMENT**

2  Because this Court is the United States District Court for the district and division embracing

3 the place where the original State Court Action was filed, it is the appropriate court for removal

4 under 28 U.S.C. § 1446(a).

5

**TRANSFER OF THIS ACTION TO MULTI-DISTRICT LITIGATION ASBESTOS**

6

**PROCEEDINGS**

7  Westinghouse intends to seek transfer of this action to the Eastern District of Pennsylvania,

8 where all Federal Court asbestos actions have been centralized in a single forum, i.e., In re Asbestos

9 Products Liability Litigation (Multidistrict Litigation Docket No. 875), pursuant to 28 U.S.C. §

10 1407.  Accordingly, Westinghouse is concurrently filing a Notice of Related Cases regarding MDL

11 875, and Notice of Tag-Along Action.

12

**PROCEDURAL COMPLIANCE**

13  Because Westinghouse has satisfied the requirements for removal under 28. U.S.C. §

14 1442(a), it is entitled to remove this entire action.  Westinghouse is not required to notify and obtain

15 the consent of any other defendant in this action in order to remove Plaintiffs' action as a whole

16 under § 1442(a)(1).  *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th

17 Cir. 1981); *Hunt v. Smith*, 67 F. Supp. 2d 675 (E.D. Tex 1999).  *See, e.g., Durham v. Lockheed*

18 *Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034

19 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir.

20 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley*,

21 302 F.2d 559, 562 (5th Cir. 1962).

22  As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies

23 of the process, pleadings, and orders served upon Westinghouse are attached as Exhibit 1 and are

24 filed with this Notice of Removal, along with other relevant exhibits detailed herein.

25  Westinghouse will give notice of the filing of this Notice as required by 28 U.S.C. §

26 1442(a)(1)

27 ///

28 ///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1442(A)(1) (FEDERAL OFFICER); DEMAND
FOR JURY TRIAL; AND DECLARATION OF PREVIN A. WICK

4520-3467:812041.1

1

## CONCLUSION

2       Removal of this action is proper under 28 U.S.C. § 1442, because it is a civil action brought

3   in a state court, and the federal district courts have original jurisdiction over the subject matter under

4   28 U.S.C. § 1442(a)(1) for the reasons set forth herein.

5       WHEREFORE, Westinghouse, pursuant to these statutes and in conformance with the

6   requirements set forth in 28 U.S.C. § 1446, removes this action from the Superior Court for the State

7   of California for the County of San Diego on this 1st day of March, 2012, and requests that this

8   action proceed in this Court as a properly removed action.

9

10  Dated:  March 1, 2012                    POND NORTH LLP

11

12                              By:  /s/ Previn A. Wick
                                     PREVIN A. WICK
13                                   Attorneys for Defendant CBS Corporation, a Delaware
                                     corporation, f/k/a Viacom Inc., successor by merger to
14                                   CBS Corporation, a Pennsylvania corporation, f/k/a
                                     Westinghouse Electric Corporation

15

16                          ## DEMAND FOR TRIAL BY JURY

17       Westinghouse hereby demands a trial by jury in this action.

18

19  Dated:  March 1, 2012                    POND NORTH LLP

20

                                By:  /s/ Previn A. Wick
21                                   PREVIN A. WICK
                                     Attorneys for Defendant CBS Corporation, a
22                                   Delaware corporation, f/k/a Viacom Inc., successor
                                     by merger to CBS Corporation, a Pennsylvania
23                                   corporation, f/k/a Westinghouse Electric
                                     Corporation

24

25

26

27

28

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF PREVIN A. WICK

I, PREVIN A. WICK, declare as follows:

1.      I am an attorney at law, duly licensed by and in good standing with the State Bar of California, and I am admitted to practice before the United States District Court for the Southern District of California.  I am a senior counsel with the law firm of Pond North LLP, attorneys of record for defendant CBS CORPORATION, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse") herein.

2.      I have personal knowledge of the matters set forth in this Declaration, and if called as a witness, I would and could competently testify to the facts set forth herein.

3.      Attached hereto collectively as <u>Exhibit 1</u> are true and correct copies of the Summons, Complaint, and accompanying papers filed by Plaintiffs on January 30, 2012.

4.      The Summons indicates that Westinghouse was personally served with process, and our client informs us that it was personally served on February 3, 2012.

5.      Plaintiffs' Complaint specifically alleges that Mr. Brantley served in the United States Navy from 1958 to 1960, and that while serving on the *USS Fort Marion* (LSD 22) was exposed to "steam turbines" that were manufactured and distributed by Westinghouse.  (Complaint, paragraphs 7 and 12, and Exhibits "A" and "C" thereto.)

6.      I have been informed by my client that the *USS Fort Marion* (LSD 22), did, in fact, carry Westinghouse marine turbines.

I declare under the penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this 1st day of March, 2012, at Los Angeles, California.

/s/ Previn A. Wick
PREVIN A. WICK

8

**EXHIBIT "1"**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2012 JAN 30  A 10: 45

... COURT
COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BORG-WARNER
(DEFENDANTS LISTED ON ATTACHEMENT)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GERALD BRANTLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* SDSC - HALL OF JUSTICE | *(Número del Caso):* 37-2012-00091413-CU-AS-CTL |

330 W. BROADWAY
SAN DIEGO, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Napoli, Bern, Ripka, Shklonik & Associates LLP 2361 Rosecrans Ave. El Segundo, CA 90245 310.536.1040

| DATE: *(Fecha)* JAN 3 0 2012 | Clerk, by *(Secretario)* T. Lusch | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: CBS Corporation (As successor by merger to viacom, inc. F/K/A Westinghouse Electric)

   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [X] by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

EXHIBIT 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: BRANTLEY v. BORG-WARNER CORPORATION et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

