1  FRANK D. POND (Bar No. 126191)
   KEVIN D. JAMISON (Bar No. 222105)
2  kjamison@pondnorth.com
   PREVIN A. WICK (Bar No. 216167)
3  pwick@pondnorth.com
   POND NORTH LLP
4  350 South Grand Avenue, Suite 3300
   Los Angeles, CA  90071
5  Telephone:  (213) 617-6170
   Facsimile:  (213) 623-3594
6
   Attorneys for Defendant CBS Corporation, a
7  Delaware corporation, f/k/a Viacom Inc.,
   successor by merger to CBS Corporation, a
8  Pennsylvania corporation, f/k/a Westinghouse
   Electric Corporation
9

10               UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13  GERALD BRANTLEY,                    Case No:  '12CV0540 JLS  JMA

14          Plaintiff,                  [San Diego County Superior Court Case No. 37-
                                        2012-00091413-CU-AS-CTL]
15      vs.
                                        ANSWER TO COMPLAINT FOR PERSONAL
16  BORG-WARNER MORSE TEC, INC., et al.,  INJURY – ASBESTOS;  DEMAND FOR JURY
                                        TRIAL
17          Defendants.

18

19

20          Defendant CBS CORPORATION, a Delaware corporation, f/k/a Viacom Inc., successor by

21  merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation

22  ("Westinghouse"), submits the following Answer to the Complaint of Plaintiff David Filer

23  ("Plaintiff") on its own behalf and on behalf of no other defendant, as follows:

24                          GENERAL ALLEGATIONS

25          1.      To the extent that paragraph 1 of the Complaint consists of allegations of fact as to

26  Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of

27  the allegations, and on that basis, denies the allegations.  To the extent that paragraph 1 of the

28  Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient

                                            1

1 knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

2 the allegations.  To the extent that paragraph 1 of the Complaint consists of allegations of fact as to

3 Westinghouse, Westinghouse denies the allegations.

4       2.     To the extent that paragraph 2 of the Complaint consists of allegations of fact as to

5 other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

6 truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 2 of

7 the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

8 allegations.

9       3.     To the extent that paragraph 3 of the Complaint consists of allegations of fact as to

10 other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

11 truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 3 of

12 the Complaint consists of allegations of fact as to Westinghouse, Westinghouse admits that it is a

13 corporation and is authorized to conduct business in the State of California.

14       4.     Answering paragraph 4 of the Complaint, Westinghouse admits that Plaintiff

15 disclaims any cause of action or recovery for any injuries resulting from exposure to asbestos dust

16 caused by any acts or omissions of a party defendant committed at the direction of an officer of the

17 United States and further alleges that as a result thereof this action must be dismissed as to

18 Westinghouse because Plaintiff's claims against Westinghouse exclusively involve claims in which

19 Westinghouse acted under the authority, direction and control of an officer or agency of the United

20 States.  Except as admitted herein, to the extent that paragraph 4 of the Complaint consists of

21 allegations of fact as to Plaintiff, Westinghouse lacks sufficient knowledge or information to form a

22 belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that

23 paragraph 4 of the Complaint consists of allegations of fact as to other defendants, Westinghouse

24 lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on

25 that basis, denies the allegations. To the extent that paragraph 4 of the Complaint consists of

26 allegations of fact as to Westinghouse, Westinghouse denies the allegations.

27 ///

28 ///

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL

4520-3467:812096.2

# FIRST CAUSE OF ACTION

## (Negligence)

5.     Answering paragraph 5 of the Complaint, Westinghouse incorporates herein by reference, as though fully set forth herein, each of its responses to paragraphs 1 through 4 of the Complaint.

6.     To the extent that paragraph 6 of the Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 6 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the allegations.  Moreover, the term "alternate entity" is not a legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and has no legitimate or legal meaning.  To the extent that paragraph 6 of the Complaint consists of conclusions of law, Westinghouse is not required to respond to it.

7.     To the extent that paragraph 7 of the Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 7 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the allegations.  Moreover, the term "alternate entities" is not a legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and has no legitimate or legal meaning.  To the extent that paragraph 7 of the Complaint consists of conclusions of law, Westinghouse is not required to respond to it.

8.     To the extent that paragraph 8 of the Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 8 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the allegations. Moreover, the term "alternate entities" is not a legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and has no legitimate or legal meaning.  To the extent that paragraph 8 of the Complaint consists of allegations of fact as to Plaintiff or other

1   allegedly "exposed persons," Westinghouse lacks sufficient knowledge or information to form a

2   belief as to the truth of the allegations, and on that basis, Westinghouse denies the allegations.  In

3   particular, Westinghouse denies that Plaintiff was exposed to asbestos from any Westinghouse

4   product, or that Westinghouse is in any way liable for any damage or injury allegedly sustained by

5   Plaintiff.   To the extent that paragraph 8 of the Complaint consists of conclusions of law,

6   Westinghouse is not required to respond to it.

7           9.       To the extent that paragraph 9 of the Complaint consists of allegations of fact as to

8   other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

9   truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 9 of

10  the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

11  allegations.  To the extent that paragraph 9 of the Complaint consists of conclusions of law,

12  Westinghouse is not required to respond to it

13          10.      To the extent that paragraph 10 of the Complaint consists of allegations of fact as to

14  other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

15  truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 10 of

16  the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

17  allegations. Moreover, the term "alternate entities" is not a legally defined corporate relationship and

18  Plaintiff's use of the term is confusing, misleading, and has no legitimate or legal meaning.  To the

19  extent that paragraph 10 of the Complaint consists of allegations of fact as to Plaintiff or other

20  allegedly "exposed persons," Westinghouse lacks sufficient knowledge or information to form a

21  belief as to the truth of the allegations, and on that basis, Westinghouse denies the allegations.  In

22  particular, Westinghouse denies that Plaintiff was exposed to asbestos from any Westinghouse

23  product, or that Westinghouse is in any way liable for any damage or injury allegedly sustained by

24  Plaintiff.   To the extent that paragraph 10 of the Complaint consists of conclusions of law,

25  Westinghouse is not required to respond to it.

26          11.      To the extent that paragraph 11 of the Complaint consists of allegations of fact as to

27  other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

28  truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 11 of

4

1    the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

2    allegations. Moreover, the term "alternate entities" is not a legally defined corporate relationship and

