ROGER L. GORDON, ESQ. (SBN 053626)
VINCENT VALLIN BENNETT, ESQ. (SBN 153861)
GORDON, EDELSTEIN, KREPACK,
GRANT, FELTON & GOLDSTEIN
3580 Wilshire Boulevard, Suite 1800
Los Angeles, California 90010
(213) 739-7000

Attorneys for Plaintiffs
MARIA KOVARY et al

## BEFORE THE UNITED STATES JUDICIAL
## PANEL ON MULTIDISTRICT LITIGATION

## MDL No. 875
## IN RE: ASBESTOS PRODUCTS LIABILITY
## LITIGATION (NO. VI)

| | |
|---|---|
| MARIA KOVARY; BRYAN ALEXANDRO KOVARY and ERIKA MICHELLE KOVARY<br><br>    Plaintiffs,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC., BENDIX CORPORATION; TRW CONEKT ; VOLKSWAGEN GROUP OF AMERICA, INC. ; DOES 1-100, INCLUSIVE<br><br>    Defendants. | E.D. Pa. No.2:10-cv-67416 (transferred from No. 2:10-cv-00494-GW-CW C.D. Cal.)<br><br><br>PLAINTIFFS' RESPONSE TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA INC.'S LIMITED OPPOSITION TO CONDITIONAL REMAND ORDER |

1

PLAINTIFFS, MARIA KOVARY, BRYAN ALEXANDRO KOVARY and ERIKA MICHELLE KOVARY (Plaintiffs), hereby respectfully submit this response to defendant, Volkswagen Group of America, Inc.'s ("VWGoA") Limited Opposition to Conditional Remand Order.

## I.

## THERE IS NO NEED OR PROPER JUSTIFICATION FOR THE ADDITION AND/OR MODIFICATION OF THE TRANSFEREE COURT'S CONDITIONAL REMAND ORDER

1.      On January 18, 2012, the transferee court, Judge Edward C. Robreno, presiding issued and filed its Suggestion of Remand in this matter. (Attached hereto as Exhibit "A")  In its Suggestion of Remand, the court stated that it "reviewed this action under MDL-875 Administrative Order No. 18 (01-md-875, doc. no. 6197)" and the court found, in relevant part that:

- Plaintiffs had complied with MDL 875 Administrative Orders 12 and 12A;

- That the parties had completed their obligations under the Rule 16 Order issued by the court;

- All discovery had been completed;

- That the court had adjudicated all outstanding motions, including dispositive motions, and

- That the court found that this case is prepared for trial without delay once on the transferor court's docket. (Emphasis Added)

Based on its Suggestion of Remand, the Clerk of the U.S. Multidistrict Litigation Panel for Docket 875 issued and filed the Conditional Remand Order on January 24, 2012 (attached hereto as Exhibit "B") reflecting Judge Robreno's Suggestion of Remand and further confirming that the <u>coordinated or consolidated pretrial proceedings with respect to the remaining claims in this action had been completed and that remand to the transferor court, as provided in 28 USC, §1407(a), was appropriate</u>. (Emphasis Added)

**A.    Defendant VWGoA's Purported Limited Opposition Actually Seeks To Improperly Disregard And/Or Change The Procedural Pre-Trial History Of This Action As Dictated By The Court's Previous Orders And The Stipulated To Amended Scheduling Order.**

Defendant VWGoA has filed an opposition to the panel's Conditional Remand Order requesting that the transferee court issue "additional caveats and instructions" to the transferor court at the time of remand, including the right of defendant VWGoA to file a renewed motion for summary judgment limited to its alleged bare metal defense in view of the California Supreme Court's recent ruling in <u>O'Neil v. Crane Company</u>, S177401, _____ Cal.4th _____, January 12, 2012.

Defendant VWGoA further requests modification of the panel's remand order that would allow defendant to undertake expert discovery, file motions in limine and/or Daubert challenges.  For the reasons that follow, such modification of the

panel's remand order is both unnecessary and inappropriate based upon the factual and procedural history of this action.

