**EXHIBIT "C"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA KOVARY, et al., | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiffs, | : | |
| | : | Transferred from the Central |
| | : | District of California |
| v. | : | (Case No. 10-00494) |
| | : | |
| HONEYWELL INTERNATIONAL, INC., | : | |
| et al., | : | E.D. PA CIVIL ACTION NO. |
| | : | 2:10-CV-67416 |
| Defendants. | : | |

FILED
NOV 30 2011
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

O R D E R

**AND NOW**, this **30th** day of **November, 2011**, it is hereby **ORDERED** that the Motion for Summary Judgment of Defendant Volkswagen Group of America, Inc. (doc. no. 33) is **GRANTED** in part and **DENIED** in part.[1]

---

[1] This action was originally filed by Louis Ted Kovary and his wife Maria Kovary in California Superior Court in 2008, alleging claims based on personal injury due to asbestos exposure. This action was removed (based on diversity) to the Central District of California and subsequently transferred to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875. During the pendency of the action, Mr. Kovary passed away, and on January 22, 2010, his spouse and two children filed a complaint for wrongful death. Plaintiffs allege that their decedent, Louis Kovary ("Decedent"), developed mesothelioma and passed away as a result of his exposure to defendants' asbestos-containing products.

Decedent worked as an automobile mechanic and/or service manager repairing Bendix brakes and clutches installed in Volkswagen vehicles.

**I.   Legal Standard**

   A.   Summary Judgment Standard

      Summary judgment is appropriate if there are no genuine

issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

    B.    The Applicable Law

        1.    Product Identification and Exposure under California Law

The parties have agreed that California law should apply to this motion. Therefore, this Court will apply California substantive law in deciding Defendant's Motion for Summary Judgment. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945).

Under California law, a plaintiff need only show (1) *some* threshold exposure and (2) that the exposure "in reasonable medical probability was a substantial factor in contributing to the aggregate dose of asbestos the plaintiff or decedent inhaled or ingested, and hence to the risk of developing asbestos-related cancer." McGonnell v. Kaiser Gypsum Co., Inc., 98 Cal. App. 4th 1098, 1103 (Cal. Ct. App. 2002); see also, Rutherford v. Owens-Illinois, 16 Cal. 4th 953, 977 n.11, 982-83 (Cal. Ct. App. 1997) ("proof of causation through expert medical evidence" is required). The plaintiff's evidence must indicate that the defendant's product contributed to his disease in a way that is

2

"more than negligible or theoretical," but courts ought not to place "undue burden" on the term "substantial." <u>Jones v. John Crane, Inc.</u>, 132 Cal. App. 4th 990, 998-999 (Cal. Ct. App. 2005).

The standard is a broad one, and was "formulated to aid plaintiffs as a broader rule of causality than the 'but for' test." Accordingly, California courts have warned against misuse of the rule to preclude claims where a particular exposure is a "but for" cause, but defendants argue it is "nevertheless. . . an insubstantial contribution to the injury." <u>Lineaweaver v. Plant Insulation Co.</u>, 31 Cal. App.4th 1409, 1415 (Cal. Ct. App. 1995). Such use "undermines the principles of comparative negligence, under which a party is responsible for his or her share of negligence and the harm caused thereby." <u>Mitchell v. Gonzales</u>, 54 Cal. 3d 1041, 1053 (Cal. 1991).

2. Bare Metal Defense under California Law

The Supreme Court of California has not yet addressed the "bare metal" defense, specifically. In <u>Taylor v. Elliott Turbomachinery Co., Inc.</u>, the defendants supplied various products, including pumps and valves, to the Navy. 171 Cal. App. 4th 564, 571 (Cal. Ct. App. 2009). These products were incorporated with asbestos-containing packing, gaskets and insulation. <u>Id.</u> The asbestos-containing packing and gaskets were not manufactured by the defendants. <u>Id.</u> The court analyzed whether defendants owed plaintiff any duty of care under either a negligence or strict liability theory. <u>Id.</u> at 574. The court held that the defendants could not be strictly liable because under California law,

> a manufacturer has no duty to warn of defects in products supplied by others and used in conjunction with the manufacturer's product unless the manufacturer's product itself causes or creates the risk of harm[,] and manufacturers of non-defective component parts bear no liability when they simply build a product to a customer's specifications but do not participate in the integration of the component parts into the final product.

<u>Id.</u> at 575. The court found that defendants could not be held strictly liable "for failing to warn of the dangers inherent in the asbestos-containing materials that were used with their products." <u>Id.</u> at 579.

