IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Luella C. Pehlke, individually and as Special
Administrator of the Estate of Frank Pehlke Jr,
Deceased
                              Plaintiff,

v.

A.O. Smith Corporation, a corporation,
A.W. Chesterton Company, a corporation,
Borg-Warner Inc., a corporation,
Buffalo Pumps, Inc., a corporation,
CBS Corporation, a corporation,
Crane Co., a corporation,
DAP Products, Inc., Individually and as
Successor to DAP, Inc., a corporation,
Dana Corporation, a corporation,
Dana Holding Corporation, a corporation,
Elliott Company I, Individually and as
Successor to Elliot Turbomachinery Company,
a corporation,
Foster Wheeler LLC, a corporation,
General Electric Company, a corporation,
H.B. Fuller Company, a corporation,
ITT Corporation, a corporation,
Ingersoll Rand Company, a corporation,
Metropolitan Life Insurance Company, a
corporation,
Owens-Illinois Inc., a corporation,
Pentair Pump Group, Inc., a corporation,
Rapid American Corporation, a corporation,
Rockwell Automation, Inc. Individually and as
successor to Rockwell International and Alan
Bradley, a corporation,
Trane U.S. Inc., a corporation,
Uniroyal, Inc., a corporation,

and

Zurn Industries, a corporation,
                             Defendants.

Case No. 1:12-cv-596

**COMPLAINT**

Now comes the plaintiff, Luella C. Pehlke, (hereinafter "Plaintiff"), individually and as Special Administrator of the Estate of Frank Pehlke Jr (hereinafter "Decedent"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants as follows:

## JURISDICTION

1. Plaintiff, Luella C. Pehlke is the widow of decedent, Frank Pehlke Jr., and resides in Joliet, Illinois.

2. Decedent was an adult citizen and resident of Illinois.

3. Decedent passed away on April 7, 2006.

4. Defendant A.O. Smith Corporation designed, manufactured and sold asbestos containing products, including without limitation, water heaters.

5. Defendant A. W. Chesterton Company manufactured, distributed, sold, and/or designed asbestos products, including without limitation packing and gaskets.

6. Defendant Borg-Warner Inc. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

7. Defendant Buffalo Pumps Inc. manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

8. Defendant CBS Corporation is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed steam generating equipment including without limitation turbines, generators, wire, motors and switch gears. Westinghouse also erected and maintained steam generation equipment

9. Defendant Crane Co. manufactured, sold, and designed asbestos containing products, including without limitation gaskets, packing and valves.

10. Defendant Dap Products Inc. is responsible for the conduct of Dap Inc. Dap manufactured, designed, and sold asbestos products including without limitation caulks, mastics, plasters and putties.

11. Defendant Dana Corporation designed, manufactured and sold asbestos containing products, including without limitation, brake and friction products, gaskets, packing materials, valve covers and spray-coatings.

12. Defendant Dana Holding Corporation is legally responsible for Warner Electric, Inc. Dana Holding Corporation and/or companies for which it is responsible manufactured, distributed, sold, and/or designed asbestos products, including without limitation brake and friction products.

13. Defendant Elliott Company I is responsible for the conduct of Elliott TurboMachinery Company. Elliott Turbomachinery Company manufactured and sold cranes and industrial equipment, which contained asbestos products, including without limitation, brakes.

14. Defendant Foster Wheeler LLC is responsible for the conduct of Foster Wheeler Energy Corporation. Foster Wheeler Corporation & Foster Wheeler Energy Corporation designed, manufactured and/or sold steam generation equipment, including without limitation boilers, erected steam generation equipment, sold asbestos containing products, and installed asbestos containing products.

15. Defendant General Electric Company manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

16. Defendant H.B. Fuller Company designed, manufactured and sold asbestos containing products, including without limitation, adhesives, mastics, and coatings.

17. Defendant ITT Corporation is responsible for the conduct of Bell & Gossett and Marlow Pumps. ITT Corporation, Bell & Gossett and Marlow pumps manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

18. Defendant Ingersoll-Rand Company manufactured, designed, and sold asbestos products, including without limitation, brake disks, friction products, pumps, valves, compressors, gaskets

and packing.

19. Defendant Metropolitan Life conspired to suppress information about the health hazards of asbestos.

20. Defendant Owens-Illinois, Inc. manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block.

21. Defendant Pentair Pump Group manufactured, sold, and designed asbestos containing products, including without limitation pumps and valves.

22. Defendant Rapid American Corporation is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos-containing products, including without limitation pipe covering, block, cements, board, and air cell and supplied asbestos fibers.

23. Defendant Rockwell Automation, Inc., is legally responsible for the conduct of Allen Bradley. Allen Bradley manufactured and sold asbestos containing products, including without limitation, starters and pumps.

