BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS § | | |
| LIABILITY LITIGATION (No. VI) § | MDL DOCKET NO. 875 | |
| § | | |

**PLAINTIFFS' LIAISON COMMITTEE'S RESPONSE TO DEFENDANT
CRANE CO.'S MOTION TO MODIFY THE JUDICIAL PANEL'S MDL-875 ORDER**

Comes now the plaintiffs' liaison committee in MDL 875, and files this response to Crane Co.'s Motion to Modify the Judicial Panel on Multidistrict Litigation's MDL-875 Order and would respectfully show as follows:

**INTRODUCTION**

In the wake of the Panel's recent order adopting Judge Robreno's suggestion to the panel concerning future tag-along transfers, issued on December 13, 2011, one defendant in the asbestos litigation, Crane Co., moved the Panel to modify its order. Crane asked the Panel to require that all motions for remand to state court, filed in any removed asbestos case, be decided by the transferee court, the United States District Court for the Eastern District of Pennsylvania. In other words, after over 20 years of federal stewardship in the MDL-875, and after this Panel's endorsement of Judge Robreno's conclusion that the interest of justice and the "efficient and economical adjudication" of asbestos cases "would be promoted by discontinuing their transfer to the MDL [,]" Order at 2, Crane asks the Panel to dramatically *expand* the transferee court's jurisdiction. Indeed, Crane asked for an enlargement of transferee court jurisdiction that would be unprecedented in any MDL proceeding. This motion should be denied for the following reasons.

## **ARGUMENT**

### **THE PANEL HAS ALWAYS ALLOWED
TRANSFEROR COURTS TO DECIDE THEIR OWN JURISDICTION**

Panel Rule 2.1(d) provides that the pendency of a motion for transfer, and an order to show cause, a conditional transfer order or the like "does not affect or suspend orders and pre-trial proceedings in any pending federal district court action and does not limit the pre-trial jurisdiction of that court." The transferor's court jurisdiction has always included jurisdiction to decide motions for remand to state court. *See* David Herr, *Multidistrict Litigation Manual* § 3:15, p. 37 and n. 3 (West 2011). The courts have likewise long made clear that transferor courts have power to rule on threshold jurisdictional motions, even if this leads to inconsistent determinations of similar issues:

> We find nothing absurd in district courts individually evaluating their own jurisdiction. Furthermore, Congress has indicated a preference for remands based on such individualized jurisdictional evaluations and a tolerance for inconsistency. As we have explained, 28 U.S.C. §1447(d) bars appellate review of a remand order based on a district court's determination that it lacks subject matter jurisdiction. [citation omitted] This creates a "one-bite-at-at-the-apple scheme," under which inconsistent jurisdictional decisions by district courts cannot be brought in line through appellate process. … If the court of appeals have no power to bring consistency to these remand orders, there is no reason why a sister district court, in a different circuit, should have this power. … Before the transfer is effective, however, the potential [MDL] transferor court wields no such power over individual, unconsolidated cases.

*Illinois Municipal Retirement Fund v. Citigroup*, 391 F.3d 844, 851-52 (7th Cir. 2005).

Here, Crane seeks to expand the jurisdiction of the transferee court far beyond that which it has ever been in MDL-875, or in any other MDL. Even though district courts have always had the power to rule on threshold motions for remand to state court, in asbestos cases or any other cases, Crane now seeks a rule that would deprive all federal district courts of their threshold

3

power to decide their own jurisdiction, by requiring all initial motions for remand to state court to be heard only in the transferee court.  Yet this unprecedented expansion of MDL transferee court power would be undertaken, if Crane's motion is granted, precisely at the time that both Judge Robreno and this Panel have recognized that federal court asbestos filings are waning and the need for MDL stewardship is likewise diminishing.

As explained by the Seventh Circuit, there is no requirement—in the removal and remand statutes, the Panel Rules, or anywhere else—that all jurisdictional determinations by federal courts be consistent.  Long before Judge Robreno issued his ruling in the *Hagen* case concerning federal officer jurisdiction in removed asbestos cases, district courts around the country had reached differing conclusions on this issue.  *See Hagen v. Benjamin Foster Co.,* 739 F.Supp. 2d 770, 780-82 (E.D.Pa. 2010).  This difference of opinion has continued even after Judge Robreno's ruling.  In addition to the Hawaii cases cited in Crane' supplemental filing, *see*, *e.g*. *Perakslis v. 3M Co.,* ____ F.Supp.2d _____, 2012 WL 113755 (S.D. Ill. 2012).   There is nothing wrong or unusual about this state of affairs.

Moreover, the relief Crane seeks would apply to not only to federal officer jurisdiction determinations, but apparently to removals on any basis whatsoever.  Thus, for example, Judge Robreno would suddenly be tasked with deciding motions for remand to state court in cases removed on garden-variety diversity grounds, or on various kinds of asserted federal questions.  He also would have to decide all motions based on procedural defects in removal, such as untimeliness or lack of the necessary unanimous joinder required in most cases.  Again, all of this would constitute a radical expansion of transferee court jurisdiction beyond what it has ever been, either in MDL-875 or in any other federal MDL.

Finally, sending all removed cases to Philadelphia for resolution of threshold jurisdictional motions can only build in another layer of delay for claimants who are already facing difficulties in obtaining trial dates before they die.  As the Panel is well aware, mesothelioma is an "invariably fatal cancer…for which asbestos exposure is the only known cause…" In re Patenaude, 210 F.3d 135, 138 (3d Cir.), cert. denied, 531 U.S. 1011 (2000).  It kills its victims "generally within two years of diagnosis[,]" during which "[m]esothelioma victims invariably suffer great pain and disability." Georgine v. Amchem Prods., Inc., 83 F.3d 610, 633 (3d Cir.), aff'd, 521 U.S. 591 (1997).  There is no reason to add yet more delay to these exigent cases.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully pray that Crane Co.'s motion to modify the judicial panel's MDL-875 Order be denied.

DATED:  March 12, 2012            Respectfully submitted,

**WATERS & KRAUS, LLP**

  /s/  Charles Siegel
Peter  Kraus, *Admitted Pro Hac Vice*
TX State Bar No. 11712980
Charles S. Siegel, *Admitted Pro Hac Vice*
TX State Bar No. 18341875
3219 McKinney Avenue
Dallas, Texas 75204
(214) 357-6244 Telephone
(214) 871-2263 Facsimile

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATION OF SERVICE**

The undersigned counsel for Plaintiffs, hereby certifies that a true and correct copy of the foregoing document, and all related attachments, was served via electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record in the above-referenced cases and to those registered to receive a Notice of Electronic Filing for this case on this the 12th day of March, 2012.

/s/ Charles S. Siegel
CHARLES S. SIEGEL