BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION

MDL No. 875

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

| | |
|---|---|
| MARIA KOVARY; BRYAN ALEXANDRO KOVARY and ERIKA MICHELLE KOVARY<br><br>Plaintiffs,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC., BENDIX CORPORATION; TRW CONEKT; VOLKSWAGEN GROUP OF AMERICA, INC.; DOES 1-10 INCLUSIVE,<br><br>Defendants. | E.D. Pa. No. 2:10-cv-67416<br><br>(transferred from<br>No. 2:10-cv-00494-GW-CW C. D. Cal.) |

**VOLKSWAGEN GROUP OF AMERICA, INC.'S REPLY IN SUPPORT OF ITS
LIMITED OPPOSITION TO CONDITIONAL REMAND ORDER**

Plaintiffs' Opposition to Volkswagen Group of America, Inc.'s ("VWGoA") Limited Opposition to Conditional Remand Order misstates and mischaracterizes the record, as well as the basis for and the statements made in VWGoA's Opposition. Therefore, VWGoA submits this succinct Reply pursuant to JPML Rule 6.1 (d).

The areas of agreement between the parties, as well as Plaintiff's misstatements, that must be addressed before the Panel considers VWGoA's Limited Opposition in its March 29, 2012 session include:

**POINT OF AGREEMENT 1. This Case Should be Remanded**

Plaintiffs and VWGoA agree that this case should be remanded to the Central District of California. VWGoA did not move to vacate the Conditional Remand Order in full, but instead

1

filed a **limited** opposition to request that the Panel incorporate the transferee Court's prior rulings and the state of the case into the remand order so that the transferor court would be fully aware of the issues it must address before trial. Although some of the issues (but certainly not all) were listed in the transferee Court's Suggestion of Remand, VWGoA filed a limited Opposition to ensure that the eventual remand order correctly reflects all outstanding issues.

### POINT OF AGREEMENT 2. VWGoA is Entitled to File a Renewed Motion for Summary Judgment

Plaintiffs and VWGoA agree that, as specified by the transferee Court, VWGoA is entitled to file a renewed Motion for Summary Judgment based upon the impact of the California Supreme Court's recent ruling in *O'Neil v. Crane Co.*, 53 Cal.4th 335, 266 P.3d 987, 135 Cal.Rptr.3d 288 (2012) (attached to VWGoA's Limited Opposition as Exhibit B). VWGoA has requested that this understanding be reflected in the eventual Remand Order.

### POINT OF DISAGREEMNT 1. Plaintiffs Incorrectly Assert That the Parties "Mutually Agreed" to Dispense With Depositions of Testifying Experts Expressly Permitted by the Federal Rules of Civil Procedure

Plaintiffs claim that the parties mutually agreed to dispense with depositions of experts. This is untrue; VWGoA did not agree to dispense with its fundamental right to depose Plaintiffs' experts in advance of trial. The period of expert discovery has simply not yet been reached in this case.

Federal Rule of Civil Procedure 26 (b) (4) (A) sets forth the parties' rights to depose testimonial experts:

> (A) Deposition of an Expert Who May Testify. A party **may depose** any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a) (2) (B) requires a report from the expert, the deposition may be conducted **only after**

2

**the report is provided.**

Fed. R. Civ. Pro. 26 (b) (4) (A) (emphasis supplied). No scheduling order in this matter, including the Amended Scheduling Order, reflects any agreement of the parties to forego the rights expressly authorized and required by the Federal Rules of Civil Procedure. [1]

Again, in stark contrast to Plaintiffs' claim, the parties **never** agreed to forego depositions of testifying experts. That subject was never ever broached. To suggest that the Amended Scheduling Order, which mirrors the standard scheduling order in MDL cases, somehow represents a meeting of the minds on this subject, without any support for that statement, demonstrates either a lack of familiarity with the procedures of MDL 875 or is an attempt to "change history" at the expense of the fundamental rights of the parties to take the deposition of disclosed testimonial experts.[2]

## POINT OF DISAGREEMENT 2. Plaintiffs Incorrectly Contend That *Daubert* Motions Should Have Been Filed As "Dispositive Motions"

Plaintiffs also claim that any *Daubert* challenges should have been filed by the dispositive motion deadline. This is demonstrably incorrect.

