UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                                   MDL No. 875

**CRANE CO.'S REPLY BRIEF IN SUPPORT OF
MOTION TO MODIFY THE JUDICIAL PANEL'S MDL-875 ORDER**

Crane Co. respectfully submits this reply brief in response to Plaintiffs' Liaison Committee's Response to Defendant Crane Co.'s Motion to Modify the Judicial Panel's MDL-875 Order (doc. no. 8522) ("Plaintiffs' Response").

The Judicial Panel has broad authority to transfer actions involving one or more common questions of fact pending in different districts to a single district court for consolidated pretrial proceedings. *See* 28 U.S.C. § 1407. Contrary to Plaintiffs' Liaison Committee's ("Plaintiffs") contention that Crane Co. is asking the Judicial Panel to expand the transferee court's jurisdiction, the MDL-875 Court already decides motions to remand, such as in *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770 (E.D. Pa. 2010). Crane Co. is not asking the Judicial Panel to expand the MDL-875 Court's jurisdiction; Crane Co. is simply requesting the Judicial Panel to modify its MDL-875 Order to achieve the goals of uniformity and consistency with respect to motions to remand.

As set forth in Crane Co.'s Motion to Modify the Judicial Panel's MDL-875 Order (doc. no. 8257), district courts across the nation are reaching inconsistent conclusions on motions to remand in asbestos lawsuits. Crane Co. provided various examples of these inconsistencies and Plaintiffs concede this point, especially as it relates to motions to remand cases removed under federal officer jurisdiction. *See* Plaintiffs' Response at 3. Plaintiffs contend that "there is nothing

wrong or unusual about this state of affairs," however, Plaintiffs' analysis ignores the recent amendment to 28 U.S.C. § 1447(d) that no longer tolerates inconsistent rulings on these issues.

Plaintiffs rely on a Seventh Circuit case – *Illinois Mun. Ret. Fund v. Citigroup*, 391 F.3d 844, 851-52 (7th Cir. 2005) – for the assertion that Congress has indicated a preference for remands based on individual review and a "tolerance for inconsistency" because 28 U.S.C. § 1447(d) bars appellate review. *See* Plaintiffs' Response at 3. But Plaintiffs' reliance on *Citigroup* and their contention that jurisdictional determinations by federal courts can be inconsistent is belied by the recently-enacted Removal Clarification Act of 2011, Pub. L. No. 112-51, 125 Stat. 545 (codified as amended in 28 U.S.C. §§ 1442, 1446, and 1447). *See* 28 U.S.C. § 1447(d). Pursuant to the Removal Clarification Act, an Order granting a motion to remand in a case removed under federal officer jurisdiction is now appealable. *Id.* Thus, Plaintiffs' reasoning fails in light of this new legislation which demonstrates there is no longer a preference to tolerate inconsistencies under 28 U.S.C. § 1447(d).

Inconsistent rulings on motions to remand in cases removed under 28 U.S.C. § 1442 will lead to appeals before multiple federal circuits and give rise to the possibility of inconsistent appellate court rulings on issues arising solely from matters of federal jurisdiction and the application of a defense grounded in federal law. Congress has demonstrated its preference for consistency and the MDL-875 Court is best situated to provide that consistency. Plaintiffs' Response concedes that there have been inconsistent rulings since the Judicial Panel's suggestion that the district courts look to MDL-875 opinions when deciding identical issues. *See* Plaintiffs' Response at 4. Referral of all motions to remand in asbestos lawsuits to that court will promote consistency and efficiency without sacrificing fairness to any party. As the Judicial Panel has recognized, the MDL-875 Court has efficiently and effectively managed the MDL-875 docket.

There has been no credible evidence presented by Plaintiffs that the MDL-875 Court would not be efficient in deciding these motions. Moreover, there has been no evidence to suggest that a motion to remand would be decided faster in the transferor court. In fact, with its familiarity of the issues, the MDL 875 Court would be more efficient at addressing the motions to remand. Once the motions are decided, the cases would be remanded back to the transferor courts as appropriate. As such, Plaintiffs' concerns regarding delay are unwarranted.

WHEREFORE, Crane Co. requests that the Panel modify its Order to provide that all motions to remand asbestos claims to state courts be decided exclusively by the MDL-875 Court.

Dated:  March 19, 2012
Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500

Attorneys for Defendant Crane Co.