EXHIBIT 2

ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00903-JSW

McKinley v. Air & Liquid Systems Corporation et al
Assigned to: Hon. Jeffrey S. White
Case in other court: Alameda County Superior Court, RG-
12-612940
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 02/23/2012
Jury Demand: Defendant
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Federal Question

**Plaintiff**

**Robert McKinley, Jr.**                    represented by    **Benno Ashrafi**
Weitz & Lexenberg
1880 Century Park East
Suite 700
Los Angeles, CA 90211
(310) 247-0921
Fax: (310) 786-9927
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cindy Saxey**
Weitz and Luxenberg, P.C.
Suite 700
1880 Century Park East
Los Angeless, CA 90067
310-247-0921
Fax: 310-786-9927
Email: csaxey@weitzlux.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**
*a subsidiary of AMPCO-Pittsburg
corporation, individually and as
successor by merger to Buffalo Pumps,
Inc., individually and as successor in
interest to Buffalo Forge Company*

**Defendant**

**Atlas Foundry Company, Inc.**

**Defendant**

**Aurora Pump Company**                    represented by    **William Joseph Gunter**

Low Ball & Lynch
505 Montgomery Street 7th Fl
San Francisco, CA 94111
415 981-6630
Email: jgunter@selmanbreitman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blackmer Pump Company**

**Defendant**

**BW/IP Inc.**
*individually and as successor in interest
to Byron Jackson Pump Co.*

**Defendant**

**Carrier Corporation**
*individually and as successor in interest
to Bryant Heating and Cooling Systems*

**Defendant**

**CBS Corporation**
*f/k/a Viacom Inc., Successor by merger
to CBS Corporation fka Westinghouse
Electric Corporation as successor in
interest to BF Sturtevant*

**Defendant**

**Cleaver-Brooks, Inc.**
*individually and f/k/a Aqua Chem, Inc.*

**Defendant**

**Crane Co.**
*individually and as successor in interest
to Chapman Valve, Inc.*

represented by **Jason Nathaniel Haycock**
K L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
(415) 882-8200
Fax: (415) 882-8220
Email: jason.haycock@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Megan Frances Cesare-Eastman**
K&L Gates LLP
4 Embarcadero Center, 12th Floor
San Francisco, CA 94111
415-882-8200
Fax: 415-882-8220

Email: megan.cesare-
eastman@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michele Cherie Barnes**
KL Gates LLP
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-249-1011
Fax: 415-882-8220
Email: michele.barnes@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>
**Crosby Valve, Inc.**

<u>**Defendant**</u>
**Energy Transportation Group, Inc.**
*individually and as successor in interest
to Energy Transportation Corporation*

represented by **Andrew Ira Port**
Emard Danoff Port Tamulski &
Paetzold LLP
49 Stevenson Street, Suite 400
San Francisco, CA 94105
(415) 227-9455
Email: aport@edptlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>
**FMC Corporation**
*f/k/a Construction Equipment Group
a/k/a and individually and as successor
in interest to Northern Pump Company
f/k/a Northern Fire Apparatus
Company, Chicago Pump Company and
Perrless Pump Company*

<u>**Defendant**</u>
**Foster Wheeler, LLC**
*aka and individually and as successor
in interest to Foster Wheeler
Corporation and Foster Wheeler
Energy Corporation*

<u>**Defendant**</u>
**Gar.dner Denver, Inc.**
*formerly known as*
Gardner Denver Machinery, Inc.

**Defendant**

**General Electric Company**

**Defendant**

**Goulds Pumps, Inc.**

**Defendant**

**IMO Industries, Inc.**
*individually and as successor in interest*
*to Delaval Steam Turbine Company*

**Defendant**

**Ingersoll-Rand Company**

**Defendant**

**Peerless Industries, Inc.**

**Defendant**

**Nash Engineering Company**

**Defendant**

**William Powell Company**

**Defendant**

**Warren Pumps, LLC**
*fka Warren Pumps, Inc., individually*
*and as successor in interest to Quimby*
*Pump Company*

**Defendant**

**Weir Valves & Controls USA, Inc.**
*fka and individually and as successor in*
*interest to Atwood & Morrill*

**Defendant**

**Yarway Corporation**                    represented by    **Amy Jo Talarico**
                                                            Morgan Lewis & Bockius LLP
                                                            1 Market Spear St Twr
                                                            San Francisco, CA 94105
                                                            (415) 442-1227
                                                            Fax: (415) 442-1000
                                                            Email: atalarico@morganlewis.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Energy Transportation Corporation**    represented by    **Andrew Ira Port**
                                                            (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane, Inc.**
Hassard Bonnington
Two Embarcadero Center
Suite 1800
San Francisco, CA 94111
415/288-9800

represented by **Robert Lee Nelder**
Hassard Bonnington LLP
2 Embarcadero Center
Suite 1800
San Francisco, CA 94111-3993
415-288-9800
Fax: 415-288-9801
Email: rln@hassard.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/23/2012 | 1 | NOTICE OF REMOVAL from Alameda County Superior Court. Their case number is RG 12-612940. (Filing fee $350 receipt number 44611008430). Filed byCrane Co.. (vlk, COURT STAFF) (Filed on 2/23/2012) (Entered: 02/23/2012) |
| 02/23/2012 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 5/30/2012. Case Management Conference set for 6/6/2012 01:30 PM. (Attachments: # 1 Standing Order)(vlk, COURT STAFF) (Filed on 2/23/2012) (Entered: 02/23/2012) |
| 02/23/2012 | 3 | Certificate of Interested Entities by Crane Co. (vlk, COURT STAFF) (Filed on 2/23/2012) (vlk, COURT STAFF). (Entered: 02/23/2012) |
| 02/23/2012 | 4 | NOTICE of Tag Along Action by Crane Co. (vlk, COURT STAFF) (Filed on 2/23/2012) (vlk, COURT STAFF). (Entered: 02/23/2012) |
| 02/23/2012 | 5 | CERTIFICATE OF SERVICE by Crane Co. re 3 Certificate of Interested Entities, 4 Notice (Other), 1 Notice of Removal (vlk, COURT STAFF) (Filed on 2/23/2012) (vlk, COURT STAFF). (Entered: 02/23/2012) |
| 03/01/2012 | 6 | MOTION to Dismiss for Lack of Jurisdiction filed by Energy Transportation Group, Inc., Energy Transportation Corporation. Motion Hearing set for 4/12/2012 11:00 AM in Courtroom 4, 3rd Floor, Oakland before Magistrate Judge Donna M. Ryu. Responses due by 3/15/2012. Replies due by 3/22/2012. (Attachments: # 1 Declaration Declaration of Mark D. Fenske in Support, # 2 Exhibit Exhibits 5-6 to Declaration of Mark D. Fenske in Support, # 3 Proposed Order)(Port, Andrew) (Filed on 3/1/2012) (Entered: 03/01/2012) |
| 03/01/2012 | 7 | Certificate of Interested Entities by Energy Transportation Corporation, Energy Transportation Group, Inc. (Port, Andrew) (Filed on 3/1/2012) (Entered: 03/01/2012) |
| 03/01/2012 | 8 | CERTIFICATE OF SERVICE by Energy Transportation Corporation, Energy Transportation Group, Inc. re 7 Certificate of Interested Entities, 6 MOTION to Dismiss for Lack of Jurisdiction (Port, Andrew) (Filed on 3/1/2012) (Entered: |

