# EXHIBIT 2

ADRMOP

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:12-cv-00723-DMR

Bolton et al v. Air & Liquid Systems Corporation et al
Assigned to: Magistrate Judge Donna M. Ryu
Case in other court: Alameda County Superior Court,
RG11-605776
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 02/14/2012
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**George Bolton**                represented by    **Benno Ashrafi**
Weitz & Lexenberg
1880 Century Park East
Suite 700
Los Angeles, CA 90211
(310) 247-0921
Fax: (310) 786-9927
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Venus Burns**
Weitz & Luxenberg
1880 Century Park East, Suite 700
Los Angeles, CA 90067
310-247-0921
Fax: 310-786-9927
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Karen Bolton**                represented by    **Benno Ashrafi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Venus Burns**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**    represented by    **Glen R. Powell**
*a subsidiary of AMPCO-Pittsburg*                Gordon & Rees LLP

*corporation, individually and as*
*successor by merger to Buffalo Pumps,*
*Inc., individually and as successor in*
*interest to Buffalo Forge Company*

Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111
415-986-5900
Fax: 415-986-8054
Email: gpowell@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blackmer Pump Company**

**Defendant**

**Burnham LLC**
*individually and as successor in interest*
*to Burnham Corporation*

**Defendant**

**CBS Corporation**
*f/k/a Viacom Inc., Successor by merger*
*to CBS Corporation fka Westinghouse*
*Electric Corporation as successor in*
*interest to BF Sturtevant*

**Defendant**

**Crane Co.**                                  represented by **Megan Frances Cesare-Eastman**
K&L Gates LLP
4 Embarcadero Center, 12th Floor
San Francisco, CA 94111
415-882-8200
Fax: 415-882-8220
Email: megan.cesare-
eastman@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michele Cherie Barnes**
KL Gates LLP
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-249-1011
Fax: 415-882-8220
Email: michele.barnes@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**FMC Corporation**                            represented by **Gavin David Whitis**

*individually and as successor in interest
to Northern Pump Company fka
Northern Fire Apparatus Company and
Peerless Pump Company*

Pond North
505 Montgomery St.
13th Floor
San Francisco, CA 94111
4152171240
Fax: 4153940484
Email: gwhitis@pondnorth.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler LLC**
*aka and as successor in interest to
Foster Wheeler Corporation and Foster
Wheeler Energy Coporation*

**Defendant**

**Georgia-Pacific LLC**
*formerly known as*
Georgia-Pacific Corporation

**Defendant**

**General Electric Company**                     represented by **Katherine Paige Gardiner**
Sedgwick LLP
333 Bush Street
30th Floor
San Francisco, CA 94104-2834
415-781-7900
Email:
katherine.gardiner@sedgwicklaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**IMO Industries, Inc.**                         represented by **Henry David Rome**
*individually and as successor in interest
to Delaval Steam Turbine Company*
Howard Rome Martin & Ridley LLP
1775 Woodside Rd., Suite 200
Redwood City, CA 94061-3436
650-365-7715
Fax: 650-364-5297
Email: hrome@hrmrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trina Marie Clayton**
Howard Rome Martin & Ridley LLP
1775 Woodside Rd Ste 200
Redwood City, CA 94061
650-365-7715
Fax: 650-364-5297
Email: tclayton@hrmrlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ingersoll-Rand Company**
*individually and as successor in interest*
*to Aldrich Pump Company*

**Defendant**

**Kelly-Moore Paint Company, Inc.**

**Defendant**

**Lennox Industries, Inc.**

**Defendant**

**Viking Pump, Inc.**

**Defendant**

**Warren Pumps, LLC**
*fka Warren Pumps, Inc. individually*
*and as successor in interest to Quimby*
*Pump Company*

**Defendant**

**Yarway Corporation**                    represented by **Amy Jo Talarico**
                                          Morgan Lewis & Bockius LLP
                                          1 Market Spear St Twr
                                          San Francisco, CA 94105
                                          (415) 442-1227
                                          Fax: (415) 442-1000
                                          Email: atalarico@morganlewis.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Kristina Francia Almquist**
                                          Morgan Lewis and Bockius LLP
                                          One Market, Spear Street Tower
                                          San Francisco, CA 94105-1126
                                          (415) 442-1000
                                          Fax: (415) 442-1000
                                          Email: kalmquist@morganlewis.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/14/2012 | 1 | NOTICE OF REMOVAL with jury demand from Alameda County Superior Court. Their case number is RG 11-605776. (Filing fee $350 receipt number 44611008381). Filed by Crane Co.. (vlk, COURT STAFF) (Filed on 2/14/2012) Modified on 2/28/2012 (vlk, COURT STAFF). **Document to voluminous to efile.** (Entered: 02/14/2012) |

