# EXHIBIT 2

ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00724-SI

Dunn et al v. Air & Liquid Systems Corporation et al
Assigned to: Hon. Susan Illston
Case in other court: Alameda Superior Court, RG 11606983
Cause: 28:1441 Petition for Removal- Asbestos Litigation

Date Filed: 02/14/2012
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Martin Dunn**                      represented by **Benno Ashrafi**
Weitz & Lexenberg
1880 Century Park East
Suite 700
Los Angeles, CA 90211
(310) 247-0921
Fax: (310) 786-9927
Email: bashrafi@weitzlux.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cindy Saxey**
Weitz and Luxenberg, P.C.
Suite 700
1880 Century Park East
Los Angeless, CA 90067
310-247-0921
Fax: 310-786-9927
Email: csaxey@weitzlux.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Karen Dunn**                       represented by **Benno Ashrafi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cindy Saxey**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air & Liquid Systems Corporation**      represented by **Glen R. Powell**
*a subsidiary of AMPCO Pittsburgh*                        Gordon & Rees LLP

*Corporation*
*Successor*
Buffalo Pumps, Inc.
*Successor*
Buffalo Forge Company

Embarcadero Center West
275 Battery Street
Suite 2000
San Francisco, CA 94111
415-986-5900
Fax: 415-986-8054
Email: gpowell@gordonrees.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**                    represented by **Megan Frances Cesare-Eastman**
K&L Gates LLP
4 Embarcadero Center, 12th Floor
San Francisco, CA 94111
415-882-8200
Fax: 415-882-8220
Email: megan.cesare-
eastman@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michele Cherie Barnes**
KL Gates LLP
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-249-1011
Fax: 415-882-8220
Email: michele.barnes@klgates.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blackmer Pump Company**

**Defendant**

**Carrier Corporation**
*Successor*
Bryant Heating & Cooling Systems

**Defendant**

**CBS Corporation**
*formerly known as*
Viacom, Inc.
*Successor*
Westinghouse Electric Corporation
*real party in interest*
BF Sturtevant

**Defendant**

**FMC Corporation**              represented by **Gavin David Whitis**

*Successor*
Northern Pump Company
*formerly known as*
Northern Fire Apparatus Company
*formerly known as*
Peerless Pump Company

Pond North
505 Montgomery St.
13th Floor
San Francisco, CA 94111
4152171240
Fax: 4153940484
Email: gwhitis@pondnorth.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler, LLC**
*also known as*
Foster Wheeler Corporation
*also known as*
Foster Wheeler Energy Corporation

**Defendant**

**Gardner Denver, Inc.**
*formerly known as*
Gardner Denver Machinery, Inc.

**Defendant**

**General Electric Company**

**Defendant**

**Hill Brothers Chemical Company**      represented by **Michael Anthony Vasquez**
Vasquez Estrada & Conway LLP
Courthouse Square
1000 Fourth Street
Suite 700
San Rafael, CA 94901
415-453-0555
Fax: 415-453-0549
Email: mvasquez@vandelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexis Henry Rudd**
Vasquez Estrada & Conway LLP
1000 4th Street
Suite 700
San Rafael, CA 94901
415-453-0555
Fax: 415-453-0549
Email: ARudd@vandelaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**IMO Industries, Inc.**

*Successor*
Delaval Steam Turbine Company

**Defendant**

**Ingersoll-Rand Company**
*Successor*
Terry Steam Turbine Company

**Defendant**

**ITT Corporation**
*formerly known as*
ITT Industries Inc.
*Successor*
Bell and Gossett Co.
*Successor*
Grinnell Valve Co., LNC
*Successor*
McDonald-Miller

**Defendant**

**J.T. Thorpe & Son, Inc.**

**Defendant**

**Syd Carpenter, Marine Contractor, Inc.**

**Defendant**

**The Nash Engineering Company**

**Defendant**

**Triple A Machine Shop, Inc.**

**Defendant**

**Warren Pumps, LLC**
*formerly known as*
Warren Pumps, Inc.
*Successor*
Quimby Pump Company

**Defendant**

**Yarway Corporation**                    represented by **Amy Jo Talarico**
                                           Morgan Lewis & Bockius LLP
                                           1 Market Spear St Twr
                                           San Francisco, CA 94105
                                           (415) 442-1227
                                           Fax: (415) 442-1000
                                           Email: atalarico@morganlewis.com
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

**Kristina Francia Almquist**
Morgan Lewis and Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
(415) 442-1000
Fax: (415) 442-1000
Email: kalmquist@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Weir Valves & Controls USA, Inc.**          represented by   **Emily Diane Bergstrom**
*formerly known as*                                            Becherer Kannett & Schweitzer
Atwood & Morrill                                               The Water Tower
                                                               1255 Powell Street
                                                               Emeryville, CA 94608
                                                               510-658-3600
                                                               Fax: 510-658-1151
                                                               Email: ebergstrom@bkscal.com
                                                               *ATTORNEY TO BE NOTICED*

**Lysle James Kapp**
Becherer, Kannett, & Schweitzer
1255 Powell St
Emeryville, CA 94608
510-658-3600
Fax: 510-658-1151
*ATTORNEY TO BE NOTICED*

**Mark S. Kannett**
Becherer Kannett & Schweitzer
1255 Powell Street
Emeryville, CA 94608
510 548-3600
Fax: 510 648-1151
Email: mkannett@bkscal.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/14/2012 | 1 | NOTICE OF REMOVAL (no Process) (jury demand by plaitiff) from Alameda Superior Court. Their case number is RG 11606983. (Filing fee $350 receipt number 44611008382). Filed by Crane Co. (cjl, COURT STAFF) (Filed on 2/14/2012) (Entered: 02/14/2012) |
| 02/14/2012 | 2 | Certificate of Interested Entities by Crane Co. (cjl, COURT STAFF) (Filed on 2/14/2012) (Entered: 02/14/2012) |
| 02/14/2012 | 3 | NOTICE of Tag-Along Action by Crane Co. (cjl, COURT STAFF) (Filed on 2/14/2012) (Entered: 02/14/2012) |

