EXHIBIT 2

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:12-cv-01196-MEJ

Pritchett et al v. A.W. Chesterton Company et al
Assigned to: Magistrate Judge Maria-Elena James
Case in other court: Alameda County Superior Court, RG
11-609491
Cause: 28:1446pl Petition for Removal - Product Liability

Date Filed: 03/09/2012
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Jerry R. Pritchet**                    represented by **Petra Maria DeJesus**
                                         Kazan McClain et al
                                         55 Harrison Street
                                         Suite 400
                                         Oakland, CA 94607
                                         510-302-1000
                                         Fax: 510-835-4913
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tara Pritchett**                       represented by **Petra Maria DeJesus**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W. Chesterton Company**

**Defendant**

**Air Liquid Systems Corporation**
*as successor by merger to Buffalo
Pumps Inc.*

**Defendant**

**Allied Packing & Supply, Inc.**

**Defendant**

**Anchor Darling Valve Company**

**Defendant**

**Astra Flooring Company**              represented by **Gavin David Whitis**

**Defendant**

**CBS Corporation**
*successor by merger to CBSCorp.*
*formerly known as*
Viacom Inc.
*formerly known as*
Westinghouse Electric Corporation

represented by **Mary Katherine Back**
Pond North LLP
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
213-617-6170
Fax: 213-623-3594
Email: mback@pondnorth.com
*ATTORNEY TO BE NOTICED*

Pond North
505 Montgomery St.
13th Floor
San Francisco, CA 94111
4152171240
Fax: 4153940484
Email: gwhitis@pondnorth.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Crane Co.**
*and as successor in interest, parent,*
*alter ego, and equitable trustee of*
*Chapman Valve Manufacturing and*
*Pacific Valves*

represented by **Jason Nathaniel Haycock**
K L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
(415) 882-8200
Fax: (415) 882-8220
Email: jason.haycock@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michele Cherie Barnes**
KL Gates LLP
4 Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-249-1011
Fax: 415-882-8220
Email: michele.barnes@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roseanna M Castillo**
K and L Gates LLP
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-882-8200
Fax: 415-882-8220

**Defendant**

**Electrolux Home Products, Inc.,**
*and as successor in interest, parent,*
*alter ego and equitable trustee of*
*Copes-Vulcan, Inc.*

**Defendant**

**Flowserve Corporation**
*and as successor in interest, parent,*
*alter ego, and equitable trustee of*
*Durametallic Corporation*

**Defendant**

**Flowserve US, Inc.**
*and as successor in interest, parent,*
*alter ego, and equitable trustee of*
*Edward Valve & Manufacturing*
*Company*

**Defendant**

**Nordstrom Valves, Inc.**

**Defendant**

**Rockwell International**

**Defendant**

**Flow Control Division**

**Defendant**

**Rockwell Manufacturing**

**Defendant**

**Foster Wheeler LLC**

**Defendant**

**General Electric Company**

**Defendant**

**Georgia-Pacific, LLC**
*formerly known as*
Georgia-Pacific Corporation

**Defendant**

**Goodyear Tire & Rubber Company**

Email: roseanna.castillo@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
Hills Brothers Chemical Company

**Defendant**
IMO Industries, Inc.
*and as successor in interest, parent,
alter ego, and equitable trustee to
Delaval Steam Turbine Co.*

**Defendant**
Ingersoll-Rand Company
*and as successor in interest, parent,
alter ego, and equitable trustee to Terry
Steam Turbine Company*

**Defendant**
The Whiton Machine Company

**Defendant**
J.T. Thorpe & Sons, Inc.

**Defendant**
M. Slayen and Associates, Inc.

**Defendant**
Metropolitan Life Insurance
Company

**Defendant**
Moore Securities Company
*and as successor in interest, parent,
alter ego, and equitable trustee to
Moore Dry Dock Company*

**Defendant**
Parker-Hannifin Corp
*and as successor in interest of Sacomo
Manufacturing Co. and Sacomo-Sierra,
Inc.*

**Defendant**
Power Enginering & Equipment Co.

**Defendant**
Rapid American Corporation

**Defendant**
SB Decking, Inc.

*formerly known as*
. Selby, Battersby & Company

**Defendant**
**Syd Carpenter Marine Contractor Inc.**

**Defendant**
**Velan Valve Corp.**

**Defendant**
**Warren Pumps, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/09/2012 | 1 | NOTICE OF REMOVAL /no process from Alameda County Superior Court. Their case number is RG11-609491. (Filing fee $350 receipt number 44611008503). Filed by Crane Co. (ga, COURT STAFF) (Filed on 3/9/2012) Modified on 3/15/2012 (ga, COURT STAFF). (Entered: 03/13/2012) |
| 03/09/2012 | 2 | Certificate of Interested Entities by Crane Co. re 1 Notice of Removal (ga, COURT STAFF) (Filed on 3/9/2012) (ga, COURT STAFF). (Entered: 03/13/2012) |
| 03/09/2012 | 3 | NOTICE OF TAG-ALONG ACTION by Crane Co. (ga, COURT STAFF) (Filed on 3/9/2012) Modified on 3/15/2012 (ga, COURT STAFF). (Entered: 03/13/2012) |
| 03/09/2012 | 4 | CERTIFICATE OF SERVICE by Crane Co. re 1 Notice of Removal, 2 Certificate of Interested Entities, 3 Notice (Other) (ga, COURT STAFF) (Filed on 3/9/2012) Modified on 3/15/2012 (ga, COURT STAFF). (Entered: 03/13/2012) |
| 03/09/2012 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 6/14/2012. Case Management Conference set for 6/21/2012 10:00 AM in Courtroom B, 15th Floor, San Francisco.. Signed by Judge Maria-Elena James on 3/9/12. (Attachments: # 1 Standing Order)(ga, COURT STAFF) (Filed on 3/9/2012) (Entered: 03/13/2012) |
| 03/16/2012 | 6 | NOTICE by CBS Corporation *of Filing State Court Answer to Complaint and Demand for Jury Trial* (Attachments: # 1 Exhibit 1 - CBS Corporation's Answer to Complaint, # 2 Exhibit 2 - CBS Corporation's Demand for Jury Trial)(Back, Mary) (Filed on 3/16/2012) (Entered: 03/16/2012) |
| 03/16/2012 | 7 | Certificate of Interested Entities by CBS Corporation identifying Other Affiliate National Amusements, Inc. for CBS Corporation. (Back, Mary) (Filed on 3/16/2012) (Entered: 03/16/2012) |
| 03/16/2012 | 8 | NOTICE by Astra Flooring Company *of Filing State Court Answer to Complaint and Demand for Jury Trial* (Attachments: # 1 State Court Answer, # 2 Jury Demand)(Whitis, Gavin) (Filed on 3/16/2012) (Entered: 03/16/2012) |

| 03/16/2012 | 9 | Certificate of Interested Entities by Astra Flooring Company *Pursuant to FRCP 7.1 and Local Rule 3-16* (Whitis, Gavin) (Filed on 3/16/2012) (Entered: 03/16/2012) |
| 03/19/2012 | 10 | CERTIFICATE OF SERVICE by Crane Co. re 1 Notice of Removal, 2 Certificate of Interested Entities, 3 Notice (Other), 4 Certificate of Service (Castillo, Roseanna) (Filed on 3/19/2012) (Entered: 03/19/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/19/2012 13:06:19 | | | |
| PACER Login: | kl0203 | Client Code: | 02:13660.00934/11407 |
| Description: | Docket Report | Search Criteria: | 3:12-cv-01196-MEJ |
| Billable Pages: | 4 | Cost: | 0.32 |



# CT Corporation

Service of Process
Transmittal
12/23/2011
CT Log Number 519698630

**TO:**      Stacie Simpson
Navigant Consulting
PACE Claim Services, LLC., 100 American Metro Blvd
Suite 108
Hamilton, NJ 08619

**RE:**      **Process Served in California**

**FOR:**     Crane Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jerry R. Pritchett and Tara T. Pritchett, Pltfs. vs. A.W. Chesterton Company, et al. including Crane Co., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, List, Cover Sheet, Addendum, ADR Packets, Complaint |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG11609491 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/23/2011 at 17:05 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Gordon D. Greenwood<br>Kazan, McClain, Lyons, Greenwood & Harley, PLC<br>Jack London Market, 55 Harrison Street<br>Suite 400<br>Oakland, CA 94607<br>510-302-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/24/2011, Expected Purge Date: 12/29/2011<br>Image SOP<br>Email Notification, Stacie Simpson PACEservice@navigantconsulting.com<br>Email Notification, Crane Co. SOP CraneCoCTService@klgates.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / CE

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CLERK OF SUPERIOR COURT
By:

DEC 2 3 2011

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):

SEE ATTACHED LIST

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

JERRY R. PRITCHETT and TARA T. PRITCHETT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: | Case Number: (Número del Caso): RG11609491
(El nombre y dirección de la corte es)
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
1225 Fallon Street
Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Gordon D. Greenwood, Esq.   (C.S.B. 136097)   510-835-4913
KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
Jack London Market
Oakland, California 9460 Pai S. Sweeten

DATE:   DEC 2 3 2011                    Clerk, by _____, Deputy
(Fecha)                                (Secretario)                        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): CRANE CO., individually and as successor in interest, parent, alter ego, and equitable trustee of CHAPMAN VALVE MANUFACTURING and PACIFIC VALVES
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

SUMMONS                          Code of Civil Procedure §§ 412.20, 465

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

*Jerry R. Pritchett and Tara T. Pritchett v. A.W. Chesterton Company, et al.*
Alameda County Superior Court

## LIST OF DEFENDANTS
### (COMPLAINT FOR PERSONAL INJURIES)

A.W. CHESTERTON COMPANY; AIR LIQUID SYSTEMS CORPORATION, as successor by merger to BUFFALO PUMPS, INC.; ALLIED PACKING & SUPPLY, INC.; ANCHOR DARLING VALVE COMPANY; ASTRA FLOORING COMPANY; CBS CORPORATION, a Delaware Corporation, formerly known as VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania Corporation, formerly known as WESTINGHOUSE ELECTRIC CORPORATION; CRANE CO., individually and as successor in interest, parent, alter ego, and equitable trustee of CHAPMAN VALVE MANUFACTURING AND PACIFIC VALVES; ELECTROLUX HOME PRODUCTS, INC. individually and as successor in interest, parent, alter ego and equitable trustee of COPES-VULCAN, INC; FLOWSERVE CORPORATION, individually and as successor in interest, parent, subsidiary, alter ego and equitable trustee of DURAMETALLIC CORPORATION; FLOWSERVE US, INC., individually and as successor in interest, parent, alter ego and equitable trustee of EDWARD VALVE & MANUFACTURING COMPANY, NORDSTROM VALVES, INC, ROCKWELL INTERNATIONAL, FLOW CONTROL DIVISION, and ROCKWELL MANUFACTURING, CO.; FOSTER WHEELER LLC; GENERAL ELECTRIC COMPANY; GEORGIA-PACIFIC LLC, formerly known as GEORGIA-PACIFIC CORPORATION; GOODYEAR TIRE & RUBBER COMPANY; HILL BROTHERS CHEMICAL COMPANY; IMO INDUSTRIES, INC., individually and as successor in interest, parent, alter ego and equitable trustee to DELAVAL STEAM TURBINE CO.; INGERSOLL-RAND COMPANY, individually and as successor in interest, parent, alter ego and equitable trustee to TERRY STEAM TURBINE COMPANY and THE WHITON MACHINE COMPANY; J.T. THORPE & SON, INC.; M. SLAYEN AND ASSOCIATES, INC.; METROPOLITAN LIFE INSURANCE COMPANY; MOORE SECURITIES COMPANY, individually and as successor in interest, parent, alter ego and equitable trustee to MOORE DRY DOCK COMPANY; PARKER-HANNIFIN CORP., individually and as successor in interest of SACOMO MANUFACTURING CO. and SACOMO-SIERRA, INC.; POWER ENGINEERING & EQUIPMENT CO.; RAPID AMERICAN CORPORATION; SB DECKING, INC., formerly known as SELBY, BATTERSBY & COMPANY; SYD CARPENTER MARINE CONTRACTOR, INC.; VELAN VALVE CORP.; WARREN PUMPS LLC; FIRST DOE through THREE HUNDREDTH DOE, inclusive

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Petra M. DeJesus, Esq. (C.S.B. #107470)
KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
TELEPHONE NO.: 510-302-1000    FAX NO.: 510-835-4913
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME:

CASE NAME: PRITCHETT, et al. v. A.W. CHESTERTON
COMPANY, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | RG11609491 |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)    JUDGE:    DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [X] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

**4.** Number of causes of action (specify): Fourteen (14)

**5.** This case [ ] is [X] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 16, 2011

Petra M. DeJesus, Esq. (C.S.B. #107470)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

ENDORSED
FOR COURT USE ONLY
ALAMEDA COUNTY
DEC 2 0 2011
CLERK OF THE COURT
By:

Short Title: Pritchett, et al. v. A.W. Chesterton Company, et al.

