# EXHIBIT 2

**U.S. District Court**

**California Northern District (San Francisco)**

**CIVIL DOCKET FOR CASE #: 3:12-cv-01291-JSC**

Robare et al v. AC And S, Inc. et al

Assigned to: Magistrate Judge Jacqueline Scott Corley

Case in other court: San Francisco County Superior ourt,
CGC 12-275972

Cause: 28:1331 Fed. Question: Personal Injury

Date Filed: 03/15/2012

Jury Demand: Plaintiff

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Federal Question

**Plaintiff**

**Gordon Robare**                    represented by   **Katherine Yao Wang**
Harowitz & Tigerman
450 Sansome Street
3rd Floor
San Francisco, CA 94111
415-788-1588
Fax: 415-788-1598
Email: wang@htlawoffices.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Gilson**
Harowitz and Tigermann LLP
450 Sansome Street 3rd Flr
San Francisco, CA 94111
415-788-1588
Fax: 415-788-1588
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Marc Harowitz**
Harowitz and Tigerman, LLP
450 Sansome Street
3rd Floor
San Francisco, CA 94111
415-788-1588
Fax: 4157881598
Email: harowitz@htlawoffices.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joan Robare**                      represented by   **Katherine Yao Wang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>
AC And S, Inc.

<u>Defendant</u>
A.W. Chesterton Company

<u>Defendant</u>
Air & Liquid Systems Corporation

<u>Defendant</u>
American Biltrite, Inc.

<u>Defendant</u>
Armstrong International, Inc.

<u>Defendant</u>
Asbestos Corporation, Ltd.

<u>Defendant</u>
Aurora Pump Co.

<u>Defendant</u>
Bayer Cropscience, Inc.

<u>Defendant</u>
Clavera Asbestos, Ltd.

<u>Defendant</u>
Capco Pipe Company, Inc.

<u>Defendant</u>
Carrier Corporation

<u>Defendant</u>
CBS Corporation

**Sarah Gilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Marc Harowitz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
Century Lumber Center

**Defendant**
Certainteed Corporation

**Defendant**
Chevron Corporation

**Defendant**
Chevron Phillips Chemical Company
LP

**Defendant**
Chevron U.S.A. Inc.

**Defendant**
Crane Co.                                 represented by **Michele Cherie Barnes**
                                          KL Gates LLP
                                          4 Embarcadero Center
                                          Suite 1200
                                          San Francisco, CA 94111
                                          415-249-1011
                                          Fax: 415-882-8220
                                          Email: michele.barnes@klgates.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Roseanna M Castillo**
                                          K and L Gates LLP
                                          Four Embarcadero Center
                                          Suite 1200
                                          San Francisco, CA 94111
                                          415-882-8200
                                          Fax: 415-882-8220
                                          Email: roseanna.castillo@klgates.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**
Crown Cork & Seal Company, Inc.

**Defendant**
CSR Ltd.

**Defendant**
Domco Products Texas, Inc.

**Defendant**

**Defendant**
**Emulsified Asphalt**

**Defendant**
**FMC Corporation**

**Defendant**
**Ford Motor Company**

**Defendant**
**Fraser's Boiler Service, Inc.**                    represented by    **Kathleen Burnam Ebrahimi**
Pond North LLP
505 Montgomery Street
13th Floor
SF, CA 94111
415-214-1240
Email: kebrahimi@pondnorth.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Fryer Knowles Inc.**

**Defendant**
**General Electric Company**

**Defendant**
**General Refractories Company**

**Defendant**
**Georgia-Pacific, LLC**

**Defendant**
**Goulds Pumps Incorporated**

**Defendant**
**Hill Brothers Chemical Company**         represented by    **Mike C Guasco**
Vasquez, Estrada & Conway LLP
1000 Fourth Street
Suite 700
San Rafael, CA 94901
415-453-0555
Email: mguasco@vandelaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Hollyfrontier Corporation**

**Defendant**
**Honeywell International Inc.**

**Defendant**
Hopeman Brothers, Inc.

**Defendant**
IMO Industries, Inc.

**Defendant**
Industrial Asphalt

**Defendant**
Ingersoll-Rand Company

**Defendant**
ITT Corporation

**Defendant**
J T Thorpe & Son, Inc.

**Defendant**
Kaiser Gypsum Company Inc.

**Defendant**
Kentile Floors, Inc.

**Defendant**
Mannington Mills, Inc.

**Defendant**
Metropolitan Life Insurance, Inc.

**Defendant**
National Cooperative Refinery
Association

**Defendant**
Owens-Illinois Corporation

**Defendant**
Parker-Hannifin Corporation
*as successor-in-interest to Eis and Cali-*
*Blok*

**Defendant**
Payless Floors

**Defendant**
Rapid American Corporation

**Defendant**
SB Decking, Inc.

**Defendant**
Sterling Fluid Systems (USA) LLC

**Defendant**
Sulzer Pumps (US), Inc.

**Defendant**
Thomas Dee Engineering Company

**Defendant**
Total Petrochemicals USA, Inc.

**Defendant**
Trane U.S. Inc.

**Defendant**
Triple A Machine Shop, Inc.

**Defendant**
Union Carbide Corporation

**Defendant**
Viad Corp.

**Defendant**
Warren Pumps, LLC

**Defendant**
World Asphalt

**Defendant**
Yarway Corporation

**Defendant**
York International Corporation

| Date Filed | # | Docket Text |
|---|---|---|
| 03/15/2012 | 1 | NOTICE OF REMOVAL /no process from San Francisco County Superior Court. Their case number is CGC 12-275972. (Filing fee $350 receipt number 34611071810). Filed byCrane Co.. (ga, COURT STAFF) (Filed on 3/15/2012) (Entered: 03/16/2012) |
| 03/15/2012 | 2 | Certificate of Interested Entities by Crane Co. re 1 Notice of Removal (ga, COURT STAFF) (Filed on 3/15/2012) (Entered: 03/16/2012) |

| Date | # | Description |
|---|---|---|
| 03/15/2012 | 3 | NOTICE OF TAG-ALONG ACTION by Crane Co. (ga, COURT STAFF) (Filed on 3/15/2012) (Entered: 03/16/2012) |
| 03/15/2012 | 4 | CERTIFICATE OF SERVICE by Crane Co. re 1 Notice of Removal, 2 Certificate of Interested Entities, 3 Notice (Other) (ga, COURT STAFF) (Filed on 3/15/2012) (Entered: 03/16/2012) |
| 03/15/2012 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 6/21/2012. Case Management Conference set for 6/28/2012 01:30 PM in Courtroom F, 15th Floor, San Francisco.. Signed by Judge Jacqueline Scott Corley on 3/15/12. (Attachments: # 1 Standing Order)(ga, COURT STAFF) (Filed on 3/15/2012) (Entered: 03/16/2012) |
| 03/15/2012 | 6 | NOTICE by Crane Co. *OF FILING STATE COURT ANSWER TO COMPLAINT AND STATE COURT DEMAND FOR JURY TRIAL* (Castillo, Roseanna) (Filed on 3/15/2012) (Entered: 03/16/2012) |
| 03/19/2012 | 7 | NOTICE by Fraser's Boiler Service, Inc. *of Filing State Court Answer to Complaint and Demand for Jury Trial* (Ebrahimi, Kathleen) (Filed on 3/19/2012) (Entered: 03/19/2012) |
| 03/19/2012 | 8 | Certificate of Interested Entities by Fraser's Boiler Service, Inc. identifying Corporate Parent Fraser's Boiler Service, Inc. for Fraser's Boiler Service, Inc.. *Pursuant to FRCP Rule 7.1 and Local Rule 3-16* (Ebrahimi, Kathleen) (Filed on 3/19/2012) (Entered: 03/19/2012) |
| 03/19/2012 | 9 | NOTICE of Appearance by Mike C Guasco *and Michael A. Vasquez* (Guasco, Mike) (Filed on 3/19/2012) (Entered: 03/19/2012) |
| 03/19/2012 | 10 | CONSENT to Proceed Before a US Magistrate Judge by Hill Brothers Chemical Company .. (Guasco, Mike) (Filed on 3/19/2012) (Entered: 03/19/2012) |
| 03/19/2012 | 11 | NOTICE by Hill Brothers Chemical Company (Guasco, Mike) (Filed on 3/19/2012) (Entered: 03/19/2012) |
| 03/19/2012 | 12 | Certificate of Interested Entities by Hill Brothers Chemical Company (Guasco, Mike) (Filed on 3/19/2012) (Entered: 03/19/2012) |
| 03/19/2012 | 13 | NOTICE by Hill Brothers Chemical Company *of Filing Pursuant to FRCP 7.1* (Guasco, Mike) (Filed on 3/19/2012) (Entered: 03/19/2012) |
| 03/19/2012 | 14 | CERTIFICATE of Counsel re 12 Certificate of Interested Entities, 13 Notice (Other), 10 Consent to Proceed Before a US Magistrate Judge, 9 Notice of Appearance, 11 Notice (Other) *of Service* by Mike C Guasco on behalf of Hill Brothers Chemical Company (Guasco, Mike) (Filed on 3/19/2012) (Entered: 03/19/2012) |

PACER Service Center

Transaction Receipt

03/19/2012 13:07:05

| PACER Login: | kl0203 | Client Code: | 0213660.00934/11407 |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 3:12-cv-01291-JSC |
| Billable Pages: | 5 | Cost: | 0.40 |



