ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:12-cv-01313-MEJ

Hazelwood et al v. A.W.Chesterton Company et al          Date Filed: 03/16/2012
Assigned to: Magistrate Judge Maria-Elena James          Jury Demand: None
Case in other court: Alameda County Superior Court, RG    Nature of Suit: 368 P.I. : Asbestos
                     11-585967                            Jurisdiction: Federal Question
Cause: 28:1331 Fed. Question: Personal Injury

**Plaintiff**

**Moyer Hazelwood**                          represented by    **Sean P. Worsey**
                                                               Levin Simes Kaiser & Gornick, LLP
                                                               44 Montgomery Street
                                                               36th Floor
                                                               San Francisco, CA 94104
                                                               415-646-7160
                                                               Fax: 415-981-1270
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **William A. Levin**
                                                               Levin Simes Kaiser & Gornick, LLP
                                                               44 Montgomery Street
                                                               36th Floor
                                                               San Francisco, CA 94104
                                                               415-646-7160
                                                               Fax: 415-981-1270
                                                               Email: wlevin@levinsimes.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sue Hazelwood**                            represented by    **Sean P. Worsey**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **William A. Levin**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**A.W.Chesterton Company**

**Defendant**

| | |
|---|---|
| **Pneumo Abex LLC** | represented by **Thomas J. Moses** |
| *successor in interest to Abex* | Brydon Hugo & Parker |
| *Corporation* | 135 Main Street, 20th Floor |
| | San Francisco, CA 94105 |
| | (415) 808-0300 |
| | Fax: (415) 808-0333 |
| | Email: tmoses@bhplaw.com |
| | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/16/2012 | 1 | NOTICE OF REMOVAL /no process from Alameda County Superior Court. Their case number is RG 11-585967. (Filing fee $350 receipt number 34611071845). Filed byPneumo Abex LLC. (ga, COURT STAFF) (Filed on 3/16/2012) (Entered: 03/20/2012) |
| 03/16/2012 | 2 | Disclosure Statement by Pneumo Abex LLC. (ga, COURT STAFF) (Filed on 3/16/2012) (Entered: 03/20/2012) |
| 03/16/2012 | 3 | NOTICE OF TAG-ALONG ACTION by Pneumo Abex LLC (ga, COURT STAFF) (Filed on 3/16/2012) (Entered: 03/20/2012) |
| 03/16/2012 | 4 | ADR SCHEDULING ORDER: Case Management Statement due by 6/21/2012. Case Management Conference set for 6/28/2012 10:00 AM in Courtroom B, 15th Floor, San Francisco.. Signed by Judge Maria-Elena James on 3/16/12. (Attachments: # 1 Standing Order)(ga, COURT STAFF) (Filed on 3/16/2012) (Entered: 03/20/2012) |
| 03/20/2012 | 5 | CONSENT to Proceed Before a US Magistrate Judge by Moyer Hazelwood, Sue Hazelwood .. (Levin, William) (Filed on 3/20/2012) (Entered: 03/20/2012) |
| 03/20/2012 | 6 | Letter from Plaintiffs' Counsel to Judge James . (Levin, William) (Filed on 3/20/2012) (Entered: 03/20/2012) |
| 03/21/2012 | 7 | Declination to Proceed Before a U.S. Magistrate Judge by Pneumo Abex LLC . (Attachments: # 1 Affidavit Certificate of Service)(Moses, Thomas) (Filed on 3/21/2012) (Entered: 03/21/2012) |
| 03/21/2012 | 8 | CERTIFICATE OF SERVICE by Pneumo Abex LLC re 1 Notice of Removal, 3 Notice (Other), 2 Statement *of Service of Removal Documents* (Moses, Thomas) (Filed on 3/21/2012) (Entered: 03/21/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/21/2012 08:17:28 | | |
| **PACER Login:** | bh1524 | **Client Code:** | 4000-0577 |

| Description: | Docket Report | Search Criteria: | 3:12-cv-01313-MEJ |
|---|---|---|---|
| Billable Pages: | 2 | Cost: | 0.16 |

*26.MM 33776*



**CORPORATION SERVICE COMPANY**

**LDD / ALL**
**Transmittal Number: 8944879**
**Date Processed: 07/25/2011**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Keith Odenweller<br>Integra Management Company, LLC<br>600 Travis<br>Suite 5600<br>Houston, TX 77002 |
| **Copy of transmittal only provided to:** | Charlene Cox<br>Kathleen Novacinski |

| | |
|---|---|
| **Entity:** | Pneumo Abex LLC<br>Entity ID Number 2309785 |
| **Entity Served:** | Pneumo-Abex LLC |
| **Title of Action:** | Moyer Hazelwood vs. A.W. Chesterton Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Asbestos |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG11585967 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 07/25/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Sean P. Worsey<br>415-646-7160 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** A.W. CHESTERTON COMPANY
**(AVISO AL DEMANDADO):** [See Attachment to Summons]

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**ENDORSED
FILED
ALAMEDA COUNTY**

