**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : : : | MDL DOCKET NO. 875 |
| JAMES ALLAN BROWN and CAROL ELIZEBETH BROWN, husband and wife, | : : : | ED-PA Case No.: 2:11-cv-60063-ER |
| Plaintiffs, | : : | |
| v. | : : | |
| KAISER GYPSUM COMPANY, INC., et al, | : | (Transfer District Court No.) WD-WA Case No. 10-05873 |
| Defendants. | : : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CARRIER'S MOTION
TO MODIFY THE PANEL'S CONDITIONAL REMAND ORDER**

**I.      Introduction**

      In general, Plaintiff does not oppose that the parties be afforded a reasonable amount of time in which to file motions in limine prior to this case being tried in Washington's Western District Court ("transferor court") on remand.  However, Plaintiff strenuously objects to Defendant Carrier Corp.'s suggestion that the Judicial Panel on Multidistrict Litigation ("Panel") should instruct the transferor court that Carrier be given an opportunity to file *Daubert* motion. Carrier's motion to modify the Conditional Remand Order ("CRO") is a transparent attempt at forum shopping and granting it would undermine the central purposes of multidistrict litigation, which are encouraging efficiency and ensuring consistent pretrial rulings.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CARRIER'S
MOTION TO MODIFY THE PANEL'S CONDITIONAL REMAND ORDER - 1
s:\clients\bbrown_jamesbrown\pleadings_usdc\brownj_pld_p's response to carrier's motion to modify remand
order - copy.doc

## II.    Background

### A.    Procedural History

This case was consolidated with thousands of other asbestos cases and transferred to the Eastern District of Pennsylvania for pretrial proceedings under the Multidistrict Litigation Docket No. 875.  The parties have conducted their discovery, they have submitted their expert reports, and the MDL Court has denied Carrier's motion for summary judgment.  Plaintiff is prepared to try her case as soon as possible.  If the transferor court permits it, Plaintiff anticipates that she will file only a handful of run-of-the-mill motions in limine relating to relevance and/or prejudice prior to trial.

Defendant Carrier chose not to bring a *Daubert* motion during the pretrial MDL proceedings despite the fact that the opinions of Plaintiff's medical expert, Dr. Samuel Hammar, were disclosed to it back in August 2011.

### B.    *Daubert* rulings by MDL No. 875

There is virtually no question that the *Daubert* challenge that Carrier hopes to bring will be on the admissibility of so-called "each and every exposure" testimony by Plaintiff's expert Dr. Hammar.[1]  The MDL Court has ruled time and again that opinions identical to Dr. Hammar's pass muster under *Daubert.  See e.g  Rabovsky v. Air & Liquid Sys. Corp.*, No. 10-3202, MDL Docket No. 875 (March 12, 2012) (overruling defendant's objections to magistrate's ruling that plaintiff's medical expert's "each and every" testimony was sufficiently reliable under *Daubert* and, therefore, admissible);[2] *Schumacher v. Amtico,* No. 2:10-1627, MDL Docket No. 875 (E.D. Pa. Nov. 2, 2010)  (denying defendant's *Daubert* motion to preclude "each and every" exposure

---

[1] It is Dr. Hammar's opinion that "[f]rom the articles that I have read and from my experience in reviewing hundreds of cases of asbestos-related diseases, both for litigation and in my work as a pathologist, I have concluded that all asbestos fibers inhaled by an individual that reach the target organ contribute to the development of lung cancer."
[2] Copy of the decision is attached as Exhibit 1.

