EFILE

## U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00281-JBA

Piasczyk v. General Electric Company et al
Assigned to: Judge Janet Bond Arterton
Cause: 28:1442 Petition for Removal

Date Filed: 02/28/2012
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**
Leon Piasczyk

represented by **Amity L. Arscott**
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340-1409
860-449-0341
Fax: 860-449-9070
Email: alarscott@embryneusner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa M. Riley**
Embry & Neusner
118 Poquonnock Rd., Po Box 1409
Groton, CT 06340
860-449-0341
Fax: 860-449-9070
Email: mriley@embryneusner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
General Electric Company

**Defendant**
CBS Corporation
*a Delaware Corporation
formerly known as*
Viacom, Inc.
*Successor*
CBS Corporation
*formerly known as*
Westinghouse Electric Corporation

represented by **Thomas F. Maxwell , Jr.**
Pullman & Comley
850 Main St., Po Box 7006
Bridgeport, CT 06601-7006
203-330-2252
Fax: (203) 576-8888
Email: tmaxwell@pullcom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Air & Liquid Systems Corporation**<br>*Successor*<br>Buffalo Pumps, Inc. | represented by | **Bryna Rosen Misiura**<br>Governo Law Firm LLC<br>Two International Place 15th Floor<br>Boston, MA 02110<br>617-737-9045<br>Fax: 617-737-9046<br>Email: bmisiura@governo.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael D. Simons**<br>Governo Law Firm LLC<br>Two International Place 15th Floor<br>Boston, MA 02110<br>617-737-9045<br>Fax: 617-737-9046<br>Email: MSimons@governo.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **William J Gallitto , 3rd**<br>Governo Law Firm LLC<br>Two International Place 15th Floor<br>Boston, MA 02110<br>617-737-9045<br>Fax: 617-737-9046<br>Email: wgallitto@governo.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Cross Claimant**

| | | |
|---|---|---|
| **Air & Liquid Systems Corporation** | represented by | **Michael D. Simons**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Cross Defendant**

| | | |
|---|---|---|
| **Air & Liquid Systems Corporation** | represented by | **Michael D. Simons**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Cross Defendant**

| | | |
|---|---|---|
| **CBS Corporation**<br>*a Delaware Corporation* | represented by | **Thomas F. Maxwell , Jr.**<br>(See above for address)<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**General Electric Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/28/2012 | 1 | NOTICE OF REMOVAL by CBS Corporation from Superior Court, case number FBT-CV-12-6025142-S. Filing fee $ 350 receipt number 0205-2416276, filed by CBS Corporation. (Attachments: # 1 Exhibit)(Maxwell, Thomas) (Entered: 02/28/2012) |
| 02/28/2012 | 2 | NOTICE by CBS Corporation re 1 Notice of Removal (Attachments: # 1 Exhibit)(Maxwell, Thomas) (Entered: 02/28/2012) |
| 02/28/2012 | 3 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation (Maxwell, Thomas) (Entered: 02/28/2012) |
| 02/28/2012 | 4 | NOTICE by CBS Corporation of no pending motions (Maxwell, Thomas) Modified on 2/28/2012 to delete links and edit text (Walker, J.). (Entered: 02/28/2012) |
| 02/28/2012 | 5 | Corporate Disclosure Statement by CBS Corporation. (Maxwell, Thomas) (Entered: 02/28/2012) |
| 02/28/2012 |  | Judge Janet Bond Arterton added. (Oliver, T.) (Entered: 02/28/2012) |
| 02/28/2012 | 6 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Janet Bond Arterton on 2/28/12. (Torday, B.) (Entered: 02/28/2012) |
| 02/28/2012 | 7 | Order on Pretrial Deadlines: Motions to Dismiss due on 5/28/12. Amended Pleadings due by 4/28/2012 Discovery due by 8/29/2012 Dispositive Motions due by 9/28/2012. Signed by Judge Janet Bond Arterton on 2/28/12. (Torday, B.) Modified on 3/1/2012 (Torday, B.). (Entered: 02/28/2012) |
| 02/28/2012 | 8 | STANDARD PROTECTIVE ORDER. Signed by Judge Janet Bond Arterton on 2/28/12. (Torday, B.) (Entered: 02/28/2012) |
| 02/28/2012 | 9 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of re 6 Electronic Filing Order, 8 Protective Order, 7 Order on Pretrial Deadlines, 1 Notice of Removal. Signed by Judge Janet Bond Arterton on 2/28/12. (Torday, B.) (Entered: 02/28/2012) |
| 03/01/2012 | 10 | Docket Entry Correction re 7 Order on Pretrial Deadlines, to correct the motion to dismiss deadline (Torday, B.) (Entered: 03/01/2012) |
| 03/08/2012 | 11 | NOTICE of Appearance by Melissa M. Riley on behalf of Leon Piasczyk (Riley, Melissa) (Entered: 03/08/2012) |
| 03/20/2012 | 12 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corporation (Simons, Michael) (Entered: 03/20/2012) |

