SDSD District Version 1.3

EFILE

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:12-cv-00412-AWT

Cummiskey v. General Electric Company et al
Assigned to: Judge Alvin W. Thompson
Cause: 28:1442 Petition for Removal

Date Filed: 03/16/2012
Jury Demand: None
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Brian Cummiskey**

represented by **Amity L. Arscott**
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340-1409
860-449-0341
Fax: 860-449-9070
Email: alarscott@embryneusner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa M. Riley**
Embry & Neusner
118 Poquonnock Rd., Po Box 1409
Groton, CT 06340
860-449-0341
Fax: 860-449-9070
Email: mriley@embryneusner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

**Defendant**

**CBS Corporation**
*a Delaware Corporation*
*formerly known as*
Viacom, Inc.
*formerly known as*
Westinghouse Electric Corporation
*Successor*
CBS Corporation

represented by **Thomas F. Maxwell , Jr.**
Pullman & Comley
850 Main St., Po Box 7006
Bridgeport, CT 06601-7006
203-330-2252
Fax: (203) 576-8888
Email: tmaxwell@pullcom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

SDSD District Version 1.3

**Defendant**

**Air & Liquid Systems Corporation**
*Successor*
Buffalo Pumps, Inc.

represented by **Bryna Rosen Misiura**
Governo Law Firm LLC
Two International Place 15th Floor
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: bmisiura@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Simons**
Governo Law Firm LLC
Two International Place 15th Floor
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: MSimons@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J Gallitto , 3rd**
Governo Law Firm LLC
Two International Place 15th Floor
Boston, MA 02110
617-737-9045
Fax: 617-737-9046
Email: wgallitto@governo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Electric Boat Corp.**
*Successor*
General Dynamics Corp./Electric Boat
Division

represented by **Erik C. DiMarco**
Wilson, Elser, Moskowitz, Edelman &
Dicker - 42nd NY
150 East 42Nd St.
New York, NY 10017-5639
212-490-3000 x2126
Fax: 212-490-3038
Email: erik.dimarco@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Air & Liquid Systems Corporation**

represented by **Michael D. Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

William J Gallitto , 3rd
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**
**Air & Liquid Systems Corporation**          represented by **Michael D. Simons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J Gallitto , 3rd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**
**CBS Corporation**          represented by **Thomas F. Maxwell , Jr.**
*a Delaware Corporation*          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**
**Electric Boat Corp.**          represented by **Erik C. DiMarco**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**
**General Electric Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/16/2012 | 1 | NOTICE OF REMOVAL by CBS Corporation from Superior, case number CV-12-6025774-S. Filing fee $ 350 receipt number 0205-2437376, filed by CBS Corporation. (Attachments: # 1 Exhibit)(Maxwell, Thomas) (Entered: 03/16/2012) |
| 03/16/2012 | 2 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation (Maxwell, Thomas) (Entered: 03/16/2012) |
| 03/16/2012 | 3 | Corporate Disclosure Statement by CBS Corporation. (Maxwell, Thomas) (Entered: 03/16/2012) |
| 03/16/2012 | 4 | NOTICE by CBS Corporation re 1 Notice of Removal *No Pending Motions* (Maxwell, Thomas) (Entered: 03/16/2012) |
| 03/16/2012 |  | Judge Alvin W. Thompson added. (Malone, P.) (Entered: 03/19/2012) |

