**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

MDL No. 875 - In re Asbestos Products Liability Litigation (No. VI)

---------------------------------------------------X
:
:
MILTON FORDHAM, et al.,           :   S.D.N.Y 12 Civ. 1145 (PAE)
:
Plaintiffs,                       :
:
v.                                :
:
ASBEKA INDUSTRIES OF NEW YORK,    :   **PLAINTIFFS' BRIEF IN SUPPORT OF**
INC., et al.,                     :   **THEIR MOTION TO VACATE**
:   **CONDITIONAL TRANSFER ORDER 492**
Defendants                        :
---------------------------------------------------X

Plaintiffs, Milton Fordham and Edna Fordham (collectively "Plaintiffs"), by and through their counsel, Wilentz, Goldman & Spitzer, P.A., hereby submit this brief in support of Plaintiffs' Motion to Vacate Conditional Transfer Order 492 ("CTO-492").

**I. PRELIMINARY STATEMENT**

Plaintiffs' motion to vacate should be granted because (1) transfer is not proper pursuant to 28 USC § 1407 since the criteria to transfer matters to the MDL are not satisfied in this case; (2) defendants General Electric Company, CBS Corporation, and Foster Wheeler LLC (collectively "Defendants") and their counsel have consistently abused the process of removal and transfer and, therefore, in the interest of justice, the Panel should vacate CTO-492; and (3) in the event that the Panel should find that transfer is otherwise warranted, Plaintiffs, in the alternative, will waive any and all claims against Defendants stemming from Mr. Fordham's

asbestos exposure while on board any Navy ship, vessel, or any federal premise and, therefore, Defendants' bases for removal and transfer are moot.

## II. STATEMENT OF FACTS

Milton Fordham, sub-plaintiff in <u>Fortunato, et al. v. ABB Lummus Crest, et. al.</u>; Index No.: 127150/02, filed suit in Supreme Court, New York County on December 16, 2002 alleging that he was suffering from asbestosis cause by his exposure to asbestos. Thereafter, Mr. Fordham filed suit for a second asbestos-related injury, lung cancer, in <u>Fordham v. Asbeka Industries of New York, Inc., et al.</u>; Index No.: 190414/11 on October 19, 2011. Both complaints allege exposure to asbestos while Mr. Fordham served for two years in the United States Navy and for approximately 10 years while working for Long Island Lighting Company ("LILCO"). Milton Fordham was also a co-worker of a deceased plaintiff whose case is assigned to the New York City Asbestos Litigation April 2012 *In Extremis* trial group. For those reasons, Mr. Fordham's deposition was noticed in two cases, as a co-worker of the deceased and as a plaintiff in his own case. Prior to his deposition, Plaintiffs' Answers to Defendants' Interrogatories were served on January 13, 2012.

On February 7, 2012, and on subsequent days thereafter, plaintiff Milton Fordham's deposition was taken by defendants. During his deposition, Mr. Fordham testified that in approximately the spring of 1963, he served onboard the USS Hazelwood, as a mess cook, for about three months. See Declaration of Kush Shukla in Support of Plaintiffs' Motion to Vacate CTO-492 ("Shukla Declaration") **Exhibit 1** ("Shukla Declaration Exhibit 1") at T99:19-24; T108:1-4. According to Mr. Fordham, there were two engine rooms and two boiler rooms on the USS Hazelwood. Id. at T108:21-24. After three months, Mr. Fordham took a test and became an E-3 Machinist. Id. at T107:23-25—108:1-2. He was stationed in engine room "1" on the

main control for his entire time on the Hazelwood. Id. at T108:13-25—109:1-6. Mr. Fordham served onboard the USS Hazelwood for two years until he was discharged in April 1965. Id. at T121:25—122:1-6.

On February 14, 2012, Defendants filed their notice of removal of this case from Supreme Court, New York County pursuant to 28 USC §1442 (a)(1) and 1446. On February 22, 2012, Defendants moved to transfer this action to MDL-875. The MDL Panel issued CTO-492 on February 24, 2012. See Shukla Declaration **Exhibit 2**. On March 2, 2012, Plaintiffs filed their Notice of Opposition to CTO-492. See Shukla Declaration **Exhibit** 3. On March 27, 2012, Plaintiffs submitted their Emergency Motion to Remand and Motion to Strike Defendants' Affidavits, which are currently pending before the Honorable Paul A. Engelmayer in the United States District Court of Southern District of New York. See Shukla Declaration **Exhibit 4**.

