ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:12-cv-01600-EMC

Turner et al v. General Electronic Company et al          Date Filed: 03/30/2012
Assigned to: Hon. Edward M. Chen                           Jury Demand: Plaintiff
Cause: 28:1332 Diversity-Asbestos Litigation              Nature of Suit: 368 P.I. : Asbestos
                                                           Jurisdiction: Diversity

**Plaintiff**

| | | |
|---|---|---|
| **Virginia Turner** | represented by | **David R. Donadio** |
| *as Wrongful Death Heir of George* | | Brayton Purcell LLP |
| *Turner, Deceased* | | 222 Rush Landing Road |
| | | PO Box 6169 |
| | | Novato, CA 94948-6169 |
| | | 415-898-1555 |
| | | Fax: 415-898-1247 |
| | | Email: DDonadio@braytonlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Alan R. Brayton** |
| | | Brayton Purcell LLP |
| | | 222 Rush Landing Road |
| | | PO Box 6169 |
| | | Novato, CA 94948-6169 |
| | | 415-898-1555 |
| | | Fax: 415-898-1247 |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **William Turner** | represented by | **David R. Donadio** |
| *as Wrongful Death Heir of George* | | (See above for address) |
| *Turner, Deceased* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Alan R. Brayton** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Linda Lee Turner** | represented by | **David R. Donadio** |
| *as Wrongful Death Heir of George* | | (See above for address) |
| *Turner, Deceased* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

Alan R. Brayton
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kenneth Turner**                    represented by    David R. Donadio
*as Wrongful Death Heir of George*                      (See above for address)
*Turner, Deceased*                                      *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        Alan R. Brayton
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alice M. King**                     represented by    David R. Donadio
*as Personal Representative of the*                     (See above for address)
*Estate of George Turner, deceased*                     *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        Alan R. Brayton
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electronic Company**

**Defendant**

**Huntington Ingalls Incorporated**
*formerly known as*
Northrop Grumman Shipbuilding Inc

**Defendant**

**Crown Cork & Seal Company, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/30/2012 | 5 | ADR SCHEDULING ORDER: Case Management Statement due by 7/13/2012. Case Management Conference set for 7/20/2012 09:00 AM in Courtroom 5, 17th Floor, San Francisco. (Attachments: # 1 Standing Order)(slh, COURT STAFF) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Alice M. King, Kenneth Turner, Linda Lee Turner, Virginia Turner, William Turner. (slh, COURT STAFF) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 3 | NOTICE of Tag-Along Action by Alice M. King, Kenneth Turner, Linda Lee |

|            |   | Turner, Virginia Turner, William Turner. (slh, COURT STAFF) (Filed on 3/30/2012) (Entered: 03/30/2012) |
|------------|---|---|
| 03/30/2012 | 2 | Certificate of Interested Entities or Persons by Alice M. King, Kenneth Turner, Linda Lee Turner, Virginia Turner, William Turner. (slh, COURT STAFF) (Filed on 3/30/2012) (Entered: 03/30/2012) |
| 03/30/2012 | 1 | COMPLAINT; summons issued against Crown Cork & Seal Company, Inc., General Electronic Company, Huntington Ingalls Incorporated (Filing fee $ 350, receipt number 34611072372). Filed by William Turner, Virginia Turner, Linda Lee Turner, Kenneth Turner, Alice M. King. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(slh, COURT STAFF) (Filed on 3/30/2012) (Entered: 03/30/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/02/2012 10:51:11 | | |
| **PACER Login:** bp0355 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:12-cv-01600-EMC |
| **Billable Pages:** 3 | **Cost:** | 0.30 |

1 ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
2 BRAYTON❖PURCELL LLP
Attorneys at Law
3 222 Rush Landing Road
P.O. Box 6169
4 Novato, California 94948-6169
(415) 898-1555
5 (415) 898-1247 (Fax No.)

