ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:12-cv-02605-HB

Andrews v. A.O. Smith Water Products
Assigned to: Judge Harold Baer
Case in other court: Supreme Court- New York County, 190049-12
Cause: 28:1441 Notice of Removal

Date Filed: 04/04/2012
Jury Demand: Defendant
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**John E. Andrews, Sr.**


V.

**Defendant**

**A.O. Smith Water Products**

**Defendant**

**Lockheed Martin Corp.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/04/2012 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case Number: 190049-12. (Filing Fee $ 350.00, Receipt Number 465401034459).Document filed by John E. Andrews, Sr.(rdz) (Entered: 04/09/2012) |
| 04/04/2012 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (rdz) (Entered: 04/09/2012) |
| 04/04/2012 | | Case Designated ECF. (rdz) (Entered: 04/09/2012) |
| 04/09/2012 | 2 | NOTICE of Removal. Document filed by Lockheed Martin Corp.. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Bromberg, Arthur) (Entered: 04/09/2012) |
| 04/09/2012 | 3 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Lockheed Martin Corp.. (Attachments: # 1 Civil Cover Sheet) (Bromberg, Arthur) (Entered: 04/09/2012) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 04/09/2012 13:11:14 | | |
| PACER Login: | jp0001 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:12-cv-02605-HB |
| Billable Pages: | 1 | Cost: | 0.10 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

JOHN E. ANDREWS, SR.,

                Plaintiff,

      vs.

A.O. SMITH WATER PRODUCTS,
et al.,

                Defendants.

Index No. 190049/2012

Date Filed: January 31, 2012

**DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF NOTICE OF REMOVAL TO FEDERAL COURT**

NEW YORK
COUNTY CLERK'S OFFICE
APR - 4 2012
NOT COMPARED
WITH COPY FILE

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that Defendant Lockheed Martin Corporation's Notice of Removal of the above-entitled action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York was duly filed in the United States District Court for the Southern District of New York on April 4, 2012. Attached hereto as **Exhibit A** is a true and correct copy of said Notice of Removal (without exhibits).

    A copy of this Notice of Notice of Removal is being served on all counsel-of-record in the above entitled action, as reflected in the Certificate of Service filed concurrently herewith.

Dated: Hauppauge, New York
      April 4, 2012

                        Respectfully submitted,

                        MARSHALL, DENNEHEY, WARNER,
                        COLEMAN & GOGGIN

By:    _____

                Arthur D. Bromberg (2930)
                888 Veterans Memorial Highway
                Suite 540
                Hauppauge, New York 11788
                (631) 232-6130

TO:     LAW OFFICES OF BELLUCK & FOX, L.L.P.,
        Attorneys for Plaintiffs

        SEE ANNEXED SERVICE LIST

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN E. ANDREWS, SR.,<br><br>                          Plaintiff,<br><br>          vs.<br><br>A.O. SMITH WATER PRODUCTS,<br>et al.,<br><br>                          Defendants. | Case No.<br><br>(Transferred from the Supreme Court of the State of New York, County of New York, Index No.: 190049/2012) |

## DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a) (FEDERAL OFFICER)

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Lockheed Martin Corporation ("Lockheed Martin") hereby gives notice of the removal of the above-entitled action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1442(a). In support, Lockheed Martin offers the following:

### I.      Background

1.      On or about January 31, 2012, Plaintiff John E. Andrews, Sr. ("Plaintiff") filed a Complaint and accompanying Initial Fact Sheet in the Supreme Court of the State of New York, County of New York, entitled *John E. Andrews, Sr., v. A.O. Smith Water Products, et al.*, Index No.: 190049/12.   The Complaint names approximately 90 defendants, including Lockheed Martin.   Plaintiff served Lockheed Martin with the Complaint and Initial Fact Sheet on March 12, 2012.   A true and correct copy of Plaintiff's Complaint and accompanying Initial Fact Sheet are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.   Attached hereto as **Exhibit 3** is Lockheed Martin's

Answer to Plaintiff's Complaint, previously filed in the Supreme Court of the State of New York, County of New York, on or about March 30, 2012. Exhibits 1, 2, and 3 attached hereto constitute all pleadings served on or by Lockheed Martin in the state court action. Plaintiff alleges, in part, that he incurred personal injuries due to alleged asbestos exposure from military aircraft manufactured or supplied by Lockheed Martin; specifically, Plaintiff's alleged work on Lockheed Martin-manufactured T-33 and C-130 aircraft in approximately 1955. (Plaintiff's Initial Fact Sheet, attached hereto as **Exhibit 2**, at Par. 8.)

2.      Both during and before the aforementioned period in which Plaintiff allegedly performed work on the T-33 and C-130, Lockheed Martin manufactured aircraft for the United States Armed Forces, including the T-33 and C-130, in accordance with detailed specifications approved by the United States Government and under the direct supervision, control, order and directives of a federal officer acting under color of federal office.

3.      Plaintiff's Complaint and Initial Fact Sheet, described in paragraph 1 above and received by Lockheed Martin on March 12, 2012, comprise the first pleading, motion, order or other paper from which it could be ascertained that Plaintiff's action properly should be removed to this Court by Lockheed Martin.

4.      This Notice of Removal is being filed within 30 days of the time Lockheed Martin first received notice, via Plaintiff's Complaint and Initial Fact Sheet, of the grounds for removal of this case. Accordingly, this removal is filed within the time period prescribed by law. *See* 28 U.S.C. §1446(b).

5.      This action is one which may be removed to this Court by Lockheed Martin on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. §1442(a).

## II.      Federal Officer Removal Is Appropriate Under 28 U.S.C. §1442(a)

6.      Removal is proper under 28 U.S.C. § 1442(a) when (a) the defendant seeking removal demonstrates that it is a "person" within the meaning of the statute; (b)

the defendant demonstrates a causal nexus between the defendant's actions, taken pursuant to a federal officer's directions and under color of federal office, and the alleged claims and/or cross-claims; and (c) the defendant asserts a "colorable federal defense" to such claims and/or cross-claims. *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989); *Isaacson v. Dow Chemical Company*, 517 F.3d 129 (2d Cir. 2008); *see also In re Methyl Tertiary Butyl Esther Prods. Liab. Litig.*, 341 F.Supp.2d 351, 358-59 (S.D.N.Y. 2004) (third-party indemnity complaint provides basis for federal officer removal jurisdiction).

7.    Lockheed Martin is a "person" within the meaning of 28 U.S.C. § 1442(a). *See Isaacson*, 517 F.3d at 135-36 (corporate entities qualify as "persons" under § 1442(a)(1)).

8.    Plaintiff bases his claims against Lockheed Martin, in whole or in part, on Plaintiff's alleged exposure to asbestos while working on or around Lockheed Martin-manufactured military aircraft; specifically the Lockheed Martin-manufactured T-33 and C-130. To the extent that the design or manufacture of such aircraft included asbestos-containing parts or components, such inclusion was required by the United States Government in its detailed and precise specifications through and under the direction of the Secretaries of the Departments of Defense, United States Army, Air Force, and Navy. Any decision regarding asbestos in such aircraft or the component parts thereof was under the full control and discretion of the United States Government. *See Isaacson*, 517 F.3d at 136-38; *see also In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76 (2d Cir. 2008). The United States Government likewise controlled the content of written materials and warnings associated with such aircraft.

9.    Lockheed Martin is entitled to federal officer removal under 28 U.S.C. § 1442(a) based upon the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *see also Butters v. Vance Intern., Inc.*, 225 F.3d 462, 466 (4th Cir. 2000). *Yearsley* established that a government contractor, performing at the direction and authorization of a government officer, is immune from suit based upon performance of the contract in carrying out a government

function. *See Yearsley*, 309 U.S. 18. The *Yearsley* doctrine is satisfied here because the aircraft at issue were manufactured pursuant to validly conferred authority and Lockheed Martin's conduct was within the bounds of that authority. Indeed, if the government had manufactured the aircraft itself, it would be immune from suit; that immunity must be extended to Lockheed Martin who stepped into the government's shoes.

10.    Lockheed Martin also is entitled to federal officer removal under 28 U.S.C. § 1442(a) based upon the separate and independent government contractor federal defense. *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988); *see also Isaacson*, 517 F.3d at 138-39 and *In re "Agent Orange,"* 517 F.3d 76. *Boyle* establishes that a government contractor is not liable for injuries caused by design defects in equipment when the contractor builds such equipment according to reasonably precise government-approved design specifications. The government contractor defense is satisfied here because the design specifications for military aircraft manufactured by Lockheed Martin were government-approved, the aircraft conformed to those specifications, and Lockheed Martin did not fail to warn the government of any dangers known to Lockheed Martin and unknown to the government. The government contractor defense also applies to claims of failure to warn. *See Oliver v. Oshkosh Truck Corp.,* 96 F.3d 992, 1003-04 (7th Cir. 1996); *see also Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770, 783 (E.D.Pa. 2010).

### III.    Procedural Compliance

11.    Because Lockheed Martin satisfies the requirements for removal under 28 U.S.C. § 1442(a), it is entitled to remove this entire action. Joinder of the other defendants in this action is not necessary to remove under 28 U.S.C. § 1442(a). *See Bradford v. Harding*, 284 F.2d 307, 309-10 (2d. Cir. 1960).

12.    Lockheed Martin will comply with the Local Rules by giving notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

### IV.    Conclusion

13.    Removal of this action is proper under 28 U.S.C. § 1442. Plaintiff's Complaint is a civil action brought in State Court and the Federal District Courts have

original jurisdiction over the subject matter under 28 U.S.C. § 1442(a)(1) because Lockheed Martin was acting as an officer or agent of the United States.

**WHEREFORE,** Lockheed Martin requests that this action proceed in this Court as a properly removed action.

Dated: Hauppauge, New York
      April 4, 2012

                         Respectfully submitted,

                         MARSHALL, DENNEHEY, WARNER,
                         COLEMAN & GOGGIN

By:                 _____

                         Arthur D. Bromberg (2930)
                         888 Veterans Memorial Highway
                         Suite 540
                         Hauppauge, New York 11788
                         (631) 232-6130

TO:    LAW OFFICES OF BELLUCK & FOX, L.L.P.,
        Attorneys for Plaintiffs

        SEE ANNEXED SERVICE LIST

Index No. 190049/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JOHN E. ANDREWS, SR.,                                    X
                        Plaintiff,

      -- against --

A.O. SMITH WATER PROCUTS, et al.,
                Defendants.                 X

---

## NOTICE OF NOTICE OF REMOVAL TO FEDERAL COURT

---

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
**Attorneys for Defendant**
**LOCKHEED MARTIN CORPORATION**
888 Veterans Memorial Highway
Suite 540
Hauppauge, New York 11788
(631) 232-6130

---

**TO:**   Joseph W. Belluck, Esq.
       BELLUCK & FOX LLP
       Attorneys for Plaintiff
       546 Fifth Avenue, 4TH Floor
       New York, New York 10036

---

**Service of a copy of the within**
**is hereby admitted.**
**DATED:**                                         _____
                                         **Attorney for**

---

**PLEASE TAKE NOTICE**
☐                 **that the within is a (certified) true copy of a**
**NOTICE OF**         **entered in the office of the clerk of the within named Court on**
**ENTRY**

☐                **that an Order of which the within is  true copy will be presented for settlement**
**NOTICE OF**        **to the Hon.**                **one of the judges of the within named Court**
**SETTLEMENT**    **on**            **, 2002 at**        **m.**
                                             _____

**DATED:**