IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| ELLISON | : : : | Transferred from the Middle District of Alabama |
| v. | : : | |
| BAYER CROPSCIENCE, INC. et al. | : | E.D. PA No. 2:09-cv-90809 |

## SECOND SUGGESTION OF REMAND

**AND NOW,** this **3rd** day of **April, 2012,** it is hereby **ORDERED** that this Second Suggestion of Remand be forwarded to the Judicial Panel on Multidistrict Litigation.

It is further **ORDERED** that the MDL-875 Court recommend the remand of the punitive damages claims in this case to the Middle District of Alabama.[1]

---

[1] The policy of the MDL-875 Court is to sever punitive damages from each case that gets remanded, and to retain such punitive damages claims to be resolved at a future date. (See Suggestion of Remand, doc. no. 125, at n.1). However, under Alabama law, which appears to be an anomaly among the states, "compensatory damages are not available under Alabama's Wrongful Death Act, which allows an award of punitive damages only." City of Tarrant v. Jefferson, 682 So.2d 29, 30 (Ala. 1996) (citing Atkins v. Lee, 603 So.2d 937 (Ala. 1992)).

In the present case, which, apart from punitive damages claims, has already been remanded to the Middle District of Alabama, the parties have informed the MDL-875 Court that there is only one remaining defendant, and that a wrongful death claim is still pending against the defendant. As stated above, the only damages available under Alabama's wrongful death statute are punitive damages. A remand severing the punitive damages claims in this case has resulted in this case remaining in a state of limbo, with the parties being willing though unable to proceed to

**AND IT IS SO SUGGESTED.**

_____
**EDUARDO C. ROBRENO, J.**

---

trial in the Middle District of Alabama because the punitive damages claims remain in the MDL-875 Court.

The MDL-875 Court believes that an exception to the general rule of maintaining punitive damages claims is warranted in this unique situation, to promote efficient administration of the law and in the interests of justice.