# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

**IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)**

| | | |
|---|---|---|
| Maria Kovary, et al. v. Honeywell International, Inc., et al., | ) | |
| E.D. Pennsylvania, C.A. No. 2:10-67416 | ) | MDL No. 875 |
| (C.D. California, C.A. No. 2:10-00494) | ) | |

## SEPARATION OF CLAIMS AND REMAND ORDER

**Before the Panel:**[*]  Pursuant to Rule 10.2, defendant Volkswagen Group of America, Inc. (VW) moves to vacate or modify our order, entered at the suggestion of the transferee court, conditionally remanding this action (*Kovary*) to the Central District of California, with the exception of any claims for punitive or exemplary damages that have previously been severed by the transferee court.[1]  The *Kovary* plaintiffs oppose the motion.

In its motion, VW agrees that the *Kovary* action is "in the posture this Panel anticipated prior to remand," but asks that the remand order (1) specify that the transferee judge expressly stated, in his order granting, in part, and denying, in part, VW's motion for summary judgment, that the transferor court should rule on VW's "bare metal defense" argument, under the guidance of the then-forthcoming decision of the California Supreme Court in *O'Neil v. Crane Co,* 266 P.3d 987 (Cal. 2012),[2] and (2) make clear that the transferor court should allow an adequate period for expert discovery and for the filing of motions *in limine* (including *Daubert* motions).  In opposing VW's motion, the *Kovary* plaintiffs argue that the transferee judge's Suggestion of Remand already expressly references his summary judgment ruling, and so there is no need for the Panel to mention it, too.  Plaintiffs further argue that an amended scheduling order entered in the action on January 19, 2011, did not provide for the taking of expert depositions or the filing of motions *in limine*.

After considering all argument of counsel, we will deny VW's motion to the extent that VW seeks vacatur, as well as to the extent that VW requests that we instruct the transferor court regarding the tasks remaining to ready the action for trial.[3]  The Panel has no authority to issue such

---

[*]    Judge John G. Heyburn II took no part in the decision of this matter.

[1]    *See In re Collins*, 233 F.3d 809, 812 (3d Cir. 2000).

[2]    *See Kovary v. Honeywell Int'l, Inc.*, No. 2:10-67416, slip op. at 6 (E.D. Pa. Nov. 30, 2011) (docket no. 59).

[3]    We see no harm in repeating the transferee judge's views regarding VW's "bare metal defense."

- 2 -

instructions, or, for that matter, a means of enforcing them.  *See In re Capital Underwriters, Inc. Sec. Litig.*, 464 F. Supp. 955, 959 n.4 (J.P.M.L. 1979) ("The Panel has neither the power nor the inclination to dictate in any way the manner in which transferor or transferee judges supervise actions pending before them.").  For whatever benefit it may be to the transferor court, we note that the amended scheduling order referenced above provided that all expert reports (including rebuttal reports) be completed and served by August 26, 2011, but did not provide for the taking of expert depositions.  We further note that it is our understanding that the transferee judge typically has not decided post-summary judgment pretrial motions, including *Daubert* motions and other motions *in limine*, in the belief that those matters are better decided by the transferor courts following remand.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims by plaintiffs in *Kovary*, except the severed claims for punitive or exemplary damages, are remanded to the Central District of California.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Barbara S. Jones
Paul G. Barbadoro               Marjorie O. Rendell
Charles R. Breyer