UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)                                                                                      MDL No. 875


ORDER DENYING CRANE CO'S MOTION TO MODIFY
THE PANEL'S DECEMBER 13, 2011, ORDER ADOPTING SUGGESTION
TO THE PANEL CONCERNING FUTURE TAG-ALONG TRANSFERS


**Before the Panel:**[*] Crane Co., a defendant in many actions previously transferred to MDL No. 875, moves to modify our December 13, 2011, order adopting the transferee judge's suggestion to cease transferring most new tag-along actions to the MDL. *See In re: Asbestos Prods. Liab. Litig.*, — F. Supp. 2d —, 2011 WL 6355308 (J.P.M.L. Dec. 13, 2011). Specifically, Crane Co. seeks to have the Panel amend that order "to provide that all motions to remand asbestos lawsuits to state court be within the exclusive province of the [transferee] court." The motion is supported by Air & Liquid Systems Corporation, General Electric Company, IMO Industries Inc., Reliance Electric Company, and United Technologies Corporation, which are also defendants in many previously-centralized actions. Plaintiffs' Liaison Committee and plaintiffs in two Northern District of California actions[1] previously transferred to the MDL oppose the motion.

In support of its motion, Crane Co. argues that remand issues in asbestos cases are not being uniformly decided by district courts across the nation. Crane Co. contends that in factually identical situations, some courts are denying remand, while others are granting remand. Crane Co. thus envisions the requested modification to the Panel's December 13, 2011, order as promoting consistency and predictability in asbestos litigation. In opposition to Crane Co.'s motion, responding plaintiffs argue, *inter alia*, that the Panel did not create this MDL for the purpose of having the transferee court serve as the arbiter of jurisdiction for all its sister courts, and that it would be neither just nor efficient to transfer a case to the MDL for the sole purpose of obtaining a ruling on a remand motion, and then (assuming remand is denied) transfer the case back to the transferor court.

After considering all argument of counsel, we will deny Crane Co.'s motion. We are unaware of any instance in which we have transferred actions for only one specific aspect of "coordinated or consolidated pretrial proceedings," and we are doubtful that such authority even exists. *See In re Molinaro/Catanzaro Patent Litig.*, 402 F. Supp. 1404, 1406 (J.P.M.L. 1975) ("The scope of the

---

[*] Judge John G. Heyburn II and Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] *James Richardson, et al. v. General Electric Co., et al.* (No. 3:11-06380) and *Ruth Ann Meyer, et al. v. General Electric Co.*, et al. (No. 3:11-06382).

coordinated or consolidated pretrial proceedings . . . [is a matter] exclusively within the control of the transferee judge."). Furthermore, as Plaintiffs' Liaison Committee argues, granting the requested relief would dramatically *expand* the jurisdiction of the transferee court, as the Panel has always recognized the authority of a transferor court to rule on a remand motion prior to the action's transfer pursuant to Section 1407. *See* Rule 2.1(d) ("The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). Under Crane Co.'s proposal, the Panel would effectively be instructing the putative transferor courts to stay every asbestos action in which a remand motion is pending until the Panel effects transfer of the action to the MDL. We conclude that granting the relief sought by Crane Co. would be inconsistent with both our Rules and our governing statute. *See* 28 U.S.C. § 1407(a).

IT IS THEREFORE ORDERED that Crane Co.'s motion is denied.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.        Barbara S. Jones
Paul J. Barbadoro             Charles R. Breyer