# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00209-JBA

| | |
|---|---|
| Brooks v. General Electric Company et al | Date Filed: 02/08/2012 |
| Assigned to: Judge Janet Bond Arterton | Jury Demand: None |
| Cause: 28:1442 Petition for Removal | Nature of Suit: 368 P.I. : Asbestos |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Barbara Brooks**  represented by  **Brian P. Kenney**
Early, Ludwick & Sweeney
One Century Tower
265 Church St., 11th Fl.
PO Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax: 203-785-1671
Email: bkenney@elslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**  represented by  **Dan E. LaBelle**
Halloran & Sage
315 Post Rd. West
Westport, CT 06880
203-227-2855
Email: labelle@halloran-sage.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**  represented by  **Thomas F. Maxwell , Jr.**
*a Delaware Corporation*  Pullman & Comley
*formerly known as*  850 Main St., Po Box 7006
Viacom Inc.  Bridgeport, CT 06601-7006
*Successor*  203-330-2252
CBS Corporation  Email: tmaxwell@pullcom.com
*formerly known as*  *LEAD ATTORNEY*
Westinghouse Electric Corporation  *ATTORNEY TO BE NOTICED*

**Defendant**

**Air & Liquid Systems Corporation**

*Successor*
Buffalo Pumps, Inc.

| Date Filed | # | Docket Text |
|---|---|---|
| 02/08/2012 | 1 | NOTICE of Appearance by Thomas F. Maxwell, Jr on behalf of CBS Corporation (Maxwell, Thomas) (Entered: 02/08/2012) |
| 02/08/2012 | 2 | NOTICE by CBS Corporation re 1 Notice of Appearance *Notice of No Pending Motions* (Maxwell, Thomas) (Entered: 02/08/2012) |
| 02/08/2012 | 3 | NOTICE OF REMOVAL by CBS Corporation from Superior Court for the Judicial District of Fairfield at Bridgeport, case number BT-CV-11-6023286-S., filed by CBS Corporation.( Filing fee $350 receipt number 0205-2397316.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Torres, K.) (Additional attachment(s) added on 2/9/2012: # 4 Notice to State court) (Torres, K.). Modified on 2/9/2012 to add Receipt info(Torres, K.). (Entered: 02/09/2012) |
| 02/08/2012 | 4 | ENTERED IN ERROR- NOTICE to State Court by CBS Corporation (Attachments: # 1 Confirmation of filing)(Torres, K.) Modified on 2/9/2012 (Torres, K.). (Entered: 02/09/2012) |
| 02/08/2012 | 5 | Docket Entry Correction re 3 Notice of Removal, added attachment (Torres, K.) (Entered: 02/09/2012) |
| 02/08/2012 |   | Judge Janet Bond Arterton added. (Oliver, T.) (Entered: 02/09/2012) |
| 02/09/2012 | 6 | Order on Pretrial Deadlines: Motions to Dismiss due on 5/9/2012. Amended Pleadings due by 4/9/2012 Discovery due by 8/10/2012 Dispositive Motions due by 9/9/2012. Signed by Judge Janet Bond Arterton on 2/9/2012. (Falcone, K.) (Entered: 02/10/2012) |
| 02/09/2012 | 7 | ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Janet Bond Arterton on 2/9/2012. (Falcone, K.) (Entered: 02/10/2012) |
| 02/09/2012 | 8 | STANDING PROTECTIVE ORDER. Signed by Judge Janet Bond Arterton on 2/9/2012. (Falcone, K.) (Entered: 02/10/2012) |
| 02/09/2012 | 9 | STANDING ORDER for removed cases. Signed by Clerk on 2/9/2012. (Falcone, K.) (Entered: 02/10/2012) |
| 02/10/2012 | 10 | NOTICE TO COUNSEL: Counsel initiating or removing this action is responsible for serving all parties with attached documents and copies of 9 Order, 8 Protective Order, 3 Notice of Removal, filed by CBS Corporation, 1 Notice of Appearance filed by CBS Corporation, 7 Electronic Filing Order, 2 Notice (Other) filed by CBS Corporation, 6 Order on Pretrial Deadlines. Signed by Clerk on 2/10/2012. (Falcone, K.) (Entered: 02/10/2012) |
| 02/14/2012 | 11 | NOTICE of Appearance by Dan E. LaBelle on behalf of General Electric Company (LaBelle, Dan) (Entered: 02/14/2012) |
|  |  |  |

| 02/14/2012 | 12 | Corporate Disclosure Statement by General Electric Company. (LaBelle, Dan) (Entered: 02/14/2012) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/17/2012 09:14:27 | | | |
| **PACER Login:** | pc0033 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:12-cv-00209-JBA |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

| SUMMONS<br>CIVIL (*except family actions*)<br>JD-CV-1<br>GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a<br>52-48, 52-259<br>PR. BK. 49, 63, 66 | SUPERIOR COURT<br><br>INSTRUCTIONS | ☒X☒ ONE OF THE<br>FOLLOWING<br>*Amount, legal interest or property in demand, exclusive of interest and costs is*<br>☐ less than $2,500<br>☐ $2,500 through $14,999.99<br>☒ $15,000 or more<br>(☒X☒ *if applicable*)<br>☐ Claiming other relief in addition to or in lieu of money damages. |
|---|---|---|

1. Prepare on typewriter; sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| ☒ JUDICIAL DISTRICT<br>☐ HOUSING SESSION ☐ G.A. | AT (*Town in which writ is returnable*)(*Gen. Stat. 51-349*)<br>Bridgeport | RETURN DATE (*Mo., day, yr*)<br>12.06.11 | |
|---|---|---|---|
| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (*GEN. STAT. 51-347, 51-350*)(*No., st., town & zip code*)<br>1061 Main Street, Bridgeport, CT, 06604 (203) 579-6527 | | CASE TYPE (*From Judic. Dept. case type list-see back*)<br>Major T | Minor 20 |

| PARTIES | NOTE: *Individual's Names:*<br>*Last, First, Middle Initial* | NAME AND ADDRESS OF EACH PARTY<br>(*No., street, town & zip code*) | ☒ Form JD-CV-2 attached | PTY NO |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | | Brooks, Barbara, 251 Drozdyk Drive, Apt 206, Groton, Connecticut 06340 | | 01 |
| Additional Plaintiff | | | | 02 |
| FIRST NAMED DEFENDANT | | CBS Corporation, a DE corp., f/k/a Viacom Inc., succ. by merger to CBS Corp., a PA corp., f/k/a Westinghouse Electric Corp. & succ in int. to Sturtevant & BF Sturtevant, Eckert Seamans Cherin & Mellott LLC, Lit. Mgmt, US Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 | | 50 |
| Additional Defendant | | Foster Wheeler L.L.C., Jack Deones, Perryville Corporate Park, Clintonville, NJ 08809 | | 51 |
| Additional Defendant | | General Electric Co., CT Corporation System, One Commercial Plaza, Hartford, CT 06106 | | 52 |
| Additional Defendant | | | | |

## NOTICE TO EACH DEFENDANT

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written ☒Appearance☒ form on time, a judgment may be entered against you by default.
6. The Appearance☒ form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>11.09.11 | SIGNED<br>s/423477 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Brian P. Kenney, Esq. |
|---|---|---|---|

FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (*No., street, town & zip code*)<br>Early Lucarelli, Sweeney & Meisenkothen, LLC<br>265 Church Street, New Haven, CT 06510 | TELEPHONE NO.<br>203-777-7799 | JURIS NO. (*If atty. or law firm*)<br>409080 |
|---|---|---|
| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (*No., street, town & zip code*)<br>Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | | SIGNATURE OF PLAINTIFF IF PRO SE |

| NO. PLFS.<br>1 | NO. DEFS.<br>3 | NO. CNTS.<br>2 | SIGNED (*Official taking recognizance, ☒x☒ proper*)<br>s/423477 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED by a CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above. | SIGNED (*Pro se plaintiff*) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

SUMMONS, Civil

| SUMMONS<br>CIVIL (*except family actions*)<br>JD-CV-1<br>GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a<br>52-48, 52-259<br>PR. BK. 49, 63, 66 | SUPERIOR COURT<br><br>INSTRUCTIONS | ☒X☒ ONE OF THE<br>FOLLOWING<br>*Amount, legal interest or property in demand, exclusive of interest and costs is*<br>☐ less than $2,500<br>☐ $2,500 through $14,999.99<br>☒ $15,000 or more<br>☒☒X☒ *if applicable*<br>☐ Claiming other relief in addition to or in lieu of money damages. |
|---|---|---|

1. Prepare on typewriter; sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| ☒ JUDICIAL DISTRICT<br>☐ HOUSING SESSION   ☐ G.A. | AT (*Town in which writ is returnable*)(Gen. Stat. 51-349)<br>Bridgeport | RETURN DATE (*Mo., day, yr*)<br>12.06.11 |
|---|---|---|
| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-347, 51-350)(*No., st., town & zip code*)<br>1061 Main Street, Bridgeport, CT, 06604   (203) 579-6527 | | CASE TYPE(From Judic. Dept. case type list-see back)<br>Major  T         Minor  20 |

| PARTIES | NOTE: *Individual's Names:*<br>Last, First, Middle Initial | NAME AND ADDRESS OF EACH PARTY<br>(*No., street, town & zip code*) | ☒ Form JD-CV-2 attached | PTY NO |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | ☐ | Brooks, Barbara, 251 Drozdyk Drive, Apt 206, Groton, Connecticut 06340 | | 01 |
| Additional Plaintiff | | | | 02 |
| FIRST NAMED DEFENDANT | ☐ | CBS Corporation, a DE corp., f/k/a Viacom Inc., succ. by merger to CBS Corp., a PA corp., f/k/a Westinghouse Electric Corp. & succ in int. to Sturtevant & BF Sturtevant, Eckert Seamans Cherin & Mellott LLC, Lit. Mgmt, US Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 | | 50 |
| Additional Defendant | | Foster Wheeler L.L.C., Jack Deones, Perryville Corporate Park, Clintonville, NJ 08809 | | 51 |
| Additional Defendant | | General Electric Co., CT Corporation System, One Commercial Plaza, Hartford, CT 06106 | | 52 |
| Additional Defendant | | | | |

NOTICE TO EACH DEFENDANT

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written ☒Appearance☒ form on time, a judgment may be entered against you by default.
6. The Appearance☒ form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>11.09.11 | SIGNED<br>s/423477 | ☒ Commissioner of Superior court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Brian P. Kenney, Esq. |
|---|---|---|---|

FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (*No., street, town & zip code*)<br>Early Lucarelli, Sweeney & Meisenkothen, LLC<br>265 Church Street, New Haven, CT 06510 | TELEPHONE NO.<br>203-777-7799 | JURIS NO. (*If atty. or law firm*)<br>409080 |
|---|---|---|
| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (*No., street, town & zip code*)<br>Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | | SIGNATURE OF PLAINTIFF IF PRO SE |

| NO. PLFS.<br>1 | NO. DEFS.<br>3 | NO. CNTS.<br>2 | SIGNED (Official taking recognizance, ☒x☒ proper box)<br>s/423477 | ☒ Commissioner of Superior Court<br>☐ Assistant clerk | For Court Use Only<br>FILE DATE<br>[TRUE COPY signature]<br>KEITH D. N[illegible]<br>CONNECTICUT STATE MARSHAL |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED by a CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above. | SIGNED (*Pro se plaintiff*) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

SUMMONS, Civil

| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| RETURN DATE: DECEMBER 6, 2011 | : SUPERIOR COURT |
| BARBARA BROOKS | : J.D. OF FAIRFIELD |
| VS. | : AT BRIDGEPORT |
| CBS CORPORATION, a DE corp., f/k/a Viacom Inc., succ. by merger to CBS Corp., a PA corp., f/k/a Westinghouse Electric Corp. & succ in int. to Sturtevant & BF Sturtevant), FOSTER WHEELER L.L.C., GENERAL ELECTRIC CO. | : NOVEMBER 9, 2011 |

## COMPLAINT

### COUNT I

1. The plaintiff, BARBARA BROOKS is a citizen of the State of Connecticut and resides at 251 Drozdyk Drive, Apt 206, Groton, Connecticut.

2. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants"), named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

2a. The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Connecticut defendant. Removal is improper. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or any agency or person acting under him

occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

3. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

4. The plaintiff was exposed to various asbestos containing products, secondarily, through her father's employment as a carpenter at multiple Connecticut jobsites from the 1950 through 1979.

5. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

6. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

7. At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was

forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

8. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

9. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

10. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

    (a)    Said asbestos-containing products were unreasonably defective in one or more of the following ways:

        1.    in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

        2.    in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

        3.    in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

    (b)    The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and

correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

    (c)    The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

11. As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 4 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

12. The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

13. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

14. As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

15. As a further result of said illness, the plaintiff's earning capacity is impaired.

16. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

17. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

18. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

19. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

20. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

21. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

22. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

23. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

24. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

25. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

26. The defendants breached these duties by:

    (a)    failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

    (b)    failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

    (c) failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

    (d) supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

    (e) supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

    (f) failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

    (g) failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

    (h) failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

    (i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

    (j) generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

 27. The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

 WHEREFORE, the plaintiff, BARBARA BROOKS claims damages.

## COUNT II

1.-27. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

EARLY, LUCARELLI, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

28. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

29. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

30. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

31. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

32. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE Plaintiff's BARBARA BROOKS demands judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

THE PLAINTIFF

BY: s/ 423477
Brian P. Kenney, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys



## IN RE: ASBESTOS LITIGATION

| | |
|---|---|
| RETURN DATE: DECEMBER 6, 2011 | : SUPERIOR COURT |
| BARBARA BROOKS | : J.D. OF FAIRFIELD |
| VS. | : AT BRIDGEPORT |
| CBS CORP., ET AL | : NOVEMBER 9, 2011 |

WHEREFORE, the plaintiff, BARBARA BROOKS claims as to the defendants:

1. Full, fair and just money damages;

2. Punitive and exemplary damages, including attorney's fees;

3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes Sections 52-240a and 52-240b (First Count);

4. Costs of this action.

THE PLAINTIFF

BY: s/ 423477
Brian P. Kenney, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys



| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| RETURN DATE: DECEMBER 6, 2011 | : SUPERIOR COURT |
| BARBARA BROOKS | : J.D. OF FAIRFIELD |
| VS. | : AT BRIDGEPORT |
| CBS CORP., ET AL | : NOVEMBER 9, 2011 |

The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF

BY:   s/ 423477
     Brian P. Kenney, Esq.
     Early, Lucarelli, Sweeney & Meisenkothen, LLC
     One Century Tower, 11th Floor
     265 Church Street P.O. Box 1866
     New Haven, CT 06508-1866
     (203) 777-7799
     Juris No. 409080
     Their Attorneys



Corporation Service Company
CBS Corporation f/k/a Viacom, Inc.
"The Secretary"
2711 Centerville Road, Ste 400
Wilmington, DE 19808-1645