ASBESTOS

# U.S. District Court
# Western District of North Carolina (Asheville)
# CIVIL DOCKET FOR CASE #: 1:12−cv−00080−MR

Murdock v. Norfolk Southern Railway Company  
Assigned to: District Judge Martin Reidinger  
Demand: $75,000  
Cause: 45:51 Railways: Fed. Employer's Liability Act

Date Filed: 04/24/2012  
Jury Demand: None  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

**Plaintiff**

**John D Murdock**      represented by    **Janet Ward Black**  
Ward Black, P.A.  
208 West Wendover Avenue  
Greensboro, NC 27401  
336−273−3812  
Fax: 336−312−4571  
Email: jwblack@wardblacklaw.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Norfolk Southern Railway Company**  
*Individually and as Successor to Southern Railway Company, a Virgina Corporation*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/24/2012 | 1 | 3 | COMPLAINT against Norfolk Southern Railway Company ( Filing fee $ 350 receipt number 0419−1656820), filed by John D Murdock.(Black, Janet Ward) (Entered: 04/24/2012) |
| 04/25/2012 | | | Case assigned to District Judge Martin Reidinger. Notice: You must click this link to retrieve the **Case Assignment Packet**. *This is your only notice − you will not receive a separate document.*(thh) (Entered: 04/25/2012) |
| 04/25/2012 | 2 | | Summons Issued Electronically as to Norfolk Southern Railway Company. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (thh) (Entered: 04/25/2012) |
| 04/25/2012 | 3 | | **ASBESTOS PRETRIAL ORDER that this case shall be included in the Coordinated Proceeding In Re: Asbestos−Related Litigation, WDCP−83−1. Signed by Clerk, Frank G. Johns. (thh)** (Entered: 04/25/2012) |
| 04/25/2012 | | | In Re: Asbestos Products Liability Litigation − MDL #875. Notice to Clerk of MDL Panel of tag−along case. (Copy of complaint and docket sheet emailed to |

| | | the Panel) (thh) (Entered: 04/25/2012) |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY )
LITIGATION (NO. VI) )
)   Civil Action No. MDL 875
)
This Document Relates to: )
)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division
CIVIL ACTION FILE NO.

JOHN D. MURDOCK, )
)
    Plaintiff, )
)
vs. )   **CIVIL ACTION COMPLAINT**
)
NORFOLK SOUTHERN RAILWAY COMPANY, )
Individually and as Successor to Southern Railway )
Company, a Virginia Corporation, )
)
    Defendant. )

    This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action. This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

    PLAINTIFF, JOHN D. MURDOCK, by and through counsel of record, alleges as follows:

    1.    The Plaintiff, JOHN D. MURDOCK, is a citizen and resident of Tryon, North Carolina.

    2.    The Plaintiff, JOHN D. MURDOCK, worked in the state of South Carolina for all times referred to herein.

1

3. The Defendant, Norfolk Southern Railway Company ("NSRC"), successor-in-interest to the Southern Railway Company, is a corporation organized and existing under the laws of various states, and which is and was, at all times relevant hereto, engaged in interstate commerce in and throughout the United States as a common carrier by rail; and operated locomotives, railroad cars and facilities and transacted substantial business in North and South Carolina.

4. The Defendant NSRC is currently doing business in this district and as a result jurisdiction is proper under the Federal Employer's Liability Act, 45 U.S.C. § 56.

5. The Defendant NSRC is responsible for any and all acts or omissions of the Southern Railway Company.

6. During the course of Plaintiff's employment, the Defendant was engaged in interstate commerce as a common carrier by rail, and all or part of the duties of the Plaintiff, were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore, the rights and liabilities of the parties were and are governed by the Federal Employer's Liability Act, 45 U.S.C. § 1 *et seq.*, which grants this Court jurisdiction over this action.

7. During the period 1980 to1996, Plaintiff was employed with NSRC as a welder at its Haynes Shops in Spartanburg, South Carolina and was engaged in the performance of his duties in these and other capacities as an employee of the Defendant during which time he was injured.

8. During the course of Plaintiff's employment with the Defendant, he was exposed to toxic substances, including but not limited to asbestos, that caused, in whole or in part, him to develop an asbestos-related disease.

9. At all times relevant, Plaintiff was unaware of the dangerous propensities of these toxic substances, including but not limited to asbestos, and was unaware of the cause of his latent abnormal medical condition.

10. The Plaintiff was diagnosed with Asbestosis on May 4, 2009. Accordingly, this action is filed within the three (3) year time period prescribed by 45 USC § 51 *et seq.*

## COUNT I
### (Federal Employer's Liability Act)

11. Plaintiff realleges and incorporates the factual and jurisdictional allegations of Paragraphs 1- 10 as if restated verbatim herein.

12. The Defendant, by and through its duly authorized agents, servants and employees, committed one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiff with a reasonably safe place within which to work;

(b) in failing to furnish Plaintiff with safe and suitable tools and equipment, including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiff of the true nature and hazardous effects of the asbestos, chemicals and diesel fumes to which he was exposed;

(d) in failing to operate the facility in a safe and reasonable manner;

(e) in failing to provide instructions or a method for the safe use of asbestos and chemicals;

(f) in failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

(g) in failing to test asbestos-containing products, chemicals and diesel fumes prior to requiring employees to work with or around same, to determine their hazardous nature;

(h) in failing to formulate and implement a safe method of handling asbestos and chemicals, hereby exposing Plaintiff to concentrations sufficient to cause disease;

     (i)    in failing to provide Plaintiff with safe and proper ventilation systems in the locomotive repair facility;

     (j)    in allowing unsafe practices to become the standard practice;

     (k)    in failing to exercise reasonable care in publishing and enforcing a safety plan and method of working with or around asbestos, chemicals and diesel fumes;

     (l)    in failing to inquire of the suppliers of asbestos-containing products or chemicals, the hazardous nature of those materials;

     (m)    in requiring employees to work with hazardous products or materials;

     (n)    in failing to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

     (o)    in failing to test and examine Plaintiff periodically to determine if he was subject to any ill effects of his exposure to asbestos, chemicals or diesel fumes;

     (p)    in failing to inspect its locomotives or rail cars periodically in order to ascertain any unsafe conditions related to asbestos;

     (q)    in allowing excessive dust or fumes from asbestos, chemicals and diesel fuel to exist and remain in the work area;

     (r)    in failing to conduct adequate, if any, industrial hygiene, epidemiological or medical studies related to asbestos, chemicals or diesel fumes and their effect on the employees of the Railroad.

13.    As a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the Defendant, Plaintiff suffered exposure to toxic substances including asbestos that was a cause of the Plaintiff's illness and injuries.

14.    As a result of the exposure referred to herein, Plaintiff has and will continue to suffer great pain, mental anguish, and severe injuries. His enjoyment of life has been greatly reduced as he suffers from an asbestos-related disease. Plaintiff has and will continue to be

5

forced to incur medical expenses by way of doctor, hospital, drug bills and other types of care and treatment, as a result of this illness.

WHEREFORE, Plaintiff, JOHN D. MURDOCK, demands judgment in excess of $75,000.00 against the Defendant, Norfolk Southern Railway Company, for all damages allowed under the FELA as will be proven at trial, and for such other and further relief as this Court may deem just and proper.

This 24th day of April, 2012.

/s/ Janet Ward Black
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC  27401
336-333-2244
jwblack@wardblacklaw.com

5