ADRMOP

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:12-cv-02040-CW

Ramsey et al v. United States Steel Corporation et al
Assigned to: Hon. Claudia Wilken
Cause: 28:1332 Diversity-Product Liability

Date Filed: 04/24/2012
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

**Plaintiff**

**William Ramsey**                    represented by    **David R. Donadio**
                                                        Brayton Purcell LLP
                                                        222 Rush Landing Road
                                                        PO Box 6169
                                                        Novato, CA 94948-6169
                                                        415-898-1555
                                                        Fax: 415-898-1247
                                                        Email: DDonadio@braytonlaw.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Diana Ramsey**                      represented by    **David R. Donadio**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States Steel Corporation**
*formerly known as*
USX Corporation

**Defendant**

**Huntington Ingalls Incorporated**
*formerly known as*
Northrop Grumman Shipbuilding Inc

**Defendant**

**General Dynamics Corporation**

**Defendant**

**Puget Sound Commerce Center Inc**
*formerly known as*
Todd Shipyards Corporation

**Defendant**

**Bath Iron Works Corporation**

**Defendant**

**General Electric Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/24/2012 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 7/25/2012. Case Management Conference set for 8/1/2012 02:00 PM. (Attachments: # 1 Standing Order)(cp, COURT STAFF) (Filed on 4/24/2012) (Entered: 04/26/2012) |
| 04/24/2012 | 5 | NOTICE of Tag-Along Action by Diana Ramsey, William Ramsey (cp, COURT STAFF) (Filed on 4/24/2012) (cp, COURT STAFF). (Entered: 04/26/2012) |
| 04/24/2012 | 4 | Certificate of Interested Entities by Diana Ramsey, William Ramsey (cp, COURT STAFF) (Filed on 4/24/2012) (cp, COURT STAFF). (Entered: 04/26/2012) |
| 04/24/2012 | 3 | Declination to Proceed Before a U.S. Magistrate Judge by Diana Ramsey, William Ramsey. (cp, COURT STAFF) (Filed on 4/24/2012) (cp, COURT STAFF). (Entered: 04/26/2012) |
| 04/24/2012 | 2 | Summons Issued as to Bath Iron Works Corporation, General Dynamics Corporation, General Electric Company, Huntington Ingalls Incorporated, Puget Sound Commerce Center Inc, United States Steel Corporation. (cp, COURT STAFF) (Filed on 4/24/2012) (cp, COURT STAFF). (Entered: 04/26/2012) |
| 04/24/2012 | 1 | COMPLAINT; Jury Demand against Bath Iron Works Corporation, General Dynamics Corporation, General Electric Company, Huntington Ingalls Incorporated, Puget Sound Commerce Center Inc, United States Steel Corporation ( Filing fee $ 350, receipt number 34611073305.). Filed byWilliam Ramsey, Diana Ramsey. (cp, COURT STAFF) (Filed on 4/24/2012) (Additional attachment(s) added on 4/26/2012: # 1 Civil Cover Sheet) (cp, COURT STAFF). (Entered: 04/26/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/27/2012 10:00:36 | | | |
| **PACER Login:** | bp0355 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:12-cv-02040-CW |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

ORIGINAL FILED

2012 APR 24   P 12: 29
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIF.
RICHARD W. WIEKING

E-filing

1    ALAN R. BRAYTON, ESQ., S.B. #73685
2    DAVID R. DONADIO, ESQ., S.B. #154436
     BRAYTON❖PURCELL LLP
3    Attorneys at Law
     222 Rush Landing Road
4    P.O. Box 6169
     Novato, California 94948-6169
5    (415) 898-1555
     (415) 898-1247 (Fax No.)
6
     Attorneys for Plaintiffs
7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN FRANCISCO DIVISION**

CW
CV 12 2040

11   WILLIAM RAMSEY and          )   No. _____
     DIANA RAMSEY,               )
12                               )
              Plaintiffs,        )
13                               )   COMPLAINT FOR ASBESTOS
     vs.                         )   PERSONAL INJURY/ PRODUCTS
14                               )   LIABILITY/ LOSS OF CONSORTIUM;
     UNITED STATES STEEL         )   DEMAND FOR JURY TRIAL
15   CORPORATION (FKA USX        )
     CORPORATION), HUNTINGTON    )
16   INGALLS INCORPORATED (FKA   )
     NORTHROP GRUMMAN            )
17   SHIPBUILDING, INC.), GENERAL )
     DYNAMICS CORPORATION, PUGET )
18   SOUND COMMERCE CENTER, INC. )
     (FKA TODD SHIPYARDS         )
19   CORPORATION), BATH IRON WORKS )
     CORPORATION, GENERAL ELECTRIC )
20   COMPANY,                    )
                                 )
21            Defendants.        )

22

23                               **I.**

24                            **PARTIES**

25          1.     Plaintiff in this action, WILLIAM RAMSEY, has sustained asbestos-related lung

26   injuries as a result of his inhalation of asbestos fibers through his occupational exposure to

27   asbestos.  Plaintiff, DIANA RAMSEY, has sustained loss of consortium as set forth in the Third

28   Cause of Action.

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

K:\Injured\5470\fed\PLD\cmp-fed-pilc.wpd                                        1
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

2.     Plaintiff WILLIAM RAMSEY sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

3.     The pathogenesis of Plaintiff WILLIAM RAMSEY's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

4.     All of Plaintiffs' claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff WILLIAM RAMSEY's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff WILLIAM RAMSEY, resulting in cumulative, progressive, incurable lung diseases.

5.     Plaintiff WILLIAM RAMSEY claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6.     As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff WILLIAM RAMSEY.

7.     Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8.     <u>Jurisdiction</u>: Plaintiff WILLIAM RAMSEY is a citizen of the State of California.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| UNITED STATES STEEL CORPORATION (FKA USX CORPORATION) | Delaware/Pennsylvania |
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | Virginia/Virginia |
| GENERAL DYNAMICS CORPORATION | Delaware/Virginia |
| PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION) | Delaware/Washington |
| BATH IRON WORKS CORPORATION | Massachusetts/Massachusetts |
| GENERAL ELECTRIC COMPANY | New York/Connecticut |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9.      <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

**III.**

**CAUSES OF ACTION**

<u>FIRST CAUSE OF ACTION</u>
(Negligence)

PLAINTIFF WILLIAM RAMSEY COMPLAINS OF DEFENDANTS UNITED STATES STEEL CORPORATION (FKA USX CORPORATION), HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), GENERAL DYNAMICS CORPORATION, PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION), BATH IRON WORKS CORPORATION, GENERAL ELECTRIC COMPANY, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10.     At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos. The following defendants, and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused the destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| UNITED STATES STEEL CORPORATION (FKA USX CORPORATION) | USX CORPORATION |
| | CONSOLIDATED WESTERN PIPE & STEEL |
| | CONSOLIDATED WESTERN STEEL CORPORATION |
| | CONSOLIDATED STEEL SHIPYARD |
| | WESTERN PIPE & STEEL |
| | CONSOLIDATED SHIPBUILDING CORP. |
| | UNITED STATES STEEL, LLC |
| | U.S. STEEL SUPPLY |
| | U.S. STEEL COMPANY |
| | COLUMBIA STEEL COMPANY |
| | AMERICAN BRIDGE & IRON |
| | CARNEGIE-ILLINOIS STEEL CORPORATION |
| | FEDERAL SHIPBUILDING |
| | AMERICAN TRISTAR |
| | OIL WELL SERVICING COMPANIES |
| | OIL WELL SUPPLY COMPANY |
| | MARATHON OIL CORPORATION |
| | COLUMBIA-GENEVA STEEL DIVISION |
| HUNTINGTON INGALLS INCORPORATED (FKA  NORTHROP GRUMMAN SHIPBUILDING, INC.) | AVONDALE INDUSTRIES, INC. |
| | AVONDALE SHIPYARDS, INC. |
| | CONTINENTAL MARITIME INDUSTRIES, INC. |
| | EASTERN IDAHO CONSTRUCTION COMPANY |
| | INGALLS SHIPBUILDING, INC. |
| | NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY |
| | NORTH CAROLINA SHIPBUILDING |
| | NORTHROP GRUMMAN SHIP SYSTEMS, INC. |
| | SERVICE ENGINEERING INDUSTRIES, INC. |
| GENERAL DYNAMICS CORPORATION | CONVAIR |
| | VULTEE AIRCRAFT INC. |
| | CONSOLIDATED VULTEE AIRCRAFT CORPORATION |
| | ASBESTOS CORPORATION LIMITED |
| PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION) | VIGOR SHIPYARDS, INC. ( FKA TODD PACIFIC SHIPYARDS CORPORATION) |
| | SEATTLE-TACOMA SHIPBUILDING CORP. |
| | TODD SEATTLE DRY DOCKS, INC. |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |
| | HOTPOINT, INC. |
| | GENERAL ELECTRIC SUPPLY CORPORATION |

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating,

1   designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

2   supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

3   promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

4   warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

5   otherwise directing and/or facilitating the use of, or advertising a certain product, namely

6   asbestos and other products containing asbestos.

7           12.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

8   each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

9   fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

10  to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,

11  supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,

12  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

13  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

14  and other products containing asbestos, in that said products caused personal injuries to users,

15  consumers, workers, bystanders and others, including the Plaintiff herein, (hereinafter

16  collectively called "exposed persons"), while being used in a manner that was reasonably

17  foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by

18  "exposed persons."  In part, and without limitation as to other defendants, defendants UNITED

19  STATES STEEL CORPORATION (FKA USX CORPORATION); HUNTINGTON INGALLS

20  INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.); GENERAL

21  DYNAMICS CORPORATION; PUGET SOUND COMMERCE CENTER, INC. (FKA TODD

22  SHIPYARDS CORPORATION); BATH IRON WORKS CORPORATION, manufactured,

23  modified, serviced and/or repaired asbestos-containing ships and vessels.

24          13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

25  exercise due care in the pursuance of the activities mentioned above and defendants, and each of

26  them, breached said duty of due care.

27          14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

28  have known, and intended that the aforementioned asbestos and products containing asbestos and

1   related products and equipment, would be transported by truck, rail, ship, and other common

2   carriers, that in the shipping process the products would break, crumble, or be otherwise

3   damaged; and/or that such products would be used for insulation, construction, plastering,

4   fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

5   limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

6   breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the

7   release of airborne asbestos fibers, and that through such foreseeable use and/or handling

8   "exposed persons", including Plaintiff herein, would use or be in proximity to and exposed to

9   said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

10  persons working in proximity to said products, directly or through reentrainment.

11          15.     Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-

12  containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's

13  exposure to asbestos and asbestos-containing products is on current information as set forth at

14  various locations and circumstances in **Exhibit A**, attached to Plaintiff's complaint and

15  incorporated by reference herein.

16          16.     As a direct and proximate result of the acts, omissions, and conduct of the

17  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure

18  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

19  or harm to the Plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and

20  incorporated by reference herein.

21          17.     Plaintiff is informed and believes, and thereon alleges, that progressive lung

22  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

23  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

24  asbestos and asbestos-containing products over a period of time.

25          18.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-

26  containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-

27  containing products presented risk of injury and/or disease.

28  ///

19.     As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

20.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

21.     As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

22.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

23.     Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

24.     The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons."  Plaintiff, for the sake of example and by way of punishing said defendants, seeks punitive damages according to proof.

1    WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and

2    each of them, as hereinafter set forth.

3                          SECOND CAUSE OF ACTION
                                (Products Liability)
4

5    AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

6    ACTION FOR PRODUCTS LIABILITY, PLAINTIFF WILLIAM RAMSEY COMPLAINS OF

7    DEFENDANTS UNITED STATES STEEL CORPORATION (FKA USX CORPORATION),

8    HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN

9    SHIPBUILDING, INC.), GENERAL DYNAMICS CORPORATION, PUGET SOUND

10   COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION), BATH IRON

11   WORKS CORPORATION, GENERAL ELECTRIC COMPANY, THEIR "ALTERNATE

12   ENTITIES," AND EACH OF THEM, AS FOLLOWS:

13       25.    Plaintiff incorporates herein by reference, as though fully set forth herein, the

14   allegations contained in each paragraph of the First Cause of Action herein.

15       26.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended

16   that the above-referenced asbestos and asbestos-containing products would be used by the

17   purchaser or user without inspection for defects therein or in any of their component parts and

18   without knowledge of the hazards involved in such use.

19       27.    Said asbestos and asbestos-containing products were defective and unsafe for their

20   intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death.

21   The defect existed in the said products at the time they left the possession of defendants, their

22   "alternate entities," and each of them.  Said products did, in fact, cause personal injuries,

23   including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff

24   herein, while being used in a reasonably foreseeable manner, thereby rendering the same

25   defective, unsafe and dangerous for use.

26       28.    "Exposed persons" did not know of the substantial danger of using said products.

27   Said dangers were not readily recognizable by "exposed persons."  Said defendants, their

28   ///

1   ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

2   which Plaintiff and others similarly situated were exposed.

3        29.   In researching, manufacturing, fabricating, designing, modifying, testing or failing

4   to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

5   sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

6   marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

7   and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

8   did so with conscious disregard for the safety of "exposed persons" who came in contact with

9   said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

10   ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or

11   death resulting from exposure to asbestos or asbestos-containing products, including, but not

12   limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,

13   from scientific studies performed by, at the request of, or with the assistance of, said defendants,

14   their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

15   defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

16        30.   On or before 1930, and thereafter, said defendants, their ALTERNATE

17   ENTITIES and each of them, were aware that members of the general public and other "exposed

18   persons", who would come in contact with their asbestos and asbestos-containing products, had

19   no knowledge or information indicating that asbestos or asbestos-containing products could

20   cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

21   members of the general public and other "exposed persons", who came in contact with asbestos

22   and asbestos-containing products, would assume, and in fact did assume, that exposure to

23   asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

24   hazardous to health and human life.

25        31.   With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

26   of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

27   lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

28   market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

asbestos-containing products without attempting to protect "exposed persons" from or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

32.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendants, their ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendants, their ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including Plaintiff.

33.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing products to be safe for their intended use but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

34.    Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos and various asbestos-containing products manufactured, fabricated, inadequately researched,

designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised by the aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff cannot identify precisely which asbestos or asbestos-containing products caused the injuries complained of herein.

35.     Plaintiff relied upon defendants', their "alternate entities'", and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has been injured permanently as alleged herein.

36.     As a direct and proximate result of the actions and conduct outlined herein, Plaintiff has suffered the injuries and damages previously alleged.

WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

THIRD CAUSE OF ACTION
(Loss of Consortium)

AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF DIANA RAMSEY COMPLAINS OF DEFENDANTS UNITED STATES STEEL CORPORATION (FKA USX CORPORATION), HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.), GENERAL DYNAMICS CORPORATION, PUGET SOUND COMMERCE CENTER, INC. (FKA TODD SHIPYARDS CORPORATION), BATH IRON WORKS CORPORATION, GENERAL ELECTRIC COMPANY, THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

37.     Plaintiffs incorporate by reference each and every paragraph of the First through Second Causes of Action herein.

38.     Plaintiffs WILLIAM RAMSEY and DIANA RAMSEY were married on June 29, 1972, and at all times relevant to this action were, and are now, husband and wife.

39.     Prior to Plaintiff WILLIAM RAMSEY's injuries as alleged, he was able and did perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, WILLIAM RAMSEY has been unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and he will be unable to perform such work, service and duties in the future.  As a proximate result thereof, Plaintiff DIANA RAMSEY has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown but which will be proved at the time of trial.

40.     Plaintiff's discovery of the cause of her loss of consortium, as herein alleged, first occurred within one year of the date this complaint was filed.

41.     As a direct and proximate result of the acts of defendants, their "alternate entities," and each of them, and the severe injuries caused thereby to Plaintiff WILLIAM RAMSEY as set forth in this complaint, Plaintiff DIANA RAMSEY has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

## IV.

## PRAYER

WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE ENTITIES, and each of them in an amount to be proved at trial, as follows:

Plaintiff WILLIAM RAMSEY:

(a)     For Plaintiff's general damages according to proof;

(b)     For Plaintiff's loss of income, wages and earning potential according to proof;

(c)     For Plaintiff's medical and related expenses according to proof;

Plaintiff DIANA RAMSEY:

(d)     For Plaintiff's damages for loss of consortium according to proof;

1    Plaintiffs WILLIAM RAMSEY and DIANA RAMSEY:

2        (e)    For Plaintiffs' cost of suit herein;

3        (f)    For exemplary or punitive damages according to proof;

4        (g)    For damages for fraud according to proof; and

5        (h)    For such other and further relief as the Court may deem just and proper, including

6               costs and prejudgment interest.

7

8    Dated: _4/22/12_                          BRAYTON❖PURCELL LLP

9

10                                        By: _____
                                              David R. Donadio, Esq., S.B. #154436
11                                            Attorneys for Plaintiffs

12

13

14                                    JURY DEMAND

15       Plaintiffs hereby demand trial by jury of all issues of this cause.

16

17   Dated: _4/22/12_                          BRAYTON❖PURCELL LLP

18

19                                        By: _____
                                              David R. Donadio, Esq., S.B. #154436
20                                            Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

K:\Injured\5470\fed\PLD\cmp-fed-pilc.wpd                    14
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

EXHIBIT A

Plaintiff:  WILLIAM RAMSEY

Plaintiff's injuries:  Plaintiff was diagnosed with throat cancer on or about February 2012 and with asbestosis and asbestos-related pleural disease on or about September 1993.

Retirement Status:

Plaintiff retired from his last place of employment at regular retirement age.  He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Britain Ramsey | Residential homes in New Jersey | Laborer | 1953 - 1955 summers (about 4 months total) |
| US Navy | Naval Auxiliary Landing Field, Charlestown, RI | Fireman | 11/1956 - 1/1957 |
| US Navy | Boilerman Technical School (PHLNSY) Philadelphia, PA | Fireman | 1/1957 - 3/1957 |
| US Navy | CHARLES J. BADGER (DD-657) | Boiler Technician | 3/5/1957 - 5/8/1958 |
| | Boston Naval Shipyard, Boston, MA | | 7 months |
| US Navy | KIRKPATRICK (DE-318) | Boiler Operator | 6/1/1958 - 9/5/1958 |
| US Navy | COMPTON (DD-705) | Boiler Technician | 9/6/1958 - 11/3/1960 |
| | Boston Naval Shipyard, Boston, MA | | 3 months |

///

///

///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | SEVERN (AO-61) | Boiler Technician | 11/6/1960 - 7/14/1966 |
| | Boston Naval Shipyard, Boston, MA; | | 2 ½ months |
| | Bethlehem Steel East Boston, MA: | | 3 ½ months |
| | Naval Station, Newport, RI | | 5 weeks |
| US Navy | Naval Station Newport, RI Barge YSR-52 | Skipper | 7/15/1966 - 1967 |
| Foley's Gulf Service 105 Broadway Newport, RI | Foley's Gulf Service 105 Broadway Newport, RI | Mechanic | 4/1967 - 4/1968 (part time) |
| US Navy | RADFORD (DDE-446); | Boiler Technician (Chief) | 1968 - 11/1969 |
| | Pearl Harbor Naval Shipyard, Honolulu; FLETCHER  (DDE-445) | | 9/1969 (four days) |
| | Mare Island Naval Shipyard, Vallejo, CA | | 9/1969 - 11/1969 (6 weeks) |
| US Navy | Mare Island Naval Shipyard, Vallejo, CA PORTERFIELD (DD-682) STODDARD (DD-566) PICKING (DD-685) | Boiler Technician (supervisor) | 12/1969 - 6/7/1970 |
| US Navy | DIXIE (AD-14) | Boiler Technician (Chief) | 6/14/1970 - 11/30/1971 |
| US Navy | JOHN PAUL JONES (DD-932) San Diego Naval Shipyard, San Diego, CA | Boiler Technician | 1970 (approx. 4 days) |
| US Navy | SOUTHERLAND (DD-743) | Boiler Technician (Chief) | 12/1971 - 8/1972 |

///

///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | CORAL SEA (CVA-43) | Boiler Technician (Chief) | 8/1972 - 4/1974 |
| | Naval Air Station Alameda, CA | | early 1973 (3 months) |
| | HANCOCK (CVA-19) | | Late 1973 (five days) |
| US Navy | Naval Air Station Alameda, CA | Fleet Maintenance (Supervisor) | 4/1974 - 6/5/1975 |
| | RANGER  (CV-61) | | (Approx. 8 days) |
| | Lagging Shop | | 2 months |
| | Boiler Shop | | 2 months |
| Todd Shipyard San Francisco, CA | Todd Shipyard Alameda, CA | Boilermaker | 1/1975 - 6/1975 (nights) |
| | FRANCIS HAMMOND (DE-1067) | | (2 months) |
| | HAMNER (DD-718) | | (1 month) |
| Service Engineering, Pier 38, San Francisco, CA | Service Engineering, Pier 38, San Francisco, CA; Matson Navigation Co., San Francisco, CA; American President Lines (Pier 80) San Francisco, CA; Naval Air Station, Alameda, CA; Mare Island Naval Shipyard, Vallejo, CA; Naval Supply Center, Oakland, CA; Treasure Island, San Francisco, CA Various ships including but not limited to: | Boilermaker (assistant Foreman) | 6/23/1975 - 12/1982 |
| | TRANSCHAMPLAIN (1944) | | 1975 - 1978 (on and off) |
| | TRANSONEIDA (1945) | | 1975 - 1978 (on and off) |
| | TRANSONTARIO (1944) | | 1975 - 1978 (on and off) |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Service Engineering, Pier 38, San Francisco, CA  (cont'd.) | MATSONIA (1973) | Boilermaker (assistant Foreman) | 1975-1977 (on and off) |
| | MARIPOSA (1953) | | 1975 |
| | WHITE PLAINS (AFS-4) | | 1976 |
| | MARS (AFS-1) | | 1978 |
| | KANSAS CITY (AOR-3) | | 1977 |
| | CAMDEN (AOE-2) | | 1981 - 1982 (14 months) |
| | CORAL SEA (CV-43) at Naval Air Station, Alameda, CA | | 1977 (3 weeks); 1979 (9 days) |
| | RANGER  (CV-61) at Naval Air Station, Alameda, CA | | 1978 (8 days) |
| | FLINT (AE-32) | | 6 months |
| | KISKA (AE-35) | | 1981 |
| | SANSINENA II (1971) | | 1980 |
| | GALLANT (MSO-489) at Treasure Island, San Francisco, CA | | 1979 |
| | MANHATTAN (1962) | | 1981 |
| | GOLDEN BEAR (1940) at California Maritime Academy, Vallejo, CA | | 1977 |
| | H.H. HESS (T-AGS-38) | | 1979 |
| | HALEAKALA (AE-25) | | 1977 |
| | HAWAIIAN CITIZEN (1944) | | 1977; 1978 |
| | HAWAIIAN MONARCH (1944) | | 1977 |
| | HECTOR (AR-7) at Naval Air Station, Alameda, CA | | 1980 |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Service Engineering, Pier 38, San Francisco, CA  (cont'd.) | JAPAN BEAR (1971) | Boilermaker (assistant Foreman) | 1977 - 1978 |
| | KILAUEA (AE-26) | | 1980 (3 months) |
| | LURLINE (1973) | | 1978-1980 |
| | SAN JOSE (AFS-7) | | 1978 |
| | AEOLUS (1965) | | 1979 (3 months) |
| | CARPENTER (DD-825) | | 1977 |
| Bethlehem Steel Co. 1170 8th Ave. Bethlehem, PA | Bethlehem Steel Shipyard San Francisco, CA | Boilermaker | 1/1976 (3 weeks) |
| | TULARE (AKA-112) | | |
| San Francisco Welding/ Continental Maritime, Pier 50, San Francisco, CA | San Francisco Welding and Steel Fabrication (Pier 50), San Francisco, CA; Naval Air Station, Alameda, CA; Naval Supply Center, Oakland, CA; Hunters Point Naval Shipyard, Vallejo, CA; Naval Weapons Station, Concord, CA | Boilermaker (Foreman) | 12/1982 - 5/1990 |
| | FLINT (AE-32) | | 1982; 1984; 1986; 1989 (a few weeks each time) |
| | MAUNA KEA (AE-22) | | |
| | ENTERPRISE (CVAN-65) | | 1985; 1986; 1987; 1989; 1990, 3 months each time |
| | SAMUEL GOMPERS (AD-37) | | |
| | POINT LOMA (AGDS-2) | | 1982 |
| | MEYERKORD (FF-1058) | | 1983 |
| | MARS (AFS-1) | | |
| | GENERAL HUGH J. GAFFEY (AP-121) | | 1990 (4 months) |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| San Francisco Welding/ Continental Maritime, Pier 50, San Francisco, CA (cont'd.) | KANSAS CITY (AOR-3) | Boilermaker (Foreman) | 1983 (3 weeks); 1986 (4 months); 1990 |
| | LANG (DE-1060) | | 1988 (5 days); 1989 (4 days) |
| | KAWASHIWI (AO-146) | | 1984 (2 1/2 months) |
| | EXCEL (MSO-439) | | 1976 |
| San Francisco Drydock/ Southwest Marine, San Francisco, CA. | Southwest Marine San Francisco, CA | Boilermaker general foreman | 5/1990 - 2000 |
| | GRAND CANYON STATE (1965) | | 1994 |
| | TAMPA BAY (1966) | | 1991 |
| | GEM STATE (ACS-2) | | 1995 |
| | CAPE GIBSON (T-AK-5051) | | 1994 |

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL