**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**MDL No. 875 – In re Asbestos Products Liability Litigation (No. VI)**

_____

| | |
|---|---|
| NORVIN SUNDEEN ) | |
| ) | |
| ) | |
| ) | Civil Action No. 12-01578 |
| Plaintiff, ) | |
| ) | in the United States District Court |
| v. ) | for the |
| ) | Northern District of California |
| ) | |
| B.F. GOODRICH COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL
TRANSFER ORDER (CTO-503)**

**INTRODUCTION**

Plaintiff Novin Sundeen, by and through his undersigned counsel, hereby moves this Judicial Panel on Multidistrict Litigation to vacate the Conditional Transfer Order (CTO-503) entered in the above-captioned action.

Transfer of this action to the consolidated federal asbestos multidistrict litigation proceedings in the Eastern District of Pennsylvania known as MDL-875—whether before, or after, a ruling on plaintiff's Motion to Remand in the local California District Court[1]—would be both imprudent and incongruous.

---

[1] Plaintiff's Motion to Remand will be filed in the local California District Court on or before April 27, 2011.  *See*, 28 U.S.C. § 1447(c).

1

This action does not belong in federal court at all, much less federal multidistrict proceedings. Indeed, its recent removal to federal court was achieved via the filing of a removal petition which lacks substantive merit. *See*, 28 U.S.C. §§ 1442(a)(1). Moreover, transfer of this action to MDL-875 would not advance the all-important policy objectives of 28 U.S.C. § 1407. Such transfer, if anything, would serve only to frustrate the objectives Section 1407 was intended to promote and secure. In short, transfer would be neither judicially efficient nor economical and would instead be inconvenient and unnecessarily costly for plaintiff. If transfer is ordered prior to the local District Court ruling on plaintiff's impending remand motion, the time and resources of the courts and parties will be needlessly wasted.

## **PROCEDURAL BACKGROUND** [2]

**State Court Proceedings**

On February 24, 2012, plaintiff Norvin Sundeen filed an asbestos-related personal injury action pursuing remedies under California state tort law against multiple defendants in Alameda County Superior Court. (*See, Novin Sundeen v. B.F. Goodrich Company, et al., Alameda County Superior Court, Case No. RG12618605*.) Mr. Sundeen is terminally ill with malignant mesothelioma, an incurable form of cancer caused by

---

[2] Pursuant to FED. R. EVID. 201, plaintiff respectfully requests that this Panel take judicial notice of the substantive content and filing dates of the pleadings, motions and Orders referenced in this section of plaintiff's Brief, the entirety of which are currently on file and in the records of the United States District Court for the Northern District of California, San Francisco Division, and/or the Alameda County Superior Court, and as such, are facts not subject to reasonable dispute in that they are capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned. Plaintiff will provide this Panel with copies of those documents upon request.

asbestos inhalation.[3] Plaintiff, in said action, alleges that each defendant is liable for injuries and damages arising from his exposure to asbestos fibers.  In his complaint, Mr. Sundeen disclaimed "any cause of action or claim for injuries caused by any exposure to asbestos dust that caused by any acts or omissions of a party defendant committed at the direction of an officer of the United States Government." *Id.*

On March 29, 2012, defendant Northrop Grumman Systems Corp. ("Northrop") removed this action to the United States District Court for the Northern District of California pursuant to the federal officer removal statute codified as 28 U.S.C. § 1442(a)(1).  Defendant The Boeing Company filed a joinder the next day.

**U.S. District Court Proceedings and the J.P.M.L.**

<u>U.S. District Court for the Northern District of California</u>

In its removal notice, Northrop contends that the federal courts have original subject matter jurisdiction over this action because Northrop, in undertaking the acts allegedly giving rise to plaintiff's injuries (and thus its alleged liability), was acting under the direction of a federal officer; Northrup argues that it can therefore assert a federal government contractor defense to plaintiff's claims.

On April 27, 2012, Plaintiff filed the Motion to Remand challenging the improper removal of this action.  Plaintiff's motion challenges the propriety of Northrup's removal notice and Boeing's joinder in that plaintiff disputes that the federal courts have original subject matter jurisdiction of this action pursuant to Section 1442(a)(1) in that its notice of removal fails to sufficiently show a "colorable" federal defense to plaintiff's claims

---

[3] *See*, *Novin Sundeen v. B.F. Goodrich Company, et al., Alameda County Superior Court, Case No. RG12618605.*

and plaintiff has waived any recovery for injuries caused by the directions or instructions of any federal officer.

Pursuant to Civil Local Rules 7-2 and 7-3 of the U.S. District Court for the Northern District of California, plaintiff's Motion to Remand is set for hearing on June 8, 2012.

### Judicial Panel on Multidistrict Litigation

On April 3rd, five days after filing its removal petition, Northrup notified this Panel of the *Sundeen* case as a potential "tag-along" action involving common questions of fact with asbestos-related actions previously transferred to MDL-875 for consolidated pretrial proceedings. A few days later, this Panel entered CTO-503, conditionally transferring *Sundeen* to MDL-875.

Plaintiff timely filed a Notice of Opposition to CTO-503 with this Panel on April 16th. In light of the briefing schedule this Panel set for the instant Motion to Vacate, plaintiff's counsel anticipates that a final decision on the transfer of this action to MDL-875 will not be rendered prior to this Panel's hearing session.

### LEGAL DISCUSSION

Plaintiff submits that for the reasons and on the grounds set forth hereafter, a Panel Order vacating CTO-503 is warranted.

**This Panel Should Not Further Consider nor Order the Transfer of *Sundeen* Prior to a Ruling on Plaintiff's Motion to Remand by the Local California District Court**

Federal courts are courts of limited jurisdiction; because federal courts presumptively have no jurisdiction over civil actions, the burden of establishing to the contrary appropriately rests upon the party asserting jurisdiction. *Kokkonen v. Guardian*

*Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  The failure by a Court to determine at the outset of an action whether jurisdiction exists "carries [it] beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers."  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998).

There are no exceptions to this rule:  "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Steel Co., supra,* 523 U.S. at 94-95, 118 S. Ct. at 1012 (citing to *Mansfield, C. & L. M. R. Co. v. Swan,* 111 U.S. 379, 382, 4 S. Ct. 510 (1884).)

Transfer of this case while a remand motion is pending in the local District Court would inconvenience the parties and impede the just and efficient administration of this action.  If no valid basis for federal jurisdiction exists, or if the removal notice is procedurally defective and remand is therefore mandatory, this case does not belong in MDL-875.  But, with its backlog of cases and less frequent sessions, it will take much longer for the MDL court to make that determination that it will take the local District Court.  The result would be a substantial and needless delay to the ultimate resolution of this case and potential loss of rights by the plaintiff who will likely die from his mesothelioma before seeing a resolution of his action.  It would conserve judicial resources and foster expeditious administration of justice to allow the remand motion process to fully run its course in the local District Court before burdening the MDL with yet another asbestos case as it is winding down

 Indeed, by Order adopting the Suggestion to the Panel Concerning Future Tag-Along Transfers to  MDL-875, as of November 23, 2011, some 5 months ago, there were

only 50 Northern District of California cases pending in MDL-875.  By this time, the number of cases is likely even far fewer, such that the reduction in the backlog of MDL cases which was the primary impetus for the issuance of the Order declining to transfer additional cases to the MDL in most jurisdictions, continues and makes transfer counter-productive to the goals of the Order. That is to say, as the reason for the exception with regard to the Northern District of California cases is no longer applicable, this case should not be included as a tag-along case.

    Furthermore, while the jurisdictional issue could be resolved in the MDL, transfer at this time would force aside the question of federal jurisdiction while it is still unresolved, requiring the parties to resubmit all their briefing and await the Panel's availability to adjudicate the matter at one of its bimonthly sessions.  Meanwhile, plaintiff will be forced to litigate his case in a court that potentially has no jurisdiction or simply wait in legal limbo for an indeterminate length of time because until the jurisdictional issue is determined, the case cannot be decided on its merits.  Neither option serves the interests of justice nor furthers the goals of Section 1407.

    In the instant action, the threshold determination of federal jurisdiction has yet to be resolved.  That issue, which will be submitted to the local California District Court in the form of a remand motion plaintiff will timely file at the end of next week, can and should be determined before this Panel gives further consideration to the propriety of transferring *Sundeen* to MDL-875.  If the District Court is not allowed the opportunity to rule on the remand motion prior to transfer, the consequence will be judicial inefficiency and unnecessary costs and inconvenience both to the courts and the parties.

### **Transfer of *Sundeen* Would Be Contrary to the Policy Objectives of 28 U.S.C. § 1407**

Civil actions pending in different districts and involving one or more common questions of fact *may* be transferred by the Judicial Panel on Multidistrict Litigation to any district court for coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a). More specifically, the federal multidistrict litigation statute provides that such actions *may* be transferred by the Panel "upon its determination that transfers for such proceedings will be for the **convenience of parties and witnesses and will promote the just and efficient conduct of such actions**." *Id.* (emphasis added).

**The underlying objective of Section 1407 is "to secure**, in multi-district civil litigation as in all other civil litigation, **the 'just, speedy and inexpensive determination of every action**.'" *In re Nat'l Student Mktg. Litig.,* 368 F.Supp. 1311, 1316 (J.P.M.L. 1973)(citing to FED. R. CIV. P. 1)(emphasis added). Accordingly, "[t]he Panel's statutory mandate is to weigh the interests of all parties … in light of the purposes of Section 1407." *In re Stirling Homex Corp. Sec. Litig.,* 442 F. Supp. 547, 550 (J.P.M.L. 1977). While the Panel has broad discretion to carry out its functions, it abuses its discretion if it acts in a manner that *frustrates* the objectives of Section 1407.

The transfer of *Sundeen* to MDL-875 would not serve or in any way advance the policy objectives and statutory goals of Section 1407. Instead of promoting the speedy, efficient, and inexpensive determination of this action, the delay, potentially excessive delay, attendant with said transfer—potentially to the severe prejudice of plaintiff's case—would do just the opposite.

**Delay / Inefficiency / Unnecessary Expense / Potential of Severe Prejudice to Case**

Upon transfer to MDL-875, *Sundeen* would be sure to encounter well-documented delays that are significant, unpredictable, and unnecessary.  MDL-875 currently handles a docket of over 800 cases (consisting of far more claims) related to personal injuries allegedly caused by asbestos products, all of which are handled by a single judge.  It is this backlog of cases, along with the governing procedural rules that leave counsel with little to no power to obtain expedited schedules or prompt rulings on issues critical to the success of their client's action, that are to blame for the well-known delays attendant with transfer.

By way of example – standard procedure upon official transfer is for absolutely nothing to occur, other than the filing of administrative submissions, for *four months*, at which point the Court sets an initial pretrial conference usually one month out.  During those four months, the transferred action simply sits idle, somewhat at the Court's mercy, without any mechanism through which to expedite matters.  And, while the Court's scheduling order typically requires discovery to be completed within 90 days, that deadline is often modified due to delays caused by the backlog of its docket.

Pre-trial motions (excepting summary judgment) are also likely to result in unpredictably lengthy delays.  There exists neither a schedule nor any provision in the rules governing MDL-875 that allow a party to obtain a specific date to have its motion heard and ruled upon by the Court.  Thus, delay in the resolution of issues submitted to the MDL court for its determination and resolution via pre-trial motion, whether pertaining to discovery matters or otherwise, is unavoidable and protracted.  Hearing dates are set by Court Order only, which means that while pre-trial motions may be ruled upon at any time, that "time" more often than not proves to be at some distant point in the

future. Particularly frustrating is that litigants have no means through which to obtain an expedited ruling or even a ruling by a date certain or within a reasonable, predictable amount of time.

Federal courts have noted that "if these [asbestos-related] claims return to state court, they will proceed to resolution. If they remain in federal court, they will encounter significant delay upon their transfer through the Panel on Multidistrict Litigation to the Eastern District of Pennsylvania. … This delay [in MDL-875] is of economic benefit to the defendants and imposes costs on the plaintiffs." *Alexander v. A.P. Green Indus., Inc. (In re Maine Asbestos Cases),* 44 F. Supp. 2d 368, 374 n.2 (D.Me. 1999); *see also Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp. 2d 187, 190 (D. Mass. 2008)(noting that if removal was upheld and the case was transferred to MDL-875, "the matter will likely be substantially delayed").

Such delays, in turn, have great potential for causing severe prejudice to plaintiff's case. Mr. Sundeen is after all fighting a terminal illness. Should the additional delay plaintiff's case is sure to encounter if transferred results in Mr. Sundeen dying prior to whenever it is his case ends up going to trial—a very real possibility given the circumstances—then transfer will have quite obviously prejudiced his case. When Mr. Sundeen dies, so does his right to recover noneconomic damages. This is a common and predictable consequence of transfer to MDL-875 that defendants often exploit**.**

If this action is spared transfer, and is instead allowed to proceed in the local District Court (if it is not, for some reason unbeknownst to plaintiff's counsel, remanded to state court) plaintiff will have at least have the possibility of seeking an expedited discovery schedule and early trial date based on her terminal illness. Even without such an expedited schedule, discovery would resume far sooner than it would under the

9

inflexible and generalized rules governing the ever so slow proceedings of MDL-875. [4] In addition, rulings on pre-trial motions would be timely issued. Plaintiff would certainly be able to obtain an earlier trial date than she would if this case is transferred. That Mr. Sundeen could die before his case gets to trial as a result of the delays his action will encounter if transferred is a very real possibility. Transfer would not, therefore, advance the policy objective of ensuring a just and speedy determination of this action.

In addition to causing this action delay, transfer of this action would also compel plaintiff to spend additional money, time, and resources in order to participate in distant and unfamiliar court procedures. Thus, transfer would promote the inefficient, rather than the efficient, and the costly, rather than inexpensive, determination of this action.

The statutory mandate of this Panel—**to weigh the interests of all parties "in light of the purposes of Section 1407**"—clearly warrants an Order vacating CTO-503. See, *Stirling Homex Corp. Sec. Litig.*, supra, 442 F. Supp. at 550. Given that the transfer of this action would delay the proceedings of this litigation to a near halt for at least three or four months—potentially to the severe prejudice of plaintiff's case—and would cause plaintiff additional expense and inconvenience, transfer of this action would not be consistent with the policy objectives of Section 1407.

---

[4] If transferred, discovery is unlikely to resume for at least eight months (four months will likely transpire before the official transfer of this action and then an additional four months will likely transpire before an initial scheduling conference that includes this action is held in MDL-875). If spared transfer, the procedural rules of the local District Rules will allow for discovery to resume far sooner, i.e., within four months time.

## **CONCLUSION**

For the foregoing reasons, plaintiff requests that this Panel vacate CTO-503 and allow this case to run its course in the U.S. District Court for the Northern District of California should remand not be granted.

Respectfully submitted,

Dated:  April 30, 2012

/s/ Conor Nideffer_____
Conor Nideffer
Napoli, Bern, Ripka, Shkolnik & Assoc.LLP
111 Corporate Drive, Suite 225,
Ladera Ranch, CA 92694.
Telephone:     949.234.6032
Facsimile:     949.429.0892
cnideffer@napolibern.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I, Conor Nideffer, hereby certify that I served a true and correct copy of Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-503), and Brief In Support of Plaintiff's Motion to Vacate Conditional Transfer Order via ECF on this 30 day of April, 2012.

                                          /s/ Conor Nideffer_____
                                          Conor Nideffer
                                            Napoli, Bern, Ripka, Shkolnik & Assoc.LLP
                                            111 Corporate Drive, Suite 225,
                                            Ladera Ranch, CA 92694.
                                            Telephone:    949.234.6032
                                            Facsimile:     949.429.0892
                                            cnideffer@napolibern.com
                                            Attorneys for Plaintiff