ASBESTOS

# U.S. District Court
## Western District of North Carolina (Asheville)
## CIVIL DOCKET FOR CASE #: 1:12−cv−00087−MR
### *Internal Use Only*

Greene v. Alfa Laval, Inc. et al

Assigned to: District Judge Martin Reidinger

Demand: $75,000

Cause: 28:1332 Diversity−Asbestos Litigation

Date Filed: 05/02/2012

Jury Demand: Plaintiff

Nature of Suit: 368 P.I. : Asbestos

Jurisdiction: Diversity

**Plaintiff**

**Lucia Greene**
*Individually and*
*as Executrix of the Estate of*
Paul Pacquan Greene, Jr.

represented by   **Janet Ward Black**
Ward Black, P.A.
208 West Wendover Avenue
Greensboro, NC 27401
336−273−3812
Fax: 336−312−4571
Email: jwblack@wardblacklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Alfa Laval, Inc.**
*sued individually and as*
*successor−in−interest to*
*other*
Delaval Separator Company

**Defendant**

**Armstrong International, Inc.**

**Defendant**

**CBS Corporation**
*(a Delaware corporation) f/k/a Viacom,*
*Inc. (sued as successor−by−merger to*
*CBS Corporation (a Pennsylvania*
*Corporation) f/k/a Westinghouse Electric*
*Corporation) and also as*
*successor−in−interest to BF Sturtevant)*

**Defendant**

**Crane Co.**
*sued individually and as*
*successor−in−interest to*
*other*
Cochrane Corporation

**Defendant**

**Crane Environmental**
*sued individually and as*
*successor−in−interest to*
*other*
Cochrane Corporation

**Defendant**

**Crown Cork &Seal**
*sued individually and as*
*successor−in−interest to*
*other*
Mundet Cork Company

**Defendant**

**Cyprus Amax Minerals Company**
*sued*
*as successor to*
Sierra Talc Company
*as successor to*
United Talc Company

**Defendant**

**Dentsply International, Inc.**
*sued individually and as*
*successor−in−interest to*
*other*
Ransom &Randolph Company

**Defendant**

**Flowserve US, Inc.**
*sued*
*as successor to*
Edward Valve, Inc.

**Defendant**

**FMC Corporation**
*sued individually and as*
*successor−in−interest to*
*other*
Northern Pump Company
*formerly known as*
Northern Fire Apparatus Company

**Defendant**

**General Electric Company**

**Defendant**

**Grobet File Company of America, LLC**
*sued as successor−in−interest to*
*other*
William Dixon Company

**Defendant**

**Hopeman Brothers, Inc.**

**Defendant**

**IMO Industries, Inc.**
*sued individually and as*
*successor−in−interest to*
*other*
Delaval Turbine, Inc.
*other*
C.H. Wheeler Manufacturing Company

**Defendant**

**Ingersoll Rand Company**
*sued individually and as*
*successor−in−interest to*
*other*
Terry Steam Turbine Company

**Defendant**

**John Crane, Inc.**

**Defendant**

**Kentile Floors, Inc.**

**Defendant**

**Kerr Corporation**
*(sued individually and as*
*successor−by−merger to Kerr*
*Manufacturing Company)*
*doing business as*
Kerr Dental Corporation

**Defendant**

**Metropolitan Life Insurance Company**

**Defendant**

**Paul H. Gesswein &Company, Inc.**

**Defendant**

**Ransom &Randolph Company**

**Defendant**

**Union Carbide Corporation**

<u>**Defendant**</u>

**Warren Pumps, LLC**
*sued individually and as*
*successor−in−interest to*
*other*
Quimby Pump Company

<u>**Defendant**</u>

**Weir Valves &Controls USA Inc.**
*formerly known as*
Atwood &Morrill

<u>**Defendant**</u>

**William Powell Company**

<u>**Defendant**</u>

**Yarway Corporation**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/02/2012 | 1 | 5 | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 350 receipt number 0419−1664101), filed by Lucia Greene.(Black, Janet Ward) (Entered: 05/02/2012) |
| 05/02/2012 | | 23 | Case assigned to District Judge Martin Reidinger. Notice: You must click this link to retrieve the **Case Assignment Packet**. *This is your only notice − you will not receive a separate document.*(nll) (Entered: 05/02/2012) |
| 05/02/2012 | 2 | 24 | Summons Issued Electronically as to All Defendants. **NOTICE: Counsel shall print the summons and serve with other case opening documents in accordance with Fed.R.Civ.P.4** . (nll) (Entered: 05/02/2012) |
| 05/03/2012 | | 80 | In Re: Asbestos Products Liability Litigation − MDL #875. Notice to Clerk of MDL Panel of tag−along case. (Copy of complaint and docket sheet emailed to the Panel) (nll) (Entered: 05/03/2012) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ASBESTOS PRODUCTS LIABILITY       :       Civil Action No.  MDL 875
LITIGATION (NO. VI)                       :
                                          :
_____   :
This Document Relates to:                 :

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No.:
**CIVIL ACTION COMPLAINT**

Lucia Greene, Individually and as Executrix of the Estate       :
of Paul Pacquan Greene, Jr., Deceased,                          :
                                                                :
                              Plaintiff,                         :
                                                                :
                      vs.                                        :
                                                                :
                                                                :
Alfa Laval, Inc. (sued individually and as successor-in-        :
    interest to The Delaval Separator Company);                 :
Armstrong International, Inc.;                                   :
CBS Corporation (a Delaware corporation) f/k/a Viacom,          :
    Inc. (sued as successor-by-merger to CBS Corporation        :
    (a Pennsylvania Corporation) f/k/a Westinghouse             :
    Electric Corporation) and also as successor-in-interest     :
    to BF Sturtevant);                                          :
Crane Co. (sued individually and as successor-in-interest to    :
    Cochrane Corporation);                                       :
Crane Environmental, Inc. (sued individually and as             :       **JURY TRIAL DEMANDED**
    successor-in-interest to Cochrane Corporation);             :
Crown Cork & Seal Company, Inc. (sued individually and         :
    as successor-in-interest to Mundet Cork Company);          :
Cyprus Amax Minerals Company (sued as successor to             :
    Sierra Talc Company and United Talc Company);              :
Dentsply International, Inc. (sued individually and as          :
    successor-in-interest to Ransom & Randolph                 :
    Company);                                                   :
Flowserve US, Inc. (sued as successor to Edward                :
    Valve, Inc.);                                               :
FMC Corporation (sued individually and as successor-in-        :
    interest to Northern Pump Company f/k/a Northern Fire      :
    Apparatus Company);                                         :
General Electric Company;                                       :
Grobet File Company of America, LLC (sued as                   :
    successor-in-interest to the William Dixon Company);       :
Hopeman Brothers, Inc.;                                         :

1

IMO Industries, Inc. (sued individually and as successor-  :
    in-interest to Delaval Turbine, Inc. and C.H. Wheeler  :
    Manufacturing Company);  :
Ingersoll Rand Company (sued individually and as  :
    successor-in-interest to Terry Steam Turbine  :
    Company);  :
John Crane, Inc.;  :
Kentile Floors, Inc.;  :
Kerr Corporation d/b/a Kerr Dental Corporation (sued  :
    individually and successor-by-merger to Kerr  :
    Manufacturing Company);  :
Metropolitan Life Insurance Company;  :
Paul H Gesswein & Company, Inc.;  :
Ransom & Randolph Company;  :
Union Carbide Corporation;  :
Warren Pumps, LLC (sued individually and as successor-  :
    in-interest to Quimby Pump Company);  :
Weir Valves & Controls USA Inc. f/k/a Atwood & Morrill;  :
The William Powell Company;  :
Yarway Corporation,  :
    :
              Defendants.  :

## CIVIL ACTION COMPLAINT

Plaintiff, Lucia Greene, Individually and as Executrix of the Estate of Paul Pacquan Greene, Jr., Deceased, sues the above-named Defendants for compensatory and punitive damages and alleges:

1.    This action is brought pursuant to the Wrongful Death Act, N.C. Gen. Stat. 28A-18-1 *et seq.*, for the wrongful death of the Decedent, Paul Pacquan Greene, Jr., ("Decedent") on behalf of all persons entitled to recover damages.

2.    The Decedent died on November 6, 2011 in Buncombe County, North Carolina. The cause of death listed on the death certificate was acute respiratory failure due to mestatic mesothelioma due to asbestosis/asbestos exposure. The Decedent had been diagnosed with Mesothelioma on or about September 7, 2011.

2

3.      This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action.  This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

## PARTIES

4.      Plaintiff, Lucia B. Green ("Plaintiff"), is the spouse of the Decedent and is the Personal Representative of the Estate of Paul Pacquan Greene, Jr., deceased, and is a citizen of the State of North Carolina.  Plaintiff Lucia B. Greene was appointed Personal Representative of the Estate of Paul Pacquan Greene, Jr., by the General Court of Justice, Superior Court Division, Buncombe County, North Carolina on or about January 6, 2012.  Plaintiff maintains this action on behalf of the Estate pursuant to her powers under N.C. Gen. Stat. 28A-13-3 and on behalf of herself individually as a result of her loss of consortium of her husband during his illness.

5.      Decedent's exposure to asbestos and/or asbestos-containing products occurred during his employment at the sites listed on the attached Schedule I, which is incorporated by reference herein.

6.      At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendants.

7.      At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Decedent's employer or to such other entities so that these materials were caused to be used at the Decedent's job sites.

8.      At all material times, the Defendant, Metropolitan Life Insurance Company, conspired with other Defendants to disseminate false and misleading medical and/or scientific

3

information regarding the safety of asbestos and demonstrated a clear disregard for the health, safety and welfare of individuals such as Decedent.

## JURISDICTION AND VENUE

9.      This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

10.      Pursuant to 28 U.S.C.A. §1391 (2), venue is proper in this judicial district because Plaintiff resides in Buncombe County, North Carolina and a substantial part of the events or omissions occurred in North Carolina.

11.      Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because the Plaintiff is a citizen of the State of North Carolina and none of the Defendants are citizens of the State of North Carolina.   The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

12.      Plaintiff has satisfied all conditions precedent to the filing of this action.

13.      All of the named Defendants listed on the caption and on the attached list, which is incorporated by reference herein, are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each Defendant corporation does or in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina.   The Decedent was exposed to various asbestos-containing products while working at various jobs, as listed on the attached Schedule I.

4

## FIRST CAUSE OF ACTION
### NEGLIGENCE
**(Against all named Defendants except Metropolitan Life Insurance Company.)**

14.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

15.    At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

16.    The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the Decedent.

17.    Throughout the course of his employment, Decedent worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

18.    During the course and scope of his employment, Decedent was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

19.    Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to

5

warn the Decedent and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

20.    Decedent, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants.  Defendants knew or should have known that persons employed as Decedent would be required to and would come into contact with and would work in close proximity to said products.

21.    Decedent sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Decedent's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent's body, lungs, respiratory system, skin, health, and general well-being.  Further, Defendants knew or in the exercise of reasonable care should have known that Decedent would not know of such danger to his health.

22.    Decedent's illness, disability and/or death are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Decedent's body, lungs, respiratory system, skin, and health.

6

23.    Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)    Failed to advise Decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)    Failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)    Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)    Inadequately warned, if, in fact, they warned at all, persons such as Decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)    Did not recommend methods to improve the work environment;

(g)    Did not develop alternative products;

(h)    Continued to use a known cancer-causing product, to-wit:  asbestos; and

(i)    After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Decedent of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

24.    Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products.  The products in question were defective at the time they left the control of the Defendants.

25.    Defendants were negligent and breached their duty of due care to Decedent by taking or failing to take the actions as previously alleged to avoid harm to the Decedent and other

7

foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

26.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Decedent were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

27.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Decedent developed Mesothelioma, as a consequence of which, through no fault of his own, he was severely injured, disabled and damaged.

28.     As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
### (Against all named Defendants except Metropolitan Life Insurance Company)

29.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

30.     The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

31.     The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Decedent carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

32.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Decedent developed an illness, to-wit: Mesothelioma.

33.     As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

### THIRD CAUSE OF ACTION
### WILLFUL AND WANTON CONDUCT
**(Against all named Defendants except Metropolitan Life Insurance Company)**

34.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

35.     Decedent and others in his position worked in close proximity to the asbestos and asbestos-related materials use or manufactured by the Defendants, and the exposure and hazard to each of them, in Decedent's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

36.     The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the Decedent and others in the Decedent's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants.  As a result, the Decedent was severely damaged as is set forth below.

37.     The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Decedent the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b)     failure to issue recall type letters to prior users;

(c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

38.     The acts of the Defendants, and each of them, as hereinabove set forth were intentional, willful and wanton, done with willful disregard of the safety of Decedent and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Decedent and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Decedent and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

39.     Accordingly, as a result of the Defendants' conduct which was conducted willfully, wantonly and with malice, and was grossly negligent and in total disregard for the health and safety of the user or consumer, such as Decedent, Plaintiff therefore seeks exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, with malice, and in total disregard of the health and safety of the users and consumers of their products.

10

## FOURTH CAUSE OF ACTION
## FALSE REPRESENTATION/FRAUD
**(Against all Defendants except Metropolitan Life Insurance Company)**

40.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

41.    During, before, and after Decedent's exposure to asbestos products manufactured, installed or otherwise used by Defendants, the Defendants falsely represented facts, including the dangers of asbestos exposure, to Decedent in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Decedent, and while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

42.    The foregoing representations were material conditions precedent to Decedent's continued exposure to asbestos containing products, and Defendants each intended that Decedent act upon the representations by continuing his exposure to the asbestos products. Decedent was ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

43.    As a direct and proximate result of Decedent's reliance upon Defendants' false representations and fraud, Decedent suffered injury and damages hereinafter described and seeks recovery for compensatory and punitive damages against these Defendants.

## FIFTH CAUSE OF ACTION
## FAILURE TO WARN
**(Against all named Defendants except Metropolitan Life Insurance Company)**

44.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

45.    At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that of exposures to inhalable asbestos.

11

46.   Defendants had a duty to warn individuals working at the Decedent's jobsites, including but not limited to Decedent, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

47.   Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Decedent of the dangers, including but not limited to:

(a)   Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with their products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)   Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(c)   Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)   Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Decedent;

(e)   Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)   Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)   Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)   Failing to recall their defective product or manufacture a reasonably safer alternative;

12

(i)  Failing to take adequate precautions and industrial hygiene measures to protect Decedent and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Decedent and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j)  Otherwise failing to act reasonably under the totality of the circumstances.

48.  Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment to Decedent's employers, and these products were used by Decedent's various employers. Thus, Defendants had a duty to warn individuals working at Decedent's jobsites, including but not limited to the Decedent, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

49.  Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

50.  At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that they knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Decedent. In the alternative, after the asbestos-containing products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that their products posed a

13

substantial risk of harm to a reasonably foreseeable user, such as the Decedent, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

51.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Decedent to develop Mesothelioma as a consequence of which he was injured and damaged and Plaintiff claims damages of the Defendants jointly and severally.

52.     As a result of the Defendants' failure to warn, the Decedent suffered the injuries death and/or damages hereinafter alleged.

## SIXTH CAUSE OF ACTION
## CONSPIRACY AND PUNITIVE DAMAGES
### Against Metropolitan Life Insurance Company Only

53.     Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered substantial aid and assistance to the manufacturers of asbestos-containing products to which Decedent was exposed, and such assistance by Metropolitan Life aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products by such manufacturers which proximately caused Decedent's illness, injuries, disabilities and death.

54.     In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos.  METROPOLITAN LIFE also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

14

55.    Decedent unwittingly but justifiably relied upon the thoroughness of METROPOLITAN LIFE's tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

56.    As a direct and proximate contributing result of METROPOLITAN LIFE's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Decedent from asbestos exposure was increased, and (ii) Decedent suffered the injuries previously described.

57.    In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE acted willfully, wantonly, and with malice in calculated disregard for the welfare of the general public, including Decedent. Plaintiff seeks compensatory and punitive damages against METROPOLITAN LIFE as a result.

## DAMAGES

58.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

59.    Plaintiff files this action under and pursuant to N.C. Gen. Stat. §§28A-18-1, *et. seq.*, and seeks to recover any and all damages allowable and incurred by the Estate of Paul Pacquan Green, Jr., and all beneficiaries.  Plaintiff individually seeks to recover any and all damages allowable as a result of the loss of consortium of Decedent during his final illness.

60.    As a result of the above-alleged conduct of the Defendants, the Decedent developed Mesothelioma, as a consequence of which, he has been damaged as follows:

15

(a)    for hospital and medical expenses incidental to Decedent's last illness;

(b)    for loss of earnings and future earning power of the Decedent;

(e)    for the loss of Decedent's general health, strength, and vitality.

(c)    for the loss of pecuniary contributions to the heirs of the Decedent, including Plaintiff;

(d)    for the loss of consortium, society, aid, companionship and services to the heirs of the Decedent, including Plaintiff;

(e)    for the future loss of consortium, society, aid, companionship and services to the heirs of the Decedent, including Plaintiff;

(f)    for the pain and suffering of the Decedent;

(g)    for all other damages recoverable under said Act.

WHEREFORE, the Plaintiff verily believes she is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn, conspiracy and other breaches of duty and willful, wanton, fraudulent and malicious conduct as alleged herein proximately caused by the fault of the Defendants.  Plaintiff prays for judgment against all Defendants for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000, plus interest as provided by law and the costs of this action

16

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This 1st day of May, 2012.

> /s/ Janet Ward Black
> Janet Ward Black
> NC State Bar 12869
> Attorney for Plaintiff
> Ward Black Law
> 208 W. Wendover Ave.
> Greensboro, NC  27401
> 336-333-2244
> jwblack@wardblacklaw.com

17

Paul Pacquan Greene, Jr., Deceased
SCHEDULE I
Decedent-Worker Employment History
Asbestos Exposure Worksite Information

OCCUPATION:
Seaman, Fireman Apprentice, Custom Jeweler

| EMPLOYER/WORKSITE: | APPROXIMATE DATES: |
|---|---|
| U.S. Navy – USS Oklahoma City | 1946-1958 |
| Wick & Greene Jewelers (formerly Pick Wick Jewelers) – Asheville, NC | 1945; 1948-2011 |
| Personal Residence – Asheville, NC; Wick & Greene Jewelers – Asheville, NC | 1960s and 1970s |

PRODUCTS CONTAINING ASBESTOS:

Cristobalite, Talc, Block Insulation, Cement, Pipecovering, Gaskets and Packing, Purifiers, Steam Traps, Turbines, Ships Service Generators, Compressors, Pumps, Valves, Air Ejectors, Force-draft Blowers, Feed Tanks, Marinite, Micarta Board, Investment and Liners, Soldering Boards and Blocks, Floor Tile, and other asbestos-containing materials.

18

```
MIME-Version:1.0
From:ncwd_ecf@ncwd.uscourts.gov
To:ecfmail@localhost.localdomain
Bcc:
--Case Participants: Janet Ward Black (jcarter@wardblacklaw.com, jwblack@wardblacklaw.com,
lcanham@wardblacklaw.com, lcountryman@wardblacklaw.com, mhines@wardblacklaw.com,
nrudd@wardblacklaw.com), District Judge Martin Reidinger (lori_ritter@ncwd.uscourts.gov,
martha_williams@ncwd.uscourts.gov, martin_reidinger@ncwd.uscourts.gov,
nancy_day@ncwd.uscourts.gov, phyllis_freeman@ncwd.uscourts.gov,
reidinger_chamber@ncwd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:1819567@ncwd.uscourts.gov
Subject:Activity in Case 1:12-cv-00087-MR Greene v. Alfa Laval, Inc. et al Case
Assigned/Reassigned TD:7
Content-Type: text/html
```

## U.S. District Court

## Western District of North Carolina

## Notice of Electronic Filing

The following transaction was entered on 5/2/2012 at 1:51 PM EDT and filed on 5/2/2012

**Case Name:**    Greene v. Alfa Laval, Inc. et al

**Case Number:**    <u>1:12–cv–00087–MR</u>

**Filer:**

**Document Number:** No document attached

**Docket Text:**
 **Case assigned to District Judge Martin Reidinger. Notice: You must click this link to retrieve the** Case Assignment Packet**.** *This is your only notice – you will not receive a separate document.***(nll)**

**1:12–cv–00087–MR Notice has been electronically mailed to:**

**1:12–cv–00087–MR Notice will not be electronically mailed to:**

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| **v.** | ) | **Civil Action No.**  1:12cv87 |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Alfa Laval, Inc. (sued individually and as successor-in-interest to
The Delaval Separator Company);
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC  27601

    **A lawsuit has been filed against you.**

    **Within 21 days** after service of this summons on you (not counting the day you received it) – or 60
days if you are the United States or a United States agency, or an officer or employee of the United States
described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an
asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion
under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the
plaintiff or plaintiff's attorney, whose name and address are:

Janet Ward Black
WARD BLACK LAW
 208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

    **If you fail to respond,** judgment by default will be entered against you for the relief demanded in
the complaint.  You also must file your answer or motion with the court.

*Frank G. John* [signature]

Frank G. Johns, Clerk
United States District Court

Date _____ **5/2/2012** _____

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

**This summon for** *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❏   **I personally served the summons on the defendant at**
   *(place)*_____
   on *(date)* _____; or

❏   **I left the summons at the individual's residence or usual place of abode with** *(name)*
   _____, a person of suitable age and discretion who
   resides there, on *(date)* _____, and mailed a copy to the individual's last
   known address; or

❏   **I served the summons on** *(name of individual)* _____,
   who is designated by law to accept service of process on behalf of *(name of organization)*
   _____ on *(date)* _____; or

❏   **I returned the summons unexecuted because** _____; or

❏   **Other** *(specify):*
   _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____                _____
                                                            **Server's signature**


                                             _____
                                                            **Printed name and title**

(WDNC Rev. 05/11) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.**   `1:12cv87` |
| **v.** | ) | |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Armstrong International, Inc.
900 Maple Street
Three Rivers, MI 49093

**A lawsuit has been filed against you.**

**Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

**If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.**

_Frank G. John_

Frank G. Johns, Clerk
United States District Court

Date _____**5/2/2012**_____

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

**This summon for** *(name of individual and title, if any)*
_____

was received by me on *(date)* _____ .

❑    **I personally served the summons on the defendant at**
      *(place)*_____
      on *(date)* _____ ; or

❑    **I left the summons at the individual's residence or usual place of abode with** *(name)*
      _____ , a person of suitable age and discretion who
      resides there, on *(date)* _____ , and mailed a copy to the individual's last
      known address; or

❑    **I served the summons on** *(name of individual)* _____ ,
      who is designated by law to accept service of process on behalf of *(name of organization)*
      _____ on *(date)* _____ ; or

❑    **I returned the summons unexecuted because** _____ ; or

❑    **Other** *(specify):*
      _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____ .

I declare under penalty of perjury that this information is true.


Date:_____          _____
                                        Server's signature

                                     _____
                                      Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.**   1:12cv87 |
| **v.** | ) |  |
|  | ) |  |
| Alfa Laval, Inc. (sued individually and as | ) |  |
| successor-in-interest to The Delaval Separator | ) |  |
| Company), et al | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

    Alfa Laval, Inc. (sued individually and as successor-in-interest to
    The Delaval Separator Company);
    CT Corporation System
    150 Fayetteville Street, Box 1011
    Raleigh, NC 27601

       **A lawsuit has been filed against you.**

       **Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

    Janet Ward Black
    WARD BLACK LAW
    208 West Wendover Avenue
    Greensboro, NC 27401
    Tel. No. 336/333-2244

       **If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.**

Frank G. Johns, Clerk
United States District Court

Date         **5/2/2012**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❏    I personally served the summons on the defendant at
    *(place)*_____
    on *(date)* _____; or

❏    I left the summons at the individual's residence or usual place of abode with *(name)*
    _____, a person of suitable age and discretion who
    resides there, on *(date)* _____, and mailed a copy to the individual's last
    known address; or

❏    I served the summons on *(name of individual)* _____,
    who is designated by law to accept service of process on behalf of *(name of organization)*
    _____ on *(date)* _____; or

❏    I returned the summons unexecuted because _____; or

❏    Other *(specify):*
    _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.

Date:_____            _____
                                            Server's signature

                                            _____
                                            Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.**  1:12cv87 |
| **v.** | ) |  |
|  | ) |  |
| Alfa Laval, Inc. (sued individually and as | ) |  |
| successor-in-interest to The Delaval Separator | ) |  |
| Company), et al | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

    Armstrong International, Inc.
    900 Maple Street
    Three Rivers, MI 49093

    **A lawsuit has been filed against you.**

    **Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

    Janet Ward Black
    WARD BLACK LAW
     208 West Wendover Avenue
    Greensboro, NC 27401
    Tel. No. 336/333-2244

    **If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.**

*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Date      **5/2/2012**

Civil Action No._____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❏   **I personally served the summons on the defendant at**
**(place)**_____
**on *(date)*** _____; or

❏   **I left the summons at the individual's residence or usual place of abode with *(name)***
_____, **a person of suitable age and discretion who**
**resides there, on *(date)*** _____, **and mailed a copy to the individual's last**
**known address; or**

❏   **I served the summons on *(name of individual)*** _____,
**who is designated by law to accept service of process on behalf of *(name of organization)***
_____ **on *(date)*** _____; or

❏   **I returned the summons unexecuted because** _____; or

❏   **Other *(specify)*:**
_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____            _____
                                                            **Server's signature**

                                                            _____
                                                            **Printed name and title**

(WDNC Rev. 05/11) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| **v.** | ) | Civil Action No.   `1:12cv87` |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

> CBS Corporation (a Delaware Corporation) f/k/a Viacom, Inc. (sued as successor-by-merger
> to CBS Corporation (a Pennsylvania Corporation) f/k/a Westinghouse Electric Corporation)
> and also as successor-in-interest to BF Sturtevant)
> Corporation Service Company
> 2711 Centerville Road, Suite 400
> Wilmington, DE  19808

**A lawsuit has been filed against you.**

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Janet Ward Black
> WARD BLACK LAW
>  208 West Wendover Avenue
> Greensboro, NC 27401
> Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.



*Frank G. John*
_____
Frank G. Johns, Clerk
United States District Court

Date   **5/2/2012**
_____

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❑    **I personally served the summons on the defendant at**
*(place)*_____
on *(date)* _____; or

❑    **I left the summons at the individual's residence or usual place of abode with** *(name)*
_____, a person of suitable age and discretion who
resides there, on *(date)* _____, and mailed a copy to the individual's last
known address; or

❑    **I served the summons on** *(name of individual)* _____,
who is designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____; or

❑    **I returned the summons unexecuted because** _____; or

❑    **Other** *(specify):*
_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.

Date:_____

_____
                  **Server's signature**

_____
                  **Printed name and title**

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |
|---|---|
| *Plaintiff* | ) |
| **v.** | ) |
|  | ) |
| Alfa Laval, Inc. (sued individually and as | ) |
| successor-in-interest to The Delaval Separator | ) |
| Company), et al | ) |
|  | ) |
| *Defendant* | ) |

Civil Action No.   1:12cv87

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Crane Co.  (sued individually and as successor-in-interest to Cochrane Corporation)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**A lawsuit has been filed against you.**

**Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

Janet Ward Black
WARD BLACK LAW
 208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

**If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.**

*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Date        **5/2/2012**

Civil Action No._____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❏   I personally served the summons on the defendant at
   *(place)*_____
   on *(date)* _____; or

❏   I left the summons at the individual's residence or usual place of abode with *(name)*
   _____, a person of suitable age and discretion who
   resides there, on *(date)* _____, and mailed a copy to the individual's last
   known address; or

❏   I served the summons on *(name of individual)* _____,
   who is designated by law to accept service of process on behalf of *(name of organization)*
   _____ on *(date)* _____; or

❏   I returned the summons unexecuted because _____; or

❏   Other *(specify):*
   _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____          _____
                                          **Server's signature**

                                    _____
                                          **Printed name and title**

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| **v.** | ) | **Civil Action No.** 1:12cv87 |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Crane Environmental, Inc. (sued individually and as successor-in-interest
to Cochrane Corporation)
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

⊞

**A lawsuit has been filed against you.**

**Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

⊞

**If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.**

*Frank G. John* [signature]

Frank G. Johns, Clerk
United States District Court

Date _____**5/2/2012**_____

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❑     I personally served the summons on the defendant at
      *(place)*_____
      on *(date)* _____; or

❑     I left the summons at the individual's residence or usual place of abode with *(name)*
      _____, a person of suitable age and discretion who
      resides there, on *(date)* _____, and mailed a copy to the individual's last
      known address; or

❑     I served the summons on *(name of individual)* _____,
      who is designated by law to accept service of process on behalf of *(name of organization)*
      _____ on *(date)* _____; or

❑     I returned the summons unexecuted because _____; or

❑     Other *(specify)*:
      _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.

Date:_____       _____
                                                Server's signature

                                      _____
                                                Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| **v.** | ) | **Civil Action No.**   1:12cv87 |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Crown Cork & Seal Company, Inc. (individually and as successor-in-interest to
Mundet Cork Company)
1 Crown Way
Philadelphia, PA 19154-4599

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*Frank G. John* (signature)

Frank G. Johns, Clerk
United States District Court

Date   **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

**This summon for** *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❑    **I personally served the summons on the defendant at**
      *(place)*_____
      on *(date)* _____; or

❑    **I left the summons at the individual's residence or usual place of abode with** *(name)*
      _____, **a person of suitable age and discretion who**
      **resides there, on** *(date)* _____, **and mailed a copy to the individual's last**
      **known address; or**

❑    **I served the summons on** *(name of individual)* _____,
      **who is designated by law to accept service of process on behalf of** *(name of organization)*
      _____ **on** *(date)* _____; or

❑    **I returned the summons unexecuted because** _____; or

❑    **Other** *(specify):*
      _____

**My fees are $** _____ **for travel and $** _____ **for services, for a total of**
**$**_____.

**I declare under penalty of perjury that this information is true.**

**Date:**_____       _____
                                            **Server's signature**

                                        _____
                                        **Printed name and title**

## UNITED STATES DISTRICT COURT
### for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |
|---|---|
| *Plaintiff* | ) |
| **v.** | ) |
|  | ) |
| Alfa Laval, Inc. (sued individually and as | ) |
| successor-in-interest to The Delaval Separator | ) |
| Company), et al | ) |
|  | ) |
|  | ) |
| *Defendant* | ) |

Civil Action No. 1:12cv87

### SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Cyprus Amax Minerals Company (sued successor to
Sierra Talc Company and United Talc Company)
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

**A lawsuit has been filed against you.**

     **Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

Janet Ward Black
WARD BLACK LAW
 208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

     **If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.**



*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Date      **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏   I personally served the summons on the defendant at
    *(place)*_____
    on *(date)* _____; or

❏   I left the summons at the individual's residence or usual place of abode with *(name)*
    _____, a person of suitable age and discretion who
    resides there, on *(date)* _____, and mailed a copy to the individual's last
    known address; or

❏   I served the summons on *(name of individual)* _____,
    who is designated by law to accept service of process on behalf of *(name of organization)*
    _____ on *(date)* _____; or

❏   I returned the summons unexecuted because _____; or

❏   Other *(specify):*
    _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____                          _____
                                              Server's signature

                                 _____
                                          Printed name and title

## UNITED STATES DISTRICT COURT
### for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.**  1:12cv87 |
| **v.** | ) | |
|  | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
|  | ) | |
|  | ) | |
| *Defendant* |  | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Dentsply International, Inc. (sued individually and as successor-in-interest
to Ransom & Randolph Company)
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC  27601

**A lawsuit has been filed against you.**

**Within 21 days** after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*Frank G. John* (signature)

Frank G. Johns, Clerk
United States District Court

Date _____ **5/2/2012**

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❑    **I personally served the summons on the defendant at**
      *(place)*_____
      on *(date)* _____; or

❑    **I left the summons at the individual's residence or usual place of abode with** *(name)*
      _____, a person of suitable age and discretion who
      resides there, on *(date)* _____, and mailed a copy to the individual's last
      known address; or

❑    **I served the summons on** *(name of individual)* _____,
      **who is designated by law to accept service of process on behalf of** *(name of organization)*
      _____ **on** *(date)* _____; or

❑    **I returned the summons unexecuted because** _____; or

❑    **Other** *(specify):*
      _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____         _____
                                           **Server's signature**

                              _____
                                         **Printed name and title**

## UNITED STATES DISTRICT COURT
### for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| **v.** | ) | **Civil Action No.**  1:12cv87 |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

FMC Corporation (sued individually and as successor-in-interest
to Northern Pump Company f/k/a Northern Fire Apparatus Company);
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*Frank G. John* [signature]

Frank G. Johns, Clerk
United States District Court

Date _____  **5/2/2012**

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❑　　I personally served the summons on the defendant at
*(place)*_____
on *(date)* _____; or

❑　　I left the summons at the individual's residence or usual place of abode with *(name)*
_____, a person of suitable age and discretion who
resides there, on *(date)* _____, and mailed a copy to the individual's last
known address; or

❑　　I served the summons on *(name of individual)* _____,
who is designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____; or

❑　　I returned the summons unexecuted because _____; or

❑　　Other *(specify)*:
_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.

Date:_____　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Server's signature

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| **v.** | ) | **Civil Action No.**   1:12cv87 |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Flowserve US, Inc. (sued as successor to Edward Valve, Inc.)
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC  27601

**A lawsuit has been filed against you.**

**Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

Janet Ward Black
WARD BLACK LAW
 208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

**If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.**

Frank G. Johns, Clerk
United States District Court

Date _____ **5/2/2012** _____

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑　　I personally served the summons on the defendant at
　　　*(place)*_____
　　　on *(date)* _____; or

❑　　I left the summons at the individual's residence or usual place of abode with *(name)*
　　　_____, a person of suitable age and discretion who
　　　resides there, on *(date)* _____, and mailed a copy to the individual's last
　　　known address; or

❑　　I served the summons on *(name of individual)* _____,
　　　who is designated by law to accept service of process on behalf of *(name of organization)*
　　　_____ on *(date)* _____; or

❑　　I returned the summons unexecuted because _____; or

❑　　Other *(specify):*
　　　_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____          _____
                                                                    Server's signature

                                                     _____
                                                                    Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.**  1:12cv87 |
| **v.** | ) |  |
|  | ) |  |
| Alfa Laval, Inc. (sued individually and as | ) |  |
| successor-in-interest to The Delaval Separator | ) |  |
| Company), et al | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

General Electric Company
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

**A lawsuit has been filed against you.**

**Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

**If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.**

*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Date _____ **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑    I personally served the summons on the defendant at
     *(place)*_____
     on *(date)* _____; or

❑    I left the summons at the individual's residence or usual place of abode with *(name)*
     _____, a person of suitable age and discretion who
     resides there, on *(date)* _____, and mailed a copy to the individual's last
     known address; or

❑    I served the summons on *(name of individual)* _____,
     who is designated by law to accept service of process on behalf of *(name of organization)*
     _____ on *(date)* _____; or

❑    I returned the summons unexecuted because _____; or

❑    Other *(specify)*:
     _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____          _____
                                              **Server's signature**

                                       _____
                                              **Printed name and title**

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.**   1:12cv87 |
| **v.** | ) |  |
|  | ) |  |
| Alfa Laval, Inc. (sued individually and as | ) |  |
| successor-in-interest to The Delaval Separator | ) |  |
| Company), et al | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

> Grobet File Company Of America, LLC
> (sued as successor-in-interest to The William Dixon Company)
> Peter L.  Dyson
> 566 Chestnut Street, Suite 7
> Winnetka, IL  60093-2228

**A lawsuit has been filed against you.**

**Within 21 days** after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Janet Ward Black
> WARD BLACK LAW
>  208 West Wendover Avenue
> Greensboro, NC 27401
> Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.



*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Date   **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(I))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❏   I personally served the summons on the defendant at
    *(place)*_____
    on *(date)* _____; or

❏   I left the summons at the individual's residence or usual place of abode with *(name)*
    _____, a person of suitable age and discretion who
    resides there, on *(date)* _____, and mailed a copy to the individual's last
    known address; or

❏   I served the summons on *(name of individual)* _____,
    who is designated by law to accept service of process on behalf of *(name of organization)*
    _____ on *(date)* _____; or

❏   I returned the summons unexecuted because _____; or

❏   Other *(specify)*:
    _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.

Date:_____

_____
                                                    **Server's signature**

_____
                                                    **Printed name and title**

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.**   1:12cv87 |
| **v.** | ) |  |
|  | ) |  |
| Alfa Laval, Inc. (sued individually and as | ) |  |
| successor-in-interest to The Delaval Separator | ) |  |
| Company), et al | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant* |  |  |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

    Hopeman Brothers, Inc.
    CT Corporation Service
    4701 Cox Road, Suite 301
    Glen Allen, VA 23060-6802

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Janet Ward Black
    WARD BLACK LAW
    208 West Wendover Avenue
    Greensboro, NC 27401
    Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.



*Frank G. John* (signature)

Frank G. Johns, Clerk
United States District Court

Date        **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. Civ. P. 4(I))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❑    I personally served the summons on the defendant at
*(place)*_____
on *(date)* _____; or

❑    I left the summons at the individual's residence or usual place of abode with *(name)*
_____, a person of suitable age and discretion who
resides there, on *(date)* _____, and mailed a copy to the individual's last
known address; or

❑    I served the summons on *(name of individual)* _____,
who is designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____; or

❑    I returned the summons unexecuted because _____; or

❑    Other *(specify):*
_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____          _____
                                                        Server's signature

                                                 _____
                                                        Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.** `1:12cv87` |
| **v.** | ) |  |
|  | ) |  |
| Alfa Laval, Inc. (sued individually and as | ) |  |
| successor-in-interest to The Delaval Separator | ) |  |
| Company), et al | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant* |  |  |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

> IMO Industries, Inc. (individually and as successor-in-interest to
> Delaval Turbine, Inc. and C.H. Wheeler Manufacturing Company)
> Corporation Service Company
> 327 Hillsborough Street
> Raleigh, NC  27603

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Janet Ward Black
> WARD BLACK LAW
> 208 West Wendover Avenue
> Greensboro, NC 27401
> Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.



Frank G. Johns, Clerk
United States District Court

Date      **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____ .

❑    I personally served the summons on the defendant at
*(place)*_____
on *(date)* _____ ; or

❑    I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who
resides there, on *(date)* _____ , and mailed a copy to the individual's last
known address; or

❑    I served the summons on *(name of individual)* _____ ,
who is designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❑    I returned the summons unexecuted because _____ ; or

❑    Other *(specify)*:
_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____ .

I declare under penalty of perjury that this information is true.


Date:_____          _____
                                                                Server's signature

                                                       _____
                                                                Printed name and title

## UNITED STATES DISTRICT COURT
### for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.**   1:12cv87 |
| **v.** | ) |  |
|  | ) |  |
| Alfa Laval, Inc. (sued individually and as | ) |  |
| successor-in-interest to The Delaval Separator | ) |  |
| Company), et al | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant* |  |  |

### SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Ingersoll Rand Company (individually and as successor-in-interest
to Terry Steam Turbine Company)
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC  27601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

_Frank G. John_

Frank G. Johns, Clerk
United States District Court

Date                    **5/2/2012**

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❏    I personally served the summons on the defendant at
*(place)*_____
on *(date)* _____; or

❏    I left the summons at the individual's residence or usual place of abode with *(name)*
_____, a person of suitable age and discretion who
resides there, on *(date)* _____, and mailed a copy to the individual's last
known address; or

❏    I served the summons on *(name of individual)* _____,
who is designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____; or

❏    I returned the summons unexecuted because _____; or

❏    Other *(specify)*:
_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.

Date:_____

_____
Server's signature

_____
Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |  |
|---|---|---|---|
| *Plaintiff* | ) | | |
| v. | ) | Civil Action No. | `1:12cv87` |
| | ) | | |
| Alfa Laval, Inc. (sued individually and as | ) | | |
| successor-in-interest to The Delaval Separator | ) | | |
| Company), et al | ) | | |
| | ) | | |
| *Defendant* | ) | | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

John Crane, Inc.
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

**A lawsuit has been filed against you.**

      Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Janet Ward Black
    WARD BLACK LAW
    208 West Wendover Avenue
    Greensboro, NC 27401
    Tel. No. 336/333-2244

      **If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.**



*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Date         **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑    I personally served the summons on the defendant at
     *(place)*_____
     on *(date)* _____; or

❑    I left the summons at the individual's residence or usual place of abode with *(name)*
     _____, a person of suitable age and discretion who
     resides there, on *(date)* _____, and mailed a copy to the individual's last
     known address; or

❑    I served the summons on *(name of individual)* _____,
     who is designated by law to accept service of process on behalf of *(name of organization)*
     _____ on *(date)* _____; or

❑    I returned the summons unexecuted because _____; or

❑    Other *(specify):*
     _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____      _____
                                        Server's signature

                                     _____
                                        Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |
|---|---|
| *Plaintiff* | ) |
| **v.** | ) |
|  | ) |
| Alfa Laval, Inc. (sued individually and as | ) |
| successor-in-interest to The Delaval Separator | ) |
| Company), et al | ) |
|  | ) |
| *Defendant* | ) |

Civil Action No.   1:12cv87

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Kentile Floors, Inc.
Gary S. Gropper
4 Rita Street
Syossett, NY  11791

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

_Frank G. John_

Frank G. Johns, Clerk
United States District Court

Date _____5/2/2012_____

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❑    I personally served the summons on the defendant at
*(place)*_____
on *(date)* _____; or

❑    I left the summons at the individual's residence or usual place of abode with *(name)*
_____, a person of suitable age and discretion who
resides there, on *(date)* _____, and mailed a copy to the individual's last
known address; or

❑    I served the summons on *(name of individual)* _____,
who is designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____; or

❑    I returned the summons unexecuted because _____; or

❑    Other *(specify):*
_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____          _____
                                                    Server's signature

                                          _____
                                                    Printed name and title

(WDNC Rev. 05/11) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | **Civil Action No.**   1:12cv87 |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Kerr Corporation d/b/a Kerr Dental Corporation (sued individually and successor-by-merger
to Kerr Manufacturing Company)
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC  27601

**A lawsuit has been filed against you.**

**Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

**If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.**

*(signature)* Frank G. Johns

Frank G. Johns, Clerk
United States District Court

Date _____ **5/2/2012**

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❑   I personally served the summons on the defendant at
   *(place)*_____
   on *(date)* _____; or

❑   I left the summons at the individual's residence or usual place of abode with *(name)*
   _____, a person of suitable age and discretion who
   resides there, on *(date)* _____, and mailed a copy to the individual's last
   known address; or

❑   I served the summons on *(name of individual)* _____,
   who is designated by law to accept service of process on behalf of *(name of organization)*
   _____ on *(date)* _____; or

❑   I returned the summons unexecuted because _____; or

❑   Other *(specify)*:
   _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____        _____
                                                    Server's signature

                                           _____
                                                    Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.** 1:12cv87 |
| **v.** | ) |  |
|  | ) |  |
| Alfa Laval, Inc. (sued individually and as | ) |  |
| successor-in-interest to The Delaval Separator | ) |  |
| Company), et al | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Metropolitan Life Insurance Company
1095 Avenue of the Americas
New York, NY 10036

**A lawsuit has been filed against you.**

**Within 21 days** after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



*Frank G. John* (signature)

Frank G. Johns, Clerk
United States District Court

Date _____ **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑    **I personally served the summons on the defendant at**
       *(place)*_____
       on *(date)* _____; or

❑    **I left the summons at the individual's residence or usual place of abode with** *(name)*
       _____, a person of suitable age and discretion who
       resides there, on *(date)* _____, and mailed a copy to the individual's last
       known address; or

❑    **I served the summons on** *(name of individual)* _____,
       who is designated by law to accept service of process on behalf of *(name of organization)*
       _____ on *(date)* _____; or

❑    **I returned the summons unexecuted because** _____; or

❑    **Other** *(specify):*
       _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.

Date:_____            _____
                                           Server's signature

                                       _____
                                       Printed name and title

## UNITED STATES DISTRICT COURT
### for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | **Civil Action No.**   1:12cv87 |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

> Paul H Gesswein & Company, Inc.
> Frank J. Gilbridge, II, Esq
> 15 Sherwood Place
> Greenwich, CT  06830-5606

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Janet Ward Black
> WARD BLACK LAW
> 208 West Wendover Avenue
> Greensboro, NC 27401
> Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Date   **5/2/2012**

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*

_____

was received by me on *(date)* _____.

❑    I personally served the summons on the defendant at
*(place)*_____
on *(date)* _____; or

❑    I left the summons at the individual's residence or usual place of abode with *(name)*
_____, a person of suitable age and discretion who
resides there, on *(date)* _____, and mailed a copy to the individual's last
known address; or

❑    I served the summons on *(name of individual)* _____,
who is designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____; or

❑    I returned the summons unexecuted because _____; or

❑    Other *(specify)*:
_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____                  _____
                                                                        Server's signature

                                                               _____
                                                                        Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | Civil Action No. 1:12cv87 |
| v. | ) | |
|  | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
|  | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

    Ransom & Randolph Company
    The Corporation Trust Company
    Corporation Trust Center
    1209 Orange Street
    Wilmington, DE 19801

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Janet Ward Black
    WARD BLACK LAW
    208 West Wendover Avenue
    Greensboro, NC 27401
    Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Date _____ **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*

_____

was received by me on *(date)* _____.

❏     I personally served the summons on the defendant at
        *(place)*_____
        on *(date)* _____; or

❏     I left the summons at the individual's residence or usual place of abode with *(name)*
        _____, a person of suitable age and discretion who
        resides there, on *(date)* _____, and mailed a copy to the individual's last
        known address; or

❏     I served the summons on *(name of individual)* _____,
        who is designated by law to accept service of process on behalf of *(name of organization)*
        _____ on *(date)* _____; or

❏     I returned the summons unexecuted because _____; or

❏     Other *(specify)*:
        _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____          _____
                                                      Server's signature

                                                      _____
                                                      Printed name and title

## UNITED STATES DISTRICT COURT
### for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | Civil Action No.  1:12cv87 |
| v. | ) |  |
|  | ) |  |
| Alfa Laval, Inc. (sued individually and as | ) |  |
| successor-in-interest to The Delaval Separator | ) |  |
| Company), et al | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Union Carbide Corporation
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC  27601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Date _____ **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❏    I personally served the summons on the defendant at
*(place)*_____
on *(date)* _____; or

❏    I left the summons at the individual's residence or usual place of abode with *(name)*
_____, a person of suitable age and discretion who
resides there, on *(date)* _____, and mailed a copy to the individual's last
known address; or

❏    I served the summons on *(name of individual)* _____,
who is designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____; or

❏    I returned the summons unexecuted because _____; or

❏    Other *(specify)*:
_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.

Date:_____        _____
                                          Server's signature

                                       _____
                                          Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

| | | |
|---|---|---|
| *Plaintiff* | ) | |
| **v.** | ) | **Civil Action No.**   1:12cv87 |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

    Warren Pumps, LLC. (sued individually and as successor-in-interest
to Quimby Pump Company)
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

**A lawsuit has been filed against you.**

    **Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

    Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

    **If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.**



*Frank G. John*

Frank G. Johns, Clerk
United States District Court

Date        **5/2/2012**

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

**This summon for** *(name of individual and title, if any)*
_____

**was received by me on** *(date)* _____.

❏    **I personally served the summons on the defendant at**
     *(place)*_____
     **on** *(date)* _____; or

❏    **I left the summons at the individual's residence or usual place of abode with** *(name)*
     _____, **a person of suitable age and discretion who**
     **resides there, on** *(date)* _____, **and mailed a copy to the individual's last**
     **known address; or**

❏    **I served the summons on** *(name of individual)* _____,
     **who is designated by law to accept service of process on behalf of** *(name of organization)*
     _____ **on** *(date)* _____; or

❏    **I returned the summons unexecuted because** _____; or

❏    **Other** *(specify):*
     _____

**My fees are $** _____ **for travel and $** _____ **for services, for a total of**
**$**_____.

**I declare under penalty of perjury that this information is true.**

**Date:**_____

_____
                                    **Server's signature**

_____
                                    **Printed name and title**

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | **Civil Action No.**   1:12cv87 |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

> Weir Valves & Controls USA, Inc. f/k/a Atwood & Morrill
> 29 Old Right Road
> Ipswich, MA  01938-1119

**A lawsuit has been filed against you.**

**Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:**

> Janet Ward Black
> WARD BLACK LAW
> 208 West Wendover Avenue
> Greensboro, NC 27401
> Tel. No. 336/333-2244

**If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.**

*Frank G. John* (signature)

Frank G. Johns, Clerk
United States District Court

Date _____ **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❏   I personally served the summons on the defendant at
     *(place)*_____
     on *(date)* _____; or

❏   I left the summons at the individual's residence or usual place of abode with *(name)*
     _____, a person of suitable age and discretion who
     resides there, on *(date)* _____, and mailed a copy to the individual's last
     known address; or

❏   I served the summons on *(name of individual)* _____,
     who is designated by law to accept service of process on behalf of *(name of organization)*
     _____ on *(date)* _____; or

❏   I returned the summons unexecuted because _____; or

❏   Other *(specify):*
     _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____            _____
                                                    Server's signature

                                           _____
                                                    Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

| | | |
|---|---|---|
| **Plaintiff** | ) | |
| **v.** | ) | **Civil Action No.** `1:12cv87` |
| | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
| | ) | |
| | ) | |
| **Defendant** | | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

The William Powell Company
2503 Spring Grove Ave.
Cincinnati, OH 45214

**A lawsuit has been filed against you.**

**Within 21 days** after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Frank G. Johns, Clerk
United States District Court

Date _____ **5/2/2012**

Civil Action No._____

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*
_____

was received by me on *(date)* _____.

❏     I personally served the summons on the defendant at
     *(place)*_____
     on *(date)* _____; or

❏     I left the summons at the individual's residence or usual place of abode with *(name)*
     _____, a person of suitable age and discretion who
     resides there, on *(date)* _____, and mailed a copy to the individual's last
     known address; or

❏     I served the summons on *(name of individual)* _____,
     who is designated by law to accept service of process on behalf of *(name of organization)*
     _____ on *(date)* _____; or

❏     I returned the summons unexecuted because _____; or

❏     Other *(specify)*:
     _____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.

Date:_____

_____
          Server's signature

_____
          Printed name and title

# UNITED STATES DISTRICT COURT
## for the
### Western District of North Carolina

Lucia Greene, Individually and as Executrix of the
Estate of Paul Pacquan Greene, Jr., Deceased

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | **Civil Action No.**   1:12cv87 |
| v. | ) | |
|  | ) | |
| Alfa Laval, Inc. (sued individually and as | ) | |
| successor-in-interest to The Delaval Separator | ) | |
| Company), et al | ) | |
|  | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

**TO:** *(Defendant's name and address)*

Yarway Corporation
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC  27601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – or 60 days if you are named as a defendant within an asbestos litigation case – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Janet Ward Black
WARD BLACK LAW
208 West Wendover Avenue
Greensboro, NC 27401
Tel. No. 336/333-2244

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*Frank G. Johns* (signature)

Frank G. Johns, Clerk
United States District Court

Date    **5/2/2012**

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summon for *(name of individual and title, if any)*

_____

was received by me on *(date)* _____.

❏   I personally served the summons on the defendant at
*(place)*_____
on *(date)* _____; or

❏   I left the summons at the individual's residence or usual place of abode with *(name)*
_____, a person of suitable age and discretion who
resides there, on *(date)* _____, and mailed a copy to the individual's last
known address; or

❏   I served the summons on *(name of individual)* _____,
who is designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____; or

❏   I returned the summons unexecuted because _____; or

❏   Other *(specify)*:
_____

My fees are $ _____ for travel and $ _____ for services, for a total of
$_____.

I declare under penalty of perjury that this information is true.


Date:_____

_____
Server's signature

_____
Printed name and title

```
MIME-Version:1.0
From:ncwd_ecf@ncwd.uscourts.gov
To:ecfmail@localhost.localdomain
Bcc:
--Case Participants: Janet Ward Black (jcarter@wardblacklaw.com, jwblack@wardblacklaw.com,
lcanham@wardblacklaw.com, lcountryman@wardblacklaw.com, mhines@wardblacklaw.com,
nrudd@wardblacklaw.com), District Judge Martin Reidinger (lori_ritter@ncwd.uscourts.gov,
martha_williams@ncwd.uscourts.gov, martin_reidinger@ncwd.uscourts.gov,
nancy_day@ncwd.uscourts.gov, phyllis_freeman@ncwd.uscourts.gov,
reidinger_chamber@ncwd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:1820474@ncwd.uscourts.gov
Subject:Activity in Case 1:12-cv-00087-MR Greene v. Alfa Laval, Inc. et al Notice of
Asbestos Tag Along Case TD:7
```
Content−Type: text/html

## U.S. District Court

## Western District of North Carolina

## Notice of Electronic Filing

The following transaction was entered on 5/3/2012 at 11:14 AM EDT and filed on 5/3/2012

| | |
|---|---|
| **Case Name:** | Greene v. Alfa Laval, Inc. et al |
| **Case Number:** | 1:12−cv−00087−MR |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 In Re: Asbestos Products Liability Litigation − MDL #875. Notice to Clerk of MDL Panel of tag−along case. (Copy of complaint and docket sheet emailed to the Panel) (nll)

**1:12−cv−00087−MR Notice has been electronically mailed to:**

Janet Ward Black  jwblack@wardblacklaw.com, jcarter@wardblacklaw.com, lcanham@wardblacklaw.com, lcountryman@wardblacklaw.com, mhines@wardblacklaw.com, nrudd@wardblacklaw.com

**1:12−cv−00087−MR Notice will not be electronically mailed to:**

USCA4 80