UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION<br><br>NO VI<br><br>This Document Relates To: | MDL 875 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOYER HAZELWOOD AND SUE HAZELWOOD,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | Case No. 2:12-cv-60129<br><br>NDCA Case No. 4::12-cv-01313<br>Alameda County Superior Court<br>Case No. RG 11 585967<br><br>DEFENDANT PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION'S NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL REMAND ORDER<br><br>[Filed Concurrently With Declaration of Thomas J. Moses In Support Of Opposition To Conditional Remand Order] |

Defendant PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION ("Abex") hereby opposes the April 30, 2012 Conditional Remand Order issued by this Panel, as follow:

I.   **INTRODUCTION**

On April 30, 2012, this Panel issued a Conditional Remand Order ("CRO") which, should it become final, would transfer this asbestos personal injury action from the Asbestos MDL in the Eastern District of Pennsylvania (to which this case was just transferred by order of this Court on March 30, 2012) back to the Northern District of California for further proceedings. This CRO was triggered by a "suggestion of remand"

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

1

DEFENDANT PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL REMAND ORDER

sent to the Panel by the Hon. Eduardo C. Robreno, the judge presiding over the Asbestos MDL, after Plaintiffs had filed a motion asking for such relief.

In this case, Defendant Defendant PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION ("Abex") removed an action originally filed in the Alameda County (CA) Supreme Court by Plaintiffs MOYER HAZELWOOD AND SUE HAZELWOOD ("Plaintiffs"). After receiving a "tag-along" notice, this Panel issued a "Conditional Transfer Order" to have the removed action transferred from the Northern District of California to be coordinated with other federal asbestos cases previously assigned to the Asbestos MDL ("the MDL"), venued in the Eastern District of Pennsylvania.

Despite having had ample opportunity to do so, Plaintiffs never filed an opposition to that conditional transfer order, which became final on March 30, 2012. Instead, within days of the entry of the order transferring this case to the MDL, Plaintiffs filed a motion to remand their case back to the Alameda County (CA) state court from which it had been removed by Abex, or, alternatively, to the Northern District of California, the transferor court. (A true and correct copy of Plaintiffs' Notice of Motion And Motion To Remand To The State Court; Or, In The Alternative Motion For Suggestion Of Remand To The Northern District of California is attached as Exhibit A to the Declaration of Thomas J. Moses In Support Of Abex's Notice of Opposition And Opposition To Conditional Remand Order ["Moses Decl."].)

As set forth more fully below, Abex asserts that Plaintiffs' "Motion For Suggestion of Remand" was procedurally defective, as it completely failed to comply with the mandatory terms of the Administrative Order (Administrative Order No. 18) issued by the Eastern District of Pennsylvania which governs motions for "suggestion of remand." As a result, this Court's Conditional Remand Order must be dissolved, and the case returned to the Eastern District of Pennsylvania for further proceedings.

Brydon
Hugo & Parker
135 Main Street
20th Floor
San Francisco, CA 94105

2

DEFENDANT PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL REMAND ORDER

## II. PLAINTIFFS' "MOTION FOR SUGGESTION OF REMAND" FAILED TO COMPLY WITH THE MANDATORY PROVISIONS OF ADMINISTRATIVE ORDER NO. 18

In the MDL, a plaintiff seeking to have their case remanded to the transferor Court must file a motion for a suggestion of remand that "conforms to the requirements set forth" in the Eastern District of Pennsylvania's Administrative Order 18. That order provides, in pertinent part:

A motion for a suggestion of remand must contain, at a minimum, the following information with regard to each individual claim:

1.) The civil action number of the case in the district where it was originally filed.

2.) The civil action number of the case in the Eastern District of Pennsylvania, if the case has been assigned an E.D. Pa. civil action number.

3.) The name of the plaintiff in the case.

4.) The diagnosing report or opinion relied upon by plaintiff in compliance with Administrative Order no. 12.

5.) The identity of defendants that are still viable in the case.

6.) A certification that the motion requesting the suggestion of remand has been served upon counsel for all parties in the action.

7.) The specific reasons why remand is appropriate in this case. Plaintiff should specify:

  a.) Whether Plaintiff has complied with Administrative Orders 12 and 12A.

  b.) Whether the injured Plaintiff is alive.

  c.) Whether the parties have submitted a Rule 26(f) report to the Court.

  d.) Whether all relevant discovery has been completed or has been substantially completed. If not, identify the discovery still to be completed.

  e.) The extent to which settlement conferences have been held in the case and the status of settlement negotiations.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3

DEFENDANT PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL REMAND ORDER

f.) Whether there are any outstanding motions in the case. Counsel seeking remand should be able to certify that there are no outstanding motions remaining in the case.

g.) Whether, if the case is remanded, the Plaintiff is prepared for trial without delay once on the transferor court's normal docket.

h.) The status of congestion in the transferor court docket.

In direct contravention of 7(f) of the Order—which mandates that "no outstanding motions" should remain in the case—Plaintiffs incorporated their "Motion for Suggestion of Remand" into their Motion to Remand this case to state court, asking remand to the Northern District as alternative relief. (See Exhibit A.) Obviously, a highly important motion remained to be decided in the case—namely, Plaintiffs' remand motion, which had originally been filed in the Northern District of California before transfer.

Plaintiffs' Memorandum of Points and Authorities supporting their combined "remand/suggestion of remand" motion is focused, in large part, on Plaintiffs' arguments regarding the invalidity of Abex's removal to federal court. (A true and correct copy of Plaintiffs' Memorandum of Points And Authorities In Support Of Plaintiffs' Motion To Remand To The State Court; Or, In The Alternative Motion For Suggestion Of Remand To The Northern District of California is attached as Exhibit B to the Moses Decl.; see Exhibit B, *seriatim*.)

Plaintiffs' "Motion for Suggestion of Remand" provides no substantive information sufficient to satisfy the mandatory requirements of the Order. It attempts to justify Plaintiffs' failure to oppose this Panel's Conditional Transfer Order (which got this case to the MDL in the first place), and mentions some expert witness problems in the state court—none of which is pertinent to justifying remand to the Northern District.

Certainly, while the declaration of Sean P. Worsey contains various references to some of the information requested by the Order, that information is not found in the motion itself. (Compare Exhibit B with the Declaration of Sean P. Worsey In Support Of

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

4

DEFENDANT PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL REMAND ORDER

Plaintiffs' Motion To Remand To The State Court; Or, In The Alternative Motion For Suggestion Of Remand To The Northern District of California, attached (without its supporing exhibits) as Exhibit C to the Moses Decl.) In any event, the only paragraphs of the Worsey Declaration actually cited in Plaintiffs' Memorandum of Points and Authorities as supporting Plaintiffs' "suggestion for remand" request are Paragraphs 67-69 of the Worsey Declaration. (See Exhibit B, at p. 14.) Those paragraphs, however, merely certify that there are no outstanding motions left to be heard in the *state court case*, and that Plaintiffs and their counsel would be prepared for trial in the Northern District[1] if remanded there before Judge Wilken. (See Exhibit C, at ¶¶ 67-69.)

In sum, Plaintiffs' "Motion For Suggestion of Remand" completely failed to satisfy the *mandatory* requirements of the MDL administrative order. Being procedurally defective and factually insufficient, this Panel must deny the "suggestion of remand," and return this case to the MDL for whatever further proceedings that Court might conduct.[2]

### III. CONCLUSION

For the reasons set forth herein, Defendant PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION respectfully requests that this Panel deny Plaintiffs' Motion to Vacate CTO-498.

Dated: May 7, 2012

By: /s/ Thomas J. Moses
Edward R. Hugo
Donna L. Maul
Thomas J. Moses
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
Tel. (415) 808-0300
Fax: (415) 808-0333
Email: service@bhplaw.com
Attorneys for Defendant
PNEUMO ABEX LLC
successor in interest to Abex Corporation

---

[1] Had Plaintiffs expressed any desire to remain in the MDL, Abex might have considered consenting to trial in the Eastern District of Pennsylvania, in which case a trial date could have been scheduled in that Court within 60 days. (See Administrative Order No. 22, Eastern District of Pennsylvania.)

[2]

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

5

DEFENDANT PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
NOTICE OF OPPOSITION AND OPPOSITION TO CONDITIONAL REMAND ORDER