ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:12-cv-02299-RS

King v. General Electric Company et al          Date Filed: 05/08/2012
Assigned to: Hon. Richard Seeborg              Jury Demand: Plaintiff
Cause: 28:1332 Diversity-Personal Injury       Nature of Suit: 368 P.I. : Asbestos
                                               Jurisdiction: Diversity

**Plaintiff**

**Tony King**                     represented by   **Alan R. Brayton**
*as Wrongful Death Heir, and as*                   Brayton Purcell LLP
*Successor-in-Interest to JERRY WAYNE*             222 Rush Landing Road
*KING, Deceased*                                   PO Box 6169
                                                   Novato, CA 94948-6169
                                                   415-898-1555
                                                   Fax: 415-898-1247
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **David R. Donadio**
                                                   Brayton Purcell LLP
                                                   222 Rush Landing Road
                                                   PO Box 6169
                                                   Novato, CA 94948-6169
                                                   415-898-1555
                                                   Fax: 415-898-1247
                                                   Email: DDonadio@braytonlaw.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Electric Company**

**Defendant**

**Foster Wheeler LLC**
*formerly known as*
Foster Wheeler Corporation

**Defendant**

**Huntington Ingalls Incorporated**
*formerly known as*
Northrop Grumman Shipbuilding, Inc.

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2012 | 7 | RECUSAL ORDER. Signed by Judge Richard Seeborg on 5/10/12. (cl, COURT STAFF) (Filed on 5/10/2012) (Entered: 05/10/2012) |
| 05/08/2012 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 8/2/2012. Case Management Conference set for 8/9/2012 10:00 AM in Courtroom 3, 17th Floor, San Francisco. (gba, COURT STAFF) (Filed on 5/8/2012) (Entered: 05/09/2012) |
| 05/08/2012 | 5 | Summons Issued as to Foster Wheeler LLC, General Electric Company, Huntington Ingalls Incorporated. (gba, COURT STAFF) (Filed on 5/8/2012) (Entered: 05/09/2012) |
| 05/08/2012 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Tony King. (gba, COURT STAFF) (Filed on 5/8/2012) (Entered: 05/09/2012) |
| 05/08/2012 | 3 | NOTICE of Tag-Along Action by Tony King (gba, COURT STAFF) (Filed on 5/8/2012) (Entered: 05/09/2012) |
| 05/08/2012 | 2 | Certificate of Interested Entities by Tony King (gba, COURT STAFF) (Filed on 5/8/2012) (Entered: 05/09/2012) |
| 05/08/2012 | 1 | COMPLAINT for Survival, Wrongful Death-Asbestos; Demand for Jury Trial against Foster Wheeler LLC, General Electric Company, Huntington Ingalls Incorporated (Filing fee $ 350.00, receipt number 34611073859). Filed by Tony King. (Attachments: # 1 Civil Cover Sheet) (gba, COURT STAFF) (Filed on 5/8/2012) (Entered: 05/09/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/10/2012 10:27:34 | | |
| **PACER Login:** bp0355 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:12-cv-02299-RS |
| **Billable Pages:** 2 | **Cost:** | 0.20 |

ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiff

FILED

豆 +f1.48.P 1: 34

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

TONY KING, as Wrongful Death Heir,
and as Successor-in-Interest to JERRY
WAYNE KING, Deceased,

Plaintiff,

vs.

GENERAL ELECTRIC COMPANY,
FOSTER WHEELER LLC (FKA FOSTER
WHEELER CORPORATION),
HUNTINGTON INGALLS
INCORPORATED (FKA NORTHROP
GRUMMAN SHIPBUILDING, INC.),

Defendants.

) **CV 12 2299**
)
)
)
)
) COMPLAINT FOR SURVIVAL,
) WRONGFUL DEATH - ASBESTOS;
) DEMAND FOR JURY TRIAL
)
)
)
)
)
)
)
)
)
)

## I.

## PARTIES

1.    Plaintiff in this action is the above-captioned successor-in-interest to, or the

personal representative of the estate of Decedent; and the personal representatives on behalf of

the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as

"Plaintiff."

2.    The person who sustained asbestos-related lung injuries and death as a result of

their inhalation of asbestos fibers through the person's occupational exposure to asbestos,

hereinafter "Decedent" is, with the date of death: JERRY WAYNE KING died May 10, 2011.

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  TONY KING is the son of JERRY WAYNE KING and is hereinafter referred to as "Successor-
2  in-Interest."

3       3.     Decedent sustained an asbestos-related lung disease and death by precisely the
4  following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-
5  containing products at Decedent's jobsites. The pathogenesis of Decedent's asbestos-related
6  diseases is explained on **Exhibit A**, attached to Plaintiff's complaint and incorporated by
7  reference herein.

8       4.     All of Plaintiff's' claims arise out of a similar series of occurrences:  repeated
9  exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants
10  and supplied to, installed and/or maintained by defendants at Decedent's worksites, over a period
11  of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Decedent,
12  resulting in cumulative, progressive, incurable lung diseases.

13      5.     Each Plaintiff claims damages for an asbestos-related disease arising from an
14  identical series of occurrences not dependent on Decedent's worksite but on the fact that
15  asbestos-containing products, when handled in the manner in which they were intended, released
16  harmful asbestos fibers which when inhaled by Decedent, caused serious lung disease.  The
17  allegations of Plaintiff regarding the nature of Decedent's asbestos-related diseases, the nature of
18  asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all
19  identical.

20      6.     Plaintiff is informed and believes, and thereon alleges, that at all times herein
21  mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole
22  proprietorships and/or other business entities organized and existing under and by virtue of the
23  laws of the State of California, or the laws of some other state or foreign jurisdiction, and that
24  said defendants, and each of them, were and are authorized to do and are doing business in the
25  State of California, and that said defendants have regularly conducted business in the State of
26  California.

27  ///
28  ///

K:\Injured\114910\FED\PLD\cmp-fed-wd.wpd        2
COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7. <u>Jurisdiction</u>: Plaintiff TONY KING is a citizen of the State of North Carolina. Plaintiff(s) are citizens of the following states, respectively: .

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

| DEFENDANT | STATE |
|---|---|
| GENERAL ELECTRIC COMPANY | New York/Connecticut |
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | Delaware/New Jersey |
| HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN SHIPBUILDING, INC.) | Virginia |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

8. <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Negligence - Survival)

PLAINTIFF TONY KING AS SUCCESSOR-IN-INTEREST TO THE DECEDENT JERRY WAYNE KING COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN

1 SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND
2 FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

3      9.      At all times herein mentioned, each of the named defendants was the successor,
4 successor in business, successor in product line or a portion thereof, assign, predecessor,
5 predecessor in business, predecessor in product line or a portion thereof, parent, holding
6 company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole
7 or partial owner of or member in an entity researching, studying, manufacturing, fabricating,
8 designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
9 supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,
10 representing, endorsing servicing, installing, contracting for installation, repairing, marketing,
11 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or
12 otherwise directing and/or facilitating the use of, or advertising a certain product, namely
13 asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be
14 called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious
15 conduct of each successor, successor in business, successor in product line or a portion thereof,
16 assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,
17 venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or
18 entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,
19 designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,
20 sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,
21 rebranded, manufactured for others and advertised a certain product, namely asbestos, and other
22 products containing asbestos. The following defendants, and each of them, are liable for the acts
23 of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual
24 destruction of Plaintiffs' remedy against each such ALTERNATE ENTITY; defendants, and
25 each of them, have acquired the assets, product line, or a portion thereof, of each such
26 ALTERNATE ENTITY; defendants, and each of them, caused the destruction of Plaintiffs'
27 remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume
28 ///

1  the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant

2  enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

3
| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY<br>HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED<br>TRUMBULL ELECTRIC MANUFACTURING COMPANY<br>G E INDUSTRIAL SYSTEMS<br>CURTIS TURBINES<br>PARSONS TURBINES<br>GENERAL ELECTRIC JET ENGINES<br>HOTPOINT, INC.<br>GENERAL ELECTRIC SUPPLY CORPORATION |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| HUNTINGTON INGALLS<br>INCORPORATED<br>(FKA NORTHROP<br>GRUMMAN SHIPBUILDING, INC.) | AVONDALE INDUSTRIES, INC.<br>AVONDALE SHIPYARDS, INC.<br>CONTINENTAL MARITIME INDUSTRIES, INC.<br>EASTERN IDAHO CONSTRUCTION COMPANY<br>INGALLS SHIPBUILDING, INC.<br>NEWPORT NEWS SHIPBUILDING AND DRY DOCK<br>COMPANY<br>NORTH CAROLINA SHIPBUILDING<br>NORTHROP GRUMMAN SHIP SYSTEMS, INC.<br>SERVICE ENGINEERING INDUSTRIES, INC. |

16  10.   At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

17  each of them, were and are engaged in the business of researching, manufacturing, fabricating,

18  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

19  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

20  promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

21  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

22  otherwise directing and/or facilitating the use of, or advertising a certain product, namely

23  asbestos and other products containing asbestos.

24  11.   At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

25  each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

26  fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

27  to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,

28  supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,

1  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

2  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

3  and other products containing asbestos, in that said products caused personal injuries to users,

4  consumers, workers, bystanders and others, including the Decedent herein, (hereinafter

5  collectively called "exposed persons"), while being used in a manner that was reasonably

6  foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by

7  "exposed persons."

8       12.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

9  exercise due care in the pursuance of the activities mentioned above and defendants, and each of

10  them, breached said duty of due care.

11       13.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

12  have known, and intended that the aforementioned asbestos and products containing asbestos and

13  related products and equipment, would be transported by truck, rail, ship, and other common

14  carriers, that in the shipping process the products would break, crumble, or be otherwise

15  damaged; and/or that such products would be used for insulation, construction, plastering,

16  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

17  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

18  breaking, removing, maintaining, inspecting, "rip-out," and other manipulation, resulting in the

19  release of airborne asbestos fibers, and that through such foreseeable use and/or handling

20  "exposed persons," including Decedent herein, would use or be in proximity to and exposed to

21  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

22  persons working in proximity to said products, directly or through reentrainment.

23       14.     Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-

24  containing products referred to herein in a manner that was reasonably foreseeable. Decedent's

25  exposure to asbestos and asbestos-containing products is on current information as set forth at

26  various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference

27  herein.

28  ///

1        15.    As a direct and proximate result of the acts, omissions, and conduct of the

2  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Decedent's exposure

3  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

4  or harm to the Decedent as set forth in **Exhibit A**, attached to Plaintiffs' complaint and

5  incorporated by reference herein.

6        16.    Plaintiff is informed and believes, and thereon alleges, that progressive lung

7  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

8  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

9  asbestos and asbestos-containing products over a period of time.

10       17.    Decedent suffered from a condition related to exposure to asbestos and asbestos-

11  containing products.  Decedent was not aware at the time of exposure that asbestos or asbestos-

12  containing products presented any risk of injury and/or disease.

13       18.    As a direct and proximate result of the aforesaid conduct of the defendants, their

14  "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,

15  nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

16  amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this

17  complaint accordingly when the true and exact cost thereof is ascertained.

18       19.    As a direct and proximate result of the aforesaid conduct of the defendants, their

19  ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value

20  of medial care provided by Decedent's family members measured by, inter alia, the costs

21  associated with the hiring a registered nurse, home hospice, or other service provider, the true

22  and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to

23  amend this complaint accordingly when the true and exact costs are known or at time of trial.

24       20.    As a direct and proximate result of the aforesaid conduct of defendants, their

25  ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his person,

26  body, and health, including, but not limited to, asbestosis, other lung damage, and cancer and

27  related sequelae, and the mental and emotional distress attendant thereto, and ultimately death,

28  ///

1  from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven
2  at trial.

3      21.    As a further direct and proximate result of the said conduct of the defendants,
4  their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,
5  entitlements, wages, profits, and commissions, a diminishment of earning potential, and other
6  pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is
7  requested to amend this complaint to conform to proof at the time of trial.

8      22.    As a further direct and proximate result of the said conduct of the defendants,
9  their ALTERNATE ENTITIES, and each of them, Decedent's exposure to asbestos and asbestos-
10  containing products caused severe and permanent injury to Decedent, and ultimately Decedent
11  died on the date previously stated herein.

12      23.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
13  directors and managing agents participated in, authorized, expressly and impliedly ratified, and
14  had full knowledge of, or should have known of, each of the acts set forth herein.

15      24.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the
16  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
17  and each defendant's officers, directors, and managing agents participated in, authorized,
18  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
19  each of their ALTERNATE ENTITIES as set forth herein.

20      25.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
21  and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in
22  conscious or reckless disregard and indifference to the safety, health, and rights of "exposed
23  persons," including Decedent herein, giving rise to Decedent's claim herein alleged for punitive
24  damages against said defendants.

25      WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and
26  each of them, as hereinafter set forth.

27  ///
28  ///

1

2

## SECOND CAUSE OF ACTION
(Products Liability - Survival)

3 PLAINTIFF TONY KING AS SUCCESSOR-IN-INTEREST TO THE DECEDENT

4 JERRY WAYNE KING COMPLAINS OF DEFENDANTS GENERAL ELECTRIC

5 COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),

6 HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN

7 SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM; EACH

8 FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR

9 PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

10     26.     Plaintiff incorporates herein by reference, as though fully set forth herein, each

11 paragraph of the First Cause of Action herein.

12     27.     Defendants, their "alternate entities," and each of them, knew and intended that

13 the above-referenced asbestos and asbestos-containing products would be used by the purchaser

14 or user without inspection for defects therein or in any of their component parts and without

15 knowledge of the hazards involved in such use.

16     28.     Said asbestos and asbestos-containing products were defective and unsafe for their

17 intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

18 and/or death. The defect existed in the said products at the time they left the possession of

19 defendants, their ALTERNATE ENTITIES, and each of them. Said products did, in fact, cause

20 personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

21 persons," including Decedent herein, while being used in a reasonably foreseeable manner,

22 thereby rendering the same defective, unsafe, and dangerous for use.

23     29.     "Exposed persons" did not know of the substantial danger of using said products.

24 Said dangers were not readily recognizable by "exposed persons." Said defendants, their

25 ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

26 which Decedent and others similarly situated were exposed.

27     30.     In researching, manufacturing, fabricating, designing, modifying, testing or failing

28 to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

1   sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating,
2   promoting, representing, endorsing servicing, installing, contracting for installation, repairing,
3   marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos
4   and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
5   did so with conscious disregard for the safety of "exposed persons" who came in contact with
6   said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE
7   ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or
8   death resulting from exposure to asbestos or asbestos-containing products, including, but not
9   limited to, asbestosis, other lung damages, and cancer. Said knowledge was obtained, in part,
10  from scientific studies performed by, at the request of, or with the assistance of, said defendants,
11  their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said
12  defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

13      31.     On or before 1930, and thereafter, said defendants, their ALTERNATE
14  ENTITIES and each of them, were aware that members of the general public and other "exposed
15  persons," who would come in contact with their asbestos and asbestos-containing products, had
16  no knowledge or information indicating that asbestos or asbestos-containing products could
17  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
18  members of the general public and other "exposed persons," who came in contact with asbestos
19  and asbestos-containing products, would assume, and in fact did assume, that exposure to
20  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
21  hazardous to health and human life.

22      32.     With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
23  of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
24  lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
25  market, warrant, rebrand, manufacture for others, package and advertise said asbestos and
26  asbestos-containing products without attempting to protect "exposed persons" from, or warn
27  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
28  asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn

1  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

2  asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

3  intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

4  and suppressed said knowledge from "exposed persons" and members of the general public, thus

5  impliedly representing to "exposed persons" and members of the general public that asbestos and

6  asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

7  ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

8  representations with the knowledge of the falsity of said implied representations.

9      33.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

10  and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

11  ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

12  manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

13  sale, inspection, installation, contracting for installation, repair, marketing, warranting,

14  rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise

15  directing and/or facilitating the use of, or advertising of asbestos and asbestos-containing

16  products. In pursuance of said financial motivation, said defendants, their ALTERNATE

17  ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact

18  were consciously willing and intended to permit asbestos and asbestos-containing products to

19  cause injury to "exposed persons" and induced persons to work with and be exposed thereto,

20  including Decedent.

21      34.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE

22  ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

23  products, to be safe for their intended use, but that their asbestos and asbestos-containing

24  products, created an unreasonable risk of bodily harm to exposed persons.

25      35.    Plaintiff relied upon defendants', their ALTERNATE ENTITIES, and each of their

26  representations, lack of warnings, and implied warranties of fitness of asbestos and their

27  asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Decedent

28  suffered permanent injury and death as alleged herein.

1      36.    As a direct and proximate result of the actions and conduct outlined herein,

2 Decedent have suffered the injuries and damages herein alleged.

3     WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities", and

4 each of them, as hereinafter set forth.

5

THIRD CAUSE OF ACTION
(Negligence - Wrongful Death)

6

7     PLAINTIFF TONY KING, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-

8 IN-INTEREST TO JERRY WAYNE KING DECEASED, AND PLAINTIFF(S) AS LEGAL

9 HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS GENERAL ELECTRIC

10 COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),

11 HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN

12 SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH

13 FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR

14 NEGLIGENCE (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

15     37.    Plaintiff incorporates by reference each paragraph contained within the First

16 Cause of Action as though fully set forth herein.

17     38.    The heirs at law of the Decedent and their relationship to the Decedent is set forth

18 above.

19     39.    The individuals set forth as heirs constitute all of the surviving heirs of the

20 Decedent.

21     40.    As a direct and proximate result of the conduct of the defendants, their

22 ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-

23 containing products caused Decedent to develop diseases from which condition Decedent died.

24 Plaintiff was unaware that the death caused by asbestos-related disease until within one year of

25 filing the complaint.

26     41.    At all times prior to his death, Decedent was a parent to Plaintiff children.

27     42.    As a direct and proximate result of the conduct of defendants, and each of them,

28 and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the loss

1 | of care, society, comfort, attention, services, and support of Decedent all to the damage of

2 | Decedent's heirs.

3 |     43.    As a further direct and proximate result of the conduct of defendants, and each of

4 | them, and the death of Decedent, Decedent's heirs have incurred funeral expenses in an amount

5 | currently not ascertained.

6 |     WHEREFORE, Plaintiff prays judgment against defendants, and each of them, as

7 | hereinafter set forth.

8 | FOURTH CAUSE OF ACTION<br>(Products Liability - Wrongful Death)

9 |

10 |     PLAINTIFF TONY KING, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-

11 | IN-INTEREST TO JERRY WAYNE KING DECEASED, AND PLAINTIFF(S) AS LEGAL

12 | HEIR(S) OF DECEDENT, COMPLAIN OF DEFENDANTS GENERAL ELECTRIC

13 | COMPANY, FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),

14 | HUNTINGTON INGALLS INCORPORATED (FKA NORTHROP GRUMMAN

15 | SHIPBUILDING, INC.), THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH

16 | FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR

17 | PRODUCTS LIABILITY (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

18 |     44.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

19 | paragraph of the First, Second and Third Causes of Action herein.

20 |     45.    As a direct and proximate result of the conduct of defendants, and each of them,

21 | Decedent's heirs have sustained the injuries and damages previously alleged.

22 |     WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and

23 | each of them, as hereinafter set forth.

24 | IV.

25 | **DAMAGES AND PRAYER**

26 |     WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and

27 | each of them in an amount to be proved at trial in each individual case, as follows:

28 |     (a)    For Plaintiffs' general damages according to proof;

1    (b)    For Plaintiffs' loss of income, wages and earning potential according to proof;

2    (c)    For Plaintiffs' medical and related expenses according to proof;

3    (d)    For Plaintiffs' cost of suit herein;

4    (e)    For exemplary or punitive damages according to proof;

5    (f)    For damages for fraud according to proof; and

6    (g)    For such other and further relief as the Court may deem just and proper, including

7    costs and prejudgment interest.

8    Dated: __5/7/12__                        BRAYTON❖PURCELL LLP

9

10                                           By: _____
                                                 David R. Donadio, Esq., S.B. #154436
11                                               Attorneys for Plaintiff

12

13

14                                      JURY DEMAND

15        Plaintiff hereby demands trial by jury of all issues of this cause.

16

17   Dated: __5/7/12__                        BRAYTON❖PURCELL LLP

18

19                                           By: _____
                                                 David R. Donadio, Esq., S.B. #154436
20                                               Attorneys for Plaintiff

21

22

23

24

25

26

27

28

K:\Injured\114910\FED\PLD\cmp-fed-wd.wpd                    14
                 COMPLAINT FOR SURVIVAL, WRONGFUL DEATH - ASBESTOS; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1

EXHIBIT A

2    Decedent: JERRY WAYNE KING, Deceased.

3

4    Decedent's injuries: Decedent was diagnosed with mesothelioma on or about July 15, 2010, with

5    asbestosis on or about December 2010, and with asbestos-related pleural disease on or about

6    October 2011.

7

8    Decedent died on May 10, 2011.

9

10   Retirement Status: (1)          Decedent retired from his last place of employment as a result of

11   becoming disabled due to an illness not related to asbestos. He had therefore suffered no

12   disability from his asbestos-related disease as "disability" is defined in California Code of Civil

13   Procedure § 340.2.

14

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center San Diego, CA | Trainee | 1/4/1962-4/25/1962 |
| Gem Automatic Gas Co., Inc. Granite Quarry, NC 28072 | Pargas Home Office Granite Quarry, NC | Repairman | 9/1963 - 5/1964 |
| later known as Pargas of Roanoke Rapids Inc. and | | Truck Mechanic | 6/1964 - 10/1965; |
| Pargas of Granite Quarry Inc. P.O. Box 67 Waldorf, MD 20601 | | | 7/1970 - 8/1972 |
| Von Byerly Chevrolet Inc. 303 Eastwood Drive Salisbury, NC 28146 | Von Byerly Chevrolet Inc. Salisbury, NC | Automobile Mechanic | 4/1966 - 7/1966 |

25   ///

26   ///

27   ///

28

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Northrop Grumman Shipbuilding Inc. 4101 Washington Ave. Newport News, VA 23607 | Newport News Shipbuilding & Drydock, Co. Newport News, VA | Sheetmetal Worker | 7/1966 - 7/1970 |
| | QUEENFISH (SSN-651) | | 7/1966 - 12/1966 |
| | RAY (SSN-653) | | 7/1966 - 4/1967 |
| | HAMMERHEAD (SSN-663) | | 4/1967 - 6/1968 |
| | SPADEFISH (SSN-668) | | 5/1968 - 8/1969 |
| | TRANS COLORADO (1945) | | 9/1967 - 7/1970 |
| | TRANS COLOMBIA (1945) | | 9/1967 - 1/1969 |
| Jake T. Preston Gen. Contr. Route 8, Box 372 Salisbury, NC 28144 | Residential homes Salisbury, NC | Carpenter | 7/1972 - 4/1973 |

FRICTION:

Decedent performed automotive repair work on his own personal vehicles. Plaintiff recalls decedent performed automotive repair work on the following personal vehicles:

Plaintiff recalls that decedent performed a brake job on a 1960s Rambler in approximately 1978/79. Decedent removed the old asbestos-containing brakes from vehicles and blew out the remaining asbestos-containing dust and debris. Decedent wiped the assemblies with a rag before installing the new asbestos-containing replacement brakes. Decedent used asbestos-containing BENDIX (HONEYWELL INTERNATIONAL, INC.) replacement brake pads purchased from NAPA AUTO PARTS (GENUINE PARTS COMPANY) Rockwell, North Carolina.

Plaintiff recalls that decedent performed an engine overhaul on a 1969 Chevy Caprice in approximately 1978/79. Decedent removed and replaced asbestos-containing head and engine gaskets and rebuilt the engine using asbestos-containing MR. GASKET (PERFORMANCE INDUSTRIES, INC.) gaskets purchased from ROUZER MOTOR CO., Salisbury, North Carolina. Plaintiff recalls decedent had to cut two MR. GASKET header gaskets before installation. Decedent used a razor knife and handy grinder to cut these gaskets.

Plaintiff recalls that decedent fixed the thermostat on a 1968 Ford van in approximately 1985. Decedent removed and replaced an asbestos-containing VICTOR (DANA COMPANIES, LLC (FKA DANA CORPORATION)) thermostat gasket purchased from NAPA AUTO PARTS (GENUINE PARTS COMPANY), Rockwell, North Carolina. Plaintiff recalls decedent had to cut this gasket with a handy grinder before installation. Plaintiff currently contends decedent was exposed to asbestos during this vehicle repair work.

# JS 44 CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TONY KING | GENERAL ELECTRIC COMPANY, et al. |

**(b)** County of Residence of First Listed Plaintiff **Cabarrus**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **New York/Connecticut**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David R. Donadio, Esq.
Brayton<>Purcell LLP, 222 Rush Landing Road,
Novato, CA 94948-6169

Attorneys *(If Known)*
C 12-2299

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff, (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☒ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity of Citizenship; 28 USC Section 1332

Brief description of cause:
Asbestos Personal Injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

(Place an "X" in One Box Only)
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE 5/4/12

SIGNATURE OF ATTORNEY OF RECORD

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.    Example: U.S. Civil Statute: 47 USC 553
                                 Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX.    Divisional Assignment. In accordance with Civil L.R. 3-2(c) - (f), select the appropriate venue based upon the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated.

Date and Attorney Signature. Date and sign the civil cover sheet.