18BC

# U.S. District Court
## North Carolina Middle District (NCMD)
## CIVIL DOCKET FOR CASE #: 1:12-cv-00450-WO-JEP
### Internal Use Only

PHILLIPS v. BORG WARNER MORSE TECH et al  
Assigned to: JUDGE WILLIAM L. OSTEEN JR.  
Referred to: MAG/JUDGE JOI ELIZABETH PEAKE  
Case in other court: Eastern District of Pennsylvania, MDL 875  
Cause: 28:1332 Diversity-Asbestos Litigation

Date Filed: 05/09/2012  
Jury Demand: Plaintiff  
Nature of Suit: 368 P.I. : Asbestos  
Jurisdiction: Diversity

### Plaintiff

**ELLEN PHILLIPS**  
*Individually and as Executrix of the Estate of Richard Phillips, Sr., Deceased*

represented by **JANET WARD BLACK**  
WARD BLACK LAW  
208 W. WENDOVER AVE.  
GREENSBORO, NC 27401  
336-273-3812  
Fax: 336-379-9415  
Email: jwblack@wardblacklaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**BORG WARNER MORSE TECH**  
*(sued individually and as successor-in-interest to Borg-Warner Corporation)*

### Defendant

**CALAVERAS ASBESTOS, LTD.**

### Defendant

**CERTAINTEED CORPORATION**

### Defendant

**CYPRUS AMAX MINERALS COMPANY**  
*(sued individually and as successor-in-interest to Sierra Talc Company and United Talc Company)*

### Defendant

**EATON CORPORATION**

**Defendant**

**FORD MOTOR COMPANY**

**Defendant**

**GENUINE PARTS COMPANY**
*d/b/a National Automotive Parts Association (a/k/a NAPA)*

**Defendant**

**GEORGIA PACIFIC LLC**
*f/k/a Georgia-Pacific Corporation*

**Defendant**

**HONEYWELL INTERNATIONAL, INC.**
*(sued individually and as successor-in-interest to Bendix Corporation)*

**Defendant**

**KCG, INC.**
*(sued individually and as successor-in-interest to Ruco, Inc.)*

**Defendant**

**KENTILE FLOORS, INC.**

**Defendant**

**MAREMONT CORPORATION**
*(sued individually and as successor-in-interest to Grizzly Manufacturing Company)*

**Defendant**

**METROPOLITAN LIFE INSURANCE COMPANY**

**Defendant**

**PNEUMO ABEX, LLC**
*(sued individually and as successor-in-interest to Abex Corporation)*

**Defendant**

**RT VANDERBILT COMPANY, INC.**
*(sued individually and as successor-in-interest to International Talc Company)*

**Defendant**

**THE SHERWIN-WILLIAMS CO.**

<u>Defendant</u>

**UNION CARBIDE CORPORATION**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/09/2012 | 1 | COMPLAINT against All Defendants ( Filing fee $ 350 receipt number 0418-1111821.), filed by ELLEN PHILLIPS. (BLACK, JANET WARD) (Entered: 05/09/2012) |
| 05/09/2012 | 2 | Summons Issued as to BORG WARNER MORSE TECH, CALAVERAS ASBESTOS, LTD., CERTAINTEED CORPORATION, CYPRUS AMAX MINERALS COMPANY, EATON CORPORATION, FORD MOTOR COMPANY, GENUINE PARTS COMPANY, GEORGIA PACIFIC LLC, HONEYWELL INTERNATIONAL, INC., KCG, INC., KENTILE FLOORS, INC., MAREMONT CORPORATION, METROPOLITAN LIFE INSURANCE COMPANY, PNEUMO ABEX, LLC, RT VANDERBILT COMPANY, INC., THE SHERWIN-WILLIAMS CO., UNION CARBIDE CORPORATION. (Garland, Leah) (Entered: 05/09/2012) |
| 05/09/2012 | 3 | Notice of Right to Consent. Counsel shall serve the attached form on all parties. (Garland, Leah) (Entered: 05/09/2012) |
| 05/10/2012 | | Case ASSIGNED to JUDGE WILLIAM L. OSTEEN JR. and MAG/JUDGE JOI ELIZABETH PEAKE. (Garland, Leah) (Entered: 05/10/2012) |
| 05/10/2012 | | (Court only) Set Magistrate Judge Flag for Judge Joi Elizabeth Peake. (Garland, Leah) (Entered: 05/10/2012) |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY<br>LITIGATION (NO. VI) | : | Civil Action No. MDL 875 |
| This Document Relates to: | | |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
File No.:
**CIVIL ACTION COMPLAINT**

Ellen Phillips, Individually and as Executrix of the Estate
of Richard Phillips, Sr., Deceased,

                Plaintiff,

                vs.

Borg-Warner Morse Tec Inc. (sued individually and as
   successor-in-interest to Borg-Warner Corporation);
Calaveras Asbestos, Ltd.;
Certainteed Corporation;
Cyprus Amax Minerals Company (sued individually and as
   successor-in-interest to Sierra Talc Company and
   United Talc Company);
Eaton Corporation;
Ford Motor Company;
Genuine Parts Company d/b/a National Automotive Parts
   Association (a/k/a NAPA);
Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation
CT
Honeywell International, Inc. (sued individually and as
   successor-in-interest to Bendix Corporation);
KCG, Inc. (sued individually and as successor-in-interest
   to Ruco, Inc.);
Kentile Floors, Inc.;
Maremont Corporation (sued individually and as
   successor-in-interest to Grizzly Manufacturing
   Company);
Metropolitan Life Insurance Company;
Pneumo Abex, LLC (sued individually and as successor-
   in-interest to Abex Corporation);
RT Vanderbilt Company, Inc. (sued individually and as
   successor-in-interest to International Talc Company);
The Sherwin-Williams Co.;
Union Carbide Corporation,

**JURY TRIAL DEMANDED**

1

                    Defendants.

## CIVIL ACTION COMPLAINT

Plaintiff, Ellen Phillips, Individually and as Executrix of the Estate of Richard Phillips, Sr., Deceased, sues the above-named Defendants for compensatory and punitive damages and alleges:

1. This action is brought pursuant to the Wrongful Death Act, N.C. Gen. Stat. 28A-18-1 *et seq.*, for the wrongful death of the Decedent, Richard Phillips, Sr., ("Decedent"), on behalf of all persons entitled to recover damages.

2. The Decedent died on September 2, 2011, in Forsyth County, North Carolina. The cause of death listed on the death certificate was Sarcomatoid Mesothelioma of the lung. The Decedent had been diagnosed with Sarcomatoid Mesothelioma on or about July 25, 2011.

3. This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action. This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

## PARTIES

4. Plaintiff, Ellen Phillips ("Plaintiff"), is the spouse of the Decedent and is the Personal Representative of the Estate of Richard Phillips, Sr., deceased, and is a citizen of the State of North Carolina. Plaintiff Ellen Phillips was appointed Personal Representative of the Estate of Richard Phillips, Sr., by the General Court of Justice, Superior Court Division, Forsyth County, North Carolina on or about April 10, 2012. Plaintiff maintains this action on behalf of

the Estate pursuant to her powers under N.C. Gen. Stat. 28A-13-3 and on behalf of herself individually as a result of her loss of consortium of her husband during his illness.

5. Decedent's exposure to asbestos and/or asbestos-containing products occurred during his employment at the sites listed on the attached Schedule I, which is incorporated by reference herein.

6. At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendants.

7. At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Decedent's employer or to such other entities so that these materials were caused to be used at the Decedent's job sites.

8. At all material times, the Defendant, Metropolitan Life Insurance Company, conspired with other Defendants to disseminate false and misleading medical and/or scientific information regarding the safety of asbestos and demonstrated a clear disregard for the health, safety and welfare of individuals such as Decedent.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

10. Pursuant to 28 U.S.C.A. §1391 (2), venue is proper in this judicial district because Plaintiff resides in Forsyth County, North Carolina and a substantial part of the events or omissions occurred in North Carolina.

11. Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because the Plaintiff is a citizen of the State of North Carolina and none of the Defendants are citizens of the State of North Carolina. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

12. Plaintiff has satisfied all conditions precedent to the filing of this action.

13. All of the named Defendants listed on the caption and on the attached list, which is incorporated by reference herein, are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each Defendant corporation does or in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina. The Decedent was exposed to various asbestos-containing products while working at various jobs, as listed on the attached Schedule I.

### FIRST CAUSE OF ACTION
### NEGLIGENCE
**(Against all named Defendants except Metropolitan Life Insurance Company.)**

14. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

15. At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

4

16. The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the Decedent.

17. Throughout the course of his employment, Decedent worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

18. During the course and scope of his employment, Decedent was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

19. Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn the Decedent and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

20. Decedent, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants. Defendants knew or should have known that persons employed as Decedent would be required to and would come into contact with and would work in close proximity to said products.

21. Decedent sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Decedent's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent's body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Decedent would not know of such danger to his health.

22. Decedent's illness, disability and/or death are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Decedent's body, lungs, respiratory system, skin, and health.

23. Defendants breached their duties and were negligent in the following acts and/or omissions:

    (a) Failed to advise Decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

    (b) Failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

    (c) Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d) Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e) Inadequately warned, if, in fact, they warned at all, persons such as Decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f) Did not recommend methods to improve the work environment;

(g) Did not develop alternative products;

(h) Continued to use a known cancer-causing product, to-wit: asbestos; and

(i) After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Decedent of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

24. Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products. The products in question were defective at the time they left the control of the Defendants.

25. Defendants were negligent and breached their duty of due care to Decedent by taking or failing to take the actions as previously alleged to avoid harm to the Decedent and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

26. The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Decedent were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

27. As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Decedent developed Mesothelioma, as a consequence of which, through no fault of his own, he was severely injured, disabled and damaged.

28. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
### (Against all named Defendants except Metropolitan Life Insurance Company)

29. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

30. The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

31. The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Decedent carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

32. As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Decedent developed an illness, to-wit: Mesothelioma.

33. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## THIRD CAUSE OF ACTION
## WILLFUL AND WANTON CONDUCT
### (Against all named Defendants except Metropolitan Life Insurance Company)

34. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

35. Decedent and others in his position worked in close proximity to the asbestos and asbestos-related materials use or manufactured by the Defendants, and the exposure and hazard to each of them, in Decedent's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

36. The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the Decedent and others in the Decedent's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Decedent was severely damaged as is set forth below.

37. The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Decedent the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and avoiding further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a) failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b) failure to issue recall type letters to prior users;

(c) frustrating the publication of articles and literature from the 1930's through at least 1976;

(d) rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e) The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

38. The acts of the Defendants, and each of them, as hereinabove set forth were intentional, willful and wanton, done with willful disregard of the safety of Decedent and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or

9

equipment upon the body of human beings, including Decedent and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Decedent and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

39. Accordingly, as a result of the Defendants' conduct which was conducted willfully, wantonly and with malice, and was grossly negligent and in total disregard for the health and safety of the user or consumer, such as Decedent, Plaintiff therefore seeks exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, with malice, and in total disregard of the health and safety of the users and consumers of their products.

### FOURTH CAUSE OF ACTION
### FALSE REPRESENTATION/FRAUD
(Against all Defendants except Metropolitan Life Insurance Company)

40. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

41. During, before, and after Decedent's exposure to asbestos products manufactured, installed or otherwise used by Defendants, the Defendants falsely represented facts, including the dangers of asbestos exposure, to Decedent in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Decedent, and while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

42. The foregoing representations were material conditions precedent to Decedent's continued exposure to asbestos containing products, and Defendants each intended that Decedent act upon the representations by continuing his exposure to the asbestos products. Decedent was

ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

43. As a direct and proximate result of Decedent's reliance upon Defendants' false representations and fraud, Decedent suffered injury and damages hereinafter described and seeks recovery for compensatory and punitive damages against these Defendants.

## FIFTH CAUSE OF ACTION
## FAILURE TO WARN
**(Against all named Defendants except Metropolitan Life Insurance Company)**

44. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

45. At all times material hereto, the Defendants knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and that of exposures to inhalable asbestos.

46. Defendants had a duty to warn individuals working at the Decedent's jobsites, including but not limited to Decedent, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

47. Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Decedent of the dangers, including but not limited to:

(a) Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with their products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b) Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to the Decedent knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

11

(c) Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d) Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Decedent;

(e) Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f) Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g) Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h) Failing to recall their defective product or manufacture a reasonably safer alternative;

(i) Failing to take adequate precautions and industrial hygiene measures to protect Decedent and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Decedent and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures; and

(j) Otherwise failing to act reasonably under the totality of the circumstances.

48. Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment to Decedent's employers, and these products were used by Decedent's various employers. Thus, Defendants had a duty to warn individuals working at Decedent's jobsites, including but not limited to the Decedent, of the dangers

associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

49. Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

50. At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that they knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Decedent. In the alternative, after the asbestos-containing products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that their products posed a substantial risk of harm to a reasonably foreseeable user, such as the Decedent, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

51. Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Decedent to develop Mesothelioma as a consequence of which he was injured and damaged and Plaintiff claims damages of the Defendants jointly and severally.

52. As a result of the Defendants' failure to warn, the Decedent suffered the injuries death and/or damages hereinafter alleged.

13

## SIXTH CAUSE OF ACTION
## CONSPIRACY AND PUNITIVE DAMAGES
### Against Metropolitan Life Insurance Company Only

53. Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered substantial aid and assistance to the manufacturers of asbestos-containing products to which Decedent was exposed, and such assistance by METROPOLITAN LIFE aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products by such manufacturers which proximately caused Decedent's illness, injuries, disabilities and death.

54. In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. METROPOLITAN LIFE also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

55. Decedent unwittingly but justifiably relied upon the thoroughness of METROPOLITAN LIFE's tests and information dissemination, the results of which METROPOLITAN LIFE published in leading medical journals.

56. As a direct and proximate contributing result of METROPOLITAN LIFE's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Decedent from asbestos exposure was increased, and (ii) Decedent suffered the injuries previously described.

57. In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other

Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE acted willfully, wantonly, and with malice in calculated disregard for the welfare of the general public, including Decedent. Plaintiff seeks compensatory and punitive damages against METROPOLITAN LIFE as a result.

## DAMAGES

58.  Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

59.  Plaintiff files this action under and pursuant to N.C. Gen. Stat. §§28A-18-1, *et. seq.*, and seeks to recover any and all damages allowable and incurred by the Estate of Richard Phillips, Sr., and all beneficiaries. Plaintiff individually seeks to recover any and all damages allowable as a result of the loss of consortium of Decedent during his final illness.

60.  As a result of the above-alleged conduct of the Defendants, the Decedent developed Mesothelioma, as a consequence of which, he has been damaged as follows:

(a)  for hospital and medical expenses incidental to Decedent's last illness;

(b)  for loss of earnings and future earning power of the Decedent;

(e)  for the loss of Decedent's general health, strength, and vitality;

(c)  for the loss of pecuniary contributions to the heirs of the Decedent, including Plaintiff;

(d)  for the loss of consortium, society, aid, companionship and services to the heirs of the Decedent, including Plaintiff;

(e)  for the future loss of consortium, society, aid, companionship and services to the heirs of the Decedent, including Plaintiff;

(f)  for the pain and suffering of the Decedent; and

(g)  for all other damages recoverable under said Act.

15

WHEREFORE, the Plaintiff verily believes she is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn, conspiracy and other breaches of duty and willful, wanton, fraudulent and malicious conduct as alleged herein proximately caused by the fault of the Defendants. Plaintiff prays for judgment against all Defendants for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000, plus interest as provided by law and the costs of this action.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This 8th day of May, 2012.

/s/ Janet Ward Black
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com

Richard Phillips, Sr., Deceased
SCHEDULE I
Decedent-Worker Employment History
Asbestos Exposure Worksite Information

OCCUPATION:
Seaman, Postal Delivery Driver

| EMPLOYER/WORKSITE: | APPROXIMATE DATES: |
|---|---|
| U.S. Navy – USS Fort Marion (LSD-22) USS Bayfield (APA-33) | 1945-1948 |
| Piedmont Airlines | 1948-1949 |
| Jones Bakery | 1950-1961 |
| U.S. Postal Service– Winston-Salem, NC | 1961-1987 |
| Self; Repairs & remodeling to personal residences – Winston-Salem, NC | 1960's-1970's |

PRODUCTS CONTAINING ASBESTOS:

Siding, Joint Compounds, Floor Tile, Talc, Clutches, Brakes, and other asbestos-containing materials.

17