UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION<br><br>NO VI<br><br><br>This Document Relates To: | MDL 875 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOYER HAZELWOOD AND SUE HAZELWOOD,<br><br>Plaintiffs,<br><br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | Case No. 2:12-cv-60129<br><br>NDCA Case No. 4::12-cv-01313<br>Alameda County Superior Court<br>Case No. RG 11 585967<br><br>DECLARATION OF THOMAS J. MOSES IN SUPPORT OF DEFENDANT PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION'S NOTICE OF MOTION AND MOTION TO VACATE CONDITIONAL REMAND ORDER<br><br>[Filed Concurrently With Notice of Motion And Motion To Vacate Conditional Remand Order] |

I, THOMAS J. MOSES, declare:

I am an attorney duly licensed to practice law in the State of California, and am a senior counsel with Brydon Hugo & Parker, counsel of record for defendant PNEUMO ABEX LLC successor in interest to ABEX CORPORATION ("ABEX") in the above-referenced matter.  I have personal knowledge of the facts stated herein.

1.     Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Notice of Motion And Motion To Remand To The State Court; Or, In The Alternative Motion For Suggestion Of Remand To The Northern District of California, filed in the Eastern District of Pennsylvania on April 9, 2012.

2.      Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' Memorandum of Points And Authorities In Support Of Plaintiffs' Motion To Remand To The State Court; Or, In The Alternative Motion For Suggestion Of Remand To The Northern District of California.

3.      Attached hereto as Exhibit C is a true and correct copy of the Declaration of Sean P. Worsey In Support Of Plaintiffs' Motion To Remand To The State Court; Or, In The Alternative Motion For Suggestion Of Remand To The Northern District of California.  In the interests of judicial economy and saving paper, the voluminous exhibits supporting Mr. Worsey's declaration are omitted.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 15, 2012, at San Francisco, California.

_____
THOMAS J. MOSES

Edward R. Hugo
Donna L. Maul
Thomas J. Moses
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
Tel. (415) 808-0300
Fax: (415) 808-0333
Email: service@bhplaw.com
Attorneys for Defendant
PNEUMO ABEX LLC
successor in interest to Abex Corporation

DECLARATION OF THOMAS J. MOSES IN SUPPORT OF DEFENDANT PNEUMO ABEX LLC
SUCCESSOR IN INTEREST TO ABEX CORPORATION'S NOTICE OF MOTION AND MOTION
TO VACATE CONDITIONAL REMAND ORDER

# EXHIBIT A

WILLIAM A. LEVIN, ESQ. (SBN 98592)
LAUREL L. SIMES, ESQ. (SBN 134637)
SEAN P. WORSEY, ESQ. (SBN 215807)
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone:     (415) 426-3000
Facsimile:     (415) 426-3001
wlevin@levinsimes.com
llsimes@levinsimes.com
sworsey@levinsimes.com

JEFFREY A. KAISER, ESQ. (SBN 160594)
**KAISER GORNICK LLP**
100 First Street, 25th Floor
San Francisco, CA 94105
Telephone:     (415) 857-7400
Facsimile:     (415) 857-7499
jkaiser@kaisergornick.com

Attorneys for Plaintiffs
MOYER HAZELWOOD and SUE HAZELWOOD

**RECEIVED**

APR 10 2012

**BY HAND DELIVERY
BRYDON HUGO & PARKER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### PHILADELPHIA DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL NO. 875 |
| THIS DOCUMENT RELATES TO: <br><br> MOYER HAZELWOOD and SUE HAZELWOOD, <br><br> Plaintiffs, <br><br> vs. <br><br> A.W. CHESTERTON COMPANY, et al., <br><br> Defendants | EDPA Case No. 2:12-cv-60129 <br> CAND Case No. 4:12-01313 <br> CA Sup. Ct. Case No. RG 11 585967 <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA** <br><br> The Honorable Judge Eduardo C. Robreno <br> Room 11614 <br> Philadelphia, Pennsylvania <br><br> Trial Date (Alameda Superior Court):  In Trial |

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO THE STATE COURT; OR IN THE
ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

## NOTICE OF MOTION AND RELIEF SOUGHT

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Moyer Hazelwood and Sue Hazelwood will, and hereby do, move for an order remanding the within action from the United States District Court for the Eastern District of Pennsylvania to the Superior Court of the State of California, County of Alameda, or in the Alternative, to United States District Court for the Northern District of California.

Plaintiffs make this motion for the remand of this action under *28 United States Code Section 1447(c)* on the following grounds: (1) Defendant Pneumo Abex LLC's removal of this matter on March 16, 2012, was untimely under *28 U.S.C. Section 1446(b),* in that the removing defendants received notice in the form of a pleading indicating that plaintiffs had abandoned their claims against the non-diverse defendants at least 55 days prior to defendants serving and filing their Notice of Removal; (2) Defendant waived their right to remove by failing to promptly notify the Court and plaintiffs' counsel of the intent to remove in the middle of jury selection; and (3) Defendant Pneumo Abex erroneously represented that non-consenting defendants A.W. Chesterton Company, Crown, Cork & Seal, and Parker-Hannifin Corporation had not been served when in fact they had been and failed to obtain the consent from these defendants. Plaintiffs seek immediate remand to the Superior Court of California, County of Alameda, where this matter was *in trial* before the Honorable Jo-Lynne Q. Lee at the time of the untimely and improper removal. In the alternative, plaintiffs move for the suggestion of remand to the Northern District of California to commence with trial immediately before the Honorable Claudia Wilken.

Moreover, based on the exigent circumstances surrounding this case, including that plaintiff Moyer Hazelwood is suffering from an incurable and terminal form of cancer, and the fact that this case was removed after trial had commenced in the state court, plaintiffs are also requesting that this Court to hear Plaintiffs' motion as soon as the Court may be able.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

This motion will be supported by certain pleadings and papers from the state court action, the affidavit of plaintiffs' attorney and the oral arguments of counsel.

Dated:  April 9, 2012                                LEVIN SIMES LLP


                                                    /s/ Laurel L. Simes
                                                    Laurel L. Simes
                                                    Attorneys for Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND TO THE STATE COURT; OR IN THE
ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

# EXHIBIT B

WILLIAM A. LEVIN, ESQ. (SBN 98592)
LAUREL L. SIMES, ESQ. (SBN 134637)
SEAN P. WORSEY, ESQ. (SBN 215807)
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone:    (415) 426-3000
Facsimile:    (415) 426-3001
wlevin@levinsimes.com
llsimes@levinsimes.com
sworsey@levinsimes.com

JEFFREY A. KAISER, ESQ. (SBN 160594)
**KAISER GORNICK LLP**
100 First Street, 25th Floor
San Francisco, CA 94105
Telephone:    (415) 857-7400
Facsimile:    (415) 857-7499
jkaiser@kaisergornick.com

Attorneys for Plaintiffs
MOYER HAZELWOOD and SUE HAZELWOOD

RECEIVED

APR 10 2012

BY HAND DELIVERY
BRYDON HUGO & PARKER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### PHILADELPHIA DIVISION

| | |
|---|---|
| **IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | MDL NO. 875 |
| **THIS DOCUMENT RELATES TO:** | EDPA Case No. 2:12-cv-60129 |
| MOYER HAZELWOOD and SUE HAZELWOOD, | CAND Case No. 4:12-01313 |
| | CA Sup. Ct. Case No. RG 11 585967 |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA** |
| vs. | |
| A.W. CHESTERTON COMPANY, et al., | The Honorable Judge Eduardo C. Robreno |
| Defendants | Room 11614 Philadelphia, Pennsylvania |
| | Trial Date (Alameda Superior Court): In Trial |

## TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................. 1

II.  STATEMENT OF FACTS ................................................................... 2

    A.  PLAINTIFFS' JANUARY 20, 2012, SETTLEMENT CONFERENCE STATEMENT........................................................................................ 2

    B.  THE JANUARY 27, 2012, MANDATORY SETTLEMENT CONFERENCE. ... 3

    C.  DEFENDANT'S FAILURE TO PROMPTLY NOTIFY PLAINTIFFS COUNSEL AND THE COURT OF THEIR INTENT TO REMOVE PRIOR TO COMMENCEMENT OF THE TRIAL. ................................................. 4

    D.  DEFENDANT ERRONEOUSLY REPRESENTED THAT THE THREE SERVED DEFENDANTS HAD NOT BEEN SERVED. ...................................... 7

    E.  PLAINTIFFS' REQUEST FOR THEIR MOTION TO REMAND TO CALIFORNIA SUPERIOR COURT; IN THE ALTERNATIVE MOTION FOR SUGGESTION OF MOTION TO REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA TO BE HEARD ON SHORTENED TIME........................... 7

III.  LEGAL ARGUMENT ...................................................................... 8

    A.  THE REMOVAL STATUTE SHOULD BE STRICTLY CONSTRUED AGAINST REMOVAL JURISDICTION. .......................................................... 8

    B.  PLAINTIFFS MOTION FOR REMAND IS TIMELY......................................... 8

    C.  DEFENDANT'S NOTICE OF REMOVAL WAS *NOT* TIMELY SERVED AND FILED, AND PLAINTIFFS ARE THEREFORE ENTITLED TO REMAND. .... 8

    D.  DEFENDANT FAILED TO OBTAIN CONSENT FROM ALL REMAINING DEFENDANTS SERVED IN THIS MATTER. ................................................. 11

    E.  DEFENDANT HAS WAIVED THE RIGHT TO REMOVE THE ACTION TO FEDERAL COURT. ................................................................................. 12

    F.  IN THE ALTERNATIVE PLAINTIFFS HEREBY MOVE FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA. ............... 14

- i -

IV.          CONCLUSION ................................................................................................... 16

PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR
SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

## TABLE OF AUTHORITIES

**Cases**

*California Republican Party v. Michael Mercier,* 652 F. Supp. 928 (C.D. CA 1986)................. 12

*Chicago Title & Trust Co. v. Whitney Stores, Inc.,* 583 F. Supp. 575 (N.D. IL 1984).......... 12, 13

*Doe v. Kerwood,* 969 F.2d 165, 16 (5th Cir. 1992) ......................................................... 2

*Farias v. Bexar County Board of Trustees,* 925 F.2d 866, 871(5th Cir. 1991) ............................ 11

*Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) .................................................. 8

*Gossmeyer v. McDonald et. al.,* 128 F.3d 481, 489 (7th Cir. 1997)............................................. 11

*Harris v. Bankers Life,* 425 F. 3d 689 (9th Cir. 2005)........................................... 8, 9, 11

*Hessler v. Armstrong,* 684 F. Supp. 393 (Dist. Of De 1988)................................................ 9, 10

*Lockyer v. Dynegy, Inc., et. al.,* 375 F.3d 831, 838 (9th Cir. 2003) ................................... 8

*Waldron v. Skelly Oil Co.,* 101 F. Supp. 425 (E.D. Mo. 1951) ............................................ 12, 14

**Statutes**

28 U.S.C. Section 1407(a) ............................................................................ 15

28 U.S.C. Section 1441(a) ............................................................................. 2

28 U.S.C. Section 1446 (b) ....................................................................... 8, 9, 16

28 U.S.C. Section 1446(a) ............................................................................. 8

28 U.S.C. Section 1446(b)(3) ...................................................................... 1, 8

28 U.S.C. Section 1447(c) ............................................................................. 8

California Code of Civil Procedure Section 36(d)..................................................... 5

**Rules**

California Rule of Court 3.1380 ...................................................................... 2

California Rule of Court 3.1380(c) .................................................................. 2

California Rule of Court 3.1380(c)(4) ........................................................... 2, 10

PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR
SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

## I.     **INTRODUCTION**

Defendant Abex, with the consent of two defendants, belatedly seek removal on grounds of diversity. On January 20, 2012, plaintiffs served a Mandatory Settlement Conference Statement by fax and mail upon Pnuemo Abex LLC (hereinafter "Abex"), Honeywell International, Inc. (hereinafter "Honeywell") and Carlisle Corporation (hereinafter "Carlisle") notifying them that there were no liability claims against Allied Packing.    Again at the Mandatory Settlement Conference on January 27, 2012, in front of Judge Evelio M. Grillo, counsel for Abex, Honeywell and Carlisle were unequivocally informed that defendant Allied Packing & Supply, Inc. would be dismissed.

On March 16, 2012, defendant Abex filed and served its Notice of Removal.  Two other defendants, Honeywell and Carlisle provided written consent to the removal.  As of March 16, 2012, the trial of this matter had already commenced before the Honorable Jo-Lynne Q. Lee in the Alameda County Superior Court.  One hundred and fifty citizens and residents of Alameda County had been called in for jury service, filled out lengthy questionnaires, and by Thursday March 15, 2012, the hardship process had been completed.  *Voir dire* was expected to be completed on Tuesday March 20, 2012, and the parties were told that their opening statements would be given on March 21, 2012.  Prior to serving their Notice of Removal neither Abex, nor the two consenting defendants had offered any indication that they were planning on removing the case. (*See* the Declaration of Sean P. Worsey, hereinafter the "Worsey Decl.," at paragraph 51.) Indeed, the day before, Abex was actively but unsuccessfully trying to resolve the case with plaintiffs but made no mention of their intended plans. (*See* the Declaration of Laurel L. Simes, hereinafter "Simes Decl.," filed concurrently with Plaintiffs' moving papers.)

Plaintiffs are entitled to immediate remand of this action to the Alameda County Superior Court.  As the facts stated herein will demonstrate, Defendant's removal was procedurally defective and improper for the following reasons:  (1) Removal was untimely under *28 U.S.C. Section 1446(b)(3)* in that removing defendant had received written notice that plaintiffs had

- 1 -

abandoned their claims against non-diverse defendants at least 55 days prior to defendant filing and serving their Notice of Removal; (2) Defendant waived their right to remove by failing to promptly notify the court and plaintiffs' counsel of their intent to remove prior to commencement of trial; and (3) Defendant Pneumo Abex erroneously represented that non-consenting defendants A.W. Chesterton Company, Crown, Cork & Seal, and Parker-Hannifin Corporation had not been served when in fact they had been and failed to obtain their consent to remove, as required by *28 U.S.C. Section 1441(a); Doe v. Kerwood,* 969 F.2d 165, 16 (5th Cir. 1992); *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232-1233 (9th Cir. 1986).

## II.   STATEMENT OF FACTS

### A.   PLAINTIFFS' JANUARY 20, 2012, SETTLEMENT CONFERENCE STATEMENT.

On October 14, 2011, Judge Lee, issued a Case Management Order, which among other things, required the counsel for the parties to attend a Mandatory Settlement Conference (MSC) in Department 31 of the Alameda County Superior Court, pursuant to *California Rule of Court 3.1380.* Judge Lee ordered the parties to file Settlement Conference Statements in compliance with *California Rule of Court 3.1380(c).* (*See* Case Management Order, page 2, attached as **Exhibit D** to the Worsey Decl.)

*California Rule of Court 3.1380(c)(4)* required the parties, in advance of the MSC, to serve on each party a Mandatory Settlement Conference Statement containing "[a] statement identifying and discussing in detail all facts and law pertinent to the issues of liability and damages involved in the case as to that party." To comply with *Rule 3.1380,* plaintiffs' counsel drafted a Settlement Conference Statement which identified the remaining active defendants and setting forth the basis of liability against them. The remaining active defendants were limited to:

Bridgestone Americas Tire Operations LLC
Pneumo Abex, LLC
Honeywell International, Inc.
Carlisle Corporation,
Borg Warner Corporation
Kelsey Hayes Company
Eaton Corporation,

- 2 -

Thyssenkrupp Budd Company
Cummins, Inc.

(*See* Plaintiffs' Settlement Conference Statement, attached as **Exhibit E** to the Worsey Decl.)
All of the remaining active defendants identified in plaintiffs' Settlement Conference Statement
are incorporated in States outside of California, and none have their principal place of business in
California. (*See* the Worsey Decl., and **Exhibits F** through **M** attached thereto.)  On January 20,
2012, plaintiffs served their Settlement Conference Statement on counsel for all parties,
including Abex, Honeywell and Carlisle by mail and fax. (*See* Plaintiffs' Settlement Conference
Statement attached as **Exhibit E** to the Worsey Decl.)

**B.      THE JANUARY 27, 2012, MANDATORY SETTLEMENT CONFERENCE.**

On January 27, 2012, attorney Sean P. Worsey attended the Mandatory Settlement
Conference on behalf of the plaintiffs.  The conference was held in Department 31 of the
Alameda County Superior Court with the Honorable Evelio M. Grillo presiding.  At the outset of
the conference both Plaintiffs' counsel and counsel for the remaining active defendants gathered
together with Judge Grillo in chambers. (*See* the Worsey Decl. at paragraph 25.)

Judge Grillo asked counsel for each of the parties to identify themselves and their clients.
In addition to plaintiffs' counsel, counsel for defendants Abex, Honeywell, Carlisle, Budd Co.
(aka Thyssenkrupp Budd), Borg-Warner, Eaton Corporation, Kelsey-Hayes Company and
Cummins, Inc. each stated their presence.  Counsel also appeared on behalf of four other
defendants not included in plaintiffs' Settlement Conference Statement, including Twin Disc,
ArvinMeritor, Indian Head and Vellumoid. (*See* the Worsey Decl. at paragraphs 26-28, *see* also
Mandatory Settlement Conference Sign in Sheet, attached as **Exhibit O** to the Worsey Decl.)

Counsel for plaintiffs informed Judge Grillo and counsel for the remaining defendants
that plaintiffs had settled with Bridgestone that afternoon and that Bridgestone's counsel would
therefore not be participating.  Judge Grillo asked plaintiffs' counsel in the presence of counsel
for the remaining defendants, if he was expecting any other defendants to appear.  In response,
plaintiffs' counsel stated before Judge Grillo and before all counsel present including counsel for

- 3 -

Abex, Honeywell and Carlisle that he believed that all of the remaining active defendants were present and that plaintiffs had resolved with and/or would be dismissing any other remaining defendants. (*See* the Worsey Decl. at paragraphs 29-31.)

No counsel for any California based defendant, including defendant Allied Packing & Supply, Inc. were referenced in plaintiffs' Mandatory Settlement Conference Statement or appeared at the Mandatory Settlement Conference. As for the four defendants whose counsel appeared on their behalf, despite not being referenced in plaintiffs' January 20, 2012, Settlement Conference Statement, including Twin Disc, Inc., Indian Head Industries, Inc., Vellumoid, Inc. and ArvinMeritor none of those defendants are incorporated in or have their principal places of business in California. (*See* the Worsey Decl. at paragraphs 32 and 35, and **Exhibits P, Q** and **R** to the Worsey Decl.)

Based on the aforementioned facts, defendants Abex, Honeywell, and Carlisle clearly had notice, including written notice, that plaintiffs had abandoned their claims against Allied Packing & Supply, Inc., at least 55 days prior to filing and serving their Notice of Removal. Defendant's removal is therefore untimely, and this case should be remanded to the state court immediately.

## C.   DEFENDANT'S FAILURE TO PROMPTLY NOTIFY PLAINTIFFS COUNSEL AND THE COURT OF THEIR INTENT TO REMOVE PRIOR TO COMMENCEMENT OF THE TRIAL.

Plaintiff Moyer Hazelwood is 68 years old.  Mr. Hazelwood was diagnosed with malignant mesothelioma, an in incurable and terminal form of cancer in June of 2011, as the result of his exposure to asbestos. (*See* the Declaration of George R. Simon, M.D., hereinafter the "Simon Decl.," attached as Exhibit A to the Worsey Decl., *see also* Report of Barry Horn, M.D., and Report of Samuel Hammar, M.D., attached as Exhibit W and Exhibit X, respectively, to the Worsey Decl.). As of the date of filing this Motion Mr. Hazelwood is still alive. *(See* the Worsey Decl., paragraph 53.)  On July 18, 2011, Mr. Hazelwood and his wife, co-plaintiff Sue Hazelwood, filed this action against various manufacturers and sellers of asbestos-containing products. (*See* the Worsey Decl. at paragraph 4.)  On September 16, 2011, plaintiff filed and

served a Motion for Preference, under *California Code of Civil Procedure Section 36(d)*. Plaintiffs' motion was supported by the declaration of plaintiffs' treating oncologist Dr. George Simon, who opined that Mr. Hazelwood's condition raised a substantial doubt of his survival beyond six months. (*See* the Simon Decl. attached as Exhibit A to the Worsey Decl.) Plaintiffs' Motion for Preference was heard on October 14, 2011. While Judge Lee denied the Motion for Preference, she nonetheless, granted a relatively early trial date of March 12, 2012, based on the severity of plaintiff's diagnosis and the fact that he had already experienced life threatening pulmonary embolisms as a result of his mesothelioma. (*See* the Order Denying Motion for Preference, attached as Exhibit B to the Worsey Decl.) Defendant Abex's own medical expert, David Weill, M.D., testified that the median survival for persons diagnosed with mesothelioma is 12-14 months from date of diagnosis, and that Mr. Hazelwood would almost certainly die from the disease. (*See* the Deposition of David Weill, M.D., 5:9-11; 50:23-51:9, attached as Exhibit C to the Worsey Decl.)

Defendant's Notice of Removal implies incorrectly that defendant only became aware that this case was removable when Allied Packing & Supply, Inc. filed a dismissal on March 9, 2012. (*See* paragraph 12 of defendant's Notice of Removal). Defendant's Notice of Removal also falsely states that "the state court trial judge, with Plaintiffs collaboration prepared Juror Questionnaire that identifie[d] as the only defendants Pneumo Abex, Carlisle and Honeywell." (*See* paragraph 10 of defendant's Notice of Removal; *See* also the Worsey Decl. at paragraphs 42-44.) Counsel for Abex knows that the aforementioned statements are false.

The Juror Questionnaire that was provided to 150 prospective Alameda County jurors on March 14 and March 15, 2012, was *not* the product of collaboration between the trial judge and plaintiffs' counsel. Rather, the Juror Questionnaire was the product of negotiations between plaintiffs' counsel and counsel for Abex, Carlisle and Honeywell. In fact, on March 6, 2012, Grace Clark the legal secretary for plaintiffs' counsel e-mailed counsel for Abex, Carlisle and Honeywell a PDF copy of Plaintiffs' Proposed Juror Questionnaire. (*See* the March 6, 2012,

PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR
SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

email from Grace Clark and Plaintiffs' Proposed Juror Questionnaire, attached as **Exhibit T** to the Worsey Decl.)  A simple reading of page 16 of Plaintiffs' Proposed Juror Questionnaire reveals that only Abex, Carlisle, Honeywell and Borg-Warner were identified as defendants. Borg-Warner, a Delaware Corporation headquartered in Ithaca, New York, had actually settled at that point, and was included on the questionnaire only by mistake.  (*See* **Exhibit H** to the Worsey Decl.)  On March 8, 2012, counsel for defendant Carlisle Corporation emailed its own Proposed Joint Juror Questionnaire to counsel for plaintiffs, Honeywell and Carlisle.  (*See* the Email from Don Willenburg and Carlisle's Proposed Joint Juror Questionnaire, attached as **Exhibit U** to the Worsey Decl.)  Page 12 of Carlisle's Proposed Joint Juror Questionnaire served by email on March 8th identified only Abex, Honeywell and Carlisle as defendants.

On the same day that Carlisle circulated its Proposed Juror Questionnaire, Sean Worsey, counsel for plaintiffs and counsel for Abex, Carlisle and Honeywell met telephonically to discuss the Juror Questionnaire and other pre-trial issues.  Counsel for plaintiffs and defendants largely adopted the Juror Questionnaire proposed by defendant Carlisle.  (*See* the Worsey Decl. at paragraph 49.)  On March 9, 2012, a Pre-Trial Conference was held before Judge Lee.  No counsel for any defendants other than Abex, Carlisle and Honeywell appeared at that pre-trial conference.  (*See* the Worsey Decl. at paragraph 50.)

Moreover, commencing on March 5, 2012, and continuing on March 7th, 9th, 12th and 13th counsel for plaintiffs and counsel for Abex, Carlisle and Honeywell began participating in a multi-day further settlement conference process with Judge Grillo.  The only defendant other than Abex, Carlisle and Honeywell to participate in these settlement negotiations was Cummins, Inc., who appeared at the March 5th and March 7th settlement conferences before resolving with plaintiffs.  No other defendants, and certainly no California based defendant, appeared at or participated at these further settlement conferences.  (*See* the Declaration of Laurel L. Simes in Support of Plaintiffs' Motion for Remand, and Exhibit A thereto, where were filed and served concurrently herewith).  In the days leading up to the March 12, 2012, trial date, it is clear from

the facts presented above, that counsel for defendants Abex, Carlisle and Honeywell understood that they were the only defendants that plaintiffs were pursuing at trial.

**D.   DEFENDANT ERRONEOUSLY REPRESENTED THAT THE THREE SERVED DEFENDANTS HAD NOT BEEN SERVED.**

Defendant's Notice of Removal erroneously asserts that "according to the records of the state action" certain defendants in this action, including A.W. Chesterton Company, Crown Cork & Seal, and Parker-Hannifin Corporation, were named but never served. Defendant contends that since these remaining defendants were never served, their consent is not required.

Defendant's assertion in this regard is incorrect and misleading. Defendants A.W. Chesterton, Crown Cork & Seal and Parker-Hannifin Corporation were in fact served in this matter, and have yet to be dismissed. If the removing defendant had actually looked at the records of the state court action which are available online, they would have discovered that on September 7, 2011, plaintiffs filed a declaration attaching proofs of service, demonstrating that each of these defendants was in fact served. The declaration and attached proofs of service can even be printed out directly from the Courts' website. (*See* the Worsey Decl. at paragraph 40, *see also* Declaration of Sean P. Worsey Attaching Proofs of Service of Complaint, attached as **Exhibit S** to the Worsey Decl.) Accordingly, defendant failed to obtain the remaining defendants' consent before filing and serving their Notice of Removal and incorrectly stated that no consent was needed.

**E.   PLAINTIFFS' REQUEST FOR THEIR MOTION TO REMAND TO CALIFORNIA SUPERIOR COURT; IN THE ALTERNATIVE MOTION FOR SUGGESTION OF MOTION TO REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA TO BE HEARD ON SHORTENED TIME**

While the case was still pending in the Northern District of California, counsel for defendant Abex entered into a written stipulation to have plaintiffs' Motion for Remand heard on shortened time. The stipulation was based on the exigency that Mr. Hazelwood was suffering from a terminal disease. (*See* Stipulation for Order Shortening Time attached as Exhibit V to the Worsey Decl.) After the matter was transferred to MDL-875, plaintiffs' motion was denied

without prejudice pursuant to Administrative Order No. 11, and plaintiffs asked defendant to renew the stipulation so that this court might hear plaintiffs' Motion for Remand on shortened time. But counsel for Abex refused without explanation. (*See,* Worsey Decl. at paragraph 52.)

### III.   LEGAL ARGUMENT

**A.   THE REMOVAL STATUTE SHOULD BE STRICTLY CONSTRUED AGAINST REMOVAL JURISDICTION.**

Courts have consistently construed the removal statute against removal jurisdiction. *See Gaus v. Miles, Inc.,* 980 F2d 564, 566 (9th Cir. 1992). Indeed, according to *Gaus,* "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Moreover the burden of establishing federal jurisdiction falls squarely on the party seeking removal. *See Lockyer v. Dynegy, Inc., et. al.,* 375 F.3d 831, 838 (9th Cir. 2003).

**B.   PLAINTIFFS MOTION FOR REMAND IS TIMELY.**

"A motion to remand the case based on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *28 U.S.C. Section 1447(c).* Here, defendant Abex's Notice of Removal was filed and served on March 16, 2012. Plaintiffs' Motion for Remand is therefore timely served and filed under *Section 1447(c).*

**C.   DEFENDANT'S NOTICE OF REMOVAL WAS *NOT* TIMELY SERVED AND FILED, AND PLAINTIFFS ARE THEREFORE ENTITLED TO REMAND.**

A defendant must file notice of removal within 30 days from the point at which defendant had notice that the action was removable. *28 U.S.C. Section 1446(a) and (b).* Normally, this will be within 30 days after defendant receives the initial pleading. However, pursuant to *28 U.S.C. Section 1446 (b)(3)* "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Depending on the facts, formal dismissal of the non-diverse defendants is not requisite to removal. In *Harris v. Bankers Life,* 425 F. 3d 689 (9th Cir. 2005) the plaintiff filed suit in

Montana State Court against Bankers Life and Casualty Co. ("Bankers") and Banker's insurance agent, Brown. *Id. at 691.* The complaint identified Brown as a resident of Montana and Bankers as an Illinois Corporation. *Id.* The trial was set to begin in February of 2004. *Id.*

In late October 2003, Bankers filed a motion to continue the trial date based in part on the fact that plaintiff had not yet served or dismissed Brown. *Id.* In an October 21, 2003 letter, plaintiff's counsel expressed opposition to any effort to continue the trial date. *Id.* Based on that communication, defendant Bankers concluded that plaintiff had effectively abandoned his claims against Brown, since the then current deadlines in state court would not be achievable if plaintiff intended to pursue his claims against Brown. *Id.*

Bankers then wrote plaintiffs' counsel asking whether Harris intended to pursue service against Brown. *Id.* When Bankers did not receive any response, Bankers filed a notice of removal on November 3, 2003, claiming that the 30 day clock for removal under *28 U.S.C. Section 1446(b)* had begun to run on October 21, 2003. *Id. at 691-692.*

On these facts, the 9th Circuit in *Harris* held that the case became removable on October 21, 2003, the date that Bankers had received the letter wherein plaintiff's counsel expressed opposition to any continuance. *Id. at 696.* It was at that point, according to the court that the complete diversity between the remaining parties first became ascertainable. *Id.*

Other Federal Courts have also found that formal dismissal of non-diverse defendants is not pre-requisite to removability. In *Hessler v. Armstrong,* 684 F. Supp. 393 (Dist. Of De 1988) an asbestos related action was filed in Delaware State Court. All but two defendants Raymark and Metropolitan, which were both foreign corporations, had settled. *Id.* On March 8, 1988, Raymark and Metropolitan filed a petition of removal on grounds that diversity now existed. *Id.*

Plaintiffs filed a motion for remand claiming that defendants' removal petition was not timely under *28 U.S.C. Section 1446(b)* in that it was not filed and served within 30 days of defendant receiving notice from which it could be ascertained that the case had become removable. *Id.* In support of their motion for remand, Plaintiffs provided evidence in the form

of a letter, dated October 21, 1987, wherein counsel for the non-diverse defendants indicated that his clients had settled. *Id. at 394*. Plaintiffs also provided evidence that on October 22, 1987 there was a general asbestos scheduling conference in the state court, which was attended by attorneys for various defendants including Raymark and Metropolitan and that attorney for the plaintiffs stated that the non-removing defendants had settled. *Id.*

On these facts the District Court in *Hessler* found that the removing defendants "had received adequate notice, both by letters and by statements made in Superior Court, to determine in October 1987 and further in December 1987, that the requisites for removability were present." *Id. at 395*. The *Hessler* Court further held that "in cases involving settlement with non-diverse defendants, formal dismissal is not a prerequisite for removability. *See Lesher v. Andreozzi, 647 F. Supp. 920, 921*" [other citations omitted]. *Id.* at 395. "If follows that formal dismissal is not required to provide adequate notice under 1446(b)." *Id.*

Here, defendants received plaintiffs' Settlement Conference Statement on January 20, 2012, a full 55 days before defendants filed their Notice of Removal. Plaintiffs were required by *California Rule of Court 3.1380(c)(4)* to include therein, "[a] statement identifying and discussing in detail all facts and law pertinent to the issues of liability and damages involved in the case as to [each] party." Plaintiffs' Settlement Conference Statement made no reference to Allied Packing & Supply, Inc., or any other non-diverse California based defendant.

Moreover, at the January 27, 2012, Mandatory Settlement Conference, which counsel for all remaining defendants were required to attend, neither counsel for Allied Packing & Supply, Inc., nor any other California based defendant appeared. In fact, when asked by the Judge presiding over the settlement conference whether counsel for any other defendants were expected, plaintiffs' counsel answered in the negative and informed the Judge and the other attorneys present, including counsel for Abex, Honeywell and Carlisle, that all other defendants had either resolved or would be dismissed.

///

If anything, plaintiffs' January 20, 2012, Settlement Conference Statement and the subsequent statements made by plaintiffs' counsel at the January 27, 2012, Mandatory Settlement Conference, provided counsel for Abex, Honeywell and Carlisle with even more unequivocal notice that the case had at that point become removable, than did the October 21, letter sent by plaintiff's counsel in *Harris* merely opposing continuance of the case.

The removing defendants here, waited 55 days from receipt of plaintiffs' January 20, 2012, Settlement Conference Statement, and 49 days from the Mandatory Settlement Conference before filing their Notice of Removal after the trial of the matter had already commenced. Defendant's Notice of Removal was therefore untimely, and this case should be remanded to the state court

## D. DEFENDANT FAILED TO OBTAIN CONSENT FROM ALL REMAINING DEFENDANTS SERVED IN THIS MATTER.

With the exception of nominal parties, all defendants must join in a removal petition. *Hewitt v. City of Stanton,* 798 F. 2d 1230, 1232 (9th Cir. 1986). Most federal courts have limited this rule to defendants who were actually served with the Complaint. *Gossmeyer v. McDonald et. al.,* 128 F.3d 481, 489 (7th Cir. 1997).

"To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *See Farias v. Bexar County Board of Trustees,* 925 F.2d 866, 871(5th Cir. 1991) *(quoting B., Inc. v. Miller Brewing Co.,* 663 F. 2d 545, 549 (5th Cir. 1981).

Here it is apparent that the removing defendant did not even all attempt to obtain the consent of A.W. Chesterton, Crown Cork & Seal and/or Parker-Hannifin Corporation to the removal. Instead, defendant incorrectly represented that these defendants had never been served rendering their consent unnecessary. Contrary to defendant's representations, these defendants were served, and it remains defendant's burden to demonstrate why the consent of these defendants is unnecessary.

- 11 -

**E.    DEFENDANT HAS WAIVED THE RIGHT TO REMOVE THE ACTION TO FEDERAL COURT.**

"It is well established that a defendant can make such affirmative use of the processes of a state court as to constitute waiver or estoppel of any right to remove to federal court." *See California Republican Party v. Michael Mercier*, 652 F. Supp. 928 (C.D. CA 1986).  By failing to promptly notify the plaintiff and the trial judge in state court of its intent to remove, for example, a defendant may waive its right to remove.  This is especially true shortly before, at, or during the trial.

> Where an action becomes removable shortly before, at, or during the trial the defendant must take prompt steps to remove the case, if his right to remove is to be preserved; and, unless he does so, proceeding to or continuing with the trial constitutes a waiver of the right of removal, even though the thirty day period may not have elapsed (Moore's Federal Practice 0.157, at 154-55. (2d ed. 1983.)

*Waldron v. Skelly Oil Co.*, 101 F. Supp. 425 (E.D. Mo. 1951) applies the general requirement that intention to remove be voiced immediately when removal becomes available as a case proceeds to trial.  There, plaintiff's attorney dismissed all non-diverse defendants in his opening statement.  At that point the remaining (diverse) defendant was held to have waived its right to remove because its attorneys did not interrupt the statement to ask for a recess so they could prepare a removal petition, but instead waited until plaintiff's opening statement was concluded. *Id. at 428.*

In *Chicago Title & Trust Co. v. Whitney Stores, Inc.*, 583 F. Supp. 575 (N.D. IL 1984) summons was served on defendant on March 23rd, and the case was set for trial April 6th.  At that point the defendant exercised its right to ask for a jury trial, and it then proceeded to get plaintiffs' agreement to continue the trial until April 23rd. *Id. at 576.*  Thereafter, Whitney removed the case to Federal Court, divesting the state court of jurisdiction and preventing the trial from going forward. *Id.*  The Court found that the removing defendant breached the prompt notification requirement when it failed to notify the plaintiff or the trial court of its intention to seek removal. *Id. at 577.*  Defendant's right to remove was waived because defendant "had indeed elected to proceed in state court by obtaining an agreed continuance of its trial without

- 12 -

stating its intent to trigger removal in the interim." *Id at 576.*

In this case, as set forth in detail above, the removing defendant had notice that plaintiffs abandoned their claims against any non-diverse California based defendants some 55 days prior to filing their Notice of Removal. Even if plaintiffs had not provided such notice by way of their January 20, 2012, Settlement Conference Statement and during the January 27, 2012, Mandatory Settlement Conference, the facts here still demonstrate that Abex and the consenting defendants knew that the action had become removable well before the March 12, 2012, trial date. These three defendants (Abex, Honeywell and Carlisle) were the only remaining defendants present and participating each day of the five additional days of settlement conferences by Judge Grillo. This is underscored by the sign-in sheets, minute orders, and Judge Grillo's question as to the remaining defendants in the action during each session. (*See* the Simes Decl.) It is also evidenced by the fact that plaintiffs' Proposed Juror Questionnaire, which was served via email on removing defendants on March 6, 2012, identified only Abex, Carlisle, Honeywell and Borg-Warner as defendants in the action. Carlisle's Proposed Juror Questionnaire, served on counsel for plaintiffs, Abex, and Carlisle on March 8, 2012, provides further evidence, as it only identifies Abex, Honeywell and Carlisle as defendants. Indeed, it is telling that no other defendants were included on any of the emails being circulated in the week leading up to the March 12, 2012, trial date.

Abex asks this Court to believe that it was first placed on notice that that the case was removable on March 9, 2012, when the last non-diverse California based defendant filed its dismissal with the Court and/or when the final Juror Questionnaire was being distributed to 150 prospective jurors over two days on March 14th and 15th. Yet the removing defendant gave no indication that it intended to remove the case prior to March 16, 2012, when it unexpectedly and without warning filed and served its Notice of Removal. If defendant were sincere in its claim that it only learned that the case became removable on March 9, 2012, (a claim contradicted by the facts) defendant could have and should have immediately notified the plaintiffs and the trial

- 13 -

judge that they intended to file and serve a Notice of Removal. At a minimum defendant could have done this before the Court called the first panel of prospective jurors on Wednesday, March 14, 2012. Instead, the removing and consenting defendants proceeded with the jury selection process over two consecutive days, blowing through 150 prospective Alameda County Jurors before unexpectedly and without warning filing and serving their Notice of Removal late in the afternoon on Friday March 16, 2012.

Abex's conduct, including its continued participation the jury selection process at a time when it claims to have been fully aware that the case was removable, and its delay in filing the Notice of Removal under those circumstances, was far more egregious than the conduct of the defendants in *Waldron* or *Whitney*. Under these facts, the Court should find that Abex and the consenting defendants, by failing to promptly notify the plaintiffs and the Court of their intent to remove, consented to the jurisdiction of the state court, and waived their right to remove this matter to federal court.

**F.  IN THE ALTERNATIVE PLAINTIFFS HEREBY MOVE FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA.**

While plaintiffs believe that this case should be remanded to the Superior Court of California based on defendants untimely and improper removal, plaintiffs move in the alternative and pursuant to Administrative Order 18 for suggestion of remand to Hon. Judge Claudia Wilken, District Judge for the Northern District of California, located in Courtroom 2, 1301 Clay Street, Oakland, CA 94612. Plaintiffs' motion is supported by the Declaration of Sean Worsey (*See* Worsey Decl. paragraphs 67 through 69.)

After, defendants filed and served their Notice of Remand on March 16, 2012, this matter of assigned to U.S. Magistrate Judge Maria Elena James of the Northern District of California. Defendant Pneumo Abex, LLC filed a Declination to proceed before a Magistrate Judge on March 21, 2012. Thereafter, on March 27, 2012, the case was reassigned to U.S. District Judge Susan Illston. Two days later on March 29, 2012, plaintiffs filed and served their initial Motion for Remand in the Northern District of California. (*See* Worsey Decl. paragraph 70.)

- 14 -

On March 30, 2012, Judge Illston recused herself from the matter, and the case was reassigned to U.S. District Judge Claudia Wilken. On the same day, defendant Pneumo Abex LLC served a Notice of Entry of Order transferring the case to MDL-875 in the Eastern District of PA. (*See* Worsey Decl. paragraphs 71.)

Plaintiffs note that the Judicial Panel on Multidistrict Litigation did email plaintiffs' counsel Sean Worsey the Conditional Transfer Order on March 22, 2012, they served only Mr. Worsey and his Partner William Levin, who was not playing an active day to day role in the case at that time. As Mr. Worsey was accustomed to his legal secretary and case assistant being cc'd on all email service in the state court action and in connection with activity in the Northern District he inadvertently overlooked the email notice from the Judicial Panel, and thereby failed to file a timely objection and opposition to transfer within the 7 day time frame. (See Worsey Decl. paragraph 72.)

*28 U.S.C. Section 1407(a)* contemplates transfer to an MDL such as MDL-875 for "coordinated or consolidated pre-trial proceedings." This case, involving a living, but, terminally ill plaintiff, was in trial at the time that defendant filed its Notice of Removal from the Superior Court of California. Lay and expert discovery had closed on March 9, 2012, prior to commencement of trial.

By the March 9, 2012, discovery cutoff, virtually all discovery had, in fact been completed. The only exceptions were the deposition of three of defendants' expert witnesses, and the deposition of a purported lay witness disclosed by defendants on the last day of discovery. To accommodate the schedules of defendants' experts, plaintiffs' counsel had agreed to take the depositions of the three experts after the discovery cutoff date. As for the late disclosed lay witness, plaintiffs objected to his deposition taking place after the close of discovery, but after the trial judge indicated her willingness to allow the deposition to go forward, the parties mutually agreed the deposition would take place on March 19, 2012. No other discovery needs to be conducted in this matter, and plaintiffs are ready for trial. Therefore,

- 15 -

even the Court were to deny plaintiffs Motion for Remand to the state court, plaintiffs alternative Motion for Suggestion of Remand to the Northern District of California, should be granted so that plaintiffs case may be immediately set for trial.

## IV. CONCLUSION

This is a case that involves a dying plaintiff whose case had commenced trial in the State Court. The facts demonstrate that defendant Abex's petition for removal was procedurally defective and improper. Defendant was clearly placed on notice that plaintiffs had abandoned their claims against the only non-diverse California defendant 55 days prior to the date that defendant filed and served its Notice of Removal. Defendant's removal was thereby untimely under *28 U.S.C. Section 1446(b)*, which requires the Notice of Removal to be filed within 30 days. In addition, defendant Abex waived its right to remove this matter to the federal court by failing to immediately notify plaintiffs' counsel and the trial court of its intent to remove prior to commencement of trial and prior to commencement of jury selection. Finally, defendant failed to obtain the written consent of all served defendants remaining in the case, as required by law, rendering their removal petition procedurally defective. For all of the aforementioned reasons, the Court should immediately remand this matter to the State Court of California, County of Alameda to begin trial immediately with the Honorable Jo-Lynne Q. Lee.

In the alternative, should the court not be inclined to remand this matter back to the state court, this matter was in trial at the time of removal from state court, and remains ready for trial. Therefore, plaintiffs Motion for Suggestion of Remand should be granted, so that this matter may be remanded to the Northern District of California as soon as possible before the Honorable Claudia Wilken.

Dated: April 9, 2012                                        **LEVIN SIMES LLP**


                                                            */s/ Laurel L. Simes*
                                                            Laurel L. Simes
                                                            Attorneys for Plaintiffs

- 16 -

PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR
SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

# EXHIBIT C

WILLIAM A. LEVIN, ESQ. (SBN 98592)
LAUREL L. SIMES, ESQ. (SBN 134637)
SEAN P. WORSEY, ESQ. (SBN 215807)
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone:    (415) 426-3000
Facsimile:    (415) 426-3001
wlevin@levinsimes.com
llsimes@levinsimes.com
sworsey@levinsimes.com

JEFFREY A. KAISER, ESQ. (SBN 160594)
**KAISER GORNICK LLP**
100 First Street, 25th Floor
San Francisco, CA 94105
Telephone:    (415) 857-7400
Facsimile:    (415) 857-7499
jkaiser@kaisergornick.com

Attorneys for Plaintiffs
MOYER HAZELWOOD and SUE HAZELWOOD

RECEIVED

APR 10 2012

BY HAND DELIVERY
BRYDON HUGO & PARKER

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### PHILADELPHIA DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL NO. 875 |
| **THIS DOCUMENT RELATES TO:** MOYER HAZELWOOD and SUE HAZELWOOD, Plaintiffs, vs. A.W. CHESTERTON COMPANY, et al., Defendants | EDPA Case No. 2:12-cv-60129 CAND Case No. 4:12-01313 CA Sup. Ct. Case No. RG 11 585967 **DECLARATION OF SEAN P. WORSEY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA** The Honorable Judge Eduardo C. Robreno Room 11614 Philadelphia, Pennsylvania Trial Date (Alameda Superior Court): In Trial |

- 1 -

I, Sean P. Worsey, do hereby declare that the following is true and correct:

1.      I am an attorney at law, licensed and duly admitted to practice before all of the courts of the State of California and am a partner of LEVIN SIMES LLP, one of the attorneys of record for Plaintiffs in the above-captioned matter. I have knowledge of the matters stated herein and if called as a witness, could competently testify thereto.

2.      Plaintiff Moyer Hazelwood is 68 years old. Mr. Hazelwood was diagnosed with malignant mesothelioma, an invariably terminal cancer in June 2011.

3.      Attached hereto as **Exhibit A** is a true and correct copy of the Declaration of George R. Simon, M.D., executed on September 8, 2011.

4.      On July 18, 2011, Mr. Hazelwood and his wife, co-plaintiff Sue Hazelwood, filed this action against various manufacturers and sellers of asbestos-containing products.

5.      Attached hereto as **Exhibit B** is a true and correct copy of the order of Hon. Jo-Lynne Q. Lee, Judge of the Alameda Superior Court dated October 14, 2011, denying plaintiffs Motion for Preference, but nonetheless granting plaintiffs the relatively early trial date of March 12, 2012, based on the age and health of the plaintiff.

6.      Attached hereto as **Exhibit C** is a true and correct copy of portions of the deposition transcript of defendant Pneumo Abex LLC's medical expert David Weill, M.D., which was taken on March 5, 2012.

7.      Attached hereto as **Exhibit D** is a true and correct copy of the Case Management Order issued by the Hon. Jo-Lynne Q. Lee on October 14, 2012.

8.      Attached hereto as **Exhibit E** is a true and correct copy of Plaintiffs' Settlement Conference Statement, filed and served on all defendants on January 20, 2012.

9.      I am informed and believe, based on my review of Exhibits F, G and M hereto that defendant Bridgestone Tire Operations LLC, is incorporated in Delaware, and has no business offices in California.

///

DEC OF SEAN P. WORSEY ISO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE
ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

10.    Attached hereto as **Exhibit F** is a true and correct copy of portions of defendant Bridgestone Americas Tire Operations, LLC's Responses to Plaintiffs First Set of Special Interrogatories.

11.    Attached hereto as **Exhibit G** is a true and correct copy of a page from the Delaware Secretary of State's website pertaining to Bridgestone America's Tire Operations LLC.

12.    I am informed and believe, based on my review of Exhibits H and M hereto that defendant Borg-Warner Corporation no longer exists, but that its legal successor Borg Warner Morse TEC, Inc. is a Delaware corporation with its principal place of business in Ithaca, New York.

13.    Attached hereto as **Exhibit H** is a true and correct copy of portions of defendant Borg-Warner Corporation's Fourth Amended Supplemental Responses to Plaintiffs Standard Interrogatories to Friction Defendants General Order No. 129.

14.    I am informed and believe, based on my review of Exhibit I and M hereto, that defendant Cummins, Inc. is an Indiana Corporation with its principal place of business located in Columbus, Indiana.

15.    Attached hereto as **Exhibit I** is a true and correct copy of portions of defendant Cummins, Inc.'s Amended Responses to Plaintiffs Standard Interrogatories (General Order 129).

16.    I am informed and believe, based on my review of Exhibit J and M hereto that defendant Crane Co. is a Delaware Corporation, with its headquarters and principal place of business located in Stamford, Connecticut.

17.    Attached hereto as **Exhibit J** is a true and correct copy of portions of defendant Crane Co.'s Responses to Plaintiffs First Set of Interrogatories, In Re: Complex Asbestos Litigation.

18.    I am informed and believe, based on my review of Exhibit K and M hereto, that defendant Eaton Corporation is an Ohio Corporation, with its principal place of business located in Cleveland, Ohio.

19.     Attached hereto as **Exhibit K** is a true and correct copy of portions of defendant Eaton Corporation's Responses to General Order 129 Standard Asbestos Friction Interrogatories.

20.     I am informed and believe, based on my review of Exhibit L and M hereto that defendant Kelsey Hayes Company is a Delaware corporation with its principal place of business located in Livonia, Michigan.

21.     Attached hereto as **Exhibit L** is a true and correct copy of portions of defendant Kelsey-Hayes Company's Answers to Plaintiffs' Standard Interrogatories.

22.     I personally searched the California Secretary of State's website to determine whether any of the active remaining defendants identified in plaintiffs' January 20, 2012, Settlement Conference Statement were registered as domestic corporations or LLC's, and based on that search can state on information and belief that none of those entities is a California corporation or LLC.

23.     Attached hereto as **Exhibit M** are true and correct copies of print outs from the California Secretary of State Website demonstrating that none of the active remaining defendants identified in plaintiffs' January 20, 2012, Settlement Conference Statement are California Corporations or LLC's.

24.     On January 27, 2012, I personally attended the first Mandatory Settlement Conference in this matter. The conference was held in Department 31 of the Alameda County Superior Court before the Honorable Evelio M. Grillo.

25.     At the outset of the January 27, 2012, Mandatory Settlement Conference both myself and counsel for the remaining active defendants gathered in Judge Grillo's chambers. All of the statements set forth in paragraphs 26-32 below, occurred in the presence of Judge Grillo and counsel for the defendants who appeared at the hearing.

26.     Judge Grillo asked counsel for the parties to identify themselves and their clients.

27.     In addition to myself, counsel for defendants Abex, Honeywell, Carlisle, Budd Co. (aka Thyssenkrupp Budd), Borg-Warner Corporation, Eaton Corporation, Kelsey-Hayes and

- 4 -

Cummins, Inc. identified themselves as present.

28.     Counsel also stated their appearance on behalf of four defendants not included in plaintiffs Settlement Conference Statement, including counsel for defendant Twin Disc, Inc., ArvinMeritor, Indian Head Industries, Inc., and Vellumoid, Inc.

29.     I informed Judge Grillo and all other counsel that plaintiffs had resolved with Bridgestone before the conference began, and that Bridgestone's counsel would therefore not be participating.

30.     After introductions, Judge Grillo asked me in the presence of all of the defense counsel who had stated their appearances, if we were expecting counsel for any other defendants to appear.

31.     In response, I stated before Judge Grillo and all counsel present including counsel for Abex, Honeywell and Carlisle that I believed that all of the remaining active defendants were present, and that plaintiffs had either resolved with or would be dismissing any other defendants not present.

32.     No counsel for any California based defendant, including defendant Allied Packing & Supply, Inc. appeared at the Mandatory Settlement Conference, and in fact I had already agreed to dismiss Allied Packing & Supply, Inc. by the time of the settlement conference.

33.     Attached hereto as **Exhibit N** is a true and correct copy of the Minutes of the January 27, 2012, Mandatory Settlement Conference.

34.     Attached hereto as **Exhibit O** is a true and correct copy of the sign in sheet that all counsel were asked to sign immediately prior to commencement of the January 27, 2012, Mandatory Settlement Conference.

35.     As for the four defendants whose counsel appeared on their behalf despite not being referenced in plaintiffs' January 20, 2012, Settlement Conference Statement, including Twin Disc, Inc., Indian Head Industries, Inc., Vellumoid, Inc. and ArvinMeritor, plaintiffs are

- 5 -

informed and believe based on their review of Exhibits P, Q and R that none of these defendants are incorporated in or have their principal places of business in California.

36. Attached hereto as **Exhibit P** is a true and correct copy of printouts from the California Secretary of State's website demonstrating that defendants Twin Disc, Inc., Indian Head Industries, Inc. and Vellumoid, Inc. are not incorporated in California.

37. Attached hereto as **Exhibit Q** is a true and correct copy of a page from Indian Head Industries, Inc.'s corporate website, that I personally retrieved, demonstrating that their head-quarters is in Charlotte, North Carolina.

38. Attached hereto as **Exhibit R** is a true and correct copy of defendant ArvinMeritor, Inc's Responses to Plaintiffs' Alameda General Order Interrogatories (Dieden Interrogatories) to Defendants demonstrating that ArvinMeritor is a Delaware corporation with its headquarters in Troy, Michigan.

39. Attached hereto as **Exhibit S** is a true and correct copy of the Declaration of Sean P. Worsey Attaching Proofs of Service of Complaint together with proofs of service of defendants A.W. Chesterton Company, Crown Cork & Seal and Parker-Hannifin Corporation.

40. The Declaration and proofs of service which have been attached hereto as **Exhibit S** were and are available and can even be printed out from the Alameda County Court's website where it is listed and contained in the Register of Actions.

41. As Exhibit S demonstrates, plaintiffs did in fact serve defendants A.W. Chesterton Co., Crown Cork & Seal, and Parker-Hannifin Corporation with the summons and complaint in this matter. To date, these defendants, none of which are California based, have yet to be dismissed.

42. Attached hereto as **Exhibit T** is a true and correct copy of the March 6, 2012, email from my legal secretary Grace Clark to myself and counsel for defendants Abex, Carlisle and Honeywell, together with a true and correct copy of plaintiffs' Proposed Juror Questionnaire which was served as an attachment to that e-mail.

DEC OF SEAN P. WORSEY ISO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

43.     Attached hereto as **Exhibit U** is a true and correct copy of the March 8, 2012, email from Don Willenburg, counsel for Carlisle to myself and counsel for Honeywell and Abex, together with a true and correct copy of Carlisle's Proposed Joint Juror Questionnaire which was served as an attachment to that e-mail.

44.     As Exhibit T and U above make clear, the Juror Questionnaire in this matter was not the product of collaboration between plaintiffs' counsel and the trial judge.

45.     Plaintiffs' submitted a Proposed Juror Questionnaire to counsel for Abex, Honeywell and Carlisle *via* email on March 6, 2012, which has been attached here as Exhibit T. Plaintiffs' Proposed Juror Questionnaire, which was prepared under my supervision identified only diverse, non-California based entities as the defendants, including Abex, Honeywell, Carlisle and Borg-Warner.

46.     Borg-Warner Corporation, was inadvertently included in plaintiffs' March 6, 2012, Proposed Juror Questionnaire, as Borg-Warner Corporation had already resolved with plaintiffs.

47.     On the morning of March 8, 2012, counsel for Carlisle e-mailed Carlisle's own Proposed Joint Juror Questionnaire to myself and counsel for Abex and Honeywell. Carlisle's Proposed Joint Juror Questionnaire identified only Abex, Honeywell and Carlisle as defendants in the action.

48.     Also, on March 8, 2012, after Carlisle circulated its Proposed Joint Juror Questionnaire to myself, and counsel for Abex and Honeywell via email, I participated in a teleconference with Counsel for Abex, Carlisle and Honeywell to discuss the Juror Questionnaire and other pre-trial matter.

49.     Other than myself, and counsel for Abex, Carlisle and Honeywell, no other counsel for any other defendant participated in the March 8, 2012, teleconference.

50.     On the afternoon of March 9, 2012, a pre-trial conference was held before Judge Lee. The only attorneys to appear at that pre-trial conference were myself and my partner Laurel

- 7 -

Simes, on behalf of plaintiffs, and counsel for Abex, Carlisle and Honeywell.

51.     On March 16, 2012, defendant Abex filed and served its Notice of Removal. Two other defendants, Honeywell and Carlisle provided written consent to the removal. As of March 16, 2012, the trial of this matter had already commenced before the Honorable Jo-Lynne Q. Lee in the Alameda County Superior Court. One hundred and fifty citizens and residents of Alameda County had been called in for jury service, filled out lengthy questionnaires, and by Thursday March 15, 2012, the hardship process had been completed. *Voir dire* was expected to be completed on Tuesday March 20, 2012, and the parties were told that their opening statements would be given on March 21, 2012. Prior to serving their Notice of Removal neither Abex, nor the two consenting defendants had offered any indication that they were planning on removing the case.

52.     Defendant Pneumo Abex stipulated on March 29, 2012, with plaintiffs to have their motion to remand this case back to State Court heard on shortened time. The Honorable U.S. District Court Judge Claudia Wilken entered the stipulation as an Order on April 3, 2012. Attached hereto as **Exhibit V** is a true and correct copy of the Order allowing Plaintiffs to have their motion for remand to be heard on shortened time. After the matter was transferred to MDL-875, plaintiffs' motion was denied without prejudice pursuant to Administrative Order No. 11, and plaintiffs have asked defendant to renew the stipulation so that this court might hear plaintiffs' Motion for Remand on shortened time. But counsel for Abex refused without explanation.

53.     As of the date of this Declaration plaintiff Moyer Hazelwood is still alive.

54.     The viable defendants in this case, as defined by Administrative Order No. 18, include Pneumo Abex LLC, ("Abex") Honeywell International, Inc., ("Honeywell"), Carlisle Corporation ("Carlisle"), A.W. Chesterton Company, Crown Cork & Seal, Parker Hannifin Co., CBS Corporation, Ingersol-Rand Co., and Union Carbide Corp.

///

- 8 -

DEC OF SEAN P. WORSEY ISO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE
ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

55.     The diagnosing reports and opinions that plaintiffs rely upon in compliance with Administrative Order No. 12, are attached here to as **Exhibits W** and **X**.

56.     Attached hereto as **Exhibit W** is a true and correct copy of the report prepared by plaintiffs expert pulmonologist Barry Horn, M.D.

57.     Attached hereto as **Exhibit X** is a true and correct copy of the report prepared by plaintiffs expert Samuel Hammer, M.D.

58.     Because discovery in this matter was closed, and the trial had commenced at the time this matter was removed from the State Court, the parties have not prepared or submitted a Rule 26(f) report to the Court.

59.     Pursuant to the Case Manage Order issued by the state court trial judge in this matter (attached hereto as **Exhibit D**) all discovery in this matter closed on March 9, 2012.

60.     A limited amount of discovery remained to be completed, either by agreement of the parties, or by order of the state court judge after the March 9, 2012 discovery cutoff.

61.     To accommodate the schedules of defendants' experts, plaintiffs' counsel, as a professional courtesy, agreed to take certain of defendants' experts' depositions after the March 9th discovery cutoff date. As of March 16, 2012, the date defendant Pneumo Abex LLC filed its notice of removal, three of defendants experts had been scheduled to for deposition on March 19th and March 23rd. In light of the removal, these depositions did not go forward as scheduled.

62.     In addition, at a pre-trial conference before the state court trial judge held on the March 9th, discovery cutoff date, counsel for Carlisle Corporation informed counsel for plaintiffs and Judge Lee that defendant's had located a previously undisclosed witness that they wished to depose.   Plaintiffs' counsel objected to the late disclosed witness being deposed after the discovery cutoff, but the state court judge indicated her willingness to let the deposition go forward.  Thereafter counsel for plaintiffs and counsel for Carlisle mutually agreed to take the deposition of the late disclosed witness on March 19, 2012 in Richmond VA.  In light of the March 16, 2012 removal, this deposition did not go forward as scheduled.

- 9 -

63.     Aside from the aforementioned depositions, all discovery in this matter had been completed by the March 9, 2012, discovery cutoff date.

64.     As of the date of this declaration the still viable defendants, as defined by Administrative Order No. 18.

65.     The parties had their first Mandatory Settlement Conference on January 27, 2012, before the Hon. Evelio M. Grillo, Judge of the Alameda Superior Court.

66.     Further settlement conferences were held with Judge Grillo on March 5, 7, 9, 12 and 13.  Unfortunately by the last couple of settlement conferences it was clear to plaintiffs' counsel, at least as to defendants Pneumo Abex LLC and Carlisle Corporation, that further settlement conferences would not be fruitful.

67.     Aside from hearing certain motions *in limine*, which the state court trial judge had scheduled to hear on March 19, 2012, there were and are no outstanding motions in this case.

68.     Should the case be remanded, plaintiffs and their counsel are prepared for trial without delay.

69.     On April 6, 2012, my secretary, Grace Clark, called the clerk of transferor court, U.S. Magistrate Judge Claudia Wilken of the Northern District of California, to discuss the status of congestion in that court.  Based on the substance of that conversation, as relayed to me, I am informed and believe that the transferor court is prepared to set this matter for immediate trial should it be remanded.

70.     After, defendants filed and served their Notice of Remand on March 16, 2012, this matter of assigned to U.S. Magistrate Judge Maria Elena James of the Northern District of California.  Defendant Pneumo Abex, LLC filed a Declination to proceed before a Magistrate Judge on March 21, 2012.  Thereafter, on March 27, 2012, the case was reassigned to U.S. District Judge Susan Illston.  Two days later on March 29, 2012, plaintiffs filed and served their initial Motion for Remand in the Northern District of California.

///

DEC OF SEAN P. WORSEY ISO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE
ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

71.     On March 30, 2012, Judge Illston recused herself from the matter, and the case was reassigned to U.S. District Judge Claudia Wilken.  On the same day, defendant Pneumo Abex LLC served a Notice of Entry of Order transferring the case to MDL-875 in the Eastern District of Pennsylvania.

72.     The Judicial Panel on Multidistrict Litigation served, via email, only myself and my partner, William A. Levin, who was not playing an active day to day role in the case at that time the Conditional Transfer Order ("CTO") on March 22, 2012.  As I was accustomed to my legal secretary and case assistant being cc'd on all email service in the state court action and in connection with activity in the Northern District, I inadvertently overlooked the email notice from the Judicial Panel.  I did not realize that I had been served with the CTO until our office received notice that the matter had been transferred to MDL-875 and thereby inadvertently failed to file a timely objection and opposition to transfer within the 7 day time frame.

73.     I am informed and believe that this motion for remand, or in the alternative, motion for suggestion of remand, will be served on all counsel.  Please see the certificate of service, filed concurrently with plaintiffs' moving papers.

I declare under penalty of perjury that the foregoing going is true and correct.  Executed on this _9_ day of April, 2012, at San Francisco, California.


_____
Sean P. Worsey

- 11 -

DEC OF SEAN P. WORSEY ISO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE
ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA