CASREF, ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:12-cv-03611-ALC-MHD

Coach v. Armstrong International Inc. et al            Date Filed: 05/07/2012
Assigned to: Judge Andrew L. Carter, Jr              Jury Demand: None
Referred to: Magistrate Judge Michael H. Dolinger    Nature of Suit: 368 P.I. : Asbestos
Case in other court: State Court- Supreme, 190103-12  Jurisdiction: Federal Question
Cause: 28:1442 Notice of Removal

**Plaintiff**

**Patricia Coach**

V.

**Defendant**

**Armstrong International Inc.**
*Including CBS Corporation, f/k/a*
*Viacom, Inc. successor by merger to*
*CBS Corporation, f/k/a Westinhouse*
*Electric Corp.*

**Defendant**

**General Electric Company**          represented by  **Michael Alan Tanenbaum**
                                                       Sedgwick LLP (CA)
                                                       One Market Plaza, Steuart Tower, 8th
                                                       Floor
                                                       San Francisco, CA 94105
                                                       973 242 0002
                                                       Fax: 973 242 8099
                                                       Email:
                                                       michael.tanenbaum@sedgwicklaw.com
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**CBS Corporation**                   represented by  **Michael Alan Tanenbaum**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Borg Warner Morse Tec Inc.**
*f/k/a Borg-Warner Corporation*

**Defendant**

**Buffalo Pumps, Inc.**

**Defendant**

**BW/IP, Inc.**

**Defendant**

**Carrier Corporation**

**Defendant**

**Clark Reliance Corporation**

**Defendant**

**Crane, Co.**

**Defendant**

**Crown Cork & Seal**

**Defendant**

**Elliot Turbomachinery Company**

**Defendant**

**Flowserve Corporation**

**Defendant**

**FMC Corp.,**

**Defendant**

**Ford Motor Company**

**Defendant**

**Genuine Parts Company**

**Defendant**

**Georgia Pacific, LLC**                    represented by **Diane M. Pompei**
                                            Sedgwick LLP (CA)
                                            One Market Plaza, Steuart Tower, 8th
                                            Floor
                                            San Francisco, CA 94105
                                            973 242 0002
                                            Fax: 973 242 8099
                                            Email: pompei@lawlynch.com
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc.**

**Defendant**

**ICON Management Services LLC**

**Defendant**

**IMO Industries Inc.**

**Defendant**

**Ingersoll-Rand Company**                    represented by **Lisa M. Pascarella**
                                                              Braaten & Pascarella
                                                              2430 Route 34
                                                              Manasquan, NJ 08736
                                                              (732) 528-8888
                                                              Fax: (732) 528-4445
                                                              Email: th@pehli.com
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane, Inc.**

**Defendant**

**NAtional Automotive Parts
Association**

**Defendant**

**United Technologies Corporation**          represented by **John Anthony Tartaglia**
                                                              Renzulli Law Firm, LLP
                                                              81 Main Street
                                                              Suite 508
                                                              White Plains, NY 10601
                                                              (914) 285-0700
                                                              Fax: (914) 285-1213
                                                              Email: jtartaglia@renzullilaw.com
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Warren Pumps, Inc.**

**Defendant**

**Weir-Valves & Controls USA, Inc.**

**Defendant**

**Yarway Corporation**

**Defendant**

**Foster Wheeler Energy Cororation**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/07/2012 | 1 | NOTICE OF REMOVAL from Supreme Court, County of New York. Case |

| | | |
|---|---|---|
| | | Number: 190103-12. (Filing Fee $ 350.00, Receipt Number 465401037423).Document filed by General Electric Company, CBS Corporation.(rdz) (Additional attachment(s) added on 5/9/2012: # 1 Notice of Removal to Adverse party, # 2 Notice of Removal Supreme Court) (ama). (Additional attachment(s) added on 5/9/2012: # 3 Ex. A, # 4 Ex. B, # 5 Ex. C, # 6 Ex. D, # 7 Ex. E-F) (ama). (Additional attachment(s) added on 5/9/2012: # 8 Ex. G, # 9 Ex. H, # 10 Ex. I, # 11 Ex. J, # 12 Ex. K, # 13 Ex. L, # 14 Ex. M, # 15 Ex. N) (ama). (Entered: 05/09/2012) |
| 05/07/2012 | | Magistrate Judge Michael H. Dolinger is so designated. (rdz) (Entered: 05/09/2012) |
| 05/07/2012 | | Case Designated ECF. (rdz) (Entered: 05/09/2012) |
| 05/09/2012 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Michael Alan Tanenbaum for noncompliance with Section 14.3 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Notice of Removal to: caseopenings@nysd.uscourts.gov. (rdz) (Entered: 05/09/2012) |
| 05/09/2012 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - PDF ERROR. Note to Attorney Michael Alan Tanenbaum to RE-FILE Document 1 Notice of Removal,,. (Please re-send exhibits G-K; L-N; Exceeds the size limit of 4.0 MG) (ama) (Entered: 05/09/2012) |
| 05/09/2012 | 2 | NOTICE OF APPEARANCE by John Anthony Tartaglia on behalf of United Technologies Corporation (Tartaglia, John) (Entered: 05/09/2012) |
| 05/09/2012 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by United Technologies Corporation.(Tartaglia, John) (Entered: 05/09/2012) |
| 05/09/2012 | 4 | NOTICE OF APPEARANCE by Diane M. Pompei on behalf of Georgia Pacific, LLC (Pompei, Diane) (Entered: 05/09/2012) |
| 05/10/2012 | 5 | NOTICE OF APPEARANCE by Lisa M. Pascarella on behalf of Ingersoll-Rand Company (Pascarella, Lisa) (Entered: 05/10/2012) |
| 05/15/2012 | 6 | NOTICE OF CASE REASSIGNMENT to Judge Andrew L. Carter, Jr. Judge John G. Koeltl is no longer assigned to the case. (pgu) (Entered: 05/15/2012) |
| 05/15/2012 | 7 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Referred to Magistrate Judge Michael H. Dolinger. (Signed by Judge Andrew L. Carter, Jr on 5/15/2012) (djc) (Entered: 05/15/2012) |
| 05/16/2012 | 8 | NOTICE of Joinder in CBS Corporation and General Electric Company's Notice of Removal re: 1 Notice of Removal,,. Document filed by Foster Wheeler Energy Croration. (Attachments: # 1 Exhibit Ex A First Amended Summons & Complaint, # 2 Exhibit Ex B Interrogatories, # 3 Exhibit Ex C Corley (AL), # 4 Exhibit Ex D Fellows Order, # 5 Exhibit Ex E Curry Decision - Joinder, # 6 Exhibit Ex F Salamante Order Joinder, # 7 Exhibit Ex G Kirks Opinion - Joinder, # 8 Exhibit Ex H Allen Order -Joinder, # 9 Exhibit Ex I Wright Order - |

| | | Joinder, # 10 Exhibit Ex J Marley Order - Joinder, # 11 Exhibit Ex K Shroppe March 10 2006, # 12 Exhibit Ex L Lehman July 12 2007 FW, # 13 Disclosure for FW, # 14 Certification of Service with Joinder)(Tanenbaum, Michael) (Entered: 05/16/2012) |
| 05/16/2012 | 9 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT.. Document filed by Foster Wheeler Energy Cororation.(Tanenbaum, Michael) (Entered: 05/16/2012) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/16/2012 16:05:41 | | |
| **PACER Login:** | jp0001 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-03611-ALC-MHD |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---------------------------------------------------------------

In Re: NEW YORK CITY
ASBESTOS LITIGATION

---------------------------------------------------------------

*This Document Applies to:*

PATRICIA COACH,                                     ASBESTOS MATTER

                  Plaintiff,      Index No: 190103/2012
    *-against-.*                                Date filed: 02/24/12

                                  NYCAL

ARMSTRONG INTERNATIONAL, INC.
BORG WARNER MORSE TEC INC. f/k/a BORG-      **FIRST AMENDED SUMMONS**
    WARNER CORPORATION;
BUFFALO PUMPS, INC.;                                Plaintiff designates: New York
BW/IP, INC. (INDIVIDUALLY AND AS            County as the place of trial
    SUCCESSOR-IN-INTEREST TO BYRON
    JACKSON PUMP DIVISION);                     The basis of venue is Defendants'
CARRIER CORPORATION;                             Place of Business
CBS CORPORATION, f/k/a VIACOM, INC., merger
    to CBS CORPORATION, f/k/a WESTINGHOUSE
    ELECTRIC CORP;
CLARK RELIANCE CORPORATION;
**CLEAVER BROOKS f/k/a CLEAVER BROOKS,**
    **INC., A Division of Aqua-Chem, Inc.;**
CRANE, CO.;
CROWN CORK & SEAL
ELLIOT TURBOMACHINERY COMPANY;
FLOWSERVE CORPORATION (A/K/A BW/IP, INC.
    AND AS SUCCESSOR-IN-INTEREST TO
    BYRON JACKSON PUMPS);
FMC CORP. (AS SUCCESSOR IN INTEREST TO
    NORTHERN PUMP COMPANY)
FORD MOTOR COMPANY;
**FOSTER WHEELER ENERGY CORPORATION;**
GENERAL ELECTRIC COMPANY;
GENUINE PARTS COMPANY;
GEORGIA PACIFIC, LLC F/K/A GEORGIA-
    PACIFIC CORPORATION;
HONEYWELL INTERNATIONAL INC., (F/K/A
    ALLIEDSIGNAL, INC., SUCCESSOR-IN-
    INTEREST TO THE BENDIX CORPORATION);
ICON MANAGEMENT SERVICES LLC

(INDIVIDUALLY AND AS SUCCESSOR IN
 INTEREST TO JERGUSON VALVE AND
 GAUGE COMPANY)
IMO INDUSTRIES INC. (SUED INDIVIDUALLY
 AND AS SUCCESSOR IN INTEREST TO ADEL
 CLAMPS);
INGERSOLL-RAND COMPANY;
JOHN CRANE, INC.;
NATIONAL AUTOMOTIVE PARTS ASSOCIATION;
UNITED TECHNOLOGIES CORPORATION (A/K/A
 PRATT & WHITNEY)
UNION CARBIDE CORPORATION;
WARREN PUMPS, LLC;
WEIR-VALVES & CONTROLS USA, INC., (D/B/A
 ATWOOD & MORRILL CO.)
YARWAY CORPORATION

**Defendants.**

--------------------------------------------------------------------X

To the above named Defendants(s):

 **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's attorney within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Dated:  New York, New York
May 7, 2012        **NAPOLI BERN RIPKA SHKOLNIK &**
            **ASSOCIATES, LLP**
            *Attorneys for Plaintiff*

By:

Kardon A. Stolzman
350 FIFTH AVENUE, Suite 7413
New York, New York 10118
(212) 267-3700

DEFENDANTS RIDER:

1.  ARMSTRONG INTERNATIONAL, INC.

    ARMSTRONG INTERNATIONAL INC.
    C/O: DAVID DYKSTRA
    900 MAPLE STREET
    THREE RIVERS, MI 49093

2.  BORG WARNER MORSE TEC INC.

    C/O C T CORPORATION SYSTEM
    111 EIGHTH AVENUE
    NEW YORK, NEW YORK, 10011

3.  BUFFALO PUMPS, INC.

    THE CORPORATION TRUST COMPANY
    CORPORATION TRUST CENTER
    1209 ORANGE STREET
    WILMINGTON, DE 19801

4.  BW/IP, INC.

    THE CORPORATION TRUST COMPANY
    CORPORATION TRUST CENTER
    1209 ORANGE STREET
    WILMINGTON, DE 19801

5.  CARRIER CORPORATION

    C T CORPORATION SYSTEM
    111 EIGHTH AVENUE
    NEW YORK, NEW YORK, 10011

6.  CBS CORPORATION

    C/O CORPORATION SERVICE COMPANY
    80 STATE STREET
    ALBANY, NEW YORK, 12207-2543

7.  CLARK RELIANCE CORPORATION

    THE CORPORATION TRUST COMPANY
    CORPORATION TRUST CENTER

1209 ORANGE STREET
WILMINGTON, DE 19801

**8.   CLEAVER BROOKS**

**11950 WEST PARK PLACE**
**MILWAUKEE, WI 11270**

9.   CRANE CO.

CT CORPORATION SYSTEM
1633 BROADWAY
NEW YORK, NEW YORK, 10019

10. CROWN CORK & SEAL

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

11. ELLIOT TURBOMACHINERY CO., INC. C/O PRESIDENT OF ELLIOT COMPANY
901 NORTH FOURTH STREET
JEANETTE, PA 15644

12. FLOWSERVE CORPORATION (A/K/A BW/IP, INC. AND AS SUCCESSOR-IN-INTEREST TO BYRON JACKSON PUMPS)
C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

13. FMC CORP. (AS SUCCESSOR IN INTEREST TO NORTHERN PUMP COMPANY)
C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

14. FORD MOTOR COMPANY

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**15. FOSTER WHEELER ENERGY CORPORATION**

5

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

16. GENERAL ELECTRIC COMPANY

GENERAL ELECTRIC COMPANY
3135 EASTON TPKE
FAIRFIELD, CONNECTICUT, 06828

17. GENUINE PARTS COMPANY

GENUINE PARTS COMPANY
2999 CIRCLE 75 PARKWAY
ATLANTA, GEORGIA, 30339

18. GEORGIA PACIFIC CORPORATION

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

19. HONEYWELL INTERNATIONAL

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

20. ICON MANAGEMENT SERVICES, LLC (INDIVIDUALLY AND AS SUCCESSOR
IN INTEREST TO JERGUSON VALVE AND GAUGE COMPANY)

MS. MARY DRUMMOND
2711 CENTERVILLE ROAD
WILMINGTON, DE 19808

21. IMO INDUSTRIES INC. (SUED INDIVIDUALLY AND AS SUCCESSOR IN
INTEREST TO ADEL CLAMPS)

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543

22. INGERSOLL-RAND COMPANY

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

23. JOHN CRANE, INC.

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

24. NATIONAL AUTOMOTIVE PARTS ASSOCIATION

GENUINE PARTS COMPANY
2999 CIRCLE 75 PARKWAY
ATLANTA, GEORGIA, 30339

25. UNION CARBIDE CORPORATION

CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

26. UNITED TECHNOLOGIES CORPORATION (A/K/A PRATT & WHITNEY)

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

27. WARREN PUMPS, LLC
CSC-LAWYERS INCORPORATING SERVICE CO.
84 STATE STREET
BOSTON, MA 02109

28. WEIR-VALVES & CONTROLS USA, INC., (D/B/A ATWOOD & MORRILL CO.)

WEIR VALVES & CONTROLS USA INC.
29 OLD RIGHT ROAD
IPSWICH, MASSACHUSETTS, 01938

ATWOOD & MORRILL CO., INC.
CT CORPORATION SYSTEM
1633 BROADWAY
NEW YORK, NEW YORK, 10019

29. YARWAY CORPORATION

Case MDL No. 875   Document 8709-1   Filed 05/16/12   Page 13 of 38

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-------------------------------------------------------------------
In Re: NEW YORK CITY
ASBESTOS LITIGATION
-------------------------------------------------------------------
*This Document Applies to:*

PATRICIA COACH,                                    ASBESTOS MATTER

                         Plaintiff,                Index No: 190103/2012
            -against-.                             Date filed: 02/24/12

ARMSTRONG INTERNATIONAL, INC.                      NYCAL
BORG WARNER MORSE TEC INC. f/k/a BORG-
    WARNER CORPORATION;
BUFFALO PUMPS, INC.;                               **VERIFIED FIRST AMENDED**
BW/IP, INC. (INDIVIDUALLY AND AS                   **COMPLAINT FOR PERSONAL**
    SUCCESSOR-IN-INTEREST TO BYRON                 **INJURIES**
    JACKSON PUMP DIVISION);
CARRIER CORPORATION;                               Plaintiff designates: New York
CBS CORPORATION, f/k/a VIACOM, INC., merger        County as the place of trial
    to CBS CORPORATION, f/k/a WESTINGHOUSE
    ELECTRIC CORP;                                 The basis of venue is Defendants'
CLARK RELIANCE CORPORATION;                        Place of Business
**CLEAVER BROOKS f/k/a CLEAVER BROOKS,**
    **INC., A Division of Aqua-Chem, Inc.;**
CRANE, CO.;
CROWN CORK & SEAL
ELLIOT TURBOMACHINERY COMPANY;
FLOWSERVE CORPORATION (A/K/A BW/IP, INC.
    AND AS SUCCESSOR-IN-INTEREST TO
    BYRON JACKSON PUMPS);
FMC CORP. (AS SUCCESSOR IN INTEREST TO
    NORTHERN PUMP COMPANY)
FORD MOTOR COMPANY;
**FOSTER WHEELER ENERGY CORPORATION;**
GENERAL ELECTRIC COMPANY;
GENUINE PARTS COMPANY;
GEORGIA PACIFIC, LLC F/K/A GEORGIA-
    PACIFIC CORPORATION;
HONEYWELL INTERNATIONAL INC., (F/K/A
    ALLIEDSIGNAL, INC., SUCCESSOR-IN-
    INTEREST TO THE BENDIX CORPORATION);
ICON MANAGEMENT SERVICES LLC
    (INDIVIDUALLY AND AS SUCCESSOR IN

INTEREST TO JERGUSON VALVE AND
GAUGE COMPANY)
IMO INDUSTRIES INC. (SUED INDIVIDUALLY
AND AS SUCCESSOR IN INTEREST TO ADEL
CLAMPS);
INGERSOLL-RAND COMPANY;
JOHN CRANE, INC.;
NATIONAL AUTOMOTIVE PARTS ASSOCIATION;
UNITED TECHNOLOGIES CORPORATION (A/K/A
PRATT & WHITNEY)
UNION CARBIDE CORPORATION;
WARREN PUMPS, LLC;
WEIR-VALVES & CONTROLS USA, INC., (D/B/A
ATWOOD & MORRILL CO.)
YARWAY CORPORATION

**Defendants.**

-------------------------------------------------------------------X

To the above named Defendants(s):


Plaintiff PATRICIA COACH, by her attorneys NAPOLI BERN RIPKA SHKOLNIK &

ASSOCIATES, LLP, upon information and belief, at all times hereinafter mentioned alleges as

follows:


1.   The term "Plaintiff" shall apply to PATRICIA COACH. Plaintiff currently resides in the

State of Connecticut.

2.     Plaintiff was at all times relevant to the Complaint, a resident of the state alleged

in the individual Complaint, specifically New York.

3.     Plaintiff's former husband, John Hollis, was at all times relevant to the

Complaint, a resident of the state alleged in the individual Complaint, specifically New York.

4.     The term "Defendants" shall apply to all named business and/or corporate entities

and/or such company's predecessors and/or successors in interest more fully described below.

5.     The Defendants named herein have done business in this State and/or have conducted and/or transacted business in this state, have committed one or more tortuous acts within this State and/or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of the Courts of this State.

6.     Defendant ARMSTRONG INTERNATIONAL, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

7.     Defendant ARMSTRONG INTERNATIONAL, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

8.     Defendant BORG WARNER MORSE TEC INC. f/k/a BORG WARNER CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

9.     Defendant BORG WARNER MORSE TEC INC. f/k/a BORG WARNER CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

10.     Defendant BUFFALO PUMPS, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

11.     Defendant BUFFALO PUMPS, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

12.     Defendant BW/IP INC. was and still is a duly organized domestic corporation doing business in the State of New York.

13.     Defendant BW/IP INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

14.     Defendant CARRIER CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

15.     Defendant CARRIER CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

16.     Defendant CBS CORPORATION, f/k/a Viacom, Inc., successor by merger to CBS Corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

17.     Defendant CBS CORPORATION, f/k/a Viacom, Inc., successor by merger to CBS Corporation f/k/a WESTINGHOUSE ELECTRIC CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have

18.     Defendant CLARK RELIANCE CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

19.     Defendant CLARK RELIANCE CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

**20.** **Defendant CLEAVER BROOKS was and still is a duly organized domestic corporation doing business in the State of New York.**

**21.** **Defendant CLEAVER BROOKS was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.**

22. Defendant CRANE COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

23. Defendant CRANE COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

24. Defendant CROWN CORK & SEAL USA, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

25. Defendant CROWN CORK & SEAL USA, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

26. Defendant ELLIOT TURBOMACHINERY COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

27. Defendant ELLIOT TURBOMACHINERY COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

28. Defendant FLOWSERVE CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

29.     Defendant FLOWSERVE CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

30.     Defendant FMC CORP. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

31.     Defendant FMC CORP. was and still is a duly organized domestic corporation doing business in the State of New York.

32.     Defendant FORD MOTOR COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

33.     Defendant FORD MOTOR COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

**34.     Defendant FOSTER WHEELER ENERGY CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.**

**35.     Defendant FOSTER WHEELER ENERGY CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.**

36.     Defendant GENERAL ELECTRIC COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

37.     Defendant GENERAL ELECTRIC COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

38.     Defendant GEORGIA PACIFIC CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

39.     Defendant GEORGIA PACIFIC CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

40.     Defendant GENUINE PARTS COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

41.     Defendant GENUINE PARTS COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

42.     Defendant ICON MANAGEMENT SERVICES, LLC was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

43.     Defendant ICON MANAGEMENT SERVICES, LLC was and still is a duly organized domestic corporation doing business in the State of New York.

44.     Defendant IMO INDUSTRIES INC. was and still is a duly organized domestic corporation doing business in the State of New York.

45.     Defendant IMO INDUSTRIES INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

7

46.     Defendant HONEYWELL INTERNATIONAL INC., f/k/a ALLIEDSIGNAL, INC., SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

47.     Defendant HONEYWELL INTERNATIONAL INC., f/k/a ALLIEDSIGNAL, INC., SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

48.     Defendant INGERSOLL-RAND COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

49.     Defendant INGERSOLL-RAND COMPANY, INC.was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

50.     Defendant JOHN CRANE, INC. f/k/a CRANE PACKING COMPANY was and still is a duly organized domestic corporation doing business in the State of New York.

51.     Defendant JOHN CRANE, INC. f/k/a CRANE PACKING COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

52.     Defendant KENTILE FLOORS was and still is a duly organized domestic corporation doing business in the State of New York.

53.     Defendant KENTILE FLOORS, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

8

54.     Defendant ICON MANAGEMENT SERVICES LLC was and still is a duly organized domestic corporation doing business in the State of New York.

55.     Defendant ICON MANAGEMENT SERVICES LLC was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

56.     Defendant NATIONAL AUTOMOTIVE PARTS ASSOCIATION Individually and as successor in interest to Peerless Heater Company was and still is a duly organized domestic corporation doing business in the State of New York.

57.     Defendant NATIONAL AUTOMOTIVE PARTS ASSOCIATION Individually and as successor in interest to Peerless Heater Company was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

58.     Defendant UNITED TECHNOLOGIES CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

59.     Defendant UNITED TECHNOLOGIES CORPORATION, was and still is a duly organized foreign corporation doing business in the State of New York and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

60.     Defendant UNION CARBIDE CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

61.     Defendant UNION CARBIDE CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

62.     Defendant WARREN PUMPS, LLC was and still is a duly organized domestic corporation doing business in the State of New York.

63.     Defendant WARREN PUMPS, LLC was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

64.     Defendant WEIR VALVES & CONTROLS USA, INC. was and still is a duly organized domestic corporation doing business in the State of New York.

65.     Defendant WEIR VALVES & CONTROLS USA, INC. was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

66.     Defendant YARWAY CORPORATION was and still is a duly organized domestic corporation doing business in the State of New York.

67.     Defendant YARWAY CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE

68.     Plaintiff repeats, reiterates and realleges each and every prior allegation contained herein above with the same force and effect as if hereinafter set forth at length.

69.     Plaintiff and Plaintiff's former husband continuously worked with and was exposed to the asbestos and asbestos-containing products and materials mined, manufactured, processed, imported, converted, compounded, installed, or sold by the Defendants. During the course of her employment, Plaintiff was exposed to the Defendants' asbestos and asbestos-containing materials to which exposure directly and proximately caused her to develop an asbestos related disease.

70.     Plaintiff and Plaintiff's former husband continuously worked with and was exposed to the asbestos and asbestos-containing products due to defective products, materials and/or masks as a result of negligent design. During the course of her employment and as a result thereof, Plaintiff was exposed to the Defendants' asbestos and asbestos-containing materials to which exposure directly and proximately caused her to develop an asbestos related disease.

71.     Upon information and belief, the Defendants mined, processed, manufactured, designed, fabricated, fashioned, packaged, distributed, sold and/or delivered various asbestos-containing products and materials and/or asbestos containing equipment to which Plaintiff was exposed during the period of time she was employed.

72.     At all times pertinent hereto the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course of and scope of their employment and in furtherance of the business of said Defendants.

73.     During the scope and course of Plaintiff's and Plaintiff's former husband's employment she was necessarily and unavoidably exposed to and did inhale and ingest dust and/or asbestos fibers emanating from the asbestos, asbestos-containing products and/or equipment and as a result of negligently designed, manufactured, fabricated, fashioned, distributed, sold, packaged materials and equipment including, but not limited to masks of the Defendants.

74.     As a proximate result of the exposure to the asbestos and asbestos containing products and/or equipment of these Defendants and the unavoidable and necessary inhalation of said asbestos dust and/or fibers, Plaintiff developed an asbestos-related disease.

75.     At all relevant times, the Defendants knew or should have known that the asbestos and asbestos-containing products and materials which they were providing were inherently

11

dangerous beyond the expectations of the ordinary user or handler who would come into contact with these products.

76.     The Defendants negligently failed to provide any or adequate and proper warnings as to the dangers of the use of said products and materials to those persons using, handling, or coming into contact therewith.

77.     The Defendants negligently failed to warn and failed to provide adequate instructions of any potentially safer handling methods, which should have been utilized by users, handlers, or other persons who were reasonably and foreseeably known to come into contact with the asbestos-containing products and/or equipment and materials.

78.     The Defendants negligently failed to investigate and/or test for the hazards of asbestos products and materials.

79.     To the extent that some Defendants may have inquired as to the hazards of said materials, the Defendants negligently failed to convey whatever knowledge of dangers, health hazards, or safety precautions they may have had to the users and consumers of their asbestos-containing products.

80.     The Defendants negligently failed to develop, make available and/or provide non-hazardous substitutes, which could have been used for the same purpose as their asbestos-containing products and/or equipment.

81.     The Defendants negligently failed to design asbestos-containing products and/or equipment in such a fashion as to prohibit or minimize the release of airborne, inhalable and ingestible asbestos dust and/or fibers.

82.     As a direct result of working with or near the asbestos materials supplied by the Defendants with the consequent unavoidable and necessary inhalation and ingestion of said asbestos

fibers, Plaintiff developed an asbestos related disease and as a result was rendered ill and disabled. Plaintiff suffered and endured great pain and mental anguish and suffered a loss of enjoyment of life throughout the remainder of her life.

83.     The asbestos related disease of the Plaintiff was proximately caused by the Defendants' negligent actions in that, *inter alia*, they negligently designed, processed, manufactured, packaged, distributed, delivered and/or installed the asbestos-containing products to which the Plaintiff was exposed, all of which evidenced a callous, reckless, wanton, oppressive, malicious, willful, depraved indifference to the health, safety and welfare of the rights of others and more particularly the rights of the Plaintiff, all of which Defendants had due and timely notice.

84.     Defendants negligently failed to render warnings, advise, give instructions and/or information to Plaintiff so that she could have made an adequate and informed judgment as to the use of said products and were otherwise negligent.

85.     The Defendants individually and as a group since the early 1900's have possessed medical and scientific data which clearly indicates that their asbestos-containing products are hazardous to health; and prompted by pecuniary motives, the Defendants individually and collectively ignored and failed to act upon said medical and scientific data and conspired to deprive the public and particularly the users including Plaintiff of said medical and scientific data and therefore deprived the public at large and the Plaintiff in particular, of the opportunity of free choice as to whether or not to expose herself to the asbestos and asbestos-containing products of said Defendants; and Defendants further willfully, intentionally and wantonly failed to warn Plaintiff of the serious bodily harm which would result from the inhalation of their asbestos fibers and the dust from their asbestos products.

86.     The Defendants' failure to use reasonable care under all the circumstances was the proximate cause of PLAINTIFF's asbestos-related disease.

87.     As a result of the foregoing Plaintiff was seriously injured and said serious injuries ultimately caused and led to her demise.

88.     By reason of the foregoing, said Plaintiff have been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST
ALL DEFENDANTS, EXCEPT FOR THOSE ASBESTOS
EXPOSURES WHICH ARE ALLEGED TO HAVE
OCCURRED ABOARD ANY MILITARY VESSEL
OR VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT
ANY GOVERNMENTAL FACILITY OR LOCATION:
BREACH OF IMPLIED AND EXPRESS WARRANTEES**

89.     Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if hereinafter set forth at length.

90.     The Defendants expressly and impliedly warranted that said asbestos and asbestos-containing materials were of good and merchantable quality and fit for intended use.

91.     The implied/express warranties made by the Defendants that their asbestos and asbestos-containing materials were of good and merchantable quality and fit for their particular use were breached in that certain harmful, poisonous and deleterious matter was given off into the atmosphere where Plaintiff carried out her duties working with and around asbestos and asbestos-containing materials.

92.     As a direct and/or proximate cause of the Defendants' breach of the implied/express warranties of good and merchantable quality and fitness for the particular use of

their products, Plaintiff developed an asbestos-related disease and was caused to endure great pain and suffering.

93.   Plaintiff was seriously injured and said injury caused and resulted in Plaintiff's demise.

94.   By reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($ 10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS EXCEPT NO CLAIMS ALLEGING A MANUFACTURE OR DESIGN DEFECT OTHER THAN FAILURE TO WARN ARE MADE FOR ANY ASBESTOS EXPOSURES, WHICH ARE ALLEGED TO HAVE OCCURRED ABOARD ANY MILITARY VESSEL OR VEHICLE ON OR AT ANY SHIPYARD OR ON OR AT ANY GOVERNMENTAL FACILITY OR LOCATION: FAILURE TO WARN**

95.   Plaintiff repeats, reiterates and realleges  each and every allegation contained in the prior paragraphs with the same force and effect as if hereinafter set forth at length.

96.   At all relevant times, Defendants, as part of their business, manufactured, designed, supplied, developed, fashioned, packaged, distributed, delivered, installed, sold and/or otherwise placed asbestos and asbestos products and/or equipment and materials into the stream of commerce in a defective, unsafe and inherently dangerous condition and the products and materials were expected to and did reach users, handlers and persons coming into contact with the said products and materials without substantial change in the condition in which they were sold.

97.    The asbestos-containing products and/or equipment sold by the Defendants did not contain a warning and/or information concerning the dangers to persons using, handling or coming into contact therewith.

98.    The asbestos-containing products and/or equipment sold by the Defendants did not contain adequate and/or correct warnings and instructions of safety precautions to be observed by users, handlers and persons who would reasonably and foreseeably come into contact with said products and/or equipment.

99.    That at all times herein, the products and/or equipment being used herein were being employed for the purposes and in the manner normally intended and the defects of the said products were not discoverable by the Plaintiff through exercise of reasonable care, nor were the dangers of said products perceivable on the part of the Plaintiff and the Plaintiff could not have otherwise averted her injury by the exercise of reasonable care.

100.    Said asbestos and asbestos-containing materials were defective and dangerous at the time they were sold as the products and/or equipment contained a latent defect and were harmful, poisonous and deleterious when introduced into the atmosphere where the Plaintiff carried on her work duties.

101.    The Defendants selling their asbestos and asbestos-containing materials in a defective and dangerous condition to the users thereof, such as the Plaintiff, are strictly liable to the Plaintiff for any illness resulting from said defective products.

102.    As a direct and proximate result of the sale by the Defendants to Plaintiff's employers and/or other contractors, of said defective and unreasonably dangerous products and/or equipment the Plaintiff sustained serious and permanent injuries and suffered a loss of enjoyment of her life.

103.     Plaintiff was seriously injured and her injuries were the proximate cause of and resulted in her demise.

104.     That by reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL OTHER DEFENDANTS EXCEPT NO CLAIMS ALLEGING A MANUFACTURE OR DESIGN DEFECT OTHER THAN FAILURE TO WARN ARE MADE FOR ASBESTOS EXPOSURES, WHICH ARE ALLEGED TO HAVE OCCURRED ABOARD ANY MILITARY VESSEL OR VEHICLE, ON OR AT ANY SHIPYARD OR ON OR AT ANY GOVERNMENTAL FACILITY OR LOCATION: FUNGIBLE PRODUCTS**

105.     Plaintiff repeats, reiterates and realleges  each and every allegation contained in prior paragraphs with the same force and effect as if hereinafter set forth at length.

106.     Defendants collectively and individually manufactured, designed, selected, assembled, inspected, tested, maintained for sale, marketed, distributed, installed, sold, supplied, delivered and promoted asbestos and asbestos-containing products which were generically similar and fungible in nature; and placed such products into the stream of interstate commerce.

107.     Through no fault of her own, Plaintiff may not have been able to identify all the asbestos-containing products or their manufacturers, marketers, sellers, distributors, or promoters due to the generic similarity and fungible nature of such products as produced by these Defendants.

108.     As a direct and proximate result of the Defendants' activities, Plaintiff was exposed to asbestos-containing products and sustained severe personal injuries and damages as described above.

109.    By reason of the foregoing, Defendants are jointly and severally liable to the Plaintiff for the injuries and damages sustained by her as described above by virtue of industry-wide or enterprise liability.

110.    In the alternative, Defendants herein are jointly and severally liable to Plaintiff as they represent a substantial share of the asbestos-containing product market within the area in which Plaintiff was employed.

111.    Defendants manufactured, designed, selected, assembled, marketed, distributed, sold, supplied, delivered and promoted asbestos-containing products of the kind and nature to which Plaintiff was exposed during the period of her employment.

112.    Independent of the above, Defendants are also jointly and severally liable to Plaintiff, as the limitations of liability articulated in CPLR 1601 do not apply to the Plaintiff's cause of action by operation of the exceptions set forth in CPLR 1602, which states that the limitations shall:

(a)    Not apply to any person held liable for causing claimant's injury by having acted with reckless disregard for the safety of others.

(b)    Not apply to any person held liable by reason of the applicability of article ten of the labor law.

(c)    Not apply to any person held liable in a product liability action where the manufacturer of the product is not a party to the action and the claimant establishes by a preponderance of the evidence that jurisdiction over the manufacturer could not with due diligence be obtained and that if the manufacturer were a party to the action, liability for claimant's injury would have been imposed upon said manufacturer by reason of the doctrine of strict liability, to the extent of the equitable share of such manufacturer.

(d)    Not apply to any parties found to have acted knowingly or intentionally and in concert, to cause the acts or failures upon which liability is based; provided, however, that nothing in this subdivision shall be construed to create, impair, alter, limit, modify, enlarge, abrogate, or restrict any theory of liability upon which said parties may be held liable to the claimant.

113.     Therefore defendants are jointly and severally liable to the Plaintiff for the Plaintiff's injuries, and damages sustained by the Plaintiff individually, which were directly and proximately caused by Plaintiff's exposure to asbestos-containing products and promoted by the defendants based on the several defendants' pro rata market share within the market described herein.

114.     As a result of her exposure to the Defendants' fungible asbestos and asbestos-containing products, Plaintiff was seriously injured.

115.     By reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS: UNSAFE WORKPLACE

116.     Plaintiff repeats, reiterates and realleges  each and every allegation contained in prior paragraphs with the same force and effect as if hereinafter set forth at length.

117.     Defendants, their subsidiaries, agents and/or servants were/are owners, possessors, lessors, lessees, operators, controllers, managers, supervisors, general contractors, subcontractors, architects, engineers or were otherwise responsible for the maintenance, control and/or safety at the premises on which Plaintiff was lawfully frequenting and exposed to asbestos.

118.     Defendants, their subsidiaries, agents and/or servants had a legal duty to maintain and keep those premises in a safe and proper condition.

119.     At all times relevant hereto, Plaintiff was lawfully frequenting the premises on which Plaintiff was exposed to asbestos.

120.     At all times relevant hereto, Plaintiff's presence on the premises on which Plaintiff was exposed to asbestos was known or knowable to the Defendants.

19

121.     Defendants, their subsidiaries, agents and/or servants negligently created, caused and/or permitted to exist, an unsafe, hazardous and/or dangerous condition to exist by specifying, using and/or permitting the presence of asbestos and/or asbestos containing products, equipment and/or fixtures at the premises where the Plaintiff was exposed to asbestos.

122.     Defendants, their subsidiaries, agents and/or servants negligently permitted a defective, hazardous and/or dangerous condition to remain uncorrected and/or unchanged at the premises at which the Plaintiff was present and as a result, Plaintiff was exposed to asbestos.

123.     Defendants, their subsidiaries, agents and/or servants knew, or should have known, of the existence of the unsafe, hazardous and/or dangerous condition and failed to correct this dangerous condition.

124.     Defendants, their subsidiaries, agents and/or servants knew or should have known of the existence of the unsafe, hazardous and/or dangerous condition and failed to warn the Plaintiff of the existence of the dangerous condition and/or provide the Plaintiff the means to protect herself from this dangerous condition.

125.     Defendants, their subsidiaries, agents and/or servants were negligent in that they violated the common law duty to maintain a safe work place for individuals, such as Plaintiff, who were working in, lawfully frequenting and exposed to asbestos on premises owned, maintained and/or controlled by them.

126.     Defendants, their subsidiaries, agents and/or servants violated New York Labor Law sections 200 *et seq*., including, but not limited to, sections 200 and 241(6) and the New York Industrial Code (12 N.Y.C.R.R. §§ 12 and 23) by their failure to provide a safe workplace, including, but not limited to, failing to make reasonable inspections to detect dangerous conditions and hidden defects and to warn of dangers of which they knew or should have known and by their

failure to provide reasonable and adequate protection for individuals, such as Plaintiff, who was

lawfully at a construction site owned, maintained and/or controlled by them. *Inter alia*:

I.    Defendants, their subsidiaries, agents and/or servants violated the New York State Industrial Code section 12, subsection 1.4, which states that:

    a)    All operations or processes, which produce air contaminants, shall be so conducted that the generation, release or dissemination of such contaminants is kept at the lowest practicable level in compliance with this Part (rule) using proper control or protective procedures and equipment.

        (1)    Every employer shall effect compliance with the provisions of this Part (rule) relating to the prevention and removal of air contaminants, the storage and use of flammable liquids and the provision, installation, operation and maintenance of control or protective equipment.

        (2)    Every employer shall instruct her employees as to the hazards of their work, the use of the control or protective equipment and their responsibility for complying with the provisions of this Part (rule).

        (3)    No employer shall suffer or permit an employee to work in a room in which there exist dangerous air contaminants in a work atmosphere.

        (4)    No employer shall suffer or permit dangerous air contaminants to accumulate or remain in any place or area subject to the provisions of this. Part (rule).

II.    Defendants, their subsidiaries, agents and/or servants violated New York State Industrial Code section 12, subsection 1.5, which states that:

    (a)    Personal respiratory protective equipment shall not be used in lieu of other control methods, except for protection of employees in emergencies and in the repair, maintenance or adjustment or equipment or processes, or upon specific approval by the board

III.    Defendants, their subsidiaries, agents and/or servants violated New York State Industrial Code section 12, subsection 1.6 (formerly section 12.9), which states that:

    (a)    One or more of the following methods shall be used to prevent, remove or control dangerous air contaminants:

        (1)    Substitution of a material or a method, which does not produce dangerous air contaminants.

        (2)    Local exhaust ventilation conforming to the requirements of Industrial Code Part (Rule No.) 18.

   (3)  Dilution ventilation.

   (4)  Application of water or other wetting agent.

   (5)  Enclosure or isolation

   (6)  Other methods approved by the board.

IV.  As evidence of Defendants', their subsidiaries', agents' and/or servants' violation of the abovementioned sections of the New York State Industrial Code, Defendants, their subsidiaries, agents and/or servants permitted asbestos dust concentrations above the 5mppcf threshold limit value specified in section 12, subsection 3.1, without providing the required reasonable and adequate protective measures, thereby rendering the premises unsafe.

V.  Defendants, their subsidiaries, agents and/or servants violated section 23-3.2(d) of the New York State Industrial Code, which states that:

  (d)  Provision shall be made at every demolition site to control the amount of airborne dust resulting from demolition operations by wetting the debris and other materials with appropriate spraying agents or by other means.

127. Defendants, their subsidiaries, agents and/or servants negligently designed the construction of the premises on which Plaintiff was lawfully frequenting and exposed to asbestos by specifying the use of asbestos containing products, equipment and/or fixtures at the premises.

128. Defendants, their subsidiaries, agents and/or servants negligently breached their contractual duty to the Plaintiff, third-party beneficiary, to provide for the health, welfare and/or safety of those individuals, such as Plaintiff's Plaintiff, lawfully frequenting the premises on which Plaintiff was exposed to asbestos.

129. Defendants, their subsidiaries, agents and/or servants, breached their warranty to provide for the health, welfare and/or safety of those individuals, such as Plaintiff, lawfully frequenting the premises on which Plaintiff was exposed to asbestos.

130. Defendants, their subsidiaries, agents and/or servants breached the duty imposed on possessors of land, contractors and subcontractors and codified in the Restatement of the Law,

22

Second, Torts, including, but not limited to, sections 343, 410, 411, 412, 413, 414, 414A, 416, 422, 424 and 427.

131.    Defendants' acts and/or omissions constitute willful misconduct and conscious disregard of the health of the public, including the Plaintiff.

132.    As a direct and proximate result of the Defendants' conduct, Plaintiff was exposed to asbestos and asbestos containing products and sustained serious injuries as described above.

133.    Plaintiff was seriously injured.

134.    By reason of the foregoing, Plaintiff has been damaged as against each Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

WHEREFORE, Plaintiff demands judgment against the defendants jointly and severally on each cause of action with interest together with costs and disbursements in this action.

Dated:  New York, New York

May 7, 2012                                    **NAPOLI BERN RIPKA SHKOLNIK &**
                                                        **ASSOCIATES, LLP**
                                                        *Attorneys for Plaintiff*

                                     By: _____
                                              Kardon A. Stolzman
                                              350 FIFTH AVENUE, Suite 7413
                                              New York, New York 10118
                                              (212) 267-3700

# VERIFICATION

STATE OF NEW YORK     )
                           ) ss:
COUNTY OF NEW YORK  )

          KARDON A. STOLZMAN, an attorney duly admitted to practice law in the Courts of this State, affirms the following under penalties of perjury:

          I am the attorney for the plaintiff in the above entitled-action.  I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof, and upon information and belief, affirmant believes after an inquiry reasonable under the circumstances the matters alleged herein to be true, and that the contentions herein are not frivolous, as that term is defined in Part 130.

          This verification is made by your affirmant because plaintiff is not presently in the county wherein your affirmant maintains an office.

          The source of affirmant's information and the grounds of her belief are communications, papers, reports and investigations contained in the file maintained by this office.

Dated: New York, New York
May 7, 2012

                        **NAPOLI BERN RIPKA SHKOLNIK &**
                        **ASSOCIATES, LLP**
                        *Attorneys for Plaintiff*

By:                             
                        Kardon A. Stolzman
                        350 FIFTH AVENUE, Suite 7413
                        New York, New York 10118
                        (212) 267-3700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
PATRICIA COACH

                         Plaintiff,                   Index No.: 190103/2012

    *-against-*.

ARMSTRONG INTERNATIONAL, INC., *et al.*;
                          Defendants.
-------------------------------------------------------------------X
=================================================================
### PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT
=================================================================
#### NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP
*Attorneys for*:  Plaintiff
350 Fifth Avenue, Suite 7413
New York, NY 10118
(631) 224-1133
=================================================================
The undersigned attorney hereby certifies, pursuant to 22 NYCRR 130-1.1-a that she/she has read the within papers and that same are not frivolous as that term is defined in 22 NYCRR 130-1.1(c).

                       KARDON A. STOLZMAN
=================================================================
Service of a copy of the within               is hereby admitted.
Dated,    _____

             ATTORNEY(S) FOR
=================================================================
PLEASE TAKE NOTICE:
    ☐ NOTICE OF ENTRY
        that the within is a (certified) true copy of an        duly entered in the    office of the clerk of the within named court on _____200__.
    ☐ NOTICE OF SETTLEMENT
        that an order   of which the within is a true copy will be presented for settlement to the HON.           one of the judges of the within named Court, at on         200___ at_____ O'clock ___.M.

Dated, _____

               Yours, etc.

               **NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP**