BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION<br><br>NO VI<br><br>This Document Relates To: | MDL No. 875 |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THIS DOCUMENT RELATES TO:**<br><br>MOYER HAZELWOOD and SUE HAZELWOOD,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants | Case No. 2:12-cv-60129<br><br>NDCA Case No. 4:12-cv-01313<br>Alameda County Superior Court<br>Case No. RG 11 585967<br><br>[Filed Concurrently with the Declaration of Sean P. Worsey In Support of Plaintiffs' Opposition] |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PNEUMO ABEX LLC SUCCESSOR IN INTEREST TO ABEX CORPORATION'S MOTION TO VACATE CONDITIONAL REMAND ORDER**

## I. INTRODUCTION

On April 26, 2012, the Honorable Eduardo Robreno, Judge of the Eastern District of Pennsylvania, issued his suggestion that this case be remanded to the Northern District of California. Thereafter, on April 30 2012, the Judicial Panel of Multi District Litigation issued a Conditional Remand Order. On May 7, 2012, defendant Pnuemo Abex LLC ("Abex") objected to the Conditional Remand Order, and on May 15, 2012, Abex filed its Motion to Vacate the Conditional Remand Order.

In its Motion to Vacate, defendant Abex erroneously argues that plaintiffs' Motion for Suggestion of Remand failed to comply with the requirements of the Eastern District of

Pennsylvania's Administrative Order No. 18. Defendant's Motion to Vacate the Conditional Remand Order should be denied on grounds that defendant Abex has failed to show any good cause as to why the Judicial Panel should not immediately remand this matter to the Northern District of California as requested by Judge Robreno.

## II.  STATEMENT OF FACTS

**A.  THIS MATTER WAS IN TRIAL AT THE TIME OF REMOVAL**

Plaintiff Moyer Hazelwood is 68 years old. Mr. Hazelwood was diagnosed with malignant mesothelioma, an in incurable and terminal form of cancer in June of 2011, as the result of his exposure to asbestos. (*See* the Declaration of George R. Simon, M.D., hereinafter the "Simon Decl.," attached as Exhibit A to the Declaration of Sean P. Worsey (hereinafter "Worsey Decl.").) As of the date of filing this Opposition Mr. Hazelwood is still alive. *(See* the Worsey Decl., paragraph 2.) On July 18, 2011, Mr. Hazelwood and his wife, co-plaintiff Sue Hazelwood, filed this action against various manufacturers and sellers of asbestos-containing products, including Pneumo Abex LLC. (*See* the Worsey Decl. at paragraph 3.) On September 16, 2011, plaintiffs filed and served a Motion for Preferential trial setting, under *California Code of Civil Procedure Section 36(d)*. Plaintiffs' motion was supported by the declaration of plaintiffs' treating oncologist Dr. George Simon, who opined that Mr. Hazelwood's condition raised a substantial doubt of his survival beyond six months. (*See* the Worsey Decl. at paragraph 4.) Plaintiffs' Motion for Preference was heard on October 14, 2011. While Judge Lee denied the Motion for Preference, she nonetheless, granted a relatively early trial date of March 12, 2012, based on the severity of plaintiff's diagnosis and the fact that he had already experienced life threatening pulmonary embolisms as a result of his mesothelioma. (*See* the Order Denying Plaintiffs' Motion for Preference, attached as Exhibit B to the Worsey Decl., and *see* the Worsey Decl., at paragraph 6.)

As of March 16, 2012, the date that Abex filed and served its Notice of Removal, the trial of this matter had already commenced before the Honorable Jo-Lynne Q. Lee in the California

Superior Court for Alameda County.  One hundred and fifty citizens and residents of Alameda County had been called in for jury service, filled out lengthy questionnaires and by Thursday, March 15, 2012, the hardship process had been completed.  *Voir dire* was expected to be completed on Tuesday, March 20, 2012, and the parties were told that their opening statements would be given on Wednesday, March 21, 2012.  (*See* the Worsey Decl. at paragraph 8.)

On March 30, 2012, defendant Abex served a Notice of Entry of Order transferring the case to MDL-875 in the Eastern District of Pennsylvania.  (*See* the Worsey Decl. paragraphs 9.)  Plaintiffs note that the Judicial Panel on Multidistrict Litigation did email plaintiffs' counsel Sean Worsey the Conditional Transfer Order on March 22, 2012.  Only Mr. Worsey and his Partner William Levin, who was not playing an active day to day role in the case at that time, were served the Conditional Transfer Order.  As Mr. Worsey was accustomed to his legal secretary and case assistant being cc'd on all email service in the state court action and in connection with activity in the Northern District of California he inadvertently overlooked the email notice from the Judicial Panel, and thereby did not file a timely objection and opposition to conditional transfer within the 7 day time frame.  (*See* the Worsey Decl. paragraph10.)  The Judicial Panel therefore transferred this matter to the Eastern District of Pennsylvania (MDL-875).

**B.   JUDGE ROBRENO'S ORDER SUGGESTING REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA**

On April 9, 2012, plaintiffs filed and served their Motion for Remand to the State Court or in the alternative Motion for Suggestion of Remand to the Northern District of California.  (*See* the Worsey Decl., paragraph 11.)  On April 24, 2012, Abex filed and served its Opposition to Plaintiffs' Motion for Remand and/or Suggestion of Remand.  (*See* the Worsey Decl. paragraph 12.)

On April 26, 2012, the Honorable Eduardo C. Robreno, Judge of the Eastern District of Pennsylvania (MDL-875), granted Plaintiffs' Motion for Suggestion of Remand to the Northern District of California.  (*See* the Worsey Decl., at paragraph 13.)  In his order, Judge Robreno

noted that *"[a]s the present case already had gone through pretrial proceedings in California state court, and was removed on the eve of trial, none of the goals and or purposes of MDL 875 would be served by having this Court step into the litigation at the eleventh hour."* (*See* Judge Robreno's Suggestion of Remand, page 2, fn 1, attached as Exhibit C, to the Worsey Decl.) Judge Robreno explicitly opted not to address Plaintiffs' Motion to Remand the action to the State Court, noting that "the Northern District of California has indicated this it is ready, willing and able to rule upon Plaintiff's pending motion on an expedited basis, and the Northern District could try the case or remand to the state court for trial." (*See* Judge Robreno's Suggestion of Remand, page 2, fn 1, attached as Exhibit C, to the Worsey Decl.)

Defendant Abex's Motion to Vacate has failed to demonstrate any good cause for rejecting Judge Robreno's Suggestion of Remand to the Northern District of California, and the Judicial Panel should deny Abex's Motion to Vacate, and immediately remand this action to the Honorable Claudia Wilken in the Northern District of California.

### III.     ARGUMENT

#### A.     PLAINTIFFS' MOTION FOR REMAND TO THE NORTER DISTRICT FULLY COMPLIED WITH ADMINISTRATIVE ORDER 18

Defendant's claim that Plaintiffs' Motion for Suggestion of Remand failed to comply with the Eastern District of Pennsylvania's Administrative Order No. 18 was impliedly rejected by Judge Robreno. Indeed, defendant's Opposition to Plaintiffs' Motion for Remand to the State Court and/or in the Alternative Motion for Suggestion of Remand to the Northern District of California that was filed with the Eastern District of Pennsylvania raised this very argument. (*See* Abex's Opposition to Plaintiffs' Motion to Remand to the State Court; or in the Alternative Motion for Suggestion of Remand to the Northern District of California, page 4, fn 1, attached as Exhibit D to the Worsey Decl.).

In addition, Defendant's claim is factually incorrect. Plaintiffs' Motion and the supporting Declaration of Sean Worsey, attached thereto, contained all of the information required by Administrative Order No. 18, 20120. (*See* Plaintiffs' Motion for Remand to the

State Court; or in the Alternative for Suggestion of Remand to the Northern District of California, attached as Exhibit E to the Worsey Decl., and *see also* the Declaration of Sean P. Worsey in Support of Plaintiffs Motion to Remand to the State Court; or in the Alternative Motion for Suggestion of Remand to the Northern District of California, paragraphs 53 through 69, attached as Exhibit F to the Worsey Decl.)

More specifically, defendant's claim that Plaintiffs' Motion for Suggestion of Remand did not comply with section 7(h) of Administrative Order No. 18 is patently false. When plaintiffs filed their Motion for Remand to the State Court; or in the Alternative for Suggestion of Remand to the Northern District of California there were, in fact, no motions pending in the Eastern District of Pennsylvania, or anywhere for that matter.

Judge Robreno of the Eastern District of Pennsylvania, explicitly opted not to address Plaintiffs' Motion for Remand to the State Court, and instead leave it for the Northern District of California to decide should not prevent this case from being transferred back to the Northern District of California. Indeed, since Judge Robreno decided not to address that issue, there is no motion pending in the Eastern District of Pennsylvania that would prevent transfer to the Northern District of California.

**B.    DEFENDANT ABEX HAS CITED NO AUTHORITY AND NO GOOD CAUSE TO SUPPORT ITS MOTION TO VACATE THE CONDITIONAL REMAND ORDER**

Defendant's Motion to Vacate the Conditional Remand Order, is premised solely on alleged, and indeed imaginary procedural deficiencies in Plaintiffs' Motion for Suggestion of Remand. Even if Plaintiffs' Motion for Suggestion of Remand had not complied precisely with the Eastern District of Pennsylvania's Administrative Order 18, defendant has cited no authority for the implied proposition that Judge Robreno was not acting completely within his discretion when he Suggested Remand of this case. Judge Robreno's Suggestion of Remand, was made, in his own words "upon review of the above captioned case under MDL-875 Administrative Order No. 18." (*See* Judge Robreno's Suggestion of Remand, attached as Exhibit C to the Worsey Decl.). Judge Robreno's decision to suggest remand was further and most importantly based on

- 5 -

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PNEUMO ABEX LLC'S MOTION TO VACATE CONDITIONAL REMAND ORDER

the fact that "the present case already had gone through the pretrial proceedings in California state court, and was removed on the eve of trial." (*See* Judge Robreno's Suggestion of Remand, page 2, fn 1, attached as Exhibit C to the Worsey Decl.)

There is simply no authority and no showing of good cause which would justify rejecting Judge Robreno's Suggestion of Remand, and returning this case to Eastern District of Pennsylvania MDL-875. Defendant Abex's real motives here are transparent. Abex has continually sought and continues to seek delay at every turn in hopes that plaintiff Mr. Hazelwood will die before he can have his well deserved day in court. The Judicial Panel should deny defendant's Motion to Vacate, and immediately remand this matter to the Northern District of California.

## IV.     CONCLUSION

Defendant Abex has failed to cite any authority and failed to demonstrate any good cause in support of its Motion to Vacate the Conditional Remand Order. Defendant's claim that Plaintiffs' Motion for Suggestion of Remand was procedurally defective is not only factually incorrect, but was impliedly rejected by the Eastern District of Pennsylvania when it issued an Order Suggesting Remand of this action to the Northern District of California. In light of these facts and in light of the urgency of this matter, the Judicial Panel should deny defendant's Motion to Vacate and immediately remand this action to the Honorable Claudia Wilson of the Northern District of California.

Dated:  May 21, 2012                                    */s/ Sean P. Worsey*
                                                                               William A. Levin, Esq.
                                                                               Laurel L. Simes, Esq.
                                                                               Sean P. Worsey, Esq.
                                                                               **LEVIN SIMES LLP**
                                                                               353 Sacramento Street, 20th Floor
                                                                               San Francisco, CA 94111
                                                                               Telephone:    (415) 426-3000
                                                                               Facsimile:     (415) 426-3001
                                                                               wlevin@levinsimes.com
                                                                               llsimes@levinsimes.com
                                                                               sworsey@levinsimes.com
                                                                               Attorneys for Plaintiffs Moyer Hazelwood
                                                                               and Sue Hazelwood

Jeffrey A. Kaiser, Esq.
**KAISER GORNICK LLP**
100 First Street, 25th Floor
San Francisco, CA 94105
Telephone:   (415) 857-7400
Facsimile:   (415) 857-7499

Attorneys for Plaintiffs Moyer Hazelwood and Sue Hazelwood