**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION | |
| NO VI | MDL No. 875 |
| This Document Relates To: | |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THIS DOCUMENT RELATES TO:** | Case No. 2:12-cv-60129 |
| MOYER HAZELWOOD and SUE HAZELWOOD, | NDCA Case No. 4:12-cv-01313 Alameda County Superior Court Case No. RG 11 585967 |
| Plaintiffs, | **DECLARATION OF SEAN P. WORSEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT PNEUMO ABEX LLC'S MOTION TO VACATE CONDITIONAL REMAND ORDER** |
| vs. | |
| A.W. CHESTERTON COMPANY, et al., | |
| Defendants | [Filed Concurrently with the Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Defendant Pneumo Abex LLC's Motion to Vacate Conditional Remand Order] |

I, SEAN P. WORSEY, declare as follows:

I am attorney duly licensed to practice law in the State of California, and am a partner at the law firm LEVIN SIMES LLP, and counsel of record for Plaintiffs Moyer Hazelwood and Sue Hazelwood in the above-captioned matter.  I have personal knowledge of the facts stated herein.

1.      Plaintiff Moyer Hazelwood  is a 68 year old man, who on June 2, 2011, was diagnosed with mesothelioma, an incurable and terminal form of cancer.

2.      As of the date of this declaration, Mr. Hazelwood is still alive.

3.      On July 18, 2011, Mr. Hazelwood and his wife Sue Hazelwood brought this action against various manufacturers and sellers of asbestos-containing products, including Pneumo Abex LLC in the California Superior Court for the County of Alameda.

- 1 -

DECLARATION OF SEAN P. WORSEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT PNEUMO ABEX LLC'S MOTION TO VACATE CONDITIONAL REMAND ORDER

4.      On September 16, 2011, plaintiffs filed and served a Motion for Preferential Trial Setting, under California Code of Civil Procedure Section 36(d), which was supported by the declaration of plaintiff's treating oncologist George Simon, M.D., who opined that Mr. Hazelwood's condition raised a substantial doubt of his survival beyond six months.

5.      Attached hereto as Exhibit A is a true and correct copy of the Declaration of George Simon, M.D.

6.      Plaintiffs' Motion for Preference was heard on October 14, 2011. While Superior Court Judge Jo-Lynne Q. Lee, denied the Motion for Preference, she nonetheless granted a relatively early trial date of March 12, 2012, based on the severity of plaintiff's diagnosis and the fact that he had already experienced life threatening pulmonary embolisms as a result of his mesothelioma.

7.      Attached hereto as Exhibit B is a true and correct copy of Judge Jo-Lynne Q. Lee's Order Denying Motion for Preference.

8.      As of March 16, 2012, the date that Pneumo Abex LLC filed its Notice of Removal, the trial of this matter had already commenced before the Honorable Jo-Lynne Q. Lee in the Alameda County Superior Court. One hundred and fifty citizens and residents of Alameda County had been called in for jury service, filled out lengthy questionnaires and by Thursday, March 15, 2012, the hardship process had been completed. *Voir Dire* was expected to be completed on Tuesday, March 20, 2012, and the parties were told by the trial judge that their opening statements would be given on Wednesday, March 21, 2012.

9.      On March 30, 2012, defendant Pneumo Abex LLC served a Notice of Entry of Order transferring the Case to MDL-87 5 in the Eastern District of Pennsylvania.

10.     The Judicial Panel on Multidistrict Litigation had emailed me and my partner Bill Levin the Conditional Transfer Order on March 22, 2012. However, as Mr. Levin was not then actively participating in the day to day activity of the case, and because I had become accustomed to all email communications in the state court action, and during the time the case

was pending in the Northern District of California being cc'd to my Secretary, I inadvertently overlooked having received the Conditional Transfer Order.  This was the only reason, plaintiffs did not file a timely objection to the Conditional Transfer Order.

11.     On April 9, 2012, plaintiffs filed and served their Motion for Remand to the State Court; or in the alternative Motion for Suggestion of Remand to the Northern District of California.

12.     On April 24, 2012, Pneumo Abex LLC filed and served its Opposition to Plaintiffs' Motion for Remand to the State Court; or in the alternative Motion for Suggestion of Remand to the Northern District of California.

13.     On April 26, 2012, The Honorable Eduardo C. Robreno of the Eastern District of Pennsylvania (MDL-875) granted Plaintiffs' Motion for Suggestion of Remand to the Northern District of California.

14.     Attached hereto as Exhibit C is a true and correct copy of the Suggestion of Remand issued by Honorable Eduardo C. Robreno of the Eastern District of Pennsylvania.

15.     Attached hereto as Exhibit D is a true and correct copy of Pneumo Abex LLC's Opposition to Plaintiffs' Motion to Remand to the State Court; or in the alternative Motion for Suggestion of Remand to the Northern District of California.

16.     Attached hereto as Exhibit E is a true and correct copy of Plaintiffs' Motion to Remand to the State Court; or in the alternative Motion for Suggestion of Remand to the Northern District of California.

17.     Attached hereto as Exhibit F is a true and correct copy of the Declaration of Sean P. Worsey in Support of Plaintiffs Motion.

///

///

///

///

DECLARATION OF SEAN P. WORSEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT
PNEUMO ABEX LLC'S MOTION TO VACATE CONDITIONAL REMAND ORDER

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

Monday, May 21, 2012, at San Francisco, California.

Sean P. Worsey

William A. Levin, Esq.
Laurel L. Simes, Esq.
Sean P. Worsey, Esq.
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone:    (415) 426-3000
Facsimile:    (415) 426-3001
wlevin@levinsimes.com
llsimes@levinsimes.com
sworsey@levinsimes.com

Jeffrey A. Kaiser, Esq.
**KAISER GORNICK LLP**
100 First Street, 25th Floor
San Francisco, CA 94105
Telephone:    (415) 857-7400
Facsimile:    (415) 857-7499

Attorneys for Plaintiffs Moyer Hazelwood
and Sue Hazelwood

DECLARATION OF SEAN P. WORSEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT
PNEUMO ABEX LLC'S MOTION TO VACATE CONDITIONAL REMAND ORDER

# Exhibit A

WILLIAM A. LEVIN, ESQ. [SBN 98592]
SEAN P. WORSEY, ESQ. [SBN 215807]
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone    (415) 646-7160
Facsimile    (415) 981-1270

Attorneys for Plaintiffs
MOYER HAZELWOOD AND SUE HAZELWOOD

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

(UNLIMITED JURISDICTION)

| | |
|---|---|
| MOYER HAZELWOOD AND SUE HAZELWOOD,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | Case No. RG 11 -585967<br><br>DECLARATION OF GEORGE R. SIMON, M.D. IN SUPPORT OF PLAINTIFFS' MOTION TO SPECIALLY SET A TRIAL DATE |

I, George R. Simon, M.D., hereby declare as follows:

1.     I am a physician licensed to practice medicine in the state of South Carolina. I am Board Certified in Medical Oncology and Internal Medicine. My medical office is located at Hollings Cancer Center, Medical University of South Carolina, 86 Jonathan Lucas Street, Charleston, SC 29403.

2.     I am the treating oncologist for Moyer Hazelwood. Mr. Hazelwood is 67 years old and suffers from malignant pleural mesothelioma. Mr. Hazelwood first consulted with me on June 7, 2011. I have been seeing and treating him regularly since then and my most recent visit with him occurred on August 30, 2011.

///

1      3.     Mr. Hazelwood had been leading a healthy and active lifestyle, working out at the gym

2 for a few hours every day. Earlier this year, he suddenly experienced acute shoulder pain while

3 working out with weights. He developed a cough, noticed worsening and increasing shortness of

4 breath and was unable to keep up with his normal gym workout. In April 2011, upon testing, he was

5 found to have a left pleural effusion for which he underwent multiple thoracenteses to drain fluid from

6 his lung.    Thorascopy showed studding of his parietal pleura including the mediastinum and

7 diaphragm. The cytology from the pleural fluid showed atypical mesothelial cells.

8      4.     Mr. Hazelwood underwent a video-assisted thorascopy and talc pleurodesis procedures

9 on June 2, 2011 and he remained hospitalized through June 5, 2011. The biopsy was positive for

10 mesothelioma, biphasic type.

11      5.     I am currently treating Mr. Hazelwood with palliative chemotherapy. Mr. Hazelwood

12 underwent his first cycle of chemotherapy on June 21, 2011 and has since completed 3 more cycles.

13 At best, the chemotherapy may prolong his life, somewhat, and improve his symptoms but it is not a

14 cure for his disease.

15      6.     Mr. Hazelwood has suffered and continues to suffer effects from his disease and from

16 his treatment.    He is extremely short of breath and has ongoing fatigue, particularly after

17 chemotherapy. He takes medication for pain in his back as well as for insomnia and nausea. His

18 symptoms will continue to increase over time.

19      7.     On August 23, 2011, Mr. Hazelwood came to see me as he had been experiencing

20 excessive shortness of breath, palpitations and fatigue which had grown increasingly acute over the

21 course of 5 days. A CAT scan was taken on August 24 which showed multiple bilateral pulmonary

22 embolisms, a potentially life threatening complication related to his mesothelioma. He was sent to the

23 emergency room where he was placed on medication to alleviate the embolisms. He was not well

24 enough to undergo chemotherapy that week.

25      8.     As with most cases of mesothelioma, Mr. Hazelwood's prognosis is extremely poor.

26 Mesothelioma is a progressive and terminal disease. Mesothelioma is often rapidly fatal. Even

27 relatively asymptomatic patients, can take a turn for the worse, decline rapidly, and die in a matter of

28 weeks. Although some patients with mesothelioma may show evidence of stability for a short time

1   with chemotherapy, it is temporary and they will ultimately decline and die from their disease.

2         9.     Mr. Hazelwood's physical stamina will decrease over time as his disease progresses

3   and he will be less and less able to meaningfully participate in all aspects of life. Therefore, Mr.

4   Hazelwood's legal involvement should happen as soon as possible in order for him to meaningfully

5   participate in his lawsuit and survive to his trial date.

6         10.    Based on the foregoing, including Mr. Hazelwood's diagnosis with pleural

7   mesothelioma, his continuing symptoms and demonstrated complications related to his disease, it is

8   my medical opinion that Moyer Hazelwood's present condition raises a substantial medical doubt of

9   his survival beyond six (6) months from the date of this Declaration.

10      I declare under penalty of perjury under the laws of the State of California that the foregoing is

11   true and correct and that this declaration was executed this _____ 8th day of September, 2011, at

12   Charleston, SC.

13

14                                     _____

15                                GEORGE R. SIMON, M.D.

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit B

Levin Simes Kaiser & Gornick, LLP
Attn: Worsey, Sean P.
44 Montgomery Street,
36th Floor
San Francisco, CA   94104____

A.W. Chesterton Company

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Hazelwood<br><br>                    Plaintiff/Petitioner(s)<br><br>VS.<br><br><br>A.W. Chesterton Company<br>                    Defendant/Respondent(s)<br>        (Abbreviated Title) | No. <u>RG11585967</u><br><br>Order<br><br>Motion for Preference<br>Denied |

The Motion for Preference was set for hearing on 10/14/2011 at 01:32 PM in Department 30 before the Honorable Jo-Lynne Q. Lee.  The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The motion by Plaintiffs Moyer Hazelwood and Sue Hazelwood for trial preference under Code of Civil Procedure section 36(d) and (e) is DENIED WITHOUT PREJUDICE.  The declaration of George R. Simon, M.D. and documents attached to the moving papers do not provide clear and convincing medical documentation that Plaintiff Moyer Hazelwood's condition is such that there is significant medical doubt of his survival beyond six months. Dr. Simon does not provide information about Plaintiff's current condition and does not provide any information about treatment options available to Plaintiff.  The evidence that Plaintiff experienced pulmonary embolisms in August 2011 is relevant, but there is no showing that Plaintiff is likely to experience a re-occurrence of the pulmonary embolisms, or that he is more likely to experience other life-threatening conditions in the next 6 months.  In the absence of clear and convincing medical documentation that Plaintiff's condition is such that there is significant medical doubt of his survival beyond six months, the Court does not find that the interests of justice favor a preferential trial date.

Nevertheless, based on Plaintiff's age, his diagnosis, and the fact that Plaintiff has already experienced a life-threatening condition, the Court, in its discretion, will set this case for trial on March 12, 2012. This matter is assigned for trial to the Hon. Kenneth Burr for trial in Department 15, by direction of the Presiding Judge.

The Court expects all parties promptly to meet and confer in good faith regarding all matters, including the need to bring motions for summary judgment, arising from the limited period of time to prepare for trial that results from the order granting trial preference.

The moving party shall serve a copy of this order upon all parties forthwith and file a proof of service with the Court.

Dated:  10/14/2011

_____
Judge Jo-Lynne Q. Lee

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hazelwood VS A.W. Chesterton Company | RG11585967 |

ADDITIONAL ADDRESSEES

Imai, Tadlock, Keeney & Cordery
Attn: Imai, Bruce
100 Bush Street
Suite 1300
San Francisco, CA   94104


LOW, BALL & LYNCH
Attn: Moore, Karen L.
505 Montgomery Street
7th Floor
San Francisco, CA   94111-2584


Burnham Brown
Attn: Pollack, Dean
P.O. Box 119
1901 Harrison Street, Eleventh Floor
Oakland, CA   94604____


Becherer Kannett & Schweitzer
Attn: Kannett, Mark S.
1255 Powell Street
Emeryville, CA   94608


Foley & Mansfield, PLLP
Attn: McCormick, Jennifer M.
300 Lakeside Dr.
Suite 1900
Oakland, CA   94612____

Gordon & Rees  LLP
Attn:  Pietrykowski, Michael J
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA   94111_____


K&L Gates LLP
Attn:  Fox, Daniel W.
Four Embarcadero Center
Suite 1200
San Francisco, CA   94111


Jackson & Wallace LLP
Attn:  Jackson, Gabriel A.
55 Francisco Street
6th Floor
San Francisco, CA   94133


Wright Robinson Osthimer & Tatum
Attn:  Osthimer iii, Charles E
44 Montgomery Street
Eighteenth Floor
San Francisco, CA   94104-4705


HOWARD ROME MARTIN &
RIDLEY LLP
Attn:  Ridley, Shawn M.
1775 Woodside Road
Suite 200
Redwood City, CA   94061-3436

Pond North LLP
Attn:  Schatz, Russell W.
350 South Grand Avenue
Suite 3300
Los Angeles, CA    90071

Perkins Coie LLP
Attn:  Biderman, David T
Four Embarcadero Center
Suite 2400
San Francisco, CA    94111

Crosby & Rowell LLP
Attn:  Crosby, Thomas C.
The American Bag Building
299 3rd St 2FL
Oakland, CA    94607

Ongaro Burtt & Louderback, LLP
Attn:  Haines, Susan Q.
595 Market Street
Suite 610
San Francisco, CA    94105____

HOWARD ROME MARTIN &
RIDLEY LLP
Attn:  Rome, Henry D.
1775 Woodside Road
Suite 200
Redwood City, CA    94601-3436

Gordon & Rees LLP
Attn:  Stanley, Bethany A.
275 Battery Street, Ste 2000
San Francisco, CA   94111


McKenna Long & Aldridge LLP
Attn:  Lee, Jennifer J
101 California St.
41st Floor
San Francisco, CA   94111


Keesal, Young & Logan ,A Professional
Corporation
Attn:  Grant, Elyse W.
450 Pacific Avenue
San Francisco, CA   94133


Tucker Ellis & West LLP
Attn:  Ma, Lillian C.
135 Main Street
Suite 700
San Francisco, CA   94105____


Brydon Hugo & Parker
Attn:  Hugo, Edward R.
135 Main Street
20th Floor
San Francisco, CA   94105

Foley & Mansfield, Pllp
Attn:  Wah, Douglas G.
300 Lakeside Drive
Suite 1900
Oakland, CA   94612____


WALSWORTH, FRANKLIN, BEVINS
& McCall, LLP
Attn:  McCall, Michael T.
601 Montgomery Street
Ninth Floor
San Francisco, CA   94111-2612


SELMAN * BREITMAN, LLP
Attn:  Love, Mark A
33 New Montgomery Street
Sixth Floor
San Francisco, CA   94105-000


Morgan, Lewis & Bockius LLP
Attn:  Mills, Graham C.
One Market, Spear Street Tower
San Francisco, CA   94105-1126


-- Third Party  --
Berry & Berry,  PLC
Attn:  Spanos, Evanthia M
2930 Lakeshore Avenue
P. O. Box 16070
Oakland, CA   94610

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS        :        Consolidated Under
LIABILITY LITIGATION (No. VI) :          MDL DOCKET NO. 875
                                :
HAZELWOOD                       :
                                :
          v.                    :  **FILED**

                                   APR 27 2012  E.D. Pa. Case No.
A.W. CHESTERTON COMPANY,        :              2:12-cv-60129
et al.                          MICHAEL E. KUNZ, Clerk
                                By_____ Dep. Clerk

**SUGGESTION OF REMAND**

**AND NOW**, this **26th** day of **April, 2012**, it is hereby

**ORDERED** that, upon review of the above captioned case under MDL-

875 Administrative Order No. 18 (01-md-875, doc. no. 6197), the

Court **SUGGESTS** that the above-captioned case should be

**REMANDED** to the United States District Court for the **Northern**

**District of California** for resolution of all matters pending

within this case.

The Court further respectfully **SUGGESTS** that, upon

remand to the Northern District of California, this action be

returned to the docket of the Honorable Claudia Wilken, who was

presiding over the action at the time of its Section 1407

transfer to this MDL.[1]

_____

[1]      The case originally was filed in California state
court, and was removed to the Northern District of California at
the beginning of jury selection.

         The goals of MDL 875 include, _inter alia_, unclogging
dockets on which cases built up over dozens of years, and, to
that end, seeing cases through pretrial proceedings--up to and

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

---

including the motion for summary judgment phase--and then
remanding the cases for trial (subject to the parties' agreement
to proceed with trial in the Eastern District of Pennsylvania).

     As the present case already had gone through pretrial
proceedings in California state court, and was removed on the eve
of trial, none of the goals or purposes of MDL 875 would be
served by having this Court step into the litigation at the
eleventh hour. The Northern District of California has indicated
that it is ready, willing and able to rule upon Plaintiff's
pending motion to remand on an expedited basis, and the Northern
District could try the case or remand to the state court for
trial.

     Under the circumstances of this case, the Court
respectfully suggests that the case should be remanded forthwith.

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 875 |

| | |
|---|---|
| MOYER HAZELWOOD AND SUE HAZELWOOD, | EDPA Case No. 2:12-cv-60129 |
| Plaintiffs, | This Document Relates to: U.S.D.C. Northern District of California Case No.: 4:12-cv-01313 CW |
| vs. | |
| A.W. CHESTERTON COMPANY;, et al., | [Filed Concurrently With [Proposed] Order Denying Remand] |
| Defendants. | |

# DEFENDANT PNEUMO ABEX LLC, SUCCESSOR IN INTEREST TO ABEX CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ...................................................................................................1

II.  STATEMENT OF ISSUES TO BE DECIDED .................................................2

III. STATEMENT OF FACTS ....................................................................................2

IV.  ARGUMENT .........................................................................................................4

 A. ONCE A CASE BECOMES "REMOVABLE," A DEFENDANT MAY PROPERLY EXERCISE ITS RIGHT TO REMOVE THAT CASE TO FEDERAL COURT .........................................................................4

 B. THIS CASE FIRST BECAME "REMOVABLE" WHEN PLAINTIFFS DISMISSED ALLIED PACKING FROM THE STATE COURT CASE ON MARCH 9, 2012 .................................................................5

 C. ALL NECESSARY DEFENDANTS CONSENTED TO REMOVAL .............10

 D. PNEUMO ABEX DID NOT WAIVE ITS RIGHT TO REMOVE ...................13

V.   CONCLUSION ...................................................................................................17

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Akin v. Ashland Chemical Co,*
  156 F.3d 1030 (10th Cir. 1998) ............................................................... 5

*Boyer v. Snap-On Tools Corp.*
  913 F.2d 108 (3rd Cir. 1990) .................................................................. 5

*California Republican Party v. Michael Mercier*
  652 F.Supp. 928 (C.D. Cal. 1986) ........................................................ 15

*Caterpillar Inc. v. Lewis*
  519 U.S. 61 (1996) ................................................................................... 8

*Chicago Title & Trust Co. v. Whitney Stores, Inc.*
  583 F.Supp. 575 (N.D.Ill. 1984) .......................................................... 16

*Cohn v. Petsmart, Inc.*
  281 F.3d 837 (9th Cir. 2002) .................................................................. 5

*DeLatte v. Zurich Ins. Co.*
  683 F.Supp. 1062 (M.D. La 1988 ........................................................... 6

*Desfino v. Reiswig*
  630 F.3d 952 (9th Cir. 2011) ................................................................ 11

*Emerich v. Touche Ross & Co.*
  846 F.2d 1190 (9th Cir. 1988) ................................................................ 5

*Guerrero v. General Motors Corp.*
  392 F.Supp.2d 1133 (N.D. Cal. 2005 .................................................. 8, 9

*Harris v. Bankers Life and Cas. Co.*
  425 F.3d 689 (9th Cir. 2005) .............................................................. 9, 10

*Haynes v. Gasoline Marketers, Inc.*
  184 FRD 414 ((MD AL 1999) ............................................................. 14

*Hewitt v. Stanton*
  798 F.2d 1230 (9th Cir. 1986) .............................................................. 13

*In re Diet Drugs Products Liability Litigation*
  220 F.Supp.2d 4145 (E.D.Pa. 2002) ................................................. 5, 14

*In re Savers Fed'l Sav. & Loan Ass'n*
  872 F2d 963 (11th Cir. 1989) .............................................................. 14

*Johnson v. Celotex Corp.*
  701 F.Supp. 553 (D.Md. 1988) ........................................................... 13

*King v. Kayak Manufacturing Corp.*
688 F.Supp. 227 (N.D.W.Va. 1988). .................................................. 14

*Mancari v. AC & S Company, Inc.*
683 F.Supp. 91 (D.Del. 1988) ........................................................ 13

*Mertan v. E.R. Squibb & Sons. Inc.*
581 F. Supp. 751 (C.D. Cal. 1980).) .............................................. 8, 10

*Peabody v. Maud Van Cortland Hill Schroll Trust*
892 F.2d 772 (9th Cir. 1989); ...................................................... 5, 14

*Phillips v. Allstate Ins. Co.*
702 F.Supp.1466 (C.D. Cal., 1989) ................................................. 5

*Roberts v. A.W. Chesterton Co.*
C08-1338 JL, 2008 WL 782569 (N.D. Cal. Mar. 24, 2008) ...................... 9

*Rothner v. City of Chicago*
879 F.2d 1402 (7th Cir. 1989) ................................................. 13, 15, 16

*Sansone v. Morton Mach. Works, Inc.*
188 F.Supp.2d 182 (D.R.I. 2002) ................................................... 13

*Schmidt v. Capitol Life Ins. Co.*
626 F.Supp. 1315 (N.D.Cal. 1986) .................................................. 6

*Self v. General Motors Corp.*
588 F.2d 655 (9th Cir. 1978) ........................................................ 5

*Singer v. State Farm Mut. Auto. Ins. Co.*
116 F.3d 373 (9th Cir. 1997) ........................................................ 5

*Snow v. Ford Motor Co.*
561 F. 2d 787 (9th Cir. 1977) ....................................................... 4

*Spillers v. Tillman*
959 F.Supp. 364 (S.D.Miss. 1997) ................................................. 13

*Thermitron Products, Inc. v. Hermansdorfer*
23 U.S. 336 Ct. 584, 46 L.Ed.2d 542 (1976) ...................................... 4

*Waldron v. Skelly Oil Co.*
101 F.Supp.425 (E.D. Mo. 1951) ............................................... 15, 16

*Walker v. Motricity, Inc.*
627 F.Supp.2d 1137 (N.D. Cal. 2009) .............................................. 5

**California Cases**

*Dill v. Berquist Construction Co.*
(1994) 24 Cal.App.4th 1439 .......................................................... 12

**California Statutes**
Code of Civil Procesure
§415.10 ...................................................................................................................12
§415.20 ...................................................................................................................12
§415.20(b) ..............................................................................................................11
§415.30 ...................................................................................................................12
§416.10 ...................................................................................................................12
§417.10 ...................................................................................................................12
§417.20 ...................................................................................................................12

**Statutes**
28 U.S.C. § 1332 .......................................................................................................2
28 U.S.C. § 1332(a)(1) ..............................................................................................2
28 U.S.C. § 1441 .......................................................................................................2
28 U.S.C. § 1441(a). .............................................................................................4, 14
28 U.S.C. § 1446 ...........................................................................................2, 13, 15
28 U.S.C. § 1446(b) .........................................................................................passim
28 U.S.C. § 1332 .......................................................................................................2
28 U.S.C. §1441 ........................................................................................................2
28 U.S.C. §1446 ........................................................................................................2
28 U.S.C. 1441(a) .....................................................................................................4

**Other Authorities**
Administrative Order No. 18 .....................................................................................4

DEFENDANT PNEUMO ABEX LLC, SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE STATE
COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE
NORTHERN DISTRICT OF CALIFORNIA (Case No. 2:12-cv-60129-ER)

## I.    **INTRODUCTION**

In a diversity case, when a plaintiff voluntarily discontinues his state court claims against any defendant whose presence in the case prevents its removal to federal court—whether it be a non-diverse or a forum defendant—the remaining defendants are entitled to exercise their right to remove.  (28 U.S.C. § 1446(b).)  The Ninth Circuit and other federal courts have consistently recognized that the requisite discontinuation must be established by some unequivocal conduct, such as the filing a formal dismissal of the defendant in the state court proceedings.

In this case, Plaintiffs are South Carolina citizens.  On March 9, 2012—just before pre-trial proceedings were to commence in state court—Plaintiffs voluntarily dismissed the last California-based defendant, Allied Packing & Supply, Inc.  At that point, only three defendants remained in the case, removing party Pneumo Abex LLC, successor in interest to Abex Corporation ("Pneumo Abex"), Carlisle Corporation ("Carlisle"), and Honeywell International, Inc. ("Honeywell"), each of whose citizenship was diverse to Plaintiffs:

*Pneumo Abex* is, and was at the time the removal was filed, a Delaware limited liability company whose sole member is the Pneumo Abex Asbestos Claims Settlement Trust, which is not publically traded nor owned by any other entity.

*Carlisle*  is, and was at the time the removal was filed, a Delaware orporation with its principal place of business in Charlotte, North Carolina.

*Honeywell* is, and was at the time the removal was filed, a Delaware corporation with its principal place of business in Delaware.

Plaintiffs do not challenge the diverse nature of the parties in this action.  Instead, they argue that Pneumo Abex's removal to federal court was untimely, in that the case became removable, if at all, either on January 20, 2012, when Plaintiffs served a settlement conference statement which failed to mention Allied Packing & Supply, Inc. ("Allied Packing"), the sole remaining forum defendant as of that date, or on January 27,

2012, when counsel for Allied Packing failed to appear at a mandatory settlement conference. Plaintiffs alternatively assert that Pneumo Abex either failed to obtain the necessary consents from all served defendants, or somehow "waived" its right to remove by waiting until the middle of jury selection to file its notice of removal.

Plaintiffs' arguments, however, are unavailing. There was no "unequivocal conduct" taken by Plaintiffs with regard to Allied Packing that would have allowed Pneumo Abex to have removed this case any earlier than it did. Pneumo Abex did a diligent search of the state court docket prior to removal, and obtained consents from all necessary defendants; contrary to Plaintiffs' argument, consents were not needed from the three defendants (A.W. Chesterton, Crown Cork & Seal, and Parker-Hannifin) singled out by Plaintiffs. Finally, Pneumo Abex did not waive its right to remove; rather, Pneumo Abex acted with all deliberate speed upon being informed of Allied Packing's dismissal.

Plaintiffs may not frustrate Pneumo Abex's rights under 28 U.S.C. § 1332(a)(1) to allow access to the federal courts by citizens of different States. This Court properly has, and should maintain, jurisdiction.

## II. <u>STATEMENT OF ISSUES TO BE DECIDED</u>

Does this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1332, 1441 and 1446? Did Pneumo Abex properly and timely remove this case to federal court?

## III. <u>STATEMENT OF FACTS</u>

On July 10, 2011, Plaintiffs Moyer and Sue Hazelwood commenced the underlying asbestos personal injury action in the Superior Court of the State of California, County of Alameda. (Plaintiffs' Summons and Complaint was attached as Exhibit A to Pneumo Abex's Notice of Removal.) Pneumo Abex was one of over 40 entities named as defendants in that action. The case was assigned a preferential trial date of March 12, 2012, and discovery was conducted between the parties. The case proceeded through pre-trial preparations, including a settlement conference, which was held on January 27,

2

2012 (more settlement conferences took place in March), and a pre-trial conference on March 9, 2012.

While diversity between Plaintiffs and all defendants existed at the beginning of the case, at least one named and served defendant—Allied Packing, a corporate citizen of the State of California—was an active participant throughout the litigation. Under the "forum defendant" rule, removal based on diversity was impossible as long as Allied remained a party to the action. (28 USC § 1441(b) [removal based on diversity of citizenship is not allowed if any defendant "joined and served" in the state court action is a citizen of that state].)

On March 9, 2012, Plaintiffs voluntarily dismissed Allied Packing from the state court action. After Pneumo Abex learned of Allied's dismissal, and shortly after it was filed, Pneumo Abex then determined that the case had "become removable," and entered into discussions with Carlisle and Honeywell—the other defendants that were active in the case at that time—to see if they would consent to removal of the case to federal court. While waiting for receipt of signed consents from those defendants, and while finalizing its removal papers, Pneumo Abex continued to appear for pre-trial proceedings (including jury selection) in the state court action in order to protect its rights and avoid sanctions by the state court.

Pneumo Abex's notice of removal was filed with the Northern District of California federal court on March 16, 2012, a mere week after Pneumo Abex had determined that the case had become removable.

On March 22, 2012, a Conditional Transfer Order ("CTO") was issued by the Judical Panel on Multidistrict Litigation, which had determined that the removed case should be transferred to the Asbestos MDL in the Eastern District of Pennsylvania, as it involved questions of fact that were common to the numerous other federal asbestos actions previously transferred to that court for further handling by the Hon. Eduardo C. Robreno. After Plaintiffs failed to object to the transfer order by the March 29, 2012

DEFENDANT PNEUMO ABEX LLC, SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE STATE
COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE
NORTHERN DISTRICT OF CALIFORNIA (Case No. 2:12-cv-60129-ER)

deadline set by the JPML, the transfer order was finalized on March 30, 2012.[1]

## IV.    ARGUMENT

### A.    ONCE A CASE BECOMES "REMOVABLE," A DEFENDANT MAY PROPERLY EXERCISE ITS RIGHT TO REMOVE THAT CASE TO FEDERAL COURT

The federal removal statute, 28 U.S.C. 1441, provides that "any civil action brought in a State court . . . may be removed by the defendant or the defendants" on the basis of diversity jurisdiction.  (28 U.S.C. 1441(a); *Snow v. Ford Motor Co.*, 561 F. 2d 787, 789 (9th Cir. 1977).)  If diversity jurisdiction exists, a defendant that properly removes the case has a statutory right to have it heard in federal court and the case must remain in federal court; *there is no discretion to remand except for a lack of jurisdiction*.  (See *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345, 96 S. Ct. 584, 590, 46 L.Ed.2d 542 (1976) [district court "exceeded its authority in remanding on grounds not permitted by the controlling statute"].)

The right to remove is an important substantive right:

This statutory right, we should not forget, emanates from Article III, Section 2 of the Constitution.  As long as Congress authorizes the federal district courts to exercise subject matter jurisdiction over diversity actions we must protect the right of parties to invoke it…."so long as federal diversity jurisdiction exists…*the need for its assertion may well be the greatest when plaintiff tries hardest to defeat it.*"

---

[1] Plaintiffs offer no satisfying explanation or compelling reason in support of their alternative Motion for Suggestion of Remand to the Northern District of California.  To have delayed or avoided transfer to this Court in the first place, Plaintiffs only needed to have filed a timely objection to the CTO with the JPML—which they failed to do. Plaintiffs now cannot be heard to complain about the transfer of their case to this Court, particularly in light of the undeniable expertise this Court has with asbestos cases.  In addition, Plaintiffs' Motion for Suggestion of Remand fails to comply with the requirements set forth in this Court's Administrative Order No. 18 with regard to the form and content of such a motion.

(*In re Diet Drugs Products Liability Litigation*, 220 F.Supp.2d 414, 425 (E.D.Pa. 2002), *appeal dismissed*, 93 Fed. App. 345 (3rd Cir. 2004) [emphasis added], quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990).)

The removal statute is strictly construed against removal, and the burden of establishing diversity jurisdiction by a preponderance of the evidence rests with the party effecting the removal.  (*Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).)

As set forth below, Pneumo Abex readily meets this standard.

**B.     THIS CASE FIRST BECAME "REMOVABLE" WHEN PLAINTIFFS DISMISSED ALLIED PACKING FROM THE STATE COURT CASE ON MARCH 9, 2012**

A case which could not be removed initially can later *become* removable by a voluntary act taken by a plaintiff. (*Self v. General Motors Corp.*, 588 F.2d 655, 659-660 (9th Cir. 1978).)  The notice of removal must be filed within thirty days after a defendant receives "a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained[2] that the case is one which is or has become removable*."  (*Id*. [emphasis added].)  The record of the state court proceedings is the "sole source" of information from which to ascertain whether a case originally not removable has since become removable.  (See *Peabody v. Maud Van Cortland Hill Schroll Trust*, 892 F.2d 772, 775 (9th Cir. 1989); see also *Walker v. Motricity, Inc.*, 627 F.Supp.2d 1137, 1142 (N.D. Cal. 2009) ["other paper" limited to papers generated within the action]; *Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466, 1469 (C.D. Cal., 1989).)

In their Motion to Remand, Plaintiffs assert that their failure to discuss any claims against "forum defendant" Allied Packing—either in their January 20, 2012 settlement

---

[2] "Ascertained" for purposes of Section 1446(b) means "to find out or learn with certainty."  Alternatively, "ascertained" also means "a statement that 'should not be ambiguous' or one which 'requires an extensive investigation to determine the truth.'" (*Akin v. Ashland Chemical Co,*. 156 F.3d 1030 (10th Cir. 1998).)

conference statement, or during the January 27, 2012 conference itself—was conduct which constituted a "voluntary abandonment" of their claims against Allied Packing, and which made the case "removable" (if at all) no later than February 26, 2012 (30 days from January 27, 2012). Thus, Plaintiffs argue that Pneumo Abex's removal, filed nineteen days later (on March 16, 2012) was improper and untimely.

Federal courts have recognized the propriety of removals based on diversity under 28 U.S.C. § 1446(b) after a "voluntary dismissal or abandonment" of a plaintiff's claims against a defendant whose presence in the case defeats diversity. (See, e.g., *Schmidt v. Capitol Life Ins. Co.*, 626 F.Supp. 1315, 1318 (N.D.Cal. 1986).) However, those cases make clear that something more tangible than a mere "failure to mention" a defendant must occur to make a previously un-removable case "removable." To qualify as a voluntary abandonment of his claims against a particular defendant, plaintiff or his counsel must manifest "a definite or unequivocal *expression of intent* to discontinue the action" against that defendant. (*DeLatte v. Zurich Ins. Co.*, 683 F.Supp. 1062, 1063 (M.D. La 1988 [emphasis added].)

Plaintiffs' arguments to the contrary, at no time prior to March 9, 2012, did Plaintiffs provide any notice—formal or otherwise—that they had "discontinued" their claims against Allied Packing. Rather, the first such "definite" and/or "unequivocal" expression of Plaintiffs' intent to "discontinue" the action against Allied Packing occurred *when they filed their dismissal of Allied Packing from the state court action*—indisputable evidence of Plaintiffs' voluntary decision to abandon their claims against that defendant.

Plaintiffs argue that evidence that they had discontinued their claims against Allied Packing was manifested in their January 20, 2012 settlement conference statement. However, that statement is completely *silent* as to the status of Plaintiffs' claims against several defendants, Allied Packing among them. In fact, as Plaintiffs' Motion to Remand confirms, at least four other defendants whom Plaintiffs failed to mention in their settlement conference statement still appeared and participated in the mandatory

DEFENDANT PNEUMO ABEX LLC, SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE STATE
COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE
NORTHERN DISTRICT OF CALIFORNIA (Case No. 2:12-cv-60129-ER)

settlement conference. (See Plaintiffs' Motion To Remand, at page 3.) Indeed, their motion indicates only that "No counsel for any California based defendant, including defendant Allied Packing…were referenced in Plaintiffs' Mandatory Settlement Conference Statement or appeared at the Mandatory Settlement Conference." (Plaintiffs' Motion to Remand, at p. 4.)[3]

Silence under these circumstances is not akin to the type of affirmative act required to demonstrate Plaintiffs' intent to discontinue their claims against Allied Packing or any of the other defendants omitted from the settlement conference statement. Plaintiffs' silence couldn't even have constituted sufficient notice of "discontinuation" as to the other four defendants not discussed in their settlement conference statement; they showed up and participated in the settlement conference nonetheless.

Plaintiffs' Motion is equivocal at best with regard to Allied Packing's actual status at the time of the mandatory settlement conference. Plaintiffs' legal and factual arguments can hardly be said to support the conclusion that there had been any definitive or unequivocal expression that Plaintiffs had discontinued the action against Allied Packing prior to the filing of their dismissal. Plaintiffs essentially argue that the possibility that they had settled with Allied Packing prior to the mandatory settlement conference had been sufficient to start the removal clock running, but one can easily conceive of situations in which a plaintiff believed that a settlement had been reached, only to have the settlement fall apart later because of a disagreement over terms.

Even if Plaintiffs *had* settled with Allied Packing prior to the settlement conference, the United States Supreme Court has ruled that a settlement with a *defendant does not negate its party status* for purposes of determining whether diversity jurisdiction exists. In

---

[3] Plaintiffs' Motion to Remand, in contrast, does indicate that Plaintiffs' counsel told Judge Grillo, the judge presiding over the January 27, 2012 conference, that they had settled earlier that day with defendant Bridgestone, whose counsel would not, as a result, be participating in the settlement conference. (See Plaintiffs' Motion to Remand, at p. 4.) There is no indication that any such statement was made to Judge Grillo about Allied Packing.

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 70 (1996), the plaintiff entered into an agreement with the nondiverse defendant to settle the case. (*Id*.) When Caterpillar found out about the pending settlement, it immediately filed a notice of removal on grounds of diversity of citizenship, "[p]roceeding on the understanding that the settlement agreement between these two [ ] parties would result in the dismissal of [non-diverse party] from the lawsuit, [thereby rendering] the case removable." (*Caterpillar, supra,* 519 U.S. at 65.) The Court found that the non-diverse defendant was "incorrectly treated ... as effectively dropped from the case prior to removal." (*Caterpillar, supra,* 519 U.S. at 70.) On appeal, the Sixth Circuit "correctly determined that the complete diversity requirement was not satisfied at the time of removal." (*Id*.)

Similarly, California federal courts have held that a settlement alone, in the absence of a dismissal, is insufficient for purposes of a finding that a plaintiff had discontinued its suit against a non-diverse defendant. (*Mertan v. E.R. Squibb & Sons. Inc*., 581 F. Supp. 751, 752-753 (C.D. Cal. 1980).) In *Mertan,* although the plaintiff "orally in open court settled" with a non-diverse defendant, the Court found that complete diversity did not exist at the time of removal because the non-diverse defendant *still had not yet been dismissed* when the case was removed. (*Mertan, supra,* 581 F. Supp. at 753.) The *Mertan* Court concluded that the settled defendant remained in the action until a dismissal was filed, because under California law and court rules, a written dismissal "is the only effective order the State Court can make or that is legally enforceable." (*Mertan, supra*, 581 F.Supp. at 753.) Thus, where the state court had neither signed nor filed any such written dismissal, there was "a clear absence of complete diversity" depriving the federal court of jurisdiction over the action. (*Id*.)

In *Guerrero v. General Motors Corp*., 392 F.Supp.2d 1133 (N.D. Cal. 2005), General Motors removed a wrongful death case to federal court, alleging that complete diversity existed because plaintiff had reached "settlements" with non-diverse defendants. The Court found that because the non-diverse defendants had not been formally dismissed

DEFENDANT PNEUMO ABEX LLC, SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE STATE
COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE
NORTHERN DISTRICT OF CALIFORNIA (Case No. 2:12-cv-60129-ER)

from the action (and because four of the plaintiffs were minors whose claims could not be settled without court approval), the settlements were not legally enforceable and were neither binding nor final on the parties. (*Guerrero, supra,* 392 F.Supp.2d at 1135.) The court specifically rejected General Motors' argument that the plaintiffs had indicated their intent not to proceed against the non-diverse defendants by reaching settlement agreements with those defendants, and that the case was therefore removable despite the fact that the non-diverse defendants had not been dismissed from the case. (*Id.*)

*Roberts v. A.W. Chesterton Co.,* C08-1338 JL, 2008 WL 782569 (N.D. Cal. Mar. 24, 2008), is an asbestos case with facts similar to those herein. In *Roberts,* plaintiff sued 28 defendants. Throughout the litigation various defendants were dismissed, and others entered into various agreements with regard to settlement. Several days after trial began, plaintiffs' counsel informed the court that it had entered into a settlement agreement with the remaining non-diverse defendant (Metalclad, which was also a "forum defendant," being a corporate citizen of California), but would not file a dismissal of that defendant until certain conditons were met. Based on that statement, however, another defendant removed the case to federal court based on diversity jurisdication shortly thereafter. The District Court, citing *Mertan* and *Guerrero,* remanded the case, finding that the plaintiffs had not "discontinued" their claims against the "forum defendant" as no proof had been offered to establish that the plaintiffs had actually settled and dismissed that defendant from the case. (*Roberts, supra,* 2008 WL 782569, at pp. 2-3.)

Plaintiffs' reliance on *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689 (9th Cir. 2005) is misplaced. In *Harris,* the issue was not whether the plaintiff had unequivocally abandoned its claims against a non-diverse defendant who had not yet been served by the time a trial date had been set in state court. Instead, the *Harris* Court focused on "whether, under 28 U.S.C. § 1446(b), the burden lies with the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint, or whether the determination be limited to the face of the initial pleading."

(*Harris, supra,* 425 F.3d at 693.)  The Court determined that the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applied if the case stated by the initial pleading was removable on its face, and declined to apply a rule that the first 30 days period begins to run if the initial pleading provides a clue as to removal.  (*Harris, supra,* 425 F.3d at 695-696.)  As the *Harris* Court concluded that Bankers' removal was timely, it did not reach the issue of whether the plaintiff's refusal to continue the trial was a clear and unequivocal abandonment of his claims against the non-diverse defendant.  (*Id*.)

Plaintiffs have not cited a single case that holds that simply omitting a defendant from discussion in a settlement conference statement qualifies as an unequivocal expression of intent to discontinue the action against that defendant.  Nor should it, because if that were the rule of law, federal courts would be flooded with premature removals filed by defendants "in an excess of caution."  Instead, the "bright line" rule requiring the filing of a dismissal before a removal can be filed is both logical and efficient.  Thus, removal in this case was only proper *after* Plaintiffs filed their dismissal of Allied Packing; Pneumo Abex cannot be faulted for filing its notice of removal a week after that dismissal.

### C.    ALL NECESSARY DEFENDANTS CONSENTED TO REMOVAL

Plaintiffs' Motion argues that Pneumo Abex's removal violated the "unaniminity" rule, and was thus procedurally defective, when it failed to include consents to removal from named defendants A.W. Chesterton, Crown Cork & Seal, and Parker-Hannifin— defendants who they assert were actually served with the state court action.  (Pneumo Abex, based upon its reasonable review of the state court's trial docket, had listed those defendants in the "not served" category in its removal notice.)  But, Plaintiffs' request to remand this case based on this alleged procedural defect fails, because they do not proffer any compelling or admissible evidence to show that those three defendants were *actually* properly served with the state court action, much less ever formally entered appearances in that case.

DEFENDANT PNEUMO ABEX LLC, SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE STATE
COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE
NORTHERN DISTRICT OF CALIFORNIA (Case No. 2:12-cv-60129-ER)

Recent Ninth Circuit authority supports Pneumo Abex's position that, to succeed here, Plaintiffs must *prove* that their service on any non-consenting defendants was proper, such that obtaining their consents would have been necessary prior to removal. In *Desfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011), plaintiffs sued 40 different defendants, one of which removed the case to federal court; later, another defendant also appears to have joined in the removal. Plaintiffs filed a motion to remand, claiming -- among other things -- that the remand was procedurally defective because it was not "joined" in by all of the defendants.

Plaintiffs argued, first, that five properly-served defendants never consented to the removal. One defendant joined in the removal before the trial court's final judgment; the Court said that this cured the possible defect as to that defendant. (*Desfino, supra*, 630 F.3d at 957.) Because two other defendants appeared to have had been served at the wrong address; the Court noted that as the service as to those defendants did not comply with California Code of Civil Procedure section 415.20(b) [requiring service at the defendant's home, business or mailing address], and was thus defective, "their joinder in the petition wasn't required." (*Id*.)

Plaintiffs further claimed that a fourth non-joining defendant had been properly served, and/or proof of service was unnecessary as that defendant had filed an answer and cross complaint in the state court. The *Desfino* Court ruled that Plaintiffs failed to establish either point in their remand motion through admissible evidence—Plaintiffs had submitted a non-conformed and unauthenticated copy of the defendant's answer, and only proffered the Superior Court's docket on appeal—and thus it was not "clear error" for the district court to have denied remand. (*Id*.) Finally, as to the fifth non-joining defendant, the Court found that as the proof of service did not show that the complaint had been served on an officer of the corporate defendant or an authorized agent for service of process, and determined that the district court's finding that the defendant did not need to consent (as it had not been properly served) was correct. (*Id*.)

11

Here, Plaintiffs fail to offer any admissible evidence to establish that their purported service of process on A.W. Chesterton, Crown Cork & Seal, and Parker-Hannifin complied with the California service statutes[4], in that they offer no evidence to show that service was actually made at the "home, business or mailing address" of any of those defendants; nor do they establish that the pleadings were ever actually served either on an officer or authorized agent for service of process of any of the three corporate defendants. (See Code Civ. Proc., § 416.10; see also *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1439, 1440 [plaintiffs have the burden of proving compliance with statute].) At best, Plaintiffs' Motion establishes only that documents called "proofs of service" may have been filed with the state court at some point, but does not prove that those documents contain information which would show compliance with the relevant California service statutes. (See Code Civ. Proc., §§ 417.10 and judicial council comment thereto [manner of showing proof within the state], 417.20 and judicial council comment thereto [manner of showing proof outside the state].)

Further, while Plaintiffs argue that Pneumo Abex was required to obtain consents from defendants upon whom service is questionable or who never appeared in the action, they gloss over the fact that their counsel made representations to the state court trial judge just prior to Pneumo Abex's removal of the case that the only defendants remaining in the case whom Plaintiffs intended to proceed against at trial were only Pneumo Abex, Carlisle and Honeywell. Plaintiffs also admit that at the time the jury questionnaire was presented to the jury pool in this matter, they had voluntarily abandoned their claims agasint all defendants except Pneumo Abex, Carlisle and Honeywell.

In this situation, Plaintiffs' voluntary abandonment of their claims against these non-appearing parties relieved Pneumo Abex of the need to obtain consents to removal from anyone other than Carlisle and Honeywell. The purpose of obtaining consent is so

---

[4] See, e.g., California Code of Civil Procedure sections 415.10, 415.20 and 415.30.

that no defendant who is prepared and wants to proceed in state court is deprived, against its will, of that opportunity. (*Sansone v. Morton Mach. Works, Inc.*, 188 F.Supp.2d 182, 184 (D.R.I. 2002) [one purpose of the rule of unanimity is to "prevent one defendant from imposing his choice of forum upon other unwilling defendants"]; *Spillers v. Tillman*, 959 F.Supp. 364, 369 (S.D.Miss. 1997) [same].) Here, the only parties who were prepared to proceed were Pneumo Abex, Carlisle and Honeywell, all of whom formally consented to the removal. (See also *Hewitt v. Stanton,* 798 F.2d 1230, 1232 (9th Cir. 1986) [nominal parties need not consent to the removal].)

### D.     PNEUMO ABEX DID NOT WAIVE ITS RIGHT TO REMOVE

Plaintiffs' Motion argues that Pneumo Abex's "unexpected" decision to file its removal during the middle of the jury selection process without having given any prior notice to either Plaintiffs or the Court that it intended to do so operated as a "waiver" of Pneumo Abex's right to remove. This claim is factually and legally unsupported.

An action may be removed *even after* the state court has rendered judgment, if the removal is otherwise *timely* under the removal statute, which explicitly provides that where the option of removal is first ascertained during the course of litigation, a defendant has up to 30 days to remove, *even if that is at the end of a state court trial.* (*Johnson v. Celotex Corp.*, 701 F.Supp. 553, 554 (D.Md. 1988); 28 U.S.C. § 1446(b).) This express time period is intended to "make uniform the time for filing" notices of removal. (*Rothner v. City of Chicago*, 879 F.2d 1402, 1415 (7th Cir. 1989) [noting that the revisions to 28 U.S.C. § 1446 setting a 30 day time limit have mooted arguments that a defendant's removal right was waived because it could have removed sooner].)

Numerous federal cases have confirmed the propriety of a defendant's decision to remove a state court action to federal court at various times during a state court trial. (See, e.g., *Mancari v. AC & S Company, Inc.*, 683 F.Supp. 91 (D.Del. 1988), [where during asbestos trial plaintiffs orally advised the court that they had reached settlements with all defendants except Raymark, and requested that the court inform the jury that those

defendants were no longer in the case, the case became removable as a matter of right because the remaining parties were diverse]; *Heniford v. American Motors Sales, supra,* 471 F.Supp. 328 [where during plaintiffs' closing arguments to the jury plaintiff repeatedly told the jury not to enter a verdict against the only non-diverse defendant, plaintiff had "sought to eliminate this defendant from any possibility of liability" and "acted to create the requisite diversity of citizenship among the parties"].) Even if a *judgment* has been rendered, a state court case is still a "civil action brought in a state court" for purposes of removal under 28 U.S.C. § 1441(a). (See *Matter of Meyerland Co.*, 960 F2d 512, 517 (5th Cir. 1992); *In re Savers Fed'l Sav. & Loan Ass'n*, 872 F2d 963, 966 (11th Cir. 1989); *King v. Kayak Manufacturing Corp.*, 688 F.Supp. 227, 228-229 (N.D.W.Va. 1988).)

As it acted within thirty days of the date when the case became "removable" with the dismissal of Allied Packing, Pneumo Abex properly removed this case to federal court, even though the jury selection process was ongoing in state court at the time. While Plaintiffs claim that their case was disrupted in mid-stream the fact remains that Pneumo Abex acted promptly once the matter became ripe for removal.

Pneumo Abex did not "waive" anything by removing the case when it did. As a general rule, federal courts are reluctant to interpret a defendant's conduct in state court as constituting a waiver of the right to remove; waiver is usually found only if, *after* it became apparent that the action was removable, the defendant's conduct indicated an *unequivocal* desire to abandon its right to a federal forum. (See *Haynes v. Gasoline Marketers, Inc.*, 184 FRD 414, 416 ((MD AL 1999).) Any purported waiver must be "clear and unequivocal." (*Id.*)

Pneumo Abex's removal was appropriate under the circumstances presented in this case. Plaintiffs' criticism of Pneumo Abex's "guerrilla removal" (i.e., Pneumo Abex's decision to remove the case "without notice" while a jury panel was being hardshipped) undercuts their waiver claim, as it demonstrates that there was never any "clear and unequivocal" expression of Pneumo Abex's abandonment of any rights it might have had

14

DEFENDANT PNEUMO ABEX LLC, SUCCESSOR IN INTEREST TO ABEX CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA (Case No. 2:12-cv-60129-ER)

to remove the case to federal court in the first place. Reading between the lines, it would appear--from Plaintiffs' point of view at least—that the issue of removal never even came up at all at any time during the state court proceedings—so how could Pneumo Abex have "waived" its right to remove?

Plaintiffs cite *California Republican Party v. Michael Mercier*, 652 F.Supp. 928 (C.D. Cal. 1986) for the proposition that a defendant's "affirmative use of the processes of a state court" could operate as a waiver its right to remove. However, that case is distinguishable. The defendant's removal in that case—*upheld* on appeal—was not even close to trial. Further, the Court in that case ruled that as the defendant had the statutory right to remove, its petition was timely, and the plaintiffs had not demonstrated that any conduct occurred which amounted to a "clear and unequivocal" waiver of the right to remove, thus the motion to remand should be denied. (*Mercier, supra,* 652 F.Supp. at 932.)

Plaintiffs rely upon *Waldron v. Skelly Oil Co.*, 101 F.Supp.425 (E.D. Mo. 1951) for the proposition that Pneumo Abex waived its right to remove the case because it continued to appear at trial in the matter for a few days after Plaintiffs dismissed Allied Packing. However, *Waldron* has been disagreed with by modern courts, noting that revisions to 28 U.S.C. § 1446, providing a thirty-day removal period, had "mooted" the question of waiver. (See *Rothner, supra,* 879 F.2d at 1415.)

In *Rothner*, a defendant removed a case to federal court thirty days after it was filed in the state court, and six days after a contested TRO hearing in the state court proceedings. (*Rothner, supra,* 879 F.2d at 1404.) The district court granted a motion to remand, finding that while the removal had been timely filed under 28 U.S.C. § 1446(b), the defendant had waived his right to remove by appearing at the TRO hearing rather than removing the case to federal court beforehand. (*Id.*)

In reversing the remand order, the Seventh Circuit in *Rothner* undertook an extensive review of the history of 28 U.S.C. § 1446. It noted that prior to 1948, the

DEFENDANT PNEUMO ABEX LLC, SUCCESSOR IN INTEREST TO ABEX CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA (Case No. 2:12-cv-60129-ER)

removal statute only required a notice of removal to be filed "at the time, or any time before the defendant is required by the laws of the State…to answer or plead to the declaration or complaint of the plaintiff." (*Rothner*, *supra*, 879 F.2d at 1412-1413.) Further amendments in 1949 included the addition of the "thirty days after ascertaining the case has become removable" language now found in 28 U.S.C. § 1446(b). (*Rothner*, *supra*, 879 F.2d at 1414.)

Despite these revisions, the *Rothner* court noted that claims that defendants had "waived" their right to remove, even if the removal occurred within the time allowed under the amended statute, continued to be asserted in the federal court[5] (*Rothner*, *supra*, 879 F.2d at 1414.) The *Rothner* court commented that the federal court in *Waldron v. Skelly Oil Co.*, 101 F.Supp. 425 (E.D.Mo. 1951)—the main case relied on here by Plaintiffs—wrongly ignored the 1948-1949 revisions to the removal statute in holding that the defendant had waived its right to remove by removing after the plaintiff finished its opening statement, although the removal was otherwise filed timely under 28 U.S.C. § 1446(b). (See *Rothner*, *supra*, 879 F.2d at 1414-1415; see also *Waldron*, *supra*, at 428.) The *Rothner* court ultimately concluded that "28 U.S.C. § 1446(b) *cannot be interpreted to authorize remands on the ground of waiver*." (*Rothner*, *supra*, 879 F.2d at 1415 [emphasis added].)

---

[5] In *Chicago Title & Trust Co. v. Whitney Stores, Inc.*, 583 F.Supp. 575 (N.D.Ill. 1984), a case discussed in *Rothner*, a removal was filed within thirty days of the initial service of the complaint on the defendant, but prior to filing its removal, the defendant first went to the state court to obtain a continuance of the trial date before filing its removal. (*Chicago Title*, *supra*, 583 F.Supp. at 577.) The [*Chicago Title*] court ruled that as the defendant had "tak[en] certain acts in the state court …deemed to constitute a submission to its jurisdiction," it had waived its right to remove. (*Id*.) However, the Federal Rules of Civil Procedure now provide that the right to remove is not lost by a defendant who answers or takes related steps prior to the filing of a removal notice, and this is "consistent with the broad purpose of the statute that a defendant have a definite, ascertainable time within which to remove." (*Rothner*, *supra*, 879 F.2d at 1415; *see* FRCP 81(c).)

Here, the earliest Pneumo Abex could ascertain that Plaintiffs were abandoning or discontinuing their claims against Allied Packing, the last forum defendant, was on Friday, March 9, 2012. Pneumo Abex promptly researched the matter, determined that removal was viable, requested and obtained the consents of the two remaining defendants, and filed its Notice of Removal on Friday, March 16—seven days later. Pneumo Abex promptly invoked federal jurisdiction, did not waive its rights, and Plaintiffs can point to no authority or argument to the contrary.

## V.     CONCLUSION

For all the reasons set forth herein, Pneumo Abex respectfully requests that this Court deny Plaintiffs' Motion to Remand To The State Court, Or In The Alternative Motion For Suggestion Of Remand To The Northern District of California.

Date:  April 24, 2012                              BRYDON HUGO & PARKER


By:     /s/ Thomas J. Moses
        Edward R. Hugo [Bar No. 124839]
        Donna L. Maul [Bar No. 191119]
        Thomas J. Moses [Bar No. 116002]
        tmoses@bhplaw.com
        BRYDON HUGO & PARKER
        135 Main Street, 20th Floor
        San Francisco, CA 94105
        Telephone:  (415) 808-0300
        Facsimile:  (415) 808-0333
        Email: service@bhplaw.com

        Attorneys for Defendant
        PNEUMO ABEX LLC successor in
        interest to ABEX CORPORATION

DEFENDANT PNEUMO ABEX LLC, SUCCESSOR IN INTEREST TO ABEX CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE STATE
COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE
NORTHERN DISTRICT OF CALIFORNIA (Case No. 2:12-cv-60129-ER)

# Exhibit E

WILLIAM A. LEVIN, ESQ. (SBN 98592)
LAUREL L. SIMES, ESQ. (SBN 134637)
SEAN P. WORSEY, ESQ. (SBN 215807)
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone:     (415) 426-3000
Facsimile:     (415) 426-3001
wlevin@levinsimes.com
llsimes@levinsimes.com
sworsey@levinsimes.com

JEFFREY A. KAISER, ESQ. (SBN 160594)
**KAISER GORNICK LLP**
100 First Street, 25th Floor
San Francisco, CA 94105
Telephone:     (415) 857-7400
Facsimile:     (415) 857-7499
jkaiser@kaisergornick.com

Attorneys for Plaintiffs
MOYER HAZELWOOD and SUE HAZELWOOD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### PHILADELPHIA DIVISION

| | |
|---|---|
| **IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | MDL NO. 875 |
| **THIS DOCUMENT RELATES TO:**<br><br>MOYER HAZELWOOD and SUE HAZELWOOD,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants | EDPA Case No. 2:12-cv-60129<br>CAND Case No. 4:12-01313<br>CA Sup. Ct. Case No. RG 11 585967<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>The Honorable Judge Eduardo C. Robreno<br>Room 11614<br>Philadelphia, Pennsylvania<br><br>Trial Date (Alameda Superior Court):  In Trial |

TABLE OF CONTENTS

I.        INTRODUCTION ................................................................................................. 1

II.       STATEMENT OF FACTS ................................................................................... 2

    A.    PLAINTIFFS' JANUARY 20, 2012, SETTLEMENT CONFERENCE

          STATEMENT.................................................................................................... 2

    B.    THE JANUARY 27, 2012, MANDATORY SETTLEMENT CONFERENCE. ... 3

    C.    DEFENDANT'S FAILURE TO PROMPTLY NOTIFY PLAINTIFFS

          COUNSEL AND THE COURT OF THEIR INTENT TO REMOVE PRIOR TO

          COMMENCEMENT OF THE TRIAL. ................................................................ 4

    D.    DEFENDANT ERRONEOUSLY REPRESENTED THAT THE THREE

          SERVED DEFENDANTS HAD NOT BEEN SERVED..................................... 7

    E.    PLAINTIFFS' REQUEST FOR THEIR MOTION TO REMAND TO

          CALIFORNIA SUPERIOR COURT; IN THE ALTERNATIVE MOTION FOR

          SUGGESTION OF MOTION TO REMAND TO THE NORTHERN DISTRICT

          OF CALIFORNIA TO BE HEARD ON SHORTENED TIME............................ 7

III.      LEGAL ARGUMENT........................................................................................... 8

    A.    THE REMOVAL STATUTE SHOULD BE STRICTLY CONSTRUED

          AGAINST REMOVAL JURISDICTION. ........................................................... 8

    B.    PLAINTIFFS MOTION FOR REMAND IS TIMELY.......................................... 8

    C.    DEFENDANT'S NOTICE OF REMOVAL WAS *NOT* TIMELY SERVED AND

          FILED, AND PLAINTIFFS ARE THEREFORE ENTITLED TO REMAND. .... 8

    D.    DEFENDANT FAILED TO OBTAIN CONSENT FROM ALL REMAINING

          DEFENDANTS SERVED IN THIS MATTER. .................................................. 11

    E.    DEFENDANT HAS WAIVED THE RIGHT TO REMOVE THE ACTION TO

          FEDERAL COURT. ......................................................................................... 12

    F.    IN THE ALTERNATIVE PLAINTIFFS HEREBY MOVE FOR SUGGESTION

          OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA............... 14

IV.    CONCLUSION ..................................................................................................... 16

PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR
SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

TABLE OF AUTHORITIES

**Cases**

*California Republican Party v. Michael Mercier,* 652 F. Supp. 928 (C.D. CA 1986)................. 12

*Chicago Title & Trust Co. v. Whitney Stores, Inc.,* 583 F. Supp. 575 (N.D. IL 1984).......... 12, 13

*Doe v. Kerwood,* 969 F.2d 165, 16 (5th Cir. 1992) ........................................................ 2

*Farias v. Bexar County Board of Trustees,* 925 F.2d 866, 871(5th Cir. 1991) ............................ 11

*Gaus v. Miles, Inc.,* 980 F2d 564, 566 (9th Cir. 1992) .................................................. 8

*Gossmeyer v. McDonald et. al.,* 128 F.3d 481, 489 (7th Cir. 1997).............................................. 11

*Harris v. Bankers Life,* 425 F. 3d 689 (9th Cir. 2005)........................................................ 8, 9, 11

*Hessler v. Armstrong,* 684 F. Supp. 393 (Dist. Of De 1988)..................................................... 9, 10

*Lockyer v. Dynegy, Inc., et. al.,* 375 F.3d 831, 838 (9th Cir. 2003) ............................................ 8

*Waldron v. Skelly Oil Co.,* 101 F. Supp. 425 (E.D. Mo. 1951) ............................................. 12, 14

**Statutes**

28 U.S.C. Section 1407(a) ................................................................................................ 15

28 U.S.C. Section 1441(a) ................................................................................................ 2

28 U.S.C. Section 1446 (b) ................................................................................................ 8, 9, 16

28 U.S.C. Section 1446(a) ................................................................................................ 8

28 U.S.C. Section 1446(b)(3) ............................................................................................ 1, 8

28 U.S.C. Section 1447(c) ................................................................................................ 8

California Code of Civil Procedure Section 36(d)........................................................................ 5

**Rules**

California Rule of Court 3.1380 ........................................................................................ 2

California Rule of Court 3.1380(c) .................................................................................... 2

California Rule of Court 3.1380(c)(4) ............................................................................... 2, 10

PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR
SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

# I.     **INTRODUCTION**

Defendant Abex, with the consent of two defendants, belatedly seek removal on grounds of diversity.  On January 20, 2012, plaintiffs served a Mandatory Settlement Conference Statement by fax and mail upon Pnuemo Abex LLC (hereinafter "Abex"), Honeywell International, Inc. (hereinafter "Honeywell") and Carlisle Corporation (hereinafter "Carlisle") notifying them that there were no liability claims against Allied Packing.   Again at the Mandatory Settlement Conference on January 27, 2012, in front of Judge Evelio M. Grillo, counsel for Abex, Honeywell and Carlisle were unequivocally informed that defendant Allied Packing & Supply, Inc. would be dismissed.

On March 16, 2012, defendant Abex filed and served its Notice of Removal.  Two other defendants, Honeywell and Carlisle provided written consent to the removal.  As of March 16, 2012, the trial of this matter had already commenced before the Honorable Jo-Lynne Q. Lee in the Alameda County Superior Court.  One hundred and fifty citizens and residents of Alameda County had been called in for jury service, filled out lengthy questionnaires, and by Thursday March 15, 2012, the hardship process had been completed.  *Voir dire* was expected to be completed on Tuesday March 20, 2012, and the parties were told that their opening statements would be given on March 21, 2012.  Prior to serving their Notice of Removal neither Abex, nor the two consenting defendants had offered any indication that they were planning on removing the case.  (*See* the Declaration of Sean P. Worsey, hereinafter the "Worsey Decl.," at paragraph 51.)  Indeed, the day before, Abex was actively but unsuccessfully trying to resolve the case with plaintiffs but made no mention of their intended plans.  (*See* the Declaration of Laurel L. Simes, hereinafter "Simes Decl.," filed concurrently with Plaintiffs' moving papers.)

Plaintiffs are entitled to immediate remand of this action to the Alameda County Superior Court.   As the facts stated herein will demonstrate, Defendant's removal was procedurally defective and improper for the following reasons:  (1) Removal was untimely under *28 U.S.C. Section 1446(b)(3)* in that removing defendant had received written notice that plaintiffs had

abandoned their claims against non-diverse defendants at least 55 days prior to defendant filing and serving their Notice of Removal; (2) Defendant waived their right to remove by failing to promptly notify the court and plaintiffs' counsel of their intent to remove prior to commencement of trial; and (3) Defendant Pneumo Abex erroneously represented that non-consenting defendants A.W. Chesterton Company, Crown, Cork & Seal, and Parker-Hannifin Corporation had not been served when in fact they had been and failed to obtain their consent to remove, as required by *28 U.S.C. Section 1441(a); Doe v. Kerwood,* 969 F.2d 165, 16 (5th Cir. 1992); *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232-1233 (9th Cir. 1986).

## II.     STATEMENT OF FACTS

**A.     PLAINTIFFS' JANUARY 20, 2012, SETTLEMENT CONFERENCE STATEMENT.**

On October 14, 2011, Judge Lee, issued a Case Management Order, which among other things, required the counsel for the parties to attend a Mandatory Settlement Conference (MSC) in Department 31 of the Alameda County Superior Court, pursuant to *California Rule of Court 3.1380*. Judge Lee ordered the parties to file Settlement Conference Statements in compliance with *California Rule of Court 3.1380(c).* (*See* Case Management Order, page 2, attached as **Exhibit D** to the Worsey Decl.)

*California Rule of Court 3.1380(c)(4)* required the parties, in advance of the MSC, to serve on each party a Mandatory Settlement Conference Statement containing "[a] statement identifying and discussing in detail all facts and law pertinent to the issues of liability and damages involved in the case as to that party." To comply with *Rule 3.1380,* plaintiffs' counsel drafted a Settlement Conference Statement which identified the remaining active defendants and setting forth the basis of liability against them. The remaining active defendants were limited to:

    Bridgestone Americas Tire Operations LLC
    Pneumo Abex, LLC
    Honeywell International, Inc.
    Carlisle Corporation,
    Borg Warner Corporation
    Kelsey Hayes Company
    Eaton Corporation,

- 2 -

Thyssenkrupp Budd Company
Cummins, Inc.

(*See* Plaintiffs' Settlement Conference Statement, attached as **Exhibit E** to the Worsey Decl.)
All of the remaining active defendants identified in plaintiffs' Settlement Conference Statement
are incorporated in States outside of California, and none have their principal place of business in
California.  (*See* the Worsey Decl., and **Exhibits F** through **M** attached thereto.)  On January 20,
2012, plaintiffs served their Settlement Conference Statement on counsel for all parties,
including Abex, Honeywell and Carlisle by mail and fax.  (*See* Plaintiffs' Settlement Conference
Statement attached as **Exhibit E** to the Worsey Decl.)

**B.    THE JANUARY 27, 2012, MANDATORY SETTLEMENT CONFERENCE.**

On January 27, 2012, attorney Sean P. Worsey attended the Mandatory Settlement
Conference on behalf of the plaintiffs.  The conference was held in Department 31 of the
Alameda County Superior Court with the Honorable Evelio M. Grillo presiding.  At the outset of
the conference both Plaintiffs' counsel and counsel for the remaining active defendants gathered
together with Judge Grillo in chambers.  (*See* the Worsey Decl. at paragraph 25.)

Judge Grillo asked counsel for each of the parties to identify themselves and their clients.
In addition to plaintiffs' counsel, counsel for defendants Abex, Honeywell, Carlisle, Budd Co.
(aka Thyssenkrupp Budd), Borg-Warner, Eaton Corporation, Kelsey-Hayes Company and
Cummins, Inc. each stated their presence.  Counsel also appeared on behalf of four other
defendants not included in plaintiffs' Settlement Conference Statement, including Twin Disc,
ArvinMeritor, Indian Head and Vellumoid.  (*See* the Worsey Decl. at paragraphs 26-28, *see* also
Mandatory Settlement Conference Sign in Sheet, attached as **Exhibit O** to the Worsey Decl.)

Counsel for plaintiffs informed Judge Grillo and counsel for the remaining defendants
that plaintiffs had settled with Bridgestone that afternoon and that Bridgestone's counsel would
therefore not be participating.  Judge Grillo asked plaintiffs' counsel in the presence of counsel
for the remaining defendants, if he was expecting any other defendants to appear.  In response,
plaintiffs' counsel stated before Judge Grillo and before all counsel present including counsel for

Abex, Honeywell and Carlisle that he believed that all of the remaining active defendants were present and that plaintiffs had resolved with and/or would be dismissing any other remaining defendants. (*See* the Worsey Decl. at paragraphs 29-31.)

No counsel for any California based defendant, including defendant Allied Packing & Supply, Inc. were referenced in plaintiffs' Mandatory Settlement Conference Statement or appeared at the Mandatory Settlement Conference. As for the four defendants whose counsel appeared on their behalf, despite not being referenced in plaintiffs' January 20, 2012, Settlement Conference Statement, including Twin Disc, Inc., Indian Head Industries, Inc., Vellumoid, Inc. and ArvinMeritor none of those defendants are incorporated in or have their principal places of business in California. (*See* the Worsey Decl. at paragraphs 32 and 35, and **Exhibits P, Q** and **R** to the Worsey Decl.)

Based on the aforementioned facts, defendants Abex, Honeywell, and Carlisle clearly had notice, including written notice, that plaintiffs had abandoned their claims against Allied Packing & Supply, Inc., at least 55 days prior to filing and serving their Notice of Removal. Defendant's removal is therefore untimely, and this case should be remanded to the state court immediately.

## C. DEFENDANT'S FAILURE TO PROMPTLY NOTIFY PLAINTIFFS COUNSEL AND THE COURT OF THEIR INTENT TO REMOVE PRIOR TO COMMENCEMENT OF THE TRIAL.

Plaintiff Moyer Hazelwood is 68 years old. Mr. Hazelwood was diagnosed with malignant mesothelioma, an in incurable and terminal form of cancer in June of 2011, as the result of his exposure to asbestos. (*See* the Declaration of George R. Simon, M.D., hereinafter the "Simon Decl.," attached as Exhibit A to the Worsey Decl., *see also* Report of Barry Horn, M.D., and Report of Samuel Hammar, M.D., attached as Exhibit W and Exhibit X, respectively, to the Worsey Decl.). As of the date of filing this Motion Mr. Hazelwood is still alive. (*See* the Worsey Decl., paragraph 53.) On July 18, 2011, Mr. Hazelwood and his wife, co-plaintiff Sue Hazelwood, filed this action against various manufacturers and sellers of asbestos-containing products. (*See* the Worsey Decl. at paragraph 4.) On September 16, 2011, plaintiff filed and

served a Motion for Preference, under *California Code of Civil Procedure Section 36(d)*. Plaintiffs' motion was supported by the declaration of plaintiffs' treating oncologist Dr. George Simon, who opined that Mr. Hazelwood's condition raised a substantial doubt of his survival beyond six months.  (*See* the Simon Decl. attached as Exhibit A to the Worsey Decl.)  Plaintiffs' Motion for Preference was heard on October 14, 2011.  While Judge Lee denied the Motion for Preference, she nonetheless, granted a relatively early trial date of March 12, 2012, based on the severity of plaintiff's diagnosis and the fact that he had already experienced life threatening pulmonary embolisms as a result of his mesothelioma.  (*See* the Order Denying Motion for Preference, attached as Exhibit B to the Worsey Decl.)  Defendant Abex's own medical expert, David Weill, M.D., testified that the median survival for persons diagnosed with mesothelioma is 12-14 months from date of diagnosis, and that Mr. Hazelwood would almost certainly die from the disease.  (*See* the Deposition of David Weill, M.D., 5:9-11; 50:23-51:9, attached as Exhibit C to the Worsey Decl.)

Defendant's Notice of Removal implies incorrectly that defendant only became aware that this case was removable when Allied Packing & Supply, Inc. filed a dismissal on March 9, 2012.  (*See* paragraph 12 of defendant's Notice of Removal).  Defendant's Notice of Removal also falsely states that "the state court trial judge, with Plaintiffs collaboration prepared Juror Questionnaire that identifie[d] as the only defendants Pneumo Abex, Carlisle and Honeywell." (*See* paragraph 10 of defendant's Notice of Removal; *See* also the Worsey Decl. at paragraphs 42-44.)  Counsel for Abex knows that the aforementioned statements are false.

The Juror Questionnaire that was provided to 150 prospective Alameda County jurors on March 14 and March 15, 2012, was *not* the product of collaboration between the trial judge and plaintiffs' counsel.  Rather, the Juror Questionnaire was the product of negotiations between plaintiffs' counsel and counsel for Abex, Carlisle and Honeywell.   In fact, on March 6, 2012, Grace Clark the legal secretary for plaintiffs' counsel e-mailed counsel for Abex, Carlisle and Honeywell a PDF copy of Plaintiffs' Proposed Juror Questionnaire.  (*See* the March 6, 2012,

email from Grace Clark and Plaintiffs' Proposed Juror Questionnaire, attached as **Exhibit T** to the Worsey Decl.) A simple reading of page 16 of Plaintiffs' Proposed Juror Questionnaire reveals that only Abex, Carlisle, Honeywell and Borg-Warner were identified as defendants. Borg-Warner, a Delaware Corporation headquartered in Ithaca, New York, had actually settled at that point, and was included on the questionnaire only by mistake. (*See* **Exhibit H** to the Worsey Decl.) On March 8, 2012, counsel for defendant Carlisle Corporation emailed its own Proposed Joint Juror Questionnaire to counsel for plaintiffs, Honeywell and Carlisle. (*See* the Email from Don Willenburg and Carlisle's Proposed Joint Juror Questionnaire, attached as **Exhibit U** to the Worsey Decl.) Page 12 of Carlisle's Proposed Joint Juror Questionnaire served by email on March 8th identified only Abex, Honeywell and Carlisle as defendants.

On the same day that Carlisle circulated its Proposed Juror Questionnaire, Sean Worsey, counsel for plaintiffs and counsel for Abex, Carlisle and Honeywell met telephonically to discuss the Juror Questionnaire and other pre-trial issues. Counsel for plaintiffs and defendants largely adopted the Juror Questionnaire proposed by defendant Carlisle. (*See* the Worsey Decl. at paragraph 49.) On March 9, 2012, a Pre-Trial Conference was held before Judge Lee. No counsel for any defendants other than Abex, Carlisle and Honeywell appeared at that pre-trial conference. (*See* the Worsey Decl. at paragraph 50.)

Moreover, commencing on March 5, 2012, and continuing on March 7th, 9th, 12th and 13th counsel for plaintiffs and counsel for Abex, Carlisle and Honeywell began participating in a multi-day further settlement conference process with Judge Grillo. The only defendant other than Abex, Carlisle and Honeywell to participate in these settlement negotiations was Cummins, Inc., who appeared at the March 5th and March 7th settlement conferences before resolving with plaintiffs. No other defendants, and certainly no California based defendant, appeared at or participated at these further settlement conferences. (*See* the Declaration of Laurel L. Simes in Support of Plaintiffs' Motion for Remand, and Exhibit A thereto, where were filed and served concurrently herewith). In the days leading up to the March 12, 2012, trial date, it is clear from

PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

the facts presented above, that counsel for defendants Abex, Carlisle and Honeywell understood that they were the only defendants that plaintiffs were pursuing at trial.

**D.   DEFENDANT ERRONEOUSLY REPRESENTED THAT THE THREE SERVED DEFENDANTS HAD NOT BEEN SERVED.**

Defendant's Notice of Removal erroneously asserts that "according to the records of the state action" certain defendants in this action, including A.W. Chesterton Company, Crown Cork & Seal, and Parker-Hannifin Corporation, were named but never served. Defendant contends that since these remaining defendants were never served, their consent is not required.

Defendant's assertion in this regard is incorrect and misleading. Defendants A.W. Chesterton, Crown Cork & Seal and Parker-Hannifin Corporation were in fact served in this matter, and have yet to be dismissed. If the removing defendant had actually looked at the records of the state court action which are available online, they would have discovered that on September 7, 2011, plaintiffs filed a declaration attaching proofs of service, demonstrating that each of these defendants was in fact served. The declaration and attached proofs of service can even be printed out directly from the Courts' website. (*See* the Worsey Decl. at paragraph 40, *see also* Declaration of Sean P. Worsey Attaching Proofs of Service of Complaint, attached as **Exhibit S** to the Worsey Decl.) Accordingly, defendant failed to obtain the remaining defendants' consent before filing and serving their Notice of Removal and incorrectly stated that no consent was needed.

**E.   PLAINTIFFS' REQUEST FOR THEIR MOTION TO REMAND TO CALIFORNIA SUPERIOR COURT; IN THE ALTERNATIVE MOTION FOR SUGGESTION OF MOTION TO REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA TO BE HEARD ON SHORTENED TIME**

While the case was still pending in the Northern District of California, counsel for defendant Abex entered into a written stipulation to have plaintiffs' Motion for Remand heard on shortened time. The stipulation was based on the exigency that Mr. Hazelwood was suffering from a terminal disease. (*See* Stipulation for Order Shortening Time attached as Exhibit V to the Worsey Decl.) After the matter was transferred to MDL-875, plaintiffs' motion was denied

without prejudice pursuant to Administrative Order No. 11, and plaintiffs asked defendant to renew the stipulation so that this court might hear plaintiffs' Motion for Remand on shortened time. But counsel for Abex refused without explanation. (*See*, Worsey Decl. at paragraph 52.)

### III. <u>LEGAL ARGUMENT</u>

**A. THE REMOVAL STATUTE SHOULD BE STRICTLY CONSTRUED AGAINST REMOVAL JURISDICTION.**

Courts have consistently construed the removal statute against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir. 1992). Indeed, according to *Gaus,* "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Moreover the burden of establishing federal jurisdiction falls squarely on the party seeking removal. *See Lockyer v. Dynegy, Inc., et. al.*, 375 F.3d 831, 838 (9th Cir. 2003).

**B. PLAINTIFFS MOTION FOR REMAND IS TIMELY.**

"A motion to remand the case based on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *28 U.S.C. Section 1447(c).* Here, defendant Abex's Notice of Removal was filed and served on March 16, 2012. Plaintiffs' Motion for Remand is therefore timely served and filed under *Section 1447(c)*.

**C. DEFENDANT'S NOTICE OF REMOVAL WAS *NOT* TIMELY SERVED AND FILED, AND PLAINTIFFS ARE THEREFORE ENTITLED TO REMAND.**

A defendant must file notice of removal within 30 days from the point at which defendant had notice that the action was removable. *28 U.S.C. Section 1446(a)* and *(b)*. Normally, this will be within 30 days after defendant receives the initial pleading. However, pursuant to *28 U.S.C. Section 1446 (b)(3)* "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Depending on the facts, formal dismissal of the non-diverse defendants is not requisite to removal. In *Harris v. Bankers Life*, 425 F. 3d 689 (9th Cir. 2005) the plaintiff filed suit in

- 8 -

Montana State Court against Bankers Life and Casualty Co. ("Bankers") and Banker's insurance agent, Brown. *Id. at 691.* The complaint identified Brown as a resident of Montana and Bankers as an Illinois Corporation. *Id.* The trial was set to begin in February of 2004. *Id.*

In late October 2003, Bankers filed a motion to continue the trial date based in part on the fact that plaintiff had not yet served or dismissed Brown. *Id.* In an October 21, 2003 letter, plaintiff's counsel expressed opposition to any effort to continue the trial date. *Id.* Based on that communication, defendant Bankers concluded that plaintiff had effectively abandoned his claims against Brown, since the then current deadlines in state court would not be achievable if plaintiff intended to pursue his claims against Brown. *Id.*

Bankers then wrote plaintiffs' counsel asking whether Harris intended to pursue service against Brown. *Id.* When Bankers did not receive any response, Bankers filed a notice of removal on November 3, 2003, claiming that the 30 day clock for removal under *28 U.S.C. Section 1446(b)* had begun to run on October 21, 2003. *Id. at 691-692.*

On these facts, the 9th Circuit in *Harris* held that the case became removable on October 21, 2003, the date that Bankers had received the letter wherein plaintiff's counsel expressed opposition to any continuance. *Id. at 696.* It was at that point, according to the court that the complete diversity between the remaining parties first became ascertainable. *Id.*

Other Federal Courts have also found that formal dismissal of non-diverse defendants is not pre-requisite to removability. In *Hessler v. Armstrong,* 684 F. Supp. 393 (Dist. Of De 1988) an asbestos related action was filed in Delaware State Court. All but two defendants Raymark and Metropolitan, which were both foreign corporations, had settled. *Id.* On March 8, 1988, Raymark and Metropolitan filed a petition of removal on grounds that diversity now existed. *Id.*

Plaintiffs filed a motion for remand claiming that defendants' removal petition was not timely under *28 U.S.C. Section 1446(b)* in that it was not filed and served within 30 days of defendant receiving notice from which it could be ascertained that the case had become removable. *Id.* In support of their motion for remand, Plaintiffs provided evidence in the form

PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

of a letter, dated October 21, 1987, wherein counsel for the non-diverse defendants indicated that his clients had settled. *Id. at 394.* Plaintiffs also provided evidence that on October 22, 1987 there was a general asbestos scheduling conference in the state court, which was attended by attorneys for various defendants including Raymark and Metropolitan and that attorney for the plaintiffs stated that the non-removing defendants had settled. *Id.*

On these facts the District Court in *Hessler* found that the removing defendants "had received adequate notice, both by letters and by statements made in Superior Court, to determine in October 1987 and further in December 1987, that the requisites for removability were present." *Id. at 395.* The *Hessler* Court further held that "in cases involving settlement with non-diverse defendants, formal dismissal is not a prerequisite for removability. *See Lesher v. Andreozzi, 647 F. Supp. 920, 921"* [other citations omitted]. *Id.* at 395. "If follows that formal dismissal is not required to provide adequate notice under 1446(b)." *Id.*

Here, defendants received plaintiffs' Settlement Conference Statement on January 20, 2012, a full 55 days before defendants filed their Notice of Removal. Plaintiffs were required by *California Rule of Court 3.1380(c)(4)* to include therein, "[a] statement identifying and discussing in detail all facts and law pertinent to the issues of liability and damages involved in the case as to [each] party." Plaintiffs' Settlement Conference Statement made no reference to Allied Packing & Supply, Inc., or any other non-diverse California based defendant.

Moreover, at the January 27, 2012, Mandatory Settlement Conference, which counsel for all remaining defendants were required to attend, neither counsel for Allied Packing & Supply, Inc., nor any other California based defendant appeared. In fact, when asked by the Judge presiding over the settlement conference whether counsel for any other defendants were expected, plaintiffs' counsel answered in the negative and informed the Judge and the other attorneys present, including counsel for Abex, Honeywell and Carlisle, that all other defendants had either resolved or would be dismissed.

///

If anything, plaintiffs' January 20, 2012, Settlement Conference Statement and the subsequent statements made by plaintiffs' counsel at the January 27, 2012, Mandatory Settlement Conference, provided counsel for Abex, Honeywell and Carlisle with even more unequivocal notice that the case had at that point become removable, than did the October 21, letter sent by plaintiff's counsel in *Harris* merely opposing continuance of the case.

The removing defendants here, waited 55 days from receipt of plaintiffs' January 20, 2012, Settlement Conference Statement, and 49 days from the Mandatory Settlement Conference before filing their Notice of Removal after the trial of the matter had already commenced. Defendant's Notice of Removal was therefore untimely, and this case should be remanded to the state court

## D.  DEFENDANT FAILED TO OBTAIN CONSENT FROM ALL REMAINING DEFENDANTS SERVED IN THIS MATTER.

With the exception of nominal parties, all defendants must join in a removal petition. *Hewitt v. City of Stanton,* 798 F. 2d 1230, 1232 (9th Cir. 1986).  Most federal courts have limited this rule to defendants who were actually served with the Complaint.  *Gossmeyer v. McDonald et. al.,* 128 F.3d 481, 489 (7th Cir. 1997).

"To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'"  *See Farias v. Bexar County Board of Trustees,* 925 F.2d 866, 871(5th Cir. 1991) *(quoting B., Inc. v. Miller Brewing Co.,* 663 F. 2d 545, 549 (5th Cir. 1981).

Here it is apparent that the removing defendant did not even all attempt to obtain the consent of A.W. Chesterton, Crown Cork & Seal and/or Parker-Hannifin Corporation to the removal.  Instead, defendant incorrectly represented that these defendants had never been served rendering their consent unnecessary.  Contrary to defendant's representations, these defendants were served, and it remains defendant's burden to demonstrate why the consent of these defendants is unnecessary.

- 11 -

E.     **DEFENDANT HAS WAIVED THE RIGHT TO REMOVE THE ACTION TO FEDERAL COURT.**

"It is well established that a defendant can make such affirmative use of the processes of a state court as to constitute waiver or estoppel of any right to remove to federal court." *See California Republican Party v. Michael Mercier,* 652 F. Supp. 928 (C.D. CA 1986).   By failing to promptly notify the plaintiff and the trial judge in state court of its intent to remove, for example, a defendant may waive its right to remove.  This is especially true shortly before, at, or during the trial.

> Where an action becomes removable shortly before, at, or during the trial the defendant must take prompt steps to remove the case, if his right to remove is to be preserved; and, unless he does so, proceeding to or continuing with the trial constitutes a waiver of the right of removal, even though the thirty day period may not have elapsed (Moore's Federal Practice 0.157, at 154-55. (2d ed. 1983.)

*Waldron v. Skelly Oil Co.,* 101 F. Supp. 425 (E.D. Mo. 1951) applies the general requirement that intention to remove be voiced immediately when removal becomes available as a case proceeds to trial.  There, plaintiff's attorney dismissed all non-diverse defendants in his opening statement.  At that point the remaining (diverse) defendant was held to have waived its right to remove because its attorneys did not interrupt the statement to ask for a recess so they could prepare a removal petition, but instead waited until plaintiff's opening statement was concluded. *Id. at 428.*

In *Chicago Title & Trust Co. v. Whitney Stores, Inc.,* 583 F. Supp. 575 (N.D. IL 1984) summons was served on defendant on March 23rd, and the case was set for trial April 6th.  At that point the defendant exercised its right to ask for a jury trial, and it then proceeded to get plaintiffs' agreement to continue the trial until April 23rd.  *Id. at 576.*  Thereafter, Whitney removed the case to Federal Court, divesting the state court of jurisdiction and preventing the trial from going forward.  *Id.*  The Court found that the removing defendant breached the prompt notification requirement when it failed to notify the plaintiff or the trial court of its intention to seek removal.  *Id. at 577.*  Defendant's right to remove was waived because defendant "had indeed elected to proceed in state court by obtaining an agreed continuance of its trial without

- 12 -

stating its intent to trigger removal in the interim." *Id at 576*.

In this case, as set forth in detail above, the removing defendant had notice that plaintiffs abandoned their claims against any non-diverse California based defendants some 55 days prior to filing their Notice of Removal. Even if plaintiffs had not provided such notice by way of their January 20, 2012, Settlement Conference Statement and during the January 27, 2012, Mandatory Settlement Conference, the facts here still demonstrate that Abex and the consenting defendants knew that the action had become removable well before the March 12, 2012, trial date. These three defendants (Abex, Honeywell and Carlisle) were the only remaining defendants present and participating each day of the five additional days of settlement conferences by Judge Grillo. This is underscored by the sign-in sheets, minute orders, and Judge Grillo's question as to the remaining defendants in the action during each session. (*See* the Simes Decl.) It is also evidenced by the fact that plaintiffs' Proposed Juror Questionnaire, which was served via email on removing defendants on March 6, 2012, identified only Abex, Carlisle, Honeywell and Borg-Warner as defendants in the action. Carlisle's Proposed Juror Questionnaire, served on counsel for plaintiffs, Abex, and Carlisle on March 8, 2012, provides further evidence, as it only identifies Abex, Honeywell and Carlisle as defendants. Indeed, it is telling that no other defendants were included on any of the emails being circulated in the week leading up to the March 12, 2012, trial date.

Abex asks this Court to believe that it was first placed on notice that that the case was removable on March 9, 2012, when the last non-diverse California based defendant filed its dismissal with the Court and/or when the final Juror Questionnaire was being distributed to 150 prospective jurors over two days on March 14th and 15th. Yet the removing defendant gave no indication that it intended to remove the case prior to March 16, 2012, when it unexpectedly and without warning filed and served its Notice of Removal. If defendant were sincere in its claim that it only learned that the case became removable on March 9, 2012, (a claim contradicted by the facts) defendant could have and should have immediately notified the plaintiffs and the trial

judge that they intended to file and serve a Notice of Removal. At a minimum defendant could have done this before the Court called the first panel of prospective jurors on Wednesday, March 14, 2012. Instead, the removing and consenting defendants proceeded with the jury selection process over two consecutive days, blowing through 150 prospective Alameda County Jurors before unexpectedly and without warning filing and serving their Notice of Removal late in the afternoon on Friday March 16, 2012.

Abex's conduct, including its continued participation the jury selection process at a time when it claims to have been fully aware that the case was removable, and its delay in filing the Notice of Removal under those circumstances, was far more egregious than the conduct of the defendants in *Waldron* or *Whitney.* Under these facts, the Court should find that Abex and the consenting defendants, by failing to promptly notify the plaintiffs and the Court of their intent to remove, consented to the jurisdiction of the state court, and waived their right to remove this matter to federal court.

**F. IN THE ALTERNATIVE PLAINTIFFS HEREBY MOVE FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA.**

While plaintiffs believe that this case should be remanded to the Superior Court of California based on defendants untimely and improper removal, plaintiffs move in the alternative and pursuant to Administrative Order 18 for suggestion of remand to Hon. Judge Claudia Wilken, District Judge for the Northern District of California, located in Courtroom 2, 1301 Clay Street, Oakland, CA 94612. Plaintiffs' motion is supported by the Declaration of Sean Worsey (*See* Worsey Decl. paragraphs 67 through 69.)

After, defendants filed and served their Notice of Remand on March 16, 2012, this matter of assigned to U.S. Magistrate Judge Maria Elena James of the Northern District of California. Defendant Pneumo Abex, LLC filed a Declination to proceed before a Magistrate Judge on March 21, 2012. Thereafter, on March 27, 2012, the case was reassigned to U.S. District Judge Susan Illston. Two days later on March 29, 2012, plaintiffs filed and served their initial Motion for Remand in the Northern District of California. (*See* Worsey Decl. paragraph 70.)

- 14 -

On March 30, 2012, Judge Illston recused herself from the matter, and the case was reassigned to U.S. District Judge Claudia Wilken.  On the same day, defendant Pneumo Abex LLC served a Notice of Entry of Order transferring the case to MDL-875 in the Eastern District of PA.  (*See* Worsey Decl. paragraphs 71.)

Plaintiffs note that the Judicial Panel on Multidistrict Litigation did email plaintiffs' counsel Sean Worsey the Conditional Transfer Order on March 22, 2012, they served only Mr. Worsey and his Partner William Levin, who was not playing an active day to day role in the case at that time.  As Mr. Worsey was accustomed to his legal secretary and case assistant being cc'd on all email service in the state court action and in connection with activity in the Northern District he inadvertently overlooked the email notice from the Judicial Panel, and thereby failed to file a timely objection and opposition to transfer within the 7 day time frame.  (See Worsey Decl. paragraph 72.)

*28 U.S.C. Section 1407(a)* contemplates transfer to an MDL such as MDL-875 for "coordinated or consolidated pre-trial proceedings."  This case, involving a living, but, terminally ill plaintiff, was in trial at the time that defendant filed its Notice of Removal from the Superior Court of California.  Lay and expert discovery had closed on March 9, 2012, prior to commencement of trial.

By the March 9, 2012, discovery cutoff, virtually all discovery had, in fact been completed.  The only exceptions were the deposition of three of defendants' expert witnesses, and the deposition of a purported lay witness disclosed by defendants on the last day of discovery. To accommodate the schedules of defendants' experts, plaintiffs' counsel had agreed to take the depositions of the three experts after the discovery cutoff date.  As for the late disclosed lay witness, plaintiffs objected to his deposition taking place after the close of discovery, but after the trial judge indicated her willingness to allow the deposition to go forward, the parties mutually agreed the deposition would take place on March 19, 2012.  No other discovery needs to be conducted in this matter, and plaintiffs are ready for trial.  Therefore,

PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR
SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

even the Court were to deny plaintiffs Motion for Remand to the state court, plaintiffs alternative Motion for Suggestion of Remand to the Northern District of California, should be granted so that plaintiffs case may be immediately set for trial.

## IV.    CONCLUSION

This is a case that involves a dying plaintiff whose case had commenced trial in the State Court.  The facts demonstrate that defendant Abex's petition for removal was procedurally defective and improper.   Defendant was clearly placed on notice that plaintiffs had abandoned their claims against the only non-diverse California defendant 55 days prior to the date that defendant filed and served its Notice of Removal.  Defendant's removal was thereby untimely under *28 U.S.C. Section 1446(b)*, which requires the Notice of Removal to be filed within 30 days.  In addition, defendant Abex waived its right to remove this matter to the federal court by failing to immediately notify plaintiffs' counsel and the trial court of its intent to remove prior to commencement of trial and prior to commencement of jury selection.  Finally, defendant failed to obtain the written consent of all served defendants remaining in the case, as required by law, rendering their removal petition procedurally defective.  For all of the aforementioned reasons, the Court should immediately remand this matter to the State Court of California, County of Alameda to begin trial immediately with the Honorable Jo-Lynne Q. Lee.

In the alternative, should the court not be inclined to remand this matter back to the state court, this matter was in trial at the time of removal from state court, and remains ready for trial. Therefore, plaintiffs Motion for Suggestion of Remand should be granted, so that this matter may be remanded to the Northern District of California as soon as possible before the Honorable Claudia Wilken.

Dated:  April 9, 2012                                      **LEVIN SIMES LLP**


                                                          */s/ Laurel L. Simes*
                                                          Laurel L. Simes
                                                          Attorneys for Plaintiffs

# Exhibit F

WILLIAM A. LEVIN, ESQ. (SBN 98592)
LAUREL L. SIMES, ESQ. (SBN 134637)
SEAN P. WORSEY, ESQ. (SBN 215807)
**LEVIN SIMES LLP**
353 Sacramento Street, 20th Floor
San Francisco, CA 94111
Telephone:     (415) 426-3000
Facsimile:     (415) 426-3001
wlevin@levinsimes.com
llsimes@levinsimes.com
sworsey@levinsimes.com

JEFFREY A. KAISER, ESQ. (SBN 160594)
**KAISER GORNICK LLP**
100 First Street, 25th Floor
San Francisco, CA 94105
Telephone:     (415) 857-7400
Facsimile:     (415) 857-7499
jkaiser@kaisergornick.com

Attorneys for Plaintiffs
MOYER HAZELWOOD and SUE HAZELWOOD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### PHILADELPHIA DIVISION

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL NO. 875 |
| **THIS DOCUMENT RELATES TO:**<br><br>MOYER HAZELWOOD and SUE HAZELWOOD,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants | EDPA Case No. 2:12-cv-60129<br>CAND Case No. 4:12-01313<br>CA Sup. Ct. Case No. RG 11 585967<br><br>**DECLARATION OF SEAN P. WORSEY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>The Honorable Judge Eduardo C. Robreno<br>Room 11614<br>Philadelphia, Pennsylvania<br><br>Trial Date (Alameda Superior Court):  In Trial |

- 1 -

I, Sean P. Worsey, do hereby declare that the following is true and correct:

1.      I am an attorney at law, licensed and duly admitted to practice before all of the courts of the State of California and am a partner of LEVIN SIMES LLP, one of the attorneys of record for Plaintiffs in the above-captioned matter.  I have knowledge of the matters stated herein and if called as a witness, could competently testify thereto.

2.      Plaintiff Moyer Hazelwood is 68 years old.  Mr. Hazelwood was diagnosed with malignant mesothelioma, an invariably terminal cancer in June 2011.

3.      Attached hereto as **Exhibit A** is a true and correct copy of the Declaration of George R. Simon, M.D., executed on September 8, 2011.

4.      On July 18, 2011, Mr. Hazelwood and his wife, co-plaintiff Sue Hazelwood, filed this action against various manufacturers and sellers of asbestos-containing products.

5.      Attached hereto as **Exhibit B** is a true and correct copy of the order of Hon. Jo-Lynne Q. Lee, Judge of the Alameda Superior Court dated October 14, 2011, denying plaintiffs Motion for Preference, but nonetheless granting plaintiffs the relatively early trial date of March 12, 2012, based on the age and health of the plaintiff.

6.      Attached hereto as **Exhibit C** is a true and correct copy of portions of the deposition transcript of defendant Pneumo Abex LLC's medical expert David Weill, M.D., which was taken on March 5, 2012.

7.      Attached hereto as **Exhibit D** is a true and correct copy of the Case Management Order issued by the Hon. Jo-Lynne Q. Lee on October 14, 2012.

8.      Attached hereto as **Exhibit E** is a true and correct copy of Plaintiffs' Settlement Conference Statement, filed and served on all defendants on January 20, 2012.

9.      I am informed and believe, based on my review of Exhibits F, G and M hereto that defendant Bridgestone Tire Operations LLC, is incorporated in Delaware, and has no business offices in California.

///

- 2 -

DEC OF SEAN P. WORSEY ISO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

10.     Attached hereto as **Exhibit F** is a true and correct copy of portions of defendant Bridgestone Americas Tire Operations, LLC's Responses to Plaintiffs First Set of Special Interrogatories.

11.     Attached hereto as **Exhibit G** is a true and correct copy of a page from the Delaware Secretary of State's website pertaining to Bridgestone America's Tire Operations LLC.

12.     I am informed and believe, based on my review of Exhibits H and M hereto that defendant Borg-Warner Corporation no longer exists, but that its legal successor Borg Warner Morse TEC, Inc. is a Delaware corporation with its principal place of business in Ithaca, New York.

13.     Attached hereto as **Exhibit H** is a true and correct copy of portions of defendant Borg-Warner Corporation's Fourth Amended Supplemental Responses to Plaintiffs Standard Interrogatories to Friction Defendants General Order No. 129.

14.     I am informed and believe, based on my review of Exhibit I and M hereto, that defendant Cummins, Inc. is an Indiana Corporation with its principal place of business located in Columbus, Indiana.

15.     Attached hereto as **Exhibit I** is a true and correct copy of portions of defendant Cummins, Inc.'s Amended Responses to Plaintiffs Standard Interrogatories (General Order 129).

16.     I am informed and believe, based on my review of Exhibit J and M hereto that defendant Crane Co. is a Delaware Corporation, with its headquarters and principal place of business located in Stamford, Connecticut.

17.     Attached hereto as **Exhibit J** is a true and correct copy of portions of defendant Crane Co.'s Responses to Plaintiffs First Set of Interrogatories, In Re: Complex Asbestos Litigation.

18.     I am informed and believe, based on my review of Exhibit K and M hereto, that defendant Eaton Corporation is an Ohio Corporation, with its principal place of business located in Cleveland, Ohio.

19.     Attached hereto as **Exhibit K** is a true and correct copy of portions of defendant Eaton Corporation's Responses to General Order 129 Standard Asbestos Friction Interrogatories.

20.     I am informed and believe, based on my review of Exhibit L and M hereto that defendant Kelsey Hayes Company is a Delaware corporation with its principal place of business located in Livonia, Michigan.

21.     Attached hereto as **Exhibit L** is a true and correct copy of portions of defendant Kelsey-Hayes Company's Answers to Plaintiffs' Standard Interrogatories.

22.     I personally searched the California Secretary of State's website to determine whether any of the active remaining defendants identified in plaintiffs' January 20, 2012, Settlement Conference Statement were registered as domestic corporations or LLC's, and based on that search can state on information and belief that none of those entities is a California corporation or LLC.

23.     Attached hereto as **Exhibit M** are true and correct copies of print outs from the California Secretary of State Website demonstrating that none of the active remaining defendants identified in plaintiffs' January 20, 2012, Settlement Conference Statement are California Corporations or LLC's.

24.     On January 27, 2012, I personally attended the first Mandatory Settlement Conference in this matter.  The conference was held in Department 31 of the Alameda County Superior Court before the Honorable Evelio M. Grillo.

25.     At the outset of the January 27, 2012, Mandatory Settlement Conference both myself and counsel for the remaining active defendants gathered in Judge Grillo's chambers.  All of the statements set forth in paragraphs 26-32 below, occurred in the presence of Judge Grillo and counsel for the defendants who appeared at the hearing.

26.     Judge Grillo asked counsel for the parties to identify themselves and their clients.

27.     In addition to myself, counsel for defendants Abex, Honeywell, Carlisle, Budd Co. (aka Thyssenkrupp Budd), Borg-Warner Corporation, Eaton Corporation, Kelsey-Hayes and

Cummins, Inc. identified themselves as present.

28.     Counsel also stated their appearance on behalf of four defendants not included in plaintiffs Settlement Conference Statement, including counsel for defendant Twin Disc, Inc., ArvinMeritor, Indian Head Industries, Inc., and Vellumoid, Inc.

29.     I informed Judge Grillo and all other counsel that plaintiffs had resolved with Bridgestone before the conference began, and that Bridgestone's counsel would therefore not be participating.

30.     After introductions, Judge Grillo asked me in the presence of all of the defense counsel who had stated their appearances, if we were expecting counsel for any other defendants to appear.

31.     In response, I stated before Judge Grillo and all counsel present including counsel for Abex, Honeywell and Carlisle that I believed that all of the remaining active defendants were present, and that plaintiffs had either resolved with or would be dismissing any other defendants not present.

32.     No counsel for any California based defendant, including defendant Allied Packing & Supply, Inc. appeared at the Mandatory Settlement Conference, and in fact I had already agreed to dismiss Allied Packing & Supply, Inc. by the time of the settlement conference.

33.     Attached hereto as **Exhibit N** is a true and correct copy of the Minutes of the January 27, 2012, Mandatory Settlement Conference.

34.     Attached hereto as **Exhibit O** is a true and correct copy of the sign in sheet that all counsel were asked to sign immediately prior to commencement of the January 27, 2012, Mandatory Settlement Conference.

35.     As for the four defendants whose counsel appeared on their behalf despite not being referenced in plaintiffs' January 20, 2012, Settlement Conference Statement, including Twin Disc, Inc., Indian Head Industries, Inc., Vellumoid, Inc. and ArvinMeritor, plaintiffs are

DEC OF SEAN P. WORSEY ISO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

informed and believe based on their review of Exhibits P, Q and R that none of these defendants are incorporated in or have their principal places of business in California.

36.     Attached hereto as **Exhibit P** is a true and correct copy of printouts from the California Secretary of State's website demonstrating that defendants Twin Disc, Inc., Indian Head Industries, Inc. and Vellumoid, Inc. are not incorporated in California.

37.     Attached hereto as **Exhibit Q** is a true and correct copy of a page from Indian Head Industries, Inc.'s corporate website, that I personally retrieved, demonstrating that their head-quarters is in Charlotte, North Carolina.

38.     Attached hereto as **Exhibit R** is a true and correct copy of defendant ArvinMeritor, Inc's Responses to Plaintiffs' Alameda General Order Interrogatories (Dieden Interrogatories) to Defendants demonstrating that ArvinMeritor is a Delaware corporation with its headquarters in Troy, Michigan.

39.     Attached hereto as **Exhibit S** is a true and correct copy of the Declaration of Sean P. Worsey Attaching Proofs of Service of Complaint together with proofs of service of defendants A.W. Chesterton Company, Crown Cork & Seal and Parker-Hannifin Corporation.

40.     The Declaration and proofs of service which have been attached hereto as **Exhibit S** were and are available and can even be printed out from the Alameda County Court's website where it is listed and contained in the Register of Actions.

41.     As Exhibit S demonstrates, plaintiffs did in fact serve defendants A.W. Chesterton Co., Crown Cork & Seal, and Parker-Hannifin Corporation with the summons and complaint in this matter.  To date, these defendants, none of which are California based, have yet to be dismissed.

42.     Attached hereto as **Exhibit T** is a true and correct copy of the March 6, 2012, email from my legal secretary Grace Clark to myself and counsel for defendants Abex, Carlisle and Honeywell, together with a true and correct copy of plaintiffs' Proposed Juror Questionnaire which was served as an attachment to that e-mail.

DEC OF SEAN P. WORSEY ISO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA

43.     Attached hereto as **Exhibit U** is a true and correct copy of the March 8, 2012, email from Don Willenburg, counsel for Carlisle to myself and counsel for Honeywell and Abex, together with a true and correct copy of Carlisle's Proposed Joint Juror Questionnaire which was served as an attachment to that e-mail.

44.     As Exhibit T and U above make clear, the Juror Questionnaire in this matter was not the product of collaboration between plaintiffs' counsel and the trial judge.

45.     Plaintiffs' submitted a Proposed Juror Questionnaire to counsel for Abex, Honeywell and Carlisle *via* email on March 6, 2012, which has been attached here as Exhibit T. Plaintiffs' Proposed Juror Questionnaire, which was prepared under my supervision identified only diverse, non-California based entities as the defendants, including Abex, Honeywell, Carlisle and Borg-Warner.

46.     Borg-Warner Corporation, was inadvertently included in plaintiffs' March 6, 2012, Proposed Juror Questionnaire, as Borg-Warner Corporation had already resolved with plaintiffs.

47.     On the morning of March 8, 2012, counsel for Carlisle e-mailed Carlisle's own Proposed Joint Juror Questionnaire to myself and counsel for Abex and Honeywell.  Carlisle's Proposed Joint Juror Questionnaire identified only Abex, Honeywell and Carlisle as defendants in the action.

48.     Also, on March 8, 2012, after Carlisle circulated its Proposed Joint Juror Questionnaire to myself, and counsel for Abex and Honeywell via email, I participated in a teleconference with Counsel for Abex, Carlisle and Honeywell to discuss the Juror Questionnaire and other pre-trial matter.

49.     Other than myself, and counsel for Abex, Carlisle and Honeywell, no other counsel for any other defendant participated in the March 8, 2012, teleconference.

50.     On the afternoon of March 9, 2012, a pre-trial conference was held before Judge Lee.  The only attorneys to appear at that pre-trial conference were myself and my partner Laurel

Simes, on behalf of plaintiffs, and counsel for Abex, Carlisle and Honeywell.

51.     On March 16, 2012, defendant Abex filed and served its Notice of Removal. Two other defendants, Honeywell and Carlisle provided written consent to the removal. As of March 16, 2012, the trial of this matter had already commenced before the Honorable Jo-Lynne Q. Lee in the Alameda County Superior Court. One hundred and fifty citizens and residents of Alameda County had been called in for jury service, filled out lengthy questionnaires, and by Thursday March 15, 2012, the hardship process had been completed. *Voir dire* was expected to be completed on Tuesday March 20, 2012, and the parties were told that their opening statements would be given on March 21, 2012. Prior to serving their Notice of Removal neither Abex, nor the two consenting defendants had offered any indication that they were planning on removing the case.

52.     Defendant Pneumo Abex stipulated on March 29, 2012, with plaintiffs to have their motion to remand this case back to State Court heard on shortened time. The Honorable U.S. District Court Judge Claudia Wilken entered the stipulation as an Order on April 3, 2012. Attached hereto as **Exhibit V** is a true and correct copy of the Order allowing Plaintiffs to have their motion for remand to be heard on shortened time. After the matter was transferred to MDL-875, plaintiffs' motion was denied without prejudice pursuant to Administrative Order No. 11, and plaintiffs have asked defendant to renew the stipulation so that this court might hear plaintiffs' Motion for Remand on shortened time. But counsel for Abex refused without explanation.

53.     As of the date of this Declaration plaintiff Moyer Hazelwood is still alive.

54.     The viable defendants in this case, as defined by Administrative Order No. 18, include Pneumo Abex LLC, ("Abex") Honeywell International, Inc., ("Honeywell"), Carlisle Corporation ("Carlisle"), A.W. Chesterton Company, Crown Cork & Seal, Parker Hannifin Co., CBS Corporation, Ingersol-Rand Co., and Union Carbide Corp.

///

55.     The diagnosing reports and opinions that plaintiffs rely upon in compliance with Administrative Order No. 12, are attached here to as **Exhibits W** and **X**.

56.     Attached hereto as **Exhibit W** is a true and correct copy of the report prepared by plaintiffs expert pulmonologist Barry Horn, M.D.

57.     Attached hereto as **Exhibit X** is a true and correct copy of the report prepared by plaintiffs expert Samuel Hammer, M.D.

58.     Because discovery in this matter was closed, and the trial had commenced at the time this matter was removed from the State Court, the parties have not prepared or submitted a Rule 26(f) report to the Court.

59.     Pursuant to the Case Manage Order issued by the state court trial judge in this matter (attached hereto as **Exhibit D**) all discovery in this matter closed on March 9, 2012.

60.     A limited amount of discovery remained to be completed, either by agreement of the parties, or by order of the state court judge after the March 9, 2012 discovery cutoff.

61.     To accommodate the schedules of defendants' experts, plaintiffs' counsel, as a professional courtesy, agreed to take certain of defendants' experts' depositions after the March 9th discovery cutoff date.  As of March 16, 2012, the date defendant Pneumo Abex LLC filed its notice of removal, three of defendants experts had been scheduled to for deposition on March 19th and March 23rd.  In light of the removal, these depositions did not go forward as scheduled.

62.     In addition, at a pre-trial conference before the state court trial judge held on the March 9th, discovery cutoff date, counsel for Carlisle Corporation informed counsel for plaintiffs and  Judge Lee that defendant's had located a previously undisclosed witness that they wished to depose.   Plaintiffs' counsel objected to the late disclosed witness being deposed after the discovery cutoff, but the state court judge indicated her willingness to let the deposition go forward.  Thereafter counsel for plaintiffs and counsel for Carlisle mutually agreed to take the deposition of the late disclosed witness on March 19, 2012 in Richmond VA.  In light of the March 16, 2012 removal, this deposition did not go forward as scheduled.

- 9 -

63.     Aside from the aforementioned depositions, all discovery in this matter had been completed by the March 9, 2012, discovery cutoff date.

64.     As of the date of this declaration the still viable defendants, as defined by Administrative Order No. 18.

65.     The parties had their first Mandatory Settlement Conference on January 27, 2012, before the Hon. Evelio M. Grillo, Judge of the Alameda Superior Court.

66.     Further settlement conferences were held with Judge Grillo on March 5, 7, 9, 12 and 13.  Unfortunately by the last couple of settlement conferences it was clear to plaintiffs' counsel, at least as to defendants Pneumo Abex LLC and Carlisle Corporation, that further settlement conferences would not be fruitful.

67.     Aside from hearing certain motions *in limine*, which the state court trial judge had scheduled to hear on March 19, 2012, there were and are no outstanding motions in this case.

68.     Should the case be remanded, plaintiffs and their counsel are prepared for trial without delay.

69.     On April 6, 2012, my secretary, Grace Clark, called the clerk of transferor court, U.S. Magistrate Judge Claudia Wilken of the Northern District of California, to discuss the status of congestion in that court.  Based on the substance of that conversation, as relayed to me,  I am informed and believe that the transferor court is prepared to set this matter for immediate trial should it be remanded.

70.     After, defendants filed and served their Notice of Remand on March 16, 2012, this matter of assigned to U.S. Magistrate Judge Maria Elena James of the Northern District of California.  Defendant Pneumo Abex, LLC filed a Declination to proceed before a Magistrate Judge on March 21, 2012.  Thereafter, on March 27, 2012, the case was reassigned to U.S. District Judge Susan Illston.  Two days later on March 29, 2012, plaintiffs filed and served their initial Motion for Remand in the Northern District of California.

///

71.     On March 30, 2012, Judge Illston recused herself from the matter, and the case was reassigned to U.S. District Judge Claudia Wilken.  On the same day, defendant Pneumo Abex LLC served a Notice of Entry of Order transferring the case to MDL-875 in the Eastern District of Pennsylvania.

72.     The Judicial Panel on Multidistrict Litigation served, via email, only myself and my partner, William A. Levin, who was not playing an active day to day role in the case at that time the Conditional Transfer Order ("CTO") on March 22, 2012.  As I was accustomed to my legal secretary and case assistant being cc'd on all email service in the state court action and in connection with activity in the Northern District, I inadvertently overlooked the email notice from the Judicial Panel.  I did not realize that I had been served with the CTO until our office received notice that the matter had been transferred to MDL-875 and thereby inadvertently failed to file a timely objection and opposition to transfer within the 7 day time frame.

73.     I am informed and believe that this motion for remand, or in the alternative, motion for suggestion of remand, will be served on all counsel.  Please see the certificate of service, filed concurrently with plaintiffs' moving papers.

I declare under penalty of perjury that the foregoing going is true and correct.  Executed on this __9__ day of April, 2012, at San Francisco, California.

_____
Sean P. Worsey

DEC OF SEAN P. WORSEY ISO PLAINTIFFS' MOTION TO REMAND TO THE STATE COURT; OR IN THE
ALTERNATIVE MOTION FOR SUGGESTION OF REMAND TO THE NORTHERN DISTRICT OF CA