IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY ANDERSON, individually and as Special Administrator of the ESTATE OF LLOYD ANDERSON, deceased,<br><br>                      Plaintiff,<br><br>v.<br><br>THE PROCTOR & GAMBLE COMPANY,<br><br>                      Defendant. | Case No. 11-CV-63482<br><br>MDL - 875<br><br>Transfer from WI-ED 11-CV-0061 |

## THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY'S NOTICE OF OPPOSITION TO REMAND

Defendant The Procter & Gamble Paper Products Company ("P&GPPC") submits this Notice of Opposition to Remand, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation and the May 18, 2012 Conditional Remand Order. In support of its Objection, P&GPPC states the following:

1. Remand to the Eastern District of Wisconsin, Green Bay Division is premature.

2. There are a variety of issues that remain unresolved before the MDL-875 Court. Namely, Plaintiff has yet to produce all the documents related to opinions offered by Plaintiff's lone expert witness as to causation – Dr. Anderson.

3. Second, in conformance with the current scheduling order, P&GPPC has not yet filed *Daubert* motions related to Dr. Anderson. Attached hereto is a copy of the Court's current

1

Scheduling Order for this matter, marked as Exhibit "A". The MDL-875 Court has scheduled hearing on *Daubert* motions related to Dr. Anderson in fifty (50) "Test Cases" for September 25, 2012.

4. Whether or not Dr. Anderson is allowed to testify consistent with his disclosed opinions is a dispositive issue. Should the MDL-875 Court grant the *Daubert* motion related to Dr. Anderson, Plaintiff will be without any testimony related to causation – effectively ending Plaintiff's case. P&GPPC, as a part of the Joint Defense Group, is entitled to a resolution of the outstanding discovery issues related to Dr. Anderson and is further entitled to a ruling on the *Daubert* motion related to Dr. Anderson. To transfer this matter to another court after the MDL-875 Court has spent time and effort to address issues related to Dr. Anderson and before resolution of those issues would be wasteful.

5. Further, if P&GPPC were to file its Dr. Anderson *Daubert* motion in the transferor court instead of the MDL-875 Court, there would be potential for conflicting opinions on a near identical set of facts.

6. Once the MDL-875 Court resolves the *Daubert* motion related to Dr. Anderson, and discovery as to Dr. Anderson is completed, P&GPPC agrees that this matter should be remanded to the Eastern District of Wisconsin for hearing on P&GPPC's Motion for Summary Judgment (which the MDL-875 Court has requested be heard in the Eastern District of Wisconsin) and trial if necessary. However, to remand at this time would squander the efforts of the MDL-875 Court and P&GPPC.

7.   P&GPPC requests that the Remand Order be withheld pending production of the remaining documents related to Dr. Anderson and resolution of the outstanding *Daubert* challenge related to Dr. Anderson.

Dated this 24th of May, 2012.

                                      Respectfully submitted,

                                      _s/ John P. Arranz_____
                                      One of the Attorneys for Defendant
                                      The Procter & Gamble
                                      Paper Products Company

Margaret O. Byrne
John P. Arranz
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Ste. 3300
Chicago, IL 60611
Telephone (312) 321-9100
Fax:  (312) 321-0990

## CERTIFICATE OF SERVICE

The undersigned being first duly sworn on oath deposes and states that on May 24, 2012, I served:

**THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY'S
NOTICE OF OPPOSITION TO REMAND**

By forwarding to counsel via the court's electronic filing system and via electronic mail to the addresses listed below.

**Counsel for the Plaintiff:**
mcascino@cvlo.com;
avaughan@cvlo.com;
bmccoy@cvlo.com; and
lstaff@cvlo.com.

/s/John P. Arranz