```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/31/2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MILTON FORDHAM et al.,

                              Plaintiffs,

       -v-

ASBEKA INDUSTRIES et al.,

                              Defendants.

------------------------------------------------------------------X

12 Civ. 1145 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On October 19, 2011, plaintiffs filed their complaint in this action in New York State Supreme Court, for the County of New York, alleging failure to warn, manufacturing and design defect, negligence, and strict liability against multiple defendants in connection with plaintiff Milton Fordham's asbestosis and lung cancer. On February 14, 2012, defendants CBS Corporation, Foster Wheeler LLC, and General Electric Company filed a timely notice of removal to federal court. (Dkt. 1.)

On March 28, 2012, plaintiffs filed an emergency motion to remand this action to state court. (Dkt. 15). The Court set briefing on plaintiffs' motion on an expedited schedule, and held oral argument on April 25, 2012. At the conclusion of oral argument, the Court ruled from the bench, denying plaintiffs' motion to remand, instead finding that the removing defendants had successfully asserted federal jurisdiction under 28 U.S.C. § 1442(a)(2), the federal officer removal statute. (Dkt. 31.)

1

On May 11, 2012, plaintiffs filed a second motion to remand this action to state court (Dkt. 35), pursuant to a stipulation dismissing the removing defendants with prejudice (Dkt.39). This motion is unopposed.

The retention of federal jurisdiction in a case such as this one, where the only remaining defendants are non-federal ones, is discretionary. *See Parker v. Della Rocco*, 252 F.3d 663, 665-66 (2d Cir. 2001); *Smith v. Anchor Packing Co.*, No. 08-cv-7219, 2008 WL 4899258, at *2 (S.D.N.Y. Nov. 12, 2008). Here, "'values of judicial economy, convenience, fairness, and comity'" warrant remand. *Anchor Packing Co.*, 2008 WL 4899258, at *3 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (once sole basis for federal jurisdiction is eliminated, district court has discretion to remand a case that was previously removed to state court)). The sole basis for federal jurisdiction – the removing defendants' federal officer defense – has been eliminated from this case with the plaintiffs' dismissal, with prejudice, of all claims against these defendants. All that remains in this case are state-law claims and state-law defenses, and thus remand is warranted. *Anchor Packing Co.*, 2008 WL 4899258, at *3.

The Clerk of Court is instructed to terminate the motion pending at docket entry number 35, and to close this case.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: May 31, 2012
New York, New York

2