**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Mary C McNair<br><br>         Plaintiff,<br><br> v.<br><br>Borg-Warner Inc., a corporation,<br>Brake Supply Company, Inc., a corporation,<br>CBS Corporation , a corporation,<br>Ceco Friction Products, Inc., a corporation,<br>Certainteed Corporation , a corporation,<br>Fenner, Inc., a corporation,<br>General Electric Company , a corporation,<br>Goodrich Corporation , a corporation,<br>Honeywell International Inc., a corporation,<br>Maremont Corporation , a corporation,<br>Michelin North America Inc., a corporation,<br>Motion Industries, Inc., as successor to<br>Wisconsin Bearing Company , a corporation,<br>Occidental Chemical Corporation as successor<br>to Hooker Chemical , a corporation,<br>Plastics Engineering Company a/k/a Plenco , a<br>corporation,<br>Pneumo Abex Corporation , a corporation,<br>Rapid American Corporation , a corporation,<br>Rogers Corporation , a corporation,<br>Sauder Custom Fabrication Inc., a corporation,<br>Standco Industries, Inc., a corporation,<br>Union Carbide Corporation , a corporation,<br>Uniroyal, Inc., a corporation,<br><br>         Defendants. | Case No. 1:12-cv-3043 |

## **COMPLAINT**

  Now comes the plaintiff, Mary C McNair (hereinafter "Plaintiff"), by and through her attorneys, Cascino Vaughan Law Offices, Ltd., who complains against defendants as follows:

### **JURISDICTION**

1. Plaintiff is an adult citizen and resident of Illinois and resides in Joliet, Illinois.

2. Defendant Borg-Warner Inc. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

3. Defendant Brake Supply Company Inc. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

4. Defendant CBS Corporation is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed steam generating equipment including without limitation turbines, generators, wire, motors and switch gears. Westinghouse also erected and maintained steam generation equipment

5. Defendant Ceco Friction Products, Inc. manufactured, designed, and sold asbestos products including without limitation, brake linings and friction products.

6. Defendant Certainteed Corporation manufactured, designed, and sold asbestos products including without limitation asbestos-cement sheets, cements, cement pipe, roofing materials, brake and friction products, and wall finishing materials.

7. Defendant Fenner Inc. is responsible for the conduct of Fenner America, Ltd. Fenner America, Ltd. manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

8. Defendant General Electric Company manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

9. Defendant Goodrich Corporation manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

10. Defendant Honeywell International Inc. was formerly known as Allied Signal and is the successor in interest to Allied Corp. which is the successor in interest to The Bendix Corporation, which manufactured, distributed, sold, and/or designed asbestos products, including

without limitation, brake and friction products. Honeywell International Inc. also manufactured, distributed, sold and/or designed asbestos products, including without limitation, pumps and valves.

11. Defendant Maremont Corporation manufactured, designed, and sold asbestos products including without limitation, brake linings and friction products.

12. Defendant Michelin North America Inc. manufactured, designed and sold asbestos products, including without limitation, brake and friction products.

13. Defendant Motion Industries Inc. is responsible for the conduct of Wisconsin Bearing Company. Wisconsin Bearing Company manufactured, designed, and sold asbestos products including without limitation, brake linings and friction products.

14. Defendant Occidental Chemical Corporation is responsible for the conduct of Hooker Chemical. Hooker Chemical manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics.

15. Defendant Plastics Engineering Company manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics.

16. Defendant Pneumo Abex, LLC is responsible for the conduct of Abex Corp., American Brakeblok Division f/k/a American Brake Shoe Co. Abex Corp. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

17. Defendant Rapid American Corporation is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos-containing products, including without limitation pipe covering, block, cements, board, and air cell and supplied asbestos fibers.

18. Defendant Rogers Corporation manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics.

19. Defendant Sauder Custom Fabrication Inc. designed and manufactured asbestos products, including without limitation boilers and steam generation equipment.

20. Defendant Standco Industries Inc. manufactured, designed, and sold asbestos products including without limitation brake and friction products.

21. Defendant Union Carbide Corporation manufactured, distributed, sold, and/or designed asbestos products including plastic molding compounds, electrical and mechanical plastics and phenolics, and mined and sold asbestos fibers.

22. Defendant Uniroyal Inc. designed, manufactured and sold asbestos containing products, including without limitation, cloth, textiles, yarn, gaskets, brakes and friction products.

23. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products."  Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

24. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

25. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

26. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

27. Plaintiff during the course of her employment as a machine operator, inspector, and welder at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

28. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred

by workers working with or near asbestos products.

29. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

30. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with asbestosis on April 24, 2010.

31. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to her personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

32. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

33. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

34. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

35. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of her exposures.

36. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

   b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

  c.  Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

  d.  Failed to instruct Plaintiff, her employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

  e.  Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

37. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## PRAYER FOR RELIEF

38. Plaintiff prays for relief as follows:

  a.  Judgment against defendants, jointly and severally, for compensatory and general damages.

  b.  Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated: April 24, 2012


/S/ Michael P. Cascino
One of the Plaintiff's Attorneys

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

Case: 1:12-cv-03043 Document #: 1-1 Filed: 04/24/12 Page 1 of 2 PageID #:7
Case MDL No. 875 Document 8768-3 Filed 06/05/12 Page 7 of 13

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| Defendant | State Headquarters | State of Principal Business |
|---|---|---|
| Borg-Warner Inc. | Delaware | Michigan |
| Brake Supply Company, Inc. | Indiana | Indiana |
| CBS Corporation | Delaware | Pennsylvania |
| Ceco Friction Products, Inc. | North Carolina | North Carolina |
| Certainteed Corporation | Delaware | Pennsylvania |
| Fenner, Inc. | Delaware | Pennsylvania |
| General Electric Company | New York | Connecticut |
| Goodrich Corporation | New York | North Carolina |
| Honeywell International Inc. | Delaware | New Jersey |
| Maremont Corporation | Delaware | Michigan |
| Michelin North America Inc. | South Carolina | South Carolina |
| Motion Industries, Inc., as successor to Wisconsin Bearing Company | Delaware | Alabama |
| Occidental Chemical Corporation as successor to Hooker Chemical | New York | Texas |
| Plastics Engineering Company a/k/a Plenco | Wisconsin | Wisconsin |
| Pneumo Abex Corporation | Delaware | Connecticut |
| Rapid American Corporation | Delaware | New York |
| Rogers Corporation | Massachusetts | Connecticut |
| Sauder Custom Fabrication Inc. | Delaware | Kansas |
| Standco Industries, Inc. | Delaware | Texas |
| Union Carbide Corporation | New York | Texas |
| Uniroyal, Inc. | New Jersey | Conneticut |

**Exhibit B**
Plaintiff's work history

| Job-Site | City | State | First year at site (approx.) | Last year at site (approx.) |
|---|---|---|---|---|
| Raleigh Co | Raleigh | MS | 1967 | 1969 |
| 3M | Redford Park | IL | 1988 | 1998 |
| Genstar | Chicago | IL | 1981 | 1999 |
| Genstar | Chicago | IL | 1985 | 1988 |
| Johns Manville | Rockdale | IL | 1970 | 1998 |
| Johns Manville | Rockdale | IL | 1975 | 1980 |
| Western Electric | Montgomery | IL | 1969 | 1975 |
| Mobil Oil Refinery | Morris | IL | 1980 | 1981 |

# United States District Court
## Northern District of Illinois – CM/ECF LIVE, Ver 5.0.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:12–cv–03043

| | |
|---|---|
| McNair v. Borg–Warner, Inc. et al | Date Filed: 04/24/2012 |
| Assigned to: Honorable John W. Darrah | Jury Demand: Both |
| Demand: $75,000 | Nature of Suit: 368 P.I. : Asbestos |
| Cause: 28:1332 Diversity–Asbestos Litigation | Jurisdiction: Diversity |

**Plaintiff**

**Mary C McNair**     represented by     **Michael Peter Cascino**
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
(312) 944–0600
Email: ecf.cvlo@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Borg–Warner, Inc.**
*a corporation*

**Defendant**

**Brake Suppy Company Inc.**
*a corporation*

**Defendant**

**CBS Corporation**     represented by     **Joseph Philip Rejano**
*a corporation*
Foley &Mansfield
55 West Monroe
#34030
Chicago, IL 60603
312 254–3800
Fax: 312 254–3801
Email: jrejano@foleymansfield.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ceco Friction Products Inc.**     represented by     **Ahndrea Renae Van Den Elzen**
*a corporation*
Peterson, Johnson &Murray, S.C.
733 North Van Buren Street
6th Floor
Milwaukee, WI 53202
(414)278–8800
Email: arv@pjmlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Certainteed Corporation**     represented by     **Tobin J Taylor**
*a corporation*
Heyl Royster Voelker &Allen, P.C.
124 S.W. Adams Street
Suite 600
Peoria, IL 61602
(309)676–0400
Fax: (309)676–3374
Email: ttaylor@heylroyster.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Fenner Inc.**
*a corporation*

**Defendant**

**General Electric Company**
*a corporation*

**Defendant**

**Goodrich Corporation**
*a corporation*

**Defendant**

**Honeywell International Inc.**    represented by    **Maureen A. Coleman**
*a corporation*      Tressler LLP
      233 South Wacker Drive
      22nd Floor
      Chicago, IL 60606−6399
      (312) 627−4000
      Email: mcoleman@tresslerllp.com
      *LEAD ATTORNEY*
      *ATTORNEY TO BE NOTICED*

**Defendant**

**Maremont Corporation**
*a corporation*

**Defendant**

**Michelin North America Inc.**
*a corporation*

**Defendant**

**Motion Industries Inc**    represented by    **David Lee Szlanfucht**
*a corporation*      Rakoczy Molino Mazzochi Siwik
*successor*      9200 Ward Parkway
Wisconsin Bearing Company      Suite 400
      Kansas City, MO 64114
      (816)960−1611
      Email: dszlanfucht@rwdmlaw.com
      *ATTORNEY TO BE NOTICED*

**Defendant**

**Occidental Chemical Corporation**
*a corporation*
*successor*
Hooker Chemical

**Defendant**

**Plastics Engineering Company**    represented by    **Edward J. McCambridge**
*a corporation*      Segal, McCambridge, Singer &Mahoney,
*also known as*      Ltd.
Plenco      233 S. Wacker Drive
      Suite 5500
      Chicago, IL 60606
      (312) 645−7800
      Email: emccambridge@smsm.com
      *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Pneumo Abex Corporation**
*a corporation*

**Defendant**

**Rapid American Corporation**
*a corporation*

**Defendant**

**Rogers Corporation**
*a corporation*

**Defendant**

**Sauder Custom Fabrication Inc.**
*a corporation*

**Defendant**

| | | |
|---|---|---|
| **Standco Industries Inc**<br>*a corporation* | represented by | **Harvey A. Paulsen**<br>Paulsen, Malec &Malartsik, Ltd.<br>1761 South Naperville Road<br>Suite 202<br>Wheaton, IL 60189<br>(630)871−1414<br>Email: hpaulsen@paulsenmalec.net<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Union Carbide Corporation**<br>*a corporation* | represented by | **Tobin J Taylor**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Uniroyal Inc**
*a corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/24/2012 | 1 | COMPLAINT filed by Mary C McNair; Jury Demand. Filing fee $ 350, receipt number 0752−7082331. (Attachments: # 1 Errata A, # 2 Exhibit B)(Cascino, Michael) (Entered: 04/24/2012) |
| 04/24/2012 | 2 | CIVIL Cover Sheet (Cascino, Michael) (Entered: 04/24/2012) |
| 04/24/2012 | 3 | ATTORNEY Appearance for Plaintiff Mary C McNair by Michael Peter Cascino (Cascino, Michael) (Entered: 04/24/2012) |
| 04/24/2012 | 4 | Corporate Disclosure STATEMENT by Mary C McNair (Cascino, Michael) (Entered: 04/24/2012) |
| 04/24/2012 | 5 | Notice of Tag−Along Action by Mary C McNair (Cascino, Michael) (Entered: 04/24/2012) |
| 04/24/2012 | | CASE ASSIGNED to the Honorable John W. Darrah. Designated as Magistrate Judge the Honorable Sidney I. Schenkier. (daj, ) (Entered: 04/25/2012) |
| 05/14/2012 | 6 | MINUTE entry before Honorable John W. Darrah: Initial status hearing set for 6/26/12 at 9:30 a.m. Mailed notice (ma,) (Entered: 05/15/2012) |

| | | |
|---|---|---|
| 05/23/2012 | 7 | WAIVER OF SERVICE returned executed by Pneumo Abex Corporation. Pneumo Abex Corporation waiver sent on 4/27/2012, answer due 6/26/2012. (Scott, Robert) (Docket Text Modified by Clerk's Office) (Entered: 05/23/2012) |
| 05/24/2012 | 8 | *Summary Answer, Affirmative Defenses* ANSWER to Complaint with Jury Demand by Union Carbide Corporation(Taylor, Tobin) (Entered: 05/24/2012) |
| 05/24/2012 | 9 | *Summary Answer, Affirmative Defenses* ANSWER to Complaint with Jury Demand by Certainteed Corporation(Taylor, Tobin) (Entered: 05/24/2012) |
| 05/24/2012 | 10 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Union Carbide Corporation *Corporate 7.1 Disclosure Statement* (Taylor, Tobin) (Entered: 05/24/2012) |
| 05/24/2012 | 11 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Certainteed Corporation *7.1 Disclosure Statement* (Taylor, Tobin) (Entered: 05/24/2012) |
| 05/24/2012 | 12 | ANSWER to Complaint with Jury Demand by CBS Corporation (Attachments: #1 Notice of Filing Notice of Tag–Along Action, #2 Notice of Filing Notification as to Affiliates, #3 Supplement Disclosure Statement Pursuant to F.R.C.P. 7.1 of Defendant CBS Corporation, #4 Supplement Jury Demand)(Rejano, Joseph) (Entered: 05/24/2012) |
| 05/29/2012 | 13 | CERTIFICATE Notice of Tag–Along Action and Certificate of Service (Coleman, Maureen) (Entered: 05/29/2012) |
| 05/29/2012 | 14 | ATTORNEY Appearance for Defendant Honeywell International Inc. by Maureen A. Coleman (Coleman, Maureen) (Entered: 05/29/2012) |
| 05/29/2012 | 15 | ANSWER to Complaint *and Affirmative Defenses* by Honeywell International Inc.(Coleman, Maureen) (Entered: 05/29/2012) |
| 05/29/2012 | 16 | Disclosure Statment Pursuant to Fed. R. Civ. P. 7.1 STATEMENT by Honeywell International Inc. (Coleman, Maureen) (Entered: 05/29/2012) |
| 05/30/2012 | 17 | ATTORNEY Appearance for Defendant Plastics Engineering Company by Edward J. McCambridge (McCambridge, Edward) (Entered: 05/30/2012) |
| 05/30/2012 | 18 | ANSWER to Complaint *, Affirmative Defenses and Certificate of Service* by Plastics Engineering Company(McCambridge, Edward) (Entered: 05/30/2012) |
| 05/30/2012 | 19 | CERTIFICATE of Service by Defendant Plastics Engineering Company *for service of Special Interrogatories to Plaintiff and Request for Production of Documents to Plaintiff* (McCambridge, Edward) (Entered: 05/30/2012) |
| 05/30/2012 | 20 | ATTORNEY Appearance for Defendant Standco Industries Inc by Harvey A. Paulsen (Paulsen, Harvey) (Entered: 05/30/2012) |
| 05/31/2012 | 21 | ANSWER to Complaint with Jury Demand by Ceco Friction Products Inc.(Van Den Elzen, Ahndrea) (Entered: 05/31/2012) |
| 05/31/2012 | 22 | answer to cross–claims by Ceco Friction Products Inc. (Van Den Elzen, Ahndrea) (Entered: 05/31/2012) |
| 05/31/2012 | 23 | ATTORNEY Appearance for Defendant Ceco Friction Products Inc. by Ahndrea Renae Van Den Elzen (Van Den Elzen, Ahndrea) (Entered: 05/31/2012) |
| 05/31/2012 | 24 | Disclosure Statement by Ceco Friction Products Inc. (Van Den Elzen, Ahndrea) (Entered: 05/31/2012) |
| 05/31/2012 | 25 | ANSWER to Complaint by Motion Industries Inc(Szlanfucht, David) (Entered: 05/31/2012) |
| 05/31/2012 | 26 | ATTORNEY Appearance for Defendant Motion Industries Inc by David Lee Szlanfucht (Szlanfucht, David) (Entered: 05/31/2012) |

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Mary C McNair,

                Plaintiff,

v.

Borg-Warner Inc., et al.,

                Defendants.

Case No. 1:12-cv-3043

### NOTICE OF TAG-ALONG ACTION

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending to the Federal Court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order.") That order also applies to "tag-along actions" or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either 1) enter a conditional transfer order pursuant to MDL Rule 7.4(a) or 2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule 7.5(b).

All matters except service and defendants' appearances and answers are stayed.

Dated: April 24, 2012.


  s/ Michael P. Cascino
Attorney for Plaintiff

Michael P. Cascino
CASCINO VAUGHAN LAW OFFICES, LTD.
220 South Ashland Avenue
Chicago IL 60607
Phone: 312-944-06000