## U.S. District Court
## Northern District of Ohio (Cleveland)
## CIVIL DOCKET FOR CASE #: 1:12-cv-10001-JG
## Internal Use Only

| | |
|---|---|
| Bugarin v. American President Lines Ltd. et al<br>Assigned to: Judge James S. Gwin<br>Cause: 46:688 Jones Act | Date Filed: 06/01/2012<br>Jury Demand: Plaintiff<br>Nature of Suit: 368 P.I. : Asbestos<br>Jurisdiction: Federal Question |

**Plaintiff**

Jose M. Bugarin     represented by    **Donald A. Krispin**
Maritime Asbestosis Legal Clinic
Division of Jaques Admiralty
1370 Penobscot Bldg.
645 Griswold
Detroit, MI 48226-4192
800-492-3849
Email: Ladmiralty@aol.com
*ATTORNEY TO BE NOTICED*

**Robert E. Swickle**
Maritime Asbestosis Legal Clinic
Division of Jaques Admiralty
1370 Penobscot Bldg.
645 Griswold
Detroit, MI 48226
800-492-3849

V.

**Defendant**

American President Lines Ltd.

**Defendant**

A.W. Chesterton Co.

**Defendant**

Crane Company

**Defendant**

Crown, Cork & Seal Co., Inc.

**Defendant**

Gatke Corporation

**Defendant**

General Refractories

**Defendant**

IMO Industries, Inc.

**Defendant**

John Crane Inc.

**Defendant**

Matson Navigation Co. Inc.

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2012 | | Judge James S. Gwin assigned to case. (C,BA) (Entered: 06/05/2012) |
| 06/01/2012 | 1 | **Complaint** with jury demand against A.W. Chesterton Co., American President Lines Ltd., Crane Company, Crown, Cork & Seal Co., Inc., Gatke Corporation, General Refractories, IMO Industries, Inc., John Crane Inc. & Matson Navigation Co. Inc. Filing fee paid. Receipt # 14660053101. Filed by Jose M. Bugarin. (Attachments: # 1 Civil Cover Sheet) (C,BA) (Entered: 06/05/2012) |
| 06/05/2012 | | Random Assignment of Magistrate Judge pursuant to Local Rule 3.1. In the event of a referral, case will be assigned to Magistrate Judge Vecchiarelli. (C,BA) (Entered: 06/05/2012) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jose M. Bugarin

    Plaintiff,

vs

American President Lines Ltd.
Chesterton Co., A. W.
Crane Company
Crown, Cork & Seal Co., Inc.
Gatke Corporation
General Refractories
IMO Industries, Inc.
John Crane Inc.
Matson Navigation Co. Inc.

    Jointly and Severally, 9 Defendants

No: 1:12 CV 10001
JUDGE CARR
JUDGE GWIN

COMPLAINT
[L3004]

    NOW COMES Plaintiff through counsel undersigned of The Maritime Asbestosis Legal Clinic, a Division of The Jaques Admiralty Law Firm, and in declaring against Defendants, jointly and severally, states as follows:

1. This Court takes jurisdiction of this cause by virtue of Article III, Section 2 of the Constitution of the United States, and by virtue of the Jones Act, 46 U.S.C.A. §30104 and with regard to the Products Defendants, by virtue of 28 U.S.C. §1332, whereby the parties are citizens of different states, Defendants being corporations incorporated under a state or sovereignty and having their respective principal place of business in a state or sovereignty other than the state of citizenship of plaintiff; but in the event of individual variance therefrom as herein pleaded aforesaid, then Plaintiff for such variance hereby invokes Rule 9(h) of the Federal Rules of Civil Procedure constituting an admiralty cause; and the amount in controversy as to the named Plaintiff exceeds Seventy Five Thousand ($75,000.00) Dollars.

2. Plaintiff is a career Merchant Mariner who spent his life as a seaman aboard divers American ships, plying waters, domestic and foreign, port-to-port throughout the world; and while aboard Defendants' ships as a crewmember, Plaintiff was constantly exposed to asbestos friable fibers, causing him to breathe into his system carcinogenic asbestos dust resulting in harm to the Plaintiff, which events of harm occurred constantly and while in many waters and ports-of-call wherein venue, no matter where laid, is inconvenient to the numerous scattered parties herein, along with multiple divers witnesses.

3. Alternatively and/or in addition thereto, Plaintiff sailed aboard American ships in a capacity other than that of a Merchant Mariner and while aboard the aforesaid ships Plaintiff was constantly exposed to asbestos friable fibers, causing him to breathe into his system carcinogenic asbestos dust resulting in harm to the Plaintiff, which events of harm occurred constantly and while in many waters and ports-of-call wherein venue, no matter where laid, is inconvenient to the numerous scattered parties herein, along with multiple divers witnesses.

4. Alternatively and/or in addition thereto, Plaintiff was employed at various land-based facilities, and while working at these facilities Plaintiff was constantly exposed to asbestos friable fibers, causing him to breathe into his system carcinogenic asbestos dust resulting in harm to the Plaintiff.

5. Aboard the ships the Plaintiff sailed throughout his career, asbestos products were placed on the vessels by Manufacturing Defendants and Distributors of this cause, creating shipboard atmospheric environment of perilous carcinogen toxin, rendering the workplace of the Plaintiff aboard each vessel an unseaworthy condition.

6. Defendant Shipowners negligently maintained each respective vessel in an unsafe, unseaworthy condition in causing crewmen exposure to divers forms and substance of toxic chemicals and carcinogens inclusive of but not limited to friable asbestos, passive inhalation of smoke from accumulated smoke from exhaled smoke and burning cigarettes that formed clouds of smoke within an atmosphere of smoke cloud formation as well as accumulated dust, the stagnant condition of which persisted without abating for want of proper ventilation.

7. As against Shipowner employers, independently or as successors-in-interest, Plaintiff seeks to thrust two causes of action: negligence under The Jones Act, 46 U.S.C. §30104. and unseaworthiness of each vessel under the General Admiralty and Maritime Law whereby the Shipowner warrants to crewmen to provide a reasonably safe vessel and working conditions, reasonably fit for the purpose for which it was intended which implied warranty was substantially breached by the Shipowner Defendants.

8. As to Shipbuilder as well as Machinery Manufacturer Defendants, independently or as successor-in-interest, manufacturers of boilers, generators, etc., aboard the respective vessels, each of said Defendants contemplated use of asbestos insulation thereon as well as use of asbestos products as integral parts thereof, fibers from which emitted into the atmosphere and circulated about the work and living areas of the vessel to which the crewmen were forced to breathe into their systems.

9. As to the Manufacturers and Distributors, independently or as successor-in-interest, of asbestos and asbestos products, said Defendants designed, manufactured and marketed asbestos products which were placed aboard divers merchant ships on which Plaintiff served as crewman; and Plaintiff thereupon was exposed to asbestos toxic dust which, along with other carcinogens and chemicals improvidently allowed and maintained aboard vessels like cigarette and tobacco smoke coupled with inadequate shipboard enclosed area ventilation, alone or in combination, caused the devastating pulmonary disease Plaintiff now suffers.

10. Moreover, in addition and alternatively, with respect to each and every defendant over which diversity of citizenship lies and with regard to exposures occurring to plaintiff at land-based facilities and not within the Court's admiralty and maritime jurisdiction or exposures occurring while aboard ships not in a capacity of a Merchant Mariner, defendants designed, manufactured and marketed asbestos products, products designed for asbestos use and products containing asbestos all and singular, to which plaintiff was exposed causing and contributing to the devastating medical condition plaintiff now suffers flowing therefrom.

11.  As a direct and proximate result of said exposure to asbestos, Plaintiff suffers cancerphobia, traumatic stressful fear of affliction and worsening of pneumoconiosis as well as exacerbation of existing diseases; and suffers anatomical disorder, structural changes, pulmonary diseases inclusive of asbestosis / mesothelioma / lung cancer / pneumoconiosis / chronic obstructive pulmonary disease / colon cancer / stomach cancer / rectal cancer / kidney cancer / pancreas cancer / pharynx cancer / brain cancer / other anatomical cancer, et cetera, either singularly or in combination thereof; and, moreover, Plaintiff suffers harm in the form of necessity to be monitored for other asbestotic diseases including lung cancer.

12.  Defendants committed breach of their duty to Plaintiff a foreseeable user by negligent failure to reasonably adhere to safe standards of design and manufacture of their products, and negligently failed to properly warn Plaintiff a foreseeable user of the peril and committed breach of implied warranty of merchantability and fitness for the intended use of the products, all to the detriment of Plaintiff's health and well-being.

13.  Defendants produced, mixed, labeled, sold and/or placed into the stream of commerce their products containing asbestos; said products were defective and constituted an unreasonable risk of harm to persons, including Plaintiff who would become exposed to the abestos fibers.

14.  The defective condition of Defendant's products existed at the time its products were placed into the stream of commerce by Defendant and continued to exist without substantial change at the time of Plaintiff's exposure to it.

16.  Defendants knew or should have known of the unreasonably dangerous condition of the products and the substantial danger to human health that the condition created.

17.  Defendants failed to adequately inform, or warn Plaintiff of the dangerous and harmful character of the products.

18.  As a direct and proximate result of the dangerous and defective condition of said products that Defendants placed into the stream of commerce, Plaintiff suffered serious injuries and losses.

19.  Defendants, each, at all times herein relevant, committed acts and omissions of willful and wanton disregard for the safety and health of those unto whom the asbestos fibers foreseeably were exposed, including the Plaintiff, constituting gross negligence as to non-vessel owner Defendants; then, as to Shipowners, the same applies, as well as the added averment that Shipowner Defendants willfully and wantonly with reckless indifference and disregard for Plaintiff's safety did at all times relevant maintain the vessels in an unseaworthy condition with knowledge aforethought, and thereby formulated the basis for punitive damages.

20. As a direct and proximate result of the acts and omissions aforestated by each of the defending parties herein, Plaintiff sustained injuries as an indivisible, cumulative cause of each of the stated Defendants as contemplated in 341 U.S. 6, 71 S.Ct. 534 (1951). Plaintiff seeks damages as below stated:

a. Loss of earnings and earning capacity;

b. Fear of cancer and other asbestotic disease onset;

c. Pain and suffering, past and future;

d. Mental anguish, fright and shock, embarrassment, humiliation or mortification, past and future;

e. Costs of being forever medically monitored for disease onset and worsening;

f. Loss of pleasure, including social and recreational amenities, past and future;

g. Exemplary and punitive damages;

h. Any and all other elements of damage cognizable in law which may be raised, pleaded and proved by the Plaintiff during the pendency of this cause and at the time of trial.

WHEREFORE Plaintiff demands trial by jury [or the Court, where applicable under 9(h) in accordance with paragraph 1] and judgment against Defendants, jointly and severally, in an amount exceeding Seventy Five Thousand ($75,000.00) Dollars, to be more particularly calculated and adjusted upwards during the pendency of this cause; and Plaintiff demands punitive damages in an amount to be determined upon ascertaining the net worth of each Defendant herein; and Plaintiff further seeks interest, attorney fees and costs to be taxed in accordance with law, and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

THE MARITIME ASBESTOSIS LEGAL CLINIC, a
Division of THE JAQUES ADMIRALTY LAW FIRM

By: s/ Donald A. Krispin
DONALD A. KRISPIN (P32381)
ROBERT E. SWICKLE (P21211)
Attorney for Plaintiff
645 Griswold St. Ste 1550
Detroit, Michigan 48226
(800)492-3849

JURY DEMAND

Plaintiff hereby demands trial by jury of all issues of this cause.

                THE MARITIME ASBESTOSIS LEGAL CLINIC, a
                Division of THE JAQUES ADMIRALTY LAW FIRM

                s/ Donald A. Krispin
BY: _____
                DONALD A. KRISPIN (P32381)
                ROBERT E. SWICKLE (P21211)
                Attorney for Plaintiffs
                645 Griswold St. Ste 1550
                Detroit, MI 48226
                (800) 492-3849

WAIVER OF FILING FEE

The above styled cause is a suit for the enforcement of laws enacted for the health and safety of seamen within the meaning of 28 U.S.C. §1916, permitting the filing of the within cause without pre-payment of fees or costs or security therefor.

                THE MARITIME ASBESTOSIS LEGAL CLINIC, a
                Division of THE JAQUES ADMIRALTY LAW FIRM

                s/ Donald A. Krispin
BY: _____
                DONALD A. KRISPIN (P32381)
                ROBERT E. SWICKLE (P21211)
                Attorney for Plaintiffs
                645 Griswold St. Ste 1550
                Detroit, MI 48226
                (800) 492-3849