**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)

James Allan Brown, et al. v. Kaiser Gypsum Company, Inc., et al.,  )
    E.D. Pennsylvania, C.A. No. 2:11-60063               )          MDL No. 875
    (W.D. Washington, C.A. No. 3:10-05873)               )


**SEPARATION OF CLAIMS AND REMAND ORDER**


      **Before the Panel:**[*]  Pursuant to Panel Rule 10.2, defendant Carrier Corporation (Carrier) moves to modify our order, entered at the suggestion of the transferee court, conditionally remanding this action (*Brown*) to the Western District of Washington, with the exception of any claims for punitive or exemplary damages that have previously been severed by the transferee court.[1]  The *Brown* plaintiffs oppose the motion.

      In its motion, Carrier states that it "does not oppose" Section 1407 remand, but requests that the Panel's remand order "include an instruction to the transferor court that the parties be afforded a period of two months in which to file motions in limine and/or *Daubert* motions prior to setting the case for trial."  Carrier further states that the parties have not yet filed such motions, and, thus, to the extent the filing of motions *in limine* and *Daubert* motions are considered to be encompassed in pretrial proceedings, such proceedings have not been completed in *Brown*.

      After considering all argument of counsel, we will deny Carrier's motion.  The Panel has no authority to issue instructions to the transferor court regarding the tasks remaining to ready an action for trial, or, for that matter, a means of enforcing them.  *See In re Capital Underwriters, Inc. Sec. Litig.*, 464 F. Supp. 955, 959 n.4 (J.P.M.L. 1979) ("The Panel has neither the power nor the inclination to dictate in any way the manner in which transferor or transferee judges supervise actions pending before them.").  For whatever benefit it may be to the transferor court, we note that it is our understanding that the transferee judge typically has not decided post-summary judgment pretrial motions, including *Daubert* motions and other motions *in limine*, in the belief that those matters are better decided by the transferor courts following remand.

---

[*]  Judge Kathryn H. Vratil and Judge Marjorie O. Rendell took no part in the decision of this matter.

[1]  *See In re Collins*, 233 F.3d 809, 812 (3d Cir. 2000).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims by plaintiffs in *Brown*, except the severed claims for punitive or exemplary damages, are remanded to the Western District of Washington.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.        Barbara S. Jones
Paul J. Barbadoro            Charles R. Breyer