IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Beverly Anderson, individually and as Special Administrator of the Estate of Lloyd Anderson, deceased,<br>　　　　　　　　　　　　Plaintiff,<br>　v.<br><br>CBS Corporation<br>General Electric Company<br>Minnesota Mining and Manufacturing Co.<br>Owens-Illinois Inc.<br>The Proctor & Gamble Company,<br><br>　　　　　　　　　　　　Defendants, | Case No. 11-CV-63482<br><br>Transfer from WI-ED 11CV-0061 |



EXHIBIT 4

## SECOND AMENDED COMPLAINT

Now comes the plaintiff, Beverly Anderson (hereinafter "Plaintiff"), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against defendants CBS Corporation, General Electric Company, Minnesota Mining and Manufacturing Co., Owens-Illinois Inc. and the Proctor & Gamble Company, a corporation as follows:

### JURISDICTION AND PARTIES

1. Plaintiff is an adult citizen and resident of Wisconsin and resides in Green Bay, Wisconsin.

2. CBS Corporation is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed steam generating equipment including without limitation turbines, generators, wire, motors and switch gears. Westinghouse also erected and maintained steam generation equipment

3. General Electric Company manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment

and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

4. Minnesota Mining and Manufacturing Company manufactured, distributed, sold and/or designed asbestos products, including without limitation caulks, cements and mastics.

5. Owens-Illinois, Inc. manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block.

6. The Proctor & Gamble Company is the owner or operator, or is responsible for the conduct of a previous owner or operator of following premises where asbestos products were used:

    a. Charmin Paper Mill in Green Bay, WI.

7. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, mining and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

8. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

9. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

10. Venue is proper pursuant to Title 28, United States Code, §1391.

**GENERAL ALLEGATIONS**

11. Plaintiff during the course of his employment as a Electrician at various job sites, including those listed on the attached Exhibit B was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, mined, distributed, packaged, installed or otherwise placed into commerce by defendants.

12. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

13. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

14. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and had been diagnosed with lung cancer on 7/16/2009.

15. Plaintiff suffers great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

16. Plaintiff brings this count for negligence against all defendants except The Proctor & Gamble Company and incorporates by reference all general allegations.

17. It was reasonably foreseeable that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

18. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to the defendants' asbestos products.

19. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death, and that Plaintiff did not know that asbestos products were dangerous or harmful at the time of his exposures.

20. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn Plaintiff or others of the health hazards of asbestos;

    b. Failed to warn Plaintiff or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d. Failed to instruct Plaintiff, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    e. Manufactured, mined, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

21. As a direct and proximate result of the acts and omissions of the product defendants above, Plaintiff was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

22. This cause of action is asserted against the manufacturing and supplying defendants. It is not asserted against The Proctor & Gamble Company, and incorporates by reference all allegations in lines 1-21 above.

23. The defendants' above-described asbestos products were manufactured, supplied and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the Plaintiff.

24. At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous

defects and defendants expected such asbestos products to reach Plaintiff and other users and consumers without substantial change in the condition they were in when sold.

25. Plaintiff removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

26. Defendants manufactured, supplied or installed a product, or equipment, that was unreasonably dangerous in nature in that it contained asbestos, and in particular:

   a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

   b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

   c. Was not subjected to adequate investigation regarding its hazards to health; and

   d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

27. Plaintiff's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## COUNT III- NEGLIGENCE - PREMISE OWNER

28. Plaintiff reasserts and realleges the above general allegations 1-27 above.

29. This claim for negligence is brought against the following Defendants (hereinafter "Premise Defendants";

   a. The Proctor & Gamble Company

30. Defendants were the owners of the premises during the dates and times of Plaintiff's exposures to asbestos indicated on exhibit B.

31. The condition of airborne dust containing asbestos insulation fibers released during the

process of applying and removing thermal insulation existed at the premises in exhibit B.

32. When Plaintiff worked at the premises, defendants knew or should have known about the health hazards of asbestos.

33. Defendants in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Plaintiff, working at the premises.

34. Defendants knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

35. As the owners of the premises, defendants owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Plaintiff.

36. Defendants breached its duty of care and was negligent by one or more of the following acts or omissions:

37.
    a. failing to adequately warn Plaintiff of the dangers of harm from exposure to asbestos;

    b. failing to instruct Plaintiff adequately about safety precautions for exposure to asbestos;

    c. failing to establish adequate safety measures to protect Plaintiff from exposure to asbestos;

    d. failing to adequately test for asbestos where Plaintiff worked;

    e. employing any contractor which failed to take reasonable precautions against the danger of asbestos;

    f. allowing the use of asbestos containing products at the premises;

    g. failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

38. As a direct and proximate result of the acts and omissions of the premise defendants above, Plaintiff was injured as described above.

## COUNT IV – DECLARATORY JUDGMENT

39. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

40. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

41. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in Martin v. Richards, 192 Wis. 2d 156, (Docket #91-0016, 1995).

## WRONGFUL DEATH

42. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 41 above.

43. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and

other expenses, pecuniary damages and other damages have been suffered by Decedent and plaintiff.

## PRAYER FOR RELIEF

44. Plaintiff prays for relief as follows:

   a. Judgment against defendants, jointly and severally, for compensatory and general damages.

   b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.


Dated: March 2, 2012.


/S/ Michael P. Cascino
Attorney for plaintiff

Allen Vaughan
Michael P. Cascino
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

**Exhibit A**
Defendants' Home States and Principal Places of Business

| Defendant | StateHdq | StatePrincBus |
|---|---|---|
| CBS Corporation | Delaware | Pennsylvania |
| General Electric Company | New York | Connecticut |
| Minnesota Mining and Manufacturing Co. | Delaware | Delware |
| Owens-Illinois Inc. | Delaware | Ohio |
| The Proctor & Gamble Company | Ohio | Ohio |

**Exhibit B**
Plaintiff's work history

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Pulliam Power Station | Green Bay | WI | 1952 | 1954 |
| Charmin Paper Mill | Green Bay | WI | 1955 | 1979 |
| American Motors | Milwaukee | WI | 1960's | 1960's |
| Kewaunee Power Station | Kewaunee | WI | | |
| Point Beach Nuclear Plant | Two Creeks | WI | | |