BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

---

IN RE: ASBESTOS PRODUCTS LIABILITY                    MDL No. 875
LITIGTION (NO.VI)


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BEVERLY ANDERSON, individually and as ) | |
| Special Administrator of the ESTATE OF ) | |
| LLOYD ANDERSON, deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ED-PA: 11-CV-63482 |
| v. ) | |
| ) | MDL - 875 |
| THE PROCTER & GAMBLE COMPANY, ) | |
| ) | Transfer from WI-ED 11-CV-0061 |
| Defendant. ) | |
| ) | |
| ) | |

---

## THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO VACATE THE CONDITIONAL REMAND ORDER.

---

Defendant The Procter & Gamble Paper Products Company ("P&GPPC") submits this

Brief in Support of its Motion to Vacate the Conditional Remand Order, pursuant to Rule 10.2 of

the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation and the

May 25, 2012 Order of this Judicial Panel.  In support of its Motion, P&GPPC states the

following:

This is an asbestos action filed by Plaintiff, Beverly Anderson, to recover damages

allegedly suffered by Lloyd Anderson. Lloyd Anderson originally filed his four count complaint

on January 20, 2011.  Plaintiff filed the Second Amended Complaint on March 9, 2012 – after

Mr. Anderson's death.  On May 18, 2012 a Conditional Remand Order was filed by the Clerk of

the Panel. Remand to the Eastern District of Wisconsin, Green Bay Division is premature.  There

are a variety of issues that remain unresolved before the MDL-875 Court.  First, Plaintiff has yet

to produce all the documents related to opinions offered by Plaintiff's lone causation expert

witness – Henry Anderson, M.D.

Second, in conformance with the current scheduling order, P&GPPC has not yet filed

*Daubert* motions related to Dr. Anderson.   Attached hereto is a copy of the Court's current

Scheduling Order for this matter, marked as Exhibit "A".  The MDL-875 Court has scheduled

hearing on *Daubert* motions related to Dr. Anderson in fifty (50) "Test Cases" for September 25,

2012.   Further, as recently as May 29, 2012, Judge Robreno confirmed that the purpose behind

these 50 *Daubert* cases is "to frame a future *Daubert* hearing regarding plaintiffs' [expert]

Doctor[]…Anderson".  Attached hereto is a cop of the Court's May 29, 2012 Order, marked as

Exhibit "B".  The MDL Court, and all counsel, have spent a significant amount of time and effort

readying the *Daubert* challenge of Dr. Anderson.  To remand this case so close to the time of

resolution would be a tremendous waste of resources to date.

Whether or not Dr. Anderson is allowed to testify consistent with his disclosed opinions

is a dispositive issue.  Should the MDL-875 Court grant the *Daubert* motion related to Dr.

Anderson, Plaintiff will be without any testimony related to causation – effectively ending

Plaintiff's case. P&GPPC, as a part of the Joint Defense Group, is entitled to a resolution of the

outstanding discovery issues related to Dr. Anderson and is further entitled to a ruling on the

*Daubert* motion related to Dr. Anderson.  To transfer this matter to another court after the MDL-

875 Court has spent time and effort to address issues related to Dr. Anderson and before resolution of those issues would be wasteful.

Further, if P&GPPC were to file its Dr. Anderson *Daubert* motion in the transferor court instead of the MDL-875 Court, there would be potential for conflicting opinions on a near identical set of facts.  Once the MDL-875 Court resolves the *Daubert* motion related to Dr. Anderson, and discovery as to Dr. Anderson is completed, P&GPPC agrees that this matter should be remanded to the Eastern District of Wisconsin for hearing on P&GPPC's Motion for Summary Judgment (which the MDL-875 Court has requested be heard in the Eastern District of Wisconsin) and trial if necessary.  However, to remand at this time would squander the efforts of the MDL-875 Court and P&GPPC.

WHEREFORE P&GPPC requests that the Remand Order be withheld pending production of the remaining documents related to Dr. Anderson and resolution of the outstanding *Daubert* challenge related to Dr. Anderson.

Dated this 8th of June, 2012.

Respectfully submitted,

_s/ John P. Arranz_____
One of the Attorneys for Defendant
The Procter & Gamble
Paper Products Company

Margaret O. Byrne
John P. Arranz
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Ste. 3300
Chicago, IL 60611
Telephone (312) 321-9100
Fax:  (312) 321-0990
jarranz@smbtrials.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned being first duly sworn on oath deposes and states that on June 8, 2012, I served:

**THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO VACATE THE CONDITIONAL REMAND ORDER**

By forwarding to counsel via the court's electronic filing system and via electronic mail to the addresses listed below.

**Counsel for the Plaintiff:**
Michael Cascino
mcascino@cvlo.com;
Alan Vaughan
avaughan@cvlo.com;
Bob McCoy
bmccoy@cvlo.com; and
CVLO General Office E-mail
lstaff@cvlo.com.

Further, the undersigned being first duly sworn on oath deposes and states that on June 8, 2012, I served the following:

**THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO VACATE THE CONDITIONAL REMAND ORDER**

On the Clerk for the United States District Court for the Eastern District of Pennsylvania (MDL Court) and the Clerk for the United States District Court for the Eastern District of Wisconsin (Transferor Court) via the electronic filing system, pursuant to USJPL Rule 4.1(b).


/s/John P. Arranz