ALAN R. BRAYTON, ESQ., S.B. #73685
LLOYD F. LEROY, ESQ., S.B. #203502
RICHARD M. GRANT, ESQ., S.B. #55677
BRAYTON❖PURCELL LLP
222 Rush Landing Road
PO Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 Fax

Attorneys for Plaintiff

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875<br>CTO - 515 |
| This Document Relates to:<br>THOMAS MORRIS v.<br>C.C. MOORE & CO. ENGEINEERS, et al. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN FRANCISCO

| | |
|---|---|
| THOMAS MORRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>C.C. MOORE & CO. ENGINEERS, et al. | No. No. 3:12-cv-02790 SI<br><br>PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 515 |

PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT

LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 515

AND BRIEF IN SUPPORT OF MOTION

THOMAS MORRIS ("Movant" or "Plaintiff") by and through his counsel of record files this consolidated Motion and Brief to Vacate Conditional Transfer Order 515 entered by the Judicial Panel on Multi-District Litigation ("JPML" or "Panel") on June 8, 2012.

Movant respectfully moves the Panel pursuant to JPML Rule 7.4(c) to vacate its order conditionally transferring the above entitled and numbered case to the United States District Court for the Eastern District of Pennsylvania. This motion is based on the brief in support

1  which is made a part of this filing, and such other materials as may be presented to the JPML at
2  the time of the hearing on the motion. Movant requests the Clerk of the JPML to set this
3  motion for hearing at the next session of the Panel. Rule 7.4(c).

**PRELIMINARY STATEMENT AND PROCEDURAL HISTORY**

5  This action for asbestos-related personal injury was originally filed by Thomas Morris,
6  against numerous defendants in the Superior Court of the State of California, County of San
7  Francisco on January 21, 2011. On or about April 16, 2012, plaintiff filed an Amendment to
8  Complaint naming Spirax Sarco, Inc. as a defendant, and served Spirax Sarco on May 1, 2012.
9  Defendant Spirax Sarco, Inc. removed this matter to the United States District Court for
10 the Northern District of California on May 31, 2012. On June 21, 2012, Plaintiff and defendant
11 Spirax Sarco filed a stipulation in the District Court to dismiss Spirax Sarco without prejudice
12 and to remand the case to the San Francisco County Superior Court. The parties expect an
13 Order of Remand to be entered shortly and that this case will be remanded to the San Francisco
14 County Superior Court..
15 Mr. Morris, therefore, moves this Panel to vacate the Conditional Transfer Order

**ARGUMENT**

17 Title 28, United States Code, section 1407(a) allows for the transfer of a civil action
18 "involving one or more common questions of fact" only if the Panel determines that a transfer
19 "will be for the convenience of parties and witnesses and will promote the just and efficient
20 conduct of such actions." Mr. Morris' submits that this case does not meet these requirements.
21 Grouping this case with the MDL's inventory of huge and unrelated cases will impede rather
22 than enhance the progress of this case.

23  A.  There is no federal subject matter jurisdiction and the case should be remanded
24      to the state court

25 Defendant Spirax Sarco, Inc. filed its Notice of Removal on May 31, 2012. Its alleged
26 grounds for removal as stated in the Notice is that plaintiff alleged occupational exposures
27 which occurred aboard various U.S. Naval ships, and that Spirax Sarco, Inc., in its manufacture
28 ///

1  and sale of equipment for the U.S. Navy, was acting under the direction of an officer of the
2  United States within the meaning of 28 U.S.C. sec 1442 (a)(1).
3  However, plaintiff has stipulated that Spirax Sarco is dismissed from this case without
4  prejudice. Accordingly, there is no government contractor defense and no federal question or
5  jurisdiction remaining

6  B.  This Case Does Not Share Common Factual Issues With Other MDL Cases
7  Transfer pursuant to 28 U.S.C.A. § 1407 will only be considered if there are common
8  facts present. *In re Drowning Incident at Quality Inn Northeast Washington, D.C. on May 3,*
9  *1974*, 405 F. Supp. 1304, 1306 (J.P.M.L. 1976). Implicit in this consideration is the
10 requirement that the common facts be more than minimal. *In re Boeing Co. Employment*
11 *Practices Litigation*, 293 F. Supp,2d 1382 (J.P.M.L. 2003.)  A mere showing of common
12 questions of fact is not sufficient alone to merit transfer. *In re Truck Accident Near Almagordo,*
13 *New Mexico on June 18, 1969*, 387 F.Supp. 732,733 (J.P.M.L.1975).
14 Because Mr. Morris' case is dissimilar from the multi-party asbestos suits in MDL 875
15 it should remain in California. The mere presence of some common factual issues does not
16 automatically require transfer, even in asbestos exposure and personal injury actions involving
17 scientific causation issues. While this case shares with all MDL 875 cases the common
18 material, asbestos fibers, it is wholly different in its simplicity and limited scope.
19 The facts in dispute in this matter (other than the generic fact of asbestos exposure) are
20 entirely unique to Mr. Morris' work history and identification of the products with which he, in
21 particular, worked. The evidence that will be presented in this case is essentially applicable to
22 this one plaintiff, and will be of little possible benefit to the parties in MDL 875.

23 C.  Transfer Will Immensely Inconvenience Parties and Witnesses
24 In its Order creating MDL 875, the Panel explained that since section 1407 transfer is
25 "primarily for pretrial, there is usually no need for the parties and witnesses to travel to
26 [Pennsylvania] for depositions or otherwise". In re Asbestos Products Liability Litigation (No.
27 VI), 771 F.Supp 415, 422 (J.P.M.L. 1991).
28 ///

1  Movants respectfully submit, however, that effective practice before the Eastern District
2  of Pennsylvania, will unavoidably require travel to Philadelphia for settlement conferences in
3  chambers and court hearings. Travel to Philadelphia will require expensive air fares and
4  lodging for parties and, their attorneys. There is little benefit, and thus little convenience, to
5  adding the present case to a massive number of cases in the Pennsylvania proceedings. *In re Air*
6  *Crash Disaster Near Upperville, Va. on December 1, 1974*, 430 F. Supp. 1295 (J.P.M.L. 1977).
7  This places a heavy and entirely unnecessary burden on Mr. Morris.

8      D.    Transfer Will Be Unjust and Inefficient.

9  In reaching its decision to transfer, in addition to the convenience of the parties and
10 witnesses, the Panel should consider whether transfer will promote the just and efficient
11 conduct of the action in question. See *In re Patenaude*, 210 F.3d. 135, 142 (3rd Circuit 2000).
12 That is the most important factor in determining whether consolidation of a tag along case is
13 appropriate. *In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp 2d 7-8 (D.D.C.
14 1999). The term "efficiency" in this context usually refers to conserving judicial resources. 17
15 Moore's Federal Practice 112.04(1)(d) (Matthew Bender 3d. Ed.)

16 Judicial efficiency is served where consolidation will: (1) avoid duplicative discovery;
17 (2) prevent inconsistent pretrial rulings, and (3) conserve resources of parties, their counsel and
18 judiciary. *In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 65-86 (J.P.M.L. 1993). See
19 generally *In Re 'East of the Rockies' Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254-255
20 (J.P.M.L. 1969) (Wiegel, J., concurring) ("There are a number of inherent inconveniences in
21 transfers for coordinated or consolidated pretrial. Considerable time and trouble are in the sheer
22 mechanics of transferring and remanding. After transfer, the process of segregating the pretrial
23 matters which should be remanded for handling by the transferor courts may be time-
24 consuming, as well as subject to reasonable disagreement. The basic question before the Panel
25 in each proceeding looking to coordinated or consolidated pretrial is, then, whether the
26 objectives of the statute are sufficiently served to justify the necessary inconvenience of transfer
27 and remand.")
28 ///

Consolidation of Mr. Morris' case with MDL 875 will not serve any of these aims. This case is dissimilar to the vast majority of cases in the MDL and places it outside the area of unwieldy, multi-plaintiff/multi-defendant cases for which MDL was created.

The parties will not benefit from the MDL 875's focus on common asbestos defendants. It is nothing like a 'class action natured asbestos action' (multiple unrelated plaintiffs against common asbestos product manufactures) which was the context in which MDL 875 was created to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. This case is a straightforward personal injury action, one that the state court and the parties would be able to move relatively rapidly to trial.

In light of these events, Movants respectfully submit that transfer at this stage in the proceedings to MDL-875 could not be more inconvenient to the parties and witnesses, or more likely to obstruct rather than promote the just and efficient conduct of this case. Transfer will serve only to delay the matter, while increasing the judicial workload of the Pennsylvania court, and accomplishing no effective progress in the action.

## CONCLUSION

Transfer will serve neither the convenience of the parties nor the just and efficient conduct of the case. There is no federal question or jurisdiction remaining. It is not suitable for transfer to the MDL.

For these reasons, it is respectfully requested that the Panel vacate Conditional Transfer Order 515 as to Movant Thomas Morris.

DATED: June 29, 2012                    BRAYTON ❖ PURCELL LLP

_____
Richard M. Grant (CA S.B. #55677)
222 Rush Landing Road
Novato, California 94945
Attorneys for Plantiff, THOMAS MORRIS
Telephone: (415) 898-1555
Fax: (415) 898-1247

*Thomas Morris v. C.C. Moore & Co. Engineers,, et al.*
United States District Court, NDCA Case No. 3:12-cv-02790 SI

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the following with the Clerk of the Court for the United States Judicial Panel on Multidistrict Litigation Court by using the CM/ECF system on June 29, 2012:

PLAINTIFF'S MOTION BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION TO VACATE CONDITIONAL TRANSFER ORDER 515

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage paid.

Dated this 29th day of June 2012.



Diane I. Davidowski

CERTIFICATE OF SERVICE

Date Created: 6/29/2012-11:38:27 AM               Run By : Davidowski, Diane
(DID)
Created by: LitSupport - ServiceList - Reporting
Matter Number: 113918.003 - Thomas Morris

**Bassi, Edlin, Huie & Blum LLP**
500 Washington Street
Suite 700
San Francisco, CA 94111
415-397-9006   415-397-1339 (fax)
**Defendants:**
 J.T. Thorpe & Son, Inc. (THORPE)
 Parker-Hannifin Corporation (PARKHF)

**Foley & Mansfield PLLP**
300 Lakeside Drive, Suite 1900
Oakland, CA 94612
510-590-9500   510-590-9595 (fax)
**Defendants:**
 William Powell Company, The (WILPOW)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
415-986-5900   415-986-8054 (fax)
**Defendants:**
 Ingersoll-Rand Company (INGRSL)

**K & L Gates LLP**
Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-882-8200   415-882-8220 (fax)
**Defendants:**
 Crane Co. (CRANCO)

**McGivney, Kluger & Glaspy**
100 Pringle Avenue
Suite 750
Walnut Creek, CA 94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
 Kentile Floors, Inc. (KEN)

**Morgan, Lewis & Bockius LLP**
One Market, Spear Tower
San Francisco, CA 94105
415-442-1000   415-442-1001 (fax)
**Defendants:**
 Yarway Corporation (YARWAY)

**Pond North, LLP**
350 South Grand Avenue
Suite 3300
Los Angeles, CA 90071
213-617-6170   213-623-3594 (fax)
**Defendants:**
 CBS Corporation (fka Viacom Inc., fka Westinghouse Electric Corporation) (VIACOM)

**Tucker Ellis LLP**
135 Main Street, Suite 700
San Francisco, CA 94105
415-617-2400   415-617-2409 (fax)
**Defendants:**
 Spirax Sarco, Inc. (SPISAR)

**Walsworth, Franklin, Bevins & McCall, LLP**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072   415-391-6258 (fax)
**Defendants:**
 Caterpillar, Inc. (CAT)
 General Electric Company (GE)
 Thomas Dee Engineering Company (DEE)