ECF

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:12-cv-03564-AJN

Relyea v. Borg Warner Corporation et al
Assigned to: Judge Alison J. Nathan
Cause: 28:1331 Fed. Question: Personal Injury

Date Filed: 05/04/2012
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Diversity

### Plaintiff

**Jo Ann Relyea**

represented by **Amber Rose Long**
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 11th Floor
New York, NY 10022
(212)-605-6249
Fax: (212)-605-6290
Email: along@lpklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Borg Warner Corporation**

represented by **Anna Maria DiLonardo**
Marshall, Dennehey, Warner, Coleman
& Goggin
888 Veterans Memorial Highway
Hauppauge, NY 11788
(631)-232-6130
Fax: (631)-232-6184
Email: amdilonardo@mdwcg.com
*ATTORNEY TO BE NOTICED*

### Defendant

**Ford Motor Company**

represented by **Elliott J Zucker**
Aaronson Rappaport Feinstein &
Deutsch, LLP
600 Third Avenue
New York, NY 10016
212-593-8055
Fax: (212)-593-6970
Email: ejz@arfdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Genuine Parts Company**

represented by **Gregory Zini**
Damon Morey LLP
The Avant Building
200 Delaware Ave, Suite 1200
Buffalo, NY 14202-2150
(716) 856-5500
Fax: (716) 856-5510
Email: gzini@damonmorey.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honda North America, Inc.**

**Defendant**

**Honeywell International, Inc.**
*as successor in-interest to The Bendix
Corporation
formerly known as*
Alliedsignal, Inc.

represented by **Donald Richard Pugliese , Sr.**
McDermott, Will & Emery, LLP (NY)
340 Madison Avenue
New York, NY 10017
(212)-547-5400
Fax: (212)-547-5444
Email: dpugliese@mwe.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nissan North America, Inc.**

represented by **Leland Ivan Kellner**
Lavin O'neil Ricci Cedrone & Disipio
190 N. Independence Mall West
Philadelphia, PA 19086
(215)-351-7932
Fax: (215)-627-0303
Email: lkellner@lavin-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pneumo Abex LLC**
*successor- by- merger to Abex
corporation
formerly known as*
American Brake Shoe

**Defendant**

**Toyota Motor Sales, U.S.A., Inc.**

represented by **Leland Ivan Kellner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Borg Warner Corporation**

represented by **Anna Maria DiLonardo**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

Borg Warner Corporation                      represented by **Anna Maria DiLonardo**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*


**Cross Claimant**

Nissan North America, Inc.                   represented by **Leland Ivan Kellner**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*


V.

**Cross Defendant**

Nissan North America, Inc.                   represented by **Leland Ivan Kellner**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*


**Cross Defendant**

Borg Warner Corporation                      represented by **Anna Maria DiLonardo**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*


**Cross Defendant**

Ford Motor Company

**Cross Defendant**

Genuine Parts Company                        represented by **Gregory Zini**
                                             (See above for address)
                                             *ATTORNEY TO BE NOTICED*


**Cross Defendant**

Honda North America, Inc.

**Cross Defendant**

Honeywell International, Inc.                 represented by **Donald Richard Pugliese , Sr.**
*as successor in-interest to The Bendix*     (See above for address)
*Corporation*                                *ATTORNEY TO BE NOTICED*

**Cross Defendant**

Pneumo Abex LLC
*successor- by- merger to Abex*
*corporation*

**Cross Defendant**

Toyota Motor Sales, U.S.A., Inc.

**Cross Claimant**

Toyota Motor Sales, U.S.A., Inc.                    represented by **Leland Ivan Kellner**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*


V.

**Cross Defendant**

Toyota Motor Sales, U.S.A., Inc.                    represented by **Leland Ivan Kellner**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*


**Cross Defendant**

Borg Warner Corporation                             represented by **Anna Maria DiLonardo**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*


**Cross Defendant**

Ford Motor Company

**Cross Defendant**

Genuine Parts Company                               represented by **Gregory Zini**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*


**Cross Defendant**

Honda North America, Inc.

**Cross Defendant**

Honeywell International, Inc.                        represented by **Donald Richard Pugliese , Sr.**
*as successor in-interest to The Bendix*            (See above for address)
*Corporation*                                       *ATTORNEY TO BE NOTICED*

**Cross Defendant**

Nissan North America, Inc.                          represented by **Leland Ivan Kellner**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*


**Cross Defendant**

Pneumo Abex LLC
*successor- by- merger to Abex*
*corporation*

**Cross Claimant**

Genuine Parts Company                               represented by **Gregory Zini**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

V.
**Cross Defendant**
**Genuine Parts Company**                          represented by **Gregory Zini**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Cross Defendant**
**Borg Warner Corporation**                        represented by **Anna Maria DiLonardo**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Cross Defendant**
**Ford Motor Company**

**Cross Defendant**
**Honda North America, Inc.**

**Cross Defendant**
**Honeywell International, Inc.**                  represented by **Donald Richard Pugliese , Sr.**
*as successor in-interest to The Bendix*           (See above for address)
*Corporation*                                      *ATTORNEY TO BE NOTICED*

**Cross Defendant**
**Nissan North America, Inc.**                     represented by **Leland Ivan Kellner**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Cross Defendant**
**Pneumo Abex LLC**
*successor- by- merger to Abex*
*corporation*

**Cross Defendant**
**Toyota Motor Sales, U.S.A., Inc.**               represented by **Leland Ivan Kellner**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|-----|-------------|
| 07/03/2012 | 15 | ENDORSED LETTER addressed to Jeffrey M. Luthi from Amber R. Long dated 7/2/2012 re: Plaintiffs filed a Notice of Tag-Along Action for this case on July 2, 2012. A copy of this notice is attached hereto. Pursuant to the Notice of Tag-Along Action, please transfer this case to MDL 875 as expeditiously as possible. ENDORSEMENT: The initial pretrial conference scheduled for July 6, 2012 is hereby adjourned until further notice from the Court that one will be necessary. (Signed by Judge Alison J. Nathan on 7/3/2012) (djc) (Entered: 07/03/2012) |

| 07/02/2012 | 14 | NOTICE of of Tag-Along Action. Document filed by Jo Ann Relyea. (Long, Amber) (Entered: 07/02/2012) |
|---|---|---|
| 06/20/2012 | 13 | ANSWER to 1 Complaint,. Document filed by Ford Motor Company. (Attachments: # 1 Exhibit Rule 7.1 Statement)(Zucker, Elliott) (Entered: 06/20/2012) |
| 06/20/2012 | 12 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Ford Motor Company.(Zucker, Elliott) (Entered: 06/20/2012) |
| 06/05/2012 | 11 | ANSWER to 1 Complaint, 8 Answer to Complaint, Crossclaim, 9 Answer to Complaint, Crossclaim., ANSWER to 1 , 8 , 9 Crossclaim., ANSWER to 1 , 8 , 9 Crossclaim., CROSSCLAIM against All Defendants. Document filed by Genuine Parts Company.(Zini, Gregory) (Entered: 06/05/2012) |
| 06/05/2012 | 10 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Genuine Parts Company.(Zini, Gregory) (Entered: 06/05/2012) |
| 06/04/2012 | 9 | ANSWER to 1 Complaint, with JURY DEMAND., CROSSCLAIM against All Defendants. Document filed by Toyota Motor Sales, U.S.A., Inc..(Kellner, Leland) (Entered: 06/04/2012) |
| 06/04/2012 | 8 | ANSWER to 1 Complaint, with JURY DEMAND., CROSSCLAIM against All Defendants. Document filed by Nissan North America, Inc..(Kellner, Leland) (Entered: 06/04/2012) |
| 06/01/2012 | 7 | ANSWER to 1 Complaint,. Document filed by Honeywell International, Inc.. (Attachments: # 1 Affidavit Affidavit of Service)(Pugliese, Donald) (Entered: 06/01/2012) |
| 06/01/2012 | 6 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Honeywell International, Inc..(Pugliese, Donald) (Entered: 06/01/2012) |
| 05/29/2012 | 5 | ANSWER to 1 Complaint,., CROSSCLAIM against Borg Warner Corporation. Document filed by Borg Warner Corporation. (Attachments: # 1 Appendix Rule 7.1 Disclosure)(DiLonardo, Anna) (Entered: 05/29/2012) |
| 05/11/2012 | 4 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Parties ordered to submit via email proposed case management plan and joint letter nine days before conference. Initial Conference set for 7/6/2012 at 10:30 AM in Courtroom 17B, of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007 before Judge Alison J. Nathan. (Signed by Judge Alison J. Nathan on 5/11/2012) (tro) (Entered: 05/14/2012) |
| 05/09/2012 | 3 | NOTICE of of Rule 41 Dismissal. Document filed by Jo Ann Relyea. (Long, Amber) (Entered: 05/09/2012) |
| 05/09/2012 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Amber Rose Long for noncompliance with Section 14.3 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Complaint, to: caseopenings@nysd.uscourts.gov. (mro) (Entered: |

| | | |
|---|---|---|
| | | 05/09/2012) |
| 05/09/2012 | 2 | ORDER: Within twenty days of the date of this Order, Plaintiff shall amend her Complaint to allege the citizenship of each constituent person or entity comprising Pneumo Abex LLC (including the state of incorporation and principal place of business of any corporate entity member). Plaintiff shall amend her Complaint to identify both the principal places of business and states of incorporation for each corporate defendant. If, by the foregoing date, Plaintiff is unable to amend to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to any party. (Signed by Judge Alison J. Nathan on 5/9/2012) (mro) (Entered: 05/09/2012) |
| 05/04/2012 | | Case Designated ECF. (ama) (Entered: 05/07/2012) |
| 05/04/2012 | | Magistrate Judge Frank Maas is so designated. (ama) (Entered: 05/07/2012) |
| 05/04/2012 | | SUMMONS ISSUED as to Borg Warner Corporation, Ford Motor Company, Genuine Parts Company, Honda North America, Inc., Honeywell International, Inc., Nissan North America, Inc., Pneumo Abex LLC, Toyota Motor Sales, U.S.A., Inc. (ama) (Entered: 05/07/2012) |
| 05/04/2012 | 1 | COMPLAINT against Borg Warner Corporation, Ford Motor Company, Genuine Parts Company, Honda North America, Inc., Honeywell International, Inc., Nissan North America, Inc., Pneumo Abex LLC, Toyota Motor Sales, U.S.A., Inc. (Filing Fee $ 350.00, Receipt Number 7307)Document filed by Jo Ann Relyea.(ama) (ama). (Entered: 05/07/2012) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/03/2012 17:06:32 | | |
| PACER Login: lp0073 | Client Code: | |
| Description: Docket Report | Search Criteria: | 1:12-cv-03564-AJN |
| Billable Pages: 6 | Cost: | 0.60 |

**JUDGE NATHAN**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JO ANN RELYEA

        Plaintiff,

    -against-

BORG WARNER CORPORATION;
FORD MOTOR COMPANY;
GENUINE PARTS COMPANY;
HONDA NORTH AMERICA, INC.;
HONEYWELL INTERNATIONAL, INC.;
    f/k/a Alliedsignal, Inc., as successor-
    in-interest to The Bendix Corporation;
NISSAN NORTH AMERICA, INC.;
PNEUMO ABEX LLC,
    successor-by-merger to Abex Corporation,
    f/k/a American Brake Shoe;
TOYOTA MOTOR SALES, U.S.A., INC.;

        Defendants.

-----------------------------------------------------------------X

**12 CV 3564**

Civil Action No.:
DOF: 5/4/12

**COMPLAINT**

Plaintiff Demands
a Trial By Jury



Plaintiff, as and for her Complaint, by her attorneys LEVY PHILLIPS & KONIGSBERG

LLP, respectfully alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff JO ANN RELYEA is 64 years old, a resident of New York, and suffers

from mesothelioma, a cancer linked to asbestos exposure. Plaintiff JO ANN RELYEA has filed

this lawsuit to recover compensatory and punitive damages against various defendants.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (a) the matter in controversy exceeds $75,000 exclusive of interests and costs; and (b) the matter is between citizens of different states.

3. Venue is proper under 28 U.S.C. §1391 (a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Specifically, at all relevant time of Plaintiff's exposure to asbestos and asbestos-containing products designed, marketed, manufactured, distributed, supplied and sold by Defendants, Plaintiff resided and was exposed in this judicial district, in Wappingers Falls, New York.

## THE PARTIES

### I.    THE PLAINTIFF

4. Plaintiff JO ANN RELYEA was born on October 27, 1948. Her Social Security number is 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. She was diagnosed with malignant mesothelioma in February 2011.

5. As a proximate result of defendants' misconduct, which is detailed below, Plaintiff JO ANN RELYEA developed mesothelioma; as a result, she endured rounds of debilitating cancer treatments and medical procedures; she experienced physical pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, disabilities, and loss of bodily functions; she incurred medical expenses; and she suffered from any and all other damages associated with the diagnosis, treatment, and medical course of her cancer and has otherwise suffered injury and damages.

### II.    THE DEFENDANTS

6. Upon information and belief, and at all times hereinafter mentioned, Borg Warner Corporation, (hereinafter "**Borg Warner**") is a Michigan business entity with its principal place

of business located in Michigan. For the purposes of this Complaint, Borg Warner shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Borg Warner: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and/or (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Borg Warner designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

7. Upon information and belief, and at all times hereinafter mentioned, Ford Motor Company (hereinafter "**Ford**") is currently a Michigan corporation with its principal place of business located in Michigan. For the purposes of this Complaint, Ford shall include the present corporation, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Ford: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Ford designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

8.  Upon information and belief, and at all times hereinafter mentioned, Genuine Parts Company (hereinafter "**Genuine Parts**") is a Georgia business entity with its principal place of business located in Georgia. For the purposes of this Complaint, Genuine Parts shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Genuine Parts: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the  State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Genuine Parts designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

9.  Upon information and belief, and at all times hereinafter mentioned, Honda North America, Inc. (hereinafter "**Honda**") is a California business entity with its principal place of business located in California. For the purposes of this Complaint, Honda shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Honda North America, Inc.: (a) was and still is a foreign corporation, duly authorized to do business in the State of  New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the  State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives

substantial revenue from interstate and/or international commerce. At all relevant times, Honda designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

10. Upon information and belief, and at all times hereinafter mentioned, Honeywell International, Inc. f/k/a Alliedsignal, Inc., as successor-in-interest to The Bendix Corporation (hereinafter "**Honeywell**") is a New Jersey business entity with its principal place of business located in New Jersey. For the purposes of this Complaint, Honeywell shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Honeywell: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Honeywell designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

11. Upon information and belief, and at all times hereinafter mentioned, Nissan North America, Inc. (hereinafter "**Nissan**") is a California business entity with its principal place of business located in California. For the purposes of this Complaint, Nissan shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Nissan: (a) was and still is a foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or

consumed in the  State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Nissan designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

12. Upon information and belief, and at all times hereinafter mentioned, Pneumo Abex LLC, individually and as successor-by-merger to Abex Corporation, f/k/a American Brake Shoe (hereinafter "**Pneumo Abex**") is a New Jersey business entity with its principal place of business located in New Jersey.  For the purposes of this Complaint, Pneumo Abex shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Pneumo Abex is a New Jersey business entity with its principal place of business in New Jersey: (a) was and still is a foreign corporation, duly authorized to do business in the State of  New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the  State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Pneumo Abex designed, marketed, manufactured, distributed, supplied and/or sold asbestos-containing products.

13. Upon information and belief, and at all times hereinafter mentioned, Toyota Motor Sales U.S.A. Inc., (hereinafter "**Toyota**") is a California business entity with its principal place of business located in California.  For the purposes of this Complaint, Toyota shall include the present business entity, as well as all of its predecessor corporations and entities as applicable. Upon information and belief and at all times hereinafter mentioned, Toyota: (a) was and still is a

LEVY PHILLIPS &
KONIGSBERG, L.L.P.
800 THIRD AVENUE
NEW YORK, N.Y 10022

{00271701.DOCX}

foreign corporation, duly authorized to do business in the State of New York; (b) in person or through an agent, transacts business in the State of New York; (c) regularly does and/or solicits business within the State of New York; (d) derives substantial revenue from goods used or consumed in the State of New York; and (e) expected or should have expected its acts to have consequences within the State of New York and derives substantial revenue from interstate and/or international commerce. At all relevant times, Toyota designed, marketed, manufactured, distributed, supplied and sold asbestos-containing products.

## COUNT I

## NEGLIGENCE

14. The allegations in paragraphs One (1) through Thirteen (13) above are realleged and incorporated by reference within this Count.

15. At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of JO ANN RELYEA and others working with and around the Defendants' asbestos-containing products.

16. Defendants negligently produced, sold, supplied or otherwise put into the stream of commerce asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

17. The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

18. As a designer, developer, manufacturer, distributor, supplier and seller of the above described asbestos and asbestos-containing products, and/or machinery requiring the use of asbestos and/or asbestos-containing products, and Defendants owe a duty to foreseeable users

and handlers of said products, to use ordinary care in designing, manufacturing, marketing, supplying and selling said products in such a manner as to render them safe for their intended and foreseeable users.

19. The Defendants were negligent in that they failed to exercise ordinary care and caution for the safety of JO ANN RELYEA in one or more of the following respects:

a. Included asbestos in their products when the Defendants knew or should have known that said asbestos would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

b. Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as JO ANN RELYEA, working with or around them, would inhale, ingest or otherwise absorb asbestos;

c. Included asbestos in their products when adequate substitutes for the asbestos were available;

d. Failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

e. Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f. Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as JO ANN RELYEA might be exposed while working with or around the products; and,

g. Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

20. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, JO ANN RELYEA was exposed to and inhaled,

ingested or otherwise absorbed asbestos fibers causing JO ANN RELYEA to develop the aforesaid asbestos disease, which disabled and disfigured JO ANN RELYEA; JO ANN RELYEA was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; JO ANN RELYEA's family experienced mental anguish and emotional pain and suffering and has lost the society of the Plaintiff.

<div align="center">

**COUNT II**

**STRICT PRODUCT LIABILITY**

</div>

21. The allegations in paragraphs One (1) through Twenty (20) above are realleged and incorporated by reference within this Count.

22. The Defendants placed their asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

23. Defendants failed to design, manufacture, market, distribute, supply and sell asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable uses. By way of example and not limitation, Defendants:

    a.    Failed to design, develop, manufacture and test the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when Defendants knew or should have known that the foreseeable use of intended purpose of its products was by persons, specifically Plaintiff JO ANN RELYEA, who worked with and around said products;

    b.    Marketed and sold said products while the same was in an unreasonably dangerous and defective condition, presenting a hazardous risk to Plaintiff JO ANN RELYEA's well-being;

c.   Failed to recall or attempt to repair the defective products when Defendants were and had been aware of the propensity of said products to injure Plaintiff JO ANN RELYEA;

d.   Failed to properly test said products to ensure that they were reasonably safe for use throughout their product lifetime.

24. Moreover, when Defendants' asbestos and asbestos-containing products left the

Defendants' possession and were placed on the market, the products were defective in that:

a.   When used in the intended or reasonably foreseeable manner, the products were not reasonably safe for their intended use;

b.   When used in the intended or reasonably foreseeable manner, the products failed to perform as safely as would be expected by an ordinary user or consumer;

c.   When used in the intended or reasonably foreseeable manner, the products caused a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

25. Defendants violated the requirements of Section 402A of the Restatement of Torts, 2d, all

of which proximately resulted in Plaintiff JO ANN RELYEA's asbestos-related disease.

26. Additionally, although Defendants knew or, in the exercise of ordinary care, should have

known that their asbestos and asbestos-containing products and/or machinery requiring the use of

asbestos and/or asbestos-containing products were deleterious, and highly harmful to Plaintiff JO

ANN RELYEA's health, Defendants nonetheless:

a.   Failed to advise or warn Plaintiff JO ANN RELYEA of the dangerous characteristics of their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

b.   Failed to provide Plaintiff JO ANN RELYEA with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliance, if any, to protect Plaintiff JO ANN RELYEA from being harmed by exposure to asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

c.  Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting Plaintiff JO ANN RELYEA of the dangers to health caused by contact with asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

d.  Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring the use of asbestos and/or asbestos-containing products in a safe manner.

27. Defendants' products were also defective due to inadequate warning or instruction during and after the time of marketing in that Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with their products and failed to provide reasonable and/or adequate warning or instruction in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Plaintiff JO ANN RELYEA.

28. As a direct and proximate result of using Defendants' asbestos and asbestos containing products for the general purpose for which they were designed and intended, Plaintiff JO ANN RELYEA was exposed to asbestos, contracted mesothelioma and has suffered and continues to suffer the injuries and damages set forth herein.

29. Accordingly, Defendants are strictly liable to Plaintiff JO ANN RELYEA for their failure to warn, and for defective design and manufacture and/or marketing, distributing, supplying and selling a defective product.

## COUNT III

## BREACH OF WARRANTY

30. The allegations in paragraph One (1) through Twenty-Nine (29) above are realleged and incorporated by reference within this Count.

31. Defendants caused Plaintiff's injuries and damages as stated above by manufacturing, selling, installing, and distributing asbestos-containing products and raw materials which failed to meet express and implied warranties of merchantability and fitness for intended purposes upon which Plaintiff had a right to rely and did rely.

32. As a direct and proximate result of the breaches of these warranties, Plaintiff JO ANN RELYEA was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff JO ANN RELYEA to develop the aforesaid asbestos disease, which disabled and disfigured JO ANN RELYEA; JO ANN RELYEA was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; Plaintiff JO ANN RELYEA experienced great physical pain and mental anguish as a result of his asbestos-induced disease and conditions. Plaintiff JO ANN RELYEA incurred substantial loss of income. Defendants are liable to Plaintiff JO ANN RELYEA for these damages.

## COUNT IV

## FRAUDULENT CONDUCT, MALICE AND GROSS NEGLIGENCE

33. The allegations in paragraph One (1) through Thirty-Two (32) above are realleged and incorporated by reference within this Count.

34. The Defendants had a duty to refrain from gross negligence, fraud and/or malicious acts or omissions which would harm JO ANN RELYEA.

35. Defendants are guilty of one or more of the following acts or omissions amounting to fraudulent misconduct, malice and gross negligent:

a. Intentionally or with gross negligence for the safety of JO ANN RELYEA, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as JO ANN RELYEA working with or around their products would inhale, ingest or otherwise absorb asbestos;

b. Intentionally or with gross negligence for the safety of JO ANN RELYEA, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of person inhaling, ingesting or otherwise absorbing them;

c. Intentionally or with gross negligence for the safety of JO ANN RELYEA, included asbestos in their products when adequate substitutes for the asbestos in them was available;

d. Intentionally or with gross negligence for the safety of JO ANN RELYEA, removed any warnings regarding the dangers of asbestos from the packaging of asbestos-containing products supplied to persons working with an around the products and using the products in their intended and/or reasonably foreseeable manner;

e. Intentionally or with gross negligence for the safety of JO ANN RELYEA, failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

f. Intentionally or with gross negligence for the safety of JO ANN RELYEA, failed to provide any or adequate instructions concerning the safe methods of working with and around their products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

g. Intentionally or with gross negligence for the safety of JO ANN RELYEA, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as JO ANN RELYEA might be exposed while working with and around the products;

h. Intentionally or with gross negligence for the safety of JO ANN RELYEA, failed to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, thereby adding to the exposure of JO ANN RELYEA and others similarly situated;

i. Intentionally or with gross negligence for the safety of JO ANN RELYEA, failed to take adequate steps to remedy the above failures, including but not limited to: (1) failure to recall or require removal of asbestos and asbestos products; coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe; and (3) failure to promptly and safely remove the asbestos now in place; and

j. Intentionally or with gross negligence for the safety of JO ANN RELYEA, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

36. As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendants, JO ANN RELYEA was exposed to asbestos, contracted mesothelioma and suffered the injuries and damages as described herein.

37. Defendants' actions, as stated herein, constitute a flagrant disregard for the rights and safety of Decedent and by engaging in such actions, Defendants acted with gross negligence, fraud, recklessness, willfulness, wantonness and/or malice and should be held liable in punitive and exemplary damages to Plaintiff JO ANN RELYEA.

**WHEREFORE,** Plaintiff, as a direct and proximate result of the negligence and conduct of each Defendant, has suffered and will continue to suffer great pain and severe mental anguish.

Plaintiff, as a direct and proximate result of the negligence of other conduct of Defendants, has incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined, and will continue to incur such expenses into the future.

Plaintiff, as a direct and proximate result of the negligence of other conduct of Defendants, has suffered economic damages and will continue to suffer them throughout her lifetime.

The aforesaid acts and/or omissions of Defendants were grossly negligent, fraudulent and malicious.

Plaintiff demands judgment against Defendants jointly and severally in an amount in excess of One Hundred Thousand Dollars ($100,000.00); punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and such other and further relief that this Court deems appropriate.

A trial by jury is hereby demanded as to all counts.

Respectfully submitted,

LEVY PHILLIPS & KONIGSBERG, LLP

BY: _____

Amber R. Long, Esq. (AL 9931)
800 Third Avenue
New York, NY 10022
Telephone: (212) 605-6200
Fax: (212) 605-6290

Attorneys for Plaintiff

Dated: May 4, 2012