1 | ALAN R. BRAYTON, ESQ., CA S.B. #73685
DAVID R. DONADIO, ESQ., CA S.B. #154436
2 | GEOFF T. SLONIKER, ESQ., CA S.B. #268049
E-Mail:  gsloniker@braytonlaw.com
3 | BRAYTON❖PURCELL LLP
Attorneys at Law
4 | 222 Rush Landing Road
P.O. Box 6169
5 | Novato, California  94948-6169
(415) 898-1555
6 | (415) 898-1247 (Facsimile)

7 | Attorneys for Plaintiffs

8 | **BEFORE THE JUDICIAL PANEL ON**

9 | **MULTIDISTRICT LITIGATION**

10 |

11 | IN RE: ASBESTOS PRODUCTS )  MDL DOCKET NO. 875
LIABILITY LITIGATION (NO. VI) )  2:01-md-00875-ER
12 |                                                                )
                                                                 )
13 | _____ )
                                                                 )
14 | SAMANTHA LYMAN, as Wrongful         )  PLAINTIFFS' MOTION TO VACATE
Death Heir, and as Successor-in-Interest to )  CONDITIONAL REMAND ORDER
ROBERT LYMAN, Deceased; and            )  SEVERING PUNITIVE DAMAGES AND
15 | ROBERT LYMAN, JR., LAURA               )  BRIEF IN SUPPORT
LYMAN, LISA CARAWAN, STEPHEN     )
16 | LYMAN, MICHAEL LYMAN, and            )  Hon. Eduardo C. Robreno
KENNETH CHRISTIE, as Legal Heirs of  )  E.D. PA No. 2:09-cv-62999-ER
17 | ROBERT LYMAN, Deceased,                    )
                                                                 )
18 |                          Plaintiffs,                  )
                                                                 )
19 | vs.                                                         )
                                                                 )
20 | UNION CARBIDE CORPORATION and   )  This document relates to:
MONTELLO, INC.,                                     )
21 |                                                                )  *Robert Lyman, Jr., et al. v. Asbestos*
                                                                 )  *Defendants (B❖P),* United States District
22 |                          Defendants.              )  Court, Northern District of California,
_____ )  Case No. 4:07-cv-04240-SBA

23 |

24 | **I.**

25 | **INTRODUCTION**

26 |         The plaintiffs' objection to the severance of the punitive damages claims from their case

27 | arises from the court's changing public policy that favors newly-favored cases over those cases

28 | ///

*(left margin, vertical text)* BRAYTON❖PURCELL LLP / ATTORNEYS AT LAW / 222 RUSH LANDING ROAD / P O BOX 6169 / NOVATO, CALIFORNIA 94948-6169 / (415) 898-1555

1   just now emerging from the Asbestos MDL.  Plaintiffs seek equal treatment of their claims for

2   punitive damages.

3                                                              **II.**

4                                            **STATEMENT OF FACTS**

5          Plaintiffs filed this case in California Superior Court on December 29, 2006.  Due to the

6   state of Robert Lyman's health, this case qualified to priority trial setting.  After a jury pool had

7   been selected and jury selection about to begin, defendant Union Carbide Corporation ("Union

8   Carbide") filed a motion to remove the case to the Northern District of California on August 7,

9   2007.  Mr. Lyman subsequently passed away on May 20, 2008.

10          On November 28, 2011, Judge Robreno issued his Suggestion Concerning Future Tag-

11   Along Actions, which indicated that, with some exceptions, future asbestos cases brought into

12   federal court should not be remanded to the Asbestos MDL.

13          Judge Robreno issued a conditional remand order in this case on June 4, 2012.  This order

14   severed plaintiffs' prayers from punitive damages and kept them in the Eastern District of

15   Pennsylvania.

16                                                             **III.**

17                                               **ARGUMENT**

18          The purpose of severing prayers for punitive damages from cases being remanded from

19   the Asbestos MDL, as stated in *In re: Joann Pautenaude*, is:

20                  The transferee court has stated, although not in the context of plaintiffs' particular
                    claims, that among its "overriding objections" "throughout the course of
21                  multidistrict litigation" is the court's "considered judicial opinion that the sick and
                    dying, the widows and their survivors, should have their claims heard first."
22

23   210 F.3d 135, 139 (2000) (citing *Carlbough v. Amchem*, No. 93-215, at 8 (E.D. Pa. Apr. 15,

24   1993) (Mem. Opp.))

25          The practice of severing punitive damages was intended ensure the viability of defendants

26   for future asbestos litigants.  See *In re: Collins*, 233 F.3d 809, 812 (2000) (citing the Report of

27   the Judicial Conference Ad Hoc Committee on Asbestos Litigation at 32 (March 1991)).  The

28   Court found it to be "responsible public policy" to sever punitive damages because doing so

1   would provide priority to compensatory claims over punitive damages.  *Collins*, 233

2   F.3d at 812.  The Court was worried that "[t]he continued hemorrhaging of available funds

3   deprives current and future victims of rightful compensation."  *Id.*

4          Now, however, with few exceptions, the JPML is not sending new federal asbestos cases

5   to the Asbestos MDL.  The JPML has stated that "[t]he judge thus concludes that the interests of

6   justice and "efficient and economical adjudication" of such cases, with the exceptions noted,

7   would be promoted by continuing their transfer to the MDL."  JPML Order Adopting Judge

8   Robreno's November 23, 2011, Suggestion Concerning Future Tag-Along Actions (December

9   31, 2011).

10         Given that the stated public policy for severing claims for punitive damages was to

11  prevent the bankruptcies of asbestos defendants, thereby enabling future asbestos plaintiffs to

12  bring claims for compensatory damages, the JPML's decision to cease removing cases to the

13  MDL distorts that public policy.  The public policy is no longer being served when newly-filed

14  federal asbestos cases retain their claims for punitive damages, while the court severs punitive

15  damages from those cases already lying within the Asbestos MDL.  Such treatment of cases has

16  the reverse effect of the previously-stated public policy.  Now, plaintiffs in newly-filed federal

17  asbestos cases can proceed with claims for punitive damages and threaten the ability of those

18  plaintiffs whose cases are in the Asbestos MDL from pursuing even compensatory damages.

19         Public policy should now dictate that cases remanded to the transferring court retain

20  claims for punitive damages so as to provide plaintiffs in existing cases with an equal

21  opportunity to pursue both compensatory and punitive damages.

22                                          **IV.**

23                                      **CONCLUSION**

24         The JPML should allow plaintiffs here to retain their claims for punitive damages

25  because: (1) the stated public policy for severing punitive damages claims was to protect the

26  ability of future plaintiffs to bring claims for compensatory damages, (2) nearly all newly-filed

27  federal asbestos cases retain claims for punitive damages will retain their claims for punitive

28  ///

K:\Injured\107053\FED\PLD\mtn-vacate-CRO-punies.wpd        3

PLAINTIFFS' MOTION TO VACATE  CONDITIONAL REMAND ORDER SEVERING PUNITIVE DAMAGES AND BRIEF IN SUPPORT,  CASE NO. 2:09-cv-62999

1   damages and (3) allowing plaintiffs to retain their claim for punitive damages puts plaintiffs on

2   equal ground with those plaintiffs who have newly-filed cases.

3   Dated:   July 11, 2012                              BRAYTON❖PURCELL LLP

4

5                                                       By:    /s/ *Geoff T. Sloniker*

6                                                              Geoff T. Sloniker, Esq., CA S.B. #268049
                                                               Email: gsloniker@braytonlaw.com

7                                                              Tel: (415) 898-1555
                                                               Fax: (415) 898-1247

8                                                              Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Injured\107053\FED\PLD\mtn-vacate-CRO-punies.wpd                4

PLAINTIFFS' MOTION TO VACATE  CONDITIONAL REMAND ORDER SEVERING PUNITIVE DAMAGES AND BRIEF IN
SUPPORT,  CASE NO. 2:09-cv-62999

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1

CERTIFICATE OF SERVICE

2

3    I certify that a true and correct copy of the foregoing was served via the Court's
CM/ECF system on the following counsel of record on July 11, 2012:

4

5    Baker Botts LLP
One Shell Plaza
910 Louisiana Street
6    Houston, TX 77002

7    Hartman, Blackstock & Moore
182 Howard Street , # 414
8    San Francisco, CA 94105

9    Law Offices of Nancy E. Hudgins
565 Commercial, 4th Floor
10    San Francisco, CA 94111

11

12

13                                         /s/ Angela Porterfield
                                           Angela Porterfield
14

15

16

17

18

19

20

21

22

23

24
*Samantha Lyman, et al. v. Union Carbide Corporation, et al.*
25   *Case No. 2:09-cv-62999-ER*

26

27

28

CERTIFICATE OF SERVICE

1