# EXHIBIT F

1    Andrew J. Yoder (Texas State Bar No. 24051552)
      Foster C. Johnson (Texas State Bar No. 24076463)
2    Emily L. Rochy (Texas State Bar No. 24079229)
      BAKER BOTTS L.L.P.
3    One Shell Plaza
      910 Louisiana Street
4    Houston, Texas 77002
      (713) 229-1827
5    (713) 229-2827
      drew.yoder@bakerbotts.com
6    foster.johnson@bakerbotts.com
      emily.rochy@bakerbotts.com
7

8    ATTORNEYS FOR DEFENDANT
      UNION CARBIDE CORPORATION

9    Molly J. Mrowka (Cal. Bar No. 190133),
      HARTMAN, BLACKSTOCK & MOORE
10   182 Howard Street #414
      San Francisco, California 94105
11   (415) 658-7446
      (415) 963-3471 (fax)
12   molly.mrowka@andrewshartman.com

13   ATTORNEYS FOR DEFENDANT
      MONTELLO, INC.

14

15                  **BEFORE THE JUDICIAL PANEL ON**
                     **MULTIDISTRICT LITIGATION**

16

| | |
|---|---|
| 17   IN RE:  ASBESTOS PRODUCTS<br>      LIABILITY LITIGATION | Consolidated Under<br>MDL 875  (2:01-md-00875-ER) |
| 18 | |
| 19   (NO VI) | Before the United States District Court<br>For the Eastern District of Pennsylvania |
|       This Document Relates To: | |
| 20 | Hon. Eduardo C. Robreno<br>E.D. PA No.  2:09-cv-62999-ER |
| 21   *Robert F. Lyman and Samantha Lyman v.*<br>      *Asbestos Defendants,* | |
| 22   Transferred from the United States District | **DECLARATION OF ANDREW J.**<br>**YODER IN SUPPORT OF JOINT** |
|       Court for the Northern District of California | **MOTION TO VACATE CONDITIONAL** |
| 23   Cause No. C-07-4240-SBA | **REMAND ORDER OF DEFENDANTS**<br>**UNION CARBIDE CORPORATION** |
| 24 | **AND MONTELLO INC.** |
| 25 | |

26        I, Andrew J. Yoder, declare as follows:

27        I am an attorney at law, licensed to practice before all courts of the states of Texas

28   and Indiana and admitted to practice in the Eastern District of Pennsylvania and the Third

1

Circuit. I am employed as an associate attorney with the law firm of Baker Botts L.L.P., Union Carbide's counsel of record in this case. I have personal knowledge of the matters contained herein and, if called upon by this Court, would testify to the veracity of the matters contained therein.

1.      As counsel for Union Carbide in this case, I have repeatedly sought to obtain expert reports that comply with Federal Rule of Civil Procedure 26(a)(2)(B) for Plaintiffs' ten designated expert witnesses: Dr. Samuel Hammar, Barry Ben-Zion, Mr. Charles Ay, Dr. Arnold Brody, Mr. Kenneth Cohen, Dr. Daniel Raybin, Dr. William Salyer, John Fening, Dr. Richard Cohen, and Dr. James Millette.

2.      On February 9, 2011, after being ordered by Magistrate Judge Rueter on January 19, 2011 to produce supplemental expert witness reports that fully complied with Rule 26(a)(2)(B), Plaintiffs provided Defendants with supplemental disclosures for only four of their ten designated expert witnesses: Charles Ay, Kenneth Cohen, Richard Cohen, and William Salyer.  None of these reports complied with all the requirements of Rule 26(a)(2)(B).  Plaintiffs provided no supplemental reports for Arnold Brody, John Fenning, James Millette, or Daniel Raybin.

3.      On March 11, 2011, I wrote Plaintiffs and requested that these deficiencies be corrected by providing the required disclosures pursuant to Rule 26 for all witnesses.  I received no response to this request.

4.      To date, Union Carbide has received compliant expert witness reports for only two of Plaintiffs' ten designated expert witnesses.

5.      In preparing the motion to vacate, I personally reviewed the status of Union Carbide's open asbestos cases in the MDL-875 asbestos docket in the Eastern District of Pennsylvania.  According to my review of Pacer, Union Carbide currently has more than 3,600 open cases pending in the MDL.

6.      The expert witnesses employed by Plaintiffs in this case are among a small group of experts who are regularly hired by both Brayton Purcell and other asbestos

plaintiffs' firms.  These experts are routinely designated by plaintiffs to testify against former asbestos products manufacturers and other defendants, including Union Carbide and Montello, Inc.  These experts have been designated to testify in hundreds of cases currently pending in the MDL, including the approximately 200 cases that the Brayton Purcell firm has pending there.

7.      As counsel for Union Carbide in this case, I have repeatedly sought to depose fact witnesses on which Plaintiffs intend to rely, including David Weatherford.

8.      On no fewer than six (6) occasions, I asked for deposition dates or contact information for all fact witnesses (including Mr. Weatherford).  Specifically, I asked for dates for fact witness depositions on July 6, 2009 (Ex. F-1) and July 31, 2009 (Ex. F-3) and requested contact information for fact witnesses on July 10, 2009 (Ex. F-2); July 31, 2009 (Ex. F-3); and October 23, 2009 (Ex. F-4).  I specifically requested dates for Mr. Weatherford on December 1, 2009 (Ex. F-5) and January 11, 2010 (Ex. F-6).

9.      Despite the repeated requests, Plaintiffs' counsel never provided dates or contact information for any fact witness, including Mr. Weatherford.

10.     The Court addressed the issue of non-Plaintiff fact witness depositions during the telephonic discovery hearing held on November 24, 2009.  During that hearing, I related my unsuccessful attempts to secure depositions of fact witnesses.  The Court ordered Plaintiffs to provide defense counsel with the identity and whereabouts of any fact witness no later than November 27, 2009.  No such information was received by November 27, 2009.

11.     On November 30, 2009, Plaintiffs' counsel sent a letter stating that they intended to call David Weatherford as a fact witness and that he could be reached "c/o Brayton Purcell LLP."[1]  Letter from Frank Anders (Nov. 30, 2009) (Ex. F-7).

---

[1]      Unfortunately, knowing that Mr. Weatherford can be reached at the offices of Plaintiffs' counsel does not resolve the issue of where he resides, a critical fact in serving him with the requisite deposition subpoena.

12.    In response to the November 30 letter, on December 1, 2009, I requested dates in December on which Plaintiffs would agree to conduct Mr. Weatherford's deposition. (*See* Ex. F-5.) I received no response to this request until December 29, 2009, when Plaintiffs' counsel stated that he would "check on available dates" for the deposition of David Weatherford. (Ex. F-8.) I did not receive any dates on which Mr. Weatherford would be available to sit for a deposition in December 2009.

13.    On January 11, 2010, I sent an email reminding Plaintiffs' counsel of his December 29, 2009, letter and promise to provide dates for Mr. Weatherford. (Ex. F-6.) I also requested dates for any other fact witness that Plaintiffs intended to call at trial. (*See id.*) I further stated in my January 11, 2010 email: "If we do not receive dates for Mr. Weatherford or any other fact witness in time to allow completion of their depositions prior to the discovery cutoff, we will of course move to strike these individuals as fact witnesses." (*Id.*)    I never received any response to this message, either before the discovery cutoff of February 2, 2010, or since.

14.    Plaintiffs have never provided deposition dates or the address or telephone number for any non-party fact witness, including Mr. Weatherford.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on July 10, 2012, at Houston, Texas.



Andrew J. Yoder

- 4 -

**Exhibit F-1**

# BAKER BOTTS LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL  +1 713.229.1234
FAX  +1 713.229.1522
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
WASHINGTON

July 6, 2009

UNION CARBIDE CORPORATION
002696.A237

Andrew J. Yoder
TEL  +1 713-229-1827
FAX  +1 713-229-2827
drew.yoder@bakerbotts.com

BY FACSIMILE TO 415-898-1247

Andrew Chew, Esq.
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948–6169

> Re:   *Robert F. Lyman et al. v. Asbestos Defendants*, Before the U.S. District Court for the Northern District of California, Cause No. C-07-4240-SBA

Dear Mr. Chew,

As you will recall, we met at the Settlement Conference held in this matter before the Hon. Thomas Reuter on June 24, 2009.  Given Judge Reuter's order that we complete fact witness discovery by December, it is important to get the process started as soon as possible.  I hereby request dates for depositions of all fact witnesses you intend to call at trial.  Please provide dates in August 2009 for these depositions.  I would like to send notices this week for dates in August.

I also would like to discuss other discovery matters with you.  Please call me at your convenience.  I look forward to hearing from you.

Sincerely yours,

*Drew Yoder*

Andrew J. Yoder

cc:   Molly Mrowka, counsel for Montello, Inc.
      [via facsimile: (415) 397-3300]

HOU02:1174880.1

**Exhibit F-2**

# BAKER BOTTS LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL  +1 713.229.1234
FAX  +1 713.229.1522
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
WASHINGTON

July 10, 2009

002696.A237

Andrew J. Yoder
TEL  +1 713-229-1827
FAX  +1 713-229-2827
drew.yoder@bakerbotts.com

<u>By Facsimile to 415-898-1247</u>
Frank J. Anders, Esq.
Andrew Chew, Esq.
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948–6169

    Re:    *Robert F. Lyman et al. v. Asbestos Defendants,* Before the U.S. District Court for
             the Northern District of California, Cause No. C-07-4240-SBA

Dear Messrs. Anders and Chew,

        I am following up on my letter and telephone call to Mr. Chew on July 6, 2009, requesting dates for depositions of all fact witnesses you intend to call at trial. I also attempted both of you again this afternoon, but was able only to leave messages.

        I am enclosing Union Carbide's Notices of Deposition for each of the Plaintiffs who have not been deposed to my knowledge.

        Even though I did not hear back from Mr. Chew as to dates, I am noticing these depositions in order to move the discovery process along, pursuant to Judge Reuter's wishes as expressed at the June 24, 2009 Status Conference. If these dates are inconvenient, I will be happy to work with you to re-schedule for times that are more convenient.

        In addition, please provide current contact information for the three co-worker fact witnesses identified by Plaintiffs, so that these individuals may be served with the applicable Notices. If you represent these individuals, I will need to know that as well.

        Finally, I also would like to discuss other discovery matters with you. Please call me at your convenience. I look forward to hearing from you.

                        Sincerely yours,

                        Andrew J. Yoder

**BAKER BOTTS** LLP

Andrew Chew, Esq.                          - 2 -                          July 10, 2009
Frank Anders, Esq.


cc:    Molly Mrowka, counsel for Montello, Inc.
       [via facsimile: (415) 397-3300]

       Catherine Morris Krow
       Nikka N. Rapkin, counsel for Union Carbide Corporation
       [via facsimile: (415) 773-5759]

**Exhibit F-3**

# BAKER BOTTS LLP

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL  +1 713.229.1234
FAX +1 713.229.1522
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
**HOUSTON**
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
WASHINGTON

July 31, 2009

002696.A237

Andrew J. Yoder
TEL  +1 713-229-1827
FAX +1 713-229-2827
drew.yoder@bakerbotts.com

BY FACSIMILE TO 415-898-1247
Frank J. Anders, Esq.
Andrew Chew, Esq.
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948–6169

Re:   *Robert F. Lyman et al. v. Asbestos Defendants*, Before the U.S. District Court for
      the Northern District of California, Cause No. C-07-4240-SBA

Dear Messrs. Anders and Chew,

I write because I have not received Plaintiff's discovery responses. At the Status
Conference/hearing before Judge Reuter in Philadelphia, both sides were ordered to provide
updated discovery responses based upon the San Francisco General Order 129 master discovery
requests by July 24, 2009. Union Carbide served you with their updated responses on this date.
It is now a week later, and I have yet to receive your updated G.O. 129 responses. Please send
them along directly, as they are essential for us to have to obtain medical records for Mr.
Lyman's treatment from 2007 until May 2008.

I also write to follow up on my letters and telephone call to both of you requesting
dates for depositions of all fact witnesses you intend to call at trial.

I also want to remind you that I have not heard back from either of you regarding
the depositions noticed beginning August 11, 2009. Hearing nothing, I assume that these dates
are fine with you and that you will appear with the witnesses as scheduled. As I indicated
previously, if these dates are inconvenient, I will be happy to work with you to re-schedule for
times that are more convenient.

Finally, please provide current contact information for the three co-worker fact
witnesses identified by Plaintiffs, so that these individuals may be served with the applicable
Notices. If you represent these individuals, I will need to know that as well.

Sincerely yours,

Drew Yoder

Andrew J. Yoder

HOU02:1176906.1

**BAKER BOTTS** LLP

Andrew Chew, Esq.                          - 2 -                          July 31, 2009
Frank Anders, Esq.


cc:     Molly Mrowka, counsel for Montello, Inc.
        [via facsimile: (415) 397-3300]

        Catherine Morris Krow
        Nikka N. Rapkin, counsel for Union Carbide Corporation
        [via facsimile: (415) 773-5759]

HOU02:1176906.1

**Exhibit F-4**

# BAKER BOTTS LLP

ONE SHELL PLAZA                     ABU DHABI
910 LOUISIANA                       AUSTIN
HOUSTON, TEXAS                      BEIJING
77002-4995                          DALLAS
                                    DUBAI
TEL  +1 713.229.1234               HONG KONG
FAX +1 713.229.1522                **HOUSTON**
www.bakerbotts.com                  LONDON
                                    MOSCOW
                                    NEW YORK
                                    PALO ALTO
                                    RIYADH
                                    WASHINGTON

October 23, 2009

002696.A237

Andrew J. Yoder
TEL  +1 713-229-1827
FAX +1 713-229-2827
drew.yoder@bakerbotts.com

<u>BY FACSIMILE TO 415-898-1247</u>
Frank J. Anders, Esq.
Andrew Chew, Esq.
Brayton Purcell LLP
222 Rush Landing Road
PO Box 6169
Novato, CA 94948–6169

Re:    ***Robert F. Lyman et al. v. Asbestos Defendants***, Before the United States District
       Court for the Northern District of California, Cause No. C-07-4240-SBA;
       consolidated for pre-trial matters before the United States District Court for the
       Eastern District of Pennsylvania, **Cause No. C 09-62999-ER (MDL-875)**.

Dear Frank,

       I write because I have yet to receive dates for the deposition of Plaintiff Robert
Lyman, Jr., despite numerous requests. In your email dated October 19, 2009, you state that you
have been "unable to locate" Mr. Lyman; it may be that he does not wish to participate in the
litigation. Whatever the facts are, I do not need to explain that we are entitled to take his
deposition, since he is still a Plaintiff. If he wishes to dismiss his case, we will of course
abandon our request for his deposition.

       I request that you contact Mr. Lyman, secure a date for his deposition, and
provide same to me by Wednesday, October 28, 2009. If I have not heard from you by the 28th,
I will get the Court involved, albeit reluctantly.

       Finally, I will re-assert another request I have made more than a few times, with
no response—please provide current contact information for the three co-worker fact witnesses
identified by Plaintiffs, so that these individuals may be served with the applicable Notices of
deposition. If you represent these individuals, I will need to know that as well.

       I look forward to hearing from you prior to next Wednesday and to wrapping up
the discovery issues in this case. Thanks in advance for your cooperation.

                          Sincerely yours,

                          Drew Yoder

                          Andrew J. Yoder

**BAKER BOTTS** LLP

Andrew Chew, Esq.                    - 2 -                    October 23, 2009
Frank Anders, Esq.


cc:    Molly Mrowka, counsel for Montello, Inc.
       [via facsimile: (415) 397-3300]

       Catherine Morris Krow
       Nikka N. Rapkin, counsel for Union Carbide Corporation
       [via facsimile: (415) 773-5759]

**Exhibit F-5**

## Yoder, Drew

| | |
|---|---|
| **From:** | Yoder, Drew |
| **Sent:** | Tuesday, December 01, 2009 7:30 PM |
| **To:** | Frank Anders (FAnders@braytonlaw.com) |
| **Cc:** | 'mjm@dillinghammurphy.com'; Yoder, Drew |
| **Subject:** | Lyman - Your letter of 11/30/09 |
| **Attachments:** | Lyman v Asb Defs - Ltr from Anders to Counsel 11.30.09.PDF |

Frank,

I am now in receipt of a letter (copy attached) that you apparently sent last night regarding pathology for Robert Lyman, bankruptcy trust documents, and fact witness David Weatherford.

Because the letter was not addressed to me (or any specific person at my firm) I did not receive the letter from you. Instead, counsel for Montello provided me the letter. Please update your service list and address documents and correspondence to be served upon Union Carbide in this case to me. It is unclear why I need to repeat this request so many times. Your letter reveals the problem with your current approach in that it references documents that I have never received. Specifically, I have not received Plaintiffs' Initial Disclosures, which you state were served in September 2009. Please email me these disclosures as soon as possible.

Regarding the pathology materials, we will be agreeable to executing a stipulation like the one you sent, with two small revisions: (1) please change the amount of time from 45 days to 60 days, which our expert needs to perform the necessary tests; and (2) please change the delivery point to me in Houston (address below). If you send me a revised stipulation, I will agree and sign.

Regarding the bankruptcy trust documents, I continue to be confused why you initially stated that you submitted claims to the bankruptcy settlement trusts associated with Combustion Engineering, Pope & Talbot, and W.R. Grace. If you provide an explanation for the inconsistent statements, I may tend to agree with you that the bankruptcy trust discovery issues have been resolved. Without any explanation at all, perhaps you could understand my current view that there remain issues as to bankruptcy trust discovery.

Regarding the fact witness you identify, please provide dates in December on which you will make Mr. Weatherford available for deposition. I look forward to receiving dates for Mr. Weatherford's deposition. In addition, please confirm that Mr. Weatherford is the only non-Plaintiff fact witness that you intend to call.

I look forward to your response.

Best regards,


**Drew Yoder**

**BAKER BOTTS** L.L.P. ▉
One Shell Plaza

**Exhibit F-6**

**Yoder, Drew**

| | |
|---|---|
| **From:** | Yoder, Drew |
| **Sent:** | Monday, January 11, 2010 7:32 PM |
| **To:** | 'Frank Anders'; Yoder, Drew |
| **Cc:** | Molly Mrowka |
| **Subject:** | Deposition Dates for Fact Witnesses |
| **Attachments:** | 12-29-09 Ltr.PDF |

Frank,

I am attaching your letter of December 29, 2009, in which you indicated that you would check on available dates for David Weatherford, who you have expressed an intention of calling as a fact witness on behalf of your clients. I have not heard anything from you since then regarding dates for him, and I ask that you provide me dates as soon as possible, in order to facilitate scheduling Mr. Weatherford's deposition in advance of the discovery cutoff.

I make a similar request for dates for any other fact witness you intend to use, either in dispositive motion practice or in trial, to prove your case on behalf of the Lymans.

If we do not receive dates for Mr. Weatherford or any other fact witness in time to allow completion of their depositions prior to the discovery cutoff, we will of course move to strike these individuals as fact witnesses.

Thank you in advance for your response and for sending along dates for any fact witness as soon as possible. I look forward to hearing from you.

Best regards,

Drew Yoder

BAKER BOTTS L.L.P. ■
One Shell Plaza
910 Louisiana
Houston, TX 77002
713.229.1827  direct dial
713.229.2827  facsimile
drew.yoder@bakerbotts.com

**EXHIBIT F**

5/26/2010

**Exhibit F-7**

# Brayton✦Purcell LLP

### TRIAL LAWYERS

ALAN R. BRAYTON
GILBERT L. PURCELL

DAVID R. DONADIO
LLOYD F. LeROY
OF COUNSEL
JEFFREY D. EISENBERG*
STEPHEN J. HEALY
RICHARD R. KUHN
WILLIAM G. McDEVITT
ROBERT M. LEVY

* ADMITTED ONLY IN STATES
OTHER THAN CALIFORNIA

222 Rush Landing Road
P O Box 6169
Novato, California 94948-6169
Telephone: (415) 898-1555
Facsimile: (415) 898-1247

Portland: (503) 295-4931
Los Angeles: (415) 898-1555
Salt Lake City: (801) 366-9100

Email: mail@braytonlaw.com
www.braytonlaw.com



November 30, 2009

*Via facsimile*

To All Counsel
See Attached Service List

Re:   Discovery Information
      *Lyman, et al. v. Asbestos Defendants*
      Case No. C 09-62999-ER
      Civil Action No. MDL 875, 2:01-md-00875-ECR

Dear Counsel,

Plaintiffs provide the following information to defendants, as discussed during the phone conference with Judge Rueter on November 24, 2009.

Pathology

Brayton Purcell currently has possession of pathology for Robert Lyman. This pathology has already been identified by plaintiffs in their amended discovery responses served on defendants on October 2, 2009. Please sign and return the enclosed stipulation. Once we have received the signed stipulation from all counsel we will make arrangements for delivery of the pathology to Ms. Mrowka's office at your earliest convenience.

Bankruptcy Trust Documents

No bankruptcy claims have been submitted to Combustion Engineering, Pope & Talbot, or W.R. Grace & Co. Following the phone conference with Judge Rueter, the Amatex Trust Claim Facility provided us with bankruptcy claim documents for the asbestos-related injuries suffered by Robert Lyman. We have provided these documents to you. This should resolve all issues regarding bankruptcy claim documents.

November 30, 2009                                          Page 2

Fact Witnesses

Plaintiffs intends to call David Weatherford as a fact witness in this case, as stated in plaintiffs' revised witness list served on defendants in August 2007 and in plaintiffs' Initial Disclosures served on defendants in September 2009.  Mr. Weatherford may be reached c/o Brayton❖Purcell LLP.

Contrary to the assertions made by Ms. Mrowka to attorney Siddharth Jhans earlier today, Judge Rueter did not require plaintiffs to hand serve discovery responses by today.  We will serve discovery responses tomorrow in accordance with the Federal Rules of Civil Procedure.  Please contact me if you have any questions.  Thank you.

Very truly yours,

Frank J. Anders

FJA/jsh

**Exhibit F-8**

# Brayton❖Purcell LLP

### TRIAL LAWYERS

ALAN R. BRAYTON
GILBERT L. PURCELL

DAVID R. DONADIO
LLOYD F. LEROY

OF COUNSEL
JEFFREY D. EISENBERG*
STEPHEN J. HEALY
RICHARD R. KUHN
WILLIAM G. McDEVITT
ROBERT M. LEVY

* ADMITTED ONLY IN STATES
OTHER THAN CALIFORNIA

222 Rush Landing Road
P O Box 6169
Novato, California 94948-6169
Telephone: (415) 898-1555
Facsimile: (415) 898-1247

Portland: (503) 295-4931
Los Angeles: (415) 898-1555
Salt Lake City: (801) 366-9100

Email: mail@braytonlaw.com
www.braytonlaw.com

ANNE T. ACUÑA
JENNIFER L. ALLSIO
KATHERINE E. ALLEN
FRANK J. ANDERS
PATRICK D. ANGEL*
RON G. ARCHER
DAVID R. BACKENSTOE
ROKSANA S. SHICOLU
BRONSON D. BILLS*
ROBERT D. BOKELMAN
GARY L. BRAYTON
CAMERON D. CARTER*
RENE J. CASILLI
ANDREW CHEN
KIMBERLY J. CHU
HUGH C. COOK
JUSTIN F. FISI
JANETT H. H. GLASER
JOHN R. GOLDSTEIN
RICHARD M. GRANT
CHRIS L. HERSOM
EFFAT R. HUSSAIN

SIDDHARTH JHANS
KATHERINE H. JOHNSON
GARY V. JUDD
ELIZABETH M. KELBER
CLAYTON W. KENT
PRITESH S. LOTHARY
MATTHEW B. LEE
THEODORE LIEU
MAUREEN T. McGOWAN
JULIET K. MUSHET
JAMES P. NEVIN
OREN P. NOAH
AMIR S. SARRESHTEHDARY
CHRISTINA L. SKUBIC
GEOFF T. SLOMBER
ERIC C. SOLOMON
LANCE R. STEWART
JANE E. VETTOP
JAMI L. WHITE
NANCY T. WILLIAMS
NOAH J. WOODS

December 29, 2009

*Via facsimile*

Molly J. Mrowka, Esq.
Dillingham & Murphy
225 Bush Street, 6th Floor
San Francisco, CA 94104
COUNSEL FOR MONTELLO, INC.
Facsimile: (415) 397-3300

Drew Yoder, Esq.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
COUNSEL FOR UNION CARBIDE CORP.
Facsimile: (713) 229-2827

Re:   Discovery Issues
   *Lyman, et al. v. Asbestos Defendants*
   Case No. C 09-62999-ER
   Civil Action No. MDL 875, 2:01-md-00875-ECR

Dear Counsel,

   Mr. Yoder left me a voicemail message last night about scheduling the deposition of David Weatherford. We will check on available dates. We enclose the Next of Kin Authorization Form provided to Pathology Support Services. We agree with the language of the proposed order Mr. Yoder provided to us yesterday regarding production of pathology materials for Robert F. Lyman.

Very truly yours,

Frank J. Anders

FJA/deh
Enclosure(s)

# Brayton Purcell, LLP

222 Rush Landing Road, Novato, CA 94945  Phone: 415.898.1555  Fax: 415.898.1247  Web: www.braytonlaw.com

# Fax

| | | | | |
|---|---|---|---|---|
| **To:** | Brew Yoder | | **From:** | Denille Harris |
| **Fax:** | +1 (713) 2292827 | | **Date:** | Tuesday, December 29, 2009 |
| **Company:** | | | **Pages:** | 4 |

**Subject:**   Lyman, et al. v. Asbestos Defendants

**Comments:**

**IMPORTANT/CONFIDENTIAL: This message is intended for the individual or entity to which it is addressed.  This message contains information from Brayton Purcell LLP which may be priviledged, confidential and exempt from disclosure under law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly phohibited.  If you have recieved this communication in error, please notify us immediately at our telephone number set forth above.  We will be happy to arrange for the return of this message to us at no cost to you.**