BORG-WARNER MORSE TEC, INC.; BRIDGESTONE/FIRESTONE, INC. BUFFALO PUMPS, INC.; BW/IP INTERNATIONAL (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BYRON JACKSON PUMPS); CBS CORPORATION (AS SUCCESSOR BY MERGER TO VIACOM, INC. F/K/A WESTINGHOUSE ELECTRIC); CRANE CO.; CSR LTD. EXCELSIOR, INC.; FLOWSERVE CORPORATION (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BW/IP INTERNATIONAL, INC., F/K/A ROCKWELL INTERNATIONAL); FMC CORPORATION (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHICAGO PUMP CO.); FORD MOTOR COMPANY; GARDNER DENVER INC.; GENUINE PARTS COMPANY; GOODYEAR TIRE AND RUBBER COMPANY; HONEYWELL INTERNATIONAL INC. (F/K/A ALLIEDSIGNAL INC., AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION); IMO INDUSTRIES INC. (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO DE LAVAL STEAM TURBINE, INC.); INGERSOLL-RAND COMPANY; J.T. THORPE AND SON INC.; M SLAYEN AND ASSOCIATES; MANNY MOE AND JACK OF CALIFORNIA; METAL CLAD INSULATION CORPORATION; NATIONAL AUTOMOTIVE PARTS ASSOCIATION; PARKER-HANNIFIN CORPORATION (F/K/A SACOMO-SIERRA, INC.); PHOENIX SPECIALTY MFG. CO., INC.; PNEUMO ABEX CORPORATION; UNION CARBIDE CORPORATION; WARREN PUMPS LLC; WESTERN AUTOMOTIVE PARTS ASSOCIATION; YARWAY CORPORATION (F/K/A YARNALL WARING); DOES 1-500 INCLUSIVE

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
MARC I. WILLICK (SBN 175379)
NAPOLI, BERN, RIPKA, SHKOLNIK & ASSOCIATES LLP
2361 ROSECRANS AVE., SUITE 450
EL SEGUNDO, CA 90245
TELEPHONE NO.: (310) 536-1040   FAX NO.: (310) 736-2877
ATTORNEY FOR *(Name):* GERALD BRANTLEY

FOR COURT USE ONLY

2012 JAN 30  A 10: 45

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME:

CASE NAME:
BRANTLEY v. BORG-WARNER CORPORATION, ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2012-00091413-CU-AS-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[✓] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a.[ ] Large number of separately represented parties
   b.[ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c.[ ] Substantial amount of documentary evidence
   d.[ ] Large number of witnesses
   e.[ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f.[ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive

**4.** Number of causes of action *(specify):*

**5.** This case [ ] is [✓] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/27/2012

Marc I. Willick, Attorney for Plaintiff
(TYPE OR PRINT NAME)     *(signature)* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

MARC I. WILLICK (SBN 175379)
BENJAMIN H. ADAMS    (SBN 272909)
NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP
2361 Rosecrans Ave., Suite 450
El Segundo, California 90245
Telephone:    (310) 536-1040
Facsimile:    (510) 496-0256

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| GERALD BRANTLEY<br><br>Plaintiff,<br><br>vs.<br><br>BORG-WARNER MORSE TEC, INC.;<br>BRIDGESTONE/FIRESTONE, INC.<br>BUFFALO PUMPS, INC.<br>B.W/IP INTERNATIONAL<br>    (INDIVIDUALLY AND AS<br>    SUCCESSOR-IN-INTEREST TO<br>    BYRON JACKSON PUMPS)<br>CBS CORPORATION (AS SUCCESSOR<br>    BY MERGER TO VIACOM, INC.<br>    F/K/A WESTINGHOUSE<br>    ELECTRIC)<br><br>CRANE CO.;<br>CSR LTD.<br>EXCELSIOR, INC.<br>FLOWSERVE CORPORATION<br>    (INDIVIDUALLY AND AS<br>    SUCCESSOR-IN-INTEREST TO<br>    B.W/IP INTERNATIONAL, INC.,<br>    F/K/A ROCKWELL<br>    INTERNATIONAL)<br>FMC CORPORATION (INDIVIDUALLY<br>    AND AS SUCCESSOR-IN-<br>    INTEREST TO CHICAGO PUMP<br>    CO.);<br>FORD MOTOR COMPANY;<br>GARDNER DENVER INC.<br>GENUINE PARTS COMPANY;<br>GOODYEAR TIRE AND RUBBER | Case No. **37-2012-00091413-CU-AS-CTL**<br><br>ASBESTOS LITIGATION – SUBJECT TO THE<br>GENERAL ORDERS CONTAINED IN FILE NO.<br>C 700000 – DEPT. 59<br><br>COMPLAINT FOR PERSONAL INJURY –<br>ASBESTOS<br><br>CAUSES OF ACTION:<br><br>1ST - NEGLIGENCE;<br>2ND - STRICT LIABILITY;<br>3RD - FALSE REPRESENTATION;<br>4TH - INTENTIONAL TORT/INTENTIONAL<br>        FAILURE TO WARN |

1

COMPANY;
1  HONEYWELL INTERNATIONAL INC.          )
(F/K/A ALLIEDSIGNAL INC., AS          )
2       SUCCESSOR-IN-INTEREST TO         )
THE BENDIX CORPORATION)               )
3                                        )
IMO INDUSTRIES INC.                   )
4      (INDIVIDUALLY AND AS             )
SUCCESSOR-IN-INTEREST TO              )
5       DE LAVAL STEAM TURBINE,          )
INC.)                                 )
6  INGERSOLL-RAND COMPANY                )
J.T. THORPE AND SON INC;              )
7  M SLAYEN AND ASSOCIATES               )
MANNY MOE AND JACK OF                 )
8      CALIFORNIA                       )
METAL CLAD INSULATION                 )
9       CORPORATION                     )
NATIONAL AUTOMOTIVE PARTS             )
10      ASSOCIATION;                     )
PARKER-HANNIFIN CORPORATION           )
11      (F/K/A SACOMO-SIERRA, INC.);     )
PHOENIX SPECIALTY MFG. CO., INC.;     )
12  PNEUMO ABEX CORPORATION;             )
UNION CARBIDE CORPORATION;            )
13  WARREN PUMPS LLC;                    )
WESTERN AUTOMOTIVE PARTS              )
14      ASSOCIATION;                     )
YARWAY CORPORATION (F/K/A             )
15      YARNALL WARING);                 )
DOES 1-500 INCLUSIVE,                 )
16                                       )
Defendants.              )
17                                       )
                                        )
18                                       )

19

20                          **GENERAL ALLEGATIONS**

21

22          COMES NOW Plaintiff GERALD BRANTLEY (hereinafter "Plaintiff") and complains and

23  allege as follows:

24          1.      The true names and capacities, whether individual, corporate, associate,

25  governmental or otherwise, of Defendants DOES 1 through 500, inclusive, are unknown to Plaintiffs

26  at this time, who therefore sue said Defendants by such fictitious names.  When the true names and

27  capacities of said Defendants have been ascertained, Plaintiffs will amend this complaint accordingly.

28  Plaintiffs are informed and believe, and thereon allege, that each Defendant designated herein as a

COMPLAINT FOR PERSONAL INJURY / LOSS OF CONSORTIUM - ASBESTOS

1   DOE is responsible, negligently or in some other actionable manner, for the events and happenings

2   hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiff, as

3   hereinafter alleged.

4          2.     At all times herein mentioned, each of the Defendants was the agent, servant,

5   employee and/or joint venture of his co-Defendants, and each of them, and at all said times each

6   Defendant was acting in the full course and scope of said agency, service, employment and/or joint

7   venture.

8          3.     Plaintiff is informed and believes, and thereon alleges that at all times herein

9   mentioned each of the Defendants listed in the left "Defendant" column on Exhibit "C" hereto were

10  individuals, corporations, partnerships and/or unincorporated associations organized and existing

11  under and by virtue of the laws of the State of California, or the laws of some other state or foreign

12  jurisdiction, and that said Defendants, and each of them, were and are authorized to do and are doing

13  business in the State of California, or the laws of some other state or foreign jurisdiction, and that said

14  Defendants, and each of them, were and are authorized to do and are doing business in the State of

15  California, and that said Defendants have regularly conducted business in the County of Los Angeles,

16  State of California.

17         4.     Plaintiffs disclaim any cause of action or recovery for any injuries caused by

18  any exposure to asbestos dust that occurred in a federal enclave. Plaintiffs also disclaim any cause of

19  action or recovery for any injuries resulting from exposure to asbestos dust caused by any acts or

20  omissions of a party defendant committed at the direction of an officer of the United States

21  Government. Plaintiffs do not seek to recover against themselves, or either of themselves, as a

22  defendant or otherwise, for any asbestos related injuries.

23

24                      **FIRST CAUSE OF ACTION**

25                      (Negligence)

26  PLAINTIFF COMPLAINS OF DEFENDANTS AND DOES 1-500, THEIR "ALTERNATE

27  ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE

28  ALLEGE AS FOLLOWS:

1    5.    Plaintiffs incorporate by this reference paragraphs 1 through 4 of the Complaint.

2    6.    At all times herein mentioned, each of the named Defendants and DOES 1

3  through 500 was the successor, successor in business, successor in product line or a portion thereof,

4  parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

5  researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling,

6  distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

7  contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others,

8  packaging and advertising a certain substance, the generic name of which is asbestos, and other products

9  containing said substance. Said entities shall hereinafter collectively be called "alternate entities." Each

10  of the herein named Defendants is liable for the tortious conduct of each successor, successor in

11  business, successor in product line or a portion thereof, assign, predecessor in product line or a portion

12  thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it

13  was a member of, or funded, that researched, repaired, marketing, warranted, re-branded, manufactured

14  for others and advertised a certain substance, the generic name of which is asbestos, and other products

15  containing said asbestos. The Defendants listed on Exhibit "D" hereto, and each of them, are liable for

16  the acts of each and every "alternate entity" listed on Exhibit "D", and each of them, in that there has

17  been a virtual destruction of Plaintiffs' remedy against each such "alternate entity"; Defendants, and

18  each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity";

19  Defendants, and each of them, have caused the destruction of Plaintiff's remedy against each such

20  "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such

21  "alternate entity"; and that each such Defendant enjoys the goodwill originally attached to each such

22  "alternate entity".

23

24    7.    At all times herein mentioned, Defendants, their "alternate entities", and each of

25  them, were and are engaged in the business of researching, manufacturing, fabricating, designing,

26  modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling,

27  inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-

28  branding, manufacturing for others, packaging, and advertising a certain substance, the generic name of

COMPLAINT FOR PERSONAL INJURY / LOSS OF CONSORTIUM - ASBESTOS

1  which is asbestos and other products containing said substance. A list of defendants and their asbestos

2  containing products is attached hereto as Exhibit "C."

3          8.    At all times herein mentioned, Defendants, their "alternate entities", and each of

4  them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed,

5  modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards,

6  labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced,

7  installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others,

8  packaged, and advertised a certain substance, the generic name of which is asbestos, and other products

9  and equipment containing said substance, in that said substance proximately caused personal injuries to

10  users, consumers, workers, bystanders, and others, including Plaintiff GERALD BRANTLEY

11  (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably

12  foreseeable, thereby rendering said substance unsafe and dangerous for use by the "exposed persons".

13          9.    Defendants, their "alternate entities," and each of them, had a duty to exercise due

14  care in the pursuance of the activities mentioned above and Defendants, and each of them, breached said

15  duty of due care.

16         10.   Defendants, their "alternate entities", and each of them, knew, or should have

17  known, and intended that the aforementioned asbestos and products containing asbestos would be

18  transported by truck, rail, ship and other common carriers, and that in the shipping process the products

19  would break, crumble or be otherwise damaged; and/or that such products would be used for insulation,

20  construction, plastering, fireproofing, soundproofing, automotive, aircraft and/or other applications,

21  including, but not limited to: sawing, chipping, hammering, scraping, sanding, breaking, removal, "rip-

22  out", and other manipulation, resulting in the release of airborne asbestos fibers, and that through such

23  foreseeable use and/or handling "exposed persons", including GERALD BRANTLEY herein, would use

24  or be in proximity of and exposed to said asbestos fibers:

25         11.   Defendants, their "alternate entities", and each of them, knew, or should have

26  known, and intended that the aforementioned asbestos and asbestos-containing products and equipment

27  would be used or handled as specified above and in Exhibits "A," "B", "C" and each of them attached

28  hereto and incorporated by reference herein, resulting in the release of airborne asbestos fibers, and that

<div align="center">5</div>

1    through such foreseeable use and/or handling "exposed persons", including GERALD BRANTLEY

2    herein, would be in proximity to and exposed to said asbestos fibers from defendants' products.

3          12.    GERALD BRANTLEY has used, handled, or was otherwise exposed to asbestos

4    and asbestos-containing products as set forth in Exhibit "C" referred to herein in a manner that was

5    reasonably foreseeable. As a result of the exposure to defendants and each of their products as set forth

6    herein, asbestos entered GERALD BRANTLEY' body. GERALD BRANTLEY' exposure to asbestos

7    that entered his body from defendants and each of their asbestos-containing products (Exhibit "C")

8    occurred at various locations and times as set forth in Exhibit "A", which is attached hereto and

9    incorporated by reference herein.

10         13.    As a direct and proximate result of the conduct of the Defendants, their "alternate

11   entities", and each of them, as aforesaid, GERALD BRANTLEY' exposure to asbestos and asbestos-

12   containing products caused the cancer of GERALD BRANTLEY, as set forth in Exhibit "B", which is

13   attached hereto and incorporated by reference herein. Each of defendants' asbestos containing products

14   was a substantial factor in bringing about GERALD BRANTLEY' cancer.

15         14.    Plaintiff is informed and believes, and thereon allege, that progressive lung

16   disease, cancer, malignant mesothelioma, asbestosis and other serious diseases are caused by inhalation

17   of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and

18   asbestos-containing products over a period of time.

19         15.    GERALD BRANTLEY suffers from cancer as set forth in Exhibit "B", caused by

20   an exposure to asbestos from defendants' and each of their asbestos-containing products and equipment.

21   GERALD BRANTLEY was not aware at the time of exposure that asbestos or asbestos-containing

22   products presented any risk of injury and/or disease.

23         16.    As a direct and proximate result of the aforesaid conduct of Defendants, their

24   "alternate entities", and each of them, GERALD BRANTLEY suffered permanent injuries to his person,

25   body and health, including, but not limited to, cancer from the effect of exposure to asbestos fibers all to

26   the his general damage in a sum in excess of the jurisdictional limit of a limited civil case.

27         17.    As a direct and proximate result of the aforesaid conduct of the Defendants, their

28   "alternate entities", and each of them, Plaintiff has incurred liability for physicians, surgeons, nurses,

COMPLAINT FOR PERSONAL INJURY / LOSS OF CONSORTIUM – ASBESTOS

1   hospital care, medicine, hospices, X-rays, other medical treatment, and consortium, the true and exact
2   amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint
3   accordingly when the true and exact cost thereof is ascertained.

4       18.    As a further direct and proximate result of the said conduct of the Defendants,
5   their "alternate entities", and each of them, Plaintiffs have been, and in the future will be, deprived of the
6   consortium, support, society, solace, care, comfort, companionship, affection, advice, services and
7   guidance of GERALD BRANTLEY.  Plaintiff has also incurred, and will incur pecuniary loss, including
8   loss of income, wages, profits and commissions, a diminishment of earning potential, loss of support and
9   other pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is
10  requested to amend this complaint to conform to proof at the time of trial.

11      19.    Defendants, their "alternate entities", and each of them, and their officers,
12  directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full
13  knowledge of, or should have known of, each of the acts set forth herein.

14      20.    Defendants, their "alternate entities", and each of them, are liable for the
15  fraudulent, oppressive, and malicious acts of their "alternate entities", and each of them, and each
16  Defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly
17  ratified, and had full knowledge of, or should have known of, the acts of each of their "alternate entities"
18  as set forth herein.

19      21.    The herein-described conduct of said Defendants, their "alternate entities", and
20  each of them, was and is willful, malicious, fraudulent, outrageous, and in conscious disregard and
21  indifference to the safety and health of "exposed persons".  Plaintiff, for the sake of example and by way
22  of punishing said Defendants, seeks punitive damages according to proof.

23      WHEREFORE, Plaintiff prays for judgment against Defendants, their "alternate entities," and
24  each of them, as hereinafter set forth.

25  <center>SECOND CAUSE OF ACTION</center>

26  <center>(Strict Liability)</center>

27  AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR
28  STRICT LIABILITY, PLAINTIFF COMPLAINS OF DEFENDANTS, DOES 1-500, THEIR

<center>7</center>

"ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

22.    Plaintiff incorporates herein by reference, as though fully set forth therein, the allegations contained in paragraphs 1 through 20 herein, excluding those allegations specific to negligence.

23.    Defendants, their "alternate entities", and each of them, knew and intended that the above-referenced asbestos and asbestos-containing products would be used by the purchaser or user without inspection for defects therein or in any of their component parts and without knowledge of the hazards involved in such use.

24.    Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of the Defendants, their "alternate entities," and each of them. Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons", including GERALD BRANTLEY herein, while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

25.    "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons." Said Defendants, their "alternate entities", and each of them, further failed to adequately warn of the risks to which GERALD BRANTLEY and others similarly situated were exposed.

26.    In researching, manufacturing, fabricating, designing, modifying, testing, or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising asbestos and asbestos-containing products and equipment, Defendants, their "alternate entities", and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, including, but not limited to, asbestosis, other lung damages, and cancer. Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said Defendants, their "alternate entities", and each of them, on or before 1930,

1  and thereafter.

2      27.  On or before 1930, and thereafter, said Defendants, their "alternate entities" and

3  each of them, were aware that members of the general public and other "exposed persons," who would

4  come in contact with their asbestos and asbestos-containing products, had no knowledge or information

5  indicating that asbestos or asbestos-containing products could cause injury, and said Defendants, their

6  "alternate entities," and each of them, knew that members of the general public, and other "exposed

7  persons," who came in contact with asbestos and asbestos-containing products, would assume, and in

8  fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said

9  exposure was extremely hazardous to health and human life.

10      28.  With said knowledge, said Defendants, their "alternate entities," and each of

11  them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease, buy,

12  offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, re-

13  brand, manufacture for others, package, and advertise said asbestos and asbestos-containing products

14  without attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of

15  injury or death resulting from exposure to asbestos and asbestos-containing products.  Rather than

16  attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or

17  death resulting from exposure to asbestos and asbestos-containing products, Defendants, their "alternate

18  entities," and each of them, intentionally failed to reveal their knowledge of said risk, failed to warn of

19  said risk and consciously and actively concealed and suppressed said knowledge from "exposed

20  persons" and members of the general public, thus impliedly representing to "exposed persons" and

21  members of the general public that asbestos and asbestos-containing products were safe for all

22  reasonably foreseeable uses.  Defendants, their "alternate entities", and each of them, engaged in this

23  conduct and made these implied representations with the knowledge of the falsity of said implied

24  representations.

25      29.  The above-referenced conduct of said Defendants, their "alternate entities," and

26  each of them, was motivated by the financial interest of said Defendants, their "alternate entities," and

27  each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication,

28  labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation,

1  contracting for installation, repair, marketing, warranting, re-branding, manufacturing for others,

2  packaging and advertising of asbestos and asbestos-containing products. In pursuance of said financial

3  motivation, Defendants, their "alternate entities", and each of them, consciously disregarded the safety

4  of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

5  containing products to cause injury to "exposed persons" and induced persons to work with and be

6  exposed thereto, including GERALD BRANTLEY.

7        30.  Plaintiff alleges that the aforementioned Defendants, their "alternate entities," and

8  each of them, impliedly warranted their asbestos and asbestos-containing products and equipment to be

9  safe for their intended use, but their asbestos and asbestos-containing products created an unreasonable

10  risk of bodily harm to "exposed persons."

11        31.  Plaintiff further alleges that GERALD BRANTLEY's cancer as set forth on Exhibit

12  "B" as a result of cumulative exposure to asbestos and various asbestos-containing products and

13  equipment manufactured, fabricated, inadequately researched, designed, modified, inadequately tested,

14  labeled, assembled, distributed, leased, brought, offered for sale, supplied, sold, inspected, serviced,

15  installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others,

16  packaged and advertised by the aforementioned Defendants, their "alternate entities," and each of them,

17  that Plaintiffs cannot identify precisely which asbestos or asbestos-containing products caused and/or

18  contributed to the injuries complained of herein. Among the injurious exposures alleged herein are

19  GERALD BRANTLEY's exposures to asbestos supplied with, affixed and/or added to, incorporated

20  within, and/or installed on the defendants' products and/or equipment aboard Plaintiff's U.S. Coast

21  Guard ships.

22        32. GERALD BRANTLEY relied upon Defendants, their "alternate entities," and each of

23  their representations, lack of warnings, and implied warranties of the fitness of asbestos and asbestos-

24  containing products. As a direct, foreseeable, and proximate result thereof, Plaintiff has been injured as

25  alleged herein.

26        33. As a direct and proximate result of the actions and conduct outlined herein, Plaintiff

27  has suffered the injuries and damages alleged herein.

28        WHEREFORE, Plaintiff prays for judgment against Defendants, and their "alternate

1  entities", and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (False Representation Under Restatement of Torts Section 402-B)

AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS SECTION 402-B, PLAINTIFFS COMPLAIN OF DEFENDANTS, DOES 1-500, THEIR "ALTERNATE ENTITIES", AND EACH OF THEM, AND ALLEGE AS FOLLOWS:

33.  Plaintiffs hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1-32 herein.

34.  At the aforementioned time when Defendants, their "alternate entities", and each of them, researched, manufactured, fabricated, designed, modified, tested or failed to test; inadequately warned or failed to warn, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged and advertised the said asbestos and asbestos-containing products, as hereinabove set forth, the Defendants, their "alternate entities", and each of them, expressly and impliedly represented to members of the general public, including the purchasers and users of said product, and other "exposed persons", including, without limitation, GERALD BRANTLEY and his employers, that asbestos and asbestos-containing products, were of merchantable quality, and safe for the use for which they were intended.

35.  The purchasers and users of said asbestos and asbestos-containing products, and other "exposed persons", including, without limitation, GERALD BRANTLEY, and his employers, relied upon said representations of Defendants, their "alternate entities", and each of them, in the selection, purchase, and use of asbestos and asbestos-containing products.

36.  Said representation by Defendants, their "alternate entities", and each of them, were false and untrue, and Defendants knew at the time they were untrue, in that the asbestos and asbestos-containing products and equipment were not safe for their intended use, nor were they of merchantable quality as represented by Defendants, their "alternate entities", and each of them, in that asbestos and asbestos-containing products and equipment have very dangerous properties and defects

11

1    whereby said products cause asbestosis, other lung damages, and cancer, and have other defects that

2    cause injury and damage to the users of said products and other "exposed persons", thereby threatening

3    the health and life of said persons, including GERALD BRANTLEY herein.

4         37.    As a direct and proximate result of said false representations by Defendants, their

5    "alternate entities", and each of them, Plaintiff sustained the injuries and damages alleged herein.

6         WHEREFORE, Plaintiff prays for judgment against Defendants, their "alternate

7    entities", and each of them, as hereinafter set forth.

8                        **FOURTH CAUSE OF ACTION**

9                  **(Intentional Tort/Intentional Failure to Warn)**

10   AS AND FOR A FURTHER, FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR

11   AN INTENTIONAL TORT UNDER CIVIL CODE SECTIONS 1708 THROUGH 1710, PLAINTIFF

12   COMPLAINS OF DEFENDANTS, DOES 1-350, THEIR "ALTERNATE ENTITIES", AND EACH

13   OF THEM, AND ALLEGE:

14        38. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and

15   every allegation contained in paragraphs 1-37 herein, excepting therefrom allegations pertaining to

16   negligence.

17        39.    At all times pertinent hereto, the Defendants, their "alternate entities", and each of

18   them, owed Plaintiffs a duty, as provided for in Section 1708, 1709, and 1710 of the Civil Code of the

19   State of California, to abstain from injuring the person, property, or rights of the Plaintiffs. When a duty

20   to act was imposed, as set forth herein, the Defendants, their "alternate entities", and each of them, did

21   do the acts and omissions in violation of that duty, thereby causing injury to the Plaintiffs as is more

22   fully set forth herein. Such acts and omissions consisted of acts falling within Section 1709 (Fraudulent

23   Deceit) and Section 1710 (Deceit) of the Civil Code of the State of California and, more specifically,

24   included suggestions of fact which were not true and which Defendants, their "alternate entities", and

25   each of them, did not believe to be true; assertions of fact which were not true and which Defendants,

26   their "alternate entities", and each of them, had no reasonable ground for believing to be true, and the

27   suppression of fact when a duty existed to disclose it, all as more fully set forth herein; the violation of

28   any one such duty gave rise to a cause of action for violation of rights of the Plaintiffs as provided for in

1   the aforementioned Civil Code sections.

2       40.    Since on or before 1930, the Defendants, their "alternate entities", and each of

3   them, have known and have possessed the true facts of medical and scientific data and other knowledge

4   which clearly indicated that the asbestos and asbestos-containing products and equipment referred to in

5   Plaintiffs' First Cause of Action were and are hazardous to the health and safety of GERALD

6   BRANTLEY, and others in GERALD BRANTLEY's position working in close proximity with such

7   materials. The Defendants, their "alternate entities", and each of them, have known of the dangerous

8   propensities of the aforementioned materials and products since before that time.   With intent to deceive

9   GERALD BRANTLEY, and others in GERALD BRANTLEY's position, and with intent that he and

10   such others should be and remain ignorant of such facts with intent to induce GERALD BRANTLEY

11   and such others to alter his and their positions to his and their injury and/or risk and in order to gain

12   advantages, the following acts occurred:

13       (a)    Defendants, their "alternate entities", and each of them, did not label any of the

14   aforementioned asbestos-containing materials, products, and equipment regarding the hazards of such

15   materials and products to the health and safety of GERALD BRANTLEY and others in GERALD

16   BRANTLEY's position working in close proximity with such materials until 1964, when certain of such

17   materials were labeled by some, but not all, of Defendants, their "alternate entities", and each of them,

18   since on or before 1930.  By not labeling such materials, products, and equipment as to their said

19   hazards, Defendants, their "alternate entities", and each of them, caused to be suggested as a fact to

20   GERALD BRANTLEY that it was safe for GERALD BRANTLEY to work in close proximity to such

21   materials, when in fact it was not true; and Defendants, their "alternate entities," and each of them, did

22   not believe it to be true;

23

24       (b)    Defendants, their "alternate entities", and each of them, suppressed information relating

25   to the danger of use of the aforementioned materials, products, and equipment by requesting the

26   suppression of information to GERALD BRANTLEY and the general public concerning the dangerous

27   nature of the aforementioned materials to workers, by not allowing such information to be disseminated

28   in a manner which would have given general notice to the public and knowledge of the hazardous nature

1  thereof when Defendant, their "alternate entities", and each of them, were bound to disclose such

2  information;

3       (c)    Defendants, their "alternate entities", and each of them, sold the aforementioned

4  products, materials, and equipment to GERALD BRANTLEY's employers and others without advising

5  GERALD BRANTLEY, his employer, and others of the dangers of use of such materials to persons

6  working in close proximity thereto when Defendants, their "alternate entities", and each of them, knew

7  of such dangers, and had a duty to disclose such dangers all as set forth herein.  By said conduct,

8  Defendants, their "alternate entities", and each of them, caused to be positively asserted to GERALD

9  BRANTLEY that which was not true and that which Defendants, their "alternate entities," and each of

10  them had no reasonable ground for believing to be true, to wit: that it was safe for GERALD

11  BRANTLEY to work in close proximity to such materials;

12       (d)    Defendants, their "alternate entities", and each of them, suppressed from Plaintiffs

13  medical and scientific data and knowledge of the results of studies including, but not limited to, the

14  information and contents of the "Lanza Report."  Although bound to disclose it, Defendants, their

15  "alternate entities", and each of them, influenced A. J. Lanza, M.D. to change his report, the altered

16  version of which was published in Public Health Reports, Volume 50, at page 1, in 1935, thereby

17  causing Plaintiffs and others to be and remain ignorant thereof.  Defendants, their "alternate entities",

18  and each of them, caused Asbestos Magazine, a widely disseminated trade journal, to omit mention of

19  danger, thereby lessening the probability of notice of danger to the users thereof;

20       (e)    Defendants, their "alternate entities", and each of them, belonged to, participated in, and

21  financially supported the Asbestos Textile Institute Industrial Hygiene Foundation and other industry

22  organizations which, for and on behalf of Defendants, their "alternate entities", and each of them,

23  actively promoted the suppression of information of danger to users of the aforementioned products and

24  materials, thereby misleading GERALD BRANTLEY by the suggestions and deceptions set forth above

25  in this cause of action.  The Dust Control Committee, which changed its name to the Air Hygiene

26  Committee, of the Asbestos Textile Institute, was specifically enlisted to study the subject of dust

27  control.  Discussions in this committee were held many times regarding the dangers inherent in asbestos

28  and the dangers, which arise from the lack of control of dust, and such information was suppressed from

1   public dissemination from 1946 to a date unknown to Plaintiffs at this time;

2        (f)        Commencing in 1930 with the study of mine and mill workers at Asbestos and Thetford

3   Mines in Quebec, Canada, and the study of the workers at Raybestos-Manhattan plants in Manheim and

4   Charleston, South Carolina, Defendants, their "alternate entities", and each of them, knew and possessed

5   medical and scientific information of the connection between the inhalation of asbestos fibers and

6   asbestosis, which information was disseminated through the Asbestos Textile Institute and other

7   industry organizations to all other Defendants, their "alternate entities", and each of them, herein.

8   Between 1942 and 1950, the Defendants, their "alternate entities", and each of them, suggested to the

9   public as a fact that which is not true and disseminated other facts likely to mislead GERALD

10  BRANTLEY. Such facts did mislead GERALD BRANTLEY and others by withholding the afore-

11  described medical and scientific data and other knowledge and by not giving GERALD BRANTLEY

12  the true facts concerning such knowledge of danger, which Defendants, their "alternate entities", and

13  each of them, were bound to disclose;

14        (g)        Defendants, their "alternate entities", and each of them, failed to warn GERALD

15  BRANTLEY and others of the nature of said materials which were dangerous when breathed and which

16  could cause pathological effects without noticeable trauma, despite the fact that Defendants, their

17  "alternate entities", and each of them, possessed knowledge and were under a duty to disclose that said

18  materials were dangerous and a threat to the health of persons coming into contact therewith;

19        (h)        Defendants, their "alternate entities", and each of them, failed to provide GERALD

20  BRANTLEY with information concerning adequate protective masks and other equipment devised to be

21  used when applying and installing the products of the Defendants, their "alternate entities", and each of

22  them, despite knowing that such protective measures were necessary, and that they were under a duty to

23  disclose that such materials were dangerous and would result in injury to GERALD BRANTLEY and

24  others applying and installing such material;

25        (i)        Defendants, their "alternate entities", and each of them, when under a duty to so disclose,

26  concealed from GERALD BRANTLEY the true nature of the industrial exposure of GERALD

27  BRANTLEY and knew that GERALD BRANTLEY and anyone similarly situated, upon inhalation of

28  asbestos would, in time, develop irreversible conditions of pneumoconiosis, asbestosis, and/or cancer.

1  Defendants, their "alternate entities", and each of them, also concealed from GERALD BRANTLEY

2  and others that harmful materials to which they were exposed would cause pathological effects without

3  noticeable trauma;

4       (j)   Defendants, their "alternate entities", and each of them, failed to provide information of

5  the true nature of the hazards of asbestos materials and that exposure to these material would cause

6  pathological effects without noticeable trauma to the public, including buyers, users, and physicians

7  employed by GERALD BRANTLEY so that said physicians could not examine, diagnose, and treat

8  Plaintiffs and others who were exposed to asbestos, despite the fact that Defendants, their "alternate

9  entities", and each of them, were under a duty to so inform and said failure was misleading; and

10       (k)   Defendants, their "alternate entities", and each of them, failed to provide adequate

11  information to physicians and surgeons retained by GERALD BRANTLEY' employers and their

12  predecessor companies, for purposes of making physical examinations of GERALD BRANTLEY and

13  other employees as to the true nature and risk of such materials and exposure thereto when they in fact

14  possessed such information and had a duty to disclose it.

15       41.   Defendants, their "alternate entities", and each of them, willfully failed and

16  omitted to complete and file a First Report of Occupational Injury or Illness regarding GERALD

17  BRANTLEY's injuries, as required by law, and did willfully fail and omit to file a Report of Injury and

18  Occupational Disease with the State of California. GERALD BRANTLEY was in the class of persons

19  with respect to whom a duty was owed to file such reports and who would have been protected thereby

20  if the fact of danger from products complained of had become known.

21       42.   Defendants, their "alternate entities", and each of them, having such

22  aforementioned knowledge, and the duty to inform GERALD BRANTLEY about the true facts, and

23  knowing that GERALD BRANTLEY did not possess such knowledge and would breathe such material

24  innocently, acted falsely and fraudulently and with full intent to cause GERALD BRANTLEY to remain

25  unaware of the true facts and to induce GERALD BRANTLEY to work in a dangerous environment, all

26  in violation of Sections 1708, 1709, and 1710 of the Civil Code of the State of California.

27       43.   As a direct and proximate result of such intentional conduct by Defendants, their

28  "alternate entities" and each of them, GERALD BRANTLEY sustained the injuries and damages alleged

herein.  The herein-described conduct of said Defendants, their "alternate entities", and each of them was and is willful, malicious, fraudulent, outrageous, and in conscious disregard and indifference to the safety and health of "exposed persons".  Plaintiff, for the sake of example and by way of punishing said Defendants, seeks punitive damages according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants, their "alternate entities," and each of them, as is hereinafter set forth.

**Plaintiff GERALD BRANTLY :**

1.  For plaintiff's general damages according to proof;

2.  For plaintiff's loss of income, wages, and earning potential according to proof;

3.  For plaintiff's medical and related expenses according to proof;

4.  For exemplary and punitive damages according to proof;

5.  For plaintiffs' cost of suit herein;

For such other and further relief as the Court may deem just and proper, including costs and prejudgment interest as provided in C.C.P. section 998, C.C.P. section 1032, and related provisions of law.

DATED: January 27, 2012.

NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP

By: _____

Marc I. Willick, Esq.
Attorneys for Plaintiffs

COMPLAINT FOR PERSONAL INJURY / LOSS OF CONSORTIUM - ASBESTOS

1

2

## DEMAND FOR JURY TRIAL

3

4   Plaintiff hereby demands trial by jury as to all issues so triable.

5   DATED: January 27, 2012                    NAPOLI BERN RIPKA SKOLNIK & ASSOCIATES, LLP

6

7   By: _____

8        Marc I. Willick, Esq.
         Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY / LOSS OF CONSORTIUM - ASBESTOS

1

## EXHIBIT "A"

2   Plaintiff GERALD BRANTLEY' exposure to asbestos and asbestos-containing products

3   occurred at the locations and dates set forth below:

4

5

6

| Employer | Location of Exposure | Job Title | Exposure Date(s) |
|---|---|---|---|
| U.S. Navy USS Fort Marion (LSD-22) | San Diego California While at Sea | Boiler Man Laborer Machinist | 1958-1960 |
| ITT CANON f/k/a Canon Electric | Santa Anna, California | Machine Operator | 1960-1964 |
| Chevron Mechanic | Westminster, California | Mechanic Maintenance | 1960-1964 |
| Deutsche | Banning, CA | Machinist | 1965 |
| Lockheed Martin | Mentone, CA | Machinist Lathe Machinist | 1965-1966 |
| Hi-Temp Engineering | Garden Grove, CA | Machinist | 1966-1968 |
| Thomasec Machine | Westminster, CA | Machinist | 1968-1969 |
| Pacific Scientific | Anaheim, CA | Machinist | 1969-1972/1973 |
| Beckman Instruments | Fullerton, CA | Machinist | 1972/1973-1990 |
| Jaffa Screw Products | Santa Anna, CA | Machinist | 1990-1992 |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY / LOSS OF CONSORTIUM - ASBESTOS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EXHIBIT "B"

Plaintiff GERALD BRANTLEY' exposure to asbestos and asbestos-containing products caused severe and permanent injury to the Plaintiff including, but not limited to, breathing difficulties, asbestosis, lung cancer, mesothelioma and/or other lung damage.

Plaintiff GERALD BRANTLEY was diagnosed with mesothelioma on or about November, 11 2011.

20

EXHIBIT "C"

| DEFENDANT | PRODUCTS CONTAINING ASBESTOS MANUFACTURED AND/OR SUPPLIED BY DEFENDANT BASED UPON CURRENT INFORMATION AND BELIEF |
|---|---|
| 3M COMPANY; | Asbestos-Containing Masks and/or Products. |
| A.W. CHESTERTON COMPANY; | Asbestos-Containing Gaskets. |
| BORG-WARNER MORSE TEC, INC.; | Asbestos-Containing Gaskets and Automotive Parts. |
| BRIDGESTONE/FIRESTONE, INC. | Asbestos-Containing Automotive Brakes and Parts. |
| BUFFALO PUMPS, INC. | Asbestos-Containing Centrifugal Pumps. |
| BW/IP INTERNATIONAL (*individually and as successor-in-interest to Byron Jackson Pumps*) | |
| CBS CORPORATION (*as successor by merger to Viacom, Inc. f/k/a Westinghouse Electric*) | Asbestos-containing steam turbines. |
| CRANE CO.; | Asbestos-Containing Valves and Gaskets. |
| CSR LTD. | Raw asbestos fiber. |
| EXCELSIOR, INC. | Asbestos-Containing Gaskets. |
| FLOWSERVE CORPORATION (individually and as successor-in-interest to BW/IP INTERNATIONAL, INC., f/k/a Rockwell International) | Asbestos-Containing Valves and Gaskets. |
| FMC CORPORATION (*individually and as successor-in-interest to Chicago Pump Co.*); | Asbestos-Containing Gaskets. |
| FORD MOTOR COMPANY; | Asbestos-Containing Gaskets, Automotive Brakes and Parts. |
| GARDNER DENVER INC. | Asbestos-Containing Centrifugal Pumps. |
| GENUINE PARTS COMPANY; | Asbestos-Containing Automotive Brakes and Parts. |
| GOODYEAR TIRE AND RUBBER COMPANY; | Asbestos-Containing Gaskets. |
| HONEYWELL INTERNATIONAL INC. (f/k/a *AlliedSignal Inc., as successor-in-interest to the Bendix Corporation*) | Asbestos-Containing Automotive Brakes and Parts; |
| IMO INDUSTRIES INC. (*individually and as successor-in-interest to De Laval Steam Turbine, Inc.*) | Asbestos-Containing Pumps, Valves, and Gaskets. |
| INGERSOLL-RAND COMPANY | Asbestos-Containing Pumps, Valves, and Gaskets. |
| J.T. THORPE AND SON INC. | Refractory Contractor |
| M'SLAYEN AND ASSOCIATES | Asbestos-Containing Insulation Contractor. |
| MANNY MOE AND JACK OF CALIFORNIA | Asbestos-Containing Auto Parts Dealer. |
| METAL CLAD INSULATION CORPORATION | Asbestos-containing Insulation. |

21

| | | |
|---|---|---|
| 1 | NATIONAL AUTOMOTIVE PARTS ASSOCIATION; | Asbestos-Containing Automotive Brakes and Parts. |
| 2 | PARKER-HANNIFIN CORPORATION (f/k/a Sacomo-Sierra, Inc.); | Asbestos-Containing Gaskets. |
| 3 | PHOENIX SPECIALTY MFG. CO., INC.; | Asbestos-Containing Gaskets. |
| | PNEUMO ABEX CORPORATION; | Asbestos-Containing Automotive Brakes and Parts. |
| 4 | UNION CARBIDE CORPORATION; | Asbestos Supplier. |
| 5 | WARREN PUMPS LLC; | Asbestos-Containing Valves and Gaskets and Pumps. |
| 6 | WESTERN AUTOMOTIVE PARTS ASSOCIATION; | Asbestos-Containing Automotive Brakes and Parts. |
| 7 | YARWAY CORPORATION (f/k/a Yarnall Waring); | Asbestos-Containing Stream Traps, Strainers, and related Gaskets and Packing. |
| 8 | DOES 1-500 INCLUSIVE. | Reserved. |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR PERSONAL INJURY / LOSS OF CONSORTIUM - ASBESTOS

## EXHIBIT "D"

### ALTERNATE ENTITIES

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC. (*n/k/a Bridgestone America's, Inc.*) | Firestone<br><br>Bridgestone America's, Inc. |
| BW/IP INTERNATIONAL (*individually and as successor-in-interest to Byron Jackson Pumps*) | Byron Jackson Pumps |
| CBS CORPORATION (*as successor by merger to Viacom, Inc. f/k/a Westinghouse Electric*) | Viacom, Inc.<br><br>Westinghouse Electric |
| FLOWSERVE CORPORATION (individually and as successor-in-interest to BW/IP INTERNATIONAL, INC., f/k/a Rockwell International) | Rockwell International<br>BW/IP International<br>Rockwell<br>Byron Jackson Pump Division |
| FMC CORPORATION (*individually and as successor-in-interest to Chicago Pump Co.*) | Chicago Pump Co. |
| HONEYWELL INTERNATIONAL INC. (*f/k/a AlliedSignal Inc., as successor-in-interest to the Bendix Corporation*) | AlliedSignal Inc.<br>Bendix Corporation |
| IMO INDUSTRIES INC. (*individually and as successor-in-interest to De Laval Steam Turbine, Inc.*) | De Laval Steam Turbine, Inc. |
| PARKER-HANNIFIN CORPORATION (*f/k/a Sacomo-Sierra, Inc.*) | Sacomo-Sierra, Inc. |
| YARWAY CORPORATION (*f/k/a Yarnall Waring*) | Yarnall Waring<br>Yarway |

COMPLAINT FOR PERSONAL INJURY / LOSS OF CONSORTIUM – ASBESTOS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 450-7066

PLAINTIFF(S) / PETITIONER(S):   Gerald Brantley

DEFENDANT(S) / RESPONDENT(S):   Borg-Warner Morse Tec Inc et.al.

BRANTLEY VS. BORG-WARNER MORSE TEC INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
| --- | --- |
| | 37-2012-00091413-CU-AS-CTL |

Judge: Joel M. Pressman                                      Department: C-66

**COMPLAINT/PETITION FILED:** 01/30/2012

## ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING CITATION APPEALS

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2012-00091413-CU-AS-CTL       CASE TITLE: Brantley vs. Borg-Warner Morse Tec Inc

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

        **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
        **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
        **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost.*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:        330 West Broadway | |
| MAILING ADDRESS:       330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:           Central | |

**PLAINTIFF(S):**   Gerald Brantley

**DEFENDANT(S):**  Borg-Warner Morse Tec Inc et.al.

**SHORT TITLE:**   BRANTLEY VS. BORG-WARNER MORSE TEC INC

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2012-00091413-CU-AS-CTL |
|---|---|

Judge: Joel M. Pressman                                                   Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                          ☐ Non-binding private arbitration

☐ Mediation (private)                                         ☐ Binding private arbitration

☐ Voluntary settlement conference (private)        ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                            ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____

_____                    _____
Name of Plaintiff                                                Name of Defendant

_____                    _____
Signature                                                          Signature

_____                    _____
Name of Plaintiff's Attorney                                Name of Defendant's Attorney

_____                    _____
Signature                                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  01/30/2012                                                   JUDGE OF THE SUPERIOR COURT

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 350 South Grand Avenue, Suite 3300, Los Angeles, CA 90071.

On March 2, 2012, I served the following document(s): **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1442(A)(1) (FEDERAL OFFICER); DEMAND FOR JURY TRIAL; AND DECLARATION OF PREVIN A. WICK** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

NAPOLI BERN RIPKA SHKOLNIK &
ASSOCIATES, LLP
2361 Rosecrans Avenue, Suite 450
El Segundo CA 90245
*Attorneys for Plaintiff*

☒   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Los Angeles, California.

☐   By Overnight Service: I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

☐   By E-Service: I electronically served the above document(s) via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

☐   By Personal Service:  I caused to be delivered by courier **First Legal Support Services,** such envelope by hand to the offices of the above addressee(s).

☐   By Personal Service:  I delivered such envelope by hand to the offices of the addressee(s).

☐   By Facsimile Machine:  The document was transmitted by facsimile transmission to the number(s) indicated and was reported as complete and without error.

Executed:  March 2, 2012

☐   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Judith L. Engler
4520.3467

---

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1442(A)(1) (FEDERAL OFFICER); DEMAND FOR JURY TRIAL; AND DECLARATION OF PREVIN A. WICK

4520-3467:812041.1

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GERALD BRANTLEY

## DEFENDANTS
BORG-WARNER MORSE TEC, INC., et al.

**(b)** County of Residence of First Listed Plaintiff **Unknown**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Napoli Bern Ripka Shkolnik & Assoc., LLP, 2361 Rosecrans Avenue, Suite 450, El Segundo CA 90245; 310-536-1040

Attorneys (If Known)
Removing Defendant: Pond North LLP, 350 S. Grand Ave., Suite 3300, Los Angeles CA 90071; 213-617-6170

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☒ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1442(a)(1) (Federal Officer)
Brief description of cause:
Negligence, strict liability, false representation, failure to warn; compensatory & punitive damages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE ___   DOCKET NUMBER ___

DATE 03/01/2012   SIGNATURE OF ATTORNEY OF RECORD  /s/ Previn A. Wick

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**       Example:   U.S. Civil Statute: 47 USC 553
               Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.