3    Plaintiff's use of the term is confusing, misleading, and has no legitimate or legal meaning.  To the

4    extent that paragraph 11 of the Complaint consists of allegations of fact as to Plaintiff or other

5    allegedly "exposed persons," Westinghouse lacks sufficient knowledge or information to form a

6    belief as to the truth of the allegations, and on that basis, Westinghouse denies the allegations.  In

7    particular, Westinghouse denies that Plaintiff was exposed to asbestos from any Westinghouse

8    product, or that Westinghouse is in any way liable for any damage or injury allegedly sustained by

9    Plaintiff.   To the extent that paragraph 11 of the Complaint consists of conclusions of law,

10   Westinghouse is not required to respond to it.

11          12.     To the extent that paragraph 12 of the Complaint consists of allegations of fact as to

12   Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of

13   the allegations, and on that basis, denies the allegations.  To the extent that paragraph 12 of the

14   Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient

15   knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

16   the allegations.  To the extent that paragraph 12 of the Complaint consists of allegations of fact as to

17   Westinghouse, Westinghouse denies the allegations.  In particular, Westinghouse denies that

18   Plaintiff was exposed to asbestos from any Westinghouse product, or that Westinghouse is in any

19   way liable for any damage or injury allegedly sustained by Plaintiff.   To the extent that paragraph

20   12 of the Complaint consists of conclusions of law, Westinghouse is not required to respond to it.

21          13.     To the extent that paragraph 13 of the Complaint consists of allegations of fact as to

22   Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of

23   the allegations, and on that basis, denies the allegations.  To the extent that paragraph 13 of the

24   Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient

25   knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

26   the allegations.  To the extent that paragraph 13 of the Complaint consists of allegations of fact as to

27   Westinghouse, Westinghouse denies the allegations.  In particular, Westinghouse denies that

28   Plaintiff was exposed to asbestos from any Westinghouse product, or that Westinghouse is in any

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL
4520-3467:812096.2

1   way liable for any damage or injury allegedly sustained by Plaintiff.   To the extent that paragraph

2   13 of the Complaint consists of conclusions of law, Westinghouse is not required to respond to it.

3   Moreover, "alternate entities" is not a legally defined corporate relationship and Plaintiff's use of the

4   term is confusing, misleading, and has no legitimate or legal meaning.

5       14.  Answering Paragraph 14, Westinghouse admits that the inhalation or ingestion of

6   large amounts of asbestos fibers may, in some circumstances, may cause disease.  To the extent that

7   paragraph 14 of the Complaint consists of allegations of fact as to Plaintiff, Westinghouse lacks

8   sufficient knowledge or information to form a belief as to the truth of the allegations, and on that

9   basis, denies the allegations.  To the extent that paragraph 14 of the Complaint consists of allegations

10   of fact as to Westinghouse, Westinghouse denies the allegations.  In particular, Westinghouse denies

11   that Plaintiff was exposed to asbestos from any Westinghouse product, or that Westinghouse is in

12   any way liable for any damage or injury allegedly sustained by Plaintiff.

13       15.  To the extent that paragraph 15 of the Complaint consists of allegations of fact as to

14   Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of

15   the allegations, and on that basis, denies the allegations.  To the extent that paragraph 15 of the

16   Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the allegations.

17   In particular, Westinghouse denies that Plaintiff was exposed to asbestos from any Westinghouse

18   product, or that Westinghouse is in any way liable for any damage or injury allegedly sustained by

19   Plaintiff.

20       16.  To the extent that paragraph 16 of the Complaint consists of allegations of fact as to

21   Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of

22   the allegations, and on that basis, denies the allegations.  To the extent that paragraph 16 of the

23   Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient

24   knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

25   the allegations.  To the extent that paragraph 16 of the Complaint consists of allegations of fact as to

26   Westinghouse, Westinghouse denies the allegations.  In particular, Westinghouse denies that it

27   caused or contributed to or is in any way liable for any damage or injury allegedly sustained by

28   ///

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL

4520-3467:812096.2

1  Plaintiff. Moreover, "alternate entities" is not a legally defined corporate relationship and Plaintiff's

2  use of the term is confusing, misleading, and has no legitimate or legal meaning.

3       17.    To the extent that paragraph 17 of the Complaint consists of allegations of fact as to

4  Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of

5  the allegations, and on that basis, denies the allegations. To the extent that paragraph 17 of the

6  Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient

7  knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

8  the allegations. To the extent that paragraph 17 of the Complaint consists of allegations of fact as to

9  Westinghouse, Westinghouse denies the allegations. In particular, Westinghouse denies that it

10  caused or contributed to or is in any way liable for any damage or injury allegedly sustained by

11  Plaintiff. Moreover, "alternative entities" is not a legally defined corporate relationship and

12  Plaintiff's use of the term is confusing, misleading, and has no legitimate or legal meaning.

13       18.    To the extent that paragraph 18 of the Complaint consists of allegations of fact as to

14  Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of

15  the allegations, and on that basis, denies the allegations. To the extent that paragraph 18 of the

16  Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient

17  knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

18  the allegations. To the extent that paragraph 18 of the Complaint consists of allegations of fact as to

19  Westinghouse, Westinghouse denies the allegations. In particular, Westinghouse denies that it

20  caused or contributed to or is in any way liable for any damage or injury allegedly sustained by

21  Plaintiff. Moreover, "alternative entities" is not a legally defined corporate relationship and

22  Plaintiff's use of the term is confusing, misleading, and has no legitimate or legal meaning.

23       19.    To the extent that paragraph 19 of the Complaint consists of allegations of fact as to

24  other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

25  truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 19 of

26  the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

27  allegations. In particular, Westinghouse denies that it caused or contributed to or is in any way

28  liable for any damage or injury allegedly sustained by Plaintiff. Moreover, "alternative entities" is

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS; DEMAND FOR JURY TRIAL

4520-3467:812096.2

1    not a legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading,

2    and has no legitimate or legal meaning.

3         20.    To the extent that paragraph 20 of the Complaint consists of allegations of fact as to

4    other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

5    truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 20 of

6    the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

7    allegations.  In particular, Westinghouse denies that it caused or contributed to or is in any way

8    liable for any damage or injury allegedly sustained by Plaintiff.  Moreover, "alternative entities" is

9    not a legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading,

10   and has no legitimate or legal meaning.

11        21.    To the extent that paragraph 21 of the Complaint consists of allegations of fact as to

12   other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

13   truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 21 of

14   the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

15   allegations.  In particular, Westinghouse specifically denies that it is in any way liable for any

16   damages allegedly sustained by Plaintiff, and denies there is any basis for an award of punitive

17   damages against Westinghouse.  Moreover, "alternate entities" is not a legally defined corporate

18   relationship and Plaintiff's use of the term is confusing, misleading, and has no legitimate or legal

19   meaning.

## SECOND CAUSE OF ACTION

### (Strict Liability)

22        22.    Answering paragraph 22 of the Complaint, Westinghouse incorporates herein by

23   reference, as though fully set forth herein, each of its responses to paragraphs 1 through 21 of the

24   Complaint.

25        23.    To the extent that paragraph 23 of the Complaint consists of allegations of fact as to

26   other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

27   truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 23 of

28   the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

1    allegations.  In particular, Westinghouse denies that it caused or contributed to or is in any way

2    liable for any damage or injury allegedly sustained by Plaintiff.  Moreover, "alternative entities" is

3    not a legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading,

4    and has no legitimate or legal meaning.

5         24.    To the extent that paragraph 24 of the Complaint consists of allegations of fact as to

6    other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

7    truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 24 of

8    the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

9    allegations. To the extent that paragraph 24 of the Complaint consists of allegations of fact as to

10   Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or

11   information to form a belief as to the truth of the allegations, and on that basis, Westinghouse denies

12   the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos from any

13   Westinghouse product, or that Westinghouse is in any way liable for any damage or injury allegedly

14   sustained by Plaintiff.   To the extent that paragraph 24 of the Complaint consists of conclusions of

15   law, Westinghouse is not required to respond to it.  Moreover, the term "alternate entities" is not a

16   legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and

17   has no legitimate or legal meaning.

18        25.    To the extent that paragraph 25 of the Complaint consists of allegations of fact as to

19   other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

20   truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 25 of

21   the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

22   allegations. To the extent that paragraph 25 of the Complaint consists of allegations of fact as to

23   Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or

24   information to form a belief as to the truth of the allegations, and on that basis, Westinghouse denies

25   the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos from any

26   Westinghouse product, or that Westinghouse is in any way liable for any damage or injury allegedly

27   sustained by Plaintiff.   To the extent that paragraph 25 of the Complaint consists of conclusions of

28   law, Westinghouse is not required to respond to it.  Moreover, the term "alternate entities" is not a

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL
4520-3467;812096.2

1   legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and
2   has no legitimate or legal meaning.

3           26.     To the extent that paragraph 26 of the Complaint consists of allegations of fact as to
4   other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the
5   truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 26 of
6   the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the
7   allegations. To the extent that paragraph 26 of the Complaint consists of allegations of fact as to
8   Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or
9   information to form a belief as to the truth of the allegations, and on that basis, Westinghouse denies
10  the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos from any
11  Westinghouse product, or that Westinghouse is in any way liable for any damage or injury allegedly
12  sustained by Plaintiff.   To the extent that paragraph 26 of the Complaint consists of conclusions of
13  law, Westinghouse is not required to respond to it.  Moreover, the term "alternate entities" is not a
14  legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and
15  has no legitimate or legal meaning.

16          27.     To the extent that paragraph 27 of the Complaint consists of allegations of fact as to
17  other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the
18  truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 27 of
19  the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the
20  allegations. To the extent that paragraph 27 of the Complaint consists of allegations of fact as to
21  Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or
22  information to form a belief as to the truth of the allegations, and on that basis, Westinghouse denies
23  the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos from any
24  Westinghouse product, or that Westinghouse is in any way liable for any damage or injury allegedly
25  sustained by Plaintiff.   To the extent that paragraph 27 of the Complaint consists of conclusions of
26  law, Westinghouse is not required to respond to it.  Moreover, the term "alternate entities" is not a
27  legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and
28  has no legitimate or legal meaning.

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL
4520-3467:812096.2

1         28.     To the extent that paragraph 28 of the Complaint consists of allegations of fact as to

2    other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

3    truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 28 of

4    the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

5    allegations. To the extent that paragraph 28 of the Complaint consists of allegations of fact as to

6    Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or

7    information to form a belief as to the truth of the allegations, and on that basis, Westinghouse denies

8    the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos from any

9    Westinghouse product, or that Westinghouse is in any way liable for any damage or injury allegedly

10    sustained by Plaintiff.   To the extent that paragraph 28 of the Complaint consists of conclusions of

11    law, Westinghouse is not required to respond to it.  Moreover, the term "alternate entities" is not a

12    legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and

13    has no legitimate or legal meaning.

14         29.     To the extent that paragraph 29 of the Complaint consists of allegations of fact as to

15    other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

16    truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 29 of

17    the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

18    allegations. To the extent that paragraph 29 of the Complaint consists of allegations of fact as to

19    Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or

20    information to form a belief as to the truth of the allegations, and on that basis, Westinghouse denies

21    the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos from any

22    Westinghouse product, or that Westinghouse is in any way liable for any damage or injury allegedly

23    sustained by Plaintiff.   To the extent that paragraph 29 of the Complaint consists of conclusions of

24    law, Westinghouse is not required to respond to it.  Moreover, the term "alternate entities" is not a

25    legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and

26    has no legitimate or legal meaning.

27         30.     To the extent that paragraph 30 of the Complaint consists of allegations of fact as to

28    other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the

11

1   truth of the allegations, and on that basis, denies the allegations.  To the extent that paragraph 30 of

2   the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the

3   allegations. To the extent that paragraph 30 of the Complaint consists of allegations of fact as to

4   Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or

5   information to form a belief as to the truth of the allegations, and on that basis, Westinghouse denies

6   the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos from any

7   Westinghouse product, or that Westinghouse is in any way liable for any damage or injury allegedly

8   sustained by Plaintiff.   To the extent that paragraph 30 of the Complaint consists of conclusions of

9   law, Westinghouse is not required to respond to it.  Moreover, the term "alternate entities" is not a

10   legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and

11   has no legitimate or legal meaning.

12          31.     To the extent that paragraph 31 of the Complaint consists of allegations of fact as to

13   Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of

14   the allegations, and on that basis, denies the allegations.  To the extent that paragraph 31 of the

15   Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient

16   knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

17   the allegations.  To the extent that paragraph 31 of the Complaint consists of allegations of fact as to

18   Westinghouse, Westinghouse denies the allegations. In particular, Westinghouse denies that Plaintiff

19   was exposed to asbestos from any Westinghouse product, or that Westinghouse is in any way liable

20   for any damage or injury allegedly sustained by Plaintiff.   To the extent that paragraph 31 of the

21   Complaint consists of conclusions of law, Westinghouse is not required to respond to it.  Moreover,

22   the term "alternate entities" is not a legally defined corporate relationship and Plaintiff's use of the

23   term is confusing, misleading, and has no legitimate or legal meaning.

24          32.     To the extent that paragraph 32 of the Complaint consists of allegations of fact as to

25   Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of

26   the allegations, and on that basis, denies the allegations.  To the extent that paragraph 32 of the

27   Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient

28   knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL
4520-3467:812096.2

1   the allegations.  To the extent that paragraph 32 of the Complaint consists of allegations of fact as to

2   Westinghouse, Westinghouse denies the allegations. In particular, Westinghouse denies that Plaintiff

3   was exposed to asbestos from any Westinghouse product, or that Westinghouse is in any way liable

4   for any damage or injury allegedly sustained by Plaintiff.   In particular, Westinghouse specifically

5   denies that it is in any way liable for any damages allegedly sustained by Plaintiff, and denies there

6   is any basis for an award of punitive damages against Westinghouse.   To the extent that paragraph

7   32 of the Complaint consists of conclusions of law, Westinghouse is not required to respond to it.

8   Moreover, the term "alternate entities" is not a legally defined corporate relationship and Plaintiff's

9   use of the term is confusing, misleading, and has no legitimate or legal meaning.

10       33.     To the extent that paragraph 33 of the Complaint consists of allegations of fact as to

11   Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of

12   the allegations, and on that basis, denies the allegations. To the extent that paragraph 33 of the

13   Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient

14   knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

15   the allegations. To the extent that paragraph 33 of the Complaint consists of allegations of fact as to

16   Westinghouse, the allegations are denied.  In particular, Westinghouse denies that it caused or

17   contributed to or is in any way liable for any damage or injury allegedly sustained by Plaintiff.  In

18   particular, Westinghouse denies that there is any basis for any award of punitive or exemplary

19   damages against Westinghouse.

20   **THIRD CAUSE OF ACTION**

21   **(False Representation Under Restatement of Torts Sections 402-B)**

22       34.     Answering paragraph 33 [should be paragraph 34] of the Complaint, Westinghouse

23   incorporates herein by reference, as though fully set forth herein, each of its responses to paragraphs

24   1 through 33 of the Complaint.

25       35.     To the extent that paragraph 34 [should be paragraph 35] of the Complaint consists of

26   allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to

27   form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent

28   that paragraph 34 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse

13

1   denies the allegations. To the extent that paragraph 34 of the Complaint consists of allegations of

2   fact as to Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or

3   information to form a belief as to the truth of the allegations, and on that basis, Westinghouse denies

4   the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos from any

5   Westinghouse product, or that Westinghouse is in any way liable for any damage or injury allegedly

6   sustained by Plaintiff.   To the extent that paragraph 34 of the Complaint consists of conclusions of

7   law, Westinghouse is not required to respond to it.  Moreover, the term "alternate entities" is not a

8   legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and

9   has no legitimate or legal meaning.

10         36.     To the extent that paragraph 35 [should be paragraph 36] of the Complaint consists of

11   allegations of fact as to Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient

12   knowledge or information to form a belief as to the truth of the allegations, and on that basis,

13   Westinghouse denies the allegations. To the extent that paragraph 35 of the Complaint consists of

14   allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to

15   form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent

16   that paragraph 35 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse

17   denies the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos

18   from any Westinghouse product, or that Westinghouse is in any way liable for any damage or injury

19   allegedly sustained by Plaintiff.   To the extent that paragraph 35 of the Complaint consists of

20   conclusions of law, Westinghouse is not required to respond to it.  Moreover, the term "alternate

21   entities" is not a legally defined corporate relationship and Plaintiff's use of the term is confusing,

22   misleading, and has no legitimate or legal meaning.

23         37.     To the extent that paragraph 36 [should be paragraph 37] of the Complaint consists of

24   allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to

25   form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent

26   that paragraph 36 of the Complaint consists of allegations of fact as to Plaintiff or other allegedly

27   "exposed persons," Westinghouse lacks sufficient knowledge or information to form a belief as to

28   the truth of the allegations, and on that basis, Westinghouse denies the allegations.  To the extent that

14

1   paragraph 36 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse

2   denies the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos

3   from any Westinghouse product, or that Westinghouse is in any way liable for any damage or injury

4   allegedly sustained by Plaintiff.   To the extent that paragraph 36 of the Complaint consists of

5   conclusions of law, Westinghouse is not required to respond to it.  Moreover, the term "alternate

6   entities" is not a legally defined corporate relationship and Plaintiff's use of the term is confusing,

7   misleading, and has no legitimate or legal meaning.

8         38.      To the extent that paragraph 37 [should be paragraph 38] of the Complaint consists of

9   allegations of fact as to Plaintiff, Westinghouse lacks sufficient knowledge or information to form a

10   belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that

11   paragraph 37 of the Complaint consists of allegations of fact as to other defendants, Westinghouse

12   lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on

13   that basis, denies the allegations. To the extent that paragraph 37 of the Complaint consists of

14   allegations of fact as to Westinghouse, the allegations are denied.  In particular, Westinghouse

15   denies that it caused or contributed to or is in any way liable for any damage or injury allegedly

16   sustained by Plaintiff.

### FOURTH CAUSE OF ACTION

#### (Intentional Tort/Intentional Failure to Warn)

19         39.      Answering paragraph 38 [should be paragraph 39] of the Complaint, Westinghouse

20   incorporates herein by reference, as though fully set forth herein, each of its responses paragraphs 1

21   through 38 of the Complaint.

22         40.      To the extent that paragraph 39 [should be paragraph 40] of the Complaint consists of

23   allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to

24   form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent

25   that paragraph 39 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse

26   denies the allegations.  To the extent that paragraph 39 of the Complaint consists of allegations of

27   fact as to Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or

28   information to form a belief as to the truth of the allegations, and on that basis, Westinghouse denies

15

1    the allegations. Moreover, "alternative entities" is not a legally defined corporate relationship and

2    Plaintiff's use of the term is confusing, misleading, and has no legitimate or legal meaning.

3        41.      To the extent that paragraph 40 [should be paragraph 41] of the Complaint, including

4    its subparts, consists of allegations of fact as to other defendants, Westinghouse lacks sufficient

5    knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies

6    the allegations.  To the extent that paragraph 40 of the Complaint, including its subparts, consists of

7    allegations of fact as to Westinghouse, Westinghouse denies the allegations. To the extent that

8    paragraph 40 of the Complaint, including its subparts, consists of allegations of fact as to Plaintiff or

9    other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or information to form

10    a belief as to the truth of the allegations, and on that basis, Westinghouse denies the allegations.  In

11    particular, Westinghouse denies that Plaintiff was exposed to asbestos from any Westinghouse

12    product, or that Westinghouse is in any way liable for any damage or injury allegedly sustained by

13    Plaintiff.   To the extent that paragraph 40 of the Complaint, including its subparts, consists of

14    conclusions of law, Westinghouse is not required to respond to it.  Moreover, the term "alternate

15    entities" is not a legally defined corporate relationship and Plaintiff's use of the term is confusing,

16    misleading, and has no legitimate or legal meaning.

17        42.      To the extent that paragraph 41 [should be paragraph 42] of the Complaint consists of

18    allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to

19    form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent

20    that paragraph 41 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse

21    denies the allegations. To the extent that paragraph 41 of the Complaint consists of allegations of

22    fact as to Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the

23    truth of the allegations, and on that basis, Westinghouse denies the allegations.  In particular,

24    Westinghouse denies that Plaintiff was exposed to asbestos from any Westinghouse product, or that

25    Westinghouse is in any way liable for any damage or injury allegedly sustained by Plaintiff.   To the

26    extent that paragraph 41 of the Complaint consists of conclusions of law, Westinghouse is not

27    required to respond to it.  Moreover, the term "alternate entities" is not a legally defined corporate

28    relationship and Plaintiff's use of the term is confusing, misleading, and has no legitimate or legal

16

1    meaning.

2        43.    To the extent that paragraph 42 [should be paragraph 43] of the Complaint consists of

3    allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to

4    form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent

5    that paragraph 42 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse

6    denies the allegations. To the extent that paragraph 42 of the Complaint consists of allegations of

7    fact as to Plaintiff or other allegedly "exposed persons," Westinghouse lacks sufficient knowledge or

8    information to form a belief as to the truth of the allegations, and on that basis, Westinghouse denies

9    the allegations.  In particular, Westinghouse denies that Plaintiff was exposed to asbestos from any

10   Westinghouse product, or that Westinghouse is in any way liable for any damage or injury allegedly

11   sustained by Plaintiff.   To the extent that paragraph 42 of the Complaint consists of conclusions of

12   law, Westinghouse is not required to respond to it.  Moreover, the term "alternate entities" is not a

13   legally defined corporate relationship and Plaintiff's use of the term is confusing, misleading, and

14   has no legitimate or legal meaning.

15       44.    To the extent that paragraph 43 [should be paragraph 44] of the Complaint consists of

16   allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to

17   form a belief as to the truth of the allegations, and on that basis, denies the allegations.  To the extent

18   that paragraph 43 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse

19   denies the allegations. To the extent that paragraph 43 of the Complaint consists of allegations of

20   fact as to Plaintiff, Westinghouse lacks sufficient knowledge or information to form a belief as to the

21   truth of the allegations, and on that basis, Westinghouse denies the allegations.  In particular,

22   Westinghouse denies that Plaintiff was exposed to asbestos from any Westinghouse product, or that

23   Westinghouse is in any way liable for any damage or injury allegedly sustained by Plaintiff.   In

24   particular, Westinghouse denies that it caused or contributed to or is in any way liable for any

25   damage or injury allegedly sustained by Plaintiff.

26       45.    To the extent that paragraph 44 [should be paragraph 45] of the Complaint consists

27   of allegations of fact as to Plaintiff, Westinghouse lacks sufficient knowledge or information to form

28   a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL
4520-3467:812096.2

paragraph 44 of the Complaint consists of allegations of fact as to other defendants, Westinghouse lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies the allegations. To the extent that paragraph 44 of the Complaint consists of allegations of fact as to Westinghouse, Westinghouse denies the allegations.  In particular, Westinghouse denies that it caused or contributed to or is in any way liable for any damage or injury allegedly sustained by Plaintiff.  Westinghouse further denies that there is any basis for any award of punitive or exemplary damages against Westinghouse.

## PLAINTIFF'S PRAYER FOR RELIEF

46.     Answering the allegations of the Prayer, Westinghouse denies that it caused or contributed to or is in any way liable for any damage or injury allegedly sustained by Plaintiff, and specifically denies that there is any basis for any award of punitive damages.  Further answering, Westinghouse lacks information or knowledge sufficient to respond to each and every allegation in Plaintiff's prayer for judgment, and on that basis, denies them.  In addition, Westinghouse seeks judgment in its favor and costs of suit herein.

## SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES

47.     By alleging the Separate and Additional Affirmative Defenses set forth below, Westinghouse is not in any way agreeing or conceding it has the burden of proof or burden of persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

48.     Neither the Complaint nor any purported cause of action alleged by the Plaintiff therein state facts sufficient to constitute a cause of action against Westinghouse.

## SECOND AFFIRMATIVE DEFENSE

49.     To the extent the Complaint asserts Westinghouse's alleged "market share" liability, or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action against Westinghouse.

## THIRD AFFIRMATIVE DEFENSE

50.     Neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiff to an award of punitive damages against Westinghouse.

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL
4520-3467:812096.2

1

**FOURTH AFFIRMATIVE DEFENSE**

2      51.    The imposition of any punitive damages in this matter would deprive Westinghouse

3 of its property without due process of law under the California Constitution and United States

4 Constitution.

5

**FIFTH AFFIRMATIVE DEFENSE**

6      52.    The imposition of any punitive damages in this matter would violate the United States

7 Constitution's prohibition against laws impairing the obligation of contracts.

8

**SIXTH AFFIRMATIVE DEFENSE**

9      53.    The imposition of any punitive damages in this matter would constitute a criminal

10 fine or penalty and should, therefore, be remitted on the ground that the award violates the United

11 States Constitution.

12

**SEVENTH AFFIRMATIVE DEFENSE**

13      54.    Plaintiff's action, and each alleged cause of action, is barred by the applicable statute

14 of limitations, including, but not limited to California Code of Civil Procedure, Sections 338, 339,

15 340(3), 340.2, 343, 353, and 474, and California Commercial Code, Section 2725, and including any

16 applicable statute of limitation and/or statute of repose of the state of Plaintiff's residence if not

17 California.

18

**EIGHTH AFFIRMATIVE DEFENSE**

19      55.    Plaintiff unreasonably delayed in bringing this action, without good cause, and

20 thereby has prejudiced Westinghouse as a direct and proximate result of such delay.  Accordingly,

21 this action is barred by laches.

22

**NINTH AFFIRMATIVE DEFENSE**

23      56.    Plaintiff was negligent in and about the matters alleged in the Complaint and in each

24 alleged cause of action; this negligence proximately caused, in whole or in part, the damages alleged

25 in the Complaint.  In the event Plaintiff is entitled to any damages, the amount of these damages

26 should be reduced by the comparative fault of Plaintiff and any person whose negligent acts or

27 omissions are imputed to Plaintiff.

28 ///

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL
4520-3467:812096.2

1

**TENTH AFFIRMATIVE DEFENSE**

2     57.    Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of the

3 risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this

4 undertaking proximately caused and contributed to any loss, injury or damages incurred by Plaintiff.

5

**ELEVENTH AFFIRMATIVE DEFENSE**

6     58.    Any loss, injury or damage incurred by Plaintiff was proximately caused by the

7 negligent or willful acts or omissions of parties whom Westinghouse neither controlled nor had the

8 right to control, and was not proximately caused by any acts, omissions or other conduct of

9 Westinghouse.

10

**TWELFTH AFFIRMATIVE DEFENSE**

11     59.    The products referred to in the Complaint were misused, abused or altered by Plaintiff

12 or by others; the misuse, abuse or alteration was not reasonably foreseeable to Westinghouse, and

13 proximately caused any loss, injury or damages incurred by Plaintiff.

14

**THIRTEENTH AFFIRMATIVE DEFENSE**

15     60.    Westinghouse alleges that its products were manufactured, produced, supplied, sold,

16 and distributed in mandatory conformity with specifications promulgated by the United States

17 Government under its war powers, as set forth in the United States Constitution, and that any

18 recovery by Plaintiff on the Complaint on file herein is barred in consequence of the exercise of

19 those sovereign powers.

20

**FOURTEENTH AFFIRMATIVE DEFENSE**

21     61.    Plaintiff failed to exercise due diligence to mitigate the loss, injury or damages

22 alleged herein; accordingly, the amount of damages to which Plaintiff is entitled, if any, should be

23 reduced by the amount of damages which would have otherwise been mitigated.

24

**FIFTEENTH AFFIRMATIVE DEFENSE**

25     62.    The Court lacks subject matter jurisdiction over the matters alleged in the Complaint

26 because the Complaint and each alleged cause of action against Westinghouse is barred by the

27 provisions of California Labor Code, Section 3601, *et seq.*

28 ///

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL

4520-3467:812096.2

1

### SIXTEENTH AFFIRMATIVE DEFENSE

2    63.    Westinghouse alleges that at the time of the injuries alleged in the Complaint,

3 Plaintiff was employed and was entitled to receive Workers' Compensation benefits from his

4 employer; that Plaintiff's employer, other than Westinghouse, was negligent in and about the matters

5 referred to in said Complaint, and that such negligence on the part of said employer proximately and

6 concurrently contributed to the happening of the accident and to the loss or damage complained of

7 by Plaintiff, if any there were, and that by reason thereof, Westinghouse is entitled to set off any

8 such benefits to be received by Plaintiff against any judgment which may be rendered in favor of

9 Plaintiff.

10

### SEVENTEENTH AFFIRMATIVE DEFENSE

11    64.    Discovery may show that at the time of the injuries alleged in the Complaint, Plaintiff

12 was employed by and entitled to Workers' Compensation benefits from Westinghouse; such benefits

13 constitute Plaintiff's exclusive remedy pursuant to Labor Code section 3600, *et seq.*

14

### EIGHTEENTH AFFIRMATIVE DEFENSE

15    65.    Westinghouse alleges that at the time of the injuries alleged in the Complaint,

16 Plaintiff's employers were negligent in and about the matters referred to in said Complaint, and that

17 such negligence on the part of said employers proximately and concurrently contributed to any loss

18 or damage, including non-economic damages, complained of by Plaintiff, if any there were; and that

19 Westinghouse is not liable for said employers' proportionate share of non-economic damages.

20

### NINETEENTH AFFIRMATIVE DEFENSE

21    66.    Westinghouse alleges that at the time of the injuries alleged in the Complaint, parties

22 other than Westinghouse were negligent in and about the matters referred to in said Complaint, and

23 that such negligence on the part of said parties proximately and concurrently contributed to any loss

24 or damage, including non-economic damages, complained of by Plaintiff, if any there were; and that

25 Westinghouse herein shall not be liable for said parties' proportionate share of non-economic

26 damages.

27

### TWENTIETH AFFIRMATIVE DEFENSE

28    67.    Westinghouse alleges that at all times relevant to matters alleged in the Complaint,

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL
4520-3467:812096.2

1  Plaintiff's employer was a sophisticated user of asbestos-containing products and the employer's

2  negligence in providing the product to its employees in a negligent, careless, and reckless manner is

3  a superseding cause of Plaintiff's injuries.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

5  68.   If Plaintiff had received, or in the future may receive, Workers' Compensation

6  benefits from Westinghouse under the Labor Code of the State of California as a consequence of the

7  alleged industrial injury referred to in the Complaint, and in the event that Westinghouse is held

8  liable to Plaintiff, any award against Westinghouse must be reduced in the amount of all such

9  Workers' Compensation benefits received by Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

11  69.   If Plaintiff had received, or in the future may receive, Workers' Compensation

12  benefits from Westinghouse under the Labor Code of the State of California as a consequence of the

13  alleged industrial injury referred to in the Complaint, and in the event Plaintiff is awarded damages

14  against Westinghouse, Westinghouse claims a credit against this award to the extent that

15  Westinghouse is barred from enforcing its rights to reimbursement for Workers' Compensation

16  benefits that Plaintiff has received or may in the future receive.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

18  70.   If Plaintiff had received, or in the future may receive Workers' Compensation

19  benefits from Westinghouse under the Labor Code of the State of California as a consequence of the

20  alleged industrial injury referred to in the Complaint, Westinghouse demands repayment of any such

21  Workers' Compensation benefits in the event that Plaintiff recover tort damages as a result of the

22  industrial injury allegedly involved here.  Although Westinghouse denies the validity of Plaintiff's

23  claims, in the event those claims are held valid and not barred by the statute of limitations or

24  otherwise, Westinghouse asserts that cross-demands for money have existed between Plaintiff and

25  Westinghouse and the demands are compensated, so far as they equal each other, pursuant to

26  California Code of Civil Procedure Section 431.70.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

28  71.   At all times and places referenced in the Complaint, Plaintiff was not in privity of

1 | contract with Westinghouse and said lack of privity bars Plaintiff's recovery herein upon any theory
2 | of warranty.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

72.    Plaintiff is barred from recovery in that all products produced by Westinghouse were in conformity with the existing state-of-the-art, and as a result, these products were not defective in any manner.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

73.    Westinghouse did not and does not have a substantial percentage of the market for the asbestos-containing products which allegedly caused Plaintiff's injuries.  Therefore, Westinghouse may not be held liable to Plaintiff based on Westinghouse's alleged percentage share of the applicable market.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

74.    Westinghouse denies any and all liability to the extent that Plaintiff asserts Westinghouse's alleged liability as a successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter ego, equitable trustee, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and/or advertising products which contain asbestos.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

75.    Westinghouse alleges that it was under no legal duty to warn of the hazards associated with the use of products containing asbestos.  Westinghouse further alleges that the purchasers of said products, Plaintiff's employer/s, his union/s or certain third parties yet to be identified, were knowledgeable and sophisticated users and were in a better position to warn Plaintiff of the risks associated with using products containing asbestos and, assuming a warning was required, it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of Plaintiff's damages, if any.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

76. Westinghouse alleges that no conduct by or attributable to Westinghouse was the cause in fact or the proximate cause of the damages, if any, suffered by Plaintiff, nor a substantial factor in bringing about said damages.

## THIRTIETH AFFIRMATIVE DEFENSE

77. Westinghouse alleges that its liability, if any, in this matter is extremely minor relative to the liability of various third parties and, therefore, the damages, if any, assessed against it should be proportionate to the degree, nature, and extent of its fault.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

78. Plaintiff herein has failed to join indispensable parties and the Complaint is thereby defective, and Plaintiff is thereby precluded from any recovery whatsoever as prayed for herein.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

79. Westinghouse alleges that if Plaintiff's claims were already litigated and resolved in any prior action, Plaintiff's claims herein are barred based on the primary right and *res judicata* doctrines which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which the Plaintiff was previously compensated by alleged joint tortfeasors.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

80. The matters alleged in this Complaint are encompassed within and barred by a settlement and release agreement reached by the parties which operates as a merger and bar against any further litigation on matters raised or potentially raised in connection with the settlement and release.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

81. To the extent that Plaintiff has previously filed a dismissal in court dismissing all of Plaintiff's asserted claims, causes of action, and other theories of liability against Westinghouse with prejudice, the matters alleged in this Complaint are barred by *retraxit*.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

82. To the extent that Plaintiff has reached an accord with Westinghouse regarding this litigation and this accord was then properly satisfied, the claims, causes of action, theories of liability

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL
4520-3467:812096.2

1 | and matters alleged in this Complaint are barred by the doctrine of accord and satisfaction.

2 | ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

3 | 83.      Westinghouse contends that if Plaintiff has released, settled, entered into an accord

4 | and satisfaction, or otherwise compromised his claims herein, then accordingly, said claims are

5 | barred.

6 | ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

7 | 84.      The claims stated in Plaintiff's Complaint have been settled, compromised, or

8 | otherwise discharged and Westinghouse is due a set off.

9 | ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

10 | 85.      Westinghouse alleges that another action is pending or has been adjudicated between

11 | the parties on the same claims alleged in this action, and therefore, pursuant to Section 430.10(c) of

12 | the California Code of Civil Procedure and Federal Rules of Civil Procedure, Rule 12(b), this action

13 | is duplicative and vexatious and cannot be maintained.

14 | ### THIRTY-NINTH AFFIRMATIVE DEFENSE

15 | 86.      Westinghouse asserts that California Code of Civil Procedure Section 361 is a bar to

16 | this action because Plaintiff's claims arose in another state and by the laws of that state an action

17 | cannot be maintained by reason of the lapse of time, and as a consequence, cannot be maintained in

18 | this state.

19 | ### FORTIETH AFFIRMATIVE DEFENSE

20 | 87.      Westinghouse alleges that substantial justice requires that, pursuant to Section 410.30

21 | of the California Code of Civil Procedure and Federal Rules of Civil Procedure, Rule 12(b), this

22 | action be dismissed or stayed because the facts alleged in the Complaint occurred outside of

23 | California and California is not the appropriate forum for the action.

24 | ### FORTY-FIRST AFFIRMATIVE DEFENSE

25 | 88.      Westinghouse alleges that all or some of the claims and/or legal issues raised in the

26 | Complaint are governed by the substantive laws of a state other than California.

27 | ### FORTY-SECOND AFFIRMATIVE DEFENSE

28 | 89.      Westinghouse alleges that it was under no legal duty to warn Plaintiff of the hazards

4520-3467:812096.2

1    associated with the use or handling of products containing asbestos, or of their existence at any

2    premises owned, operated, controlled by Westinghouse, or where products were otherwise claimed

3    to be provided by Westinghouse.  Westinghouse further alleges that Plaintiff was a knowledgeable

4    and sophisticated user and had or should have had knowledge of the potential hazards associated

5    with using products containing asbestos.  Plaintiff's knowledge of the potential hazards associated

6    with using products containing asbestos resulted in Plaintiff assuming the risk and being the

7    proximate and superseding cause of Plaintiff's damages, if any.  *Johnson v. American Standard, Inc.*

8    (2008) 43 Cal.4th 56.

9    **FORTY-THIRD AFFIRMATIVE DEFENSE**

10   90.    Westinghouse alleges that Plaintiff's claims, and each of them, and this action, are

11   preempted by federal statutes and regulations governing work place exposure to asbestos.

12   **FORTY-FOURTH AFFIRMATIVE DEFENSE**

13   91.    Westinghouse alleges that the products referred to in Plaintiff's Complaint, if

14   manufactured by Westinghouse at all, were designed and manufactured in strict compliance with

15   reasonably precise United States governmental specifications, and that the hazards associated with

16   the use of the products, if any, were known equally to the federal government and Westinghouse.

17   Therefore, Plaintiff's Complaint and all alleged causes of action against Westinghouse are barred by

18   the government contractor defense.  *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

19   **FORTY-FIFTH AFFIRMATIVE DEFENSE**

20   92.    Westinghouse alleges that any liability it is claimed to have for equipment or products

21   it manufactured, distributed or supplied does not extend to or include any liability for any

22   parts affixed to, added to, combined with, and/or used with any of Westinghouse's equipment or

23   products, which parts were manufactured, supplied, and/or distributed by a third party. *O'Neil v.*

24   *Crane Co.*, 53 Cal.4th 335 (2012)

25   **FORTY-SIXTH AFFIRMATIVE DEFENSE**

26   93.    Westinghouse alleges that any liability it is claimed to have for equipment or products

27   it manufactured, distributed or supplied does not extend to or include any liability for any

28   replacement and/or component parts for such equipment or products, which replacement and/or

26

1   component parts were manufactured, supplied, and/or distributed by a third party. *O'Neil v. Crane*

2   *Co.*, 53 Cal.4th 335 (2012).

3   **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

4         94.     Westinghouse alleges that maritime law is applicable to the extent said Complaint

5   purports to allege exposure from Plaintiff's work with asbestos-containing equipment aboard a vessel

6   on navigable waters.  (*Conner v. Alfa Laval, Inc., et al.*, No. 09-67099 (E.D. Pa. February 1, 2012)

7   (Robreno, J.) consolidated with *Prange v. Alfa Laval, Inc., et al.*, No. 09-91848 and *Stone v. Alfa*

8   *Laval, Inc., et al.*, No. 09-93726; *Hickman v. Saberhagen Holdings, Inc., et al.*, 2011 WL 346822, at

9   *4-6 (E.D. Pa. Jan. 13, 2011), adopted 2011 WL 359696, at *3 (E.D. Pa. Feb. 3, 2011).  Under

10   federal maritime law, Westinghouse is not responsible for injuries caused by component parts which

11   it did not manufacture or distribute (the "bare metal defense").  *Lindstrom v. A-C Prod. Liab. Trust*,

12   424 F.3d 488, 494-95 (6th Cir. 2005); *Hickman*, 2011 WL 346822, at *6; *Delatte v. A.W. Chesterton*

13   *Co.*, 2011 WL 4907772 at *3 (E.D. Pa. Feb. 28, 2011); *Ferguson v. Lorillard Tobacco Co., Inc.*,

14   2011 WL 4910390 at *3-4 (E.D. Pa. Feb. 28, 2011); *see also O'Neil v. Crane Co.*, 53 Cal.4th 335

15   (2012)  (finding that a product manufacturer is not liable for failure to warn of the dangers of another

16   manufacturer's replacement parts or adjacent products that caused harm); *Taylor v. Elliott*

17   *Turbomachinery Co., Inc.* 171 Cal.App.4th 564, 571 (2009) (recognizing that bare metal defense

18   under California law negates a defendant's duty to warn of and liability for hazards inherent in

19   defective products manufactured or supplied by third parties).

20   **FORTY-EIGHTH AFFIRMATIVE DEFENSE**

21         86.     Because of the generality of the allegations in the Complaint, Westinghouse reserves

22   the right to amend its Answer and allege additional or different affirmative defenses if investigation,

23   discovery and further information should warrant such amendment, and, further, to assert any

24   applicable matters of law during the pendency of this action.

25   **WESTINGHOUSE'S PRAYER FOR RELIEF**

26        WHEREFORE, Westinghouse prays:

27        1.     That the Complaint be dismissed or judgment be rendered in favor of Westinghouse

28   and that Plaintiff take nothing thereby;

27

1    2.    For its costs of suit;

2    3.    For appropriate credits and setoffs arising out of any payment of Workers'

3  Compensation benefits as alleged above; and

4    4.    For such other and further relief as the Court may deem just and proper.

5  Dated: March 1, 2012                              POND NORTH LLP

6

7                                      By:  /s/ Previn A. Wick
                                            PREVIN A. WICK
8                                           Attorneys for Defendant CBS Corporation, a Delaware
                                            corporation, f/k/a Viacom Inc., successor by merger to
9                                           CBS Corporation, a Pennsylvania corporation, f/k/a
                                            Westinghouse Electric Corporation
10

11                        **DEMAND FOR TRIAL BY JURY**

12    Westinghouse hereby demands a trial by jury in this action.

13

14  Dated: March 1, 2012                              POND NORTH LLP

15

16                                     By:  /s/ Previn A. Wick
                                            PREVIN A. WICK
17                                          Attorneys for Defendant CBS Corporation, a
                                            Delaware corporation, f/k/a Viacom Inc., successor
17                                          by merger to CBS Corporation, a Pennsylvania
                                            corporation, f/k/a Westinghouse Electric
18                                          Corporation

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL
4520-3467:813822.1

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 350 South Grand Avenue, Suite 3300, Los Angeles, CA  90071.

On March 2, 2012, I served the following document(s): **ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS;  DEMAND FOR JURY TRIAL** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

NAPOLI BERN RIPKA SHKOLNIK &
ASSOCIATES, LLP
2361 Rosecrans Avenue, Suite 450
El Segundo  CA  90245
*Attorneys for Plaintiff*

☒     I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at, Los Angeles, California.

☐     By Overnight Service: I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

☐     By E-Service: I electronically served the above document(s) via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

☐     By Personal Service:  I caused to be delivered by courier **First Legal Support Services,** such envelope by hand to the offices of the above addressee(s).

☐     By Personal Service:  I delivered such envelope by hand to the offices of the addressee(s).

☐     By Facsimile Machine:  The document was transmitted by facsimile transmission to the number(s) indicated and was reported as complete and without error.

Executed:  March 2, 2012

☐     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐     (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Judith L. Engler
4520.3467