###### *i.* *The Remand Order In Its Present Form Allows for Defendant to File a Renewed Motion for Summary Judgment Limited to Its Bare Metal Defense.*

First, defendant's request for modification of the panel's remand order to include a right to file a renewed motion for summary judgment on its affirmative bare metal defense, is unnecessary because such right, if defendant chose to exercise it, was set forth in Judge Robreno's November 30, 2011 Order pertaining to defendant, VWGoA's original motion for summary judgment (See, page 6, paragraph B, Bare Metal Defense under California law, of the court's November 30, 2011 Order, attached hereto as Exhibit "C"). Judge Robreno <u>incorporated</u> this order following defendant VWGoA's motion for summary judgment in his Suggestion of Remand, specifically on page 1, para. D, subsection *ii (*and see the Court's Docket No. 59).

Accordingly, as to defendant VWGoA's request for the panel to modify and/or add to its Conditional Remand Order to provide for defendant's right to proceed with a renewed motion for summary judgment on its affirmative bare metal defense in the transferor court, such request by defendant is unnecessary in light Judge Robreno's Suggestion of Remand and the panel's Conditional Remand Order as specifically and presently written. There is no need to change the Conditional Remand Order on this basis.

///

///

PLAINTIFFS' RESPONSE TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA INC.'S LIMITED OPPOSITION TO CONDITIONAL REMAND ORDER

**ii.      *Defendant's Request to Modify the Conditional Remand Order in Order to Provide for the Taking of Expert Depositions and/or Filing of Daubert Challenges and Motions in Limine is in Direct Contravention with the Parties Stipulated to Amended Scheduling Order that Controlled The Pretrial Proceedings in This Matter.***

In addition, defendant VWGoA's request for addition and/or modification to the panel's Conditional Remand Order so that it "provides instruction" to the transferor court to allow defendant an opportunity to <u>undertake expert discovery</u> and to file <u>motions in limine</u> and/or <u>*Daubert* motions</u> is similarly unnecessary and inappropriate based upon the amended scheduling order <u>stipulated</u> to by all parties to this action, <u>signed</u> by Judge Edward Robreno on January 14, 2011 and <u>filed</u> on January 19, 2011. (Attached hereto as Exhibit "D")

**iii.      *The Amended Scheduling Order Pursuant to the Parties Stipulation.***

On January 4, 2011, defendant Volkswagen Group of America, Inc. filed an <u>uncontested motion for the execution of an Amended Scheduling Order.</u> (Attached hereto as Exhibit "E") In said motion, defendant VWGoA specifically pointed out to the court that with <u>the consent of all the parties, it was moving for the entry of an amended scheduling order that had been stipulated to and signed by all counsel of record in this action.</u> Defendant VWGoA also attached a copy of the stipulated to amended scheduling order to its motion.

///

///

The amended scheduling order specifically provided that:

- All fact discovery must be completed by:                June 10, 2011

- All plaintiff's expert reports must be completed
  and served by:                                          July 11, 2011

- Any defense expert reports must be completed
  and served by:                                          August 12, 2011

- Rebuttal expert reports must be completed and
  served by:                                              August 26, 2011

- All dispositive motions must be filed by:               September 26, 2011

- Responses to dispositive motions must
  be filed by:                                            October 28, 2011

- Replies to Responses (if any) to dispositive
  motions must be filed by:                               November 11, 2011;

and that,

- A Status Conference would be held in this case on November 22, 2011
  at 9:00 a.m., Courtroom 11A, 601 Market Street, Philadelphia, PA
  19106.[1]

Said Amended Scheduling Order was signed by Judge Eduard Robreno on

January 14, 2011.

The negotiated, drafted, stipulated to and executed amended scheduling order

as expressly signed by Judge Robreno did not provide for the scheduling and/or

_____

[1] The court subsequently scheduled the hearing and oral argument on defendant VWGoA's Motion for
Summary Judgment on the same day (November 22, 2011) as this Status Conference.

taking of expert discovery beyond the exchange of expert reports. Nor did the stipulated to amended scheduling order provide for the filing and/or scheduling of *Daubert* challenges. Inasmuch as *Daubert* motions and/or challenges seek to contest either the sufficiency or admissibility of expert witness testimony as it pertains to plaintiff's burden on liability and/or causation (See, F.R.E. 702), such motions are properly and usually considered dispositive motions, if granted, and therefore subject to the dispositive motion deadline in the amended scheduling order stipulated to by the parties herein.

However, in this action, the parties did not agree to include in the stipulated Amended Scheduling Order a provision allowing for the filing of pre-trial *Daubert* challenges. The Amended Scheduling Order was knowingly, voluntarily written and agreed upon by the parties to this action. There is no indication that it was drafted and/or agreed upon through anyone's mistake or inadvertence. Accordingly, the stipulation, after ostensible thorough review by all counsel was signed and submitted in its present form to Judge Robreno for his signature and order.

The stipulated Amended Scheduling Order was the pre-trial process followed and fulfilled by the parties. It is also the significant basis upon which Judge Robreno and this panel has relied upon in ordering this case ready for trial. There is no demonstrated basis to modify the panel's Conditional Remand Order.

///

///

///

PLAINTIFFS' RESPONSE TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA
INC.'S LIMITED OPPOSITION TO CONDITIONAL REMAND ORDER

    *iv.*       *The Amended Scheduling Order Did Not Provide For the Taking of*
*Expert Witness Depositions*

Further, the amended scheduling order does not incorporate and/or refer to the taking of expert discovery beyond the exchange of expert reports. Indeed, such stipulated to Amended Scheduling Order must be viewed as presumptive proof that no such provision for such expert discovery was to be provided for. Accordingly, it was appropriate for Judge Robreno to sign and file his Suggestion of Remand on January 18, 2012 as specifically worded, as well as for this panel to properly file its Conditional Remand Order as expressly stated.

In addition, Judge Robreno scheduled and held a Status Conference on November 22, 2011, immediately following counsel's oral argument on defendant VWGoA's Motion for Summary Judgment. At that time, the pre-trial status of the case was discussed with all counsel, including the lawyers representing VWGoA. All counsel represented that all pre-trial matters had been completed in accordance with the Amended Scheduling Order. Judge Robreno indicated the case would be remanded to the transferor Central District court for trial. No counsel for any party in this action appearing at this Status Conference objected to, or otherwise raised any concern with the court's plan to remand the case and certainly, counsel for VWGoA did not indicate to the court that expert depositions would be requested to be undertaken. And plaintiffs' counsel made no such request because the stipulated Amended Scheduling Order did not provide for such discovery. Defendant VWGoA

PLAINTIFFS' RESPONSE TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA
INC.'S LIMITED OPPOSITION TO CONDITIONAL REMAND ORDER

now seeks to change history and undo what has already been agreed upon and ordered, all without even implying that a mistake or error has occurred.

In view of the specific factual and/or procedural history of this matter, including Judge Robreno's order on defendant Volkswagen Group of America's motion for summary judgment, the parties stipulated to amended scheduling order, the court's Suggestion of Remand as well as the panel's Conditional Remand Order, defendant, Volkswagen Group of America, Inc.'s limited opposition to Conditional Remand Order requesting additional caveats and instructions to the transferor court must be denied. There is no good basis and/or justification for defendant to seek such additions and/or modifications to the court's Conditional Remand Order, and any stay concurrently in place with respect to the filing of the Conditional Remand Order as presently worded should be lifted and the Clerk of the Panel ordered to file said Conditional Remand Order in the Office of the Clerk for the United States District Court for the Eastern District of Pennsylvania.

Plaintiffs have planned and organized their resources in this action on the reliance and mutual agreement that no expert depositions would be taken. It would be prejudicial to plaintiffs to now order expert depositions and further delay trial of this matter and the expenditure of additional resources that were not planned.

///

///

///

PLAINTIFFS' RESPONSE TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA INC.'S LIMITED OPPOSITION TO CONDITIONAL REMAND ORDER

Wherefore, plaintiffs MARIA KOVARY, BRYAN ALEXANDRO KOVARY and ERIKA MICHELLE KOVARY respectfully request that this court deny defendant, Volkswagen Group of America, Inc.'s limited opposition to Conditional Remand Order for the reasons stated herein.

DATED: March 5, 2012

GORDON, EDELSTEIN, KREPACK, GRANT, FELTON & GOLDSTEIN

By: _____
ROGER L. GORDON
VINCENT VALLIN BENNETT
Attorneys for Plaintiffs
MARIA KOVARY et al.

PLAINTIFFS' RESPONSE TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA INC.'S LIMITED OPPOSITION TO CONDITIONAL REMAND ORDER

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA**   )
                        )ss.
**COUNTY OF LOS ANGELES**  )

      I am a citizen of the United States and a resident of county aforesaid; I am over the age of eighteen (18) years and not a party to the within entitled action; my business address is 3580 Wilshire Boulevard, Suite 1800, Los Angeles, CA 90010.

      On March 7, 2012, I served, in the manner indicated below, the foregoing document described as **PLAINTIFFS' RESPONSE TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA INC.'S LIMITED OPPOSITION TO CONDITIONAL REMAND ORDER** on the interested parties in said action, by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, California, addressed as follows:

<strong>SEE ATTACHED LIST</strong>

<u>XXX</u>   BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States mail at Los Angeles, California, with postage thereon fully prepaid, I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(a)). **only to John F. Wolcott, Esq.)**

_____   BY FACSIMILE: (C.C.P. § 1013(e)(f)).

<u>XXX</u>   BY ECF SERVICE **(except to John F. Wolcott, Esq.)**

_____   BY OVERNIGHT SERVICE: I caused such envelopes to be delivered by air courier, with next day  service, to the offices of the addresses, (C.C.P. §1013(c)(d)).

_____   BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addresses. (C.C.P. §1011(a)(b)).

      I declare under penalty of perjury that the foregoing is true and correct. Executed on March 7, 2012 at Los Angeles, California.

_____<br>PATRICIA ALAMINA

SERVICE LIST RE: KOVARY vs. HONEYWELL et al
Case No. 2:09-cv-63305-ER

SERVICE LIST RE: KOVARY vs. HONEYWELL et al
Case No. 2:09-cv-63305-ER

| | |
|---|---|
| John F. Wolcott, Esq.<br>John F. Wolcott &<br>Associates<br>205 South Broadway, Suite 905<br>Los Angeles, CA 90012<br>(213) 680-1716 (phone)<br>(213) 680-1905 (fax)<br>**CO-COUNSEL FOR PLAINTIFFS**<br>**MARIA KOVARY et al** | Ben Soffer, Esq.<br>PERKINS COIE LLP<br>1888 Century Park East<br>Suite 1700<br>Los Angeles, CA 90067-1721<br>(310) 788-9900 (phone)<br>(310) 843-1284 (fax)<br>**ATTORNEYS FOR DEFENDANT and**<br>**X-DEFENDANT HONEYWELL**<br>**[formerly known as Allied**<br>**Signal Inc, Successor in**<br>**Interest**<br>**to The Bendix Corporation]** |
| Alice S. Johnston, Esq.<br>OBERMAYER REBMANN MAXWELL<br>& HOPPEL, LLP<br>One Mellon Center<br>500 Grant Street, Suite 5240<br>Pittsburg, PA 15219 (412) 566-1500<br>**ATTORNEYS FOR DEFENDANT and**<br>**X-DEFENDANT**<br>**VOLKSWAGEN GROUP OF**<br>**AMERICA, INC.** | Herzfeld & Rubin LLP<br>Craig L. Winterman, Esq.<br>1925 Century Park East,<br>Suite 900<br>Los Angeles, CA 90067<br>(310) 553-0451 (phone)<br>(310) 553-0648 (fax)<br>**ATTORNEYS FOR DEFENDANT and**<br>**X-DEFENDANT**<br>**VOLKSWAGEN GROUP OF**<br>**AMERICA, INC.** |