Also in 2009, a separate panel of the California Court

3

of Appeal, in O'Neil v. Crane Co., disagreed with the Taylor decision and found that the "component parts defense" did not apply to manufacturers of pumps and valves. 177 Cal. App. 4th 1019, 1026 (Cal. Ct. App. 2009). The O'Neil court noted that defendants' products were intended to be used with insulation and packing. These manufacturers, unlike traditional component manufacturers, supplied manuals and had the ability to warn the users of the potential dangers of using such products. Id. at 1030. On December 23, 2009, the Supreme Court of California granted a petition for review of O'Neil. 223 P.3d 1.

## II. Defendant Volkswagen Group of America, Inc.'s Motion for Summary Judgment

### A. Product Identification under California Law

Defendant Volkswagen Group of America, Inc. ("Defendant") argues that the record cannot establish product identification, and thus summary judgment must be granted for Defendant. (Defendant does not make a causation argument.) Under California law, as for product identification in asbestos litigation, a plaintiff need only show some threshold exposure. McGonnell, 98 Cal. App. 4th at 1103.

Plaintiffs argue that the following testimony of Decedent is enough to create genuine issues of material fact as to whether asbestos-containing products attributable to Defendant's products were a substantial factor in causing Decedent's injuries: Decedent worked on Bendix brakes on Volkswagen cars, including original and replacement parts; he testified that the brake parts contained asbestos; and he often had "brake dust" blowing on him during the process. (See Pl.'s Resp., doc. no. 39, at 10).

Decedent worked as a mechanic on Volkswagen automobiles for several years, and specifically was charged with repairing and replacing brakes. Decedent's relevant testimony is excerpted below:

Q: How long did you work at Bob Smith Volkswagen again, how many years?
A: About three.
Q: During the time you worked there did you do brake jobs on a regular basis?
A: Yes.

(Dep. of Louis Ted Kovary, Vol. I, September 2, 2008, at 17-18, Pl.'s Ex. B).

4

```
Q: How often would you perform brake jobs on a daily basis?
. . .
A: On a daily basis, about two, three times.
. . .
Q: How long would a brake job take, approximately?
. . .
A: I think two, three hours sometimes, depending on what's
needed.
```

(Id. at 19-20).

```
Q: . . . Was the car jacked up to your face level?
A: Yes.
. . .
Q: Where would you get the [brake] linings from?
A: The parts department.
Q: They came in a box?
A: Yes.
Q: And the box said "Bendix" on it?
A: Bendix.
. . .
Q: When you would take the wheel off and observe the brake
linings initially in that type of a situation would there be any
brake dust?
A: Yes.
. . .
Q: Was it your understanding that it was necessary to remove the
brake dust in order to commence the repairs?
A: Yes.
```

(Id. at 23-26).

Decedent further indicated that he used a blow gun to blow the dust off, and that the dust went "all over" Decedent and in the air. Id. at 26.

Importantly, the Decedent then recalled, when asked what the brake pads or brake linings were composed of, that they were "asbestos." Id. at 28.

In sum, Decedent's testimony indicated that he was exposed to "brake dust" for about three years "on a daily basis, about two or three times" per day, while performing work on Volkswagen vehicles. This evidence is sufficient to raise a genuine issue of material fact as to whether Decedent was exposed to asbestos attributable to Defendant. This, however, is subject to California's interpretation of the bare metal defense, as discussed infra.

5

B.  Bare Metal Defense under California Law

Along with its argument about product identification, Defendant essentially makes a "bare metal defense" argument and states that Defendant cannot be responsible for asbestos on brakes clutches that Defendant did not itself manufacture, but that were located on Defendant's vehicles. (See Def.'s Mot. Summ. J., doc. no. 33, at 5). As this is an unsettled area of state law, the Court will not rule on it, but rather will remand the issue to the transferor court to decide, under the guidance of the forthcoming decision by the California Supreme Court in O'Neil. See Faddish v. CBS Corp., No. 09-70626, 2010 U.S. Dist. LEXIS 116362 (E.D. Pa. Oct. 22, 2010) (Robreno, J.).

C.  Argument for Partial Summary Judgment

Defendant also argues, in the alternative, for partial summary judgment. Those arguments are as follows.

1.  Federal Rule of Civil Procedure 25: Substitution of Parties

First, even though this motion is styled as a motion for summary judgment, Defendant argues that the claims of Decedent following his death must be dismissed because no substitution was filed.

Federal Rule of Civil Procedure 25 "authorizes a motion for substitution to be made by a representative of [a] deceased party when [a] claim is not extinguished by death." Boggs v. Dravo Corp., 532 F.2d 897, 900 (3d Cir. 1976). Under Rule 25, following a party's death, "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent **must be dismissed**." Fed. R. Civ. P. 25(a)(1) (emphasis added). As long as a statement noting the death has been served, if no substitution has been made within ninety (90) days, the action cannot remain, but must be dismissed. See, e.g., McKenna v. Pac. Rail Serv., 32 F.3d 820, 826 (3d Cir. 1994) (discussing Rule 25 generally); Thorpe v. Borough of Thorpe, 2011 WL 5878377 at *2 (M.D. Pa. 2011) (finding that dismissal under Rule 25 was not appropriate when there had been no service of a statement noting the death of a party).

Defendant filed a Suggestion of Death on April 9, 2012, following Decedent's death, and no substitution in this case has been filed. Although this case consisted of two separate cases

6

previously, the cases were consolidated for pretrial proceedings in the MDL Court. Counsel for Plaintiff was not able, in briefing or at oral argument, to provide a reason for his failure to file a substitution within ninety (90) days following Decedent's death, other than to say he had made a mistake. Therefore, claims specific to Decedent are dismissed under Rule 25.

2. Punitive Damages

Defendant further argues that Plaintiffs are not entitled to punitive damages. Punitive damages claims are severed from Plaintiffs' other claims in MDL-875, and therefore the Court need not address such claims at this stage.

3. False Representation Claims under California Law

Next, Defendant argues that it is entitled to summary judgment regarding any of Plaintiffs' claims that allege false representation or concealment / suppression of facts. Plaintiffs apparently claim that Defendant owed a duty to Decedent to publicize material information about the hazards of asbestos.

Under California law, a Plaintiff's claim of false representation "relies on common law tort principles reflected in section 402B of the Restatement Second of Torts, establishing liability for injuries caused by justifiable reliance on false advertising." Westlye v. Look Sports, Inc., 22 Cal. Rptr. 2d 781, 802 (Cal. Ct. App. 1993) (citing Hauter v. Zogarts, 120 Cal. Rptr. 681 (1975)). The Restatement provides that "[o]ne engaged in the business of selling chattels who, by advertising, labels, or otherwise, makes to the public a misrepresentation of a material fact concerning the character or quality of a chattel sold by him is subject to liability for physical harm to a consumer of the chattel caused by justifiable reliance upon the misrepresentation, even though (a) it is not made fraudulently or negligently, and (b) the consumer has not bought the chattel from or entered into any contractual relation with the seller." (Rest. 2d Torts, § 402B).

Here, Plaintiffs have failed to present evidence that Defendant, specifically, communicated to Decedent, or failed to communicate to Decedent, any information that it may have had. Plaintiffs fail to allege which misrepresentations were allegedly made to Decedent or to the public. Rather, Plaintiffs cite one case, Whitely v. Phillip Morris, Inc., 11 Cal. Rptr. 3d 807, 843 (Cal. Ct. App. 2004), in which the California Court of Appeal found that tobacco companies were liable for fraud when they

7

issued numerous false denials regarding the health hazards of smoking, manufactured a false controversy as to whether smoking cigarettes actually caused cancer or carried other serious health risks, and falsely assured the public that they were diligently engaging in research to find the truth about any health risks of smoking and would promptly disclose to the public their findings, whether good or bad.

Id. However, Plaintiffs have presented no evidence of such actions on the part of Defendant in this case. There is no evidence to raise a genuine issue of material fact as to whether Defendants could be liable for false representation / concealment, and thus partial summary judgment is granted on this claim.

    4.    Breach of Implied Warranty Claims under California Law

Next, Defendant argues that it is entitled to summary judgment on any breach of implied warranty claims asserted by Plaintiffs. Plaintiffs do not refute this in their response. To the extent that Plaintiffs raise breach of implied warranty claims, partial summary judgment for defendants on those claims is granted.

## IV. Conclusion

Defendant's motion for summary judgment is granted in part and denied in part.

Defendant's motion is granted regarding Plaintiffs' claims that deal with false representation. Defendant's motion is also granted regarding Rule 25, and thus claims specific to Decedent are dismissed.

However, regarding product identification, Defendant's motion for summary judgment is denied. Plaintiffs have presented sufficient evidence to raise a genuine issue of material fact as to whether asbestos attributable to Defendant was a substantial factor in causing Decedent's injuries. But, as for the bare metal defense, this case is remanded to the transferor court to address the issue of whether, under California law, Defendant is entitled to the bare metal defense based on the argument that Defendant did not manufacture asbestos-containing parts on its vehicles.

Additionally, Defendant's motion for summary judgment

8

2:10-CV-67416

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

is denied insofar as Defendant argues for summary judgment on Plaintiffs' punitive damages claims.

9