24. Defendant Trane U.S. Inc. is responsible for the conduct of American Standard Inc. The Kewanee boiler division formerly operated by American Standard designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes. Trane manufactures and sells asbestos containing heating, ventilation and air conditioning products and equipment.

25. Defendant Zurn Industries designed, manufactured and/or sold steam generation equipment, including without limitation boilers, which were asbestos insulated, and a seller of asbestos products.

26. Defendant Uniroyal Inc. designed, manufactured and sold asbestos containing products, including without limitation, cloth, textiles, yarn, gaskets, brakes and friction products.

27. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or

asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

28. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

29. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

30. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

31. Decedent during the course of his employment as a Maintenance Worker at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

32. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

33. Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

34. As a direct and proximate result of the conduct of Defendants, Decedent developed and had been diagnosed with mesothelioma on April 28, 2007.

35. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

36. Plaintiff brings this count for negligence against all defendants, except Metropolitan Life

Insurance Company, and incorporates by reference all general allegations.

37. It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

38. Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

39. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Decedent did not know that asbestos products were dangerous or harmful at the time of his exposures.

40. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

 a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

 b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

 c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

 d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

 e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

41. As a direct and proximate result of the acts and omissions of the product defendants above, Decedent was injured as described above.

**COUNT II - CIVIL CONSPIRACY**

42. Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

43. Plaintiff restates and realleges the allegations set forth in paragraphs 1-41 above.

44. Defendant Metropolitan Life and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

   a. Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

   b. Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

45. One or more of the conspirators performed the following tortious acts in furtherance of the conspiracy: Failed to warn about health hazards of asbestos, failed to investigate health hazards of asbestos, or failed to instruct about precautionary measures required for protection.

46. As a direct and proximate result of the acts of the conspiracy described above, decedent and plaintiff were injured and suffered damages as described above.

## COUNT III - WRONGFUL DEATH

47. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 46 above.

48. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by Decedent and plaintiff.

## COUNT IV – LOSS OF CONSORTIUM

49. Plaintiffs restate and realleges paragraphs 1 through 48.

50. These allegations for loss of consortium are made against all defendants.

51. Before decedent's injury and death, plaintiff was cohabiting with decedent, and plaintiff and the next of kin were enjoying decedent's companionship and care.

52. As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, plaintiff and the next of kin:

   a. have been deprived of the services, companionship, society and relationship of decedent from the time of his injury; and

   b. have been hindered and prevented from transacting and attending to their usual business and personal affairs.

## PRAYER FOR RELIEF

53. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated: January 26, 2012


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys


Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

# Exhibit A

### Defendants' Home States and Principal Places of Business

| Defendant | State Headquarters | State of Principal Business |
|---|---|---|
| A.O. Smith Corporation | Delaware | Wisconsin |
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| Borg-Warner Inc. | Delaware | Michigan |
| Buffalo Pumps, Inc. | Delaware | New York |
| CBS Corporation | Delaware | Pennsylvania |
| Crane Co. | Delaware | Connecticut |
| DAP Products, Inc., Individually and as Successor to DAP, Inc. | Delaware | Maryland |
| Dana Corporation | Virginia | Ohio |
| Dana Holding Corporation | Delaware | Ohio |
| Elliott Company I, Individually and as Successor to Elliot Turbomachinery Company | Delaware | Pennsylvania |
| *Foster Wheeler LLC (see below)* | Pennsylvania | New York |
| General Electric Company | New York | Connecticut |
| H.B. Fuller Company | Minnesota | Minnesota |
| ITT Corporation | Indiana | New York |
| Ingersoll Rand Company | New Jersey | New Jersey |
| Metropolitan Life Insurance Company | Delaware | New York |
| Owens-Illinois Inc. | Delaware | Ohio |
| Pentair Pump Group, Inc. | Minnesota | Minnesota |
| Rapid American Corporation | Delaware | New York |
| Rockwell Automation, Inc. Individually and as successor to Rockwell International and Alan Bradley | Delaware | Wisconsin |
| Trane U.S. Inc. | Delaware | New Jersey |

| Defendant | State Headquarters | State of Principal Business |
|---|---|---|
| Uniroyal, Inc. | New Jersey | Connecticut |
| Zurn Industries | Delaware | Pennsylvania |

| *LLC CITIZENSHIP<br>Citizenship of Managers (a/k/a "Members", "Officers", etc.) for diversity purposes | City | State |
|---|---|---|
| **Foster Wheeler LLC** | | |
| Richard J. Swift | Clinton | New Jersey |

# Exhibit B

**Decedent's work history**

| Job Site | City | State | First year at job site (approx.) | Last year at job site (approx.) |
|---|---|---|---|---|
| Joliet Arsenal | Elwood | Illinois | 1966 | 1993 |

COLE

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 5.0.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:12-cv-00596

Pehlke v. A.O. Smith Corporation et al
Assigned to: Honorable Virginia M. Kendall
Demand: $75,000
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 01/26/2012
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**Luella C Pehlke**
*Individually and as Special Administrator of the Estate of Frank Pehlke Jr., deceased*

represented by **Michael Peter Cascino**
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
(312) 944-0600
Email: ecf.cvlo@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.O. Smith Corporation**
*a corporation*

**Defendant**

**A.W. Chesterton Company**
*a corporation*

**Defendant**

**Borg-Warner, Inc.**
*a corporation*

**Defendant**

**CBS Corporation**

**Defendant**

**Crane Co.**
*a corporation*

**Defendant**

**DAP Products, Inc.**
*Individually and as Successor successor*
DAP, Inc.

**Defendant**

**Dana Corporation**
*a corporation*

**Defendant**

**Dana Holding Corporation**
*a corporation*

**Defendant**

**Elliott Company I**
*Individually and as Successor to Elliott Turbomachinery Company*

**Defendant**

**Foster Wheeler LLC**
*a corporation*

**Defendant**

**General Electric Company**
*a corporation*

**Defendant**

**H.B. Fuller Company**
*a corporation*

**Defendant**

**ITT Corporation**
*a corporation*

**Defendant**

**Ingersoll-Rand Company**
*a corporation*

**Defendant**

**Metropolitan Life Insurance Company**
*a corporation*

**Defendant**

**Owens-Illinois Inc.**
*a corporation*

**Defendant**

**Pentair Pump Group Inc.**
*a corporation*

**Defendant**

**Rapid American Corporation**
*a corporation*

**Defendant**

**Rockwell Automation, Inc.**
*Individually and as successor to Rockwell International and Alan Bradley*
*successor*
Rockwell International
*successor*
Alan Bradley

**Defendant**

**Trane U.S. Inc.**
*a corporation*

**Defendant**

**Uniroyal, Inc.**
*a corporation*

**Defendant**

**Zurn Industries, Inc.**
*a corporation*

**Defendant**

**Buffalo Pumps, Inc.**
*a corporation*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 01/26/2012 | 1 | COMPLAINT filed by Luella C Pehlke; Jury Demand. Filing fee $ 350, receipt number 0752-6778204. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Cascino, Michael) (Entered: 01/26/2012) |
| 01/26/2012 | 2 | CIVIL Cover Sheet (Cascino, Michael) (Entered: 01/26/2012) |
| 01/26/2012 | 3 | CORPORATE DISCLOSURE STATEMENT by Luella C Pehlke (Cascino, Michael) (Entered: 01/26/2012) |
| 01/26/2012 | 4 | Notice of Tag-Along Action by Luella C Pehlke (Cascino, Michael) (Entered: 01/26/2012) |
| 01/26/2012 | 5 | ATTORNEY Appearance for Plaintiff Luella C Pehlke by Michael Peter Cascino (Cascino, Michael) (Entered: 01/26/2012) |
| 01/27/2012 |   | CASE ASSIGNED to the Honorable Virginia M. Kendall. Designated as Magistrate Judge the Honorable Jeffrey Cole. (jn, ) (Entered: 01/27/2012) |
| 02/16/2012 | 6 | MINUTE entry before Honorable Virginia M. Kendall:Initial status hearing set for 4/26/2012 @ 9:00 a.m. Joint Status Report due by 4/20/2012. (See Judge Kendall's web page found at www.ilnd.uscourts.gov for information about status reports). The parties are to report on the following: (1) Possibility of settlement |

| | | |
|---|---|---|
| | | in the case; (2) if no possibility of settlement exists, the nature and length of discovery necessary to get the case ready for trial. Plaintiff is to advise all other parties of the Court's action herein. Lead counsel is directed to appear at this status hearing.Mailed notice (tsa, ) (Entered: 02/16/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/09/2012 13:33:09 | | | |
| PACER Login: | cv0032 | Client Code: | Pehlke, Frank 9898 |
| Description: | Docket Report | Search Criteria: | 1:12-cv-00596 |
| Billable Pages: | 2 | Cost: | 0.16 |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Luella C. Pehlke, individually and as Special Administrator of the Estate of Frank Pehlke Jr, Deceased<br><br>        Plaintiff,<br><br>v.<br><br>A.O. Smith Corporation, et al.,<br><br>        Defendants. | Case No. 1:12-cv-596 |

### NOTICE OF TAG-ALONG ACTION

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending to the Federal Court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order.") That order also applies to "tag-along actions" or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either 1) enter a conditional transfer order pursuant to MDL Rule 7.4(a) or 2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule 7.5(b).

Dated: January 26, 2012


/S/ Michael P. Cascino
Attorney for Plaintiff

Michael P. Cascino
CASCINO VAUGHAN LAW OFFICES, LTD.
220 South Ashland Avenue
Chicago IL 60607
Phone: 312-944-06000