As this Panel knows, the Court overseeing MDL 875 does not consider the dispositive motion deadline in its standard Scheduling Orders as applying to *Daubert* challenges to strike or preclude an expert in the way Plaintiff suggests. On the contrary, that sort of challenge will be handled by the transferor court upon remand, unless otherwise expressly agreed to by the

---

[1] Additionally, the Amended Scheduling Order provided for a **fact** discovery period that ended before expert reports were to be exchanged. As Rule 26 does not permit expert depositions to take place until after reports are served, that discovery period could not have applied to expert depositions.

[2] Plaintiffs' position is even more baffling since this case was initially filed in California state court which, like the federal courts, requires that testifying experts be made available for deposition after they are disclosed. *See* Cal. Code. Civ. Pro. § 2034.260.

3

parties.³ Plaintiffs cannot hang their hats on the notion that VWGoA somehow failed to file such a challenge at the "proper time," since the proper time has not yet arrived.⁴ In fact, VWGoA confirmed the transferee Court's position regarding *Daubert* challenges for the parties and this Panel by providing a prior statement by Judge Robreno on this subject. *See* Exhibit C to VWGoA's Limited Opposition, Order from the *Anderson* case (expressly stating Judge Robreno's position that motions *in limine* and *Daubert* motions are not subject to the dispositive motion deadline set forth in MDL 875's standard scheduling orders).⁵

Plaintiffs may lack familiarity with the procedures established in the MDL, but that does not mean that their misapprehension will govern the case. Once Plaintiffs' experts are deposed and the full scope of their opinions have been placed on the record, VWGoA can and must be given the opportunity to assess the propriety of any and all motions *in limine*, including *Daubert* challenges, as applicable.

## CONCLUSION

Plaintiffs' Response to VWGoA's Limited Opposition to Remand does not reflect an understanding of the MDL process, and misstates the record in this case. VWGoA asks that the Panel, in considering the scope of its remand of this case, consider the issues raised by VWGoA

---

³ This sometimes takes place after a matter is referred to a Magistrate Judge for subsequent handling. However, in this case, Judge Robreno elected not to refer this case to a Magistrate Judge (despite the parties' request). *See* Page 2 of Amended Scheduling Order (referral to Magistrate Judge struck by the Court).

⁴ Further, without the full benefit of expert depositions to determine the basis, if any, for Plaintiffs' experts' opinions, a *Daubert* challenge would also be arguably premature. This is especially true since two of Plaintiffs' experts (Mr. Hatfield and Dr. Brody) filed what amounted to generic disclosures rather than case-specific reports.

⁵ Judge Robreno's opinion in *Anderson* reads in relevant part: "By way of clarification, the deadline for filing motions *in limine* under *Daubert* and Rule 702 has not yet passed . . . . [M]otions *in limine* are technically not dispositive motions and therefore are not necessarily subject to the 'dispositive motion' deadline in the scheduling order governing this case. *See Bradley v. Pittsburgh Board of Educ.*, 723 F.2d 238, 260 (3d Cir. 1983) ('[u]nlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions'). Therefore, although the motion *in limine* 'may have the effect of a dispositive motion, as when evidence sought to be precluded is an essential proof of an element of a claim or defense' they serve different purposes, and should be treated differently. *Sweitzer v. Oxmaster, Inc.*, 2010 WL 5257226 at *2 n. 2 (E.D. Pa., Dec. 23, 2010) (Pratter, J.)."

and modify any final Remand Order to provide the transferor court with a correct statement of the record, including a clarification of all issues which remain outstanding. VWGoA respectfully requests that this Court look past Plaintiffs' misstatements and grant its Limited Opposition prior to remanding this case to the Central District of California.

WHEREFORE, VWGoA respectfully files this Reply in advance of remand, and requests the Panel issue a Remand Order in the form attached hereto.

Dated: March 14, 2012          By:   /s/ Alice S. Johnston
                                     Alice S. Johnston
                                     Jay Evans
                                     **OBERMAYER REBMANN**
                                     **MAXWELL & HIPPEL LLP**
                                     BNY Mellon Center, Suite 5240
                                     500 Grant Street
                                     Pittsburgh, PA  15219-2502
                                     (412) 288-2459

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2012, I caused to be served, via ECF, a true and correct copy of Volkswagen Group Of America Inc.'s Reply in Support of its Limited Opposition to Conditional Remand Order.

Dated: March 14, 2012

By: /s/ Alice S. Johnston
Alice S. Johnston
Jay Evans
**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219-2502
(412) 288-2459

4621702