| | | 03/01/2012 |
|---|---|---|
| 03/01/2012 | 9 | CERTIFICATE OF SERVICE by Energy Transportation Corporation, Energy Transportation Group, Inc. re 7 Certificate of Interested Entities, 6 MOTION to Dismiss for Lack of Jurisdiction *(Amended Proof of Service)* (Port, Andrew) (Filed on 3/1/2012) (Entered: 03/01/2012) |
| 03/05/2012 | 10 | CLERK'S NOTICE TO PARTIES Re: Consent or Declination to proceed before a U.S. Magistrate Judge with deadline set. (ig, COURT STAFF) (Filed on 3/5/2012) (Entered: 03/05/2012) |
| 03/06/2012 | 11 | Declination to Proceed before a U.S. Magistrate Judge by Crane Co. (Haycock, Jason) (Filed on 3/6/2012) Modified on 3/7/2012 (vlk, COURT STAFF). (Entered: 03/06/2012) |
| 03/07/2012 | 12 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (ls, COURT STAFF) (Filed on 3/7/2012) (Entered: 03/07/2012) |
| 03/07/2012 | 13 | NOTICE of Appearance by William Joseph Gunter *Defendant Aurora Pump Company's Notice of Appearance* (Gunter, William) (Filed on 3/7/2012) (Entered: 03/07/2012) |
| 03/08/2012 | 14 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Richard Seeborg for all further proceedings. Magistrate Judge Donna M. Ryu no longer assigned to the case. Signed by the Executive Committee on March 8, 2012. (cjl, COURT STAFF) (Filed on 3/8/2012) (Entered: 03/08/2012) |
| 03/08/2012 | 15 | NOTICE of Appearance by Amy Jo Talarico *and Kristina F. Almquist, Certificate of Service* (Talarico, Amy) (Filed on 3/8/2012) (Entered: 03/08/2012) |
| 03/08/2012 | 16 | Certificate of Interested Entities by Yarway Corporation identifying Other Affiliate Tyco International Finance Group GmbH, a Swiss Corporation, Other Affiliate Keystone France Holding Corp. for Yarway Corporation. re 15 Notice of Appearance *and Certificate of Service* (Talarico, Amy) (Filed on 3/8/2012) (Entered: 03/08/2012) |
| 03/09/2012 | 17 | RECUSAL ORDER. Signed by Judge Richard Seeborg on 3/9/12. (cl, COURT STAFF) (Filed on 3/9/2012) (Entered: 03/09/2012) |
| 03/09/2012 | 18 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Jeffrey S. White for all further proceedings. Judge Hon. Richard Seeborg no longer assigned to the case. Signed by Executive Committee on 03/09/12. (mab, COURT STAFF) (Filed on 3/9/2012) (Entered: 03/09/2012) |
| 03/09/2012 | 19 | MOTION to Dismiss *PLAINTIFFS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6)* filed by John Crane, Inc.. Motion Hearing set for 4/26/2012 11:00 AM in Courtroom 4, 3rd Floor, Oakland before Magistrate Judge Donna M. Ryu. Responses due by 3/23/2012. Replies due by 3/30/2012. (Attachments: # 1 DEFENDANT JOHN CRANE INC.S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO |

| | | |
|---|---|---|
| | | FRCP 12(b)(6), # 2 DECLARATION OF ROBERT L. NELDER IN SUPPORT OF DEFENDANT JOHN CRANE INC.S MOTION TO DISMISS PLAINTIFFS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6), # 3 [PROPOSED] ORDER GRANTING DEFENDANT JOHN CRANE INC.S FRCP 12(b)(6) MOTION TO DISMISS, # 4 CERTIFICATE OF SERVICE RE: DEFENDANT JOHN CRANE INC.S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FRCP 12(b)(6))(Nelder, Robert) (Filed on 3/9/2012) (Entered: 03/09/2012) |
| 03/09/2012 | 20 | Renotice motion hearing re 6 MOTION to Dismiss for Lack of Jurisdiction filed byEnergy Transportation Corporation, Energy Transportation Group, Inc.. Motion Hearing set for 4/27/2012 09:00 AM in Courtroom 11, 19th Floor, San Francisco before Hon. Jeffrey S. White. (Related document(s) 6 ) (Port, Andrew) (Filed on 3/9/2012) (Entered: 03/09/2012) |
| 03/09/2012 | 21 | CERTIFICATE OF SERVICE by Energy Transportation Corporation, Energy Transportation Group, Inc. re 20 Renotice motion hearing, (Port, Andrew) (Filed on 3/9/2012) (Entered: 03/09/2012) |
| 03/13/2012 | 22 | Renotice motion hearing re 6 MOTION to Dismiss for Lack of Jurisdiction filed byEnergy Transportation Corporation, Energy Transportation Group, Inc.. Motion Hearing set for 5/25/2012 09:00 AM in Courtroom 11, 19th Floor, San Francisco before Hon. Jeffrey S. White. (Port, Andrew) (Filed on 3/13/2012) (Entered: 03/13/2012) |
| 03/13/2012 | 23 | INITIAL SCHEDULING CONFERENCE ORDER: Case Management Conference set for 6/15/2012 01:30 PM in Courtroom 11, 19th Floor, San Francisco. Case Management Statement due by 6/8/2012.. Signed by Judge Jeffrey S. White on 3/13/12. (jjoS, COURT STAFF) (Filed on 3/13/2012) (Entered: 03/13/2012) |
| 03/14/2012 | 24 | *Crane Co's* ANSWER to Complaint with Jury Demand *for Personal Injury* byCrane Co.. (Haycock, Jason) (Filed on 3/14/2012) (Entered: 03/14/2012) |
| 03/15/2012 | 25 | RESPONSE (re 6 MOTION to Dismiss for Lack of Jurisdiction ) filed byRobert McKinley, Jr. (Attachments: # 1 Declaration Declaration of Cindy Saxey In Support of Plaintiffs Opposition to Defendant Energy Transportation Corporation MTD, # 2 Certificate/Proof of Service)(Saxey, Cindy) (Filed on 3/15/2012) (Entered: 03/15/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/19/2012 15:07:04 | | |
| **PACER Login:** | kl0203 | **Client Code:** | 0244181.00010/11040 |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-00903-JSW |

| Billable Pages: | 5 | Cost: | 0.40 |
|---|---|---|---|



F I L E D
ALAMEDA COUNTY

JAN 1 8 2012

CLERK OF THE SUPERIOR COURT
Judith de Jesus
Deputy

Benno Ashrafi, Esq. (CSBN 247623)
WEITZ & LUXENBERG, P.C.
1880 Century Park East, Suite 700
Los Angeles, California 90067
Tel.: (310) 247-0921
Fax: (310) 786-9927
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

ROBERT MCKINLEY, JR., an individual;

      Plaintiff,

      v.

AIR & LIQUID SYSTEMS
CORPORATION, a subsidiary of AMPCO-
PITTSBURGH CORPORATION, individually
and as successor by merger to BUFFALO
PUMPS, INC., individually and as successor in
interest to BUFFALO FORGE COMPANY;
ATLAS FOUNDRY COMPANY, INC.;
AURORA PUMP COMPANY;
BLACKMER PUMP COMPANY;
BW/IP INC., individually and as successor in
interest to BYRON JACKSON PUMP CO.;
CARRIER CORPORATION, individually
and as successor in interest to BRYANT
HEATING & COOLING SYSTEMS;
CBS CORPORATION f/k/a VIACOM,
INC., successor by merger to CBS
CORPORATION f/k/a WESTINGHOUSE
ELECTRIC CORPORATION as successor in
interest to BF STURTEVANT;
CLEAVER-BROOKS, INC., individually
and f/k/a AQUA-CHEM, INC.;
CRANE CO., individually and as successor in
interest to CHAPMAN VALVE COMPANY;
CROSBY VALVE, INC.;
ENERGY TRANSPORTATION
CORPORATION;
ENERGY TRANSPORTATION GROUP,
INC., individually and as successor in interest
to ENERGY TRANSPORTATION

CASE NO.  **RG12612940**

[COMPLEX ASBESTOS LITIGATION –
SUBJECT TO THE GENERAL ORDERS
CONTAINED IN FILE NO: C 700 000]

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1. **NEGLIGENCE**

2. **BREACH OF EXPRESS AND
   IMPLIED WARRANTIES**

3. **STRICT LIABILITY**

4. **THE JONES ACT**

5. **GENERAL MARITIME LAW**

**DEMAND FOR JURY TRIAL**

**FILE BY FAX**

- 1 -

PLAINTIFF'S COMPLAINT

CORPORATION;
**FMC CORPORATION**, f/k/a
CONSTRUCTION EQUIPMENT GROUP
a/k/a and individually and as successor in
interest to NORTHERN PUMP COMPANY
f/k/a NORTHERN FIRE APPARATUS
COMPANY, CHICAGO PUMP COMPANY
and PEERLESS PUMP COMPANY;;
**FOSTER WHEELER, LLC**, a/k/a and
individually and as successor in interest to
FOSTER WHEELER CORPORATION and
FOSTER WHEELER ENERGY
CORPORATION;.
**GARDNER DENVER, INC.**, f/k/a
GARDNER DENVER MACHINERY, INC.;
**GENERAL ELECTRIC COMPANY;**
**GOULDS PUMPS, INC.;**
**IMO INDUSTRIES, INC.**, individually and
as successor in interest to DELAVAL STEAM
TURBINE COMPANY;
**INGERSOLL-RAND COMPANY;**
**PEERLESS INDUSTRIES, INC.;**
**THE NASH ENGINEERING COMPANY;**
**THE WILLIAM POWELL COMPANY;**
**WARREN PUMPS, LLC**, f/k/a WARREN
PUMPS, INC., individually and as successor in
interest to QUIMBY PUMP COMPANY;
**WEIR VALVES & CONTROLS USA,**
**INC.**, f/k/a and individually and as successor
in interest to ATWOOD & MORRILL;
**YARWAY CORPORATION;**
and DOES 1 through 400, inclusive,

Defendants.

**COMES NOW**, Plaintiff ROBERT MCKINLEY, JR. for causes of action against defendants and DOES 1 through 400, and each of them, inclusive, who files this Complaint and alleges as follows:

## GENERAL ALLEGATIONS

1.      The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are unknown to plaintiff at this time, who therefore sue said defendants by such fictitious names.  Plaintiff is

- 2 -

PLAINTIFF'S COMPLAINT

1   informed and believes, and thereon alleges, that each defendant designated herein as a DOE caused

2   injuries and damages proximately thereby to plaintiff as hereinafter alleged; and that each DOE

3   defendant is liable to the plaintiff for the acts and omissions alleged herein below, and the resulting

4   injuries to plaintiff, and damages sustained by the plaintiff.  Plaintiff will amend this complaint to

5   allege the true names and capacities of said DOE defendants when that same is ascertained.

6       2.      Plaintiff is informed and believes, and thereon alleges, that at all times herein

7   mentioned, each of the defendants and each of the DOE defendants were the agent, servant,

8   employee and/or joint venturer of the other co-defendants and other DOE defendants, and each of

9   them, and at all said times, each defendant and each DOE defendant was acting in the full course,

10  scope and authority of said agency, service, employment and/or joint venture.

11      3.      Plaintiff is informed and believes, and thereon alleges, that all times mentioned

12  herein, defendants and DOES 1 through 400, and each of them, inclusive, were also known as,

13  formerly known as and/or were the successors and/or predecessors in interest/business/product

14  line/or a portion thereof, assigns, a parent, a subsidiary (wholly or partially owned by, or the whole

15  or partial owner), affiliate, partner, co-venturer, merged company, alter egos, agents, equitable

16  trustees and/or fiduciaries of and/or were members in an entity or entities engaged in the funding,

17  researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling,

18  distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing,

19  installing, demolishing, contracting for installation, contracting others to install, repairing,

20  marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain

21  substance, the generic name of which is asbestos, and/or other products, components and assemblies

22  containing said substance (hereafter "alternate entities").  Defendants and DOES 1 through 400, and

23  each of them, inclusive, are liable for the acts, omissions and tortious conduct of its successors

24  and/or predecessors in interest/business/product line/or a portion thereof, assigns, parent, subsidiary,

25  affiliate, partner, co-venturer, merged company, alter ego, agent, equitable trustee, fiduciary and/or

26  its alternate entities in that defendants and DOES 1 through 400, and each of them, inclusive, enjoys

27  the goodwill originally attached to each such alternate entity, acquired the assets or product line (or

28  portion thereof), and that there has been a virtual destruction of plaintiff' remedy against each such

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 3 -

1    alternate entity, and in that each such defendant has the ability to assume the risk spreading role of

2    each such alternate entity.

3        4.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

4    mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and are

5    corporations organized and existing under the laws of the State of California or the laws of some

6    state or foreign jurisdiction; that each of the said defendants and DOE defendants were and are

7    authorized to do and are doing business in the State of California and regularly conducted business

8    in the County of Alameda.

9        5.    This lawsuit is brought strictly and solely upon California State law, and every claim

10   arising under the Constitution, treaties, or laws of the United States is expressly disclaimed

11   (including any claim arising from an act or omission on a federal enclave, or of any officer of the

12   U.S. or any agency or person acting under him occurring under color of such office).  No claim of

13   admiralty or maritime law is raised.

14       6.    Plaintiff ROBERT MCKINLEY, JR. was a worker and end user, including but not

15   limited to, an engineer aboard the Gemini, USS Dolphin, USS Seawolf, USS Skipjack, USS Sculpin,

16   USS Snook, USS Permit, USS Plunger, USS Haddo, USS Guardfish, USS Flasher, USS Haddock,

17   USS Sturgeon, USS Kamahameha, USS Pogy, USS Sand Lance, USS Gurnard, USS Hammerhead,

18   USS Guitarro, USS Hawkbill, USS Bergall, USS Narwhal, USS Pintado, USS Parche, USS Richard

19   B. Russell, USS Los Angeles, USS La Jolla, USS Portsmouth, USS Salt Lake City who at various

20   locations, including within the State of California, used, handled or was otherwise exposed to

21   asbestos, asbestos containing products and/or products designed to be used in association with

22   asbestos products of defendants and DOES 1 through 400, and each of them, inclusive; including:

23   **AIR & LIQUID SYSTEMS CORPORATION**, a subsidiary of AMPCO-PITTSBURGH

24   CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC.,

25   individually and as successor in interest to BUFFALO FORGE COMPANY (for Buffalo pumps);

26   **ATLAS FOUNDRY COMPANY, INC.** (for valves); **AURORA PUMP COMPANY** (for pumps);

27   **BLACKMER PUMP COMPANY** (for pumps); **BW/IP INC.**, individually and as successor in

28   interest to BYRON JACKSON PUMP CO. (for pumps and turbines); **CARRIER**

- 4 -

PLAINTIFF'S COMPLAINT



CORPORATION, individually and as successor in interest to BRYANT HEATING & COOLING SYSTEMS (for air conditioning and refrigeration units); **CBS CORPORATION f/k/a VIACOM, INC.**, successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION as successor in interest to BF STURTEVANT (for Westinghouse heaters, turbines, ship's service generators and forced draft blowers; and BF Sturtevant high pressure air compressors and turbines); **CLEAVER-BROOKS, INC.**, individually and f/k/a AQUA-CHEM, INC. (for distillers); **CRANE CO.**, individually and as successor in interest to CHAPMAN VALVE COMPANY (for valves); **CROSBY VALVE, INC.** (for Crosby valves); **ENERGY TRANSPORTATION CORPORATION** (as ship line operator); **ENERGY TRANSPORTATION GROUP, INC.**, individually and as successor in interest to ENERGY TRANSPORTATION CORPORATION (as ship line operator); **FMC CORPORATION**, f/k/a CONSTRUCTION EQUIPMENT GROUP a/k/a and individually and as successor in interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY, CHICAGO PUMP COMPANY and PEERLESS PUMP COMPANY; (for Northern pumps, Chicago pumps, Peerless pumps); **FOSTER WHEELER, LLC**, a/k/a and individually and as successor in interest to FOSTER WHEELER CORPORATION and FOSTER WHEELER ENERGY CORPORATION (for boilers, condensers, economizers and generators); **GARDNER DENVER, INC.**, f/k/a GARDNER DENVER MACHINERY, INC. (for pumps); **GENERAL ELECTRIC COMPANY** (for turbines, pumps, generators); **GOULDS PUMPS, INC.** (for pumps); **IMO INDUSTRIES, INC.**, individually and as successor in interest to DELAVAL STEAM TURBINE COMPANY (for DeLaval turbines and pumps); **INGERSOLL-RAND COMPANY** (for pumps and compressors); **PEERLESS INDUSTRIES, INC.** (for pumps); **THE NASH ENGINEERING COMPANY** (for pumps and compressors); **THE WILLIAM POWELL COMPANY** (for valves); **WARREN PUMPS, LLC**, f/k/a WARREN PUMPS, INC., individually and as successor in interest to QUIMBY PUMP COMPANY (for pumps); **WEIR VALVES & CONTROLS USA, INC.**, f/k/a and individually and as successor in interest to ATWOOD & MORRILL (for valves); **YARWAY CORPORATION** (for valves); and DOES 1 through 400, inclusive.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 5 -

7.  Plaintiff is informed and believes, and thereon alleges, that asbestos related diseases such mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural plaques are progressive lung diseases caused by cumulative inhalation of asbestos fibers without perceptible trauma and that said diseases result from exposure to asbestos and asbestos products over a period of time.

8.  As set forth herein this complaint, and as a result of plaintiff ROBERT MCKINLEY, JR.'s asbestos exposure to the products of and/or on the premises of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff ROBERT MCKINLEY, JR. was diagnosed with mesothelioma on or around November 2011, which is life threatening, debilitating and likely terminal, and plaintiff continues to endure great physical pain and suffering, mental anguish, loss of enjoyment of life and the loss of earnings, earning capacity and attendant medical expenses; all to the plaintiff's general and special damage in excess of the jurisdictional limits of the unlimited Court.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants and DOES 1 through 400)

9.  Plaintiff re-alleges and incorporates here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 8 above, inclusive.

10.  Plaintiff ROBERT MCKINLEY, JR. was a worker and end user who used, handled or was otherwise exposed to asbestos, asbestos containing products and/or products designed to be used in association with asbestos products of defendants and DOES 1 through 400, and each of them, inclusive, in a manner that was reasonably foreseeable to said defendants.

11.  At all times herein mentioned, defendants and DOES 1 through 400, and each of them, inclusive, were engaged in the business of researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation, contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos, and/or other products, components and assemblies containing said substance, or are engaged in the business of

- 6 -

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety

2  equipment, including respiratory protective devices which were intended to block the entry of

3  asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other

4  locations.

5        12.    At all times herein mentioned, defendants and DOES 1 through 400, and each of

6  them, inclusive, negligently and carelessly researched, tested or failed to test, warned or failed to

7  warn, manufactured and/or caused to be manufactured, fabricated, designed, developed, labeled,

8  assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired,

9  installed, demolished, contracted for installation, contracted others to install, repaired, marketed,

10  warranted, rebranded, manufactured for others, packaged and advertised a certain substance, the

11  generic name of which is asbestos, and/or other asbestos-containing products, components and

12  assemblies containing said substance, and that said substance was capable of causing and did, in fact,

13  proximately cause personal injuries to users, consumers, workers, persons working around or living

14  with persons working with or around such asbestos and asbestos-containing products, and others

15  including plaintiff ROBERT MCKINLEY, JR., while being used in a manner that was intended by

16  or otherwise reasonably foreseeable to said defendants, thereby rendering said substances unsafe and

17  dangerous for use by the consumers, users, bystanders or workers exposed thereto.

18        13.    At all times herein mentioned, defendants and DOES 1 through 400, and each of

19  them, inclusive, had a duty to exercise reasonable care while engaging in the activities mentioned

20  above and said defendants breached said duty of reasonable care in that defendants and DOES 1

21  through 400, and each of them, inclusive, failed to safely and adequately design, manufacture and/or

22  sell said defendants' products; failed to test said products; failed to investigate the hazards of said

23  products; failed to warn those persons who would be exposed, including plaintiff ROBERT

24  MCKINLEY, JR., of the health hazards of using said defendants' products; failed to disclose the

25  known or knowable dangers of using said defendants' products; failed to obtain suitable alternative

26  materials to asbestos when such alternatives were available; and as otherwise stated herein.

27        14.    On or before 1927, and thereafter, defendants and DOES 1 through 400, and each of

28  them, inclusive, were aware and knew of the dangers associated with breathing asbestos containing

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 7 -

1    dust, and said defendants also were aware and knew that users of asbestos and asbestos products, as

2    well as members of the general public who would be exposed to asbestos and asbestos-containing

3    products, had no knowledge or information indicating that asbestos could cause injury, and said

4    defendants knew that the users of asbestos and asbestos-containing products, as well as members of

5    the general public who were exposed to asbestos and asbestos-containing products, would assume,

6    and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in

7    fact said exposure was extremely hazardous to human life; and propagated misinformation intended

8    to instill in users of the said defendants' products a false security about the safety of said defendants'

9    products.

10         15.    The defendants and DOES 1 through 400, and each of them, inclusive, knew and

11   failed to disclose that plaintiff ROBERT MCKINLEY, JR. and anyone similarly situated, upon

12   inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of

13   pneumoconiosis, asbestosis, mesothelioma and/or cancer, and said defendants knew and failed to

14   disclose that inhalation of asbestos would cause pathological effects without noticeable trauma to the

15   public, including buyers, users, and physicians such that physicians could not examine, diagnose and

16   treat those who were exposed to asbestos, including plaintiff.

17         16.    The defendants and DOES 1 through 400, and each of them, inclusive, despite said

18   defendants knowledge of the substantial risks associated with exposure to asbestos, willfully and

19   knowingly concealed and actively suppressed and promoted the suppression from all consumers,

20   including plaintiff ROBERT MCKINLEY, JR., medical and scientific information concerning the

21   health hazards associated with inhalation of asbestos, including the substantial risk of injury or death

22   therefrom in conscious disregard of the rights, safety and welfare of users, consumers, workers,

23   persons working around or living with persons working with or around such asbestos and asbestos-

24   containing products, and others including plaintiff ROBERT MCKINLEY, JR..

25         17.    Rather than attempting to protect users and workers from, or warn workers and users

26   of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing

27   products, defendants and DOES 1 through 400, and each of them, inclusive, intentionally failed to

28   reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed

- 8 -

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations. Said defendants propagated misinformation to instill a false sense of security and safety to instill in users a false sense of security about the safety of their products.

18.    In researching, testing, manufacturing, distributing, labeling, installing and marketing said products, defendants and DOES 1 through 400, and each of them, inclusive, did so with conscious disregard for the safety of the users of said products, in that said defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including but not limited to mesothelioma.  Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which said defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said defendants, and which knowledge was obtained by said defendants on or before 1927, and thereafter.

19.    The above referenced conduct of defendants and DOES 1 through 400, and each of them, inclusive, was motivated by the financial interest of said defendants in the continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing products.  In pursuance of said financial motivation, said defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos-containing products, and were in fact, consciously willing to permit asbestos and asbestos-containing products to cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

20.    With said knowledge, defendants and DOES 1 through 400, and each of them, inclusive, opted to manufacture, distribute and install said asbestos and asbestos-containing products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.

21.    Plaintiff was not aware that exposure to asbestos presented any risk of injury and/or disease to ROBERT MCKINLEY, JR., and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 9 -

22. Defendants and DOES 1 through 400, and each of them, inclusive, were aware that such dust created an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing dust.

23. Plaintiff is informed and believes, and based thereon alleges, that the injuries complained of herein were proximately caused by the negligence of defendants and DOES 1 through 400, and each of them, inclusive, in that said defendants knew or should have known that the asbestos dust would be generated and released from their asbestos-containing products during the regular and intended uses of such asbestos products, and that said asbestos-containing products and the asbestos dust exposure there from created an increased risk of asbestos disease for all users, consumers, or others, including plaintiff, who breathed said asbestos-containing dust which said defendants knew or should have known was harmful to the body and health of persons installing, handling, and using asbestos and asbestos-containing products, as well as to persons in the immediate vicinity of such installation, use and handling, and that such asbestos products and dust were capable of causing and did, in fact, cause personal injuries to users, consumers and others, while being used in a manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by plaintiff.

24. Plaintiff is informed and believes, and based thereon alleges, that the injuries complained of herein were proximately caused by the negligence of defendants and DOES 1 through 400, and each of them, inclusive, in that said defendants failed to take reasonable care to warn the plaintiff of the danger and harm to which he was exposed while installing, handling and otherwise using said products, as well as while he was in the vicinity of the use, installation, and handling of said products, and failed to specify, recommend, supply, install, sell, and use readily available substitutes which do not and did not pose the danger to human health.

25. The conduct of defendants and DOES 1 through 400, and each of them, inclusive, as described in this cause of action was a substantial factor and a legal cause of the injuries and damages sustained by plaintiff, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

rights, safety, and welfare of plaintiff ROBERT MCKINLEY, JR., and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

26.   As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff ROBERT MCKINLEY, JR. has suffered, and continues to suffer, permanent injuries to his person, body and health all to his general damage in a sum in excess of the jurisdictional limits of this unlimited Court.

27.   As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff ROBERT MCKINLEY, JR. was and will be compelled to and did employ medical services in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

28.   As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff has and/or will suffer loss of income and earnings, past, present and future and earning capacity in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

29.   As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff did necessarily incur and in the future will incur incidental expenses and damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

30.   In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.  As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 11 -



1    indifference to the rights, safety, and welfare of plaintiff ROBERT MCKINLEY, JR. and of workers

2    exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way

3    of punishing said defendants, seek punitive damages according to proof.

### SECOND CAUSE OF ACTION

### BREACH OF EXPRESS AND IMPLIED WARRANTIES

6    **(Against All Product Defendants and DOES 1 through 400)**

7      31.     Plaintiff re-alleges and incorporates here by reference, as though fully set forth at

8    length herein, all of the allegations of paragraphs 1 through 30 above, inclusive.

9      32.     Defendants and DOES 1 through 400, and each of them, inclusive, sold and/or

10    otherwise supplied the asbestos containing products, materials and equipment to Plaintiff and/or his

11    employers.

12      33.     That in connection with the manufacture, preparation, sale, specification, installation,

13    use, and supply of asbestos products, defendants and DOES 1 through 400, and each of them,

14    inclusive, expressly and impliedly warranted that said products were of good and merchantable

15    quality and fit for their intended use.  However, in truth and in fact, said products contained harmful

16    and deleterious asbestos fibers, known to the defendants herein, to be defective and harmful to

17    humans exposed thereto.

18      34.     Said products were not and are not suitable for the purposes for which said products

19    were intended, supplied, and relied upon, nor suitable for any other similar purpose, including their

20    use by human beings in confined spaces where humans would be physically present, working, rest-

21    ing or breathing.

22      35.     Plaintiff relied on the express and implied warranties of defendants and DOES 1

23    through 400, and each of them, inclusive, in the use of and exposure to said asbestos and asbestos

24    products, and plaintiff ROBERT MCKINLEY, JR. was using and/or exposed to said asbestos in a

25    reasonably foreseeable intended manner.

26      36.     Defendants and DOES 1 through 400, and each of them, inclusive, breached the

27    above-described express and implied warranties in that said substance was defective, which defects

28

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 92037

PLAINTIFF'S COMPLAINT

1 permitted and/or caused said substance to seriously and permanently cause injury to plaintiff while

2 using said substance in a manner that was reasonably foreseeable.

3   37. The breaches of warranties by defendants and DOES 1 through 400, and each of

4 them, inclusive, as described in this cause of action was a substantial factor and a legal cause of the

5 injuries and damages sustained by plaintiff.

6   38. As a direct and proximate result of the above-described breaches of warranties by

7 defendants and DOES 1 through 400, and each of them, inclusive, plaintiff ROBERT MCKINLEY,

8 JR. suffered severe and permanent injuries to his person, and plaintiff suffered damages as alleged

9 above.

10   39. In particular, plaintiff would show that, as alleged here in this cause of action and

11 throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product

12 Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing

13 agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly

14 ratified, and had full knowledge of or should have known, each of the acts set forth here causing his

15 disease and injuries.  As the above referenced conduct complained of in this complaint of said

16 Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and

17 managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive,

18 outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire

19 want of care as to establish that their acts and omissions were the result of actual conscious

20 indifference to the rights, safety, and welfare of plaintiff ROBERT MCKINLEY, JR. and of workers

21 exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way

22 of punishing said defendants, seek punitive damages according to proof.

**THIRD CAUSE OF ACTION**

**STRICT LIABILITY IN TORT**

**(Against All Defendants and DOES 1 through 400)**

26   40. Plaintiff re-alleges and incorporates here by reference, as though fully set forth at

27 length herein, all of the allegations of paragraphs 1 through 39 above, inclusive.

28   41. At all times mentioned herein, defendants and DOES 1 through 400, and each of

- 13 -

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   them, inclusive, manufactured, fabricated, designed, developed, labeled, assembled, distributed,

2   supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished,

3   contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded,

4   manufactured for others, packaged and advertised a certain substance, the generic name of which is

5   asbestos, and/or other products, components and assemblies containing said substance which were

6   defective in that they were not as safe as an ordinary consumer of such products would expect; and

7   that the gravity of the potential harm resulting from the use of the defective products of defendants

8   and DOES 1 through 400, and each of them, inclusive, and the risk of said asbestos and asbestos-

9   containing products outweighed any benefit of the said defendants' design, when safer alternative

10  designs and materials existed and were available that could and should have been substituted and

11  used instead of the deadly asbestos, including providing adequate warning of such potential harm.

12      42.     At all times mentioned herein, defendants and DOES 1 through 400, and each of

13  them, inclusive, were aware of the dangerous and defective nature of asbestos and asbestos-

14  containing products when they were used in their intended or reasonably foreseeable manner.

15      43.     The defendants and DOES 1 through 400, and each of them, inclusive, placed said

16  asbestos products on the market, knowing the asbestos-containing products would be used without

17  inspection for such defects and unsafe conditions, and that said defendants nonetheless took no

18  action to warn or otherwise protect exposed persons, including plaintiff, who foreseeable would be

19  exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

20      44.     The asbestos and asbestos-containing products, components and assemblies of

21  defendants and DOES 1 through 400, and each of them, inclusive, were substantially the same as

22  when they left said defendants' possession.

23      45.     The aforementioned asbestos and asbestos-containing products of defendants and

24  DOES 1 through 400, and each of them, inclusive, were used by plaintiff and exposed persons in the

25  manner for which they were intended or in a manner that was or would be reasonably foreseeable;

26  and that plaintiff ROBERT MCKINLEY, JR. was exposed to said asbestos and asbestos-containing

27  products in a manner foreseeable to said defendants.

28

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 14 -

46.     The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were unknown and unforeseeable to plaintiff ROBERT MCKINLEY, JR., and plaintiff had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

47.     The failure to warn by and the product defect in the asbestos and asbestos- containing products of defendants and DOES 1 through 400, and each of them, inclusive, were substantial factors and a legal cause of plaintiff ROBERT MCKINLEY, JR.'s injuries and damages thereby sustained by plaintiff, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff ROBERT MCKINLEY, JR., and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

48.     As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff ROBERT MCKINLEY, JR. suffered severe and permanent injuries to his person, and plaintiff suffered damages as alleged above.

49.     In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.  As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff ROBERT MCKINLEY, JR. and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

///

- 15 -

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067



## FOURTH CAUSE OF ACTION

### THE JONES ACT

**(Against ENERGY TRANSPORTATION CORPORATION, ENERGY TRANSPORTATION GROUP, INC., individually and as successor in interest to ENERGY TRANSPORTATION CORPORATION, hereinafter collectively known as "VESSEL DEFENDANTS")**

50.    Plaintiffs, by this reference, incorporate the allegations contained in the General Allegations herein as though said allegations were fully set forth herein.

51.    This action arises out of United States Code, Title 46, § 688, commonly known and referred to as the "Jones Act." Jurisdiction is conferred upon this Court by the Savings to Suitors Clause, Article III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1333(i).

52.    Plaintiff was a resident of the State of California and worked in the State of California.

53.    During all of the times herein mentioned, each of the VESSEL DEFENDANTS owned, managed, operated, navigated, and controlled various vessels identified herein, and used said vessels, in the transportation of freight and passengers in interstate and foreign commerce; such vessels are presently, and all times herein mentioned have been, merchant marine vessels of the United States Merchant Marine.

54.    During the times herein mentioned Plaintiff was employed by Defendants as a Qualified Member of Engine Department aboard such merchant marine vessels.

55.    In approximately 1980, Plaintiff served in the Merchant Marine for the foregoing steamship lines whose vessels operated on the navigable waters of the world. While such vessels were at the aforementioned places, Plaintiff was engaged in his duties aboard such vessels. At such times and places, the VESSEL DEFENDANTS did so carelessly and negligently manage, operate, navigate and control such vessels so as to require Plaintiff to handle, use and be exposed to asbestos and asbestos-containing products and equipment, all of which the VESSEL DEFENDANTS, and each of them, knew, or should have known, to be extremely hazardous to Plaintiff's health. Plaintiffs further allege that, at all times herein mentioned, when Plaintiff himself was not actually handling, using or repairing said asbestos products and equipment, he was nevertheless exposed to the fibers contained therein and the asbestos dust generated by the operation, use and repair of said products and

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 16 -

1   equipment by other workers in the same environment.

2      56.   As a proximate result of the VESSEL DEFENDANTS' aforementioned negligence,

3   Plaintiff suffered damage to his lungs and developed malignant pleural mesothelioma, a fatal cancer

4   of the lining of the lungs caused by prior exposure to asbestos. Prior to diagnosis, Plaintiff did not

5   know nor did he have reason to know that his lungs had been damaged or that he had contracted

6   mesothelioma or any other asbestos-related disease. Further, prior to diagnosis, Plaintiff was not

7   aware that exposure to asbestos or other asbestos containing products presented any risk of injury

8   and/or disease to him, and he had not been advised or informed by anyone that he could contract, or

9   indeed did contract, any disease, sickness, or injury as a result of working in the vicinity of the

10   products and equipment referred to herein.

11      57.   During all of the times herein mentioned, the VESSEL DEFENDANTS, and each of

12   them, so negligently, carelessly and unlawfully owned, operated, supervised, maintained, manned

13   crewed and warranted the subject vessels so as to create unsafe working conditions resulting in

14   Plaintiff's asbestos-related condition, including but not limited to:

15      a.   Failing to provide Plaintiff with a safe place in which to work in that each of

16   the vessels was insulated with and contained asbestos materials in a condition which exposed plaintiff

17   to harmful respirable asbestos fibers, even though workers, like Plaintiff, would be exposed to

18   asbestos dust while working aboard the ship under circumstances which were certain to result in

19   injury and did cause Plaintiff to become ill, suffer and sustain a fatal injury;

20      b.   Failing to provide Plaintiff with appropriate safety equipment sufficient to

21   avoid the dangers which led to his exposure and injuries;

22      c.   Failing to properly supervise Plaintiff's activities and to maintain appropriate

23   safety standards;

24      d.   Ordering Plaintiff to perform his job duties under conditions which rendered

25   such activity unsafe and dangerous;

26      e.   Failing to generally exercise that degree of care commensurate with the

27   conditions existing at the time;

28      f.   Failing to provide proper equipment for use in the task which Plaintiff was

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 17 -

1    performing at the time of his injury; and

2            g.      Violation of statutes and regulations relating to the safety of the crew.

3            h.      Failing to comply with statutes and allowing ambient levels of airborne

4    asbestos fiber to exceed permissible/allowable levels;

5            i.      Failing to segregate work involving the release of asbestos or other toxic dusts;

6            j.      Failing to suppress dust using prescribed ventilation techniques;

7            k.      Failing to suppress dust using prescribed "wet down" techniques;

8            l.      Failing to warn or educate Plaintiff or others regarding asbestos or other toxic

9    substances on the vessels;

10           m.      Failing to provide approved respiratory protection devices;

11           n.      Failing to ensure "approved" respiratory protection devices were used properly;

12           o.      Failing to provide for an on-going health screening program for those exposed

13   to asbestos on their vessels;

14           p.      Failing to provide adequate housekeeping and clean-up of the work place;

15           q.      Failing to properly warn of the hazards associated with asbestos as required by

16   these statutes;

17           r.      Failing to have an asbestos removal supervisor as required by regulation;

18           s.      Failure to inspect and/or test the air; and,

19           t.      Failure to select and hire a careful and competent stevedore, shipyard,

20   contractor and/or subcontractor.

21       58.      At said time and place, and all times herein mentioned, the VESSEL DEFENDANTS,

22   and each of them, required Plaintiff to handle or otherwise be exposed to large quantities of asbestos

23   fibers upon the vicinity and vessels as previously described herein.  In so employing, and otherwise

24   engaging the use of asbestos and asbestos-containing products and equipment on their vessels, the

25   VESSEL DEFENDANTS, and each of them, so negligently, carelessly, recklessly and unlawfully

26   failed to recognize that the work and operation of the VESSEL DEFENDANTS' vessels and

27   specifically the activities engaged in by Plaintiff and other crewmembers at the direction of the

28   VESSEL DEFENDANTS, and of each of them, would create a risk of harm to Plaintiff, and so failed

- 18 -

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 92067

1    to remedy, repair, guard, warn or otherwise take special precautions to prevent said asbestos fibers

2    from affecting Plaintiff.  As a direct and proximate result thereof, Plaintiff sustained injury to his

3    lungs and respiratory system, which led to the diagnosis complained of herein.

4          59.      During the time period during which Plaintiff was employed aboard said vessels, the

5    VESSEL DEFENDANTS, and each of them, failed to provide Plaintiff with a safe place to work in

6    that each of the vessels was insulated with and contained asbestos materials in a condition which

7    exposed Plaintiff to harmful respirable asbestos fibers, even though said VESSEL DEFENDANTS

8    knew, or should have known, that workers, like Plaintiff, would be exposed to asbestos dust while

9    working aboard the ship under circumstances which were certain to result in injury and did cause

10   Plaintiff to become ill, suffer and sustain serious and lethal injury.

11         60.      Plaintiff, while in the course and scope of his employment, performed work and

12   services as a Qualified Member of Engine Department on the VESSEL DEFENDANTS' vessels.

13   While in the course and scope of this activity, Plaintiff was exposed to said asbestos products, and

14   the VESSEL DEFENDANTS failed to place adequate warnings on the premises to warn the handlers

15   and users thereof of the dangers contained therein, causing lung problems and asbestos related

16   diseases.  As a sole, direct and proximate result of this incident, Plaintiff was caused to suffer severe

17   and substantial injuries and damages as more fully alleged herein.

18         61.      The negligence of each Defendant combined and cooperated with the negligence of

19   each of the other the VESSEL DEFENDANTS, so as to cause the above described unsafe working

20   conditions resulting in the cause of Plaintiff's mesothelioma.

21         62.      Plaintiff ROBERT MCKINLEY, JR. was at all times mentioned herein unaware of the

22   latent hazardous condition or the risk of personal injury created by VESSEL DEFENDANTS'

23   conduct and negligence.

24         63.      At all times mentioned herein, the VESSEL DEFENDANTS, and each of them, knew,

25   or in the exercise of ordinary and reasonable care should have known, that the vessel premises that

26   were in their control and/or were being turned over to stevedores, ship repair facilities and/or marine

27   contractors would be used without knowledge of, or inspection for, defects or dangerous conditions,

28   that the persons present and using said premises would not be aware of the aforesaid hazardous

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST  SUITE 700
LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1800 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   conditions to which they were exposed on the premises, and that such persons were unaware of the

2   aforesaid violations of codes, regulations, and statutes.

3        64.     As a legal consequence of the foregoing, Plaintiff ROBERT MCKINLEY, JR.

4   developed an asbestos-related illness, which has caused great injury and disability as previously set

5   forth, and plaintiffs have suffered damages as alleged herein.

6   WHEREFORE, Plaintiffs pray for judgment against the VESSEL DEFENDANTS, their "alternate

7   entities", and each of them, as hereinafter set forth.

8                          **FIFTH CAUSE OF ACTION**

9                          **GENERAL MARITIME LAW**

10              **(Against All Defendants and DOES 1 through 400)**

11       65.     Plaintiffs, by this reference, incorporate the allegations contained in the General

12  Allegations, as if fully set forth herein.

13       66.     This cause arises under the General Maritime Law of the United States, as hereinafter

14  more fully appears.  Jurisdiction is conferred upon this Court by the Savings to Suitors Clause, Article

15  III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1333(i).

16       67.     At all times herein mentioned, Plaintiff was employed in a capacity comprising

17  maritime employment aboard a vessel in navigation. Pursuant to the General Maritime Law of the

18  United States of America, during the time Plaintiff was employed aboard said vessels, the Defendants

19  had the absolute duty to provide Plaintiff with a safe and seaworthy vessel, but this duty was breached

20  and violated by the Defendants in the particulars herein described since the vessels described herein

21  and their appurtenances were unseaworthy, and such unseaworthiness was a direct and proximate

22  cause of the exposure to asbestos which caused the Plaintiff's wrongful death.

23       68.     The exposure which caused Plaintiff's fatal injuries was both directly and proximately

24  caused by the aforementioned direct and vicarious acts of negligence of the Vessel Defendants, their

25  agents, employees, and the unseaworthiness of the aforementioned vessels, including but not limited

26  to:

27             a.     Failing to provide Plaintiff with a safe place in which to work in that each of

28  the vessels was insulated with and contained asbestos materials in a condition which exposed Plaintiff

- 20 -

PLAINTIFF'S COMPLAINT



1   to harmful respirable asbestos fibers, even though workers, like Plaintiff, would be exposed to

2   asbestos dust while working aboard the ship under circumstances which were certain to result in

3   injury and did cause plaintiff to become ill, suffer and sustain serious and lethal injury;

4          b.      Failing to provide Plaintiff with appropriate safety equipment sufficient to

5   avoid the dangers which led to his exposure and injuries;

6          c.      Failing to properly supervise Plaintiff's activities and to maintain appropriate

7   safety standards;

8          d.      Ordering Plaintiff to perform his job duties under conditions which rendered

9   such activity unsafe and dangerous;

10         e.      Failing to generally exercise that degree of care commensurate with the

11  conditions existing at the time;

12         f.      Failing to provide proper equipment for use in the task which Plaintiff was

13  performing at the time of his injury; and

14         g.      Violation of statutes and regulations relating to the safety of the crew.

15         h.      Failing to comply with statutes and allowing ambient levels of airborne

16  asbestos fiber to exceed permissible/allowable levels;

17         i.      Failing to segregate work involving the release of asbestos or other toxic dusts;

18         j.      Failing to suppress dust using prescribed ventilation techniques;

19         k.      Failing to suppress dust using prescribed "wet down" techniques;

20         l.      Failing to warn or educate Plaintiff or other crewmembers regarding asbestos

21  or other toxic substances on the vessels;

22         m.      Failing to provide approved respiratory protection devices;

23         n.      Failing to ensure "approved" respiratory protection devices were used properly;

24         o.      Failing to provide adequate housekeeping and clean-up of the work place;

25         p.      Failing to properly warn of the hazards associated with asbestos;

26         q.      Failing to have an asbestos removal supervisor as required by regulation;  and

27         r.      Failure to select and hire a careful and competent stevedore, shipyard

28  contractor and/or subcontractor to work on or with asbestos and asbestos-containing products.

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 21 -

69.   Plaintiff ROBERT MCKINLEY, JR. was at all times mentioned herein unaware of the latent hazardous condition or the risk of personal injury created by the unseaworthiness of the aforementioned vessels on which he served.

70.   As a legal consequence of the foregoing, Plaintiff ROBERT MCKINLEY, JR. developed an asbestos-related illness, which has caused great injury and disability as previously set forth, and Plaintiffs have suffered damages as alleged herein.

**WHEREFORE**, plaintiff prays judgment against defendants, and DOES 1 through 400, and each of them, inclusive, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For medical and related expenses according to proof;

4. For loss of income, earning capacity, earning potential according to proof;

5. For exemplary or punitive damages according to proof;

6. For costs of suit herein;

7. For prejudgment interest on all damages as allowed by laws; and

8. For such other and further relief as the Court deems just and proper.

DATED: January 17, 2012          WEITZ & LUXENBERG, P.C.



BY:_____
      BENNO ASHRAFI
      Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

DATED: January 17, 2012          WEITZ & LUXENBERG, P.C.

BY:_____
      BENNO ASHRAFI
      Attorneys for Plaintiff

- 22 -

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067