| 02/14/2012 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 5/23/2012. Case Management Conference set for 5/30/2012 01:30 PM. (Attachments: # 1 Standing Order)(vlk, COURT STAFF) (Filed on 2/14/2012) (Entered: 02/14/2012) |
| 02/14/2012 | 3 | NOTICE of Tag-Along Action by Crane Co. (vlk, COURT STAFF) (Filed on 2/14/2012) (vlk, COURT STAFF). (Entered: 02/14/2012) |
| 02/14/2012 | 4 | Certificate of Interested Entities by Crane Co. (vlk, COURT STAFF) (Filed on 2/14/2012) (vlk, COURT STAFF). (Entered: 02/14/2012) |
| 02/14/2012 | 5 | CERTIFICATE OF SERVICE by Crane Co. re 4 Certificate of Interested Entities, 1 Notice of Removal, 3 Notice (Other) (vlk, COURT STAFF) (Filed on 2/14/2012) (vlk, COURT STAFF). (Entered: 02/14/2012) |
| 02/15/2012 | 6 | NOTICE by Crane Co. *of Filing State Court Answer to Complaint and State Court Demand for Jury Trial* (Cesare-Eastman, Megan) (Filed on 2/15/2012) (Entered: 02/15/2012) |
| 02/16/2012 | 7 | **DUPLICATE FILING OF DOCUMENT 4 . PLEASE DISREGARD.** Certificate of Interested Entities by Crane Co. (Cesare-Eastman, Megan) (Filed on 2/16/2012) (vlk, COURT STAFF. Modified on 2/17/2012 (vlk, COURT STAFF). (Entered: 02/16/2012) |
| 02/16/2012 | 8 | **DUPLICATE FILING OF DOCUMENT 5 . PLEASE DISREGARD.** CERTIFICATE OF SERVICE by Crane Co. (Cesare-Eastman, Megan) (Filed on 2/16/2012) Modified on 2/17/2012 (vlk, COURT STAFF). (Entered: 02/16/2012) |
| 02/16/2012 | 9 | **DUPLICATE FILING OF DOCUMENT 3 . PLEASE DISREGARD.** NOTICE by Crane Co. *of Tag-Along Action* (Cesare-Eastman, Megan) (Filed on 2/16/2012) Modified on 2/17/2012 (vlk, COURT STAFF). (Entered: 02/16/2012) |
| 02/24/2012 | 10 | ANSWER to Complaint with Jury Demand byFMC Corporation. (Whitis, Gavin) (Filed on 2/24/2012) (Entered: 02/24/2012) |
| 02/24/2012 | 11 | Certificate of Interested Entities by FMC Corporation (Whitis, Gavin) (Filed on 2/24/2012) (Entered: 02/24/2012) |
| 02/24/2012 | 12 | NOTICE by FMC Corporation *Notice of Pendency of Other Action or Proceedings (Civil L.R. 3-13)* (Whitis, Gavin) (Filed on 2/24/2012) (Entered: 02/24/2012) |
| 02/27/2012 | 13 | NOTICE of Appearance by Amy Jo Talarico *and Certificate of Service* (Talarico, Amy) (Filed on 2/27/2012) (Entered: 02/27/2012) |
| 02/27/2012 | 14 | Certificate of Interested Entities by Yarway Corporation identifying Other Affiliate Tyco International Finance Group GmbH, a Swiss Corp., Other Affiliate Keystone France Holding Corp. for Yarway Corporation. re 13 Notice of Appearance *and Certificate of Service* (Talarico, Amy) (Filed on 2/27/2012) (Entered: 02/27/2012) |
| 03/09/2012 | 15 | NOTICE of Appearance by Trina Marie Clayton *FOR DEFENDANT IMO* |

| | | |
|---|---|---|
| | | *INDUSTRIES INC.* (Clayton, Trina) (Filed on 3/9/2012) (Entered: 03/09/2012) |
| 03/09/2012 | 16 | NOTICE by IMO Industries, Inc. *CORPORATE DISCLOSURE STATEMENT* (Clayton, Trina) (Filed on 3/9/2012) (Entered: 03/09/2012) |
| 03/14/2012 | 17 | Certificate of Interested Entities by General Electric Company (Gardiner, Katherine) (Filed on 3/14/2012) (Entered: 03/14/2012) |
| 03/14/2012 | 18 | NOTICE by General Electric Company *of Refiling State Court Answer to Complaint for Damages* (Gardiner, Katherine) (Filed on 3/14/2012) (Entered: 03/14/2012) |
| 03/16/2012 | 19 | NOTICE of Appearance by Glen R. Powell (Powell, Glen) (Filed on 3/16/2012) (Entered: 03/16/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/19/2012 12:24:03 | | | |
| PACER Login: | kl0203 | Client Code: | 0213660.00934/11080 |
| Description: | Docket Report | Search Criteria: | 4:12-cv-00723-DMR |
| Billable Pages: | 4 | Cost: | 0.32 |

 CT Corporation

**Service of Process Transmittal**
11/30/2011
CT Log Number 519568620

TO:     Stacie Simpson
        Navigant Consulting
        PACE Claim Services, LLC, 100 American Metro Blvd
        Suite 108
        Hamilton, NJ 08619

RE:     **Process Served in California**

FOR:    Crane Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | George Bolton, etc. and Karen Bolton, Pltfs. vs. Air & Liquid Systems Corporation, etc., et al. including Crane Co., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Cover Sheet Addendum |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG11605776 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/30/2011 at 16:21 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Benno Ashrafi<br>Weitz & Luxenberg, P.C.<br>1880 Century Park East<br>Ste. 700<br>LA, CA 90067<br>310-247-0921 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/30/2011, Expected Purge Date: 12/05/2011<br>Image SOP<br>Email Notification, Stacie Simpson PACEservice@navigantconsulting.com<br>Email Notification, Crane Co. SOP CraneCoCTService@klgates.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / RH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

11·30·11 @ 2:50 pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIR & LIQUID SYSTEMS CORPORATION, a subsidiary of [see Additional Parties Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GEORGE BOLTON, an individual; and KAREN BOLTON, an individual;

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| ENDORSED FILED ALAMEDA COUNTY |
| NOV 2 3 2011 |
| CLERK OF THE SUPERIOR COURT |
| By Barbara LaMotte |
| Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Alameda County Superior Court, Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612

| CASE NUMBER: |
|---|
| *(Número de Caso):* |
| RG 11605776 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Benno Ashrafi, Weitz & Luxenberg, P.C., 1880 Century Park East, Ste 700, L.A., CA 90067; (310)247-0921

| DATE: NOV 2 3 2011 | Clerk, by | Barbara LaMotte | , Deputy |
|---|---|---|---|
| *(Fecha)* PAT S. SWEETEN | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): Crane Co.

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)

   [X] other (specify): Business Entity, Form unknown
4. [ ] by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bolton v. Air & Liquid Systems Corporation, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

AMPCO-PITTSBURGH CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC., individually and as successor in interest to BUFFALO FORGE COMPANY;
BLACKMER PUMP COMPANY;
BURNHAM LLC, individually and as successor in interest to BURNHAM CORPORATION;
CBS CORPORATION f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION as successor in interest to BF STURTEVANT;
CRANE CO.;
FMC CORPORATION, f/k/a CONSTRUCTION EQUIPMENT GROUP a/k/a and individually and as successor in interest to LINK-BELT CONSTRUCTION EQUIPMENT COMPANY, LTD, and also individually and as successor in interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY and PEERLESS PUMP COMPANY;
FOSTER WHEELER, LLC, a/k/a and individually and as successor in interest to FOSTER WHEELER CORPORATION and FOSTER WHEELER ENERGY CORPORATION;
GEORGIA-PACIFIC LLC, f/k/a GEORGIA-PACIFIC CORPORATION;
GENERAL ELECTRIC COMPANY;
IMO INDUSTRIES, INC., individually and as successor in interest to DELAVAL STEAM TURBINE COMPANY;
INGERSOLL-RAND COMPANY;
INGERSOLL-RAND COMPANY, individually and as successor in interest to ALDRICH COMPANY;
KELLY-MOORE PAINT COMPANY, INC.;
LENNOX INDUSTRIES, INC.;
VIKING PUMP, INC.;
WARREN PUMPS, LLC, f/k/a WARREN PUMPS, INC., individually and as successor in interest to QUIMBY PUMP COMPANY;
YARWAY CORPORATION;
and DOES 1 through 400, inclusive,

Page __2__ of __2__

Page 1 of 1

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

1  Benno Ashrafi, Esq. (CSBN 247623)
2  WEITZ & LUXENBERG, P.C.
   1880 Century Park East, Suite 700
3  Los Angeles, California 90211
   Tel.: (310) 247-0921
4  Fax: (310) 786-9927
5  Attorneys for Plaintiffs

ENDORSED
FILED
ALAMEDA COUNTY
NOV 23 2011
CLERK OF THE SUPERIOR COURT
By ──Barbara LaMotte──
                                Deputy

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ALAMEDA

10 GEORGE BOLTON, an individual; and      CASE NO. RG 11 605776
   KAREN BOLTON, an individual;
11                                        [COMPLEX ASBESTOS LITIGATION –
12              Plaintiffs,               SUBJECT TO THE GENERAL ORDERS
                                          CONTAINED IN FILE NO: C 700 000]
13          v.
                                          PLAINTIFFS' COMPLAINT FOR
14 AIR & LIQUID SYSTEMS                   DAMAGES
15 CORPORATION, a subsidiary of
   AMPCO-PITTSBURGH                        1. NEGLIGENCE
16 CORPORATION, individually and as       2. BREACH OF EXPRESS AND
   successor by merger to BUFFALO            IMPLIED WARRANTIES
17 PUMPS, INC., individually and as
   successor in interest to BUFFALO FORGE  3. STRICT LIABILITY
18 COMPANY;                                4. LOSS OF CONSORTIUM
19 BLACKMER PUMP COMPANY;
20 BURNHAM LLC, individually and as       DEMAND FOR JURY TRIAL
   successor in interest to BURNHAM
21 CORPORATION;
22 CBS CORPORATION f/k/a VIACOM,
   INC., successor by merger to CBS
23 CORPORATION f/k/a WESTINGHOUSE
24 ELECTRIC CORPORATION as successor
   in interest to BF STURTEVANT;
25 CRANE CO.;
26 FMC CORPORATION, individually and
   as successor in interest to NORTHERN
27 PUMP COMPANY f/k/a NORTHERN
   FIRE APPARATUS COMPANY and
28 PEERLESS PUMP COMPANY;

- 1 -

PLAINTIFFS' COMPLAINT

1  FOSTER WHEELER, LLC, a/k/a and
   individually and as successor in interest to
2  FOSTER WHEELER CORPORATION
   and FOSTER WHEELER ENERGY
3  CORPORATION;
   GEORGIA-PACIFIC LLC, f/k/a
4  GEORGIA-PACIFIC CORPORATION;
   GENERAL ELECTRIC COMPANY;
5  IMO INDUSTRIES, INC., individually
6  and as successor in interest to DELAVAL
   STEAM TURBINE COMPANY;
7  INGERSOLL-RAND COMPANY,
   individually and as successor in interest to
8  ALDRICH PUMP COMPANY;
9  KELLY-MOORE PAINT COMPANY,
   INC.;
10 LENNOX INDUSTRIES, INC.;
11 VIKING PUMP, INC.;
   WARREN PUMPS, LLC, f/k/a
12 WARREN PUMPS, INC., individually and
13 as successor in interest to QUIMBY PUMP
   COMPANY;
14 YARWAY CORPORATION;
15 and DOES 1 through 400, inclusive,

16              Defendants.

17        COMES NOW, Plaintiffs GEORGE BOLTON and KAREN BOLTON for causes of

18 action against defendants and DOES 1 through 400, and each of them, inclusive, who file

19 this Complaint and allege as follows:

20              <u>GENERAL ALLEGATIONS</u>

21        1.    The true names and/or capacities, whether individual, corporate, partnership,

22 associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are

23 unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious

24 names.  Plaintiffs are informed and believe, and thereon allege, that each defendant

25 designated herein as a DOE caused injuries and damages proximately thereby to plaintiffs as

26 hereinafter alleged; and that each DOE defendant is liable to the plaintiffs for the acts and

27 omissions alleged herein below, and the resulting injuries to plaintiffs, and damages

28

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

-2-

1   sustained by the plaintiffs. Plaintiffs will amend this complaint to allege the true names and

2   capacities of said DOE defendants when that same is ascertained.

3       2.      Plaintiffs are informed and believe, and thereon allege, that at all times herein

4   mentioned, each of the defendants and each of the DOE defendants were the agent, servant,

5   employee and/or joint venturer of the other co-defendants and other DOE defendants, and

6   each of them, and at all said times, each defendant and each DOE defendant was acting in

7   the full course, scope and authority of said agency, service, employment and/or joint venture.

8       3.      Plaintiffs are informed and believe, and thereon allege, that all times

9   mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive, were

10  also known as, formerly known as and/or were the successors and/or predecessors in

11  interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary (wholly or

12  partially owned by, or the whole or partial owner), affiliate, partner, co-venturer, merged

13  company, alter egos, agents, equitable trustees and/or fiduciaries of and/or were members in

14  an entity or entities engaged in the funding, researching, studying, manufacturing,

15  fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing,

16  buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing,

17  contracting for installation, contracting others to install, repairing, marketing, warranting,

18  rebranding, manufacturing for others, packaging and advertising a certain substance, the

19  generic name of which is asbestos, and/or other products, components and assemblies

20  containing said substance (hereafter "alternate entities"). Defendants and DOES 1 through

21  400, and each of them, inclusive, are liable for the acts, omissions and tortious conduct of its

22  successors and/or predecessors in interest/business/product line/or a portion thereof, assigns,

23  parent, subsidiary, affiliate, partner, co-venturer, merged company, alter ego, agent, equitable

24  trustee, fiduciary and/or its alternate entities in that defendants and DOES 1 through 400, and

25  each of them, inclusive, enjoy the goodwill originally attached to each such alternate entity,

26  acquired the assets or product line (or portion thereof), and in that there has been a virtual

27  destruction of plaintiffs' remedy against each such alternate entity, and that each such

28  defendant has the ability to assume the risk spreading role of each such alternate entity.

- 3 -

4.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and are corporations organized and existing under the laws of the State of California or the laws of some state or foreign jurisdiction; that each of the said defendants and DOE defendants were and are authorized to do and are doing business in the State of California and regularly conducted business in the County of Alameda.

5.    This lawsuit is brought strictly and solely upon California State law, and every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised.

6.    Plaintiff GEORGE BOLTON was a worker and end user, including but not limited to, a construction laborer, boiler tender aboard the USS Samuel Roberts and USS Cromwell, and HVAC serviceman who at various locations, including within the State of California, used, handled or was otherwise exposed to asbestos, asbestos containing products and/or products designed to be used in association with asbestos products of defendants and DOES 1 through 400, and each of them, inclusive; including: **AIR & LIQUID SYSTEMS CORPORATION**, a subsidiary of AMPCO-PITTSBURGH CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC., individually and as successor in interest to BUFFALO FORGE COMPANY (for Buffalo pumps); **BLACKMER PUMP COMPANY** (for pumps); **BURNHAM LLC**, individually and as successor in interest to BURNHAM CORPORATION (for HVAC systems); **CBS CORPORATION** f/k/a **VIACOM, INC.**, successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION as successor in interest to BF STURTEVANT (for Westinghouse heaters, turbines, ship's service generators and forced draft blowers; and BF Sturtevant high pressure air compressors and turbines); **CRANE CO.** (for valves, gaskets); **FMC CORPORATION**, individually and as successor in interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY and PEERLESS PUMP

- 4 -

COMPANY (for Northern pumps and Peerless pumps); **FOSTER WHEELER, LLC**, a/k/a and individually and as successor in interest to FOSTER WHEELER CORPORATION and FOSTER WHEELER ENERGY CORPORATION (for boilers, economizers); **GEORGIA-PACIFIC LLC**, f/k/a GEORGIA-PACIFIC CORPORATION (for joint compound); **GENERAL ELECTRIC COMPANY** (for GE turbines); **IMO INDUSTRIES, INC.**, individually and as successor in interest to DELAVAL STEAM TURBINE COMPANY (for DeLaval turbines and pumps); **INGERSOLL-RAND COMPANY**, individually and as successor in interest to ALDRICH PUMPS COMPANY (for pumps); **KELLY-MOORE PAINT COMPANY, INC.** (for Manufacture of Georgia Pacific Joint Compound); **LENNOX INDUSTRIES, INC.** (for HVAC systems); **VIKING PUMP, INC.** (for Viking pumps); **WARREN PUMPS, LLC**, f/k/a WARREN PUMPS, INC., individually and as successor in interest to QUIMBY PUMP COMPANY (for Warren pumps; for Quimby pumps); **YARWAY CORPORATION** (for Yarway valves and steam traps); and DOES 1 through 400, inclusive.

7.    Plaintiffs are informed and believe, and thereon allege, that asbestos related diseases such mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural plaques are progressive lung diseases caused by cumulative inhalation of asbestos fibers without perceptible trauma and that said diseases result from exposure to asbestos and asbestos products over a period of time.

8.    As set forth herein this complaint, and as a result of plaintiff GEORGE BOLTON's asbestos exposure to the products of and/or on the premises of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff GEORGE BOLTON was diagnosed with mesothelioma on or about July 2011, which is life threatening, debilitating and likely terminal, and plaintiff continues to endure great physical pain and suffering, mental anguish, loss of enjoyment of life and the loss of earnings, earning capacity and attendant medical expenses; and as a result, plaintiff KAREN BOLTON has suffered from the loss of love, comfort, society, attention of, and the loss of services and support of,

1  GEORGE BOLTON; all to the plaintiffs' general and special damage in excess of the

2  jurisdictional limits of the unlimited Court.

3  ## FIRST CAUSE OF ACTION

4  ### NEGLIGENCE

5  **(Against All Product Defendants and DOES 1 through 400)**

6      9.      Plaintiffs re-allege and incorporate here by reference, as though fully set forth

7  at length herein, all of the allegations of paragraphs 1 through 8 above, inclusive.

8      10.     Plaintiff GEORGE BOLTON was a worker and end user who used, handled or

9  was otherwise exposed to asbestos, asbestos containing products and/or products designed to

10 be used in association with asbestos products of defendants and DOES 1 through 400, and

11 each of them, inclusive, in a manner that was reasonably foreseeable to said defendants.

12     11.     At all times herein mentioned, defendants and DOES 1 through 400, and each

13 of them, inclusive, were engaged in the business of researching, studying, manufacturing,

14 fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing,

15 buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing,

16 contracting for installation, contracting others to install, repairing, marketing, warranting,

17 rebranding, manufacturing for others, packaging and advertising a certain substance, the

18 generic name of which is asbestos, and/or other products, components and assemblies

19 containing said substance, or are engaged in the business of manufacturing, fabricating,

20 designing, assembling, distributing, selling, and marketing of safety equipment, including

21 respiratory protective devices which were intended to block the entry of asbestos fibers into

22 the bodies of workers who were exposed to asbestos in the workplace and other locations.

23     12.     At all times herein mentioned, defendants and DOES 1 through 400, and each

24 of them, inclusive, negligently and carelessly researched, tested or failed to test, warned or

25 failed to warn, manufactured and/or caused to be manufactured, fabricated, designed,

26 developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold,

27 inspected, serviced, repaired, installed, demolished, contracted for installation, contracted

28 others to install, repaired, marketed, warranted, rebranded, manufactured for others,

-6-

PLAINTIFFS' COMPLAINT

packaged and advertised a certain substance, the generic name of which is asbestos, and/or other asbestos-containing products, components and assemblies containing said substance, and that said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, persons working around or living with persons working with or around such asbestos and asbestos-containing products, and others including plaintiff GEORGE BOLTON, while being used in a manner that was intended by or otherwise reasonably foreseeable to said defendants, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto.

13.    At all times herein mentioned, defendants and DOES 1 through 400, and each of them, inclusive, had a duty to exercise reasonable care while engaging in the activities mentioned above and said defendants breached said duty of reasonable care in that defendants and DOES 1 through 400, and each of them, inclusive, failed to safely and adequately design, manufacture and/or sell said defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn those persons who would be exposed, including plaintiff GEORGE BOLTON, of the health hazards of using said defendants' products; failed to disclose the known or knowable dangers of using said defendants' products; failed to obtain suitable alternative materials to asbestos when such alternatives were available; and as otherwise stated herein.

14.    On or before 1927, and thereafter, defendants and DOES 1 through 400, and each of them, inclusive, were aware and knew of the dangers associated with breathing asbestos containing dust, and said defendants also were aware and knew that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos-containing products, had no knowledge or information indicating that asbestos could cause injury, and said defendants knew that the users of asbestos and asbestos-containing products, as well as members of the general public who were exposed to asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact

-7-

PLAINTIFFS' COMPLAINT

said exposure was extremely hazardous to human life; and propagated misinformation intended to instill in users of said defendants' products a false security about the safety of said defendants' products.

15.    The defendants and DOES 1 through 400, and each of them, inclusive, knew and failed to disclose that plaintiff GEORGE BOLTON and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer, and said defendants knew and failed to disclose that inhalation of asbestos would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians such that physicians could not examine, diagnose and treat those who were exposed to asbestos, including plaintiff.

16.    The defendants and DOES 1 through 400, and each of them, inclusive, despite said defendants knowledge of the substantial risks associated with exposure to asbestos, willfully and knowingly concealed and actively suppressed and promoted the suppression from all consumers, including plaintiff GEORGE BOLTON, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom in conscious disregard of the rights, safety and welfare of users, consumers, workers, persons working around or living with persons working with or around such asbestos and asbestos-containing products, and others including plaintiff GEORGE BOLTON.

17.    Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, the defendants and DOES 1 through 400, and each of them, inclusive, intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.    Said defendants propagated

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 10067

- 8 -

1   misinformation to instill a false sense of security and safety to instill in users a false sense of

2   security about the safety of their products.

3       18.   In researching, testing, manufacturing, distributing, labeling, installing and

4   marketing said products, defendants and DOES 1 through 400, and each of them, inclusive,

5   did so with conscious disregard for the safety of the users of said products, in that said

6   defendants had specific prior knowledge that there was a high risk of injury or death

7   resulting from exposure to asbestos or asbestos-containing products, including but not

8   limited to mesothelioma.  Said knowledge was obtained, in part, from scientific studies,

9   government data, and medical data to which defendants had access, as well as scientific

10  studies performed by, at the request of, or with the assistance of, said defendants, and which

11  knowledge was obtained by said defendants on or before 1927, and thereafter.

12      19.   The above referenced conduct of defendants and DOES 1 through 400, and

13  each of them, inclusive, was motivated by the financial interest of said defendants in the

14  continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing

15  products.  In pursuance of said financial motivation, said defendants consciously disregarded

16  the safety of the users of, and persons exposed to, asbestos and asbestos-containing products,

17  and were in fact, consciously willing to permit asbestos and asbestos-containing products to

18  cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

19      20.   With said knowledge, defendants and DOES 1 through 400, and each of them,

20  inclusive, opted to manufacture, distribute and install said asbestos and asbestos-containing

21  products without attempting to protect users from or warn users of, the high risk of injury or

22  death resulting from exposure to asbestos and asbestos products.

23      21.   Plaintiffs were not aware that exposure to asbestos presented any risk of injury

24  and/or disease to GEORGE BOLTON, and had not been advised or informed by anyone that

25  he could contract any disease, sickness or injury as a result of working in the vicinity of

26  asbestos.

27

28

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

-9-

22.     Defendants and DOES 1 through 400, and each of them, inclusive, were aware that such dust created an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing dust.

23.     Plaintiffs are informed and believe, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of the defendants and DOES 1 through 400, and each of them, inclusive, in that said defendants knew or should have known that the asbestos dust would be generated and released from their asbestos-containing products during the regular and intended uses of such asbestos products, and that said asbestos-containing products and the asbestos dust exposure there from created an increased risk of asbestos disease for all users, consumers, or others, including plaintiff, who breathed said asbestos-containing dust which said defendants knew or should have known was harmful to the body and health of persons installing, handling, and using asbestos and asbestos-containing products, as well as to persons in the immediate vicinity of such installation, use and handling, and that such asbestos products and dust were capable of causing and did, in fact, cause personal injuries to users, consumers and others, while being used in a manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by plaintiff.

24.     Plaintiffs are informed and believe, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of the defendants and DOES 1 through 400, and each of them, inclusive, in that said defendants failed to take reasonable care to warn the plaintiff of the danger and harm to which he was exposed while installing, handling and otherwise using said products, as well as while he was in the vicinity of the use, installation, and handling of said products, and failed to specify, recommend, supply, install, sell, and use readily available substitutes which do not and did not pose the danger to human health:

25.     The conduct of the defendants and DOES 1 through 400, and each of them, inclusive, as described in this cause of action was a substantial factor and a legal cause of the injuries and damages sustained by plaintiffs, and that said defendants demonstrated such an

WEITZ & LUXENBERG, P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 10 -

1  entire want of care as to establish that their acts and omissions were the result of actual

2  conscious indifference to the rights, safety, and welfare of plaintiff GEORGE BOLTON, and

3  that such intentional acts and omissions were substantial factors in causing his disease and

4  injuries.

5      26.    As a direct and proximate result of the aforesaid conduct of defendants and

6  DOES 1 through 400, and each of them, inclusive, plaintiff GEORGE BOLTON has suffer-

7  ed, and continues to suffer, permanent injuries to his person, body and health all to his

8  general damage in a sum in excess of the jurisdictional limits of this unlimited Court.

9      27.    As a direct and proximate result of the aforesaid conduct of defendants and

10  DOES 1 through 400, and each of them, inclusive, plaintiff GEORGE BOLTON was and

11  will be compelled to and did employ medical services in an amount which has not as yet

12  been fully ascertained and which will be asserted according to proof at trial.

13      28.    As a direct and proximate result of the aforesaid conduct of defendants and

14  DOES 1 through 400, and each of them, inclusive, plaintiffs have and/or will suffer loss of

15  income and earnings, past, present and future and earning capacity in an amount which has

16  not as yet been fully ascertained and which will be asserted according to proof at trial.

17      29.    As a direct and proximate result of the aforesaid conduct of defendants and

18  DOES 1 through 400, and each of them, inclusive, plaintiffs did necessarily incur and in the

19  future will incur incidental expenses and damages in an amount which has not as yet been

20  fully ascertained and which will be asserted according to proof at trial.

21      30.    In particular, plaintiff would show that, as alleged here in this cause of action

22  and throughout this complaint, that such intentional, grossly wanton acts and omissions by

23  said Product Defendants, and DOES 1 through 400, and each of them, and their officers,

24  directors, and managing agents, inclusive, were substantial factors in, and participated in,

25  authorized, expressly and impliedly ratified, and had full knowledge of or should have

26  known, each of the acts set forth here causing his disease and injuries.   As the above

27  referenced conduct complained of in this complaint of said Product Defendants, and DOES 1

28  through 400, and each of them, and their officers, directors, and managing agents, inclusive,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICE
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 11 -

1    was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product

2    Defendants, and each of them, inclusive, demonstrated such an entire want of care as to

3    establish that their acts and omissions were the result of actual conscious indifference to the

4    rights, safety, and welfare of plaintiff GEORGE BOLTON and of workers exposed to

5    asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of

6    punishing said defendants, seek punitive damages according to proof.

7    <u>SECOND CAUSE OF ACTION</u>

8    <u>BREACH OF EXPRESS AND IMPLIED WARRANTIES</u>

9    (Against All Product Defendants and DOES 1 through 400)

10    31.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth

11    at length herein, all of the allegations of paragraphs 1 through 30 above, inclusive.

12    32.    Defendants and DOES 1 through 400, and each of them, inclusive, sold and/or

13    otherwise supplied the asbestos containing products, materials and equipment to Plaintiff

14    and/or his employers.

15    33.    That in connection with the manufacture, preparation, sale, specification,

16    installation, use, and supply of asbestos products, defendants and DOES 1 through 400, and

17    each of them, inclusive, expressly and impliedly warranted that said products were of good

18    and merchantable quality and fit for their intended use.  However, in truth and in fact, said

19    products contained harmful and deleterious asbestos fibers, known to the defendants herein,

20    to be defective and harmful to humans exposed thereto.

21    34.    Said products were not and are not suitable for the purposes for which said

22    products were intended, supplied, and relied upon, nor suitable for any other similar purpose,

23    including their use by human beings in confined spaces where humans would be physically

24    present, working, resting or breathing.

25    35.    Plaintiffs relied on the express and implied warranties of defendants and DOES

26    1 through 400, and each of them, inclusive, in the use of and exposure to said asbestos and

27    asbestos products, and plaintiff GEORGE BOLTON was using and/or exposed to said

28    asbestos in a reasonably foreseeable intended manner.

- 12 -

PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   36.   Defendants and DOES 1 through 400, and each of them, inclusive, breached
2   the above-described express and implied warranties in that said substance was defective,
3   which defects permitted and/or caused said substance to seriously and permanently cause
4   injury to plaintiff while using said substance in a manner that was reasonably foreseeable.
5   37.   The breaches of warranties by defendants and DOES 1 through 400, and each
6   of them, inclusive, as described in this cause of action was a substantial factor and a legal
7   cause of the injuries and damages sustained by plaintiffs.
8   38.   As a direct and proximate result of the above-described breaches of warranties
9   by defendants and DOES 1 through 400, and each of them, inclusive, plaintiff GEORGE
10  BOLTON suffered severe and permanent injuries to his person, and plaintiffs suffered
11  damages as alleged above.
12  39.   In particular, plaintiff would show that, as alleged here in this cause of action
13  and throughout this complaint, that such intentional, grossly wanton acts and omissions by
14  said Product Defendants, and DOES 1 through 400, and each of them, and their officers,
15  directors, and managing agents, inclusive, were substantial factors in, and participated in,
16  authorized, expressly and impliedly ratified, and had full knowledge of or should have
17  known, each of the acts set forth here causing his disease and injuries.  As the above
18  referenced conduct complained of in this complaint of said Product Defendants, and DOES 1
19  through 400, and each of them, and their officers, directors, and managing agents, inclusive,
20  was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product
21  Defendants, and each of them, inclusive, demonstrated such an entire want of care as to
22  establish that their acts and omissions were the result of actual conscious indifference to the
23  rights, safety, and welfare of plaintiff GEORGE BOLTON and of workers exposed to
24  asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of
25  punishing said defendants, seek punitive damages according to proof.

**THIRD CAUSE OF ACTION**

**STRICT LIABILITY IN TORT**

(Against All Product Defendants and DOES 1 through 400)

- 13 -

PLAINTIFFS' COMPLAINT

40.     Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 39 above, inclusive.

41.     At all times mentioned herein, the defendants and DOES 1 through 400, and each of them, inclusive, manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised a certain substance, the generic name of which is asbestos, and/or other products, components and assemblies containing said substance which were defective in that they were not as safe as an ordinary consumer of such products would expect; and that the gravity of the potential harm resulting from the use of the defective products of the defendants and DOES 1 through 400, and each of them, inclusive, and the risk of said asbestos and asbestos-containing products outweighed any benefit of the said defendants' design, when safer alternative designs and materials existed and were available that could and should have been substituted and used instead of the deadly asbestos, including providing adequate warning of such potential harm.

42.     At all times mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive, were aware of the dangerous and defective nature of asbestos and asbestos-containing products when they were used in their intended or reasonably foreseeable manner.

43.     The defendants and DOES 1 through 400, and each of them, inclusive, placed said asbestos products on the market, knowing the asbestos-containing products would be used without inspection for such defects and unsafe conditions, and that said defendants nonetheless took no action to warn or otherwise protect exposed persons, including plaintiff, who foreseeable would be exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

44.     The asbestos and asbestos-containing products, components and assemblies of the defendants and DOES 1 through 400, and each of them, inclusive, were substantially the same as when they left said defendants' possession.

- 14 -

PLAINTIFFS' COMPLAINT

45.    The aforementioned asbestos and asbestos-containing products of the defendants and DOES 1 through 400, and each of them, inclusive, were used by plaintiff and exposed persons in the manner for which they were intended or in a manner that was or would be reasonably foreseeable; and that plaintiff GEORGE BOLTON was exposed to said asbestos and asbestos-containing products in a manner foreseeable to said defendants.

46.    The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were unknown and unforeseeable to plaintiff GEORGE BOLTON, and plaintiffs had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

47.    The failure to warn by and the product defect in the asbestos and asbestos-containing products of defendants and DOES 1 through 400, and each of them, inclusive, were a substantial factor and a legal cause of plaintiff GEORGE BOLTON's injuries and damages thereby sustained by plaintiffs, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff GEORGE BOLTON, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

48.    As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff GEORGE BOLTON suffered severe and permanent injuries to his person, and plaintiffs suffered damages as alleged above.

49.    In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.  As the above

PLAINTIFFS' COMPLAINT

1   referenced conduct complained of in this complaint of said Product Defendants, and DOES 1

2   through 400, and each of them, and their officers, directors, and managing agents, inclusive,

3   was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product

4   Defendants, and each of them, inclusive, demonstrated such an entire want of care as to

5   establish that their acts and omissions were the result of actual conscious indifference to the

6   rights, safety, and welfare of plaintiff GEORGE BOLTON and of workers exposed to

7   asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of

8   punishing said defendants, seek punitive damages according to proof.

9   **FOURTH CAUSE OF ACTION**

10   **LOSS OF CONSORTIUM**

11   **(Against All Defendants and DOES 1 through 400)**

12       50.   Plaintiffs re-allege and incorporate here by reference, as though fully set forth

13   at length herein, all of the allegations of paragraphs 1 through 49 above, inclusive.

14       51.   Plaintiff KAREN BOLTON was at all relevant times the lawfully wedded

15   spouse of plaintiff GEORGE BOLTON.

16       52.   Plaintiff GEORGE BOLTON sustained injuries caused by inhalation of

17   asbestos fibers as alleged herein above. Prior to the aforesaid injuries, plaintiff GEORGE

18   BOLTON was able to and did perform duties as a spouse.

19       53.   Subsequent to the injuries, and as a proximate result thereof, plaintiff

20   GEORGE BOLTON was unable to perform the necessary duties as a spouse and the work

21   and service usually performed in the care, maintenance and management of the family home,

22   and therefore has sustained special damages in an amount which has not as yet been fully

23   ascertained and which will be asserted according to proof at trial.

24       54.   Subsequent to the injuries, and as a proximate result thereof, plaintiff KAREN

25   BOLTON suffered loss of consortium, including, but not by way of limitation, loss of

26   services, marital relations, society, comfort, companionship, love and affection of her said

27   spouse, and has suffered severe mental and emotional distress and general nervousness as a

28   result thereof.

WEITZ & LUXENBERG, P.C.<br>A PROFESSIONAL CORPORATION<br>LAW OFFICES<br>1880 CENTURY PARK EAST, SUITE 700<br>LOS ANGELES, CALIFORNIA 90067

- 16 -

**PLAINTIFFS' COMPLAINT**

1    55.    As the above referenced conduct complained of in this complaint of defendants

2  and DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful,

3  malicious, fraudulent, oppressive, outrageous, and that said defendants, and each of them,

4  demonstrated such an entire want of care as to establish that their acts and omissions were

5  the result of actual conscious indifference to the rights, safety, and welfare of plaintiff

6  KAREN BOLTON, such that plaintiff, for the sake of example, and by way of punishing

7  said defendants, seeks punitive damages according to proof.

8    WHEREFORE, plaintiffs pray judgment against defendants, and DOES 1 through

9  400, and each of them, inclusive, as follows:

10    1. For general damages according to proof;

11    2. For special damages according to proof;

12    3. For medical and related expenses according to proof;

13    4. For loss of income, earning capacity, earning potential according to proof;

14    5. For exemplary or punitive damages according to proof;

15    6. For costs of suit herein;

16    7. For prejudgment interest on all damages as allowed by laws; and

17    8. For such other and further relief as the Court deems just and proper.

18  DATED: November 22, 2011        WEITZ & LUXENBERG, P.C.

19

20    BY: _____

21        BENNO ASHRAFI
          Attorneys for Plaintiff

22

23        DEMAND FOR JURY TRIAL

24    Plaintiffs demand a jury trial on all issues.

25  DATED: November 22, 2011        WEITZ & LUXENBERG, P.C.

26

27    BY: _____

28        BENNO ASHRAFI
          Attorneys for Plaintiff

-17-

PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067