| 02/14/2012 | 4 | CERTIFICATE OF SERVICE by Crane Co. (cjl, COURT STAFF) (Filed on 2/14/2012) (Entered: 02/14/2012) |
|---|---|---|
| 02/14/2012 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 6/28/2012. Case Management Conference set for 7/5/2012 10:30 AM in Courtroom 4, 3rd Floor, Oakland. (Attachments: # 1 Standing Order)(cjl, COURT STAFF) (Filed on 2/14/2012) (Entered: 02/14/2012) |
| 02/15/2012 | 6 | NOTICE of Filing State Court Answer to Complaint and State Court Demand for Jury Trial by Crane Co. (Cesare-Eastman, Megan) (Filed on 2/15/2012) Modified on 2/16/2012 (cjl, COURT STAFF). (Entered: 02/15/2012) |
| 02/16/2012 | 7 | Certificate of Interested Entities by Crane Co. (Cesare-Eastman, Megan) (Filed on 2/16/2012) (Entered: 02/16/2012) |
| 02/16/2012 | 8 | *** FILED IN ERROR. REFER TO DOCUMENT 10 . *** NOTICE by Crane Co. *of Tag-Along Action* (Cesare-Eastman, Megan) (Filed on 2/16/2012) Modified on 2/16/2012 (feriab, COURT STAFF). (Entered: 02/16/2012) |
| 02/16/2012 | 9 | CERTIFICATE OF SERVICE by Crane Co. (Cesare-Eastman, Megan) (Filed on 2/16/2012) (Entered: 02/16/2012) |
| 02/16/2012 | 10 | NOTICE by Crane Co. *of Tag-Along Action* (Cesare-Eastman, Megan) (Filed on 2/16/2012) (Entered: 02/16/2012) |
| 02/22/2012 | 11 | NOTICE of Filing State Court Answer to Complaint and Demand for Jury Trial by FMC Corporation. (Attachments: # 1 Exhibit 1 - FMC's Answer to Complaint, # 2 Exhibit 2 - FMC's Demand for Jury Trial)(Whitis, Gavin) (Filed on 2/22/2012) Modified on 2/23/2012 (cjl, COURT STAFF). (Entered: 02/22/2012) |
| 02/22/2012 | 12 | Certificate of Interested Entities by FMC Corporation (Whitis, Gavin) (Filed on 2/22/2012) (Entered: 02/22/2012) |
| 02/22/2012 | 13 | NOTICE of Pendency of Other Action or Proceeding by FMC Corporation. Whitis, Gavin) (Filed on 2/22/2012) Modified on 2/23/2012 (cjl, COURT STAFF). (Entered: 02/22/2012) |
| 02/24/2012 | 14 | NOTICE of Appearance by Amy Jo Talarico *and Kristina Almquist. (Talarico, Amy) (Filed on 2/24/2012) Modified on 2/27/2012 (cjl, COURT STAFF). (Entered: 02/24/2012)* |
| 02/24/2012 | 15 | ***DOCKETING ERROR, REPOSTING REQUIRED*** Certificate of Interested Entities by Yarway Corporation. (Talarico, Amy) (Filed on 2/24/2012) Modified on 2/27/2012 (cjl, COURT STAFF). (Entered: 02/24/2012) |
| 02/27/2012 | 16 | Certificate of Interested Entities by Yarway Corporation identifying Other Affiliate Keystone France Holdings Corp., Other Affiliate Tyco International Finance Group GmbH, a Swiss Corp. for Yarway Corporation. re 14 Notice of Appearance *and Certificate of Service* (Talarico, Amy) (Filed on 2/27/2012) (Entered: 02/27/2012) |

| 03/07/2012 | 17 | ANSWER to Complaint *for Damages* by Weir Valves & Controls USA, Inc.. (Bergstrom, Emily) (Filed on 3/7/2012) (Entered: 03/07/2012) |
|---|---|---|
| 03/12/2012 | 18 | CLERKS NOTICE<br><br>Effective March 20, 2012, Magistrate Judge Laurel Beelers courtroom and chambers will be located in the Phillip Burton Federal Building and United States Courthouse, Courtroom C, 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102.<br><br>On or after March 20, 2012, all filings for matters pending on Judge Beelers docket, all court appearances, and all deliveries of chambers copies of documents must be made at the San Francisco Courthouse.<br><br>The days and times for law and motion calendars and all currently scheduled proceedings remain unchanged.<br><br>Please note that all of Judge Beelers case files will be moved to the San Francisco Courthouse, therefore all case numbers assigned to her will be changed slightly to reflect the correct venue. Previously, all case numbers started with 4 to indicate the Oakland office (Example: 4:12-cv-12345-LB). As of March 20, 2012, all of Judge Beelers case files will begin with 3 to indicate the San Francisco office, but everything else will stay the same (Example: 3:12-cv-12345-LB). When e-filing, using the short case number format will always avoid problems when searching for the correct case: 12-12345 (YY-NNNNN).<br><br>For information on the San Francisco Courthouses accessibility, parking, driving directions, public transit, hotels and other helpful links, please visit our website: http://www.cand.uscourts.gov, click on Court Information on the right hand side of our main page, then select the San Francisco link under Address and Jurisdiction. The main telephone number for the San Francisco Division is 415-522-2000.<br>(cpS, COURT STAFF) (Filed on 3/12/2012) (Entered: 03/12/2012) |
| 03/14/2012 | 19 | CLERKS NOTICE re Consent to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge due by 3/26/2012. (ls, COURT STAFF) (Filed on 3/14/2012) (Entered: 03/14/2012) |
| 03/14/2012 | 20 | NOTICE of Appearance by Alexis Henry Rudd *and Michael A. Vasquez on behalf of HILL BROTHERS CHEMICAL COMPANY* (Rudd, Alexis) (Filed on 3/14/2012) (Entered: 03/14/2012) |
| 03/14/2012 | 21 | NOTICE of Filing State Court Answer to Complaint by Hill Brothers Chemical Company. (Rudd, Alexis) (Filed on 3/14/2012) Modified on 3/15/2012 (cjl, COURT STAFF). (Entered: 03/14/2012) |
| 03/14/2012 | 22 | Statement *Pursuant to FRCivP 7.1* by Hill Brothers Chemical Company. (Rudd, Alexis) (Filed on 3/14/2012) (Entered: 03/14/2012) |
| 03/14/2012 | 23 | Certificate of Interested Entities by Hill Brothers Chemical Company (Rudd, Alexis) (Filed on 3/14/2012) (Entered: 03/14/2012) |

| 03/14/2012 | 24 | Declination to Proceed Before a U.S. Magistrate Judge by Hill Brothers Chemical Company . (Rudd, Alexis) (Filed on 3/14/2012) (Entered: 03/14/2012) |
| 03/14/2012 | 25 | CERTIFICATE OF SERVICE by Hill Brothers Chemical Company re 20 Notice of Appearance, 24 Declination to Proceed Before a U.S. Magistrate Judge, 21 Notice (Other), 23 Certificate of Interested Entities, 22 Statement *Pursuant to FRCivP 7.1* (Rudd, Alexis) (Filed on 3/14/2012) (Entered: 03/14/2012) |
| 03/15/2012 | 26 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (ls, COURT STAFF) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/15/2012 | 27 | MOTION to Remand *Action to State Court; Memorandum of Points and Authorities* filed by Karen Dunn, Martin Dunn. Motion Hearing set for 4/19/2012 11:00 AM in Courtroom C, 15th Floor, San Francisco before Magistrate Judge Laurel Beeler. Responses due by 3/29/2012. Replies due by 4/5/2012. (Attachments: # 1 Declaration Declaration of Cindy Saxey in Support of Plaintiffs' Motion to Remand, # 2 Declaration Declaration of Francis J. Burger in Support of Plaintiffs' Motion to Remand, # 3 Exhibit Exbibit 1 to Declaration of Francis J. Burger, # 4 Exhibit Exhibit 2 to Declaration of Francis J. Burger, # 5 Exhibit Exhibit 3 to Declaration of Francis J. Burger, # 6 Exhibit Exhibit 4 to Declaration of Francis J. Burger, # 7 Exhibit Exhibit 5 to Declaration of Francis J. Burger, # 8 Exhibit Exhibit 6 to Declaration of Francis J. Burger, # 9 Exhibit Exhibit 7 to Declaration of Francis J. Burger, # 10 Exhibit Exhibit 8 to Declaration of Francis J. Burger, # 11 Exhibit Exhibit 9 to Declaration of Francis J. Burger, # 12 Exhibit Exhibit 10 to Declaration of Francis J. Burger, # 13 Exhibit Exhibit 11 to Declaration of Francis J. Burger, # 14 Exhibit Exhibit 12 to Declaration of Francis J. Burger, # 15 Exhibit Exhibit 13 to Declaration of Francis J. Burger, # 16 Exhibit Exhibit 14a to Declaration of Francis J. Burger, # 17 Exhibit Exhibit 14b to Declaration of Francis J. Burger, # 18 Exhibit Exhibit 15a to Declaration of Francis J. Burger, # 19 Exhibit Exhibit 15b to Declaration of Francis J. Burger, # 20 Exhibit Exhibit 16 to Declaration of Francis J. Burger, # 21 Exhibit Exhibit 17 to Declaration of Francis J. Burger, # 22 Exhibit Exhibit 18 to Declaration of Francis J. Burger, # 23 Exhibit Exhibit 19a to Declaration of Francis J. Burger, # 24 Exhibit Exhibit 19b to Declaration of Francis J. Burger, # 25 Exhibit Exhibit 20a to Declaration of Francis J. Burger, # 26 Exhibit Exhibit 20b to Declaration of Francis J. Burger, # 27 Exhibit Exhibit 21 to Declaration of Francis J. Burger, # 28 Exhibit Exhibit 22 to Declaration of Francis J. Burger, # 29 Exhibit Exhibit 23a to Declaration of Francis J. Burger, # 30 Exhibit Exhibit 23b to Declaration of Francis J. Burger, # 31 Exhibit Exhibit 23c to Declaration of Francis J. Burger, # 32 Exhibit Exhibit 24 to Declaration of Francis J. Burger, # 33 Exhibit Exhibit 25 to Declaration of Francis J. Burger, # 34 Exhibit Exhibit 26 to Declaration of Francis J. Burger, # 35 Exhibit Exhibit 27 to Declaration of Francis J. Burger, # 36 Exhibit Exhibit 28 to Declaration of Francis J. Burger, # 37 Exhibit Exhibit 29 to Declaration of Francis J. Burger, # 38 Exhibit Exhibit 30 to Declaration of Francis J. Burger, # 39 Exhibit Exhibit 31 to Declaration of Francis J. Burger, # 40 Exhibit Exhibit 32 to Declaration of Francis J. Burger, # 41 Exhibit Exhibit 33 to Declaration of Francis J. Burger, # 42 Exhibit |

| | | |
|---|---|---|
| | | Exhibit 34 to Declaration of Francis J. Burger, # 43 Exhibit Exhibit 35 to Declaration of Francis J. Burger, # 44 Exhibit Exhibit 36 to Declaration of Francis J. Burger, # 45 Exhibit Exhibit 37 to Declaration of Francis J. Burger, # 46 Exhibit Exhibit 38 to Declaration of Francis J. Burger, # 47 Exhibit Exhibit 39a to Declaration of Francis J. Burger, # 48 Exhibit Exhibit 39b to Declaration of Francis J. Burger, # 49 Exhibit Exhibit 39c to Declaration of Francis J. Burger, # 50 Exhibit Exhibit 39d to Declaration of Francis J. Burger, # 51 Exhibit Exhibit 39e to Declaration of Francis J. Burger, # 52 Exhibit Exhibit 39f to Declaration of Francis J. Burger, # 53 Exhibit Exhibit 39g to Declaration of Francis J. Burger, # 54 Exhibit Exhibit 39h to Declaration of Francis J. Burger, # 55 Exhibit Exhibit 39i to Declaration of Francis J. Burger, # 56 Exhibit Exhibit 39j to Declaration of Francis J. Burger, # 57 Exhibit Exhibit 40 to Declaration of Francis J. Burger, # 58 Exhibit Exhibit 41 to Declaration of Francis J. Burger, # 59 Exhibit Exhibit 42 to Declaration of Francis J. Burger, # 60 Proposed Order, # 61 Certificate/Proof of Service) (Saxey, Cindy) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/16/2012 | 28 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Susan Illston for all further proceedings. Magistrate Judge Laurel Beeler no longer assigned to the case. Signed by the Executive Committee on March 16, 2012. (cjl, COURT STAFF) (Filed on 3/16/2012) (Entered: 03/16/2012) |
| 03/16/2012 | 29 | NOTICE of Appearance by Glen R. Powell *On Behalf of Defendant Air & Liquid Systems Corporation, Successor by Merger to Buffalo Pumps, Inc.* (Powell, Glen) (Filed on 3/16/2012) (Entered: 03/16/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/19/2012 12:25:21 | | |
| **PACER Login:** | kl0203 | **Client Code:** | 0213660.00934/11080 |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-00724-SI |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |

ENDORSED
FILED
ALAMEDA COUNTY

DEC - 5 2011

CLERK _____ COURT
By_____
                    Deputy

1  Benno Ashrafi, Esq. (CSBN 247623)
   WEITZ & LUXENBERG, P.C.
2  1880 Century Park East, Suite 700
   Los Angeles, California 90211
3  Tel.: (310) 247-0921
   Fax: (310) 786-9927
4  Attorneys for Plaintiffs

5

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF ALAMEDA

10  MARTIN DUNN, an individual; and       CASE NO. 10 11606983
    KAREN DUNN, an individual;
11                                         [COMPLEX ASBESTOS LITIGATION –
12          Plaintiffs,                     SUBJECT TO THE GENERAL ORDERS
                                            CONTAINED IN FILE NO. C 700 000]
13          v.
                                           PLAINTIFFS' COMPLAINT FOR
14  AIR & LIQUID SYSTEMS                    DAMAGES
    CORPORATION, a subsidiary of
15  AMPCO-PITTSBURGH                         1.  NEGLIGENCE
    CORPORATION, individually and as
16  successor by merger to BUFFALO           2.  BREACH OF EXPRESS AND
17  PUMPS, INC., individually and as            IMPLIED WARRANTIES
    successor in interest to BUFFALO FORGE    3.  STRICT LIABILITY
18  COMPANY;
    BLACKMER PUMP COMPANY;                   4.  LOSS OF CONSORTIUM
19  CARRIER CORPORATION,
20  individually and as successor in interest to  DEMAND FOR JURY TRIAL
    BRYANT HEATING & COOLING
21  SYSTEMS;
    CBS CORPORATION f/k/a VIACOM,
22  INC., successor by merger to CBS
23  CORPORATION f/k/a WESTINGHOUSE
24  ELECTRIC CORPORATION as successor
    in interest to BF STURTEVANT;
25  CRANE CO.;
    FMC CORPORATION, individually and
26  as successor in interest to NORTHERN
27  PUMP COMPANY f/k/a NORTHERN
28

-1-

PLAINTIFFS' COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  FIRE APPARATUS COMPANY and
   PEERLESS PUMP COMPANY;;

2  **FOSTER WHEELER, LLC**, a/k/a and
   individually and as successor in interest to

3  FOSTER WHEELER CORPORATION

4  and FOSTER WHEELER ENERGY
   CORPORATION;

5  **GARDNER DENVER, INC.**, f/k/a
   GARDNER DENVER MACHINERY,

6  INC.;

7  **GENERAL ELECTRIC COMPANY;**
   **HILL BROTHERS CHEMICAL**

8  **COMPANY;**

9  **IMO INDUSTRIES, INC.**, individually
   and as successor in interest to DELAVAL

10 STEAM TURBINE COMPANY;
   **INGERSOLL-RAND COMPANY**,

11 individually and as successor in interest to

12 TERRY STEAM TURBINE COMPANY;
   **ITT CORPORATION**, f/k/a ITT

13 **IINDUSTRIES INC.**, individually and as
   successor to BELL AND GOSSETT CO.,

14 GRINNELL VALVE CO., INC., and
   MCDONALD-MILLER;

15 **J.T. THORPE & SON, INC.;**

16 **SYD CARPENTER, MARINE**

17 **CONTRACTOR, INC.;**
   **THE NASH ENGINEERING**

18 **COMPANY;**

19 **TRIPLE A MACHINE SHOP, INC.;**
   **WARREN PUMPS, LLC**, f/k/a

20 WARREN PUMPS, INC., individually and
   as successor in interest to QUIMBY PUMP

21 COMPANY;

22 **YARWAY CORPORATION;**
   and DOES 1 through 400, inclusive,

23

24              Defendants.

25

26         COMES NOW, Plaintiffs MARTIN DUNN and KAREN DUNN for causes of action

27 against defendants and DOES 1 through 400, and each of them, inclusive, who file this

28 Complaint and allege as follows:

- 2 -

## GENERAL ALLEGATIONS

1.    The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious names.   Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE caused injuries and damages proximately thereby to plaintiffs as hereinafter alleged; and that each DOE defendant is liable to the plaintiffs for the acts and omissions alleged herein below, and the resulting injuries to plaintiffs, and damages sustained by the plaintiffs.  Plaintiffs will amend this complaint to allege the true names and capacities of said DOE defendants when that same is ascertained.

2.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the defendants and each of the DOE defendants were the agent, servant, employee and/or joint venturer of the other co-defendants and other DOE defendants, and each of them, and at all said times, each defendant and each DOE defendant was acting in the full course, scope and authority of said agency, service, employment and/or joint venture.

3.    Plaintiffs are informed and believe, and thereon allege, that all times mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive, were also known as, formerly known as and/or were the successors and/or predecessors in interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary (wholly or partially owned by, or the whole or partial owner), affiliate, partner, co-venturer, merged company, alter egos, agents, equitable trustees and/or fiduciaries of and/or were members in an entity or entities engaged in the funding, researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation, contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos, and/or other products, components and assemblies containing said substance (hereafter "alternate entities").  Defendants and DOES 1 through

-3-

1   400, and each of them, inclusive, are liable for the acts, omissions and tortious conduct of its

2   successors and/or predecessors in interest/business/product line/or a portion thereof, assigns,

3   parent, subsidiary, affiliate, partner, co-venturer, merged company, alter ego, agent, equitable

4   trustee, fiduciary and/or its alternate entities in that defendants and DOES 1 through 400, and

5   each of them, inclusive, enjoy the goodwill originally attached to each such alternate entity,

6   acquired the assets or product line (or portion thereof), and in that there has been a virtual

7   destruction of plaintiffs' remedy against each such alternate entity, and that each such

8   defendant has the ability to assume the risk spreading role of each such alternate entity.

9       4.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

10   mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and

11   are corporations organized and existing under the laws of the State of California or the laws

12   of some state or foreign jurisdiction; that each of the said defendants and DOE defendants

13   were and are authorized to do and are doing business in the State of California and regularly

14   conducted business in the County of Alameda.

15       5.    This lawsuit is brought strictly and solely upon California State law, and every

16   claim arising under the Constitution, treaties, or laws of the United States is expressly

17   disclaimed (including any claim arising from an act or omission on a federal enclave, or of

18   any officer of the U.S. or any agency or person acting under him occurring under color of

19   such office). No claim of admiralty or maritime law is raised.

20       6.    Plaintiff MARTIN DUNN was a worker and end user, including but not

21   limited to, a machinist on the USS Somers who at various locations, including within the

22   State of California, used, handled or was otherwise exposed to asbestos, asbestos containing

23   products and/or products designed to be used in association with asbestos products of

24   defendants and DOES 1 through 400, and each of them, inclusive; including: **AIR &**

25   **LIQUID SYSTEMS CORPORATION,** a subsidiary of AMPCO-PITTSBURGH

26   CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC.,

27   individually and as successor in interest to BUFFALO FORGE COMPANY (for Buffalo

28   pumps); **BLACKMER PUMP COMPANY** (for pumps); **CARRIER CORPORATION,**

-4-

individually and as successor in interest to BRYANT HEATING & COOLING SYSTEMS (for air compressors); **CBS CORPORATION** f/k/a **VIACOM, INC.**, successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION as successor in interest to BF STURTEVANT (for Westinghouse heaters, turbines, ship's service generators and forced draft blowers; and BF Sturtevant high pressure air compressors and turbines); **CRANE CO.** (for valves, gaskets); **FMC CORPORATION**, individually and as successor in interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY and PEERLESS PUMP COMPANY; (for Northern pumps, Peerless pumps); **FOSTER WHEELER, LLC**, a/k/a and individually and as successor in interest to FOSTER WHEELER CORPORATION and FOSTER WHEELER ENERGY CORPORATION (for boilers, main condensers, economizers); **GARDNER DENVER, INC.**, f/k/a GARDNER DENVER MACHINERY, INC. (for pumps and compressors); **GENERAL ELECTRIC COMPANY** (for GE turbines); **HILL BROTHERS CHEMICAL COMPANY** (as contractor and for supply of asbestos materials); **IMO INDUSTRIES, INC.**, individually and as successor in interest to DELAVAL STEAM TURBINE COMPANY (for DeLaval turbines and pumps); **INGERSOLL-RAND COMPANY**, individually and as successor in interest to TERRY STEAM TURBINE COMPANY (for pumps and compressors); **ITT CORPORATION**, f/k/a ITT IINDUSTRIES INC., individually and as successor to BELL AND GOSSETT CO., GRINNELL VALVE CO., INC., and MCDONALD-MILLER (for pumps); **J.T. THORPE & SON, INC.** (as a contractor); **SYD CARPENTER, MARINE CONTRACTOR, INC.** (as a contractor); **THE NASH ENGINEERING COMPANY** (for pumps); **TRIPLE A MACHINE SHOP, INC.** (as a contractor); **WARREN PUMPS, LLC**, f/k/a WARREN PUMPS, INC., individually and as successor in interest to QUIMBY PUMP COMPANY (for Warren pumps; for Quimby pumps); **YARWAY CORPORATION** (for Yarway valves); and DOES 1 through 400, inclusive.

7.   Plaintiffs are informed and believe, and thereon allege, that asbestos related diseases such mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural

1   plaques are progressive lung diseases caused by cumulative inhalation of asbestos fibers

2   without perceptible trauma and that said diseases result from exposure to asbestos and

3   asbestos products over a period of time.

4       8.    As set forth herein this complaint, and as a result of plaintiff MARTIN

5   DUNN's asbestos exposure to the products of and/or on the premises of defendants and

6   DOES 1 through 400, and each of them, inclusive, plaintiff MARTIN DUNN was diagnosed

7   with mesothelioma on or about July 2011, which is life threatening, debilitating and likely

8   terminal, and plaintiff continues to endure great physical pain and suffering, mental anguish,

9   loss of enjoyment of life and the loss of earnings, earning capacity and attendant medical

10   expenses; and as a result, plaintiff KAREN DUNN has suffered from the loss of love,

11   comfort, society, attention of, and the loss of services and support of, MARTIN DUNN; all

12   to the plaintiffs' general and special damage in excess of the jurisdictional limits of the

13   unlimited Court.

14   **FIRST CAUSE OF ACTION**

15   **NEGLIGENCE**

16   **(Against All Product Defendants and DOES 1 through 400)**

17       9.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth

18   at length herein, all of the allegations of paragraphs 1 through 8 above, inclusive.

19       10.    Plaintiff MARTIN DUNN was a worker and end user who used, handled or

20   was otherwise exposed to asbestos, asbestos containing products and/or products designed to

21   be used in association with asbestos products of defendants and DOES 1 through 400, and

22   each of them, inclusive, in a manner that was reasonably foreseeable to said defendants.

23       11.    At all times herein mentioned, defendants and DOES 1 through 400, and each

24   of them, inclusive, were engaged in the business of researching, studying, manufacturing,

25   fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing,

26   buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing,

27   contracting for installation, contracting others to install, repairing, marketing, warranting,

28   rebranding, manufacturing for others, packaging and advertising a certain substance, the

- 6 -

generic name of which is asbestos, and/or other products, components and assemblies containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

12.    At all times herein mentioned, defendants and DOES 1 through 400, and each of them, inclusive, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised a certain substance, the generic name of which is asbestos, and/or other asbestos-containing products, components and assemblies containing said substance, and that said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, persons working around or living with persons working with or around such asbestos and asbestos-containing products, and others including plaintiff MARTIN DUNN, while being used in a manner that was intended by or otherwise reasonably foreseeable to said defendants, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto.

13.    At all times herein mentioned, defendants and DOES 1 through 400, and each of them, inclusive, had a duty to exercise reasonable care while engaging in the activities mentioned above and said defendants breached said duty of reasonable care in that defendants and DOES 1 through 400, and each of them, inclusive, failed to safely and adequately design, manufacture and/or sell said defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to warn those persons who would be exposed, including plaintiff MARTIN DUNN, of the health hazards of using said defendants' products; failed to disclose the known or knowable dangers of using said

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICE
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

-7-

1   defendants' products; failed to obtain suitable alternative materials to asbestos when such

2   alternatives were available; and as otherwise stated herein.

3       14.    On or before 1927, and thereafter, defendants and DOES 1 through 400, and

4   each of them, inclusive, were aware and knew of the dangers associated with breathing

5   asbestos containing dust, and said defendants also were aware and knew that users of

6   asbestos and asbestos products, as well as members of the general public who would be

7   exposed to asbestos and asbestos-containing products, had no knowledge or information

8   indicating that asbestos could cause injury, and said defendants knew that the users of

9   asbestos and asbestos-containing products, as well as members of the general public who

10   were exposed to asbestos and asbestos-containing products, would assume, and in fact did

11   assume, that exposure to asbestos and asbestos-containing products was safe, when in fact

12   said exposure was extremely hazardous to human life; and propagated misinformation

13   intended to instill in users of said defendants' products a false security about the safety of

14   said defendants' products.

15       15.    The defendants and DOES 1 through 400, and each of them, inclusive, knew

16   and failed to disclose that plaintiff MARTIN DUNN and anyone similarly situated, upon

17   inhalation of asbestos would, in time, have a substantial risk of developing irreversible

18   conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer, and said defendants

19   knew and failed to disclose that inhalation of asbestos would cause pathological effects

20   without noticeable trauma to the public, including buyers, users, and physicians such that

21   physicians could not examine, diagnose and treat those who were exposed to asbestos,

22   including plaintiff.

23       16.    The defendants and DOES 1 through 400, and each of them, inclusive, despite

24   said defendants knowledge of the substantial risks associated with exposure to asbestos,

25   willfully and knowingly concealed and actively suppressed and promoted the suppression

26   from all consumers, including plaintiff MARTIN DUNN, medical and scientific information

27   concerning the health hazards associated with inhalation of asbestos, including the

28   substantial risk of injury or death therefrom in conscious disregard of the rights, safety and

-8-

1   welfare of users, consumers, workers, persons working around or living with persons

2   working with or around such asbestos and asbestos-containing products, and others including

3   plaintiff MARTIN DUNN.

4        17.   Rather than attempting to protect users and workers from, or warn workers and

5   users of, the high risk of injury or death resulting from exposure to asbestos and asbestos-

6   containing products, the defendants and DOES 1 through 400, and each of them, inclusive,

7   intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and

8   actively concealed and suppressed said knowledge from members of the general public that

9   asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the

10   knowledge of the falsity of said implied representations.   Said defendants propagated

11   misinformation to instill a false sense of security and safety to instill in users a false sense of

12   security about the safety of their products.

13        18.   In researching, testing, manufacturing, distributing, labeling, installing and

14   marketing said products, defendants and DOES 1 through 400, and each of them, inclusive,

15   did so with conscious disregard for the safety of the users of said products, in that said

16   defendants had specific prior knowledge that there was a high risk of injury or death

17   resulting from exposure to asbestos or asbestos-containing products, including but not

18   limited to mesothelioma.   Said knowledge was obtained, in part, from scientific studies,

19   government data, and medical data to which defendants had access, as well as scientific

20   studies performed by, at the request of, or with the assistance of, said defendants, and which

21   knowledge was obtained by said defendants on or before 1927, and thereafter.

22        19.   The above referenced conduct of defendants and DOES 1 through 400, and

23   each of them, inclusive, was motivated by the financial interest of said defendants in the

24   continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing

25   products.  In pursuance of said financial motivation, said defendants consciously disregarded

26   the safety of the users of, and persons exposed to, asbestos and asbestos-containing products,

27   and were in fact, consciously willing to permit asbestos and asbestos-containing products to

28   cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

-9-

20.    With said knowledge, defendants and DOES 1 through 400, and each of them, inclusive, opted to manufacture, distribute and install said asbestos and asbestos-containing products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.

21.    Plaintiffs were not aware that exposure to asbestos presented any risk of injury and/or disease to MARTIN DUNN, and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

22.    Defendants and DOES 1 through 400, and each of them, inclusive, were aware that such dust created an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing dust.

23.    Plaintiffs are informed and believe, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of the defendants and DOES 1 through 400, and each of them, inclusive, in that said defendants knew or should have known that the asbestos dust would be generated and released from their asbestos-containing products during the regular and intended uses of such asbestos products, and that said asbestos-containing products and the asbestos dust exposure there from created an increased risk of asbestos disease for all users, consumers, or others, including plaintiff, who breathed said asbestos-containing dust which said defendants knew or should have known was harmful to the body and health of persons installing, handling, and using asbestos and asbestos-containing products, as well as to persons in the immediate vicinity of such installation, use and handling, and that such asbestos products and dust were capable of causing and did, in fact, cause personal injuries to users, consumers and others, while being used in a manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by plaintiff.

24.    Plaintiffs are informed and believe, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of the defendants and DOES 1 through 400, and each of them, inclusive, in that said defendants failed to take rea-

-10-

1   sonable care to warn the plaintiff of the danger and harm to which he was exposed while

2   installing, handling and otherwise using said products, as well as while he was in the vicinity

3   of the use, installation, and handling of said products, and failed to specify, recommend,

4   supply, install, sell, and use readily available substitutes which do not and did not pose the

5   danger to human health.

6         25.   The conduct of the defendants and DOES 1 through 400, and each of them,

7   inclusive, as described in this cause of action was a substantial factor and a legal cause of the

8   injuries and damages sustained by plaintiffs, and that said defendants demonstrated such an

9   entire want of care as to establish that their acts and omissions were the result of actual

10   conscious indifference to the rights, safety, and welfare of plaintiff MARTIN DUNN, and

11   that such intentional acts and omissions were substantial factors in causing his disease and

12   injuries.

13         26.   As a direct and proximate result of the aforesaid conduct of defendants and

14   DOES 1 through 400, and each of them, inclusive, plaintiff MARTIN DUNN has suffered,

15   and continues to suffer, permanent injuries to his person, body and health all to his general

16   damage in a sum in excess of the jurisdictional limits of this unlimited Court.

17         27.   As a direct and proximate result of the aforesaid conduct of defendants and

18   DOES 1 through 400, and each of them, inclusive, plaintiff MARTIN DUNN was and will

19   be compelled to and did employ medical services in an amount which has not as yet been

20   fully ascertained and which will be asserted according to proof at trial.

21         28.   As a direct and proximate result of the aforesaid conduct of defendants and

22   DOES 1 through 400, and each of them, inclusive, plaintiffs have and/or will suffer loss of

23   income and earnings, past, present and future and earning capacity in an amount which has

24   not as yet been fully ascertained and which will be asserted according to proof at trial.

25         29.   As a direct and proximate result of the aforesaid conduct of defendants and

26   DOES 1 through 400, and each of them, inclusive, plaintiffs did necessarily incur and in the

27   future will incur incidental expenses and damages in an amount which has not as yet been

28   fully ascertained and which will be asserted according to proof at trial.

30.   In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.   As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff MARTIN DUNN and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

## SECOND CAUSE OF ACTION

### BREACH OF EXPRESS AND IMPLIED WARRANTIES

#### (Against All Product Defendants and DOES 1 through 400)

31.   Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 30 above, inclusive.

32.   Defendants and DOES 1 through 400, and each of them, inclusive, sold and/or otherwise supplied the asbestos containing products, materials and equipment to Plaintiff and/or his employers.

33.   That in connection with the manufacture, preparation, sale, specification, installation, use, and supply of asbestos products, defendants and DOES 1 through 400, and each of them, inclusive, expressly and impliedly warranted that said products were of good and merchantable quality and fit for their intended use.   However, in truth and in fact, said products contained harmful and deleterious asbestos fibers, known to the defendants herein, to be defective and harmful to humans exposed thereto.

-12-

34.    Said products were not and are not suitable for the purposes for which said products were intended, supplied, and relied upon, nor suitable for any other similar purpose, including their use by human beings in confined spaces where humans would be physically present, working, resting or breathing.

35.    Plaintiffs relied on the express and implied warranties of defendants and DOES 1 through 400, and each of them, inclusive, in the use of and exposure to said asbestos and asbestos products, and plaintiff MARTIN DUNN was using and/or exposed to said asbestos in a reasonably foreseeable intended manner.

36.    Defendants and DOES 1 through 400, and each of them, inclusive, breached the above-described express and implied warranties in that said substance was defective, which defects permitted and/or caused said substance to seriously and permanently cause injury to plaintiff while using said substance in a manner that was reasonably foreseeable.

37.    The breaches of warranties by defendants and DOES 1 through 400, and each of them, inclusive, as described in this cause of action was a substantial factor and a legal cause of the injuries and damages sustained by plaintiffs.

38.    As a direct and proximate result of the above-described breaches of warranties by defendants and DOES 1 through 400, and each of them, inclusive, plaintiff MARTIN DUNN suffered severe and permanent injuries to his person, and plaintiffs suffered damages as alleged above.

39.    In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.  As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product

- 13 -

1   Defendants, and each of them, inclusive, demonstrated such an entire want of care as to

2   establish that their acts and omissions were the result of actual conscious indifference to the

3   rights, safety, and welfare of plaintiff MARTIN DUNN and of workers exposed to asbestos

4   and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing

5   said defendants, seek punitive damages according to proof.

**THIRD CAUSE OF ACTION**

**STRICT LIABILITY IN TORT**

**(Against All Product Defendants and DOES 1 through 400)**

9   40.    Plaintiffs re-allege and incorporate here by reference, as though fully set forth

10   at length herein, all of the allegations of paragraphs 1 through 39 above, inclusive.

11   41.    At all times mentioned herein, the defendants and DOES 1 through 400, and

12   each of them, inclusive, manufactured, fabricated, designed, developed, labeled, assembled,

13   distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired,

14   installed, demolished, contracted for installation, contracted others to install, repaired,

15   marketed, warranted, rebranded, manufactured for others, packaged and advertised a certain

16   substance, the generic name of which is asbestos, and/or other products, components and

17   assemblies containing said substance which were defective in that they were not as safe as an

18   ordinary consumer of such products would expect; and that the gravity of the potential harm

19   resulting from the use of the defective products of the defendants and DOES 1 through 400,

20   and each of them, inclusive, and the risk of said asbestos and asbestos-containing products

21   outweighed any benefit of the said defendants' design, when safer alternative designs and

22   materials existed and were available that could and should have been substituted and used

23   instead of the deadly asbestos, including providing adequate warning of such potential harm.

24   42.    At all times mentioned herein, defendants and DOES 1 through 400, and each

25   of them, inclusive, were aware of the dangerous and defective nature of asbestos and

26   asbestos-containing products when they were used in their intended or reasonably

27   foreseeable manner.

28

43.    The defendants and DOES 1 through 400, and each of them, inclusive, placed said asbestos products on the market, knowing the asbestos-containing products would be used without inspection for such defects and unsafe conditions, and that said defendants nonetheless took no action to warn or otherwise protect exposed persons, including plaintiff, who foreseeable would be exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

44.    The asbestos and asbestos-containing products, components and assemblies of the defendants and DOES 1 through 400, and each of them, inclusive, were substantially the same as when they left said defendants' possession.

45.    The aforementioned asbestos and asbestos-containing products of the defendants and DOES 1 through 400, and each of them, inclusive, were used by plaintiff and exposed persons in the manner for which they were intended or in a manner that was or would be reasonably foreseeable; and that plaintiff MARTIN DUNN was exposed to said asbestos and asbestos-containing products in a manner foreseeable to said defendants.

46.    The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were unknown and unforeseeable to plaintiff MARTIN DUNN, and plaintiffs had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

47.    The failure to warn by and the product defect in the asbestos and asbestos-containing products of defendants and DOES 1 through 400, and each of them, inclusive, were a substantial factor and a legal cause of plaintiff MARTIN DUNN's injuries and damages thereby sustained by plaintiffs, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff MARTIN DUNN, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

- 15 -

48.   As a direct and proximate result of the aforesaid conduct of defendants and DOES 1 through 400, and each of them, inclusive, plaintiff MARTIN DUNN suffered severe and permanent injuries to his person, and plaintiffs suffered damages as alleged above.

49.   In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.   As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff MARTIN DUNN and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

## FOURTH CAUSE OF ACTION

### LOSS OF CONSORTIUM

**(Against All Defendants and DOES 1 through 400)**

50.   Plaintiffs re-allege and incorporate here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 49 above, inclusive.

51.   Plaintiff KAREN DUNN was at all relevant times the lawfully wedded spouse of plaintiff MARTIN DUNN.

52.   Plaintiff MARTIN DUNN sustained injuries caused by inhalation of asbestos fibers as alleged herein above.  Prior to the aforesaid injuries, plaintiff MARTIN DUNN was able to and did perform duties as a spouse.

53.     Subsequent to the injuries, and as a proximate result thereof, plaintiff MARTIN DUNN was unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and therefore has sustained special damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

54.     Subsequent to the injuries, and as a proximate result thereof, plaintiff KAREN DUNN suffered loss of consortium, including, but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

55.     As the above referenced conduct complained of in this complaint of defendants and DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and that said defendants, and each of them, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff KAREN DUNN, such that plaintiff, for the sake of example, and by way of punishing said defendants, seeks punitive damages according to proof.

WHEREFORE, plaintiffs pray judgment against defendants, and DOES 1 through 400, and each of them, inclusive, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For medical and related expenses according to proof;

4. For loss of income, earning capacity, earning potential according to proof;

5. For exemplary or punitive damages according to proof;

6. For costs of suit herein;

7. For prejudgment interest on all damages as allowed by laws; and

8. For such other and further relief as the Court deems just and proper.

- 17 -

1   DATED: December 2, 2011          WEITZ & LUXENBERG, P.C.

2

3                                    BY:

4                                        BENNO ASHRAFI
                                         Attorneys for Plaintiffs
5

6                          **DEMAND FOR JURY TRIAL**

7        Plaintiffs demand a jury trial on all issues.

8   DATED: December 2, 2011          WEITZ & LUXENBERG, P.C.

9

10                                   BY:

11                                       BENNO ASHRAFI
                                         Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 18 -

                           PLAINTIFFS' COMPLAINT

 CT Corporation

**Service of Process Transmittal**
12/07/2011
CT Log Number 519607214

TO: Stacie Simpson
Navigant Consulting
PACE Claim Services, LLC, 100 American Metro Blvd
Suite 108
Hamilton, NJ 08619

RE: **Process Served in California**

FOR: Crane Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Martin Dunn, etc. and Karen Dunn, etc., Pltfs. vs. Air & Liquid Systems Corporation, etc., et al. including Crane Co., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint and Jury Demand, Cover Sheet(s) |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # 11606983 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/07/2011 at 16:22 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Benno Ashrafi<br>Weitz & Luxenberg, P.C.<br>1880 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>310-247-0921 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/08/2011, Expected Purge Date: 12/13/2011<br>Image SOP<br>Email Notification, Stacie Simpson PACEservice@navigantconsulting.com<br>Email Notification, Crane Co. SOP CraneCoCTService@klgates.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / JG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

12-7-11 @ 2:50 pm

DEC/06/2011/TUE 10:18 AM              FAX No.                          P. 003
DEC-06-2011  08:09      INTERCEPTOR                    510 268 8023      P.003

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

*POR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
**FILED**
**ALAMEDA COUNTY**

DEC - 5 2011

CLERK OF THE SUPERIOR COURT

By _Gloria Bahero_ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AIR & LIQUID SYSTEMS CORPORATION, a subsidiary of [see Additional Parties Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTIN DUNN, an individual; and KAREN DUNN, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court, Rene C. Davidson Courthouse, 1225 Fallon Street, Alameda, CA 94612

CASE NUMBER:
*(Número del Caso):*
RG 11606983

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Benno Ashrafi, Weitz & Luxenberg, P.C., 1880 Century Park East, Ste 700, L.A., CA 90067; 310-247-0921

DATE: DEC - 5 2011
*(Fecha)*
Pat S. Sweeten Clerk, by _Gloria Bahero_ , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): _Crane Co._

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

DEC-06-2011 10:27AM   From:                    TO: WEITZKI LUXENBERG      Page:003  R=95%

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dunn v. Air & Liquid Systems Corporation, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

AMPCO-PITTSBURGH CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC., individually and as successor in interest to BUFFALO FORGE COMPANY;
BLACKMER PUMP COMPANY;
CARRIER CORPORATION, individually and as successor in interest to BRYANT HEATING & COOLING SYSTEMS;
CBS CORPORATION f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION as successor in interest to BF STURTEVANT;
CRANE CO.;
FMC CORPORATION, individually and as successor in interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY and PEERLESS PUMP COMPANY;;
FOSTER WHEELER, LLC, a/k/a and individually and as successor in interest to FOSTER WHEELER CORPORATION and FOSTER WHEELER ENERGY CORPORATION;
GARDNER DENVER, INC., f/k/a GARDNER DENVER MACHINERY, INC.;
GENERAL ELECTRIC COMPANY;
HILL BROTHERS CHEMICAL COMPANY;
IMO INDUSTRIES, INC., individually and as successor in interest to DELAVAL STEAM TURBINE COMPANY;
INGERSOLL-RAND COMPANY, individually and as successor in interest to TERRY STEAM TURBINE COMPANY;
ITT CORPORATION, f/k/a ITT IINDUSTRIES INC., individually and as successor to BELL AND GOSSETT CO., GRINNELL VALVE CO., INC., and MCDONALD-MILLER;
J.T. THORPE & SON, INC.;
SYD CARPENTER, MARINE CONTRACTOR, INC.;
THE NASH ENGINEERING COMPANY;
TRIPLE A MACHINE SHOP, INC.;
WARREN PUMPS, LLC, f/k/a WARREN PUMPS, INC., individually and as successor in interest to QUIMBY PUMP COMPANY;
YARWAY CORPORATION;
and DOES 1 through 400, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**