Case Number:

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
| --- | --- |
| | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | |
| --- | --- | --- | --- |
| Auto Tort | Auto tort (22) | Is this an uninsured motorist case? | 34 Auto tort (G) |
| | | [ ] yes [ ] no | |
| Other PI / PD / WD Tort | Asbestos (04) | 75 Asbestos (D) | [X] 75 Asbestos (G) (Is asbestos or toxic tort/environmental) |
| | Product liability (24) | 89 Product liability (not asbestos or toxic tort/environmental) (G) | |
| | Medical malpractice (45) | 97 Medical malpractice (G) | |
| | Other PI/PD/WD tort (23) | 33 Other PI/PD/WD tort (G) | |
| Non- PI / PD / WD Tort | Bus tort / unfair bus. practice (07) | 79 Bus tort / unfair bus. practice (G) | |
| | Civil rights (08) | 80 Civil rights (G) | |
| | Defamation (13) | 84 Defamation (G) | |
| | Fraud (16) | 24 Fraud (G) | |
| | Intellectual property (19) | 87 Intellectual property (G) | |
| | Professional negligence (25) | 59 Professional negligence - non-medical (G) | |
| | Other non-PI/PD/WD tort (35) | 03 Other non-PI/PD/WD tort (G) | |
| Employment | Wrongful termination (36) | 38 Wrongful termination (G) | |
| | Other employment (15) | 85 Other employment (G) | |
| | | 53 Labor comm award confirmation | |
| | | 54 Notice of appeal - L.C.A. | |
| Contract | Breach contract / Wrnty (06) | 04 Breach contract / Wrnty (G) | |
| | Collections (09) | 81 Collections (G) | |
| | Insurance coverage (18) | 86 Ins. coverage - non-complex (G) | |
| | Other contract (37) | 98 Other contract (G) | |
| Real Property | Eminent domain / Inv Cdm (14) | 18 Eminent domain / Inv Cdm (G) | |
| | Wrongful eviction (33) | 17 Wrongful eviction (G) | |
| | Other real property (26) | 36 Other real property (G) | |
| Unlawful Detainer | Commercial (31) | 94 Unlawful Detainer - commercial | Is the deft. in possession of the property? |
| | Residential (32) | 47 Unlawful Detainer - residential | [ ] Yes [ ] No |
| | Drugs (38) | 21 Unlawful detainer - drugs | |
| Judicial Review | Asset forfeiture (05) | 41 Asset forfeiture | |
| | Petition re: arbitration award (11) | 62 Pet. re: arbitration award | |
| | Writ of Mandate (02) | 49 Writ of mandate | |
| | Other judicial review (39) | 64 Other judicial review | |
| Provisionally Complex | Antitrust / Trade regulation (03) | 77 Antitrust / Trade regulation | |
| | Construction defect (10) | 82 Construction defect | Is this a CEQA action (Pub).Res,Code section 21000 et seq) [ ] Yes [ ] N |
| | Claims involving mass tort (40) | 78 Claims involving mass tort | |
| | Securities litigation (28) | 91 Securities litigation | |
| | Toxic tort / Environmental (30) | 93 Toxic tort / Environmental | |
| | Ins covrg from cmplx case type (41) | 95 Ins covrg from complex case type | |
| Enforcement of Judgment | Enforcement of judgment (20) | 19 Enforcement of judgment | |
| | | 08 Confession of judgment | |
| Misc. Complaint | RICO (27) | 90 RICO (G) | |
| | Partnership / Corp. governance (21) | 88 Partnership / Corp. governance (G) | |
| | Other complaint (42) | 68 All other complaints (G) | |
| Misc. Civil Petition | Other petition (43) | 06 Change of name | |
| | | 69 Other petition | |

202-19 (5/1/00)

AL20



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

ADR Info Sheet.Rev. 12/15/10

*Page 1 of 2*

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o   **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o   **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o   **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that <u>E</u>ncourage <u>E</u>ffective <u>D</u>ialogue and <u>S</u>olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

Date:

_____
(TYPE OR PRINT NAME)

▼

_____
(SIGNATURE OF DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

▼

_____
(SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Page 2 of 2

Cal. Rules of Court,
rule 3.221(a)(4)

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

1  Gordon D. Greenwood, Esq. (C.S.B. #136097)
2  Autumn A. Mesa, Esq. (C.S.B. #233508)
   KAZAN, McCLAIN, LYONS, GREENWOOD & HARLEY, PLC
3  Jack London Market
   55 Harrison Street, Suite 400
4  Oakland, California 94607
   Telephone: (510) 302-1000
5
   Attorneys for Plaintiffs
6

7

8                            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                 IN AND FOR THE COUNTY OF ALAMEDA

10

11 JERRY R. PRITCHETT and TARA T.          No.      RG 11604931
   PRITCHETT,
12                                          COMPLAINT FOR PERSONAL
                Plaintiffs,                 INJURIES; STRICT LIABILITY;
13                                          BREACH OF WARRANTIES;
                                            NEGLIGENCE; FRAUD;
14       vs.                                CONSPIRACY; (ALTERNATIVE
                                            ENTERPRISE AND CONCERT OF
15 A. W. CHESTERTON COMPANY; AIR LIQUID     ACTION LIABILITY); PREMISES
   SYSTEMS CORPORATION, as successor by     LIABILITY; AND LOSS OF
16 merger to BUFFALO PUMPS, INC.; ALLIED    CONSORTIUM
   PACKING & SUPPLY, INC.; ANCHOR
17 DARLING VALVE COMPANY; ASTRA             Code of Civil Procedure §36(d)
   FLOORING COMPANY; CBS CORPORATION,
18 a Delaware Corporation, formerly known as
   VIACOM INC., successor by merger to CBS
19 CORPORATION, a Pennsylvania Corporation,
   formerly known as WESTINGHOUSE
20 ELECTRIC CORPORATION; CRANE CO.,
   individually and as successor in interest, parent,
21 alter ego, and equitable trustee of CHAPMAN
   VALVES; ELECTROLUX HOME PRODUCTS,
22 INC. individually and as successor in interest,
   parent, alter ego and equitable trustee of COPES-
23 VULCAN, INC.; FLOWSERVE
   CORPORATION, individually and as successor in
24 interest, parent, subsidiary, alter ego and equitable
   trustee of DURAMETALLIC CORPORATION;
25 FLOWSERVE US, INC., individually and as
   successor in interest, parent, alter ego and
26 equitable trustee of EDWARD VALVE &
   MANUFACTURING COMPANY,
27 NORDSTROM VALVES, INC, ROCKWELL
   INTERNATIONAL, FLOW CONTROL
28 DIVISION, and ROCKWELL

                 COMPLAINT FOR PERSONAL INJURIES                           1

KAZAN, McCLAIN &
LYONS,
GREENWOOD &
HARLEY, PLC
55 Harrison Street,
Jack London Market
Suite 400
Oakland, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

P:\SERBOSI\0847\0.1

1  MANUFACTURING, CO.; FOSTER WHEELER
2  LLC; GENERAL ELECTRIC COMPANY;
   GEORGIA-PACIFIC LLC, formerly known as
3  GEORGIA-PACIFIC CORPORATION;
   GOODYEAR TIRE & RUBBER COMPANY;
4  HILL BROTHERS CHEMICAL COMPANY;
   IMO INDUSTRIES, INC, individually and as
5  successor in interest, parent, alter ego and
   equitable trustee to DELAVAL STEAM
6  TURBINE CO.; INGERSOLL-RAND
   COMPANY, individually and as successor in
7  interest, parent, alter ego and equitable trustee to
   TERRY STEAM TURBINE COMPANY and
8  THE WHITON MACHINE COMPANY; J.T.
   THORPE & SON, INC.; M. SLAYEN AND
9  ASSOCIATES, INC.; METROPOLITAN LIFE
   INSURANCE COMPANY; MOORE
10 SECURITIES COMPANY, individually and as
   successor in interest, parent, alter ego and
11 equitable trustee to MOORE DRY DOCK
   COMPANY; PARKER-HANNIFIN CORP.,
12 individually and as successor in interest of
   SACOMO MANUFACTURING CO. and
13 SACOMO-SIERRA, INC.; POWER
   ENGINEERING & EQUIPMENT CO.; RAPID
14 AMERICAN CORPORATION; SB DECKING,
   INC, formerly known as SELBY, BATTERSBY
15 & COMPANY; SYD CARPENTER MARINE
   CONTRACTOR, INC.; VELAN VALVE CORP.;
16 WARREN PUMPS LLC; FIRST DOE through
   THREE HUNDREDTH DOE, inclusive,
17
                                Defendants.
18

19            Plaintiff JERRY R. PRITCHETT alleges:
20
                         FIRST CAUSE OF ACTION
21                                Negligence
                    [Against All Products Defendants]
22
                                    I.
23
             Plaintiff Jerry R. Pritchett brings this action on his own behalf.  The masculine form as
24
   used in this complaint, if applicable as shown by the context hereof, applies to a female person or a
25
   corporation.
26
                                    II.
27
             Plaintiff does not know the true names and capacities, whether corporate, associate or
28

1   individual of defendants sued herein as FIRST DOE through TWO HUNDRED TENTH DOE,

2   inclusive, and each of them, and for that reason prays leave to insert the true names and capacities

3   of said defendants when the same are ascertained.  Plaintiff is informed and believes and therefore

4   alleges that each of the defendants designated herein as a DOE is negligently, intentionally and/or

5   strictly liable or responsible in some manner for the events and happenings herein referred to, and

6   proximately caused injury and damages to plaintiff thereby as herein alleged.

7                                                        III.

8           At all times herein mentioned, each of the defendants was the agent and employee of each

9   of the remaining defendants, and was at all times acting within the purpose and scope of said

10  agency and employment, and each defendant has ratified and approved the acts of the remaining

11  defendants.

12                                                       IV.

13          Defendants A.W. CHESTERTON COMPANY; AIR LIQUID SYSTEMS

14  CORPORATION, as successor by merger to BUFFALO PUMPS, INC.; ALLIED PACKING &

15  SUPPLY, INC.; ANCHOR DARLING VALVE COMPANY; ASTRA FLOORING COMPANY;

16  CBS CORPORATION, a Delaware Corporation, formerly known as VIACOM INC., successor by

17  merger to CBS CORPORATION, a Pennsylvania Corporation, formerly known as

18  WESTINGHOUSE ELECTRIC CORPORATION; CRANE CO., individually and as successor in

19  interest, parent, alter ego, and equitable trustee of CHAPMAN VALVE MANUFACTURING

20  AND PACIFIC VALVES; ELECTROLUX HOME PRODUCTS, INC. individually and as

21  successor in interest, parent, alter ego and equitable trustee of COPES-VULCAN, INC;

22  FLOWSERVE CORPORATION, individually and as successor in interest, parent, subsidiary, alter

23  ego and equitable trustee of DURAMETALLIC CORPORATION; FLOWSERVE US, INC.,

24  individually and as successor in interest, parent, alter ego and equitable trustee of EDWARD

25  VALVE & MANUFACTURING COMPANY, NORDSTROM VALVES, INC, ROCKWELL

26  INTERNATIONAL, FLOW CONTROL DIVISION, and ROCKWELL MANUFACTURING,

27  CO.; FOSTER WHEELER LLC; GENERAL ELECTRIC COMPANY; GEORGIA-PACIFIC

28  LLC, formerly known as GEORGIA-PACIFIC CORPORATION; GOODYEAR TIRE &

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW
CORPORATION
55 HARRISON STREET
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   RUBBER COMPANY; HILL BROTHERS CHEMICAL COMPANY; IMO INDUSTRIES, INC.,

2   individually and as successor in interest, parent, alter ego and equitable trustee to DELAVAL

3   STEAM TURBINE CO.; INGERSOLL-RAND COMPANY, individually and as successor in

4   interest, parent, alter ego and equitable trustee to TERRY STEAM TURBINE COMPANY and

5   THE WHITON MACHINE COMPANY; J.T. THORPE & SON, INC.; M. SLAYEN AND

6   ASSOCIATES, INC.; METROPOLITAN LIFE INSURANCE COMPANY; MOORE

7   SECURITIES COMPANY, individually and as successor in interest, parent, alter ego and

8   equitable trustee to MOORE DRY DOCK COMPANY; PARKER-HANNIFIN CORP.,

9   individually and as successor in interest of SACOMO MANUFACTURING CO. and SACOMO-

10  SIERRA, INC.; POWER ENGINEERING & EQUIPMENT CO.; RAPID AMERICAN

11  CORPORATION; SB DECKING, INC., formerly known as SELBY, BATTERSBY &

12  COMPANY; SYD CARPENTER MARINE CONTRACTOR, INC.; VELAN VALVE CORP.;

13  WARREN PUMPS LLC; FIRST DOE through FIFTIETH DOE, inclusive, were at all times herein

14  and still are corporations authorized to and doing business in the State of California.

15          RAPID AMERICAN CORP. is sued herein as successor in interest to PHILIP CAREY

16  MANUFACTURING CORP., PHILIP CAREY CORP., CAREY CANADA, INC., and

17  PANACON CORP. based on RAPID AMERICAN CORP.'s merger with GLEN ALDEN CORP.,

18  parent of the said predecessor entities.

19                                      V.

20          Defendants' products at issue in this complaint consist of asbestos and asbestos-containing

21  products, or products as to which defendants knew or should have known that reasonably

22  foreseeable uses of the products would expose persons such as plaintiff who worked with or

23  around the products to friable asbestos.  These products were defective in their design,

24  manufacture, labeling, marketing and/or warning and are referred to throughout this complaint as

25  "asbestos" or "asbestos-containing products."

26                                      VI.

27          At all times herein mentioned defendants, and each of them, were engaged in the business

28  of mining, manufacturing, assembling, supplying, packaging, installing and labeling asbestos, and

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW CORPORATION
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 465-7728
FAX (510) 835-4913

?0E5ESI5I/I06477011

1    products produced therefrom, for sale to and use by the members of the general public as well as to

2    other parties for use of the said products to manufacture and supply products therefrom.

3

4    **VII.**

4    At all times mentioned, defendants FIFTY-FIRST DOE through TWO HUNDRED

5    TENTH DOE were Officers and Directors of named defendants herein as FIRST DOE through

6    FIFTIETH DOE.

7

8    **VIII.**

8    The defendants, and each of them, acting through their agents, servants and/or employees,

9    cause and have caused in the past, certain asbestos-containing products and asbestos-related

10   materials, to be placed in the stream of commerce with the result that said products and materials

11   came into contact and/or use by plaintiff and his co-workers which caused exposure to plaintiff.

12

13   **IX.**

13   Plaintiff Jerry R. Pritchett was exposed to asbestos brought home on his father's, Warren S.

14   Pritchett's, clothes, shoes, person and other items transported into the home from his work as a

15   worker at Moore Dry Dock, located in Oakland, California from 1942 to 1943, and at Pacific

16   Bridge Company, located in Alameda, California in 1943.

17   In addition, while plaintiff, Jerry R. Pritchett, served in various capacities as a Seaman,

18   Airman, Photographer's Mate, and Chief Petty Officer in the United States Navy from 1960

19   through 1967 and 1972 through 1986, plaintiff worked with and was exposed to asbestos,

20   asbestos-containing products, asbestos-containing materials and asbestos-related insulation

21   materials, mined, manufactured, processed, imported, converted, compounded, sold, installed,

22   repaired, maintained and/or replaced by the defendants and each of them at various times at

23   Hunters Point Naval Shipyard, San Francisco, California, Ingalls Shipbuilding, Pascagoula,

24   Mississippi, Long Beach Naval Shipyard, Long Beach, California, Norfolk Naval Shipyard,

25   Norfolk, Virginia, National Steel and Shipbuilding Company, San Diego, California, Pearl Harbor

26   Naval Shipyard, Honolulu, Hawaii, Puget Sound Naval Shipyard, Bremerton, Washington, and

27   San Diego Naval Shipyard, San Diego, California, as well as on and around the following ships:

28      1.    *USS Frontier, USS Kitty Hawk* and *USS Nassau.*

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

PCF.ES3US/1064770.1

1      2.      The USS *Frontier* was a repair ship which provided maintenance support to a

2   flotilla of Destroyers and Destroyer Escorts, including but not limited to, the *USS Walker*.

3      3.      The foregoing list of ships are not inclusive of all the ships plaintiff worked on

4   while employed by the United States Navy. There are additional ships not included herein.

5                                           X.

6      During the course and scope of his attendance and work, plaintiff was exposed to asbestos

7   products and asbestos-related materials of defendants, which exposure directly and proximately

8   caused him to develop an illness known and designated as mesothelioma.

9                                           XI.

10      The illness and disability of plaintiff is the direct and proximate result of the negligence of

11   the defendants, and each of them, in that they produced, sold and otherwise put into the stream of

12   commerce, the foregoing materials which the said defendants, and each of them, knew, or in the

13   exercise of ordinary care should have known, were deleterious, poisonous and highly harmful to

14   plaintiff's body, lungs, respiratory, system, skin and health.

15                                          XII.

16      Plaintiff, exercising reasonable diligence, discovered the aforealleged conduct, misconduct

17   and culpability of defendants, and each of them, on or after August 9, 2011, when informed of his

18   diagnosis by a physician. Plaintiff could not have discovered such condition, sooner because such

19   condition was brought about without noticeable trauma until it had advanced to such a point that

20   diagnosis could be made. Such a diagnosis required the services of an expert, and since plaintiff

21   did not possess such expertise, he could not know, in the exercise of reasonable care, of the cause

22   of his injury until such time as he was diagnosed and advised. Plaintiff could not know, until such

23   advice, of the culpability of the defendants, and each of them.

24                                          XIII.

25      As a direct and proximate result of the conduct of the defendants, and each of them,

26   plaintiff experienced and continues to experience prolonged pain and suffering, the necessity for

27   medical treatment, injuries including, but not limited to, mesothelioma, severe shock to his

28   nervous system, and other injuries, the exact extent of which are unknown to plaintiff.

KAZAN, McCLAIN
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

CK/E/SUS/10547 N.1

1  //

2  //

3

4          By reason of the aforesaid allegations, it has been necessary for plaintiff to engage the

5  services of physicians, surgeons, and hospitals; plaintiff does not know the reasonable value of

6  said services which were and are still reasonably required and requests leave to amend this

7  complaint to insert said sum when it is ascertained.

8                                                    XV.

9          By reason of the aforesaid allegations, plaintiff has been unable to follow his normal

10  gainful occupation for certain periods after the date of said events, and plaintiff has been disabled

11  for an indefinite time; plaintiff does not now know the value of the employment which has been

12  lost to him, and requests leave to amend this complaint to insert the reasonable value thereof when

13  such is ascertained.

14                                                   XVI.

15          By reason of the aforesaid negligence of defendants, and each of them, plaintiff has been

16  damaged to his health, strength, and activity in an amount in excess of $50,000.00 in addition to

17  special damages herein alleged.

18                                                   XVII.

19          The foregoing acts of the defendants, and each of them, were done wantonly, willfully,

20  oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and

21  each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's

22  employers or to those entities that installed and/or handled the asbestos products to which plaintiff

23  was exposed, knew that the foregoing materials released invisible, undetectable respirable asbestos

24  fibers when installed or handled and that said fibers were extremely dangerous when inhaled. The

25  defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous

26  nature of said materials, nor placed a sufficient warning on the said material or package thereof

27  regarding said dangerous nature, nor took any action to protect those persons who foreseeably

28  would be exposed to said asbestos products, despite knowing that persons who had no knowledge

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

PCEIFSNUS/1054770.1

1   //

2   //

3   of the dangerous and hazardous nature thereof, such as plaintiff, would be exposed to and inhale

4   asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

5   WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

6

7   **SECOND CAUSE OF ACTION**

8   **Breach of Implied Warranty**
    **[Against All Products Defendants]**

9   AS AND FOR A SECOND CAUSE OF ACTION, plaintiff complains of defendants, and

10  each of them, and alleges:

11  **I.**

12  Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

13  forth herein at length all and singular the allegations contained in the First Cause of Action herein,

14  excepting therefrom allegations pertaining to negligence.

15  **II.**

16  The defendants sold and/or supplied asbestos and asbestos-related materials to plaintiff's

17  employers, and each defendant impliedly warranted that the said materials were of good and

18  merchantable quality and fit for their intended use.

19  **III.**

20  The implied warranty made by the defendants, and each of them, that the asbestos and

21  asbestos-related materials were of good and merchantable quality for the particular intended use

22  was breached in that certain harmful, poisonous and deleterious matter and particles were given off

23  into the atmosphere wherein plaintiff and others in his position carried out their duties as workers

24  working with such materials and other related materials.

25  **IV.**

26  As a direct and proximate result of the breach of implied warranty of good and

27  merchantable quality and fitness for the particular intended use, plaintiff developed an illness, to

28  wit: mesothelioma, which caused great disability, as previously set forth.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
Suite 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

COMPLAINT FOR PERSONAL INJURIES

8

KCL/EБUS/1057/0.1

V.

By reason of the aforesaid, plaintiff has been damaged to his health, strength, and activity in an amount in excess of $50,000.00 in addition to special damages herein alleged.

WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

**THIRD CAUSE OF ACTION**

**Strict Product Liability**
**Manufacturing Defect/Design Defect/Failure to Warn**
**[Against All Products Defendants]**

AS AND FOR A THIRD CAUSE OF ACTION, plaintiff complains of defendants, and each of them, and alleges:

I.

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence.

II.

At all times herein mentioned, plaintiff's employers or those entities that installed and/or handled the products to which plaintiff was exposed purchased from defendants, and each of them, asbestos and asbestos products hereinafter referred to as products that were defective in design, manufacturing, labeling, marketing and/or warning.

III.

Defendants, and each of them, knew that the aforementioned products would be used without inspection for design, manufacturing, labeling, marketing and/or warning defects by the user thereof.

IV.

At all times mentioned herein, plaintiff reasonably was unaware of the dangerous nature of the aforementioned products.

V.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
JACK LONDON MARKET
Suite 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

COMPLAINT FOR PERSONAL INJURIES

9

DEJE530US/1067M.1

1    At all times mentioned herein, defendants, and each of them, were aware of the dangerous

2    and defective nature of the design, manufacturing, labeling and/or marketing of the

3    aforementioned products, when said products were used in the manner for which they were

4    intended, and were aware that persons who foreseeably would be exposed to the asbestos

5    containing products were not aware of the dangerous and defective nature of the design,

6    manufacture, labeling and/or marketing of the products, yet defendants took no action to warn or

7    otherwise protect those who foreseeably would be exposed to said defective and improperly

8    labeled products.

9                                                   VI.

10             Defendants manufactured, distributed, and sold asbestos-containing products.  The

11   asbestos-containing products contained a manufacturing defect when they left defendants'

12   possession, and plaintiff used those asbestos-containing products in a way that was reasonably

13   foreseeable to defendants.

14                                                  VII.

15             The aforementioned products were defective in design because they did not perform as

16   safely as an ordinary consumer would have expected them to perform.  At the time plaintiff used

17   the asbestos-containing products, they were substantially the same as when they left defendants'

18   possession; any change made to the asbestos-containing products after they left defendants'

19   possession was reasonably foreseeable to defendants; the asbestos-containing products did not

20   perform as safely as an ordinary consumer would have expected at the time of use; and plaintiff

21   used the products in the way that was reasonably foreseeable to defendants.

22                                                  VIII.

23             The aforementioned products lacked sufficient instructions and warnings of potential

24   dangers.  Defendants manufactured, distributed, and sold asbestos-containing products; those

25   asbestos-containing products had potential dangers that were known or knowable by the use of

26   scientific knowledge available at the time of the manufacture, distribution, and sale of the

27   products; the potential hazards presented a substantial danger to plaintiff; ordinary consumers

28   would not have recognized the potential dangers; defendants failed to adequately warn or instruct

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 Harrison Street
Suite 400
Oakland, CA 94607
(510) 302-1000
Fax (510) 835-4913

PCLESS(3)(05970.1

COMPLAINT FOR PERSONAL INJURIES

10

1   of the potential dangers; and these asbestos-containing products were used in a way that was

2   reasonably foreseeable to defendants.

3

4   The aforementioned products were used by plaintiff in the manner for which they were

5   intended, or plaintiff foreseeably was exposed to said products when they were used in the manner

6   for which they were intended.

7   **X.**

8   As a direct and proximate result of the foregoing conduct, plaintiff developed an illness, to

9   wit: mesothelioma, which caused great disability, as previously set forth.

10   **XI.**

11   As a proximate result of the defective design, manufacturing, labeling, marketing and/or

12   warning  of these aforementioned materials and products, plaintiff was generally damaged as is

13   more fully set forth herein and in addition has sustained special damages hereinabove alleged.

14   **XII.**

15   The foregoing acts of the defendants, and each of them, were done wantonly, willfully,

16   oppressively and in conscious disregard of the safety of plaintiff herein, in that the defendants, and

17   each of them, prior to and at the time of the sale of the aforementioned products to plaintiff's

18   employers or to those entities that installed and/or handled the asbestos products to which plaintiff

19   was exposed, knew that the foregoing products and materials released invisible, undetectable

20   respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous

21   when inhaled.  The defendants, and each of them, either did not warn or insufficiently warned

22   regarding the dangerous nature of said materials, nor placed a sufficient warning on the said

23   material or package thereof regarding said dangerous nature, nor took any action to protect those

24   persons who foreseeably would be exposed to said asbestos products, despite knowing that persons

25   who had no knowledge of the dangerous and hazardous nature thereof, such as plaintiff, would be

26   exposed to and inhale asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

27   WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

28   //

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW CORPORATION
JACK LONDON MARKET
55 Harrison Street
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

PECESUS1054770.1

## FOURTH CAUSE OF ACTION

### Fraud/Failure to Warn
[Against All Products Defendants]

AS AND FOR A FOURTH CAUSE OF ACTION, plaintiff complains of defendants, and each of them, and alleges:

### I.

Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set forth herein at length all and singular the allegations contained in the First Cause of Action herein, excepting therefrom allegations pertaining to negligence.

### II.

At all times pertinent hereto, the defendants, and each of them, owed plaintiff a duty, as provided for in Sections 1708 and 1710 of the Civil Code of the State of California, to abstain from injuring the person, property or rights of the plaintiff. In violation of that duty, the defendants, and each of them, did do the acts and omissions, when a duty to act was imposed, as set forth herein, thereby proximately causing injury to the plaintiff as is more fully set forth herein. Such acts and omissions consisted of acts falling within Section 1710, and more specifically were suggestions of fact which were not true and which the defendants did not believe to be true, assertions of fact of that which was not true, which the defendants had no reasonable ground for believing it to be true, and the suppression of facts when a duty existed to disclose it, all as are more fully set forth herein, and the violation of which as to any one such item gave rise to a cause of action for violation of the rights of the plaintiff as provided for in the aforementioned code sections.

### III.

Since 1924, the defendants, and each of them, have known and have been possessed of the true facts consisting of medical and scientific data and other knowledge which clearly indicated that the materials and products referred to herein were and are hazardous to the health and safety

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

3JC:EJS:93:105477b.1

1  of the plaintiff, and others in plaintiff's position working in close proximity with such materials

2  and have known of the dangerous propensities of other of the aforementioned materials and

3  products prior to that time and with intent to deceive plaintiff, and others in his position and with

4  intent that he and such others should be and remain ignorant of such facts and with intent to induce

5  plaintiff and such others to alter their positions to their injury and/or risk and in order to gain

6  advantages did do the following acts:

7      a.    Defendants, and each of them, did not label any of the aforementioned asbestos-

8          containing materials and products as to the hazards of such materials and products

9          to the health and safety of plaintiff and others in his position working in close

10         proximity with such materials until 1964, when certain of such materials were

11         labeled by some, but not all, of the defendants herein, when the knowledge of such

12         hazards was existing and known to defendants, and each of them, since 1924. By

13         not labeling such materials as to their said hazards defendants, and each of them,

14         caused to be suggested as a fact to plaintiff and plaintiff's employers that it was safe

15         for plaintiff to work in close proximity to such materials when in fact it was not

16         true and defendants did not believe it to be true;

17     b.    Defendants, and each of them, suppressed information relating to the danger of use

18         of the aforementioned materials by requesting the suppression of information to

19         plaintiff and the general public concerning the dangerous nature of the

20         aforementioned materials to workers by not allowing such information to be

21         disseminated in a manner which would give general notice to the public and

22         knowledge of the hazardous nature thereof when defendants were bound to disclose

23         such information;

24     c.    Defendants, and each of them, sold the aforementioned products and materials to

25         plaintiff's employers and others without advising such employers and others of the

26         dangers of use of such materials to persons working in close proximity thereto,

27         when defendants knew of such dangers, as set forth herein, and, as set forth above,

28         had a duty to disclose such dangers.  Thereby, defendants caused to be positively

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW CORPORATION
JACK LONDON MARKET
55 HARRISON STREET
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

13

PDF\ESI\US\10547\01.1

1   asserted to plaintiff's employers of that which was not true and which defendants

2   had no reasonable ground for believing it to be true, in a manner not warranted by

3   the information possessed by said defendants, and each of them, of that which was

4   and is not true, to wit, that it was safe for plaintiff to work in close proximity to

5   such materials;

6   d.    Defendants, and each of them, suppressed from everyone, including plaintiff and

7   plaintiff's employers, and continue to suppress, medical and scientific data and

8   knowledge of the accurate results of studies including, but not limited to,

9   suppressing information contained in the unpublished Lanza report by participating

10  in the influencing of A.J. Lanza to change his report, which altered version was

11  published in *Public Health Reports*, Volume 50 at page 1 in 1935, when they were

12  bound to disclose it unaltered, and by causing Asbestos Magazine, a widely

13  disseminated trade journal, to omit any mention of the dangers of inhaling asbestos

14  dust, thereby lessening the probability of notice of danger to those exposed to

15  asbestos, and thereby caused plaintiff to be and remain ignorant thereof;

16  e.    Defendants, and each of them, belonged to, participated in, and financially

17  supported the Asbestos Textile Institute and other industry organizations which

18  actively promoted the suppression of information of danger to users of the

19  aforementioned products and materials for and on behalf of defendants, and each of

20  them, thereby misleading plaintiff and plaintiff's employers to their prejudice

21  through the suggestions and deceptions set forth above in this cause of action. The

22  Dust Control Committee, which changed its name to the Air Hygiene Committee,

23  of the Asbestos Textile Institute was specifically enjoined to study the subject of

24  dust control; discussions in such committee were held many times of (i) the dangers

25  inherent in asbestos and the dangers which arise from the lack of control of dust

26  and (ii) the suppression of such information from 1946 to a date unknown to

27  plaintiff at this time;

28  f.    Commencing in 1930 with the study of mine and mill workers at the Thetford

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 463-7770
FAX (510) 835-4913

14

DEJESUS/1084170.1

1  asbestos mines in Quebec, Canada, and the study of workers at Raybestos-

2  Manhattan plants in Manheim and Charleston, South Carolina, defendants knew

3  and possessed medical and scientific information of the connection between

4  inhalation of asbestos fibers and asbestosis, which information was disseminated

5  through the Asbestos Textile Institute and other industry organizations to all other

6  defendants, and each of them, herein. Between 1942 and 1950 the defendants, and

7  each of them, knew and possessed medical and scientific information of the

8  connection between inhalation of asbestos fibers and cancer, which information

9  was disseminated through the Asbestos Textile Institute and other industry

10  organizations to all other defendants herein. Thereby, defendants suggested as a

11  fact that which is not true and disseminated other facts likely to mislead plaintiff

12  and plaintiff's employers and which did mislead them for want of communication of

13  true facts which consisted of the aforedescribed medical and scientific data and

14  other knowledge by not giving plaintiff or plaintiff's employers the true facts

15  concerning such knowledge of danger, when defendants were bound to disclose it;

16  g.  Failed to warn plaintiff and plaintiff's employers of the nature of the said materials,

17  to wit: dangerous when breathed, causing pathological effects without noticeable

18  trauma, when possessed with knowledge that such material was dangerous and a

19  threat to the health of persons coming into contact therewith and under a duty to

20  disclose it;

21  h.  Failed to provide plaintiff with information concerning adequate protective masks

22.  and devices for use with and application and installation of the products of the

23  defendants, and each of them, when they knew that such protective measures were

24  necessary, when they were under a duty to disclose such information, and if not

25  advised as to use would result in injury to the plaintiff and others applying and

26  installing such materials;

27  i.  Concealed from plaintiff the true nature of the industrial exposure of plaintiff, the

28  fact that they and each of them, knew that plaintiff and anyone similarly situated,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

1  upon inhalation of asbestos would, in time develop irreversible conditions of either

2  pneumoconiosis, asbestosis or cancer, or all, and such person would immediately be

3  in not good health, the fact that he had in fact been exposed to harmful materials

4  and the fact that the materials to which he was exposed would cause pathological

5  effects without noticeable trauma, when under a duty to and bound to disclose it;

6  j.  Failed to provide information to the public at large and buyers, users and physicians

7  employed by plaintiff and plaintiff's employers for the purpose of conducting

8  physical examinations of plaintiff and others working in contact with asbestos as to

9  the true nature of the hazards of asbestos, in order for such physicians to diagnose,

10  and treat workers coming into contact with asbestos, in that the materials to which

11  plaintiff had been exposed would cause pathological effects without noticeable

12  trauma, when under a duty to supply such information and such failure is likely to

13  mislead for want of communication of such facts; and

14  k.  Defendants, and each of them, affirmatively misrepresented that asbestos

15  containing products were safe to use and handle, when they knew such statements

16  were false when made, or made said false statements recklessly and without regard

17  for whether the statements were true.

18  **IV.**

19  Each of the foregoing acts, suggestions, assertions and forbearances to act when a duty

20  existed to act, the said defendants, and each of them, having such knowledge, knowing plaintiff

21  did not have such knowledge and would breathe such material innocently, was done falsely and

22  fraudulently and with full intent to induce plaintiff to work in a dangerous environment and to

23  cause plaintiff to remain unaware of the true facts, all in violation of Section 1710 of the Civil

24  Code of the State of California.

25  **V.**

26  Plaintiff relied upon the said acts, suggestions, assertions and forbearances; had plaintiff

27  known the true facts, plaintiff would not have continued to work in the said environment.

28  **VI.**

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW
CORPORATION
55 Harrison Street,
Suite 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

16

VCEJESUS/1054770.1

1    By reason of the aforesaid premises, plaintiff has been damaged in his health, strength and

2    activity in addition to special damages hereinabove alleged.

3

## VII.

4    Each of the said acts and forbearances to act were caused by false, fraudulent and malicious

5    motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive

6    damages.    The foregoing conduct of the defendants, and each of them, was done wantonly,

7    willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the

8    defendants, and each of them, prior to and at the time of the sale of the aforementioned products to

9    plaintiff's employers or to those entities that installed and/or handled the asbestos products to

10   which plaintiff were exposed, knew that the foregoing materials released invisible, undetectable

11   respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous

12   when inhaled. In addition to the unlawful conduct described above, the defendants, and each of

13   them, either did not warn or insufficiently warned regarding the dangerous nature of said materials,

14   nor placed a sufficient warning on the said material or package thereof regarding said dangerous

15   nature, nor took any action to protect those persons who foreseeably would be exposed to said

16   asbestos products, despite knowing that persons who had no knowledge of the dangerous and

17   hazardous nature thereof, such plaintiff, would be exposed to and inhale asbestos fibers, and

18   plaintiff is entitled to punitive damages hereunder.

19

## VIII.

20   Plaintiff had no knowledge that the foregoing acts were actionable at law when they were

21   committed, and cannot be charged with knowledge or inquiry thereof.

22   WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

23

## FIFTH CAUSE OF ACTION

### Conspiracy to Defraud/Failure to Warn
### [Against All Products Defendants]

24

25   AS AND FOR A FIFTH CAUSE OF ACTION, plaintiff complains of defendants, and

26   each of them, and alleges:

27

### I.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW
CORPORATION
55 HARRISON STREET
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

28

17

1    Plaintiff by this reference hereby incorporates and makes a part hereof as though fully set

2    forth herein at length all and singular the allegations contained in the First Cause of Action herein,

3    excepting therefrom allegations pertaining to negligence and agency, and the Fourth Cause of

4    Action herein.

## II.

5

6    At all times mentioned, the defendants, and each of them, knowingly and willfully

7    conspired and agreed among themselves to perpetrate upon plaintiff the acts complained of as set

8    forth in the First and Fourth Causes of Action as are incorporated herein.

## III.

9

10    Defendants, and each of them, did the acts and things herein alleged in Paragraph II of the

11    Fourth Cause of Action, incorporated herein, in furtherance of the conspiracy and agreement as

12    herein alleged and did further conspire to violate State and Federal laws and regulations, the exact

13    nature and extent of which are unknown at this time, but known full well to defendants and each of

14    them.

## IV.

15

16    Each of the said acts and forbearances to act were caused by false, fraudulent and malicious

17    motives of the defendants, and each of them, and plaintiff is entitled to exemplary and punitive

18    damages.  The foregoing conduct of the defendants, and each of them, was done wantonly,

19    willfully, oppressively and in conscious disregard of the safety of plaintiff herein, in that the

20    defendants, and each of them, prior to and at the time of the sale of the aforementioned products to

21    plaintiff's employers or to those entities that installed and/or handled the asbestos products to

22    which plaintiff was exposed, knew that the foregoing materials released invisible, undetectable

23    respirable asbestos fibers when installed or handled and that said fibers were extremely dangerous

24    when inhaled.  In addition to the unlawful conduct described above, the defendants, and each of

25    them, either did not warn or insufficiently warned regarding the dangerous nature of said materials,

26    nor placed a sufficient warning on the said material or package thereof regarding said dangerous

27    nature, nor took any action to protect those persons who foreseeably would be exposed to said

28    asbestos products, despite knowing that persons who had no knowledge of the dangerous and

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

COMPLAINT FOR PERSONAL INJURIES

18

7CE/ES/US/US0A77L1

1   hazardous nature thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and

2   plaintiff is entitled to punitive damages hereunder.

3

4                                    V.

5        By reason of the aforesaid acts of defendants, and each of them, plaintiff has suffered

6   damage to his health, strength and activity.

7        WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

8                         SIXTH CAUSE OF ACTION

9                    Market Share/Enterprise Liability/Negligence
                          [Against All Products Defendants]

10

11        AS AND FOR A SIXTH CAUSE OF ACTION, plaintiff complains of defendants, and

12   each of them, and alleges:

13                                    I.

14        Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

15   allegation contained in the First Cause of Action.

16                                   II.

17        Plaintiff is informed and believes and on the basis of such information and belief alleges

18   that at all times relevant herein, the number of producers of asbestos and asbestos products of the

19   type that plaintiff used or was otherwise exposed to, and the nature and structure of the asbestos

20   market and industry, was such that there is and was a substantial likelihood that plaintiff would

21   have actually used or otherwise been exposed to the products of each of the defendants.

22        WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

23                       SEVENTH CAUSE OF ACTION

24        Market Share/Enterprise Liability/Strict Liability/Defective Product Design,
                Manufacturing, Labeling, Marketing and/or Warning
                       [Against All Products Defendants]

25

26        AS AND FOR A SEVENTH CAUSE OF ACTION, plaintiff complains of defendants, and

27   each of them, and alleges:

28                                    I.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

PEEJES/JS/1/06/A7/1/L1

1    Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

2    allegation contained in the Third Cause of Action and in Paragraph II of the Sixth Cause of Action.

3        WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

4

5            **EIGHTH CAUSE OF ACTION**

6            Market Share/Concert of Action/Negligence
             [Against All Products Defendants]

7        AS AND FOR AN EIGHTH CAUSE OF ACTION, plaintiff complains of defendants and

8    each of them, and alleges:

9                                        I.

10       Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

11   allegation contained in the First Cause of Action, Paragraph II of the Fourth Cause of Action, and

12   Paragraph II of the Sixth Cause of Action.

13                                       II.

14       Plaintiff is informed and believes and on the basis of such information and belief alleges

15   that at all times relevant herein, each of the defendants has:

16       (1)    Cooperated in the defective design, manufacturing, labeling and/or marketing of

17   uniformly defective and dangerous asbestos products;

18       (2)    Knowingly adhered to an inadequate industry-wide standard of safety that failed to

19   warn plaintiff, or any other person likely to be exposed to the hazards caused by the use of their

20   products, that exposure to asbestos fibers could cause asbestosis, mesothelioma, and lung cancer

21   and other cancers and diseases or that it could otherwise cause death or serious permanent

22   disability;

23       (3)    Delegated research, investigative, and other safety functions to various trade

24   associations and industry leaders that failed to adequately and accurately investigate the risks

25   caused by the use of asbestos and that minimized and suppressed the publication of the

26   information concerning the hazards of asbestos; and

27       (4)    Otherwise jointly created and controlled the risk that was the proximate cause of

28   the injuries of plaintiff.

COMPLAINT FOR PERSONAL INJURIES                                                            20

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

PDEUS3US/0547/01.1

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL
LAW CORPORATION
55 Harrison Street
Suite 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

1

2    Plaintiff is informed and believes and thereon alleges that at all times relevant herein, the

3    nature and structure of the asbestos industry and market was such that the foregoing acts and

4    omissions of each of the defendants, acting separately and in combination, were a substantial

5    factor in bringing about the aforesaid injury-causing standards, practices and risk, and were

6    otherwise the proximate and legal cause of, and a substantial factor in, bringing about the injuries

7    to plaintiff.

8            WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

9                                        NINTH CAUSE OF ACTION

10           **Market Share/Concert of Action/Strict Liability/Defective Product Design**
                           **[Against All Products Defendants]**

11

12           AS AND FOR A NINTH CAUSE OF ACTION, plaintiff complains of defendants, and

13   each of them, and alleges:

14                                                     I.

15           Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

16   allegation contained in the Third Cause of Action, Paragraph II of the Fourth Cause of Action,

17   Paragraph II of the Sixth Cause of Action, and Paragraphs II and III of the Eighth Cause of Action.

18           WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

19                                        TENTH CAUSE OF ACTION

20           **Market Share/Concert of Action/Conspiracy to Defraud/Failure to Warn**
                               **[Against All Products Defendants]**

21

22           AS AND FOR A TENTH CAUSE OF ACTION, plaintiff complains of defendants, and

23   each of them, and alleges:

24                                                     I.

25           Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every

26   allegation contained in the Fifth and Ninth Causes of Action.

27                                                    II.

28           Plaintiff is informed and believes and on the basis of such information and belief alleges

DEEESUS/1054/701.1

1    that at all times herein, each of the defendants knew that the aforesaid failure to warn was industry-

2    wide and that the use of their products and the products of others in the industry, without

3    inspection and protection from the hazards of dust inhalation and without an adequate warning by

4    any of them, created and increased the risk of death and disease from cancer, asbestosis, and other

5    related diseases.

6                                                    III.

7             Plaintiff is informed and believes and on the basis of such information and belief alleges

8    that at all times herein, each of the defendants, acting in concert and pursuant to a common plan,

9    and in order to maximize the sale of their products and to minimize claims for damages and

10   compensation, knowingly assisted, aided, abetted, encouraged and ratified the conduct of each

11   other:

12            (1)      In the defective design, manufacturing, labeling and/or marketing of a uniformly

13   defective and hazardous asbestos product without adequate tests and without an adequate warning

14   to their consumers and users; and

15            (2)      In suppressing and discouraging the discovery and publication of information

16   concerning the true hazards of asbestos by and to the public at large.

17            Said conduct was the proximate and legal cause of, and a substantial factor in, bringing

18   about the injuries of plaintiff.

19            WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

20                                    PREMISES DEFENDANTS:

21                                   ELEVENTH CAUSE OF ACTION

22                                      Negligence/Failure to Warn
                                        [Against All Premises Defendants]

23

24            AS AND FOR AN ELEVENTH CAUSE OF ACTION, plaintiff complains of defendants

25   J.T. THORPE & SON, INC.; MOORE SECURITIES COMPANY, individually and as successor

26   in interest, parent, alter ego and equitable trustee to MOORE DRY DOCK COMPANY; SB

27   DECKING, INC., formerly known as SELBY, BATTERSBY & COMPANY; SYD CARPENTER

28   MARINE CONTRACTOR, INC.; TWO HUNDRED ELEVENTH DOE through THREE

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

DCAESUS/1054770.1

1  HUNDREDTH DOE, inclusive. These defendants were at all times herein and still are

2  corporations authorized to and doing business in the State of California, and are hereafter

3  designated the PREMISES defendants. Plaintiff alleges against the PREMISES defendants, and

4  each of them:

5

6                                     **I.**

7       Plaintiff, by this reference, hereby incorporates and makes a part thereof, as though fully

8  set forth herein, each and every allegation contained in the First through Tenth Causes of Action

9  herein.

10                                    **II.**

11     Plaintiff does not know the true names or capacities of the defendants sued herein under

12  the fictitious names of TWO HUNDRED ELEVENTH DOE through TWO HUNDRED

13  FIFTIETH DOE, inclusive, whether corporate, associate or individual, and plaintiff prays leave to

14  amend this complaint to allege said true names and/or capacities when the same are ascertained.

15  Plaintiff is informed and believes and therefore alleges that each of the defendants designated

16  herein as a DOE is negligently, intentionally and/or strictly liable or responsible in some manner

17  for the events and happenings herein referred to, and proximately caused injury and damages to

18  plaintiff as hereinafter alleged.

19                                    **III.**

20     At all times mentioned, defendants TWO HUNDRED FIFTY-FIRST DOE through

21  THREE HUNDREDTH DOE were Officers and Directors of named defendants herein as TWO

22  HUNDRED ELEVENTH DOE through TWO HUNDRED FIFTIETH DOE.

23                                    **IV.**

24     At all times mentioned herein, the PREMISES defendants each respectively owned,

25  maintained, managed, and/or controlled one or more of those premises where plaintiff worked

26  while employed as set forth in Paragraph IX of the First Cause of Action, which is herein

27  incorporated by reference.

28                                    **V.**

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW
CORPORATION
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

1   Prior to and at said times and places, each said PREMISES defendant caused certain

2   asbestos-containing insulation and other building materials and products and machinery to be

3   specified, manufactured, constructed, supplied, installed, maintained, used, replaced, and/or

4   repaired and otherwise be present at the aforesaid premises, by its own workers and/or various

5   independent contractors so as to allow and cause the release of dangerous quantities of toxic

6   asbestos fibers into the ambient air and thereby contaminate the entire premises and create a

7   hazardous condition and unreasonable risk of harm and personal injury to plaintiff and other

8   persons exposed to said asbestos fibers while working on said premises, or otherwise using or

9   coming on said premises, unless special precautions were taken.

10                                   VI.

11      At all relevant times mentioned herein, each said PREMISES defendant had a

12   nondelegable duty to exercise reasonable care to inspect and make safe the premises it owned,

13   maintained, managed and/or controlled, and to discover the aforesaid dangerous conditions.

14   PREMISES defendants, and each of them, also created or contributed to said dangerous

15   conditions, by specifying, manufacturing, supplying, installing, maintaining, using, replacing,

16   repairing, and/or requiring the use and/or handling of asbestos-containing materials on said

17   premises, and by failing to properly supervise their own employees or the employees of others over

18   whom said defendants had control in performing work which caused the release of asbestos fibers

19   into the ambient air and the contamination of the entire premise, when defendants knew or in the

20   exercise of ordinary and reasonable care should have known that the foregoing conditions and

21   activities were present on said premises and created a dangerous and hazardous condition and

22   unreasonable risk of harm and personal injury to plaintiff and other persons coming on the

23   aforesaid premises.

24                                   VII.

25      At all times relevant herein, plaintiff entered said premises and used and occupied said

26   premises as intended and for the benefit and advantage of each said PREMISES defendant and at

27   each said PREMISES defendant's request and invitation.  In so doing, plaintiff was exposed to

28   dangerous quantities of asbestos fibers released into the ambient air by the aforesaid hazardous

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW CORPORATION
55 Harrison Street,
Suite 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

P:\CLIENT\SUB\1084770.1

1   conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or

2   caused by each said PREMISES defendant.

3

### VIII.

4       Plaintiff at all relevant times used the premises with due care and was unaware of and in

5   the exercise of ordinary care could not have discovered the risk of personal injury and the

6   hazardous conditions created by the aforesaid presence of asbestos products and materials on said

7   premises.

8

### IX.

9       At all relevant times mentioned herein, each said PREMISES defendant knew, or in the

10  exercise of ordinary and reasonable care should have known, that the premises that were in its

11  control would be used as alleged without knowledge of, or inspection for, defects or dangerous

12  conditions, which were not apparent or obvious, and that persons using said premises would not be

13  aware of the aforesaid hazardous conditions and contamination on the premises to which they were

14  exposed.

15

### X.

16      At all times pertinent hereto, the PREMISES defendants, and each of them, owed plaintiff

17  a duty, as provided in Section 1708 of the Civil Code of the State of California, to abstain from

18  injuring the person, property or rights of plaintiff. When a duty to act was imposed, as set forth

19  herein, the defendants, and each of them, did do the acts and omissions in violation of that duty,

20  thereby proximately causing injury to the plaintiff as is more fully set forth herein.

21

### XI.

22      At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to

23  warn plaintiff and plaintiff's employer that said materials were dangerous when breathed and

24  caused pathological effects without noticeable trauma, despite the fact that defendants possessed

25  knowledge and were under a duty to disclose that such material was dangerous and a threat to the

26  health of persons coming into contact therewith.

27

### XII.

28      At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to

KAJON, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACKLONDON MARKET
55 HARRISON STREET,
Suite 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

PDEJESUS/0706770.1

1   provide plaintiff with information concerning adequate protective masks and devices to be used

2   when applying, installing, disturbing, or otherwise working around asbestos-containing products,

3   and each of them, despite the knowledge of the PREMISES defendants and a duty to disclose that

4   such protective measures were necessary and would result in injury to the plaintiff and others

5   applying, installing, disturbing, or otherwise working around such materials if not so advised.

6

7

8          XIII.

9   At all relevant times mentioned herein, PREMISES defendants, and each of them,

10  concealed from plaintiff the true nature of the industrial exposure of plaintiff, and knew that

11  plaintiff and anyone similarly situated, upon inhalation of asbestos would, in time, develop

12  irreversible conditions of either pneumoconiosis, asbestosis or cancer, or all, and that the materials

13  to which he was exposed would cause pathological effects without noticeable trauma despite the

14  fact that PREMISES defendants were under a duty to and bound to disclose it.

15          XIV.

16  At all relevant times mentioned herein, PREMISES defendants, and each of them, failed to

17  provide information of the true nature of the hazards of asbestos materials and that exposure to

18  these materials would cause pathological effects without noticeable trauma to the public, including

19  buyers, users, and physicians employed by plaintiff and plaintiff's employers so that said

20  physicians could examine, diagnose and treat plaintiff and others who were exposed to asbestos,

21  despite the fact that PREMISES defendants, and each of them, were under a duty to so inform and

22  said failure was misleading.

23          XV.

24  At all relevant times mentioned herein, said PREMISES defendants, and each of them,

25  negligently failed to take steps to abate or correct the dangerous conditions, or to make the

26  premises safe or to warn plaintiff of the existence of the aforesaid dangerous conditions and

27  hazards on said premises, although the risk of plaintiff's injuries was a foreseeable consequence of

28  the negligence of defendants and each of them.

          XVI.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL CORPORATION
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

COMPLAINT FOR PERSONAL INJURIES

1   As a legal consequence of the foregoing, plaintiff developed an asbestos-related disease

2   which caused his illness as previously set forth and has suffered general and special damages as

3   alleged herein.

4

5       The foregoing acts of the PREMISES defendants, and each of them, were done wantonly,

6   willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the

7   defendants, and each of them, in that the defendants, and each of them knew, at the time

8   defendants manufactured, supplied or required the use and/or handling of asbestos-containing

9   materials and/or failed to properly supervise their own employees or the employees of others over

10   whom defendants had control who installed and/or handled the asbestos products to which plaintiff

11   was exposed, that the foregoing materials released invisible, undetectable respirable asbestos fibers

12   when installed or handled and that said fibers were extremely dangerous when inhaled.  The

13   defendants, and each of them, either did not warn or insufficiently warned regarding the dangerous

14   nature of said materials, nor placed a sufficient warning on the said material or package thereof

15   regarding said dangerous nature, nor took any action to protect those persons who foreseeably

16   would be exposed to said asbestos products, despite knowing that persons who had no knowledge

17   of the dangerous and hazardous nature thereof, such as plaintiff, would be exposed to and inhale

18   asbestos fibers, and plaintiff is entitled to punitive damages hereunder.

19      WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

20               **TWELFTH CAUSE OF ACTION**

21      **Negligent Hiring and Negligent Exercise of Retained Control**

22             **[Against All Premise Defendants]**

23      AS AND FOR A TWELFTH CAUSE OF ACTION, plaintiff complains of PREMISES

24   defendants, and each of them, as follows:

25                   I.

26      Plaintiff refers to and incorporates herein by reference the First through Eleventh Causes of

27   Action of this Complaint.

28                  II.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW CORPORATION
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

PDE.IENSUS/106470.1

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET
Suite 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   At all relevant times herein, the PREMISES defendants and each of them negligently hired,

2   retained and kept contractors on jobs to perform asbestos related work, and knew or in the exercise

3   of reasonable care and diligence should have known that the contractors, independent contractors,

4   subcontractors, employees, manufacturers, suppliers, distributors, workers and others these

5   defendants employed or engaged to or responsible for the manufacture, distribution, installation,

6   inspection, maintenance, repair, replacement, removal and/or disposing of asbestos and asbestos-

7   containing materials on the aforementioned premises were incompetent and unfit to perform the

8   duties for which they were employed, retained, hired or used, and that an unreasonable risk of

9   harm to plaintiff and other persons on the aforesaid premises would exist as a legal consequence of

10  such initial and/or continued employment, retention or contract. PREMISES defendants and each

11  of them failed to exercise reasonable caution in selecting, retaining and continuing to use each of

12  the employees, contractors, independent contractors and/or subcontractors who performed

13  asbestos-related work, excluding those that employed plaintiff, even though said PREMISES

14  defendants knew or in the reasonable exercise of ordinary and reasonable care should have known

15  that failure to choose these persons carefully to perform asbestos-related work and/or allow such

16  persons to continue to perform asbestos-related work after the PREMISES defendants, and each of

17  them, became aware of the negligent manner in which the work was being performed created a

18  dangerous and hazardous condition and unreasonable risk of harm and personal injury to plaintiff

19  and other workers or persons so exposed while working for or in the vicinity of negligent

20  contractors or exposed to asbestos fibers on such persons' clothing, shoes and person. PREMISES

21  defendants, and each of them, also negligently exercised the control they retained of the operative

22  details – including, without limitation, the asbestos-related details – of plaintiff's work, thereby

23  negligently exposing plaintiff to asbestos that was a legal cause of plaintiff's mesothelioma.

24

III.

25        The foregoing acts of the PREMISES defendants, and each of them, were done wantonly,

26  willfully, oppressively and in conscious disregard of the safety of plaintiff herein, by the defendants,

27  and each of them, in that the defendants, and each of them knew – at the time defendants

28  manufactured, supplied or required the use and/or handling of asbestos-containing materials to which

DEJESUS\US\1054770.1

1  plaintiff was exposed, and/or failed to properly train, hire and/or supervise their own employees or

2  the employees of others over whom defendants had control who installed and/or handled the

3  asbestos products to which plaintiff was exposed, and/or negligently exercised the control they

4  retained of the asbestos-related details of plaintiff's -- that the foregoing materials released invisible,

5  undetectable respirable asbestos fibers when installed or handled and that said fibers were

6  extremely dangerous when inhaled.  The defendants, and each of them, either did not warn or

7  insufficiently warned regarding the dangerous nature of said materials, nor placed a sufficient

8  warning on the said material or package thereof regarding said dangerous nature, nor took any

9  action to protect those persons who foreseeably would be exposed to said asbestos products,

10  despite knowing that persons who had no knowledge of the dangerous and hazardous nature

11  thereof, such as plaintiff, would be exposed to and inhale asbestos fibers, and plaintiff is entitled to

12  punitive damages hereunder.

13  WHEREFORE, plaintiff prays judgment as is hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION

### Conspiracy
[Against Metropolitan Life Insurance Company
and Does 211-250, Inclusive]

### I.

18  Plaintiff hereby incorporates by reference each and every allegation of the preceding causes

19  of action herein. (As used throughout this cause of action, "plaintiff" refers to all named plaintiffs

20  and/or all named decedents from whom the named plaintiffs' injuries may derive.)

### II.

22  The term "conspirators" as used in this cause of action includes, but is not limited to,

23  METROPOLITAN LIFE INSURANCE COMPANY ("MET LIFE"), Anthony Lanza, M.D.,

24  Johns-Manville Corporation ("Manville"), Raybestos-Manhattan Corporation ("Raybestos") and

25  the other entities and individuals identified in this cause of action.

### III.

27  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned

28  defendant METROPOLITAN LIFE INSURANCE COMPANY was and is a corporation organized

COMPLAINT FOR PERSONAL INJURIES

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

PKEJ/ES/JSF/0647/01

1   and existing under and by virtue of the laws of the State of New York or the laws of some other

2   state or foreign jurisdiction, and that this defendant was and is authorized to do and/or was and is

3   doing business in the State of California, and regularly conducted or conducts business in the

4   County of Alameda, State of California. At times relevant to this cause of action, MET LIFE was

5   an insurer of Manville and Raybestos.

6   //

7

8                           IV.

9                   Decedent was exposed to asbestos-containing dust created by the use of the asbestos

10  products manufactured, distributed and/or supplied by one or more of the conspirators named

11  below. The exposure to the asbestos or asbestos-related products supplied by the conspirator(s)

12  caused decedent's asbestos-related disease, injuries and/or death.

13                          V.

14                  The conspirators, individually and as agents of one another and as co-conspirators, agreed

15  and conspired among themselves, with other asbestos manufacturers and distributors, with certain

16  individuals including but not limited to Anthony Lanza, M.D. ("Lanza") and with defendant MET

17  LIFE to injure decedent in the following fashion (the following is not an exclusive list of the

18  wrongful acts of the conspirators, but, rather, is a representative list):

19          (a)     Beginning in 1929, MET LIFE entered agreements with Manville and others to

20  fund studies of the effects of asbestos exposure on Canadian asbestos miners.   When the data from

21  these studies proved that Canadian asbestos miners were developing asbestosis, MET LIFE,

22  Manville and others suppressed its publication; further, Lanza (then a MET LIFE employee)

23  actively misrepresented the results of the Canadian study for many years thereafter to meetings of

24  health-care professionals seeking information regarding asbestos exposure.

25          (b)     In approximately 1934, conspirators Manville and MET LIFE, through their agents

26  Vandiver Brown and attorney J.C. Hobart, and conspirator Raybestos, through its agents Sumner

27  Simpson and J. Rohrback, suggested to MET LIFE associate director Lanza that Lanza publish a

28  study on asbestosis in which Lanza would affirmatively misrepresent material facts and

    conclusions about asbestos, including but not limited to descriptions of the seriousness of the

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
JACK LONDON MARKET
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

PDEF5B3610547701

1    asbestosis disease process.  The misrepresentation was accomplished through intentional deletion

2    of Lanza's description of asbestosis as "fatal" and through other selective editing that affirmatively

3    misrepresented asbestosis as a disease process less critical than it was known to be by the

4    conspirators.  As a result, Lanza's study was published in the medical literature in 1935 with these

5    misleading statements.  The conspirators were motivated to effectuate this fraudulent

6    misrepresentation and fraudulent non-disclosure in part by the desire to influence proposed

7    legislation to regulate asbestos exposure, to provide a defense in lawsuits involving Manville,

8    Raybestos and MET LIFE (as Manville's and Raybestos's insurer), and to promote the use of

9    Manville's and Raybestos's asbestos products.

10           c)        The above-described conspiracy continued in 1936, when additional co-

11   conspirators American Brake Block Corporation, Asbestos Manufacturing Company, Gatke

12   Corporation, Manville, Keasbey & Mattison Company (then an alter ego to conspirator Turner &

13   Newall), Raybestos, Russell Manufacturing (whose liabilities have been assumed by H.K. Porter

14   Company), Union Asbestos and Rubber Company and United States Gypsum Company entered

15   into an agreement with a leading medical research facility, the Saranac Laboratories.  Under the

16   agreement, the conspirators acquired the power to decide what information Saranac Laboratories

17   could publish regarding asbestos disease and could also control in what form such publications

18   were to occur.  Their agreement provided these conspirators the power and ability to affirmatively

19   misrepresent the results of the work at Saranac Laboratories, and also gave these conspirators

20   power to suppress material facts included in any of the facility's studies.  On numerous occasions

21   thereafter, the conspirators exercised their power to prevent Saranac scientists from disclosing

22   material scientific data, resulting in numerous misstatements of fact being made at scientific

23   meetings concerning the health effects of asbestos exposure.

24           (d)      The conspiracy was furthered when on November 11, 1948 representatives of the

25   following conspirators met at Manville headquarters: Manville, American Brake Division of

26   American Brake and Shoe Foundry, Gatke Corporation, Keasbey & Mattison Company (then an

27   alter ego of conspirator Turner & Newall), Raybestos, Thermoid Company (whose assets and

28   liabilities were later purchased by H.K. Porter Company), Union Asbestos and Rubber Company,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

PDEJESUS/0547701

1   United States Gypsum Company and MET LIFE. U.S. Gypsum did not send a company employee

2   to the meeting, but instead authorized Vandiver Brown of Manville to represent its interest at the

3   meeting and to take action on its behalf.

4          (e)     At the November 11, 1948 meeting, these conspirators and their representatives

5   decided to exert their influence to materially alter and misrepresent material facts about the

6   substance of research conducted by Dr. Leroy Gardner at the Saranac Laboratories beginning in

7   1936. Dr. Gardner's research involved the carcinogenicity of asbestos in mice and also included

8   an evaluation of the health effects of asbestos on humans with a critical review of the then-existing

9   standards for asbestos-dust exposure.

10         (f)     At this meeting, these conspirators intentionally and affirmatively decided that

11  Dr. Gardner's work should be edited to delete material facts about the cancer-causing propensity

12  of asbestos, the health effects of asbestos on humans and the critique of the dust standards. The

13  conspirators then published these deceptive and fraudulent statements in the medical literature as

14  edited by Dr. Vorwald. These conspirators thereby fraudulently misrepresented the risks of

15  asbestos exposure to both the public and the class of persons exposed to asbestos, including

16  decedent.

17         (g)     As a direct result of influence exerted by the conspirators, a Dr. Vorwald in 1951

18  published Dr. Gardner's edited work in *The Journal of Industrial Hygiene, AMA Archives of*

19  *Industrial Hygiene and Occupational Health* in a form that stressed those portions of Dr.

20  Gardner's work that the conspirators wished to be stressed, but that omitted reference to human

21  asbestosis and cancer, thereby fraudulently and affirmatively misrepresenting the extent of

22  asbestos's risks. The conspirators affirmatively and deliberately disseminated this deceptive and

23  fraudulent Vorwald publication to university libraries, government officials, government agencies

24  and others.

25         (h)     Such actions constitute a material affirmative misrepresentation of the total context

26  of material facts involved in Dr. Gardner's work and resulted in creating an appearance that

27  inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

28         (i)     When Dr. Vorwald subsequently tried to publish more complete information

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
JACKSON SQUARE
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 463-7728
FAX (510) 835-4913

PDE/63/03/10/047/11.1

1   regarding Dr. Gardner's animal studies, the conspirators required his discharge from the Saranac

2   Laboratories, denied him permission to publish or complete Dr. Gardner's work and actively

3   discouraged institutions of higher learning from hiring or retaining Dr. Vorwald in any capacity.

4         (j)    The following conspirators were members of the trade association known as

5   Quebec Asbestos Mining Association (Q.A.M.A.): Manville, Carey-Canada individually and as

6   successor in interest to Quebec Asbestos Corporation, the Celotex Corporation as successor in

7   interest to Quebec Asbestos Corporation, National Gypsum Company and Turner & Newall as

8   successor in interest to Bell Asbestos.  These conspirators, members of Q.A.M.A., participated in

9   the above-described misrepresentation of the work of Dr. Leroy Gardner published by Arthur

10   Vorwald in the *AMA Archives of Industrial Health* in 1951.  Evidence of the Q.A.M.A.'s

11   involvement in this misrepresentation arises from co-conspirator Manville's membership in the

12   Q.A.M.A., as well as correspondence from co-conspirators dated 1/29/47, 11/26/47, 3/6/48,

13   10/15/48, 3/8/49 and 9/6/50, all indicating close monitoring of the editing process by Q.A.M.A.'s

14   representative, Ivan Sabourin, who acted on behalf of all Q.A.M.A. members.

15         (k)    In furtherance of the conspiracy that commenced in 1929, conspirators who were

16   members of the Q.A.M.A. as described above began in about 1950 to formulate a plan to influence

17   public opinion concerning the relationship between asbestos and cancer by influencing the medical

18   literature on this subject and then touting and disseminating this literature to the public and to

19   organizations and legislative bodies responsible for regulatory control of asbestos with the specific

20   intent of misrepresenting the existing scientific information and suppressing contrary scientific

21   data in their possession and control.

22         (l)    This plan of misrepresentation and influence over the medical literature began in

23   about 1950 when the aforementioned Q.A.M.A. members selected Saranac Laboratories to do an

24   evaluation of whether cancer was related to asbestos.  After a preliminary report authored by

25   Arthur Vorwald in 1952 indicated that, based on experiments with laboratory animals,  a

26   cancer/asbestos relationship might exist, these Q.A.M.A. members refused to further fund the

27   study, terminated the study and prevented any public discussion or dissemination of the results.

28         (m)    As a result of the termination of the Q.A.M.A./Saranac study, the conspirators

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   fraudulently withheld information from the public and affirmatively misrepresented to the public

2   and responsible legislative and regulatory bodies that asbestos did not cause cancer.  These

3   affirmative misrepresentations were made by conspirators and conspirators' agents K.W. Smith,

4   M.D., Paul Cartier, M.D., A.J. Vorwald, M.D., Lanza, Vandiver Brown and Ivan Sabourin and

5   were directed to, among others, U.S. government officials, Canadian government officials, the

6   //

7   U.S. National Cancer Institute, medical organizations, health professionals and the general public,

8   including decedent.

9       (n)    The Q.A.M.A. conspirators subsequently contracted with the Industrial Hygiene

10  Foundation and Dr. Daniel Braun to further study the relationship between asbestos exposure,

11  asbestosis and lung cancer.  In 1957, Drs. Braun and Truan (Braun and Truan) reported to the

12  Q.A.M.A. that asbestosis did increase a worker's risk of developing lung cancer.

13      (o)    The Q.A.M.A. conspirators, in furtherance of the conspiracy that began in 1929,

14  caused the work by Braun and Truan to be published in 1958, but with the findings concerning the

15  increased incidence of cancer in asbestos-exposed persons edited out and stricken by agents of the

16  Q.A.M.A.  The published version of the Braun/Truan study contained a conclusion that asbestos

17  exposure alone did not increase the incidence of lung cancer, a conclusion known by the

18  conspirators to be false.

19      (p)    By falsifying and causing publication of studies concluding that asbestos exposure

20  did not cause lung cancer and simultaneously omitting documented findings that asbestosis did

21  increase the risk of lung cancer, the conspirators affirmatively misrepresented to, and concealed

22  from, the public the extent of the risks associated with inhaling asbestos fibers.

23      (q)    In furtherance of the ongoing 1929 conspiracy, the Q.A.M.A. in about 1958

24  publicized the fraudulently edited works of Drs. Braun and Truan at a symposium in an effort to

25  fraudulently misrepresent to the public and persons exposed to asbestos that inhaling asbestos

26  fibers did not cause cancer.

27      (r)    The foregoing fraudulent misrepresentations, which began in 1929 and continued

28  with the publication in 1958 of the Braun/Truan study, influenced the standards set for acceptable

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
SUITE 400
JACKLONDON MARKET
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

PCE/ISSU/10547701

1   levels of asbestos exposure.  The developers of such standards failed to lower the maximum

2   exposure limits because a cancer risk associated with asbestos inhalation had not been proven.

3          (s)    In furtherance of the 1929 conspiracy, Q.A.M.A. conspirators decided at their trade

4   association meeting in 1967 that they would intentionally mislead consumers about the extent of

5   risks associated with inhaling asbestos.

6   //

7          (t)    In furtherance of the 1929 conspiracy, a symposium concerning the health effects of

8   asbestos was conducted at the Saranac Laboratories in 1952.  The following conspirators were in

9   attendance: MET LIFE, Lanza, Manville, Turner & Newall, Raybestos and Q.A.M.A. members

10  through their agents Cartier, Sabourin and LaChance.

11         (u)    At the 1952 Saranac meeting, the occurrence of lung cancer and asbestosis in

12  product users was discussed, as was the carcinogenic properties of all asbestos-fiber types.  In an

13  affirmative attempt to mislead the public about the extent of health risks associated with asbestos,

14  and in an effort to fraudulently conceal those risks from the public, these conspirators conspired to

15  prevent publication of the record of this 1952 Saranac Symposium, and it was not published.  In

16  addition, the conspirators induced Vorwald not to announce the results of his and Dr. Gardner's

17  laboratory studies showing excess cancers in asbestos-exposed animals.  The conspirators in this

18  way fraudulently misrepresented existing secret data that was prevented from being publicized

19  because of the secrecy provisions contained in the previously described 1936 Saranac agreement.

20         (v)    The following co-conspirators were members of the trade organization known as

21  The Asbestos Textile Institute (ATI): Raybestos, Manville, H.K. Porter, Keasbey & Mattison

22  (individually and through its alter ego, Turner & Newall), National Gypsum, Uniroyal, Inc.

23  (individually and through its alter egos, CDU Holding Company), Uniroyal Holding Company,

24  Uniroyal Goodrich Tire Company and Asbestos Corporation, Ltd..

25         (w)    In furtherance of the foregoing conspiracy, the conspirators and ATI members in

26  1942 received a report from W.C.L. Hemeon (Hemeon) concerning asbestos that suggested the

27  then-existing maximum asbestos-exposure limits be re-evaluated.  These conspirators caused the

28  Hemeon report not to be published and thereby fraudulently concealed material facts about

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW
CORPORATION
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

PCEJESUS/10547701.1

1   asbestos exposure from the public and affirmatively misrepresented to the public and class of

2   persons exposed to asbestos that the then-existing maximum asbestos-exposure limit was safe and

3   acceptable.  Thereafter, these conspirators withheld additional material information on the dust

4   standards from the American Conference of Governmental Industrial Hygienists (ACGIH), thereby

5   further influencing ACGIH evaluations of its Threshold Limit Values for asbestos exposure.

6   //

7        (x)      In furtherance of the foregoing conspiracy, co-conspirator National Gypsum,

8   through its agents and following an inquiry from the Indiana Division of Industrial Hygiene (IDIH)

9   concerning the health hazards of asbestos-spray products, in 1953 refused to mail a proposed

10  response to the IDIH indicating that those applying the products should wear respirators when

11  doing so.  National Gypsum's response distorted and fraudulently misrepresented the need for

12  applicators of asbestos-spray products to wear respirators, and thereby misrepresented the risks

13  associated with asbestos exposure.

14        (y)      In furtherance of the foregoing conspiracy, conspirator Manville through its agent

15  Kenneth Smith in 1955 caused to be published in *The AMA Archives of Industrial Health* an article

16  entitled "Pulmonary Disability in Asbestos Workers."  This published study materially altered the

17  results of an earlier study in 1949 concerning the same set of workers.  This alteration of Dr.

18  Smith's study constituted a fraudulent and material misrepresentation about the extent of the risk

19  associated with inhaling asbestos.

20        (z)      In furtherance of the foregoing conspiracy, the National Cancer Institute in 1955

21  held a meeting at which conspirator Manville, individually and as agent for other co-conspirators,

22  and A. Vorwald, as agent of all the conspirators, affirmatively misrepresented that there was no

23  existing animal study indicating any relationship between asbestos exposure and cancer when, in

24  fact, the conspirators secretly possessed several suppressed studies positively demonstrating the

25  existence of such a link.

26        (aa)     In furtherance of the foregoing conspiracy, these conspirators and members of the

27  ATI in 1957 jointly rejected a proposed research study on cancer and asbestos, and this resulted in

28  their fraudulently concealing from the public material facts regarding asbestos exposure and also

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, P.L.C.
JACK LONDON MARKET
55 Harrison Street,
Suite 400
Oakland, CA 94607
(510) 302-1000
(510) 465-7728
Fax (510) 835-4913

36

1   constituted an affirmative misrepresentation of the then-existing knowledge about asbestos

2   exposure and lung cancer.

3       (bb)    In furtherance of the foregoing conspiracy, conspirators who in 1964 were members

4   of the ATI met to formulate a plan for rebutting the association between lung cancer and asbestos

5   exposure that had been recently published by Dr. Irving J. Selikoff of the Mount Sinai Research

6   //

7   Center.  These members of the ATI thereafter embarked on a campaign to further misrepresent the

8   association between asbestos exposure and lung cancer.

9       (cc)    The conspirators founded and funded the Mellon Institute and the Industrial

10  Hygiene Foundation (IHF) to research issues concerning the health effects of inhaling asbestos

11  dust and for the express purpose of delaying or preventing compensation to workers who suffered

12  asbestos disease.  Beginning in the early 1940's, the IHF was involved in a study by Dr. Hemeon

13  entitled "Report of Preliminary Dust Investigation for Asbestos Textile Institute," which was

14  published in June 1947.  This study was conducted in conjunction with members of the Asbestos

15  Textile Institute and found that workers exposed to less than the recommended maximum

16  asbestos-exposure levels were nonetheless developing disease.  As a part of the conspiracy, the

17  IHF never published this study.

18      (dd)    Beginning in the mid-1950's, the IHF and Mellon Institute were involved in the

19  publication of works by Braun and Truan entitled "An Epidemiological Study of Lung Cancer in

20  Asbestos Miners."  In its original, unedited form in September 1957, this study concluded that

21  workers with asbestosis had an increased incidence of lung cancer and that the Canadian

22  government had been under-reporting occurrences of asbestosis.  The final, published version of

23  this study in June 1958 deleted the conclusion that workers with asbestosis suffered an increased

24  incidence of lung cancer and that the Canadian government had been under-reporting asbestosis

25  cases.  The IHF and the Mellon Institute conspired with the members of the Quebec Asbestos

26  Mining Association (Q.A.M.A.) and their legal counsel, Ivan Sabourin, and other conspirators to

27  suppress the above-described information concerning asbestos and cancer.

28      (ee)    The above-described actions of the IHF and the Mellon Institute constituted

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1   intentional deception and fraud in actively misleading the public about the extent of the hazards

2   linked to breathing asbestos dust. These actions also substantially contributed to retarding the

3   development of knowledge about the hazards of asbestos and thereby substantially contributed to

4   injuries suffered by decedent.

5           (ff)     From the early 1920's until the 1970's, Manville, Raybestos and other conspirators

6   undertook continual and systemic monitoring of the workers employed in their plants

7   manufacturing asbestos products. The monitoring included chest x-rays taken for the purpose of

8   discovering whether the workers were suffering from asbestosis or other asbestos diseases. MET

9   LIFE and Lanza actively assisted and participated in many of the monitoring programs. The

10  conspirators, including MET LIFE, failed to disclose and actively concealed the results of the

11  monitoring. The conspirators also failed to disclose the nature, extent and frequency of asbestos

12  disease among the workers and instead encouraged the workers to continue work until they were

13  completely and totally disabled. The conspirators further intentionally concealed from the workers

14  employed in their manufacturing plants the nature and extent of the risks associated with asbestos

15  exposure.

16          (gg)     All conspirators identified herein approved, ratified and furthered the previous

17  conspiratorial acts of conspirators Manville, Raybestos, Lanza and MET LIFE, and all the alleged

18  conspirators during the time and circumstances previously described acted as agents and co-

19  conspirators of the other conspirators.

20          (hh)     MET LIFE was an active participant in the foregoing conspiracy and benefitted

21  thereby. MET LIFE benefitted from its involvement in the conspiracy in the following non-

22  exclusive list of ways, among others:

23          (i)      By providing workers' compensation insurance to co-conspirators.

24          (ii)     By providing life insurance for employees of the co-conspirators.

25          (iii)    By providing health insurance or health care for the employees of the co-

26                   conspirators.

27          (iv)     By purchasing substantial stock in asbestos-related companies, including

28                   stock of the co-conspirators.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

PDE.IES3US/108470.1

1

2

3

4    The previously described acts of the conspirators constitute fraudulent concealment and/or

5    fraudulent misrepresentation, which caused injury to the decedent in the following ways, among

6    others:

7         (a)    The material published or caused to be published by the conspirators was false and

8    incomplete in that the conspirators knowingly and deliberately deleted references to the known

9    health hazards of asbestos and asbestos-related products.

10        (b)    The conspirators individually, as members of a conspiracy and as agents of other

11   conspirators, intended to – and did – publish false and misleading reports that misrepresented or

12   failed to disclose known health hazards associated with common uses of asbestos-containing

13   products.  Their purposes were to (1) maintain a favorable business climate for the continued sale

14   and distribution of asbestos and asbestos-related products, (2) assist in the conspirators' continued

15   pecuniary gain through the sale of their products, (3) influence proposed legislation to regulate

16   asbestos exposure in a way that favored the conspirators' interests and (4) aid in defending

17   lawsuits seeking compensation for injury resulting from asbestos exposure.

18        c)     Decedent and others reasonably relied, both directly and indirectly, on the published

19   medical and scientific data documenting the purported safety of asbestos and asbestos-related

20   products, and also on the absence of published medical and scientific reports of the hazards of

21   continued exposure to asbestos.  Decedent believed asbestos to be safe and was unaware of the

22   hazards of that material because of the conspiratorial conduct described herein.

23        (d)    Conspirators – individually, as members of a conspiracy and as agents of other co-

24   conspirators – were and are in a position of superior knowledge regarding the health hazards of

25   asbestos and therefore the decedent reasonably relied (both directly and indirectly) on the

26   published reports commissioned by the conspirators regarding the health hazards of asbestos and

27   the absence of published information (because of the suppression by the conspiracy) concerning

28   the hazards of asbestos and asbestos-related products.

(v)    By developing information by which asbestos-related claims for

compensation could be defeated.

VI.

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

COMPLAINT FOR PERSONAL INJURIES

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
55 HARRISON STREET,
JACK LONDON MARKET
Suite 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

1    (e)    As a direct result of the continuing and ongoing conduct of the conspirators, as

2  alleged herein, the decedent contracted asbestos-related disease, and decedent suffered injuries and

3  incurred damages as described in greater detail elsewhere in the complaint.

4

### VII.

5    MET LIFE acted in concert with the foregoing parties (the conspirators) and pursuant to a

6  common design, as previously delineated, to cause injury to decedent.

7

### VIII.

8    MET LIFE knew that the conduct of Manville, Raybestos and the other conspirators was

9  coercive, fraudulent and deceitful toward others (including decedent) and that conspirators'

10  conduct was a breach of duty or duties owed to decedent; and MET LIFE gave substantial

11  assistance and encouragement to Manville and the other conspirators in breaching their duties to

12  decedent and others.

13

### IX.

14    Decedent was insured, directly or indirectly, by MET LIFE and as such was owed a

15  fiduciary duty by MET LIFE that was breached by MET LIFE's foregoing conduct and conspiracy,

16  thereby causing decedent's asbestos-related injuries.

17

### X.

18    The conspirators made representations to decedent and others concerning asbestos-

19  containing products, including but not limited to:

20    (a)    the statements set forth and summarized in the foregoing paragraphs;

21    (b)    that asbestos in commercially used insulation products was not hazardous (this

22    statement was known to be false by the conspirators);

23    (c)    that the amount of asbestos in the air necessary to cause disease was five million

24    particles per cubic foot (this statement was known to be false by the conspirators);

25    (d)    that asbestos does not cause cancer (this statement was known to be false by the

26    conspirators);

27    In addition, the conspirators actively concealed facts from the decedent and others,

28  including but not limited to:

PDLE/EI3/US/1/05477/011

1      (a)    that asbestos-related disease can be a fatal disease;

2      (b)    that asbestos causes various forms of lung cancer;

3      (c)    that individuals should protect themselves from breathing asbestos dust;

4      (d)    the extent of asbestos disease in exposed populations;

5      (e)    information regarding the levels of airborne asbestos that can cause disease;

6      (f)    their experience with workers' compensation claims related to asbestos exposure; and

7

8      (g)    the concealment described in the other paragraphs of this cause of action.

9

**XI.**

10     The conspirators further knew that their foregoing statements were false and that, by their

11 acts, they were actively concealing adverse information concerning the health effects of asbestos,

12 including the facts described in the preceding paragraphs of this cause of action. The conspirators

13 made these false statements and concealed these facts with the intent to deceive. The decedent and

14 others relied both directly and indirectly on the foregoing false statements and their lack of

15 knowledge resulting from the conspirators' fraudulent concealment. As a consequence of the

16 foregoing fraudulent misrepresentations and concealment, decedent was injured and damaged as

17 more fully described elsewhere in the complaint.

**XII.**

18

19     The asbestos-containing products that conspirators manufactured, marketed, distributed,

20 sold and otherwise supplied were defective in that they caused decedent and others similarly

21 situated to be exposed to the products' asbestos content and thereby caused the injuries and

22 damages as more fully detailed elsewhere in the complaint.

**XIII.**

23

24     Additionally and alternatively, as a direct result of defendants' and conspirators'

25 (including, without limitation, MET LIFE's) actions and omissions, decedent was caused to

26 remain ignorant of all the dangers of asbestos, which resulted in decedent, his/her agents,

27 employers and the general public being unaware of the true and full dangers of asbestos.

28 Defendants' and conspirators' actions and omissions also deprived decedent of the opportunity to

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913

COMPLAINT FOR PERSONAL INJURIES

41

PDE/ESII/3/1/0547701.1

1 decide for himself or herself whether he/she wanted to take the risk of being exposed to asbestos,

2 denied decedent the opportunity to take precautions against the dangers of asbestos and caused

3 plaintiff's damages as described elsewhere in this complaint.

4 XIV.

5 The foregoing conduct of defendants and the conspirators was despicable, willful and

6 carried on in conscious disregard of the rights or safety of decedent. Defendants and the

7 conspirators intended by such conduct to conceal and/or misrepresent material facts known to

8 them for the purpose of thereby depriving decedent and others of property or legal rights, or

9 otherwise causing injury. So in addition to actual damages, plaintiff is entitled to recover damages

10 from defendants and the conspirators for the sake of example and by way of punishing defendants

11 and conspirators.

12 WHEREFORE, plaintiff prays judgment against defendants, conspirators and their

13 "alternate entities," and each of them as is hereinafter set forth.

14 FOURTEENTH CAUSE OF ACTION

15 (Loss of Consortium)

16 AS AND FOR A FOURTEENTH CAUSE OF ACTION, plaintiff TARA T. PRITCHETT

17 complains of all defendants, and each of them, and alleges:

18 I.

19 This plaintiff, for and on behalf of herself, brings this action on her own behalf.

20 II.

21 Plaintiff refers to and incorporates herein by reference the First through Twelfth Causes of

22 Action of this complaint.

23 III.

24 At the time that plaintiff Jerry R. Pritchett sustained injury as more fully alleged in all the

25 previous causes of action, and at all times thereafter, plaintiff Tara T. Pritchett is the wife of

26 plaintiff Jerry R. Pritchett.

27 IV.

28 Prior to said injuries, plaintiff Jerry R. Pritchett was able to and did, perform his duties as

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACKLONDON MARKET
55 HARRISON STREET
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
FAX (510) 835-4913

PDF.ES/ES/108/771.1

1   the husband of plaintiff Tara T. Pritchett. Plaintiff is informed and believes and thereon alleges

2   that subsequent to said injuries and as a proximate result thereof, plaintiff Jerry R. Pritchett has

3   been, and some time in the future will be, incapacitated and unable to perform the necessary duties

4   as husband of plaintiff Tara T. Pritchett and the work and service usually performed in the care,

5   maintenance and management of the family home.

6   //

7

8           **V.**

9       As a proximate result of said injuries, plaintiff Tara T. Pritchett has been and will be

10   deprived of consortium with plaintiff Jerry R. Pritchett, including the performance of her

11   husband's duties and on plaintiff's part will be required to perform the duties previously

12   performed by plaintiff Jerry R. Pritchett, all to plaintiff's damage in a sum which cannot be

13   ascertained at this time. Plaintiff requests the right to amend this complaint to allege the amount

14   of said damages when they are ascertained.

15       WHEREFORE, plaintiff TARA T. PRITCHETT prays judgment against defendants,

16   conspirators and their "alternate entities," and each of them as follows:

17       1.    General damages in an amount in excess of $50,000.00 in accordance with the

18   proof;

19       2.    Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

20   accordance with proof;

21       3.    Punitive and exemplary damages in an amount found appropriate by the trier of fact

22   in accordance with the proof;

23       4.    Special damages in accordance with the proof;

24       5.    Prejudgment interest and post-judgment interest in accordance with law;

25       6.    Costs of suit; and

26       7.    Such other and further relief as the Court deems just and proper in the premises.

27       WHEREFORE, plaintiff JERRY R. PRITCHETT prays judgment against defendants,

28   conspirators and their "alternate entities," and each of them as follows:

      1.    General damages in an amount in excess of $50,000.00 in accordance with the proof,

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
A PROFESSIONAL LAW CORPORATION
JACK LONDON MARKET
55 Harrison Street
Suite 400
Oakland, CA 94607
(510) 302-1000
Fax (510) 835-4913

PGEJESI/508/87701.1

2.      Damages for fraud and conspiracy in an amount in excess of $50,000.00 in

accordance with proof;

3.      Punitive and exemplary damages in an amount found appropriate by the trier of fact

in accordance with the proof;

4.      Special damages in accordance with the proof;

5.      Prejudgment interest and post-judgment interest in accordance with law;

6.      Costs of suit; and

7.      Such other and further relief as the Court deems just and proper in the premises.

DATED:  December __22__, 2011

KAZAN, McCLAIN, LYONS,
GREENWOOD & HARLEY, PLC

By

Gordon D. Greenwood
Autumn Mesa

Attorneys for Plaintiffs

KAZAN, McCLAIN,
LYONS,
GREENWOOD &
HARLEY, PLC
JACK LONDON MARKET
55 HARRISON STREET,
SUITE 400
OAKLAND, CA 94607
(510) 302-1000
(510) 465-7728
FAX (510) 835-4913