# CT Corporation

**Service of Process Transmittal**
02/03/2012
CT Log Number 519918428

**TO:** Stacie Simpson
Navigant Consulting
PACE Claim Services, LLC, 100 American Metro Blvd
Suite 108
Hamilton, NJ 08619

**RE:** **Process Served in California**

**FOR:** Crane Co. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gordon Robare and Joan Robare, Pltfs. vs. AC and S, Inc., et al. including Crane Co., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Notice(s), Objection, Attachment(s), Complaint, ADR Packets |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC12275972 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/03/2012 at 11:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 12/13/12 at 1:30 p.m. - Status Conference |
| **ATTORNEY(S) / SENDER(S):** | Steven M. Harowitz<br>Harowitz & Tigerman, LLP<br>450 Sansome Street, 3rd Floor<br>San Francisco, CA 94111<br>415-788-1588 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/03/2012, Expected Purge Date: 02/08/2012<br>Image SOP<br>Email Notification, Stacie Simpson PACEservice@navigantconsulting.com<br>Email Notification, Crane Co. SOP CraneCoCTService@klgates.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* DOE through ONE THOUSANDTH DOE, inclusive (SEE ATTACHED LIST OF DEFENDANTS)

AC AND S, INC.; et al.; AND FIRST

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GORDON ROBARE and JOAN ROBARE

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>County of San Francisco<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-12-518172 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven M. Harowitz, SBN 71117                (415) 788-1588        (415) 788-1598
HAROWITZ & TIGERMAN, LLP
450 Sansome Street, 3rd Floor
San Francisco, CA 94111

DATE:                                                              Clerk, by                                                    , Deputy
*(Fecha):*  JAN 19 2012        CLERK OF THE COURT        *(Secretario):*  PHILIP BRUIT    *(Adjunto):*

[SEAL]

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  Crane Co.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

Legal Solutions Plus

ATTACHMENT TO SUMMONS

AC AND S, INC.; A.W. CHESTERTON COMPANY;
AIR & LIQUID SYSTEMS CORP.; AMERICAN
BILTRITE, INC.; ARMSTRONG INTERNATIONAL,
INC.; ASBESTOS CORPORATION, LTD.; AURORA
PUMP CO.; BAYER CROPSCIENCE, INC.;
CALAVERAS ASBESTOS, LTD.; CAPCO PIPE
COMPANY; CARRIER CORPORATION; CBS
CORPORATION; CENTURY LUMBER CENTER;
CERTAINTEED CORPORATION; CHEVRON
CORPORATION; CHEVRON PHILLIPS CHEMICAL
COMPANY LP; CHEVRON U.S.A., INC.; CRANE
CO.; CROWN, CORK & SEAL COMPANY, INC.;
CSR, LTD.; DOMCO PRODUCTS TEXAS, INC.;
EMULSIFIED ASPHALT; FMC CORPORATION;
FORD MOTOR COMPANY; FRASER'S BOILER
SERVICE, INC.; FRYER KNOWLES, INC., A
CALIFORNIA CORPORATION; FRYER
KNOWLES, INC., A WASHINGTON
CORPORATION; GENERAL ELECTRIC
COMPANY; GENERAL REFRACTORIES
COMPANY; GEORGIA-PACIFIC LLC; GOULDS
PUMPS, INCORPORATED; HILL BROTHERS
CHEMICAL COMPANY; HOLLYFRONTIER
CORPORATION; HONEYWELL INTERNATIONAL,
INC.; HOPEMAN BROTHERS, INC.; IMO
INDUSTRIES INC.; INDUSTRIAL ASPHALT;
INGERSOLL-RAND COMPANY; ITT
CORPORATION; J T THORPE & SON INC.;
KAISER GYPSUM COMPANY, INC.; KENTILE
FLOORS, INC.; MANNINGTON MILLS, INC.;
METROPOLITAN LIFE INSURANCE COMPANY;
NATIONAL COOPERATIVE REFINERY
ASSOCIATION; OWENS-ILLINOIS
CORPORATION; PARKER-HANNIFIN
CORPORATION, AS SUCCESSOR-IN-INTEREST
TO SACOMO SIERRA; PARKER-HANNIFIN
CORPORATION, AS SUCCESSOR-IN-INTEREST
TO EIS AND CAL-BLOK; PAYLESS FLOORS;
RAPID AMERICAN CORPORATION; SB
DECKING, INC.; STERLING FLUID SYSTEMS
(USA), LLC; SULZER PUMPS (US) INC.; THOMAS
DEE ENGINEERING COMPANY; TOTAL
PETROCHEMICALS USA, INC.; TRANE U.S. INC.;
TRIPLE A MACHINE SHOP, INC.; UNION
CARBIDE CORPORATION; VIAD CORP.;
WARREN PUMPS, LLC; WORLD ASPHALT;
YARWAY CORPORATION; YORK

ATTACHMENT TO SUMMONS

1

ATTACHMENT TO SUMMONS

2

INTERNATIONAL CORPORATION; and FIRST
DOE through ONE THOUSANDTH DOE, inclusive,

Defendants.

CASE NUMBER: CGC-12-275972  GORDON ROBARE VS. AC AND S, INC, et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **DEC-13-2012**

**TIME:**     **1:30PM**

**PLACE:**    **Department 503**
              **400 McAllister Street**
              **San Francisco, CA  94102-3680**

All parties must appear and comply with California Rules of Court 3.110

> **CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.**

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]



STEVEN M. HAROWITZ (State Bar No. 71117)
harowitz@htlawoffices.com
KATHERINE Y. WANG (State Bar No. 215663)
wang@htlawoffices.com
SARAH E. GILSON (State Bar No. 260263)
gilson@htlawoffices.com
HAROWITZ & TIGERMAN, LLP
450 Sansome St., 3rd Floor
San Francisco, California 94111
Tel: (415) 788-1588; Fax: (415) 788-1598

Attorneys for Plaintiffs

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

GORDON ROBARE AND JOAN ROBARE,    )    Case No.: CGC-12-273472

        Plaintiffs,    )    OBJECTION TO ASSIGNMENT TO
                              COMMISSIONER FOR TRIAL
        v.

AC and S, INC., et al.,

        Defendants.    )    Complaint filed: January 19, 2012

**PLEASE TAKE NOTICE** that pursuant to Local Rule 6.1(c) plaintiff, hereby timely objects and refuses to stipulate that any trial or non-discovery matter in this case be heard and/or decided by a Commissioner.

Dated: January 19, 2012

                        HAROWITZ & TIGERMAN, LLP

                        STEVEN M. HAROWITZ
                        Attorney for Plaintiffs

obj.commissioner.pl

-1-

OBJECTION TO ASSIGNMENT TO COMMISSIONER FOR TRIAL

# LexisNexis File & Serve Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 42077079 |
| **Submitted by:** | Kathleen Balauat, Harowitz & Tigerman LLP-San Francisco |
| **Authorized by:** | Steven Harowitz, Harowitz & Tigerman LLP-San Francisco |
| **Authorize and file on:** | Jan 23 2012 2:04PM PST |

| | |
|---|---|
| **Court:** | CA Superior Court County of San Francisco |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil |
| **Case Type:** | Personal Injury-Asbestos |
| **Case Number:** | 275972 |
| **Case Name:** | Robare, Gordon & Joan vs AC & S Inc et al (Harowitz) |

| | | |
|---|---|---|
| **Transaction Option:** | File Only | |
| **Billing Reference:** | 2159 | |
| **Read Status for e-service:** | N/A | |

**Documents List**
**1 Document(s)**

**Attached Document, 1 Pages   Document ID: 45606286**

| | | |
|---|---|---|
| **Document Type:** | | **Access:** |
| Objections | | Public |

| | |
|---|---|
| **Document title:** | **Statutory Fee:** $0.00 |
| OBJECTION TO ASSIGNMENT TO COMMISSIONER FOR TRIAL | **Linked:** |

⊟ Expand All

⊟ **Sending Parties (6)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Robare, Gordon | Plaintiff | Harowitz, Steven | Harowitz & Tigerman LLP-San Francisco | Attorney in Charge |
| Robare, Gordon | Plaintiff | Wang, Katherine Y | Harowitz & Tigerman LLP-San Francisco | Attorney in Charge |
| Robare, Gordon | Plaintiff | Gilson, Sarah | Harowitz & Tigerman LLP-San Francisco | Attorney in Charge |
| Robare, Joan | Plaintiff | Harowitz, Steven | Harowitz & Tigerman LLP-San Francisco | Attorney in Charge |
| Robare, Joan | Plaintiff | Wang, Katherine Y | Harowitz & Tigerman LLP-San Francisco | Attorney in Charge |
| Robare, Joan | Plaintiff | Gilson, Sarah | Harowitz & Tigerman LLP-San Francisco | Attorney in Charge |

⊟ **Recipients (0)**

⊟ Service List (0)
No selections made.

⊟ Additional Recipients (0)

**Delivery Option Party Party Type Attorney Firm Attorney Type Method**

⊞ **Case Parties**

[Close]

About LexisNexis | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2012 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.

1  STEVEN M. HAROWITZ (Bar No. 71117)
2  STEPHEN M. TIGERMAN (Bar No. 112127)
   KATHERINE Y. WANG (Bar No. 215663)
3  HAROWITZ & TIGERMAN, LLP
   450 Sansome Street, 3rd Floor
4  San Francisco, California 94111
   Telephone     (415) 788-1588
5  Facsimile      (415) 788-1598
6
   Attorneys for Plaintiffs
7
8
9
10                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                         FOR THE COUNTY OF SAN FRANCISCO
12
13  GORDON ROBARE AND JOAN ROBARE,        No.  CGC-12-517472
                                          PRELIMINARY FACT SHEET
14                      Plaintiffs,       NEW FILING/
                                          ASBESTOS LITIGATION
15         v.                             (See General Order No. 129,
                                          In Re Complex Asbestos
16  AC AND S, INC., et al.,               Litigation)
17
18
19
20                           N O T I C E
21
22  TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE
    SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA,
23  CITY AND COUNTY OF SAN FRANCISCO:
24         You have been served with process in an action which has been designated by the Court
    as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This
25  litigation bears the caption "In Re: Complex Litigation." [San Francisco Superior Court No.
    828684].
26
           This litigation is governed by various general orders, some of which affect the judicial
27  management and/or discovery obligations, including the responsibility to answer interrogatories
    deemed propounded in the case. You may contact the Court or Designated Defense Counsel,
28  Berry & Berry, Post Office Box 16070 (2930 Lake Shore Ave.), Oakland, California 94610;

2155/factsheet.pi                     1           PRELIMINARY FACT SHEET - NEW FILING
                                                  ASBESTOS LITIGATION

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2012 JAN 19  AM 11:16

CLERK OF THE COURT
BY:
     DEPUTY CLERK

Telephone: (510) 250-0200; FAX: (510) 835-5117, for further information and/or copies of these orders, at your expense.

1. State the complete name and address of each person whose claimed exposure to asbestos is the basis of this lawsuit ("exposed person"):   **GORDON ROBARE**

2. Does plaintiff anticipate filing a motion for preferential trial date within the next four months?        X   Yes        ____ No

3. Date of birth of each exposed person in item one and, if applicable, date of death:

Date of Birth:        **July 31, 1927**

Social Security Number of each exposed person:        **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**

4. Specify the nature or type of asbestos-related disease alleged by each exposed person:

____ Asbestosis        X   Mesothelioma

____ Pleural Thickening/Plaques        ____ Other Cancer: Specify: _____

____ Lung Cancer Other Than Mesothelioma   Other: Specify: _____

5. For purposes of identifying the nature of exposure allegations involved in this action, please check one or more:

X   Shipyard        X   Construction        X   Friction-Automotive

X   Premises        ____ Aerospace        ____ Military

____ Other: Specify all that apply: _____

6. If applicable, indicate which exposure allegations apply to which exposed person.

Identify each location alleged to be a source of an asbestos exposure, and to the extent known, provide the beginning and ending year(s) of each such exposure.  Also specify each exposed person's employer and job title or job description during each period of exposure.  (For example: "San Francisco Naval Shipyard - Pipefitter - 1939-1948").  Examples of locations of exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized descriptions such as "merchant Marine" or "construction."  If an exposed person claims exposure during only a portion of a year, the answer should indicate that year as the beginning and ending year (e.g., 1947-1947).

| Location of Exposure | Employer | Job Title at Time of Exposure | Year(s) of Exposure Beginning   Ending |
|---|---|---|---|
| Various aboard USS Bunker Hill (CV-17) | U.S. Navy | Boiler Tender | 1945 - 1948 |
| Various construction sites in Nebraska | State of Nebraska | Foreman | 1948 - 1950 |
| Various construction sites in Nebraska and Kansas | Kaneb Pipeline Company | Ganger/Superintendent | 1950 - 1989 |
| Plaintiff's home | N/A | Plaintiff worked on vehicles and did some home remodel work | 1960's - 1980's |

7.   For each exposed person who:

a.   worked in the United States or for a U. S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

b.   may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

c.   served at any time in the United States military, attach to the copy of this fact sheet provided to the Designated Defense counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129);

d.   was employed by the United States government in a civilian capacity, attach to the copy of this fact sheet provided to Designated Defense counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129).

8.   If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated Defense Counsel a copy of the death certificate, if available. If an autopsy report was done, also attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

9.   State the date of the filing of the initial complaint in this matter: January 19, 2012

DATED: January 19, 2012

                                    HAROWITZ & TIGERMAN, LLP

                              BY

                                    STEVEN M. HAROWITZ
                                    Attorney for Plaintiffs

2155/factsheet.pi

4

PRELIMINARY FACT SHEET - NEW FILING
ASBESTOS LITIGATION

STEVEN M. HAROWITZ (Bar No. 71117)
harowitz@hnlawoffices.com
STEPHEN M. TIGERMAN (Bar No. 112127)
tigerman@hnlawoffices.com
HAROWITZ & TIGERMAN, LLP
450 Sansome Street, Third Floor
San Francisco, CA 94111
Tel: (415) 788-1588
Fax: (415) 788-1598

Attorneys for Plaintiffs

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

GORDON ROBARE AND JOAN
ROBARE,

    Plaintiffs,

    v.

AC AND S, INC.; A.W. CHESTERTON
COMPANY; AIR & LIQUID SYSTEMS
CORP.; AMERICAN BILTRITE, INC.;
ARMSTRONG INTERNATIONAL, INC.;
ASBESTOS CORPORATION, LTD.;
AURORA PUMP CO.; BAYER
CROPSCIENCE, INC.; CALAVERAS
ASBESTOS, LTD.; CAPCO PIPE
COMPANY; CARRIER CORPORATION;
CBS CORPORATION; CENTURY
LUMBER CENTER; CERTAINTEED
CORPORATION; CHEVRON
CORPORATION; CHEVRON PHILLIPS
CHEMICAL COMPANY LP; CHEVRON
U.S.A., INC.; CRANE CO.; CROWN,
CORK & SEAL COMPANY, INC.; CSR,
LTD.; DOMCO PRODUCTS TEXAS, INC.;
EMULSIFIED ASPHALT; FMC
CORPORATION; FORD MOTOR
COMPANY; FRASER'S BOILER
SERVICE, INC.; FRYER KNOWLES, INC.,
A CALIFORNIA CORPORATION; FRYER
KNOWLES, INC., A WASHINGTON
CORPORATION; GENERAL ELECTRIC
COMPANY; GENERAL REFRACTORIES

No.    **CGC-12-517472**

(Personal Injury)

## COMPLAINT FOR DAMAGES

Contractor Liability
Premises Liability
Negligence
Strict Liability
Loss of Consortium

(Asbestos)

Unlimited Jurisdiction

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

1  COMPANY; GEORGIA-PACIFIC LLC;
GOULDS PUMPS, INCORPORATED;
2  HILL BROTHERS CHEMICAL
COMPANY; HOLLYFRONTIER
3  CORPORATION; HONEYWELL
INTERNATIONAL, INC.; HOPEMAN
4  BROTHERS, INC.; IMO INDUSTRIES
INC.; INDUSTRIAL ASPHALT;
5  INGERSOLL-RAND COMPANY; ITT
CORPORATION; J T THORPE & SON
6  INC.; KAISER GYPSUM COMPANY,
INC.; KENTILE FLOORS, INC.;
7  MANNINGTON MILLS, INC.;
METROPOLITAN LIFE INSURANCE
8  COMPANY; NATIONAL COOPERATIVE
REFINERY ASSOCIATION; OWENS-
9  ILLINOIS CORPORATION; PARKER-
HANNIFIN CORPORATION, AS
10 SUCCESSOR-IN-INTEREST TO SACOMO
SIERRA; PARKER-HANNIFIN
11 CORPORATION, AS SUCCESSOR-IN-
INTEREST TO EIS AND CALI-BLOK;
12 PAYLESS FLOORS; RAPID AMERICAN
CORPORATION; SB DECKING, INC.;
13 STERLING FLUID SYSTEMS (USA),
LLC; SULZER PUMPS (US) INC.;
14 THOMAS DEE ENGINEERING
COMPANY; TOTAL PETROCHEMICALS
15 USA, INC.; TRANE U.S. INC.; TRIPLE A
MACHINE SHOP, INC.; UNION
16 CARBIDE CORPORATION; VIAD CORP.;
WARREN PUMPS, LLC; WORLD
17 ASPHALT; YARWAY CORPORATION;
YORK INTERNATIONAL
18 CORPORATION; and FIRST DOE through
ONE THOUSANDTH DOE, inclusive,

19                Defendants.

20

21                FIRST CAUSE OF ACTION--NEGLIGENCE

22                        (Personal Injury)

23   PLAINTIFF GORDON ROBARE COMPLAINS OF THE DEFENDANTS, AND EACH

24   OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (Personal Injury)

25   ALLEGES AS FOLLOWS:

26

27

28

2159/complaint.pl

1    1.    The true names and capacities, whether individual, corporate, associate,

2  governmental or otherwise, of Defendants FIRST DOE through ONE THOUSANDTH DOE,

3  inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such

4  fictitious names. When the true names and capacities of said Defendants have been ascertained,

5  Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon

6  alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some

7  other actionable manner, for the events and happenings hereinafter referred to, and caused

8  injuries and damages proximately thereby to Plaintiff, as hereinafter alleged.

9    2.    At all times herein mentioned, each of the Defendants was the agent, servant,

10  employee, successor, and/or joint venturer of his co-Defendants, and each of them, and at all said

11  times, each Defendant was acting in the full course and scope of said agency, service,

12  employment, and/or joint venture. Except as may be specifically noted herein, all allegations of

13  this Complaint are made on information and belief.

14    3.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

15  mentioned, Defendants A.W. CHESTERTON COMPANY; AC AND S, INC.; AIR & LIQUID

16  SYSTEMS CORP.; AMERICAN BILTRITE, INC.; ARMSTRONG INTERNATIONAL, INC.;

17  ASBESTOS CORPORATION, LTD.; AURORA PUMP CO.; BAYER CROPSCIENCE, INC.;

18  CALAVERAS ASBESTOS, LTD.; CAPCO PIPE COMPANY; CARRIER CORPORATION;

19  CBS CORPORATION; CENTURY LUMBER CENTER; CERTAINTEED CORPORATION;

20  CHEVRON CORPORATION; CHEVRON PHILLIPS CHEMICAL COMPANY LP;

21  CHEVRON U.S.A., INC.; CRANE CO.; CROWN, CORK & SEAL COMPANY, INC.; CSR,

22  LTD.; DOMCO PRODUCTS TEXAS, INC.; EMULSIFIED ASPHALT; FMC

23  CORPORATION; FORD MOTOR COMPANY; FRASER'S BOILER SERVICE, INC.; FRYER

24  KNOWLES, INC., A CALIFORNIA CORPORATION; FRYER KNOWLES, INC., A

25  WASHINGTON CORPORATION; GENERAL ELECTRIC COMPANY; GENERAL

26  REFRACTORIES COMPANY; GEORGIA-PACIFIC LLC; GOULDS PUMPS,

27  INCORPORATED; HILL BROTHERS CHEMICAL COMPANY; HONEYWELL

28

2159/complaint.pl

3

Complaint For Damages

1   INTERNATIONAL, INC.; HOPEMAN BROTHERS, INC.; IMO INDUSTRIES INC.;

2   INDUSTRIAL ASPHALT; INGERSOLL-RAND COMPANY; ITT CORPORATION; J T

3   THORPE & SON INC.; KAISER GYPSUM COMPANY, INC.; KENTILE FLOORS, INC.;

4   MANNINGTON MILLS, INC.; METROPOLITAN LIFE INSURANCE COMPANY; OWENS-

5   ILLINOIS CORPORATION; PARKER-HANNIFIN CORPORATION, AS SUCCESSOR-IN-

6   INTEREST TO SACOMO SIERRA; PARKER-HANNIFIN CORPORATION, AS

7   SUCCESSOR-IN-INTEREST TO EIS AND CAL-BLOX; PAYLESS FLOORS; RAPID

8   AMERICAN CORPORATION; SB DECKING, INC.; STERLING FLUID SYSTEMS (USA),

9   LLC; SULZER PUMPS (US) INC.; THOMAS DEE ENGINEERING COMPANY; TRANE

10  U.S. INC.; TRIPLE A MACHINE SHOP, INC.; UNION CARBIDE CORPORATION; VIAD

11  CORP.; WARREN PUMPS, LLC; WORLD ASPHALT; YARWAY CORPORATION; YORK

12  INTERNATIONAL CORPORATION; and FIRST DOE through ONE THOUSANDTH DOE,

13  inclusive, are corporations organized and existing under and by virtue of the laws of the State of

14  California, or the laws of some state or foreign jurisdiction, and that said Defendants were and

15  are authorized to do and are doing business in the State of California, and that said Defendants

16  have regularly conducted business in the County of San Francisco, State of California. The

17  Defendants identified in this paragraph are hereinafter referred to as

18  "MANUFACTURING/DISTRIBUTING DEFENDANTS."

19          4.      Plaintiff is informed and believes, and thereon alleges, that at all times herein

20  mentioned, Defendants FORD MOTOR COMPANY; and FIRST DOE through ONE

21  THOUSANDTH DOE, inclusive, are corporations organized and existing under and by virtue of

22  the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said

23  Defendants were and are authorized to do and are doing business in the State of California, and

24  that said Defendants have regularly conducted business in the County of San Francisco, State of

25  California.  The Defendants identified in this paragraph are hereinafter referred to as "BRAKE

26  DEFENDANTS."

27

28

1    5.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

2    mentioned, Defendants HOLLYFRONTIER CORPORATION; NATIONAL COOPERATIVE

3    REFINERY ASSOCIATION; TOTAL PETROCHEMICALS USA, INC.; and FIRST DOE

4    through ONE THOUSANDTH DOE, inclusive, are corporations organized and existing under

5    and by virtue of the laws of the State of Kansas, and that said Defendants were and are

6    authorized to do and are doing business in the State of California, and that said Defendants have

7    regularly conducted business in the County of San Francisco, State of California. The

8    Defendants identified in this paragraph are hereinafter referred to as "PREMISES

9    DEFENDANTS."

10    6.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

11    mentioned, Defendants AC AND S, INC.; HOPEMAN BROTHERS, INC.; J T THORPE &

12    SON INC.; THOMAS DEE ENGINEERING COMPANY; TRIPLE A MACHINE SHOP, INC.;

13    and FIRST DOE through ONE THOUSANDTH DOE, inclusive, are corporations organized and

14    existing under and by virtue of the laws of the State of California, or the laws of some state or

15    foreign jurisdiction, and that said Defendants were and are authorized to do and are doing

16    business in the State of California, and that said Defendants have regularly conducted business in

17    the County of San Francisco, State of California. The Defendants identified in this paragraph are

18    hereinafter referred to as "CONTRACTOR DEFENDANTS."

19    7.    Plaintiff is informed and believes, and thereon alleges, that Defendant AIR &

20    LIQUID SYSTEMS CORP. is the successor in interest to, or otherwise liable for the acts or

21    omissions of entities including, but not limited to BUFFALO PUMPS, and is therefore sued in

22    its individual capacity, and as agent and successor; Defendant BAYER CROPSCIENCE, INC. is

23    the successor in interest to, or otherwise liable for the acts or omissions of entities including, but

24    not limited to AMCHEM PRODUCTS, INC., and is therefore sued in its individual capacity, and

25    as agent and successor; Defendant CAPCO PIPE COMPANY is the successor in interest to, or

26    otherwise liable for the acts or omissions of entities including, but not limited to CEMENT

27    ASBESTOS PRODUCTS, and is therefore sued in its individual capacity, and as agent and

28

2159/complaint.pl

5

Complaint For Damages

1  successor; Defendant CARRIER CORPORATION is the successor in interest to, or otherwise

2  liable for the acts or omissions of entities including, but not limited to BRYANT HEATING

3  AND COOLING SYSTEMS, and is therefore sued in its individual capacity, and as agent and

4  successor; Defendant CBS CORPORATION is the successor in interest to, or otherwise liable

5  for the acts or omissions of entities including, but not limited to VIACOM INCORPORATED,

6  and/or WESTINGHOUSE ELECTRIC CORPORATION, and is therefore sued in its individual

7  capacity, and as agent and successor; Defendant CRANE CO. is the successor in interest to, or

8  otherwise liable for the acts or omissions of entities including, but not limited to CHAPMAN

9  VALVES, and/or DEMING CORPORATION, and is therefore sued in its individual capacity,

10  and as agent and successor; Defendant CROWN, CORK & SEAL COMPANY, INC. is the

11  successor in interest to, or otherwise liable for the acts or omissions of entities including, but not

12  limited to MUNDET CORK CORPORATION, and/or MUNDET INSULATION, and is

13  therefore sued in its individual capacity, and as agent and successor; Defendant CSR, LTD. is the

14  successor in interest to, or otherwise liable for the acts or omissions of entities including, but not

15  limited to COLONIAL SUGAR REFINERY, and is therefore sued in its individual capacity, and

16  as agent and successor; Defendant DOMCO PRODUCTS TEXAS, INC is the successor in

17  interest to, or otherwise liable for the acts or omissions of entities including, but not limited to

18  AZROCK INDUSTRIES, INC., and is therefore sued in its individual capacity, and as agent and

19  successor; Defendant FMC CORPORATION is the successor in interest to, or otherwise liable

20  for the acts or omissions of entities including, but not limited to CHICAGO PUMPS, CROSBY

21  VALVES, INC., MCNALLY INDUSTRIES, INC., PEERLESS PUMPS, STEARNS

22  ELECTRIC COMPANY, and/or STERLING FLUID SYSTEMS (USA), LLC, and is therefore

23  sued in its individual capacity, and as agent and successor; Defendant GEORGIA-PACIFIC LLC

24  is the successor in interest to, or otherwise liable for the acts or omissions of entities including,

25  but not limited to BESTWALL CORPORATION, and/or GEORGIA-PACIFIC

26  CORPORATION, and is therefore sued in its individual capacity, and as agent and successor;

27  Defendant HONEYWELL INTERNATIONAL, INC. is the successor in interest to, or otherwise

28

1   liable for the acts or omissions of entities including, but not limited to ALLIED SIGNAL, INC.,

2   MORNING PRIDE, and/or THE BENDIX CORPORATION, and is therefore sued in its

3   individual capacity, and as agent and successor; Defendant IMO INDUSTRIES INC. is the

4   successor in interest to, or otherwise liable for the acts or omissions of entities including, but not

5   limited to ADEL FASTENERS DIVISION, ADEL PRECISION PRODUCTS

6   CORPORATION, DELAVAL STEAM TURBINE COMPANY, IMO DELAVAL, INC., and/or

7   WORTHINGTON TURBINE, INC., and is therefore sued in its individual capacity, and as agent

8   and successor; Defendant ITT CORPORATION is the successor in interest to, or otherwise

9   liable for the acts or omissions of entities including, but not limited to BELL & GOSSETT,

10  DOMESTIC PUMP, GRINNELL CORPORATION, ITT INDUSTRIES, INC., MARLOW

11  PUMPS, and/or MCDONNELL & MILLER, and is therefore sued in its individual capacity, and

12  as agent and successor; Defendant PARKER-HANNIFIN CORPORATION is the successor in

13  interest to, or otherwise liable for the acts or omissions of entities including, but not limited to

14  SACOMO MANUFACTURING, and/or SACOMO SIERRA, and is therefore sued in its

15  individual capacity, and as agent and successor; Defendant PARKER-HANNIFIN

16  CORPORATION is the successor in interest to, or otherwise liable for the acts or omissions of

17  entities including, but not limited to EIS and CALI-BLOK, and is therefore sued in its individual

18  capacity, and as agent and successor; Defendant RAPID AMERICAN CORPORATION is the

19  successor in interest to, or otherwise liable for the acts or omissions of entities including, but not

20  limited to CAREY CANADA, PANACON CORP., PHILIP CAREY CORP., and/or PHILIP

21  CAREY MANUFACTURING, and is therefore sued in its individual capacity, and as agent and

22  successor; Defendant SB DECKING, INC. is the successor in interest to, or otherwise liable for

23  the acts or omissions of entities including, but not limited to SELBY, BATTERSBY &

24  COMPANY, and is therefore sued in its individual capacity, and as agent and successor;

25  Defendant SULZER PUMPS (US) INC. is the successor in interest to, or otherwise liable for the

26  acts or omissions of entities including, but not limited to SULZER BINGAM PUMPS, INC., and

27  is therefore sued in its individual capacity, and as agent and successor; Defendant TRANE U.S.

28

Complaint For Damages

1  INC. is the successor in interest to, or otherwise liable for the acts or omissions of entities

2  including, but not limited to AMERICAN STANDARD, INC., THE TRANE COMPANY,

3  WABTEC CORPORATION, and/or WESTINGHOUSE AIR BRAKE TECHNOLOGIES

4  CORPORATION, and is therefore sued in its individual capacity, and as agent and successor;

5  Defendant VIAD CORP. is the successor in interest to, or otherwise liable for the acts or

6  omissions of entities including, but not limited to GRISCOM-RUSSELL COMPANY, and/or

7  THE DIAL CORPORATION, and is therefore sued in its individual capacity, and as agent and

8  successor; Defendant WARREN PUMPS, LLC is the successor in interest to, or otherwise liable

9  for the acts or omissions of entities including, but not limited to WARREN PUMPS, and/or

10  WARREN STEAM PUMP COMPANY, and is therefore sued in its individual capacity, and as

11  agent and successor; Defendant YORK INTERNATIONAL CORPORATION is the successor in

12  interest to, or otherwise liable for the acts or omissions of entities including, but not limited to

13  BORG-WARNER CENTRAL ENVIRONMENTAL SYSTEMS, INC, CENTRAL

14  ENVIRONMENTAL SYSTEMS, INC., and/or YORK INTERNATIONAL, INC., and is

15  therefore sued in its individual capacity, and as agent and successor, and that each of the

16  Defendants is liable for the acts and omissions of its predecessor entities, partners, divisions,

17  related entities, subsidiaries, and co-ventures.

18        8.      For the purposes of the claims alleged herein, the Federal Court lacks subject matter

19  jurisdiction over this Action, as there is no federal question and incomplete diversity of

20  citizenship due to the presence of a California defendant. Removal is improper. Every claim

21  arising under the Constitution, treaties, or law of the United States is expressly disclaimed,

22  including any claim arising from an act or omission by a federal officer or a federal enclave, or

23  of any Officer of the U.S. or any agency or person acting under him occurring under color of

24  such office. No claim of admiralty or maritime law is raised. Plaintiff sues no foreign state or

25  agency. By this allegation, Plaintiff is not disclaiming State law claims arising under State,

26  statutory, decisional or common law, nor is Plaintiff disclaiming claims which stem from

27  exposures on Federal enclaves. Plaintiff is only disclaiming claims which would be directed at

28

1   the Federal government and/or Federal officers. Venue is proper in the County of San Francisco.

2   Plaintiff shall seek sanctions, attorneys' fees, and other appropriate relief in the event any

3   Defendant moves to transfer and/or remove this Action to another court without reasonable

4   period of meet and confer discussion relating to same prior to notice of removal and/or transfer

5   of this Action.

6       9.      Boiler Defendants: Plaintiff was exposed to asbestos from boilers, component parts

7   and associated equipment that contained asbestos-containing refractory materials, insulation,

8   gaskets, and packing manufactured, distributed, altered, modified, specified, endorsed, approved,

9   and/or disturbed by Defendants including, but not limited to CRANE CO.; FRASER'S BOILER

10  SERVICE, INC.; J T THORPE & SON INC.; and TRANE U.S. INC.; and FIRST DOE through

11  ONE THOUSANDTH DOE, inclusive.

12      10.     Construction Defendants: Plaintiff was exposed to asbestos from asbestos-

13  containing materials including, but not limited to drywall, joint compounds, wall and ceiling

14  textures, roofing materials, taping compounds, cements, and flooring materials manufactured,

15  distributed, altered, modified, and/or disturbed by Defendants including, but not limited to

16  AMERICAN BILTRITE, INC.; BAYER CROPSCIENCE, INC.; CAPCO PIPE COMPANY;

17  CENTURY LUMBER CENTER; CERTAINTEED CORPORATION; DOMCO PRODUCTS

18  TEXAS, INC.; FRYER KNOWLES, INC., A CALIFORNIA CORPORATION; FRYER

19  KNOWLES, INC., A WASHINGTON CORPORATION; GEORGIA-PACIFIC LLC; HILL

20  BROTHERS CHEMICAL COMPANY; HOPEMAN BROTHERS, INC.; KAISER GYPSUM

21  COMPANY, INC.; KENTILE FLOORS, INC.; MANNINGTON MILLS, INC.; PAYLESS

22  FLOORS; SB DECKING, INC.; and UNION CARBIDE CORPORATION; and FIRST DOE

23  through ONE THOUSANDTH DOE, inclusive.

24      11.     Contractors Defendants: Plaintiff was exposed to asbestos from asbestos-containing

25  materials manufactured, distributed, altered, modified, and/or disturbed by Defendants including,

26  but not limited to AC AND S, INC.; HOPEMAN BROTHERS, INC.; J T THORPE & SON

27

28

1   INC.; THOMAS DEE ENGINEERING COMPANY; and TRIPLE A MACHINE SHOP, INC.;

2   and FIRST DOE through ONE THOUSANDTH DOE, inclusive.

3        12.    Electrical Products Defendants: Plaintiff was exposed to asbestos from asbestos-

4   containing electrical products, including, but not limited to electrical power management

5   equipment, drive systems operations (switchgear, control panels, network products, arc chutes,

6   arc shields, circuit breakers, circuit boxes), electrical product subcomponents, including, but not

7   limited to motor starters, contactors, relays, push button assemblies, disconnect switches, motor

8   control centers, molded industrial electrical power products, molded and manufactured

9   compounds, phenolic thermoset polymeric resin products, asbestos sheets, rods, tubes, phenolic

10   molding compounds, electrical subcomponents, molded subcomponents, electrical tapes,

11   asbestos-containing conduit, wire and cable manufactured, distributed, altered, modified, and/or

12   disturbed by Defendants including, but not limited to CBS CORPORATION; GENERAL

13   ELECTRIC COMPANY; and UNION CARBIDE CORPORATION; and FIRST DOE through

14   ONE THOUSANDTH DOE, inclusive.

15        13.    Fiber Defendants: Plaintiff was exposed to asbestos fibers mined,

16   supplied, manufactured, distributed, altered, modified, and/or disturbed by Defendants including,

17   but not limited to ASBESTOS CORPORATION, LTD.; CALAVERAS ASBESTOS, LTD.;

18   CSR, LTD.; HILL BROTHERS CHEMICAL COMPANY; PARKER-HANNIFIN

19   CORPORATION, AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA; RAPID

20   AMERICAN CORPORATION; and UNION CARBIDE CORPORATION; and FIRST DOE

21   through ONE THOUSANDTH DOE, inclusive.

22        14.    Friction Defendants: Plaintiff was exposed to asbestos from brakes, clutches, engine

23   gaskets, and transmission materials manufactured, distributed, altered, modified, and/or disturbed

24   by Defendants including, but not limited to FORD MOTOR COMPANY; HONEYWELL

25   INTERNATIONAL, INC.; PARKER-HANNIFIN CORPORATION, AS SUCCESSOR-IN-

26   INTEREST TO EIS AND CAL-BLOK; and FIRST DOE through ONE THOUSANDTH DOE,

27   inclusive.

28

215/0/complaint.pl

10

Complaint For Damages

15.     Gaskets and Packing Defendants: Plaintiff was exposed to asbestos from asbestos-containing materials including, but not limited to gaskets and packing manufactured, distributed, altered, modified, and/or disturbed by Defendants including, but not limited to A.W. CHESTERTON COMPANY; ARMSTRONG INTERNATIONAL, INC.; CARRIER CORPORATION; CRANE CO.; ITT CORPORATION; PARKER-HANNIFIN CORPORATION, AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA; TRANE U.S. INC.; TRIPLE A MACHINE SHOP, INC.; and YARWAY CORPORATION; and FIRST DOE through ONE THOUSANDTH DOE, inclusive.

16.     Insulation Products Defendants: Plaintiff was exposed to asbestos from asbestos-containing thermal insulation materials and lagging adhesives manufactured, distributed, altered, modified, and/or disturbed by Defendants including, but not limited to AC AND S, INC.; BAYER CROPSCIENCE, INC.; CBS CORPORATION; CROWN, CORK & SEAL COMPANY, INC.; GENERAL REFRACTORIES COMPANY; HOPEMAN BROTHERS, INC.; J T THORPE & SON INC.; OWENS-ILLINOIS CORPORATION; PARKER-HANNIFIN CORPORATION, AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA; RAPID AMERICAN CORPORATION; THOMAS DEE ENGINEERING COMPANY; and TRIPLE A MACHINE SHOP, INC.; and FIRST DOE through ONE THOUSANDTH DOE, inclusive.

17.     Mechanical Equipment Defendants: Plaintiff was exposed to asbestos from equipment including, but not limited to machinery, compressors, pumps, valves, motors, turbines, HVAC, engines, steam traps and all associated and component parts, including replacement parts sold, specified, designed, approved, encouraged and/or endorsed by Defendants, that contained asbestos-containing gaskets, packing, and insulation manufactured, distributed, altered, modified, and/or disturbed by Defendants including, but not limited to AIR & LIQUID SYSTEMS CORP.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP CO.; CARRIER CORPORATION; CBS CORPORATION; CRANE CO.; FMC CORPORATION; GENERAL ELECTRIC COMPANY; GOULDS PUMPS,

2159/complaint.pl

11

Complaint For Damages

1   INCORPORATED; IMO INDUSTRIES INC.; INGERSOLL-RAND COMPANY; ITT

2   CORPORATION; SULZER PUMPS (US) INC.; TRANE U.S. INC.; TRIPLE A MACHINE

3   SHOP, INC.; WARREN PUMPS, LLC; YARWAY CORPORATION; and YORK

4   INTERNATIONAL CORPORATION; and FIRST DOE through ONE THOUSANDTH DOE,

5   inclusive.

6       18.    Refractory Products Defendants: Plaintiff was exposed to asbestos from refractory

7   materials manufactured, distributed, altered, modified, and/or disturbed by Defendants including,

8   but not limited to CHEVRON CORPORATION; CHEVRON PHILLIPS CHEMICAL

9   COMPANY LP; CHEVRON U.S.A., INC.; EMULSIFIED ASPHALT; GENERAL

10  REFRACTORIES COMPANY; J T THORPE & SON INC.; INDUSTRIAL ASPHALT;

11  THOMAS DEE ENGINEERING COMPANY; WORLD ASPHALT; and FIRST DOE through

12  ONE THOUSANDTH DOE, inclusive.

13      19.    None of the product descriptions is exclusive. Plaintiff is informed and believes that

14  Defendants were engaged in the putting of products into the stream of commerce, including by

15  sale, distribution, and/or manufacture of multiple product types and Plaintiff alleges exposure to

16  each product type from each Defendant.

17      20.    At all times, the Defendants, and each of them, designed their equipment so as to

18  incorporate the use of asbestos-containing components and materials. Defendants further

19  specified the use of asbestos-containing materials, components and replacements, approved,

20  encouraged and endorsed such materials. Said Defendants were aware that the original asbestos-

21  containing components and materials supplied and/or specified for use with their equipment

22  would degrade. Said equipment was specifically designed so that said components and materials

23  would be inspected, removed and replaced, thus Defendants knew or should have known that

24  such components and/or materials would be replaced and/or disturbed in the ordinary course of

25  maintaining and operating such equipment. Defendants were further aware that such equipment,

26  by its nature and function and design would affect said asbestos-containing components and

27  materials so as to make them brittle, friable, and not reusable. Defendants were further aware

28

1 and/or should have known that said asbestos-containing components and materials would be

2 removed and replaced with the same or similar asbestos-containing components and/or materials

3 which would likewise wear out and become brittle and friable throughout the service life of the

4 equipment. It was known and/or foreseeable that the process of removing old asbestos-

5 containing components and/or materials and replacing them with the new asbestos-containing

6 materials during ordinary maintenance and repair operations would disturb the asbestos

7 materials, releasing harmful amounts of asbestos into the air and that necessary and ordinary

8 activities, such as inspection, repair, and maintenance activities would therefore be unreasonably

9 dangerous.

10      21.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

11 mentioned, the MANUFACTURING/DISTRIBUTING DEFENDANTS, and each of them, were

12 and are engaged in the business of putting items into the stream of commerce, including by

13 manufacturing, fabricating, designing, assembling, distributing, leasing, buying, selling,

14 inspecting, servicing, installing, removing, disturbing, repairing, marketing, warranting, and

15 advertising a certain substance, the generic name of which is asbestos, and other products and

16 components containing said substance.

17      22.     Plaintiff is informed and believes that the PREMISES DEFENDANTS, and each of

18 them, were the owners, lessors, operators, managers, general contractors, subcontractors or

19 otherwise controlled the premises during and/or prior to the time Plaintiff was present. The

20 PREMISES DEFENDANTS, and each of them, were the owners, lessors, operators, managers,

21 general contractors, subcontractors or otherwise controlled the premises and caused certain

22 asbestos-containing products and/or their component parts to be fabricated, constructed,

23 installed, maintained, used, replaced and/or repaired on such respective premises, by their own

24 workers and/or by various contractors, so as to allow and cause release of fibers at the time of

25 fabricating, constructing, installing, maintaining, using, replacing and/or repairing said premises,

26 the release of dangerous quantities of toxic asbestos fibers into the ambient air, thereby creating a

27 hazardous condition upon said premises and as a result of work at said premises. Said

28

1    Defendants had superior knowledge of the hazards and failed to warn and protect and to abide by

2    applicable statutes, regulations, and standards.

3         23.    Plaintiff is informed and believes that the CONTRACTOR DEFENDANTS, and

4    each of them, were the operators, managers, general contractors, subcontractors or otherwise

5    controlled the premises while and/or prior to the times Plaintiff was present. The

6    CONTRACTOR DEFENDANTS, and each of them, were the operators, managers, general

7    contractors, subcontractors or otherwise controlled the premises and caused certain asbestos-

8    containing products and/or their component parts to be fabricated, constructed, installed,

9    maintained, used, replaced, and/or repaired on such respective premises, by their own workers

10   and/or by various contractors, so as to allow and cause at the time of fabricating, constructing,

11   installing, maintaining, using, replacing and/or repairing said premises, the release of dangerous

12   quantities of toxic asbestos fibers into the ambient air thereby creating a hazardous condition

13   upon said premises.

14        24.    Plaintiff is informed and believes that the PREMISES DEFENDANTS, and each of

15   them, knew, or in the exercise of ordinary and reasonable care should have known, that the

16   contractors and/or subcontractors hired and/or retained were not competent, that the premises

17   that were in their control would be used as alleged without knowledge of, or inspection for,

18   defects or dangerous conditions and that the persons working on or using said premises would

19   not be aware of the aforesaid hazardous conditions on the premises to which they were exposed.

20        25.    At said times the CONTRACTOR DEFENDANTS, and each of them, knew, or in

21   the exercise of ordinary and reasonable care should have known, that the contractors and/or

22   subcontractors hired and/or retained were not competent, that the premises that were in their

23   control would be used as alleged without knowledge of, or inspection for, defects or dangerous

24   conditions and that the persons working on or using said premises would not be aware of the

25   aforesaid hazardous conditions on the premises to which they were exposed. Further, said

26   Defendants did not contain the spread of asbestos to the premises but instead allowed it to be

27   released and introduced into the community and in particular, upon the person and clothing of

28

2159/complaint.pi

1   the workers and to be brought home to the family members who were exposed thereto.

2   Defendants, and each of them, knew or should have known that this was a real and/or potential

3   hazard but did nothing about it and provided no protection or warning against same.

4       26.   Plaintiff is informed and believes, and thereon alleges, that at all times herein

5   mentioned, the MANUFACTURING/DISTRIBUTING DEFENDANTS, and each of them,

6   singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or

7   failed to warn, manufactured, designed, developed, distributed, labeled, advertised, marketed,

8   warranted, inspected, repaired, fabricated, modified, serviced, and sold a certain substance, the

9   generic name of which is asbestos, and other products containing said substance, in that said

10   substance was capable of causing and did, in fact, proximately cause personal injuries to users,

11   consumers, workers and others, while being used in a manner reasonably foreseeable, thereby

12   rendering said substances unsafe and dangerous for use by the consumers, users, bystanders,

13   those domestically exposed, or workers exposed thereto.

14       27.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

15   herein, the PREMISES DEFENDANTS, and each of them, negligently failed to maintain,

16   manage, inspect, survey, or control said premises, or to abate or correct, or to warn Plaintiff of

17   the existence of the aforesaid dangerous conditions and hazards on said premises.

18       28.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

19   herein, the PREMISES DEFENDANTS, and each of them, singularly and jointly, negligently

20   and carelessly hired contractors and/or subcontractors, negligently and carelessly supervised or

21   failed to supervise contractors and/or subcontractors, negligently and carelessly researched,

22   tested or failed to test, warned or failed to warn, labeled or failed to label, failed to provide

23   protection for, failed to provide a safe work place, failed to provide adequate safety devices and

24   equipment, failed to provide adequate signs, used asbestos-containing components in the

25   construction, renovation, and/or maintenance of machinery, equipment and structures, and/or the

26   manufacturing of asbestos-containing products, and failed to provide sufficient protection to

27   Plaintiff from hazards of asbestos, the dangers of which Defendants, and each of them, were

28

1  aware. These asbestos-containing products and/or their component parts to be fabricated,

2  constructed, installed, maintained, used, replaced and/or repaired on each of the aforesaid

3  premises, by their own workers and/or various contractors, caused personal injuries to users,

4  consumers, workers, and others later exposed while being used and/or removed and/or handled

5  in a manner reasonably foreseeable, thereby rendering these premises unsafe and dangerous to

6  consumers, users, bystanders, or workers exposed thereto.

7          29.     Plaintiff is informed and believes that the CONTRACTOR DEFENDANTS, and

8  each of them, negligently failed to maintain, manage, inspect, survey, or control said premises, or

9  to abate or correct, or to warn Plaintiff and others of the existence of the aforesaid dangerous

10  conditions and hazards on said premises.

11          30.     Further, at all times herein mentioned, the CONTRACTOR DEFENDANTS, and

12  each of them, singularly and jointly, negligently and carelessly hired other contractors or

13  subcontractors, negligently created and/or approved building specifications, negligently and

14  carelessly supervised or failed to supervise other contractors and subcontractors, negligently and

15  carelessly researched, tested or failed to test, warned or failed to warn, labeled or failed to label,

16  failed to provide protection for, failed to provide a safe work place, failed to provide adequate

17  safety devices and equipment, failed to provide adequate signs, used asbestos-containing

18  components in the construction, renovation, and/or maintenance of machinery, equipment and

19  structures, and/or the manufacturing of asbestos-containing products, and failed to provide

20  sufficient protection to Plaintiff from hazards of asbestos, the danger of which Defendants, and

21  each of them, were aware.  These asbestos-containing products and/or their component parts to

22  be fabricated, constructed, installed, maintained, used, replaced and/or repaired on each of the

23  aforesaid premises, by their own workers and/or various contractors, caused personal injuries to

24  users, consumers, workers, and others while being used and/or removed and/or handled in a

25  manner reasonably foreseeable, thereby rendering these premises unsafe and dangerous to

26  consumers, users, bystanders, or workers exposed thereto.

27

28

1    31.    Plaintiff herein is a person who for a substantial length of time used, handled, or

2    was otherwise exposed to asbestos and asbestos products referred to herein, in a manner that was

3    reasonably foreseeable.

4    32.    As a direct and proximate result of the conduct of the Defendants, and each of them,

5    as aforesaid, the exposure to asbestos caused severe and permanent injury to Plaintiff, due to

6    asbestos-related disease.

7    33.    Plaintiff is informed and believes, and thereon alleges, that mesothelioma is

8    invariably a fatal disease caused by inhalation of asbestos fibers without perceptible trauma and

9    that said disease results from exposure to asbestos and asbestos products over a period of time.

10    34.    Plaintiff is informed and believes that Plaintiff suffers from asbestos-related

11    disease, related to the exposure to asbestos. Plaintiff was not aware that exposure to asbestos

12    presented any risk of injury and/or disease to Plaintiff, and had not been advised or informed by

13    anyone that Plaintiff could contract, indeed did contract any disease, sickness, or injury as a

14    result of working in the vicinity of asbestos.

15    35.    Plaintiff is informed and believes that as a direct and proximate result of the

16    aforesaid conduct of Defendants, and each of them, Plaintiff is dying and has suffered, and

17    continues to suffer permanent injuries to Plaintiff's person, body and health, from asbestos-

18    related disease, all to Plaintiff's general damages in a sum invoking the unlimited jurisdiction of

19    the Court.

20    36.    Plaintiff is informed and believes that as a direct result and proximate result of the

21    aforesaid conduct of Defendants, and each of them, Plaintiff has incurred, is presently incurring

22    and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine,

23    hospitals, x-rays and other medical treatment, the true and exact amount thereof being unknown

24    to Plaintiff at this time, and Plaintiff prays leave to amend this Complaint accordingly when the

25    true and exact cost thereof is ascertained.

26

27

28

37.    Plaintiff GORDON ROBARE has lost prejudgment interest pursuant to Civil Code Section 3288, the exact amount of which Plaintiff prays leave to insert herein when finally ascertained.

38.    Plaintiff is informed and believes that as a further direct and proximate result of the said conduct of Defendants, and each of them, Plaintiff has incurred, and will incur loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiff, and leave is requested to amend this Complaint to conform to proof at the time of trial.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as is hereinafter set forth.

SECOND CAUSE OF ACTION--STRICT LIABILITY

AS FOR A SEPARATE, FURTHER, AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFF COMPLAINS OF THE DEFENDANTS, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

39.    Plaintiff incorporates by reference, as though fully set forth herein, all previous paragraphs of this Complaint.

40.    The MANUFACTURING/DISTRIBUTING DEFENDANTS, and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, offered for sale and sold a certain substance, the generic name of which is asbestos and other products containing said substance, which substance and product is defective, in that same was capable of causing and did, in fact, cause asbestos-related disease to the users and consumers thereof while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders, and workers exposed thereto; said Defendants, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

1    41.    Plaintiff is informed and believes that as a direct and proximate result thereof,

2   Plaintiff has suffered the injuries and damages previously alleged.

3         WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as is

4   hereinafter set forth.

5         THIRD CAUSE OF ACTION--PRODUCTS LIABILITY (NEGLIGENCE AND STRICT

6   LIABILITY) FOR CLUTCH COMPONENTS AND BRAKE ASSEMBLIES, MECHANISMS,

7                                    AND LININGS

8         AS FOR A SEPARATE, FURTHER, AND DISTINCT CAUSE OF ACTION FOR

9   PRODUCTS LIABILITY (NEGLIGENCE AND STRICT LIABILITY) FOR CLUTCH

10  COMPONENTS AND BRAKE ASSEMBLIES, MECHANISMS AND LININGS, PLAINTIFF

11  COMPLAINS OF THE BRAKE DEFENDANTS, AND EACH OF THEM, AND ALLEGES

12  AS FOLLOWS:

13        42.    Plaintiff incorporates by reference, as though fully set forth herein, all previous

14  paragraphs of this Complaint.

15        43.    The BRAKE DEFENDANTS, and each of them, manufactured or supplied

16  defective clutch components and brake assemblies or mechanisms which were incorporated into

17  various makes and models of automobiles, trucks and vehicles manufactured, sold, or supplied

18  by said Defendants. Said clutch components and brake assemblies or mechanisms were

19  negligently manufactured, sold or supplied in that:

20        a)   The design of said clutch components and brake assemblies or mechanisms

21  incorporated the use of asbestos-containing clutch facings/plates and brake linings;

22        b)   Asbestos clutch components and brake linings wear and/or deteriorate during

23  regular and ordinary use thus creating friable asbestos dust, which accumulates in the clutch

24  brake assemblies and/or mechanisms;

25        c)   The design of said clutch components and brake assemblies require as a part of

26  their normal operation, use and maintenance that the asbestos clutch components and brake

27  linings be removed and replaced;

28

1 d) Said Defendants required the use of asbestos-containing clutch components and

2 brake linings throughout the time period 1940–1985;

3 e) During the removal and replacement of asbestos-containing clutch components

4 and brake linings, asbestos-containing dust was inherently generated because of the design of the

5 clutch components and brake assemblies and/or mechanisms;

6 f) Defendants knew or should have known that the asbestos-containing dust would

7 be generated during the regular use and maintenance of the clutch components and brake

8 assemblies, mechanisms and linings, and that such dust created an increased risk of asbestos-

9 related disease for all users, consumers, or others who breathed said asbestos-containing dust;

10 g) The Defendants, and each of them, failed to warn and/or properly instruct users,

11 consumers, or others of the asbestos-containing dust hazard which existed at the time of regular

12 maintenance or replacement of asbestos clutch components and brake linings. Such failure

13 includes, but is not limited to:

14 a. Failure to place prominent and adequate warnings or instructions in and on

15 the clutch components and brake pads and wheel drums;

16 b. Failure to place adequate warnings or instructions in the owners' manuals

17 accompanying said automobiles, trucks, and vehicles; and

18 c. Failure to place adequate warnings or instructions on various repair manuals

19 and instructions published by Defendants; and

20 d. Failure to provide adequate information regarding the asbestos hazards

21 associated with the regular use and maintenance of the clutch components and brake

22 mechanisms, assemblies and/or linings.

23 44. The clutch components and brake assemblies, mechanisms, and/or linings

24 manufactured, sold or supplied by Defendants failed to perform as safely as the ordinary

25 consumer would expect, even though they performed as designed.

26

27

28

2159/complaint.pl

20

Complaint For Damages

1   45.   Defendants' use and design of asbestos-containing clutch components and brake

2   linings, both as original equipment and as replacement parts, created unreasonable inherent risks

3   which outweighed the benefits of said use and/or design.

4   46.   The dangers inherent in asbestos-containing clutch components and brake linings

5   were unknown and unforeseeable to Plaintiff.

6   47.   Plaintiff's exposure to asbestos-containing dust, which caused Plaintiff's injury, was

7   from Plaintiff's use and maintenance of Defendants' clutch components and brake mechanisms,

8   assemblies and/or linings. Said work produced the release of asbestos dust, which Plaintiff

9   inhaled, thus increasing Plaintiff's risk for all asbestos-related disease.

10   48.   Defendants' negligence and defective products as described in this Cause of Action

11   were a direct cause of Plaintiff's injuries, and the injuries and damages thereby sustained by

12   Plaintiff.

13   —   WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as is

14   hereinafter set forth.

15   FOURTH CAUSE OF ACTION--LOSS OF CONSORTIUM

16   AS FOR A SEPARATE, FURTHER, AND DISTINCT CAUSE OF ACTION FOR LOSS

17   OF CONSORTIUM, PLAINTIFF JOAN ROBARE COMPLAINS OF THE DEFENDANTS,

18   AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

19   49.   Plaintiff JOAN ROBARE incorporates by reference, as though fully set forth

20   herein, all paragraphs of this Complaint.

21   50.   Plaintiff JOAN ROBARE is now, and at all times herein mentioned was, the

22   lawfully wedded spouse of GORDON ROBARE.

23   51.   Plaintiff is informed and believes that as a direct and proximate result of the acts of

24   Defendants, and each of them, as set forth and incorporated herein by reference, and the severe

25   injuries caused thereby to GORDON ROBARE, as alleged in this Complaint, Plaintiff JOAN

26   ROBARE has suffered, and for a long period of time will continue to suffer loss of consortium,

27   including but not by way of limitation, loss of services, marital relations, society, comfort,

28

1   companionship, love and affection of Plaintiff's said Spouse, and has suffered severe mental and

2   emotional distress and general nervousness as a result thereof.

3       44.   Plaintiff JOAN ROBARE, as a result of the foregoing described injuries to

4   Plaintiff's said Spouse, has been generally damaged in a sum invoking the unlimited jurisdiction

5   of the Court.

6       WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as is

7   hereinafter set forth.

8                                    DAMAGES

9       52.   Plaintiff incorporates by reference, as though fully set forth herein, all previous

10   paragraphs of this Complaint.

11       53.   In researching, testing, manufacturing, distributing, labeling, and marketing such

12   devices, items, asbestos and asbestos products, Plaintiff is informed and believes that Defendants

13   in this Cause of Action named, and each of them, did so with conscious disregard for the safety

14   of the users of said devices, items, asbestos and asbestos products, in that Defendants had

15   specific prior knowledge that there was a high risk of injury or death resulting from exposure to

16   asbestos or asbestos products, including but not limited to, asbestos-related disease. Said

17   knowledge was obtained, in part, from scientific studies, government data, and medical data to

18   which Defendants had access, as well as scientific studies performed by, at the request of, or

19   with the assistance of, said Defendants, and which knowledge was obtained by said Defendants

20   on or before 1933, and thereafter.

21       54.   On or before 1933, and thereafter, said Defendants were aware that users of

22   asbestos and asbestos products, as well as members of the general public who would be exposed

23   to asbestos and asbestos products, had no knowledge or information indicating that asbestos

24   could cause injury, and said Defendants knew that the users of asbestos and asbestos products, as

25   well as members of the general public who were exposed to asbestos and asbestos products,

26   would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe,

27   when in fact said exposure was extremely hazardous to human life.

28

2159/complaint.pi

22
Complaint For Damages

55.   With said knowledge, said Defendants opted to manufacture, distribute and/or use said devices, asbestos and asbestos products without attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products. Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, Defendants intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

56.   The above-referenced conduct of said Defendants was motivated by the financial interest of said Defendants in the continuing, uninterrupted distribution and marketing of asbestos and asbestos products. In pursuance of said financial motivation, said Defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos products to cause injury to workers and users thereof, and personally exposed thereto, including Plaintiff.

57.   As the above-referenced conduct of said Defendants was and is willful, malicious, outrageous, and in conscious disregard and indifferent to the safety and health of workers exposed to asbestos and asbestos products, including Plaintiff, for the sake of example, and by way of punishing said Defendants, Plaintiff seeks punitive damages according to proof.

WHEREFORE, Plaintiffs GORDON ROBARE and JOAN ROBARE pray judgment against Defendants, and each of them, as follows:

1.   For Plaintiffs' general damages according to proof;

2.   For Plaintiffs' special damages according to proof;

3.   For Plaintiff GORDON ROBARE's loss of income, wages, and earning potential according to proof;

4.   For Plaintiff GORDON ROBARE's medical and related expenses according to proof;

5.    For Plaintiffs' prejudgment interest according to proof, pursuant to Civil Code section

3288;

6.    For Plaintiffs' costs of suit herein;

7.    For exemplary or punitive damages according to proof; and

8.    For such other and further relief this Court deems just and proper.

Dated: January 19, 2012

HAROWITZ & TIGERMAN, LLP

STEVEN M. HAROWITZ
Attorney for Plaintiffs

2159/complaint.pi

24

Complaint For Damages

# Alternative Dispute Resolution (ADR)
## Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 3.221(c))



### Superior Court of California
### County of San Francisco

ADR-1  12/10 (rw)

Page 1

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call the BASF at 415-982-1600.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court's Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

*Cost*

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

Or, visit the Superior Court Website at **www.sfsuperiorcourt.org**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

Plaintiff

v.

Defendant

Case No. _____

STIPULATION TO ALTERNATIVE
DISPUTE RESOLUTION

DEPARTMENT  610

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

□  Private Mediation                    □   Mediation Services of BASF   □   Judicial Mediation
□  Binding arbitration                                                       Judge _____
□  Non-binding judicial arbitration                                          Judge _____
□  BASF Early Settlement Program
□  Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

Name of Party Stipulating

□ Plaintiff   □ Defendant   □ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Dated: _____

_____

Name of Party Stipulating

□ Plaintiff   □ Defendant   □ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Dated: _____

_____

Name of Party Stipulating

□ Plaintiff   □ Defendant   □ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Dated: _____

□  *Additional signature(s) attached*

STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

FOR COURT USE ONLY

TELEPHONE NO.:                     FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:              Dept.:           Div.:           Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint      ☐ cross-complaint      (Describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in or have already completed an ADR process or processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CASE MANAGEMENT STATEMENT

CM-110

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

# Superior Court of California
## County of San Francisco



**HON. KATHERINE FEINSTEIN**
PRESIDING JUDGE

# Judicial Mediation Program

**JENIFFER B. ALCANTARA**
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Linda Colfax
The Honorable Michael Begert
The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Patrick J. Mahoney

The Honorable James J. McBride
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss
The Honorable Charlotte W. Woolard

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 610. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

**Note:** Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.



Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

07/2011 (rev)

CIV-050

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):

Steven M. Harowitz, SBN 71117
HAROWITZ & TIGERMAN, LLP
450 Sansome Street, 3rd Floor
San Francisco, CA 94111

ATTORNEY FOR (name): Plaintiffs

TELEPHONE NO.: (415) 788-1588g

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco

STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Jurisdiction

PLAINTIFF: GORDON ROBARE and JOAN ROBARE

DEFENDANT: AC AND S, INC., et al.

CASE NUMBER:
CGC-12-275972

- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -
- DO NOT FILE WITH THE COURT -

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

To (name of one defendant): CRANE CO.
Plaintiff (name of one plaintiff only): GORDON ROBARE
seeks damages in the above-entitled action, as follows:

|   | | AMOUNT |
|---|---|---|
| 1. | **General damages** | |
| a. | ☒ Pain, suffering, and inconvenience | $ 10,000,000 |
| b. | ☒ Emotional distress | $ 5,000,000 |
| c. | ☒ Loss of consortium | $ 5,000,000 |
| d. | ☐ Loss of society and companionship (wrongful death actions only) | $ |
| e. | ☐ Other (specify) | $ |
| f. | ☐ Other (specify) | $ |
| g. | ☐ Continued on Attachment 1.g. | $ |
| 2. | **Special damages** | |
| a. | ☒ Medical expenses (to date) | $ 250,000 |
| b. | ☒ Future medical expenses (present value) | $ 250,000 |
| c. | ☒ Loss of earnings (to date) | $ 1,000,000 |
| d. | ☒ Loss of future earning capacity (present value) | $ 5,000,000 |
| e. | ☐ Property damage | $ |
| f. | ☐ Funeral expenses (wrongful death actions only) | $ |
| g. | ☐ Future contributions (present value) (wrongful death actions only) | $ |
| h. | ☐ Value of personal service, advice, or training (wrongful death actions only) | $ |
| i. | ☒ Other (specify) HOUSEHOLD SERVICES | $ 500,000 |
| j. | ☐ Other (specify) | $ |
| k. | ☐ Continued on Attachment 2.k. | |

3. ☒ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify): $ 10,000,000
   when pursuing a judgment in the suit filed against you.

Date: January 26, 2012

Steven M. Harowitz, SBN 71117
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

Legal
Solutions
Plus

Page 1 of 2

Code of Civil Procedure, §§ 425.11, 425.115