**JUL 1 8 2011**

CLERK OF THE SUPERIOR COURT
By Angela Yamsuan

**YOU ARE BEING SUED BY PLAINTIFF:** MOYER HAZELWOOD AND
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** SUE HAZELWOOD

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
(El nombre y dirección de la corte es):
ALAMEDA COUNTY SUPERIOR COURT
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
(Número del Caso): **1 5 8 5 9 6 7**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Dean P. Worsey, Esq. (SBN 215807)     (415) 646-7160     (415) 981-1270
LEVIN SIMES KAISER & GORNICK LLP
44 Montgomery Street, 36th Floor

DATE: JUL 1 8 2011      **PAT S. SWEETEN**      Clerk, by **Angela Yamsuan**      , Deputy
(Fecha)                 (Secretario)          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
   PNEUMO-ABEX LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ABEX CORPORATION
3. ☒ on behalf of (specify):

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal Solutions® Plus

Code of Civil Procedure §§ 412.20, 465

SUM-200(A)

| SHORT TITLE: Moyer Hazelwood and Sue Hazelwood v. A.W. Chesterton Company, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

A. W. CHESTERTON COMPANY;
ALLIED PACKING & SUPPLY, INC.;
ARMSTRONG INTERNATIONAL, INC.;
BORG-WARNER CORPORATION BY ITS SUCCESSOR-IN-INTEREST, BORG-WARNER MORSE TEC INC.;
BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, F/K/A BRIDGESTONE FIRESTONE NORTH AMERICA TIRE, LLC, AS SUCCESSOR IN INTEREST TO FIRESTONE TIRE & RUBBER COMPANY;
CBS CORPORATION, A DELAWARE CORPORATION, FKA VIACOM, INC. SUCCESSOR-BY-MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, FKA WESTINGHOUSE ELECTRIC CORPORATION;
CALAVERAS ASBESTOS, LTD;
CARLISLE CORPORATION;
CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CHAPMAN VALVE CO.;
CROWN, CORK & SEAL, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK;
CUMMINS, INC., F/K/A CUMMINS ENGINE COMPANY, INC.;
DETROIT DIESEL CORPORATION; EATON CORPORATION; FREUDENBERT-NOK AS SUCCESSOR-IN-INTEREST TO DETROIT GASKETS;
GENERAL ELECTRIC COMPANY;
GENUINE PARTS COMPANY;
GEORGIA-PACIFIC CORPORATION;
GOULDS PUMPS, INCORPORATED;
HONEYWELL INTERNATIONAL, INC. FKA ALLIED SIGNAL INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION;
IMO INDUSTRIES, INC. FKA DELAVAL TURBINE, INC. and DELAVAL STEAM TURBINE COMPANY;
INDIAN HEAD INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO DETROIT GASKET & MANUFACTURING COMPANY;
INGERSOLL-RAND COMPANY;
KELSEY HAYES COMPANY;
LEAR-SIEGLER DIVERSIFIED HOLDINGS CORPORATION;
MCCORD CORPORATION F/K/A MCCORD GASKET CORPORATION; MERITOR, INC., F/K/A ARVINMERITOR, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO ROCKWELL INTERNATIONAL CORPORATION;
MORTON INTERNATIONAL, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THIOKOL CORPORATION;
MOTION CONTROL INDUSTRIES, INC.;
PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY;
PNEUMO-ABEX LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ABEX CORPORATION;
ROCKWELL AUTOMATION, INC.;
SCAN-PAC MFG., INC.;
SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY; THE GOODYEAR TIRE & RUBBER COMPANY;
THOMAS DEE ENGINEERING COMPANY, INC.;

Page 1 of 2
Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
Plus

SUM-200(A)

| SHORT TITLE: Moyer Hazelwood and Sue Hazelwood v. A.W. Chesterton Company, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box.  Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

THYSSENKRUPP BUDD COMPANY, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BUDD COMPANY;
TWIN DISC, INCORPORATED;
UNION CARBIDE CORPORATION;
VELLUMOID, INC.;
YARWAY CORPORATION;
and the FIRST DOE through THREE HUNDREDTH DOE, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

Legal
Solutions
& Plus

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Sean P. Worsey, Esq. (SBN 215807)<br>LEVIN SIMES KAISER & GORNICK LLP<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: **(415) 646-7160**    FAX NO.: **(415) 981-1270**
ATTORNEY FOR (Name):  Plaintiffs Moyer Hazelwood and Sue Hazelwood

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
  STREET ADDRESS: **1225 Fallon Street**
  MAILING ADDRESS:
  CITY AND ZIP CODE: **Oakland, CA 94612**
  BRANCH NAME: **RENE C. DAVIDSON COURTHOUSE**

**ENDORSED
FILED
ALAMEDA COUNTY**

**JUL 1 8 2011**

**CLERK OF THE SUPERIOR COURT**
By Angela Yamsuan

CASE NAME:   Moyer Hazelwood and Sue Hazelwood v. A.W. Chesterton
Company, et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: **RG11585967**<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| [x] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is · [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action (specify):  Three (3)

5. This case [ ] is  [x] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date:  July 18, 2011

Sean P. Worsey, Esq. (SBN 215807)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

| Short Title: Moyer Hazelwood and Sue Hazelwood v. A.W. Chesterton Company, et al. | Case Number: |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| [ X ] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice (448) |
|---|---|

| | | | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | | 34 | Auto tort (G)<br>Is this an uninsured motorist case ?  [ ] yes   [ ] no |
| Other PI /PD /<br>WD Tort | Asbestos (04)<br>Product liability (24)<br>Medical malpractice (45)<br>Other PI/PD/WD tort (23) | [x] | 75<br>89<br>97<br>33 | Asbestos (D)<br>Product liability (not asbestos or toxic tort/environmental) (G)<br>Medical malpractice (G)<br>Other PI/PD/WD tort (G) |
| Non - PI /PD /<br>WD Tort | Bus tort / unfair bus. practice (07)<br>Civil rights (08)<br>Defamation (13)<br>Fraud (16)<br>Intellectual property (19)<br>Professional negligence (25)<br>Other non-PI/PD/WD tort (35) | | 79<br>80<br>84<br>24<br>87<br>59<br>03 | Bus tort / unfair bus. practice (G)<br>Civil rights (G)<br>Defamation (G)<br>Fraud (G)<br>Intellectual property (G)<br>Professional negligence - non-medical (G)<br>Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36)<br>Other employment (15) | | 38<br>85<br>53<br>54 | Wrongful termination (G)<br>Other employment (G)<br>Labor comm award confirmation<br>Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06)<br>Collections (09)<br>Insurance coverage (18)<br>Other contract (37) | | 04<br>81<br>86<br>98 | Breach contract / Wrnty (G)<br>Collections (G)<br>Ins. coverage - non-complex (G)<br>Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14)<br>Wrongful eviction (33)<br>Other real property (26) | | 18<br>17<br>36 | Eminent domain / Inv Cdm (G)<br>Wrongful eviction (G)<br>Other real property (G) |
| Unlawful Detainer | Commercial (31)<br>Residential (32)<br>Drugs (38) | | 94<br>47<br>21 | Unlawful Detainer - commercial   Is the deft. in possession<br>Unlawful Detainer - residential   of the property?<br>Unlawful detainer - drugs        [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05)<br>Petition re: arbitration award (11)<br>Writ of Mandate (02)<br><br>Other judicial review (39) | | 41<br>62<br>49<br><br>64 | Asset forfeiture<br>Pet. re: arbitration award<br>Writ of mandate<br>Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes  [ ] No<br>Other judicial review |
| Provisionally<br>Complex | Antitrust / Trade regulation (03)<br>Construction defect (10)<br>Claims involving mass tort (40)<br>Securities litigation (28)<br>Toxic tort / Environmental (30)<br>Ins covrg from cmplx case type (41) | | 77<br>82<br>78<br>91<br>93<br>95 | Antitrust / Trade regulation<br>Construction defect<br>Claims involving mass tort<br>Securities litigation<br>Toxic tort / Environmental<br>Ins covrg from complex case type |
| Enforcement of<br>Judgment | Enforcement of judgment (20) | | 19<br>08 | Enforcement of judgment<br>Confession of judgment |
| Misc. Complaint | RICO (27)<br>Partnership / Corp. governance (21)<br>Other complaint (42) | | 90<br>88<br>68 | RICO (G)<br>Partnership / Corp. governance (G)<br>All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | | 06<br>69 | Change of name<br>Other petition |

202-19 (5/1/00)                                                                                 AL20219

WILLIAM A. LEVIN, ESQ. (SBN 98592)
SEAN P. WORSEY, ESQ. (SBN 215807)
LEVIN SIMES KAISER & GORNICK, LLP
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone    (415) 646-7160
Facsimile    (415) 981-1270
wlevin@lskg-law.com
sworsey@lskg-law.com

Attorneys for Plaintiffs
MOYER HAZELWOOD AND SUE HAZELWOOD

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 8 2011

CLERK OF THE SUPERIOR COURT
By Angela Yamsuan

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

(UNLIMITED JURISDICTION)

MOYER HAZELWOOD AND SUE HAZELWOOD,

Plaintiffs,

vs.

A. W. CHESTERTON COMPANY;
ALLIED PACKING & SUPPLY, INC.;
ARMSTRONG INTERNATIONAL, INC.;
BORG-WARNER CORPORATION BY ITS SUCCESSOR-
IN-INTEREST, BORG-WARNER MORSE TEC INC.;
BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,
F/K/A BRIDGESTONE FIRESTONE NORTH AMERICA
TIRE, LLC, AS SUCCESSOR IN INTEREST TO
FIRESTONE TIRE & RUBBER COMPANY;
CBS CORPORATION, A DELAWARE CORPORATION,
FKA VIACOM, INC. SUCCESSOR-BY-MERGER TO CBS
CORPORATION, A PENNSYLVANIA CORPORATION,
FKA WESTINGHOUSE ELECTRIC CORPORATION;
CALAVERAS ASBESTOS, LTD;
CARLISLE CORPORATION;
CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO CHAPMAN VALVE CO.;
CROWN, CORK & SEAL, INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO MUNDET CORK;
CUMMINS, INC., F/K/A CUMMINS ENGINE COMPANY,
INC.;
DETROIT DIESEL CORPORATION; EATON
CORPORATION; FREUDENERT-NOK AS SUCCESSOR-
IN-INTEREST TO DETROIT GASKETS;
GENERAL ELECTRIC COMPANY;
GENUINE PARTS COMPANY;
GEORGIA-PACIFIC CORPORATION;
GOULDS PUMPS, INCORPORATED;
HONEYWELL INTERNATIONAL, INC. FKA ALLIED

Case No. RG11585967

COMPLAINT FOR
DAMAGES

1.   NEGLIGENCE;
2.   STRICT
     LIABILITY;
3.   LOSS OF
     CONSORTIUM,

And Request for
PUNITIVE DAMAGES,

(Asbestos)

702886_1.DOCX                   - 1 -     COMPLAINT FOR DAMAGES

1 | SIGNAL INC., INDIVIDUALLY AND AS SUCCESSOR-
IN-INTEREST TO THE BENDIX CORPORATION;
2 | IMO INDUSTRIES, INC. FKA DELAVAL TURBINE, INC.
and DELAVAL STEAM TURBINE COMPANY;
3 | INDIAN HEAD INDUSTRIES, INC., INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST TO DETROIT
4 | GASKET & MANUFACTURING COMPANY;
INGERSOLL-RAND COMPANY;
5 | KELSEY HAYES COMPANY;
LEAR-SIEGLER DIVERSIFIED HOLDINGS
6 | CORPORATION;
MCCORD CORPORATION F/K/A MCCORD GASKET
7 | CORPORATION; MERITOR, INC., F/K/A
ARVINMERITOR, INDIVIDUALLY AND AS
8 | SUCCESSOR IN INTEREST TO ROCKWELL
INTERNATIONAL CORPORATION;
9 | MORTON INTERNATIONAL, INC., INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST TO THIOKOL
10 | CORPORATION;
MOTION CONTROL INDUSTRIES, INC.;
11 | PARKER-HANNIFIN CORPORATION, INDIVIDUALLY
AND AS SUCCESSOR-IN-INTEREST TO SACOMO
12 | SIERRA AND SACOMO MANUFACTURING COMPANY;
PNEUMO-ABEX LLC, INDIVIDUALLY AND AS
13 | SUCCESSOR-IN-INTEREST TO ABEX CORPORATION;
ROCKWELL AUTOMATION, INC.;
14 | SCAN-PAC MFG., INC.;
SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA
15 | SOCO-LYNCH CORPORATION, INDIVIDUALLY AND
AS SUCCESSOR-IN-INTEREST TO WESTERN
16 | CHEMICAL & MANUFACTURING COMPANY; THE
GOODYEAR TIRE & RUBBER COMPANY;
17 | THOMAS DEE ENGINEERING COMPANY, INC.;
THYSSENKRUPP BUDD COMPANY, INDIVIDUALLY
18 | AND AS SUCCESSOR-IN-INTEREST TO THE BUDD
COMPANY;
19 | TWIN DISC, INCORPORATED;
UNION CARBIDE CORPORATION;
20 | VELLUMOID, INC.;
YARWAY CORPORATION;
21 | and the FIRST DOE through THREE HUNDREDTH DOE,
inclusive,
22 |
23 |                                              Defendants.

24 | ## GENERAL ALLEGATIONS

25. | 1.     The true names and capacities, whether individual, corporate, associate, governmental or

26 | otherwise, of defendants FIRST DOE through THREE HUNDREDTH DOE, inclusive, are unknown to

27 | Plaintiffs at this time and Plaintiffs therefore sue said defendants by such fictitious names. When the

28 | true names and capacities of said defendants have been ascertained, Plaintiff will amend this complaint

702886_1.DOCX                              - 2 -      COMPLAINT FOR DAMAGES

1    accordingly.  Plaintiffs are informed and believe, and thereon allege, that each defendant designated

2    herein as a DOE is responsible, negligently or in some other actionable manner, for the events and

3    happenings hereinafter referred to, and caused injuries and damages proximately thereby to the

4    Plaintiffs, as hereinafter alleged.

5    2.      At all times herein mentioned, each of the defendants, except as otherwise alleged, was the

6    agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all said

7    times, each defendant was acting in the full course and scope of said agency, service, employment

8    and/or joint venture.  Certain defendants agreed and conspired among themselves, and with certain other

9    individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiff,

10    MOYER HAZELWOOD; and such defendants, as co-conspirators, are liable for the acts, or failures to

11    act, of other conspiring defendants.

12    3.      Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned,

13    defendants, A. W. CHESTERTON COMPANY; ALLIED PACKING & SUPPLY, INC.;

14    ARMSTRONG INTERNATIONAL, INC.; BORG-WARNER CORPORATION BY ITS

15    SUCCESSOR-IN-INTEREST, BORG-WARNER MORSE TEC INC.; BRIDGESTONE

16    AMERICAS TIRE OPERATIONS, LLC, F/K/A BRIDGESTONE FIRESTONE NORTH

17    AMERICA TIRE, LLC, AS SUCCESSOR IN INTEREST TO FIRESTONE TIRE & RUBBER

18    COMPANY; CBS CORPORATION, A DELAWARE CORPORATION, FKA VIACOM, INC.

19    SUCCESSOR-BY-MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION,

20    FKA WESTINGHOUSE ELECTRIC CORPORATION; CALAVERAS ASBESTOS, LTD;

21    CARLISLE CORPORATION; CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-

22    INTEREST TO CHAPMAN VALVE CO.; CROWN, CORK & SEAL, INDIVIDUALLY AND AS

23    SUCCESSOR-IN-INTEREST TO MUNDET CORK; CUMMINS, INC., F/K/A CUMMINS

24    ENGINE COMPANY, INC.; DETROIT DIESEL CORPORATION; EATON CORPORATION;

25    FREUDENBERT-NOK AS SUCCESSOR-IN-INTEREST TO DETROIT GASKETS; GENERAL

26    ELECTRIC COMPANY; GENUINE PARTS COMPANY; GEORGIA-PACIFIC

27    CORPORATION; GOULDS PUMPS, INCORPORATED; HONEYWELL INTERNATIONAL,

28    INC. FKA ALLIED SIGNAL INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

1  THE BENDIX CORPORATION; IMO INDUSTRIES, INC. FKA DELAVAL TURBINE, INC.

2  AND DELAVAL STEAM TURBINE COMPANY; INDIAN HEAD INDUSTRIES, INC.,

3  INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO DETROIT GASKET &

4  MANUFACTURING COMPANY; INGERSOLL-RAND COMPANY; KELSEY HAYES

5  COMPANY; LEAR-SIEGLER DIVERSIFIED HOLDINGS CORPORATION; MCCORD

6  CORPORATION F/K/A MCCORD GASKET CORPORATION; MERITOR, INC., F/K/A

7  ARVINMERITOR, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO ROCKWELL

8  INTERNATIONAL CORPORATION; MORTON INTERNATIONAL, INC., INDIVIDUALLY

9  AND AS SUCCESSOR-IN-INTEREST TO THIOKOL CORPORATION; MOTION CONTROL

10  INDUSTRIES, INC.; PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS

11  SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO MANUFACTURING

12  COMPANY; PNEUMO-ABEX LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST

13  TO ABEX CORPORATION; ROCKWELL AUTOMATION, INC.; SCAN-PAC MFG., INC.;

14  SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION,

15  INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL &

16  MANUFACTURING COMPANY; THE GOODYEAR TIRE & RUBBER COMPANY;

17  THOMAS DEE ENGINEERING COMPANY, INC.; THYSSENKRUPP BUDD COMPANY,

18  INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO THE BUDD COMPANY; TWIN

19  DISC, INCORPORATED; UNION CARBIDE CORPORATION; VELLUMOID, INC.;

20  YARWAY CORPORATION; AND THE FIRST DOE THROUGH THREE HUNDREDTH DOE,

21  INCLUSIVE, are corporations and/or limited liability companies organized and existing under and by

22  virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that

23  said defendants were and are authorized to do, and are doing business in the State of California and that

24  said defendants have regularly conducted business in the County of Alameda, State of California. The

25  defendants identified in this paragraph are collectively hereinafter referred to as "ASBESTOS

26  DEFENDANTS".

27  ///

28  ///

702886_1.DOCX                             - 4 -        COMPLAINT FOR DAMAGES

4.     At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity designing, manufacturing, assembling, packaging modifying, selling, supplying, distributing, marketing, advertising, warranting, handling, disturbing, servicing, repairing, installing, removing and/or contracting to service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance.  Said entities shall hereinafter collectively be called "alternate entities".  Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof,  assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that it as a member of, or funded, that designed, manufactured, assembled, packaged, sold, supplied, distributed, marketed, advertised, warranted, handled, disturbed, serviced, repaired, installed, removed and/or contracted to handle, disturb, service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance.  The following **ASBESTOS DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs remedy against each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, have acquired the assets and product line of each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, caused the destruction of Plaintiffs remedy against each such "alternate entity"; each such **ASBESTOS DEFENDANT** has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such **ASBESTOS DEFENDANT** enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
| --- | --- |
| BORG-WARNER MORSE TEC INC. | BORG-WARNER CORPORATION |
| BRIDGSTONE AMERICAS TIRE OPERATIONS, LLC | BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, and FIRESTONE TIRE & RUBBER COMPANY |
| CBS CORPORATION, A DELAWARE CORPORATION. | VIACOM, INC.; CBS CORPORATON, A PENNSYLVANIA CORPORAITON and |

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| | WESTINGHOUSE ELECTRIC CORPORATION |
| CRANE CO. | CHAPMAN VALVE CO. |
| CROWN CORK & SEAL | MUNDET CORK |
| CUMMINS, INC. | CUMMINS ENGINE COMPANY |
| FREUDENBERT - NOK | DETROIT GASKETS |
| HONEYWELL INTERNATIONAL, INC,. | ALLIED SIGNAL, INC. and THE BENDIX CORPORATION |
| IMO INDUSTRIES, INC. | DELAVAL TURBINE, INC., and DELAVAL STEAM TURBINE COMPANY. |
| INDIAN HEAD INDUSTRIES, INC. | DETROIT GASKET AND MANUFACTURING COMPANY |
| MCCORD CORPORATION | MCCORD GASKET CORPORATION |
| MERITOR, INC. | ARVINMERITOR, INC. and ROCKWELL INTERNAITONAL CORPORATION |
| MORTON INTERNATIONAL INC. | THIOKOL CORPORATION |
| PARKER-HANNIFIN CORPORATION | SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY |
| PNEUMO ABEX, LLC | ABEX CORPORATION |
| SOCO-WEST, INC. | BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY |
| THYSSENKRUPP BUDD COMPANY | THE BUDD COMPANY |

## FIRST CAUSE OF ACTION – NEGLIGENCE

### (Personal Injuries)

*PLAINTIFF MOYER HAZELWOOD COMPLAINS OF DEFENDANTS, AND EACH OF THEM AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) ALLEGES*

5.     Plaintiffs re-allege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

///

6.      Plaintiff MOYER HAZELWOOD alleges exposure to asbestos at jobsites which include but are not limited to the following:

| Employer & Dates | Jobsite(s) | Job Duties |
|---|---|---|
| United States Navy 1960 – 1964 | San Diego Naval Training Center, San Diego, NTC; USS Prairie; USS Brister; Hunter's Point, San Francisco, CA; Mare Island, Vallejo, CA; Guam; Vietnam | Recruit<br><br>Seaman; Engineman, Diesel Mechanic |
| McLean Trucking Co. Nov. 1965 – July 1970 | Richmond, VA | Diesel Mechanic |

7.      At all times herein mentioned, **ASBESTOS DEFENDANTS** and each of them were engaged in the business of designing, manufacturing, assembling, packaging modifying, selling, supplying, distributing, marketing, advertising, warranting, handling, disturbing, servicing, repairing, installing, removing and/or contracting to service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance; or are engaged in the business of designing, manufacturing, selling, supplying distributing, and marketing safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos and/or asbestos-containing products and materials in the workplace and other locations.

8.      At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them negligently and carelessly researched, designed, tested and/or failed to test, manufactured and/or caused to be manufactured, sold, supplied, distributed, marketed, marketed, advertised, warranted, warned and/or failed to warn, handled, disturbed, serviced, repaired, installed, removed, and/or contracted to handle, disturb, service, repair, install, and/or remove, inspected and/or failed to inspect certain substance, the generic name of which is asbestos, and/or other products containing said substance; and substance, and the other products containing said substance were capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, bystanders and others, including but not limited to Plaintiff herein, while being used in a manner reasonably foreseeable to **ASBESTOS DEFENDANTS**,

1   thereby rendering said substance and said products unsafe and dangerous to the users, consumers,

2   workers, bystanders and others exposed thereto.

3   9.      At all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them, designed,

4   manufactured, sold, supplied, distributed, marketed, advertised and warranted finished products which

5   incorporated asbestos and asbestos parts and materials therein by design, and which were designed to be

6   used with asbestos and other products and materials containing asbestos; and each of the aforementioned

7   finished products was designed and manufactured in such a manner that the ordinary use, operation,

8   repair, maintenance, installation and/or removal of said finished products resulted in the release of

9   respirable asbestos fiber such that persons, including Plaintiff, that worked with and/or around such

10   products, as well as persons who came into contact with such persons, were exposed to and inhaled

11   asbestos fiber. Moreover, each **ASBESTOS DEFENDANT** designed, manufactured, sold, supplied,

12   distributed, marketed, advertised and labeled finished products, which were defective, in that their

13   ordinary foreseeable use, operation, installation, repair and/or removal caused the degradation of

14   integrated asbestos-containing materials parts and components which were incorporated therein by

15   design, both as original equipment and replacement parts.  As a result of such degradation, the asbestos

16   materials contained in said finished products became friable and released airborne, respirable asbestos

17   that users, consumers, workers, bystanders, and others including Plaintiff were exposed to and inhaled.

18   Said exposure substantially contributed to, and caused Plaintiffs injuries alleged herein, including

19   Plaintiffs development of malignant mesothelioma.

20   10.     It was foreseeable to each **ASBESTOS DEFENDANT** that the original asbestos and other

21   asbestos-containing materials, parts and components incorporated into **ASBESTOS DEFENDANTS'**

22   finished products, would from time to time, be removed and replaced with new asbestos-containing

23   materials and components as the result of the ordinary and foreseeable operation, use, maintenance and

24   repair of **ASBESTOS DEFENDANTS** products, and that the ordinary operation and use of each of the

25   **ASBESTOS DEFENDANTS** products would affect and degrade both the original asbestos-containing

26   materials parts and components, as well as the replacement asbestos-containing materials parts and

27   components by making them brittle, friable and not reusable.  It was foreseeable to each **ASBESTOS**

28   **DEFENDANT** that the process of removing the asbestos materials and components incorporated into

1    their products and replacing them with new asbestos materials during ordinary repair and maintenance

2    would further disturb the degraded asbestos-containing materials parts and components contained

3    therein and result in the release of asbestos fibers into the air thereby causing exposure to and inhalation

4    of asbestos fibers by users, consumers, workers, bystanders and others including the Plaintiff herein.

5    Each **ASBESTOS DEFENDANT** failed to provide any adequate warning to Plaintiff or to similarly

6    situated users, consumers, workers and bystanders of the risks inherent in the replacement of asbestos

7    containing materials, parts and components from **ASBESTOS DEFENDANTS'** finished products and

8    failed to warn Plaintiff, other workers and bystanders that their finished product was designed and

9    manufactured in such a way that the asbestos-containing materials, parts and components incorporated

10   therein would be made friable and release asbestos fiber.

11   11.    Plaintiff herein is a worker, consumer and bystander who used, handled, serviced, repaired,

12   disturbed, installed and/or removed, and/or was around others who used, handled, serviced, repaired,

13   disturbed, installed and/or removed the asbestos and/or asbestos-containing products, as well as the

14   finished products whose defective design and manufacture caused the release of asbestos referred to

15   herein, and Plaintiff was exposed to asbestos in a manner that was reasonably foreseeable to

16   **ASBESTOS DEFENDANTS** and each of them.

17   12.    As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of

18   them, as aforesaid, Plaintiff has suffered severe and permanent malignant injuries, including, but not

19   limited to, mesothelioma and other bodily damaged, all to his general damages in a sum invoking the

20   unlimited jurisdiction of the Court.

21   13.    Plaintiff is informed and believes, and thereon alleges, that mesothelioma is a progressive,

22   terminal and latent form of cancer caused by inhalation of asbestos fibers.

23   14.    At the time of his exposure to asbestos, Plaintiff was not aware that exposure to asbestos

24   presented any risk of injury and/or disease to him, and had not been advised or informed by anyone that

25   he could contract any disease, sickness or injury as a result of working with or around asbestos and/or

26.  products which contained and/or incorporated asbestos.

27   15.    As a direct and proximate result of the aforesaid conduct of the **ASBESTOS DEFENDANTS**

28   and each of them, Plaintiff has incurred, is presently incurring and will incur in the future liability for

1  physicians, surgeons, nurses, hospital care, medicine, hospitals, x-rays and other medical care and

2  treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays

3  leave to amend this Complaint accordingly when the true and exact cost thereof is ascertained.

4  16.    Plaintiff MOYER HAZELWOOD has lost pre-judgment interest pursuant to Civil Code Section

5  3288, the exact amount of which Plaintiff prays leave to insert herein when finally ascertained.

6  17.    In researching, testing, designing, manufacturing, labeling, selling, distributing, advertising

7  marketing, servicing, repairing, disturbing installing and/or removing said products, **ASBESTOS**

8  **DEFENDANTS** and each of them, did so with conscious disregard for the safety of the users,

9  consumers of said product, as well as bystanders and others who would foreseeably come into contact

10  with said products and/or the asbestos released therefrom.  **ASBESTOS DEFENDANTS** had specific

11  prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or

12  asbestos products, including but not limited to increased risk of developing severer and terminal diseases

13  such as mesothelioma.  Said knowledge was obtained, in part, from scientific studies, government data,

14  industrial literature and medical data to which **ASBESTOS DEFENDANTS** had access, as well as

15  scientific studies performed by, at the request of, or with the assistance of, said **ASBESTOS**

16  **DEFENDANTS**, and which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or

17  before 1933, and thereafter.

18  18.    On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware that users of

19  asbestos and asbestos products, as well as members of the general public who would be exposed to

20  asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause

21  injury, and said **ASBESTOS DEFENDANTS** knew that the users of asbestos and asbestos products, as

22  well as members of the general public who were exposed to asbestos and asbestos products, would

23  assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact

24  said exposure was extremely hazardous to human life.

25  19.    With said knowledge, said **ASBESTOS DEFENDANTS** opted to design, manufacture sell,

26  distribute, advertise, warrant, handle, service, repair, disturb, install and/or remove said asbestos and

27  asbestos-containing products without attempting to protect users, consumers, bystanders and others who

28  would foreseeably be exposed to asbestos from such products and activities of the high risk of injury or

1   death resulting from exposure to asbestos and asbestos-containing products.  Rather than attempting to

2   warn and/or protect users, workers, bystanders and others from the high risk of injury or death resulting

3   from exposure to asbestos and asbestos-containing products, **ASBESTOS DEFENDANTS** intentionally

4   failed to reveal their knowledge of said risks, and fraudulently, knowingly, consciously and actively

5   concealed and suppressed said knowledge from users, workers, consumers, bystanders and other

6   members of the general public including Plaintiff herein.

7   20.     The above referenced conduct of said **ASBESTOS DEFENDANTS** was motivated by the

8   financial interest of said **ASBESTOS DEFENDANTS** in the continuing, uninterrupted distribution and

9   marketing of asbestos and asbestos-containing products, as well as the continuing uninterrupted business

10   of handling, repairing, servicing, disturbing, installing and/or removing of asbestos and/or asbestos-

11   containing products. In pursuance of said financial motivation, said **ASBESTOS DEFENDANTS**

12   consciously disregarded the safety of those who work with and around said asbestos and asbestos-

13   containing products, as well as all of those who would foreseeably be exposed to asbestos as a result of

14   **ASBESTOS DEFENDANTS'** conduct.  **ASBESTOS DEFENDANTS** were consciously willing to

15   permit asbestos and asbestos products to cause injury to users and consumers thereof, as well as

16   workers, bystanders and all others who would foreseeably be exposed to asbestos released from such

17   asbestos and/or asbestos-containing products, including but not limited to Plaintiff herein.

18   21.     As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile, base,

19   willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the

20   safety and health of workers exposed to asbestos and asbestos products, including Plaintiff, Plaintiff, for

21   the sake of example, and by way of punishing said **ASBESTOS DEFENDANTS**, seeks punitive

22   damages according to proof.

23   22.       WHEREFORE, Plaintiff prays judgment against **ASBESTOS DEFENDANTS**, and each

24   of them, as hereafter set forth.

25

26   ///

27   ///

28   ///

702886_1.DOCX              - 11 -     **COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION – STRICT LIABILITY

*AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFF COMPLAINS OF THE ASBESTOS DEFENDANTS AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

23.     Plaintiff realleges and incorporates herein by reference each of the proceeding paragraphs of this Complaint.

24.     ASBESTOS DEFENDANTS and each of them, researched, designed manufactured, tested or failed to test, inspected or failed to inspect, labeled, sold, distributed, advertised, marketed, warranted, a certain substance, the generic name of which is asbestos and other products containing said substance. which substance and products containing said substance are defective, in that the same was capable of causing and did, in fact, cause personal injuries, including mesothelioma and other bodily damage, to users, consumers, bystanders and others who were foreseeably exposed to asbestos from said asbestos and products containing asbestos, including Plaintiff herein, while said asbestos and products containing asbestos were used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto;  said ASBESTOS DEFENDANTS, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

25.     As a direct and proximate result of the conduct, acts and omissions of each of the ASBESTOS DEFENDANTS as set forth above, Plaintiff has suffered the injuries and damages as previously set forth herein including those alleged in the First and Second Causes of Action, inclusive.

## THIRD CAUSE OF ACTION – LOSS OF CONSORTIUM

*AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF SUE HAZELWOOD COMPLAINS OF ASBESTOS DEFENDANTS AND EACH OF THEM AND ALLEGES AS FOLLOWS:*

26.     Plaintiff SUE HAZELWOOD incorporates herein by reference and makes a part hereof as though fully set forth herein, in the First and Second Causes of Action of this Complaint.

27.     Plaintiff SUE HAZELWOOD is now, and at times herein mentioned, the lawfully wedded spouse of MOYER HAZELWOOD.

702886_1.DOCX                                - 12 -      COMPLAINT FOR DAMAGES

28.    As a direct and proximate result of the acts of **ASBESTOS DEFENDANTS**, and each of them, as set forth and incorporated herein by reference, and the severe injuries caused thereby to MOYER HAZELWOOD as alleged in his Complaint, Plaintiff SUE HAZELWOOD has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

29.    Plaintiff SUE HAZELWOOD, as a result of the foregoing described injuries to her said spouse, has been generally damaged in a sum in excess of the jurisdictional limits of the Municipal Court.

WHEREFORE, Plaintiffs MOYER HAZELWOOD AND SUE HAZELWOOD pray judgment against **ASBESTOS DEFENDANTS**, and each of them, as follows:

1.    For Plaintiffs' general damages according to proof;

2.    For Plaintiff MOYER HAZELWOOD'S medical and related expenses according to proof;

3.    For Plaintiffs' prejudgment interest according to proof, pursuant to Civil Code section 3288;

4.    For loss of income according to proof;

5.    For Plaintiffs' costs of suit herein;

6.    For loss of care, comfort and society;

7.    As to those **ASBESTOS DEFENDANTS** named in the First Cause of Action, for exemplary or punitive damages according to proof; and

8.    For such other and further relief as this Court deems just and proper.

Dated July 1ʃ, 2011           **LEVIN SIMES KAISER & GORNICK, LLP**

Sean P. Worsey
Attorneys for Plaintiffs