PL.'S RESP. IN OPP. TO DEF.'S MOT. TO MODIFY CRO- 2

BERGMAN DRAPER LADENBURG, PLLC
614 FIRST AVENUE, FOURTH FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

testimony by plaintiff's medical expert on grounds that expert relied on peer-reviewed studies and any weaknesses in his methodology was fodder for cross-examination);[3] *Larson v. Bondex Int'l*, No. 09-69123 , MDL Docket No. 875, (E.D. Pa. May 24, 2010) (same).[4]  Indeed, in *Anderson v. Saberhagen Holdings, Inc.*, 2011 WL 605801 (E.D. Pa. Feb. 16, 2011) the Panel specifically ruled that Dr. Hammar's methodology and opinions are sufficiently reliable to be admissible under *Daubert*.[5]

### III.    Issue

Whether the Court should deny Defendant Carrier's motion to modify the CRO to include an instruction that the transferor court afford Defendant time to file a *Daubert* motion when (1) MDL 875 has already ruled on the *Daubert* issue that Carrier will raise; and (2) Carrier chose not to bring a *Daubert* motion prior to the suggestion of remand.

### IV.    Authority & Argument

Congress enacted the Multidistrict Litigation Statute 28 U.S.C. § 1407 to enable the consolidation and coordination of the pretrial proceedings of civil actions involving one or more common questions of fact pending in different district courts.  *Matter of New York City Mun. Securities Litigation*, 572 F.2d 49 (2d Cir. 1978).  The purpose of the consolidation and coordination of pretrial proceedings was to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and to conserve the parties' and the judiciary's resources. *In re Long-Distance Telephone Svc. Federal Excise Tax Refund Litigation*, 469 F. Supp. 2d 1348 (J.P.M.L. 2006).

To that end, the court presiding over the MDL asbestos docket adopted administrative orders and procedures that contemplate that all substantive pre-trial motions, including *Daubert*

---

[3] Copy of the decision is attached as Exhibit 2.
[4] Copy of the decision is attached as Exhibit 3.
[5] Copy of the decision is attached as Exhibit 4.

PL.'S RESP. IN OPP. TO DEF.'S MOT. TO MODIFY CRO- 3
s:\clients\bbrown_james\brownj_pleadings_usd\brownj_pld_p's response to carrier's motion to modify remand order - copy.doc

BERGMAN DRAPER LADENBURG, PLLC
614 FIRST AVENUE, FOURTH FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1   motions, will be brought *prior* to remand to the transferor court.[6]  This ensures that similarly

2   situated asbestos defendants and plaintiffs are not subject to disparate pre-trial rulings.

3   Moreover, centralization of rulings on the common legal issues that arise in asbestos cases to the

4   MDL is efficient because the court is extraordinarily well-versed in these issues. Defendant

5   Carrier now seeks to undermine these very purposes of multidistrict litigation by requesting that

6   the Panel take the unprecedented step of instructing the transferor court that it must allow Carrier

7   time to bring a *Daubert* motion.

8        The Panel should reject this transparent attempt at forum shopping. Carrier has chosen

9   not to bring its *Daubert* motion to exclude Dr. Hammar's testimony during the MDL pretrial

10  proceedings because it knows full-well that the Court would deny it given the *Anderson,*

11  *Rabovsky, Larson,* and *Schumacher* decisions cited *supra.*  Instead, Carrier, hoping for a decision

12  inconsistent with the MDL Court's prior rulings, wants to engage in the duplicative litigation of

13  identical issues (which, of course, multidistrict litigation was designed to prevent).

14       The importance of the MDL court hearing all substantive motions is demonstrated by the

15  fact that Carrier's expected *Daubert* challenge to Dr. Hammar is effectively summary judgment

16  motion.  Causation is, of course, an essential element of Plaintiff's claim and Plaintiff's evidence

17  of causation hinges on Dr. Hammar's testimony.  Thus, if Dr. Hammar is not permitted to

18  testify, Plaintiff will not be able to prove her claim.

19

20

21

---

22   [6] *See e.g.* Adminstrative Order No. 18 (attached as Exhibit 5).  This Order defines the procedure for a plaintiff to
     seek remand of her case to the transferor court and indicates that remand is appropriate only where Plaintiff is
23   prepared for trial without delay once the transfer is effectuated.  Likewise, MDL 875 has posted a "case
     management flow chart" (attached as Exhibit 6) on its website that lists *Daubert* hearings as an activity that is to
     occur prior to remand (available at http://www.paed.uscourts.gov/mdl875i.asp).

PL.'S RESP. IN OPP. TO DEF.'S MOT. TO MODIFY CRO- 4
s:\client\b\brown, james\brown_pleadings_msdc\brown_pld_p's response to carrier's motion to modify remand
order - copy.doc

BERGMAN DRAPER LADENBURG, PLLC
614 FIRST AVENUE, FOURTH FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1   **IV.     Conclusion**

2           Instructing the transferor court that it must consider the Defendant's putative *Daubert*

3   motion would only serve to undermine the purposes of the consolidation of pretrial proceedings.

4   Accordingly, Plaintiff respectfully requests that the Panel enter the CRO as is and relinquish

5   jurisdiction to the transferor court.

6

7           DATED this 21st day of March, 2012.

                          BERGMAN DRAPER LADENBURG, PLLC

8

9                         By    */S/ Vanessa Firnhaber Oslund*
                              Vanessa Firnhaber Oslund, WSBA #38252
10                            BERGMAN DRAPER LADENBURG, PLLC
                              614 First Avenue, 4th Floor
11                            Seattle, WA 98104
                              Telephone:    (206) 957-9510
12                            Facsimile:    (206) 957-9549
                              vanessa@bergmanlegal.com
13                            Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

PL.'S RESP. IN OPP. TO DEF.'S MOT. TO MODIFY CRO- 5
s:\clients\b\brown, james\brownj_pleadings_usdc\brownj_pld_p's response to carrier's motion to modify remand order - copy.doc

BERGMAN DRAPER LADENBURG, PLLC
614 FIRST AVENUE, FOURTH FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

1

**CERTIFICATE OF SERVICE**

2       I am employed in the County of King, State of Washington.  I am over the age of 18 and

3   not a party to the within action.  My business address is 614 First Avenue, 4th Floor, Seattle, WA

4   98104.

5       On March 21, 2012, the following document was filed electronically and will be

6   available for viewing and downloading from the Court's CM/ECF system:

7       **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CARRIER'S**
        **MOTION TO MODIFY THE PANEL'S CONDITIONAL REMAND ORDER**

8

9       The Notice of Electronic Case Filing automatically generated by the system and sent to

10  all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of

11  the Eastern District of Pennsylvania who have consented to electronic service shall constitute

12  service of the filed document to all such parties.  Parties who have not consented to electronic

13  service are entitled to receive a paper copy of any electronically filed pleading or other

14  document.  Any such parties will be served by regular mail.

15      Executed on March 21, 2012, at Seattle, Washington.

16      I declare under penalty of perjury that the foregoing is true and correct.

17

18   _____Wil John Cabatic_____          _____/S/ Wil John Cabatic__
                (Print Name)                                (Signature)

19

20

21

22

23

PL.'S RESP. IN OPP. TO DEF.'S MOT. TO MODIFY CRO- 6
s:\clients\bbrown.n. james\brownj_pleadings_usdc\brownj_pld_p's response to carrier's motion to modify remand order - copy.doc

BERGMAN DRAPER LADENBURG, PLLC
614 FIRST AVENUE, FOURTH FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549

## SERVICE LIST

**Brown v. Kaiser Gypsum, Etal**

**Carrier Corp.**
John K. Son
**TUCKER ELLIS & WEST**
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
Phone    (213) 430-3400
Fax        (213) 430-3409
Email     john.son@tuckerellis.com


**Metropolitan Life Insurance Company**
Richard G Gawlowski        WSBA #19713
WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA 98164
Phone    (206) 623-4100
Fax        (206) 623-9273
Email     gawlowski@wscd.com;
               reyes@wscd.com

PL.'S RESP. IN OPP. TO DEF.'S MOT. TO MODIFY CRO- 7
s:\clients\bibrown, james\brownj_pleadings_msde\brownj_pld_p's response to carrier's motion to modify remand order - copy.doc

BERGMAN DRAPER LADENBURG, PLLC
614 FIRST AVENUE, FOURTH FLOOR
SEATTLE, WA 98104
TELEPHONE: 206.957.9510
FACSIMILE: 206.957.9549