| 03/20/2012 | 13 | ANSWER re: 1 Notice of Removal with Affirmative Defenses with Jury Demand, CROSSCLAIM against All Defendants by Air & Liquid Systems Corporation.(Simons, Michael) Modified on 3/21/2012 to create link(Falcone, K.). (Entered: 03/20/2012) |
| --- | --- | --- |
| 03/20/2012 | 14 | Corporate Disclosure Statement by Air & Liquid Systems Corporation identifying Corporate Parent Ampco-Pittsburgh Corporation for Air & Liquid Systems Corporation. (Simons, Michael) (Entered: 03/20/2012) |
| 03/20/2012 | 15 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corporation (Misiura, Bryna) (Entered: 03/20/2012) |
| 03/20/2012 | 16 | NOTICE of Appearance by William J Gallitto, 3rd on behalf of Air & Liquid Systems Corporation (Gallitto, William) (Entered: 03/20/2012) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 03/23/2012 12:31:34 | | |
| PACER Login: gk0040 | Client Code: | 1380 |
| Description: Docket Report | Search Criteria: | 3:12-cv-00281-JBA |
| Billable Pages: 3 | Cost: | 0.24 |

 **CT Corporation**

**Service of Process Transmittal**
02/03/2012
CT Log Number 519914985

**TO:** Rose Hoover, Vice Pres. Admin. and Corporate Sec.
Ampco-Pittsburgh Corporation
600 Grant Street, Suite 4600
Pittsburgh, PA 15219

**RE:** **Process Served in Pennsylvania**

**FOR:** Air & Liquid Systems Corporation (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Leon Piasczyk, Pltf. vs. General Electric Company, et al. including Air & Liquid Systems Corporation, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Fairfield Distict Superior Court, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Harrisburg, PA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/03/2012 postmarked: "Illegible" |
| **JURISDICTION SERVED:** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | On or before the second day after 3/13/12 |
| **ATTORNEY(S) / SENDER(S):** | Amity L. Arscott, Esq.<br>Embry & Neusner<br>P.O. Box 1409<br>Groton, CT 06340<br>860-449-0341 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/03/2012, Expected Purge Date: 02/08/2012<br>Image SOP<br>Email Notification, Rose Hoover RHOOVER@AMPCOPGH.COM<br>Email Notification, Jen Sauers jsauers@ampcopgh.com<br>Email Notification, Nicole Sayles nsayles@ampcopgh.com<br>Email Notification, Insurance Department insurance@ampcopgh.com<br>Email Notification, Ashley Vargo avargo@ampcopgh.com |
| **SIGNED:** | CT Corporation System |
| **PER:** | Sabra Dudding |
| **ADDRESS:** | 116 Pine Street<br>3rd Floor, Suite 320<br>Harrisburg, PA 17101 |
| **TELEPHONE:** | 717-234-6004 |

Page 1 of 1 / JD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUMMONS - CIVIL**
JD-CV-1 Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for Instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport 06604 | (203) 579-6527 | March 13, 2012 |

| | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| ☒ Judicial District   ☐ G.A. Number: | Bridgeport | Major: T   Minor: 20 |
| ☐ Housing Session | | |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Embry and Neusner, 118 Poquonnock Road, Groton, CT 06340 | 102932 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (860) 449-0341 | |

Number of Plaintiffs: 1    Number of Defendants: 3    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: PIASCZYK, Leon  Address: 7 Kulas Road, West Warwick, RI 02893 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: GENERAL ELECTRIC COMPANY  Address: c/o CT Corporation System, 1 Corporate Center, Floor 11, Hartford, CT 06103 | D-50 |
| Additional Defendant | Name: CBS CORPORATION f/k/a VIACOM, INC. s/b/m with CBS Corporation f/k/a Westinghouse Electric Corp.  Address: c/o Corporation Service Company, 50 Weston Street, Hartford, CT 06120 | D-51 |
| Additional Defendant | Name: AIR & LIQUID SYSTEMS CORPORATION as s/b/m to Buffalo Pumps, Inc.  Address: 874 Oliver Street, North Tonawanda, NY 14120-3298, c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101 | D-52 |
| Additional Defendant | Name:  Address: | D-53 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left  Amity L. Arscott | Date signed  1.31.12 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY ATTEST
KEITH D. NI[illegible]
CONNECTICUT STATE [illegible]

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Maria Ventura, 118 Poquonnock Road, Groton, CT 06340

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Date  1.31.12 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 82 | Housing Civil Matters |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

JD-CV-1  Rev. 6-11

(Page 2 of 2)

Return Date: March 13, 2012

| | |
|---|---|
| LEON PIASCZYK,<br>        Plaintiff, | SUPERIOR COURT |
| | J.D. OF FAIRFIELD |
| VS. | |
| | AT BRIDGEPORT |
| GENERAL ELECTRIC COMPANY;<br>CBS CORPORATION f/k/a VIACOM INC.,<br>   successor-by-merger with CBS CORPORATION<br>   f/k/a WESTINGHOUSE ELECTRIC<br>   CORPORATION;<br>AIR & LIQUID SYSTEMS CORPORATION<br>   as successor-by-merger to BUFFALO PUMPS,<br>   INC.;<br>        Defendants | January 30, 2012 |

## COMPLAINT

### CLAIM ON BEHALF OF LEON PIASCZYK

### FIRST COUNT BASED ON
### NEGLIGENCE AND PRODUCTS LIABILITY
### ON BEHALF OF LEON PIASCZYK
### FOR PERSONAL INJURIES AND DAMAGES.

1. The plaintiff, LEON PIASCZYK, was employed at General Dynamics / Electric Boat Corp., Groton, CT and Quonset Point, RI from in or about 1953 to 1988 as an electrician/electronics mechanic, clerk, planner, supervisor, and various other positions. His duties, work and activities caused him to work in areas where he and others were handling and working with asbestos products or products containing, involving or requiring the use of asbestos and was exposed to asbestos fibers and materials manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. Mr. PIASCZYK also

1

served as a radar operator in the United States Navy from in or about 1945 to 1948 and 1950 to 1952. The plaintiff, LEON PIASCZYK, worked in areas where he was exposed to asbestos.

2a. <u>General Electric Company</u> is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643. Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

2b. <u>CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation,</u> is a foreign corporation which does business in the State of Connecticut with its principal place of business at 51 West 52nd Street, New York, New York 10019. Its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

2c. <u>Air & Liquid Systems Corporation as successor-by-merger to Buffalo Pumps, Inc.,</u> is a foreign corporation which does business in the State of Connecticut with its principal place of business at 874 Oliver Street, North Tonawanda, NY 14120-3298 and an agent for service at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

3. The Defendants who are successor corporations have assumed the assets and liabilities of their predecessors, and they are responsible for the liabilities of the predecessors, both as to compensatory and as to punitive damages. As used in this

2

Complaint, "defendant(s)" includes, unless expressly stated to the contrary above, all predecessors for whose actions plaintiff claims the named defendant(s) is(are) liable.

4. The Defendants listed in paragraphs 2a through 2c were either in the business of manufacturing, distributing, selling or otherwise placing into the stream of commerce various products or they manufactured, distributed, sold or otherwise placed into the stream of commerce products which they knew or should have known required or incorporated asbestos for use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing, selling or otherwise placing into the stream of commerce various products or that manufactured, distributed, sold or otherwise placed into the stream of commerce products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

5. During the Plaintiff's employment and in his duties, work and activities, he was exposed to the asbestos, asbestos products or products containing, involving or requiring the use of asbestos manufactured by the defendants and otherwise placed into the stream of commerce by the defendants. As part of his employment and in his work, duties and activities, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

6. The illnesses of the Plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced,

3

sold, distributed and otherwise put into the stream of commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have known required or involved asbestos for use, operation or function which the defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

7. The disability, injuries, and illness of the Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was deleterious, poisonous and highly harmful to the Plaintiff's body, lung, respiratory system, skin and health, the Defendants nonetheless:

7a. Failed to advise the Plaintiff of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use,

4

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

    7b.    Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function,

    7c.    Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products,

    7d.    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function,

    7e.    Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff of the dangers to their health from coming in contact with and breathing said

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

7f. Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

7g. Did not recommend methods to improve the work environment,

7h. Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

7i. Failed to provide adequate safety instructions for persons who would reasonably and forseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

7j. Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

7k. Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

7l. Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

8. The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably

6

safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff injuries stated herein.

9. The Defendants, as part of their business, manufactured, sold and delivered their asbestos products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold.

10. At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

11. The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12. The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit

7

and safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

13. All or some of the Defendants became aware of the dangers of breathing asbestos before the Plaintiff was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

14. Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

15. The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

16. It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial

marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

17. As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff LEON PIASCZYK is suffering from asbestos-related lung disease, lung disease and / or loss of lung function. He has endured significant pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he has been severely restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. He suffers grief, fear and anguish over the effect of his illness, the pain caused by his symptoms and the worsening of his symptoms, condition and disease and his premature death. The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death.

### SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR LEON PIASCZYK

18. Paragraphs 1 through 17 are hereby repeated and realleged as if fully set forth.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

19. The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

20. The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Plaintiff of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

21. The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Plaintiff from the known dangers of asbestos.

By /s/ Amity L. Arscott
Amity L. Arscott, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
Firm Juris No 102932

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

Wherefore the Plaintiff, LEON PIASCZYK, claims against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this 31st day of January, 2012.

By /s/ Amity L. Arscott
Amity L. Arscott, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
Firm Juris No. 102932

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

$6.60
US POSTAGE
FIRST-CLASS
071V0079701
04108
00042333

Connecticut State
Keith D. Niziankie
P.O. Box 280054
East Hartford, CT 06128-0054

CERTIFIED MAIL
7011 1570 0001 7070 4124

Air & Liquid Systems Corp.
CT Corporation System
116 Pine St Ste 320
Harrisburg, PA 17101-1250