| 03/16/2012 | 6 | Order on Pretrial Deadlines: Motions to Dismiss due on 6/16/12. Amended Pleadings due by 5/15/2012 Discovery due by 9/15/2012 Dispositive Motions due by 10/15/2012. Signed by Clerk on 3/16/12. (Ferguson, L.) (Entered: 03/21/2012) |
| --- | --- | --- |
| 03/16/2012 | 7 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Alvin W. Thompson on 3/16/12. (Ferguson, L.) (Entered: 03/21/2012) |
| 03/19/2012 | 5 | NOTICE of Appearance by Melissa M. Riley on behalf of Brian Cummiskey (Riley, Melissa) (Entered: 03/19/2012) |
| 03/21/2012 | 8 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 3 Corporate Disclosure Statement filed by CBS Corporation, 6 Order on Pretrial Deadlines, 7 Electronic Filing Order, 4 Notice (Other) filed by CBS Corporation, 1 Notice of Removal filed by CBS Corporation, 2 Notice of Appearance filed by CBS Corporation. Signed by Clerk on 3/21/12. (Attachments: # 1 Standing Order on Removal Cases)(Ferguson, L.) (Entered: 03/21/2012) |
| 03/21/2012 | 9 | MOTION to Stay re 1 Notice of Removal by CBS Corporation.Responses due by 4/11/2012 (Maxwell, Thomas) (Entered: 03/21/2012) |
| 03/21/2012 | 10 | NOTICE of Appearance by Erik C. DiMarco on behalf of Electric Boat Corp. (DiMarco, Erik) (Entered: 03/21/2012) |
| 03/21/2012 | 11 | MOTION for Joinder to Co-Defendant's Notice of Removal by Electric Boat Corp.. (Attachments: # 1 Exhibit A, # 2 Exhibit B Part 1, # 3 Exhibit B Part 2, # 4 Exhibit B Part 3)(DiMarco, Erik) (Entered: 03/21/2012) |
| 03/22/2012 | 12 | NOTICE of Appearance by William J Gallitto, 3rd on behalf of Air & Liquid Systems Corporation (Gallitto, William) (Entered: 03/22/2012) |
| 03/22/2012 | 13 | NOTICE by Air & Liquid Systems Corporation re 1 Notice of Removal Notice of Joinder in Removal (Attachments: # 1 Certificate of Service, # 2 Exhibit One, # 3 Exhibit Two)(Simons, Michael) (Entered: 03/22/2012) |
| 03/22/2012 | 14 | NOTICE of Appearance by Michael D. Simons on behalf of Air & Liquid Systems Corporation (Simons, Michael) (Entered: 03/22/2012) |
| 03/22/2012 | 15 | ANSWER to Complaint (Notice of Removal), CROSSCLAIM against All Defendants by Air & Liquid Systems Corporation.(Simons, Michael) (Entered: 03/22/2012) |
| 03/22/2012 | 16 | Corporate Disclosure Statement by Air & Liquid Systems Corporation identifying Corporate Parent Ampco-Pittsburgh Corporation for Air & Liquid Systems Corporation. (Simons, Michael) (Entered: 03/22/2012) |
| 03/22/2012 | 17 | NOTICE of Appearance by Bryna Rosen Misiura on behalf of Air & Liquid Systems Corporation (Misiura, Bryna) (Entered: 03/22/2012) |

SDSD District Version 1.3

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/23/2012 12:25:50 | | |
| **PACER Login:** gk0040 | **Client Code:** | 1380 |
| **Description:** Docket Report | **Search Criteria:** | 3:12-cv-00412-AWT |
| **Billable Pages:** 3 | **Cost:** | 0.24 |

 CT Corporation

**Service of Process Transmittal**
02/24/2012
CT Log Number 520033602

**TO:** Rose Hoover, Vice Pres. Admin. and Corporate Sec.
Ampco-Pittsburgh Corporation
600 Grant Street, Suite 4600
Pittsburgh, PA 15219

**RE:** **Process Served in Pennsylvania**

**FOR:** Air & Liquid Systems Corporation (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Brian Cummiskey, Pltf. vs. General Electric Company, et al. including Air & Liquid Systems Corporation, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Motion, Summons, Instructions, Complaint |
| **COURT/AGENCY:** | Connecticut Superior Court, CT<br>Case # None Specified |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Harrisburg, PA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/24/2012 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | On or before the second day after 3/20/2012 |
| **ATTORNEY(S) / SENDER(S):** | Amity L. Arscott<br>Embry & Neusner<br>PO Box 1409<br>Groton, CT 06340<br>860-449-0341 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/24/2012, Expected Purge Date: 02/29/2012<br>Image SOP<br>Email Notification, Rose Hoover RHOOVER@AMPCOPGH.COM<br>Email Notification, Jen Sauers jsauers@ampcopgh.com<br>Email Notification, Nicole Sayles nsayles@ampcopgh.com<br>Email Notification, Insurance Department insurance@ampcopgh.com<br>Email Notification, Ashley Vargo avargo@ampcopgh.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | CT Corporation System<br>Sabra Dudding<br>116 Pine Street<br>3rd Floor, Suite 320<br>Harrisburg, PA 17101 |
| **TELEPHONE:** | 717-234-6004 |

Page 1 of  1 / JD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN RE: BRIDGEPORT ASBESTOS LITIGATION

Return Date:   March 20, 2012

| | | |
|---|---|---|
| BRIAN CUMMISKEY, | : | SUPERIOR COURT |
| Plaintiff, | : | |
| | : | J.D. OF FAIRFIELD |
| VS. | : | |
| | : | AT BRIDGEPORT |
| | : | |
| GENERAL ELECTRIC COMPANY, et al; | : | |
| Defendants. | : | February 16, 2012 |

## MOTION TO TAKE DEPOSITION
## PRIOR TO THE EXPIRATION OF TWENTY DAYS
## AFTER RETURN DAY

Pursuant to Conn. Practice Book Section 13-27, the plaintiff moves to take his deposition upon oral examination prior to the expiration of twenty days after the return day. Plaintiff moves to take his deposition on Monday, March 26, 2012 at 10 a.m. before a notary public in and for the State of Connecticut or by some other officer authorized to administer oaths, at the Hampton Inn, 300 Long Hill Road, Groton, CT 06340. All appearing parties are invited to attend and cross-examine.

As reasons therefor, plaintiff through his counsel, states that he has been diagnosed with mesothelioma, a terminal lung cancer. Mesothelioma is an "invariably fatal cancer … for which asbestos exposure is the only known cause." In re Patenaude, 210 F.3d 135, 138 (3d Cir.), cert. denied, 531 U.S. 1011 (2000). It kills its victims "generally within two years of diagnosis[,]" during which "mesothelioma victims invariably suffer great pain and

disability." <u>Georgine v. Amchem Prods., Inc.</u>, 83 F.3d 610, 633 (3d Cir.), aff'd., 521 U.S. 591 (1997).

Upon information and belief, Mr. Cummiskey's health is rapidly declining.

WHEREFORE, Plaintiff moves to take his deposition prior to the expiration of twenty days after the return day.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF

By _Amity L Chtt_____
AMITY L. ARSCOTT, ESQ
EMBRY & NEUSNER
P.O. BOX 1409
GROTON, CT 06340-1409

A TRUE COPY ATTEST

KEITH D. NILJIANKIEWICZ
CONNECTICUT STATE MARSHAL

**SUMMONS - CIVIL**
JD-CV-1   Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

*See page 2 for instructions*

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☒ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 1061 Main Street, Bridgeport 06604 | ( 203 ) 579-6527 | March<br>Month | 20<br>Day | 2012<br>Year |
| ☒ Judicial District   ☐ Housing Session | G.A.<br>Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)<br>**Bridgeport** | Case type code *(See list on page 2)*<br>Major: T   Minor: 20 | |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Embry and Neusner, 118 Poquonnock Road, Groton, CT 06340 | 102932 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 ) 449-0341 | |

| Number of Plaintiffs: 1 | Number of Defendants: 4 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name:   CUMMISKEY, Brian<br>Address: 22 Redwood Drive, Coventry, RI  02816 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name:   GENERAL ELECTRIC COMPANY<br>Address: c/o CT Corporation System, 1 Corporate Center, Floor 11, Hartford, CT 06103 | D-50 |
| Additional Defendant | Name:   CBS CORPORATION f/k/a VIACOM, INC. s/b/m with CBS Corporation f/k/a Westinghouse Electric Corp.<br>Address: c/o Corporation Service Company, 50 Weston Street, Hartford, CT 06120 | D-51 |
| Additional Defendant | Name:   AIR & LIQUID SYSTEMS CORPORATION as s/b/m to Buffalo Pumps, Inc.<br>Address: 874 Oliver Street, North Tonawanda, NY 14120-3298, c/o CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101 | D-52 |
| Additional Defendant | Name:   ELECTRIC BOAT CORP., successor-in-interest to General Dynamics Corp. / Electric Boat Division<br>Address: 75 Eastern Point Road, Groton, CT 06340, c/o C T CORPORATION SYSTEM, ONE CORPORATE CENTER, HARTFORD, CT, 06103-3220 | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court   ☐ Assistant Clerk | Name of Person Signing at Left<br>Amity L. Arscott | Date signed<br>2/16/12 |
|---|---|---|---|
| | | | For Court Use Only |
| If this Summons is signed by a Clerk: | | File Date | |

a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Maria Ventura, 118 Poquonnock Road, Groton, CT 06340

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court   ☐ Assistant Clerk | Date<br>2/16/12 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
(b) Summary process actions.
(c) Applications for change of name.

(d) Probate appeals.
(e) Administrative appeals.
(f) Proceedings pertaining to arbitration.
(g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| **Contracts** | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| **Eminent Domain** | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| **Miscellaneous** | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 82 | Housing Civil Matters |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| **Property** | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| **Torts (Other than Vehicular)** | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| **Vehicular Torts** | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| **Wills, Estates and Trusts** | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

JD-CV-1 Rev. 6-11

(Page 2 of 2)

Return Date:   March 20, 2012

| | |
|---|---|
| BRIAN CUMMISKEY,<br>        Plaintiff, | SUPERIOR COURT |
| | J.D. OF FAIRFIELD |
| VS. | AT BRIDGEPORT |
| GENERAL ELECTRIC COMPANY;<br>CBS CORPORATION f/k/a VIACOM INC.,<br>        successor-by-merger with CBS CORPORATION<br>        f/k/a WESTINGHOUSE ELECTRIC<br>        CORPORATION;<br>AIR & LIQUID SYSTEMS CORPORATION<br>        as successor-by-merger to BUFFALO PUMPS,<br>        INC.,<br>ELECTRIC BOAT CORP., successor-in-interest to<br>General Dynamics Corp. / Electric Boat Division<br>                Defendants | February 16, 2012 |

COMPLAINT

CLAIM ON BEHALF OF BRIAN CUMMISKEY

FIRST COUNT BASED ON
NEGLIGENCE AND PRODUCTS LIABILITY
ON BEHALF OF BRIAN CUMMISKEY
FOR PERSONAL INJURIES AND DAMAGES.

1.  The plaintiff, BRIAN CUMMISKEY, worked as a welder and grinder at General

Dynamics / Electric Boat Corp. in Groton, Connecticut from approximately 1975 to 1991.

Mr. CUMMISKEY also performed personal home and automobile work, which exposed

him to asbestos.  His duties, work and activities caused him to work in areas where he and

others were handling and working with asbestos products or products containing, involving

or requiring the use of asbestos and was exposed to asbestos fibers and materials

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

manufactured by the defendants and otherwise placed into the stream of commerce by the defendants.

2a.    General Electric Company is a New York corporation which does business in the State of Connecticut with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 0643. Its agent for service is CT Corporation System, One Corporate Center, Floor 11, Hartford, CT 06103.

2b.    CBS Corporation, a Delaware corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation, is a foreign corporation which does business in the State of Connecticut with its principal place of business at 51 West 52nd Street, New York, New York 10019. Its agent for service is Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

2c.    Air & Liquid Systems Corporation as successor-by-merger to Buffalo Pumps, Inc., is a foreign corporation which does business in the State of Connecticut with its principal place of business at 874 Oliver Street, North Tonawanda, NY 14120-3298 and an agent for service at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

3.    The Defendants who are successor corporations have assumed the assets and liabilities of their predecessors, and they are responsible for the liabilities of the predecessors, both as to compensatory and as to punitive damages. As used in this Complaint, "defendant(s)" includes, unless expressly stated to the contrary above, all predecessors for whose actions plaintiff claims the named defendant(s) is(are) liable.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

4.    The Defendants listed in paragraphs 2a through 2c were either in the business of manufacturing, distributing, selling or otherwise placing into the stream of commerce various products or they manufactured, distributed, sold or otherwise placed into the stream of commerce products which they knew or should have known required or incorporated asbestos for use, operation or function or acted jointly with companies and corporations that were either in the business of manufacturing, distributing, selling or otherwise placing into the stream of commerce various products or that manufactured, distributed, sold or otherwise placed into the stream of commerce products which they knew or should have known required or incorporated asbestos for use, operation or function to withhold or prevent information from reaching the consumers and public. During the relevant periods of time, each corporation was doing business in the State of Connecticut.

5.    During the Plaintiff's employment and in his duties, work and activities, he was exposed to the asbestos, asbestos products or products containing, involving or requiring the use of asbestos manufactured by the defendants and otherwise placed into the stream of commerce by the defendants.  As part of his employment and in his work, duties and activities, he was forced to come in contact with asbestos fibers and dust coming from said asbestos products.

6.    The illnesses of the Plaintiff are the proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that they produced, sold, distributed and otherwise put into the stream of commerce, asbestos, asbestos related insulation materials, asbestos-containing products or products they knew or should have

3

known required or involved asbestos for use, operation or function which the defendants knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to the Plaintiff's body, lungs, respiratory system, skin and health. At all times said asbestos, asbestos related products, and asbestos required for the use, operation or function of their products was so intrinsically dangerous so as to necessarily expose users of the materials to probable injury and were ultra hazardous. The Defendants were aware or should have been aware that asbestos would be applied to their products or recommended or required that asbestos would be used on their products.

7.    The disability, injuries, and illness of the Plaintiff are the direct and proximate result of the negligence, recklessness and willfulness of the Defendants, jointly and severally, in that, even though the Defendants knew, or, in the exercise of ordinary care, should have known, that the asbestos, asbestos-containing products and the asbestos required or recommended for or involved in use, operation or function of their products was deleterious, poisonous and highly harmful to the Plaintiff's body, lung, respiratory system, skin and health, the Defendants nonetheless:

7a.    Failed to advise the Plaintiff of the dangerous characteristics of their asbestos, asbestos, asbestos related insulation products, asbestos-containing products, products which they knew or should have known required or involved asbestos for use, operation or function, or for their products for which they recommended the use of the asbestos for insulation and other purposes,

4

7b.    Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and protective equipment and appliances to prevent him from being exposed to such deleterious and harmful asbestos related insulation materials, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function;

7c.    Failed and omitted to place any warnings or sufficient warnings on their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos related insulation products, asbestos-containing products, and products requiring or involving asbestos and failed to warn of the risks and dangers associated with installation and removal of asbestos on their products,

7d.    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos related insulation products, asbestos containing-products, and products which they knew or should have known required or involved asbestos for use, operation or function,

7e.    Inadequately warned, if, in fact, they warned at all, persons such as the Plaintiff of the dangers to their health from coming in contact with and breathing said asbestos, asbestos related insulation products, asbestos-containing products, and of the dangers involved in installing and removing asbestos from their products,

5

7f.     Failed to warn of the dangers of asbestos to cigarette smokers including the synergistic relationship between cigarette smoking, asbestos exposure and cancer,

7g.     Did not recommend methods to improve the work environment,

7h.     Failed to properly test and investigate the safety of the asbestos Defendants were manufacturing, selling and distributing or requiring in the use, operation or function of their products or to develop alternative products,

7i.     Failed to provide adequate safety instructions for persons who would reasonably and foreseeably come into contact with their products and the asbestos which would be used in the operation or function of their products,

7j.     Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those exposed to asbestos products,

7k.     Failed to eliminate or reduce the amount of asbestos contained in their products and failed to take steps to reduce the amount of asbestos dust released into the air during the use and operation of their products,

7l.     Continued to use or require use of a known cancer-causing product, to-wit: asbestos.

8.     The Defendants intentionally misrepresented that their asbestos, asbestos related insulation products, asbestos-containing products, or products they knew or should have known required or involved asbestos for use, operation or function were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused Plaintiff injuries stated herein.

6

9. The Defendants, as part of their business, manufactured, sold and delivered their asbestos products they knew or should have known required or involved asbestos for use, operation or function into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the Plaintiff, without substantial change in the condition in which they were sold.

10. At all relevant times, the asbestos, asbestos related insulation products, asbestos-containing products, and the asbestos which they knew or should have known would be installed or used for the operation or function of their products, were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the Defendants.

11. The Defendants expressly or impliedly warranted that said asbestos, asbestos related insulation products, asbestos-containing products, and products they knew or should have known required or involved asbestos for use, operation or function were of merchantable quality, fit and safe for the purpose for which they were manufactured, sold or used.

12. The Defendants breached the said warranties in that their asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function were not fit and safe for the purposes for which they were manufactured, sold and used so that they

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

could not be used without extreme danger to those who breathed the dust coming from their products.

13.     All or some of the Defendants became aware of the dangers of breathing asbestos before the Plaintiff was exposed to Defendants' asbestos, asbestos related insulation products, asbestos-containing products, and products which they knew or should have known required or involved asbestos for use, operation or function but they intentionally and fraudulently concealed the danger from the Plaintiff and the public or conspired to do the same and intentionally misrepresented the information they caused to be published concerning the dangers of asbestos.

14.     Some or all of the Defendant corporations were aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the Plaintiff and other human beings.

15.     The Defendants jointly, and each individually, have at all relevant times consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's, including studies conducted by or on behalf of various Defendants in the asbestos industry.

16.     It was the continuing duty of the Defendants to advise and warn purchasers, consumers, users and those exposed to the products, and prior purchasers, consumers and users of all dangers, characteristics and defects discovered subsequently to their initial marketing or sale of their asbestos, asbestos related insulation products, asbestos-containing

8

products, and products which they knew or should have known required or involved asbestos for use, operation or function, which duty the Defendants breached.

17. As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff BRIAN CUMMISKEY is suffering from mesothelioma, asbestos-related lung disease, lung disease and / or loss of lung function. He has endured significant pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he has been severely restricted in his usual activities. He has been required and will be required to spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. He suffers grief, fear and anguish over the effect of his illness, the pain caused by his symptoms and the worsening of his symptoms, condition and disease and his premature death. The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death.

## SECOND COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES FOR BRIAN CUMMISKEY

18. Paragraphs 1 through 17 are hereby repeated and realleged as if fully set forth.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

19.     The injuries and damages were caused by the Defendants in that their actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the Defendants knew or should have known would result.

20.     The Defendants, after they learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the Plaintiff of the dangers of his exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

21.     The Defendants, after they learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the Plaintiff from the known dangers of asbestos.

### THIRD COUNT

### CLAIM ON BEHALF OF BRIAN CUMMISKEY

### FIRST COUNT BASED ON
### NEGLIGENCE AND PRODUCTS LIABILITY
### ON BEHALF OF BRIAN CUMMISKEY
### FOR PERSONAL INJURIES AND DAMAGES

22.     The plaintiff, BRIAN CUMMISKEY, was the son of Joseph Cummiskey at all relevant times.  Joseph Cummiskey was employed as a welder by General Dynamics / Electric Boat Division, where he was exposed to asbestos causing his clothes and body to become contaminated with asbestos-containing materials.  The plaintiff was exposed to said asbestos as a result of the asbestos dust, fibers and particles which were brought home on his father's clothes and his person.

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

23.     Electric Boat Corp., successor-in-interest to General Dynamics Corp. / Electric Boat Division, is a corporation with its principal place of business at 75 Eastern Point Road, Groton, CT 06340.

24.     Electric Boat Corp., successor-in-interest to General Dynamics Corp. / Electric Boat Division, constructed, designed, assembled, installed, tested and / or sold various asbestos products which the plaintiff's father brought home on his clothes and his person. During the relevant periods of time, the defendant corporation was doing business in the State of Connecticut.

25.     While plaintiff's father worked at General Dynamics, he was exposed to asbestos containing products. The plaintiff's father came in contact with asbestos fibers and dust coming from said asbestos containing products. As a result, he brought home asbestos fibers and dust on his person and his clothing whereby the plaintiff was exposed to and inhaled the asbestos causing him injuries.

26.     As a result of the acts of the Defendant as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products which Defendants knew or should have known required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendant Electric Boat Corp., Plaintiff BRIAN CUMMISKEY is suffering from mesothelioma, asbestos-related lung disease, lung disease and / or loss of lung function. He has endured significant pain and mental anguish and will continue to suffer in the future. His earning capacity has been impaired and he has been severely restricted in his usual activities. He has

11

been required and will be required to spend large sums of money for medical care and treatment. He is at increased risk of developing further impairment and / or death. He suffers grief, fear and anguish over the effect of his illness, the pain caused by his symptoms and the worsening of his symptoms, condition and disease and his premature death. The foregoing injuries and damages are of a permanent nature, and he has fear of suffering a premature death.

27.     The illness and death of the decedent are the proximate result of the negligence, recklessness and willfulness of the defendant in that it manufactured, assembled, installed and otherwise put into the stream of interstate commerce, asbestos and asbestos related insulation materials and other asbestos-containing products which the defendant knew, or in the exercise of ordinary care, should have known were deleterious, poisonous and highly harmful to decedent's body, lungs, respiratory system, skin and health. At all times said asbestos and asbestos-related products were so intrinsically dangerous so as to necessarily expose users of the materials and the users' families to probable injury and were ultra hazardous.

28.     The illness and death of the decedent are the direct and proximate result of the negligence, recklessness and willfulness of the defendant in that, even though the defendant knew, or, in the exercise of ordinary care, should have known, that the asbestos-containing products were deleterious, poisonous and highly harmful to the decedent's body, lungs, respiratory system, skin and health, the defendant nonetheless:

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

28a.    Failed to advise the plaintiff and the plaintiff's father of the dangerous characteristics of its asbestos, asbestos related insulation products and other asbestos-containing products;

28b.    Failed or omitted to provide the plaintiff and the plaintiff's father with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances if, in truth, it was, in any way, able to protect him from poisoning and disabling the plaintiff as he was by exposure to such deleterious and harmful asbestos related insulation materials and other asbestos-containing products;

28c.    Failed and omitted to place any warnings or sufficient warnings on its asbestos, asbestos insulation materials and asbestos-containing products to warn the handlers thereof of the dangers to health in coming in contact with said asbestos, asbestos insulation materials and other asbestos-containing products and failed to warn the plaintiff of the risks and damages he was exposed to as a result of asbestos on his father's clothes and body;

28d.    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling and installing said asbestos, asbestos insulation materials and other asbestos-containing products;

28e.    Inadequately warned, if, in fact, it warned at all, persons such as the plaintiff and the plaintiff's father of the dangers to their health from coming in contact with asbestos-containing products and breathing said asbestos including the special dangers of asbestos exposure to cigarette smokers;

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

28f.    Did not undertake methods to improve the work environment and to prevent exposure to asbestos;

28g.    Failed to properly test and investigate the safety of the asbestos the defendant was manufacturing, assembling and installing or to develop alternative products;

28h.    Failed to provide adequate safety instruction for persons who would reasonably and foreseeably come into contact with its products so the products could be used with safety and to advise them of ways to avoid exposing their families to the risks and dangers of asbestos;

28i.    Failed to properly investigate and comply with reasonable standards and regulations relating to the health of those using or being exposed to asbestos products;

28j.    Failed to eliminate or reduce the amount of asbestos contained in its products;

28k.    Continued to use a known cancer-causing product, to-wit: asbestos.

29.    The defendant intentionally misrepresented that its asbestos products were reasonably safe for their intended use and fraudulently concealed information about them which fraudulent concealment caused plaintiff injuries as stated herein.

30.    The defendant, as part of its business, manufactured, sold and delivered its asbestos-containing products into the stream of commerce in a defective, unsafe and inherently dangerous condition as described above, and the asbestos products were expected to and did reach such persons, as the plaintiff, without substantial change in the condition in which they were sold.

14

31.     At all relevant times, the insulating and / or asbestos products were used and employed for the purpose for which they were manufactured, sold and intended to be used in a manner foreseeable to the defendant.

32.     The defendant expressly or impliedly warranted that said asbestos was of merchantable quality, fit and safe for the purpose for which it was manufactured, assembled, installed, sold or used.

33.     The defendant breached the said warranties in that its asbestos and asbestos-containing products were not fit nor safe for the purposes for which they were manufactured, sold and used so that they could not be used without extreme danger to those who breathed the dust coming from their products.

34.     The defendant became aware of the dangers of breathing asbestos before the plaintiff was exposed to defendant's asbestos products but it intentionally and fraudulently concealed the danger from the plaintiff, the plaintiff's father and the public or conspired to do the same and intentionally misrepresented the information it caused to be published concerning the dangers of asbestos.

35.     The defendant was aware or should have been aware of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the decedent and other human beings.

15

36.     The defendant, at all relevant times, consistently failed to acknowledge, publish, or in any way advise of the studies and reports known throughout the industry since the 1920's.

37.     It was the continuing duty of the defendant to advise and warn purchasers and users, prior purchasers and prior users, and their family members of all dangers, characteristics and defects discovered subsequent to its initial marketing or sale of its asbestos and asbestos-containing products, which duty the defendant breached.

## FOURTH COUNT FOR EXEMPLARY OR PUNITIVE DAMAGES ON BEHALF OF BRIAN CUMMISKEY

38.     Paragraphs 22 through 37 are hereby repeated and realleged as if fully set forth.

39.     The injuries and damages were caused by the defendant in that its actions constituted wanton, willful and malicious misconduct and demonstrated a reckless disregard for the consequences the defendant knew or should have known would result.

40.     The defendant, after it learned or should have learned of the dangers of asbestos exposure, failed or refused to notify the plaintiff and the plaintiff's father of the dangers of their prior exposure and of the need for continuing medical surveillance and conspired to keep such knowledge from the public.

16

41.     The defendant, after it learned of some of the dangers of asbestos exposure after others became ill, failed to promptly act to protect the plaintiff and the plaintiff's father from the known dangers of asbestos.

THE PLAINTIFF
BRIAN CUMMISKEY

By _____
Amity L. Arscott, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT  06340
(860) 449-0341
Juris No. 102932

A TRUE COPY ATTEST

KEITH D. NIEZIANKIEWICZ
CONNECTICUT STATE MARSHAL

17

Wherefore the Plaintiff, BRIAN CUMMISKEY, claims against the Defendants jointly and severally:

1. Money damages.

2. The amount in demand is greater than $15,000.00

3. Punitive and exemplary damages.

4. Such other relief as the Court may deem proper.

Date at Groton this 16th day of February, 2012.

By _____
Amity L. Arscott, Esq.
Embry & Neusner
P.O. Box 1409
Groton, CT 06340
(860) 449-0341
Juris No. 102932

A TRUE COPY ATTEST

KEITH D. NIELIANKIEWICZ
CONNECTICUT STATE MARSHAL

18



$7.00 °
US POSTAGE
FIRST-CLASS

071V0079870 1
06108
00000334



CERTIFIED MAIL

7011 2000 0001 9891 0180

Air & Liquid Systems Corp.
CT Corporation System
116 Pine St Ste 320
Harrisburg, PA 17101-1250



Connecticut State Marshal
Keith D. Niziankiewicz
P.O. Box 280054
East Hartford, CT 06128-0054