### III. LEGAL ARGUMENT

The Panel is a creature of statute with powers defined and limited by such statute. Pursuant to 28 USC § 1407, there are three criteria that must be met before transfer will be deemed proper: (1) transfer must advance the just and efficient conduct of the actions; (2) transfer must be in the convenience of the parties and witnesses; and (3) the actions must share common issues of fact. 28 USC § 1407(a).

> 1. It Would Be A Waste of Judicial Resources To Transfer The Case To The MDL Without First Properly Establishing Whether Federal Jurisdiction Is Appropriate, Which Plaintiff Has Established Is Not Appropriate In This Matter

In reaching its decision to transfer, in addition to the convenience of the parties and witnesses, the Panel should consider whether transfer will promote the just and efficient conduct of the action in question. See In re Patenaude, 210 F. 3d. 135, 142 (3rd Circuit 2000). This is the most important factor in determining whether consolidation of a tag-along case is appropriate. In

re Tobacco/Gov. Health Care Costs Litigation, 76 F. Supp. 2d. 7-8 (D.D.C. 1999). The term "efficiency" in this context usually refers to conserving judicial resources. See 17 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.). Moreover, federal courts are courts of limited jurisdiction. They presumptively have no jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, federal courts must determine at the outset of an action that jurisdiction exists or risk "carr[ying] the courts beyond the bounds of authorized judicial action and thus offend[ing] fundamental principles of separation of powers." Steel Co. v. Citizens for a Better Env't, 523 US. 83,93-94 (1998). There are no exceptions to the rule "requir[ing] that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (Id. at 94-95 (citing Mansfield, C. & L. M R. Co. v. Swan, 111 U.S. 379, 382 (1884).

On March 27, 2012, Plaintiffs filed their Emergency Motion to Remand and Motion to Strike Defendants' Affidavits before the United States District Court of the Southern District of New York and said motions are currently pending before the transferor court. Should the Southern District of New York remand this action to state court for the reasons set forth in Plaintiffs' Emergency Motion to Remand, an order transferring this action to the Eastern District of Pennsylvania would be unnecessary and moot. In fact, pursuant to Plaintiffs' Memorandum of Law in Support of Their Emergency Motion to Remand papers, it is clear that there is no federal court subject matter jurisdiction in this case. See Shukla Declaration **Exhibit 5**. Plaintiffs therefore request that CTO-492 be vacated or continued to enable the District Court to rule on Plaintiffs' Emergency Motion to Remand.

      (i)      The Panel May Vacate Conditional Transfer Orders To Allow The Time Needed For The Transferor Court To Rule On Motions To Remand

In the past, the Panel has vacated conditional transfer orders to afford transferor courts an opportunity to rule promptly on motions for remand to state court. In Vasura v. AC&S, Inc., a case involving a similar asbestos matter removed from state court, the Panel "vacated its prior transfer order to allow [the transferor] Court to decide Vasura's motion for remand." Vasura, 84 F. Supp. 2d 531, 533 (S.D.N.Y. 2000).[1]

      (ii)     In The Interest of Judicial Efficiency, CTO-492 Should Be Vacated To Allow the District Court to Rule On Plaintiffs' Emergency Motion to Remand

The basic purpose underlying the enactment of 28 U.S. §1407 is to secure in multidistrict litigation, as in all other civil litigation, the just, speedy, and inexpensive determination of every action. See In re National Student Marketing Litigation, 368 F. Supp. 1311, 1316 (J.P.M.L. 1983). The Panel may not transfer an action to another district unless transfer promotes judicial economy and eliminates the potential for conflicting rulings. 28 U.S.C. § 1407(a); see also In re Plumbing Fixture Cases, 298 F. Supp. 484, 490-492 (J.P.M.L. 1968) ("The purpose of Section 1407 makes it clear that its remedial aim is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate distinct and appellate courts in multidistrict related civil actions."). Accordingly, "[t]he Panel's statutory mandate is to weigh the interests of all parties. . . in light of the purposes of Section 1407." In re Stirling Homex Corp. Sec. Lit., 442

---

[1] Vasura, 84 F. Supp. 2d 531, 533 ("While the remand motion was sub judice, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") transferred this case to Judge Charles R. Weiner of the Eastern District of Pennsylvania for discovery purposes. Because of uncertainty over whether I retained the authority to decide the motion, I held a conference with counsel for plaintiff and Atlas Turner on December 14, 1999. At the conference, I informed counsel of my intention to confer with Judge Weiner about sending the case back to this Court for the purpose of deciding the motion. Judge Weiner quite properly referred that question to the MDL Panel, which on January 5, 2000 vacated its prior transfer order to allow this Court to decide Vasura's motion to remand. Accordingly, the case is properly before me for resolution of the motion.")

F. Supp. 547, 550 (J.P.M.L. 1977). Should Plaintiffs' case be transferred to the MDL now, this basic purpose will not be fulfilled because the case will most likely languish for a period of time until proper jurisdiction is established, a process which is currently ongoing in the District Court as discussed above.

The purpose of a motion to remand is to determine if a valid basis for federal jurisdiction exists. Absent a finding of federal jurisdiction, this case would clearly not belong in the MDL. It therefore makes sense, in the interest of judicial economy, to allow the remand motion process to fully run its course in the transferor court before burdening the MDL with yet another asbestos case. Additionally, Plaintiffs have requested an expedited decision from the District Court Judge in light of CTO-492 and Mr. Fordham's current health which is deteriorating.

Whether or not the case should be remanded to the state court should be decided pursuant to existing authority in the transferor district. Additionally, according to Rule 2.1(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the United States District Court for the Southern District of New York still retains jurisdiction. In relevant part, Rule 2.1(d) states that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 <u>does not affect or suspend orders and pretrial proceedings</u> in any pending federal district court action and <u>does not limit the pretrial jurisdiction of that court</u>." (emphasis added). It would be burdensome and inefficient to transfer this case to MDL 875 and require the MDL Judge to rule on this local issue, especially when the issue has been fully briefed before the transferor court and a decision on remand is imminent. Finalizing CTO-492 prior to the ruling on jurisdiction will add yet another substantial case to the already overburdened docket of MDL 875.

In fact, motions to remand asbestos cases to state court which have been removed based on the federal officer removal statute, as is the case here, have been routinely decided by District Courts around the country before transfer to the MDL. See e.g., Glein v. Boeing Co., 2011 U.S. Dist. LEXIS 12466 (S.D. Ill. 2011); Smith v. Anchor Packing Co., 2008 U.S. Dist. LEXIS 92041 (S.D.N.Y. 2008); Miranda v. Abex Corp., 2008 U.S. Dist. LEXIS 91497 (S.D.N.Y. 2008); Nesbiet v. GE, 399 F. Supp. 2d 205 (S.D.N.Y. 2005); Fink v. Todd Shipyards, et al., 2004 U.S. Dist. LEXIS 6912 (E.D. La. 2004); Morgan v. Asbestos Defendants, 2003 WL 945987 (N.D. Cal. 2003); Teague v. Bell Helicopter Services, Inc., 2003 WL 21135481 (N.D. Tex. 2003); Schilz v. A.P. Green Industries, Inc., 2002 WL 102608 (N.D. Cal. 2002); Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F. Supp.2d 1144 (D. Colo. 2002); Carter v. AC&S Inc., 2002 U.S. Dist. LEXIS 24057 (E.D. Tex. 2002); Hines v. AC&S, Inc., 128 F.Supp.2d 1003 (N.D. Texas 2001); Anderson v. Crown Cork & Seal, 93 F.Supp.2d 697 (E.D. Va. 2000); Megill v. Worthington Pump, Inc., 1999 U.S. Dist. LEXIS 4433 (D. Del. 1999); Mouton v. Flexitallic, Inc., 1999 WL 225438 (E.D. La. 1999); Bautista v. Owens Coming Fiberglas Corp., 1998 WL 267975 (N.D. Cal. 1998); Feidt v. Owens Coming Fiberglas Corp., 153 F.3d 124 (3d Cir. 1998); Nguven v. Allied Signal. Inc., 1998 WL 690854 (N.D. Cal. 1998); Polesky v. AC&S, Inc., 1998 WL 633666 (S.D.N.Y. 1998).

     (iii)  Principles of Comity Also Support Vacating CTO-492

Principles of comity also support vacating CTO-492 until the local District Court rules on Plaintiffs' Emergency Motion to Remand. See In re L.E. Lay & Co. Antitrust Litg., 391 F.Supp. 1054, 1056 (J.P.M.L. 1975) ("[O]n principles of comity, we are reluctant to transfer any action that has an important motion under submission with a court"); In re Plumbing Fixture Cases, 298 F. Supp. 484, 496 (J.P.M.L. 1968) ("On principles of comity, where appropriate, the Panel has in

the past timed its actions and constructed its orders in a manner which will permit the transferor courts. . . to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and wil be followed in the future by the Panel.").

Vacating CTO-492 in this case until the transferor court has ruled upon Plaintiffs' Emergency Motion for Remand will cause no prejudice to any party and will further the interests of judicial economy, the very purpose for which this process was originally created. If federal jurisdiction is rejected, the case will be returned to state court. If federal jurisdiction is confirmed, the Conditional Transfer Order process can run its course.

**2.** <u>Transfer To The MDL Will Severely Inconvenience the Parties and Witnesses In This Matter</u>

If this action is transferred to the MDL, it will severely inconvenience the parties and witnesses in this matter. The Panel has denied transfers that would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. <u>In re A.H. Robins Co. Dalkon Shield</u>, 570 F. Supp. 1480 (J.P.M.L. 1983). This case should not be transferred to the MDL as most of a Mr. Fordham's exposures to asbestos occurred in New York, and all potential fact witnesses and most, if not all, to-be-named expert witnesses are in New York. Local issues predominate in this action and transfer of this action to the MDL in no way would promote the convenience of the parties and witnesses. See <u>In re Asbestos and Asbestos Insulation Material Prods. Liab. Litig.</u>, 431 F. Supp. 906, 910 (J.P.M.L. 1977) (holding that convenience of the parties is not served by consolidation because the medical, personnel and product-use records of the individuals were found locally).

### 3. Plaintiffs' Action Does Not Share Common Issues of Fact With Other MDL Cases

Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common facts present. See In re Drowning Incident at Quality Inn Northeast Washington, D.C., 405 F. Supp. 1304, 1306 (J.P.M.L. 1976). Implicit in this consideration is the requirement that the common facts be more than minimal. See In re Boeing Co. Employment Practices Litigation, 293 F. Supp. 2d 1382 (J.P.M.L. 2003) A mere showing of common questions of fact is not sufficient alone to merit transfer. See In re Truck Accident Near Almagordo, 387 F. Supp. 732, 733 (J.P.M.L. 1975).

Plaintiffs' case is dissimilar from the multi-party asbestos suits in MDL 875 and, therefore, it should remain in New York. The mere presence of some common factual issues does not automatically require transfer, even in asbestos exposure and personal injury actions involving scientific causation issues. While this case shares with all MDL 875 cases the common material, asbestos fibers, it is wholly different in scope.

The facts in dispute in this matter (other than the generic fact of asbestos exposure) are entirely unique to Mr. Fordham's medical condition, work history, damages, and identification of the products with which he, in particular, worked. The evidence that will be presented in this case is uniquely pertinent to Mr. Fordham, and will be of little possible benefit to the parties in MDL 875.

### III. DEFENDANTS SHOULD NOT BE ALLOWED TO ABUSE THE JUDICIAL SYSTEM TO DENY PLAINTIFFS' DAY IN COURT

Unfortunately, certain defendants, have misused MDL-875 by removing matters to federal court, in the expectation that plaintiff will die of an asbestos-related cancer before the

case is transferred back to the original court for trial.[2] The original purpose of MDL-875 was to clear the backlog of thousands of asbestos cases pending in federal court throughout the country. However, there are no longer large numbers of asbestos cases being filed in federal courts. Thus, the primary purpose which is served by transferring a lung cancer case to MDL-875 today is to allow defendants to avoid state court trial dates, and enjoy the delays inherent in all MDLs. Thus, it is even more appropriate to have the transferor court rule on jurisdictional motions before CTO-492 is final.

It is evident that Defendants in this matter are engaging in the above-described gamesmanship. This intent was made clear by national trial counsel for the Defendants, John Fitzpatrick, Esq., at a hearing in a similar matter before the Onondaga County, New York Supreme Court. See Shukla Declaration **Exhibit 6**. At said hearing, Mr. Fitzpatrick states the following when discussing the transfer of state court cases to the MDL:

> **MR. FITZPATRICK**: They go in a black hole, invariably, because they are in federal court. They get settled for peanuts.
>
> **MR. BLOCK**: We agree that it is a black hole, Your Honor.
>
> **THE COURT**: Nesbiet and all of these other cases are pending?
>
> **MR. NADOLINK**: Either pending or settled.
>
> **MR. FITZPATRICK**: They never go to trial.

---

[2] See candid discussion of defense "strategy" and "games" in the removal of asbestos cases in Rosamund v. Garlock Sealing Tech., 2004 WL 1059811 at *6 (N.D.Miss.) ("the court would not be serving the interests of justice by simply ignoring the 'game' which is quite obviously being played in many, if not most, of the asbestos removals which came before it"); Hilbert v. Aeroquip, 486 F. Supp. 2d 135, 142 (D. Mass. 2007) ("To undergo such a lengthy process to find out there is no federal jurisdiction would be a travesty of justice given Mr. Hilbert's medical condition"); Lichtenfels v. Electro-Motive Diesel, Inc., 2010 U.S. Dist. LEXIS 15079 at *24-25 (W.D. Pa. 2010) (asbestos cases proceed faster in Pennsylvania State Court than in MDL-875); Brewster v. A.W. Chesterton Co., 2007 U.S. Dist. LEXIS 29420 at *13 n. 2 (N.D. Cal. 2007) ("For one perspective on this and similar tactics by asbestos-defense lawyers, see Fair Play for Navy Veterans, at http://www.mesothel.cortillegislation/navy_vetsfair_play.htm ('Navy vets who pursue civil claims are confronted by loopholes in the law that allow shrewd asbestos defense lawyers to either harmfully delay the prosecution of a claim (called 'federal officer' removal to federal court), or delay the claim altogether (called the 'MDL Black Hole')).'")

Shukla Declaration Exhibit ___. T:1623: 19—1624:3 (emphasis added).  As admitted to by Defendants' national trial counsel, Defendants' sole purpose for removal and transfer to the MDL is to prevent Plaintiffs from having their day in court and to force Plaintiffs to settle their cases for "peanuts." This Panel should not allow Defendants to use the MDL process in order to deny Plaintiffs' access to a fair and just trial.

### IV.  WAIVER OF CLAIMS AGAINST DEFENDANTS FOR NAVY EXPOSURE

As described briefly in Section II of this brief and more thoroughly in Plaintiffs' Memorandum of Law in Support of Their Emergency Motion to Remand and Motion to Strike Defendants' Affidavits,[3] there is no federal court subject matter jurisdiction in this matter based on Mr. Fordham's asbestos exposure to Defendants' products aboard the USS Hazelwood. Nonetheless, in the unlikely event that the Panel should find that such jurisdiction exists and transfer is warranted, Plaintiffs, in the alternative, will waive any and all claims against Defendants stemming from Mr. Fordham's asbestos exposure on any Navy ship, vessel, or any federal premise. As such, Defendants' bases for removal are moot.  In this alternative, Plaintiffs' claims against Defendants will be and are limited to Mr. Fordham's asbestos exposures arising out of his work on commercial and non-military vessels and at  other work sites where Defendants' products were present. Plaintiffs' waiver moots Defendants' invocation of the federal officer removal statute and the military contractor defenses, and divests the federal district court of subject matter jurisdiction over Plaintiffs' personal-injury action.

---

[3] Shukla Declaration Exhibit 5.

## V. CONCLUSION

For the foregoing reasons, it is respectfully submitted that Motion to Vacate CTO-492 be granted, or alternatively, defer the decision on the transfer of this action to a date after the transferor court has issued its ruling on Plaintiffs' Emergency Motion to Remand.

Dated: New York, New York.
March 30, 2012

By: /s/ Kush Shukla
Kush Shukla, Esq. [KS-1227]
Wilentz Goldman & Spitzer P.A.
110 William Street 26th floor,
New York, New York 10038-3927
Tel: 646-746-8916
Fax: 732-726-6604
e-mail: kshukla@wilentz.com
*Attorneys for Plaintiff* s