6 Attorneys for Plaintiffs

E-filing

**FILED**
2012 MAR 30 P 12: 41
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

7

8 ### UNITED STATES DISTRICT COURT

9 ### NORTHERN DISTRICT OF CALIFORNIA

10 ### SAN FRANCISCO DIVISION

EMC

11 VIRGINIA TURNER, WILLIAM
TURNER, LINDA LEE TURNER,
12 KENNETH TURNER, as Wrongful Death
Heirs of GEORGE TURNER, Deceased,
13 and ALICE M. KING as Personal
Representative of the Estate of GEORGE
14 TURNER, deceased,

No. **CV 12 1600**

COMPLAINT FOR SURVIVAL,
WRONGFUL DEATH - ASBESTOS;
DEMAND FOR JURY TRIAL

15         Plaintiffs,

16 vs.

17 GENERAL ELECTRIC COMPANY,
HUNTINGTON INGALLS
18 INCORPORATED (FKA NORTHROP
GRUMMAN SHIPBUILDING, INC.),
19 CROWN CORK & SEAL COMPANY,
INC.,

20

        Defendants.

21

22 **I.**

23 **PARTIES**

24     1.    Plaintiffs in this action are the above-captioned heirs-at-law of the Decedent, and

25 the personal representative of the estate of the Decedent, and are all hereinafter referred to as

26 "Plaintiffs."

27 ///

28 ///

2. The person who sustained asbestos-related lung injuries and death as a result of their inhalation of asbestos fibers through the person's occupational exposure to asbestos, hereinafter "Decedent" is, with the date of death: GEORGE TURNER died April 5, 2011. VIRGINIA TURNER is the spouse of GEORGE TURNER and is hereinafter referred to as "surviving spouse."

3. Decedent sustained an asbestos-related lung disease and death by precisely the following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-containing products at Decedent's jobsites. The pathogenesis of Decedent's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

4. All of Plaintiffs' claims arise out of a similar series of occurrences: repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent, resulting in cumulative, progressive, incurable lung diseases.

5. Each Plaintiff claims damages for an asbestos-related disease arising from an identical series of occurrences not dependent on Decedent's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease. The allegations of Plaintiffs regarding the nature of Decedent's asbestos-related diseases, the nature of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all identical.

6. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the

///

1  State of California, and that said defendants have regularly conducted business in the State of
2  California.

3                                              II.

4              **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

5          7.    <u>Jurisdiction</u>:  Plaintiff VIRGINIA TURNER is a citizen of the State of Tennessee.
6  Plaintiff(s) WILLIAM TURNER, LINDA LEE TURNER, KENNETH TURNER, ALICE KING
7  are citizens of the following states, respectively: California; Colorado; Arizona; California.

8          Defendants are each corporations incorporated under the laws of and having its principal
9  places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| GENERAL ELECTRIC COMPANY | New York/Connecticut |
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | Virginia |
| CROWN CORK & SEAL COMPANY, INC. | Pennsylvania |

16          This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action
17  between citizens of different states in which the matter in controversy exceeds, exclusive of costs
18  and interest, seventy-five thousand dollars.

19          8.    <u>Venue / Intradistrict Assignment</u>.  Venue is proper in the Northern District of
20  California and assignment to the San Francisco Division of said district is proper as a substantial
21  part of the events or omissions which give rise to the claims asserted by Plaintiffs herein
22  occurred within the County of San Francisco, California, and Defendants are subject to personal
23  jurisdiction in this district at the time the action is commenced.

24  ///
25  ///
26  ///
27  ///
28  ///

                    COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

Case 3:12-cv-08650-Document 8596-2 Filed 04/90/12 Page 7 of 22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.**

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION
(Negligence - Survival)

PLAINTIFF ALICE M. KING, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF GEORGE TURNER COMPLAINS OF DEFENDANTS HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), CROWN CORK & SEAL COMPANY, INC., THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

9.       At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1  rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

2  products containing asbestos. The following defendants, and each of them, are liable for the acts

3  of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

4  destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; defendants, and each

5  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

6  ENTITY; defendants, and each of them, caused the destruction of Plaintiffs' remedy against each

7  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

8  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

9  originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |
| | HOTPOINT, INC. |
| | GENERAL ELECTRIC SUPPLY CORPORATION |
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | AVONDALE INDUSTRIES, INC. |
| | AVONDALE SHIPYARDS, INC. |
| | CONTINENTAL MARITIME INDUSTRIES, INC. |
| | EASTERN IDAHO CONSTRUCTION COMPANY |
| | INGALLS SHIPBUILDING, INC. |
| | NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY |
| | NORTH CAROLINA SHIPBUILDING |
| | NORTHROP GRUMMAN SHIP SYSTEMS, INC. |
| | SERVICE ENGINEERING INDUSTRIES, INC. |
| CROWN CORK & SEAL COMPANY, INC. | MUNDET CORK COMPANY |

23  10.  At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

24  each of them, were and are engaged in the business of researching, manufacturing, fabricating,

25  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

26  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

27  promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

28  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

K:\Injured\113836\FED\PLD\cmp-fed-wd.wpd                    5

1 | otherwise directing and/or facilitating the use of, or advertising a certain product, namely
2 | asbestos and other products containing asbestos.

3 |       11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
4 | each of them, singularly and jointly, negligently, and carelessly researched, manufactured,
5 | fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
6 | to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
7 | supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
8 | installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
9 | rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
10 | and other products containing asbestos, in that said products caused personal injuries to users,
11 | consumers, workers, bystanders and others, including the Decedent herein, (hereinafter
12 | collectively called "exposed persons"), while being used in a manner that was reasonably
13 | foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by
14 | "exposed persons." In part, and without limitation as to other defendants, defendant
15 | HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN
16 | SHIPBUILDING, INC.), manufactured, modified, serviced and/or repaired asbestos-containing
17 | ships and vessels.

18 |       12.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
19 | exercise due care in the pursuance of the activities mentioned above and defendants, and each of
20 | them, breached said duty of due care.

21 |       13.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
22 | have known, and intended that the aforementioned asbestos and products containing asbestos and
23 | related products and equipment, would be transported by truck, rail, ship, and other common
24 | carriers, that in the shipping process the products would break, crumble, or be otherwise
25 | damaged; and/or that such products would be used for insulation, construction, plastering,
26 | fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
27 | limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
28 | breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the

1 release of airborne asbestos fibers, and that through such foreseeable use and/or handling

2 "exposed persons," including Decedent herein, would use or be in proximity to and exposed to

3 said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

4 persons working in proximity to said products, directly or through reentrainment.

5       14.    Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-

6 containing products referred to herein in a manner that was reasonably foreseeable. Decedent's

7 exposure to asbestos and asbestos-containing products is on current information as set forth at

8 various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference

9 herein.

10       15.    As a direct and proximate result of the acts, omissions, and conduct of the

11 defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure

12 to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

13 or harm to the Decedent as set forth in **Exhibit A**, attached to Plaintiffs' complaint and

14 incorporated by reference herein.

15       16.    Plaintiffs are informed and believe, and thereon allege, that progressive lung

16 disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

17 without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

18 asbestos and asbestos-containing products over a period of time.

19       17.    Decedent suffered from a condition related to exposure to asbestos and asbestos-

20 containing products. Decedent was not aware at the time of exposure that asbestos or asbestos-

21 containing products presented any risk of injury and/or disease.

22       18.    As a direct and proximate result of the aforesaid conduct of the defendants, their

23 "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,

24 nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

25 amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to amend this

26 complaint accordingly when the true and exact cost thereof is ascertained.

27       19.    As a direct and proximate result of the aforesaid conduct of the defendants, their

28 ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value

1    of medial care provided by Decedent's family members measured by, inter alia, the costs

2    associated with the hiring a registered nurse, home hospice, or other service provider, the true

3    and exact amount thereof being unknown to Plaintiffs at this time, and Plaintiffs pray leave to

4    amend this complaint accordingly when the true and exact costs are known or at time of trial.

5         20.    As a direct and proximate result of the aforesaid conduct of defendants, their

6    ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person,

7    body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and

8    related sequelae, and the mental and emotional distress attendant thereto, and ultimately death,

9    from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven

10   at trial.

11        21.    As a further direct and proximate result of the said conduct of the defendants,

12   their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,

13   entitlements, wages, profits, and commissions, a diminishment of earning potential, and other

14   pecuniary losses, the full nature and extent of which are not yet known to Plaintiffs; and leave is

15   requested to amend this complaint to conform to proof at the time of trial.

16        22.    As a further direct and proximate result of the said conduct of the defendants,

17   their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-

18   containing products caused severe and permanent injury to Decedent, and ultimately Decedent

19   died on the date previously stated herein.

20        23.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,

21   directors and managing agents participated in, authorized, expressly and impliedly ratified, and

22   had full knowledge of, or should have known of, each of the acts set forth herein.

23        24.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the

24   fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,

25   and each defendant's officers, directors, and managing agents participated in, authorized,

26   expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of

27   each of their ALTERNATE ENTITIES as set forth herein.

28   ///

K:\Injured\113836\FED\PLD\cmp-fed-wd.wpd          8
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1    25.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,

2  and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in

3  conscious or reckless disregard and indifference to the safety, health, and rights of "exposed

4  persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive

5  damages against said defendants.

6    WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

7  each of them, as hereinafter set forth.

8                    SECOND CAUSE OF ACTION
                        (Products Liability - Survival)
9

10    PLAINTIFF  ALICE M. KING AS SPECIAL ADMINISTRATOR OF THE ESTATE OF

11  GEORGE TURNER COMPLAINS OF DEFENDANTS HUNTINGTON INGALLS

12  INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), CROWN CORK

13  & SEAL COMPANY, INC., THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM;

14  EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION

15  FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

16    26.    Plaintiffs incorporate herein by reference, as though fully set forth herein, each

17  paragraph of the First Cause of Action  herein.

18    27.    Defendants, their "alternate entities," and each of them, knew and intended that

19  the above-referenced asbestos and asbestos-containing products would be used by the purchaser

20  or user without inspection for defects therein or in any of their component parts and without

21  knowledge of the hazards involved in such use.

22    28.    Said asbestos and asbestos-containing products were defective and unsafe for their

23  intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

24  and/or death.  The defect existed in the said products at the time they left the possession of

25  defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

26  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

27  ///

28  ///

K:\Injured\113836\FED\PLD\cmp-fed-wd.wpd                9
                COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1   persons," including Decedent herein, while being used in a reasonably foreseeable manner,
2   thereby rendering the same defective, unsafe, and dangerous for use.

3       29.     "Exposed persons" did not know of the substantial danger of using said products.
4   Said dangers were not readily recognizable by "exposed persons."  Said defendants, their
5   ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
6   which Decedent and others similarly situated were exposed.

7       30.     In researching, manufacturing, fabricating, designing, modifying, testing or failing
8   to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for
9   sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,
10  promoting, representing, endorsing servicing, installing, contracting for installation, repairing,
11  marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
12  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
13  did so with conscious disregard for the safety of "exposed persons" who came in contact with
14  said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
15  ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
16  death resulting from exposure to asbestos or asbestos-containing products, including, but not
17  limited to, asbestosis, other lung damages, and cancer.  Said knowledge was obtained, in part,
18  from scientific studies performed by, at the request of, or with the assistance of, said defendants,
19  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
20  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

21      31.     On or before 1930, and thereafter, said defendants, their ALTERNATE
22  ENTITIES and each of them, were aware that members of the general public and other "exposed
23  persons," who would come in contact with their asbestos and asbestos-containing products, had
24  no knowledge or information indicating that asbestos or asbestos-containing products could
25  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
26  members of the general public and other "exposed persons," who came in contact with asbestos
27  and asbestos-containing products, would assume, and in fact did assume, that exposure to
28  ///

1 asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
2 hazardous to health and human life.

3       32.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
4 of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
5 lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
6 market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
7 asbestos-containing products without attempting to protect "exposed persons" from, or warn
8 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
9 asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn
10 "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
11 asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
12 intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed
13 and suppressed said knowledge from "exposed persons" and members of the general public, thus
14 impliedly representing to "exposed persons" and members of the general public that asbestos and
15 asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their
16 ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied
17 representations with the knowledge of the falsity of said implied representations.

18       33.     The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,
19 and each of them, was motivated by the financial interest of said defendants, their ALTERNATE
20 ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,
21 manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,
22 sale, inspection, installation, contracting for installation, repair, marketing, warranting,
23 rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise
24 directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing
25 products. In pursuance of said financial motivation, said defendants, their ALTERNATE
26 ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact
27 were consciously willing and intended to permit asbestos and asbestos-containing products to
28 ///

1 cause injury to "exposed persons" and induced persons to work with and be exposed thereto,
2 including Decedent.

3     34.    Plaintiffs allege that the aforementioned defendants, their ALTERNATE
4 ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
5 products, to be safe for their intended use, but that their asbestos and asbestos-containing
6 products, created an unreasonable risk of bodily harm to exposed persons.

7     35.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of
8 their representations, lack of warnings, and implied warranties of fitness of asbestos and their
9 asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Decedent
10 suffered permanent injury and death as alleged herein.

11     36.    As a direct and proximate result of the actions and conduct outlined herein,
12 Decedent have suffered the injuries and damages herein alleged.

13     WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities", and
14 each of them, as hereinafter set forth.

15                          THIRD CAUSE OF ACTION
                            (Negligence - Wrongful Death)
16

17     PLAINTIFFS VIRGINIA TURNER, WILLIAM TURNER, LINDA LEE TURNER,
18 AND KENNETH TURNER, AS WRONGFUL DEATH HEIRS OF THE DECEDENT,
19 COMPLAIN OF DEFENDANTS GENERAL ELECTRIC COMPANY, HUNTINGTON
20 INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.),
21 CROWN CORK & SEAL COMPANY, INC., THEIR "ALTERNATE ENTITIES," AND EACH
22 OF THEM; EACH FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF
23 ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

24     37.    Plaintiffs incorporate by reference each paragraph contained within the First
25 Cause of Action as though fully set forth herein.

26     38.    The heirs at law of the Decedent and their relationship to the Decedent is set forth
27 above.

28     39.    The individuals set forth as heirs constitute all of the surviving heirs of the

1   Decedent.

2       40.   As a direct and proximate result of the conduct of the defendants, their

3   ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-

4   containing products caused Decedent to develop diseases from which condition Decedent died.

5   Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of

6   filing the complaint.

7       41.   At all times prior to his death, Decedent was a faithful and dutiful spouse to the

8   surviving spouse.

9       42.   As a direct and proximate result of the conduct of defendants, and each of them,

10   and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss

11   of care, society, comfort, attention, services, and support of Decedent all to the damage of

12   Decedent's heirs.

13       43.   As a further direct and proximate result of the conduct of defendants, and each of

14   them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount

15   currently not ascertained.

16       WHEREFORE, Plaintiffs pray judgment against defendants, and each of them, as

17   hereinafter set forth.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1

## FOURTH CAUSE OF ACTION
(Products Liability - Wrongful Death)

2

3   PLAINTIFFS VIRGINIA TURNER, WILLIAM TURNER, LINDA LEE TURNER,

4   AND KENNETH TURNER, AS WRONGFUL DEATH HEIRS OF THE DECEDENT,

5   COMPLAIN OF DEFENDANTS GENERAL ELECTRIC COMPANY, HUNTINGTON

6   INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.),

7   CROWN CORK & SEAL COMPANY, INC., THEIR "ALTERNATE ENTITIES," AND EACH

8   OF THEM; EACH FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF

9   ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS

10  FOLLOWS:

11      44.     Plaintiffs incorporate herein by reference, as though fully set forth herein, each

12  paragraph of the First, Second and Third Causes of Action herein.

13      45.     As a direct and proximate result of the conduct of defendants, and each of them,

14  Decedent's heirs have sustained the injuries and damages previously alleged.

15      WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

16  each of them, as hereinafter set forth.

17                                      **IV.**

18                          **DAMAGES AND PRAYER**

19      WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and

20  each of them in an amount to be proved at trial in each individual case, as follows:

21      (a)     For Plaintiffs' general damages according to proof;

22      (b)     For Plaintiffs' loss of income, wages and earning potential according to proof;

23      (c)     For Plaintiffs' medical and related expenses according to proof;

24      (d)     For Plaintiffs' cost of suit herein;

25      (e)     For exemplary or punitive damages according to proof;

26      (f)     For damages for fraud according to proof; and

27  ///

28  ///

K:\Injured\113836\FED\PLD\cmp-fed-wd.wpd          14
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1       (g)    For such other and further relief as the Court may deem just and proper, including

2   costs and prejudgment interest.

3   Dated: _J/26/17_                     BRAYTON❖PURCELL LLP

4

5                                    By: _____

6                                       David R. Donadio, Esq., S.B. #154436
                                        Attorneys for Plaintiffs

7

8

9                                 JURY DEMAND

10      Plaintiffs hereby demand trial by jury of all issues of this cause.

11

12  Dated: _3/26/12_                     BRAYTON❖PURCELL LLP

13

14                                    By: _____

15                                      David R. Donadio, Esq., S.B. #154436
                                        Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1              EXHIBIT A

2  <u>Decedent</u>: GEORGE TURNER, Deceased.

3

4  <u>Decedent's injuries</u>: Decedent was diagnosed with mesothelioma on or about May 2010, with

5  asbestosis on or about June 2011, and with asbestos-related pleural disease on or about

6  December 2010.

7

8  Decedent died on April 5, 2011.

9

10 <u>Retirement Status</u>: Decedent retired from his last place of employment at regular retirement age.

11 He had therefore suffered no disability from his asbestos-related disease as "disability" is defined

12 in California Code of Civil Procedure § 340.2.

13

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| New York Mica Mine Custer, SD | New York Mica Mine Custer, SD | Laborer | 1943 (summer months) |
| Puget Sound Naval Shipyard Bremerton, WA | Puget Sound Naval Shipyard Bremerton, WA | Sheetmetal Worker (Helper) | 6/1944 - 9/1945 |
| | Shop 17 | | |
| | MISSISSIPPI (BB-41) | | |
| | IDAHO (BB-42) | | |
| | WEST VIRGINIA (BB-48) | | |
| | NORTH CAROLINA (BB-55) | | |
| | WASHINGTON (BB-56) | | |
| | SOUTH DAKOTA (BB-57) | | |
| | INDIANA (BB-58) | | |

28 ///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Puget Sound Naval Shipyard Bremerton, WA (cont.) | MASSACHUSETTS (BB-59) | Sheetmetal Worker (Helper) | 6/1944 - 9/1945 |
| | ALABAMA (BB-60) | | |
| | NEW JERSEY (BB-62) | | |
| | SARATOGA (CV-3) | | |
| | ENTERPRISE (CV-6) | | |
| | ESSEX (CV-9) | | |
| | HORNET (CV-12) | | |
| | FRANKLIN (CV-13) | | |
| | TICONDEROGA (CV-14) | | |
| | LEXINGTON (CV-16) | | |
| | BUNKER HILL (CV-17) | | |
| | WASP (CV-18) | | |
| | MONTEREY (CV-26) | | |
| | BON HOMME RICHARD (CV-31) | | |
| | NASHVILLE (CL-43) | | |
| | CALVERT (AP-65) | | |
| | NEW MEXICO (BB-40) | | |
| | WILEY (DD-597) | | |
| | YORKTOWN (CV-10) | | |
| | METCALF (DD-595) | | |
| | COLORADO (BB-45) | | |
| | MISSOURI (BB-63) | | |
| | SHIELDS (DD-596) | | |
| | HART (DD-594) | | |

///

COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | Long Beach Naval Ship Yard Long Beach, CA | Signal Man | 9/1946 - 5/1948 |
| | PC-1168 | | |
| U.S. Army | U. S. Army Fort Richardson Anchorage, AK | Engineer | 9/1951 - 5/1952 |

K:\Injured\113836\FED\PLD\cmp-fed-wd.wpd
19
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL